SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:     ghalling@sheppardmullin.com
         jmcginnis@sheppardmullin.com
         mscarborough@sheppardmullin.com
         tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC., SAMSUNG
SDI CO., LTD., SAMSUNG SDI (MALAYSIA)
SDN. BHD., SAMSUNG SDI MEXICO S.A. DE
C.V., SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD., and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-SC<br><br>MDL No. 1917<br><br>(Individual Case No. 13-CV-00157 SI) |
| This Document Relates to:<br>    13-CV-00157 SI<br><br>TECH DATA CORPORATION; TECH DATA PRODUCT MANAGEMENT, INC.,<br><br>     Plaintiffs,<br><br>     v.<br><br>HITACHI, LTD., et al.<br><br>     Defendants. | **ANSWER OF DEFENDANTS SAMSUNG SDI AMERICA, INC., SAMSUNG SDI CO., LTD., SAMSUNG SDI (MALAYSIA) SDN. BHD., SAMSUNG SDI MEXICO S.A. DE C.V., SAMSUNG SDI BRASIL LTDA., SHENZHEN SAMSUNG SDI CO., LTD., AND TIANJIN SAMSUNG SDI CO., LTD. TO TECH DATA CORPORATION AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT** |

1         Defendants Samsung SDI America, Inc. ("SDIA"), Samsung SDI Co., Ltd.

2    ("SDI Co."), Samsung SDI (Malaysia) Sdn Bhd. ("SDI Malaysia"), Samsung SDI Mexico

3    S.A. de C.V. ("SDI Mexico"), Samsung SDI Brasil Ltda. ("SDI Brasil"), Shenzhen

4    Samsung SDI Co. Ltd. ("SDI Shenzhen"), and Tianjin Samsung SDI Co., Ltd. ("SDI

5    Tianjin") (collectively "SDI" or the "Samsung SDI Defendants"), by and through their

6    undersigned counsel of record, answer Plaintiffs Tech Data Corporation and Tech Data

7    Product Management, Inc.'s ("Plaintiffs") First Amended Complaint (the "Complaint") and

8    allege additional or affirmative defenses as follows.  SDI denies each and every allegation

9    in the Complaint's section headings and in all portions of the Complaint not contained in

10   numbered paragraphs.  To the extent that the Complaint's allegations concern persons

11   and/or entities other than SDI, SDI denies that such allegations support any claim for relief

12   against SDI.

13        SDI responds to the Complaint in accordance with the former Special

14   Master's Report And Recommendations Regarding Defendants' Motions To Dismiss Direct

15   Action Complaints (Dkt. No. 1664); the Court's Order Adopting In Part And Modifying In

16   Part Special Master's Report And Recommendation On Defendants' Motion To Dismiss

17   The Direct Action Complaints (Dkt. No. 1856); the Court's Order Granting in Part and

18   Denying in Part Defendants' Joint Motion to Dismiss (Dkt. No. 2433); and related orders

19   dismissing certain parties.  As a result of those orders, the Court has dismissed with

20   prejudice, *inter alia*: (a) Plaintiffs' claims under Florida's Deceptive and Unfair Trade

21   Practices Act, (b) Plaintiffs' claims under California's Cartwright Act, and (c) Plaintiffs'

22   claims under California's Unfair Competition Law.

23   **I.     Introductory Allegations.**

24        1.     To the extent that the allegations of Paragraph 1 are definitional, SDI

25   avers that no response is required.  To the extent that a response is required and to the

26   extent that the allegations of Paragraph 1 relate to other defendants, SDI lacks knowledge

27   or information sufficient to form a belief as to their truth, and therefore denies them.  To

28   the extent that a response is required as to matters relating to SDI, SDI denies all of the

-1-

SAMSUNG SDI DEFENDANTS' ANSWER TO
TECH DATA'S FIRST AMENDED COMPLAINT

1  allegations of Paragraph 1 and all inferences arising therefrom.  Subject to the foregoing,

2  SDI acknowledges that Plaintiffs in the Complaint purport to refer to cathode ray tubes as

3  "CRTs" and purports to refer to the period from at least March 1, 1995 through at least

4  November 25, 2007 as the "Relevant Period," although SDI disputes the propriety of such

5  definitions and any inferences arising therefrom.  SDI specifically denies that the

6  conspiracy, which SDI denies the existence of, extended from March 1, 1995 through

7  November 25, 2007.

8                 2.        To the extent that the allegations of Paragraph 2 are definitional, SDI

9  avers that no response is required.  To the extent that a response is required and to the

10  extent that the allegations of Paragraph 2 relate to other defendants, SDI lacks knowledge

11  or information sufficient to form a belief as to their truth, and therefore denies them.  To

12  the extent that a response is required as to matters relating to SDI, SDI denies all of the

13  allegations of Paragraph 2 and all inferences arising therefrom.  Subject to the foregoing,

14  SDI acknowledges that Plaintiffs in the Complaint purport to refer to (i) color picture tubes

15  as "CPTs," (ii) color display tubes as "CDTs," (iii) CPTs of all sizes and the products

16  containing them collectively as "CPT Products," (iv) CDTs of all sizes and the products

17  containing them collectively as "CDT Products," and (v) CDT Products and CPT Products

18  collectively as "CRT Products," although SDI disputes the propriety of such definitions

19  and any inferences arising therefrom.  SDI specifically denies that it manufactured any

20  electronic devices containing CPTs or CDTs.

21                 3.        SDI avers that the allegations of Paragraph 3 constitute legal

22  contentions and/or conclusions to which no response is required, but SDI nonetheless

23  denies all of the allegations of Paragraph 3 to the extent they purport to pertain to SDI.

24  Further, to the extent that the allegations of Paragraph 3 relate to other defendants or other

25  persons, SDI lacks knowledge or information sufficient to form a belief as to their truth,

26  and therefore denies them.

27                 4.        SDI avers that the allegations of Paragraph 4 constitute legal

28  contentions and/or conclusions to which no response is required, but SDI nonetheless

denies all of the allegations of Paragraph 4 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 4 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

5.    SDI avers that the allegations of Paragraph 5 and its subparts constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 5 and its subparts to the extent they purport to pertain to SDI. SDI further denies all factual allegations of this Paragraph to the extent such allegations pertain to SDI. Further, to the extent that the allegations of Paragraph 5 and its subparts relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

6.    SDI avers that the allegations of Paragraph 6 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 6 to the extent they purport to pertain to SDI. SDI further denies all factual allegations of this Paragraph to the extent such allegations pertain to SDI. Further, to the extent that the allegations of Paragraph 6 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

7.    SDI avers that the allegations of Paragraph 7 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 7 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 7 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

8.    With the exception of matters specifically admitted herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies them. SDI admits that the United States Department of Justice ("DOJ") and other foreign competition authorities have announced

investigations relating to the cathode ray tubes industry.  SDI admits on information and belief that C.Y. Lin, the former Chairman and CEO of Defendant Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of public record.  SDI further admits on information and belief that five other individuals have been indicted in connection with the DOJ's investigation of the color display tubes industry. SDI further admits that SDI Co. entered into an amended plea agreement with the United States relating to an investigation of the cathode ray tubes industry, the terms of which are a matter of public record.

9. To the extent that the allegations of Paragraph 9 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent a response is required, SDI denies all of the allegations of Paragraph 9 to the extent they purport to pertain to SDI.  To the extent that the allegations of Paragraph 9 relate to other defendants, Plaintiffs, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

10. With the exception of matters specifically admitted herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.  SDI admits that the European Commission has announced fines relating to its investigation into the Cathode Ray Tubes industry, and details regarding that announcement are matters of public record.  SDI admits that the European Commission fined SDI Co. in connection with its investigation.

II.      **Allegations Concerning Jurisdiction and Venue.**

11. SDI admits that Plaintiffs purport to invoke the cited statutory provisions, but otherwise denies the allegations of Paragraph 11.

12. SDI admits that Plaintiffs purport to invoke certain state laws, but otherwise denies the allegations of Paragraph 12.

13. SDI avers that the allegations of Paragraph 13 regarding subject matter jurisdiction and supplemental jurisdiction constitute legal contentions and/or

SMRH:419323786.4

conclusions to which no response is required.  To the extent that a response is required, and to the extent that allegations of Paragraph 13 relate to SDI, SDI denies all of the allegations of Paragraph 13.  To the extent that the allegations of Paragraph 13 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

14.    SDI avers that the allegations of Paragraph 14 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that allegations of Paragraph 14 relate to SDI, SDI denies all of the allegations of Paragraph 14.  To the extent that the allegations of Paragraph 14 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

15.    SDI avers that the allegations of Paragraph 15 regarding jurisdiction constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that allegations of Paragraph 15 relate to SDI, SDI denies all of the allegations of Paragraph 15.  To the extent that the allegations of Paragraph 15 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

16.    SDI avers that the allegations of Paragraph 16 regarding venue constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that allegations of Paragraph 16 relate to SDI, SDI denies all of the allegations of Paragraph 16, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co., SDI Malaysia, SDI Mexico, SDI Brazil, SDI Shenzen, and SDI Tianjin maintain principal places of business in foreign countries.  SDI further admits that SDIA is licensed to and is doing business in California.  To the extent that the allegations of Paragraph 16 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

SMRH:419323786.4
SAMSUNG SDI DEFENDANTS' ANSWER TO
TECH DATA'S FIRST AMENDED COMPLAINT

**III.    Allegations Concerning the Parties.**

17.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore denies them.

18.    To the extent that the allegations of Paragraph 18 relate to other defendants or Plaintiffs, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 18 relate to SDI, SDI denies all of those allegations.

19.    To the extent that the allegations of Paragraph 19 relate to other defendants, Plaintiffs, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 19 relate to SDI, SDI denies all of those allegations.

20.    To the extent that the allegations of Paragraph 20 relate to other defendants, Plaintiffs, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 20 relate to SDI, SDI denies all of those allegations.

21.    To the extent that the allegations of Paragraph 21 relate to other defendants, Plaintiffs, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent the allegations of Paragraph 21 relate to SDI, SDI denies all of those allegations.

22.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies them.

23.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies them.

24.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies them.

25.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore denies them.

26.    SDI lacks knowledge or information sufficient to form a belief as to

1   the truth of the allegations of Paragraph 26, and therefore denies them.

2         27.    SDI lacks knowledge or information sufficient to form a belief as to

3   the truth of the allegations of Paragraph 27, and therefore denies them.

4         28.    SDI avers that the allegations of Paragraph 28 are definitional, to

5   which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

6   Hitachi Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Shenzhen

7   SEG Hitachi Color Display Devices, Ltd., and Hitachi Electronic Devices (USA)

8   collectively in the Complaint as "Hitachi."

9         29.    SDI lacks knowledge or information sufficient to form a belief as to

10  the truth of the allegations of Paragraph 29, and therefore denies them.

11        30.    SDI lacks knowledge or information sufficient to form a belief as to

12  the truth of the allegations of Paragraph 30, and therefore denies them.

13        31.    SDI lacks knowledge or information sufficient to form a belief as to

14  the truth of the allegations of Paragraph 31, and therefore denies them.

15        32.    SDI avers that the allegations of Paragraph 32 are definitional, to

16  which no response is required.  Nevertheless, SDI admits that Plaintiffs purports to refer to

17  Irico Group Corporation, Irico Group Electronics Co., Ltd., and Irico Display Devices Co.,

18  Ltd. collectively in the Complaint as "Irico."

19        33.    SDI lacks knowledge or information sufficient to form a belief as to

20  the truth of the allegations of Paragraph 33, and therefore denies them.

21        34.    SDI lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations of Paragraph 34, and therefore denies them.

23        35.    SDI lacks knowledge or information sufficient to form a belief as to

24  the truth of the allegations of Paragraph 35, and therefore denies them.

25        36.    SDI avers that the allegations of Paragraph 36 are definitional, to

26  which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

27  LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co.,

28  Ltd., collectively in the Complaint as "LG Electronics."

1        37.     SDI lacks knowledge or information sufficient to form a belief as to

2  the truth of the allegations of Paragraph 37, and therefore denies them.

3        38.     SDI lacks knowledge or information sufficient to form a belief as to

4  the truth of the allegations of Paragraph 38, and therefore denies them.

5        39.     SDI lacks knowledge or information sufficient to form a belief as to

6  the truth of the allegations of Paragraph 39, and therefore denies them.

7        40.     SDI lacks knowledge or information sufficient to form a belief as to

8  the truth of the allegations of Paragraph 40, and therefore denies them.

9        41.     SDI avers that the allegations of Paragraph 41 are definitional, to

10  which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

11  Mitsubishi Electric Corporation, Mitsubishi Electric & Electronics USA, Inc. and

12  Mitsubishi Digital Electronics America, Inc. collectively in the Complaint as "Mitsubishi."

13        42.     SDI lacks knowledge or information sufficient to form a belief as to

14  the truth of the allegations of Paragraph 42, and therefore denies them.

15        43.     SDI lacks knowledge or information sufficient to form a belief as to

16  the truth of the allegations of Paragraph 43, and therefore denies them.

17        44.     SDI avers that the allegations of Paragraph 44 are definitional, to

18  which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

19  Panasonic Corporation and Panasonic Corporation of North America collectively in the

20  Complaint as "Panasonic."

21        45.     SDI lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations of Paragraph 45, and therefore denies them.

23        46.     SDI lacks knowledge or information sufficient to form a belief as to

24  the truth of the allegations of Paragraph 46, and therefore denies them.

25        47.     SDI lacks knowledge or information sufficient to form a belief as to

26  the truth of the allegations of Paragraph 47, and therefore denies them.

27        48.     SDI lacks knowledge or information sufficient to form a belief as to

28  the truth of the allegations of Paragraph 48, and therefore denies them.

49.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and therefore denies them.

50.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and therefore denies them.

51.     SDI avers that the allegations of Paragraph 51 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., and Philips da Amazonia Industria Electronica Ltda. collectively in the Complaint as "Philips."

52.     SDI denies all of the allegations of paragraph 52, with the exception of matters specifically admitted herein.  SDI specifically denies that it has offices in Chicago and San Diego.  SDI admits that SDI Co. is a publicly traded South Korean company, but denies that its principal place of business is 575 Shin-dong, Youngtong-gu, Suwon, South Korea.  SDI admits that Samsung Electronics Co., Ltd. ("SEC") holds almost 20% of SDI Co.'s stock, but specifically denies that SEC dominated or controlled SDI Co.  The Samsung SDI Defendants aver that SDI Co. and SEC are independent, separately owned, publicly traded corporations and demand strict proof to the contrary.

53.     SDI denies each and every allegation of Paragraph 53.

54.     SDI denies all of the allegations of Paragraph 54, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Mexico is a wholly-owned subsidiary of Samsung SDI and that SDI Mexico manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled Samsung SDI Mexico.   SDI admits that SDI Mexico is a Mexican company with its principal place of business located at Blvd. Los Olivos, No. 21014, Parque Industrial El Florido, Tijuana, B.C. Mexico.

55.     SDI denies all of the allegations of Paragraph 55, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Brazil is a wholly-owned subsidiary of Samsung SDI and that SDI Brazil manufactured,

marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Brazil.  SDI admits that SDI Brasil is a Brazilian company with its principal place of business located at Av. Eixo Norte Sul, S/N, Distrito Industrial, 69088-480 Manaus, Amazonas, Brazil.

56.     SDI denies all of the allegations of Paragraph 56, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Shenzhen is a wholly-owned subsidiary of Samsung SDI and that SDI Shenzhen manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Shenzhen. SDI admits that SDI Shenzhen is a Chinese company with its principal place of business located at Huanggang Bei Lu, Futian Gu, Shenzhen, China.

57.     SDI denies all of the allegations of Paragraph 57, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Tianjin is a wholly-owned subsidiary of Samsung SDI and that SDI Tianjin manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled Samsung SDI Tianjin.  SDI admits that SDI Tianjin is a Chinese company with its principal place of business located at Developing Zone of Yi-Xian Park, Wuqing County, Tianjin, China.

58.     SDI denies all of the allegations of Paragraph 58, with the exception of matters specifically admitted herein as follows.  SDI specifically denies that SDI Malaysia is a wholly-owned subsidiary of Samsung SDI and that SDI Malaysia manufactured, marketed, sold and/or distributed CRT Products.  SDI further denies that SEC dominated and controlled SDI Malaysia.  SDI admits that SDI Malaysia is a Malaysian company with its principal place of business at Lots 635 & 660, Kawasan Perindustrian, Tuanku Jafaar, 71450 Sungai Gadut, Negeri Sembilan Darul Khusus, Malaysia.

59.     SDI avers that the allegations of Paragraph 59 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

SDI Co., SDIA, SDI Mexico, SDI Brasil, SDI Shenzhen, SDI Tianjin, and SDI Malaysia collectively in the Complaint as "Samsung," although SDI disputes the propriety of such reference and any inferences that may be drawn therefrom.

60.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60, and therefore denies them.

61.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61, and therefore denies them.

62.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62, and therefore denies them.

63.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63, and therefore denies them.

64.     SDI avers that the allegations of Paragraph 64 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to Technicolor SA and Technicolor USA, Inc. collectively in the Complaint as "Thomson."

65.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65, and therefore denies them.

66.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66, and therefore denies them.

67.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67, and therefore denies them.

68.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68, and therefore denies them.

69.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69, and therefore denies them.

70.     SDI avers that the allegations of Paragraph 70 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Electronic Components, Inc., and Toshiba America Information

Systems, Inc. collectively in the Complaint as "Toshiba."

71.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71, and therefore denies them.

72.    SDI avers that, to the extent the allegations of Paragraph 72 are definitional, no response is required.  To the extent a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72, and therefore denies them, with the exception of matters specifically admitted herein as follows.  SDI admits that Plaintiffs purports to refer to Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. collectively in the Complaint as "Chunghwa."

**IV.    Allegations Concerning Supposed Agents and Co-Conspirators.**

73.    To the extent that the allegations of Paragraph 73 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 73 relate to SDI, SDI denies all of those allegations.

74.    To the extent that the allegations of Paragraph 74 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 74 relate to SDI, SDI denies all of those allegations.

75.    To the extent that the allegations of Paragraph 75 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 75 relate to SDI, SDI denies all of those allegations.

76.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76, and therefore denies them.

77.    SDI avers that the allegations of Paragraph 77 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiffs purports to refer to Daewoo Electronics Co., Ltd., Orion Electronic Co., and Daewoo-Orion Societe Anonyme

-12-

1  collectively in the Complaint as "Daewoo."

2          78.     SDI lacks knowledge or information sufficient to form a belief as to

3  the truth of the allegations of Paragraph 78, and therefore denies them.

4          79.     SDI lacks knowledge or information sufficient to form a belief as to

5  the truth of the allegations of Paragraph 79, and therefore denies them.

6          80.     SDI lacks knowledge or information sufficient to form a belief as to

7  the truth of the allegations of Paragraph 80, and therefore denies them, with the exception

8  of matters specifically admitted herein as follows.  SDI admits that Samsung Electronics

9  Co., Ltd. is a South Korean company.

10         81.     SDI lacks knowledge or information sufficient to form a belief as to

11  the truth of the allegations of Paragraph 81, and therefore denies them.

12         82.     SDI lacks knowledge or information sufficient to form a belief as to

13  the truth of the allegations of Paragraph 82, and therefore denies them.

14         83.     To the extent that the allegations of Paragraph 83 relate to other

15  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

16  and therefore denies them.  To the extent that the allegations of Paragraph 83 relate to SDI,

17  SDI denies all of those allegations.

18  **V.      Allegations Concerning Trade and Commerce.**

19         84.     SDI avers that the allegations of Paragraph 84 constitute legal

20  contentions and/or conclusions to which no response is required, but SDI nonetheless

21  denies all of the allegations of Paragraph 84 to the extent they purport to pertain to SDI.

22  Further, to the extent that the allegations of Paragraph 84 relate to other defendants, SDI

23  lacks knowledge or information sufficient to form a belief as to their truth, and therefore

24  denies them.

25         85.     SDI lacks knowledge or information sufficient to form a belief as to

26  the truth of the allegations of Paragraph 85, and therefore denies them.

27         86.     SDI avers that the allegations of Paragraph 86 constitute legal

28  contentions and/or conclusions to which no response is required, but SDI nonetheless

-13-

1   denies all of the allegations of Paragraph 86 to the extent they purport to pertain to SDI.

2   Further, to the extent that the allegations of Paragraph 86 relate to other defendants, SDI

3   lacks knowledge or information sufficient to form a belief as to their truth, and therefore

4   denies them.

5   **VI.   Factual Allegations.**

6          87.   To the extent that the allegations of Paragraph 87 are definitional, SDI

7   avers that no response is required.  To the extent a response is required, SDI lacks

8   knowledge or information sufficient to form a belief as to the truth of the allegations of

9   Paragraph 87, and therefore denies them.

10         88.   SDI lacks knowledge or information sufficient to form a belief as to

11  the truth of the allegations of Paragraph 88, and therefore denies them.

12         89.   To the extent that the allegations of Paragraph 89 are definitional, SDI

13  avers that no response is required.  To the extent a response is required, SDI lacks

14  knowledge or information sufficient to form a belief as to the truth of the allegations of

15  Paragraph 89, and therefore denies them.

16         90.   SDI lacks knowledge or information sufficient to form a belief as to

17  the truth of the allegations of Paragraph 90, and therefore denies them.

18         91.   To the extent that the allegations of Paragraph 91 are definitional, SDI

19  avers that no response is required.  To the extent a response is required, SDI lacks

20  knowledge or information sufficient to form a belief as to the truth of the allegations of

21  Paragraph 91, and therefore denies them, with the exception of matters specifically

22  admitted herein as follows.  SDI admits that CRTs can be subdivided into CDTs and CPTs.

23  SDI further admits that CPTs are used primarily in televisions and related devices and that

24  CDTs are primarily used in computer monitors and similar devices.

25         92.   SDI lacks knowledge or information sufficient to form a belief as to

26  the truth of the allegations of Paragraph 92, and therefore denies them.

27         93.   SDI lacks knowledge or information sufficient to form a belief as to

28  the truth of the allegations of Paragraph 93, and therefore denies them.

94.     SDI avers that the allegations of Paragraph 94 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 94.

95.     SDI denies the allegations in the second and third sentences of Paragraph 95.  SDI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 95.

96.     SDI denies each and every allegation of Paragraph 96.

97.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97, and therefore denies them.

98.     To the extent that the allegations of Paragraph 98 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 98 relate to SDI, SDI denies all of those allegations.

99.     To the extent that the allegations of Paragraph 99 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 99 relate to SDI, SDI denies all of those allegations.

100.     To the extent that the allegations of Paragraph 100 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 100 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that, during at least portions of the alleged period, SDI Co. was a member of EDIRAK (the Electronic Display Industrial Research Association of Korea) and KODEMIA (the Korean Display Equipment Material Industry Association).  SDI specifically denies that such trade associations furthered or in any way connected with the "conspiracy" alleged in Paragraph 88 of Complaint.

101.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101, and therefore denies them.

1    102.    To the extent that the allegations of Paragraph 102 relate to other

2 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

3 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 102

4 relate to SDI, SDI denies all of those allegations.

5    103.    To the extent that the allegations of Paragraph 103 and its subparts

6 relate to other defendants or entities, SDI lacks knowledge or information sufficient to

7 form a belief as to their truth, and therefore denies them.  To the extent that the allegations

8 of Paragraph 103 and its subparts relate to SDI, SDI denies all of those allegations.

9    104.    To the extent that the allegations of Paragraph 104 relate to other

10 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

11 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 104

12 relate to SDI, SDI denies all of those allegations.

13    105.    To the extent that the allegations of Paragraph 105 relate to other

14 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

15 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 105

16 relate to SDI, SDI denies all of those allegations.

17    106.    SDI lacks knowledge or information sufficient to form a belief as to

18 the truth of the allegations of Paragraph 106, and therefore denies them.

19    107.    SDI lacks knowledge or information sufficient to form a belief as to

20 the truth of the allegations of Paragraph 107, and therefore denies them.

21    108.    To the extent that the allegations of Paragraph 108 relate to other

22 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

23 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 108

24 relate to SDI, SDI denies all of those allegations.

25    109.    To the extent that the allegations of Paragraph 109 relate to other

26 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

27 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 109

28 relate to SDI, SDI denies all of those allegations.

1           110.    SDI lacks knowledge or information sufficient to form a belief as to

2 the truth of the allegations of Paragraph 110, and therefore denies them.

3           111.    SDI lacks knowledge or information sufficient to form a belief as to

4 the truth of the allegations of Paragraph 111, and therefore denies them.

5           112.    SDI lacks knowledge or information sufficient to form a belief as to

6 the truth of the allegations of Paragraph 112, and therefore denies them.

7           113.    SDI lacks knowledge or information sufficient to form a belief as to

8 the truth of the allegations of Paragraph 113, and therefore denies them.

9           114.    To the extent that the allegations of Paragraph 114 relate to other

10 defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

11 and therefore denies them.  To the extent that the allegations of Paragraph 114 relate to

12 SDI, SDI denies all of those allegations.

13           115.    To the extent that the allegations of Paragraph 115 relate to other

14 defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

15 and therefore denies them.  To the extent that the allegations of Paragraph 115 relate to

16 SDI, SDI denies all of those allegations.

17           116.    To the extent that the allegations of Paragraph 116 relate to other

18 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

19 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 116

20 relate to SDI, SDI denies all of those allegations.

21           117.    To the extent that the allegations of Paragraph 117 relate to other

22 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

23 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 117

24 relate to SDI, SDI denies all of those allegations.

25           118.    To the extent that the allegations of Paragraph 118 relate to other

26 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

27 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 118

28 relate to SDI, SDI denies all of those allegations.

1         119.    To the extent that the allegations of Paragraph 119 relate to other

2 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

3 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 119

4 relate to SDI, SDI denies all of those allegations.

5         120.    SDI denies each and every allegation of Paragraph 120.

6         121.    To the extent that the allegations of Paragraph 121 relate to other

7 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 121

9 relate to SDI, SDI denies all of those allegations.

10         122.    To the extent that the allegations of Paragraph 122 relate to other

11 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 122

13 relate to SDI, SDI denies all of those allegations.

14         123.    To the extent that the allegations of Paragraph 123 relate to other

15 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 123

17 relate to SDI, SDI denies all of those allegations.

18         124.    To the extent that the allegations of Paragraph 124 relate to other

19 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 124

21 relate to SDI, SDI denies all of those allegations.

22         125.    To the extent that the allegations of Paragraph 125 relate to other

23 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 125

25 relate to SDI, SDI denies all of those allegations.

26         126.    To the extent that the allegations of Paragraph 126 relate to other

27 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28 their truth, and therefore denies them.  To the extent that the allegations of Paragraph 126

-18-

relate to SDI, SDI denies all of those allegations.

127.    To the extent that the allegations of Paragraph 127 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 127 relate to SDI, SDI denies all of those allegations.

128.    To the extent that the allegations of Paragraph 128 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 128 relate to SDI, SDI denies all of those allegations.

129.    To the extent that the allegations of Paragraph 129 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 129 relate to SDI, SDI denies all of those allegations.

130.    To the extent that the allegations of Paragraph 130 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 130 relate to SDI, SDI denies all of those allegations.

131.    To the extent that the allegations of Paragraph 131 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 131 relate to SDI, SDI denies all of those allegations.

132.    To the extent that the allegations of Paragraph 132 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 132 relate to SDI, SDI denies all of those allegations.

133.    To the extent that the allegations of Paragraph 133 and its subparts relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations

1    of Paragraph 133 and its subparts relate to SDI, SDI denies all of those allegations.

2            134.    To the extent that the allegations of Paragraph 134 and its subparts

3    relate to other defendants or entities, SDI lacks knowledge or information sufficient to

4    form a belief as to their truth, and therefore denies them.  To the extent that the allegations

5    of Paragraph 134 and its subparts relate to SDI, SDI denies all of those allegations.

6            135.    To the extent that the allegations of Paragraph 135 relate to other

7    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 135

9    relate to SDI, SDI denies all of those allegations.

10           136.    To the extent that the allegations of Paragraph 136 relate to other

11   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 136

13   relate to SDI, SDI denies all of those allegations.

14           137.    To the extent that the allegations of Paragraph 137 relate to other

15   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 137

17   relate to SDI, SDI denies all of those allegations.

18           138.    To the extent that the allegations of Paragraph 138 relate to other

19   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 138

21   relate to SDI, SDI denies all of those allegations.

22           139.    To the extent that the allegations of Paragraph 139 relate to other

23   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 139

25   relate to SDI, SDI denies all of those allegations.

26           140.    To the extent that the allegations of Paragraph 140 relate to other

27   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 140

1  relate to SDI, SDI denies all of those allegations.

2          141.    To the extent that the allegations of Paragraph 141 relate to other

3  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 141

5  relate to SDI, SDI denies all of those allegations.

6          142.    To the extent that the allegations of Paragraph 142 relate to other

7  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 142

9  relate to SDI, SDI denies all of those allegations.

10          143.    To the extent that the allegations of Paragraph 143 relate to other

11  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 143

13  relate to SDI, SDI denies all of those allegations.

14          144.    To the extent that the allegations of Paragraph 144 relate to other

15  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 144

17  relate to SDI, SDI denies all of those allegations.

18          145.    To the extent that the allegations of Paragraph 145 relate to other

19  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 145

21  relate to SDI, SDI denies all of those allegations.

22          146.    To the extent that the allegations of Paragraph 146 relate to other

23  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 146

25  relate to SDI, SDI denies all of those allegations.

26          147.    To the extent that the allegations of Paragraph 147 relate to other

27  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 147

1    relate to SDI, SDI denies all of those allegations.

2            148.    To the extent that the allegations of Paragraph 148 relate to other

3    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 148

5    relate to SDI, SDI denies all of those allegations.

6            149.    To the extent that the allegations of Paragraph 149 relate to other

7    defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8    their truth, and therefore denies them.  To the extent that the allegations of Paragraph 149

9    relate to SDI, SDI denies all of those allegations.

10           150.    To the extent that the allegations of Paragraph 150 relate to other

11   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 150

13   relate to SDI, SDI denies all of those allegations.

14           151.    To the extent that the allegations of Paragraph 151 relate to other

15   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 151

17   relate to SDI, SDI denies all of those allegations.

18           152.    To the extent that the allegations of Paragraph 152 relate to other

19   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 152

21   relate to SDI, SDI denies all of those allegations.

22           153.    To the extent that the allegations of Paragraph 153 relate to other

23   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 153

25   relate to SDI, SDI denies all of those allegations.

26           154.    To the extent that the allegations of Paragraph 154 relate to other

27   defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28   their truth, and therefore denies them.  To the extent that the allegations of Paragraph 154

1  relate to SDI, SDI denies all of those allegations.

2          155.    To the extent that the allegations of Paragraph 155 relate to other

3  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 155

5  relate to SDI, SDI denies all of those allegations.

6          156.    To the extent that the allegations of Paragraph 156 relate to other

7  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 156

9  relate to SDI, SDI denies all of those allegations.

10         157.    To the extent that the allegations of Paragraph 157 relate to other

11  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 157

13  relate to SDI, SDI denies all of those allegations.

14         158.    To the extent that the allegations of Paragraph 158 relate to other

15  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 158

17  relate to SDI, SDI denies all of those allegations.

18         159.    To the extent that the allegations of Paragraph 159 relate to other

19  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 159

21  relate to SDI, SDI denies all of those allegations.

22         160.    To the extent that the allegations of Paragraph 160 relate to other

23  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 160

25  relate to SDI, SDI denies all of those allegations.

26         161.    To the extent that the allegations of Paragraph 161 relate to other

27  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 161

1    relate to SDI, SDI denies all of those allegations.

2             162.    To the extent that the allegations of Paragraph 162 relate to other

3 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4 their truth, and therefore denies them. To the extent that the allegations of Paragraph 162

5 relate to SDI, SDI denies all of those allegations.

6             163.    To the extent that the allegations of Paragraph 163 relate to other

7 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8 their truth, and therefore denies them. To the extent that the allegations of Paragraph 163

9 relate to SDI, SDI denies all of those allegations.

10            164.    To the extent that the allegations of Paragraph 164 relate to other

11 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12 their truth, and therefore denies them. To the extent that the allegations of Paragraph 164

13 relate to SDI, SDI denies all of those allegations.

14            165.    SDI lacks knowledge or information sufficient to form a belief as to

15 the truth of the allegations of Paragraph 165, and therefore denies them, with the exception

16 of matters specifically admitted herein as follows. SDI admits that cathode ray tubes can

17 be used in certain television and computer monitor products.

18            166.    SDI lacks knowledge or information sufficient to form a belief as to

19 the truth of the allegations of Paragraph 166, and therefore denies them.

20            167.    SDI lacks knowledge or information sufficient to form a belief as to

21 the truth of the allegations of Paragraph 167, and therefore denies them.

22            168.    SDI lacks knowledge or information sufficient to form a belief as to

23 the truth of the allegations of Paragraph 168, and therefore denies them.

24            169.    SDI lacks knowledge or information sufficient to form a belief as to

25 the truth of the allegations of Paragraph 169, and therefore denies them.

26            170.    SDI lacks knowledge or information sufficient to form a belief as to

27 the truth of the allegations of Paragraph 170, and therefore denies them.

28            171.    To the extent that the allegations of Paragraph 171 relate to other

defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 171 relate to SDI, SDI denies all of those allegations.

172.    To the extent that the allegations of Paragraph 172 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 172 relate to SDI, SDI denies all of those allegations.

173.    To the extent that the allegations of Paragraph 173 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 173 relate to SDI, SDI denies all of those allegations.

174.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174, and therefore denies them.

175.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 175, and therefore denies them.

176.    SDI denies each and every allegation of Paragraph 176.

177.    With the exception of matters specifically admitted herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177, and therefore denies them.  SDI admits that antitrust authorities in Europe, Japan, and South Korea have announced investigations relating to the cathode ray tubes industry.

178.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 178, and therefore denies them.  With respect to the report purportedly quoted from in Paragraph 178, SDI refers Plaintiffs to the referenced report for a description of its content.

179.    To the extent that the allegations of Paragraph 179 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 179 relate to

-25-

1   SDI, SDI denies all of those allegations, with the exception of matters specifically

2   admitted herein as follows.  SDI admits that, in or about May, 2008, the Hungarian

3   Competition Authority ("HCA") announced its own investigation of the cathode ray tubes

4   industry.  With respect to the HCA announcement purportedly quoted from in Paragraph

5   179, SDI refers Plaintiffs to the referenced document for a description of its content.

6          180.   With the exception of matters specifically admitted on information

7   and belief herein as follows, SDI lacks knowledge or information sufficient to form a

8   belief as to the truth of the allegations in Paragraph 180, and therefore denies them.  SDI

9   admits on information and belief that C.Y. Lin, the former Chairman and CEO of

10  Defendant Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in

11  connection with the DOJ's investigation of the cathode ray tubes industry, the terms of

12  which are matters of public record.  With respect to the press release purportedly quoted

13  from in Paragraph 180, SDI refers Plaintiffs to the referenced document for a description

14  of its content.

15         181.   With the exception of matters specifically admitted on information

16  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

17  belief as to the truth of the allegations in Paragraph 181, and therefore denies them.  SDI

18  admits on information and belief that Wu Jen Cheng, formerly of Chunghwa Picture

19  Tubes, Ltd., was indicted by a federal grand jury in connection with the DOJ's

20  investigation of the cathode ray tubes industry, the terms of which are matters of public

21  record.  With respect to the press release purportedly characterized in Paragraph 181, SDI

22  refers Plaintiffs to the referenced document for a description of its content.

23         182.   With the exception of matters specifically admitted on information

24  and belief herein as follows, SDI lacks knowledge or information sufficient to form a

25  belief as to the truth of the allegations in Paragraph 182, and therefore denies them.  SDI

26  admits on information and belief that Chung Cheng Yeh was indicted by a federal grand

27  jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms

28  of its public record.  With respect to the press release purportedly quoted

-26-

from in Paragraph 182, SDI refers Plaintiffs to the referenced document for a description of its content.

183.   With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183, and therefore denies them.  SDI admits on information and belief that Seung-Kyu Lee, Yeong-Ug Yang and Jae-Sik Kim were indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of public record.  With respect to the press release purportedly quoted from in Paragraph 183, SDI refers Plaintiffs to the referenced document for a description of its content.

184.   With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184, and therefore denies them.  SDI admits that DOJ issued a press release on or about March 18, 2011 announcing SDI Co.'s agreement to plead guilty.  SDI refers Plaintiffs to the referenced press release for a description of its content.

185.   SDI denies the allegations in Paragraph 185, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an amended plea agreement with the United States related to an investigation of the cathode ray tubes industry, the terms of which are matters of public record.

186.   SDI denies the allegations in Paragraph 186, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an amended plea agreement with the United States related to an investigation of the cathode ray tubes industry, the terms of which are matters of public record.

187.   With the exception of matters specifically admitted herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 187, and therefore denies them.  SDI admits that the European Commission has announced fines relating to its investigation into the Cathode Ray Tubes

-27-

industry, and details regarding that announcement are matters of public record.  SDI admits that the European Commission fined SDI Co. in connection with its investigation. With respect to the document purportedly described in Paragraph 187, SDI refers Plaintiffs to the referenced document for a description of its specific contents.

188.    To the extent that the allegations of Paragraph 188 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 188 relate to SDI, SDI denies all of those allegations.

189.    To the extent that the allegations of Paragraph 189 relate to SDI, SDI denies all of those allegations.  To the extent that the allegations of Paragraph 189 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them, with the exception of matters specifically admitted herein as follows.  SDI admits on information and belief that Samsung Electronics Co., Ltd. entered into a plea agreement with the United States related to an investigation of dynamic random access memory, the terms of which are matters of public record.

190.    To the extent that the allegations of Paragraph 190 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 190 relate to SDI, SDI denies all of those allegations.

191.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191, and therefore denies them.

192.    To the extent that the allegations of Paragraph 192 relate to SDI, SDI denies all of those allegations.  To the extent that the allegations of Paragraph 192 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

193.    With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a

-28-

belief as to the truth of the allegations in Paragraph 193, and therefore denies them.  SDI admits on information and belief that LG Display Co., Ltd., Sharp Corporation, and Chunghwa Picture Tubes, Ltd. entered into plea agreements with the DOJ related to an investigation of the TFT-LCD industry, the terms of which are matters of public record.

194.   With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194, and therefore denies them.  SDI admits on information and belief that Hitachi, Ltd. entered into a plea agreement with the DOJ related to an investigation of the TFT-LCD industry, the terms of which are matters of public record.

195.   With the exception of matters specifically admitted on information and belief herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195, and therefore denies them.  SDI admits on information and belief that LG Display Co., Ltd., Sharp Corporation, Chunghwa Picture Tubes, Ltd. and Hitachi, Ltd. entered into a plea agreements with the DOJ related to an investigation of the TFT-LCD industry, the terms of which are matters of public record.

196.   To the extent that the allegations of Paragraph 196 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 196 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that, during at least portions of the alleged period, SDI Co. attended the Korea Display Conference.  SDI specifically denies that SDI Co.'s attendance at the Korea Display Conference furthered or was in any way connected with the "collusive activities" alleged in Paragraph 196 of Complaint.

197.   To the extent that the allegations of Paragraph 197 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 197

1  relate to SDI, SDI denies all of those allegations, with the exception of matters specifically
2  admitted herein as follows.  SDI admits that, during at least portions of the alleged period,
3  SDI Co. attended the Korea Display Conference.  SDI further admits that, during at least
4  portions of the alleged period, SDI Co. was a member of KODEMIA and EDIRAK.

5  198.    To the extent that the allegations of Paragraph 198 relate to other
6  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to
7  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 198
8  relate to SDI, SDI denies all of those allegations, with the exception of matters specifically
9  admitted herein as follows.  SDI admits that, during at least portions of the alleged period,
10  H.K. Chung, Woo Jong Lee, Bae Choel-Han, Jung Ho-Gyun and H.C. Kim attended the
11  Korea Display Conference.

12  199.    To the extent that the allegations of Paragraph 199 relate to other
13  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,
14  and therefore denies them. To the extent that the allegations of Paragraph 199 relate to
15  SDI, SDI denies all of those allegations.

16  200.    To the extent that the allegations of Paragraph 200 relate to other
17  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,
18  and therefore denies them.  To the extent that the allegations of Paragraph 200 relate to
19  SDI, SDI denies all of those allegations.

20  201.    To the extent that the allegations of Paragraph 201 relate to other
21  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,
22  and therefore denies them.  To the extent that the allegations of Paragraph 201 relate to
23  SDI, SDI denies all of those allegations.

24  202.    SDI lacks knowledge or information sufficient to form a belief as to
25  the truth of the allegations of Paragraph 202, and therefore denies them.

26  203.    SDI lacks knowledge or information sufficient to form a belief as to
27  the truth of the allegations of Paragraph 203, and therefore denies them.

28  204.    SDI lacks knowledge or information sufficient to form a belief as to

-30-

1   the truth of the allegations of Paragraph 204, and therefore denies them.

2       205.   SDI denies all the allegations of Paragraph 205, with the exception of

3   matters specifically admitted herein as follows.  SDI admits that, in late 2005, SDI closed

4   its cathode ray tube factory in Germany.

5       206.   SDI lacks knowledge or information sufficient to form a belief as to

6   the truth of the allegations of Paragraph 206, and therefore denies them.

7       207.   To the extent that the allegations of Paragraph 207 relate to other

8   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

9   and therefore denies them.  To the extent that the allegations of Paragraph 207 relate to

10  SDI, SDI denies all of those allegations.

11      208.   SDI lacks knowledge or information sufficient to form a belief as to

12  the truth of the allegations of Paragraph 208, and therefore denies them.

13      209.   SDI lacks knowledge or information sufficient to form a belief as to

14  the truth of the allegations of Paragraph 209, and therefore denies them.

15      210.   SDI denies the allegations in the last sentence of Paragraph 210.  SDI

16  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

17  allegations of Paragraph 210, and therefore denies them.

18      211.   SDI lacks knowledge or information sufficient to form a belief as to

19  the truth of the allegations of Paragraph 211, and therefore denies them.

20      212.   SDI denies the allegations in the last sentence of Paragraph 212.  SDI

21  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

22  allegations of Paragraph 212, and therefore denies them.

23      213.   SDI lacks knowledge or information sufficient to form a belief as to

24  the truth of the allegations of Paragraph 213, and therefore denies them.

25      214.   SDI lacks knowledge or information sufficient to form a belief as to

26  the truth of the allegations of Paragraph 214, and therefore denies them.

27      215.   SDI denies each and every allegation of Paragraph 215.

28      216.   To the extent that the allegations of Paragraph 216 and its subparts

-31-

relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 216 and its subparts relate to SDI, SDI denies all of those allegations.

**VII.    Allegations Concerning Plaintiffs' Supposed Injuries.**

217.    To the extent the allegations of Paragraph 217 constitute legal conclusions and/or contentions, SDI avers that no response is required.  To the extent that a response is required, SDI denies all of the allegations of Paragraph 217.

218.    To the extent that the allegations of Paragraph 218 relate to other defendants, a Plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 218 relate to SDI, SDI denies all of those allegations.

219.    To the extent that the allegations of Paragraph 219 relate to other defendants, a Plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 219 relate to SDI, SDI denies all of those allegations.

220.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 220, and therefore denies them.

221.    To the extent that the allegations of Paragraph 221 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 221 relate to SDI, SDI denies all of those allegations.

222.    To the extent that the allegations of Paragraph 222 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 222 relate to SDI, SDI denies all of those allegations.

223.    SDI denies each and every allegation of Paragraph 223.

**VIII.   Allegations Concerning Supposed Fraudulent Concealment.**

224.    SDI denies each and every allegation of Paragraph 224.

1    225.    SDI denies each and every allegation of Paragraph 225.

2    226.    To the extent that the allegations of Paragraph 226 relate to other

3  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

4  and therefore denies them.  To the extent that the allegations of Paragraph 226 relate to

5  SDI, SDI denies all of those allegations.

6    227.    SDI denies each and every allegation of Paragraph 227.

7    228.    SDI denies each and every allegation of Paragraph 228.

8    229.    To the extent that the allegations of Paragraph 229 relate to other

9  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

10  and therefore denies them.  To the extent that the allegations of Paragraph 229 relate to

11  SDI, SDI denies all of those allegations.

12    230.    To the extent that the allegations of Paragraph 231 relate to other

13  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

14  and therefore denies them.  To the extent that the allegations of Paragraph 231 relate to

15  SDI, SDI denies all of those allegations.

16    232.    SDI denies the allegations in the last sentence of Paragraph 232.  SDI

17  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

18  allegations of Paragraph 232, and therefore denies them.

19    233.    SDI denies the allegations in the last sentence of Paragraph 233.  SDI

20  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

21  allegations of Paragraph 233, and therefore denies them.

22    234.    To the extent that the allegations of Paragraph 234 relate to other

23  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

24  and therefore denies them.  To the extent that the allegations of Paragraph 234 relate to

25  SDI, SDI denies all of those allegations.

26    235.    SDI denies each and every allegation of Paragraph 235.

27  IX.    **Allegations Concerning Purported Tolling**

28    236.    SDI avers that the allegations of Paragraph 236 constitute legal

-33-

contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI denies each and every allegation of Paragraph 236.

237.   SDI avers that the allegations of Paragraph 237 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI denies each and every allegation of Paragraph 237.

238.   SDI avers that the allegations of Paragraph 238 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI denies each and every allegation of Paragraph 238.

239.   SDI avers that the allegations of Paragraph 239 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI denies each and every allegation of Paragraph 239.

240.   SDI avers that the allegations of Paragraph 240 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI denies each and every allegation of Paragraph 240.

241.   SDI avers that the allegations of Paragraph 241 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI denies each and every allegation of Paragraph 241.

242.   SDI avers that the allegations of Paragraph 242 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI denies each and every allegation of Paragraph 242.

243.   SDI avers that the allegations of Paragraph 243 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI denies each and every allegation of Paragraph 243.

244.   SDI avers that the allegations of Paragraph 244 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, SDI denies each and every allegation of Paragraph 244.

SMRH:419323786.4

**X.      Allegations Concerning Claims for Violations**

<u>**First Claim for Relief**</u>

<u>**(Alleged Violation of Section 1 of the Sherman Act)**</u>

245.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 244 of the Complaint with the same force and effect as if set forth herein at length.

246.    SDI avers that the allegations of Paragraph 246 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

247.    SDI denies each and every allegation of Paragraph 247.

248.    SDI denies each and every allegation of Paragraph 248.

249.    SDI denies each and every allegation of Paragraph 249.

250.    SDI denies each and every allegation of Paragraph 250, including its subparts.

251.    SDI denies each and every allegation of Paragraph 251.

<u>**Second Claim for Relief**</u>

<u>**(Alleged Violation of the Florida Deceptive and Unfair Trade Practices Act)**</u>

252.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 251 of the Complaint with the same force and effect as if set forth herein at length.

253.    To the extent that the allegations of Paragraph 253 constitute legal conclusions and/or contentions, SDI avers that no response is required.  To the extent that a response is required, SDI denies the allegations in the last sentence of Paragraph 253.  To the extent that a response is required, and to the extent that the allegations in the first sentence of Paragraph 253 relate to other defendants, a Plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required, and to the extent that the allegations in the first sentence of Paragraph 253 relate to SDI, SDI denies all of those allegations.

254.    SDI avers that the allegations of Paragraph 254 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.  SDI further avers that Plaintiffs' Second Claim for Relief has been dismissed with prejudice by the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss (Dkt. No. 2433).

255.    To the extent that the allegations of Paragraph 255 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 255, and therefore denies them.

256.    SDI denies each and every allegation of Paragraph 256.

257.    SDI admits that Plaintiffs purport to invoke the cited statutory provisions, but otherwise denies the allegations of Paragraph 257.

258.    SDI denies each and every allegation of Paragraph 258, including its subparts.

259.    SDI avers that the allegations of Paragraph 259 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

### Third Claim for Relief

### (Alleged Violation of the California Cartwright Act)

260.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 259 of the Complaint with the same force and effect as if set forth herein at length.

261.    To the extent that the allegations of Paragraph 261 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent a response is required, and to the extent the allegations of Paragraph 261 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 261, and therefore denies them.  To the extent the allegations of Paragraph 261 relate to SDI, SDI denies all of those allegations.

262.    To the extent that the allegations of Paragraph 262 relate to other defendants, a Plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 262 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an amended plea agreement with the United States relating to an investigation of the cathode ray tubes industry, the terms of which are a matter of public record.

263.    To the extent that the allegations of Paragraph 263 constitute legal conclusions and/or contentions, SDI avers that no response is required.  To the extent that a response is required, and to the extent that the allegations of Paragraph 263 relate to other defendants, a Plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required, and to the extent that the allegations in Paragraph 263 relate to SDI, SDI denies all of those allegations.  SDI further avers that Plaintiffs' Third Claim for Relief has been dismissed with prejudice by the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss (Dkt. No. 2433).

264.    To the extent that the allegations of Paragraph 264 constitute legal conclusions and/or contentions, SDI avers that no response is required.  To the extent that a response is required, and to the extent that the allegations of Paragraph 264 relate to other defendants, a Plaintiff, or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required, and to the extent that the allegations in Paragraph 264 relate to SDI, SDI denies all of those allegations.

265.    SDI denies each and every allegation of Paragraph 265, including its subparts.

266.    SDI denies each and every allegation of Paragraph 266, including its subparts.

267.    SDI denies each and every allegation of Paragraph 267.

268.    SDI denies each and every allegation of Paragraph 268.

**Fourth Claim for Relief**

**(Alleged Violation of California Unfair Competition Law)**

269.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 268 of the Complaint with the same force and effect as if set forth herein at length.

270.    SDI avers that the allegations of Paragraph 270 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.  SDI further avers that Plaintiffs' Fourth Claim for Relief has been dismissed with prejudice by the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss (Dkt. No. 2433).

271.    SDI admits that Plaintiffs purport to invoke the cited statutory provisions, but otherwise denies the allegations of Paragraph 271.

272.    SDI avers that the allegations of Paragraph 272 and its subparts constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

273.    SDI avers that the allegations of Paragraph 273 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

274.    SDI avers that the allegations of Paragraph 274 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

275.    SDI avers that the allegations of Paragraph 275 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

276.    SDI avers that the allegations of Paragraph 276 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

-38-

**XI.**      **Allegations Concerning Plaintiffs' Prayer for Relief.**

SDI denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of SDI as alleged in the Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Complaint.

**ADDITIONAL OR AFFIRMATIVE DEFENSES**

Without assuming any burden it would not otherwise bear, SDI asserts the following additional and/or affirmative defenses to Plaintiffs' Complaint:

**FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

**FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

**FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Remedies Unconstitutional, Unauthorized or Contrary to Public Policy)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

-39-

## SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Absence of Damages)

Plaintiffs' claims should be dismissed because Plaintiffs have suffered no injury or damages as a result of the matters alleged in the Complaint. To the extent that Plaintiffs purportedly suffered injury or damage, which SDI specifically denies, SDI further contends that any such purported injury or damage was not by reason of any act or omission of SDI.

## SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Antitrust Injury)

Plaintiffs' claims should be dismissed because Plaintiffs have not suffered actual, cognizable antitrust injury of the type antitrust laws are intended to remedy.

## EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty of Damages)

Plaintiffs' claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

## NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any.

## TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

## ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to

1 | recover any part of the damages alleged in the Complaint.

## TWELFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, due to the absence of any injury or damage for which SDI's actions, conduct, or omissions were the proximate cause.

## THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have available an adequate remedy at law.

## FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Privilege)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of SDI was justified, constituted bona fide business competition and was taken in pursuit of its own legitimate business and economic interests, and is therefore privileged.

## FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of SDI that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

## SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which SDI specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than SDI.

## EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiffs' acquiescence in and/or confirmation of any and all conduct and/or omissions alleged as to SDI.

## NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction and/or Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiffs' claims based on foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because they are outside the Court's subject matter jurisdiction as defined by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a and/or analogous state authority.

## TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous, and/or unintelligible.  SDI avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit SDI to ascertain what other defenses may exist.  SDI therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

-42-

1

## TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

2

### (Lack of Standing to Sue for Injuries Alleged)

3      Plaintiffs' claims should be dismissed, in whole or in part, to the extent

4   Plaintiffs lacks standing to sue for the injuries alleged in the Complaint.  To the extent that

5   Plaintiffs purchased products containing CRTs, as opposed to CRTs themselves, its alleged

6   injuries are even more speculative, derivative, indirect, and remote.  Plaintiffs' damage

7   claims create an impermissible risk of duplicative recoveries and complex damage

8   apportionment.

9

## TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

10

### (Competition Not Harmed)

11      Plaintiffs' claims should be dismissed to the extent that they are barred, in

12   whole or in part, because SDI's actions did not lessen competition in the relevant

13   market(s).

14

## TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

15

### (Intervening or Superseding Acts of Third Parties)

16      Plaintiffs' damages, if any, resulted from the acts or omissions of third parties

17   over whom SDI had no control or responsibility.  The acts of such third parties constitute

18   intervening or superseding causes of harm, if any, suffered by Plaintiffs.

19

## TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

20

### (Injury or Damages Offset by Benefits Received)

21      Plaintiffs' claims should be dismissed to the extent that they are barred, in

22   whole or in part, because any claimed injury or damage has been offset by benefits

23   Plaintiffs received with respect to the challenged conduct.

24

## TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

25

### (Increased Output and Lower Prices)

26      SDI, without admitting the existence of any contract, combination, or

27   conspiracy in restraint of trade as alleged in the Complaint, avers that the matters about

28   which Plaintiffs complain resulted in increased output and lower prices for CRTs and/or

-43-

CRT Products.

## TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Prices Fixed by Plaintiffs)

Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, because the price of CRTs and/or CRT Products was fixed, if at all, by Plaintiffs and/or other purchasers of CRTs and/or CRT Products, either individually or collectively.

## TWENTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs has failed to allege fraud or fraudulent concealment with sufficient particularity.

## TWENTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

## TWENTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Detrimental Reliance)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

## THIRTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Arbitration Agreements)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by agreements that require arbitration of the matters alleged in the Complaint.

SMRH:419323786.4

## THIRTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Settlement Set Off)

Without admitting that Plaintiffs are entitled to recover damages in this matter, SDI is entitled to set off from any recovery Plaintiffs may obtain against SDI any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

## THIRTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Injunctive Relief)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seeks to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

## THIRTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged conduct of SDI occurred outside of the jurisdiction of the Court.

## THIRTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Passed On)

Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint, which SDI specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

## THIRTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Not Passed Through to Plaintiffs)

Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than

1  Plaintiffs.

2  ## THIRTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

3  ### (No Unreasonable Restraint Of Trade)

4  Plaintiffs' claims are barred, in whole or in part, because the alleged conduct

5  of SDI did not unreasonably restrain trade.

6  ## THIRTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

7  ### (Ultra Vires)

8  To the extent that any actionable conduct may have occurred, Plaintiffs'

9  claims against SDI are barred because all such alleged conduct would have been

10  committed by individuals acting ultra vires.

11  ## THIRTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

12  ### (Proportionality)

13  To the extent SDI is found liable for damages, the fact and extent of which

14  are expressly denied by SDI, those damages must be reduced in proportion to SDI's degree

15  of fault.

16  ## THIRTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

17  ### (Forum Non Conveniens)

18  Plaintiffs' claims are barred, in whole or in part, because of the doctrine of

19  forum non conveniens.

20  ## FORTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

21  ### (Permitted By Law)

22  Plaintiffs' claims are barred, in whole or in part, to the extent they are based

23  on alleged acts, conduct or statements that are specifically permitted by law.

24  ## FORTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

25  ### (Multiple Recoveries)

26  To the extent Plaintiffs' claims would result in SDI paying damages to more

27  than one claimant for the same alleged overcharge, they are barred because such multiple

28  recoveries would violate rights guaranteed to SDI by the U.S. Constitution and other law,

1  including, without limitation, rights guaranteed under the Due Process Clause of the

2  Fourteenth Amendment.

3  ### FORTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

4  ### (Improper Extraterritorial Application)

5  Plaintiffs' claims are barred, in whole or in part, by the U.S. Constitution

6  and/or other applicable law to the extent their claims seek the improper extraterritorial

7  application of the laws cited to any transactions occurring outside the United States.

8  ### FORTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

9  ### (Acts Outside The Jurisdiction)

10  Plaintiffs' claims under the laws of the various States cited are barred, in

11  whole or in part, to the extent SDI's alleged conduct occurred outside the jurisdiction of

12  this Court and/or was neither directed to nor affected persons, entities, or commerce in the

13  various States cited.

14  ### FORTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

15  ### (Market Power)

16  Plaintiffs' claims are barred, in whole or in part, to the extent they have failed

17  to allege or prove that SDI possessed or possesses market power in any legally cognizable

18  relevant market.

19  ### FORTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

20  ### (Privity Of Contract)

21  Plaintiffs' claims are barred, in whole or in part, to the extent that privity of

22  contract is required to establish their claims.

23  ### FORTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

24  ### (Release)

25  Plaintiffs' claims are barred, in whole or in part, because they have been

26  released by Plaintiffs.

27

28

SMRH:419323786.4

## FORTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Voluntary Payment)

Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

## FORTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Federal Trade Commission)

Any alleged conduct by SDI is, or if in interstate commerce would be, subject to and complies with the rules and regulations of, and the statutes administered by, the Federal Trade Commission or other official department, division, commission or agency of the United States as such rules, regulations, or statutes are interpreted by the Federal Trade Commission or such department, division, commission or agency of the federal courts.

## FORTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Intrastate Conduct)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs did not allege conduct and/or effects that are wholly or predominantly intrastate within the various States at issue.

## FIFTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Not Entitled To Seek Damages)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs are not entitled to seek damages under the laws of the various States cited.

## FIFTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Allege Predicate Acts For Unfair Trade Practices Claims)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to allege predicate acts necessary to invoke application of the unfair trade practices laws of the various States cited.

## FIFTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Other Defenses Incorporated by Reference)

SDI adopts and incorporates by reference any and all other additional or affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that SDI may share in such affirmative defenses.

## FIFTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

SDI has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings.  SDI further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

WHEREFORE, the Samsung SDI Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing under the Complaint, and the Complaint be dismissed with prejudice;

2.    That judgment be entered in favor of the Samsung SDI Defendants and against Plaintiffs on each and every cause of action set forth in the Complaint;

3.    That the Samsung SDI Defendants recover their costs of suit and attorneys' fees incurred herein; and

4.    That the Samsung SDI Defendants be granted such other and further relief as the Court deems just and proper.

1    Dated:  March 27, 2014                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

2

3

4                                          By _____/s/ Michael W. Scarborough_____
                                                    MICHAEL W. SCARBOROUGH
5

6                                                   Attorneys for Defendants
                                            SAMSUNG SDI AMERICA, INC., SAMSUNG
7                                           SDI CO., LTD., SAMSUNG SDI (MALAYSIA)
                                            SDN. BHD., SAMSUNG SDI MEXICO S.A. DE
8                                           C.V., SAMSUNG SDI BRASIL LTDA.,
                                            SHENZHEN SAMSUNG SDI CO., LTD. and
9                                           TIANJIN SAMSUNG SDI CO., LTD.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                -50-