WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:      (213) 683-9100
Facsimile:      (213) 687-3702

HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
LAURA K. LIN (State Bar No. 281542)
laura.lin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:      (415) 512-4000
Facsimile:      (415) 512-4077

Attorneys for LG ELECTRONICS, INC., LG
ELECRONICS USA, INC., AND LG
ELECTRONICS TAIWAN TAIPEI CO., LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TECH DATA CORPORATION; TECH DATA PRODUCT MANAGEMENT, INC., Plaintiffs, | Case No. Master File No. 3:07-cv-05944-SC |
| | MDL NO. 1917 |
| vs. | Individual Case no. 13-cv-00157 |
| HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.; MITSUBISHI ELECTRIC CORPORATION; MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.; MITSUBISHI ELECTRIC & | **ANSWER OF LG ELECTRONICS, INC. AND LG ELECTRONICS USA, INC. TO FIRST AMENDED COMPLAINT BY PLAINTIFFS TECH DATA CORPORATION AND TECH DATA PRODUCT MANAGEMENT, INC.** |

23133233.1

ELECTRONICS, USA, INC.; PANASONIC
CORPORATION; PANASONIC
CORPORATION OF NORTH AMERICA;
MT PICTURE DISPLAY CO., LTD.;
BEIJING MATSUSHITA COLOR CRT CO.,
LTD.; KONINKLIJKE PHILIPS
ELECTRONICS N.V.; PHILIPS
ELECTRONICS NORTH AMERICA
CORPORATION; PHILIPS ELECTRONICS
INDUSTRIES (TAIWAN), LTD.; PHILIPS
DA AMAZONIA INDUSTRIA
ELECTRONICA LTDA.;
SAMSUNG SDI CO., LTD.; SAMSUNG SDI
AMERICA, INC.; SAMSUNG SDI MEXICO
S.A. DE C.V.; SAMSUNG SDI BRASIL
LTDA.; SHENZHEN
SAMSUNG SDI CO., LTD.; TIANJIN
SAMSUNG SDI CO., LTD.; SAMSUNG SDI
(MALAYSIA) SDN. BHD.; SAMTEL
COLOR LTD.; THAI CRT CO., LTD.;
TECHNICOLOR SA; THOMSON SA;
TECHNICOLOR USA, INC.; THOMSON
CONSUMER ELECTRONICS, INC.;
TOSHIBA CORPORATION; TOSHIBA
AMERICA, INC.; TOSHIBA AMERICA
CONSUMER PRODUCTS, LLC; TOSHIBA
AMERICA ELECTRONIC COMPONENTS,
INC.; TOSHIBA AMERICA
INFORMATION SYSTEMS, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
CHUNGHWA PICTURE TUBES
(MALAYSIA),

Defendants.

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

Defendants LG ELECTRONICS, INC., and LG ELECTRONICS USA, INC. (the "LG Entities"), through undersigned counsel, hereby answer the allegations contained in the First Amended Complaint by Plaintiffs Tech Data Corporation and Tech Data Product Management Inc. ("Tech Data" or "Plaintiffs").  Except as otherwise stated below, the LG Entities are without sufficient knowledge or information to form a belief concerning the truth of the allegations in the FAC that are directed toward other defendants.  The LG Entities' responses to the allegations below are therefore limited to the truth or falsity of the allegations as they pertain to the LG Entities only.  The LG Entities deny all allegations in the FAC (including headings and captions) not specifically admitted in this Answer.

1.      The LG Entities deny the allegations contained in Paragraph 1.

2.      The LG Entities admit that during the Relevant Period, LG Electronics, Inc. manufactured CPTs, CDTs, and CRT Products, as the terms are defined in this Paragraph.  The LG Entities object to Plaintiffs' definition of "CRT Products," because this definition includes products at different levels of the production chain and creates confusion in attempting to respond to the allegations of the FAC, given that certain companies, including LG Electronics, Inc. ("LGEI"), do not manufacture and sell cathode ray tubes, while other defendants (including LG Electronics USA, Inc. ("LGEUSA")) do not manufacture either cathode ray tubes or finished products (such as televisions or computer monitors).

3.      The LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and on that basis deny those allegations.

4.      The LG Entities admit that during the Relevant Period, the business of manufacturing and selling CRTs was under significant pressure due to changes in technologies and customer preference, among other factors.  The LG Entities deny the remaining allegations contained in Paragraph 4.

5.      The LG Entities deny the allegations contained in Paragraph 5.

6.      The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 6 as they pertain to the LG Entities.

7.     The LG Entities deny the allegations contained in Paragraph 7.

8.     Paragraph 8 recites actions of various governmental agencies that are matters of public record and no response is required.

9.     The LG Entities lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis deny them.

10.     Paragraph 10 recites actions of various governmental agencies that are matters of public record and no response is required.

11.     Paragraph 11 characterizes Plaintiffs' claims in the FAC and no response is required.

12.     Paragraph 12 characterizes Plaintiffs' claims in the FAC and no response is required.

13.     The LG Entities admit that the Court has subject matter jurisdiction over Plaintiffs' federal antitrust claims, if any, that satisfy the requirements of the Foreign Trade and Antitrust Improvement Act ("FTAIA").  The remainder of Paragraph 13 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

14.     The LG Entities deny the allegations contained in Paragraph 14.

15.     Paragraph 15 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

16.     Paragraph 16 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

17.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis deny them.

18.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

19. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis deny them.

20. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis deny them.

21. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis deny them.

22. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis deny them.

23. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 23 and on that basis deny them.

24. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 24 and on that basis deny them.

25. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 25 and on that basis deny them.

26. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 26 and on that basis deny them.

27. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 27 and on that basis deny them.

28. Paragraph 28 describes the terminology used in the FAC and no response is required.

29. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 29 and on that basis deny them.

30. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 30 and on that basis deny them.

31. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 31 and on that basis deny them.

32. Paragraph 32 describes the terminology used in the FAC and no response is required.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    33.    The LG Entities admit that LGEI is a corporate entity organized under the laws of

2    the Republic of Korea, and further admits the location of its headquarters as alleged in Paragraph

3    31.  LGEI admits that before July 2001, it spun off its CRT manufacturing and sales operations to

4    a separate company which, effective July 2001, became part of a newly-formed entity known as

5    LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint

6    venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal

7    Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays."

8    Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 33.

9    34.    The LG Entities admit that LGEUSA is a Delaware corporation which is a wholly-

10   owned subsidiary of LGEI and engaged in the marketing and sale of certain CRT Products during

11   the Relevant Period, and the location of its headquarters as alleged in Paragraph 34.  Except as so

12   admitted, the LG Entities deny the remaining allegations of Paragraph 34.

13   35.    The LG Entities admit that LG Electronics Taiwan Taipei Co., Ltd. ("LGETT") is a

14   Taiwanese entity which is a wholly-owned subsidiary of LGEI, and the location of its

15   headquarters as alleged in Paragraph 35.  Plaintiffs dismissed their allegations as to LGETT and it

16   is no longer a defendant in this action.  Except as so admitted, the LG Entities deny the remaining

17   allegations of Paragraph 35.

18   36.    Paragraph 36 describes the terminology used in the FAC and no response is

19   required.

20   37.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

21   and sales operations to a separate company which, effective July 2001, became part of a newly-

22   formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was

23   formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes

24   referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was

25   named "LP Displays" and that LGEI's interest in LP Displays was transferred to various third

26   parties in the course of LP Displays' bankruptcy proceeding.  The remainder of the allegations of

27   Paragraph 37 are not directed at the LG Entities and therefore no response is required.  To the

28

- 4 -

1    extent that a response is required, the LG Entities lack information or knowledge sufficient to form

2    a belief as to the truth of the remaining allegations of Paragraph 37 and on that basis deny them.

3         38.    The LG Entities lack information or knowledge sufficient to form a belief as to the

4    truth of the allegations of Paragraph 38 and on that basis deny them.

5         39.    The LG Entities lack information or knowledge sufficient to form a belief as to the

6    truth of the allegations of Paragraph 39 and on that basis deny them.

7         40.    Paragraph 40 describes the terminology used in the FAC and no response is

8    required.

9         41.    Paragraph 41 describes the terminology used in the FAC and no response is

10   required.

11        42.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12   truth of the allegations of Paragraph 42 and on that basis deny them.

13        43.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14   truth of the allegations of Paragraph 43 and on that basis deny them.

15        44.    Paragraph 44 describes the terminology used in the FAC and no response is

16   required.

17        45.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18   truth of the allegations of Paragraph 45 and on that basis deny them.

19        46.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20   truth of the allegations of Paragraph 46 and on that basis deny them.

21        47.    The LG Entities admit that the new entity – called LPD – was formed as a Dutch

22   joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as

23   "Royal Phillips").  Except as so admitted, the LG Entities lack information or knowledge

24   sufficient to form a belief as to the truth of the allegations of Paragraph 47 and on that basis deny

25   them.

26        48.    The LG Entities lack information or knowledge sufficient to form a belief as to the

27   truth of the allegations of Paragraph 48 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

49.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 49 and on that basis deny them.

50.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on that basis deny them.

51.     Paragraph 51 describes the terminology used in the FAC and no response is required.

52.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 52 and on that basis deny them.

53.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 53 and on that basis deny them.

54.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 54 and on that basis deny them.

55.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 55 and on that basis deny them.

56.     Paragraph 56 describes the terminology used in the FAC and no response is required.

57.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 57 and on that basis deny them.

58.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 58 and on that basis deny them.

59.     Paragraph 59 describes the terminology used in the FAC and no response is required.

60.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 60 and on that basis deny them.

61.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 61 and on that basis deny them.

62.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 62 and on that basis deny them.

1       63.     The LG Entities lack information or knowledge sufficient to form a belief as to the

2  truth of the allegations of Paragraph 63 and on that basis deny them.

3       64.     Paragraph 64 describes the terminology used in the FAC and no response is

4  required.

5       65.     The LG Entities lack information or knowledge sufficient to form a belief as to the

6  truth of the allegations of Paragraph 65 and on that basis deny them.

7       66.     The LG Entities lack information or knowledge sufficient to form a belief as to the

8  truth of the allegations of Paragraph 66 and on that basis deny them.

9       67.     The LG Entities lack information or knowledge sufficient to form a belief as to the

10  truth of the allegations of Paragraph 67 and on that basis deny them

11       68.     The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 68 and on that basis deny them

13       69.     The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 69 and on that basis deny them

15       70.     Paragraph 70 describes the terminology used in the FAC and no response is

16  required.

17       71.     The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 71 and on that basis deny them

19       72.     The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 72 and on that basis deny them.  To the extent that Paragraph

21  72 describes the terminology used in the FAC, no response is required.

22       73.     The LG Entities deny the allegations contained in Paragraph 73.

23       74.     The LG Entities deny the allegations contained in Paragraph 74.

24       75.     The LG Entities deny the allegations contained in Paragraph 75.

25       76.     The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of Paragraph 76 and on that basis deny them.

27       77.     The LG Entities lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations of Paragraph 77 and on that basis deny them.

78.     Paragraph 78 describes the terminology used in the FAC and no response is required.

79.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 79 and on that basis deny them.

80.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 80 and on that basis deny them.

81.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 81 and on that basis deny them.

82.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 82 and on that basis deny them.

83.     The LG Entities deny the allegations contained in Paragraph 83.

84.     The LG Entities deny the allegations contained in Paragraph 84.

85.     The LG Entities deny the allegations contained in Paragraph 85.

86.     Paragraph 86 contains only legal conclusions to which no response is required.  To the extent that a response is required, the LG Entities deny the allegations.

87.     To the extent that Paragraph 87 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 87 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 87.

88.     To the extent that Paragraph 88 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 88 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 88.

89.     To the extent that Paragraph 89 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 89 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 89.

90.     To the extent that Paragraph 90 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 90 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 90.

91.     To the extent that Paragraph 91 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 91 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 91.

92.     To the extent that Paragraph 92 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 92 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 92.

93.     The LG Entities deny the allegations of Paragraph 93.

94.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 94 and on that basis deny them.

95.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 95 and on that basis deny them.

96.     The LG Entities deny the allegations of Paragraph 96.

97.     The LG Entities deny the allegations of Paragraph 97.

98.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 98 and on that basis deny them.

99.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 99 as they pertain to the LG Entities.

100.    The LG Entities admit that LGEI was a member of the Korea Display Industry Association.  To the extent that the remaining allegations contained in Paragraph 100 are directed

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

2   the truth of the allegations contained in Paragraph 100 and on that basis deny those allegations. To

3   the extent that the remaining allegations contained in Paragraph 100 are directed to the LG

4   Entities, they are denied.

5        101.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

6   and sales operations to a separate company which, effective July 2001, became part of a newly

7   formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

8   – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

9   (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

10   and was renamed "LP Displays." To the extent that the remaining allegations contained in

11   Paragraph 101 are directed to other defendants, the LG Entities lack knowledge or information

12   sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and on that

13   basis deny those allegations.  To the extent that the remaining allegations contained in Paragraph

14   101 are directed to the LG Entities, they are denied.

15        102.    The LG Entities deny the allegations contained in Paragraph 102.

16        103.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

17   and sales operations to a separate company which, effective July 2001, became part of a newly

18   formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD

19   – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

20   (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring

21   and was renamed "LP Displays."  The LG Entities further admit that Hitachi, Ltd. and LGEI

22   formed a joint venture in 2000 for the development, design and marketing of optical disk drives.

23   The LG Entities further admit that in 1999, LGEI entered into a joint venture agreement with

24   Koninklijke Philips Electronics N.V. with respect to the manufacture, sale, and marketing of TFT-

25   LCD panels.  To the extent that the remaining allegations contained in Paragraph 103 are directed

26   to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

27   the truth of the allegations contained in Paragraph 103 and on that basis deny those allegations. To

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

the extent that the remaining allegations contained in Paragraph 103 are directed to the LG Entities, they are denied.

104.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 104.

105.    The LG Entities deny the allegations contained in Paragraph 105.

106.    The LG Entities deny the allegations contained in Paragraph 106.

107.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 107.

108.    The LG Entities admit that CRTs were being rapidly replaced by TFT-LCD, plasma and other display technologies between 2000 and 2006.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 108.

109.    The LG Entities deny the allegations contained in Paragraph 109.

110.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and on that basis deny those allegations.

111.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and on that basis deny those allegations.

112.    To the extent that Paragraph 112 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 112 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 112.

113.    The LG Entities deny the allegations contained in Paragraph 113.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

114.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 114 and on that basis deny them.

115.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 115 and on that basis deny them.

116.     The LG Entities deny the allegations contained in Paragraph 116.

117.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 117 as they pertain to the LG Entities.

118.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 118 as they pertain to the LG Entities.

119.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 119 as they pertain to the LG Entities.

120.     The LG Entities deny the allegations contained in Paragraph 120.

121.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  The LG Entities further admit that some of the meetings at which such discussions occurred were sometimes referred to by some participants as "glass meetings."  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 121 as they pertain to the LG Entities.

122.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 122 as they pertain to the LG Entities.

123.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 123 as they pertain to the LG Entities.

124.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 124 as they pertain to the LG Entities.

125.     The allegations of Paragraph 125 are directed to other defendants, and the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 125 and on that basis deny them.

126.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 126 as they pertain to the LG Entities.

127.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  The LG Entities further admit that some of the meetings at which such discussions occurred were held in conjunction with a golf outing.  Except as specifically admitted in the

1 foregoing, the LG Entities deny the allegations of Paragraph 127 as they pertain to the LG

2 Entities.

3      128.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

4 CRT business had discussions with other CRT manufacturers about prices and output for certain

5 types and sizes of CRTs over specified periods of time in certain geographic regions other than the

6 United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

7 allegations of Paragraph 128 as they pertain to the LG Entities.

8      129.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

9 CRT business had discussions with other CRT manufacturers about prices and output for certain

10 types and sizes of CRTs over specified periods of time in certain geographic regions other than the

11 United States.  The LG Entities further admit that information was exchanged in advance of some

12 of the meetings at which such discussion occurred.  Except as specifically admitted in the

13 foregoing, the LG Entities deny the allegations of Paragraph 129 as they pertain to the LG

14 Entities.

15      130.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

16 CRT business had discussions with other CRT manufacturers about prices and output for certain

17 types and sizes of CRTs over specified periods of time in certain geographic regions other than the

18 United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

19 allegations of Paragraph 130 as they pertain to the LG Entities.

20      131.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

21 CRT business had discussions with other CRT manufacturers about prices and output for certain

22 types and sizes of CRTs over specified periods of time in certain geographic regions other than the

23 United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

24 allegations of Paragraph 131 as they pertain to the LG Entities.

25      132.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

26 CRT business had discussions with other CRT manufacturers about prices and output for certain

27 types and sizes of CRTs over specified periods of time in certain geographic regions other than the

28

- 14 -

1  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2  allegations of Paragraph 132 as they pertain to the LG Entities.

3        133.    The LG Entities deny the allegations of Paragraph 133.

4        134.    The LG Entities deny the allegations of Paragraph 134.

5        135.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

6  CRT business had discussions with other CRT manufacturers about prices and output for certain

7  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

8  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

9  allegations of Paragraph 135 as they pertain to the LG Entities.

10        136.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

11  CRT business had discussions with other CRT manufacturers about prices and output for certain

12  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

13  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

14  allegations of Paragraph 136 as they pertain to the LG Entities.

15        137.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

16  CRT business had discussions with other CRT manufacturers about prices and output for certain

17  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

18  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

19  allegations of Paragraph 137 as they pertain to the LG Entities.

20        138.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

21  CRT business had discussions with other CRT manufacturers about prices and output for certain

22  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

23  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

24  allegations of Paragraph 138 as they pertain to the LG Entities.

25        139.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

26  CRT business had discussions with other CRT manufacturers about prices and output for certain

27  types and sizes of CRTs over specified periods of time in certain geographic regions other than the

28

1    United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

2    allegations of Paragraph 139 as they pertain to the LG Entities.

3          140.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

4    CRT business had discussions with other CRT manufacturers about prices and output for certain

5    types and sizes of CRTs over specified periods of time in certain geographic regions other than the

6    United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

7    allegations of Paragraph 140 as they pertain to the LG Entities.

8          141.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

9    CRT business had discussions with other CRT manufacturers about prices and output for certain

10   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

11   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

12   allegations of Paragraph 141 as they pertain to the LG Entities.

13         142.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14   truth of the allegations of Paragraph 142 and on that basis deny them.

15         143.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16   truth of the allegations of Paragraph 143 and on that basis deny them.

17         144.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18   truth of the allegations of Paragraph 144 and on that basis deny them.

19         145.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

20   CRT business had discussions with other CRT manufacturers about prices and output for certain

21   types and sizes of CRTs over specified periods of time in certain geographic regions other than the

22   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

23   allegations of Paragraph 145.  The LG Entities specifically deny that any individual employed by

24   LGPD – an independent company – attended meetings, participated in discussions, or entered

25   agreements with competitors on behalf of or at the direction of the LG Entities or any of them.

26   The LG Entities also deny that any individual employed by LGPD was simultaneously employed

27   by or reported to LGEI.

28         146.    The LG Entities deny the allegations contained in Paragraph 146.

147.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 147 and on that basis deny them.

148.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 148 and on that basis deny them.

149.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 149 and on that basis deny them.

150.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 150 and on that basis deny them.

151.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 151 and on that basis deny them.

152.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 152 and on that basis deny them.

153.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 153 and on that basis deny them.

154.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 154 and on that basis deny them.

155.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 155 and on that basis deny them.

156.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 156 and on that basis deny them.

157.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 157 and on that basis deny them.

158.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 158 and on that basis deny them.

159.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 159 and on that basis deny them.

160.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 160 and on that basis deny them.

161.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 161 and on that basis deny them.

162.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 162 and on that basis deny them.

163.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 163 and on that basis deny them.

164.     To the extent that Paragraph 164 describes the use of terminology by Plaintiffs in the FAC, no response is required.  The LG Entities deny the remaining allegations contained in Paragraph 164.

165.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 165 and on that basis deny them.

166.     To the extent that Paragraph 166 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 166 and on that basis deny them.

167.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 167 and on that basis deny them.

168.     To the extent that Paragraph 168 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations of Paragraph 168 as they pertain to the LG Entities.

169.     To the extent that Paragraph 169 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 169 and on that basis deny them.

170.     To the extent that Paragraph 170 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

2   the truth of the allegations of Paragraph 170 and on that basis deny them.

3        171.    The LG Entities deny the allegations contained in Paragraph 171.

4        172.    The LG Entities lack information or knowledge sufficient to form a belief as to the

5   truth of the allegations of Paragraph 172 and on that basis deny them.

6        173.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

7   declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to

8   form a belief as to the truth of the allegations contained in Paragraph 173 and on that basis deny

9   those allegations.  To the extent that Paragraph 173 purports to describe the contents of a

10  document, the document speaks for itself and no response is required.

11       174.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

12  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

13  Paragraph 174.

14       175.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

15  declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

16  Paragraph 175.

17       176.    The LG Entities admit that the Antitrust Division of the United States Department

18  of Justice commenced an investigation related to CRTs.  Except as specifically admitted in the

19  foregoing, the LG Entities deny any remaining allegations contained in Paragraph 176.

20       177.    The LG Entities admit that the European Commission and Japan and South Korea's

21  Fair Trade Commissions opened investigations related to CRTs.  Except as specifically admitted

22  in the foregoing, the LG Entities deny any remaining allegations contained in Paragraph 177.

23       178.    To the extent that Paragraph 178 purports to describe the contents of a document,

24  the LG Entities respond that the document speaks for itself and no response is required.  To the

25  extent that a response is deemed necessary, the LG Entities lack information or knowledge

26  sufficient to form a belief as to the truth of the allegations of Paragraph 178 and on that basis deny

27  them.

28

ANSWER OF LG ELECTRONICS *et al.*
                                          Master File No. 3:07-cv-05944-SC

179.    To the extent that Paragraph 179 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 179 and on that basis deny them.

180.    To the extent that Paragraph 180 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 180 and on that basis deny them.

181.    To the extent that Paragraph 181 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 181 and on that basis deny them.

182.    To the extent that Paragraph 182 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 182 and on that basis deny them.

183.    To the extent that Paragraph 183 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 183 and on that basis deny them.

184.    To the extent that Paragraph 184 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge

1   sufficient to form a belief as to the truth of the allegations of Paragraph 184 and on that basis deny
2   them.

3        185.    To the extent that Paragraph 185 purports to describe the contents of a document,
4   the LG Entities respond that the document speaks for itself and no response is required.  To the
5   extent that a response is deemed necessary, the LG Entities lack information or knowledge
6   sufficient to form a belief as to the truth of the allegations of Paragraph 185 and on that basis deny
7   them.

8        186.    To the extent that Paragraph 186 purports to describe the contents of a document,
9   the LG Entities respond that the document speaks for itself and no response is required.  To the
10  extent that a response is deemed necessary, the LG Entities lack information or knowledge
11  sufficient to form a belief as to the truth of the allegations of Paragraph 186 and on that basis deny
12  them.

13       187.    The LG Entities admit that the European Commission imposed fines in the amount
14  stated against the companies listed.  Except as specifically admitted in the foregoing, the LG
15  Entities deny any remaining allegations contained in Paragraph 187.

16       188.    The LG Entities lack information or knowledge sufficient to form a belief as to the
17  truth of the allegations of Paragraph 188 and on that basis deny them.

18       189.    The LG Entities lack information or knowledge sufficient to form a belief as to the
19  truth of the allegations of Paragraph 189 and on that basis deny them.

20       190.    The LG Entities lack information or knowledge sufficient to form a belief as to the
21  truth of the allegations of Paragraph 190 and on that basis deny them.

22       191.    The LG Entities lack information or knowledge sufficient to form a belief as to the
23  truth of the allegations of Paragraph 191 and on that basis deny them.

24       192.    To the extent that Paragraph 192 purports to describe the contents of a document,
25  the LG Entities respond that the document speaks for itself and no response is required.  To the
26  extent that a response is deemed necessary, the LG Entities lack information or knowledge
27  sufficient to form a belief as to the truth of the allegations of Paragraph 192 and on that basis deny
28  them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

193.   To the extent that Paragraph 193 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 193 and on that basis deny them.

194.   To the extent that Paragraph 194 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 194 and on that basis deny them.

195.   To the extent that Paragraph 195 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 195 and on that basis deny them.

196.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 196 and on that basis deny them.

197.   The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 197 and on that basis deny them.

198.   The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 198.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

199.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 199 and on that basis deny them.

200.    The LG Entities deny the allegations of Paragraph 200.

201.    The LG Entities deny the allegations of Paragraph 201.

202.    To the extent that Paragraph 202 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 202 and on that basis deny them.

203.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 203 and on that basis deny them.

204.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 204 and on that basis deny them.

205.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 205 and on that basis deny them.

206.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 206 and on that basis deny them.

207.    To the extent that Paragraph 207 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 207 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 207.

208.    Paragraph 208 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 208 and on that basis deny them.

209.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 209 and on that basis deny them.

210.   To the extent that Paragraph 210 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 210 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 210.

211.   To the extent that Paragraph 211 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 211 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 211.

212.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 212 and on that basis deny them.

213.   To the extent that Paragraph 213 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 213 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 213.

214.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 214 and on that basis deny them.

215.   The LG Entities deny the allegations contained in Paragraph 215.

216.   The LG Entities deny the allegations contained in Paragraph 216.

217.   The LG Entities deny the allegations contained in Paragraph 217.

218.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 218 and that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 218.

219.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 219 and on that basis deny them.

220. To the extent that Paragraph 220 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 220 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology. The LG Entities deny any remaining allegations of Paragraph 220.

221. The LG Entities deny the allegations contained in Paragraph 221.

222. The LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 222 and on that basis deny those allegations. The LG Entities deny the remaining allegations contained in Paragraph 222.

223. The LG Entities deny the allegations contained in Paragraph 223.

224. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 224 concerning Plaintiffs' knowledge and on that basis deny them. The LG Entities deny the remaining allegations contained in Paragraph 224.

225. The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 225 concerning Plaintiffs' knowledge and on that basis deny them. The LG Entities deny the remaining allegations contained in Paragraph 225.

226. The LG Entities deny the allegations contained in Paragraph 226.

227. The LG Entities deny the allegations contained in Paragraph 227.

228. The LG Entities deny the allegations contained in Paragraph 228.

229. The LG Entities deny the allegations contained in Paragraph 229.

230. The LG Entities deny the allegations contained in Paragraph 230.

231. The LG Entities admit that during the Relevant Period, the demand for CRTs was declining. Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 231.

232. The LG Entities deny the allegations contained in Paragraph 232.

233. To the extent that Paragraph 233 purports to describe the contents of a document, the document speaks for itself and no response is required. To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 233 and on that basis deny them.

1    234.    The LG Entities deny the allegations contained in Paragraph 234.

2    235.    The LG Entities deny the allegations contained in Paragraph 235.

3    236.    Paragraph 236 consists of legal conclusions to which no response is required.  To

4  the extent that a response is deemed necessary, the LG Entities deny the allegations.

5    237.    Paragraph 237 consists of legal conclusions to which no response is required.  To

6  the extent that a response is deemed necessary, the LG Entities deny the allegations.

7    238.    Paragraph 238 consists of legal conclusions to which no response is required.  To

8  the extent that a response is deemed necessary, the LG Entities deny the allegations.

9    239.    Paragraph 239 consists of legal conclusions to which no response is required.  To

10  the extent that a response is deemed necessary, the LG Entities deny the allegations.

11    240.    Paragraph 240 consists of legal conclusions to which no response is required.  To

12  the extent that a response is deemed necessary, the LG Entities deny the allegations.

13    241.    Paragraph 241 consists of legal conclusions to which no response is required.  To

14  the extent that a response is deemed necessary, the LG Entities deny the allegations.

15    242.    Paragraph 242 consists of legal conclusions to which no response is required.  To

16  the extent that a response is deemed necessary, the LG Entities deny the allegations.

17    243.    Paragraph 243 consists of legal conclusions to which no response is required.  To

18  the extent that a response is deemed necessary, the LG Entities deny the allegations.

19    244.    Paragraph 244 consists of legal conclusions to which no response is required.  To

20  the extent that a response is deemed necessary, the LG Entities deny the allegations.

21    245.    The LG Entities hereby incorporate by reference its answers to each and every

22  allegation set forth in the preceding paragraphs.

23    246.    The LG Entities deny the allegations contained in Paragraph 246.

24    247.    The LG Entities deny the allegations contained in Paragraph 247.

25    248.    The LG Entities deny the allegations contained in Paragraph 248.

26    249.    The LG Entities deny the allegations contained in Paragraph 249.

27    250.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

28  CRT business had discussions with other CRT manufacturers about prices and output for certain

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

types and sizes of CRTs over specified periods of time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 250 as they pertain to the LG Entities.

251.    The LG Entities deny the allegations contained in Paragraph 251.

252.    The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

253.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

254.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

255.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

256.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

257.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

258.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

259.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

260.    The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

261.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

262.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

263.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

1       264.    The LG Entities aver that this Paragraph pertains to claims that have been
2   dismissed with prejudice by the Court and that therefore no response is required.

3       265.    The LG Entities aver that this Paragraph pertains to claims that have been
4   dismissed with prejudice by the Court and that therefore no response is required.

5       266.    The LG Entities aver that this Paragraph pertains to claims that have been
6   dismissed with prejudice by the Court and that therefore no response is required.

7       267.    The LG Entities aver that this Paragraph pertains to claims that have been
8   dismissed with prejudice by the Court and that therefore no response is required.

9       268.    The LG Entities aver that this Paragraph pertains to claims that have been
10  dismissed with prejudice by the Court and that therefore no response is required.

11      269.    The LG Entities hereby incorporate by reference its answers to each and every
12  allegation set forth in the preceding paragraphs.

13      270.    The LG Entities aver that this Paragraph pertains to claims that have been
14  dismissed with prejudice by the Court and that therefore no response is required.

15      271.    The LG Entities aver that this Paragraph pertains to claims that have been
16  dismissed with prejudice by the Court and that therefore no response is required.

17      272.    The LG Entities aver that this Paragraph pertains to claims that have been
18  dismissed with prejudice by the Court and that therefore no response is required.

19      273.    The LG Entities aver that this Paragraph pertains to claims that have been
20  dismissed with prejudice by the Court and that therefore no response is required.

21      274.    The LG Entities aver that this Paragraph pertains to claims that have been
22  dismissed with prejudice by the Court and that therefore no response is required.

23      275.    The LG Entities aver that this Paragraph pertains to claims that have been
24  dismissed with prejudice by the Court and that therefore no response is required.

25      276.    The LG Entities aver that this Paragraph pertains to claims that have been
26  dismissed with prejudice by the Court and that therefore no response is required.

27

28

## RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The paragraphs of the FAC following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response.  To the extent that those paragraphs require a response, the LG Entities deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any of these defenses, the LG Entities allege the following affirmative defenses to the allegations set forth in the FAC:

### FIRST DEFENSE

The FAC fails to state a claim upon which relief can be granted because Plaintiffs' claims are ambiguous, vague, and/or unintelligible; because Plaintiffs have failed to alleged fraud or fraudulent concealment with sufficient particularity; and/or because Plaintiffs have failed to allege conspiracy with sufficient particularity.  The LG Entities aver that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit the LG Entities to ascertain all defenses that may exist.

### SECOND DEFENSE

The claims set forth in the FAC are barred by the statute of limitations.

### THIRD DEFENSE

Without conceding the existence of any conspiracy, Plaintiffs' claims are barred because the LG Entities effectively withdrew from any alleged conspiracy.

### FOURTH DEFENSE

The conduct alleged by Plaintiffs in the FAC to form the basis of certain of Plaintiffs' claims has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject matter jurisdiction.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they are based upon foreign sales by defendants, because Plaintiffs have failed to allege facts sufficient to support a

claim under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a and/or *Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1993).

SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they did not purchase CRTs directly from defendants, because they are indirect purchasers and barred from maintaining an action for alleged injuries in that capacity.

SEVENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing to sue for the injuries alleged in the FAC.

EIGHTH DEFENSE

Plaintiffs are barred from recovery of any damages because of, and to the extent of, its failure to mitigate damages, or alternatively any claimed injury or damage has been offset by benefits received by Plaintiffs with respect to the challenged conduct.

NINTH DEFENSE

Plaintiffs' claims for damages are barred because Plaintiffs have suffered no injury or damages as a result of the matters alleged in the FAC, or alternatively, because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

TENTH DEFENSE

Any injuries or damages Plaintiffs may have suffered were not caused, either actually or proximately, by the acts and omissions of the LG Entities.

ELEVENTH DEFENSE

Any injuries or damages Plaintiffs may have suffered were caused solely and proximately by the acts and omissions of others.  The acts of others constitute intervening or superseding causes of harm, if any, suffered by Plaintiffs.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1

TWELFTH DEFENSE

2       Plaintiffs' claims are barred to the extent injuries alleged in the FAC, which the LG

3  Entities deny, were contributed to by the statements, acts, and/or omissions of Plaintiffs and/or

4  third parties or entities, other than the LG Entities.

5

THIRTEENTH DEFENSE

6       Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' acquiescence and/or

7  confirmation of any and all conduct and/or omissions alleged as to the LG Entities.

8

FOURTEENTH DEFENSE

9       Plaintiffs' claims are barred because Plaintiffs have not suffered actual, cognizable injury

10  of the type antitrust laws are intended to remedy.

11

FIFTEENTH DEFENSE

12       To the extent that any actionable conduct occurred, Plaintiffs' claims against the LG

13  Entities are barred because all such conduct would have been committed by individuals acting

14  ultra vires.

15

SIXTEENTH DEFENSE

16       Plaintiffs' claims against the LG Entities are barred to the extent that Plaintiffs have agreed

17  to arbitration or chosen a different forum for the resolution of their claims.

18

SEVENTEENTH DEFENSE

19       Plaintiffs' claims are barred, in whole or in part, because the remedies sought are

20  unconstitutional, contrary to public policy, or are otherwise unauthorized.

21

EIGHTEENTH DEFENSE

22       Plaintiffs' claims are barred, in whole or in part, for failure to join indispensable parties.

23

NINETEENTH DEFENSE

24       Without admitting that Plaintiffs are entitled to recover damages in this matter, the LG

25  Entities are entitled to set off from any recovery Plaintiffs may obtain against them by any other

26  Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

27

28

- 31 -

1

<u>TWENTIETH DEFENSE</u>

2

The LG Entities are separate and autonomous companies from LPD, and thus are not liable

3

for Plaintiffs' damages resulting from LPD's actions.

4

<u>TWENTY-FIRST DEFENSE</u>

5

Any award of treble damages would violate the Excessive Fines and Due Process Clauses

6

of the United States Constitution and equivalent clauses in the state constitution.

7

8

<strong><u>RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES</u></strong>

9

The LG Entities adopt by reference any additional applicable defenses pleaded by any

10

other Defendant in this action.  The LG Entities have not knowingly or intentionally waived any

11

applicable defenses and explicitly reserve the right to assert any additional defenses and

12

affirmative defenses as this action proceeds.  The LG Entities further reserve the right to amend its

13

Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable

14

as this action proceeds.  The LG Entities further reserve the right to assert affirmative defenses

15

that are unique to one or a subset of the claims asserted under the state law at issue in this action.

16

WHEREFORE, the LG Entities pray as follows:

17

1.      That the Plaintiffs takes nothing by way of the FAC, and the action be dismissed

18

with prejudice;

19

2.      That judgment be entered in favor of the LG Entities and against Plaintiffs with

20

respect to all causes of action in the FAC;

21

3.      That the Court award the LG Entities its attorneys' fees and all other costs

22

reasonably incurred in defense of this action; and

23

4.      That the Court award such other relief as it may deem just and proper.

24

25

26

27

28

1   DATED:  March 27, 2014                    MUNGER, TOLLES & OLSON LLP

2                                                  WILLIAM D. TEMKO
                                                   HOJOON HWANG
3                                                  BETHANY W. KRISTOVICH
                                                   LAURA K. SULLIVAN
4

5

6                                             By: _____/s/ Hojoon Hwang_____
                                                   HOJOON HWANG
7                                             Attorneys for LG ELECTRONICS, INC., LG
                                              ELECRONICS USA, INC., AND LG ELECTRONICS
8                                             TAIWAN TAIPEI CO., LTD

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF LG ELECTRONICS *et al.*
                                              Master File No. 3:07-cv-05944-SC