1  WILLIAM D. TEMKO (State Bar No. 98858)
   william.temko@mto.com
2  BETHANY W. KRISTOVICH (State Bar No. 241891)
   bethany.kristovich@mto.com
3  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
4  Thirty-Fifth Floor
   Los Angeles, CA 90071-1560
5  Telephone:      (213) 683-9100
   Facsimile:      (213) 687-3702
6
   HOJOON HWANG (State Bar No. 184950)
7  hojoon.hwang@mto.com
   LAURA K. SULLIVAN (State Bar No. 281542)
8  Laura.Sullivan@mto.com
   MUNGER, TOLLES & OLSON LLP
9  560 Mission Street
   Twenty-Seventh Floor
10 San Francisco, California 94105-2907
   Telephone:      (415) 512-4000
11 Facsimile:      (415) 512-4077

12 Attorneys for LG ELECTRONICS, INC. AND
   LG ELECRONICS USA, INC.

13

14              UNITED STATES DISTRICT COURT

15      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

16

17 | SHARP ELECTRONICS CORPORATION; | Case No. Master File No. 3:07-cv-05944-SC
   | SHARP ELECTRONICS
18 | MANUFACTURING COMPANY OF | MDL NO. 1917
   | AMERICA, INC.,
19 |                                | Individual Case no. 3:13-cv-01173-SC
   |          Plaintiffs,
20 |                                | **ANSWER OF LG ELECTRONICS, INC.**
   |      vs.                       | **AND LG ELECTRONICS USA, INC. TO**
21 |                                | **FIRST AMENDED COMPLAINT BY**
   | HITACHI, LTD.; HITACHI DISPLAYS, | **SHARP ELECTRONICS CORPORATION**
22 | LTD.; HITACHI AMERICA, LTD.;   | **AND SHARP ELECTRONICS**
   | HITACHI ASIA, LTD.; HITACHI    | **MANUFACTURING COMPANY**
23 | ELECTRONIC DEVICES (USA), INC.; | **OFAMERICA, INC.**
   | SHENZHEN SEG HITACHI COLOR
24 | DISPLAY DEVICES, LTD.; LG
   | ELECTRONICS, INC.; LG ELECTRONICS
25 | USA, INC.; LP DISPLAYS
   | INTERNATIONAL, LTD.; LG.PHILIPS
26 | DISPLAYS HOLDING B.V.; LG.PHILIPS
   | DISPLAYS INTERNATIONAL B.V.;
27 | MERIDIAN SOLAR & DISPLAY CO., LTD.;
   | PANASONIC CORPORATION;
28 | PANASONIC CORPORATION OF NORTH

1   AMERICA; PANASONIC CONSUMER
    ELECTRONICS CO.; MT PICTURE
2   DISPLAY CO., LTD.; MATSUSHITA
    ELECTRONIC CORPORATION
3   (MALAYSIA) SDN BHD.; BEIJING
    MATSUSHITA COLOR CRT CO., LTD.;
4   PT.MT PICTURE DISPLAY INDONESIA;
    SAMSUNG SDI CO., LTD.; SAMSUNG SDI
5   AMERICA, INC.; SAMSUNG SDI
    (MALAYSIA) SDN BHD.; SAMSUNG SDI
6   MEXICO S.A. DE C.V.; SAMSUNG SDI
    BRASIL LTDA.; SHENZHEN SAMSUNG
7   SDI CO., LTD.; TIANJIN SAMSUNG
    SDI CO., LTD.; SAMSUNG SDI (HONG
8   KONG), LTD.; TOSHIBA CORPORATION;
    TOSHIBA AMERICA, INC.; TOSHIBA
9   AMERICA CONSUMER PRODUCTS LLC;
    TOSHIBA AMERICA ELECTRONIC
10  COMPONENTS, INC.; TOSHIBA
    AMERICA INFORMATION
11  SYSTEMS, INC.; TOSHIBA DISPLAY
    DEVICES (THAILAND) COMPANY, LTD.;
12  THOMSON SA (N/K/A TECHNICOLOR
    SA); THOMSON CONSUMER
13  ELECTRONICS, INC. (N/K/A
    TECHNICOLOR USA, INC.); VIDEOCON
14  INDUSTRIES, LTD.; TECHNOLOGIES
    DISPLAYS AMERICAS LLC,

15              Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF LG ELECTRONICS et al.
Master File No. 3:07-cv-05944-SC

1    Defendants LG ELECTRONICS, INC. and LG ELECTRONICS USA, INC. (the

2  "LG Entities"), through undersigned counsel hereby answer the allegations contained in the First

3  Amended Complaint ("FAC") by Plaintiffs Sharp Electronics Corporation and Sharp Electronics

4  Manufacturing Company of America, Inc. ("Sharp" or "Plaintiffs").  Except as otherwise stated

5  below, the LG Entities are without sufficient knowledge or information to form a belief

6  concerning the truth of the allegations in the FAC that are directed toward other defendants.  The

7  LG Entities response to the allegations below are therefore limited to the truth or falsity of the

8  allegations as they pertain to the LG Entities only.  The LG Entities deny all allegations in the

9  FAC (including headings and captions) not specifically admitted in this Answer.

10    1.    The LG Entities deny the allegations contained in Paragraph 1.

11    2.    The LG Entities deny the allegations contained in Paragraph 2.

12    3.    The LG Entities admit that during the Relevant Period, LG Electronics, Inc.

13  manufactured CPTs, CDTs, and CRT Products, as the terms are defined in this Paragraph.  The

14  LG Entities object to Plaintiffs' definition of "CRT Products," because this definition includes

15  products at different levels of the production chain and creates confusion in attempting to respond

16  to the allegations of the FAC, given that certain companies, including LG Electronics, Inc.

17  ("LGEI"), do not manufacture and sell cathode ray tubes, while other defendants (including LG

18  Electronics USA, Inc. ("LGEUSA")) do not manufacture either cathode ray tubes or finished

19  products (such as televisions or computer monitors).

20    4.    The LG Entities lack knowledge or information sufficient to form a belief as to the

21  truth of the allegations contained in Paragraph 4 and on that basis deny those allegations.

22    5.    The LG Entities deny the allegations contained in Paragraph 5.

23    6.    The LG Entities deny the allegations contained in Paragraph 6.

24    7.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

25  CRT business had discussions with other CRT manufacturers about prices and output for certain

26  types and sizes of CRTs over specified periods time in certain geographic regions other than the

27  United States, such as sales to their common Taiwanese and Chinese computer monitor

28  manufacturer customers and South East Asian television manufacturers.  Except as specifically

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

admitted in the foregoing, the LG Entities deny the allegations of Paragraph 7 as they pertain to the LG Entities.

8.      The LG Entities denies the allegations contained in Paragraph 8.

9.      Paragraph 9 recites actions of various governmental agencies that are matters of public record and no response is required.

10.     Paragraph 10 recites actions of various governmental agencies that are matters of public record and no response is required.

11.     The LG Entities lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 and on that basis deny them.

12.     Paragraph 12 consists of characterization of Sharp's claims and legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

13.     Paragraph 13 consists of characterization of Sharp's claims and legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

14.     Paragraph 14 consists of characterization of Sharp's claims and legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

15.     Paragraph 15 consists of characterization of Sharp's claims and legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

16.     Paragraph 16 consists of characterization of Sharp's claims and legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

17.     Paragraph 17 consists of characterization of Sharp's claims and legal conclusions to which no response is required. To the extent that a response is deemed necessary, the LG Entities deny the allegations.

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

1      18.     Paragraph 18 consists of legal conclusions to which no response is required.  To the

2   extent that a response is deemed necessary, the LG Entities deny the allegations.

3      19.     Paragraph 19 consists of legal conclusions to which no response is required.  To the

4   extent that a response is deemed necessary, the LG Entities deny the allegations.

5      20.     Paragraph 20 consists of legal conclusions to which no response is required.  To the

6   extent that a response is deemed necessary, the LG Entities deny the allegations.

7      21.     Paragraph 21 consists of legal conclusions to which no response is required.  To the

8   extent that a response is deemed necessary, the LG Entities deny the allegations.

9      22.     The LG Entities lack information or knowledge sufficient to form a belief as to the

10  truth of the allegations of Paragraph 22 and on that basis deny them.

11     23.     The LG Entities lack information or knowledge sufficient to form a belief as to the

12  truth of the allegations of Paragraph 23 and on that basis deny them.

13     24.     The LG Entities lack information or knowledge sufficient to form a belief as to the

14  truth of the allegations of Paragraph 24 and on that basis deny them.

15     25.     The LG Entities lack information or knowledge sufficient to form a belief as to the

16  truth of the allegations of Paragraph 25 and on that basis deny them.

17     26.     The LG Entities lack information or knowledge sufficient to form a belief as to the

18  truth of the allegations of Paragraph 26 and on that basis deny them.

19     27.     The LG Entities lack information or knowledge sufficient to form a belief as to the

20  truth of the allegations of Paragraph 27 and on that basis deny them.

21     28.     The LG Entities lack information or knowledge sufficient to form a belief as to the

22  truth of the allegations of Paragraph 28 and on that basis deny them.

23     29.     The LG Entities lack information or knowledge sufficient to form a belief as to the

24  truth of the allegations of Paragraph 29 and on that basis deny them.

25     30.     The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of Paragraph 30 and on that basis deny them.

27     31.     The LG Entities lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations of Paragraph 31 and on that basis deny them.

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

32.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis deny them.

33.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 33 and on that basis deny them.

34.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 34 and on that basis deny them.

35.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 35 and on that basis deny them.

36.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 36 and on that basis deny them.

37.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 37 and on that basis deny them.

38.     Paragraph 38 describes the terminology used in the FAC and no response is required.

39.     The LG Entities admit that LGEI is a corporate entity organized under the laws of the Republic of Korea, and further admits the location of its headquarters as alleged in Paragraph 39.  LGEI admits that before July 2001, it spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays."  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 39.

40.     The LG Entities admit that LGEUSA is a Delaware corporation which is a wholly-owned subsidiary of LGEI and engaged in the marketing and sale of certain CRT Products during the Relevant Period, and the location of its headquarters as alleged in Paragraph 40.  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 40.

41.     Paragraph 41 describes the terminology used in the FAC and no response is required.

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

42.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 42 and on that basis deny them.

43.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 43 and on that basis deny them.

44.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 44 and on that basis deny them.

45.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 45 and on that basis deny them.

46.     Paragraph 46 describes the terminology used in the FAC and no response is required.

47.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 47 and on that basis deny them.

48.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 48 and on that basis deny them.

49.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 49 and on that basis deny them.

50.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on that basis deny them.

51.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 51 and on that basis deny them.

52.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 52 and on that basis deny them.

53.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 53 and on that basis deny them.

54.     Paragraph 54 describes the terminology used in the FAC and no response is required.

55.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 55 and on that basis deny them.

56.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 56 and on that basis deny them.

57.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 57 and on that basis deny them.

58.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 58 and on that basis deny them.

59.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 59 and on that basis deny them.

60.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 60 and on that basis deny them.

61.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 61 and on that basis deny them.

62.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 62 and on that basis deny them.

63.     Paragraph 63 describes the terminology used in the FAC and no response is required.

64.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph233 and on that basis deny them.

65.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 65 and on that basis deny them.

66.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 66 and on that basis deny them.

67.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 67 and on that basis deny them.

68.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 68 and on that basis deny them.

69.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 69 and on that basis deny them.

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

1    70.    Paragraph 70 describes the terminology used in the FAC and no response is

2   required.

3    71.    The LG Entities lack information or knowledge sufficient to form a belief as to the

4   truth of the allegations of Paragraph 71 and on that basis deny them.

5    72.    The LG Entities lack information or knowledge sufficient to form a belief as to the

6   truth of the allegations of Paragraph 72 and on that basis deny them.

7    73.    The LG Entities lack information or knowledge sufficient to form a belief as to the

8   truth of the allegations of Paragraph 73 and on that basis deny them.

9    74.    Paragraph 74 describes the terminology used in the FAC and no response is

10   required.

11    75.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12   truth of the allegations of Paragraph 75 and on that basis deny them.

13    76.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14   truth of the allegations of Paragraph 76 and on that basis deny them.

15    77.    The LG Entities deny the allegations contained in Paragraph 77.

16    78.    The LG Entities deny the allegations contained in Paragraph 78.

17    79.    The LG Entities deny the allegations contained in Paragraph 79.

18    80.    The LG Entities deny the allegations contained in Paragraph 80.

19    81.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20   truth of the allegations of Paragraph 81 and on that basis deny them.

21    82.    The LG Entities admit that LG Electronics Taiwan Taipei Co., Ltd. ("LGETT") is a

22   Taiwanese entity and is a wholly owned subsidiary of LGEI.  Except as specifically so admitted,

23   the LG Entities deny the allegations contained in Paragraph 82.

24    83.    The LG Entities lack information or knowledge sufficient to form a belief as to the

25   truth of the allegations of Paragraph 83 and on that basis deny them.

26    84.    The LG Entities lack information or knowledge sufficient to form a belief as to the

27   truth of the allegations of Paragraph 84 and on that basis deny them.

28

85.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 85 and on that basis deny them.

86.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 86 and on that basis deny them.

87.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 87 and on that basis deny them.

88.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 88 and on that basis deny them.

89.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 89 and on that basis deny them.

90.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 90 and on that basis deny them.

91.     Paragraph 91 describes the terminology used in the FAC and no response is required.

92.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 92 and on that basis deny them.

93.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 93 and on that basis deny them.

94.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 94 and on that basis deny them.

95.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 95 and on that basis deny them.

96.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 96 and on that basis deny them.

97.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 97 and on that basis deny them.

98.     Paragraph 98 describes the terminology used in the FAC and no response is required.

99.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 99 and on that basis deny them.

100.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 100 and on that basis deny them.

101.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 101 and on that basis deny them.

102.    Paragraph 102 describes the terminology used in the FAC and no response is required.

103.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 103 and on that basis deny them.

104.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 104 and on that basis deny them.

105.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 105 and on that basis deny them.

106.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 106 and on that basis deny them.

107.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 107 and on that basis deny them.

108.    Paragraph 108 describes the terminology used in the FAC and no response is required.

109.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 109 and on that basis deny them.

110.    The LG Entities deny the allegations contained in Paragraph 110.

111.    The LG Entities deny the allegations contained in Paragraph 111.

112.    Paragraph 112 contains only legal conclusions to which no response is required. To the extent that a response is required, the LG Entities deny the allegations.

113.    To the extent that Paragraph 113 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 113 but also aver that the allegations do not describe

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

1   comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

2   remaining allegations of Paragraph 113.

3          114.    To the extent that Paragraph 114 describes CRT technology generally, the LG

4   Entities admit the allegations of Paragraph 114 but also aver that the allegations do not describe

5   comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

6   remaining allegations of Paragraph 114.

7          115.    To the extent that Paragraph 115 describes CRT technology generally, the LG

8   Entities admit the allegations of Paragraph 115 but also aver that the allegations do not describe

9   comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

10  remaining allegations of Paragraph 115.

11         116.    To the extent that Paragraph 116 describes CRT technology generally, the LG

12  Entities admit the allegations of Paragraph 116 but also aver that the allegations do not describe

13  comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

14  remaining allegations of Paragraph 116.

15         117.    To the extent that Paragraph 117 describes CRT technology generally, the LG

16  Entities admit the allegations of Paragraph 117 but also aver that the allegations do not describe

17  comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

18  remaining allegations of Paragraph 117.

19         118.    To the extent that Paragraph 118 describes CRT technology generally, the LG

20  Entities admit the allegations of Paragraph 118 but also aver that the allegations do not describe

21  comprehensively and accurately all variants of CRT technology.  The LG Entities deny any

22  remaining allegations of Paragraph 118.

23         119.    The LG Entities denies the allegations of Paragraph 119.

24         120.    The LG Entities deny the allegations of Paragraph 120.

25         121.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26  truth of the allegations of Paragraph 121 and on that basis deny them.

27         122.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

28  CRT business had discussions with other CRT manufacturers about prices and output for certain

ANSWER OF LG ELECTRONICS, et al.
                                        Master File No. 3:07-cv-05944-SC

1   types and sizes of CRTs over specified periods time in certain geographic regions other than the

2   United States, such as sales to their common Taiwanese and Chinese computer monitor

3   manufacturer customers and South East Asian television manufacturers.  Except as specifically

4   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 122 as they pertain to

5   the LG Entities.

6        123.    The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing

7   and sales operations to a separate company which, effective July 2001, became part of a newly

8   formed entity known as LG.Philips Display Holding B.V. ("LPD"). This new entity – called LPD

9   –was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V.

10   (sometimes referred to as "Royal Philips"). In 2006, LPD went through a corporate restructuring

11   and was renamed "LP Displays." To the extent that the remaining allegations contained in

12   Paragraph 123 are directed to other defendants, the LG Entities lack knowledge or information

13   sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and on that

14   basis deny those allegations. To the extent that the remaining allegations contained in Paragraph

15   94 are directed to the LG Entities, they are denied.

16       124.    The LG Entities deny the allegations contained in Paragraph 124.

17       125.    The LG Entities admit that during the Relevant Period, the demand for CRTs was

18   declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in

19   Paragraph 125.

20       126.    The LG Entities deny the allegations contained in Paragraph 126.

21       127.    The LG Entities deny the allegations contained in Paragraph 127.

22       128.    The LG Entities admit that in November 2007, several governmental agencies

23   conducted unannounced searches and seizures on manufacturers of CRTs.  Except as so admitted,

24   the LG Entities lack sufficient information to form a belief as to the truth of the remaining

25   allegations of Paragraph 128 and on that basis deny them.

26       129.    The LG Entities admit that in November 2007, several governmental agencies

27   conducted unannounced searches and seizures on manufacturers of CRTs.  Except as so admitted,

28

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

1    the LG Entities lack sufficient information to form a belief as to the truth of the remaining

2    allegations of Paragraph 129 and on that basis deny them.

3           130.    To the extent that Paragraph 130 purports to describe the contents of a document,

4    the document speaks for itself and no response is required.  To the extent that a response is

5    deemed necessary, the LG Entities admit that in November 2007, several governmental agencies

6    conducted unannounced searches and seizures on manufacturers of CRTs.  Except as so admitted,

7    the LG Entities lack sufficient information to form a belief as to the truth of the remaining

8    allegations of Paragraph 130 and on that basis deny them.

9           131.    The LG Entities lack sufficient information to form a belief as to the truth of the

10   allegations of Paragraph 131 and on that basis deny them.

11          132.    The LG Entities lack sufficient information to form a belief as to the truth of the

12   remaining allegations of Paragraph 132 and on that basis deny them.

13          133.    The LG Entities lack sufficient information to form a belief as to the truth of the

14   remaining allegations of Paragraph 133 and on that basis deny them.

15          134.    To the extent that Paragraph 134 purports to describe the contents of a document,

16   the document speaks for itself and no response is required.  To the extent that a response is

17   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

18   the truth of the allegations of Paragraph 134 and on that basis deny them.

19          135.    To the extent that Paragraph 135 purports to describe the contents of a document,

20   the document speaks for itself and no response is required.  To the extent that a response is

21   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

22   the truth of the allegations of Paragraph 135 and on that basis deny them.

23          136.    To the extent that Paragraph 136 purports to describe the contents of a document,

24   the document speaks for itself and no response is required.  To the extent that a response is

25   deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

26   the truth of the allegations of Paragraph 136 and on that basis deny them.

27          137.    To the extent that Paragraph 137 purports to describe the contents of a document,

28   the document speaks for itself and no response is required.  To the extent that a response is

deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 137 and on that basis deny them.

138.    To the extent that Paragraph 138 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 138 and on that basis deny them.

139.    To the extent that Paragraph 139 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 139 and on that basis deny them.

140.    To the extent that Paragraph 140 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 140 and on that basis deny them.

141.    To the extent that Paragraph 141 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 141 and on that basis deny them.

142.    The LG Entities admit that the European Commission ("EC") issued a supplemental State of Objection to LGEI in June 2012.  Except as so admitted, LGE lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 142 and on that basis deny them.

143.    To the extent that Paragraph 143 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 143 and on that basis deny them.

144.    The LG Entities admit that the EC issued a decision imposing fines upon LGE, which decision is under judicial review.  Except as so admitted, LGE lacks information or

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

1   knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 144 and on that

2   basis deny them.

3        145.    The LG Entities lack information or knowledge sufficient to form a belief as to the

4   truth of the allegations of Paragraph 145 and on that basis deny them.

5        146.    The LG Entities lack information or knowledge sufficient to form a belief as to the

6   truth of the allegations of Paragraph 146 and on that basis deny them.

7        147.    The LG Entities deny the allegations contained in Paragraph 147.

8        148.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

9   CRT business had discussions with other CRT manufacturers about prices and output for certain

10   types and sizes of CRTs over specified periods time in certain geographic regions other than the

11   United States, such as sales to their common Taiwanese and Chinese computer monitor

12   manufacturer customers and South East Asian television manufacturers.  Except as specifically

13   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 148 as they pertain to

14   the LG Entities.

15        149.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

16   CRT business had discussions with other CRT manufacturers about prices and output for certain

17   types and sizes of CRTs over specified periods time in certain geographic regions other than the

18   United States, such as sales to their common Taiwanese and Chinese computer monitor

19   manufacturer customers and South East Asian television manufacturers.  Except as specifically

20   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 149 as they pertain to

21   the LG Entities.

22        150.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

23   CRT business had discussions with other CRT manufacturers about prices and output for certain

24   types and sizes of CRTs over specified periods time in certain geographic regions other than the

25   United States, such as sales to their common Taiwanese and Chinese computer monitor

26   manufacturer customers and South East Asian television manufacturers.  Except as specifically

27   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 150 as they pertain to

28   the LG Entities.

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

151.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 151 as they pertain to the LG Entities.

152.    The LG Entities deny the allegations contained in Paragraph 152.

153.    The LG Entities deny the allegations contained in Paragraph 153.

154.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  The LGE Entities further admit that some of the meetings at which such discussions occurred were sometimes referred to by some participants as "glass meetings."  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 154 as they pertain to the LG Entities.

155.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  The LGE Entities further admit that some of the meetings at which such discussions occurred were sometimes referred to by some participants as "glass meetings."  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 155 as they pertain to the LG Entities.

156.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

1  United States, such as sales to their common Taiwanese and Chinese computer monitor

2  manufacturer customers and South East Asian television manufacturers.  Except as specifically

3  admitted in the foregoing, the LG Entities deny the allegations of Paragraph 156 as they pertain to

4  the LG Entities.

5       157.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

6  CRT business had discussions with other CRT manufacturers about prices and output for certain

7  types and sizes of CRTs over specified periods time in certain geographic regions other than the

8  United States, such as sales to their common Taiwanese and Chinese computer monitor

9  manufacturer customers and South East Asian television manufacturers.  Except as specifically

10 admitted in the foregoing, the LG Entities deny the allegations of Paragraph 157 as they pertain to

11 the LG Entities.

12      158.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

13 CRT business had discussions with other CRT manufacturers about prices and output for certain

14 types and sizes of CRTs over specified periods time in certain geographic regions other than the

15 United States, such as sales to their common Taiwanese and Chinese computer monitor

16 manufacturer customers and South East Asian television manufacturers.  Except as specifically

17 admitted in the foregoing, the LG Entities deny the allegations of Paragraph 158 as they pertain to

18 the LG Entities.

19      159.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

20 CRT business had discussions with other CRT manufacturers about prices and output for certain

21 types and sizes of CRTs over specified periods time in certain geographic regions other than the

22 United States, such as sales to their common Taiwanese and Chinese computer monitor

23 manufacturer customers and South East Asian television manufacturers.  Except as specifically

24 admitted in the foregoing, the LG Entities deny the allegations of Paragraph 159 as they pertain to

25 the LG Entities.

26      160.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

27 CRT business had discussions with other CRT manufacturers about prices and output for certain

28 types and sizes of CRTs over specified periods time in certain geographic regions other than the

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

1    United States, such as sales to their common Taiwanese and Chinese computer monitor

2    manufacturer customers and South East Asian television manufacturers.  The LG Entities further

3    admit that some of the meetings at which such discussions occurred were held in conjunction with

4    a golf outing.  Except as specifically admitted in the foregoing, the LG Entities deny the

5    allegations of Paragraph 160 as they pertain to the LG Entities.

6         161.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

7    CRT business had discussions with other CRT manufacturers about prices and output for certain

8    types and sizes of CRTs over specified periods time in certain geographic regions other than the

9    United States, such as sales to their common Taiwanese and Chinese computer monitor

10   manufacturer customers and South East Asian television manufacturers.  Except as specifically

11   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 161 as they pertain to

12   the LG Entities.

13        162.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

14   CRT business had discussions with other CRT manufacturers about prices and output for certain

15   types and sizes of CRTs over specified periods time in certain geographic regions other than the

16   United States, such as sales to their common Taiwanese and Chinese computer monitor

17   manufacturer customers and South East Asian television manufacturers.  The LGE Entities further

18   admit that information was exchanged in advance of some of the meetings at which such

19   discussion occurred.  Except as specifically admitted in the foregoing, the LG Entities deny the

20   allegations of Paragraph 162 as they pertain to the LG Entities.

21        163.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

22   CRT business had discussions with other CRT manufacturers about prices and output for certain

23   types and sizes of CRTs over specified periods time in certain geographic regions other than the

24   United States, such as sales to their common Taiwanese and Chinese computer monitor

25   manufacturer customers and South East Asian television manufacturers.  Except as specifically

26   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 163 as they pertain to

27   the LG Entities.

28

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

1    164.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

2    CRT business had discussions with other CRT manufacturers about prices and output for certain

3    types and sizes of CRTs over specified periods time in certain geographic regions other than the

4    United States, such as sales to their common Taiwanese and Chinese computer monitor

5    manufacturer customers and South East Asian television manufacturers.  Except as specifically

6    admitted in the foregoing, the LG Entities deny the allegations of Paragraph 164 as they pertain to

7    the LG Entities.

8    165.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

9    CRT business had discussions with other CRT manufacturers about prices and output for certain

10   types and sizes of CRTs over specified periods time in certain geographic regions other than the

11   United States, such as sales to their common Taiwanese and Chinese computer monitor

12   manufacturer customers and South East Asian television manufacturers.  Except as specifically

13   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 165 as they pertain to

14   the LG Entities.

15   166.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

16   CRT business had discussions with other CRT manufacturers about prices and output for certain

17   types and sizes of CRTs over specified periods time in certain geographic regions other than the

18   United States, such as sales to their common Taiwanese and Chinese computer monitor

19   manufacturer customers and South East Asian television manufacturers.  Except as specifically

20   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 166 as they pertain to

21   the LG Entities.

22   167.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

23   CRT business had discussions with other CRT manufacturers about prices and output for certain

24   types and sizes of CRTs over specified periods time in certain geographic regions other than the

25   United States, such as sales to their common Taiwanese and Chinese computer monitor

26   manufacturer customers and South East Asian television manufacturers.  Except as specifically

27   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 167 as they pertain to

28   the LG Entities.

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

168.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 168 as they pertain to the LG Entities.

169.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 169 as they pertain to the LG Entities.

170.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 170 as they pertain to the LG Entities.

171.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 171 as they pertain to the LG Entities.

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

1    172.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

2    CRT business had discussions with other CRT manufacturers about prices and output for certain

3    types and sizes of CRTs over specified periods time in certain geographic regis other than the

4    United States, such as sales to their common Taiwanese and Chinese computer monitor

5    manufacturer customers and South East Asian television manufacturers.  Except as specifically

6    admitted in the foregoing, the LG Entities deny the allegations of Paragraph 172 as they pertain to

7    the LG Entities.

8    173.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

9    CRT business had discussions with other CRT manufacturers about prices and output for certain

10   types and sizes of CRTs over specified periods time in certain geographic regions other than the

11   United States, such as sales to their common Taiwanese and Chinese computer monitor

12   manufacturer customers and South East Asian television manufacturers.  Except as specifically

13   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 173 as they pertain to

14   the LG Entities.

15   174.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

16   CRT business had discussions with other CRT manufacturers about prices and output for certain

17   types and sizes of CRTs over specified periods time in certain geographic regions other than the

18   United States, such as sales to their common Taiwanese and Chinese computer monitor

19   manufacturer customers and South East Asian television manufacturers.  Except as specifically

20   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 174 as they pertain to

21   the LG Entities.

22   175.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

23   CRT business had discussions with other CRT manufacturers about prices and output for certain

24   types and sizes of CRTs over specified periods time in certain geographic regions other than the

25   United States, such as sales to their common Taiwanese and Chinese computer monitor

26   manufacturer customers and South East Asian television manufacturers.  Except as specifically

27   admitted in the foregoing, the LG Entities deny the allegations of Paragraph 175 as they pertain to

28   the LG Entities.

176.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 176 as they pertain to the LG Entities.

177.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 177 as they pertain to the LG Entities.

178.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 178 as they pertain to the LG Entities.

179.    The LG Entities deny the allegations contained in Paragraph 179 as they pertain to the LG Entities.

180.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 180 and on that basis deny them.

181.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 181 and on that basis deny them.

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

1      182.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former

2 CRT business had discussions with other CRT manufacturers about prices and output for certain

3 types and sizes of CRTs over specified periods time in certain geographic regions other than the

4 United States, such as sales to their common Taiwanese and Chinese computer monitor

5 manufacturer customers and South East Asian television manufacturers.  Except as specifically

6 admitted in the foregoing, the LG Entities deny the allegations of Paragraph 182.  The LG Entities

7 specifically denies that any individual employed by LGPD – an independent company – attended

8 meetings, participated in discussions, or entered agreements with competitors on behalf of or at the

9 direction of the LG Entities or any of them.  The LG Entities also deny that any individual

10 employed by LGPD was simultaneously employed by or reported to LGEI.

11      183.   The LG Entities deny the allegations contained in Paragraph 183.

12      184.   The LG Entities lack information or knowledge sufficient to form a belief as to the

13 truth of the allegations of Paragraph 184 and on that basis deny them.

14      185.   The LG Entities lack information or knowledge sufficient to form a belief as to the

15 truth of the allegations of Paragraph 185 and on that basis deny them.

16      186.   The LG Entities lack information or knowledge sufficient to form a belief as to the

17 truth of the allegations of Paragraph 186 and on that basis deny them.

18      187.   The LG Entities lack information or knowledge sufficient to form a belief as to the

19 truth of the allegations of Paragraph 187 and on that basis deny them.

20      188.   The LG Entities lack information or knowledge sufficient to form a belief as to the

21 truth of the allegations of Paragraph 188 and on that basis deny them.

22      189.   The LG Entities lack information or knowledge sufficient to form a belief as to the

23 truth of the allegations of Paragraph 189 and on that basis deny them.

24      190.   The LG Entities lack information or knowledge sufficient to form a belief as to the

25 truth of the allegations of Paragraph 190 and on that basis deny them.

26      191.   The LG Entities lack information or knowledge sufficient to form a belief as to the

27 truth of the allegations of Paragraph 191 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

192.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 192 and on that basis deny them.

193.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 193 and on that basis deny them.

194.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 194 and on that basis deny them.

195.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 195 and on that basis deny them.

196.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 196 and on that basis deny them.

197.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 197 and on that basis deny them.

198.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 198 and on that basis deny them.

199.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 199 and on that basis deny them.

200.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 200 and on that basis deny them.

201.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 201 and on that basis deny them.

202.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 202 and on that basis deny them.

203.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 203 and on that basis deny them.

204.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 204 and on that basis deny them.

205.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 205 and on that basis deny them.

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

206.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 206 and on that basis deny them.

207.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 207 and on that basis deny them.

208.    To the extent that Paragraph 208 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 208 and on that basis deny them.

209.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 209 and on that basis deny them.

210.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 210.

211.    To the extent that Paragraph 211 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 211 and on that basis deny them.

212.    To the extent that Paragraph 212 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 211 and on that basis deny them.

213.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 213 and on that basis deny them.

214.    To the extent that Paragraph 214 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge

1    sufficient to form a belief as to the truth of the allegations of Paragraph 214 and on that basis deny

2    them.

3           215.    To the extent that Paragraph 215 purports to describe the contents of a document,

4    the LG Entities respond that the document speaks for itself and no response is required.  To the

5    extent that a response is deemed necessary, the LG Entities lack information or knowledge

6    sufficient to form a belief as to the truth of the allegations of Paragraph 215 and on that basis deny

7    them.

8           216.    To the extent that Paragraph 216 purports to describe the contents of a document,

9    the LG Entities respond that the document speaks for itself and no response is required.  To the

10   extent that a response is deemed necessary, the LG Entities lack information or knowledge

11   sufficient to form a belief as to the truth of the allegations of Paragraph 216 and on that basis deny

12   them.

13          217.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14   truth of the allegations of Paragraph 217 and on that basis deny them.

15          218.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16   truth of the allegations of Paragraph 218 and on that basis deny them.

17          219.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18   truth of the allegations of Paragraph 219 and on that basis deny them.

19          220.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20   truth of the allegations of Paragraph 220 and on that basis deny them.

21          221.    The LG Entities lack information or knowledge sufficient to form a belief as to the

22   truth of the allegations of Paragraph 221 and on that basis deny them.

23          222.    The LG Entities lack information or knowledge sufficient to form a belief as to the

24   truth of the allegations of Paragraph 222 and on that basis deny them.

25          223.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26   truth of the allegations of Paragraph 223 and on that basis deny them.

27          224.    The LG Entities deny the allegations contained in Paragraph 224.

28          225.    The LG Entities deny the allegations contained in Paragraph 225.

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

1      226.    The LG Entities deny the allegations contained in Paragraph 226.

2      227.    The LG Entities admit that CRTs are physical objects that are used as components

3  of televisions or computer monitors.  Except as so admitted, the LG Entities deny the remaining

4  allegations contained in Paragraph 227.

5      228.    The LG Entities deny the allegations contained in Paragraph 228.

6      229.    The LG Entities deny the allegations contained in Paragraph 229.

7      230.    Paragraph 230 consists of legal conclusions that have been addressed by the Court

8  in its ruling on the LG Entities' motion to dismiss, and no response is required.

9      231.    Paragraph 231 consists of legal conclusions that have been addressed by the Court

10  in its ruling on the LG Entities' motion to dismiss, and no response is required.

11      232.    The LG Entities deny the allegations contained in Paragraph 232.

12      233.    The LG Entities deny the allegations contained in Paragraph 233.

13      234.    The LG Entities deny the allegations contained in Paragraph 234.

14      235.    The LG Entities deny the allegations contained in Paragraph 235.

15      236.    The LG Entities deny the allegations contained in Paragraph 236.

16      237.    The LG Entities deny the allegations contained in Paragraph 237.

17      238.    The LG Entities deny the allegations contained in Paragraph 238.

18      239.    To the extent that Paragraph 239 purports to describe the contents of a document,

19  the document speaks for itself and no response is required.  To the extent that a response is

20  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

21  the truth of the allegations of Paragraph 239 and on that basis deny them.  The LG Entities deny

22  any remaining allegations contained in Paragraph 239.

23      240.    To the extent that Paragraph 240 purports to describe the contents of a document,

24  the document speaks for itself and no response is required.  To the extent that a response is

25  deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to

26  the truth of the allegations of Paragraph 240 and on that basis deny them.  The LG Entities deny

27  any remaining allegations contained in Paragraph 240.

28

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

241.    To the extent that Paragraph 241 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 241 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 241.

242.    The LG Entities deny the allegations contained in Paragraph 242.

243.    The LG Entities deny the allegations contained in Paragraph 243.

244.    The LG Entities deny the allegations contained in Paragraph 244.

245.    The LG Entities deny the allegations contained in Paragraph 245.

246.    The LG Entities deny the allegations contained in Paragraph 246.

247.    The LG Entities deny the allegations contained in Paragraph 247.

248.    The LG Entities deny the allegations contained in Paragraph 248.

249.    Paragraph 249 contains only legal conclusion to which no response is required.  To the extent that a response is deemed required, the LG Entities deny the allegations contained in Paragraph 249.

250.    The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

251.    The LG Entities deny the allegations contained in Paragraph 251.

252.    The LG Entities deny the allegations contained in Paragraph 252.

253.    The LG Entities deny the allegations contained in Paragraph 253.

254.    The LG Entities deny the allegations contained in Paragraph 254.

255.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States, such as sales to their common Taiwanese and Chinese computer monitor manufacturer customers and South East Asian television manufacturers.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 255 as they pertain to the LG Entities.

1       256.    The LG Entities deny the allegations contained in Paragraph 256.

2       257.    The LG Entities hereby incorporate by reference its answers to each and every

3  allegation set forth in the preceding paragraphs.

4       258.    The LG Entities deny the allegations contained in Paragraph 258.

5       259.    The LG Entities lack information or knowledge sufficient to form a belief as to the

6  truth of the allegations of Paragraph 259 and on that basis deny them.

7       260.    The LG Entities deny the allegations contained in Paragraph 260.

8       261.    The LG Entities deny the allegations contained in Paragraph 261.

9       262.    The LG Entities deny the allegations contained in Paragraph 262.

10      263.    The LG Entities deny the allegations contained in Paragraph 263.

11      264.    The LG Entities deny the allegations contained in Paragraph 264.

12      265.    The LG Entities deny the allegations contained in Paragraph 265.

13      266.    The LG Entities deny the allegations contained in Paragraph 266.

14      267.    The LG Entities hereby incorporate by reference its answers to each and every

15  allegation set forth in the preceding paragraphs.

16      268.    The LG Entities lack information or knowledge sufficient to form a belief as to the

17  truth of the allegations of Paragraph 268 and on that basis deny them.

18      269.    The LG Entities deny the allegations contained in Paragraph 269.

19      270.    The LG Entities deny the allegations contained in Paragraph 270.

20      271.    The LG Entities deny the allegations contained in Paragraph 271.

21      272.    The LG Entities deny the allegations contained in Paragraph 272.

22      273.    The LG Entities deny the allegations contained in Paragraph 273.

23      274.    The LG Entities deny the allegations contained in Paragraph 274.

24      275.    The LG Entities deny the allegations contained in Paragraph 275.

25      276.    The LG Entities hereby incorporate by reference its answers to each and every

26  allegation set forth in the preceding paragraphs.

27      277.    The LG Entities lack information or knowledge sufficient to form a belief as to the

28  truth of the allegations of Paragraph 277 and on that basis deny them.

  ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

1      278.    The LG Entities deny the allegations contained in Paragraph 278.

2      279.    The LG Entities deny the allegations contained in Paragraph 279.

3      280.    The LG Entities deny the allegations contained in Paragraph 280.

4      281.    The LG Entities deny the allegations contained in Paragraph 281.

5      282.    The LG Entities deny the allegations contained in Paragraph 282.

6      283.    The LG Entities hereby incorporate by reference its answers to each and every

7  allegation set forth in the preceding paragraphs.

8      284.    The LG Entities deny the allegations contained in Paragraph 284.

9      285.    The LG Entities deny the allegations contained in Paragraph 285.

10     286.    The LG Entities deny the allegations contained in Paragraph 286.

11     287.    The LG Entities deny the allegations contained in Paragraph 287.

12     288.    The LG Entities deny the allegations contained in Paragraph 288.

13     289.    The LG Entities deny the allegations contained in Paragraph 289.

14     290.    The LG Entities aver that this Paragraph pertains to claims that have been

15  dismissed with prejudice by the Court and that therefore no response is required.

16     291.    The LG Entities aver that this Paragraph pertains to claims that have been

17  dismissed with prejudice by the Court and that therefore no response is required.

18     292.    The LG Entities aver that this Paragraph pertains to claims that have been

19  dismissed with prejudice by the Court and that therefore no response is required.

20     293.    The LG Entities aver that this Paragraph pertains to claims that have been

21  dismissed with prejudice by the Court and that therefore no response is required.

22     294.    The LG Entities aver that this Paragraph pertains to claims that have been

23  dismissed with prejudice by the Court and that therefore no response is required.

24     295.    The LG Entities aver that this Paragraph pertains to claims that have been

25  dismissed with prejudice by the Court and that therefore no response is required.

26     296.    The LG Entities aver that this Paragraph pertains to claims that have been

27  dismissed with prejudice by the Court and that therefore no response is required.

28

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

297.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

298.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

299.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

300.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

301.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

302.    The LG Entities aver that this Paragraph pertains to claims that have been dismissed with prejudice by the Court and that therefore no response is required.

303.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 303 and on that basis deny them.

### RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The paragraphs of the FAC following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response.  To the extent that those paragraphs require a response, the LG Entities deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

### AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any of these defenses, the LG Entities allege the following affirmative defenses to the allegations set forth in the FAC:

### FIRST DEFENSE

The FAC fails to state a claim upon which relief can be granted because Plaintiffs' claims are ambiguous, vague, and/or unintelligible; because Plaintiffs have failed to alleged fraud or fraudulent concealment with sufficient particularity; and/or because Plaintiffs have failed to allege conspiracy with sufficient particularity.  The LG Entities aver that Plaintiffs' claims do not

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

1  describe the events or legal theories with sufficient particularity to permit the LG Entities to

2  ascertain all defenses that may exist.

### SECOND DEFENSE

4      The claims set forth in the FAC are barred by the statute of limitations.

### THIRD DEFENSE

6      Without conceding the existence of any conspiracy, Plaintiffs' claims are barred because

7  the LG Entities effectively withdrew from any alleged conspiracy.

### FOURTH DEFENSE

9      The conduct alleged by Plaintiffs in the FAC to form the basis of certain of Plaintiffs'

10  claims has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce

11  with the United States.  The Court therefore lacks subject matter jurisdiction.

### FIFTH DEFENSE

13      Plaintiffs' claims are barred, in whole or in part, to the extent that they are based upon

14  foreign sales by defendants, because Plaintiffs have failed to allege facts sufficient to support a

15  claim under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a and/or *Hartford Fire*

16  *Ins. Co. v. California*, 509 U.S. 764 (1993).

### SIXTH DEFENSE

18      Plaintiffs' claims are barred, in whole or in part, to the extent that they did not purchase

19  CRTs directly from defendants, because they are indirect purchasers and barred from maintaining

20  an action for alleged injuries in that capacity.

### SEVENTH DEFENSE

22      Plaintiffs' claims are barred because Plaintiffs lack standing to sue for the injuries alleged

23  in the FAC.

### EIGTH DEFENSE

25      Plaintiffs are barred from recovery of any damages because of and to the extent of their

26  failure to mitigate damages, or alternatively any claimed injury or damage has been offset by

27  benefits received by Plaintiffs with respect to the challenged conduct.

28

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

NINETH DEFENSE

Plaintiffs' claims for damages are barred because Plaintiffs have suffered no injury or damages as a result of the matters alleged in the FAC, or alternatively, because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

TENTH DEFENSE

Any injuries or damages Plaintiffs may have suffered were not caused, either actually or proximately, by the acts and omissions of the LG Entities.

ELEVENTH DEFENSE

Any injuries or damages Plaintiffs may have suffered were caused solely and proximately by the acts and omissions of others.  The acts of others constitute intervening or superseding causes of harm, if any, suffered by Plaintiffs.

TWELFTH DEFENSE

Plaintiffs' claims are barred to the extent injuries alleged in the FAC, which the LG Entities deny, were contributed to by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than the LG Entities.

THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to the LG Entities.

FOURTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs have not suffered actual, cognizable injury of the type antitrust laws are intended to remedy.

FIFTEENTH DEFENSE

To the extent that any actionable conduct occurred, Plaintiffs' claims against the LG Entities are barred because all such conduct would have been committed by individuals acting ultra vires.

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

1              SIXTEENTH DEFENSE

2       Plaintiffs' claims against the LG Entities are barred to the extent that they have agreed to

3  arbitration or chosen a different forum for the resolution of their claims.

4              SEVENTEENTH DEFENSE

5       Plaintiffs' claims are barred, in whole or in part, because the remedies sought are

6  unconstitutional, contrary to public policy, or are otherwise unauthorized.

7              EIGHTEENTH DEFENSE

8       Plaintiffs' claims are barred, in whole or in part, for failure to join indispensable parties.

9              NINETEENTH DEFENSE

10      Without admitting that Plaintiffs are entitled to recover damages in this matter, the LGE

11  Entities are entitled to set off from any recovery Plaintiffs may obtain against them by any other

12  Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

13              TWENTIETH DEFENSE

14      The LG Entities are separate and autonomous companies from LPD, and thus are not liable

15  for Plaintiffs' damages resulting from LPD's actions.

16              TWENTY-FIRST DEFENSE

17      Any award of treble damages would violate the Excessive Fines and Due Process Clauses

18  of the United States Constitution and equivalent clauses in the state constitution.

19              TWENTY-SECOND DEFENSE

20      Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, laches,

21  and/or unclean hands.

22

23          **RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES**

24      The LG Entities adopt by reference any additional applicable defenses pleaded by any

25  other Defendant in this action.  The LG Entities have not knowingly or intentionally waived any

26  applicable defenses and explicitly reserves the right to assert any additional defenses and

27  affirmative defenses as this action proceeds. The LG Entities further reserve the right to amend its

28  Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable

ANSWER OF LG ELECTRONICS, et al.
Master File No. 3:07-cv-05944-SC

1    as this action proceeds.  The LG Entities further reserve the right to assert affirmative defenses

2    that are unique to one or a subset of the claims asserted under the state law at issue in this action.

3            WHEREFORE, the LG Entities pray as follows:

4            1.      That the Plaintiffs take nothing by way of the FAC, and the action be dismissed

5    with prejudice;

6            2.      That judgment be entered in favor of the LG Entities and against Plaintiffs with

7    respect to all causes of action in the FAC;

8            3.      That the Court award the LG Entities its attorneys' fees and all other costs

9    reasonably incurred in defense of this action; and

10           4.      That the Court award such other relief as it may deem just and proper.

11   DATED:  March 27, 2014                    MUNGER, TOLLES & OLSON LLP
12                                             WILLIAM D. TEMKO
                                               HOJOON HWANG
13                                             BETHANY W. KRISTOVICH
                                               LAURA K. SULLIVAN
14

15

16                                             By:    _____/s/ *Hojoon Hwang*_____
17                                                    HOJOON HWANG
                                               Attorneys for LG ELECTRONICS, INC., AND  LG
18                                             ELECRONICS USA, INC.

19

20

21

22

23

24

25

26

27

28

ANSWER OF LG ELECTRONICS, et al.
                                                   Master File No. 3:07-cv-05944-SC