1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   GARY L. HALLING, Cal. Bar No. 66087
3  JAMES L. MCGINNIS, Cal. Bar No. 95788
   MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4  TYLER M. CUNNINGHAM, Cal. Bar No. 243694
   Four Embarcadero Center, 17th Floor
5  San Francisco, California  94111-4106
   Telephone:    415-434-9100
6  Facsimile:    415-434-3947
   E-mail:       ghalling@sheppardmullin.com
7                jmcginnis@sheppardmullin.com
                 mscarborough@sheppardmullin.com
8                tcunningham@sheppardmullin.com

9  Attorneys for Defendants
   SAMSUNG SDI AMERICA, INC.,
10 SAMSUNG SDI CO., LTD.,
   SAMSUNG SDI (MALAYSIA) SDN. BHD.,
11 SAMSUNG SDI MEXICO S.A. DE C.V.,
   SAMSUNG SDI BRASIL LTDA.,
12 SHENZEN SAMSUNG SDI CO., LTD.,
   TIANJIN SAMSUNG SDI CO., LTD.
13 AND SAMSUNG SDI (HONG KONG), LTD.

14

                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                      SAN FRANCISCO DIVISION
17

18 | In re: CATHODE RAY TUBE (CRT) | Master File No. 3:07-cv-5944-SC |
19 | ANTITRUST LITIGATION | MDL No. 1917 |
20 | | (Individual Case No. 13-cv-01173-SC) |
21 | This Document Relates to: | **ANSWER OF DEFENDANTS** |
   |      13-cv-01173-SC | **SAMSUNG SDI AMERICA, INC.,** |
22 | | **SAMSUNG SDI CO., LTD., SAMSUNG** |
   | SHARP ELECTRONICS | **SDI (MALAYSIA) SDN. BHD.,** |
23 | CORPORATION, et al, | **SAMSUNG SDI MEXICO S.A. DE** |
   | | **C.V., SAMSUNG SDI BRASIL LTDA.,** |
24 |      Plaintiffs, | **SHENZHEN SAMSUNG SDI CO.,** |
   | | **LTD., TIANJIN SAMSUNG SDI CO.,** |
25 |      v. | **LTD., AND SAMSUNG SDI (HONG** |
   | | **KONG), LTD. TO SHARP'S FIRST** |
26 | HITACHI, LTD., et al. | **AMENDED COMPLAINT** |
27 |      Defendants. | |
28 | | |

1    Defendants Samsung SDI America, Inc. ("SDIA"), Samsung SDI Co., Ltd.

2  ("SDI Co."), Samsung SDI (Malaysia) Sdn Bhd. ("SDI Malaysia"), Samsung SDI Mexico

3  S.A. de C.V. ("SDI Mexico"), Samsung SDI Brasil Ltda. ("SDI Brasil"), Shenzhen

4  Samsung SDI Co. Ltd. ("SDI Shenzhen"), Tianjin Samsung SDI Co., Ltd. ("SDI Tianjin"),

5  and Samsung SDI (Hong Kong), Ltd. ("SDI Hong Kong") (collectively "SDI" or the

6  "Samsung SDI Defendants"), by and through their undersigned counsel of record, answer

7  Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of

8  America, Inc.'s (together, "Plaintiff") First Amended Complaint (the "Complaint") and

9  allege additional or affirmative defenses as follows.  SDI denies each and every allegation

10  in the Complaint's section headings and in all portions of the Complaint not contained in

11  numbered paragraphs.  To the extent that the Complaint's allegations concern persons

12  and/or entities other than SDI, SDI denies that such allegations support any claim for relief

13  against SDI.

14    SDI responds to the Complaint in accordance with the former Special

15  Master's Report And Recommendations Regarding Defendants' Motions To Dismiss

16  Direct Action Complaints (Dkt. No. 1664); the Court's Order Adopting In Part And

17  Modifying In Part Special Master's Report And Recommendation On Defendants' Motion

18  To Dismiss The Direct Action Complaints (Dkt. No. 1856); the Court's Order Granting in

19  Part and Denying in Part Defendants' Joint Motion to Dismiss (Dkt. No. 2433); and related

20  orders dismissing certain parties.  As a result of those orders, the Court dismissed, *inter*

21  *alia*: (a) plaintiffs' claims under California's laws for restitution and unjust enrichment; (b)

22  plaintiffs' claims under the law of New York based on pre-December 3, 1998 purchases;

23  (c) portions of Plaintiffs' claims under the California Cartwright Act; (d) portions of

24  Plaintiffs' claims under the California Unfair Competition Law; (e) Plaintiffs' claims

25  under New York's Unfair Competition Law; (f) Plaintiffs' claims under the New Jersey

26  Antitrust Act; and (g) Plaintiffs' claims under Tennessee Code Ann. §§ 47-258-101, *et seq*.

27  **I.    Introductory Allegations.**

28    1.    To the extent that the allegations of Paragraph 1 are definitional, SDI

avers that no response is required.  To the extent that the allegations of Paragraph 1 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent that a response is required and to the extent that the allegations of Paragraph 1 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 1 and all inferences arising therefrom.  Subject to the foregoing, SDI acknowledges that Plaintiff in the Complaint purports to refer to cathode ray tubes as "CRTs."

2.      To the extent that the allegations of Paragraph 2 are definitional, SDI avers that no response is required.  To the extent that the allegations of Paragraph 2 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent that a response is required and to the extent that the allegations of Paragraph 2 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 2 and all inferences arising therefrom.  Subject to the foregoing, SDI acknowledges that Plaintiff in the Complaint purports to refer to the period from at least March 1, 1995 through at least November 25, 2007 as the "Relevant Period," although SDI disputes the propriety of such definitions and any inferences arising therefrom.  SDI specifically denies that the conspiracy, which SDI denies the existence of, extended from March 1, 1995 through November 25, 2007.

3.      To the extent that the allegations of Paragraph 3 are definitional, SDI avers that no response is required.  To the extent that a response is required and to the extent that the allegations of Paragraph 3 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that a response is required as to matters relating to SDI, SDI denies all of the allegations of Paragraph 3 and all inferences arising therefrom.  Subject to the foregoing, SDI acknowledges that Plaintiff in the Complaint purports to refer to

(i) color picture tubes as "CPTs," (ii) color display tubes as "CDTs," (iii) CPTs and CDTs of all sizes as "CRTs," and (iv) CRTs and/or the products containing CRTs as "CRT Products," although SDI disputes the propriety of such definitions and any inferences arising therefrom.  SDI specifically denies that it manufactured any electronic devices containing CPTs or CDTs.

4.      SDI avers that the allegations of Paragraph 4 constitute legal contentions and/or conclusions to which no response is required.  To the extent a response is required, and to the extent the allegations of Paragraph 4 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent a response is required, and to the extent the allegations of Paragraph 4 pertain to SDI, SDI denies all of the allegations of Paragraph 4.

5.      SDI avers that the allegations of Paragraph 5 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 5 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 5 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

6.      SDI avers that the allegations of Paragraph 6 and its subparts constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 6 and its subparts to the extent they purport to pertain to SDI.  SDI further denies all factual allegations of this Paragraph to the extent such allegations pertain to SDI.  Further, to the extent that the allegations of Paragraph 6 and its subparts relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

7.      SDI avers that the allegations of Paragraph 7 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 7 to the extent they purport to pertain to SDI.

-3-

SDI further denies all factual allegations of this Paragraph to the extent such allegations pertain to SDI.  Further, to the extent that the allegations of Paragraph 7 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

8.      SDI avers that the allegations of Paragraph 8 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 8 to the extent they purport to pertain to SDI. SDI further denies all factual allegations of this Paragraph to the extent such allegations pertain to SDI.  Further, to the extent that the allegations of Paragraph 8 relate to other defendants or persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

9.      With the exception of matters specifically admitted herein as follows, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies them.  SDI admits that the United States Department of Justice ("DOJ") and other foreign competition authorities have announced investigations relating to the cathode ray tubes industry.  SDI further admits on information and belief that C.Y. Lin, the former Chairman and CEO of Defendant Chunghwa Picture Tubes, Ltd., was indicted by a federal grand jury in connection with the DOJ's investigation of the cathode ray tubes industry, the terms of which are matters of public record.  SDI further admits on information and belief that five other individuals have been indicted in connection with the DOJ's investigation of the color display tubes industry.

10.      SDI denies the allegations in Paragraph 10, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co. entered into an amended plea agreement with the United States related to an investigation of the cathode ray tubes industry, the terms of which are matters of public record.  SDI admits that DOJ issued a press release on or about March 18, 2011 announcing SDI Co.'s agreement to plead guilty.  SDI refers Plaintiff to the referenced press release for a description of its

-4-

1  content.

2  11. To the extent that the allegations of Paragraph 11 constitute legal

3  contentions and/or conclusions, SDI avers that no response is required. To the extent a

4  response is required, SDI denies all of the allegations of Paragraph 11 to the extent they

5  purport to pertain to SDI. To the extent that the allegations of Paragraph 11 relate to other

6  defendants, a plaintiff, or other persons, SDI lacks knowledge or information sufficient to

7  form a belief as to their truth, and therefore denies them.

8  **II.    Allegations Concerning Jurisdiction and Venue.**

9  12. SDI admits that Plaintiff purports to invoke the cited statutory

10 provisions, but otherwise denies the allegations of Paragraph 12.

11 13. SDI admits that Plaintiff purports to invoke the cited statutory

12 provisions, but otherwise denies the allegations of Paragraph 13.

13 14. SDI admits that Plaintiff purports to invoke the cited statutory

14 provisions, but otherwise denies the allegations of Paragraph 14.

15 15. SDI admits that Plaintiff purports to invoke the cited statutory

16 provisions, but otherwise denies the allegations of Paragraph 15.

17 16. SDI admits that Plaintiff purports to invoke the cited statutory

18 provisions, but otherwise denies the allegations of Paragraph 16.

19 17. SDI avers that the allegations of Paragraph 17 constitute legal

20 contentions and/or conclusions to which no response is required. To the extent that a

21 response is required, and to the extent that allegations of Paragraph 17 relate to SDI, SDI

22 denies all of the allegations of Paragraph 17. To the extent that the allegations of

23 Paragraph 17 relate to other defendants, SDI lacks knowledge or information sufficient to

24 form a belief as to the truth of those allegations, and therefore denies them.

25 18. SDI avers that the allegations of Paragraph 18 constitute legal

26 contentions and/or conclusions to which no response is required. To the extent that a

27 response is required, and to the extent that allegations of Paragraph 18 relate to SDI, SDI

28 denies all of the allegations of Paragraph 18. To the extent that the allegations of

Paragraph 18 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

19.     SDI avers that the allegations of Paragraph 19 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that the allegations of Paragraph 19 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.  To the extent that a response is required, and to the extent that allegations of Paragraph 19 relate to SDI, SDI denies all of the allegations of Paragraph 19, with the exception of matters specifically admitted herein as follows.  SDI admits that SDIA is licensed to and is doing business in California.

20.     SDI avers that the allegations of Paragraph 20 regarding venue constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, and to the extent that allegations of Paragraph 20 relate to SDI, SDI denies all of the allegations of Paragraph 20, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Co., SDI Malaysia, SDI Mexico, SDI Brazil, SDI Shenzhen, SDI Tianjin and SDI Hong Kong maintain principal places of business in foreign countries.  SDI further admits that SDIA is licensed to and is doing business in California.  To the extent that the allegations of Paragraph 20 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

III.     **Allegations Concerning Multidistrict and Intradistrict Assignment**

21.     SDI denies the allegations of Paragraph 21.

IV.     **Allegations Concerning the Parties.**

22.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies them.

23.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies them.

24.     SDI lacks knowledge or information sufficient to form a belief as to

1   the truth of the allegations of Paragraph 24, and therefore denies them.

2          25.    SDI lacks knowledge or information sufficient to form a belief as to

3   the truth of the allegations of Paragraph 25, and therefore denies them.

4          26.    SDI avers that the allegations of Paragraph 26 are definitional, to

5   which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer in

6   the Complaint to Sharp Electronics Corporation and Sharp Manufacturing Company of

7   America, Inc. collectively as "Sharp" or "Plaintiffs."

8          27.    SDI avers that the allegations of Paragraph 27 constitute legal

9   contentions and/or conclusions to which no response is required.  To the extent that a

10   response is required, and to the extent that the allegations of Paragraph 27 relate to other

11   defendants, or a plaintiff, or other persons, SDI lacks knowledge or information sufficient

12   to form a belief as to their truth, and therefore denies them.  To the extent that a response is

13   required, and to the extent that the allegations of Paragraph 27 relate to SDI, SDI denies all

14   of those allegations.

15          28.    SDI avers that the allegations of Paragraph 28 constitute legal

16   contentions and/or conclusions to which no response is required.  To the extent that a

17   response is required, and to the extent that the allegations of Paragraph 28 relate to other

18   defendants, or a plaintiff, or other persons, SDI lacks knowledge or information sufficient

19   to form a belief as to their truth, and therefore denies them.  To the extent that a response is

20   required, and to the extent that the allegations of Paragraph 28 relate to SDI, SDI denies all

21   of those allegations.

22          29.    SDI avers that the allegations of Paragraph 29 constitute legal

23   contentions and/or conclusions to which no response is required.  To the extent that a

24   response is required, and to the extent that the allegations of Paragraph 29 relate to other

25   defendants, or a plaintiff, or other persons, SDI lacks knowledge or information sufficient

26   to form a belief as to their truth, and therefore denies them.  To the extent that a response is

27   required, and to the extent that the allegations of Paragraph 29 relate to SDI, SDI denies all

28   of those allegations.

1        30.     SDI avers that the allegations of Paragraph 30 constitute legal

2   contentions and/or conclusions to which no response is required.  To the extent that a

3   response is required, and to the extent that the allegations of Paragraph 30 relate to other

4   defendants, or a plaintiff, or other persons, SDI lacks knowledge or information sufficient

5   to form a belief as to their truth, and therefore denies them.  To the extent that a response is

6   required, and to the extent that the allegations of Paragraph 30 relate to SDI, SDI denies all

7   of those allegations.

8        31.     SDI lacks knowledge or information sufficient to form a belief as to

9   the truth of the allegations of Paragraph 31, and therefore denies them.

10        32.     SDI lacks knowledge or information sufficient to form a belief as to

11   the truth of the allegations of Paragraph 32, and therefore denies them.

12        33.     SDI lacks knowledge or information sufficient to form a belief as to

13   the truth of the allegations of Paragraph 33, and therefore denies them.

14        34.     SDI lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations of Paragraph 34, and therefore denies them.

16        35.     SDI lacks knowledge or information sufficient to form a belief as to

17   the truth of the allegations of Paragraph 35, and therefore denies them.

18        36.     SDI lacks knowledge or information sufficient to form a belief as to

19   the truth of the allegations of Paragraph 36, and therefore denies them.

20        37.     SDI lacks knowledge or information sufficient to form a belief as to

21   the truth of the allegations of Paragraph 37, and therefore denies them.

22        38.     SDI avers that the allegations of Paragraph 38 are definitional, to

23   which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

24   Hitachi Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Shenzhen

25   SEG Hitachi Color Display Devices, Ltd., and Hitachi Electronic Devices (USA)

26   collectively in the Complaint as "Hitachi."

27        39.     SDI lacks knowledge or information sufficient to form a belief as to

28   the truth of the allegations of Paragraph 39, and therefore denies them.

1        40.     SDI lacks knowledge or information sufficient to form a belief as to
2   the truth of the allegations of Paragraph 40, and therefore denies them.

3        41.     SDI avers that the allegations of Paragraph 41 are definitional, to
4   which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to
5   LG Electronics, Inc. and LG Electronics USA, Inc. collectively in the Complaint as "LG
6   Electronics."

7        42.     SDI lacks knowledge or information sufficient to form a belief as to
8   the truth of the allegations of Paragraph 42, and therefore denies them.

9        43.     SDI lacks knowledge or information sufficient to form a belief as to
10   the truth of the allegations of Paragraph 43, and therefore denies them.

11        44.     SDI lacks knowledge or information sufficient to form a belief as to
12   the truth of the allegations of Paragraph 44, and therefore denies them.

13        45.     SDI lacks knowledge or information sufficient to form a belief as to
14   the truth of the allegations of Paragraph 45, and therefore denies them.

15        46.     SDI avers that the allegations of Paragraph 46 are definitional, to
16   which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to
17   LP Displays International, Ltd., LG.Philips Displays Holding B.V., LG.Philips Displays
18   International B.V. and Meridian Solar & Display Co., Ltd. collectively in the Complaint as
19   "LP Displays" and/or "LPD."

20        47.     SDI lacks knowledge or information sufficient to form a belief as to
21   the truth of the allegations of Paragraph 47, and therefore denies them.

22        48.     SDI lacks knowledge or information sufficient to form a belief as to
23   the truth of the allegations of Paragraph 48, and therefore denies them.

24        49.     SDI lacks knowledge or information sufficient to form a belief as to
25   the truth of the allegations of Paragraph 49, and therefore denies them.

26        50.     SDI lacks knowledge or information sufficient to form a belief as to
27   the truth of the allegations of Paragraph 50, and therefore denies them.

28        51.     SDI lacks knowledge or information sufficient to form a belief as to

1  the truth of the allegations of Paragraph 51, and therefore denies them.

2       52.    SDI lacks knowledge or information sufficient to form a belief as to

3  the truth of the allegations of Paragraph 52, and therefore denies them.

4       53.    SDI lacks knowledge or information sufficient to form a belief as to

5  the truth of the allegations of Paragraph 53, and therefore denies them.

6       54.    SDI avers that the allegations of Paragraph 54 are definitional, to

7  which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to

8  Panasonic Corporation, MT Picture Display Co., Ltd., Matsushita Electronic Corporation

9  (Malaysia) Sdn Bhd., Panasonic Corporation of North America, Panasonic Consumer

10 Electronics Co., PT.MT Picture Display and Beijing Matsushita Color CRT Co., Ltd.

11 collectively in the Complaint as "Panasonic."

12      55.    SDI denies all of the allegations of Paragraph 55, with the exception

13 of matters specifically admitted herein.  SDI specifically denies that it has offices in

14 Chicago and San Diego.  SDI admits that SDI Co. is a publicly traded South Korean

15 company.  SDI specifically denies that SDI Co. manufactured any electronic devices

16 containing CRTs.

17      56.    SDI denies each and every allegation of Paragraph 56, with the

18 exception of matters specifically admitted herein.  SDI admits that SDIA's principal place

19 of business is at 85 West Tasman Dr., San Jose, California.

20      57.    SDI denies all of the allegations of Paragraph 57, with the exception

21 of matters specifically admitted herein as follows.  SDI admits that SDI Malaysia is a

22 Malaysian company with its principal place of business at Lots 635 & 660, Kawasan

23 Perindustrian, Tuanku Jafaar, 71450 Sungai Gadut, Negeri Sembilan Darul Khusus,

24 Malaysia.

25      58.    SDI denies all of the allegations of Paragraph 58, with the exception

26 of matters specifically admitted herein as follows.  SDI admits that SDI Mexico is a

27 Mexican company with its principal place of business located at Blvd. Los Olivos,

28 No. 21014, Parque Industrial El Florido, Tijuana, B.C. Mexico.

-10-

SAMSUNG SDI DEFENDANTS' ANSWER TO
SHARP'S FIRST AMENDED COMPLAINT

59.     SDI denies all of the allegations of Paragraph 59, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Brasil is a Brazilian company with its principal place of business located at Av. Eixo Norte Sul, S/N, Distrito Industrial, 69088-480 Manaus, Amazonas, Brazil.

60.     SDI denies all of the allegations of Paragraph 60, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Shenzhen is a Chinese company with its principal place of business located at Huanggang Bei Lu, Futian Gu, Shenzhen, China.

61.     SDI denies all of the allegations of Paragraph 61, with the exception of matters specifically admitted herein as follows.  SDI admits that SDI Tianjin is a Chinese company with its principal place of business located at Developing Zone of Yi-Xian Park, Wuqing County, Tianjin, China.

62.     SDI denies all of the allegations of Paragraph 62.

63.     SDI avers that the allegations of Paragraph 63 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiffs purport to refer to SDI Co., SDIA, SDI Mexico, SDI Brasil, SDI Shenzhen, SDI Tianjin, SDI Malaysia and SDI Hong Kong collectively in the Complaint as "Samsung SDI," although SDI disputes the propriety of such reference and any inferences that may be drawn therefrom.

64.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64, and therefore denies them.

65.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65, and therefore denies them.

66.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66, and therefore denies them.

67.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67, and therefore denies them.

68.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68, and therefore denies them.

1          69.     SDI lacks knowledge or information sufficient to form a belief as to

2    the truth of the allegations of Paragraph 69, and therefore denies them.

3          70.     SDI avers that the allegations of Paragraph 70 are definitional, to

4    which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

5    Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC,

6    Toshiba America Electronic Components, Inc., Toshiba Display Devices (Thailand)

7    Company, Ltd. and Toshiba America Information Systems, Inc. collectively in the

8    Complaint as "Toshiba."

9          71.     SDI lacks knowledge or information sufficient to form a belief as to

10   the truth of the allegations of Paragraph 71, and therefore denies them.

11         72.     SDI lacks knowledge or information sufficient to form a belief as to

12   the truth of the allegations of Paragraph 72, and therefore denies them.

13         73.     SDI lacks knowledge or information sufficient to form a belief as to

14   the truth of the allegations of Paragraph 73, and therefore denies them.

15         74.     SDI avers that the allegations of Paragraph 74 are definitional, to

16   which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to

17   Thomson SA (n/k/a Technicolor SA) and Thomson Consumer Electronics, Inc. (n/k/a

18   Technicolor USA, Inc.) collectively in the Complaint as "Thomson."

19         75.     SDI lacks knowledge or information sufficient to form a belief as to

20   the truth of the allegations of Paragraph 75, and therefore denies them.

21         76.     SDI lacks knowledge or information sufficient to form a belief as to

22   the truth of the allegations of Paragraph 76, and therefore denies them.

23   **V.      Allegations Concerning Supposed Agents and Co-Conspirators.**

24         77.     To the extent that the allegations of Paragraph 77 relate to other

25   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

26   and therefore denies them.  To the extent that the allegations of Paragraph 77 relate to SDI,

27   SDI denies all of those allegations.

28         78.     To the extent that the allegations of Paragraph 78 relate to other

defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 78 relate to SDI, SDI denies all of those allegations.

79.     To the extent that the allegations of Paragraph 79 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 79 relate to SDI, SDI denies all of those allegations.

80.     SDI avers that the allegations of Paragraph 80 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 80 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 80 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

81.     To the extent that the allegations of Paragraph 81 relate to other defendants or other persons, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 81 relate to SDI, SDI denies all of those allegations.

82.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82, and therefore denies them.

83.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83, and therefore denies them.

84.     SDI denies each and every allegation of Paragraph 84.

85.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85, and therefore denies them.

86.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86, and therefore denies them.

87.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87, and therefore denies them.

88.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88, and therefore denies them.

89.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89, and therefore denies them.

90.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90, and therefore denies them.

91.     SDI avers that the allegations of Paragraph 91 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to Royal Philips Electronics N.V., Philips Electronics Industries Ltd., Philips Electronics North America Corporation, Philips Display Components Company, Philips Consumer Electronics Co., and Philips da Amazonia Industria Electronica Ltda. collectively in the Complaint as "Philips."

92.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92, and therefore denies them.

93.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93, and therefore denies them.

94.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94, and therefore denies them.

95.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95, and therefore denies them.

96.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96, and therefore denies them.

97.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97, and therefore denies them.

98.     SDI avers that the allegations of Paragraph 98 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. collectively in the Compaint as "Chunghwa."

99.     SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99, and therefore denies them.

100.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100, and therefore denies them.

101.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101, and therefore denies them.

102.    SDI avers that the allegations of Paragraph 102 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to Irico Group Corporation, Irico Group Electronics Co., Ltd. and Irico Display Devices Co., Ltd. collectively in the Complaint as "Irico."

103.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103, and therefore denies them.

104.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104, and therefore denies them.

105.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105, and therefore denies them.

106.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106, and therefore denies them.

107.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107, and therefore denies them.

108.    SDI avers that the allegations of Paragraph 108 are definitional, to which no response is required.  Nevertheless, SDI admits that Plaintiff purports to refer to Orion Electric Company, Orion Engineering Services, Inc. and Display Orion Mexicana, S.A. de C.V. collectively in the Complaint as "Orion."

109.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109, and therefore denies them.

VI.     **Allegations Concerning Trade and Commerce.**

110.    SDI avers that the allegations of Paragraph 110 constitute legal

-15-

contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 110 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 110 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

111.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111, and therefore denies them.

112.   SDI avers that the allegations of Paragraph 112 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 112 to the extent they purport to pertain to SDI. Further, to the extent that the allegations of Paragraph 112 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

**VII.   Factual Allegations.**

113.   To the extent that the allegations of Paragraph 113 are definitional, SDI avers that no response is required.  To the extent a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118, and therefore denies them.

114.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114, and therefore denies them.

115.   To the extent that the allegations of Paragraph 115 are definitional, SDI avers that no response is required.  To the extent a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115, and therefore denies them.

116.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116, and therefore denies them.

117.   To the extent that the allegations of Paragraph 117 are definitional, SDI avers that no response is required.  To the extent a response is required, SDI lacks

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117, and therefore denies them, with the exception of matters specifically admitted herein as follows.  SDI admits that CRTs can be subdivided into CDTs and CPTs. SDI further admits that CPTs are used primarily in televisions and related devices and that CDTs are primarily used in computer monitors and similar devices.

118.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118, and therefore denies them.

119.   SDI avers that the allegations of Paragraph 119 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of the allegations of Paragraph 119.

120.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120, and therefore denies them.

121.   To the extent that the allegations of Paragraph 121 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 121 relate to SDI, SDI denies all of those allegations.

122.   To the extent that the allegations of Paragraph 122 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 122 relate to SDI, SDI denies all of those allegations.

123.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123, and therefore denies them.

124.   To the extent that the allegations of Paragraph 124 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 124 relate to SDI, SDI denies all of those allegations.

125.   To the extent that the allegations of Paragraph 125 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

1 their truth, and therefore denies them. To the extent that the allegations of Paragraph 125

2 relate to SDI, SDI denies all of those allegations.

3       126.   To the extent that the allegations of Paragraph 126 relate to other

4 defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

5 their truth, and therefore denies them. To the extent that the allegations of Paragraph 126

6 relate to SDI, SDI denies all of those allegations.

7       127.   SDI lacks knowledge or information sufficient to form a belief as to

8 the truth of the allegations of Paragraph 127, and therefore denies them.

9       128.   SDI lacks knowledge or information sufficient to form a belief as to

10 the truth of the allegations of Paragraph 128, and therefore denies them, with the exception

11 of matters specifically admitted herein as follows. SDI admits that the DOJ has

12 announced an investigation relating to the cathode ray tubes industry.

13       129.   SDI lacks knowledge or information sufficient to form a belief as to

14 the truth of the allegations of Paragraph 129, and therefore denies them.

15       130.   SDI lacks knowledge or information sufficient to form a belief as to

16 the truth of the allegations of Paragraph 130, and therefore denies them. With respect to

17 the press release purportedly quoted in Paragraph 130, SDI refers Plaintiff to the

18 referenced document for a description of its content.

19       131.   SDI lacks knowledge or information sufficient to form a belief as to

20 the truth of the allegations of Paragraph 131, and therefore denies them.

21       132.   SDI lacks knowledge or information sufficient to form a belief as to

22 the truth of the allegations of Paragraph 132, and therefore denies them.

23       133.   SDI lacks knowledge or information sufficient to form a belief as to

24 the truth of the allegations of Paragraph 133, and therefore denies them.

25       134.   SDI lacks knowledge or information sufficient to form a belief as to

26 the truth of the allegations of Paragraph 134, and therefore denies them. With respect to

27 the news report purportedly quoted in Paragraph 134 SDI refers Plaintiff to the referenced

28 document for a description of its content.

1          135.    SDI lacks knowledge or information sufficient to form a belief as to

2   the truth of the allegations of Paragraph 135, and therefore denies them.  With respect to

3   the annual report purportedly quoted in Paragraph 135, SDI refers Plaintiff to the

4   referenced document for a description of its content.

5          136.    SDI lacks knowledge or information sufficient to form a belief as to

6   the truth of the allegations of Paragraph 136, and therefore denies them.  With respect to

7   the press release purportedly characterized in Paragraph 136, SDI refers Plaintiff to the

8   referenced document for a description of its content.

9          137.    SDI lacks knowledge or information sufficient to form a belief as to

10  the truth of the allegations of Paragraph 137, and therefore denies them.  With respect to

11  the press release and indictment purportedly characterized in Paragraph 137, SDI refers

12  Plaintiff to the referenced documents for a description of their content.

13         138.    SDI lacks knowledge or information sufficient to form a belief as to

14  the truth of the allegations of Paragraph 138, and therefore denies them.

15         139.    SDI lacks knowledge or information sufficient to form a belief as to

16  the truth of the allegations of Paragraph 139, and therefore denies them.  With respect to

17  the press release and indictment purportedly characterized in Paragraph 139, SDI refers

18  Plaintiff to the referenced documents for a description of their content.

19         140.    SDI lacks knowledge or information sufficient to form a belief as to

20  the truth of the allegations of Paragraph 140, and therefore denies them.  With respect to

21  the press release and indictment purportedly characterized in Paragraph 140, SDI refers

22  Plaintiff to the referenced documents for a description of their content.

23         141.    With the exception of matters specifically admitted herein as follows,

24  SDI lacks knowledge or information sufficient to form a belief as to the truth of the

25  allegations in Paragraph 141, and therefore denies them.  SDI admits that DOJ issued a

26  press release on or about March 18, 2011 announcing SDI Co.'s agreement to plead guilty.

27  SDI refers Plaintiff to the referenced press release for a description of its content.

28         142.    SDI lacks knowledge or information sufficient to form a belief as to

-19-

1   the truth of the allegations of Paragraph 142, and therefore denies them.

2           143.    SDI lacks knowledge or information sufficient to form a belief as to

3   the truth of the allegations of Paragraph 143, and therefore denies them.  With respect to

4   the announcement purportedly quoted in Paragraph 143, SDI refers Plaintiff to the

5   referenced document for a description of its content.

6           144.    SDI lacks knowledge or information sufficient to form a belief as to

7   the truth of the allegations of Paragraph 144, and therefore denies them.

8           145.    To the extent that the allegations of Paragraph 145 relate to other

9   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

10  and therefore denies them. To the extent that the allegations of Paragraph 145 relate to

11  SDI, SDI denies all of those allegations.

12          146.    To the extent that the allegations of Paragraph 146 relate to other

13  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

14  and therefore denies them.  To the extent that the allegations of Paragraph 146 relate to

15  SDI, SDI denies all of those allegations.

16          147.    To the extent that the allegations of Paragraph 147 constitute legal

17  contentions and/or conclusions, SDI avers that no response is required.  To the extent that

18  a response is required and to the extent that the allegations of Paragraph 147 relate to other

19  defendants or other persons, SDI lacks knowledge or information sufficient to form a

20  belief as to their truth, and therefore denies them.  To the extent that a response is required

21  as to matters relating to SDI, SDI denies all of the allegations of Paragraph 147 and all

22  inferences arising therefrom.

23          148.    To the extent that the allegations of Paragraph 148 relate to other

24  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

25  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 148

26  relate to SDI, SDI denies all of those allegations.

27          149.    To the extent that the allegations of Paragraph 149 relate to other

28  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

SAMSUNG SDI DEFENDANTS' ANSWER TO
                                                      SHARP'S FIRST AMENDED COMPLAINT

their truth, and therefore denies them.  To the extent that the allegations of Paragraph 149 relate to SDI, SDI denies all of those allegations.

150.    To the extent that the allegations of Paragraph 150 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 150 relate to SDI, SDI denies all of those allegations.

151.    To the extent that the allegations of Paragraph 151 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 151 relate to SDI, SDI denies all of those allegations.

152.    SDI denies each and every allegation of Paragraph 152, including all of its subparts.

153.    SDI denies each and every allegation of Paragraph 153.

154.    SDI denies each and every allegation of Paragraph 154.

155.    To the extent that the allegations of Paragraph 155 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 155 relate to SDI, SDI denies all of those allegations.

156.    To the extent that the allegations of Paragraph 156 and each of its subparts relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 156 and each of its subparts relate to SDI, SDI denies all of those allegations.

157.    To the extent that the allegations of Paragraph 157 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 157 relate to SDI, SDI denies all of those allegations.

158.    To the extent that the allegations of Paragraph 158 relate to other

SAMSUNG SDI DEFENDANTS' ANSWER TO
SHARP'S FIRST AMENDED COMPLAINT

defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 158 relate to SDI, SDI denies all of those allegations.

159.    To the extent that the allegations of Paragraph 159 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 159 relate to SDI, SDI denies all of those allegations.

160.    To the extent that the allegations of Paragraph 160 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 160 relate to SDI, SDI denies all of those allegations.

161.    To the extent that the allegations of Paragraph 161 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 161 relate to SDI, SDI denies all of those allegations.

162.    To the extent that the allegations of Paragraph 162 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 162 relate to SDI, SDI denies all of those allegations.

163.    To the extent that the allegations of Paragraph 163 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 163 relate to SDI, SDI denies all of those allegations.

164.    To the extent that the allegations of Paragraph 164 and its subparts relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 164 and its subparts relate to SDI, SDI denies all of those allegations.

165.    To the extent that the allegations of Paragraph 165 and its subparts

relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 165 and its subparts relate to SDI, SDI denies all of those allegations.

166.    To the extent that the allegations of Paragraph 166 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 166 relate to SDI, SDI denies all of those allegations.

167.    To the extent that the allegations of Paragraph 167 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 167 relate to SDI, SDI denies all of those allegations.

168.    To the extent that the allegations of Paragraph 168 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 168 relate to SDI, SDI denies all of those allegations.

169.    To the extent that the allegations of Paragraph 169 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 169 relate to SDI, SDI denies all of those allegations.

170.    To the extent that the allegations of Paragraph 170 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 170 relate to SDI, SDI denies all of those allegations.

171.    To the extent that the allegations of Paragraph 171 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 171 relate to SDI, SDI denies all of those allegations.

172.    To the extent that the allegations of Paragraph 172 relate to other

-23-

defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 172 relate to SDI, SDI denies all of those allegations.

173.    To the extent that the allegations of Paragraph 173 and each of its subparts relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 173 and each of its subparts relate to SDI, SDI denies all of those allegations.

174.    To the extent that the allegations of Paragraph 174 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 174 relate to SDI, SDI denies all of those allegations.

175.    To the extent that the allegations of Paragraph 175 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 175 relate to SDI, SDI denies all of those allegations.

176.    To the extent that the allegations of Paragraph 176 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 176 relate to SDI, SDI denies all of those allegations.

177.    To the extent that the allegations of Paragraph 177 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 177 relate to SDI, SDI denies all of those allegations.

178.    To the extent that the allegations of Paragraph 178 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 178 relate to SDI, SDI denies all of those allegations.

179. SDI denies each and every allegation of Paragraph 179.

180. To the extent that the allegations of Paragraph 180 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 180 relate to SDI, SDI denies all of those allegations.

181. To the extent that the allegations of Paragraph 181 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 181 relate to SDI, SDI denies all of those allegations.

182. To the extent that the allegations of Paragraph 182 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 182 relate to SDI, SDI denies all of those allegations.

183. To the extent that the allegations of Paragraph 183 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 183 relate to SDI, SDI denies all of those allegations.

184. To the extent that the allegations of Paragraph 184 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 184 relate to SDI, SDI denies all of those allegations.

185. To the extent that the allegations of Paragraph 185 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 185 relate to SDI, SDI denies all of those allegations.

186. To the extent that the allegations of Paragraph 186 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 186

1  relate to SDI, SDI denies all of those allegations.

2         187.    To the extent that the allegations of Paragraph 187 relate to other

3  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 187

5  relate to SDI, SDI denies all of those allegations.

6         188.    To the extent that the allegations of Paragraph 188 relate to other

7  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

8  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 188

9  relate to SDI, SDI denies all of those allegations.

10         189.    To the extent that the allegations of Paragraph 189 relate to other

11  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 189

13  relate to SDI, SDI denies all of those allegations.

14         190.    To the extent that the allegations of Paragraph 190 relate to other

15  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

16  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 190

17  relate to SDI, SDI denies all of those allegations.

18         191.    To the extent that the allegations of Paragraph 191 relate to other

19  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

20  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 191

21  relate to SDI, SDI denies all of those allegations.

22         192.    To the extent that the allegations of Paragraph 192 relate to other

23  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

24  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 192

25  relate to SDI, SDI denies all of those allegations.

26         193.    To the extent that the allegations of Paragraph 193 relate to other

27  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

28  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 193

1  relate to SDI, SDI denies all of those allegations.

2          194.    To the extent that the allegations of Paragraph 194 relate to other

3  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

4  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 194

5  relate to SDI, SDI denies all of those allegations.

6          195.    SDI lacks knowledge or information sufficient to form a belief as to

7  the truth of the allegations of Paragraph 195, and therefore denies them.  With respect to

8  the statement purportedly quoted in Paragraph 195, SDI refers Plaintiff to the referenced

9  statement for a description of its content.

10          196.    To the extent that the allegations of Paragraph 196 relate to other

11  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

12  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 196

13  relate to SDI, SDI denies all of those allegations.

14          197.    SDI lacks knowledge or information sufficient to form a belief as to

15  the truth of the allegations of Paragraph 197, and therefore denies them.

16          198.    To the extent that the allegations of Paragraph 198 relate to other

17  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

18  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 198

19  relate to SDI, SDI denies all of those allegations.

20          199.    To the extent that the allegations of Paragraph 199 relate to other

21  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

22  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 199

23  relate to SDI, SDI denies all of those allegations.

24          200.    To the extent that the allegations of Paragraph 200 relate to other

25  defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to

26  their truth, and therefore denies them.  To the extent that the allegations of Paragraph 200

27  relate to SDI, SDI denies all of those allegations.

28          201.    To the extent that the allegations of Paragraph 201 relate to other

SAMSUNG SDI DEFENDANTS' ANSWER TO
SHARP'S FIRST AMENDED COMPLAINT

defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 201 relate to SDI, SDI denies all of those allegations.

202.    To the extent that the allegations of Paragraph 202 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 202 relate to SDI, SDI denies all of those allegations.

203.    To the extent that the allegations of Paragraph 203 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 203 relate to SDI, SDI denies all of those allegations.

204.    To the extent that the allegations of Paragraph 204 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 204 relate to SDI, SDI denies all of those allegations.

205.    To the extent that the allegations of Paragraph 205 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 205 relate to SDI, SDI denies all of those allegations.

206.    To the extent that the allegations of Paragraph 206 relate to other defendants or entities, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 206 relate to SDI, SDI denies all of those allegations.

207.    SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 207, and therefore denies them, with the exception of matters specifically admitted herein as follows. SDI admits that cathode ray tubes can be used in certain television and computer monitor products.

208.    SDI lacks knowledge or information sufficient to form a belief as to

1  the truth of the allegations of Paragraph 208, and therefore denies them.

2  209.   SDI lacks knowledge or information sufficient to form a belief as to

3  the truth of the allegations of Paragraph 209, and therefore denies them.

4  210.   SDI denies the allegation of the first sentence of Paragraph 210.  SDI

5  lacks knowledge or information sufficient to form a belief as to the truth of the allegations

6  of the second sentence of Paragraph 210, and therefore denies them.  With respect to the

7  report purportedly quoted from in Paragraph 210, SDI refers Plaintiff to the referenced

8  report for a description of its content.

9  211.   To the extent that the allegations of Paragraph 211 relate to other

10  defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

11  and therefore denies them.  To the extent that the allegations of Paragraph 211 relate to

12  SDI, SDI denies all of those allegations.

13  212.   SDI lacks knowledge or information sufficient to form a belief as to

14  the truth of the allegations of Paragraph 212, and therefore denies them.

15  213.   SDI denies the allegations in the last sentence of Paragraph 213.  SDI

16  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

17  allegations of Paragraph 213, and therefore denies them.

18  214.   SDI lacks knowledge or information sufficient to form a belief as to

19  the truth of the allegations of Paragraph 214, and therefore denies them.

20  215.   SDI lacks knowledge or information sufficient to form a belief as to

21  the truth of the allegations of Paragraph 215, and therefore denies them.  With respect to

22  the news report purportedly quoted in Paragraph 215, SDI refers Plaintiff to the referenced

23  document for a description of its content.

24  216.   SDI denies the allegations in the last sentence of Paragraph 216.  SDI

25  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

26  allegations of Paragraph 216, and therefore denies them.  With respect to the news report

27  purportedly quoted in Paragraph 216, SDI refers Plaintiff to the referenced document for a

28  description of its content.

217.   To the extent that the allegations of Paragraph 217 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 217 relate to SDI, SDI denies all of those allegations.

218.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first two sentences of Paragraph 218, and therefore denies them.  To the extent that the allegations of the last sentence of Paragraph 218 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of the last sentence of Paragraph 218 relate to SDI, SDI denies all of those allegations.

219.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 219, and therefore denies them.

220.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 220, and therefore denies them.

221.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 221, and therefore denies them.

222.   SDI denies all the allegations of Paragraph 222, with the exception of matters specifically admitted herein as follows. SDI admits that, in late 2005, SDI closed its cathode ray tube factory in Germany.

223.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 223, and therefore denies them.

224.   To the extent that the allegations of Paragraph 224 and its subparts relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. To the extent that the allegations of Paragraph 224 and its subparts relate to SDI, SDI denies all of those allegations.

## VIII.   Allegations Concerning Plaintiff's Alleged Injuries

225.   To the extent the allegations of Paragraph 225 constitute legal conclusions and/or contentions, SDI avers that no response is required.  To the extent that

-30-

1   a response is required, SDI denies all of the allegations of Paragraph 225.

2        226.   To the extent that the allegations of Paragraph 226 relate to other

3   defendants or other persons, SDI lacks knowledge or information sufficient to form a

4   belief as to their truth, and therefore denies them.  To the extent that the allegations of

5   Paragraph 226 relate to SDI, SDI denies all of those allegations.

6        227.   SDI lacks knowledge or information sufficient to form a belief as to

7   the truth of the allegations of Paragraph 227, and therefore denies them.

8        228.   To the extent that the allegations of Paragraph 228 relate to other

9   defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth,

10   and therefore denies them.  To the extent that the allegations of Paragraph 228 relate to

11   SDI, SDI denies all of those allegations.

12        229.   To the extent that the allegations of Paragraph 229 relate to other

13   defendants or other persons, SDI lacks knowledge or information sufficient to form a

14   belief as to their truth, and therefore denies them.  To the extent that the allegations of

15   Paragraph 229 relate to SDI, SDI denies all of those allegations.

16   **IX.    Allegations Concerning Purported Tolling.**

17        230.   SDI repeats and incorporates by reference its responses to Paragraphs

18   9-10 and 128-144 of the Complaint with the same force and effect as if set forth herein at

19   length.  SDI avers that the allegations of Paragraph 230 constitute legal contentions and/or

20   conclusions to which no response is required.  To the extent a response is required, SDI

21   denies the allegations of Paragraph 230.

22        231.   SDI avers that the allegations of Paragraph 231 constitute legal

23   contentions and/or conclusions to which no response is required.  To the extent a response

24   is required, SDI denies the allegations of Paragraph 231.

25   **X.    Allegations Concerning Purported Fraudulent Concealment.**

26        232.   SDI denies each and every allegation of Paragraph 232.

27        233.   SDI denies each and every allegation of Paragraph 233.

28        234.   To the extent that the allegations of Paragraph 234 relate to other

-31-

defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 234 relate to SDI, SDI denies all of those allegations.

235.    To the extent that the allegations of Paragraph 235 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 235 relate to SDI, SDI denies all of those allegations.

236.    SDI denies each and every allegation of Paragraph 236.

237.    SDI denies each and every allegation of Paragraph 237.

238.    To the extent that the allegations of Paragraph 238 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 238 relate to SDI, SDI denies all of those allegations.

239.    To the extent that the allegations of Paragraph 239 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 239 relate to SDI, SDI denies all of those allegations.  With respect to the documents purportedly quoted in Paragraph 239, SDI refers Plaintiff to the referenced documents for a description of their content.

240.    To the extent that the allegations of Paragraph 240 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 240 relate to SDI, SDI denies all of those allegations.  With respect to the documents purportedly quoted in Paragraph 240, SDI refers Plaintiff to the referenced documents for a description of their content.

241.    To the extent that the allegations of Paragraph 241 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 241 relate to

SDI, SDI denies all of those allegations.

242.    To the extent that the allegations of Paragraph 242 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 242 relate to SDI, SDI denies all of those allegations.

243.    SDI denies the allegations in the last sentence of Paragraph 243.  SDI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 243, and therefore denies them.

244.    SDI denies the allegations in the last sentence of Paragraph 244.  SDI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 244, and therefore denies them.

245.    To the extent that the allegations of Paragraph 245 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 245 relate to SDI, SDI denies all of those allegations.

246.    To the extent that the allegations of Paragraph 246 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 246 relate to SDI, SDI denies all of those allegations.

247.    To the extent that the allegations of Paragraph 247 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 247 relate to SDI, SDI denies all of those allegations.

248.    To the extent the allegations of Paragraph 248 constitute legal conclusions and/or contentions, SDI avers that no response is required.  To the extent that a response is required, SDI denies all of the allegations of Paragraph 248.

249.    To the extent the allegations of Paragraph 249 constitute legal conclusions and/or contentions, SDI avers that no response is required.  To the extent that

-33-

a response is required, SDI denies all of the allegations of Paragraph 249.

**XI.    Allegations Concerning Claim for Alleged Violations**

<strong>First Claim for Relief</strong>

<strong>(Alleged Violation of Section 1 of the Sherman Act)</strong>

250.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 249 of the Complaint with the same force and effect as if set forth herein at length.

251.    SDI avers that the allegations of Paragraph 251 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

252.    SDI denies each and every allegation of Paragraph 252.

253.    SDI denies each and every allegation of Paragraph 253.

254.    SDI denies each and every allegation of Paragraph 254

255.    SDI denies each and every allegation of Paragraph 255, including its subparts.

256.    SDI denies each and every allegation of Paragraph 256.

<strong>Second Claim for Relief</strong>

<strong>(Alleged Violation of the California Cartwright Act)</strong>

257.    SDI repeats and incorporates by reference its responses to Paragraphs 1 through 256 of the Complaint with the same force and effect as if set forth herein at length.

258.    To the extent that the allegations of Paragraph 258 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent that a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 258, and therefore denies them.

259.    To the extent that the allegations of Paragraph 259 relate to other defendants or plaintiff, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph

-34-

259 relate to SDI, SDI denies all of those allegations, with the exception of matters specifically admitted herein as follows. SDI admits that SDIA maintained offices in California during at least portions of the alleged period. SDI further admits that SDI Co. entered into an amended plea agreement with the United States related to an investigation of the cathode ray tubes industry, the terms of which are matters of public record.

260. SDI denies each and every allegation of Paragraph 260.

261. SDI denies each and every allegation of Paragraph 261.

262. SDI denies each and every allegation of Paragraph 262.

263. SDI denies each and every allegation of Paragraph 263, including its subparts.

264. SDI denies each and every allegation of Paragraph 264, including its subparts.

265. SDI denies each and every allegation of Paragraph 265.

266. SDI denies each and every allegation of Paragraph 266. Further, as a result of the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss (Dkt. No. 2433), portions of Plaintiffs' claims under the California Cartwright Act have been dismissed.

### Third Claim for Relief

### (Alleged Violation of the California Unfair Competition Law)

267. SDI repeats and incorporates by reference its responses to Paragraphs 1 through 266 of the Complaint with the same force and effect as if set forth herein at length.

268. To the extent that the allegations of Paragraph 268 constitute legal contentions and/or conclusions, SDI avers that no response is required. To the extent that a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 268, and therefore denies them.

269. SDI denies each and every allegation of Paragraph 269.

270. SDI denies each and every allegation of Paragraph 270.

SMRH:419323629.1

271.   SDI denies each and every allegation of Paragraph 271.

272.   SDI denies each and every allegation of Paragraph 272.

273.   SDI denies each and every allegation of Paragraph 273.

274.   SDI denies each and every allegation of Paragraph 274.

275.   SDI denies each and every allegation of Paragraph 275.  Further, as a result of the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss (Dkt. No. 2433), portions of Plaintiffs' claims under the California Unfair Competition Law have been dismissed.

**Fourth Claim for Relief**

**(Alleged Violation of the New York Donnelly Act)**

276.   SDI repeats and incorporates by reference its responses to Paragraphs 1 through 275 of the Complaint with the same force and effect as if set forth herein at length.

277.   To the extent that the allegations of Paragraph 277 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent that a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 277, and therefore denies them.

278.   SDI avers that the allegations of Paragraph 278 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

279.   SDI denies each and every allegation of Paragraph 279.

280.   SDI denies each and every allegation of Paragraph 280.

281.   SDI avers that the allegations of Paragraph 281 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

282.   SDI avers that the allegations of Paragraph 282 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

-36-

**Fifth Claim for Relief**

**(Alleged Violation of the New York Unfair Competition Law)**

283.     SDI repeats and incorporates by reference its responses to Paragraphs 1 through 282 of the Complaint with the same force and effect as if set forth herein at length.

284.     SDI avers that the allegations of Paragraph 284 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

285.     SDI avers that the allegations of Paragraph 285 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

286.     SDI denies each and every allegation of Paragraph 286 and each of its subparts.

287.     SDI denies each and every allegation of Paragraph 287.

288.     To the extent that the allegations of Paragraph 288 relate to other defendants, SDI lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations of Paragraph 288 relate to SDI, SDI denies all of those allegations.

289.     SDI avers that the allegations of Paragraph 289 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.  Further, as a result of the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss (Dkt. No. 2433), Plaintiffs' claims under the New York Unfair Competition Law have been dismissed.

**Sixth Claim for Relief**

**(Alleged Violation of the New Jersey Antitrust Act)**

290.     SDI repeats and incorporates by reference its responses to Paragraphs 1 through 290 of the Complaint with the same force and effect as if set forth herein at length.

-37-

291.   To the extent that the allegations of Paragraph 291 constitute legal contentions and/or conclusions, SDI avers that no response is required.  To the extent that a response is required, SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 291, and therefore denies them.

292.   SDI avers that the allegations of Paragraph 292 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

293.   SDI denies each and every allegation of Paragraph 293.

294.   SDI denies each and every allegation of Paragraph 294.

295.   SDI avers that the allegations of Paragraph 295 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

296.   SDI avers that the allegations of Paragraph 296 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.  Further, as a result of the Court's Order Granting in Part and Denying in Part Defendants' Joint Motion to Dismiss (Dkt. No. 2433), Plaintiffs' claims under the New Jersey Antitrust Act have been dismissed.

**Seventh Claim for Relief**

**(Alleged Violation of the Tennessee Code Ann. §§ 47-258-101 *et seq*.)**

297.   SDI repeats and incorporates by reference its responses to Paragraphs 1 through 297 of the Complaint with the same force and effect as if set forth herein at length.

298.   SDI avers that the allegations of Paragraph 298 constitute legal contentions and/or conclusions to which no response is required, but SDI nonetheless denies all of those allegations.

299.   SDI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 299, and therefore denies them.

300.   SDI avers that the allegations of Paragraph 300 constitute legal

-38-

1   contentions and/or conclusions to which no response is required, but SDI nonetheless

2   denies all of those allegations.

3          301.   SDI avers that the allegations of Paragraph 301 constitute legal

4   contentions and/or conclusions to which no response is required, but SDI nonetheless

5   denies all of those allegations.

6          302.   SDI avers that the allegations of Paragraph 302 constitute legal

7   contentions and/or conclusions to which no response is required, but SDI nonetheless

8   denies all of those allegations.  Further, as a result of the Court's Order Granting in Part

9   and Denying in Part Defendants' Joint Motion to Dismiss (Dkt. No. 2433), Plaintiffs'

10  claims under Tennessee Code Ann. §§ 47-258-101 et seq. have been dismissed.

11  **XII.   Allegations Concerning Alleged Damages**

12         303.   SDI avers that the allegations of Paragraph 303 constitute legal

13  contentions and/or conclusions to which no response is required, but SDI nonetheless

14  denies all of those allegations.

15  **XIII.   Allegations Concerning Plaintiff's Prayer for Relief.**

16         SDI denies that Plaintiffs suffered any injury or incurred any damages by any

17  act or omission of SDI as alleged in the Complaint, and further denies that Plaintiffs are

18  entitled to any relief under any theory by means of the allegations set forth in the

19  Complaint.

20  **ADDITIONAL OR AFFIRMATIVE DEFENSES**

21         Without assuming any burden it would not otherwise bear, SDI asserts the

22  following additional and/or affirmative defenses to Plaintiffs' Complaint:

23  **FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE**

24  **(Failure to State a Claim)**

25         The Complaint fails to state a claim upon which relief can be granted.

26  **SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE**

27  **(Waiver and Estoppel)**

28         Plaintiff's claims should be dismissed to the extent that they are barred, in

1  whole or in part, by the doctrines of waiver and/or estoppel.

2  ## THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

3  ### (Laches)

4  Plaintiff's claims should be dismissed to the extent that they are barred, in

5  whole or in part, by the equitable doctrine of laches.

6  ## FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

7  ### (Unclean Hands)

8  Plaintiff's claims should be dismissed to the extent that they are barred, in

9  whole or in part, by the equitable doctrine of unclean hands.

10  ## FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

11  ### (Remedies Unconstitutional, Unauthorized or Contrary to Public Policy)

12  Plaintiff's claims should be dismissed to the extent that they are barred, in

13  whole or in part, because the remedies sought are unconstitutional, contrary to public

14  policy, or are otherwise unauthorized.

15  ## SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

16  ### (Absence of Damages)

17  Plaintiff's claims should be dismissed because Plaintiff has suffered no

18  injury or damages as a result of the matters alleged in the Complaint.  To the extent that

19  Plaintiff purportedly suffered injury or damage, which SDI specifically denies, SDI further

20  contends that any such purported injury or damage was not by reason of any act or

21  omission of SDI.

22  ## SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

23  ### (No Antitrust Injury)

24  Plaintiff's claims should be dismissed because Plaintiff has not suffered

25  actual, cognizable antitrust injury of the type antitrust laws are intended to remedy.

26  ## EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

27  ### (Uncertainty of Damages)

28  Plaintiff's claims should be dismissed because the alleged damages sought

1  are too speculative and uncertain, and cannot be practicably ascertained or allocated.

2  ## NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

3  ### (Failure to Mitigate Damages)

4  Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff

5  failed to take all necessary, reasonable, and appropriate actions to mitigate its alleged

6  damages, if any.

7

8  ## TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

9  ### (Statutes of Limitation)

10  Plaintiff's claims should be dismissed to the extent that they are barred, in

11  whole or in part, by the applicable statute(s) of limitations.

12  ## ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

13  ### (Unjust Enrichment)

14  Plaintiff's claims should be dismissed to the extent that they are barred, in

15  whole or in part, because Plaintiff would be unjustly enriched if it were allowed to recover

16  any part of the damages alleged in the Complaint.

17  ## TWELFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

18  ### (Lack of Proximate Cause)

19  Plaintiff's claims should be dismissed to the extent that they are barred, in

20  whole or in part, due to the absence of any injury or damage for which SDI's actions,

21  conduct, or omissions were the proximate cause.

22  ## THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

23  ### (Adequate Remedy at Law)

24  Plaintiff's claims for injunctive relief should be dismissed because Plaintiff

25  has available an adequate remedy at law.

26  ## FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

27  ### (Privilege)

28  Plaintiff's claims should be dismissed to the extent that they are barred, in

whole or in part, because any action taken by or on behalf of SDI was justified, constituted bona fide business competition and was taken in pursuit of its own legitimate business and economic interests, and is therefore privileged.

## FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE
### (Non-actionable or Governmental Privilege)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of SDI that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

## SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE
### (Comparative Fault)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which SDI specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than SDI.

## EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE
### (Acquiescence)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiff's acquiescence in and/or confirmation of any and all conduct and/or omissions alleged as to SDI.

SMRH:419323629.1
SAMSUNG SDI DEFENDANTS' ANSWER TO SHARP'S FIRST AMENDED COMPLAINT

## NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

**(Lack of Subject Matter Jurisdiction and/or Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)**

Plaintiff's claims based on foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because they are outside the Court's subject matter jurisdiction as defined by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a and/or analogous state authority.

## TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiff's claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous, and/or unintelligible. SDI avers that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit SDI to ascertain what other defenses may exist. SDI therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

## TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Standing to Sue for Injuries Alleged)

Plaintiff's claims should be dismissed, in whole or in part, to the extent Plaintiff lacks standing to sue for the injuries alleged in the Complaint. To the extent that Plaintiff purchased products containing CRTs, as opposed to CRTs themselves, its alleged injuries are even more speculative, derivative, indirect, and remote. Plaintiff's damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

## TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Competition Not Harmed)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because SDI's actions did not lessen competition in the relevant

1   market(s).

2   **TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE**

3   **(Intervening or Superseding Acts of Third Parties)**

4   Plaintiff's damages, if any, resulted from the acts or omissions of third

5   parties over whom SDI had no control or responsibility.  The acts of such third parties

6   constitute intervening or superseding causes of harm, if any, suffered by Plaintiff.

7   **TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

8   **(Injury or Damages Offset by Benefits Received)**

9   Plaintiff's claims should be dismissed to the extent that they are barred, in

10   whole or in part, because any claimed injury or damage has been offset by benefits

11   Plaintiff received with respect to the challenged conduct.

12   **TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

13   **(Increased Output and Lower Prices)**

14   SDI, without admitting the existence of any contract, combination, or

15   conspiracy in restraint of trade as alleged in the Complaint, avers that the matters about

16   which Plaintiff complains resulted in increased output and lower prices for CRTs and/or

17   CRT Products.

18   **TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

19   **(Prices Fixed by Plaintiff)**

20   Plaintiff's claims should be dismissed to the extent they are barred, in whole

21   or in part, because the price of CRTs and/or CRT Products was fixed, if at all, by Plaintiff

22   and/or other purchasers of CRTs and/or CRT Products, either individually or collectively.

23   **TWENTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

24   **(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)**

25   Plaintiff's claims should be dismissed to the extent that they are barred, in

26   whole or in part, because Plaintiff has failed to allege fraud or fraudulent concealment with

27   sufficient particularity.

28

-44-

SAMSUNG SDI DEFENDANTS' ANSWER TO
SHARP'S FIRST AMENDED COMPLAINT

## TWENTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to allege conspiracy with sufficient particularity.

## TWENTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Detrimental Reliance)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

## THIRTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Arbitration Agreements)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by agreements that require arbitration of the matters alleged in the Complaint.

## THIRTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Settlement Set Off)

Without admitting that Plaintiff is entitled to recover damages in this matter, SDI is entitled to set off from any recovery Plaintiff may obtain against SDI any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

SMRH:419323629.1

## THIRTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Injunctive Relief)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

## THIRTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged conduct of SDI occurred outside of the jurisdiction of the Court.

## THIRTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Passed On)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint, which SDI specifically denies, was passed on to persons or entities other than the Plaintiff and/or was passed on by Plaintiff to other parties.

## THIRTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Damages Not Passed Through to Plaintiff)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiff, or was incurred by or passed on to persons or entities other than Plaintiff.

## THIRTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Unreasonable Restraint Of Trade)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of SDI did not unreasonably restrain trade.

## THIRTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Ultra Vires)

To the extent that any actionable conduct may have occurred, Plaintiff's claims against SDI are barred because all such alleged conduct would have been committed by individuals acting ultra vires.

## THIRTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Proportionality)

To the extent SDI is found liable for damages, the fact and extent of which are expressly denied by SDI, those damages must be reduced in proportion to SDI's degree of fault.

## THIRTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Forum Non Conveniens)

Plaintiff's claims are barred, in whole or in part, because of the doctrine of forum non conveniens.

## FORTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Permitted By Law)

Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

## FORTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Multiple Recoveries)

To the extent Plaintiff's claims would result in SDI paying damages to more than one claimant for the same alleged overcharge, they are barred because such multiple recoveries would violate rights guaranteed to SDI by the U.S. Constitution and other law, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

SMRH:419323629.1

**FORTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Improper Extraterritorial Application)**

Plaintiff's claims are barred, in whole or in part, by the U.S. Constitution and/or other applicable law to the extent their claims seek the improper extraterritorial application of the laws cited to any transactions occurring outside the United States.

**FORTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Acts Outside The Jurisdiction)**

Plaintiff's claims under the laws of the various States cited are barred, in whole or in part, to the extent SDI's alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor affected persons, entities, or commerce in the various States cited.

**FORTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Market Power)**

Plaintiff's claims are barred, in whole or in part, to the extent they have failed to allege or prove that SDI possessed or possesses market power in any legally cognizable relevant market.

**FORTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Privity Of Contract)**

Plaintiff's claims are barred, in whole or in part, to the extent that privity of contract is required to establish their claims.

**FORTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Release)**

Plaintiff's claims are barred, in whole or in part, because they have been released by Plaintiff and/or others.

**FORTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE**

**(Voluntary Payment)**

Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

-48-

1

## FORTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

2

### (Federal Trade Commission)

3

Any alleged conduct by SDI is, or if in interstate commerce would be,

4

subject to and complies with the rules and regulations of, and the statutes administered by,

5

the Federal Trade Commission or other official department, division, commission or

6

agency of the United States as such rules, regulations, or statutes are interpreted by the

7

Federal Trade Commission or such department, division, commission or agency of the

8

federal courts.

9

10

11

12

## FORTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

13

### (Intrastate Conduct)

14

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff did

15

not allege conduct and/or effects that are wholly or predominantly intrastate within the

16

various States at issue.

17

## FIFTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

18

### (Not Entitled To Seek Damages)

19

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff is not

20

entitled to seek damages under the laws of the various States cited.

21

## FIFTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

22

### (Failure To Plead Special Damages With Specificity)

23

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has

24

failed to plead special damages with specificity as required by the laws of the various

25

States cited.

26

## FIFTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

27

### (Other Defenses Incorporated by Reference)

28

SDI adopts and incorporates by reference any and all other additional or

-49-

affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that SDI may share in such affirmative defenses.

## FIFTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

SDI has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings.  SDI further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

WHEREFORE, the Samsung SDI Defendants pray for judgment as follows:

1.      That Plaintiffs take nothing under the Complaint, and the Complaint be dismissed with prejudice;

2.      That judgment be entered in favor of the Samsung SDI Defendants and against Plaintiffs on each and every cause of action set forth in the Complaint;

3.      That the Samsung SDI Defendants recover their costs of suit and attorneys' fees incurred herein; and

4.      That the Samsung SDI Defendants be granted such other and further relief as the Court deems just and proper.

-50-

SAMSUNG SDI DEFENDANTS' ANSWER TO
SHARP'S FIRST AMENDED COMPLAINT

1

2   Dated:  March 27, 2014            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4

5                    By           */s/ Michael W. Scarborough*

                               MICHAEL W. SCARBOROUGH

6

7                          Attorneys for Defendants

                     SAMSUNG SDI AMERICA, INC.,

8                        SAMSUNG SDI CO., LTD.,

                SAMSUNG SDI (MALAYSIA) SDN. BHD.,

9               SAMSUNG SDI MEXICO S.A. DE C.V.,

                  SAMSUNG SDI BRASIL LTDA.,

10              SHENZEN SAMSUNG SDI CO., LTD.,

11            TIANJIN SAMSUNG SDI CO., LTD. and

             SAMSUNG SDI (HONG KONG), LTD.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                 SAMSUNG SDI DEFENDANTS' ANSWER TO
                            SHARP'S FIRST AMENDED COMPLAINT