DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: david.yohai@weil.com

BAMBO OBARO (SBN 267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: bambo.obaro@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: jkessler@winston.com

*Attorneys for Defendant Panasonic Corporation*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>SHARP ACTION<br>No. 3:13-cv-01173-SC | **Case No. 07-5944 SC**<br>**MDL No. 1917**<br><br>**DEFENDANT PANASONIC CORPORATION'S (F/K/A MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.) ANSWER TO SHARP ELECTRONICS CORPORATION'S AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S FIRST AMENDED COMPLAINT** |

Defendant PANASONIC CORPORATION (F/K/A MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.) ("Panasonic"), by and through its attorneys, answers the allegations set forth in the First Amended Complaint filed October 28, 2013 (the "Complaint") by plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. ("Plaintiffs"), and alleges additional or affirmative defenses as follows.  To the extent not specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the section headings included herein are included only for purposes of clarity and organization, and Panasonic does not admit, but rather hereby specifically denies, any factual or legal allegations in the headings used in the Complaint.

## I.    "INTRODUCTION"

1.    Panasonic denies the allegations contained in Paragraph 1 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2.    Panasonic denies the allegations contained in Paragraph 2 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3.    The allegations contained in Paragraph 3 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies all of the allegations, except admits that color display tubes ("CDTs") can be used in computer monitors and certain other specialized applications, admits that color picture tubes ("CPTs") can be used in televisions, admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various times certain affiliates of Panasonic manufactured some CRTs and some products containing CRTs.

4.    Panasonic denies the allegations contained in Paragraph 4 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5.    Panasonic denies the allegations contained in Paragraph 5 of the Complaint as they

relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

6.      Panasonic denies the allegations contained in Paragraph 6 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.      Panasonic denies the allegations contained in Paragraph 7 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8.      Panasonic denies the allegations contained in Paragraph 8 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

9.      Panasonic denies the allegations contained in Paragraph 9 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the United States Department of Justice ("DOJ"), and by certain foreign competition authorities, and that it has been publicly reported that individuals have been indicted in connection with the DOJ investigation.

10.      Panasonic denies the allegations contained in Paragraph 10 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around March 18, 2011, the DOJ issued a press release concerning Samsung SDI Company, Ltd. and that on or around May 17, 2011, an amended plea agreement was filed in an action brought by the United States against Samsung SDI Company, Ltd.; Panasonic respectfully refers the Court to those documents for a review of their contents.

11.      Panasonic denies the allegations contained in Paragraph 11 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## II.    "JURISDICTION AND VENUE"

12.      Panasonic denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiffs purports to bring this action pursuant to the federal statutes identified therein and seek the relief sought therein.

DEFENDANT PANASONIC CORPORATION'S                              Case No. 07-5944 SC
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT          MDL NO. 1917

13.     Panasonic denies the allegations contained in Paragraph 13 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the state statutes identified therein and seek the relief sought therein.  To the extent the allegations in Paragraph 13 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

14.     Panasonic denies the allegations contained in Paragraph 14 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the state statutes identified therein and seek the relief sought therein.  To the extent the allegations in Paragraph 14 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

15.     Panasonic denies the allegations contained in Paragraph 15 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the state statute identified therein and seek the relief sought therein.  To the extent the allegations in Paragraph 15 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

16.     Panasonic denies the allegations contained in Paragraph 16 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the state statute identified therein and seek the relief sought therein.  To the extent the allegations in Paragraph 16 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

17.     The allegations contained in Paragraph 17 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 17 of the Complaint, except admits that Plaintiffs purport to base subject matter jurisdiction on the federal statutes identified therein.

18.     Panasonic denies the allegations contained in Paragraph 18 of the Complaint as they relate to Panasonic, except admits that certain affiliates of Panasonic have done some business within certain jurisdictions within the United States, and denies the remaining allegations

DEFENDANT PANASONIC CORPORATION'S
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

1   for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2          19.     The allegations contained in Paragraph 19 of the Complaint regarding jurisdiction

3   include legal contentions and/or conclusions to which no response is required.  To the extent that

4   a response is required, Panasonic denies the allegations as they relate to Panasonic except admits

5   that certain of its affiliates have done some business within certain jurisdictions within the United

6   States, and denies the remaining allegations for lack of knowledge or information sufficient to

7   form a belief as to the truth thereof.

8          20.     The allegations contained in Paragraph 20 of the Complaint regarding venue

9   include legal contentions and/or conclusions to which no response is required.  To the extent that

10  a response is required, Panasonic denies the allegations as they relate to Panasonic except admits

11  that certain of its affiliates have done some business within certain jurisdictions within the United

12  States, and denies the remaining allegations for lack of knowledge or information sufficient to

13  form a belief as to the truth thereof.

14  **III.    "MULTIDISTRICT AND INTRADISTRICT ASSIGNMENT"**

15         21.      The allegations contained in Paragraph 21 of the Complaint constitute legal

16  contentions and/or conclusions to which no response is required.

17  **IV.    "PARTIES"**

18         **A.     "Plaintiffs Sharp Corporation"**

19         22.     Panasonic denies the allegations contained in Paragraph 22 of the Complaint for

20  lack of knowledge or information sufficient to form a belief as to the truth thereof.

21         23.     Panasonic denies the allegations contained in Paragraph 23 of the Complaint for

22  lack of knowledge or information sufficient to form a belief as to the truth thereof.

23         24.     Panasonic denies the allegations contained in Paragraph 24 of the Complaint for

24  lack of knowledge or information sufficient to form a belief as to the truth thereof.

25         25.     Panasonic denies the allegations contained in Paragraph 25 of the Complaint for

26  lack of knowledge or information sufficient to form a belief as to the truth thereof.

27         26.     Panasonic admits that Plaintiffs purports to refer to the entities identified in

28  Paragraph 26 of the Complaint collectively as "Sharp" "or "Plaintiffs."

27.     Panasonic denies the allegations contained in Paragraph 27 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28.     Panasonic denies the allegations contained in Paragraph 28 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29.     Panasonic denies the allegations contained in Paragraph 29 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

30.     Panasonic denies the allegations contained in the first four sentences of Paragraph 30 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in the last five sentences of Paragraph 30 of the Complaint constitute legal contentions and/or conclusions, no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     Panasonic denies the allegations contained in Paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**B.     "Defendants"**

        **"Hitachi Entities"**

32.     Panasonic denies the allegations contained in Paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.     Panasonic denies the allegations contained in Paragraph 33 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

34.     Panasonic denies the allegations contained in Paragraph 34 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

35.     Panasonic denies the allegations contained in Paragraph 35 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36.     Panasonic denies the allegations contained in Paragraph 36 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

37.     Panasonic denies the allegations contained in Paragraph 37 of the Complaint for

1   lack of knowledge or information sufficient to form a belief as to the truth thereof.

2         38.    Panasonic admits that Plaintiffs purports to refer to the entities identified in

3   Paragraph 38 of the Complaint collectively as "Hitachi."

4          **"LG Electronics Entities"**

5         39.    Panasonic denies the allegations contained in Paragraph 39 of the Complaint for

6   lack of knowledge or information sufficient to form a belief as to the truth thereof.

7         40.    Panasonic denies the allegations contained in Paragraph 40 of the Complaint for

8   lack of knowledge or information sufficient to form a belief as to the truth thereof.

9         41.    Panasonic admits that Plaintiffs purports to refer to the entities identified in

10   Paragraph 41 of the Complaint collectively as "LG Electronics."

11          **"LP Displays"**

12         42.    Panasonic denies the allegations contained in Paragraph 42 of the Complaint for

13   lack of knowledge or information sufficient to form a belief as to the truth thereof.

14         43.    Panasonic denies the allegations contained in Paragraph 43 of the Complaint for

15   lack of knowledge or information sufficient to form a belief as to the truth thereof.

16         44.    Panasonic denies the allegations contained in Paragraph 44 of the Complaint for

17   lack of knowledge or information sufficient to form a belief as to the truth thereof.

18         45.    Panasonic denies the allegations contained in Paragraph 45 of the Complaint for

19   lack of knowledge or information sufficient to form a belief as to the truth thereof.

20         46.    Panasonic admits that Plaintiffs purports to refer to the entities identified in

21   Paragraph 46 of the Complaint collectively as "LP Displays" and/or "LPD."

22          **"Panasonic Entities"**

23         47.    Panasonic denies the allegations contained in Paragraph 47 of the Complaint in

24   their entirety, except admits that it is a Japanese entity with an office in Osaka, Japan at the

25   address listed in Paragraph 47, and that it was known as Matsushita Electric Industrial Co., Ltd.

26   ("MEI") prior to October 1, 2008.  Panasonic further admits that certain of its affiliates sold some

27   CRTs or products containing CRTs in the United States at various times during the purported

28   Relevant Period.

48. Panasonic denies the allegations contained in Paragraph 48 of the Complaint in their entirety, except admits that Panasonic Corporation of North America ("PNA") is a Delaware corporation with its principal place of business formerly located at the address listed in Paragraph 48. Panasonic avers that PNA's principal place of business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102. Panasonic further admits that PNA is a wholly-owned subsidiary of Panasonic. Panasonic further admits that PNA or certain affiliates of PNA sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

49. Panasonic denies the allegations contained in Paragraph 49 of the Complaint in their entirety, except admits that Panasonic Consumer Electronics Company ("PCEC") is an unincorporated division of PNA with its headquarters in Newark, New Jersey.

50. Panasonic denies the allegations contained in Paragraph 50 of the Complaint in their entirety, except admits that MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") was a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 50. Panasonic further admits that MTPD was established as a joint venture between Panasonic and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in 2003, not 2002. Panasonic further admits that it held 64.5% of MTPD at the time MTPD was formed in 2003. Panasonic further admits that it acquired Toshiba's 35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of Panasonic, and that MTPD was renamed. Panasonic further admits that certain affiliates of MTPD sold some products containing CRTs in the United States at various times during the purported Relevant Period.

51. Panasonic denies the allegations contained in Paragraph 51 of the Complaint in their entirety, except admits that Matsushita Electronics Corporation (Malaysia) Sdn Bhd ("Matsushita Malaysia") was a Malaysian entity that had an office in Shah Alam Malaysia, and was a wholly owned indirect subsidiary of Panasonic. Panasonic avers that Matsushita Malaysia is a defunct entity.

52. Panasonic denies the allegations contained in Paragraph 52 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth

thereof, except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 52.   Panasonic further admits that BMCC is a joint venture formed in 1987, and further admits that MTPD at one time had a 50% equity ownership interest in BMCC.

53.     Panasonic denies the allegations contained in Paragraph 53 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.  Panasonic further avers that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and was dissolved on September 28, 2007.

54.     Panasonic admits that Plaintiffs purport to refer to the entities identified in Paragraph 54 of the Complaint collectively as "Panasonic," but denies the propriety of such grouping.

**"Samsung SDI Entities"**

55.     Panasonic denies the allegations contained in Paragraph 55 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

56.     Panasonic denies the allegations contained in Paragraph 56 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

57.     Panasonic denies the allegations contained in Paragraph 57 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

58.     Panasonic denies the allegations contained in Paragraph 58 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

59.     Panasonic denies the allegations contained in Paragraph 59 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

60.     Panasonic denies the allegations contained in Paragraph 60 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

61.     Panasonic denies the allegations contained in Paragraph 61 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

62.     Panasonic denies the allegations contained in Paragraph 62 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

63.     Panasonic admits that Plaintiffs purports to refer to the entities identified in Paragraph 63 of the Complaint collectively as "Samsung SDI."

**"Toshiba Entities"**

64.     Panasonic denies the allegations contained in Paragraph 64 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that it entered into a joint venture with Toshiba to form MTPD, but avers that MTPD was formed in 2003, not 2002.

65.     Panasonic denies the allegations contained in Paragraph 65 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

66.     Panasonic denies the allegations contained in Paragraph 66 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67.     Panasonic denies the allegations contained in Paragraph 67 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

68.     Panasonic denies the allegations contained in Paragraph 68 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

69.     Panasonic denies the allegations contained in Paragraph 69 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd. ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.  Panasonic further avers that MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

70.     Panasonic admits that Plaintiffs purports to refer to the entities identified in Paragraph 70 of the Complaint collectively as "Toshiba."

**"Thomson Entities"**

71.     Panasonic denies the allegations contained in Paragraph 71 of the Complaint for

lack of knowledge or information sufficient to form a belief as to the truth thereof.

72.     Panasonic denies the allegations contained in Paragraph 72 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

73.     Panasonic denies the allegations contained in Paragraph 73 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

74.     Panasonic admits that Plaintiffs purports to refer to the entities identified in Paragraph 74 of the Complaint collectively as "Thomson."

**"Videocon"**

75.     Panasonic denies the allegations contained in Paragraph 75 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Technologies Displays"**

76.     Panasonic denies the allegations contained in Paragraph 76 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## V.     "AGENTS AND CO-CONSPIRATORS"

77.     Panasonic denies the allegations contained in Paragraph 77 of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

78.     Panasonic denies the allegations contained in Paragraph 78 of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

79.     The allegations contained in Paragraph 79 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint and/or legal conclusions to which no responsive pleading is required.

80.     The allegations contained in Paragraph 80 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 80 of the Complaint as they relate to Panasonic.

81.     The allegations contained in Paragraph 81 of the Complaint include constitute legal

contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"LG Electronics Entities"**

82.    Panasonic denies the allegations contained in Paragraph 82 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"MTPD Entities"**

83.     Panasonic denies the allegations contained in Paragraph 83 of the Complaint in their entirety, except admits that on October 1, 2003,  Matsushita Display Devices Corporation of America ("MDDCA") changed its name to MTPDA(OH), with its principal place of business in Troy, Ohio.   Panasonic further admits that MTPDA(OH) was wholly owned by MT Picture Display of America ("MTPDA"), which in turn was wholly owned by MTPD.  Panasonic further admits that MTPDA(OH) ceased operations by January of 2006, and dissolved on March 27, 2007.

**"Samsung SDI Entities"**

84.    Panasonic denies the allegations contained in Paragraph 84 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Philips Entities"**

85.    Panasonic denies the allegations contained in Paragraph 85 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

86.    Panasonic denies the allegations contained in Paragraph 86 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

87.    Panasonic denies the allegations contained in Paragraph 87 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

88.    Panasonic denies the allegations contained in Paragraph 88 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

89.    Panasonic denies the allegations contained in Paragraph 89 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

90.     Panasonic denies the allegations contained in Paragraph 90 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

91.     Panasonic admits that Plaintiffs purports to refer to the entities identified in Paragraph 91 of the Complaint collectively as "Philips."

**"LP Displays Entities"**

92.     Panasonic denies the allegations contained in Paragraph 92 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

93.     Panasonic denies the allegations contained in Paragraph 93 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

94.     Panasonic denies the allegations contained in Paragraph 94 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

95.     Panasonic denies the allegations contained in Paragraph 95 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Chunghwa Entities"**

96.     Panasonic denies the allegations contained in Paragraph 96 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

97.     Panasonic denies the allegations contained in Paragraph 96 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

98.     Panasonic admits that Plaintiffs purports to refer to the entities identified in Paragraph 98 of the Complaint collectively as "Chunghwa."

**"Irico Entities"**

99.     Panasonic denies the allegations contained in Paragraph 99 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

100.     Panasonic denies the allegations contained in Paragraph 100 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

101.     Panasonic denies the allegations contained in Paragraph 101 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

102.     Panasonic admits that Plaintiffs purports to refer to the entities identified in

Paragraph 102 of the Complaint collectively as "Irico."

**"Samtel"**

103. Panasonic denies the allegations contained in Paragraph 103 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Thai CRT"**

104. Panasonic denies the allegations contained in Paragraph 104 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Orion Entities"**

105. Panasonic denies the allegations contained in Paragraph 105 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

106. Panasonic denies the allegations contained in Paragraph 106 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

107. Panasonic denies the allegations contained in Paragraph 107 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

108. Panasonic admits that Plaintiffs purports to refer to the entities identified in Paragraph 108 of the Complaint collectively as "Orion."

**"Technologies Displays / Videocon Entities"**

109. Panasonic denies the allegations contained in Paragraph 109 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**VI. "TRADE AND COMMERCE"**

110. Panasonic denies the allegations contained in Paragraph 110 of the Complaint as they relate to Panasonic, except admits that certain affiliates of Panasonic have sold CRTs or products containing CRTs in the United States during the purported Relevant Period, and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

111. Panasonic denies the allegations contained in Paragraph 111 of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

13

1    112.   Panasonic denies the allegations contained in Paragraph 112 of the Complaint as
2    they relate to Panasonic and denies the remaining allegations in their entirety for lack of
3    knowledge or information sufficient to form a belief as to the truth thereof.

4    **VII.   "FACTUAL ALLEGATIONS"**

5        **A.   "CRT Technology and Products"**

6    113.   The allegations contained in Paragraph 113 of the Complaint constitute
7    characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is
8    required.  To the extent that a response is required, Panasonic admits that the CRT is a specialized
9    vacuum tube in which images are produced when an electron beam strikes a phosphorescent
10   surface, but otherwise denies the allegations in their entirety for lack of knowledge or information
11   sufficient to form a belief as to the truth thereof.

12   114.   The allegations contained in Paragraph 114 of the Complaint constitute
13   characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is
14   required.  To the extent that a response is required, Panasonic admits that CRT technology was
15   used in making tubes for televisions in the 1990's, but otherwise denies the allegations in their
16   entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17   115.   The allegations contained in Paragraph 115 of the Complaint constitute
18   characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is
19   required.  To the extent that a response is required, Panasonic admits that a lower quality CRT
20   produces a poor display, but otherwise denies the allegations contained in Paragraph 115 of the
21   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22   116.   The allegations contained in Paragraph 116 of the Complaint constitute
23   characterizations of Plaintiffs' Complaint to which no responsive pleading is required.  To the
24   extent that a response is required, Panasonic admits that CRT production was refined over time,
25   but otherwise denies the allegations contained in Paragraph 116 of the Complaint for lack of
26   knowledge or information sufficient to form a belief as to the truth thereof.

27   117.   The allegations in Paragraph 117 of the Complaint constitute characterizations of
28   the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent

14

that a response is required, Panasonic admits that CDTs and CPTs are types of CRTs, admits that CDTs can be used in computer monitors and certain other specialized applications, and admits that CPTs can be used in televisions, but denies the allegations contained in Paragraph 117 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

118.    The allegations contained in Paragraph 118 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 118 of the Complaint.

119.    Panasonic denies the allegations contained in Paragraph 119 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**B.    "Structure of the CRT Industry"**

120.    Panasonic denies the allegations contained in Paragraph 120 of the Complaint.

**1.    "Market Concentration"**

121.    Panasonic denies the allegations contained in the second sentence of Paragraph 121 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

**2.    "Information Sharing"**

122.    Panasonic denies the allegations contained in Paragraph 122 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**3.    "Consolidation"**

123.    Panasonic denies the allegations contained in Paragraph 123 of the Complaint as they relate to Panasonic, except admits that a merger between Toshiba and Panasonic's CRT businesses resulted in the creation of MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  Panasonic avers that MTPD was created in 2003, not 2002.

**4.    "High Costs of Entry Into the Industry"**

124.   Panasonic denies the allegations contained in Paragraph 124 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

125.   Panasonic denies the allegations contained in the first sentence of Paragraph 125 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

### 5.   "Homogeneity of CRTs"

126.   Panasonic denies the allegations contained in Paragraph 126 of the Complaint.

127.   Panasonic denies the allegations contained in Paragraph 127 of the Complaint.

### C.   "International Antitrust Investigations"

128.   Panasonic denies the allegations contained in Paragraph 128 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the United States Department of Justice ("DOJ").

129.   Panasonic denies the allegations contained in Paragraph 129 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by certain foreign competition authorities.

130.   Panasonic denies the allegations contained in Paragraph 130 of the Complaint, except admits that the European Commission issued a press release on November 8, 2007, the details of which are matters of public record.

131.   Panasonic denies the allegations contained in Paragraph 131 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that it made a statement on or around November 9, 2007, which is a matter of public record.

132.   Panasonic denies the allegations contained in of Paragraph 132 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

133.   Panasonic denies the allegations contained in Paragraph 133 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

134.   Panasonic denies the allegations contained in Paragraph 134 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

135.     Panasonic denies the allegations contained in Paragraph 135 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

136.     Panasonic denies the allegations contained in Paragraph 136 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around February 10, 2009, the DOJ issued a press release concerning the indictment of an executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to that document for a review of its contents.

137.     Panasonic denies the allegations contained in Paragraph 137 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around August 19, 2009, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

138.     Panasonic denies the allegations contained in Paragraph 138 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the European Commission issued certain Statements of Objections in November 2009.

139.     Panasonic denies the allegations contained in Paragraph 139 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, excepts admits that on or around March 30, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

140.     Panasonic denies the allegations contained in Paragraph 140 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around November 9, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

141.     Panasonic denies the allegations contained in Paragraph 141 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around March 18, 2011, the DOJ issued a press release concerning a plea agreement

entered into by a CDT industry participant and respectfully refers the Court to that document for a review of its contents.

142.    Panasonic denies the allegations contained in Paragraph 142 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

143.    Panasonic denies the allegations contained in Paragraph 143 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around December 5, 2012, the European Commission issued an announcement of certain fines relating to the CRT industry and respectfully refers the Court to that document for a review of its contents.

144.    Panasonic denies the allegations contained in Paragraph 144 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around December 5, 2012, the European Commission issued an announcement of certain fines relating to the CRT industry and respectfully refers the Court to that document for a review of its contents.

D.    **"Pre-Conspiracy Market"**

145.    Panasonic denies the allegations contained in Paragraph 145 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

146.    Panasonic denies the allegations contained in Paragraph 146 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

E.    **"Defendants' and Co-Conspirators' Illegal Agreements"**

147.    Panasonic denies the allegations contained in Paragraph 147 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

148.    Panasonic denies the allegations contained in Paragraph 148 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

149. Panasonic denies the allegations contained in Paragraph 149 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

150. Panasonic denies the allegations contained in Paragraph 150 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

151. Panasonic denies the allegations contained in Paragraph 151 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

152. Panasonic denies the allegations contained in Paragraph 152 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

153. Panasonic denies the allegations contained in Paragraph 153 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

154. Panasonic denies the allegations contained in Paragraph 154 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 1.   "Glass Meetings"

155. Panasonic denies the allegations contained in Paragraph 155 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

156. Panasonic denies the allegations contained in Paragraph 156 of the Complaint, and its subparts, as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

157. Panasonic denies the allegations contained in Paragraph 157 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

158. Panasonic denies the allegations contained in Paragraph 158 of the Complaint as

19

they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

159.   Panasonic denies the allegations contained in Paragraph 159 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

160.   Panasonic denies the allegations contained in Paragraph 160 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

161.   Panasonic denies the allegations contained in Paragraph 161 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

162.   Panasonic denies the allegations contained in Paragraph 162 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

163.   Panasonic denies the allegations contained in Paragraph 163 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

164.   Panasonic denies the allegations contained in Paragraph 164 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

165.   Panasonic denies the allegations contained in Paragraph 165 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

166.   Panasonic denies the allegations contained in Paragraph 166 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

167.   Panasonic denies the allegations contained in Paragraph 167 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

1 | information sufficient to form a belief as to the truth thereof.

2 | 168. Panasonic denies the allegations contained in Paragraph 168 of the Complaint as

3 | they relate to Panasonic and denies the remaining allegations for lack of knowledge or

4 | information sufficient to form a belief as to the truth thereof.

5 | 169. Panasonic denies the allegations contained in Paragraph 169 of the Complaint as

6 | they relate to Panasonic and denies the remaining allegations for lack of knowledge or

7 | information sufficient to form a belief as to the truth thereof.

8 | 170. Panasonic denies the allegations contained in Paragraph 170 of the Complaint as

9 | they relate to Panasonic and denies the remaining allegations for lack of knowledge or

10 | information sufficient to form a belief as to the truth thereof.

11 | 171. Panasonic denies the allegations contained in Paragraph 171 of the Complaint as

12 | they relate to Panasonic and denies the remaining allegations for lack of knowledge or

13 | information sufficient to form a belief as to the truth thereof.

14 | 172. Panasonic denies the allegations contained in Paragraph 172 of the Complaint as

15 | they relate to Panasonic and denies the remaining allegations for lack of knowledge or

16 | information sufficient to form a belief as to the truth thereof.

17 | 173. Panasonic denies the allegations contained in Paragraph 173 of the Complaint, and

18 | its subparts, as they relate to Panasonic and denies the remaining allegations for lack of

19 | knowledge or information sufficient to form a belief as to the truth thereof.

20 | **2.    "Bilateral Discussions"**

21 | 174. Panasonic denies the allegations contained in Paragraph 174 of the Complaint as

22 | they relate to Panasonic and denies the remaining allegations for lack of knowledge or

23 | information sufficient to form a belief as to the truth thereof.

24 | 175. Panasonic denies the allegations contained in Paragraph 175 of the Complaint for

25 | lack of knowledge or information sufficient to form a belief as to the truth thereof.

26 | 176. Panasonic denies the allegations contained in Paragraph 176 of the Complaint for

27 | lack of knowledge or information sufficient to form a belief as to the truth thereof.

28 | 177. Panasonic denies the allegations contained in Paragraph 177 of the Complaint as

they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

178.    Panasonic denies the allegations contained in Paragraph 178 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 3.    "Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions"

179.    Certain of the allegations contained in Paragraph 179 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 179 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

180.    Panasonic denies the allegations contained in Paragraph 180 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

181.    Panasonic denies the allegations contained in Paragraph 181 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

182.    Panasonic denies the allegations contained in Paragraph 182 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

183.    Panasonic denies the allegations contained in Paragraph 183 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

184.    Panasonic denies the allegations contained in Paragraph 184 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

185.    Panasonic denies the allegations contained in Paragraph 185 of the Complaint in

1   their entirety.

2        186.    Panasonic denies the allegations contained in Paragraph 186 of the Complaint in

3   their entirety.

4        187.    Panasonic denies the allegations contained in Paragraph 187 of the Complaint in

5   their entirety.

6        188.    Panasonic denies the allegations contained in Paragraph 188 of the Complaint as

7   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

8   information sufficient to form a belief as to the truth thereof.

9        189.    Panasonic denies the allegations contained in Paragraph 189 of the Complaint as

10   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

11   information sufficient to form a belief as to the truth thereof.

12       190.    Panasonic denies the allegations contained in Paragraph 190 of the Complaint as

13   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

14   information sufficient to form a belief as to the truth thereof.

15       191.    Panasonic denies the allegations contained in Paragraph 191 of the Complaint as

16   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

17   information sufficient to form a belief as to the truth thereof.

18       192.    Panasonic denies the allegations contained in Paragraph 192 of the Complaint as

19   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

20   information sufficient to form a belief as to the truth thereof.

21       193.    Panasonic denies the allegations contained in Paragraph 193 of the Complaint as

22   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

23   information sufficient to form a belief as to the truth thereof.

24       194.    Panasonic denies the allegations contained in Paragraph 194 of the Complaint as

25   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

26   information sufficient to form a belief as to the truth thereof.

27       195.    Panasonic denies the allegations contained in Paragraph 195 of the Complaint as

28   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

23

1    information sufficient to form a belief as to the truth thereof.

2        196.   Panasonic denies the allegations contained in Paragraph 196 of the Complaint as

3    they relate to Panasonic and denies the remaining allegations for lack of knowledge or

4    information sufficient to form a belief as to the truth thereof.

5        197.   Panasonic denies the allegations contained in Paragraph 197 of the Complaint as

6    they relate to Panasonic and denies the remaining allegations for lack of knowledge or

7    information sufficient to form a belief as to the truth thereof.

8        198.   Panasonic denies the allegations contained in Paragraph 198 of the Complaint as

9    they relate to Panasonic and denies the remaining allegations for lack of knowledge or

10   information sufficient to form a belief as to the truth thereof.

11       199.   Panasonic denies the allegations contained in Paragraph 199 of the Complaint as

12   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

13   information sufficient to form a belief as to the truth thereof.

14       200.   Panasonic denies the allegations contained in Paragraph 200 of the Complaint as

15   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

16   information sufficient to form a belief as to the truth thereof.

17       201.   Panasonic denies the allegations contained in Paragraph 201 of the Complaint as

18   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

19   information sufficient to form a belief as to the truth thereof.

20       202.   Panasonic denies the allegations contained in Paragraph 202 of the Complaint as

21   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

22   information sufficient to form a belief as to the truth thereof.

23       203.   Panasonic denies the allegations contained in Paragraph 203 of the Complaint as

24   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

25   information sufficient to form a belief as to the truth thereof.

26       204.   Panasonic denies the allegations contained in Paragraph 204 of the Complaint as

27   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

28   information sufficient to form a belief as to the truth thereof.

205.    Panasonic denies the allegations contained in Paragraph 205 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

206.    Panasonic denies the allegations contained in Paragraph 206 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**F.    "The CRT Market During the Conspiracy"**

207.    Panasonic denies the allegations contained in Paragraph 207 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

208.    Panasonic denies the allegations contained in Paragraph 208 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

209.    Panasonic denies the allegations contained in Paragraph 209 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**G.    "Effects of Defendants' Antitrust Violations"**

210.    Panasonic denies the allegations contained in Paragraph 210 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**1.    "Examples of Collusive Pricing for CRTs"**

211.    Panasonic denies the allegations contained in Paragraph 211 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

212.    Panasonic denies the allegations contained in Paragraph 212 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

213.    Panasonic denies the allegations contained in Paragraph 213 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

214.    Panasonic denies the allegations contained in Paragraph 214 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

215.    Panasonic denies the allegations contained in Paragraph 215 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

216.    Panasonic denies the allegations contained in Paragraph 216 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

>               2.    "**Examples of Reductions in Manufacturing Capacity by Defendants**"

217.    Panasonic denies the allegations contained in Paragraph 217 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

218.    Panasonic denies the allegations contained in Paragraph 218 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

219.     Panasonic denies the allegations contained in Paragraph 219 of the Complaint, except admits that MTPD's subsidiary in New York ceased operations in December 2004, and admits that a press release contained the phrases quoted in Paragraph 219 of the Complaint

220.    Panasonic denies the allegations contained in Paragraph 220 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

221.    Panasonic denies the allegations contained in Paragraph 221 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except avers that it was announced on November 30, 2005, not in December 2005, that MTPD's American subsidiary in Ohio and German subsidiary would discontinue operations.

222.    Panasonic denies the allegations contained in Paragraph 222 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

223.    Panasonic denies the allegations contained in Paragraph 223 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**H.    "Summary Of Effects Of The Conspiracy Involving CRTs"**

224.    Panasonic denies the allegations contained in Paragraph 224 of the Complaint, including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1   **VII.   "PLAINTIFFS' INJURIES"**

2       225.    Panasonic denies the allegations contained in Paragraph 225 of the Complaint as

3   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

4   information sufficient to form a belief as to the truth thereof.

5       226.    Panasonic denies the allegations contained in Paragraph 226 of the Complaint as

6   they relate to Panasonic and denies the remaining allegations in their entirety for lack of

7   knowledge or information sufficient to form a belief as to the truth thereof.

8       227.    Panasonic denies the allegations contained in Paragraph 227 of the Complaint as

9   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

10  information sufficient to form a belief as to the truth thereof.

11      228.    Panasonic denies the allegations contained in Paragraph 228 of the Complaint as

12  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

13  information sufficient to form a belief as to the truth thereof.

14      229.    Panasonic denies the allegations contained in Paragraph 229 of the Complaint as

15  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

16  information sufficient to form a belief as to the truth thereof.

17  **IX.   "TOLLING"**

18      230.    The allegations contained in Paragraph 230 of the Complaint constitute legal

19  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

20  response is required, Panasonic denies the allegations contained in Paragraph 230 of the

21  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

22  or information sufficient to form a belief as to the truth thereof, except admits that an alleged

23  conspiracy concerning CRTs is or was being investigated by the DOJ and by certain foreign

24  competition authorities.

25      231.    The allegations contained in Paragraph 231 of the Complaint constitute legal

26  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

27  response is required, Panasonic denies the allegations contained in Paragraph 231 of the

28  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

1   or information sufficient to form a belief as to the truth thereof.

2   **IX.    "FRAUDULENT CONCEALMENT"**

3       232.    Panasonic denies the allegations contained in Paragraph 232 of the Complaint as

4   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

5   information sufficient to form a belief as to the truth thereof.

6       233.    Panasonic denies the allegations contained in Paragraph 233 of the Complaint as

7   they relate to Panasonic and denies the remaining allegations for lack of knowledge or

8   information sufficient to form a belief as to the truth thereof.

9       234.    Panasonic denies the allegations contained in Paragraph 234 of the Complaint as

10  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

11  information sufficient to form a belief as to the truth thereof.

12      235.    Panasonic denies the allegations contained in Paragraph 235 of the Complaint as

13  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

14  information sufficient to form a belief as to the truth thereof.

15      236.    Panasonic denies the allegations contained in Paragraph 236 of the Complaint as

16  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

17  information sufficient to form a belief as to the truth thereof.

18      237.    Panasonic denies the allegations contained in Paragraph 237 of the Complaint as

19  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

20  information sufficient to form a belief as to the truth thereof.

21      238.    Panasonic denies the allegations contained in Paragraph 238 the Complaint as they

22  relate to Panasonic and denies the remaining allegations for lack of knowledge or information

23  sufficient to form a belief as to the truth thereof.

24      239.    Panasonic denies the allegations contained in Paragraph 239 of the Complaint as

25  they relate to Panasonic and denies the remaining allegations for lack of knowledge or

26  information sufficient to form a belief as to the truth thereof.  With respect to the documents

27  purportedly quoted in Paragraph 239, Panasonic refers Plaintiffs to the referenced documents for a

28  description of their contents.

240.    Panasonic denies the allegations contained in Paragraph 240 of the Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

241.    Panasonic denies the allegations contained in Paragraph 241 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

242.    Panasonic denies the allegations contained in Paragraph 242 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

243.    Panasonic denies the allegations contained in Paragraph 243 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

244.    Panasonic denies the allegations contained in Paragraph 244 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

245.    Panasonic denies the allegations contained in Paragraph 245 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

246.    Panasonic denies the allegations contained in Paragraph 246 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

247.    Panasonic denies the allegations contained in Paragraph 247 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

248.    Panasonic denies the allegations contained in Paragraph 248 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

249.    Panasonic denies the allegations contained in Paragraph 249 of the Complaint as

they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**XI.   "CLAIM FOR VIOLATIONS"**

**"First Claim for Relief"**

**"(Violation of Section 1 of the Sherman Act, 15 U.S.C. § 1)"**

250.    Panasonic incorporates and realleges its responses to Paragraphs 1-249 above, as if fully set forth herein.

251.    The allegations contained in Paragraph 251 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 251 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

252.    The allegations contained in Paragraph 252 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 252 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

253.    The allegations contained in Paragraph 253 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 253 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

254.    The allegations contained in Paragraph 254 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 254 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

255.    The allegations contained in Paragraph 255 of the Complaint constitute legal

contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 255 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

256.   The allegations contained in Paragraph 256 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 256 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

<div align="center">

**"Second Claim for Relief"**

**"(Violation of the California Cartwright Act)"**

</div>

257.   Panasonic incorporates and realleges its responses to Paragraphs 1-256 above, as if fully set forth herein.

258.   The allegations contained in Paragraph 258 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 258 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 258 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

259.   Panasonic denies the allegations contained in Paragraph 259 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 259 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

260.   The allegations contained in Paragraph 260 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 260 of the

<div align="center">31</div>

Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 260 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

261.   The allegations contained in Paragraph 261 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 261 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 261 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

262.   The allegations contained in Paragraph 262 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 262 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 262 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

263.   Panasonic denies the allegations contained in Paragraph 263 of the Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 263 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

264.   Panasonic denies the allegations contained in Paragraph 264 of the Complaint, including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 264 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

265.    Panasonic denies the allegations contained in Paragraph 265 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 265 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

266.    The allegations contained in Paragraph 266 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 266 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 266 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

**"Third Claim for Relief"**

**"(Violation of California Unfair Competition Law)"**

267.    Panasonic incorporates and realleges its responses to Paragraphs 1-266 above, as if fully set forth herein.

268.    The allegations contained in Paragraph 268 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 268 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 268 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

269.    The allegations contained in Paragraph 269 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 269 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 269

1    relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

2    2014 order (Dkt. No. 2433), no response is required.

3            270.    The allegations contained in Paragraph 270 of the Complaint constitute legal

4    contentions and/or conclusions to which no response is required.  To the extent that a response is

5    required, Panasonic denies the allegations contained in Paragraph 270 of the Complaint as they

6    relate to Panasonic and denies the remaining allegations for lack of knowledge or information

7    sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 270

8    relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

9    2014 order (Dkt. No. 2433), no response is required.

10           271.    The allegations contained in Paragraph 271 of the Complaint constitute legal

11   contentions and/or conclusions to which no response is required.  To the extent that a response is

12   required, Panasonic denies the allegations contained in Paragraph 271 of the Complaint as they

13   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

14   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 271

15   relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

16   2014 order (Dkt. No. 2433), no response is required.

17           272.    The allegations contained in Paragraph 272 of the Complaint constitute legal

18   contentions and/or conclusions to which no response is required.  To the extent that a response is

19   required, Panasonic denies the allegations contained in Paragraph 272 of the Complaint as they

20   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

21   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 272

22   relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

23   2014 order (Dkt. No. 2433), no response is required.

24           273.    The allegations contained in Paragraph 273 of the Complaint constitute legal

25   contentions and/or conclusions to which no response is required.  To the extent that a response is

26   required, Panasonic denies the allegations contained in Paragraph 273 of the Complaint as they

27   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

28   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 273

1    relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

2    2014 order (Dkt. No. 2433), no response is required.

3         274.   The allegations contained in Paragraph 274 of the Complaint constitute legal

4    contentions and/or conclusions to which no response is required.  To the extent that a response is

5    required, Panasonic denies the allegations contained in Paragraph 274 of the Complaint as they

6    relate to Panasonic and denies the remaining allegations for lack of knowledge or information

7    sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 274

8    relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

9    2014 order (Dkt. No. 2433), no response is required.

10        275.   The allegations contained in Paragraph 275 of the Complaint constitute legal

11   contentions and/or conclusions to which no response is required.  To the extent that a response is

12   required, Panasonic denies the allegations contained in Paragraph 275 of the Complaint as they

13   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

14   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 275

15   relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

16   2014 order (Dkt. No. 2433), no response is required.

17                          **"Fourth Claim for Relief"**

18                     **"(Violation of the New York Donnelly Act)"**

19        276.   Panasonic incorporates and realleges its responses to Paragraphs 1-275 above, as if

20   fully set forth herein.

21        277.   The allegations contained in Paragraph 277 of the Complaint constitute legal

22   contentions and/or conclusions to which no response is required.  To the extent that a response is

23   required, Panasonic denies the allegations contained in Paragraph 277 of the Complaint as they

24   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

25   sufficient to form a belief as to the truth thereof.

26        278.   The allegations contained in Paragraph 278 of the Complaint constitute legal

27   contentions and/or conclusions to which no response is required.  To the extent that a response is

28   required, Panasonic denies the allegations contained in Paragraph 278 of the Complaint as they

relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

279.   The allegations contained in Paragraph 279 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 279 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

280.   The allegations contained in Paragraph 280 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 280 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

281.   The allegations contained in Paragraph 281 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 281 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

282.   The allegations contained in Paragraph 282 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 282 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## "Fifth Claim for Relief"

### "(Violation of New York Unfair Competition Law)"

283.   Panasonic incorporates and realleges its responses to Paragraphs 1-282 above, as if fully set forth herein.

284.   The allegations contained in Paragraph 284 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is

36

1    required, Panasonic denies the allegations contained in Paragraph 284 of the Complaint as they

2    relate to Panasonic and denies the remaining allegations for lack of knowledge or information

3    sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 284

4    relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

5    2014 order (Dkt. No. 2433), no response is required.

6         285.    The allegations contained in Paragraph 285 of the Complaint constitute legal

7    contentions and/or conclusions to which no response is required.  To the extent that a response is

8    required, Panasonic denies the allegations contained in Paragraph 285 of the Complaint as they

9    relate to Panasonic and denies the remaining allegations for lack of knowledge or information

10   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 285

11   relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

12   2014 order (Dkt. No. 2433), no response is required.

13        286.    The allegations contained in Paragraph 286 of the Complaint constitute legal

14   contentions and/or conclusions to which no response is required.  To the extent that a response is

15   required, Panasonic denies the allegations contained in Paragraph 286 of the Complaint as they

16   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

17   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 286

18   relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

19   2014 order (Dkt. No. 2433), no response is required.

20        287.    The allegations contained in Paragraph 287 of the Complaint constitute legal

21   contentions and/or conclusions to which no response is required.  To the extent that a response is

22   required, Panasonic denies the allegations contained in Paragraph 287 of the Complaint as they

23   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

24   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 287

25   relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

26   2014 order (Dkt. No. 2433), no response is required.

27        288.    The allegations contained in Paragraph 288 of the Complaint constitute legal

28   contentions and/or conclusions to which no response is required.  To the extent that a response is

1   required, Panasonic denies the allegations contained in Paragraph 288 of the Complaint as they

2   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

3   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 288

4   relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

5   2014 order (Dkt. No. 2433), no response is required.

6       289.    The allegations contained in Paragraph 289 of the Complaint constitute legal

7   contentions and/or conclusions to which no response is required.  To the extent that a response is

8   required, Panasonic denies the allegations contained in Paragraph 289 of the Complaint as they

9   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 289

11  relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

12  2014 order (Dkt. No. 2433), no response is required.

13                          **"Sixth Claim for Relief"**

14              **"(New Jersey Antitrust Act, N.J. Stat. § 56:901 *et seq*.)"**

15      290.    Panasonic incorporates and realleges its responses to Paragraphs 1-289 above, as if

16  fully set forth herein.

17      291.    The allegations contained in Paragraph 291 of the Complaint constitute legal

18  contentions and/or conclusions to which no response is required.  To the extent that a response is

19  required, Panasonic denies the allegations contained in Paragraph 291 of the Complaint as they

20  relate to Panasonic and denies the remaining allegations for lack of knowledge or information

21  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 291

22  relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

23  2014 order (Dkt. No. 2433), no response is required.

24      292.    The allegations contained in Paragraph 292 of the Complaint constitute legal

25  contentions and/or conclusions to which no response is required.  To the extent that a response is

26  required, Panasonic denies the allegations contained in Paragraph 292 of the Complaint as they

27  relate to Panasonic and denies the remaining allegations for lack of knowledge or information

28  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 292

1    relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

2    2014 order (Dkt. No. 2433), no response is required.

3        293.    The allegations contained in Paragraph 293 of the Complaint constitute legal

4    contentions and/or conclusions to which no response is required.  To the extent that a response is

5    required, Panasonic denies the allegations contained in Paragraph 293 of the Complaint as they

6    relate to Panasonic and denies the remaining allegations for lack of knowledge or information

7    sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 293

8    relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

9    2014 order (Dkt. No. 2433), no response is required.

10       294.    The allegations contained in Paragraph 294 of the Complaint constitute legal

11   contentions and/or conclusions to which no response is required.  To the extent that a response is

12   required, Panasonic denies the allegations contained in Paragraph 294 of the Complaint as they

13   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

14   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 294

15   relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

16   2014 order (Dkt. No. 2433), no response is required.

17       295.    The allegations contained in Paragraph 295 of the Complaint constitute legal

18   contentions and/or conclusions to which no response is required.  To the extent that a response is

19   required, Panasonic denies the allegations contained in Paragraph 295 of the Complaint as they

20   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

21   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 295

22   relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

23   2014 order (Dkt. No. 2433), no response is required.

24       296.    The allegations contained in Paragraph 296 of the Complaint constitute legal

25   contentions and/or conclusions to which no response is required.  To the extent that a response is

26   required, Panasonic denies the allegations contained in Paragraph 296 of the Complaint as they

27   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

28   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 296

1   relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

2   2014 order (Dkt. No. 2433), no response is required.

3                              "**Seventh Claim for Relief**"

4                  "**(Violation of Tennessee Code Ann. §§ 47-258-101 *et seq*.)**"

5          297.    Panasonic incorporates and realleges its responses to Paragraphs 1-296 above, as if

6   fully set forth herein.

7          298.    The allegations contained in Paragraph 298 of the Complaint constitute legal

8   contentions and/or conclusions to which no response is required.  To the extent that a response is

9   required, Panasonic denies the allegations contained in Paragraph 298 of the Complaint as they

10  relate to Panasonic and denies the remaining allegations for lack of knowledge or information

11  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 298

12  relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

13  2014 order (Dkt. No. 2433), no response is required.

14         299.    Panasonic denies the allegations contained in Paragraph 299 of the Complaint for

15  lack of knowledge or information sufficient to form a belief as to the truth thereof.

16         300.    The allegations contained in Paragraph 300 of the Complaint constitute legal

17  contentions and/or conclusions to which no response is required.  To the extent that a response is

18  required, Panasonic denies the allegations contained in Paragraph 300 of the Complaint as they

19  relate to Panasonic and denies the remaining allegations for lack of knowledge or information

20  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 300

21  relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

22  2014 order (Dkt. No. 2433), no response is required.

23         301.    The allegations contained in Paragraph 301 of the Complaint constitute legal

24  contentions and/or conclusions to which no response is required.  To the extent that a response is

25  required, Panasonic denies the allegations contained in Paragraph 301 of the Complaint as they

26  relate to Panasonic and denies the remaining allegations for lack of knowledge or information

27  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 301

28  relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

1    2014 order (Dkt. No. 2433), no response is required.

2         302.    The allegations contained in Paragraph 302 of the Complaint constitute legal

3    contentions and/or conclusions to which no response is required.  To the extent that a response is

4    required, Panasonic denies the allegations contained in Paragraph 302 of the Complaint as they

5    relate to Panasonic and denies the remaining allegations for lack of knowledge or information

6    sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 302

7    relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

8    2014 order (Dkt. No. 2433), no response is required.

9    **XII.    "DAMAGES"**

10        303.    The allegations contained in Paragraph 303 of the Complaint constitute legal

11   contentions and/or conclusions to which no response is required.  To the extent that a response is

12   required, Panasonic denies the allegations contained in Paragraph 303 of the Complaint as they

13   relate to Panasonic and denies the remaining allegations for lack of knowledge or information

14   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 303

15   relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

16   2014 order (Dkt. No. 2433), no response is required.

17   **XIII.   "PRAYER FOR RELIEF"**

18        Panasonic denies that Plaintiffs suffered any injury or incurred any damages by

19   any act or omission of Panasonic as alleged in the Complaint, and further denies that Plaintiffs is

20   entitled to any relief under any theory by means of the allegations set forth in each of the

21   paragraphs and their subparts in the Complaint.

22   **XII.    "JURY TRIAL DEMAND"**

23        The allegations contained under the heading "Jury Trial Demand" contain no

24   factual assertions for which a response is required.  To the extent that a response is required,

25   Panasonic denies the allegations contained under the heading "Jury Trial Demand" in their

26   entirety, except admits that Plaintiffs demand a trial by jury.

27

28

DEFENDANT PANASONIC CORPORATION'S                                    Case No. 07-5944 SC
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT                  MDL NO. 1917

1

## DEFENSES

2        FURTHER, Panasonic asserts the following defenses and affirmative defenses to

3   the Complaint.  Panasonic does not concede that it has the burden of proof as to any of the

4   defenses listed below:

5

## FIRST DEFENSE

6

### (Failure to State a Claim for Relief)

7        Neither Plaintiffs' Complaint nor any claim for relief asserted therein states facts

8   sufficient to constitute a claim for relief against Panasonic.

9

## SECOND DEFENSE

10

### (Statute of Limitations)

11        The relief sought by Plaintiffs is barred, in whole or in part, by the applicable

12   statutes of limitations.

13

## THIRD DEFENSE

14

### (Actual and Proximate Injury)

15        The relief sought by Plaintiffs is barred, in whole or in part, because the Plaintiffs

16   were not actually and proximately injured in their business or property by reason of any action(s)

17   or omission(s) of Panasonic.

18

## FOURTH DEFENSE

19

### (No Damages)

20        The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs has

21   suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent

22   that Plaintiffs purportedly suffered injury or damage, which Panasonic specifically denies,

23   Panasonic further contends that any such purported injury or damage was not by reason of any act

24   or omission of Panasonic.

25

26

27

28

1

**FIFTH DEFENSE**

2

(No Antitrust Injury)

3        The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs has

4    failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to

5    remedy.

6

**SIXTH DEFENSE**

7

(Speculative Damages)

8        The relief sought by Plaintiffs is barred, in whole or in part, because the alleged

9    damages sought are too speculative and uncertain, and because of the impossibility of the

10   ascertainment and allocation of such alleged damages.

11

**SEVENTH DEFENSE**

12

(Mitigation)

13       The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs has

14   failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

15

**EIGHTH DEFENSE**

16

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

17       The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs has

18   failed to allege fraud or fraudulent concealment with sufficient particularity.

19

**NINTH DEFENSE**

20

(Failure to Plead Conspiracy with Particularity)

21       The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs has

22   failed to allege conspiracy with sufficient particularity.

23

**TENTH DEFENSE**

24

(Lack of Standing to Sue for Injuries Alleged)

25       The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs lack

26   standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiffs purchased

27   products containing CRTs, as opposed to CRTs themselves, its alleged injuries are even more

28

DEFENDANT PANASONIC CORPORATION'S
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

1  speculative, derivative, indirect, and remote.  Plaintiffs' damage claims create an impermissible

2  risk of duplicative recoveries and complex damage apportionment.

3  <center>**ELEVENTH DEFENSE**</center>

4  <center>(Due Process)</center>

5  To the extent Plaintiffs' claims would result in Panasonic paying damages to more

6  than one claimant for the same alleged overcharges to customers, they are barred because such

7  multiple liability would violate rights guaranteed to Panasonic by the United States Constitution,

8  including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth

9  Amendment, and by applicable state law.

10  <center>**TWELFTH DEFENSE**</center>

11  <center>(Other/Superseding Causation)</center>

12  The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs'

13  damages, if any, resulted from the acts or omissions of third parties over whom Panasonic had no

14  control or responsibility.  The acts of such third parties constitute intervening or superseding cases

15  of harm, if any, suffered by Plaintiffs.

16  <center>**THIRTEENTH DEFENSE**</center>

17  <center>(Waiver and Estoppel)</center>

18  The relief sought by Plaintiffs is barred, in whole or in part, by the doctrines of

19  waiver and/or estoppel.

20  <center>**FOURTEENTH DEFENSE**</center>

21  <center>(Laches)</center>

22  The relief sought by Plaintiffs is barred, in whole or in part, by the equitable

23  doctrine of laches.

24

25

26

27

28

<center>44</center>

## FIFTEENTH DEFENSE

### (Unclean Hands)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTEENTH DEFENSE

### (Unjust Enrichment)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.

## SEVENTEENTH DEFENSE

### (Adequate Remedy at Law)

The equitable relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs has available an adequate remedy at law.

## EIGHTEENTH DEFENSE

### (Comparative Fault)

The relief sought by Plaintiffs is barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which Panasonic specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than Panasonic.

## NINETEENTH DEFENSE

### (Acquiescence)

The relief sought by Plaintiffs is barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to Panasonic.

## TWENTIETH DEFENSE

### (No Detrimental Reliance)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

1

**TWENTY-FIRST DEFENSE**

2

(Set Off)

3    Without admitting that Plaintiffs is entitled to recover damages in this matter,

4 Panasonic is entitled to set off from any recovery Plaintiffs may obtain against Panasonic, any

5 amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims

6 in this matter.

7

**TWENTY-SECOND DEFENSE**

8

(Failure to State a Claim for Injunctive Relief)

9    The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs has

10 failed to state a claim for injunctive relief insofar as Plaintiffs seeks to enjoin alleged events that

11 have already transpired without the requisite showing of threatened harm or continuing harm.

12

**TWENTY-THIRD DEFENSE**

13

(Lack of Jurisdiction)

14    The relief sought by Plaintiffs is barred, in whole or in part, because any alleged

15 conduct of Panasonic occurred outside of the jurisdiction of the Court.

16

**TWENTY-FOURTH DEFENSE**

17

(Foreign Trade Antitrust Improvements Act)

18    The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs has

19 failed to make a single specific allegation to support the claim that the alleged conduct had "a

20 direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman

21 Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. §

22 6a.

23

24

25

26

27

28

DEFENDANT PANASONIC CORPORATION'S                                      Case No. 07-5944 SC
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT                    MDL NO. 1917

1

## **TWENTY-FIFTH DEFENSE**

2

(Foreign Conduct)

3      Plaintiffs' claims are barred to the extent that they are based on conduct beyond the

4   territorial reach of the laws or courts of the United States.

5

## **TWENTY-SIXTH DEFENSE**

6

(Damages Not Passed Through To Plaintiffs)

7      The relief sought by Plaintiffs is barred, in whole or in part, because any injury or

8   damage alleged in the Complaint was not incurred by or passed on to Plaintiffs, or was incurred

9   by or passed on to persons or entities other than Plaintiffs.

10

## **TWENTY-SEVENTH DEFENSE**

11

(Damages Passed On)

12      The relief sought by Plaintiffs is barred, in whole or in part, because any injury or

13   damage alleged in the Complaint, which Panasonic specifically denies, was passed on to persons

14   or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

15

## **TWENTY-EIGHTH DEFENSE**

16

(No Unreasonable Restraint Of Trade)

17      The relief sought by Plaintiffs is barred, in whole or in part, because the alleged

18   conduct of Panasonic did not unreasonably restrain trade.

19

## **TWENTY-NINTH DEFENSE**

20

(Acts Outside The Jurisdiction)

21      The relief sought by Plaintiffs is barred, in whole or in part, to the extent

22   Panasonic's alleged conduct occurred outside the jurisdiction of this Court and/or was neither

23   directed to nor affected persons, entities, or commerce in the various States cited.

24

## **THIRTIETH DEFENSE**

25

(Restitution Unmanageable And Inequitable)

26      The relief sought by Plaintiffs is barred, in whole or in part, to the extent the

27   restitution sought in the Complaint is unmanageable and inequitable.

28

DEFENDANT PANASONIC CORPORATION'S                                    Case No. 07-5944 SC
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT                    MDL NO. 1917

**THIRTY-FIRST DEFENSE**

(Lack of Standing as Indirect Purchasers)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the various States cited have not repealed the *Illinois Brick* doctrine.

**THIRTY-SECOND DEFENSE**

(Claims Barred)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs have failed to exhaust all remedies against Panasonic.

**THIRTY-THIRD DEFENSE**

(Private Claim Cannot Be Brought In A Representative Capacity)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs brings any claims in a representative capacity, to the extent a private claim may not be brought in a representative capacity under the laws of various states.

**THIRTY-FOURTH DEFENSE**

(Goods Not Purchased Primarily For Personal, Family, or Household Purposes)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent that any Plaintiffs did not purchase goods primarily for personal, family, or household purposes.

**THIRTY-FIFTH DEFENSE**

(Independent, Legitimate Business and Economic Justification)

The relief sought by Plaintiffs is barred, in whole or in part, because any conduct engaged in by Panasonic was reasonable and based on independent, legitimate business and economic justification.

**THIRTY-SIXTH DEFENSE**

(Attorneys' Fees)

Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is not allowed under applicable federal or state law.

**THIRTY-SEVENTH DEFENSE**

(Lack of Sufficient Contacts to States)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs' claims lack sufficient contacts to the states under whose laws they are brought, in violation of rights guaranteed to Panasonic by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable state and federal law.

**THIRTY-EIGHTH DEFENSE**

(Forum Non Conveniens)

Plaintiffs' claims are barred, in whole or in part, because of the doctrine of forum non conveniens.

**INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES**

Panasonic hereby incorporates by reference, as if set forth fully herein, all other defenses and affirmative defenses to the Complaint alleged by any other defendant. Panasonic presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses. Panasonic reserves the right to assert other defenses and affirmative defenses as this action proceeds, the right to file an amended answer asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event that discovery indicates that such pleadings are appropriate.

WHEREFORE, Panasonic prays for judgment as follows:

1.  That Plaintiffs take nothing under the Complaint, and the Complaint be dismissed with prejudice;

2.  That judgment be entered in favor of Panasonic and against Plaintiffs on each and every cause of action set forth in the Complaint;

3.  That Panasonic recover its costs of suit and attorneys' fees incurred herein; and

4.  That Panasonic be granted such other and further relief as the Court deems just and proper.

Dated: March 27, 2014

By:   */s/ Adam C. Hemlock*

DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com
DAVID E. YOLKUT (*pro hac vice*)
E-mail: david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

BAMBO OBARO (SBN 267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: bambo.obaro@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-4692
Facsimile: (212) 294-4700

***Attorneys for Defendant Panasonic Corporation***