DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: david.yohai@weil.com

BAMBO OBARO (SBN 267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: bambo.obaro@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: jkessler@winston.com

*Attorneys for Defendant Panasonic Corporation of North America*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>SHARP ACTION<br>No. 3:13-cv-01173-SC | **Case No. 07-5944 SC**<br>**MDL No. 1917**<br><br>**DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA's ANSWER TO SHARP ELECTRONICS CORPORATION'S AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S FIRST AMENDED COMPLAINT** |

1   Defendant PANASONIC CORPORATION OF NORTH AMERICA ("PNA"), by and

2   through its attorneys, answers the allegations set forth in the First Amended Complaint filed

3   October 28, 2013 (the "Complaint") by plaintiffs Sharp Electronics Corporation and Sharp

4   Electronics Manufacturing Company of America, Inc. ("Plaintiffs"), and alleges additional or

5   affirmative defenses as follows.  To the extent not specifically admitted herein, all allegations of

6   the Complaint are denied.  Furthermore, the section headings included herein are included only

7   for purposes of clarity and organization, and PNA does not admit, but rather hereby specifically

8   denies, any factual or legal allegations in the headings used in the Complaint.

9   **I.    "INTRODUCTION"**

10   1.    PNA denies the allegations contained in Paragraph 1 of the Complaint as they

11   relate to PNA and denies the remaining allegations for lack of knowledge or information

12   sufficient to form a belief as to the truth thereof.

13   2.    PNA denies the allegations contained in Paragraph 2 of the Complaint as they

14   relate to PNA and denies the remaining allegations for lack of knowledge or information

15   sufficient to form a belief as to the truth thereof.

16   3.    The allegations contained in Paragraph 3 of the Complaint constitute

17   characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

18   required.  To the extent that a response is required, PNA denies all of the allegations, except

19   admits that color display tubes ("CDTs") can be used in computer monitors and certain other

20   specialized applications, admits that color picture tubes ("CPTs") can be used in televisions,

21   admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various

22   times certain affiliates of PNA manufactured some CRTs and some products containing CRTs.

23   4.    PNA denies the allegations contained in Paragraph 4 of the Complaint as they

24   relate to PNA and denies the remaining allegations for lack of knowledge or information

25   sufficient to form a belief as to the truth thereof.

26   5.    PNA denies the allegations contained in Paragraph 5 of the Complaint as they

27   relate to PNA and denies the remaining allegations for lack of knowledge or information

28   sufficient to form a belief as to the truth thereof.

6.      PNA denies the allegations contained in Paragraph 6 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.      PNA denies the allegations contained in Paragraph 7 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8.      PNA denies the allegations contained in Paragraph 8 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

9.      PNA denies the allegations contained in Paragraph 9 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the United States Department of Justice ("DOJ"), and by certain foreign competition authorities, and that it has been publicly reported that individuals have been indicted in connection with the DOJ investigation.

10.      PNA denies the allegations contained in Paragraph 10 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around March 18, 2011, the DOJ issued a press release concerning Samsung SDI Company, Ltd. and that on or around May 17, 2011, an amended plea agreement was filed in an action brought by the United States against Samsung SDI Company, Ltd.; PNA respectfully refers the Court to those documents for a review of their contents.

11.      PNA denies the allegations contained in Paragraph 11 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## II.      "JURISDICTION AND VENUE"

12.      PNA denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiffs purports to bring this action pursuant to the federal statutes identified therein and seek the relief sought therein.

13.      PNA denies the allegations contained in Paragraph 13 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the state statutes identified therein

and seek the relief sought therein.  To the extent the allegations in Paragraph 13 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

14.     PNA denies the allegations contained in Paragraph 14 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the state statutes identified therein and seek the relief sought therein.  To the extent the allegations in Paragraph 14 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

15.     PNA denies the allegations contained in Paragraph 15 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the state statute identified therein and seek the relief sought therein.  To the extent the allegations in Paragraph 15 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

16.     PNA denies the allegations contained in Paragraph 16 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the state statute identified therein and seek the relief sought therein.  To the extent the allegations in Paragraph 16 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

17.     The allegations contained in Paragraph 17 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 17 of the Complaint, except admits that Plaintiffs purport to base subject matter jurisdiction on the federal statutes identified therein.

18.     PNA denies the allegations contained in Paragraph 18 of the Complaint as they relate to PNA, except admits that certain affiliates of PNA have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19.     The allegations contained in Paragraph 19 of the Complaint regarding jurisdiction

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

include legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA except admits that it or certain of its affiliates have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20.     The allegations contained in Paragraph 20 of the Complaint regarding venue include legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA except admits that it or certain of its affiliates have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

III.     "**MULTIDISTRICT AND INTRADISTRICT ASSIGNMENT**"

21.     The allegations contained in Paragraph 21 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

IV.     "**PARTIES**"

A.     "**Plaintiffs Sharp Corporation**"

22.     PNA denies the allegations contained in Paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

23.     PNA denies the allegations contained in Paragraph 23 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24.     PNA denies the allegations contained in Paragraph 24 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25.     PNA denies the allegations contained in Paragraph 25 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26.     PNA admits that Plaintiffs purports to refer to the entities identified in Paragraph 26 of the Complaint collectively as "Sharp" "or "Plaintiffs."

27.     PNA denies the allegations contained in Paragraph 27 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4

28.     PNA denies the allegations contained in Paragraph 28 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29.     PNA denies the allegations contained in Paragraph 29 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

30.     PNA denies the allegations contained in the first four sentences of Paragraph 30 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in the last five sentences of Paragraph 30 of the Complaint constitute legal contentions and/or conclusions, no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     PNA denies the allegations contained in Paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**B.     "Defendants"**

**"Hitachi Entities"**

32.     PNA denies the allegations contained in Paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.     PNA denies the allegations contained in Paragraph 33 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

34.     PNA denies the allegations contained in Paragraph 34 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

35.     PNA denies the allegations contained in Paragraph 35 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36.     PNA denies the allegations contained in Paragraph 36 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

37.     PNA denies the allegations contained in Paragraph 37 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

38.     PNA admits that Plaintiffs purports to refer to the entities identified in Paragraph

1  | 38 of the Complaint collectively as "Hitachi."

2  | **"LG Electronics Entities"**

3  | 39.    PNA denies the allegations contained in Paragraph 39 of the Complaint for lack of

4  | knowledge or information sufficient to form a belief as to the truth thereof.

5  | 40.    PNA denies the allegations contained in Paragraph 40 of the Complaint for lack of

6  | knowledge or information sufficient to form a belief as to the truth thereof.

7  | 41.    PNA admits that Plaintiffs purports to refer to the entities identified in Paragraph

8  | 41 of the Complaint collectively as "LG Electronics."

9  | **"LP Displays"**

10  | 42.    PNA denies the allegations contained in Paragraph 42 of the Complaint for lack of

11  | knowledge or information sufficient to form a belief as to the truth thereof.

12  | 43.    PNA denies the allegations contained in Paragraph 43 of the Complaint for lack of

13  | knowledge or information sufficient to form a belief as to the truth thereof.

14  | 44.    PNA denies the allegations contained in Paragraph 44 of the Complaint for lack of

15  | knowledge or information sufficient to form a belief as to the truth thereof.

16  | 45.    PNA denies the allegations contained in Paragraph 45 of the Complaint for lack of

17  | knowledge or information sufficient to form a belief as to the truth thereof.

18  | 46.    PNA admits that Plaintiffs purports to refer to the entities identified in Paragraph

19  | 46 of the Complaint collectively as "LP Displays" and/or "LPD."

20  | **"Panasonic Entities"**

21  | 47.    PNA denies the allegations contained in Paragraph 47 of the Complaint in their

22  | entirety, except admits that Panasonic Corporation ("Panasonic") is a Japanese entity with an

23  | office in Osaka, Japan at the address listed in Paragraph 47, and that Panasonic was known as

24  | Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  PNA further admits

25  | that certain of Panasonic's affiliates sold some CRTs or products containing CRTs in the United

26  | States at various times during the purported Relevant Period.

27  | 48.    PNA denies the allegations contained in Paragraph 48 of the Complaint in their

28  | entirety, except admits that it is a Delaware corporation with its principal place of business

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                           Case No. 07-5944 SC
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT                          MDL NO. 1917

formerly located at the address listed in Paragraph 48.  PNA avers that its principal place of business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102.  PNA further admits that it is a wholly-owned subsidiary of Panasonic.  PNA further admits that PNA or certain affiliates of PNA sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

49.     PNA denies the allegations contained in Paragraph 49 of the Complaint in their entirety, except admits that Panasonic Consumer Electronics Company ("PCEC") is an unincorporated division of PNA with its headquarters in Newark, New Jersey.

50.     PNA denies the allegations contained in Paragraph 50 of the Complaint in their entirety, except admits that MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") was a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 50.  PNA further admits that MTPD was established as a joint venture between Panasonic and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in 2003, not 2002.  PNA further admits that Panasonic held 64.5% of MTPD at the time MTPD was formed in 2003.  PNA further admits that it acquired Toshiba's 35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of Panasonic, and that MTPD was renamed.  PNA further admits that certain affiliates of MTPD sold some products containing CRTs in the United States at various times during the purported Relevant Period.

51.     PNA denies the allegations contained in Paragraph 51 of the Complaint in their entirety, except admits that Matsushita Electronics Corporation (Malaysia) Sdn Bhd ("Matsushita Malaysia") was a Malaysian entity that had an office in Shah Alam Malaysia, and was a wholly owned indirect subsidiary of Panasonic.  PNA avers that Matsushita Malaysia is a defunct entity.

52.     PNA denies the allegations contained in Paragraph 52 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 52.  PNA further admits that BMCC is a joint venture formed in 1987, and further admits that MTPD at one time had a 50% equity ownership interest in BMCC.

7

53.     PNA denies the allegations contained in Paragraph 53 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.  PNA further avers that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and was dissolved on September 28, 2007.

54.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 54 of the Complaint collectively as "Panasonic," but denies the propriety of such grouping.

**"Samsung SDI Entities"**

55.     PNA denies the allegations contained in Paragraph 55 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

56.     PNA denies the allegations contained in Paragraph 56 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

57.     PNA denies the allegations contained in Paragraph 57 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

58.     PNA denies the allegations contained in Paragraph 58 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

59.     PNA denies the allegations contained in Paragraph 59 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

60.     PNA denies the allegations contained in Paragraph 60 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

61.     PNA denies the allegations contained in Paragraph 61 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

62.     PNA denies the allegations contained in Paragraph 62 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

63.     PNA admits that Plaintiffs purports to refer to the entities identified in Paragraph 63 of the Complaint collectively as "Samsung SDI."

**"Toshiba Entities"**

64.   PNA denies the allegations contained in Paragraph 64 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Panasonic entered into a joint venture with Toshiba to form MTPD, but avers that MTPD was formed in 2003, not 2002.

65.   PNA denies the allegations contained in Paragraph 65 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

66.   PNA denies the allegations contained in Paragraph 66 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67.   PNA denies the allegations contained in Paragraph 67 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

68.   PNA denies the allegations contained in Paragraph 68 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

69.   PNA denies the allegations contained in Paragraph 69 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd. ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.  PNA further avers that MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

70.   PNA admits that Plaintiffs purports to refer to the entities identified in Paragraph 70 of the Complaint collectively as "Toshiba."

**"Thomson Entities"**

71.   PNA denies the allegations contained in Paragraph 71 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

72.   PNA denies the allegations contained in Paragraph 72 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

73.   PNA denies the allegations contained in Paragraph 73 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

74.     PNA admits that Plaintiffs purports to refer to the entities identified in Paragraph 74 of the Complaint collectively as "Thomson."

**"Videocon"**

75.     PNA denies the allegations contained in Paragraph 75 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Technologies Displays"**

76.     PNA denies the allegations contained in Paragraph 76 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**V.     "AGENTS AND CO-CONSPIRATORS"**

77.     PNA denies the allegations contained in Paragraph 77 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

78.     PNA denies the allegations contained in Paragraph 78 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

79.     The allegations contained in Paragraph 79 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint and/or legal conclusions to which no responsive pleading is required.

80.     The allegations contained in Paragraph 80 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 80 of the Complaint as they relate to PNA.

81.     The allegations contained in Paragraph 81 of the Complaint include constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"LG Electronics Entities"**

82.     PNA denies the allegations contained in Paragraph 82 of the Complaint for lack of

10

1   knowledge or information sufficient to form a belief as to the truth thereof.

2       **"MTPD Entities"**

3       83.    PNA denies the allegations contained in Paragraph 83 of the Complaint in their

4   entirety, except admits that on October 1, 2003, Matsushita Display Devices Corporation of

5   America ("MDDCA") changed its name to MTPDA(OH), with its principal place of business in

6   Troy, Ohio.  PNA further admits that MTPDA(OH) was wholly owned by MT Picture Display of

7   America ("MTPDA"), which in turn was wholly owned by MTPD.  PNA further admits that

8   MTPDA(OH) ceased operations by January of 2006, and dissolved on March 27, 2007.

9       **"Samsung SDI Entities"**

10      84.    PNA denies the allegations contained in Paragraph 84 of the Complaint for lack of

11  knowledge or information sufficient to form a belief as to the truth thereof.

12      **"Philips Entities"**

13      85.    PNA denies the allegations contained in Paragraph 85 of the Complaint for lack of

14  knowledge or information sufficient to form a belief as to the truth thereof.

15      86.    PNA denies the allegations contained in Paragraph 86 of the Complaint for lack of

16  knowledge or information sufficient to form a belief as to the truth thereof.

17      87.    PNA denies the allegations contained in Paragraph 87 of the Complaint for lack of

18  knowledge or information sufficient to form a belief as to the truth thereof.

19      88.    PNA denies the allegations contained in Paragraph 88 of the Complaint for lack of

20  knowledge or information sufficient to form a belief as to the truth thereof.

21      89.    PNA denies the allegations contained in Paragraph 89 of the Complaint for lack of

22  knowledge or information sufficient to form a belief as to the truth thereof.

23      90.    PNA denies the allegations contained in Paragraph 90 of the Complaint for lack of

24  knowledge or information sufficient to form a belief as to the truth thereof.

25      91.    PNA admits that Plaintiffs purports to refer to the entities identified in Paragraph

26  91 of the Complaint collectively as "Philips."

27      **"LP Displays Entities"**

28      92.    PNA denies the allegations contained in Paragraph 92 of the Complaint for lack of

1    knowledge or information sufficient to form a belief as to the truth thereof.

2        93.    PNA denies the allegations contained in Paragraph 93 of the Complaint for lack of

3    knowledge or information sufficient to form a belief as to the truth thereof.

4        94.    PNA denies the allegations contained in Paragraph 94 of the Complaint for lack of

5    knowledge or information sufficient to form a belief as to the truth thereof.

6        95.    PNA denies the allegations contained in Paragraph 95 of the Complaint for lack of

7    knowledge or information sufficient to form a belief as to the truth thereof.

8    **"Chunghwa Entities"**

9        96.    PNA denies the allegations contained in Paragraph 96 of the Complaint for lack of

10   knowledge or information sufficient to form a belief as to the truth thereof.

11       97.    PNA denies the allegations contained in Paragraph 97 of the Complaint for lack of

12   knowledge or information sufficient to form a belief as to the truth thereof.

13       98.    PNA admits that Plaintiffs purports to refer to the entities identified in Paragraph

14   98 of the Complaint collectively as "Chunghwa."

15   **"Irico Entities"**

16       99.    PNA denies the allegations contained in Paragraph 99 of the Complaint for lack of

17   knowledge or information sufficient to form a belief as to the truth thereof.

18       100.   PNA denies the allegations contained in Paragraph 100 of the Complaint for lack

19   of knowledge or information sufficient to form a belief as to the truth thereof.

20       101.   PNA denies the allegations contained in Paragraph 101 of the Complaint for lack

21   of knowledge or information sufficient to form a belief as to the truth thereof.

22       102.   PNA admits that Plaintiffs purports to refer to the entities identified in Paragraph

23   102 of the Complaint collectively as "Irico."

24   **"Samtel"**

25       103.   PNA denies the allegations contained in Paragraph 103 of the Complaint for lack

26   of knowledge or information sufficient to form a belief as to the truth thereof.

27   **"Thai CRT"**

28       104.   PNA denies the allegations contained in Paragraph 104 of the Complaint for lack

1    of knowledge or information sufficient to form a belief as to the truth thereof.

2         **"Orion Entities"**

3         105.   PNA denies the allegations contained in Paragraph 105 of the Complaint for lack

4    of knowledge or information sufficient to form a belief as to the truth thereof.

5         106.   PNA denies the allegations contained in Paragraph 106 of the Complaint for lack

6    of knowledge or information sufficient to form a belief as to the truth thereof.

7         107.   PNA denies the allegations contained in Paragraph 107 of the Complaint for lack

8    of knowledge or information sufficient to form a belief as to the truth thereof.

9         108.   PNA admits that Plaintiffs purports to refer to the entities identified in Paragraph

10   108 of the Complaint collectively as "Orion."

11        **"Technologies Displays / Videocon Entities"**

12        109.   PNA denies the allegations contained in Paragraph 109 of the Complaint for lack

13   of knowledge or information sufficient to form a belief as to the truth thereof.

14   **VI.    "TRADE AND COMMERCE"**

15        110.   PNA denies the allegations contained in Paragraph 110 of the Complaint as they

16   relate to PNA, except admits that certain affiliates of PNA have sold CRTs or products containing

17   CRTs in the United States during the purported Relevant Period, and denies the remaining

18   allegations in their entirety for lack of knowledge or information sufficient to form a belief as to

19   the truth thereof.

20        111.   PNA denies the allegations contained in Paragraph 111 of the Complaint as they

21   relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

22   information sufficient to form a belief as to the truth thereof.

23        112.   PNA denies the allegations contained in Paragraph 112 of the Complaint as they

24   relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

25   information sufficient to form a belief as to the truth thereof.

26   **VII.   "FACTUAL ALLEGATIONS"**

27        **A.    "CRT Technology and Products"**

28        113.   The allegations contained in Paragraph 113 of the Complaint constitute

1    characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

2    required.  To the extent that a response is required, PNA admits that the CRT is a specialized

3    vacuum tube in which images are produced when an electron beam strikes a phosphorescent

4    surface, but otherwise denies the allegations in their entirety for lack of knowledge or information

5    sufficient to form a belief as to the truth thereof.

6         114.   The allegations contained in Paragraph 114 of the Complaint constitute

7    characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

8    required.  To the extent that a response is required, PNA admits that CRT technology was used in

9    making tubes for televisions in the 1990's, but otherwise denies the allegations in their entirety for

10   lack of knowledge or information sufficient to form a belief as to the truth thereof.

11        115.   The allegations contained in Paragraph 115 of the Complaint constitute

12   characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

13   required.   To the extent that a response is required, PNA admits that a lower quality CRT

14   produces a poor display, but otherwise denies the allegations contained in Paragraph 115 of the

15   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16        116.   The allegations contained in Paragraph 116 of the Complaint constitute

17   characterizations of Plaintiffs' Complaint to which no responsive pleading is required.  To the

18   extent that a response is required, PNA admits that CRT production was refined over time, but

19   otherwise denies the allegations contained in Paragraph 116 of the Complaint for lack of

20   knowledge or information sufficient to form a belief as to the truth thereof.

21        117.   The allegations in Paragraph 117 of the Complaint constitute characterizations of

22   the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent

23   that a response is required, PNA admits that CDTs and CPTs are types of CRTs, admits that

24   CDTs can be used in computer monitors and certain other specialized applications, and admits

25   that CPTs can be used in televisions, but denies the allegations contained in Paragraph 117 of the

26   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27        118.   The allegations contained in Paragraph 118 of the Complaint constitute

28   characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

required.   To the extent that a response is required, PNA denies the allegations contained in Paragraph 118 of the Complaint.

119.   PNA denies the allegations contained in Paragraph 119 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**B.   "Structure of the CRT Industry"**

120.   PNA denies the allegations contained in Paragraph 120 of the Complaint.

**1.   "Market Concentration"**

121.   PNA denies the allegations contained in the second sentence of Paragraph 121 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

**2.   "Information Sharing"**

122.   PNA denies the allegations contained in Paragraph 122 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**3.   "Consolidation"**

123.   PNA denies the allegations contained in Paragraph 123 of the Complaint as they relate to PNA, except admits that a merger between Toshiba and Panasonic's CRT businesses resulted in the creation of MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  PNA avers that MTPD was created in 2003, not 2002.

**4.   "High Costs of Entry Into the Industry"**

124.   PNA denies the allegations contained in Paragraph 124 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

125.   PNA denies the allegations contained in the first sentence of Paragraph 125 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

1

       **5.**      **"Homogeneity of CRTs"**

2

    126.    PNA denies the allegations contained in Paragraph 126 of the Complaint.

3

    127.    PNA denies the allegations contained in Paragraph 127 of the Complaint.

4

    **C.**      **"International Antitrust Investigations"**

5

6

    128.    PNA denies the allegations contained in Paragraph 128 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the United

7

States Department of Justice ("DOJ").

8

9

    129.    PNA denies the allegations contained in Paragraph 129 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by certain foreign

10

competition authorities.

11

12

    130.    PNA denies the allegations contained in Paragraph 130 of the Complaint, except admits that the European Commission issued a press release on November 8, 2007, the details of

13

which are matters of public record.

14

15

    131.    PNA denies the allegations contained in Paragraph 131 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16

17

    132.    PNA denies the allegations contained in of Paragraph 132 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18

19

    133.    PNA denies the allegations contained in Paragraph 133 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20

21

    134.    PNA denies the allegations contained in Paragraph 134 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22

23

    135.    PNA denies the allegations contained in Paragraph 135 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24

25

    136.    PNA denies the allegations contained in Paragraph 136 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

26

on or around February 10, 2009, the DOJ issued a press release concerning the indictment of an

27

executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to that document for

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

1   a review of its contents.

2   137.   PNA denies the allegations contained in Paragraph 137 of the Complaint for lack

3   of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

4   on or around August 19, 2009, the DOJ issued a press release concerning the indictment of a CDT

5   industry executive and respectfully refers the Court to that document for a review of its contents.

6   138.   PNA denies the allegations contained in Paragraph 138 of the Complaint for lack

7   of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

8   the European Commission issued certain Statements of Objections in November 2009.

9   139.   PNA denies the allegations contained in Paragraph 139 of the Complaint for lack

10  of knowledge or information sufficient to form a belief as to the truth thereof, excepts admits that

11  on or around March 30, 2010, the DOJ issued a press release concerning the indictment of a CDT

12  industry executive and respectfully refers the Court to that document for a review of its contents.

13  140.   PNA denies the allegations contained in Paragraph 140 of the Complaint for lack

14  of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

15  on or around November 9, 2010, the DOJ issued a press release concerning the indictment of a

16  CDT industry executive and respectfully refers the Court to that document for a review of its

17  contents.

18  141.   PNA denies the allegations contained in Paragraph 141 of the Complaint for lack

19  of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

20  on or around March 18, 2011, the DOJ issued a press release concerning a plea agreement entered

21  into by a CDT industry participant and respectfully refers the Court to that document for a review

22  of its contents.

23  142.   PNA denies the allegations contained in Paragraph 142 of the Complaint for lack

24  of knowledge or information sufficient to form a belief as to the truth thereof.

25  143.   PNA denies the allegations contained in Paragraph 143 of the Complaint for lack

26  of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

27  on or around December 5, 2012, the European Commission issued an announcement of certain

28  fines relating to the CRT industry and respectfully refers the Court to that document for a review

1   of its contents.

2       144.   PNA denies the allegations contained in Paragraph 144 of the Complaint for lack

3   of knowledge or information sufficient to form a belief as to the truth thereof, except admits that

4   on or around December 5, 2012, the European Commission issued an announcement of certain

5   fines relating to the CRT industry and respectfully refers the Court to that document for a review

6   of its contents.

7       **D.   "Pre-Conspiracy Market"**

8       145.   PNA denies the allegations contained in Paragraph 145 of the Complaint as they

9   relate to PNA and denies the remaining allegations for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.

11      146.   PNA denies the allegations contained in Paragraph 146 of the Complaint as they

12  relate to PNA and denies the remaining allegations for lack of knowledge or information

13  sufficient to form a belief as to the truth thereof.

14      **E.   "Defendants' and Co-Conspirators' Illegal Agreements"**

15      147.   PNA denies the allegations contained in Paragraph 147 of the Complaint as they

16  relate to PNA and denies the remaining allegations for lack of knowledge or information

17  sufficient to form a belief as to the truth thereof.

18      148.   PNA denies the allegations contained in Paragraph 148 of the Complaint as they

19  relate to PNA and denies the remaining allegations for lack of knowledge or information

20  sufficient to form a belief as to the truth thereof.

21      149.   PNA denies the allegations contained in Paragraph 149 of the Complaint as they

22  relate to PNA and denies the remaining allegations for lack of knowledge or information

23  sufficient to form a belief as to the truth thereof.

24      150.   PNA denies the allegations contained in Paragraph 150 of the Complaint for lack

25  of knowledge or information sufficient to form a belief as to the truth thereof.

26      151.   PNA denies the allegations contained in Paragraph 151 of the Complaint as they

27  relate to PNA and denies the remaining allegations for lack of knowledge or information

28  sufficient to form a belief as to the truth thereof.

1     152.    PNA denies the allegations contained in Paragraph 152 of the Complaint as they
2     relate to PNA and denies the remaining allegations for lack of knowledge or information
3     sufficient to form a belief as to the truth thereof.

4     153.    PNA denies the allegations contained in Paragraph 153 of the Complaint as they
5     relate to PNA and denies the remaining allegations for lack of knowledge or information
6     sufficient to form a belief as to the truth thereof.

7     154.    PNA denies the allegations contained in Paragraph 154 of the Complaint as they
8     relate to PNA and denies the remaining allegations for lack of knowledge or information
9     sufficient to form a belief as to the truth thereof.

10          1.    **"Glass Meetings"**

11     155.    PNA denies the allegations contained in Paragraph 155 of the Complaint as they
12     relate to PNA and denies the remaining allegations for lack of knowledge or information
13     sufficient to form a belief as to the truth thereof.

14     156.    PNA denies the allegations contained in Paragraph 156 of the Complaint, and its
15     subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or
16     information sufficient to form a belief as to the truth thereof.

17     157.    PNA denies the allegations contained in Paragraph 157 of the Complaint as they
18     relate to PNA and denies the remaining allegations for lack of knowledge or information
19     sufficient to form a belief as to the truth thereof.

20     158.    PNA denies the allegations contained in Paragraph 158 of the Complaint as they
21     relate to PNA and denies the remaining allegations for lack of knowledge or information
22     sufficient to form a belief as to the truth thereof.

23     159.    PNA denies the allegations contained in Paragraph 159 of the Complaint as they
24     relate to PNA and denies the remaining allegations for lack of knowledge or information
25     sufficient to form a belief as to the truth thereof.

26     160.    PNA denies the allegations contained in Paragraph 160 of the Complaint as they
27     relate to PNA and denies the remaining allegations for lack of knowledge or information
28     sufficient to form a belief as to the truth thereof.

161.    PNA denies the allegations contained in Paragraph 161 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

162.    PNA denies the allegations contained in Paragraph 162 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

163.    PNA denies the allegations contained in Paragraph 163 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

164.    PNA denies the allegations contained in Paragraph 164 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

165.    PNA denies the allegations contained in Paragraph 165 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

166.    PNA denies the allegations contained in Paragraph 166 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

167.    PNA denies the allegations contained in Paragraph 167 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

168.    PNA denies the allegations contained in Paragraph 168 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

169.    PNA denies the allegations contained in Paragraph 169 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

170.    PNA denies the allegations contained in Paragraph 170 of the Complaint as they

1  relate to PNA and denies the remaining allegations for lack of knowledge or information

2  sufficient to form a belief as to the truth thereof.

3      171.    PNA denies the allegations contained in Paragraph 171 of the Complaint as they

4  relate to PNA and denies the remaining allegations for lack of knowledge or information

5  sufficient to form a belief as to the truth thereof.

6      172.    PNA denies the allegations contained in Paragraph 172 of the Complaint as they

7  relate to PNA and denies the remaining allegations for lack of knowledge or information

8  sufficient to form a belief as to the truth thereof.

9      173.    PNA denies the allegations contained in Paragraph 173 of the Complaint, and its

10  subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or

11  information sufficient to form a belief as to the truth thereof.

12              **2.    "Bilateral Discussions"**

13      174.    PNA denies the allegations contained in Paragraph 174 of the Complaint as they

14  relate to PNA and denies the remaining allegations for lack of knowledge or information

15  sufficient to form a belief as to the truth thereof.

16      175.    PNA denies the allegations contained in Paragraph 175 of the Complaint for lack

17  of knowledge or information sufficient to form a belief as to the truth thereof.

18      176.    PNA denies the allegations contained in Paragraph 176 of the Complaint for lack

19  of knowledge or information sufficient to form a belief as to the truth thereof.

20      177.    PNA denies the allegations contained in Paragraph 177 of the Complaint as they

21  relate to PNA and denies the remaining allegations for lack of knowledge or information

22  sufficient to form a belief as to the truth thereof.

23      178.    PNA denies the allegations contained in Paragraph 178 of the Complaint as they

24  relate to PNA and denies the remaining allegations for lack of knowledge or information

25  sufficient to form a belief as to the truth thereof.

26              **3.    "Defendants' and Co-Conspirators' Participation in Group and
              Bilateral Discussions"**

27      179.    Certain of the allegations contained in Paragraph 179 of the Complaint constitute

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT                   MDL NO. 1917

characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.   To the extent that a response is required, PNA denies the allegations contained in Paragraph 179 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

180.   PNA denies the allegations contained in Paragraph 180 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

181.   PNA denies the allegations contained in Paragraph 181 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

182.   PNA denies the allegations contained in Paragraph 182 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

183.   PNA denies the allegations contained in Paragraph 183 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

184.   PNA denies the allegations contained in Paragraph 184 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

185.   PNA denies the allegations contained in Paragraph 185 of the Complaint in their entirety.

186.   PNA denies the allegations contained in Paragraph 186 of the Complaint in their entirety.

187.   PNA denies the allegations contained in Paragraph 187 of the Complaint in their entirety.

188.   PNA denies the allegations contained in Paragraph 188 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

189.     PNA denies the allegations contained in Paragraph 189 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

190.     PNA denies the allegations contained in Paragraph 190 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

191.     PNA denies the allegations contained in Paragraph 191 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

192.     PNA denies the allegations contained in Paragraph 192 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

193.     PNA denies the allegations contained in Paragraph 193 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

194.     PNA denies the allegations contained in Paragraph 194 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

195.     PNA denies the allegations contained in Paragraph 195 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

196.     PNA denies the allegations contained in Paragraph 196 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

197.     PNA denies the allegations contained in Paragraph 197 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

198.     PNA denies the allegations contained in Paragraph 198 of the Complaint as they

23

1  relate to PNA and denies the remaining allegations for lack of knowledge or information

2  sufficient to form a belief as to the truth thereof.

3        199.    PNA denies the allegations contained in Paragraph 199 of the Complaint as they

4  relate to PNA and denies the remaining allegations for lack of knowledge or information

5  sufficient to form a belief as to the truth thereof.

6        200.    PNA denies the allegations contained in Paragraph 200 of the Complaint as they

7  relate to PNA and denies the remaining allegations for lack of knowledge or information

8  sufficient to form a belief as to the truth thereof.

9        201.    PNA denies the allegations contained in Paragraph 201 of the Complaint as they

10 relate to PNA and denies the remaining allegations for lack of knowledge or information

11 sufficient to form a belief as to the truth thereof.

12       202.    PNA denies the allegations contained in Paragraph 202 of the Complaint as they

13 relate to PNA and denies the remaining allegations for lack of knowledge or information

14 sufficient to form a belief as to the truth thereof.

15       203.    PNA denies the allegations contained in Paragraph 203 of the Complaint as they

16 relate to PNA and denies the remaining allegations for lack of knowledge or information

17 sufficient to form a belief as to the truth thereof.

18       204.    PNA denies the allegations contained in Paragraph 204 of the Complaint as they

19 relate to PNA and denies the remaining allegations for lack of knowledge or information

20 sufficient to form a belief as to the truth thereof.

21       205.    PNA denies the allegations contained in Paragraph 205 of the Complaint as they

22 relate to PNA and denies the remaining allegations for lack of knowledge or information

23 sufficient to form a belief as to the truth thereof.

24       206.    PNA denies the allegations contained in Paragraph 206 of the Complaint as they

25 relate to PNA and denies the remaining allegations for lack of knowledge or information

26 sufficient to form a belief as to the truth thereof.

27     F.    "The CRT Market During the Conspiracy"

28       207.    PNA denies the allegations contained in Paragraph 207 of the Complaint for lack

1    of knowledge or information sufficient to form a belief as to the truth thereof.

2        208.   PNA denies the allegations contained in Paragraph 208 of the Complaint for lack

3    of knowledge or information sufficient to form a belief as to the truth thereof.

4        209.   PNA denies the allegations contained in Paragraph 209 of the Complaint for lack

5    of knowledge or information sufficient to form a belief as to the truth thereof.

6    **G.   "Effects of Defendants' Antitrust Violations"**

7        210.   PNA denies the allegations contained in Paragraph 210 of the Complaint as they

8    relate to PNA and denies the remaining allegations for lack of knowledge or information

9    sufficient to form a belief as to the truth thereof.

10                    **1.   "Examples of Collusive Pricing for CRTs"**

11       211.   PNA denies the allegations contained in Paragraph 211 of the Complaint as they

12   relate to PNA and denies the remaining allegations for lack of knowledge or information

13   sufficient to form a belief as to the truth thereof.

14       212.   PNA denies the allegations contained in Paragraph 212 of the Complaint for lack

15   of knowledge or information sufficient to form a belief as to the truth thereof.

16       213.   PNA denies the allegations contained in Paragraph 213 of the Complaint as they

17   relate to PNA and denies the remaining allegations for lack of knowledge or information

18   sufficient to form a belief as to the truth thereof.

19       214.   PNA denies the allegations contained in Paragraph 214 of the Complaint for lack

20   of knowledge or information sufficient to form a belief as to the truth thereof.

21       215.   PNA denies the allegations contained in Paragraph 215 of the Complaint for lack

22   of knowledge or information sufficient to form a belief as to the truth thereof.

23       216.   PNA denies the allegations contained in Paragraph 216 of the Complaint for lack

24   of knowledge or information sufficient to form a belief as to the truth thereof.

25                    **2.   "Examples of Reductions in Manufacturing Capacity by Defendants"**

26       217.   PNA denies the allegations contained in Paragraph 217 of the Complaint as they

27   relate to PNA and denies the remaining allegations for lack of knowledge or information

28   sufficient to form a belief as to the truth thereof.

218.   PNA denies the allegations contained in Paragraph 218 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

219.   PNA denies the allegations contained in Paragraph 219 of the Complaint, except admits that MTPD's subsidiary in New York ceased operations in December 2004, and admits that a press release contained the phrases quoted in Paragraph 219 of the Complaint

220.   PNA denies the allegations contained in Paragraph 220 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

221.   PNA denies the allegations contained in Paragraph 221 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except avers that it was announced on November 30, 2005, not in December 2005, that MTPD's American subsidiary in Ohio and German subsidiary would discontinue operations.

222.   PNA denies the allegations contained in Paragraph 222 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

223.   PNA denies the allegations contained in Paragraph 223 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**H.    "Summary Of Effects Of The Conspiracy Involving CRTs"**

224.   PNA denies the allegations contained in Paragraph 224 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**VII.    "PLAINTIFFS' INJURIES"**

225.   PNA denies the allegations contained in Paragraph 225 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

226.   PNA denies the allegations contained in Paragraph 226 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

227.   PNA denies the allegations contained in Paragraph 227 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

228.   PNA denies the allegations contained in Paragraph 228 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

229.   PNA denies the allegations contained in Paragraph 229 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

IX.   "TOLLING"

230.   The allegations contained in Paragraph 230 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 230 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the DOJ and by certain foreign competition authorities.

231.   The allegations contained in Paragraph 231 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 231 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

IX.   "FRAUDULENT CONCEALMENT"

232.   PNA denies the allegations contained in Paragraph 232 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

233.   PNA denies the allegations contained in Paragraph 233 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

1   sufficient to form a belief as to the truth thereof.

2          234.    PNA denies the allegations contained in Paragraph 234 of the Complaint as they

3   relate to PNA and denies the remaining allegations for lack of knowledge or information

4   sufficient to form a belief as to the truth thereof.

5          235.    PNA denies the allegations contained in Paragraph 235 of the Complaint as they

6   relate to PNA and denies the remaining allegations for lack of knowledge or information

7   sufficient to form a belief as to the truth thereof.

8          236.    PNA denies the allegations contained in Paragraph 236 of the Complaint as they

9   relate to PNA and denies the remaining allegations for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.

11         237.    PNA denies the allegations contained in Paragraph 237 of the Complaint as they

12  relate to PNA and denies the remaining allegations for lack of knowledge or information

13  sufficient to form a belief as to the truth thereof.

14         238.    PNA denies the allegations contained in Paragraph 238 the Complaint as they

15  relate to PNA and denies the remaining allegations for lack of knowledge or information

16  sufficient to form a belief as to the truth thereof.

17         239.    PNA denies the allegations contained in Paragraph 239 of the Complaint as they

18  relate to PNA and denies the remaining allegations for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.

20         240.    PNA denies the allegations contained in Paragraph 240 of the Complaint, including

21  its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or

22  information sufficient to form a belief as to the truth thereof.

23         241.    PNA denies the allegations contained in Paragraph 241 of the Complaint as they

24  relate to PNA and denies the remaining allegations for lack of knowledge or information

25  sufficient to form a belief as to the truth thereof.

26         242.    PNA denies the allegations contained in Paragraph 242 of the Complaint as they

27  relate to PNA and denies the remaining allegations for lack of knowledge or information

28  sufficient to form a belief as to the truth thereof.

243.    PNA denies the allegations contained in Paragraph 243 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

244.    PNA denies the allegations contained in Paragraph 244 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

245.    PNA denies the allegations contained in Paragraph 245 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

246.    PNA denies the allegations contained in Paragraph 246 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

247.    PNA denies the allegations contained in Paragraph 247 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

248.    PNA denies the allegations contained in Paragraph 248 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

249.    PNA denies the allegations contained in Paragraph 249 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## XI.    "CLAIM FOR VIOLATIONS"

### "First Claim for Relief"

### "(Violation of Section 1 of the Sherman Act, 15 U.S.C. § 1)"

250.    PNA incorporates and realleges its responses to Paragraphs 1-249 above, as if fully set forth herein.

251.    The allegations contained in Paragraph 251 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

response is required, PNA denies the allegations contained in Paragraph 251 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

252.    The allegations contained in Paragraph 252 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 252 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

253.    The allegations contained in Paragraph 253 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 253 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

254.    The allegations contained in Paragraph 254 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 254 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

255.    The allegations contained in Paragraph 255 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 255 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

256.    The allegations contained in Paragraph 256 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 256 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Second Claim for Relief"**

**"(Violation of the California Cartwright Act)"**

257.    PNA incorporates and realleges its responses to Paragraphs 1-256 above, as if fully set forth herein.

258.    The allegations contained in Paragraph 258 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 258 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 258 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

259.    PNA denies the allegations contained in Paragraph 259 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 259 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

260.    The allegations contained in Paragraph 260 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 260 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 260 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

261.    The allegations contained in Paragraph 261 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 261 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 261

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

1    relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

2    2014 order (Dkt. No. 2433), no response is required.

3          262.    The allegations contained in Paragraph 262 of the Complaint constitute legal

4    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

5    response is required, PNA denies the allegations contained in Paragraph 262 of the Complaint as

6    they relate to PNA and denies the remaining allegations for lack of knowledge or information

7    sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 262

8    relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

9    2014 order (Dkt. No. 2433), no response is required.

10         263.    PNA denies the allegations contained in Paragraph 263 of the Complaint, including

11   its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or

12   information sufficient to form a belief as to the truth thereof.   To the extent the allegations in

13   Paragraph 263 relate to any of Plaintiffs' state claims which were dismissed pursuant to the

14   Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

15         264.    PNA denies the allegations contained in Paragraph 264 of the Complaint, including

16   its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or

17   information sufficient to form a belief as to the truth thereof.   To the extent the allegations in

18   Paragraph 264 relate to any of Plaintiffs' state claims which were dismissed pursuant to the

19   Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

20         265.    PNA denies the allegations contained in Paragraph 265 of the Complaint as they

21   relate to PNA and denies the remaining allegations for lack of knowledge or information

22   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 265

23   relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

24   2014 order (Dkt. No. 2433), no response is required.

25         266.    The allegations contained in Paragraph 266 of the Complaint constitute legal

26   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

27   response is required, PNA denies the allegations contained in Paragraph 266 of the Complaint as

28   they relate to PNA and denies the remaining allegations for lack of knowledge or information

1    sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 266

2    relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

3    2014 order (Dkt. No. 2433), no response is required.

4                              **"Third Claim for Relief"**

5                  **"(Violation of California Unfair Competition Law)"**

6         267.   PNA incorporates and realleges its responses to Paragraphs 1-266 above, as if fully

7    set forth herein.

8         268.   The allegations contained in Paragraph 268 of the Complaint constitute legal

9    contentions and/or conclusions to which no response is required.  To the extent that a response is

10   required, PNA denies the allegations contained in Paragraph 268 of the Complaint as they relate

11   to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

12   form a belief as to the truth thereof.  To the extent the allegations in Paragraph 268 relate to any of

13   Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

14   No. 2433), no response is required.

15        269.   The allegations contained in Paragraph 269 of the Complaint constitute legal

16   contentions and/or conclusions to which no response is required.  To the extent that a response is

17   required, PNA denies the allegations contained in Paragraph 269 of the Complaint as they relate

18   to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

19   form a belief as to the truth thereof.  To the extent the allegations in Paragraph 269 relate to any of

20   Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

21   No. 2433), no response is required.

22        270.   The allegations contained in Paragraph 270 of the Complaint constitute legal

23   contentions and/or conclusions to which no response is required.  To the extent that a response is

24   required, PNA denies the allegations contained in Paragraph 270 of the Complaint as they relate

25   to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

26   form a belief as to the truth thereof.  To the extent the allegations in Paragraph 270 relate to any of

27   Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

28   No. 2433), no response is required.

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT                  MDL NO. 1917

1    271.   The allegations contained in Paragraph 271 of the Complaint constitute legal

2    contentions and/or conclusions to which no response is required.  To the extent that a response is

3    required, PNA denies the allegations contained in Paragraph 271 of the Complaint as they relate

4    to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

5    form a belief as to the truth thereof.  To the extent the allegations in Paragraph 271 relate to any of

6    Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

7    No. 2433), no response is required.

8    272.   The allegations contained in Paragraph 272 of the Complaint constitute legal

9    contentions and/or conclusions to which no response is required.  To the extent that a response is

10    required, PNA denies the allegations contained in Paragraph 272 of the Complaint as they relate

11    to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

12    form a belief as to the truth thereof.  To the extent the allegations in Paragraph 272 relate to any of

13    Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

14    No. 2433), no response is required.

15    273.   The allegations contained in Paragraph 273 of the Complaint constitute legal

16    contentions and/or conclusions to which no response is required.  To the extent that a response is

17    required, PNA denies the allegations contained in Paragraph 273 of the Complaint as they relate

18    to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

19    form a belief as to the truth thereof.  To the extent the allegations in Paragraph 273 relate to any of

20    Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

21    No. 2433), no response is required.

22    274.   The allegations contained in Paragraph 274 of the Complaint constitute legal

23    contentions and/or conclusions to which no response is required.  To the extent that a response is

24    required, PNA denies the allegations contained in Paragraph 274 of the Complaint as they relate

25    to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

26    form a belief as to the truth thereof.  To the extent the allegations in Paragraph 274 relate to any of

27    Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

28    No. 2433), no response is required.

1  275.    The allegations contained in Paragraph 275 of the Complaint constitute legal

2  contentions and/or conclusions to which no response is required.  To the extent that a response is

3  required, PNA denies the allegations contained in Paragraph 275 of the Complaint as they relate

4  to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

5  form a belief as to the truth thereof.  To the extent the allegations in Paragraph 275 relate to any of

6  Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

7  No. 2433), no response is required.

8  **"Fourth Claim for Relief"**

9  **"(Violation of the New York Donnelly Act)"**

10  276.    PNA incorporates and realleges its responses to Paragraphs 1-275 above, as if fully

11  set forth herein.

12  277.    The allegations contained in Paragraph 277 of the Complaint constitute legal

13  contentions and/or conclusions to which no response is required.  To the extent that a response is

14  required, PNA denies the allegations contained in Paragraph 277 of the Complaint as they relate

15  to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

16  form a belief as to the truth thereof.

17  278.    The allegations contained in Paragraph 278 of the Complaint constitute legal

18  contentions and/or conclusions to which no response is required.  To the extent that a response is

19  required, PNA denies the allegations contained in Paragraph 278 of the Complaint as they relate

20  to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

21  form a belief as to the truth thereof.

22  279.    The allegations contained in Paragraph 279 of the Complaint constitute legal

23  contentions and/or conclusions to which no response is required.  To the extent that a response is

24  required, PNA denies the allegations contained in Paragraph 279 of the Complaint as they relate

25  to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

26  form a belief as to the truth thereof.

27  280.    The allegations contained in Paragraph 280 of the Complaint constitute legal

28  contentions and/or conclusions to which no response is required.  To the extent that a response is

1   required, PNA denies the allegations contained in Paragraph 280 of the Complaint as they relate

2   to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

3   form a belief as to the truth thereof.

4        281.    The allegations contained in Paragraph 281 of the Complaint constitute legal

5   contentions and/or conclusions to which no response is required.  To the extent that a response is

6   required, PNA denies the allegations contained in Paragraph 281 of the Complaint as they relate

7   to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

8   form a belief as to the truth thereof.

9        282.    The allegations contained in Paragraph 282 of the Complaint constitute legal

10  contentions and/or conclusions to which no response is required.  To the extent that a response is

11  required, PNA denies the allegations contained in Paragraph 282 of the Complaint as they relate

12  to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

13  form a belief as to the truth thereof.

14                          **"Fifth Claim for Relief"**

15                  **"(Violation of New York Unfair Competition Law)"**

16       283.    PNA incorporates and realleges its responses to Paragraphs 1-282 above, as if fully

17  set forth herein.

18       284.    The allegations contained in Paragraph 284 of the Complaint constitute legal

19  contentions and/or conclusions to which no response is required.  To the extent that a response is

20  required, PNA denies the allegations contained in Paragraph 284 of the Complaint as they relate

21  to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

22  form a belief as to the truth thereof.  To the extent the allegations in Paragraph 284 relate to any of

23  Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

24  No. 2433), no response is required.

25       285.    The allegations contained in Paragraph 285 of the Complaint constitute legal

26  contentions and/or conclusions to which no response is required.  To the extent that a response is

27  required, PNA denies the allegations contained in Paragraph 285 of the Complaint as they relate

28  to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT                  MDL NO. 1917

1   form a belief as to the truth thereof.  To the extent the allegations in Paragraph 285 relate to any of

2   Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

3   No. 2433), no response is required.

4          286.    The allegations contained in Paragraph 286 of the Complaint constitute legal

5   contentions and/or conclusions to which no response is required.  To the extent that a response is

6   required, PNA denies the allegations contained in Paragraph 286 of the Complaint as they relate

7   to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

8   form a belief as to the truth thereof.  To the extent the allegations in Paragraph 286 relate to any of

9   Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

10  No. 2433), no response is required.

11         287.    The allegations contained in Paragraph 287 of the Complaint constitute legal

12  contentions and/or conclusions to which no response is required.  To the extent that a response is

13  required, PNA denies the allegations contained in Paragraph 287 of the Complaint as they relate

14  to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

15  form a belief as to the truth thereof.  To the extent the allegations in Paragraph 287 relate to any of

16  Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

17  No. 2433), no response is required.

18         288.    The allegations contained in Paragraph 288 of the Complaint constitute legal

19  contentions and/or conclusions to which no response is required.  To the extent that a response is

20  required, PNA denies the allegations contained in Paragraph 288 of the Complaint as they relate

21  to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

22  form a belief as to the truth thereof.  To the extent the allegations in Paragraph 288 relate to any of

23  Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

24  No. 2433), no response is required.

25         289.    The allegations contained in Paragraph 289 of the Complaint constitute legal

26  contentions and/or conclusions to which no response is required.  To the extent that a response is

27  required, PNA denies the allegations contained in Paragraph 289 of the Complaint as they relate

28  to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

form a belief as to the truth thereof.  To the extent the allegations in Paragraph 289 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

## "Sixth Claim for Relief"

### "(New Jersey Antitrust Act, N.J. Stat. § 56:901 *et seq.*)"

290.    PNA incorporates and realleges its responses to Paragraphs 1-289 above, as if fully set forth herein.

291.    The allegations contained in Paragraph 291 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 291 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 291 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

292.    The allegations contained in Paragraph 292 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 292 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 292 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

293.    The allegations contained in Paragraph 293 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 293 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 293 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

294.    The allegations contained in Paragraph 294 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 294 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 294 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

295.    The allegations contained in Paragraph 295 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 295 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 295 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

296.    The allegations contained in Paragraph 296 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 296 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 296 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

**"Seventh Claim for Relief"**

**"(Violation of Tennessee Code Ann. §§ 47-258-101 *et seq*.)"**

297.    PNA incorporates and realleges its responses to Paragraphs 1-296 above, as if fully set forth herein.

298.    The allegations contained in Paragraph 298 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 298 of the Complaint as they relate

1   to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

2   form a belief as to the truth thereof.  To the extent the allegations in Paragraph 298 relate to any of

3   Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

4   No. 2433), no response is required.

5        299.   PNA denies the allegations contained in Paragraph 299 of the Complaint for lack

6   of knowledge or information sufficient to form a belief as to the truth thereof.

7        300.   The allegations contained in Paragraph 300 of the Complaint constitute legal

8   contentions and/or conclusions to which no response is required.  To the extent that a response is

9   required, PNA denies the allegations contained in Paragraph 300 of the Complaint as they relate

10  to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

11  form a belief as to the truth thereof.  To the extent the allegations in Paragraph 300 relate to any of

12  Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

13  No. 2433), no response is required.

14       301.   The allegations contained in Paragraph 301 of the Complaint constitute legal

15  contentions and/or conclusions to which no response is required.  To the extent that a response is

16  required, PNA denies the allegations contained in Paragraph 301 of the Complaint as they relate

17  to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

18  form a belief as to the truth thereof.  To the extent the allegations in Paragraph 301 relate to any of

19  Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

20  No. 2433), no response is required.

21       302.   The allegations contained in Paragraph 302 of the Complaint constitute legal

22  contentions and/or conclusions to which no response is required.  To the extent that a response is

23  required, PNA denies the allegations contained in Paragraph 302 of the Complaint as they relate

24  to PNA and denies the remaining allegations for lack of knowledge or information sufficient to

25  form a belief as to the truth thereof.  To the extent the allegations in Paragraph 302 relate to any of

26  Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt.

27  No. 2433), no response is required.

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S        Case No. 07-5944 SC
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT        MDL NO. 1917

## XII.   "__DAMAGES__"

303.   The allegations contained in Paragraph 303 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 303 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 303 relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

## XIII.   "__PRAYER FOR RELIEF__"

PNA denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of PNA as alleged in the Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint.

## XII.   "__JURY TRIAL DEMAND__"

The allegations contained under the heading "Jury Trial Demand" contain no factual assertions for which a response is required.  To the extent that a response is required, PNA denies the allegations contained under the heading "Jury Trial Demand" in their entirety, except admits that Plaintiffs demand a trial by jury.

### __DEFENSES__

FURTHER, PNA asserts the following defenses and affirmative defenses to the Complaint.  PNA does not concede that it has the burden of proof as to any of the defenses listed below:

### __FIRST DEFENSE__

(Failure to State a Claim for Relief)

Neither Plaintiffs' Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against PNA.

1

2
## SECOND DEFENSE

3
(Statute of Limitations)

4
The relief sought by Plaintiffs is barred, in whole or in part, by the applicable

5
statutes of limitations.

6
## THIRD DEFENSE

7
(Actual and Proximate Injury)

8
The relief sought by Plaintiffs is barred, in whole or in part, because the Plaintiffs

9
were not actually and proximately injured in their business or property by reason of any action(s)

10
or omission(s) of PNA.

11
## FOURTH DEFENSE

12
(No Damages)

13
The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs has

14
suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent

15
that Plaintiffs purportedly suffered injury or damage, which PNA specifically denies, PNA further

16
contends that any such purported injury or damage was not by reason of any act or omission of

17
PNA.

18
## FIFTH DEFENSE

19
(No Antitrust Injury)

20
The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs has

21
failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to

22
remedy.

23

24

25

26

27

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

1

**SIXTH DEFENSE**

2

(Speculative Damages)

3        The relief sought by Plaintiffs is barred, in whole or in part, because the alleged

4  damages sought are too speculative and uncertain, and because of the impossibility of the

5  ascertainment and allocation of such alleged damages.

6

**SEVENTH DEFENSE**

7

(Mitigation)

8        The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs has

9  failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

10

**EIGHTH DEFENSE**

11

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

12        The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs has

13  failed to allege fraud or fraudulent concealment with sufficient particularity.

14

**NINTH DEFENSE**

15

(Failure to Plead Conspiracy with Particularity)

16        The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs has

17  failed to allege conspiracy with sufficient particularity.

18

**TENTH DEFENSE**

19

(Lack of Standing to Sue for Injuries Alleged)

20        The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs lack

21  standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiffs purchased

22  products containing CRTs, as opposed to CRTs themselves, its alleged injuries are even more

23  speculative, derivative, indirect, and remote.  Plaintiffs' damage claims create an impermissible

24  risk of duplicative recoveries and complex damage apportionment.

25

26

27

28

**ELEVENTH DEFENSE**

(Due Process)

To the extent Plaintiffs' claims would result in PNA paying damages to more than one claimant for the same alleged overcharges to customers, they are barred because such multiple liability would violate rights guaranteed to PNA by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by applicable state law.

**TWELFTH DEFENSE**

(Other/Superseding Causation)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom PNA had no control or responsibility. The acts of such third parties constitute intervening or superseding cases of harm, if any, suffered by Plaintiffs.

**THIRTEENTH DEFENSE**

(Waiver and Estoppel)

The relief sought by Plaintiffs is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**FOURTEENTH DEFENSE**

(Laches)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of laches.

1

**FIFTEENTH DEFENSE**

2

(Unclean Hands)

3        The relief sought by Plaintiffs is barred, in whole or in part, by the equitable

4   doctrine of unclean hands.

5

**SIXTEENTH DEFENSE**

6

(Unjust Enrichment)

7        The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs

8   would be unjustly enriched if they were allowed to recover any part of the damages alleged in the

9   Complaint.

10

**SEVENTEENTH DEFENSE**

11

(Adequate Remedy at Law)

12        The equitable relief sought by Plaintiffs is barred, in whole or in part, because

13   Plaintiffs has available an adequate remedy at law.

14

**EIGHTEENTH DEFENSE**

15

(Comparative Fault)

16        The relief sought by Plaintiffs is barred, in whole or in part, because any and all

17   injuries alleged in the Complaint, the fact and extent of which PNA specifically denies, were

18   directly and proximately caused or contributed to by the statements, acts, and/or omissions of

19   Plaintiffs and/or third parties or entities, other than PNA.

20

**NINETEENTH DEFENSE**

21

(Acquiescence)

22        The relief sought by Plaintiffs is barred, in whole or in part, by Plaintiffs'

23   acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PNA.

24

**TWENTIETH DEFENSE**

25

(No Detrimental Reliance)

26        The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs did

27   not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S          Case No. 07-5944 SC
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT          MDL NO. 1917

1

### TWENTY-FIRST DEFENSE

2

(Set Off)

3         Without admitting that Plaintiffs is entitled to recover damages in this matter, PNA

4  is entitled to set off from any recovery Plaintiffs may obtain against PNA, any amount paid to

5  Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

6

### TWENTY-SECOND DEFENSE

7

(Failure to State a Claim for Injunctive Relief)

8         The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs has

9  failed to state a claim for injunctive relief insofar as Plaintiffs seeks to enjoin alleged events that

10  have already transpired without the requisite showing of threatened harm or continuing harm.

11

### TWENTY-THIRD DEFENSE

12

(Lack of Jurisdiction)

13         The relief sought by Plaintiffs is barred, in whole or in part, because any alleged

14  conduct of PNA occurred outside of the jurisdiction of the Court.

15

### TWENTY-FOURTH DEFENSE

16

(Foreign Trade Antitrust Improvements Act)

17         The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs has

18  failed to make a single specific allegation to support the claim that the alleged conduct had "a

19  direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman

20  Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. §

21  6a.

22

23

24

25

26

27

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT                   MDL NO. 1917

**TWENTY-FIFTH DEFENSE**

(Foreign Conduct)

Plaintiffs' claims are barred to the extent that they are based on conduct beyond the territorial reach of the laws or courts of the United States.

**TWENTY-SIXTH DEFENSE**

(Damages Not Passed Through To Plaintiffs)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

**TWENTY-SEVENTH DEFENSE**

(Damages Passed On)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Complaint, which PNA specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

**TWENTY-EIGHTH DEFENSE**

(No Unreasonable Restraint Of Trade)

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged conduct of PNA did not unreasonably restrain trade.

**TWENTY-NINTH DEFENSE**

(Acts Outside The Jurisdiction)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent PNA's alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor affected persons, entities, or commerce in the various States cited.

**THIRTIETH DEFENSE**

(Restitution Unmanageable And Inequitable)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the restitution sought in the Complaint is unmanageable and inequitable.

1

**THIRTY-FIRST DEFENSE**

2

(Lack of Standing as Indirect Purchasers)

3

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the

4

various States cited have not repealed the *Illinois Brick* doctrine.

5

**THIRTY-SECOND DEFENSE**

6

(Claims Barred)

7

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs

8

have failed to exhaust all remedies against PNA.

9

**THIRTY-THIRD DEFENSE**

10

(Private Claim Cannot Be Brought In A Representative Capacity)

11

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs

12

brings any claims in a representative capacity, to the extent a private claim may not be brought in

13

a representative capacity under the laws of various states.

14

**THIRTY-FOURTH DEFENSE**

15

(Goods Not Purchased Primarily For Personal, Family, or Household Purposes)

16

The relief sought by Plaintiffs is barred, in whole or in part, to the extent that any Plaintiffs

17

did not purchase goods primarily for personal, family, or household purposes.

18

**THIRTY-FIFTH DEFENSE**

19

(Independent, Legitimate Business and Economic Justification)

20

The relief sought by Plaintiffs is barred, in whole or in part, because any conduct

21

engaged in by PNA was reasonable and based on independent, legitimate business and economic

22

justification.

23

**THIRTY-SIXTH DEFENSE**

24

(Attorneys' Fees)

25

Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is

26

not allowed under applicable federal or state law.

27

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT                  MDL NO. 1917

1

**THIRTY-SEVENTH DEFENSE**

2

(Lack of Sufficient Contacts to States)

3          The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs'

4   claims lack sufficient contacts to the states under whose laws they are brought, in violation of

5   rights guaranteed to PNA by the United States Constitution, including, without limitation, rights

6   guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable

7   state and federal law.

8

**THIRTY-EIGHTH DEFENSE**

9

(Forum Non Conveniens)

10          Plaintiffs' claims are barred, in whole or in part, because of the doctrine of forum

11   non conveniens.

12

**INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES**

13          PNA hereby incorporates by reference, as if set forth fully herein, all other

14   defenses and affirmative defenses to the Complaint alleged by any other defendant.   PNA

15   presently has insufficient knowledge or information on which to form a belief as to whether it

16   may have available additional, as yet unstated, defenses.  PNA reserves the right to assert other

17   defenses and affirmative defenses as this action proceeds, the right to file an amended answer

18   asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event

19   that discovery indicates that such pleadings are appropriate.

20          WHEREFORE, PNA prays for judgment as follows:

21          1.     That Plaintiffs take nothing under the Complaint, and the Complaint be

22                 dismissed with prejudice;

23          2.     That judgment be entered in favor of PNA and against Plaintiffs on each

24                 and every cause of action set forth in the Complaint;

25          3.     That PNA recover its costs of suit and attorneys' fees incurred herein; and

26          4.     That PNA be granted such other and further relief as the Court deems just

27                 and proper.

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                 Case No. 07-5944 SC
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT                 MDL NO. 1917

1  Dated: March 27, 2014

By: ___/s/ Adam C. Hemlock_____

2

DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com

3

ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com

4

DAVID E. YOLKUT (*pro hac vice*)
E-mail: david.yolkut@weil.com

5

**WEIL, GOTSHAL & MANGES LLP**

6

767 Fifth Avenue
New York, New York 10153-0119

7

Telephone: (212) 310-8000
Facsimile: (212) 310-8007

8

9

BAMBO OBARO (SBN 267683)
**WEIL, GOTSHAL & MANGES LLP**

10

201 Redwood Shores Parkway
Redwood Shores, California 94065-1175

11

Telephone: (650) 802-3000
Facsimile: (650) 802-3100

12

E-mail: bambo.obaro@weil.com

13

JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com

14

A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@winston.com

15

ALDO A. BADINI (257086)
Email: abadini@winston.com

16

EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com

17

MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com

18

**WINSTON & STRAWN LLP**

19

200 Park Avenue
New York, New York 10166-4193

20

Telephone: (212) 294-4692
Facsimile: (212) 294-4700

21

22

***Attorneys for Defendant Panasonic Corporation of North America***

23

24

25

26

27

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S
ANSWER TO SHARP PLAINTIFFS' FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917