BAMBO OBARO (Bar No. 267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
Email: bambo.obaro@weil.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendant Panasonic Corporation*

Additional Counsel Listed on Signature Pages

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>TECH DATA ACTION<br>13-CV-00157 SI | **Case No. 07-5944 SC**<br>**MDL No. 1917**<br><br>**DEFENDANT PANASONIC CORPORATION'S ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT** |

1    Defendant PANASONIC CORPORATION ("Panasonic"), by and through its

2 attorneys, answers the allegations set forth in the First Amended Complaint (the "Complaint")

3 filed by plaintiffs Tech Data Corporation and Tech Data Product Management, Inc. (collectively

4 "Plaintiffs"), and alleges additional or affirmative defenses as follows.   To the extent not

5 specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the section

6 headings included herein are included only for purposes of clarity and organization, and

7 Panasonic does not admit, but rather hereby specifically denies, any factual or legal allegations in

8 the headings used in the Complaint.

9                                    **I.      INTRODUCTION**

10    1.    Panasonic denies the allegations contained in Paragraph 1 of the Complaint

11 as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

12 information sufficient to form a belief as to the truth thereof.

13        2.    The allegations contained in Paragraph 2 of the Complaint constitute

14 characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

15 required.  To the extent that a response is required, Panasonic denies all of the allegations, except

16 admits that color display tubes ("CDTs") can be used in computer monitors and certain other

17 specialized applications, admits that color picture tubes ("CPTs") can be used in televisions,

18 admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various

19 times certain affiliates of Panasonic manufactured some CRTs and some products containing

20 CRTs.

21        3.    Panasonic denies the allegations contained in Paragraph 3 of the Complaint

22 as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

23 information sufficient to form a belief as to the truth thereof.

24        4.    Panasonic denies the allegations contained in Paragraph 4 of the Complaint

25 as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

26 information sufficient to form a belief as to the truth thereof.

27        5.    Panasonic denies the allegations contained in Paragraph 5 of the Complaint

28 as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

1    information sufficient to form a belief as to the truth thereof.

2    6.    Panasonic denies the allegations contained in Paragraph 6 of the Complaint

3    as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

4    information sufficient to form a belief as to the truth thereof.

5    7.    Panasonic denies the allegations contained in Paragraph 7 of the Complaint

6    as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

7    information sufficient to form a belief as to the truth thereof.

8    8.    Panasonic denies the allegations contained in Paragraph 8 of the Complaint,

9    except admits that an alleged conspiracy concerning CRTs is or was being investigated by the

10   United States Department of Justice ("DOJ"), and by certain foreign competition authorities, and

11   that it has been publicly reported that individuals have been indicted in connection with the DOJ

12   investigation.

13   9.    Panasonic denies the allegations contained in Paragraph 9 of the Complaint

14   for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

15   admits that certain affiliates of Panasonic have sold some products containing CRTs to Plaintiffs.

16   10.    Panasonic denies the allegations contained in Paragraph 10 of the

17   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof,

18   except admits that on or around December 5, 2012, the European Commission issued an

19   announcement of certain fines relating to the CRT industry and respectfully refers the Court to

20   that document for a review of its contents.

21   ## II.    JURISDICTION AND VENUE

22   11.    Panasonic denies the allegations contained in Paragraph 11 of the

23   Complaint, except admits that Plaintiffs purport to bring this action pursuant to the federal statutes

24   identified therein and seek the relief sought therein.

25   12.    Panasonic denies the allegations contained in Paragraph 12 of the

26   Complaint, except admits that Plaintiffs purport to have brought this action pursuant to the state

27   statutes identified therein and seek the relief sought therein.   To the extent the allegations in

28   Paragraph 12 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March

2

13, 2014 order (Dkt. No. 2433), no response is required.

13.     The allegations contained in Paragraph 13 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiffs purport to base subject matter jurisdiction on the federal statutes identified therein.

14.     Panasonic denies the allegations contained in Paragraph 14 of the Complaint as they relate to Panasonic, except admits that certain affiliates of Panasonic have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15.     The allegations of Paragraph 15 of the Complaint regarding jurisdiction constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations as they relate to Panasonic except admits that certain of its affiliates have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16.     The allegations of Paragraph 16 of the Complaint regarding venue constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations as they relate to Panasonic except admits that certain of its affiliates have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### III.   PARTIES

**A.   PLAINTIFFS**

17.     Panasonic denies the allegations contained in Paragraph 17 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18.     Panasonic denies the allegations contained in Paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19.     Panasonic denies the allegations contained in Paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20.     The allegations contained in Paragraph 20 of the Complaint include legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 253 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

21.     The allegations contained in Paragraph 21 of the Complaint include legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 253 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

B.     **DEFENDANTS**

1.     **Hitachi Entities**

22.     Panasonic denies the allegations contained in Paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

23.     Panasonic denies the allegations contained in Paragraph 23 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24.     Panasonic denies the allegations contained in Paragraph 24 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25.     Panasonic denies the allegations contained in Paragraph 25 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26.     Panasonic denies the allegations contained in Paragraph 26 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27.     Panasonic denies the allegations contained in Paragraph 27 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28.     Panasonic admits that Plaintiffs purport to refer to the entities identified in Paragraph 28 of the Complaint collectively as "Hitachi."

### 2.     IRICO Entities

29.     Panasonic denies the allegations contained in Paragraph 29 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

30.     Panasonic denies the allegations contained in Paragraph 30 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     Panasonic denies the allegations contained in Paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32.     Panasonic admits that Plaintiffs purport to refer to the entities identified in Paragraph 32 of the Complaint collectively as "IRICO."

### 3.     LG Electronics Entities

33.     Panasonic denies the allegations contained in Paragraph 33 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

34.     Panasonic denies the allegations contained in Paragraph 34 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

35.     Panasonic denies the allegations contained in Paragraph 35 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36.     Panasonic admits that Plaintiffs purport to refer to the entities identified in Paragraph 36 of the Complaint collectively as "LG Electronics."

### 4.     LP Displays

37.     Panasonic denies the allegations contained in Paragraph 37 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 5.     Mitsubishi Entities

38.     Panasonic denies the allegations contained in Paragraph 38 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

39.     Panasonic denies the allegations contained in Paragraph 39 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

40.     Panasonic denies the allegations contained in Paragraph 40 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5

41.     Panasonic admits that Plaintiffs purport to refer to the entities identified in Paragraph 41 of the Complaint collectively as "Mitsubishi."

**6.     Panasonic Entities**

42.     Panasonic denies the allegations contained in Paragraph 42 of the Complaint in their entirety, except admits that it is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 42, and that it was known as Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  Panasonic further admits that certain of its affiliates sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

43.     Panasonic denies the allegations contained in Paragraph 43 of the Complaint in their entirety, except admits that Panasonic Corporation of North America ("PNA") is a Delaware corporation with its principal place of business formerly located at the address listed in Paragraph 43.  Panasonic avers that PNA's principal place of business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102.  Panasonic further admits that PNA is a wholly-owned subsidiary of Panasonic.  Panasonic further admits that PNA or certain affiliates of PNA sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

44.     Panasonic admits that Plaintiffs purport to refer to the entities identified in Paragraph 44 of the Complaint collectively as "Panasonic."

45.     Panasonic denies the allegations contained in Paragraph 45 of the Complaint in their entirety, except admits that MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") was a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 45.  Panasonic further admits that MTPD was established as a joint venture between Panasonic and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in 2003, not 2002.  Panasonic further admits that it held 64.5% of MTPD at the time MTPD was formed in 2003.  Panasonic further admits that it acquired Toshiba's 35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of Panasonic, and that MTPD was renamed.  Panasonic further admits that certain affiliates of MTPD sold some CRTs

1  or products containing CRTs in the United States at various times during the purported Relevant

2  Period.

3          46.      Panasonic denies the allegations contained in Paragraph 46 of the

4  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

5  the truth thereof, except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is

6  a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 46.

7  Panasonic further admits that BMCC is a joint venture formed in 1987, and further admits that

8  MTPD at one time had a 50% equity ownership interest in BMCC.

9          **7.      Philips Entities**

10          47.      Panasonic denies the allegations contained in Paragraph 47 of the

11  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

12          48.      Panasonic denies the allegations contained in Paragraph 48 of the

13  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14          49.      Panasonic denies the allegations contained in Paragraph 49 of the

15  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16          50.      Panasonic denies the allegations contained in Paragraph 50 of the

17  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18          51.      Panasonic admits that Plaintiffs purport to refer to the entities identified in

19  Paragraph 51 of the Complaint collectively as "Philips."

20          **8.      Samsung**

21          52.      Panasonic denies the allegations contained in Paragraph 52 of the

22  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

23          53.      Panasonic denies the allegations contained in Paragraph 53 of the

24  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25          54.      Panasonic denies the allegations contained in Paragraph 54 of the

26  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27          55.      Panasonic denies the allegations contained in Paragraph 55 of the

28  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1    56.    Panasonic denies the allegations contained in Paragraph 56 of the

2    Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3    57.    Panasonic denies the allegations contained in Paragraph 57 of the

4    Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5    58.    Panasonic denies the allegations contained in Paragraph 58 of the

6    Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7    59.    Panasonic admits that Plaintiff purports to refer to the entities identified in

8    Paragraph 59 of the Complaint collectively as "Samsung."

9    **9.    Samtel**

10    60.    Panasonic denies the allegations contained in Paragraph 60 of the

11    Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

12    **10.    Thai CRT**

13    61.    Panasonic denies the allegations contained in Paragraph 61 of the

14    Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15    **11.    Thomson Entities**

16    62.    Panasonic denies the allegations contained in Paragraph 62 of the

17    Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18    63.    Panasonic denies the allegations contained in Paragraph 63 of the

19    Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20    64.    Panasonic admits that Plaintiff purports to refer to the entities identified in

21    Paragraph 64 of the Complaint collectively as "Thomson."

22    **12.    Toshiba Entities**

23    65.    Panasonic denies the allegations contained in Paragraph 65 of the

24    Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to

25    the truth thereof, except admits that it entered into a joint venture with Toshiba to form MTPD,

26    but avers that MTPD was formed in 2003, not 2002.

27    66.    Panasonic denies the allegations contained in Paragraph 66 of the

28    Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67.     Panasonic denies the allegations contained in Paragraph 67 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

68.     Panasonic denies the allegations contained in Paragraph 68 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

69.     Panasonic denies the allegations contained in Paragraph 69 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

70.     Panasonic admits that Plaintiffs purport to refer to the entities identified in Paragraph 70 of the Complaint collectively as "Toshiba."

**13.     Chunghwa Entities**

71.     Panasonic denies the allegations contained in Paragraph 71 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

72.     Panasonic denies the allegations contained in Paragraph 72 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Plaintiffs purport to refer to the entities identified in Paragraph 72 of the Complaint collectively as "Chunghwa."

**IV.     AGENTS AND CO-CONSPIRATORS**

73.     Panasonic denies the allegations contained in Paragraph 73 of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

74.     Panasonic denies the allegations contained in Paragraph 74 of the Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

75.     The allegations contained in Paragraph 75 of the Complaint include constitute legal contentions and/or conclusions to which no responsive pleading is required. To the extent that a response is required, Panasonic denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof. Panasonic avers that the entity formerly known as Matsushita Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita Malaysia") was dissolved on October 8, 2007.

76.     Panasonic denies the allegations contained in Paragraph 76 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

77.     Panasonic admits that Plaintiffs purport to refer to the entities identified in Paragraph 77 of the Complaint collectively as "Daewoo."

78.     Panasonic denies the allegations contained in Paragraph 78 of the Complaint in its entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office located at the address listed in Paragraph 78 in Shah Alam, Malaysia, and was a direct subsidiary of Panasonic Corporation from 2001 until 2003, operating as Matsushita Display Devices (Malaysia) Sdn. Bhd.  Panasonic further admits that Matsushita Malaysia was transferred to MTPD in 2003, renamed as MT Picture Display (Malaysia) Sdn. Bhd., and operated as a wholly-owned subsidiary of MTPD.   Panasonic avers that the entity formerly known as Matsushita Malaysia was dissolved on October 8, 2007.

79.     Panasonic denies the allegations contained in Paragraph 79 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia. Panasonic further avers that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and was dissolved on September 28, 2007.

80.     Panasonic denies the allegations contained in Paragraph 80 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

81.     Panasonic denies the allegations contained in Paragraph 81 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

82.     Panasonic denies the allegations contained in Paragraph 82 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd. ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.  Panasonic further avers that MTPDT passed a resolution of dissolution on May 13, 2009,

1   and is now dissolved.

2        83.     Panasonic denies the allegations contained in Paragraph 83 of the

3   Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for

4   lack of knowledge or information sufficient to form a belief as to the truth thereof.

5                       **V.      TRADE AND COMMERCE**

6        84.     Panasonic denies the allegations contained in Paragraph 84 of the

7   Complaint as they relate to Panasonic, except admits that certain affiliates of Panasonic have sold

8   CRTs or products containing CRTs in the United States during the purported Relevant Period, and

9   denies the remaining allegations in their entirety for lack of knowledge or information sufficient

10  to form a belief as to the truth thereof.

11       85.     Panasonic denies the allegations contained in Paragraph 85 of the

12  Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for

13  lack of knowledge or information sufficient to form a belief as to the truth thereof.

14       86.     Panasonic denies the allegations contained in Paragraph 86 of the

15  Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for

16  lack of knowledge or information sufficient to form a belief as to the truth thereof.

17                      **VI.     FACTUAL ALLEGATIONS**

18       **A.     CRT TECHNOLOGY**

19       87.     The allegations in Paragraph 87 of the Complaint constitute

20  characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

21  required.  To the extent that a response is required, Panasonic admits that the CRT is a specialized

22  vacuum tube in which images are produced when an electron beam strikes a phosphorescent

23  surface, but otherwise denies the allegations in their entirety for lack of knowledge or information

24  sufficient to form a belief as to the truth thereof.

25       88.     The allegations in Paragraph 88 of the Complaint constitute

26  characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

27  required.  To the extent that a response is required, Panasonic admits that CRT technology was

28  used in making tubes for televisions in the 1990's, but otherwise denies the allegations in their

1    entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2        89.    The allegations in Paragraph 89 of the Complaint constitute

3    characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

4    required.  To the extent that a response is required, Panasonic admits that a lower quality CRT

5    produces a poor display, but otherwise denies the allegations contained in Paragraph 89 of the

6    Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7        90.    The allegations in Paragraph 90 of the Complaint constitute

8    characterizations of Plaintiff's Complaint to which no responsive pleading is required.  To the

9    extent that a response is required, Panasonic admits that CRT production was refined over time,

10   but otherwise denies the allegations contained in Paragraph 90 of the Complaint for lack of

11   knowledge or information sufficient to form a belief as to the truth thereof.

12       91.    The allegations in Paragraph 91 of the Complaint constitute

13   characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

14   required.  To the extent that a response is required, Panasonic admits that CDTs and CPTs are

15   types of CRTs, admits that CDTs can be used in computer monitors and certain other specialized

16   applications, and admits that CPTs can be used in televisions, but denies the allegations contained

17   in Paragraph 91 of the Complaint for lack of knowledge or information sufficient to form a belief

18   as to the truth thereof.

19       92.    The allegations in Paragraph 92 of the Complaint constitute

20   characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

21   required.  To the extent that a response is required, Panasonic denies the allegations contained in

22   Paragraph 92 of the Complaint for lack of knowledge or information sufficient to form a belief as

23   to the truth thereof.

24       93.    The allegations of Paragraph 93 of the Complaint constitute legal

25   contentions and/or conclusions to which to which no responsive pleading is required.  To the

26   extent that a response is required, Panasonic denies the allegations contained in Paragraph 93 of

27   the Complaint for lack of knowledge or information sufficient to form a belief as to the truth

28   thereof.

94.     Panasonic denies the allegations contained in Paragraph 94 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

95.     Panasonic denies the allegations contained in Paragraph 95 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

96.     Panasonic denies the allegations contained in Paragraph 96 of the Complaint.

**B.     STRUCTURE OF THE CRT INDUSTRY**

97.     Panasonic denies the allegations contained in Paragraph 97 of the Complaint.

**1.     Market Concentration**

98.     Panasonic denies the allegations contained in the second sentence of Paragraph 98 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

**2.     Information Sharing**

99.     Panasonic denies the allegations contained in Paragraph 99 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

100.     Panasonic denies the allegations contained in Paragraph 100 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**3.     Consolidation**

101.     Panasonic denies the allegations contained in Paragraph 101 of the Complaint as they relate to Panasonic, except admits that a merger between Toshiba and Panasonic Corporation's CRT businesses resulted in the creation of MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  Panasonic avers that MTPD was created in 2003, not 2002.

13

**4.     Multiple Interrelated Business Relationships**

102.    Panasonic denies the allegations contained in Paragraph 102 of the Complaint.

103.    Panasonic denies the allegations contained in Paragraph 103, including its subparts, for lack of knowledge or information sufficient to form a belief as to the truth thereof, with the exception that Toshiba Corporation and Panasonic Corporation formed a CRT joint venture, MTPD, in 2003, and that Toshiba Corporation and Panasonic Corporation formed a joint venture to manufacture TFT-LCD panels.

**5.     High Costs of Entry Into the Industry**

104.    Panasonic denies the allegations contained in Paragraph 104 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

105.    Panasonic denies the allegations contained in the first sentence of Paragraph 105 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

**6.     The Maturity of the CRT Product Market**

106.    Panasonic denies the allegations contained in Paragraph 106 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the CRT market is mature.

107.    Panasonic denies the allegations contained in Paragraph 107 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

108.    Panasonic denies the allegations contained in Paragraph 108 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

109.    Panasonic denies the allegations contained in Paragraph 109 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

110.    Panasonic denies the allegations contained in Paragraph 110 of the

14

1   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2           111.   Panasonic denies the allegations contained in Paragraph 111 of the

3   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4           **7.    Homogeneity of CRT Products**

5           112.   Panasonic denies the allegations contained in Paragraph 112 of the

6   Complaint

7           113.   Panasonic denies the allegations contained in Paragraph 113 of the

8   Complaint.

9       **C.    STRUCTURE OF THE CRT INDUSTRY**

10          114.   Panasonic denies the allegations contained in Paragraph 114 of the

11  Complaint as they relate to Panasonic and denies the remaining allegations in their entirety for

12  lack of knowledge or information sufficient to form a belief as to the truth thereof.

13          115.   Panasonic denies the allegations contained in Paragraph 115 of the

14  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15      **D.    DEFENDANTS' AND CO-CONSPIRATORS' ILLEGAL AGREEMENTS**

16          116.   Panasonic denies the allegations contained in Paragraph 116 of the

17  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

18  or information sufficient to form a belief as to the truth thereof.

19          117.   Panasonic denies the allegations contained in Paragraph 117 of the

20  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

21  or information sufficient to form a belief as to the truth thereof.

22          118.   Panasonic denies the allegations contained in Paragraph 118 of the

23  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24          119.   Panasonic denies the allegations contained in Paragraph 119 of the

25  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

26  or information sufficient to form a belief as to the truth thereof.

27          120.   Panasonic denies the allegations contained in Paragraph 120 of the

28  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

1  or information sufficient to form a belief as to the truth thereof.

2  **1.  "Glass Meetings"**

3  121.  Panasonic denies the allegations contained in Paragraph 121 of the
4  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge
5  or information sufficient to form a belief as to the truth thereof.

6  122.  Panasonic denies the allegations contained in Paragraph 122 of the
7  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge
8  or information sufficient to form a belief as to the truth thereof.

9  123.  Panasonic denies the allegations contained in Paragraph 123 of the
10  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge
11  or information sufficient to form a belief as to the truth thereof.

12  124.  Panasonic denies the allegations contained in Paragraph 124 of the
13  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge
14  or information sufficient to form a belief as to the truth thereof.

15  125.  Panasonic denies the allegations contained in Paragraph 125 of the
16  Complaint in their entirety as they relate to Panasonic and denies the remaining allegations for
17  lack of knowledge or information sufficient to form a belief as to the truth thereof.

18  126.  Panasonic denies the allegations contained in Paragraph 126 of the
19  Complaint in their entirety as they relate to Panasonic and denies the remaining allegations for
20  lack of knowledge or information sufficient to form a belief as to the truth thereof.

21  127.  Panasonic denies the allegations contained in Paragraph 127 of the
22  Complaint in their entirety as they relate to Panasonic and denies the remaining allegations for
23  lack of knowledge or information sufficient to form a belief as to the truth thereof.

24  128.  Panasonic denies the allegations contained in Paragraph 128 of the
25  Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to
26  the truth thereof.

27  129.  Panasonic denies the allegations contained in Paragraph 129 of the
28  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

1    or information sufficient to form a belief as to the truth thereof.

2            130.    Panasonic denies the allegations contained in Paragraph 130 of the

3 Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

4 or information sufficient to form a belief as to the truth thereof.

5            131.    Panasonic denies the allegations contained in Paragraph 131 of the

6 Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

7 or information sufficient to form a belief as to the truth thereof.

8            132.    Panasonic denies the allegations contained in Paragraph 132 of the

9 Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

10 or information sufficient to form a belief as to the truth thereof.

11            133.    Panasonic denies the allegations contained in Paragraph 133 of the

12 Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations

13 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14            134.    Panasonic denies the allegations contained in Paragraph 134 of the

15 Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

16 or information sufficient to form a belief as to the truth thereof.

17            135.    Panasonic denies the allegations contained in Paragraph 135 of the

18 Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

19 or information sufficient to form a belief as to the truth thereof.

20       **2.**       **Bilateral Discussions**

21            136.    Panasonic denies the allegations contained in Paragraph 136 of the

22 Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

23 or information sufficient to form a belief as to the truth thereof.

24            137.    Panasonic denies the allegations contained in Paragraph 137 of the

25 Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26            138.    Panasonic denies the allegations contained in Paragraph 138 of the

27 Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28

1          139.   Panasonic denies the allegations contained in Paragraph 139 of the

2   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

3   or information sufficient to form a belief as to the truth thereof.

4          140.   Panasonic denies the allegations contained in Paragraph 140 of the

5   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

6   or information sufficient to form a belief as to the truth thereof.

7          141.   Panasonic denies the allegations contained in Paragraph 141 of the

8   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

9   or information sufficient to form a belief as to the truth thereof.

10         **3.**   **Defendants' and Co-Conspirators' Participation in Group and**

11           **Bilateral Discussions**

12          142.   Panasonic denies the allegations contained in Paragraph 142 of the

13   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

14   or information sufficient to form a belief as to the truth thereof.

15          143.   Panasonic denies the allegations contained in Paragraph 143 of the

16   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

17   or information sufficient to form a belief as to the truth thereof.

18          144.   Panasonic denies the allegations contained in Paragraph 144 of the

19   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

20   or information sufficient to form a belief as to the truth thereof.

21          145.   Panasonic denies the allegations contained in Paragraph 145 of the

22   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

23   or information sufficient to form a belief as to the truth thereof.

24          146.   Panasonic denies the allegations contained in Paragraph 146 of the

25   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

26   or information sufficient to form a belief as to the truth thereof.

27          147.   Panasonic denies the allegations contained in Paragraph 147 of the

28   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

18

1   or information sufficient to form a belief as to the truth thereof.

2          148.   Panasonic denies the allegations contained in Paragraph 148 of the

3   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

4   or information sufficient to form a belief as to the truth thereof.

5          149.   Panasonic denies the allegations contained in Paragraph 149 of the

6   Complaint in their entirety.

7          150.   Panasonic denies the allegations contained in Paragraph 150 of the

8   Complaint in their entirety.

9          151.   Panasonic denies the allegations contained in Paragraph 151 of the

10  Complaint in their entirety.

11          152.   Panasonic denies the allegations contained in Paragraph 152 of the

12  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

13  or information sufficient to form a belief as to the truth thereof.

14          153.   Panasonic denies the allegations contained in Paragraph 153 of the

15  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

16  or information sufficient to form a belief as to the truth thereof.

17          154.   Panasonic denies the allegations contained in Paragraph 154 of the

18  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

19  or information sufficient to form a belief as to the truth thereof.

20          155.   Panasonic denies the allegations contained in Paragraph 155 of the

21  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

22  or information sufficient to form a belief as to the truth thereof.

23          156.   Panasonic denies the allegations contained in Paragraph 156 of the

24  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

25  or information sufficient to form a belief as to the truth thereof.

26          157.   Panasonic denies the allegations contained in Paragraph 157 of the

27  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

28  or information sufficient to form a belief as to the truth thereof.

1           158.    Panasonic denies the allegations contained in Paragraph 158 of the

2 Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

3 or information sufficient to form a belief as to the truth thereof.

4           159.    Panasonic denies the allegations contained in Paragraph 159 of the

5 Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

6 or information sufficient to form a belief as to the truth thereof.

7           160.    Panasonic denies the allegations contained in Paragraph 160 of the

8 Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

9 or information sufficient to form a belief as to the truth thereof.

10           161.    Panasonic denies the allegations contained in Paragraph 161 of the

11 Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

12 or information sufficient to form a belief as to the truth thereof.

13           162.    Panasonic denies the allegations contained in Paragraph 162 of the

14 Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

15 or information sufficient to form a belief as to the truth thereof.

16           163.    Panasonic denies the allegations contained in Paragraph 163 of the

17 Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

18 or information sufficient to form a belief as to the truth thereof.

19           164.    Panasonic denies the allegations contained in Paragraph 164 of the

20 Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

21 or information sufficient to form a belief as to the truth thereof.

22     **E.**      **THE CRT MARKET DURING THE CONSPIRACY**

23           165.    Panasonic denies the allegations contained in Paragraph 165 of the

24 Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25           166.    Panasonic denies the allegations contained in Paragraph 166 of the

26 Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27           167.    Panasonic denies the allegations contained in Paragraph 167 of the

28 Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

168.    Panasonic denies the allegations contained in Paragraph 168 of the Complaint in their entirety as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

169.    Panasonic denies the allegations contained in Paragraph 169 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

170.    Panasonic denies the allegations contained in Paragraph 170 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

171.    Panasonic denies the allegations contained in Paragraph 171 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

172.    Panasonic denies the allegations contained in Paragraph 172 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

173.    Panasonic denies the allegations contained in Paragraph 173 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

174.    Panasonic denies the allegations contained in Paragraph 174 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

175.    Panasonic denies the allegations contained in Paragraph 175 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**F.    INTERNATIONAL GOVERNMENT ANTITRUST INVESTIGATIONS**

176.    Panasonic denies the allegations contained in Paragraph 176 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

177.    Panasonic denies the allegations contained in Paragraph 177 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by certain foreign competition authorities.

178.    Panasonic denies the allegations contained in Paragraph 178 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

179.   Panasonic denies the allegations contained in Paragraph 179 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around May 6, 2008, the Hungarian Competition Authority issued a press release concerning its initiation of a competition supervision proceeding in connection with an alleged conspiracy in the Hungarian market involving CRTs and respectfully refers the Court to that document for a review of its contents.

180.   Panasonic denies the allegations contained in Paragraph 180 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around February 10, 2009, the DOJ issued a press release concerning the indictment of an executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to that document for a review of its contents.

181.   Panasonic denies the allegations contained in Paragraph 181 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around August 19, 2009, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

182.   Panasonic denies the allegations contained in Paragraph 182 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, excepts admits that on or around March 30, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

183.   Panasonic denies the allegations contained in Paragraph 183 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around November 9, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

184.   Panasonic denies the allegations contained in Paragraph 184 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof,

1   except admits that on or around March 18, 2011, the DOJ issued a press release concerning a plea

2   agreement entered into by a CDT industry participant and respectfully refers the Court to that

3   document for a review of its contents.

4          185.    Panasonic denies the allegations contained in Paragraph 185 of the

5   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

6   or information sufficient to form a belief as to the truth thereof.

7          186.    Panasonic denies the allegations contained in Paragraph 186 of the

8   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

9          187.    Panasonic denies the allegations contained in Paragraph 187 of the

10   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof,

11   except admits that on or around December 5, 2012, the European Commission issued an

12   announcement of certain fines relating to the CRT industry and respectfully refers the Court to

13   that document for a review of its contents.

14          188.    Panasonic denies the allegations contained in Paragraph 188 of the

15   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

16   or information sufficient to form a belief as to the truth thereof.

17          189.    Panasonic denies the allegations contained in Paragraph 189 of the

18   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

19   or information sufficient to form a belief as to the truth thereof.

20          190.    Panasonic denies the allegations contained in Paragraph 190 of the

21   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22          191.    Panasonic denies the allegations contained in Paragraph 191 of the

23   Complaint, except admits that an alleged conspiracy concerning the TFT-LCD market is or was

24   being investigated by the DOJ, and by certain other international competition authorities, and that

25   this investigation was revealed on or around December 2006.  Panasonic further avers that it is not

26   a subject of these investigations.

27          192.    Panasonic denies the allegations contained in Paragraph 192 of the

28   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

23

193.    Panasonic denies the allegations contained in Paragraph 193 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

194.    Panasonic denies the allegations contained in Paragraph 194 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

195.    Panasonic denies the allegations contained in Paragraph 195 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**G.      THE ROLE OF TRADE ASSOCIATIONS DURING THE RELEVANT PERIOD**

196.    Panasonic denies the allegations contained in Paragraph 196 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

197.    Panasonic denies the allegations contained in Paragraph 197 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

198.    Panasonic denies the allegations contained in Paragraph 198 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

199.    Panasonic denies the allegations contained in Paragraph 199 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

200.    Panasonic denies the allegations contained in Paragraph 200 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**H.      EFFECTS OF DEFENDANTS' ANTITRUST VIOLATIONS**

**1.      Examples of Reductions in Manufacturing Capacity by Defendants and their Co-Conspirators**

201.    The allegations in Paragraph 201 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 201 of the Complaint as they relate to Panasonic and denies the remaining allegations

1   for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2           202.    Panasonic denies the allegations contained in Paragraph 202 of the

3   Complaint, except admits that MTPD's subsidiary in New York ceased operations in December

4   2004, and admits that a press release contained the phrases quoted in Paragraph 202 of the

5   Complaint.

6           203.    Panasonic denies the allegations contained in Paragraph 203 of the

7   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8           204.    Panasonic denies the allegations contained in Paragraph 204 of the

9   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof,

10  except avers that it was announced on November 30, 2005, not in December 2005, that MTPD's

11  American subsidiary in Ohio and German subsidiary would discontinue operations.

12          205.    Panasonic denies the allegations contained in Paragraph 205 of the

13  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14          206.    Panasonic denies the allegations contained in Paragraph 206 of the

15  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof,

16  except admits that the closure of Matsushita Malaysia was announced in July 2006.

17          **2.      Examples of Collusive Pricing for CRTs**

18          207.    Panasonic denies the allegations contained in Paragraph 207 of the

19  Complaint in their entirety as they relate to Panasonic and denies the remaining allegations for

20  lack of knowledge or information sufficient to form a belief as to the truth thereof.

21          208.    Panasonic denies the allegations contained in Paragraph 208 of the

22  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

23          209.    Panasonic denies the allegations contained in Paragraph 209 of the

24  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25          210.    Panasonic denies the allegations contained in Paragraph 210 of the

26  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

27  or information sufficient to form a belief as to the truth thereof.

28          211.    Panasonic denies the allegations contained in Paragraph 211 of the

Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

212.    Panasonic denies the allegations contained in Paragraph 212 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

213.    Panasonic denies the allegations contained in Paragraph 213 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

214.    Panasonic denies the allegations contained in Paragraph 214 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

215.    Panasonic denies the allegations contained in Paragraph 215 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 3.    Summary of Effects of the Conspiracy Involving CRTs

216.    Panasonic denies the allegations contained in Paragraph 216 of the Complaint, including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### VII.    PLAINTIFFS' INJURIES

217.    Panasonic denies the allegations contained in Paragraph 217 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

218.    Panasonic denies the allegations contained in Paragraph 218 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

219.    The allegations of Paragraph 219 of the Complaint constitute legal contentions and/or conclusions to which to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

220.    Panasonic denies the allegations contained in Paragraph 220 of the

Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

221.    The allegations of Paragraph 221 of the Complaint constitute legal contentions and/or conclusions to which to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 221 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof

222.    Panasonic denies the allegations contained in Paragraph 222 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

223.    Panasonic denies the allegations contained in Paragraph 223 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### VIII.    FRAUDULENT CONCEALMENT

224.    Panasonic denies the allegations contained in Paragraph 224 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

225.    Panasonic denies the allegations contained in Paragraph 225 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

226.    Panasonic denies the allegations contained in Paragraph 226 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

227.    Panasonic denies the allegations contained in Paragraph 227 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

228.    Panasonic denies the allegations contained in Paragraph 228 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

1   or information sufficient to form a belief as to the truth thereof.

2          229.   Panasonic denies the allegations contained in Paragraph 229 the Complaint

3   as they relate to Panasonic and denies the remaining allegations for lack of knowledge or

4   information sufficient to form a belief as to the truth thereof.

5          230.   Panasonic denies the allegations contained in Paragraph 230 of the

6   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

7   or information sufficient to form a belief as to the truth thereof.

8          231.   Panasonic denies the allegations contained in Paragraph 231 of the

9   Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

10  or information sufficient to form a belief as to the truth thereof.

11         232.   Panasonic denies the allegations contained in Paragraph 232 of the

12  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

13  or information sufficient to form a belief as to the truth thereof.

14         233.   Panasonic denies the allegations contained in Paragraph 233 of the

15  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

16  or information sufficient to form a belief as to the truth thereof.

17         234.   Panasonic denies the allegations contained in Paragraph 234 of the

18  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

19  or information sufficient to form a belief as to the truth thereof.

20         235.   Panasonic denies the allegations contained in Paragraph 235 of the

21  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

22  or information sufficient to form a belief as to the truth thereof.

23                          **IX.   TOLLING**

24         236.   Panasonic denies the allegations in Paragraph 236 of the Complaint as they

25  relate to Panasonic, and denies the remaining allegations for lack of knowledge or information

26  sufficient to form a belief as to the truth thereof.

27         237.   The allegations contained in Paragraph 237 of the Complaint constitute

28  legal contentions and/or conclusions to which no response is required.   To the extent that a

1  response is required, Panasonic denies the allegations contained in Paragraph 237 of the

2  Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge

3  or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

4  Paragraph 237 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's

5  March 13, 2014 order (Dkt. No. 2433), no response is required.

6          238.   The allegations in Paragraph 238 of the Complaint constitute legal

7  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

8  response is required, Panasonic denies the allegations contained in Paragraph 238 of the

9  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

10  or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

11  Paragraph 238 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's

12  March 13, 2014 order (Dkt. No. 2433), no response is required.

13         239.   The allegations in Paragraph 239 of the Complaint constitute legal

14  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

15  response is required, Panasonic denies the allegations contained in Paragraph 239 of the

16  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

17  or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

18  Paragraph 239 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's

19  March 13, 2014 order (Dkt. No. 2433), no response is required.

20         240.   The allegations in Paragraph 240 of the Complaint constitute legal

21  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

22  response is required, Panasonic denies the allegations contained in Paragraph 240 of the

23  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

24  or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

25  Paragraph 240 relate to any of Plaintiffs' state claims which were dismissed pursuant to the

26  Court's March 13, 2014 order (Dkt. No. 2433), no response is required.  To the extent the

27  allegations in Paragraph 240 relate to Plaintiffs' state claims which were dismissed pursuant to

28  Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

1        241.    The allegations in Paragraph 241 of the Complaint constitute legal

2  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

3  response is required, Panasonic denies the allegations contained in Paragraph 241 of the

4  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

5  or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

6  Paragraph 241 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's

7  March 13, 2014 order (Dkt. No. 2433), no response is required.

8        242.    The allegations in Paragraph 242 of the Complaint constitute legal

9  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

10  response is required, Panasonic denies the allegations contained in Paragraph 242 of the

11  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

12  or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

13  Paragraph 242 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's

14  March 13, 2014 order (Dkt. No. 2433), no response is required.

15        243.    The allegations in Paragraph 243 of the Complaint constitute legal

16  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

17  response is required, Panasonic denies the allegations contained in Paragraph 243 of the

18  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

19  or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

20  Paragraph 243 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's

21  March 13, 2014 order (Dkt. No. 2433), no response is required.

22        244.    The allegations in Paragraph 244 of the Complaint constitute legal

23  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

24  response is required, Panasonic denies the allegations contained in Paragraph 244 of the

25  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

26  or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

27  Paragraph 244 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's

28  March 13, 2014 order (Dkt. No. 2433), no response is required.

# X.     CLAIM FOR VIOLATIONS

## First Claim for Relief

### (Violation of Section 1 of the Sherman Act)

245.     Panasonic incorporates and realleges its responses to Paragraphs 1-244 above, as if fully set forth herein.

246.     The allegations in Paragraph 246 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 246 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

247.     Panasonic denies the allegations contained in Paragraph 247 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

248.     Panasonic denies the allegations contained in Paragraph 248 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

249.     Panasonic denies the allegations contained in Paragraph 249 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

250.     Panasonic denies the allegations contained in Paragraph 250 of the Complaint, including its subparts, as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

251.     Panasonic denies the allegations contained in Paragraph 251 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## Second Claim for Relief

### (Violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")

252.   Panasonic incorporates and realleges its responses to Paragraphs 1-251 above, as if fully set forth herein.

253.   The allegations in Paragraph 253 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 253 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 253 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

254.   The allegations in Paragraph 254 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 254 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 254 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

255.   The allegations in Paragraph 255 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 255 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 255 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

256.   The allegations in Paragraph 256 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 256 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

Paragraph 256 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

257.   The allegations in Paragraph 257 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 257 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 257 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

258.   The allegations in Paragraph 258 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 258 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 258 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

259.   The allegations in Paragraph 259 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 259 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 259 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

### Third Claim for Relief

### (Violation of the California Cartwright Act)

260.   Panasonic incorporates and realleges its responses to Paragraphs 1-259 above, as if fully set forth herein.

261.   The allegations in Paragraph 261 of the Complaint constitute legal

1   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

2   response is required, Panasonic denies the allegations contained in Paragraph 261 of the

3   Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

4   or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

5   Paragraph 261 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's

6   March 13, 2014 order (Dkt. No. 2433), no response is required.

7           262.    Panasonic denies the allegations contained in Paragraph 262 of the

8   Complaint they relate to Panasonic, and denies the remaining allegations for lack of knowledge or

9   information sufficient to form a belief as to the truth thereof.

10          263.    The allegations in Paragraph 263 of the Complaint constitute legal

11  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

12  response is required, Panasonic denies the allegations contained in Paragraph 263 of the

13  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

14  or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

15  Paragraph 263 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's

16  March 13, 2014 order (Dkt. No. 2433), no response is required.

17          264.    The allegations in Paragraph 264 of the Complaint constitute legal

18  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

19  response is required, Panasonic denies the allegations contained in Paragraph 264 of the

20  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

21  or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

22  Paragraph 264 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's

23  March 13, 2014 order (Dkt. No. 2433), no response is required.

24          265.    The allegations in Paragraph 265 of the Complaint constitute legal

25  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

26  response is required, Panasonic denies the allegations contained in Paragraph 265 of the

27  Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge

28  or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

Paragraph 265 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

266.    Panasonic denies the allegations contained in Paragraph 266 of the Complaint, including its subparts, as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 266 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

267.    Panasonic denies the allegations contained in Paragraph 267 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

268.    The allegations contained in Paragraph 268 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 268 of the Complaint as they relate to Panasonic and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 268 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

**Fourth Claim for Relief**

**(Violation of California Unfair Competition Law)**

269.    Panasonic incorporates and realleges its responses to Paragraphs 1-268 above, as if fully set forth herein.

270.    The allegations in Paragraph 270 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 270 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 298 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

271.     The allegations in Paragraph 271 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 271 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 298 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

272.     The allegations in Paragraph 272 of the Complaint, including its subparts, constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 272 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 298 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

273.     The allegations in Paragraph 273 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 273 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 298 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

274.     The allegations in Paragraph 274 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 274 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 298 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

275.   The allegations in Paragraph 275 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 275 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 298 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

276.   The allegations in Paragraph 276 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, Panasonic denies the allegations contained in Paragraph 276 of the Complaint as they relate to Panasonic, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 298 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

## XI.   **PRAYER FOR RELIEF**

Panasonic denies that Plaintiffs suffered any injury or incurred any damages by any action(s) or omission(s) of Panasonic as alleged in the Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Complaint.

## XII.   **JURY TRIAL DEMAND**

The allegations contained under the heading "Jury Trial Demand" contain no factual assertions for which a response is required.  To the extent that a response is required, Panasonic denies the allegations contained under the heading "Jury Trial Demand" in their entirety, except admits that Plaintiffs demand a trial by jury.

## **DEFENSES**

FURTHER, Panasonic asserts the following defenses and affirmative defenses to the Complaint.  Panasonic does not concede that it has the burden of proof as to any of the defenses listed below:

DEFENDANT PANASONIC CORPORATION'S ANSWER TO
THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

**FIRST DEFENSE**

(Failure to State a Claim for Relief)

Neither Plaintiffs' Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against Panasonic.

**SECOND DEFENSE**

(Statute of Limitations)

The relief sought by Plaintiffs is barred, in whole or in part, by the applicable statutes of limitations.

**THIRD DEFENSE**

(Actual and Proximate Injury)

The relief sought by Plaintiffs is barred, in whole or in part, because the Plaintiffs were not actually and proximately injured in their business or property by reason of any action(s) or omission(s) of **Panasonic**.

**FOURTH DEFENSE**

(No Damages)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent that Plaintiffs purportedly suffered injury or damage, which Panasonic specifically denies, Panasonic further contends that any such purported injury or damage was not by reason of any action(s) or omission(s) of Panasonic.

**FIFTH DEFENSE**

(No Antitrust Injury)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to remedy.

**SIXTH DEFENSE**

(Speculative Damages)

1    The relief sought by Plaintiffs is barred, in whole or in part, because the alleged

2  damages sought are too speculative and uncertain, and because of the impossibility of the

3  ascertainment and allocation of such alleged damages.

4                              **SEVENTH DEFENSE**

5                                (Mitigation)

6    The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

7  failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

8                              **EIGHTH DEFENSE**

9              (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

10    The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

11  failed to allege fraud or fraudulent concealment with sufficient particularity.

12                              **NINTH DEFENSE**

13                    (Failure to Plead Conspiracy with Particularity)

14    The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

15  failed to allege conspiracy with sufficient particularity.

16                              **TENTH DEFENSE**

17                    (Lack of Standing to Sue for Injuries Alleged)

18    The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs lack

19  standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiffs purchased

20  products containing CRTs, as opposed to CRTs themselves, their alleged injuries are even more

21  speculative, derivative, indirect, and remote.  Plaintiffs' damage claims create an impermissible

22  risk of duplicative recoveries and complex damage apportionment.

23                              **ELEVENTH DEFENSE**

24                                (Due Process)

25    To the extent Plaintiffs' claims would result in Panasonic paying damages to more

26  than one claimant for the same alleged overcharges to customers, they are barred because such

27  multiple liability would violate rights guaranteed to Panasonic by the United States Constitution,

28  including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth

39

DEFENDANT PANASONIC CORPORATION'S ANSWER TO                    Case No. 07-5944 SC
THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT             MDL NO. 1917

1    Amendment, and by applicable state law.

2    **TWELFTH DEFENSE**

3    (Other/Superseding Causation)

4    The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs'

5    damages, if any, resulted from the acts or omissions of third parties over whom Panasonic had no

6    control or responsibility.  The acts of such third parties constitute intervening or superseding cases

7    of harm, if any, suffered by Plaintiffs.

8    **THIRTEENTH DEFENSE**

9    (Waiver and Estoppel)

10   The relief sought by Plaintiffs is barred, in whole or in part, by the doctrines of

11   waiver and/or estoppel.

12   **FOURTEENTH DEFENSE**

13   (Laches)

14   The relief sought by Plaintiffs is barred, in whole or in part, by the equitable

15   doctrine of laches.

16   **FIFTEENTH DEFENSE**

17   (Unclean Hands)

18   The relief sought by Plaintiffs is barred, in whole or in part, by the equitable

19   doctrine of unclean hands.

20   **SIXTEENTH DEFENSE**

21   (Unjust Enrichment)

22   The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs

23   would be unjustly enriched if they were allowed to recover any part of the damages alleged in the

24   Complaint.

25   **SEVENTEENTH DEFENSE**

26   (Adequate Remedy at Law)

27

28

1   The equitable relief sought by Plaintiffs is barred, in whole or in part, because

2   Plaintiffs have available an adequate remedy at law.

3   **EIGHTEENTH DEFENSE**

4   (Comparative Fault)

5   The relief sought by Plaintiffs is barred, in whole or in part, because any and all

6   injuries alleged in the Complaint, the fact and extent of which Panasonic specifically denies, were

7   directly and proximately caused or contributed to by the statements, acts, and/or omissions of

8   Plaintiffs and/or third parties or entities, other than Panasonic.

9   **NINETEENTH DEFENSE**

10   (Acquiescence)

11   The relief sought by Plaintiffs is barred, in whole or in part, by Plaintiffs'

12   acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to

13   Panasonic.

14   **TWENTIETH DEFENSE**

15   (No Detrimental Reliance)

16   The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs did

17   not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

18   **TWENTY-FIRST DEFENSE**

19   (Set Off)

20   Without admitting that Plaintiffs are entitled to recover damages in this matter,

21   Panasonic is entitled to set off from any recovery Plaintiffs may obtain against Panasonic, any

22   amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims

23   in this matter.

24   **TWENTY-SECOND DEFENSE**

25   (Failure to State a Claim for Injunctive Relief)

26   The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

27   failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that

28   have already transpired without the requisite showing of threatened harm or continuing harm.

**TWENTY-THIRD DEFENSE**

(Lack of Jurisdiction)

The relief sought by Plaintiffs is barred, in whole or in part, because any alleged conduct of Panasonic occurred outside of the jurisdiction of the Court.

**TWENTY-FOURTH DEFENSE**

(Foreign Trade Antitrust Improvements Act)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to make a single specific allegation to support the claim that the alleged conduct had "a direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a.

**TWENTY-FIFTH DEFENSE**

(Foreign Conduct)

Plaintiffs' claims are barred to the extent that they are based on conduct beyond the territorial reach of the laws or courts of the United States.

**TWENTY-SIXTH DEFENSE**

(Damages Not Passed Through to Plaintiffs)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

**TWENTY-SEVENTH DEFENSE**

(Damages Passed On)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Complaint, which Panasonic specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

**TWENTY-EIGHTH DEFENSE**

(No Unreasonable Restraint of Trade)

42

1    The relief sought by Plaintiffs is barred, in whole or in part, because the alleged

2  conduct of Panasonic did not unreasonably restrain trade.

3                              **TWENTY-NINTH DEFENSE**

4                              (Acts Outside the Jurisdiction)

5    The relief sought by Plaintiffs is barred, in whole or in part, to the extent

6  Panasonic's alleged conduct occurred outside the jurisdiction of this Court and/or was neither

7  directed to nor affected persons, entities, or commerce in the various States cited.

8                              **THIRTIETH DEFENSE**

9                         (Restitution Unmanageable and Inequitable)

10    The relief sought by Plaintiffs is barred, in whole or in part, to the extent the

11  restitution sought in the Complaint is unmanageable and inequitable.

12                              **THIRTY-FIRST DEFENSE**

13                         (Lack of Standing as Indirect Purchasers)

14    The relief sought by Plaintiffs is barred, in whole or in part, to the extent the

15  various States cited have not repealed the *Illinois Brick* doctrine.

16                              **THIRTY-SECOND DEFENSE**

17                              (Unjust Enrichment Claims Barred)

18    The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs

19  have failed to exhaust all remedies against PNA.

20                              **THIRTY-THIRD DEFENSE**

21         (Goods Not Purchased Primarily for Personal, Family, or Household Purposes)

22    The relief sought by Plaintiffs is barred, in whole or in part, to the extent that any Plaintiff

23  did not purchase goods primarily for personal, family, or household purposes.

24                              **THIRTY-FOURTH DEFENSE**

25                    (Independent, Legitimate Business and Economic Justification)

26

27

28

DEFENDANT PANASONIC CORPORATION'S ANSWER TO                     Case No. 07-5944 SC
THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT              MDL NO. 1917

The relief sought by Plaintiffs is barred, in whole or in part, because any conduct engaged in by Panasonic was reasonable and based on independent, legitimate business and economic justification.

### THIRTY-FIFTH DEFENSE

(Private Claim Cannot Be Brought In a Representative Capacity)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs bring any claims in a representative capacity, to the extent a private claim may not be brought in a representative capacity under the laws of the various states.

### THIRTY-SIXTH DEFENSE

(Lack of Sufficient Contacts to the Various States)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs' claims lack sufficient contacts to the states under whose laws they are brought, in violation of rights guaranteed to Panasonic by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable state and federal law.

### THIRTY-SEVENTH DEFENSE

(Attorneys' Fees)

Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is not allowed under applicable federal or state law.


### INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES

PNA hereby incorporates by reference, as if set forth fully herein, all other defenses and affirmative defenses to the Complaint alleged by any other defendant.   PNA presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses.  Panasonic reserves the right to assert other defenses and affirmative defenses as this action proceeds, the right to file an amended answer asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event that discovery indicates that such pleadings are appropriate.

1     WHEREFORE, Panasonic prays for judgment as follows:

2    1.  That Plaintiffs take nothing under the Complaint, and the Complaint be

3      dismissed with prejudice;

4    2.  That judgment be entered in favor of Panasonic and against Plaintiffs on

5      each and every cause of action set forth in the Complaint;

6    3.  That Panasonic recover its costs of suit and attorneys' fees incurred herein;

7 and

8    4.  That Panasonic be granted such other and further relief as the Court deems

9      just and proper.

10
Dated: March 27, 2014      By: */s/ Adam C. Hemlock*
11            BAMBO OBARO (Bar No. 267683)
             Email: bambo.obaro@weil.com
12            **WEIL, GOTSHAL & MANGES LLP**
             201 Redwood Shores Parkway
13            Redwood Shores, California 94065-1175
             Telephone: (650) 802-3000
14            Facsimile: (650) 802-3100

15
             STEVEN A. REISS (*pro hac vice*)
16            E-mail: steven.reiss@weil.com
             DAVID L. YOHAI (*pro hac vice*)
17            E-mail: david.yohai@weil.com
             ADAM C. HEMLOCK (*pro hac vice*)
18            E-mail: adam.hemlock@weil.com
             DAVID E. YOLKUT (*pro hac vice*)
19            E-mail: david.yolkut@weil.com
             **WEIL, GOTSHAL & MANGES LLP**
20            767 Fifth Avenue
             New York, New York 10153-0119
21            Telephone: (212) 310-8000
             Facsimile: (212) 310-8007
22

23
             JEFFREY L. KESSLER (*pro hac vice*)
24            Email: jkessler@winston.com
             A. PAUL VICTOR (*pro hac vice*)
25            Email: pvictor@winston.com
             ALDO A. BADINI (257086)
26            Email: abadini@winston.com
             EVA W. COLE (*pro hac vice*)
27            Email: ewcole@winston.com

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-4692
Facsimile: (212) 294-4700

*Attorneys for Defendant Panasonic Corporation*

DEFENDANT PANASONIC CORPORATION'S ANSWER TO
THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

On   March   27,   2014,   I   caused   a   copy   of   "DEFENDANT   PANASONIC
CORPORATION'S   ANSWER   TO   THE   TECH   DATA   PLAINTIFFS'   FIRST   AMENDED
COMPLAINT" to be served via ECF on the other parties in this action.

By:  _/s/ Bambo Obaro_____
Bambo Obaro (Bar No. 267683)

---