BAMBO OBARO (Bar No. 267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
Email: bambo.obaro@weil.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendant Panasonic Corporation of North America*

Additional Counsel Listed on Signature Pages

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>TECH DATA ACTION<br>13-CV-00157 SI | **Case No. 07-5944 SC**<br>**MDL No. 1917**<br><br>**DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT** |

1        Defendant PANASONIC CORPORATION OF NORTH AMERICA ("PNA"), by

2    and through its attorneys, answers the allegations set forth in the First Amended Complaint (the

3    "Complaint") filed by plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.

4    (collectively "Plaintiffs"), and alleges additional or affirmative defenses as follows.  To the extent

5    not specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the

6    section headings included herein are included only for purposes of clarity and organization, and

7    PNA does not admit, but rather hereby specifically denies, any factual or legal allegations in the

8    headings used in the Complaint.

9    **I.     INTRODUCTION**

10        1.     PNA denies the allegations contained in Paragraph 1 of the Complaint as

11    they relate to PNA and denies the remaining allegations for lack of knowledge or information

12    sufficient to form a belief as to the truth thereof.

13        2.     The allegations contained in Paragraph 2 of the Complaint constitute

14    characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

15    required.  To the extent that a response is required, PNA denies all of the allegations, except

16    admits that color display tubes ("CDTs") can be used in computer monitors and certain other

17    specialized applications, admits that color picture tubes ("CPTs") can be used in televisions,

18    admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various

19    times certain affiliates of PNA manufactured some CRTs and some products containing CRTs.

20        3.     PNA denies the allegations contained in Paragraph 3 of the Complaint as

21    they relate to PNA and denies the remaining allegations for lack of knowledge or information

22    sufficient to form a belief as to the truth thereof.

23        4.     PNA denies the allegations contained in Paragraph 4 of the Complaint as

24    they relate to PNA and denies the remaining allegations for lack of knowledge or information

25    sufficient to form a belief as to the truth thereof.

26        5.     PNA denies the allegations contained in Paragraph 5 of the Complaint as

27    they relate to PNA and denies the remaining allegations for lack of knowledge or information

28    sufficient to form a belief as to the truth thereof.

6.      PNA denies the allegations contained in Paragraph 6 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.      PNA denies the allegations contained in Paragraph 7 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8.      PNA denies the allegations contained in Paragraph 8 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the United States Department of Justice ("DOJ"), and by certain foreign competition authorities, and that it has been publicly reported that individuals have been indicted in connection with the DOJ investigation.

9.      PNA denies the allegations contained in Paragraph 9 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that PNA sold some products containing CRTs to Plaintiffs.

10.     PNA denies the allegations contained in Paragraph 10 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around December 5, 2012, the European Commission issued an announcement of certain fines relating to the CRT industry and respectfully refers the Court to that document for a review of its contents.

## II.      JURISDICTION AND VENUE

11.     PNA denies the allegations contained in Paragraph 11 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the federal statutes identified therein and seek the relief sought therein.

12.     PNA denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiffs purport to have brought this action pursuant to the state statutes identified therein and seek the relief sought therein.  To the extent the allegations in Paragraph 12 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

2

13.     The allegations contained in Paragraph 13 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiffs purport to base subject matter jurisdiction on the federal statutes identified therein.

14.     PNA denies the allegations contained in Paragraph 14 of the Complaint as they relate to PNA, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15.     The allegations of Paragraph 15 of the Complaint regarding jurisdiction constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16.     The allegations of Paragraph 16 of the Complaint regarding venue constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### III.     PARTIES

#### A.     PLAINTIFFS

17.     PNA denies the allegations contained in Paragraph 17 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18.     PNA denies the allegations contained in Paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19.     PNA denies the allegations contained in Paragraph 19 of the Complaint for

3

1    lack of knowledge or information sufficient to form a belief as to the truth thereof.

2              20.    The allegations contained in Paragraph 20 of the Complaint include legal

3    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

4    response is required, PNA denies the allegations contained in Paragraph 253 of the Complaint as

5    they relate to PNA, and denies the remaining allegations for lack of knowledge or information

6    sufficient to form a belief as to the truth thereof.

7              21.    The allegations contained in Paragraph 21 of the Complaint include legal

8    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

9    response is required, PNA denies the allegations contained in Paragraph 253 of the Complaint as

10   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

11   sufficient to form a belief as to the truth thereof.

12     **B.     DEFENDANTS**

13          **1.     Hitachi Entities**

14             22.    PNA denies the allegations contained in Paragraph 22 of the Complaint for

15   lack of knowledge or information sufficient to form a belief as to the truth thereof.

16             23.    PNA denies the allegations contained in Paragraph 23 of the Complaint for

17   lack of knowledge or information sufficient to form a belief as to the truth thereof.

18             24.    PNA denies the allegations contained in Paragraph 24 of the Complaint for

19   lack of knowledge or information sufficient to form a belief as to the truth thereof.

20             25.    PNA denies the allegations contained in Paragraph 25 of the Complaint for

21   lack of knowledge or information sufficient to form a belief as to the truth thereof.

22             26.    PNA denies the allegations contained in Paragraph 26 of the Complaint for

23   lack of knowledge or information sufficient to form a belief as to the truth thereof.

24             27.    PNA denies the allegations contained in Paragraph 27 of the Complaint for

25   lack of knowledge or information sufficient to form a belief as to the truth thereof.

26             28.    PNA admits that Plaintiffs purport to refer to the entities identified in

27   Paragraph 28 of the Complaint collectively as "Hitachi."

28          **2.     IRICO Entities**

4

1   29.   PNA denies the allegations contained in Paragraph 29 of the Complaint for
2   lack of knowledge or information sufficient to form a belief as to the truth thereof.

3   30.   PNA denies the allegations contained in Paragraph 30 of the Complaint for
4   lack of knowledge or information sufficient to form a belief as to the truth thereof.

5   31.   PNA denies the allegations contained in Paragraph 31 of the Complaint for
6   lack of knowledge or information sufficient to form a belief as to the truth thereof.

7   32.   PNA admits that Plaintiffs purport to refer to the entities identified in
8   Paragraph 32 of the Complaint collectively as "IRICO."

9   **3.   LG Electronics Entities**

10   33.   PNA denies the allegations contained in Paragraph 33 of the Complaint for
11   lack of knowledge or information sufficient to form a belief as to the truth thereof.

12   34.   PNA denies the allegations contained in Paragraph 34 of the Complaint for
13   lack of knowledge or information sufficient to form a belief as to the truth thereof.

14   35.   PNA denies the allegations contained in Paragraph 35 of the Complaint for
15   lack of knowledge or information sufficient to form a belief as to the truth thereof.

16   36.   PNA admits that Plaintiffs purport to refer to the entities identified in
17   Paragraph 36 of the Complaint collectively as "LG Electronics."

18   **4.   LP Displays**

19   37.   PNA denies the allegations contained in Paragraph 37 of the Complaint for
20   lack of knowledge or information sufficient to form a belief as to the truth thereof.

21   **5.   Mitsubishi Entities**

22   38.   PNA denies the allegations contained in Paragraph 38 of the Complaint for
23   lack of knowledge or information sufficient to form a belief as to the truth thereof.

24   39.   PNA denies the allegations contained in Paragraph 39 of the Complaint for
25   lack of knowledge or information sufficient to form a belief as to the truth thereof.

26   40.   PNA denies the allegations contained in Paragraph 40 of the Complaint for
27   lack of knowledge or information sufficient to form a belief as to the truth thereof.

28   41.   PNA admits that Plaintiffs purport to refer to the entities identified in

5

1   Paragraph 41 of the Complaint collectively as "Mitsubishi."

2         **6.**      **Panasonic Entities**

3         42.      PNA denies the allegations contained in Paragraph 42 of the Complaint in

4   their entirety, except admits that Panasonic Corporation is a Japanese entity with an office in

5   Osaka, Japan at the address listed in Paragraph 42, and that it was known as Matsushita Electric

6   Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  PNA further admits that certain affiliates of

7   Panasonic Corporation sold some CRTs or products containing CRTs in the United States at

8   various times during the purported Relevant Period.

9         43.      PNA denies the allegations contained in Paragraph 43 of the Complaint in

10  their entirety, except admits that PNA is a Delaware corporation with its principal place of

11  business formerly located at the address listed in Paragraph 43.  PNA avers that its principal place

12  of business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102.  PNA further

13  admits that PNA is a wholly-owned subsidiary of Panasonic Corporation.  PNA further admits

14  that it or certain of its affiliates sold some CRTs or products containing CRTs in the United

15  States at various times during the purported Relevant Period.

16        44.      PNA admits that Plaintiffs purport to refer to the entities identified in

17  Paragraph 44 of the Complaint collectively as "Panasonic."

18        45.      PNA denies the allegations contained in Paragraph 45 of the Complaint in

19  their entirety, except admits that MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture

20  Display Co., Ltd. ("MTPD") was a Japanese entity with an office in Osaka, Japan at the address

21  listed in Paragraph 45.  PNA further admits that MTPD was established as a joint venture between

22  Panasonic Corporation and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in

23  2003, not 2002.  PNA further admits that Panasonic Corporation held 64.5% of MTPD at the time

24  MTPD was formed in 2003.  PNA further admits that Panasonic Corporation acquired Toshiba's

25  35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of

26  Panasonic Corporation, and that MTPD was renamed.  PNA further admits that certain affiliates

27  of MTPD sold some CRTs or products containing CRTs in the United States at various times

28  during the purported Relevant Period.

46.     PNA denies the allegations contained in Paragraph 46 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity with its headquarters in Beijing, China at the address listed in Paragraph 46.  PNA further admits that BMCC is a joint venture formed in 1987, and further admits that MTPD at one time had a 50% equity ownership interest in BMCC.

**7.     Philips Entities**

47.     PNA denies the allegations contained in Paragraph 47 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

48.     PNA denies the allegations contained in Paragraph 48 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

49.     PNA denies the allegations contained in Paragraph 49 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

50.     PNA denies the allegations contained in Paragraph 50 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

51.     PNA admits that Plaintiffs purport to refer to the entities identified in Paragraph 51 of the Complaint collectively as "Philips."

**8.     Samsung**

52.     PNA denies the allegations contained in Paragraph 52 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

53.     PNA denies the allegations contained in Paragraph 53 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

54.     PNA denies the allegations contained in Paragraph 54 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

55.     PNA denies the allegations contained in Paragraph 55 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

56.     PNA denies the allegations contained in Paragraph 56 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

57.     PNA denies the allegations contained in Paragraph 57 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

58.     PNA denies the allegations contained in Paragraph 58 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

59.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 59 of the Complaint collectively as "Samsung."

**9.     Samtel**

60.     PNA denies the allegations contained in Paragraph 60 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**10.    Thai CRT**

61.     PNA denies the allegations contained in Paragraph 61 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**11.    Thomson Entities**

62.     PNA denies the allegations contained in Paragraph 62 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

63.     PNA denies the allegations contained in Paragraph 63 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

64.     PNA admits that Plaintiff purports to refer to the entities identified in Paragraph 64 of the Complaint collectively as "Thomson."

**12.    Toshiba Entities**

65.     PNA denies the allegations contained in Paragraph 65 of the Complaint in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that Panasonic Corporation entered into a joint venture with Toshiba to form MTPD, but avers that MTPD was formed in 2003, not 2002.

66.     PNA denies the allegations contained in Paragraph 66 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

67.     PNA denies the allegations contained in Paragraph 67 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8

1         68.    PNA denies the allegations contained in Paragraph 68 of the Complaint for

2   lack of knowledge or information sufficient to form a belief as to the truth thereof.

3         69.    PNA denies the allegations contained in Paragraph 69 of the Complaint for

4   lack of knowledge or information sufficient to form a belief as to the truth thereof.

5         **13.**    **Chunghwa Entities**

6         70.    PNA admits that Plaintiffs purport to refer to the entities identified in

7   Paragraph 70 of the Complaint collectively as "Toshiba."

8         71.    PNA denies the allegations contained in Paragraph 71 of the Complaint for

9   lack of knowledge or information sufficient to form a belief as to the truth thereof.

10        72.    PNA denies the allegations contained in Paragraph 72 of the Complaint for

11  lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

12  that Plaintiffs purport to refer to the entities identified in Paragraph 72 of the Complaint

13  collectively as "Chunghwa."

14              **IV.**    **AGENTS AND CO-CONSPIRATORS**

15        73.    PNA denies the allegations contained in Paragraph 73 of the Complaint as

16  they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

17  information sufficient to form a belief as to the truth thereof.

18        74.    PNA denies the allegations contained in Paragraph 74 of the Complaint as

19  they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

20  information sufficient to form a belief as to the truth thereof.

21        75.    The allegations contained in Paragraph 75 of the Complaint constitute legal

22  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

23  response is required, PNA denies the allegations in their entirety for lack of knowledge or

24  information sufficient to form a belief as to the truth thereof.  PNA avers that the entity formerly

25  known as Matsushita Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita Malaysia") was

26  dissolved on October 8, 2007.

27        76.    PNA denies the allegations contained in Paragraph 76 of the Complaint for

28  lack of knowledge or information sufficient to form a belief as to the truth thereof.

1    77.    PNA admits that Plaintiffs purport to refer to the entities identified in

2    Paragraph 77 of the Complaint collectively as "Daewoo."

3    78.    PNA denies the allegations contained in Paragraph 78 of the Complaint in

4    its entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office

5    located at the address listed in Paragraph 78 in Shah Alam, Malaysia, and was a direct subsidiary

6    of Panasonic Corporation from 2001 until 2003, operating as Matsushita Display Devices

7    (Malaysia) Sdn. Bhd.  PNA further admits that Matsushita Malaysia was transferred to MTPD in

8    2003, renamed as MT Picture Display (Malaysia) Sdn. Bhd., and operated as a wholly-owned

9    subsidiary of MTPD.  PNA avers that the entity formerly known as Matsushita Malaysia was

10   dissolved on October 8, 2007.

11   79.    PNA denies the allegations contained in Paragraph 79 of the Complaint in

12   their entirety for lack of knowledge or information sufficient to form a belief as to the truth

13   thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred

14   to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.  PNA further avers

15   that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and

16   was dissolved on September 28, 2007.

17   80.    PNA denies the allegations contained in Paragraph 80 of the Complaint for

18   lack of knowledge or information sufficient to form a belief as to the truth thereof.

19   81.    PNA denies the allegations contained in Paragraph 81 of the Complaint for

20   lack of knowledge or information sufficient to form a belief as to the truth thereof.

21   82.    PNA denies the allegations contained in Paragraph 82 of the Complaint in

22   their entirety for lack of knowledge or information sufficient to form a belief as to the truth

23   thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was

24   transferred to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd.

25   ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.  PNA further

26   avers that MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

27   ## V.    TRADE AND COMMERCE

28   83.    PNA denies the allegations contained in Paragraph 83 of the Complaint as

1   they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

2   information sufficient to form a belief as to the truth thereof.

3          84.    PNA denies the allegations contained in Paragraph 84 of the Complaint as

4   they relate to PNA, except admits that PNA sold some products containing CRTs in the United

5   States during the purported Relevant Period, and denies the remaining allegations in their entirety

6   for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7          85.    PNA denies the allegations contained in Paragraph 85 of the Complaint as

8   they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

9   information sufficient to form a belief as to the truth thereof.

10                        VI.    FACTUAL ALLEGATIONS

11      A.    CRT TECHNOLOGY

12         86.    PNA denies the allegations contained in Paragraph 86 of the Complaint as

13   they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

14   information sufficient to form a belief as to the truth thereof.

15         87.    The  allegations  in  Paragraph  87  of  the  Complaint  constitute

16   characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

17   required.  To the extent that a response is required, PNA admits that the CRT is a specialized

18   vacuum tube in which images are produced when an electron beam strikes a phosphorescent

19   surface, but otherwise denies the allegations in their entirety for lack of knowledge or information

20   sufficient to form a belief as to the truth thereof.

21         88.    The  allegations  in  Paragraph  88  of  the  Complaint  constitute

22   characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

23   required.  To the extent that a response is required, PNA admits that CRT technology was used in

24   making tubes for televisions in the 1990's, but otherwise denies the allegations in their entirety for

25   lack of knowledge or information sufficient to form a belief as to the truth thereof.

26         89.    The  allegations  in  Paragraph  89  of  the  Complaint  constitute

27   characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

28   required.  To  the  extent  that  a  response  is  required,  PNA  admits  that  a  lower  quality  CRT

11

1   produces a poor display, but otherwise denies the allegations contained in Paragraph 89 of the

2   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3          90.     The allegations in Paragraph 90 of the Complaint constitute

4   characterizations of Plaintiff's Complaint to which no responsive pleading is required.  To the

5   extent that a response is required, PNA admits that CRT production was refined over time, but

6   otherwise denies the allegations contained in Paragraph 90 of the Complaint for lack of

7   knowledge or information sufficient to form a belief as to the truth thereof.

8          91.     The allegations in Paragraph 91 of the Complaint constitute

9   characterizations of the allegations of Plaintiff's Complaint to which no responsive pleading is

10  required.  To the extent that a response is required, PNA admits that CDTs and CPTs are types of

11  CRTs, admits that CDTs can be used in computer monitors and certain other specialized

12  applications, and admits that CPTs can be used in televisions, but denies the allegations contained

13  in Paragraph 91 of the Complaint for lack of knowledge or information sufficient to form a belief

14  as to the truth thereof.

15         92.     The allegations in Paragraph 92 of the Complaint constitute

16  characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

17  required.  To the extent that a response is required, PNA denies the allegations contained in

18  Paragraph 92 of the Complaint for lack of knowledge or information sufficient to form a belief as

19  to the truth thereof.

20         93.     The allegations of Paragraph 93 of the Complaint constitute legal

21  contentions and/or conclusions to which to which no responsive pleading is required.  To the

22  extent that a response is required, PNA denies the allegations contained in Paragraph 93 of the

23  Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24         94.     PNA denies the allegations contained in Paragraph 94 of the Complaint as

25  they relate to PNA and denies the remaining allegations for lack of knowledge or information

26  sufficient to form a belief as to the truth thereof.

27         95.     PNA denies the allegations contained in Paragraph 95 of the Complaint as

28  they relate to PNA and denies the remaining allegations for lack of knowledge or information

1   sufficient to form a belief as to the truth thereof.

2         **B.**    **STRUCTURE OF THE CRT INDUSTRY**

3         96.    PNA denies the allegations contained in Paragraph 96 of the Complaint.

4         **1.**    **Market Concentration**

5         97.    PNA denies the allegations contained in Paragraph 96 of the Complaint.

6         **2.**    **Information Sharing**

7         98.    PNA denies the allegations contained in the second sentence of Paragraph

8   98 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth

9   thereof, and denies the remaining allegations in their entirety.

10        99.    PNA denies the allegations contained in Paragraph 99 of the Complaint as

11  they relate to PNA and denies the remaining allegations for lack of knowledge or information

12  sufficient to form a belief as to the truth thereof.

13        **3.**    **Consolidation**

14        100.    PNA denies the allegations contained in Paragraph 100 of the Complaint as

15  they relate to PNA and denies the remaining allegations for lack of knowledge or information

16  sufficient to form a belief as to the truth thereof.

17        **4.**    **Multiple Interrelated Business Relationships**

18        101.    PNA denies the allegations contained in Paragraph 101 of the Complaint as

19  they relate to PNA, except admits that a merger between Toshiba and Panasonic Corporation's

20  CRT businesses resulted in the creation of MTPD, and denies the remaining allegations for lack

21  of knowledge or information sufficient to form a belief as to the truth thereof.  PNA avers that

22  MTPD was created in 2003, not 2002.

23        102.    PNA denies the allegations contained in Paragraph 102 of the Complaint.

24        **5.**    **High Costs of Entry Into the Industry**

25        103.    PNA denies the allegations contained in Paragraph 103, including its

26  subparts, for lack of knowledge or information sufficient to form a belief as to the truth thereof,

27  with the exception that Toshiba Corporation and Panasonic Corporation formed a CRT joint

28  venture, MTPD, in 2003, and that Toshiba Corporation and Panasonic Corporation formed a joint

1  venture to manufacture TFT-LCD panels.

2          104.   PNA denies the allegations contained in Paragraph 104 of the Complaint

3  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4          **6.     The Maturity of the CRT Product Market**

5          105.   PNA denies the allegations contained in the first sentence of Paragraph 105

6  of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth

7  thereof, and denies the remaining allegations in their entirety.

8          106.   PNA denies the allegations contained in Paragraph 106 of the Complaint

9  for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

10 admits that the CRT market is mature.

11         107.   PNA denies the allegations contained in Paragraph 107 of the Complaint as

12 they relate to PNA and denies the remaining allegations for lack of knowledge or information

13 sufficient to form a belief as to the truth thereof.

14         108.   PNA denies the allegations contained in Paragraph 108 of the Complaint as

15 they relate to PNA and denies the remaining allegations for lack of knowledge or information

16 sufficient to form a belief as to the truth thereof.

17         109.   PNA denies the allegations contained in Paragraph 109 of the Complaint as

18 they relate to PNA and denies the remaining allegations for lack of knowledge or information

19 sufficient to form a belief as to the truth thereof.

20         110.   PNA denies the allegations contained in Paragraph 110 of the Complaint

21 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22         **7.     Homogeneity of CRT Products**

23         111.   PNA denies the allegations contained in Paragraph 111 of the Complaint

24 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25         112.   PNA denies the allegations contained in Paragraph 112 of the Complaint

26 **C.    STRUCTURE OF THE CRT INDUSTRY**

27         113.   PNA denies the allegations contained in Paragraph 113 of the Complaint

28         114.   PNA denies the allegations contained in Paragraph 114 of the Complaint as

they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### D.   DEFENDANTS' AND CO-CONSPIRATORS' ILLEGAL AGREEMENTS

115.   PNA denies the allegations contained in Paragraph 115 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

116.   PNA denies the allegations contained in Paragraph 116 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

117.   PNA denies the allegations contained in Paragraph 117 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

118.   PNA denies the allegations contained in Paragraph 118 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

119.   PNA denies the allegations contained in Paragraph 119 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### 1.   "Glass Meetings"

120.   PNA denies the allegations contained in Paragraph 120 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

121.   PNA denies the allegations contained in Paragraph 121 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

122.   PNA denies the allegations contained in Paragraph 122 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

123.   PNA denies the allegations contained in Paragraph 123 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

15

1   sufficient to form a belief as to the truth thereof.

2         124.   PNA denies the allegations contained in Paragraph 124 of the Complaint as

3 they relate to PNA and denies the remaining allegations for lack of knowledge or information

4 sufficient to form a belief as to the truth thereof.

5         125.   PNA denies the allegations contained in Paragraph 125 of the Complaint in

6 their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

7 information sufficient to form a belief as to the truth thereof.

8         126.   PNA denies the allegations contained in Paragraph 126 of the Complaint in

9 their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

10 information sufficient to form a belief as to the truth thereof.

11         127.   PNA denies the allegations contained in Paragraph 127 of the Complaint in

12 their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

13 information sufficient to form a belief as to the truth thereof.

14         128.   PNA denies the allegations contained in Paragraph 128 of the Complaint in

15 their entirety for lack of knowledge or information sufficient to form a belief as to the truth

16 thereof.

17         129.   PNA denies the allegations contained in Paragraph 129 of the Complaint as

18 they relate to PNA and denies the remaining allegations for lack of knowledge or information

19 sufficient to form a belief as to the truth thereof.

20         130.   PNA denies the allegations contained in Paragraph 130 of the Complaint as

21 they relate to PNA and denies the remaining allegations for lack of knowledge or information

22 sufficient to form a belief as to the truth thereof.

23         131.   PNA denies the allegations contained in Paragraph 131 of the Complaint as

24 they relate to PNA and denies the remaining allegations for lack of knowledge or information

25 sufficient to form a belief as to the truth thereof.

26         132.   PNA denies the allegations contained in Paragraph 132 of the Complaint as

27 they relate to PNA and denies the remaining allegations for lack of knowledge or information

28 sufficient to form a belief as to the truth thereof.

133.    PNA denies the allegations contained in Paragraph 133 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**2.    Bilateral Discussions**

134.    PNA denies the allegations contained in Paragraph 134 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

135.    PNA denies the allegations contained in Paragraph 135 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

136.    PNA denies the allegations contained in Paragraph 136 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

137.    PNA denies the allegations contained in Paragraph 137 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

138.    PNA denies the allegations contained in Paragraph 138 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

139.    PNA denies the allegations contained in Paragraph 139 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**3.    Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions**

140.    PNA denies the allegations contained in Paragraph 140 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

141.    PNA denies the allegations contained in Paragraph 141 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

1 | sufficient to form a belief as to the truth thereof.

2 |       142.   PNA denies the allegations contained in Paragraph 142 of the Complaint as

3 | they relate to PNA and denies the remaining allegations for lack of knowledge or information

4 | sufficient to form a belief as to the truth thereof.

5 |       143.   PNA denies the allegations contained in Paragraph 143 of the Complaint as

6 | they relate to PNA and denies the remaining allegations for lack of knowledge or information

7 | sufficient to form a belief as to the truth thereof.

8 |       144.   PNA denies the allegations contained in Paragraph 144 of the Complaint as

9 | they relate to PNA and denies the remaining allegations for lack of knowledge or information

10 | sufficient to form a belief as to the truth thereof.

11 |       145.   PNA denies the allegations contained in Paragraph 145 of the Complaint as

12 | they relate to PNA and denies the remaining allegations for lack of knowledge or information

13 | sufficient to form a belief as to the truth thereof.

14 |       146.   PNA denies the allegations contained in Paragraph 146 of the Complaint as

15 | they relate to PNA and denies the remaining allegations for lack of knowledge or information

16 | sufficient to form a belief as to the truth thereof.

17 |       147.   PNA denies the allegations contained in Paragraph 147 of the Complaint as

18 | they relate to PNA and denies the remaining allegations for lack of knowledge or information

19 | sufficient to form a belief as to the truth thereof.

20 |       148.   PNA denies the allegations contained in Paragraph 148 of the Complaint as

21 | they relate to PNA and denies the remaining allegations for lack of knowledge or information

22 | sufficient to form a belief as to the truth thereof.

23 |       149.   PNA denies the allegations contained in Paragraph 149 of the Complaint in

24 | their entirety.

25 |       150.   PNA denies the allegations contained in Paragraph 150 of the Complaint in

26 | their entirety.

27 |       151.   PNA denies the allegations contained in Paragraph 151 of the Complaint in

28 | their entirety.

1   152.   PNA denies the allegations contained in Paragraph 152 of the Complaint as

2   they relate to PNA and denies the remaining allegations for lack of knowledge or information

3   sufficient to form a belief as to the truth thereof.

4   153.   PNA denies the allegations contained in Paragraph 153 of the Complaint as

5   they relate to PNA and denies the remaining allegations for lack of knowledge or information

6   sufficient to form a belief as to the truth thereof.

7   154.   PNA denies the allegations contained in Paragraph 154 of the Complaint as

8   they relate to PNA and denies the remaining allegations for lack of knowledge or information

9   sufficient to form a belief as to the truth thereof.

10   155.   PNA denies the allegations contained in Paragraph 155 of the Complaint as

11   they relate to PNA and denies the remaining allegations for lack of knowledge or information

12   sufficient to form a belief as to the truth thereof.

13   156.   PNA denies the allegations contained in Paragraph 156 of the Complaint as

14   they relate to PNA and denies the remaining allegations for lack of knowledge or information

15   sufficient to form a belief as to the truth thereof.

16   157.   PNA denies the allegations contained in Paragraph 157 of the Complaint as

17   they relate to PNA and denies the remaining allegations for lack of knowledge or information

18   sufficient to form a belief as to the truth thereof.

19   158.   PNA denies the allegations contained in Paragraph 158 of the Complaint as

20   they relate to PNA and denies the remaining allegations for lack of knowledge or information

21   sufficient to form a belief as to the truth thereof.

22   159.   PNA denies the allegations contained in Paragraph 159 of the Complaint as

23   they relate to PNA and denies the remaining allegations for lack of knowledge or information

24   sufficient to form a belief as to the truth thereof.

25   160.   PNA denies the allegations contained in Paragraph 160 of the Complaint as

26   they relate to PNA and denies the remaining allegations for lack of knowledge or information

27   sufficient to form a belief as to the truth thereof.

28   161.   PNA denies the allegations contained in Paragraph 161 of the Complaint as

1   they relate to PNA and denies the remaining allegations for lack of knowledge or information

2   sufficient to form a belief as to the truth thereof.

3          162.   PNA denies the allegations contained in Paragraph 162 of the Complaint as

4   they relate to PNA and denies the remaining allegations for lack of knowledge or information

5   sufficient to form a belief as to the truth thereof.

6   **E.      THE CRT MARKET DURING THE CONSPIRACY**

7          163.   PNA denies the allegations contained in Paragraph 163 of the Complaint as

8   they relate to PNA and denies the remaining allegations for lack of knowledge or information

9   sufficient to form a belief as to the truth thereof.

10          164.   PNA denies the allegations contained in Paragraph 164 of the Complaint as

11   they relate to PNA and denies the remaining allegations for lack of knowledge or information

12   sufficient to form a belief as to the truth thereof.

13          165.   PNA denies the allegations contained in Paragraph 165 of the Complaint

14   for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15          166.   PNA denies the allegations contained in Paragraph 166 of the Complaint

16   for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17          167.   PNA denies the allegations contained in Paragraph 167 of the Complaint

18   for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19          168.   PNA denies the allegations contained in Paragraph 168 of the Complaint in

20   their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

21   information sufficient to form a belief as to the truth thereof.

22          169.   PNA denies the allegations contained in Paragraph 169 of the Complaint

23   for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24          170.   PNA denies the allegations contained in Paragraph 170 of the Complaint

25   for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26          171.   PNA denies the allegations contained in Paragraph 171 of the Complaint as

27   they relate to PNA and denies the remaining allegations for lack of knowledge or information

28   sufficient to form a belief as to the truth thereof.

172.     PNA denies the allegations contained in Paragraph 172 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

173.     PNA denies the allegations contained in Paragraph 173 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**F.     INTERNATIONAL GOVERNMENT ANTITRUST INVESTIGATIONS**

174.     PNA denies the allegations contained in Paragraph 174 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

175.     PNA denies the allegations contained in Paragraph 175 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

176.     PNA denies the allegations contained in Paragraph 176 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

177.     PNA denies the allegations contained in Paragraph 177 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by certain foreign competition authorities.

178.     PNA denies the allegations contained in Paragraph 178 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

179.     PNA denies the allegations contained in Paragraph 179 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around May 6, 2008, the Hungarian Competition Authority issued a press release concerning its initiation of a competition supervision proceeding in connection with an alleged conspiracy in the Hungarian market involving CRTs and respectfully refers the Court to that document for a review of its contents.

180.     PNA denies the allegations contained in Paragraph 180 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around February 10, 2009, the DOJ issued a press release concerning the indictment of an executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to

1   that document for a review of its contents.

2              181.   PNA denies the allegations contained in Paragraph 181 of the Complaint

3   for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

4   admits that on or around August 19, 2009, the DOJ issued a press release concerning the

5   indictment of a CDT industry executive and respectfully refers the Court to that document for a

6   review of its contents.

7              182.   PNA denies the allegations contained in Paragraph 182 of the Complaint

8   for lack of knowledge or information sufficient to form a belief as to the truth thereof, excepts

9   admits that on or around March 30, 2010, the DOJ issued a press release concerning the

10  indictment of a CDT industry executive and respectfully refers the Court to that document for a

11  review of its contents.

12             183.   PNA denies the allegations contained in Paragraph 183 of the Complaint

13  for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

14  admits that on or around November 9, 2010, the DOJ issued a press release concerning the

15  indictment of a CDT industry executive and respectfully refers the Court to that document for a

16  review of its contents.

17             184.   PNA denies the allegations contained in Paragraph 184 of the Complaint

18  for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

19  admits that on or around March 18, 2011, the DOJ issued a press release concerning a plea

20  agreement entered into by a CDT industry participant and respectfully refers the Court to that

21  document for a review of its contents.

22             185.   PNA denies the allegations contained in Paragraph 185 of the Complaint as

23  they relate to PNA and denies the remaining allegations for lack of knowledge or information

24  sufficient to form a belief as to the truth thereof.

25             186.   PNA denies the allegations contained in Paragraph 186 of the Complaint

26  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27             187.   PNA denies the allegations contained in Paragraph 187 of the Complaint

28  for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

admits that on or around December 5, 2012, the European Commission issued an announcement of certain fines relating to the CRT industry and respectfully refers the Court to that document for a review of its contents.

188.    PNA denies the allegations contained in Paragraph 188 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

189.    PNA denies the allegations contained in Paragraph 189 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

190.    PNA denies the allegations contained in Paragraph 190 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

191.    PNA denies the allegations contained in Paragraph 191 of the Complaint, except admits that an alleged conspiracy concerning the TFT-LCD market is or was being investigated by the DOJ, and by certain other international competition authorities, and that this investigation was revealed on or around December 2006. PNA further avers that it is not a subject of these investigations.

192.    PNA denies the allegations contained in Paragraph 192 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

193.    PNA denies the allegations contained in Paragraph 193 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**G.     THE ROLE OF TRADE ASSOCIATIONS DURING THE RELEVANT PERIOD**

194.    PNA denies the allegations contained in Paragraph 194 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

195.    PNA denies the allegations contained in Paragraph 195 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

196.    PNA denies the allegations contained in Paragraph 196 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

1 | sufficient to form a belief as to the truth thereof.

2 | 197.   PNA denies the allegations contained in Paragraph 197 of the Complaint

3 | for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4 | 198.   PNA denies the allegations contained in Paragraph 198 of the Complaint

5 | for lack of knowledge or information sufficient to form a belief as to the truth thereof.

6 | **H.   EFFECTS OF DEFENDANTS' ANTITRUST VIOLATIONS**

7 | **1.   Examples of Reductions in Manufacturing Capacity by Defendants**

8 | **and their Co-Conspirators**

9 | 199.   PNA denies the allegations contained in Paragraph 199 of the Complaint as

10 | they relate to PNA and denies the remaining allegations for lack of knowledge or information

11 | sufficient to form a belief as to the truth thereof.

12 | 200.   PNA denies the allegations contained in Paragraph 200 of the Complaint as

13 | they relate to PNA and denies the remaining allegations for lack of knowledge or information

14 | sufficient to form a belief as to the truth thereof.

15 | 201.   The allegations in Paragraph 201 of the Complaint constitute

16 | characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

17 | required.   To the extent that a response is required, PNA denies the allegations contained in

18 | Paragraph 201 of the Complaint as they relate to PNA and denies the remaining allegations for

19 | lack of knowledge or information sufficient to form a belief as to the truth thereof.

20 | 202.   PNA denies the allegations contained in Paragraph 202 of the Complaint,

21 | except admits that MTPD's subsidiary in New York ceased operations in December 2004, and

22 | admits that a press release contained the phrases quoted in Paragraph 202 of the Complaint

23 | 203.   PNA denies the allegations contained in Paragraph 203 of the Complaint

24 | for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25 | 204.   PNA denies the allegations contained in Paragraph 204 of the Complaint

26 | for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

27 | avers that it was announced on November 30, 2005, not in December 2005, that MTPD's

28 | American subsidiary in Ohio and German subsidiary would discontinue operations.

**2.     Examples of Collusive Pricing for CRTs**

205.     PNA denies the allegations contained in Paragraph 205 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

206.     PNA denies the allegations contained in Paragraph 206 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the closure of Matsushita Malaysia was announced in July 2006.

207.     PNA denies the allegations contained in Paragraph 207 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

208.     PNA denies the allegations contained in Paragraph 208 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

209.     PNA denies the allegations contained in Paragraph 209 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

210.     PNA denies the allegations contained in Paragraph 210 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

211.     PNA denies the allegations contained in Paragraph 211 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

212.     PNA denies the allegations contained in Paragraph 212 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

213.     PNA denies the allegations contained in Paragraph 213 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**3.     Summary of Effects of the Conspiracy Involving CRTs**

214.     PNA denies the allegations contained in Paragraph 214 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**VII.     PLAINTIFFS' INJURIES**

215.     PNA denies the allegations contained in Paragraph 215 of the Complaint as

they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

216.    PNA denies the allegations contained in Paragraph 216 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

217.    PNA denies the allegations contained in Paragraph 217 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

218.    PNA denies the allegations contained in Paragraph 218 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

219.    The allegations of Paragraph 219 of the Complaint constitute legal contentions and/or conclusions to which to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

220.    PNA denies the allegations contained in Paragraph 220 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

221.    The allegations of Paragraph 221 of the Complaint constitute legal contentions and/or conclusions to which to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 221 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VIII.   FRAUDULENT CONCEALMENT

222.    PNA denies the allegations contained in Paragraph 222 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

223.    PNA denies the allegations contained in Paragraph 223 of the Complaint as

26

1  they relate to PNA and denies the remaining allegations for lack of knowledge or information

2  sufficient to form a belief as to the truth thereof.PNA denies the allegations contained in

3  Paragraph 223 of the Complaint as they relate to PNA and denies the remaining allegations for

4  lack of knowledge or information sufficient to form a belief as to the truth thereof.

5          224.    PNA denies the allegations contained in Paragraph 224 of the Complaint as

6  they relate to PNA and denies the remaining allegations for lack of knowledge or information

7  sufficient to form a belief as to the truth thereof.

8          225.    PNA denies the allegations contained in Paragraph 225 of the Complaint as

9  they relate to PNA and denies the remaining allegations for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.

11          226.    PNA denies the allegations contained in Paragraph 226 of the Complaint as

12  they relate to PNA and denies the remaining allegations for lack of knowledge or information

13  sufficient to form a belief as to the truth thereof.

14          227.    PNA denies the allegations contained in Paragraph 227 of the Complaint as

15  they relate to PNA and denies the remaining allegations for lack of knowledge or information

16  sufficient to form a belief as to the truth thereof.

17          228.    PNA denies the allegations contained in Paragraph 228 of the Complaint as

18  they relate to PNA and denies the remaining allegations for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.

20          229.    PNA denies the allegations contained in Paragraph 229 the Complaint as

21  they relate to PNA and denies the remaining allegations for lack of knowledge or information

22  sufficient to form a belief as to the truth thereof.

23          230.    PNA denies the allegations contained in Paragraph 230 of the Complaint as

24  they relate to PNA and denies the remaining allegations for lack of knowledge or information

25  sufficient to form a belief as to the truth thereof.

26          231.    PNA denies the allegations contained in Paragraph 231 of the Complaint as

27  they relate to PNA and denies the remaining allegations for lack of knowledge or information

28  sufficient to form a belief as to the truth thereof.

232.    PNA denies the allegations contained in Paragraph 232 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## IX.    TOLLING

233.    PNA denies the allegations contained in Paragraph 233 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

234.    PNA denies the allegations contained in Paragraph 234 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

235.    PNA denies the allegations contained in Paragraph 235 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

236.    PNA denies the allegations in Paragraph 236 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

237.    The allegations contained in Paragraph 237 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 237 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 237 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

238.    The allegations in Paragraph 238 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 238 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 238

28

1    relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

2    order (Dkt. No. 2433), no response is required.

3           239.   The allegations in Paragraph 239 of the Complaint constitute legal

4    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

5    response is required, PNA denies the allegations contained in Paragraph 239 of the Complaint as

6    they relate to PNA, and denies the remaining allegations for lack of knowledge or information

7    sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 239

8    relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

9    order (Dkt. No. 2433), no response is required.

10          240.   The allegations in Paragraph 240 of the Complaint constitute legal

11    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

12    response is required, PNA denies the allegations contained in Paragraph 240 of the Complaint as

13    they relate to PNA, and denies the remaining allegations for lack of knowledge or information

14    sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 240

15    relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

16    2014 order (Dkt. No. 2433), no response is required.  To the extent the allegations in Paragraph

17    298 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

18    order (Dkt. No. 2433), no response is required.

19          241.   The allegations in Paragraph 241 of the Complaint constitute legal

20    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

21    response is required, PNA denies the allegations contained in Paragraph 241 of the Complaint as

22    they relate to PNA, and denies the remaining allegations for lack of knowledge or information

23    sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 241

24    relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

25    order (Dkt. No. 2433), no response is required.

26                    **X.    CLAIM FOR VIOLATIONS**

27                       **First Claim for Relief**

28                **(Violation of Section 1 of the Sherman Act)**

1          242.    The allegations in Paragraph 242 of the Complaint constitute legal

2   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

3   response is required, PNA denies the allegations contained in Paragraph 242 of the Complaint as

4   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

5   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 242

6   relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

7   order (Dkt. No. 2433), no response is required.

8          243.    The allegations in Paragraph 243 of the Complaint constitute legal

9   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

10  response is required, PNA denies the allegations contained in Paragraph 243 of the Complaint as

11  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

12  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 243

13  relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

14  order (Dkt. No. 2433), no response is required.

15         244.    The allegations in Paragraph 244 of the Complaint constitute legal

16  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

17  response is required, PNA denies the allegations contained in Paragraph 244 of the Complaint as

18  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 244

20  relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

21  order (Dkt. No. 2433), no response is required.

22         245.    PNA incorporates and realleges its responses to Paragraphs 1-244 above, as

23  if fully set forth herein.

24         246.    The allegations in Paragraph 246 of the Complaint constitute legal

25  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

26  response is required, PNA denies the allegations contained in Paragraph 246 of the Complaint as

27  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

28  sufficient to form a belief as to the truth thereof.

247.    PNA denies the allegations contained in Paragraph 247 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

248.    PNA denies the allegations contained in Paragraph 248 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**Second Claim for Relief**

**(Violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")**

249.    PNA denies the allegations contained in Paragraph 249 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

250.    PNA denies the allegations contained in Paragraph 250 of the Complaint, including its subparts, as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

251.    PNA denies the allegations contained in Paragraph 251 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

252.    PNA incorporates and realleges its responses to Paragraphs 1-251 above, as if fully set forth herein.

253.    The allegations in Paragraph 254 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 254 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 254 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

254.   The allegations in Paragraph 255 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 255 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 255 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

255.   The allegations in Paragraph 256 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 256 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 256 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

256.   The allegations in Paragraph 257 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 257 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 257 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

**Third Claim for Relief**

**(Violation of the California Cartwright Act)**

257.   The allegations in Paragraph 258 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 258 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 258

32

1    relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

2    order (Dkt. No. 2433), no response is required.

3                258.    The allegations in Paragraph 259 of the Complaint constitute legal

4    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

5    response is required, PNA denies the allegations contained in Paragraph 259 of the Complaint as

6    they relate to PNA, and denies the remaining allegations for lack of knowledge or information

7    sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 259

8    relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

9    order (Dkt. No. 2433), no response is required.

10               259.    PNA incorporates and realleges its responses to Paragraphs 1-259 above, as

11   if fully set forth herein.

12               260.    The allegations in Paragraph 261 of the Complaint constitute legal

13   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

14   response is required, PNA denies the allegations contained in Paragraph 261 of the Complaint as

15   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

16   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 261

17   relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

18   order (Dkt. No. 2433), no response is required.

19               261.    PNA denies the allegations contained in Paragraph 262 of the Complaint

20   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

21   sufficient to form a belief as to the truth thereof.

22               262.    The allegations in Paragraph 263 of the Complaint constitute legal

23   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

24   response is required, PNA denies the allegations contained in Paragraph 263 of the Complaint as

25   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

26   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 263

27   relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

28   order (Dkt. No. 2433), no response is required.

263.     The allegations in Paragraph 264 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 264 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 264 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

264.     The allegations in Paragraph 265 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 265 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 265 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

265.     PNA denies the allegations contained in Paragraph 266 of the Complaint, including its subparts, as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 266 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

**Fourth Claim for Relief**

**(Violation of California Unfair Competition Law)**

266.     PNA denies the allegations contained in Paragraph 267 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

267.     The allegations contained in Paragraph 268 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 268 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or

34

1   information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

2   Paragraph 268 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's

3   March 13, 2014 order (Dkt. No. 2433), no response is required.

4          268.    PNA incorporates and realleges its responses to Paragraphs 1-268 above, as

5   if fully set forth herein.

6          269.    The allegations in Paragraph 270 of the Complaint constitute legal

7   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

8   response is required, PNA denies the allegations contained in Paragraph 270 of the Complaint as

9   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 298

11  relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

12  order (Dkt. No. 2433), no response is required.

13         270.    The allegations in Paragraph 271 of the Complaint constitute legal

14  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

15  response is required, PNA denies the allegations contained in Paragraph 271 of the Complaint as

16  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

17  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 298

18  relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

19  order (Dkt. No. 2433), no response is required.

20         271.    The allegations in Paragraph 272 of the Complaint, including its subparts,

21  constitute legal contentions and/or conclusions to which no responsive pleading is required.  To

22  the extent that a response is required, PNA denies the allegations contained in Paragraph 272 of

23  the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge

24  or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

25  Paragraph 298 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's

26  March 13, 2014 order (Dkt. No. 2433), no response is required.

27         272.    The allegations in Paragraph 273 of the Complaint constitute legal

28  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

1   response is required, PNA denies the allegations contained in Paragraph 273 of the Complaint as

2   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

3   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 298

4   relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

5   order (Dkt. No. 2433), no response is required.

6          273.    The allegations in Paragraph 274 of the Complaint constitute legal

7   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

8   response is required, PNA denies the allegations contained in Paragraph 274 of the Complaint as

9   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 298

11  relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

12  order (Dkt. No. 2433), no response is required.

13         274.    The allegations in Paragraph 275 of the Complaint constitute legal

14  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

15  response is required, PNA denies the allegations contained in Paragraph 275 of the Complaint as

16  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

17  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 298

18  relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

19  order (Dkt. No. 2433), no response is required.

20         275.    The allegations in Paragraph 276 of the Complaint constitute legal

21  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

22  response is required, PNA denies the allegations contained in Paragraph 276 of the Complaint as

23  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

24  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 298

25  relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

26  order (Dkt. No. 2433), no response is required.

27              **XI.    PRAYER FOR RELIEF**

28         PNA denies that Plaintiffs suffered any injury or incurred any damages by any

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT           MDL NO. 1917

1   action(s) or omission(s) of PNA as alleged in the Complaint, and further denies that Plaintiffs are

2   entitled to any relief under any theory by means of the allegations set forth in each of the

3   paragraphs and their subparts in the Complaint.

## XII.   JURY TRIAL DEMAND

5   The allegations contained under the heading "Jury Trial Demand" contain no

6   factual assertions for which a response is required.  To the extent that a response is required, PNA

7   denies the allegations contained under the heading "Jury Trial Demand" in their entirety, except

8   admits that Plaintiffs demand a trial by jury.

## DEFENSES

10   FURTHER, PNA asserts the following defenses and affirmative defenses to the

11   Complaint.  PNA does not concede that it has the burden of proof as to any of the defenses listed

12   below:

## FIRST DEFENSE

### (Failure to State a Claim for Relief)

15   Neither Plaintiffs' Complaint nor any claim for relief asserted therein states facts

16   sufficient to constitute a claim for relief against PNA.

## SECOND DEFENSE

### (Statute of Limitations)

19   The relief sought by Plaintiffs is barred, in whole or in part, by the applicable

20   statutes of limitations.

## THIRD DEFENSE

### (Actual and Proximate Injury)

23   The relief sought by Plaintiffs is barred, in whole or in part, because the Plaintiffs

24   were not actually and proximately injured in their business or property by reason of any action(s)

25   or omission(s) of PNA.

## FOURTH DEFENSE

### (No Damages)

28

37

1     The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

2  suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent

3  that Plaintiffs purportedly suffered injury or damage, which PNA specifically denies, PNA further

4  contends that any such purported injury or damage was not by reason of any action(s) or

5  omission(s) of PNA.

6                                    **FIFTH DEFENSE**

7                                  (No Antitrust Injury)

8     The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

9  failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to

10  remedy.

11                                    **SIXTH DEFENSE**

12                                  (Speculative Damages)

13     The relief sought by Plaintiffs is barred, in whole or in part, because the alleged

14  damages sought are too speculative and uncertain, and because of the impossibility of the

15  ascertainment and allocation of such alleged damages.

16                                    **SEVENTH DEFENSE**

17                                  (Mitigation)

18     The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

19  failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

20                                    **EIGHTH DEFENSE**

21             (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

22     The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

23  failed to allege fraud or fraudulent concealment with sufficient particularity.

24                                    **NINTH DEFENSE**

25                    (Failure to Plead Conspiracy with Particularity)

26     The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

27  failed to allege conspiracy with sufficient particularity.

28

1

**TENTH DEFENSE**

2

(Lack of Standing to Sue for Injuries Alleged)

3          The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs lack

4     standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiffs purchased

5     products containing CRTs, as opposed to CRTs themselves, their alleged injuries are even more

6     speculative, derivative, indirect, and remote.  Plaintiffs' damage claims create an impermissible

7     risk of duplicative recoveries and complex damage apportionment.

8

**ELEVENTH DEFENSE**

9

(Due Process)

10          To the extent Plaintiffs' claims would result in PNA paying damages to more than

11    one claimant for the same alleged overcharges to customers, they are barred because such

12    multiple liability would violate rights guaranteed to PNA by the United States Constitution,

13    including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth

14    Amendment, and by applicable state law.

15

**TWELFTH DEFENSE**

16

(Other/Superseding Causation)

17          The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs'

18    damages, if any, resulted from the acts or omissions of third parties over whom PNA had no

19    control or responsibility.  The acts of such third parties constitute intervening or superseding cases

20    of harm, if any, suffered by Plaintiffs.

21

**THIRTEENTH DEFENSE**

22

(Waiver and Estoppel)

23          The relief sought by Plaintiffs is barred, in whole or in part, by the doctrines of

24    waiver and/or estoppel.

25

**FOURTEENTH DEFENSE**

26

(Laches)

27          The relief sought by Plaintiffs is barred, in whole or in part, by the equitable

28    doctrine of laches.

1

## FIFTEENTH DEFENSE

2

(Unclean Hands)

3      The relief sought by Plaintiffs is barred, in whole or in part, by the equitable

4   doctrine of unclean hands.

5

## SIXTEENTH DEFENSE

6

(Unjust Enrichment)

7      The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs

8   would be unjustly enriched if they were allowed to recover any part of the damages alleged in the

9   Complaint.

10

## SEVENTEENTH DEFENSE

11

(Adequate Remedy at Law)

12      The equitable relief sought by Plaintiffs is barred, in whole or in part, because

13   Plaintiffs have available an adequate remedy at law.

14

## EIGHTEENTH DEFENSE

15

(Comparative Fault)

16      The relief sought by Plaintiffs is barred, in whole or in part, because any and all

17   injuries alleged in the Complaint, the fact and extent of which PNA specifically denies, were

18   directly and proximately caused or contributed to by the statements, acts, and/or omissions of

19   Plaintiffs and/or third parties or entities, other than PNA.

20

## NINETEENTH DEFENSE

21

(Acquiescence)

22      The relief sought by Plaintiffs is barred, in whole or in part, by Plaintiffs'

23   acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PNA.

24

## TWENTIETH DEFENSE

25

(No Detrimental Reliance)

26      The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs did

27   not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

28

**TWENTY-FIRST DEFENSE**

(Set Off)

Without admitting that Plaintiffs are entitled to recover damages in this matter, PNA is entitled to set off from any recovery Plaintiffs may obtain against PNA, any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

**TWENTY-SECOND DEFENSE**

(Failure to State a Claim for Injunctive Relief)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

**TWENTY-THIRD DEFENSE**

(Lack of Jurisdiction)

The relief sought by Plaintiffs is barred, in whole or in part, because any alleged conduct of PNA occurred outside of the jurisdiction of the Court.

**TWENTY-FOURTH DEFENSE**

(Foreign Trade Antitrust Improvements Act)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to make a single specific allegation to support the claim that the alleged conduct had "a direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a.

**TWENTY-FIFTH DEFENSE**

(Foreign Conduct)

Plaintiffs' claims are barred to the extent that they are based on conduct beyond the territorial reach of the laws or courts of the United States.

**TWENTY-SIXTH DEFENSE**

(Damages Not Passed Through to Plaintiffs)

41

1

2   The relief sought by Plaintiffs is barred, in whole or in part, because any injury or

3   damage alleged in the Complaint was not incurred by or passed on to Plaintiffs, or was incurred

4   by or passed on to persons or entities other than Plaintiffs.

5   **TWENTY-SEVENTH DEFENSE**

6   (Damages Passed On)

7   The relief sought by Plaintiffs is barred, in whole or in part, because any injury or

8   damage alleged in the Complaint, which PNA specifically denies, was passed on to persons or

9   entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

10  **TWENTY-EIGHTH DEFENSE**

11  (No Unreasonable Restraint of Trade)

12  The relief sought by Plaintiffs is barred, in whole or in part, because the alleged

13  conduct of PNA did not unreasonably restrain trade.

14  **TWENTY-NINTH DEFENSE**

15  (Acts Outside the Jurisdiction)

16  The relief sought by Plaintiffs is barred, in whole or in part, to the extent PNA's

17  alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor

18  affected persons, entities, or commerce in the various States cited.

19  **THIRTIETH DEFENSE**

20  (Restitution Unmanageable and Inequitable)

21  The relief sought by Plaintiffs is barred, in whole or in part, to the extent the

22  restitution sought in the Complaint is unmanageable and inequitable.

23  **THIRTY-FIRST DEFENSE**

24  (Lack of Standing as Indirect Purchasers)

25  The relief sought by Plaintiffs is barred, in whole or in part, to the extent the

26  various States cited have not repealed the *Illinois Brick* doctrine.

27  **THIRTY-SECOND DEFENSE**

28  (Unjust Enrichment Claims Barred)

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT          MDL NO. 1917

1   The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs
2   have failed to exhaust all remedies against PNA.

3   **THIRTY-THIRD DEFENSE**
4   (Goods Not Purchased Primarily for Personal, Family, or Household Purposes)
5   The relief sought by Plaintiffs is barred, in whole or in part, to the extent that any Plaintiff
6   did not purchase goods primarily for personal, family, or household purposes.

7   **THIRTY-FOURTH DEFENSE**
8   (Independent, Legitimate Business and Economic Justification)
9   The relief sought by Plaintiffs is barred, in whole or in part, because any conduct
10  engaged in by PNA was reasonable and based on independent, legitimate business and economic
11  justification.

12  **THIRTY-FIFTH DEFENSE**
13  (Private Claim Cannot Be Brought In a Representative Capacity)
14  The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs
15  bring any claims in a representative capacity, to the extent a private claim may not be brought in a
16  representative capacity under the laws of the various states.

17  **THIRTY-SIXTH DEFENSE**
18  (Lack of Sufficient Contacts to the Various States)
19  The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs'
20  claims lack sufficient contacts to the states under whose laws they are brought, in violation of
21  rights guaranteed to PNA by the United States Constitution, including, without limitation, rights
22  guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable
23  state and federal law.

24  **THIRTY-SEVENTH DEFENSE**
25  (Attorneys' Fees)
26  Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is
27  not allowed under applicable federal or state law.

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT          MDL NO. 1917

1

**INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES**

2              PNA hereby incorporates by reference, as if set forth fully herein, all other

3    defenses and affirmative defenses to the Complaint alleged by any other defendant.   PNA

4    presently has insufficient knowledge or information on which to form a belief as to whether it

5    may have available additional, as yet unstated, defenses.  PNA reserves the right to assert other

6    defenses and affirmative defenses as this action proceeds, the right to file an amended answer

7    asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event

8    that discovery indicates that such pleadings are appropriate.

9              WHEREFORE, PNA prays for judgment as follows:

10        1.      That Plaintiffs take nothing under the Complaint, and the Complaint be

11                dismissed with prejudice;

12        2.      That judgment be entered in favor of PNA and against Plaintiffs on each

13                and every cause of action set forth in the Complaint;

14        3.      That PNA recover its costs of suit and attorneys' fees incurred herein; and

15        4.      That PNA be granted such other and further relief as the Court deems just

16                and proper.

17

Dated: March 27, 2014              By:    /s/ Adam C. Hemlock
18                                 BAMBO OBARO (Bar No. 267683)
                                   Email: bambo.obaro@weil.com
19                                 **WEIL, GOTSHAL & MANGES LLP**
                                   201 Redwood Shores Parkway
20                                 Redwood Shores, California 94065-1175
                                   Telephone: (650) 802-3000
21                                 Facsimile: (650) 802-3100
22
                                   STEVEN A. REISS (*pro hac vice*)
23                                 E-mail: steven.reiss@weil.com
                                   DAVID L. YOHAI (*pro hac vice*)
24                                 E-mail: david.yohai@weil.com
                                   ADAM C. HEMLOCK (*pro hac vice*)
25                                 E-mail: adam.hemlock@weil.com
                                   DAVID E. YOLKUT (*pro hac vice*)
26                                 E-mail: david.yolkut@weil.com
                                   **WEIL, GOTSHAL & MANGES LLP**
27                                 767 Fifth Avenue
28

New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-4692
Facsimile: (212) 294-4700

***Attorneys for Defendant Panasonic Corporation of North America***

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S
ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 07-5944 SC
MDL NO. 1917

1

**<u>CERTIFICATE OF SERVICE</u>**

2

On March 27, 2014, I caused a copy of "DEFENDANT PANASONIC

3

CORPORATION OF NORTH AMERICA'S ANSWER TO THE TECH DATA PLAINTIFFS'

4

FIRST AMENDED COMPLAINT" to be served via ECF on the other parties in this action.

5

By:  */s/ Bambo Obaro*

6

Bambo Obaro (Bar No. 267683)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT           MDL NO. 1917