IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION <br><br>This Order Relates To:<br><br>Tech Data Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-00157 | MDL No. 1917 <br><br> Case No. C-07-5944-SC <br><br> ORDER DENYING THOMSON DEFENDANTS' MOTIONS TO STRIKE AND GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS |

## I. INTRODUCTION

Now before the Court are Defendants Thomson SA's ("Thomson SA") and Thomson Consumer Electronics, Inc.'s ("Thomson Consumer") (collectively the "Thomson Defendants") motions to strike portions of Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.'s (collectively, "Tech Data") first amended complaint, or alternatively to dismiss the complaint.  The motions are fully briefed,[1] and the Court finds them appropriate for resolution without oral argument per Civil Local Rule 7-1(b).  As explained below, the motions to strike are DENIED, and the motions to dismiss are GRANTED in part and DENIED in part.

---

[1] ECF Nos. 2329 ("TC MTS"), 2373 ("TSA MTS"), 2409 ("Opp'n") (filed under seal), 2445 ("TC Reply"), 2447 ("TSA Reply") (filed under seal).

## II. BACKGROUND

The parties are familiar with the substantive allegations of this case, but the primary background facts for the present motion are procedural. Tech Data filed its first complaint in this action in the Middle District of Florida on December 11, 2012. Case No. 13-cv-00157, ECF No. 1 ("Compl."). The Judicial Panel on Multidistrict Litigation transferred it to the above-captioned MDL, after which the parties stipulated in early 2013 that no defendant would have to respond to Tech Data's complaint until the Court issued rulings on various Direct Action Plaintiffs' motions to dismiss other plaintiffs' complaints, which were then pending before the case's former Special Master. See ECF No. 1570 ("Stip."). The Court issued its Order on August 21, 2013. ECF No. 1856. Later, on September 9, 2013, Tech Data filed its first amended complaint, which added the Thomson Defendants as parties. ECF No. 1911 ("FAC"). Prior to that, no defendant had responded to Tech Data's original complaint by either responsive pleading or motion.

The Thomson Defendants now move to strike portions of Tech Data's FAC that name the Thomson Defendants, arguing that Tech Data's adding the Thomson Defendants is an improper amendment under Federal Rules of Civil Procedure 15 and 21. In the alternative, the Thomson Defendants move to dismiss Tech Data's complaint, which concerns the same global price-fixing activities alleged against the Thomson Defendants in this MDL. See, e.g., ECF No. 2440 ("Thomson MTD Order") (summarizing facts and arguments regarding the Thomson Defendants raised in reference to other plaintiffs' complaints).

## III. LEGAL STANDARD

### A. Motions to Strike - Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks, citation, and first alteration omitted), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

### B. Jurisdiction - Rule 12(b)(2)

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, defendants may move to dismiss for lack of personal jurisdiction. The Court may consider evidence presented in affidavits and declarations determining personal jurisdiction. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001).  The plaintiff bears the burden of showing that the Court has personal jurisdiction over defendants. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006).  "[T]his demonstration requires that the plaintiff make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Id. (quotations omitted). "[T]he court resolves all disputed facts in favor of the plaintiff . . . ." Id. (quotations omitted).  "The plaintiff cannot simply rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true." Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) (quotations and citations omitted).  The Court may not assume the

truth of allegations that are contradicted by affidavit.  Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir. 1977).

Courts may exercise personal jurisdiction over a defendant only if (1) a statute confers jurisdiction and (2) exercising jurisdiction would comport with constitutional due process.  See Action Embroidery Corp. v. Atlantic Embroidery, Inc., 368 F.3d 1174, 1177 (9th Cir. 2004).  Since the federal Clayton Act, 15 U.S.C. § 22, fulfills the statutory requirement for jurisdiction in this case, the question on this motion is whether exercising jurisdiction would comport with due process.  For a court to exercise personal jurisdiction over a non-resident defendant consistent with due process, the defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).  If a defendant has sufficient minimum contacts, personal jurisdiction may be founded on either general jurisdiction or specific jurisdiction.  Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).  The relevant forum for this case's minimum contacts analysis is the United States.  Go-Video, Inc. v. Akai Elec. Co. Ltd., 885 F.2d 1406, 1415-16 (9th Cir. 1989).

**C.    Failure to State a Claim - Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." See Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quotation marks and citations omitted).

**IV.   MOTIONS TO STRIKE**

The Thomson Defendants argue that under Rules 15 and 21, Tech Data was not entitled to name the Thomson Defendants in its FAC. TC MTS at 5-7; TSA MTS at 4 (incorporating the Thomson Consumer

5

motion by reference). They therefore ask the Court to strike the FAC's references to the Thomson Defendants.

Tech Data responds that under Rule 15(a)(1)(B), it was permitted to file the FAC as a matter of course because, by the time it filed the FAC, no defendant had filed a responsive pleading or motion under Rule 12(b), (e), or (f) regarding the original complaint, even though it had been served for more than twenty-one days. Opp'n at 3. The Thomson Defendants contend, however, that Rule 15(a)(1)(B) limits the timeframe for amendment without leave to within twenty-one days after service of the original pleading or twenty-one days after a responsive pleading or Rule 12(b) motion. TC Reply at 1-2. Since more than twenty-one days had passed after Tech Data served the original complaint, and since no defendant had responded to it, the Thomson Defendants claim that Rule 15(a)(1)(B) is inapplicable. Id. Further, according to the Thomson Defendants, Rule 21 would require Tech Data to obtain leave of the Court before joining additional parties even if Rule 15(a)(1) might otherwise apply, since the proceedings in this case are relatively advanced and the Thomson Defendants could suffer prejudice if they are added to the suit. Id. at 2.

Rule 15(a)(1) states: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." In all other cases, parties may only amend with a court order or the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). If none of these rules applies to permit amendment, the

6

1  amended complaint is improper.  See Taa v. Chase Home Fin., LLC,
2  No. 5:11-cv-00554 EJD, 2011 WL 4985379, at *1 (N.D. Cal. Oct. 19,
3  2011).
4     The Thomson Defendants' reading of Rule 15 is that if twenty-
5  one days passes from the date of service, but no opposing party
6  ever files a responsive pleading or Rule 12 motion, a plaintiff
7  cannot amend without a court order.  In support of this
8  interpretation, the Thomson Defendants first cite the advisory
9  committee's notes to Rule 15's 2009 Amendments, which explain that
10 the twenty-one day amendment allowance in response to a pleading or
11 Rule 12 motion is in place so that the amending party can consider
12 issues raised in those responsive papers.  TC Reply at 1-2 (citing
13 Fed. R. Civ. P. 15 advisory committee's note).  This can avoid the
14 need to decide the motion and reduce the number of issues to be
15 decided, thereby expediting litigation.  Id.
16    The Thomson Defendants' brief accurately states part of Rule
17 15's purpose, but the advisory committee's notes never state that
18 Rule 15's amendment-by-right allowance ends after twenty-one days
19 if no party responds to the complaint.  The notes only explain why
20 the twenty-one day amendment period ends after service of certain
21 Rule 12 motions, and why the right to amend is no longer terminated
22 by the service of a responsive pleading (as in older versions of
23 the rule).  See Fed. R. Civ. P. 15 advisory committee's note.  The
24 Thomson Defendants also suggest that Tech Data is relying on an
25 older, pre-amendment version of Rule 15, which permitted amendment
26 "once as a matter of course before being served with a responsive
27 pleading," TC Reply at 2 (citing 2008 Fed. R. Civ. P. 15(a)(1)(A),
28 but neither the text of the amended Rule 15 nor the advisory

committee's notes supports the Thomson Defendants' position.  As the advisory committee explains, the 2009 Amendments only removed the old rule's provision terminating a party's right to amend upon filing of a responsive pleading.  Fed. R. Civ. P. 15 advisory committee's notes.  The committee explains that this change regarding responsive pleadings was meant to mirror the amendment provisions granted after responsive motions.  Id.

The Court finds no support in either the amended Rule 15 or the advisory commiteee's notes for the Thomson Defendants' position that Tech Data has no right to amend its FAC -- undisputedly a pleading to which a responsive pleading is required -- after twenty-one days if no defendants had responded to it.

Further, the Court does not find that Rule 21 limits Rule 15's provisions allowing Tech Data to amend by right in this case.  The parties are correct that various courts are split on whether Rule 21 has preference over Rule 15(a), but none of the cited law is binding on the Court, and the Court is not persuaded by the cases finding that Rule 21 controls in cases like this one.  As Wright and Miller explain, holding that Rule 21 governs the dropping or adding of parties makes sense in the cases of Rules 25 and 15(c), which specifically concern how litigants can add or drop parties, but the same reasoning does not hold for the broader procedural allowances of Rule 15(a).  See 6 Wright & Miller, Fed. Prac. & Proc. § 1479 (3d ed.).

Moreover, it is not evident to the Court that Rule 21 is more specific than Rule 15, such that it would override Rule 15, since Rule 21 refers generally to adding and dropping parties by motion (particularly in the context of joinder), while Rule 15(a) provides

specific guidelines for parties seeking to amend pleadings. "Viewed from this perspective, any attempt to change parties by amendment before the time to amend as of course has expired should be governed by Rule 15(a)(1) and may be made without leave of court." Id.; see also De Malherbe v. Int'l Union of Elevator Constructors, 438 F. Supp. 1121, 1128 (N.D. Cal. 1977) (finding that Rule 15 prevails over Rule 21, especially when the addition of new parties does not affect the interests of parties already in the lawsuit). This accords with the Ninth Circuit's requirement that amendment be granted with "extraordinary" or "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Absent support from the Rules, the Thomson Defendants' argument is based on equity and policy. They refer to an earlier order in which the Court denied certain DAPs leave to amend their complaints to add the Thomson Defendants as parties. See TC MTS at 8 (citing ECF No. 1959 ("Sept. 26 Order")). At the time, no specific facts against the Thomson Defendants had been alleged that would have plausibly shown why the Thomson Defendants were part of this suit. See Sept. 26 Order at 4-6. Accordingly, the Court held that allowing parties to sue the Thomson Defendants so late in this MDL's process would have been prejudicial. Id. at 6. However, as the Court recently noted in addressing the Thomson Defendants' motions to dismiss other DAP complaints, see generally Thomson MTD Order, the relevant facts have changed. The plaintiffs in this MDL have included specific allegations as to why the Thomson Defendants should be part of this case, and the Court found that these facts

overrode an earlier finding of prejudice, which was based on the insufficiency of the plaintiffs' allegations at that time.

Now the Court does not find that reasoning so compelling. Tech Data, like the other plaintiffs, has alleged enough facts to warrant their adding the Thomson Defendants to their FAC, and the Court declines to adopt the Thomson Defendants' argument that Tech Data's amendment is too late. The Thomson Defendants can raise defenses like laches at a later point, as noted below, but at the pleading stage the Court finds Tech Data's allegations sufficient to move the case forward. Taking Tech Data's and the other plaintiffs' allegations as true, the Court sees no reason to allow a defendant to avoid being subject to suit simply because it was good at hiding its misdeeds for a long time.

For the reasons explained above, the Thomson Defendants' motions to strike are DENIED.

### V.   **MOTIONS TO DISMISS**

The Thomson Defendants, in the alternative, move to dismiss Tech Data's case. These motions are essentially the same as the ones the Thomson Defendants brought against Sharp and the other DAPs. <u>See generally</u> Thomson MTD Order. The Court incorporates into this Order its earlier holdings on these issues.

First, the Court rejects Thomson SA's argument that Tech Data failed to show that the Court has specific jurisdiction over Thomson SA. Tech Data's FAC is less precise on this matter than the other parties' complaints, but Tech Data attached to its opposition brief an array of evidence tying Thomson SA to the United States, leading the Court to find, for the same reasons

explained in the Thomson MTD Order, that it has specific jurisdiction over Thomson SA.  Thomson MTD Order at 10-18.

As to each Thomson Defendant, the Court makes the same findings on laches, statutes of limitations,[2] and pleading matters described in the Thomson MTD Order.  Nothing in the Thomson Defendants' briefs in this case has persuaded the Court that its analysis should change.  Accordingly, the Court rejects the Thomson Defendants' laches arguments at this time.  The Court also rejects their arguments on fraudulent concealment, which the Court finds applicable to Tech Data's case.  Regardless of fraudulent concealment, government action tolls Tech Data's federal claim against the Thomson Defendants per 15 U.S.C. § 16(i), as explained in the Thomson MTD Order.

Finally, Thomson Consumer argues that Tech Data lacks standing under the ownership or control exception to Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977), which generally bars federal antitrust suits by indirect purchasers, permits indirect purchasers to sue if the direct purchaser of the allegedly price-fixed good was a division or subsidiary of a co-conspirator.  See In re Cathode Ray Tube (CRT) Antitrust Litig., 911 F. Supp. 2d 857, 867 (N.D. Cal. 2012) (citing In re ATM Fee, 686 F.3d 741, 755 (9th Cir. 2012); Royal Printing Co. v. Kimberly Clark Corp., 621 F.2d 323, 326-27 (9th Cir. 1980)).  The Court finds Tech Data's pleadings, plus the additional facts noted in the opposition brief's

---

[2] Tech Data concedes that no tolling doctrine applies to bring its California and Florida state law claims against the Thomson Defendants within the applicable statutes of limitations.  Opp'n at 18 n.10.  The Court therefore does not analyze American Pipe tolling in this Order.

11

jurisdiction section and the Court's reasoning elsewhere in this case merit rejecting Thomson Consumer's argument on standing. See generally Thomson MTD Order.  Thomson Consumer can raise the issue again later, but as a pleading matter, the Court finds Tech Data's allegations sufficient.

The Court finds that all of Tech Data's state law claims against the Thomson Defendants are DISMISSED WITH PREJUDICE as untimely.  The statute of limitations for Tech Data's federal claim is tolled by governmental action.

## VI.     SERVICE OF THE COMPLAINT

Tech Data states that at the time it filed its opposition brief, the Thomson Defendants' counsel had still refused to accept service of the FAC.  The Thomson Defendants do not appear to respond to this claim, but to the extent that they refuse service based on their belief that a foreign defendant may not be served via its domestic counsel, they are wrong.  See ECF No. 2437 ("Order Denying Beijing-Matsushita Color CRT Co.'s MTD") at 8-11 (explaining that service on a foreign defendant via domestic counsel is proper under Rule 4).  If Tech Data has properly served the FAC on the Thomson Defendants via their United States counsel, then the Thomson Defendants have been served under Rule 4 per the Court's prior orders on that issue.  If there is some other issue with service of process, the parties should raise it in a later motion.

////

///

///

12

**VII. CONCLUSION**

As explained above, the Court DENIES the Thomson Defendants' motions to strike. The motions to dismiss are GRANTED in part and DENIED in part. Tech Data's state law claims are DISMISSED WITH PREJUDICE. Tech Data's federal claim remains in the case.

IT IS SO ORDERED.

Dated: March 28, 2014

UNITED STATES DISTRICT JUDGE