MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) _____ ) | Master File No. CV-07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF THE INDIRECT PURCHASER PLAINTIFFS' FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO. LTD.** |
| **This document relates to:**<br><br>**ALL INDIRECT PURCHASER ACTIONS** ) ) ) ) ) ) ) _____ ) | Date: April 18, 2014<br>Time: 10:00 a.m.<br>Courtroom: One, 17th Floor<br>Judge: Honorable Samuel Conti |

        I, Mario N. Alioto, declare:

        1.      I am an attorney duly licensed by the State of California and am admitted to

practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott,

LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("Plaintiffs") in the

above-captioned action. The matters set forth herein are within my personal knowledge and if

called upon and sworn as a witness I could competently testify regarding them.

1       2.       Attached hereto as Exhibit 1 is a true and correct copy of an objection received

2 from Jill K. Cannata.

3       3.       Attached hereto as Exhibit 2 is a true and correct copy of an objection received

4 from Donald Silvestri.

5       I declare under penalty of perjury under the laws of the United States that the foregoing is

6 true and correct.  Executed this 28th day of March 2014, at San Francisco, California.

7

8                            /s/ Mario N. Alioto

                               Mario N. Alioto

9

10                      ***Lead Counsel for the Indirect Purchaser Plaintiffs***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS LG ELECTRONICS,
INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO. LTD.**

# EXHIBIT 1

March 19, 2014

Clerk of the Court
United States District Court
Northern District of California
450 Golden Gate Ave, 16th Floor
San Francisco, CA 94102

Mario N. Alioto
Trump, Alioto, Trump & Prescott LLP
2280 Union Street
San Francisco, CA 94123

Hojoon Hwang
Munger Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105

Re: *In re Cathode Ray Tube (CRT) Antitrust Litigation,* MDL No. 1917

Dear Sirs:

On behalf of Jill K. Cannata ("the Objector"), I hereby transmit to the above-named addressees this letter setting forth written Objections to the settlement of the above-named class action. Objector indirectly purchased in the U.S., for her own use and not for resale, from March 1, 1995 through November 25, 2007, a CRT Product made by Defendants or their co-conspirators. Please find attached hereto, Exhibit A, identifying Objector's CRT Product. Please consider the following detailed Objections:

1.      The Notice of Settlement to the class does not disclose the specific amount of Attorneys' fees that will be requested by Class Counsel, nor does it disclose any specific information to justify any particular fee in any particular amount. Instead, the Notice states vaguely that "[a]t a future time, Class Counsel will ask the Court for attorneys' fees not to exceed one-third (1/3) of the $25,000,000 Settlement Fund plus reimbursement of their costs and expenses, in accordance with the provisions of the Settlement."

2.      Because the Notice of Settlement does not contain any meaningful information about the amount of the fee or the basis for an amount of fee, when the Motion for Fees, is presented to the Court, after the Fairness Hearing on April 18, 2013 and this Settlement becomes final, as noted in the Settlement Agreement with LG Products in Paragraph 22, <u>Class Counsel's Attorneys' Fees and Reimbursement of Expenses</u>; the Class Members must be fully noticed in writing to the entire Class pursuant to the same procedures and methodology for Notice of the underlying settlement. This formal Notice of the fee request must also include a reasonable time period within which class members may object to the fee request, and/or opt out of the settlement.

3.      Federal Rule of Civil Procedure 23(H) provides:

   (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. **Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.**

(2) A class member, or a party from whom payment is sought, **may object to the motion.** (Emphasis added.)

4.      In this case, the Notice of Settlement imposes an Objection deadline of **March 20, 2014.** Class Counsel will file its Motion for Award of Attorneys' Fees after this Settlement becomes final without providing notice to class members in a reasonable manner and does not require a full notice in writing to the entire Class pursuant to the same procedures and methodology for Notice of the underlying settlement. Therefore, pursuant to Civil Rule 23(H), all of the class members must receive notice of the Motion for Attorneys' Fees when it is filed, and all of the class members must be afforded a reasonable time in which to object to said award of fees.

5.      Because this case is so complex, involves many plaintiffs' firms and many attorneys who are seeking fees, this Objector and her counsel hereby request leave of Court to review the time records of class counsel so as to determine 1) to what extent there is any repetitive or unnecessary work; 2) to what extent billable time has been incurred by "contract attorneys" who have been hired on a temporary basis for this case only and who are being paid very low hourly fees; 3) whether any of the billable hours have been incurred by clerks, summer associates, paralegals, or secretaries, etc.; 4) to what extent hourly work has been incurred after the settlement has already been arrived at or finalized; and 5) to what extent the expenses sought for reimbursement are fully documented and justified.

6.      In paragraph 20 of the Notice of Settlement, it is stated that "class counsel will ask the Court for attorneys' fees not to exceed one-third (1/3) of the $25,000,000 Settlement Fund plus reimbursement of their costs and expenses". Paragraph 10 of the Notice of Settlement goes on to state that Class Counsel "intends to request that the Court allow them to use up to $5 million from the settlement fund to pay expenses incurred, or to be incurred, in this litigation." It is apparent that Settlement Class Members will not receive any benefit, other than maybe some injunctive relief, in this Settlement.

7.      Paragraph 16 also states that "[S]ubject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, defendant LG shall pay the Settlement Amount of $25,000,000 in United States Dollars (the "Settlement Amount"). This statement is clearly misleading to the class, as it is well-known that a settling defendant, such as LG in this case, will budget an entire amount for settlement that includes both the settlement money to the class and the attorneys' fees paid by class counsel. Accordingly, the less money that is necessary to be paid to class counsel as attorneys' fees; the more that is available to be paid to the Class. To state that any amount of fees awarded to the class counsel is irrelevant to the amount that can be obtained for the class in settlement is simply not true; that statement ignores all the laws of economics applicable to negotiating the settlement of a class action. Any future written notice to class members setting forth the details of a fee request should also correct this misstatement in the class notice already set out; the new notice should make it clear that the amount of attorneys' fees awarded and/or expected to be paid can have an effect on the amount of the underlying settlement benefits.

8.      Notwithstanding, given the size of the Class and the Settlement Fund created for the Class Members benefit, the Attorneys' Fees should be no more than 10% of the cash portion of the settlement and possibly nothing at this point since the Class Members are not receiving any portion of the Settlement Fund; Ninth Circuit and Supreme Court rulings dictate otherwise.  The cash fund of the settlement will be approximately $25 million.  However, if the total payment to Class Counsel is $8.3 million plus Expenses plus $5 million for future litigation, and "[n]o money will be distributed to Settlement Class Members yet," it appears the only parties benefiting are the Defendants and Class Counsel!

9.      If this Court finds that 10% of the Settlement Fund will adequately compensate Class Counsel, the difference from the requested amount ($8.34 million) and the suggested fee ($2.5 million) or $5.83 million should be returned to the Settlement Fund to be distributed accordingly to the Class Members.  The request for additional $5 million for Class Counsels' fees and costs in the future should remain in the Settlement Fund and be distributed to the Class Members as well.

10.     Objectors play an important role in assuring that settlements and attorneys' fees are reasonable and fair, which is why their existence is assured and guaranteed under Rule 23(e)(5).  Several cases have discussed why objectors are necessary to the class settlement process, including *Vollmer v. Selden*, 350 F.3d 656 (7th Cir. 2003):

> Class counsel, for instance, might settle claims for significantly less than they are worth, not because they think it is in the class's best interest, but instead because they are satisfied with the fees they will take away.  [Citation].  Intervenors counteract any inherent objectionable tendencies by reintroducing an adversarial relationship into the settlement process and thereby improving the chances that a claim will be settled for its fair value.... The slightness of individual recovery does not make the counsel's purpose invalid nor his role as objector less vital. 350 F. 3d at 660 (emphasis added).

11.     Objectors provide a benefit to the Class Action Settlement.  Independent information provided by Objector's counsel complements the Court's fiduciary role in protecting the class members, rather than detracting from it, and prevents a rubber stamp of a settlement which may not have resolved the issues in favor of class members.

12.     Objectors respectfully adopt and incorporate into these Objections all other well-taken, timely filed Objections that are not inconsistent with these Objections.  Objectors also reserve the right to supplement these Objections with other and fuller objections.

13.     The Class Members have a legally protectable interest in this litigation. That interest will be impacted by the proposed settlement agreement, and the legal fees that are proposed to be paid.

14.     These Objections, presented to the Court as a matter of right, are properly and timely filed by the Objector.  All of the legally required prerequisites material to these objections have been met.

15.     Objectors will rely on these written Objections, as well as the supplemental Objections to be filed addressing the specific fee request.  Objectors do not plan to attend the fairness hearing, but rather will rely on their written Objections.


WHEREFORE, Objectors respectfully request that this Court:

      A.  Sustain these Objections in full;
      B.  Deny approval of the settlement, for the reasons stated herein;
      C.  Continue the issue of attorneys' fees and expense reimbursement for further review and a separate hearing;
      D.  Upon completion of the fairness hearing, enter such orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of this settlement.


Sincerely,


SAM P. CANNATA (Ohio Bar No. 0078621)
30799 Pinetree Rd., #254
Cleveland, Ohio 44124
(216) 214-0796 Voice
spc@cplpa.com

Counsel for Objector

# EXHIBIT A





# EXHIBIT 2

David N. Lake, Esq., State Bar No. 180775
**LAW OFFICES OF DAVID N. LAKE**
**A Professional Corporation**
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 788-5199
david@lakelawpc.com

Attorneys for Class Member/Objector Donald Silvestri

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: CATHODE RAY TUBE    )   Master File No. CV-07-5944 SC
(CRT) ANTITRUST LITIGATION )
                                    )   MDL No. 1917
                                    )   (Honorable Samuel Conti)
                                    )
                                    )   **CLASS MEMBER DONALD**
                                    )   **SILVESTRI'S OBJECTION TO**
                                    )   **FEE REQUEST AND**
                                    )   **EXPENSE REQUEST**
_____)
                                    )
**This document relates to:**          )
                                    )
**ALL INDIRECT PURCHASER**      )
**ACTIONS**                                     )
_____)

1    Objecting class member Donald Silvestri ("Silvestri" or "Objector"), by and

2  through his counsel, respectfully submits this Objection to this Honorable Court

3  awarding attorneys' fees in excess of 10% and granting the attorneys $5 million to

4  be used in anticipated expenses for the remainder of the litigation without any

5  oversight.

6    Objector is a member of the damages class that was preliminarily approved

7  by the court for the purpose of settlement of this matter.  (See Certification of

8  Donald Silvestri attached hereto as Exhibit A and incorporated herein by reference).

9

10  **I.    BACKGROUND OF THE CATHODE RAY TUBE SETTLEMENT**

11    This lawsuit was filed in 2008 on behalf of indirect purchasers of Cathode

12  Ray Tube (hereinafter "CTR") products for their own use and not re-sale from

13  March 1, 1996 through November 25, 2007.

14    The Court preliminarily approved a Settlement Fund of $25,000,000 minus

15  attorneys' fees, reimbursement of expenses and $5 million for costs going forward

16  in the litigation (a quasi-litigation fund).  The defendants settling this portion of the

17  case are the following:  LG Electronics, LG Electronics USA, Inc., and LG Taiwan

18  Taipei Co., Ltd. (the "LG Defendants").  As a result of just settling with the LG

19  Defendants, the case is still moving forward against the other defendants.  Class

20  counsel did negotiate as part of the settlement that they receive $5 million from the

21  settlement as a litigation fund to continue with the litigation against the non-LG

22  Defendants.  However, this is precisely the type of settlement Congress was

23  attempting to prevent by enacting the Class Action Fairness Act.  See Class Action

24  Fairness Act of 2005, 28 U.S.C. Sections 1332 (d), 1453, and 1711-1715.

25  **II.    ARGUMENT**

26    **A.    THE COURT SHOULD APPROVE THE SETTLEMENT**

27    The Ninth Circuit's decision in In re Mego Fin. Corp. Sec. Litig., 213 F.3d

28  454 (9th Cir. 2000), sets forth a list of factors that Courts should consider when

1    evaluating a settlement of representative litigation – mainly that the proposed

2    settlement is fundamentally fair, adequate and reasonable.  The Mego factors

3    include the following: 1) the strength of plaintiffs' case; 2) the risk, expense,

4    complexity and likely duration of further litigation; 3) the risk of maintaining a class

5    action status throughout the trial; 4) the amount offered in the settlement; extent of

6    discovery completed; and 5) the reaction of the class members to the proposed

7    settlement.  Mego at 458. Here, Objector maintains that when the Mego factors are

8    applied to this proposed settlement this Honorable Court should approve it.

9    **B.    THE ATTORNEYS SHOULD NOT RECEIVE A LEGAL FEE**

10   **AT THIS TIME**

11   1.    THE CLASS IS RECEIVING NO BENEFIT

12   Based on the structure of the settlement, the class members are not receiving

13   any money or benefit from the $25 million.  The best that can be said is the class

14   members may receive money when the litigation is completed against the non-LG

15   Defendants.  In the final analysis, this settlement provides substantial legal fees for

16   the attorneys (33 1/3% of the $25 million), reimbursement of their future expenses

17   and another $5 million litigation fund for the attorneys to use to pay their fees and

18   costs.  It does not, however, in a benefit to the class members.  Class counsel with

19   undoubtedly argue they obtained a wonderful result for the class, but in actuality

20   they created no real benefit for the class members.  Then, adding insult to injury,

21   they have the unmitigated gall to request attorneys' fees up to thirty three and one

22   third (33 1/3%) of the $25 million where the standard benchmark for the Ninth

23   Circuit is 25%.  Furthermore, class counsel's proposal completely contradicts the

24   Supreme Court common fund doctrine which provides that a litigant or a lawyer

25   who recovers a common fund benefit of persons other than himself or his client is

26   entitled to a reasonable attorney fee from the fund as a whole.  Boeing v. Van

27   Gemert, 444 U.S. 472, 62 L.Ed. 676, 100 S. Ct. 745 (1980).

28   ///

2.   THE ENRON CASE DEMONSTRATES THESE
ATTORNEYS DO NOT DESERVE A FEE NOW

Major litigation was instituted against the insiders at Enron Corp., and its accountants, as a result of their fraud.  See Newby et al. v. Enron Corp. et al., 394 F.3d 296 (5th Cir. 2004).  The lead plaintiffs firm there was Lerach Coughlin which was founded and run by William Lerach.  Mr. Lerach was one of the most prominent securities attorney in the country and his lead client in the case was CALPERS.  After about a year of litigation, Mr. Lerach was able to settle a portion of the case against one of the foreign defendants, AWSC, for $40 million.

Lerach Coughlin did not request a legal fee from that $40 million settlement in Enron because the class was not receiving any money from that settlement. Contrary to the attorneys here, the plaintiffs' lawyers at the Lerach Coughlin firm recognized they were not entitled to a legal fee from the $40 million settlement because, quite simply, the class members received nothing.  The same result should pertain here.  Class counsel should not get a fee from the $25 million settlement because the Class gets nothing.

3.   THIS HONORABLE COURT SHOULD NOT APPROVE
ATTORNEYS' FEES IN EXCESS OF TEN PERCENT

Objector maintains that class counsel does not deserve a legal fee at this juncture in the litigation especially if the court provides $5 million for on-going litigation.  However, if this Honorable Court is inclined to award attorneys' fees at this time, the legal fees must be limited to ten percent (10%) of the net settlement fund.  The following argument is presented in the alternative and only in the event the Court deems fit to award any attorneys' fees at this time.

4.   THIS COURT SHOULD APPLY THE STANDARDS OF IN
RE WASH. PUB. POWER SUPPLY SYS. SEC. LITIG.

In the matter In Re Wash. Pub. Power Supply Sys. Sec. Litigation, 19 F.3d 1291 (9th Cir. 1994) ("Wash. Pub."), the Ninth Circuit held that when determining

-4-

1    attorneys' fees, the district court should be guided by the fundamental principle that

2    fee awards out of common funds need to be reasonable under the circumstances. Id.

3    at 1296. Moreover, even though the Ninth Circuit established twenty five percent

4    (25%) of the Settlement Fund as the benchmark for awarding attorneys' fees, the

5    guiding principle remains that the fee award must be reasonable under the

6    circumstances. Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268 (9th Cir.

7    1989). The Ninth Circuit has instilled the district court with the discretion to award

8    fees in common fund cases based on either the lodestar/multiplier method or the

9    percentage of the fund method. Powers v. Eichen, 229 F.3d 1249, 1256 (9th Cir.

10   2000) and Wash. Pub., supra, at 1296.

11        Here, the class members will not receive any payment from the $25 million

12   settlement fund. Not one dollar. Indeed, the attorneys' stand as the sole financial

13   benefactors of the fund. Because of this, and according to the Supreme Court in

14   Boeing v. Van Gemert, supra, they deserve no attorneys' fees.

15                5.    A 10% ATTORNEYS' FEE IS MORE THAN REASONABLE

16                      IN THIS MATTER

17        Objector maintains that the class attorneys should not receive any attorneys'

18   fees at this time. However, in the alternative, should this Honorable Court believe

19   legal fees should be awarded to counsel, Objector contends that fee should be

20   limited to 10% of the net settlement fund taking into account the expenses and

21   litigation cost awarded to handle this litigation. Awarding a fee of 33 1/3% would

22   be equal to $8,333,333.33 from the gross settlement. A fee of 10% would be equal

23   to $2,500,000.00 of the gross settlement fund. However, Objector contends the

24   attorneys' fees must be awarded from the **_net_** Settlement Fund, not the gross amount

25   of $25,000,000. If fees are to be granted, a fee in the amount of ten percent (10%)

26   would be a reasonable fee given the adequate result associated with representing the

27   class on a contingency fee basis along with the high hourly rates incorporated in the

28   lodestar. Such a fee is especially reasonable where, as here, the class members

1  receive nothing.  This is in line with the Ninth Circuit requirement that the fee be

2  reasonable under the circumstances.[1]

3        6.    THIS COURT SHOULD FOLLOW THE REASONING THAT

4                PREVAILED IN RE PEOPLESOFT, INC. LITIGATION AND

5                LIMIT COUNSEL FEES TO 10% OF THE SETTLEMENT

6                FUND

7      Again, Objector argues that the attorneys in this matter are not entitled to any

8  attorneys' fees at this time.  However, should this Honorable Court disagree with

9  Objector on this point, the attorneys' fees must be limited to ten percent (10%).  The

10  Court can follow the example it set In re Peoplesoft, Inc. Securities Litigation, N.D.

11  Cal., No. C 99-00472 ("Peoplesoft").  There, this Honorable Court granted

12  attorneys' fees, but limited them to approximately seventeen percent (17%) of the

13  settlement fund.  The Peoplesoft case settled for $15 million and the attorneys were

14  awarded a fee of $ 2,585,500.75. In Peoplesoft, counsel for the class spent thousands

15  of hours reviewing documents produced in discovery and took multiple depositions

16  of fact witnesses in the case.  Still, the Court decided to use the 17% figure because

17  the results obtained for the class were at the low end of reasonableness such that the

18  attorneys did not earn the benchmark fee of 25% of common fund.  The Court

19  should likewise limit plaintiffs' counsel's fee award, if any is to be given, to less

20  than $2 million.

21        7.    ANY ATTORNEYS' FEES AWARD MUST BE FROM THE

22                NET SETTLEMENT FUND

23      Class counsel is requesting an award of $5,000,000 to setup a litigation fund.

24  Whatever this Honorable Court determines to be an appropriate fee award (if any),

25  that award must be from the ***Net*** Settlement Fund not the Gross Fund.  This is the

26

---

27  [1]   Counsel for Objector does not have the total lodestar of the plaintiffs' attorneys in this matter.  However, careful scrutiny by the Court will demonstrate that the true lodestar of the attorneys in this matter was substantially less than

28  the $2 million that Objector believes is reasonable in this case.

standard in California.  In fact, the American Bar Association Action Commission to Improve Tort Liability System recommended that all fees should be from Net Settlement Funds.  The reasoning for that recommendation is that a contingent fee is justified as a sharing of the benefit the lawyer has achieved for the client, not of amounts paid to deposition reporters, experts, hotels and airlines.  Thus, the better approach is to award a fee from the Net Settlement Funds.  See <u>Morganstein v. Esber</u>, 768 F. Supp. 725, 727-28 (C.D. Cal. 1991) (Awarding a fee from the Net Settlement Fund encourages lawyers to be diligent in controlling expenses.  Thus, the lawyers and the clients share the same goal which is to maximize the net recovery).

8.   <u>THE ATTORNEYS SHOULD NOT BE GIVEN FREE ACCESS TO MILLIONS OF DOLLARS FOR FURUTRE EXPENSES</u>

Class counsel is requesting $5,000,000 of the Settlement Funds to be used as a litigation fund to pay for the remaining litigation.  Objector maintains this Honorable Court should deny the request for the $5,000,000 litigation fund.  In the alternative, if the Court permits class counsel to receive monies to finance future litigation, then those funds should be controlled by the Court, not counsel, so that there is some level of oversight and the class members are protected.  This Court should actively scrutinize the expenses class counsel claims will be spent continuing the litigation.  Objector believes that if the attorneys are given free access to the litigation fund because it will result in delayed resolution of the case.

## III.  CONCLUSION

For all of the foregoing reasons and in the testimony to be submitted at the hearing, Objector respectfully requests that this Honorable Court not approve attorneys' fees at all.  However, if the Court believes that class counsel is entitled to attorneys' fees at this juncture, those fees should be limited to ten percent (10%) of the net settlement fund as any greater award would be neither fair nor reasonable.

1    In addition to the issue of attorneys' fees, this Honorable Court should not

2  award class counsel $5,000,000 to serve as a litigation fund.  However, if this

3  Honorable Court is inclined to award a litigation fund, it should not permit class

4  counsel to have unfettered control over the distribution of those funds.

5

6  DATED:  March 19. 2014                    LAW OFFICES OF DAVID N. LAKE

7

8                                            By: _____/s/_____

9                                               DAVID N. LAKE
                                                Attorneys for Objector

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION ) ) ) ) ) ) ) ) This document relates to: ) ) ALL INDIRECT PURCHASER ) ACTIONS ) ) | Master File No. CV-07-5944 SC MDL No. ⫝⫝⫝⫝ 1917 CERTIFICATION OF CLASS MEMBER DONALD SILVESTRI Honorable Samuel Conti |

## CERTIFICATION OF DONALD SILVESTRI

I, Donald Silvestri, reside at 9977 N. Springs Way, Coral Springs, Florida 33076.

I am a direct purchaser of a both a Toshiba CRT Television with model no. 20AF44 and serial number 9221B2224 C and a Samsung CRT Television model no. TXR2435X/XXA and serial number 391X3CCL502223L. These televisions were purchased approximately 8 years ago.

These CRTs were purchased for my own consumption.

I have retained David Lake, Esquire to represent me in objecting to the Settlement.

I intend to have Mr. Lake argue for me in Court at the Final Approval Hearing that the Settlement is unfair in that the legal fees should be limited and expenses monitored by the Court.

Donald Silvestri

Date: 3-17-14









1

## PROOF OF SERVICE

2        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a
party to the within action.  My business address is 16130 Ventura Boulevard, Suite 650, Encino, CA 91436.
3  On March 19, 2014, I served the within document(s) described as: **CLASS MEMBER DONALD SILVESTRI'S
OBJECTION TO FEE REQUEST AND EXPENSE REQUEST** on the interested parties in this action as stated
4  on the attached mailing list:

5   [x]   (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as
          set forth on the attached mailing list.  I am readily familiar with my office's practice for collection and
6          processing of correspondence for mailing.  Under that practice it would be deposited with the U.S.
          Postal Service on that same day with postage thereon fully prepaid in the ordinary course of
7          business.  I am aware that on motion of the party served, service is presumed invalid if postal
          cancellation date or postage meter date is more than one day after date of deposit for mailing
8          contained in affidavit.

9
      [ ]   (BY OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal
10         Express, an express service carrier, or delivered to a courier or driver authorized by said express
          service carrier to receive documents, a true copy of the foregoing document(s) in a sealed envelope
11         or package designated by the express service carrier, addressed as set forth on the attached mailing
          list, with fees for overnight delivery paid or provided for.
12

13     [ ]   (BY PERSONAL DELIVERY) By providing a true and correct copy of the foregoing document(s) in a
          sealed envelope to each of the addressees listed above.
14

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true
15  and correct.

16        Executed on March 19, 2014, at Encino, California.

17
    _____          _____
18          David N. Lake                                      /s/
        (Type or print name)                          (Signature)

19

20

21

22

23

24

25

26

27

28

# SERVICE LIST

Clerk's Office
United States District Court
for the Northern District of California
16th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

Mario N. Alioto, Esq.
Trump, Alioto, Trump & Prescott
2280 Union Street
San Francisco, CA 94123

Hojoon Hwang, Esq.
Munger Tolles & Olson
560 Mission Street
27th Floor
San Francisco, CA 94105