MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944 SC |
| | MDL No. 1917 |
| | **DECLARATION OF JOSEPH M. FISHER REPORTING ON THE CLASS NOTICE PROGRAM FOR THE CERTIFIED CLASS AND THE SETTLEMENT WITH DEFENDANT LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD** |
| **This document relates to:** | Hearing Date:  April 18, 2014 |
| | Time: 10:00 a.m. |
| **ALL INDIRECT PURCHASER ACTIONS** | Courtroom 1 |
| | Hon. Samuel Conti |

I, Joseph M. Fisher, declare:

1.     Identification.  I am the president of The Notice Company, Inc., a Massachusetts corporation with offices at 94 Station Street, Hingham, MA 02043 ("The Notice Company"). The Notice Company is principally engaged in the administration of class action settlements and lawsuits pending in courts around the United States, including the dissemination of notice to class

members, administering the claims process, and distributing the proceeds of the litigation to the class and cy pres. I have over a decade of experience assisting attorneys with class action notices and claims administration. I am also a member in good standing of the bars of the Commonwealth of Massachusetts, the District of Columbia, and the Commonwealth of Virginia. I am over 21 years of age and not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify thereto under oath.

2. <u>Purpose of Declaration</u>. The purpose of this Declaration is to report on the publication and issuance of notice to the "Litigated Class" and to the "Settlement Class", as defined below, and to report on any exclusion requests or objections received.

3. <u>"Litigated Class" Definition</u>. The Court's "Order Adopting Special Master's Reports And Recommendations On Defendants' Motion To Exclude Expert Testimony and Indirect - Purchaser Plaintiffs' Motion For Class Certification" dated September 19, 2013 (the "Class Certification Order") *adopted* the Interim Special Masters Reports and Recommendations on the Indirect Purchaser Plaintiffs' Motion for Class Certification and *granted* the motion for class certification. The "Litigated Class" consists of persons or entities that indirectly purchased any CRT Product from the Defendants, for their own use and not for resale, during the periods and in the locations described as follows:

      a. All persons or entities in Arizona, California, Florida, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, or Wisconsin, who or which, as residents of those states, indirectly purchased for their own use and not for resale, from March 1, 1995 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

      b. All persons or entities in the District of Columbia, who or which, as residents of the District of Columbia, indirectly purchased for their own use and not for resale,

**DECLARATION OF JOSEPH M. FISHER REPORTING ON THE CLASS NOTICE PROGRAM FOR THE CERTIFIED CLASS AND THE SETTLEMENT WITH DEFENDANT LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., INC.; AND LG ELECTRONICS TAIPEI CO., LTD**

from March 1, 1995 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

c. All persons or entities in Hawaii who or which, as residents of Hawaii, indirectly purchased for their own use and not for resale, from June 25, 2002 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

d. All persons or entities in Nebraska who or which, as residents of Nebraska, indirectly purchased for their own use and not for resale, from July 20, 2002 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

e. All persons or entities in Nevada who or which, as residents of Nevada, indirectly purchased for their own use and not for resale, from February 4, 1999 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

f. **Exclusions**:  Specifically excluded from these Classes are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant.  Also excluded are named co-conspirators, federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

g. **Defendants**:  For purposes of this action, the Defendant companies include: LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics Taiwan Taipei Co., Ltd, Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda., LP Displays International, Ltd. f/k/a LG.Philips

**DECLARATION OF JOSEPH M. FISHER REPORTING ON THE CLASS NOTICE PROGRAM FOR THE CERTIFIED CLASS AND THE SETTLEMENT WITH DEFENDANT LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD**

1  Displays, Samsung SDI Co. Ltd., Samsung SDI America, Inc., Samsung SDI

2  Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co.

3  Ltd., Tianjin Samsung SDI Co. Ltd., Samsung SDI Malaysia Sdn. Bhd., Toshiba

4  Corporation, Toshiba America Consumer Products, LLC., Toshiba America

5  Information Systems, Inc., Toshiba America Electronics Components, Inc.

6  Toshiba Display Devices (Thailand) Company, Ltd., P.T. Tosummit Electronic

7  Devices Indonesia,  Panasonic Corporation f/k/a Matsushita Electric Industrial,

8  Ltd., Panasonic Corporation of North America, Matsushita Electronic Corporation

9  (Malaysia) Sdn Bhd., MT Picture Display Co., Ltd., Beijing-Matsushita Color

10  CRT Company, Ltd. (BMCC), Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi

11  Electronic Devices (USA), Inc., Hitachi America, Ltd., Hitachi Asia, Ltd.,

12  Shenzhen SEG Hitachi Color Display Devices, Ltd., Chunghwa Picture Tubes

13  Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.,  IRICO Group Corporation,

14  IRICO Display Devices Co., Ltd., IRICO Group Electronics Co., Ltd., Thai CRT

15  Company, Ltd., and  Samtel Color, Ltd., Thomson SA (n/k/a Technicolor SA),

16  Thomson Consumer Electronics, Inc. (n/k/a/ Technicolor USA, Inc.), Videocon

17  Industries, Ltd., Mitsubishi Electric Corporation and Mitsubishi Electric  &

18  Electronics USA, Inc.

19  4.  "Settlement Class" Definition.  The Court's "Revised Order" dated December 9,

20  2013, granted preliminary approval of class action settlement with Defendants LG Electronics,

21  Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd. (collectively "LG")

22  (the "Preliminary Approval Order") and certified, for purposes of the settlement with LG, a

23  Settlement Class (the "LG Settlement Class") consisting of (1) a Nationwide Injunctive Class and

24  (2) Statewide Damages Classes, defined as follows:

25  a.  **Nationwide Injunctive Class**:

26

27

28

**DECLARATION OF JOSEPH M. FISHER REPORTING ON THE CLASS NOTICE PROGRAM FOR
THE CERTIFIED CLASS AND THE SETTLEMENT WITH DEFENDANT LG ELECTRONICS, INC.; LG
ELECTRONICS U.S.A., INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD**

1    All persons or entities that indirectly purchased in the U.S., for their own use and

2    not for resale, from March 1, 1995 through November 25, 2007, any CRT Product

3    made by the Defendants or their co-conspirators. Specifically excluded from this

4    Class are claims on behalf of Illinois persons (as defined by 740 ILCS 10/4) for

5    purposes of claims under 740 Ill. Comp. Stat § 10/7(2), Oregon natural persons (as

6    defined by ORS 646.705(2)) for purposes of claims under ORS § 646. 775(1),

7    and Washington persons (as defined by RCW 19.86.080) for purposes of claims

8    under RCW 19.86.080 (1).

9    b.  **Statewide Damages Classes:**

10       i.  All persons or entities in Arizona, California, Florida, Iowa, Kansas,

11           Maine, Michigan, Minnesota, Mississippi, New Mexico, New York, North

12           Carolina, North Dakota, South Dakota, Tennessee, Vermont, West

13           Virginia, Wisconsin or the District of Columbia, who or which indirectly

14           purchased for their own use and not for resale, from March 1, 1995

15           through November 25, 2007, any CRT Product made by the Defendants or

16           their co-conspirators.

17       ii.  All persons or entities in Hawaii who or which indirectly purchased for

18           their own use and not for resale, from June 25, 2002 through November

19           25, 2007, any CRT Product made by the Defendants or their co-

20           conspirators.

21       iii.  All persons or entities in Nebraska who or which indirectly purchased for

22           their own use and not for resale, from July 20, 2002, through November

23           25, 2007, any CRT Product made by the Defendants or their co-

24           conspirators.

25       iv.  All persons or entities in Nevada who or which indirectly purchased for

26           their own use and not for resale, from February 4, 1999 through November

27

28

5

25, 2007, any CRT Product made by the Defendants or their co-conspirators.

c.  **Exclusions**:  Specifically excluded from these Classes are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant.  Also excluded are named co-conspirators, federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

5.  Approved Forms of Notice.  I caused to be prepared and finalized, for purposes of disseminating notice in this case, the "Detailed Notice" in the form attached hereto as **Exhibit A** and the "Summary Notice" in the form attached hereto as **Exhibit B**.  Each document is substantially in the form as approved in the Preliminary Approval Order.  Each document identifies the deadline for exclusions (opt outs) as March 20, 2014, the deadline for objections as March 20, 2014, and the date of the Fairness Hearing as April 18, 2014 at 10:00 a.m.  Each document directs interested parties to a website at www.CRTSettlement.com, which has been maintained by The Notice Company as described below in Paragraph 9.

6.  Spanish Forms of Notice.  I caused to be prepared and finalized, for purposes of disseminating notice in this case, a Spanish version of the "Detailed Notice" in the form attached hereto as **Exhibit C** and a Spanish version of the "Summary Notice" in the form attached hereto as **Exhibit D**.  Translation services were provided by Global Link Language Services, Inc., which is a Member of the American Translators Association and a United States government contractor certified by the General Service Administration (GSA) schedule since 2003.

7.  Notice Program.  Notice of this Settlement was disseminated (a) in print publications through ads placed in four national publications and one Spanish newspaper published in Puerto Rico; (b) on the Internet utilizing the website www.CRTSettlement.com

**DECLARATION OF JOSEPH M. FISHER REPORTING ON THE CLASS NOTICE PROGRAM FOR THE CERTIFIED CLASS AND THE SETTLEMENT WITH DEFENDANT LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD**

pursuant to the Preliminary Approval Order; (c) via a Press Release that was distributed to media outlets throughout the United States; (d) through a toll-free telephone number that was included in the Summary Notice, in the Detailed Notice and in the Press Release; and (e) by mailing the Detailed Notice to interested parties as described below.

8.   <u>Print Publication of Notice</u>.  I caused to be published the Summary Notice, substantially in the form attached hereto as **Exhibit B** (or in Spanish for the publication in Puerto Rico substantially in the form as **Exhibit D**), in the print publications and on the dates as specified in Table 1 below.

**TABLE 1**

| Name | Circulation | Date of Publication | Notice as Published |
|---|---|---|---|
| *Parade* (Sunday Magazine) | 32,200,000 | January 19, 2014 | Exhibit E |
| *USA Weekend* (Sunday Magazine) | 22,250,000 | January 19, 2014 | Exhibit F |
| *USA Today* | 1,333,627 | January 16, 2014 | Exhibit G |
| *The New York Times* (Sunday national edition) | 1,254,506 | January 19, 2014 | Exhibit H |
| *El Nueva Dia* (Most widely read newspaper in Puerto Rico) | 183,622 | January 19, 2014 | Exhibit I |

**Table 1** identifies the attached **Exhibits E, F, G, H** and **I** which contain copies of the Summary Notice as it appeared in each of the respective publications, along with an Affidavit or Certification of Publication from each publication.  Table 1 also includes the reported circulation data for each publication.  ***Parade*** reports that it is distributed in more than 600 Sunday newspapers and has a readership of 63 million, while ***USA Weekend*** reports that it is distributed in more than 700 newspapers and is seen by 48 million readers every weekend.  Readership

**DECLARATION OF JOSEPH M. FISHER REPORTING ON THE CLASS NOTICE PROGRAM FOR THE CERTIFIED CLASS AND THE SETTLEMENT WITH DEFENDANT LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD**

1   typically exceeds circulation because the same copy of a newspaper may be passed around from

2   person to person.  Attached hereto as **Exhibits J, K, L** and **M** are, respectively, the state-by-state

3   breakdowns of the distributions for ***Parade***, ***USA Weekend***, ***USA Today*** and ***The New York***

4   ***Times***.

5           9.      Internet Notice.  Commencing as of October 19, 2011, in connection with the

6   settlement involving Defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa"), I caused to be

7   established and maintained online a web site for this case at www.CRTSettlement.com, (the

8   "Settlement Web Site").  Commencing as of January 15, 2014, and continuing through the date of

9   this Declaration, the Settlement Web Site has been updated to include information about the

10  Class Certification Order and the LG Preliminary Approval Order.  A copy of the main pages of

11  the Settlement Web Site is attached hereto as **Exhibit N**.  Both the Detailed Notice and the

12  Summary Notice, in English and Spanish, have been and continue to be available for download at

13  the Settlement Web Site.  The Settlement Web Site also includes a copy of the Preliminary

14  Approval Order and a copy of the Settlement Agreement with LG dated as of May 28, 2013.

15  Copies of the Chunghwa Settlement Agreement dated as of April 8, 2009, and of the Order

16  Granting Final Approval of Settlement with Chunghwa dated March 22, 2012, remain available

17  at the Settlement Web Site as well. The Settlement Web Site was registered with the

18  search/directory sites at Google.com, Yahoo.com, Microsoft's bing.com, and also with

19  Dmoz.org, the Internet's Open Directory Project.  For purposes of promoting notice to interested

20  parties, The Notice Company marketed the Settlement Web Site using the Google AdWords

21  program with the following keywords: "Cathode Ray Tube", "Class Action Settlement", "TV

22  Picture Tube", "CRT Products", "Computer Monitors", "LG Electronics", and "CRT Antitrust

23  Litigation".  From January 2014 through the date of this Declaration, there have been 8,859 visits

24  to the Settlement Web Site resulting in 26,237 page views.

25          10.     Press Release.  On January 17, 2014, I caused a press release containing the

26  approved form of Summary Notice, substantially in the form attached hereto as **Exhibit O**, to be

27

28

**DECLARATION OF JOSEPH M. FISHER REPORTING ON THE CLASS NOTICE PROGRAM FOR THE CERTIFIED CLASS AND THE SETTLEMENT WITH DEFENDANT LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD**

distributed on the U.S. domestic news line of PR Newswire.  The press release was picked up and posted/published by 239 news organizations and media outlets, such as Reuters and Yahoo Finance, all as listed in **Exhibit P** attached hereto.

11.     Toll-Free Telephone Notice.  The Summary Notice, Detailed Notice and Press Release specifically refer to a toll-free telephone number (800-649-8153) available for interested parties to call and learn more about the case or to request copies of the Detailed Notice or other settlement documents.  Commencing as of January 16, 2014, and continuing through the date of this Declaration, I caused to be established and maintained the above-referenced toll-free telephone number.  Over 890 phone calls have been received on this phone line, including 50 persons who were referred to Lead Counsel for the Indirect Purchaser Plaintiffs ("Class Counsel") at their request.

12.     Mailed Notice: Responding to Requests.  Commencing as of the publication of the Summary Notice and continuing through the date of this Declaration, I caused the Detailed Notice, in the form referenced above and attached hereto as **Exhibit A**, to be promptly mailed, first-class postage prepaid, in response to written or telephone requests received by The Notice Company.  As of the date hereof, The Notice Company has mailed a copy of the Detailed Notice to 371 persons who sent in written requests or who made telephone requests.  The Notice Company has also responded to 25 persons who requested a claim form, explaining that at this time there are no Claim Forms and referring such persons to the Detailed Notice.

13.     Mailed Notice: Compiled List.  Although not specifically required by the Preliminary Approval Order, I recommended to Class Counsel that the Summary Notice be mailed directly to persons who previously had requested a copy of the notice in connection with the Chunghwa settlement, persons who had requested exclusion from the Chunghwa settlement, as well as entities who likely made indirect purchases of large quantities of CRT Products during the periods covered by the Litigated Class and LG Settlement Class definitions.  Thus, the Notice Company compiled the following lists of entities:

9

a)  Every Fortune 500 Company for each year from 1995 to 2007;

b)  500 largest Private Colleges and Universities in the United States;

c)  200 largest Private Schools (secondary schools) in the United States;

d)  100 largest Resellers of consumer electronic products in the United States (not owned by any federal, state or local governmental entity); and

e)  50 largest Hospitals in the United States (not owned by any federal, state or local governmental entity).

f)  57 attorneys general consisting of federal (1), state (50) and district/territories (6) of the United States.  The district/territories were: District of Columbia, Commonwealth of Puerto Rico, U.S. Virgin Islands, American Samoa, Guam and the Northern Mariana Islands.

g)  296 persons or entities companies identified by Class Counsel or The Notice Company as having requested communication in connection with this case

These seven lists were all combined, duplicate and defunct companies eliminated, with the resulting mailing list consisting of 1,971 entities.  On January 24, 2014, I caused the Summary Notice to be mailed, first-class postage prepaid, to all 1,971 entities on the combined mailing list. The U.S. Postal Service returned to The Notice Company 75 mailed items to companies that were undeliverable, with no forwarding address provided.

14.  <u>Requests for Exclusion from the Litigated Class</u>.  As of the date of this declaration, The Notice Company has received no requests for exclusion from the Litigated Class.

15.  <u>Requests for Exclusion from the LG Settlement Class</u>.  As of the date of this declaration, The Notice Company has received only one (1) request for exclusion from the LG Settlement Class, as listed in **Exhibit Q** attached hereto.  This exclusion request was timely, being postmarked February 13, 2014, which is prior to the deadline of March 20, 2014.

**DECLARATION OF JOSEPH M. FISHER REPORTING ON THE CLASS NOTICE PROGRAM FOR THE CERTIFIED CLASS AND THE SETTLEMENT WITH DEFENDANT LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., INC.; AND LG ELECTRONICS TAIPEI CO., LTD**

1    16.    <u>Withdrawal of Exclusion from the Chunghwa Settlement Class</u>.  Although not

2  related to the LG Settlement, The Notice Company received one (1) request for reinstatement as a

3  class member from an entity that previously had requested exclusion from the Chunghwa

4  Settlement.  The written request for reinstatement is dated April 30, 2013, and was previously

5  provided to Class Counsel; a copy is attached hereto as **Exhibit R**.

6    17.    <u>No Objections</u>.  The Detailed Notice provides that objections to the LG Settlement

7  Agreement should be sent to the United States District Court for the District of Northern

8  California, with a copy to Class Counsel and to Defense Counsel.  The Notice Company would,

9  of course, forward to the parties any objections it received.  As of the date of this declaration, no

10  objector has contacted The Notice Company to object to the LG Settlement Agreement.

11    I declare under penalty of perjury under the laws of the United States that the foregoing is

12  true and correct.

13    Executed at Hingham, Massachusetts, this 27th day of March, 2014.

_____

JOSEPH M. FISHER

**DECLARATION OF JOSEPH M. FISHER REPORTING ON THE CLASS NOTICE PROGRAM FOR THE CERTIFIED CLASS AND THE SETTLEMENT WITH DEFENDANT LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD**

# DECLARATION OF JOSEPH M. FISHER

## LIST OF EXHIBITS

Exhibit A . . . . . . . . . . . . . . . . . . . .   Detailed Notice

Exhibit B . . . . . . . . . . . . . . . . . . . .   Summary Notice

Exhibit C . . . . . . . . . . . . . . . . . . . .   Detailed Notice (Spanish)

Exhibit D . . . . . . . . . . . . . . . . . . . .   Summary Notice (Spanish)

Exhibit E . . . . . . . . . . . . . . . . . . . .   ***Parade Magazine*** Notice

Exhibit F . . . . . . . . . . . . . . . . . . . .   ***USA Weekend*** Notice

Exhibit G . . . . . . . . . . . . . . . . . . . .   ***USA Today*** Notice

Exhibit H . . . . . . . . . . . . . . . . . . . .   ***The New York Times*** Notice

Exhibit I . . . . . . . . . . . . . . . . . . . .   ***El Nueva Dia*** Notice

Exhibit J . . . . . . . . . . . . . . . . . . . .   ***Parade Magazine***: State-by-State
Distribution

Exhibit K . . . . . . . . . . . . . . . . . . . .   ***USA Weekend***: State-by-State
Distribution

Exhibit L  . . . . . . . . .  . . . . . . . . .   ***USA Today***: State-by-State
Circulation

Exhibit M . . . . . . . . . . . . . . . . . . . .   ***The New York Times***: State-by-State
Circulation

Exhibit N . . . . . . . . . . . . . . . . . . . .   Settlement Web Site

Exhibit O . . . . . . . . . . . . . . . . . . . .   Summary Notice as Press Release

Exhibit P . . . . . . . . . . . . . . . . . . . .   Media Posts of Summary Notice
Press Release

Exhibit Q . . . . . . . . . . . . . . . . . . . .   Exclusion Requests

Exhibit R . . . . . . . . . . . . . . . . . . . .   Withdrawal of Exclusion: Chunghwa

**DECLARATION OF JOSEPH M. FISHER**

**EXHIBIT A**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought A Cathode Ray Tube Product,
## A Class Action Lawsuit and Settlement May Affect You.

Cathode Ray Tube (CRT) Products include Cathode Ray Tubes and finished products that contain a Cathode Ray Tube, such as Televisions and Computer Monitors.

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

- This notice is given under Rule 23 of the Federal Rules of Civil Procedure and by Order of the United District Court for the Northern District of California (the "District Court").

- There is a lawsuit pending involving CRT Products bought indirectly from the Defendants or their co-conspirators (the "Defendants"), as set out below. "Indirect" means that you did not buy the CRT Product directly from any Defendant.  The case is: *In Re Cathode Ray Tube (CRT) Antitrust Litigation*, 07-cv-05944-SC, MDL No. 1917.

- On September 19, 2013, the District Court certified plaintiff classes in 21 states and the District of Columbia. The states include: Arizona, California, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin. The classes consist of individuals and businesses that indirectly purchased any CRT Product from the Defendants, for their own use and not for resale, from March 1, 1995 through November 25, 2007 (the "Litigated Class").

- A Settlement has been reached with LG Electronics, Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd. ("LG" or "Settling Defendant").  The litigation is continuing against the remaining Non-Settling Defendants.

- On December 9, 2013, the District Court preliminarily approved the Settlement. Pursuant to this Settlement, the District Court certified: (1) a nationwide (excluding Illinois, Oregon and Washington) injunctive class of individuals and businesses that indirectly purchased any CRT Product from the Defendants, for their own use and not for resale, from March 1, 1995 through November 25, 2007; and (2) statewide damage classes as set out in detail below on page 7 (the "Settlement Class").

- Your legal rights are affected whether you act or don't act.  This Notice includes information on the Settlement and the continuing lawsuit.  Please read the entire Notice carefully.

**For More Information: Call 1-800-649-8153 or Visit www.CRTsettlement.com**

| **Your rights and options—and the deadlines to exercise them—are explained in this notice.** | |
|---|---|
| You can object or comment on the Settlement | *see* Question 12 |
| You may also exclude yourself from the lawsuit and/or the Settlement | *see* Questions 7 and 12 |
| You may go to a hearing to speak to the District Court about the Settlement yourself | *see* Question 18 |

- The District Court in charge of this case still has to decide whether to approve the Settlement. The continuing litigation is moving towards trial.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**………………………………………..……..…………PAGES 4, 5
     1.     Why is there a notice?
     2.     What is a Class Action and who filed the lawsuit?
     3.     Who are the Defendants and Co-Conspirators?
     4.     What is this lawsuit about?
     5.     What is a Cathode Ray Tube (CRT) Product?

**THE LITIGATED CLASS** ………………………………………..…..………..PAGES  5, 6
     6.     How do I know if I am part of the Litigated Class?
     7.     What are my options if I am a member of the Litigated Class?

**THE SETTLEMENT CLASS** …………………………………….……….………PAGES 7, 8, 9
     8.     Why is there a Settlement but the lawsuit is continuing?
     9.     How do I know if I am part of the Settlement Class?
     10.    What does the Settlement provide?
     11.    When can I get a payment?
     12.    What are my rights in the Settlement Class?
     13.    What am I giving up to stay in the Settlement Class?

**INTERACTION BETWEEN THE LITIGATED CLASS
AND THE SETTLEMENT CLASS.** …………………………………………………PAGE 10
     14.    Can I remain in the Litigated Class and opt out of the Settlement Class?
     15.    Can I remain in the Settlement Class and opt out of the Litigated Class?

**THE SETTLEMENT APPROVAL HEARING**…………………..………….PAGES 10, 11
     16.    When and where will the Court decide whether to approve the Settlement?
     17.    Do I have to come to the Hearing?
     18.    May I speak at the Hearing?

**For More Information: Call 1-800-649-8153 or Visit www.CRTsettlement.com**

**THE LAWYERS REPRESENTING YOU ………………………………………PAGE 11**
    19.    Do I have a lawyer in the case?
    20.    How will the lawyers be paid?

**PURCHASE RECORDS……………………………………….………………PAGE 11**
    21.    What steps should I take to demonstrate evidence of purchase/ownership of a
            CRT Product?

**GETTING MORE INFORMATION…………..…………………………………PAGE 12**
    22.    How do I get more information?

## BASIC INFORMATION

| 1.  Why is there a notice? |
| --- |

The notice is to inform you of the class action lawsuit and settlement so that you can make an informed decision as to whether you should remain a member of the Litigated Class and/or the Settlement Class, exclude yourself from a class, or comment on the proposed settlement.

The District Court in charge of the case is the United States District Court for the Northern District of California, and the case is called *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 07-CV-05944-SC, MDL No. 1917.

| 2.  What is a Class Action and who filed the lawsuit? |
| --- |

The lawsuit was filed as a "Class Action." In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims.  All these people are a class or class members, except for those who exclude themselves from the class.  The people who filed the lawsuit are called the Plaintiffs and  companies that are sued are called the Defendants.

Although the Plaintiffs in this class action have reached settlements with certain Defendants, the litigation is continuing against other Defendants.  If the Plaintiffs obtain money or benefits as a result of a trial or future settlement, you will be notified about how to ask for a share or what your other options are at that time. These things are not known right now. Important information about the case will be posted on the website, **www.CRTsettlement.com**, as it becomes available. Please check the website to be kept informed about any future developments.

| 3.  Who are the Defendants and Co-Conspirators? |
| --- |

The Defendant companies include: LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics Taiwan Taipei Co., Ltd, Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda., LP Displays International, Ltd. f/k/a LG.Philips Displays, Samsung SDI Co. Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., Tianjin Samsung SDI Co. Ltd., Samsung SDI Malaysia Sdn. Bhd., Toshiba Corporation, Toshiba America Consumer Products, LLC., Toshiba America Information Systems, Inc., Toshiba America Electronics Components, Inc. Toshiba Display Devices (Thailand) Company, Ltd., P.T. Tosummit Electronic Devices Indonesia, Panasonic Corporation f/k/a Matsushita Electric Industrial, Ltd., Panasonic Corporation of North America, Matsushita Electronic Corporation (Malaysia) Sdn Bhd., MT Picture Display Co., Ltd., Beijing-Matsushita Color CRT Company, Ltd. (BMCC), Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Electronic Devices (USA), Inc., Hitachi America, Ltd., Hitachi Asia, Ltd., Shenzhen SEG Hitachi Color Display Devices, Ltd., Chunghwa Picture Tubes Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.,  IRICO Group Corporation, IRICO Display Devices Co., Ltd., IRICO Group Electronics Co., Ltd., Thai CRT Company, Ltd., and  Samtel Color, Ltd., Thomson SA (n/k/a Technicolor SA), Thomson Consumer Electronics, Inc. (n/k/a/ Technicolor

USA, Inc.), Videocon Industries, Ltd., Mitsubishi Electric Corporation and Mitsubishi Electric & Electronics USA, Inc.

### 4. What is this lawsuit about?

The lawsuit claims that the Defendants conspired to fix, raise, maintain or stabilize prices of CRT Products resulting in overcharges to consumers who bought CRT Products such as Televisions and Computer Monitors.  The Defendants deny that they did anything wrong. The Court has not decided who is right.

### 5. What is a Cathode Ray Tube (CRT) Product?

For the purposes of the lawsuit and Settlement, Cathode Ray Tube Products means Cathode Ray Tubes of any type (e.g. color display tubes, color picture tubes and monochrome display tubes) and finished products which contain Cathode Ray Tubes, such as Televisions and Computer Monitors.

## THE LITIGATED CLASS

### 6. How do I know if I am part of the Litigated Class?

On September 19, 2013, the District Court ordered that the lawsuit could proceed as a class action on behalf of the Litigated Class. You are a member of the Litigated Class if you meet the requirements set out below:

(A) All persons or entities in Arizona, California, Florida, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, or Wisconsin, who or which, as residents of those states, indirectly purchased for their own use and not for resale, from March 1, 1995 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

(B) All persons or entities in  the District of Columbia, who or which, as residents of the District of Columbia, indirectly purchased for their own use and not for resale, from March 1, 1995 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

(C) All persons or entities in Hawaii who or which, as residents of Hawaii, indirectly purchased for their own use and not for resale, from June 25, 2002 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

(D) All persons or entities in Nebraska who or which, as residents of Nebraska, indirectly purchased for their own use and not for resale, from July 20, 2002 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

(E)    All persons or entities in Nevada who or which, as residents of Nevada, indirectly purchased for their own use and not for resale, from February 4, 1999 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

**<u>EXCLUSIONS</u>**

Specifically excluded from these Classes are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant.  Also excluded are named co-conspirators, federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

| **7.  What are my options if I am a member of the Litigated Class?** |
| --- |

If you are a member of the Litigated Class, you can either: (1) remain a class member; or (2) request to be excluded from the class.

**<u>Remain a Class Member of the Litigated Class:</u>** If you want to remain a class member, you do not need to take any further action at this time. You will automatically remain a class member.

If you remain a class member, you will be bound by the District Court's rulings in the lawsuit, including any final settlement or judgment.  However, you can object to or comment on any proposed settlement, and you also have the right to appear in Court.

**<u>Exclude Yourself from the Litigated Class:</u>** If you wish to exclude yourself from the Litigated Class, and keep your right to sue Defendants on your own, you must send a letter that includes the following;

- Your name, address and telephone number,
- A statement saying that you want to be "Excluded from the Litigated Class" for *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, and
- Your signature.

You must mail your exclusion request, postmarked no later than **March 20, 2014**, to:

CRT Litigated Class Exclusion
c/o The Notice Company
PO Box 778
Hingham, MA 02043

**THE SETTLEMENT CLASS**

| 8. Why is there a Settlement but the lawsuit is continuing? |
| --- |

Settling Defendant is just one of a number of companies that are named as defendants in the lawsuit. Settling Defendant has agreed to pay Plaintiffs $25 million to settle the claims against it. Plaintiffs previously settled with defendants Chunghwa Picture Tubes Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn Bhd., for $10 million. That settlement became final on March 22, 2012. The case is continuing against the remaining Non-Settling Defendants. Additional money may become available in the future as a result of a trial or future settlements, but there is no guarantee that this will happen.

| 9. How do I know if I am part of the Settlement Class? |
| --- |

The lawsuit was brought on behalf of a nationwide class of Indirect Purchasers of CRT Products to prohibit Defendants' behavior which Plaintiffs allege is unlawful. This is called injunctive relief. The lawsuit also seeks to recover money damages from the Defendants for Indirect Purchasers in 21 states and the District of Columbia. Settling Defendant has agreed to pay $25,000,000. In exchange, Settlement Class members are agreeing to release their claims for injunctive relief and for money damages.

Therefore, the District Court has certified a Settlement Class consisting of (1) a Nationwide Injunctive Class; and (2) Statewide Damages Classes. Members of the Nationwide Injunctive Class will obtain injunctive relief only. At a later date, members of the Statewide Damages Classes will receive the money to be distributed from this settlement. Some people may qualify as members of both the Nationwide Injunctive Class and one of the Statewide Damages Classes. These people may be able to get both injunctive relief and money.

You are part of the Settlement Class if you meet the requirements for being a member of the Nationwide Injunctive Class, or one of the Statewide Damages Classes, or both, as set out below:

**NATIONWIDE INJUNCTIVE CLASS:**

All persons or entities that indirectly purchased in the U.S., for their own use and not for resale, from March 1, 1995 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators. Specifically excluded from this Class are claims on behalf of Illinois persons (as defined by 740 ILCS 10/4) for purposes of claims under 740 Ill. Comp. Stat § 10/7(2), Oregon natural persons (as defined by ORS 646.705(2)) for purposes of claims under ORS § 646. 775(1), and Washington persons (as defined by RCW 19.86.080) for purposes of claims under RCW 19.86.080 (1).

**STATEWIDE DAMAGES CLASSES:**

(A)    All persons or entities in Arizona, California, Florida, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, Wisconsin or the District

of Columbia, who or which indirectly purchased for their own use and not for resale, from March 1, 1995 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

(B)    All persons or entities in Hawaii who or which indirectly purchased for their own use and not for resale, from June 25, 2002 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

(C)    All persons or entities in Nebraska who or which indirectly purchased for their own use and not for resale, from July 20, 2002, through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

(D)    All persons or entities in Nevada who or which indirectly purchased for their own use and not for resale, from February 4, 1999 through November 25, 2007, any CRT Product made by the Defendants or their co-conspirators.

**EXCLUSIONS:**

Specifically excluded from these Classes are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant. Also excluded are named co-conspirators, federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

**10.  What does the Settlement provide?**

The Settlement provides for the payment by Settling Defendant of $25 million in cash, plus interest, to the Settlement Class. It also provides that Settling Defendant will furnish information about the case, including other Defendants' involvement in the alleged conspiracy, to Class Counsel. Finally, it provides that part of the $25 million settlement fund may be used to pay expenses incurred, or to be incurred, in the litigation. Plaintiffs intend to request that the Court allow them to use up to $5 million from this settlement fund to pay expenses incurred, or to be incurred, in this litigation.

More details are in the Settlement Agreement, available at **www.CRTsettlement.com**.

**11.  When can I get a payment?**

No money will be distributed to Settlement Class Members yet.  The lawyers will pursue the lawsuit against the Non-Settling Defendants to see if any future settlements or judgments can be obtained in the case and then be distributed together, to reduce expenses.  It is possible that money will be distributed to organizations that are, as nearly as practicable, representative of the interests of indirect purchasers of CRT Products instead of Class members themselves if the cost to process claims would result in small payments to Class Members.

| 12.  What are my rights in the Settlement Class? |
|---|

**Remain in the Settlement Class:**  If you wish to remain a member of the Settlement Class you do not need to take any action at this time.

**Get out of the Settlement Class:**  If you wish to keep your right to sue the Settling Defendant about the claims in this case you must exclude yourself.  You will not get any money from this settlement if you exclude yourself from the Settlement.

To exclude yourself from the Settlement, you must send a letter that includes the following:
- Your name, address and telephone number,
- A statement saying that you want to be "**Excluded from the Settlement Class**" for *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, and
- Your signature.

You must mail your exclusion request, postmarked no later than **March 20, 2014**, to:

CRT Settlement Class Exclusion
c/o The Notice Company
PO Box 778
Hingham, MA 02043

If your exclusion statement does not refer to the "Settlement Class" or if it is not mailed to "CRT Settlement Class Exclusion", then your statement will be treated as a request for exclusion from the Litigated Class.

**Remain in the Settlement Class and Object:** If you have comments about, or disagree with, any aspect of the Settlement, you may express your views to the District Court by writing to the address below.  The written response needs to include your name, address, telephone number, the case name and number (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917), proof of membership in the Settlement Class (e.g. a receipt, invoice or photograph of the CRT Product), a brief explanation of your reasons for objection, and your signature.  The response must be postmarked no later than **March 20, 2014**, and mailed to:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk's Office<br>United States District Court<br>    for the District of<br>    Northern California<br>16th Floor<br>450 Golden Gate Ave<br>San Francisco, CA 94102 | Mario N. Alioto<br>Trump, Alioto, Trump &<br>    Prescott LLP<br>2280 Union Street<br>San Francisco, CA 94123 | Hojoon Hwang<br>Munger Tolles & Olson LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105 |

**13.  What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself from the Settlement Class, you can't sue Settling Defendant, continue to sue, or be part of any other lawsuit against Settling Defendant about the legal issues in this case.  It also means that all of the decisions by the District Court will bind you.  The "Release of Claims" includes any causes of actions asserted or that could have been asserted in the lawsuit, as described more fully in the Settlement Agreement.  The Settlement Agreement is available at **www.CRTsettlement.com**.


## INTERACTION BETWEEN THE LITIGATED CLASS
## AND THE SETTLEMENT CLASS

**14.  Can I remain in the Litigated Class and opt out of the Settlement Class?**

Yes.  You may remain a member of the Litigated Class and exclude yourself from the Settlement Class.

**15.  Can I remain in the Settlement Class and opt out of the Litigated Class?**

No.  If you exclude yourself from the Litigated Class, then you will be excluded from the Settlement Class. You will not be included in this settlement or any future settlements and you will not be bound by any future judgments of the District Court.


## THE SETTLEMENT APPROVAL HEARING

**16.  When and where will the Court decide whether to approve the Settlement?**

The District Court will hold a Fairness Hearing at 10:00 a.m. on **April 18, 2014**, at 450 Golden Gate Ave., 17th Floor, Courtroom One, San Francisco, CA 94102.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check **www.CRTsettlement.com**.  At this hearing the District Court will consider whether the Settlement is fair, reasonable and adequate. The District Court will also consider Class Counsel's request, or requests, for payment of up to $5 million from the Settlement Fund to be used for expenses incurred in this case.  If there are objections or comments, the District Court will consider them at that time.  After the hearing, the District Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

**17.  Do I have to come to the Hearing?**

No.  Class Counsel will answer any questions the District Court may have.  But you are welcome to come at your own expense.  If you send an objection or comment, you don't have to come to District Court to talk about it.  As long as you mailed your written objection on time, the District Court will consider it.  You may also pay another lawyer to attend, but it's not required.


**For More Information: Call 1-800-649-8153 or Visit www.CRTsettlement.com**

## 18.  May I speak at the Hearing?

If you want your own lawyer instead of Class Counsel to speak at the Fairness Hearing, you must give the District Court a paper that is called a "Notice of Appearance."  The Notice of Appearance should include the name and number of the lawsuit (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, 07-cv-05944 SC (MDL No. 1917), and state that you wish to enter an appearance at the Fairness Hearing.  It also must include your name, address, telephone number, and signature.  Your "Notice of Appearance" must be postmarked no later than Month 00, 2013.  You cannot speak at Fairness Hearing if you previously asked to be excluded from the Settlement.

The Notice of Appearance must be sent to the addresses listed in Question 12.


## THE LAWYERS REPRESENTING YOU

## 19.  Do I have a lawyer in this case?

The Court has appointed Mario N. Alioto of Trump, Alioto, Trump & Prescott LLP to represent you as "Class Counsel."  You do not have to pay Class Counsel. If you want to be represented by your own lawyers, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

## 20.  How will the lawyers be paid?

At a future time, Class Counsel will ask the Court for attorneys' fees not to exceed one-third (1/3) of the $25,000,000 Settlement Fund plus reimbursement of their costs and expenses, in accordance with the provisions of the Settlement.  Class Counsel may also request that an amount be paid to each of the Class Representatives who helped the lawyers on behalf of the whole Class.


## PURCHASE RECORDS

## 21.  What steps should I take to demonstrate evidence of purchase/ownership of a CRT Product?

If you have purchase receipts, invoices or any other proof of purchase of any CRT Product, please retain those documents. If you presently have a CRT Product, please keep it if at all possible.  If you are unable to do so, please photograph the front and rear of the CRT Product, including any brand name, and record the model number, serial number, size and any other information which you believe will help identify the manufacturer of the CRT Product. You may have to remove the rear panel and photograph the manufacturer's name located on the actual CRT tube. Please make sure the TV or monitor is unplugged before doing so. If you have any questions or concerns in connection with proof of purchase or identifying the manufacturer, please see Question 22 below.

**For More Information: Call 1-800-649-8153 or Visit www.CRTsettlement.com**

## GETTING MORE INFORMATION

| 22.  How do I get more information? |
| --- |

This Notice summarizes the lawsuit and the Settlement.  You can get more information about the lawsuit and Settlements at **www.CRTsettlement.com**, by calling 1-800-649-8153, or writing to CRT Class Action, c/o The Notice Company, PO Box 778, Hingham, MA 02043.  Please do not contact the District Court about this case.