IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944-SC |
| This Order Relates To:<br><br>ALL DIRECT PURCHASER ACTIONS | ORDER DENYING MOTION TO WITHDRAW REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASSES AND TO JOIN THE CLASS SETTLEMENTS |

Plaintiffs Old Comp Inc., RadioShack Corp., Unisys Corp., and ViewSonic Corp. (collectively, the "Movants"), all plaintiffs that had opted out of various settlement classes, now move to retract their exclusion from those settlement classes in order to participate in the settlements. ECF No. 2403 ("Mot."). They "seek to streamline this litigation by including their claims in the direct and indirect purchaser settlement classes in the above-captioned matter, thus avoiding additional costly opt-out actions against the Defendants." The motion is fully briefed, with the Direct Purchaser Plaintiffs ("DPPs") opposing, ECF No. 2417 ("Opp'n"), and the Movants having filed a reply brief, ECF No. 2450 ("Reply"). The Court finds the motion appropriate for decision without oral argument, Civ. L.R. 7-1(b), and DENIES it, as explained below.

The Movants requested exclusion from five different settlements that the DPPs and IPPs entered with five separate groups of defendants. For each settlement, the Court granted preliminary and final approvals, and entered judgments:

    (1)    the DPP settlement with Defendant Chunghwa Picture Tube, Ltd. ("CPT") and affiliates for $10 million, finalized at the same time as the DPP settlement with Defendant Koninklijke Philips Electronics, N.V. and affiliates ("Philips") for $15 million (after opt-out reduction);[1]

    (2)    the DPP settlement with Defendant Panasonic Corporation and affiliates ("Panasonic") for $17.5 million;[2]

    (3)    the DPP settlement with Defendant LG Electronics, Ltd. and affiliates ("LG") for $25 million;[3]

    (4)    the DPP settlement with Defendant Toshiba Corporation and affiliates ("Toshiba") for $13.5 million;[4] and

    (5)    the IPP settlement with Defendant CPT and affiliates for $10 million.[5]

Specifically, Old Comp requested exclusion from the Chunghwa IPP settlement class; RadioShack requested exclusion from the Chunghwa IPP settlement class; Unisys requested exclusion from the

---

[1] ECF Nos. 1179 (CPT/Philips preliminary approval), 1412 (CPT/Philips final approval), 1413 (Philips judgment), 1414 (CPT judgment).

[2] ECF Nos. 1333 (Panasonic preliminary approval), 1508 (Panasonic final approval), 1509 (Panasonic judgment);

[3] ECF Nos. 1441 (LG preliminary approval), 1621 (LG final approval), 1622 (LG judgment).

[4] ECF Nos. 1603 (Toshiba preliminary approval), 1791 (final approval), 1792 (Toshiba judgment).

[5] ECF Nos. 991 (IPP-CPT preliminary approval), 1105 (IPP-CPT final approval), 1106 (IPP-CPT judgment).

2

1  CPT/Philips, Panasonic, LG, and Toshiba DPP settlement classes; and
2  ViewSonic requested exclusion from all five settlement classes.
3  Mot. at 3 n.1 & Ex. A. There has been no distribution of
4  settlement proceeds yet, so the entire amount of the settlements is
5  held in the Net Settlement Funds until all settlement negotiations
6  have concluded and final distribution is made.
7    The Movants contend that at this stage, there is no harm in
8  allowing them to withdraw their requests for exclusion, since
9  claims administration has not yet begun, the settlement fund has
10 not yet been distributed to class members, and further settlement
11 negotiations are ongoing. Mot. at 4. They claim that if their
12 motion for exclusion is denied, separate litigation by them against
13 the defendants who have settled will consume more Court resources
14 and require the parties to spend more time and money litigating
15 numerous cases. Id. They therefore ask the Court to exercise its
16 equitable powers to allow them to participate in the settlements as
17 class members, claiming that there will be no effect on the amount
18 the settling defendants pay to the settlement classes, and no
19 prejudice to any other class members. Id. at 5-6. Finally, the
20 Movants argue that granting their motion would further the policies
21 of Rule 23, which is to prevent the multiple relitigation of the
22 same factual and legal issues. Id. at 6 (citing In re Elec. Weld
23 Steel Tubing Antitrust Litig., No. 81-4737, 1982 WL 1873, at *2
24 (E.D. Pa. June 30, 1982)).
25   Indeed, this Court recently granted a similar motion in the
26 case In re Static Random Access Memory (SRAM) Antitrust Litig., No.
27 07-md-1819 CW, 2013 WL 1222690 (N.D. Cal. Mar. 25, 2013). In that
28 case, Judge Wilken noted that there is no unifying standard for

1  deciding motions like this one, but stated that courts have allowed
2  opt-out plaintiffs to rejoin settlement classes if the other class
3  members would receive no less than what they would have received
4  had that plaintiff never opted out.  Id. at *1 (citing In re Elec.
5  Weld Steel Tubing, 1982 WL 1873, at *3).  Judge Wilken allowed the
6  opt-out plaintiff from In re SRAM to rejoin the class settlement,
7  because the settlement class's counsel produced no evidence that
8  the plaintiff's initial opt-out decision was exploitative, or that
9  the plaintiff's requested share of the settlement distribution was
10 large enough to prejudice other class members significantly.  Id.
11 at *1-2.

12     The DPPs first contend that the Movants' motion should have
13 been made under Federal Rule of Civil Procedure 60, since the Court
14 has entered judgment in all of the settlements mentioned above.
15 The Movants respond that Rule 60 is inapplicable, because "there is
16 no authority suggesting that administrative opt-out requests are
17 final judgments governed by [Rule 60(b)], nor could they be because
18 letters mailed to the CRT claims administrators did not ultimately
19 dispose of or resolve either the Movants' claims against the
20 settling defendants or any class members' claims."  Reply at 2.

21     Rule 60(b) permits the Court, "on motion and just terms," to
22 relieve a party from a final judgment in the event of (1) mistake,
23 inadvertence, surprise, or excusable neglect; (2) newly discovered
24 evidence; (3) fraud; (4) a void judgment; (5) the satisfaction,
25 release, or discharge of the judgment; or (6) any other reason
26 justifying relief.  The DPPs claim that Rule 60(b) governs the
27 Movants' motion because each judgment, entered in the settlements
28 listed above, states that no excluded or opted-out class member is

4

entitled to settlement proceeds. Opp'n at 3 (citing ECF No. 1792 ¶ 5 ("Toshiba J.")). The same warning of exclusion was provided in the notices mailed to class members when the Court approved the preliminary settlements. Id. (citing notice mailings). As the DPPs argue, the Movants actually seek relief from the judgments' exclusions. However, the Movants appear to claim that the judgments on the settlements in this case are not final judgments as to the Movants because they did not dispose of the Movants' claims. Reply at 2. The Court disagrees with the Movants, because the judgments specifically state that excluded class members cannot claim proceeds from the settlements. See, e.g., Toshiba J. ¶ 5. To modify that part of the judgment, the Court would apply Rule 60, and it does not find that the Movants satisfy any of Rule 60(b)'s requirements. Regardless of this finding, however, the Court is also not convinced by the Movants' main argument -- that regardless of Rule 60 or anything else, equitable concerns counsel allowing the Movants to withdraw their notices of exclusion and rejoin the classes.

The Movants state that court's real concerns in evaluating opt-in requests should be to avoid exploitation and prejudice to the settlement classes. Reply at 3 (citing In re SRAM, 2013 WL 1222690, at *1). They then claim that the DPPs have not cited any evidence showing that other class members would be prejudiced, nor have they indicated that permitting this kind of opt-in tactic would encourage other parties to game class action settlements. Id. at 3-5.

The DPPs contend that, first, the Movants have not established that their exclusion from the settlements poses any unfairness to

5

them, particularly since they acted on the advice of experienced counsel. Opp'n at 6. Second, the DPPs argue that the value of the present class members' claims will be diminished if the Motion is granted. <u>Id.</u> at 7. The DPPs state that at least one Opt-In Plaintiff's claim could exceed $1 billion, while another stated that it had purchased approximately $100 million in CRT products. ECF No. 2417-2 ("Rushing Decl.") ¶¶ 2-3. On this point, the DPPs add that other opt-out plaintiffs could be emboldened if the Motion is granted, further reducing other class members' recoveries. <u>Id.</u> Finally, the DPPs state that the class settlements have already accounted for the amount of commerce remaining in the class after opt-outs. Further, some settlements, like the Philips settlement, reduce the consideration to be paid based on opt-out claims, and all of the settlements include "blow provisions," which allow defendants to cancel settlements if opt-out claims substantially exceed expectations. ECF No. 2417-1 ("Saveri Decl.") ¶¶ 3-5.

The Movants contend that none of this matters because the DPPs produce "no actual evidence of harm to the class," nor do the DPPs account for the facts that ViewSonic and Unisys did not make any purchases from Philips, or that no defendant has utilized a blow provision. Reply at 4. The Movants state again that they are clear victims of the price-fixing cartel at issue in this case; that their opt-outs were not exploitative; that their inclusion would not prejudice existing class members; that no class member could have relied on the Movants' exclusions because those members had no guarantee that they would have been entitled to the Movants' shares of the settlements; and that granting the Motion would have no effect on other excluded class members' decisions in this case

or others. Id. at 5.

The Court disagrees with the Movants' equitable arguments. The DPPs have shown the Court that, as expected in a case of this MDL's complexity and age, settlement negotiations and agreements are the products of long negotiations and difficult calculations. They are also, much like a party's decision to opt out of a settlement class, the products of highly skilled, experienced lawyers' reasoned decisions. The Court declines to grant the Movants' motion, because the Court finds that doing so in this particular MDL could up-end the existing settlements and derail those to come. Granting the Motion would encourage uncertainty and disrupt the class action process, though the Court notes that it finds no bad faith or gamesmanship in the Movants' conduct in this case so far. Moreover, the Court is keenly aware of the drain on resources that opt-out cases create. But the Movants consciously chose to pursue separate litigations, and the Court declines to risk the collapse of the parties' careful settlements at this point in the case.

The Movants' Motion is therefore DENIED. These parties are highly encouraged to pursue settlements of their own.

IT IS SO ORDERED.

Dated: April 1, 2014

_____
UNITED STATES DISTRICT JUDGE