KAMALA D. HARRIS
Attorney General of California
MARK BRECKLER
Chief Assistant Attorney General
KATHLEEN E. FOOTE
Senior Assistant Attorney General
State Bar No. 65819
EMILIO VARANINI
Deputy Attorney General
State Bar No. 163952
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5908
 Fax:  (415) 703-5480
 E-mail:  Emilio.Varanini@doj.ca.gov

*Attorneys for the State of California et al.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Master File No. 3:07-cv-05944-SC |
| | MDL No. 1917 |
| This Documents Relates To: | **ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| ALL ACTIONS | **(CIV LOCAL RULE 79-5(d))** |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that, pursuant to Civil Local Rules 7.11 and 79-5(d), Plaintiff the Attorney General of the State of California,[1] joined by the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and the Direct Action Plaintiffs, all collectively referred to as "Plaintiffs," respectfully moves this Court for an order to file under seal portions of her administrative motion for an order issuing a letter of request pursuant to the Hague Convention to the relevant authorities in the Netherlands requesting that the deposition of Leo Mink now take place on June 3 and June 4, 2014, instead of March 31 and April 1, 2014, in the city of Amsterdam in the Netherlands. This administrative motion seeks to file under seal portions of the administrative motion to issue the letter of request that refer to (1) confidential documents and interrogatory responses produced pursuant to the protective order applicable in these proceedings, including the responses and documents themselves, (2) confidential information received from Defendant Philips pursuant to a cooperation agreement that it has with the Attorney General, as well as (3) the letter of request itself, together with its Dutch translation. This administrative motion is based on this notice, the accompanying memorandum of points and authorities, and the declaration of Emilio E. Varanini.

## MEMORANDUM OF POINTS AND AUTHORITIES

Civil Local Rule 79-5(b) provides that material entitled to confidentiality under the law may be filed under seal. Moreover, because the underlying administrative motion for an order issuing a letter of request is non-dispositive in that it involves private materials and information provided either during discovery or as the result of settlement, only good cause must be shown for sealing portions of that motion. *See Pintos v. Pac Credit Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The administrative motion for an order issuing a letter of request, the supporting declaration, and the letter of request all refer to the following confidential materials: (1)

---

[1] The Attorney General is a participant in this case, even though her case was filed in state court, as she agreed to coordinate discovery in her case with discovery in the above entitled action. This Court agreed to such coordination through its entry of the discovery protocol governing this case. Order Regarding Discovery and Case Management Protocol, *In re CRT Antitrust Antitrust Litig.*, MDL No. 1917 (Apr. 3, 2012) [Docket No. 1128].

confidential documents and interrogatory responses produced pursuant to the protective order applicable in these proceedings, which are attached as exhibits, and (2) confidential information received from Defendant Philips pursuant to a settlement agreement that it has with the Attorney General, including the personal address of a witness the Attorney General seeks to depose. These materials are of the type that may be filed under seal. *See, e.g., Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179, 1184 (9th Cir. 2006) (identifying personal information and sealed discovery documents attached to non-dispositive motions as sealable materials); *NBC Subsidiary v. Superior Ct.*, 20 Cal.4th 1178, 1222 n. 46 (1999) (enforcement of binding contractual obligations arising from a protective order can support sealing).[2]

Civil Local Rule 79-5 provides that either portions of documents or a document as a whole may be sealed if the requisite showing is made. As to the administrative motion for an order issuing a letter of request as well as the declaration in support of that motion, the Attorney General only requests that portions of those documents be sealed. *Cf., e.g., Yountville Investors LLC v. Bank of America, N.A.*, 2009 WL 411089, *2 (W.D. Wash. 2009) (referring to it being an "unusual step" for a court to agree that an entire memorandum may be filed under seal). However, partial sealing cannot be done as a practical matter as to the actual contention interrogatories and documents produced in discovery themselves, which are attached as exhibits to the declaration in support and which are confidential as a whole, or as to the letter of request in question and its Dutch translation, both of which extensively refer to this confidential information. *See, e.g.,* Declaration of Emilio E. Varanini.

---

[2] The protection of trade secrets also can support a sealing request. *See, e.g.,* Civ. Local Rule 79-5 (referring to trade secrets as the type of material that can be filed under seal); *Kamakana*, 447 F.3d 1172 at 1179 (identifying trade secrets as sealable materials); *NBC Subsidiary.*, 20 Cal.4th at 1222 n. 46 (protection of trade secrets can support sealing). The contention interrogatories, the document produced in discovery by Defendant Philips, and the information supplied by Defendant Philips, all relate to information that was used in the conduct of business by Defendant Philips and other Defendants such as Defendant Samsung SDI, could conceivably give an advantage to competitors and thus could *conceivably* qualify as trade secrets for purposes of according confidentiality. *See Ultimate Timing L.L.C. v. Simms*, 2010 WL 786201, *2 (W.D. Wash. 2010). However, the Attorney General is not in a position to judge whether the information set out in those documents *in fact* does constitute trade secrets but rather leaves that to any declarations filed in support of this motion to seal by Defendants.

For the foregoing reasons, the Attorney General respectfully submits that good cause exists for this Court to grant this motion to seal.

Dated:  April 2, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California

_____/s/ Emilio Varanini_____
EMILIO VARANINI
Deputy Attorney General
*Attorneys for the State of California et al.*

SF2011203501