Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and*
*Sharp Electronics Manufacturing Company of America, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| *Sharp Electronics Corp.*, et al. v. *Hitachi Ltd.*, et al., Case No. 13-cv-1173 SC | **SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S MOTION FOR LEAVE TO AMEND** |
| | DATE:    May 30, 2014 |
| | TIME:     10:00 a.m. |
| | PLACE:  Courtroom 1, 17th Floor |
| | JUDGE:  Hon. Samuel Conti |

## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1
2

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...........................................................................................ii

NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND .........................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................................2

ISSUE TO BE DECIDED..............................................................................................3

BACKGROUND .........................................................................................................3

ARGUMENT .............................................................................................................5

I.     THE SHARP PLAINTIFFS SHOULD BE GRANTED LEAVE TO
AMEND THEIR COMPLAINT AS TO TOSHIBA BECAUSE █ OF
THE COMMERCE FOR WHICH TOSHIBA IS LIABLE IS NOT
SUBJECT TO THE BTA.................................................................................5

     A.     Leave to Amend Under Rule 15 Is Liberally Granted ..........................5

     B.     The Sharp Plaintiffs' Proposed Amendments Are Not Futile...............8

     C.     The Other *Foman* Factors Support Leave to Amend the Sharp
Plaintiffs' Complaint...........................................................11

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Abels v. JBC Legal Grp., P.C.*,
  229 F.R.D. 152 (N.D. Cal. 2005) ............................................................................8

*Am. Express Travel Related Servs. Co., Inc. v. D & A Corp.*,
  No. 04-cv-6737, 2007 WL 2462080 (E.D. Cal. Aug. 28, 2007) ............................12

*Ambook Enter. v. Time Inc.*,
  612 F.2d 604 (2d Cir. 1979) ....................................................................................9

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*,
  No 12-929, slip op. (U.S. Dec. 3, 2013) ................................................................10

*Bd. of Trs. of the Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet, Inc.*,
  No. 09-cv-0465, 2010 WL 760452 (N.D. Cal. Mar. 4, 2010) ..................................8

*Breakdown Servs., Ltd. v. Now Casting, Inc.*,
  550 F. Supp. 2d 1123 (C.D. Cal. 2007) .................................................................11

*Carey v. Greyhound Co.*,
  424 F.2d 485 (9th Cir. 1970) ...............................................................................6, 9

*Cassell v. Michaux*,
  240 F.2d 406 (D.C. Cir. 1956) ................................................................................7

*Cook, Perkiss & Leihe, Inc. v. N. Cal. Collection Serv., Inc.*,
  911 F.2d 242 (9th Cir. 1990) .................................................................................10

*Crostley v. Lamar Cnty.*,
  717 F.3d 410 (5th Cir. 2013) ...................................................................................6

*In re Daou Sys., Inc.*,
  411 F.3d 1006 (9th Cir. 2005) .................................................................................9

*DCD Programs, Ltd. v. Leighton*,
  833 F.2d 183 (9th Cir. 1987) ............................................................................11, 12

*Dee-K Enters., Inc. v. Haveafil Sdb. Bhd.*,
  982 F. Supp. 1138 (E.D. Va. 1997) .........................................................................9

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) .........................................................................5, 7, 10

*Foman v. Davis*,
  371 U.S. 178 (1962) ..................................................................................... *passim*

*Giuliano v. SanDisk Corp.*,
    No. 10-cv-02787, 2013 WL 3942943 (N.D. Cal. July 29, 2013)...............................................2

*In re Hall, Bayoutree Assocs., Ltd.*,
    939 F.2d 802 (9th Cir. 1991)............................................................................................10

*Hartmann v. Cal. Dept. of Corrections & Rehabilitation*,
    707 F.3d 1114 (9th Cir. 2013)............................................................................................2

*Hofstetter v. Chase Home Fin., LLC*,
    751 F. Supp. 2d 1116 (N.D. Cal. 2010) ............................................................................7

*Howey v. United States*,
    481 F.2d 1189 (9th Cir. 1973)............................................................................................6

*Indian Oasis-Baboguivari Unified Sch. Dist. No. 40 v. Kirk*,
    109 F.3d 634 (9th Cir. 1997).............................................................................................6

*Lacey v. Maricopa Cnty.*,
    693 F.3d 896 (9th Cir. 2012).............................................................................................2

*Leadsinger, Inc. v. BMG Music Pub.*,
    512 F.3d 522 (9th Cir. 2008)............................................................................................13

*Lloyd v. Joshi*,
    No. 08-cv-02942, 2009 WL 2488001 (N.D. Cal. Aug. 13, 2009) ...........................................12

*In re Metro. Gov't of Nashville & Davidson Cnty.*,
    606 F.3d 855 (6th Cir. 2010).............................................................................................6

*Moss v. Tiberon Minerals Ltd.*,
    No. 07-2732, 2008 WL 686833 (N.D. Cal. Mar. 11, 2008).......................................................7

*Nalco Co. v. Turner Designs, Inc.*,
    No. 13-cv-02727, 2014 WL 645365 (N.D. Cal. Feb. 19, 2014) ................................................8

*Paper Sys. Inc. v. Nippon Paper Indus. Co., Ltd.*,
    281 F.3d 629 (7th Cir. 2002)...........................................................................................8-9

*Pell v. E.I. Dupont de Nemours & Co. Inc.*,
    231 F.R.D. 186 (D. Del. 2005)...........................................................................................8

*Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*,
    708 F.3d 1109 (9th Cir. 2013) ...........................................................................................7

*Twentieth Century Fox Film Corp. v. Goldwyn*,
    328 F.2d 190 (9th Cir. 1964)............................................................................................9

*William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc.*,
    668 F.2d 1014 (9th Cir. 1981)............................................................................................8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Wright v. City of Vallejo,*
   No. 12-cv-3473, 2012 WL 5350150 (N.D. Cal. Sept. 26, 2012) ...............................................10

**Rules**

Fed. R. Civ. P. 12(b)  .................................................................................................................4, 10

Fed. R. Civ. P. 15 ...................................................................................................................2, 5, 6, 7

Fed. R. Civ. P. 54 ........................................................................................................................6, 7, 9

Fed. R. Civ. P. 59 ............................................................................................................................6, 7

Fed. R. Civ. P. 60 ............................................................................................................................6, 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 30, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Samuel Conti, Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Corporation of America, Inc. will, and hereby do, move the Court pursuant to Federal Rules of Civil Procedure 15(a) for an order granting Sharp leave to file an amended complaint to address the Court's March 13, 2014 Order Granting Toshiba's Motion to Dismiss Sharp's First Amended Complaint (Dkt. Nos. 2435, 2442).

Specifically, the Sharp Plaintiffs respectfully move the Court for leave to amend their complaint to eliminate all damages claims against any defendant based on sales made by any Toshiba entity to any Sharp entity, and clarify that Sharp has a remaining claim against Toshiba based upon Toshiba's joint and several liability as a co-conspirator for sales made to Sharp by other conspirators.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Craig A. Benson filed herewith, and such other materials and information that the Court may properly consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 15(a), plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (the "Sharp Plaintiffs") respectfully move the Court for leave to amend their complaint.  The proposed amendments would eliminate all damages claims against any defendant based on sales made by any Toshiba entity to any Sharp entity, and clarify that Sharp has a remaining claim against Toshiba, but only based on Toshiba's joint and several liability as a co-conspirator for sales made to Sharp by other conspirators.[1]  (*See* Attachments A and B.)

We fully understand that the Court dismissed all damages claims based on sales between any Toshiba company and any Sharp company.  The Court held that these transactions are subject to the forum selection clause in a Basic Transaction Agreement between Sharp Corporation and Toshiba Corporation ("BTA") and, while we respectfully disagree with that ruling, we do not here seek to modify or re-argue it in any way.  There is, however, a very substantial damage claim asserted by the Sharp Plaintiffs against Toshiba that was not based on any sales any Toshiba entity made to any Sharp entity, but rather on Toshiba's joint and several liability for sales of other defendants and co-conspirators.  Toshiba did not argue that the BTA affected its joint and several liability.  To the contrary, Toshiba's joint and several liability for the sales of other defendant co-conspirators exists separately and independently of any sale that any Toshiba entity ever made to any Sharp entity.  Indeed, such joint and several liability would exist even if Toshiba entities had never made any sales to a Sharp entity, so long as Toshiba is alleged and proven to have conspired with the defendants and co-conspirators that did make sales to Sharp.  For this reason, Sharp's claim against Toshiba based only on joint and several liability is not governed by the BTA even under the Court's Order.  And the purchases that Sharp made from

---

[1]    The proposed amended complaint would also eliminate the state law claims the Court dismissed in its rulings.  Sharp does not waive any appeal rights as to any claims by omitting them from this amended complaint.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*); *see also Hartmann v. Cal. Dept. of Corrections & Rehabilitation*, 707 F.3d 1114, 1121 n.3 (9th Cir. 2013); *Giuliano v. SanDisk Corp.*, No. 10-cv-02787, 2013 WL 3942943, at *3 (N.D. Cal. July 29, 2013).

1  others who are alleged to be Toshiba's co-conspirators are not governed by the BTA in place

2  between Sharp and Toshiba, even under the analysis contained in the Court's order.  Because the

3  damages that flow from such a claim constitute ███ of the damages Sharp seeks against Toshiba,

4  we respectfully submit that justice requires that Sharp be permitted to pursue this claim.

5          Leave to amend additionally would be proper in this circumstance because,

6  although the Court order dismissed the Sharp complaint against Toshiba with prejudice, the

7  narrow issue of whether dismissal should be with or without  prejudice was not briefed by the

8  parties in the first instance.  And, as noted above, substantial justice would be served if Sharp

9  were permitted to file an amended complaint to assert the damage claim for joint and several

10  liability that remains viable even under the terms of the Court's Order.

11

12                              **ISSUE TO BE DECIDED**

13          Whether Sharp may file an amended complaint consistent with the Court's Order

14  dismissing Sharp's claims against Toshiba based on the BTA, eliminating all claims relating to

15  commerce between any Toshiba entity and any Sharp entity and limiting its claim against Toshiba

16  to Toshiba's joint and several liability for damages caused by overcharges on commerce with

17  other defendants and co-conspirators?

18                              **BACKGROUND**

19          **The Sharp Plaintiffs' Claims Against Toshiba:**  The Sharp Plaintiffs' Complaint

20  ("Comp.") and First Amended Complaint ("FAC") alleged that Toshiba manufactured, marketed,

21  sold and/or distributed CRTs directly or indirectly throughout the United States (Comp. ¶¶ 65-71;

22  FAC ¶¶ 64-70), and participated in a cartel that raised, stabilized and/or maintained prices for

23  CRTs in the United States.  (Comp. ¶¶ 2; 214; FAC ¶¶ 2; 224.)  They also alleged that the Sharp

24  Plaintiffs were injured when they purchased CRTs manufactured by the defendants or their co-

25  conspirators at artificially inflated prices, and sought damages from each defendant based on joint

26  and several liability for all sales to the Sharp Plaintiffs by defendants and their co-defendants.

27  (Comp. ¶¶ 27; 214-215; Prayer for Relief; FAC ¶ ¶ 27; 224-225; Prayer for Relief.)

28

1    The Sharp Plaintiffs' claims against Toshiba thus always covered two categories of

2    damages.  One category was for Toshiba's own sales to the Sharp Plaintiffs – ████████████

3    ████████████████████████████████████████████████ Declaration of Craig A.

4    Benson ("Benson Decl.") at ¶ 2.  The other category – ████████████████████████████

5    ████████████████████████ – was for the sales to the Sharp Plaintiffs from all other

6    defendants and co-conspirators.  None of this ██████████████ involves a transaction between

7    any Toshiba entity and any Sharp entity.  *Id.* ¶ 3.  Rather, Toshiba is jointly and severally liable

8    under antitrust law for overcharges on that commerce because of its participation in the

9    conspiracy.

10    **Toshiba's Motion to Dismiss and the Court's Order.**  Toshiba filed a motion to

11    dismiss under Rule 12(b)(3) of the Federal Rules of Civil Procedure in October 2013, arguing the

12    Sharp Plaintiffs' claims should be dismissed insofar as they were "based on purchases that are

13    governed by a contract containing a mandatory forum selection clause that selects the Osaka

14    District Court, in Osaka, Japan[.]"  Toshiba Mot. to Dismiss, Dkt. No. 2000 ("Mot.") at 1.  The

15    Sharp Plaintiffs opposed the motion on November 6, 2013, and Toshiba submitted its reply on

16    November 20, 2013.  Then, on December 3, 2013, the Supreme Court issued a decision which

17    clarified that that the proper procedural grounds "'to enforce a forum-selection clause pointing to

18    a foreign forum is through the doctrine of *forum non conveniens*.'"  Toshiba Mot. for Leave to

19    Amend, Dkt. No. 2249 at 3 (Dec. 9, 2013) (quoting *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for

20    the W. Dist. of Tex.*, No 12-929, slip op. (U.S. Dec. 3, 2013)).  Toshiba notified the Court of the new

21    Supreme Court case but did not argue, at that point, that any dismissal should be with prejudice

22    and rested, instead, on its original legal arguments.  Consequently, the Sharp Plaintiffs did not

23    address the question of whether dismissal should be with prejudice.

24    ***At no time did Toshiba ever argue that the BTA affected its joint and several***

25    ***liability – only claims "based on purchases that are governed" by the BTA.***  Toshiba Mot. to

26    Dismiss, Dkt. No. 2000 ("Mot.") at 1; Toshiba Mot. for Leave to Amend, Dkt. No. 2249, Ex. A,

27    at 3.

28

1    Although the Sharp Plaintiffs opposed Toshiba's motion to dismiss as to their

2    purchases from Toshiba pursuant to the BTA as a matter of fact, law, and policy, the Court

3    ultimately disagreed with the Sharp Plaintiffs' positions and, on March 13, 2014, granted

4    Toshiba's motion on the basis of the forum-selection clause in the BTA.  It dismissed all of the

5    Sharp Plaintiffs' claims against Toshiba with prejudice. The Court's Order did not purport to

6    dispose of all of the claims of all of the parties in the case:  Sharp's federal antitrust claims remain

7    intact as against the Hitachi, Panasonic, MTPD, Philips, LG, LPD, Thomson, Technologies

8    Displays, Videocon, Orion, and Samsung SDI groups of defendants.  Other plaintiffs in this MDL

9    action, including the other direct-action plaintiffs, continue to have Sherman Act claims pending

10   against Toshiba, so Toshiba remains in the litigations and subject to discovery.

11       **The Sharp Plaintiffs' Proposed Amendments.**  The Sharp Plaintiffs propose to

12   amend their complaint to eliminate all commerce stemming from CRT sales by any Toshiba

13   entity to any Sharp entity – thus accounting for any commerce that could even arguably be

14   subject to the BTA.[2]  Sharp's remaining claim against Toshiba would be based solely on

15   Toshiba's joint and several liability for overcharges on the █████████ of CRTs the Sharp

16   Plaintiffs bought from the other defendants and co-conspirators.  The BTA that the Court found

17   dispositive in its Order can have no bearing on the claims relating to this ████ of the commerce,

18   which are completely independent of Toshiba's commercial relationship with any Sharp entity.

19                                   <u>ARGUMENT</u>

20   **I.    THE SHARP PLAINTIFFS SHOULD BE GRANTED LEAVE TO AMEND
          THEIR COMPLAINT AS TO TOSHIBA BECAUSE ████ OF THE COMMERCE**
21        **<u>FOR WHICH TOSHIBA IS LIABLE IS NOT SUBJECT TO THE BTA</u>**

22        **A.    <u>Leave to Amend Under Rule 15 Is Liberally Granted</u>**

23       Federal Rule of Civil Procedure 15 governs amended pleadings and dictates that

24   "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P.

25   15(a)(2).  This policy of freely giving leave to amend is "to be applied with extreme liberality."

26   *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v.*

27   _____

28   [2]      See note 1, *supra*.

1   *Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). "The purpose of pleading is

2   'to facilitate a proper decision on the merits' . . . and not erect formal and burdensome

3   impediments to the litigation process.  Unless undue prejudice to the opposing party will result, a

4   trial judge should ordinarily permit a party to amend its complaint."  *Howey v. United States*, 481

5   F.2d 1189, 1990 (9th Cir. 1973).

6           Rule 15 is the appropriate standard to review this request for leave to amend – and

7   not Rule 59 (which governs the amendment of judgments) or Rule 60 (which governs relief from

8   final judgments or orders) – even though the Court dismissed the Sharp Plaintiffs' claims against

9   Toshiba with prejudice.  Rules 59 and 60 are directed at "final" orders or judgments.  The Court's

10  Order here, however, is neither a final order or a final judgment.  Rather, the Court's Order

11  "adjudicates . . . the rights and liabilities of fewer than all of the parties."  Fed. R. Civ. P. 54.

12  Therefore, under Rule 54(b) of the Federal Rules of Civil Procedure, it "does not end the action as

13  to any of the claims or parties and may be revised at any time before the entry of a judgment

14  adjudicating all the claims and all the parties' rights and liabilities."  *Id.*[3]

15          One appellate court has recently addressed the standard governing a motion for

16  leave to amend a complaint after a dismissal with prejudice of one party in a multiparty case.  In

17  *Crostley v. Lamar Cnty.*, 717 F.3d 410, 420 (5th Cir. 2013), plaintiffs filed a civil rights action

18  against multiple defendants.  The district court dismissed all claims against one of the defendants

19  with prejudice; the claims against the other defendants remained intact.  The plaintiff filed a

20  motion to amend and included in the proposed amended complaint the dismissed defendant.  The

21  district court denied the motion to amend under Rule 15, holding that the amendments would be

22  futile because the defendants who had been dismissed were considered no longer parties to the

23

---

24  [3]      *See also Indian Oasis-Baboguivari Unified Sch. Dist. No. 40 v. Kirk*, 109 F.3d 634, 636
    (9th Cir. 1997) (dismissal of fewer than all claims "with prejudice does not alter th[e] analysis;
25  the Federal Rules of Civil Procedure establish that an order or decision must adjudicate the claims
    of all of the parties to an action in order to be an appealable final judgment"); *Carey v.*
26  *Greyhound Co.*, 424 F.2d 485 (9th Cir. 1970) (order of dismissal with prejudice as to only one
    defendant "does not dispose of the entire action" and is not a final decision); *In re Metro. Gov't of*
27  *Nashville & Davidson Cnty.*, 606 F.3d 855, 861 (6th Cir. 2010) (where order disposed of fewer
    than all claims and no 54(b) judgment had been entered, Rule 59 timing provisions did not apply).
28

1   case and therefore the limitations period against them expired.  The appeals court reversed and

2   held that the ruling abused the district court's discretion in denying the amendment, because an

3   order dismissing a party in a multi-party case, even with prejudice, does not become a final

4   judgment until certified under Rule 54(b).  *See also Cassell v. Michaux*, 240 F.2d 406, 407-408

5   (D.C. Cir. 1956) (Rule 15 leave to amend standard governs evaluation of proposed amendment to

6   multi-count complaint, where trial judge had dismissed one count, but dismissal was not final

7   under Rule 54(b)).

8           There has been no certification here under Rule 54(b) and so Rule 15 provides the

9   appropriate standard to evaluate the motion for leave to amend.  Under Rule 15, courts consider

10  the following five so-called *Foman* factors: (1) futility of amendment; (2) prejudice to the

11  opposing party; (3) bad faith; (4) undue delay; and (5) whether plaintiff has previously amended

12  his complaint.  *See, e.g.*, *Eminence Capital*, 316 F.3d at 1052. "When weighing these factors . . .

13  all inferences should be made in favor of granting the motion to amend."  *Hofstetter v. Chase*

14  *Home Fin., LLC*, 751 F. Supp. 2d 1116, 1122 (N.D. Cal. 2010) (citing *Griggs v. Pace Am. Grp.,*

15  *Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).  "Courts may decline to grant leave to amend only if

16  there is *strong evidence* of 'undue delay, bad faith or dilatory motive on the part of the movant,

17  repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

18  opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'"

19  *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013)

20  (emphasis added) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Absent prejudice, or a

21  strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule

22  15(a) in favor of granting leave to amend."  *Eminence Capital*, 316 F.3d at 1052 (emphasis in

23  original).

24          As demonstrated below, all of the *Foman* factors weigh in favor of permitting

25  amendment here and justice would be served by granting the Sharp Plaintiffs' motion. [4]

26  _____

27  [4]      Even were the Court to determine that Rule 59 or 60 applied here, however, the
    circumstances described below justify relief to "prevent manifest injustice," *Moss v. Tiberon*
28  *Minerals Ltd.*, No. 07-2732, 2008 WL 686833 at *1 (N.D. Cal. Mar. 11, 2008), or because of

### B.     The Sharp Plaintiffs' Proposed Amendments Are Not Futile

The most relevant *Foman* factor here is futility, because it examines the substance of the proposed amendments and their sufficiency to cure the reasons for dismissal.  But the futility standard is a high one, and therefore denying a motion for leave to amend for futility is "rare."  *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005) (quotation omitted).  In fact, in this district, courts normally will not even rule on the futility of an amendment at the motion to amend stage "unless the proposed amendment is clearly and unambiguously futile." *Bd. of Trs. of the Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet, Inc.*, No. 09-cv-0465, 2010 WL 760452, at *3 (N.D. Cal. Mar. 4, 2010).  The futility standard is met "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-cv-02727, 2014 WL 645365, at *2 (N.D. Cal. Feb. 19, 2014) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).  The Sharp Plaintiffs' proposed amendments are decidedly not futile.

*Toshiba is Jointly and Severally Liable for Co-Conspirator Commerce.*  The proposed amendments would narrow the scope of Toshiba's remaining liability, consistent with the bedrock principle of antitrust law that Toshiba is jointly and severally liable as a co-conspirator for all of the damages the Sharp Plaintiffs suffered from the CRT conspiracy. Toshiba is liable as a co-conspirator irrespective of whether it ever made a single CRT sale to the Sharp Plaintiffs.  *See William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc.*, 668 F.2d 1014, 1053 (9th Cir. 1981) ("[A]ntitrust co-conspirators are jointly and severally liable for all damages caused by the conspiracy."); *Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d 190, 212 (9th Cir. 1964) (because the defendant participated in the conspiracy it "must therefore share responsibility for the resulting damage, including that occasioned by activities in which it did not directly participate, or from which it did not directly benefit."); *see also Paper Sys. Inc. v.*

"mistake, inadvertence, surprise, [] excusable neglect . . . . or any other reason that justified relief."  Fed. R. Civ. P. 60(b); *Pell v. E.I. Dupont de Nemours & Co. Inc.*, 231 F.R.D. 186, 188 (D. Del. 2005) (granting reconsideration of summary judgment order under Rule 59 where material issue "was not specifically raised" in the defendant's briefing, and thus "Plaintiffs were, to an extent deprived of an opportunity to fully research, brief and answer the arguments raised by the Court.")

1   *Nippon Paper Indus. Co., Ltd.*, 281 F.3d 629, 633-34 (7th Cir. 2002) ("Every participant in the

2   conspiracy remains liable for damages on every sale to every direct purchaser from any of the

3   manufacturers" and plaintiffs' lack of purchases "directly, or at all, does not matter."); *Dee-K*

4   *Enters., Inc. v. Haveafil Sdb. Bhd.*, 982 F. Supp. 1138, 1155 (E.D. Va. 1997) ("As co-

5   conspirators, [defendants] are jointly and severally liable for any injury caused by the conspiracy,

6   even if that injury did not result from a sale of their own product."); *Ambook Enter. v. Time Inc.*,

7   612 F.2d 604, 620 (2d Cir. 1979) ("Plaintiff having dealt with these [select] members of the

8   alleged illegal conspiracy, all other members are jointly and severally liable for the damages

9   [plaintiff] sustained.").

10          That is, so long as Toshiba participated in the conspiracy, it is jointly and severally

11   liable to the Sharp Plaintiffs for all of the damages they suffered – even if Toshiba had never

12   made a single CRT sale to the Sharp Plaintiffs (or any other Sharp company). ███████████

13   ██████████████████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████ – completely

15   independently of any contractual or commercial relationship it has with any Sharp company.

16          ***The Court's Dismissal With Prejudice Does not Render the Amendments Futile.***

17   The proposed amendments are not futile, even though the Court's Order dismissed Plaintiffs'

18   claims against Toshiba with prejudice.  As noted above, under Rule 54(b), that Order "may be

19   revised at any time before the entry of judgment adjudicating all the claims and all the parties'

20   rights and liabilities." *Id.*  This is true whether the dismissal is with prejudice or not.  *See Carey*,

21   424 F.2d at 485 (district court's order of dismissal with prejudice as to one defendant among

22   several was "not a final decision" and "is subject to revision at any time before final judgment"

23   per Rule 54(b)).

24          The parties did not address before the Court the issue of whether any dismissal

25   based on the BTA should be with prejudice.  As a general matter, "[d]ismissal without leave to

26   amend is improper unless it is clear, upon a *de novo* review, that the complaint could not be saved

27   by any amendment."  *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005) (quotations and

28   internal citation omitted).  For this reason, unless it is clear that a pleading cannot be cured by an

1   amendment, the Ninth Circuit has held that district courts should grant leave to amend, even if no

2   request for such leave is sought.  *Cook, Perkiss & Leihe, Inc. v. N. Cal. Collection Serv., Inc.*, 911

3   F.2d 242, 247 (9th Cir. 1990).

4           That the parties did not address in their briefs whether any dismissal should be

5   with prejudice before is, at least in part, a function of the fact that the procedural basis for

6   Toshiba's motion based on the BTA shifted midstream, because of the *Atlantic Marine* Supreme

7   Court case.  Dismissal with prejudice under the BTA was simply not relevant to Toshiba's

8   original briefing, which proceeded in relevant part under Rule 12(b)(3), because any dismissal

9   under Rule 12(b)(3) "must allow leave to amend," *Wright v. City of Vallejo*, No. 12-cv-3473,

10  2012 WL 5350150, at *3 (N.D. Cal. Sept. 26, 2012), as a "determination of improper venue does

11  not go to the merits of the case and therefore must be without prejudice."  *In re Hall, Bayoutree

12  Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991).  Toshiba therefore did not brief the issue in its

13  opening or reply brief, nor did the Sharp Plaintiffs in their opposition.

14          Later, when Toshiba filed its notice of supplemental authority, explaining that the

15  intervening Supreme Court decision in *Atlantic Marine* meant the case should be reviewed under

16  the *forum non conveniens* doctrine, Toshiba did not argue that, as a result, any dismissal under the

17  BTA should now be with prejudice or argue that amendment of the complaint would be futile.[5]

18  (For its part, *Atlantic Marine* was silent on the issue of whether a *forum non conveniens* dismissal

19  with prejudice is ever appropriate.)  As a result, Sharp also did not address the issue of dismissal

20  with prejudice in the short supplement it filed commenting on the public interest factors discussed

21  in *Atlantic Marine*.  Certainly in this circumstance, the "extreme[ly] liberal[]" policy favoring

22  amendment would counsel that "justice" requires permitting amendment here.  *Eminence Capital*,

23  316 F.3d at 1051.

24

25  _____

26  [5]      To the contrary, Toshiba represented that they "continue[d] to rely upon their memoranda
    support of the original motion to dismiss," and noted that "*Atlantic Marine* did not change the

27  substantive analysis associated with the enforcement of forum-selection clauses."  Toshiba Mot.
    for Leave to Amend Their Motion to Dismiss Sharp's Complaint, at 3 (Dkt. No. 2249) (Dec. 9,

28  2013).

1        Had the issue been raised concretely, the Sharp Plaintiffs would have explained

2    that they could amend the pleadings to omit any commerce even arguably covered by the BTA,

3    for the reasons explained above.  That is, the BTA, to the extent it applies at all, only relates "to

4    the manufacture and supply of the goods" between Toshiba Corporation and Sharp Corporation; it

5    can have no effect on Toshiba's joint and several liability for the ████████ in CRT purchases

6    at issue in the case that are unrelated to any Toshiba entity's supply to any Sharp entity.  Toshiba

7    has never argued otherwise, and there is no authority that we are aware of that suggests it could. [6]

8        In short, the Sharp Plaintiffs' proposed amendments are not futile, because they

9    narrow the scope of the case to cover only commerce that could not be governed by the BTA.

10   **C.    The Other *Foman* Factors Support Leave
11          to Amend the Sharp Plaintiffs' Complaint**

12       All of the other *Foman* factors likewise weigh in favor of granting leave here.

13       ***Granting Leave Does Not Prejudice Defendants.***  Defendants "bear[] the burden

14   of showing prejudice" from granting leave to amend a complaint.  *DCD Programs, Ltd. v.*

15   *Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  They can show no prejudice here, however, because

16   there is none – much less the type of "substantial prejudice" a court must find to justify denying a

17   motion for leave.  *See Breakdown Servs., Ltd. v. Now Casting, Inc.*, 550 F. Supp. 2d 1123, 1132

18   (C.D. Cal. 2007).  Toshiba is and has been in the case since it was originally sued by the Direct

19   Purchaser Plaintiff class back in November 2007.  Toshiba continues to be a defendant in the

20   other pending class and direct actions in this MDL.  Toshiba has also long known – dating back to

21   the original complaint in this matter over a year ago – that the Sharp Plaintiffs sought joint and

22   several damages from Toshiba for sales other than their own.  Toshiba's obligations, if this

23   motion is granted, will certainly be no greater than they were on March 12, 2014 – the day before

24   the Court granted the motion to dismiss.  If anything, this amendment makes life easier for

25   Toshiba and the other defendants:  it serves to minimize their exposure by eliminating joint and

26

27   [6]      If the Court wishes to, it could also consider this to be a motion for reconsideration of the
         portion of its ruling that granted the dismissal against Toshiba with prejudice, as opposed to
28       without prejudice.

1  several liability for the ███████ in CRT sales between any Toshiba company and the Sharp

2  Plaintiffs.

3          **The Sharp Plaintiffs Have Acted In Good Faith.**   These proposed amended

4  allegations are not being introduced for delay or to unduly burden any defendants.  *See, e.g.*, *DCD*

5  *Programs, Ltd.*, 833 F.2d at 187 (rejecting any inference of "bad faith" due to movants'

6  "satisfactory explanation" for their amendment).  Likewise, the Sharp Plaintiffs bear no improper

7  "motive" in proposing these amendments; they merely seek to amend to clarify the scope of the

8  claims against Toshiba.

9          **The Sharp Plaintiffs Have Acted Promptly.**   The Court issued its Order less than

10  three weeks ago.  The Sharp Plaintiffs bring this motion long before the deadline for defense

11  expert disclosures, before defendants have noticed any fact depositions from the Sharp Plaintiffs,

12  and long before any deadline for summary judgment motions.  Fact discovery in this case does

13  not close until at least September 5, 2014.  Some courts have even found that undue delay cannot

14  exist where, as here, discovery has not ended.  *See Am. Express Travel Related Servs. Co., Inc. v.*

15  *D & A Corp.*, No. 04-cv-6737, 2007 WL 2462080, at *8 (E.D. Cal. Aug. 28, 2007) (citing *Abels*,

16  229 F.R.D. at 156).

17          **The Sharp Plaintiffs' Previous Amendment Was Limited and Unrelated.**   One of

18  the *Foman* factors considers whether a plaintiff has amended its complaint before.  Although the

19  Sharp Plaintiffs have amended the complaint once before in order to address points the Court

20  raised in granting Thomson Consumer's first motion to dismiss, the Court should nonetheless

21  grant leave to permit these new amendments.  "Plaintiffs are allowed to amend their complaints

22  several times, if justice so requires" in accordance with the "policy in this Circuit [which]

23  mandates an extraordinarily liberal approach to leave to amend."  *Lloyd v. Joshi*, No. 08-cv-

24  02942, 2009 WL 2488001, at *3 (N.D. Cal. Aug. 13, 2009) (noting that "the existence of previous

25  amendments is but one of the five factors a court considers, and not even the most important.").

26          The previous amendments by the Sharp Plaintiffs were narrowly drawn to respond

27  to specific criticisms relating to Thomson Consumer and its parent Thomson SA, in response to a

28  motion to dismiss.  *See* Order at 7, MDL Dkt. No. 1960 (Sept. 26, 2013).  They did not change

1   any allegations pertaining to Toshiba.  This is thus not a circumstance where the Sharp Plaintiffs

2   "repeatedly failed to cure deficiencies by amendments previously allowed." *See Foman*, 371 U.S.

3   at 182; *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008)).

4               For the foregoing reasons, the Sharp Plaintiffs respectfully request that the Court

5   grant the Sharp Plaintiffs leave to file the amended complaint attached hereto as Attachment A.[7]

6

7   DATED:  April 2, 2014                    By: /s/  *Craig A. Benson*
                                             _____

8                                            Kenneth A. Gallo (*pro hac vice*)
9                                            Joseph J. Simons (*pro hac vice*)
                                             Craig A. Benson (*pro hac vice*)
10                                           PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP
                                             2001 K Street, NW
11                                           Washington, DC  20006
                                             Telephone:  (202) 223-7300
12                                           Facsimile:  (202) 223-7420
                                             Email:  kgallo@paulweiss.com
13                                           Email:  jsimons@paulweiss.com
                                             Email:  cbenson@paulweiss.com
14

15                                           Stephen E. Taylor (SBN 058452)
16                                           Jonathan A. Patchen (SBN 237346)
                                             TAYLOR & COMPANY LAW OFFICES, LLP
17                                           One Ferry Building, Suite 355
                                             San Francisco, California  94111
18                                           Telephone:  (415) 788-8200
                                             Facsimile:  (415) 788-8208
19                                           Email: staylor@tcolaw.com
                                             Email: jpatchen@tcolaw.com
20

21                                           *Attorneys for Plaintiffs*

22

23

24

25

26

27   _____
     [7]         A redline of the proposed amended complaint is attached as Attachment B.
28