1  MARIO N. ALIOTO, ESQ. (56433)
   LAUREN C. CAPURRO, ESQ. (241151)
2  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
   2280 Union Street
3  San Francisco, CA  94123
   Telephone:  (415) 563-7200
4  Facsimile: (415) 346-0679
   E-mail: malioto@tatp.com
5  laurenrussell@tatp.com
6
7  *Interim Lead Counsel*
   *for the Indirect Purchaser Plaintiffs*
8
                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | ) Master File No. CV-07-5944 SC ) ) MDL No. 1917 ) ) **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO FINAL APPROVAL OF SETTLEMENT WITH LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO. LTD.** ) ) ) |
| **This document relates to:** **ALL INDIRECT PURCHASER ACTIONS** | ) Hearing Date:  April 18, 2014 ) Time: 10:00 a.m. ) Courtroom: One, 17th Floor ) Judge:  Honorable Samuel Conti ) ) |

i

1   **I.      Introduction**

2           Pursuant to Paragraph 18 of the Court's Order Granting Preliminary Approval of Class

3   Action Settlement with Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG

4   Electronics Taiwan Taipei Co., Ltd. ("Preliminary Approval Order"), the Indirect Purchaser

5   Plaintiffs ("IPPs") hereby respond to the objections filed by Jill K. Cannata and Donald Silvestri.

6           The Court granted preliminary approval to the IPPs' Settlement with defendants LG

7   Electronics, Inc., LG Electronics USA, Inc. and LG Electronics Taiwan Taipei Co., Ltd.

8   (collectively hereinafter "LG") on December 9, 2013.  In accordance with the Preliminary

9   Approval Order, IPPs caused notice of the Settlement to be provided to millions of potential

10  Settlement Class members beginning on January 15, 2014.  In addition to providing the details of

11  the Settlement, the notices advised potential Class members of their right to object to or exclude

12  themselves from the Settlement, and the requirements for doing so.

13          One request to be excluded from the proposed Settlement was received.[1]  One objection

14  to the proposed Settlement was filed by Sam P. Cannata on behalf of Jill K. Cannata.  Ms.

15  Cannata's objection, which focuses almost exclusively on attorneys' fees, must be rejected

16  because she is not a member of any of the Indirect Purchaser State Classes and therefore she has

17  no standing.  Her objections to a future attorney fee award also lack merit, as further described

18  herein.  An "objection" was also received from Donald Silvestri.  Mr. Silvestri does not object to

19  the Settlement, but rather objects to "awarding attorneys' fees in excess of 10% and granting the

20  attorneys $5 million to be used in anticipated expenses."  The Court need take no action on this

21  "objection" since there is no attorney fee request pending.

22          This very small number of objections, one of which was filed by Sam Cannata who is a

23  "serial" or "professional" objector, constitutes additional evidence supporting the fairness and

24  reasonableness of the proposed Settlement.  The Court should reject the objections and approve

25  the Settlement as fair, reasonable, and adequate.

26

27  _____

28  [1] *See* Docket Nos. 2511-2514, Declaration of Joseph M. Fisher Reporting on the Class Notice
    Program for the Certified Class and the Settlement with Defendant LG Electronics, Inc.; LG
    Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd. ("Fisher Decl.") ¶ 14, Ex. Q.

**II.      Argument**

      **A.      Only One Objection to the Settlement Has Been Received**

      In determining the fairness and adequacy of the proposed settlement, this Court should consider "the reaction of the Class Members to the proposed settlement."[2] "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."[3]  The inference of class support due to the absence of objectors is even stronger where, as here, a portion of the Settlement Class consists of sophisticated Fortune 500 companies.  *See In re Linerboard Antitrust Litig.,* 321 F. Supp. 2d 619, 629 (E.D. Pa. 2004).

      Here, millions of potential Settlement Class members were notified of the Settlement with LG through the notice program approved by the Court.[4] The notice program included publication:

      (a) in four, major national publications (Parade, USA Weekend, USA Today and The New York Times) and the most widely-read Spanish newspaper in Puerto Rico;

      (b) on the Internet, with the Settlement Web Site (www.CRTSettlement.com) marketed using the Google AdWords program in order to promote notice to interested parties;

      (c) via a Press Release distributed on the U.S. domestic news line of PR Newswire that was picked up and posted/published by 239 news organizations and media outlets, including Reuters and Yahoo Finance;

      (d) by mailing the Summary Notice directly to persons who had previously requested a copy of the notice in connection with the previous Chunghwa settlement, as well as

---

[2] *Churchill Village, L.L.C. v. General Electric,* 361 F.3d 566, 575 (9th Cir. 2004); *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (1998).

[3] *National Rural Telecoms Coop. v. Direct TV, Inc.,* 221 F.R.D. 523, 529 (C.D. Cal. 2004); *see also Pallas v. Pacific Bell,* No. C-89-2373 DLJ, 1999 WL 1209495, at *8 (N.D. Cal. 1999) ("The small percentage – less than one percent – of persons raising objections is a factor weighing in favor of approval of the settlement.").

[4] *See* Docket Nos. 2511-2514, Declaration of Joseph M. Fisher Reporting on the Class Notice Program for the Certified Class and the Settlement with Defendant LG Electronics, Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd. ("Fisher Decl.") ¶¶ 7-10.

**IPPs' RESPONSE TO OBJECTIONS TO FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO. LTD.**

1    entities who likely made indirect purchases of large quantities of CRT Products, which

2        resulted in a mailing list consisting of 1,971 entities; and

3        (e) by mailing the Detailed Notice directly to 371 persons who sent in written requests or

4        who made telephone requests for the notice.

5    In addition, the Settlement Administrator and Class Counsel responded to over 890 phone calls

6    received to the toll-free telephone number posted on the Summary Notice.[5]

7        None of these legitimate class members, many of which are sophisticated Fortune 500

8    companies that were directly notified of the Settlement, have made any objections to the

9    Settlement.  Only two individuals filed objections, one of whom does not object to the Settlement

10   itself and actually urges the Court to approve the Settlement.[6]  These objections represent an

11   infinitesimal portion of what is indisputably a very large Settlement Class.  This should weigh

12   strongly in favor of final approval of the Settlement.  *In re Linerboard,* 321 F. Supp. 2d at 629.

13       **B.      The Court Should Overrule The Objections And Approve The Settlement**

14       **1.      Cannata Objection**

15       Ms. Cannata's objection focuses almost exclusively on attorneys' fees.  She objects that

16   the Notice does not disclose the specific amount of attorneys' fees that will be requested by Class

17   Counsel and claims that Class Counsel will file their motion for attorneys' fees without providing

18   notice to class members.  Ms. Cannata further objects that Class Counsel's fees should be limited

19   to 10% of the Settlement and that the Court should not allow Class Counsel to use up to $5

20   million from the Settlement Fund for expenses.  Ms. Cannata makes no other substantive

21   objection to the terms of the Settlement.

22

23   [5] *See id.* ¶¶ 7-13.

24   [6] The "objection" submitted by Donald Silvestri objects only to "this Honorable Court awarding
     attorneys' fees in excess of 10% and granting the attorneys $5 million to be used in [sic]
25   anticipated expenses."  Class Member Donald Silvestri's Objection to Fee Request and Expense
     Request ("Silvestri Objection"), at 1-2.  But, as further discussed herein, Class Counsel have not
26   made a request for attorneys' fees, and do not intend to make such a request until later in the
     case. Mr. Silvestri's objection also advocates that the Court should approve the Settlement.  *Id.* at
27   2-3.

28
     3
     **IPPs' RESPONSE TO OBJECTIONS TO FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH
     DEFENDANTS LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS
     TAIWAN TAIPEI CO. LTD.**

1    Ms. Cannata's objection should be overruled for two reasons.  *First*, Ms. Cannata lacks

2    standing to object to any future attorney fee or cost award because she is not a member of any of

3    the Indirect Purchaser State Classes entitled to recover damages.  Class Counsel has confirmed

4    that Ms. Cannata is a resident of Cleveland, Ohio and purchased a CRT television from a store in

5    Cleveland, Ohio.[7]  Ohio does not permit indirect purchasers to bring claims for antitrust damages.

6    Thus, IPPs have not alleged a damages claim on behalf of Ohio residents and Ohio is not one of

7    the Indirect Purchaser States Classes included in the LG Settlement.

8    Only Settlement Class members have standing to object to the Settlement.  *See* Fed. R.

9    Civ. P. 23(e)(5) ("Any class member may object to the [settlement] proposal if it requires court

10   approval under this subdivision (e)").  *See also Feder v. Elec. Data Sys. Corp.,* 248 Fed. Appx.

11   579, 580 (5th Cir. 2007) ("only class members have an interest in the settlement funds, and

12   therefore only class members have standing to object to a settlement"); *Amone v. Aveiro,* Civ.

13   No. 04-00508 ACK-BMK, 2007 U.S. Dist. LEXIS 63631, at **6-7 (D. Haw. Aug. 27, 2007)

14   (objector lacked standing to object to final approval of settlement where he was "not a member of

15   the Plaintiff Class, nor does he allege a cognizable injury from the settlement.").  Ms. Cannata

16   has no interest in the Settlement Fund.  She therefore has no standing to object to the distribution

17   of the Settlement Fund, for attorneys' fees, expenses, or otherwise.  Her objection must be

18   overruled for this reason alone.[8]

19

20

21   [7] Class Counsel called Sam Cannata (counsel for Jill K. Cannata) on March 25, 2014 and asked

22   for information relating to Ms. Cannata's CRT Product purchase.  Class Counsel followed up by
     email on March 26, 2014.  Mr. Cannata responded the same day and informed Class Counsel that
     Ms. Cannata purchased her CRT television from a store in Cleveland, Ohio and attached a copy

23   of the serial number.  *See* Declaration of Joseph M. Patane In Support of IPPs' Response to
     Objections to Final Approval of Settlement with LG Electronics, Inc.; LG Electronics USA, Inc.;

24   and LG Electronics Taiwan Taipei Co., Ltd. ("Patane Decl.") ¶¶ 3-4.

25   [8] Class Counsel spoke with Mr. Cannata by telephone on March 26, 2014.  We explained that
     because Jill Cannata is not a member of any of the Indirect Purchaser State Classes entitled to

26   receive damages, she lacks standing to object to the distribution of the Settlement Funds.  Mr.
     Cannata said he would consider advising his client to withdraw her objection and would get back

27   to us.  To date, I have not heard back from Mr. Cannata  Patane Decl. ¶ 5.

28
                                                      4

1    *Second,* Ms. Cannata's objections to the Settlement lack merit.  Class Counsel have not

2    moved for an award of attorneys' fees from the $25,000,000 settlement with LG, and do not

3    intend to so move until later in the case.  When Class Counsel does move for attorneys' fees, they

4    will do so in accordance with the Federal Rules of Civil Procedure and will provide the requisite

5    notice to the Class.

6    As explained in the notice, Class Counsel will apply to the Court to use up to $5 million

7    of the Settlement Fund to pay expenses incurred in prosecuting the case against the remaining

8    Defendants, but this will be subject to an accounting to the Court and any funds not expended in

9    the prosecution of the litigation will be returned to the Settlement Fund for distribution to Class

10   members.  The use of early settlement recoveries to fund later stages of the litigation is an

11   accepted practice in complex class litigation.  Indeed, the MANUAL FOR COMPLEX

12   LITIGATION, FOURTH §13.21, provides that "partial settlements may provide funds needed to

13   pursue the litigation . . . ."[9]  None of the millions of other Class members have objected to this.

14   Finally, the Settlement Agreement explicitly provides that any applications for attorneys'

15   fees or reimbursement of expenses "are not part of this Agreement, and are to be considered by

16   the Court separately from the fairness, reasonableness and adequacy of the Settlement."

17   Settlement Agreement ¶ 22(c).[10]  Ms. Cannata does not make any other substantive objection to

18   the terms of the Settlement beyond her objections to a future fee and cost award.  Thus, pursuant

19   to Paragraph 22(c) of the Settlement Agreement, the Court need not consider her objections in

20   deciding whether the Settlement is fair, reasonable and adequate.

21   //

22

23

---

24   [9] *Accord In re Linerboard Antitrust Litig.,* 292 F. Supp. 2d 631, 643 (E.D. Pa. 2003) (noting that
25   a partial "settlement provides class plaintiffs with an immediate financial recovery that ensures
     funding to pursue the litigation against the non-settling defendants.")  *See also Newby v. Enron*
26   *Corp.,* 394 F.3d 296, 302-03 (5th Cir. 2004) (affirming an order providing for the establishment
     of $15 million litigation expense fund from the proceeds of a partial settlement).

27

28

**IPPs' RESPONSE TO OBJECTIONS TO FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO. LTD.**

### 2.     Silvestri Objection

The objection by Donald Silvestri must likewise be overruled because he objects solely to the award of attorneys' fees and the proposed $5 million cost set-aside, neither of which are part of the Settlement Agreement, and "are to the considered separately from the fairness, reasonableness and adequacy of the Settlement." Settlement Agreement, ¶ 22(c).

In addition, Mr. Silvestri's objection is based on the mistaken assumption that Class Counsel is moving for an award of attorneys' fees now.  Class Counsel has not moved for an award of attorneys' fees from the LG Settlement, and does not intend to do so until later in the case.  Mr. Silvestri's objections to the cost set-aside must also be overruled for the reasons stated in subsection B. 1. above.

It is also unclear whether Mr. Silvestri is a member of the Settlement Class since the "Certification" filed with his objection states that he is a "direct purchaser" of two CRT televisions.[11]  If this is true, Mr. Silvestri lacks standing to object to the IPPs' Settlement with LG because he is not a member of the Indirect Purchaser State Classes, as defined in the Settlement Agreement.  Settlement Agreement ¶1.

In an attempt to discover the true nature of Mr. Silvestri's CRT purchases and correct his misapprehensions regarding attorneys' fees and the cost set-aside, Class Counsel called David Lake, counsel for Donald Silvestri, on March 25, 2014.  Class Counsel left Mr. Lake a voicemail explaining that we wanted to discuss his client's objections to see if we could resolve them informally.  Mr. Lake never returned our call.[12]

In sum, Mr. Silvestri has not shown his membership of the Settlement Class and his objections focus solely on a future award of fees and costs that are not a part of the Settlement

---

[10] The Settlement Agreement is attached as Exhibit 1 to the Declaration of Mario N. Alioto In Support of IPPs' Motion for Preliminary Approval of Settlement with LG Electronics, Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd., Docket No. 1933.

[11] *See* Docket No. 2455-1.

[12] *See* Patane Decl. ¶ 2.

**IPPs' RESPONSE TO OBJECTIONS TO FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO. LTD.**

1    and are not before the Court.  As such, the Court need not consider Mr. Silvestri's objections in

2    deciding whether the Settlement is fair, reasonable and adequate.

3         **C.     The Court Should View With Skepticism The Arguments of "Serial" or "Professional" Objector Counsel**

4

5         Affording the opportunity for class members to interpose objections to settlements

6    provides an important safeguard and ensures that all points of view are considered by the trial

7    court.  However, a troubling abuse of this procedure has developed in recent years as a certain

8    contingent of the bar has made it a practice to object to and appeal every significant class action

9    settlement as unfair, inadequate, and unreasonable.  This practice has added years onto the

10   litigation of these cases and serves no function other than to delay class members' receipt of the

11   settlement proceeds.[13]

12        The objection filed by Jill K. Cannata was filed by a "serial" or "professional" objector

13   counsel, Sam P. Cannata.  Mr. Cannata routinely represents objectors challenging class action

14   settlements by filing canned, unhelpful objections.  He has appeared *pro se* or on behalf of

15   objectors (who, like here, are family members) and has objected to fourteen recent class action

16   settlements.[14]  A review of these cases shows that all of the objections filed by Mr. Cannata were

17

18   _____

19   [13] "Federal courts are increasingly weary of professional objectors."  *O'Keefe v. Mercedes-Benz*

20   *USA, LLC*, 214 F.R.D. 266, 295 at n.26 (E.D. Pa. 2003).  Such objectors prepare "canned
     objections" and "seek out class actions to simply extract a fee by lodging generic, unhelpful

21   protests."  *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 973 (E.D. Tex. 2000).

     [14] *Gemelas v. The Dannon Co., Inc.,* No. 1:08-cv-00236 (N.D. Ohio 2010)**;** *Smith v. Wrigley, Jr.*

22   *Co.*, No. 09-60646 (S.D. Fla.)**;** *Marsikyan v. Mercedes-Benz USA, LLC*, No. 2:08-cv-04876-
     AHM-FMO (C.D. Cal. 2010)**;** *In re Lawnmower Engine Horsepower Mktg. & Sales Practices*

23   *Litig.*, No. 2:08-md-01999-LA (E.D. Wis. 2010)**;** *In re Vytorin/Zetia Mktg., Sales Practices &*
     *Prods. Liab. Litig.*, No. 2:08-cv-00285-DMC-FM (D.N.J. 2010)**;** *Hall v. AT&T Mobility LLC*,

24   No. 2:07-cv-05235-JLL-ES (D.N.J.)**;** *Hartless v. Clorox Co.*, No. 3:06-cv-02705-CAB (S.D. Cal.
     2011)**;** *In re Kentucky Grilled Chicken* (N.D. Ill. 2011); *In re HP Inkjet Printer Litig.,* No. 05-

25   03580 (N.D. Cal. 2011); and *In re Toyota Motor Company Unintended Acceleration Marketing,*
     *Sales Practices and Product Liability Litig.,* No. 8:10-ML-2151 JVS (FMOx) (C.D. Cal. 2013);

26   *In re Quantcast Adv. Cookie Litig.,* No. 10-5484 (C.D. Cal. 2011); *Masters v. Lowe's Home*
     *Centers, Inc.,* No. 09-0255 (S.D. Ill. 2011); *Schulte v. Fifth Third Bank,* No. 09-06655 (N.D. Ill.

27   2011); *Trombley v. National City Bank,* No. 10-00232 (D.D.C. 2011).  Patane Decl. ¶ 6.

28

     **IPPs' RESPONSE TO OBJECTIONS TO FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH**
     **DEFENDANTS LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS**
     **TAIWAN TAIPEI CO. LTD.**

1   overruled or withdrawn.  Every court to rule on the merits of Mr. Cannata's objections has

2   rejected them.[15]

3           While the reasons for the repeated dismissal of Mr. Cannata's objections are not always

4   clear from the records of the cases listed, it is well-established that some "serial" or

5   "professional" objectors extract payments from parties or counsel in the litigation to avoid years

6   of delay associated with their unmeritorious settlement objections:

7           Repeat objectors to class action settlements can make a living simply by
            filing frivolous appeals and thereby slowing down the execution of
8           settlements. The larger the settlement, the more cost-effective it is to pay
            the objectors rather than suffer the delay of waiting for an appeal to be
9           resolved (even an expedited appeal). Because of these economic realities,
            professional objectors can levy what is effectively a tax on class action
10          settlements, a tax that has no benefit to anyone other than to the objectors.
            Literally nothing is gained from the cost: Settlements are not restructured
11          and the class, on whose behalf the appeal is purportedly raised, gains
            nothing.[16]
12

13  It appears that this tactic has been successful for Mr. Cannata on some occasions.  In *In re*

14  *Vytorin/Zetia,* class counsel agreed to pay Mr. Cannata and a group of other objector counsel

15  $55,000 from class counsel's fees and expenses.[17]

16          As another court has observed:

17          [C]lass actions also attract those in the legal profession who subsist
            primarily off of the skill and labor of, to say nothing of the risk borne by,
18          more capable attorneys. These are the opportunistic objectors. Although
            they contribute nothing to the class, they object to the settlement, thereby
19          obstructing payment to lead counsel or the class in the hope that lead
            plaintiff will pay them to go away. Unfortunately, the class-action
20          kingdom has seen a Malthusian explosion of these opportunistic objectors,
            which now seem to accompany every major securities litigation.[18]
21

22

23

24  ───────────────────

25  [15] Patane Decl. ¶ 8.

    [16] *Barnes v. FleetBoston Fin. Corp.,* 2006 WL 6916834, *1 (D. Mass. Aug. 22, 2006).
26
    [17] Patane Decl. ¶ 9.
27
    [18] *In re Cardinal Health, Inc. Sec. Litig.*, 550 F. Supp. 2d 751, 754 (S.D. Ohio 2008).
28

**IPPs' RESPONSE TO OBJECTIONS TO FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH
DEFENDANTS LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS
TAIWAN TAIPEI CO. LTD.**

1    The Court should not condone Mr. Cannata's unethical practices, which only serve to

2  waste the resources of the parties and the Court, and do nothing to benefit the Class.

3    **III. Conclusion**

4    For all of the foregoing reasons, the objections by Jill K. Cannata and Donald Silvestri

5  must be overruled.

6

7  Dated:  April 4, 2014                        By: _____ */s/ Mario N. Alioto* _____

8                                                    Mario N. Alioto (56433)
                                                     Lauren C. Capurro (241151
9                                                    TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                                     2280 Union Street
10                                                   San Francisco, CA 94123
                                                     Telephone:  (415) 563-7200
11                                                   Facsimile:   (415) 346-0679
                                                     malioto@tatp.com
12                                                   laurenrussell@tatp.com

13                                                   *Lead Counsel for the Indirect Purchaser Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IPPs' RESPONSE TO OBJECTIONS TO FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO. LTD.**