MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel*
*for the Indirect Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Master File No. CV-07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF JOSEPH M. PATANE IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTIONS TO FINAL APPROVAL OF SETTLEMENT WITH LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO. LTD.** |
| **This document relates to:**<br><br>**ALL INDIRECT PURCHASER ACTIONS** ) ) ) ) ) ) ) ) | Hearing Date:  April 18, 2014<br>Time: 10:00 a.m.<br>Courtroom: One, 17th Floor<br>Judge:  Honorable Samuel Conti |

i

I, Joseph M. Patane, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am counsel for the Indirect Purchaser Plaintiffs ("Plaintiffs") in the above-captioned action. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. In an attempt to discover the true nature of Mr. Silvestri's CRT purchases and correct his misapprehensions regarding attorneys' fees and the cost set-aside, I called David Lake, counsel for Donald Silvestri, on March 25, 2014. I left Mr. Lake a voicemail explaining that I wanted to discuss his client's objections to see if we could resolve them informally and requested a return call. To date, Mr. Lake has not returned my call.

3. I also telephoned Mr. Sam Cannata, counsel for objector Jill K. Cannata, on March 25, 2014. I left a voicemail informing him I was calling to discuss his client's objection. I requested a return call from Mr. Cannata, a photograph of the serial number of the CRT television purchased by Ms. Cannata, and the name and location where his client purchased the television.

4. I followed up on my telephone call to Mr. Cannata by email on March 26, 2014. Mr. Cannata responded by email the same day stating that his client purchased the television in Cleveland, Ohio and attaching a photograph of the serial number of the television. A copy of Mr. Cannata's email is attached hereto as Exhibit 1.

5. On March 26, 2014, I spoke with Mr. Cannata and informed him that since the television was purchased in Ohio, his client was not a member of any of the State Damages Classes, that she had no standing to object to the Settlement and she would receive no money on distribution of the Settlement funds. Mr. Cannata said he would consider advising his client to withdraw her objection and would get back to me. To date, I have not heard back from Mr. Cannata.

6. Sam P. Cannata has submitted objections to fourteen recent class action settlements: *Gemelas v. The Dannon Co., Inc.,* No. 1:08-cv-00236 (N.D. Ohio 2010)**;** *Smith v. Wrigley, Jr. Co*., No. 09-60646 (S.D. Fla.)**;** *Marsikyan v. Mercedes-Benz USA, LLC*, No. 2:08-cv-

04876-AHM-FMO (C.D. Cal. 2010)**;** *In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig*., No. 2:08-md-01999-LA (E.D. Wis. 2010)**;** *In re Vytorin/Zetia Mktg., Sales Practices & Prods. Liab. Litig.*, No. 2:08-cv-00285-DMC-FM (D.N.J. 2010)**;** *Hall v. AT&T Mobility LLC*, No. 2:07-cv-05235-JLL-ES (D.N.J.)**;** *Hartless v. Clorox Co.*, No. 3:06-cv-02705-CAB (S.D. Cal. 2011)**;** *In re Kentucky Grilled Chicken* (N.D. Ill. 2011); *In re HP Inkjet Printer Litig.,* No. 05-03580 (N.D. Cal. 2011); and *In re Toyota Motor Company Unintended Acceleration Marketing, Sales Practices and Product Liability Litig.,* No. 8:10-ML-2151 JVS (FMOx) (C.D. Cal. 2013); *In re Quantcast Adv. Cookie Litig.,* No. 10-5484 (C.D. Cal. 2011); *Masters v. Lowe's Home Centers, Inc.,* No. 09-0255 (S.D. Ill. 2011); *Schulte v. Fifth Third Bank,* No. 09-06655 (N.D. Ill. 2011); and *Trombley v. National City Bank,* No. 10-00232 (D.D.C. 2011).

7.     Mr. Cannata's objections are most often submitted *pro se*, or on behalf of a family member.

8.     Based on my and my associate's review of the dockets and orders issued in these cases, it appears that all of Mr. Cannata's objections have been overruled or withdrawn.  Every court to rule on the merits of Mr. Cannata's objections has rejected them.

9.     In *In re Vytorin/Zetia,* class counsel agreed to pay Mr. Cannata and a group of other objector counsel $55,000 from class counsel's fees and expenses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 4th day of April 2014, at San Francisco, California.

/s/ Joseph M. Patane
Joseph M. Patane

2

**DECLARATION OF JOSEPH M. PATANE IN SUPPORT OF IPPs' RESPONSE TO OBJECTIONS TO FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANTS LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO. LTD.**

# EXHIBIT 1

**Joe Patane**

| | |
|---|---|
| **From:** | Sam. Cannata <spc@cplpa.com> |
| **Sent:** | Wednesday, March 26, 2014 1:42 PM |
| **To:** | Joe Patane |
| **Subject:** | RE: CRT  Antitrust Litigation Objection |
| **Attachments:** | 003.JPG |

Mr. Patane,

I apologize for not returning your call yesterday.  I've been in Court the last few days and unable to respond in a timely manner.

Attached is a picture of the information you are requesting. My client knows she purchased the TV in Cleveland but cannot remember the store.

Feel free to contact me if you need anything else.

Thank you,

Sam P. Cannata
30799 Pinetree Rd., #254
Pepper Pike, Ohio 44124

(216) 214-0796

LEGAL CONFIDENTIALITY NOTICE
This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work product, and/or (iii) is confidential. This email is covered by the Electric Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information and/or documents included with this transmission are confidential. The information is intended only for the use of the individual/entity named above. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. If you are not the intended recipient, you are hereby notified that any disclosure, copying/distribution of this communication, in any form, or the taking of any action in reliance on its contents, is strictly prohibited.

Disclaimer under Circular 230: Any statements regarding tax matters made herein, including any attachments, are not formal tax opinions by this firm, cannot be relied upon or used by any person to avoid tax penalties, and are not intended to be used or referred to in any marketing or promotional materials.

Please be advised that this law firm may be acting as a debt collector and is attempting to collect a debt and any information provided will be used for that purpose.

**From:** Joe Patane [mailto:JPatane@tatp.com]
**Sent:** Wednesday, March 26, 2014 14:59
**To:** Sam. Cannata
**Cc:** jpatane@tatp.com
**Subject:** CRT Antitrust Litigation Objection

Dear Mr. Cannata:

I tried to contact you by telephone yesterday and left you a voicemail.  I am one of the plaintiffs' counsel in the CRT Litigation.
 In response to your client's objection, there is no request for attorneys' fees being made at this time.  When such request is made, class members will receive notice by  the  method set out in the FRCP  and as instructed by the Court. In the meantime, what we need from your client is the serial number and manufacture date (usually on the rear of the set) and information as to where she purchased the TV ( store name and city).
Thank You

Joseph M. Patane

Joseph M. Patane
LAW OFFICE OF JOSEPH M. PATANE
2280 Union Street
San Francisco, CA 94123
Telephone: 415-447-1651
Facsimile: 415-346-0679

This email may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.



# TOSHIBA
## TELEVISION RECEIVER
ASSEMBLED IN U.S.A./ASSEMBLE AUX E.U.

**c (UL) us**

**LISTED**
**E212771   54KN**

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.
82 TOTOWA RD, WAYNE, NJ 07470 U.S.A.

**DISTRIBUTED BY:** TOSHIBA OF CANADA LTD. MARKHAM, ONTARIO, CANADA

| MODEL NO. | SERIAL NO. | CHASSIS NO. |
|---|---|---|
| **36AF43** | **15539201** | **TAC 0315** |

**AC120V 60HZ 2.1A 111W AVERAGE POWER**

COMPLIES WITH DHHS RADIATION PERFORMANCE STANDARDS, 21 CFR SUBCHAPTER J.
CABLE COMPATIBLE TELEVISION APPARATUS.
TELEVISION CABLOCOMPATIBLE, CANADA

**MANUFACTURED:  APRIL 2004**                    **G**

THIS DEVICE COMPLIES WITH PART 15 OF THE FCC RULES.
OPERATION IS SUBJECT TO THE FOLLOWING TWO CONDITIONS:
(1) THIS DEVICE MAY NOT CAUSE HARMFUL INTERFERENCE, AND
(2) THIS DEVICE MUST ACCEPT ANY INTERFERENCE RECEIVED,
INCLUDING INTERFERENCE THAT MAY CAUSE UNDESIRED
OPERATION.

**S/N** 


0  22265  23213  2