KAMALA D. HARRIS
Attorney General of California
MARK J. BRECKLER
Chief Assistant Attorney General
KATHLEEN E. FOOTE
Senior Assistant Attorney General
MICHAEL JORGENSON  (SBN 201145)
NICOLE GORDON  (SBN 224138)
PAUL MOORE  (SBN 241157)
PAMELA PHAM  (SBN 235493)
BRIAN WANG  (SBN 284490)
EMILIO E. VARANINI  (SBN 163952)
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone: (415) 703-5908
  Fax:  (415) 703-5480
  E-mail:  Emilio.Varanini@doj.ca.gov
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | MDL No. 1917<br><br>Case No. C-07-5944-SC<br><br>**CALIFORNIA ATTORNEY GENERAL'S SECOND NOTICE OF INTENT TO DEPOSE WITNESSES** |

Pursuant to the Special Master's Report and Recommendation (Document 1092) and the Expert Discovery Schedule currently in place (Document 2457), the California Attorney General hereby apprises the Court and all parties that she will be deposing the nine witnesses identified below pursuant to this Report and Recommendation, the Expert Discovery Schedule, her cooperation agreements with various Defendants, and/or to the extent her motion to compel is granted by the Special Master appointed for discovery matters.

The first five individuals were identified as percipient witnesses by the Philips and LG Defendants pursuant to their cooperation agreements with the California Attorney General:

1. Leo Mink, former employee of the Philips Defendants;

2. Kris Mortier, current employee of the Philips Defendants;

3. Kim Woong Tae, former employee of the LG Defendants; and

4. Myung Joon (M.J.) Kim, former employee of the LG Defendants.[1]

The next group of four witnesses will be deposed pursuant to the aforementioned Report and Recommendation, the Expert Discovery Schedule, and to the extent her motion to compel is granted by the Special Master appointed for discovery matters.[2] The California Attorney General believes the below witnesses to be percipient witnesses as to the conspiratorial activities of the Panasonic and Toshiba defendants:

5. Michael Du, former employee of Chunghwa Defendants, of Toshiba Defendants, and of Panasonic Defendants through Defendant Matsushita-Toshiba Picture Displays;

6. Seiichi Fukunaga, former employee of Toshiba Defendants and of Panasonic Defendants through Defendant Matsushita-Toshiba Picture Displays;

7. Tomoyuki Kawano, former employee of Panasonic Defendants and of Toshiba Defendants through Defendant Matsushita-Toshiba Picture Displays; and

8. Michihiro Yoshino, former employee of Toshiba Defendants and of Panasonic Defendants through Defendant Matsushita-Toshiba Picture Displays.

---

[1] The California Attorney General was planning to include Felice Albertazzi, former employee of the Philips Defendants as one of her witnesses but, after discussions with the Indirect Purchaser Plaintiffs' counsel, decided not to include him on this list in the interests of comity and coordination. However, should the Indirect Purchaser Plaintiffs not subpoena Felice Albertazzi to be deposed, or not succeed in doing so before the elapse of time for discovery under the current schedule, the California Attorney General reserves her right to subpoena Mr. Albertazzi as part of her state case. Similarly, if the Indirect Purchaser Plaintiffs do succeed in subpoenaing Mr. Albertazzi, but Mr. Albertazzi then decides to assert the Fifth Amendment, and refrain from testifying, the California Attorney General reserves her right to subpoena him as part of her state case, as the Protocol provides, and grant him use immunity so that he may testify notwithstanding his assertion of the Fifth Amendment.

[2] To the extent that contact information sufficient to subpoena these witnesses is secured separately from Japan Display, Inc. pursuant to the combined efforts of all of the Plaintiffs, as opposed to being secured through the Attorney General's motion to compel, then these witnesses would not be designated nor served as Attorney General witnesses.

The ninth individual witness will be called pursuant to Rule 30(b)(6) as a witness of Samsung SDI concerning the factual circumstances surrounding its plea agreement in the Northern District of California, including the factual nexus between the conspiracy described in that agreement and the State of California.[3] This Rule 30(b)(6) deposition will be done pursuant to the aforementioned Report and Recommendation and the Expert Discovery Schedule.

Finally, for purposes of the Expert Discovery Schedule, the California Attorney General joins in any designation of witnesses made by any other Plaintiff in the MDL action.

Dated:  April 15, 2014                          Respectfully submitted,

                                                KAMALA D. HARRIS
                                                Attorney General of California


                                                ***/s/ Emilio E. Varanini***
                                                EMILIO E. VARANINI
                                                Deputy Attorney General
                                                *Attorneys for Plaintiffs*

---

[3] The Attorney General is coordinating this planned 30(b)(6) witness with Dell for the Direct Action Plaintiffs.