MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944 SC |
| | MDL No. 1917 |
| | **INDIRECT PURCHASER PLAINTIFFS ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(d)** |
| **This document relates to:** | |
| **ALL INDIRECT PURCHASER ACTIONS** | |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Plaintiffs hereby move for administrative relief to file the following documents, or portions thereof, under seal:

- The highlighted portions of Indirect Purchaser Plaintiffs' Opposition to Philips Taiwan Limited's and Philips Do Brasil Ltda.'s Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction;
- The highlighted portions of the Declaration of Lauren C. Capurro in Support of Indirect Purchaser Plaintiffs' Opposition to Philips Taiwan Limited's and Philips Do Brasil Ltda.'s Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction; and
- Exhibits 1 through 41 to the above Declaration.

This motion is supported by the Declaration of Lauren C. Capurro In Support of Indirect Purchaser Plaintiffs' Administrative Motion To File Documents Under Seal ("Capurro Decl.").

Civil Local Rule 79-5(d) provides: "If a party wishes to file a document that has been designated confidential by another party pursuant to a protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an Administrative Motion for a sealing order . . . ."

Here, Plaintiffs submit this Administrative Motion because they wish to file documents that contain either (a) material designated by Defendants pursuant to the Stipulated Protective Order (Dkt. 306, June 18, 2008) as "Confidential" or "Highly Confidential" or (b) analysis of, references to, or information taken directly from material designated by Defendants pursuant to the Stipulated Protective Order as "Confidential" or "Highly Confidential." *See* Capurro Decl., ¶2.

Plaintiffs take no position on whether the designated documents and/or deposition testimony satisfy the requirements for sealing. Although Plaintiffs' request is narrowly tailored to include only the information that may require confidentiality, it is Defendants' burden to show good cause for sealing the designated documents by submitting a declaration showing good cause and a proposed order within seven days after the lodging of the designated documents. *See* Civil

2

**INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIV. L. R. 79-5(d)**

Local Rule 79-5(d).  Because Civil Local Rule 79-5(d) prohibits the sealing of documents by agreement of the parties, the parties are unable to enter into such a stipulation.  *See* Civil Local Rules 7-11 (requiring explanation of lack of stipulation), 79-5(d).

Pursuant to Civil Local Rule 79-5(d), a copy of the unredacted brief, declaration and exhibits will be lodged with the Court for *in camera* review and served on all parties.

Dated:  April 14, 2014            Respectfully submitted,

By:   /s/ Lauren C. Capurro

TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
2280 Union Street
San Francisco, CA  94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Lead Counsel for the Indirect Purchaser Plaintiffs*