MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. CV-07-5944 SC <br><br> MDL No. 1917 <br><br> **DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF THE INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION** |
| **This document relates to:** <br><br> **ALL INDIRECT PURCHASER ACTIONS** | Date: May 30, 2014 <br> Time: 10:00 a.m. <br> Courtroom: One, 17th Floor <br> Judge:  Honorable Samuel Conti |

**[DOCUMENT SUBMITTED PARTIALLY UNDER SEAL]**

I, Lauren C. Capurro, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court.  I am an associate with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("Plaintiffs") in the above-captioned action.  I make this declaration in support of the Indirect Purchaser Plaintiffs' Opposition to Philips Taiwan Limited's ("Philips Taiwan") and Philips do Brasil Ltda.'s Motion

1

1  to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction.  Except where
2  otherwise stated, the matters set forth herein are within my personal knowledge and if called
3  upon and sworn as a witness I could competently testify regarding them.

**Relevant Procedural History**

5  2. [redacted]
6  [redacted]
7  [redacted] Plaintiffs amended their complaint in March 2009 and added Philips
8  Taiwan and Philips Brazil as named defendants. [redacted]
9  [redacted]
10 [redacted]
11 [redacted]
12 [redacted]
13 [redacted]
14 [redacted]

15  3.  Plaintiffs wrote to counsel for PENAC and Royal Philips (along with counsel for
16  the other newly named defendants) on April 6, 2009 and requested that he "agree to accept
17  service of the Amended Summons and Consolidated Amended Complaints" for Philips Taiwan
18  and Philips Brazil pursuant to the Court's September 3, 2008 Service Order.  Plaintiffs further
19  stated:  "If counsel for the new defendants refuse to accept service, Plaintiffs will request that the
20  Court reissue its September 3, 2008 Order to apply to the new defendants."  Attached hereto as
21  Exhibit 1 is a true and correct copy of Plaintiffs' April 6, 2009 letter.

22  4.  On April 14, 2009, counsel for PENAC and Royal Philips (Ethan Litwin of
23  Howrey LLP) declined to accept service, on the ground that the Service Order did not require
24  him to do so.  Attached hereto as Exhibit 2 is a true and correct copy of Mr. Litwin's April 14,
25  2009 letter.

26  5.  Plaintiffs named a number of new foreign defendants in the CAC.  Almost all of
27  these new foreign defendants had related entities that had appeared and were actively litigating

2

**DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO
DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

the case. Plaintiffs also wrote to counsel for these related entities and asked that the related entities or their counsel accept service for the new foreign defendants. They all agreed to accept service.

6. Plaintiffs disputed Mr. Litwin's narrow reading of the Court's September 3, 2008 Order in a letter dated May 6, 2009 and pointed out that Howrey was the only counsel refusing to accept service. Attached hereto as Exhibit 3 is a true and correct copy of Plaintiffs' May 6, 2009 letter.

7. On May 11, 2009, Mr. Litwin stated that PENAC will accept service "under protest." "Under protest" meant that he wanted to preserve the arguments that acceptance of service was not an admission that: (1) PENAC was the agent or alter ego of either Philips Taiwan or Philips Brazil; (2) Philips Taiwan or Philips Brazil was subject to personal jurisdiction in the United States; and (3) the Service Order was improper. This was agreeable to Plaintiffs. Attached hereto as Exhibit 4 is a true and correct copy of Mr. Litwin's May 11, 2009 letter.

8. None of the other defense counsel who agreed to accept service on behalf of the newly named defendants required Plaintiffs to re-serve the CAC and Amended Summons.

9. After Defendants filed their motion to dismiss, the parties met and conferred with respect to jurisdictional discovery. Philips refused to provide jurisdictional discovery and any inquiry into the merits was prohibited under the terms of the stay order. On July 9, 2009, the parties wrote to Special Master Judge Legge, asking him to vacate the briefing schedule and the hearing on Defendants' motions to dismiss. The parties explained that "in the interest of conserving resources, the briefing schedule and hearing on all the motions to dismiss by Philips and Samtel [another defendant] should be vacated until after the other Defendants' motions to dismiss are resolved." The parties stated that they would continue to "meet and confer regarding jurisdictional discovery and a new briefing schedule on the Philips and Samtel motions, and would submit their proposed new briefing schedule to the Court. The intent of this stipulation was to preserve the status quo and preserve the resources of the parties and the Court by resolving the Defendants' personal jurisdiction motion in an efficient manner. Plaintiffs agreed

1  to this procedure to avoid the meet and confers and motion to compel regarding jurisdictional
2  discovery, which Defendants had refused to provide, and potentially avoid briefing on the motion
3  altogether.  Attached hereto as Exhibit 5 is a true and correct copy of the parties' July 9, 2009
4  letter to Special Master Legge.  Special Master Legge signed the stipulated order on July 15,
5  2009.  *See* Dkt. No. 519.

6  10.  On February 5, 2010, Judge Legge issued his Report & Recommendation
7  ("R&R") on the Rule 12(b)(6) motions to dismiss.  Dkt. No. 597.  Defendants joined in the
8  objections to the R&R raised by the other Philips defendants.  Their joinder included a footnote
9  stating that they "have filed separate motions to dismiss for lack of personal jurisdiction pursuant
10 [sic]. The Special Master has not yet issued a recommendation on those motions.  Without
11 prejudice to those jurisdictional motions, [Defendants] also join in this objection."  Dkt No. 622.
12 Defendants' objection to the R&R did not mention purportedly defective service.  *Id*.

13 11.  On March 30, 2010, the Court adopted the R&R on the defendants' motions to
14 dismiss.  Dkt. No. 665.  Philips Taiwan and Philips Brazil joined in the defendants' motion for
15 interlocutory appeal.  Dkt. No. 667.  On April 30, 2010, the Court denied the defendants' motions
16 for interlocutory appeal.  Dkt No. 711.

17 12.  The stay of document discovery was lifted on March 8, 2010.[1]  Plaintiffs served
18 discovery requests on counsel for all defendants less than two weeks later, including Howrey on
19 behalf of Royal Philips, PENAC, Philips Taiwan and Philips Brazil.

20 13.  Plaintiffs filed their Second Consolidated Amended Complaint on May 10, 2010
21 Dkt. No. 716.  Philips Taiwan and Philips Brazil joined in the defendants' joint motion to dismiss
22 certain new state law claims alleged in this complaint. Dkt. No. 733.

---

[1] On September 12, 2008, the Court granted a six-month stay of discovery, at the insistence of the Department of Justice.  Dkt. No. 379.  This stay of document discovery was extended several times until March 8, 2010, and the stay on deposition discovery continued until March 1, 2011. John Taladay signed the stipulated order regarding the discovery stay on behalf of Philips Taiwan and Philips Brazil.  *See* Dkt. No. 798.

4
**DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

14. Starting in June 2010, Plaintiffs' counsel began extended negotiations with Philips' counsel regarding discovery relating to Philips' global CRT business, Philips Display Components. During these negotiations, Plaintiffs specifically requested documents and information relating to Philips Taiwan's and Philips Brazil's former CRT business, their employees' participation in the CRT conspiracy and their sales of CRTs into the United States.

15. For example, the parties agreed to develop a list of important individuals who were likely to have relevant documents in their files, and agreed to limit Philips' initial search to those "custodians." ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

16. Plaintiffs submitted a list of 152 names (many of the names were duplicates/alternative spellings of the same names) to Philips' counsel as potential Philips custodians for their initial document production. The list included a number of individuals that Plaintiffs believed worked for Philips Taiwan, in the Display Components Asia Pacific Region.[2] The list also included a number of individuals who worked for Philips Brazil in the "LATAM" Region.[3] ████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[2] Milan Baran, David Chang, Jim Smith, Shihao Du, Rosa Hu, G.J. Kleisterlee, Zaizhi Li, Jerry Lin, Limay Liu, J.K. Park, J.H. Pei, Cheng-Xi/Cheng-Si/Zheng-Xi/ "Frank" Shao, Yu-Zong Song, Sam Tien, Director Tseng, President Yu, Huan-Rong Zeng, Xiliang Zhang and Ming-Hui Zheng.

[3] Roberta Campanini, A.T. Chinen, Ney Corsino, Joel Garbi Jr., H.D. Kalberer, M.A. Magelhaes and Jose Fuentes Molinero Jr.

5
**DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

1
2
3 ███████████████████████████████████████████████████████████████ Philips
4 never objected to the custodians proposed by Plaintiffs on the grounds that they worked for
5 Philips Taiwan or Philips Brazil.

6     17.    The final list of 19 agreed-upon custodians was comprised of individuals who
7 worked for Philips Display Components division wherever they were located and included
8 individuals from Philips Taiwan and Philips Brazil.  The list of 19 excludes most of the
9 individuals who attended the conspiratorial meetings, including many from Philips Taiwan and
10 Philips Brazil, because Philips claimed they could find no documents for those individuals.
11 Attached hereto as Exhibit 7 are letters dated May 16, 2011 and June 17, 2011, which
12 memorialize this agreement.

13     18.    Philips also agreed to make available documents from its "JV Data Room," which
14 contained documents and information gathered by Royal Philips from its CRT subsidiaries
15 around the world (including Philips Taiwan and Brazil) as due diligence prior to the formation of
16 the joint venture, LG.Philips Displays.

17     19.    My notes of a telephonic meet and confer on September 22, 2010 indicate that
18 Plaintiffs' counsel specifically requested that Philips produce electronically stored information
19 from Philips Display Components Asia Pacific Region – specifically Taiwan and China.  Philips'
20 counsel informed us that Philips had a preserved set of email backup tapes from November 2007
21 that contain a snapshot of everything on Philips' mail servers up to six months prior to the
22 snapshot, and that a third party vendor maintains an off-site archive of Philips emails dating back
23 to 2002.  Plaintiffs understood the email backup tapes from November 2007 and the emails
24 maintained by the third party vendor to include emails from Philips Display Components
25 subsidiaries around the world, not just PENAC and Royal Philips.  This understanding was later
26 confirmed by Philips' counsel.

27
28

6
**DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO
DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

20. On October 4, 2010, Plaintiffs' counsel travelled to the Netherlands to review the JV Data Room documents and select documents for copying. The documents selected for copying included documents and emails from Philips Taiwan and Philips Brazil. Philips did not produce these documents until August 10, 2011.

21. On November 22, 2011, Philips began its production of custodian documents. On December 14, 2011, Philips made a second production of documents. These two 2011 productions constitute the majority of the documents produced by Philips in this case.

22. The parties met and conferred on February 21, 2012 to discuss Philips' custodian production. Plaintiffs expressed disappointment at the number of documents produced for those individuals who attended the meetings with competitors. Plaintiffs "asked where [Philips] searched for their documents, and whether [Philips] looked in Asia for example, [and Philips] responded that a third party vendor maintains computer files and was used as a central reference point, and that there is nothing else because of the age of the information." This confirmed Plaintiffs' understanding that Philips searched for and produced documents from all Philips Displays Components entities, including documents from Philips Taiwan and Philips Brazil, from a central repository. Attached hereto as Exhibit 8 is a letter dated February 29, 2012, which memorializes this discussion between the parties.

23. The parties continued to meet and confer regarding Philips' production of documents from its television and monitor business. On April 23, 2012, the parties entered into a final agreement on custodians relating to the production of documents from Philips' CRT television and monitor business. These custodians included Reinoud Selbeck, formerly of Philips Taiwan. From May 4, 2012 to August 9, 2012, Philips produced documents from its CRT finished product custodians on a rolling basis.

24. Throughout these discovery negotiations, Philips' counsel never indicated that they would not produce Philips Taiwan or Philips Brazil documents because these entities had not been served, or because the Court did not have personal jurisdiction over them.

**DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

25. The stay of merits discovery prevented Plaintiffs from engaging in deposition discovery until March 1, 2011. And practically speaking, Plaintiffs were unable to begin deposition discovery until the court entered the deposition protocol in April 2012. Dkt. No. 1128. Plaintiffs began taking Rule 30(b)(6) depositions in June 2012, only two months later.

26. Defendants have collectively produced more than 1.5 million documents, many of which are in foreign languages. Plaintiffs have a team of almost 50 attorneys reviewing these documents, several of which are fluent in the relevant foreign languages. Reviewing and getting informal and, if necessary, formal translations of foreign documents takes additional time.

27. The initial focus of Plaintiffs' review of defendants' documents was class certification. Plaintiffs spent most of 2012 reviewing relevant documents and data from defendants and third party retailers, and deposing defendants pursuant to Rule 30(b)(6) to gather information for the class certification motion. Plaintiffs took 25 Rule 30(b)(6) depositions during the summer of 2012.

28. Plaintiffs began their review of defendants' documents regarding merits issues in October 2012, immediately after they filed their class certification motion. In November and December 2012, Plaintiffs contacted defendants to discuss merits depositions and propose potential deponents. The first merits deposition took place in mid-December 2012 and depositions are continuing today. To date, Plaintiffs have taken over 40 merits depositions.

29. From December 2012 to December 2013, Plaintiffs deposed over 30 current and former employees of various defendants.

30. On information and belief, the vast majority of the relevant Philips witnesses are no longer employed by Philips. This meant that the first Philips deposition did not occur until December 12, 2013.

31. On December 12-13, 2013, Plaintiffs travelled to England and deposed James ("Jim") Smith, the former Regional Manager of Philips Display Components' Asia Pacific and an employee of Philips Taiwan from September 1999 through June 2001. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

8

**DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

1  █████████████████████████████████████████████████

2  ████████████████████████████

3   32. Since Mr. Smith's deposition, Plaintiffs have deposed three other former employees of Philips Displays Components and the joint venture LG.Philips Displays. Plaintiffs are scheduled to depose four more former Philips employees over the next few months.

 33. Plaintiffs re-served the Fourth CAC and the Amended Summons on February 18, 2014 on counsel for PENAC and Royal Philips, Baker Botts, LLP, at their offices in Washington D.C. Service was made by certified mail, return receipt requested pursuant to California Civil Procedure Section 415.40 and the Court's Service Order. Actually this service was unnecessary because counsel had agreed in 2009 to accept service for the Defendants and these Defendants had already been served with these documents via ECF. This was an attempt by Plaintiffs to moot Defendants' service argument.

 34. Plaintiffs met and conferred with Philips' counsel on February 26 and 27, 2014 and again on March 4, 2014, regarding service and the personal jurisdiction motion. I am informed, Philips' counsel never stated their position that Plaintiffs needed to obtain a Rule 4(f)(3) order as to Philips Taiwan and Philips Brazil.

## Relevant Evidence

 35. Attached hereto as Exhibit 9 is a true and correct copy of ████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████

 36. Attached hereto as Exhibit 10 is a true and correct copy of relevant excerpts of the Deposition Transcript of Jim Smith.

9
**DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

37. Attached hereto as Exhibit 11 is a true and correct copy of excerpts of the Deposition Transcript of C.C. Liu, the former Vice President of defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa").

[redacted]

38. Attached hereto as Exhibit 12 is a true and correct copy of [redacted]

1  39. Attached hereto as Exhibit 13 is a true and correct copy of ████████████
████████████████████████████████████████████████████████████████
████████████████████████████████.

4  40. Attached hereto as Exhibit 14 is a true and correct copy of ████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████.

8  41. Attached hereto as Exhibit 15 is a true and correct copy of
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████.

12  42. Attached hereto as Exhibit 16 is a true and correct copy of ████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████.

16  43. Attached hereto as Exhibit 17 is a true and correct copy of ████████████
████████████████████████████████████████████████████████.

18  44. Attached hereto as Exhibit 18 is a true and correct copy of ████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████.

22  45. Attached hereto as Exhibit 19 is a true and correct copy of excerpts of Philips Rule 30(b)(6) deposition transcript.

████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

11

**DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24    46.    Attached hereto as Exhibit 20 is true and correct copy of
25
26
27
28

**DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

47. Attached hereto as Exhibit 21 is a true and correct copy of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉ Attached hereto as Exhibit 22 is a true and correct copy of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

49. Attached hereto as Exhibit 23 is a true and correct copy of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

50. Attached hereto as Exhibit 24 is ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

51. Attached hereto as Exhibit 25 is ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

52. Attached hereto as Exhibit 26 is ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

13
**DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

53. Attached hereto as Exhibit 27 is a true and correct copy of ██████ ██████████████████████████████████████████████ ███.

54. Attached hereto as Exhibit 28 is a true and correct copy of ██████ ██████████████████████████████████████ ██████████████████████████████████████████ ███████████.

55. Attached hereto as Exhibit 29 is a true and correct copy of ██████ ██████████████████████████████████████ ██████████████████████████████████████ ███.

56. Attached hereto as Exhibit 30 is a true and correct copy of ██████ ███████████████████████████████████████ █████████████████████████████████.

57. Attached hereto as Exhibit 31 is a true and correct copy of ██████ ██████████████████████████████████████████ ██████████████████████████████████████████ █████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████.

58. Attached hereto as Exhibit 32 is a true and correct copy of ███████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████

14
**DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO
DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

1
2
3   59.   Attached hereto as Exhibit 33 is a true and correct copy of
4
5
6
7
8   60.   Attached hereto as Exhibit 34 is a true and correct copy of
9
10
11      a.   "
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

15
**DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

████████████████████████████████████████
████████████████

61. Attached hereto as Exhibit 35 is a true and correct copy of ████
████████████████████████████████████████
████████████████████

62. Attached hereto as Exhibit 36 is a true and correct copy of ████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████

63. Attached hereto as Exhibit 37 is a true and correct copy of ████
████████████████████████████████████████
████████████████████████████████████████
████████

64. Attached hereto as Exhibit 38 is a true and correct copy of ████
████████████████████████████████████████
████████████████████████████████████████
████████████████

65. Attached hereto as Exhibit 39 is a true and correct copy of ████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████

66. Attached hereto as Exhibit 40 is a true and correct copy of ████
████████████████████████████████████████
████████████████████████████████

16
**DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO
DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

1   67. Attached hereto as Exhibit 41 is a true and correct copy of ████████

2   ████████████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████████████

4   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 14th day of April 2014, at San Francisco, California.

/s/ Lauren C. Capurro
Lauren C. Capurro

17
**DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

# EXHIBITS 1-41 SUBMITTED CONDITIONALLY UNDER SEAL