MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. CV-07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF THE INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION** |
| **This document relates to:**<br><br>**ALL INDIRECT PURCHASER ACTIONS** | Date: May 30, 2014<br>Time: 10:00 a.m.<br>Courtroom: One, 17th Floor<br>Judge:  Honorable Samuel Conti |

I, Mario N. Alioto, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court.  I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("Plaintiffs") in the above-captioned action.  The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

1

2.	On November 13, 2013, I called Mr. Koons to inform him that Plaintiffs wanted to get the May 18, 2009 jurisdictional motion back on calendar and resolve the status of Philips Taiwan and Philips Brazil.

3.	On November 15, 2013, I spoke with Messrs. Koons and Malaise by telephone to further discuss their clients' jurisdictional motion. They indicated there was no need to join Philips Taiwan and Philips Brazil as defendants since there were other Philips entities already named as defendants who could pay any judgment entered in this case. We were unwilling to dismiss Philips Taiwan and Philips Brazil on these grounds. We are not seeking to join these entities to obtain greater liquidity to pay a judgment, but because these entities are liable for the violations alleged. If these entities are not named as defendants, the other Philips entities which are named as defendants will seek to shift liability to them, and thus seek to escape all liability. Philips' counsel did not raise service issues concerning Philips Taiwan and Philips Brazil and did not inform me of their position that Plaintiffs needed to obtain a new Order from the Court permitting mail service pursuant to Rule 4(f)(3).

4.	On February 5, 2014, I called Mr. Koons to discuss service of court papers. The whole purpose of this call was to avoid unnecessary expense and disruption of Mr. Koon's office. I also wanted to moot the defendants' argument that they had not been served with a copy of the operative complaint. I asked Mr. Koons whether it was really necessary for us to serve him another copy of the Amended Summons, Fourth Consolidated Amended Complaint, and all other service documents, since he had been actively involved in the case for years and had already received all of these papers. Mr. Koons would not agree to forego this service. Other defendants in this case have agreed to forego service of documents they already had in their possession.

5.	I also told Mr. Koons that I did not want to send a process server to his office with the papers because I thought this would be disruptive. I suggested that I just mail copies of the documents to him return receipt requested, as provided by the California Code of Civil Procedure. Mr. Koons agreed that I could do this. Formal service was accomplished in this manner on February 18, 2014. Mr. Koons stated that he believed the Court's order providing for service of foreign defendants through their domestic counsel was wrong. Mr. Koons never

1  mentioned his current argument that the Court's service order does not apply to Philips Taiwan
2  and Philips Brazil, and that Plaintiffs need to move the Court for a new order authorizing service
3  on Philips Taiwan and Philips Brazil through their domestic counsel.
4       I declare under penalty of perjury under the laws of the United States that the foregoing is
5  true and correct.  Executed this 14th day of April 2014, at San Francisco, California.

7                                    /s/ Mario N. Alioto
                                        Mario N. Alioto

3
**DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'**