Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America*
*Information Systems, Inc., and Toshiba America*
*Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to<br>Case No. 13-cv-1173-SC<br><br>SHARP ELECTRONICS CORP., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI, LTD., *et al.*,<br><br>Defendants. | **THE TOSHIBA DEFENDANTS' OPPOSITION TO SHARP'S MOTION FOR LEAVE TO AMEND**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:     May 30, 2014<br>Time:    10:00 a.m.<br>Before:  Hon. Samuel Conti |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................1

BACKGROUND ................................................................................................3

ARGUMENT ....................................................................................................6

I.    The Court Should Deny Sharp's Motion For Leave To Amend Its
      Complaint Because That Motion Merely Seeks Reconsideration Of The
      Court's Dismissal Order And The Standards For Reconsideration Are Not
      Met ........................................................................................................6

II.   The Court Should Deny Sharp's Motion For Leave To Amend Its
      Complaint Because Any Amendment Of Sharp's Complaint Would Be
      Futile ...................................................................................................11

      A.    Sharp's Proposed Amendment Would Not Add Any New Facts Or
            Circumstances ...............................................................................11

      B.    Sharp's Proposed Amendment Is Futile Because The Forum-
            Selection Clause Of The BTA Covers Sharp's Joint-And-Several
            Claims .........................................................................................12

      C.    Sharp's Proposed Amendment Is Futile Because The Doctrine Of
            *Forum Non Conveniens* Would Require Dismissal Of Sharp's Joint-
            And-Several Claims .......................................................................15

            1.    The Osaka District Court Is An Adequate Alternative Forum .................15

            2.    The Private Interest Factors Favor Dismissal Of Sharp's Joint-
                  And-Several Claims .........................................................................15

            3.    The Public Interest Factors Favor Dismissal Of Sharp's Joint-
                  And-Several Claims .........................................................................17

      D.    Sharp's Remaining Arguments Are Unpersuasive ............................17

CONCLUSION ...............................................................................................19

THE TOSHIBA DEFENDANTS' OPPOSITION TO SHARP'S
MOTION FOR LEAVE TO AMEND
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# **TABLE OF AUTHORITIES**

Cases                                                                      Page

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. Of Texas*,
    134 S.Ct. 568 (2013).................................................................................2, 4, 10, 12

*Beauperthuy v. 24 Hour Fitness USA, Inc.*,
    No. 06-00715 SC, 2007 WL 3010743 (N.D. Cal. Oct. 12, 2007) .................................7

*Circle Click Media LLC v. Regus Management Group LLC*,
    No. 12-04000 SC, 2014 WL 1117448 (N.D. Cal. Mar. 14, 2014) ...............................8

*Contact Lumber Co. v. P.T. Moges Shipping Co., Ltd.*,
    918 F.2d 1446 (9th Cir. 1990) .......................................................................16, 17, 19

*Crostley v. Lamar Cnty., Tex.*,
    717 F.3d 410 (5th Cir. 2013) ...................................................................................18

*DOE 1 v. AOL LLC*,
    552 F.3d 1077 (9th Cir. 2009) .................................................................................12

*Foman v. Davis*,
    371 U.S. 178 (1962)..................................................................................................11

*In re: CRT Antitrust Litig. ("Sharp Br.")*,
    No. 07-5944 (N.D. Cal. Apr. 2, 2014)....................................................................5-6

*Lockman Foundation v. Evangelical Alliance Mission*,
    930 F.2d 764 (9th Cir. 1991) .........................................................................12, 16, 17, 19

*Lueck v. Sundstrand Corp.*,
    236 F.3d 1137 (9th Cir. 2001) .................................................................................17

*Mateo v. M/S KISO*,
    805 F. Supp. 761 (N.D. Cal. 1991).............................................................................8

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
    460 U.S. 1 (1983)......................................................................................................14

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981)............................................................................................12, 15

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Raima, Inc. v. Myriad France, SAS*,
    No. C12-1166JLR, 2012 WL 6201709 (W.D. Wash. Dec. 11,
    2012) ................................................................................................10

*Results BYIQ LLC v. Netcapital.com LLC*,
    No. C 11-0550-SC, 2013 WL 2146575 (N.D. Cal. May 15, 2013)............................9

*Ruiz v. GAP, Inc.*,
    No. 07-5739 SC, 2009 WL 250481 (N.D. Cal. Feb. 3, 2009) ......................................7

*Salton, Inc. v. Philips Domestic Appliances and Personal Care B.V.*,
    391 F.3d 871 (7th Cir. 2004) ...................................................................16

*Sincochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007) ...............................................................................12

*Travelers Property Casualty Co. of America*,
    No. 11-3638-SC, 2012 WL 2135315 (N.D. Cal. June 12, 2012) ........................ 1, 8-9

*Valley Forge Ins. Co. v. Zurich Am. Ins. Co.*,
    C. 09-2007 SBA, 2011 WL 2748334 (N.D. Cal. July 14, 2011)..................................8

*389 Orange St. Partners v. Arnold*,
    179 F.3d 656 (9th Cir. 1999) ...................................................................8

Local Rules

Civ. L.R. 7-9 ................................................................................. 6-7

Other

Restatement (Second) of Contracts § 202 (1981)................................................13

Restatement (Second) of Contracts § 203 (1981)................................................14

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

# INTRODUCTION

By its motion for leave, Sharp seeks to undo the Court's Order of March 13, 2014, which was the product of full briefing by the parties and thoughtful consideration by the Court.  Sharp somehow believes that the Court erred in dismissing its case against the Toshiba Defendants due to the existence of Sharp's joint-and-several claims.  Although there have been several rounds of briefing concerning the Toshiba Defendants' motion to dismiss, Sharp never argued (until now) that its joint-and-several claims should remain in the case.  Whether Sharp has failed to previously raise this argument out of carelessness or because of a strategic decision, the result is the same.  Sharp's motion should be denied.

Sharp's motion for leave to amend is merely a motion for reconsideration in thin disguise — and Sharp itself admits as much (Sharp Br. at 11 n.6). — but Sharp inexplicably does not even acknowledge the existence of Local Rule 7-9, addressing motions for reconsideration.  By its motion, Sharp argues that the Court improperly dismissed its case in its entirety because the forum-selection clause of the Basic Transaction Agreement ("BTA") only applies to claims based on sales between the Toshiba Defendants and Sharp, not to Sharp's joint-and-several claims against the Toshiba Defendants.  By our motion, however, we sought dismissal of Sharp's First Amended Complaint ("FAC") in its entirety as against the Toshiba Defendants, not merely a part of it.  In responding to our motion to dismiss, it was incumbent upon Sharp to present *all* of its arguments to the Court as to why the requested dismissal was inappropriate.  Sharp never argued in its response that dismissal of the FAC would be inappropriate because the BTA did not apply to its joint-and-several claims involving the Toshiba Defendants.  In relevant part, Local Rule 7-9(b) allows for reconsideration where there has been "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before [the challenged] interlocutory order."  This standard cannot be met where the relevant arguments were never presented to the Court.  *See Travelers Property Casualty Co. of America*, No. 11-3638-SC, 2012 WL 2135315, at *1 (N.D. Cal. June 12, 2012) (Conti, J.) ("As Travelers' forfeiture theory was never mentioned before,

the Court could not have wrongfully failed to consider it in deciding Centex's motion for partial summary judgment."). Because Sharp never presented its joint-and-several argument to the Court in opposing our motion to dismiss, it has waived that argument.

Even if the Court were to consider the merits of Sharp's motion for leave — and it should not — it should still deny the motion because any amendment of Sharp's FAC would be futile.

As this Court has already recognized in its March 13 Order, the doctrine of *forum non conveniens* is the appropriate mechanism for enforcing forum-selection clauses. Order at 3 (citing *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. Of Texas*, 134 S.Ct. 568, 580 (2013)). As discussed herein, the BTA, with its forum-selection clause referring generally to "disputes," "doubts," and "unsolved items," plainly reflects a mutual intention of the two Japan-based corporate families to resolve all the issues between them in Japan, whether based on direct sales or otherwise. The plain intention of these Japanese parties to commit all such issues between them to the courts in Japan is presumably why Sharp did not even attempt to argue (until now) that some but not all of its claims were covered by the BTA. Furthermore, Sharp's original Complaint and FAC indisputably contained claims based on direct sales. Sharp's attempt now to artfully plead away claims based on direct sales cannot change the fact that this "litigation" relates to the BTA and is therefore subject to its choice of forum clause.

In any event, the doctrine of *forum non conveniens* is committed to the sound discretion of a district court and applies in a variety of circumstances. Sometimes the doctrine applies to give meaning to a forum-selection clause, such as the one contained in the BTA. The doctrine, however, is sufficiently flexible to warrant dismissal even if a forum-selection clause does not control, applying the conventional considerations and private and public interest factors. These criteria mandate dismissal of Sharp's joint-and-several claims against the Toshiba Defendants, even if the Court were to conclude that those claims are not covered by the forum-selection clause of the BTA. In this case, the Court has already ruled upon the adequacy of the Osaka District Court, which would

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

possess jurisdiction to entertain the antitrust dispute between Sharp and the Toshiba Defendants.   In assessing the private interest and public interest criteria, courts will examine a variety of factors.  They will consider whether the plaintiff is suing in its home forum or in a foreign forum.  They will consider the location of the witnesses.  They will consider the court's own congestion.  And they will consider whether dismissal of related claims will allow a plaintiff's entire claim to be resolved in one forum.  All of these factors favor dismissal of Sharp's joint-and-several claims involving Toshiba.   Given Sharp's previous concessions concerning the close relationship between the two Sharp Plaintiffs and Sharp Corporation in Japan, it is apparent that this district is a foreign forum with respect to Sharp, not its home forum.  Most of the witnesses for the Toshiba Defendants reside in Japan.  Dismissal of Sharp's joint-and-several claims will lessen the congestion of this Court.  Finally, dismissal of Sharp's joint-and-several claims will further efficiency because the Osaka District Court is the only court that can entertain both the joint-and-several claims as well as the claims arising from Sharp's purchases directly from the Toshiba Defendants.

All told, Sharp has no basis for seeking reconsideration under Local Rule 7-9 and, in any event, this Court's March 13 Order was well within this Court's sound discretion under the *forum non conveniens* doctrine.

## BACKGROUND

On October 13, 2013, the Toshiba Defendants filed a motion to dismiss Sharp's original Complaint.  Toshiba Attachment ("Toshiba Att.") 1.  The parties later stipulated that this motion to dismiss would also apply to the FAC.  By this motion, the Toshiba Defendants stated that they "will and hereby do move the Court for an order dismissing the Complaint of Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, the 'Plaintiffs' or 'Sharp') ('Complaint') as against the Toshiba Defendants pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure."  *Id.* at 1.  This language unmistakably signified that the Toshiba Defendants were seeking dismissal of Sharp's entire action, without limitation.  In support

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    of this motion, the Toshiba Defendants relied upon the forum-selection clause of the BTA,

2    a 1977 agreement between Sharp Corporation and Tokyo Shibaura Electric Corporation.

3        On November 6, 2013, Sharp filed an opposition to the motion to dismiss.  Toshiba

4    Att. 2.  In its opposition, Sharp explained that the motion to dismiss should be denied

5    because: (1) the Sharp Plaintiffs are not parties to, or bound by, the BTA; (2) the Sharp

6    Plaintiffs' claims do not relate to the BTA; and (3) enforcing the forum-selection clause of

7    the BTA would violate public policy.  Sharp did not argue, as it does now, that even if the

8    forum-selection clause of the BTA applied to commerce between Sharp and the Toshiba

9    Defendants, that clause would not apply to Sharp's joint-and-several claims against the

10   Toshiba Defendants.

11       On November 20, 2013, the Toshiba Defendants filed their reply memorandum in

12   support of their motion to dismiss.  Toshiba Att. 3.

13       On December 9, 2013, the Toshiba Defendants filed a motion for leave to amend

14   their motion to dismiss Sharp's Complaint.  Toshiba Att. 4.  By this motion, the Toshiba

15   Defendants sought to amend the procedural grounds underlying their motion to dismiss in

16   light of the Supreme Court's recent ruling in *Atlantic Marine Const. Co., Inc. v. U.S. Dist.*

17   *Ct. for the W. Dist. Of Texas*, 134 S.Ct. 568 (2013), which observed that the proper

18   procedural grounds to enforce a forum-selection clause is by use of the doctrine of *forum*

19   *non conveniens*.  The Toshiba Defendants included a proposed amended motion to dismiss

20   which, in relevant part, stated that they "will and hereby do move the Court for an order

21   dismissing the Complaint of Sharp Electronics Corporation and Sharp Electronics

22   Manufacturing Company of America, Inc. (collectively, the 'Plaintiffs' or 'Sharp')

23   ('Complaint') as against the Toshiba Defendants pursuant to the doctrine of *forum non*

24   *conveniens* and Rule 12(b)(6) of the Federal Rules of Civil Procedure."  Toshiba Att. 4 at

25   Ex. A.  Again, the Toshiba Defendants expressly sought dismissal of Sharp's Complaint

26   without qualification.

27       On December 17, 2013, the Court granted the Toshiba Defendants' motion for leave

28   to amend their motion to dismiss.  Toshiba Att. 5.  By this order, the Court stated that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Sharp Plaintiffs could respond to the amendment within seven days, if they felt it

2    necessary.

3        On December 24, 2013, Sharp responded to the amended motion to dismiss.  Toshiba

4    Att. 6.  In its response, Sharp stated that "[f]orum non conveniens 'is a drastic exercise of

5    the court's inherent power because, unlike a mere transfer of venue, it results in the

6    dismissal of a plaintiff's case.'"  Id. at 4 (citation omitted).  Once again, Sharp made no

7    arguments concerning its joint-and-several claims with respect to the Toshiba Defendants.

8    Sharp did not argue that, even if the forum-selection clause of the BTA applied to

9    commerce between Sharp and the Toshiba Defendants due to the doctrine of forum non

10   conveniens, that clause would not apply to Sharp's joint-and-several claims against the

11   Toshiba Defendants.

12       On January 13, 2014, the Toshiba Defendants filed a supplemental reply in which

13   they confirmed that "this Court should find that the forum-selection clause requires the

14   Sharp Plaintiffs to pursue **any claims** in the Osaka District Court."  Toshiba Att. 7 at 3

15   (emphasis added).  Sharp responded to this brief on January 24, 2014.  Toshiba Att. 8.

16       On March 13, 2014, the Court issued an Order Granting Toshiba's Motion To

17   Dismiss Sharp's First Amended Complaint.  Toshiba Att. 9.  In this Order, the Court

18   recognized that the Toshiba Defendants sought to dismiss Sharp's FAC in its entirety.  *See*

19   *id.* at 3 ("Toshiba now moves to dismiss this action, arguing that the BTA's forum-

20   selection clause requires this action to be litigated in Japan.").  The Court then considered

21   and resolved all of the material arguments raised by Sharp in its response to our motion to

22   dismiss (*i.e.*, that the two Sharp Plaintiffs are not parties to the BTA, that the Sharp

23   Plaintiffs' claims do not relate to the BTA, and that enforcing the BTA's forum-selection

24   clause would violate public policy).  *Id.* at 5-10.  Finding Sharp's arguments to be

25   unpersuasive, the Court granted the motion to dismiss:  "The complaint is DISMISSED

26   WITH PREJUDICE."  *Id.* at 10.

27       On April 2, 2014 — nearly three weeks later — Sharp filed its present motion for

28   leave to file an amended complaint.  Sharp's Motion for Leave to Amend, *In re: CRT*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*Antitrust Litig.*, MDL No. 07-5944 (N.D. Cal. Apr. 2, 2014), ECF No. 2520 ("Sharp Br."). In this motion, Sharp explained that it seeks to file an amended complaint "to eliminate all damages claims against any defendant based on sales made by any Toshiba entity to any Sharp entity, and clarify that Sharp has a remaining claim against Toshiba based upon Toshiba's joint and several liability as a co-conspirator for sales made to Sharp by other conspirators." *Id.* at 1.  If granted, this motion would render all prior briefing and the Order concerning the motion to dismiss an effective nullity, given Sharp's assertion that the overwhelming majority of its clams would be revived.

## ARGUMENT

I. **The Court Should Deny Sharp's Motion For Leave To Amend Its Complaint Because That Motion Merely Seeks Reconsideration Of The Court's Dismissal Order And The Standards For Reconsideration Are Not Met**

Sharp understands that the relief it seeks is in the nature of reconsideration — it blithely acknowledges that the Court could "consider this to be a motion for reconsideration of the portion of its ruling that granted the dismissal against Toshiba with prejudice, as opposed to without prejudice" (Sharp Br. at 11 n.6), but believes that any such motion for reconsideration would only be governed by Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, which pertain to final orders or judgments. *Id.* at 6. Because of this perceived lack of authority, Sharp states that it has fashioned its motion as one seeking leave to amend its Complaint.  Sharp reaches this conclusion because it has failed to consult the Local Rules of this Court.

Local Rule 7-9, entitled "Motion for Reconsideration," contains a subpart (a) that provides that, "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b)."  In turn, subpart (b) of Local Rule 7-9 provides that the moving party must show reasonable diligence in bringing the motion as well as one of the following:  "(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

The Local Rules of the Court thus provide a means by which parties may seek reconsideration of interlocutory orders, such as the March 13, 2014 order dismissing Sharp's FAC with respect to the Toshiba Defendants.  These local rules are not optional; parties must comply with them.  *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-00715 SC, 2007 WL 3010743, at *4 (N.D. Cal. Oct. 12, 2007) (Conti, J.) ("The Court reminds both parties that familiarity with, and adherence to, the Civil Local Rules is not optional.").   A motion for leave to amend may not act as a substitute for a motion for reconsideration.  *See Ruiz v. GAP, Inc.*, No. 07-5739 SC, 2009 WL 250481, at *3 (N.D. Cal. Feb. 3, 2009) (Conti, J.) ("Ruiz should have sought leave of the Court to file a motion for reconsideration of the dismissal.  *See* Civ. L.R. 7-9(a).  Ruiz's motion for leave to amend the Complaint to add a claim that was previously dismissed with prejudice is procedurally improper.").  Local Rule 7-9 has particular importance in an MDL case such as this one; MDL cases would never be resolved if parties had unfettered discretion to relitigate issues due to their inadvertence or strategic decisionmaking.

Here, Sharp seeks reconsideration of the Court's decision to dismiss its FAC with respect to the Toshiba Defendants with prejudice.  According to Sharp, the Court erred in dismissing the FAC with prejudice because its joint-and-several claims concerning the Toshiba Defendants are not governed by the forum-selection clause of the BTA.  Sharp Br. at 5.  In making this argument, Sharp necessarily asks this Court to reconsider its March 13, 2014 order.  Sharp does not suggest a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order.  Nor has Sharp identified the emergence of new material facts or a change of law occurring after the time

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

of such order.  Finally, Sharp cannot demonstrate a "manifest failure" by the Court to consider material facts or dispositive legal arguments that were presented to the Court. There is, in short, no basis for the extraordinary grant of reconsideration.  *See Circle Click Media LLC v. Regus Management Group LLC*, No. 12-04000 SC, 2014 WL 1117448, at *3 (N.D. Cal. Mar. 14, 2014) (Conti, J.) ("'[A]bsent highly unusual circumstances,' a motion for reconsideration should be denied.") (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Sharp concedes that its original Complaint and its FAC both asserted joint-and-several claims against Toshiba.  *See* Sharp Br. at 3 (citing to Sharp's Complaint and FAC and stating that Sharp "sought damages from each defendant based on joint and several liability for all sales to the Sharp Plaintiffs by defendants and their co-defendants").  Thus, when faced with our motion to dismiss and amended motion to dismiss — both of which sought, without qualification, "an order dismissing the Complaint of Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, the 'Plaintiffs' or 'Sharp') ('Complaint') as against the Toshiba Defendants" (Toshiba Att. 1 at 1, 4 at Ex. A) — Sharp could have included in its response the argument that it makes now.  That is, Sharp could have argued that the forum-selection clause of the BTA does not cover its joint-and-several claims or that *forum non conveniens* should not otherwise apply to those claims.  Because Sharp failed to raise these arguments in responding to our motion to dismiss, those arguments have been waived.  *See Valley Forge Ins. Co. v. Zurich Am. Ins. Co.*, C. 09-2007 SBA, 2011 WL 2748334, at *3 (N.D. Cal. July 14, 2011) ("If a party inadvertently or deliberately failed to raise arguments earlier in the proceedings, the arguments are deemed waived.") (denying motion for reconsideration) (citation omitted); *Mateo v. M/S KISO*, 805 F. Supp. 761, 786 (N.D. Cal. 1991) ("If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived.") (denying Rule 60(b) motion for reconsideration).

A motion for reconsideration is simply not the vehicle to raise arguments that could have been raised earlier.  For example, in *Travelers Property Casualty Co. of America v.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*Centex Homes*, No. 11-3638–SC, 2012 WL 2135315 (N.D. Cal. June 12, 2012) (Conti, J.), the Court considered a motion for leave to file a motion for reconsideration of an order granting partial summary judgment.  In opposing Centex's motion for summary judgment, Travelers argued that Centex failed to establish that Travelers "waived" its contractual right to control Centex's defense, an argument that the Court rejected.  In its motion for leave to file a motion for reconsideration, Travelers framed the issue as one of "forfeiture," not "waiver."   Considering the standards articulated in Local Rule 7-9, the Court concluded that reconsideration was inappropriate:   "As Travelers forfeiture theory was never mentioned before, the Court could not have wrongfully failed to consider it in deciding Centex's motion for partial summary judgment." *Id.* at *1.

Sharp is like Travelers.  Dissatisfied with the Court's earlier ruling, Sharp now tries to make an argument that it could have made in the first instance.  Local Rule 7-9, however, does not permit parties to simply present new arguments to the Court.  There must exist a material difference in fact or law, the emergence of new material facts or a change in law, or a "manifest failure" of the Court to consider material facts or dispositive legal arguments that were presented to the Court before entry of the interlocutory order in question.  There was no failure on the part of the Court (much less a manifest failure) to consider Sharp's joint-and-several argument. *Accord Results BYIQ LLC v. Netcapital.com LLC*, No. C 11-0550-SC, 2013 WL 2146575, at *1 (N.D. Cal. May 15, 2013) (Conti, J.) (denying Rule 59(e) motion for reconsideration:  "the Court did not previously consider the assignment provision because neither party raised the issue at summary judgment").  Sharp's motion for leave to amend is the first time Sharp has ever argued that its joint-and-several claims involving Toshiba should remain in the case.

Sharp tries to excuse its shortcomings by suggesting that it was the Toshiba Defendants' responsibility in their motion to dismiss to argue that their motion also encompassed Sharp's joint-and-several liability claims.  Sharp Br. at 4.  Contrary to Sharp's position, we did not argue that Sharp's claims should be dismissed "insofar" as they were based on purchases governed by the BTA. *Id.*  That is a mischaracterization.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Our motion to dismiss sought dismissal of the FAC as it pertained to the Toshiba Defendants, without qualification, or condition, or exception. *See* Toshiba Att. 1 at 1, 4 at Ex. A (the Toshiba Defendants "will and hereby do move the Court for an order dismissing the Complaint of Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, the 'Plaintiffs' or 'Sharp') ('Complaint') as against the Toshiba Defendants pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure."); *see also* Toshiba Att. 7 at 3 (arguing that "this Court should find that the forum-selection clause requires the Sharp Plaintiffs to pursue ***any claims*** in the Osaka District Court") (emphasis added).

Similarly unpersuasive is Sharp's argument that neither party argued to the Court that any dismissal should be with prejudice. Sharp Br. at 9. When the Toshiba Defendants filed their motion for leave to file an amended motion to dismiss (Toshiba Att. 4), they explained that they sought to proceed under the doctrine of *forum non conveniens* due to the Supreme Court's decision in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. Of Texas*, 134 S.Ct. 568 (2013). In describing the doctrine of *forum non conveniens*, the *Atlantic Marine* Court recognized the "harsh result" of that doctrine: "Unlike a § 1404(a) motion, a successful motion under *forum non conveniens* requires dismissal of the case." *Id.* at 583 n.8. Sharp understood the significance of *Atlantic Marine*: in responding to our motion for leave to amend, Sharp stated that "[*f*]*orum non conveniens* 'is a drastic exercise of the court's inherent power because, unlike a mere transfer of venue, it results in the dismissal of a plaintiff's case.'" Toshiba Att. 6 at 4 (citation omitted). Sharp should have known that any dismissal for *forum non conveniens* would be with prejudice. *See Raima, Inc. v. Myriad France, SAS*, C12-1166JLR, 2012 WL 6201709, at *7 (W.D. Wash. Dec. 11, 2012) ("Applying *forum non conveniens*, the court GRANTS Myriad's motion and dismisses Count III of Raima's complaint with prejudice."). Unlike dismissal for failure to state a claim, there is no reason to dismiss a case pursuant to *forum non conveniens* without prejudice. Further amendment of the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

complaint can do nothing to state a cognizable claim because, in such a case, the court has already concluded that the claim must be resolved in another forum.

## II.   The Court Should Deny Sharp's Motion For Leave To Amend Its Complaint Because Any Amendment Of Sharp's Complaint Would Be Futile

Even if the Court were to consider the merits of Sharp's procedurally improper motion to amend, it would still deny that motion because the standards for amendment are not met.  As stated by *Foman v. Davis*, 371 U.S. 178, 182 (1962), "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  The Court considers several factors in determining whether to grant leave to amend, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ."  *Id.*

### A.   Sharp's Proposed Amendment Would Not Add Any New Facts Or Circumstances

As an initial matter, Sharp's proposed amendment will not add any "facts or circumstances" that might allow Sharp to test its claims on the merits.  Rather, the purpose of Sharp's proposed amendment is "to eliminate all damages claims against any defendant based on sales made by any Toshiba entity to any Sharp entity, and clarify that Sharp has a remaining claim against Toshiba based upon Toshiba's joint and several liability as a co-conspirator for sales made to Sharp by other competitors."  Sharp Br. at 1.  The first part of the proposed amendment is simply an acknowledgement that the Court ruled against Sharp with respect to the forum-selection clause of the BTA.  The second part of the proposed amendment is redundant because the existing FAC already asserts a claim against the Toshiba Defendants for joint-and-several liability, a fact that Sharp admits.  Sharp Br. at 3. Far from adding new "facts or circumstances," Sharp merely deletes facts and reorganizes its claims.  Consequently, there is no reason to permit any amendment whatsoever.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**B.     Sharp's Proposed Amendment Is Futile Because The Forum-Selection Clause Of The BTA Covers Sharp's Joint-And-Several Claims**

Putting this threshold issue aside, the Court should still deny Sharp's proposed amendment because that amendment is futile.  Even if the Court were to allow the amendment, it would still dismiss Sharp's FAC under *forum non conveniens*.

"Dismissal for *forum non conveniens* reflects a court's assessment of a 'range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality."  *Sincochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (citation omitted).  "A party moving to dismiss on grounds of forum non conveniens must show two things:  (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal."  *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991) (citation omitted).  "The *forum non conveniens* determination is committed to the sound discretion of the trial court."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).  "It may only be reversed when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference."  *Id.* (citations omitted).  The Supreme Court's recent decision in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. Of Texas*, 134 S.Ct. 568, 582 (2013), held that a forum-selection clause specifying a foreign tribunal should be addressed under the rubric of *forum non conveniens*, and that if the clause applies it trumps other private-interest factors.

In its motion, Sharp merely assumes that its joint-and-several claims are not governed by the forum-selection clause of the BTA.  Sharp Br. at 2.  This assumption ignores the fact that the BTA reflects the intent of two Japanese companies to resolve their business disputes in Japan.  That intent is discerned by reference to the language actually used by the parties.  *See DOE 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (interpreting a forum-selection clause: "Contract terms are to be given their ordinary meaning, and when

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   the terms of a contract are clear, the intent of the parties must be ascertained from the

2   contract itself.").

3          Article 21 of the BTA, entitled "Resolution of Doubt or Disputes," contains the

4   forum-selection clause at issue in this case.  Article 21.1 of the BTA provides that, "[w]hen

5   there are disputes or doubts that arise in relation to this Agreement or individual

6   Agreement, or when there are unsolved items in this Agreement or individual Agreement,

7   resolutions shall be made between Party A and Party B in good faith."  Article 21.2 of the

8   BTA provides that, "[i]n terms of litigation related to this Agreement or the individual

9   Agreement, the Osaka District Court shall be the court of competent jurisdiction."  In

10  determining the scope of the forum-selection clause, the Court should read the BTA

11  holistically and, in particular, read the two subparts of Article 21 together.  *See*

12  Restatement (Second) of Contracts § 202 (1981) ("A writing is interpreted as a whole, and

13  all writings that are part of the same transaction are interpreted together.").

14         Article 21 reveals the signatories' understanding that there might be different types of

15  disagreements that arise in relation to the BTA (or individual agreements under the BTA).

16  One type of disagreement would be a "dispute" — for example, a dispute about the

17  meaning of the BTA or one party's performance under an individual agreement.  Per

18  Article 21.1, the parties agreed that they would resolve such disputes in good faith.  Per

19  Article 21.2, any resulting litigation would occur in the Osaka District Court.  Another type

20  of disagreement would be a "doubt" or an "unsolved item."  By use of these terms, the

21  parties understood that there might arise questions about the breadth or scope of the BTA

22  or an individual agreement.  Per Article 21.1, the parties agreed that they would resolve

23  such doubts or unsolved items in good faith.  Per Article 22.2, any resulting litigation

24  would occur in the Osaka District Court.

25         Sharp's claim of joint-and-several liability involving the Toshiba Defendants raises a

26  "dispute" in relation to the BTA.  By Article 1.1 of the BTA, entitled "Basic terms and

27  conditions," the parties agreed to "set their foundation on mutual trust and respect for

28  mutual benefits."  By its Complaint and FAC, Sharp alleges that the Toshiba Defendants

1    entered into a price-fixing conspiracy with other co-conspirators, thereby incurring joint-

2    and-several liability.  If this allegation is true, then the Toshiba Defendants have violated

3    their commitment to Sharp to show "respect for mutual benefits" as between Sharp and

4    Toshiba.  That dispute must be resolved by the Osaka District Court.

5        If there is "doubt" as to whether joint-and-several claims are covered by the BTA,

6    then such doubt must be resolved in the first instance by the Osaka District Court.  *Cf.*

7    *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983) ("any

8    doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration,"

9    including where "the problem at hand is the construction of the contract language itself.").

10   Alternatively, it may be the case that, in executing the BTA, the parties did not anticipate

11   the possibility of there being a question of joint-and-several liability that might arise in the

12   future.  Such an unforeseen issue is an "unsolved item," as that term is used in the BTA.

13   "Unsolved items" must also be resolved in the first instance by the Osaka District Court.

14       It is a well-accepted tenet of contract law that all terms of a contract should be given

15   meaning.  *See* Restatement (Second) of Contracts § 203 (1981) ("[A]n interpretation which

16   gives a reasonable, lawful, and effective meaning to all the terms is preferred to an

17   interpretation which leaves a part unreasonable, unlawful, or of no effect.").  Applying this

18   principle, the Court should give meaning to the parties' use of the words "dispute,"

19   "doubt," and "unsolved item."   When all of these terms are given a reasonable

20   construction, it is apparent that Sharp and Toshiba intended to send any and all of their

21   disagreements, whether known or unknown at the time of the BTA's signing, to the Osaka

22   District Court for resolution.

23       There is a separate reason why Sharp's joint-and-several claims are subject to the

24   forum-selection clause of the BTA.  The forum-selection clause of the BTA addresses

25   "litigation" related to the BTA or individual agreements that arise under the BTA.  When

26   Sharp filed its original Complaint, it made a decision to commence litigation involving

27   both its purchases from the Toshiba Defendants as well as joint-and-several claims

28   involving the Toshiba Defendants.  Together, these two categories of claims made up the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

"litigation."  Even if Sharp's joint-and-several claims are not directly covered by the BTA, they are covered because they form part of the litigation commenced by Sharp, litigation that relates to individual agreements under the BTA.  Again, the BTA plainly reflects the intention of the two Japanese corporate groups to resolve issues between them in Japan.

### C.  Sharp's Proposed Amendment Is Futile Because The Doctrine Of *Forum Non Conveniens* Would Require Dismissal Of Sharp's Joint-And-Several Claims

Sharp's proposed amendment is also futile because the doctrine of *forum non conveniens* requires dismissal of Sharp's joint-and-several claims, separate and apart from the forum-selection clause of the BTA.

#### 1.  The Osaka District Court Is An Adequate Alternative Forum

In its Order Granting Toshiba's Motion To Dismiss Sharp's First Amended Complaint, the Court considered and rejected Sharp's arguments concerning the jurisdiction of the Osaka District Court and the remedies provided by that Court.  Toshiba Att. 9 at 8-10.  The factors considered by the Court all support the conclusion that the Osaka District Court is an adequate alternative forum for resolution of Sharp's joint-and-several claims against the Toshiba Defendants.

#### 2.  The Private Interest Factors Favor Dismissal Of Sharp's Joint-And-Several Claims

One private interest factor considered by the courts is whether the plaintiff is suing in its home forum or in a foreign forum.  A plaintiff's choice of forum "is entitled to greater deference when the plaintiff has chosen the home forum" because "it is reasonable to assume that this choice is convenient."  *Piper Aircraft*, 454 U.S. at 255-56.  "When the plaintiff is foreign, however, this assumption is much less reasonable."  *Id.* at 256.  Stated differently, "[b]ecause the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference."  *Id.*  In this case, Plaintiff SEMA is a wholly owned subsidiary of Sharp Electronics (FAC ¶ 24) and Plaintiff Sharp Electronics is a wholly owned subsidiary of Osaka-based Sharp Corporation

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    (FAC ¶ 22).  The Court has already recognized the very close relationship between the

2    Sharp Plaintiffs and Sharp Corporation, both in terms of their corporate structure as well as

3    their internal transactions.  Toshiba Att. 9 at 2, 8.  In commencing this lawsuit in the

4    Northern District of California, Sharp has selected a foreign forum.  Sharp's home forum is

5    Osaka, Japan.  Thus, the Court should not defer to Sharp's choice of forum.

6         Another private interest factor considered by the courts is the availability of witnesses

7    for trial.  *See Lockman*, 930 F.2d at 770 ("All or nearly all of the witnesses relating to

8    TEAM's claim of copyright are in Japan, several of whom are apparently elderly and

9    infirm and who would have a difficult time traveling to the United States.").  This factor

10   favors dismissal of Sharp's joint-and-several claims because most of the witnesses for the

11   Toshiba Defendants are located in Japan.  Sharp itself may have witnesses for trial.

12   Presumably, those witnesses are also located in Japan.

13        Perhaps the most important private interest factor is the fact that the Osaka District

14   Court is now the only court with jurisdiction to entertain all of the disputes between Sharp

15   and the Toshiba Defendants.  Numerous courts have recognized that it is more convenient

16   to the parties for multi-issue disputes to be resolved in the same forum.  *See Lockman*, 930

17   F.2d at 770 ("Given the district court's dismissal of the copyright claims, Japan remains the

18   only forum in which the entire case may be tried."); *Contact Lumber Co. v. P.T. Moges*

19   *Shipping Co., Ltd.*, 918 F.2d 1446, 1452 (9th Cir. 1990) ("Only the Philippine court has

20   jurisdiction over all of the related cases.  In contrast, if the district court were to retain

21   jurisdiction, Moges would be forced to defend in the United States while simultaneously

22   pressing and defending claims in the Philippines."); *Salton, Inc. v. Philips Domestic*

23   *Appliances and Personal Care B.V.*, 391 F.3d 871, 876 (7th Cir. 2004) ("There are obvious

24   advantages to consolidating this three-sided dispute involving Philips, Salton, and E & E in

25   one court, and at this point the only court in which that can be done appears to be the High

26   Court of Hong Kong.").  In *Lockman*, for example, the plaintiff originally asserted both

27   copyright and non-copyright claims in the Central District of California.  The district court

28   dismissed the case due to *forum non conveniens*, concluding that Japan would be the more

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

convenient forum.  On appeal, the plaintiff only challenged the dismissal of the non-copyright claims.  "Because Lockman does not challenge the dismissal of its copyright claims, it must pursue them in Japan, if at all."  930 F.2d at 770.  The Ninth Circuit concluded that this factor favored dismissal of the non-copyright claims per *forum non conveniens* "because trying all claims in one case would prevent fragmented litigation."  *Id.*

The forum-selection clause of the BTA is broad enough to cover Sharp's joint-and-several claims involving the Toshiba Defendants.  But even if these joint-and-several claims are not covered by the forum-selection clause, it remains true that the Osaka District Court is the only forum that can entertain all of Sharp's claims against the Toshiba Defendants.  Sharp itself has conceded the importance of keeping claims together so as to avoid fragmented litigation.  *See* Toshiba Att. 6 at 2 ("'[t]here is an advantage to resolving all disputes arising out of a particular incident in a single forum[.]'") (citation omitted).  This factor undoubtedly favors dismissing Sharp's joint-and-several claims so that Sharp can bring all of its claims against the Toshiba Defendants in the Osaka District Court.

### 3. The Public Interest Factors Favor Dismissal Of Sharp's Joint-And-Several Claims

By dismissing Sharp's joint-and-several claims, the Court would further the goals of judicial efficiency and economy by ensuring that all of Sharp's claims involving the Toshiba Defendants would be resolved in one forum.  *See Contact Lumber*, 918 F.2d at 1453 ("Given the common factual predicate that links the many lawsuits that have been filed, efficiency and economy militate in favor of consolidating all claims in one trial.").  Also relevant to this inquiry is the congestion of the Court.  *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1147 (9th Cir. 2001).  Dismissing Sharp's joint-and-several claims will further streamline this case and reduce the burden Sharp has imposed on the Court.

### D. Sharp's Remaining Arguments Are Unpersuasive

In its brief, Sharp makes several remaining arguments in support of its motion.  None of these arguments is persuasive.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Sharp asserts that the Fifth Circuit's decision in *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410 (5th Cir. 2013), somehow supports its decision to file a motion for leave to amend in response to the Court's order to dismiss its case with prejudice.  Sharp Br. at 6.  We disagree.  The district court in *Crostley* had dismissed all section 1983 claims that were filed against Lamar County, with prejudice, finding that the complaint had failed to sufficiently allege the official policy or custom that inflicted their purported deprivation of constitutional rights.  717 F.3d at 418.  Subsequent to that dismissal order, the plaintiffs took numerous depositions that, in the plaintiffs' view, provided new information that would support their section 1983 claims.  *Id.*  The plaintiffs then filed a motion for leave so that they might amend their complaint with this new information.  *Id.*  The district court denied this motion.  *Id.* at 419.  In *Crostley*, the Fifth Circuit held that the denial of the motion for leave was an abuse of discretion because amending the complaint to again assert a section 1983 claim against Lamar County was not futile.  *Id*. at 421.  In this manner, *Crostley* is fundamentally different than Sharp.  After the dismissal with prejudice, the *Crostley* plaintiffs identified new information to support their section 1983 claim.  Sharp, in contrast, has not identified any new information.  Rather, it merely seeks amendment so that it can turn back the clock and make an argument now that it should have made in response to our motion to dismiss.

Sharp argues that "justice requires" that it be allowed to pursue its joint-and-several claims against Toshiba given the amount of damages that might arise from those claims.  Sharp Br. at 3.  It would be a more just result, however, to require Sharp to adhere to the terms of the 30-year contract it had with Toshiba, as well as the Local Rules of the Court.  In any event, it is not the case that Sharp will be left without a remedy if the Court's March 13, 2014 Order is left undisturbed.  The volume of commerce of the Toshiba Defendants can remain in the case and Sharp can utilize that volume of commerce to seek damages from the other defendants in the case.

In filing its motion for leave to amend its complaint, Sharp is much like the plaintiff in *Lockman*.  There, after the district court dismissed the case on *forum non conveniens*

grounds, "Lockman moved to amend its complaint, seeking to drop the copyright claims." 930 F.2d at 771.  This motion was denied by the district court.  The Ninth Circuit saw no error in the district court's decision because "[t]he late request for leave to amend here appears 'to be nothing more than a desperate attempt at persuading the [district] court to retain jurisdiction,' such as the one we rejected in *Contact Lumber*, 918 F.2d at 1454." *Id.* at 772.  The Court should reach the same conclusion here with respect to Sharp's motion for leave to amend.

### CONCLUSION

For these reasons, the Court should deny Sharp's motion for leave to amend its complaint.

Respectfully submitted,

Dated:  April 16, 2014                          **WHITE & CASE** LLP

By: */s/ Lucius B. Lau*
        Christopher M. Curran (*pro hac vice*)
        ccurran@whitecase.com
        Lucius B. Lau (*pro hac vice*)
        alau@whitecase.com
        Dana E. Foster (*pro hac vice*)
        defoster@whitecase.com
        701 Thirteenth Street, N.W.
        Washington, DC  20005
        tel.: (202) 626-3600
        fax: (202) 639-9355

        *Counsel to Defendants Toshiba*
        *Corporation, Toshiba America, Inc.,*
        *Toshiba America Information Systems,*
        *Inc., and Toshiba America Electronic*
        *Components, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

On April 16, 2014, I caused a copy of "THE TOSHIBA DEFENDANTS'
OPPOSITION TO SHARP'S MOTION FOR LEAVE TO AMEND" to be electronically
filed via the Court's Electronic Case Filing System, which constitutes service in this action
pursuant to the Court's order of September 29, 2008.


                                     */s/ Lucius B. Lau*
                                     Lucius B. Lau

THE TOSHIBA DEFENDANTS' OPPOSITION TO SHARP'S
MOTION FOR LEAVE TO AMEND
Case No. 07-5944 SC
MDL No. 1917