ATTACHMENT 4

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America*
*Information Systems, Inc., and Toshiba America*
*Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to<br>Case No. 13-cv-1173-SC (N.D. Cal.)<br><br>SHARP ELECTRONICS CORPORATION;<br>SHARP ELECTRONICS MANUFACTURING<br>COMPANY OF AMERICA, INC.,<br><br>     Plaintiffs,<br><br>  v.<br><br>HITACHI, LTD., *et al.*,<br><br>     Defendants. | **THE TOSHIBA DEFENDANTS'**<br>**MOTION FOR LEAVE TO AMEND**<br>**THEIR MOTION TO DISMISS**<br>**SHARP'S COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:   January 24, 2014<br>Time:   10:00 a.m.<br>Before:  Hon. Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc. (the "Toshiba Defendants") hereby move the Court for an order granting the Toshiba Defendants leave to file their Amended Motion to Dismiss Sharp's Complaint.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, and such other materials and information that the Court may properly consider.

THE TOSHIBA DEFENDANTS' MOTION FOR LEAVE TO
AMEND THEIR MOTION TO DISMISS SHARP'S COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## MEMORANDUM OF POINTS AND AUTHORITIES

The Toshiba Defendants, by and through their undersigned counsel, hereby respectfully submit this Memorandum in Support of their Motion for Leave to Amend the Toshiba Defendants' Motion to Dismiss Sharp's Complaint ("Motion for Leave to Amend"). As reflected in the Toshiba Defendants' proposed amended motion to dismiss — attached hereto as Exhibit A — the Toshiba Defendants, pursuant to the Supreme Court's December 3, 2013 decision in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, No 12-929, slip op. (U.S. Dec. 3, 2013), seek to amend the procedural grounds upon which they request the Court to dismiss the claims made by Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp"). Whereas the Toshiba Defendants' original motion to dismiss relied upon Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure in support of their position that a forum-selection clause between Sharp and Toshiba requires dismissal of Sharp's claims, the Toshiba Defendants now seek to dismiss Sharp's claims based upon the doctrine of *forum non conveniens* and Rule 12(b)(6) of the Federal Rules of Civil Procedure. This is a minor technical amendment that will not prejudice Sharp. Because the Toshiba Defendants continue to rely upon their memoranda in support of their original motion to dismiss, no additional briefing is required.

In *Atlantic Marine*, the Supreme Court observed that the proper procedural grounds "to enforce a forum-selection clause pointing to a [] foreign forum is through the doctrine of *forum non conveniens*." Slip op. at 9-10. This statement deviates from long-standing Ninth Circuit precedent providing that claims that are subject to a forum-selection clause should be considered under Rule 12(b)(3) of the Federal Rules of Civil Procedure. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996) (treating "a motion to dismiss premised on the enforcement of a forum selection clause" as a "Rule 12(b)(3) motion to dismiss for improper venue"). The Toshiba Defendants followed this Ninth Circuit precedent in their Motion to Dismiss by relying upon Rule 12(b)(3) in support of their request that the Court dismiss Sharp's claims. *See* Toshiba's Motion to Dismiss Sharp's

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  Complaint at 1, *In re CRT Antitrust Litig.*, MDL No. 07-5944 (N.D. Cal. Oct. 7, 2013), ECF
2  No. 2000 ("Motion to Dismiss"). Because the Supreme Court issued its *Atlantic Marine*
3  decision after the briefing on this motion was complete, but before the scheduled hearing on
4  December 20, 2013, the Toshiba Defendants file this motion for leave to amend their motion
5  to reflect the proper procedural grounds for dismissing Sharp's Complaint.

6       Although there is "no procedural rule specifically addressing amendments to motions
7  to dismiss" (*Vanslambrouck v. Fairfield Indus. Inc.*, 2:11-CV-76-FTM-29SPC, 2011 WL
8  2435947, at *1 (M.D. Fla. June 15, 2011)), courts will follow Rule 1 of the Federal Rules of
9  Civil Procedure and will grant such motions when they promote the "just, speedy, and
10  inexpensive determination" of an action. In considering a motion for leave to file an
11  amended motion to dismiss, the *Vanslambrouck* Court noted that there was "no bad faith, or
12  intent to manipulate the court proceedings, and no prejudice to the plaintiffs."
13  *Vanslambrouck*, 2011 WL 2435947, at *2. Thus, the *Vanslambrouck* Court allowed the
14  amendment. The Court in *Styles v. Triple Crown Publications, LLC*, CIV. WDQ-11-3759,
15  2012 WL 1964443, at *3 (D. Md. May 30, 2012), also considered a motion for leave to file
16  an amended motion to dismiss, observing that the Court had not yet ruled upon the original
17  motion to dismiss and that the plaintiffs would have the opportunity to respond to the
18  amended motion to dismiss. In these circumstances, the Court allowed the amended motion
19  to dismiss because the plaintiff "will not suffer any prejudice" and "allowing the
20  amendment furthers judicial economy. *Id.* at *3. The *Styles* Court observed that there "is
21  simply no reason to put [the Defendants] to the time and expense of filing an answer, or
22  both [the Defendants and Styles] to the time and expense of addressing . . . issue[s] to be
23  raised later in a motion for judgment on the pleadings, when [the issues] can easily be
24  resolved now." *Id.* (quoting *In re Westinghouse Sec. Litig.*, No. A-91-354, 1998 WL
25  119554, at *6 (W.D. Pa. Mar. 12, 1998) (internal quotation marks omitted)).

26       Sharp will not be prejudiced if the Court grants the Toshiba Defendants' Motion for
27  Leave to Amend. Sharp will have the opportunity to respond to the amended motion to
28  dismiss. In reality, however, there should be no need for Sharp to file any response. The

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

amended motion merely replaces Rule 12(b)(3) with the doctrine of *forum non conveniens* as a basis for the motion to dismiss. The amended motion relies upon the pre-existing briefing because the Supreme Court in *Atlantic Marine* did not change the substantive analysis associated with the enforcement of forum-selections clauses; rather, that decision only addressed the appropriate procedural mechanism to be used by courts and litigants. In *Atlantic Marine*, the Supreme Court directed district courts to consider "public-interest factors" and not arguments related to the inconvenience of a "preselected forum" in determining the enforceability of a freely negotiated forum-selection clause under the doctrine of *forum non conveniens*. Slip op. at 13-14. This analysis is substantively the same as the analysis previously used the Ninth Circuit under Rule 12(b)(3). *See Richards v. Lloyd's of London*, 135 F.3d 1289, 1295-96 (9th Cir. 1998) (holding that enforcement of a foreign forum-selection clause does not violate public policy). Accordingly, the arguments presented in the Toshiba Defendants' Memorandum of Points and Authorities in Support of their Motion to Dismiss and their Reply in Support of their Motion to Dismiss also establish the grounds for the Court to dismiss Sharp's Complaint under the doctrine of *forum non conveniens*.

Granting the motion for leave to amend the motion to dismiss also furthers judicial economy. Even though the Toshiba Defendants have already filed their motion to dismiss against Sharp's claims, the Toshiba Defendants have not waived their ability to seek dismissal of Sharp's claims under the doctrine of *forum non conveniens*. These arguments could be raised in a later motion. *See Chateau Des Charmes Wines Ltd. v. Sabate USA, Inc.*, C-01-4203 MMC, 2003 WL 22682483, at *2 (N.D. Cal. Nov. 10, 2003) (allowing defendant to file a second motion to dismiss under the doctrine of *forum non conveniens* even though the defendant already filed a motion under Rule 12(b)(3)). Consequently, the Toshiba Defendants proposed amendment to its motion to dismiss seeks only to invoke an argument that could be brought later via other means.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    For these reasons, the Court should grant the Toshiba Defendants' Motion for Leave

2  to Amend.

3                                              Respectfully submitted,

4  Dated:  December 9, 2013                    **WHITE & CASE**LLP

5

6                                        By: */s/ Lucius B. Lau*

7                                             Christopher M. Curran (*pro hac vice*)
                                              ccurran@whitecase.com

8                                             Lucius B. Lau (*pro hac vice*)
                                              alau@whitecase.com

9                                             Dana E. Foster (*pro hac vice*)
                                              defoster@whitecase.com

10                                            701 Thirteenth Street, N.W.

11                                            Washington, DC  20005
                                              tel.: (202) 626-3600

12                                            fax: (202) 639-9355

13

14                                            *Counsel to Defendants Toshiba*
                                              *Corporation, Toshiba America, Inc.,*

15                                            *Toshiba America Information Systems,*
                                              *Inc., and Toshiba America Electronic*

16                                            *Components, Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

THE TOSHIBA DEFENDANTS' MOTION FOR LEAVE TO
AMEND THEIR MOTION TO DISMISS SHARP'S COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

On December 9, 2013, I caused a copy of "THE TOSHIBA DEFENDANTS'
MOTION FOR LEAVE TO AMEND THEIR MOTION TO DISMISS SHARP'S
COMPLAINT" to be electronically filed via the Court's Electronic Case Filing System,
which constitutes service in this action pursuant to the Court's order of September 29, 2008.


_/s/ Lucius B. Lau_
Lucius B. Lau

THE TOSHIBA DEFENDANTS' MOTION FOR LEAVE TO
AMEND THEIR MOTION TO DISMISS SHARP'S COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

# Exhibit A

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America
Information Systems, Inc., and Toshiba America
Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to<br>Case No. 13-cv-1173-SC (N.D. Cal.)<br><br>SHARP ELECTRONICS CORPORATION;<br>SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.,<br><br>               Plaintiffs,<br><br>     v.<br><br>HITACHI, LTD., *et al.*,<br><br>               Defendants. | **THE TOSHIBA DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS SHARP'S COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:       January 24, 2014<br>Time:      10:00 a.m.<br>Before:   Hon. Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    **AMENDED NOTICE OF MOTION AND MOTION**

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that on January 24, 2014, at 10:00 a.m., or as soon

4    thereafter as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue,

5    San Francisco, California, before the Honorable Samuel Conti, Toshiba Corporation

6    ("TSB"), Toshiba America, Inc. ("TAI"), Toshiba America Information Systems, Inc.

7    ("TAIS"), and Toshiba America Electronic Components, Inc. ("TAEC") (collectively, the

8    "Toshiba Defendants") will and hereby do move the Court for an order dismissing the

9    Complaint of Sharp Electronics Corporation and Sharp Electronics Manufacturing Company

10   of America, Inc. ("collectively, the "Plaintiffs" or "Sharp") ("Complaint") as against the

11   Toshiba Defendants pursuant to the doctrine of *forum non conveniens* and Rule 12(b)(6) of

12   the Federal Rules of Civil Procedure.  Sharp's Complaint must be dismissed against the

13   Toshiba Defendants because its claims are based on purchases that are governed by a

14   contract containing a mandatory forum selection clause that selects the Osaka District Court,

15   in Osaka, Japan, as the forum to resolve disputes arising out of the contract.  In the

16   alternative, Sharp's federal and New Jersey state law claims for damages for its alleged

17   purchases of products that contain CRTs ("CRT Products") must be dismissed against the

18   Toshiba Defendants because Sharp has failed to allege facts sufficient to support standing

19   under the "ownership or control" exception to *Illinois Brick's* bar on indirect purchaser

20   actions.

21   This Amended Motion is based upon this Amended Notice of Motion, the

22   Memorandum of Points and Authorities filed by the Toshiba Defendants on October 7,

23   2013, the Reply Memorandum filed by the Toshiba Defendants on November 20, 2013, the

24   complete files and records in this action, oral argument of counsel, and such other and

25   further matters as this Court may consider.

26

27

28

THE TOSHIBA DEFENDANTS' AMENDED NOTICE OF MOTION
AND MOTION TO DISMISS SHARP'S COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

2    Dated:  December 9, 2013

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**WHITE & CASE** LLP

By:  */s/ Lucius B. Lau*
     Christopher M. Curran (*pro hac vice*)
     ccurran@whitecase.com
     Lucius B. Lau (*pro hac vice*)
     alau@whitecase.com
     Dana E. Foster (*pro hac vice*)
     defoster@whitecase.com
     701 Thirteenth Street, N.W.
     Washington, DC  20005
     tel.: (202) 626-3600
     fax: (202) 639-9355

     *Counsel to Defendants Toshiba*
     *Corporation, Toshiba America, Inc.,*
     *Toshiba America Information Systems,*
     *Inc., and Toshiba America Electronic*
     *Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005