# ATTACHMENT 6

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 204-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Sharp Electronics Corp.*, et al. v. *Hitachi Ltd.*, et al., Case No. 13-cv-1173 SC | Case No. 07-cv-5944 SC<br><br>MDL No. 1917<br><br>**SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S SUPPLEMENTAL RESPONSE TO THE TOSHIBA DEFENDANTS' AMENDED MOTION TO DISMISS**<br><br>Date: January 24, 2014<br>Time: 10:00 a.m.<br>Place: Courtroom 1, 17th floor<br>Judge: Hon. Samuel Conti |

**MEMORANDUM OF POINTS AND AUTHORITIES**

The supplemental authority cited in the Toshiba Defendants' Amended Motion to Dismiss does not change the fact that the motion should be denied. To the contrary, *Atlantic Marine Const. Co., Inc.* v. *U.S. Dist. Ct. for the W. Dist. of Tex.*, No 12-929, slip op. (U.S. Dec. 3, 2013), provides additional grounds that support denial of the motion.

*Atlantic Marine* does not speak to the fundamental defect in the Toshiba Defendants' motion, namely that no plaintiff in this case is a party to the forum-selection clause at issue here. The 1977 "Basic Transaction Agreement" ("BTA") containing the forum-selection clause was executed by Sharp Corporation, which is based in Japan and is not a party to this case. Plaintiffs Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") are not parties to the BTA, and their claims are for injuries suffered in the United States, not related to the BTA in any way. Even if SEC and SEMA were somehow bound by the BTA, enforcing the BTA's forum-selection clause against them would violate public policy by depriving them of rights and remedies available only under United States law. The Osaka District Court lacks jurisdiction over this dispute and could not award SEC and SEMA treble damages available under United States law. *Atlantic Marine* does not bear on these dispositive issues. *Atlantic Marine,* slip op. at 11 n.5 ("Our analysis presupposes a contractually valid forum-selection clause.").

To the extent *Atlantic Marine* is relevant to the Toshiba Defendants' motion, it provides additional reasons that the motion should be denied. *Atlantic Marine* states that a court must consider the "various public-interest considerations" applicable to a *forum non conveniens* motion before enforcing a forum-selection clause. *Atlantic Marine*, slip op. at 11. There are five such factors and they cut against the relief sought by the Toshiba Defendants.

The first factor is whether the forum has an interest in resolving the case. *Carijano* v. *Occidental Petroleum Corp.*, 643 F.3d 1216, 1224, 1232 (9th Cir. 2011), *reh'g en banc denied*, 686 F.3d 1027 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 1996 (2013). Here, the United States has a strong interest in resolving this case because SEC and SEMA are United States corporations that are based in New Jersey and California and manufacture and sell

1  electronics products in this country. SEC and SEMA seek redress for injuries suffered in the
2  United States for purchases of goods made by them in the United States. The prices of those
3  goods were inflated and fixed in violation of United States and various state laws. While the
4  Toshiba Defendants are Japanese companies, they violated United States law and caused injuries
5  in the United States.

6  The second public-interest factor also supports venue here because this Court is
7  more familiar with the United States antitrust law governing the claims at issue here than the
8  Osaka District Court would be. *Carijano*, 643 F.3d at 1232 (the second factor is the court's
9  familiarity with the governing law). The claims are rooted in the Sherman Act, with which this
10 District has significant experience, including this Court's substantial experience in this MDL
11 proceeding that has been pending since 2007. Similarly, this District has greater experience than
12 the Osaka District Court in applying the state laws of California, New Jersey, New York and
13 Tennessee. Nor could the Osaka District Court fashion the same remedy that is available by
14 statute in this District, due to Japan's proscription against treble damages.

15 The remaining public-interest factors focus on the burden on local courts and
16 juries, congestion in the court, and the costs of resolving a dispute unrelated to a particular forum.
17 *Carijano*, 643 F.3d at 1232. None of these factors weighs in favor of resolving this dispute in
18 Japan. If anything, they weigh in favor of maintaining this case in this forum. For starters, many
19 related cases are pending here as part of the MDL, and "[t]here is an advantage to resolving all
20 disputes arising out of a particular incident in a single forum[.]" *In re Air Crash Off Long Island*,
21 65 F. Supp. 2d 207, 217 (S.D.N.Y. 1999) ("Plaintiffs and their attorneys here, of course, have
22 already invested time and money on discovery, independent investigations, experts, consultants,
23 and pretrial proceedings."). The MDL proceedings already have consolidated and streamlined
24 discovery and motions practice, conserving the resources of both the parties and the Court. As a
25 result, the cost of resolving this dispute will be lower in this District than it would be in Japan.
26 The Osaka District Court would be starting from scratch and could not bring similar economies of
27 scale to bear.
28

PLAINTIFFS' SUPPLEMENTAL RESPONSE TO TOSHIBA DEFENDANTS' AMENDED MOTION TO DISMISS
CASE NO. 13-1173-SC; MDL NO. 1917

In summary, the Toshiba Defendants have not shown that the Osaka District Court is an adequate forum for this dispute, or that the balance of public-interest factors favors suit in Osaka, Japan, rather than in this District. The Ninth Circuit has said that an order transferring a case under *forum non conveniens* is "an exceptional tool to be employed sparingly." *Carijano*, 643 F.3d at 1224 (internal quotation marks omitted). *Forum non conveniens* "is a drastic exercise of the court's inherent power because, unlike a mere transfer of venue, it results in the dismissal of a plaintiff's case." *Id.* (internal quotation marks omitted). "To prevail on a motion to dismiss based upon *forum non conveniens*, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Id.* The Toshiba Defendants have not met this burden, and the Amended Motion to Dismiss should be denied.

DATED: December 24, 2013          By: /s/ *Craig A. Benson*

    Kenneth A. Gallo (*pro hac vice*)
    Joseph J. Simons (*pro hac vice*)
    Craig A. Benson (*pro hac vice*)
    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
    2001 K Street, NW
    Washington, DC 20006
    Telephone: (202) 223-7300
    Facsimile: (202) 204-7420
    Email: kgallo@paulweiss.com
    Email: jsimons@paulweiss.com
    Email: cbenson@paulweiss.com

    Stephen E. Taylor (SBN 058452)
    Jonathan A. Patchen (SBN 237346)
    TAYLOR & COMPANY LAW OFFICES, LLP
    One Ferry Building, Suite 355
    San Francisco, California 94111
    Telephone: (415) 788-8200
    Facsimile: (415) 788-8208
    Email: staylor@tcolaw.com
    Email: jpatchen@tcolaw.com

    *Attorneys for Plaintiffs*