1   BAMBO OBARO (Bar No. 267683)
    **WEIL, GOTSHAL & MANGES LLP**
2   201 Redwood Shores Parkway
    Redwood Shores, California 94065-1175
3   Telephone: (650) 802-3000
    Facsimile: (650) 802-3100
4   Email: bambo.obaro@weil.com

5   STEVEN A. REISS (*pro hac vice*)
    DAVID L. YOHAI (*pro hac vice*)
6   ADAM C. HEMLOCK (*pro hac vice*)
    **WEIL, GOTSHAL & MANGES LLP**
7   767 Fifth Avenue
    New York, New York 10153-0119
8   Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
9   Email: steven.reiss@weil.com

10  *Attorneys for Defendant Panasonic Corporation of North America*

11  Additional Counsel Listed on Signature Pages

12              **IN THE UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
13                   **SAN FRANCISCO DIVISION**

14
    **In re: CATHODE RAY TUBE (CRT)**
15  **ANTITRUST LITIGATION**                    **Case No. 07-5944 SC**
                                                **MDL No. 1917**
16

17  This Document Relates to:                   **DEFENDANT PANASONIC**
                                                **CORPORATION OF NORTH**
18  TECH DATA ACTION                            **AMERICA'S AMENDED ANSWER TO**
    13-CV-00157 SI                              **THE TECH DATA PLAINTIFFS' FIRST**
                                                **AMENDED COMPLAINT**
19

20

21

22

23

24

25

26

27

28

1    Defendant PANASONIC CORPORATION OF NORTH AMERICA ("PNA"), by

2 and through its attorneys, answers the allegations set forth in the First Amended Complaint (the

3 "Complaint") filed by plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.

4 (collectively "Plaintiffs"), and alleges additional or affirmative defenses as follows.  To the extent

5 not specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the

6 section headings included herein are included only for purposes of clarity and organization, and

7 PNA does not admit, but rather hereby specifically denies, any factual or legal allegations in the

8 headings used in the Complaint.

9                              **I.      INTRODUCTION**

10    1.    PNA denies the allegations contained in Paragraph 1 of the Complaint as

11 they relate to PNA and denies the remaining allegations for lack of knowledge or information

12 sufficient to form a belief as to the truth thereof.

13    2.    The allegations contained in Paragraph 2 of the Complaint constitute

14 characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

15 required.  To the extent that a response is required, PNA denies all of the allegations, except

16 admits that color display tubes ("CDTs") can be used in computer monitors and certain other

17 specialized applications, admits that color picture tubes ("CPTs") can be used in televisions,

18 admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various

19 times certain affiliates of PNA manufactured some CRTs and some products containing CRTs.

20    3.    PNA denies the allegations contained in Paragraph 3 of the Complaint as

21 they relate to PNA and denies the remaining allegations for lack of knowledge or information

22 sufficient to form a belief as to the truth thereof.

23    4.    PNA denies the allegations contained in Paragraph 4 of the Complaint as

24 they relate to PNA and denies the remaining allegations for lack of knowledge or information

25 sufficient to form a belief as to the truth thereof.

26    5.    PNA denies the allegations contained in Paragraph 5 of the Complaint,

27 including its subparts, as they relate to PNA and denies the remaining allegations for lack of

28 knowledge or information sufficient to form a belief as to the truth thereof.

6.      PNA denies the allegations contained in Paragraph 6 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.      PNA denies the allegations contained in Paragraph 7 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8.      PNA denies the allegations contained in Paragraph 8 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the United States Department of Justice ("DOJ"), and by certain foreign competition authorities, and that it has been publicly reported that individuals have been indicted in connection with the DOJ investigation.

9.      PNA denies the allegations contained in Paragraph 9 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that PNA sold some products containing CRTs to Plaintiffs.

10.     PNA denies the allegations contained in Paragraph 10 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around December 5, 2012, the European Commission issued an announcement of certain fines relating to the CRT industry and respectfully refers the Court to that document for a review of its contents.

## II.      JURISDICTION AND VENUE

11.     PNA denies the allegations contained in Paragraph 11 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the federal statutes identified therein and seek the relief sought therein.

12.     PNA denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiffs purport to have brought this action pursuant to the state statutes identified therein and seek the relief sought therein.  To the extent the allegations in Paragraph 12 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

13.     The allegations contained in Paragraph 13 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 13 of the Complaint, except admits that Plaintiffs purport to base subject matter jurisdiction on the federal statutes identified therein.

14.     PNA denies the allegations contained in Paragraph 14 of the Complaint as they relate to PNA, except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15.     The allegations of Paragraph 15 of the Complaint regarding jurisdiction constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16.     The allegations of Paragraph 16 of the Complaint regarding venue constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations as they relate to PNA except admits that it has done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### III.   PARTIES

#### A.   PLAINTIFFS

17.     PNA denies the allegations contained in Paragraph 17 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18.     PNA denies the allegations contained in Paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19.     PNA denies the allegations contained in Paragraph 19 of the Complaint for

3

1  lack of knowledge or information sufficient to form a belief as to the truth thereof.

2         20.    The allegations contained in Paragraph 20 of the Complaint include legal

3  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

4  response is required, PNA denies the allegations contained in Paragraph 20 of the Complaint as

5  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

6  sufficient to form a belief as to the truth thereof.

7         21.    The allegations contained in Paragraph 21 of the Complaint include legal

8  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

9  response is required, PNA denies the allegations contained in Paragraph 21 of the Complaint as

10 they relate to PNA, and denies the remaining allegations for lack of knowledge or information

11 sufficient to form a belief as to the truth thereof.

12    **B.    DEFENDANTS**

13         **1.    Hitachi Entities**

14         22.    PNA denies the allegations contained in Paragraph 22 of the Complaint for

15 lack of knowledge or information sufficient to form a belief as to the truth thereof.

16         23.    PNA denies the allegations contained in Paragraph 23 of the Complaint for

17 lack of knowledge or information sufficient to form a belief as to the truth thereof.

18         24.    PNA denies the allegations contained in Paragraph 24 of the Complaint for

19 lack of knowledge or information sufficient to form a belief as to the truth thereof.

20         25.    PNA denies the allegations contained in Paragraph 25 of the Complaint for

21 lack of knowledge or information sufficient to form a belief as to the truth thereof.

22         26.    PNA denies the allegations contained in Paragraph 26 of the Complaint for

23 lack of knowledge or information sufficient to form a belief as to the truth thereof.

24         27.    PNA denies the allegations contained in Paragraph 27 of the Complaint for

25 lack of knowledge or information sufficient to form a belief as to the truth thereof.

26         28.    PNA admits that Plaintiffs purport to refer to the entities identified in

27 Paragraph 28 of the Complaint collectively as "Hitachi."

28

1            **2.**     **IRICO Entities**

2              29.     PNA denies the allegations contained in Paragraph 29 of the Complaint for

3 lack of knowledge or information sufficient to form a belief as to the truth thereof.

4              30.     PNA denies the allegations contained in Paragraph 30 of the Complaint for

5 lack of knowledge or information sufficient to form a belief as to the truth thereof.

6              31.     PNA denies the allegations contained in Paragraph 31 of the Complaint for

7 lack of knowledge or information sufficient to form a belief as to the truth thereof.

8              32.     PNA admits that Plaintiffs purport to refer to the entities identified in

9 Paragraph 32 of the Complaint collectively as "IRICO."

10            **3.**     **LG Electronics Entities**

11              33.     PNA denies the allegations contained in Paragraph 33 of the Complaint for

12 lack of knowledge or information sufficient to form a belief as to the truth thereof.

13              34.     PNA denies the allegations contained in Paragraph 34 of the Complaint for

14 lack of knowledge or information sufficient to form a belief as to the truth thereof.

15              35.     PNA denies the allegations contained in Paragraph 35 of the Complaint for

16 lack of knowledge or information sufficient to form a belief as to the truth thereof.

17              36.     PNA admits that Plaintiffs purport to refer to the entities identified in

18 Paragraph 36 of the Complaint collectively as "LG Electronics."

19            **4.**     **LP Displays**

20              37.     PNA denies the allegations contained in Paragraph 37 of the Complaint for

21 lack of knowledge or information sufficient to form a belief as to the truth thereof.

22            **5.**     **Mitsubishi Entities**

23              38.     PNA denies the allegations contained in Paragraph 38 of the Complaint for

24 lack of knowledge or information sufficient to form a belief as to the truth thereof.

25              39.     PNA denies the allegations contained in Paragraph 39 of the Complaint for

26 lack of knowledge or information sufficient to form a belief as to the truth thereof.

27              40.     PNA denies the allegations contained in Paragraph 40 of the Complaint for

28 lack of knowledge or information sufficient to form a belief as to the truth thereof.

1          41.      PNA admits that Plaintiffs purport to refer to the entities identified in

2   Paragraph 41 of the Complaint collectively as "Mitsubishi."

3          **6.      Panasonic Entities**

4          42.      PNA denies the allegations contained in Paragraph 42 of the Complaint in

5   their entirety, except admits that Panasonic Corporation is a Japanese entity with an office in

6   Osaka, Japan at the address listed in Paragraph 42, and that it was known as Matsushita Electric

7   Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  PNA further admits that certain affiliates of

8   Panasonic Corporation sold some CRTs or products containing CRTs in the United States at

9   various times during the purported Relevant Period.

10          43.      PNA denies the allegations contained in Paragraph 43 of the Complaint in

11   their entirety, except admits that PNA is a Delaware corporation with its principal place of

12   business formerly located at the address listed in Paragraph 43.  PNA avers that its principal place

13   of business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102.  PNA further

14   admits that PNA is a wholly-owned subsidiary of Panasonic Corporation.  PNA further admits

15   that it or certain of its affiliates sold some CRTs or products containing CRTs in the United States

16   at various times during the purported Relevant Period.

17          44.      PNA admits that Plaintiffs purport to refer to the entities identified in

18   Paragraph 44 of the Complaint collectively as "Panasonic."

19          45.      PNA denies the allegations contained in Paragraph 45 of the Complaint in

20   their entirety, except admits that MT Picture Display Co., Ltd., f/k/a/ Matsushita Toshiba Picture

21   Display Co., Ltd. ("MTPD") was a Japanese entity with an office in Osaka, Japan at the address

22   listed in Paragraph 45.  PNA further admits that MTPD was established as a joint venture between

23   Panasonic Corporation and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in

24   2003, not 2002.  PNA further admits that Panasonic Corporation held 64.5% of MTPD at the time

25   MTPD was formed in 2003.  PNA further admits that Panasonic Corporation acquired Toshiba's

26   35.5% interest in MTPD on March 30, 2007, that MTPD became a wholly-owned subsidiary of

27   Panasonic Corporation, and that MTPD was renamed.  PNA further admits that certain affiliates

28   of MTPD sold some CRTs or products containing CRTs in the United States at various times

1    during the purported Relevant Period.

2            46.       PNA denies the allegations contained in Paragraph 46 of the Complaint in

3 their entirety for lack of knowledge or information sufficient to form a belief as to the truth

4 thereof, except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese

5 entity with its headquarters in Beijing, China at the address listed in Paragraph 46. PNA further

6 admits that BMCC is a joint venture formed in 1987, and further admits that MTPD at one time

7 had a 50% equity ownership interest in BMCC.

8            **7.**       **Philips Entities**

9            47.       PNA denies the allegations contained in Paragraph 47 of the Complaint for

10 lack of knowledge or information sufficient to form a belief as to the truth thereof.

11            48.       PNA denies the allegations contained in Paragraph 48 of the Complaint

12 lack of knowledge or information sufficient to form a belief as to the truth thereof.

13            49.       PNA denies the allegations contained in Paragraph 49 of the Complaint for

14 lack of knowledge or information sufficient to form a belief as to the truth thereof.

15            50.       PNA denies the allegations contained in Paragraph 50 of the Complaint for

16 lack of knowledge or information sufficient to form a belief as to the truth thereof.

17            51.       PNA admits that Plaintiffs purport to refer to the entities identified in

18 Paragraph 51 of the Complaint collectively as "Philips."

19            **8.**       **Samsung**

20            52.       PNA denies the allegations contained in Paragraph 52 of the Complaint for

21 lack of knowledge or information sufficient to form a belief as to the truth thereof.

22            53.       PNA denies the allegations contained in Paragraph 53 of the Complaint for

23 lack of knowledge or information sufficient to form a belief as to the truth thereof.

24            54.       PNA denies the allegations contained in Paragraph 54 of the Complaint for

25 lack of knowledge or information sufficient to form a belief as to the truth thereof.

26            55.       PNA denies the allegations contained in Paragraph 55 of the Complaint for

27 lack of knowledge or information sufficient to form a belief as to the truth thereof.

28            56.       PNA denies the allegations contained in Paragraph 56 of the Complaint for

1    lack of knowledge or information sufficient to form a belief as to the truth thereof.

2         57.    PNA denies the allegations contained in Paragraph 57 of the Complaint for

3    lack of knowledge or information sufficient to form a belief as to the truth thereof.

4         58.    PNA denies the allegations contained in Paragraph 58 of the Complaint for

5    lack of knowledge or information sufficient to form a belief as to the truth thereof.

6         59.    PNA admits that Plaintiffs purport to refer to the entities identified in

7    Paragraph 59 of the Complaint collectively as "Samsung."

8         **9.     Samtel**

9         60.    PNA denies the allegations contained in Paragraph 60 of the Complaint for

10   lack of knowledge or information sufficient to form a belief as to the truth thereof.

11        **10.    Thai CRT**

12        61.    PNA denies the allegations contained in Paragraph 61 of the Complaint for

13   lack of knowledge or information sufficient to form a belief as to the truth thereof.

14        **11.    Thomson Entities**

15        62.    PNA denies the allegations contained in Paragraph 62 of the Complaint for

16   lack of knowledge or information sufficient to form a belief as to the truth thereof.

17        63.    PNA denies the allegations contained in Paragraph 63 of the Complaint for

18   lack of knowledge or information sufficient to form a belief as to the truth thereof.

19        64.    PNA admits that Plaintiffs purport to refer to the entities identified in

20   Paragraph 64 of the Complaint collectively as "Thomson."

21        **12.    Toshiba Entities**

22        65.    PNA denies the allegations contained in Paragraph 65 of the Complaint in

23   their entirety for lack of knowledge or information sufficient to form a belief as to the truth

24   thereof, except admits that Panasonic Corporation entered into a joint venture with Toshiba to

25   form MTPD, but avers that MTPD was formed in 2003, not 2002.

26        66.    PNA denies the allegations contained in Paragraph 66 of the Complaint for

27   lack of knowledge or information sufficient to form a belief as to the truth thereof.

28        67.    PNA denies the allegations contained in Paragraph 67 of the Complaint for

8

1    lack of knowledge or information sufficient to form a belief as to the truth thereof.

2                68.    PNA denies the allegations contained in Paragraph 68 of the Complaint for

3    lack of knowledge or information sufficient to form a belief as to the truth thereof.

4                69.    PNA denies the allegations contained in Paragraph 69 of the Complaint for

5    lack of knowledge or information sufficient to form a belief as to the truth thereof.

6                70.    PNA admits that Plaintiffs purport to refer to the entities identified in

7    Paragraph 70 of the Complaint collectively as "Toshiba."

8                **13.    Chunghwa Entities**

9                71.    PNA denies the allegations contained in Paragraph 71 of the Complaint for

10   lack of knowledge or information sufficient to form a belief as to the truth thereof.

11               72.    PNA denies the allegations contained in Paragraph 72 of the Complaint for

12   lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits

13   that Plaintiffs purport to refer to the entities identified in Paragraph 72 of the Complaint

14   collectively as "Chunghwa."

15                      **IV.    AGENTS AND CO-CONSPIRATORS**

16               73.    PNA denies the allegations contained in Paragraph 73 of the Complaint as

17   they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

18   information sufficient to form a belief as to the truth thereof.

19               74.    PNA denies the allegations contained in Paragraph 74 of the Complaint as

20   they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

21   information sufficient to form a belief as to the truth thereof.

22               75.    The allegations contained in Paragraph 75 of the Complaint constitute legal

23   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

24   response is required, PNA denies the allegations in their entirety for lack of knowledge or

25   information sufficient to form a belief as to the truth thereof.  PNA avers that the entity formerly

26   known as Matsushita Electronic Corporation (Malaysia) Sdn. Bhd. ("Matsushita Malaysia") was

27   dissolved on October 8, 2007.

28               76.    PNA denies the allegations contained in Paragraph 76 of the Complaint for

1    lack of knowledge or information sufficient to form a belief as to the truth thereof.

2         77.    PNA admits that Plaintiffs purport to refer to the entities identified in

3    Paragraph 77 of the Complaint collectively as "Daewoo."

4         78.    PNA denies the allegations contained in Paragraph 78 of the Complaint in

5    their entirety, except admits that Matsushita Malaysia was a Malaysian entity that had an office

6    located at the address listed in Paragraph 78 in Shah Alam, Malaysia, and was a direct subsidiary

7    of Panasonic Corporation from 2001 until 2003, operating as Matsushita Display Devices

8    (Malaysia) Sdn. Bhd.  PNA further admits that Matsushita Malaysia was transferred to MTPD in

9    2003, renamed as MT Picture Display (Malaysia) Sdn. Bhd., and operated as a wholly-owned

10   subsidiary of MTPD.  PNA avers that the entity formerly known as Matsushita Malaysia was

11   dissolved on October 8, 2007.

12        79.    PNA denies the allegations contained in Paragraph 79 of the Complaint in

13   their entirety for lack of knowledge or information sufficient to form a belief as to the truth

14   thereof, except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred

15   to MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.  PNA further avers

16   that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and

17   was dissolved on September 28, 2007.

18        80.    PNA denies the allegations contained in Paragraph 80 of the Complaint for

19   lack of knowledge or information sufficient to form a belief as to the truth thereof.

20        81.    PNA denies the allegations contained in Paragraph 81 of the Complaint for

21   lack of knowledge or information sufficient to form a belief as to the truth thereof.

22        82.    PNA denies the allegations contained in Paragraph 82 of the Complaint in

23   their entirety for lack of knowledge or information sufficient to form a belief as to the truth

24   thereof, except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was

25   transferred to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd.

26   ("MTPDT"), but denies that MTPDT was a wholly-owned subsidiary of MTPD.  PNA further

27   avers that MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

28        83.    PNA denies the allegations contained in Paragraph 83 of the Complaint as

10

they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## V.  TRADE AND COMMERCE

84.  PNA denies the allegations contained in Paragraph 84 of the Complaint as they relate to PNA, except admits that PNA sold some products containing CRTs in the United States during the purported Relevant Period, and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

85.  PNA denies the allegations contained in Paragraph 85 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

86.  PNA denies the allegations contained in Paragraph 86 of the Complaint as they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VI.  FACTUAL ALLEGATIONS

### A.  CRT TECHNOLOGY

87.  The allegations in Paragraph 87 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that the CRT is a specialized vacuum tube in which images are produced when an electron beam strikes a phosphorescent surface, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

88.  The allegations in Paragraph 88 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, PNA admits that CRT technology was used in making tubes for televisions in the 1990's, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

89.  The allegations in Paragraph 89 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                              Case No. 07-5944 SC
AMENDED ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT            MDL NO. 1917

1    required.   To the extent that a response is required, PNA admits that a lower quality CRT

2    produces a poor display, but otherwise denies the allegations contained in Paragraph 89 of the

3    Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4              90.    The   allegations   in   Paragraph   90   of   the   Complaint   constitute

5    characterizations of Plaintiffs' Complaint to which no responsive pleading is required.   To the

6    extent that a response is required, PNA admits that CRT production was refined over time, but

7    otherwise   denies   the   allegations   contained   in   Paragraph   90   of   the   Complaint   for   lack   of

8    knowledge or information sufficient to form a belief as to the truth thereof.

9              91.    The   allegations   in   Paragraph   91   of   the   Complaint   constitute

10   characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

11   required.   To the extent that a response is required, PNA admits that CDTs and CPTs are types of

12   CRTs,   admits   that   CDTs   can   be   used   in   computer   monitors   and   certain   other   specialized

13   applications, and admits that CPTs can be used in televisions, but otherwise denies the allegations

14   contained in Paragraph 91 of the Complaint for lack of knowledge or information sufficient to

15   form a belief as to the truth thereof.

16             92.    The   allegations   in   Paragraph   92   of   the   Complaint   constitute

17   characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

18   required.   To the extent that a response is required, PNA denies the allegations contained in

19   Paragraph 92 of the Complaint for lack of knowledge or information sufficient to form a belief as

20   to the truth thereof.

21             93.    The   allegations   of   Paragraph   93   of   the   Complaint   constitute   legal

22   contentions and/or conclusions to which no responsive pleading is required.   To the extent that a

23   response is required, PNA denies the allegations contained in Paragraph 93 of the Complaint for

24   lack of knowledge or information sufficient to form a belief as to the truth thereof.

25             94.    PNA denies the allegations contained in Paragraph 94 of the Complaint as

26   they relate to PNA and denies the remaining allegations for lack of knowledge or information

27   sufficient to form a belief as to the truth thereof.

28             95.    PNA denies the allegations contained in Paragraph 95 of the Complaint as

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                                    Case No. 07-5944 SC
AMENDED ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT          MDL NO. 1917

they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

96.     PNA denies the allegations contained in Paragraph 96 of the Complaint.

**B.     STRUCTURE OF THE CRT INDUSTRY**

97.     PNA denies the allegations contained in Paragraph 97 of the Complaint.

**1.     Market Concentration**

98.     PNA denies the allegations contained in the second sentence of Paragraph 98 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

**2.     Information Sharing**

99.     PNA denies the allegations contained in Paragraph 99 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

100.     PNA denies the allegations contained in Paragraph 100 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**3.     Consolidation**

101.     PNA denies the allegations contained in Paragraph 101 of the Complaint as they relate to PNA, except admits that a merger between Toshiba and Panasonic Corporation's CRT businesses resulted in the creation of MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  PNA avers that MTPD was created in 2003, not 2002.

**4.     Multiple Interrelated Business Relationships**

102.     PNA denies the allegations contained in Paragraph 102 of the Complaint.

103.     PNA denies the allegations contained in Paragraph 103, including its subparts, for lack of knowledge or information sufficient to form a belief as to the truth thereof, with the exception that Toshiba Corporation and Panasonic Corporation formed a CRT joint venture, MTPD, in 2003, and that Toshiba Corporation and Panasonic Corporation formed a joint

1    venture to manufacture TFT-LCD panels.

2         **5.    High Costs of Entry Into the Industry**

3         104.    PNA denies the allegations contained in Paragraph 104 of the Complaint

4    for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5         105.    PNA denies the allegations contained in the first sentence of Paragraph 105

6    of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth

7    thereof, and denies the remaining allegations in their entirety.

8         **6.    The Maturity of the CRT Product Market**

9         106.    PNA denies the allegations contained in Paragraph 106 of the Complaint

10   for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

11   admits that the CRT market is mature.

12        107.    PNA denies the allegations contained in Paragraph 107 of the Complaint as

13   they relate to PNA and denies the remaining allegations for lack of knowledge or information

14   sufficient to form a belief as to the truth thereof.

15        108.    PNA denies the allegations contained in Paragraph 108 of the Complaint as

16   they relate to PNA and denies the remaining allegations for lack of knowledge or information

17   sufficient to form a belief as to the truth thereof.

18        109.    PNA denies the allegations contained in Paragraph 109 of the Complaint as

19   they relate to PNA and denies the remaining allegations for lack of knowledge or information

20   sufficient to form a belief as to the truth thereof.

21        110.    PNA denies the allegations contained in Paragraph 110 of the Complaint

22   for lack of knowledge or information sufficient to form a belief as to the truth thereof.

23        111.    PNA denies the allegations contained in Paragraph 111 of the Complaint

24   for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25        **7.    Homogeneity of CRT Products**

26        112.    PNA denies the allegations contained in Paragraph 112 of the Complaint.

27        113.    PNA denies the allegations contained in Paragraph 113 of the Complaint.

28

1        **C.      PRE-CONSPIRACY MARKET**

2              114.    PNA denies the allegations contained in Paragraph 114 of the Complaint as

3    they relate to PNA and denies the remaining allegations in their entirety for lack of knowledge or

4    information sufficient to form a belief as to the truth thereof.

5              115.    PNA denies the allegations contained in Paragraph 115 of the Complaint

6    for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7        **D.      DEFENDANTS' AND CO-CONSPIRATORS' ILLEGAL AGREEMENTS**

8              116.    PNA denies the allegations contained in Paragraph 116 of the Complaint as

9    they relate to PNA and denies the remaining allegations for lack of knowledge or information

10   sufficient to form a belief as to the truth thereof.

11             117.    PNA denies the allegations contained in Paragraph 117 of the Complaint as

12   they relate to PNA and denies the remaining allegations for lack of knowledge or information

13   sufficient to form a belief as to the truth thereof.

14             118.    PNA denies the allegations contained in Paragraph 118 of the Complaint

15   for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16             119.    PNA denies the allegations contained in Paragraph 119 of the Complaint as

17   they relate to PNA and denies the remaining allegations for lack of knowledge or information

18   sufficient to form a belief as to the truth thereof.

19             120.    PNA denies the allegations contained in Paragraph 120 of the Complaint as

20   they relate to PNA and denies the remaining allegations for lack of knowledge or information

21   sufficient to form a belief as to the truth thereof.

22             **1.      "Glass Meetings"**

23             121.    PNA denies the allegations contained in Paragraph 121 of the Complaint as

24   they relate to PNA and denies the remaining allegations for lack of knowledge or information

25   sufficient to form a belief as to the truth thereof.

26             122.    PNA denies the allegations contained in Paragraph 122 of the Complaint as

27   they relate to PNA and denies the remaining allegations for lack of knowledge or information

28   sufficient to form a belief as to the truth thereof.

1    123.    PNA denies the allegations contained in Paragraph 123 of the Complaint as

2    they relate to PNA and denies the remaining allegations for lack of knowledge or information

3    sufficient to form a belief as to the truth thereof.

4    124.    PNA denies the allegations contained in Paragraph 124 of the Complaint as

5    they relate to PNA and denies the remaining allegations for lack of knowledge or information

6    sufficient to form a belief as to the truth thereof.

7    125.    PNA denies the allegations contained in Paragraph 125 of the Complaint in

8    their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

9    information sufficient to form a belief as to the truth thereof.

10   126.    PNA denies the allegations contained in Paragraph 126 of the Complaint in

11   their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

12   information sufficient to form a belief as to the truth thereof.

13   127.    PNA denies the allegations contained in Paragraph 127 of the Complaint in

14   their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

15   information sufficient to form a belief as to the truth thereof.

16   128.    PNA denies the allegations contained in Paragraph 128 of the Complaint in

17   their entirety for lack of knowledge or information sufficient to form a belief as to the truth

18   thereof.

19   129.    PNA denies the allegations contained in Paragraph 129 of the Complaint as

20   they relate to PNA and denies the remaining allegations for lack of knowledge or information

21   sufficient to form a belief as to the truth thereof.

22   130.    PNA denies the allegations contained in Paragraph 130 of the Complaint as

23   they relate to PNA and denies the remaining allegations for lack of knowledge or information

24   sufficient to form a belief as to the truth thereof.

25   131.    PNA denies the allegations contained in Paragraph 131 of the Complaint as

26   they relate to PNA and denies the remaining allegations for lack of knowledge or information

27   sufficient to form a belief as to the truth thereof.

28   132.    PNA denies the allegations contained in Paragraph 132 of the Complaint as

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
AMENDED ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT          MDL NO. 1917

1   they relate to PNA and denies the remaining allegations for lack of knowledge or information
2   sufficient to form a belief as to the truth thereof.

3          133.   PNA denies the allegations contained in Paragraph 133 of the Complaint,
4   including its subparts, as they relate to PNA and denies the remaining allegations for lack of
5   knowledge or information sufficient to form a belief as to the truth thereof.

6          134.   PNA denies the allegations contained in Paragraph 134 of the Complaint as
7   they relate to PNA and denies the remaining allegations for lack of knowledge or information
8   sufficient to form a belief as to the truth thereof.

9          135.   PNA denies the allegations contained in Paragraph 135 of the Complaint as
10  they relate to PNA and denies the remaining allegations for lack of knowledge or information
11  sufficient to form a belief as to the truth thereof.

12          **2.     Bilateral Discussions**

13          136.   PNA denies the allegations contained in Paragraph 136 of the Complaint as
14  they relate to PNA and denies the remaining allegations for lack of knowledge or information
15  sufficient to form a belief as to the truth thereof.

16          137.   PNA denies the allegations contained in Paragraph 137 of the Complaint
17  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18          138.   PNA denies the allegations contained in Paragraph 138 of the Complaint
19  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20          139.   PNA denies the allegations contained in Paragraph 139 of the Complaint as
21  they relate to PNA and denies the remaining allegations for lack of knowledge or information
22  sufficient to form a belief as to the truth thereof.

23          140.   PNA denies the allegations contained in Paragraph 140 of the Complaint as
24  they relate to PNA and denies the remaining allegations for lack of knowledge or information
25  sufficient to form a belief as to the truth thereof.

26          141.   PNA denies the allegations contained in Paragraph 141 of the Complaint as
27  they relate to PNA and denies the remaining allegations for lack of knowledge or information
28  sufficient to form a belief as to the truth thereof.

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                Case No. 07-5944 SC
AMENDED ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT        MDL NO. 1917

3.   **Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions**

142.   PNA denies the allegations contained in Paragraph 142 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

143.   PNA denies the allegations contained in Paragraph 143 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

144.   PNA denies the allegations contained in Paragraph 144 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

145.   PNA denies the allegations contained in Paragraph 145 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

146.   PNA denies the allegations contained in Paragraph 146 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

147.   PNA denies the allegations contained in Paragraph 147 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

148.   PNA denies the allegations contained in Paragraph 148 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

149.   PNA denies the allegations contained in Paragraph 149 of the Complaint in their entirety.

150.   PNA denies the allegations contained in Paragraph 150 of the Complaint in their entirety.

151.   PNA denies the allegations contained in Paragraph 151 of the Complaint in

18

1   their entirety.

2   152.   PNA denies the allegations contained in Paragraph 152 of the Complaint as

3   they relate to PNA and denies the remaining allegations for lack of knowledge or information

4   sufficient to form a belief as to the truth thereof.

5   153.   PNA denies the allegations contained in Paragraph 153 of the Complaint as

6   they relate to PNA and denies the remaining allegations for lack of knowledge or information

7   sufficient to form a belief as to the truth thereof.

8   154.   PNA denies the allegations contained in Paragraph 154 of the Complaint as

9   they relate to PNA and denies the remaining allegations for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.

11  155.   PNA denies the allegations contained in Paragraph 155 of the Complaint as

12  they relate to PNA and denies the remaining allegations for lack of knowledge or information

13  sufficient to form a belief as to the truth thereof.

14  156.   PNA denies the allegations contained in Paragraph 156 of the Complaint as

15  they relate to PNA and denies the remaining allegations for lack of knowledge or information

16  sufficient to form a belief as to the truth thereof.

17  157.   PNA denies the allegations contained in Paragraph 157 of the Complaint as

18  they relate to PNA and denies the remaining allegations for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.

20  158.   PNA denies the allegations contained in Paragraph 158 of the Complaint as

21  they relate to PNA and denies the remaining allegations for lack of knowledge or information

22  sufficient to form a belief as to the truth thereof.

23  159.   PNA denies the allegations contained in Paragraph 159 of the Complaint as

24  they relate to PNA and denies the remaining allegations for lack of knowledge or information

25  sufficient to form a belief as to the truth thereof.

26  160.   PNA denies the allegations contained in Paragraph 160 of the Complaint as

27  they relate to PNA and denies the remaining allegations for lack of knowledge or information

28  sufficient to form a belief as to the truth thereof.

161.    PNA denies the allegations contained in Paragraph 161 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

162.    PNA denies the allegations contained in Paragraph 162 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

163.    PNA denies the allegations contained in Paragraph 163 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

164.    PNA denies the allegations contained in Paragraph 164 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**E.    THE CRT MARKET DURING THE CONSPIRACY**

165.    PNA denies the allegations contained in Paragraph 165 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

166.    PNA denies the allegations contained in Paragraph 166 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

167.    PNA denies the allegations contained in Paragraph 167 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

168.    PNA denies the allegations contained in Paragraph 168 of the Complaint in their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

169.    PNA denies the allegations contained in Paragraph 169 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

170.    PNA denies the allegations contained in Paragraph 170 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

171.    PNA denies the allegations contained in Paragraph 171 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information

1   sufficient to form a belief as to the truth thereof.

2           172.   PNA denies the allegations contained in Paragraph 172 of the Complaint as

3 they relate to PNA and denies the remaining allegations for lack of knowledge or information

4 sufficient to form a belief as to the truth thereof.

5           173.   PNA denies the allegations contained in Paragraph 173 of the Complaint as

6 they relate to PNA and denies the remaining allegations for lack of knowledge or information

7 sufficient to form a belief as to the truth thereof.

8           174.   PNA denies the allegations contained in Paragraph 174 of the Complaint

9 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

10         175.   PNA denies the allegations contained in Paragraph 175 of the Complaint

11 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

12     **F.**     **INTERNATIONAL GOVERNMENT ANTITRUST INVESTIGATIONS**

13         176.   PNA denies the allegations contained in Paragraph 176 of the Complaint

14 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15         177.   PNA denies the allegations contained in Paragraph 177 of the Complaint,

16 except admits that an alleged conspiracy concerning CRTs is or was being investigated by certain

17 foreign competition authorities.

18         178.   PNA denies the allegations contained in Paragraph 178 of the Complaint

19 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20         179.   PNA denies the allegations contained in Paragraph 179 of the Complaint

21 for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

22 admits that on or around May 6, 2008, the Hungarian Competition Authority issued a press

23 release concerning its initiation of a competition supervision proceeding in connection with an

24 alleged conspiracy in the Hungarian market involving CRTs and respectfully refers the Court to

25 that document for a review of its contents.

26         180.   PNA denies the allegations contained in Paragraph 180 of the Complaint

27 for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

28 admits that on or around February 10, 2009, the DOJ issued a press release concerning the

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S       Case No. 07-5944 SC
AMENDED ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT    MDL NO. 1917

1    indictment of an executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to

2    that document for a review of its contents.

3            181.    PNA denies the allegations contained in Paragraph 181 of the Complaint

4    for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

5    admits that on or around August 19, 2009, the DOJ issued a press release concerning the

6    indictment of a CDT industry executive and respectfully refers the Court to that document for a

7    review of its contents.

8            182.    PNA denies the allegations contained in Paragraph 182 of the Complaint

9    for lack of knowledge or information sufficient to form a belief as to the truth thereof, excepts

10   admits that on or around March 30, 2010, the DOJ issued a press release concerning the

11   indictment of a CDT industry executive and respectfully refers the Court to that document for a

12   review of its contents.

13           183.    PNA denies the allegations contained in Paragraph 183 of the Complaint

14   for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

15   admits that on or around November 9, 2010, the DOJ issued a press release concerning the

16   indictment of three CDT industry executives and respectfully refers the Court to that document

17   for a review of its contents.

18           184.    PNA denies the allegations contained in Paragraph 184 of the Complaint

19   for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

20   admits that on or around March 18, 2011, the DOJ issued a press release concerning a plea

21   agreement entered into by a CDT industry participant and respectfully refers the Court to that

22   document for a review of its contents.

23           185.    PNA denies the allegations contained in Paragraph 185 of the Complaint as

24   they relate to PNA and denies the remaining allegations for lack of knowledge or information

25   sufficient to form a belief as to the truth thereof.

26           186.    PNA denies the allegations contained in Paragraph 186 of the Complaint

27   for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28           187.    PNA denies the allegations contained in Paragraph 187 of the Complaint

1   for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

2   admits that on or around December 5, 2012, the European Commission issued an announcement

3   of certain fines relating to the CRT industry and respectfully refers the Court to that document for

4   a review of its contents.

5           188.   PNA denies the allegations contained in Paragraph 188 of the Complaint as

6   they relate to PNA and denies the remaining allegations for lack of knowledge or information

7   sufficient to form a belief as to the truth thereof.

8           189.   PNA denies the allegations contained in Paragraph 189 of the Complaint as

9   they relate to PNA and denies the remaining allegations for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.

11          190.   PNA denies the allegations contained in Paragraph 190 of the Complaint

12  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

13          191.   PNA denies the allegations contained in Paragraph 191 of the Complaint,

14  except admits that an alleged conspiracy concerning the TFT-LCD market is or was being

15  investigated by the DOJ, and by certain other international competition authorities, and that this

16  investigation was revealed on or around December 2006. PNA further avers that it is not a subject

17  of these investigations.

18          192.   PNA denies the allegations contained in Paragraph 192 of the Complaint

19  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20          193.   PNA denies the allegations contained in Paragraph 193 of the Complaint

21  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22          194.   PNA denies the allegations contained in Paragraph 194 of the Complaint

23  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24          195.   PNA denies the allegations contained in Paragraph 195 of the Complaint

25  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26      **G.    THE ROLE OF TRADE ASSOCIATIONS DURING THE RELEVANT**

27  **PERIOD**

28          196.   PNA denies the allegations contained in Paragraph 196 of the Complaint as

1    they relate to PNA and denies the remaining allegations for lack of knowledge or information

2    sufficient to form a belief as to the truth thereof.

3           197.   PNA denies the allegations contained in Paragraph 197 of the Complaint

4    for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5           198.   PNA denies the allegations contained in Paragraph 198 of the Complaint

6    for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7           199.   PNA denies the allegations contained in Paragraph 199 of the Complaint as

8    they relate to PNA and denies the remaining allegations for lack of knowledge or information

9    sufficient to form a belief as to the truth thereof.

10          200.   PNA denies the allegations contained in Paragraph 200 of the Complaint as

11   they relate to PNA and denies the remaining allegations for lack of knowledge or information

12   sufficient to form a belief as to the truth thereof.

13   **H.    EFFECTS OF DEFENDANTS' ANTITRUST VIOLATIONS**

14       **1.    Examples of Reductions in Manufacturing Capacity by Defendants**

15             **and their Co-Conspirators**

16          201.   The allegations in Paragraph 201 of the Complaint constitute

17   characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

18   required.  To the extent that a response is required, PNA denies the allegations contained in

19   Paragraph 201 of the Complaint as they relate to PNA and denies the remaining allegations for

20   lack of knowledge or information sufficient to form a belief as to the truth thereof.

21          202.   PNA denies the allegations contained in Paragraph 202 of the Complaint,

22   except admits that MTPD's subsidiary in New York ceased operations in December 2004, and

23   admits that a press release contained the phrases quoted in Paragraph 202 of the Complaint.

24          203.   PNA denies the allegations contained in Paragraph 203 of the Complaint

25   for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26          204.   PNA denies the allegations contained in Paragraph 204 of the Complaint

27   for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

28   avers that it was announced on November 30, 2005, not in December 2005, that MTPD's

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S          Case No. 07-5944 SC
AMENDED ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT          MDL NO. 1917

1   American subsidiary in Ohio and German subsidiary would discontinue operations.

2         205.    PNA denies the allegations contained in Paragraph 205 of the Complaint

3   for lack of knowledge or information sufficient to form a belief as to the truth thereof.

4         206.    PNA denies the allegations contained in Paragraph 206 of the Complaint

5   for lack of knowledge or information sufficient to form a belief as to the truth thereof, except

6   admits that the closure of Matsushita Malaysia was announced in July 2006.

7         **2.**      **Examples of Collusive Pricing for CRTs**

8         207.    PNA denies the allegations contained in Paragraph 207 of the Complaint in

9   their entirety as they relate to PNA and denies the remaining allegations for lack of knowledge or

10  information sufficient to form a belief as to the truth thereof.

11        208.    PNA denies the allegations contained in Paragraph 208 of the Complaint

12  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

13        209.    PNA denies the allegations contained in Paragraph 209 of the Complaint

14  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15        210.    PNA denies the allegations contained in Paragraph 210 of the Complaint as

16  they relate to PNA and denies the remaining allegations for lack of knowledge or information

17  sufficient to form a belief as to the truth thereof.

18        211.    PNA denies the allegations contained in Paragraph 211 of the Complaint

19  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20        212.    PNA denies the allegations contained in Paragraph 212 of the Complaint as

21  they relate to PNA and denies the remaining allegations for lack of knowledge or information

22  sufficient to form a belief as to the truth thereof.

23        213.    PNA denies the allegations contained in Paragraph 213 of the Complaint

24  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25        214.    PNA denies the allegations contained in Paragraph 214 of the Complaint

26  for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27        215.    PNA denies the allegations contained in Paragraph 215 of the Complaint as

28  they relate to PNA and denies the remaining allegations for lack of knowledge or information

1   sufficient to form a belief as to the truth thereof.

2           **3.**      **Summary of Effects of the Conspiracy Involving CRTs**

3         216.    PNA denies the allegations contained in Paragraph 216 of the Complaint,

4   including its subparts, as they relate to PNA, and denies the remaining allegations for lack of

5   knowledge or information sufficient to form a belief as to the truth thereof.

6             **VII.**   **PLAINTIFFS' INJURIES**

7         217.    PNA denies the allegations contained in Paragraph 217 of the Complaint as

8   they relate to PNA and denies the remaining allegations for lack of knowledge or information

9   sufficient to form a belief as to the truth thereof.

10         218.    PNA denies the allegations contained in Paragraph 218 of the Complaint as

11   they relate to PNA and denies the remaining allegations for lack of knowledge or information

12   sufficient to form a belief as to the truth thereof.

13         219.    The allegations of Paragraph 219 of the Complaint constitute legal

14   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

15   response is required, PNA denies the allegations as they relate to PNA and denies the remaining

16   allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17         220.    PNA denies the allegations contained in Paragraph 220 of the Complaint as

18   they relate to PNA and denies the remaining allegations for lack of knowledge or information

19   sufficient to form a belief as to the truth thereof.

20         221.    The allegations of Paragraph 221 of the Complaint constitute legal

21   contentions and/or conclusions to which to which no responsive pleading is required.  To the

22   extent that a response is required, PNA denies the allegations contained in Paragraph 221 of the

23   Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24         222.    PNA denies the allegations contained in Paragraph 222 of the Complaint as

25   they relate to PNA and denies the remaining allegations for lack of knowledge or information

26   sufficient to form a belief as to the truth thereof.

27         223.    PNA denies the allegations contained in Paragraph 223 of the Complaint as

28   they relate to PNA and denies the remaining allegations for lack of knowledge or information

1   sufficient to form a belief as to the truth thereof.

2   **VIII.   FRAUDULENT CONCEALMENT**

3   224.   PNA denies the allegations contained in Paragraph 224 of the Complaint as
4   they relate to PNA and denies the remaining allegations for lack of knowledge or information
5   sufficient to form a belief as to the truth thereof.

6   225.   PNA denies the allegations contained in Paragraph 225 of the Complaint as
7   they relate to PNA and denies the remaining allegations for lack of knowledge or information
8   sufficient to form a belief as to the truth thereof.

9   226.   PNA denies the allegations contained in Paragraph 226 of the Complaint as
10  they relate to PNA and denies the remaining allegations for lack of knowledge or information
11  sufficient to form a belief as to the truth thereof.

12  227.   PNA denies the allegations contained in Paragraph 227 of the Complaint as
13  they relate to PNA and denies the remaining allegations for lack of knowledge or information
14  sufficient to form a belief as to the truth thereof.

15  228.   PNA denies the allegations contained in Paragraph 228 of the Complaint as
16  they relate to PNA and denies the remaining allegations for lack of knowledge or information
17  sufficient to form a belief as to the truth thereof.

18  229.   PNA denies the allegations contained in Paragraph 229 of the Complaint as
19  they relate to PNA and denies the remaining allegations for lack of knowledge or information
20  sufficient to form a belief as to the truth thereof.

21  230.   PNA denies the allegations contained in Paragraph 230 of the Complaint as
22  they relate to PNA and denies the remaining allegations for lack of knowledge or information
23  sufficient to form a belief as to the truth thereof.

24  231.   PNA denies the allegations contained in Paragraph 231 of the Complaint as
25  they relate to PNA and denies the remaining allegations for lack of knowledge or information
26  sufficient to form a belief as to the truth thereof.

27  232.   PNA denies the allegations contained in Paragraph 232 of the Complaint as
28  they relate to PNA and denies the remaining allegations for lack of knowledge or information

1  sufficient to form a belief as to the truth thereof.

2         233.   PNA denies the allegations contained in Paragraph 233 of the Complaint as

3  they relate to PNA and denies the remaining allegations for lack of knowledge or information

4  sufficient to form a belief as to the truth thereof.

5         234.   PNA denies the allegations contained in Paragraph 234 of the Complaint as

6  they relate to PNA and denies the remaining allegations for lack of knowledge or information

7  sufficient to form a belief as to the truth thereof.

8         235.   PNA denies the allegations contained in Paragraph 235 of the Complaint as

9  they relate to PNA and denies the remaining allegations for lack of knowledge or information

10  sufficient to form a belief as to the truth thereof.

11  ### IX.    TOLLING

12         236.   PNA denies the allegations in Paragraph 236 of the Complaint as they

13  relate to PNA, and denies the remaining allegations for lack of knowledge or information

14  sufficient to form a belief as to the truth thereof.

15         237.   The allegations contained in Paragraph 237 of the Complaint constitute

16  legal contentions and/or conclusions to which no response is required.  To the extent that a

17  response is required, PNA denies the allegations contained in Paragraph 237 of the Complaint as

18  they relate to PNA and denies the remaining allegations for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 237

20  relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

21  order (Dkt. No. 2433), no response is required.

22         238.   The allegations in Paragraph 238 of the Complaint constitute legal

23  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

24  response is required, PNA denies the allegations contained in Paragraph 238 of the Complaint as

25  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

26  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 238

27  relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

28  order (Dkt. No. 2433), no response is required.

1    239.   The allegations in Paragraph 239 of the Complaint constitute legal

2    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

3    response is required, PNA denies the allegations contained in Paragraph 239 of the Complaint as

4    they relate to PNA, and denies the remaining allegations for lack of knowledge or information

5    sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 239

6    relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

7    order (Dkt. No. 2433), no response is required.

8    240.   The allegations in Paragraph 240 of the Complaint constitute legal

9    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

10   response is required, PNA denies the allegations contained in Paragraph 240 of the Complaint as

11   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

12   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 240

13   relate to any of Plaintiffs' state claims which were dismissed pursuant to the Court's March 13,

14   2014 order (Dkt. No. 2433), no response is required.

15   241.   The allegations in Paragraph 241 of the Complaint constitute legal

16   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

17   response is required, PNA denies the allegations contained in Paragraph 241 of the Complaint as

18   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

19   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 241

20   relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

21   order (Dkt. No. 2433), no response is required.

22   242.   The allegations in Paragraph 242 of the Complaint constitute legal

23   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

24   response is required, PNA denies the allegations contained in Paragraph 242 of the Complaint as

25   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

26   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 242

27   relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

28   order (Dkt. No. 2433), no response is required.

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
AMENDED ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT   MDL NO. 1917

243.    The allegations in Paragraph 243 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 243 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 243 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

244.    The allegations in Paragraph 244 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 244 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 244 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

## X.    CLAIM FOR VIOLATIONS

### First Claim for Relief

### (Violation of Section 1 of the Sherman Act)

245.    PNA incorporates and realleges its responses to Paragraphs 1-244 above, as if fully set forth herein.

246.    The allegations in Paragraph 246 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, PNA denies the allegations contained in Paragraph 246 of the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

247.    PNA denies the allegations contained in Paragraph 247 of the Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

248.    PNA denies the allegations contained in Paragraph 248 of the Complaint as

30

1    they relate to PNA and denies the remaining allegations for lack of knowledge or information

2    sufficient to form a belief as to the truth thereof.

3            249.    PNA denies the allegations contained in Paragraph 249 of the Complaint as

4    they relate to PNA and denies the remaining allegations for lack of knowledge or information

5    sufficient to form a belief as to the truth thereof.

6            250.    PNA denies the allegations contained in Paragraph 250 of the Complaint,

7    including its subparts, as they relate to PNA, and denies the remaining allegations for lack of

8    knowledge or information sufficient to form a belief as to the truth thereof.

9            251.    PNA denies the allegations contained in Paragraph 251 of the Complaint as

10   they relate to PNA and denies the remaining allegations for lack of knowledge or information

11   sufficient to form a belief as to the truth thereof.

12                              **Second Claim for Relief**

13   **(Violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"))**

14           252.    PNA incorporates and realleges its responses to Paragraphs 1-251 above, as

15   if fully set forth herein.

16           253.    The allegations in Paragraph 253 of the Complaint constitute legal

17   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

18   response is required, PNA denies the allegations contained in Paragraph 253 of the Complaint as

19   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

20   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 253

21   relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

22   order (Dkt. No. 2433), no response is required.

23           254.    The allegations in Paragraph 254 of the Complaint constitute legal

24   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

25   response is required, PNA denies the allegations contained in Paragraph 254 of the Complaint as

26   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

27   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 254

28

1  relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

2  order (Dkt. No. 2433), no response is required.

3          255.    The allegations in Paragraph 255 of the Complaint constitute legal

4  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

5  response is required, PNA denies the allegations contained in Paragraph 255 of the Complaint as

6  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

7  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 255

8  relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

9  order (Dkt. No. 2433), no response is required.

10         256.    The allegations in Paragraph 256 of the Complaint constitute legal

11 contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

12 response is required, PNA denies the allegations contained in Paragraph 256 of the Complaint as

13 they relate to PNA, and denies the remaining allegations for lack of knowledge or information

14 sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 256

15 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

16 order (Dkt. No. 2433), no response is required.

17         257.    The allegations in Paragraph 257 of the Complaint constitute legal

18 contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

19 response is required, PNA denies the allegations contained in Paragraph 257 of the Complaint as

20 they relate to PNA, and denies the remaining allegations for lack of knowledge or information

21 sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 257

22 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

23 order (Dkt. No. 2433), no response is required.

24         258.    The allegations in Paragraph 258 of the Complaint constitute legal

25 contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

26 response is required, PNA denies the allegations contained in Paragraph 258 of the Complaint as

27 they relate to PNA, and denies the remaining allegations for lack of knowledge or information

28 sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 258

1   relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

2   order (Dkt. No. 2433), no response is required.

3          259.   The allegations in Paragraph 259 of the Complaint constitute legal

4   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

5   response is required, PNA denies the allegations contained in Paragraph 259 of the Complaint as

6   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

7   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 259

8   relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

9   order (Dkt. No. 2433), no response is required.

10   **Third Claim for Relief**

11   **(Violation of the California Cartwright Act)**

12          260.   PNA incorporates and realleges its responses to Paragraphs 1-259 above, as

13   if fully set forth herein.

14          261.   The allegations in Paragraph 261 of the Complaint constitute legal

15   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

16   response is required, PNA denies the allegations contained in Paragraph 261 of the Complaint as

17   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

18   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 261

19   relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

20   order (Dkt. No. 2433), no response is required.

21          262.   PNA denies the allegations contained in Paragraph 262 of the Complaint as

22   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

23   sufficient to form a belief as to the truth thereof.

24          263.   The allegations in Paragraph 263 of the Complaint constitute legal

25   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

26   response is required, PNA denies the allegations contained in Paragraph 263 of the Complaint as

27   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

28   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 263

1   relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

2   order (Dkt. No. 2433), no response is required.

3            264.   The allegations in Paragraph 264 of the Complaint constitute legal

4   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

5   response is required, PNA denies the allegations contained in Paragraph 264 of the Complaint as

6   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

7   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 264

8   relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

9   order (Dkt. No. 2433), no response is required.

10           265.   The allegations in Paragraph 265 of the Complaint constitute legal

11  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

12  response is required, PNA denies the allegations contained in Paragraph 265 of the Complaint,

13  including its subparts, as they relate to PNA, and denies the remaining allegations for lack of

14  knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the

15  allegations in Paragraph 265 relate to Plaintiffs' state claims which were dismissed pursuant to the

16  Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

17           266.   PNA denies the allegations contained in Paragraph 266 of the Complaint,

18  including its subparts, as they relate to PNA and denies the remaining allegations for lack of

19  knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the

20  allegations in Paragraph 266 relate to Plaintiffs' state claims which were dismissed pursuant to the

21  Court's March 13, 2014 order (Dkt. No. 2433), no response is required.

22           267.   PNA denies the allegations contained in Paragraph 267 of the Complaint as

23  they relate to PNA and denies the remaining allegations for lack of knowledge or information

24  sufficient to form a belief as to the truth thereof.

25           268.   The allegations contained in Paragraph 268 of the Complaint constitute

26  legal contentions and/or conclusions to which no responsive pleading is required.  To the extent

27  that a response is required, PNA denies the allegations contained in Paragraph 268 of the

28  Complaint as they relate to PNA and denies the remaining allegations for lack of knowledge or

1    information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

2    Paragraph 268 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's

3    March 13, 2014 order (Dkt. No. 2433), no response is required.

4                                    **Fourth Claim for Relief**

5                          **(Violation of California Unfair Competition Law)**

6              269.   PNA incorporates and realleges its responses to Paragraphs 1-268 above, as

7    if fully set forth herein.

8              270.   The allegations in Paragraph 270 of the Complaint constitute legal

9    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

10   response is required, PNA denies the allegations contained in Paragraph 270 of the Complaint as

11   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

12   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 270

13   relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

14   order (Dkt. No. 2433), no response is required.

15             271.   The allegations in Paragraph 271 of the Complaint constitute legal

16   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

17   response is required, PNA denies the allegations contained in Paragraph 271 of the Complaint as

18   they relate to PNA, and denies the remaining allegations for lack of knowledge or information

19   sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 271

20   relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

21   order (Dkt. No. 2433), no response is required.

22             272.   The allegations in Paragraph 272 of the Complaint, including its subparts,

23   constitute legal contentions and/or conclusions to which no responsive pleading is required.  To

24   the extent that a response is required, PNA denies the allegations contained in Paragraph 272 of

25   the Complaint as they relate to PNA, and denies the remaining allegations for lack of knowledge

26   or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in

27   Paragraph 272 relate to Plaintiffs' state claims which were dismissed pursuant to the Court's

28   March 13, 2014 order (Dkt. No. 2433), no response is required.

1      273.   The allegations in Paragraph 273 of the Complaint constitute legal

2  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

3  response is required, PNA denies the allegations contained in Paragraph 273 of the Complaint as

4  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

5  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 273

6  relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

7  order (Dkt. No. 2433), no response is required.

8      274.   The allegations in Paragraph 274 of the Complaint constitute legal

9  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

10  response is required, PNA denies the allegations contained in Paragraph 274 of the Complaint as

11  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

12  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 274

13  relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

14  order (Dkt. No. 2433), no response is required.

15      275.   The allegations in Paragraph 275 of the Complaint constitute legal

16  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

17  response is required, PNA denies the allegations contained in Paragraph 275 of the Complaint as

18  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

19  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 275

20  relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

21  order (Dkt. No. 2433), no response is required.

22      276.   The allegations in Paragraph 276 of the Complaint constitute legal

23  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

24  response is required, PNA denies the allegations contained in Paragraph 276 of the Complaint as

25  they relate to PNA, and denies the remaining allegations for lack of knowledge or information

26  sufficient to form a belief as to the truth thereof.  To the extent the allegations in Paragraph 276

27  relate to Plaintiffs' state claims which were dismissed pursuant to the Court's March 13, 2014

28  order (Dkt. No. 2433), no response is required.

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
AMENDED ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT       MDL NO. 1917

1

## XI.    PRAYER FOR RELIEF

2      PNA denies that Plaintiffs suffered any injury or incurred any damages by any

3  action(s) or omission(s) of PNA as alleged in the Complaint, and further denies that Plaintiffs are

4  entitled to any relief under any theory by means of the allegations set forth in each of the

5  paragraphs and their subparts in the Complaint.

6

## XII.    JURY TRIAL DEMAND

7      The allegations contained under the heading "Jury Trial Demand" contain no

8  factual assertions for which a response is required.  To the extent that a response is required, PNA

9  denies the allegations contained under the heading "Jury Trial Demand" in their entirety, except

10  admits that Plaintiffs demand a trial by jury.

11

## DEFENSES

12      FURTHER, PNA asserts the following defenses and affirmative defenses to the

13  Complaint.  PNA does not concede that it has the burden of proof as to any of the defenses listed

14  below:

15

## FIRST DEFENSE

16                    (Failure to State a Claim for Relief)

17      Neither Plaintiffs' Complaint nor any claim for relief asserted therein states facts

18  sufficient to constitute a claim for relief against PNA.

19

## SECOND DEFENSE

20                    (Statute of Limitations)

21      The relief sought by Plaintiffs is barred, in whole or in part, by the applicable

22  statutes of limitations.

23

## THIRD DEFENSE

24                    (Actual and Proximate Injury)

25      The relief sought by Plaintiffs is barred, in whole or in part, because the Plaintiffs

26  were not actually and proximately injured in their business or property by reason of any action(s)

27  or omission(s) of PNA.

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
AMENDED ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT          MDL NO. 1917

1

## FOURTH DEFENSE

2

(No Damages)

3        The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

4  suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent

5  that Plaintiffs purportedly suffered injury or damage, which PNA specifically denies, PNA further

6  contends that any such purported injury or damage was not by reason of any action(s) or

7  omission(s) of PNA.

8

## FIFTH DEFENSE

9

(No Antitrust Injury)

10        The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

11  failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to

12  remedy.

13

## SIXTH DEFENSE

14

(Speculative Damages)

15        The relief sought by Plaintiffs is barred, in whole or in part, because the alleged

16  damages sought are too speculative and uncertain, and because of the impossibility of the

17  ascertainment and allocation of such alleged damages.

18

## SEVENTH DEFENSE

19

(Mitigation)

20        The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

21  failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

22

## EIGHTH DEFENSE

23

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

24        The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

25  failed to allege fraud or fraudulent concealment with sufficient particularity.

26

## NINTH DEFENSE

27

(Failure to Plead Conspiracy with Particularity)

28        The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

38

1   failed to allege conspiracy with sufficient particularity.

2   **TENTH DEFENSE**

3   (Lack of Standing to Sue for Injuries Alleged)

4   The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs lack

5   standing to sue for the injuries alleged in the Complaint.  To the extent that Plaintiffs purchased

6   products containing CRTs, as opposed to CRTs themselves, their alleged injuries are even more

7   speculative, derivative, indirect, and remote.  Plaintiffs' damage claims create an impermissible

8   risk of duplicative recoveries and complex damage apportionment.

9   **ELEVENTH DEFENSE**

10   (Due Process)

11   To the extent Plaintiffs' claims would result in PNA paying damages to more than

12   one claimant for the same alleged overcharges to customers, they are barred because such

13   multiple liability would violate rights guaranteed to PNA by the United States Constitution,

14   including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth

15   Amendment, and by applicable state law.

16   **TWELFTH DEFENSE**

17   (Other/Superseding Causation)

18   The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs'

19   damages, if any, resulted from the acts or omissions of third parties over whom PNA had no

20   control or responsibility.  The acts of such third parties constitute intervening or superseding cases

21   of harm, if any, suffered by Plaintiffs.

22   **THIRTEENTH DEFENSE**

23   (Waiver and Estoppel)

24   The relief sought by Plaintiffs is barred, in whole or in part, by the doctrines of

25   waiver and/or estoppel.

26

27

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                    Case No. 07-5944 SC
AMENDED ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT       MDL NO. 1917

## FOURTEENTH DEFENSE

(Laches)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of laches.

## FIFTEENTH DEFENSE

(Unclean Hands)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTEENTH DEFENSE

(Unjust Enrichment)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.

## SEVENTEENTH DEFENSE

(Adequate Remedy at Law)

The equitable relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have available an adequate remedy at law.

## EIGHTEENTH DEFENSE

(Comparative Fault)

The relief sought by Plaintiffs is barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which PNA specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than PNA.

## NINETEENTH DEFENSE

(Acquiescence)

The relief sought by Plaintiffs is barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PNA.

**TWENTIETH DEFENSE**

(No Detrimental Reliance)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

**TWENTY-FIRST DEFENSE**

(Set Off)

Without admitting that Plaintiffs are entitled to recover damages in this matter, PNA is entitled to set off from any recovery Plaintiffs may obtain against PNA, any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

**TWENTY-SECOND DEFENSE**

(Failure to State a Claim for Injunctive Relief)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

**TWENTY-THIRD DEFENSE**

(Lack of Jurisdiction)

The relief sought by Plaintiffs is barred, in whole or in part, because any alleged conduct of PNA occurred outside of the jurisdiction of the Court.

**TWENTY-FOURTH DEFENSE**

(Foreign Trade Antitrust Improvements Act)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to make a single specific allegation to support the claim that the alleged conduct had "a direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a.

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                Case No. 07-5944 SC
AMENDED ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT        MDL NO. 1917

1

**TWENTY-FIFTH DEFENSE**

2

(Foreign Conduct)

3

Plaintiffs' claims are barred to the extent that they are based on conduct beyond the

4

territorial reach of the laws or courts of the United States.

5

**TWENTY-SIXTH DEFENSE**

6

(Damages Not Passed Through to Plaintiffs)

7

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or

8

damage alleged in the Complaint was not incurred by or passed on to Plaintiffs, or was incurred

9

by or passed on to persons or entities other than Plaintiffs.

10

**TWENTY-SEVENTH DEFENSE**

11

(Damages Passed On)

12

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or

13

damage alleged in the Complaint, which PNA specifically denies, was passed on to persons or

14

entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

15

**TWENTY-EIGHTH DEFENSE**

16

(No Unreasonable Restraint of Trade)

17

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged

18

conduct of PNA did not unreasonably restrain trade.

19

**TWENTY-NINTH DEFENSE**

20

(Acts Outside the Jurisdiction)

21

The relief sought by Plaintiffs is barred, in whole or in part, to the extent PNA's

22

alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor

23

affected persons, entities, or commerce in the various States cited.

24

**THIRTIETH DEFENSE**

25

(Restitution Unmanageable and Inequitable)

26

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the

27

restitution sought in the Complaint is unmanageable and inequitable.

28

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S                 Case No. 07-5944 SC
AMENDED ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT       MDL NO. 1917

**THIRTY-FIRST DEFENSE**

(Lack of Standing as Indirect Purchasers)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the various States cited have not repealed the *Illinois Brick* doctrine.

**THIRTY-SECOND DEFENSE**

(Unjust Enrichment Claims Barred)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs have failed to exhaust all remedies against PNA.

**THIRTY-THIRD DEFENSE**

(Goods Not Purchased Primarily for Personal, Family, or Household Purposes)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent that any Plaintiff did not purchase goods primarily for personal, family, or household purposes.

**THIRTY-FOURTH DEFENSE**

(Independent, Legitimate Business and Economic Justification)

The relief sought by Plaintiffs is barred, in whole or in part, because any conduct engaged in by PNA was reasonable and based on independent, legitimate business and economic justifications.

**THIRTY-FIFTH DEFENSE**

(Private Claim Cannot Be Brought In a Representative Capacity)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs bring any claims in a representative capacity, to the extent a private claim may not be brought in a representative capacity under the laws of the various states.

**THIRTY-SIXTH DEFENSE**

(Lack of Sufficient Contacts to the Various States)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs' claims lack sufficient contacts to the states under whose laws they are brought, in violation of rights guaranteed to PNA by the United States Constitution, including, without limitation, rights

1   guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable

2   state and federal law.

3                                   **THIRTY-SEVENTH DEFENSE**

4                                       (Attorneys' Fees)

5           Any award of attorneys' fees, based upon the conduct alleged in the Complaint, is

6   not allowed under applicable federal or state law.

7           **INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES**

8           PNA hereby incorporates by reference, as if set forth fully herein, all other

9   defenses and affirmative defenses to the Complaint alleged by any other defendant.   PNA

10  presently has insufficient knowledge or information on which to form a belief as to whether it

11  may have available additional, as yet unstated, defenses.  PNA reserves the right to assert other

12  defenses and affirmative defenses as this action proceeds, the right to file an amended answer

13  asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event

14  that discovery indicates that such pleadings are appropriate.

15          WHEREFORE, PNA prays for judgment as follows:

16      1.      That Plaintiffs take nothing under the Complaint, and the Complaint be

17              dismissed with prejudice;

18      2.      That judgment be entered in favor of PNA and against Plaintiffs on each

19              and every cause of action set forth in the Complaint;

20      3.      That PNA recover its costs of suit and attorneys' fees incurred herein; and

21      4.      That PNA be granted such other and further relief as the Court deems just

22              and proper.

23
    Dated: April 16, 2014                By:  ___*/s/ Adam C. Hemlock*___
24                                        BAMBO OBARO (Bar No. 267683)
                                          Email: bambo.obaro@weil.com
25                                        **WEIL, GOTSHAL & MANGES LLP**
                                          201 Redwood Shores Parkway
26                                        Redwood Shores, California 94065-1175
                                          Telephone: (650) 802-3000
27                                        Facsimile: (650) 802-3100

28

                                              44

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STEVEN A. REISS (*pro hac vice*)
E-mail: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com
DAVID E. YOLKUT (*pro hac vice*)
E-mail: david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-4692
Facsimile: (212) 294-4700

***Attorneys for Defendant Panasonic Corporation of North America***

DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA'S
AMENDED ANSWER TO THE TECH DATA PLAINTIFFS' FIRST AMENDED COMPLAINT

Case No. 07-5944 SC
MDL NO. 1917

1

### CERTIFICATE OF SERVICE

2

   On April 16, 2014, I caused a copy of "DEFENDANT PANASONIC

3

CORPORATION OF NORTH AMERICA'S AMENDED ANSWER TO THE TECH DATA

4

PLAINTIFFS' FIRST AMENDED COMPLAINT" to be served via ECF on the other parties in

5

this action.

6

      By: _/s/ Bambo Obaro_

7

       Bambo Obaro (Bar No. 267683)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28