UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | [~~PROPOSED~~] **FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO LG ELECTRONICS INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO., LTD.** |

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement with LG Electronics Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd. ( collectively "Defendant" or "LG") set forth in the settlement agreement ("Settlement"), dated May 28, 2013, relating to the above-captioned litigation, *In re Cathode Ray Tube (CRT) Antitrust Litigation,* Case No.3:07cv 05944 SC, MDL No. 1917 (N.D. Cal.) ("Action"). The Court after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the Settlement should be approved, and (2) that there is no just reason for delay of the entry of this final Judgment approving the Settlement. Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Settlement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Settlement, including all members of the Class and the Defendant.

2.  The definitions of terms set forth in the Settlement are incorporated hereby as though fully set forth in this Judgment.

3.  The Court hereby finally approves and confirms the settlement set forth in the Settlement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4.  The entity set out in Exhibit 1, attached hereto, has timely and validly requested exclusion from the Class and, therefore, is excluded. Such entity is not included in or bound by this Final Judgment. Such entity is not entitled to any recovery from the settlement proceeds obtained through the Settlement.

5.  This Court hereby dismisses on the merits and with prejudice the Action, certified as a settlement class in the Court's Order Granting Final Approval of the Settlement, in favor the Defendant, with each party to bear their own costs and attorneys' fees (subject to any motion, or

1

[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO LG ELECTRONICS INC.; LG ELECTRONICS USA, INC.; AND LG ELECTRONICS TAIWAN TAIPEI CO.LTD. ─ Master File No. CV-07-5944-SC

application, to be made by Plaintiffs' Class Counsel to seek attorneys' fees, costs, expenses, including expert fees and costs, and other such items from the Settlement Fund as provided for in the Settlement).

6. All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing any claims, demands, actions, suits, or causes of action, or otherwise seeking to establish liability, against LG ("Releasees") based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims (as defined and limited in the Settlement).

7. Releasees are hereby and forever released and discharged with respect to any and all claims, demands, actions, suits, or causes of action which the Releasors had or have arising out of or related to any of the Released Claims (as defined and limited in the Settlement).

8. The notice given to the Class of the settlement set forth in the Settlement and other matters set forth therein was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

9. One objection to the Settlement was filed by Jill K. Cannata. The objection is hereby overruled on the grounds that the objector is not a member of any Indirect Purchaser State Class and therefore lacks standing to challenge the Settlement. The filing by Donald Silvestri did not object to the approval of the Settlement but relates to the awarding of attorneys' fees and expenses, which request is not currently before the Court.

10. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs' Class Counsel for attorneys' fees, costs, expenses, including expert fees and costs, and other such items; (d) the Class Action until the final judgments

1 contemplated hereby have become effective and each and every act agreed to be performed by the
2 parties all have been performed pursuant to the Settlement; and (e) all parties to the Class Action and
3 Releasees for the purpose of enforcing and administering the Settlement and the mutual releases and
4 other documents contemplated by, or executed in connection with the Settlement.

5    11.    In the event that the settlement does not become effective in accordance with the
6 terms of the Settlement, then the judgment shall be rendered null and void and shall be vacated, and
7 in such event, all orders entered and releases delivered in connection herewith shall be null and void
8 and, except as otherwise provided in the Settlement, the parties shall be returned to their respective
9 positions ex ante.

10    12.    The Court determines, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil
11 Procedure, that this Final Judgment should be entered and further finds that there is no just reason
12 for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Settlement.
13 Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

Dated:   04/18/2014

_____
Hon. Samuel Conti
United States District Judge