# ATTACHMENT 19

3 International Contract Manual § 62:3

International Contract Manual
Database updated December 2013
Albert H. Kritzer
Francesco G. Mazzotta
Allison E. Butler
Albert H. Kritzer
Sieg Eiselen
Part II. Country Handbooks
Chapter 62. Japan

By: Kenichi Nakano [*]

§ 62:3. Contract principles—Arbitration

In most agreements in Japan, contracting parties usually include a clause in their agreement that stipulates that, if a dispute should arise between them with regard to the right and duties provided in the contract, the parties will confer in good faith and settle the dispute harmoniously through consultation. Where disputes cannot be so settled, the parties of the contract need to select between litigation and arbitration to resolve disputes.

On August 1, 2003, the Arbitration Act was enacted and took effect on March 1, 2004, which was modeled on the Model Act on International Commercial Arbitration. The act applies to arbitration conducted within Japanese jurisdiction.

Responding to the criticism that arbitral proceedings in Japan could be lengthy as well as quite costly, the Arbitration Act had adopted the improvised proceeding, [1] which does not necessarily require formal oral proceedings.

An arbitral award entered in Japan is accorded the same effect as a final and non-appealable judgment by a court and, except for specified situations listed in the Arbitration Act, including, but not limited to, where an agreement to choose arbitration is declared void, a notice of arbitration was not received by a party or an award is against good order and morals pursuant to Article 44 of the Arbitration Act, which also provides for other grounds for setting aside an arbitral award, can be enforced upon obtaining an enforcement order from a court. Even when an arbitral award is rendered outside of Japanese jurisdiction, there is no difference; it is still enforceable upon obtaining a court order. Although Japan had ratified the U.N. Convention on the Recognition and Enforcement of Foreign Arbitral Awards, [2] with regard to the enforcement of an arbitral award, pursuant to Article 7 of the treaty, it has been interpreted that the Arbitration Act will precede over this treaty. [3]

**Comment:**

When the parties of a contract wish to provide for arbitration, it is important to carefully delineate the mechanism by which the arbitration is to be conducted. In contracts between U.S. and Japanese parties, the common approach is to state that either party may initiate proceedings by notice to the other party requesting arbitration in accordance with the Japan-American Trade Arbitration Agreement of September 15, 1952. In this event, the arbitration will be conducted in accordance with the Commercial Arbitration Rules promulgated by the Japan Commercial Arbitration Treaty. If the parties would prefer different rules, they may state their preferred rules in their contract and provide that if the rules to be applied under the Japan-American Trade Arbitration Agreement are in any respect inconsistent with the provisions of the agreement between the parties, the provisions of the agreement shall apply.

Westlaw. © 2013 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

[*] Kenichi Nakano is a partner at Anderson Mori & Tomotsune, whose practice is focused on providing legal advice on activities required to conduct business in Japan, including such matters as establishment of a business presence in Japan, advising on regulatory requirements, preparing IT service agreements, rules of employment, and joint venture agreements. Mr. Nakano advises financial institutions in the areas of real estate trust law, the FSA inspection process, and inter-bank transactions. He also represents clients in

various types of litigation involving patent, copyright, real estate, financial futures, labor, and commercial transactions issues. *See,* http://www.amt-law.com/.

1     In this procedure, both sides of parties are expected, through oral discussion, to present their allegations and documentary evidence in detail, clarify the scope of their admissions and denials of both of the facts alleged by the opponent, and of the authenticity of the documentary evidence produced by the opponent.

2     Signed at New York on June 10, 1958.

3     *See, e.g.,* Tatsuya Nakamura, Learning the Arbitration Act through Q&A [Chusaihou Naruhodo Q&A]] 201 (Chuokeizaisha 2004).

---

**End of Document**     © 2014 Thomson Reuters. No claim to original U.S. Government Works.