BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br><br>ALL INDIRECT PURCHASER ACTIONS | Case No. 07-5944 SC<br>MDL No. 1917<br><br>**DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

MDL 1917

DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL

I, Charles M. Malaise, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On April 15, 2014, the Indirect Purchaser Plaintiffs ("Plaintiffs") filed an Administrative Motion to Seal (Dkt. 2536), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents, or portions thereof, that contain information from documents that the Philips Defendants have designated "Confidential" or "Highly Confidential:"

   i. Portions of Indirect Purchaser Plaintiffs' Opposition to Philips Taiwan Limited's and Philips do Brasil Ltda.'s Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction ("Opposition");

   ii. Portions of the Declaration of Lauren C. Capurro in Support of Indirect Purchaser Plaintiffs' Opposition to Philips Taiwan Limited's and Philips do Brasil Ltda.'s Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction ("Capurro Declaration"); and

   iii. Exhibits 2, 4, 6-7, 10, 12, 16-19, 27, and 34-41 to Capurro Declaration.

4. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Opposition, Capurro Declaration, and exhibits. The Philips Defendants, however, find this submission to be inappropriate and therefore did not originally file a declaration because the

Plaintiffs failed to file the predicate documents.

5. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following portions of documents should be maintained under seal and redacted from the Opposition:

   a. Opposition, page 2, footnote 2 (discussing and citing Exhibit 10 to the Capurro Declaration, an excerpt from the deposition transcript of Jim Smith that has been designed "Highly Confidential" pursuant to the Stipulated Protective Order);

   b. Opposition, page 3, footnote 3 (discussing and citing Exhibit 10 to the Capurro Declaration, an excerpt from the deposition transcript of Jim Smith that has been designed "Highly Confidential" pursuant to the Stipulated Protective Order);

   c. Opposition, page 4, footnote 6 (discussing and citing Exhibit 12 to the Capurro Declaration, a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-000049 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order);

   d. Opposition, page 4, footnote 10 (discussing and citing Exhibit 16 to the Capurro Declaration, a document produced by the Philips Defendants in this litigation with bates numbers EIN0051737 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order);

   e. Opposition, page 4, footnote 11 (discussing and citing Exhibit 17 to the Capurro Declaration, a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-000034 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order);

   f. Opposition, page 4, footnote 11 (discussing and citing Exhibit 18 to the Capurro Declaration, a document produced by the Philips Defendants in this litigation with bates numbers EIN0051737 - EIN0051744 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order);

      g.    Opposition, page 5, footnotes 12 and 14 (discussing and citing Exhibit 10 to the Capurro Declaration, an excerpt from the deposition transcript of Jim Smith that has been designed "Highly Confidential" pursuant to the Stipulated Protective Order);

      h.    Opposition, page 5, footnote 13 (discussing and citing Exhibit 19 to the Capurro Declaration, an excerpt from the deposition transcript of Roger de Moor, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Philips Defendants, that has been designed "Highly Confidential" pursuant to the Stipulated Protective Order);

      i.    Opposition, page 6 (discussing and citing Exhibit 2 to the Capurro Declaration, correspondence on April 14, 2009 from Ethan Litwin, former counsel for Philips Defendants, to Mario Alioto, lead counsel for the Indirect Purchaser Plaintiffs, and Guido Saveri, interim lead counsel for the Direct Purchaser Plaintiffs);

      j.    Opposition, page 7 (discussing and citing Exhibit 4 to the Capurro Declaration, correspondence on May 11, 2009 from Ethan Litwin, former counsel for Philips Defendants, to Mario Alioto, lead counsel for the Indirect Purchaser Plaintiffs, and Guido Saveri, interim lead counsel for the Direct Purchaser Plaintiffs);

      k.    Opposition, page 9, footnote 18 (discussing and citing Exhibit 6 to the Capurro Declaration, documents produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-000037, PHLP-CRT- 000043, and PHLP-CRT-000048 - PHLP-CRT-000049 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order);

      l.    Opposition, page 12 (discussing and citing to Exhibit 2 to the Capurro Declaration, correspondence on April 14, 2009 from Ethan Litwin, former counsel for Philips Defendants, to Mario Alioto, lead counsel for the Indirect Purchaser Plaintiffs, and Guido Saveri, interim lead for the Direct Purchaser Plaintiffs);

    m.   Opposition, page 13 (discussing and citing Exhibit 4 to the Capurro Declaration, correspondence on May 11, 2009 from Ethan Litwin, former counsel for Philips Defendants, to Mario Alioto, lead counsel for the Indirect Purchaser Plaintiffs, and Guido Saveri, interim lead counsel for the Direct Purchaser Plaintiffs);

    n.   Opposition, page 19 (discussing and citing to Exhibit 2 to the Capurro Declaration, correspondence on April 14, 2009 from Ethan Litwin, former counsel for Philips Defendants, to Mario Alioto, lead counsel for the Indirect Purchaser Plaintiffs, and Guido Saveri, interim lead for the Direct Purchaser Plaintiffs);

    o.   Opposition, page 19 (discussing and citing Exhibit 4 to the Capurro Declaration, correspondence on May 11, 2009 from Ethan Litwin, former counsel for Philips Defendants, to Mario Alioto, lead counsel for the Indirect Purchaser Plaintiffs, and Guido Saveri, interim lead counsel for the Direct Purchaser Plaintiffs);

    p.   Opposition, page 22, footnote 36 (discussing and citing Exhibit 10 to the Capurro Declaration, an excerpt from the deposition transcript of Jim Smith that has been designed "Highly Confidential" pursuant to the Stipulated Protective Order);

    q.   Opposition, page 23, footnote 38 (discussing and citing Exhibit 27 to the Capurro Declaration, a document produced by the Philips Defendants in this litigation with bates numbers EIN0108341 - EIN0108344 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order);

    r.   Opposition, page 24, footnote 40 (discussing and citing Exhibit 34 to the Capurro Declaration, a document produced by the Philips Defendants in this litigation with bates numbers JLJ000000879 - JLJ-00000915 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order);

    s.   Opposition, page 24, footnote 40 (discussing and citing Exhibit 10 to the Capurro Declaration, an excerpt from the deposition transcript of Jim Smith that has been designed "Highly Confidential" pursuant to the Stipulated Protective Order);

t. Opposition, page 24, footnote 41 (discussing and citing Exhibit 35 to the Capurro Declaration, a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-081122 - PHLP-CRT-081126 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order);

u. Opposition, page 24, footnote 41 (discussing and citing Exhibit 36 to the Capurro Declaration, a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-093280 - PHLP-CRT-093281 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order);

v. Opposition, page 24, footnote 42 (discussing and citing Exhibit 37 to the Capurro Declaration, a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-081128 - PHLP-CRT-081151 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order);

w. Opposition, page 24, footnote 42 (discussing and citing Exhibit 34 to the Capurro Declaration, a document produced by the Philips Defendants in this litigation with bates numbers JLJ000000879 - JLJ-00000915 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order);

x. Opposition, page 24, footnotes 42 and 43 (discussing and citing Exhibit 19 to the Capurro Declaration, an excerpt from the deposition transcript of Roger de Moor, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Philips Defendants, that has been designed "Highly Confidential" pursuant to the Stipulated Protective Order);

y. Opposition, page 24, footnote 43 (discussing and citing Exhibit 38 to the Capurro Declaration, a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-124781 - PHLP-CRT-124785 that the Philips

1 | Defendants designated "Confidential" pursuant to the Stipulated Protective
2 | Order);
3 | z. Opposition, page 25, footnote 44 (discussing and citing Exhibit 39 to the Capurro
4 | Declaration, a document produced by the Philips Defendants in this litigation
5 | with bates numbers PHLP-CRT-093302 - PHLP-CRT-093303 that the Philips
6 | Defendants designated "Confidential" pursuant to the Stipulated Protective
7 | Order);
8 | aa. Opposition, page 25, footnotes 44 and 45 (discussing and citing Exhibit 19 to the
9 | Capurro Declaration, an excerpt from the deposition transcript of Roger de
10 | Moor, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Philips
11 | Defendants, that has been designed "Highly Confidential" pursuant to the
12 | Stipulated Protective Order);
13 | bb. Opposition, page 25, footnotes 45 (discussing and citing Exhibit 34 to the
14 | Capurro Declaration, a document produced by the Philips Defendants in this
15 | litigation with bates numbers JLJ000000879 - JLJ-00000915 that the Philips
16 | Defendants designated "Confidential" pursuant to the Stipulated Protective
17 | Order);
18 | cc. Opposition, page 25, footnotes 46 (discussing and citing Exhibit 40 to the
19 | Capurro Declaration, a document produced by the Philips Defendants in this
20 | litigation with bates numbers EIN0107841 - EIN0107844 that the Philips
21 | Defendants designated "Confidential" pursuant to the Stipulated Protective
22 | Order); and
23 | dd. Opposition, page 25, footnotes 46 (discussing and citing Exhibit 41 to the
24 | Capurro Declaration, a document produced by the Philips Defendants in this
25 | litigation with bates numbers EIN0107848 - EIN0107850 that the Philips
26 | Defendants designated "Confidential" pursuant to the Stipulated Protective
27 | Order).

6. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following portions of documents should be maintained under seal and redacted from the Capurro Declaration:

   a. Capurro Declaration, Paragraph 15 (discussing and citing Exhibit 6, which are documents produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-000037, PHLP-CRT- 000043, and PHLP-CRT-000048-PHLP-CRT-000049  that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order;

   b. Capurro Declaration, Paragraph 31 (discussing and citing Exhibit 10, which are excerpts from the deposition transcript of Jim Smith that has been designed "Highly Confidential" pursuant to the Stipulated Protective Order);

   c. Capurro Declaration, Paragraph 38 (discussing and citing Exhibit 12, which is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-000049  that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order);

   d. Capurro Declaration, Paragraph 42 (discussing and citing Exhibit 16, which is a document produced by the Philips Defendants in this litigation with bates numbers EIN0051737  that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order);

   e. Capurro Declaration, Paragraph 43 (discussing and citing Exhibit 17, which is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-000034 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order);

   f. Capurro Declaration, Paragraph 44 (discussing and citing Exhibit 18, which is a document produced by the Philips Defendants in this litigation with bates numbers EIN0051737-EIN0051744  that the Philips Defendants designated

|   |   |   |
|---|---|---|
| 1 |    | "Confidential" pursuant to the Stipulated Protective Order); |
| 2 | g. | Capurro Declaration, Paragraph 45 (discussing and citing Exhibit 19, which are excerpts from the deposition transcript of Roger de Moor, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Philips Defendants, that has been designed "Highly Confidential" pursuant to the Stipulated Protective Order); |
| 6 | h. | Capurro Declaration, Paragraph 53 (discussing and citing Exhibit 27, which is a document produced by the Philips Defendants in this litigation with bates numbers EIN0108341 - EIN01083433 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order); |
| 10 | i. | Capurro Declaration, Paragraph 60 (discussing and citing Exhibit 34, which is a document produced by the Philips Defendants in this litigation with bates numbers JLJ000000879 - JLJ-00000915 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order); |
| 14 | j. | Capurro Declaration, Paragraph 61 (discussing and citing Exhibit 35, which is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-081122 - PHLP-CRT-081126 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order); |
| 18 | k. | Capurro Declaration, Paragraph 62 (discussing and citing Exhibit 36, which is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-093280 - PHLP-CRT-093281 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order); |
| 22 | l. | Capurro Declaration, Paragraph 63 (discussing and citing Exhibit 37, which is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-081128 - PHLP-CRT-081151 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order); |
| 26 | m. | Capurro Declaration, Paragraph 64 (discussing and citing Exhibit 38, which is a document produced by the Philips Defendants in this litigation with bates |

1 numbers PHLP-CRT-124781 - PHLP-CRT-124785 that the Philips Defendants

2 designated "Confidential" pursuant to the Stipulated Protective Order);

3   n.  Capurro Declaration, Paragraph 65 (discussing and citing Exhibit 39, which is a

4 document produced by the Philips Defendants in this litigation with bates

5 numbers PHLP-CRT-093302 - PHLP-CRT-093303 that the Philips Defendants

6 designated "Confidential" pursuant to the Stipulated Protective Order);

7   o.  Capurro Declaration, Paragraph 66 (discussing and citing Exhibit 40, which is a

8 document produced by the Philips Defendants in this litigation with bates

9 numbers EIN0107841 - EIN0107844 that the Philips Defendants designated

10 "Confidential" pursuant to the Stipulated Protective Order); and

11   p.  Capurro Declaration, Paragraph 67 (discussing and citing Exhibit 41, which is a

12 document produced by the Philips Defendants in this litigation with bates

13 numbers EIN0107848 - EIN0107850 that the Philips Defendants designated

14 "Confidential" pursuant to the Stipulated Protective Order).

15   7.  Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No.

16 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated

17 Protective Order, the following Exhibits to the Capurro Declaration documents should be maintained

18 under seal:

19   a.  Attached as Exhibit 2 to the Capurro Declaration is correspondence on April 14,

20 2009 from Ethan Litwin, former counsel for Philips Defendants, to Mario Alioto,

21 lead counsel for the Indirect Purchaser Plaintiffs, and Guido Saveri, interim lead

22 counsel for the Direct Purchaser Plaintiffs;

23   b.  Attached as Exhibit 4 to the Capurro Declaration is correspondence on May 11,

24 2009 from Ethan Litwin, former counsel for Philips Defendants, to Mario Alioto,

25 lead counsel for the Indirect Purchaser Plaintiffs, and Guido Saveri, interim lead

26 counsel for the Direct Purchaser Plaintiffs;

27   c.  Attached as Exhibit 6 to the Capurro Declaration are documents produced by the

28

1   Philips Defendants in this litigation with bates numbers PHLP-CRT-000037,
2   PHLP-CRT- 000043, and PHLP-CRT-000048- PHLP-CRT-000049 that the
3   Philips Defendants designated "Confidential" pursuant to the Stipulated
4   Protective Order;

5   d.  Attached as Exhibit 7 to the Capurro Declaration is correspondence on June 17,
6       2011 from Andreas Stargard, former counsel for the Philips Defendants, to
7       Lauren Russell, lead counsel for Indirect Purchaser Plaintiffs, and Rick Saveri,
8       interim lead counsel for Direct Purchaser Plaintiffs;

9   e.  Attached as Exhibit 10 to the Capurro Declaration are excerpts from the
10      deposition transcript of Jim Smith that has been designed "Highly Confidential"
11      pursuant to the Stipulated Protective Order;

12  f.  Attached as Exhibit 12 to the Capurro Declaration is a document produced by the
13      Philips Defendants in this litigation with bates numbers PHLP-CRT-000049 that
14      the Philips Defendants designated "Confidential" pursuant to the Stipulated
15      Protective Order;

16  g.  Attached as Exhibit 16 to the Capurro Declaration is a document produced by the
17      Philips Defendants in this litigation with bates numbers EIN0051737 that the
18      Philips Defendants designated "Confidential" pursuant to the Stipulated
19      Protective Order;

20  h.  Attached as Exhibit 17 to the Capurro Declaration is a document produced by the
21      Philips Defendants in this litigation with bates numbers PHLP-CRT-000034 that
22      the Philips Defendants designated "Confidential" pursuant to the Stipulated
23      Protective Order;

24  i.  Attached as Exhibit 18 to the Capurro Declaration is a document produced by the
25      Philips Defendants in this litigation with bates numbers EIN0051737-
26      EIN0051744 that the Philips Defendants designated "Confidential" pursuant to
27      the Stipulated Protective Order;

j.  Attached as Exhibit 19 to the Capurro Declaration are excerpts from the deposition transcript of Roger de Moor, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Philips Defendants, that has been designed "Highly Confidential" pursuant to the Stipulated Protective Order;

k.  Attached as Exhibit 27 to the Capurro Declaration is a document produced by the Philips Defendants in this litigation with bates numbers EIN0108341 - EIN01083433 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order;

l.  Attached as Exhibit 34 to the Capurro Declaration is a document produced by the Philips Defendants in this litigation with bates numbers JLJ000000879 - JLJ-00000915 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order;

m.  Attached as Exhibit 35 to the Capurro Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-081122 - PHLP-CRT-081126 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order;

n.  Attached as Exhibit 36 to the Capurro Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-093280 - PHLP-CRT-093281 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order;

o.  Attached as Exhibit 37 to the Capurro Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-081128 - PHLP-CRT-081151 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order;

p.  Attached as Exhibit 38 to the Capurro Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-124781 - PHLP-CRT-124785 that the Philips Defendants designated "Confidential"

1           pursuant to the Stipulated Protective Order;

2     q.    Attached as Exhibit 39 to the Capurro Declaration is a document produced by the Philips Defendants in this litigation with bates numbers PHLP-CRT-093302 - PHLP-CRT-093303 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order;

6     r.    Attached as Exhibit 40 to the Capurro Declaration is a document produced by the Philips Defendants in this litigation with bates numbers EIN0107841 - EIN0107844 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order; and

10     s.    Attached as Exhibit 41 to the Capurro Declaration is a document produced by the Philips Defendants in this litigation with bates numbers EIN0107848 - EIN0107850 that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order.

8. The information in question from the Opposition, Capurro Declaration, and exhibits relies on documents designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the documents contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' competitors and customers, and would put the Philips Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1   Executed on May 1, 2014 in Washington, D.C.

_____
Charles M. Malaise