BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys Specially Appearing for Defendants
Philips Taiwan Limited and Philips do Brasil Ltda.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Case No. 07-5944 SC<br>MDL No. 1917<br><br>**SECOND DECLARATION OF ERIK T. KOONS IN SUPPORT OF PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION** |

MDL 1917

SECOND DECLARATION OF ERIK T. KOONS IN SUPPORT OF PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION (3:07-CV-05944 SC, MDL NO. 1917)

1    I, Erik T. Koons, hereby declare as follows:

2.   1.   I am a partner with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. ("KPNV") and Philips Electronics North America Corporation ("PENAC"). I make this Second Declaration in support of Philips Taiwan Limited's ("PTL") and Philips do Brasil Ltda.'s ("PDBL") Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction.

2.   On or about November 15, 2013, Mr. Alioto contacted me to discuss the previously filed motion to dismiss for lack of personal jurisdiction and insufficient service of process. I inquired why the IPPs felt the need at this late date to include PTL and PDBL in the action. I dispute the characterization in Mr. Alioto's April 14, 2014 declaration (paragraph 3) regarding my purported statement that PTL and PDBL did not need to be joined because "there were other Philips entities already named as defendants who could pay any judgment entered in this case."

3.   On February 5, 2014, counsel for the IPPs contacted me and asked if I would accept service on behalf of PTL and PDBL. At no point did I "agree" that the IPPs could "just mail copies of the [Fourth Consolidated Amended Complaint] return receipt requested." To the contrary, I stated that I was not authorized to accept service on behalf of PTL and PDBL and that the IPPs would need to serve these defendants through formal and proper channels. IPPs' counsel stated that they would nonetheless serve me personally in the first instance, but that they would also consider subsequently serving process through the Hague Convention or other formal service of process. I encouraged counsel for the IPPs to pursue formal service of process as service on me through mail or by process server would be ineffective.

4.   During the February 5, 2014 telephone conference, I informed counsel for the IPPs that the Court's September 3, 2008 Order (dkt no. 374) did not apply to the unique circumstances relating to service on PTL and PDBL. IPPs' counsel's reference in the April 14, 2014 declaration (paragraph 5) regarding the correctness (i.e., "wrong") of the Court's Order is wholly inaccurate.

- 2 -

SECOND DECLARATION OF ERIK T. KOONS IN SUPPORT OF PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION (3:07-CV-05944 SC, MDL NO. 1917)

5. In disregard of my instructions, the IPPs delivered a copy of the IPPs' Fourth Consolidated Amended Complaint and summons by certified mail dated February 18, 2014, stating in the cover letter that this mailing was to purportedly effect service on PTL and PDBL.

6. On March 4, 2014, I participated in a telephonic meet-and-confer with counsel for the IPPs during which I again informed IPP counsel that service of the Fourth Amended Complaint was defective and thus ineffective. I again encouraged IPP counsel to formally serve PTL and PDBL through proper channels and inquired whether, in accordance with their statement that they would consider same, the IPPs intended to effectuate such formal service. Counsel for the IPPs stated that they had decided after the February 5, 2014 telephone conference that they would not effect service through alternative, formal means.

7. During the March 4, 2014 conference, counsel for the IPPs also stated that they could not rule out the possibility that they would seek substantial jurisdictional or merits discovery relating to PTL and PDBL.

8. Jim Smith appeared for a deposition in this litigation as a third-party witness. He was not produced by any Philips defendant as an employee of any Philips entity.

9. Attached as Exhibit A to this declaration is a true and correct copy of excerpts of the Rule 30(b)(6) Deposition of Roger De Moor taken on July 31, 2012 and August 1, 2012.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 1st day of May, 2014, in Washington, D.C.

/s/ Erik T. Koons
Erik T. Koons

- 3 -

SECOND DECLARATION OF ERIK T. KOONS IN SUPPORT OF PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION (3:07-CV-05944 SC, MDL NO. 1917)