Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Sharp Electronics Corp.,* et al. v. *Hitachi Ltd.*, et al., Case No. 13-cv-1173 SC | Case No. 07-cv-5944 SC<br><br>MDL No. 1917<br><br>**SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY**<br><br>DATE:    May 30, 2014<br>TIME:    10:00 a.m.<br>PLACE: Courtroom 1, 17th Floor<br>JUDGE: Hon. Samuel Conti |

## MEMORANDUM OF LAW

Respectfully, none of the arguments that Toshiba presents in its motion for leave justifies permitting a surreply. This would be Toshiba's sixth brief on the issue of the BTA. As demonstrated below, the Sharp Plaintiffs' reply brief in support of its motion for leave to amend properly responded to Toshiba's opposition brief, and raised no new legal arguments. Toshiba's proposed surreply also raises no new issues, and instead restates arguments Toshiba has already made. Its motion for leave should be denied. *See Heil Co. v. Curotto Can Co.*, No. 04-cv-1590 MMC, 2004 WL 2600134, at *1 n.1 (N.D. Cal. Nov. 16, 2004) (denying defendant leave to file surreply where plaintiff's reply brief did "not raise new legal arguments, but, rather, respond[ed] to legal arguments made in defendant's opposition"); *Caldwell v. Wells Fargo Bank, N.A.*, No. 13-cv-1344 LHK, 2014 WL 789083, at *2 n.3 (N.D. Cal. Feb. 26, 2014) (denying motion to file surreply where the opposing party "did not raise new arguments that required a response in its reply brief"); *Andersen v. Schwan Food Co.*, No. 13-cv-2362 PJH, 2013 WL 3989562, at *6 (N.D. Cal. Aug. 2, 2013) (same); *see also Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 515 (D. Idaho 2013) ("A reply necessarily raises facts and issues, for the first time, that are germane to the opposition. If the evidence and argument included with a motion were required to anticipate the arguments a respondent might raise in opposition to the motion, the court would not permit the movant to file a reply to any opposition.") (internal quotation and citation omitted); *Levias v. Pac. Mar. Ass'n*, No. 08-cv-1610 JPD, 2010 WL 431884, at *2 (W.D. Wash. Jan. 27, 2010).[1]

*First*, the Sharp Plaintiffs' reference to the briefing and decision as to Costco did not constitute a new argument. The Sharp Plaintiffs acknowledged in their motion for leave to amend that both parties could have done a better job in their initial briefing on the motion to

---

[1] Toshiba's cited authority is inapposite. In both *Toomey v. Nextel Communications, Inc.*, No. 03-cv-2887 MMC, 2004 WL 5512967, at *1 (N.D. Cal. Sep. 23, 2004), and *Sharper Image Corp. v. Consumers Union of United States*, No. 03-cv-4094 MMC, 2004 WL 2713064, at *1 n.1 (N.D. Cal. Feb. 23, 2004), Judge Chesney granted motions to file surreplies to address new arguments raised for the first time in reply. The same situation is not present here. The Sharp Plaintiffs raised no new arguments in reply.

SHARP PLAINTIFFS' OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY
CASE NO. 13-1173-SC; MDL NO. 1917

1

dismiss of addressing joint-and-several liability. In its opposition brief to the motion for leave to amend, Toshiba argued that the Sharp Plaintiffs should have been on notice that Toshiba sought to dismiss joint-and-several claims, because the positions it took regarding joint-and-several liability in its motion to dismiss were "unmistakeabl[e]." Toshiba Opp. at 3, 7-8, Dkt. No. 2538.[2] In reply, the Sharp Plaintiffs cited to Toshiba's prior briefing on the Costco issue to contrast a situation in which Toshiba's positions were indeed "unmistakeabl[e]" with its briefing here. In the Costco briefing, Toshiba expressly argued that the arbitration clause at issue embraced joint-and-several claims. In its briefing on the issue of the BTA, Toshiba did not. This simple point was proper in reply, and does not warrant granting an additional brief to Toshiba.

Beyond that, Toshiba's efforts to distinguish the Costco decision restate arguments Toshiba already made in its opposition and so require no surreply. Toshiba admits that as to Costco, this Court previously held that a clause requiring arbitration of "claims and disputes" that "arise out of or relate to these Standard Terms or any agreement between Vendor and PriceCostco . . ." did not encompass claims based upon co-conspirator or joint-and-several liability. Toshiba Proposed Surreply at 4, Dkt. No. 2553-1. Toshiba argues that the result should be different here, because of the additional inclusion of the phrases "doubts" and "unsolved items" in the BTA. Toshiba Opp. at 13; Toshiba Proposed Surreply at 5. But these are the same arguments Toshiba made in its opposition, and they are not persuasive for the reasons identified by the Sharp Plaintiffs in reply.[3]

*Second,* Toshiba's quotation from the International Contract Manual rebuts no new argument and does not support Toshiba's proposed interpretation of the BTA. In its opposition, Toshiba argued that the BTA's inclusion of a "good faith" clause requires broadly that all "disputes or doubts" or "unsolved items" must be resolved in Osaka, Japan. Toshiba Opp. at 12-

---

[2] As used herein, all references to "Dkt. No." are to materials filed in *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-5944 SC, MDL No. 1917 (N.D. Cal.).

[3] If anything, Toshiba's proposed surreply confirms that its interpretation of the BTA as covering joint-and-several or co-conspirator liability is flawed, as Toshiba now admits that "in executing the BTA, the parties may not have anticipated the possibility of there being a question of joint-and-several liability that might arise in the future." Toshiba Proposed Surreply at 5.

14. In reply, the Sharp Plaintiffs responded to this argument by citing, among other things, the International Contract Manual, which explains that most agreements in Japan include "good faith" clauses so that the parties can "settle the dispute harmoniously through consultation." Reply at 5, Dkt. No. 2547. There is no need for Toshiba to file a surreply to re-quote this source. *See* Toshiba Proposed Surreply at 5 ("'Where disputes cannot be so settled, the parties of the contract need to select between litigation and arbitration to resolve disputes.'") (quoting 3 Int'l Contract Manual § 62:3 (Dec. 2013)). Nor, in any event, does the portion of the Manual on which Toshiba relies support Toshiba's position. The text merely confirms the Sharp Plaintiffs' plain-meaning reading of the BTA: if there are "disputes or doubts that arise <u>in relation to this Agreement or individual Agreement</u>" or "unsolved items <u>in this Agreement or individual Agreement</u>," Article 21(1) requires that the parties act in "good faith" to resolve them, and resort to litigation only thereafter. Toshiba Mot. to Dismiss, Attach. 3 at 8, Dkt. No. 2000 (emphasis added). But for all the reasons the Sharp Plaintiffs explained already, Toshiba's joint-and-several liability for its co-conspirators' sales to the Sharp Plaintiffs presents no "dispute or doubt" or "unsolved item" *relating to the Agreement*. The "good faith" language adds nothing to Toshiba's argument, nor does the International Contract Manual.

*Third*, the Sharp Plaintiffs cited *Fogade v. ENB Revocable Trust,* 263 F.3d 1274 (11th Cir. 2001), in their reply to respond directly to an argument raised by Toshiba. In its opposition, Toshiba argued that "Sharp should have known that any dismissal for *forum non conveniens* would be with prejudice" and that "amendment of the complaint can do nothing to state a cognizable claim." Toshiba Opp. at 10-11. Toshiba also argued that "Sharp's proposed amendment is also futile because the doctrine of *forum non conveniens* requires dismissal of Sharp's joint-and-several claims, separate and apart from the forum-selection clause of the BTA." Toshiba Opp. at 15. In response, Sharp cited *Fogade* to demonstrate that Toshiba's argument was incorrect on both points. Reply at 7-8. In *Fogade*, the district court granted leave to amend, after dismissal without prejudice for *forum non conveniens*, because the plaintiff eliminated the claims based on the foreign conduct that justified the original dismissal. *Fogade*, 263 F.3d at 1279. *Fogade* demonstrates that the Sharp Plaintiffs' proposed amendment would not be futile and is

SHARP PLAINTIFFS' OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY
CASE NO. 13-1173-SC; MDL NO. 1917

3

directly responsive to Toshiba's argument.  The immaterial differences Toshiba highlights between *Fogade* and this case provide no basis for a surreply.  *See Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) ("Surreplies . . . are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter").

*Fourth*, Toshiba once again characterizes the Sharp Plaintiffs' motion as one for reconsideration instead of one for leave to amend.  As explained in the motion to amend, the Sharp Plaintiffs are not seeking to modify or re-argue the Court's prior ruling.  The proposed narrowing is appropriate for an amended complaint.  The decision cited by Toshiba both here and in its opposition brief, *Ruiz v. Gap, Inc.*, No. 07-cv-5739 SC, 2009 WL 250481 (N.D. Cal. Feb. 3, 2009), is not to the contrary.  In *Ruiz*, the Court considered the plaintiff's request to re-allege a California Unfair Competition Law claim, which the Court had specifically dismissed, stating in its dismissal order that "[a]ll dismissals are with prejudice as none of the dismissed claims is curable by amendment."  Order at 1, *Ruiz v. Gap, Inc.,* No. 07-cv-5739 SC (Mar. 24, 2008), Dkt. No. 46.  Here, the Court's dismissal Order did not specifically address the Sharp Plaintiffs' joint-and-several claims (which had not been specifically raised by either party in the briefing below) and did not state that none of the dismissed claims could be cured by amendment.  In any event, the court in *Ruiz* addressed the merits of the amendment – not just procedure – and noted that the amendment as to the claim would be futile because the plaintiff had no required injury.  *Ruiz*, 2009 WL 250481, at *3-4.  For all the reasons the Sharp Plaintiffs have already explained, their amendments are not futile here.

*Fifth,* and finally, Toshiba seeks again to bring this dispute back to non-party Sharp Corporation.  Toshiba emphasizes that Sharp Corporation appeared on the docket in this MDL two years ago as part of a discrete 28 U.S.C. § 1782 proceeding for the purpose of seeking discovery for its use in a Korean litigation.  That Korean litigation did not involve any Toshiba entity or any of the Sharp Plaintiffs.  Sharp Corporation lost that motion and was denied access to discovery.  More importantly, Toshiba does not dispute that Sharp Corporation was not then and is not now a party to this case.  Toshiba does not dispute that the Sharp Plaintiffs seek no damages – from Toshiba or anyone else – for injuries to Sharp Corporation.  As such, the prior

SHARP PLAINTIFFS' OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY
CASE NO. 13-1173-SC; MDL NO. 1917

4

§ 1782 proceeding and Sharp Corporation's participation in it has no bearing on the BTA's impact on this litigation.

The central issue here remains the same: whether justice requires that the Sharp Plaintiffs' amendment be freely granted. We respectfully submit that the Sharp Plaintiffs should not be barred from pursuing joint-and-several claims worth potentially hundreds of millions of dollars because the initial briefing on Toshiba's motion to dismiss did not clearly articulate why the BTA cannot apply to these joint-and-several claims. Toshiba's motion for leave to file a surreply should be denied.

DATED: May 5, 2014      By: */s/ Craig A. Benson*

>Kenneth A. Gallo (*pro hac vice*)
>Joseph J. Simons (*pro hac vice*)
>Craig A. Benson (*pro hac vice*)
>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
>2001 K Street, NW
>Washington, DC 20006
>Telephone: (202) 223-7300
>Facsimile: (202) 223-7420
>Email: kgallo@paulweiss.com
>Email: jsimons@paulweiss.com
>Email: cbenson@paulweiss.com
>
>Stephen E. Taylor (SBN 058452)
>Jonathan A. Patchen (SBN 237346)
>TAYLOR & COMPANY LAW OFFICES, LLP
>One Ferry Building, Suite 355
>San Francisco, California 94111
>Telephone: (415) 788-8200
>Facsimile: (415) 788-8208
>Email: staylor@tcolaw.com
>Email: jpatchen@tcolaw.com
>
>*Attorneys for Plaintiffs*

SHARP PLAINTIFFS' OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY
CASE NO. 13-1173-SC; MDL NO. 1917

5

**CERTIFICATE OF SERVICE**

On May 5, 2014, I caused a copy of **SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY** to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

DATED:  May 5, 2014                    By: */s/ Craig A. Benson*
                                           Craig A. Benson

SHARP PLAINTIFFS' OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY
CASE NO. 13-1173-SC; MDL NO. 1917

6