BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br><br>ALL INDIRECT PURCHASER ACTIONS | Case No. 07-5944 SC<br>MDL No. 1917<br><br>**DECLARATION OF CHARLES M. MALAISE IN SUPPORT OF PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

1    I, Charles M. Malaise, hereby declare as follows:

2    1.    I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants").  I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2.    I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3.    On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order").  On May 1, 2014, Philips Taiwan Limited ("PTL") and Philips do Brasil Ltda. ("PDBL")  filed an Administrative Motion to Seal (Dkt. 2561), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents, or portions thereof, that contain information from documents that the Philips Defendants have designated "Confidential" or "Highly Confidential:"

   i.    Portions of Philips Taiwan Limited's and Philips do Brasil Ltda.'s Reply in Support of Their Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction ("Reply"), and

   ii.   Exhibit A to Second Declaration of Erik T. Koons in Support of Philips Taiwan Limited's and Philips do Brasil Ltda.'s Motion To Dismiss For Insufficient Service Of Process And Lack Of Personal Jurisdiction ("Exhibit A to Koons Declaration").

4.    Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Reply, and Exhibit A to Koons Declaration.

5.    Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective

Order, the following portions of documents should be maintained under seal and redacted from the Reply:

    a. Reply, page 10 (discussing and citing Exhibit 19 to the Declaration of Lauren Capurro in Support of the IPP's Opposition to Philips Taiwan Limited's and Philips Do Brasil Ltda.'s Motion to Dismiss ("Capurro Declaration"), an excerpt from the deposition transcript of Roger de Moor, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Philips Defendants, that has been designed "Highly Confidential" pursuant to the Stipulated Protective Order);

    b. Reply, page 10 (discussing and citing Exhibit A to Koons Declaration, an excerpt from the deposition transcript of Roger de Moor, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Philips Defendants, that has been designed "Highly Confidential" pursuant to the Stipulated Protective Order);

    c. Reply, page 11 (discussing and citing IPP's Opposition to Philips Taiwan Limited's and Philips Do Brasil Ltda.'s Motion to Dismiss, which references and summarizes documents that the Philips Defendants designated "Confidential" pursuant to the Stipulated Protective Order); and

    d. Reply, page 11 (discussing and citing Exhibit 19 to the Capurro Declaration, an excerpt from the deposition transcript of Roger de Moor, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Philips Defendants, that has been designed "Highly Confidential" pursuant to the Stipulated Protective Order).

    6. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, Exhibit A to Koons Declaration should be maintained under seal because it is an excerpt from the deposition transcript of Roger de Moor, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Philips Defendants, that has been designed "Highly Confidential" pursuant to the Stipulated Protective Order.

    7. The information in question from the Reply and Exhibit A to Koons Declaration

relies on documents designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the documents contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions.  The documents describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions.  Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' competitors and customers, and would put the Philips Defendants at a competitive disadvantage.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on May 7, 2014 in Washington, D.C.

_____
Charles M. Malaise