KAMALA D. HARRIS
Attorney General of California
MARK BRECKLER
Chief Assistant Attorney General
KATHLEEN E. FOOTE
Senior Assistant Attorney General
State Bar No. 65819
EMILIO VARANINI
Deputy Attorney General
State Bar No. 163952
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5908
 Fax:  (415) 703-5480
 E-mail:  Emilio.Varanini@doj.ca.gov

*Attorneys for the State of California et al.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**ADMINISTRATIVE MOTION FOR ORDER ISSUING LETTERS OF REQUEST FOR TAKING OF EVIDENCE FROM  WOONG TAE (W.T.) KIM AND MYUNG JOON (M.J.) KIM OF THE REPUBLIC OF KOREA** |
| This Documents Relates To:<br><br>ALL ACTIONS | |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:  PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 7.11, Plaintiff the Attorney General of the State of California[1] respectfully moves this Court pursuant to Federal Rule of Civil Procedure 28(b)(1) and the Hague Convention for an order issuing the letters of request accompanying the proposed order to the relevant authorities in the Republic of Korea ("Letters of Request"). The Letters of Request , if granted by the relevant authorities in the Republic of Korea, would allow for the taking of evidence from Woong Tae (W.T.) Kim and Myung Joon (M.J.) Kim before the fact discovery cut-off on September 5, 2014.  Woong Tae (W.T.) Kim and Myung Joon (M.J.) Kim are ex-employees of one of the Defendants in this action, LG Electronics, Inc. ("LG").  As explained in the accompanying memorandum, the issuance of these letters of request is an administrative act that warrants the use of Civil Local Rule 7.11.  The use of Civil Local Rule 7.11 is also justified by the urgency of this request in that the Letters of Request must be promptly delivered to the relevant authorities in the Republic of Korea so that the depositions of Woong Tae (W.T.) Kim and Myung Joon (M.J.) Kim may be conducted as promptly as possible and before the cut-off of fact discovery on September 5, 2014. *See* Decl. of Emilio E. Varanini  at ¶ 11.  This administrative motion is based on this notice, the accompanying memorandum of points and authorities, the declaration of Emilio E. Varanini along with attached exhibits, and the record in this matter.  LG does not object to this request.  *See id.*  at ¶ 7.[2]

---

[1] Even though the Attorney General's case was filed in state court, the Attorney General is also a participant in this case because she agreed to coordinate discovery in her case with discovery in the above entitled action.  This Court approved the coordination by entering the discovery protocol governing this case. Order Regarding Discovery and Case Management Protocol, *In re CRT Antitrust Antitrust Litig.*, MDL No. 1917 (Apr. 3, 2012) [Docket No. 1128]. Though the Attorney General brings this motion to take evidence from these two witnesses as part of the ten witnesses allocated to her in these proceedings, this motion is not opposed by the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, or the Direct Action Plaintiffs.  In the event that the letters of request are served, and evidence is to be taken from these two witnesses, the Attorney General will consult with the other Plaintiffs' groups to try to ensure that all questions pertinent to the respective cases of the different Plaintiffs' groups are asked.  *See* Decl. of Emilio E. Varanini at ¶ 10.

[2] The Attorney General is aware of this Court's order appointing a Special Master for purposes of discovery.  Order Appointing Special Master for Discovery, *In re CRT Antirust*
(continued…)

**MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Civil Procedure 28(b)(1) provides that a deposition may be taken in a foreign country under a letter of request.  In turn, Federal Rule of Civil Procedure 28(b)(2) provides not only that this Court may issue a letter of request upon receipt of an application and notice but also that no showing is required that another means of deposing the witness would be impractical or inconvenient.   This Court is eminently justified in issuing the proposed letters of request for the  taking of evidence from Woong Tae (W.T.) Kim and Myung Joon (M.J.) Kim, ex-employees of LG, in the Republic of Korea under Federal Rule of Civil Procedure 28(b) based on the discovery protocol and others in effect, the facts of this case as they bear on Plaintiffs' claims, and the case law.[3]

First, the deposition protocol itself contemplates that the Plaintiffs can choose which witnesses they want to depose, without restriction, so long as they do not breach the total number set forth therein.  Order Appointing Special Master for Discovery, *In re CRT Antirust Litig.*, MDL No. 1917 (Dec. 17, 2013) [Docket No.  2272].  Moreover, the former Special Master ruled that the Attorney General could depose up to 10 witnesses of her own without constraining her in any respect.  Report and Recommendations Regarding Scheduling Order and Discovery and Case Management Protocol at 5-6, *In re CRT Antirust Litig.*, MDL No. 1917  (Mar. 19, 2012) [Docket No. 1092].  No objections were filed to this recommendation as required by Federal Rule of Civil

---

(…continued)
*Litig.*, MDL No. 1917 (Dec. 17, 2013) [Docket No.  2272].   However, only this Court has the authority to execute the proposed letters of request allowing her to examine Woong Tae (W.T.) Kim and Myung Joon (M.J.) Kim.  Fed.  R. Civ. P. 28(b)(2).  Moreover, the instant matter is an urgent one.  Decl. of Emilio E. Varanini at ¶ 11.  Finally, the issuance of a letter of request is, as the Attorney General explains in the memorandum, virtually administrative in nature such that it does not present the kind of discovery dispute for which a Special Master was thought to be necessary.

[3] A notice of deposition and a subpoena are not attached because the taking of evidence from Woong Tae (W.T.) Kim and Myung Joon (M.J.) Kim must occur in accordance with the processes of the Republic of Korea given that the Republic of Korea objected to "the provisions of articles 16 and 17 of Chapter II of the [Hague] Convention, which pertains to the taking of voluntary depositions of Korean nationals or third country nationals by commissioners.  Private attorneys and consular officers are prohibited from taking depositions of Korean National and Third Country National willing witnesses.  Consequently, depositions of such willing witnesses in South Korea must be undertaken pursuant to a request to the South Korean Central Authority and in the context of the South Korean court system."  http://tsgsandbox.his.com/law/judicial/judicial_4735.html (accessed on Apr. 30, 2014); *see* Decl. of Emilio E. Varanini at ¶ 8.

Procedure 53(f)(2).  Consequently, the discovery protocol and associated order support the issuance of the proposed letters of request.

Second, the case law provides that issuing letters of request is particularly appropriate under, though not limited to, circumstances in which the witness in question is a foreign nonparty who is beyond the jurisdiction of this Court.  *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 364 (D. Kan. 2010); *accord*, *Upper Deck Intern. B.V. v. Upper Deck Co.*, 2013 WL 3746086, *1 (S.D. Cal. July 12, 2013); *see also Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.*, 482 U.S. 522, 540-41 & n.26 (1987).  As ex-employees of LG who reside in the Republic of Korea, Decl. of Emilio E. Varanini at ¶ 8, Woong Tae (W.T.) Kim and Myung Joon (M.J.) Kim fit in this category.

Set against this backdrop, the issuance of a letter of request to take evidence in the Republic of Korea would constitute an administrative act equivalent to the issuance of a Federal Rule of Civil Procedure 45 notice of deposition here in the United States.  *See In re Urethane Antitrust Litig.,* 267 F.R.D. at 364-65 (observing that the Hague Convention itself assumes that a person whose deposition is noticed will testify, asserting any privileges that may apply in the course of his or her deposition).[4]  Thus, Defendants have no standing to challenge the taking of evidence pursuant to Korean processes unless they can show a personal right or privilege that is somehow being infringed.  *See, e.g., Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 523 (D. Co. 2003) (citing cases).  Rather, as explained below, the Defendant for whom Woong Tae (W.T.) Kim and Myung Joon (M.J.) Kim used to work, LG, has provided information that supports the issuance of these Letters of Request.  *See* Decl. of Emilio E. Varanini at ¶ 6.  Furthermore, the Korean Fair Trade Commission has acted against the cartel alleged in this case, imposing fines.  *See* Fair Trade Commission, Multi-Party Meeting, Decision No. 2011-019, Case

---

[4] As set out in the letter of request, the Attorney General has offered use immunity to Woong Tae (W.T.) Kim and Myung Joon (M.J.) Kim for any testimony they provide to the relevant Korean authorities pursuant to Korean processes as she is empowered to do under California's antitrust laws, the Cartwright Act.  *See* Cal. Bus. & Prof. Code §16758.  It is anticipated that this offer not only will aid in Woong Tae (W.T.) Kim and Myung Joon (M.J.) Kim's voluntarily testifying but also will aid in obtaining the consent of the Republic of Korea to these letters of request.  Decl. of Emilio E. Varanini at ¶ 10.

1    No. 2010*Gukka*2364 (March 10, 2011), a certified translation of which is attached as Exhibit 1 to
2    the Declaration of Emilio E. Varanini.  And the Attorney General will make every effort to ensure
3    either (a) any questions the Defendants wish to ask are asked or (b) the Defendants have an
4    opportunity to cross-examine these witnesses, as the relevant authorities in the Republic of Korea
5    may determine is appropriate.  Declaration of Emilio E. Varanini at ¶ 10.  Consequently, in the
6    absence of any objectors meeting their burden of showing good reason why the Letters of Request
7    should *not* issue, *In re Urethane Antitrust Litig.*, 267 F.R.D. at 365 n.17 (citing cases); *see Upper*
8    *Deck Intern. B.V.*, 2013 WL 3746086 at *2, this Court may proceed and issue these Letters of
9    Request without any further showing on the part of the Attorney General.
10       For the foregoing reasons, the Attorney General hereby requests a court order issuing the
11   attached Letters of Request.

Dated:  May 12, 2014                                Respectfully submitted,

                                                    KAMALA D. HARRIS
                                                    Attorney General of California


                                                    _____/s/ Emilio Varanini_____
                                                    EMILIO VARANINI
                                                    Deputy Attorney General
                                                    *Attorneys for the State of California*

SF2011203501