MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. CV-07-5944 SC<br><br>MDL No. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION** |
| **This document relates to:**<br><br>**ALL INDIRECT PURCHASER ACTIONS** | |

**IPPs' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION, MDL No. 1917**

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that the Indirect Purchaser Plaintiffs ("Plaintiffs") hereby move the Court for an order granting Plaintiffs leave to file a Surreply In Opposition to Philips Taiwan Limited's and Philips Do Brasil Ltda.'s Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, and such other materials and information that the Court may properly consider.

1

**IPPs' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION, MDL No. 1917**

## MEMORANDUM OF POINTS AND AUTHORITIES

The Indirect Purchaser Plaintiffs ("Plaintiffs") by and through their undersigned counsel, hereby respectfully submit this Memorandum in Support of their Motion for Leave to File Surreply in Opposition to Philips Taiwan Limited's and Philips Do Brasil Ltda.'s (together, "Philips") Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction. As reflected in Plaintiffs' proposed surreply and declaration in support thereof – Plaintiffs seek leave as required under Civil Local Rule 7-3(d) to file a surreply to bring to the Court's attention a new development that casts further doubt on Philips' unsubstantiated claims that they will somehow be prejudiced by being formally added as defendants at this stage of the case. Plaintiffs also respond to arguments and misstatements of fact made by Philips for the first time in their reply in support of their motion to dismiss.

Plaintiffs recognize and agree that surreplies should be rare and limited in scope. Here, Plaintiffs respectfully submit that a short surreply is justified and necessary to assist the Court in resolving Philips' motion to dismiss. This Court has granted motions for leave to file surreplies in similar situations. *See, e.g.*, *Toomey v. Nextel Commc'ns, Inc.*, C-03-2887 MMC, 2004 WL 5512967, at *1 (N.D. Cal. Sept. 23, 2004) (granting motion for leave to file surreply to address arguments "raised for the first time in Nextel's reply, and purported misstatements of fact in Nextel's reply"); *Sharper Image Corp. v. Consumers Union of U.S., Inc.*, 03-4094-MMC, 2004 WL 2713064, at *1 n.1 (N.D. Cal. Feb. 23, 2004) (granting motion for leave to file surreply and considering extent to which surreply "responds to arguments raised for the first time" in reply).

Specifically, Plaintiffs wish to bring to the Court's attention the recent Stipulation and Order Regarding Scheduling (Dkt. No. 2554) entered into by newly-added defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc., (collectively "Mitsubishi Electric"); and Thomson S.A. (n.k.a. Technicolor S.A.) and Thomson Consumer Electronics, Inc. (n.k.a. Technicolor USA, Inc.) (collectively, "Thomson"). This stipulated order was entered on April 30, 2014 – more than two weeks after Plaintiffs filed their opposition to Philips' motion to dismiss. Pursuant to the stipulated order, Mitsubishi and Thomson, whose motions to dismiss the complaints of certain Direct Action

1  Plaintiffs were only resolved in March 2014, stipulated to abide by the existing expert, discovery
2  and pretrial deadlines set forth in the Court's scheduling order dated March 21, 2014 (Dkt. No.
3  2459). As further explained in Plaintiffs' surreply, the stipulation casts further doubt on Philips'
4  vague, unsubstantiated claims that they—unlike Mitsubishi and Thomson—would somehow be
5  prejudiced by being formally added as defendants at this stage.

      Plaintiffs also seek leave to respond to the arguments and misstatements of fact that Philips made for the first time in their reply brief regarding: (1) Plaintiffs' stated intention to seek additional discovery from Philips; (2) Philips' request that the Court order that Plaintiffs "are not entitled to request or receive any additional discovery from PTL and PDBL" (Reply at 7, n.8); and (3) Philips' argument that evidence of sales to "North America" and Mexico is insufficient to confer specific personal jurisdiction.

      Good cause exists for permitting the surreply because it is limited to new developments and to a response to arguments and misstatements of fact made by Philips for the first time in its reply brief.

      For these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to File Surreply.

Dated: May 19, 2014

Respectfully submitted,

By: /s/ Mario N. Alioto_____
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
Mario N. Alioto (SBN 56433)
Lauren C. Capurro (SBN 241151)
2280 Union Street
San Francisco, CA  94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Lead Counsel for*
*Indirect Purchaser Plaintiffs in MDL No. 1917*