MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944 SC |
| | MDL No. 1917 |
| | **INDIRECT PURCHASER PLAINTIFFS' [PROPOSED] SURREPLY IN OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION** |
| **This document relates to:** | |
| **ALL INDIRECT PURCHASER ACTIONS** | |

**[REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED]**

**IPPs' [PROPOSED] SURREPLY IN OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION, MDL NO. 1917**

## I. INTRODUCTION

The Indirect Purchaser Plaintiffs ("Plaintiffs" or "IPPs") submit this surreply in opposition to Philips Taiwan Limited's ("Philips Taiwan") and Philips Do Brasil Ltda.'s ("Philips Brazil") (together, "Philips") Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction. Plaintiffs do so for two reasons. First, Plaintiffs bring to the Court's attention the recent Stipulation and Order Regarding Scheduling (Dkt. No. 2554) entered into by newly-added defendants Mitsubishi and Thomson, and the Direct Action Plaintiffs ("DAPs").[1] This stipulated order was entered on April 30, 2014 – more than two weeks after Plaintiffs filed their opposition to Philips' motion to dismiss. Thus, this could not be included in Plaintiffs' opposition papers. As further explained below, the stipulated order casts further doubt on Philips' vague, unsubstantiated claims that they will somehow be prejudiced by being brought into the case at this stage.

Second, Plaintiffs respond to the arguments and misstatements of fact that Philips made for the first time in their reply brief regarding: (1) Plaintiffs' stated intention to seek additional discovery from Philips; (2) Philips' request that the Court order that Plaintiffs "are not entitled to request or receive any additional discovery from PTL and PDBL" (Reply at 7, n.8); and (3) Philips' argument that evidence of sales to "North America" and Mexico is insufficient to confer specific personal jurisdiction.

Plaintiffs will not seek additional document discovery from Philips. But if the Court allows Plaintiffs' claims against Philips to proceed, Plaintiffs must be allowed propound interrogatories and requests for admissions and depose Philips' witnesses. The burden on these Philips defendants should not be less than the burden imposed on other parties to this case. Finally, as further demonstrated below, evidence of sales to "North America" and Mexico is sufficient to confer specific personal jurisdiction on Philips. North America includes the United States and necessarily includes sales to customers in the United States. And the evidence shows

---

[1] "Mitsubishi" refers to Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc. "Thomson" refers to Thomson S.A. (n.k.a. Technicolor S.A.) and Thomson Consumer Electronics, Inc. (n.k.a. Technicolor USA, Inc.).

1
**IPPs' [PROPOSED] SURREPLY IN OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION, MDL NO. 1917**

that CRT television and monitor plants in Mexico were specifically intended to supply the U.S. market. To accept Philips' arguments would be to ignore the realities of the CRT market. Philips' motion to dismiss for lack of personal jurisdiction must be denied.

## II. ARGUMENT

### A. The Recent Stipulation Regarding Scheduling Entered Into By Thomson and Mitsubishi Shows That Philips' Claims of Prejudice Are Unfounded

In their reply, Philips Taiwan and Philips Brazil continue to make vague, unsubstantiated claims that they are differently situated from the other Philips defendants and will somehow be prejudiced by being brought into the case at this stage. Reply at 7. They claim that they have been effectively shut out of the expert report and discovery process because "the April 14, 2014 deadline for affirmative expense reports has now passed, and, indeed, the entire expert disclosure schedule is likely to have ended before the jurisdictional issues here are finally resolved." *Id.*

Plaintiffs have already shown that Philips Taiwan and Philips Brazil have been participating in the case and will not be prejudiced by being formally added as defendants now.[2] But Philips' claims of prejudice are further undermined by the fact that newly-added defendants Mitsubishi and Thomson, whose motions to dismiss the complaints of certain DAPs were only resolved in March 2014, recently stipulated to abide by the existing expert, discovery and pretrial deadlines set forth in the Court's scheduling order dated March 21, 2014 (Dkt. No. 2459). *See* Stipulation and Order Regarding Scheduling, Dkt. No. 2554. The March 21 scheduling order applies to the IPP case as well. In other words, these newly added defendants will be subject to the same expert, discovery and pretrial deadlines as all of the other parties to the case. If the existing pretrial schedule is workable for these sophisticated corporate defendants, who are ably-represented by counsel, why will it cause so much difficulty for Philips Taiwan and Philips Brazil? Philips Taiwan and Philips Brazil do not say.

In fact, it should be less burdensome for Philips Taiwan and Philips Brazil to formally

---

[2] *See* Dkt. No. 2536-5 (Indirect Purchaser Plaintiffs' Opposition to Philips Taiwan Limited's and Philips Do Brasil Ltda.'s Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction), at 17-18.

join this litigation now and abide by the current pretrial schedule than it is for Mitsubishi and Thomson. Unlike Philips Taiwan and Philips Brazil, Mitsubishi's and Thomson's parent and sister companies have not been litigating this case for seven years and their counsel are new to this litigation.

Finally, Philips Taiwan's and Philips Brazil's claim that the entire expert disclosure schedule is likely to have ended before the jurisdictional issues raised by their motion to dismiss are resolved, is incorrect. The motion is due to be heard on May 30, 2014. If the Court does not issue a ruling that day, it will likely do so shortly thereafter. The expert disclosure schedule extends until September 23, 2014—more than three months after this motion will likely be resolved. The defendants' opposition to Plaintiffs' expert report is not due until August 5, 2014. Moreover, the other Philips defendants served an expert report regarding their affirmative defenses that will inure to the benefit of Philips Taiwan and Philips Brazil. And Philips Taiwan and Brazil have been on notice since November 2013 that Plaintiffs would seek to bring them into the case. Thus, there will be no prejudice to Philips Taiwan and Philips Brazil by formally adding them to the case at this stage.

### B. Plaintiffs Will Not Seek Additional Document Discovery From Philips Taiwan and Philips Brazil

Philips Taiwan and Philips Brazil claim for the first time on reply that Plaintiffs' assurances that Plaintiffs would seek no additional discovery are "uncertain at best," and argue they will suffer prejudice if they are brought into the case and subjected to additional discovery requests. For the avoidance of any doubt, Plaintiffs confirm that they *will not* propound additional requests for production of documents (which would be potentially the most burdensome form of discovery in a case like this) on Philips Taiwan and Philips Brazil. As further explained in subsection C. below, however, Plaintiffs must be allowed to propound written discovery upon Philips Taiwan and Philips Brazil and depose their witnesses.

In an attempt to bolster their weak prejudice argument, Philips resorts to misrepresenting the statements of Plaintiffs' counsel during the meet and confer process. Plaintiffs' counsel did not, as Philips claims, state that "they could not rule out the possibility that they would seek

substantial jurisdictional or merits discovery related to" Philips Taiwan and Philips Brazil.[3] During a conference on March 4, 2014, the parties discussed *jurisdictional* discovery only, and Plaintiffs' counsel stated that they would not waive their right to jurisdictional discovery to aid in resolving this motion.[4] Further, Plaintiffs' counsel never stated that the jurisdictional discovery would be "substantial." Indeed, if jurisdictional discovery becomes necessary, it would be very limited and targeted.[5]

In short, Philips' claims of prejudice are unsubstantiated and should be rejected.

### C. Plaintiffs Must Be Allowed to Propound Interrogatories and Requests for Admissions on Philips Taiwan and Philips Brazil and Depose Their Witnesses

For the first time in their reply brief, Philips argues that "if the Court ultimately decides to allow the IPPs' claims against [Philips Taiwan] and [Philips Brazil] to proceed, the Court should order that the IPPs are not entitled to request or receive any additional discovery from [Philips Taiwan] or [Philips Brazil]." Reply at 7, n. 8. There is absolutely no basis for such an order.

If the Court allows Plaintiffs' claims against Philips Taiwan and Philips Brazil to proceed, Plaintiffs must be allowed to propound interrogatories and requests for admissions on these defendants, and depose their current and former employees regarding their participation in the CRT conspiracy. The discovery cut-off is still four months away. Discovery is still in full swing. The many parties to this MDL are propounding and responding to discovery requests and deposing witnesses on an almost daily basis.[6] As Plaintiffs demonstrated in their opposition, Philips Taiwan and Philips Brazil clearly participated in the CRT conspiracy and expressly aimed their unlawful activities at the United States market. Why should the burden of discovery on

---

[3] *See* Second Declaration of Erik T. Koons In Support of Philips Taiwan Limited's and Philips Do Brasil Ltda.'s Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction, ¶7.

[4] *See* Second Declaration of Lauren C. Capurro In Support of Indirect Purchaser Plaintiffs' Opposition to Philips Taiwan Limited's and Philips Do Brasil Ltda.'s Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction ("Second Capurro Decl."), ¶¶ 2-4.

[5] *Id.,* ¶ 4.

[6] Second Capurro Decl., ¶ 5.

4

IPPs' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION, MDL No. 1917

1  these defendants be any *less* than the burden on other parties to this action?  The short answer is:
2  It should not be.

### D. An Overwhelming Majority of CRT Sales To "North America" Were Consumed in the United States

For the first time on reply, Philips argues that the evidence showing that they fixed the prices of CRTs and sold those CRTs to customers in "North America," or more specifically, Mexico, is insufficient to establish specific personal jurisdiction over them.  This argument is disingenuous at best.  Numerous documents and deposition testimony show that ███

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

---

[7] *See, e.g.,* Second Capurro Decl., ¶ 6, Ex. A ████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████

[8] *See, e.g.,* Second Capurro Decl., ¶ 7, Ex. B: ██████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████



Philips also ignores the fact that "North America" includes the United States.

Sales to "North America"

---

[9] *See id.,* at

[10] *See, e.g.,* Second Capurro Decl., ¶¶ 8, 9 Exs. C & D:

[11] *See id.* ¶ 8, Ex. C; *See also id.,* ¶ 9, Ex. E:

[12] *See, e.g.,* Dkt. Nos. 2536-6 and 2536-7, Declaration of Lauren C. Capurro In Opposition to Philips Taiwan Limited's and Philips Do Brasil Ltda.'s Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction ("Capurro Decl."), ¶ 36, Ex. 10:

[13] *See, e.g.,* Second Capurro Decl., ¶ 11, Ex. F:

[14] *See, e.g.,* Capurro Decl. ¶ 60, Ex. 34

IPPs' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION, MDL No. 1917

1   necessarily include sales to customers in the United States.  For example, ▮▮▮▮▮

2   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3   During the Class Period, Sanyo's only CRT television factory in North America was located in

4   Forrest City, Arkansas.[16] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  This Court recently held

7   that "direct sales to a United States business would suffice to show purposeful direction of

8   anticompetitive activity to the United States." *In re Cathode Ray Tube (CRT) Antitrust Litig.*,

9   MDL 1917, 2014 WL 1091044, at *6 (N.D. Cal. Mar. 13, 2014).

10            In sum, Plaintiffs have presented evidence that more than satisfies the Ninth Circuit's

11   three-part test for purposeful direction: "the defendant allegedly must have (1) committed an

12   intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows

13   is likely to be suffered in the forum state." *In Re CRT,* 2014 WL 1091044, at *5.  To accept

14   Philips' argument that evidence of price-fixing and sales to "North America" or customers in

15   Mexico is not sufficient to confer specific personal jurisdiction would be to ignore the realities of

16   the CRT market.  Philips motion to dismiss for lack of personal jurisdiction must be denied.

17

18   _____

19-21   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[15] *See* Dkt. Nos. 2536-6 and 2537-1.  Philips points out in its reply that Exhibit 41 does not contain the information that is described in the Capurro Declaration.  This was an error that Plaintiffs will remedy by filing an errata with this surreply and attaching a complete copy of Exhibit 41.

[16] *See* Dkt. No. 2536-6 and 2536-7.  *See also* http://www.arkansasbusiness.com/article/45104/sanyo-to-end-tv-production-at-forrest-city-keep-hq-distribution (accessed May 16, 2014) (A news article dated July 24, 2007 reporting that Sanyo announced it would cease all production operations by the fall of that year, and noting that "Sanyo has been in Forrest City since 1976, producing cathode ray (picture tube) televisions.")

[17] "MKA" stands for Matsushita Kotobuki Electronic Industries of America, Inc., which had a television factory in Vancouver, Washington that made Panasonic-branded televisions for the U.S. market.

### III. CONCLUSION

For all of the foregoing reasons, Philips' motion to dismiss for insufficient service of process and lack of personal jurisdiction must be denied.

Dated: May 19, 2014

Respectfully submitted,

By: /s/ Mario N. Alioto
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
Mario N. Alioto (SBN 56433)
Lauren C. Capurro (SBN 241151)
2280 Union Street
San Francisco, CA  94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Lead Counsel for
Indirect Purchaser Plaintiffs in MDL No. 1917*

8
IPPs' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRASIL LTDA.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION, MDL No. 1917