Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No. 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants,
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI
AMERICA, LTD., HITACHI ASIA, LTD.,
AND HITACHI ELECTRONIC DEVICES
(USA), INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE NO. 3:07-CV-05944-SC |
| | MDL NO. 1917 |
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | **DECLARATION OF JAMES MAXWELL COOPER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Civil L.R. 79-5(d)] |

I, James Maxwell Cooper, declare as follows:

1. I am an associate at the law firm of Kirkland & Ellis LLP, counsel for defendants Hitachi, Ltd. ("HTL"), Hitachi Displays, Ltd. (n/k/a Japan Display Inc.) ("HDP"), Hitachi America, Ltd. ("HAL"), Hitachi Asia, Ltd. ("HAS"), and Hitachi Electronic Devices (USA), Inc. ("HED(US)") (collectively, the "Hitachi Defendants"). I am licensed to practice law in the State of California and admitted to practice before this Court.

2. I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain documents containing Highly Confidential information and submitted to the Court in connection with Indirect-Purchaser Plaintiffs' [Proposed] Surreply in Opposition to Philips Taiwan Limited's and Philips Do Brasil Ltda.'s Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction ("Surreply"), and the Second Declaration of Lauren C. Capurro in Opposition to Philips Taiwan Limited's and Philips Do Brasil Ltda.'s Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction ("Second Declaration of Lauren C. Capurro") are sealable. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (ECF 306).

4. The Hitachi Defendants have produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. On May 19, 2014, Indirect-Purchaser Plaintiffs filed an Administrative Motion to Seal (ECF 2575), and lodged conditionally under seal the following documents pursuant to Civil Local Rules 7-11 and 79-5(d):

    (a) Portions of the Surreply that contain information from documents that the Hitachi Defendants have designated "Highly Confidential" under the Stipulated Protective Order; and

    (b) Portions of the Second Declaration of Lauren C. Capurro that contain

1  information from documents that the Hitachi Defendants have designated "Highly Confidential"
2  under the Stipulated Protective Order.

3     6.  Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Hitachi
4  Defendants to provide the basis for the Court to maintain under seal any documents and information
5  designated by the Hitachi Defendants as "Highly Confidential" pursuant to the Stipulated Protective
6  Order, and all references to those documents and information in the Surreply and the Second
7  Declaration of Lauren C. Capurro.

8     7.  Upon information and belief, the documents designated "Highly Confidential" by the
9  Hitachi Defendants that are quoted, described, analyzed, or summarized in the Surreply consist of,
10 cite to, and/or identify confidential, nonpublic, proprietary, and highly sensitive business
11 information, including information about the Hitachi Defendants' sales processes, business practices,
12 internal practices, negotiations, confidential business and supply agreements and competitive
13 positions, and relationships with companies that remain important to the Hitachi Defendants'
14 competitive positions.  I am informed and believe that this is sensitive information and public
15 disclosure of this information presents a risk of undermining the Hitachi Defendants' business
16 relationships, would cause it harm with respect to its competitors and customers, and would put the
17 Hitachi Defendants at a competitive disadvantage.  The relevant portions of the Surreply are as
18 follows:

19     a. Surreply, page 6, lines 1-3 (discussing and citing to paragraphs 8 and 9, and
20      Exhibit C to the Second Declaration of Lauren C. Capurro, a document
21      produced by the Hitachi Defendants in this action as HAS-CRT00016962-76
22      and which the Hitachi Defendants designated as "Highly Confidential" under
23      the Stipulated Protective Order); and

24     b. Surreply, page 6, lines 4-6 (discussing and citing to paragraphs 8 and 10, and
25      Exhibits C and E to the Second Declaration of Lauren C. Capurro, a document
26      produced by the Hitachi Defendants in this action as HAS-CRT00016962-76
27      and which the Hitachi Defendants designated as "Highly Confidential" under
28      the Stipulated Protective Order; and the transcript of the deposition of Hitachi

1    witness Kenichi Hazuku, whose transcripts were designated as "Highly
2    Confidential" under the Stipulated Protective Order).

8. Upon information and belief, the documents designated "Highly Confidential" by the Hitachi Defendants that are quoted, described, analyzed, or summarized in the Second Declaration of Lauren C. Capurro consist of, cite to, and/or identify confidential, nonpublic, proprietary, and highly sensitive business information, including information about the Hitachi Defendants' sales processes, business practices, internal practices, negotiations, confidential business and supply agreements and competitive positions, and relationships with companies that remain important to the Hitachi Defendants' competitive positions.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Hitachi Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Hitachi Defendants at a competitive disadvantage.  The relevant portions of the Second Declaration of Lauren C. Capurro are as follows:

   a. Second Declaration of Lauren C. Capurro, page 2, lines 23-24 (discussing and citing a document produced by the Hitachi Defendants in this action as HAS-CRT00016962-76, and which the Hitachi Defendants designated as "Highly Confidential" under the Stipulated Protective Order; and Exhibit C, a document produced by the Hitachi Defendants in this action as HAS-CRT00016962-76, and which the Hitachi Defendants designated as "Highly Confidential" under the Stipulated Protective Order); and

   b. Second Declaration of Lauren C. Capurro, page 3, lines 5-8, and page 2, lines 1-5, (discussing and citing to the transcript of the deposition of Hitachi witness Kenichi Hazuku, whose transcripts were designated as "Highly Confidential" under the Stipulated Protective Order; and Exhibit E, the transcript of the deposition of Hitachi witness Kenichi Hazuku, whose transcripts were designated as "Highly Confidential" under the Stipulated Protective Order).

9. The portions of the Surreply or Second Declaration of Lauren C. Capurro identified

1 above quote from or describe documents designated as "Highly Confidential" by the Hitachi
2 Defendants pursuant to the Stipulated Protective Order. I understand that the Hitachi Defendants
3 consider any statements in the Surreply or Second Declaration of Lauren C. Capurro purporting to
4 summarize documents designated "Highly Confidential" by the Hitachi Defendants to be
5 confidential and proprietary.

6     10.    I am informed and believe that the Hitachi Defendants have taken reasonable steps to
7 preserve the confidentiality of information of the type contained, identified, or cited to in the
8 Surreply or Second Declaration of Lauren C. Capurro.

9     I declare under penalty of perjury, under the laws of the United States of America, that the
10 foregoing is true and correct.

11     Executed this 23nd day of May, 2014, at San Francisco, California.

*/s/ James Maxwell Cooper*
James Maxwell Cooper