SQUIRE SANDERS (US) LLP
Mark C. Dosker (CA Bar # 114789)
mark.dosker@squiresanders.com
Nathan Lane III (CA Bar #50961)
nathan.lane@squiresanders.com
275 Battery Street, Suite 2600
San Francisco, California  94111
Telephone:     +1 415 954 0200
Facsimile:      +1 415 393 9887

Attorneys for Defendant
TECHNOLOGIES DISPLAYS AMERICAS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-05944 SC<br>MDL No. 1917 |
| This Document Relates to:  Individual Case No. 13-cv-01173 SC<br><br>SHARP ELECTRONICS CORPORATION, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HITACHI, LTD., et al.,<br><br>        Defendant. | **ANSWER OF TECHNOLOGIES DISPLAYS AMERICAS, LLC TO FIRST AMENDED COMPLAINT OF SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.** |

Technologies Displays Americas, LLC ("TDA"), for its answer to the First Amended Complaint ("FAC"), says:

In response to plaintiffs' first unnumbered paragraph, TDA says that the Court has already ruled that plaintiffs' claims based upon the laws of California, New Jersey and Tennessee are time-barred.  TDA admits that plaintiffs' purport to bring this action as alleged, but TDA denies the balance of said paragraph for want of knowledge sufficient to form a belief as to the truth thereof.

///

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California  94111

ANSWER OF TECHNOLOGIES DISPLAYS AMERICAS LLC TO FIRST AMENDED COMPLAINT OF SHARP PLAINTIFFS - Case No. 07-cv-05944 SC; MDL No. 1917; Individual Case No. 13-CV-01173 SC
1

1. TDA denies the allegations in the following paragraphs in the FAC to the extent such allegations relate to TDA, or allege misconduct by TDA, and denies the balance of the allegations in such paragraphs for want of knowledge sufficient to form a belief as to the truth thereof: 1-10, 18, 21-25, 32-70, 73-74, 77-108, 110-118, 120-198, 201-256, 259-266, 269-275, 277-282, 284-289, 292-296, 298, 300-302.

2. TDA admits that one or more plaintiffs purchased CRTs directly from TDA and denies the remainder of the allegations in paragraph 11 in the FAC.

3. Without intending to deny that plaintiffs purport to bring this action pursuant to statutory sections recited in paragraphs 12-16 in the FAC, TDA denies the balance of the allegations in such paragraphs as they relate to TDA.

4. TDA admits the allegations in paragraph 17 in the FAC, but notes that most of plaintiffs' state law claims have been dismissed.

5. TDA admits that this Court has jurisdiction over it and that venue is proper in this district, and denies for want of knowledge sufficient to form a belief as to the truth thereof the remaining allegations in paragraphs 19 and 20 in the FAC.

6. TDA admits the allegations in paragraph 26 in the FAC.

7. Without intending to deny that TDA sold CRTs to one or more plaintiffs or their affiliates for use in televisions, TDA denies for want of knowledge sufficient to form a belief as to the truth thereof the remaining allegations in paragraphs 27-29 in the FAC.

8. Without intending to deny that one or more plaintiffs negotiated for and purchased CRTs from TDA, with purchase orders and invoices in the United States, or that TDA knew the CRTs would be incorporated into some products for sale in the United States, TDA denies the balance of the allegations in paragraphs 30 and 31 in the FAC for want of knowledge sufficient to form a belief as to the truth thereof.

9. Without intending to deny that Thomson entities had plants or other facilities in the United States, Mexico and other parts of the world; that TDA acquired a portion of the former Thomson North America tube CRT business in 2005; or that Thomson provided services to TDA

///

**SQUIRE SANDERS (US) LLP**
**275 Battery Street, Suite 2600**
**San Francisco, California 94111**

ANSWER OF TECHNOLOGIES DISPLAYS AMERICAS LLC TO FIRST AMENDED COMPLAINT OF SHARP PLAINTIFFS - Case No. 07-cv-05944 SC; MDL No. 1917; Individual Case No. 13-CV-01173 SC

2

1  during a transition period, TDA denies the remaining allegations paragraphs 71 and 72 in the
2  FAC for want of knowledge sufficient to form a belief as to the truth thereof.

3        10. Without intending to deny that TDA acquired a portion of the Thomson CRT
4  business in 2005; that Eagle Corporation Limited was an entity used in connection with such
5  acquisition transaction; that one or more Thomson entities provided services to TDA during a
6  transition period; that CRTs were manufactured in at least one former Thomson plant; or that
7  TDA sold CRTs for the United States market, TDA denies for want of knowledge sufficient to
8  form a belief as to the truth thereof the remaining allegations in paragraph 75 of the FAC.

9        11. TDA admits, in response to paragraph 76 in the FAC, that it is a Delaware limited
10 liability company with its principal place of business at 1778 Carr Road, Suite 4B, Calexico,
11 California 92231; that TDA was known as Thomson Displays Americas, LLC from its formation
12 on July 12, 2005 until October 11, 2006; that TDA is a subsidiary of Eagle Corporation Limited;
13 that TDA acquired certain of Thomson's United States CRT assets in 2005; that there was a
14 transition period during which Thomson provided certain services and the Thomson name was
15 used; and that Technologies Displays Mexicana, S.A. de C.V. ("TDM") manufactured CRTs for
16 sale by TDA. TDA denies that James T. Hanrahan ever was employed by TDA, and says that
17 Jack Brunk was employed by TDA only from September 2005 to July 31, 2006. TDA denies that
18 it participated in any way in any antitrust conspiracy or other illegal activity at any time. TDA
19 denies the remaining allegations in paragraph 76 of the FAC for want of knowledge sufficient to
20 form a belief as to the truth thereof.

21       12. TDA admits that TDM is located at Calzado Roldebo Industrial No. 40, Desarrollo
22 Industrial El Colorado, Mexicali, B.C. C.P. 21384, Mexico; that TDM is a Mexican corporation;
23 and that TDM manufactured CRTs which TDA sold to customers in the United States. TDA
24 denies for want of knowledge sufficient to form a belief as to the truth thereof the remaining
25 allegations in paragraph 109 in the First Amended Complaint.

26       13. Without intending to deny that one or more plaintiffs or their affiliates purchased
27 CRTs from TDA, TDA denies the remaining allegations in paragraph 119 in the FAC.
28 / / /

**SQUIRE SANDERS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111

ANSWER OF TECHNOLOGIES DISPLAYS AMERICAS LLC TO FIRST AMENDED COMPLAINT OF SHARP PLAINTIFFS - Case No. 07-cv-05944 SC; MDL No. 1917; Individual Case No. 13-CV-01173 SC

3

1.     14.    Without intending to deny that TDA was responsible for sales and marketing of its CRT products in North America; that it was known for a period as Thomson Displays Americas, LLC; that TDA acquired a portion of Thomson's North American tube CRT operations; that TDM is TDA's subsidiary; or that Mr. Brunk was employed by TDA from September 2005 until July 31, 2006, TDA denies the remaining allegations in paragraphs 199 and 200 in the FAC.

    15.    Without intending to deny that one or more plaintiffs' entities purchased CRTs from TDA, TDA denies for want of knowledge sufficient to form a belief as to the truth thereof the remaining allegations in paragraphs 258, 268, 291, 299, and 303 in the FAC.

    16.    TDA incorporates as if fully restated herein its above responses, in response to the allegations in paragraphs 250, 257, 267, 276, 283, 290, and 297 of the FAC.

    17.    TDA denies each and every allegation not specifically admitted herein to be true, and specifically denies that the plaintiffs are entitled to any relief from TDA.

## ADDITIONAL DEFENSES

Without conceding that it has the burden of proof as to any of the following defenses, TDA sets forth the following additional defenses.

    1.    Pursuant to the March 13, 2014 Order Granting In Part and Denying In Part Technologies Displays Americas, LLC's Motion to Dismiss Sharp's First Amended Complaint, plaintiffs' second, third, fifth, sixth, and seventh claims) (all of the state law claims, with the exception of the New York Donnelly Act claim), have been dismissed with prejudice and state no claim against TDA.

    2.    The FAC fails to state a claim against TDA upon which relief may be granted in that it contains no legally sufficient allegations of actionable conduct on the part of TDA.

    3.    Plaintiffs' claims are barred by the applicable statutes of limitations.

    4.    Plaintiffs' claims are barred by the doctrine of laches.

    5.    Plaintiffs lack standing to sue for the injuries alleged in the FAC.

    6.    Plaintiffs' claims are barred to the extent they are based upon indirect purchases, which cannot support an action for the alleged injuries.

/ / /

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

ANSWER OF TECHNOLOGIES DISPLAYS AMERICAS LLC TO FIRST AMENDED COMPLAINT OF SHARP PLAINTIFFS - Case No. 07-cv-05944 SC; MDL No. 1917; Individual Case No. 13-CV-01173 SC

4

7. Plaintiffs have suffered no injury or damage as a result of any conduct by TDA.

8. Any injuries or damages plaintiffs may have suffered were not caused, either actually or proximately, by acts or omissions of TDA.

9. Any damages or injuries in fact sustained by plaintiffs were caused by the acts or omissions of others, and such others' acts are in any event superseding and intervening acts.

10. The FAC fails to plead fraud or conspiracy with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

11. TDA's actions or conduct were undertaken for legitimate business reasons, did not unreasonably restrain competition, and were not the product of any contract, combination or conspiracy with any other person or entity.

12. TDA is entitled to a set-off for any recovery or settlement plaintiffs may obtain from any other person or entity.

13. Plaintiffs negotiated prices and other terms in connection with their purchase of CRTS from TDA and have waived and are estopped from alleging that plaintiffs' negotiated purchase arrangements were somehow improper.

14. Plaintiffs' claim for injunctive relief is patently meritless as applied to TDA, since TDA has not participated in the CRT business for six years, has no employees engaged in the manufacturing, sell, or distribution of CRTs, and has only one employee.

15. With respect to conduct outside the United States allegedly attributed to TDA, Plaintiffs' claims are barred by application of the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

16. TDA adopts and incorporates by reference any and all other additional defenses asserted or to be asserted by any other defendant to the extent that any such additional defenses are applicable to TDA.

/ / /

/ / /

/ / /

/ / /

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

ANSWER OF TECHNOLOGIES DISPLAYS AMERICAS LLC TO FIRST AMENDED COMPLAINT OF SHARP PLAINTIFFS - Case No. 07-cv-05944 SC; MDL No. 1917; Individual Case No. 13-CV-01173 SC

5

WHEREFORE, having fully answered, TDA prays that judgment be entered in its favor on each and every claim alleged in plaintiffs' pleading, that TDA recover its costs of suit and attorneys' fees, and that TDA be granted such further relief as the Court deems just and proper.

DATED:  May 23, 2014

Respectfully submitted,

Squire Sanders (US) LLP

By: */s/ Nathan Lane III*
Mark C. Dosker (CA Bar # 114789)
Nathan Lane III (CA Bar # 50961)
Squire Sanders (US) LLP
275 Battery Street, Suite 2600
San Francisco, CA  94111
Telephone: +1 415 954 0200
Facsimile: +1 415 393 9887
Email: mark.dosker@squiresanders.com
          nathan.lane@squiresanders.com

Attorneys for Defendant
Technologies Displays Americas, LLC

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California  94111

ANSWER OF TECHNOLOGIES DISPLAYS AMERICAS LLC TO FIRST AMENDED COMPLAINT OF SHARP PLAINTIFFS - Case No. 07-cv-05944 SC; MDL No. 1917; Individual Case No. 13-CV-01173 SC

6