SQUIRE SANDERS (US) LLP
Mark C. Dosker (CA Bar # 114789)
mark.dosker@squiresanders.com
Nathan Lane III (CA Bar #50961)
nathan.lane@squiresanders.com
275 Battery Street, Suite 2600
San Francisco, California  94111
Telephone:      +1 415 954 0200
Facsimile:       +1 415 393 9887

Attorneys for Defendant
TECHNOLOGIES DISPLAYS AMERICAS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:  Individual Case No. 3:13-cv-05261-SC<br><br>Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc., Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>Technicolor SA, et al.,<br><br>Defendants. | Case No. 07-cv-05944 SC<br>MDL No. 1917<br><br>**ANSWER OF TECHNOLOGIES DISPLAYS AMERICAS, LLC TO COMPLAINT OF ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC., LIQUIDATING TRUST** |

Technologies Displays Americas, LLC ("TDA"), for its answer to the Complaint herein, says:

1. TDA denies the allegations in the following paragraphs in the Complaint to the extent such allegations relate to TDA, or allege misconduct by TDA, and denies the balance of the allegations in such paragraphs for want of knowledge sufficient to form a belief as to the truth thereof: 1-14, 21-25, 28-29, 32-87, 89-150, 153-247, 249-256, 258-264 and 266-270.

2. Without intending to deny that plaintiff purports to bring this action pursuant to statutory sections recited in paragraphs 15-20 in the Complaint, that this Court has jurisdiction

/ / /

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California  94111

Answer of Technologies Displays Americas, LLC to Complaint of Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc., Liquidating Trust – Case No. 07-cv-05944 SC, MDL No. 1917; Individual Case No. 3:13-cv-05261-SC
1

over the subject matter of this action and TDA, or that venue is proper in this Court, TDA denies the balance of the allegations in such paragraphs to the extent that they relate to TDA.

3.  TDA admits that Thomson sold a portion of its CRT business to an affiliate of Videocon Industries, Ltd. ("Videocon") in 2005, that Thomson management assisted in certain aspects of the business operations during a transition period, and that Thomson had plants in Mexicali, Mexico and in the United States. TDA denies the remaining allegations in paragraphs 26-27 in the Complaint for want of knowledge sufficient to form a belief as to the truth thereof.

4.  TDA admits that Videocon is an Indian corporation, that in 2005 Eagle Corporation Limited acquired a portion of Thomson's CRT operations, that Thomson management assisted in certain aspects of the business operations during a transition period, that Eagle Corporation Limited acquired TDA (then known as Thomson Displays Americas, LLC) and Thomson Displays Mexicana, S.A. de C.V. (now known as Technologies Displays Mexicana, S.A. de C.V.) ("TDM"), that Eagle Corporation Limited became a subsidiary of Videocon, that TDA is a Delaware limited liability company located at the address stated, that TDA sold CRTs for the United States market, that TDM manufactured CRTs, that Jack Brunk worked briefly for TDA, and that TDA used the Thomson name during a transition period. TDA denies the remaining allegations in paragraphs 30-31 in the Complaint for want of knowledge sufficient to form a belief as to the truth thereof.

5.  TDA admits that TDM is located at the address stated, and that TDM manufactured CRTs. TDA denies the remaining allegations in paragraph 88 in the Complaint for want of knowledge sufficient to form a belief as to the truth thereof.

6.  TDA admits that it sold CRTs in North America and that Mr. Brunk was briefly employed by TDA. TDA denies the remaining allegations in paragraphs 151-152 in the Complaint.

7.  TDA incorporates as if fully restated herein its above responses, in response to the allegations in paragraphs 241, 248, 257 and 265 in the Complaint.

8.  TDA denies each and every allegation not specifically admitted herein to be true, and specifically denies that the plaintiff is entitled to any relief from TDA.

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Answer of Technologies Displays Americas, LLC to Complaint of Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc., Liquidating Trust – Case No. 07-cv-05944 SC, MDL No. 1917; Individual Case No. 3:13-cv-05261-SC

2

## ADDITIONAL DEFENSES

Without conceding that it has the burden of proof as to any of the following defenses, TDA sets forth the following additional defenses.

1. Consistent with the March 13, 2014 Order Granting In Part and Denying In Part Technologies Displays Americas, LLC's Motion to Dismiss Sharp's First Amended Complaint, plaintiff's second, third, and fourth claims (all of the state law claims), are time–barred, state no claim against TDA, and should be dismissed with prejudice.

2. The Complaint fails to state a claim against TDA upon which relief may be granted in that it contains no legally sufficient allegations of actionable conduct on the part of TDA.

3. Plaintiff's claims are barred by the applicable statutes of limitations.

4. Plaintiff's claims are barred by the doctrine of laches.

5. Plaintiff lacks standing to sue for the injuries alleged in the Complaint.

6. Plaintiff's claims are barred to the extent they are based upon indirect purchases, which cannot support an action for the alleged injuries.

7. Plaintiff has suffered no injury or damage as a result of any conduct by TDA.

8. Any injuries or damages plaintiff may have suffered were not caused, either actually or proximately, by acts or omissions of TDA.

9. Any damages or injuries in fact sustained by plaintiff were caused by the acts or omissions of others, and such others' acts are in any event superseding and intervening acts.

10. The Complaint fails to plead fraud or conspiracy with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

11. TDA's actions or conduct were undertaken for legitimate business reasons, did not unreasonably restrain competition, and were not the product of any contract, combination or conspiracy with any other person or entity.

12. TDA is entitled to a set-off for any recovery or settlement plaintiff may obtain from any other person or entity.

/ / /

/ / /

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Answer of Technologies Displays Americas, LLC to Complaint of Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc., Liquidating Trust – Case No. 07-cv-05944 SC, MDL No. 1917; Individual Case No. 3:13-cv-05261-SC

3

13.     Plaintiff's claim for injunctive relief is patently meritless as applied to TDA, since TDA has not participated in the CRT business for six years, has no employees engaged in the manufacturing, sell, or distribution of CRTs, and has only one employee.

14.     With respect to conduct outside the United States allegedly attributed to TDA, Plaintiffs' claims are barred by application of the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

15.     TDA adopts and incorporates by reference any and all other additional defenses asserted or to be asserted by any other defendant to the extent that any such additional defenses are applicable to TDA.

WHEREFORE, having fully answered, TDA prays that judgment be entered in its favor on each and every claim alleged in plaintiff's pleading, that TDA recover its costs of suit and attorneys' fees, and that TDA be granted such further relief as the Court deems just and proper.

DATED:  May 23, 2014                        Respectfully submitted,

Squire Sanders (US) LLP

By:   */s/ Nathan Lane III*
Mark C. Dosker (CA Bar # 114789)
Nathan Lane III (CA Bar # 50961)
Squire Sanders (US) LLP
275 Battery Street, Suite 2600
San Francisco, CA  94111
Telephone: +1 415 954 0200
Facsimile: +1 415 393 9887
Email: mark.dosker@squiresanders.com
       nathan.lane@squiresanders.com

Attorneys for Defendant
Technologies Displays Americas, LLC

SQUIRE SANDERS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California  94111

Answer of Technologies Displays Americas, LLC to Complaint of Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc., Liquidating Trust – Case No. 07-cv-05944 SC, MDL No. 1917; Individual Case No. 3:13-cv-05261-SC
4