BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendants Koninklijke*
*Philips NV and Philips Electronics*
*North America Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Case No. 07-5944-SC<br><br>MDL No. 1917<br><br>**DECLARATION OF ERIK T. KOONS IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5(d)** |

I, Erik T. Koons, hereby declare as follows:

1. I am a partner with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice*.

2. I submit this declaration in support of the Indirect Purchaser Plaintiffs' ("IPPs") Administrative Motion to File Under Seal Pursuant to Civil Local Rule 79-5(d) (Dkt. No. 2575, May 19, 2014).

3. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

4. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order").

5. On May 19, 2014, the IPPs filed an Administrative Motion to Seal (Dkt. No. 2575), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents, or portions thereof, that contain information from documents that the Philips Defendants have designated "Confidential" or "Highly Confidential."

    a. A proposed surreply in opposition to Philips Taiwan Limited's ("PTL") and Philips do Brasil Ltda.'s ("PDBL") motion to dismiss for insufficient service of process and lack of personal jurisdiction ("Surreply"), and

    b. A proposed "Second Declaration of Lauren C. Capurro in Opposition" to PTL and PDBL's motion to dismiss ("Second Capurro Declaration").

6. Pursuant to the Protective Order and Local Civil Rules 7-11 and 79-5(d), I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Surreply and Second Capurro Declaration.

7. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92,

Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following information, documents, and portions of documents should be maintained under seal and redacted from the Surreply:

    a.    Surreply, pages 5 and 6 and footnotes 8 and 9, and referenced exhibit (discussing and quoting paragraph 7 and Ex. B to the Second Capurro Declaration, excerpts from the deposition transcript of Roger de Moore, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Philips Defendants, which transcript has been designated "Highly Confidential" pursuant to the Stipulated Protective Order);

    b.    Surreply, page 6 and footnote 12, and referenced exhibit (discussing and citing Paragraph 36 and Ex. 10 to the "Declaration of Lauren C. Capurro in Opposition to [PTL and PDBL's] Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction" ("First Capurro Declaration"), an excerpt from the deposition transcript of Jim Smith, which has been designated as "Highly Confidential" pursuant to the Stipulated Protective Order);

    c.    Surreply, page 7 and footnote 15, and referenced exhibits (discussing and citing Exs. 40 and 41 to the First Capurro Declaration, documents produced by KPNV in this action as EIN0107841–44 and EIN 0107848–69, both of which have been designated as "Highly Confidential" by KPNV).

8.    Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following information, documents, or portions of documents should be maintained under seal and redacted from the Capurro Declaration:

    a.    Declaration, paragraph 7 and referenced exhibit (discussing and quoting Ex. B to the Second Capurro Declaration, excerpts from the deposition transcript of

1  Roger de Moore, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for
2  the Philips Defendants, which transcript has been designated "Highly
3  Confidential" pursuant to the Stipulated Protective Order).

4  9. The information and documents or portions of documents in question from the
5  Surreply and Second Capurro Declaration have been designated by the Philips Defendants as either
6  "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the
7  documents contain confidential, nonpublic, and highly sensitive business information about the
8  Philips Defendants' sales practices, business and supply agreements, and competitive positions. The
9  documents describe relationships with companies (including customers and vendors) that remain
10 important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive
11 information presents a risk of undermining the Philips Defendants' relationships, would cause harm
12 with respect to the Philips Defendants' competitors and customers, and would put the Philips
13 Defendants at a competitive disadvantage.

14 10. I am informed and believe that the Philips Defendants have taken reasonable steps to
15 preserve the confidentiality of information of the type contained, identified, or cited to in the
16 Surreply and Second Capurro Declaration.

17 11. I declare under penalty of perjury under the laws of the United States of America that
18 the foregoing is true and correct to the best of my knowledge.

19
20 Executed this 27th day of May, 2014, in Washington, D.C.
21

22 Dated: May 27, 2014                    By: /s/ Erik T. Koons
                                          Jon V. Swenson (SBN 233054)
23                                        BAKER BOTTS LLP
                                          1001 Page Mill Road
24                                        Building One, Suite 200
                                          Palo Alto, CA 94304-1007
25                                        Telephone: (650) 739-7500
                                          Facsimile: (650) 739-7699
26                                        Email: jon.swenson@bakerbotts.com
27
                                          John M. Taladay (*pro hac vice*)
28
                                          3

Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendants Koninlijke Philips NV and Philips Electronics North America Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2014, I electronically filed the Declaration of Erik T. Koons in Support of Indirect Purchaser Plaintiffs' Administrative Motion to File Under Seal Pursuant to Civil Local Rule 79-5(d) on behalf of Koninklije Philips NV's and Philips Electronics North America Corporation with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter who are registered on the CM/ECF system.

By: /s/ Erik T. Koons

Erik T. Koons