Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys Specially Appearing for Defendants Philips Taiwan Limited and Philips do Brazil Ltda.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*All Indirect Purchaser Actions* | Case No. 07-5944-SC<br><br>MDL No. 1917<br><br>**PHILIPS TAIWAN LIMITED'S AND PHILIPS DO BRAZIL LTDA.'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY** |

## MEMORANDUM OF POINTS AND AUTHORITIES

Philips Taiwan Limited ("PTL") and Philips do Brazil Ltda. ("PDBL"), by and through their undersigned counsel, respectfully submit this opposition to the Indirect Purchaser Plaintiffs' ("IPPs") Motion for Leave to File Surreply in Opposition to PTL and PDBL's Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction. The IPPs have failed to justify deviating from the prohibition in the Court's local rules on additional briefing after a reply is filed. Local Rule 7-3(d). Contrary to the IPPs' argument, PTL and PDBL's reply raised no new legal arguments. The IPPs' surreply is a classic attempt to re-plow old ground and have the last word.

The Court's local rules make clear that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," except for certain types of documents that are not at issue here. L.R. 7-3(d). This Rule contemplates a high standard for allowing such additional briefing or else surreplies (and sur-surreplies, etc.) would be part of routine briefing in this district.[1] Indeed, in this case, the Court has *never* granted a request to file a surreply. For good reason. Allowing a surreply to motions like PTL and PDBL's motion to dismiss—in which no new issues were raised in the reply brief—would invite parties to haphazardly seek one last bite at the apple in the hopes that the Court will again allow yet more briefing in this heavily litigated case. The Court should thus deny the IPPs' request and send a message to the parties that such requests for one last word will not be honored except in the most necessary circumstances.

The IPPs' reliance on cases where surreplies were permitted to address "new arguments" raised in the reply brief are inapposite. PTL and PDBL's reply brief did *not* raise any new arguments. Instead, PTL and PDBL continued to assert the same arguments as in their initial motion to dismiss: the IPPs' claims against them should be dismissed for insufficient service of process, as well as lack of

---

[1] Consistent with this practice, PTL, PDBL, and the IPPs entered into a stipulated briefing schedule for this motion that clearly only allows for an opening brief, an opposition brief, and a reply brief—there is no allowance for a surreply by the IPPs. (Dkt. No. 2545, Apr. 22, 2014). The Court signed this order on April 29, 2014 (Dkt. No. 2551). This should be the end of the issue: the IPPs did not reserve the right to file a surreply and they should not be allowed to circumvent the Court's Order now.

personal jurisdiction because PTL and PDBL do not have the requisite minimum contacts with the United States. No aspect of PTL and PDBL's reply brief went beyond these initial arguments and the specific arguments in the brief were merely responding to the IPPs' opposition to the motion to dismiss. Such a response is typical for replies and surely cannot create the right to file a surreply or else every reply brief would open the door to allowing a surreply. *See Heil Co. v. Curotto Can Co.*, No. 04-cv-1590 MMC, 2004 WL 2600134, at *1 n.1 (N.D. Cal. Nov. 16, 2004) (denying defendant leave to file surreply where plaintiff's reply brief did "not raise new legal arguments, but, rather, respond[ed] to legal arguments made in defendant's opposition"); *Caldwell v. Wells Fargo Bank, N.A.*, No. 13-cv-1344 LHK, 2014 WL 789083, at *2 n.3 (N.D. Cal. Feb. 26, 2014) (denying motion to file surreply where opposing party "did not raise new arguments that required a response in its reply brief").

The impropriety of the IPPs' request to file a surreply is only made clear by the points the IPPs seek to raise. First, there is no need for the IPPs to bring to the Court's attention a recent filing in this action—the Court is surely aware of the orders it has entered.

Second, the IPPs seek to address whether they will request additional discovery from PTL and PDBL. PTL and PDBL's arguments in their reply brief about this discovery, however, were solely in response to and to clarify the IPPs' nebulous assurances in their opposition brief that "no further discovery from [PTL or PDBL] is expected." Opp. at 18 & n.31. Such a response to the IPPs' arguments cannot merit a surreply as a "reply necessarily raises facts and issues, for the first time, that are germane to the opposition." *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 515 (D. Idaho 2013).

Third, PTL and PDBL's reply brief correctly stated that the exhibits referenced in the IPPs' opposition brief do not directly state that PTL or PDBL ever sold CRTs into the United States. The IPPs should have addressed this fundamental issue in their opposition brief and should not be allowed to file a surreply to try to—unsuccessfully—remedy this deficiency in their briefing.

There is simply no justification for allowing a surreply to this motion. The Court can fully assess the parties' arguments based on the permitted briefs. Allowing a surreply to give the IPPs the

last word in this briefing would only further embolden the IPPs (and other parties) to routinely file surreplies in this action—only further burdening the Court with additional briefing and administrative motions for leave to file surreplies.  The motion should be denied.

Dated: May 27, 2014

By: ___/s/ Erik T. Koons_____
Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys Specially Appearing for Defendants Philips Taiwan Limited and Philips do Brazil Ltda.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2014, I electronically filed Philips Taiwan Limited's and Philips do Brazil Ltda.'s Opposition to Indirect Purchaser Plaintiffs' Motion for Leave to File Surreply with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

By: /s/ Erik T. Koons
     Erik T. Koons