Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant
Toshiba America Information Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>Case No. 12-cv-02648<br><br>P.C. RICHARD & SON LONG ISLAND CORPORATION; MARTA COOPERATIVE OF AMERICA, INC.; AND ABC APPLIANCE, INC.,<br><br>                                Plaintiffs,<br><br>                v.<br><br> HITACHI, LTD., et al.,<br><br>                                Defendants. | **TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL P.C. RICHARD, MARTA, AND ABC APPLICANCE TO PRODUCE DISCOVERY** |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Toshiba America Information Systems, Inc. ("TAIS") hereby moves the Court for an order compelling P.C. Richard & Son Long Island Corporation ("P.C. Richard"), MARTA Cooperative of America, Inc. ("MARTA"), and ABC Appliance, Inc. ("ABC Appliance") (collectively, the "Plaintiffs") to produce settlement agreements responsive to Request No. 3 of TAIS's and Philips Electronics North America Corporation's ("PENAC") First Set of Requests for Production of Documents.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, accompanying exhibits, the complete files and records in this action, and such other matters as the Court may consider.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S NOTICE OF MOTION AND
MOTION TO COMPEL P.C. RICHARD, MARTA, AND ABC APPLIANCE TO PRODUCE DISCOVERY
Case No. 07-5944 SC
MDL No. 1917

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to the procedure set forth in the Report Regarding Case Management Conference No. 2 (ECF No. 754), TAIS respectfully requests that this Court issue an order compelling Plaintiffs to provide proper responses to Request for Production No. 3 of TAIS's and PENAC's First Set of Requests for Production of Documents. *See* Declaration of Dana E. Foster in Support of Toshiba America Information Systems, Inc.'s Motion to Compel P.C. Richard, MARTA, and ABC Appliance to Produce Discovery, dated June 2, 2014 ("Foster Decl.") Ex. 1. Specifically, TAIS requests an order directing Plaintiffs to produce all settlement agreements concerning the claims they assert in their complaint.

TAIS has in good faith attempted to resolve this discovery issue with the Plaintiffs. On January 27, 2014, the Plaintiffs served their responses to TAIS's First Set of Requests for Production of Documents and PENAC's Second Set of Requests for Production of Documents. *See, e.g.*, Foster Decl. Ex. 2 (P.C. Richard's responses) (the responses from MARTA and ABC Appliance are substantially similar). On February 28, 2014, TAIS sent letters to counsel for the Plaintiffs informing them of deficiencies in their responses to TAIS's and PENAC's discovery requests, including their deficient response to Request for Production No. 3 and requested that they cure these deficiencies. *See, e.g.*, Foster Decl. Ex. 3 (letter regarding P.C. Richard's discovery deficiencies) (the letters regarding MARTA's and ABC Appliance's discovery deficiencies are substantially similar). TAIS never received a response from counsel regarding any of those letters. On April 10, 2014, nearly six weeks after sending those letters, counsel for TAIS e-mailed counsel for Plaintiffs and requested a response or a meet-and-confer.

In accordance with paragraph 4 of the Report Regarding Case Management Conference No. 3 (ECF No. 879), on April 22, 2014, counsel for TAIS participated in a meet-and-confer with the Plaintiffs that covered, *inter alia*, the Plaintiffs' deficient responses to TAIS's and PENAC's discovery requests. During this call, the Plaintiffs agreed to either supplement their prior responses or otherwise appropriately respond to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

almost all of the discovery requests at issue. *See* Foster Decl. Ex. 4. Notwithstanding these efforts, counsel are at an impasse with respect to the one issue discussed in this motion.

Request for Production No. 3 asked each Plaintiff to produce "[a]ll settlement agreements between YOU and any other PERSON RELATED TO any of the claims asserted in the COMPLAINT." Foster Decl. Ex. 1 at 3.

In response to this request, the Plaintiffs offered only objections, including the assertion that settlement agreements are protected from disclosure by Rule 408 of the Federal Rules of Evidence. *See* Foster Decl. Ex. 2 at 6-7. This is incorrect. Rule 408 governs the admissibility of the agreements under the Federal Rules of Evidence, not disclosure under the Federal Rules of Civil Procedure. *See Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 585 (N.D. Cal. 2008) (holding that Rule 408 does not warrant protecting settlement negotiations from discovery because on its face, the rule applies only to the admissibility of evidence at trial, not to whether evidence is discoverable under Rule 26). Under Rule 26(b) of the Federal Rules of Civil Procedure, the proper measure is not whether the requested material is admissible; instead, the information sought need only be "reasonably calculated to lead to the discovery of admissible evidence."

This issue was litigated twice in the LCD matter and in both instances the Court ordered the production of the settlement agreements. In January 2012, Hannstar filed a motion to compel with Special Master Quinn seeking that Best Buy produce settlement agreements. *See* Special Master's Order re Hannstar Display Corp.'s Motion to Compel Best Buy to Respond Further to Document Request No. 45, *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. Feb. 15, 2012) (Foster Decl. Ex. 5). Best Buy objected on the basis that Rule 408 protects the confidentiality of settlement agreements, *i.e.*, the same objection on which the Plaintiffs stand here. *Id*. at 2. Special Master Quinn found that under the leading case, *Bennett v. La Pere*, 112 F.R.D. 136 (D.R.I. 1986), good cause exists for disclosure of the settlement agreements because the "fairness and the desirability of promoting settlements will be enhanced if non-settling defendants are able to calculate the amount of offsets and, hence, their potential liability . . . ." *Id*. at 4. Special

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  Master Quinn reasoned that this advantage outweighed any disadvantage to Best Buy in
2  future settlement negotiations and that Best Buy's reliance on the confidentiality provision
3  of the agreements was not controlling. *Id*. In affirming Special Master Quinn's Order,
4  Judge Illston also found there to be good cause for production of the settlement agreements
5  and found no prejudice to Best Buy in the disclosure of the agreements. *See* Order
6  Overruling Best Buy's Objection to Special Master's Order Granting Hannstar Display
7  Corp.'s Motion to Compel, *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI
8  (N.D. Cal. Apr. 4, 2012) (Foster Decl. Ex. 6).
9        Special Master Quinn consistently applied his findings in September 2012 when this
10 issue was litigated again after LG and Sharp asked him to compel various plaintiffs to
11 produce their settlement agreements. *See* Special Master's Order re Motions of LG Display
12 and Sharp to Compel Various Plaintiffs to Produce Settlement Agreements, *In re: TFT-LCD*
13 *(Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. Sept. 28, 2012) (Foster Decl. Ex.
14 7). Special Master Quinn found that the reasoning in his first Order with respect to the Best
15 Buy settlement agreements applied with "equal force" to the production of other plaintiffs'
16 settlement agreements, and again compelled the production of the various plaintiffs'
17 settlement agreements with other defendants. *Id*. at 3.
18       During our meet-and-confer on April 22, 2014, the Plaintiffs' counsel conceded that
19 the LCD decisions support the position that settlement agreements are discoverable at this
20 stage of the litigation. *See* Foster Decl. Ex. 4 at 2. Without providing — or offering to
21 provide — any authority supporting their position that settlement agreements are not
22 discoverable, the Plaintiffs simply stated that they "stand on their objections" and refused to
23 produce documents responsive to this request. *Id*. On the call, the Plaintiffs' counsel
24 revealed that, at this time, the Plaintiffs had no documents responsive to this request;
25 nonetheless, counsel stated that she refused to agree to produce such documents in the
26 future. Furthermore, this issue will recur repeatedly with other plaintiffs in the action.
27       Following this Court's May 8, 2014 order (ECF No. 2566), on May 12, 2014, the
28 Plaintiffs — for the first time — offered to produce their settlement agreements under

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S NOTICE OF MOTION AND
MOTION TO COMPEL P.C. RICHARD, MARTA, AND ABC APPLIANCE TO PRODUCE DISCOVERY
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

certain conditions.  *See* Foster Decl. Ex. 8.  Although the Plaintiffs conceded, as they must, that the settlement agreements are relevant, they agreed to produce them only after trial.  *Id*.  On May 14, 2014, TAIS responded to the Plaintiffs' offer with a counter-offer.  *See* Foster Decl. Ex. 9.  The Plaintiffs did not respond to TAIS's May 14, 2014 letter.  On May 27, 2014, counsel for TAIS called the Plaintiffs' counsel to inquire as to whether TAIS's counter-offer was acceptable or whether TAIS could expect a response.  Counsel for the Plaintiffs responded with an e-mail in which she rejected TAIS's counter-offer and declared that the parties were — again — at an impasse.  *See* Foster Decl. Ex. 10.

## CONCLUSION

For these reasons, this Court should grant Toshiba America Information Systems, Inc.'s motion to compel and order P.C. Richard, MARTA, and ABC Appliance to produce settlement agreements responsive to Request for Production No. 3 of TAIS's and PENAC's First Set of Requests for Production of Documents.

Respectfully submitted,

Dated:  June 2, 2014

WHITE & CASE LLP

By:  /s/ Dana E. Foster
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Toshiba America Information Systems, Inc.*

**CERTIFICATE OF SERVICE**

On June 2, 2014, I caused a copy of "TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL P.C. RICHARD, MARTA, AND ABC APPLICANCE TO PRODUCE DISCOVERY" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

                                    */s/ Dana E. Foster*
                                    Dana E. Foster