# EXHIBIT 2

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
       anardacci@bsfllp.com

*Counsel for Plaintiff P.C. Richard & Son Long Island Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:12-cv-02648-SC (N.D. Cal.)<br><br>P.C. RICHARD & SON LONG ISLAND CORPORATION, ET AL.,<br><br>    Plaintiff,<br><br>    vs.<br><br>TOSHIBA AMERICA INFORMATION SYSTEMS, INC. AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,<br><br>    Defendants. | Case No. 3:12-cv-02648-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917<br><br>**P.C. RICHARD & SON LONG ISLAND CORPORATION'S OBJECTIONS AND RESPONSES TO TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | Toshiba America Information Systems, Inc. and Philips Electronics North America Corporation |
| **RESPONDING PARTY:** | P.C. Richard & Son Long Island Corporation |
| **SET:** | One (Toshiba America Information Systems, Inc.); Two (Philips Electronics North America Corporation) |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the Local Rules of the Northern District of California, Plaintiff P.C. Richard & Son Long Island Corporation ("Plaintiff") hereby responds to Toshiba America Electronic Components, Inc.'s First Requests for Production of Documents to Plaintiff and Philips Electronics North America Corporation's ("Defendants") Second Requests for Production of Documents to Plaintiff, dated December 23, 2013, (collectively, the "Requests for Production") including the "Instructions" and "Definitions" contained therein, as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Plaintiff's responses ("Responses") to each and every request for production contained in the Requests for Production. No Response to any request for production shall be deemed a waiver of Plaintiff's General Objections.

1. Plaintiff objects to the Requests for Production to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2. Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information already in the possession, custody, or control of Defendants.

3. Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information that can equally or more readily be obtained by Defendants from public sources.

4. Plaintiff objects to the Requests for Production to the extent that that they seek or call for the production of documents or information that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

5. Plaintiff objects to the Requests for Production to the extent that that they seek or call for the production of documents or information not in Plaintiff's possession, custody, or control.

6. Plaintiff objects to the Requests for Production to the extent that that they seek or call for the production of documents or information protected from disclosure by the attorney-client

1  privilege, the attorney work product doctrine, or any other privilege, protection, or immunity
2  applicable under the governing law.  Any information disclosed pursuant to the Requests for
3  Production will be disclosed without waiving, but on the contrary reserving and intending to
4  reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of
5  privileged information or material shall not be deemed a waiver of the applicable privilege,
6  protection, or immunity.

7.  Plaintiff objects to the Requests for Production to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

8.  Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information that is not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

9.  Plaintiff objects to the Requests for Production to the extent that they are duplicative and cumulative.

10.  Plaintiff objects to the Requests for Production, including the instructions and definitions, on the grounds that Plaintiff will incur substantial expense complying with them.

11.  Plaintiff objects to the time period specified in the Requests for Production as unduly burdensome and oppressive, and will produce documents on a rolling basis.  Plaintiff further objects to producing documents that were not created during the period of March 1, 1995 to November 25, 2007.

12.  Plaintiff objects to the Requests for Production to the extent that they prematurely call for expert testimony and state that Plaintiff will provide expert disclosures as provided by the Federal Rule of Civil Procedure.

13.  Plaintiff has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing.  These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Plaintiff.  Further investigation and discovery may result in the identification of additional documents or information, and Plaintiff reserves the right to amend or supplement its responses.  Plaintiff's responses and production should not be construed to prejudice its right

1  to conduct further investigation in this case, or to limit its use of any additional evidence that
2  may be developed.

3  14.     Plaintiff objects to the Requests for Production as unduly burdensome to the extent that
4  they require Plaintiff to search for, locate, and produce "all" documents related to the
5  information requested. Plaintiff will conduct a reasonably diligent search for potentially relevant
6  documents.

7  15.     Any production of information or documents will be subject to the Stipulated Protective
8  Order entered in this action (Dkt. No. 306).

9  **OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

10 **REQUEST NO. 1:**

11      All DOCUMENTS referenced in YOUR response to Toshiba America Information
12 Systems, Inc. and Philips Electronics North America Corporation's First Set of Interrogatories.

13 **RESPONSE TO REQUEST NO. 1:**

14      Plaintiff refers to and incorporates its General Objections as if set forth fully herein.
15 Plaintiff specifically objects to this Request on the grounds that it is overly broad, unduly
16 burdensome, and oppressive. Plaintiff further objects to this Request to the extent that it seeks or
17 calls for the production of documents protected from disclosure by the attorney-client privilege,
18 the attorney work product doctrine, or any other privilege, protection, or immunity applicable
19 under the governing law. Plaintiffs further object to this Request on the grounds that it is
20 premature, and that it seeks to impose an undue burden on Plaintiffs to state their entire case on
21 an incomplete record and review and analyze all information obtained in discovery thus far at
22 this stage of this litigation, many months before the agreed-upon fact discovery deadline.
23 Plaintiff also objects to this Request to the extent that it calls for the production of documents or
24 information not relevant, material or necessary to this action and, thus, not reasonably calculated
25 to lead to the discovery of admissible evidence.

26      Subject to and notwithstanding the foregoing objections, to the extent that this Request
27 refers to Toshiba America Information Systems, Inc.'s First Set of Interrogatories and Philips

28

1  Electronics North America Corporations Third Set of Interrogatories, dated December 23, 2013,
2  no documents were identified in Plaintiff's Responses to these Interrogatories.

3  **REQUEST NO. 2:**

4  All DOCUMENTS RELATED TO any formal or informal DOCUMENT retention
5  policies or practices that YOU adopted or followed at any time from March 1, 1995 to and
6  including the present.

7  **RESPONSE TO REQUEST NO. 2:**

8  Plaintiff refers to and incorporates its General Objections as if set forth fully herein.
9  Plaintiff specifically objects to this Request, including the time frame for the Request, on the
10 grounds that it is overly broad, unduly burdensome, and oppressive.  Plaintiff further objects to
11 this Request to the extent that it seeks or calls for the production of documents protected from
12 disclosure by the attorney-client privilege, the attorney work product doctrine, or any other
13 privilege, protection, or immunity applicable under the governing law.  Plaintiff also objects to
14 this Request to the extent that it calls for the production of documents or information not
15 relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the
16 discovery of admissible evidence.

17 Subject to and notwithstanding the foregoing objections, Plaintiff will produce
18 responsive, non-privileged documents created during the period March 1, 1995 to and including
19 the present, to the extent that such documents exist, are reasonably available, and are kept in the
20 ordinary course of business.

21 **REQUEST NO. 3:**

22 All settlement agreements between YOU and any other PERSON RELATED TO any of
23 the claims asserted in the COMPLAINT.

24 **RESPONSE TO REQUEST NO. 3:**

25 Plaintiff refers to and incorporates its General Objections as if set forth fully herein.
26 Plaintiff specifically objects to this Request on the grounds that it is overly broad, unduly
27 burdensome, and oppressive.  Plaintiff further objects to this request to the extent that it seeks or
28 calls for the production of documents protected from disclosure by the attorney-client privilege,

the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law. Plaintiff further objects to this request on the grounds that it seeks documents that are protected by Federal Rule of Evidence 408. Plaintiff also objects to this Request to the extent that that it seeks or calls for the production of documents or information not in Plaintiff's possession, custody, or control. Plaintiff further objects to this Request for Production to the extent that it calls for the production of documents or information not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

DATED: January 27, 2014    /s/ Philip J. Iovieno

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
       anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

*Counsel for Plaintiff P.C. Richard & Son Long Island Corporation*