# EXHIBIT 3

**WHITE & CASE**

White & Case PC
701 Thirteenth Street, NW
Washington, DC 20005

Tel  + 1 202 626 3600
Fax + 1 202 639 9355
whitecase.com

Direct Dial + 202-637-6181   defoster@whitecase.com

February 28, 2014

VIA E-MAIL

Robert C. Tietjen, Esq.
Boies, Schiller & Flexner L.L.P.
30 South Pearl St.
Albany, NY 12207

Re:   *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, 3:12-cv-02648-SC, MDL No. 1917
      (N.D. Cal.):  P.C. Richard's January 27, 2014 Discovery Responses

Dear Mr. Tietjen:

I write this letter to bring to your attention certain deficiencies in P.C. Richard's Objections and Responses to (1) Toshiba America Information Systems, Inc.'s First Set of Interrogatories and Philips Electronics North America Corporation's Third Set of Interrogatories, (2) Toshiba America Information Systems, Inc.'s First Set of Requests for Production of Documents and Philips Electronics North America Corporation's Second Set of Requests for Production of Documents, and (3) Toshiba America Information Systems, Inc.'s and Philips Electronics North America Corporation's First Set of Requests for Admission, each served on January 27, 2014.  As described more fully below, P.C. Richard's responses are lacking in several respects.  We request that P.C. Richard promptly supplement its discovery responses to correct these deficiencies.

**I.   P.C. Richard's Responses to TAIS's and PENAC's Interrogatories**

P.C. Richard provided essentially no response to seven of nine interrogatories from Toshiba America Information Systems, Inc.'s First Set of Interrogatories and Philips Electronics North America Corporation's Third Set of Interrogatories.

*First*, P.C. Richard offered only objections to Interrogatory Nos. 1, 2, and 9.  Instead of providing a substantive response to these interrogatories, P.C. Richard asserts that it "has not completed its discovery and preparation in this matter, and its investigation of these cases is ongoing."  This is insufficient.  The advisory committee notes to the 1993 amendments to Rule 33 of the Federal Rules of Civil Procedure state:  "the fact that additional time may be needed to

Robert C. Tietjen, Esq.

February 28, 2014

respond to some questions (or to some aspects of questions) should not justify a delay in responding to those questions (or other aspects of questions) that can be answered within the prescribed time." Moreover, Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure obligates P.C. Richard to supplement its interrogatory responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete . . . ." P.C. Richard is required to provide substantive responses to these interrogatories based on its present knowledge.

Also, in P.C. Richard's Objections and Responses to Toshiba America Information Systems, Inc.'s and Philips Electronics North America Corporation's First Set of Requests for Admission, P.C. Richard denied Request for Admission Nos. 1-9, 11-14, 19-31, 35-48, 57-60, 73-76, 81-88, 91-95, 104, 109, 126, 127, 132-144, 146-149, 152-155, and 160; however, P.C. Richard failed to identify the evidentiary basis for such denials, as requested by Interrogatory No. 9. P.C. Richard is required to provide a complete response to this interrogatory by stating the basis for these denials.

*Second*, and similarly, P.C. Richard provided no substantive response to Interrogatory Nos. 4, 6, 7, and 8; instead, it referred the Defendants to P.C. Richard's December 20, 2013 Responses and Objections to Toshiba America Electronic Components, Inc.'s and Philips Electronics North America Corporation's Second Set of Interrogatories (the "December 20, 2013 Responses"). The December 20, 2013 Responses do not fully answer Interrogatory Nos. 4, 6, 7, and 8. In them, P.C. Richard simply lists purported "vendors" with associated "Defendant(s) or Co-conspirator(s)." In Toshiba America Information Systems, Inc.'s First Set of Interrogatories and Philips Electronics North America Corporation's Third Set of Interrogatories, the Defendants request that P.C. Richard (1) identify all "original equipment manufacturers," "other suppliers," and "agents" referred to in certain paragraphs of its complaint (Nos. 4 and 7), and then provide specific information about any alleged relationship between those entities and defendants or alleged co-conspirators and the evidence supporting such relationships (Nos. 6 and 8). The December 20, 2013 Responses provide no such information.

*Finally*, P.C. Richard did not provide a signed verification for its Objections and Responses to Toshiba America Information Systems, Inc.'s First Set of Interrogatories and Philips Electronics North America Corporation's Third Set of Interrogatories. According to Rule 33(b)(5) of the Federal Rules of Civil Procedure, "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Please provide such a verification.

Please supplement P.C. Richard's responses to Toshiba America Information Systems, Inc.'s First Set of Interrogatories and Philips Electronics North America Corporation's Third Set of Interrogatories immediately to correct these deficiencies.

**II.   P.C. Richard's Responses to TAIS's and PENAC's Requests for Production**

*First*, P.C. Richard stated that it will produce documents pursuant to Request No. 2 of Toshiba America Information Systems, Inc.'s First Set of Requests for Production of Documents

Robert C. Tietjen, Esq.

February 28, 2014

and Philips Electronics North America Corporation's Second Set of Requests for Production of Documents. Please let us know when we can expect such a production.

*Second*, P.C. Richard offered only objections to Request No. 3 (which seeks all settlement agreements), including the assertion that settlement agreements are protected from disclosure by Rule 408 of the Federal Rules of Evidence. That is incorrect. Rule 408 governs *admissibility* under the Federal Rules of Evidence, not *disclosure* under the Federal Rules of Civil Procedure. Under Rule 26(b) of the Federal Rules of Civil Procedure, the proper measure is not whether the requested material is admissible, or even relevant; instead, the information sought need only be "reasonably calculated to lead to the discovery of admissible evidence."

This issue was litigated (twice) before Special Master Quinn in the LCD matter. In both instances, Mr. Quinn ordered the plaintiffs to produce all settlement agreements. *See* Special Master's Order re Motions of LG Display and Sharp to Compel Various Plaintiffs to Produce Settlement Agreements, *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. Sept. 28, 2012) (ECF No. 6862); Special Master's Order re Hannstar Display Corporation's Motion to Compel Best Buy to Respond Further to Document Request No. 45, *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. Feb. 15, 2012) (ECF No. 4825), *aff'd*, Order Overruling Best Buy's Objection to Special Master's Order Granting Hannstar Display Corp.'s Motion to Compel, *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. Apr. 4, 2012) (ECF No. 5403); *accord Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A.,* 254 F.R.D. 568, 585 (N.D. Cal. 2008).

Because the information sought by Request No. 3 is not protected from disclosure by Rule 408 or any other rule of evidence or procedure, please produce all information responsive to this request immediately.

### III.     P.C. Richard's Responses to TAIS's and PENAC's Requests for Admission

P.C. Richard provided several incomplete responses to Toshiba America Information Systems, Inc.'s and Philips Electronics North America Corporation's First Set of Requests for Admission.

*First*, in violation of Rule 36 of the Federal Rules of Civil Procedure, P.C. Richard offered only ambiguous, ostensibly partial denials in response to Request for Admission Nos. 15, 16, 89, 90, 96, 100, 102, 105-108, 110-114, 161, and 162. If a matter is not admitted, Rule 36(a)(4) requires a party to "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Rather than admitting or specifically denying these requests for admission, P.C. Richard appears to admit the request only

Robert C. Tietjen, Esq.

February 28, 2014

WHITE & CASE

to then add "otherwise, Plaintiffs deny this Request" or similar language at the end of the response. An example of this is Request for Admission No. 15, which states:

> Admit that YOU do not contend that DEFENDANT LP Displays International Ltd. f/k/a LG.Philips Displays at any time OWNED any other DEFENDANT or alleged COCONSPIRATOR.

In response, P.C. Richard asserts:

> Subject to and notwithstanding these objections, Plaintiffs admit that they contend that Defendants LG Electronics, Inc. and Koninklijke Philips Electronics N.V. a/k/a Royal Philips owned and controlled LP Displays International Ltd. f/k/a LG.Philips Displays, but *do not contend that LP Displays International Ltd. f/k/a LG.Philips Displays owned or controlled any other defendant or alleged co-conspirator*; otherwise, Plaintiffs deny this request.

(emphasis added). P.C. Richard appears to admit this request for admission with the italicized language, but the addition of "otherwise, Plaintiffs deny this request" makes this admission either qualified or partial. Rule 36 prohibits both.

*Second*, P.C. Richard fails to even partially respond to Request for Admission Nos. 10, 32-34, 97-99, 101, 103, 115-117, 128-131, 145, 150, and 151. Indeed, in response to Nos. 32-34, 97, 99, 101, 103, 145, 150, and 151, P.C. Richard "admits" to a statement wholly different than the request. Under Rule 36(a)(3), "[a] matter is *admitted* unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection *addressed to the matter* . . . ." (emphasis added). Because P.C. Richard failed to "address the matter" described in these requests for admission, they are admitted.

Please supplement P.C. Richard's responses to these requests for admission immediately.

\*   \*   \*   \*   \*

Please let me know when you are available to meet and confer on the issues described in this letter.

Sincerely,

Dana E. Foster

cc:   Philip J. Iovieno, Esq.
      Anne M. Nardacci, Esq.
      Charles Malaise, Esq.

4