# EXHIBIT 5

Martin Quinn
JAMS
Two EmbarcaderoCenter, Suite 1500
San Francisco, CA94111
Telephone: (415) 982-5267
Fax: (415) 982-5287

SPECIAL MASTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATON | CASE NO. M:07-cv-01827-si <br><br> MDL No. 1819 <br><br> SPECIAL MASTER'S ORDER RE HANNSTAR DISPLAY CORPORATION'S MOTION TO COMPEL BEST BUY TO RESPOND FURTHER TO DOCUMENT REQUEST NO. 45 (Hrg. 2/7/12) |
| This Order Relates to: <br><br> ALL CASES | |

On February 7, 2012, I heard HannStar's motion to compel Best Buy to further respond to Request No. 45 of Defendants' Second Set of Requests for Production of Documents, by producing its settlement agreements with Samsung and any other non-defendant co-

1

conspirators.[1] On February 10, Best Buy served its post-hearing brief discussing cases cited in HannStar's reply brief. Having considered all arguments and evidence submitted, I now make the following Order.

**Factual Background**

Best Buy filed its opt-out complaint in October 2010. A year later Defendants served their Second Request for Production of Documents that included a request (No. 45) for copies of all documents relating to settlements Best Buy had made with alleged co-conspirators who were <u>not</u> defendants in the Best Buy case. Best Buy objected that Fed. R. of Evid. 408 protects the confidentiality of settlement documents. Best Buy disclosed that it has settled only with Samsung, which joins Best Buy in objecting to disclosure of the settlement agreement and any related documents.

HannStar argues that the settlement agreements are relevant to enable it to determine the amount of offset to which it may be entitled against any judgment. It argues that the ability to "understand the scope of its potential liability in this case" is critical to enable HannStar (a) to make arguments regarding offset, (b) to evaluate its risks for purposes of settlement, and (c) to ascertain whether the agreements contain "cooperation" obligations that might show bias on the part of witnesses. [HannStar brief, dtd. 1/27/12, p. 5].

Best Buy counters that, while the settlement agreements will be liable <u>after judgment</u> to perform the "ministerial" act of calculating the offset, they are not relevant at this time. They further note that it has a duty pursuant to the agreement to keep it confidential and that Samsung joins in objecting to disclosure. They pointed out at the hearing that the agreements involve not only an exchange of cash, but "future obligations" by both parties that are competitively sensitive.

**Analysis**

Discoverability of the settlement agreements turns first on whether they are relevant for discovery purposes.[2] Fed. R. Civ. Proc. 26(b)(1) provides for discovery of information that is

---

[1] The motion originally sought to compel Best Buy also to respond to Request No. 46 and Interrogatory No. 23 relating to net purchase and sale prices and profit margins. At the hearing counsel asked that I defer ruling on these requests to permit further meet-and-confer.
[2] Both sides agree that the agreements are unlikely to be admissible (Fed. R. Evid 408).

2

"relevant to any party's claim or defense," of information that is relevant to the subject matter of the action but only for good cause, and of information that is not admissible if it "appears reasonably calculated to lead to the discovery of admissible evidence." There is no showing here that Best Buy's settlement agreements and negotiations would be relevant to its claims or HannStar's defenses. This distinguishes this situation from some cases that have allowed discovery of settlement agreements in part because they shed light on some claim or defense.[3] However, the Best Buy agreements plainly do relate to the subject matter of the case, which requires an assessment of whether "good cause" exists for their production.

After relevance, the second consideration is whether any other rule or policy demands protection of the information. In this respect, Best Buy's reliance on the confidentiality provisions in the settlement agreement is not controlling. While the parties' desire for confidentiality is entitled to due respect, and may enhance the prospect for future settlements, it is clear that a court may order discovery notwithstanding such confidentiality provisions. *In re Enron Corp. Securities, Derivative and ERISA Litigation*, 623 F.Supp.2d 798, 838 (S.D. Tex. 2009). Nor does Rule 408 prevent discovery, since its reach extends only to admissibility of evidence, not to disclosure. *Johnson Matthey, ibid.* at fn. 3.

Case law cited by the parties is divided on whether settlement agreements should be produced to non-settling parties prior to judgment. Cases approving disclosure generally conclude that disclosure of settlement agreements will enhance the prospect of further settlements and will not unduly prejudice the settling parties. The leading case favoring disclosure seems to be *Bennett v. La Pere, ibid.* at fn. 3. In that medical malpractice case, as is true here, the amount of the plaintiffs' settlement with defendant physicians would reduce the amount recoverable from the non-settling hospital. The court concluded that in fairness the hospital needed to know the amount of its potential liability in order to evaluate possible settlement, and that plaintiffs' argument that they would be disadvantaged in future negotiations

---

[3] *Bennet v. La Pere*, 112 F.R.D. 136 (D.R.I. 1986) [scope of release in settlement agreement potentially relevant to liability of non-settling joint tortfeasor]; *Johnson Matthey, Inc. v. Research Corp.* 2003 WL 24136087, at *2-3 (S.D.N.Y. June 16, 2003) [potentially relevant in patent case to determination of a reasonable royalty]; *Del Monte Fresh Produce B.V. v. Ace Amer. Ins. Co.*, 2002 WL 34702176, at *3 (S.D. Fla. September 4, 2002) [relevant to determine whether primary policy limits were exhausted].

3

with the hospital was mere gamesmanship. The *Bennett* court rejected the analysis in *Bottaro v. Hatton Assoc.*, 96 F.R.D. 158 (E.D.N.Y. 1982), which had concluded that, given the Rule 408 bar on the admissibility of settlement agreements, a showing was needed that discovery would lead to the disclosure of admissible evidence. 96 F.R.D. at 160. *Bennett* ruled, correctly I think, that Rule 26(b)(1) permits discovery of evidence relevant to the subject matter of the action for "good cause," apart from whether it will lead to discovery of admissible evidence. 112 F.R.D. at 139-140.

A difficulty with producing the Best Buy-Samsung agreement, which was not present in any of the other cited cases, is that Best Buy represents that the terms include obligations in future business transactions, which are highly confidential. However, one could deal with that by limiting disclosure to attorneys only pursuant to the Protective Order in these MDL cases.

On balance, I conclude that good cause exists for producing the Best Buy settlement agreements. The analysis and factors relied on by the *Bennett* court – that fairness and the desirability of promoting settlements will be enhanced if non-settling defendants are able to calculate the amount of offsets and, hence, their potential liability – outweigh any hypothetical disadvantage to Best Buy in future negotiations. The confidentiality of any business terms in the settlement can be protected by making the disclosure Attorneys' Eyes Only. And finally, when in doubt and absent a convincing show of prejudice, the scales of discovery must tip in favor of transparency and full disclosure. For these reasons I conclude that HannStar's motion should be granted.

## Order

Good cause appearing, it is ORDERED that HannStar's motion to compel as to Request for Production No. 45 is GRANTED to this extent. Best Buy shall produce within five business days its settlement agreements with any alleged co-conspirators who are non-parties to the Best Buy case. The agreements shall be produced pursuant to the Highly Confidential requirements of the Stipulated Protected Order in this case, except that they shall be disclosed <u>only</u> to outside counsel of record in this action and to the Court and its personnel. Best Buy need not produce

4

documents relating to its negotiations and settlement other than the executed settlement agreements themselves.

Dated: February 15, 2012

Martin Quinn, Special Master

5