# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 10-4572 SI |
| BEST BUY CO., INC., *et al.*,<br>Plaintiffs,<br>v.<br>AU OPTRONICS CORPORATION, *et al.*,<br>Defendants. / | **ORDER OVERRULING BEST BUY'S OBJECTION TO SPECIAL MASTER'S ORDER GRANTING HANNSTAR DISPLAY CORP.'S MOTION TO COMPEL** |

Plaintiff Best Buy[1] has filed an objection to an order of the Special Master compelling it to produce its settlement agreement with Samsung. *See* Special Master's Order Re HannStar Display Corporation's Motion to Compel Best Buy to Respond Further to Document Request No. 45, Master Docket No. 4825 (February 15, 2012). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for decision without oral argument and therefore VACATES the hearing currently scheduled for April 6, 2012. Having considered the arguments presented in the moving papers, the Court hereby DENIES Best Buy's objection.

The Special Master's Order concerned Defendant's Request for Production No. 45, which sought "[a]ll documents reflecting any settlement or resolution of any claims threatened or asserted against any party . . . including but not limited to any entities identified as 'Co-Conspirators' in . . . the Complaint."

---

[1] Samsung joins in Best Buy's motion. In addition, Dell has filed a statement in support of Best Buy's objection in its direct action case. *See* Docket No. 185 in 10-1064; Master Docket No. 5066.

1 *See* Silberfeld Decl., Exh. B, at 2. Although Best Buy had reached a settlement with Samsung, it refused to produce the settlement agreement. *Id.* HannStar therefore moved to compel.

The Special Master granted HannStar's motion. *See* Silberfeld Decl., Exh. A. Although he did not find the settlement agreements "relevant to any party's claim or defense," he found that the agreement was relevant to the subject matter of the action and that good cause existed for its production. *Id.* at 3; *see also* Fed. R. Civ. P. 26(b)(1). Specifically, the Special Master found that "fairness and the desirability of promoting settlements," as well as the interests of "transparency and full disclosure," warranted production of the agreement.

The discoverability of the settlement agreement is a legal question, which this Court reviews *de novo*. *See* Order Appointing Martin Quinn as Special Master, Master Docket No. 1679, at ¶18 (April 12, 2010); Fed. R. Civ. P. 53(f)(3)-(5).

The Court agrees with the Special Master that good cause exists for production of the settlement agreement. The settlement agreement will permit defendants to understand the full extent of their potential liability. Further, the Court sees no prejudice to Best Buy or Samsung that will result from the agreement's disclosure. See *Bennett v. La Pere*, 112 F.R.D. 136, 140 (D.R.I. 1986) ("The court . . . is left with the distinct impression that the only 'prejudice' which disclosure will work vis-a-vis the plaintiffs is to rob them of the (unfair) tactical advantage which would attach to keeping the [Defendant] uninformed."). Nor does the Court agree with Best Buy's representations that disclosure will inhibit settlement across this MDL.

Accordingly, the Court DENIES Best Buy's objection to the Special Master's Order. Docket No. 4964 in 07-1827; Docket No. 121 in 10-4752.

**IT IS SO ORDERED.**

Dated: April 4, 2012

SUSAN ILLSTON
United States District Judge

2