# EXHIBIT 7

Martin Quinn
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 982-5267
Fax: (415) 982-5287

SPECIAL MASTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATON | CASE NO. M:07-cv-01827-si<br><br>**SPECIAL MASTER'S ORDER RE MOTIONS OF LG DISPLAY AND SHARP TO COMPEL VARIOUS PLAINTIFFS TO PRODUCE SETTLEMENT AGREEMENTS (Hrg. 9/12/12)** |
| This Order Relates to:<br><br>ALL CASES | |

On September 12, 2012, I heard the motion of Defendant LG Display to compel Plaintiffs Jaco Electronics, Rockwell Automation, Target Corporation, et. al., and ViewSonic Corporation to produce copies of Plaintiffs' settlement agreements with other defendants. The Sharp defendants joined in LG Display's motion and sought production by the Sony plaintiffs of their settlement agreements with other parties. I issued a tentative ruling by e-mail on August 28, and subsequently received further submissions from various parties and held a hearing on September 12. Having considered all arguments and evidence submitted, I now make the following Order.

1

## Factual Background

On February 15, 2012, I granted Defendant HannStar's motion to compel Plaintiff Best Buy to produce copies of its settlement agreements with other alleged co-conspirators (Dkt. 4825). On April 4, 2012, the Court affirmed my Order (Dkt. 5403). The rationale for my Order was that ultimately defendants need to know the compensation, monetary and otherwise, that each plaintiff has obtained as a result of settlements with other alleged co-conspirators, and that exchanging that information now rather than after judgment will enhance the possibility of fair settlements.

LG Display relies on my Order as its basis to compel Jaco, Target and ViewSonic to produce the settlement agreements demanded in LG Display's informal letter request of April 23, 2012, and to compel Rockwell to produce the settlement agreements demanded in LG Display's informal letter request of June 1, 2012. Jaco, Target and View Sonic responded on July 11, 2012, objecting to production. Rockwell responded on July 12, also objecting to production. Sharp adopts LG Display's arguments, and I take it that Sony objects on the same grounds as Jaco, Target, ViewSonic and Rockwell.

The objecting parties make procedural and substantive contentions. Procedurally they argue that LG Display (unlike Sharp) never served a valid Rule 34-compliant document request, since its requests for settlement agreements were made in informal letters between counsel. They also note that Track One discovery had closed before LG Display made its requests. Substantively they reargue points that I already decided in the HannStar motion, and argue that, if <u>plaintiffs</u> must produce their settlement agreements, they are entitled to reciprocal production by <u>defendants</u> of all their settlement agreements.

Although LG Display's motion is directed only at Jaco, Target, ViewSonic and Rockwell, various other Track One plaintiffs (Sears, Kmart, Old Comp, Good Guys, Newegg and Radio Shack) filed a brief opposing LG Display's motion.

## Analysis

By this Order I intend to resolve the precise issue raised between LG Display and Sharp on the one hand and the parties from whom they actually demanded production, and to give guidance as to the rules for production of settlement agreements generally in these cases.

First, I adopt the portion of my tentative ruling that denied LG Display's motion as to Target, because discovery was closed in the Track One cases before the LG Display served its

2

purported document request. No request was made to enlarge the time for this discovery, so LG Display's request as to Target is time-barred. Although I am not aware that LG Display made a request to the other Track One plaintiffs who have opposed this motion (Sears, Kmart, Old Comp, Good Guys, Newegg and Radio Shack), the same reasoning would apply to them. Any request to those Track One parties for production of settlement agreements made after the close of fact discovery would be barred, absent some unique circumstance.

Second, I affirm that portion of my tentative ruling that treated LG Display's informal letter request as a proper Rule 34 document request, and LG Display's objection in letter form as a proper objection to a Rule 34 request. However, for future reference it is improper to make a Rule 34 request or objection by an informal letter to counsel. Doing so creates confusion and invites error by responding law firms who may overlook calendaring a mere letter as a formal document request. I allow LG Display's improper request to stand only because discovery remains open until December 2012 in the Track Two cases and LG Display could easily propound a properly formatted request for these settlement agreements – and we would find ourselves back at the same place two months from now.

Third, I will adopt the portion of my tentative ruling that granted LG display's motion as to Track Two plaintiffs Jaco, Rockwell and ViewSonic. LG Display is in the same position as HannStar, and those plaintiffs are in the same position as Best Buy, in reference to my February 2012 Order. The reasoning of that Order applies with equal force here: LG Display as a defendant is entitled to know the terms of settlements that plaintiffs suing LG Display have entered into, in order to encourage accurate, productive settlement negotiations as explained at greater length in my Order and Judge Illston's Order. Therefore, the motion is granted as to Jaco, Rockwell and ViewSonic. This reasoning dictates that Sharp's motion as to Sony should also be granted.

Fourth, contrary to my tentative ruling I will not order that LG Display or any other defendant is required to produce settlement agreements to plaintiffs. The case law and rationale for allowing a defendant to know the terms of a plaintiff's other settlements do not apply at all to a request by a plaintiff to know the terms on which a defendant settled with other plaintiffs. The only rationale urged by LG Display for such a reciprocal exchange is that it would enable it to test plaintiffs' assertions of financial inability to pay a large settlement amount. That is not a

3

Case 4:07-cv-05944-JST Document 2602-8 Filed 06/02/14 Page 5 of 5
Case3:07-md-01827-SI Document6862 Filed09/28/12 Page4 of 4

sufficient basis to conclude that defendants' settlements with other plaintiffs are relevant and probative and useful to a plaintiff.

### Order

For the reasons stated, and good cause appearing, IT IS ORDERED that LG Display's motion is GRANTED as to Jaco, Rockwell and ViewSonic, and DENIED as to Target. It is further ORDERED that Sharp's motion as to Sony is GRANTED. Further requests to produce or otherwise discover the terms of settlement agreements shall be handled in accordance with the provisions of this Order.

Dated: September 28, 2012

_____
Martin Quinn, Special Master

4