# EXHIBIT 9

WHITE & CASE

White & Case LLP          Tel  + 1 202 626 3600
701 Thirteenth Street, NW  Fax + 1 202 639 9355
Washington, DC 20005-3807  whitecase.com

Direct Dial + 202-637-6181     defoster@whitecase.com

May 14, 2014

VIA E-MAIL

Anne Nardacci, Esq.
Boies, Schiller & Flexner LLP
10 North Pearl Street, 4th Floor
Albany, NY  12207

Re:   *In re:  Cathode Ray Tube (CRT) Antitrust Litigation*, 3:12-cv-0648 SC, MDL No. 1917
      (N.D. Cal.):  Motion to Compel Settlement Agreements

Dear Ms. Nardacci:

Thank you for your May 12, 2014 letter regarding our motion to compel settlement agreements.  Although your desire to compromise is rather tardy, *i.e.*, only after we were forced to file a motion to compel with Special Master Walker, it is appreciated.  Unfortunately, your offer of "compromise" is essentially hollow in that it provides us with hardly more than we have now.

I agree with you that bias and set-off are valid reasons for disclosure of the requested settlement agreements; however, bias and set-off are among the considerations that justify disclosure now, not after trial.

The specific settlement terms, including all consideration given (*e.g.*, monetary, commercial, and the exposure released) are important to our cross examination of plaintiffs' witnesses, including in depositions that may get used at trial.  As with criminal plea agreements, relatively low or disproportionate consideration may suggest that beneficial cooperation was induced.  The settlement terms are particularly important in an international case like this one, where deposition testimony may be the ***only*** testimony of certain witnesses offered at trial.  Cross examination into possible bias needs details of the consideration and the cooperation so that the jury can wholly assess the witness's credibility.  Without the appropriate — and available — tools for a suitable cross examination now, the deposition testimony should not be admissible.

ALMATY  ANKARA  ASTANA  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUDAPEST  DOHA  DÜSSELDORF  FRANKFURT  GENEVA  HAMBURG  HELSINKI
HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MADRID  MEXICO CITY  MIAMI  MILAN  MONTERREY  MOSCOW  MUNICH
NEW YORK  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SILICON VALLEY  SINGAPORE  STOCKHOLM  TOKYO  UAE  WARSAW  WASHINGTON, DC

Anne Nardacci, Esq.

May 14, 2014

      Having the settlement-agreement details will also improve the opportunities for other, fair settlements. Prior settlement amounts and other terms are often used as starting points or benchmarks for later negotiations. They are also used for defendants to more accurately assess the full extent of their potential liability. In this regard, the set-off amount is highly relevant to settlement negotiations. Corporate boards are not likely to approve a settlement without knowing what previous settlers paid and what liability they legitimately face.

      For these reasons — and the reasons we included in our letters to you and in our motion to compel on this subject — the plaintiffs should produce all settlement agreements posthaste. In the spirit of compromise, we would be willing to agree that certain information (*i.e.*, bank account and routing instructions) could be redacted from the agreements.

      I look forward to resolving this issue with you, with or without Special Master or Court intervention.

Sincerely,

Dana Foster

cc:    Philip J. Iovino, Esq.
        Rick Saveri, Esq.
        Lauren Russell Capurro, Esq.
        Emilio Varanini, Esq.
        All Defense Counsel