IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. CV 07-5944 SC |
| | ORDER GRANTING SHARP'S MOTION FOR LEAVE TO AMEND |
| This Document Relates to: | |
| Sharp Elecs. Corp. v. Hitachi, Ltd., No. 13-cv-01173; | |

## I.   INTRODUCTION

Now before the Court is Plaintiffs Sharp Corporation and Sharp Electronics Manufacturing Company of America's (collectively, "Sharp") motion for leave to file an amended complaint.  ECF No. 2520 ("Mot.") (filed under seal).  The Toshiba Defendants ("Toshiba") oppose the motion.  ECF Nos. 2538 ("Opp'n"), 2547 ("Reply").[1]  Per Civil Local Rule 7-1(b), the Court finds the

---

[1] Toshiba also asks for leave to file a surreply, ECF No. 2553, which Sharp opposes, ECF No. 2563.  The Court GRANTS Toshiba's motion, but does not find either party's surreply brief dispositive.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  motion suitable for decision without oral argument and GRANTS it,

2  as explained below.

3

4  **II.   <u>BACKGROUND</u>**

5       Sharp's Complaint and First Amended Complaint alleged various

6  antitrust and unfair competition claims against Toshiba, seeking

7  damages based on both Sharp's purchases from Toshiba and Toshiba's

8  joint and several liability as a co-conspirator defendant.

9  Toshiba's sales to Sharp represent a fairly large sum, but the

10 amount of the other defendants and co-conspirators' sales to Sharp

11 is far larger.  Toshiba moved to dismiss Sharp's claims under Rule

12 12(b)(3) in October 2013,[2] and before the Court considered the

13 motion, the Supreme Court clarified that motions to dismiss based

14 on forum-selection clauses -- like Toshiba's motion to dismiss --

15 were to be evaluated not under Rule 12(b)(3) but under forum non

16 conveniens doctrine.  <u>Atl. Marine Const. Co.., Inc. v. U.S. Dist.</u>

17 <u>Ct. for the W. Dist. of Tex.</u>, 134 S. Ct. 568, 580 (2013).  After

18 the parties discussed that doctrinal change, the Court evaluated

19 Toshiba's motion to dismiss.

20      That motion was based on an agreement that Sharp and Toshiba's

21 Japanese parent companies had entered: the Basic Transaction

22 Agreement ("BTA").  <u>See</u> MTD at 1.  The Court held that the BTA

23 bound Sharp and Toshiba so far as it concerned cathode ray tube

24 ("CRT") purchases they made from each other -- the commerce that

25 forms the basis of this MDL -- and dismissed with prejudice Sharp's

26 claims against Toshiba under the BTA's forum-selection clause,

27 which stated that litigation related to purchase orders under the

28
---
[2] ECF Nos. 2000 ("MTD"), 2195 ("MTD Opp'n"), 2229 ("MTD Reply").

**United States District Court**
For the Northern District of California

1  BTA was to be conducted in Japan.  ECF No. 2435 ("Mar. 13 Order").

2  Sharp does not challenge the Court's dismissal of its claims

3  based on Toshiba's sales to Sharp.  Rather, Sharp's present motion

4  to amend is based on the fact that neither Sharp, Toshiba, nor the

5  Court stated whether Sharp's claims against Toshiba based on joint

6  and several liability were to remain in the case.  The March 3

7  Order dismissed Sharp's claims, though it only discussed dismissal

8  relative to the BTA, so the question of joint and several liability

9  never arose.  Sharp asks for leave to amend its complaint to

10  specify that it is only bringing claims for joint and several

11  liability against Toshiba.  Sharp contends that these claims are

12  not covered by the BTA and could not have been dismissed per the

13  forum-selection clause, which was the only matter the parties

14  briefed.  Toshiba opposes the motion, arguing that even though

15  neither it nor Sharp addressed joint and several liability, all

16  claims against it (including those for joint and several liability)

17  must have been dismissed in the Court's March 13 Order.

18

19  **III.   LEGAL STANDARD**

20  After a party has amended a pleading once as a matter of

21  course, it may only amend further if it obtains leave of the court.

22  Fed. R. Civ. P. 15(a).[3]  Rule 15 advises the court that "leave

23  _____

24  [3] Sharp notes that before a dismissal is made final under Rule
   54(b), Rule 15 is the appropriate standard for governing leave to

25  amend, even when a dismissal was with prejudice.  The Court agrees,
   because the Court has not certified any judgments under Rule 54.

26  Toshiba procedurally objects on other grounds, also contending that
   Sharp's motion is a disguised motion for reconsideration, but the

27  Court does not agree.  As discussed in this Order, the posture of
   the case suggests that a nuanced consideration under Rule 15 is

28  appropriate, and the Court declines to interpret Sharp's Rule 15
   motion as something other than what both parties ultimately agree
   that it is.

**United States District Court**
For the Northern District of California

1  shall be freely given when justice so requires," and the Ninth

2  Circuit instructs that this policy is "to be applied with extreme

3  liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048,

4  1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan,

5  Inc., 244 F.3d 708, 712 (9th Cir. 2001) (additional quotations

6  omitted)).  The Supreme Court offers additional guidance to

7  district courts in deciding whether to grant leave to amend:

8        In the absence of any apparent or declared reason --
         such as undue delay, bad faith or dilatory motive on the
9        part of the movant, repeated failure to cure
         deficiencies by amendments previously allowed, undue
10       prejudice to the opposing party by virtue of allowance
         of the amendment, futility of amendment, etc. -- the
11       leave sought should, as the rules require, be "freely
         given."
12

13  Foman v. Davis, 371 U.S. 178, 182 (1962).  Consideration of

14  prejudice to the opposing party carries the greatest weight, but

15  absent that or a strong showing of any remaining Foman factor, Rule

16  15(a) carries a presumption in favor of granting leave to amend.

17  Eminence Capital, 316 F.3d at 1052.

18

19  **IV.   DISCUSSION**

20       Sharp argues that though the dismissal was with prejudice, the

21  Court should grant it leave to amend under Rule 15, primarily

22  because neither party briefed the issue of joint and several

23  liability, and granting leave to amend on that issue would serve

24  substantial justice.  See Reply at 11-14.  From there the parties

25  argue over who should have raised the issue, based on who should

26  have remembered its import from separate but similar disputes

27  regarding arbitration clauses.  Both parties are acquainted with

28  older motions in this case, in which the parties (Toshiba, in one

4

such dispute) argued over whether to separate conspiracy-related joint and several liability claims from direct-purchaser claims in motions to compel arbitration.

This dispute appears to hinge on an assessment of whether Toshiba should have pointed out the missing issue to Sharp, as opposed to Toshiba's enjoying the benefit of Sharp's omission and then claiming waiver.  The Court declines to entertain that line of argument, finding that the liberal standard of Rule 15, subject to the Foman factors, governs the Court's resolution of this matter.

Accordingly, the question for the present motion is whether Sharp is entitled to amend its complaint per the Foman factors. Toshiba argues that Sharp's proposed amendment is futile, either because the BTA committed the joint and several claims to the jurisdiction of the Osaka District Court, or because the forum non conveniens doctrine would render the claim futile independently of the BTA.

**A.    The Foman Factors**

Toshiba's brief appears to contest only the futility factor of Foman.  As a threshold matter, the Court agrees that the other Foman factors are not at issue.  First, Toshiba's long involvement in this litigation does not raise questions of prejudice, especially since Sharp's proposed amendment does not raise novel issues in this case.  Second, the Court does not find that Sharp's prompt Rule 15 motion evinces bad faith or undue delay.  Finally, Sharp's prior amendments did not concern this particular issue, so this is not a matter of Sharp repeatedly failing to cure a stated deficiency.  Accordingly, the Court considers only whether Toshiba has established that Sharp's proposed amendment would be futile.

**United States District Court**
For the Northern District of California

The Court finds that it would not be.

Preliminarily, the Court finds it irrelevant that, as Toshiba states, Sharp's proposed amendment "would not add any new facts or circumstances."  Opp'n at 11-12.  Proper amendments do not need to add new factual allegations.  A proper amendment may also cure a defect in order to present a valid claim, thereby avoiding futility.

### i.   Futility - BTA Interpretation

As the Court found in its March 13 Order, the BTA governs CRT-related transactions between Sharp and Toshiba, even those conducted by these subsidiary entities through individual agreements and purchase orders governed by the BTA's terms.  Mar. 13 Order at 6-8.  Toshiba contends, however, that the BTA's "Resolution of Doubt or Disputes" clause, read alongside the forum-selection clause, requires joint and several liability claims between Sharp and Toshiba to be litigated in Japan as well -- even when they are not necessarily related to direct Sharp-Toshiba commerce.  Opp'n at 13-15.  The Court finds Toshiba's interpretation of the BTA incorrect on these points.

The "Resolution of Doubt or Disputes" clause, Article 21.1 of the BTA, states, "[w]hen there are disputes or doubts that arise in relation to this Agreement or individual Agreement, or when there are unsolved items in this Agreement or individual Agreement, resolutions shall be made between [Sharp and Toshiba] in good faith."  ECF No. 2000, Ex. 3 ("BTA") (filed under seal).  The forum-selection clause, Article 21.2 of the BTA, states, "[i]n terms of litigation related to this Agreement or the individual Agreement, the Osaka District Court shall be the court of competent

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1    jurisdiction."  BTA Art. 21.2.

2        Toshiba contends that a properly alleged joint and several

3    liability claim based on conspiracy-related activity concerning

4    other parties would violate Article 1.1 of the BTA, which requires

5    the parties to "set their foundation on mutual trust and respect

6    for mutual benefits."  According to Toshiba, a conspiracy among it

7    and other defendants that resulted in Sharp's paying higher prices

8    would be a breach of this mutual trust and respect.  Opp'n at 13-

9    14.  Further, Toshiba argues, if there are any doubts concerning

10   how far, exactly, the BTA extends in cases like this, those doubts

11   are to be resolved in the Osaka District Court pursuant to Articles

12   21.1 and 21.2  Id. at 14-15.

13       The Court is not convinced by this overbroad interpretation of

14   the BTA.  As a matter of contract interpretation involving a forum-

15   selection clause, the Court's task is, first, to decide the

16   clause's scope and applicability, and, second, to determine whether

17   the clause applies to the behavior at issue.  See Peterson v.

18   Boeing Co., 715 F.3d 276, 280 (9th Cir. 2013) (holding that

19   enforceability and interpretation of forum-selection clauses is an

20   issue of federal law); Robeson v. Twin Rivers Unified Sch. Dist.,

21   No. 2:14-2 WBS KJN, 2014 WL 1392922, at *1-2 (E.D. Cal. Apr. 9,

22   2014) (applying that principle).[4]

23       Further, the Court finds that the BTA's plain meaning involves

24   relations between Sharp, Toshiba, their parents, and their

25   _____

26   [4] Toshiba cites a case concerning questions of arbitrability, Moses
     H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S.
27   1, 24-25 (1983), but that case is inapposite because the law and
     policy of arbitration is not identical to that concerning a court's
28   interpretation of a forum-selection clause outside the arbitration
     context.

United States District Court
For the Northern District of California

1  subsidiaries, so far as they concern the manufacture and supply of

2  CRTs.  The resolution of doubt or disputes arising in relation to

3  the BTA or individual agreements (e.g., purchase orders) that are

4  subject to the BTA's terms is a matter the parties reserved for the

5  Osaka District Court.  See Mar. 13 Order at 11-14.  However, the

6  Court does not find that the BTA's Resolution of Doubt or Disputes

7  clause renders claims for joint and several liability -- unrelated

8  to the BTA or its individual agreements themselves -- similarly

9  subject to the forum-selection clause.  As Sharp correctly notes,

10 under the plain meaning of the term "related to" in that clause,

11 the claims "must involve the [agreement] itself to trigger the

12 clause."  Reply at 6 (quoting Coal. for ICANN Transparency Inc. v.

13 Verisign, Inc., 452 F. Supp. 2d 924, 921-32 (N.D. Cal. 2006)).  The

14 BTA sends certain disputes and doubts to the Osaka District Court,

15 but those disputes and doubts must at least be related to the

16 Sharp-Toshiba transactions the BTA governs.  Any potential

17 conspiracy-related joint and several liability Toshiba may have in

18 relation to other agreements is distinct in scope.

19      The Court therefore finds Toshiba's interpretation of the BTA

20 too broad and vague to be acceptable in these circumstances.  The

21 BTA does not render Sharp's claims against Toshiba for joint and

22 several liability subject to dismissal under the forum-selection

23 clause, so amendment to clarify Sharp's claims against Toshiba

24 would not be futile on that ground.

25      **ii.**    **Futility - Forum Non Conveniens**

26      Toshiba also argues that, separately from issues of the BTA's

27 scope, Sharp's proposed amendment would be futile because the

28 doctrine of forum non conveniens would compel dismissal of Sharp's

**United States District Court**
For the Northern District of California

1    claims for joint and several liability.  On this issue, Toshiba

2    points to the March 13 Order's discussions of the suitability of

3    the Osaka District Court, but the Court notes as a preliminary

4    matter that the March 13 Order's discussion is not entirely

5    apposite.  It concerned a forum-selection clause, under which the

6    parties specifically contracted to commit certain issues to a

7    different court.  Although a motion to dismiss that applies a

8    forum-selection clause is to be analyzed within the rubric of forum

9    non conveniens doctrine, Atl. Marine, 134 S. Ct. at 580, dismissal

10   under forum non conveniens when a forum-selection clause is not

11   involved requires slightly different balancing inquiries.

12       "A party moving to dismiss on grounds of forum non conveniens

13   must show two things: (1) the existence of an adequate alternative

14   forum, and (2) that the balance of private and public interest

15   factors favors dismissal."  Lockman Found. v. Evangelical Alliance

16   Mission, 930 F.2d 764, 767 (9th Cir. 1991).

17       The Ninth Circuit has stated that "while a U.S. citizen has no

18   absolute right to sue in a U.S. court, great deference is due

19   plaintiffs because a showing of convenience by a party who has sued

20   in his home forum will usually outweigh the inconvenience the

21   defendant may have shown."  Contact Lumber Co. v. P.T. Moges

22   Shipping Co., Ltd., 918 F.2d 1446, 1449 (9th Cir. 1990).

23   Nonetheless, "[a] citizen's forum choice should not be given

24   dispositive weight . . . ."  Piper Aircraft Co. v. Reyno, 454 U.S.

25   235, 255 n.23 (1981).  "[I]f the balance of conveniences suggests

26   that trial in the chosen forum would be unnecessarily burdensome

27   for the defendant or the court, dismissal is proper."  Id.

28       Even though the Court found dismissal under the forum-

**United States District Court**
For the Northern District of California

1  selection clause proper, the Court does not find that the doctrine
2  of forum non conveniens applies here to render Sharp's proposed
3  amendment futile.

4                    a.    **Adequate Alternative Forum**

5       First, though there is an adequate alternative forum, the
6  Ninth Circuit and Supreme Court have instructed district courts to
7  give substantial (though not dispositive) deference to a
8  plaintiff's choice of forum.  Piper Aircraft, 454 U.S. at 255 n.23;
9  Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1335 (9th Cir. 1984).
10 The most important consideration under the circumstances is whether
11 the balance of conveniences suggests that a trial on the issue of
12 joint and several liability in this Court would be unnecessarily
13 burdensome for Toshiba or the Court.  Piper Aircraft, 454 U.S. at
14 256 n.23.  The Court finds that this factor favors Sharp.

15                   b.    **Private Interest Factors**

16      Second, the Court finds that the private interest factors do
17 not suggest that Toshiba would be unacceptably inconvenienced by
18 dealing with the issue of Sharp's joint and several liability
19 claims in this Court.  "Private interest factors include: ease of
20 access to sources of proof; compulsory process to obtain the
21 attendance of hostile witnesses, and the cost of transporting
22 friendly witnesses; and other problems that interfere with an
23 expeditious trial."  Contact Lumber, 918 F.2d at 1451; see also
24 Nebenzahl v. Credit Suisse, 705 F.2d 1139, 1140 (9th Cir. 1983).

25      Toshiba argues that most of its witnesses are located in Japan
26 and that only the Osaka District Court can hear disputes between
27 Sharp and Toshiba.  Opp'n at 14-17.  The Court finds that this
28 factor does not favor Toshiba.  Discovery has proceeded in this MDL

**United States District Court**
For the Northern District of California

1   with relative ease, with Toshiba having already presented numerous

2   witnesses for deposition.  It is possible that Toshiba could be

3   inconvenienced by producing more witnesses, but the Court does not

4   find this an overly burdensome task for this defendant.

5       The Court also finds that while the parties committed specific

6   disputes to the Osaka District Court via the BTA, the issue of

7   Toshiba's potential joint and several liability is distinct from

8   the issues the parties agreed would be heard abroad.  The Court

9   does not find that honoring the parties' agreement on certain

10  limited disputes would splinter this case.  This is particularly

11  true here because the issue of joint and several liability seems

12  uniquely well-suited to resolution before this Court, due to the

13  long involvement of nearly every relevant party and the fact that

14  issues of Toshiba's joint and several liability were not

15  specifically committed to a foreign court.  Cf. Lockman, 930 F.2d

16  at 770 (finding that the policy favoring an expeditious trial

17  merited a conclusion that the foreign jurisdiction was best, since

18  that jurisdiction was the only forum where the entire case could be

19  tried); Contact Lumber, 918 F.2d at 1452 (finding similarly).

20      Granted, the fact that Toshiba would be defending its case in

21  two separate jurisdictions does suggest some inconvenience to

22  Toshiba.  Still, the Court does not find this inconvenience

23  compelling in this case because Toshiba specifically contracted to

24  have certain claims heard in a foreign court, even while it has

25  participated in this litigation for years, with discovery nearing a

26  close and other deadlines coming expeditiously close.  Moreover,

27  this inconvenience does not seem unacceptably burdensome for a

28  multinational corporation like Toshiba.

11

1    The Court therefore finds that the private interest factors

2    weigh in favor of rejecting Toshiba's argument on futility.

3              c.    **Public Interest Factors**

4         Finally, the Court finds that the public interest factors

5    merit retaining the issue of Toshiba's joint and several liability.

6    "Public interest factors encompass court congestion, the local

7    interest in resolving the controversy, and the preference for

8    having a forum apply a law with which it is familiar." Contact

9    Lumber, 918 F.2d at 1452; see also Nebenzahl, 705 F.2d at 1140.

10   Toshiba contends that by finding Sharp's proposed amendment futile

11   and committing the dispute to the Osaka District Court, the Court

12   would further the goals of judicial efficiency and economy by

13   ensuring that all of Sharp's claims would be heard in one forum.

14   Opp'n at 17.  The Court is not convinced.  This litigation has

15   proceeded before the undersigned for years, with the Court and the

16   Special Master now being well acquainted with the parties and

17   issues in this case.  The Court's calendar on this case is well

18   advanced.  Moreover, the parties' contractual resolution of certain

19   jurisdictional matters aside, this forum has a strong interest in

20   resolving this case.  See Carijano v. Occidental Petroleum Corp.,

21   643 F.3d 1216, 1232 (9th Cir. 2011).  Sharp's allegations regarding

22   joint and several liability concern a worldwide conspiracy to fix

23   prices in the United States.  That is a significant factor in favor

24   of keeping this issue in this forum.

25        Accordingly, the Court finds that the public interest factors

26   weigh in favor of rejecting Toshiba's argument on futility.

27   ///

28   ///

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

### iii.    Conclusion as to Rule 15

The Court finds that Sharp's motion, considered under the extreme liberality of Rule 15, warrants permitting Sharp to file its amended complaint.  The parties could have resolved some of these issues in a more straightforward, timely way, but nevertheless, Sharp has sufficiently shown that it is entitled to amend its pleadings, and Toshiba has failed to show that such an amendment would be either procedurally improper or substantively futile.

## V.    CONCLUSION

As explained above, the Court GRANTS the Sharp Plaintiffs' motion for leave to amend their complaint.


IT IS SO ORDERED.


Dated: June 9, 2014                    _____

                                       UNITED STATES DISTRICT JUDGE