Mario N. Alioto (56433)
Lauren C. Russell (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br>MDL No. 1917<br>**INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE** |
| This Document Relates to:<br>ALL INDIRECT-PURCHASER ACTIONS | The Honorable Samuel Conti |

INDIRECT PURCHASER PLAINTIFFS' OPP'N TO MOTION TO INTERVENE
MASTER FILE NO. CV-07-5944-SC, MDL NO. 1917

On or about May 30, 2014, the proposed intervenors, seven individuals[1] moving *in pro per*, filed a one-paragraph statement (the "Motion") seeking to intervene under the Federal Rules of Civil Procedure, Rule 24(a)(2) (intervention as a matter of right) or Rule 24(b) (permissive intervention). *See* Dkt. No. 2603. The Motion does not indicate the purported interest in this litigation. The only stated ground for intervention is that: "Intervenors have a common vested interest in this case. Our intervention provides questions of laws [sic] and facts that are common in this [Action? illegible]." *Id.*

All but one of these same individuals recently filed a nearly identical motion to intervene in another action in this District. *See Keller v. Nat'l Collegiate Athletic Ass'n.*, No. C 09-1967-CW (N.D. Cal. June 11, 2014), Dkt. No. 1113 (motion to intervene by same individuals except Richard Reid). On June 11, 2014, Judge Wilken denied the motion, noting that: "The motion fails to provide any information about the individuals seeking to intervene or their specific reasons for seeking intervention." *Id.,* Dkt. No. 1116.

Likewise here, the Motion does not make the requisite showing for intervention. It should be denied.

## I.  INTERVENTION AS OF RIGHT IS UNWARRANTED.

Rule 24(a), governing intervention as of right, provides:

On timely motion, the court must permit anyone to intervene who: . . .

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The proposed intervenors have the burden to establish that the grounds for intervention are satisfied. *See Citizens for Balanced Use v. Montana Wilderness Ass'n,* 647 F.3d 893, 897 (9th Cir. 2011) (applicant must establish that four requirements are met: "(1) the intervention application is timely; (2) the applicant has a significant

---

[1] These individuals are: (1) Christopher Donnelly; (2) Christopher Wirth; (3) Jonathan Rich; (4) Jimmy Jahar Thule; (5) Edward Breivik; (6) Ramzi Yusef; and (7) Richard Reid.

protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.")  Timeliness depends upon: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Zepeda v. PayPal, Inc.*, No. 10-cv-02500 SBA (JCS), 2014 WL 1653246, at *3 (N.D. Cal. April 23, 2014).

The proposed intervenors have not met their burden.  First, the Motion is untimely and applicants give no reason as to why they did not move sooner. *Compare Montana Wilderness Ass'n.,* 647 F.3d at 897 (motion timely because made less than three months after complaint filed).  This case has been ongoing for nearly seven years and intervention at this late date would be disruptive and delay resolution.  The Court has already indicated that the March 2015 trial date is firm.

Second, the applicants have not established a sufficient interest in the action.  In fact, they make no showing that they have any interest at all, including whether any of them is even an indirect CRT purchaser.  For similar reasons, they have not shown that they "would be substantially affected in a practical sense" by a determination made in the litigation.  *Id.*

Finally, even assuming that they are class members, applicants have not shown that the existing parties cannot adequately represent their interests.  To evaluate the adequacy of representation, courts examine three factors:  (1) whether the current party will "undoubtedly make all of a proposed intervenor's arguments"; (2) whether the current party is "capable and willing" to make such arguments; and (3) whether the proposed intervenors "would offer any necessary elements to the proceeding that other parties would neglect."  *Id.* at 898.  "If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises. To rebut the presumption, an applicant must make a 'compelling showing' of inadequacy

of representation." *Id.* (citations omitted). The applicants have made no showing whatsoever to rebut this presumption.

## II. PERMISSIVE INTERVENTION IS LIKEWISE UNWARRANTED.

Rule 24(b)(1), governing permissive intervention,[2] provides:

> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
>
>    (A) is given a conditional right to intervene by a federal statute; or
>
>    (B) has a claim or defense that shares with the main action a common question of law or fact. . . .

Rule 23(b)(3) provides:

> (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Finally, Rule 24(c) provides:

> (c) *Notice and Pleading Required.* A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

The proposed intervenors have not shown that Rule 24(b)(1)(A) applies, or that, under Rule 24(b)(1)(B), they have a "claim or defense that shares with the main action a common question of law or fact." Further, as noted, their Motion is untimely, coming nearly seven years into the litigation. Intervention "at this stage would be neither productive nor timely." *Ashker v. Governor of State of California*, No. C 09–5796 CW, 2014 WL 2465191, at *8 (N.D. Cal. June 2, 2014) (denying motion to intervene by applicant who waited nearly a year after filing of amended complaint "even though its interests in this case became 'ripe' when that complaint was filed.") Lastly, the motion does not include the required pleading pursuant to Rule 24(c).

The proposed intervenors have not met their burden and their motion should be

---

[2] Rule 24(b)(2) is inapplicable on its face. It pertains to government officers or agencies.

denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the motion to intervene.

Dated:  June 13, 2014                         By:  /s/ Mario N. Alioto

        Mario N. Alioto (56433)
        Lauren C. Russell (241151)
        TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
        2280 Union Street
        San Francisco, CA 94123
        Telephone:     (415) 563-7200
        Facsimile:      (415) 346-0679
        malioto@tatp.com
        laurenrussell@tatp.com

        *Lead Counsel for Indirect*
        *Purchaser Plaintiffs*

## ATTESTATION

Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from the signatories.