Guido Saveri (22349)
   guido@saveri.com
R. Alexander Saveri (173102)
   rick@saveri.com
Geoffrey C. Rushing (126910)
   grushing@saveri.com
Travis L. Manfredi (281779)
   travis@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for the
Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | Master File No. CV- 07-5944-SC<br><br>MDL No. 1917<br><br>**DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE**<br><br>Date:      TBD<br>Time:     TBD<br>Judge:    Honorable Samuel Conti<br>Courtroom:  1 |

Direct Purchaser Plaintiffs ("DPPs") hereby submit this Opposition to the Motion to Intervene as Plaintiffs Under Rule 24(a), Rule 24(b) ("Motion") submitted by Christopher Donnelly, Christopher Wirth, Jonathan Rich, Jimmy Jahar Thule, Edward Breivik, Ramzi Yusef, and Richard Reid ("Movants").[1] Movants, who are inmates in various federal prisons, seek intervention as of right under Federal Rule of Civil Procedure 24(a) as well as permissive intervention under Rule 24(b). *See* Dkt. No. 2603. Movants fail to provide any basis for their

---

[1] It is not clear from the Motion in which action the Movants seek to intervene. Because Movants are individuals, it is probable that they are end users, and thus seek to intervene in the indirect purchaser action; however, in an abundance of caution, DPPs submit this opposition.

1

1  Motion. Therefore, it should be denied.

2  Under Federal Rule of Civil Procedure 24(c), a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." The movant must describe the basis for intervention with "sufficient specificity to allow the district court to rule." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992).

Courts routinely deny motions to intervene where the basis is not adequately explained. Indeed, several courts have recently denied nearly identical motions to intervene filed by inmates overlapping with Movants in this case. *See, e.g.*, *In re Vitamin C Antitrust Litig.*, Case No. 06-md-01738-BMC-JO, Dkt. No. 903 (E.D.N.Y. June 3, 2014) (denying motion for failure to state adequate grounds for intervention); *In re: Processed Egg Prods.*, Case No. 08-md-02002-GP, Dkt. No. 985 (E.D. Pa. June 9, 2014) (denying motion for failure to provide any factual or legal basis); *Keller v. Nat'l Collegiate Athletic Ass'n*, Case No. C 09-1967 CW, Dkt. No. 1116 (N.D. Cal. June 11, 2014) (denying the motion because it "fails to provide any information about the individuals seeking to intervene or their specific reasons for seeking intervention"). Here, in addition to not being accompanied by a pleading, the Motion provides only a conclusory recitation of one element of permissive intervention: "Intervention provides questions of laws and facts that are common in this Act[ion]." The Motion does not set forth *any* specific basis for intervention. The Court should therefore deny the Motion.

Dated: June 16, 2014

Respectfully submitted,

/s/ *Guido Saveri*
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Travis L. Manfredi (281779)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for
Direct Purchaser Plaintiffs*