William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Counsel for P.C. Richard & Son Long Island
Corporation, MARTA Cooperative of America,
Inc., and ABC Appliance, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 07-5944 SC |
| | MDL No. 1917 |
| This document relates to: | Hon. Samuel P. Conti |
| *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648-SC | **P.C. RICHARD & SON LONG ISLAND CORPORATION'S, MARTA COOPERATIVE OF AMERICA, INC.'S, AND ABC APPLIANCE, INC.'S OPPOSITION TO TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENTS** |

1

**TABLE OF CONTENTS**

2   TABLE OF CONTENTS...................................................................................................ii

3   TABLE OF AUTHORITIES ..........................................................................................iii

4   INTRODUCTION ........................................................................................................... 1

5   ARGUMENT .................................................................................................................. 1

6          A.      Background ..................................................................................................... 1

7          B.      Rule 26 Does Not Authorize Discovery of Settlement Agreements...................... 2

8          C.      Production of the Settlement Agreements Discourages and Inhibits Settlement.... 4

9   CONCLUSION ................................................................................................................ 6

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

## CASES

*Anderson v. Ford Motor Co.*,
  No. 09-cv-69122, 2010 WL 4156256 (E.D. Pa. Oct. 20, 2010) ............................................... 2

*Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*,
  800 F.2d 339 (3d Cir. 1986) ................................................................................................. 6

*Centillion Data Systems, Inc. v. Ameritech Corp.*,
  193 F.R.D. 550 (S.D. Ind. 1999) ......................................................................................... 5

*Dutton v. Todd Shipyards Corp.*,
  2009 U.S. Dist. LEXIS 107936 (E.D. Pa. Nov. 17, 2009) .................................................. 2, 5

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
  623 F. Supp. 2d 798 (S.D. Tex. 2009) .................................................................................. 5

*In re Flat Glass Antitrust Litig.*,
  No. 11-658, 2013 WL 1703864 (W.D. Pa. Apr. 19, 2013) .................................................. 2, 4

*In re New York Cnty. Data Entry Worker Prod. Liability Litig.*,
  616 N.Y.S. 2d 424 (N.Y. Sup. Ct. 1993) .............................................................................. 5

*Key Pharmas., Inc. v. ESI-Lederle, Inc.*,
  1997 WL 560131 (E.D. Pa. Aug. 29, 1997) ......................................................................... 2

*King Cnty., Wash. v. IKB Deutsche Industriebank AG*,
  No. 09-cv-8387, 2012 WL 3553775 (S.D.N.Y. Aug. 17, 2012) ........................................... 2

*Polston v. Eli Lilly and Co.*,
  No. 08-cv-3639, 2010 WL 2926159 (D.S.C. July 23, 2010) ................................................ 2

*Sun Microsystems Inc. v. Hynix Semiconductor, Inc.*,
  No. 06-cv-1665, Dkt. 304, slip op. (N.D. Cal. Jan. 25, 2008) ............................................. 2,4

*Wagner v. Circle W Mastiffs*,
  No. 2:08-CV-431, 2013 WL 4479070 (S.D. Ohio Aug. 19, 2013) ....................................... 2, 4

## RULES

Federal Rule of Civil Procedure 26 ............................................................................. 2, 3, 4

PLAINTIFFS' OPPOSITION TO TOSHIBA'S
MOTION TO COMPEL PRODUCTION
OF SETTLEMENT AGREEMENTS

iii

Master File No. 3:07-5944-SC
MDL No. 1917

1       P.C. Richard & Son Long Island Cooperation, MARTA Cooperative of America, Inc.,

2   and ABC Appliance, Inc. (collectively, "Plaintiffs") respectfully submit this Memorandum of

3   Law in opposition to the Motion to Compel P.C. Richard, MARTA, and ABC Appliance to

4   Produce Discovery [Dkt. No. 2602] submitted by Defendant Toshiba America Information

5   Systems, Inc.

6

7                         **INTRODUCTION**

8       Toshiba America Information System, Inc.'s Motion to Compel production of settlement

9   agreements (the "Motion") should be denied because confidential settlement agreements are

10  irrelevant to the claims and defenses at issue in this litigation.   Production of any such

11  agreements, therefore, would be inappropriate at this stage of the litigation, as numerous courts

12  have recognized.  Contrary to Toshiba's argument, the production of such settlement agreements

13  would also hinder settlement negotiations and make trial—rather than settlement—more likely,

14  as has been demonstrated by Toshiba in the *In re TFT-LCD Antitrust Litigation ("LCD")*.

15

16                        **ARGUMENT**

17      **A.**    **Background**

18      As Toshiba has noted, the plaintiffs against which it brings this Motion, P.C. Richard &

19  Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.,

20  have not entered into any settlement agreements at this time and thus have no settlement

21  agreements to produce.  Mot. at 4.  Nevertheless, the ruling on Toshiba's Motion will affect all

22  Direct Action Plaintiffs ("DAPs") and, as such, the 13 other DAPs join in this opposition.[1]

23

24  _____

25  [1] Toshiba's description of the meet and confer process includes a number of mischaracterizations
    of the procedural background, all of which have no bearing on the merits of the issue before the
    Court.  Among other things, Toshiba accuses Plaintiffs of being dilatory during the meet and

26  confer process.  In fact, it was Toshiba that waited until one month after Plaintiffs served their
    responses and objections to send any correspondence about those responses, and waited another

27  nearly six weeks to follow up on that correspondence.  Mot. at 2.  Moreover, Toshiba
    mischaracterizes Plaintiffs' substantive positions during the meet and confer process, as

28  addressed below. *See, infra* at pp. 2-3, citing Foster Decl. at Ex. 8.

1

**B.      Rule 26 Does Not Authorize Discovery of Settlement Agreements**

2          Although Federal Rule of Civil Procedure 26 authorizes "extremely broad discovery," the

3   scope of Rule 26 is not unlimited.  *Wagner v. Circle W Mastiffs*, No. 2:08-CV-431, 2013 WL

4   4479070, at *2 (S.D. Ohio Aug. 19, 2013).  Courts must "deny discovery directed to matters not

5   legitimately within the scope of Rule 26, and . . . use its broad discretionary power to protect a

6   party or person from harassment or oppression that may result even from a facially appropriate

7   discovery request."  *Id.*  For these reasons, courts across the country have appropriately denied

8   motions to compel production of settlement agreements until the time of trial.  *See Sun*

9   *Microsystems Inc. v. Hynix Semiconductor, Inc.*, No. 06-cv-1665, Dkt. 304, slip op. (N.D. Cal.

10  Jan. 25, 2008) (delaying production of settlement agreements until, at the earliest, after motions

11  for summary judgment that rely on testimony of settling defendants) (attached hereto as

12  Declaration of Philip J. Iovieno, Ex. 1); *Wagner*, 2013 WL 4479070, at *4 (delaying "disclosure

13  of settlement agreements until after trial because set-off is not an issue to be addressed until after

14  the entry of a verdict"); *In re Flat Glass Antitrust Litig.*, No. 11-658, 2013 WL 1703864, at *1

15  (W.D. Pa. Apr. 19, 2013); *King Cnty., Wash. v. IKB Deutsche Industriebank AG*, No. 09-cv-

16  8387, 2012 WL 3553775, at *3 (S.D.N.Y. Aug. 17, 2012) ("Because the Agreement is not

17  relevant to either damages or witness bias at this time, defendants are not entitled to it now.");

18  *Anderson v. Ford Motor Co.*, No. 09-cv-69122, 2010 WL 4156256, at *1 (E.D. Pa. Oct. 20,

19  2010); *Polston v. Eli Lilly and Co.*, No. 08-cv-3639, 2010 WL 2926159, *2-3 (D.S.C. July 23,

20  2010).

21         As a threshold matter, "courts place the burden upon the party seeking discovery of a

22  confidential settlement agreement 'to make a particularized showing that the documents

23  relating to the settlement negotiations are relevant and likely to lead to the discovery of

24  admissible evidence.'"  *Dutton v. Todd Shipyards Corp.*, No 09–62916, 2009 U.S. Dist. LEXIS

25  107936, at *2-3 (E.D. Pa. Nov. 17, 2009) (quoting *Key Pharmas., Inc. v. ESI-Lederle, Inc.*, 1997

26  WL 560131, at *2 (E.D. Pa. Aug. 29, 1997)).  Toshiba has made no such particularized showing.

27         As these courts recognize, settlement agreements, when produced, are only relevant to

28

1    the issues of damages and witness credibility.[2]  *See, e.g.*, *Wagner*, 2013 WL 4479070, at *3-4.

2    Accordingly, in light of the Court's admonishment to the parties to "resolve this issue on their

3    own," *see* MDL Dkt. No. 2566, Plaintiffs offered a compromise to Defendants in an attempt to

4    save judicial resources and avoid having to bring this matter before the Court.    Plaintiffs

5    proposed that they would: (1) inform defendants of the fact of settlement and whether any such

6    settlement agreement contains a cooperation provision; and (2) produce settlement agreements in

7    their entirety after trial.  Foster Decl. Ex. 8.  This offer would allow Defendants to examine

8    witnesses on potential bias related to settlement and would also allow the Court to determine the

9    appropriate amount of set off after trial.  Toshiba rejected this offer outright and demanded

10   "posthaste" production of the settlement agreements, permitting that "certain information (*i.e.*,

11   bank account and routing instructions) could be redacted from the agreements." Foster Decl. Ex.

12   9.  Unlike Plaintiffs' proposed compromise, Toshiba's purported "counter-offer," Mot. at 5,

13   addressed none of the issues raised by the parties during the meet-and-confer process.  Toshiba's

14   proposed redactions would not satisfy any of the concerns raised by Plaintiffs in connection with

15   the production of confidential settlement agreements that have no relevance to Toshiba's liability

16   in this case.

17        Rather than explain how the settlement agreements are relevant to issues at this stage in

18   the litigation, Toshiba's only argument—in reality a counterintuitive and baseless prediction—is

19   that the settlement agreements should be produced because production will promote settlements

20   between the parties.  Mot. at 3-4.  This argument is invalid (1) as a matter of law because Rule

21   26 does not allow production of documents that are relevant only to potential settlement and (2)

22   empirically because experience shows that production of settlement agreements actually

23   discourages future settlement.

24        Toshiba relies on *LCD* to support its argument that settlement agreements should be

25

26   _____
     [2] Contrary to Toshiba's representation to the Court, *see* Mot. at 5, Plaintiffs did not concede that
27   settlement agreements are relevant.  Instead, Plaintiffs stated that any potential relevance that
     settlement agreements may have to the litigation is limited to prove bias or to determining set
28   off.  *See* Foster Decl. Ex. 8 ("At most, settlement agreements are relevant only to prove bias or to
     determine the amount of damages to set off in the event of a favorable jury verdict.").

1    produced; however, Toshiba's argument ignores the numerous decisions of other courts in

2    similar MDLs which have held that settlement agreements should not be produced.  In *In re Flat*

3    *Glass*, for example, the district court explained that "[a]lthough the extent of Defendant's

4    liability is certainly relevant to potential settlement, relevance to settlement negotiations is not

5    relevant to the subject matter of the action, as contemplated by the applicable rules and

6    standards." 2013 WL 1703864, at *1.  *See also Wagner*, 2013 WL 4479070, at *4 (finding the

7    reasoning in *In re Flat Glass* persuasive).  The reasoning in *In re Flat Glass* is squarely on point

8    here.  Even if access to confidential settlement agreements would help Toshiba assess its

9    potential liability and settlement strategies—a point that Plaintiffs dispute—"relevance to

10   settlement negotiations is not relevant to the subject matter of the action." *In re Flat Glass*, 2013

11   WL 1703864, at *1.  Rule 26 is concerned only with relevance to the claims and defenses at

12   issue in the litigation and not with relevance to settlement of such actions.  If the Court finds the

13   settlement agreements are relevant to the litigation, there are ways to ensure Toshiba has access

14   to whatever limited information contained in the settlement agreements that may be relevant to

15   the litigation without prejudicing Plaintiffs by forcing them to disclose confidential settlement

16   information at this stage in the litigation.  *See, e.g.*, *Sun Microsystems*, No. 06-cv-1665, Dkt. 304,

17   slip op. (N.D. Cal. Jan. 25, 2008) (establishing mechanism by which party could move to compel

18   production of agreements after the filing of any motion for summary judgment that cites

19   testimony of a settling defendant and requiring production shortly before trial for the purpose of

20   set-off determinations) (attached hereto as Declaration of Philip J. Iovieno, Ex. 1).

21

22         **C.    Production of the Settlement Agreements Discourages and Inhibits Settlement**

23         Finally, Toshiba's position that production of settlement agreements facilitates further

24   settlement between the parties is belied by what happened in the *LCD* litigation after settlement

25   agreements were produced.  To the contrary, the information it learned from the production of

26   settlement agreements in *LCD* enabled Toshiba to pursue a "strategy of non-settlement."

27   Declaration of Philip J. Iovieno, Ex. 2.  Despite seven guilty pleas and nearly six years of

28   litigation, Toshiba proceeded to trial against the direct purchaser class because it knew the class

had already received $443 million in settlements, and "the US$443 million in prior settlements cushioned Toshiba against any potentially adverse jury verdict, since prior settlements by law act as credits and are set off against the jury verdict." *Id.* And then, following a six-week-long trial against the direct purchaser class, with 37 witnesses and more than 900 exhibits, in which the jury found Toshiba liable,[3] Toshiba adopted the same strategy in its litigation with Best Buy, which resulted in another six-week-long jury trial. Quite simply, it is clear from their well-publicized strategy in *LCD*, that production of settlement agreements will facilitate a non-settlement strategy in this case as well, as Toshiba (and its co-defendants) clearly seek to apply the same judicial-resource-draining strategy in CRT and prolong these cases interminably.[4]

Plaintiffs' collective experience with production of settlement agreements in other similarly sized MDLs indicates that production of such agreements actually inhibits settlement as both Plaintiffs and Defendants are reticent to settle for fear those terms (financial or business) will be used as weapons against them in later settlement negotiations with other defendants. Indeed, knowing that such agreements will be produced, the parties become more hesitant to settle, often postponing settlement until the last possible moment, if at all. "[P]ublic policy favors the compromise and settlement of disputes." *Dutton*, 2009 U.S. Dist. LEXIS 107936, at *2. Indeed, it has long been recognized that "confidentiality of settlement agreements is a primary inducement to parties to settle cases," *Centillion Data Systems, Inc. v. Ameritech Corp.*, 193 F.R.D. 550, 553 (S.D. Ind. 1999); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 623 F. Supp. 2d 798, 837 (S.D. Tex. 2009), and there would be a substantial chilling effect on settlements in this MDL if confidentiality provisions could be abrogated so easily, *In re New York Cnty. Data Entry Worker Prod. Liability Litig.*, 616 N.Y.S. 2d 424, 428 (N.Y. Sup. Ct.

---

[3] The jury returned an $87 million verdict (subject to trebling) against Toshiba. *See LCD* MDL Dkt. 6061, Jury Verdict in Favor of Plaintiffs and Against Toshiba. After the trial and the jury's verdict, Toshiba settled with the Direct Purchaser Class Plaintiffs for $30 million to vacate the jury's verdict. *See LCD* MDL Dkt. No. 7267, DPPs' Motion for Approval of Settlements with AUO and Toshiba Defendants.

[4] One *LCD* case—the direct action suit brought by the Circuit City Liquidating Trustee—is not scheduled for trial in the Northern District of California until July 2015, more than 54 months after the case was filed in December 2010. Moreover, no trial date at all has been set for the any of the numerous cases subject to future remand from the MDL court to transferor district courts.

1993) ("'Many defendants would almost certainly proceed to trial rather than broadcast to all potential plaintiffs how much they might be willing to pay.'") (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 351-52 (3d Cir. 1986) (Garth, J., dissenting)).  If granted, Toshiba's request would serve only to delay and discourage settlement of the disputes at issue in this litigation.

## CONCLUSION

For the reasons stated herein, Plaintiffs request that this Court deny Toshiba's motion to compel Plaintiffs to produce settlement agreements.

Respectfully submitted,

DATED:  June 17, 2014            */s/ Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:  piovieno@bsfllp.com
Email:  anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
Email:  wisaacson@bsfllp.com

*Counsel for P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.*