# Exhibit 2

SOCIAL RESPONSIBILITY REVIEW 2012

**WHITE & CASE**

Annual Review 2012

CHAIRMAN CONVERSATION    TRULY GLOBAL    NAVIGATING COMPLEXITY    CLIENT COMMITMENT    OUR YEAR



# The US$2.7 Billion Difference

Toshiba and White & Case Collaborate on Novel Strategy That Pays Off

"It was, as always, a nail biter waiting for the jury to return," said Christopher Curran, a Global Antitrust Practice lawyer, as he, a team of White & Case lawyers and our client Toshiba Corporation awaited the verdict in a civil antitrust class action trial in San Francisco in which Toshiba was the only remaining defendant. White & Case and Toshiba had worked together on the matter for more than five years, and jointly they had formulated a novel "reverse whipsaw" strategy of non-settlement that, if successful, would turn conventional antitrust class action litigation strategy on its head.

It turned out the strategy was well worth pursuing. After a six-week trial, the result of the jury's verdict was that Toshiba owed nothing. The jury awarded the class plaintiffs only a tiny fraction of the nearly US$2.7 billion in damages claimed—an amount entirely offset by law due to the US$443 million that the plaintiffs had already collected from other defendants who had settled earlier and opted not to go to trial.

"This success only could have resulted from the close ties and seamless working relationship that the Firm and Toshiba had established over a five-year period," said Curran. The civil litigation began when class plaintiffs—direct purchasers of thin-film transistor liquid crystal display (TFT-LCD) products—claimed damages of nearly US$2.7 billion based on alleged offshore conduct against Toshiba and 11 other defendants. During the five years of the US criminal investigation and subsequent civil actions, Toshiba and White & Case had forged a strong relationship, simultaneously working together in Mexico, Europe, Korea and Tokyo on related investigations—a truly global effort.

In December 2011, the US Department of Justice told Toshiba that no criminal charges would be brought against it, making it the only manufacturer under investigation not to be charged. However, the civil plaintiffs continued to pursue their claims, and Toshiba, which categorically disputes liability, was the only defendant that did not settle the direct purchaser class action.

It all culminated in the civil trial in the spring of 2012. White & Case and Toshiba shared office space in which a team of 20 Firm lawyers and various Toshiba representatives, including many in-house counsel, collaborated and worked together throughout the trial. Toshiba's top legal representative, Naoya Sakurai, stated: "We were very pleased with the efforts of the White & Case team and their close collaboration with us."

"All strategic steps were taken with the participation of the client literally working together with us in the same room," noted Curran. "As a result, Toshiba was comfortable with the strategy we had formulated together—and it paid off for them."

> "All strategic steps were taken with the participation of the client literally working together in the same room with us."
> CHRISTOPHER CURRAN
> PARTNER



White & Case lawyers and Toshiba representatives meet in their shared office after closing arguments. Aside from Curran, the White & Case team was led by partners J. Mark Gidley, Martin Toto and John H. Chung.

THE "REVERSE WHIPSAW" TRIAL STRATEGY EXPLAINED

In antitrust class actions, US law puts each defendant on the hook for all damages suffered if it is proven that the defendant joined the alleged conspiracy. As a result, almost all previous major antitrust class actions have settled due to defendants' fears of the potentially extreme disadvantage of being "the last man standing" before a jury. In the Toshiba case, the other defendants' settlements totaled approximately US$443 million.

**WHITE & CASE**

CHAIRMAN CONVERSATION      TRULY GLOBAL      NAVIGATING COMPLEXITY      CLIENT COMMITMENT      OUR YEAR

SOCIAL RESPONSIBILITY REVIEW 2012
Annual Review 2012

White & Case and Toshiba were confident that the plaintiffs' case against Toshiba lacked merit, but they also recognized that the San Francisco jury—at the height of the "Occupy Wall Street" fever—would likely be determined to find against a large foreign corporation. As Toshiba's Julius Christensen put it: "We knew that the allegations against us lacked merit, but we fully appreciated the great risk and uncertainty of a jury trial in that environment."

Assessing the risks, White & Case and Toshiba pursued an unconventional course by aggressively going to trial as "the last man standing." Toshiba was confident that even if the jury compromised on liability, it could rely on a "reverse whipsaw" strategy that used the class plaintiffs' previous settlements against them. The novel idea was that the US$443 million in prior settlements cushioned Toshiba against any potentially adverse jury verdict, since prior settlements by law act as credits and are set off against the jury verdict. The plaintiffs needed to win trebled damages exceeding US$443 million in order to collect anything from Toshiba.

The jury's verdict awarding the plaintiffs US$87 million (US$261 million when trebled by law) was nearly US$200 million less than the US$443 million the class plaintiffs had already collected from defendants under the settlements. And even that verdict was vulnerable to legal challenge and ultimately vacated by the court. The result: Toshiba would not have to pay any damages.

Toshiba's successful approach upends the conventional wisdom counseling against taking a case to trial when all the other defendants have settled. By standing alone and using the settlements against the class plaintiffs, Toshiba's success gives defendants with real arguments of innocence comfort in fighting until the end.

Benefits of the Trial Strategy

Potential pre-trial damages for Toshiba
**US$2.7 MILLION**

Amount paid out in settlements by other defendants
**US$443 MILLION**

Amount owed by Toshiba after jury trial verdict
**US$0**

**MORE ARTICLES**






© 2012 WHITE & CASE LLP