# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
415.434.9100 main
415.434.3947 fax
www.sheppardmullin.com

415.774.3294 direct
jmcginnis@sheppardmullin.com

June 23, 2014

Our File Number: 08Z8-134298

**VIA ECF**

The Honorable Samuel Conti
Senior United States District Judge
United States District Court
Northern District of California
Courtroom No. 1, 17th Fl.
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *In re: Cathode Ray Tube (CRT) Antitrust Litigation*
      Master File No. 07-5944 SC; MDL No. 1917

Dear Judge Conti:

I write on behalf of Defendants Samsung SDI, Panasonic, Beijing Matsushita Color CRT Co., Chunghwa Picture Tubes, and Philips Electronics in MDL No. 1917 to seek the Court's guidance and an order regarding scheduling in *Viewsonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:14-cv-02510-SC, a new action originally filed in this Court on May 30, 2014 and deemed related to the MDL on June 4.[1]

To date, Viewsonic has not effected service of its Complaint on any Defendant, no responses to the Complaint have been filed, no discovery requests have been propounded on either side, and no depositions have been taken.

I received a copy of the Complaint on May 30, 2014. Nevertheless, Viewsonic's counsel has made clear to me that it seeks to pursue its case according to the schedule currently in place in

---

[1] Viewsonic originally requested exclusion from five settlements between the IPP and DPP class plaintiffs and various defendants. In February 2014, Viewsonic filed a motion to retract those requests for exclusion and participate in the settlements. Your Honor denied that motion on April 1, 2014. *See* MDL Dkt. No. 2517 (Order Denying Motion to Withdraw Requests For Exclusion). Viewsonic's complaint was filed almost two full months later.

# SheppardMullin

Hon. Samuel Conti
June 23, 2014
Page 2

the MDL, which includes expired and impending deadlines for expert reports, fact discovery, and dispositive motions. See MDL Dkt. No. 2459 (3/21/14 Order Regarding Scheduling).

The *Viewsonic* action, however, is seriously out of step with the MDL schedule. That schedule required all plaintiffs to serve opening expert reports by April 15, 2014, thus giving defendants approximately four months to prepare and serve opposition expert reports, which are due by August 5, 2014. Yet Viewsonic served two separate expert reports — including exhibits and back-up data and claiming treble damages in excess of $800 million — on June 9, almost two months after the MDL deadline.[2] With due respect to Viewsonic, a party cannot expect to join complex multi-district antitrust litigation in the middle of expert discovery, serve expert reports two months late, and simply insist that its case be added to the existing schedule — no matter how similar its expert reports may be to others.

In the same vein, on June 6 Viewsonic made an unsolicited production including more than 41,000 pages of documents, along with apparent transactional purchase data covering a time period of thirteen years. Defendants have just begun to review this production and determine to what extent it contains materials typically sought through initial discovery demands to Direct Action Plaintiffs in this MDL. Viewsonic's preferred schedule would have Defendants complete this analysis, along with all other discovery work, by the September 5, 2014 close of fact discovery in the MDL cases or soon thereafter. Even if extensions were offered, and approved by the Court, this unilateral course of action wrongly assumes that Defendants do not need real discovery about Viewsonic before taking depositions of Viewsonic's experts. Expert discovery always follows substantial party-specific discovery, whether or not the framework of plaintiffs' expert analysis is familiar.

This unauthorized approach is unprecedented in our experience, and violates any number of deadlines, not to mention basic case management standards and fairness. Put very simply, Viewsonic's failure to join the litigation in a timely fashion should not become an emergency for the Defendants. Accordingly, Defendants respectfully invite the Court's consideration of the

---

[2] The current tally of Viewsonic reports is three: Kenneth Elzinga (the same as filed for other plaintiffs); James McClave (also the same); Alan Frankel (analyzing as yet unclear Viewsonic transactional data and arriving at $270 million in single damages).

# SheppardMullin

Hon. Samuel Conti
June 23, 2014
Page 3

attached order (1) making clear that the *Viewsonic* action is not subject to the case schedule for MDL cases, and (2) requiring a status conference or meet and confer joint written submission to set appropriate case management dates for *Viewsonic*.


Respectfully yours,

James L. McGinnis
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc: Hon. Vaughn R. Walker (Ret.) via email
All counsel via ECF

SMRH:425171480.3