515 South Flower St., 40th Floor Los Angeles, CA 90071 ∎ p213 622-4750 ∎ f213 622-2690



**Jason C. Murray**
(213) 443-5582
jmurray@crowell.com

June 24, 2014

<u>**VIA ECF**</u>

Hon. Samuel Conti
United States District Court, Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

      Re:    *ViewSonic Corp. v. Chunghwa Picture Tubes, et al.*, Case No. 3:14-cv-02510 (N.D. Cal.)

Dear Judge Conti:

      We represent Plaintiff ViewSonic Corporation, and we write in response to James McGinnis' letter of yesterday on behalf of a minority of the defendants in this matter.  We were not aware that Mr. McGinnis planned to write the Court, and had been in active communication with him about service and schedule in the ViewSonic case prior to his ex parte submission.  We agree that it would be productive for the parties to continue the meet-and-confer process regarding an appropriate schedule for this matter and propose that we make a joint submission to the Special Master in the first instance.

      Two defendants have agreed to waive service, and we are working out the details with them.  We have also negotiated with other defendants regarding their accepting service pursuant to this Court's Order of March 2012 requiring certain defendants to accept service through U.S. counsel (Dkt. 1241).  And a few defendants, including Mr. McGinnis' client Samsung SDI, have told us they will let us know their clients' positions soon.

      We have had ongoing productive discussions with certain defense counsel regarding slight modifications to the existing schedule that would allow the ViewSonic case to proceed with others in the MDL.  We are optimistic that we can agree on dates and avoid burdening this Court with an entirely separate litigation track.  ViewSonic's Complaint is functionally identical to those of the other Direct Action Plaintiffs ("DAPs").  ViewSonic's single Sherman Act claim alleges the same cartel conduct, the same conspiracy period, and the same harm to competition as the other DAP Complaints.  We have made a voluntary document production, producing documents responsive to document requests propounded by defendants on other plaintiffs, and

Hon. Samuel Conti
June 24, 2014
Page 2

ViewSonic's purchase data was produced pursuant to a subpoena served in August of 2013. The majority of the opt-out plaintiffs, including ViewSonic, are sharing the same experts. ViewSonic voluntarily served expert reports, which, other than damages amounts, are functionally identical to the reports in the other DAP cases. And we have offered to expeditiously make available ViewSonic witnesses, including a Rule 30(b)(6) witness.

As several defendants have already come to realize, it is in everyone's interest to manage this litigation as efficiently as possible. ViewSonic was the victim of the same cartel as the other plaintiffs. There is no prejudice to defendants for ViewSonic to participate in the same discovery as the other DAP cases. Discovery continues into September, with *Daubert* motions not due until December.

Mr. McGinnis' letter is both premature, and an inappropriate procedural vehicle to address an appropriate schedule. ViewSonic has had fruitful discussions, and is making progress toward a proposed schedule. We believe that process should continue and propose that the parties submit the matter to the Special Master, not later than July 3, to address this issue in the first instance.

Respectfully submitted,

*/s/ Jason C. Murray*

Jason C. Murray