Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant
Toshiba America Information Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>Case No. 12-cv-02648<br><br>P.C. RICHARD & SON LONG ISLAND CORPORATION; MARTA COOPERATIVE OF AMERICA, INC.; AND ABC APPLIANCE, INC.,<br><br>                    Plaintiffs,<br><br>          v.<br><br> HITACHI, LTD., et al.,<br><br>                    Defendants. | **TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL P.C. RICHARD, MARTA, AND ABC APPLICANCE TO PRODUCE DISCOVERY** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   In objecting to Request for Production No. 3, seeking the production of settlement 2   agreements, the Plaintiffs relied upon Rule 408 of the Federal Rules of Evidence.  Foster 3   Decl. Ex. 2 at 6-7.  In our memorandum in support of our motion to dismiss (TAIS Mem. at 4   2), we demonstrated that Rule 408 only governs the admissibility of settlement agreements 5   and has no bearing upon the disclosure of such agreements under the Federal Rules of Civil 6   Procedure, pursuant to which requested information need only be "reasonably calculated to 7   lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b).  In their response, the 8   Plaintiffs do not even cite to Rule 408.  Thus, the Court should consider their objections based 9   upon Rule 408 to be waived.

10   In their response, the Plaintiffs also make no attempt to address Judge Illston and 11   Special Master Quinn's decisions in *LCD*, even though those decisions were displayed 12   prominently in our initial brief.  TAIS Mem. at 3-4.  In the first of those decisions, Special 13   Master Quinn rejected Best Buy's argument that Rule 408 protected the confidentiality of 14   settlement agreements and specifically found that disclosure of such agreements would 15   *promote* settlements.  Special Master's Order re Hannstar Display Corp.'s Motion to Compel 16   Best Buy to Respond Further to Document Request No. 45, *In re: TFT-LCD (Flat Panel)* 17   *Antitrust Litig.*, No. M. 07-1827 SI (N.D. Cal. Feb. 15, 2015) (Foster Decl. Ex. 5), at 2, 4. 18   Special Master Quinn recognized that the settlement agreements "plainly do relate to the 19   subject matter of the case" and "absent a convincing showing of prejudice, the scales of 20   discovery must tip in favor of transparency and full disclosure."  *Id.* at 4.  In affirming this 21   order, Judge Illston echoed the Special Master's conclusion that good cause existed for 22   production of the settlement agreements and found that such production would not result in 23   any prejudice to Best Buy.  Order Overruling Best Buy's Objection to Special Master's Order 24   Granting Hannstar Display Corp.'s Motion to Compel, *In re: TFT-LCD (Flat Panel) Antitrust* 25   *Litig.*, No. M. 07-1827 SI (N.D. Cal. Apr. 4, 2012) (Foster Decl. Ex. 6).  Judge Illston found 26   that such disclosure "will permit defendants to understand the full extent of their potential 27   liability."  *Id.* at 2.

28

Nor do Plaintiffs respond to *Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 585 (N.D. Cal. 2008), a case discussed at page 3 of our initial brief.  In that case, the Court ordered the production of documents concerning settlement negotiations, noting that "the disclosure of such documents could assist the third parties in fostering discussions with the other alleged infringers and helping them to ascertain the extent of their own liability to Phoenix."  *Id.*  The Court noted that the request sought relevant material because, among other reasons, "the third-party negotiations could help Wells Fargo ascertain the extent of its liability to Phoenix and to formulate an appropriate litigation strategy."  *Id.* at 582.

The decisions in *LCD* and *Phoenix Solutions* represent the majority rule in this District, whereby courts recognize that the discovery rules should be construed broadly and that settlement agreements are a fair and proper subject for discovery.  Pursuant to the majority rule, "[r]elevance [for purposes of discovery] has been broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Vondersaar v. Starbucks Corp.*, No. C 13-80061 SI, 2013 WL 1915746, at *1 (N.D. Cal. May 8, 2013) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).  The relevance test for purposes of discovery "should not be conflated with the relevance standard for admissibility at trial."  *Id.* at *4.  *Vondersaar* represents yet another case that follows the majority rule in this District.  There, the Court rejected the argument that a subpoena should be quashed because of the existence of a "settlement privilege" and because the requested settlement agreements were (according to the defendant) irrelevant.  As to the "settlement privilege," the Court found that Rule 408 had no bearing upon the discovery rules.  The Court then listed some examples as to why the settlement agreements are relevant (or might lead to the discovery of admissible evidence).  Among these examples, the Court cited *Phoenix Solutions* for the proposition that knowledge of settlement agreements might help a party formulate an appropriate litigation strategy.  *Id.*

Rather than attempt to distinguish the authorities contained in our initial brief, the Plaintiffs cite mainly to cases from other districts that held that settlement agreements were not relevant to the specific facts of those cases.  Pl. Br. at 2-4.  In support of their position, the

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S REPY IN SUPPORT OF
MOTION TO COMPEL P.C. RICHARD, MARTA, AND ABC APPLIANCE TO PRODUCE DISCOVERY
Case No. 07-5944 SC
MDL No. 1917

3

Plaintiffs only cite to one order from this District, *Sun Microsystems Inc. v. Hynix Semiconductor, Inc.*, No. 06-cv-1665, Dkt. 304, slip op. (N.D. Cal. Jan. 25, 2008). Pl. Br. at 2, 4. By that order, a Magistrate Judge created a process by which the parties could apply for the disclosure of settlement agreements; however, the Magistrate Judge did not find — as Plaintiffs urge here — that settlement agreements were irrelevant. Given the absence of any analysis in the order, it is unclear whether the Magistrate Judge in *Sun Microsystems* had the full benefit of the arguments that were present in *LCD*, *Phoenix Solutions*, and *Vondersaar*.

In any event, production of the settlement agreements at this time easily satisfies the relevancy requirements of Rule 26. In international cases like this one, in which the vast majority of fact witnesses reside overseas, deposition testimony will likely be used as trial testimony. Thus, a full cross examination into the potential bias of those witnesses during their depositions is a critical component to allow the jury to wholly assess the witness's credibility. As they must, Plaintiffs agree that settlement agreements are relevant to potential witness bias (Pl. Br. at 3); however, rather than allowing the Defendants the benefit of a thorough cross examination, Plaintiffs seek to gain a tactical advantage by only agreeing to reveal the *fact* of the settlement. This is insufficient, and contrary to the broad discovery allowed under Rule 26.

Settlement agreements are also important for the Defendants so that they may accurately assess the full extent of their potential liability. Foster Decl. Ex. 6 at 2. A defendant's need to assess the full extent of liability is especially true in a large multi-defendant antitrust case based on the premise of joint-and-several liability.

Remarkably, Plaintiffs argue that the production of settlement agreements will *inhibit* settlement negotiations and make trial more likely because Toshiba went to trial in the LCD matter. Pl. Br. at 4-6. Not only is the Toshiba trial irrelevant to whether the Plaintiffs are obligated to produce settlement agreements in this case, but Plaintiffs also ignore the fact that there have been numerous settlements in the LCD cases among all the various plaintiffs, defendants and state attorney generals. Plaintiffs also ignore that, prior to the Direct Purchaser Plaintiff trial, Toshiba settled with the IPP class and several attorneys general.

In the *LCD* matter, both Special Master Quinn and Judge Illston found that "fairness and the desirability of promoting settlements will be enhanced" and thus good cause exists for production of the settlement agreements. *See* Foster Decl. Ex. 5 at 4 and Foster Decl. Ex. 6 at 2. Plaintiffs contend that the argument that production of settlement agreements will promote settlements is "counterintuitive and baseless" (Pl. Br. at 3), but Judge Illston and Special Master Quinn believed that the production of settlement agreements in discovery will promote settlement, and the numerous settlements that have occurred in *LCD* fully validate their conclusion. In any event, Plaintiffs cite to no authority that the disclosure of settlement agreements will hinder future settlement. In fact, this argument was flatly rejected by Judge Illston. *See* Foster Decl. Ex. 6 at 2 ("Nor does this Court agree with [plaintiff's] representations that disclosure will inhibit settlement across this MDL.").

Plaintiffs cite to a single New York state case for the proposition that there would be a "chilling effect" on settlements in this MDL if other settlement agreements were disclosed. Pl. Br. at 5-6. Even if this case was authoritative in this Court, it is inapposite. In that case, the Court specifically found that the settlement agreements were not relevant for witness credibility because there were no circumstances in which the plaintiff "would call a settling co-defendant as a plaintiff's witness." *In re New York Cnty. Data Entry Worker Prod. Liability Litig.*, 616 N.Y.S. 2d 424, 427 (N.Y. Sup. Ct. 1994). Here, in contrast, Plaintiffs concede that settlement agreements are relevant to witness credibility. Pl. Br. at 3.

## CONCLUSION

For these reasons and the reasons contained in the Motion, this Court should grant TAIS's motion to compel and order P.C. Richard, MARTA, and ABC Appliance to produce settlement agreements responsive to Request for Production No. 3 of TAIS's and PENAC's First Set of Requests for Production of Documents.

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated:  June 27, 2014 | **WHITE & CASE** LLP |
|   | By:  */s/ Dana E. Foster*<br>Christopher M. Curran (*pro hac vice*)<br>ccurran@whitecase.com<br>Lucius B. Lau (*pro hac vice*)<br>alau@whitecase.com<br>Dana E. Foster (*pro hac vice*)<br>defoster@whitecase.com<br>701 Thirteenth Street, N.W.<br>Washington, DC  20005<br>tel.: (202) 626-3600<br>fax: (202) 639-9355 |
|   | *Counsel to Toshiba America Information Systems, Inc.* |

**CERTIFICATE OF SERVICE**

On June 27, 2014, I caused a copy of "TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL P.C. RICHARD, MARTA, AND ABC APPLICANCE TO PRODUCE DISCOVERY" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

*/s/ Dana E. Foster*
Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL P.C. RICHARD, MARTA, AND ABC APPLIANCE TO PRODUCE DISCOVERY
Case No. 07-5944 SC
MDL No. 1917