WHITE & CASE

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807

Tel   + 1 202 626 3600
Fax  + 1 202 639 9355
whitecase.com

Direct Dial + 202-626-3696      alau@whitecase.com

June 30, 2014

VIA ECF

The Honorable Samuel Conti
Senior United States District Judge
United States District Court
Northern District of California
Courtroom No. 1, 17th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:  *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944 SC
(N.D. Cal.):  Response To Certain Co-Defendants' Letter Of June 23,
2014 And ViewSonic's Letter Of June 24, 2014

Your Honor:

We write on behalf of the Toshiba Defendants, LG Defendants, Thomson Defendants, and the Mitsubishi Defendants in response to the letters submitted by certain co-defendants on June 23, 2014, and plaintiff ViewSonic Corporation ("ViewSonic") on June 24, 2014, concerning the scheduling of *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:14-cv-02510-SC, which was filed on May 30, 2014.

As an initial matter, we agree with many of the points raised by our co-defendants in their June 23, 2014 letter.  The scheduling difficulties associated with ViewSonic's complaint are of ViewSonic's own making — ViewSonic first sought exclusion from the class settlements, then sought to rejoin those settlements and then, when Your Honor denied that request, took a leisurely two months to commence a new action.  All of the defendants in this case have been working diligently to complete fact discovery by September 5, 2014, per the current scheduling order.  It is prejudicial to all defendants to add ViewSonic to the existing schedule because it is simply not possible to complete the necessary fact discovery against ViewSonic in the remaining two months of that schedule.

Where we differ from our co-defendants who submitted the June 23, 2014 letter is how to properly address the ViewSonic case.   Those co-defendants ask the Court to remove ViewSonic's case from the current scheduling order entirely and to issue a separate scheduling

The Honorable Samuel Conti

WHITE & CASE

June 30, 2014

order just for ViewSonic.  Such an approach would place ViewSonic on a separate track, one that would unlikely be ready for trial by March 2015, as required for the other cases subject to the current scheduling order.   Although reasonable minds can certainly disagree on this topic, we believe that the creation of a separate track for ViewSonic is not preferable.  If a second track is created, the ViewSonic action will not be trial-ready by March 2015, thus delaying the resolution of these cases.  We also believe that the creation of a second track will use additional judicial resources and be more expensive for the parties than keeping ViewSonic on the current track.

We propose keeping ViewSonic on the current track, with modifications to the scheduling order to afford defendants a fair opportunity to complete fact and expert discovery of ViewSonic's claims.  Specifically, we propose the following ViewSonic-specific additions to the existing scheduling order:

| | |
|---|---|
| September 5, 2014: | Last day for Defendants to serve opposition expert reports on the merits to ViewSonic's expert reports; |
| October 6, 2014: | Last day for ViewSonic to serve rebuttal expert reports on the merits; |
| November 7, 2014: | Close of fact discovery for ViewSonic; |
| November 21, 2014: | Last day for Defendants to serve sur-rebuttal expert reports on the merits concerning ViewSonic; |
| December 5, 2014: | Last day to file dispositive motions concerning ViewSonic. |

Such a modest modification to the schedule will afford all parties a sufficient period to complete ViewSonic-specific discovery, while at the same time ensuring that ViewSonic is trial-ready by March 2015, along with the other cases that are part of this MDL.  In its letter of June 24, 2014, ViewSonic's counsel stated a willingness to meet-and-confer with the defendants on this issue. We have engaged in such a meet-and-confer with ViewSonic's counsel, who does not agree with these proposed dates.  ViewSonic's counsel disagrees with the September 5, 2014 proposed date for Defendants to serve their opposition expert reports (ViewSonic proposes that the Defendants serve these reports in August 2014) as well as the November 7, 2014 proposed date for close of fact discovery for ViewSonic (ViewSonic proposes that that ViewSonic-specific fact discovery close in October 2014).   Although the Toshiba Defendants, LG Defendants, Thomson Defendants, and Mitsubishi Defendants believe that keeping ViewSonic on the current track is desirable, it is imperative that all defendants be given an adequate opportunity to serve their ViewSonic-specific expert reports and complete their ViewSonic-specific discovery.

The Honorable Samuel Conti

**WHITE & CASE**

June 30, 2014

      For these reasons, the Court should keep ViewSonic on the same track as the other cases in this MDL, but modify the schedule (as indicated above) to allow all defendants a reasonable period of time to complete their discovery concerning ViewSonic.

Respectfully submitted,

Lucius B. Lau

cc:    All counsel via ECF