DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: david.yohai@weil.com

BAMBO OBARO (SBN 267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: bambo.obaro@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: jkessler@winston.com

*Attorneys for Defendant Matsushita Toshiba Picture Display Co., Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br>Individual Case No. 13-cv-01173 SC<br><br>SHARP ELECTRONICS CORPORATION; SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.,<br><br>        Plaintiffs,<br><br>   v.<br><br>HITACHI, LTD., et al.,<br><br>        Defendants. | **Case No. 3:13-cv-01173-SC MDL No. 1917**<br><br>**DEFENDANT MT PICTURE DISPLAY CO., LTD.'S ANSWER TO SHARP ELECTRONICS CORPORATION'S AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S SECOND AMENDED COMPLAINT** |

Defendant MT PICTURE DISPLAY CO., LTD. ("MTPD"), by and through its attorneys, answers the allegations set forth in the Second Amended Complaint filed June 13, 2014 (the "Complaint") by plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. ("Plaintiffs"), and alleges additional or affirmative defenses as follows.   To the extent not specifically admitted herein, all allegations of the Complaint are denied.   Furthermore, the section headings included herein are included only for purposes of clarity and organization, and MTPD does not admit, but rather hereby specifically denies, any factual or legal allegations in the headings used in the Complaint.

## I.    "**INTRODUCTION**"

1.    MTPD denies the allegations contained in Paragraph 1 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2.    MTPD denies the allegations contained in Paragraph 2 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3.    The allegations contained in Paragraph 3 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.   To the extent that a response is required, MTPD denies all of the allegations, except admits that color display tubes ("CDTs") can be used in computer monitors and certain other specialized applications, admits that color picture tubes ("CPTs") can be used in televisions, admits that CDTs and CPTs are types of cathode ray tubes ("CRTs"), and admits that at various times it manufactured some CRTs.

4.    MTPD denies the allegations contained in Paragraph 4 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

5.    MTPD denies the allegations contained in Paragraph 5 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

6.      MTPD denies the allegations contained in Paragraph 6 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7.      MTPD denies the allegations contained in Paragraph 7 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8.      MTPD denies the allegations contained in Paragraph 8 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

9.      MTPD denies the allegations contained in Paragraph 9 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the United States Department of Justice ("DOJ"), and by certain foreign competition authorities, and that it has been publicly reported that individuals have been indicted in connection with the DOJ investigation.

10.     MTPD denies the allegations contained in Paragraph 10 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around March 18, 2011, the DOJ issued a press release concerning Samsung SDI Company, Ltd. and that on or around May 17, 2011, an amended plea agreement was filed in an action brought by the United States against Samsung SDI Company, Ltd.; MTPD respectfully refers the Court to those documents for a review of their contents.

11.     MTPD denies the allegations contained in Paragraph 11 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## II.     "JURISDICTION AND VENUE"

12.      MTPD denies the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the federal statutes identified therein and seek the relief sought therein.

13.     MTPD denies the allegations contained in Paragraph 13 of the Complaint, except admits that Plaintiff Sharp Electronics Manufacturing Company of America, Inc. purports to bring this action pursuant to the state statutes identified therein and seeks the relief sought therein.

14.     MTPD denies the allegations contained in Paragraph 14 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to the state statute identified therein and seek the relief sought therein.

15.     The allegations contained in Paragraph 15 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 15 of the Complaint, except admits that Plaintiffs purport to base subject matter jurisdiction on the federal statutes identified therein.

16.     MTPD denies the allegations contained in Paragraph 16 of the Complaint as they relate to MTPD, except admits that it or certain or its affiliates have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17.     The allegations contained in Paragraph 17 of the Complaint regarding jurisdiction include legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, MTPD denies the allegations as they relate to MTPD except admits that it or certain of its affiliates have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18.     The allegations contained in Paragraph 18 of the Complaint regarding venue include legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, MTPD denies the allegations as they relate to MTPD except admits that it or certain of its affiliates have done some business within certain jurisdictions within the United States, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**III.    "MULTIDISTRICT AND INTRADISTRICT ASSIGNMENT"**

19.     The allegations contained in Paragraph 19 of the Complaint constitute legal contentions and/or conclusions to which no response is required.

**IV.    "PARTIES"**

    **A.    "Plaintiffs"**

20.     MTPD denies the allegations contained in Paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

21.     MTPD denies the allegations contained in Paragraph 21 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

22.     MTPD denies the allegations contained in Paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

23.     MTPD denies the allegations contained in Paragraph 23 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24.     MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph 24 of the Complaint collectively as "Sharp" "or "Plaintiffs."

25.     MTPD denies the allegations contained in Paragraph 25 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26.     MTPD denies the allegations contained in Paragraph 26 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

27.     MTPD denies the allegations contained in Paragraph 27 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

28.     MTPD denies the allegations contained in the first four sentences of Paragraph 28 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.  To the extent the allegations in the last five sentences of Paragraph 28 of the Complaint constitute legal contentions and/or conclusions, no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29.     MTPD denies the allegations contained in Paragraph 29 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**B.     "Defendants"**

**"Hitachi Entities"**

30.     MTPD denies the allegations contained in Paragraph 30 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     MTPD denies the allegations contained in Paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32.     MTPD denies the allegations contained in Paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.     MTPD denies the allegations contained in Paragraph 33 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

34.     MTPD denies the allegations contained in Paragraph 34 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

35.     MTPD denies the allegations contained in Paragraph 35 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

36.     MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph 36 of the Complaint collectively as "Hitachi."

**"LG Electronics Entities"**

37.     MTPD denies the allegations contained in Paragraph 37 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

38.     MTPD denies the allegations contained in Paragraph 38 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

39.     MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph 39 of the Complaint collectively as "LG Electronics."

**"LP Displays"**

40.     MTPD denies the allegations contained in Paragraph 40 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

41.     MTPD denies the allegations contained in Paragraph 41 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

42.     MTPD denies the allegations contained in Paragraph 42 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43.     MTPD denies the allegations contained in Paragraph 43 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

44.     MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph 44 of the Complaint collectively as "LP Displays" and/or "LPD."

**"Panasonic Entities"**

45.     MTPD denies the allegations contained in Paragraph 45 of the Complaint in their entirety, except admits that Panasonic Corporation ("Panasonic") is a Japanese entity with an office in Osaka, Japan at the address listed in Paragraph 45, and that Panasonic was known as Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008.  MTPD further admits that certain affiliates of Panasonic sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

46.     MTPD denies the allegations contained in Paragraph 46 of the Complaint in their entirety, except admits that Panasonic Corporation of North America ("PNA") is a Delaware corporation with its principal place of business formerly located at the address listed in Paragraph 46.  MTPD avers that PNA's principal place of business is now located at Two Riverfront Plaza, Newark, New Jersey, 07102.  MTPD further admits that PNA is a wholly-owned subsidiary of Panasonic.  MTPD further admits that PNA or certain affiliates of PNA sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period.

47.     MTPD denies the allegations contained in Paragraph 47 of the Complaint in their entirety, except admits that Panasonic Consumer Electronics Company ("PCEC") is an unincorporated division of PNA with its headquarters in Newark, New Jersey.

48.     MTPD denies the allegations contained in Paragraph 48 of the Complaint in their entirety, except admits that it was a Japanese entity with an office in Osaka, Japan at the address

1  listed in Paragraph 48.  MTPD further admits that it was established as a joint venture between

2  Panasonic and Toshiba Corporation ("Toshiba"), but avers that MTPD was formed in 2003, not

3  2002.  MTPD further admits that Panasonic held 64.5% of MTPD at the time MTPD was formed

4  in 2003.  MTPD further admits that Panasonic acquired Toshiba's 35.5% interest in MTPD on

5  March 30, 2007, that MTPD became a wholly-owned subsidiary of Panasonic, and that MTPD

6  was renamed.  MTPD further admits that it or certain of its affiliates sold some CRTs or products

7  containing CRTs in the United States at various times during the purported Relevant Period.

8       49.    MTPD denies the allegations contained in Paragraph 49 of the Complaint in their

9  entirety, except admits that Matsushita Electronics Corporation (Malaysia) Sdn Bhd ("Matsushita

10  Malaysia") was a Malaysian entity that had an office in Shah Alam Malaysia, and was a wholly

11  owned indirect subsidiary of Panasonic.  MTPD avers that Matsushita Malaysia is a defunct

12  entity.

13       50.    MTPD denies the allegations contained in Paragraph 50 of the Complaint in their

14  entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

15  except admits that Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") is a Chinese entity

16  with its headquarters in Beijing, China at the address listed in Paragraph 50.  MTPD further

17  admits that BMCC is a joint venture formed in 1987, and further admits that MTPD at one time

18  had a 50% equity ownership interest in BMCC.

19       51.    MTPD denies the allegations contained in Paragraph 51 of the Complaint in their

20  entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

21  except admits that P.T. Tosummit Electronic Devices Indonesia ("TEDI") was transferred to

22  MTPD in 2003, and its name changed to PT.MT Picture Display Indonesia.  MTPD further avers

23  that PT.MT Picture Display Indonesia discontinued its production on September 13, 2007, and

24  was dissolved on September 28, 2007.

25       52.    MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph

26  52 of the Complaint collectively as "Panasonic," but denies the propriety of such grouping.

27

28

1    **"Samsung SDI Entities"**

2        53.    MTPD denies the allegations contained in Paragraph 53 of the Complaint for lack

3    of knowledge or information sufficient to form a belief as to the truth thereof.

4        54.    MTPD denies the allegations contained in Paragraph 54 of the Complaint for lack

5    of knowledge or information sufficient to form a belief as to the truth thereof.

6        55.    MTPD denies the allegations contained in Paragraph 55 of the Complaint for lack

7    of knowledge or information sufficient to form a belief as to the truth thereof.

8        56.    MTPD denies the allegations contained in Paragraph 56 of the Complaint for lack

9    of knowledge or information sufficient to form a belief as to the truth thereof.

10       57.    MTPD denies the allegations contained in Paragraph 57 of the Complaint for lack

11   of knowledge or information sufficient to form a belief as to the truth thereof.

12       58.    MTPD denies the allegations contained in Paragraph 58 of the Complaint for lack

13   of knowledge or information sufficient to form a belief as to the truth thereof.

14       59.    MTPD denies the allegations contained in Paragraph 59 of the Complaint for lack

15   of knowledge or information sufficient to form a belief as to the truth thereof.

16       60.    MTPD denies the allegations contained in Paragraph 60 of the Complaint for lack

17   of knowledge or information sufficient to form a belief as to the truth thereof.

18       61.    MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph

19   61 of the Complaint collectively as "Samsung SDI."

20       **"Toshiba Entities"**

21       62.    MTPD denies the allegations contained in Paragraph 62 of the Complaint in their

22   entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

23   except admits that Panasonic entered into a joint venture with Toshiba to form MTPD, but avers

24   that MTPD was formed in 2003, not 2002.

25       63.    MTPD denies the allegations contained in Paragraph 63 of the Complaint for lack

26   of knowledge or information sufficient to form a belief as to the truth thereof.

27       64.    MTPD denies the allegations contained in Paragraph 64 of the Complaint for lack

28   of knowledge or information sufficient to form a belief as to the truth thereof.

1   65.   MTPD denies the allegations contained in Paragraph 65 of the Complaint for lack

2   of knowledge or information sufficient to form a belief as to the truth thereof.

3   66.   MTPD denies the allegations contained in Paragraph 66 of the Complaint for lack

4   of knowledge or information sufficient to form a belief as to the truth thereof.

5   67.   MTPD denies the allegations contained in Paragraph 67 of the Complaint in their

6   entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof,

7   except admits that Toshiba Display Devices (Thailand) Company, Ltd. ("TDDT") was transferred

8   to MTPD in 2003 and changed its name to MT Picture Display (Thailand) Co., Ltd. ("MTPDT"),

9   but denies that MTPDT was a wholly-owned subsidiary of MTPD.  MTPD further avers that

10  MTPDT passed a resolution of dissolution on May 13, 2009, and is now dissolved.

11  68.   MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph

12  68 of the Complaint collectively as "Toshiba."

13  **"Thomson Entities"**

14  69.   MTPD denies the allegations contained in Paragraph 69 of the Complaint for lack

15  of knowledge or information sufficient to form a belief as to the truth thereof.

16  70.   MTPD denies the allegations contained in Paragraph 70 of the Complaint for lack

17  of knowledge or information sufficient to form a belief as to the truth thereof.

18  71.   MTPD denies the allegations contained in Paragraph 71 of the Complaint for lack

19  of knowledge or information sufficient to form a belief as to the truth thereof.

20  72.   MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph

21  72 of the Complaint collectively as "Thomson."

22  **"Videocon"**

23  73.   MTPD denies the allegations contained in Paragraph 73 of the Complaint for lack

24  of knowledge or information sufficient to form a belief as to the truth thereof.

25  **"Technologies Displays"**

26  74.   MTPD denies the allegations contained in Paragraph 74 of the Complaint for lack

27  of knowledge or information sufficient to form a belief as to the truth thereof.

28

**V.    "AGENTS AND CO-CONSPIRATORS"**

75.    MTPD denies the allegations contained in Paragraph 75 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

76.    MTPD denies the allegations contained in Paragraph 76 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

77.    The allegations contained in Paragraph 77 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint and/or legal conclusions to which no responsive pleading is required.

78.    The allegations contained in Paragraph 78 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 78 of the Complaint as they relate to MTPD.

79.    The allegations contained in Paragraph 79 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"LG Electronics Entities"**

80.    MTPD denies the allegations contained in Paragraph 80 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"MTPD Entities"**

81.    MTPD denies the allegations contained in Paragraph 81 of the Complaint in their entirety, except admits that on October 1, 2003, Matsushita Display Devices Corporation of America ("MDDCA") changed its name to MTPDA(OH), with its principal place of business in Troy, Ohio. MTPD further admits that MTPDA(OH) was wholly owned by MT Picture Display of America ("MTPDA"), which in turn was wholly owned by MTPD.  MTPD further admits that MTPDA(OH) ceased operations by January of 2006, and dissolved on March 27, 2007.

**"Samsung SDI Entities"**

82.     MTPD denies the allegations contained in Paragraph 82 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Philips Entities"**

83.     MTPD denies the allegations contained in Paragraph 83 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

84.     MTPD denies the allegations contained in Paragraph 84 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

85.     MTPD denies the allegations contained in Paragraph 85 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

86.     MTPD denies the allegations contained in Paragraph 86 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

87.     MTPD denies the allegations contained in Paragraph 87 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

88.     MTPD denies the allegations contained in Paragraph 88 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

89.     MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph 89 of the Complaint collectively as "Philips."

**"LP Displays Entities"**

90.     MTPD denies the allegations contained in Paragraph 90 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

91.     MTPD denies the allegations contained in Paragraph 91 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

92.     MTPD denies the allegations contained in Paragraph 92 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

93.     MTPD denies the allegations contained in Paragraph 93 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1      **"Chunghwa Entities"**

2      94.     MTPD denies the allegations contained in Paragraph 94 of the Complaint for lack

3 of knowledge or information sufficient to form a belief as to the truth thereof.

4      95.     MTPD denies the allegations contained in Paragraph 95 of the Complaint for lack

5 of knowledge or information sufficient to form a belief as to the truth thereof.

6      96.     MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph

7 96 of the Complaint collectively as "Chunghwa."

8      **"Irico Entities"**

9      97.     MTPD denies the allegations contained in Paragraph 97 of the Complaint for lack

10 of knowledge or information sufficient to form a belief as to the truth thereof.

11      98.     MTPD denies the allegations contained in Paragraph 98 of the Complaint for lack

12 of knowledge or information sufficient to form a belief as to the truth thereof.

13      99.     MTPD denies the allegations contained in Paragraph 99 of the Complaint for lack

14 of knowledge or information sufficient to form a belief as to the truth thereof.

15      100.    MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph

16 100 of the Complaint collectively as "Irico."

17      **"Samtel"**

18      101.    MTPD denies the allegations contained in Paragraph 101 of the Complaint for lack

19 of knowledge or information sufficient to form a belief as to the truth thereof.

20      **"Thai CRT"**

21      102.    MTPD denies the allegations contained in Paragraph 102 of the Complaint for lack

22 of knowledge or information sufficient to form a belief as to the truth thereof.

23      **"Orion Entities"**

24      103.    MTPD denies the allegations contained in Paragraph 103 of the Complaint for lack

25 of knowledge or information sufficient to form a belief as to the truth thereof.

26      104.    MTPD denies the allegations contained in Paragraph 104 of the Complaint for lack

27 of knowledge or information sufficient to form a belief as to the truth thereof.

28

105.    MTPD denies the allegations contained in Paragraph 105 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

106.    MTPD admits that Plaintiffs purport to refer to the entities identified in Paragraph 106 of the Complaint collectively as "Orion."

**"Technologies Displays / Videocon Entities"**

107.    MTPD denies the allegations contained in Paragraph 107 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VI.    "TRADE AND COMMERCE"

108.    MTPD denies the allegations contained in Paragraph 108 of the Complaint as they relate to MTPD, except admits that it or certain of its affiliates have sold some CRTs or products containing CRTs in the United States at various times during the purported Relevant Period, and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

109.    MTPD denies the allegations contained in Paragraph 109 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

110.    MTPD denies the allegations contained in Paragraph 110 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## VII.    "FACTUAL ALLEGATIONS"

### A.    "CRT Technology and Products"

111.    The allegations contained in Paragraph 111 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required.  To the extent that a response is required, MTPD admits that the CRT is a specialized vacuum tube in which images are produced when an electron beam strikes a phosphorescent surface, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

112. The allegations contained in Paragraph 112 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required. To the extent that a response is required, MTPD admits that CRT technology was used in making tubes for televisions in the 1990's, but otherwise denies the allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

113. The allegations contained in Paragraph 113 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required. To the extent that a response is required, MTPD admits that a lower quality CRT produces a poor display, but otherwise denies the allegations contained in Paragraph 113 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

114. The allegations contained in Paragraph 114 of the Complaint constitute characterizations of Plaintiffs' Complaint to which no responsive pleading is required. To the extent that a response is required, MTPD admits that CRT production was refined over time, but otherwise denies the allegations contained in Paragraph 114 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

115. The allegations in Paragraph 115 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required. To the extent that a response is required, MTPD admits that CDTs and CPTs are types of CRTs, admits that CDTs can be used in computer monitors and certain other specialized applications, and admits that CPTs can be used in televisions, but denies the allegations contained in Paragraph 115 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

116. The allegations contained in Paragraph 116 of the Complaint constitute characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is required. To the extent that a response is required, MTPD denies the allegations contained in Paragraph 116 of the Complaint.

117. MTPD denies the allegations contained in Paragraph 117 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

B. **"Structure of the CRT Industry"**

118.    MTPD denies the allegations contained in Paragraph 118 of the Complaint.

1.    **"Market Concentration"**

119.    MTPD denies the allegations contained in the second sentence of Paragraph 119 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

2.    **"Information Sharing"**

120.    MTPD denies the allegations contained in Paragraph 120 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

3.    **"Consolidation"**

121.    MTPD denies the allegations contained in Paragraph 121 of the Complaint as they relate to MTPD, except admits that a merger between Toshiba and Panasonic's CRT businesses resulted in the creation of MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  MTPD avers that it was created in 2003, not 2002.

4.    **"High Costs of Entry Into the Industry"**

122.    MTPD denies the allegations contained in Paragraph 122 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

123.    MTPD denies the allegations contained in the first sentence of Paragraph 123 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, and denies the remaining allegations in their entirety.

5.    **"Homogeneity of CRTs"**

124.    MTPD denies the allegations contained in Paragraph 124 of the Complaint.

125.    MTPD denies the allegations contained in Paragraph 125 of the Complaint.

C.    **"International Antitrust Investigations"**

126.    MTPD denies the allegations contained in Paragraph 126 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the DOJ.

127.    MTPD denies the allegations contained in Paragraph 127 of the Complaint, except admits that an alleged conspiracy concerning CRTs is or was being investigated by certain foreign competition authorities.

128.    MTPD denies the allegations contained in Paragraph 128 of the Complaint, except admits that the European Commission issued a press release on November 8, 2007, the details of which are matters of public record.

129.    MTPD denies the allegations contained in Paragraph 129 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

130.    MTPD denies the allegations contained in of Paragraph 130 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

131.    MTPD denies the allegations contained in Paragraph 131 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

132.    MTPD denies the allegations contained in Paragraph 132 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

133.    MTPD denies the allegations contained in Paragraph 133 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

134.    MTPD denies the allegations contained in Paragraph 134 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around February 10, 2009, the DOJ issued a press release concerning the indictment of an executive of Chunghwa Picture Tubes, Ltd., and respectfully refers the Court to that document for a review of its contents.

135.    MTPD denies the allegations contained in Paragraph 135 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around August 19, 2009, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

136.    MTPD denies the allegations contained in Paragraph 136 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that the European Commission issued certain Statements of Objections in November 2009.

137.    MTPD denies the allegations contained in Paragraph 137 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, excepts admits that on or around March 30, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

138.    MTPD denies the allegations contained in Paragraph 138 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around November 9, 2010, the DOJ issued a press release concerning the indictment of a CDT industry executive and respectfully refers the Court to that document for a review of its contents.

139.    MTPD denies the allegations contained in Paragraph 139 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around March 18, 2011, the DOJ issued a press release concerning a plea agreement entered into by a CDT industry participant and respectfully refers the Court to that document for a review of its contents.

140.    MTPD denies the allegations contained in Paragraph 140 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

141.    MTPD denies the allegations contained in Paragraph 141 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around December 5, 2012, the European Commission issued an announcement of certain fines relating to the CRT industry and respectfully refers the Court to that document for a review of its contents.

142.    MTPD denies the allegations contained in Paragraph 142 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that on or around December 5, 2012, the European Commission issued an announcement of certain fines relating to the CRT industry and respectfully refers the Court to that document for a review of its contents.

### D. "Pre-Conspiracy Market"

143.   MTPD denies the allegations contained in Paragraph 143 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

144.   MTPD denies the allegations contained in Paragraph 144 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

### E. "Defendants' and Co-Conspirators' Illegal Agreements"

145.   MTPD denies the allegations contained in Paragraph 145 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

146.   MTPD denies the allegations contained in Paragraph 146 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

147.   MTPD denies the allegations contained in Paragraph 147 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

148.   MTPD denies the allegations contained in Paragraph 148 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

149.   MTPD denies the allegations contained in Paragraph 149 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

150.   MTPD denies the allegations contained in Paragraph 150 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

151.   MTPD denies the allegations contained in Paragraph 151 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

152.   MTPD denies the allegations contained in Paragraph 152 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**1.   "Glass Meetings"**

153.   MTPD denies the allegations contained in Paragraph 153 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

154.   MTPD denies the allegations contained in Paragraph 154 of the Complaint, and its subparts, as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

155.   MTPD denies the allegations contained in Paragraph 155 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

156.   MTPD denies the allegations contained in Paragraph 156 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

157.   MTPD denies the allegations contained in Paragraph 157 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

158.   MTPD denies the allegations contained in Paragraph 158 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

159.   MTPD denies the allegations contained in Paragraph 159 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

160.   MTPD denies the allegations contained in Paragraph 160 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

161.   MTPD denies the allegations contained in Paragraph 161 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

162.   MTPD denies the allegations contained in Paragraph 162 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

163.   MTPD denies the allegations contained in Paragraph 163 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

164.   MTPD denies the allegations contained in Paragraph 164 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

165.   MTPD denies the allegations contained in Paragraph 165 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

166.   MTPD denies the allegations contained in Paragraph 166 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

167.   MTPD denies the allegations contained in Paragraph 167 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

168.   MTPD denies the allegations contained in Paragraph 168 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

169.   MTPD denies the allegations contained in Paragraph 169 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1    170.    MTPD denies the allegations contained in Paragraph 170 of the Complaint as they

2    relate to MTPD and denies the remaining allegations for lack of knowledge or information

3    sufficient to form a belief as to the truth thereof.

4    171.    MTPD denies the allegations contained in Paragraph 171 of the Complaint, and its

5    subparts, as they relate to MTPD and denies the remaining allegations for lack of knowledge or

6    information sufficient to form a belief as to the truth thereof.

7    **2.    "Bilateral Discussions"**

8    172.    MTPD denies the allegations contained in Paragraph 172 of the Complaint as they

9    relate to MTPD and denies the remaining allegations for lack of knowledge or information

10   sufficient to form a belief as to the truth thereof.

11   173.    MTPD denies the allegations contained in Paragraph 173 of the Complaint for lack

12   of knowledge or information sufficient to form a belief as to the truth thereof.

13   174.    MTPD denies the allegations contained in Paragraph 174 of the Complaint for lack

14   of knowledge or information sufficient to form a belief as to the truth thereof.

15   175.    MTPD denies the allegations contained in Paragraph 175 of the Complaint as they

16   relate to MTPD and denies the remaining allegations for lack of knowledge or information

17   sufficient to form a belief as to the truth thereof.

18   176.    MTPD denies the allegations contained in Paragraph 176 of the Complaint as they

19   relate to MTPD and denies the remaining allegations for lack of knowledge or information

20   sufficient to form a belief as to the truth thereof.

21   **3.    "Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions"**

22

23   177.    Certain of the allegations contained in Paragraph 177 of the Complaint constitute

24   characterizations of the allegations of Plaintiffs' Complaint to which no responsive pleading is

25   required.  To the extent that a response is required, MTPD denies the allegations contained in

26   Paragraph 177 of the Complaint as they relate to MTPD and denies the remaining allegations for

27   lack of knowledge or information sufficient to form a belief as to the truth thereof.

28

178.   MTPD denies the allegations contained in Paragraph 178 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

179.   MTPD denies the allegations contained in Paragraph 179 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

180.   MTPD denies the allegations contained in Paragraph 180 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

181.   MTPD denies the allegations contained in Paragraph 181 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

182.   MTPD denies the allegations contained in Paragraph 182 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

183.   MTPD denies the allegations contained in Paragraph 183 of the Complaint in their entirety.

184.   MTPD denies the allegations contained in Paragraph 184 of the Complaint in their entirety.

185.   MTPD denies the allegations contained in Paragraph 185 of the Complaint in their entirety.

186.   MTPD denies the allegations contained in Paragraph 186 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

187.   MTPD denies the allegations contained in Paragraph 187 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

188. MTPD denies the allegations contained in Paragraph 188 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

189. MTPD denies the allegations contained in Paragraph 189 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

190. MTPD denies the allegations contained in Paragraph 190 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

191. MTPD denies the allegations contained in Paragraph 191 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

192. MTPD denies the allegations contained in Paragraph 192 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

193. MTPD denies the allegations contained in Paragraph 193 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

194. MTPD denies the allegations contained in Paragraph 194 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

195. MTPD denies the allegations contained in Paragraph 195 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

196. MTPD denies the allegations contained in Paragraph 196 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

197.   MTPD denies the allegations contained in Paragraph 197 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

198.   MTPD denies the allegations contained in Paragraph 198 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

199.   MTPD denies the allegations contained in Paragraph 199 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

200.   MTPD denies the allegations contained in Paragraph 200 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

201.   MTPD denies the allegations contained in Paragraph 201 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

202.   MTPD denies the allegations contained in Paragraph 202 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

203.   MTPD denies the allegations contained in Paragraph 203 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

204.   MTPD denies the allegations contained in Paragraph 204 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**F.     "The CRT Market During the Conspiracy"**

205.   MTPD denies the allegations contained in Paragraph 205 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1    206.    MTPD denies the allegations contained in Paragraph 206 of the Complaint for lack

2    of knowledge or information sufficient to form a belief as to the truth thereof.

3    207.    MTPD denies the allegations contained in Paragraph 207 of the Complaint for lack

4    of knowledge or information sufficient to form a belief as to the truth thereof.

5    **G.    "Effects of Defendants' Antitrust Violations"**

6    208.    MTPD denies the allegations contained in Paragraph 208 of the Complaint as they

7    relate to MTPD and denies the remaining allegations for lack of knowledge or information

8    sufficient to form a belief as to the truth thereof.

9    **1.    "Examples of Collusive Pricing for CRTs"**

10    209.    MTPD denies the allegations contained in Paragraph 209 of the Complaint as they

11    relate to MTPD and denies the remaining allegations for lack of knowledge or information

12    sufficient to form a belief as to the truth thereof.

13    210.    MTPD denies the allegations contained in Paragraph 210 of the Complaint for lack

14    of knowledge or information sufficient to form a belief as to the truth thereof.

15    211.    MTPD denies the allegations contained in Paragraph 211 of the Complaint as they

16    relate to MTPD and denies the remaining allegations for lack of knowledge or information

17    sufficient to form a belief as to the truth thereof.

18    212.    MTPD denies the allegations contained in Paragraph 212 of the Complaint for lack

19    of knowledge or information sufficient to form a belief as to the truth thereof.

20    213.    MTPD denies the allegations contained in Paragraph 213 of the Complaint for lack

21    of knowledge or information sufficient to form a belief as to the truth thereof.

22    214.    MTPD denies the allegations contained in Paragraph 214 of the Complaint for lack

23    of knowledge or information sufficient to form a belief as to the truth thereof.

24    **2.    "Examples of Reductions in Manufacturing Capacity by Defendants"**

25    215.    MTPD denies the allegations contained in Paragraph 215 of the Complaint as they

26    relate to MTPD and denies the remaining allegations for lack of knowledge or information

27    sufficient to form a belief as to the truth thereof.

28

216.    MTPD denies the allegations contained in Paragraph 216 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

217.    MTPD denies the allegations contained in Paragraph 217 of the Complaint, except admits that MTPD's subsidiary in New York ceased operations in December 2004, and admits that a press release contained the phrases quoted in Paragraph 217 of the Complaint.

218.    MTPD denies the allegations contained in Paragraph 218 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

219.    MTPD denies the allegations contained in Paragraph 219 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof, except avers that it was announced on November 30, 2005, not in December 2005, that MTPD's American subsidiary in Ohio and German subsidiary would discontinue operations.

220.    MTPD denies the allegations contained in Paragraph 220 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

221.    MTPD denies the allegations contained in Paragraph 221 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**H.     "Summary Of Effects Of The Conspiracy Involving CRTs"**

222.    MTPD denies the allegations contained in Paragraph 222 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**VII.    "PLAINTIFFS' INJURIES"**

223.    MTPD denies the allegations contained in Paragraph 223 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

224.    MTPD denies the allegations contained in Paragraph 224 of the Complaint as they relate to MTPD and denies the remaining allegations in their entirety for lack of knowledge or information sufficient to form a belief as to the truth thereof.

225.   MTPD denies the allegations contained in Paragraph 225 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

226.   MTPD denies the allegations contained in Paragraph 226 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

227.   MTPD denies the allegations contained in Paragraph 227 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## IX.   "TOLLING"

228.   The allegations contained in Paragraph 228 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 228 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof, except admits that an alleged conspiracy concerning CRTs is or was being investigated by the DOJ and by certain foreign competition authorities.

229.   The allegations contained in Paragraph 229 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 229 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## IX.   "FRAUDULENT CONCEALMENT"

230.   MTPD denies the allegations contained in Paragraph 230 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

231.    MTPD denies the allegations contained in Paragraph 231 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

232.    MTPD denies the allegations contained in Paragraph 232 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

233.    MTPD denies the allegations contained in Paragraph 233 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

234.    MTPD denies the allegations contained in Paragraph 234 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

235.    MTPD denies the allegations contained in Paragraph 235 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

236.    MTPD denies the allegations contained in Paragraph 236 the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

237.    MTPD denies the allegations contained in Paragraph 237 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.  With respect to the documents purportedly quoted in Paragraph 237, MTPD respectfully refers the Court to the referenced documents for a complete and accurate description of their contents.

238.    MTPD denies the allegations contained in Paragraph 238 of the Complaint, including its subparts, as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

239. MTPD denies the allegations contained in Paragraph 239 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

240. MTPD denies the allegations contained in Paragraph 240 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

241. MTPD denies the allegations contained in Paragraph 241 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

242. MTPD denies the allegations contained in Paragraph 242 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

243. MTPD denies the allegations contained in Paragraph 243 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

244. MTPD denies the allegations contained in Paragraph 244 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

245. MTPD denies the allegations contained in Paragraph 245 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

246. MTPD denies the allegations contained in Paragraph 246 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

247. MTPD denies the allegations contained in Paragraph 247 of the Complaint as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1    XI.    **"CLAIM FOR VIOLATIONS"**

2                   **"First Claim for Relief"**

3            **"(Violation of Section 1 of the Sherman Act, 15 U.S.C. § 1)"**

4        248.    MTPD incorporates and realleges its responses to Paragraphs 1-247 above, as if

5    fully set forth herein.

6        249.    The allegations contained in Paragraph 249 of the Complaint constitute legal

7    contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

8    response is required, MTPD denies the allegations contained in Paragraph 249 of the Complaint

9    as they relate to MTPD, and denies the remaining allegations for lack of knowledge or

10   information sufficient to form a belief as to the truth thereof.

11       250.    The allegations contained in Paragraph 250 of the Complaint constitute legal

12   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

13   response is required, MTPD denies the allegations contained in Paragraph 250 of the Complaint

14   as they relate to MTPD, and denies the remaining allegations for lack of knowledge or

15   information sufficient to form a belief as to the truth thereof.

16       251.    The allegations contained in Paragraph 251 of the Complaint constitute legal

17   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

18   response is required, MTPD denies the allegations contained in Paragraph 251 of the Complaint

19   as they relate to MTPD, and denies the remaining allegations for lack of knowledge or

20   information sufficient to form a belief as to the truth thereof.

21       252.    The allegations contained in Paragraph 252 of the Complaint constitute legal

22   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

23   response is required, MTPD denies the allegations contained in Paragraph 252 of the Complaint

24   as they relate to MTPD, and denies the remaining allegations for lack of knowledge or

25   information sufficient to form a belief as to the truth thereof.

26       253.    The allegations contained in Paragraph 253 of the Complaint constitute legal

27   contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

28   response is required, MTPD denies the allegations contained in Paragraph 253 of the Complaint

1  as they relate to MTPD, and denies the remaining allegations for lack of knowledge or

2  information sufficient to form a belief as to the truth thereof.

3      254.   The allegations contained in Paragraph 254 of the Complaint constitute legal

4  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

5  response is required, MTPD denies the allegations contained in Paragraph 254 of the Complaint

6  as they relate to MTPD, and denies the remaining allegations for lack of knowledge or

7  information sufficient to form a belief as to the truth thereof.

8                          **"Second Claim for Relief"**

9      **(Brought by Plaintiff Sharp Electronics Manufacturing Company of America, Inc.)**

10                   **"(Violation of the California Cartwright Act)"**

11     255.   MTPD incorporates and realleges its responses to Paragraphs 1-254 above, as if

12  fully set forth herein.

13     256.   The allegations contained in Paragraph 256 of the Complaint constitute legal

14  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

15  response is required, MTPD denies the allegations contained in Paragraph 256 of the Complaint

16  as they relate to MTPD, and denies the remaining allegations for lack of knowledge or

17  information sufficient to form a belief as to the truth thereof.

18     257.   MTPD denies the allegations contained in Paragraph 257 of the Complaint as they

19  relate to MTPD and denies the remaining allegations for lack of knowledge or information

20  sufficient to form a belief as to the truth thereof.

21     258.   The allegations contained in Paragraph 258 of the Complaint constitute legal

22  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

23  response is required, MTPD denies the allegations contained in Paragraph 258 of the Complaint

24  as they relate to MTPD, and denies the remaining allegations for lack of knowledge or

25  information sufficient to form a belief as to the truth thereof.

26     259.   The allegations contained in Paragraph 259 of the Complaint constitute legal

27  contentions and/or conclusions to which no responsive pleading is required.  To the extent that a

28  response is required, MTPD denies the allegations contained in Paragraph 259 of the Complaint

as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

260.   The allegations contained in Paragraph 260 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 260 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

261.   MTPD denies the allegations contained in Paragraph 261 of the Complaint, including its subparts, as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

262.   MTPD denies the allegations contained in Paragraph 262 of the Complaint, including its subparts, as they relate to MTPD, and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

263.   MTPD denies the allegations contained in Paragraph 263 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

264.   The allegations contained in Paragraph 264 of the Complaint constitute legal contentions and/or conclusions to which no responsive pleading is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 264 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Third Claim for Relief"**

**(Brought by Plaintiff Sharp Electronics Manufacturing Company of America, Inc.)**

**"(Violation of California Unfair Competition Law)"**

265.   MTPD incorporates and realleges its responses to Paragraphs 1-264 above, as if fully set forth herein.

266.   The allegations contained in Paragraph 266 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is

1   required, MTPD denies the allegations contained in Paragraph 266 of the Complaint as they relate

2   to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to

3   form a belief as to the truth thereof.

4          267.    The allegations contained in Paragraph 267 of the Complaint constitute legal

5   contentions and/or conclusions to which no response is required.  To the extent that a response is

6   required, MTPD denies the allegations contained in Paragraph 267 of the Complaint as they relate

7   to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to

8   form a belief as to the truth thereof.

9          268.    The allegations contained in Paragraph 268 of the Complaint constitute legal

10  contentions and/or conclusions to which no response is required.  To the extent that a response is

11  required, MTPD denies the allegations contained in Paragraph 268 of the Complaint as they relate

12  to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to

13  form a belief as to the truth thereof.

14         269.    The allegations contained in Paragraph 269 of the Complaint constitute legal

15  contentions and/or conclusions to which no response is required.  To the extent that a response is

16  required, MTPD denies the allegations contained in Paragraph 269 of the Complaint as they relate

17  to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to

18  form a belief as to the truth thereof.

19         270.    The allegations contained in Paragraph 270 of the Complaint constitute legal

20  contentions and/or conclusions to which no response is required.  To the extent that a response is

21  required, MTPD denies the allegations contained in Paragraph 270 of the Complaint as they relate

22  to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to

23  form a belief as to the truth thereof.

24         271.    The allegations contained in Paragraph 271 of the Complaint constitute legal

25  contentions and/or conclusions to which no response is required.  To the extent that a response is

26  required, MTPD denies the allegations contained in Paragraph 271 of the Complaint as they relate

27  to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to

28  form a belief as to the truth thereof.

272.    The allegations contained in Paragraph 272 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 272 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

273.    The allegations contained in Paragraph 273 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 273 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

**"Fourth Claim for Relief"**

**"(Violation of the New York Donnelly Act)"**

274.    MTPD incorporates and realleges its responses to Paragraphs 1-273 above, as if fully set forth herein.

275.    The allegations contained in Paragraph 275 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 275 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

276.    The allegations contained in Paragraph 276 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 276 of the Complaint as they relate to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

277.    The allegations contained in Paragraph 277 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, MTPD denies the allegations contained in Paragraph 277 of the Complaint as they relate

1    to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to

2    form a belief as to the truth thereof.

3         278.    The allegations contained in Paragraph 278 of the Complaint constitute legal

4    contentions and/or conclusions to which no response is required. To the extent that a response is

5    required, MTPD denies the allegations contained in Paragraph 278 of the Complaint as they relate

6    to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to

7    form a belief as to the truth thereof.

8         279.    The allegations contained in Paragraph 279 of the Complaint constitute legal

9    contentions and/or conclusions to which no response is required. To the extent that a response is

10    required, MTPD denies the allegations contained in Paragraph 279 of the Complaint as they relate

11    to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to

12    form a belief as to the truth thereof.

13         280.    The allegations contained in Paragraph 280 of the Complaint constitute legal

14    contentions and/or conclusions to which no response is required. To the extent that a response is

15    required, MTPD denies the allegations contained in Paragraph 280 of the Complaint as they relate

16    to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to

17    form a belief as to the truth thereof.

18    **XII.**    **"DAMAGES"**

19         281.    The allegations contained in Paragraph 281 of the Complaint constitute legal

20    contentions and/or conclusions to which no response is required. To the extent that a response is

21    required, MTPD denies the allegations contained in Paragraph 281 of the Complaint as they relate

22    to MTPD and denies the remaining allegations for lack of knowledge or information sufficient to

23    form a belief as to the truth thereof.

24    **XIII.**    **"PRAYER FOR RELIEF"**

25         MTPD denies that Plaintiffs suffered any injury or incurred any damages by any

26    act or omission of MTPD as alleged in the Complaint, and further denies that Plaintiffs are

27    entitled to any relief under any theory by means of the allegations set forth in each of the

28    paragraphs and their subparts in the Complaint.

DEFENDANT MT PICTURE DISPLAY CO., LTD.'S
ANSWER TO SHARP PLAINTIFFS' SECOND AMENDED    35    CASE NO. 13-CV-01173 SC
COMPLAINT                            MASTER FILE NO. 07-CV-5944, MDL NO. 1917

1   **XII.   "JURY TRIAL DEMAND"**

2         The allegations contained under the heading "Jury Trial Demand" contain no

3   factual assertions for which a response is required.  To the extent that a response is required,

4   MTPD denies the allegations contained under the heading "Jury Trial Demand" in their entirety,

5   except admits that Plaintiffs demand a trial by jury.

6   **DEFENSES**

7         FURTHER, MTPD asserts the following defenses and affirmative defenses to the

8   Complaint.  MTPD does not concede that it has the burden of proof as to any of the defenses

9   listed below:

10   **FIRST DEFENSE**

11   (Failure to State a Claim for Relief)

12         Neither Plaintiffs' Complaint nor any claim for relief asserted therein states facts

13   sufficient to constitute a claim for relief against MTPD.

14   **SECOND DEFENSE**

15   (Statute of Limitations)

16         The relief sought by Plaintiffs is barred, in whole or in part, by the applicable

17   statutes of limitations.

18   **THIRD DEFENSE**

19   (Actual and Proximate Injury)

20         The relief sought by Plaintiffs is barred, in whole or in part, because the Plaintiffs

21   were not actually and proximately injured in their business or property by reason of any action(s)

22   or omission(s) of MTPD.

23   **FOURTH DEFENSE**

24   (No Damages)

25         The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

26   suffered no injury or damages as a result of the matters alleged in the Complaint.  To the extent

27   that Plaintiffs purportedly suffered injury or damage, which MTPD specifically denies, MTPD

28

1  further contends that any such purported injury or damage was not by reason of any act or

2  omission of MTPD.

### FIFTH DEFENSE

(No Antitrust Injury)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege "antitrust injury" – *i.e.*, injury that is of the type the antitrust laws were intended to remedy.

### SIXTH DEFENSE

(Speculative Damages)

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

### SEVENTH DEFENSE

(Mitigation)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to take appropriate and necessary steps to mitigate their alleged damages, if any.

### EIGHTH DEFENSE

(Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity.

### NINTH DEFENSE

(Failure to Plead Conspiracy with Particularity)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

### TENTH DEFENSE

(Lack of Standing to Sue for Injuries Alleged)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs lack standing to sue for the injuries alleged in the complaint.  To the extent that Plaintiffs purchased

products containing CRTs, as opposed to CRTs themselves, their alleged injuries are even more speculative, derivative, indirect, and remote.  Plaintiffs' damage claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

## ELEVENTH DEFENSE

### (Due Process)

To the extent Plaintiffs' claims would result in MTPD paying damages to more than one claimant for the same alleged overcharges to customers, they are barred because such multiple liability would violate rights guaranteed to MTPD by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by applicable state law.

## TWELFTH DEFENSE

### (Other/Superseding Causation)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom MTPD had no control or responsibility.  The acts of such third parties constitute intervening or superseding cases of harm, if any, suffered by Plaintiffs.

## THIRTEENTH DEFENSE

### (Waiver and Estoppel)

The relief sought by Plaintiffs is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FOURTEENTH DEFENSE

### (Laches)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of laches.

## FIFTEENTH DEFENSE

### (Unclean Hands)

The relief sought by Plaintiffs is barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTEENTH DEFENSE

### (Unjust Enrichment)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.

## SEVENTEENTH DEFENSE

### (Adequate Remedy at Law)

The equitable relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have available an adequate remedy at law.

## EIGHTEENTH DEFENSE

### (Comparative Fault)

The relief sought by Plaintiffs is barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which MTPD specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs and/or third parties or entities, other than MTPD.

## NINETEENTH DEFENSE

### (Acquiescence)

The relief sought by Plaintiffs is barred, in whole or in part, by Plaintiffs' acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to MTPD.

## TWENTIETH DEFENSE

### (No Detrimental Reliance)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs did not detrimentally rely upon any alleged deceptive trade conduct as alleged in the Complaint.

## TWENTY-FIRST DEFENSE

### (Set Off)

Without admitting that Plaintiffs are entitled to recover damages in this matter, MTPD is entitled to set off from any recovery Plaintiffs may obtain against MTPD, any amount

1  paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this

2  matter.

3  ### TWENTY-SECOND DEFENSE

4  (Failure to State a Claim for Injunctive Relief)

5  The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

6  failed to state a claim for injunctive relief insofar as Plaintiffs seek to enjoin alleged events that

7  have already transpired without the requisite showing of threatened harm or continuing harm.

8  ### TWENTY-THIRD DEFENSE

9  (Lack of Jurisdiction)

10  The relief sought by Plaintiffs is barred, in whole or in part, because any alleged

11  conduct of MTPD occurred outside of the jurisdiction of the Court.

12  ### TWENTY-FOURTH DEFENSE

13  (Foreign Trade Antitrust Improvements Act)

14  The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs have

15  failed to make a single specific allegation to support the claim that the alleged conduct had "a

16  direct, substantial, and reasonably foreseeable effect" on U.S. commerce giving rise to a Sherman

17  Act claim, as required under the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. §

18  6a.

19  ### TWENTY-FIFTH DEFENSE

20  (Foreign Conduct)

21  Plaintiffs' claims are barred to the extent that they are based on conduct beyond the

22  territorial reach of the laws or courts of the United States.

23  ### TWENTY-SIXTH DEFENSE

24  (Damages Not Passed Through To Plaintiffs)

25  The relief sought by Plaintiffs is barred, in whole or in part, because any injury or

26  damage alleged in the Complaint was not incurred by or passed on to Plaintiffs, or was incurred

27  by or passed on to persons or entities other than Plaintiffs.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TWENTY-SEVENTH DEFENSE**

(Damages Passed On)

The relief sought by Plaintiffs is barred, in whole or in part, because any injury or damage alleged in the Complaint, which MTPD specifically denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by Plaintiffs to other parties.

**TWENTY-EIGHTH DEFENSE**

(No Unreasonable Restraint Of Trade)

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged conduct of MTPD did not unreasonably restrain trade.

**TWENTY-NINTH DEFENSE**

(Acts Outside The Jurisdiction)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent MTPD's alleged conduct occurred outside the jurisdiction of this Court and/or was neither directed to nor affected persons, entities, or commerce in the various States cited.

**THIRTIETH DEFENSE**

(Restitution Unmanageable And Inequitable)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent the restitution sought in the Complaint is unmanageable and inequitable.

**THIRTY-FIRST DEFENSE**

(Lack of Standing as Indirect Purchasers)

The relief sought by Plaintiffs is barred to the extent the Complaint makes allegations regarding conduct that occurred before New York amended N.Y. Gen. Bus. Law § 340 in 1998 to repeal the *Illinois Brick* doctrine.

**THIRTY-SECOND DEFENSE**

(Claims Barred)

The relief sought by Plaintiffs is barred, in whole or in part, to the extent Plaintiffs have failed to exhaust all remedies against MTPD.

**THIRTY-THIRD DEFENSE**

(Independent, Legitimate Business and Economic Justification)

The relief sought by Plaintiffs is barred, in whole or in part, because any conduct engaged in by MTPD was reasonable and based on independent, legitimate business and economic justification.

**THIRTY-FOURTH DEFENSE**

(Attorneys' Fees)

Any award of attorneys' fees to Plaintiffs, based upon the conduct alleged in the Complaint, is not allowed under applicable federal or state law.

**THIRTY-FIFTH DEFENSE**

(Lack of Sufficient Contacts to States)

The relief sought by Plaintiffs is barred, in whole or in part, because Plaintiffs' claims lack sufficient contacts to the states under whose laws they are brought, in violation of rights guaranteed to MTPD by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by other applicable state and federal law.

**THIRTY-SIXTH DEFENSE**

(Forum Non Conveniens)

Plaintiffs' claims are barred, in whole or in part, because of the doctrine of forum non conveniens.

**INCORPORATION BY REFERENCE AND RESERVATION OF DEFENSES**

MTPD hereby incorporates by reference, as if set forth fully herein, all other defenses and affirmative defenses to the Complaint alleged by any other defendant.  MTPD presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses.  MTPD reserves the right to assert other defenses and affirmative defenses as this action proceeds, the right to file an amended answer asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event that discovery indicates that such pleadings are appropriate.

1    WHEREFORE, MTPD prays for judgment as follows:

2    1.    That Plaintiffs take nothing under the Complaint, and the Complaint be

3          dismissed with prejudice;

4    2.    That judgment be entered in favor of MTPD and against Plaintiffs on each

5          and every cause of action set forth in the Complaint;

6    3.    That MTPD recover its costs of suit and attorneys' fees incurred herein;

7    and

8    4.    That MTPD be granted such other and further relief as the Court deems just

9          and proper.

10   Dated: June 30, 2014                    By:  ___/s/ Adam C. Hemlock_____

11                                           DAVID L. YOHAI (*pro hac vice*)
                                             E-mail: david.yohai@weil.com

12                                           ADAM C. HEMLOCK (*pro hac vice*)
                                             E-mail: adam.hemlock@weil.com

13                                           DAVID E. YOLKUT (*pro hac vice*)
                                             E-mail: david.yolkut@weil.com

14                                           **WEIL, GOTSHAL & MANGES LLP**
                                             767 Fifth Avenue

15                                           New York, New York 10153-0119
                                             Telephone: (212) 310-8000

16                                           Facsimile: (212) 310-8007

17
                                             BAMBO OBARO (SBN 267683)

18                                           E-mail: bambo.obaro@weil.com
                                             **WEIL, GOTSHAL & MANGES LLP**

19                                           201 Redwood Shores Parkway

20                                           Redwood Shores, California 94065-1175
                                             Telephone: (650) 802-3000

21                                           Facsimile: (650) 802-3100

22                                           JEFFREY L. KESSLER (*pro hac vice*)

23                                           Email: jkessler@winston.com
                                             A. PAUL VICTOR (*pro hac vice*)

24                                           Email: pvictor@winston.com
                                             ALDO A. BADINI (257086)

25                                           Email: abadini@winston.com
                                             EVA W. COLE (*pro hac vice*)

26                                           Email: ewcole@winston.com
                                             MOLLY M. DONOVAN (*pro hac vice*)

27                                           Email: mmdonovan@winston.com

28                                           **WINSTON & STRAWN LLP**

1

200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-4692
Facsimile: (212) 294-4700

2

3

4

***Attorneys for Defendant MT Picture Display Co., Ltd.***

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28