1  Christopher M. Curran (*pro hac vice*)
2  ccurran@whitecase.com
   Lucius B. Lau (*pro hac vice*)
3  alau@whitecase.com
   Dana E. Foster (*pro hac vice*)
4  defoster@whitecase.com
5  White & Case LLP
   701 Thirteenth Street, N.W.
6  Washington, DC  20005
7  Telephone:  (202) 626-3600
   Facsimile:  (202) 639-9355
8
9  *Counsel to Defendant*
   *Toshiba America Electronic Components, Inc.*
10

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

11              UNITED STATES DISTRICT COURT
12             NORTHERN DISTRICT OF CALIFORNIA
                  (SAN FRANCISCO DIVISION)
13

14  IN RE:  CATHODE RAY TUBE (CRT)          Case No. 07-5944 SC
15  ANTITRUST LITIGATION                      MDL No. 1917
16

17
18                                          **TOSHIBA AMERICA**
                                            **ELECTRONIC COMPONENTS,**
19  This Document Relates to:               **INC.'S ANSWER TO SHARP**
                                            **ELECTRONICS CORPORATION**
20  *Sharp Electronics Corp., et al. v. Hitachi,*   **AND SHARP ELECTRONICS**
21  *Ltd., et al.*                          **MANUFACTURING COMPANY**
                                            **OF AMERICA, INC.'S SECOND**
22  Civil Action No. 13-01173-SC            **AMENDED COMPLAINT**
23
24                                          The Honorable Samuel Conti
25
26
27
28
                TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER
               TO SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS
           MANUFACTURING COMPANY OF AMERICA, INC.'S SECOND AMENDED COMPLAINT
                               Case No. 07-5944 SC
                                  MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

For its Answer to Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s Second Amended Complaint ("SAC"), Defendant Toshiba America Electronic Components, Inc. ("TAEC") states as follows:

## I.   INTRODUCTION[1]

1.      The allegations contained in Paragraph 1 consist of Plaintiffs' characterization of their claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations in Paragraph 1.  To the extent that the allegations contained in Paragraph 1 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

2.      The allegations contained in Paragraph 2 consist of Plaintiffs' characterization of their claims and an explanation of defined terms used in their SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations in Paragraph 2.  To the extent that the allegations contained in Paragraph 2 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

3.      To the extent that the allegations contained in the first sentence of Paragraph 3 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the first sentence of Paragraph 3 are directed to TAEC, TAEC denies these allegations.  The second and third sentences of Paragraph 3 consist of Plaintiffs' explanation of defined terms used in their SAC, to which no response is required. To the extent that a response is deemed required, TAEC denies the allegations in the second and third sentences of Paragraph 3.

4.      To the extent that the allegations contained in Paragraph 4 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 4 are directed to TAEC, TAEC denies these allegations.

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the SAC.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER
TO SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS
MANUFACTURING COMPANY OF AMERICA, INC.'S SECOND AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5.     To the extent that the allegations contained in Paragraph 5 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 5 are directed to TAEC, TAEC denies these allegations.

6.     To the extent that the allegations contained in Paragraph 6 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 6 are directed to TAEC, TAEC denies these allegations.

7.     To the extent that the allegations contained in Paragraph 7 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 7 are directed to TAEC, TAEC denies these allegations.

8.     To the extent that the allegations contained in Paragraph 8 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 8 are directed to TAEC, TAEC denies these allegations.

9.     To the extent that Paragraph 9 consists of, or refers to purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 9 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 9 may be deemed to require a response from TAEC, TAEC denies these allegations.

10.     To the extent that Paragraph 10 consists of, or refers to purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 10 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

the extent that the allegations contained in Paragraph 10 may be deemed to require a response from TAEC, TAEC denies these allegations.

11.     Paragraph 11 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 11 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 11 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## II.     JURISDICTION AND VENUE

12.     The allegations contained in Paragraph 12 consist of Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 12.

13.     The allegations contained in Paragraph 13 consist of Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 13.

14.     The allegations contained in Paragraph 14 consist of Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 14.

15.     The allegations contained in Paragraph 15 consist of Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 15.

16.     The allegations contained in Paragraph 16 consist of Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 16.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

17.     The allegations contained in Paragraph 17 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 17.

18.     The allegations in Paragraph 18 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 18.

## III.  MULTIDISTRICT AND INTRADISTRICT ASSIGNMENT

19.     The allegations contained in Paragraph 19 consist of Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 19.

## IV.  PARTIES

### A.     Plaintiffs

20.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

22.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

23.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

24.     Paragraph 24 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 24.

25.     To the extent that the allegations contained in Paragraph 25 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 25 are directed to TAEC, TAEC denies these allegations.

26.    To the extent that the allegations contained in Paragraph 26 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 26 are directed to TAEC, TAEC denies these allegations.

27.    To the extent that the allegations contained in Paragraph 27 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 27 are directed to TAEC, TAEC denies these allegations.

28.    The allegations contained in Paragraph 28 consist of Plaintiffs' characterization of their claims and legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 28.

29.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies the allegations.

**B.    Defendants**

**Hitachi Entities**

30.    Paragraph 30 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

31.    Paragraph 31 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies the allegations.

32.    Paragraph 32 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the allegations.

33.    Paragraph 33 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

34.     Paragraph 34 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

35.     Paragraph 35 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the allegations.

36.     Paragraph 36 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 36.

**LG Electronics Entities**

37.     Paragraph 37 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

38.     Paragraph 38 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies the allegations.

39.     Paragraph 39 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 39.

**LP Displays**

40.     Paragraph 40 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

41.     Paragraph 41 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

42.     Paragraph 42 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

43.     Paragraph 43 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.   To the extent that Paragraph 43 consists of, or refers to purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.

44.     Paragraph 44 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 44.

**Panasonic Entities**

45.     Paragraph 45 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

46.     Paragraph 46 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47.     Paragraph 47 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

48.     Paragraph 48 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies the allegations.

49.     Paragraph 49 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

50.      Paragraph 50 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

51.      Paragraph 51 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

52.      Paragraph 52 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 52.

**Samsung SDI Entities**

53.      Paragraph 53 relates to another Defendant.   Accordingly, TAEC lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations.

54.      Paragraph 54 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies the allegations.

55.      Paragraph 55 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations.

56.      Paragraph 56 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

57.      Paragraph 57 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

58.      Paragraph 58 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

59.     Paragraph 59 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, therefore, denies the allegations.

60.     Paragraph 60 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, therefore, denies the allegations.

61.     Paragraph 61 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 61.

**Toshiba Entities**

62.     Paragraph 62 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and therefore denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 62.

63.     Paragraph 63 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, therefore, denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 63.

64.     Paragraph 64 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, denies the allegations.

65.     TAEC denies the allegations in Paragraph 65, except that TAEC avers that its business address is 9740 Irvine Boulevard, Irvine, CA 92618-1697 and that it is a wholly-owned subsidiary of Toshiba America, Inc.  TAEC avers that it sold cathode ray tubes during the Relevant Period.

66.     Paragraph 66 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, denies the allegations.

67.     Paragraph 67 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

68.     The first sentence of Paragraph 68 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in the first sentence of Paragraph 68.   The second sentence of Paragraph 68 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 68.

**Thomson Entities**

69.     Paragraph 69 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations.

70.     Paragraph 70 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, denies the allegations.

71.     Paragraph 71 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 and, therefore, denies the allegations.

72.     Paragraph 72 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 72.

**Videocon**

73.     Paragraph 73 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Technologies Displays**

74.     Paragraph 74 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, therefore, denies the allegations.

**V.     AGENTS AND CO-CONSPIRATORS**

75.     To the extent that the allegations contained in Paragraph 75 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 75 are directed to TAEC, TAEC denies these allegations.

76.     To the extent that the allegations contained in Paragraph 76 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 76 are directed to TAEC, TAEC denies these allegations.

77.     To the extent that the allegations contained in Paragraph 77 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 77 are directed to TAEC, TAEC denies these allegations.

78.     The allegations contained in Paragraph 78 are legal conclusions to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations of Paragraph 78.

79.     Paragraph 79 relates to other companies.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and, therefore, denies the allegations.

**LG Electronics Entities**

80.     Paragraph 80 relates to another company.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**MTPD Entities**

2      81.      Paragraph 81 relates to another company.   Accordingly, TAEC lacks
3  knowledge or information sufficient to form a belief as to the truth of the allegations
4  contained in Paragraph 81 and, therefore, denies the allegations.

5      **Samsung SDI Entities**

6      82.      Paragraph 82 relates to another company.   Accordingly, TAEC lacks
7  knowledge or information sufficient to form a belief as to the truth of the allegations
8  contained in Paragraph 82 and, therefore, denies the allegations.

9      **Philips Entities**

10      83.      Paragraph 83 relates to another company.   Accordingly, TAEC lacks
11  knowledge or information sufficient to form a belief as to the truth of the allegations
12  contained in Paragraph 83 and, therefore, denies the allegations.

13      84.      Paragraph 84 relates to another company.   Accordingly, TAEC lacks
14  knowledge or information sufficient to form a belief as to the truth of the allegations
15  contained in Paragraph 84 and, therefore, denies the allegations.

16      85.      Paragraph 85 relates to another company.   Accordingly, TAEC lacks
17  knowledge or information sufficient to form a belief as to the truth of the allegations
18  contained in Paragraph 85 and, therefore, denies the allegations.

19      86.      Paragraph 86 relates to another company.   Accordingly, TAEC lacks
20  knowledge or information sufficient to form a belief as to the truth of the allegations
21  contained in Paragraph 86 and, therefore, denies the allegations.

22      87.      Paragraph 87 relates to another company.   Accordingly, TAEC lacks
23  knowledge or information sufficient to form a belief as to the truth of the allegations
24  contained in Paragraph 87 and, therefore, denies the allegations.

25      88.      Paragraph 88 relates to another company.   Accordingly, TAEC lacks
26  knowledge or information sufficient to form a belief as to the truth of the allegations
27  contained in Paragraph 88 and, therefore, denies the allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

89.      Paragraph 89 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 89.

**LP Displays Entities**

90.      Paragraph 90 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, denies the allegations.

91.      Paragraph 91 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, therefore, denies the allegations.

92.      Paragraph 92 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

93.      Paragraph 93 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, denies the allegations.

**Chunghwa Entities**

94.      Paragraph 94 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

95.      Paragraph 95 relates to another company.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, therefore, denies the allegations.

96.      Paragraph 96 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 96.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**Irico Entities**

97.     Paragraph 97 relates to another company.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

98.     Paragraph 98 relates to another company.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

99.     Paragraph 99 relates to another company.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, denies the allegations.

100.    Paragraph 100 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 100.

**Samtel**

101.    Paragraph 101 relates to another company.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

**Thai CRT**

102.    Paragraph 102 relates to another company.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

**Orion Entities**

103.    Paragraph 103 relates to other companies.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, therefore, denies the allegations.

104.    Paragraph 104 relates to other companies.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

105.    Paragraph 105 relates to other companies.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

106.    Paragraph 106 consists of Plaintiffs' explanation of a defined term used in the SAC, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 106.

**Technologies Displays/Videocon Entities**

107.    Paragraph 107 relates to another company.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, therefore, denies the allegations.

**VI.    TRADE AND COMMERCE**

108.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and, therefore, denies the allegations.

109.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and, therefore, denies the allegations.

110.    Paragraph 110 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 110 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**VII.    FACTUAL ALLEGATIONS**

**A.    CRT Technology and Products**

111.    TAEC admits the allegations contained in Paragraph 111.

112.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 and, therefore, denies the allegations.

113.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

114.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 and, therefore, denies the allegations.

115.     To the extent that Paragraph 115 describes CRT technology generally, and claims that CDTs and CPTs are separate products, TAEC admits the allegations in Paragraph 115, but avers that the allegations do not describe comprehensively or accurately all variants of CRT technology.  TAEC denies the remaining allegations in Paragraph 115.

116.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 and, therefore, denies the allegations.

117.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 117 and, therefore, denies the allegations.  The second sentence of Paragraph 117 consists of argument and Plaintiffs' characterization of their claims, to which no response is required.  To the extent that the allegations contained in the second sentence of Paragraph 117 may be deemed to require a response from TAEC, TAEC denies these allegations.

**B.     Structure of the CRT Industry**

118.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 and, therefore, denies the allegations.

**1.     Market Concentration**

119.     To the extent that the allegations contained in Paragraph 119 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 119 are directed to TAEC, TAEC denies these allegations.

**2.     Information Sharing**

120.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

### 3. Consolidation

121.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 and, therefore, denies the allegations.

### 4. High Costs of Entry Into the Industry

122.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 and, therefore, denies the allegations.

123.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 and, therefore, denies the allegations.

### 5. Homogeneity of CRTs

124.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 and, therefore, denies the allegations.

125.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 and, therefore, denies the allegations.

### C.    International Antitrust Investigations

126.    To the extent that Paragraph 126 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 126 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 126 are directed to TAEC, TAEC denies these allegations.

127.    To the extent that Paragraph 127 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 127 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 127 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

128.     To the extent that Paragraph 128 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 128 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 128 are directed to TAEC, TAEC denies these allegations.

129.     Paragraph 129 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 and, therefore, denies the allegations.

130.     Paragraph 130 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 and, therefore, denies the allegations.

131.     Paragraph 131 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 and, therefore, denies the allegations.

132.     To the extent that Paragraph 132 consists of, or refers to purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 132 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 132 may be deemed to require a response from TAEC, TAEC denies these allegations.

133.     The allegations contained in Paragraph 133 refer to a public annual report, which is the best evidence of its contents.  To the extent that the allegations contained in Paragraph 133 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

134.   To the extent that Paragraph 134 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 134 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 134 may be deemed to require a response from TAEC, TAEC denies these allegations.

135.   To the extent that Paragraph 135 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 135 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 135 may be deemed to require a response from TAEC, TAEC denies these allegations.

136.   To the extent that Paragraph 136 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 136 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 136 may be deemed to require a response from TAEC, TAEC denies these allegations.

137.   To the extent that Paragraph 137 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 137 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 137 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

138.   To the extent that Paragraph 138 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 138 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 138 may be deemed to require a response from TAEC, TAEC denies these allegations.

139.   To the extent that Paragraph 139 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 139 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 139 may be deemed to require a response from TAEC, TAEC denies these allegations.

140.   To the extent that Paragraph 140 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 140 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 140 may be deemed to require a response from TAEC, TAEC denies these allegations.

141.   To the extent that Paragraph 141 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 141 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 141 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

142.   To the extent that Paragraph 142 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 142 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 142 may be deemed to require a response from TAEC, TAEC denies these allegations.

**D.    Pre-Conspiracy Market**

143.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, denies the allegations.

144.   Paragraph 144 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and, therefore, denies the allegations.

**E.    Defendants' and Co-Conspirators' Illegal Agreements**

145.   To the extent that the allegations contained in Paragraph 145 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 145 are directed to TAEC, TAEC denies these allegations.

146.   To the extent that the allegations contained in Paragraph 146 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 146 are directed to TAEC, TAEC denies these allegations.

147.   To the extent that the allegations contained in Paragraph 147 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    extent that the allegations contained in Paragraph 147 are directed to TAEC, TAEC denies

2    these allegations.

3        148.   Paragraph 148 relates to other Defendants.   Accordingly, TAEC lacks

4    knowledge or information sufficient to form a belief as to the truth of the allegations

5    contained in Paragraph 148 and, therefore, denies the allegations.

6        149.   To the extent that the allegations contained in Paragraph 149 relate to other

7    Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

8    belief as to the truth of these allegations and, therefore, denies these allegations.   To the

9    extent that the allegations contained in Paragraph 149 are directed to TAEC, TAEC denies

10   these allegations.

11       150.   Paragraph 150 consists of argument, Plaintiffs' characterization of their claims,

12   or legal conclusions, to which no response is required.   To the extent that the allegations

13   contained in Paragraph 150 relate to other Defendants or third parties, TAEC lacks

14   knowledge or information sufficient to form a belief as to the truth of these allegations and,

15   therefore, denies these allegations.   To the extent that the allegations contained in

16   Paragraph 150 may be deemed to require a response from TAEC, TAEC denies these

17   allegations.

18       151.   To the extent that the allegations contained in Paragraph 151 relate to other

19   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

20   belief as to the truth of these allegations and, therefore, denies these allegations.   To the

21   extent that the allegations contained in Paragraph 151 are directed to TAEC, TAEC denies

22   these allegations.

23       152.   To the extent that the allegations contained in Paragraph 152 relate to other

24   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

25   belief as to the truth of these allegations and, therefore, denies these allegations.   To the

26   extent that the allegations contained in Paragraph 152 are directed to TAEC, TAEC denies

27   these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

### 1.   "Glass Meetings"

2   153.   To the extent that the allegations contained in Paragraph 153 relate to other
Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
belief as to the truth of these allegations and, therefore, denies these allegations.  To the
extent that the allegations contained in Paragraph 153 are directed to TAEC, TAEC denies
these allegations.

154.   To the extent that the allegations contained in Paragraph 154 relate to other
Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
belief as to the truth of these allegations and, therefore, denies these allegations.  To the
extent that the allegations contained in Paragraph 154 are directed to TAEC, TAEC denies
these allegations.

155.   To the extent that the allegations contained in Paragraph 155 relate to other
Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
belief as to the truth of these allegations and, therefore, denies these allegations.  To the
extent that the allegations contained in Paragraph 155 are directed to TAEC, TAEC denies
these allegations.

156.   To the extent that the allegations contained in Paragraph 156 relate to other
Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
belief as to the truth of these allegations and, therefore, denies these allegations.  To the
extent that the allegations contained in Paragraph 156 are directed to TAEC, TAEC denies
these allegations.

157.   To the extent that the allegations contained in Paragraph 157 relate to other
Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
belief as to the truth of these allegations and, therefore, denies these allegations.  To the
extent that the allegations contained in Paragraph 157 are directed to TAEC, TAEC denies
these allegations.

158.   To the extent that the allegations contained in Paragraph 158 relate to other
Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 158 are directed to TAEC, TAEC denies these allegations.

159.   To the extent that the allegations contained in Paragraph 159 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 159 are directed to TAEC, TAEC denies these allegations.

160.   To the extent that the allegations contained in Paragraph 160 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 160 are directed to TAEC, TAEC denies these allegations.

161.   To the extent that the allegations contained in Paragraph 161 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 161 are directed to TAEC, TAEC denies these allegations.

162.   To the extent that the allegations contained in Paragraph 162 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 162 are directed to TAEC, TAEC denies these allegations.

163.   To the extent that the allegations contained in Paragraph 163 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 163 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    164.    To the extent that the allegations contained in Paragraph 164 relate to other

2    Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

3    belief as to the truth of these allegations and, therefore, denies these allegations.  To the

4    extent that the allegations contained in Paragraph 164 are directed to TAEC, TAEC denies

5    these allegations.

6    165.    To the extent that the allegations contained in Paragraph 165 relate to other

7    Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

8    belief as to the truth of these allegations and, therefore, denies these allegations.  To the

9    extent that the allegations contained in Paragraph 165 are directed to TAEC, TAEC denies

10   these allegations.

11   166.    To the extent that the allegations contained in Paragraph 166 relate to other

12   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

13   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

14   extent that the allegations contained in Paragraph 166 are directed to TAEC, TAEC denies

15   these allegations.

16   167.    To the extent that the allegations contained in Paragraph 167 relate to other

17   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

18   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

19   extent that the allegations contained in Paragraph 167 are directed to TAEC, TAEC denies

20   these allegations.

21   168.    To the extent that the allegations contained in Paragraph 168 relate to other

22   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

23   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

24   extent that the allegations contained in Paragraph 168 are directed to TAEC, TAEC denies

25   these allegations.

26   169.    To the extent that the allegations contained in Paragraph 169 relate to other

27   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

28   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

extent that the allegations contained in Paragraph 169 are directed to TAEC, TAEC denies these allegations.

170.   To the extent that the allegations contained in Paragraph 170 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 170 are directed to TAEC, TAEC denies these allegations.

171.   To the extent that the allegations contained in Paragraph 171 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 171 are directed to TAEC, TAEC denies these allegations.

**2.    Bilateral Discussions**

172.   To the extent that the allegations contained in Paragraph 172 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 172 are directed to TAEC, TAEC denies these allegations.

173.   To the extent that the allegations contained in Paragraph 173 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 173 are directed to TAEC, TAEC denies these allegations.

174.   To the extent that the allegations contained in Paragraph 174 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 174 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

175.    To the extent that the allegations contained in Paragraph 175 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 175 are directed to TAEC, TAEC denies these allegations.

176.    To the extent that the allegations contained in Paragraph 176 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 176 are directed to TAEC, TAEC denies these allegations.

### 3.    Defendants' and Co-Conspirators' Participation in Group and Bilateral Discussions

177.    To the extent that Paragraph 177 consists of Plaintiffs' characterization of their claims and Plaintiffs' explanation of a defined term used in the SAC, no response is required.  To the extent that the allegations contained in Paragraph 177 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 177 may be deemed to require a response from TAEC, TAEC denies these allegations.

178.    Paragraph 178 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 and, therefore, denies the allegations.

179.    Paragraph 179 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 and, therefore, denies the allegations.

180.    Paragraph 180 relates to other Defendants or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    181.   Paragraph 181 relates to other Defendants.   Accordingly, TAEC lacks
2  knowledge or information sufficient to form a belief as to the truth of the allegations
3  contained in Paragraph 181 and, therefore, denies the allegations.

4    182.   Paragraph 182 relates to other Defendants.   Accordingly, TAEC lacks
5  knowledge or information sufficient to form a belief as to the truth of the allegations
6  contained in Paragraph 182 and, therefore, denies the allegations.

7    183.   Paragraph 183 relates to other Defendants.   Accordingly, TAEC lacks
8  knowledge or information sufficient to form a belief as to the truth of the allegations
9  contained in Paragraph 183 and, therefore, denies the allegations.

10    184.   Paragraph 184 relates to other Defendants.   Accordingly, TAEC lacks
11  knowledge or information sufficient to form a belief as to the truth of the allegations
12  contained in Paragraph 184 and, therefore, denies the allegations.

13    185.   Paragraph 185 relates to other Defendants.   Accordingly, TAEC lacks
14  knowledge or information sufficient to form a belief as to the truth of the allegations
15  contained in Paragraph 185 and, therefore, denies the allegations.

16    186.   Paragraph 186 relates to other Defendants.   Accordingly, TAEC lacks
17  knowledge or information sufficient to form a belief as to the truth of the allegations
18  contained in Paragraph 186 and, therefore, denies the allegations.

19    187.   Paragraph 187 relates to other Defendants or third parties.  Accordingly, TAEC
20  lacks knowledge or information sufficient to form a belief as to the truth of the allegations
21  contained in Paragraph 187 and, therefore, denies the allegations.

22    188.   Paragraph 188 relates to other companies.   Accordingly, TAEC lacks
23  knowledge or information sufficient to form a belief as to the truth of the allegations
24  contained in Paragraph 188 and, therefore, denies the allegations.

25    189.   Paragraph 189 relates to other Defendants.   Accordingly, TAEC lacks
26  knowledge or information sufficient to form a belief as to the truth of the allegations
27  contained in Paragraph 189 and, therefore, denies the allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

190.    Paragraph 190 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 and, therefore, denies the allegations.

191.    To the extent that the allegations contained in Paragraph 191 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 191 are directed to TAEC, TAEC denies these allegations.

192.    To the extent that the allegations contained in Paragraph 192 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 192 are directed to TAEC, TAEC denies these allegations.

193.    To the extent that Paragraph 193 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.    To the extent that the allegations contained in Paragraph 193 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 193 are directed to TAEC, TAEC denies these allegations.

194.    To the extent that the allegations contained in Paragraph 194 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 194 are directed to TAEC, TAEC denies these allegations.

195.    To the extent that the allegations contained in Paragraph 195 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    extent that the allegations contained in Paragraph 195 are directed to TAEC, TAEC denies

2    these allegations.

3        196.    Paragraph 196 relates to other Defendants.    Accordingly, TAEC lacks

4    knowledge or information sufficient to form a belief as to the truth of the allegations

5    contained in Paragraph 196 and, therefore, denies the allegations.

6        197.    Paragraph 197 relates to other Defendants or third parties.  Accordingly, TAEC

7    lacks knowledge or information sufficient to form a belief as to the truth of the allegations

8    contained in Paragraph 197 and, therefore, denies the allegations.

9        198.    Paragraph 198 relates to other Defendants or third parties.  Accordingly, TAEC

10   lacks knowledge or information sufficient to form a belief as to the truth of the allegations

11   contained in Paragraph 198 and, therefore, denies the allegations.

12       199.    Paragraph 199 relates to another company.    Accordingly, TAEC lacks

13   knowledge or information sufficient to form a belief as to the truth of the allegations

14   contained in Paragraph 199 and, therefore, denies the allegations.

15       200.    Paragraph 200 relates to other Defendants or third parties.  Accordingly, TAEC

16   lacks knowledge or information sufficient to form a belief as to the truth of the allegations

17   contained in Paragraph 200 and, therefore, denies the allegations.

18       201.    Paragraph 201 relates to other companies.    Accordingly, TAEC lacks

19   knowledge or information sufficient to form a belief as to the truth of the allegations

20   contained in Paragraph 201 and, therefore, denies the allegations.

21       202.    Paragraph 202 relates to other companies.    Accordingly, TAEC lacks

22   knowledge or information sufficient to form a belief as to the truth of the allegations

23   contained in Paragraph 202 and, therefore, denies the allegations.

24       203.    Paragraph 203 relates to another company.    Accordingly, TAEC lacks

25   knowledge or information sufficient to form a belief as to the truth of the allegations

26   contained in Paragraph 203 and, therefore, denies the allegations.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

204.    Paragraph 204 relates to another company.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 and, therefore, denies the allegations.

**F.    The CRT Market During the Conspiracy**

205.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 and, therefore, denies the allegations.

206.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 206 and, therefore, denies the allegations.

207.    To the extent that Paragraph 207 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 207 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 207 may be deemed to require a response from TAEC, TAEC denies these allegations.

**G.    Effects of Defendants' Antitrust Violations**

208.    To the extent that Paragraph 208 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 208 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 208 may be deemed to require a response from TAEC, TAEC denies these allegations.

**1.    Examples of Collusive Pricing for CRTs**

209.    To the extent that Paragraph 209 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 209 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

2   extent that the allegation contained in Paragraph 209 may be deemed to require a response

3   from TAEC, TAEC denies these allegations.

4       210.   To the extent that Paragraph 210 consists of purported statements in news

5   reports or statements in public documents, those statements speak for themselves and no

6   response is required.  To the extent that the allegations contained in Paragraph 210 relate to

7   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

8   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

9   extent that the allegation contained in Paragraph 210 may be deemed to require a response

10  from TAEC, TAEC denies these allegations.

11      211.   To the extent that the allegations contained in Paragraph 211 relate to other

12  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

13  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

14  extent that the allegations contained in Paragraph 211 are directed to TAEC, TAEC denies

15  these allegations.

16      212.   To the extent that Paragraph 212 consists of purported statements in news

17  reports or statements in public documents, those statements speak for themselves and no

18  response is required.  To the extent that the allegations contained in Paragraph 212 relate to

19  other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

20  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

21  extent that the allegations contained in Paragraph 212 may be deemed to require a response

22  from TAEC, TAEC denies these allegations.

23      213.   To the extent that Paragraph 213 consists of purported statements in news

24  reports or statements in public documents, those statements speak for themselves and no

25  response is required.  To the extent that the allegations contained in Paragraph 213 relate to

26  other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

27  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

28

1   extent that the allegations contained in Paragraph 213 may be deemed to require a response
2   from TAEC, TAEC denies these allegations.

3       214.    To the extent that Paragraph 214 consists of purported statements in news
4   reports or statements in public documents, those statements speak for themselves and no
5   response is required.  To the extent that the allegations contained in Paragraph 214 relate to
6   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
7   belief as to the truth of these allegations and, therefore, denies these allegations.  To the
8   extent that the allegations contained in Paragraph 214 may be deemed to require a response
9   from TAEC, TAEC denies these allegations.

10          **2.    Examples of Reductions in Manufacturing Capacity by Defendants**

11      215.    To the extent that the allegations contained in Paragraph 215 relate to other
12  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
13  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
14  extent that the allegations contained in Paragraph 215 are directed to TAEC, TAEC denies
15  these allegations.

16      216.    To the extent that the allegations contained in Paragraph 216 relate to other
17  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
18  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
19  extent that the allegations contained in Paragraph 216 are directed to TAEC, TAEC denies
20  these allegations.

21      217.    Paragraph 217 relates to other Defendants.   Accordingly, TAEC lacks
22  knowledge or information sufficient to form a belief as to the truth of the allegations
23  contained in Paragraph 217 and, therefore, denies these allegations.

24      218.    Paragraph 218 relates to another Defendant.   Accordingly, TAEC lacks
25  knowledge or information sufficient to form a belief as to the truth of the allegations
26  contained in Paragraph 218 and, therefore, denies these allegations.

27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

219.    Paragraph 219 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219 and, therefore, denies these allegations.

220.    Paragraph 220 relates to another Defendant.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 and, therefore, denies these allegations.

221.    Paragraph 221 relates to other Defendants or third parties.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221 and, therefore, denies these allegations.

### H. Summary of Effects of the Conspiracy Involving CRTs

222.    Paragraph 222 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 222 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 222 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## VIII. PLAINTIFFS' INJURIES

223.    To the extent that Paragraph 223 contains argument, Plaintiffs' characterization of their claims, or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 223 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 223 are directed to TAEC, TAEC denies these allegations.

224.    Paragraph 224 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 224 relate to other Defendants or third parties, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  knowledge or information sufficient to form a belief as to the truth of these allegations and,

2  therefore, denies these allegations.   To the extent that the allegations contained in

3  Paragraph 224 may be deemed to require a response from TAEC, TAEC lacks knowledge or

4  information sufficient to form the belief as to the truth of these allegations and, therefore,

5  denies these allegations.

6      225.   To the extent that Paragraph 225 contains argument or legal conclusions, no

7  response is required.  To the extent that the allegations contained in Paragraph 225 relate to

8  other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

9  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

10 extent that the allegations contained in Paragraph 225 are directed to TAEC, TAEC denies

11 these allegations.

12     226.   To the extent that the allegations contained in Paragraph 226 relate to other

13 Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

14 belief as to the truth of these allegations and, therefore, denies these allegations.  To the

15 extent that the allegations contained in Paragraph 226 are directed to TAEC, TAEC denies

16 these allegations.

17     227.   Paragraph 227 consists of argument, Plaintiffs' characterization of their claims,

18 or legal conclusions, to which no response is required.  To the extent that the allegations

19 contained in Paragraph 227 relate to other Defendants or third parties, TAEC lacks

20 knowledge or information sufficient to form a belief as to the truth of these allegations and,

21 therefore, denies these allegations.   To the extent that the allegations contained in

22 Paragraph 227 may be deemed to require a response from TAEC, TAEC lacks knowledge or

23 information sufficient to form the belief as to the truth of these allegations and, therefore,

24 denies these allegations.

25 **IX.  TOLLING**

26     228.   Paragraph 228 consists of argument, Plaintiffs' characterization of their claims,

27 or legal conclusions, to which no response is required.  To the extent that the allegations

28 contained in Paragraph 228 relate to other Defendants or third parties, TAEC lacks

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER
TO SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS
MANUFACTURING COMPANY OF AMERICA, INC.'S SECOND AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  knowledge or information sufficient to form a belief as to the truth of these allegations and,

2  therefore, denies these allegations.  To the extent that the allegations contained in Paragraph

3  228 may be deemed to require a response from TAEC, TAEC lacks knowledge or

4  information sufficient to form a belief as to the truth of these allegations and, therefore,

5  denies these allegations.

6       229.    Paragraph 229 consists of argument, Plaintiffs' characterization of their claims,

7  or legal conclusions, to which no response is required.  To the extent that the allegations

8  contained in Paragraph 229 relate to other Defendants or third parties, TAEC lacks

9  knowledge or information sufficient to form a belief as to the truth of these allegations and,

10  therefore, denies these allegations.  To the extent that the allegations contained in Paragraph

11  229 may be deemed to require a response from TAEC, TAEC lacks knowledge or

12  information sufficient to form a belief as to the truth of these allegations and, therefore,

13  denies these allegations.

14  **X.    FRAUDULENT CONCEALMENT**

15       230.    Paragraph 230 consists of argument, Plaintiffs' characterization of their claims,

16  or legal conclusions, to which no response is required.  To the extent that the allegations

17  contained in Paragraph 230 relate to other Defendants or third parties, TAEC lacks

18  knowledge or information sufficient to form a belief as to the truth of these allegations and,

19  therefore, denies these allegations.  To the extent that the allegations contained in Paragraph

20  230 may be deemed to require a response from TAEC, TAEC lacks knowledge or

21  information sufficient to form a belief as to the truth of these allegations and, therefore,

22  denies these allegations.

23       231.    Paragraph 231 consists of argument, Plaintiffs' characterization of their claims,

24  or legal conclusions, to which no response is required.  To the extent that the allegations

25  contained in Paragraph 231 relate to other Defendants or third parties, TAEC lacks

26  knowledge or information sufficient to form a belief as to the truth of these allegations and,

27  therefore, denies these allegations.  To the extent that the allegations contained in Paragraph

28  231 may be deemed to require a response from TAEC, TAEC lacks knowledge or

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   information sufficient to form a belief as to the truth of these allegations and, therefore,

2   denies these allegations.

3       232.    Paragraph 232 consists of argument, Plaintiffs' characterization of their claims,

4   or legal conclusions, to which no response is required.  To the extent that the allegations

5   contained in Paragraph 232 relate to other Defendants or third parties, TAEC lacks

6   knowledge or information sufficient to form a belief as to the truth of these allegations and,

7   therefore, denies these allegations.  To the extent that the allegations contained in Paragraph

8   232 may be deemed to require a response from TAEC, TAEC lacks knowledge or

9   information sufficient to form a belief as to the truth of these allegations and, therefore,

10  denies these allegations.

11      233.    Paragraph 233 consists of argument, Plaintiffs' characterization of their claims,

12  or legal conclusions, to which no response is required.  To the extent that the allegations

13  contained in Paragraph 233 relate to other Defendants or third parties, TAEC lacks

14  knowledge or information sufficient to form a belief as to the truth of these allegations and,

15  therefore, denies these allegations.  To the extent that the allegations contained in Paragraph

16  233 may be deemed to require a response from TAEC, TAEC lacks knowledge or

17  information sufficient to form a belief as to the truth of these allegations and, therefore,

18  denies these allegations.

19      234.    Paragraph 234 consists of argument, Plaintiffs' characterization of their claims,

20  or legal conclusions, to which no response is required.  To the extent that the allegations

21  contained in Paragraph 234 relate to other Defendants or third parties, TAEC lacks

22  knowledge or information sufficient to form a belief as to the truth of these allegations and,

23  therefore, denies these allegations.  To the extent that the allegations contained in Paragraph

24  234 may be deemed to require a response from TAEC, TAEC lacks knowledge or

25  information sufficient to form a belief as to the truth of these allegations and, therefore,

26  denies these allegations.

27      235.    Paragraph 235 consists of argument, Plaintiffs' characterization of their claims,

28  or legal conclusions, to which no response is required.  To the extent that the allegations

1   contained in Paragraph 235 relate to other Defendants or third parties, TAEC lacks

2   knowledge or information sufficient to form a belief as to the truth of these allegations and,

3   therefore, denies these allegations.  To the extent that the allegations contained in Paragraph

4   235 may be deemed to require a response from TAEC, TAEC lacks knowledge or

5   information sufficient to form a belief as to the truth of these allegations and, therefore,

6   denies these allegations.

7        236.    Paragraph 236 consists of argument, Plaintiffs' characterization of their claims,

8   or legal conclusions, to which no response is required.  To the extent that the allegations

9   contained in Paragraph 236 relate to other Defendants or third parties, TAEC lacks

10  knowledge or information sufficient to form a belief as to the truth of these allegations and,

11  therefore, denies these allegations.  To the extent that the allegations contained in Paragraph

12  236 may be deemed to require a response from TAEC, TAEC lacks knowledge or

13  information sufficient to form a belief as to the truth of these allegations and, therefore,

14  denies these allegations.

15       237.    To the extent that the allegations contained in Paragraph 237 relate to other

16  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

17  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

18  extent that the allegations contained in Paragraph 237 are directed to TAEC, TAEC denies

19  these allegations.

20       238.    To the extent that the allegations contained in Paragraph 238 relate to other

21  Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

22  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

23  extent that the allegations contained in Paragraph 238 are directed to TAEC, TAEC denies

24  these allegations.

25       239.    Paragraph 239 consists of argument, Plaintiffs' characterization of their claims,

26  or legal conclusions, to which no response is required.  To the extent that the allegations

27  contained in Paragraph 239 relate to other Defendants or third parties, TAEC lacks

28  knowledge or information sufficient to form a belief as to the truth of these allegations and,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 239 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

240.    Paragraph 240 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 240 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 240 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

241.    Paragraph 241 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 241 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 241 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

242.    Paragraph 242 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 242 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 242 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

243.    To the extent that the allegations contained in Paragraph 243 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 243 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

244.    To the extent that the allegations contained in Paragraph 244 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 244 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

245.    Paragraph 245 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 245 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 245 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

246.    Paragraph 246 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 246 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 246 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

247.    Paragraph 247 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 247 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 247 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XI.  CLAIM FOR VIOLATIONS

### First Claim for Relief

### (Violation of Section 1 of the Sherman Act, 15 U.S.C. § 1)

248.    TAEC hereby incorporates by reference its responses to Paragraphs 1-247 of the SAC, as set forth above.

249.    Paragraph 249 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 249 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 249 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' claims against TAEC on March 13, 2014.

250.    Paragraph 250 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 250 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 250 may be deemed to require a response from TAEC, TAEC lacks knowledge or

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  information sufficient to form a belief as to the truth of these allegations and, therefore,

2  denies these allegations.  TAEC further states that the Court dismissed with prejudice

3  Plaintiffs' claims against TAEC on March 13, 2014.

4       251.    Paragraph 251 consists of argument, Plaintiffs' characterization of their claims,

5  or legal conclusions, to which no response is required.  To the extent that the allegations

6  contained in Paragraph 251 relate to other Defendants or third parties, TAEC lacks

7  knowledge or information sufficient to form a belief as to the truth of these allegations and,

8  therefore, denies these allegations.  To the extent that the allegations contained in Paragraph

9  251 may be deemed to require a response from TAEC, TAEC lacks knowledge or

10  information sufficient to form a belief as to the truth of these allegations and, therefore,

11  denies these allegations.  TAEC further states that the Court dismissed with prejudice

12  Plaintiffs' claims against TAEC on March 13, 2014.

13      252.    Paragraph 252 consists of argument, Plaintiffs' characterization of their claims,

14  or legal conclusions, to which no response is required.  To the extent that the allegations

15  contained in Paragraph 252 relate to other Defendants or third parties, TAEC lacks

16  knowledge or information sufficient to form a belief as to the truth of these allegations and,

17  therefore, denies these allegations.  To the extent that the allegations contained in

18  Paragraph 252 may be deemed to require a response from TAEC, TAEC lacks knowledge or

19  information sufficient to form a belief as to the truth of these allegations and, therefore,

20  denies these allegations.  TAEC further states that the Court dismissed with prejudice

21  Plaintiffs' claims against TAEC on March 13, 2014.

22      253.    Paragraph 253 consists of argument, Plaintiffs' characterization of their claims,

23  or legal conclusions, to which no response is required.  To the extent that the allegations

24  contained in Paragraph 253 relate to other Defendants or third parties, TAEC lacks

25  knowledge or information sufficient to form a belief as to the truth of these allegations and,

26  therefore, denies these allegations.  To the extent that the allegations contained in

27  Paragraph 253 may be deemed to require a response from TAEC, TAEC lacks knowledge or

28  information sufficient to form a belief as to the truth of these allegations and, therefore,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' claims against TAEC on March 13, 2014.

254.   Paragraph 254 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 254 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 254 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiffs' claims against TAEC on March 13, 2014.

**Second Claim for Relief**

**(Violation of the California Cartwright Act)**

255.   TAEC hereby incorporates by reference its responses to Paragraphs 1-254 of the SAC, as set forth above.

256.   Paragraph 256 consists of argument, Plaintiff SEMA's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 256 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 256 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiff SEMA's claims against TAEC on March 13, 2014.

257.   Paragraph 257 consists of argument, Plaintiff SEMA's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 257 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   and, therefore, denies these allegations.  To the extent that the allegations contained in

2   Paragraph 257 are directed to TAEC, TAEC denies these allegations, except that TAEC

3   avers that it maintained offices in California during the Relevant Period.  TAEC further

4   states that the Court dismissed with prejudice Plaintiff SEMA's claims against TAEC on

5   March 13, 2014.

6           258.    Paragraph 258 consists of argument, Plaintiff SEMA's characterization of its

7   claims, or legal conclusions, to which no response is required.  To the extent that the

8   allegations contained in Paragraph 258 relate to other Defendants or third parties, TAEC

9   lacks knowledge or information sufficient to form a belief as to the truth of these allegations

10  and, therefore, denies these allegations.  To the extent that the allegations contained in

11  Paragraph 258 may be deemed to require a response from TAEC, TAEC lacks knowledge or

12  information sufficient to form a belief as to the truth of these allegations and, therefore,

13  denies these allegations.  TAEC further states that the Court dismissed with prejudice

14  Plaintiff SEMA's claims against TAEC on March 13, 2014.

15          259.    Paragraph 259 consists of argument, Plaintiff SEMA's characterization of its

16  claims, or legal conclusions, to which no response is required.  To the extent that the

17  allegations contained in Paragraph 259 relate to other Defendants or third parties, TAEC

18  lacks knowledge or information sufficient to form a belief as to the truth of these allegations

19  and, therefore, denies these allegations.  To the extent that the allegations contained in

20  Paragraph 259 may be deemed to require a response from TAEC, TAEC lacks knowledge or

21  information sufficient to form a belief as to the truth of these allegations and, therefore,

22  denies these allegations.  TAEC further states that the Court dismissed with prejudice

23  Plaintiff SEMA's claims against TAEC on March 13, 2014.

24          260.    Paragraph 260 consists of argument, Plaintiff SEMA's characterization of its

25  claims, or legal conclusions, to which no response is required.  To the extent that the

26  allegations contained in Paragraph 260 relate to other Defendants or third parties, TAEC

27  lacks knowledge or information sufficient to form a belief as to the truth of these allegations

28  and, therefore, denies these allegations.  To the extent that the allegations contained in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Paragraph 260 may be deemed to require a response from TAEC, TAEC lacks knowledge or

2    information sufficient to form a belief as to the truth of these allegations and, therefore,

3    denies these allegations.   TAEC further states that the Court dismissed with prejudice

4    Plaintiff SEMA's claims against TAEC on March 13, 2014.

5         261.    Paragraph 261 consists of argument, Plaintiff SEMA's characterization of its

6    claims, or legal conclusions, to which no response is required.   To the extent that the

7    allegations contained in Paragraph 261 relate to other Defendants or third parties, TAEC

8    lacks knowledge or information sufficient to form a belief as to the truth of these allegations

9    and, therefore, denies these allegations.   To the extent that the allegations contained in

10   Paragraph 261 may be deemed to require a response from TAEC, TAEC lacks knowledge or

11   information sufficient to form a belief as to the truth of these allegations and, therefore,

12   denies these allegations.   TAEC further states that the Court dismissed with prejudice

13   Plaintiff SEMA's claims against TAEC on March 13, 2014.

14        262.    Paragraph 262 consists of argument, Plaintiff SEMA's characterization of its

15   claims, or legal conclusions, to which no response is required.   To the extent that the

16   allegations contained in Paragraph 262 relate to other Defendants or third parties, TAEC

17   lacks knowledge or information sufficient to form a belief as to the truth of these allegations

18   and, therefore, denies these allegations.   To the extent that the allegations contained in

19   Paragraph 262 may be deemed to require a response from TAEC, TAEC lacks knowledge or

20   information sufficient to form a belief as to the truth of these allegations and, therefore,

21   denies these allegations.   TAEC further states that the Court dismissed with prejudice

22   Plaintiff SEMA's claims against TAEC on March 13, 2014.

23        263.    Paragraph 263 consists of argument, Plaintiff SEMA's characterization of its

24   claims, or legal conclusions, to which no response is required.   To the extent that the

25   allegations contained in Paragraph 263 relate to other Defendants or third parties, TAEC

26   lacks knowledge or information sufficient to form a belief as to the truth of these allegations

27   and, therefore, denies these allegations.   To the extent that the allegations contained in

28   Paragraph 263 may be deemed to require a response from TAEC, TAEC lacks knowledge or

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiff SEMA's claims against TAEC on March 13, 2014.

264.    Paragraph 264 consists of argument, Plaintiff SEMA's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 264 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 264 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiff SEMA's claims against TAEC on March 13, 2014.

**Third Claim for Relief**

**(Violation of California Unfair Competition Law)**

265.    TAEC hereby incorporates by reference its responses to Paragraphs  1-264 of the SAC, as set forth above.

266.    Paragraph 266 consists of argument, Plaintiff SEMA's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 266 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 266 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiff SEMA's claims against TAEC on March 13, 2014.

267.    Paragraph 267 consists of argument, Plaintiff SEMA's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 267 relate to other Defendants or third parties, TAEC

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    lacks knowledge or information sufficient to form a belief as to the truth of these allegations

2    and, therefore, denies these allegations.   To the extent that the allegations contained in

3    Paragraph 267 may be deemed to require a response from TAEC, TAEC lacks knowledge or

4    information sufficient to form a belief as to the truth of these allegations and, therefore,

5    denies these allegations.   TAEC further states that the Court dismissed with prejudice

6    Plaintiff SEMA's claims against TAEC on March 13, 2014.

7         268.    Paragraph 268 consists of argument, Plaintiff SEMA's characterization of its

8    claims, or legal conclusions, to which no response is required.   To the extent that the

9    allegations contained in Paragraph 268 relate to other Defendants or third parties, TAEC

10   lacks knowledge or information sufficient to form a belief as to the truth of these allegations

11   and, therefore, denies these allegations.   To the extent that the allegations contained in

12   Paragraph 268 may be deemed to require a response from TAEC, TAEC lacks knowledge or

13   information sufficient to form a belief as to the truth of these allegations and, therefore,

14   denies these allegations.   TAEC further states that the Court dismissed with prejudice

15   Plaintiff SEMA's claims against TAEC on March 13, 2014.

16        269.    Paragraph 269 consists of argument, Plaintiff SEMA's characterization of its

17   claims, or legal conclusions, to which no response is required.   To the extent that the

18   allegations contained in Paragraph 269 relate to other Defendants or third parties, TAEC

19   lacks knowledge or information sufficient to form a belief as to the truth of these allegations

20   and, therefore, denies these allegations.   To the extent that the allegations contained in

21   Paragraph 269 may be deemed to require a response from TAEC, TAEC lacks knowledge or

22   information sufficient to form a belief as to the truth of these allegations and, therefore,

23   denies these allegations.   TAEC further states that the Court dismissed with prejudice

24   Plaintiff SEMA's claims against TAEC on March 13, 2014.

25        270.    Paragraph 270 consists of argument, Plaintiff SEMA's characterization of its

26   claims, or legal conclusions, to which no response is required.   To the extent that the

27   allegations contained in Paragraph 270 relate to other Defendants or third parties, TAEC

28   lacks knowledge or information sufficient to form a belief as to the truth of these allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 270 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiff SEMA's claims against TAEC on March 13, 2014.

271.    Paragraph 271 consists of argument, Plaintiff SEMA's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 271 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 271 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiff SEMA's claims against TAEC on March 13, 2014.

272.    Paragraph 272 consists of argument, Plaintiff SEMA's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 272 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 272 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  TAEC further states that the Court dismissed with prejudice Plaintiff SEMA's claims against TAEC on March 13, 2014.

273.    Paragraph 273 consists of argument, Plaintiff SEMA's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 273 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Paragraph 273 may be deemed to require a response from TAEC, TAEC lacks knowledge or

2   information sufficient to form a belief as to the truth of these allegations and, therefore,

3   denies these allegations.  TAEC further states that the Court dismissed with prejudice

4   Plaintiff SEMA's claims against TAEC on March 13, 2014.

5   **Fourth Claim for Relief**

6   **(Violation of the New York Donnelly Act)**

7   274.   TAEC hereby incorporates by reference its responses to Paragraphs 1-273 of

8   the SAC, as set forth above.

9   275.   Paragraph 275 consists of argument, Plaintiffs' characterization of their claims,

10   or legal conclusions, to which no response is required.  To the extent that the allegations

11   contained in Paragraph 275 relate to other Defendants or third parties, TAEC lacks

12   knowledge or information sufficient to form a belief as to the truth of these allegations and,

13   therefore, denies these allegations.  To the extent that the allegations contained in

14   Paragraph 275 may be deemed to require a response from TAEC, TAEC lacks knowledge or

15   information sufficient to form a belief as to the truth of these allegations and, therefore,

16   denies these allegations.  TAEC further states that the Court dismissed with prejudice

17   Plaintiffs' claims against TAEC on March 13, 2014.

18   276.   Paragraph 276 consists of argument, Plaintiffs' characterization of their claims,

19   or legal conclusions, to which no response is required.  To the extent that the allegations

20   contained in Paragraph 276 relate to other Defendants or third parties, TAEC lacks

21   knowledge or information sufficient to form a belief as to the truth of these allegations and,

22   therefore, denies these allegations.  To the extent that the allegations contained in

23   Paragraph 276 may be deemed to require a response from TAEC, TAEC lacks knowledge or

24   information sufficient to form a belief as to the truth of these allegations and, therefore,

25   denies these allegations.  TAEC further states that the Court dismissed with prejudice

26   Plaintiffs' claims against TAEC on March 13, 2014.

27   277.   Paragraph 277 consists of argument, Plaintiffs' characterization of their claims,

28   or legal conclusions, to which no response is required.  To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

contained in Paragraph 277 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 277 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   TAEC further states that the Court dismissed with prejudice Plaintiffs' claims against TAEC on March 13, 2014.

278.   Paragraph 278 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 278 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 278 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   TAEC further states that the Court dismissed with prejudice Plaintiffs' claims against TAEC on March 13, 2014.

279.   Paragraph 279 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 279 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 279 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   TAEC further states that the Court dismissed with prejudice Plaintiffs' claims against TAEC on March 13, 2014.

280.   Paragraph 280 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.   To the extent that the allegations contained in Paragraph 280 relate to other Defendants or third parties, TAEC lacks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 280 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   TAEC further states that the Court dismissed with prejudice Plaintiffs' claims against TAEC on March 13, 2014.

## XII.  DAMAGES

281.   Paragraph 281 consists of argument, Plaintiffs' characterization of their claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 281 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 281 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XIII. PRAYER FOR RELIEF

In answer to the Prayer for Relief, TAEC denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief requested or any remedy whatsoever against TAEC.  All allegations of the SAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

## DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, TAEC asserts the following separate and additional defenses:

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SECOND DEFENSE

Plaintiffs have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring or maintain the claims set forth in the SAC.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they did not purchase CRTs directly from Defendants, because they are indirect purchasers and barred from maintaining an action under 15 U.S.C. § 1 for alleged injuries in that capacity.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no antitrust injury.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations, including but not limited to:  15 U.S.C. § 15b; Cal. Bus. & Prof. Code § 17208; Cal. Bus. & Prof. Code § 16750.1; Cal. Civ. Proc. Code §§ 337-340; and N.Y. C.P.L.R. 214(2).

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because no Plaintiff has been injured in its business or property by reason of any action of TAEC.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of TAEC or were caused, if at all, solely and proximately by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**NINTH DEFENSE**

To the extent that any actionable conduct occurred, Plaintiffs' claims against TAEC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages as a result of any actions taken by TAEC or the other Defendants.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any actions or practices of TAEC that are the subject of the SAC were undertaken unilaterally for legitimate business reasons and in pursuit of TAEC's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TAEC and any other person or entity.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the SAC were adopted in furtherance of legitimate business interests of TAEC and of its customers and did not unreasonably restrain competition.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the SAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**FIFTEENTH DEFENSE**

To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because, as indirect purchasers, they fail to meet their burden of proving that they were damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to Plaintiffs in the chain of distribution was not passed on to a third party.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

**NINETEENTH DEFENSE**

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs have available an adequate remedy at law.

**TWENTIETH DEFENSE**

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TAEC contends that it is entitled to set off any amounts paid to Plaintiffs by any Defendants other than TAEC who have settled, or do settle, Plaintiffs' claims against them in this action.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

### TWENTY-FIRST DEFENSE

2   Plaintiffs' claims for injunctive relief are barred, in whole or in part, insofar as

3   Plaintiffs seek to enjoin alleged events that have already transpired without the requisite

4   showing of threatened future harm or continuing harm.

5   ### TWENTY-SECOND DEFENSE

6   Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part,

7   under, without limitation, the following statutes:  Cal. Bus. & Prof. Code §§ 16700, *et seq.*;

8   and Cal. Bus. & Prof. Code §§ 17200, *et seq.* and N.Y. Gen. Bus. Law §§ 340 *et seq.*

9   ### TWENTY-THIRD DEFENSE

10   Plaintiffs lack standing to prosecute their state consumer protection claims, in whole or

11   in part, under, without limitation, the following statutes:  Cal. Bus. & Prof. Code §§ 17200,

12   *et seq.*

13   ### TWENTY-FOURTH DEFENSE

14   Plaintiffs' claims are barred, in whole or in part, to the extent that the claims are based

15   on California law and any of the alleged events took place outside the state of California

16   without impact on California residents.

17   ### TWENTY-FIFTH DEFENSE

18   Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted

19   interests or injuries of Plaintiffs would violate the Excessive Fines Clause of the Eighth

20   Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to

21   the United States Constitution and Article I, Section 17 of the California Constitution.

22   ### TWENTY-SIXTH DEFENSE

23   Plaintiff SEMA's claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are

24   barred, in whole or in part, because TAEC did not acquire any money or property from

25   Plaintiffs.

26   ### TWENTY-SEVENTH DEFENSE

27   Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204

28   would violate the Due Process Clause of the Fourteenth Amendment to the United States

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Constitution and Article I, Section 7 of the California Constitution, because the standards of

2    liability under these statutes are unduly vague and subjective, permitting retroactive,

3    random, arbitrary and capricious punishment that serves no legitimate governmental

4    interest.

5                                    **TWENTY-EIGHTH DEFENSE**

6        Any award of restitution to Plaintiffs under Cal. Bus. & Prof. Code § 17203 would

7    constitute a taking of property without just compensation in violation of the Takings Clause

8    of the Fifth Amendment to the United States Constitution (as incorporated by the Due

9    Process Clause of the Fourteenth Amendment to the United States Constitution) and Article

10   I, Section 19 of the California Constitution.

11                                   **TWENTY-NINTH DEFENSE**

12       Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse

13   to execute an acknowledgement that the payment is in full settlement of claims against

14   Defendants would violate the Due Process Clause of the Fourteenth Amendment to the

15   United States Constitution.

16                                     **THIRTIETH DEFENSE**

17       Plaintiff SEMA's claims under Cal. Bus. & Prof. Code §§ 16700, *et seq*., are barred, in

18   whole or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign

19   commerce violates the Commerce Clause of the United States Constitution.

20                                   **THIRTY-FIRST DEFENSE**

21       Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. &

22   Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due

23   Process Clauses of the United States Constitution and equivalent clauses in the California

24   Constitution.

25                                   **THIRTY-SECOND DEFENSE**

26       Plaintiff SEMA's claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et*

27   *seq.*, and California unjust enrichment law are barred, in whole or in part, because those

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of TAEC occurring outside of California.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims for unjust enrichment brought under California law are barred, in whole or in part, because TAEC did not receive a benefit from Plaintiffs, TAEC did not retain any benefit, or the receipt of any benefit was not unjust.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims under New York law and other applicable laws are barred by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

### THIRTY-FIFTH DEFENSE

TAEC adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

### THIRTY-SIXTH DEFENSE

TAEC reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

### TAEC'S PRAYER FOR RELIEF

WHEREFORE, TAEC prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the SAC, and that the action be dismissed with prejudice;

2. That the Court enter judgment in favor of TAEC and against Plaintiffs with respect to all causes of action in the SAC;

3. That the Court award TAEC its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4. That the Court order such other further relief for TAEC as the Court may deem just and proper.

1    Dated:  June 30, 2014                    Respectfully submitted,

2                                             **WHITE & CASE**LLP

3

4                                             By:  _/s/ Dana E. Foster_____
                                              Christopher M. Curran (*pro hac vice*)
5                                             ccurran@whitecase.com
                                              Lucius B. Lau (*pro hac vice*)
6                                             alau@whitecase.com
                                              Dana E. Foster (*pro hac vice*)
7                                             defoster@whitecase.com
                                              701 Thirteenth Street, N.W.
8                                             Washington, DC  20005
                                              tel.: (202) 626-3600
9                                             fax: (202) 639-9355
10

11

12                                            *Counsel to Defendant*
                                              *Toshiba America Electronic Components, Inc.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

## <u>CERTIFICATE OF SERVICE</u>

On June 30, 2014, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S SECOND AMENDED COMPLAINT" to be served via ECF on the other parties in this action.


By:  */s/ Dana E. Foster*
     Dana E. Foster

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER
TO SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS
MANUFACTURING COMPANY OF AMERICA, INC.'S SECOND AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917