# EXHIBIT 5
## [Highly Confidential – Filed Under Seal]

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
Bernice Conn, Bar No. 161594
BConn@rkmc.com
Jill S. Casselman, Bar No. 266085
JSCasselman@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:      310-552-0130
Facsimile:       310-229-5800

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Elliot S. Kaplan, Bar No. 53624
ESKaplan@rkmc.com
K. Craig Wildfang (*Pro Hac Vice*)
KCWildfang@rkmc.com
Laura E. Nelson, Bar No. 231856
LENelson@rkmc.com
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
Telephone:      612-349-8500
Facsimile:       612-339-4181

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING
LLC; BEST BUY ENTERPRISE SERVICES, INC.;
BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.;
and MAGNOLIA HI-FI, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Mater Case No.: 3:07-cv-05944-SC<br>MDL No. 1917<br>Individual Case Nos.<br>3:11-cv-05513-SC;<br>3:13-cv-05264-SC |
| This document relates to: | **DECLARATION OF DAVID MARTINEZ IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al., No. 11-cv-05513-SC*<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264-SC* | Judge:  Special Master Vaughn Walker<br><br><span style="color:red">REDACTED</span> |

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1      I, DAVID MARTINEZ, declare as follows:

2      1.      I am a partner with the law firm of Robins, Kaplan, Miller & Ciresi L.L.P., counsel

3   for Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc.,

4   Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc. (collectively "Best Buy")

5   in the above-captioned action currently pending in the U.S. District Court for the Northern

6   District of California.  I submit this declaration in support of Best Buy's Letter Brief in Support

7   of Motion for Protective Order.  I have personal knowledge of the facts stated herein, and I could

8   and would competently testify thereto if called as a witness.

9      2.      Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the

10   deposition transcript of Brian Stone, dated December 3, 2012, and designated as "Highly

11   Confidential."

12      3.      Attached hereto as **Exhibit B** is a true and correct copy Best Buy's Responses and

13   Objections to Defendants' FRCP Rule 30(b)(6) Deposition Notice.

14      4.      Attached hereto as **Exhibit C** is a true and correct copy of Best Buy's Responses

15   and Objections to Defendants Panasonic Corporation of North America and LGE Electronics,

16   Inc.'s Third Set of Interrogatories, designated as "Highly Confidential."

17      5.      Attached hereto as **Exhibit D** are true and correct copies of the parties' meet and

18   confer correspondence regarding this dispute, designated as "Highly Confidential."

19      6.      Attached hereto as **Exhibit E** is a true and correct copies of Judge Susan Illston's

20   Final Pre-Trial Scheduling Order in *In re TFT-LCD Flat Panel Antitrust Litig.*, Case Nos. 10-CV

21   4572 & 12 CV 4114, Dkt. 8298 (N.D. Cal., July 11, 2013).

22      7.      Best Buy has submitted to extensive and highly burdensome discovery in this

23   action.  On May 15, 2012, Defendants demanded production of documents responsive to thirty-

24   five overbroad topics, including Best Buy's purchasing, sales, negotiations, contracts, purchase

25   orders, offers, price quotes, price lists, rebates, discounts, price deductions, credits, corporate

26   policies, inventory, price changes, pass-through, revenue, costs, profitability, margins, and

27   communications with suppliers, amongst others.

28

8. Best Buy submitted to this discovery and engaged in a massive document pull and review entailing thousands of hours of review time, and yielding a production of 51,607 documents comprising 123,022 pages, as well as approximately 500,000 pages of highly detailed purchase order and point-of-sale transactional data over an 11-year period. These efforts entailed nine different productions, including a recent production of Best Buy's Market Development Fund data, as well substantial informal discovery regarding the data productions discussed above.

9. On December 3, 2012, Best Buy submitted to a deposition of its corporate designee Brian Stone on numerous topics, including pricing, costs, supply, demand, market forecasts, product specifications, price guidelines, vendor negotiations, alternative distribution channels, standards and practices with regard to tracking the purchases and sales of CRT products, and Best Buy's use of discounts, promotions, rebates or loyalty programs. Mr. Stone testified, *inter alia*, that Best Buy considers the competitive landscape as one of many inputs in setting prices. *See* Exhibit A, at pgs. 43:14-46:15.

10. Counsel for the parties met and conferred on the issues raised by this motion on May 5 and May 13, 2014. During the meet-and-confer process, counsel for Defendants stated that evidence of Best Buy's market monitoring activities was relevant to establish the factors that Best Buy considers in setting prices. The parties were not able to resolve the instant dispute, but they agreed to go forward with the deposition of Best Buy's corporate designee on 26 other deposition topics raised by Defendants.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct to the best of my knowledge.

Executed this 16th day of May, 2014 in Los Angeles, California.

                                        /s/ David Martinez     
                                            David Martinez

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A
## [Highly Confidential – Filed Under Seal]

CERTIFIED COPY

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

                    Master File No. 3:07-cv-05944 SC

                    MDL NO. 1917

                    Judge:  Hon. Samuel Conti

                    Special Master: Hon. Charles Legge
                                    (Ret.)
--------------------------
This Document Relates To:

ALL ACTIONS
- - - - - - - - - - - - - - - - - - - - - - - - - - - -


                    HIGHLY CONFIDENTIAL

            PURSUANT TO THE PROTECTIVE ORDER

                DEPOSITION OF BRIAN R. STONE

                    December 3, 2012



                    REDACTED



Jean F. Soule, Notary Public
350257

(310) 207-8000 Los Angeles      (415) 433-5777 San Francisco      (949) 955-0400 Irvine            (858) 455-5444 San Diego
(916) 922-5777 Sacramento       (408) 885-0550 San Jose           (760) 322-2240 Palm Springs      (951) 686-0606 Riverside
(818) 702-0202 Woodland Hills   (212) 808-8500 New York City      (347) 821-4611 Brooklyn          (518) 490-1910 Albany
(516) 277-9494 Garden City      (914) 510-9110 White Plains       (312) 379-5566 Chicago           (702) 366-0500 Las Vegas
                    +33 1 70 72 65 26 Paris       +971 4 8137744 Dubai       +852 3693 1522 Hong Kong

40 YEARS

BARKLEY
Court Reporters
barkley.com

# EXHIBIT "B"

1   ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
    Roman M. Silberfeld, Bar No. 62783
2   RMSilberfeld@rkmc.com
    David Martinez, Bar No. 193183
3   DMartinez@rkmc.com
    2049 Century Park East, Suite 3400
4   Los Angeles, CA 90067-3208
    Telephone:    310-552-0130
5   Facsimile:    310-229-5800

6   ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
    Elliot S. Kaplan, Bar No. 53624 (*pro hac vice*)
7   ESKaplan@rkmc.com
    Laura E. Nelson, Bar No. 231856
8   LENelson@rkmc.com
    800 LaSalle Avenue
9   2800 LaSalle Plaza
    Minneapolis, MN 55402
10  Telephone:    612-349-8500
11  Facsimile:    612-339-4181

12  Attorneys for Plaintiffs
    BEST BUY CO., INC.; BEST BUY PURCHASING
13  LLC; BEST BUY ENTERPRISE SERVICES, INC.;
    BEST BUY STORES, L.P.; BESTBUY.COM,
14  L.L.C.; and MAGNOLIA HI-FI, LLC

15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19  IN RE: CATHODE RAY TUBE (CRT)          Master File No. 3:07-cv-05944-SC
20  ANTITRUST LITIGATION                   MDL No. 1917

21                                         THE HONORABLE SAMUEL CONTI
    This Document Relates To:
22
    ALL ACTIONS.                           **BEST BUY'S RESPONSES AND**
23                                         **OBJECTIONS TO DEFENDANTS' FRCP**
                                           **RULE 30(B)(6) DEPOSITION NOTICE**
24

25

26

27

28

1      Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, in response to

2  Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and

3  Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd) Notice of FRCP Rule

4  30(b)(6) Deposition served on April 18, 2014 ("Notice"), Plaintiffs Best Buy Co., Inc., Best Buy

5  Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, LLC,

6  and Magnolia Hi-Fi, LLC. (collectively "Best Buy") hereby set forth their responses and

7  objections, as follows:

8  **GENERAL OBJECTIONS**

9      Best Buy asserts and incorporates by reference the following General Objections to each

10  deposition topic. Reference to these General Objections in any specific topic shall not waive or

11  otherwise limit the applicability of these General Objections to each and every topic.

12      1.    Best Buy construes the Notice as served on behalf of all defendants named in the

13  Complaint ("Defendants") and responds and objects accordingly.

14      2.    Best Buy objects to Defendants' "Definitions" to the extent that they impose

15  burdens and obligations on Best Buy greater than or different from those authorized under the

16  Federal Rules of Civil Procedure and the Local Rules of this Court, and to the extent they purport

17  to give meanings to words different from their ordinary English meaning or definitions set forth

18  in the applicable statutes or rules.

19      3.    Best Buy objects to each topic to the extent that it calls for testimony or

20  information protected by the attorney-client privilege or that may be protected by any other

21  privilege, such as a joint defense or common interest privilege. Such testimony will not be given.

22  Where the applicability of this General Objection is readily apparent on its face from the text of

23  the topic, Best Buy may also make a specific objection (hereinafter, an objection on the ground of

24  "Privilege") pursuant to this paragraph, although the failure to make such a specific objection

25  shall not be deemed to be a waiver of the General Objection.

26      4.    Best Buy objects to each topic to the extent that it seeks testimony that pertains to

27  work product information or documents prepared by Best Buy or its representatives or in

28  furtherance of any joint defense or common interest in anticipation of litigation or for trial.

1  Testimony pertaining to such information or documents will not be given. Where the applicability

2  of this General Objection is readily apparent on its face from the text of the topic, Best Buy may

3  also make a specific objection (hereinafter, an objection on the ground of "Work Product")

4  pursuant to this paragraph, although the failure to make such a specific objection shall not be

5  deemed to be a waiver of the General Objection.

6       5.    Best Buy objects to each topic to the extent that it seeks testimony or information

7  not relevant to the claim or defense of any party to this litigation, or that it is not reasonably

8  calculated to lead to the discovery of admissible evidence. Where the applicability of this General

9  Objection is readily apparent on its face from the text of the topic, Best Buy may also make a

10  specific objection (hereinafter, an objection on the ground of "Relevance" and/or "Overbreadth")

11  pursuant to this paragraph, although the failure to make such a specific objection shall not be

12  deemed to be a waiver of the General Objection.

13       6.    Best Buy objects to each topic to the extent that it seeks testimony or information

14  that is vexatious or unduly burdensome to obtain. Where the applicability of this General

15  Objection is readily apparent on its face from the text of the topic, Best Buy may also make a

16  specific objection (hereinafter, an objection on the ground of "Undue Burden") pursuant to this

17  paragraph, although the failure to make such a specific objection shall not be deemed to be a

18  waiver of the General Objection.

19       7.    Best Buy objects to each topic to the extent that it is ambiguous, vague, and

20  incomprehensible and/or fails to set forth with reasonable particularity the testimony or

21  information requested. Best Buy also objects to each topic as ambiguous, vague, and/or

22  incomprehensible to the extent that it fails to describe with reasonable particularity the matters for

23  examination as required by Fed. R. Civ. P. 30(b)(6). Where the applicability of this General

24  Objection is readily apparent on its face from the text of the topic, Best Buy may also make a

25  specific objection (hereinafter, an objection on the ground of "Vagueness") pursuant to this

26  paragraph, although the failure to make such a specific objection shall not be deemed to be a

27  waiver of the General Objection.

28       8.    Best Buy objects to each topic to the extent that it is overbroad and/or repetitious,

RESPONSES AND OBJECTIONS TO
FRCP RULE 30(B)(6) DEPOSITION NOTICE Case No.
11-CV-05513 SC; 07-CV-05944 SC

1   and to the extent that it seeks duplicative and/or cumulative testimony or information. Where the

2   applicability of this General Objection is readily apparent on its face from the text of the topic,

3   Best Buy may also make a specific objection (hereinafter, an objection on the ground of

4   "Overbreadth") pursuant to this paragraph, although the failure to make such a specific objection

5   shall not be deemed to be a waiver of the General Objection.

6       9.      Best Buy objects to each topic to the extent that it seeks testimony or information

7   that is private, confidential, trade secret, or proprietary information of itself or third parties. Best

8   Buy agrees to provide such testimony or information, subject to the other objections stated herein,

9   with the consent of or after an agreement has been made with interested third parties, or if such

10  consent or agreement cannot be obtained, after the entry of an order from the Court directing Best

11  Buy to release such information. Where the applicability of this General Objection is readily

12  apparent on its face from the text of the topic, Best Buy may also make a specific objection

13  (hereinafter, an objection on the ground of "Proprietary Information") pursuant to this paragraph,

14  although the failure to make such a specific objection shall not be deemed to be a waiver of the

15  General Objection.

16      10.     Best Buy objects to each topic to the extent that it seeks information that is already

17  in the possession, custody, or control of Defendants and/or their counsel, or to the extent that it

18  seeks information that is available to Defendants from other sources with equivalent ease and

19  expense.

20      11.     Best Buy further objects to the extent that the topics call for information that Best

21  Buy does not track or keep in the ordinary course of business, or that is not in Best Buy's

22  possession, custody, or control.

23      12.     Best Buy objects to the extent that any topic prematurely seeks expert testimony

24  and/or contention discovery.

25      13.     The fact that Best Buy has objected to or has agreed to provide a witness for a

26  particular topic shall not be interpreted as implying either that supporting documents exist, that

27  Best Buy is aware of any supporting documents or information, or that Best Buy acknowledges

28  the propriety of that topic. Best Buy's objections or testimony shall not be construed as an

1 admission of the relevance or admissibility of any testimony, or as a waiver of any applicable

2 privilege.

3        14.     Any statement during any deposition that Best Buy may produce documents from

4 which the response to a topic may be ascertained does not constitute a representation that Best

5 Buy possesses any such documents or that such documents exist at all, and is not to be construed

6 as an admission with respect to any issue in this action.

7        15.     The inadvertent or mistaken disclosure of information subject to the protection of

8 the attorney-client privilege, work-product doctrine or other privilege shall not be deemed to

9 constitute a waiver of such privilege or protection. In the event such inadvertent or mistaken

10 disclosure of information occurs during the deposition, all such inadvertently and/or mistakenly

11 provided testimony or information shall promptly be stricken from the record.

12        16.     If any objection below is mistakenly construed as a response, it is subject to all

13 objections as to competence, relevance, materiality, admissibility, or any and all other objections

14 that would require the exclusion of any statement contained herein, including if such statement

15 were made by a witness during deposition or present and testifying in court. All such objections

16 and grounds are reserved and may be interposed in any motion, at any hearing, at any deposition,

17 or at the time of trial.

18        17.     Best Buy reserves the right to designate the appropriate witness for each topic and

19 further reserves the right to change the designation of witnesses and/or topics to which they will

20 provide testimony. Best Buy further reserves the right to amend and/or supplement its General

21 and Specific Objections.

22        18.     Best Buy objects to the extent that the topics seek testimony regarding CRTs as

23 Best Buy is not making a claim for purchases of CRTs that are not incorporated into CRT

24 Products, and therefore interprets the topics as applying to CRT Products.

25        19.     The General and Specific Objections found herein in no way limit the ability of

26 Best Buy's counsel to state objections on the record during the actual taking of the deposition.

27

28

1

## SPECIFIC OBJECTIONS

2

**Topic No. 1**

3    Your overall corporate structure, including, the identification of departments within Best

4    Buy responsible for the purchase, sale, pricing, marketing or distribution of CRTs and/or CRT

5    Finished Products and their functions and the identification of any individuals that had managerial

6    responsibility for the purchase, sale, pricing, marketing or distribution of CRTs and/or CRT

7    Finished Products..

8    **Objection**

9    Best Buy objects on grounds of Undue Burden, Overbreadth and Relevance. Best Buy

10    specifically objects to this topic on the grounds of Overbreadth to the extent this topic is

11    duplicative of Defendants' First Set of Interrogatories. Subject to and without waiving these

12    objections, Best Buy will produce a witness to testify at a general level regarding this topic.

13    **Topic No. 2**

14

15    The location of Best Buy's purchasing operations for CRT or CRT Finished Products,

16    including the location of price negotiations.

    **Objection**
17

18    Best Buy objects to this topic on the grounds of Overbreadth and Undue Burden. Subject

19    to and without waiving these objections, Best Buy will produce a witness to testify at a general

    level regarding this topic.
20

21    **Topic No. 3**

22    The identity and general description of the CRTs and/or CRT Finished Products Best Buy

23    purchased, sold, marketed or distributed.

24    **Objection**

25    Best Buy objects to this topic on the grounds of Overbreadth and Undue Burden. Subject

26    to and without waiving these objections, Best Buy will produce a witness to testify at a general

27    level regarding this topic.

28

**Topic No. 4**

The identity of the Defendants from whom you purchased CRTs and/or CRT Finished Products, and the general and relative volume of CRTs and/or CRT Finished Products You purchased from them, including any changes over the Relevant Period.

**Objection**

Best Buy objects on grounds of Undue Burden and Overbreadth, as this information is reflected in Best Buy's transactional data already produced in these proceedings. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 5**

The identity of any non-Defendant manufacturers, producers or distributors from whom you purchased CRTs and/or CRT Finished Products, and the general and relative volume of CRTs and/or CRT Finished Products You purchased from them, including any changes over the Relevant Period.

**Objection**

Best Buy objects on grounds of Undue Burden, and Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 6**

Best Buy's purchase or acquisition of CRTs or CRT Finished Products, including: (a) whether Best Buy made any purchases for internal use; (b) whether Best Buy purchased any refurbished products; (c) whether and when Best Buy took physical possession of the purchased CRTs or CRT Finished Products; and (d) whether and when transfer of title to Best Buy occurred.

**Objection**

      Best Buy objects on grounds of Undue Burden and Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 7**

      The factors Best Buy considered in determining (a) from which Defendant(s) and/or non-Defendant(s) to purchase CRTs and/or CRT Finished Products, and (b) which CRTs and/or CRT Finished Products to purchase from particular Defendants and non-Defendants.

**Objection**

      Best Buy objects on grounds of Undue Burden and Overbreadth. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 8**

      The process by which You negotiated, entered into, approved or ratified purchase agreements or contracts for CRT Finished Products, including: (a) Your policies and practices regarding the negotiation of terms and conditions of such sales contracts; (b) use of standardized sales or purchase contracts; (c) use of "MFN" (Most Favored Nation) or "MFC" (Most Favored Company) clauses or similar price-protection clauses; and (d) the identity and location of documents that relate to the matters specified in this topic.

**Objection**

      Best Buy objects on grounds of Undue Burden and Overbreadth. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

1 | **Topic No. 9**

2

3 | Your participation in any discounts, promotions, rebates or advertising cooperative

4 | programs provided or sponsored by any Defendant or non-Defendant from whom You purchased

5 | CRT Finished Products.

**Objection**

6

7 | Best Buy objects on grounds of Relevance, Undue Burden and Overbreadth. Best Buy

8 | objects to the extent that the topic calls for information that Best Buy does not track or keep in the

9 | ordinary course of business. Subject to and without waiving these objections, Best Buy will

10 | produce a witness to testify at a general level regarding this topic.

**Topic No. 10**

11

12 | Best Buy's sales of CRTs or CRT Finished Products, including any sales by any person or

13 | entity purchasing or incorporating such CRTs or CRT Finished Products into other CRT Finished

14 | Products on Best Buy's behalf.

15 | **Objection**

16 | Best Buy objects on grounds of Vagueness, Undue Burden and Overbreadth. Best Buy

17 | objects to the extent that the topic calls for information that Best Buy does not track or keep in the

18 | ordinary course of business. Subject to and without waiving these objections, Best Buy will

19 | produce a witness to testify at a general level regarding this topic.

20

21 | **Topic No. 11**

22

23 | Your policies and practices for setting the price at which You sold CRT Finished Products

24 | to Your customers, including consideration or use of the following:

25 | (a) commission costs;

26

27 | (b) average costs;

28 | (c) why pay prices;

9

(d) meet-comping;

(e) alternative distribution channels;

(f) the percentage of price attributable to CRTs contained in CRT Finished Products sold;

(g) any increase of price that Best Buy quoted or charged to any customer that was

attributable to Best Buy's alleged overpayment of CRTs;

(h) below-cost pricing;

(i) bundled product or services pricing;

(j) most favored nation pricing;

(k) sale pricing;

(l) market development funds or demo budgets;

(m) advertising funds;

(n) non-price consideration;

(o) loss-leader pricing;

(p) early-pay discounts;

(q) "min sell prices";

(r) "closest thing to wholesale" prices;

(s) builder prices;

(t) spiffs or spivs; and

10

1    (u) if and how these policies, procedures, practices, methods, formulas, or factors vary by

2    purchaser.

3    **Objection**

4    Best Buy objects on grounds of Undue Burden and Overbreadth. Best Buy objects to the

5    extent that the topic calls for information that Best Buy does not track or keep in the ordinary

6    course of business. Subject to and without waiving these objections, Best Buy will produce a

7    witness to testify at a general level regarding this topic.

8    **Topic No. 12**

9
10   How Best Buy's CRT Finished Products were marketed for sale, including whether

11   factors other than price were evidenced in the marketing materials and how the marketing

12   strategy was determined and implemented for the CRT Finished Products sold.

13   **Objection**

14   Best Buy objects on grounds of Undue Burden and Overbreadth. Subject to and without

15   waiving these objections, Best Buy will produce a witness to testify at a general level regarding

16   this topic.

17   **Topic No. 13**

18   Your use of rebates in connection with the sale of CRT Finished Products to Your

19   customers.

20   **Objection**

21   Best Buy objects on grounds of Undue Burden and Overbreadth. Subject to and without

22   waiving these objections, Best Buy will produce a witness to testify at a general level regarding

23   this topic.

24   **Topic No. 14**

25
26   Other products that Your Company believed were viewed by Your customers as

27   alternatives to CRT Finished Products, including: (a) products other than CRT Finished Products;

28   (b) the reasons that You believe purchasers viewed such products to be alternatives to the CRT

1    Finished Products You purchased from the Defendants; (c) the extent to which these products had

2    any effect on Your pricing decisions; and (d) the identity and location of Documents that relate to

3    the matters specified in this topic.

4    **Objection**

5        Best Buy objects on grounds of Undue Burden and Overbreadth. Best Buy objects to the

6    extent that the topic calls for information that Best Buy does not track or keep in the ordinary

7    course of business. Subject to and without waiving these objections, Best Buy will produce a

8    witness to testify at a general level regarding this topic.

9    **Topic No. 15**

10       Your policies and practices relating to Your decision to give priority to the promotion,

11   advertising or sale of certain Defendants' CRT Finished Products over other Defendants' CRT

12   Finished Products; to promote Defendants' CRT Finished Products over non-Defendants' CRT

13   Finished Products; or to promote non-Defendants' CRT Finished Products over Defendants' CRT

14   Finished Products.

15   **Objection**

16       Best Buy objects on grounds of Undue Burden and Overbreadth. Best Buy objects as

17   vague as to "give priority to the promotion, advertising or sale" and as to the extent that the topic

18   calls for information that Best Buy does not track or keep in the ordinary course of business.

19   Subject to and without waiving these objections, Best Buy will produce a witness to testify at a

20   general level regarding this topic.

21   **Topic No. 16**

22       All contracts or any other agreements relating to CRTs or CRT Finished Products between

23

24   Best Buy and any entity, including the terms and conditions of any such contracts or agreements,

25   including the scope of the agreement, choice of law, and forum selection.

26

27

28

RESPONSES AND OBJECTIONS TO
FRCP RULE 30(B)(6) DEPOSITION NOTICE Case No.
11-CV-05513 SC; 07-CV-05944 SC

**Objection**

Best Buy objects on grounds of Undue Burden, and Overbreadth. Best Buy further objects as vague as to "agreements relating to." Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 17**

Whether the CRTs contained in each of the CRT Finished Products on which Best Buy bases its claims were first shipped-to or billed-to a location outside the United States or inside the United States, and an explanation of how Best Buy made or would make that determination.

**Objection**

Best Buy objects on grounds of Undue Burden, and Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 18**

The identity of the manufacturer of the CRT contained in each of the CRT Finished Products on which Best Buy bases its claims, and an explanation of how Best Buy has made or would make that identification.

**Objection**

Best Buy objects on grounds of Undue Burden, and Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 19**

Your practices, policies and procedures concerning Your market monitoring activity for CRT Finished Products including, but not limited to the following: (a) Your competitive intelligence activities; (b) Your use of third-party data sources and market share/data analyses;

RESPONSES AND OBJECTIONS TO
FRCP RULE 30(B)(6) DEPOSITION NOTICE Case No.
11-CV-05513 SC; 07-CV-05944 SC

1    and (c) Your knowledge, use, and tracking of Your competitors pricing for CRT Finished

2    Products during the Relevant Time Period.

3    **Objection**

4         Best Buy objects on grounds of Vagueness, Undue Burden, and Overbreadth. Best Buy

5    further objects on relevance as this topic is not reasonably calculated to lead to the discovery of

6    admissible evidence. For the foregoing reasons, Best Buy will not produce a witness on this topic.

7    **Topic No. 20**

8
9         Best Buy's suspicions or beliefs that any manufacturer of CRTs was engaged in any

10   anticompetitive conduct relating to CRTs and the circumstances (including dates) surrounding,

11   and reasons for and sources of, such suspicions or beliefs, and any formal or informal

12   investigations conducted by Best Buy to confirm or deny such suspicions or beliefs.

13   **Objection**

14        Best Buy objects on grounds of Privilege, Work Product, Undue Burden, and

15   Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does

16   not track or keep in the ordinary course of business. Subject to and without waiving these

17   objections, Best Buy will produce a witness to testify at a general level regarding this topic.

18   **Topic No. 21**

19        The identification, description, date, location, source, and persons involved in all

20   statements that Best Buy read, heard, or otherwise became aware of upon which Best Buy bases

21   its contention that Defendants fraudulently concealed the alleged conspiracy from Best Buy,

22   including a description of Best Buy's reliance on any such statements.

23   **Objection**

24        Best Buy objects on grounds of Vagueness, Overbreadth, Work Product and Privilege and

25   improper contention discovery. Best Buy further objects to the extent that the topic calls for

26   information that is known to the Defendants and not Best Buy and/or that Best Buy does not track

27   or keep in the ordinary course of business. Best Buy will not produce a witness to testify on this

28   topic.

**Topic No. 22**

The method(s) used by Your Company to track inventory levels, link returns and sales, and monitor product margins of CRT Finished Products You sold.

**Objection**

Best Buy objects on grounds of Undue Burden, and Overbreadth. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 23**

Your standards and practices with regard to tracking the purchases and sales of CRT Finished Products for determining the profitability of sales, and for financial reporting purposes, including the nature of the financial data available, the location of such data, and the names of individuals responsible for maintaining such data.

**Objection**

Best Buy objects on grounds of Undue Burden, and Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 24**

Your policies and practices related to the retention and deletion of all Documents and data (including any of Your electronic databases) related to the purchases and sales listed in Topics 6 and 11.

**Objection**

Best Buy objects on grounds of Undue Burden, and Overbreadth. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

1

**Topic No. 25**

2

3        The extent to which Best Buy passed on its costs in purchasing or acquiring CRTs or CRT

4   Finished Products to its customers, including pricing practices and timing of price increases, but

5   not including precise figures or total amounts of price margins.

**Objection**

6

7        Best Buy objects on grounds of Undue Burden, and Overbreadth. Best Buy objects to the

8   extent that the topic calls for information that Best Buy does not track or keep in the ordinary

9   course of business. Subject to and without waiving these objections, Best Buy will produce a

10  witness to testify at a general level regarding this topic.

**Topic No. 26**

11

12       The assignment of any claims asserted in the Complaint, including the identification of the

13  assignees, the identification of the assignors, the mechanism or form of said assignments, the

14  consideration received for any such assignment, and any agreements or plans for the distribution

15  of damages or settlement proceeds recovered in this action to the assignors.

16  **Objection**

17       Subject to and without waiving the General objections, Best Buy will produce a witness to

18  testify at a general level regarding this topic.

19  **Topic No. 27**

20

21       Best Buy's search for, production of, and all efforts to preserve any documents that are

    potentially relevant to this or any other litigation or investigation concerning CRTs or CRT

22  Finished Products.

23

24  **Objection**

25       Best Buy objects on grounds of Privilege, Work Product, Undue Burden, and

26  Overbreadth. Subject to and without waiving these objections, Best Buy will produce a witness to

    testify at a general level regarding this topic.

27

28

RESPONSES AND OBJECTIONS TO
FRCP RULE 30(B)(6) DEPOSITION NOTICE Case No.
11-CV-05513 SC; 07-CV-05944 SC

**Topic No. 28**

Identification, location, last known address, telephone number, and e-mail address of any person having or believed to have any information regarding the foregoing topics or facts underlying these topics.

**Objection**

Best Buy objects on grounds of Relevance, Undue Burden, and Overbreadth. Best Buy also specifically objects to this topic on the grounds of Undue Burden because such information is obtainable by less intrusive means. Best Buy believes this topic can be resolved through an interrogatory or the informal exchange of information relevant to Best Buy's data production, as is already occurring between the parties. For the foregoing reasons, Best Buy will not produce a witness on this topic.

**Topic No. 29**

Identification, location, last known address, telephone number, and e-mail address of any person having or believed to have any documents or other electronic or non-electronic files regarding the foregoing topics or facts underlying these topics, including any person having or believed to have information regarding each of the fields contained in such files and the means by which those fields were constructed.

**Objection**

Best Buy objects on grounds of Relevance, Undue Burden, and Overbreadth. Best Buy also specifically objects to this topic on the grounds of Undue Burden because such information is obtainable by less intrusive means. Best Buy believes this topic can be resolved through an interrogatory or the informal exchange of information relevant to Best Buy's data production, as is already occurring between the parties. For the foregoing reasons, Best Buy will not produce a witness on this topic.

1    DATED: April 25, 2014                 **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

2

3                                          By:    /s/ David Martinez
                                                  Roman M. Silberfeld
                                                  David Martinez
4                                                 Laura E. Nelson
                                                  Jill Casselman
5
                                           **ATTORNEYS FOR PLAINTIFFS**
6                                          **BEST BUY CO., INC.; BEST BUY PURCHASING**
                                           **LLC; BEST BUY ENTERPRISE SERVICES, INC.;**
7                                          **BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.;**
                                           **MAGNOLIA HI-FI, LLC**
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28