# EXHIBIT "C"

1   ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
    Roman M. Silberfeld, Bar No. 62783
2   RMSilberfeld@rkmc.com
    Bernice Conn, Bar No. 161594
3   Bconn@rkmc.com
    David Martinez, Bar No. 193183
4   DMartinez@rkmc.com
    2049 Century Park East, Suite 3400
5   Los Angeles, CA 90067-3208
    Telephone: 310-552-0130
6   Facsimile:   310-229-5800

7
    Attorneys for Plaintiffs
8
    BEST BUY CO., INC.; BEST BUY PURCHASING LLC;
9   BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY
    STORES, L.P.; BESTBUY.COM, LLC; MAGNOLIA HI-FI,
10  INC.

11

12                    UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14
    IN RE: CATHODE RAY TUBE (CRT)          Master File No. M:07-5994-SC
15  ANTITRUST LITIGATION                   MDL No. 1917

16  This Document Relates to               Case No. 3:11-cv-05513-SC
    Individual Case No. 3:11-cv-05513-SC
17

18  BEST BUY CO., INC.; BEST BUY PURCHASING LLC;    **BEST BUY'S RESPONSES AND**
    BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY    **OBJECTIONS TO DEFENDANTS**
19  STORES, L.P.; BESTBUY.COM, L.L.C.; and          **PANASONIC CORPORATION OF NORTH**
    MAGNOLIA HI-FI, INC.,                           **AMERICA AND LG ELECTRONICS, INC.'S**
20                                                  **THIRD SET OF INTERROGATIORIES**
                     Plaintiffs,
21
            v.
22
    HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI
23  AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI
    ELECTRONIC DEVICES (USA), INC.; SHENZHEN
24  SEG HITACHI COLOR DISPLAY DEVICES, LTD.;
    IRICO GROUP CORPORATION; IRICO GROUP
25  ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES
    CO., LTD.; LG ELECTRONICS, INC.; LG
26  ELECTRONICS USA, INC.; LG ELECTRONICS
    TAIWAN TAIPEI CO., LTD.; LP DISPLAYS
27  INTERNATIONAL LTD.;

28  (CONTINUED ON NEXT PAGE)

60753850.3

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   PANASONIC CORPORATION; PANASONIC
    CORPORATION OF NORTH AMERICA; MT
2   PICTURE DISPLAY CO., LTD.; BEIJING
    MATSUSHITA COLOR CRT CO., LTD.; KONINKLIJKE
3   PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS
    NORTH AMERICA CORPORATION; PHILIPS
4   ELECTRONICS INDUSTRIES (TAIWAN), LTD.;
    PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA
5   LTDA.; SAMTEL COLOR LTD.; THAI CRT CO., LTD.;
    TOSHIBA CORPORATION; TOSHIBA AMERICA,
6   INC.; TOSHIBA AMERICA CONSUMER PRODUCTS,
    LLC; TOSHIBA AMERICA ELECTRONIC
7   COMPONENTS, INC.; TOSHIBA AMERICA
    INFORMATION SYSTEMS, INC.; CHUNGHWA
8   PICTURE TUBES, LTD.; CHUNGHWA PICTURE
    TUBES (MALAYSIA); TATUNG COMPANY OF
9   AMERICA, INC.,

10          Defendants.

11

12      **PROPOUNDING PARTIES:**      PANASONIC CORPORATION OF NORTH AMERICA and
13                                      LGE ELECTONICS, INC.

14      **RESPONDING PARTY:**          BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST
                                        BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES,
15                                      L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.

16      **SET NO.:**                   THIRD

17

18      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Best Buy

19  Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P.,

20  BestBuy.Com, L.L.C., and Magnolia HI-FI, Inc. (collectively "Best Buy") hereby Object and

21  Respond to Defendants Panasonic Corporation of North America and LG Electronics, Inc.'s Third

22  Set of Interrogatories (hereinafter, the "Interrogatories"), as follows:

23  / / /

24  / / /

25

26

27

28

- 2 -        RESPONSES AND OBJECTIONS TO DEFENDANTS
                                                         PANASONIC'S AND LG ELECTRONIC'S
                                                         FIRST SET OF INTERROGATORIES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1

**RESERVATIONS OF RIGHTS**

2    In responding to these Interrogatories, Best Buy states that it has conducted and/or will

3 conduct a diligent search, reasonable in scope, for information responsive to the Interrogatories.

4 Best Buy reserves the right to amend, revise, supplement, modify, or clarify the following

5 objections and responses. Best Buy further reserves the right to complete its investigation and

6 discovery of the facts, and to rely at trial or in other proceedings upon additional information,

7 regardless of whether such information is newly discovered or newly in existence.

8    Best Buy incorporates by reference any evidence identified by the Direct Purchaser

9 Plaintiffs, the Indirect Purchaser Plaintiffs, and the Direct Action Plaintiffs in response to any

10 discovery request.

11    Best Buy responds to these Interrogatories as it interprets and understands them. If

12 Defendants subsequently assert an interpretation of any Interrogatory or response that differs

13 from Best Buy's understanding, Best Buy reserves the right to supplement or amend its

14 objections or responses.

15    Best Buy reserves the right to object to the admission of its responses to the

16 Interrogatories into evidence at trial, or any other proceeding.

17

**GENERAL OBJECTIONS**

18    1. Best Buy responds without prejudice to its right to use or introduce at later times in

19 this proceeding subsequently discovered information or information omitted from these

20 responses.

21    2. Best Buy objects to the Interrogatories to the extent they call for the disclosure of

22 information that is subject to the attorney-client privilege, joint prosecution privilege, the work

23 product doctrine, or any other applicable privilege, immunity, or protection.

24    3. Best Buy objects to the Interrogatories to the extent that they require Best Buy to

25 disclose the confidential, proprietary, or commercially sensitive information of third parties that

26 Best Buy is bound, contractually or otherwise, not to disclose.

27    4. Best Buy objects to the Interrogatories to the extent that: (i) they seek information

28 that is neither relevant to the parties' claims and defenses in this litigation nor reasonably

*ROBINS, KAPLAN, MILLER & CIRESI L.L.P.*
*ATTORNEYS AT LAW*
*LOS ANGELES*

1   calculated to lead to the discovery of admissible evidence; (ii) are vague, indefinite, or

2   ambiguous; (iii) are unduly burdensome or unreasonably broad; (iv) are unreasonably

3   cumulative or duplicative; or (v) seek information that is already in Defendants' possession,

4   custody, control, or which is publicly available or otherwise readily accessible to Defendants.

5       5. Best Buy objects to the Interrogatories, including the Instructions and Definitions, to

6   the extent that they purport to impose upon Best Buy obligations beyond those imposed by the

7   Federal Rules of Civil Procedure.

8       6. Best Buy objects to the Interrogatories to the extent that they are premature. Best Buy

9   has not completed its discovery and investigation in this matter, which is ongoing. Best Buy

10   responds after reasonable inquiry into the relevant facts based only upon presently known

11   information and documentation. Further investigation and discovery, including further review of

12   documents produced or to be produced by Defendants, may result in the identification of

13   additional information. Best Buy's responses should not be construed to prejudice Best Buy's

14   right to conduct further investigation in this case or to limit Best Buy's use of any evidence that

15   may be later developed.

16       7. Best Buy objects to the extent Defendants are drawing a distinction between CRTs and

17   CRT Products. Best Buy interprets all requests related to CRTs to relate exclusively to Best Buy's

18   purchases of CRT Products, which contain CRTs.

19       8. Best Buy objects to the Interrogatories to the extent that they prematurely seek

20   expert opinion, and reserves the right to supplement, clarify, revise, or correct any or all

21   responses to such requests, and to assert additional objections or privileges in accordance with

22   the time period for exchanging expert reports.

23       Best Buy objects to the Interrogatories in their entirety on the above grounds. In order to

24   avoid repetition, the foregoing General Objections are hereby incorporated into each response

25   as if set forth therein.

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1      **OBJECTIONS AND RESPONSES TO INTERROGATORIES**

2      **Interrogatory No. 16:**

3          16.  Identify your executives, employees, or agents who participated in any market

4      monitoring activity, including those in the Competitive Strategies Group, related to CRTs or CRT

5      Products. Market monitoring activity includes, but is not limited to, the following: (a) Your

6      competitive intelligence activities; (b) Your use of third-party data sources or market share/data

7      analyses; (c) Your knowledge, use, or tracking of Your competitors' prices; (d) Your knowledge.

8      use, or tracking of Your suppliers' prices; (e) Your knowledge, use, or tracking of Your

9      competitors' promotions; (f) Your knowledge, use, or tracking of Your suppliers' promotions;

10     and/or (g) Your or any of your executives', employees', or agents' participation in any meetings

11     with Your competitors.

12     **Response:**

13         In addition to the General Objections above, Best Buy specifically objects to this

14     interrogatory as Overly Broad, Unduly Burdensome and not reasonably calculated to lead to the

15     discovery of admissible evidence.

16     **Interrogatory No. 17:**

17         17.  For each person identified in response to Interrogatory No. 16, separately describe

18     the nature of his or her knowledge, responsibility, or involvement regarding market monitoring

19     activity.

20     **Response:**

21         Best Buy incorporates and restates its response to Interrogatory No. 16.

22     **Interrogatory No. 18:**

23         18.  Identify each person You believe to have knowledge that supports the fraudulent

24     concealment allegations in Your Complaint, including at paragraphs 220 through 232.

25     **Response:**

26         In addition to the General Objections above, Best Buy objects that this interrogatory

27     because it is overly broad, unduly burdensome, and oppressive, particularly as it requests that

28     Best Buy identify every single individuals that ever participated in Defendants' illegal conspiracy

1 over an approximately 12 year period, and seeks information that is maintained by and equally
2 available to Defendants and/or stated in publicly available documents. Best Buy further objects
3 to this interrogatory as premature contention discovery.

4 **Interrogatory No. 19:**

5     19. To the extent not already identified in Interrogatories No. 16 through 18, Identify
6 each person You believe to have knowledge that supports the allegations in Your Complaint.

7 **Response:**

8     In addition to the General Objections above, Best Buy objects that this interrogatory
9 because it is overly broad, unduly burdensome, and oppressive, particularly as it requests that
10 Best Buy identify every single individuals that ever participated in Defendants' illegal conspiracy
11 over an approximately 12 year period, and seeks information that is maintained by and equally
12 available to Defendants and/or stated in publicly available documents.  Best Buy further objects
13 to this interrogatory as premature contention discovery, as well as on the basis of Attorney
14 Client privilege and work product protections.

15 **Interrogatory No. 20:**

16     20. For each person identified in response to Interrogatory No. 19, separately Identify
17 the nature of his or her knowledge that supports the allegations in your Complaint.

18 **Response:**

19     In addition to the General Objections above, Best Buy objects that this interrogatory
20 because it is overly broad, unduly burdensome, and oppressive, particularly as it requests that
21 Best Buy identify every single fact relevant to Defendants' illegal conspiracy over an
22 approximately 12 year period, and seeks information that is maintained by and equally available
23 to Defendants and/or stated in publicly available documents.  Best Buy further objects to this
24 interrogatory as premature contention discovery, and that it seeks to compel Best Buy to state
25 its entire case on an incomplete record.

26

27

28

RESPONSES AND OBJECTIONS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S
FIRST SET OF INTERROGATORIES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1 | DATED:  May 7, 2014

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

2

By: /s/ Laura E. Nelson
      Roman M. Silberfeld

3 |       Bernice Conn
      David Martinez

4 |       Laura E. Nelson

5 | **ATTORNEYS FOR PLAINTIFFS**
**BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST**

6 | **BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES,**
**L.P.; BESTBUY.COM, LLC; MAGNOLIA HI-FI, INC.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60753850.3

- 7 -

# EXHIBIT "D"



North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**JENNIFER M. STEWART**
Associate
212-294-4743
Jstewart@winston.com

April 28, 2014

Laura E. Nelson
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

**Re:**   *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917

Dear Laura:

We write on behalf of defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd) in response to the Responses and Objections to Defendants Fed. R. Civ. P. Rule 30(b)(6) Deposition Notice served by plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, LLC, and Magnolia HI-FI, Inc. (collectively, "Best Buy") on April 25, 2014 (the "Objections").

In particular, we were very surprised to receive objections and an outright refusal to produce a witness on Topics 19, 21, 28 and 29, as you did not raise any of these issues during our March 25 or April 15 telephonic meet and confers.  In addition to Best Buy's boilerplate objections on grounds of vagueness, undue burden, and overbreadth, Best Buy objects to these topics on the basis that they are not reasonably calculated to lead to the discovery of admissible evidence (Topic 19); that they call for privileged information or information that is not known to Best Buy or tracked or kept in the ordinary course of business (Topic 21); or that the information sought is obtainable by less intrusive means (Topics 28 and 29).  *See* Objections at 13-14, 17.

With respect to Topic 19, which seeks information on Best Buy's "practices, policies and procedures concerning [its] market monitoring activity for CRT Finished Products," including, but not limited to, competitive intelligence activities, use of third-party data sources and market share/data analyses, and Best Buy's knowledge, use, and tracking of its competitors' pricing for CRT finished products, there is no question that the information sought is highly relevant to Best Buy's claims and is calculated to lead to the discovery of admissible evidence. Mr. Stone has already testified that Best Buy used competitive intelligence in determining competitive pricing and balancing internal strategies and profitability targets, Stone Tr. 45:24-46:13, and we are entitled to further explore the various factors that Best Buy considered in pricing its CRT finished products, including competitor pricing and how that affected Best Buy's pricing decisions.



April 28, 2014
Page 2

Topic 21, which seeks "the identification, description, date, location, source, and persons involved in all statements that Best Buy read, heard, or otherwise became aware of upon which Best Buy bases its contention that Defendants fraudulently concealed the alleged conspiracy from Best Buy, including a description of Best Buy's reliance on any such statements," is also relevant to Best Buy's claims, and does not fall within the purview of attorney-client privilege. Best Buy alleges that "the affirmative acts of Defendants . . . , including acts in furtherance of the conspiracy, were wrongfully concealed and carried out in a manner that precluded detection," and that "Defendants' purported reasons for the price increases of CRTs were materially false and misleading," precluding Best Buy's discovery of its claims. *See* Compl. ¶¶ 220-232. Accordingly, whether and when Best Buy heard or became aware of such statements is highly relevant to its claim that defendants affirmatively concealed the conspiracy and Best Buy "could not have discovered the alleged contract, conspiracy or combination at an earlier date by the exercise of reasonable diligence." *Id.* ¶ 224.

Regarding Topics 28 and 29, which seek the "[i]dentification, location, last known address, telephone number, and e-mail address of any person having or believed to have any information regarding" the topics set forth in the Panasonic defendants' April 18, 2014 30(b)(6) deposition notice and facts underlying those topics, Best Buy objects on the basis that these requests "can be resolved through an interrogatory or the informal exchange of information relevant to Best Buy's data production, as is already occurring between the parties." Objections at 17. The Panasonic defendants are willing to resolve these topics in a less intrusive manner upon confirmation that Best Buy will provide informal responses to Topics 28 and 29, along with a date certain by which we can expect to receive such informal responses.

If Best Buy is unwilling to further meet and confer on Topics 19 and 21, or to confirm that it will provide informal responses to Topics 28 and 29, we will be left with no choice but to pursue the proper remedies before Judge Walker at the appropriate time.

In addition to your response on the problematic 30(b)(6) objections that we have identified herein, please let us know whether you have had an opportunity to consider potential dates for the depositions of John Preiner and Christopher Groves, and when we can expect to receive Mr. Groves' custodial documents.

Finally, we have not yet received Best Buy's identification of its 30(b)(6) deponent or deponents, which we had requested confirmation of in our April 16 letter by April 25, 2014. Please confirm the name or names of this individual or individuals.

Sincerely,


*/s/ Jennifer M. Stewart*
Jennifer M. Stewart

cc:     Eva W. Cole, Esq.
        Molly M. Donovan, Esq.



WINSTON
&STRAWN
LLP

North America   Europe   Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**JENNIFER M. STEWART**
Associate
212-294-4743
Jstewart@winston.com

April 28, 2014

Laura E. Nelson
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

**Re:**   *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917

Dear Laura:

We write on behalf of defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd) in response to the Responses and Objections to Defendants Fed. R. Civ. P. Rule 30(b)(6) Deposition Notice served by plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, LLC, and Magnolia HI-FI, Inc. (collectively, "Best Buy") on April 25, 2014 (the "Objections").

In particular, we were very surprised to receive objections and an outright refusal to produce a witness on Topics 19, 21, 28 and 29, as you did not raise any of these issues during our March 25 or April 15 telephonic meet and confers. In addition to Best Buy's boilerplate objections on grounds of vagueness, undue burden, and overbreadth, Best Buy objects to these topics on the basis that they are not reasonably calculated to lead to the discovery of admissible evidence (Topic 19); that they call for privileged information or information that is not known to Best Buy or tracked or kept in the ordinary course of business (Topic 21); or that the information sought is obtainable by less intrusive means (Topics 28 and 29). *See* Objections at 13-14, 17.

With respect to Topic 19, which seeks information on Best Buy's "practices, policies and procedures concerning [its] market monitoring activity for CRT Finished Products," including, but not limited to, competitive intelligence activities, use of third-party data sources and market share/data analyses, and Best Buy's knowledge, use, and tracking of its competitors' pricing for CRT finished products, there is no question that the information sought is highly relevant to Best Buy's claims and is calculated to lead to the discovery of admissible evidence. Mr. Stone has already testified that Best Buy used competitive intelligence in determining competitive pricing and balancing internal strategies and profitability targets, Stone Tr. 45:24-46:13, and we are entitled to further explore the various factors that Best Buy considered in pricing its CRT finished products, including competitor pricing and how that affected Best Buy's pricing decisions.



April 28, 2014
Page 2

Topic 21, which seeks "the identification, description, date, location, source, and persons involved in all statements that Best Buy read, heard, or otherwise became aware of upon which Best Buy bases its contention that Defendants fraudulently concealed the alleged conspiracy from Best Buy, including a description of Best Buy's reliance on any such statements," is also relevant to Best Buy's claims, and does not fall within the purview of attorney-client privilege. Best Buy alleges that "the affirmative acts of Defendants . . . , including acts in furtherance of the conspiracy, were wrongfully concealed and carried out in a manner that precluded detection," and that "Defendants' purported reasons for the price increases of CRTs were materially false and misleading," precluding Best Buy's discovery of its claims. *See* Compl. ¶¶ 220-232.  Accordingly, whether and when Best Buy heard or became aware of such statements is highly relevant to its claim that defendants affirmatively concealed the conspiracy and Best Buy "could not have discovered the alleged contract, conspiracy or combination at an earlier date by the exercise of reasonable diligence." *Id.* ¶ 224.

Regarding Topics 28 and 29, which seek the "[i]dentification, location, last known address, telephone number, and e-mail address of any person having or believed to have any information regarding" the topics set forth in the Panasonic defendants' April 18, 2014 30(b)(6) deposition notice and facts underlying those topics, Best Buy objects on the basis that these requests "can be resolved through an interrogatory or the informal exchange of information relevant to Best Buy's data production, as is already occurring between the parties."  Objections at 17.  The Panasonic defendants are willing to resolve these topics in a less intrusive manner upon confirmation that Best Buy will provide informal responses to Topics 28 and 29, along with a date certain by which we can expect to receive such informal responses.

If Best Buy is unwilling to further meet and confer on Topics 19 and 21, or to confirm that it will provide informal responses to Topics 28 and 29, we will be left with no choice but to pursue the proper remedies before Judge Walker at the appropriate time.

In addition to your response on the problematic 30(b)(6) objections that we have identified herein, please let us know whether you have had an opportunity to consider potential dates for the depositions of John Preiner and Christopher Groves, and when we can expect to receive Mr. Groves' custodial documents.

Finally, we have not yet received Best Buy's identification of its 30(b)(6) deponent or deponents, which we had requested confirmation of in our April 16 letter by April 25, 2014.  Please confirm the name or names of this individual or individuals.

Sincerely,

*/s/ Jennifer M. Stewart*
Jennifer M. Stewart

cc:     Eva W. Cole, Esq.
        Molly M. Donovan, Esq.

ROBINS, KAPLAN, MILLER & CIRESI LLP

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500  FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

Laura E. Nelson
LENelson@rkmc.com
612-349-0986

*Via email*

May 5, 2014

Jennifer M. Stewart
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

Re: In re Cathode Ray Tube (CRT) Antitrust Litigation

Dear Jennifer:

I write in response to your April 28, 2014 letter and in light of our upcoming meet-and-confer later this afternoon.

Regarding deposition scheduling, we are in the process of obtaining dates for Mr. Preiner, who recently left Best Buy. Regarding Mr. Groves, we expect to complete a review of his custodial file on or before June 13. Mr. Groves is available for deposition on June 20.

In response to deposition topics 28 and 29, we agree to provide information on an informal basis similar to how we handled the data discovery. In light of our previous interrogatory responses related to persons with knowledge, please let us know what additional information you would like.

Finally, we are not sure why you are surprised that we lodged objections to certain deposition topics. As I indicated in my email of April 9, we agreed to produce one or more witnesses for deposition subject to our objections. Nevertheless, we remain willing to meet and confer this afternoon to hopefully resolve or clarify the remaining objections.

Best,
*Laura E. Nelson*
Laura E. Nelson

# EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST | MDL No. 1827 |
| LITIGATION | No. C 10-4572 SI |
| _____/ | No. C 12-4114 SI |
| | No. C 10-5452 SI |
| This Order Relates To: | No. C 10-4945 SI |
| | |
| *Best Buy v. AU Optronics Corp., et al.,* | **FINAL PRETRIAL SCHEDULING** |
| Case No. 10-CV-4572; | **ORDER - PHASE 1 DAP TRIAL** |
| | |
| *Best Buy v. Toshiba Corp., et al.,* | |
| Case No. 12-CV-4114; | |
| | |
| *Eastman Kodak Company v. Epson Imaging* | |
| *Devices Corp., et al.,* Case No. 10-CV-5452; | |
| | |
| *Target Corp, et al.,* v. *AU Optronics Corp., et al.,* | |
| Case No. 10-CV-4945. | |
| _____/ | |

On July 9, 2013, the Court held a Pretrial Conference on this matter, which is scheduled for jury trial beginning July 22, 2013. All parties were represented by counsel. Based on that conference, the following matters have been resolved:

1.      **Parties**: The three trial plaintiffs are the Best Buy plaintiffs; the Target plaintiffs (including Target; Sears, Roebuck; Kmart; RadioShack; OldComp/CompUSA; Newegg; and Good Guys); and Eastman Kodak Company. The four defendants are AU Optronics; HannStar Display; LG Display; and Toshiba. Unless otherwise specified, all plaintiffs constitute one side, and all defendants constitute another side.

1    2.    **Number of jurors and challenges**: There shall be a jury of 10 members.  Each side
2    shall have up to five peremptory challenges.

3

4    2.    **Voir dire**: The parties shall provide the Jury Administrator with 55 copies of the
5    approved jury questionnaire by 4 p.m. on Wednesday, July 17, 2013.  The Jury Administrator will
6    distribute the blank questionnaires to potential jurors on Thursday, July 18, 2013, and counsel will
7    obtain and copy the completed questionnaires thereafter.  The parties shall provide the Court with a set
8    of the completed jury questionnaires by noon Friday, July 19, 2013.  If the parties jointly agree to any
9    dismissals/challenges for cause based on the questionnaire answers of any potential jurors, they should
10   inform the  Court and the Jury Administrator of the names of such jurors by  3 p.m. on Friday, July 19,
11   2013.  Voir dire will be conducted on Monday, July 22, 2013, beginning at 8:30 a.m.  The Court
12   anticipates that counsel will have reviewed and considered the completed questionnaires in advance of
13   voir dire.  Counsel for each party may have 5 minutes to provide a neutral, non-argumentative statement
14   of the case, prior to commencement of oral voir dire by the Court.  The Court will conduct general voir
15   dire, and counsel for each side shall have up to 40 minutes total to question the panel.

16

17   3.    **Jury instructions**: The parties shall submit jointly requested preliminary instructions,
18   to be provided to the jury at the commencement of the case, no later than July 18, 2013.  The parties'
19   final submission of instructions to the Court shall be filed in hard copy and also submitted to the court
20   in digital format suitable for reading by WordPerfect (*wpd file), on a date to be designated by the Court
21   after trial commences.  The Court will undertake to resolve the parties' disputes concerning the pass-on
22   instructions prior to July 22, 2013.

23

24   4.    **Trial exhibits**: Counsel may set up the courtroom for trial during the week of July 15,
25   2013.

26

27   5.    **Timing of trial**: The trial has been scheduled for approximately 6 weeks, commencing
28   July 22, 2013.  Based on this schedule, each party shall have up to 25 minutes for opening statements;

each side shall have 50 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each party shall have up to 45 minutes for closing argument. As noted at the pretrial conference, this time allocation is substantial and cannot practicably be expanded.  If any party engages in dilatory or unreasonable conduct which unnecessarily delays the proceedings, then the Court may revise the time allocations accordingly.

6.     **Trial schedule**:  Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays.  The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30-45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.  The Court will be unavailable on August 22, 2013, and August 26-27, 2013.

7.     **Motions in limine**:  The parties filed approximately 42 motions in limine.  All were discussed at the Pretrial Conference.  Some have been mooted by stipulation; the balance are resolved as follows:

**Plaintiffs' Motions**:

No. 1: To exclude evidence of unrelated litigation: GRANTED.

Nos. 2:  To exclude references to plaintiffs' purported "market power":   DENIED as overbroad, without prejudice to specific objections to specific questions at time of trial.

No. 3:  To exclude evidence of IPP class settlement: The parties represented that they will stipulate to resolution of this issue; DENIED as moot.

No. 4: To exclude evidence that Toshiba's products sold to plaintiffs did not contain Toshiba panels:  DENIED.

No. 5: To exclude evidence that Best Buy engaged in communications with competitors: DENIED.

No. 6: To exclude references to Special Master Quinn's order striking portions of Prof. SDL's rebuttal opinions:  GRANTED, as to any references to this (or any other) order of the Special Master.  Plaintiffs represent that they do not intend to ask Prof. SDL any questions concerning the

3

United States District Court
For the Northern District of California

1  stricken rebuttal material. If defendants wish to cross-examine or otherwise inquire about the substance

2  of the rebuttal report, they may seek leave to Court to do so.

3       No. 7: To admit corporate disclosure statements filed in non-related cases pursuant to

4  Rule 807: DENIED.

5       No. 8: To exclude evidence concerning Eric Koran and Dell's alleged knowledge of

6  defendants' conspiracy: GRANTED, absent offer of proof demonstrating that Koran's or Dell's

7  knowledge is relevant to plaintiffs' state of mind.

8       No. 9: To exclude evidence related to Best Buy's alleged knowledge of the conspiracy

9  from use against Kodak and Target plaintiffs: DENIED. The Court will give an appropriate limiting

10  instruction upon request.

11       No. 10. To exclude reference to and evidence of the ability of plaintiffs to seek treble

12  damages and attorneys' fees and costs: GRANTED.

13       No. 11. To exclude references or arguments regarding other actions and settlements in

14  this MDL: The parties represented that they will stipulate to resolution of this issue; DENIED as moot.

15       No. 12. To exclude references to the current financial condition of any of the named

16  plaintiffs (brought by all plaintiffs except Kodak): GRANTED, absent offer of proof demonstrating

17  relevance of evidence. Kodak agrees not to argue that its bankruptcy is related to defendants' conduct

18  in this action, but may seek leave to explain that various of its business units are not functioning and

19  therefore could not provide witnesses at trial.

20       No. 13. Motion to exclude references to statements made by DO officials regarding

21  multiple conspiracies: GRANTED, absent further Court order based on offer of proof.

22       No. 14. To exclude any reference to the DO's Rule 12-4 disclosures in the related

23  criminal actions: GRANTED.

24       No. 15. To preclude argument that plaintiffs' claims are barred because they arise from

25  foreign commerce: GRANTED as to argument. If and to the extent that factual predicates must be

26  established at trial re FTAIA issues, those will be submitted to the jury for determination.

27       No. 16. To preclude evidence regarding "pass on" in connection with Best Buy's and

28  Target plaintiffs' claims: DENIED; pass on evidence is relevant to state law indirect purchaser claims.

United States District Court
For the Northern District of California

4

1    No. 17: To exclude evidence regarding plaintiffs' alleged failure to mitigate damages:

2    GRANTED, absent further order on offer of proof regarding relevance. The Court has already ruled that

3    failure to mitigate is not a defense to damages claims.

4    No. 18: To exclude live witnesses from testifying in defendants' case in chief who were

5    not made available for live testimony in plaintiffs' case in chief: The parties represented that they will

6    stipulate to resolution of this issue; DENIED as moot.

7    No. 19: To exclude percipient witnesses, except for party representatives, from courtroom

8    unless testifying: The parties represented that they will stipulate to resolution of this issue; DENIED

9    as moot.

10    No. 20: To preclude expert witness testimony on incomplete pass-on of overcharges

11    through affiliate entities: GRANTED as to damage claims under Sherman Act ; DENIED as to damage

12    claims based on indirect purchases under state laws.

13    No. 21: To admit evidence that certain witnesses may have invoked the Fifth Amendment

14    privilege against self incrimination: The Court will not allow reference to the Fifth Amendment

15    invocation of witnesses who thereafter withdrew the invocation and testified, or of Ms. Caperton.

16    Reference to the invocation, and application of any adverse inferences therefrom, as to any other

17    witnesses will be considered on a case by case basis.  DENIED as framed, subject to offers of proof at

18    trial.  See also defendants' motions in limine Nos. 2, 3 and 19.

19    No. 22: Motion for pretrial ruling on the admissibility of documents: DENIED as

20    overbroad and premature.

21    No. 23: Motion for pretrial ruling on summary witness testimony reflecting conspiracy

22    meetings and communications: DENIED as premature.   Summary witnesses may be allowed if

23    documents summarized are in evidence and testimony relates only to compiling voluminous documents

24    into a neutral chart.

25    **Defendants' Motions**:

26    No. 1:  To exclude all evidence of or comment about guilty pleas: DENIED, without

27    prejudice to specific objections to specific questions at trial.

28    No.2:  To adopt orders on motions in limine regarding Fifth Amendment invocations:

5

1   See ruling on plaintiffs' motion No. 21.

2          No. 3: Motion for pre-instructions to jury: GRANTED, to this extent:  If the parties

3   present the Court with agreed-upon preliminary instructions on the substantive claims, the Court will

4   preinstruct.

5          No. 4: To redact all documents stamped as "grand jury material" or with other

6   designations that refer to criminal proceedings: GRANTED as to "grand jury material"; DENIED as to

7   balance, without prejudice to specific objections to specific documents

8          No. 5: To exclude evidence or testimony pertaining to unrelated antitrust investigations:

9   DENIED as overbroad, without  prejudice to specific objections to specific questions at trial.

10          No. 6: To exclude evidence pertaining to unrelated antitrust investigations: DENIED as

11   overbroad, without prejudice to specific objections to specific questions at trial.

12          No. 7: To exclude evidence and arguments related to "gross gains" finding in AUO

13   criminal trial:  The parties represented that they will stipulate to resolution of this issue; DENIED as

14   moot.

15          No. 8: To exclude discovery responses by non-parties: DENIED as overbroad, without

16   prejudice to specific objections to specific questions at trial.

17          No. 9: To exclude evidence relating to stereotyping of foreign companies:  DENIED, for

18   same reasons as and to same extent as in order on *Daubert* motions.

19          No. 10: To exclude evidence related to investigations and indictments:  DENIED as

20   overbroad, without prejudice to specific objections to specific questions at trial.

21          No. 11: To exclude evidence pertaining to employment issues related to employees who

22   have pled guilty: DENIED.

23          No. 12: To exclude presentations of "full consideration damages": WITHDRAWN.

24          No. 13: To preclude evidence of invocations of the Fifth Amendment:  See ruling on

25   plaintiffs' motion No. 21.

26          No. 14: See separate order concerning choice of law.

27          No. 15: To exclude evidence of the vacated verdict from the DPP trial:  The parties

28   represented that they will stipulate to resolution of this issue; DENIED as moot.

United States District Court
For the Northern District of California

6

1         <u>No. 16: To admit DisplaySearch reports</u>: DENIED as overbroad; admissibility will be

2 considered on a case by case basis.

3         <u>No. 17: To allow full defense examination fo common witnesses during plaintiffs' case-</u>

4 <u>in-chief and limit use of deposition testimony</u>:   The parties represented that they will stipulate to

5 resolution of this issue; DENIED as moot.

6         <u>No. 18: To request limiting instruction regarding jury verdicts in AUO criminal trials</u>:

7 DENIED as framed.   Appropriate portions of indictment may be used to identify scope of guilty

8 verdicts.

9         <u>No. 19: To exclude David Joe's testimony</u>: See ruling on plaintiffs' motion No. 21.

10

11     **8.**    **Miscellaneous:** The parties are encouraged to enter reasonable stipulations concerning

12 authenticity, business record status and admissibility of documents, and concerning corporate

13 relationships among subsidiaries and affiliates. The parties are ordered to provide each other 48 hours'

14 advanced notice of the witnesses to be called.  If parties intend to call adverse witnesses who live

15 abroad,

16 they should provide adequate notice to the other side to facilitate attendance.

17

18 Dated: July 11, 2013

19

20

21                 SUSAN ILLSTON
                United States District Judge

22

23

24

25

26

27

28

7

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California