ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:    310-552-0130
Facsimile:    310-229-5800

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Elliot S. Kaplan, Bar No. 53624
ESKaplan@rkmc.com
K. Craig Wildfang (*Pro Hac Vice*)
KCWildfang@rkmc.com
Laura E. Nelson, Bar No. 231856
LENelson@rkmc.com
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone:    612-349-8500
Facsimile:    612-339-4181

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY
PURCHASING LLC; BEST BUY
ENTERPRISE SERVICES, INC.; BEST BUY
STORES, L.P.; BESTBUY.COM, L.L.C.; and
MAGNOLIA HI-FI, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No.: 3:07-cv-05944-SC<br>MDL No. 1917<br><br>[Honorable Samuel Conti]<br><br>**DECLARATION OF DAVID MARTINEZ IN SUPPORT OF BEST BUY'S OBJECTIONS TO THE SPECIAL MASTER'S ORDER RE BEST BUY'S MOTION FOR A PROTECTIVE ORDER**<br><br>Date:  August 15, 2014<br>Time:  10:00 a.m.<br>Place:  Courtroom 1 - 17th Floor |
| This document relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513-SC<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264-SC | |

60827199.1

DECL.OF DAVID MARTINEZ ISO BEST BUY'S OBJECTIONS TO SPECIAL MASTER'S ORDER

I, DAVID MARTINEZ, declare as follows:

1. I am a partner with the law firm of Robins, Kaplan, Miller & Ciresi L.L.P., counsel for Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, LLC (collectively "Best Buy") in the above-captioned action currently pending in the U.S. District Court for the Northern District of California. I submit this declaration in support of Best Buy's Objections the Special Master's Order Re Best Buy's Motion for Protective Order. I have personal knowledge of the facts stated herein, and I could and would competently testify thereto if called as a witness.

2. Best Buy has submitted to extensive and highly burdensome discovery in this action. On May 15, 2012, Defendants demanded production of documents responsive to thirty-five overbroad topics, including Best Buy's purchasing, sales, negotiations, contracts, purchase orders, offers, price quotes, price lists, rebates, discounts, price deductions, credits, corporate policies, inventory, price changes, pass-through, revenue, costs, profitability, margins, and communications with suppliers, amongst others.

3. Best Buy submitted to this discovery and engaged in a massive document pull and review entailing thousands of hours of review time, and yielding a production of 51,607 documents comprising 123,022 pages, as well as approximately 500,000 pages of highly detailed purchase order and point-of-sale transactional data over an 11-year period. These efforts entailed nine different productions, including a recent production of Best Buy's Market Development Fund data, as well substantial informal discovery regarding the data productions discussed above. Further, Defendants recently served an additional 391 written discovery requests to Best Buy, for a grand total of 486 separate requests, not including subparts.

4. On December 3, 2012, Best Buy submitted to a deposition of its corporate designee Brian Stone on numerous topics, including pricing, costs, supply, demand, market forecasts, product specifications, price guidelines, vendor negotiations, alternative distribution channels, standards and practices with regard to tracking the purchases and sales of CRT products, and Best Buy's use of discounts, promotions, rebates or loyalty programs. Mr. Stone

1   testified, *inter alia*, that Best Buy considers the competitive landscape as one of many inputs in
2   setting prices.

3       5.    In May, 2014, Defendants demanded another Rule 30(b)(6) deposition, this time
4   on 27 topics of testimony, excluding sub-parts. Best Buy produced a witness on May 23, 2014 to
5   testify on 26 of these topics. Defendants have since demanded that Best Buy produce an
6   additional six witnesses for deposition.

7       6.    Attached hereto as **Exhibit 1** is a true and correct copy of Best Buy's May 16,
8   2014 Motion for a Protective Order submitted to the Special Master. (FILED UNDER SEAL.)

9       7.    Attached hereto as **Exhibit 2** is a true and correct copy of Defendants' June 2,
10  2014 Opposition to Best Buy's Motion for a Protective Order and Cross-Motion to Compel
11  Interrogatory Responses. (FILED UNDER SEAL.)

12      8.    Attached hereto as **Exhibit 3** is a true and correct copy of Best Buy's June 12,
13  2014 Reply in Support of its Motion for a Protective Order. (FILED UNDER SEAL.)

14      9.    Attached hereto as **Exhibit 4** is a true and correct copy of the Special Master's
15  Order re Best Buy's Motion for a Protective Order, dated June 23, 2014.

16      10.    Attached hereto as **Exhibit 5** is a true and correct copy of the Declaration of David
17  Martinez in Support of Best Buy's Motion for a Protective Order, dated May 16, 2014. This
18  declaration included its Exhibits A-E, which are described below.

19      11.    **Exhibit A** to the Declaration David Martinez in Support of Best Buy's Motion for
20  a Protective Order dated May 16, 2014 is a true and correct copy of excerpts from the deposition
21  transcript of Brian Stone, dated December 3, 2012, and designated as "Highly Confidential."
22  (FILED UNDER SEAL.)

23      12.    **Exhibit B** to the Declaration David Martinez in Support of Best Buy's Motion for
24  a Protective Order dated May 16, 2014 is a true and correct copy of Best Buy's Responses and
25  Objections to Defendants' FRCP Rule 30(b)(6) Deposition Notice.

26      13.    **Exhibit C** to the Declaration David Martinez in Support of Best Buy's Motion for
27  a Protective Order dated May 16, 2014 is a true and correct copy of Best Buy's Responses and
28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  Objections to Defendants Panasonic Corporation of North America and LGE Electronics, Inc.'s
2  Third Set of Interrogatories, designated as "Highly Confidential."

3  14.  **Exhibit D** to the Declaration David Martinez in Support of Best Buy's Motion for
4  a Protective Order dated May 16, 2014 are true and correct copies of the parties' meet and confer
5  correspondence regarding this dispute, designated as "Highly Confidential."

6  15.  **Exhibit E** to the Declaration David Martinez in Support of Best Buy's Motion for
7  a Protective Order dated May 16, 2014 is a true and correct copy of Judge Susan Illston's Final
8  Pre-Trial Scheduling Order in *In re TFT-LCD Flat Panel Antitrust Litig.*, Case Nos. 10-CV 4572
9  & 12 CV 4114, Dkt. 8298 (N.D. Cal., July 11, 2013).

10  16.  Attached hereto as **Exhibit 6** is a true and correct copy of the Supplemental
11  Declaration of David Martinez in Support of Best Buy's Motion for a Protective Order, dated
12  June 12, 2014.  This supplemental declaration included its Exhibit F, which is described
13  immediately below.

14  17.  **Exhibit F** to the Supplemental Declaration David Martinez in Support of Best
15  Buy's Motion for a Protective Order dated June 12, 2014 is a true and correct copy of Panasonic
16  Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's FRCP
17  Rule 30(b)(6) Notice of Deposition of Best Buy, dated November 20, 2012.

18  18.  Attached hereto as **Exhibit 7** is a true and correct copy of the Declaration of Eva
19  W. Cole, submitted by Defendants on June 2, 2014 in Support of their Opposition to Best Buy's
20  Motion for a Protective Order.  The Cole Declaration included its Exhibits 1-29, which are
21  described below.

22  19.  **Exhibit 1** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
23  2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and
24  correct copy of Best Buy's Notice of Motions and Motions *In Limine* (Nos. 1-21) filed in *In re*
25  *TFT-LCD Flat Panel Antitrust Litig.*, No. 07-MD-1827 (June 19, 2013) (N.D. Cal.) (Dkt. No.
26  8144).  (FILED UNDER SEAL.)

27  20.  **Exhibit 2** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
28  2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and

correct copy of Toshiba, LG Display and HannStar Defendants' Opposition to Plaintiffs' Motion *In Limine* No. 5 to Exclude Arguments or Evidence that Best Buy Engaged in Communications with Competitors filed in *In re TFT-LCD Flat Panel Antitrust Litig.*, No. 07-MD-1827 (July 2, 2013) (N.D. Cal.) (Dkt. No. 8248).

21. **Exhibit 3** to the Declaration of Eva W. Cole, submitted by Defendants on June 2, 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order are true and correct copies of excerpts from the April 15, 2014 Expert Report of Janet S. Netz, the indirect-purchaser plaintiffs' expert witness. (FILED UNDER SEAL.)

22. **Exhibit 4** to the Declaration of Eva W. Cole, submitted by Defendants on June 2, 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order are true and correct copies of excerpts from the April 15, 2014 Expert Report of Alan S. Frankel, Best Buy's expert witness. (FILED UNDER SEAL.)

23. **Exhibit 5** to the Declaration of Eva W. Cole, submitted by Defendants on June 2, 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and correct copy of the Defendants Panasonic Corporation's and LG Electronics, Inc.'s First Set of Requests for Production of Documents to Best Buy Plaintiffs, dated May 15, 2012

24. **Exhibit 6** to the Declaration of Eva W. Cole, submitted by Defendants on June 2, 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and correct copy of Best Buy's October 12, 2012 production letter.

25. **Exhibit 7** to the Declaration of Eva W. Cole, submitted by Defendants on June 2, 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and correct copy of Best Buy's November 29, 2012 production letter.

26. **Exhibit 8** to the Declaration of Eva W. Cole, submitted by Defendants on June 2, 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and correct copy of Best Buy's Responses to Defendants Panasonic Corporation's and LG Electronics, Inc.'s First Set of Requests for Production of Documents, dated August 17, 2012.

27. **Exhibit 9** to the Declaration of Eva W. Cole, submitted by Defendants on June 2, 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and

1  correct copy of the October 4, 2012 discovery correspondence sent by the Panasonic Defendants,
2  including their proposed list of topics for a Fed. R. Civ. P. 30(b)(6) deposition of a Best Buy
3  corporate representative.

4  28. **Exhibit 10** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
5  2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and
6  correct copy of the parties' October 26, 2012 email exchange regarding the scope of the first
7  30(b)(6) deposition of Best Buy.

8  29. **Exhibit 11** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
9  2014 in Support of their Opposition to Best Buy's Motion for a Protective Order are true and
10 correct copies of excerpts from the transcript of the December 3, 2012 deposition of Brian Stone,
11 who was designated as a Fed. R. Civ. P. 30(b)(6) witness for plaintiff Best Buy in *In re Cathode*
12 *Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-05944 SC.  (FILED UNDER SEAL.)

13 30. **Exhibit 12** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
14 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and
15 correct copy of Panasonic Defendants' list of proposed topics for the continuation of Best Buy's
16 30(b)(6) deposition, sent to Best Buy on March 11, 2014.

17 31. **Exhibit 13** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
18 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and
19 correct copy of the Panasonic Defendants' revised draft 30(b)(6) notice to Best Buy, sent to Best
20 Buy on April 1, 2014.

21 32. **Exhibit 14** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
22 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and
23 correct copy of the parties' correspondence on April 9, 2014 regarding Best Buy's agreement to
24 produce one or more witnesses to testify on the proposed topics, subject only to Best Buy's
25 forthcoming general objections.

26 33. **Exhibit 15** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
27 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order are true and
28 correct copies of excerpts from the transcript of the May 22, 2014 deposition of Brian Stone, who

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  was designated as a Fed. R. Civ. P. 30(b)(6) witness for plaintiff Best Buy in *In re Cathode Ray*
2  *Tube (CRT) Antitrust Litig.*, No. 07-cv-05944 SC.  (FILED UNDER SEAL.)

3  34.  **Exhibit 16** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
4  2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and
5  correct copy of Defendants Panasonic Corporation's and LG Electronics, Inc.'s Third Set of
6  Interrogatories to Best Buy, dated April 4, 2014.

7  35.  **Exhibit 17** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
8  2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and
9  correct copy of Plaintiff Target Corporation's Responses and Objections to Defendants MT
10 Picture Display Co., Ltd.'s and LG Electronics USA, Inc.'s Second Set of Interrogatories, dated
11 May 15, 2014.  (FILED UNDER SEAL.)

12 36.  **Exhibit 18** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
13 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order are true and
14 correct copies of excerpts from the transcript of the proceedings that took place on August 1,
15 2013 in *In re TFT-LCD Flat Panel Antitrust Litig.*, No. 07-MD-1827 (N.D. Cal.) (Dkt. No. 8394).

16 37.  **Exhibit 19** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
17 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and
18 correct copy of an email dated July 5, 2006 from Best Buy's "Field Competitive Team" bearing
19 the bates numbers BBYCRT120469-471, which was produced in this litigation by Best Buy.
20 (FILED UNDER SEAL.)

21 38.  **Exhibit 20** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
22 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and
23 correct copy of an email dated June 23, 2006 attaching a PowerPoint presentation including
24 Circuit City's selling strategies bearing the bates numbers BBYCRT068870-71, which was
25 produced in this litigation by Best Buy.  (FILED UNDER SEAL.)

26 39.  **Exhibit 21** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
27 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and
28 correct copy of an email dated August 10, 2006 regarding competitive intelligence collected from

1  Costco bearing the bates numbers BBYCRT078734-37, which was produced in this litigation by
2  Best Buy.  (FILED UNDER SEAL.)

3       40.    **Exhibit 22** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
4  2014 in Support of their Opposition to Best Buy's Motion for a Protective Order is a true and
5  correct copy of a "Weekly Competitor Advertised Pricing Report" dated January 31, 2005
6  bearing the bates numbers BBYCRT000458-480, which was produced in this litigation by Best
7  Buy.  (FILED UNDER SEAL.)

8       41.    **Exhibit 23** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
9  2014 in Support of their Opposition to Best Buy's Motion for a Protective Order are true and
10 correct copies of excerpts from the transcript of the April 23, 2014 deposition of Steven Deason,
11 who was designated as a Fed. R. Civ. P. 30(b)(6) witness for plaintiff Alfred H. Siegel, as Trustee
12 of the Circuit City Stores, Inc. Liquidating Trust in *In re Cathode Ray Tube (CRT) Antitrust
13 Litig.*, No. 07-cv-05944 SC.  (FILED UNDER SEAL.)

14      42.    **Exhibit 24** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
15 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order are true and
16 correct copies of excerpts from the transcript of the August 23, 2013 deposition of Daniel Schuh,
17 who was designated as a Fed. R. Civ. P. 30(b)(6) witness for ABC Warehouse in *In re Cathode
18 Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-05944 SC.  (FILED UNDER SEAL.)

19      43.    **Exhibit 25** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
20 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order are true and
21 correct copies of excerpts from the transcript of the November 12, 2013 deposition of Thomas P.
22 Pohmer, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for PC Richard & Son Long
23 Island Corporation in *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-05944 SC.
24 (FILED UNDER SEAL.)

25      44.    **Exhibit 26** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
26 2014 in Support of their Opposition to Best Buy's Motion for a Protective Order are true and
27 correct copies of excerpts from the transcript of the May 1, 2014 deposition of Nikhil Nayar, who
28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  was designated as a Fed. R. Civ. P. 30(b)(6) witness for Target Corp in *In re Cathode Ray Tube*
2  *(CRT) Antitrust Litig.*, No. 07-cv-05944 SC. (FILED UNDER SEAL.)

3        45.    **Exhibit 27** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
4  2014 in Support of their Opposition to Best Buy's Motion for a Protective Order are true and
5  correct copies of excerpts from the transcript of the February 6, 2014 deposition of Lary Sinewitz,
6  who was designated as a Fed. R. Civ. P. 30(b)(6) witness for Interbond Corporation of America
7  d/b/a BrandSmart USA in *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-05944 SC.
8  (FILED UNDER SEAL.)

9        46.    **Exhibit 28** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
10  2014 in Support of their Opposition to Best Buy's Motion for a Protective Order are true and
11  correct copies of excerpts from the transcript of the February 14, 2014 deposition of Robert
12  Thompson, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for MARTA Cooperative of
13  America, Inc. in *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-05944 SC. (FILED
14  UNDER SEAL.)

15        47.    **Exhibit 29** to the Declaration of Eva W. Cole, submitted by Defendants on June 2,
16  2014 in Support of their Opposition to Best Buy's Motion for a Protective Order are true and
17  correct copies of excerpts from the transcript of the proceedings that took place on May 22, 2012
18  in *In re TFT-LCD Flat Panel Antitrust Litig.*, No. 07-MD-1827 (N.D. Cal.) (Dkt. No. 5776)

19  I declare under penalty of perjury under the laws of the United States and the State of
20  California that the foregoing is true and correct.

21  Executed this 7th day of July 2014, at Los Angeles, California.

                                       /s/ David Martinez
                                       David Martinez