# EXHIBIT 4

Honorable Vaughn R Walker (Ret)
Law Office of Vaughn R Walker
Four Embarcadero Center, Ste 2200
San Francisco, CA  94111
T: (415) 871-2888
F: (415) 871-2890

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,<br><br>BEST BUY,<br><br>                       Plaintiff,<br><br>    v<br><br>PANASONIC,<br><br>                       Defendant. | Case No: 07-cv-5944-SC<br>MDL No 1917<br><br><br>**ORDER RE BEST BUY'S MOTION FOR PROTECTIVE ORDER** |

On June 23, 2014, the undersigned conducted a telephone conference with counsel for Best Buy (David Martinez of Robbins Kaplan Miller & Ciresi, LLP) and counsel for Panasonic who was also speaking for the other defendants in the above litigation (Eva Cole of Winston & Strawn, LLP). The conference addressed Best Buy's motion for a protective order directed to: (1) Panasonic's FRCP 30(b)(6) deposition notice to Best Buy dated November 20, 2012; and (2) Interrogatory Nos 16 and 17 of Panasonic's Third Set of Interrogatories. As a result of the conference and pursuant to FRCP 53 and the order of reference herein, the undersigned directed, that the motion for protective order be denied as to (1) and granted as to (2).

The parties' dispute arises from defendants' effort to seek discovery related to Best Buy's practice of "competitive intelligence" about its competitors' pricing practices. Best Buy attacks the relevance of Panasonic's discovery on this topic and, in any event, argues that this discovery is precluded by the Kiefer-Stewart Co v Joseph E Seagram & Sons, Inc, 340 US 211 (1951) line of cases dealing with discovery of an antitrust plaintiff's practices, including evidence of contact with competitors. The undersigned rejects Best Buy's argument that this discovery is not relevant to the issues herein. Discovery directed to the setting of prices for finished products charged by Best Buy and other retailers could well lead to the discovery of relevant evidence concerning the extent to which, if at all, alleged overcharges were passed on by Best Buy and/or by entities above Best Buy in the distribution channels for products containing CRTs as well as both the fact of damages and their amounts, if any.

More persuasively, Best Buy argues that the burden and expense of having fully to answer the challenged interrogatories likely exceeds the value of the information that would be produced. Interrogatory No 16, for example, asks Best Buy to identify all "executives, employees and agents" who participated in so-called "competitive monitoring activity," "market share/data analyses," "knowledge, use or tracking" of competitors' prices and promotions and suppliers' prices. Obviously, thorough and complete responses to these questions would likely identify a great many persons scattered throughout the Best Buy organization as well as Best Buy's "agents," which presumably could embrace third parties that Best Buy uses to compile information of this kind. Compiling thorough and complete responses to Interrogatory Nos 16 and 17 would entail a significant

1  amount of attorney time and that of Best Buy personnel, as well.  Finally, Interrogatory No 16
2  contains a subpart (g) which seeks to have Best Buy identify its "executives', employees' and agents'
3  participation in any meetings with" competitors.  This line of inquiry seems foreclosed by the Keifer-
4  Stewart line of cases.
5      The value of the level of detail called for by Interrogatory Nos 16 and 17 seems
6  particularly questionable when Panasonic should be able to obtain a substantially complete picture of
7  Best Buy's "competitive intelligence" practices from the Rule 30(b)(6) deponent whose deposition
8  Panasonic has noticed.  To be sure, this assumes that the deponent will be truly knowledgeable,
9  having made a diligent effort to obtain a comprehensive picture of Best Buy's "competitive
10 intelligence" program.  Good faith on the part of counsel and the parties herein is presumed and, it is
11 hoped, will be realized.
12     Hence, the undersigned ORDERS that Best Buy's motion for protective order be
13 GRANTED as to Interrogatory Nos 16 and 17 of Panasonic's Third Set of Interrogatories and otherwise
14 DENIED.

16 IT IS SO ORDERED.

18 Dated: June 23, 2014

By: _____
    Vaughn R Walker
    United States District Judge (Ret)