# EXHIBIT 7
## [Highly Confidential – Filed Under Seal]

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (Bar No. 257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513-SC<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264-SC | **Case No. 07-5944 SC**<br>**MDL No. 1917**<br><br>**DECLARATION OF EVA W. COLE IN SUPPORT OF DEFENDANTS' OPPOSITION TO BEST BUY'S MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL RESPONSES ON THE COMPETITIVE INTELLIGENCE INTERROGATORIES**<br><br>Judge: Special Master Vaughn Walker<br><br>REDACTED |

DECLARATION OF EVA W. COLE IN SUPPORT OF DEFS.'
OPP'N TO BEST BUY'S MOT. FOR PROTECTIVE ORDER
AND MOT. TO COMPEL RESPONSES ON THE COMPETITIVE
INTELLIGENCE INTERROGATORIES

Case No. 07-5944 SC
MDL NO. 1917

1    I, Eva W. Cole, declare as follows:

2    1.    I am an attorney at law and a partner with the firm of Winston & Strawn LLP,

3    attorneys of record for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial

4    Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.

5    (collectively, "Panasonic") in the above-captioned action currently pending in the U.S. District

6    Court for the Northern District of California.  I am a member of the bar of the State of New York

7    and I am admitted to practice before this Court *pro hac vice*.  I make this declaration in support of

8    Defendants' opposition to the motion for a protective order brought by plaintiffs Best Buy Co.,

9    Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P.,

10   Bestbuy.com, LLC, and Magnolia HI-FI, Inc. (collectively, "Best Buy") and Defendants' Motion

11   to compel responses on the competitive intelligence interrogatories.  I have personal knowledge of

12   the facts herein, and I could and would competently testify thereto if called as a witness.

13   2.    Attached hereto as Exhibit 1 is a true and correct copy of Best Buy's Notice of

14   Motions and Motions *In Limine* (Nos. 1-21) filed in *In re TFT-LCD Flat Panel Antitrust Litig.*,

15   No. 07-MD-1827 (June 19, 2013) (N.D. Cal.) (Dkt. No. 8144).

16   3.    Attached hereto as Exhibit 2 is a true and correct copy of Toshiba, LG Display and

17   Hannstar Defendants' Opposition to Plaintiffs' Motion *In Limine* No. 5 to Exclude Arguments or

18   Evidence that Best Buy Engaged in Communications with Competitors filed in *In re TFT-LCD*

19   *Flat Panel Antitrust Litig.*, No. 07-MD-1827 (July 2, 2013) (N.D. Cal.) (Dkt. No. 8248).

20   4.    Attached hereto as Exhibit 3 are true and correct copies of excerpts from the April

21   15, 2014 Expert Report of Janet S. Netz, the indirect-purchaser plaintiffs' expert witness.

22   5.    Attached hereto as Exhibit 4 are true and correct copies of excerpts from the April

23   15, 2014 Expert Report of Alan S. Frankel, Best Buy's expert witness.

24   6.    Attached hereto as Exhibit 5 is a true and correct copy of the Defendants Panasonic

25   Corporation's and LG Electronics, Inc.'s First Set of Requests for Production of Documents to

26   Best Buy Plaintiffs, dated May 15, 2012.

27   7.    On October 12, 2012, Best Buy made its initial document production in response to

28   the requests for production, consisting of six vendor agreements totaling 79 pages.   Attached

---

DECLARATION OF EVA W. COLE IN SUPPORT OF DEFS.'          Case No. 07-5944 SC
OPP'N TO BEST BUY'S MOT. FOR PROTECTIVE ORDER           MDL NO. 1917
AND MOT. TO COMPEL RESPONSES ON THE COMPETITIVE
INTELLIGENCE INTERROGATORIES

1  hereto as Exhibit 6 is a true and correct copy of Best Buy's October 12, 2012 production letter.

2      8.      Best Buy produced its first installment of custodial documents on November 29,

3  2012.  Attached hereto as Exhibit 7 is a true and correct copy of Best Buy's November 29, 2012

4  production letter.

5      9.      Attached hereto as Exhibit 8 is a true and correct copy of Best Buy's Responses to

6  Defendants Panasonic Corporation's and LG Electronics, Inc.'s First Set of Requests for

7  Production of Documents, dated August 17, 2012.

8      10.     Attached hereto as Exhibit 9 is a true and correct copy of the October 4, 2012

9  discovery correspondence sent by the Panasonic Defendants, including their proposed list of

10  topics for a Fed. R. Civ. P. 30(b)(6) deposition of a Best Buy corporate representative.

11      11.     Attached hereto as Exhibit 10 is a true and correct copy of the parties' October 26,

12  2012 email exchange regarding the scope of the first 30(b)(6) deposition of Best Buy.

13      12.     Attached hereto as Exhibit 11 are true and correct copies of excerpts from the

14  transcript of the December 3, 2012 deposition of Brian Stone, who was designated as a Fed. R.

15  Civ. P. 30(b)(6) witness for plaintiff Best Buy in *In re Cathode Ray Tube (CRT) Antitrust*

16  *Litigation*, No. 07-cv-05944 SC.

17      13.     Attached hereto as Exhibit 12 is a true and correct copy of Panasonic Defendants'

18  list of proposed topics for the continuation of Best Buy's 30(b)(6) deposition, sent to Best Buy on

19  March 11, 2014.

20      14.     On March 25, 2014, the parties held a telephonic meet and confer to discuss the

21  scope of the follow-up 30(b)(6) deposition.  At no point during that meet and confer did Best Buy

22  raise any objection to Topic 19 regarding competitive intelligence.

23      15.     Attached hereto as Exhibit 13 is a true and correct copy of the Panasonic

24  Defendants' revised draft 30(b)(6) notice to Best Buy, sent to Best Buy on April 1, 2014.

25      16.     Attached hereto as Exhibit 14 is a true and correct copy of the parties'

26  correspondence on April 9, 2014 regarding Best Buy's agreement to produce one or more

27  witnesses to testify on the proposed topics, subject only to Best Buy's forthcoming general

28  objections.

DECLARATION OF EVA W. COLE IN SUPPORT OF DEFS.'                          Case No. 07-5944 SC
OPP'N TO BEST BUY'S MOT. FOR PROTECTIVE ORDER                           MDL NO. 1917
AND MOT. TO COMPEL RESPONSES ON THE COMPETITIVE
INTELLIGENCE INTERROGATORIES

1    17.    Attached hereto as Exhibit 15 are true and correct copies of excerpts from the

2    transcript of the May 22, 2014 deposition of Brian Stone, who was designated as a Fed. R. Civ. P.

3    30(b)(6) witness for plaintiff Best Buy in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No.

4    07-cv-05944 SC.

5    18.    Attached hereto as Exhibit 16 is a true and correct copy of Defendants Panasonic

6    Corporation's and LG Electronics, Inc.'s Third Set of Interrogatories to Best Buy, dated April 4,

7    2014.

8    19.    Attached hereto as Exhibit 17 is a true and correct copy of Plaintiff Target

9    Corporation's Responses and Objections to Defendants MT Picture Display Co., Ltd.'s and LG

10   Electronics USA, Inc.'s Second Set of Interrogatories, dated May 15, 2014.

11   20.    Attached hereto as Exhibit 18 are true and correct copies of excerpts from the

12   transcript of the proceedings that took place on August 1, 2013 in *In re TFT-LCD Flat Panel*

13   *Antitrust Litig.*, No. 07-MD-1827 (N.D. Cal.) (Dkt. No. 8394).

14   21.    Attached hereto as Exhibit 19 is a true and correct copy of an email dated July 5,

15   2006 from Best Buy's "Field Competitive Team" bearing the bates numbers BBYCRT120469-

16   471, which was produced in this litigation by Best Buy.

17   22.    Attached hereto as Exhibit 20 is a true and correct copy of an email dated June 23,

18   2006 attaching a PowerPoint presentation including Circuit City's selling strategies bearing the

19   bates numbers BBYCRT068870-71, which was produced in this litigation by Best Buy.

20   23.    Attached hereto as Exhibit 21 is a true and correct copy of an email dated August

21   10, 2006 regarding competitive intelligence collected from Costco bearing the bates numbers

22   BBYCRT078734-37, which was produced in this litigation by Best Buy.

23   24.    Attached hereto as Exhibit 22 is a true and correct copy of a "Weekly Competitor

24   Advertised Pricing Report" dated January 31, 2005 bearing the bates numbers BBYCRT000458-

25   480, which was produced in this litigation by Best Buy.

26   25.    Attached hereto as Exhibit 23 are true and correct copies of excerpts from the

27   transcript of the April 23, 2014 deposition of Steven Deason, who was designated as a Fed. R.

28   Civ. P. 30(b)(6) witness for plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc.

3

1    Liquidating Trust in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-cv-05944 SC.

2         26.     Attached hereto as Exhibit 24 are true and correct copies of excerpts from the

3    transcript of the August 23, 2013 deposition of Daniel Schuh, who was designated as a Fed. R.

4    Civ. P. 30(b)(6) witness for ABC Warehouse in *In re Cathode Ray Tube (CRT) Antitrust*

5    *Litigation*, No. 07-cv-05944 SC.

6         27.     Attached hereto as Exhibit 25 are true and correct copies of excerpts from the

7    transcript of the November 12, 2013 deposition of Thomas P. Pohmer, who was designated as a

8    Fed. R. Civ. P. 30(b)(6) witness for PC Richard & Son Long Island Corporation in *In re Cathode*

9    *Ray Tube (CRT) Antitrust Litigation*, No. 07-cv-05944 SC.

10        28.     Attached hereto as Exhibit 26 are true and correct copies of excerpts from the

11   transcript of the May 1, 2014 deposition of Nikhil Nayar, who was designated as a Fed. R. Civ. P.

12   30(b)(6) witness for Target Corp in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-

13   cv-05944 SC.

14        29.     Attached hereto as Exhibit 27 are true and correct copies of excerpts from the

15   transcript of the February 6, 2014 deposition of Lary Sinewitz, who was designated as a Fed. R.

16   Civ. P. 30(b)(6) witness for Interbond Corporation of America d/b/a BrandSmart USA in *In re*

17   *Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-cv-05944 SC.

18        30.     Attached hereto as Exhibit 28 are true and correct copies of excerpts from the

19   transcript of the February 14, 2014 deposition of Robert Thompson, who was designated as a Fed.

20   R. Civ. P. 30(b)(6) witness for MARTA Cooperative of America, Inc. in *In re Cathode Ray Tube*

21   *(CRT) Antitrust Litigation*, No. 07-cv-05944 SC.

22        31.     Attached hereto as Exhibit 29 are true and correct copies of excerpts from the

23   transcript of the proceedings that took place on May 22, 2012 in *In re TFT-LCD Flat Panel*

24   *Antitrust Litig.*, No. 07-MD-1827 (N.D. Cal.) (Dkt. No. 5776).

25

26

27

28
                                                4

1    I hereby declare under penalty of perjury that the foregoing is true and correct.

2    Executed this 2nd day of June, 2014, at New York, New York.

3

4                                              /s/  *Eva W. Cole*
                                                  EVA W. COLE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF EVA W. COLE IN SUPPORT OF DEFS.'          Case No. 07-5944 SC
OPP'N TO BEST BUY'S MOT. FOR PROTECTIVE ORDER              MDL NO. 1917
AND MOT. TO COMPEL RESPONSES ON THE COMPETITIVE
INTELLIGENCE INTERROGATORIES

# EXHIBIT 1
## [Highly Confidential – Filed Under Seal]

Exhibit 2

1    Christopher M. Curran (*pro hac vice*)
     Email: ccurran@whitecase.com
2    J. Mark Gidley (*pro hac vice*)
     Email: mgidley@whitecase.com
3    Martin M. Toto (*pro hac vice*)
     Email: mtoto@whitecase.com
4    John H. Chung (*pro hac vice*)
     Email: jchung@whitecase.com
5    **WHITE & CASE**
     1155 Avenue of the Americas
6    New York, NY 10036
     Telephone:    (212) 819-8200
7    Facsimile:    (212) 354-8113

8    *Attorneys for Toshiba Corporation,*
     *Toshiba Mobile Display Co., Ltd.,*
9    *Toshiba America Electronic*
     *Components, Inc., and Toshiba*
10   *America Information Systems, Inc.*

11

12                           **UNITED STATES DISTRICT COURT**

13                          **NORTHERN DISTRICT OF CALIFORNIA**

                              **SAN FRANCISCO DIVISION**
14

15   IN RE:  TFT-LCD (FLAT PANEL)            Master File No.: 3:07-md-01827 SI
16   ANTITRUST LITIGATION
                                             MDL No. 1827
17

18   This Document Relates to:              **TOSHIBA, LG DISPLAY AND HANNSTAR**
                                            **DEFENDANTS' OPPOSITION TO**
19   *Best Buy Co., Inc., et al. v. AU Optronics*   **PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO**
     *Corp., et al,* Case No. 10-CV-4572 SI,       **EXCLUDE ARGUMENTS OR EVIDENCE**
20                                                 **THAT BEST BUY ENGAGED IN**
                                                   **COMMUNICATIONS WITH**
21   *Best Buy Co., Inc., et al. v. Toshiba Corp., et*   **COMPETITORS**
     *al.,* Case No. 12-CV-4114 SI,
22                                             **ORAL ARGUMENT REQUESTED**
     *Eastman Kodak Co. v. Epson Imaging*
23   *Devices Corp., et al.*, Case No. 10-CV-5452   Date:  July 9, 2013
     SI,                                           Time:  10:00 a.m.
24                                                 Dept:  Courtroom 10, 19th Floor
     *Target Corp., et. al.*, v. *AU Optronics Corp.,*   Judge: Hon. Susan Illston
25   *et al.,* Case No. 10-CV-4945 SI
26

27

28

1

## **<u>TABLE OF CONTENTS</u>**

2
**<u>Page</u>**

3

INTRODUCTION ..................................................................................................................1

ARGUMENT ......................................................................................................................1

CONCLUSION....................................................................................................................4

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**FEDERAL CASES**

4

*Gen. Comm'n Eng'g Co. v. Motorola Comm'ns & Elecs. Inc.*,

5

421 F. Supp. 274 (N.D. Cal. 1976) ................................................................................2-3

6

*Krehl v. Baskin-Robbins Ice Cream Co.*,

7

664 F.2d 1348 (9th Cir. 1982) .........................................................................................2

8

*United States v. U.S. Gypsum Co.*,

438 U.S. 422 (1978)..........................................................................................................2

9

*Whitten v. Paddock Pool Builders*,

10

508 F.2d 547 (1st Cir. 1974).............................................................................................3

11

**FEDERAL RULES OF EVIDENCE**

12

Fed. R. Evid. 401 ......................................................................................................................1,3

13

Fed. R. Evid. 402 ......................................................................................................................1,3

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TOSHIBA, LG DISPLAY AND HANNSTAR DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE
ARGUMENTS OR EVIDENCE THAT BEST BUY ENGAGED IN COMMUNICATIONS WITH COMPETITORS
MDL No. 1827

## **INTRODUCTION**

Plaintiffs seek to exclude evidence that Best Buy engaged in communications with competitors because it is "contrary to evidence, is not related to any claim or defense, and would only serve to confuse the jury and unfairly prejudice Best Buy." Pls.' Mot. No. 5 at 9:6-7. None of these objections withstands analysis. The Toshiba, LG Display and HannStar Defendants (collectively, "Defendants") will use this evidence to respond to suggestions by Plaintiffs to the jury that all information exchanges between competitors are improper, and to exemplify through Best Buy's own conduct that there may be legitimate reasons for competitors to exchange price information. In fact, this Court allowed this type of evidence to be admitted at the DPP trial. *See* DPP Trial Tr. 406 (May 22, 2013) (allowing inquiry into Direct Purchasers' class representative's contacts with competitors to verify prices) (Chung Decl. Ex. A). There is no reason to deviate from that approach here. The evidence clearly shows that Best Buy communicated with competitors, is directly relevant to a key defense theme, and would not unfairly prejudice Best Buy. Evidence of Best Buy's contacts with competitors is admissible under Rules 401 and 402 of the Federal Rules of Evidence.

## **ARGUMENT**

The statement that Best Buy's communications with competitors is "contrary to evidence" is remarkable in light of testimony by Best Buy's own witnesses that such communications regularly took place. *See* Philip Britton Dep. 81:23-82:2 (Apr. 24, 2013) ("Q: What I'm saying is you are aware of occasions in which Best Buy employees at the store level have to pick up the phone and call one of their competitors in order to verify a price? A: Yes. That is the policy.") (Chung Decl. Ex. B); *see also* Britton Dep. Ex. 6908 (Best Buy employee detailing the price information exchanged with her "good friend" at Circuit City) (Chung Decl. Ex. C).

Second, Plaintiffs fundamentally misunderstand the purpose for which Defendants seek to introduce this evidence. Plaintiffs assume that Defendants will use evidence of Best Buy's competitor contacts to allege that Best Buy engaged in "anticompetitive conduct." Pls.' Mot. No. 5 at 9:19. Defendants, however, are not seeking to prove that Best Buy violated the antitrust laws.

1

1    Therefore, the cases cited by Plaintiffs are inapplicable.  In fact, all the cases cited by Plaintiffs

2    involve evidence of *anticompetitive* conduct sought to be introduced against the plaintiffs for

3    purposes of an "unclean hands" or *in pari delicto* defense to liability.  *Id.* at 9:19-10:16.  As

4    explained above, Defendants are not asserting that Best Buy violated the antitrust laws and are not

5    asserting unclean hands or *in pari delicto* defenses based on this evidence.

6           Evidence of Best Buy's competitor contacts is directly relevant to the defense because Best

7    Buy's activities are similar to some activity in which Defendants engaged, and which Plaintiffs seek

8    to misleadingly proffer as evidence of conspiracy.  Defendants intend to show that the fact that

9    Defendants exchanged price information with competitors is insufficient to establish an agreement to

10   fix prices, that there may be other legitimate reasons that would lead competitors to exchange price

11   information, and that the law recognizes that exchanges of price information may enhance

12   competition and benefit consumers. *See United States v. U.S. Gypsum Co.*, 438 U.S. 422, 440-41 &

13   n.16 (1978) ("The exchange of price data and other information among competitors does not

14   invariably have anticompetitive effects; indeed such practices can in certain circumstances increase

15   economic efficiency and render markets more, rather than less, competitive."); *Krehl v. Baskin-*

16   *Robbins Ice Cream Co.*, 664 F.2d 1348, 1357 (9th Cir. 1982) (affirming dismissal of class action

17   antitrust suit and holding that evidence of a dozen communications over seven years among

18   employees without pricing responsibility were merely "idle 'shop talk'" and not an illegal exchange

19   of pricing information)("[T]he mere exchange of price information, without more, is not per se

20   illegal . . . .").  Therefore, Defendants are not attempting to equate Best Buy's behavior with

21   Defendants' in all cases, but rather to show that exchange of price information was a common,

22   legitimate business practice.  In the words of Best Buy's own witness, this process of information

23   gathering is smart business and something "most companies do."  Britton Dep. at 117:22-25.  There

24   is no better way to illustrate this defense, than by drawing a parallel between Plaintiffs' own

25   practices and Defendants'.  The jury is likely to understand this practice better in the retail setting

26   than at the manufacturing and distribution phases.

27

28

1      Indeed, several circuits have found that industry practice is relevant to the analysis of and the

2  reasonableness of the defendant's conduct. *Gen. Comm'n Eng'g Co. v. Motorola Comm'ns & Elecs.*

3  *Inc.*, 421 F. Supp. 274, 289 (N.D. Cal. 1976) (citing *Whitten v. Paddock Pool Builders*, 508 F.2d 547

4  (1st Cir. 1974), in which First Circuit ruled that "practice common in the industry and utilized by

5  both plaintiff and defendant" was not a *per se* violation of Section 1 of the Sherman Act, and noting

6  that the defendant "by and large [had] done no more than engage in customary industry practices

7  within legitimate competitive bounds" when plaintiff had engaged in similar activity).

8      Furthermore, evidence of Best Buy's competitive knowledge is relevant to Best Buy's

9  pricing practices, and therefore to their ability to pass through any overcharges, and to damages. As

10  Best Buy's expert, Dr. Frankel, asserted in his deposition, in competitive markets prices are

11  determined by costs and the prices charged by the competition. *See* Alan Frankel Dep. 94:6-9 (Feb.

12  13, 2012) (Chung Decl. Ex. D). Best Buy's knowledge of the competition is directly relevant to Best

13  Buy's pricing practices and whether changes in cost were passed on to consumers. Britton Dep.

14  29:20-24 ("Q: And Best Buy gathered all of this information, including information about its

15  competitors' prices, to inform its own pricing decisions; correct? A: Correct."); *see also id.* at 30:19-

16  22*, 33:21-34:2.

17      Because Defendants have no intention of using evidence of Best Buy's communications with

18  competitors to allege violations of the antitrust laws, this evidence would not unfairly prejudice Best

19  Buy. Therefore, the probative value of this evidence clearly outweighs any prejudice to Plaintiffs.

20  Evidence of Best Buy's competitor contacts is admissible under Rules 401 and 402, and should be

21  admitted at the Track 1B trial as the Court has already found that substantially similar evidence was

22  probative and admissible at the DPP trial.

23

24

25

26

27

28

1

2

3

4                                        <u>**CONCLUSION**</u>

5          For the foregoing reasons, the Court should deny Plaintiffs' Motion *in Limine* No. 5 to

6   exclude evidence that Best Buy engaged in communications with competitors.

7

8                                        Respectfully submitted,

9                                        **WHITE & CASE**

10  DATED:  July 2, 2013

11                                       By:  /s/ Christopher M. Curran
                                         _____
12

13                                       Christopher M. Curran (*pro hac vice*)
                                         Email:  ccurran@whitecase.com
14                                       J. Mark Gidley (*pro hac vice*)
                                         Email: mgidley@whitecase.com
15                                       Martin M. Toto (*pro hac vice*)
                                         Email:  mtoto@whitecase.com
16                                       John H. Chung (*pro hac vice*)
                                         Email: jchung@whitecase.com
17                                       **WHITE & CASE**
                                         1155 Avenue of the Americas
18                                       New York, NY 10036
                                         Telephone: (212) 819-8200
19                                       Facsimile: (212) 354-8113

20                                       *Attorneys for Toshiba Corporation, Toshiba Mobile*
                                         *Display Co., Ltd., Toshiba America Electronic*
21                                       *Components, Inc. and Toshiba America Information*
                                         *Systems, Inc.*
22

23

24

25

26

27

28

                                              4

1

2

**MUNGER, TOLLES & OLSON LLP**

3

By:          */s/ Jerome C. Roth*
JEROME C. ROTH

4

5

Brad D. Brian (State Bar No. 079001)
Stuart N. Senator (State Bar No. 148009)

6

Truc T. Do (State Bar No. 191845)
MUNGER, TOLLES & OLSON LLP

7

355 South Grand Avenue
Los Angeles, CA 90071-1560

8

Telephone: (213) 683-9100
Facsimile: (213) 687-3702

9

*Brad.Brian@mto.com*

10

Jerome C. Roth (State Bar No. 159483)
MUNGER, TOLLES & OLSON LLP
560 Mission Street

11

San Francisco, CA 94105-2907
Telephone: (415) 512-4000

12

Facsimile: (415) 512-4077
*Jerome.Roth@mto.com*

13

*Attorneys for Defendants LG Display Co., Ltd. and*

14

*LG Display America, Inc.*

15

**FREITAS TSENG & KAUFMAN LLP**

16

17

By:          /s/ *Robert E. Freitas*
ROBERT E. FREITAS

18

19

Robert E. Freitas (SBN 80948)
Jason S. Angell (SBN 221607)

20

Jessica N. Leal (SBN 267232)
FREITAS TSENG & KAUFMAN LLP

21

100 Marine Parkway, Suite 200
Redwood Shores, California 94065

22

Telephone: (650) 593-6300
Facsimile: (650) 593-6301

23

rfreitas@ftklaw.com
jangell@ftklaw.com

24

jleal@ftklaw.com

25

*Attorneys for Defendants HannStar Display Corporation*

26

27

Attestation:

28

The filer of this document attests that the concurrence of the signatories thereto has been obtained.

# EXHIBIT 3
## [Highly Confidential – Filed Under Seal]

# EXHIBIT 4
## [Highly Confidential – Filed Under Seal]

Exhibit 5

1   DAVID L. YOHAI (*pro hac vice*)
    ADAM C. HEMLOCK (*pro hac vice*)
2   WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
3   New York, New York 10153-0119
    Telephone:  (212) 310-8000
4   Facsimile:  (212) 310-8007
    E-mail: david.yohai@weil.com
5
6   GREGORY D. HULL (57367)
    WEIL, GOTSHAL & MANGES LLP
7   201 Redwood Shores Parkway
    Redwood Shores, California 94065-1175
8   Telephone: (650) 802-3000
    Facsimile: (650) 802-3100
9   E-mail:  greg.hull@weil.com

10  *Attorneys for Defendant Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

11  Additional Counsel Listed on Signature Pages
12
13              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
14                  **SAN FRANCISCO DIVISION**

15  **In Re CATHODE RAY TUBE (CRT)**          No.:  M-07-5944 SC—MDL NO. 1917
    **ANTITRUST LITIGATION**
16                                            **DEFENDANTS PANASONIC**
17  _____          **CORPORATION'S AND LG**
                                              **ELECTRONICS, INC.'S**
18  This Document Relates to:                 **FIRST SET OF REQUESTS FOR**
                                              **PRODUCTION OF DOCUMENTS TO**
19  BEST BUY ACTION                           **BEST BUY PLAINTIFFS**
    11-cv-05513 SC
20
21
22
23      **PROPOUNDING PARTIES:**       Defendants Panasonic Corporation (f/k/a Matsushita
                                        Electric Industrial Co., Ltd.) and LG Electronics,
24                                      Inc.

25      **RESPONDING PARTY:**          Best Buy Co., Inc., Best Buy Purchasing LLC, Best
                                        Buy Enterprise Services, Inc., Best Buy Stores, L.P.,
26                                      Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.

27      **SET NO.:**                   ONE

28

No. 11-cv-05513

Defendants Panasonic Corporation's and LG Electronics, Inc.'s First
Set of Requests for Production of Documents to Best Buy Plaintiffs

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) and LG Electronics, Inc. ("LG Electronics, Inc.") hereby request that each of the Responding Parties named above produce for inspection and copying each of the documents and other things described below at the offices of Weil Gotshal & Manges LLP, Attn: Adam Hemlock, 767 Fifth Avenue, New York, New York 10153, within thirty (30) days after the date of the service hereof.

## I.

## DEFINITIONS AND INSTRUCTIONS

1.      "You" and "Your" means the Plaintiff responding to these requests for production, its predecessors in interest, divisions, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and all persons acting or purporting to act on its behalf.  "You" or "Your" includes, but is not limited to, all entities who assigned their claims to You.

2.      "Document" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any kind of written, typewritten, or printed material whatsoever, and any computer hard drive or computer readable media, including, without limitation, papers, agreements, contracts, notes, memoranda, presentations, presentation materials, Communications, letters, telegrams, messages sent to or received from a wireless device, electronic mail, statements, invoices, personal diaries, records, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, and manuals either in Your possession or custody or under Your control, and shall include, without limitation, originals, file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in connection with any such writings, whether used or not, regardless of whether the Document still exists, and regardless of who has maintained custody of such Documents.

3.      "Communications" means any and all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s),

Defendants Panasonic Corporation's and LG Electronics, Inc.'s  First
Set of Requests for Production of Documents to Best Buy Plaintiffs

including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, faxes, notations, telegrams, advertisements, interviews and all other Documents as herein defined.

4.       "Interrogatories" refers to the interrogatories enumerated in Panasonic Corporation and LG Electronics, Inc.'s First Set of Interrogatories to Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc., served concurrently herewith.

5.       "Complaint" means the Complaint filed by Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc., on November 14, 2011 in Case No. 3:11-cv-05513-SC.

6.       "CRT(s)" refers to cathode ray tubes and "CRT Product(s)" refers to products containing cathode ray tubes.

7.       "Defendants" means the entities enumerated by paragraphs 25 through 61 of the Complaint.

8.       "OEM" means any non-Defendant original equipment manufacturer, as defined in paragraph 91 of the Complaint.

9.       "Person" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau or any other kind of legal or business entity.

10.       When referring to a Person, "Identity" or "Identify" means, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.  Once a Person has been identified in accordance with this subparagraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of that Person.

3

No. 11-cv-05513 SC

Defendants Panasonic Corporation's and LG Electronics, Inc.'s  First
Set of Requests for Production of Documents to Best Buy Plaintiffs

11.     When referring to a Document, "Identity" or "Identify" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

12.     "Relevant Period" means the time frame alleged in paragraph 1 of the Complaint, i.e., March 1, 1995 to November 25, 2007.

13.     You are required to produce all Documents in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

14.     If You cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, You must answer the request to the extent possible, specify the portion of the request You are unable to answer, and provide whatever information You have regarding the answered portion.

15.     In the event that any requested Document has been destroyed, lost, discarded or is otherwise no longer in Your possession, custody, or control, You shall Identify the Document as completely as possible and specify the Document's disposal date, disposal manner, disposal reason, the Person who authorized the disposal, and the Person who disposed of the Document.

16.     In the event any information is withheld on a claim of attorney-client-privilege, work-product doctrine, or any other applicable privilege, You shall provide a privilege log that includes at least the following information: the nature of the information contained in the withheld document, the document date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that You assert supports any claim of privilege.

17.     The words "concerning," "regarding," "reflecting," "referring to" and/or "relating to" mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing,

4

showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

18.     The word "and" shall be construed to include "or" and vice versa.

19.     The word "any" shall be construed to include "all" and vice versa.

## II.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All Documents You Identified or were requested to Identify in response to the Interrogatories served herewith.

**REQUEST NO. 2:**

All Documents concerning any CRTs or CRT Products purchased by You or on Your behalf from Defendants during the Relevant Period, including Documents evidencing for each CRT or CRT Product:

a.     the date and place of purchase of the CRT or CRT Product, including the place(s) where the CRT or CRT Product was manufactured, shipped from, shipped to, stored, and/or invoiced;

b.     the Person or entity from whom You purchased each CRT or CRT Product;

c.     the Identities of the Persons involved in the negotiations and ordering of each CRT or CRT Product, including where any such negotiations were conducted;

d.     the quantity of each purchase if a purchase included more than one CRT or CRT Product;

e.     the manufacturer of each CRT or CRT Product, including where each CRT or CRT Product was manufactured;

f.     any Person who bought or sold the CRT or CRT Product before You purchased the CRT or CRT Product;

g.     the list price of each CRT or CRT Product;

h.     store or manufacturer discounts, coupons, rebates, refunds, dividends, shipping or volume related discounts, or other price adjustments applied to the price of each CRT or CRT Product and their amount;

Defendants Panasonic Corporation's and LG Electronics, Inc.'s  First
Set of Requests for Production of Documents to Best Buy Plaintiffs

i.      the net price paid for each CRT or CRT Product (before tax), including any store or manufacturer discounts, coupons, rebates, refunds, dividends, shipping or volume related discounts, or other price adjustments;

j.      all items or things of value You received in exchange for the net price that You paid for each CRT or CRT Product, including shipping, storage, future discounts, discounts on non-CRT products, accessory products, warranties, and/or insurance plans;

k.      any taxes, customs, tariffs, duties, OR other fees paid (and the Identity of the government entity that received the same) on each CRT or CRT Product;

l.      any freight charges associated with each CRT or CRT Product;

m.      any other additional or related costs incurred in connection with Your purchase of each CRT or CRT Product, including any insurance plans or warranties;

n.      all terms and conditions that were a part of each purchase of any CRT or CRT Product, including any below-cost pricing, most-favored-nation pricing, negotiable pricing, sale pricing, loss-leader pricing;

o.      whether any purchases were made under a purchasing or other agreement;

p.      all receipts, invoices, purchase orders, wire transfer records or other similar Documents evidencing each CRT or CRT Product purchase; and

q.      all information used to identify each CRT or CRT Product including tracking numbers, model numbers, product names, brands and serial numbers.

**REQUEST NO. 3:**

Documents sufficient to show the meaning of any codes or abbreviations used in any data produced in response to Request for Production No. 2, including Documents that contain the characteristics of the CRTs and CRT Products associated with those codes and abbreviations, such as the size, model, manufacturer, and other features.

**REQUEST NO. 4:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to negotiations or Communications of that purchase, including but not limited to any offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of sale.

6

Defendants Panasonic Corporation's and LG Electronics, Inc.'s  First
Set of Requests for Production of Documents to Best Buy Plaintiffs

**REQUEST NO. 5:**

For each purchase or potential purchase by You of any CRT or CRT Product, all contracts, purchase orders, agreements or memoranda of understanding or any other Document that contains any term or condition of sale, including all exclusive contracts, master purchase agreements, purchase orders, invoices, cost-plus contracts and most-favored-nation contracts, and purchase order acknowledgements.

**REQUEST NO. 6:**

All Documents relating to negotiations or Communications regarding offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of Your sales of CRT Products.

**REQUEST NO. 7:**

All Documents relating to the negotiation or interpretation of any purchase order, contract, agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Products, including Documents relating to which terms or agreements govern which transactions.

**REQUEST NO. 8:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to any efforts to consider alternative items or products before the purchase was made, including all Documents relating to (a) any alternative items or products considered, (b) the price of such items or products, and (c) any factors related to the decision not to purchase the alternative item or product.

**REQUEST NO. 9:**

All Documents relating to any decision to purchase CRT Products instead of or as an alternative to liquid crystal display or plasma display products, including all Documents relating to (a) any liquid crystal display or plasma display products considered, (b) the price of such items or products, and (c) any factors related to the decision not to purchase the liquid crystal display or plasma display product.

7

**REQUEST NO. 10:**

All Documents relating to any decision by You not to complete a proposed or contemplated purchase of CRTs or CRT Products during the Relevant Period.

**REQUEST NO. 11:**

All Documents constituting contracts, purchase orders, or other agreements between You and any OEM, original design manufacturer, contract manufacturer or system integrator for the purchase or manufacture of CRTs or CRT Products.

**REQUEST NO. 12:**

All Documents relating to Your corporate policies, practices and/or procedures, whether formal or informal, for making decisions concerning the purchase or sale of CRTs or CRT Products including factors considered and purchasing methods and procedures You currently use or have used at any time during the Relevant Period.

**REQUEST NO. 13:**

All Documents relating to Your participation in any cooperative entity, trade association, symposium, conference, or other organization concerning CRTs or CRT Products.

**REQUEST NO. 14:**

All reports, analyses, memoranda, Communications, and other discussions summarizing, describing, or referring to Your competitors and competition for the sale of CRT Products.

**REQUEST NO. 15:**

All Documents evidencing Your relationship, including any agreement or contracts with any broker, manufacturer, distributor, or supplier of CRTs or CRT Products other than Defendants.

**REQUEST NO. 16:**

All Documents concerning any analysis or study of the market for CRTs or CRT Products or of any supplier, producer, manufacturer, or distributor of CRTs or CRT Products.

8

**REQUEST NO. 17:**

All Documents relating to any events or changes in the market(s) for CRTs or CRT Products during the Relevant Period that would or did affect the production, supply, demand, uses, or pricing of CRTs or CRT Products.

**REQUEST NO. 18:**

All Documents sufficient to show Your policies and procedures for inventory management of purchases of CRTs and CRT Products, including the location(s) of any inventory warehouses and the procedure by which You manage that inventory.

**REQUEST NO. 19:**

All Documents reflecting the effect, if any, of price changes of CRT Products, or any of their components, on the profit or loss You realized.

**REQUEST NO. 20:**

All Documents reflecting the effect, if any, of price changes of CRT Products, or any of their components, on the profit or loss You anticipated.

**REQUEST NO. 21:**

All Documents relating to Your decisions, if any, to pass through to Your customers any increase in the price of CRTs or CRT Products.

**REQUEST NO. 22:**

All Documents reflecting what portion, if any, of the alleged overcharge on CRTs was passed on to You in Your purchases of CRT Products as alleged in paragraph 130 of the Complaint.

**REQUEST NO. 23:**

Separately for You and each of Your affiliates, divisions, or subsidiaries, all Documents concerning revenue, costs, profitability and margins (on a monthly or annual basis) for all CRTs and CRT Products You sold, used or distributed including but not limited to annual reports, balance sheets, financial statements and financial reports.

Defendants Panasonic Corporation's and LG Electronics, Inc.'s First
Set of Requests for Production of Documents to Best Buy Plaintiffs

**REQUEST NO. 24:**

All Documents relating to your suspicion or belief that any Defendant was engaged in any anticompetitive conduct relating to CRTs or CRT Products, including the date You first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**REQUEST NO. 25:**

Without limitation as to time, all Documents relating to any statement or action by any Defendant, or any other Person or entity that You contend had the effect of concealing any of Your claims.

**REQUEST NO. 26:**

Without limitation as to time, all Documents concerning any steps or actions taken by You to discover the facts alleged in the Complaint that You contend support Your claims.

**REQUEST NO. 27:**

All Documents relating to the sharing of information between manufacturers of CRTs.

**REQUEST NO. 28:**

All Documents relating to Communications that any of Your personnel had with the personnel of any other purchasers of CRTs or CRT Products regarding such CRTs or CRT Products, including personnel acting on behalf of any other plaintiff in the multi-district litigation Case No. 1917.

**REQUEST NO. 29:**

All Documents relating to Communications that any of Your personnel had with the personnel of any supplier of CRTs or CRT Products, including Defendants, regarding pricing, contract terms, production capacity, or volume of sales of any other supplier of CRTs or CRT Products.

10

No. 11-cv-05513 SC

Defendants Panasonic Corporation's and LG Electronics, Inc.'s  First
Set of Requests for Production of Documents to Best Buy Plaintiffs

**REQUEST NO. 30:**

All of Your organizational charts and personnel directories for each division involved in the purchase of any CRTs and/or CRT Products.

**REQUEST NO. 31:**

All Documents referred to, quoted, paraphrased, or excerpted in the Complaint, or otherwise relied upon as the basis for any allegation in the Complaint.

**REQUEST NO. 32:**

All Documents relating to any requests by You to change or revise any Defendant's terms of sale to You for CRTs or CRT Products.

**REQUEST NO. 33:**

Documents sufficient to identify all purposes for which You purchased or used CRTs and CRT Products.

**REQUEST NO. 34:**

All Documents relating to the allegations contained in paragraphs 146-149 of the Complaint.

**REQUEST NO. 35:**

Documents sufficient to show the meaning of any codes or abbreviations used in any data produced in response to any third-party subpoena served on You in the multi-district litigation Case No. 1917, including Documents that contain the characteristics of the CRTs and CRT Products associated with those codes and abbreviations, such as the size and other features.

Dated: May 15, 2012                    By:  ___/s/ David L. Yohai_____
                                            DAVID L. YOHAI (*pro hac vice*)
                                            E-mail: david.yohai@weil.com
                                            ADAM C. HEMLOCK (*pro hac vice*)
                                            E-mail: adam.hemlock@weil.com
                                            **WEIL, GOTSHAL & MANGES LLP**
                                            767 Fifth Avenue
                                            New York, New York 10153-0119
                                            Telephone:  (212) 310-8000
                                            Facsimile:  (212) 310-8007

11

1

2

GREGORY D. HULL (57367)
E-mail: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**

3

201 Redwood Shores Parkway
Redwood Shores, California 94065-1175

4

Telephone: (650) 802-3000
Facsimile: (650) 802-3100

5

6

*Attorneys for Defendants Panasonic Corporation
(f/k/a Matsushita Electric Industrial Co.)*

7

8

WILSON D. MUDGE (*pro hac vice*)
E-mail: wilson.mudge@aporter.com

9

**ARNOLD & PORTER LLP**

10

555 Twelfth Street Northwest
Washington, DC 20004-1206

11

Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

12

*Attorneys for Defendant LG Electronics, Inc*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

Defendants Panasonic Corporation's and LG Electronics, Inc.'s  First
Set of Requests for Production of Documents to Best Buy Plaintiffs

DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
E-mail: david.yohai@weil.com

GREGORY D. HULL (57367)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: greg.hull@weil.com

***Attorneys for Defendant Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | No.: M-07-5944 SC—MDL NO. 1917 |
| _____ | **CERTIFICATE OF SERVICE** |
| This Document Relates to: | |
| BEST BUY ACTION No. 3:11-cv-05513-SC | |

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 767 Fifth Avenue, New York, New York 10153.  I am not a party to the within cause, and I am over the age of eighteen years.  I further declare that on May 15, 2012, I served a copy of:

**DEFENDANTS PANASONIC CORPORATION'S AND LG ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO BEST BUY PLAINTIFFS**

☒        **BY ELECTRONIC MAIL** by sending a true copy thereof to the addressees, as stated below.

| | |
|---|---|
| Roman M. Silberfeld<br>E-mail: RMSilberfeld@rkmc.com<br>David Martinez<br>E-mail: DMartinez@rkmc.com<br>ROBINS, KAPLAN, MILLER & CIRESI L.L.P.<br><br>*Attorneys for Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P., Bestbuy.com, llc, and Magnolia Hi-Fi, Inc.* | Philip J. Iovieno<br>E-mail:  piovieno@bsfllp.com<br>William A. Isaacson<br>E-mail:  wisaacson@bsfllp.com<br>BOIES, SCHILLER & FLEXNER LLP<br><br>*Liaison Counsel for Direct Action Plaintiffs* |
| Guido Saveri<br>E-mail: guido@saveri.com<br>SAVERI & SAVERI, INC.<br><br>*Interim Lead Counsel for the Direct Purchaser Plaintiffs* | Mario N. Alioto<br>E-mail: malioto@tatp.com<br>TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP<br><br>*Interim Lead Counsel for the Indirect Purchaser Plaintiffs* |
| Satu A. Correa<br>E-mail: Satu.Correa@myfloridalegal.com<br>FLORIDA OFFICE OF THE ATTORNEY GENERAL<br><br>*Counsel for Plaintiff State of Florida* | *All defense counsel who have entered an appearance in this case.* |

Executed on May 15, 2012 at New York, New York.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Kevin B. Goldstein*
Kevin B. Goldstein

2

Exhibit 6

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

Laura E. Nelson
LENelson@rkmc.com

October 12, 2012

Eva W. Cole
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166

     Re:   *In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL 1917 (N.D. Cal.)*

Dear Eva,

I write in response to your October 4, 2012 letter. As an initial matter, I understand that the discovery propounded was on behalf of all of the defendants, and that similarly you are speaking on behalf of all the defendants.

### A.     General Objection

As I stated on our call, the vast majority — if not all — of Best Buy's relevant purchases were of CRTs contained in finished products and not, as you titled them, "bare tubes." I am confirming with my client that we are not seeking damages for any bare tube purchases and will supplement our responses if that is in error.

### B.     Data

As I mentioned on our call, we are in the process of confirming the accuracy of our data pull. I will let you know as soon as I have a definite date for production.

### C.     Contracts

You have misstated what I agreed to produce by way of contracts. We spoke about the various levels of contracts that Best Buy enters into with vendors from the multi-year vendor master agreements to the actual purchase orders. I did not agree to produce all available contracts for CRT product purchases, much less by today. I agreed to begin producing the vendor master agreements (which I believe you are referring to in your letter when you mention "vendor purchase

October 12, 2012
Page 2

agreements") by today, and attached to this letter are the first set of these
agreements (Bates labeled BBYCRT000001-BBYCRT000079). We will continue to
produce vendor master agreements on a rolling basis. I also agreed that during the
course of our document production we will produce some of the annual program
agreements; however, I did not commit to producing all of them nor did I agree to
produce them by today.

Finally, I agreed to produce market development fund data, but again I did
not agree to a time frame for production. Regarding the market development data,
as I explained on the call we will be producing a spreadsheet which contains the
market development funds which are related to the purchase of product but are
not otherwise accounted for in the transactional data. I further explained that this
information is not tracked or stored at the SKU level, but rather by vendor and/or
product class—as such, it does not tie out to the purchase order and the point of
sale data.

D.     **Custodian and Search Terms**

We will be providing you with a list of the director level employees for TV
and monitors as soon as practicable. We are working on identifying custodians
and will keep you apprised of the progress. As I said on the call, I assume that will
take two weeks or so, but I cannot give you a firm date at this time.

E.     **Additional Subjects of Discussion**

I agreed to review your search terms related to these issues, which I continue
to be willing to do.

F.     **Outright Objections**

Regarding Request 13, please let me know what search terms you would
propose for this category and I will consider whether or not that is agreeable to us.
Regarding Request 15, I am still unclear of the relevance of these documents.
Please explain whether you are asserting these documents are relevant to an
umbrella theory of damages. If that is not your assertion, please clarify what it is
that you are asserting, and I will consider your request. Regarding Requests 24-27,
31, 34 and Hitachi Interrogatories 1, 10, 12-15 and Panasonic Interrogatory 1, I am
reviewing the authority you cited and am considering supplementing our
responses. Regarding Panasonic Interrogatories 6, 7 and Hitachi Interrogatory 11,
we have agreed to supplement these responses. Regarding Panasonic
Interrogatory 9, we are looking into this question and will revert shortly.

83438200.1

October 12, 2012
Page 3

Finally, regarding the revised draft 30(b)(6) topics, I am reviewing the topics with my client and will provide a response shortly. On the issue of timing, I understand that you would like selected documents in advance of the deposition—in order to move toward production we will need to move forward on the search term discussion.

We are scheduled for a call this coming Wednesday at 10 CST and I am happy to discuss these issues with you at that time.

Best,

Laura Nelson /jlb

Laura E. Nelson

Exhibit 7

# ROBINS, KAPLAN, MILLER & CIRESI LLP

800 LASALLE AVENUE
2800 LASALLE PLAZA
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

Laura E. Nelson
LENelson@rkmc.com
612-349-0986

November 29, 2012

*By E-mail*

See Service List

Re:    *In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL 1917 (N.D. Cal.)*

Dear Counsel:

Best Buy Plaintiffs ("Best Buy") hereby produce and serve upon you documents in response to the First Set of Requests for Production Bates labeled BBYCRT000103 - BBYCRT000783. Best Buy designates these files as Highly Confidential – Attorneys' Eyes Only and as containing proprietary information. The data has been uploaded in native format to an FTP site. Please let me know if you have any issues accessing the data.

The address of the FTP site is ftp.rkmc.com. The username is (case sensitive): RKMC-BB_CRT_Production. The password is PP+7@hc. The Port is 22. FTP access will only work to our site using a client that is SFTP capable, using the IE browser will not work. To connect you will need Filezilla, or another SFTP-capable client installed on the machine to access the site. Instructions on how to install and use FileZilla can be found at http://filezilla-project.org/download.php/.

Sincerely,

Laura E. Nelson

Laura E. Nelson

BCS

**SERVICE LIST**

<u>In Re: Cathode Ray Tube (CRT) Antitrust Litigation</u>
U.S.D.C. Master File No. 3:07-cv-05944-SC
MDL No. 1917
<u>Best Buy Co., Inc., et al. v. Hitachi, LTD., et al.</u>
U.S.D.C. Individual Case No. 11-cv-05513-SC

Eva W. Cole                                    *EWCole@winston.com*
Molly M. Donovan                               *MMDonovan@winston.com*
Jennifer M. Stewart                            *JStewart@winston.com*
George W. Mustes                               *GMustes@winston.com*
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY  10166

Michelle Park Chiu                             *mchiu@morganlewis.com*
Minna Lo Naranjo                               *mnaranjo@morganlewis.com*
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126

Exhibit 8

1   ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
    Roman M. Silberfeld, Bar No. 62783
2   RMSilberfeld@rkmc.com
    David Martinez, Bar No. 193183
3   DMartinez@rkmc.com
    2049 Century Park East, Suite 3400
4   Los Angeles, CA 90067-3208
    Telephone:    310-552-0130
5   Facsimile:    310-229-5800

6

7   Attorneys for Plaintiffs

8   BEST BUY CO., INC.; BEST BUY PURCHASING
    LLC; BEST BUY ENTERPRISE SERVICES, INC.;
    BEST BUY STORES, L.P.; BESTBUY.COM,
9   LLC.; MAGNOLIA HI-FI, INC.

10                  **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

12

13   IN RE: CATHODE RAY TUBE (CRT)          Master File No. M:07-5994-SC
     ANTITRUST LITIGATION                   MDL No. 1917
14

15   This Document Relates to               Case No. 3:11-cv-05513-SC
     Individual Case No. 3:11-cv-05513-SC
16  ─────────────────────────────────

17   BEST BUY CO., INC.; BEST BUY           **PLAINTIFF'S RESPONSES TO**
     PURCHASING LLC; BEST BUY               **DEFENDANTS PANASONIC**
18   ENTERPRISE SERVICES, INC.; BEST BUY    **CORPORATION'S AND LG**
     STORES, L.P.; BESTBUY.COM, L.L.C.; and **ELECTRONICS, INC.'S FIRST SET**
19   MAGNOLIA HI-FI, INC.,                  **OF REQUESTS FOR PRODUCTION**
                                            **OF DOCUMENTS**
20                  Plaintiffs,

21          v.

22   HITACHI, LTD.; HITACHI DISPLAYS, LTD.;
     HITACHI AMERICA, LTD.; HITACHI ASIA,
23   LTD.; HITACHI ELECTRONIC DEVICES
     (USA), INC.; SHENZHEN SEG HITACHI
24   COLOR DISPLAY DEVICES, LTD.; IRICO
     GROUP CORPORATION; IRICO GROUP
25   ELECTRONICS CO., LTD.; IRICO DISPLAY
     DEVICES CO., LTD.; LG ELECTRONICS,
26   INC.; LG ELECTRONICS USA, INC.; LG
     ELECTRONICS TAIWAN TAIPEI CO., LTD.;
27   LP DISPLAYS INTERNATIONAL LTD.;

28   (CONTINUED ON NEXT PAGE)

*left margin:* ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  PANASONIC CORPORATION; PANASONIC
CORPORATION OF NORTH AMERICA; MT
2  PICTURE DISPLAY CO., LTD.; BEIJING
MATSUSHITA COLOR CRT CO., LTD.;
3  KONINKLIJKE PHILIPS ELECTRONICS N.V.;
PHILIPS ELECTRONICS NORTH AMERICA
4  CORPORATION; PHILIPS ELECTRONICS
INDUSTRIES (TAIWAN), LTD.; PHILIPS DA
5  AMAZONIA INDUSTRIA ELECTRONICA
LTDA.; SAMTEL COLOR LTD.; THAI CRT
6  CO., LTD.; TOSHIBA CORPORATION;
TOSHIBA AMERICA, INC.; TOSHIBA
7  AMERICA CONSUMER PRODUCTS, LLC;
TOSHIBA AMERICA ELECTRONIC
8  COMPONENTS, INC.; TOSHIBA AMERICA
INFORMATION SYSTEMS, INC.;
9  CHUNGHWA PICTURE TUBES, LTD.;
CHUNGHWA PICTURE TUBES
10  (MALAYSIA); TATUNG COMPANY OF
AMERICA, INC.,

11

12                              Defendants.

13        TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

14                        **GENERAL OBJECTIONS**

15        Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services,

16  Inc.; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; Magnolia Hi-Fi, Inc. (collectively "Best Buy")

17  assert and incorporate by reference the following General Objections to each Request for

18  Production of Document ("Request(s)"). Reference to these General Objections in any specific

19  Request shall not waive or otherwise limit the applicability of these General Objections to each

20  and every Request.

21        1.      Best Buy construes Defendants' Requests as served on behalf of all defendants

22  named in the Complaint ("Defendants") and responds and objects accordingly.

23        2.      Best Buy objects to Defendants' "Definitions" to the extent that they impose

24  burdens and obligations on Best Buy greater than or different from those authorized under the

25  Federal Rules of Civil Procedure and the Local Rules of this Court and to the extent they purport

26  to give meanings to words different from their ordinary English meaning or definitions set forth

27  in the applicable statutes or rules.

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

3.      Best Buy objects to each Request to the extent that it calls for information protected by the attorney-client privilege, or that may be protected by any other privilege, such as a joint defense or common interest privilege.

4.      Best Buy objects to each Request to the extent that it seeks work product information or documents prepared by Best Buy or its representatives or in furtherance of any joint defense or common interest in anticipation of litigation or for trial.

5.      Best Buy objects to each Request to the extent that it seeks information not relevant to the claim or defense of any party to this litigation, or that it is not reasonably calculated to lead to the discovery of admissible evidence.

6.      Best Buy objects to each Request to the extent that it seeks information that is vexatious or unduly burdensome to obtain.

7.      Best Buy objects to each Request to the extent that it is ambiguous, vague, and incomprehensible and/or fails to set forth with reasonable particularity the information requested.

8.      Best Buy objects to the extent that each Request prematurely seeks expert testimony and contention discovery.

9.      Best Buy objects to each Request to the extent that it is overbroad and/or repetitious, and to the extent that it seeks duplicative and/or cumulative information.

10.     Best Buy objects to each Request to the extent that it seeks information that is private, confidential, trade secret or proprietary information of itself or third parties. Best Buy agrees to provide such information, subject to the other objections stated herein, with the consent of or after an agreement has been made with interested third parties, or if such consent or agreement cannot be obtained, after the entry of an order from the Court directing Best Buy to release such information.

11.     Best Buy objects to each Request to the extent that it seeks information that is already in the possession, custody or control of Defendants and/or their counsel, or to the extent that it seeks information that is available to Defendants from other sources with equivalent ease and expense.

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 3 -

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

12.     Best Buy further objects to the extent that the Requests call for information that Best Buy does not track or keep in the ordinary course of business, or that is not in Best Buy's possession, custody or control.

13.     Best Buy objects to each Request for Overbreadth and Undue Burden to the extent that it is unlimited in time. Best Buy interprets the Requests as restricted to information or materials created or obtained in or around the time periods relevant to the alleged acts and omissions reasonably related to the claims and defense in the action.

14.     Best Buy objects to the extent Defendants are drawing a distinction between CRTs and CRT Products. Best Buy is interpreting all requests related to CRTs to include its purchases of CRT Products, which contain CRTs.

15.     Best Buy objects to the Requests to the extent that they seek expert opinion, as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges in accordance with the time period for exchanging expert reports.

16.     The inadvertent or mistaken disclosure of information subject to the protection of the attorney-client privilege, work-product doctrine or other privilege shall not be deemed to constitute a waiver of such privilege or protection.

## RESERVATIONS OF RIGHTS

1.     In responding to these Requests, Best Buy states that it has conducted, or will conduct, a diligent search, reasonable in scope, of those files and records in its possession, custody, or control believed to be likely to contain information responsive to the document requests herein.

2.     In the event that additional documents responsive to any of the Requests are later identified or brought to Best Buy's attention, Best Buy reserves the right to amend, revise, supplement, modify, or clarify the following objections and responses. Best Buy further reserves the right to complete its investigation and discovery of the facts, and to rely at trial or in other proceedings upon documents and information in addition to the information provided herein, regardless of whether such information is newly discovered or newly in existence.

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917                - 4 -
83082543.1

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

3.      Best Buy has responded to these Requests as it interprets and understands them. If Defendants subsequently assert an interpretation of any Request or response that differs from Best Buy's understanding, Best Buy reserves the right to supplement or amend its objections or responses.

4.      Best Buy's responses to these Requests shall not constitute an admission by Best Buy that any of the document requests or responses thereto, or the documents produced in connection therewith, are admissible as evidence in any trial or other proceeding. Best Buy specifically reserves the right to object on any grounds, at any time, to the admission of any document request or any response or document produced in connection therewith in any such trial or other proceeding.

## RESPONSES AND SPECIFIC OBJECTIONS

**REQUEST NO. 1:** All Documents You Identified or were requested to Identify in response to the Interrogatories served herewith.

**RESPONSE:**

Best Buy incorporates by reference its objections and responses to the Interrogatories.

**REQUEST NO. 2:** All Documents concerning any CRTs or CRT Products purchased by You or on Your behalf from Defendants during the Relevant Period, including Documents evidencing for each CRT or CRT Product:

a.      the date and place of purchase of the CRT or CRT Product, including the place(s) where the CRT or CRT Product was manufactured, shipped from, shipped to, stored, and/or invoiced;

b.      the Person or entity from whom You purchased each CRT or CRT Product;

c.      the Identities of the Persons involved in the negotiations and ordering of each CRT or CRT Product, including where any such negotiations were conducted;

d.      the quantity of each purchase if a purchase included more than one CRT or CRT Product;

e.      the manufacturer of each CRT or CRT Product, including where each CRT or CRT Product was manufactured;

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 5 -

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

f.       any Person who bought or sold the CRT or CRT Product before You purchased the CRT or CRT Product;

g.       the list price of each CRT or CRT Product;

h.       store or manufacturer discounts, coupons, rebates, refunds, dividends, shipping or volume related discounts, or other price adjustments applied to the price of each CRT or CRT Product and their amount;

i.        the net price paid for each CRT or CRT Product (before tax), including any store or manufacturer discounts, coupons, rebates, refunds, dividends, shipping or volume related discounts, or other price adjustments;

j.        all items or things of value You received in exchange for the net price that You paid for each CRT or CRT Product, including shipping, storage, future discounts, discounts on non-CRT products, accessory products, warranties, and/or insurance plans;

k.       any taxes, customs, tariffs, duties, OR other fees paid (and the Identity of the government entity that received the same) on each CRT or CRT Product;

l.        any freight charges associated with each CRT or CRT Product;

m.      any other additional or related costs incurred in connection with Your purchase of each CRT or CRT Product, including any insurance plans or warranties;

n.       all terms and conditions that were a part of each purchase of any CRT or CRT Product, including any below-cost pricing, most-favored-nation pricing, negotiable pricing, sale pricing, loss-leader pricing;

o.       whether any purchases were made under a purchasing or other agreement;

p.       all receipts, invoices, purchase orders, wire transfer records or other similar Documents evidencing each CRT or CRT Product purchase; and

q.       all information used to identify each CRT or CRT Product including tracking numbers, model numbers, product names, brands and serial numbers.

**RESPONSE:**

In addition to Best Buy's General Objections, which Best Buy hereby incorporates by reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 6 -

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

burdensome, and seeks information that is not relevant to any claim or defense in this case. Best Buy also objects on the ground that this Request seeks information that is equally available to Defendants. Subject to and without waiving these objections, Best Buy will produce for the period January 1, 2003 through November 25, 2007, for each CRT Product Best Buy acquired that Best Buy subsequently resold, data regarding that acquisition in the following categories: the purchase date; the vendor; the Product name; the Product brand; the Product model; the quantity purchased; the Product's manufacturer; the Net Purchase Price; the purchase order number; the shipping identification number, and the SKU number. Best Buy will further produce, for the period January 1, 1996 through November 25, 2007, for each sale by Best Buy of any CRT Product, data regarding that sale in the following categories: sale date; sale location by store number; product name; product brand; quantity sold; net sales price; approximate net purchase price; transaction keys, and SKU numbers.

**REQUEST NO. 3:** Documents sufficient to show the meaning of any codes or abbreviations used in any data produced in response to Request for Production No. 2, including Documents that contain the characteristics of the CRTs and CRT Products associated with those codes and abbreviations, such as the size, model, manufacturer, and other features.

**RESPONSE:**

In addition to Best Buy's General Objections, which Best Buy hereby incorporates by reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Subject to and without waiving these objections, Best Buy will provide the SKU information referenced above in response to Request No. 2, the product class and subclass information to which they belong that is contained in Best Buy's SKU look-up table for the included products and that discloses how Best Buy groups SKUs into classes and subclasses) and that contains its narrative product descriptions for each SKU number. To the extent the data provided in response to Request No. 2 contains other codes, symbols, or abbreviations (other than with respect to the product descriptions in the SKU look-up table referred to in the preceding sentence), Best Buy will produce a key explaining the meaning of any such codes, symbols, or abbreviations.

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 7 -

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    **REQUEST NO. 4:** For each purchase or potential purchase by You of any CRT or CRT

2    Product, all Documents relating to negotiations or Communications of that purchase, including

3    but not limited to any offers, price quotes, price lists, rebates, discounts, price reductions, credits

4    or other terms and conditions of sale.

5        **RESPONSE:**

6        In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

7    reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

8    burdensome, and seeks information that is not relevant to any claim or defense in this case. Best

9    Buy further objects to this Request on the grounds that the clause "other terms and conditions of

10   sale" is vague and ambiguous. Best Buy further objects that this Request calls for production of

11   documents and information equally available to Defendants. Best Buy objects to the extent this

12   Request calls from disclosure of privileged information. Subject to and without waiving these

13   objections, Best Buy offers to meet and confer with Defendants regarding the scope of this

14   request.

15       **REQUEST NO. 5:** For each purchase or potential purchase by You of any CRT or CRT

16   Product, all contracts, purchase orders, agreements or memoranda of understanding or any other

17   Document that contains any term or condition of sale, including all exclusive contracts, master

18   purchase agreements, purchase orders, invoices, cost-plus contracts and most-favored-nation

19   contracts, and purchase order acknowledgements.

20       **RESPONSE:**

21       In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

22   reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

23   burdensome, and seeks information that is not relevant to any claim or defense in this case and/or

24   that is equally available to Defendants. Subject to and without waiving its objections, Best Buy

25   will produce sample responsive contracts, as they are kept in the usual course of business, in its

26   possession, custody or control, to the extent they exist and relate to purchases of CRT Products in

27   the United States.

28       **REQUEST NO. 6:** All Documents relating to negotiations or Communications regarding

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 8 -

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and

2  conditions of Your sales of CRT Products.

3  **RESPONSE:**

4  In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

5  reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

6  burdensome, and seeks information that is not relevant to any claim or defense in this case. Best

7  Buy further objects to this Request on the grounds that the clause "other terms and conditions of

8  Your sales" is vague and ambiguous. Best Buy further objects that this Request calls for

9  production of documents and information equally available to Defendants. Best Buy objects to

10  the extent this Request calls from disclosure of privileged information. Subject to and without

11  waiving these objections, Best Buy offers to meet and confer with Defendants regarding the scope

12  of this request.

13  **REQUEST NO. 7:** All Documents relating to the negotiation or interpretation of any

14  purchase order, contract, agreement, or terms of sale between You and any Defendant relating to

15  CRTs and CRT Products, including Documents relating to which terms or agreements govern

16  which transactions.

17  **RESPONSE:**

18  In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

19  reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

20  burdensome, and seeks information that is not relevant to any claim or defense in this case. Best

21  Buy further objects to this Request on the grounds that the clause "terms of sale" is vague and

22  ambiguous. Best Buy further objects that this Request calls for production of documents and

23  information equally available to Defendants. Best Buy objects to the extent this Request calls

24  from disclosure of privileged information. Subject to and without waiving these objections, Best

25  Buy offers to meet and confer with Defendants regarding the scope of this request.

26  **REQUEST NO. 8:** For each purchase or potential purchase by You of any CRT or CRT

27  Product, all Documents relating to any efforts to consider alternative items or products before the

28  purchase was made, including all Documents relating to (a) any alternative items or products

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 9 -

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   considered, (b) the price of such items or products, and (c) any factors related to the decision not

2   to purchase the alternative item or product.

3        **RESPONSE:**

4        In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

5   reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

6   burdensome, and seeks information that is not relevant to any claim or defense in this case. Best

7   Buy further objects that this Request calls for production of documents and information equally

8   available to Defendants. Best Buy objects to the extent this Request calls from disclosure of

9   privileged information. Subject to and without waiving these objections, Best Buy offers to meet

10  and confer with Defendants regarding the scope of this request.

11       **REQUEST NO. 9:** All Documents relating to any decision to purchase CRT Products

12  instead of or as an alternative to liquid crystal display or plasma display products, including all

13  Documents relating to (a) any liquid crystal display or plasma display products considered, (b) the

14  price of such items or products, and (c) any factors related to the decision not to purchase the

15  liquid crystal display or plasma display product.

16       **RESPONSE:**

17       In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

18  reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

19  burdensome, and seeks information that is not relevant to any claim or defense in this case Best

20  Buy further objects that this Request calls for production of documents and information equally

21  available to Defendants. Best Buy objects to the extent this Request calls from disclosure of

22  privileged information. Subject to and without waiving these objections, Best Buy offers to meet

23  and confer with Defendants regarding the scope of this request.

24       **REQUEST NO. 10:** All Documents relating to any decision by You not to complete a

25  proposed or contemplated purchase of CRTs or CRT Products during the Relevant Period.

26       **RESPONSE:**

27       In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

28  reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 10 -

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  burdensome, and seeks information that is not relevant to any claim or defense in this case. Best

2  Buy further objects to this Request on the grounds that the clause "not to complete a proposed or

3  contemplated purchase" is vague and ambiguous. Best Buy further objects that this Request calls

4  for production of documents and information equally available to Defendants. Best Buy objects to

5  the extent this Request calls from disclosure of privileged information. Subject to and without

6  waiving these objections, Best Buy offers to meet and confer with Defendants regarding the scope

7  of this request.

8      **REQUEST NO. 11:** All Documents constituting contracts, purchase orders, or other

9  agreements between You and any OEM, original design manufacturer, contract manufacturer or

10  system integrator for the purchase or manufacture of CRTs or CRT Products.

11     **RESPONSE:**

12      In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

13  reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

14  burdensome, and seeks information that is not relevant to any claim or defense in this case Best

15  Buy further objects that this Request calls for production of documents and information equally

16  available to Defendants. Best Buy objects to the extent this Request calls from disclosure of

17  privileged information. Subject to and without waiving these objections, Best Buy offers to meet

18  and confer with Defendants regarding the scope of this request.

19     **REQUEST NO. 12:** All Documents relating to Your corporate policies, practices and/or

20  procedures, whether formal or informal, for making decisions concerning the purchase or sale of

21  CRTs or CRT Products including factors considered and purchasing methods and procedures You

22  currently use or have used at any time during the Relevant Period.

23     **RESPONSE:**

24      In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

25  reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

26  burdensome, and seeks information that is not relevant to any claim or defense in this case Best

27  Buy further objects that this Request calls for production of documents and information equally

28  available to Defendants. Best Buy objects to the extent this Request calls from disclosure of

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1
- 11 -
PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

1   privileged information. Subject to and without waiving these objections, Best Buy offers to meet

2   and confer with Defendants regarding the scope of this request.

3       **REQUEST NO. 13:** All Documents relating to Your participation in any cooperative

4   entity, trade association, symposium, conference, or other organization concerning CRTs or CRT

5   Products.

6       **RESPONSE:**

7       In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

8   reference, Best Buy specifically objects to this Request on the grounds that it is overbroad and

9   unduly burdensome, and seeks information that is not relevant to any claim or defense in this

10  case. Best Buy also objects to this Request to the extent that it seeks the confidential information

11  of third parties, which Best Buy is obligated, contractually or otherwise, not to disclose.

12      **REQUEST NO. 14:** All reports, analyses, memoranda, Communications, and other

13  discussions summarizing, describing, or referring to Your competitors and competition for the

14  sale of CRT Products.

15      **RESPONSE:**

16      In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

17  reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

18  burdensome, and seeks information that is not relevant to any claim or defense in this case.

19  Subject to and without waiving these objections, Best Buy agrees to conduct a reasonable search

20  for documents sufficient to show what competitor information Best Buy has when setting prices.

21      **REQUEST NO. 15:** All Documents evidencing Your relationship, including any

22  agreement or contracts with any broker, manufacturer, distributor, or supplier of CRTs or CRT

23  Products other than Defendants.

24      **RESPONSE:**

25      In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

26  reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

27  burdensome, and seeks information that is not relevant to any claim or defense in this case. Best

28  Buy also objects to the terms "broker," "manufacturer," "distributor," and "supplier" as used

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 12 -

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

1    herein as vague and ambiguous. Best Buy also objects to this Request to the extent that it seeks

2    the confidential information of third parties, which Best Buy is obligated, contractually or

3    otherwise, not to disclose.

4        **REQUEST NO. 16:** All Documents concerning any analysis or study of the market for

5    CRTs or CRT Products or of any supplier, producer, manufacturer, or distributor of CRTs or CRT

6    Products.

7        **RESPONSE:**

8        In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

9    reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

10   burdensome, and seeks information that is not relevant to any claim or defense in this case. Best

11   Buy objects to the extent this Request calls from disclosure of privileged and proprietary

12   information. Subject to and without waiving these objections, Best Buy offers to meet and confer

13   with Defendants regarding the scope of this request.

14       **REQUEST NO. 17:** All Documents relating to any events or changes in the market(s) for

15   CRTs or CRT Products during the Relevant Period that would or did affect the production,

16   supply, demand, uses, or pricing of CRTs or CRT Products.

17       **RESPONSE:**

18       In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

19   reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

20   burdensome, and seeks information that is not relevant to any claim or defense in this case.

21   Subject to and without waiving its objections, Best Buy Best Buy will produce sample responsive

22   documents, as they are kept in the usual course of business, in its possession, custody or control,

23   to the extent they exist and relate to purchases of CRT Products in the United States.

24       **REQUEST NO. 18:** All Documents sufficient to show Your policies and procedures for

25   inventory management of purchases of CRTs and CRT Products, including the location(s) of any

26   inventory warehouses and the procedure by which You manage that inventory.

27       **RESPONSE:**

28       In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 13 -

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Best Buy objects to the extent this Request calls from disclosure of privileged and proprietary information. Subject to and without waiving these objections, Best Buy offers to meet and confer with Defendants regarding the scope of this request.

**REQUEST NO. 19:** All Documents reflecting the effect, if any, of price changes of CRT Products, or any of their components, on the profit or loss You realized.

**RESPONSE:**

In addition to Best Buy's General Objections, which Best Buy hereby incorporates by reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Best Buy objects that this Request prematurely calls for expert testimony. Best Buy also objects to the extent this Request calls from disclosure of privileged and proprietary information. Subject to and without waiving these objections, Best Buy offers to meet and confer with Defendants regarding the scope of this request.

**REQUEST NO. 20:** All Documents reflecting the effect, if any, of price changes of CRT Products, or any of their components, on the profit or loss You anticipated.

**RESPONSE:**

In addition to Best Buy's General Objections, which Best Buy hereby incorporates by reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Best Buy objects that this Request prematurely calls for expert testimony. Best Buy also objects to the extent this Request calls from disclosure of privileged and proprietary information. Subject to and without waiving these objections, Best Buy offers to meet and confer with Defendants regarding the scope of this request.

**REQUEST NO. 21:** All Documents relating to Your decisions, if any, to pass through to Your customers any increase in the price of CRTs or CRT Products.

**RESPONSE:**

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 14 -

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

2   reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

3   burdensome, and seeks information that is not relevant to any claim or defense in this case. Best

4   Buy objects that this Request prematurely calls for expert testimony. Best Buy also objects to the

5   extent this Request calls from disclosure of privileged and proprietary information. Subject to and

6   without waiving these objections, Best Buy offers to meet and confer with Defendants regarding

7   the scope of this request.

8   **REQUEST NO. 22:** All Documents reflecting what portion, if any, of the alleged

9   overcharge on CRTs was passed on to You in Your purchases of CRT Products as alleged in

10  paragraph 130 of the Complaint.

11  **RESPONSE:**

12  16- In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

13  reference, Best Buy specifically objects to this Request to the extent that it seeks information that

14  is protected by attorney-client privilege and/or the work product doctrine. Best Buy objects to the

15  extent this Request prematurely seeks expert testimony and contention discovery. Best Buy

16  further objects to this Request as premature, on the grounds that discovery is in its early stages,

17  and Best Buy's factual investigation is continuing. Subject to and without waiving these

18  objections, Best Buy offers to meet and confer with Defendants regarding the scope of this

19  request.

20  **REQUEST NO. 23:** Separately for You and each of Your affiliates, divisions, or

21  subsidiaries, all Documents concerning revenue, costs, profitability and margins (on a monthly or

22  annual basis) for all CRTs and CRT Products You sold, used or distributed including but not

23  limited to annual reports, balance sheets, financial statements and financial reports.

24  **RESPONSE:**

25  In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

26  reference, Best Buy specifically objects to this Request on the grounds that it is overbroad and

27  unduly burdensome, and seeks information that is not relevant to any claim or defense in this

28  case. Best Buy objects that this Request prematurely calls for expert testimony. Subject to and

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1
- 15 -
PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

1   without waiving these objections, Best Buy points Defendants to the data it is producing in

2   response to Request No. 2.

3       **REQUEST NO. 24:** All Documents relating to your suspicion or belief that any

4   Defendant was engaged in any anticompetitive conduct relating to CRTs or CRT Products,

5   including the date You first suspected such conduct and the circumstances surrounding, and

6   reasons for, such suspicions or beliefs.

7       **RESPONSE:**

8       In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

9   reference, Best Buy specifically objects to this Request on the grounds that it is overly broad,

10  unduly burdensome and calls for production of documents protected from disclosure under the

11  attorney-client privilege and other privileges and the work-product doctrine. Best Buy further

12  objects to this Request on the grounds that it is overbroad, unduly burdensome, particularly

13  insofar as it seeks documents that are either publicly available or were produced in this litigation

14  to Best Buy by Defendants and their co-conspirators. Such documents are either already in the

15  possession of Defendants, or can be obtained by Defendants from another source that is more

16  convenient, less burdensome, or less expensive. Best Buy further objects to this Request as

17  premature contention discovery, particularly given that discovery is in its early stages and Best

18  Buy's factual investigation is continuing.

19      **REQUEST NO. 25:** Without limitation as to time, all Documents relating to any

20  statement or action by any Defendant, or any other Person or entity that You contend had the

21  effect of concealing any of Your claims.

22      **RESPONSE:**

23      In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

24  reference, Best Buy specifically objects to this Request on the ground that the term "concerning

25  any statement or action" as used herein is overbroad and unduly burdensome. Best Buy further

26  objects to this Request on the ground that the phrase "concealing any of Your claims" as used

27  herein calls for a legal conclusion regarding what is deemed "concealing" under the law. Best

28  Buy also objects to this Request on the ground that the term "concealing" as used herein is vague

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  and ambiguous, and taken to its logical conclusion would include every communication between

2  Best Buy and Defendants. Best Buy further objects to this Request on the grounds that it is

3  overbroad, unduly burdensome, particularly insofar as it seeks documents that are either publicly

4  available or were produced in this litigation to Best Buy by Defendants and their co-conspirators.

5  Such documents are either already in the possession of Defendants, or can be obtained by

6  Defendants from another source that is more convenient, less burdensome, or less expensive. Best

7  Buy further objects to this Request as premature contention discovery, particularly given that

8  discovery is in its early stages and Best Buy's factual investigation is continuing.

9      **REQUEST NO. 26:** Without limitation as to time, all Documents concerning any steps or

10  actions taken by You to discover the facts alleged in the Complaint that You contend support

11  Your claims.

12      **RESPONSE:**

13      In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

14  reference, Best Buy specifically objects to this Request on the grounds that it is overly broad,

15  unduly burdensome and calls for production of documents protected from disclosure under the

16  attorney-client privilege and other privileges and the work-product doctrine. Best Buy further

17  objects to this Request on the grounds that it is overbroad, unduly burdensome, particularly

18  insofar as it seeks documents that are either publicly available or were produced in this litigation

19  to Best Buy by Defendants and their co-conspirators. Such documents are either already in the

20  possession of Defendants, or can be obtained by Defendants from another source that is more

21  convenient, less burdensome, or less expensive. Best Buy further objects to this Request as

22  premature contention discovery, particularly given that discovery is in its early stages and Best

23  Buy's factual investigation is continuing.

24      **REQUEST NO. 27:** All Documents relating to the sharing of information between

25  manufacturers of CRTs.

26      **RESPONSE:**

27      In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

28  reference, Best Buy specifically objects to this Request to the extent that it seeks information that

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 17 -

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   is protected by the attorney-client privilege, joint prosecution or common interest privileges,

2   and/or the work product doctrine. Best Buy also objects to this Request on the grounds that it is

3   overbroad, unduly burdensome, particularly insofar as it seeks documents that are either publicly

4   available or were produced in this litigation to Best Buy by Defendants and its co-conspirators.

5   Such documents are either already in Defendants' possession, or can be obtained by Defendants

6   from another source that is more convenient, less burdensome, or less expensive. Best Buy also

7   objects to this Request as overbroad with respect to the unlimited period of time for which

8   documents are requested.

9        **REQUEST NO. 28:** All Documents relating to Communications that any of Your

10   personnel had with the personnel of any other purchasers of CRTs or CRT Products regarding

11   such CRTs or CRT Products, including personnel acting on behalf of any other plaintiff in the

12   multi-district litigation Case No. 1917.

13        **RESPONSE:**

14        In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

15   reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

16   burdensome, and seeks information that is not relevant to any claim or defense in this case. Best

17   Buy further objects that this Request calls for the production of documents and information

18   equally available to Defendants. Best Buy objects to the extent this Request calls from disclosure

19   of privileged information. Subject to and without waiving these objections, Best Buy offers to

20   meet and confer with Defendants regarding the scope of this request.

21        **REQUEST NO. 29:** All Documents relating to Communications that any of Your

22   personnel had with the personnel of any supplier of CRTs or CRT Products, including

23   Defendants, regarding pricing, contract terms, production capacity, or volume of sales of any

24   other supplier of CRTs or CRT Products.

25        **RESPONSE:**

26        In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

27   reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

28   burdensome, and seeks information that is not relevant to any claim or defense in this case. Best

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1
- 18 -
PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  Buy further objects that this Request calls for the production of documents and information

2  equally available to Defendants. Best Buy objects to the extent this Request calls from disclosure

3  of privileged information. Subject to and without waiving these objections, Best Buy offers to

4  meet and confer with Defendants regarding the scope of this request.

5  **REQUEST NO. 30:** All of Your organizational charts and personnel directories for each

6  division involved in the purchase of any CRTs and/or CRT Products.

7  **RESPONSE:**

8  In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

9  reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

10 burdensome, and seeks information that is not relevant to any claim or defense in this case.

11 Subject to and without waiving its objections, Best Buy will conduct a reasonable search for

12 documents sufficient to show the organizational charts for divisions directly involved in the

13 purchase of CRT Products, to the extent such documents exist.

14 **REQUEST NO. 31:** All Documents referred to, quoted, paraphrased, or excerpted in the

15 Complaint, or otherwise relied upon as the basis for any allegation in the Complaint.

16 **RESPONSE:**

17 In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

18 reference, Best Buy specifically objects to this Request on the grounds that it is overly broad and

19 unduly burdensome. Further, Best Buy objects to this Request to the extent that information is

20 covered by the attorney client privilege or work product protection. Best Buy further objects that

21 these documents are equally available to Defendants.

22 **REQUEST NO. 32:** All Documents relating to any requests by You to change or revise

23 any Defendant's terms of sale to You for CRTs or CRT Products.

24 **RESPONSE:**

25 In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

26 reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

27 burdensome, and seeks information that is not relevant to any claim or defense in this case. Best

28 Buy further objects to this Request on the grounds that the clause "terms of sale" is vague and

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 19 -

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    ambiguous. Best Buy further objects that this Request calls for production of documents and

2    information equally available to Defendants. Best Buy objects to the extent this Request calls

3    from disclosure of privileged information. Subject to and without waiving these objections, Best

4    Buy offers to meet and confer with Defendants regarding the scope of this request.

5        **REQUEST NO. 33:** Documents sufficient to identify all purposes for which You

6    purchased or used CRTs and CRT Products.

7        **RESPONSE:**

8        In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

9    reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

10   burdensome, and seeks information that is not relevant to any claim or defense in this case.

11       **REQUEST NO. 34:** All Documents relating to the allegations contained in

12   paragraphs 146-149 of the Complaint.

13       **RESPONSE:**

14       In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

15   reference, Best Buy specifically objects to this Request on the grounds that it is overly broad,

16   unduly burdensome and calls for production of documents protected from disclosure under the

17   attorney-client privilege and other privileges and the work-product doctrine. Best Buy further

18   objects to this Request on the grounds that it is overbroad, unduly burdensome, particularly

19   insofar as it seeks documents that are either publicly available or were produced in this litigation

20   to Best Buy by Defendants and their co-conspirators. Such documents are either already in the

21   possession of Defendants, or can be obtained by Defendants from another source that is more

22   convenient, less burdensome, or less expensive. Best Buy further objects to this Request as

23   premature contention discovery, particularly given that discovery is in its early stages and Best

24   Buy's factual investigation is continuing.

25       **REQUEST NO. 35:** Documents sufficient to show the meaning of any codes or

26   abbreviations used in any data produced in response to any third-party subpoena served on You in

27   the multi-district litigation Case No. 1917, including Documents that contain the characteristics of

28   the CRTs and CRT Products associated with those codes and abbreviations, such as the size and

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 20 -

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

1    other features.

2          **RESPONSE:**

3          Best Buy incorporates by reference its objections and response to Request No. 3.

4    DATED: August 17, 2012                **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

5

6                                         By: /s/ Laura E. Nelson
                                              Roman M. Silberfeld
7                                             David Martinez
                                              Laura E. Nelson
8                                             Lauren E. Wood

9                                         **ATTORNEYS FOR PLAINTIFFS**
                                          **BEST BUY CO., INC.; BEST BUY PURCHASING**
10                                        **LLC; BEST BUY ENTERPRISE SERVICES, INC.;**
                                          **BEST BUY STORES, L.P.; BESTBUY.COM, LLC.;**
11                                        **MAGNOLIA HI-FI, INC.**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Exhibit 9

# WINSTON & STRAWN LLP

SUITE 718, CHINA WORLD OFFICE 1
1 JIANGUOMENWAI AVENUE
BEIJING 100004, CHINA

100 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601

GRAND-RUE 23
1204 GENEVA, SWITZERLAND

42ND FLOOR, BANK OF CHINA TOWER
1 GARDEN ROAD
CENTRAL, HONG KONG

1111 LOUISIANA, 25TH FLOOR
HOUSTON, TEXAS 77002

CITYPOINT
ONE ROPEMAKER STREET
LONDON, EC2Y 9HU, UK

200 PARK AVENUE
NEW YORK, NEW YORK 10166

+1 (212) 294-6700

FACSIMILE +1 (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071

SUITE A350, 4 STASOVOY STREET
MOSCOW, 119071, RUSSIAN FEDERATION

ONE RIVERFRONT PLAZA, SUITE 730
NEWARK, NEW JERSEY 07102

25 AVENUE MARCEAU, CS 31621
75773 PARIS CEDEX 16, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111

UNITS 3105-3106
SHANGHAI KERRY CENTRE
1515 NANJING ROAD WEST
JINGAN, SHANGHAI 200040, CHINA

1700 K STREET, N.W.
WASHINGTON, D.C. 20006

Eva W. Cole
Partner
212-294-4609
ewcole@winston.com

October 4, 2012

**VIA EMAIL**

Laura E. Nelson
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402

**Re:**   *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL 1917 (N.D. Cal.)

Dear Ms. Nelson:

We write on behalf of Panasonic Corporation and Hitachi Electronic Devices (USA), Inc. to memorialize and follow up on our telephonic meet and confers, held Monday October 1 and Tuesday October 2, 2012, regarding discovery responses and outstanding document productions from plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, LLC, and Magnolia HI-FI, Inc. (collectively, "Best Buy").[1]

## A. General Objection

As an initial matter, we discussed Best Buy's general objection to distinguishing between CRTs and CRT products. We explained that while we know that Best Buy alleges claims based on purchases of CRT products, we are entitled to understand whether its claims are also based on any purchases of standalone CRTs, for example, for repairs or replacements in CRT products and, if so, to ensure that the discovery responses accurately reflect information relating to CRTs as well as CRT products. You told us that you would confirm with Best Buy

---

[1] Winston & Strawn and Morgan Lewis are serving as liaison counsel on behalf of all Defendants with respect to the entities you represent in the above-referenced litigation.

October 4, 2012
Page 2

your understanding that purchases of CRTs, if any, were minimal and, in any event, would not be within Best Buy's damages claim.[2]

### B. Purchase and Sales Data (Document Requests 2, 3, 4, Panasonic Interrogatories 2, 3, 5, 8, 9, Hitachi Interrogatories 2, 3, 4, 6, 7)[3]

Regarding Best Buy's purchase order and point of sale data, you explained that your agreement to produce this data was limited to the time periods 2003 through 2007 (purchasing data), and 1996 through 2007 (sales data), as those are the only time periods for which data is available. Along with this data, you stated that you would provide us with an index or information for decoding the SKU information for each product, including the product description, and also information that defines all fields within that data. You agreed to produce the purchase order and point of sale data as soon as possible, but told us that due to a glitch in pulling the data, it must first be verified and if there were any errors that are identified, its production may be delayed as a result. Please confirm the status of this production.

### C. Contracts, Vendor Agreements, Invoices and Related Documents (Document Requests 5, 11, 15)

Regardless of any delay in producing the sales and purchasing data, you agreed that Best Buy would produce, by the end of next week, the following categories of documents for the relevant period (as defined in Best Buy's complaint):

(i)   all available contracts for CRT product purchases;

(ii)  all available market development fund data;

(iii) all available annual program agreements; and

(iv)  all available vendor purchase agreements for
      CRT product purchases from Defendants.

We discussed why Best Buy excluded certain categories from the purchasing data it agreed to produce, such as manufacturer discounts, coupons, rebates, dividends, other price adjustments, taxes, tariffs, and duties, and you explained that these discounts and fees are not reflected in the purchasing data. Similarly, customer discounts, coupons, rebates, dividends, and other price adjustments are not broken out separately in the point of sale data. You agreed to

---

[2] During our second call on Tuesday, October 2, 2012, you stated that you would confirm with your client that standalone CRTs are not within its damages claim and, if that is not the case, would supplement your discovery responses accordingly.
[3] For clarification purposes, Defendants Panasonic Corporation's and LG Electronics, Inc.'s First Set of Interrogatories are referred to herein as "Panasonic Interrogatories," and Defendants Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories are referred to as "Hitachi Interrogatories." References to "Document Requests" refer to Panasonic Corporation's and LG Electronics, Inc.'s First Set of Requests for Production of Documents.

October 4, 2012
Page 3

confirm whether there are any additional fields in the purchase order and point of sale data, or other available sources, that might contain this information.

### D. **Custodial and Search Term Approach to Document Searches**

We discussed whether a custodian-based approach to discovery would be appropriate. You described Best Buy's discovery approach in the LCD litigation which utilized custodians and search terms to locate relevant documents. We agreed that we would be amenable to such an approach if Best Buy is able identify for us in some meaningful way the relevant personnel involved in the CRT products departments over the time period alleged in Best Buy's complaint, along with a description of their responsibilities and how the business is organized. In this connection, we discussed the availability of organizational charts in response to Document Request 30 or other documents identifying the individuals responsible for purchasing and sales of CRT products, including those involved in setting and negotiating prices for CRT products. You explained that because Best Buy shuffles its employees on a 12 to 18 month cycle and often changes job titles, consistent organizational charts may not be available. You agreed that you would confirm with your client whether any such charts exist or if there is another source of this information, such as a director of personnel or human resources department. We agreed that Best Buy would, at the very least, produce a list of the director level employees in charge of the TV and monitor purchases and sales in the immediate future.

You also explained that, consistent with the approach taken in LCD, you would conduct employee interviews to identify potential custodians. You indicated that this process should take no more than two weeks. We are willing to consider a custodian-based approach, but reiterate the need for organizational and employee information in order to be in a position to make decisions about appropriate custodians.

Additionally, you sent us search terms from the LCD litigation prior to Tuesday's call. We responded that the sample LCD search terms were inadequate for our purposes and were missing certain basic terms that would be highly relevant in this case. We agreed to revise the list for your review and subsequent discussion. We are in the process of doing so and will provide you with our proposed list soon.

### E. **Additional Subjects of Discussion**

We also discussed Best Buy's objection to Document Requests 4, 14, 16, and Panasonic Interrogatory 4, relating to street price lists, third-party marketing reports, business plans, and other documents that would factor into Best Buy's decision to purchase non-CRT products as opposed to CRT products. You stated that you were not aware of Best Buy using any such documents in its CRT product business, but agreed to raise our questions with your client and confirm whether these types of documents exist. We also indicated that our search terms would include appropriate terms to identify potentially responsive documents to these requests.

October 4, 2012
Page 4

        With respect to Best Buy's response to Document Requests 5 and 17 that it would provide "samples" of responsive documents, you clarified that Best Buy would produce all non-privileged documents responsive to these requests within the files of any agreed-upon custodians and subject to agreed-upon search terms.

### F.  <u>Best Buy's Outright Objections</u>

        Below is a brief summary of the issues we discussed with respect to each of the document request responses to which Best Buy outright objected or for which it required further clarification:

        ***Document Request 13:***  Documents related to Best Buy's participation in any cooperative entity, trade association, symposium, conference, or other CRT-related organization are directly relevant to the allegations in Best Buy's complaint regarding the legitimacy of Defendants' participation in such activities.  Additionally, these documents are likely to yield information concerning market demand and would have included key CRT industry participants. You stated that you would consider this request further and respond to our position.

        ***Document Request 15:***  Defendants consider documents related to Best Buy's relationships, agreements and contracts with CRT industry participants other than Defendants highly relevant to Best Buy's claims that a conspiracy in the CRT industry artificially inflated or maintained prices for CRT products.  Because Best Buy only alleges certain industry participants were members of the alleged conspiracy, its agreements and pricing with non-conspiracy members are relevant to the issue of whether the conspiracy had an effect on the prices of CRT products in the market generally.  Additionally, Defendants contend that Best Buy's objection to this request on confidentiality grounds is adequately remedied by the protective order in this case.  You stated that you would consider this request further and respond to our position.

        ***Document Requests 24, 25, 26, 34, Hitachi Interrogatories 1, 10, 12, 13, 14, 15 and Panasonic Interrogatory 1:***  We explained that these discovery requests are highly relevant to Best Buy's allegations of fraudulent concealment, and, in particular, its claim that it had neither actual nor constructive knowledge of the Defendants' alleged conspiracy.  Defendants further explained that Best Buy's objection that these requests constitute contention discovery is invalid and that, at a minimum, we are entitled to learn the facts known to Best Buy at the time it filed its complaint and that were the basis for the allegations.  In particular, when Best Buy discovered its claims is relevant to the applicable time period for damages.  It is our position that Judge Legge's prior ruling on contention discovery, which we agreed to provide to you and have attached hereto, is dispositive on this issue.

        Further, Best Buy's contention that documents forming the basis for Best Buy's allegations that were compiled by counsel are privileged misstates the law.  Best Buy is not entitled to shield otherwise discoverable documents from Defendants simply by the fact that counsel may have collected them in connection with advising Best Buy concerning a potential lawsuit against Defendants.  While communications with counsel about these documents remain

October 4, 2012
Page 5

privileged, we are entitled to the underlying responsive documents as they are kept in the ordinary course of business. Similarly, in response to Panasonic Interrogatory 1 and Hitachi Interrogatory 1, Defendants are entitled to know the identity of any individuals that assisted in the preparation of Best Buy's discovery responses, which is not privileged, regardless of whether the individuals were directed by counsel to assist in the preparation of the responses.

      *Requests 27 and 31:*  Best Buy's objection that documents responsive to these requests are equally available to Defendants is likewise inappropriate as the documents that Best Buy relied upon in drafting its complaint is information that is particularly within Best Buy's knowledge. Defendants are entitled to any non-privileged documents referred to in the complaint or forming the basis for the allegations in the complaint at the time it was filed.

      *Panasonic Interrogatory 6 and Hitachi Interrogatory 11:*  In response to Best Buy's statement that these interrogatories are overly broad, we explained that we are seeking information about how Best Buy's business works with respect to purchasing CRT products and pricing them for sale. You explained that there were various levels of purchasing personnel involved in both the purchase and sale of CRT products, and based on that explanation, we agreed that we are likely most interested in the identities of employees at the Senior Merchant and Director level; however, in the event we learn that there are other employees with direct involvement in the purchase and sale of CRT products or negotiating prices, we reserve the right to ask for additional employee information.

      *Panasonic Interrogatory 7:*  We requested additional information as to the time periods each of the employees identified was employed in a relevant position as opposed to just their current positions based on your explanation that these individuals have historical knowledge about cost accounting relating to the purchase or sale of CRT products. You told us that it was unlikely that there would be anyone at the company in such a position going back to 1995, but that you would check with your client and provide us with available information as to the employees identified in your responses.

      *Panasonic Interrogatory 9:*  Best Buy's response regarding shipping destinations directs Defendants to its point of sale data. We asked whether the point of sale data does in fact contain shipping destinations and whether Best Buy generally ships products to various central locations (e.g., warehouses) from which products are subsequently sent to individual retail stores. You agreed to raise our questions with your client and get back to us.

      We also raised the issue of a 30(b)(6) deposition of Best Buy. We agreed to send you our draft list of 30(b)(6) topics for Best Buy, which is attached hereto, to allow for a meaningful conversation about the scope of the deposition and an appropriate witness or witnesses.

*    *    *

October 4, 2012
Page 6

        We would like to schedule a call to follow up on these outstanding issues and the
status of Best Buy's forthcoming document production.  Please let us know your availability for
such a call next week.

                                        Sincerely,

                                        Eva W. Cole

Enclosures

Cc:     Jeffrey L. Kessler, Esq.
        David L. Yohai, Esq., Weil, Gotshal & Manges LLP
        Adam C. Hemlock, Esq., Weil, Gotshal & Manges LLP
        Wilson D. Mudge, Esq., Arnold & Porter LLP
        Michelle Park Chiu, Esq., Morgan, Lewis LLP

*********

# EXHIBIT A

# DEFINITIONS

1.      "Any" shall be construed to mean "any and all."

2.      "CRT" or "CRTs" means any (a) color picture tubes ("CPTs"), which are cathode ray tubes used primarily in color televisions; and (b) color display tubes ("CDTs"), which are used primarily in color computer monitors.

3.      "CRT Finished Product" means televisions containing CPTs and/or computer monitors containing CDTs.

4.      "CRT Product" means any CRT or CRT Finished Product.

5.      "Defendant" or "Defendants" means any of the entities currently or formerly named as defendants in this litigation and, without limitation, all of their past and present parents, subsidiaries, affiliates, joint ventures, officers, directors, employees, agents, attorneys, or representatives (and the parents', subsidiaries', affiliates', or joint ventures' past and present officers, directors, employees, agents, attorneys, or representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

6.      "Document" or "documents" has the broadest possible meaning pursuant to the Federal Rules of Civil Procedure including, but not limited to, all writings and other tangible things upon which any form of communication is recorded or reproduced, and preliminary drafts and non-identical copies of the above (whether such copies differ from the original by reason of notation made on such copies or otherwise). Without limiting the generality of the foregoing, the term "document" or "documents" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or of other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonograph

recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, including email, and all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, but not limited to, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes, and any preliminary versions, drafts or revisions of any of the foregoing. "Document" or "documents" also includes each and every file folder or other material in which the above items are stored, filed or maintained.

7.      "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all the information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

8.      "Relating to," "referring to," "regarding" or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, and pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

9.      "Relevant Period" means March 1, 1995 to November 25, 2007.

10.      "You," "Your," or Your Company" mean the responding plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.Com, L.L.C., and Magnolia Hi-Fi, Inc., together with all present and former directors, officers, employees, or agents of the entities listed in this Definition.

## SCHEDULE OF TOPICS

Witnesses with knowledge of the following matters during the Relevant Period (unless a time period is specified otherwise):

1.      Your overall corporate structure, including, but not limited to, the identification of departments within Your Company responsible for the purchase, sale, pricing, marketing or distribution of CRTs and/or CRT Finished Products and their functions and the identification of any individuals that had managerial responsibility for the purchase, sale, pricing, marketing or distribution of CRTs and/or CRT Finished Products.

2.      The identity and general description of the CRTs and/or CRT Finished Products You purchased, sold, marketed or distributed.

3.      The identity of the Defendants from whom you purchased CRTs and/or CRT Finished Products, and the identity and amount of CRTs and/or CRT Finished Products You purchased from them (by year, in units and U.S. dollars), if any.

4.      The identity of any non-Defendant manufacturers, producers or distributors from whom you purchased CRTs and/or CRT Finished Products, and the identity and amount of CRTs and/or CRT Finished Products (by year, in units and U.S. dollars) You purchased from them, if any.

5.      The factors Your Company considered in determining (a) from which Defendant(s) and/or non-Defendant(s) to purchase CRTs and/or CRT Finished Products, and (b) which CRTs and/or CRT Finished Products to purchase from particular Defendants and non-Defendants.

6.      The process by which You negotiated, entered into, approved or ratified purchase agreements or contracts for CRT Finished Products, including: (a) Your policies and practices regarding the negotiation of terms and conditions of such sales contracts; (b) use of standardized sales or purchase contracts; (c) use of "MFN" (Most Favored Nation) or "MFC" (Most Favored Company) clauses or similar price-protection clauses; and (d) the identity and location of Documents that relate to the matters specified in this topic.

7.      Your participation in any discounts, promotions, rebates or advertising cooperative programs provided or sponsored by any Defendant or non-Defendant from whom You purchased CRT Finished Products.

8.      Your policies and practices for setting the price at which You sold CRT Finished Products to Your customers, including consideration or use of the following: (a) formulas; (b) factors such as cost, supply, demand, competitor pricing, market forecasts, and product specifications; (c) price guidelines or price lists; (d) negotiations or negotiated prices; and (e) alternative distribution channels.

9.      Your knowledge and understanding of any relationship between the prices at which You purchase CRT Finished Products and the prices at which You sell CRT Finished Products, including, but not limited to, the effects that changes in the prices that You pay to purchase CRT Finished Products have on costs, revenues and profits from Your sales of CRT Finished Products.

10.      Your use of discounts, promotions, rebates or loyalty programs in connection with the sale of CRT Finished Products to Your customers, including how You recorded such discounts or rebates, and the identity and location of Documents or data recording such discounts or rebates.

11.      Other products that Your Company believed were viewed by Your customers as alternatives to CRT Finished Products, including: (a) products other than CRT Finished Products; (b) the reasons that You believe purchasers viewed such products to be alternatives to the CRT Finished Products You purchased from the Defendants; (c) the extent to which these products had any effect on Your pricing decisions; and (d) the identity and location of Documents that relate to the matters specified in this topic.

12.      Your policies and practices relating to Your decision to give priority to the promotion, advertising or sale of certain Defendants' CRT Finished Products over other Defendants' CRT Finished Products; to promote Defendants' CRT Finished Products over non-Defendants' CRT Finished Products; or to promote non-Defendants' CRT Finished Products

over Defendants' CRT Finished Products.

13.    Your practices, policies and procedures concerning Your market monitoring activity for CRT Finished Products including, but not limited to the following: (a) Your competitive intelligence activities; (b) Your use of third-party data sources and market share/data analyses; and (c) Your knowledge, use, and tracking of Your competitors pricing for CRT Finished Products during the Relevant Time Period

14.    The method(s) used by Your Company to track inventory levels, link returns and sales, and monitor product margins of CRT Finished Products You sold.

15.    Your standards and practices with regard to tracking the purchases and sales of CRT Finished Products for determining the profitability of sales, and for financial reporting purposes, including the nature of the financial data available, the location of such data, and the names of individuals responsible for maintaining such data.

16.    The identity of each of Your electronic databases related to the purchases and sales listed in Topic 15 above, and the contents of each such databases, including the fields and/or column headings used in such electronic databases.

17.    Your policies and practices related to the retention and deletion of all Documents and data (including any of Your electronic databases) related to the purchases and sales listed in Topic 15.

18.    A complete explanation of Your transactional sales and purchase data for CRT Finished Products, including any transactional-level sales data produced by You in this action and the information contained in such data.