BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Philips Taiwan Limited*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917 |
| ALL INDIRECT PURCHASER ACTIONS | **ANSWER OF  PHILIPS  TAIWAN LIMITED TO INDIRECT PURCHASER PLAINTIFFS' FOURTH CONSOLIDATED AMENDED COMPLAINT**<br><br>**Trial Date: None Set** |

Defendant Philips Taiwan Limited ("PTL"), by and through its undersigned counsel of record, answers the Indirect Purchaser Plaintiffs' Consolidated Fourth Amended Complaint (the "Amended Complaint") and alleges additional or affirmative defenses as follows.  PTL denies each and every allegation in the Amended Complaint's section headings and in all portions of the Amended Complaint not contained in numbered paragraphs. To the extent that the Amended Complaint's allegations concern persons and/or entities other than PTL, PTL denies that such allegations support any claim for relief against PTL.  PTL denies any allegations not explicitly admitted herein.

# I. INTRODUCTION[1]

1. To the extent that the allegations in Paragraph 1 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 1 are definitional, no response is required.  PTL avers that the use of the term "CRT Products," which improperly conflates numerous distinct and non-substitutable products (of, among other things, various sizes, quantities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Amended Complaint indefinite and uncertain. To the extent that the allegations in Paragraph 1 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 1 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 1 relate to PTL, PTL denies all the allegations in Paragraph 1, with the exception of matters specifically admitted herein as follows. PTL admits that Plaintiffs purport to bring an antitrust action on behalf of certain persons or entities, but denies that Plaintiffs are entitled to any relief or that this action may properly proceed as a class action. In particular, PTL denies that the "Class Period" defined by Plaintiffs is a proper class period or that any class of purchasers spanning that period (or any other period) should be or remain certified.

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the Amended Complaint

2.     PTL avers that the use of the term "Philips" renders the allegations of the Amended Complaint indefinite and uncertain as to PTL.  To the extent that the allegations in Paragraph 2 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 2 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 2 relate to PTL, PTL denies all of those allegations.

3.     To the extent that the allegations in Paragraph 3 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 3 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 3 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 3 related to PTL, PTL denies all of those allegations.

4.     To the extent that the allegations in Paragraph 4 state legal contentions, no response is required.  PTL admits that government authorities in the United States, the European Union, Japan and South Korea have commenced investigations of the CRT industry, the details of which are matters of public record and such records speak for themselves.  PTL admits that an indictment was issued against C.Y. Lin, the details of which are matters of public record and such records speak for themselves. To the extent the allegations in Paragraph 4 related to PTL, PTL denies all of those allegations.

## II.  ALLEGATIONS CONCERNING JURISDICTION AND VENUE

5.     To the extent that the allegations in Paragraph 5 constitute legal contentions, no response is required. To the extent that the allegations in Paragraph 5 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PTL admits that Plaintiffs purport to bring this action to obtain injunctive relief under Section 16 of the Clayton Act, and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), but denies that Plaintiffs are entitled to any relief under those statutes.  To the extent that a response is required and the allegations in Paragraph 5 relate

to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 5 relate to PTL, PTL denies them.

6.     The allegations in Paragraph 6 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that the allegations in Paragraph 6 require a response, PTL denies that this district has subject matter jurisdiction based on the conduct of PTL as alleged in the Amended Complaint.

7.     The allegations in Paragraph 7 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that the allegations in Paragraph 7 require a response, PTL denies that this district has subject matter jurisdiction based on the conduct of PTL as alleged in the Amended Complaint.

8.     The allegations in Paragraph 8 regarding venue constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 8 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 8 relate to PTL, PTL denies these allegations and denies that venue lies with this district based on the conduct of PTL as alleged in the Amended Complaint.

9.     The allegations in Paragraph 9 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 9 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 9 relate to PTL, PTL denies that this district has subject matter jurisdiction based on the conduct of PTL as alleged in the Amended Complaint.

10.     The allegations in Paragraph 10 and its subparts regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 10 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the

extent that a response is required and the allegations in Paragraph 10 and its subparts relate to PTL, PTL denies that this district has subject matter jurisdiction based on the conduct of PTL as alleged in the Amended Complaint.

11.     The allegations in Paragraph 11 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 11 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 11 relate to PTL, PTL denies that this district has subject matter jurisdiction based on the conduct of PTL as alleged in the Amended Complaint.

12.     The allegations in Paragraph 12 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 12 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 12 relate to PTL, PTL denies that this district has subject matter jurisdiction based on the conduct of PTL as alleged in the Amended Complaint.

## III.  ALLEGATIONS CONCERNING DEFINITIONS

13.     PTL avers that the use of the terms "CRT" and "CRTs," which improperly conflate various non-substitutable products under a single definition, renders the allegations of the Amended Complaint indefinite and uncertain. PTL admits that the allegations in Paragraph 13 purport to describe CRT technology, but PTL denies that such descriptions are accurate or complete.

14.     The allegations in Paragraph 14 are an explanation of terminology for which no response is required.  PTL, however, avers that the use of the terms "CDTs," "CPTs," "cathode ray tubes" and "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Amended Complaint indefinite and uncertain.

15.     The allegations in Paragraph 15 are an explanation of terminology, for which no

response is required.  PTL, however, avers that the use of the term "CRT Products", which improperly conflates numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Amended Complaint indefinite and uncertain.

16.     The allegations in Paragraph 16 are an explanation of terminology, for which no response is required.  To the extent that the allegations in Paragraph 16 require a response, PTL denies all of the allegations in Paragraph 16, with the exception of matters specifically admitted herein as follows.  PTL admits that Plaintiffs purport to refer to the time period beginning at least March 1, 1995 through at least November 25, 2007 as the "Class Period," but denies the propriety of any such reference or any inference arising from such reference, and denies there is a properly certifiable class as defined in Paragraph 16.

17.     The allegations in Paragraph 17 are an explanation of terminology, for which no response is required.

18.     The allegations in Paragraph 18 are an explanation of terminology, for which no response is required.

## IV.  ALLEGATIONS CONCERNING PLAINTIFFS

19.     To the extent that the allegations in Paragraph 19 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 19 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 19 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 19 relate to PTL, PTL denies all of the allegations.

20.     To the extent that the allegations in Paragraph 20 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 20 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 20 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

1   denies them.  To the extent the allegations in Paragraph 20 relate to PTL, PTL denies all of the

2   allegations.

3         21.     To the extent that the allegations in Paragraph 21 state legal contentions, no

4   response is required.  To the extent that the allegations in Paragraph 21 relate to Plaintiffs, PTL

5   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

6   denies them.  To the extent that the allegations in Paragraph 21 relate to other defendants, PTL

7   lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

8   denies them.  To the extent the allegations in Paragraph 21 relate to PTL, PTL denies all of the

9   allegations.

10        22.     To the extent that the allegations in Paragraph 22 state legal contentions, no

11  response is required.  To the extent that the allegations in Paragraph 22 relate to Plaintiffs, PTL

12  lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

13  denies them.  To the extent that the allegations in Paragraph 22 relate to other defendants, PTL

14  lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

15  denies them.  To the extent the allegations in Paragraph 22 relate to PTL, PTL denies all of the

16  allegations.

17        23.     To the extent that the allegations in Paragraph 23 state legal contentions, no

18  response is required.  To the extent that the allegations in Paragraph 23 relate to Plaintiffs, PTL

19  lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

20  denies them.  To the extent that the allegations in Paragraph 23 relate to other defendants, PTL

21  lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

22  denies them.  To the extent the allegations in Paragraph 23 relate to PTL, PTL denies all of the

23  allegations.

24        24.     To the extent that the allegations in Paragraph 24 state legal contentions, no

25  response is required.  To the extent that the allegations in Paragraph 24 relate to Plaintiffs, PTL

26  lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

27  denies them.  To the extent that the allegations in Paragraph 24 relate to other defendants, PTL

28  lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

1
2
denies them.  To the extent the allegations in Paragraph 24 relate to PTL, PTL denies all of the allegations.

3
4
5
6
7
8
9
25.     To the extent that the allegations in Paragraph 25 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 25 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 25 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 25 relate to PTL, PTL denies all of the allegations.

10
11
12
13
14
15
16
26.     To the extent that the allegations in Paragraph 26 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 26 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 26 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 26 relate to PTL, PTL denies all of the allegations.

17
18
19
20
21
22
23
27.     To the extent that the allegations in Paragraph 27 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 27 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 27 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 27 relate to PTL, PTL denies all of the allegations.

24
25
26
27
28
28.     To the extent that the allegations in Paragraph 28 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 28 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 28 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

denies them. To the extent the allegations in Paragraph 28 relate to PTL, PTL denies all of the allegations.

29. To the extent that the allegations in Paragraph 29 state legal contentions, no response is required. To the extent that the allegations in Paragraph 29 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 29 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 29 relate to PTL, PTL denies all of the allegations.

30. To the extent that the allegations in Paragraph 30 state legal contentions, no response is required. To the extent that the allegations in Paragraph 30 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 30 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 30 relate to PTL, PTL denies all of the allegations.

31. To the extent that the allegations in Paragraph 31 state legal contentions, no response is required. To the extent that the allegations in Paragraph 31 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 31 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 31 relate to PTL, PTL denies all of the allegations.

32. To the extent that the allegations in Paragraph 32 state legal contentions, no response is required. To the extent that the allegations in Paragraph 32 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 32 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

denies them.  To the extent the allegations in Paragraph 32 relate to PTL, PTL denies all of the allegations.

33.     To the extent that the allegations in Paragraph 33 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 33 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 33 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 33 relate to PTL, PTL denies all of the allegations.

34.     To the extent that the allegations in Paragraph 34 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 34 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 34 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 34 relate to PTL, PTL denies all of the allegations.

35.     To the extent that the allegations in Paragraph 35 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 35 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 35 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 35 relate to PTL, PTL denies all of the allegations.

36.     To the extent that the allegations in Paragraph 36 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 36 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 36 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

denies them.  To the extent the allegations in Paragraph 36 relate to PTL, PTL denies all of the allegations.

37.     To the extent that the allegations in Paragraph 37 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 37 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 37 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 37 relate to PTL, PTL denies all of the allegations.

38.     To the extent that the allegations in Paragraph 38 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 38 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 38 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 38 relate to PTL, PTL denies all of the allegations.

39.     To the extent that the allegations in Paragraph 39 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 39 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 39 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 39 relate to PTL, PTL denies all of the allegations.

40.     To the extent that the allegations in Paragraph 40 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 40 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 40 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

denies them.  To the extent the allegations in Paragraph 40 relate to PTL, PTL denies all of the allegations.

41.     To the extent that the allegations in Paragraph 41 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 41 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 41 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 41 relate to PTL, PTL denies all of the allegations.

42.     To the extent that the allegations in Paragraph 42 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 42 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 42 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 42 relate to PTL, PTL denies all of the allegations.

43.     To the extent that the allegations in Paragraph 43 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 43 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 43 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 43 relate to PTL, PTL denies all of the allegations.

44.     To the extent that the allegations in Paragraph 44 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 44 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 44 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

denies them.  To the extent the allegations in Paragraph 44 relate to PTL, PTL denies all of the allegations.

45.     To the extent that the allegations in Paragraph 45 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 45 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 45 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 45 relate to PTL, PTL denies all of the allegations.

46.     To the extent that the allegations in Paragraph 46 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 46 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 46 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 46 relate to PTL, PTL denies all of the allegations.

47.     To the extent that the allegations in Paragraph 47 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 47 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 47 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 47 relate to PTL, PTL denies all of the allegations.

48.     To the extent that the allegations in Paragraph 48 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 48 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 48 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

denies them.  To the extent the allegations in Paragraph 48 relate to PTL, PTL denies all of the allegations.

49.     To the extent that the allegations in Paragraph 49 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 49 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 49 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 49 relate to PTL, PTL denies all of the allegations.

## V.  ALLEGATIONS CONCERNING DEFENDANTS

50.     To the extent that the allegations in Paragraph 50 state legal contentions, no response is required.  PTL admits that in 2001 LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and Koninklijke Philips N.V. ("KPNV") transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 50 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and, on that basis, denies them.

51.     The allegations in Paragraph 51 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, on that basis, denies them.

52.     The allegations in Paragraph 52 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53.     The allegations in Paragraph 53 are an explanation of terminology, for which no response is required.

54.      To the extent that the allegations in Paragraph 54 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 54 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and,

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

on that basis, denies them.  PTL admits that KPNV is a Dutch entity with its principal place of business at Amstelplein 2, Breitner Center, 1070 MX Amsterdam The Netherlands, but avers that KPNV legally changed its corporate name to Koninklijke Philips N.V.  PTL admits that Philips & Co. was founded in 1891 but denies the remaining allegations found in the second and third sentences of Paragraph 54.  PTL admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture.   PTL denies that it manufactured, marketed, sold and/or distributed CRT products on behalf of KPNV in the United States.   PTL lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and, on that basis, denies them.

55.   The allegations in Paragraph 55 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies them.

56.   PTL admits Philips Electronics Industries (Taiwan), Ltd. was a Taiwanese company with its principal place of business located at 15F 3-1 Yuanqu Street, Nangang District, Taipei, Taiwan but avers that it merged into Philips Taiwan Ltd.  PTL admits that it is an indirect subsidiary of KPNV.  Owing to the vagueness of "CRT Products," PTL denies the third sentence of Paragraph 56.  PTL denies that KPNV dominated or controlled its finances, policies, and affairs and any remaining allegations in Paragraph 56.  PTL denies all remaining allegations in Paragraph 56.

57.   The allegations in Paragraph 57 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies them.

58.   The allegations in Paragraph 58 are an explanation of terminology, for which no response is required.  PTL avers, however, that Paragraph 58 renders the Amended Complaint indefinite and uncertain as to PTL.

59.   To the extent that the allegations in Paragraph 59 state legal contentions, no response is required.  PTL admits that in 2001 LG.Philips Displays was formed when LG

Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 59 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and, on that basis, denies them.

60.   The allegations in Paragraph 60 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, denies them.

61.   The allegations in Paragraph 61 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies them.

62.   The allegations in Paragraph 62 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, on that basis, denies them.

63.   The allegations in Paragraph 63 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, on that basis, denies them.

64.   The allegations in Paragraph 64 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, on that basis, denies them.

65.   The allegations in Paragraph 65 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, denies them.

66.   The allegations in Paragraph 66 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, denies them.

67.   The allegations in Paragraph 67 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

as to the truth of the allegations in Paragraph 67 and, on that basis, denies them.

68.     The allegations in Paragraph 68 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies them.

69.     The allegations in Paragraph 69 are an explanation of terminology, for which no response is required.

70.     The allegations in Paragraph 70 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies them.

71.     The allegations in Paragraph 71 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, on that basis, denies them.

72.     The allegations in Paragraph 72 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, on that basis, denies them.

73.     The allegations in Paragraph 73 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, on that basis, denies them.

74.     The allegations in Paragraph 74 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, on that basis, denies them.

75.     The allegations in Paragraph 75 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, denies them.

76.     The allegations in Paragraph 76 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, on that basis, denies them.

77.     The allegations in Paragraph 77 are an explanation of terminology, for which no

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

1   response is required.

2       78.     The allegations in Paragraph 78 are not directed at PTL and, therefore, no

3   response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief

4   as to the truth of the allegations in Paragraph 78 and, on that basis, denies them.

5       79.     The allegations in Paragraph 79 are not directed at PTL and, therefore, no

6   response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief

7   as to the truth of the allegations in Paragraph 79 and, on that basis, denies them.

8       80.     The allegations in Paragraph 80 are not directed at PTL and, therefore, no response

9   is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the

10   truth of the allegations in Paragraph 80 and, on that basis, denies them.

11       81.     The allegations in Paragraph 81 are an explanation of terminology, for which no

12   response is required.

13       82.     The allegations in Paragraph 82 are not directed at PTL and, therefore, no

14   response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief

15   as to the truth of the allegations in Paragraph 82 and, on that basis, denies them.

16       83.     The allegations in Paragraph 83 are not directed at PTL and, therefore, no response

17   is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the

18   truth of the allegations in Paragraph 83 and, on that basis, denies them.

19       84.     The allegations in Paragraph 84 are not directed at PTL and, therefore, no

20   response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief

21   as to the truth of the allegations in Paragraph 84 and, on that basis, denies them.

22       85.     The allegations in Paragraph 85 are not directed at PTL and, therefore, no

23   response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief

24   as to the truth of the allegations in Paragraph 85 and, on that basis, denies them.

25       86.     The allegations in Paragraph 86 are not directed at PTL and, therefore, no

26   response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief

27   as to the truth of the allegations in Paragraph 86 and, on that basis, denies them.

28       87.     The allegations in Paragraph 87 are not directed at PTL and, therefore, no

response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, on that basis, denies them.

88.     The allegations in Paragraph 88 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, on that basis, denies them.

89.     The allegations in Paragraph 89 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, on that basis, denies them.

90.     The allegations in Paragraph 90 are an explanation of terminology, for which no response is required.

91.     The allegations in Paragraph 91 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and, on that basis, denies them.

92.     The allegations in Paragraph 92 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, denies them.

93.     The allegations in Paragraph 93 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and, on that basis, denies them.

94.     The allegations in Paragraph 94 are an explanation of terminology, for which no response is required.

95.     The allegations in Paragraph 95 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and, on that basis, denies them.

96.     The allegations in Paragraph 96 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and, on that basis, denies them.

97.     The allegations in Paragraph 97 are not directed at PTL and, therefore, no

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and, on that basis, denies them.

98.    The allegations in Paragraph 98 are an explanation of terminology, for which no response is required.

99.    The allegations in Paragraph 99 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and, on that basis, denies them.

100.    The allegations in Paragraph 100 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and, on that basis, denies them.

101.    The allegations in Paragraph 101 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and, on that basis, denies them.

102.    The allegations in Paragraph 102 are an explanation of terminology, for which no response is required.

103.    The allegations in Paragraph 103 are an explanation of terminology, for which no response is required.

**VI.    ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS**

104.    To the extent that the allegations in Paragraph 104 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 104 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 104 relate to PTL, PTL denies all of the allegations.

105.    The allegations in Paragraph 105 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and, on that basis, denies them.

106.    The allegations in Paragraph 106 are not directed at PTL and, therefore, no

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and, on that basis, denies them.

107.    The allegations in Paragraph 107 are an explanation of terminology for which no response is required.

108.    The allegations in Paragraph 108 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, on that basis, denies them.

109.    The allegations in Paragraph 109 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and, on that basis, denies them.

110.    The allegations in Paragraph 110 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and, on that basis, denies them.

111.    The allegations in Paragraph 111 are not directed at PTL and, therefore, no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and, on that basis, denies them.

112.    The allegations in Paragraph 112 are an explanation of terminology, for which no response is required.

113.    The allegations in Paragraph 113 are ambiguous and/or unintelligible. To the extent that the allegations in Paragraph 113 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 113 relate to other defendants, PTL  lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 113 relate to PTL,  PTL denies all of the allegations.

114.    The allegations in Paragraph 114 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 114 relate to other defendants,  PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in

Paragraph 114 relate to PTL,  PTL denies all of the allegations.

115.    The allegations in Paragraph 115 are ambiguous and/or unintelligible.  To the extent they are intelligible, the allegations in Paragraph 115 state legal conclusions to which no response is required.  To the extent a response is required and the allegations in Paragraph 115 relate to PTL, PTL denies all of the allegations.

### VII.    ALLEGATIONS CONCERNING INTERSTATE TRADE AND COMMERCE

116.    To the extent that the allegations in Paragraph 116 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.  The allegations in Paragraph 116 regarding "continuous and interrupted flow of interstate commerce and international commerce" are legal contentions to which no response is required.  To the extent the remaining allegations in Paragraph 116 require a response, PTL denies them.

117.    The allegations in Paragraph 117 state legal contentions to which no response is required.  To the extent a response is required and the allegations relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 117 relate to PTL, PTL denies them.

118.    The allegations in Paragraph 118 state legal contentions, for which no response is required.  To the extent that a response is required and the allegations in Paragraph 118 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 118 relate to PTL, PTL denies them.

### VIII.    FACTUAL ALLEGATIONS

119.    PTL admits that the allegations in Paragraph 119 purport to describe CRT technology, but PTL denies that such descriptions are accurate or complete.

120.    PTL admits that the allegations in Paragraph 120 purport to describe CRT technology, but PTL denies that such descriptions are accurate or complete.

121.    PTL admits that the allegations in Paragraph 121 purport to describe CRT

technology, but PTL denies that such descriptions are accurate or complete.

122.    PTL admits that the allegations in Paragraph 122 purport to describe CRT technology, but PTL denies that such descriptions are accurate or complete.

123.    The allegations in Paragraph 123 are legal contentions to which no response is required. To the extent that a response is required, PTL denies each and every allegation in Paragraph 123.

124.    The allegations in Paragraph 124 are legal contentions to which no response is required.  To the extent that the other allegations in Paragraph 124 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent that the other allegations in Paragraph 124 relate to PTL, PTL denies them.

125.    To the extent that the allegations in Paragraph 125 state legal contentions, no response is required.  To the extent the allegations in Paragraph 125 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 125 relate to PTL, PTL denies them.

126.    To the extent that the allegations in Paragraph 126 state legal contentions, no response is required.  To the extent the allegations in Paragraph 126 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 126 relate to PTL, PTL denies them.

127.    The allegations in Paragraph 127 are legal contentions to which no response is required.  To the extent that a response is required, PTL admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 CRT joint venture.    To the extent that the allegations in Paragraph 127 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   PTL denies any remaining allegations in Paragraph 127.

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

128.    To the extent that the allegations in Paragraph 128 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 128 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 128 relate to PTL, PTL denies all of the allegations.

129.    To the extent that the allegations in Paragraph 129 state legal contentions, no response is required. To the extent that the allegations in Paragraph 129 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 129 relate to PTL, PTL denies all of the allegations.

130.    To the extent that the allegations in Paragraph 130 and its subparts state legal contentions, no response is required.  To the extent that allegations in Paragraph 130 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent allegations in Paragraph 130 and its subparts relate to PTL, PTL denies all of the allegations with the exception of matters specifically admitted herein as follows.   PTL admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 CRT joint venture.  PTL admits that LG.Philips LCD Co., Ltd. was formed in 1999. PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130 and its subparts and, on that basis, denies them.

131.    The allegations in Paragraph 131 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 131 require a response, PTL denies all of the allegations.

132.    The allegations in Paragraph 132 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 132 require a response, PTL denies all of the allegations.

133.    The allegations in the second sentence of Paragraph 133 state legal contentions,

for which no response is required.   PTL, otherwise, lacks knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 133 and, on that basis, denies them.

134.    PTL lacks knowledge or information to form a belief as to the truth regarding the allegations contained in the first and third sentences of Paragraph 134 and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 134 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the remaining allegations in Paragraph 134 relate to PTL, PTL denies all of the allegations.

135.    PTL lacks knowledge or information to form a belief as to the truth regarding the allegations contained in the second sentence of Paragraph 135 and, on that basis, denies them. To the extent that the remaining allegations in Paragraph 135 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the remaining allegations in Paragraph 135 relate to PTL, PTL denies all of the allegations.

136.    PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and, on that basis, denies them.

137.    PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and, on that basis, denies them.

138.    To the extent that the allegations in Paragraph 138 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, denies them. To the extent that the allegations in Paragraph 138 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, denies them. To the extent that the allegations in Paragraph 138 relate to PTL, PTL denies them.

139.    The allegations in Paragraph 139 are legal contentions to which no response is required.  To the extent a response is required, PTL denies all of the allegations in Paragraph 139.

140.    To the extent that the allegations in Paragraph 140 state legal contentions, no response is required.  To the extent the allegations in Paragraph 140 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 140 relate to PTL, PTL denies all of the allegations.

141.    To the extent the allegations in Paragraph 141 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 141 relate to PTL, PTL denies all of the allegations.

142.    To the extent that the allegations in Paragraph 142 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 142 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 142 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 142 relate to PTL, PTL denies all of the allegations.

143.    PTL avers that the use of the term "Philips" in Paragraph 143 renders the Amended Complaint indefinite and uncertain as to PTL.  To the extent that the allegations in Paragraph 143 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 143 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 143 relate to PTL, PTL denies them.

144.    The allegations in Paragraph 144 are not directed at PTL and, therefore, no response is required.   PTL otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, denies them.

145.    To the extent that the allegations in Paragraph 145 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 145 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and,

on that basis, denies them.  To the extent that the allegations in Paragraph 145 relate to PTL, PTL denies them.

146.   The allegations in Paragraph 146 state legal contentions to which no response is required.  To the extent a response is required, PTL denies each and every allegation of Paragraph 146.

147.   To the extent that the allegations in Paragraph 147 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 147 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 147 relate to PTL, PTL denies them.

148.   To the extent that the allegations in Paragraph 148 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 148 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 148 relate to PTL, PTL denies them.

149.   To the extent that the allegations in Paragraph 149 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 149 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 149 relate to PTL, PTL denies them.

150.   To the extent that the allegations in Paragraph 150 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 150 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 150 and its subparts relate to PTL, PTL denies them.

151.   To the extent that the allegations in Paragraph 151 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 151 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and,

on that basis, denies them.  To the extent that the allegations in Paragraph 151 relate to PTL, PTL denies them.

152.    To the extent that the allegations in Paragraph 152 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 152 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 152 relate to PTL, PTL denies them.

153.    To the extent that the allegations in Paragraph 153 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 153 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 153 relate to PTL, PTL denies them.

154.    To the extent that the allegations in Paragraph 154 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 154 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 154 relate to PTL, PTL denies them.

155.    To the extent that the allegations in Paragraph 155 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 155 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 155 relate to PTL, PTL denies them.

156.    To the extent that the allegations in Paragraph 156 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 156 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 156 relate to PTL, PTL denies them.

157.    To the extent that the allegations in Paragraph 157 state legal contentions, no

response is required.  To the extent that the allegations in Paragraph 157 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 157 relate to PTL, PTL denies them.

158.    To the extent that the allegations in Paragraph 158 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 158 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 158 and its subparts relate to PTL, PTL denies them.

159.    To the extent that the allegations in Paragraph 159 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 159 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 159 relate to PTL, PTL denies them.

160.    To the extent that the allegations in Paragraph 160 state legal contentions, no response is required.  To the extent the allegations contained in Paragraph 160 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required.  PTL, otherwise, denies the allegations in Paragraph 160.

161.    To the extent that the allegations in Paragraph 161 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 161 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 161 relate to PTL, PTL denies all of the allegations.

162.    To the extent that the allegations in Paragraph 162 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 162 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 162 relate to PTL, PTL denies all of the allegations.

163.    To the extent that the allegations in Paragraph 163 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 163 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 163 relate to PTL, PTL denies all of the allegations.

164.    PTL avers that the use of the term "Philips" in Paragraph 164 renders the Amended Complaint indefinite and uncertain as to PTL.  To the extent that the allegations in Paragraph 164 state legal contentions, no response is required.  With respect to the third sentence in Paragraph 164, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 164 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 164 relate to PTL, PTL denies all of the allegations.

165.    To the extent that the allegations in Paragraph 165 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 165 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 165 relate to PTL, PTL denies all of the allegations.

166.    PTL avers that the use of the term "Philips" in Paragraph 166 renders the Amended Complaint indefinite and uncertain as to PTL. To the extent that the allegations in Paragraph 166 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 166 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 166 relate to PTL, PTL denies all of the allegations.

167.    The allegations in Paragraph 167 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 167 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 167 relate to PTL, PTL denies all of the allegations.   PTL, otherwise, lacks knowledge or information sufficient to form

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

a belief as to the truth of the allegations in Paragraph 167 and, on that basis, denies them.

168.    The allegations in Paragraph 168 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 168 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 168 relate to PTL, PTL denies all of the allegations.   PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and, on that basis, denies them.

169.    PTL avers that the use of the term "Philips" in Paragraph 169 renders the Amended Complaint indefinite and uncertain as to PTL.  The allegations in Paragraph 169 state legal contentions, no response is required.  Additionally, the allegations in Paragraph 169 are not directed at PTL and, therefore, no response is required.  To the extent that the allegations in Paragraph 169 relate to PTL, PTL denies them.   PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, on that basis, denies them.

170.    The allegations in Paragraph 170 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 170 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 170 relate to PTL, PTL denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and, on that basis, denies them.

171.    PTL avers that the use of the term "Philips" in Paragraph 171 renders the Amended Complaint indefinite and uncertain as to PTL.  To the extent that the allegations in Paragraph 171 state legal contentions, no response is required.   PTL denies that it participated in, engaged in or was represented at any "bilateral" or "group meetings" at which agreements were reached on prices and supply levels for CRTs.  PTL denies that it participated in any such "bilateral" or "group meetings" after 2001 "through" LG.Philips Displays.  To the extent that the allegations in Paragraph 171 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  In all other respects, PTL denies the allegations in Paragraph 171.

172.    The allegations in Paragraph 172 state legal contentions to which no response is

required.  Additionally, the allegations in Paragraph 172 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 172 relate to PTL, PTL denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and, on that basis, denies them.

173.    PTL avers that the use of the term "Philips" in Paragraph 173 renders the Amended Complaint indefinite and uncertain as to PTL.  To the extent that the allegations in Paragraph 173 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 173 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. PTL denies that an entity named LP Displays existed during the 2001-2006 time period alleged in Paragraph 173.  To the extent the allegations in Paragraph 173 relate to PTL, PTL denies all of the allegations.  PTL specifically denies that any employee of LP Displays or LG.Philips Displays attended any meeting described in this Paragraph on its behalf.

174.    The allegations in Paragraph 174 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 174 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 174 relate to PTL, PTL denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and, on that basis, denies them.

175.    The allegations in Paragraph 175 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 175 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 175 relate to PTL, PTL denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and, on that basis, denies them.

176.    The allegations in Paragraph 176 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 176 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 176 relate to PTL, PTL denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and, on that basis, denies them.

177.    The allegations in Paragraph 177 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 177 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 177 relate to PTL, PTL denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and, on that basis, denies them.

178.    The allegations in Paragraph 178 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 178 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 178 relate to PTL, PTL denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and, on that basis, denies them.

179.    The allegations in Paragraph 179 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 179 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 179 relate to PTL, PTL denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and, on that basis, denies them.

180.    The allegations in Paragraph 180 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 180 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 180 relate to PTL, PTL denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and, on that basis, denies them.

181.    The allegations in Paragraph 181 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 181 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 181 relate to PTL, PTL denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and, on that basis, denies them.

182.    The allegations in Paragraph 182 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 182 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 182 relate to PTL, PTL

1  denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form

2  a belief as to the truth of the allegations in Paragraph 182 and, on that basis, denies them.

3      183.    The allegations in Paragraph 183 state legal contentions to which no response is

4  required.  Additionally, the allegations in Paragraph 183 are not directed at PTL and, therefore,

5  no response is required.  To the extent the allegations in Paragraph 183 relate to PTL, PTL

6  denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form

7  a belief as to the truth of the allegations in Paragraph 183 and, on that basis, denies them.

8      184.    The allegations in Paragraph 184 state legal contentions to which no response is

9  required.  Additionally, the allegations in Paragraph 184 are not directed at PTL and, therefore,

10  no response is required.  To the extent the allegations in Paragraph 184 relate to PTL, PTL

11  denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form

12  a belief as to the truth of the allegations in Paragraph 184 and, on that basis, denies them.

13      185.    The allegations in Paragraph 185 state legal contentions to which no response is

14  required.  Additionally, the allegations in Paragraph 185 are not directed at PTL and, therefore,

15  no response is required.  To the extent the allegations in Paragraph 185 relate to PTL, PTL

16  denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form

17  a belief as to the truth of the allegations in Paragraph 185 and, on that basis, denies them.

18      186.    The allegations in Paragraph 186 state legal contentions to which no response is

19  required.  Additionally, the allegations in Paragraph 186 are not directed at PTL and, therefore,

20  no response is required.  To the extent the allegations in Paragraph 186 relate to PTL, PTL

21  denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form

22  a belief as to the truth of the allegations in Paragraph 186 and, on that basis, denies them.

23      187.    The allegations in Paragraph 187 state legal contentions to which no response is

24  required.  Additionally, the allegations in Paragraph 187 are not directed at PTL and, therefore,

25  no response is required.  To the extent the allegations in Paragraph 187 relate to PTL, PTL

26  denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form

27  a belief as to the truth of the allegations in Paragraph 187 and, on that basis, denies them.

28      188.    The allegations in Paragraph 188 state legal contentions to which no response is

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

required.  Additionally, the allegations in Paragraph 188 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 188 relate to PTL, PTL denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and, on that basis, denies them.

189.    The allegations in Paragraph 189 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 189 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 189 relate to PTL, PTL denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and, on that basis, denies them.

190.    The allegations in Paragraph 190 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 190 are not directed at PTL and, therefore, no response is required.  To the extent the allegations in Paragraph 190 relate to PTL, PTL denies all of the allegations.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, on that basis, denies them.

191.    To the extent that the allegations in sentence one of Paragraph 191 are an explanation of terminology, no response is required.  To the extent that the allegations in Paragraph 191 state legal contentions, no response is required.  PTL, however, avers that Plaintiffs' reference to "a corporate family or companies by a single name in its allegations of participation in the conspiracy" in Paragraph 191 renders the Amended Complaint indefinite and uncertain as to PTL.  To the extent that the remaining allegations in Paragraph 191 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the remaining allegations in Paragraph 191 relate to PTL, PTL denies all of the allegations.

192.    To the extent that the allegations in Paragraph 192 state legal contentions, no response is required.  PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and, on that basis, denies them.

193.    The allegations in Paragraph 193 are vague and ambiguous, as they do not identify any underlying product or service and, on that basis, PTL denies them.  To the extent that the

allegations contained in Paragraph 193 are derived from an analyst report, that report speaks for itself and no response is required. PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and, on that basis, denies them.

194.    To the extent that the allegations in Paragraph 194 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 194 are derived from analyst reports, those reports speak for themselves and no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and, on that basis, denies them.

195.    The allegation in the first sentence of Paragraph 195 is a legal contention to which no response is required.  With regard to the allegations in the second sentence of Paragraph 195, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.   PTL denies any remaining allegations contained in Paragraph 195.

196.    To the extent that the allegations in Paragraph 196 purport to quote an analyst report, that report speaks for itself and no response is required.

197.    With regard to the first and second sentences of Paragraph 197, PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  The third sentence of Paragraph 197 states legal contentions to which no response is required.  To the extent that the allegations in Paragraph 197 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 197 relate to PTL, PTL denies all of the allegations.

198.    To the extent that the allegations in Paragraph 198 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.   PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and, on that basis, denies them.

199.    To the extent the allegations in Paragraph 199 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  PTL otherwise

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and, on that basis, denies them.

200.    PTL avers that the use of the term "Philips" in Paragraph 200 renders the Amended Complaint indefinite and uncertain as to PTL.  To the extent that the allegations in Paragraph 200 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 200 are derived from or purport to quote published statements, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 200 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PTL, otherwise, denies all of the allegations in Paragraph 200.

201.    To the extent that the allegations in Paragraph 201 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 201 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PTL, otherwise, denies all of the allegations in Paragraph 201.

202.    The allegations in Paragraph 202 are legal contentions to which no response is required.   To the extent that the allegations in Paragraph 202 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 202 relate to PTL, PTL denies all of the allegations.

203.    To the extent the allegations in Paragraph 203 state legal contentions, no response is required.  To the extent that the allegations in the third sentence of Paragraph 203 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 203 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 203 relate to PTL, PTL denies all of the allegations.

204.    To the extent that the allegations in Paragraph 204 state legal contentions, no

1
2
response is required. PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 and, on that basis, denies them.

3
4
5
205.    To the extent that the allegations in Paragraph 205 state legal contentions, no response is required. PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and, on that basis, denies them.

6
7
8
9
10
206.    To the extent that the allegations in Paragraph 206 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 206 refer to public filings by government authorities, those filings speak for themselves and no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 and, on that basis, denies them.

11
12
13
14
15
16
207.    To the extent that the allegations contained in Paragraph 207 refer to public filings by government authorities, those filings speak for themselves and no response is required. To the extent that the allegations in Paragraph 207 purport to quote a press release, that press release speaks for itself and no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 and, on that basis, denies them.

17
18
19
20
21
22
208.    To the extent that the allegations in Paragraph 208 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 208 are derived from or purport to quote a press release, that press release speaks for itself and no response is required. PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and, on that basis, denies them.

23
24
25
26
209.    To the extent that the allegations contained in Paragraph 209 refer to public statements or filings by other defendants, those statements or filings speak for themselves and no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and, on that basis, denies them.

27
28
210.    To the extent that the allegations in Paragraph 210 are derived from or purport to quote a news article, that article speaks for itself and no response is required.  PTL, otherwise,

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and, on that basis, denies them.

211.    To the extent that the allegations in Paragraph 211 are derived from or purport to quote a news article, that article speaks for itself and no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 and, on that basis, denies them.

212.    To the extent that the allegations in Paragraph 212 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 and, on that basis, denies them.

213.    To the extent that the allegations in Paragraph 213 are derived from or purport to quote from a news article, the article speaks for itself and no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 and, on that basis, denies them.

214.    To the extent that the allegations in Paragraph 214 are derived from a news article or press release, those articles and press releases speak for themselves and no response is required.

215.    To the extent that the allegations contained in Paragraph 215 refers to publicly filed documents, those documents speak for themselves and no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215, and therefore denies them.

216.    To the extent that the allegations contained in Paragraph 216 refer to public statements by the government authorities there listed, those statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 216 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them. PTL, otherwise, denies the allegations in Paragraph 216.

217.    To the extent that the allegations in Paragraph 217 state legal contentions, no response is required.  To the extent the allegations in Paragraph 217 relate to other defendants,

1   PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations

2   and, on that basis, denies them.  To the extent the allegations in Paragraph 217 relate to PTL,

3   PTL denies them.

4        218.   To the extent that the allegations in the first sentence of Paragraph 218 state legal

5   contentions, no response is required.  To the extent the allegations contained in Paragraph 218

6   refer to public statements by government authorities, those statements speak for themselves and

7   no response is required.  To the extent that the allegations in Paragraph 218 relate to other

8   defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and,

9   on that basis, denies them.  PTL denies the allegation and implication that the allegations in

10  Paragraph 218 have any relevance to the Amended Complaint or the purported acts or omissions

11  of PTL.

12       219.   The allegations in Paragraph 219 are not directed at PTL and, therefore, no

13  response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief

14  as to the truth of the allegations in Paragraph 219 and, on that basis, denies them.  PTL denies

15  the allegation and implication that the allegations in Paragraph 219 have any relevance to the

16  Amended Complaint or the purported acts or omissions of PTL.

17       220.   To the extent the allegations contained in Paragraph 220 refer to public filings by

18  government authorities, those filings speak for themselves and no response is required.  PTL,

19  otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the

20  allegations in Paragraph 220 and, on that basis, denies them.  PTL denies the allegation and

21  implication that the allegations in Paragraph 220 have any relevance to the Amended Complaint

22  or the purported acts or omissions of PTL.

23       221.   PTL avers that the use of the term "Philips" in Paragraph 221 renders the

24  Amended Complaint indefinite and uncertain as to PTL.  To the extent the allegations contained

25  in Paragraph 221 refer to news reports, those reports speak for themselves and no response is

26  required.  To the extent that the allegations in Paragraph 221 relate to the other defendants, PTL

27  lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

28  denies them.  PTL denies the allegation and implication that the allegations in Paragraph 221

1   have any relevance to the Amended Complaint or the purported acts or omissions of PTL.

2       222.    To the extent the allegations contained in Paragraph 222 refer to public statements

3   by government authorities, those statements speak for themselves and no response is required.

4   To the extent that the allegations in Paragraph 222 relate to other defendants, PTL lacks

5   knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

6   them.  PTL denies the allegation and implication that the allegations in Paragraph 222 have any

7   relevance to the Amended Complaint or the purported acts or omissions of PTL.

8       223.    To the extent the allegations contained in Paragraph 223 refer to public statements

9   by government authorities, those statements speak for themselves and no response is required.

10  To the extent that the allegations in Paragraph 223 relate to other defendants, PTL lacks

11  knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

12  them.  PTL denies the allegation and implication that the allegations in Paragraph 223 have any

13  relevance to the Amended Complaint or the purported acts or omissions of PTL.

14      224.    To the extent the allegations contained in Paragraph 224 refer to public statements

15  by government authorities, those statements speak for themselves and no response is required.

16  To the extent that the allegations in Paragraph 224 relate to other defendants, PTL lacks

17  knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

18  them.  PTL denies the allegation and implication that the allegations in Paragraph 224 have any

19  relevance to the Amended Complaint or the purported acts or omissions of PTL.

20  **IX.    ALLEGATIONS CONCERNING THE PASS-THROUGH OF OVERCHARGES**

21  **TO CONSUMERS**

22      225.    To the extent that the allegations in Paragraph 225 state legal contentions, no

23  response is required.  To the extent that the allegations in Paragraph 225 refer to public

24  statements by government authorities, those statements speak for themselves and no response is

25  required. To the extent the allegations in Paragraph 225 relate to other defendants, PTL lacks

26  knowledge or information sufficient to form a belief as to the truth of the allegations and, on that

27  basis, denies them.  To the extent the allegations in Paragraph 225 relate to PTL, PTL denies

28  them.

226.    PTL avers that the use of the term "Philips" in Paragraph 226 renders the Amended Complaint indefinite and uncertain as to PTL.  To the extent that the allegations in Paragraph 226 state legal contentions, no response is required.  To the extent the allegations in Paragraph 226 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 226 relate to PTL, PTL denies them.

227.    To the extent that the allegations in Paragraph 227 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 and, on that basis, denies them.

228.    To the extent that the allegations in Paragraph 228 state legal contentions, no response is required.  To the extent the allegations in Paragraph 228 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 228 relate to PTL, PTL denies them.

229.    To the extent that the allegations in Paragraph 229 state legal contentions, no response is required.  To the extent the allegations in Paragraph 229 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.  To the extent the allegations in Paragraph 229 relate to PTL, PTL denies them.

230.    With regard to the allegations in the first three sentences of Paragraph 230, PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  To the extent that the allegations in the last sentence of Paragraph 230 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.  To the extent that the allegations in the last sentence of Paragraph 230 relate to PTL, PTL denies all of the allegations.

231.    PTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 and, on that basis, denies them.

232.     PTL admits that the allegations in Paragraph 232 purport to describe CRT technology, but PTL denies that such descriptions are accurate or complete.

233.     The allegations in Paragraph 233 state legal contentions, for which no response is required.  To the extent that the allegations in Paragraph 233 relate to Plaintiffs, PTL lacks the knowledge or information sufficient as to form a belief as to their truth and, on that basis, denies them.  PTL, otherwise, lacks the knowledge or information sufficient as to form a belief as to the truth of the allegations in Paragraph 233 and, on that basis, denies them.

234.     The allegations in Paragraph 234 state legal contentions, for which no response is required.  PTL admits that the allegations in Paragraph 234 purport to describe CRT technology, but PTL denies that such descriptions are accurate or complete.

235.     The allegations in Paragraph 235 state legal contentions, for which no response is required.  PTL admits that the allegations in Paragraph 235 purport to describe CRT technology, but PTL denies that such descriptions are accurate or complete.

236.     To the extent that the allegations in Paragraph 236 are derived from or purport to quote from a publicly-filed document, the document speaks for itself and no response is required.  PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 and, on that basis, denies them. PTL also denies the allegation and implication that the allegations in Paragraph 236 have any relevance to the Amended Complaint or the purported acts or omissions of PTL.

237.     To the extent that the allegations in Paragraph 237 are derived from or purport to quote a publication, the publication speaks for itself and no response is required. PTL, otherwise, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 and, on that basis, denies them.

238.     To the extent that the allegations in Paragraph 238 are derived from or purport to quote a publication, the publication speaks for itself and no response is required.

239.     To the extent that the allegations in Paragraph 239 are derived from or purport to quote a publication, the publication speaks for itself and no response is required.

240.     To the extent that the allegations in Paragraph 240 state legal contentions, no

response is required.  To the extent that the allegations in Paragraph 240 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 240 relate to PTL, PTL denies all of the allegations.

241.   PTL avers that the use of the term "Philips" in Paragraph 241 renders the Amended Complaint indefinite and uncertain as to PTL.  To the extent that the allegations in Paragraph 241 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 241 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 241 relate to PTL, PTL denies all of the allegations.

242.   To the extent that the allegations in Paragraph 242 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 242 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 242 relate to PTL, PTL denies all of the allegations.

## X.   CLASS ACTION ALLEGATIONS

243.   PTL admits Plaintiffs purport to bring this action as a putative class action as defined in Paragraph 243, but denies that class treatment is appropriate.

244.   PTL admits Plaintiffs purport to bring this action as a putative class action as defined in Paragraph 244, but denies that class treatment is appropriate.

245.   PTL denies that class treatment as so defined in Paragraph 245 is appropriate.

246.   PTL denies each and every allegation of Paragraph 246 and its subparts.  PTL denies that the questions of law or fact enumerated in subparagraphs (d)(i) – (d)(ix) are common to the Class as defined in the Amended Complaint or that class treatment is appropriate .

## XI.   VIOLATIONS ALLEGED

247.   PTL repeats and incorporates by reference its responses to Paragraphs 1 through 246 of the Amended Complaint with the same force and effect as if set forth herein at length.

248.   The allegations in Paragraph 248 constitute legal contentions and/or conclusions

to which no response is required.  To the extent that a response is required and the allegations in Paragraph 248 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 248 relate to PTL, PTL denies all of the allegations.

249.    The allegations in Paragraph 249 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 249 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 249 relate to PTL, PTL denies all of the allegations.

250.    The allegations in Paragraph 250 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 250 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 250 relate to PTL, PTL denies all of the allegations.

251.    The allegations in Paragraph 251 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 251 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 251 relate to PTL, PTL denies all of the allegations.

252.    The allegations in Paragraph 252 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 252 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 252 and its subparts relate to PTL, PTL denies all of the allegations.

253.    The allegations in Paragraph 253 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 253 and its subparts relate to other defendants, PTL lacks

knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 253 and its subparts relate to PTL, PTL denies all of the allegations.

254.    The allegations in Paragraph 254 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 254 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 254 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 254 relate to PTL, PTL denies all of the allegations.

255.    The allegations in Paragraph 255 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required, PTL denies all of the allegations in Paragraph 255.

256.    The allegations in Paragraph 256 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 256 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required, PTL denies all of the allegations in Paragraph 256.

257.    PTL repeats and incorporates by reference its responses to Paragraphs 1 through 256 of the Amended Complaint with the same force and effect as if set forth herein at length.

258.    The allegations in Paragraph 258 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 258 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 258 and its subparts relate to PTL, PTL denies all of the allegations.

259.    The allegations in Paragraph 259 and its subparts constitute legal contentions

and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 259 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 259 and its subparts relate to PTL, PTL denies all of the allegations.

260.    The allegations in Paragraph 260 and its subparts constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 260 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 260 and its subparts relate to PTL, PTL denies all of the allegations.

261.    The allegations in Paragraph 261 and its subparts constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 261 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 261 and its subparts relate to PTL, PTL denies all of the allegations.

262.    The allegations in Paragraph 262 and its subparts constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 262 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 262 and its subparts relate to PTL, PTL denies all of the allegations.

263.    The allegations in Paragraph 263 and its subparts constitute legal contentions and/or conclusions to which no response is required. To the extent that a response is required and the allegations in Paragraph 263 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 263 and its

subparts relate to PTL, PTL denies all of the allegations.

264.    The allegations in Paragraph 264 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 264 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 264 and its subparts relate to PTL, PTL denies all of the allegations.

265.    The allegations in Paragraph 265 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 265 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 265 and its subparts relate to PTL, PTL denies all of the allegations.

266.    The allegations in Paragraph 266 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 266 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 266 and its subparts relate to PTL, PTL denies all of the allegations.

267.    The allegations in Paragraph 267 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 267 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 267 and its subparts relate to PTL, PTL denies all of the allegations.

268.    The allegations in Paragraph 268 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 268 and its subparts relate to other defendants, PTL lacks

knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 268 and its subparts relate to PTL, PTL denies all of the allegations.

269.    The allegations in Paragraph 269 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 269 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 269 and its subparts relate to PTL, PTL denies all of the allegations.

270.    The allegations in Paragraph 270 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 270 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 270 and its subparts relate to PTL, PTL denies all of the allegations.

271.    The allegations in Paragraph 271 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 271 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 271 and its subparts relate to PTL, PTL denies all of the allegations.

272.    The allegations in Paragraph 272 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 272 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 272 and its subparts relate to PTL, PTL denies all of the allegations.

273.    The allegations in Paragraph 273 and its subparts constitute legal contentions

and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 273 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 273 and its subparts relate to PTL, PTL denies all of the allegations.

274.    The allegations in Paragraph 274 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 274 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 274 and its subparts relate to PTL, PTL denies all of the allegations.

275.    The allegations in Paragraph 275 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 275 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 275 and its subparts relate to PTL, PTL denies all of the allegations.

276.    The allegations in Paragraph 276 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 276 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 276 and its subparts relate to PTL, PTL denies all of the allegations.

277.    The allegations in Paragraph 277 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 277 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 277 and its

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

subparts relate to PTL, PTL denies all of the allegations.

278.     The allegations in Paragraph 278 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 278 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 278 and its subparts relate to PTL, PTL denies all of the allegations.

279.     PTL repeats and incorporates by reference its responses to Paragraph 1 through 278 of the Amended Complaint with the same force and effect as if set forth herein at length.

280.     The allegations in Paragraph 280 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 280 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 280 relate to PTL, PTL denies all of the allegations.

281.     The allegations in Paragraph 281 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 281 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 281 and its subparts relate to PTL, PTL denies all of the allegations.

282.     The allegations in Paragraph 282 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 282 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 282 and its subparts relate to PTL, PTL denies all of the allegations.

283.     The allegations in Paragraph 283 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

and the allegations in Paragraph 283 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 283 and its subparts relate to PTL, PTL denies all of the allegations.

284.    The allegations in Paragraph 284 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 284 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 284 and its subparts relate to PTL, PTL denies all of the allegations.

285.    The allegations in Paragraph 285 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 285 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 285 and its subparts relate to PTL, PTL denies all of the allegations.

286.    The allegations in Paragraph 286 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 286 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 286 and its subparts relate to PTL, PTL denies all of the allegations.

287.    The allegations in Paragraph 287 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 287 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 287 and its subparts relate to PTL, PTL denies all of the allegations.

288.     The allegations in Paragraph 288 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 288 and its subparts relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 288 and its subparts relate to PTL, PTL denies all of the allegations.

289.     PTL repeats and incorporates by reference its responses to Paragraph 1 through 288 of the Amended Complaint with the same force and effect as if set forth herein at length.

290.     The allegations in Paragraph 290 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 290 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 290 relate to PTL, PTL denies all of the allegations.

291.     The allegations in Paragraph 291 constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 291 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 291 relate to PTL, PTL denies all of the allegations.

292.     The allegations in Paragraph 292 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 292 and its subparts relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PTL otherwise denies all of the allegations in Paragraph 292.

## XII.    ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT

293.     To the extent that the allegations in Paragraph 293 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 293 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 293 relate to other defendants, PTL

lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 293 relate to PTL, PTL denies all of the allegations.

294.    To the extent that the allegations in Paragraph 294 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 294 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 294 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 294 relate to PTL, PTL denies all of the allegations.

295.    To the extent that the allegations in Paragraph 295 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 295 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 295 relate to PTL, PTL denies all of the allegations.

296.    To the extent that the allegations in Paragraph 296 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 296 relate to Plaintiffs, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 296 relate to other defendants, PTL lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 296 relate to PTL, PTL denies all of the allegations.

## XIII.   ALLEGATIONS CONCERNING PRAYER FOR RELIEF

With respect to Plaintiffs' allegations concerning prayer for relief, PTL denies that Plaintiffs suffered any injury or incurred any damages by any act or omission of PTL as alleged in the Amended Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Amended Complaint. All allegations of the Amended Complaint not heretofore admitted or denied are here and now denied as though

specifically denied herein.

## XIV.       ALLEGATION CONCERNING JURY DEMAND

To the extent any response is required to Plaintiffs' Jury Trial Demand, PTL admits that Plaintiffs purports to demand a trial by jury.

### AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, PTL asserts the following additional and/or affirmative defenses to Plaintiffs' Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

The conduct alleged to provide a basis for the claims of Plaintiffs and any putative class members did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States. The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiffs and any putative class members.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

### FOURTH AFFIRMATIVE DEFENSE

### (Vagueness of Claims)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous and/or unintelligible. PTL avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit PTL to ascertain what other defenses may exist. PTL therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of

more definitive facts upon the completion of its investigation and discovery.

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Allege Fraud or Fraudulent Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient particularity.

### SIXTH AFFIRMATIVE DEFENSE

#### (Failure to Plead Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Statute of Limitation)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statutes of limitation.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Unilateral Action)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of PTL that are the subject of the Amended Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of PTL's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between PTL and any other person or entity.

### NINTH AFFIRMATIVE DEFENSE

#### (Rule of Reason)

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of PTL that are the subject of the Amended Complaint were adopted in furtherance of legitimate business interests of PTL and of its customers and do not unreasonably restrain competition.

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

**TENTH AFFIRMATIVE DEFENSE**

**(Competition)**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of PTL that are the subject of the Amended Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Non-actionable or Governmental Privilege)**

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of PTL that is the subject of the Amended Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Act of PTL)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because no plaintiff has been injured in its business or property by reason of any action of PTL.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Intervening Conduct)**

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of PTL and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Antitrust Injury)**

Plaintiffs' claims should be dismissed because Plaintiffs and/or certain members of the putative classes have not suffered actual, cognizable antitrust injury of the type antitrust laws

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

are intended to remedy.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Uncertainty of Damages)**

Plaintiffs' claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs and/or certain members of the putative classes failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs and/or certain members of the putative classes would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Amended Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Set Off)**

Without admitting that Plaintiffs are entitled to recover damages in this matter, PTL is entitled to set off from any recovery Plaintiffs may obtain against PTL any amount paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Improper Taking)**

Any award of restitution or monetary recovery pursuant to California Business and Professions §§ 17200, et seq. would constitute a taking of property without just compensation in violation of the Takings Clause of the U.S. Constitution and of Article 1, Section 19 of the California Constitution.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Acquiescence)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiffs' and/or certain members of the putative classes acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PTL.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs and/or certain members of the putative class have available an adequate remedy at law.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Due Process)**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PTL's rights guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Due Process)**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PTL's rights guaranteed by the Due Process provision of the

Fourteenth Amendment of the United States Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Equal Protection)

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PTL's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Double Jeopardy)

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PTL's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PTL's rights guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unconstitutional Multiplicity)

To the extent any recovery by Plaintiffs or members of the putative class would be duplicative of recovery by other plaintiffs and other lawsuits, subjecting PTL to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Foreign Sales)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover

damages, if any, based on sales outside of the United States.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Legal Acts)

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Withdrawal)

To the extent that any actionable conduct occurred for which PTL is liable, some or all of Plaintiffs' claims against PTL are barred because PTL withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes of limitations.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Amended Complaint, the fact and extent of which PTL specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiffs, certain members of the putative classes, and/or third parties or entities, other than PTL.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure To Plead Special Damages With Specificity)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead special damages with specificity as required by the laws of the various States cited.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Injury or Damages Offset by Benefits Received)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to the challenged conduct.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Damages Not Passed Through to Plaintiffs)

Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Amended Complaint was not incurred by or passed on to Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Proportionality)

To the extent PTL is found liable for damages, the fact and extent of which are expressly denied by PTL, those damages must be reduced in proportion to PTL's degree of fault.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Release)

The claims of one or more of the persons or entities Plaintiffs purport to represent are barred because they have been released.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (No 'Full Consideration' Damages)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to "full consideration" damages.

### FORTIETH AFFIRMATIVE DEFENSE

### (Lack of Standing as Indirect Purchasers)

Plaintiffs' claims are barred, in whole or in part, to the extent the various States cited have not repealed the *Illinois Brick* doctrine.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (Other Defenses Incorporated by Reference)

PTL adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that PTL may share in such affirmative defenses.

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

PTL has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. PTL further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

**WHEREFORE**, PTL prays as follows:

1.   That the Plaintiffs take nothing by way of the Amended Complaint and the Amended Complaint be dismissed with prejudice;

2.   That judgment be entered in favor of PTL and against Plaintiffs on each and every cause of action set forth in the Amended Complaint;

3.   That PTL recover its costs of suit and attorneys' fees incurred herein; and

4.   That PTL be granted such other and further relief as the Court deems just and proper.

Dated: July 8, 2014                          Respectfully Submitted:

By: /s/ Erik T. Koons_____
Jon V. Swenson (SBN 233054)
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com


*Attorney for Defendant Philips Taiwan Limited*

ANSWER OF PHILIPS TAIWAN LIMITED TO IPPS' CONSOLIDATED FOURTH AMENDED COMPLAINT