Eliot A. Adelson (SBN 205284)
James Maxwell Cooper (SBN 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI
AMERICA, LTD., HITACHI ASIA, LTD.,
AND HITACHI ELECTRONIC DEVICES
(USA), INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE NO. 3:07-CV-05944-SC |
| | MDL NO.: 1917 |
| | Individual Case No.: 11-cv-05513-SC |
| This document relates to: | Individual Case No.: 11-cv-05513-SC |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513-SC | **DECLARATION OF JAMES MAXWELL COOPER IN SUPPORT OF BEST BUY'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 7-11 AND 79-5** |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264-SC | |

I, James Maxwell Cooper, declare as follows:

1. I am a member of the bar of the State of California and an attorney at the law firm of Kirkland & Ellis LLP, counsel for defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Defendants").

2. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. No. 306).

4. On July 7, 2014, Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; Bestbuy.Com, L.L.C.; and Magnolia Hi-Fi, LLC (collectively, "Best Buy") filed an Administrative Motion to Seal (Dkt. No. 2676), and lodged conditionally under seal, pursuant to Civil Local Rule 7-11, portions of Best Buy's Objections to the Special Master's Order re Best Buy's Motion for a Protective Order ("Objection"), Exhibits 1-3, and certain documents attached as part of Exhibits 5 and 7 to the supporting Declaration of David Martinez ("Martinez Declaration").

5. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Hitachi Defendants to provide the basis for the Court to maintain under seal certain documents and information quoted from, described, or otherwise summarized in certain exhibits to the Martinez Declaration that have been designated by the Hitachi Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

6. Specifically, the Hitachi Defendants request that certain documents attached as part of Exhibit 7 to the Martinez Declaration, which refer to information designated "Confidential" or "Highly Confidential" by the Hitachi Defendants, be maintained under seal under the terms of the Stipulated Protective Order.

7. Exhibit 7 to the Martinez Declaration is a true and correct copy of the Declaration of

1  Eva W. Cole in Support of Defendants' Opposition to Best Buy's Motion for a Protective Order
2  ("Cole Declaration"), submitted on June 2, 2014. Attached as Exhibit 3 to the Cole Declaration are
3  true and correct copies of excerpts from the April 15, 2014 Expert Report of Janet S. Netz, the
4  indirect-purchaser plaintiffs' expert witness ("Netz Report"). The Netz Report consists of, cites to, or
5  identifies confidential, nonpublic, proprietary, and highly sensitive business information about the
6  Hitachi Defendants' business practices, pricing practices, confidential business agreements and
7  competitive positions. Specifically, the Netz Report quotes from, describes, and otherwise
8  summarizes transcript excerpts from the depositions of the Hitachi Defendants' witnesses that the
9  Hitachi Defendants have designated as Highly Confidential under the Stipulated Protective Order.
10 These documents describe relationships with companies that remain important to the Hitachi
11 Defendants' competitive position. I am informed and believe that this is sensitive information and
12 public disclosure of this information presents a risk of undermining the Hitachi Defendants' business
13 relationships, would cause it harm with respect to its competitors and customers, and would put the
14 Hitachi Defendants at a competitive disadvantage.

15  8. Attached as Exhibit 4 to the Cole Declaration are true and correct copies of excerpts
16 from the April 15, 2014 Expert Report of Alan S. Frankel, Best Buy's expert witness ("Frankel
17 Report"). The Frankel Report consists of, cites to, or identifies confidential, nonpublic, proprietary,
18 and highly sensitive business information about the Hitachi Defendants' business practices, pricing
19 practices, confidential business agreements and competitive positions. These documents describe
20 relationships with companies that remain important to the Hitachi Defendants' competitive position.
21 I am informed and believe that this is sensitive information and public disclosure of this information
22 presents a risk of undermining the Hitachi Defendants' business relationships, would cause it harm
23 with respect to its competitors and customers, and would put the Hitachi Defendants at a competitive

24 ///
25 ///
26 ///
27 ///
28

disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this eleventh day of July, 2014, at San Francisco, California.

*/s/ James Maxwell Cooper*
James Maxwell Cooper