# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917 |
| _____ | Individual Case No. 3:14-cv-02510 |
| This Document Relates to:<br><br>VIEWSONIC CORPORATION<br><br>                           Plaintiff,<br><br>              v.<br><br>CHUNGHWA PICTURE TUBES, LTD, ET AL.<br><br>                           Defendants. | **JOINT STATEMENT REGARDING CASE SCHEDULE** |

# JOINT STATEMENT REGARDING CASE SCHEDULE

# JULY 11, 2014

Plaintiff ViewSonic Corporation ("ViewSonic") and Defendants submit this Joint Statement Regarding Case Schedule.

## I.     Proposed Pretrial Schedule.

### a.     Plaintiff ViewSonic and Coordinating Defendants' Position

ViewSonic and several defendants (collectively the "Coordinating Defendants")[1] have met and conferred regarding a schedule in this case. ViewSonic and the Coordinating Defendants agree that the ViewSonic trial date should be the same as the March 9, 2015 trial date for other Direct Action Plaintiffs ("DAPs") in this matter. The parties have agreed that certain pretrial deadlines should differ slightly from the DAPs' current pretrial schedule, but that all other pretrial deadlines should remain the same as the DAPs' current pretrial schedule.

ViewSonic and the Coordinating Defendants have agreed to the proposed deadlines listed below:

| Event | Scheduling Proposal |
|---|---|
| Answer ViewSonic Complaint | 7/25/14 |
| Defendants serve Opposition Expert Reports/Opening Reports | 9/5/14 |
| ViewSonic serves Rebuttal Reports/Opposition Reports | 10/6/14 |
| Close of Fact Discovery | 11/7/14 |
| Dispositive Motions | 11/14/14 |
| Defendants Optional sur-rebuttal | 11/21/14 |

The remaining pretrial deadlines, which ViewSonic and the Coordinating Defendants agree upon, are unchanged from the other deadlines in this Multidistrict Litigation, as listed

---

[1] LG Electronics, Inc. and LG Electronics USA, Inc.; Toshiba Corporation; Toshiba America, Inc; Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; Mitsubishi Electric Corporation; Mitsubishi Electric Visual Solutions America, Inc.; and Mitsubishi Electric & Electronics USA, Inc.; Technicolor SA (f/k/a Thomson SA) and Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.)

below:

| Date | Event |
|---|---|
| 12/5/2014 | Pretrial Daubert motions. |
| 12/5/2014 | Plaintiffs' exchange of trial exhibits, deposition excerpts, and witness lists. |
| 12/23/2014 | Oppositions to dispositive motions. |
| 1/9/2015 | First simultaneous exchange of jury instructions and special verdict forms. |
| 1/16/2015 | Oppositions to pretrial Daubert motions. |
| 1/23/2015 | Replies in support of dispositive motions. |
| 1/23/2015 | Motions in limine and other non-dispositive motions. |
| 1/26/2015 | Second simultaneous exchange of jury instructions and special verdict forms. |
| 1/29/2015 | Defendants' exchange of trial exhibits, deposition excerpts, and witness lists. |
| 1/30/2015 | Meet and confer re pre-trial order |
| 2/6/2015 | Last day to exchange proposed exhibit and witness lists; file pretrial order, agreed set of jury instructions, and verdict forms. |
| 2/9/2015 | Replies in support of pre-trial Daubert motions. |
| 2/13/2015 | Oppositions to motions in limine and other non-dispositive pretrial motions. |
| 2/20/2015 | Replies in support of motions in limine and other non-dispositive motions. |
| 2/27/2015 | Hearings on Motions in limine and other non- |

|  | dispositive pre-trial motions, and final pre-trial conference. |
|---|---|
| 3/9/2015 | Trial(s) |

ViewSonic filed its complaint on May 30, 2014. ViewSonic contends that it filed as soon as practicable after the Court's ruling (which it considered unexpected) and, since filing, has worked diligently to quickly and efficiently provide Defendants with the information that they need to litigate this case. Because the Defendants have propounded similar types of discovery requests on the DAPs in this case, ViewSonic voluntarily produced documents and data responsive to those requests on June 6, 2014. ViewSonic has also offered to quickly make available deposition witnesses, including a 30(b)(6) witness. ViewSonic voluntarily served two expert reports on June 9, 2014, and another on June 17, 2014. And with the exception of Chunghwa and Beijing Matsushita, all of the Defendants have agreed to accept/waive formal service of the complaint, and each of those defendants, except Samsung SDI,[2] has received service materials pursuant to Fed. R. Civ. P. 4(d). Beijing Matsushita accepted service pursuant to this Court's Order (Dkt. 1241) and ViewSonic sent Chunghwa service materials immediately after the Court's Order of July 7, 2014 (Dkt. 2674) requiring it to accept service through U.S. counsel. Additionally, because ViewSonic's Sherman Act Section 1 claims mirror other DAPs' Sherman Act Section 1 claims in this case, ViewSonic has engaged in discussions with certain defense counsel, including counsel for Samsung SDI, regarding entering a stipulation in which all previous briefing and decisions apply to the ViewSonic case as well.

Given the progress made in discovery thus far, and the fact that ViewSonic's Complaint is virtually identical to other DAPs, with identical allegations of anticompetitive behavior,

---

[2] Counsel for ViewSonic first requested that Samsung SDI waive formal service of its complaint on June 3, 2014. Despite having done so in other DAP cases, Samsung SDI only responded on July 9, 2014 that it would accept service through counsel - more than a month after the request was first made and well after other defendants had agreed to waive/accept service. Any delay is of Samsung SDI's own making.

ViewSonic and the Coordinating Defendants agree that the modest scheduling modifications set forth above will afford all parties a sufficient period to complete ViewSonic-specific discovery, while at the same time ensuring that ViewSonic is trial-ready by March 2015.  ViewSonic believes that its efforts to produce relevant information, and the similarity to other DAPs' cases, mitigate any concerns that the Defendants would be prejudiced by ViewSonic remaining on the same trial schedule as the other DAPs.  ViewSonic shares experts with the other DAPs, and the expert reports that ViewSonic filed in June are functionally identical to the expert reports that the DAPs filed on April 15, 2014.  Below, Defendants take issue with ViewSonic's business model, but ViewSonic believes that its "brander" status is not unique in this case, as the Dell plaintiffs employed a similar model.  And ViewSonic's expert, Dr. Frankel, testified that he utilized the same damages methodology for the ViewSonic report that he used in all of the other DAP expert reports.[3]  ViewSonic also notes that Defendants deposed Dr. Frankel well over a month after receiving the ViewSonic damages report.

      The Coordinating Defendants believe that, while the shorter periods for discovery and expert reports for the ViewSonic case proposed herein are less than ideal, they are willing to proceed on an expedited basis in order to preserve a common trial date for the case, which the Coordinating Defendants believe is the paramount consideration for the efficient resolution of the case.  Indeed, there is precedent for an accelerated schedule in this MDL as Thomson and Mitsubishi, who were both late additions to this case, have also remained on the current trial track.

      ViewSonic and the Coordinating Defendants believe that the creation of a separate trial track for ViewSonic is not preferable because it will delay the resolution of these cases. ViewSonic and the Coordinating Defendants also believe that the creation of a second track will use additional judicial resources and be more expensive for the parties than keeping ViewSonic on the current trial track.  Although ViewSonic and Coordinating Defendants agree that a slightly

---

[3] Such data were originally produced in response to an August 2013 subpoena.

modified pretrial schedule is in the parties' best interest, the remaining Defendants have taken the position that ViewSonic must proceed on an entirely separate track altogether, with a completely different trial date. *See* Letter from James McGinnis Regarding ViewSonic Schedule (Dkt. No. 2643). A separate trial track, however, would unnecessarily delay resolution of this litigation and create additional burdens on the Court.

### b. Position of the Samsung SDI, Panasonic, Chunghwa, Philips, and Beijing-Matsushita Defendants

Five of the Defendant families in this litigation oppose ViewSonic's 11th hour effort to piggyback on to the MDL schedule.[4] To understand why this late-filed case should proceed on its own standalone schedule, just as would any other case filed in this Court, a brief review of the pertinent procedural history is instructive. The first direct action case was filed in this Court on February 8, 2011 (Electrograph). In November 2011, various Direct Action Plaintiffs filed 10 more cases, including the Target case in which the plaintiff is represented by the same lawyers that now seek to add the ViewSonic case. Two more cases, Dell and Sharp, appeared in February and March, 2013, respectively. Given the Court's September 5, 2014 discovery deadline, each of those cases has had a minimum of 18 months for discovery.

Indeed, discovery in every one of these cases has proven to be complex and challenging despite the good faith efforts of experienced counsel. Those challenges have impacted not just foreign discovery from the defendants but also discovery from the plaintiffs. Each plaintiff is differently situated and has a different case to present. There have been regular if not frequent discovery disputes, just as would be expected in cases where the plaintiffs are seeking many

---

[4] The Defendants taking this position are Chunghwa Picture Tubes, Ltd.; Chunghwa Picture Tubes (Malaysia); Panasonic Corporation; Panasonic Corporation of North America; MT Picture Display Co., Ltd.; Beijing Matsushita Color CRT Co., Ltd.; Koninklijke Philips Electronics N.V.; Philips Electronics North America Corporation; Philips Electronics Industries (Taiwan) Ltd.; Philips Da Amazonia Industria Electronica Ltda.; Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.

billions of dollars. And those problems have been compounded by the fact that the claims cover a period that goes back to the 1990s and ended almost a decade ago.

The <u>ViewSonic</u> case presents the same challenges. ViewSonic seeks roughly $800 million in treble damage, and the nature of its claims appears to be unique in this litigation. According to ViewSonic's expert, ViewSonic has a different business model from other direct action plaintiffs. ViewSonic is a "brander" that worked with a variety of manufacturing partners to assemble ViewSonic-branded CRT monitors to ViewSonic's specifications and order to ensure that its monitors were assembled at the lowest possible cost. How this business model as a "brander" should affect its claim is not yet known and certainly merits more than 5 months of hurry-up fact and expert discovery.

Similarly, at a time when ViewSonic has not completed service of its Complaint on the majority of Defendants, it proposes that all Defendants answer the Complaint by July 25—a mere ten business days from now.[5] No provision at all is made in ViewSonic's proposed schedule for the filing and briefing of potential motions to dismiss—a serious possibility for several of the Defendants here. ViewSonic is not entitled to such an extreme truncation of these basic litigation procedures, to the sole prejudice of the Defendants, merely because it elected to delay the filing of its case.

ViewSonic's proposed September 5 deadline for opposition expert reports is also unrealistic and unfairly prejudicial to Defendants. While it is certainly true that two of the three expert reports that ViewSonic filed six weeks late are the same as submitted by those experts for other claimants. But the third, from Dr. Frankel, unquestionably presents unique issues. Among other singular problems, Dr. Frankel relies on several categories of as yet unexplored data that ViewSonic apparently included in a recent 41,000-document production.

---

[5] The Philips Defendants agreed to waive formal service on June 26, 2014. Under FRCP 12(a)(1)(A)(ii), the Philips Defendants responsive pleadings to ViewSonic's Complaint are due August 25, 2014. The Court has ordered that the Chunghwa defendants accept service through counsel.

In fairness to the defendants, ViewSonic's request to proceed according to the MDL schedule must be evaluated against this backdrop. Moreover, ViewSonic did not file its motion to opt-in to the class until February 20, 2014, over six years after the class cases were filed, and over three full years after its counsel filed a different direct action case. ViewSonic then took nearly two months after the Court ruled to circulate its complaint, alert defense counsel that it intended to follow the current MDL schedule, serve untimely expert reports, and produce more than 41,000 documents. Dr. Frankel's already late report was "supplemented" on July 1, 2014. No doubt ViewSonic had been preparing to thrust this discovery into the defendants' laps ever since the Court ruled on the opt-in motion.

ViewSonic does so at the most inopportune and inappropriate time. This is arguably the most intensive, carefully scheduled and important period in the case. Many hundreds of pages of expert reports are being exchanged and expert depositions taken. The parties have been focusing on damages, a critical issue for settlement of cases that has thus far proven intractable.

At best, the ViewSonic case is a major distraction. In reality, it adds a considerable burden for these defendants and threatens to make an already complex trial completely unmanageable. The schedule they have proposed makes clear that plaintiffs regard ViewSonic as a major case, not a routine add-on.

Of course, the defendants have a large number of lawyers, but as the Court can see from the defendants' differing positions, all of the defendants do not have equal resources. And, in any event, a party that has delayed its entry into the litigation for so long has the least right to insist on special accommodation from the defendants or the Court.

These defendants do not begrudge ViewSonic its right to try to pursue a claim, even at this late date. But ViewSonic should wait its turn and proceed like any other litigant. There will be plenty of opportunity for ViewSonic to make efficient use of the MDL discovery record and rulings. Accordingly, these Defendants respectfully request that the Court deny ViewSonic's request to participate in the now almost complete MDL discovery process, and instead meet and confer with all defendants regarding a separate schedule that is fair to all parties.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: July 11, 2014 | Respectfully submitted, |
| 3 | | |
| 4 | | By:/s/ *Jason C. Murray* |
| 5 | | Jason C. Murray (CA Bar No. 169806)<br>CROWELL & MORING LLP |
| 6 | | 515 South Flower St., 40th Floor<br>Los Angeles, CA  90071 |
| 7 | | Telephone:  213-443-5582<br>Facsimile:  213-622-2690 |
| 8 | | Email: jmurray@crowell.com |
| 9 | | Jerome A. Murphy (*pro hac vice*)<br>Astor H.L. Heaven *(pro hac vice)* |
| 10 | | CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, N.W. |
| 11 | | Washington, D.C. 20004<br>Telephone:  202-624-2500 |
| 12 | | Facsimile:  202-628-5116<br>Email: jmurphy@crowell.com |
| 13 | | aheaven@crowell.com |
| 14 | | *Counsel for ViewSonic Corporation* |
| 15 | | |
| 16 | | MUNGER, TOLLES & OLSON LLP |
| 17 | | By:    */s/ Hojoon Hwang*<br>Hojoon Hwang |
| 18 | | William D. Temko<br>Laura K. Lin |
| 19 | | MUNGER, TOLLES & OLSON LLP<br>560 Mission Street |
| 20 | | Twenty-Seventh Floor<br>San Francisco, California 94105-2907 |
| 21 | | Telephone:     (415) 512-4000<br>Facsimile:      (415) 512-4077 |
| 22 | | |
| 23 | | *Counsel to Defendants LG Electronics, Inc.<br>and LG Electronics U.S.A., Inc.* |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| 1 | |
| 2 | **WHITE & CASE**LLP |
| 3 | By: */s/ Lucius B. Lau* |
| 4 | Christopher M. Curran (*pro hac vice*)<br>ccurran@whitecase.com |
| 5 | Lucius B. Lau (*pro hac vice*)<br>alau@whitecase.com |
| 6 | Dana E. Foster (*pro hac vice*)<br>defoster@whitecase.com |
| 7 | 701 Thirteenth Street, N.W.<br>Washington, DC  20005 |
| 8 | tel.: (202) 626-3600<br>fax: (202) 639-9355 |
| 9 | |
| 10 | *Counsel to Defendants Toshiba Corporation, Toshiba America, Inc.,* |
| 11 | *Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.* |
| 12 | |
| 13 | |
| 14 | By: */s/ Kathy L. Osborn* |
| 15 | Kathy L. Osborn (*pro hac vice*)<br>Ryan M. Hurley (*pro hac vice*) |
| 16 | Faegre Baker Daniels LLP<br>300 N. Meridian Street, Suite 2700 |
| 17 | Indianapolis, IN  46204<br>Telephone: +1 317-237-0300 |
| 18 | Facsimile: +1 317-237-1000<br>kathy.osborn@FaegreBD.com |
| 19 | ryan.hurley@FaegreBD.com |
| 20 | Jeffrey S. Roberts (*pro hac vice*)<br>Faegre Baker Daniels LLP |
| 21 | 3200 Wells Fargo Center<br>1700 Lincoln Street |
| 22 | Denver, CO  80203<br>Telephone: +1 303-607-3500 |
| 23 | Facsimile:  +1 303-607-3600<br>jeff.roberts@FaegreBD.com |
| 24 | Stephen M. Judge (*pro hac vice*) |
| 25 | Faegre Baker Daniels LLP<br>202 S. Michigan Street, Suite 1400 |
| 26 | South Bend, IN  46601<br>Telephone: +1 574-234-4149 |
| 27 | Facsimile: +1 574-239-1900<br>steve.judge@FaegreBd.com |
| 28 | Calvin L. Litsey (SBN 289659) |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-   JOINT STATEMENT REGARDING CASE SCHEDULE
MASTER FILE NO. 3:07-CV-05944-SC

|   |   |
|---|---|
| 1 | Faegre Baker Daniels LLP |
| 2 | 1950 University Avenue, Suite 450<br>East Palo Alto, CA  94303-2279 |
| 3 | Telephone: +1 650-324-6700<br>Facsimile: +1 650-324-6701 |
| 4 | calvin.litsey@FaegreBD.com |
| 5 | *Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.* |
| 6 |   |
| 7 | JENNER & BLOCK LLP |
| 8 | By: /s/ *Terrence J. Truax*<br>Terrence J. Truax |
| 9 | Michael T. Brody<br>JENNER & BLOCK LLP |
| 10 | 353 North Clark Street<br>Chicago, Illinois 60654-3456 |
| 11 | Telephone: (312) 222-9350<br>Facsimile: (312) 527-0484 |
| 12 | ttruax@jenner.com<br>mbrody@jenner.com |
| 13 |   |
| 14 | Brent Caslin (Cal. Bar. No. 198682)<br>JENNER & BLOCK LLP |
| 15 | 633 West Fifth Street, Suite 3600<br>Los Angeles, California 90071 |
| 16 | Telephone: (213) 239-5100<br>Facsimile: (213) 239-5199 |
| 17 | bcaslin@jenner.com |
| 18 | *Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc.* |
| 19 | *and*<br>*Mitsubishi Electric Visual Solutions America, Inc.* |
| 20 |   |
| 21 | WINSTON & STRAWN LLP |
| 22 | By: /s/ *Jeffrey L. Kessler*<br>Jeffrey L. Kessler |
| 23 | 200 Park Avenue<br>New York, NY 10166 |
| 24 | Telephone: (212) 294-6700<br>Facsimile: (212) 294-4700 |
| 25 |   |
| 26 | WEIL, GOTSHAL & MANGES LLP<br>David L. Yohai |
| 27 | 767 Fifth Avenue<br>New York, New York 10153-0119 |
| 28 | Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 |

| | |
|---|---|
| 1 | |
| 2 | *Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.* |
| 3 | |
| 4 | |
| 5 | SHEPPARD MULLIN RICHTER & HAMPTON |
| 6 | |
| 7 | By: /s/ *James L. McGinnis* <br> James L. McGinnis <br> Four Embarcadero Center, 17th Floor <br> San Francisco, California  94111 <br> Telephone:  (415) 434-9100 <br> Facsimile:  (415) 434-3947 |
| 8 | |
| 9 | |
| 10 | *Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.* |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | BAKER BOTTS LLP |
| 16 | By: /s/ *Erik T. Koons* <br> 1299 Pennsylvania Ave., N.W. <br> Washington, DC 20004-2400 <br> Telephone: (202) 639-7700 <br> Facsimile: (202) 639-7890 |
| 17 | |
| 18 | |
| 19 | *Attorneys for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation* |
| 20 | |
| 21 | |
| 22 | GIBSON, DUNN & CRUTCHER LLP |
| 23 | By: /s/ *Rachel S. Brass* <br> Rachel S. Brass <br> 555 Mission Street, Suite 3000 <br> San Francisco, California 94105 <br> Tel: (415) 393-8200 <br> Fax: (415) 393-8306 |
| 24 | |
| 25 | |
| 26 | *Attorneys for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia)* |
| 27 | |
| 28 | |

CROWELL & MORING LLP
ATTORNEYS AT LAW

-11-   JOINT STATEMENT REGARDING CASE SCHEDULE
MASTER FILE NO. 3:07-CV-05944-SC

|   |   |
|---|---|
| 1 | FRESHFIELDS BRUCKHAUS DERINGER US LLP |
| 2 |   |
| 3 | By: /s/ *Richard Snyder* |
|   | Richard Snyder |
| 4 | 700 13th Street NW |
|   | 10th Floor |
| 5 | Washington, DC  20005 |
|   | Telephone: (202) 777-4565 |
| 6 | Facsimile: (202) 777-4555 |
| 7 |   |
|   | *Attorneys for Defendant Beijing-Matsushita* |
| 8 | *Color CRT Company, Ltd.* |

**ATTESTATION**:  Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from each of the signatories.