ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile: 310-229-5800

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Elliot S. Kaplan, Bar No. 53624
ESKaplan@rkmc.com
K. Craig Wildfang (*Pro Hac Vice*)
KCWildfang@rkmc.com
Laura E. Nelson, Bar No. 231856
LENelson@rkmc.com
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING
LLC; BEST BUY ENTERPRISE SERVICES, INC.;
BEST BUY STORES, L.P.; BESTBUY.COM,
L.L.C.; and MAGNOLIA HI-FI, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No.: 3:07-cv-05944-SC [Honorable Samuel Conti] |
| This document relates to: *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513-SC *Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264-SC | **BEST BUY'S AMENDED OBJECTIONS TO THE SPECIAL MASTER'S ORDER RE BEST BUY'S MOTION FOR A PROTECTIVE ORDER** |

## I. INTRODUCTION

Best Buy[1] filed its Objection to Special Master's Order Re Best Buy's Motion for a Protective Order on July 7, 2014 (Dkt. No. 2677) ("Objection"). In their July 11, 2014 letter brief, Defendants object to the Objection on grounds that it exceeds the page limits under Local Rule 72-2. Dkt. 2685, at fn. 4. Best Buy respectfully submits this Amended Objection in compliance with Local Rule 72-2.

Best Buy's Objection raises important legal issues in antitrust law with substantial ramifications in this case, including issues ripe for *de novo* review by this Court. Best Buy requests that the Court set a briefing schedule on the matter pursuant to Rule 72-2 to aid the Court in analyzing those issues, and that it deem Best Buy's July 7th Objection as its opening brief to avoid delay.[2] Best Buy is prepared to submit a reply based on a shortened briefing schedule if the Court deems it appropriate.

Best Buy moved for a protective order on May 16, 2014 ("MPO") precluding discovery of its competitive intelligence practices. On June 24, 2014, the Special Master largely denied Best Buy's MPO, and Ordered Best Buy to produce a Rule 30(b)(6) designee to testify about Best Buy's "practices, policies and procedures" regarding its market monitoring activities over a twelve-year period. This discovery is improper and should be precluded. The United States Supreme Court long ago ruled that evidence of an antitrust plaintiff's conduct is irrelevant and cannot excuse the defendant's conduct. *Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc.*, 340 U.S. 211, 214 (1951). Numerous courts have since rejected attempts to take discovery of an antitrust plaintiff's practices, including evidence of contacts with competitors, and have done so irrespective of whether the defendant characterizes those practices as proper or improper.

Further, while the Special Master also ruled that evidence of Best Buy's "setting of prices for finished products" is relevant to upstream and downstream pass-through, he did not analyze

---

[1] The Best Buy plaintiffs are Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.Com, L.L.C., and Magnolia Hi-Fi, LLC (collectively, "Best Buy").

[2] Local Rule 72-2 envisions a two-part process for seeking review of a Magistrate Judge's Order. First, a party may file a motion not to exceed 5 pages identifying the issues for review. Within two weeks of the filing of the Objection, the Court may order briefing on the Objection, or may deny the Objection without briefing. *Id.*

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60830523.1     - 1 -     AMENDED OBJECTIONS TO THE SPECIAL MASTER'S ORDER RE MOTION FOR PROTECTIVE ORDER

1  the critical question of whether Best Buy's competitive intelligence practices are relevant.
2  Notably, Best Buy has already submitted to exhaustive discovery on the "setting of prices for
3  finished products," and *how* Best Buy gathers competitive intelligence is not relevant to this
4  analysis.

5  Even if such evidence was somehow relevant, the burden and prejudice to Best Buy
6  nevertheless requires the issuance of a protective order.  The Special Master's Order did not
7  evaluate the discovery burden to Best Buy related to Defendants' proposed Rule 30(b)(6)
8  deposition, or the discovery burden imposed in this litigation as a whole, which is a relevant
9  element of analysis in ruling on Best Buy's MPO.   The Special Master also did not weigh these
10  burdens against any relative relevance of Best Buy's competitive intelligence program.  <u>That
11  burden has been exacerbated by Defendants' recent disclosure (on June 17th and July 11th) that
12  they intend to take nine (9) Best Buy fact witness depositions between now and the September 5,
13  2014 close of discovery.</u>

## II.   BACKGROUND

15  Best Buy has submitted to extensive and highly burdensome discovery in this case. *See*
16  Dkt. 2677-1 (Martinez Decl., at ¶¶ 2-5).  Of note here, Best Buy submitted to a deposition of its
17  corporate designee Brian Stone on December 3, 2012 on numerous topics, including pricing,
18  costs, supply, demand, market forecasts, product specifications, price guidelines, vendor
19  negotiations, alternative distribution channels, and Best Buy's use of discounts, promotions,
20  rebates or loyalty programs. *Id.*  Mr. Stone testified, *inter alia*, that Best Buy considers the
21  competitive landscape as one of many inputs in setting prices. *Id.*, at Exh. 5 (at its Exh. A, at pgs.
22  43:14-46:15).

23  On April 1, 2014 (some 16 months later), Defendants noticed another Rule 30(b)(6)
24  deposition, this time on 27 topics of testimony, excluding sub-parts. *Id.*, at Exh. 5 (at its Exh. B,
25  at No. 19).  Best Buy produced a witness on May 23, 2014 on 26 of these topics.  The remaining
26  topic relates to Best Buy's competitive intelligence activities:

27  > No. 19: "Your practices, policies and procedures concerning Your
28  > market monitoring activities for CRT Finished Products including,
> but not limited to the following:  (a) Your competitive intelligence

60830523.1 — - 2 - — AMENDED OBJECTIONS TO THE SPECIAL MASTER'S ORDER RE MOTION FOR PROTECTIVE ORDER

activities; (b) Your use of third-party data sources and market share/data analyses; and (c) Your knowledge, use and tracking of Your competitor's pricing for CRT Finished Products during the Relevant Time Period (from March 1, 1995 through November 25, 2007)."

*Id.* On April 4, 2014, Defendants also propounded Interrogatories seeking extensive information of Best Buy's competitive intelligence practice, including "your or any of your executives', employees', or agents' participation in any meetings with your competitors." *Id.*, at Exh. 5 (at its Exh. C, at Nos. 19-20). On June 17, 2014, Defendants notified Best Buy that they intended to take five additional fact depositions. *Id.*, at ¶ 5. On July 11, 2014, *after* their filed their letter brief (Dkt. 2685), Defendants stated that they intended to take four more depositions, for a total of nine depositions between now and the September 5, 2014 close of discovery.

## III. THE SPECIAL MASTER'S ORDER

The Special Master heard Best Buy's MPO on June 23, 2014, and issued an Order on the same date. *See* Martinez Decl., at Exhs. 1-4. The Special Master ruled as follows:

> "The undersigned rejects Best Buy's argument that this discovery is not relevant to the issues herein. *Discovery directed to the setting of prices for finished products charged by Best Buy and other retailers* could well lead to the discovery of relevant evicence concerning the extent to which, if at all, alleged overcharges were passed on by Best Buy and other entities above Best Buy in the distribution channels for products containing CRTs as well as both the fact of damages and their amounts, if any."

*Id.*, at Exh. 4, pg. 1:14-19 (emphasis added). The Special Master ruled that the Interrogatories placed an undue burden on Best Buy. *Id.*, at pgs. 1:20-2:11. He further ruled that Defendants were precluded from inquiring on the extent to which Best Buy met with competitors, as follows:

> "Finally, Interrogatory No 16 contains a subpart (g) which seeks to have Best Buy identify its 'executives', employees; and agents' participation in any meetings with' competitors. This line of inquiry seems foreclosed by the <u>Kiefer-Stewart</u> line of cases."*Id.*, at pg. 2:1-4.

However, the Special Master's Order did not analyze the following issues:

1. Whether evidence of Best Buy's competitive intelligence practices specifically (as opposed to evidence of Best Buy's "setting of prices of prices for finished products" generally) is relevant;

2. The discovery burden to Best Buy related to Defendants' proposed Rule 30(b)(6)

60830523.1 - 3 - AMENDED OBJECTIONS TO THE SPECIAL MASTER'S ORDER RE MOTION FOR PROTECTIVE ORDER

deposition;

3. The discovery burden to Best Buy in this litigation as a whole, including the burden that even highly relevant discovery would entail;

4. Whether any relevance of Best Buy's competitive intelligence program is outweighed by the burden, oppression and prejudice to Best Buy; and

5. Whether the policy precluding discovery into an antitrust plaintiff's conduct bars Defendants' discovery irrespective of any relevance. *Id*., at Exh. 4.

## IV. ISSUES FOR REVIEW

Given the importance of the issues raised above, Best Buy requests that the Court allow briefing on this Objection, on the following issues:

1. Whether *Kiefer-Stewart* only applies to evidence that the Plaintiff engaged in "meetings with competitors."

2. Whether evidence of Best Buy's competitive intelligence practices specifically (as opposed to evidence of Best Buy's "setting of prices of prices for finished products" generally) is relevant;

3. Whether evidence of *how* Best Buy gathers competitive intelligence is relevant to downstream pass pricing;

4. Whether evidence of *how* Best Buy gathers competitive intelligence is relevant to upstream pass-through;

5. Whether any purported relevance is outweighed by the he burden, oppression and prejudice to Best Buy related to Defendants' proposed Rule 30(b)(6) deposition, and the discovery burden to Best Buy in this litigation as a whole, including the burden that even highly relevant discovery would entail, including the 9 additional fact witness depositions they have demanded over the next 8 weeks; and

6. Whether the policy precluding discovery into an antitrust plaintiff's conduct bars Defendants' discovery irrespective of any relevance.

## V. CONCLUSION

Best Buy respectfully requests that the Court grant this Objection, deem Best Buy's July 7th Objection as its opening brief, and set a briefing schedule to consider the issues raised herein.

60830523.1 — - 4 - — AMENDED OBJECTIONS TO THE SPECIAL MASTER'S ORDER RE MOTION FOR PROTECTIVE ORDER

1  Dated: July 14, 2014    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

   By:   /s/ Roman M. Silberfeld
          Roman M. Silberfeld
          David Martinez

   Attorneys For Best Buy

60830523.1 - 5 - AMENDED OBJECTIONS TO THE SPECIAL MASTER'S ORDER RE MOTION FOR PROTECTIVE ORDER