Michael P. Kenny, Esq.
mike.kenny@alston.com
Debra D. Bernstein, Esq.
debra.bernstein@alston.com
Matthew D. Kent
matthew.kent@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
KERR & WAGSTAFFE LLP
100 Spear Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DELL INC. and DELL PRODUCTS L.P., <br><br> Plaintiffs, <br><br> v. <br><br> HITACHI, LTD., et al., <br><br> Defendants. | Master File No. 3:07-cv-05944-SC <br><br> MDL No. 1917 <br><br> Individual Case No. 3:13-cv-02171-SC <br><br> DELL INC.'S AND DELL PRODUCTS L.P.'S ADMINISTRATIVE MOTION TO CONFIRM ITS OPT OUT REQUEST OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME TO OPT OUT <br><br> Judge: Honorable Samuel Conti <br> Courtroom: 1 |

## NOTICE OF ADMINISTRATIVE MOTION

PLEASE TAKE NOTICE that Dell Inc. and its subsidiaries (collectively, "Dell") hereby move for an administrative order confirming its exclusion from the Direct Purchaser Plaintiff ("DPP") settlements with the SDI and Hitachi Defendants[1] ("Proposed Settlements") or, in the alternative, for a 14-day enlargement of the time in which to file an opt out notice.  This motion is based on the Memorandum of Points and Authorities below, the accompanying declarations of counsel, the pleadings and records in this case, the arguments of counsel and such other matters as the Court may consider.

---

[1] The DPP's proposed settlement with SDI includes Samsung SDI Co. Ltd. (f/k/a Samsung Display Devices Co., Ltd.), Samsung SDI America, Inc., Samsung SDI Brasil, Ltd., Tianjin Samsung SDI Co., Ltd., Samsung Shenzhen SDI Co., Ltd., SDI Malaysia Sdn. Bhd., and SDI Mexico S.A. de C.V. (collectively "SDI").  The DPP's proposed settlement with Hitachi includes Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA) Inc. (collectively, "Hitachi").  SDI and Hitachi are collectively referred to as the "Settling Defendants."

DELL'S ADMIN. MOT. RE OPT OUT REQUEST                    MASTER FILE NO. 3:07-CV-05944-SC
OR FOR EXTENSION OF TIME                              MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

## INTRODUCTION

Dell clearly intended to opt out of the Proposed Settlements: (1) it filed its own lawsuit, which is part of this MDL; (2) it is actively litigating against SDI and Hitachi; and (3) Dell's opt out notice was received by the Class Action Settlement Administrator and *was included* on the list of opt out entities in the Report on Exclusions Received for Hitachi / Samsung SDI ("Report on Exclusions") filed by the Settlement Administrator on June 26, 2014.  Nonetheless, the Settling Defendants will not stipulate that Dell effectively "opted out" of the Proposed Settlements purportedly because Dell's opt out request was postmarked June 26 and not June 12, which was the technical deadline, despite the fact that Dell did not receive notice via mail and the settlement website was deficient.   Settling Defendants suffered no prejudice from this short delay given Dell *was included* in the Report on Exclusions filed with the Court on June 26 (the first time Settling Defendants learned the identities of any opt out entities).  *See* Bernstein Decl., Ex. C (Dkt. No. 2650 (Murray Decl.)) ¶ 9.  Moreover, the DPPs agree that Dell should not be part of the Class.  For these reasons, Dell requests an order confirming its status as an opt out, or in the alternative, for a retroactive 14-day enlargement of the time in which to file an opt out notice.

## BACKGROUND

In June 2013, Dell filed its First Amended Complaint ("FAC"), asserting claims against the Settling Defendants.  Dkt. No. 1726.  In the ensuing 16 months, Dell has been actively litigating against the Settling Defendants.  Counsel for Dell attended seven Hitachi percipient witness depositions.  Kent Decl. ¶ 10.  As recently as June 25, 2014, counsel for Dell examined Dr. Vandy Howell, Hitachi's expert witness.  *Id.* ¶ 13(d).  Similarly, counsel for Dell have attended the depositions of nine SDI percipient witnesses.  *Id.* ¶ 11.  In addition to these depositions, Dell has been actively engaged in responding to discovery served by the Settling Defendants and serving discovery on them.  *Id.* ¶¶ 12-15.  During the opt out period, on June 2, counsel for SDI and Hitachi questioned Dell's 30(b)(6) witness.  On June 10, counsel for Hitachi and SDI examined Dr. Mohan Rao, Dell's damages expert who presented the overcharge suffered by Dell as a result of the price-fixing conspiracy.  Similarly, on July 10, counsel for Dell defended the deposition of Dr. Stephan Haggard, an expert proffered by Dell and the other Direct Action Plaintiffs ("DAPs") on issues specific to claims against SDI.  The attached Declaration of Matthew D. Kent provides a detailed description of the extensive discovery engaged in by Dell and the

DELL'S ADMIN. MOT. RE OPT OUT REQUEST
OR FOR EXTENSION OF TIME

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

1   Settling Defendants before, during and after the opt out period.  *See* Kent Decl. ¶¶ 10-15.

2       While Dell was litigating its claims against the Settling Defendants, the DPPs reached a

3   settlement agreement with the Settling Defendants, which this Court preliminarily approved on April 14,

4   2014.  *See* Dkt. No. 2534.  In the Preliminary Approval Order, the Court did not set a specific deadline

5   for requesting exclusion from the Proposed Settlements, but instead ordered that "[e]ach Settlement Class

6   member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion

7   to the claims administrator no later than a date set, at least forty-five (45) days after mailing of the direct

8   notice."  *See id.* ¶ 11.  The accompanying proposed notice attached to the Order also did not set forth a

9   date by which parties were required to opt out.  *Id.*, Ex. A.

10      Because the docket filings did not identify the exclusion deadline, counsel for Dell regularly

11  checked the Settlement Administrator's website (www.crtdirectpurchaserantitrustsettlement.com),

12  including as late as May 28, in an attempt to determine the opt out deadline, as it had done with each of

13  the previous DPP settlements.  Whitehead Decl. ¶ 7.  Although the "Dates to Remember" page was

14  updated to reflect other relevant information, including the date of the final fairness hearing on the

15  Proposed Settlements, the June 12, 2014 deadline for opting out of the Proposed Settlements was not

16  listed on this page.  Kent Decl. ¶¶ 3-4.  As of the date of this filing, this website still has not been updated

17  to reflect the correct information.  Kent Decl., Ex. 8.  Additionally, Dell's in-house counsel, who is

18  designated at Dell to receive all Class Action notices, never received notice of the Proposed Settlements.

19  Pape Decl. ¶¶ 5-7.

20      On June 26, DPP's counsel contacted Dell's counsel and explained that they received a

21  preliminary opt out list from the class action administrator and were surprised that Dell was not included

22  on the list.  Kent Decl. ¶ 5.  This call was the first time that counsel for Dell became aware that the opt

23  out deadline was June 12.  Counsel for Dell immediately submitted its opt out request.  Kent Decl. ¶ 7.

24  The Settlement Administrator received Dell's request and Dell and its subsidiaries are identified on the

25  June 26, 2014 Report on Exclusions.  Dkt. No. 2650, Ex. C.

26      Although Dell was properly identified as an opt out entity on the Report on Exclusions, counsel

27  for Dell affirmatively reached out to the Settling Defendants on July 8 to confirm that they considered

28  Dell's opt out notice to be timely, and would not challenge Dell's exclusion from the Proposed

Settlements.  Bernstein Decl. ¶ 11.  Counsel for the Settling Defendants stated they would consider the matter and respond.  *Id.* ¶ 12.  On July 18 and July 19, SDI informed Dell that it would not stipulate that Dell's opt out notice was timely but that it would not take any position were Dell to file a motion to retroactively enlarge the time to opt out.  *Id.* ¶ 17, Ex. 4.  Hitachi would not stipulate that the notice was timely and would not agree not to oppose Dell's motion.  Hitachi did not articulate any prejudice, although counsel for Dell requested that they do so.  *Id.* ¶ 18, Ex. 4.

# ARGUMENT

## A.    Dell's Opt Out Notice was Timely and Effective

Well-settled case law holds that any "reasonable indication" of a party's desire to seek exclusion from a class is sufficient.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 13-cv-3349 SI, 2014 WL 1379204 (N.D. Cal. Apr. 8, 2014); *Plummer v. Chem. Bank*, 668 F.2d 654, 657 n.4 (2d Cir. 1982) ("Any reasonable indication of a desire to get out [of the class] should suffice."); *In re Linerboard Antitrust Litig.*, 223 F.R.D. 357, 365-66 (E.D. Pa. 2004); *Council on Social Work Educ., Inc. v. Tex. Instruments*, 105 F.R.D. 68, 71 (N.D. Tex. 1985) (same).  And "[t]he clearest evidence of a desire to pursue its own litigation against the defendants is the filing of its case against the same [] defendants." *See In re Brand Name Prescription Drugs Antitrust Litig.*, 171 F.R.D. 213, 216 (N.D. Ill. 1997); *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62, 71 (N.D. Cal. 1976) ("[I]t seems clear that institution of litigation . . . constitutes an effective—indeed, strident—expression of a desire not to acquiesce in an impending class settlement.").[2]  Here, Dell's individual action against the Settling Defendants and the fact that it was actively engaged in discovery with the Settling Defendants during the opt out period demonstrates a "reasonable indication" of Dell's desire to seek exclusion from the Proposed Settlement. *Brand Name Prescription Drugs*, 171 F.R.D. at 216; *McCubbrey*, 71 F.R.D. at 71.

In light of Dell's ongoing litigation against the Settling Defendants and the lack of prejudice

---

[2] Dell is aware that, under different circumstances, there are cases which hold that pursuing individual litigation is not a sufficient indication of the party's intent to be excluded from a class.  *See, e.g., Bowman v. UBS Fin. Servs., Inc.*, C 04 3525 MMC, 2007 WL 1456037 (N.D. Cal. May 17, 2007).  Those cases are distinguishable, however, because Dell's claims were pending in the same MDL and Dell was actively serving and responding to discovery from the Settling Defendants during the opt out period.  *See, e.g., Holmes v. CSX Transp.*, No. 97-3863, 1999 WL 447087, at *3-4 (E.D. La. June 24, 1999) (holding that pending litigation did not provide notice of intention to opt out, but emphasizing the fact that individual litigation was pending in another jurisdiction).  This case is, therefore, more comparable to *McCubbrey*, which held that a party's service of a complaint—much like Dell's service of discovery—during the opt out period was reasonable indicia of its intent to opt out of the settlement.

against any party, Dell's June 26, 2014, opt out notice should be construed as timely. Because Dell was an active litigant in the MDL and had opted out of a number of previous settlements, counsel for the DPPs believed that Dell intended to opt out of the Proposed Settlements. Bernstein Decl. ¶ 7; Kent Dec. ¶ 5. The Settling Defendants apparently reached the same conclusion, given their active litigation against Dell during the opt out period, including: (i) questioning of Dell's 30(b)(6) witness; (ii) taking the lead on the deposition of Dell's expert witnesses; and (iii) the service of extensive discovery on Dell as late as July 2. Kent Decl. ¶¶ 12-15. Dell was identified as an opt out entity in the Report on Exclusions on June 26, the first time Defendants saw the list of opt outs. Bernstein Decl. ¶ 10, Ex. 1. Thus, the fact that Dell's opt out notice was not postmarked or received by June 12 was a technical, harmless error. Moreover, since the Settling Defendants did not know Dell's opt out notice was not postmarked by the deadline until June 26, they could not have reasonably relied on any expectation that Dell intended to remain in the Proposed Settlements and cannot claim that they would be prejudiced. Settling Defendants still had 30 days after they received the Report on Exclusions to terminate their agreements *See* Dkt No. 2430-1, Ex. 1 (SDI Settlement Agreement) § 18(a); *id.*, Ex. 2 (Hitachi Settlement Agreement) § 18(a). For these reasons, Dell reasonably indicated its desire to be excluded from the Proposed Settlements, the Settling Defendants had sufficient notice of that intent, and they suffered no prejudice by Dell's June 26 submission of its opt out request.

## B.     Alternatively, Dell Requests a Retroactive Enlargement of Dell's Time to Opt Out

Alternatively, Dell requests that it be granted a brief retroactive, 14-day enlargement of time in which to opt out. District courts have the authority to extend the deadline for parties to opt out of a class. *See* Fed. R. Civ. P. 6(b)(1)(B); *Silber v. Mabon*, 18 F.3d 1449, 1455 n.4 (9th Cir. 1994) (recognizing courts have discretion to allow requests for exclusion after the deadline); *Negrete v. Allianz Life Ins. Co. of N. Am.,* Nos. CV 05-6838, 2009 WL 6979779, at *1 (C.D. Cal. June 1, 2009).

Under Rule 6(b), the Court may grant the enlargement upon a showing of good cause and that the party's late filing was the result of excusable neglect. *See* Fed. R. Civ. P. 6(b). The Supreme Court has held that courts may enlarge previously expired deadlines and "accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The determination of whether

4

a party's neglect is excusable is, "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395. The circumstances to consider include "the danger of prejudice to the [opposing parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay . . . and whether the movant acted in good faith." *Id*. Here, all of the *Pioneer* factors justify the relief sought by Dell.

*First*, there is no prejudice to any parties to the litigation. Permitting Dell to opt out as of June 26, 2014 as opposed to June 12, 2014, would not disadvantage any party. The DPP class does not object to Dell's exclusion from the Proposed Settlements. There would be *no prejudice* to the Settling Defendants because Dell appeared on the Report on Exclusions filed on June 26, the first date Settling Defendants received *any* information regarding the opt out entities. The Settling Defendants would be in the same position they would have been in had Dell perfected its notice of exclusion by June 12.

*Second*, Dell's delay was minimal. Its opt out request was postmarked and received only 14 days after the deadline, and was received in time to be included on the initial submissions to the Court, giving Settling Defendants 30 days to terminate the agreements, and two months before the fairness hearing.

*Third*, the reason for this delay is confusion regarding the opt out deadline created by the class administrator's settlement website not being properly updated to reflect the opt out deadline, consistent with past practice, the class action administrator's failure to serve Dell with actual notice of the opt out deadline, and outside counsel's reasonable mistake regarding the opt out deadline. *See* Kent Decl. ¶¶ 3-4.

*Finally*, Dell has acted in good faith. Dell is not attempting to gain some tactical advantage from its delay. Dell made its decision to opt out against the Settling Defendants clear and was actively pursuing its claims against the Settling Defendants before, during, and after the opt out deadline. Dell was not simply "waiting to see if the adjudication in the class action is favorable before deciding whether to join the class." *Brand Name Prescription Drugs*, 171 F.R.D. at 215.

## CONCLUSION

For these reasons, Dell's motion should be granted and the Court should order that Dell has opted out of the Proposed Settlements or, in the alternative, retroactively enlarge Dell's time to opt out by 14 days.

Date: July 22, 2014

Respectfully submitted,

By:  /s/ Debra D. Bernstein

Michael P.  Kenny, Esq. (GA Bar No. 415064)
mike.kenny@alston.com
Debra D.  Bernstein, Esq. (GA Bar No. 054998)
debra.bernstein@alston.com
Matthew D.  Kent, Esq. (GA Bar No. 526272)
matthew.kent@alston.com
Melissa Mahurin Whitehead, Esq. (GA Bar No. 667932)
melissa.whitehead@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
KERR & WAGSTAFFE LLP
100 Spear Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

DELL'S ADMIN. MOT. RE OPT OUT REQUEST                    MASTER FILE NO. 3:07-CV-05944-SC
OR FOR EXTENSION OF TIME                                 MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC