Michael P. Kenny (mike.kenny@alston.com)
Debra D. Bernstein (debra.bernstein@alston.com)
Matthew D. Kent (matthew.kent@alston.com)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
100 Spear Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Fax: (415) 371-0500

*Attorneys For Plaintiffs Dell Inc. and Dell Products L.P.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to Individual Case No.<br><br>3:13-cv-02171-SC | Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br>MDL No. 1917 |
| DELL INC. and DELL PRODUCTS L.P.,<br><br>    Plaintiffs,<br><br>    v.<br><br>HITACHI, LTD., *et al.*,<br><br>    Defendants. | Individual Case No. 3:13-cv-02171-SC<br><br>**DECLARATION OF DEBRA D. BERNSTEIN IN SUPPORT OF PLAINTIFFS DELL INC. AND DELL PRODUCTS L.P.'S ADMINSTRATIVE MOTION** |

I, **DEBRA D. BERNSTEIN**, declare as follows:

1.     I am a partner with the law firm of Alston & Bird LLP, counsel for Plaintiffs Dell Inc. and Dell Products L.P. (collectively, "Dell") in the above-captioned action currently pending in the U.S. District Court for the Northern District of California.  I submit this Declaration in support of Dell's Administrative Motion to Confirm its Opt Out Request or, in the Alternative, for an Enlargement of Time to Opt Out.  I have personal knowledge of the facts stated herein, and I could and would competently testify thereto if called as a witness.

2.     I am a member in good standing of the State Bar of Georgia and am admitted to practice before the U.S. District Court for the Northern District of Georgia.  Pursuant to the Court's Pretrial Order No. 1 in the MDL Proceeding, I have been admitted *pro hac vice* in this litigation.

3.     Dell filed its Complaint in this matter on February 17, 2013.

4.     On June 10, 2013, Dell filed its First Amended Complaint ("FAC"), asserting claims against Samsung SDI Co. Ltd. (f/k/a Samsung Display Devices Co., Ltd.), Samsung SDI America, Inc., Samsung SDI Brasil, Ltd., Tianjin Samsung SDI Co., Ltd., Samsung Shenzhen SDI Co., Ltd., SDI Malaysia Sdn. Bhd., and SDI Mexico S.A. de C.V. (collectively "SDI"), and Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA) Inc. (collectively, "Hitachi").  *See* Dkt. No. 1726.

5.     While Dell was litigating its claims against SDI and Hitachi (collectively, the "Settling Defendants"), the Direct Purchaser Plaintiffs ("DPPs") reached a settlement agreement with the Settling Defendants, which this Court preliminarily approved on April 14, 2014.  Dkt. No. 2534.  Dell refers to these preliminarily approved settlement classes as the "Proposed Settlements."

6.     The Court's Preliminary Approval Order did not set a specific deadline for requesting exclusion from the Proposed Settlements, but instead ordered that "[e]ach Settlement Class member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion to the claims administrator no later than a date set, at least forty-five (45) days after mailing of the direct notice." *See id.* ¶ 11.  The accompanying proposed noticed attached to the Order also did not set forth

DECL. OF DEBRA D. BERNSTEIN ISO
DELL'S ADMINISTRATIVE MOTION

No. 3:13-cv-02171-SC
MDL No. 1917

a date by which parties were required to opt out. *Id.*, Ex. A.

7.     On June 26, I spoke with Richard Alexander Saveri, counsel for the DPPs. He stated that they had just seen the draft opt out notice list and noticed Dell's name was not on the list, as it had been with the other DPP settlements.

8.     This call was the first time that I became aware that the opt out deadline was June 12, 2014.

9.     Immediately after that phone conversation, we submitted Dell's opt out request by email and U.S mail.

10.     The Settlement Administrator received Dell's request prior to submitting the June 26, 2014 declaration of Ross Murray and accompanying Report on Exclusions, and identified Dell as an entity seeking exclusion. The Report on Exclusion identified the date Dell's opt out request was received as June 26, 2014. Dkt. No 2650, Ex. C. A true and correct copy of Mr. Murray's declaration and the exhibits thereto is attached as Exhibit 1.

11.     Although Dell believed it was properly identified as an opt out entity on the list submitted to the Court, on July 8, 2014, Jim Wagstaffe, my co-counsel, and I, along with Craig Benson, counsel for the Sharp Plaintiffs, contacted counsel for Hitachi, Mr. Jim Mutchnik, to confirm that Hitachi would not challenge Dell's exclusion from the Proposed Settlements. We separately contacted counsel for SDI, Mr. Jim McGinnis.

12.     Mr. Mutchnik and Mr. McGinnis stated they would consider the matter and respond.

13.     On July 10, 2014, I sent letters to Mr. Mutchnik and Mr. McGinnis, asking them to let us know by July 14, 2014, whether the Settling Defendants would contend that Dell should not be excluded from the Proposed Settlements. True and correct copies of these letters are attached as Exhibits 2 and 3.

14.     On July 14, 2014, Mr. Wagstaffe, Mr. Benson, and I had a joint call with counsel for Hitachi, Mr. Eliot Adelson, and counsel for SDI, Mr. Mike Scarborough. On this call, Settling Defendants' counsel asked for the facts surrounding Dell's submission of its opt out notice, and I

-3-

provided the information requested.  Specifically, I explained that we had been checking the Settlement Administrator's website at http://www.crtdirectpurchaserantitrustsettlement.com/dates-to-remember.aspx for information regarding opting out of the Proposed Settlements, that the website provided deficient notice because it did not provide the date to opt out of the Hitachi or SDI settlements on the "Dates to Remember" page, and that Dell did not receive written notice via the mail. Mr. Scarborough and Mr. Adelson responded that they would investigate the matter with the class action administrator and respond by Friday July 18, 2014.

15.     I specifically asked both Defendants on that call, that, in the event they contend Dell's opt out is untimely, to articulate any harm or prejudice they suffered.

16.     Having not received a response from either of the Settling Defendants, around 4:00 Eastern Time on July 18, 2014, I called Mr. Scarborough.  Mr. Scarborough informed me that Mr. Adelson was traveling and that he was not in a position to respond to our request before he spoke with Mr. Adelson.

17.     During the evening on July 18, 2014, I received emails from Mr. Scarborough and Mr. Adelson relaying their response to Dell's request.  Mr. Scarborough stated that because the June 12 deadline was Court-imposed, SDI would not "waive any rights" it may have based on Dell's June 26 opt out notice.  Nonetheless, Mr. Scarborough stated that SDI would take "no position" with respect to a motion by Dell to retroactively enlarge the time in which to file an opt out notice.

18.     Similarly, Mr. Adelson stated that Hitachi would not "waive any rights" it may have as to Dell's June 26 opt out notice, and that Hitachi would respond to a motion by Dell if one was filed.

19.     A true and correct copy of the July 18, 2014, email chain with Mr. Scarborough and Mr. Adelson is attached as Exhibit 4.

20.     I responded to these emails on July 19, 2014, and specifically asked whether the Settling Defendants would stipulate that they would not challenge the timeliness of Dell's opt out notice or, in the alternative, whether they would agree not to oppose Dell's motion to deem the opt out timely, should Dell file a motion.  A true and correct copy of this email is attached as Exhibit 5.

-4-

21.     Mr. Adelson responded within ten minutes and stated that Hitachi was "not willing to enter into that type of stipulation or agreement." A true and correct copy of this email is attached as Exhibit 6.

22.     Despite my specific request, Mr. Adelson did not offer any reason why Hitachi would not stipulate that Dell's opt out was timely or agree not to oppose Dell's motion, nor did Hitachi articulate any harm or prejudice suffered.

23.     Mr. Scarborough responded and stated that "SDI intends to take no position with respect to such motion (assuming our communications on this point are accurately represented to the Court)." A true and correct copy of this email is attached as Exhibit 7.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 22, 2014, in Atlanta, Georgia.

By: _____
Debra D. Bernstein, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777
debra.bernstein@alston.com

*Attorney for Plaintiffs Dell Inc. and Dell Products L.P*

DECL. OF DEBRA D. BERNSTEIN ISO
DELL'S ADMINISTRATIVE MOTION

No. 3:13-cv-02171-SC
MDL No. 1917