1  Michael P. Kenny (mike.kenny@alston.com)
   Debra D. Bernstein (debra.bernstein@alston.com)
2  Matthew D. Kent (matthew.kent@alston.com)
   **ALSTON & BIRD LLP**
3  1201 West Peachtree Street
   Atlanta, Georgia  30309-3424
4  Tel: (404) 881-7000
   Fax:  (404) 881-7777

5  James M. Wagstaffe, Esq. (SBN 95535)
   wagstaffe@kerrwagstaffe.com
6  **KERR & WAGSTAFFE LLP**
7  100 Spear Street, 18th Floor
   San Francisco, California 94105-1576
8  Tel: (415) 371-8500
   Fax: (415) 371-0500
9

10  *Attorneys For Plaintiffs Dell Inc. and Dell Products L.P.*

11                **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
12                 **SAN FRANCISCO DIVISION**

13  In re: CATHODE RAY TUBE (CRT)
    ANTITRUST LITIGATION
14                                            Master File No. 3:07-cv-05944-SC (N.D. Cal.)
    This Document Relates to Individual Case No.   MDL No. 1917
15
    3:13-cv-02171-SC
16

17  DELL INC. and DELL PRODUCTS L.P.,

18       Plaintiffs,                          Individual Case No. 3:13-cv-02171-SC

19       v.
                                              **DECLARATION OF MATTHEW D. KENT**
20  HITACHI, LTD., *et al.*,                  **IN SUPPORT OF PLAINTIFFS DELL**
                                              **INC.'S AND DELL PRODUCTS L.P.'S**
21       Defendants.                          **ADMINSTRATIVE MOTION**

22

23

24

25

26

27

28

1     I, **MATTHEW D. KENT**, declare as follows:

2       1.      I am an associate with the law firm of Alston & Bird LLP, counsel for Plaintiffs Dell

3 Inc. and Dell Products L.P. (collectively, "Dell") in the above-captioned action currently pending in the

4 U.S. District Court for the Northern District of California.  I submit this Declaration in support of

5 Dell's Administrative Motion to Confirm its Opt Out Request or, in the Alternative, for an Enlargement

6 of Time to Opt Out.  I have personal knowledge of the facts stated herein, and I could and would

7 competently testify thereto if called as a witness.

8       2.      I am a member in good standing of the State Bar of Georgia and am admitted to practice

9 before the U.S. District Court for the Northern District of Georgia.  Pursuant to the Court's Pretrial

10 Order No. 1 in the MDL Proceeding, I have been admitted *pro hac vice* in this litigation.

11       3.      After I learned of the DPP settlement with Hitachi and SDI (the "Settling Defendants"),

12 I began checking the class settlement administrator's  "Dates to Remember" webpage located at

13 http://www.crtdirectpurchaserantitrustsettlement.com/dates-to-remember.aspx   to   determine   the

14 deadline to opt out of the settlements with Hitachi and SDI.  I visited the "Dates to Remember" page

15 between April 1, 2014 and May 16, 2014, and when I visited the website, the "Dates to Remember"

16 page did not reflect the opt out deadline of June 12, 2014.

17       4.      Although this page was updated with information regarding the date of the Final

18 Approval Hearing, it was not updated to reflect the deadline for opting out of the settlements with

19 Hitachi and SDI ("Proposed Settlement Classes").  The Dates to Remember page still has not been

20 updated to reflect the opt out deadline for the Proposed Settlement Classes.  A true and correct copy of

21 this page as of July 22, 2014, is attached as Exhibit 8.

22       5.      On June 26, 2014, I spoke with Richard Alexander Saveri, counsel for the DPPs.  He

23 informed me that they were surprised that Dell had not submitted an opt out request by June 12, 2014,

24 the deadline for opting out of the Proposed Settlement Classes.

25       6.      This was the first time that I became aware that the opt out deadline was June 12, 2014.

26       7.      Immediately after that phone conversation, I prepared and submitted Dell's opt out

27 request by email and U.S mail.

28       8.      Dell's opt out notice was received by the DPP Settlement Administrator, and Dell Inc.

1    and its subsidiaries are correctly reflected on the Report on Exclusions filed with the Court on June 26,

2    2014. *See* Bernstein Decl., Ex. 1 (Dkt. No. 2650 (Murray Decl.) ¶ 9, Ex. C).

3         9.     Dell has been actively litigating its claims against both Settling Defendants since Dell

4    filed its First Amended Complaint, during the opt out period, and after the opt out period closed.

5         10.    Counsel for Dell has attended seven Hitachi percipient witness depositions.  In June

6    2013, counsel for Dell took lead in examining Kenichi Hazuku, a Hitachi percipient witness.

7         11.    Counsel for Dell has attended nine SDI percipient witness depositions and asked

8    questions at a number of these depositions.

9         12.    Between April 14, 2014 (the date the Court preliminarily approved the Proposed

10   Settlement Classes), and June 12, 2014 (the deadline for opting out of the Proposed Settlement

11   Classes), Dell and the Settling Defendants were engaged in extensive discovery, including the

12   following:

13        a.    On April 15, 2014, Dell served a 30(b)(6) deposition notice on SDI, to which SDI

14             objected on May 6, 2014.  Counsel for SDI and Dell met and conferred regarding

15             this 30(b)(6) on multiple occasions, including on April 15, 2014, and via email and

16             correspondence on May 23, 2014, and May 29, 2014.

17        b.    On May 5, 2014, Dell served its third set of interrogatories and requests for

18             admission on SDI.

19        c.    On May 7, 2014, SDI served its third set of interrogatories on Dell, to which Dell

20             responded on June 9, 2014.

21        d.    On May 7, 2014, Hitachi served its first requests for production of documents to

22             Dell, to which Dell responded on June 9, 2014.

23        e.    On May 8, Dell served its first set of interrogatories and requests for admission on

24             Hitachi, to which Hitachi responded in part on June 9, 2014.

25        f.    On May 12, Tyler Cunningham, counsel for SDI, sent Dell a letter requesting

26             supplementation of Dell's responses to discovery served by SDI.

27        g.    On May 15, 2014, Matthew Hertko, counsel for Hitachi, sent a letter asking about

28             back-up data provided by Dr. Mohan Rao on April 18, 2014, in connection with his

- 3 -

expert report submitted on behalf of Dell.  Dell responded to this letter on May 16, 2014.

    h.  On June 2, 2014, Mr. Cunningham and Matthew Hertko, counsel for Hitachi, questioned Dell's 30(b)(6) witness, Julie French.

    i.  On June 10, 2014, Jim Mutchnik, counsel for Hitachi took lead at the deposition of Dell's damages expert, Dr. Mohan Rao.  Jim McGinnis, counsel for SDI also examined Dr. Mohan Rao.

13.    Between June 12, 2014, and June 26, 2014 (the date on which Dell submitted its opt out request), Dell and the Settling Defendants engaged in additional discovery, including:

    a.  On June 17, 2014, Mr. Adelson participated in a telephonic conference with counsel for Dell, regarding a draft 30(b)(6) notice that Dell served on Hitachi Displays Ltd.

    b.  On June 18, 2014, SDI Co. Ltd. (joined by LG Electronics, Inc.) served their fourth set of interrogatories and second set of request for production of documents on Dell.

    c.  On June 23, 2014, SDI served its responses and objections to Dell's third set of interrogatories and requests for admission.

    d.  On June 26, 2014, counsel for Dell, examined Dr. Vandy Howell, an expert witness proffered by Hitachi.

14.    Even after June 26, 2014, when Hitachi and SDI received the Report on Exclusions, which identified the date upon which each entity submitted its opt out request, Dell has continued to engage in extensive discovery with SDI and Hitachi.  For example, On July 2, 2014, Hitachi served voluminous discovery on Dell, including requests for production, requests for admission, and interrogatories.  Counsel for SDI, Mr. Cunningham, sent a letter requesting that Dell supplement its discovery responses on July 7, 2014.

15.    The Settling Defendants continued to engage in discovery with Dell even after July 8, 2014, the date on which counsel for Dell notified counsel for the Settling Defendants about Dell's June 26 opt out notice and requested their agreement not to oppose Dell's exclusion from the Proposed Settlement Classes. This discovery included:

    a.  Counsel for SDI have been included on multiple emails regarding the scheduling of

- 4 -

1    Dell percipient witness depositions, the latest sent on July 21, 2014.

2        b.   On July 10, 2014, counsel for Dell defended the deposition of Dr. Stephan Haggard,

3             an expert proffered by the Direct Action Plaintiffs ("DAPs") on issues specific to

4             their claims against SDI.

5        c.   On July 14, 2014, Dell served SDI with supplemental discovery responses.

6        d.   On July 15, 2014, Mr. Hertko, counsel for Hitachi, sent Debra Bernstein a letter,

7             copying Mr. Adelson and Mr. Mutchnik, demanding additional back up material

8             from Dr. Rao in connection with expert report regarding Dell's damages and his

9             deposition regarding the same.

10       e.   On July 17, 2014, counsel for Dell defended the deposition of Dr. Kenneth G.

11            Elzinga, an expert proffered by Dell and other DAPs against all MDL Defendants,

12            including the Settling Defendants.

13       f.   On July 21, 2014 Dell responded to additional discovery served by SDI.

14       I declare under penalty of perjury under the laws of the United States of America that the

15   foregoing is true and correct.

16       Executed on July 22, 2014, in Atlanta, Georgia.

17

18

19       Matthew D. Kent, Esq.
         ALSTON & BIRD LLP
20       1201 West Peachtree Street
         Atlanta, Georgia 30309-3424
21       Tel: (404) 881-7000
         Facsimile: (404) 881-7777
22       matthew.kent@alston.com

23       *Attorney for Plaintiffs Dell Inc. and Dell Products L.P*

24

25

26

27

28

DECL. OF MATTHEW D. KENT ISO                                     No. 3:13-cv-02171-SC
DELL'S ADMINISTRATIVE MOTION                                     MDL No. 1917