Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 13-cv-1173 (SC) | Case No. 07-cv-5944 (SC)<br><br>MDL No. 1917<br><br>**SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S ADMINISTRATIVE MOTION TO CONFIRM ITS OPT-OUT REQUEST OR, IN THE ALTERNATIVE, ENLARGE TIME FOR SHARP TO OPT OUT OF CLASS SETTLEMENTS** |

**Introduction**

At all times in this litigation, Sharp's[1] actions have clearly shown that Sharp intends to pursue its claims against defendants separate and apart from any class. Since filing its individual action on March 15, 2013 naming Samsung SDI and Hitachi entities as defendants, Sharp has actively litigated its claims against those defendants. Dkt. No. 1604-2 (Sharp's Complaint). Additionally, Sharp is included on the list filed with the Court on June 26, 2014, which names those entities that provided opt-out notice to the settlement administrator. Benson Decl., Ex. 1 (Dkt. No. 2650, Ex. C). As noted in that list, the settlement administrator received notice of Sharp's intent to opt out on June 26, 2014, which was past the technical deadline for formal opt-out notice of June 12. *Id*. Until contacted by counsel for Sharp and Dell,[2] however, neither Samsung SDI nor Hitachi was aware of the belated opt-out notice, and they continue to actively litigate against Sharp.

Accordingly, Sharp respectfully moves the Court for an order confirming Sharp's opt-out status, or, in the alternative, an order retroactively enlarging the time for it to opt out of the settlement class through June 26, 2014, pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 6-3. Neither form of relief would prejudice Samsung SDI or Hitachi as both have been actively litigating with Sharp and only learned of the delayed notice when notified by counsel for Sharp and Dell plaintiffs. Benson Decl. ¶ 6.

**Background**

As the Court is aware, Sharp filed a direct action suit against a host of defendants, including Samsung SDI and Hitachi, on March 15, 2013. Dkt. No. 1604-2. Since that time, Sharp has actively litigated its case against all defendants, including Hitachi and Samsung SDI defendants. Benson Decl. ¶ 11. The Hitachi and Samsung SDI defendants have also actively

---

[1] For purposes of this motion, "Sharp" refers to Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. – the two plaintiffs in this case.

[2] Dell formally notified the settlement administrator of its intent to opt out on June 26 under nearly identical circumstances. Dkt. No. 2696.

litigated the Sharp action, including by propounding discovery requests and appearing at Sharp's 30(b)(6) witness depositions and asking questions as recently as today, at the deposition of an expert testifying regarding Sharp's damages. *Id.* ¶¶ 12-13.

On November 29, 2013, Hitachi entered into a settlement agreement negotiated by counsel for the putative class of direct purchasers ("DPPs"). Dkt. No. 2430-1, Ex. 2. On February 11, 2014, Samsung SDI likewise entered into a settlement agreement. Dkt. No. 2430-1, Ex. 1. These settlements were negotiated with the understanding that Sharp was pursuing its own claims against these defendants and therefore would not be part of the class settlement.

On June 26, 2014, Sharp was informed by DPP counsel that the opt-out deadline was June 12, 2014, and that the settlement administrator had not received formal opt-out notice from Sharp. Benson Decl. ¶ 2. Immediately, Sharp confirmed orally and in writing that it did not wish to participate in the Samsung SDI and Hitachi settlements. *Id.* ¶ 3. Accordingly, Sharp was included in the opt-out list filed with the Court on June 26. *Id.* ¶ 4, Ex. 1.

Outside counsel for Sharp had not provided formal opt-out notice prior to June 26. Sharp's outside litigation counsel had never received a copy of the notice indicating the June 12, 2014 deadline for opting out as it had inadvertently not been forwarded to litigation counsel by Sharp Electronics Corporation. *Id.* ¶ 5. Moreover, the CRT settlement administrator's website did not reflect any dates associated with the Samsung SDI or Hitachi settlements, under its "dates to remember" page – although it did for all of the other prior settlements. *See id.*, Ex. 6. After confirming that it appeared on the opt-out list filed with the Court, counsel for Sharp contacted lead counsel for Hitachi and Samsung SDI to learn whether they would take the position that Sharp's opt-out was ineffective as untimely. *Id.* ¶ 6. Neither was even aware of the timing issue. *Id.* Sharp sought a stipulation from them to extend the opt-out deadline in order to avoid this motion, but both refused to enter into such a stipulation. *Id.* ¶ 9, Exs. 4 & 5.

It would not be reasonable for Sharp to be included within the settlement class due to Sharp's harmless oversight. Rather, including Sharp in the settlement class would harm the actual class members as their share of the settlements would be unexpectedly reduced.

Accordingly, Sharp requests an order confirming that it has effectively opted out of the settlement class, or, in the alternative, for a retroactive 14-day enlargement of time to provide opt-out notice.

**Argument**

## I. Sharp's Actions Demonstrate That Sharp Is Not Part of the Settlement Class

At all relevant times, DPP class counsel, Samsung SDI, and Hitachi have been aware that Sharp did not intend to be a member of the Samsung SDI or Hitachi DPP settlement class. Indeed, the ongoing litigation between Sharp, Hitachi, and Samsung SDI through the present constitutes the "clearest evidence" of Sharp's intent not to be included in the settlement class. *In re Brand Name Prescription Drugs Antitrust Litig.*, 171 F.R.D. 213, 215-16 (N.D. Ill. 1997). Sharp's prosecution of its claims against Samsung SDI and Hitachi "constitutes an effective – indeed, strident – expression of a desire not to acquiesce in an impending class settlement." *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62, 68-69 (N.D. Cal. 1976). Accordingly, Sharp seeks an order affirming the operating understanding of all relevant parties: Sharp is not a member of the settlement class.

Sharp has been actively litigating an independent action against the Hitachi and Samsung SDI defendants since March 2013. It has propounded and responded to discovery requests from the Samsung SDI and Hitachi defendants through the opt-out deadline, and will even be responding to recent requests from Hitachi served on Sharp on July 2. In just the last month, Sharp presented two 30(b)(6) witnesses who were questioned by lawyers for Samsung SDI and Hitachi. Sharp filed an amended complaint specifically naming Samsung SDI and Hitachi as defendants on June 13 – the day after the opt-out deadline. Dkt. No. 2621. On June 25, Sharp, Hitachi, and Samsung filed a stipulation that those defendants' prior answers would be deemed as answers to Sharp's Second Amended Complaint. Dkt. No. 2648. Today, counsel for Hitachi and Samsung SDI questioned an expert retained by Sharp's counsel to opine on Sharp's damages. Benson Decl. ¶ 13.

Collectively, these facts demonstrate that all relevant parties were aware of Sharp's intent to be excluded from any settlements with Samsung SDI and Hitachi. This was so

well understood that counsel for DPPs reached out to Sharp expressing surprise that Sharp was not initially listed on a draft of the opt-out list assembled by the claims administrator. Benson Decl. ¶ 2. This alone demonstrates that the DPPs, Hitachi, and Samsung SDI negotiated their settlements with the understanding that Sharp would not be a part of them. As in *McCubbrey* and *In re Brand Name Prescription Drugs*, this Court should hold that Sharp's actions constituted an effective opt-out notice notwithstanding the deadline for providing formal notice.

**II.    Alternatively, the Court Should Retroactively Enlarge the Opt-Out Period**

Alternatively, Sharp requests that the Court grant a retroactive 14-day enlargement of time for Sharp to provide formal opt-out notice. Courts have substantial discretion and flexibility under Fed. R. Civ. P. 6(b) to extend the period of time for a class member to opt out of a class for good cause after the expiration of the opt-out date for excusable neglect. *See In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977); *see also Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship*, 507 U.S. 380, 395 (1993) (excusable neglect is an equitable determination depending on all of the relevant circumstances). The excusable neglect standard "plainly contemplate[s] that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness . . . ." *Pioneer Inv.*, 507 U.S. at 388. Courts consider numerous factors in evaluating excusable neglect, including whether defendants will be prejudiced if the request is granted, the length of and reasons for the delay, and whether the moving party acted in good faith and reasonably. *Negrete v. Allianz Life Ins. Co. of N. Am.*, Nos. CV 05-6838, CV 05-8908, 2009 WL 6979779, at *1 (C.D. Cal. June 1, 2009) (citing *Silber v. Malbon*, 18 F.3d 1449, 1455 (9th Cir. 1994)); *see also In re: TFT-LCD (Flat Panel) Antitrust Litigation*, No. 13-cv-3349, 2014 WL 1379204, at *2 (N.D. Cal. Apr. 8, 2014) ("Courts may permit 'considerable flexibility' in determining whether an opt-out attempt was sufficient." (internal citation omitted)). Each weighs in Sharp's favor.

As explained above, defendants will suffer no prejudice by enlarging the time. The settlement class may suffer, however, if Sharp is prohibited from pursuing its individual opt-out cases against Samsung SDI and Hitachi. Unexpectedly including Sharp, a sizeable purchaser of CRTs, in the class would dramatically reduce the proportional recovery for other class

1  members. It would be unfair to punish the settling class members because of Sharp's inadvertent
2  two-week delay in providing formal opt-out notice.

3  Other factors weigh in Sharp's favor as well. The delay of notice to the DPPs here
4  was *de minimis* – merely two weeks – and was provided in time for Sharp to appear on the list
5  filed with the Court. *Compare Silber*, 18 F.3d at 1452 (delay excusable though opt-out notice
6  received "well after" the opt-out deadline), *In re Vitamins Antitrust Class Action*, 327 F.3d 1207,
7  1209-10 (D.C. Cir. 2003) ("excusable neglect" permitted opt out nearly two and a half months
8  after deadline), *and Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201-02
9  (11th Cir. 1999) (one month delay in responding to motion to dismiss was excusable neglect in
10 absence of bad faith), *with Bowman v. UBS Fin. Servs., Inc.*, No. C-04-3525 MMC, 2007 WL
11 1456037 (N.D. Cal. May 17, 2007) (denying motion to enlarge time where motion was filed
12 nearly seven months after opt-out deadline and final settlement approval had been granted).

13 Sharp has also at all times acted in good faith. It sought no tactical advantage
14 through the timing of its opt-out notice; Sharp was actively litigating against Samsung SDI and
15 Hitachi at the time of the opt-out notice and continues to actively litigate against both defendant
16 groups. *See Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 120 F.R.D.
17 51, 53 (N.D. Ill. 1988) (no bad faith where movant's tardiness was not motivated by desire to gain
18 tactical advantage (citing *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1291 (10th Cir.
19 1974))). Finally, the fairness hearing for the DPP class settlements is currently set for August 22,
20 2014 and therefore no settlement or final judgment in this proceeding need be disturbed to permit
21 Sharp to confirm in writing that it has opted out. *See Negrete*, 2009 WL 6979779, at *3.

## **Conclusion**

23 For the foregoing reasons, Sharp respectfully requests that this Court enter an
24 order recognizing Sharp's opt-out status, or, alternatively, an order retroactively enlarging the
25 time for Sharp to provide notice of its desire to opt-out of the settlement class by 14 days.
26 ///
27 ///
28 ///

1 | DATED: July 23, 2014              Respectfully Submitted,

2 |                                                    By: /s/ *Craig A. Benson*
3 |                                                            Craig A. Benson

4 |                                                    Kenneth A. Gallo (*pro hac vice*)
  |                                                    Joseph J. Simons (*pro hac vice*)
5 |                                                    Craig A. Benson (*pro hac vice*)
  |                                                    **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
6 |                                                    2001 K Street, NW
  |                                                    Washington, DC  20006
7 |                                                    Telephone: (202) 223-7300
  |                                                    Facsimile: (202) 223-7420
8 |                                                    kgallo@paulweiss.com
  |                                                    jsimons@paulweiss.com
9 |                                                    cbenson@paulweiss.com

11 |                                                   Stephen E. Taylor (SBN 058452)
   |                                                   Jonathan A. Patchen (SBN 237346)
12 |                                                   **TAYLOR & COMPANY LAW OFFICES, LLP**
   |                                                   One Ferry Building, Suite 355
13 |                                                   San Francisco, California 94111
   |                                                   Telephone:  (415) 788-8200
14 |                                                   Facsimile:  (415) 788-8208
   |                                                   Email: staylor@tcolaw.com
15 |                                                   Email: jpatchen@tcolaw.com

17 |                                                   *Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*