Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and*
*Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd. et al.*, Case No. 13-cv-1173 (SC) | Case No. 07-cv-5944 (SC)<br><br>MDL No. 1917<br><br>**DECLARATION OF CRAIG A. BENSON IN SUPPORT SHARP'S MOTION TO CONFIRM ITS OPT-OUT REQUEST OR, IN THE ALTERNATIVE, ENLARGE TIME FOR SHARP TO OPT OUT OF CLASS SETTLEMENTS** |

- 1 -

I, CRAIG A. BENSON, hereby declare as follows:

1.     I am a partner with the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel for Plaintiffs Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") (together, "the Sharp Plaintiffs").  I am an active member in good standing of the bars of the State of Maryland, the State of New York, and the District of Columbia, and on March 20, 2013 was granted leave to appear *pro hac vice* in the above-captioned case.  I have personal knowledge of the facts stated herein and could competently testify to these facts if called upon to do so.  I submit this Declaration in support of Sharp's concurrently filed Motion to Confirm Its Opt-Out Status Request or, in the Alternative, Enlarge Time for Sharp to Opt Out of Class Settlements.

2.     On June 26, 2014, I received a telephone call from liaison counsel for the Direct Purchaser Plaintiff Class in this case.  Counsel notified me that the list of entities that had provided notice of their intent to opt out of the settlement class with Hitachi and Samsung SDI was to be submitted to the Court that evening.  Counsel for the Direct Purchaser Plaintiff Class stated that the settlement administrator had not received an opt-out request from Sharp Plaintiffs and asked whether the Sharp Plaintiffs intended to opt out.  Counsel for the Direct Purchaser Plaintiff Class indicated that they had expected the Sharp plaintiffs to have opted out.

3.     I informed liaison counsel, verbally and in writing, that the Sharp Plaintiffs did not wish to be part of the settlement class and therefore opted out.

4.     That same day, the opt-out list was submitted to the Court, and the Sharp Plaintiffs were listed as parties that had requested exclusion from the settlement class.  Dkt. No. 2650, Ex. C.  Attached hereto as Exhibit 1 is a true and correct copy of that list.

5.     I later investigated whether the Sharp Plaintiffs had ever received notice of the class settlement.  I learned that SEC had received a notice, but that the notice had inadvertently not been sent to outside counsel for the Sharp Plaintiffs.  SEMA never received notice of the class settlement.

1         6.    On July 8, I spoke with counsel for Samsung SDI and counsel for Hitachi

2    to ascertain whether they would oppose the Sharp Plaintiffs' exclusion from the settlement class.

3    They were unaware of any timing issues regarding the Sharp Plaintiffs' opt-out, and counsel

4    indicated that they would need to investigate and revert with their position.

5         7.    On July 10, I wrote and sent letters to counsel for Samsung SDI and

6    Hitachi seeking their stance on this issue and requested a response by July 14.  Attached hereto

7    as Exhibits 2 and 3 are true and correct copies of my July 10, 2014, letters to Messrs. James L.

8    McGinnis, counsel for Samsung SDI, and James P. Mutchnik, counsel for Hitachi.

9         8.    On July 14, I spoke with counsel for Samsung SDI and counsel for Hitachi

10   regarding their positions on this issue.  After discussion of the circumstances leading to Sharp's

11   opt-out communications, they represented that they would respond by July 18 with their stances.

12        9.    On July 18, counsel for Samsung SDI informed me that, although

13   Samsung SDI "does not waive any rights it may have" relating to opt-out notices, Samsung SDI

14   would take no position as to the Sharp Plaintiffs' filing of a motion to enlarge time to opt out of

15   the settlement class.  Also on July 18, counsel for Hitachi stated that if the Sharp Plaintiffs filed a

16   motion to enlarge time to opt out of the settlement class, Hitachi would "respond to" such a

17   motion, but would not state what position Hitachi would take.  In follow-up correspondence on

18   July 19, counsel for Hitachi stated that it would not enter into a stipulation or agreement to

19   extend the time for opting out.  Counsel for SDI, in related follow-up correspondence, indicated

20   again that, although it "does not waive any rights" it may have relating to the opt-out notices, it

21   would "take no position" with respect to a Sharp Plaintiffs' motion to retroactively enlarge the

22   time for opting out.  Attached hereto as Exhibit 4 is a true and correct copy of email

23   correspondence between me; Michael Scarborough, counsel for Samsung SDI; Eliot Adelson,

24   counsel for Hitachi; and Debra Bernstein, counsel for Dell plaintiffs, from July 18 through July

25   19, 2014.  Attached hereto as Exhibit 5 is a true and correct copy of email correspondence

26   between me; Michael Scarborough, counsel for Samsung SDI; Eliot Adelson, counsel for

27   Hitachi; and Debra Bernstein, counsel for Dell plaintiffs, from July 18 through July 19, 2014.

28

10.     Attached hereto as <u>Exhibit 6</u> is a true and correct copy of the "Dates to Remember" webpage of the settlement administrator's website, as it appeared on July 14, 2014.

11.     The Sharp Plaintiffs have been actively litigating their case against Samsung SDI, Hitachi, and others, since March 2013, including during the time of the opt-out notice.  Sharp continues to actively litigate against both defendant groups, and Sharp filed its Second Amended Complaint on June 13, one day after the original opt-out deadline.  Sharp has recently been engaged in active discovery in this case—it has propounded and responded to discovery requests from the Samsung SDI and Hitachi defendants, and Sharp will be responding to recent requests from Hitachi within weeks of filing of this Motion.

12.     On June 25, 2014, J. Maxwell Cooper entered an appearance on behalf of Hitachi and Leo D. Caseria entered an appearance on behalf of Samsung SDI at the deposition of Sharp 30(b)(6) witness, Vincent Sampietro.  On June 26, both entered appearances at the Sharp 30(b)(6) witness, Robert Scaglione.

13.     On July 23, 2014, counsel for Samsung SDI and Hitachi entered appearances at the deposition of expert Jerry Hausman, who has been retained by Sharp's counsel to opine on Sharp's damages.

14.     Substantial harm or prejudice to Sharp, in addition to the current class members, would occur if either form of relief requested through Sharp's Motion were not granted.  Sharp was a sizeable purchaser of CRTs during the relevant period, unexpectedly including Sharp in the class could dramatically reduce the proportional recovery for other class members.

15.     Pursuant to Civil Local Rule 6-3(5), the list below discloses all previous time modifications that have been made in this case, whether by stipulation or Court Order.

| <u>Date</u> | <u>Dkt. No.</u> | <u>Description</u> |
| --- | --- | --- |
| 04/24/2013 | 1652 | Stipulation and Order regarding briefing schedule for Defendants' responses to Sharp's Complaint pending Judge Conti's ruling on pending dispositive motions |

- 4 -

| Date | Dkt. No. | Description |
|---|---|---|
| 05/29/2013 | 1700 | Stipulation and Order extending time in which to file opposition and reply briefs regarding Thomson Consumer Electronics, Inc.'s Motion to Dismiss Sharp's Complaint |
| 07/15/2013 | 1775 | Stipulation and Order extending time in which to file opposition and reply briefs regarding Thomson S.A.'s Motion to Dismiss Sharp's Complaint |
| 07/29/2013 | 1806 | Stipulation and Order extending time in which to file opposition and reply briefs regarding Thomson S.A.'s Motion to Dismiss Sharp's Complaint |
| 08/27/2013 | 1869 | Stipulation and Order extending time in which Thomson S.A. may file a reply brief in support of its Motion to Dismiss Sharp's Complaint |
| 09/26/2013 | 1961 | Stipulation and Order regarding the briefing schedule for Technologies Displays Americas, LLC's response to Sharp's Complaint |
| 10/01/2013 | 1971 | Stipulation and Order setting a schedule for Defendants to answer or otherwise respond to the Dell Amended Complaint, Sharp Complaint, and Tech Data Amended Complaint |
| 10/07/2013 | 1991 | Stipulation and Order Regarding Scheduling |
| 10/15/2013 | 2008 | Stipulation and Order vacating order setting response date and briefing schedule for defendant Technologies Displays Americas LLC's response to Sharp's Complaint and ordering the parties to negotiate and present to the Court an agreed response date and briefing schedule regarding same for consideration and approval |
| 11/07/2013 | 2200 | Stipulation and Order setting briefing schedule for Thomson SA and Thomson Consumer Electronics, Inc.'s response to Sharp's First Amended Complaint |
| 11/13/2013 | 2215 | Stipulation and Order setting briefing schedule for Technologies Displays Americas LLC's response to Sharp's First Amended Complaint |
| 03/28/2014 | 2509 | Stipulation and Order extending time in which Technologies Displays Americas LLC may answer claims in the First Amended Complaint that have not been dismissed by the Court's Order dated March 13, 2014 (Dkt. No. 2438) |
| 04/30/2014 | 2554 | Stipulation and Order Regarding Scheduling |

| Date | Dkt. No. | Description |
|------|----------|-------------|
| 04/30/2014 | 2555 | Stipulation and Order extending time by which Technologies Displays Americas, LLC ("TDA") shall answer or otherwise respond to the DAP's Complaints or First Amended Complaint, and extending time by which TDA shall answer Sharp's First Amended Complaint. |
| 05/12/2014 | 2570 | Stipulation and Order extending time by which Technologies Displays Americas, LLC ("TDA") shall answer or otherwise respond to the DAP's Complaints or First Amended Complaint, and extending time by which TDA shall answer Sharp's First Amended Complaint. |

16.     The relief requested by the Sharp Plaintiffs will not have an effect on the currently set schedule for this case.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.  Executed this 23rd day of July, 2014, at Washington, DC.

/s/  *Craig A. Benson*
Craig A. Benson

- 6 -