1  WILLIAM D. TEMKO (State Bar No. 98858)
   william.temko@mto.com
2  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
3  Thirty-Fifth Floor
   Los Angeles, CA 90071-1560
4  Telephone:    (213) 683-9100
   Facsimile:    (213) 687-3702
5
   HOJOON HWANG (State Bar No. 184950)
6  hojoon.hwang@mto.com
   LAURA K. LIN (State Bar No. 281542)
7  Laura.Sullivan@mto.com
   MUNGER, TOLLES & OLSON LLP
8  560 Mission Street
   Twenty-Seventh Floor
9  San Francisco, California 94105-2907
   Telephone:    (415) 512-4000
10 Facsimile:    (415) 512-4077

11 Attorneys for LG ELECTRONICS, INC., and LG
   ELECRONICS USA, INC.,
12

13              UNITED STATES DISTRICT COURT

14    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

15

16 VIEWSONIC CORPORATION,              Case No. Master File No. 3:07-cv-05944-SC
   Plaintiff
17                                      MDL NO. 1917
18 v.                                   Individual Case no. 3:14-cv-02510

19 CHUNGHWA PICTURE TUBES, LTD.;        **ANSWER OF LG ELECTRONICS, INC.,**
   CHUNGHWA PICTURE TUBES              **AND LG ELECTRONICS USA, INC. TO**
20 (MALAYSIA); IRICO GROUP             **COMPLAINT BY VIEWSONIC**
   CORPORATION; IRICO GROUP            **CORPORATION**
21 ELECTRONICS CO., LTD.; IRICO
22 DISPLAY DEVICES CO., LTD.; LG
   ELECTRONICS, INC.; LG ELECTRONICS
23 USA, INC.; LP DISPLAYS
   INTERNATIONAL LTD.; PANASONIC
24 CORPORATION; PANASONIC
   CORPORATION OF NORTH AMERICA;
25 MTPICTURE DISPLAY CO., LTD.;
26 BEIJING MATSUSHITA COLOR CRT CO.,
   LTD.; KONINKLIJKE PHILIPS
27 ELECTRONICS N.V.; PHILIPS
   ELECTRONICS NORTH AMERICA
28 CORPORATION; PHILIPS ELECTRONICS

24177124.1

1  INDUSTRIES (TAIWAN), LTD.; PHILIPS
2  DA AMAZONIA INDUSTRIA
   ELECTRONICA LTDA.; SAMSUNG SDI
3  CO., LTD.; SAMSUNG SDI AMERICA,
   INC.; SAMSUNG SDI MEXICO S.A. DE
4  C.V.; SAMSUNG SDI BRASIL LTDA.;
   SHENZHEN SAMSUNG SDI CO., LTD.;
5  TIANJIN SAMSUNG SDI CO., LTD.;
   SAMSUNG SDI (MALAYSIA) SDN. BHD.;
6  SAMTEL COLOR LTD.; THAI CRT CO.,
   LTD.; TOSHIBA CORPORATION;
7  TOSHIBA AMERICA, INC.; TOSHIBA
   AMERICA CONSUMER PRODUCTS, LLC;
8  TOSHIBA AMERICA ELECTRONIC
   COMPONENTS, INC.; TOSHIBA
9  AMERICA INFORMATION SYSTEMS,
   INC.; TECHNICOLOR SA (f/k/a THOMSON
10 SA); TECHNICOLOR USA, INC. (f/k/a
   THOMSON CONSUMER ELECTRONICS,
11 INC.); MITSUBISHI ELECTRIC
   CORPORATION; MITSUBISHI ELECTRIC
12 VISUAL SOLUTIONS AMERICA, INC.; and
   MITSUBISHI ELECTRIC & ELECTRONICS
13 USA, INC. Defendants
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        Defendants LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC. (the

2   "LG Entities"), through undersigned counsel hereby answer the allegations contained in the

3   Complaint by Plaintiff ViewSonic Corporation ("ViewSonic") (hereafter, "Plaintiff")

4   ("Complaint").  Except as otherwise stated below, the LG Entities are without sufficient

5   knowledge or information to form a belief concerning the truth of the allegations in the

6   COMPLAINT that are directed toward other defendants.  The LG Entities' response to the

7   allegations below are therefore limited to the truth or falsity of the allegations as they pertain to

8   the LG Entities only.  The LG Entities deny all allegations in the Complaint (including headings

9   and captions) not specifically admitted in this Answer.

10       1.      The LG Entities admit that during the Relevant Period, LG Electronics, Inc.

11  ("LGEI") manufactured CPTs, CDTs, and CRT Products, as the terms are defined in this

12  Paragraph.  LG Electronics USA, Inc. ("LGEUSA") did not manufacture either cathode ray tubes

13  or finished products (such as televisions or computer monitors).  Except as specifically admitted in

14  the foregoing, the LG Entities deny the allegations contained in Paragraph 1.

15       2.      The LG Entities lack knowledge or information sufficient to form a belief as to the

16  truth of the allegations contained in Paragraph 2 and on that basis deny those allegations.

17       3.      The LG Entities lack knowledge or information sufficient to form a belief as to the

18  truth of the allegations contained in Paragraph 3 and on that basis deny those allegations.

19       4.      The LG Entities admit that during the Relevant Period, the business of

20  manufacturing and selling CRTs was under significant pressure due to changes in technologies

21  and customer preference, among other factors.  The LG Entities deny the remaining allegations

22  contained in Paragraph 4.

23       5.      The LG Entities deny the allegations contained in Paragraph 5.

24       6.      The LG Entities admit that, prior to July 2001, some employees of LGEI's former

25  CRT business had discussions with other CRT manufacturers about prices and output for certain

26  types and sizes of CRTs over specified periods time in certain geographic regions other than the

27  United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

28  allegations of Paragraph 6 as they pertain to the LG Entities.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

7.      The LG Entities deny the allegations contained in Paragraph 7.

8.      Paragraph 8 recites actions of various governmental agencies that are matters of public record and no response is required.

9.      To the extent that Paragraph 9 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis deny them.

10.     The LG Entities lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 10 and on that basis deny them.

11.     Paragraph 11 characterizes Plaintiff's claims in the Complaint and no response is required.

12.     The LG Entities admit that the court has subject matter jurisdiction over Plaintiff's federal antitrust claims, if any, that satisfy the requirements of the Foreign Trade and Antitrust Improvement Act ("FTAIA").  The remainder of Paragraph 12 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

13.     The LG Entities deny the allegations contained in Paragraph 13.

14.     Paragraph 14 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

15.     Paragraph 15 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

16.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis deny them.

17.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis deny them.

18.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis deny them.

19.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis deny them.

20.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis deny them.

21.     Paragraph 21 describes the terminology used in the Complaint and no response is required.

22.     The LG Entities admit that LGEI is a corporate entity organized under the laws of the Republic of Korea, and further admits the location of its headquarters as alleged in Paragraph 22.  LGEI admits that before July 2001, it spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays." Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 22.

23.     The LG Entities admit that LGEUSA is a Delaware corporation which is a wholly-owned subsidiary of LGEI and engaged in the marketing and sale of certain CRT Products during the Relevant Period, and the location of its headquarters as alleged in Paragraph 23.  Except as so admitted, the LG Entities deny the remaining allegations of Paragraph 23.

24.     Paragraph 24 describes the terminology used in the Complaint and no response is required.

25.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly-formed entity known as LG.Phillips Display Holding B.V.  The new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  In 2006, LPD went through a corporate restructuring and was named "LP Displays" and that LGEI's interest in LP Displays was transferred to various third parties in the course of LP Displays' bankruptcy proceeding.  The remainder of the allegations of Paragraph 25 are not directed at the LG Entities and therefore no response is required.  To the

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

extent that a response is required, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 and on that basis deny them.

26.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 26 and on that basis deny them.

27.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 27 and on that basis deny them.

28.     Paragraph 28 describes the terminology used in the Complaint and no response is required.

29.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 29 and on that basis deny them.

30.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 30 and on that basis deny them.

31.     The LG Entities admit that the new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Phillips Electronics N.V. (sometimes referred to as "Royal Phillips").  Except as so admitted, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph31 and on that basis deny them.

32.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis deny them.

33.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 33 and on that basis deny them.

34.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 34 and on that basis deny them.

35.     Paragraph 35 describes the terminology used in the Complaint and no response is required.

36.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 36 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1    37.    The LG Entities lack information or knowledge sufficient to form a belief as to the

2   truth of the allegations of Paragraph 37 and on that basis deny them.

3    38.    The LG Entities lack information or knowledge sufficient to form a belief as to the

4   truth of the allegations of Paragraph 38 and on that basis deny them.

5    39.    The LG Entities lack information or knowledge sufficient to form a belief as to the

6   truth of the allegations of Paragraph 39 and on that basis deny them.

7    40.    The LG Entities lack information or knowledge sufficient to form a belief as to the

8   truth of the allegations of Paragraph 40 and on that basis deny them.

9    41.    The LG Entities lack information or knowledge sufficient to form a belief as to the

10   truth of the allegations of Paragraph 41 and on that basis deny them.

11    42.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12   truth of the allegations of Paragraph 42 and on that basis deny them.

13    43.    Paragraph 43 describes the terminology used in the Complaint and no response is

14   required.

15    44.    The LG Entities lack information or knowledge sufficient to form a belief as to the

16   truth of the allegations of Paragraph 44 and on that basis deny them.

17    45.    The LG Entities lack information or knowledge sufficient to form a belief as to the

18   truth of the allegations of Paragraph 45 and on that basis deny them.

19    46.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20   truth of the allegations of Paragraph 46 and on that basis deny them.

21    47.    The LG Entities lack information or knowledge sufficient to form a belief as to the

22   truth of the allegations of Paragraph 47 and on that basis deny them.

23    48.    The LG Entities lack information or knowledge sufficient to form a belief as to the

24   truth of the allegations of Paragraph 48 and on that basis deny them.

25    49.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26   truth of the allegations of Paragraph 49 and on that basis deny them.

27    50.    The LG Entities lack information or knowledge sufficient to form a belief as to the

28   truth of the allegations of Paragraph 50 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

51.     Paragraph 51 describes the terminology used in the Complaint and no response is required.

52.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 52 and on that basis deny them.

53.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 53 and on that basis deny them.

54.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 54 and on that basis deny them.

55.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 55 and on that basis deny them.

56.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 56 and on that basis deny them.

57.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 57 and on that basis deny them.

58.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 58 and on that basis deny them.

59.     Paragraph 59 describes the terminology used in the Complaint and no response is required.

60.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 60 and on that basis deny them.

61.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 61 and on that basis deny them.

62.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 62 and on that basis deny them.

63.     Paragraph 63 describes the terminology used in the Complaint and no response is required.

64.     The LG Entities deny the allegations contained in Paragraph 64.

65.     The LG Entities deny the allegations contained in Paragraph 65.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

66.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 66 and on that basis deny them.

67.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 67 and on that basis deny them.

68.     Paragraph 68 describes the terminology used in the Complaint and no response is required.

69.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 69 and on that basis deny them.

70.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 70 and on that basis deny them.

71.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 71 and on that basis deny them.

72.     The LG Entities deny the allegations contained in Paragraph 72.

73.     The LG Entities deny the allegations contained in Paragraph 73.

74.     The LG Entities deny the allegations contained in Paragraph 74.

75.     Paragraph 75 contains only legal conclusions to which no response is required.  To the extent that a response is required, the LG Entities deny the allegations.

76.     To the extent that Paragraph 76 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 76 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 76.

77.     To the extent that Paragraph 77 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 77 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 77.

78.     To the extent that Paragraph 78 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 78 but also aver that the allegations do not describe

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 78.

79.     To the extent that Paragraph 79 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 79 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 79.

80.     To the extent that Paragraph 80 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 80 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 80.

81.     To the extent that Paragraph 81 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 81 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 81.

82.     The LG Entities deny the allegations of Paragraph 82.

83.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 83 and on that basis deny them.

84.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 84 and on that basis deny them.

85.     The LG Entities deny the allegations contained in Paragraph 85.

86.     The LG Entities deny the allegations of Paragraph 86.

87.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 87 and on that basis deny them.

88.     The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 88 as they pertain to the LG Entities.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

89.     The LG Entities admit that LGEI was a member of the Korea Display Industry Association.  To the extent that the remaining allegations contained in Paragraph 92 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and on that basis deny those allegations.  To the extent that the remaining allegations contained in Paragraph 89 are directed to the LG Entities, they are denied.

90.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V. (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring and was renamed "LP Displays."  To the extent that the remaining allegations contained in Paragraph 93 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and on that basis deny those allegations.  To the extent that the remaining allegations contained in Paragraph 90 are directed to the LG Entities, they are denied.

91.     The LG Entities deny the allegations contained in Paragraph 91.

92.     The LG Entities admit that before July 2001, LGEI spun off its CRT manufacturing and sales operations to a separate company which, effective July 2001, became part of a newly formed entity known as LG.Philips Display Holding B.V. ("LPD").  This new entity – called LPD – was formed as a Dutch joint venture company with Koninklijke Philips Electronics N.V. (sometimes referred to as "Royal Philips").  In 2006, LPD went through a corporate restructuring and was renamed "LP Displays."  The LG Entities further admit that Hitachi, Ltd. and LGEI formed a joint venture in 2000 for the development, design and marketing of optical disk drives. The LG Entities further admit that in 1999, LGEI entered into a joint venture agreement with Koninklijke Philips Electronics N.V. with respect to the manufacture, sale, and marketing of TFT-LCD panels.  To the extent that the remaining allegations contained in Paragraph 92 are directed to other defendants, the LG Entities lack knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 92 and on that basis deny those allegations.  To the extent that the remaining allegations contained in Paragraph 92 are directed to the LG Entities, they are denied.

93.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 93.

94.     The LG Entities deny the allegations contained in Paragraph 94.

95.     The LG Entities deny the allegations contained in Paragraph 95.

96.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 96.

97.     The LG Entities admit that CRTs were being rapidly replaced by TFT-LCD, plasma and other display technologies between 2000 and 2006.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 97.

98.     The LG Entities deny the allegations contained in Paragraph 98.

99.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and on that basis deny those allegations.

100.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and on that basis deny those allegations.

101.     To the extent that Paragraph 101 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 101 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 101.

102.     The LG Entities deny the allegations contained in Paragraph 102.

103.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 103 and on that basis deny them.

104.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 104 and on that basis deny them.

105.   The LG Entities deny the allegations contained in Paragraph 105.

106.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 106 as they pertain to the LG Entities.

107.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 107 as they pertain to the LG Entities.

108.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 108 as they pertain to the LG Entities.

109.   The LG Entities deny the allegations contained in Paragraph 109.

110.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 110 as they pertain to the LG Entities.

111.   The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain

types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 111 as they pertain to the LG Entities.

112.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 112 as they pertain to the LG Entities.

113.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 113 as they pertain to the LG Entities.

114.    The allegations of Paragraph 114 are directed to other defendants, and the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 115 and on that basis deny them.

115.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 115 as they pertain to the LG Entities.

116.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  The LG Entities further admit that some of the meetings at which such discussions occurred were held in conjunction with a golf outing.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 116 as they pertain to the LG Entities.

117.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 117 as they pertain to the LG Entities.

118.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  The LG Entities further admit that information was exchanged in advance of some of the meetings at which such discussion occurred.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 118 as they pertain to the LG Entities.

119.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 119 as they pertain to the LG Entities.

120.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 120 as they pertain to the LG Entities.

121.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 121 as they pertain to the LG Entities.

122.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 122 as they pertain to the LG Entities.

123.    The LG Entities deny the allegations of Paragraph 123.

124.    The LG Entities deny the allegations contained in Paragraph 124.

125.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 125 as they pertain to the LG Entities.

126.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 126 as they pertain to the LG Entities.

127.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 127 as they pertain to the LG Entities.

128.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 128 as they pertain to the LG Entities.

1     129.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

2   CRT business had discussions with other CRT manufacturers about prices and output for certain

3   types and sizes of CRTs over specified periods time in certain geographic regions other than the

4   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

5   allegations of Paragraph 129 as they pertain to the LG Entities.

6     130.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

7   CRT business had discussions with other CRT manufacturers about prices and output for certain

8   types and sizes of CRTs over specified periods time in certain geographic regions other than the

9   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

10   allegations of Paragraph 130 as they pertain to the LG Entities.

11     131.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

12   CRT business had discussions with other CRT manufacturers about prices and output for certain

13   types and sizes of CRTs over specified periods time in certain geographic regions other than the

14   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

15   allegations of Paragraph 131 as they pertain to the LG Entities.

16     132.    To the extent that Paragraph 132 describes the use of terminology by Plaintiff in

17   the Complaint, no response is required.  The LG Entities deny the remaining allegations contained

18   in Paragraph 132.

19     133.    The LG Entities lack information or knowledge sufficient to form a belief as to the

20   truth of the allegations of Paragraph 133 and on that basis deny them.

21     134.    To the extent that Paragraph 134 purports to describe the contents of a document,

22   the LG Entities respond that the document speaks for itself and no response is required.  To the

23   extent that a response is deemed necessary, the LG Entities lack information or knowledge

24   sufficient to form a belief as to the truth of the allegations of Paragraph 135 and on that basis deny

25   them.

26     135.    The LG Entities lack information or knowledge sufficient to form a belief as to the

27   truth of the allegations of Paragraph 135 and on that basis deny them.

28

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1      136.    The LG Entities lack information or knowledge sufficient to form a belief as to the

2   truth of the allegations of Paragraph 136 and on that basis deny them.

3      137.    The LG Entities lack information or knowledge sufficient to form a belief as to the

4   truth of the allegations of Paragraph 137 and on that basis deny them.

5      138.    The LG Entities lack information or knowledge sufficient to form a belief as to the

6   truth of the allegations of Paragraph 138 and on that basis deny them.

7      139.    The LG Entities lack information or knowledge sufficient to form a belief as to the

8   truth of the allegations of Paragraph 139 and on that basis deny them.

9      140.    The LG Entities lack information or knowledge sufficient to form a belief as to the

10   truth of the allegations of Paragraph 140 and on that basis deny them.

11      141.    The LG Entities lack information or knowledge sufficient to form a belief as to the

12   truth of the allegations of Paragraph 141 and on that basis deny them.

13      142.    The LG Entities lack information or knowledge sufficient to form a belief as to the

14   truth of the allegations of Paragraph 142 and on that basis deny them.

15      143.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former

16   CRT business had discussions with other CRT manufacturers about prices and output for certain

17   types and sizes of CRTs over specified periods time in certain geographic regions other than the

18   United States.  Except as specifically admitted in the foregoing, the LG Entities deny the

19   allegations of Paragraph 143.  The LG Entities specifically deny that any individual employed by

20   LGPD – an independent company – attended meetings, participated in discussions, or entered

21   agreements with competitors on behalf of or at the direction of the LG Entities or any of them.

22   The LG Entities also deny that any individual employed by LGPD was simultaneously employed

23   by or reported to LGEI.

24      144.    The LG Entities deny the allegations contained in Paragraph 144.

25      145.    The LG Entities lack information or knowledge sufficient to form a belief as to the

26   truth of the allegations of Paragraph 145 and on that basis deny them.

27      146.    The LG Entities lack information or knowledge sufficient to form a belief as to the

28   truth of the allegations of Paragraph 146 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

1   147.   The LG Entities lack information or knowledge sufficient to form a belief as to the

2   truth of the allegations of Paragraph 147 and on that basis deny them.

3   148.   The LG Entities lack information or knowledge sufficient to form a belief as to the

4   truth of the allegations of Paragraph 148 and on that basis deny them.

5   149.   The LG Entities lack information or knowledge sufficient to form a belief as to the

6   truth of the allegations of Paragraph 149 and on that basis deny them.

7   150.   The LG Entities lack information or knowledge sufficient to form a belief as to the

8   truth of the allegations of Paragraph 150 and on that basis deny them.

9   151.   The LG Entities lack information or knowledge sufficient to form a belief as to the

10   truth of the allegations of Paragraph 151 and on that basis deny them.

11   152.   The LG Entities lack information or knowledge sufficient to form a belief as to the

12   truth of the allegations of Paragraph 152 and on that basis deny them.

13   153.   The LG Entities lack information or knowledge sufficient to form a belief as to the

14   truth of the allegations of Paragraph 153 and on that basis deny them.

15   154.   The LG Entities lack information or knowledge sufficient to form a belief as to the

16   truth of the allegations of Paragraph 154 and on that basis deny them.

17   155.   The LG Entities lack information or knowledge sufficient to form a belief as to the

18   truth of the allegations of Paragraph 155 and on that basis deny them.

19   156.   The LG Entities lack information or knowledge sufficient to form a belief as to the

20   truth of the allegations of Paragraph 156 and on that basis deny them.

21   157.   The LG Entities lack information or knowledge sufficient to form a belief as to the

22   truth of the allegations of Paragraph 157 and on that basis deny them.

23   158.   The LG Entities lack information or knowledge sufficient to form a belief as to the

24   truth of the allegations of Paragraph 158 and on that basis deny them.

25   159.   The LG Entities lack information or knowledge sufficient to form a belief as to the

26   truth of the allegations of Paragraph 159 and on that basis deny them.

27   160.   The LG Entities lack information or knowledge sufficient to form a belief as to the

28   truth of the allegations of Paragraph 160 and on that basis deny them.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

161.    To the extent that Paragraph 161 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 161 and on that basis deny them.

162.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 162 and on that basis deny them.

163.    To the extent that Paragraph 163 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 163 and on that basis deny them.

164.    To the extent that Paragraph 164 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 164 and on that basis deny them.

165.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 165 and on that basis deny them.

166.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 166.

167.    To the extent that Paragraph 167 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 167 and on that basis deny them.

168.    To the extent that Paragraph 168 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 168 and on that basis deny them.

169.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 169 and on that basis deny them.

170.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 170 and on that basis deny them.

171.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 and on that basis deny those allegations.  To the extent that Paragraph 171 purports to describe the contents of a document, the document speaks for itself and no response is required.

172.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 172.

173.     The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 173.

174.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 174 and on that basis deny them.

175.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 175 and on that basis deny them.

176.     The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 176 and on that basis deny them.

177.     To the extent that Paragraph 177 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 177 and on that basis deny them.

178.     To the extent that Paragraph 178 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the

extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 178 and on that basis deny them.

179.   To the extent that Paragraph 179 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 179 and on that basis deny them.

180.   To the extent that Paragraph 180 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 180 and on that basis deny them.

181.   To the extent that Paragraph 181 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 181 and on that basis deny them.

182.   To the extent that Paragraph 182 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 182 and on that basis deny them.

183.   To the extent that Paragraph 183 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 183 and on that basis deny them.

184.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 184 and on that basis deny them.

185.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 185 and on that basis deny them.

186.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 186 and on that basis deny them.

187.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 187 and on that basis deny them.

188.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 188 and on that basis deny them.

189.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 188 and on that basis deny them.

190.    To the extent that Paragraph 190 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 190 and on that basis deny them.

191.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 191 and on that basis deny them.

192.    The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 192 and on that basis deny them.

193.    The LG Entities admit that LGEI was a member of Korean Display Equipment Material Industry Association and Electronic Display Industrial Research Association of Korea, and has participated in the Korea Display Conference.  Except as specifically admitted in the

foregoing, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 193.

194.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 194 and on that basis deny them.

195.    The LG Entities deny the allegations of Paragraph 195.

196.    The LG Entities deny the allegations of Paragraph 196.

197.    To the extent that Paragraph 197 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 197 and on that basis deny them.

198.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 198 and on that basis deny them.

199.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 199 and on that basis deny them.

200.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 200 and on that basis deny them.

201.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 201 and on that basis deny them.

202.    To the extent that Paragraph 202 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 202 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 202.

203.    To the extent that Paragraph 203 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

sufficient to form a belief as to the truth of the allegations of Paragraph 203 and on that basis deny them.

204.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 204 and on that basis deny them.

205.    To the extent that Paragraph 205 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 205 and on that basis deny them.

206.    To the extent that Paragraph 206 purports to describe the contents of a document, the LG Entities respond that the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 206 and on that basis deny them.

207.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 207 and on that basis deny them.

208.    To the extent that Paragraph 202 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 202 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 202.

209.    The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 209 and on that basis deny them.

210.    To the extent that Paragraph 210 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 210 and on that basis deny them.  The LG Entities deny any remaining allegations contained in Paragraph 210.

211.   The LG Entities deny the allegations contained in Paragraph 211.

212.   The LG Entities deny the allegations contained in Paragraph 212.

213.   The LG Entities deny the allegations contained in Paragraph 213.

214.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 214 and that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 214.

215.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 215 and on that basis deny them.

216.   To the extent that Paragraph 216 describes CRT technology generally, the LG Entities admit the allegations of Paragraph 216 but also aver that the allegations do not describe comprehensively and accurately all variants of CRT technology.  The LG Entities deny any remaining allegations of Paragraph 216.

217.   The LG Entities deny the allegations contained in Paragraph 217.

218.   The LG Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 218 and on that basis deny those allegations.  The LG Entities deny the remaining allegations contained in Paragraph 218.

219.   The LG Entities deny the allegations contained in Paragraph 219.

220.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 220 concerning Plaintiff's knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 220.

221.   The LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 221 concerning Plaintiff's knowledge and on that basis deny them.  The LG Entities deny the remaining allegations contained in Paragraph 221.

222.   The LG Entities deny the allegations contained in Paragraph 222.

223.   The LG Entities deny the allegations contained in Paragraph 223.

224.   The LG Entities deny the allegations contained in Paragraph 224.

225.   The LG Entities deny the allegations contained in Paragraph 225.

226.   The LG Entities deny the allegations contained in Paragraph 226.

227.    The LG Entities deny the allegations contained in Paragraph 227.

228.    The LG Entities deny the allegations contained in Paragraph 228.

229.    The LG Entities deny the allegations contained in Paragraph 229.

230.    The LG Entities deny the allegations contained in Paragraph 230.

231.    The LG Entities admit that during the Relevant Period, the demand for CRTs was declining.  Except as so admitted, the LG Entities deny the remaining allegations contained in Paragraph 231.

232.    The LG Entities deny the allegations contained in Paragraph 232.

233.    To the extent that Paragraph 233 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 233 and on that basis deny them.

234.    The LG Entities deny the allegations contained in Paragraph 234.

235.    The LG Entities deny the allegations contained in Paragraph 235.

236.    Paragraph 236 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

237.    The LG Entities admit that the Antitrust Division of the United States Department of Justice commenced an investigation related to CRTs.  The second sentence of Paragraph 237 consists of legal conclusions to which no response is required.  Except as specifically admitted in the foregoing, and to the extent that a response is deemed necessary, the LG Entities deny the allegations.

238.    Paragraph 238 consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the LG Entities deny the allegations.

239.    To the extent that Paragraph 239 purports to describe the contents of a document, the document speaks for itself and no response is required.  To the extent that Paragraph 239 consists of legal conclusions, no response is required.  To the extent that a response is deemed necessary, the LG Entities lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 239 and on that basis deny them.

240.    The LG Entities hereby incorporate by reference its answers to each and every allegation set forth in the preceding paragraphs.

241.    The LG Entities deny the allegations contained in Paragraph 241.

242.    The LG Entities deny the allegations contained in Paragraph 242.

243.    The LG Entities deny the allegations contained in Paragraph 243.

244.    The LG Entities admit that, prior to July 2001, some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods time in certain geographic regions other than the United States.  Except as specifically admitted in the foregoing, the LG Entities deny the allegations of Paragraph 244 as they pertain to the LG Entities.

245.    The LG Entities deny the allegations contained in Paragraph 245.

246.    The LG Entities deny the allegations contained in Paragraph 246.

247.    The LG Entities deny the allegations contained in Paragraph 247.

248.    The LG Entities deny the allegations contained in Paragraph 248.

## RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The paragraphs of the Complaint following the header "Prayer for Relief" and "Jury Trial Demanded" do not require a response.  To the extent that those paragraphs require a response, the LG Entities deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any of these defenses, the LG Entities allege the following affirmative defenses to the allegations set forth in the Complaint:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted because Plaintiff's claims are ambiguous, vague, and/or unintelligible; because Plaintiff has failed to alleged fraud or fraudulent concealment with sufficient particularity; and/or because Plaintiff has failed to allege conspiracy with sufficient particularity.  The LG Entities aver that Plaintiff's claims do not

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

describe the events or legal theories with sufficient particularity to permit the LG Entities to ascertain all defenses that may exist.

### SECOND DEFENSE

The claims set forth in the Complaint are barred by the statute of limitations.

### THIRD DEFENSE

Without conceding the existence of any conspiracy, Plaintiff's claims are barred because the LG Entities effectively withdrew from any alleged conspiracy.

### FOURTH DEFENSE

The conduct alleged by Plaintiff in the Complaint to form the basis of certain of Plaintiff's claims has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject matter jurisdiction.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they are based upon foreign sales by defendants, because Plaintiff has failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a and/or *Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1993).

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they did not purchase CRTs directly from defendants, because they are indirect purchasers and barred from maintaining an action for alleged injuries in that capacity.

### SEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing to sue for the injuries alleged in the Complaint.

### EIGHTH DEFENSE

Plaintiff is barred from recovery of any damages because of and to the extent of their failure to mitigate damages, or alternatively any claimed injury or damage has been offset by benefits received by Plaintiff with respect to the challenged conduct.

NINTH DEFENSE

Plaintiff's claims for damages are barred because Plaintiff has suffered no injury or damages as a result of the matters alleged in the Complaint, or alternatively, because the alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

TENTH DEFENSE

Any injuries or damages Plaintiff may have suffered were not caused, either actually or proximately, by the acts and omissions of the LG Entities.

ELEVENTH DEFENSE

Any injuries or damages Plaintiff may have suffered were caused solely and proximately by the acts and omissions of others.  The acts of others constitute intervening or superseding causes of harm, if any, suffered by Plaintiff.

TWELFTH DEFENSE

Plaintiff's claims are barred to the extent injuries alleged in the Complaint, which the LG Entities deny, were contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than the LG Entities.

THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to the LG Entities.

FOURTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff has not suffered actual, cognizable injury of the type antitrust laws are intended to remedy.

FIFTEENTH DEFENSE

Any award of treble damages would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the state constitution.

SIXTEENTH DEFENSE

The LG Entities are separate and autonomous companies from LPD, and thus are not liable for Plaintiff's damages resulting from LPD's actions.

ANSWER OF LG ELECTRONICS *et al.*
Master File No. 3:07-cv-05944-SC

SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

EIGHTEENTH DEFENSE

Without admitting that Plaintiff is entitled to recover damages in this matter, the LG Entities are entitled to set off from any recovery Plaintiff may obtain against them by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

**RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES**

The LG Entities adopt by reference any additional applicable defenses pleaded by any other Defendant in this action.  The LG Entities have not knowingly or intentionally waived any applicable defenses and explicitly reserve the right to assert any additional defenses and affirmative defenses as this action proceeds. The LG Entities further reserve the right to amend its Answer and/or defenses accordingly, and/or to delete defenses that it determines are not applicable as this action proceeds.  The LG Entities further reserve the right to assert affirmative defenses that are unique to one or a subset of the claims asserted under the state law at issue in this action.

WHEREFORE, the LG Entities pray as follows:

1.      That the Plaintiff take nothing by way of the Complaint, and the action be dismissed with prejudice;

2.      That judgment be entered in favor of the LG Entities and against Plaintiff with respect to all causes of action in the Complaint;

3.      That the Court award the LG Entities its attorneys' fees and all other costs reasonably incurred in defense of this action; and

4.      That the Court award such other relief as it may deem just and proper.

1

DATED:  July 25, 2014                     MUNGER, TOLLES & OLSON LLP
                                               WILLIAM D. TEMKO
2                                              HOJOON HWANG
                                               LAURA K. LIN
3

4

5                                        By:  _____/s/ Hojoon Hwang_____
                                               HOJOON HWANG
6                                        Attorneys for LG ELECTRONICS, INC., LG
                                         ELECRONICS USA, INC., AND LG ELECTRONICS
7                                        TAIWAN TAIPEI CO., LTD

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF LG ELECTRONICS *et al.*
                                         Master File No. 3:07-cv-05944-SC