MARIO N. ALIOTO (56433)
LAUREN C. CAPURRO (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-CV-5944-SC |
| | MDL No. 1917 |
| **This Document Relates to:** | **NOTICE OF SERVICE OF SUBPOENA** |
| **ALL ACTIONS** | |

NOTICE IS HEREBY GIVEN that the Indirect Purchaser Plaintiffs in the above-captioned action shall serve a subpoena to testify at a deposition and for production of documents on the following individual: Kyu In "Quin" Choi. The subpoena to testify at a deposition and for the production of documents regarding this individual is attached hereto as Exhibit 1.

Dated:  July 25, 2014                              By:     */s/ Mario N. Alioto*

                    Mario N. Alioto (56433)
                    Lauren C. Capurro (241151)
                    TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
                    2280 Union Street
                    San Francisco, CA  94123
                    Telephone: (415) 563-7200
                    Facsimile: (415) 346-0679
                    malioto@tatp.com
                    laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

Josef D. Cooper (53015)
Tracy R. Kirkham (69913)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street
Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040

*Counsel for Indirect Purchaser Plaintiffs*

**ATTESTATION:** Pursuant to Civil L.R. 5-1, the filer attests that concurrence in the filing of this document has been obtained from each of the signatories.

# EXHIBIT 1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| In re: Cathode Ray Tube (CRT) Antitrust Litigation ) | |
|---|---|
| *Plaintiff* ) | |
| v. ) | Civil Action No. 3:07-cv-05944-SC; MDL 1917 |
| ) | |
| *Defendant* ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                          Kyu In "Quin" Choi

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Kirby McInerney LLP, 600 B Street, Suite 1900, San Diego, CA 92101 | Date and Time: August 25 & 26, 2014 at 9:00 a.m. Pacific |
|---|---|

The deposition will be recorded by this method:    Stenographically, Videotape and LiveNote/Realtime

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

       See Attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/25/2014

       *CLERK OF COURT*             OR    /s/ John D. Bogdanov

     *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Indirect Purchaser Plaintiffs _____ , who issues or requests this subpoena, are:
John D. Bogdanov; Cooper & Kirkham, P.C.; 357 Tehama Street, Second Floor; San Francisco, CA 94103

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:07-cv-05944-SC; MDL 1917

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# DEFINITIONS

1. "Co-Conspirator(s)" means various persons and entities, some identified and some not yet identified, who participated as co-conspirators. These co-conspirators are believed to include, without limitation, LG Electronics, Inc., LG Electronics USA, Inc., LG Electronics Taiwan Taipei Co., Ltd (collectively, "LGE"); LP Displays International, Ltd. (formerly known as LG.Philips Displays); Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., (collectively "Samsung"); Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Hitachi Electronic Devices (USA), Inc., Shenzhen SEG Hitachi Color Display Devices, Ltd. (collectively, "Hitachi"); Irico Group Corporation, Irico Group Electronics Co., Ltd., and Irico Display Devices Co., Ltd. (collectively, "Irico"); Mitsubishi Electric Corporation, Mitsubishi Digital Electronics America, Inc., Mitsubishi Electric & Electronics, USA, Inc. (collectively, "Mitsubishi"); Chunghwa Picture Tubes, Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, Chunghwa); Koninklijke Philips Electronics N.V., Philips Electronics North America Corp., Ltd., Philips Electronics Industries (Taiwan), Ltd., Philips Da Amazonia Industria Electronica LTDA (collectively, "Philips"); Technicolor SA, Thompson SA, Technicolor USA, Inc., Thompson Consumer Electronics, Inc. (collectively, "Thomson"); Toshiba Corporation, Toshiba America Consumer Products, LLC, Toshiba America Electronic Components, Inc., Toshiba Display Devices (Thailand) Co., Ltd., Toshiba America Information Systems, Inc., P.T. Tosummit Electronic Devices Indonesia (collectively "Toshiba"); Orion Electric Co., Daewoo Electronics Co., Ltd., Daewoo-Orion Société Anonyme (collectively, "Orion"); Thai CRT Company; Samtel Color, Ltd., Panasonic Corporation, Panasonic Corporation of North America, Matsushita Electronic Corporation (Malaysia) Sdn. Bhd., MT Picture Display Co., Ltd., Beijing-Matsushita Color CRT Company, Ltd., Tatung Company of America, Inc., and Videocon.

2. "Communication(s)" means any transfer or exchange of any information whether by written, oral, electronic or other means, including but not limited to electronic mail, letters, instant or

text messages, voicemail messages, facsimiles or telegrams, as well as conversations, meetings, conferences, presentations or telephone calls and any writing containing or summarizing the substance of any conversations, meetings, conferences, presentations or telephone calls.

3. "Correspondence" means all electronic mail, letters, telegrams, notices, messages, or other written Communications or memoranda, or other records of conversations, Meetings, conferences or other oral Communications.

4. "Document(s)" means any writing or recording as defined in Fed. R. Civ. Proc. 34(a) and includes without limitation the following: (a) all writings of whatever type, nature or description, whether typed, handwritten, printed, computer-readable, or otherwise, including, without limitation, Correspondence; memoranda; notes; worksheets; work papers; diaries; letters; telegrams; telefaxes and facsimiles; contracts; bids, quotations, and proposals; checks, statements, invoices, receipts, and returns; notations of any sort of conversations, telephone calls, Meetings or other Communications; including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including all other forms of drafts, alterations, modifications, changes, or amendments); (b) tape or other sound or video recordings; computer tapes; discs; photographs; charts; presentations; and other electronic or mechanical recordings; however produced or reproduced; and (c) electronically stored information, including, but not limited to, information stored on computers, hard drives, floppy disks, CDs, DVDs, servers, flash drives, backup tapes, or other electronic media, whether or not ever printed out or displayed, including without limitation electronically stored information on personal digital assistants, e.g. Palm Pilot, Blackberry, Treo or other device. A draft is a separate Document from the final text and each non-identical copy is a separate Document.

5. The term "identify" or "describe" or "state the identity of" means:

(a) As to a Person, to state the full name, present business and home addresses, present business and home telephone numbers, including, if any of the preceding information has changed during the relevant time period, the time period to which the information provided in your answer pertains;

(b) As to a Document, to describe the type of document (e.g., letter, statement, memorandum, telegram, notes of telephone conversation, etc.), its date, the identity of the sender(s) and recipient(s), and its present location and custodian. In lieu thereof, a copy of the document may be produced.

(c) As to any Communication, to state the type of communication (e.g., oral, written, computer, etc.), the date and substance of such communication, the identity of the participants, and any documents evidencing or supporting such communication; or

(d) As to a CRT or CRT Product, to state any internal or external nomenclatures, such as brand name, product name, product number, project name, module name, and customer designation, as well as the size, resolution, type, category, version, intended use, and any other identifying information.

6. "CRT" shall refer to cathode ray tubes, including both color display tubes and color picture tubes, and products containing cathode ray tubes. "CRT Products" means products containing CRTs, such as televisions and computer monitors.

7. "Meeting" means the contemporaneous presence of two or more natural Persons, whether in person or telephonically, whether or not such coincidence of presence was by chance or pre-arranged, whether or not the meeting was formal or informal or occurred in connection with some other activity.

8. "Person" means any individual, firm, partnership, corporation, trust, estate, cooperative, association, joint venture, sole proprietorship, or any government or governmental body, commission, department, committee, board or agency.

9. "Price," "Prices," or "Pricing" means consideration, establishment and implementation of prices, pricing, discounts, rebates, price quotations, bids, price lists, price announcements, terms or conditions of sale, credit terms, freight rates or charges, and changes or proposed changes in the above.

10. "Purchaser" means any purchaser or prospective or potential purchaser of CRTs.

11. "Referring to or Relating to" means alluding to, analyzing, commenting on, concerning, connected with, constituting, containing, dealing with, describing, detailing, discussing, embodying, estimating, evidencing, explaining, identifying, memorializing, reflecting, regarding, responding to,

setting forth, showing, stating, summarizing, supporting, or in any way pertaining to the subject matter of the relevant Request.

12. "Relevant Time Period" means the time period from March 1, 1995 through November 25, 2007, or if earlier, the date upon which your employment with LPD terminated.

13. "LPD" means LP Displays International, Ltd. (formerly known as LG.Philips Displays) and any of its predecessor or successor corporations for which you may have been or continue to be employed.

14. The singular form of a word shall be interpreted to include the plural, and "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

15. "MDL" refers to the multidistrict litigation captioned In re: Cathode Ray Tube (CRT) Antitrust Litigation, Case No. 07-CV-5944-SC, currently pending in the U.S. District Court for the Northern District of California before U.S. District Court Judge Samuel Conti.

16. "You" or "Your" means Quin Choi, as well as any agents, representatives or any persons acting or purporting to act on Your behalf, including each of your attorneys.

## INSTRUCTIONS

1. Any Document responsive to the instant Requests that has already been produced in the MDL in response to previous written discovery is excluded from these Requests. If you believe a Request is duplicative of written discovery served previously, state which previous document request(s) you believe seek the information contained in these Requests.

2. If You assert that any Document responsive to these Requests is protected from discovery by virtue of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, doctrine, or ground, for any Document withheld on such basis, pursuant to FRCP 26(b)(5), specify in a privilege log each Document or portion thereof to which the objection is made and with respect to each Document or portion thereof so specified, provide the following:

(a) the source of the Document;

(b) the medium (e.g., electronic or paper) and length of the Document;

(c) the existence and identity of any attachments to the Document;

(d) the date of the Document;

(e) the subject matter of the Document;

(f) the nature (e.g., memorandum, letter, report, chart, etc.) of the Document;

(g) the author(s) and recipient(s) of the Document, including any blind courtesy copy recipients;

(h) the number(s) of request(s) to which the Document is responsive; and

(i) the exact basis, legal or otherwise, for Your claim that such Document (or any portion thereof) need not be disclosed.

3. If You are aware of any Document responsive to these Requests that is no longer in Your possession, custody, or control, or which was in existence, but is no longer in existence, state precisely what disposition was made of it, when such disposition took place, and Identify the Person(s) who ordered or authorized such disposition as well as who presently has possession, custody, or control of the Document, if it still exists.

4. In the event that more than one copy of a Document exists, produce each copy on which there appears any notation or marking of any sort not appearing on any other copy (including routing or filing instructions) or any copy containing different attachments from any other copy.

5. If only part of a Request is objectionable, the response shall Identify with particularity any Document or other tangible thing falling within any category or time in the Request to which an objection is being made and shall set forth clearly the extent of and the specific ground for the objection.

6. Unless otherwise indicated in a specific request, each individual request covers the Relevant Time Period. The Requests include all responsive Documents prepared, altered, sent, received, in whole or in part, during such period, and all Documents, whenever prepared, which Refer to of Relate to part or all of such period.

7. Production of Electronically Stored Information ("ESI"), including all MS-Excel spreadsheets, MS PowerPoint documents, and MS-Access databases, shall be in accordance with the Order Regarding the Production of Electronically Stored Information ("ESI"), Docket No. 828, in effect in the MDL.

8. For all Documents or databases responsive to these Requests that are written or maintained in a language other than English, provide an English translation of such Documents or databases where such a translation is maintained by You in the ordinary course of business.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All Documents in Your possession, custody or control Referring to or Relating to Your employment, duties, role, function or performance at LPD, including without limitation:

    (a) any electronic and manual diaries, calendars, appointment books, "to do" lists, day timers or appointment notes;

    (b) any trip and travel logs, records or other supporting Documents;

    (c) expense reports or other supporting Documents;

    (d) telephone number logs, directories, notebooks, Rolodex cards or related memoranda;

    (e) bills, statements, records and supporting Documents concerning long distance or cellular telephone calls;

    (f) Your membership or participation in any trade association or industry group;

    (g) Your hiring, promotion or other recognitions received;

    (h) Your termination, retirement, discipline, discharge, suspension or departure from LPD.

**REQUEST NO. 2:**

All Documents Referring to or Relating to any Correspondence, Communications, and/or Meetings during Your employment with LPD during the Relevant Time Period concerning any of the following:

    (a) the Price of CRTs;

    (b) the marketing of CRTs;

    (c) the sale of CRTs;

    (d) the quantity or volume of CRTs produced, sold, or kept in inventory;

    (e) the supply of CRTs;

    (f) the distribution of CRTs;

    (g) the manufacture or production of CRTs;

(h) bids or refusals to bid for the sale or purchase of CRTs;

(i) Purchasers of CRTs;

(j) current or future production capacity for CRTs;

(k) the identity of all Persons employed by LPD You oversaw, managed or otherwise had supervisory authority over;

(l) the identity of all Persons employed by LPD who oversaw, managed or otherwise had supervisory authority over You or your department, branch or office;

(m) the timing or implementation of technological advancements in CRTs.

**REQUEST NO. 3:**

All Documents Referring to or Relating to any Correspondence, Communications, and/or Meetings during your employment with LPD during the Relevant Time Period with Co-Conspirators regarding CRTs or CRT Products.

**REQUEST  NO. 4:**

All Documents Referring to or Relating to any Correspondence, Communications, and/or Meetings during your employment with LPD during the Relevant Time Period regarding the relationship between prices for CRTs or CRT Products and costs of producing, marketing, selling or distributing CRTs or CRT Products.

**REQUEST NO. 5:**

All Documents Referring to or Relating to any Correspondence, Communications, and/or Meetings during your employment with LPD during the Relevant Time Period comparing or contrasting each type of CRT or CRT Product produced or sold by LPD with that of a Co-Conspirator and all Documents Referring to or Relating to any industry standards regarding types, classes or categories of CRTs or CRT Products.

**REQUEST NO. 6:**

All Documents Referring to or Relating to any Correspondence, Communications, and/or Meetings during your employment with LPD during the Relevant Time Period regarding how the price of CRTs or CRT Products sold by LPD or other Co-Conspirators affected the prices of CRT Products resold by third parties to others including, but not limited to, end-user purchasers of CRT

8

Products such as the classes identified in the Indirect Purchaser Plaintiffs' Fourth Consolidated and Amended Complaint.

**REQUEST NO. 7:**

All Documents Referring to or Relating to any Correspondence, Communications, and/or Meetings during your employment with LPD during the Relevant Time Period regarding the extent to which original equipment manufacturers, original design manufacturers, retailers, distributors or any entities involved in the manufacture, distribution, or resale of CRT Products, pass through the cost of CRTs or CRT Products to their respective customers.

**REQUEST NO. 8:**

All Documents Referring to or Relating to any Correspondence, Communications, and/or Meetings during your employment with LPD during the Relevant Time Period comparing or contrasting each type of CRT or CRT Product produced or sold by LPD with that of a Co-Conspirator and all Documents Referring to or Relating to any industry standards regarding types, classes or categories of CRTs or CRT Products.

**REQUEST NO.9:**

All Documents Referring to or Relating to any Correspondence, Communications, and/or Meetings during your employment with LPD during the Relevant Time Period regarding the distribution channels for CRTs or CRT Products from LPD to end users such as the classes identified in the Indirect Purchaser Plaintiffs' Fourth Consolidated Amended Complaint, including, but not limited to, the specific entities in the distribution chain(s); the CRTs or CRT Products sold by these entities; and the amount of CRTs or CRT Products sold by these entities.

**REQUEST NO. 10:**

All Documents Referring to or Relating to any Correspondence, Communications, and/or Meetings during Your employment with LPD during the Relevant Time Period regarding retail prices, resale prices, or street prices of CRTs or CRT Products.

**REQUEST NO. 11:**

All subpoenas or requests for production of documents issued by any governmental or legislative authority to You in connection with or in response to any investigation regarding CRTs.

9

**REQUEST NO. 12:**

All proffers, witness statements, transcripts of testimony, notes, summaries, responses to requests for information or other Documents You have given to any governmental or legislative authority in connection with or in response to any investigation regarding CRTs.

**REQUEST NO. 13:**

Any articles, editorials, analyses, studies or other published Documents You authored, edited or contributed to Referring to or Relating to CRTs or CRT Products during the Relevant Time Period.