Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*<br><br>Civil Action No. 3:14-02510-SC | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO VIEWSONIC CORPORATION'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>The Honorable Samuel Conti |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

For its Answer to ViewSonic Corporation's Complaint For Damages and Injunctive Relief (the "Complaint"), Defendant Toshiba America Electronic Components, Inc. ("TAEC") states as follows:

## I.    INTRODUCTION[1]

1.      The allegations contained in Paragraph 1 consist of Plaintiff's characterization of its claims and an explanation of defined terms used in its Complaint, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 1.  To the extent that the allegations contained in Paragraph 1 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

2.      The allegations contained in Paragraph 2 consist of Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 2.  To the extent that the allegations contained in Paragraph 2 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

3.      To the extent that the allegations contained in Paragraph 3 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 3 are directed to TAEC, TAEC denies these allegations.

4.      To the extent that the allegations contained in Paragraph 4 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 4 are directed to TAEC, TAEC denies these allegations.

5.      To the extent that the allegations contained in Paragraph 5 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the Complaint.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO VIEWSONIC
CORPORATION'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 5 are directed to TAEC, TAEC denies these allegations.

6.    To the extent that the allegations contained in Paragraph 6 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 6 are directed to TAEC, TAEC denies these allegations.

7.    The allegations contained in Paragraph 7 consist of Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 7.

8.    To the extent that Paragraph 8 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 8 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 8 may be deemed to require a response from TAEC, TAEC denies these allegations.

9.    To the extent that Paragraph 9 consists of, or refers to purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 9 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 9 may be deemed to require a response from TAEC, TAEC denies these allegations.

10.    Paragraph 10 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 10 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 10 may

be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## II.   JURISDICTION AND VENUE

11.   The allegations contained in Paragraph 11 consist of Plaintiff's characterization of its case, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 11.

12.   The allegations contained in Paragraph 12 consist of legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 12.

13.   The allegations contained in Paragraph 13 consist of Plaintiff's characterization of its case and legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 13.

14.   The allegations contained in Paragraph 14 consist of Plaintiff's characterization of its case and legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 14.

15.   The allegations in Paragraph 15 are legal conclusions to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 15.

## III.  THE PARTIES

### A.   Plaintiff ViewSonic Corporation

16.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies the allegations.

17.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**B.    Defendants**

**1.    IRICO Entities**

18.    Paragraph 18 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies the allegations.

19.    Paragraph 19 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

20.    Paragraph 20 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21.    Paragraph 21 consists of Plaintiff's explanation of a defined term used in the Complaint, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 21.

**2.    LG Electronics Entities**

22.    Paragraph 22 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

23.    Paragraph 23 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

24.    Paragraph 24 consists of Plaintiff's explanation of a defined term used in the Complaint, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 24.

**3.    LP Displays**

25.    Paragraph 25 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

#### 4.     Panasonic Entities

2

26.     Paragraph 26 relates to another Defendant.  Accordingly, TAEC lacks

3

knowledge or information sufficient to form a belief as to the truth of the allegations

4

contained in Paragraph 26 and, therefore, denies the allegations.

5

27.     Paragraph 27 relates to another Defendant.  Accordingly, TAEC lacks

6

knowledge or information sufficient to form a belief as to the truth of the allegations

7

contained in Paragraph 27 and, therefore, denies the allegations.

8

28.     Paragraph 28 consists of Plaintiff's explanation of a defined term used in the

9

Complaint, to which no response is required.  To the extent that a response is deemed

10

required, TAEC denies the allegations contained in Paragraph 28.

11

29.     Paragraph 29 consists of Plaintiff's explanation of a defined term used in the

12

Complaint, to which no response is required.  To the extent that a response is deemed

13

required, TAEC denies the allegations contained in Paragraph 29.

14

30.     Paragraph 30 relates to another Defendant.  Accordingly, TAEC lacks

15

knowledge or information sufficient to form a belief as to the truth of the allegations

16

contained in Paragraph 30 and, therefore, denies the allegations.

17

#### 5.     Philips Entities

18

31.     Paragraph 31 relates to another Defendant.  Accordingly, TAEC lacks

19

knowledge or information sufficient to form a belief as to the truth of the allegations

20

contained in Paragraph 31 and, therefore, denies the allegations.

21

32.     Paragraph 32 relates to another Defendant.  Accordingly, TAEC lacks

22

knowledge or information sufficient to form a belief as to the truth of the allegations

23

contained in Paragraph 32 and, therefore, denies the allegations.

24

33.     Paragraph 33 relates to another Defendant.  Accordingly, TAEC lacks

25

knowledge or information sufficient to form a belief as to the truth of the allegations

26

contained in Paragraph 33 and, therefore, denies the allegations.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

34.     Paragraph 34 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

35.     Paragraph 35 consists of Plaintiff's explanation of a defined term used in the Complaint, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 35.

**6.     Sasmung Entities**

36.     Paragraph 36 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies the allegations.

37.     Paragraph 37 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

38.     Paragraph 38 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies the allegations.

39.     Paragraph 39 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

40.     Paragraph 40 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

41.     Paragraph 41 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

42.     Paragraph 42 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

43.     Paragraph 43 consists of Plaintiff's explanation of a defined term used in the Complaint, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 43.

### 7.     Samtel

44.     Paragraph 44 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies the allegations.

### 8.     Thai CRT

45.     Paragraph 45 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

### 9.     Toshiba Entities

46.     Paragraph 46 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, and therefore denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 46.

47.     Paragraph 47 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and therefore denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 47.

48.     Paragraph 48 relates to another Defendant.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and therefore denies the allegations, except that TAEC admits the allegations contained in the first sentence of Paragraph 48.

49.     TAEC denies the allegations in Paragraph 49, except that TAEC avers that its business address is 9740 Irvine Boulevard, Irvine, CA 92618-1697 and that it is a wholly-owned subsidiary of Toshiba America, Inc.  TAEC avers that it sold cathode ray tubes during the Relevant Period.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

50.     Paragraph 50 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

51.     Paragraph 51 consists of Plaintiff's explanation of a defined term used in the Complaint, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 51.

### 10.   Chunghwa Entities

52.     Paragraph 52 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

53.     Paragraph 53 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations.

54.     Paragraph 54 consists of Plaintiff's explanation of a defined term used in the Complaint, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 54.

### 11.   Thomson Entities

55.     Paragraph 55 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations.

56.     Paragraph 56 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

57.     Paragraph 57 relates to another Defendant.     Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

58.     Paragraph 58 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations.

59.     Paragraph 59 consists of Plaintiff's explanation of a defined term used in the Complaint, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 59.

**12.   Mitsubishi Entities**

60.     Paragraph 60 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, therefore, denies the allegations.

61.     Paragraph 61 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, therefore, denies the allegations.

62.     Paragraph 62 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and, therefore, denies the allegations.

63.     Paragraph 63 consists of Plaintiff's explanation of a defined term used in the Complaint, to which no response is required.   To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 63.

**IV.   AGENTS AND CO-CONSPIRATORS**

64.     To the extent that the allegations contained in Paragraph 64 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 64 are directed to TAEC, TAEC denies these allegations.

65.     To the extent that the allegations contained in Paragraph 65 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

allegations contained in Paragraph 65 are directed to TAEC, TAEC denies these allegations.

66.    Paragraph 66 relates to other companies.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, denies the allegations.

67.    Paragraph 67 relates to other companies.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, therefore, denies the allegations.

68.    Paragraph 68 consists of Plaintiff's explanation of a defined term used in the Complaint, to which no response is required.    To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 68.

69.    Paragraph 69 relates to another company.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

70.    Paragraph 70 relates to another company.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

71.    Paragraph 71 relates to another company.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

72.    To the extent that the allegations contained in Paragraph 72 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 72 are directed to TAEC, TAEC denies these allegations.

V.    TRADE AND COMMERCE

73.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

74.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, therefore, denies the allegations.

75.     Paragraph 75 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 75.

## VI.   FACTUAL ALLEGATIONS

### A.   CRT Technology

76.     TAEC admits the allegations contained in Paragraph 76.

77.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations.

78.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, therefore, denies the allegations.

79.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and, therefore, denies the allegations.

80.     To the extent that Paragraph 80 describes CRT technology generally, and claims that that CDTs and CPTs are separate products, TAEC admits the allegations in Paragraph 80, but avers that the allegations do not describe comprehensively or accurately all variants of CRT technology.  TAEC denies the remaining allegations in Paragraph 80.

81.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

82.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, therefore, denies the allegations.

83.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations. The second sentence of Paragraph 83 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 83.

84.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore, denies the allegations. The second sentence of Paragraph 84 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in the second sentence of Paragraph 84.

85.     Paragraph 85 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 85.

**B.     Structure of the CRT Industry**

86.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, denies the allegations.

**1.     Market Concentration**

87.     To the extent that the allegations contained in Paragraph 87 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 87 are directed to TAEC, TAEC denies these allegations.

**2.     Information Sharing**

88.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

89.     TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

**3.     Consolidation**

90.     To the extent that the allegations contained in Paragraph 90 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies the allegations.  To the extent that the allegations contained in Paragraph 90 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 4.   Multiple Interrelated Business Relationships

91.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, therefore, denies the allegations.

92.   To the extent that the allegations contained in Paragraph 92 relate to other Defendants and/or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies the allegations.  To the extent that the allegations contained in Paragraph 92 are directed to TAEC, TAEC denies these allegations.

### 5.   High Costs of Entry Into the Industry

93.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, denies the allegations.

94.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

### 6.   The Maturity of the CRT Market

95.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, therefore, denies the allegations.

96.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, therefore, denies the allegations.

97.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

98.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

99.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, denies the allegations.

100.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 7.     Homogeneity of CRTs

101.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

102.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations.

**C.     Pre-Conspiracy Market**

103.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, therefore, denies the allegations.

104.    Paragraph 104 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and, therefore, denies the allegations.

**D.     Defendants' and Co-Conspirators' Illegal Agreements**

105.    To the extent that the allegations contained in Paragraph 105 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 105 are directed to TAEC, TAEC denies these allegations.

106.    To the extent that the allegations contained in Paragraph 106 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 106 are directed to TAEC, TAEC denies these allegations.

107.    Paragraph 107 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, therefore, denies the allegations.

108.    To the extent that the allegations contained in Paragraph 108 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the

extent that the allegations contained in Paragraph 108 are directed to TAEC, TAEC denies these allegations.

109.   To the extent that the allegations contained in Paragraph 109 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 109 are directed to TAEC, TAEC denies these allegations.

### 1.   "Glass Meetings"

110.   To the extent that the allegations contained in Paragraph 110 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 110 are directed to TAEC, TAEC denies these allegations.

111.   To the extent that the allegations contained in Paragraph 111 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 111 are directed to TAEC, TAEC denies these allegations.

112.   To the extent that the allegations contained in Paragraph 112 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 112 are directed to TAEC, TAEC denies these allegations.

113.   To the extent that the allegations contained in Paragraph 113 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 113 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    114.    To the extent that the allegations contained in Paragraph 114 relate to other
2    Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
3    belief as to the truth of these allegations and, therefore, denies these allegations.  To the
4    extent that the allegations contained in Paragraph 114 are directed to TAEC, TAEC denies
5    these allegations.

6    115.    To the extent that the allegations contained in Paragraph 115 relate to other
7    Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
8    belief as to the truth of these allegations and, therefore, denies these allegations.  To the
9    extent that the allegations contained in Paragraph 115 are directed to TAEC, TAEC denies
10   these allegations.

11   116.    To the extent that the allegations contained in Paragraph 116 relate to other
12   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
13   belief as to the truth of these allegations and, therefore, denies these allegations.  To the
14   extent that the allegations contained in Paragraph 116 are directed to TAEC, TAEC denies
15   these allegations.

16   117.    To the extent that the allegations contained in Paragraph 117 relate to other
17   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
18   belief as to the truth of these allegations and, therefore, denies these allegations.  To the
19   extent that the allegations contained in Paragraph 117 are directed to TAEC, TAEC denies
20   these allegations.

21   118.    To the extent that the allegations contained in Paragraph 118 relate to other
22   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
23   belief as to the truth of these allegations and, therefore, denies these allegations.  To the
24   extent that the allegations contained in Paragraph 118 are directed to TAEC, TAEC denies
25   these allegations.

26   119.    To the extent that the allegations contained in Paragraph 119 relate to other
27   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
28   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

extent that the allegations contained in Paragraph 119 are directed to TAEC, TAEC denies these allegations.

120.    To the extent that the allegations contained in Paragraph 120 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 120 are directed to TAEC, TAEC denies these allegations.

121.    To the extent that the allegations contained in Paragraph 121 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 121 are directed to TAEC, TAEC denies these allegations.

122.    To the extent that the allegations contained in Paragraph 122 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 122 are directed to TAEC, TAEC denies these allegations.

123.    To the extent that the allegations contained in Paragraph 123 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 123 are directed to TAEC, TAEC denies these allegations.

124.    To the extent that the allegations contained in Paragraph 124 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 124 are directed to TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

125.    To the extent that the allegations contained in Paragraph 125 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 125 are directed to TAEC, TAEC denies these allegations.

### 2.    Bilateral Discussions

126.    To the extent that the allegations contained in Paragraph 126 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 126 are directed to TAEC, TAEC denies these allegations.

127.    To the extent that the allegations contained in Paragraph 127 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 127 are directed to TAEC, TAEC denies these allegations.

128.    To the extent that the allegations contained in Paragraph 128 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 128 are directed to TAEC, TAEC denies these allegations.

129.    To the extent that the allegations contained in Paragraph 129 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 129 are directed to TAEC, TAEC denies these allegations.

130.    To the extent that the allegations contained in Paragraph 130 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 130 are directed to TAEC, TAEC denies these allegations.

131.    To the extent that the allegations contained in Paragraph 131 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 131 are directed to TAEC, TAEC denies these allegations.

### 3.    Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions

132.    The allegations contained in Paragraph 132 consist of Plaintiff's characterization of its case and legal conclusions, to which no response is required.  To the extent that a response is deemed required, TAEC denies the allegations contained in Paragraph 132.

133.    Paragraph 133 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and, therefore, denies the allegations.

134.    To the extent that Paragraph 134 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 134 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 134 are directed to TAEC, TAEC denies these allegations.

135.    Paragraph 135 relates to other Defendants.  Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

136.   To the extent that the allegations contained in Paragraph 136 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 136 are directed to TAEC, TAEC denies these allegations.

137.   To the extent that the allegations contained in Paragraph 137 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 137 are directed to TAEC, TAEC denies these allegations.

138.   Paragraph 138 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and, therefore, denies the allegations.

139.   Paragraph 139 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and, therefore, denies the allegations.

140.   Paragraph 140 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 and, therefore, denies the allegations.

141.   To the extent that the allegations contained in Paragraph 141 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 141 are directed to TAEC, TAEC denies these allegations.

142.   Paragraph 142 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and, therefore, denies the allegations.

143. Paragraph 143 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, denies the allegations.

144. Paragraph 144 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and, therefore, denies the allegations.

145. Paragraph 145 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, denies the allegations.

146. Paragraph 146 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and, therefore, denies the allegations.

147. Paragraph 147 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 and, therefore, denies the allegations.

148. Paragraph 148 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 and, therefore, denies the allegations.

149. Paragraph 149 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 and, therefore, denies the allegations.

150. Paragraph 150 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 and, therefore, denies the allegations.

151. Paragraph 151 relates to other Defendants. Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

152.   Paragraph 152 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 and, therefore, denies the allegations.

153.   Paragraph 153 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 and, therefore, denies the allegations.

154.   Paragraph 154 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 and, therefore, denies the allegations.

155.   Paragraph 155 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 and, therefore, denies the allegations.

156.   To the extent that the allegations contained in Paragraph 156 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 156 are directed to TAEC, TAEC denies these allegations.

157.   To the extent that the allegations contained in Paragraph 157 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 157 are directed to TAEC, TAEC denies these allegations.

158.   Paragraph 158 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 and, therefore, denies the allegations.

159.   Paragraph 159 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

**E.      The CRT Market During the Conspiracy**

2

160.     TAEC lacks knowledge or information sufficient to form a belief as to the

3

truth of the allegations contained in Paragraph 160 and, therefore, denies the allegations.

4

161.     TAEC lacks knowledge or information sufficient to form a belief as to the

5

truth of the allegations contained in Paragraph 161 and, therefore, denies the allegations.

6

162.     TAEC lacks knowledge or information sufficient to form a belief as to the

7

truth of the allegations contained in Paragraph 162 and, therefore, denies the allegations.

8

163.     To the extent that Paragraph 163 consists of purported statements in news

9

reports or statements in public documents, those statements speak for themselves and no

10

response is required.  To the extent that the allegations contained in Paragraph 163 relate to

11

other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

12

a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

13

extent that the allegations contained in Paragraph 163 may be deemed to require a response

14

from TAEC, TAEC denies these allegations.

15

164.     To the extent that Paragraph 164 consists of purported statements in news

16

reports or statements in public documents, those statements speak for themselves and no

17

response is required.  To the extent that the allegations contained in Paragraph 164 may be

18

deemed to require a response from TAEC, TAEC denies these allegations.

19

165.     To the extent that the allegations contained in Paragraph 165 relate to other

20

Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

21

belief as to the truth of these allegations and, therefore, denies these allegations.  To the

22

extent that the allegations contained in Paragraph 165 are directed to TAEC, TAEC denies

23

these allegations.

24

166.     To the extent that Paragraph 166 consists of purported statements in news

25

reports or statements in public documents, those statements speak for themselves and no

26

response is required.  To the extent that the allegations contained in Paragraph 166 relate to

27

other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

28

a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

1    extent that the allegations contained in Paragraph 166 are directed to TAEC, TAEC denies

2    these allegations.

3        167.    To the extent that Paragraph 167 consists of purported statements in news

4    reports or statements in public documents, those statements speak for themselves and no

5    response is required.  To the extent that the allegations contained in Paragraph 167 relate to

6    other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

7    a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

8    extent that the allegations contained in Paragraph 167 are directed to TAEC, TAEC denies

9    these allegations.

10       168.    To the extent that Paragraph 168 consists of purported statements in news

11   reports or statements in public documents, those statements speak for themselves and no

12   response is required.  To the extent that the allegations contained in Paragraph 168 relate to

13   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

14   a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

15   extent that the allegations contained in Paragraph 168 are directed to TAEC, TAEC denies

16   these allegations.

17       169.    To the extent that the allegations contained in Paragraph 169 relate to other

18   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

19   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

20   extent that the allegations contained in Paragraph 169 are directed to TAEC, TAEC denies

21   these allegations.

22       170.    To the extent that the allegations contained in Paragraph 170 relate to other

23   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

24   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

25   extent that the allegations contained in Paragraph 170 are directed to TAEC, TAEC denies

26   these allegations.

27       171.    To the extent that Paragraph 171 consists of purported statements in news

28   reports or statements in public documents, those statements speak for themselves and no

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

response is required.  To the extent that the allegations contained in Paragraph 171 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 171 may be deemed to require a response from TAEC, TAEC denies these allegations.

172.    Paragraph 172 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that the allegations contained in Paragraph 172 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

173.    Paragraph 173 consists of argument and Plaintiff's characterization of its claims, to which no response is required.  To the extent that the allegations contained in Paragraph 173 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

F.    **International Government Antitrust Investigations**

174.    To the extent that Paragraph 174 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 174 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 174 are directed to TAEC, TAEC denies these allegations.

175.    To the extent that Paragraph 175 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 175 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore,

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO VIEWSONIC
CORPORATION'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917
25

1    denies these allegations.  To the extent that the allegations contained in Paragraph 175 may

2    be deemed to require a response from TAEC, TAEC denies these allegations.

3        176.    The allegations contained in Paragraph 176 refer to a public annual report,

4    which is the best of evidence of its contents.  To the extent that the allegations contained in

5    Paragraph 176 may be deemed to require a response from TAEC, TAEC denies these

6    allegations.

7        177.    To the extent that Paragraph 177 consists of purported statements by

8    government authorities or statements in public documents, those statements speak for

9    themselves and no response is required.  To the extent that the allegations contained in

10   Paragraph 177 relate to other Defendants or third parties, TAEC lacks knowledge or

11   information sufficient to form a belief as to the truth of these allegations and, therefore,

12   denies these allegations.  To the extent that the allegations contained in Paragraph 177 may

13   be deemed to require a response from TAEC, TAEC denies these allegations.

14       178.    To the extent that Paragraph 178 consists of purported statements by

15   government authorities or statements in public documents, those statements speak for

16   themselves and no response is required.  To the extent that the allegations contained in

17   Paragraph 178 relate to other Defendants or third parties, TAEC lacks knowledge or

18   information sufficient to form a belief as to the truth of these allegations and, therefore,

19   denies these allegations.  To the extent that the allegations contained in Paragraph 178 may

20   be deemed to require a response from TAEC, TAEC denies these allegations.

21       179.    To the extent that Paragraph 179 consists of purported statements by

22   government authorities or statements in public documents, those statements speak for

23   themselves and no response is required.  To the extent that the allegations contained in

24   Paragraph 179 relate to other Defendants or third parties, TAEC lacks knowledge or

25   information sufficient to form a belief as to the truth of these allegations and, therefore,

26   denies these allegations.  To the extent that the allegations contained in Paragraph 179 may

27   be deemed to require a response from TAEC, TAEC denies these allegations.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

180.    To the extent that Paragraph 180 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 180 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 180 may be deemed to require a response from TAEC, TAEC denies these allegations.

181.    To the extent that Paragraph 181 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 181 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 180 may be deemed to require a response from TAEC, TAEC denies these allegations.

182.    To the extent that Paragraph 182 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 182 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 182 may be deemed to require a response from TAEC, TAEC denies these allegations.

183.    To the extent that Paragraph 183 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 183 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 183 may be deemed to require a response from TAEC, TAEC denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

184.    To the extent that the allegations contained in Paragraph 184 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 184 are directed to TAEC, TAEC denies these allegations.

185.    To the extent that the allegations contained in Paragraph 185 relate to other Defendants, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 185 are directed to TAEC, TAEC denies these allegations.

186.    To the extent that Paragraph 186 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 186 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 186 may be deemed to require a response from TAEC, TAEC denies these allegations.

187.    TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 and, therefore, denies these allegations.

188.    To the extent that Paragraph 188 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 188 may be deemed to require a response from TAEC, TAEC denies these allegations.

189.    To the extent that Paragraph 189 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 189 may be deemed to require a response from TAEC, TAEC denies these allegations.

190.   To the extent that Paragraph 190 consists of purported statements by government authorities or statements in public documents, those statements speak for themselves and no response is required.   To the extent that the allegations contained in Paragraph 190 may be deemed to require a response from TAEC, TAEC denies these allegations.

### G.   The Role of Trade Associations During the Relevant Period

191.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 and, therefore, denies these allegations.

192.   Paragraph 192 relates to other Defendants or third parties.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 and, therefore, denies these allegations.

193.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 and, therefore, denies these allegations.

194.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 and, therefore, denies these allegations.

195.   TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 and, therefore, denies these allegations.

### H.   Effects of Defendants' Antitrust Violations

#### 1.   Examples of Reductions in Manufacturing Capacity by Defendants

196.   To the extent that the allegations contained in Paragraph 196 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 196 are directed to TAEC, TAEC denies these allegations.

197.   Paragraph 197 relates to other Defendants.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

198.    Paragraph 198 relates to other Defendants or third parties.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 and, therefore, denies these allegations.

199.    Paragraph 199 relates to other Defendants or third parties.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 and, therefore, denies these allegations.

200.    Paragraph 200 relates to other Defendants or third parties.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 and, therefore, denies these allegations.

201.    Paragraph 201 relates to other Defendants or third parties.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 and, therefore, denies these allegations.

**2.    Examples of Collusive Pricing for CRT Products**

202.    To the extent that Paragraph 202 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 202 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegation contained in Paragraph 202 may be deemed to require a response from TAEC, TAEC denies these allegations.

203.    To the extent that Paragraph 203 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 203 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegation contained in Paragraph 203 may be deemed to require a response from TAEC, TAEC denies these allegations.

1    204.    To the extent that the allegations contained in Paragraph 204 relate to other
2    Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
3    belief as to the truth of these allegations and, therefore, denies these allegations.  To the
4    extent that the allegations contained in Paragraph 204 are directed to TAEC, TAEC denies
5    these allegations.

6    205.    To the extent that Paragraph 205 consists of purported statements in news
7    reports or statements in public documents, those statements speak for themselves and no
8    response is required.  To the extent that the allegations contained in Paragraph 205 relate to
9    other Defendants or third parties, TAEC lacks knowledge or information sufficient to form
10   a belief as to the truth of these allegations and, therefore, denies these allegations.  To the
11   extent that the allegations contained in Paragraph 205 may be deemed to require a response
12   from TAEC, TAEC denies these allegations.

13   206.    To the extent that Paragraph 206 consists of purported statements in news
14   reports or statements in public documents, those statements speak for themselves and no
15   response is required.  To the extent that the allegations contained in Paragraph 206 relate to
16   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form
17   a belief as to the truth of these allegations and, therefore, denies these allegations.  To the
18   extent that the allegations contained in Paragraph 206 may be deemed to require a response
19   from TAEC, TAEC denies these allegations.

20   207.    To the extent that the allegations contained in Paragraph 207 relate to other
21   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a
22   belief as to the truth of these allegations and, therefore, denies these allegations.  To the
23   extent that the allegations contained in Paragraph 207 are directed to TAEC, TAEC denies
24   these allegations.

25   208.    To the extent that Paragraph 208 consists of purported statements in news
26   reports or statements in public documents, those statements speak for themselves and no
27   response is required.  To the extent that the allegations contained in Paragraph 208 relate to
28   other Defendants or third parties, TAEC lacks knowledge or information sufficient to form

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 208 may be deemed to require a response from TAEC, TAEC denies these allegations.

209.   Paragraph 209 relates to another Defendant.   Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 209 and, therefore, denies these allegations.

210.   To the extent that Paragraph 210 consists of purported statements in news reports or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 210 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 210 may be deemed to require a response from TAEC, TAEC denies these allegations.

211.   To the extent that the allegations contained in Paragraph 211 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 211 are directed to TAEC, TAEC denies these allegations.

**I.**      **Summary of Effects of the Conspiracy Involving CRTs**

212.   Paragraph 212 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 202 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 202 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO VIEWSONIC
CORPORATION'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917
32

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

## VII. VIEWSONIC'S INJURIES

213.    To the extent that Paragraph 213 contains argument, Plaintiff's characterization of its claims, or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 213 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 213 are directed to TAEC, TAEC denies these allegations.

214.    To the extent that the allegations contained in Paragraph 214 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 214 are directed to TAEC, TAEC denies these allegations.

215.    To the extent that Paragraph 215 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 215 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 215 are directed to TAEC, TAEC denies these allegations.

216.    To the extent that Paragraph 216 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 216 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 216 are directed to TAEC, TAEC denies these allegations.

217.    To the extent that Paragraph 217 contains argument or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 217 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the

extent that the allegations contained in Paragraph 217 are directed to TAEC, TAEC denies these allegations.

218.    Paragraph 218 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 218 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 218 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form the belief as to the truth of these allegations and, therefore, denies these allegations.

219.    Paragraph 219 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 219 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 219 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form the belief as to the truth of these allegations and, therefore, denies these allegations.

**VIII. FRAUDULENT CONCEALMENT**

220.    Paragraph 220 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 220 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 220 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

221.    Paragraph 221 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 221 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 221 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

222.    Paragraph 222 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 222 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 222 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

223.    Paragraph 223 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 223 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 223 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

224.    Paragraph 224 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 224 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and,

therefore, denies these allegations. To the extent that the allegations contained in Paragraph 224 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

225. Paragraph 225 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 225 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 225 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

226. To the extent that the allegations contained in Paragraph 226 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 226 are directed to TAEC, TAEC denies these allegations.

227. To the extent that the allegations contained in Paragraph 227 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 227 are directed to TAEC, TAEC denies these allegations.

228. Paragraph 228 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 228 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 228 may be deemed to require a response from TAEC, TAEC lacks knowledge

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   or information sufficient to form a belief as to the truth of these allegations and, therefore,

2   denies these allegations.

3       229.    To the extent that the allegations contained in Paragraph 229 relate to other

4   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

5   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

6   extent that the allegations contained in Paragraph 229 are directed to TAEC, TAEC denies

7   these allegations.

8       230.    To the extent that the allegations contained in Paragraph 230 relate to other

9   Defendants or third parties, TAEC lacks knowledge or information sufficient to form a

10  belief as to the truth of these allegations and, therefore, denies these allegations.  To the

11  extent that the allegations contained in Paragraph 230 are directed to TAEC, TAEC denies

12  these allegations.

13      231.    Paragraph 231 consists of argument, Plaintiff's characterization of its claims,

14  or legal conclusions, to which no response is required.  To the extent that the allegations

15  contained in Paragraph 231 relate to other Defendants or third parties, TAEC lacks

16  knowledge or information sufficient to form a belief as to the truth of these allegations and,

17  therefore, denies these allegations.  To the extent that the allegations contained in

18  Paragraph 231 may be deemed to require a response from TAEC, TAEC lacks knowledge

19  or information sufficient to form a belief as to the truth of these allegations and, therefore,

20  denies these allegations.

21      232.    Paragraph 232 consists of argument, Plaintiff's characterization of its claims,

22  or legal conclusions, to which no response is required.  To the extent that the allegations

23  contained in Paragraph 232 relate to other Defendants or third parties, TAEC lacks

24  knowledge or information sufficient to form a belief as to the truth of these allegations and,

25  therefore, denies these allegations.  To the extent that the allegations contained in

26  Paragraph 232 may be deemed to require a response from TAEC, TAEC lacks knowledge

27  or information sufficient to form a belief as to the truth of these allegations and, therefore,

28  denies these allegations.

233.    Paragraph 233 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 233 and, therefore, denies the allegations.

234.    Paragraph 234 relates to other Defendants.    Accordingly, TAEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 234 and, therefore, denies the allegations.

235.    To the extent that the allegations contained in Paragraph 235 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 235 are directed to TAEC, TAEC denies these allegations.

236.    Paragraph 236 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 236 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 236 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## IX.   *AMERICAN PIPE*, GOVERNMENT ACTION AND CROSS-JURISDICTIONAL TOLLING

237.    Paragraph 237 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 237 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 237 may be deemed to require a response from TAEC, TAEC lacks knowledge

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

238.    Paragraph 238 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 238 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 238 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

239.    Paragraph 239 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 239 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 239 may be deemed to require a response from TAEC, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## X.    CLAIM FOR VIOLATIONS OF SECTION 1 OF THE SHERMAN ACT

240.    TAEC hereby incorporates by reference its responses to Paragraphs 1-239 of the Complaint, as set forth above.

241.    Paragraph 241 consists of argument, Plaintiff's characterization of its claims, or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 241 relate to other Defendants or third parties, TAEC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 241 may be deemed to require a response from TAEC, TAEC lacks knowledge

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   or information sufficient to form a belief as to the truth of these allegations and, therefore,

2   denies these allegations.

3   242.   Paragraph 242 consists of argument, Plaintiff's characterization of its claims,

4   or legal conclusions, to which no response is required.  To the extent that the allegations

5   contained in Paragraph 242 relate to other Defendants or third parties, TAEC lacks

6   knowledge or information sufficient to form a belief as to the truth of these allegations and,

7   therefore, denies these allegations.   To the extent that the allegations contained in

8   Paragraph 242 may be deemed to require a response from TAEC, TAEC lacks knowledge

9   or information sufficient to form a belief as to the truth of these allegations and, therefore,

10  denies these allegations.

11  243.   Paragraph 243 consists of argument, Plaintiff's characterization of its claims,

12  or legal conclusions, to which no response is required.  To the extent that the allegations

13  contained in Paragraph 243 relate to other Defendants or third parties, TAEC lacks

14  knowledge or information sufficient to form a belief as to the truth of these allegations and,

15  therefore, denies these allegations.   To the extent that the allegations contained in

16  Paragraph 243 may be deemed to require a response from TAEC, TAEC lacks knowledge

17  or information sufficient to form a belief as to the truth of these allegations and, therefore,

18  denies these allegations.

19  244.   Paragraph 244 consists of argument, Plaintiff's characterization of its claims,

20  or legal conclusions, to which no response is required.  To the extent that the allegations

21  contained in Paragraph 244 relate to other Defendants or third parties, TAEC lacks

22  knowledge or information sufficient to form a belief as to the truth of these allegations and,

23  therefore, denies these allegations.   To the extent that the allegations contained in

24  Paragraph 244 may be deemed to require a response from TAEC, TAEC lacks knowledge

25  or information sufficient to form a belief as to the truth of these allegations and, therefore,

26  denies these allegations.

27  245.   Paragraph 245 consists of argument, Plaintiff's characterization of its claims,

28  or legal conclusions, to which no response is required.  To the extent that the allegations

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   contained in Paragraph 245 relate to other Defendants or third parties, TAEC lacks

2   knowledge or information sufficient to form a belief as to the truth of these allegations and,

3   therefore, denies these allegations.   To the extent that the allegations contained in

4   Paragraph 245 may be deemed to require a response from TAEC, TAEC lacks knowledge

5   or information sufficient to form a belief as to the truth of these allegations and, therefore,

6   denies these allegations.

7   　　　246.   Paragraph 246 consists of argument, Plaintiff's characterization of its claims,

8   or legal conclusions, to which no response is required.  To the extent that the allegations

9   contained in Paragraph 246 relate to other Defendants or third parties, TAEC lacks

10  knowledge or information sufficient to form a belief as to the truth of these allegations and,

11  therefore, denies these allegations.   To the extent that the allegations contained in

12  Paragraph 246 may be deemed to require a response from TAEC, TAEC lacks knowledge

13  or information sufficient to form a belief as to the truth of these allegations and, therefore,

14  denies these allegations.

15  　　　247.   Paragraph 247 consists of argument, Plaintiff's characterization of its claims,

16  or legal conclusions, to which no response is required.  To the extent that the allegations

17  contained in Paragraph 247 relate to other Defendants or third parties, TAEC lacks

18  knowledge or information sufficient to form a belief as to the truth of these allegations and,

19  therefore, denies these allegations.   To the extent that the allegations contained in

20  Paragraph 247 may be deemed to require a response from TAEC, TAEC lacks knowledge

21  or information sufficient to form a belief as to the truth of these allegations and, therefore,

22  denies these allegations.

23  　　　248.   Paragraph 248 consists of argument, Plaintiff's characterization of its claims,

24  or legal conclusions, to which no response is required.  To the extent that the allegations

25  contained in Paragraph 248 relate to other Defendants or third parties, TAEC lacks

26  knowledge or information sufficient to form a belief as to the truth of these allegations and,

27  therefore, denies these allegations.   To the extent that the allegations contained in

28  Paragraph 248 may be deemed to require a response from TAEC, TAEC lacks knowledge

or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XI.   PRAYER FOR RELIEF

In answer to the Prayer for Relief, TAEC denies each and every allegation in the Prayer and further specifically denies that Plaintiff is entitled to any of the relief requested or any remedy whatsoever against TAEC.

All allegations of the Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, TAEC asserts the following separate and additional defenses:

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or part because the Complaint fails to plead conspiracy with particularity required under applicable law.

## FOURTH DEFENSE

Plaintiff has failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

Plaintiff's state law claims are barred or limited in whole or in part by the doctrine of *forum non conveniens* and improper venue.  Plaintiff's claims, to the extent they rely on the laws of foreign states, would be better adjudicated in those foreign courts.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIXTH DEFENSE

Plaintiff's claims against TAEC are barred to the extent that it has agreed to arbitration or chosen a different forum for the resolution of its claims.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring or maintain the claims set forth in the Complaint.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that it did not purchase CRTs directly from Defendants, because it is an indirect purchaser and barred from maintaining an action under 15 U.S.C. § 1 for alleged injuries in that capacity.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no antitrust injury.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations, including but not limited to 15 U.S.C. § 15b.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because no Plaintiff has been injured in its business or property by reason of any action of TAEC.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of TAEC or were caused, if at all, solely and proximately by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## FOURTEENTH DEFENSE

To the extent that any actionable conduct occurred, Plaintiff's claims against TAEC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages as a result of any actions taken by TAEC or the other Defendants.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any actions or practices of TAEC that are the subject of the Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of TAEC's independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between TAEC and any other person or entity.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the Complaint were adopted in furtherance of legitimate business interests of TAEC and of its customers and did not unreasonably restrain competition.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any acts or practices of TAEC that are the subject of the Complaint were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

**TWENTIETH DEFENSE**

To the extent there is a finding of an illegal overcharge, Plaintiff's claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, because, as an indirect purchaser, it fails to meet its burden of proving that it was damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to Plaintiff in the chain of distribution was not passed on to a third party.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent it seeks improper multiple damage awards and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has available an adequate remedy at law.

**TWENTY-FIFTH DEFENSE**

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, TAEC contends that it is entitled to set off any amounts paid to Plaintiff by any Defendants other than TAEC who have settled, or do settle, Plaintiff's claims against them in this action.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims for injunctive relief are barred, in whole or in part, insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

**TWENTY-SEVENTH DEFENSE**

TAEC adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

**TWENTY-EIGHTH DEFENSE**

TAEC reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**TAEC'S PRAYER FOR RELIEF**

WHEREFORE, TAEC prays for judgment as follows:

1.   That Plaintiff take nothing by reason of the Complaint, and that the action be dismissed with prejudice;

2.   That the Court enter judgment in favor of TAEC and against Plaintiff with respect to all causes of action in the Complaint;

3.   That the Court award TAEC its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4.   That the Court order such other further relief for TAEC as the Court may deem just and proper.

Dated:  July 25, 2014

Respectfully submitted,

**WHITE & CASE** LLP

By:  _/s/ Lucius B. Lau_
     Christopher M. Curran (*pro hac vice*)
     ccurran@whitecase.com
     Lucius B. Lau (*pro hac vice*)
     alau@whitecase.com
     Dana E. Foster (*pro hac vice*)
     defoster@whitecase.com
     701 Thirteenth Street, N.W.
     Washington, DC  20005
     tel.: (202) 626-3600
     fax: (202) 639-9355

     *Counsel to Defendant*
     *Toshiba America Electronic Components, Inc.*

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO VIEWSONIC
CORPORATION'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917
47

1

## <u>CERTIFICATE OF SERVICE</u>

2     On July 25, 2014, I caused a copy of "TOSHIBA AMERICA ELECTRONIC

3 COMPONENTS, INC.'S ANSWER TO VIEWSONIC CORPORATION'S COMPLAINT

4 FOR DAMAGES AND INJUNCTIVE RELIEF" to be served via ECF on the other parties

5 in this action.

6

7

8

9                                By:   _/s/ Lucius B. Lau_____
                                       Lucius B. Lau (*pro hac vice*)

10

11

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S ANSWER TO VIEWSONIC
CORPORATION'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 07-5944 SC
MDL No. 1917