Eliot A. Adelson (SBN 205284)
James Maxwell Cooper (SBN 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice)*
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants
HITACHI, LTD., HITACHI AMERICA, LTD.,
HITACHI ASIA, LTD., HITACHI DISPLAYS,
LTD. (n/k/a JAPAN DISPLAY, INC.), HITACHI
ELECTRONIC DEVICES (USA), INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE NO.: 3:07-cv-05944-SC |
| | MDL NO.: 1917 |
| This Document Relates To:<br><br>*Dell Inc., et al. v. Hitachi, Ltd., et al.* | Individual Case No. 3:13-cv-02171-SC<br><br>**HITACHI DEFENDANTS' OPPOSITION TO DELL INC.'S AND DELL PRODUCTS L.P.'S ADMINISTRATIVE MOTION TO CONFIRM ITS OPT OUT REQUEST OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME TO OPT OUT** |

Defendants Hitachi, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.) and Hitachi Electronic Devices (USA), Inc. (the "Hitachi Defendants") submit this Opposition to the Administrative Motion to Confirm Its Opt Out Request Or, In The Alternative, For An Enlargement of Time to Opt Out, filed by Dell Inc. and Dell Products L.P. (collectively "Dell").

## I. INTRODUCTION

Dell did not timely opt out of the Hitachi Defendants' and SDI Defendants' settlements with the Direct Purchaser Plaintiffs ("DPP Settlements"). Those settlements total over $46 million and Dell will be entitled to its share of that pot of money. Two weeks after the deadline to opt out of the DPP Settlements, Dell submitted its opt-out request. *See* Decl. of Debra D. Bernstein, ECF No. 2696-1 ("Bernstein Decl."), ¶ 9. Almost another two weeks after that, Dell contacted counsel for the Hitachi Defendants, asking the Hitachi Defendants to waive the missed deadline. *Id.* at ¶ 11. Dell now moves this Court to either (1) construe its untimely request to opt out as timely, or (2) retroactively extend the deadline for opting out.

Dell provides no legitimate excuse for why it did not opt out by the deadline. It complains that it did not receive notice and that one part of the claims administrator's website did not have the correct date. The claims administrator, however, confirms that Dell was given notice by mail and through the Wall Street Journal. Further, the claims administrator's website had the actual notice posted and an FAQ section, both of which specified the June 12 deadline. Eighteen other corporate families were given the exact same notice as Dell, and they opted out of the DPP Settlements on time.[1] Just like Dell, they received ample notice of the DPP Settlements and of the deadline. Because Dell cannot establish excusable neglect for not meeting the deadline, Dell's motion should be denied.

---

[1] Dell is joined only by Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America Inc. (collectively "Sharp") among plaintiffs who have previously filed individual complaints, but did not opt out on time. *See* Decl. of Ross Murray at ¶ 10, Ex. D ("Murray Decl.").

## II. ARGUMENT

### A. Dell's standard is inapplicable.

Perhaps realizing that it cannot meet the real legal standard, Dell focuses on a legal standard that does not apply in the Ninth Circuit. Dell claims that "any 'reasonable indication' of a party's desire to seek exclusion from a class is sufficient." *See* Dell's Administrative Motion, ECF No. 2696 ("Br."), 3. The Ninth Circuit disagrees. Here, "[t]he standard for determining whether [a plaintiff] should be allowed to opt-out of the class after the applicable deadline is whether its failure to comply with the deadline is the result of 'excusable neglect.'" *In re Static Random Access Memory Antitrust Litig.*, No. C 07-01819, 2009 WL 2447802, at *2 (N.D. Cal. Aug. 7, 2009); *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994) (remanding where it was unclear if district court had considered if there was excusable neglect).[2] Dell does not provide evidence of excusable neglect.

### B. Dell has not demonstrated "excusable neglect."

Courts determine whether movants have shown excusable neglect by examining four factors: (1) the danger of prejudice to nonmoving parties; (2) the length of the delay; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See* Br. at 5 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 395 (1993)).

#### 1. Prejudice

Especially in complex class actions like this one, deadlines are necessary and enforced. *See In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1127 (9th Cir. 1977). So courts draw a line. *See Georgine v. Amchem Prod.'s, Inc.*, No. 93-0215, 1995 WL 251402, at *6 (E.D. Penn. April 26, 1995) ("This Court sees no more appropriate time to draw a 'white line' than the opt-out deadline itself."). Indeed, courts find no excusable neglect in cases involving less robust notice (such as

---

[2] Dell cites no Ninth Circuit cases from the last 25 years where the court used "reasonable indication." *In re TFT-LCD (Flat Panel) Antitrust Litigation* did not consider an untimely exclusion request but rather whether a *timely* request was *sufficient* for its subsidiary. No. 13-cv-3349, 2014 WL 1379204, at *2 (N.D. Cal. April 8, 2014). *McCubbrey v. Boise Cascade Home & Land Corp.* neither uses the term "reasonable indication" nor controls here. 71 F.R.D. 62 (N.D. Cal. 1976). *In re Brand Name Prescription Drugs Antitrust Litig.* applies in the Northern District of Illinois. 171 F.R.D. 213 (N.D. Ill. 1997). *Council on Social Work Educ., Inc. v. Tex. Instruments* applies in the Northern District of Texas. 105 F.R.D. 68, 71 (N.D. Tex. 1985).

where movant did not know a class action was pending),[3] more sympathetic plaintiffs,[4] and less elapsed time between the missed deadline and counsel's attempts to correct it.[5]  If the deadline is retroactively extended, it will undermine deadlines and certainty in this complex case.  *See id*.

In contrast, there is no prejudice to Dell if it remains in the settlement class.  It will be entitled to its share of the $46,450,000 DPP Settlements.  Further, having timely opted out of all the other class action settlements, Dell may be able to recover all of its alleged damages from any one or more of the defendants in its other direct action cases under joint and several liability.

### 2. Timing

The second factor, the length of the delay, does not support a finding of excusable neglect.  Courts have found no excusable neglect for shorter delays.  *See*, *e.g. Demint*, 28 F.R.D. at 640.  And, in cases regarding other missed deadlines, the Ninth Circuit has held inexcusable delays as short as one day.  *See, e.g.*, *Clark v. H.R. Textron, Inc.*, 66 F.3d 334, at *1-2 (9th Cir. 1995) (affirming denial to enlarge time one day after the deadline and with immediate notice to opposing counsel); *see also Kyle v. Campbell Soup Co.*, 28 F.3d 928, 929 (9th Cir. 1994) (affirming denial to extend deadline two days after the deadline).

### 3. Reason for the Delay

The third factor is the most significant: the reason for the delay.  Failure to provide an excuse "largely moots any further inquiry into the other pertinent factors."  *Demint*, 208 F.R.D. at 642 n.5; *see also U.S. v. Torres*, 372 F.3d 1159, 1162-63 (10th Cir. 2004) (reversing finding of excusable neglect even though "[t]hree of the relevant circumstances noted in *Pioneer* weigh in favor of a finding of excusable neglect") (citing *Pioneer*, 507 U.S. 380).

---

[3] *See, e.g.*, *In re PaineWebber Ltd. P'Ship Litig.*, 147 F.3d 132, 135 (2d Cir. 1998) (affirming district court's refusal to enlarge opt-out period where movant "lacked knowledge of the Class Action, the opt-out deadline, and the effect of the Class Action on his rights until after the deadline had passed").

[4] *Id.* at 134 (noting that movant "did not discover the Notice until after his discharge from the hospital" because movant, "then a 78-year-old man, unmarried and without children, received no mail during his hospitalization").

[5] *See, e.g.*, *Demint v. NationsBank Corp.*, 208 F.R.D. 639, 642 n.5 (M.D. Fla. 2002) (referring to the plaintiffs' "somewhat conclusional assertion of a lack of prejudice" because the delay was twelve days as "dubious").

Courts do not accept any excuse: "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ." *Pioneer*, 507 U.S. at 392. As the Ninth Circuit recognized, "it is the responsibility of all attorneys to keep track of deadlines relevant to their clients' cases." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1245 (9th Cir. 2006).

Indeed, in *In re SRAM,* the court rejected Intel's motion to enlarge the opt-out period despite counsel's excuse that "miscommunications" caused the missed deadline. 2009 WL 2447802, at *2. Granting relief would mean there "would be no rational way to draw the line between excusable and non-excusable neglect if other class members in the case sought to opt out." *Id.; see also Brannon v. Household Int'l Inc.*, 236 F. App'x 285, 288 (9th Cir. 2007) (affirming refusal to enlarge an opt-out deadline and noting that "oversight and confusion . . . need not be excused").

As its excuse, Dell offers "confusion regarding the opt-out deadline created by the class administrator's settlement website not being properly updated to reflect the opt-out deadline," class administrator's alleged "failure to serve Dell with actual notice of the opt-out deadline," and "outside counsel's reasonable mistake regarding the opt-out deadline." Br. at 5. But these explanations are not excusable neglect. Dell knew or should have known about the deadline.

On April 14, 2014, the Court granted preliminarily approval of the DPP Settlements. *See* Dkt. No. 2534. Plaintiff Costco Wholesale Corporation submitted its exclusion request nine days later, on April 23, 2014 — before the class administrator distributed formal written notice. *See Murray Decl.* at ¶ 10, Ex. D. Others opted out in May and June. *Id.* Dell did not.

Between April and June, Dell was given repeated notice of the deadline:

1. The administrator mailed notice to Dell.[6] *See* Murray Decl. at ¶ 4. The postal address used was the same that was used to provide notice of the other class settlements, all of which Dell timely opted out of. *Id.* at ¶¶ 4-5. The notice says that opt-outs "must mail your exclusion request, postmarked no later than **June 12, 2014** . . ." *Id.* at Ex. A.

2. The administrator's website contained the actual notice and "Frequently Asked Questions," both of which said you "must mail your exclusion request, postmarked no later than **June 12, 2014** . . ." *See id.* at ¶ 6, Ex. B.

---

[6] Notice was mailed to two Dell entities. One of the notices was returned as undeliverable, but the other was not.

HITACHI DEFENDANTS' OPPOSITION TO DELL'S           4                    MDL NO.: 1917
MOTION TO ENLARGE THE OPT-OUT DEADLINE                      INDIVIDUAL CASE NO.: 3:13-CV-02171-SC

3. The administrator published notice in the Wall Street Journal, which said that "you must exclude yourself in writing by **June 12, 2014**, or you will not be able to sue, or continue to sue, the Settling Defendants about the legal claims in this case." *See id.* at ¶ 8, Ex. C.

By the deadline, June 12, eighteen other corporate families had opted out. *See* Murray Decl. at ¶ 10, Ex. D. Yet Dell did not submit its exclusion request until June 26, and only did so after speaking with DPP counsel and learning that the deadline had already passed. *See id.;* Bernstein Decl. at ¶ 7. And then Dell waited until July 8, almost two more weeks, to notify the Hitachi Defendants that it did not wish to be part of the class. *See* Bernstein Decl. at ¶ 11.

### C. Even under Dell's preferred standard, it has not provided a "reasonable indication."

Setting aside that a "reasonable indication" is not the right standard, that Dell filed a separate complaint or engaged in post-deadline discovery is not a "reasonable indication" of its desire to opt out of the DPP Settlements. The "mere pendency and continued prosecution of a separate suit, which the litigant instituted *before* commencement of the 'opt-out' period in a related class action, neither registers nor preserves a litigant's 'opt out' of the related class action." *Demint*, 208 F.R.D. at 641. This is true because Dell retained the right to participate in the DPP Settlements rather than continue to prosecute its claims individually. Finally, until the DPP Settlements are final, and in the face of upcoming expert and discovery deadlines, the Hitachi Defendants have had to continue to litigate with Dell.

## III. CONCLUSION

Dell has not demonstrated the requisite excusable neglect to allow it to opt out of the DPP Settlements after the deadline. The Court should thus deny its motion.

DATED: July 28, 2014                    Respectfully submitted,

By: */s/ Eliot A. Adelson*
Eliot A. Adelson
James Maxwell Cooper
KIRKLAND & ELLIS LLP

Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD. (n/k/a JAPAN DISPLAY INC.), HITACHI AMERICA, LTD., HITACHI ASIA, LTD., AND HITACHI ELECTRONIC DEVICES (USA), INC.