# EXHIBIT B

# Cathode Ray Tube Antitrust Litigation

Home | Frequently Asked Questions | Case Documents | Dates to Remember | Contact Us |

## Frequently Asked Questions

Please find below answers to frequently asked questions

1. What is this Lawsuit About?
2. Why are there Settlements but the Litigation is Continuing?
3. How do I know if I'm part of the Settlement Class?
4. What is a Direct Purchase?
5. What do the Settlements Provide?
6. When Can I Get a Payment?
7. What if I want to Get out of the Settlement Class?
8. Can I Object to the Terms of the Settlements?
9. What Am I Giving Up to Stay in the Settlement Class?
10. When and Where Will the Court Decide Whether to Approve the Settlements?
11. Do I Have to Come to the Hearing?
12. May I Speak at the Hearing?
13. Do I Have a Lawyer in the Case?
14. How Will the Lawyers be Paid?

1. **What is this Lawsuit About?**

   The lawsuit alleges that Defendants and co-conspirators conspired to raise and fix the prices of CRTs and the CRTs contained in certain finished products for over ten years, resulting in overcharges to direct purchasers of those CRTs and certain finished products containing CRTs. The complaint describes how the Defendants and co-conspirators allegedly violated the U.S. antitrust laws by establishing a global cartel that set artificially high prices for, and restricted the supply of, CRTs and the televisions and monitors that contained them. Defendants deny Plaintiffs' allegations. The Court has not decided who is right.

   Top

2. **Why are there Settlements but the Litigation is Continuing?**

   Only some of the Defendants have agreed to settle the lawsuit - CPT, Philips, Panasonic, LG, Toshiba, Hitachi, and Samsung SDI. The case is continuing against the remaining non-settling defendants and co-conspirators. Additional money may become available in the future as a result of a trial or future settlements, but there is no guarantee that this will happen.

   Top

3. **How do I know if I'm part of the Settlement Class?**

The Settlement Class includes all persons and entities who, between March 1, 1995 and November 25, 2007 the ("Class Period") directly purchased a CRT Product in the United States from any Defendant or subsidiary or affiliate thereof, or any co-conspirator.

Top

4. **What is a Direct Purchase?**

A direct purchase means that the CRT was purchased directly from one or more of the Defendants, co-conspirators, affiliates, or subsidiaries themselves, as opposed to an intermediary (such as a retail store).

Top

5. **What do the Settlements Provide?**

The settlement with CPT provides for payment of $10,000,000 in cash, plus interest. The settlement also provides for extensive cooperation with Plaintiffs regarding the antitrust conspiracy alleged in the complaint. In addition, CPT's sales remain in the case for the purpose of computing damages against the remaining non-settling defendants. Finally, the settlement provides that $500,000 of the $10 million settlement fund, subject to Court approval, may be used to pay expenses incurred in the litigation for prosecution of the action on behalf of the Settlement Class against non-settling defendants.

The Settlement with Philips provides for payment of $27,000,000 in cash; however, the $27 million settlement amount is subject to reduction based on the number of exclusions from the Settlement Class after notice. The detailed reduction formula is set forth in the Philips settlement which is available here. The settlement also provides for extensive cooperation with Plaintiffs regarding the antitrust conspiracy alleged in the complaint. In addition, Philips' sales remain in the case for the purpose of computing damages against the remaining non-settling defendants and co-conspirators. Finally, the settlement provides that $500,000 of the settlement fund, subject to Court approval, may be used to pay expenses incurred in the litigation for prosecution of the action on behalf of the purported class against non-settling defendants and co-conspirators.

The Settlement with Panasonic provides for a payment in the amount of $17,500,000 in cash to the Settlement Class. Panasonic has also agreed to cooperate with the Plaintiffs in providing certain information about the allegations in the complaint. In addition, Panasonic and BMCC's sales remain in the case for the purpose of computing damages against the remaining non-settling defendants and co-conspirators.

The Settlement with LG provides for a payment in the amount of $25,000,000 in cash to the Settlement Class. LG also agreed to cooperate with the Plaintiffs in providing certain information about the allegations in the complaint. In addition, LG's sales remain in the case for the purpose of computing damages against the remaining non-settling defendants and co-conspirators.

The Settlement with Toshiba provides for a payment in the amount of $13,500,000 in cash to the Settlement Class. The Settling Defendants also agreed to cooperate with the Plaintiffs in providing certain information about the allegations in the complaint. In addition, the Settling Defendants' sales remain in the case for the purpose of computing damages against the remaining non-settling defendants and co-conspirators.

The Settlement with Hitachi provides for a payment in the amount of $13,450,000 in cash to the Settlement Class. The Settling Defendants also agreed to cooperate with the Plaintiffs in providing certain information about the allegations in the complaint.  In addition, the Settling Defendants' sales remain in the case for the purpose of computing damages against the remaining non-settling defendants and co-conspirators.

The Settlement with Samsung SDI provides for a payment in the amount of $33,000,000 in cash to the Settlement Class. The Settling Defendants also agreed to cooperate with the Plaintiffs in providing certain information about the allegations in the complaint.  In addition, the Settling Defendants' sales remain in the case for the purpose of computing damages against the remaining non-settling defendants and co-conspirators.

More details are in the Settlement Agreements, which are available here.

Top

6. **When Can I Get a Payment?**

No money will be distributed to any Settlement Class Member yet. The lawyers will pursue the lawsuit against

the non-settling defendants and co-conspirators to see if any future settlements or judgments can be obtained in the case and then be distributed together, to reduce expenses.

Any future distribution of the Settlement Funds will be done on a pro rata basis. Identified Settlement Class Members will be notified in the future when and where to send a claim form. DO NOT SEND ANY CLAIMS NOW.

In the future, each Settlement Class member's pro rata share of the Settlement Fund will be determined by computing each valid claimant's total CRT Product purchases divided by the total valid CRT Product purchases claimed. This percentage is multiplied to the Net Settlement Fund (total settlements minus all costs, attorneys' fees, and expenses) to determine each claimants pro rata share of the Settlement Fund. To determine Settlement Class Members' CRT Product purchases, CRT tubes (color display and color picture) are calculated at full value (100%) while CRT televisions are valued at 50% and CRT computer monitors are valued at 75%.

In summary, all valid claimants will share in the settlement funds on a pro rata basis determined by the CRT value of the product purchased - tubes 100%, monitors 75% and televisions 50%.

Top

7. **What if I want to Get out of the Settlement Class?**

   If you are a Settlement Class Member and you would like to exclude yourself from the Hitachi Settlement Class and/or the Samsung SDI Settlement Class, you must send a letter that includes the following:

   - Your name, address and telephone number;
   - A statement saying that you want to be excluded from In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Hitachi Settlement and/or Samsung SDI Settlement; and
   - Your signature.

   You must mail your exclusion request, postmarked no later than **June 12, 2014**, to:

   CRT Claims Administrator
   c/o Gilardi & Co. LLC
   P.O. Box 8090
   San Rafael, CA 94912-8090

   The deadlines to request exclusion from the CPT, Philips, Panasonic, LG, and Toshiba Settlements have passed.

   Top

8. **Can I Object to the Terms of the Settlements?**

   If you are a Settlement Class Member and have comments about, or disagree with, any aspect of the Hitachi Settlement and/or the Samsung SDI Settlement, you may express your views to the Court by writing to the addresses below. The written response needs to include your name, address, telephone number, the case name and number (In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917), a brief explanation of your reasons for objection, and your signature. The response must be postmarked no later than **June 12, 2014** and mailed to ALL of the following addresses:

   COURT
   Honorable Samuel Conti
   United States District Court Northern District of California
   San Francisco Division
   450 Golden Gate Avenue
   Courtroom 3, 17th Floor
   San Francisco, CA 94102

   INTERIM LEAD COUNSEL
   Guido Saveri
   R. Alexander Saveri

SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111


COUNSEL FOR SAMSUNG SDI
Gary Halling
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109


COUNISEL FOR HITACHI
James H. Mutchnik
Kirklan & Ellis LLP
300 North LaSalle
Chicago, IL 60654


The deadlines to comment on or object to the CPT, Philips, Panasonic, LG, and Toshiba Settlements have passed.

Top

9. **What Am I Giving Up to Stay in the Settlement Class?**

If you are a member of the Settlement Class and unless you exclude yourself from the Settlement Class, you can't sue the Settling Defendants, or be part of any other lawsuit against Settling Defendants about the legal issues in this case. It also means that all of the decisions by the Court will bind you. The "Release of Claims" includes any causes of actions asserted or that could have been asserted in the lawsuit, as described more fully in the Settlement Agreements. The Settlement Agreements are available [here](#).

Top

10. **When and Where Will the Court Decide Whether to Approve the Settlements?**

<u>Hitachi Settlement and Samsung SDI Settlement</u>: The Court will hold a Fairness Hearing at **10:00 a.m. on August 22, 2014**, at the United States District Court for the Northern District of California, San Francisco Division, in Courtroom 1 on the 17th Floor, at 450 Golden Gate Ave.  This hearing may be moved to a different date or time without additional notice, so it is a good idea to check this website for updated information. At this hearing, the Court will consider whether the Settlements are fair, reasonable and adequate. If there are objections or comments, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the pertaining Settlements. We do not know how long these decisions will take.

Top

11. **Do I Have to Come to the Hearing?**

No. Interim Lead Counsel will answer any questions the Court may have, but you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

Top

12. **May I Speak at the Hearings?**

If you are a Settlement Class Member and you want your own lawyer instead of Interim Lead Counsel to speak at the Hitachi and Samsung SDI Final Approval Hearing, you must give the Court a paper that is called a "Notice of Appearance." The Notice of Appearance should include the name and number of the lawsuit (In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917), and state that you wish to enter an appearance at the Fairness Hearing. It also must include your name, address, telephone number, and signature. Your "Notice of Appearance" must be postmarked no later than **June 12, 2014**. You cannot speak at the Hearing if you previously asked to be excluded from the Settlement.

The Notice of Appearance must be sent to the addresses listed in FAQ number 8 above (Can I Object to the Terms of the Settlements?).

The deadlines to submit a Notice of Appearance for the CPT, Philips, Panasonic, LG, and Toshiba Final Approval Hearings have passed.

Top

13. **Do I Have a Lawyer in the Case?**

    Yes. The Court has appointed the law firm of Saveri & Saveri, Inc. to represent Settlement Class Members as "Interim Lead Counsel." Settlement Class Members do not have to pay Interim Lead Counsel. If you want to be represented by your own lawyers, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

    Top

14. **How Will the Lawyers be Paid?**

    Class Counsel are not asking for attorneys' fees at this time. At a future time, Interim Lead Counsel will ask the Court for attorneys' fees not to exceed one-third (33.3%) of this or any future Settlement Fund plus reimbursement of their costs and expenses, in accordance with the provisions of the Settlement Agreements. Interim Lead Counsel may also request that an amount be paid to each of the Class Representatives who helped the lawyers on behalf of the whole Class.

    Top

Gilardi & Co. LLC.   Copyright © 2013   Privacy Policy