# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**If You Bought A Cathode Ray Tube Product,
A Class Action Settlement May Affect You.**

Cathode Ray Tube (CRT) Products include Cathode Ray Tubes and finished products that contain a Cathode Ray Tube such as Televisions and Computer Monitors.

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A class action lawsuit that includes direct purchasers of CRT Products is currently pending.

- Plaintiffs claim that Defendants (listed below) and co-conspirators engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of Cathode Ray Tubes. Plaintiffs further claim that direct purchasers of televisions and monitors that contain a cathode ray tube from the Defendants may recover for the effect that the cathode ray tube conspiracy had on the prices of televisions and monitors.  Plaintiffs allege that, as a result of the unlawful conspiracy involving cathode ray tubes, they and other direct purchasers paid more for CRT Products than they would have paid absent the conspiracy.  Defendants deny Plaintiffs' claims.

- Settlements have been reached with (1) Samsung SDI Co. Ltd. (f/k/a Samsung Display Devices Co., Ltd.); Samsung SDI America, Inc.; Samsung SDI Brasil, Ltd.; Tianjin Samsung SDI Co., Ltd.; Samsung Shenzhen SDI Co., Ltd.; SDI Malaysia Sdn. Bhd.; and SDI Mexico S.A. de C.V. (collectively "Samsung SDI") and (2) Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA) Inc. (collectively, "Hitachi"). The companies are together referred to as the "Settling Defendants."

- Your legal rights will be affected whether you act or don't act. This Notice includes information on the Settlements and the continuing lawsuit. Please read the entire Notice carefully.

**These Rights and Options – and deadlines to exercise them – are explained in this notice.**

| | |
|---|---|
| You can object or comment on the Settlements | *see* Question 10 |
| You may exclude yourself from the Settlements | *see* Question 10 |
| You may go to a hearing and comment on the Settlements | *see* Question 14 |

- The Court in charge of this case still has to decide whether to approve the Settlements. The case against the non-settling defendants and co-conspirators continues.

**WHAT THIS NOTICE CONTAINS**

**Basic Information** .................................................................................................................................. **Page 2**

 1. Why did I get this notice?
 2. Who are the Defendant companies?
 3. What is this lawsuit about?
 4. Why are there Settlements but the litigation is continuing?
 5. What is a Cathode Ray Tube Product?
 6.  What is a class action?

**The Settlement Class** ............................................................................................................................ **Page 3**

 7. How do I know if I'm part of the Settlement Class?
 8. What do the Settlements provide?
 9. When can I get a payment?
 10. What are my rights in the Settlement Class?
 11.  What am I giving up to stay in the Settlement Class?

**The Settlement Approval Hearing** ...................................................................................................... **Page 4**

 12. When and where will the Court decide whether to approve the Settlements?
 13. Do I have to come to the hearing?
 14.  May I speak at the hearing?

**The Lawyers Representing You** .......................................................................................................... **Page 4**

 15. Do I have a lawyer in the case?
 16. How will the lawyers be paid?

**Getting More Information** ................................................................................................................... **Page 4**

 17. How do I get more information?

**For More Information: Call 1-877-224-3063 or Visit www.CRTDirectPurchaserAntitrustSettlement.com**

**BASIC INFORMATION**

**1.     Why did I get this notice?**

You or your company may have directly purchased Cathode Ray Tubes (CRTs) or certain products containing those tubes between March 1, 1995 and November 25, 2007.  A direct purchaser is a person or business who bought a CRT, or a television or computer monitor containing a CRT directly from one or more of the Defendants, co-conspirators, affiliates, or subsidiaries themselves, as opposed to an intermediary (such as a retail store).

You have the right to know about the litigation and about your legal rights and options before the Court decides whether to approve the Settlements.

The notice explains the litigation, the settlements, and your legal rights.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is called *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917. The people who sued are called Plaintiffs and the companies they sued are called Defendants.

**2.     Who are the Defendant companies?**

The Defendant companies include: LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics Taiwan Taipei Co., Ltd., Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda., LP Displays International, Ltd. f/k/a LG.Philips Displays, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung SDI Co. Ltd., Samsung SDI America, Inc.,  Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., Tianjin Samsung SDI Co. Ltd., Samsung SDI Malaysia Sdn. Bhd., Toshiba Corporation, Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., Toshiba America Electronic Components, Inc., Panasonic Corporation f/k/a Matsushita Electric Industrial, Ltd., Panasonic Corporation of North America, MT Picture Display Co., Ltd., Beijing-Matsushita Color CRT Company, Ltd. (BMCC), Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Electronic Devices (USA), Inc., Hitachi America, Ltd., Hitachi Asia, Ltd., Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., IRICO Group Corporation, IRICO Display Devices Co., Ltd., IRICO Group Electronics Co., Ltd., Thai CRT Company, Ltd., Daewoo Electronics Corporation f/k/a Daewoo Electronics Company, Ltd., Daewoo International Corporation, Irico Group Corporation, Irico Group Electronics Co., Ltd., and Irico Display Devices Co., Ltd.

**3.     What is this lawsuit about?**

The lawsuit alleges that Defendants and co-conspirators conspired to raise and fix the prices of CRTs and the CRTs contained in certain finished products for over ten years, resulting in overcharges to direct purchasers of those CRTs and certain finished products containing CRTs.  The complaint describes how the Defendants and co-conspirators allegedly violated the U.S. antitrust laws by establishing a global cartel that set artificially high prices for, and restricted the supply of CRTs and the televisions and monitors that contained them. Defendants deny Plaintiffs' allegations.  The Court has not decided who is right.

**4.     Why are there Settlements but the litigation is continuing?**

Only some of the Defendants have agreed to settle the lawsuit.  This notice concerns settlements with Samsung SDI and Hitachi. Plaintiffs have also reached five previous settlements with Chunghwa Picture Tubes Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; Koninklijke Philips Electronics N.V.; Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd.; Philips da Amazonia Industria Electronica Ltda.; Panasonic Corporation (f/k/a Matsushita Electric Industrial, Ltd.); Panasonic Corporation of North America; MT Picture Display Co., Ltd. (this settlement also releases Beijing-Matsushita Color CRT Company, Ltd.); LG Electronics, Inc.; LG Electronics U.S.A., Inc.; LG Electronics Taiwan Taipei Co., Ltd. (this settlement also releases LP Displays International, Ltd. f/k/a LG.Philips Displays.); Toshiba Corporation; Toshiba America Information Systems, Inc.; Toshiba America Consumer Products, L.L.C.; Toshiba America Electronic Components, Inc. The five previous settlements have been finally approved by the Court. The case is continuing against the remaining non-settling defendants and co-conspirators.  Additional money may become available in the future as a result of a trial or future settlements, but there is no guarantee that this will happen.

**5.     What is a Cathode Ray Tube Product?**

For the purposes of the Settlement, Cathode Ray Tube Products means Cathode Ray Tubes of any type (e.g. color display tubes and color picture tubes) and finished products which contain Cathode Ray Tubes, such as Televisions and Computer Monitors.

**6.     What is a class action?**

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims.  All these people are members of the class, except for those who exclude themselves from the class.

If the Plaintiffs obtain money or benefits as a result of a trial or future settlement, you will be notified about those settlements, if any, at that time. Important information about the case will be posted on the website, **www.CRTDirectPurchaserAntitrustSettlement.com** as it becomes available. Please check the website to be kept informed about any future developments.

**THE SETTLEMENT CLASS**

**7.     How do I know if I'm part of the Settlement Class?**

The Settlement Class includes:

All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any defendant or subsidiary or affiliate thereof, or any co-conspirator.  ("Settlement Class").

**8.     What do the Settlements provide?**

The Settlement with Samsung SDI provides for a payment in the amount of $33,000,000 in cash to the Settlement Class. The Settling Defendants also agreed to cooperate with the Plaintiffs in providing certain information about the allegations in the complaint.  In addition, the Settling Defendants' sales remain in the case for the purpose of computing damages against the remaining non-settling defendants.

The Settlement with Hitachi provides for a payment in the amount of $13,450,000 in cash to the Settlement Class. The Settling Defendants also agreed to cooperate with the Plaintiffs in providing certain information about the allegations in the complaint.  In addition, the Settling Defendants' sales remain in the case for the purpose of computing damages against the remaining non-settling defendants.

More details are in the Settlement Agreement, available at **www.CRTDirectPurchaserAntitrustSettlement.com.**

**9.     When can I get a payment?**

No money will be distributed to any Class Member yet. The lawyers will pursue the lawsuit against the non-settling defendants to see if any future settlements or judgments can be obtained in the case and then be distributed together, to reduce expenses.

Any future distribution of the Settlement Funds will be done on a *pro rata* basis. You will be notified in the future when and where to send a claim form.  DO NOT SEND ANY CLAIMS NOW.

In the future, each class member's *pro rata* share of the Settlement Fund will be determined by computing each valid claimant's total CRT Product purchases divided by the total valid CRT Product purchases claimed.  This percentage is multiplied to the Net Settlement Fund (total settlements minus all costs, attorneys' fees, and expenses) to determine each claimant's *pro rata* share of the Settlement Fund.  To determine your CRT Product purchases, CRT tubes (CPTs and CDTs) are calculated at full value while CRT televisions are valued at 50% and CRT computer monitors are valued at 75%.

In summary, all valid claimants will share in the settlement funds on a *pro rata* basis determined by the CRT value of the product you purchased - tubes 100%, monitors 75% and televisions 50%.

**10.    What are my rights with regard to the Settlement Class?**

**Remain in the Settlement Class**: If you wish to remain a member of the Settlement Class you do not need to take any action at this time.

**Get out of the Settlement Class**: If you wish to keep any of your rights to sue the Settling Defendants about the claims in this case, you must exclude yourself from the Settlement Class. You will not get any money from the settlements if you exclude yourself from the Settlement Class.

To exclude yourself from the Settlement Class, you must send a letter that includes the following:

- Your name, address and telephone number,
- A statement saying that you want to be excluded from *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Hitachi Settlement and/or Samsung SDI Settlement; and
- Your signature.

You must mail your exclusion request, postmarked no later than **June 12, 2014,** to:

CRT Direct Settlement
c/o Gilardi & Co. LLC
P.O. Box 8090
San Rafael, CA 94912-8090
Tel: 877-224-3063

**Remain in the Settlement Class and Object**: If you have comments about, or disagree with, any aspect of the Settlements, you may express your views to the Court by writing to the address below. The written response needs to include your name, address, telephone number, the case name and number (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917), a brief explanation of your reasons for objection, and your signature. The response must be postmarked no later than **June 12, 2014** and mailed to:

| COURT | INTERIM LEAD COUNSEL | COUNSEL FOR SAMSUNG SDI | COUNSEL FOR HITACHI |
|---|---|---|---|
| Honorable Samuel Conti<br>United States District Court<br>Northern District of California<br>San Francisco Division<br>450 Golden Gate Avenue<br>Courtroom 3, 17th floor<br>San Francisco, CA 94102 | Guido Saveri<br>R. Alexander Saveri<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111 | Gary Halling<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4109 | James H. Mutchnik<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654 |

**For More Information: Call 1-877-224-3063 or Visit www.CRTDirectPurchaserAntitrustSettlement.com**

**11.    What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself from the Settlement Class, you can't sue the Settling Defendants (or any of the related entities that are released in the Settlement Agreement), or be part of any other lawsuit against these Settling Defendants about the legal issues in this case. It also means that all of the decisions by the Court will bind you. The "Release of Claims" includes any causes of actions asserted or that could have been asserted in the lawsuit, as described more fully in the Settlement Agreement. The Settlement Agreement is available at **www.CRTDirectPurchaserAntitrustSettlement.com.**

## THE SETTLEMENT APPROVAL HEARING

**12.    When and where will the Court decide whether to approve the Settlements?**

The Court will hold a Fairness Hearing at **10:00 a.m. on August 22, 2014**, at the United States District Court for the Northern District of California, San Francisco Division, in Courtroom 1 on the 17th Floor, at 450 Golden Gate Ave. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the class website for information.  At this hearing, the Court will consider whether the Settlements are fair, reasonable and adequate. If there are objections or comments, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlements. We do not know how long these decisions will take.

**13.    Do I have to come to the hearing?**

No. Interim Lead Counsel will answer any questions the Court may have, but you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**14.     May I speak at the hearing?**

If you want your own lawyer instead of Interim Lead Counsel to speak at the Fairness Hearing, you must give the Court a paper that is called a "Notice of Appearance."  The Notice of Appearance should include the name and number of the lawsuit (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917), and state that you wish to enter an appearance at the Fairness Hearing. It also must include your name, address, telephone number, and signature. Your "Notice of Appearance" must be postmarked no later than **June 12, 2014.** You cannot speak at Hearing if you previously asked to be excluded from the Settlement.

The Notice of Appearance must be sent to the addresses listed in Question 10.

## THE LAWYERS REPRESENTING YOU

**15.    Do I have a lawyer in the case?**

Yes. The Court has appointed the law firm of Saveri & Saveri, Inc. to represent you as "Interim Lead Counsel." You do not have to pay Interim Lead Counsel. If you want to be represented by your own lawyers, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

**16.    How will the lawyers be paid?**

Class Counsel are not asking for attorneys' fees at this time.  At a future time, Interim Lead Counsel will ask the Court for attorneys' fees not to exceed one-third (33.3%) of this or any future Settlement Fund plus reimbursement of their costs and expenses, in accordance with the provisions of the Settlement Agreement.  Interim Lead Counsel may also request that an amount be paid to each of the Class Representatives who helped the lawyers on behalf of the whole Class.

## GETTING MORE INFORMATION

**17.    How do I get more information?**

This Notice summarizes the lawsuit and the Settlement. You can get more information about the lawsuit and Settlement at **www.CRTDirectPurchaserAntitrustSettlement.com.,** by calling 1-877-224-3063, or writing to CRT Direct Settlement, P.O. Box 808003, Petaluma, CA 94975.  Please do not contact the Court about this case.

Dated: April 28, 2014                                                                                       BY ORDER OF THE COURT