Guido Saveri (22349)
   *guido@saveri.com*
R. Alexander Saveri (173102)
   *rick@saveri.com*
Geoffrey C. Rushing (126910)
   *grushing@saveri.com*
Cadio Zirpoli (179108)
   *cadio@saveri.com*
Travis Manfredi (281779)
   *travis@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for the
Direct Purchaser Plaintiff*s

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV- 07-5944-SC |
| | MDL No. 1917 |
| This Document Relates to: ALL DIRECT PURCHASER ACTIONS | **DIRECT PURCHASER PLAINTIFFS' RESPONSE TO DELL AND SHARP ADMINISTRATIVE MOTIONS TO CONFIRM OPT-OUT REQUESTS OR, IN THE ALTERNATIVE, FOR AN ORDER ENLARGING TIME TO OPT OUT** |
| | Judge: Honorable Samuel Conti  Courtroom: 1 |

## I. INTRODUCTION

The Direct Purchaser Class Plaintiffs ("DPPs") submit this response to (1) Dell Inc.'s and Dell Products L.P.'s Administrative Motion to Confirm Its Opt Out Request or, in the Alternative, for an Enlargement of Time to Opt Out (July 22, 2014) (Dkt. No. 2696); and (2) Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s Administrative Motion to Confirm Its Opt-Out Request or, in the Alternative, Enlargement of Time for Sharp to Opt Out of Class Settlements (July 23, 2014) (Dkt. No. 2698).

DPPs agree that Dell Inc. and Dell Products L.P. ("Dell") and Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. ("Sharp") have excluded themselves from the settlement classes with Defendants Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Display Inc.); Hitachi America, Ltd.; Hitachi Asia, Ltd.; and Hitachi Electronic Devices (USA) Inc. (collectively, "Hitachi"); and Samsung SDI Co. Ltd. (f/k/a Samsung Display Devices Co., Ltd.); Samsung SDI America, Inc.; Samsung SDI Brasil, Ltd.; Tianjin Samsung SDI Co., Ltd.; Samsung Shenzhen SDI Co., Ltd.; SDI Malaysia Sdn. Bhd.; and SDI Mexico S.A. de C.V. (collectively, "Samsung SDI") (collectively "Settling Defendants"), even though they submitted their opt-out requests fourteen days after the deadline set by the Court.

DPPs write to emphasize three points: (1) Dell and Sharp have acted in good faith; (2) Settling Defendants have not suffered any prejudice as a result of Dell and Sharp's late submission of their opt-out requests; and (3) DPPs (and Dell and Sharp) will suffer substantial prejudice if Sharp and Dell are included in the settlement classes because their enormous claims will materially dilute the recoveries of other class members.

For these reasons, DPPs submit that Dell and Sharp and their related entities should not be included in the Hitachi and Samsung SDI settlement classes. DPPs also respectfully submit that the Court should issue an order confirming that fact now to avoid uncertainty and future motion practice.

1

DPPs' RESPONSE TO DELL AND SHARP ADMINISTRATIVE MOTIONS TO CONFIRM OPT-OUT REQUESTS OR, IN THE ALTERNATIVE, FOR AN ORDER ENLARGING TIME TO OPT OUT – Case No. 07-cv-5944 SC

## II. ARGUMENT

### A. Dell and Sharp Have Acted in Good Faith.

The Court's preliminary approval order required DPPs to file a notice listing all persons or entities requesting exclusion from the class fourteen days after the deadline for doing so had passed. Order Granting Class Certification and Preliminary Approval of Class Action Settlement with the Samsung SDI Defendants ¶ 11 (Apr. 14, 2014) (Dkt. No. 2534) ("Preliminary Approval Order"). On June 26, 2014, the date the list was due, DPPs were surprised to note the absence of opt-out requests from the Sharp and Dell entities. Saveri Decl. ¶ 2. DPPs expected to receive such requests because Dell and Sharp were actively litigating their own cases against Defendants and had opted out of every other class settlement. *Id.* DPPs therefore telephoned the lawyers for Dell and Sharp to inquire whether their clients intended to participate in the class settlements. In each case, the lawyers expressed surprise and immediately indicated that their clients did not intend to participate in the settlements. Shortly thereafter, each transmitted written confirmation that their clients wished to be excluded from the settlement classes. Saveri Decl. ¶ 3.

#### 1. Dell and Sharp Received Notice of the Settlements

DPPs do not agree that notice to Dell and/or Sharp was inadequate. The notice was sent to various Dell and Sharp addresses and published in accordance with the Preliminary Approval Order. The notice was also posted on the class website. Saveri Decl. ¶ 4. The opt-out deadline was also stated in the FAQ section of the website. Saveri Decl. ¶ 5 & Ex. 1.

DPPs do not take issue, however, with the declarations of Dell's general counsel or Dell or Sharp's lawyers stating that they were unaware of the deadline. Decl. of Mary Pape in Supp. of Pls. Dell Inc. and Dell Products L.P.'s Admin. Mot. (July 22, 2014) (Dkt. No. 2696-4); Decl. of Debra D. Bernstein in Supp. of Pls. Dell Inc. and Dell Products L.P.'s Admin. Mot. (July 22, 2014) (Dkt. No. 2696-1); Decl. of Matthew D. Kent in Supp. of Pls. Dell Inc. and Dell Products L.P.'s Admin. Mot. (July 22, 2014) (Dkt. No. 2696-2); Decl. of Melissa Mahurin Whitehead in Supp. of Pls. Dell Inc. and Dell Products L.P.'s Admin. Mot. (July 22, 2014) (Dkt. No. 2696-3); Decl. of Craig A. Benson in Supp. of Sharp's Motion to Confirm Its Opt-Out Req. or, in the Alternative, Enlarge

Time for Sharp to Opt Out of Class Settlements (July 23, 2014) (Dkt. No. 2698-1).

### B. Settling Defendants Have Suffered No Prejudice Resulting from the Late Submission of the Dell and Sharp Exclusion Requests.

As a result of the above described telephone calls, the Dell and Sharp entities were included on the list of excluded class members that DPPs <u>timely</u> filed on June 26, 2014. Saveri Decl. ¶ 6. Defendants Hitachi and Samsung SDI were notified of all the opt-outs, including Dell and Sharp, on the Court ordered deadline. *Id.* Furthermore, Settling Defendants would have received notice of the Dell and Sharp exclusions on the same date even if the exclusion requests had been timely submitted. *Id.* There is no prejudice to the Settling Defendants.

Moreover, in light of their active litigation against Settling Defendants and their previous opt-outs, their instant opt-out requests were a mere formality—no party to this litigation could have reasonably expected Dell and Sharp to dismiss their cases against the Settling Defendants and participate in the class settlements.

### C. DPPs, Dell, and Sharp Will Suffer Severe Prejudice if Dell and Sharp Are Forced to Participate in the Samsung SDI and Hitachi Settlements.

While Settling Defendants can demonstrate no prejudice to their interests caused by the delay, prejudice to DPPs, Dell, and Sharp would be severe.

First, because damages are directly related to class members' total purchases of CRTs and Finished Products, this amount was a critical component to the settlement negotiations between DPPs and Settling Defendants. Saveri Decl. ¶ 7.[1] Because Dell and Sharp were litigating their own cases and had opted out of all previous class settlements, DPPs did not include their purchases in their settlement analysis. Saveri Decl. ¶ 8. It was clearly understood during settlement negotiations with both Hitachi and Samsung SDI that Dell and Sharp were not in the class. *Id.* In other words, DPPs did not settle Dell's or Sharp's claims. *Id.* For this reason, if the purchases by Dell and

---

[1] DPPs also explained this in Direct Purchaser Plaintiffs' Opposition to Opt-In Plaintiffs' (Viewsonic) Motion to Withdraw Requests for Exclusion From the Settlement Classes and to Join the Class Settlements (Mar. 6, 2014) (Dkt. No. 2417).

3

1  Sharp—which are exceed $1.6 billion—are included in the settlement classes, the value of the
2  claims of the rest of the class will be substantially diluted. Saveri Decl. ¶ 9.
3        Second, it is also plain that Dell's and Sharp's claims against Hitachi and Samsung SDI—
4  which has pleaded guilty—will be materially prejudiced.  And, of course, Settling Defendants will
5  receive an enormous and undeserved windfall.
6  **III.   CONCLUSION**
7        For the foregoing reasons, DPPs respectfully submit that the Court should GRANT Dell
8  and Sharp's motions.
9  Dated: July 28, 2014.

Respectfully submitted,

/s/ *Guido Saveri*
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
Travis L. Manfredi (281779)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for the
Direct Purchaser Plaintiffs*