# EXHIBIT A

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendants Thomson SA and
Thomson Consumer Electronics, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-5944-SC |
| | MDL No. 1917 |
| This Document Relates to: | **THOMSON SA'S RESPONSES TO DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173; | |
| *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |

1 | *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

2

3 | *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;

4 | *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

5

6 | *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

7 | *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

8

9 | *Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

10

11 | *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262;

12 | *Tech Data Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-00157.

13

14        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Thomson SA

15 hereby responds to the First Set of Requests for Production of Documents propounded by the

16 Plaintiffs in the above-captioned cases ("Plaintiffs") as follows:

17                                    **GENERAL OBJECTIONS**

18        1.        Thomson SA and its counsel are continuing their investigation of this matter.

19        2.        Thomson SA's present responses are based on information known as of this time.

20 Thomson SA makes these responses without prejudice to its right to supplement them, as

21 necessary, based on subsequently acquired information or knowledge, whether gained through

22 Thomson SA's continued investigation or the investigation of others.

23        3.        Thomson SA objects to each and every request to the extent it seeks documents

24 regarding Thomson SA's former CRT and/or CRT Finished Product business as overbroad and

25 unduly burdensome because Thomson SA exited the CRT and CRT Finished Product industry in

26 2005, when its CRT related assets and personnel were transferred to Videocon.  As such, much

27 of the evidence and many of the witnesses who may have possessed information regarding these

28 businesses is difficult, if not impossible, for Thomson SA to locate, access, and obtain.  And,

even if Thomson SA is able to obtain documents regarding these businesses, most of the former Thomson SA personnel needed to explain and interpret them have long since left the company, making it all the more difficult for Thomson SA to determine if such documents are responsive to Plaintiffs' requests.   Moreover, by waiting to file their instant claims until 2013, over six year after the first claims were filed in this case, the Plaintiffs have exacerbated these difficulties.

4.      Thomson SA objects to Plaintiffs' requests, definitions, and instructions to the extent they seek the discovery of documents or information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that they are overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.

5.      Thomson SA objects to each request, definition, or instruction to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations on the grounds that such documents and information are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6.      In making these responses, Thomson SA does not concede the relevancy or materiality of any of Plaintiffs' requests for production nor does Thomson SA concede the relevancy or materiality of any of the subjects to which those requests relate or refer.

7.      To the extent any request, definition, or instruction may be construed as calling for the disclosure of privileged or immune information, including, without limitation, information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity from discovery, Thomson SA hereby claims such privileges and protections and objects to the disclosure of any documents or information subject thereto.   Thomson SA will not produce such privileged or protected documents, materials, or information and states that to the extent any such documents,

1   materials, or information are produced, the production is inadvertent and not intended to waive

2   those privileges or protections.

3       8.      To the extent any request, definition, or instruction may be construed as seeking

4   the disclosure of confidential trade secrets, financial, commercial, strategic, or otherwise

5   proprietary or confidential information, Thomson SA objects to the disclosure of any such

6   documents or information.  To the extent any such material is produced in this action, Thomson

7   SA reserves the right to appropriately designate it pursuant to the protective order in place in this

8   action, and to seek such additional terms and protections as may be appropriate.  Thomson SA

9   further objects to providing documents or information subject to a confidentiality agreement or

10  other restrictions or to a protective order entered in another action or proceeding, except in

11  accordance with such confidentiality agreements, restrictions, or protective orders.

12      9.      Thomson SA objects to any request, definition, or instruction that calls for the

13  disclosure of documents or information that would violate the legitimate privacy rights and

14  expectations of Thomson SA employees, directors, officers, affiliates, or subsidiaries, both

15  current and former, or other individuals, to the extent that such privacy rights or expectations are

16  protected by law, contract, or public policy.

17      10.     To the extent any request, definition, or instruction may be construed as requiring

18  Thomson SA to characterize documents or their contents or to speculate as to what documents

19  may or may not show, Thomson SA objects to such request, definition, or instruction as vague,

20  ambiguous, and calling for legal conclusions and speculation.

21      11.     A response by Thomson SA that it will produce non-privileged documents that it

22  believes to be responsive to a particular request, if any, is not a representation that documents in

23  that category exist nor is such a response (or the production of any documents in a particular

24  category) a representation that Thomson SA adopts, accepts, affirms, or admits the assertions,

25  contentions, or definitions used or made in connection with the request.

26      12.     Thomson SA objects to each and every request, definition, and instruction to the

27  extent that it purports to impose burdens upon Thomson SA that are not permitted by law, or

28  seeks to impose greater obligations than those imposed under the Federal Rules of Civil

Procedure, the Local Rules of the District Court of the Northern District of California, or any order of the Court.

13.     Thomson SA objects to each and every request, definition, and instruction to the extent that it seeks documents or information the disclosure of which is prohibited by law, regulation, court order, or other authority of the foreign jurisdiction in which the documents or information are located, including, without limitation, Loi 80-538 du 16 juillet 1980 relative à la communication de documents et renseignements d'ordre économique, commercial ou technique à des personnes physiques ou morales étrangères [Law 80-538 of July 16, 1980 relating to the disclosure of documents and information of an economic, commercial, or technical nature to foreign natural and legal persons], JOURNAL OFFICIEL DE LA RÉPUBLIQUE FRANÇAISE [J.O.] [OFFICIAL GAZETTE OF FRANCE], July 17, 1980, p. 1799; *Cour de cassation*, Criminal Chamber, Dec. 12, 2007, no. 07-83228, *Christopher X*; Loi Informatique et Libertes Act N°78-17 of January 6, 1978 [Law No. 78-17 of 6 January 1978 on data processing, data files, and individual liberties].   Thomson SA further objects to the extent such request, definition, or instruction seeks discovery in contravention of the principles of public policy or international comity.

14.     Thomson SA objects to each and every request to the extent it seeks testimony or information that is unduly burdensome to obtain.   Thomson SA objects to each and every request as unduly burdensome to the extent:   (i) it seeks information not within the possession, custody, control, or knowledge of Thomson SA or its current officers, directors, or employees; (ii) it would require an unreasonable investigation on the part of Thomson SA; (iii) the discovery sought is unreasonably cumulative or duplicative; or (iv) the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.   Thomson SA construes each request as requiring only a reasonable search of its files likely to contain relevant or responsive information and a reasonable inquiry of Thomson SA employees likely to have information relevant to the subject matter of this litigation.

15.     Thomson SA objects to each and every request, definition, and instruction to the extent it calls for the creation of documents or data compilations that do not exist or that are not ordinarily kept in the normal course of business.

16.     Thomson SA objects to each and every request, definition, and instruction to the extent it assumes disputed facts or legal conclusions.  Thomson SA hereby denies any disputed facts or legal conclusions assumed by each request, definition, and instruction.  Any response or objection herein is without prejudice to this objection and Thomson SA's right to dispute facts and legal conclusions assumed by the requests, definitions, and instructions.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### Request No. 1.

Documents sufficient to show Your corporate structure or organization throughout the Relevant Period, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, Affiliated Entities, or other sub-units that were engaged during any part of the Relevant Period in the manufacture, marketing, sale or distribution of CRT in the United States, including, where applicable, the percentage of any stock or other interests owned by each entity in the chain.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or protected documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or protection.   Thomson SA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, information as to Thomson SA's non-CRT operations.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.   Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control.   Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to

1   Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this

2   request to the extent it seeks the discovery of information regarding the sale of CRTs or finished

3   products containing CRTs outside of the United States and unrelated to United States commerce

4   on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated

5   to lead to the discovery of admissible evidence. Such sales are beyond the scope of this

6   litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and

7   beyond the jurisdiction or reach of the laws of any State. Thomson SA objects to this request to

8   the extent that disclosure to Plaintiffs of information and/or documents responsive to it would

9   violate the laws of the foreign jurisdiction(s) in which the information and/or documents are

10   located, including, without limitation, the laws of France set forth in General Objection No. 13.

11   Finally, Thomson SA objects to this request to the extent it is duplicative of or unreasonably

12   cumulative to other discovery produced in this action.

13       Subject to and without limiting each of these objections, Thomson SA will produce non-

14   privileged, responsive documents located in the course of a reasonable search to the extent such

15   production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

16   documents are located, including, without limitation, the laws of France set forth in General

17   Objection No. 13.

18   **Request No. 2.**

19       As to each of Your divisions, subdivisions, departments, units, subsidiaries, parents,

20   Affiliated Entities and joint ventures, Documents sufficient to identify each executive or

21   Employee with managerial authority who had responsibilities or duties with respect to each of

22   the following:

23       (a) the manufacturing or production of CRTs;

24       (b) the marketing of CRTs;

25       (c) the pricing of CRTs;

26       (d) the sale or distribution of CRTs;

27       (e) maintaining any electronic database(s), including archives, of e-mail or other

28           electronic Documents relating to CRTs.

**RESPONSE:** In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity. Thomson SA further objects that the phrases "responsibilities or duties" and "managerial authority" are vague and ambiguous in the context of this request and its subparts. Thomson SA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State. Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request to the extent it is duplicative of or unreasonably cumulative to other discovery produced in this action.

1    Subject to and without limiting each of these objections, Thomson SA will produce non-

2    privileged, responsive documents located in the course of a reasonable search to the extent such

3    production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

4    documents are located, including, without limitation, the laws of France set forth in General

5    Objection No. 13.

6    **Request No. 3.**

7    All Documents relating to Communications regarding CRTs between or among

8    manufacturers of CRTs, including Defendants.

9    **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

10   though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

11   privileged or immune documents or information, including, without limitation, documents or

12   information subject to the attorney-client privilege, common-interest privilege, work-product

13   doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

14   objects that this request is vague and ambiguous, including, without limitation, as to the phrases

15   "relating to any Communication" and "You and any other manufacturer of CRTs" as used in this

16   request.   Thomson SA also objects to this request to the extent it seeks documents or information

17   regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on

18   the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is

19   neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to

20   the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it

21   calls for the creation of documents or data compilations that do not exist or are not ordinarily

22   kept in the normal course of business.   Thomson SA also objects to this request to the extent it

23   seeks information or documents in the possession, custody, or control of Plaintiffs, or that are

24   equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.

25   Thomson SA further objects to this request to the extent it seeks the discovery of information

26   regarding the sale of CRTs or finished products containing CRTs outside of the United States

27   and unrelated to United States commerce on the grounds that it is overbroad, unduly

28   burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible

evidence.    Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 4.**

All Documents relating to any Communication between You (or any other Defendant or Co-conspirator) and any other manufacturer of CRTs concerning, relating to, and/or mentioning the production, marketing, pricing, distribution, inventory levels or sale of CRTs.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects that this request is vague and ambiguous, including, without limitation, as to the phrases "relating to any Communication" and "You and any other manufacturer of CRTs" as used in this request.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is

neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.  Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.  Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.  Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**<u>Request No. 5.</u>**

All Documents relating to any Meeting attended by You or any other Defendant or any manufacturer of CRTs during which there was any Communication concerning the production,

1   marketing, pricing, distribution, inventory levels or sale of CRTs, including, but not limited to,

2   the notes of any such Meetings.

3       **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

4   though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

5   privileged or immune documents or information, including, without limitation, documents or

6   information subject to the attorney-client privilege, common-interest privilege, work-product

7   doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

8   objects that this request is vague and ambiguous, including, without limitation, as to the phrase

9   "relating to any meeting" as used in this request.   Thomson SA also objects to this request to the

10  extent it seeks documents or information regarding conduct outside the applicable statute(s) of

11  limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome,

12  oppressive, and seeks information that is neither relevant to any claims or defenses in this

13  litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson

14  SA further objects to this request to the extent it calls for the creation of documents or data

15  compilations that do not exist or are not ordinarily kept in the normal course of business.

16  Thomson SA also objects to this request to the extent it seeks information or documents in the

17  possession, custody, or control of Plaintiffs, or that are equally or more readily available to

18  Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA further objects to this

19  request to the extent it seeks the discovery of information regarding the sale of CRTs or finished

20  products containing CRTs outside of the United States and unrelated to United States commerce

21  on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated

22  to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this

23  litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and

24  beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to

25  the extent that disclosure to Plaintiffs of information and/or documents responsive to it would

26  violate the laws of the foreign jurisdiction(s) in which the information and/or documents are

27  located, including, without limitation, the laws of France set forth in General Objection No. 13.

28  Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly

12

burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 6.**

For each of Your Employees who has or had any non-clerical responsibility for recommending, reviewing, setting or approving prices, price increase announcements, bids or quotes for the sale of CRTs, or any other involvement in the marketing or sale of CRTs:

(a) all copies of electronic and manual diaries, calendars, appointment books, "to do" lists, day timers or appointment notes;

(b) all copies of trip and travel logs, records or other supporting Documents;

(c) all copies of expense reports or other supporting Documents;

(d) all copies of telephone number logs, directories, notebooks, Rolodex cards or related memoranda;

(e) all bills, statements, records and supporting Documents concerning long distance or cellular telephone calls;

(f) all Documents relating to membership in any trade association or industry group; and

(g) the complete personnel file for that Employee.

**RESPONSE:** In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity. Thomson SA also objects to this request to the extent it would violate the legitimate privacy rights and expectations

of Thomson SA employees, directors, officers, affiliates, or subsidiaries, both current and former, or other individuals.   Thomson SA further objects that this request is vague and ambiguous, including, without limitation, as to the phrase "non-clerical responsibility" as used in this request.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.   Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the grounds that it is compound, overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such

production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 7.**

Documents sufficient to show the name and address of each trade association (including committees and subcommittees) relating to CRTs of which You or any of Your Employees are or have been a member, as well as Documents sufficient to show dates of membership and dates of participation in committees or subcommittees.

**RESPONSE:** In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity. Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad as to time, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the

1   laws of any State.  Thomson SA objects to this request to the extent that disclosure to Plaintiffs

2   of information and/or documents responsive to it would violate the laws of the foreign

3   jurisdiction(s) in which the information and/or documents are located, including, without

4   limitation, the laws of France set forth in General Objection No. 13.  Finally, Thomson SA

5   objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive,

6   and seeks documents and information that are neither relevant to any claims or defenses in this

7   litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8       Subject to and without limiting each of these objections, Thomson SA will produce non-

9   privileged, responsive documents located in the course of a reasonable search to the extent such

10  production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

11  documents are located, including, without limitation, the laws of France set forth in General

12  Objection No. 13.

13  **Request No. 8.**

14      All Documents relating to Meetings of each trade association and each of its committees

15  or subcommittees relating to CRTs, including all Documents relating to any such Meeting

16  attended by You and any other CRTs manufacturer and Documents sufficient to identify

17  individuals from Your company who attended, the dates of attendance, and the subject matters

18  discussed.

19      **RESPONSE:**  In addition to its General Objections, incorporated by this reference as

20  though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

21  privileged or immune documents or information, including, without limitation, documents or

22  information subject to the attorney-client privilege, common-interest privilege, work-product

23  doctrine, joint defense privilege, and/or any other privilege or immunity.  Thomson SA also

24  objects to this request to the extent it seeks documents or information regarding conduct outside

25  the applicable statute(s) of limitations and/or continuing to present on the grounds that it is

26  overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any

27  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of

28  admissible evidence.  Thomson SA further objects to this request to the extent it calls for the

creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.   Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 9.**

All studies, analyses, Communications, presentations or other Documents that You have submitted to or received from any trade association regarding CRTs.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks documents or information regarding conduct outside the applicable statue(s) of limitations and/or

continuing to the present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.  Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.  Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.  Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 10.**

All statements, announcements, disclosures or press releases issued by You or any of Your competitors relating to CRTs.

1       **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

2   though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

3   documents or information regarding conduct outside the applicable statue(s) of limitations and/or

4   continuing to the present on the grounds that it is overbroad, unduly burdensome, oppressive,

5   and seeks information that is neither relevant to any claims or defenses in this litigation nor

6   reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA also objects

7   to this request to the extent it seeks information or documents in the possession, custody, or

8   control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

9   Defendants, third parties, or otherwise.   Thomson SA further objects to this request to the extent

10  it seeks the discovery of information regarding the sale of CRTs or finished products containing

11  CRTs outside of the United States and unrelated to United States commerce on the grounds that

12  it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the

13  discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the

14  subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction

15  or reach of the laws of any State.   Thomson SA objects to this request to the extent that

16  disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws

17  of the foreign jurisdiction(s) in which the information and/or documents are located, including,

18  without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson

19  SA objects to this request on the grounds that it is overbroad, unduly burdensome, and

20  oppressive, and seeks documents and information that are neither relevant to any claims or

21  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

22  evidence.

23      Subject to and without limiting each of these objections, Thomson SA will produce non-

24  privileged, responsive documents located in the course of a reasonable search to the extent such

25  production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

26  documents are located, including, without limitation, the laws of France set forth in General

27  Objection No. 13.

28

**Request No. 11.**

All Documents and electronic data relating to Your sales of CRTs during the Relevant Period, including, but not limited to:

(a) customer names, customer billing addresses, and customer ship-to addresses;

(b) sales terms;

(c) sales dates and shipment dates;

(d) product type, class, category, description, and respective use;

(e) sales volumes;

(f) unit price information, gross price, and actual net prices;

(g) discounts, credits, and rebates;

(h) shipping charges and terms;

(i) any other related charges; and

(j) amounts paid, dates paid, invoice numbers, and purchase order numbers.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your business or are otherwise not available in electronic form, please produce such data in hard copy.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.   Thomson SA also objects to this request to the extent it seeks

information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 12.**

All software instructions, programs, manuals, or other Documents necessary to operate, run or understand any of the programs maintained on the computer-related equipment or system utilized by You to maintain, gain access to or read data produced in response to Request No. 11, including all record layouts, field codes, or other descriptions.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects that this request is vague and ambiguous. Thomson SA further objects to this request to the extent it seeks documents or information

regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State. Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will meet and confer with Plaintiffs to discuss whether any additional materials may be reasonably required in connection with non-privileged, responsive documents produced pursuant to Request No. 11.

**Request No. 13.**

All Documents relating to policies, methods, formulas or factors to be used in determining, computing or quoting prices, including any rebates or discounts, in connection with the sale of CRTs.

**RESPONSE:** In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity. Thomson SA further objects to this request on the grounds that it is vague and ambiguous, including, without limitation, as to the terms "policies," "methods," "formulas," and "factors" as used in this request. Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State. Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive,

1  and seeks documents and information that are neither relevant to any claims or defenses in this

2  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3      Subject to and without limiting each of these objections, Thomson SA will produce non-

4  privileged, responsive documents located in the course of a reasonable search to the extent such

5  production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

6  documents are located, including, without limitation, the laws of France set forth in General

7  Objection No. 13.

8  **Request No. 14.**

9      All Documents relating to any published prices for CRTs during the Relevant Period,

10  including price announcements, price lists, price schedules, or price changes communicated to

11  customers in the United States, Mexico, and Canada.

12      **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

13  though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

14  privileged or immune documents or information, including, without limitation, documents or

15  information subject to the attorney-client privilege, common-interest privilege, work-product

16  doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

17  objects to this request on the grounds that it is vague and ambiguous, including, without

18  limitation, as to the phrase "relating to any published prices" as used in this request.   Thomson

19  SA also objects to this request to the extent it seeks documents or information regarding conduct

20  outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it

21  is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to

22  any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of

23  admissible evidence.   Thomson SA further objects to this request to the extent it calls for the

24  creation of documents or data compilations that do not exist or are not ordinarily kept in the

25  normal course of business.   Thomson SA also objects to this request to the extent it seeks

26  information or documents in the possession, custody, or control of Plaintiffs, or that are equally

27  or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.

28  Thomson SA further objects to this request to the extent it seeks the discovery of information

1  regarding the sale of CRTs or finished products containing CRTs outside of the United States

2  and unrelated to United States commerce on the grounds that it is overbroad, unduly

3  burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible

4  evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter

5  jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the

6  laws of any State.  Thomson SA objects to this request to the extent that disclosure to Plaintiffs

7  of information and/or documents responsive to it would violate the laws of the foreign

8  jurisdiction(s) in which the information and/or documents are located, including, without

9  limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA

10  objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive,

11  and seeks documents and information that are neither relevant to any claims or defenses in this

12  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

13      Subject to and without limiting each of these objections, Thomson SA will produce non-

14  privileged, responsive documents located in the course of a reasonable search to the extent such

15  production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

16  documents are located, including, without limitation, the laws of France set forth in General

17  Objection No. 13.

18  **Request No. 15.**

19      All Documents relating to contracts, offers or proposals for CRT sales during the

20  Relevant Period.

21      **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

22  though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

23  privileged or immune documents or information, including, without limitation, documents or

24  information subject to the attorney-client privilege, common-interest privilege, work-product

25  doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

26  objects to this request on the grounds that it is vague and ambiguous, including, without

27  limitation, as to the terms "contracts," "offers," and "proposals" as used in this request.

28  Thomson SA also objects to this request to the extent it seeks documents or information

regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State. Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

1  **Request No. 16.**

2      Documents sufficient to identify each of Your facilities that produced CRTs during the

3  Relevant Period, and for each such facility, all Documents relating to:

4      (a) capacity, rated capacity, production and capacity utilization during each year of the

5          Relevant Period;

6      (b) any proposed or actual change in the capacity to produce CRTs;

7      (c) any reason for changes in each facility's actual production of CRTs;

8      (d) the identity of all persons who had decision-making or supervisory responsibility

9          regarding CRTs production;

10     (e) each type, class, category and respective use of CRTs produced and the amounts of

11         each produced during each month of the Relevant Period;

12     (f) any production shutdowns or slowdowns of CRTs production and reasons for such

13         shutdowns or slowdowns;

14     (g) any projected production forecasts; and

15     (h) any future plans to construct, joint venture or purchase fabrication plants used to

16         manufacture or produce CRTs.

17     **RESPONSE:** In addition to its General Objections, incorporated by this reference as

18 though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

19 privileged or immune documents or information, including, without limitation, documents or

20 information subject to the attorney-client privilege, common-interest privilege, work-product

21 doctrine, joint defense privilege, and/or any other privilege or immunity. Thomson SA further

22 objects to this request on the grounds that it is vague and ambiguous, including, without

23 limitation, as to the phrases "any proposed . . . change in . . . capacity," "any reason for changes,"

24 and "any future plans" as used in this request. Thomson SA also objects to this request to the

25 extent it seeks documents or information regarding conduct outside the applicable statute(s) of

26 limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome,

27 oppressive, and seeks information that is neither relevant to any claims or defenses in this

28 litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson

SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.  Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.  Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 17.**

All Documents relating to the cost of manufacturing, marketing, selling, and distributing CRTs during the Relevant Period.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects to this request on the grounds that it is vague and ambiguous, including, without limitation, as to the term "cost."   Thomson SA also objects to this request to the extent it seeks documents or information that are properly the subject of expert discovery, and is therefore premature, and/or to the extent that this request calls for the disclosure of documents or information constituting or containing non-testifying expert opinions protected from discovery pursuant to, *inter alia*, Fed. R. Civ. Proc. 26(b)(4)(B).   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly

burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 18.**

Documents sufficient to show Your inventory levels of CRTs for each month, quarter, calendar year or fiscal year during the Relevant Period.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects to this request on the grounds that it is vague and ambiguous, including, without limitation, as to the phrase "inventory levels" as used in this request.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.   Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information

regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 19.**

Documents sufficient to identify and quantify all swaps, trades, sales, purchases or transfers of CRTs between You and any of Your Affiliated Entities, or between You and any other producer of CRTs, and the price or any other consideration involved in every such sale, swap, trade, purchase or transfer.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects to this request on the grounds that it is vague and ambiguous, including, without

limitation, as to the phrases "You and any of Your Affiliated Entities" and "any other consideration involved" as used in this request.  Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.  Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.  Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 20.**

All Documents relating to any relationship between prices for CRTs and any costs of producing, marketing, selling, or distributing CRTs during the Relevant Period.

**RESPONSE:** In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity. Thomson SA further objects to this request on the grounds that it is vague and ambiguous, including, without limitation, as to the term "costs." Thomson SA also objects to this request to the extent it seeks documents or information that are properly the subject of expert discovery, and is therefore premature, and/or to the extent that this request calls for the disclosure of documents or information constituting or containing non-testifying expert opinions protected from discovery pursuant to, *inter alia*, Fed. R. Civ. Proc. 26(b)(4)(B). Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated

to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 21.**

All of Your internal and public annual, quarterly and monthly financial statements, summaries or analyses, including profit-and-loss statements and comparisons to budget that relate to CRTs.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects to this request on the grounds that it is vague and ambiguous, including, without limitation, as to the phrase "summaries or analyses" as used in this request.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is

overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.   Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, information as to Thomson SA's non-CRT operations.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

1    **Request No. 22.**

2         All business plans, planning analyses, budgets, forecasts, or sales or profit projections

3    relating to CRTs.

4         **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

5    though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

6    privileged or immune documents or information, including, without limitation, documents or

7    information subject to the attorney-client privilege, common-interest privilege, work-product

8    doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

9    objects to this request on the grounds that it is vague and ambiguous, including, without

10   limitation, as to the terms "business plans," "planning analyses," "budgets," "forecasts," and

11   "sales or profit projections" as used in this request.   Thomson SA also objects to this request to

12   the extent it seeks documents or information regarding conduct outside the applicable statute(s)

13   of limitations and/or continuing to present on the grounds that it is overbroad, unduly

14   burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses

15   in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

16   Thomson SA further objects to this request to the extent it calls for the creation of documents or

17   data compilations that do not exist or are not ordinarily kept in the normal course of business.

18   Thomson SA also objects to this request to the extent it seeks information or documents in the

19   possession, custody, or control of Plaintiffs, or that are equally or more readily available to

20   Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA further objects to this

21   request to the extent it seeks the discovery of information regarding the sale of CRTs or finished

22   products containing CRTs outside of the United States and unrelated to United States commerce

23   on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated

24   to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this

25   litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and

26   beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to

27   the extent that disclosure to Plaintiffs of information and/or documents responsive to it would

28   violate the laws of the foreign jurisdiction(s) in which the information and/or documents are

located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 23.**

Documents sufficient to identify the CRTs (by manufacturer, type, size, resolution, brightness, contrast ratio, and viewing angle) that each of the following entities installed in each of its CRT Products (by model number and timeframe (e.g., year, quarter, week, or month)) during the Relevant Period:

(a) You;

(b) Thomson Consumer;

(c) Technologies Displays;

(d) Videocon Industries, Ltd.;

(e) Any other Affiliated Entity of You or (b)-(d) above.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any

claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, other Defendants, or third-parties, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State. Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 24.**

Documents sufficient to show any and all manufacturers and sizes of CRTs that each of the following entities approved or preapproved for purchase and use in CRT Products at any given time during the Relevant Period, including, but not limited to, any "approved CRT" lists or similar documents identifying the part number, product number, manufacturer, type, size, resolution, brightness, contrast ratio, and/or viewing angle of each CRT approved for purchase and use:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

If any of the listed entities had different lists of approved CRT Manufacturers for a given CRT size, end product type, model, or brand, identify the approved CRT Manufacturer(s) at the finest product granularity at which such approvals were established.

**RESPONSE:** In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity. Thomson SA further objects to this request on the grounds that it is vague and ambiguous, including, without limitation, as to the phrases "approved or preapproved for purchase" and "any 'approved CRT' lists" as used in this request. Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA objects to

this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control.   Thomson SA further objects to this request to the extent it seeks information or documents that are in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 25.**

Documents sufficient to identify all of the CRT Products by model number and year (or month or other time period if not consistent for the year) in which each of the following entities exclusively used and installed CRTs manufactured by a Defendant or Co-conspirator in this litigation during the Relevant Period:

1     (a) Thomson Consumer;

2     (b) Technologies Displays;

3     (c) Videocon Industries, Ltd.;

4     (d) Any other Affiliated Entity of You or (a)-(c) above.

5     **RESPONSE:**  In addition to its General Objections, incorporated by this reference as

6 though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

7 privileged or immune documents or information, including, without limitation, documents or

8 information subject to the attorney-client privilege, common-interest privilege, work-product

9 doctrine, joint defense privilege, and/or any other privilege or immunity.  Thomson SA further

10 objects to this request on the grounds that it is vague and ambiguous, including, without

11 limitation, as to the phrase  "exclusively used and installed" as used in this request.  Thomson

12 SA also objects to this request to the extent it seeks documents or information regarding conduct

13 outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it

14 is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to

15 any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of

16 admissible evidence.  Thomson SA further objects to this request to the extent it calls for the

17 creation of documents or data compilations that do not exist or are not ordinarily kept in the

18 normal course of business.  Thomson SA objects to this request because Plaintiffs' use of the

19 phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce

20 documents that are not in its possession, custody, or control.  Thomson SA objects to this request

21 to the extent it seeks information or documents in the possession, custody, or control of

22 Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third

23 parties, or otherwise.  Thomson SA further objects to this request to the extent it seeks the

24 discovery of information regarding the sale of CRTs or finished products containing CRTs

25 outside of the United States and unrelated to United States commerce on the grounds that it is

26 overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery

27 of admissible evidence.  Such sales are beyond the scope of this litigation, outside the subject-

28 matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach

of the laws of any State. Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 26.**

All Documents relating to Your policies or practices directed toward compliance with the United States antitrust laws, including any statements signed by Your Employees with pricing, sales or marketing responsibility for CRTs, acknowledging their receipt of and compliance with any antitrust compliance policy.

**RESPONSE:** In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity. Thomson SA further objects to this request on the grounds that it is vague and ambiguous, including, without limitation, as to the phrase "policies or practices directed toward compliance with the United States antitrust laws" as used in this request. Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this

litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State. Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 27.**

All Documents relating to the termination, retirement, discipline, discharge or suspension of any director, officer, or Employee who had any responsibility relating to the production, manufacture, distribution, marketing, pricing or sale of CRTs.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects to this request to the extent it would violate the legitimate privacy rights and expectations of Thomson SA employees, directors, officers, affiliates, or subsidiaries, both current and former, or other individuals.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Thomson SA further objects that this request is vague and ambiguous, including, without limitation, as to the phrase "any responsibility" as used in this request.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Finally, Thomson SA objects to this

1   request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks

2   documents and information that are neither relevant to any claims or defenses in this litigation

3   nor reasonably calculated to lead to the discovery of admissible evidence, including, without

4   limitation, information as to Thomson SA's non-CRT operations.

5   **Request No. 28.**

6       All Documents relating to Your percentage or share of industry production, capacity,

7   sales or shipments of CRTs, or the percentage or share of industry production, capacity, sales or

8   shipments of any other producer or seller of CRTs at any time during the Relevant Period.

9       **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

10  though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

11  privileged or immune documents or information, including, without limitation, documents or

12  information subject to the attorney-client privilege, common-interest privilege, work-product

13  doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

14  objects to this request on the grounds that it is vague and ambiguous, including, without

15  limitation, as to the phrase "percentage or share of industry production, capacity, sales or

16  shipments" as used in this request.   Thomson SA also objects to this request to the extent it seeks

17  documents or information regarding conduct outside the applicable statute(s) of limitations

18  and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive,

19  and seeks information that is neither relevant to any claims or defenses in this litigation nor

20  reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further

21  objects to this request to the extent it calls for the creation of documents or data compilations that

22  do not exist or are not ordinarily kept in the normal course of business.   Thomson SA also

23  objects to this request to the extent it seeks information or documents in the possession, custody,

24  or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

25  Defendants, third parties, or otherwise.   Thomson SA further objects to this request to the extent

26  it seeks the discovery of information regarding the sale of CRTs or finished products containing

27  CRTs outside of the United States and unrelated to United States commerce on the grounds that

28  it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the

discovery of admissible evidence.  Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.  Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.  Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 29.**

All Documents showing the dollar volume or quantity of sales or shipments of CRTs (by type or category, if available) by You or by other producers or sellers of CRTs by month, quarter, calendar year or fiscal year during the Relevant Period.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.  Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of

admissible evidence. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA also objects to this request to the extent it seeks information or documents that are not in its possession, custody, or control, that are in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State. Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 30.**

All Documents that compare or contrast each type, class, or category of CRTs produced or sold by You with that of any other producer or seller of CRTs and all Documents that relate to any industry standards regarding types, classes, or categories of CRTs.

1   **RESPONSE:**   In addition to its General Objections, incorporated by this reference as
2   though fully set forth herein, Thomson SA objects to this request to the extent that it seeks
3   privileged or immune documents or information, including, without limitation, documents or
4   information subject to the attorney-client privilege, common-interest privilege, work-product
5   doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further
6   objects to this request on the grounds that it is vague and ambiguous, including, without
7   limitation, as to the phrase "industry standards" as used in this request.   Thomson SA also
8   objects to this request to the extent it seeks documents or information regarding conduct outside
9   the applicable statute(s) of limitations and/or continuing to present on the grounds that it is
10  overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any
11  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of
12  admissible evidence.   Thomson SA further objects to this request to the extent it calls for the
13  creation of documents or data compilations that do not exist or are not ordinarily kept in the
14  normal course of business.   Thomson SA also objects to this request to the extent it seeks
15  information or documents in the possession, custody, or control of Plaintiffs, or that are equally
16  or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.
17  Thomson SA further objects to this request to the extent it seeks the discovery of information
18  regarding the sale of CRTs or finished products containing CRTs outside of the United States
19  and unrelated to United States commerce on the grounds that it is overbroad, unduly
20  burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible
21  evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter
22  jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the
23  laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs
24  of information and/or documents responsive to it would violate the laws of the foreign
25  jurisdiction(s) in which the information and/or documents are located, including, without
26  limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA
27  objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive,
28

1  and seeks documents and information that are neither relevant to any claims or defenses in this

2  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3      Subject to and without limiting each of these objections, Thomson SA will produce non-

4  privileged, responsive documents located in the course of a reasonable search to the extent such

5  production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

6  documents are located, including, without limitation, the laws of France set forth in General

7  Objection No. 13.

8  **Request No. 31.**

9      Documents sufficient to show the regions or territories in which each type, class, or

10  category of CRTs were sold in the United States during the Relevant Period.

11  **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

12  though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

13  privileged or immune documents or information, including, without limitation, documents or

14  information subject to the attorney-client privilege, common-interest privilege, work-product

15  doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

16  objects to this request on the grounds that it is vague and ambiguous, including, without

17  limitation, as to the terms "regions" and "territories" as used in this request.   Thomson SA

18  further objects to this request to the extent it calls for the creation of documents or data

19  compilations that do not exist or are not ordinarily kept in the normal course of business.

20  Thomson SA also objects to this request to the extent it seeks information or documents that are

21  not in its possession, custody, or control, that are in the possession, custody, or control of

22  Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third

23  parties, or otherwise.   Thomson SA objects to this request to the extent that disclosure to

24  Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign

25  jurisdiction(s) in which the information and/or documents are located, including, without

26  limitation, the laws of France set forth in General Objection No. 13.

27      Subject to and without limiting each of these objections, Thomson SA will produce non-

28  privileged, responsive documents located in the course of a reasonable search to the extent such

production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 32.**

All Documents relating to conditions of supply or demand for CRTs, including, but not limited to, any market studies or industry reports during the Relevant Period.

**RESPONSE:** In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity. Thomson SA further objects to this request on the grounds that it is vague and ambiguous, including, without limitation, as to the phrase "conditions of supply or demand" as used in this request. Thomson SA also objects to this request to the extent it seeks documents or information that are properly the subject of expert discovery, and is therefore premature, and/or to the extent that this request calls for the disclosure of documents or information constituting or containing non-testifying expert opinions protected from discovery pursuant to, *inter alia*, Fed. R. Civ. Proc. 26(b)(4)(B). Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States

and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.    Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 33.**

All Documents relating to any contemplated, proposed, planned, pending or executed purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any other change in ownership of any assets, liabilities, subsidiaries, departments, units or other subdivisions of Your or another company relating to production, distribution, marketing, pricing, sale or resale of CRTs during the Relevant Period.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects to this request on the grounds that it is vague and ambiguous.   Thomson SA also objects

to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.  Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control.  Thomson SA also objects to this request to the extent it seeks information or documents that are not in its possession, custody, or control, that are in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.  Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.  Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.  Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 34.**

Documents sufficient to show which Employees or members of Your Board of Directors served as a director and/or officer of Videocon Industries, Ltd. or any of its subsidiaries during the Relevant Period.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects to this request on the grounds that it is vague and ambiguous.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.   Thomson SA also objects to this request to the extent it seeks information or documents that are not in its possession, custody, or control, that are in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are

located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 35.**

Documents relating to Your investment in Videocon Industries, Ltd. during the Relevant Period, including Communications with Videocon Industries, Ltd., financial statements, financial forecasts, and business plans.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.    Thomson SA further objects to this request on the grounds that it is vague and ambiguous.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.   Thomson SA also objects to this request to the extent it seeks information or documents that are not in its possession, custody, or control, that are in the

possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State. Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will meet and confer with Plaintiffs to discuss whether this request may be narrowed so that the undue burden that would be imposed on Thomson SA by attempting to respond to this request as written, does not outweigh the probative value of the documents sought.

**Request No. 36.**

All Documents reflecting Communications between You and any of the following entities:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above;

relating to or reflecting the price or negotiation of prices for any such sale, purchase, or transfer of any CRTs.

1    **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

2    though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

3    privileged or immune documents or information, including, without limitation, documents or

4    information subject to the attorney-client privilege, common-interest privilege, work-product

5    doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

6    objects to this request on the grounds that it is vague and ambiguous, including, without

7    limitation, as to the phrase "reflecting communications" as used in this request.   Thomson SA

8    also objects to this request to the extent it seeks documents or information regarding conduct

9    outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it

10   is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to

11   any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of

12   admissible evidence.   Thomson SA further objects to this request to the extent it calls for the

13   creation of documents or data compilations that do not exist or are not ordinarily kept in the

14   normal course of business.   Thomson SA objects to this request because Plaintiffs' use of the

15   phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce

16   documents that are not in its possession, custody, or control.   Thomson SA also objects to this

17   request to the extent it seeks information or documents in the possession, custody, or control of

18   Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third

19   parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the

20   discovery of information regarding the sale of CRTs or finished products containing CRTs

21   outside of the United States and unrelated to United States commerce on the grounds that it is

22   overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery

23   of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-

24   matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach

25   of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to

26   Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign

27   jurisdiction(s) in which the information and/or documents are located, including, without

28   limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA

1    objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive,

2    and seeks documents and information that are neither relevant to any claims or defenses in this

3    litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4         Subject to and without limiting each of these objections, Thomson SA will produce non-

5    privileged, responsive documents located in the course of a reasonable search to the extent such

6    production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

7    documents are located, including, without limitation, the laws of France set forth in General

8    Objection No. 13.

9    **Request No. 37.**

10        All documents from the Relevant Period relating to or reflecting pricing guidelines for

11   CRTs given to or provided by You by or to any of the following entities:

12        (a) Thomson Consumer;

13        (b) Technologies Displays;

14        (c) Videocon Industries, Ltd.;

15        (d) Any other Affiliated Entity of You or (a)-(c) above.

16        **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

17   though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

18   privileged or immune documents or information, including, without limitation, documents or

19   information subject to the attorney-client privilege, common-interest privilege, work-product

20   doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

21   objects to this request on the grounds that it is vague and ambiguous, including, without

22   limitation, as to the phrase "relating to or reflecting pricing guidelines" as used in this request.

23   Thomson SA also objects to this request to the extent it seeks documents or information

24   regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on

25   the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is

26   neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to

27   the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it

28   calls for the creation of documents or data compilations that do not exist or are not ordinarily

kept in the normal course of business.  Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control.  Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.  Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.  Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.  Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 38.**

All Documents referring to or relating to Direct Action Plaintiffs in this litigation.

**RESPONSE:**  In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, information as to Thomson SA's non-CRT operations.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents regarding Thomson SA's former CRT business located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 39.**

Documents sufficient to show when You became aware of any investigations into anticompetitive conduct relating to CRTs, including, but not limited to, price fixing or information exchanges.

1    **RESPONSE:**   In addition to its General Objections, incorporated by this reference as
2    though fully set forth herein, Thomson SA objects to this request to the extent that it seeks
3    privileged or immune documents or information, including, without limitation, documents or
4    information subject to the attorney-client privilege, common-interest privilege, work-product
5    doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further
6    objects to this request on the grounds that it is vague and ambiguous, including, without
7    limitation, as to the phrase "became aware of any investigations" as used in this request.
8    Thomson SA also objects to this request to the extent it seeks documents or information
9    regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on
10   the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is
11   neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to
12   the discovery of admissible evidence.   Thomson SA also objects to this request to the extent it
13   seeks information or documents in the possession, custody, or control of Plaintiffs, or that are
14   equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.
15   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information
16   and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which
17   the information and/or documents are located, including, without limitation, the laws of France
18   set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the
19   grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and
20   information that are neither relevant to any claims or defenses in this litigation nor reasonably
21   calculated to lead to the discovery of admissible evidence.

22          Subject to and without limiting each of these objections, Thomson SA will produce non-
23   privileged, responsive documents located in the course of a reasonable search to the extent such
24   production will not violate the laws of the foreign jurisdiction(s) in which the information and/or
25   documents are located, including, without limitation, the laws of France set forth in General
26   Objection No. 13.

27

28

1   **Request No. 40.**

2        Documents sufficient to show when You became aware of any federal or state lawsuits

3   regarding anticompetitive conduct relating to CRTs (including, but not limited to, price fixing or

4   information exchanges).

5        **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

6   though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

7   privileged or immune documents or information, including, without limitation, documents or

8   information subject to the attorney-client privilege, common-interest privilege, work-product

9   doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

10  objects to this request on the grounds that it is vague and ambiguous, including, without

11  limitation, as to the phrase "became aware of any federal or state lawsuits" as used in this

12  request.   Thomson SA also objects to this request to the extent it seeks documents or information

13  regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on

14  the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is

15  neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to

16  the discovery of admissible evidence.   Thomson SA also objects to this request to the extent it

17  seeks information or documents in the possession, custody, or control of Plaintiffs, or that are

18  equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.

19  Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information

20  and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which

21  the information and/or documents are located, including, without limitation, the laws of France

22  set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the

23  grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and

24  information that are neither relevant to any claims or defenses in this litigation nor reasonably

25  calculated to lead to the discovery of admissible evidence.

26       Subject to and without limiting each of these objections, Thomson SA will produce non-

27  privileged, responsive documents located in the course of a reasonable search to the extent such

28  production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

1  documents are located, including, without limitation, the laws of France set forth in General

2  Objection No. 13.

3  **Request No. 41.**

4      All Documents that You claim would have been available to the Direct Action Plaintiffs

5  or any purchaser of CRTs prior to November 2007, which should have caused them to

6  investigate whether there was a conspiracy to fix, raise, maintain or stabilize the prices or to

7  control or restrict sales of CRTs in the United States.

8      **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

9  though fully set forth herein, Thomson SA objects to this request to the extent that it purports to

10  require Thomson SA to characterize documents or their contents or to speculate as to what

11  documents may or may not show, as vague, ambiguous and calling for legal conclusions and

12  speculation.  Thomson SA further objects to this request to the extent it seeks documents that are

13  publicly available, equally or more readily available to Plaintiffs from some other source, or not

14  in Thomson SA's possession, custody, or control.  Thomson SA objects to this request to the

15  extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate

16  the laws of the foreign jurisdiction(s) in which the information and/or documents are located,

17  including, without limitation, the laws of France set forth in General Objection No. 13.

18  Thomson SA also objects to this request on the grounds that it is overbroad, unduly burdensome,

19  and oppressive.

20      Subject to and without limiting each of these objections, Thomson SA will produce non-

21  privileged, responsive documents located in the course of a reasonable search to the extent such

22  production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

23  documents are located, including, without limitation, the laws of France set forth in General

24  Objection No. 13.

25  **Request No. 42.**

26      All Documents relating to, prepared for, submitted to, or received from any foreign

27  governmental or legislative investigative body, including the Canadian Competition Bureau, the

28  European Commission, any agency or representative body of any foreign country, state or other

1   political subdivision, or any law enforcement agency, authority or commission in any foreign

2   country, relating to the production, sale, marketing, pricing or distribution of CRTs.  This request

3   includes all Documents relating to proffers, transcripts, notes, summaries, testimony, witness

4   statements, or responses to requests for information that You produced to any foreign

5   governmental agency or foreign grand jury, including any Documents produced as part of any

6   plea bargain negotiations or in connection with any application for or grant of amnesty.

7        **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

8   though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

9   privileged or immune documents or information, including, without limitation, documents or

10  information subject to the attorney-client privilege, common-interest privilege, work-product

11  doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

12  objects to this request to the extent it seeks documents or information the disclosure of which is

13  prohibited by law, regulation, court order, or other authority of the foreign jurisdiction in which

14  the documents or information are located, including, without limitation, the laws of France set

15  forth in General Objection No. 13.  Thomson SA objects to this request on the grounds that the

16  request contravenes applicable principles of public policy and international comity.   Thomson

17  SA further objects to this request to the extent it seeks documents and information outside the

18  scope of discovery authorized by this Court's Orders.  Thomson SA also objects to this request

19  to the extent it seeks documents or information regarding conduct outside the applicable

20  statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly

21  burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses

22  in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

23  Thomson SA further objects to this request to the extent it seeks the discovery of information

24  regarding the sale of CRTs or finished products containing CRTs outside of the United States

25  and unrelated to United States commerce on the grounds that it is overbroad, unduly

26  burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible

27  evidence.    Such sales are beyond the scope of this litigation, outside the subject-matter

28

1    jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the

2    laws of any State.

3    **Request No. 43.**

4        Copies of all subpoenas or requests for production of Documents issued by any foreign

5    governmental or legislative investigative body referring or relating to CRTs during the Relevant

6    Period.

7        **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

8    though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

9    privileged or immune documents or information, including, without limitation, documents or

10   information subject to the attorney-client privilege, common-interest privilege, work-product

11   doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

12   objects to this request to the extent it seeks documents or information the disclosure of which is

13   prohibited by law, regulation, court order, or other authority of the foreign jurisdiction in which

14   the documents or information are located, including, without limitation, the laws of France set

15   forth in General Objection No. 13.   Thomson SA objects to this request on the grounds that the

16   request contravenes applicable principles of public policy and international comity.   Thomson SA

17   further objects to this request to the extent it seeks documents and information outside the scope

18   of discovery authorized by this Court's Orders.   Thomson SA also objects to this request to the

19   extent it seeks documents or information regarding conduct outside the applicable statute(s) of

20   limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome,

21   oppressive, and seeks information that is neither relevant to any claims or defenses in this

22   litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA

23   further objects to this request to the extent it seeks the discovery of information regarding the sale

24   of CRTs or finished products containing CRTs outside of the United States and unrelated to

25   United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and

26   not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond

27   the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the

28   United States, and beyond the jurisdiction or reach of the laws of any State.

**Request No. 44.**

All Documents relating to, prepared for, submitted to, or received by You as a result of any investigation or research conducted either internally or by an outside entity with respect to price fixing, anticompetitive information exchanges, price manipulation or manipulation of production or capacity of CRTs.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects to this request to the extent it seeks documents or information the disclosure of which is prohibited by law, regulation, court order, or other authority of the foreign jurisdiction in which the documents or information are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Thomson SA objects to this request on the grounds that the request contravenes applicable principles of public policy and international comity.   Thomson SA further objects to this request to the extent it seeks documents and information outside the scope of discovery authorized by this Court's Orders.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.

**Request No. 45.**

Documents sufficient to show the specifications (i.e., size, type, resolution, brightness, contrast ratio, viewing angle, and manufacturer) of each CRT purchased by each of the following entities during the Relevant Period:

(a) You;

(b) Thomson Consumer;

(c) Technologies Displays;

(d) Videocon Industries, Ltd.;

(e) Any other Affiliated Entity of (a)-(d) above.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects to this request on the grounds that it is vague and ambiguous, including, without limitation, as to the phrase "sufficient to show the specifications" as used in this request. Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control.   Thomson SA also objects to this request to the extent it seeks information or documents that are not in its possession, custody, or control, that are in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to

United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.  Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.  Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 46.**

All Communications from the Relevant Period between You and any of the following entities relating to pricing, production levels, output, or line capacity for CRTs made, produced, or manufactured, in whole or in part, by any of the following entities:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**RESPONSE:**  In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product

doctrine, joint defense privilege, and/or any other privilege or immunity. Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State. Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 47.**

Documents sufficient to show any of Your Employees during the Relevant Period who became or were at any other point of the Relevant Period employees of:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA also objects to this request to the extent it would violate the legitimate privacy rights and expectations of Thomson SA employees, directors, officers, affiliates, or subsidiaries, both current and former, or other individuals.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.   Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control.   Thomson SA also objects to this request to the extent it seeks information or documents that are not in its possession, custody, or control, that are in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs

outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.  Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.  Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, information and documents regarding employees involved with Thomson SA's non-CRT operations.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents regarding Thomson SA's employees involved with its former CRT business located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 48.**

All documents from the Relevant Period which relate to or reflect the payment of the salary, retirement benefits, health insurance, medical bills, or any other monetary benefits by You to any Employee of any of the following entities:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**RESPONSE:**  In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity. Thomson SA also objects to this request to the extent it would violate the legitimate privacy rights and expectations of Thomson SA employees, directors, officers, affiliates, or subsidiaries, both current and former, or other individuals. Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State. Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is compound, overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither

1   relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the

2   discovery of admissible evidence, including, without limitation, information and documents

3   regarding employees involved with non-CRT operations.

4   **Request No. 49.**

5        All documents from the Relevant Period which relate to or reflect the payment of any

6   business expenses of any of the following entities by You:

7        (a) Thomson Consumer;

8        (b) Technologies Displays;

9        (c) Videocon Industries, Ltd.;

10       (d) Any other Affiliated Entity of You or (a)-(c) above.

11       **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

12  though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

13  privileged or immune documents or information, including, without limitation, documents or

14  information subject to the attorney-client privilege, common-interest privilege, work-product

15  doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

16  objects to this request on the grounds that it is vague and ambiguous, including, without

17  limitation, as to the phrase "business expenses" as used in this request.   Thomson SA also objects

18  to this request to the extent it seeks documents or information regarding conduct outside the

19  applicable statute(s) of limitations and/or continuing to present on the grounds that it is

20  overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any

21  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of

22  admissible evidence.   Thomson SA further objects to this request to the extent it calls for the

23  creation of documents or data compilations that do not exist or are not ordinarily kept in the

24  normal course of business.   Thomson SA objects to this request because Plaintiffs' use of the

25  phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce

26  documents that are not in its possession, custody, or control.   Thomson SA also objects to this

27  request to the extent it seeks information or documents in the possession, custody, or control of

28  Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third

parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the grounds that it is compound, overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, information and documents regarding Thomson SA's non-CRT operations.

**Request No. 50.**

All documents from the Relevant Period which relate to or reflect payment or authorization for payment of any travel expenses by You for any Employee of any of the following entities:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA also

objects to this request to the extent it would violate the legitimate privacy rights and expectations of Thomson SA employees, directors, officers, affiliates, or subsidiaries, both current and former, or other individuals. Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State. Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is compound, overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, information and documents regarding non-CRT operations.

**Request No. 51.**

All documents from the Relevant Period which relate to or reflect the transfer of money between You and any of the following entities:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) All other Affiliated Entity of You or (a)-(c) above.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.   Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control.   Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-

matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the grounds that it is compound, overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, information and documents regarding Thomson SA's non-CRT operations.

**Request No. 52.**

All documents from the Relevant Period which relate to or reflect the extension of credit between You and any of the following entities:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the

normal course of business.   Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control.   Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the grounds that it is compound, overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence including, without limitation, information and documents regarding non-CRT operations.

**Request No. 53.**

All budgets, draft budgets, financial forecasts, and business plans from the Relevant Period provided to You by any of the following entities:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

1    **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

2    though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

3    privileged or immune documents or information, including, without limitation, documents or

4    information subject to the attorney-client privilege, common-interest privilege, work-product

5    doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

6    objects that this request is vague and ambiguous, including, without limitation, as to the terms

7    "budgets," "draft budgets," "financial forecasts," and "business plans" as used in this request.

8    Thomson SA also objects to this request to the extent it seeks documents or information

9    regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on

10   the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is

11   neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to

12   the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it

13   calls for the creation of documents or data compilations that do not exist or are not ordinarily

14   kept in the normal course of business.   Thomson SA also objects to this request to the extent it

15   seeks information or documents in the possession, custody, or control of Plaintiffs, or that are

16   equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.

17   Thomson SA further objects to this request to the extent it seeks the discovery of information

18   regarding the sale of CRTs or finished products containing CRTs outside of the United States

19   and unrelated to United States commerce on the grounds that it is overbroad, unduly

20   burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible

21   evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter

22   jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the

23   laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs

24   of information and/or documents responsive to it would violate the laws of the foreign

25   jurisdiction(s) in which the information and/or documents are located, including, without

26   limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA

27   objects to this request on the grounds that it is compound, overbroad, unduly burdensome, and

28   oppressive, and seeks documents and information that are neither relevant to any claims or

defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, information and documents regarding non-CRT operations.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents regarding its former CRT business located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 54.**

All documents reflecting or referring to any financial, economic, accounting, or production analyses that You conducted relating to any of the following entities:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**RESPONSE:** In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity. Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce

documents that are not in its possession, custody, or control. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State. Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is compound, overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, information and documents regarding non-CRT operations.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents regarding its former CRT business located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 55.**

All documents reflecting or referring to any contract or agreement, either executed or proposed, between You and any of the following entities, including, but not limited to, shared services agreements, transition services agreements, agreements to provide information technology services, and agreements concerning the sale of any products:

1    (a) Thomson Consumer;

2    (b) Technologies Displays;

3    (c) Videocon Industries, Ltd.;

4    (d) Any other Affiliated Entity of You or (a)-(c) above.

5    **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

6    though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

7    privileged or immune documents or information, including, without limitation, documents or

8    information subject to the attorney-client privilege, common-interest privilege, work-product

9    doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA also

10   objects to this request to the extent it seeks documents or information regarding conduct outside

11   the applicable statute(s) of limitations and/or continuing to present on the grounds that it is

12   overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any

13   claims or defenses in this litigation nor reasonably calculated to lead to the discovery of

14   admissible evidence.   Thomson SA further objects to this request to the extent it calls for the

15   creation of documents or data compilations that do not exist or are not ordinarily kept in the

16   normal course of business.   Thomson SA objects to this request because Plaintiffs' use of the

17   phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce

18   documents that are not in its possession, custody, or control.   Thomson SA also objects to this

19   request to the extent it seeks information or documents in the possession, custody, or control of

20   Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third

21   parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the

22   discovery of information regarding the sale of CRTs or finished products containing CRTs

23   outside of the United States and unrelated to United States commerce on the grounds that it is

24   overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery

25   of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-

26   matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach

27   of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to

28   Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign

1  jurisdiction(s) in which the information and/or documents are located, including, without

2  limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA

3  objects to this request on the grounds that it is compound, overbroad, unduly burdensome, and

4  oppressive, and seeks documents and information that are neither relevant to any claims or

5  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

6  evidence.

7      Subject to and without limiting each of these objections, Thomson SA will produce non-

8  privileged, responsive documents regarding its former CRT business located in the course of a

9  reasonable search to the extent such production will not violate the laws of the foreign

10  jurisdiction(s) in which the information and/or documents are located, including, without

11  limitation, the laws of France set forth in General Objection No. 13.

12  **Request No. 56.**

13      All Communications between You and any governmental agency or representative (of

14  any locality, county, state, country, or continent) relating to any of the following entities:

15      (a) Thomson Consumer;

16      (b) Technologies Displays;

17      (c) Videocon Industries, Ltd.;

18      (d) Any other Affiliated Entity of You or (a)-(c) above.

19      **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

20  though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

21  privileged or immune documents or information, including, without limitation, documents or

22  information subject to the attorney-client privilege, common-interest privilege, work-product

23  doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

24  objects to this request to the extent it seeks documents or information the disclosure of which is

25  prohibited by law, regulation, court order, or other authority of the foreign jurisdiction in which

26  the documents or information are located, including, without limitation, the laws of France set

27  forth in General Objection No. 13.   Thomson SA objects to this request on the grounds that the

28  request contravenes applicable principles of public policy and international comity.   Thomson

1   SA further objects to this request to the extent it seeks documents and information outside the
2   scope of discovery authorized by the Court's Orders.   Thomson SA objects to this request
3   because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on
4   Thomson SA to produce documents that are not in its possession, custody, or control.   Thomson
5   SA also objects to this request to the extent it seeks documents or information regarding conduct
6   outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it
7   is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to
8   any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of
9   admissible evidence.   Thomson SA further objects to this request to the extent it seeks the
10  discovery of information regarding the sale of CRTs or finished products containing CRTs
11  outside of the United States and unrelated to United States commerce on the grounds that it is
12  overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery
13  of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-
14  matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach
15  of the laws of any State.

16      Subject to and without limiting each of these objections, Thomson SA will produce non-
17  privileged, responsive documents regarding its former CRT business located in the course of a
18  reasonable search to the extent such production will not violate the laws of the foreign
19  jurisdiction(s) in which the information and/or documents are located, including, without
20  limitation, the laws of France set forth in General Objection No. 13.

21  **Request No. 57.**

22      Documents sufficient to show any instance in which You brought any legal action or
23  proceeding against any of the following entities:

24      (a) Thomson Consumer;

25      (b) Technologies Displays;

26      (c) Videocon Industries, Ltd.;

27      (d) Any other Affiliated Entity of You or (a)-(c) above.

28

1  **RESPONSE:**   In addition to its General Objections, incorporated by this reference as
2  though fully set forth herein, Thomson SA objects to this request to the extent that it seeks
3  privileged or immune documents or information, including, without limitation, documents or
4  information subject to the attorney-client privilege, common-interest privilege, work-product
5  doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further
6  objects to this request to the extent it seeks documents or information the disclosure of which is
7  prohibited by law, regulation, court order, or other authority of the foreign jurisdiction in which
8  the documents or information are located, including, without limitation, the laws of France set
9  forth in General Objection No. 13.   Thomson SA objects to this request on the grounds that the
10  request contravenes applicable principles of public policy and international comity.   Thomson SA
11  also objects to this request to the extent it seeks documents or information regarding conduct
12  outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it
13  is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to
14  any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of
15  admissible evidence.   Thomson SA objects to this request because Plaintiffs' use of the phrase
16  "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that
17  are not in its possession, custody, or control.   Thomson SA further objects to this request to the
18  extent it seeks the discovery of information regarding the sale of CRTs or finished products
19  containing CRTs outside of the United States and unrelated to United States commerce on the
20  grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead
21  to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation,
22  outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the
23  jurisdiction or reach of the laws of any State.

24  **Request No. 58.**

25  Documents sufficient to show any instance in which any Affiliated Entity brought any
26  legal action or proceeding against any of the following entities:

27  (a) You;

28  (b) Thomson Consumer;

1    (c) Technologies Displays;

2    (d) Videocon Industries, Ltd.;

3    (e) Any other Affiliated Entity of You or (a)-(c) above.

4    **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

5    though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

6    privileged or immune documents or information, including, without limitation, documents or

7    information subject to the attorney-client privilege, common-interest privilege, work-product

8    doctrine, joint defense privilege, and/or any other privilege or immunity.  Thomson SA further

9    objects to this request to the extent it seeks documents or information the disclosure of which is

10   prohibited by law, regulation, court order, or other authority of the foreign jurisdiction in which

11   the documents or information are located, including, without limitation, the laws of France set

12   forth in General Objection No. 13.  Thomson SA objects to this request on the grounds that the

13   request contravenes applicable principles of public policy and international comity.  Thomson SA

14   further objects to this request to the extent it seeks documents or information the disclosure of

15   which is prohibited by law, regulation, court order, or other authority of the foreign jurisdiction in

16   which the documents or information are located, and on the grounds that the request contravenes

17   applicable principles of public policy and international comity.  Thomson SA further objects to

18   this request to the extent it seeks documents and information outside the scope of discovery

19   authorized by the Court's Orders.  Thomson SA objects to this request because Plaintiffs' use of

20   the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce

21   documents that are not in its possession, custody, or control.  Thomson SA also objects to this

22   request to the extent it seeks documents or information regarding conduct outside the applicable

23   statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly

24   burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses

25   in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

26   Thomson SA further objects to this request to the extent it seeks the discovery of information

27   regarding the sale of CRTs or finished products containing CRTs outside of the United States and

28   unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome,

irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.

**Request No. 59.**

Documents sufficient to show any instance in which Thomson Consumer or Videocon Industries, Ltd. brought any legal action or proceeding against You or any Affiliated Entity.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects to this request to the extent it seeks documents or information the disclosure of which is prohibited by law, regulation, court order, or other authority of the foreign jurisdiction in which the documents or information are located, including, without limitation, the laws of France set forth in General Objection No. 13.  Thomson SA objects to this request on the grounds that the request contravenes applicable principles of public policy and international comity.   Thomson SA further objects to this request to the extent it seeks documents and information outside the scope of discovery authorized by the Court's Orders.   Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery

1   of admissible evidence.  Such sales are beyond the scope of this litigation, outside the subject-

2   matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach

3   of the laws of any State.

4   **Request No. 60.**

5       Documents sufficient to identify all legal proceedings, court filings, or filings with a

6   governmental agency of any locality, county, state, country, or continent wherein any You,

7   Thomson Consumer, Technologies Displays, Videocon Industries, Ltd., or any other Affiliated

8   Entity claimed protection from antitrust liability pursuant to *Copperweld Corp. v. Independence*

9   *Tube Corp.*, 467 U.S. 752 (1984), its progeny, or its state law counterparts.

10      **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

11  though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

12  privileged or immune documents or information, including, without limitation, documents or

13  information subject to the attorney-client privilege, common-interest privilege, work-product

14  doctrine, joint defense privilege, and/or any other privilege or immunity.  Thomson SA objects to

15  this request to the extent that disclosure to Plaintiffs of information and/or documents responsive

16  to it would violate the laws of the foreign jurisdiction(s) in which the information and/or

17  documents are located, including, without limitation, the laws of France set forth in General

18  Objection No. 13.  Thomson SA further objects to this request to the extent it seeks documents

19  and information outside the scope of discovery authorized by the Court's Orders.  Thomson SA

20  also objects to this request to the extent it seeks documents or information regarding conduct

21  outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it

22  is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to

23  any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of

24  admissible evidence.  Thomson SA further objects to this request to the extent it seeks the

25  discovery of information regarding the sale of CRTs or finished products containing CRTs

26  outside of the United States and unrelated to United States commerce on the grounds that it is

27  overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery

28  of admissible evidence.  Such sales are beyond the scope of this litigation, outside the subject-

1   matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach

2   of the laws of any State.

3          Subject to and without limiting each of these objections, Thomson SA will produce non-

4   privileged, responsive documents located in the course of a reasonable search to the extent such

5   production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

6   documents are located, including, without limitation, the laws of France set forth in General

7   Objection No. 13.

8   **Request No. 61.**

9          Documents sufficient to show the source (whether a CRT Manufacturer or CRT Product

10  Manufacturer) of the CRTs each of the following entities purchased at any given time during the

11  Relevant Period, including, but not limited to, invoices, inventory data, and contracts for bulk

12  purchases of CRTs:

13         (a) Thomson Consumer;

14         (b) Technologies Displays;

15         (c) Videocon Industries, Ltd.;

16         (d) Any other Affiliated Entity of You or (a)-(c) above.

17         **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

18  though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

19  privileged or immune documents or information, including, without limitation, documents or

20  information subject to the attorney-client privilege, common-interest privilege, work-product

21  doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

22  objects that the phrase "show the source" is vague and ambiguous in the context of this request.

23  Thomson SA also objects to this request to the extent it seeks documents or information

24  regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on

25  the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is

26  neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to

27  the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it

28  calls for the creation of documents or data compilations that do not exist or are not ordinarily

kept in the normal course of business.  Thomson SA also objects to this request to the extent it seeks information or documents that are not in its possession, custody, or control, that are in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.  Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.  Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is compound, overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 62.**

Documents sufficient to describe Your policies or practices with respect to the retention or destruction of Documents during the period March 1, 1995 through the present, and, if such policy or practice has been different with respect to any category of Documents or over different times, Documents sufficient to identify each such category or time period and to describe Your retention policy or practice with respect to each such category or time period.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects that the phrase "policies or practices" is vague and ambiguous in the context of this request.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.   Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 63.**

Documents sufficient to show the manner in which You have maintained records relating to CRTs during the period March 1, 1995 through the present, including Documents sufficient to describe all electronic data processing systems, programs and outputs used to record, store, compute, analyze or retrieve electronically stored information relating to Your pricing, production, distribution, marketing or sale of CRTs in the United States.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects that the phrases "electronic data processing systems" and "programs and outputs" are vague and ambiguous in the context of this request.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business. Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished

1   products containing CRTs outside of the United States and unrelated to United States commerce

2   on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated

3   to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this

4   litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and

5   beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to

6   the extent that disclosure to Plaintiffs of information and/or documents responsive to it would

7   violate the laws of the foreign jurisdiction(s) in which the information and/or documents are

8   located, including, without limitation, the laws of France set forth in General Objection No. 13.

9   Finally, Thomson SA objects to this request on the grounds that it is compound, overbroad,

10  unduly burdensome, and oppressive, and seeks documents and information that are neither

11  relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the

12  discovery of admissible evidence.

13      Subject to and without limiting each of these objections, Thomson SA will produce non-

14  privileged, responsive documents located in the course of a reasonable search to the extent such

15  production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

16  documents are located, including, without limitation, the laws of France set forth in General

17  Objection No. 13.

18  **Request No. 64.**

19      All Documents related to Your rental, lease, purchase, maintenance, or ownership of

20  offices or manufacturing facilities in the United States during the Relevant Period that were

21  related to the manufacture or sale of CRTs or CRT Products.

22      **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

23  though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

24  privileged or immune documents or information, including, without limitation, documents or

25  information subject to the attorney-client privilege, common-interest privilege, work-product

26  doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

27  objects to this request on the grounds that it is vague and ambiguous.   Thomson SA also objects

28  to this request to the extent it seeks documents or information regarding conduct outside the

applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.   Thomson SA also objects to this request to the extent it seeks information or documents that are not in its possession, custody, or control, that are in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 65.**

Documents sufficient to show which Employees or members of Your Board of Directors simultaneously served as a director and/or officer of any company related to the manufacture or sale of CRTs that was incorporated in the United States during the Relevant Period.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects to this request on the grounds that it is vague and ambiguous.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.   Thomson SA also objects to this request to the extent it seeks information or documents that are not in its possession, custody, or control, that are in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

**Request No. 66.**

Documents sufficient to show all Your Employees related to the manufacture or sale of CRTs based in the United States during the Relevant Period.   For each relevant employee, provide:

(a) The dates of hiring and termination;

(b) Title(s) held;

(c) Location(s) of employment.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects to this request on the grounds that the phrase "based in the United States" is vague and ambiguous.   Thomson SA also objects to this request to the extent it seeks documents or information regarding conduct outside the applicable statute(s) of limitations on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.   Thomson SA also objects to this request to the extent it seeks information or documents that are not in its possession, custody, or control, that are in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA further objects to this

request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13. Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without limiting each of these objections, Thomson SA will produce non-privileged, responsive documents regarding employees who were responsible for pricing and/or selling CRTs in the United States during the Relevant Period located in the course of a reasonable search to the extent such production will not violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.

1

2      Dated:  May 14, 2014                    /s/ Kathy L. Osborn

3                                              Kathy L. Osborn (*pro hac vice*)
                                               Ryan M. Hurley (*pro hac vice*)
4                                              Faegre Baker Daniels  LLP
                                               300 N. Meridian Street, Suite 2700
5                                              Indianapolis,  IN  46204
                                               Telephone:  +1 317-237-0300
6                                              Facsimile:  +1 317-237-1000
                                               kathy.osborn@FaegreBD.com
7                                              ryan.hurley@FaegreBD.com

8                                              Jeffrey  S. Roberts (*pro hac vice*)
                                               Faegre Baker Daniels  LLP
9                                              3200 Wells Fargo Center
                                               1700 Lincoln  Street
10                                             Denver, CO  80203
                                               Telephone:  +1 303-607-3500
11                                             Facsimile:   +1 303-607-3600
                                               jeff.roberts@FaegreBD.com
12
                                               Calvin  L. Litsey  (SBN 289659)
13                                             Faegre Baker Daniels  LLP
                                               1950 University  Avenue, Suite 450
14                                             East Palo Alto, CA  94303-2279
                                               Telephone:  +1 650-324-6700
15                                             Facsimile:  +1 650-324-6701
                                               calvin.litsey@FaegreBD.com
16
                                               ***Attorneys for Thomson SA and Thomson***
17                                             ***Consumer Electronics, Inc.***

18

19

20

21

22

23

24

25

26

27

28

1  Kathy L. Osborn (*pro hac vice*)
   Ryan M. Hurley (*pro hac vice*)
2  Faegre Baker Daniels LLP
   300 N. Meridian Street, Suite 2700
3  Indianapolis, IN 46204
   Telephone: +1 317-237-0300
4  Facsimile: +1 317-237-1000
   kathy.osborn@FaegreBD.com
5  ryan.hurley@FaegreBD.com

6  Jeffrey S. Roberts (*pro hac vice*)
   Faegre Baker Daniels LLP
7  3200 Wells Fargo Center
   1700 Lincoln Street
8  Denver, CO 80203
   Telephone: +1 303-607-3500
9  Facsimile: +1 303-607-3600
   jeff.roberts@FaegreBD.com
10
   Calvin L. Litsey (SBN 289659)
11 Faegre Baker Daniels LLP
   1950 University Avenue, Suite 450
12 East Palo Alto, CA 94303-2279
   Telephone: +1 650-324-6700
13 Facsimile: +1 650-324-6701
   calvin.litsey@FaegreBD.com
14
15 **Attorneys for Defendants Thomson SA and**
   **Thomson SA Electronics, Inc.**
16
                    UNITED STATES DISTRICT COURT
17
                   NORTHERN DISTRICT OF CALIFORNIA
18
                      SAN FRANCISCO DIVISION
19
20 IN RE CATHODE RAY TUBE (CRT)      No. 07-cv-5944-SC
   ANTITRUST LITIGATION
21 ─────────────────────────────     MDL No. 1917

22 This Document Relates to:          **CERTIFICATE OF SERVICE**

23 *Sharp Electronics Corp., et al. v. Hitachi Ltd.,*
   *et al.*, No. 13-cv-1173;
24
   *Electrograph Systems, Inc., et al. v. Technicolor*
25 *SA, et al.*, No. 13-cv-05724;

26 *Siegel v. Technicolor SA, et al.*, No. 13-cv-
   05261;
27
   *Best Buy Co., Inc., et al. v. Technicolor SA, et*
28 *al.*, No. 13-cv-05264;

THOMSON SA'S RESPONSES TO PLAINTIFFS'    98    No. 07-5944-SC; MDL No. 1917
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS

1
2   *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

3   *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;

4
5   *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

6   *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

7
8   *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

9
10  *Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

11  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262;

12
13  *Tech Data Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-00157.

14

15         I HEREBY CERTIFY that a true and correct copy of Thomson SA's Responses to Direct

16  Action Plaintiffs' First Set of Requests for Production of Documents was served by email to each

17  of the following addressees listed below.

18

19  Dated:  May 14, 2014             By:   _/s/ Kathy L. Osborn_
                                              Kathy L. Osborn
20

21

22

23

24

25

26

27

28

1

Kenneth A. Gallo (kgallo@paulweiss.com)

2

Joseph J. Simons (jsimons@paulweiss.com)
Craig A. Benson (cbenson@paulweiss.com)

3

Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW

4

Washington, DC  20006-1047

5

Stephen E. Taylor (staylor@tcolaw.com)

6

Jonathan A. Patchen (jpatchen@tcolaw.com)
Taylor & Company Law Offices, LLP

7

One Ferry Building,  Suite 355
San Francisco, CA  94111

8

9

*Attorneys for Sharp Electronics Corporation
and Sharp Electronics Manufacturing Company
of America, Inc.*

10

11

David J. Burman (dburman@perkinscoie.com)
Cori G. Moore (cgmoore@perkinscoie.com)
Eric J. Weiss (eweiss@perkinscoie.com)
Nicholas H. Hesterberg
(nhesterberg@perkinscoie.com)
Steven D. Merriman
(smerriman@perkinscoie.com)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099

Joren Bass (jbass@perkinscoie.com)
Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131

*Attorneys for Plaintiff Costco Wholesale
Corporation*

12

William  A. Isaacson (wisaacson@bsfllp.com)

13

Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue NW, Suite 800

14

Washington, DC  20015

15

Stuart Singer (ssinger@bsfllp.com)

16

Boies, Schiller & Flexner LLP
401 East Las Olas Boulevard, Suite 1200

17

Fort Lauderdale, FL  33301

18

Philip J. Iovieno (piovieno@bsfllp.com)

19

Anne M. Nardacci (anardacci@bsfllp.com)
Boies, Schiller & Flexner LLP

20

30 South Pearl Street, 11th Floor
Albany, NY  12207

21

22

*Liaison Counsel for Direct Action Plaintiffs and
Attorneys for Plaintiffs Electrograph Systems,*

23

*Inc., Electrograph Technologies, Corp., Office
Depot, Inc., Interbond Corporation of America,*

24

*P.C. Richard & Son Long Island Corporation,
MARTA Cooperative of America, Inc., ABC*

25

*Appliance, Inc., Schultze Agency Services LLC
on behalf of Tweeter Opco, LLC and Tweeter*

26

*Newco, LLC*

27

Robert W. Turken (rturken@bilzin.com)
Scott N. Wagner (swagner@bilzin.com)
Bilzin  Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL  33131-3456

Stuart Singer (ssinger@bsfllp.com)
Boies, Schiller & Flexner LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL  33301

William  A. Isaacson (wisaacson@bsfllp.com)
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue NW, Suite 800
Washington, DC  20015

Philip J. Iovieno (piovieno@bsfllp.com)
Anne M. Nardacci (anardacci@bsfllp.com)
Boies, Schiller & Flexner LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207

*Attorneys for Plaintiffs Tech Data Corporation
and Tech Data Product Management, Inc.*

28

1

2

3

4

5

6

7

| | |
|---|---|
| Roman M. Silberfeld (rmsilberfeld@rkmc.com)<br>David Martinez (dmartinez@rkmc.com)<br>Robins, Kaplan, Miller & Ciresi LLP<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067-3208<br><br>*Attorneys for Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, LLC, and Magnolia Hi-Fi, Inc.* | Richard Alan Arnold (rarnold@knpa.com)<br>William J. Blechman (wblechman@knpa.com)<br>Kevin J. Murray (kmurray@knpa.com)<br>Kenny Nachwalter, P.A.<br>201 South Biscayne Boulevard, Suite 1100<br>Miami, FL 33131<br><br>*Attorneys for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.* |
| H. Lee Godfrey<br>(lgodfrey@susmangodfrey.com)<br>Kenneth S. Marks<br>(kmarks@susmangodfrey.com)<br>Jonathan J. Ross (jross@susmangodfrey.com)<br>Johnny W. Carter (jcarter@susmangodfrey.com)<br>David M. Peterson<br>(dpeterson@susmangodfrey.com)<br>Susman Godfrey LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br><br>Parker C. Folse III<br>(pfolse@susmangodfrey.com)<br>Rachel S. Black (rblack@susmangodfrey.com)<br>Jordan Connors<br>(jconnors@susmangodfrey.com)<br>Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101-3000<br><br>*Attorneys for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust* | Jason C. Murray (jmurray@crowell.com)<br>Crowell & Moring LLP<br>515 South Flower Street, 40th Floor<br>Los Angeles, CA 90071<br><br>Jerome A. Murphy (jmurphy@crowell.com)<br>Astor H.L. Heaven (aheaven@crowell.com)<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004<br><br>*Attorneys for Plaintiff Target Corp.* |

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28