# E<small>XHIBIT</small> D

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL     (1946-1956)
SIMON H. RIFKIND     (1950-1995)
LOUIS S. WEISS       (1927-1950)
JOHN F. WHARTON      (1927-1977)

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU, CHAOYANG DISTRICT
BEIJING 100020, PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7343

WRITER'S DIRECT FACSIMILE
(202) 223-7410

WRITER'S DIRECT E-MAIL ADDRESS
cbenson@paulweiss.com

June 11, 2014

By Email

Kathy L. Osborn
Faegre Baker Daniels
300 N. Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1750

Dear Ms. Osborn:

    Thank you for speaking with us on June 4, 2014 regarding Thomson Consumer's and Thomson SA's responses to the Direct Action Plaintiffs' first and second sets of requests for production.  We write to memorialize our discussion.  Please let us know if you disagree with anything.

    You said that you discovered the 2008 letter from the Ministry of Foreign Affairs only two to three weeks ago and that you were not aware of this letter when you told us that you believed you would be in a position to produce substantially all of your documents by mid-June and that you wished to be on the same trial schedule as the other defendants.  You said that you still have not seen the letter that was apparently sent to the Ministry of Foreign Affairs that precipitated this response.  You stated that you interpret the French Blocking Statute and the 2008 letter as barring production of any documents or commercial information that were not already otherwise in the United States, unless requests are made under the Hague Convention.  This includes information that Thomson SA has already turned over to the European authorities in response to their investigation,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Kathy L. Osborn     2

which resulted in Thomson SA's being fined for its participation in a CPT cartel. You stated, however, that many of the documents that Thomson SA turned over to the European authorities were also contained in a production that was submitted to the Department of Justice. You told us that, from that production, you would produce to us documents that were responsive to Sharp's requests. You also explained that you expected this production to be completed by June 27 and maybe sooner. To the extent you chose to withhold documents from that production to the DOJ, you indicated that you would let us know of the types of documents you withheld.

      We asked for you to explain the basis for objections to requests addressing the relationship between Thomson entities (including Videocon and Technologies Displays America). You stated that the requests were overly broad insofar as they relate to establishing whether Thomson Consumer has a relationship with Thomson SA such that it is unnecessary for the DAPs to resort to the Hague Convention, as opposed to the Federal Rules of Civil Procedure, for procuring responsive documents that reside in France in Thomson SA's possession. You noted that narrower requests might be more appropriate for this purposes. You did not comment on their relevance to issues relating to general jurisdiction over Thomson SA or to establishing a principal-agent relationship. You asked, instead, that we put the basis for our requests in writing. Please consider this our writing. These requests seek to elicit information that is relevant to, at the least, demonstrating ownership and control, principal-agency relationships, and personal jurisdiction, which informs issues relating to, at least, liability and to the need to resort to the Hague Convention for purposes of information residing in France.

      The requested information relating to your relationships with Videocon and TDA are relevant to establishing Thomson SA's and Thomson Consumer's continuing link to and interest in the CRT industry even after the alleged disposition of its CRT business in 2005, to fraudulent concealment, and to establishing knowledge and liability for these co-conspirators.

      As to any categories of documents to which you had lodged objections, we asked whether you were planning to collect the responsive documents but just withhold them from production. You stated that there has been a comprehensive litigation hold in place such that no responsive documents (even to requests you deem objectionable) will be destroyed, but that you will not process and review documents responsive to categories to which you object unless and until that becomes necessary.

      We then inquired about the status of certain employees or former employees. You provided the following information:

      Jackie Taylor-Boggs – Ms. Boggs still works for Technicolor in Indianapolis. You asked that we coordinate any deposition through you.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Kathy L. Osborn											3

Jack Brunk – You have not located or spoken with Mr. Brunk.  He left Thomson Consumer in 2006 and is last known to have lived in California.  You asked that we contact you if we locate him.

Emeric Charamel – You have spoken with Mr. Charamel and plaintiffs would be required to go through Hague procedures to acquire his deposition.  You represent him and asked that we coordinate any deposition through you.

James Hanrahan – Mr. Hanrahan is a former employee that lives in the United States.  You represent him and asked that we coordinate any deposition through you.

Alex Hepburn – Mr. Hepburn lives in Florida and has limited ability to travel.  You represent him and asked that we coordinate any deposition through you.  You are in the process of determining whether he is capable of sitting for a deposition.

Christian Lissorgues – You have no contact information for him and have not located him after searching.  You have not had contact with him to determine whether you will represent him.  You asked that we contact you if we locate him.

Julie Wright – Ms. Wright is a former Thomson Consumer employee who lives in Indianapolis.  She had no involvement in tube sales or marketing, but was an accountant who prepared certain financial reports relating to the tube business.  You represent her and asked that we coordinate any deposition through you.

We explained that we expect to prefer that we start depositions with our 30(b)(6) topics and asked you whether you had identified anyone as potential corporate witnesses.  We explained that, if your production is sufficiently complete, we hoped to schedule such a deposition or depositions for July.

You stated that you were gathering information and data for someone to fulfill the role of a 30(b)(6) witness.  We request that you provide the name of your 30(b)(6) witness as soon as possible and that you provide suggested dates in July for the 30(b)(6) deposition.

							Very truly yours,

							*/s/ Craig A. Benson*

							Craig A. Benson