# E<small>XHIBIT</small> E

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

Kathy L. Osborn
*Partner*
Direct **+1 317 237 8261**
kathy.osborn@FaegreBD.com

**Faegre Baker Daniels LLP**
300 North Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

July 14, 2014

**VIA ELECTRONIC MAIL**
**(cbenson@paulweiss.com)**

Craig A. Benson
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC  20006-1047

Re:   *In re CRT Antitrust Litigation*, Case No. 07-cv-5944-SC (N.D. Cal.)

Dear Craig:

I write in response to your July 7, 2014 letter regarding certain discovery matters. The following numbered paragraphs respond to your inquiries in the order presented in your letter.

1. We soon will be tendering a supplemental production of a small number of documents (i.e., less than 250) relating to Thomson's antitrust policies, agreements with some of the Plaintiffs, and business expense reports of employees involved in its CPT business. In addition, we and our client continue to search for any additional responsive documents such as organizational structure documents, additional agreements with Plaintiffs, policy statements, and so on. We are not certain what, if any, additional documents might be located but continue to exhaust those efforts.

2. As to your second inquiry, we withheld a relatively small number of documents because they were subject to our objections to your document requests. As I have previously mentioned, we are willing to meet and confer to see if we can come to some agreed limitations on your overly broad requests, but we believe the documents withheld are all irrelevant to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. They involve private personnel issues, business expenses for people who simply are not relevant to this matter, loan agreements between Thomson SA and its subsidiaries and real property matters.

-2-                                                                                              July 14, 2014

3. There are some documents submitted to the European Commission that are not located in the U.S. that have not been produced. Because those documents originated and remain located in France, Plaintiffs may only discover these materials in accordance with French law by following the procedures of the Hague Convention. In order for you to assess whether that process is worth your effort, we will inform you as soon as possible what we learn about the differences in the productions to the U.S. Department of Justice and the European Commission.

4. As you have surely observed, numerous documents showing the relationship between Thomson SA and its subsidiaries, and Thomson SA's relationship to the U.S., were included in the materials we have produced. In addition, we continue to search for these documents and will produce additional ones we locate, if any, as soon as they are identified.

5. All still-existing, responsive, non-privileged Jackie Taylor-Boggs, James Hanrahan, Alex Hepburn, and Jack Brunk documents located in the U.S. and over which Thomson or these individuals have or had possession, custody or control have been produced or soon will be produced in the forthcoming supplemental production. We recently located Mr. Brunk and will represent him at any deposition. We are in the process of contacting these individuals to secure possible deposition dates and will contact you as soon as we have identified viable options.

6. We do not agree that Judge Conti's Discovery and Case Management Protocol Order (Dkt. No. 1128) provides that "the DPP class and the direct-action plaintiffs are collectively entitled to 18 hours of English language testimony" for the 30(b)(6) deposition of the Thomson Defendants. First, the Order states that DPPs and IPPs "collectively may take up to 15 hours of 30(b)(6) depositions of each defendant group[.]." Order at Section I(C). The Thomson Defendants are not in the IPP case and the DPPs have not yet initiated discovery against the Thomson Defendants. Second, the Order further provides that the "Individual Action Plaintiffs may collectively take up to 3 hours of (30(b)(6) depositions[.]" *Id.* Thus, should DPPs jointly notice and participate in the 30(b)(6) deposition, they will be entitled to take 7.5 hours of corporate deposition testimony, and the Individual Action Plaintiffs will be entitled to take 3 hours of testimony, totaling 10.5 hours of corporate deposition testimony - not 18.

My client has been out of the country and virtually unavailable for two weeks, but we will work with her next week to identify new potential 30(b)(6) deposition dates.

7. Thomson SA does continue to withhold all responsive documents that are located only in France on the basis of the French Blocking Statute and the directive it received from the French Ministry of Foreign Affairs which we forwarded to you on June 3, 2014. *See also* ¶ 3 above.

US.54494584.01

-3-                                                                                      July 14, 2014

Lastly, we are investigating the metadata question you posed in your July 12, 2014 letter and will contact you as soon as we have a better understanding of that issue. I thought we had produced metadata, to the extent it exists, so this may just be a technical glitch that we can easily remedy.

Sincerely,

*Kathy L. Osborn*

Kathy L. Osborn

KLO/lkd