| | |
|---|---|
| Calvin L. Litsey (SBN 289659) | Jeffrey S. Roberts (*pro hac vice*) |
| FAEGRE BAKER DANIELS LLP | FAEGRE BAKER DANIELS LLP |
| 1950 University Avenue, Suite 450 | 3200 Wells Fargo |
| East Palo Alto, CA 94303-2279 | 1700 Lincoln Street |
| Telephone: +1 650-324-6700 | Denver, CO 80203 |
| Facsimile: +1 650-324-6701 | Telephone: +1 303-607-3500 |
| calvin.litsey@FaegreBD.com | Facsimile: +1 303-607-3600 |
| | jeff.roberts@FaegreBD.com |
| Kathy L. Osborn (*pro hac vice*) | |
| Ryan M. Hurley (*pro hac vice*) | Stephen M. Judge (*pro hac vice*) |
| FAEGRE BAKER DANIELS LLP | FAEGRE BAKER DANIELS LLP |
| 300 N. Meridian Street, Suite 2700 | 202 S. Michigan Street, Suite 1400 |
| Indianapolis, IN 46204 | South Bend, IN 46601 |
| Telephone: +1 317-237-0300 | Telephone: +1 574-234-4149 |
| Facsimile: +1 317-237-1000 | Facsimile: +1 574-239-1900 |
| kathy.osborn@FaegreBD.com | steve.judge@FaegreBd.com |
| ryan.hurley@FaegreBD.com | |

***Attorneys for Defendants Thomson Consumer, Inc. and Thomson SA***

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726; | **THOMSON SA'S RESPONSE TO DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO ISSUE A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO PRODUCE DOCUMENTS IN FRANCE** |

1  
2  *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

3  *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;
4  
5  *Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;
6  
7  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262;

8  *Tech Data Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-00157.
9  

10  **INTRODUCTION**

11  Given the criminal sanctions that could be imposed on Defendant Thomson SA ("Thomson") or its representatives if it produces documents located only in France without following the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), Thomson does not oppose Direct Action Plaintiffs' ("DAPs") use of the letter of request process under the Hague Convention. Thomson does object, however, to DAPs' inaccurate allegation that Thomson has "pulled an about-face" by insisting that DAPs comply with the Hague Convention. That is simply not so. Thomson also objects, but only in part, to DAPs' proposed Letter of Request ("Letter of Request") because DAPs' requests are overly broad, unduly burdensome, seek documents that are not relevant to the parties' claims and defenses, and seek production of documents that are privileged or otherwise protected. DAPs' Administrative Motion to Issue a Letter of Request For International Assistance to Produce Documents in France ("Motion") should therefore be denied without prejudice to their right to propose a more narrowly-tailored, less-burdensome letter of request that seeks non-privileged documents relevant to the claims and defenses in this litigation.[1]

---

[1] DAPs have separately filed a motion to compel production by Thomson under the Federal Rules of Civil Procedure. That motion is pending before the Special Master and Thomson's response is due on August 6th. Thomson will address its objections to DAPs' document requests more specifically in response to the motion to compel.

THOMSON DEFENDANTS' RESPONSE TO DAPS' ADMINISTRATIVE MOTION TO ISSUE A LETTER OF REQUEST

1

No. 07-5944-SC; MDL No. 1917

## **THOMSON HAS NOT PULLED AN "ABOUT-FACE"**

DAPs inaccurately claim that Thomson has "pulled an about-face" regarding the production of documents located in France. Thomson has always maintained that as a French company based in France, it is subject to and obligated to follow French law and may not produce documents still located in France if doing so would violate French law. Among other things, French law imposes criminal sanctions on individuals and companies that produce documents outside of Hague Convention procedures or containing personal data. *E.g.,* Loi No. 68-678 (July 26, 1968), *modified by* Loi No. 80-538 (July 16, 1980); Loi No. 78-17 (Jan. 6, 1978) (English translation available here: http://www.cnil.fr/fileadmin/documents/en/Act78-17VA.pdf).

Furthermore, the French Ministry of Foreign Affairs has already informed Thomson, in conjunction with civil discovery in this action, that "Act No. 68-678 prohibits the communication of documents and information of an economic, commercial, industrial, financial or technical nature intended to be used as evidence within or in view of foreign judicial or administrative proceedings. The provisions of that statute are mandatory, subject to international treaties or agreements." Exhibit A (attached hereto) (true and correct certified translation of the letter received from the Ministry).

That is why Thomson raised the French blocking statute in its motions to dismiss DAPs' complaints. Dkt. 1765 at 11; Dkt. 2355-9 at 11-12. And when those motions were denied, Thomson stipulated that it would "make [its] best effort[] to complete discovery on the existing schedule, including, *on the part of Thomson*, by making [its] best effort[] to make documents and witnesses available, *in compliance with the law in the jurisdiction where those documents and witnesses are located, and, if legally possible, without resort to Hague Convention procedures, as soon as is reasonably possible in the circumstances.*" Dkt. 2250 at 4 (emphasis added). That is exactly what Thomson has done. For example, Thomson Defendants have produced over 26,000 pages of documents regarding their former CRT operations, including numerous documents regarding the categories of documents set forth in the Letter of Request. These documents include virtually all of the documents produced to the Department of Justice in 2008 in response to a subpoena regarding Thomson's former CRT business. Much of this

production consists of documents originally created by Thomson employees *in France*, that were already located in the United States, in the possession of Thomson Consumer (a U.S. Company), before DAPs served their document requests on Thomson. These documents were therefore not subject to the French Blocking Statute or French privacy laws and Thomson Defendants produced them.

In a matter of months, Thomson has fully engaged in a discovery process commenced years before its involvement in this litigation, taking scrupulously consistent positions along the way. But what Thomson cannot do is expose the company or its representatives to criminal sanctions by handing over documents located only in France without following the appropriate Hague Convention procedures. *See In re Advocate Christopher X*, Cour de cassation [Cass. Crim.], Paris, Dec. 12, 2007 (fining lawyer €10,000 for violating blocking statute).

## **DAPs' LETTER OF REQUEST IS OVERLY BROAD**

Thomson objects, but only in part, to DAPs' proposed Letter of Request because, as explained below, DAPs' document categories are overly broad and seek privileged or otherwise protected documents. As such, the Letter of Request does not comply with the Hague Convention. As it has with similar requests served on Thomson Consumer, Thomson is confident it can resolve those objections through a meet-and confer process with DAPs. That dialogue has not occurred in light of the threshold French law issues discussed herein. Therefore, Thomson requests that the Court deny the Motion without prejudice to the DAPs' right to propose a more narrowly-tailored, less-burdensome letter of request that seeks non-privileged documents relevant to the claims and defenses in this action.

The document categories in DAPs' proposed Letter of Request mirror Rule 34 document requests DAPs have already served on Thomson. In particular, the categories correspond to Request Nos. 3-5, 33, 35-36, 42-43, and 64 in DAPs' First Set of Request for Production of Documents to Thomson SA. Thomson asserted a variety of objections to those requests, including but not limited to objections based on burden, relevance, breadth, and privilege. *See* Dkt. 2716-2 (responses to discovery requests). In response to Request Nos. 3-5 and 36, which mirror categories 1-3 and 6 of the proposed Letter of Request, Thomson agreed to produce non-

privileged, responsive documents located in the course of a reasonable search to the extent that doing so would not violate French law. Thus, Thomson has no objection to a letter of request that requires Thomson to produce non-privileged documents in France that are responsive to these categories and located pursuant to a reasonable search.

Thomson asserted a variety of objections to Request Nos. 33, 35, 42-43 and 64, which correspond to categories 4, 5, and 7-9 of the proposed Letter of Request.[2] Thomson and DAPs have not met and conferred to address those topics in light of Thomson's objection to producing documents located only in France without following Hague Convention procedures. Thomson has conferred with DAPs on identical requests served on Thomson Consumer and has generally been able to resolve those objections. Thomson is confident it could resolve the objections it has to categories 4, 5, and 7-9 of the Letter of Request, but given its objections Thomson requests that the Court deny the Motion without prejudice to DAPs' ability to propose (or reach agreement with Thomson on) categories that are more narrowly-tailored and less burdensome.

A more focused letter of request is also appropriate because France has clarified that it will execute a letter of request seeking pre-trial discovery of documents only "when the requested documents are enumerated limitatively in the Letter of Request and have a direct and precise link with the object of the procedure."[3] http://www.hcch.net/index_en.php?act=status.comment&csid=501&disp=resdn (declarations and reservations); *see also* Brief of Amicus Curiae the Republic of France, 1986 WL 727501, at *23, *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the Dist. of Iowa*, 482 U.S. 522 (1987) (France will execute a letter of request

---

[2] Additionally, category number 8 of the Letter of Request calls for, among other things, the production of "All documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative investigative body, including the … European Commission …." This Court has already denied a motion to compel production of the European Commission's Decision. Dkt. 2463. Any letter of request issued by the Court should not allow an end-run around this earlier order.

[3] A letter of request must be translated into French prior to submission. *See* http://www.hcch.net/index_en.php?act=status.comment&csid=501&disp=resdn (declarations and reservations). Perhaps DAPs intend to translate their Letter of Request after issuance, but a translated version was not tendered with DAPs' Motion.

| THOMSON DEFENDANTS' RESPONSE TO DAPS' ADMINISTRATIVE MOTION TO ISSUE A LETTER OF REQUEST | 4 | No. 07-5944-SC; MDL No. 1917 |

1  seeking pre-trial discovery "provided that the documents requested are enumerated in the letter of
2  request and have a direct and clear nexus with the subject matter of the litigation"); Summary of
3  Responses to the [Hague Convention] Questionnaire of May 2008 … etc., at 52 (summarizing
4  2003 Paris court of Appeal decision requiring documents to be identified with a reasonable
5  degree of specificity based upon factors such as their date, nature, and author), *available at*
6  http://www.hcch.net/upload/wop/2008pd12e.pdf.  As presently worded, many of the DAPs'
7  document categories run afoul of the "limitatively enumerated" requirement. This is another
8  reason why a more specific, tailored letter of request is necessary. *Cf.* Dkt. 2724 (response of
9  Korean National Court Administration to Letter of Request, explaining that letter likely cannot be
10 executed absent provision of additional information required under Korean law).  DAPs should
11 refine the descriptions of documents in the Letter of Request to ensure execution of the request by
12 French authorities.

## **CONCLUSION**

For the foregoing reasons, Thomson does not oppose issuance of an appropriately-tailored letter of request.  Because DAPs' proposed Letter of Request is overly broad and not compliant with the Hague Convention, their Motion should be denied without prejudice to the DAPs' right to propose a more narrowly-tailored, less burdensome letter of request that seeks documents relevant to the claims and defenses in this action.

Dated: August 1, 2014                    Respectfully submitted,

By: */s/ Kathy L. Osborn*
Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203

| | |
|---|---|
| 1 | Telephone: +1 303-607-3500 |
| 2 | Facsimile:  +1 303-607-3600 |
| | jeff.roberts@FaegreBD.com |
| 3 | Stephen M. Judge (*pro hac vice*) |
| | Faegre Baker Daniels LLP |
| 4 | 202 S. Michigan Street, Suite 1400 |
| | South Bend, IN  46601 |
| 5 | Telephone: +1 574-234-4149 |
| | Facsimile:  +1 574-239-1900 |
| 6 | steve.judge@FaegreBd.com |
| 7 | Calvin L. Litsey (SBN 289659) |
| | Faegre Baker Daniels LLP |
| 8 | 1950 University Avenue, Suite 450 |
| | East Palo Alto, CA  94303-2279 |
| 9 | Telephone: +1 650-324-6700 |
| | Facsimile: +1 650-324-6701 |
| 10 | calvin.litsey@FaegreBD.com |
| 11 | ***Attorneys for Thomson SA and Thomson Consumer Electronics, Inc.*** |

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO  80203
Telephone: +1 303-607-3500
Facsimile:  +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

***Attorneys for Defendants Thomson Consumer, Inc. and Thomson SA***

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726; | **[PROPOSED] ORDER DENYING WITHOUT PREJUDICE DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO ISSUE A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO PRODUCE DOCUMENTS IN FRANCE** |

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Tech Data Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-00157.

Upon consideration of Direct Action Plaintiffs' Administrative Motion to Issue a Letter of Request for International Judicial Assistance to produce Documents in France ("Motion"), it is hereby

ORDERED that the Motion is DENIED without prejudice to refiling a revised motion proposing a more narrowly-tailored, less burdensome letter of request that complies with the Hague Convention, seeks documents relevant to the claims and defenses in this action, does not call for the production of privileged documents, and respects earlier limitations on discovery related to European Commission proceedings.

IT IS SO ORDERED.

DATED: _____

Hon. Samuel Conti
United States District Judge