1  Vaughn R Walker
2  Law Office of Vaughn R Walker
   P O Box 26250
3  San Francisco, CA  94126
   Tel:  (415) 871-2888
4  Fax:  (415) 871-2890
5  vrw@judgewalker.com

6

7

8

9

10

11

12                    IN THE UNITED STATES DISTRICT COURT

13                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15  IN RE CATHODE RAY TUBE (CRT) ANTITRUST

16  LITIGATION

17                                          **REPORT & RECOMMENDATION:**
                                            **INDIRECT PURCHASER PLAINTIFFS' MOTION**
18  This Order Relates To:                  **TO COMPEL PRODUCTION FOR DEPOSITION**
                                            **OF JDI EMPLOYEES YOSHINO, FUKUNAGA &**
19  CASE NO C-07-5944-SC                     **DU**

20

21

22

23

24

25

26

27

28

29

30

31

32

As Special Master, on July 30, 2014, the undersigned heard counsel for the Indirect Purchaser Plaintiffs ("IPPs"), Toshiba, JDI and the State of California regarding the IPPs' motion to compel the production for deposition of three witnesses formerly employed by Toshiba or a Toshiba entity but now employed by JDI.  These individuals are Messrs Yoshino, Fukunaga and Du.  Having afforded the parties through counsel a hearing on the matter, the undersigned makes the following report and recommendation:

1.  The present record does not adequately establish that JDI has been substituted as a party to this litigation in accordance with FRCP 25 and exercises control of these witnesses so that an order directed to JDI would be effective in securing the presence of these witnesses for depositions.  The IPPs are afforded leave to make a further submission by letter brief as appropriate to make the requisite showing.  In the event of such a submission, JDI, which presumably is appeared specially in connection with the present motion, shall respond to such further submission within ten days after service.

2.  Heretofore, Toshiba has produced various documents for which the witnesses in question were deemed custodians.  Toshiba contends, however, that the discovery protocol herein and an order of the prior special master together with the operation of Japanese privacy laws preclude disclosure of the locations of these witnesses in order to enable the IPPs to notice and take their depositions.  Toshiba also contends that any testimony that these witnesses could offer would be unduly cumulative.  Upon review of the documents Toshiba submitted, the undersigned finds that the testimony of these witnesses is relevant to the subject matter of this litigation and their testimony would not be unduly cumulative.  With regard to Toshiba's contentions concerning its inability to secure the presence of these witnesses for deposition, the undersigned recommends that the court accept Toshiba's representations in this regard and deem each of these witnesses unavailable for trial or other testimonial purpose and that the documents

Toshiba has produced be deemed authentic and be admitted for all purposes in this litigation.  To the extent that the witnesses, or any of them, hereafter become available before trial to give testimony or for any other testimonial purpose, such as submission of a declaration, Toshiba shall give the IPPs no less than thirty days' notice of such availability and make the witnesses and each of them available for deposition in San Francisco, California without regard to any discovery cutoff now or hereafter in effect.

3.  The State of California has suggested a letters rogatory process for obtaining evidence from the witnesses that the IPPs seek to depose. The undersigned recommends that the suggestion be deemed moot in light of the foregoing.

IT IS SO REPORTED AND RECOMMENDED.

This 30th day of July 2014

Vaughn R Walker
United States District Judge (Ret)

The Report and Recommendation is Accepted and Ordered / Denied / Modified.

Dated:  August 6, 2014

Honorable Samuel Conti
United States District Judge