Vaughn R Walker
Law Office of Vaughn R Walker
P O Box 26250
San Francisco, CA 94126
Tel: (415) 871-2888
Fax: (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>Individual Case No 3:13-cv-01173-SC | MDL No 1917<br><br>Master Case No 3:07-cv-05944SC<br><br>**RECOMMENDED ORDER OF THE SPECIAL MASTER** |

This recommended order deals with a motion initially submitted to the undersigned by letter dated January 15, 2014 in which the Sharp direct action plaintiffs ("Sharp"),[1] the Panasonic defendants ("Panasonic")[2] and the Toshiba defendants ("Toshiba")[3] sought resolution of a discovery dispute first raised by Sharp with the former special master in a letter dated December 3, 2013 (Doc No 2242).

By the December 3 letter, Sharp sought to compel Toshiba and Panasonic to furnish further responses to two of the three interrogatories contained in Sharp's first set of interrogatories served on these defendants on September 19, 2013. The first of the two interrogatories in question (Interrogatory No 2) seeks to identify the defendants' communications and/or meetings (terms defined by the interrogatories) with CRT manufacturers regarding "sales, production and/or prices" of CPTs and various particulars of those communications and meetings.[4] The second such interrogatory (Interrogatory No 3) seeks still other particulars about the communications and meetings not otherwise provided in response to Interrogatory No 2, including the person or persons who initiated, called, organized, attended or participated in the meeting or communication and instances in which the communications with "outside parties" are forwarded or shared with persons based in the United States, Mexico or Brazil.

Toshiba and Panasonic responded to these interrogatories with the usual litany of objections and then directed Sharp to the defendants' supplemental responses to

---

[1] Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.
[2] Panasonic Corporation, Panasonic Corporation of North America and MT Picture Display Co, Ltd.
[3] Toshiba Corporation, Toshiba America Electronics Components, Inc and Toshiba America Information Systems, Inc.
[4] The particulars include dates, locations, persons involved, subject matter, persons knowledgeable, types and dimensions of CPTs and agreements reached.

Interrogatory Nos 4 and 5 propounded by the direct purchaser class plaintiffs. See Doc Nos 2242-8, 2242-9, 2242-10 and 2242-11. Toshiba defended its responses on several grounds, including contentions that Sharp's efforts to obtain further responses were procedurally deficient, but principally Toshiba asserted that everything responsive to Sharp's interrogatories could be found in the responses to the direct purchaser class plaintiffs' interrogatories. Doc No 2270. Panasonic joined in the arguments that Sharp's interrogatories were duplicative and cumulative of the direct class plaintiffs' discovery. Doc No 2271. Sharp replied that indeed it had followed appropriate procedures and, in any event, mining the responses to the direct purchaser class plaintiffs was an enormous task and unreasonable burden for Sharp given the volume of material produced to the class plaintiffs, Doc No 2293, a burden obviously made greater by looming deadlines in the litigation.

Although this motion was made months ago, not until August 12, 2014 were the responses of the direct purchaser class plaintiffs submitted to the undersigned for review. A telephonic hearing with counsel followed on August 13. William Blaise Warren appeared for Sharp; Lucius Lau appeared for Toshiba and Adam Hemlock appeared for Panasonic.

A considerable part of the hearing was consumed in attempting to quantify the amount of material embraced by the Toshiba and Panasonic responses to the direct purchaser class plaintiffs' interrogatories and hence the extent of Sharp's burden that might be avoided by what it seeks in the present motion. After some effort, the parties were able to quantify the volume of materials at roughly 15,000 documents; some three or four thousand of these have apparently already been used in discovery in which Sharp has participated, so Sharp should have a good handle on the nature of these materials and some insights due to the fact that others on the plaintiffs' side of the case have selected these documents for use in discovery.

Review of the quantity of documents involved here, while entailing considerable effort, is not in litigation of this type unusual. The fast approach of the discovery cutoff and the

summary judgment filing schedule increases the task Sharp faces in completing its review without assistance from defendants and is, therefore, a factor weighing in favor of requiring some assistance by way of further responses by defendants.

Principally, Sharp seeks assistance in segregating customer-supplier communications and meetings from those related to competitor meetings and communications as well as pinning down those that relate solely or principally to product destined for the United States market.  In addition, to the extent that the parties have translated foreign language communications, Sharp seeks the production of these translations.  The question before the undersigned boils down to how much, if any, of the burden of reviewing the large, if not gargantuan, volume of materials should be re-allocated from Sharp which ordinarily would bear that burden to the parties who produced these materials.  Given the fast approaching deadlines in the case, it's a close question.

A simple visual inspection identifies a few references to Sharp in the list of meetings and communications set out in Toshiba's supplemental response to the class plaintiffs' Interrogatory No 5.  See, e g, Toshiba Corporation's supplemental objections and responses dated February 10, 2012 at pages 24, 33, 44-45, 50, 52-53 and 57 and Toshiba America's supplemental responses of the same date at 78, 121-122.  These, of course, are needles from a haystack.  But Sharp is not limited to an inspection by visual means.  The materials have been produced in digitized format capable of computerized review by search terms, a process that should considerably facilitate Sharp's review.  Sharp is in the best position to decide what terms should be searched and can conduct such a search on its own without assistance from defendants.  Furthermore, there is a certain unfairness in requiring defendants to do Sharp's work for it in culling through this volume of material and, in any event, defendants have already expended a very considerable effort to prepare responses to the direct purchaser class plaintiffs' discovery, making further effort by defendants still more costly.

On balance, it appears to the undersigned that normal burdens should not be re-allocated. As Sharp would benefit from a review and an analysis of the materials responsive to the class plaintiffs, considerations of proportionality and fairness weigh in favor of Sharp bearing the correlative burden.

A somewhat interesting question is whether the defendants should be required to produce the translations of the foreign language documents that they have had translated. Both defendants objected to being required to turn over their translations on the ground that do so would invade the attorney work product doctrine as the selection of the documents to be translated would impermissibly disclose the attorneys' thinking and strategy. Although inclined to deny the production of such translations, counsel's observation about the novelty of this issue suggests that the parties should give the undersigned additional guidance. The parties agreed to submit brief letter memoranda on this question shortly.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Accordingly, IT IS ORDERED that Sharp's motion to compel Toshiba and Panasonic to provide further responses to Sharp's interrogatories is DENIED except that the parties are not later than August 18, 2014, to submit letter memoranda not to exceed two pages on the question whether defendants' translations of foreign language documents in the materials identified in defendants' responses to the direct purchaser class plaintiffs should be produced to Sharp.

IT IS SO ORDERED.

This 14th day of August 2014

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered /
~~Denied / Modified.~~

Dated: August 15, 2014

_____
Hon Samuel Conti
United States District Judge