Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-5944 SC<br><br>MDL No. 1917<br><br>**EMERGENCY MOTION OF SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SHARP'S MOTION TO CONFIRM ITS OPT-OUT REQUEST OR FOR AN ENLARGEMENT OF TIME TO OPT OUT** |
| This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, Case No. 13-cv-1173 SC | |

## **NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. hereby move the Court on an expedited basis pursuant to Local Rule 7-9 for an order granting Sharp leave to file a motion for reconsideration of the Court's August 20, 2014 Order Denying Sharp's Motion to Confirm Its Opt Out Request or, in the Alternative, for an Enlargement of Time to Opt Out (Dkt. No. 2746).

      This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, and such other materials and information that the Court may properly consider.

      Movants seek relief on an expedited basis because the Court has scheduled a fairness hearing on August 22, 2014 with respect to the settlements from which movants seek to opt out.

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") (collectively, "Sharp") respectfully ask this Court for leave to file a motion to reconsider three aspects of its August 20 Order denying Sharp's motion for an enlargement of time to opt out from the Direct Purchaser Plaintiffs' ("DPPs") settlements with the Samsung SDI[1] and Hitachi[2] Defendants (the "Settlements"). Mindful of the high burden it faces in moving for reconsideration, Sharp nonetheless submits that reconsideration is appropriate here, particularly as the prejudice to both Sharp and the DPP class will be significant if Sharp's $334.8 million of purchases are included within the settlement class, for as class counsel has explained, that settlement was negotiated under the assumption that those purchases were not included.

Pursuant to Local Rule 7-9 and Federal Rule 54(b), reconsideration is appropriate where a movant shows "(1) an intervening change in controlling law, (2) the emergence of new material facts, or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments" and shows "reasonable diligence in bringing the motion." *Travelers Property Cas. Co. of Am. v. Centex Homes*, No. 11-cv-3638-SC, 2013 WL 4528937, at *3 (N.D. Cal. Aug. 26, 2013); Civil L.R. 7-9(b).[3] A fact is "material" for purposes of Local Rule 7-9 if it gives "rise to any potential for relief" with respect to the asserted claims. *Dennis v. Chappell*, No. 5:98-cv-

---

[1] "Samsung SDI" includes Samsung SDI Co. Ltd. (f/k/a Samsung Display Devices Co., Ltd.), Samsung SDI America, Inc., Samsung SDI Brasil, Ltd., Tianjin Samsung SDI Co., Ltd., Samsung Shenzhen SDI Co., Ltd., SDI Malaysia Sdn. Bhd., and SDI Mexico S.A. de C.V.

[2] "Hitachi" includes Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA) Inc.

[3] Federal Rule 54(b) provides that an order "that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Salinas v. City of San Jose*, No. 5:09-cv-04410, 2011 WL 3739555, at *1 (N.D. Cal. Aug. 23, 2011) ("Rule 54(b) provides the *general authority* for the court to revise interlocutory orders"); s*ee also Zurich Capital Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) ("[U]nder Rule 54(b), a court may correct clear errors of fact or law in an interlocutory order."); *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court . . . committed clear error or the initial decision was manifestly unjust").

21027, 2014 WL 710102, at *3 (N.D. Cal. Feb. 24, 2014).  Respectfully, reconsideration is appropriate here because material facts were not considered in the Court's Order.

The Court denied Sharp's motion for an enlargement of time to opt out of the Settlements based on a determination that two of the four *Pioneer* factors[4] weighed against a finding that Sharp demonstrated excusable neglect in filing its opt-out notice two weeks after the June 12, 2014 opt-out deadline.  In coming to this conclusion, the Court relied on three factual ambiguities that could have been corrected: (1) neither Sharp nor the DPPs "provide[d] any detail above generalized assertions of prejudice" to both Sharp and the DPPs; (2) Sharp did not explain why it "waited an additional twelve days before contacting opposing counsel seeking their position on Sharp's exclusion from the class;" and (3) Sharp did not explain "why it missed the applicable opt-out deadline aside from mentioning that notice was 'inadvertently not . . . sent to outside counsel for the Sharp Plaintiffs.'" Order Denying Sharp's Motion to Extend, MDL Dkt. No. 2746 at 7 (Aug. 20, 2014) ("Order").  With respect, we submit that these factual ambiguities relied upon by the Court can and should be clarified in the interests of justice so that the Court may properly consider the material facts.  *See Travelers Property Cas. Co. of Am*, 2013 WL 4528937, at *3.  Clarification of the relevant facts reveals the severe prejudice that would follow to Sharp and the DPPs and the valid reason for the delay, tipping the balance of the *Pioneer* factors in favor of finding that Sharp's neglect was excusable, and thus giving rise to "potential for relief." *See Dennis*, 2014 WL 710102, at *3.

***Both Sharp and the DPPs would be severely prejudiced by including Sharp in the Settlements.***  According to Dr. Jerry A. Hausman, an expert retained by counsel for Sharp, Sharp's total volume of CRT purchases from Hitachi and Samsung SDI during the overcharge

---

[4] In determining whether a party has demonstrated excusable neglect in missing a court applicable deadline, the Court considers the four *Pioneer* factors: (1) the danger of prejudice to the nonmoving parties; (2) the length of the delay; (3) the reason for the delay; and (4) whether the movant acted in good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994).  "[I]t is undisputed that Sharp acted in good faith."  Dkt. No. 2746 at 6.

period totals $334.8 million. *See* Declaration of Kenneth A. Gallo ¶¶ 4-5 ("Gallo Decl.").[5] Based on Sharp's volume of commerce, Dr. Hausman estimated that Sharp was overcharged on its CRT purchases from Hitachi by $14.1 million in single damages, and $42.3 million in treble damages. *Id.* Dr. Hausman estimated that Sharp was overcharged by $22.5 million in single damages by Samsung SDI, and approximately $67.5 million in treble damages. *Id.* ¶ 5. In total, Sharp has suffered approximately $36.6 million in single damages and **$109.8 million in treble damages** by Hitachi and Samsung SDI collectively. *Id.* ¶ 6.

Sharp would be severely prejudiced if it were forced to accept a share of the Settlements. Based on the best information currently available, Sharp estimates that it would receive distributions of approximately $500,000 from the Settlement with Hitachi and $800,000 from the Settlement with Samsung SDI. *Id.* ¶ 10. The total recovery Sharp would expect to receive if it is forced to accept a distribution of the Settlements with Hitachi and Samsung SDI is approximately $1.3 million, or only 0.39% of Sharp's total CRT purchases from the Hitachi Defendants and the Samsung SDI Defendants. *Id.* ¶ 11.

Class counsel who negotiated the Settlements also have represented to the Court that it did not include Sharp's purchases in their settlement analysis; it was clearly understood during settlement negotiations that Sharp was not in the class; and that the "DPPs did not settle . . . Sharp's claims." *Id.* ¶ 9 (citing Saveri Decl. ¶ 8, MDL Dkt. No. 2715-1). **The motion for settlement approval before the Court tomorrow is based on the assumption that Sharp was excluded from the class. (MDL Dkt. No. 2728-19, fn. 1.)** In short, Sharp's interests were not represented by class counsel in reaching the settlement agreements from which Sharp seeks to opt out. We respectfully submit that it would constitute real and concrete prejudice for Sharp to be bound by such settlements.

The DPP class would also be substantially prejudiced by Sharp's inclusion in the Settlements. As was further described by class counsel in support of Sharp's initial motion, "[b]ecause damages are directly related to class members' total purchases of CRTs and Finished

---

[5] Sharp's volume of CRT purchases was $130.9 million from Hitachi Defendants, and $203.9 million from Samsung SDI Defendants, during the overcharge period.

Products, this amount was a critical component to the settlement negotiations between DPPs" and the Hitachi Defendants and the Samsung SDI Defendants.  Saveri Decl. ¶ 7, MDL Dkt. No. 2715-1.  DPP class counsel also explained that if Sharp's CRT purchases from Hitachi and SDI Defendants are included in the settlement classes, the value of the claims to the rest of the class would be substantially diluted.  DPP Class Response to Sharp's Admin. Motion, MDL Dkt. No. 2715 at 5 (filed July 28, 2014).

***Sharp acted diligently between the date it confirmed its intent to opt out and the date on which it contacted counsel for Hitachi and Samsung SDI Defendants.***  Sharp seeks to clarify the relevant facts surrounding its actions between June 26, 2014 (the date on which Sharp formally opted out of the Settlements) and July 8, 2014 (the date on which Sharp contacted counsel for Hitachi and Samsung SDI Defendants to seek their positions on Sharp's opt out).  Sharp confirmed its intent to opt out on June 26, and the opt-out list filed with the Court that very day lists Sharp among the parties requesting exclusion from the settlement class.  *Id.* ¶ 12 (citing MDL Dkt. No. 2650, Exh. C).  In the intervening twelve days (seven of which were business days), counsel for Sharp diligently conferred with both its clients and counsel for Dell, and conducted relevant legal research.  *Id.* ¶ 13.  During that entire twelve-day period, Sharp was listed publicly as one of the opt-out plaintiffs with an opt-out date of June 26 and neither counsel for Hitachi nor counsel for Samsung SDI contacted Sharp to object to Sharp's opting out of the Class.  *Id.*  In fact, Hitachi and Samsung SDI Defendants actively litigated against Sharp during that twelve-day period (and afterwards).  *Id.*  After conferring with their clients, Sharp and Dell proactively contacted counsel for Hitachi Defendants and Samsung SDI Defendants to ascertain their positions.  *Id.*  The time period between June 26, 2014 and July 8, 2014 caused no harm to any party (nor does Hitachi claim that it did).

***Sharp has a reasonable explanation for its two-week delay in filing its opt-out notice.***  Sharp also seeks to clarify the relevant facts as to why it was unable to provide formal opt-out notice prior to June 26, 2014.  Although the Court correctly notes that the notices were "sent to the same address used for other settlements Sharp opted out of," Sharp has no record of processing the opt-out notice and did not forward the notices to outside counsel.  *See* Order at 7;

1  Gallo Decl. ¶ 14.  Both SEC and SEMA have procedures in place to receive opt-out notices and
2  send notices to outside counsel for Sharp.  *Id*.  As noted, those procedures worked properly with
3  respect to the five prior settlements in this case.  *Id.*  The procedures appear to have been
4  unsuccessful in this single instance for a simple reason: the individual at SEC responsible for
5  reviewing such notices failed to forward the relevant notice to legal counsel.[6]  *Id.*  After these
6  issues came to light at the end of June, SEC was able to locate a copy of the notice in its files, but
7  still has no record of the notice being processed in the normal course or sent to counsel.  *Id.*
8  While these oversights are regrettable, we respectfully submit they should not cause Sharp to lose
9  damages claims amounting to approximately $110 million.

10        For these reasons, this Court should grant Sharp's motion for leave to file a motion
11 for reconsideration of the Court's Order denying Sharp's motion for an enlargement of time to opt
12 out from the DPPs' Settlements with Samsung SDI and Hitachi.

13 DATED:  August 21, 2014        By: /s/  *Kenneth A. Gallo*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP
2001 K Street, NW
Washington, DC  20006
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs*

---

[6] After investigation, the individual responsible for reviewing legal notices at SEC was unable to determine why there was no record of having received the notice or why it was not forwarded to counsel.  *Id.*