1  Kenneth A. Gallo (*pro hac vice*)
   Joseph J. Simons (*pro hac vice*)
2  Craig A. Benson (*pro hac vice*)
   PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
3  2001 K Street, NW
   Washington, DC  20006-1047
4  Telephone:  (202) 223-7300
   Facsimile:  (202) 204-7356
5  Email: kgallo@paulweiss.com
6

7  Stephen E. Taylor (SBN 058452)
   Jonathan A. Patchen (SBN 237346)
8  TAYLOR & COMPANY LAW OFFICES, LLP
   One Ferry Building, Suite 355
9  San Francisco, California 94111
   Telephone:  (415) 788-8200
10 Facsimile:  (415) 788-8208
   Email: staylor@tcolaw.com
11 Email: jpatchen@tcolaw.com
12

13 *Attorneys for Plaintiffs Sharp Electronics Corporation and*
   *Sharp Electronics Manufacturing Company of America, Inc.*
14

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,* Case No. 13-cv-1173 SC | **SHARP'S EMERGENCY MOTION TO EXTEND TIME TO OBJECT TO THE FINAL APPROVAL OF THE DIRECT PURCHASER PLAINTIFFS' CLASS SETTLEMENT WITH HITACHI AND SAMSUNG DEFENDANTS AND TO APPEAR AT THE FAIRNESS HEARING** |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    Yesterday, August 20, the Court denied the motion by Sharp Electronics

2  Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA")

3  (collectively, "Sharp") to confirm that Sharp was not a part of the Direct Purchaser Plaintiff

4  ("DPP") Class settlements with the Hitachi and Samsung SDI defendants.[1]  Order Denying

5  Sharp's Mot. to Extend, MDL Dkt. No. 2746 at 7 (Aug. 20, 2014) (the "Order").  Under the terms

6  of the settlement and fairness hearing notice, objections to the class settlement were due the same

7  day as the opt-out notices, June 12.  For reasons articulated in its earlier motion, Sharp did not

8  meet the June 12 deadline for opting out and objecting and sought relief from that deadline as it

9  did not intend to be bound by the class settlements.  Until the Court's ruling yesterday, Sharp had

10  no reason to object to the Class settlements as it was seeking to confirm that it would be excluded

11  from them.  Indeed, Sharp still seeks to be excluded and it has filed today an emergency motion

12  for reconsideration of the Court order dated August 20, 2014.  If that emergency motion were to

13  be granted, then this motion would be mooted.

14    With the fairness hearing scheduled for tomorrow and the Court's August 20 order

15  potentially binding Sharp to the class settlements, Sharp immediately moves for leave to object to

16  the fairness of the settlements reached with Samsung and Hitachi and to be heard at the fairness

17  hearing on August 22.  Sharp's proposed Objections are attached as Exhibit A to the Declaration

18  of Kenneth A. Gallo ("Gallo Decl.") filed contemporaneously with this motion.

19    As the Court is well aware, Fed. R. Civ. P. 6(b) and Local Rule 6-3 permit an

20  extension of time after a deadline has passed for good cause where a party has failed to act for

21  reasons of excusable neglect.  *Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship*, 507 U.S. 380,

22  395 (1993).  The Court should consider four *Pioneer* factors: "(1) the danger of prejudice to the

23  nonmoving parties, (2) the length of delay, (3) the reason for the delay, and (4) whether the

24

25  [1] "Hitachi" refers collectively to Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Display Inc.);
Hitachi America, Ltd.; Hitachi Asia, Ltd.; and Hitachi Electronic Devices (USA) Inc.  "Samsung

26  SDI" refers collectively to Samsung SDI Co. Ltd. (f/k/a Samsung Display Devices Co., Ltd.);
Samsung SDI America, Inc.; Samsung SDI Brasil, Ltd.; Tianjin Samsung SDI Co., Ltd.; Samsung

27  Shenzhen SDI Co., Ltd.; SDI Malaysia Sdn. Bhd.; and SDI Mexico S.A. de C.V.

28

1    movant acted in good faith." Order at 4.  Under the applicable factors of Local Rule 6-3(a), the

2    movant must also: (1) set forth with particularity the reasons for the requested enlargement or

3    shortening of time; (2) describe the efforts the party has made to obtain a stipulation to the time

4    change; (3) identify the substantial harm or prejudice that would occur if the Court did not change

5    the time; (4) disclose all previous time modifications in the case, whether by stipulation or Court

6    order; and (5) describe the effect the requested time modification would have on the schedule for

7    the case.  N.D. Cal. LR 6-3(a).  Here, each factor weighs in Sharp's favor.

8            First, within one day of the Court's ruling that Sharp's opt-out notice was

9    ineffective, Sharp prepared and filed this motion in order to promptly notify the Court and other

10   parties of its intent to object to the class settlements and its request to be heard at the fairness

11   hearing.  Sharp objected as soon as it practically could, given it was seeking relief to be excluded

12   from the class settlements.  As explained previously, Sharp did not expect to be a member of the

13   DPP settlement class on the June 12, 2014 deadline and would have had no reason to object to the

14   settlements or file a notice of appearance.  Sharp and all other parties have continuously litigated

15   this case with the understanding that Sharp was not a member of any settlement class.  *See* Sharp

16   Mot. to Extend, MDL Dkt. No. 2698 at 3-4; Direct Purchaser Plaintiffs' Response to Dell and

17   Sharp Admin. Mots., MDL Dkt. No. 2715 at 3-4 ("DPP Response").

18           Second, Sharp has sought agreement and stipulation by the relevant parties to file

19   Sharp's objections, and that consent has been withheld or denied.  On August 20, 2014, counsel

20   for Sharp contacted liaison counsel for the DPP Class and counsel for Hitachi and Samsung SDI,

21   requesting an agreement and stipulation that Sharp could file objections to the Settlements and a

22   notice of appearance on August 21, 2014.  The Hitachi Defendants and Samsung SDI Defendants

23   refused to agree Sharp's request.  As of the time of this filing, the DPP Class has not responded to

24   Sharp's request.  Gallo Decl. ¶ 3.

25           Third, Sharp will be severely prejudiced if it is bound by the class settlements and

26   not provided with an opportunity to object to those settlements.  Gallo Decl. ¶ 4.  Class counsel

27   did not represent the interests of Sharp as a class member when it negotiated the settlements or

28   represented to the Court that the settlements are fair and reasonable.  To the contrary, class

SHARP'S EMERGENCY MOTION TO EXTEND TIME TO OBJECT TO DPP CLASS SETTLEMENTS
CASE NOS. 13-1173-SC; MDL NO. 1917

1   counsel has represented to the Court that it did not contemplate Sharp as a class member and it

2   has sought final approval of the settlements on the express understanding that Sharp would be

3   excluded from the class.  A fundamental premise of class action litigation is that class members

4   are protected by class counsel with a fiduciary duty to look after their interests.  That

5   circumstance is not present here.  The compensation Sharp would receive under the settlements

6   also is not adequate.

7         Fourth, Sharp has not previously requested an extension of time to file objections

8   to a settlement or notice of appearance in this case, and to Sharp's knowledge no other party has

9   filed such a request either.  Sharp and the Dell Plaintiffs separately filed motions on July 23,

10   2014, and July 22, 2014, respectively, to confirm their opt-out requests or, in the alternative,

11   enlarge the time to opt out of the Settlements.  Gallo Decl. ¶ 5.

12         Fifth, Sharp's request to extend the time to file objections to the Settlements and a

13   notice of appearance would have no effect on the schedule of this case.  Sharp seeks to file

14   objections contemporaneous with this motion and to appear at the hearing tomorrow on August

15   22, 2014.  Sharp's motion should have no effect on other scheduling matters.  Gallo Decl. ¶ 6.

16         And finally, as this Court has recognized, "it is undisputed that Sharp has acted in

17   good faith" in its efforts to remedy its late opt-out notice.  Order at 6.  As with its prior motion,

18   Sharp seeks no tactical advantage with the timing of this filing.  Rather, Sharp seeks only to

19   exercise rights as a member of the settlement class, in the event the Court does not reconsider its

20   prior ruling.  If Sharp ultimately is excluded from the class settlements, as it hopes to be, then the

21   relief sought by this motion will be unnecessary.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

SHARP'S EMERGENCY MOTION TO EXTEND TIME TO OBJECT TO DPP CLASS SETTLEMENTS
CASE NOS. 13-1173-SC; MDL NO. 1917

1        Pursuant to Federal Rule 6(b) and Local Rule 6-3, Sharp therefore requests an

2   extension of time such that its Objections to the class settlement and request to appear at the

3   fairness hearing are timely.

4

5   DATED:  August 21, 2014        By:  /s/ *Kenneth A. Gallo*

6                                      Kenneth A. Gallo (*pro hac vice*)
                                       Joseph J. Simons (*pro hac vice*)
7                                      Craig A. Benson (*pro hac vice*)
                                       **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
8                                      2001 K Street, NW
                                       Washington, DC  20006
9                                      Telephone: (202) 223-7300
                                       Facsimile: (202) 223-7420
10                                     kgallo@paulweiss.com
                                       jsimons@paulweiss.com
11                                     cbenson@paulweiss.com

12

13                                     Stephen E. Taylor (SBN 058452)
                                       Jonathan A. Patchen (SBN 237346)
14                                     **TAYLOR & COMPANY LAW OFFICES, LLP**
                                       One Ferry Building, Suite 355
15                                     San Francisco, California 94111
                                       Telephone:  (415) 788-8200
16                                     Facsimile:  (415) 788-8208
                                       Email: staylor@tcolaw.com
17                                     Email: jpatchen@tcolaw.com

18

19                                     *Attorneys for Plaintiffs*

20

21

22

23

24

25

26

27

28

SHARP'S EMERGENCY MOTION TO EXTEND TIME TO OBJECT TO DPP CLASS SETTLEMENTS
CASE NOS. 13-1173-SC; MDL NO. 1917

4