# EXHIBIT A

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7356
Email: kgallo@paulweiss.com


Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and*
*Sharp Electronics Manufacturing Company of America, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,* Case No. 13-cv-1173 SC | **SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OBJECTIONS TO THE DIRECT PURCHASER PLAINTIFF CLASS SETTLEMENT WITH HITACHI AND SAMSUNG SDI DEFENDANTS** |

1    Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing

2  Company of America, Inc. ("SEMA") (collectively, "Sharp") respectfully submit these

3  Objections to the proposed Direct Purchaser Plaintiff ("DPP") class settlement with the Hitachi

4  and Samsung SDI defendants (collectively, "Defendants").[1]  Sharp further requests to be heard at

5  the fairness hearing scheduled to occur on August 22, 2014.

6                              **PRELIMINARY STATEMENT**

7    The motion for approval of class settlement that is before the Court is based on the

8  express representation and assumption by DPP class counsel that Sharp has been excluded from

9  the class. *See* Direct Purchaser Plaintiff Class Mot. for Final Approval, MDL Dkt. No. 2728 at 19

10  n.2.  In light of yesterday's order, that is no longer the case.  We respectfully submit that a

11  different settlement that includes Sharp as a class member should not be approved without Sharp

12  having been given an opportunity to object to the settlement.  Sharp has three objections.

13    First, DPP class counsel ("DPP Counsel") has represented to the Court that DPP

14  Counsel was not representing Sharp's interests when it negotiated the settlement.  Class counsel

15  must be exercising a fiduciary duty to class members in order to protect the interests of class

16  members, and the Court has a duty to insure that class counsel is adequately representing the

17  interests of the class members when negotiating a settlement.  Here, class counsel has represented

18  unequivocally to the Court that this did not occur.  DPP Counsel did not intend for Sharp to be

19  included in the settlement class at issue.  DPP Counsel has explicitly stated so, and further stated

20  that it would have negotiated a different settlement if Sharp was to be included in the settlement

21  class. *See* Direct Purchaser Plaintiffs' Response to Dell and Sharp Administrative Motions, MDL

22  Dkt. No. 2715 at 1, 3-4 ("DPP Response").  Under these unusual circumstances – where class

23  counsel has represented that it did not seek to protect the interest of one of the potential class

24

25  [1] "Hitachi" refers collectively to Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Display Inc.);
    Hitachi America, Ltd.; Hitachi Asia, Ltd.; and Hitachi Electronic Devices (USA) Inc.  "Samsung
26  SDI" refers collectively to Samsung SDI Co. Ltd. (f/k/a Samsung Display Devices Co., Ltd.);
    Samsung SDI America, Inc.; Samsung SDI Brasil, Ltd.; Tianjin Samsung SDI Co., Ltd.; Samsung
27  Shenzhen SDI Co., Ltd.; SDI Malaysia Sdn. Bhd.; and SDI Mexico S.A. de C.V.

28

1   members – the settlement cannot be fair and reasonable.  The fundamental premise that Sharp's

2   interests as a class member were being protected by class counsel is not present.

3            Second, in this circumstance, it is not surprising that the compensation provided by

4   the settlement is inadequate.  Sharp's estimated single damages from Hitachi alone exceed the

5   entire value of the DPP Class settlement with Hitachi, and Sharp's single damages from Samsung

6   SDI are over two-thirds of the DPP Class settlement with Samsung SDI.  If Sharp is forced to join

7   the settlements, Sharp would recover an estimated only 0.39% of its direct CRT purchases from

8   Hitachi and Samsung SDI.

9            Third, Sharp is differently situated from most, if not all, other members of the DPP

10  settlement class, and Sharp's different situation was not adequately represented in the DPP class

11  settlement negotiations.  Other class members are primarily purchasers of CRT finished products,

12  such as televisions and monitors.  Sharp is one of the only plaintiffs in the case that exclusively

13  purchased CRTs from the Defendants and did not purchase CRT finished products from the

14  Defendants.  The rest of the DPP Class – which consists mostly of indirect purchasers – would

15  face additional legal hurdles and risks that Sharp, as a direct purchaser of CRTs, would not.

16  These litigation risks that Sharp does not face likely reduced the DPP class settlement.

17           As a result, the class settlement is unfair, unreasonable, and inadequate, and should

18  not be granted final approval.

19                                **BACKGROUND**

20           Sharp is a direct purchaser of CRTs and was harmed by Defendants due to their

21  participation in a conspiracy to artificially raise or maintain the prices of CRTs.  Sharp suffered

22  this harm through the purchase of approximately $334.8 million in overcharged purchases from

23  Defendants.  Sharp did not join any of the prior class settlements in this litigation, nor, as made

24  clear in Sharp's prior briefing,[2] did it intend to join this class settlement with Defendants.

25  _____

26  [2] *See generally* Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of
    America, Inc.'s Administrative Motion to Confirm Its Opt-Out Request or, in the Alternative,
27  Enlarge Time for Sharp to Opt Out of Class Settlements, MDL Dkt. No 2698 ("Sharp's Opt-Out
    Motion").

28

1    DPPs entered into separate settlements with Samsung SDI and Hitachi on

2    November 29, 2013 and February 11, 2014 respectively.  Both settlements release claims by class

3    members against Defendants in exchange for compensation from a settlement fund calculated on

4    a *pro rata* basis determined by the amount of each claimant's purchases of CRTs or CRT finished

5    products.  *See* Direct Purchaser Plaintiffs' Mem., MDL Dkt. No. 2728, Exs. 1-2.  The Court

6    granted preliminary approval of both settlements and scheduled a hearing on the final approval of

7    the settlements for August 22, 2014 to determine, among other things, "[w]hether the proposed

8    settlements are fair, reasonable, and adequate and should be granted final approval."  Order

9    Granting Class Certification, MDL Dkt. No. 2534 at 5.

10    On July 23, 2014, Sharp filed a motion seeking confirmation that it was not a

11    member of the class settlements with Defendants or in the alternative to extend the time for Sharp

12    to opt out of the settlements.  Sharp's Mot. to Confirm Opt-Out Request, MDL Dkt. No. 2698.

13    On August 20, the Court denied that motion.  Order on Sharp's Administrative Motion, MDL

14    Dkt. No. 2746 (the "Order") at 13.  As a result, Sharp has potentially become subject to the terms

15    of the settlements with Defendants despite having taken no part in, or having been considered

16    during, negotiation of those settlements.  Accordingly, Sharp objects and requests to be heard at

17    the August 22 hearing on final approval of the settlements.

18    **ARGUMENT**

19    The motion for approval of class settlements that is before the Court is based on

20    the express representation and assumption by DPP class counsel that Sharp has been excluded

21    from the class.  DPP Counsel has represented to the Court that it did not represent Sharp's

22    interests or purport settle Sharp's claims during negotiation of the settlements with Hitachi and

23    Samsung SDI.  *See* DPP Response at 1, 3-4.  Rather, counsel for the settlement class was at all

24    times operating with the understanding that Sharp was *not* a member of the settlement class.  *See*

25    DPP Response at 2; Declaration of R. Alexander Saveri ¶ 8, MDL Dkt. No. 2715-1 (filed July 28,

26    2014) (stating that DPP counsel "did not settle . . . Sharp's claims").

27    In light of yesterday's Order, however, that may no longer be the case.  *See* Order

28    at 13.  As a result, the class settlements are no longer fair, reasonable, or adequate for at least

1 three reasons:  (1) DPP class counsel admittedly did not represent Sharp's interests when

2 negotiating and agreeing to the proposed class settlement, and Sharp thus has not been adequately

3 represented; (2) the proposed settlements with Hitachi and Samsung SDI undercompensate Sharp

4 for the harm it suffered due to the conspiracy; and (3) the settlements fail to account for plaintiffs

5 like Sharp with stronger claims.[3]  A different class settlement that includes Sharp should not be

6 approved without Sharp having been given an opportunity to object to the settlement.

7 **I.       Sharp Was Not Adequately Represented by DPP Class Counsel**

8                First, DPP Counsel has represented to the Court that DPP Counsel was not

9 representing Sharp's interests when it negotiated the settlement.  Class counsel must be exercising

10 a fiduciary duty to class members during settlement negotiations in order to protect the interests

11 of class members.  *Radcliffe v. Experian Information Solutions Inc.*, 715 F.3d 1157, 1168 (9th

12 Cir. 2013) ("We hold that the district court abused its discretion in approving this settlement

13 where the class representatives and class counsel did not adequately represent the interests of the

14 class."); *Staton v. Boeing Co.*, 327 F.3d 938, 961 (9th Cir. 2003) (reversing approval of settlement

15 where "we are somewhat uneasy, reading the settlement as a whole, about whether in reaching the

16 settlement, class counsel adequately pursued the interests of the class as a whole"); *In re*

17 *California Micro Devices Sec. Litig.*, 168 F.R.D. 257, 260 (N.D. Cal. 1996) ("A critical factor in

18 determining whether a settlement is worthy of court approval under FRCP 23(e) is whether the

19 class has been 'fairly and adequately' represented by the class representative during settlement

20 negotiations.").  The Court has a duty to insure that class counsel is adequately representing the

21 interests of the class members when negotiating a settlement.  *Diaz v. Trust Terr. of Pac. Islands*,

22 876 F.2d 1401, 1408 (9th Cir.1989) ("The district court must ensure that the representative

23 plaintiff fulfills his fiduciary duty toward the absent class members, and therefore must inquire

24 into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive

25 or prejudicial."); *Ferrington v. McAfee, Inc.*, 10-CV-01455-LHK, 2012 WL 1156399 at *5 (N.D.

26 _____

27 [3] For the reasons stated in Sharp's Opt-Out Motion, Sharp also contends that notice to class
members was inadequate.

28

1  Cal. Apr. 6, 2012) ("[T]he Federal Rules of Civil Procedure have vested with the court the duty to

2  oversee the final approval of all certified class settlements.").

3          Here, class counsel has represented unequivocally to the Court that this did not

4  occur.  DPP Counsel and the Defendants themselves did not intend for Sharp to be included in the

5  settlement class at issue.  DPP Counsel has expressly stated so, and further stated that it would

6  have negotiated different settlements if Sharp was to be included in the settlement class. *See*

7  Direct Purchaser Plaintiffs' Response to Dell and Sharp Administrative Motions, MDL Dkt. No.

8  2715 at 1, 3-4 ("DPP Response").  As DPP Counsel stated in the declaration supporting Sharp's

9  Opt-Out Motion, "[b]ecause Dell and Sharp were litigating their own cases and had opted out of

10  all previous class settlements, DPPs did not include their purchases in their settlement analysis.  It

11  was clearly understood during settlement negotiations with both Hitachi and Samsung SDI that

12  Dell and Sharp were not in the class.  In other words, DPPs did not settle Dell or Sharp's claims."

13  Declaration of R. Alexander Saveri ¶ 8, MDL Dkt. No. 2715-1 (filed July 28, 2014) (emphasis

14  added); Declaration of Kenneth A. Gallo in Support of Sharp's Motion to Enlarge Time ("Gallo

15  Decl.") ¶ 13.

16  **II.      The Proposed Settlement Fails to Adequately Compensate Sharp**

17          The proposed settlement amounts also undervalue the harm to Sharp once Sharp's

18  purchases are included.  In this Circuit, "the primary purpose of the court approval requirement of

19  Fed. R. Civ. P. 23(e) is to protect the interests of class members who may not have received due

20  consideration by those negotiating the settlement." *Davis v. City & Cnty. of San Francisco*, 890

21  F.2d 1438, 1444 n.5 (9th Cir. 1989).  Sharp would not  receive due consideration under these

22  settlements.  Sharp purchased approximately $130.9 million of CRTs from Hitachi entities during

23  the overcharge period. Gallo Decl. ¶ 8.  Sharp also purchased approximately $203.9 million of

24  CRTs from Samsung SDI entities during the overcharge period. *Id.* ¶ 9.  Sharp's expert, Dr. Jerry

25  Hausman, has calculated the single damages from these purchases at $14.1 million from Hitachi

26  and at $22.5 million from Samsung SDI. *Id.* ¶ 11.  Collectively, therefore, Sharp is entitled to

27  $36.6 million in single damages from Hitachi and Samsung SDI, or **$109.8 million in treble**

28

1   **damages** based upon a total of $334.8 million in CRT purchases during the overcharge period.

2   *Id.* ¶ 10.

3          The class settlements with Hitachi and Samsung SDI disregarded the volume of

4   purchases by Sharp when they were negotiated.  The *total* class settlement with Hitachi of $13.45

5   million is *less* than Sharp's single damages from Hitachi purchases alone.  *Id.* ¶ 11.  Likewise,

6   Sharp's single damages against Samsung SDI of $22.5 million would constitute over *two-thirds*

7   of the $33 million class settlement with Samsung SDI.  *Id.*  By his own representation, the DPP

8   Counsel did not represent Sharp's interests when negotiating the DPP Class settlements with

9   Hitachi and Samsung SDI.

10          The prejudice to Sharp would be severe if Sharp were forced to accept a share of

11  the DPP Class's proposed settlements with Hitachi and Samsung SDI.  DPP Counsel has not

12  disclosed the total volume of commerce on which the Class negotiated settlements with the

13  Hitachi Defendants and the Samsung SDI Defendants, or what Sharp's share in those settlements

14  would have been had counsel for the Class negotiated to settle Sharp's claims.  But based on the

15  best information currently available, Sharp estimates that it would receive distributions of

16  approximately $500,000 from the Class settlement with Hitachi and $800,000 from the Class

17  settlement with Samsung SDI.  *Id.* ¶ 14.  Sharp estimates that its recovery from the settlement

18  fund, therefore, would amount to approximately $1.3 million – 0.39% of Sharp's total CRT

19  purchases from Hitachi and Samsung SDI.  *Id.* ¶ 15.  The settlements fail to adequately

20  compensate Sharp for the vast overcharges that resulted from the CRT conspiracy.

21  **III.    The Settlements Fail to Account for Differently Situated Plaintiffs**

22          Sharp is differently situated from most, if not all, other members of the DPP

23  settlement class.  Other class members are, as the Court has stated, "in fact indirect purchasers for

24  purposes of antitrust standing" that primarily purchased CRT finished products, such as

25  televisions and monitors.  Order Granting in Part and Denying in Part Defs.' Joint Mot. for

26  Summ. J., MDL Dkt. No. 1470 at 6.  Sharp is one of the only plaintiffs in the case that

27  exclusively purchased CRTs from the Defendants and did not purchase CRT finished products

28  from the Defendants.  The rest of the DPP Class – of mostly indirect purchasers – would face

1    additional legal hurdles and risks that Sharp, as a direct purchaser of CRTs, would not.  The Class

2    members who purchased finished products would be required to quantify and prove the amount of

3    pass-on damages, for example; Sharp would not.  Additionally, they would be required to prove

4    that the "ownership and control" exception set forth in *Royal Printing Co. v. Kimberly-Clark*

5    *Corp.*, 621 F.2d 323 (9th Cir. 1980), gives them standing to bring their antitrust claims; Sharp

6    would not.  The Class members who purchased CRT finished products outside of the U.S. would

7    be required to satisfy the standards of *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), and the

8    Foreign Trade Antitrust Improvement Act of 1982, 15 U.S.C. § 6a; Sharp would not, as over 97%

9    of Sharp's CRT purchases occurred in the United States (with the other 3% occurring outside the

10   United States but incorporated into televisions sold to Sharp in the United States).

11           Sharp, on the other hand, merely must show that there was anticompetitive

12   conduct by defendants that harmed Sharp when Sharp purchased CRTs in the United States

13   directly from the Defendants.  Sharp is not required to make the additional showings required of

14   indirect purchasers that are part of the settlement class.  As a result of these additional legal

15   hurdles that most of the DPP Class faces – but that Sharp does not – the agreed-upon recovery to

16   the DPP Class is less than what it would be were Sharp negotiating alone, to account for

17   additional litigation risk.  Also, there is no indication that the settlement distributions would take

18   into account these increased risks for indirect purchasers.  Rather, the motion for final approval

19   states that funds are to be distributed  to claimants simply on a *pro rata* basis "determined by the

20   CRT value of the product they purchased—tubes 100%, monitors 75% and televisions 50%."

21   MDL Dkt. No. 2728 at 24.

22           The settlements, therefore, improperly treat direct-purchaser and indirect-

23   purchaser claims as being on equal legal footing, which they are not.

24   ///

25   ///

26   ///

27   ///

28

1      **CONCLUSION**

2              Accordingly, Sharp requests that the Court deny final approval of the class

3      settlements.  Sharp additionally requests to be heard on these objections at the fairness hearing

4      scheduled for August 22, 2014.

5

6      DATED:  August 21, 2014          By:  /s/ *Kenneth A. Gallo*

7                                            Kenneth A. Gallo (*pro hac vice*)
                                             Joseph J. Simons (*pro hac vice*)
8                                            Craig A. Benson (*pro hac vice*)
9                                            **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
                                             2001 K Street, NW
10                                           Washington, DC  20006
                                             Telephone: (202) 223-7300
11                                           Facsimile: (202) 223-7420
                                             kgallo@paulweiss.com
12                                           jsimons@paulweiss.com
13                                           cbenson@paulweiss.com

14                                           Stephen E. Taylor (SBN 058452)
                                             Jonathan A. Patchen (SBN 237346)
15                                           **TAYLOR & COMPANY LAW OFFICES, LLP**
                                             One Ferry Building, Suite 355
16                                           San Francisco, California 94111
                                             Telephone:  (415) 788-8200
17                                           Facsimile:  (415) 788-8208
                                             Email: staylor@tcolaw.com
18                                           Email: jpatchen@tcolaw.com
19
                                             *Attorneys for Plaintiffs*
20

21

22

23

24

25

26

27

28

SHARP'S OBJECTIONS TO CLASS SETTLEMENT WITH SAMSUNG SDI AND HITACHI DEFENDANTS
CASE NO. 13-1173-SC; MDL NO. 1917

8