Guido Saveri (22349)
  guido@saveri.com
R. Alexander Saveri (173102)
  rick@saveri.com
Geoffrey C. Rushing (126910)
  grushing@saveri.com
Cadio Zirpoli (179108)
  cadio@saveri.com
Travis L. Manfredi (281779)
  travis@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for the
Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC |
| | MDL No. 1917 |
| This Document Relates to: | **DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO SHARP'S EMERGENCY MOTION TO EXTEND TIME TO OBJECT TO THE FINAL APPROVAL OF THE DIRECT PURCHASER PLAINTIFFS' CLASS SETTLEMENT WITH HITACHI AND SAMSUNG DEFENDANTS AND TO APPEAR AT THE FAIRNESS HEARING** |
| ALL DIRECT PURCHASER ACTIONS | |

The DPPs object to Sharp's motion to belatedly intervene and raise objections to the Samsung SDI and Hitachi settlements. The substantial efforts of all of the parties with respect to the settlements should not be dismissed just because Sharp missed a deadline. Sharp's attempt to deflect its own responsibility for this situation by criticizing the settlement furthers Sharp's self-interest alone, but has nothing to do with the best interests of the other class members. DPPs stand by their statements in their previous papers, but disagree with Sharp's characterization of those statements.

That Sharp failed to timely opt out of the settlement classes is not a reason to disregard the timetables set by this Court for objections to the settlement. The preliminary approval order made it clear that one who does not timely opt out must file objections to the settlements at the prescribed juncture 45 days after notice and that "will preclude a class member from objecting to the settlement." Dkt. No. 2534 at ¶ 13. This type of provision is quite common. *See, e.g., In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico on April 20, 2010*, 910 F. Supp. 2d 891, 935 (E.D. La. 2010) ("failure to comply with its objection provisions waived and forfeited any and all of a putative objector's rights to object to the Proposed Settlement, forever foreclosing the objector from making any objection to the Proposed Settlement, and binding the objector by all the terms of the Proposed Settlement and by all proceedings, orders and judgments in this matter"); *Nigh v. Humphrey's Pharmacal, Inc*., No. 12-CV-2714-MMA(DHB), 2013 WL 399179, at *6 (S.D. Cal. Jan. 29, 2013) ("[a] Class Member's failure to submit a written objection within the Opt-Out and Objection Deadline, in conformance with the procedures set forth in the Class Notice, and above, waives any right the Class Member may have to object to the settlement, the Agreement, attorneys' fees and costs, class representatives' incentive awards, or to appeal or seek other review of the Final Judgment and Order"); *Murillo v. Pacific Gas & Elec. C*o., No. CIV. 2:08-1974 WBS GGH, 2010 WL 2889728, at *6 (E.D. Cal. Nov. 2, 2011) ("[a]ny individual class member who wished to object to the settlement could do so if they filed any objection with the Clerk of the Court and served it on all counsel by the close of the opt-in/opt-out period. Otherwise, the objection was deemed waived").

Sharp's position is that even if it failed to timely opt out of the settlement class because of its own inexcusable neglect, it should be accorded a special privilege to object belatedly not provided to any other member of the settlement class. It cites no caselaw to support this proposition

1    and the DPPs are aware of none. Instead, the cases are clear that failure—even inadvertent failure—

2    to object in a timely manner is preclusive. *See, e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, 252

3    (3d Cir.2001) (objectors waived untimely objections that plaintiff class did not satisfy Rule 23(a)'s

4    requirements); *Joel A. v. Giuliani*, 218 F.3d 132, 140 (2d Cir.2000) (same); *Cook v. McCarron*,

5    Nos. 92 C 7042 & 95 C 0828, 1997 WL 47448, at *17 (N.D.Ill. Jan. 22, 1997) (motion to file

6    untimely objections denied); *In re Centocor, Inc. Secs.Litig.*, No. 92-CV-1071, 1993 WL 189937, at

7    *3 n.5 (E.D. Pa. June 2, 1993) (court refused to consider late objections); *Haynes v. Shoney's, Inc.*,

8    No. 89-30093-RV, 1993 WL 19915, at *1 (N.D. Fla. Jan. 25, 1993) (filing objections two days after

9    deadline "would be reason enough to reject . . . objection"); *Roberts v. Heim*, Nos. 84-8069 TEH, C

10   87-6174 TEH, & C 88-3373 TEH, 1991 WL 427888, at *1 (N.D. Cal. Aug. 28, 1991) (no

11   legitimate excuse for filing objections two weeks late). Sharp is entitled to no special dispensation

12   from this rule.

13        Even if the Court were to consider Sharp's arguments in support of its attempt to make

14   belated objections, they are unpersuasive. Sharp contends that the DPPs' counsel did not represent

15   its interests as a class member in negotiating the settlements. Dkt. No. 2751 at 2. But class counsel

16   have a duty to the class *as a whole, not* to *specific members* of it. *See Parker v. Anderson*, 667 F.2d

17   1204, 1211 (5th Cir. 1982). Moreover, any suggestion that class counsel breached a duty to Sharp

18   has no merit. Class counsel had no authority to speak for Sharp or Dell, both of whom had their

19   own separate counsel and had filed their own separate lawsuits.

20        Sharp also fails to demonstrate that the settlement, viewed as a whole, is unfair or

21   unreasonable, even if it is included as a class member. Sharp's assertions about the value of its

22   claims effectively assume, for example, that its damage claims will be unchallenged. But the

23   amount of estimated single damages considered in reaching a settlement is normally discounted for

24   litigation risk. Sharp fails to account for these litigation risks. Sharp also discusses possible treble

25   damages on its claims, but the fairness of a settlement is not required to be evaluated with reference

26   to trebled amounts. *See Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 324-25 (3d Cir. 2011). In short, if

27   Sharp had been known to be part of the settlement class at the time of negotiations, there is no basis

28   to conclude that the amount of the settlements would have been substantially different.

Sharp's papers also demonstrate that it does not purport to represent the best interests of the class. Given that Sharp has brought a separate action against the defendants and sought to exclude itself from the class, Sharp's interests appear to be self-serving, and not necessarily aligned with the interest of the class taken as a whole.[1] Sharp never acknowledges that its objection, if allowed, would be extremely prejudicial to the class. While the objection is meritless, it could potentially result in an appeal, which would impact the finality of the settlements, and therefore could delay the disbursement of settlement proceeds to class members.

Finally, when the DPPs previously referred to potential substantial dilution of the value of the claims of other members of the settlement class, they were referring to the addition to the settlement class of *Sharp and Dell together*. Dkt. No. 2715 at 4. The $1.6 billion figure they used was based on Dell's estimated purchases because they did not have any corresponding figures for Sharp. Now Sharp has revealed that its best estimate of relevant purchases from Samsung SDI and Hitachi is $334.8 million, and that it will be entitled to $1.3 million of the $46.45 million settlement consideration. Thus, any dilutive effect of adding only Sharp to the settlement class in no way renders the proposed settlements unfair or unreasonable.

DATED: August 21, 2014

Respectfully submitted,

/s/ *Guido Saveri*
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
Travis L. Manfredi (281779)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for the*
*Direct Purchaser Plaintiffs*

---

[1] For example, as this Court has already determined, Sharp's assertion that class members who purchased from entities owned or controlled by Defendants must prove pass-through is wrong. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 911 F. Supp. 2d 857, 871 (N.D. Cal. 2011) ("*Royal Printing* explicitly addressed the issue of apportioning damages and held that, in cases proceeding under the ownership and control exception, no apportionment is needed; plaintiffs are permitted to sue 'for the entire overcharge.'").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joseph W. Cotchett
Steven N. Williams
Adam J. Zapala
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Bruce L. Simon
Aaron M. Sheanin
PEARSON, SIMON & WARSHAW LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone:  (415) 433-9000
Facsimile:  (415) 433-9008

H. Laddie Montague, Jr.
Ruthanne Gordon
Charles P. Goodwin
Candice Enders
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (800) 424-6690
Facsimile: (215) 875-4604

Michael P. Lehmann
HAUSFELD LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:  (415) 633-1908
Facsimile:  (415) 358-4980

Gary Specks
KAPLAN FOX
423 Sumac Road
Highland Park, IL 60035
Telephone: (847) 831-1585
Facsimile: (847) 831-1580

Douglas A. Millen
William H. London
FREED KANNER LONDON & MILLEN
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4519

DPPS' OPP. TO SHARP'S MOTION TO EXTEND TIM TO
OBJECT TO FINAL APPROVAL OF SETTLEMENTS
Master File No. CV-07-5944-SC

1
2
3
4

Eric B. Fastiff
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

5
6
7
8
9

W. Joseph Bruckner
Elizabeth R. Odette
LOCKRIDGE GRINDAL NAUEN P.L.L.P
100 Washington Avenue S
Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900
Facsimile: (612) 339-0981

*Attorneys for Plaintiffs*

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DPPS' OPP. TO SHARP'S MOTION TO EXTEND TIM TO
OBJECT TO FINAL APPROVAL OF SETTLEMENTS
Master File No. CV-07-5944-SC