SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar No. 253929
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com
              dballard@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF MICHAEL W. SCARBOROUGH IN SUPPORT OF SDI DEFENDANTS' OPPOSITION TO (1) SHARP'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF MOTION TO ENLARGE SHARP'S TIME TO OPT OUT; (2) SHARP'S MOTION FOR EXTENSION OF TIME TO OBJECT TO SETTLEMENTS WITH DIRECT PURCHASER PLAINTIFFS; AND (3) SHARP'S OBJECTIONS TO SETTLEMENTS WITH DIRECT PURCHASER PLAINTIFFS** |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | |

I, MICHAEL W. SCARBOROUGH, hereby declare:

1. I am an attorney licensed to practice law in the State of California and in the United States District Court for the Northern District of California. I am a partner with the firm of Sheppard, Mullin, Richter and Hampton LLP, counsel of record for defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. (collectively "SDI") in this matter. I make this declaration in support of SDI's opposition to (1) Sharp's Motion for Leave to File Motion for Reconsideration of Court's Order Denying Sharp's Motion to Enlarge Time to Opt Out (Dkt. No. 2750); (2) Sharp's Motion For Extension of Time to Object To Direct Purchaser Plaintiff Settlements (Dkt. No. 2751); and (3) Sharp's Objections to SDI's Settlement with the Direct Purchaser Plaintiffs (Dkt. No. 2751-2).

2. As outside counsel for SDI, I was involved in the negotiation of SDI's settlement with the Direct Purchaser Plaintiffs in this litigation (the "settlement"). The settlement was the result of extensive negotiations, during which the parties expressed widely divergent views on almost every issue in the case—including which sales and customers were properly at issue, and the appropriate volume of commerce, overcharge, and damages assumptions.

3. The parties did not come to a resolution or compromise with respect to these disputes, and there was no mathematical formula, or list of agreed-upon sales or customers, used for arriving at the final settlement figure. Instead, the final terms of the settlement were the direct result of extensive compromise and a Mediator's proposal that made no attempt to articulate which customers or sales were or were not reflected in the settlement.

4. During negotiations, counsel for the Direct Purchaser Plaintiffs took the position that the potentially relevant volume of commerce included tens of billions of dollars in CRT tube and finished product purchases.

5. SDI was aware of the differing legal issues that may confront direct and indirect purchasers and negotiated its settlement with the Direct Purchaser Plaintiffs accordingly.

-2-

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct to the best of my knowledge.

4  DATED: August 21, 2014

7                               By    */s/ Michael W. Scarborough*
                                         MICHAEL W. SCARBOROUGH