BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Philips Electronics*
*North America Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>Individual Case No. 3:14-cv-02510 |
| VIEWSONIC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CHUNGHWA PICTURE TUBES, LTD., ET AL.,<br><br>Defendants. | **ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC CORPORATION'S COMPLAINT** |

Defendant Philips Electronics North America Corporation ("PENAC"), by and through its undersigned counsel of record, answers Viewsonic Corporation's ("Plaintiff") Complaint (the "Complaint") and alleges additional or affirmative defenses as follows. PENAC denies each and every allegation in the Complaint's section headings asserted herein and in all portions of the Complaint not contained in numbered paragraphs. To the extent that the Complaint's allegations concern persons and/or entities other than PENAC, PENAC denies that such allegations support any claim for relief against PENAC. PENAC denies any allegations not explicitly admitted herein.

## I. INTRODUCTION[1]

1. To the extent that the allegations in Paragraph 1 state legal contentions, no response is required. To the extent that the allegations in Paragraph 1 are definitional, no response is required. PENAC avers that the use of the terms "CPTs," "CDTs," and "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations of the Complaint indefinite and uncertain. To the extent that the allegations in Paragraph 1 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 1 relate to PENAC, PENAC denies all of the allegations.

2. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, and technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 2 indefinite and uncertain. To the extent that the allegations in Paragraph 2 state legal contentions, no response is required. To the extent that the allegations in Paragraph 2 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 2 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as

[1] The Headings in this Answer correspond to the headings in the Complaint for ease of reference.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC CORPORATION'S COMPLAINT

to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 2 relate to PENAC, PENAC denies all of the allegations.  PENAC denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Complaint and alleged in Paragraph 2.

3.      To the extent that the allegations in Paragraph 3 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 3 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 3 relate to PENAC, PENAC denies all of the allegations.

4.      To the extent that the allegations in Paragraph 4 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 4 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 4 relate to PENAC, PENAC denies all of the allegations.

5.      To the extent that the allegations in Paragraph 5 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 5 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 5 and its subparts relate to PENAC, PENAC denies all of the allegations.

6.      To the extent that the allegations in Paragraph 6 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 6 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 6 relate to PENAC, PENAC denies all of the allegations.

7.      To the extent that the allegations in Paragraph 7 state legal contentions, no response is required.  PENAC lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 7 and, on that basis, denies them.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC CORPORATION'S COMPLAINT

8.       To the extent that the allegations in Paragraph 8 relate to other defendants, PENAC lacks knowledge or information to form a belief as to their truth and, on that basis, denies them.  PENAC admits that government authorities in the United States and other countries have commenced investigations of the CRT industry, the details of which are matters of public record and such records speak for themselves.  PENAC admits that an indictment was issued against C.Y. Lin, the details of which are matters of public record and such records speak for themselves. PENAC admits that other individuals have been indicted by the DOJ, the details of which are matters of public record and such records speak for themselves.

9.       To the extent that the allegations in Paragraph 9 refer to public statements and filings by government authorities, those statements and filings speak for themselves and no response is required.  To the extent that the allegations in Paragraph 9 relate to other defendants, PENAC lacks knowledge or information to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 9 relate to PENAC, PENAC denies them.

10.      PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 10 indefinite and uncertain.  To the extent that the allegations in Paragraph 10 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 10 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 10 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 10 relate to PENAC, PENAC denies all of the allegations.  PENAC denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Complaint and alleged in Paragraph 10.

## II.       ALLEGATIONS CONCERNING JURISDICTION AND VENUE

11.      PENAC avers that the use of the term "CRTs," which improperly conflate

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 11 indefinite and uncertain.   PENAC admits that Plaintiff purports to bring this action to obtain injunctive relief under Section 16 of the Clayton Act, and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1), but denies that Plaintiff is entitled to any relief under those statutes.

12.     The allegations in Paragraph 12 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that the allegations in Paragraph 12 require a response, PENAC denies that this district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Complaint.

13.     The allegations in Paragraph 13 regarding jurisdiction constitute legal contentions to which no response is required.  PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 13 indefinite and uncertain.  To the extent that a response is required and the allegations in Paragraph 13 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 13 relate to PENAC, PENAC denies these allegations.

14.     The allegations in Paragraph 14 regarding jurisdiction constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in Paragraph 14 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that a response is required and the allegations in Paragraph 14 relate to PENAC, PENAC denies that this district has subject matter jurisdiction based on the conduct of PENAC as alleged in the Complaint.

15.     The allegations in Paragraph 15 regarding venue constitute legal contentions to which no response is required.  To the extent that a response is required and the allegations in

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

Paragraph 15 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 15 relate to PENAC, PENAC denies these allegations and denies that venue lies in this Court based on the conduct of PENAC as alleged in the Complaint.

### III. ALLEGATIONS CONCERNING THE PARTIES

16. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 16 indefinite and uncertain. To the extent that the allegations in Paragraph 16 state legal contentions, no response is required. To the extent that the allegations in Paragraph 16 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 16 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 16 relate to PENAC, PENAC denies them.

17. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 17 indefinite and uncertain. To the extent that the allegations in Paragraph 17 state legal contentions, no response is required. To the extent that the allegations in Paragraph 17 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. PENAC otherwise denies all allegations in Paragraph 17.

18. The allegations in Paragraph 18 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies them.

19.     The allegations in Paragraph 19 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies them.

20.     The allegations in Paragraph 20 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies them.

21.     The allegations in Paragraph 21 are an explanation of terminology, for which no response is required.

22.     To the extent that the allegations in Paragraph 22 state legal contentions, no response is required.  PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and Koniklijke Philips N.V. ("KPNV") transferred its entire CRT business into the 50/50 CRT joint venture.  The remaining allegations in Paragraph 22 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and, on that basis, denies them.

23.     The allegations in Paragraph 23 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies them.

24.     The allegations in Paragraph 24 are an explanation of terminology, for which no response is required.

25.     To the extent that the allegations in Paragraph 25 state legal contentions, no response is required.  PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 independent joint venture.  To the extent the allegations in Paragraph 25 are not directed at PENAC, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies them.

26. The allegations in Paragraph 26 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies them.

27. The allegations in Paragraph 27 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies them.

28. The allegations in Paragraph 28 are an explanation of terminology, for which no response is required.

29. The allegations in Paragraph 29 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies them.

30. The allegations in Paragraph 30 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies them.

31. To the extent that the allegations in Paragraph 31 state legal contentions, no response is required. To the extent that the allegations in Paragraph 31 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth, and, on that basis, denies them. PENAC admits that KPNV is a Dutch entity with its principal place of business at Breitner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, but avers that KPNV legally changed its corporate name to Koninklijke Philips N.V. from Koninklijke Philips Electronics N.V. PENAC admits that Philips & Co. was founded in 1891 but denies the remaining allegations found in the second and third sentences of Paragraph 31. PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and KPNV transferred its entire CRT business into the 50/50 joint venture. PENAC denies that it manufactured, marketed, sold and/or distributed CRTs on behalf of KPNV in the United States. PENAC denies any remaining allegations in Paragraph 31.

32. PENAC admits that it is a Delaware corporation with its principal place of

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

business at 3000 Minuteman Rd., Andover, MA 01810. PENAC admits that it is an indirect subsidiary of KPNV. Owing to the vagueness of "CRTs," PENAC denies the third sentence of Paragraph 32. PENAC denies that KPNV dominated or controlled its finances, policies, and affairs. KPNV denies any remaining allegations in Paragraph 32.

33. The allegations in Paragraph 33 are not directed at PENAC, and therefore no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, on that basis, denies them.

34. The allegations in Paragraph 34 are not directed at PENAC, and therefore no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, denies them.

35. The allegations in Paragraph 35 are an explanation of terminology, for which no response is required. PENAC avers, however, that Paragraph 35 renders the Complaint indefinite and uncertain as to PENAC.

36. The allegations in Paragraph 36 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies them.

37. The allegations in Paragraph 37 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, denies them.

38. The allegations in Paragraph 38 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies them.

39. The allegations in Paragraph 39 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies them.

40. The allegations in Paragraph 40 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies them.

41.     The allegations in Paragraph 41 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, denies them.

42.     The allegations in Paragraph 42 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies them.

43.     The allegations in Paragraph 43 are an explanation of terminology, for which no response is required.

44.     The allegations in Paragraph 44 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, denies them.

45.     The allegations in Paragraph 45 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, denies them.

46.     The allegations in Paragraph 46 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, denies them.

47.     The allegations in Paragraph 47 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, denies them.

48.     The allegations in Paragraph 48 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, on that basis, denies them.

49.     The allegations in Paragraph 49 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies them.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

50. The allegations in Paragraph 50 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, on that basis, denies them.

51. The allegations in Paragraph 51 are an explanation of terminology, for which no response is required.

52. The allegations in Paragraph 52 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53. The allegations in Paragraph 53 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, on that basis, denies them.

54. To the extent that the allegations in Paragraph 54 are an explanation of terminology, no response is required. The allegations in Paragraph 54 also are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies them.

55. The allegations in Paragraph 55 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies them.

56. The allegations in Paragraph 56 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, on that basis, denies them.

57. The allegations in Paragraph 57 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, on that basis, denies them.

58. The allegations in Paragraph 58 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 58 and, on that basis, denies them.

59.     The allegations in Paragraph 59 are an explanation of terminology, for which no response is required.

60.     The allegations in Paragraph 60 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, denies them.

61.     The allegations in Paragraph 61 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies them.

62.     The allegations in Paragraph 62 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, on that basis, denies them.

63.     The allegations in Paragraph 63 are an explanation of terminology, for which no response is required.

**IV.     ALLEGATIONS CONCERNING AGENTS AND CO-CONSPIRATORS**

64.     The allegations of Paragraph 64 state legal contentions to which no response is required.  To the extent a response is required and the allegations in Paragraph 64 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 64 relate to PENAC, PENAC denies all of the allegations.

65.     The allegations in Paragraph 65 are ambiguous and/or unintelligible. To the extent that the allegations in Paragraph 65 state legal contentions, no response is required.  To the extent a response is required and the allegations in Paragraph 65 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 65 relate to PENAC, PENAC denies all of the allegations.

66.     The allegations in Paragraph 66 are not directed at PENAC and, therefore, no

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

response is required. Additionally, the allegations in Paragraph 66 state legal contentions, for which no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, on that basis, denies them.

67. The allegations in Paragraph 67 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, denies them.

68. The allegations in Paragraph 68 are an explanation of terminology, for which no response is required.

69. The allegations in Paragraph 69 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies them.

70. The allegations in Paragraph 70 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies them.

71. The allegations in Paragraph 71 are not directed at PENAC and, therefore, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, on that basis, denies them.

72. The allegations of Paragraph 72 state legal contentions to which no response is required. To the extent a response is required and the allegations in Paragraph 72 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 72 relate to PENAC, PENAC denies all of the allegations.

## V. ALLEGATIONS CONCERNING TRADE AND COMMERCE

73. The allegations in Paragraph 73 regarding "continuous and uninterrupted flow of interstate commerce and foreign commerce" are legal contentions to which no response is required. To the extent that a response is required and the allegations in Paragraph 73 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their

truth and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 73 relate to PENAC, PENAC denies all of the allegations.

74. The allegations in Paragraph 74 state legal contentions to which no response is required. To the extent a response is required and the allegations relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 74 relate to PENAC, PENAC denies them.

75. The allegations in Paragraph 75 state legal contentions to which no response is required. To the extent a response is required and the allegations in Paragraph 75 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 75 relate to PENAC, PENAC denies them.

## VI. FACTUAL ALLEGATIONS

76. PENAC admits that the allegations in Paragraph 76 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

77. PENAC admits that the allegations in Paragraph 77 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

78. PENAC admits that the allegations in Paragraph 78 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

79. PENAC admits that the allegations in Paragraph 79 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

80. PENAC admits that the allegations in Paragraph 80 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

81. PENAC admits that the allegations in Paragraph 81 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

82. PENAC admits that the allegations in Paragraph 82 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC CORPORATION'S COMPLAINT

83.     PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 83 indefinite and uncertain.   To the extent that the allegations in Paragraph 83 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 83 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.   To the extent that the allegations in Paragraph 83 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.   To the extent that the allegations in Paragraph 83 relate to PENAC, PENAC denies all of the allegations.   In particular, PENAC denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Complaint and alleged in Paragraph 83.

84.     PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 84 indefinite and uncertain.   To the extent that the allegations in Paragraph 84 state legal contentions, no response is required.   To the extent that the allegations in Paragraph 84 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.   To the extent that the allegations in Paragraph 84 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.   To the extent that the allegations in Paragraph 84 relate to PENAC, PENAC denies all of the allegations.

85.     PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 85 indefinite and uncertain.   To the extent that the allegations in

Paragraph 85 state legal contentions, no response is required.  PENAC denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Complaint and alleged in Paragraph 85.

86.     The allegations in Paragraph 86 are legal contentions to which no response is required.  To the extent that a response is required, PENAC denies every allegation in Paragraph 86.

87.     The allegations in Paragraph 87 are legal contentions to which no response is required.  To the extent that the allegations in Paragraph 87 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent a response is required and the allegations in Paragraph 87 relate to PENAC, PENAC denies all allegations.

88.     To the extent that the allegations in Paragraph 88 state legal contentions, no response is required.  To the extent that the other allegations in Paragraph 88 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 88 relate to PENAC, PENAC denies all of the allegations.

89.     The allegations in Paragraph 89 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 89 are not directed at PENAC, and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, on that basis, denies them.

90.     PENAC avers that the use of the term "Philips" renders the allegations in Paragraph 90 indefinite and uncertain as to PENAC.  The allegations in Paragraph 90 are legal contentions to which no response is required.  To the extent that a response is required, PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and PENAC transferred its entire CRT business into the 50/50 joint venture.  To the extent that the allegations in Paragraph 90 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

them. To the extent that the allegations in Paragraph 90 relate to PENAC, PENAC denies all of the allegations.

91. The allegations in Paragraph 91 are legal contentions to which no response is required. To the extent a response is required, PENAC denies the allegations in Paragraph 91.

92. PENAC avers that the use of the term "Philips" renders the allegations in Paragraph 92 and its subparts indefinite and uncertain as to PENAC. To the extent that the allegations in Paragraph 92 and its subparts state legal contentions, no response is required. PENAC admits that in 2001, LG.Philips Displays was formed when LG Electronics, Inc. transferred its entire CRT business and PENAC transferred its entire CRT business into the 50/50 joint venture. PENAC admits that LG.Philips LCD Co., Ltd. was formed in 1999. PENAC denies that it was supplied "CRTs" from Samtel. To the extent that the remaining allegations in Paragraph 92 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 92 and its subparts relate to PENAC, PENAC denies them.

93. The allegations in Paragraph 93 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 93 require a response, PENAC denies all of the allegations.

94. The allegations in Paragraph 94 are legal contentions to which no response is required. To the extent a response is required and that the allegations in Paragraph 94 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and that the allegations in Paragraph 94 relate to PENAC, PENAC denies all of the allegations.

95. The allegations in Paragraph 95 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 95 require a response, PENAC denies all of the allegations.

96. The allegations in the second sentence of Paragraph 96 are a legal contention to which no response is required. PENAC otherwise lacks knowledge or information to form a

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

belief as to the truth of the remaining allegations in Paragraph 96 and, on that basis, denies them.

97. The allegation in the second sentence of Paragraph 97 is a legal contention to which no response is required. PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 97 and, on that basis, denies them. To the extent a response is required and the remaining allegations in Paragraph 97 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the remaining allegations in Paragraph 97 relate to PENAC, PENAC denies all of the allegations.

98. The allegations in Paragraph 98 are legal contentions to which no response is required. To the extent a response is required, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 98 and, on that basis, denies them.

99. The allegations in Paragraph 99 are legal contentions to which no response is required. To the extent a response is required, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 99 and, on that basis, denies them.

100. The allegations in Paragraph 100 are legal contentions to which no response is required. To the extent a response is required, PENAC lacks knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 100 and, on that basis, denies them.

101. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 101 indefinite and uncertain. The allegations in Paragraph 101 are legal contentions to which no response is required. To the extent a response is required and the allegations in Paragraph 101 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 101 relate to PENAC, PENAC denies all of the allegations.

MDL 1917

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

102.    The allegations in Paragraph 102 are legal contentions to which no response is required.  To the extent a response is required, PENAC denies all of the allegations in Paragraph 102.

103.    To the extent that the allegations in Paragraph 103 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 103 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 103 relate to PENAC, PENAC denies all of the allegations.

104.    The allegations in Paragraph 104 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and, on that basis, denies them.

105.    The allegations in Paragraph 105 state legal contentions to which no response is required.  To the extent that the allegations in Paragraph 105 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 105 relate to PENAC, PENAC denies all of the allegations.

106.    PENAC avers that the use of the term "Philips" renders the allegations in Paragraph 106 indefinite and uncertain as to PENAC.  To the extent that the allegations in Paragraph 106 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 106 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 106 relate to PENAC, PENAC denies them.

107.    The allegations in Paragraph 107 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and, on that basis, denies them.

108.    To the extent that the allegations in Paragraph 108 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 108 relate to other

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

1    defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

2    and, on that basis, denies them.  To the extent that the allegations in Paragraph 108 relate to

3    PENAC, PENAC denies them.

4         109.    The allegations in Paragraph 109 state legal contentions to which no response is

5    required.  To the extent a response is required, PENAC denies each and every allegation of

6    Paragraph 109.

7         110.    To the extent that the allegations in Paragraph 110 state legal contentions, no

8    response is required.  To the extent that the allegations in Paragraph 110 relate to other

9    defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

10   and, on that basis, denies them.  To the extent that the allegations in Paragraph 110 relate to

11   PENAC, PENAC denies all of the allegations.

12        111.    To the extent that the allegations in Paragraph 111 state legal contentions, no

13   response is required.  To the extent that the allegations in Paragraph 111 relate to other

14   defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

15   and, on that basis, denies them.  To the extent that the allegations in Paragraph 111 relate to

16   PENAC, PENAC denies all of the allegations.

17        112.    To the extent that the allegations in Paragraph 112 state legal contentions, no

18   response is required.  To the extent that the allegations in Paragraph 112 relate to other

19   defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

20   and, on that basis, denies them.  To the extent that the allegations in Paragraph 112 relate to

21   PENAC, PENAC denies all of the allegations.

22        113.    To the extent that the allegations in Paragraph 113 state legal contentions, no

23   response is required.  To the extent that the allegations in Paragraph 113 relate to other

24   defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth

25   and, on that basis, denies them.  To the extent that the allegations in Paragraph 113 relate to

26   PENAC, PENAC denies all of the allegations.

27        114.    To the extent that the allegations in Paragraph 114 state legal contentions, no

28

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

response is required. To the extent that the allegations in Paragraph 114 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 114 relate to PENAC, PENAC denies all of the allegations.

115. PENAC avers that the use of the term "Philips" renders the allegations in Paragraph 115 indefinite and uncertain as to PENAC. To the extent that the allegations in Paragraph 115 state legal contentions, no response is required. To the extent that the allegations in Paragraph 115 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 115 relate to PENAC, PENAC denies all of the allegations.

116. To the extent that the allegations in Paragraph 116 state legal contentions, no response is required. To the extent that the allegations in Paragraph 116 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 116 relate to PENAC, PENAC denies all of the allegations.

117. To the extent that the allegations in Paragraph 117 state legal contentions, no response is required. To the extent that the allegations in Paragraph 117 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 117 relate to PENAC, PENAC denies all of the allegations.

118. To the extent that the allegations in Paragraph 118 state legal contentions, no response is required. To the extent that the allegations in Paragraph 118 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 118 relate to PENAC, PENAC denies all of the allegations.

119. To the extent that the allegations in Paragraph 119 state legal contentions, no response is required. To the extent that the allegations in Paragraph 119 relate to other

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 119 relate to PENAC, PENAC denies all of the allegations.

120. The allegations in Paragraph 120 state legal contentions to which no response is required. To the extent that a response is required and the allegations in Paragraph 120 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 120 relate to PENAC, PENAC denies all of the allegations.

121. To the extent that the allegations in Paragraph 121 state legal contentions, no response is required. To the extent that the allegations in Paragraph 121 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 121 relate to PENAC, PENAC denies all of the allegations.

122. To the extent that the allegations in Paragraph 122 state legal contentions, no response is required. To the extent that the allegations in Paragraph 122 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the remaining allegations in Paragraph 122 relate to PENAC, PENAC denies all of the allegations.

123. To the extent that the allegations in Paragraph 123 and its subparts state legal contentions, no response is required. To the extent that the allegations in Paragraph 123 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 123 and its subparts relate to PENAC, PENAC denies all of the allegations.

124. To the extent that the allegations in Paragraph 124 state legal contentions, no response is required. To the extent that the allegations in Paragraph 124 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 124 relate to

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

PENAC, PENAC denies all of the allegations.

125. To the extent that the allegations in Paragraph 125 state legal contentions, no response is required. To the extent that the allegations contained in Paragraph 125 refer to public filings by government authorities, those filings speak for themselves and no response is required. To the extent that the allegations in Paragraph 125 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 125 relate to PENAC, PENAC denies all of the allegations.

126. To the extent that the allegations in Paragraph 126 state legal contentions, no response is required. To the extent that the allegations in Paragraph 126 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 126 relate to PENAC, PENAC denies all of the allegations.

127. To the extent that the allegations in Paragraph 127 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 127 relate to PENAC, PENAC denies all of the allegations.

128. To the extent that the allegations in Paragraph 128 state legal contentions, no response is required. To the extent that the allegations in Paragraph 128 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 128 relate to PENAC, PENAC denies all of the allegations.

129. To the extent that the allegations in Paragraph 129 state legal contentions, no response is required. With respect to the allegations in the third sentence of Paragraph 129, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies them. To the extent that the remaining allegations in Paragraph 129 relate to other defendants, PENAC lacks knowledge or information sufficient to

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

form a belief as to their truth and, on that basis, denies them. To the extent that the remaining allegations in Paragraph 129 relate to PENAC, PENAC denies all of the allegations.

130. To the extent that the allegations in Paragraph 130 state legal contentions, no response is required. To the extent that the allegations in Paragraph 130 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 130 relate to PENAC, PENAC denies all of the allegations.

131. To the extent that the allegations in Paragraph 131 state legal contentions, no response is required. To the extent that the allegations in Paragraph 131 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 131 relate to PENAC, PENAC denies all of the allegations.

132. To the extent that the allegations in sentence one of Paragraph 132 are an explanation of terminology, no response is required. To the extent that the allegations in Paragraph 132 state legal contentions, no response is required. PENAC avers that Plaintiff's reference to "a corporate family or companies by a single name in its allegations of participation in the conspiracy" renders the Complaint indefinite and uncertain. To the extent that the remaining allegations in Paragraph 132 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the remaining allegations in Paragraph 132 relate to PENAC, PENAC denies all of the allegations.

133. To the extent that the allegations in Paragraph 133 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 133 refer to public filings and statements by other defendants, those filings and statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 133 purport to quote a press release, that press release speaks for itself and no response is required. To the extent that the

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

allegations in Paragraph 133 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 133 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. PENAC denies any remaining allegations in Paragraph 133.

134. To the extent that the allegations in Paragraph 134 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 134 purport to quote a press release or other documents, the press release or other documents speak for themselves and no response is required. To the extent that the allegations in Paragraph 134 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, on that basis, denies them.

135. To the extent that the allegations in Paragraph 135 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 135 purport to quote a press release or other documents, the press release or other documents speak for themselves and no response is required. To the extent that the allegations in Paragraph 135 refer to filings and statements made by other defendants, those filings and statements speak for themselves and no response is required.

136. PENAC avers that the use of the term "Philips" renders the allegations in Paragraph 136 and its subparts indefinite and uncertain. To the extent that the allegations in Paragraph 136 and its subparts state legal contentions, no response is required. To the extent that the allegations in Paragraph 136 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 136 and its subparts relate to PENAC, PENAC denies all of them.

137.    To the extent that the allegations in Paragraph 137 and its subparts state legal contentions, no response is required.  To the extent that the allegations in Paragraph 137 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 137 and its subparts relate to PENAC, PENAC denies all of them.

138.    The allegations in Paragraph 138 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 138 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 138 relate to PENAC, PENAC denies of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, on that basis, denies them.

139.    The allegations in Paragraph 139 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 139 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, on that basis, denies them.

140.    The allegations in Paragraph 140 state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 140 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 140 relate to PENAC, PENAC denies of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, on that basis, denies them.

141.    The allegations in Paragraph 141 and its subparts state legal contentions to which no response is required.  Additionally, the allegations in Paragraph 141 and its subparts are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 141 and its subparts relate to PENAC, PENAC denies all of the allegations.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and its subparts and, on that basis, denies them.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC CORPORATION'S COMPLAINT

142.    The allegations in Paragraph 142 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 142 are not directed at PENAC and, therefore, no response is required.    To the extent that the allegations in Paragraph 142 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and, on that basis, denies them.

143.    PENAC avers that the use of the term "Philips" renders the allegations in Paragraph 143 indefinite and uncertain as to PENAC.   The allegations in Paragraph 143 also state legal contentions to which no response is required.   Additionally, the allegations in Paragraph 143 are not directed at PENAC and, therefore, no response is required.    To the extent that the allegations in Paragraph 143 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies them.

144.    The allegations in Paragraph 144 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 144 are not directed at PENAC and, therefore, no response is required.    To the extent that the allegations in Paragraph 144 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, denies them.

145.    PENAC avers that the use of the term "Philips" renders the allegations in Paragraph 145 indefinite and uncertain as to PENAC.   To the extent that the allegations in Paragraph 145 state legal contentions, no response is required.   To the extent the allegations in Paragraph 145 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.   To the extent the allegations in Paragraph 145 relate to PENAC, PENAC denies all of the allegations.   PENAC specifically denies that any employee of LP Displays or LG.Philips Displays previously attended any meeting described in this Paragraph on its behalf.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

146. The allegations in Paragraph 146 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 146 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 146 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, denies them.

147. The allegations in Paragraph 147 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 147 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 147 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and, on that basis, denies them.

148. The allegations in Paragraph 148 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 148 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 148 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, denies them.

149. The allegations in Paragraph 149 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 149 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 149 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, denies them.

150. PENAC avers that the use of the term "Philips" renders the allegations in Paragraph 150 indefinite and uncertain as to PENAC. To the extent that the allegations in Paragraph 150 state legal contentions, no response is required. PENAC denies that it participated

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

in any such "glass meetings" or "bilateral discussions" after 2001 "through" LG.Philips Displays. To the extent that the allegations in Paragraph 150 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. In all other respects, PENAC denies the allegations in Paragraph 150.

151. To the extent that the allegations in Paragraph 151 state legal contentions, no response is required. To the extent that the allegations in Paragraph 151 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 151 relate to PENAC, PENAC denies them. PENAC denies any remaining allegations in Paragraph 151.

152. The allegations in Paragraph 152 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 152 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 152 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and, on that basis, denies them.

153. The allegations in Paragraph 153 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 153 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 153 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, on that basis, denies them.

154. The allegations in Paragraph 154 state legal contentions to which no response is required. Additionally, the allegations in Paragraph 154 are not directed at PENAC and, therefore, no response is required. To the extent that the allegations in Paragraph 154 relate to PENAC, PENAC denies all of the allegations. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, denies them.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC CORPORATION'S COMPLAINT

155.    The allegations in Paragraph 155 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 155 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 155 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, on that basis, denies them.

156.    The allegations in Paragraph 156 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 156 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 156 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, on that basis, denies them.

157.    The allegations in Paragraph 157 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 157 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 157 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, on that basis, denies them.

158.    The allegations in Paragraph 158 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 158 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 158 relate to PENAC, PENAC denies all of the allegations.    PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, denies them.

159.    The allegations in Paragraph 159 state legal contentions to which no response is required.    Additionally, the allegations in Paragraph 159 are not directed at PENAC and, therefore, no response is required.  To the extent that the allegations in Paragraph 159 relate to

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

PENAC, PENAC denies all of the allegations.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, on that basis, denies them.

160.   To the extent that the allegations in Paragraph 160 state legal contentions, no response is required.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and, on that basis, denies them.

161.   The allegations in Paragraph 161 are vague and ambiguous, as they do not identify any underlying product or service and, on that basis, PENAC denies them.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and, on that basis, denies them.  To the extent that the allegations contained in Paragraph 161 are derived from an analyst report, that report speaks for itself and no response is required.

162.   To the extent that the allegations in Paragraph 162 state legal contentions, no response is required.  To the extent that the allegations contained in Paragraph 162 are derived from analyst reports, those reports speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and, on that basis, denies them.

163.   The allegation in the first sentence of Paragraph 163 is a legal contention to which no response is required.  With regard to the allegations in the second and third sentences of Paragraph 163, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.   PENAC denies any remaining allegations contained in Paragraph 163.

164.   To the extent that the allegations in Paragraph 164 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.  PENAC denies any remaining allegations in Paragraph 164.

165.   With regard to the allegations in the first and second sentences of Paragraph 165, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

allegations and, on that basis, denies them. The allegation in the third sentence of Paragraph 165 states legal contentions to which no response is required. To the extent that the allegations in Paragraph 165 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 165 relate to PENAC, PENAC denies all of the allegations.

166.    To the extent that the allegations in Paragraph 166 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and, on that basis, denies them. To the extent that the allegations in Paragraph 166 relate to PENAC, PENAC denies all of the allegations.

167.    To the extent the allegations in Paragraph 167 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and, on that basis, denies them.

168.    PENAC avers that the use of the term "Philips" renders the allegations in Paragraph 168 indefinite and uncertain as to PENAC. To the extent that the allegations in Paragraph 168 state legal contentions, no response is required. To the extent that the allegations in Paragraph 168 are derived from or purport to quote published statements, those statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 168 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. PENAC otherwise denies all of the allegations in Paragraph 168.

169.    The allegations in Paragraph 169 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 169 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the remaining allegations in Paragraph 169 relate to PENAC, PENAC denies all of the allegations.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

170.   The allegations in Paragraph 170 are legal contentions to which no response is required.   To the extent that the allegations in Paragraph 170 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the remaining allegations in Paragraph 170 relate to PENAC, PENAC denies all of the allegations.

171.   To the extent the allegations of Paragraph 171 state legal contentions, no response is required.  To the extent that the allegations in the third sentence of Paragraph 171 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak for themselves and no response is required.   To the extent that the allegations in Paragraph 171 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 171 relate to PENAC, PENAC denies all of the allegations.

172.   PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 172 indefinite and uncertain.  To the extent the allegations in Paragraph 172 state legal contentions, no response is required.   PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and, on that basis, denies them.

173.   The allegations in Paragraph 173 are legal contentions to which no response is required.   To the extent that a response is required, PENAC denies the allegations in Paragraph 173.

174.   The allegations in Paragraph 174 are legal contentions to which no response is required. To the extent the allegations contained in Paragraph 174 refer to public filings by government authorities, those filings speak for themselves and no response is required.  To the extent that a response is required, PENAC denies the allegations in Paragraph 174.

175.    To the extent the allegations contained in Paragraph 175 refer to public filings by government authorities, those filings speak for themselves and no response is required

176.    To the extent the allegations contained in Paragraph 176 refer to a public statement by Toshiba, that statement speaks for itself and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and, on that basis, denies them.

177.    To the extent that the allegations in Paragraph 177 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 177 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 177 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 177 relate to PENAC, PENAC denies them.

178.    To the extent that the allegations contained in Paragraph 178 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and, on that basis, denies them.

179.    To the extent that the allegations contained in Paragraph 179 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and, on that basis, denies them.

180.    To the extent that the allegations contained in Paragraph 180 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and, on that basis, denies them.

181.    To the extent that the allegations contained in Paragraph 181 refer to public statements by government authorities, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 181 and, on that basis, denies them.

182. To the extent that the allegations contained in Paragraph 182 refer to public statements by government authorities, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 182 refer to public statements by Samsung, those statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 182 state legal contentions, no response is required. To the extent that the allegations in Paragraph 182 relate to PENAC, PENAC denies them. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and, on that basis, denies them.

183. To the extent that the allegations in Paragraph 183 refer to public filings and statements by government authorities, those filings and statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 183 purport to quote a press release, that press release speaks for itself and no response is required. PENAC denies any remaining allegations in Paragraph 183.

184. The allegations in Paragraph 184 are legal contentions to which no response is required. To the extent a response is required and the allegations in Paragraph 184 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 184 relate to PENAC, PENAC denies them.

185. To the extent that the allegations in the first sentence of Paragraph 185 state legal contentions, no response is required. To the extent the allegations contained in Paragraph 185 refer to public statements by government authorities, those statements speak for themselves and no response is required. To the extent that the allegations in Paragraph 185 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. PENAC denies the allegation and implication that the allegations in Paragraph 185 have any relevance to the Complaint or the purported acts or omissions of PENAC.

34                                                    MDL 1917

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

186.   The allegations in Paragraph 186 are not directed at PENAC and, therefore, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 186 have any relevance to the Complaint or the purported acts or omissions of PENAC.

187.   To the extent the allegations contained in Paragraph 187 refer to public filings by government authorities, those filings speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 187 have any relevance to the Complaint or the purported acts or omissions of PENAC.

188.   PENAC avers that the use of the term "Philips" renders the allegations in Paragraph 188 indefinite and uncertain as to PENAC.  To the extent the allegations contained in Paragraph 188 refer to news reports, those reports speak for themselves and no response is required.  To the extent that the allegations in Paragraph 188 relate to the other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 188 have any relevance to the Complaint or the purported acts or omissions of PENAC.

189.   To the extent the allegations contained in Paragraph 189 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To the extent that the allegations in Paragraph 189 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  PENAC denies the allegation and implication that the allegations in Paragraph 189 have any relevance to the Complaint or the purported acts or omissions of PENAC.

190.   To the extent the allegations contained in Paragraph 190 refer to public statements by government authorities, those statements speak for themselves and no response is required.  To

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

the extent that the allegations in Paragraph 190 relate to the other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. PENAC denies the allegation and implication that the allegations in Paragraph 190 have any relevance to the Complaint or the purported acts or omissions of PENAC.

191. To the extent that the allegations in Paragraph 191 state legal contentions, no response is required. To the extent the allegations contained in Paragraph 191 refer to public statements there listed, those statements speak for themselves and no response is required. PENAC admits the existence of the trade associations Korea Display Conference, Korean Display Equipment Material Industry Association, and Electronic Display Industrial Research Association of Korea, but PENAC denies that such descriptions are accurate or complete. To the extent that the allegations in Paragraph 191 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 191 relate to PENAC, PENAC denies them.

192. The allegations in Paragraph 192 are not directed at PENAC and, on that basis, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and, on that basis, denies them.

193. The allegations in Paragraph 193 are not directed at PENAC and, on that basis, no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and, on that basis, denies them.

194. To the extent that the allegations in Paragraph 194 state legal contentions, no response is required. PENAC admits the existence of the Society for Information Display, but PENAC denies that such descriptions are accurate or complete. To the extent that the allegations in Paragraph 194 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 194 relate to PENAC, PENAC denies all of the allegations.

195. To the extent that the allegations in Paragraph 195 state legal contentions, no response is required. To the extent that the allegations in Paragraph 195 relate to other

defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 195 relate to PENAC, PENAC denies all of the allegations.

196.  The allegations in Paragraph 196 are legal contentions to which no response is required. To the extent that the allegations in Paragraph 196 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 196 relate to PENAC, PENAC denies all of the allegations.

197.  The allegations in Paragraph 197 are not directed at PENAC and, on that basis, no response is required.  To the extent that the allegations in Paragraph 197 purport to quote statements by Panasonic, those statements speak for themselves and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 and, on that basis, denies them.

198.  The allegations in Paragraph 198 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and, on that basis, denies them.

199.  The allegations in Paragraph 199 are not directed at PENAC and, on that basis, no response is required.  To the extent that the allegations in Paragraph 199 refer to public statements by other defendants, those statements speak for themselves and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and, on that basis, denies them.

200.  The allegations in Paragraph 200 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and, on that basis, denies them.

201.  The allegations in Paragraph 201 are not directed at PENAC and, on that basis, no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 and, on that basis, denies them.

202.    The allegation in the first sentence of Paragraph 202 is a legal contention to which no response is required.  With regard to the allegations in the second sentence of Paragraph 202, to the extent that these allegations are derived from or purport to quote analyst reports, those reports speak for themselves and no response is required.   PENAC denies any remaining allegations contained in Paragraph 202.

203.    To the extent that the allegations in Paragraph 203 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required.

204.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 204 indefinite and uncertain.  PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 and, on that basis, denies them.

205.    To the extent that the allegations in Paragraph 205 state legal contentions, no response is required.  To the extent that the allegations in Paragraph 205 are derived from or purport to quote an industry news article, that article speaks for itself and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and, on that basis, denies them.  To the extent that the allegations in Paragraph 205 relate to PENAC, PENAC denies all of the allegations.

206.    To the extent the allegations contained in Paragraph 206 are derived from or purport to quote a keynote speaker at a conference, that speaker speaks for himself and no response is required.  PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 and, on that basis, denies them.

207.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 207 indefinite and uncertain.  With regard to the allegations in the first

and second sentences of Paragraph 207, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them. The allegations in the third sentence of Paragraph 207 states legal contentions to which no response is required. To the extent that the allegations in Paragraph 207 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 207 relate to PENAC, PENAC denies all of the allegations.

208. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 208 indefinite and uncertain. To the extent that the allegations in Paragraph 208 are derived from or purport to quote an analyst report, that report speaks for itself and no response is required. PENAC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and, on that basis, denies them. To the extent that the allegations in Paragraph 208 relate to PENAC, PENAC denies all of the allegations.

209. The allegations in Paragraph 209 are not directed at PENAC and, therefore, no response is required. To the extent that a response is required, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and, on that basis, denies them.

210. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 210 indefinite and uncertain. To the extent the allegations of Paragraph 210 state legal contentions, no response is required. To the extent that the allegations in the third sentence of Paragraph 210 are derived from or purport to quote published statements made by the President of Skyworth Macao Commercial Offshore Co., Ltd., those published statements speak

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

for themselves and no response is required. To the extent that the allegations in Paragraph 210 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 210 relate to PENAC, PENAC denies all of the allegations.

211. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 211 indefinite and uncertain. To the extent the allegations of Paragraph 211 state legal contentions, no response is required. To the extent a response is required and the allegations in Paragraph 211 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 211 relate to PENAC, PENAC denies all of the allegations.

212. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 212 and its subparts indefinite and uncertain. To the extent the allegations of Paragraph 212 and its subparts state legal contentions, no response is required. To the extent a response is required and the allegations in Paragraph 212 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the allegations in Paragraph 212 relate to PENAC, PENAC denies each and every allegation in Paragraph 212, including its subparts.

## VII. ALLEGATIONS CONCERNING VIEWSONIC'S INJURIES

213. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the

allegations in Paragraph 213 indefinite and uncertain. The allegations in Paragraph 213 state legal contentions, for which no response is required. To the extent that a response is required and the allegations in Paragraph 213 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 213 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 213 relate to PENAC, PENAC denies them. PENAC denies that Plaintiff suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Complaint.

214. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 214 indefinite and uncertain. The allegations in Paragraph 214 state legal contentions, for which no response is required. To the extent that a response is required and the allegations in Paragraph 214 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 214 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 214 relate to PENAC, PENAC denies them.

215. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 215 indefinite and uncertain. The allegations in Paragraph 215 state legal contentions, for which no response is required. To the extent that a response is required and

the allegations in Paragraph 215 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 215 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that a response is required and the allegations in Paragraph 215 relate to PENAC, PENAC denies them. PENAC denies that Plaintiff suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Complaint.

216. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 216 indefinite and uncertain. The allegations in Paragraph 216 state legal contentions, for which no response is required. PENAC admits that the allegations in Paragraph 216 purport to describe CRT technology, but PENAC denies that such descriptions are accurate or complete.

217. The allegations in Paragraph 217 state legal contentions, for which no response is required. To the extent that the allegations in Paragraph 217 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent that the allegations in Paragraph 217 relate to PENAC, PENAC denies all of the allegations.

218. The allegations in Paragraph 218 state legal contentions, for which no response is required. To the extent that the allegations in Paragraph 218 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent that the allegations in Paragraph 218 relate to PENAC, PENAC denies all of the allegations.

219. PENAC avers that the use of the term "CRTs," which improperly conflate

MDL 1917

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 219 indefinite and uncertain. PENAC denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Complaint and alleged in Paragraph 219.

## VIII. ALLEGATIONS CONCERNING FRAUDULENT CONCEALMENT

220. To the extent that the allegations in Paragraph 220 state legal contentions, no response is required. To the extent that the allegations in Paragraph 220 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 220 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 220 relate to PENAC, PENAC denies all of the allegations.

221. To the extent that the allegations in Paragraph 221 state legal contentions, no response is required. To the extent that the allegations in Paragraph 221 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 221 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 221 relate to PENAC, PENAC denies all of the allegations.

222. To the extent that the allegations in Paragraph 222 state legal contentions, no response is required. To the extent that the allegations in Paragraph 222 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 222 relate to PENAC, PENAC denies all of the allegations.

223. To the extent that the allegations in Paragraph 223 state legal contentions, no response is required. To the extent that the allegations in Paragraph 223 relate to other

defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 223 relate to PENAC, PENAC denies all of the allegations.

224. To the extent that the allegations in Paragraph 224 state legal contentions, no response is required. PENAC otherwise denies all of the allegations in Paragraph 224.

225. To the extent that the allegations in Paragraph 225 state legal contentions, no response is required. To the extent that the allegations in Paragraph 225 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 225 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 225 relate to PENAC, PENAC denies all of the allegations.

226. To the extent that the allegations in Paragraph 226 state legal contentions, no response is required. To the extent that the allegations in Paragraph 226 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 226 relate to PENAC, PENAC denies all of the allegations.

227. To the extent that the allegations in Paragraph 227 state legal contentions, no response is required. To the extent that the allegations in Paragraph 227 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 227 relate to PENAC, PENAC denies all of the allegations.

228. PENAC avers that the use of the term "Philips" renders the allegations in Paragraph 228 indefinite and uncertain as to PENAC. To the extent that the allegations in Paragraph 228 are derived from or purport to quote documents, those documents speak for themselves and no response is required. To the extent that the allegations in Paragraph 228 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

truth and, on that basis, denies them. To the extent the allegations in Paragraph 228 relate to PENAC, PENAC denies all of the allegations.

229. PENAC avers that the use of the term "Philips" renders the allegations in Paragraph 229 indefinite and uncertain as to PENAC. To the extent that the allegations in Paragraph 229 are derived from or purport to quote documents, those documents speak for themselves and no response is required. To the extent that the allegations in Paragraph 229 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 229 relate to PENAC, PENAC denies all of the allegations.

230. To the extent that the allegations in Paragraph 230 state legal contentions, no response is required. To the extent that the allegations in Paragraph 230 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 230 relate to PENAC, PENAC denies all of the allegations.

231. PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 231 indefinite and uncertain. With regard to the allegations in the first and second sentences of Paragraph 231, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies them. The allegations in the third sentence of Paragraph 231 state legal contentions, for which no response is required. To the extent a response is required and the allegations in the third sentence of Paragraph 231 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent a response is required and the allegations in the third sentence of Paragraph 231 relate to PENAC, PENAC denies all of the allegations.

232. With regard to the allegations in the first and second sentences of Paragraph 232, PENAC lacks knowledge or information sufficient to form a belief as to the truth of the

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC CORPORATION'S COMPLAINT

1   allegations and, therefore, denies them. The allegations in the third sentence of Paragraph 232

2   state legal contentions, for which no response is required. To the extent that the allegations in the

3   third sentence of Paragraph 232 require a response, PENAC denies them.

4       233.    PENAC avers that the use of the term "CRTs," which improperly conflate

5   numerous distinct and non-substitutable products (of, among other things, various sizes, qualities,

6   uses, technologies, and products at different points in the production chain) together, renders the

7   allegations in Paragraph 233 indefinite and uncertain. PENAC avers that the use of the term

8   "Philips" in Paragraph 233 renders the allegations indefinite and uncertain as to PENAC. To the

9   extent that the allegations in Paragraph 233 are derived from or purport to quote published

10  statements made by a Deputy General Manager for an LG Electronics distributor, those

11  statements speak for themselves and no response is required. To the extent that the allegations in

12  Paragraph 233 relate to other defendants, PENAC lacks knowledge or information sufficient to

13  form a belief as to their truth and, on that basis, denies them. To the extent the allegations in

14  Paragraph 233 relate to PENAC, PENAC denies all of the allegations.

15      234.    The allegations in Paragraph 234 are not directed at PENAC and, therefore, no

16  response is required. PENAC otherwise lacks knowledge or information sufficient to form a

17  belief as to the truth of the allegations in Paragraph 234 and, on that basis, denies them. To the

18  extent that a response is required and the allegations in Paragraph 234 relate to PENAC, PENAC

19  denies all of the allegations.

20      235.    To the extent that the allegations in Paragraph 235 state legal contentions, no

21  response is required. To the extent that a response is required and the allegations in Paragraph

22  235 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to

23  their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 235

24  relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as

25  to their truth and, on that basis, denies them. To the extent the allegations in Paragraph 235 relate

26  to PENAC, PENAC denies all of the allegations.

27      236.    The allegations in Paragraph 236 state legal contentions to which no response is

28

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

1    required.  To the extent that the allegations in Paragraph 236 relate to Plaintiff, PENAC lacks

2    knowledge or information sufficient to form a belief as to their truth and, on that basis, denies

3    them.  To the extent that the allegations in Paragraph 236 relate to other defendants, PENAC

4    lacks knowledge or information sufficient to form a belief as to their truth and, on that basis,

5    denies them.  To the extent the allegations in Paragraph 236 relate to PENAC, PENAC denies all

6    of the allegations.

### IX.    ALLEGATIONS CONCERNING AMERICAN PIPE, GOVERNMENT ACTION AND CROSS-JURISDICTIONAL TOLLING

9          237.    To the extent that the allegations in the first sentence of Paragraph 237 refer to

10   public filings by government authorities discussed in Paragraphs 178-182, those filings speak for

11   themselves and no response is required.  To the extent that the allegations in the second sentence

12   of Paragraph 237 state legal contentions, no response is required.

13         238.    The allegations in Paragraph 238 state legal contentions, for which no response is

14   required.  To the extent that a response is required, PENAC denies all the allegations in Paragraph

15   238.

16         239.    The allegations in Paragraph 239 constitute legal contentions to which no response

17   is required.

### X.    ALLEGATIONS CONCERNING CLAIM FOR VIOLATIONS OF SECTION 1 OF THE SHERMAN ACT

20         240.    PENAC repeats and incorporates by reference its responses to Paragraph 1 through

21   239 of the Complaint with the same force and effect as if set forth herein at length.

22         241.    The allegations in Paragraph 241 constitute legal contentions and/or conclusions to

23   which no response is required.  To the extent the allegations in Paragraph 241 require a response,

24   PENAC denies all allegations.

25         242.    The allegations in Paragraph 242 constitute legal contentions and/or conclusions to

26   which no response is required.  To the extent the allegations in Paragraph 242 require a response,

27   PENAC denies all allegations.

28

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

243.    The allegations in Paragraph 243 constitute legal contentions and/or conclusions to which no response is required.  To the extent the allegations in Paragraph 243 require a response, PENAC denies each and every allegation.

244.    The allegations in Paragraph 244 constitute legal contentions and/or conclusions to which no response is required.  To the extent that the allegations in Paragraph 244 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 244 relate to PENAC, PENAC denies all of the allegations.

245.    The allegations in Paragraph 245 and its subparts constitute legal contentions and/or conclusions to which no response is required.  To the extent that the allegations in Paragraph 245 and its subparts relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 245 and its subparts relate to PENAC, PENAC denies all of the allegations.

246.    PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 246 indefinite and uncertain.  The allegations in Paragraph 246 constitute legal contentions and/or conclusions to which no response is required.  To the extent that the allegations in Paragraph 246 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 246 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 246 relate to PENAC, PENAC denies all of the allegations.

247.    The allegations in Paragraph 247 constitute legal contentions and/or conclusions to which no response is required.  To the extent that the allegations in Paragraph 247 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and,

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

on that basis, denies them.  To the extent that the allegations in Paragraph 247 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 247 relate to PENAC, PENAC denies all of the allegations.

248.   PENAC avers that the use of the term "CRTs," which improperly conflate numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain) together, renders the allegations in Paragraph 248 indefinite and uncertain.  The allegations in Paragraph 248 constitute legal contentions and/or conclusions to which no response is required.  To the extent that the allegations in Paragraph 248 relate to Plaintiff, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent that the allegations in Paragraph 248 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.  To the extent the allegations in Paragraph 248 relate to PENAC, PENAC denies all of the allegations.

## XI.   ALLEGATIONS CONCERNING PRAYER FOR RELIEF

With respect to Plaintiff's allegations concerning prayer for relief, PENAC denies that Plaintiff suffered any injury or incurred any damages by any act or omission of PENAC as alleged in the Complaint, and further denies that Plaintiff is entitled to any relief under any theory by means of the allegations set forth in the Complaint. All allegations of the Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## XII.   ALLEGATION CONCERNING JURY TRIAL DEMAND

To the extent any response is required to Plaintiff's Jury Trial Demand, PENAC admits that Plaintiff purports to demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, PENAC asserts the following additional and/or affirmative defenses to Plaintiff's Complaint:

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

The conduct alleged to provide a basis for the claims of Plaintiff did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States. The Court, therefore, lacks subject matter jurisdiction of the claims of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim Under the Foreign Trade Antitrust Improvements Act)

Plaintiff's claims for any foreign purchases, if any, should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to allege facts sufficient to support a claim under the foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## FOURTH AFFIRMATIVE DEFENSE

### (Vagueness of Claims)

Plaintiff's claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous and/or unintelligible. PENAC avers that Plaintiff's claims do not describe the events or legal theories with sufficient particularity to permit PENAC to ascertain what other defenses may exist. PENAC therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has failed to allege conspiracy with sufficient particularity.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitation)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unilateral Action)

Plaintiff's claims are barred, in whole or in part, because the actions or practices of PENAC that are the subject of the Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of PENAC's independent interests, and were not the product of any contract, combination or conspiracy between PENAC and any other person or entity.

## EIGHTH AFFIRMATIVE DEFENSE

### (Rule of Reason)

Plaintiff's claims are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Complaint were adopted in furtherance of legitimate business interests of PENAC and do not unreasonable restrain competition.

## NINTH AFFIRMATIVE DEFENSE

### (Competition)

Plaintiff's claims are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

## TENTH AFFIRMATIVE DEFENSE

### (Non-actionable or Governmental Privilege)

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of PENAC that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Act of PENAC)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has not been injured in its business or property by reason of any action of PENAC.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening Conduct)

Plaintiff's claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of PENAC and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Damages Passed On)

Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, because any injury or damage alleged in the Complaint, which PENAC specifically denies, was passed on to persons or entities other than Plaintiff and/or was passed on by Plaintiff to other parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Withdrawal)

To the extent that any actionable conduct occurred for which PENAC is liable, some or all of Plaintiff's claims against PENAC are barred because PENAC withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty of Damages)

Plaintiff's claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Set Off)

Without admitting that Plaintiff is entitled to recover damages in this matter, PENAC is entitled to set off from any recovery Plaintiff may obtain against PENAC any amount paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims in this matter.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Legal Acts)

Plaintiff's claims are barred, in whole or in part, to the extent they are based on alleged acts, conduct or statements that are specifically permitted by law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Acquiescence)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by Plaintiff's acquiescence and/or confirmation of any and all conduct and/or omissions alleged as to PENAC.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has available an adequate remedy at law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiff's claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Due Process clause of the Fifth Amendment of the United States Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiff's claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Due Process provision of the Fourteenth Amendment of the United States Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Equal Protection)

Plaintiff's claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Double Jeopardy)

Plaintiff's claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

Plaintiff's claims are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate PENAC's rights guaranteed by the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unconstitutional Multiplicity)

To the extent any recovery by Plaintiff would be duplicative of recovery by other plaintiffs and other lawsuits, subjecting PENAC to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Foreign Sales)

Plaintiff's claims are barred, in whole or in part, because Plaintiff may not recover damages, if any, based on sales outside of the United States.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent of which PENAC specifically denies, were directly and proximately caused or contributed to by the statements, acts, and/or omissions of Plaintiff and/or third parties or entities, other than PENAC.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure To Plead Damages With Specificity)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to plead damages with specificity as required by the federal laws cited.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Injury or Damages Offset by Benefits Received)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiff received with respect to the challenged conduct.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Proportionality)

To the extent PENAC is found liable for damages, the fact and extent of which are expressly denied by PENAC, those damages must be reduced in proportion to PENAC's degree of fault.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Release)

The claims of one or more of the persons or entities Plaintiff purports to represent are barred because they have been released.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No 'Full Consideration' Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to "full consideration" damages.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Other Defenses Incorporated by Reference)

PENAC adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that PENAC may share in such affirmative defenses.

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Release)

The claims of one or more of the persons or entities Plaintiff purport to represent are barred because they have been released.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

PENAC has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. PENAC further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

**WHEREFORE**, PENAC prays as follows:

1.     That the Plaintiff take nothing by way of the Complaint and the be dismissed with prejudice;

2.     That judgment be entered in favor of PENAC and against Plaintiff on each and every cause of action set forth in the Complaint;

3.     That PENAC recover its costs of suit and attorneys' fees incurred herein; and

4.     That PENAC be granted such other and further relief as the Court deems just and proper.

Dated: August 25, 2014                              Respectfully Submitted:


By: /s/ Erik T. Koons
BAKER BOTTS L.L.P.
Erik T. Koons (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: erik.koons@bakerbotts.com


*Attorney for Defendant Philips Electronics
North America Corporation*

ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT

1

2

**CERTIFICATE OF SERVICE**

3

4

    On August 25, 2014, I caused a copy of "ANSWER OF  PHILIPS ELECTRONICS

5

NORTH AMERICA CORPORATION TO VIEWSONIC CORPORATION'S COMPLAINT" to

6

be electronically filed via the Court's Electronic Case Filing System, which constitutes service in

7

this action pursuant to the Court's order of September 29, 2008.

8

9

10

                   /s/ Erik T. Koons

11

                   Erik T. Koons (*pro hac vice*)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MDL 1917

ANSWER OF  PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO VIEWSONIC
CORPORATION'S COMPLAINT