Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-01173;<br><br>*Electrograph Sys., Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;<br><br>*Interbond Corp. of America v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726; | **DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO EXTEND TIME FOR TAKING DISCOVERY FROM THOMSON SA AND THOMSON CONSUMER**<br><br>**(CIVIL LOCAL RULE 6-3)** |

1  *Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723;

2

3  *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

4  *Schultze Agency Servs., LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

5

6  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262;

7  *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

8

9  *Crago, et al. v. Mitsubishi Elec. Corp., et al.*, No. 14-cv-02058.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs[1] respectfully move for a limited extension of time pursuant to Federal Rule 6(b) and Local Rule 6-3 for the purpose of completing discovery from Thomson SA and its U.S. subsidiary Thomson Consumer (collectively, "Thomson") after the Court resolves a pending dispute relating to Thomson's attempt to use a French blocking statute to prevent discovery of information and materials in France. Once resolved, Plaintiffs need a limited amount of time to complete depositions of Thomson witnesses. Discovery of Thomson only began six months ago after the expiration of a Court-imposed stay. Plaintiffs have diligently pursued discovery, and the requested extension of time will not interfere with the March 2015 trial date. Plaintiffs will suffer severe prejudice if they are unable to take depositions of four Thomson Rule 30(b)(1) fact witnesses, and a Rule 30(b)(6) witness with access to materials and information in France.

In December 2012, the European Commission fined Thomson SA millions of euros for participating in a worldwide price-fixing conspiracy related to CRTs. Three months later, in March 2013, Sharp filed suit against Thomson SA and Thomson Consumer, seeking damages for overcharges it suffered in the U.S. caused by Thomson's anticompetitive conduct. The other Plaintiffs and the direct purchaser plaintiff class also sued Thomson shortly thereafter.

Although Plaintiffs sought discovery promptly after filing suit, Declaration of Craig A. Benson ("Benson Decl."), Ex. 1 at Ex. A, Thomson refused to respond to any discovery while its motions to dismiss were pending. Later, over Plaintiffs' objections, Special Master Legge granted Thomson's motion to stay discovery pending resolution of the motions to dismiss. As a result, discovery of Thomson did not begin until shortly after the Court denied the motions on March 13, 2014. (MDL Dkt. No. 2240.) By then, less than six months remained in the discovery period and less than a year remained before trial. Even so, Thomson asked to be included in the current discovery and trial schedule. Plaintiffs made clear that they needed documents and depositions of witnesses from France and told Thomson they were concerned they would not be able to complete discovery within the case schedule if they needed to resort to the Hague Convention. After negotiating, on April 29, the parties stipulated that Thomson

---

[1] "Plaintiffs" refers to all Direct Action Plaintiffs, except the Dell and CompuCom plaintiffs, which have not named Thomson as defendants.

- 1 -

DIRECT ACTION PLAINTIFF'S ADMINISTRATIVE MOTION TO EXTEND TIME FOR TAKING DISCOVERY FROM THOMSON SA AND THOMSON CONSUMER: MASTER FILE NO. 3:07-CV-05944 SC, MDL NO. 1917

would join the existing discovery schedule, based on Thomson's representation that it would make its best efforts to complete discovery of documents and witnesses promptly and if possible "without resort to Hague Convention procedures[.]" (MDL Dkt. No. 2554 at 4.)

***Document requests***.  On April 14, 2014, Plaintiffs issued discovery requests to Thomson.[2]  In response, Thomson informed Plaintiffs for the first time that, notwithstanding its prior representation, it would not produce any documents from France because of a blocking statute.  It agreed only to produce documents from Thomson Consumer (the U.S. entity) and suggested that this production might convince Plaintiffs that they did not need additional documents from France.  The production from Thomson Consumer (due on June 27 but ultimately finished instead on August 15) turned out to be small and insufficient,[3] and Thomson could not provide assurances that the production duplicated materials resident in France, or identify the documents it withheld because they are located in France.  Plaintiffs concluded they needed additional documents from Thomson SA's headquarters in France.

***Depositions***.  On April 15, 2014, Plaintiffs noticed depositions under Rule 30(b)(6) for Thomson.  Benson Decl., Exs. 24 & 25.  In response, Thomson SA asserted that its 30(b)(6) witness would not testify about documents and information in France.  *Id.*, Ex. 33.  Because Thomson SA is located in France, the deposition of a witness who is not educated on such documents and information would be of very limited utility.  Moreover, the small number of documents first produced by Thomson Consumer in late June 2014 confirmed that French employees of Thomson SA were involved in the CRT conspiracy, so Plaintiffs issued notices for depositions of French witnesses in early August.[4]  In response, Thomson insisted that Plaintiffs

---

[2] Thomson had insisted on receiving initial disclosures before beginning discovery, even though in this MDL the parties had previously agreed to forego them.  Benson Decl. ¶ 14, Ex. 7.
[3] Thomson has produced about 15,000 documents.  The other defendants have collectively produced over 1.1 million documents.  Benson Decl. ¶¶ 6-7.
[4] Plaintiffs seek the depositions of Emeric Charamel, Christian Lissorgues, Agnes Martin, and Didier Trutt.  Thomson documents reflect that each was involved in meetings and communications related to the CRT conspiracy.  The deposition testimony of Thomson witness James Hanrahan, taken today, stated that Lissorgues was employed at Thomson SA in France and was responsible for U.S. CRT sales, that Trutt was vice president of CRT operations worldwide, that Chamarel was European sales manager, and that Martin worked in CRT marketing and business intelligence.  Thomson has agreed that Plaintiffs complied with the consultation requirements in place in this case.  Benson Decl., Ex. 47.  Plaintiffs are currently initiating Hague procedures for these witnesses in a separate motion.

- 2 -

pursue service of French witnesses through the Hague Convention, contrary to its original representation that it would cooperate to facilitate discovery. Benson Decl., Exs. 49 & 50.

*Motion to compel*. On July 28, Plaintiffs moved to compel production of documents by Thomson from France and for a competent Rule 30(b)(6) witness educated with materials and information located in France. Plaintiffs argued that Thomson's reliance on the French blocking statute was misplaced and that numerous courts had ordered documents and witnesses produced pursuant to the Federal Rules in cases like this one, notwithstanding the blocking statute. If Plaintiffs prevail on this pending motion, Thomson SA will be required to produce promptly documents from France pursuant to U.S. discovery rules, without the necessity of Hague proceedings.[5] These documents would also provide a basis for educating a Rule 30(b)(6) witness. Briefing on the motion to compel was completed on August 12.[6]

On a related matter, Plaintiffs and Thomson recently stipulated that Plaintiffs could take the Rule 30(b)(6) deposition of Thomson with respect to materials and information located in the U.S. after September 5. (MDL Dkt. No. 2761.) The stipulated order was entered on August 25, 2014. Thomson continues to object, however, to extending the time for depositions of: (1) the four Rule 30(b)(1) fact witnesses in France, and (2) a Rule 30(b)(6) corporate witness to provide testimony on the basis of materials and information located in France.

*Specific Relief Requested*. Plaintiffs respectfully request that the discovery period be extended for the sole purpose of permitting depositions to occur promptly after the Court resolves the pending dispute regarding the blocking statute. Plaintiffs will need the opportunity to: (1) review documents produced pursuant to the Special Master's ruling or pursuant to Hague Procedures; (2) take a Rule 30(b)(6) deposition of Thomson SA related to information and materials in France; and (3) take the Rule 30(b)(1) fact depositions of the four French witnesses.

---

[5] Plaintiffs seek documents that: (1) relate to communications or meetings between Thomson and competitors; (2) relate to the Court's personal jurisdiction over Thomson SA; (3) relate to the disposition of Thomson's CRT business; and (4) were produced to or received from foreign governmental investigation bodies.

[6] Out of an abundance of caution, Plaintiffs also filed a motion for letters rogatory seeking production of documents (not testimony) through Hague procedures. (MDL Dkt. No. 2716.) If Plaintiffs prevail on the motion to compel or motion for letters rogatory, Thomson SA would be required to produce documents from France that could be used to prepare its 30(b)(6) witness.

1  Plaintiffs respectfully request that, if the motion to compel is granted, Plaintiffs be given 60
2  additional days after Thomson SA completes its document production to take such depositions.
3  If the motion to compel is denied, Plaintiffs request that they be given 60 days from the order to
4  take the requested depositions of Thomson witnesses pursuant to Hague procedures.

## ARGUMENT

6  "Rule 6(b) gives the court extensive flexibility to modify the fixed time periods found
7  throughout the rules, whether the enlargement is sought before or after the actual termination of
8  the allotted time." *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 906 n.7 (1990) (quotation marks
9  and citation omitted); *see Campos v. Campbell*, No. C 05-3309S SBA, 2010 WL 2569193, at *1
10 (N.D. Cal. June 22, 2010). Under Local Rule 6-3(a) factors applicable here, the movant must:
11 (1) set forth the reasons for the requested extension; (2) describe the efforts the party has made to
12 obtain a stipulation; (3) identify the substantial harm or prejudice that would occur if the Court
13 did not change the time; (4) disclose all previous time modifications; and (5) describe the effect
14 the requested time modification would have on the schedule for the case. N.D. Cal. LR 6-3(a).

15 First, Plaintiffs seek this extension of time to complete deposition discovery of important
16 Thomson witnesses located in France and a corporate representative knowledgeable about
17 information located in France. As set forth below, these witnesses have important information
18 about Thomson's information exchange and price-fixing activities that witnesses in the U.S. do
19 not possess. Such activities formed the basis of the European Commission order fining Thomson
20 SA millions of euros for anticompetitive conduct that also harmed Plaintiffs in the U.S.

21 This extension is necessary despite Plaintiffs' diligence in pursuing discovery. Discovery
22 of Thomson only began six months ago because Thomson obtained an 8½ month stay while its
23 motions to dismiss were pending. More recently, Thomson's invocation of the French blocking
24 statute and the Hague Convention has made it impossible for Plaintiffs to complete discovery by
25 September 5. Not for lack of trying. In June 2013, shortly after Thomson was sued, Plaintiffs
26 sought discovery against Thomson. Thomson refused to produce discovery, and Special Master
27 Legge stayed discovery, over Plaintiffs' objection, until Thomson's motions to dismiss were
28 denied in March 2014. Plaintiffs again promptly sought discovery. *See* Benson Decl., Exs. 7 to

- 4 -

1  23.  But in May and June 2014, Thomson asserted that the French blocking statute prevented it
2  from disclosing documents or information in France.  *See id.*, Exs. 26-30.  After receiving
3  productions of documents located in the U.S. on June 25-27, Plaintiffs sought the depositions of
4  eight Thomson witnesses.  *Id.*, Ex. 42.  Four of them reside in the U.S. and will be deposed
5  before September 5.  The other witnesses (Charamel, Lissorgues, Martin, and Trutt) reside in
6  France.  *Id.*, Exs. 43 to 46.  Thomson refused to produce the French witnesses and a 30(b)(6)
7  witness educated on documents located in France, except through the Hague Convention.

8  Second, the parties have resolved by stipulation a core issue – the timing of the Rule
9  30(b)(6) depositions of witnesses with knowledge of information located in the U.S.  The Court
10 has executed a stipulated order that this deposition can occur after September 5, 2014.  The
11 parties have been unable to resolve the scheduling issue that is the subject of this motion.

12 Third, Plaintiffs will suffer serious prejudice without the requested extension.  Plaintiffs'
13 pending Motion seeks the most critical documents from Thomson.  These include Thomson's
14 internal communications in its European headquarters related to the CRT conspiracy; Thomson
15 SA's connections to its U.S. subsidiaries and its involvement in sales of CRTs in the U.S.; and
16 Thomson SA's evidentiary submissions to European antitrust regulators which resulted in its fine
17 for engaging in anticompetitive activity.  Based on the relatively few documents Thomson
18 Consumer produced, it is apparent that the French Thomson SA witnesses played a significant
19 role in the global CRT conspiracy.  Plaintiffs need deposition discovery from these witnesses.

20 Fourth, Plaintiffs' only previous extension sought as to Thomson was the narrow
21 stipulation granted on August 25.  Benson Decl. ¶ 59.

22 And fifth, the requested extension will not impact the trial date.[7]  The relief sought by
23 Plaintiffs is thus consistent with the Court's statement that "maintaining the March 9, 2015 trial
24 date is important to resolving these cases."  (MDL Dkt. No. 2711 (July 28, 2014.))
25 ///
26 ///
27

28 [7] There is precedent for this sort of extension.  On July 28, the Court granted a limited discovery extension in the *Viewsonic* cases, without altering the trial date.  (MDL Dkt. No. 2711.)

- 5 -
DIRECT ACTION PLAINTIFF'S ADMINISTRATIVE MOTION TO EXTEND TIME FOR TAKING DISCOVERY FROM THOMSON SA AND THOMSON CONSUMER: MASTER FILE NO. 3:07-CV-05944 SC, MDL NO. 1917

Dated: August 27, 2014                    Respectfully Submitted,

By:  /s/ *Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*


By:  /s/ *David J. Burman*

David J. Burman (pro hac vice)
Cori G. Moore (pro hac vice)
Eric J. Weiss (pro hac vice)
Nicholas H. Hesterberg (pro hac vice)
Steven D. Merriman (pro hac vice)
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: DBurman@perkinscoie.com
Email: CGMoore@perkisncoie.com
Email: EWeiss@perkinscoie.com
Email: NHesterberg@perkinscoie.com
Email: SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, California 94111-4131

```
                    Telephone: 415.344.7120
                    Facsimile: 415.344.7320

                    Attorneys for Plaintiff Costco Wholesale Corporation


                    By:  /s/ Philip J. Iovieno

                    William A. Isaacson
                    BOIES, SCHILLER & FLEXNER LLP
                    5301 Wisconsin Ave. NW, Suite 800
                    Washington, DC 20015
                    Telephone: (202) 237-2727
                    Facsimile: (202) 237-6131
                    Email: wisaacson@bsfllp.com

                    Stuart Singer
                    BOIES, SCHILLER & FLEXNER LLP
                    401 East Las Olas Blvd., Suite 1200
                    Fort Lauderdale, FL 33301
                    Telephone: (954) 356-0011
                    Facsimile: (954) 356-0022
                    Email: ssinger@bsfllp.com

                    Philip J. Iovieno
                    Anne M. Nardacci
                    BOIES, SCHILLER & FLEXNER LLP
                    30 South Pearl Street, 11th Floor
                    Albany, New York 12207
                    Telephone: (518) 434-0600
                    Facsimile: (518) 434-0665
                    Email: piovieno@bsfllp.com
                    Email: anardacci@bsfllp.com

                    Liaison Counsel for Direct Action Plaintiffs and
                    Attorneys for Plaintiffs Electrograph Systems, Inc.,
                    Electrograph Technologies Corp., Office Depot, Inc.,
                    Interbond Corporation of America, P.C. Richard & Son
                    Long Island Corporation, MARTA Cooperative of
                    America, Inc., ABC Appliance, Inc., Schultze Agency
                    Services LLC on behalf of Tweeter Opco, LLC and
                    Tweeter Newco, LLC and Tech Data Corporation and
                    Tech Data Product Management, Inc.


                    By:  /s/ Scott N. Wagner

                    Robert W. Turken
                    Scott N. Wagner
                    Mitchell E. Widom
                    Bilzin Sumberg Baena Price & Axelrod LLP
                    1450 Brickell Ave, Suite 2300
                    Miami, Florida 33131-3456
                    Tel: 305-374-7580
                    Fax: 305-374-7593
```

- 7 -

DIRECT ACTION PLAINTIFF'S ADMINISTRATIVE MOTION TO EXTEND TIME FOR TAKING DISCOVERY FROM THOMSON SA AND THOMSON CONSUMER: MASTER FILE NO. 3:07-CV-05944 SC, MDL NO. 1917

Email: rturken@bilzin.com
Email: swagner@bilzin.com
Email: mwidom@bilzin.com

*Attorneys for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*


By: /s/ *David Martinez*

Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
Jill Casselman
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, California 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com
Email: jcasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
Email: eskaplan@rkmc.com
kcwildfang@rkmc.com
lenelson@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*


By: /s/ *Lee Godfrey*

H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: lgodfrey@sumangodfrey.com
Email: kmarks@susmangodfrey.com

- 8 -

Email: jross@susmangodfrey.com
Email: jcarter@susmangodfrey.com
Email: dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
Email: rblack@susmangodfrey.com
Email: jconnors@susmangodfrey.com

*Attorneys for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*


By:  /s/ *Jason Murray*

Jason C. Murray (CA Bar No. 169806)
**CROWELL & MORING LLP**
515 South Flower St., 40th Floor
Los Angeles, California 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
aheaven@crowell.com

*Attorneys for Target Corp.*


By:  /s/ *Richard Arnold*

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
**KENNY NACHWALTER, P.A.**
201 S. Biscayne Blvd., Suite 1100
Miami, Florida 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com

- 9 -

Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

### **E-FILING ATTESTATION**

I, Craig A. Benson, am the ECF user whose ID and password are being used to file the Direct Action Plaintiffs' Administrative Motion To Extend Time for Taking Discovery from Thomson SA and Thomson Consumer  (Civil Local Rule 6-3).  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing.

Dated: August 27, 2014                                            */s/ Craig A. Benson*
                                                                              Craig A. Benson