Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*

[additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944 SC MDL No. 1917 |
| This Document Relates To: | **DECLARATION OF CRAIG A. BENSON IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO EXTEND TIME FOR TAKING DISCOVERY FROM THOMSON SA AND THOMSON CONSUMER** |
| *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-01173; | |
| *Electrograph Sys., Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | **(CIVIL LOCAL RULE 6-3)** |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |
| *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686; | |
| *Interbond Corp. of America v. Technicolor SA, et al.*, No. 13-cv-05727; | |
| *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726; | |

1
2

*Costco Wholesale Corp. v. Technicolor SA, et al.*,
No. 13-cv-05723;

3

*P.C. Richard & Son Long Island Corp., et al. v.
Technicolor SA, et al.*, No. 13-cv-05725;

4
5

*Schultze Agency Servs., LLC v. Technicolor SA, Ltd.,
et al.*, No. 13-cv-05668;

6

*Sears, Roebuck and Co. and Kmart Corp. v.
Technicolor SA*, No. 13-cv-05262;

7
8

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No.
13-cv-00157;

9

*Crago, et al. v. Mitsubishi Elec. Corp., et al.*, No.
14-cv-02058.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF CRAIG BENSON ISO ADMINISTRATIVE MOTION TO EXTEND TIME FOR TAKING DISCOVERY FROM
THOMSON SA AND THOMSON CONSUMER: MASTER FILE NO. 3:07-CV-05944 SC, MDL NO. 1917

I, CRAIG A. BENSON, hereby declare as follows:

1.   I am a partner with the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel for Plaintiffs Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA").  I am an active member in good standing of the bars of the State of Maryland, the State of New York, and the District of Columbia, and on March 20, 2013 was granted leave to appear *pro hac vice* in this litigation.  I have personal knowledge of the facts stated herein and could competently testify to these facts if called upon to do so.  I submit this Declaration in support of certain Direct Action Plaintiffs' ("Plaintiffs" or "DAPs") concurrently filed Administrative Motion to Extend Time for Taking Discovery from Thomson SA and Thomson Consumer.

2.   Plaintiffs request this limited enlargement of time in order to complete discovery against Thomson Consumer and Thomson SA (collectively, "Thomson"), which has taken the position that it is barred by foreign law from providing certain information.  As a result, Plaintiffs' diligent efforts to obtain full discovery from Thomson have been obstructed.  A limited extension is necessary to permit the Court to rule on currently pending motions to compel production of documents located in France or, alternatively, for issuance of letters rogatory for such documents.  Without the ability to review those documents, Plaintiffs' efforts to take meaningful testimony from French witnesses will be impeded.  Moreover, testimony from a 30(b)(6) witness on behalf of Thomson SA who is not educated based on documents and information located in France will be of very limited utility.

3.   Plaintiffs would suffer substantial harm or prejudice if they were not permitted to seek discovery after the current close of fact discovery.  Plaintiffs' motion to compel testimony and documents from Thomson SA has been pending before the Special Master since briefing was completed on August 12.  Without an extension of the September 5 discovery deadline, Plaintiffs would not be able to effectively carry out whatever remaining discovery is permitted by the Special Master's ruling on the motion to compel, and would not be able to take the deposition testimony of critical witnesses in France.

1    4.    On August 15, 2014, I informed counsel for Thomson SA and Thomson

2  Consumer of our intent to seek an extension of the fact discovery deadline as to Thomson SA

3  and Thomson Consumer.  Counsel informed me that Thomson was willing to extend the

4  discovery deadline for Thomson SA's Rule 30(b)(6) witness, but was not willing to extend

5  discovery related to Thomson SA fact witnesses.

6    5.    Thomson Consumer has produced documents as recently as August 15,

7  2014.

8    6.    The entire Thomson production consists of 15,799 documents.  The

9  production only comprises documents that were located in the United States.

10    7.    The total current production by all defendants is approximately 1,186,913

11  documents.

12    8.    Attached hereto as Exhibit 1 is a true and correct copy of the July 5, 2013

13  letter brief from Sharp to Special Master Legge seeking to commence discovery against

14  Thomson Consumer (Dkt. No. 1766).

15    9.    Attached hereto as Exhibit 2 is a true and correct copy of the July 19, 2013

16  brief from Thomson Consumer in opposition to Sharp's motion (Dkt. No. 1783).

17    10.    Attached hereto as Exhibit 3 is a true and correct copy of the August 1,

18  2013 order staying discovery as to Thomson Consumer (Dkt. No. 1820).

19    11.    Attached hereto as Exhibit 4 is a true and correct copy of the August 9,

20  2013 objections from Sharp to the order staying discovery (Dkt. No. 1839).

21    12.    Attached hereto as Exhibit 5 is a true and correct copy of the August 26,

22  2013 brief from Thomson Consumer in opposition to Sharp's objections (Dkt. No. 1866).

23    13.    Attached hereto as Exhibit 6 is a true and correct copy of the September 3,

24  2013 reply brief from Sharp in support of its objections (Dkt. No. 1889).

25    14.    After Thomson's motions to dismiss were denied on March 13, 2014,

26  Thomson took the position that it would not respond to discovery requests until after it received

27  initial disclosures, even though the stipulation governing the MDL said the parties did not

28  require initial disclosures.  In lieu of initial disclosures, Sharp agreed to provide all of its

previous discovery responses.  Attached hereto as <u>Exhibit 7</u> is a true and correct copy of the March 27, 2014 letter from me to counsel for Thomson enclosing Sharp's previous discovery responses.  Thomson served its initial disclosures on Plaintiffs on March 28, 2014.

15.     Attached hereto as <u>Exhibit 8</u> is a true and correct copy of the April 11, 2014 letter from Blaise Warren to counsel for Thomson.

16.     Attached hereto as <u>Exhibit 9</u> is a true and correct copy of DAPs' First Set of Requests for Production to Thomson SA (April 14, 2014).

17.     Attached hereto as <u>Exhibit 10</u> is a true and correct copy of DAPs' First Set of Requests for Production to Thomson Consumer (April 14, 2014).

18.     Attached hereto as <u>Exhibit 11</u> is a true and correct copy of DAPs' First Set of Interrogatories to Thomson SA (April 17, 2014).

19.     Attached hereto as <u>Exhibit 12</u> is a true and correct copy of DAPs' First Set of Interrogatories to Thomson Consumer (April 17, 2014).

20.     Attached hereto as <u>Exhibit 13</u> is a true and correct copy of DAPs' Second Set of Requests for Production to Thomson SA and Thomson Consumer (April 22, 2014).

21.     Attached hereto as <u>Exhibit 14</u> is a true and correct copy of Sharp's First Set of Requests for Admission to Thomson SA (May 14, 2014).

22.     Attached hereto as <u>Exhibit 15</u> is a true and correct copy of Sharp's First Set of Requests for Admission to Thomson Consumer (May 14, 2014).

23.     Attached hereto as <u>Exhibit 16</u> is a true and correct copy of Sharp's First Set of Interrogatories to Thomson SA (May 14, 2014).

24.     Attached hereto as <u>Exhibit 17</u> is a true and correct copy of Sharp's First Set of Interrogatories to Thomson Consumer (May 14, 2014).

25.     Attached hereto as <u>Exhibit 18</u> is a true and correct copy of Sharp's First Set of Requests for Production to Thomson SA (May 14, 2014).

26.     Attached hereto as <u>Exhibit 19</u> is a true and correct copy of Sharp's First Set of Requests for Production to Thomson Consumer (May 14, 2014).

- 3 -

27.     Attached hereto as <u>Exhibit 20</u> is a true and correct copy of DAPs' First Set of Requests for Admission to Thomson SA and Thomson Consumer (June 27, 2014).

28.     Attached hereto as <u>Exhibit 21</u> is a true and correct copy of DAPs' Second Set of Interrogatories to Thomson SA and Thomson Consumer (June 27, 2014).

29.     Attached hereto as <u>Exhibit 22</u> is a true and correct copy of DAPs' Third Set of Requests for Production to Thomson SA and Thomson Consumer (July 10, 2014).

30.     Attached hereto as <u>Exhibit 23</u> is a true and correct copy of DAPs' Third Set of Interrogatories to Thomson SA and Thomson Consumer (August 6, 2014).

31.     On April 15, 2014, Plaintiffs served Rule 30(b)(6) deposition notices on Thomson SA and Thomson Consumer.  Attached hereto as <u>Exhibit 24</u> is a true and correct copy of DAPs' Rule 30(b)(6) deposition notice on Thomson Consumer (April 15, 2014).

32.     Attached hereto as <u>Exhibit 25</u> is a is a true and correct copy of DAPs' Rule 30(b)(6) deposition notice on Thomson SA (April 15, 2014).

33.     On May 27, 2014, Plaintiffs contacted counsel for Thomson to set up a meet and confer on June 4, 2014, to discuss Thomson's objections and responses to DAPs' First and Second Set of Requests for Production.

34.     On June 3, 2014, I sent counsel for Thomson a letter in advance of our meet and confer that highlighted four particular topics to focus our discussion, including Thomson SA's general and specific objections to DAPs' first and second requests for production based on the French blocking statute.  Attached hereto as <u>Exhibit 26</u> is a true and correct copy of that letter.  I wrote that I wanted to discuss when Thomson SA had learned of the letter from the French Ministry, Thomson SA's interpretation of the French blocking statute, and information or categories of information it intended to produce and not to produce based on its interpretation of that statute.

35.     On June 4, 2014, I and other counsel for Plaintiffs held a meet and confer with counsel for Thomson to discuss Thomson's objections and responses to DAPs' requests for production.  Attached hereto as <u>Exhibit 27</u> is a true and correct copy of my June 11, 2014 letter to counsel for Thomson memorializing that meet and confer.  During this meet and confer,

1  counsel for Thomson represented that the French blocking statute, a 2007 decision by the French

2  Court of Cassation, and a data privacy law, in combination with a 2008 letter from a legal

3  advisor in the French Ministry of Foreign Affairs, bar production of any documents or

4  commercial information not already otherwise in the United States, unless requests are made

5  through Hague Convention procedures.  We were also informed that Thomson's forthcoming

6  production would encompass a substantial amount, but not necessarily all, of the materials

7  Thomson SA submitted to the European Commission in connection with the European

8  Commission's CRT investigation.  Counsel for Thomson suggested that the documents might

9  satisfy Plaintiffs' needs and obviate the need for documents from France.  We also inquired from

10 Thomson as to the status of current or former Thomson employees Jackie Taylor-Boggs, Jack

11 Brunk, Emeric Charamel, James Hanrahan, Alex Hepburn, Christian Lissorgues, and Julie

12 Wright.

13             36.     On July 7, 2014, I sent a letter to counsel for Thomson regarding the

14 productions we received from Thomson on June 25, 26, and 27, 2014.  Attached hereto as

15 Exhibit 28 is a true and correct copy of that letter.  In my letter, I asked counsel for Thomson

16 whether additional productions would be forthcoming, and whether Thomson was going to

17 withhold any documents that were responsive to DAPs' document requests and were located in

18 the United States.  I also inquired whether Thomson had withheld from its production any

19 materials that were submitted by Thomson SA to the European Commission and the basis for

20 withholding these documents.  I further inquired whether Thomson had produced documents, or

21 if more materials were forthcoming, responsive to DAPs' requests related to the business entity

22 documents showing the relationship between Thomson SA and its subsidiaries and Thomson SA

23 to the United States.  I asked counsel for Thomson to confirm whether Thomson intended to

24 withhold all responsive documents that are located in France on the basis of the French blocking

25 statute.  Finally, I sought production of custodial documents of potential deponents Jackie

26 Taylor-Boggs, James Hanrahan, Alex Hepburn, and Jack Brunk.

27             37.     On July 11, 2014, I sent a letter to counsel for Thomson asking for a

28 response to my July 7 letter by July 15, 2014 at the latest, or to provide times for a meet and

1   confer to discuss Thomson's outstanding responses to DAPs' discovery requests.  Attached

2   hereto as <u>Exhibit 29</u> is a true and correct copy of that July 11 letter.

3           38.     On July 14, 2014, counsel for Thomson responded to my July 7 letter

4   regarding certain discovery matters.  Attached hereto as <u>Exhibit 30</u> is a true and correct copy of

5   that July 14 letter.  Counsel for Thomson confirmed that Thomson SA continues to withhold all

6   responsive documents that are located only in France on the basis of the French blocking statute

7   as well as the directive it received from the French Ministry of Foreign Affairs.

8           39.     On July 15, 2014, I attended a meet and confer with counsel for Thomson

9   regarding DAPs' outstanding discovery requests.  Attached hereto as <u>Exhibit 31</u> is a true and

10  correct copy of my July 16, 2014 letter to counsel for Thomson memorializing the July 15 meet

11  and confer.  During the meet and confer, Thomson SA confirmed that it would not produce

12  responsive documents that reside in France absent a request under the Hague procedures.

13          40.     On July 17, 2014, I wrote to counsel for Thomson to inquire about

14  Thomson's position on the testimony and preparation of Thomson SA's 30(b)(6) representative,

15  Ms. Ehret, in light of Thomson SA's position on the operation of the French Blocking Statute.

16  Attached hereto as <u>Exhibit 32</u> is a true and correct copy of that letter.  I informed counsel for

17  Thomson that prior to agreeing on Ms. Ehret's deposition date, I wanted to know whether Ms.

18  Ehret would be prepared fully to testify about all information known or reasonably available to

19  Thomson SA, including on the basis of documents or interviews with employees that reside in

20  France.

21          41.     On July 22, 2014, I received a letter from counsel for Thomson, stating

22  that Thomson SA took the position that its Rule 30(b)(6) witness would not be prepared to testify

23  based on documents and information resident in France.  Counsel for Thomson also stated that

24  she expected to have dates for the depositions of Brunk, Hanrahan, Hepburn and Taylor-Boggs

25  soon.  Attached hereto as <u>Exhibit 33</u> is a true and correct copy of that letter.

26          42.     Attached hereto as <u>Exhibit 34</u> is a true and correct copy of the July 28,

27  2014 letter brief from DAPs to Judge Walker.

28

1   43.   Attached hereto as <u>Exhibit 35</u> is a true and correct copy of Exhibits 1-2 to

2   the letter brief from DAPs to Judge Walker.

3   44.   Attached hereto as <u>Exhibit 36</u> is a true and correct copy of the August 6,

4   2014 brief from Thomson in opposition to DAPs' motion.

5   45.   Attached here to as <u>Exhibit 37</u> is a true and correct copy of Exhibit A to

6   Thomson's opposition to DAPs' motion.

7   46.   Attached hereto as <u>Exhibit 38</u> is a true and correct copy of the August 12,

8   2014 reply brief from DAPs in further support of DAPs' motion to compel.

9   47.   On August 6, 2014, I sent revised deposition notices to counsel for

10  Thomson's 30(b)(6) witnesses and a cover letter describing my understanding of Thomson's

11  position.  In my letter, I stated that I understood Thomson's position to be that it would not

12  educate its 30(b)(6) witness or witnesses with any information located in France absent such a

13  requirement being imposed through the Hague procedures.  Attached hereto as <u>Exhibit 39</u> is a

14  true and correct copy of that letter.

15  48.   Attached hereto as <u>Exhibit 40</u> is a true and correct copy of the August 6,

16  2014 Amended Rule 30(b)(6) deposition notice for Thomson SA.

17  49.   Attached hereto as <u>Exhibit 41</u> is a true and correct copy of the August 6,

18  2014 Amended Rule 30(b)(6) deposition notice for Thomson Consumer.

19  50.   On August 8, 2014, I sent a letter to counsel for Thomson accompanying

20  deposition notices for Jack Brunk, James Hanrahan, Jackie Taylor-Boggs, Alex Hepburn,

21  Christian Lissorgues, Agnes Martin, Didier Trutt, and Emeric Charamel.  Attached hereto as

22  <u>Exhibit 42</u> is a true and correct copy of that letter.

23  51.   Attached hereto as <u>Exhibit 43</u> is a true and correct copy of the August 8,

24  2014 deposition notice for Emeric Charamel.

25  52.   Attached hereto as <u>Exhibit 44</u> is a true and correct copy of the August 8,

26  2014 deposition notice for Christian Lissorgues.

27  53.   Attached hereto as <u>Exhibit 45</u> is a true and correct copy of the August 8,

28  2014 deposition notice for Agnes Martin.

1        54.    Attached hereto as <u>Exhibit 46</u> is a true and correct copy of the August 8,

2   2014 deposition notice for Didier Trutt.

3        55.    On August 12, 2014, I spoke with counsel for Thomson regarding

4   Thomson's objections to DAPs' 30(b)(6) deposition notices and notice for depositions of foreign

5   witnesses Agnes Martin, Didier Trutt, Emeric Charamel, and Christian Lissorgues.  During that

6   discussion, I confirmed with counsel for Thomson that Thomson no longer objected that

7   Plaintiffs provided insufficient notice of their desire to take these depositions on the basis of the

8   discovery protocol.  On August 13, 2014, I sent a letter to counsel for Thomson memorializing

9   that discussion.  Attached hereto as <u>Exhibit 47</u> is a true and correct copy of that letter.

10       56.    On August 19, 2014, I sent a letter to counsel for Thomson seeking the

11  contact information of former Thomson SA employees Agnes Martin, Didier Trutt, Emeric

12  Charamel, and Christian Lissorgues.  Attached hereto as <u>Exhibit 48</u> is a true and correct copy of

13  that letter.

14       57.    On August 22, 2014, Blaise Warren spoke with counsel for Thomson

15  regarding contact information for Agnes Martin, Didier Trutt, Emeric Charamel, and Christian

16  Lissorgues.  On August 25, 2014, Blaise Warren wrote counsel for Thomson to memorialize that

17  discussion.  Attached hereto as <u>Exhibit 49</u> is a true and correct copy of that letter.

18       58.    On August 26, 2014, counsel for Thomson wrote to counsel for Sharp,

19  explaining that Thomson may be able to provide contact information for Agnes Martin, Didier

20  Trutt, and Emeric Charamel.  Attached hereto as <u>Exhibit 50</u> is a true and correct copy of that

21  letter.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

- 8 -

59.     Pursuant to Civil Local Rule 6-3(a)(5), the table below discloses previous time modifications made in this multi-district litigation that are active as to Thomson defendants, whether by stipulation or Court Order:

| Date | Dkt. No. | Description |
|------|----------|-------------|
| 7/28/2014 | 2711 | Order establishing discovery and pre-trial schedule between Viewsonic Corporation and defendants. |
| 8/25/2014 | 2761 | Order entering stipulation between Thomson and DAPs permitting a 30(b)(6) deposition beyond September 5, 2014. |

60.     Except for the specifically requested extension of time for discovery from Thomson Consumer and Thomson SA, the relief requested will not otherwise have an effect on the currently set schedule for this case.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.  Executed this 27th day of August 2014, at Washington, DC.

　　　　　　　　　/s/  *Craig A. Benson*
　　　　　　　　　Craig A. Benson

- 9 -