# EXHIBIT 1

# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
TELEPHONE (202) 223-7300

WASHINGTON, DC 20006-1047

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000
FACSIMILE (212) 757-3990

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

CRAIG BENSON
PARTNER

TELEPHONE (202) 223-7343
FACSIMILE (202) 204-7343

E-MAIL: cbenson@paulweiss.com

July 5, 2013

**Via ECF and Email**

Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

RE: *In re CRT Antitrust Litigation*, Case No. 07-cv-5944, MDL No. 1917
This Document Relates to: *Sharp Electronics Corporation, et al. v. Hitachi, Ltd., et al.*, Case No. 13-cv-1173

Dear Special Master Legge:

We write on behalf of Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. ("Sharp") to address discovery issues between Thomson Consumer Electronics, Inc. and Sharp. Sharp is ready to conduct discovery, but Thomson Consumer maintains that discovery between Sharp and Thomson Consumer should not occur while its motion to dismiss pends. The parties have been unable to reach agreement despite meeting and conferring.

*Sharp Enters the Case and Names Thomson Consumer As a Defendant*

**Sharp files its complaint.** Sharp, a major purchaser of cathode ray tubes in the United States, filed a direct action complaint on March 15, 2013 relating to the alleged price-fixing conspiracy that is the focus of this multi-district litigation. At the time Sharp filed its complaint, the court had not certified a class of either direct or indirect purchasers, and opt-out notices had only ever circulated for classes relating to certain settlements.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

Sharp named as a defendant Thomson Consumer, a company that sold it CRTs in the United States. Thomson Consumer is the wholly owned subsidiary of Thomson S.A., a French company that had been named in putative class actions in this MDL as early as January of 2008 and which was recently fined millions of dollars by the EU for participating in the CRT conspiracy. Compl., Case No. 13-cv-1173 (Dkt. 1), at ¶ 136. Thomson Consumer had also intervened in the MDL in September 2012, to oppose a motion by other Direct Action Plaintiffs who sought to amend their complaints to add Thomson Consumer as a defendant.[1] Despite its familiarity with the underlying MDL, Thomson Consumer requested additional time to respond to Sharp's complaint. As a courtesy, Sharp agreed.

**Thomson Consumer files its motion to dismiss.** Per that agreement, on May 17, 2013, Thomson Consumer moved to dismiss Sharp's complaint. (Dkt. 30). Thomson Consumer's motion largely recycles arguments that this Court has already rejected in this MDL. To the extent Thomson Consumer purports to raise any new arguments, they are without merit for the reasons described in Sharp's opposition brief. (Dkt. 34).

As part of their agreement on dates, Sharp and Thomson Consumer had decided months ago that the hearing on Thomson Consumer's motion to dismiss should occur on July 23, 2013. But on June 25, a group of other defendants petitioned Your Honor to postpone the hearing on Thomson Consumer's motion to dismiss so that all motions to dismiss relating to Sharp's complaint could be heard and decided at the same time. Sharp had indicated that it would be prejudiced by any delay in hearing the motion to dismiss, so long as Thomson Consumer maintained its position that it would not submit to discovery while the motion to dismiss pended. Following briefing, the hearing on Thomson Consumer's motion to dismiss Sharp's complaint was postponed. This means that a hearing on any motions to dismiss Sharp's complaint will not occur for at least several months, and likely an even longer period of time.

**Discovery proceeds in the case.** Discovery in the MDL has meanwhile proceeded for several years, without Sharp and without Thomson Consumer. Since joining the MDL, Sharp has acted consistently with the orders governing discovery in the case, engaging in best efforts to conduct discovery efficiently and without duplication. It has participated meaningfully in deposition discovery and defendants have already served Sharp with discovery requests.

Sharp has prepared discovery requests for Thomson Consumer that it is ready to serve that track requests that have been served on other defendants in the MDL. Accordingly, several weeks ago, Sharp alerted Thomson Consumer that it also wished to commence discovery against Thomson Consumer. Thomson Consumer, however, stated

---

[1] In a Report and Recommendation dated June 29, 2013, the DAPs were also granted to leave to amend their complaints to include Thomson S.A. and Thomson Consumer.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

that its position is that all discovery from Sharp is inappropriate so long as the motion to dismiss is pending. *See* Correspondence Attached as Exhibits A, B, C, D, and E.[2]

Sharp seeks an order from Your Honor setting a schedule for discovery with Thomson Consumer to commence immediately, notwithstanding the pendency of the motion to dismiss.

***Discovery Between Sharp and Thomson Consumer Should Not Be Stayed During the Pendency of Thomson Consumer's Motion to Dismiss***

Thomson Consumer's position that discovery should be stayed merely because it has filed a motion to dismiss is "directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). "The Federal Rules of Civil Procedure do not provide for an automatic stay of discovery pending resolution of a motion to dismiss." *In re Valence Tech. Sec. Litig.*, No. 94-cv-1542, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994) (Conti, J.).

Nor can Thomson Consumer make a showing that this is one of the rare instances where a stay might be appropriate. Sharp's claim is not "utterly frivolous" or a "fishing expedition." *Gray*, 133 F.R.D. at 40. The Court's ruling in the class cases establish that. Moreover, Sharp's claims against Thomson Consumer far exceed the reasonable plausibility standard. The North American market was the world's leading market for televisions containing color picture tubes, and Thomson Consumer was the U.S. arm of Thomson S.A.—a company recently found guilty of participating in a "worldwide" cartel for color picture tubes. European Commission, *Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels* (December 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm. The EC called the conspiracy one of the "most organised cartels that the Commission has investigated."

In correspondence, Thomson Consumer has suggested that it is entitled to a stay because of other precedent in this case. Not so. To the extent that the Court entered a limited stay of discovery in this case years ago, it was at the behest of the Department of Justice because of a grand jury investigation, and then based on stipulation of the parties before discovery had commenced in earnest. It was also, more importantly, prior to any rulings on the sufficiency of the class allegations. The Court has now

---

[2] In a meet and confer, Thomson Consumer offered, as a compromise, to submit only *objections* to document requests served by Sharp, and otherwise to indicate which categories documents it would eventually produce. Thomson Consumer maintained, however, that it would not actually *collect* or *produce* any documents until there was a final ruling on its motion to dismiss. Thomson Consumer also excluded from the proposal any other forms of discovery, including interrogatories. Sharp could not agree to such an inadequate substitute for real discovery.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

declared the allegations in those class complaints sufficient and the stay has expired by its own terms.[3] Discovery has proceeded for years. *See, e.g.*, Case No. 07-5944 (Dkt. 509) (June 8, 2009).

### *Judicial Efficiency and Fairness Weigh in Favor of Permitting Discovery Between Sharp and Thomson Consumer*

Judicial efficiency favors granting Sharp access to discovery from Thomson Consumer now. "In the event [Thomson Consumer's] motion is denied, then commencement of the discovery process now, while no doubt imposing a burden on defendant, will have already advanced the ultimate disposition of this action in an efficient manner beneficial to all involved." *In re Valence Tech. Sec. Litig.*, 1994 WL 758688, at *2. In the unlikely scenario that Sharp's complaint is somehow deficient, permitting discovery now is still efficient, because Sharp "may be granted leave to plead anew" and the discovery will not have gone to waste. *Id.*

In a meet and confer, Thomson Consumer suggested that because a dismissal of Sharp's complaint on limitations grounds, it maintains, would be "with prejudice," a stay is appropriate. But it is not enough that the Court may (or may not) grant the motion to dismiss and may (or may not) deny leave to amend such that discovery ultimately may (or may not) have been wasted. The mere argument that a stay of discovery would "promote efficiency" and "avoid[] costly discovery" "does not constitute the showing of particular and specific need required" in order to obtain a stay of discovery. *Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, No. 12-cv-5847, 2013 U.S. Dist. LEXIS 61848 at *7 (N.D. Cal. Apr. 29, 2013) (internal quotations omitted). Rather, the court must be "convinced that the plaintiff will be unable to state [a] claim for relief." *Gleason v. Cheskaty*, 94-cv-0066, 1995 WL 560139, at *7 (D. Idaho June 22, 1995) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *accord Baker v. Ark. Blue Cross*, 08-cv-3974, 2009 WL 904150 at *1 (N.D. Cal. 2009) (denying stay of discovery where it was "not clear that Plaintiffs will fail to state a claim") (citing *Wood*, 644 F.2d at 801)). There can be no such certainty here. In order to prevail on its limitations argument, Thomson Consumer must show that at least two of three well-establishing tolling doctrines fail to apply, contravening previous rulings of this Court. Moreover, as Sharp noted in its opposition to Thomson Consumer's motion to dismiss, discovery even into the limitations argument would be appropriate to determine when Thomson Consumer had notice of the claims in the CRT litigations. *See Cardenas v. Miller-Stout*, No. 11-cv-5117, 2012 WL 2872130, at *4 (E.D. Wash. July 12, 2012) (denying stay of discovery where "additional discovery appears necessary to resolve lingering questions" related to a motion to dismiss on statute of limitations grounds).

Sharp certainly would be prejudiced if it were unable to obtain any discovery from Thomson Consumer pending a decision on its motion to dismiss. *See*

---

[3] The last limited stay of discovery was entered on October 27, 2010. Case No. 07-5944 (Dkt. 798).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

5

*OMG Fidelity, Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 304-05 (N.D.N.Y. 2006) ("The court must also consider any unfair prejudice which may be suffered by the party seeking to engage in discovery during the pendency of the dismissal motion." (citation omitted)). As noted above, Thomson Consumer has yet to produce any discovery in this litigation. Sharp needs information from Thomson Consumer not just to establish the extent of Thomson Consumer's participation in the conspiracy, but also to prosecute Sharp's claims against the other defendants including through, for example, expert reports that may require data from each defendant.

Deadlines have been set in this case which should be achievable, provided that discovery proceeds without delay or barring unforeseen obstacles. But if discovery is delayed the many months it would likely take to decide the motion to dismiss Sharp's complaint (including any review of the report and recommendation to Judge Conti), Sharp certainly will not be able to adequately establish its case in order to meet the case deadlines.

We accordingly ask that this Court order that discovery between Thomson Consumer and Sharp may commence immediately, notwithstanding the pendency of Thomson Consumer's motion to dismiss.

Respectfully submitted,

*/s/ Craig A. Benson*

Craig A. Benson

Attachments

cc: Counsel for Thomson Consumer