# EXHIBIT 3

1  Hon. Charles A. Legge (Ret.)
2  JAMS
   Two Embarcadero Center, Suite 1500
3  San Francisco, CA 94111
   Telephone: (415) 774-2644
4  Fax: (415) 982-5287
5  Special Master

6

7                  UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9                    SAN FRANCISCO DIVISION

10

11

12  | In re: CATHODE RAY TUBE (CRT) | **Case No. 3:07-cv-05944-SC** |
    | ANTITRUST LITIGATION | **MDL No. 1917** |
13  | | **JAMS Ref. No. 1100054618** |
14  | This Document Relates to: | **ORDER STAYING DISCOVERY** |
15  | *Sharp Electronics Corp. et al. v. Thomson* | |
    | *Consumer Electronics, Inc.* | |
16  | | |
17  | Direct Action Cases | |

18

19

20        Thomson Consumer Electronics, Inc. (Thomson) was added to this litigation by Sharp

21  Electronics on March 15, 2013. Before that date Thomson had not been a party to any of these

22  Cathode Ray Tube Antitrust Litigation cases. Thomson timely filed a motion to dismiss, which

23  has been briefed and is awaiting a hearing. However, the hearing is to be rescheduled after the

24  Honorable Samuel Conti rules on the pending appeals of the special master's order on the

25  motions to dismiss of other defendants in the direct action cases.

26        Sharp seeks an order scheduling its discovery against Thomson, to commence

27  immediately notwithstanding the pendency of the motion to dismiss. Thomson opposes and

28  seeks a stay of discovery until resolution of its motion to dismiss. A stay may not be appropriate

                                    1

for quite that long.  When Judge Conti rules on the pending appeals of the other defendants, some or all of the grounds for the motion asserted by Thomson may be resolved without the necessity for actually hearing Thomson's motion.  But that cannot be determined now.

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that a district court may control the schedule of the discovery.  And numerous courts have stayed discovery pending the resolution of potentially dispositive motions, including motions to dismiss.  See *Netflix Antitrust Litigation*, 506 F. Supp. 2d. 308 (N.D. Cal. 2007); *Jarvis v. Regan*, 833 F.2d. 149 (9th Cir. 1987); *Rutman Wine Co. v. E. and S. Gallo Winery,* 329 F.2d. 729 (9th Cir. 1987).

The special master concludes that the discovery against Thomson should be stayed pending Thomson's motion to dismiss.  This result is particularly appropriate where the motions to dismiss similar allegations are pending before Judge Conti.  It is even more appropriate when the grounds for some of the motions are based upon statutes of limitation.  The special master has recommended the dismissal of two complaints on that ground, and the facts alleged in Sharp's complaint against Thomson allege that Thomson closed its U.S.-based manufacturing plants in 2004 and sold its CRT business in 2005.  That is eight years prior to the complaint by Sharp against Thomson, and two years prior to the same allegations against Phillips and the LG defendants.

The courts within the Ninth Circuit do not appear to have designed a single standard for staying discovery during the pendency of a dispositive motion.  But certain principles have been stated.  One is that the pending motion must be potentially dispositive of the entire case, or at least major issues.  That is true here, particularly with respect to the statutes of limitation.  A second principle is that the motion can be decided without discovery.  That is again true of Thomson's motion, as evidenced by the fact that the special master has recommended the granting of the dismissal motions of certain other defendants.

Litigation economy also counsels awaiting the results of the dismissal motions.  The discovery which Sharp seeks will be extensive, essentially trying to play "catch up" with all of the discovery produced by other defendants.  Some or all of that might well be eliminated by Judge Conti's rulings on the pending motions to dismiss.  And waiting for at least the decision by

Judge Conti should not be prejudicial to Sharp. There is no reason to believe that any additional evidence, which is now at least eight years old, would be lost by waiting a few more weeks or months.

It is therefore ordered that Sharp's request for immediate discovery is denied, and Sharp's discovery against Thomson is stayed until there is a ruling on Thomson's motion to dismiss. Provided, however, that after Judge Conti enters an order on the pending appeals of the other dismissal motions, the parties may request reconsideration of the stay granted in this order.

IT IS SO ORDERED.

Dated: August ___1___, 2013

_____
Hon. Charles Legge (Ret.)
Special Master