# **E**XHIBIT **5**

1 | Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
2 | 1950 University Ave, Suite 450
East Palo Alto, California 94303-2279
3 | Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
4 | Calvin.litsey@faegrebd.com

5 | Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
6 | Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
7 | Indianapolis, IN 46204
Telephone: +1 317-237-0300
8 | Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
9 | ryan.hurley@FaegreBD.com

10 | Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
11 | 3200 Wells Fargo
1700 Lincoln Street
12 | Denver, CO 80203
Telephone: +1 303-607-3500
13 | Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

***Attorneys for Defendant Thomson Consumer***

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173. | **THOMSON CONSUMER'S RESPONSE TO SHARP PLAINTIFFS' OBJECTIONS TO ORDER OF SPECIAL MASTER LEGGE STAYING DISCOVERY**<br><br>Date: None Set<br>Time: None Set<br>Courtroom: One, 17th Floor<br>Judge: Hon. Samuel Conti |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 1

ISSUES TO BE DECIDED ............................................................................................................. 1

STATEMENT OF FACTS .............................................................................................................. 1

ARGUMENT ................................................................................................................................... 3

    I.    SHARP'S OBJECTIONS SHOULD BE DISREGARDED BECAUSE THE SPECIAL MASTER PROPERLY EXERCISED HIS DISCRETION IN STAYING DISCOVERY. ................................................................................. 3

        A.    Special Master Legge Applied the Proper Legal Standard, Therefore This Court Should Review His Order for an Abuse of Discretion. ............................................................................................................. 4

        B.    The Special Master Did Not Abuse His Discretion. ................................... 6

            1.    The Special Master Correctly Determined that Thomson Consumer's Motion to Dismiss Is Potentially Dispositive of All of Sharp's Claims Against It. ........................................................ 6

            2.    The Special Master Correctly Determined that Thomson Consumer is Likely to Prevail on Its Motion to Dismiss. ................. 8

            3.    The Special Master Correctly Determined that Thomson Consumer's Motion to Dismiss May Be Decided Without Discovery. ............................................................................................. 9

        C.    The Special Master Correctly Determined That Permitting The Broad-Ranging Discovery Sought By Sharp Would Be Unduly Prejudicial And Cause Thomson Consumer Undue Burden And Expense. ..................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Advanced Microtherm, Inc. v. Norman Wright Mechanical Equip. Corp.*,
No. C 04-02266 JW, 2007 WL 878566 (N.D. Cal. Mar. 20, 2007) .......................................... 4

*Am. Pipe & Constr. Co. v. Utah*,
414 U.S. 538 (1974) ................................................................................................................ 10

*Arneil v. Ramsey*,
550 F.2d 774 (2d Cir. 1977), *rev'd on other grounds by Crown*, 462 U.S. ............................. 10

*Balarezo v. Nth Connect Telecom, Inc.*,
No. C 07-5243 JF (PVT), 2008 WL 2705095 (N.D. Cal. July 8, 2008) ................................... 4

*Bell Atlantic Corp. v. Twombly*,
127 S.Ct. 1955 (2007) ......................................................................................................... 1, 11

*Boone v. Citigroup, Inc.*,
416 F.3d 382 (5th Cir. 2005) ................................................................................................... 10

*Collins v. Washington*,
No. 12-35244, 2013 WL 2250111 (9th Cir. May 23, 2013) ..................................................... 4

*Crown, Cork & Seal Co. v. Parker*,
426 U.S. 345 (1983) ................................................................................................................ 10

*Earl v. Novartis Consumer Health, Inc.*,
No. 07 Civ. 9595 (RMB), 2008 WL 4274468 (S.D.N.Y. Sept. 12, 2008) .............................. 10

*Hall v. Tilton*,
No. 07-cv-03233, 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) .................................................. 5

*Hallett v. Morgan*,
296 F.3d 732 (9th Cir. 2002) .................................................................................................... 4

*Havaco of America, Ltd. v. Shell Oil Co.*,
626 F.2d 549 (7th Cir. 1980) ................................................................................................... 11

*In re Graphics Processing Units Antitrust Litigation*,
2007 WL 2127577 (N.D. Cal. July 24, 2007) ......................................................................... 11

*In re Netflix Antitrust Litig.*,
506 F. Supp. 2d 308 (N.D. Cal. 2007) ................................................................................. 4, 11

*In re Rubber Chems. Antitrust Litig.*,
504 F. Supp. 2d 777 (N.D. Cal. 2007) ...................................................................................... 8

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   MDL No. 1827, 2012 WL 4858998 (N.D. Cal. Oct. 11, 2012) ................................................ 4

*Jarvis v. Regan*,
   833 F.2d 149 (9th Cir. 1987) ................................................................................................... 4

*Jin v. Rodriguez*,
   No. CVF045894 .................................................................................................................... 7

*Miles v. Pearson*,
   --- Fed. Appx ----, 2013 WL 3199302 (9th Cir. June 26, 2013) ............................................. 4

*Mlejnecky v. Olympus Imaging Am., Inc.*,
   No. 10-cv-02630, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011) ............................................ 5, 6

*Muniz v. United Parcel Serv., Inc.*,
   No. C-09-01987-CW (DMR), 2011 WL 311374 (N.D. Cal. Jan. 28, 2011) ........................... 4

*Rutman Wine Co. v. E & J Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) ................................................................................................. 12

*Tech Data Corp. v. AU Optronics Corp.*,
   No. 07-md-1827, 2012 WL 3236065 (N.D. Cal. Aug. 6, 2012) ............................................ 10

*United States v. Clifford Matley Family Trust*,
   354 F.3d 1154 (9th Cir. 2004) ................................................................................................. 5

*Weddel v. Secretary of Dept. of Health and Human Services*,
   23 F.3d 388 (Fed. Cir. 1994) ................................................................................................... 7

*Wyser-Pratte Mgt. Co. v. Telxon Corp.*,
   413 F.3d 553 (6th Cir. 2005) ................................................................................................. 10

**RULES**

Fed. R. Civ. P. 53(f) ............................................................................................................... 4, 5

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 53, Thomson Consumer respectfully submits this Memorandum opposing the objections raised by Sharp Electronics Corp. and Sharp Electronics Manufacturing Co. of America, Inc. (collectively, "Sharp") to the Order of Special Master Legge staying discovery while this Court considers whether to dismiss all claims against Thomson Consumer.

# ISSUES TO BE DECIDED

Whether Special Master Legge abused his discretion when he issued an Order staying discovery against Thomson Consumer pending resolution of its Motion to Dismiss Sharp's Complaint?

# STATEMENT OF FACTS

On March 15, 2013 – five years into this litigation – Sharp filed its Complaint [Dkt. No. 1604] against Thomson Consumer, alleging in a conclusory manner that Thomson Consumer "participated in an/or was a party to bilateral and group meetings in which unlawful agreements occurred." (Compl. at ¶¶ 187-88.) The Complaint fails to plead any specific facts about Thomson Consumer that plausibly suggest it participated in the alleged conspiracy. (*Id*.) Unlike the Complaints against the Philips and LG defendants, Sharp also admits in its Complaint that Thomson Consumer withdrew entirely from the alleged conspiracy eight years ago, when Thomson Consumer's parent company, Thomson S.A., sold its CRT business. (*Id*. at ¶¶ 73-75.) Thomson Consumer had never previously been named by any other party as a defendant in any CRT antitrust action.

On May 17, 2013, Thomson Consumer filed a Motion to Dismiss [Dkt. No. 1677] Sharp's claims against it, arguing that: (1) Sharp's claims against Thomson Consumer are time-barred on the face of the Complaint under the applicable three-year and four-year statutes of limitations; (2) Sharp fails to plead a claim against Thomson Consumer under *Twombly* because its Complaint does not allege any specific, well-pleaded facts regarding Thomson Consumer; and (3) Sharp's claims fail for lack of subject matter jurisdiction to the extent they are based on foreign sales. (*See* Mot. to Dismiss at 1-2.) The Motion to Dismiss is now fully briefed. (*See* Sharp's Opp. to

1  Thomson Consumer's Mot. to Dismiss [Dkt. No. 1744]; Thomson Consumer's Reply in Support
2  of Mot. to Dismiss [Dkt. No. 1769].)

3  On July 5, 2013, Sharp submitted a letter to the Special Master requesting that it be
4  permitted to proceed with a broad range of discovery prior to resolution of Thomson Consumer's
5  potentially dispositive Motion to Dismiss. (*See* Sharp's July 5, 2013 Letter Brief [Dkt. No.
6  1766].) Sharp's July 5, 2013 Letter Brief failed to set forth each of the legal standards it now
7  claims the Special Master should have applied when evaluating its request to proceed with
8  discovery. (*Id*. at 3-4.) On July 19, 2013, Thomson Consumer submitted its Opposition to
9  Sharp's request. (*See* Thomson Consumer's July 19, 2013 Opposition Letter [Dkt. No. 1783].)
10 Thomson Consumer set forth the two-pronged test applied by courts in the Northern District of
11 California when evaluating whether to stay discovery pending resolution of a potentially
12 dispositive motion and explained why Thomson Consumer satisfied this test. (*Id*. at 5-7.) Sharp
13 filed a Reply on July 26, 2013. (*See* July 26, 2013 Reply Letter [Dkt. No. 1783].)[1]

14 On August 1, 2013, the Special Master entered an Order staying discovery against
15 Thomson Consumer pending resolution of the Motion to Dismiss. (August 1, 2013 Order Staying
16 Discovery [Dkt. No. 1820].) Applying the two-part test utilized by courts in this District, the
17 Special Master found that: (1) Thomson Consumer's Motion to Dismiss was potentially
18 dispositive of the entire case, "particularly with respect to the statutes of limitation"; and (2) the
19 Motion could be decided without discovery "as evidenced by the fact that the special master has
20 recommended the granting of the dismissal [of] motions of certain other defendants." (*Id*. at 2.)
21 The Special Master also took a "preliminary peek" at the merits of Thomson Consumer's Motion
22 to Dismiss. The Special Master concluded that it was "particularly appropriate" to stay discovery
23 because the grounds for the Motion "are based upon statutes of limitation." (*Id*. at 2.) The

---

[1] Sharp attached numerous exhibits to its Reply and thereby deprived Thomson Consumer of an opportunity to respond to these exhibits in the briefing before the Special Master. These documents make no reference to Thomson Consumer and are irrelevant to the issues addressed in the Special Master's Order Staying Discovery.

1 Special Master also indicated that he believed Thomson Consumer was likely to prevail on its
2 statutes of limitations arguments:

> The special master has recommended the dismissal of two complaints on that ground, and the facts alleged in Sharp's complaint against Thomson allege that Thomson closed its US-based manufacturing plants in 2004 and sold its CRT business in 2005. That is eight years prior to the complaint against Thomson, and two years prior to the same allegations against Philips and LG defendants.

6 (*Id.*) Finally, the Special Master found that "[l]itigation economy also counsels awaiting the
7 results of the dismissal motions. The discovery Sharp seeks will be extensive, essentially trying
8 to play 'catch up' with all of the discovery produced by the other defendants." (*Id.*)

## ARGUMENT

10 Sharp's claims against Thomson Consumer are inexcusably late – Sharp filed its
11 Complaint eight years after Thomson Consumer unambiguously exited the CRT industry in 2005.
12 As explained below, Thomson Consumer is likely to prevail on the statutes of limitations
13 arguments raised in its Motion to Dismiss because: (1) unlike the Philips and LG defendants,
14 Thomson Consumer's Motion to Dismiss does not present disputed factual issues about whether
15 it continued to participate in the CRT industry after 2005; and (2) Sharp did not sue Thomson
16 Consumer until 2013, so whether Sharp's claims are time-barred is not a close question. (*See
17 infra* at 7-8.) The Special Master correctly determined that Thomson Consumer's Motion to
18 Dismiss is potentially dispositive and that Thomson Consumer is likely to prevail. Accordingly,
19 discovery against Thomson Consumer should be stayed pending resolution of its Motion to
20 Dismiss.

21 **I. SHARP'S OBJECTIONS SHOULD BE DISREGARDED BECAUSE THE SPECIAL MASTER PROPERLY EXERCISED HIS DISCRETION IN STAYING DISCOVERY.**

23 Sharp objects to Special Master Legge's decision to stay discovery pending resolution of
24 Thomson Consumer's Motion to Dismiss because it alleges that the Special Master made errors
25 of law, triggering *de novo* review. Sharp is incorrect. The proper standard in evaluating the
26 Special Master's decision is whether he abused his considerable discretion in managing
27 discovery. Because the Special Master properly applied the two-part test utilized by courts in the
28 Northern District when evaluating whether to stay discovery pending resolution of a potentially

RESPONSE TO SHARP'S OBJECTIONS TO ORDER OF SPECIAL MASTER STAYING DISCOVERY     3     No. 07-5944-SC; MDL No. 1917

1   dispositive motion and did not abuse his discretion in finding that Thomson Consumer satisfied

2   this test, the Court should reject Sharp's objections.

 **A.    Special Master Legge Applied the Proper Legal Standard, Therefore This Court Should Review His Order for an Abuse of Discretion.**

"District courts have broad discretion to stay discovery pending the resolution of a potentially dispositive motion, including a motion to dismiss." *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007). The court's "decision to deny discovery," based on this "broad discretion," "will not be disturbed except upon the *clearest showing* that denial of discovery results in *actual and substantial prejudice* to the complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (emphasis added) (internal quotations omitted). Under this deferential standard, the Ninth Circuit routinely upholds decisions to stay discovery. *See, e.g.*, *Miles v. Pearson*, --- Fed. Appx ----, 2013 WL 3199302, at *1 (9th Cir. June 26, 2013) (holding that the district court's decision to stay discovery was not an abuse of discretion); *Collins v. Washington*, No. 12-35244, 2013 WL 2250111, at *1 (9th Cir. May 23, 2013) (same); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (same).

In reviewing objections to a special master's order, "the court may set aside a master's ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53(f)(5); *see also* Order Appointing Special Master [Dkt. 302] at 6 ("The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion."). "[D]iscovery is a procedural matter . . . ." *Muniz v. United Parcel Serv., Inc.*, No. C-09-01987-CW (DMR), 2011 WL 311374, at *3 (N.D. Cal. Jan. 28, 2011); *see also Balarezo v. Nth Connect Telecom, Inc.*, No. C 07-5243 JF (PVT), 2008 WL 2705095, at *2 n.3 (N.D. Cal. July 8, 2008) (same). Therefore, orders on discovery issues are reviewed for an abuse of discretion. *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2012 WL 4858998, at *1 (N.D. Cal. Oct. 11, 2012) (applying abuse of discretion standard in affirming special master's discovery order); *Advanced Microtherm, Inc. v. Norman Wright Mechanical Equip. Corp.*, No. C 04-02266 JW, 2007 WL 878566, at *2 (N.D. Cal. Mar. 20, 2007) ("Generally, discovery orders by the Special Master are non-dispositive and are reviewed by this Court under a 'clearly erroneous' or 'abuse of

1 discretion' standard . . . .").

2 Sharp argues that *de novo* review is required because the Special Master misapplied the applicable legal standard. (Opposition at 3.) This argument lacks merit. Rule 53(f)(5) expressly limits this Court's review of a master's procedural orders − including on discovery matters − to an abuse of discretion standard. To import *de novo* review into routine discovery matters would effectively erase this provision from the federal rules, as it would make any arguable misapplication of discovery rules subject to *de novo* review despite the clear direction to the contrary in Rule 53(f)(5). Notably, Sharp's authority for this point does *not* relate to a discovery (or other procedural) matter, but instead a special master's reclassification of land and consequent reduction in water rights for that land. *See United States v. Clifford Matley Family Trust*, 354 F.3d 1154, 1159, 1163 (9th Cir. 2004) ("*Procedural issues aside*, Appellants also contend that the Water Master applied the wrong legal standard in evaluating the Matleys' reclassification petition . . . .") (emphasis added). Such an order cannot fairly be described as procedural, making the Ninth Circuit's decision a straightforward application of Rule 53(f)(4), which is not applicable here.

Moreover, *de novo* review would be inappropriate because the Special Master applied the correct legal standards. "The Ninth Circuit Court of Appeals has not announced a clear standard against which to evaluate a request for or motion to stay discovery in the face of a pending, potentially dispositive motion. However, federal district courts in California . . . have applied a two-part test when evaluating such a request for a stay. First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 10-cv-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (noting that judges in the Eastern and Northern Districts of California "have applied variations of this test with frequency" and collecting cases); *Hall v. Tilton*, No. 07-cv-03233, 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010). While applying this test, the court also takes a "preliminary peek" at the potentially dispositive motion to determine if it believes the movant is likely to succeed on the merits.

RESPONSE TO SHARP'S OBJECTIONS TO ORDER OF SPECIAL MASTER STAYING DISCOVERY     5     No. 07-5944-SC; MDL No. 1917

*Mlejnecky*, 2011 WL 489743.

These are the same legal standards the Special Master applied in deciding to stay discovery. (*See* Order [Dkt. 1820] at 2.) The Special Master determined that Thomson Consumer's "pending motion [is] potentially dispositive of the entire case" and "can be decided without discovery." (*Id.*) He also took a preliminary "peek" at the merits of Thomson Consumer's Motion to Dismiss and found that because "Thomson [Consumer] closed its US-based manufacturing plants in 2004 and sold its CRT business in 2005," but was not sued by Sharp until 2013, Thomson Consumer was likely to prevail on its arguments that Sharp's claims are barred by the applicable three-year and four-year statutes of limitations. (*Id.*) Because Special Master Legge applied the correct legal standards, his August 1, 2013 Order should be reviewed for an abuse of discretion.

### B. The Special Master Did Not Abuse His Discretion.

#### 1. The Special Master Correctly Determined that Thomson Consumer's Motion to Dismiss Is Potentially Dispositive of All of Sharp's Claims Against It.

Sharp challenges the Special Master's conclusion under the first prong of the Northern District's test that Thomson Consumer's Motion to Dismiss is "potentially dispositive of the entire case" and argues that the Special Master was required − but failed − to consider "the likelihood that leave to amend will be granted." (Opposition at 5.) According to Sharp "there is no basis for dismissing Sharp's complaint . . . with prejudice," because even if the Court determined that Sharp's allegations that Thomson Consumer exited the CRT business in 2005 established that Thomson Consumer withdrew from the alleged conspiracy in 2005, Sharp would move to amend its Complaint to add allegations that in 2005, its parent, the French holding company Thomson S.A.,[2] acquired 13.1% of the shares of the company to which Thomson S.A. sold its CRT businesses. (*Id.*)

---

[2] Because, as a mere foreign holding company that never manufactured CRTs or CRT products sold in the United States, Thomson S.A. did not have the contacts necessary to subject it to this Court's jurisdiction, Thomson S.A. has filed a separate motion to dismiss Sharp's claims against it for lack of personal jurisdiction. (*See* [Dkt. No. 1765].)

Sharp's argument should be rejected. Sharp conveniently fails to mention that it never raised this argument in either the July 5, 2013 Letter Brief or the July 26, 2013 Reply it submitted to the Special Master. (*See* [Dkt. Nos. 1766 & 1783].) Instead, it raised it for the first time in its appeal to this Court. Thus, Sharp cannot legitimately complain that the Special Master abused his discretion by failing to consider an argument it never raised before him and thereby waived. *Jin v. Rodriguez*, No. CVF045894 REC/LJO, 2006 WL 657098, at *1 (E.D. Cal. Mar. 15, 2006) (stating that the "Magistrate Judge cannot be faulted for failing to consider an issue not raised by the defendants. The court will not consider a ground raised for the first time in objections to a recommendation."); *see also*, *Weddel v. Secretary of Dept. of Health and Human Services*, 23 F.3d 388, 390 n.2 (Fed. Cir. 1994) (holding that arguments not raised before a special master are waived). Therefore, this argument is not a legitimate basis to reverse the Special Master's Order here.

Moreover, even if the Court is inclined to consider this argument, it fails on the merits. Sharp's allegation that Thomson S.A. owned a minority interest in Videocon, Ltd., an independent, publically-traded company in India, in no way supports an inference that Thomson Consumer continued to participate in the CRT industry after 2005. It strains all credulity to argue that because a subsidiary's holding company parent owns shares in a publically-traded company, the subsidiary continues to be an active participant in the industry in which the publically-traded company operates. Thus, any attempt by Sharp to amend its Complaint to add such allegations would be futile and would not generate factual issues about whether Thomson Consumer exited the CRT industry in 2005. Thomson Consumer unambiguously did so, therefore Thomson Consumer's Motion to Dismiss is dispositive of Sharp's claims.

The circumstances surrounding Thomson Consumer's 2005 exit from the CRT industry are very different from those addressed in the Court's August 21, 2013 Order regarding the Defendants' Motion to Dismiss the Direct Action Complaints [Dkt. No. 1856]. In those cases, Philips and LG did not definitively exit the CRT industry – they allegedly formed a CRT joint venture that continued until 2007. (*See* August 21, 2013 Order at 32-33.) Philips and LG were sued by the DAPs in November of 2011, making it a much closer question as to whether they

exited the industry before the four-year statute of limitations had expired. (*Id.* at 1-2, 33-34.) By contrast, Thomson Consumer did not participate in any joint venture in the CRT industry – as Sharp has explicitly plead, it unquestionably exited the industry in 2005. (*See* Compl. at ¶ 73) (alleging that Thomson Consumer closed all of its United States-based CRT plants in 2004 and sold its CRT business in 2005.) Moreover, Sharp did not file its Complaint against Thomson Consumer until March 15, 2013 – eight years after Thomson Consumer exited the market. Thus, unlike the circumstances addressed in the Court's August 21, 2013 Order, Sharp's claims against Thomson Consumer are definitively barred by the applicable statutes of limitations. Factual disputes regarding Thomson Consumer's continued involvement in the CRT industry after 2005 do not exist and will not preclude the Court from now finding that Sharp's claims are time-barred.[3]

Special Master Legge properly held that, if successful, Thomson Consumer's statute of limitations arguments are likely to result in a dismissal *with* prejudice rather than *without* prejudice. He did not abuse his discretion in concluding that Thomson Consumer's Motion to Dismiss is potentially dispositive, so his Order staying discovery should be affirmed.

### 2. The Special Master Correctly Determined that Thomson Consumer is Likely to Prevail on Its Motion to Dismiss.

Sharp further challenges the discovery stay on the grounds that the Special Master did not properly address the likelihood that Thomson Consumer's Motion to Dismiss will succeed. This is incorrect. The Special Master concluded that Thomson Consumer is likely to prevail on its statutes of limitations arguments:

---

[3] Sharp's claims against Thomson Consumer are also not saved by the doctrine of fraudulent concealment. To invoke this doctrine Sharp must adequately plead that Thomson Consumer actively misled Sharp regarding its role in the alleged conspiracy. *In re Rubber Chems. Antitrust Litig.*, 504 F. Supp. 2d 777, 787-88 (N.D. Cal. 2007). In its Complaint, Thomson Consumer does not allege *any* conduct whatsoever on the part of Thomson Consumer after 2005, thus any alleged fraudulent concealment must have necessarily ended by that date. Therefore fraudulent concealment does nothing to revive Sharp's expired claims and the Court's previous ruling that the issue of fraudulent concealment is too fact-intensive to resolve on a motion to dismiss does not apply in this case. (*See* Mot. to Dismiss [Dkt. No. 1677] at 8-12.)

> The special master has recommended the dismissal of two complaints on that ground, and the facts alleged in Sharp's complaint against Thomson allege that Thomson closed its US-based manufacturing plants in 2004 and sold its CRT business in 2005. That is eight years prior to the complaint against Thomson, and two years prior to the same allegations against Philips and LG defendants.

(Order at 2.) Sharp may point to this Court's August 21, 2013 Order as to Philips and LG as an indication that Thomson Consumer will not ultimately prevail on its Motion to Dismiss, but this is wrong for three reasons. First, that a similar (but distinct) argument was rejected by this Court based on the less favorable facts alleged by the plaintiffs in those cases, does not render the Special Master's decision to stay discovery an abuse of discretion. The Special Master fairly examined the facts that existed at the time he entered the stay; no more is required. Second, as noted above and as recognized by the Special Master, Thomson Consumer's statutes of limitations arguments are much stronger than those of the Philips and LG defendants. Thomson Consumer's Motion to Dismiss presents markedly different facts regarding both the timing and nature of Thomson Consumer's exit from the CRT industry and the timing of Sharp's claims. Third, Thomson Consumer has *never* been a defendant in the class action, rendering *American Pipe* tolling inapplicable. Simply stated, Thomson Consumer's Motion to Dismiss is much more likely to prevail than those brought by the Philips and LG defendants.

The Special Master properly concluded that Thomson Consumer is likely to prevail on its Motion to Dismiss. The Special Master's Order should be affirmed.

### 3. The Special Master Correctly Determined that Thomson Consumer's Motion to Dismiss May Be Decided Without Discovery.

Sharp further argues that the Special Master erred in concluding that discovery would not aid this Court in resolving the pending Motion to Dismiss. It claims that even though Thomson Consumer was never a party to any CRT class action suit, the Supreme Court's *American Pipe* decision requires a finding that the suit against Thomson S.A. tolled claims against Thomson Consumer because the subsidiary had notice of the claims against the parent. (Opposition at 6-7.) (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974)). Sharp asserts that discovery is

necessary to determine when Thomson Consumer had notice of the claims against Thomson S.A. (*Id.*)

Sharp's argument fails for two reasons. First, neither *American Pipe* nor its progeny make such a holding. In *American Pipe*, the Supreme Court held that commencement of a putative class action tolls the statute of limitations until a decision regarding class certification is made. *See* 414 U.S. at 554. In *Crown, Cork & Seal Co. v. Parker*, 426 U.S. 345, 350 (1983), the Supreme Court clarified that *American Pipe* tolling applied to all putative class members who later file individual actions. But neither case holds that claims are preserved against non-parties, and the terms "subsidiary" and "parent" do not appear in the text of either case. Second, courts have roundly rejected Sharp's proposed extension of *American Pipe* tolling to entities that were not already defendants in the putative class action. *See, e.g.*, *Boone v. Citigroup, Inc.*, 416 F.3d 382, 392 (5th Cir. 2005) (noting that it is "facially obvious" that the pendency of a class action does not toll the statute of limitations as to defendants not named in the class action); *Wyser-Pratte Mgt. Co. v. Telxon Corp.*, 413 F.3d 553, 567-68 (6th Cir. 2005) (holding that class action tolling does not apply against a defendant who was not named in the class action); *Arneil v. Ramsey*, 550 F.2d 774, 782 n.10 (2d Cir. 1977) (holding that a statute of limitations cannot be "suspended from running in favor of a person not named as a defendant in [a] class suit"), *rev'd on other grounds by Crown*, 462 U.S. at 348-49. This is true even where claims were made against the absent party's parent corporation or other affiliate. *See, e.g.*, *Tech Data Corp. v. AU Optronics Corp.*, No. 07-md-1827, 2012 WL 3236065, at *5 (N.D. Cal. Aug. 6, 2012) (refusing to apply *American Pipe* tolling to claims against affiliates not named in the class action); *Earl v. Novartis Consumer Health, Inc.*, No. 07 Civ. 9595 (RMB), 2008 WL 4274468, at *3-4 (S.D.N.Y. Sept. 12, 2008) (holding that "[a]ny parent-subsidiary relationship" between an existing defendant and a new defendant cannot toll the relationship because parents and subsidiaries are presumed to be independent). Thus, Thomson Consumer's notice of the claims against Thomson S.A. is irrelevant, as its non-party status precludes *American Pipe* tolling.

Sharp's argument that discovery relevant to Thomson S.A.'s personal jurisdiction defense − a defense raised by a different party, and a defense that Thomson Consumer does not itself raise

| RESPONSE TO SHARP'S OBJECTIONS TO ORDER OF SPECIAL MASTER STAYING DISCOVERY | 10 | No. 07-5944-SC; MDL No. 1917 |

− fails on relevance grounds. Whether Thomson S.A. is subject to personal jurisdiction in the Northern District of California – it is not – has no bearing on Thomson Consumer's Motion to Dismiss. Because the Special Master properly concluded that no discovery was necessary to resolve those questions, he did not abuse his discretion.

### C. The Special Master Correctly Determined That Permitting The Broad-Ranging Discovery Sought By Sharp Would Be Unduly Prejudicial And Cause Thomson Consumer Undue Burden And Expense.

As the Supreme Court emphasized in *Twombly*, discovery in antitrust cases is unusually expensive and burdensome. "[D]etermining whether some illegal agreement may have taken place between unspecified persons at different [companies] . . . at some point over seven years is a sprawling, costly, and hugely time-consuming undertaking." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1967 n. 6 (2007). Although *Twombly* does not provide for an automatic prohibition on all discovery before an antitrust plaintiff's complaint survives a motion to dismiss, when evaluating whether to permit discovery before motions to dismiss have been ruled on in large, complex antitrust actions, courts in this district have recognized that "to allow antitrust discovery prior to sustaining a complaint would defeat one of the rationales of *Twombly*, at least when discovery would be burdensome." *In re Graphics Processing Units Antitrust Litigation,* 2007 WL 2127577, at *4 (N.D. Cal. July 24, 2007) (staying discovery pending resolution of motion to dismiss in multi-district antitrust litigation because "after full ventilation of the viability *vel non* of the complaint, we will be in a much better position to evaluate how much, if any, discovery to allow."); *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) (staying comprehensive discovery). The Ninth Circuit also has emphasized that in antitrust cases it is proper to stay discovery pending resolution of a motion to dismiss:

> The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery. In antitrust cases this procedure especially makes sense because the costs of discovery in such actions are prohibitive. As observed in *Havaco of America, Ltd. v. Shell Oil Co*., 626 F.2d 549, 553 (7th Cir. 1980), "if the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility." It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.

*Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

The Special Master's determination that discovery should be stayed here was especially appropriate because discovery in this case will be even more difficult and costly than the typical complex, international antitrust case. As Sharp alleged in its Complaint, Thomson Consumer closed all of its United States-based CRT manufacturing plants in 2004 and sold its CRT business in 2005. (*See* Compl. at ¶ 73.) This means that nearly all, if not all, personnel formerly involved in the CRT business have long since left Thomson Consumer and documents and data, to the extent they still are available, will be difficult and costly to locate and review. In addition, to even begin to respond to any discovery requests, Thomson Consumer will be required to take costly and time-consuming steps to re-educate itself about its former CRT business and the five-year history of this complex antitrust MDL. Requiring Thomson Consumer to undertake such a costly and burdensome process when, as the Special Master has indicated, the claims against it will likely be dismissed in a few months, would be fundamentally unfair and prejudicial.

The burden discovery would impose on Thomson Consumer is further exacerbated by the expansive breadth of Sharp's proposed discovery. It is not merely seeking discovery related to Thomson Consumer's Motion to Dismiss. The Special Master found that the "discovery which Sharp seeks will be extensive, essentially trying to play 'catch up' with all of the discovery produced by other defendants." (Aug. 1, 2013 Order at 2.) Thus, while Sharp argues that it will be prejudiced in the prosecution of its claims against other defendants if it not be permitted to conduct discovery against Thomson Consumer now, this is a problem of its own making. Sharp decided to wait until this litigation had been pending for over five years before filing its opt-out claims and adding Thomson Consumer as a defendant. Thomson Consumer should not be required to incur the costs and burdens of discovery regarding claims that are time-barred.

Any difficulties Sharp may experience in prosecuting its claims against other defendants as a result of its decision to not attempt to sue Thomson Consumer until five years after this litigation began, nine years after Thomson Consumer exited the television business, and eight years after it sold its CRT business are problems created by Sharp and Sharp alone. Sharp has failed to demonstrate that the Special Master abused his discretion when he determined that the

indisputable prejudice commencing discovery now would impose on Thomson Consumer, outweighs any harm Sharp may suffer if discovery is stayed until the Court rules on Thomson Consumer's Motion to Dismiss. Accordingly, the Order staying discovery against Thomson Consumer pending resolution of its Motion to Dismiss should be affirmed.

DATED: August 26, 2013

Respectfully submitted,

/s/ Calvin L. Litsey

Faegre Baker Daniels LLP
1950 University Ave, Suite 450
East Palo Alto, California 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
Calvin.litsey@faegrebd.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

***Attorneys for Defendant Thomson Consumer***