# EXHIBIT 13

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:     310-552-0130
Facsimile:     310-229-5800

Attorneys for Plaintiffs

BEST BUY CO., INC.; BEST BUY PURCHASING
LLC; BEST BUY ENTERPRISE SERVICES, INC.;
BEST BUY STORES, L.P.; BESTBUY.COM, LLC;
MAGNOLIA HI-FI, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. M:07-5994-SC MDL No. 1917 |
| This Document Relates to Individual Case No. 3:11-cv-05513-SC | Case No. 3:11-cv-05513-SC |
| This document relates to: | **DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS TECHNICOLOR SA (f/k/a THOMSON SA),TECHNICOLOR USA, INC. (f/k/a THOMSON CONSUMER ELECTRONICS, INC.)** |
| *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al., No. 13-cv-1173;* | |
| *Electrograph Systems, Inc. et al. v. Technicolor SA, et al., No. 13-cv-05724;* | |
| *Siegel v. Technicolor SA, et al., No. 13-cv-05261;* | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264;* | |
| *Target Corp. v. Technicolor SA, et al., No. 13-cv-05686;* | |
| *Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727;* | |
| *Office Depot, Inc. v. Technicolor SA, et al., No. 13-cv-05726;* | |
| *Costco Wholesale Corporation v. Technicolor SA, et al., No. 13-cv-05723;* | |

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 31:cv-05725;

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157.

| | |
|---|---|
| **PROPOUNDING PARTIES:** | Direct Action Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.; Electrograph Systems, Inc. and Electrograph Technologies Corp.; Alfred H. Siegel, solely as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultz Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; and Tech Data Corporation and Tech Data Product Management, Inc. |
| **RESPONDING PARTY**: | Defendant Technicolor SA (f/k/a Thomson SA),Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) |
| **SET NO.:** | 2 |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Direct Action Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.; Electrograph Systems, Inc. and Electrograph Technologies Corp.; Alfred H. Siegel, solely as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultz Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; and Tech Data Corporation and Tech Data Product Management, Inc. (collectively, "Direct Action

Plaintiffs"), through their counsel, request that Technicolor SA (f/k/a Thomson SA),Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) (collectively "Thomson Defendants") respond to the following document requests within thirty days of service and produce responsive documents, and afterwards supplement such production as may become necessary to comply with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

**Definitions**

The words and phrases used in these requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any request.

1. The term "Affiliated Entity(ies)" means any entity(ies) involved in the production, pricing, marketing, distribution, and/or sale of CRTs or CRT Products (as those terms are defined herein) at any time during the Relevant Period (as defined herein) in which any of the Thomson Defendants (as defined herein), or any division, subdivision, business unit, parent, subsidiary, affiliate, or joint venture thereof, held any ownership interest at any time from March 1, 1995, to the present.

2. The words "all," "any," and "each" mean "each and every."

3. The words "and" and "or" are both conjunctive and disjunctive as necessary.

4. The term "business expenses" includes any and all costs of doing business, including, but not limited to, any and all taxes, land acquisition costs, rent payments, insurance expenses, utility expenses (including, but not limited to, payments to vendors providing gas, electric, water, trash disposal, internet, or phone services), office equipment purchases, maintenance and repair expenses, office construction or remodeling expenses, legal representation expenses, accounting expenses, and licensing or permit fees.

5. The words "communication" or "correspondence" or words of similar import, in the singular or plural, mean and include, without limitation, any transmission of documents, conversations, discussions, meetings, or other oral or written exchanges arising out of or concerning the subject matter addressed.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

6. The term "CRT" means cathode ray tube and includes cathode ray tubes used in color televisions and color computer monitors.

7. The term "CRT Manufacturer" means any entity that manufactures CRTs.

8. The term "CRT Product" means a television or computer monitor containing a CRT.

9. The term "CRT Product Manufacturer" means any entity that manufactures products containing CRTs, including, but not limited to, original equipment manufacturers, original design manufacturers, electronics manufacturing services, contract manufacturers, and/or systems integrators.

10. "Document" means, without limitation, the following items, whether printed, recorded, or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; orders; purchase orders; communications; correspondence; letters; emails; telegrams; tape recordings; memoranda; summaries; notes or other recordings of telephone conversations, personal conversations, or meetings; agenda of meetings; notices; minutes; records; calendars; daily diaries; daytimers; statistics; interoffice memoranda; personal memoranda; photographs; photographic slides; motion picture films; audio tapes; charts; graphs; diagrams; drawings; bookkeeping entries; bills; invoices; orders; receipts; canceled checks; vouchers; ledger sheets; computer printouts; statements of witnesses; findings of investigations; files; records of negotiations; reports of experts; reports of consultants; papers; books; bulletins; publications; telefaxes; facsimiles; worksheets; securities; order tickets; records; objects; video tapes; maps; posters; pamphlets; flyers; and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported. This includes all drafts, alterations, modifications, changes, and amendments of any of the foregoing of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody, or control. A draft or non-identical copy is a separate document within the meaning of this term.

11. The term "Thomson Defendants" refers collectively to Technicolor SA (f/k/a Thomson SA),Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.), and their predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

12. The term "Technicolor SA" refers to Technicolor SA and its predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof.

13. The term "Technicolor USA Inc." refers to Technicolor USA Inc. and its predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof.

14. "Identify," when used with reference to an entity, means to state the full name, present or last known address, and present or last known telephone number of such entity.

15. "Identify," when used with reference to documents, other than those under claim of privilege, means to identify the documents by each author, sender, addressee, date, subject, recipient, place of recording, and custodian.

16. "Identify" or "identification," when used in reference to an individual person, means to state his or her full name, present or last known address, present or last known telephone number, and present or last known position and business affiliation.

17. "Identify," "describe," "explain," or "state," when used in reference to any fact, act occurrence, transaction, statement, communication, document, or other matter, means to describe and identify the facts constituting such matter.

18. "Including" or "includes" means without limitation.

19. "Reflect(ing) or refer(ring) to" means a statement or communication about, relating to, concerning, describing, containing, identifying, or in any way pertaining to the subject matter in the request.

20. The term "Relevant Period" means the period beginning March 1, 1995 and continuing through the present.

21. The terms "You" and "Your" mean the Thomson Defendants and/or each of the Thomson Defendants, as defined herein.

**Instructions**

1. The documents covered by these requests include all documents in Your possession, custody, or control.

2. Each document request shall be construed independently, and no document request shall be viewed as limiting the scope of any other document request.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

3. Each document request seeks information limited to the Relevant Period, unless stated otherwise.

4. You shall produce all documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the documents to correspond to the categories of the requests. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, attachments, or enclosures to the document in addition to the document itself.

5. The fact that a document is produced by another party does not relieve You of the obligation to produce Your copy of the same document, even if the two documents are identical.

6. If You withhold under any claim of privilege any document or thing or portion thereof requested, then furnish a list specifying each document or thing or part thereof for which the privilege is claimed and the following information about each such item: date, author, recipients and their titles; basis on which the privilege is claimed; the paragraph or sub-paragraph of the request to which the document or thing responds; and a sufficient description of the subject matter of the document or thing (without disclosing its contents) to allow its description to the Court for a ruling on the claim of privilege.

7. If any information requested is withheld based on a claim that such information constitutes attorney work-product, please provide all the information described in the previous instruction and identify the litigation in connection with which the information and the information it contains was obtained and/or prepared.

8. For each document request with respect to which You assert a claim of privilege, state whether the documents or information requested have ever been provided to the Government or any party, entity, or individual other than the Thomson Defendants or their attorneys.

9. If any responsive document was but is no longer in Your possession or subject to your control, state whether it is: (a) missing or lost; (b) destroyed; (c) otherwise disposed of; or (d) transferred voluntarily or involuntarily to others, and identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

10. The obligation to respond to these document requests is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. If at any time after responding to these document requests You discover additional responsive documents that will make Your responses to these document requests more complete or correct, amend Your responses and produce such responsive documents as soon as reasonably possible, pursuant to the requirements of Rule 26(e).

11. If an objection is made to a request, or a part of a request, the specific ground for the objection shall be set forth clearly in the response to that request. If You consider only a part of a request to be objectionable, You must specify such part, and must otherwise respond to the remainder of the request.

## **Requests for Production**

**Request No. 1:**

Documents sufficient to identify every entity and individual which held an ownership interest in each of the following entities during the Relevant Period, including the amount of ownership interest in each entity held by each owner at all times during the Relevant Period:

a.      Each Thomson Defendant;

b.      Thomson Consumer Electronics, Inc.;

c.      Thomson Multimedia, Inc.;

d.      Thomson, Inc.;

e.      Thomson Displays Americas LLC;

f.      Technologies Displays Americas, LLC;

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

l.      RCA;

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

m.      Proscan

n.      All other Affiliated Entities.

**Request No. 2:**

For each of the following entities, documents sufficient to identify all officers, directors, and board members employed during the Relevant Period, their dates of employment, and their job title and duties:

a.      Each Thomson Defendant;

b.      Thomson Consumer Electronics, Inc.;

c.      Thomson Multimedia, Inc.;

d.      Thomson, Inc.;

e.      Thomson Displays Americas LLC;

f.      Technologies Displays Americas, LLC;

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

l.      RCA;

m.      Proscan

n.      All other Affiliated Entities.

**Request No. 3:**

For the Relevant Period, all board of directors meeting minutes of each Thomson Defendant that name, mention, or reference any of the following entities:

a.      Each Thomson Defendant;

b.      Thomson Consumer Electronics, Inc.;

c.      Thomson Multimedia, Inc.;

d.      Thomson, Inc.;

e.      Thomson Displays Americas LLC;

f.      Technologies Displays Americas, LLC;

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

l.      RCA;

m.      Proscan

n.      All other Affiliated Entities.

**Request No. 4:**

For each of the following entities, organizational charts sufficient to identify all persons, departments, and divisions responsible for the production, pricing, marketing, distribution, and/or sale of CRTs or CRT Products at any time during the Relevant Period:

a.      Each Thomson Defendant;

b.      Thomson Consumer Electronics, Inc.;

c.      Thomson Multimedia, Inc.;

d.      Thomson, Inc.;

e.      Thomson Displays Americas LLC;

f.      Technologies Displays Americas, LLC;

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

l.      RCA;

m.      Proscan

n.      All other Affiliated Entities.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**Request No. 5:**

Documents sufficient to identify all employees who were involved in any way in the setting of prices of CRTs sold by any Thomson Defendant to any of the following entities:

a.    Each Thomson Defendant;

b.    Thomson Consumer Electronics, Inc.;

c.    Thomson Multimedia, Inc.;

d.    Thomson, Inc.;

e.    Thomson Displays Americas LLC;

f.    Technologies Displays Americas, LLC;

g.    Thomson Displays Mexicana, S.A. de C.V.;

h.    Technologies Displays Mexicana, S.A. de C.V.;

i.    Thomson SA;

j.    Technicolor, Inc.;

k.    Videocon Industries, Ltd.;

l.    RCA;

m.    Proscan

n.    All other Affiliated Entities.

**Request No. 6:**

All documents relating to or reflecting the sale, purchase, or transfer of any CRT or CRT Product, including all communications relating to or reflecting the price or negotiation of prices for any such sale, purchase, or transfer, between any Thomson Defendant and any of the following entities:

a.    Each Thomson Defendant;

b.    Thomson Consumer Electronics, Inc.;

c.    Thomson Multimedia, Inc.;

d.    Thomson, Inc.;

e.    Thomson Displays Americas LLC;

f.    Technologies Displays Americas, LLC;

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

l.      RCA;

m.      Proscan

n.      All other Affiliated Entities.

**Request No. 7:**

All documents from the Relevant Period relating to or reflecting pricing guidelines for CRTs or CRT Products given to or provided by any Thomson Defendant by or to any of the following entities:

a.      Each Thomson Defendant;

b.      Thomson Consumer Electronics, Inc.;

c.      Thomson Multimedia, Inc.;

d.      Thomson, Inc.;

e.      Thomson Displays Americas LLC;

f.      Technologies Displays Americas, LLC;

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

l.      RCA;

m.      Proscan

n.      All other Affiliated Entities.

**Request No. 8:**

All communications from the Relevant Period between any Thomson Defendant and any

of the following entities relating to production levels, output, or line capacity for CRTs or CRT Products made, produced, or manufactured, in whole or in part, by any of the following entities or any Thomson Defendant:

a.      Each Thomson Defendant;

b.      Thomson Consumer Electronics, Inc.;

c.      Thomson Multimedia, Inc.;

d.      Thomson, Inc.;

e.      Thomson Displays Americas LLC;

f.      Technologies Displays Americas, LLC;

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

l.      RCA;

m.      Proscan

n.      All other Affiliated Entities.

**Request No. 9:**

All documents from the Relevant Period which relate to or reflect the payment of the salary, retirement benefits, health insurance, medical bills, or any other monetary benefits by any Thomson Defendant to any employee of any of the following entities:

a.      Each Thomson Defendant;

b.      Thomson Consumer Electronics, Inc.;

c.      Thomson Multimedia, Inc.;

d.      Thomson, Inc.;

e.      Thomson Displays Americas LLC;

f.      Technologies Displays Americas, LLC;

DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO TECHNICOLOR

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

l.      RCA;

m.      Proscan

n.      All other Affiliated Entities.

**Request No. 10:**

All documents from the Relevant Period which relate to or reflect the payment of any

business expenses of any of the following entities by any Thomson Defendant:

a.      Each Thomson Defendant;

b.      Thomson Consumer Electronics, Inc.;

c.      Thomson Multimedia, Inc.;

d.      Thomson, Inc.;

e.      Thomson Displays Americas LLC;

f.      Technologies Displays Americas, LLC;

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

l.      RCA;

m.      Proscan

n.      All other Affiliated Entities.

**Request No. 11:**

All documents from the Relevant Period which relate to or reflect payment or

authorization for payment of any travel expenses by any Thomson Defendant for any employee of

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

any of the following entities:

    a.      Each Thomson Defendant;

    b.      Thomson Consumer Electronics, Inc.;

    c.      Thomson Multimedia, Inc.;

    d.      Thomson, Inc.;

    e.      Thomson Displays Americas LLC;

    f.      Technologies Displays Americas, LLC;

    g.      Thomson Displays Mexicana, S.A. de C.V.;

    h.      Technologies Displays Mexicana, S.A. de C.V.;

    i.      Thomson SA;

    j.      Technicolor, Inc.;

    k.      Videocon Industries, Ltd.;

    l.      RCA;

    m.      Proscan

    n.      All other Affiliated Entities.

**Request No. 12:**

All documents from the Relevant Period which relate to or reflect the transfer of money

between any Thomson Defendant and any of the following entities:

    a.      Each Thomson Defendant;

    b.      Thomson Consumer Electronics, Inc.;

    c.      Thomson Multimedia, Inc.;

    d.      Thomson, Inc.;

    e.      Thomson Displays Americas LLC;

    f.      Technologies Displays Americas, LLC;

    g.      Thomson Displays Mexicana, S.A. de C.V.;

    h.      Technologies Displays Mexicana, S.A. de C.V.;

    i.      Thomson SA;

    j.      Technicolor, Inc.;

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    k.    Videocon Industries, Ltd.;

2    l.    RCA;

3    m.    Proscan

4    n.    All other Affiliated Entities.

5    **Request No. 13:**

6    All documents from the Relevant Period which relate to or reflect the extension of credit

7    between any Thomson Defendant and any of the following entities:

8    a.    Each Thomson Defendant;

9    b.    Thomson Consumer Electronics, Inc.;

10    c.    Thomson Multimedia, Inc.;

11    d.    Thomson, Inc.;

12    e.    Thomson Displays Americas LLC;

13    f.    Technologies Displays Americas, LLC;

14    g.    Thomson Displays Mexicana, S.A. de C.V.;

15    h.    Technologies Displays Mexicana, S.A. de C.V.;

16    i.    Thomson SA;

17    j.    Technicolor, Inc.;

18    k.    Videocon Industries, Ltd.;

19    l.    RCA;

20    m.    Proscan

21    n.    All other Affiliated Entities.

22    **Request No. 14:**

23    All budgets, draft budgets, financial forecasts, and business plans from the Relevant

24    Period provided to any Thomson Defendant by any of the following entities:

25    a.    Each Thomson Defendant;

26    b.    Thomson Consumer Electronics, Inc.;

27    c.    Thomson Multimedia, Inc.;

28    d.    Thomson, Inc.;

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

e.      Thomson Displays Americas LLC;

f.      Technologies Displays Americas, LLC;

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

l.      RCA;

m.      Proscan

n.      All other Affiliated Entities.

**Request No. 15:**

All documents reflecting or referring to any financial, economic, accounting, or production analyses that any Thomson Defendant conducted relating to any of the following entities:

a.      Each Thomson Defendant;

b.      Thomson Consumer Electronics, Inc.;

c.      Thomson Multimedia, Inc.;

d.      Thomson, Inc.;

e.      Thomson Displays Americas LLC;

f.      Technologies Displays Americas, LLC;

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

l.      RCA;

m.      Proscan

n.      All other Affiliated Entities.

DIRECT ACTION PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION TO TECHNICOLOR

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**Request No. 16:**

All documents reflecting or referring to any contract or agreement, either executed or proposed, between any Thomson Defendant and any of the following entities, including but not limited to shared services agreements, transition services agreements, agreements to provide information technology services, and agreements concerning the sale of any products:

a.    Each Thomson Defendant;

b.    Thomson Consumer Electronics, Inc.;

c.    Thomson Multimedia, Inc.;

d.    Thomson, Inc.;

e.    Thomson Displays Americas LLC;

f.    Technologies Displays Americas, LLC;

g.    Thomson Displays Mexicana, S.A. de C.V.;

h.    Technologies Displays Mexicana, S.A. de C.V.;

i.    Thomson SA;

j.    Technicolor, Inc.;

k.    Videocon Industries, Ltd.;

l.    RCA;

m.    Proscan

n.    All other Affiliated Entities.

**Request No. 17:**

All communications between any Thomson Defendant and any governmental agency or representative (of any locality, county, state, country, or continent) relating to any of the following entities:

a.    Each Thomson Defendant;

b.    Thomson Consumer Electronics, Inc.;

c.    Thomson Multimedia, Inc.;

d.    Thomson, Inc.;

e.    Thomson Displays Americas LLC;

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    f.    Technologies Displays Americas, LLC;

2    g.    Thomson Displays Mexicana, S.A. de C.V.;

3    h.    Technologies Displays Mexicana, S.A. de C.V.;

4    i.    Thomson SA;

5    j.    Technicolor, Inc.;

6    k.    Videocon Industries, Ltd.;

7    l.    RCA;

8    m.    Proscan

9    n.    All other Affiliated Entities.

10   **Request No. 18:**

11   Documents sufficient to show any instance in which any of the Thomson Defendants

12   brought any legal action or proceeding against any of the following entities:

13   a.    Each Thomson Defendant;

14   b.    Thomson Consumer Electronics, Inc.;

15   c.    Thomson Multimedia, Inc.;

16   d.    Thomson, Inc.;

17   e.    Thomson Displays Americas LLC;

18   f.    Technologies Displays Americas, LLC;

19   g.    Thomson Displays Mexicana, S.A. de C.V.;

20   h.    Technologies Displays Mexicana, S.A. de C.V.;

21   i.    Thomson SA;

22   j.    Technicolor, Inc.;

23   k.    Videocon Industries, Ltd.;

24   l.    RCA;

25   m.    Proscan

26   n.    All other Affiliated Entities.

27   **Request No. 19:**

28   Documents sufficient to show any instance in which any entity listed in b-m below

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

brought any legal action or proceeding against any of the following entities:

    a.      Each Thomson Defendant;

    b.      Thomson Consumer Electronics, Inc.;

    c.      Thomson Multimedia, Inc.;

    d.      Thomson, Inc.;

    e.      Thomson Displays Americas LLC;

    f.      Technologies Displays Americas, LLC;

    g.      Thomson Displays Mexicana, S.A. de C.V.;

    h.      Technologies Displays Mexicana, S.A. de C.V.;

    i.      Thomson SA;

    j.      Technicolor, Inc.;

    k.      Videocon Industries, Ltd.;

    l.      RCA;

    m.      Proscan

    n.      All other Affiliated Entities.

**Request No. 20:**

Documents sufficient to identify all legal proceedings, court filings, or filings with a governmental agency of any locality, county, state, country, or continent wherein any Thomson Defendant, any Affiliated Entity, or Thomson Consumer Electronics, Inc., Thomson Multimedia, Inc., Thomson, Inc., Thomson Displays Americas LLC, Technologies Displays Americas, LLC, Thomson Displays Mexicana, S.A. de C.V., Technologies Displays Mexicana, S.A. de C.V., Thomson SA, Technicolor, Inc., Videocon Industries, Ltd., RCA or Proscan, claimed protection from antitrust liability pursuant to *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984), its progeny, or its state law counterparts.

**Request No. 21:**

Every draft and final agreement, and every subsequent draft and final amendment and/or modification thereto, relating to a sale or transfer of business and/or employees between any Thomson Defendant and Videocon or any predecessor or successor entity thereto.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**Request No. 22:**

All board of directors meeting minutes which refer to any draft or final agreement, or any subsequent draft or final amendment thereto, relating to a sale or transfer of business and/or employees between any Thomson Defendant and Videocon or any predecessor or successor entity thereto.

**Request No. 23:**

Documents sufficient to show that the Thomson Defendants manufactured and/or sold products under the RCA brand and/or under the Proscan brand, including but not limited to documents showing ownership of, or rights to, any trademark or copyright protection for the terms RCA or Proscan.

**Request No. 24:**

Documents sufficient to show the source (whether a CRT Manufacturer or CRT Product Manufacturer) of the CRTs each of the following entities purchased at any given time during the Relevant Period, including, but not limited to, invoices, inventory data, and contracts for bulk purchases of CRTs:

a.     Each Thomson Defendant;

b.     Thomson Consumer Electronics, Inc.;

c.     Thomson Multimedia, Inc.;

d.     Thomson, Inc.;

e.     Thomson Displays Americas LLC;

f.     Technologies Displays Americas, LLC;

g.     Thomson Displays Mexicana, S.A. de C.V.;

h.     Technologies Displays Mexicana, S.A. de C.V.;

i.     Thomson SA;

j.     Technicolor, Inc.;

k.     Videocon Industries, Ltd.;

l.     RCA;

m.     Proscan

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

n.      All other Affiliated Entities.

**Request No. 25:**

For CRTs purchased by each of the following entities from another CRT Product Manufacturer, which were already integrated into a CRT Product, documents sufficient to show each such CRT Product Manufacturer's CRT sources:

a.      Each Thomson Defendant;

b.      Thomson Consumer Electronics, Inc.;

c.      Thomson Multimedia, Inc.;

d.      Thomson, Inc.;

e.      Thomson Displays Americas LLC;

f.      Technologies Displays Americas, LLC;

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

l.      RCA;

m.      Proscan

n.      All other Affiliated Entities.

**Request No. 26:**

Documents sufficient to trace how and when the CRTs or CRT Products each of the following entities purchased were integrated into the purchasing entity's own CRT Products, including, but not limited to the serial numbers, product numbers, model numbers, specifications, and/or dates of manufacture for such CRT Products:

a.      Each Thomson Defendant;

b.      Thomson Consumer Electronics, Inc.;

c.      Thomson Multimedia, Inc.;

d.      Thomson, Inc.;

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    e.    Thomson Displays Americas LLC;

2    f.    Technologies Displays Americas, LLC;

3    g.    Thomson Displays Mexicana, S.A. de C.V.;

4    h.    Technologies Displays Mexicana, S.A. de C.V.;

5    i.    Thomson SA;

6    j.    Technicolor, Inc.;

7    k.    Videocon Industries, Ltd.;

8    l.    RCA;

9    m.    Proscan

10    n.    All other Affiliated Entities.

11   **Request No. 27:**

12       Documents sufficient to show the specifications (i.e., size, type, resolution, brightness,

13   contrast ratio, viewing angle, and manufacturer) of each CRT purchased by each of the following

14   entities during the Relevant Period, whether as a stand-alone CRT or as integrated into a CRT

15   Product:

16    a.    Each Thomson Defendant;

17    b.    Thomson Consumer Electronics, Inc.;

18    c.    Thomson Multimedia, Inc.;

19    d.    Thomson, Inc.;

20    e.    Thomson Displays Americas LLC;

21    f.    Technologies Displays Americas, LLC;

22    g.    Thomson Displays Mexicana, S.A. de C.V.;

23    h.    Technologies Displays Mexicana, S.A. de C.V.;

24    i.    Thomson SA;

25    j.    Technicolor, Inc.;

26    k.    Videocon Industries, Ltd.;

27    l.    RCA;

28    m.    Proscan

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

n.      All other Affiliated Entities.

**Request No. 28:**

Documents sufficient to show the product specifications (e.g., bills of material identifying the CRT specifications or source) and/or marketing or sales brand and model for each CRT Product manufactured by each of the following entities during the Relevant Period:

a.      Each Thomson Defendant;

b.      Thomson Consumer Electronics, Inc.;

c.      Thomson Multimedia, Inc.;

d.      Thomson, Inc.;

e.      Thomson Displays Americas LLC;

f.      Technologies Displays Americas, LLC;

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

l.      RCA;

m.      Proscan

n.      All other Affiliated Entities.

**Request No. 29:**

Documents sufficient to identify the CRTs (by manufacturer, type, size, resolution, brightness, contrast ratio, and viewing angle) that each of the following entities installed in each of its CRT Products (by model number and timeframe (e.g., year, quarter, week, or month)) during the Relevant Period:

a.      Each Thomson Defendant;

b.      Thomson Consumer Electronics, Inc.;

c.      Thomson Multimedia, Inc.;

d.      Thomson, Inc.;

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

DIRECT ACTION PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION TO TECHNICOLOR

e.      Thomson Displays Americas LLC;

f.      Technologies Displays Americas, LLC;

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

l.      RCA;

m.      Proscan

n.      All other Affiliated Entities.

**Request No. 30:**

Documents sufficient to show any and all manufacturers and sizes of CRTs that each of the following entities approved or preapproved for purchase and use in CRT Products at any given time during the Relevant Period, including but not limited to any "approved CRT" lists or similar documents identifying the part number, product number, manufacturer, type, size, resolution, brightness, contrast ratio, and/or viewing angle of each CRT approved for purchase and use:

a.      Each Thomson Defendant;

b.      Thomson Consumer Electronics, Inc.;

c.      Thomson Multimedia, Inc.;

d.      Thomson, Inc.;

e.      Thomson Displays Americas LLC;

f.      Technologies Displays Americas, LLC;

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

l.      RCA;

m.      Proscan

n.      All other Affiliated Entities.

If any of the listed entities had different lists of approved CRT Manufacturers for a given CRT size, end product type, model, or brand, Identify the approved CRT Manufacturer(s) at the finest product granularity at which such approvals were established.

**Request No. 31:**

Documents sufficient to identify all of the CRT Products by model number and year (or month or other time period if not consistent for the year) in which each of the following entities exclusively used and installed CRTs manufactured by a Defendant or named co- conspirator in this litigation during the Relevant Period:

a.      Each Thomson Defendant;

b.      Thomson Consumer Electronics, Inc.;

c.      Thomson Multimedia, Inc.;

d.      Thomson, Inc.;

e.      Thomson Displays Americas LLC;

f.      Technologies Displays Americas, LLC;

g.      Thomson Displays Mexicana, S.A. de C.V.;

h.      Technologies Displays Mexicana, S.A. de C.V.;

i.      Thomson SA;

j.      Technicolor, Inc.;

k.      Videocon Industries, Ltd.;

l.      RCA;

m.      Proscan

n.      All other Affiliated Entities.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

| | |
|---|---|
| 1 | DATED:  April 17, 2014 |

*/s/  David Martinez*
Roman M. Silberfeld
David Martinez
Jill S. Casselman
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:  (310) 552-0130
Facsimile:  (310) 229-5800
Email:  rmsilberfeld@rkmc.com
          dmartinez@rkmc.com
          jscasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone:  (612) 349-8500
Facsimile:  (612) 339-4181
Email:  eskaplan@rkmc.com
          kcwildfang@rkmc.com
          lenelson@rkmc.com

*Counsel for Plaintiffs Best Buy Co., Inc., Best Buy*
*Purchasing LLC, Best Buy Enterprise Services,*
*Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C.,*
*and Magnolia Hi-Fi, LLC.*

*/s/  Craig Benson*
Kenneth A. Gallo
Joseph J. Simons
Craig A. Benson
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email:  kgallo@paulweiss.com
          jsimons@paulweiss.com
          cbenson@paulweiss.com

Stephen E. Taylor
Jonathan A. Patchen
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, CA 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email:  staylor@tcolaw.com
          jpatchen@tcolaw.com

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

*Attorneys for Plaintiffs Sharp Electronics*
*Corporation and Sharp Electronics*
*Manufacturing Company of America, Inc.*


/s/  David J. Burman

David J. Burman
Cori G. Moore
Eric J. Weiss
Nicholas H. Hesterberg
Steven D. Merriman
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  (206) 359-8000
Facsimile:  (206) 359-9000
Email:  DBurman@perkinscoie.com
            CGmoore@perkinscoie.com
            EWeiss@perkinscoie.com
            NHesterberg@perkinscoie.com
            SMerriman@perkinscoie.com

Joren S. Bass
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone:  (415) 344-7120
Facsimile:  (415) 344-7320
Email:  JBass@perkinscoie.com

*Attorneys for Plaintiff Costco Wholesale*
*Corporation*


/s/  Philip J. Iovieno

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
Email:  wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022
Email:  ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:  piovieno@bsfllp.com
           anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and
Attorneys for Plaintiffs Electrograph Systems,
Inc., Electrograph Technologies, Corp., Office
Depot, Inc., Interbond Corporation of America,
P.C. Richard & Son Long Island Corporation,
MARTA Cooperative of America, Inc., ABC
Appliance, Inc., Schultze Agency Services, LLC on
behalf of Tweeter Opco, LLC and Tweeter Newco,
LLC*

/s/  Scott N. Wagner
Robert W. Turken
Scott N. Wagner
BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Telephone:  (305) 374-7580
Facsimile:  (305) 374-7593
Email:  rturken@bilzin.com
           swagner@bilzin.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022
Email:  ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
Email:  wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:  piovieno@bsfllp.com
           anardacci@bsfllp.com

*Attorneys for Plaintiffs Tech Data Corporation*

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

and Tech Data Product Management

/s/  Lee Godfrey
H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
Email:  lgodfrey@susmangodfrey.com
           kmarks@susmangodfrey.com
           jross@susmangodfrey.com
           jcarter@susmangodfrey.com
           dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email:  pfolse@susmangodfrey.com
           rblack@susmangodfrey.com
           jconnors@susmangodfrey.com

*Counsel for Plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

/s/  Jason Murray
Jason C. Murray
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone:  (213) 443-5582
Facsimile:  (213) 622-2690
Email:  jmurray@crowell.com

Jerome A. Murphy
Astor H.L. Heaven
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116
Email:  jmurphy@crowell.com
           aheaven@crowell.com

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1

*Counsel for Target Corp.*

2
/s/ Richard Arnold
Richard Alan Arnold

3
William J. Blechman
Kevin J. Murray

4
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard, Suite 1100

5
Miami, FL 33131
Telephone:  (305) 373-1000
Facsimile:  (305) 372-1861

6
Email:  rarnold@knpa.com

7
        wblechman@knpa.com
        kmurray@knpa.com

8
*Counsel for Plaintiff Sears, Roebuck and Co. and*

9
*Kmart Corp.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60754387.1

- 30 -

DIRECT ACTION PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION TO TECHNICOLOR