# EXHIBIT 14

1 | Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
2 | Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
3 | 2001 K Street, NW
Washington, DC  20006
4 | Telephone: (202) 223-7300
Facsimile: (202) 223-7420
5 | kgallo@paulweiss.com
jsimons@paulweiss.com
6 | cbenson@paulweiss.com

7 | Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
8 | **TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
9 | San Francisco, California 94111
Telephone:  (415) 788-8200
10 | Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
11 | Email: jpatchen@tcolaw.com

12 |

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp*
13 | *Electronics Manufacturing Company of*
*America, Inc.*

14 | **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
15 | **SAN FRANCISCO DIVISION**

| 16 | **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 13-cv-01173 SC |
|---|---|---|
| 17 | | Case No. 07-cv-05944 SC |
| 18 | This Document Relates to: Individual Case No. 13-cv-01173 SC | MDL No. 1917 |
| 19 | SHARP ELECTRONICS CORPORATION; SHARP ELECTRONICS MANUFACTURING | **SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS** |
| 20 | COMPANY OF AMERICA, INC., | **MANUFACTURING COMPANY OF AMERICA, INC.'S FIRST SET OF** |
| 21 | Plaintiffs, | **REQUESTS FOR ADMISSION TO DEFENDANT TECHNICOLOR SA,** |
| 22 | v. | **F/K/A THOMSON SA** |
| 23 | HITACHI, LTD., *et al.*, | **DATE:  MAY 14, 2014** |
| 24 | Defendants. | |

25 |

26 | **PROPOUNDING PARTIES:**     Plaintiffs Sharp Electronics Corporation and Sharp
Electronics Manufacturing Company of America, Inc.
27 |

**RESPONDING PARTIES:**     Technicolor SA, f/k/a Thomson SA
28 |

**SET NO.:**                              ONE


Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp"), through their undersigned counsel, request that Defendant Technicolor SA, f/k/a Thomson SA ("Thomson SA") responds to the following requests for admission within thirty (30) days of service, and afterwards supplement such production as may become necessary to comply with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure. Defendant is directed to serve verified answers at PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP, Attn: Craig A. Benson, 2001 K St., N.W., Washington, DC 20006, or at another time and place as may be mutually agreed upon by counsel for the parties.

### INSTRUCTIONS

1.      Pursuant to Fed. R. Civ. P. 36, you are required to answer the following requests for admission within 30 days or within the time otherwise required by Court order.

2.      Answer each request for admission separately and fully.  In responding to these requests for admission, you are requested to furnish all information available to you, including, but not limited to, information in the possession of your attorneys.  If you cannot answer any request for admission fully and completely after exercising reasonable effort and due diligence to secure any information requested, please:

    a.   so state and answer the request to the fullest extent possible;

    b.   state the facts upon which you rely to support your assertion that you are unable to answer the request fully and completely;

    c.   state what knowledge, information, or belief you have concerning the unanswered portion of the request; and

    d.   state what actions you have taken to locate the information necessary to answer each request.

3.      Whenever a date, amount, computation, or figure is requested, the exact date, amount, computation, or figure is to be given unless it is unknown.  If it is unknown, the

- 2 -

1   approximate or best estimate should be given, and the answer should state that the date, amount,

2   computation, or figure provided is an approximation.

3          4.      If you object to any request for admission, in whole or in part, state the reasons

4   for any objection(s), and answer that part of the request to which you do not object.  If you object

5   to any request for admission as overbroad, respond to the request as narrowed to conform to the

6   objection.  If the answer to a request for admission is "none," "unknown," or "not applicable,"

7   such statement should be written in the answer.

8          5.      If you assert a claim of attorney-client privilege or attorney work product with

9   respect to any of the request for admission contained herein:

10             a.   state the factual basis of the purported privilege or claim of work product in

11                  sufficient detail so as to permit the Court to adjudicate the validity of the claim;

12                  and

13             b.   state the numbered request for admission to which the privileged information is

14                  responsive.

15         6.      Whenever necessary to bring within the scope of the request for admission the

16   broadest possible answer, the singular form of the word shall be interpreted as plural and

17   references to one gender shall include the other gender.

18         7.      These requests for admission are continuing in nature to the extent provided in

19   Rule 26(e) of the Federal Rules of Civil Procedure, and to the extent that you, or your attorneys,

20   agents or representatives become aware of additional information responsive to this request

21   subsequent to their initial response to these requests for admission, you are required to

22   immediately provide such information requested herein.

23                                          **DEFINITIONS**

24         The words and phrases used in these interrogatories shall have the meanings ascribed to

25   them under the Federal Rules of Civil Procedure and the Local Rules of the United States

26   District Court for the Northern District of California.  In addition, the following terms shall have

27   the meanings set forth below whenever used in any request:

28         1.      The words "all," "any," and "each" mean "each and every."

- 3 -

1      2.      The words "and" and "or" are both conjunctive and disjunctive as necessary.

2      3.      The term "Answer" means the Answer to Sharp Plaintiffs' First Amended

3 Complaint, filed by Thomson SA in the Northern District of California, Case No. 3:13-cv-01173-

4 SC, MDL No. 1917, on April 25, 2014.

5      4.      The words "communication" or "correspondence" or words of similar import, in

6 the singular or plural, mean and include without limitation any transmission of documents,

7 conversations, discussions, meetings, or other oral or written exchanges arising out of or

8 concerning the subject matter addressed.

9      5.      The term "Complaint" means the First Amended Complaint filed by Plaintiffs

10 Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

11 in the Northern District of California, Case No. 3:13-cv-01173-SC, MDL No. 1917, on October

12 28, 2013.

13      6.      The term "CRT" means cathode ray tube and includes cathode ray tubes used in

14 color televisions and/or color computer monitors.

15      7.      The term "CRT Manufacturer" means any entity that manufactured CRTs during

16 the Relevant Period, as defined herein.

17      8.      The term "CRT Product" means a television or computer monitor containing a

18 CRT.

19      9.      The term "Document" includes all documents and electronically stored

20 information as defined in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is

21 a separate document within the meaning of this term.

22      10.      The term "evidence" means documents or percipient witness statements or

23 testimony.

24      11.      "Including" or "includes" means without limitation.

25      12.      "Reflect(ing) or refer(ring) to" means a statement or communication about,

26 relating to, concerning, describing, containing, identifying, or in any way pertaining to the

27 subject matter in the request.

28      13.      The term "Thomson SA" refers to Technicolor SA, f/k/a Thomson SA.

- 4 -

14.     The terms "You" and "Your" mean Thomson SA, as defined herein, and its subsidiaries, affiliates and their subsidiaries, and any employees, agents, representatives or any persons acting or purporting to act on Your behalf, including each of Your attorneys.

15.     The term "Sharp" means the plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

16.     The term "Relevant Period" means the period beginning March 1, 1995, through December 31, 2007.

## REQUESTS FOR ADMISSION

### REQUEST NUMBER 1:

Admit that the Complaint states a claim upon which relief can be granted.

### REQUEST NUMBER 2:

Admit that Sharp's claims are timely within the applicable statutes of limitations.

### REQUEST NUMBER 3:

Admit that You have no evidence that Sharp's claims fall outside the applicable statutes of limitations.

### REQUEST NUMBER 4:

Admit that Sharp has plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### REQUEST NUMBER 5:

Admit that You have no evidence that Sharp has failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### REQUEST NUMBER 6:

Admit that Sharp has plead conspiracy with particularity required under applicable law.

### REQUEST NUMBER 7:

Admit that Thomson SA did not withdraw from or abandon any alleged conspiracy.

- 5 -

**REQUEST NUMBER 8:**

Admit that You have no evidence of Thomson SA's withdrawal from or abandonment of any alleged conspiracy.

**REQUEST NUMBER 9:**

Admit that Sharp claims are not "barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies," as stated in the Sixth Additional or Affirmative Defense in Your Answer.

**REQUEST NUMBER 10:**

Admit that Sharp's claims are not "barred, in whole or in part, under the doctrine of laches," as stated in the Seventh Additional or Affirmative Defense in Your Answer.

**REQUEST NUMBER 11:**

Admit that You have no evidence that the doctrine of laches applies to Sharp's claims.

**REQUEST NUMBER 12:**

Admit that Sharp's claims are not "barred, in whole or in part, under the doctrines of estoppel, waiver, and/or unclean hands," as stated in the Eighth Additional or Affirmative Defense in Your Answer.

**REQUEST NUMBER 13:**

Admit that You have no evidence that the doctrine of estoppel applies to Sharp's claims.

**REQUEST NUMBER 14:**

Admit that You have no evidence that the doctrine of waiver applies to Sharp's claims.

**REQUEST NUMBER 15:**

Admit that You have no evidence that Sharp has "unclean hands."

**REQUEST NUMBER 16:**

Admit that Your actions being challenged by Sharp were not lawful, justified, procompetitive, constitute bona fide business competition, and were not carried out in furtherance of Thomson SA's legitimate business interests.

**REQUEST NUMBER 17:**

Admit that You have no evidence that the actions of Thomson SA being challenged by Sharp were lawful, justified, procompetitive, constitute bona fide business competition, and were carried out in furtherance of Thomson SA's legitimate business interests.

**REQUEST NUMBER 18:**

Admit that Sharp did not acquiesce to the conduct of Thomson SA.

**REQUEST NUMBER 19:**

Admit that You have no evidence that Sharp acquiesced to the conduct of Thomson SA.

**REQUEST NUMBER 20:**

Admit that Sharp's claims are not "barred, in whole or in part, by the doctrines of accord and satisfaction, and release and settlement," as stated in the Eleventh Additional or Affirmative Defense in Your Answer.

**REQUEST NUMBER 21:**

Admit that You have no evidence that the doctrines of accord and satisfaction, and release and settlement apply to Sharp's claims.

**REQUEST NUMBER 22:**

Admit that Your conduct was not caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and as such is non-actionable or privileged.

**REQUEST NUMBER 23:**

Admit that You have no evidence that the conduct of Thomson SA alleged in the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and as such is non-actionable or privileged.

**REQUEST NUMBER 24:**

Admit that Sharp has standing to bring the claims asserted in the Complaint.

- 7 -

**REQUEST NUMBER 25:**

Admit that You have no evidence that Sharp lacks standing to bring the claims asserted in the Complaint.

**REQUEST NUMBER 26:**

Admit that none of Your alleged unlawful acts or omissions was committed by individuals acting ultra vires.

**REQUEST NUMBER 27:**

Admit that You have no evidence that any of Your alleged unlawful acts or omissions was committed by individuals acting ultra vires.

**REQUEST NUMBER 28:**

Admit that Sharp's alleged injuries did not stem from intervening or superseding causes.

**REQUEST NUMBER 29:**

Admit that You have no evidence that Sharp's alleged injuries stemmed from intervening or superseding causes.

**REQUEST NUMBER 30:**

Admit that Sharp has suffered an antitrust injury.

**REQUEST NUMBER 31:**

Admit that You have no evidence that Sharp has not suffered an antitrust injury.

**REQUEST NUMBER 32:**

Admit that Sharp has been injured in its business or property by reason of any action of Thomson SA.

**REQUEST NUMBER 33:**

Admit that You have no evidence that Sharp has not been injured in its business or property by reason of any action of Thomson SA.

**REQUEST NUMBER 34:**

Admit that Sharp's alleged damages are not speculative and can possibly be ascertained and allocated.

1

**REQUEST NUMBER 35:**

2      Admit that You have no evidence that Sharp's alleged damages are speculative and

3  impossible to ascertain and allocate.

4

**REQUEST NUMBER 36:**

5      Admit that Sharp did mitigate damages.

6

**REQUEST NUMBER 37:**

7      Admit that You have no evidence that Sharp failed to mitigate damages.

8

**REQUEST NUMBER 38:**

9      Admit that Sharp's claims for an illegal overcharge are not barred, because no overcharge

10  was absorbed, in whole or in part, by others.

11

**REQUEST NUMBER 39:**

12      Admit that You have no evidence an overcharge was absorbed, in whole or in part, by

13  others, and was not passed through to Sharp.

14

**REQUEST NUMBER 40:**

15      Admit that Sharp states claims for injunctive and other equitable relief, because Sharp

16  does not have available an adequate remedy of law.

17

**REQUEST NUMBER 41:**

18      Admit that Sharp has stated a claim for injunctive relief insofar as Sharp seeks to enjoin

19  events that have already transpired.

20

**REQUEST NUMBER 42:**

21      Admit that Sharp's claims are neither uncertain and vague nor ambiguous or

22  unintelligible.

23

**REQUEST NUMBER 43:**

24      Admit that Sharp would not be unjustly enriched if it was allowed to recover any part of

25  the damages alleged in the Complaint.

26

27

28

- 9 -

**REQUEST NUMBER 44:**

Admit that You have no evidence that Sharp would be unjustly enriched if it was allowed to recover any part of the damages alleged in the Complaint.

**REQUEST NUMBER 45:**

Admit that Sharp's claims are not barred from recovery of damages, in whole or in part, because any restitution or award of damage to Sharp would not be excessive and punitive, and disproportionate to any alleged injury suffered by Sharp.

**REQUEST NUMBER 46:**

Admit that You have no evidence that any restitution or award of damages to Sharp would be excessive and punitive, and disproportionate to any alleged injury suffered by Sharp.

**REQUEST NUMBER 47:**

Admit that none of Sharp's injuries alleged in the Complaint were directly and proximately caused by or contributed to by the statements, acts, or omissions of Sharp or third persons or entities unaffiliated with Thomson SA.

**REQUEST NUMBER 48:**

Admit that You have no evidence that the injuries alleged in the Complaint were directly and proximately caused by or contributed to by the statements, acts, or omissions of Sharp or third persons or entities unaffiliated with Thomson SA.

**REQUEST NUMBER 49:**

Admit that Sharp's claims are not "barred, in whole or in part, by the doctrines of res judicata or collateral estoppel," as stated in the Twenty-Seventh Additional or Affirmative Defense in Your Answer.

**REQUEST NUMBER 50:**

Admit that You have no evidence that the doctrine of res judicata or collateral estoppel apply to Sharp's claims.

- 10 -

**REQUEST NUMBER 51:**

Admit that Sharp has alleged facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

**REQUEST NUMBER 52:**

Admit that You have no evidence that Sharp fails to state a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

**REQUEST NUMBER 53:**

Admit that Sharp does not seek to recover damages based on sales outside of the United States.

**REQUEST NUMBER 54:**

Admit that You have no evidence that Sharp seek to recover damages based on sales outside of the United States.

**REQUEST NUMBER 55:**

Admit that Sharp's claims are properly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure.

**REQUEST NUMBER 56:**

Admit that You have no evidence that Sharp's claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure.

**REQUEST NUMBER 57:**

Admit that Sharp exhausted all remedies against the parties with whom Sharp is in privity.

**REQUEST NUMBER 58:**

Admit that You have no evidence that Sharp failed to exhaust all remedies against the parties with whom Sharp is in privity.

**REQUEST NUMBER 59:**

Admit that Sharp's claims are not "barred, in whole or in part, to the extent they would result in Thomson SA paying damages to more than one claimant for the same alleged overcharge," as stated in the Thirty-Second Additional or Affirmative Defense in Your Answer.

**REQUEST NUMBER 60:**

Admit that Sharp's claims are not "barred, in whole or in part, by the voluntary payment doctrine," as stated in the Thirty-Third Additional or Affirmative Defense in Your Answer.

**REQUEST NUMBER 61:**

Admit that You have no evidence that the voluntary payment doctrine applies to Sharp's claims.

**REQUEST NUMBER 62:**

Admit that Thomson SA is not entitled to set off from any recovery Sharp obtains against Thomson SA any amount paid to under settlements with other defendants in this or related matters.

**REQUEST NUMBER 63:**

Admit that any action taken by or on behalf of Thomson SA was not justified, did not constitute *bona fide* business competition, and was not taken in pursuit of its own legitimate business and economic interests.

**REQUEST NUMBER 64:**

Admit that You have no evidence that any action taken by or on behalf of Thomson SA was justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

**REQUEST NUMBER 65:**

Admit that Sharp's claims are not "barred, in whole or in part, by the doctrine of Noerr-Pennington," as stated in the Thirty-Sixth Additional or Affirmative Defense in Your Answer.

**REQUEST NUMBER 66:**

Admit that You have no evidence that the doctrine of Noerr-Pennington applies to Sharp's claims.

**REQUEST NUMBER 67:**

Admit that Sharp's claims should not be dismissed on the grounds of forum non conveniens.

- 12 -

**REQUEST NUMBER 68:**

Admit that You have no evidence that the doctrine of forum non conveniens applies to Sharps claims.

**REQUEST NUMBER 69:**

Admit that venue lies in this court.

**REQUEST NUMBER 70:**

Admit that Sharp has not agreed to arbitration and did not choose a different forum for the resolution of its claims.

**REQUEST NUMBER 71:**

Admit that You have no evidence that Sharp has agreed to arbitration or chose a different forum for the resolution of its claims.

**REQUEST NUMBER 72:**

Admit that Sharp's alleged injuries and damages were legally or proximately caused by any acts or omissions of Thomson SA and were not caused solely and proximately by the conduct of third parties.

**REQUEST NUMBER 73:**

Admit that You have no evidence that Sharp's alleged injuries and damages were not legally or proximately caused by any acts or omissions of Thomson SA or were caused, if at all, solely and proximately by the conduct of third parties.

**REQUEST NUMBER 74:**

Admit that the conduct alleged to provide a basis for Sharp's claims had a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States.

**REQUEST NUMBER 75:**

Admit that You have no evidence that the conduct alleged to provide a basis for Sharp's claims did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States.

**REQUEST NUMBER 76:**

Admit that this Court has personal jurisdiction over Thomson SA.

- 13 -

1

**REQUEST NUMBER 77:**

2        Admit that You have no evidence that this Court lacks personal jurisdiction over

3    Thomson SA.

4    **REQUEST NUMBER 78:**

5        Admit that Sharp has standing to prosecute its state antitrust claims, in whole or in part,

6    under, without limitation, N.Y. Gen. Bus. Law §§ 340, *et seq*.

7    **REQUEST NUMBER 79:**

8        Admit that You have no evidence that Sharp lacks standing to prosecute its state antitrust

9    claims, in whole or in part, under, without limitation, N.Y. Gen. Bus. Law §§ 340, *et seq*.

10   **REQUEST NUMBER 80:**

11       Admit that Sharp has not failed to join indispensable parties.

12   **REQUEST NUMBER 81:**

13       Admit that You have no evidence that Sharp has failed to join indispensable parties.

14

15   DATED:  May 14, 2014           By:  *Craig A. Benson*

16                                  Kenneth A. Gallo (*pro hac vice*)
                                    Joseph J. Simons (*pro hac vice*)
17                                  Craig A. Benson (*pro hac vice*)
                                    **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
18                                  2001 K Street, NW
                                    Washington, DC  20006
19                                  Telephone: (202) 223-7300
                                    Facsimile: (202) 223-7420
20                                  kgallo@paulweiss.com
                                    jsimons@paulweiss.com
21                                  cbenson@paulweiss.com

22                                  Stephen E. Taylor (SBN 058452)
                                    Jonathan A. Patchen (SBN 237346)
23                                  **TAYLOR & COMPANY LAW OFFICES, LLP**
                                    One Ferry Building, Suite 355
24                                  San Francisco, California 94111
                                    Telephone:  (415) 788-8200
25                                  Facsimile:  (415) 788-8208
                                    Email: staylor@tcolaw.com
26                                  Email: jpatchen@tcolaw.com

27                                  *Attorneys for Plaintiffs Sharp Electronics Corporation and*
                                    *Sharp Electronics Manufacturing Company of America, Inc.*
28

- 14 -