**EXHIBIT 16**

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 13-cv-01173 SC<br>Case No. 07-cv-05944 SC |
| This Document Relates to: Individual Case No. 13-cv-01173 SC | MDL No. 1917 |
| SHARP ELECTRONICS CORPORATION; SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC., <br><br>Plaintiffs,<br>v.<br>HITACHI, LTD., *et al.*,<br>Defendants. | **SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT TECHNICOLOR SA, F/K/A THOMSON SA**<br><br>**DATE: MAY 14, 2014** |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. |
| **RESPONDING PARTIES:** | Technicolor SA, f/k/a Thomson SA |
| **SET NO.:** | ONE |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp"), through their undersigned counsel, request that Defendant Technicolor SA, f/k/a Thomson SA ("Thomson SA") responds to the following Interrogatories within thirty (30) days of service and supplement its Interrogatory answers, as necessary, to comply with Federal Rule of Civil Procedure 26(e). Defendant is directed to serve verified answers at PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP, Attn: Craig A. Benson, 2001 K St., N.W., Washington, DC 20006, or at another time and place as may be mutually agreed upon by counsel for the parties.

**INSTRUCTIONS**

1.  You must serve a written response to the Interrogatories, and such response must be signed. In answering the Interrogatories, furnish all information available to you, including information in the possession of your attorneys and all persons acting on your behalf.

2.  If you contend that any information sought by the Interrogatories is privileged, describe the nature of the privileged information, identify the person in possession of the requested information, and identify the grounds of the asserted privilege.

3.  If you object to any Interrogatory, in whole or in part, state the reasons for any objection(s), and answer that part of the Interrogatory to which you do not object. If you object to any Interrogatory as overbroad, respond to the Interrogatory as narrowed to conform to the objection. If the answer to an Interrogatory is "none," "unknown," or "not applicable," such statement should be written in the answer.

4.  Each Interrogatory requires full and accurate disclosure based on all available information and all documents within your possession, custody or control.

5. These Interrogatories shall be deemed continuing so as to require further and supplemental answers in accordance with the Federal Rules of Civil Procedure. If at any time after responding to these Interrogatories you discover additional information that will make your responses to these Interrogatories more complete or correct, supplement or correct your responses as soon as reasonably possible.

**DEFINITIONS**

The words and phrases used in these interrogatories shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any request:

1. The words "all," "any," and "each" mean "each and every."

2. The words "and" and "or" are both conjunctive and disjunctive as necessary.

3. The words "communication" or "correspondence" or words of similar import, in the singular or plural, mean and include without limitation any transmission of documents, conversations, discussions, meetings, or other oral or written exchanges arising out of or concerning the subject matter addressed.

4. The term "Answer" means the Answer to Sharp Plaintiffs' First Amended Complaint, filed by Thomson SA in the Northern District of California, Case No. 3:13-cv-01173-SC, MDL No. 1917, on April 25, 2014.

5. The term "Complaint" means the First Amended Complaint filed by Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. in the Northern District of California, Case No. 3:13-cv-01173-SC, MDL No. 1917, on October 28, 2013.

6. The term "Document" includes all documents and electronically stored information as defined in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "Evidence" means Documents, witness statements or testimony, and discovery responses.

- 3 -

7. The terms "Identify," "Describe," and "State" mean:

    i. As to a person, to state the full name, where the person worked during the time period to which your answers pertains, the person's current or last known employer and position, and the person's current or last known home and business address, and telephone numbers;

    ii. As to a Company, to state the full legal name, business address, and business telephone numbers;

    iii. As to a Document, to describe the type of document (e.g., letter, statement, memorandum, telegram, notes of telephone conversation, etc.), the general subject matter, the date of the document, the identity of the sender(s) and recipient(s), and its present location and custodian, in lieu thereof, a copy of the document may be produced;

    iv. As to a Communication, to state the type of communication (e.g., oral, written, computer, etc.), the date and substance of such communication, the identity of the participants, and any documents evidencing or supporting such communication.

7. When referring to any fact, act, occurrence, transaction, statement, communication, document, or other matter, "Identify," "Describe," "Explain," or "State" means to describe and identify the facts constituting such matter.

8. "Including" or "includes" means without limitation.

9. "Reflect(ing) or refer(ring) to" means a statement or communication about, relating to, concerning, describing, containing, identifying, or in any way pertaining to the subject matter in the request.

10. The term "Thomson SA" refers to Technicolor SA, f/k/a Thomson SA.

11. The terms "You" and "Your" mean Thomson SA, as defined herein, and its subsidiaries, affiliates and their subsidiaries, and any employees, agents, representatives or any persons acting or purporting to act on Your behalf, including each of Your attorneys.

12. The term "Sharp" means the plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

13. The term "Relevant Period" means the period beginning March 1, 1995, through December 31, 2007.

## INTERROGATORIES

**INTERROGATORY 1:**

Provide the basis for your contention that the Complaint "fails to state a claim upon which relief can be granted," as stated in the First Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 2:**

Provide the basis for your contention that Sharp's claims "should be dismissed to the extent that they are barred, in whole or in part, by the applicable statutes of limitations," as stated in the Second Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 3:**

Provide the basis for your contention that Sharp "has failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure," as stated in the Third Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 4:**

Provide the basis for your contention that Sharp's claims "are barred in whole or part because the [Complaint] fails to plead conspiracy with particularity required under applicable law," as stated in the Fourth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 5:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, by reason of Thomson SA's withdrawal from or abandonment of any alleged conspiracy," as

stated in the Fifth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 6:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies," as stated in the Sixth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 7:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, under the doctrine of laches," as stated in the Seventh Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 8:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, under the doctrines of estoppel, waiver, and/or unclean hands," as stated in the Eighth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 9:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, because all of the actions of Thomson SA being challenged by [Sharp] were lawful, justified, procompetitive, constitute bona fide business competition, and were carried out in furtherance of Thomson SA's legitimate business interests," as stated in the Ninth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 10:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, by reason of [Sharp's] acquiescence to the conduct of Thomson SA," as stated in the Tenth

- 6 -

SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S
FIRST SET OF INTERROGATORIES TO THOMSON SA -- Case No. 13-cv-1173; MDL No. 1917

1  Additional or Affirmative Defense in Your Answer, with specific reference to any Documents,
2  persons, or other Evidence upon which You intend to rely.

3  **INTERROGATORY 11:**

4  Provide the basis for your contention that Sharp's claims "are barred, in whole or in part,
5  by the doctrines of accord and satisfaction, and release and settlement," as stated in the Eleventh
6  Additional or Affirmative Defense in Your Answer, with specific reference to any Documents,
7  persons, or other Evidence upon which You intend to rely.

8  **INTERROGATORY 12:**

9  Provide the basis for your contention that Sharp's claims "are barred, in whole or in part,
10 because the conduct of Thomson SA alleged in the Complaint was caused by, due to, based
11 upon, or in response to directives, laws, regulations, policies, and/or acts of governments,
12 governmental agencies and entities, and/or regulatory agencies, and as such is non-actionable or
13 privileged," as stated in the Twelfth Additional or Affirmative Defense in Your Answer, with
14 specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

15 **INTERROGATORY 13:**

16 Provide the basis for your contention that Sharp's claims "are barred, in whole or in part,
17 because [Sharp] lack[s] standing to bring the claims asserted in the Complaint," as stated in the
18 Thirteenth Additional or Affirmative Defense in Your Answer, with specific reference to any
19 Documents, persons, or other Evidence upon which You intend to rely.

20 **INTERROGATORY 14:**

21 Provide the basis for your contention that Sharp's claims "are barred, in whole or in part,
22 because, to the extent that any employee or agent of Thomson SA engaged in any unlawful act or
23 omission, any such act or omission would have been committed by individuals acting ultra
24 vires," as stated in the Fourteenth Additional or Affirmative Defense in Your Answer, with
25 specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

26 **INTERROGATORY 15:**

27 Provide the basis for your contention that Sharp's claims "are barred, in whole or in part,
28 because [Sharp's] alleged injuries . . . stemmed from intervening or superseding causes," as

1  stated in the Fifteenth Additional or Affirmative Defense in Your Answer, with specific
2  reference to any Documents, persons, or other Evidence upon which You intend to rely.

3  **INTERROGATORY 16:**

4  Provide the basis for your contention that Sharp's claims "are barred, in whole or in part,
5  because [Sharp] [has] not suffered an antitrust injury," as stated in the Sixteenth Additional or
6  Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or
7  other Evidence upon which You intend to rely.

8  **INTERROGATORY 17:**

9  Provide the basis for your contention that Sharp's claims "are barred, in whole or in part,
10 because [Sharp] [has] not been injured in [its] business or property by reason of any action of
11 Thomson SA," as stated in the Seventeenth Additional or Affirmative Defense in Your Answer,
12 with specific reference to any Documents, persons, or other Evidence upon which You intend to
13 rely.

14 **INTERROGATORY 18:**

15 Provide the basis for your contention that Sharp's claims "are barred, in whole or in part,
16 because [Sharp's] alleged damages . . . are speculative and because of the impossibility of the
17 ascertainment and allocation of such alleged damages," as stated in the Eighteenth Additional or
18 Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or
19 other Evidence upon which You intend to rely.

20 **INTERROGATORY 19:**

21 Provide the basis for your contention that Sharp is "barred from recovery of damages, in
22 whole or in part, because of and to the extent of [Sharp's] failure to mitigate damages," as stated
23 in the Nineteenth Additional or Affirmative Defense in Your Answer, with specific reference to
24 any Documents, persons, or other Evidence upon which You intend to rely.

25 **INTERROGATORY 20:**

26 Provide the basis for your contention that Sharp's "claims for an illegal overcharge are
27 barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part,
28 by others, and was not passed through to [Sharp]," as stated in the Twentieth Additional or

Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 21:**

Provide the basis for your contention that Sharp's "claims or causes of action for injunction or other equitable relief are barred, in whole or in part, because [Sharp] [has] available an adequate remedy at law," as stated in the Twenty-First Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 22:**

Provide the basis for your contention that Sharp's "claims or causes of action are barred, in whole or in part, because [Sharp] seek[s] to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation," as stated in the Twenty-Second Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 23:**

Provide the basis for your contention that Sharp's claims "should be dismissed for uncertainty and vagueness and because their claims are ambiguous or unintelligible," as stated in the Twenty-Third Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 24:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, because [Sharp] would be unjustly enriched if [it] [was] allowed to recover any part of the damages alleged in the Complaint," as stated in the Twenty-Fourth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 25:**

Provide the basis for your contention that Sharp's claims "are barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to [Sharp]

- 9 -

would be excessive and punitive, and disproportionate to any alleged injury suffered by [Sharp]," as stated in the Twenty-Fifth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 26:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, to the extent the injuries alleged in the Complaint were directly and proximately caused by or contributed to by the statements, acts, or omissions of [Sharp] or third persons or entities unaffiliated with Thomson SA," as stated in the Twenty-Sixth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 27:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, by the doctrines of res judicata or collateral estoppel," as stated in the Twenty-Seventh Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 28:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, because [Sharp] [has] failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a," as stated in the Twenty-Eighth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 29:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, to the extent [Sharp] seek[s] to recover damages . . . based on sales outside of the United States," as stated in the Twenty-Ninth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 30:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, because Plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences and do not involve questions of law or fact common to all defendants," as stated in the Thirtieth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 31:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, because [Sharp] failed to exhaust all remedies against the parties with whom [Sharp] [is] in privity," as stated in the Thirty-First Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 32:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, to the extent they would result in Thomson SA paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Thomson SA by applicable states' laws and the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment," as stated in the Thirty-Second Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 33:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, by the voluntary payment doctrine, under which [Sharp] [is] not entitled to recover payments made with full knowledge of the facts," as stated in the Thirty-Third Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 34:**

Provide the basis for your contention that "Thomson SA is entitled to set off from any recovery [Sharp] obtains against Thomson SA any amount paid to under settlements with other defendants in this or related matters," as stated in the Thirty-Fourth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 35:**

Provide the basis for your contention that Sharp's claims "should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of Thomson SA was justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged," as stated in the Thirty-Fifth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 36:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, by the doctrine of Noerr-Pennington," as stated in the Thirty-Sixth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 37:**

Provide the basis for your contention that Sharp's claims "should be dismissed on the grounds of forum non conveniens to the extent the claims are governed by the laws of foreign states," as stated in the Thirty-Seventh Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 38:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, because venue does not lie in this Court," as stated in the Thirty-Eighth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 39:**

Provide the basis for your contention that Sharp's claims " are barred, in whole or in part, because [Sharp] [has] agreed to arbitration or chose a different forum for the resolution of [its] claims," as stated in the Thirty-Ninth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 40:**

Provide the basis for your contention that Sharp's claims "are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of Thomson SA or were caused, if at all, solely and proximately by the conduct of third parties, including, without limitations, the prior, intervening, or superseding conduct of such third parties," as stated in the Fortieth Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 41:**

Provide the basis for your contention that this "Court lacks subject-matter jurisdiction over [Sharp's] claims pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act, and because the conduct alleged to provide a basis for [Sharp's] claims did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States," as stated in the Forty-First Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 42:**

Provide the basis for your contention that Sharp's "claims against Thomson SA should be dismissed because this Court lacks personal jurisdiction over Thomson SA," as stated in the Forty-Second Additional or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence upon which You intend to rely.

**INTERROGATORY 43:**

Provide the basis for your contention that Sharp's claims "should be dismissed because [Sharp] lack[s] standing to prosecute [its] state antitrust claims, in whole or in part, under,

- 13 -

1  without limitation, N.Y. Gen. Bus. Law §§ 340, *et seq*.," as stated in the Forty-Third Additional
2  or Affirmative Defense in Your Answer, with specific reference to any Documents, persons, or
3  other Evidence upon which You intend to rely.

4      **INTERROGATORY 44:**

5      Provide the basis for your contention that Sharp's claims "are barred, in whole or in part,
6  for failure to join indispensable parties," as stated in the Forty-Fourth Additional or Affirmative
7  Defense in Your Answer, with specific reference to any Documents, persons, or other Evidence
8  upon which You intend to rely.

10  DATED:  May 14, 2014    By: *Craig A. Benson*

    Kenneth A. Gallo (*pro hac vice*)
    Joseph J. Simons (*pro hac vice*)
    Craig A. Benson (*pro hac vice*)
    **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
    2001 K Street, NW
    Washington, DC  20006
    Telephone: (202) 223-7300
    Facsimile: (202) 223-7420
    kgallo@paulweiss.com
    jsimons@paulweiss.com
    cbenson@paulweiss.com

    Stephen E. Taylor (SBN 058452)
    Jonathan A. Patchen (SBN 237346)
    **TAYLOR & COMPANY LAW OFFICES, LLP**
    One Ferry Building, Suite 355
    San Francisco, California 94111
    Telephone:  (415) 788-8200
    Facsimile:  (415) 788-8208
    Email: staylor@tcolaw.com
    Email: jpatchen@tcolaw.com

    *Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*