# EXHIBIT 20

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
       anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Counsel for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies Corp., Office Depot, Inc., CompuCom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, Tech Data Corporation and Tech Data Product Management, Inc.*

[additional counsel listed on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917 |
| This document relates to:<br><br>*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Siegel v. Hitachi, Ltd., et al.* No. 11-cv-05502;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; | **DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO THE THOMSON DEFENDANTS** |

Direct Action Plaintiffs' First Set of Requests                     Case No. 07-5944-SC; MDL No. 1917
for Admission to Thomson Defendants

*Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275;

*Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276;

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

*Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*Schultze Agency Services, LLC, v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173;

*Sharp Electronics Corp. et al. v. Koninklijke Philips Electronics, N.V., et al.*, No. 13-cv-02776;

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Best Buy Co., Inc., et al. v Technicolor SA, et al.*, No.13-cv-05264;

*Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Target Corp., v. Technicolor SA, et al.*, No.13-cv-05686;

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*,

No. 13-cv-05725;

*Office Depot, Inc., v. Technicolor SA, et al.,* No. 13-cv-05726;

*Interbond Corporation of America v. Technicolor SA, et al.,* No. 13-cv-05727

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTIES:** | Direct Action Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.; Alfred H. Siegel, solely as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; CompuCom Systems, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; and Tech Data Corporation and Tech Data Product Management, Inc.; and Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. |
| 11 | **RESPONDING PARTIES:** | Thomson SA and Thomson Consumer Electronics, Inc. |
| 12 | **SET:** | One |

Direct Action Plaintiffs' First Set of Requests       1       Case No. 07-5944-SC; MDL No. 1917
for Admission to Thomson Defendants

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, the undersigned Direct Action Plaintiffs, through counsel, request that the Thomson Defendants (as defined herein) respond to the following requests for admission within thirty days of service and afterwards supplement such production as may become necessary to comply with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS**

The words and phrases used in these requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any request.

1. The words "all," "any," and "each" mean "each and every."

2. The words "and" and "or" are both conjunctive and disjunctive as necessary.

3. The term "CRT" means cathode ray tube and includes cathode ray tubes used in color televisions and color computer monitors.

4. The term "CRT Manufacturer" means any entity that manufactures CRTs.

5. The term "CRT Product" means a finished product containing a CRT.

6. The words "including" or "includes" means without limitation.

7. The term "relevant period" means the period beginning March 1, 1995 through December 31, 2007.

8. The term "Thomson Defendants" refers collectively to Thomson SA and Thomson Consumer Electronics, Inc.

9. The term "wholly-owned subsidiary" means a legal entity that is 100% owned by another legal entity.

10. The terms "you" and "your" mean the Thomson Defendants and/or each of the Thomson Defendants, as defined herein.

**INSTRUCTIONS**

1. Pursuant to Federal Rule of Civil Procedure 36, you are required to answer the following requests for admission under oath within 30 days or within the time otherwise required

1  by Court order.

2      2. Answer each request for admission separately and fully. In responding to these
3  requests for admission, you are requested to furnish all information available to you, including,
4  but not limited to, information in the possession of your attorneys. If you cannot answer any
5  request for admission fully and completely after exercising reasonable effort and due diligence to
6  secure any information requested, please:

7        a. so state and answer the request to the fullest extent possible;

8        b. state the facts upon which you rely to support your assertion that you are unable to
9           answer the request fully and completely;

10       c. state what knowledge, information, or belief you have concerning the unanswered
11          portion of the request; and

12       d. state what actions you have taken to locate the information necessary to answer
13          each request.

14     3. Whenever a date, amount, computation, or figure is requested, the exact date,
15 amount, computation, or figure is to be given unless it is unknown. If it is unknown, the
16 approximate or best estimate should be given and the answer should state that the date, amount,
17 computation, or figure provided is an approximation.

18     4. If you object to any request for admission, in whole or in part, state the reasons for
19 any objection(s) and answer that part of the request to which you do not object. If you object to
20 any request for admission as overbroad, respond to the request as narrowed to conform to the
21 objection. If the answer to a request for admission is "none," "unknown," or "not applicable,"
22 such statement should be written in the answer.

23     5. If you assert a claim of attorney-client privilege or attorney work product with
24 respect to any of the request for admission contained herein:

25       a. state the factual basis of the purported privilege or claim of work product in
26          sufficient detail so as to permit the Court to adjudicate the validity of the claim;
27          and

28

1        b. state the numbered request for admission to which the privileged information is
2        responsive.
3     6. Whenever necessary to bring within the scope of the request for admission the
4  broadest possible answer, the singular form of the word shall be interpreted as plural and
5  references to one gender shall include the other gender.
6     7. These requests for admission are continuing in nature to the extent provided in
7  Rule 26(e) of the Federal Rules of Civil Procedure, and to the extent that you, or your attorneys,
8  agents or representatives become aware of additional information responsive to this request
9  subsequent to their initial response to these requests for admission, you are required to
10 immediately provide such information requested herein.

11 **REQUESTS FOR ADMISSION**

12 **REQUEST NO. 1:**

13    Admit that at all times from the beginning of the relevant period through September 2005,
14 RCA was a trademark and trade name owned by Thomson SA.

15 **REQUEST NO. 2:**

16    Admit that at all times from October 2005 through the present, RCA has been a trademark
17 and trade name owned by Thomson SA.

18 **REQUEST NO. 3:**

19    Admit that at all times from the beginning of the relevant period through September 2005,
20 Thomson SA sold CRT Products in the United States bearing the RCA brand name.

21 **REQUEST NO. 4:**

22    Admit that at all times from October 2005 through the present, Thomson SA sold CRT
23 Products in the United States bearing the RCA brand name.

24 **REQUEST NO. 5:**

25    Admit that at all times from the beginning of the relevant period through September 2005,
26 Thomson Consumer Electronics, Inc. sold CRT Products in the United States bearing the RCA
27 brand name.

28

**REQUEST NO. 6:**

Admit that at all times from October 2005 through the present, Thomson Consumer Electronics, Inc. sold CRT Products in the United States bearing the RCA brand name.

**REQUEST NO. 7:**

Admit that at all times from the beginning of the relevant period through September 2005, Proscan was a trademark and trade name owned by Thomson Consumer Electronics, Inc.

**REQUEST NO. 8:**

Admit that at all times from October 2005 through the present, Proscan has been a trademark and trade name owned by Thomson Consumer Electronics, Inc.

**REQUEST NO. 9:**

Admit that at all times from the beginning of the relevant period through September 2005, Thomson Consumer Electronics, Inc. sold CRT Products in the United States bearing the Proscan brand name.

**REQUEST NO. 10:**

Admit that at all times from October 2005 through the present, Thomson Consumer Electronics, Inc. sold CRT Products in the United States bearing the Proscan brand name.

**REQUEST NO. 11:**

Admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product manufactured or sold by you.

**REQUEST NO. 12:**

If your answer to REQUEST NO. 11 is anything other than an unqualified admission, admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product sold by you to Electrograph Systems, Inc., Electrograph Technologies Corp., ActiveLight, Inc., CineLight Corporation, International Computer Graphics, Inc., Champion Vision, Inc., or Coastal Office Products, Inc.

1  **REQUEST NO. 13:**

2  If your answer to REQUEST NO. 11 is anything other than an unqualified admission,
3  admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product
4  sold by you to Office Depot, Inc., Tech Depot, or Office Max, Inc.

5  **REQUEST NO. 14:**

6  If your answer to REQUEST NO. 11 is anything other than an unqualified admission,
7  admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product
8  sold by you to CompuCom Systems, Inc.

9  **REQUEST NO. 15:**

10  If your answer to REQUEST NO. 11 is anything other than an unqualified admission,
11  admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product
12  sold by you to Interbond Corporation of America d/b/a BrandsMart USA.

13  **REQUEST NO. 16:**

14  If your answer to REQUEST NO. 11 is anything other than an unqualified admission,
15  admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product
16  sold by you to P.C. Richard & Son Long Island Corporation.

17  **REQUEST NO. 17:**

18  If your answer to REQUEST NO. 11 is anything other than an unqualified admission,
19  admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product
20  sold by you to MARTA Cooperative of America, Inc.

21  **REQUEST NO. 18:**

22  If your answer to REQUEST NO. 11 is anything other than an unqualified admission,
23  admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product
24  sold by you to ABC Appliance, Inc. d/b/a ABC Warehouse.

25  **REQUEST NO. 19:**

26  If your answer to REQUEST NO. 11 is anything other than an unqualified admission,
27  admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product
28  sold by you to Tweeter Home Entertainment Group, Inc. and its subsidiaries, affiliates and

predecessors, including, but not limited to : NEA Delaware, Inc.; New England Audio Co., Inc.; Bryn Mawr Radio and Television, Inc.; HiFi Buys Incorporated; Home Entertainment of Texas, Inc.; DOW Stereo/Video, Inc.; United Audio Centers, Inc.; Douglas T.V. & Appliance, Inc. and Douglas Audio Video Centers, Inc.; The Video Scene, Inc. d/b/a Big Screen City; SMK Marketing, Inc. d/b/a Audio Video Systems; Sound Advice, Inc. d/b/a Sound Advice and Showcase Home Entertainment; Hillcrest High Fidelity, Inc.; or Sumarc Electronics Incorporated d/b/a NOW! Audio Video.

**REQUEST NO. 20:**

If your answer to REQUEST NO. 11 is anything other than an unqualified admission, admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product sold by you to Tech Data Corporation or Tech Data Product Management, Inc.

**REQUEST NO. 21:**

If your answer to REQUEST NO. 11 is anything other than an unqualified admission, admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product sold by you to Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; or Magnolia Hi-Fi, Inc.

**REQUEST NO. 22:**

If your answer to REQUEST NO. 11 is anything other than an unqualified admission, admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product sold by you to Circuit City Stores, Inc., or its affiliated companies.

**REQUEST NO. 23:**

If your answer to REQUEST NO. 11 is anything other than an unqualified admission, admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product sold by you to Target Corp.

**REQUEST NO. 24:**

If your answer to REQUEST NO. 11 is anything other than an unqualified admission, admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product sold by you to Sears, Roebuck and Co. or Kmart Corp.

**REQUEST NO. 25:**

If your answer to REQUEST NO. 11 is anything other than an unqualified admission, admit that you cannot identify the CRT Manufacturer of the CRT used in any given CRT Product sold by you to Costco Wholesale Corporation.

DATED:  June 27, 2014                           /s/  *Philip J. Iovieno*

                                                  Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:  piovieno@bsfllp.com
        anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
Email:  wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022
Email:  ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies Corp., Office Depot, Inc., CompuCom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC and Tech Data Corporation and Tech Data Product Management, Inc.*

/s/  *Scott N. Wagner*

Robert W. Turken
Scott N. Wagner
Mitchell E. Widom

|   |   |
|---|---|
| 1 | BILZIN SUMBERG MAENA PRICE & AXELROD LLP |
| 2 | 1450 Brickell Ave, Suite 2300 |
| 3 | Miami, FL 33131-3456 |
|   | Tel:  305-374-7580 |
| 4 | Fax: 305-374-7593 |
|   | Email:  rturken@bilzin.com |
| 5 |          swagner@bilzin.com |
| 6 |          mwidom@bilzin.com |

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

/s/  Cori G. Moore

David J. Burman (pro hac vice)
Cori G. Moore (pro hac vice)
Eric J. Weiss (pro hac vice)
Nicholas H. Hesterberg (pro hac vice)
Steven D. Merriman (pro hac vice)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  (206)359-8000
Facsimile:   (206)359-9000
Email:  DBurman@perkinscoie.com
        CGMoore@perkinsncoie.com
        EWeiss@perkinscoie.com
        NHesterberg@perkinscoie.com
        SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone:  (415)344-7120
Facsimile:   (415)344-7320
Email: JBass@perkinscoie.com

*Counsel for Plaintiff Costco Wholesale Corporation*

/s/  David Martinez

Roman M. Silberfeld
David Martinez
Jill S. Casselman
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:   (310) 229-5800
Email:  rmsilberfeld@rkmc.com
        dmartinez@rkmc.com

---

Direct Action Plaintiffs' First Set of Requests for Admission to Thomson Defendants   9   Case No. 07-5944-SC; MDL No. 1917

|   |   |
|---|---|
| 1 | jscasselman@rkmc.com |
| 2 | Elliot S. Kaplan |
|   | K. Craig Wildfang |
| 3 | Laura E. Nelson |
|   | ROBINS, KAPLAN, MILLER & CIRESI L.L.P. |
| 4 | 800 LaSalle Avenue |
|   | 2800 LaSalle Plaza |
| 5 | Minneapolis, MN 55402 |
|   | Telephone:  (612) 349-8500 |
| 6 | Facsimile:   (612) 339-4181 |
|   | Email:  eskaplan@rkmc.com |
| 7 |             kcwildfang@rkmc.com |
|   |             lenelson@rkmc.com |
| 8 |   |
|   | *Counsel For Plaintiffs Best Buy Co., Inc., Best Buy* |
| 9 | *Purchasing LLC, Best Buy Enterprise Services, Inc.,* |
|   | *Best Buy Stores, L.P., Bestbuy.com, L.L.C., and* |
| 10 | *Magnolia Hi-Fi, Inc.* |
| 11 | /s/  William J. Blechman |
| 12 |   |
|   | Richard Alan Arnold |
| 13 | William J. Blechman |
|   | Kevin J. Murray |
| 14 | KENNY NACHWALTER, P.A. |
|   | 201 S. Biscayne Blvd., Suite 1100 |
| 15 | Miami, FL 33131 |
|   | Tel: 305-373-1000 |
| 16 | Fax: 305-372-1861 |
|   | Email:  rarnold@knpa.com |
| 17 |             wblechman@knpa.com |
|   |             kmurray@knpa.com |
| 18 |   |
| 19 | *Counsel for Plaintiff Sears, Roebuck and Co. and* |
|   | *Kmart Corp.* |
| 20 |   |
| 21 | /s/  Kenneth S. Marks |
| 22 | H. Lee Godfrey |
|   | Kenneth S. Marks |
| 23 | Jonathan J. Ross |
|   | Johnny W. Carter |
| 24 | David M. Peterson |
|   | SUSMAN GODFREY L.L.P. |
| 25 | 1000 Louisiana Street, Suite 5100 |
|   | Houston, Texas 77002 |
| 26 | Telephone:  (713) 651-9366 |
| 27 | Facsimile:   (713) 654-6666 |
|   | Email: lgodfrey@sumangodfrey.com |
| 28 |   |

Direct Action Plaintiffs' First Set of Requests     10     Case No. 07-5944-SC; MDL No. 1917
for Admission to Thomson Defendants

kmarks@susmangodfrey.com
jross@susmangodfrey.com
jcarter@susmangodfrey.com
dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email:  pfolse@susmangodfrey.com
          rblack@susmangodfrey.com
          jconnors@susmangodfrey.com

*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

/s/  Jason C. Murray

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone:  213-443-5582
Facsimile:  213-622-2690
Email:  jmurray@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202-624-2500
Facsimile:  202-628-5116
E-mail:  jmurphy@crowell.com
          aheaven@crowell.com

*Counsel for Plaintiff Target Corp.*

/s/  Craig A. Benson

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300

---

Direct Action Plaintiffs' First Set of Requests for Admission to Thomson Defendants     11     Case No. 07-5944-SC; MDL No. 1917

|   |   |
|---|---|
| 1 | Facsimile: (202) 223-7420 |
|   | kgallo@paulweiss.com |
| 2 | jsimons@paulweiss.com |
|   | cbenson@paulweiss.com |
| 3 |   |
|   | Stephen E. Taylor (SBN 058452) |
| 4 | Jonathan A. Patchen (SBN 237346) |
|   | TAYLOR & COMPANY LAW OFFICES, LLP |
| 5 | One Ferry Building, Suite 355 |
|   | San Francisco, California 94111 |
| 6 | Telephone: (415) 788-8200 |
|   | Facsimile: (415) 788-8208 |
| 7 | Email: staylor@tcolaw.com |
|   | Email: jpatchen@tcolaw.com |

*Counsel for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*