**EXHIBIT 22**

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Counsel for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., CompuCom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC*

[additional counsel listed on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917 |
| This document relates to:<br><br>*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Siegel v. Hitachi, Ltd., et al.* No. 11-cv-05502;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; | **DIRECT ACTION PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.** |

| | |
|---|---|
| 1 | *Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275; |
| 2 | |
| 3 | *Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276; |
| 4 | *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396; |
| 5 | |
| 6 | *Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397; |
| 7 | *P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648; |
| 8 | |
| 9 | *Schultze Agency Services, LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649; |
| 10 | |
| 11 | *Tech Data Corporation, et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157; |
| 12 | |
| 13 | *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173; |
| 14 | *Dell Inc. and Dell Products L.P. v. Hitachi Ltd., et al.*, No.13-cv-02171; |
| 15 | |
| 16 | *Sharp Electronics Corp. et al. v. Koninklijke Philips Electronics, N.V., et al.*, No. 13-cv-02776; |
| 17 | |
| 18 | *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; |
| 19 | |
| 20 | *Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262; |
| 21 | *Best Buy Co., Inc., et al. v Technicolor SA, et al.*, No.13-cv-05264; |
| 22 | |
| 23 | *Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668; |
| 24 | *Target Corp., v. Technicolor SA, et al.*, No.13-cv-05686; |
| 25 | |
| 26 | *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723; |
| 27 | *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724; |
| 28 | |

| Direct Action Plaintiffs' Second Set of Requests for Production to Thomson Defendants | Case No. 07-5944-SC; MDL No. 1917 |

1
2   *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;
3
4   *Office Depot, Inc., v. Technicolor SA, et al.*, No. 13-cv-05726;
5   *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Direct Action Plaintiffs' Second Set of Requests for Production to Thomson Defendants

Case No. 07-5944-SC; MDL No. 1917

| | | |
|---|---|---|
| **PROPOUNDING PARTIES:** | | Direct Action Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.; Alfred H. Siegel, solely as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; CompuCom Systems, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; and Tech Data Corporation and Tech Data Product Management, Inc.; Dell Inc. and Dell Products L.P.; and Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. |
| **RESPONDING PARTIES:** | | Thomson SA and Thomson Consumer Electronics, Inc. |
| **SET:** | | Three |

Direct Action Plaintiffs' Second Set of Requests for Production to Thomson Defendants     1     Case No. 07-5944-SC; MDL No. 1917

Pursuant to Federal Rules of Civil Procedure 26 and 34, Direct Action Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.; Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; CompuCom Systems, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; Tech Data Corporation and Tech Data Product Management, Inc.; Dell Inc. and Dell Products L.P.; and Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Plaintiffs"), through their counsel, request that Thomson SA and Thomson Consumer Electronics, Inc. respond to the following document requests within thirty days of service and produce responsive documents, and afterwards supplement such production as may become necessary to comply with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The words and phrases used in these requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any request.

1. The words "all," "any," and "each" mean "each and every."

2. The words "and" and "or" are both conjunctive and disjunctive as necessary.

3. The term "CRT" means cathode ray tube and includes cathode ray tubes used in color televisions and color computer monitors.

4. The term "CRT Product" means a computer monitor or television containing a CRT.

5. "Document" means, without limitation, the following items, whether printed, recorded, or reproduced by any other mechanical means or process, or written or produced by

hand: agreements; contracts; orders; purchase orders; communications; correspondence; letters; emails; telegrams; tape recordings; memoranda; summaries; notes or other recordings of telephone conversations, personal conversations, or meetings; agenda of meetings; notices; minutes; records; calendars; daily diaries; daytimers; statistics; interoffice memoranda; personal memoranda; photographs; photographic slides; motion picture films; audio tapes; charts; graphs; diagrams; drawings; bookkeeping entries; bills; invoices; orders; receipts; canceled checks; vouchers; ledger sheets; computer printouts; statements of witnesses; findings of investigations; files; records of negotiations; reports of experts; reports of consultants; papers; books; bulletins; publications; telefaxes; facsimiles; worksheets; securities; order tickets; records; objects; video tapes; maps; posters; pamphlets; flyers; and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported. This includes all drafts, alterations, modifications, changes, and amendments of any of the foregoing of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody, or control. A draft or non-identical copy is a separate document within the meaning of this term.

6. "Including" or "includes" means without limitation.

7. The term "Relevant Period" means the period beginning March 1, 1995 through November 25, 2007.

8. The term "Thomson Defendants" refers collectively to Thomson SA, Thomson Consumer Electronics, Inc., and their predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof.

9. The terms "You" and "Your" mean the Thomson Defendants and/or each of the Thomson Defendants, as defined herein.

# INSTRUCTIONS

1. The documents covered by these requests include all documents in Your possession, custody, or control.

2. Each document request shall be construed independently, and no document request shall be viewed as limiting the scope of any other document request.

3. Each document request seeks information limited to the Relevant Period, unless stated otherwise.

4. You shall produce all documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the documents to correspond to the categories of the requests. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, attachments, or enclosures to the document in addition to the document itself.

5. The fact that a document is produced by another party does not relieve You of the obligation to produce Your copy of the same document, even if the two documents are identical.

6. If You withhold under any claim of privilege any document or thing or portion thereof requested, then furnish a list specifying each document or thing or part thereof for which the privilege is claimed and the following information about each such item: date, author, recipients and their titles; basis on which the privilege is claimed; the paragraph or sub-paragraph of the request to which the document or thing responds; and a sufficient description of the subject matter of the document or thing (without disclosing its contents) to allow its description to the Court for a ruling on the claim of privilege.

7. If any information requested is withheld based on a claim that such information constitutes attorney work-product, please provide all the information described in the previous instruction and identify the litigation in connection with which the information and the information it contains was obtained and/or prepared.

1   8. For each document request with respect to which You assert a claim of privilege, state whether the documents or information requested have ever been provided to the Government or any party, entity, or individual other than the Thomson Defendants or their attorneys.

9. If any responsive document was but is no longer in Your possession or subject to your control, state whether it is: (a) missing or lost; (b) destroyed; (c) otherwise disposed of; or (d) transferred voluntarily or involuntarily to others, and identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

10. The obligation to respond to these document requests is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. If at any time after responding to these document requests You discover additional responsive documents that will make Your responses to these document requests more complete or correct, amend Your responses and produce such responsive documents as soon as reasonably possible, pursuant to the requirements of Rule 26(e).

11. If an objection is made to a request, or a part of a request, the specific ground for the objection shall be set forth clearly in the response to that request. If You consider only a part of a request to be objectionable, You must specify such part, and must otherwise respond to the remainder of the request.

Direct Action Plaintiffs' Second Set of Requests for Production to Thomson Defendants     5     Case No. 07-5944-SC; MDL No. 1917

# REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Documents sufficient to show to whom You sold all CRTs contained in CRT Products ultimately sold by You to Plaintiffs during the Relevant Time Period, including, but not limited to, invoices, inventory data and contracts for sales of such CRTs.

**REQUEST NO. 2:**

Documents sufficient to show the address to which all invoices or bills of sale were sent for all CRTs contained in CRT Products ultimately sold by You to Plaintiffs during the Relevant Time Period.

**REQUEST NO. 3:**

All Documents constituting contracts, purchase orders, or other agreements between You and any OEM, original design manufacturer, contract manufacturer, system integrator, retailer, wholesaler or other entity for the sale or manufacture of CRT Products that You ultimately sold to Plaintiffs.

**REQUEST NO. 4:**

For each sale by You of any CRT contained in CRT Products ultimately sold by You to Plaintiffs during the Relevant Time Period, all Documents constituting contracts, purchase orders, agreements or memoranda of understanding or any other Document that contains any term or condition of sale for such CRTs.

**REQUEST NO. 5:**

Documents sufficient to show the chain of title for all CRTs contained in CRT Products ultimately sold by You to Plaintiffs during the Relevant Time Period, from the time such CRTs were initially manufactured until the CRT Products containing such CRTs reached Plaintiffs.

DATED: July 10, 2014

/s/ Philip J. Iovieno

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
Email:  anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
Email:  ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies Corp., Office Depot, Inc., CompuCom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC and Tech Data Corporation and Tech Data Product Management, Inc.*

/s/ Scott N. Wagner

Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG MAENA PRICE & AXELROD LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email:  rturken@bilzin.com

Direct Action Plaintiffs' Second Set of Requests for Production to Thomson Defendants        7        Case No. 07-5944-SC; MDL No. 1917

swagner@bilzin.com
mwidom@bilzin.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

/s/  *Cori G. Moore*

David J. Burman (pro hac vice)
Cori G. Moore (pro hac vice)
Eric J. Weiss (pro hac vice)
Nicholas H. Hesterberg (pro hac vice)
Steven D. Merriman (pro hac vice)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  (206)359-8000
Facsimile:   (206)359-9000
Email:  DBurman@perkinscoie.com
            CGMoore@perkinsncoie.com
            EWeiss@perkinscoie.com
            NHesterberg@perkinscoie.com
            SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone:  (415)344-7120
Facsimile:   (415)344-7320
Email: JBass@perkinscoie.com

*Counsel for Plaintiff Costco Wholesale Corporation*

/s/  *David Martinez*

Roman M. Silberfeld
David Martinez
Jill S. Casselman
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:   (310) 229-5800
Email:  rmsilberfeld@rkmc.com
            dmartinez@rkmc.com
            jscasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza

| Direct Action Plaintiffs' Second Set of Requests for Production to Thomson Defendants | 8 | Case No. 07-5944-SC; MDL No. 1917 |
|---|---|---|

Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
Email: eskaplan@rkmc.com
       kcwildfang@rkmc.com
       lenelson@rkmc.com

*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*

/s/  Michael P. Kenny

Michael P. Kenny
Debra D. Bernstein
Matthew D. Kent
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404)-881-7000
Facsimile: (404)-881-7777
Email: mike.kenny@alston.com
       debra.bernstein@alston.com
       matthew.kent@alston.com

James M. Wagstaffel, Esq. (SBN 95535)
KERR & SAGSTAFFE LLP
100 Spear Street, 18th Floor
San Francisco, California 94105-1576
Telephone: (415)-371-8500
Facsimile: (415)371-0500
Email: wagstaffe@kerrwagstaffe.com

*Counsel For Plaintiffs Dell Inc. and Dell Products L.P.*

/s/  William J. Blechman

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
       wblechman@knpa.com

Direct Action Plaintiffs' Second Set of Requests for Production to Thomson Defendants     9     Case No. 07-5944-SC; MDL No. 1917

kmurray@knpa.com

*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

/s/  Kenneth S. Marks

H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:   (713) 654-6666
Email:  lgodfrey@sumangodfrey.com
         kmarks@susmangodfrey.com
         jross@susmangodfrey.com
         jcarter@susmangodfrey.com
         dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email:  pfolse@susmangodfrey.com
         rblack@susmangodfrey.com
         jconnors@susmangodfrey.com

*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

/s/  Jason C. Murray

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone: 213-443-5582
Facsimile:  213-622-2690
Email:  jmurray@crowell.com

Jerome A. Murphy (*pro hac vice*)

Astor H.L. Heaven *(pro hac vice)*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile:  202-628-5116
E-mail:  jmurphy@crowell.com
         aheaven@crowell.com

*Counsel for Plaintiff Target Corp.*

/s/  Craig A. Benson

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Counsel for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*