# EXHIBIT 23

1   Kenneth A. Gallo (*pro hac vice*)
    Joseph J. Simons (*pro hac vice*)
2   Craig A. Benson (*pro hac vice*)
    **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
3   2001 K Street, NW
    Washington, DC  20006
4   Telephone: (202) 223-7300
    Facsimile: (202) 223-7420
5   kgallo@paulweiss.com
    jsimons@paulweiss.com
6   cbenson@paulweiss.com

7   Stephen E. Taylor (SBN 058452)
    Jonathan A. Patchen (SBN 237346)
8   **TAYLOR & COMPANY LAW OFFICES, LLP**
    One Ferry Building, Suite 355
9   San Francisco, California 94111
    Telephone:  (415) 788-8200
10  Facsimile:  (415) 788-8208
    Email: staylor@tcolaw.com
11  Email: jpatchen@tcolaw.com

12  *Attorneys for Plaintiffs Sharp Electronics Corporation*
    *and Sharp Electronics Manufacturing Company of*
13  *America, Inc.*

14  [additional counsel listed on signature page]

15              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
16                  **SAN FRANCISCO DIVISION**

17  **In re: CATHODE RAY TUBE (CRT)**        Case No. 07-cv-05944 SC
18  **ANTITRUST LITIGATION**
                                             MDL No. 1917
19  This Document Relates to:
                                             **DIRECT ACTION PLAINTIFFS'**
20  *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,*   **THIRD SET OF**
    No. 13-cv-01173;                         **INTERROGATORIES TO**
21                                           **DEFENDANTS TECHNICOLOR SA,**
                                             **F/K/A THOMSON SA AND**
22  *Electrograph Systems, Inc. et al. v. Technicolor SA,*   **TECHNICOLOR USA, INC., F/K/A**
    *et al.*, No. 13-cv-05724;               **THOMSON CONSUMER**
                                             **ELECTRONICS, INC.**
23  *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;
                                             **DATE:  AUGUST 6, 2014**
24  *Best Buy Co., Inc., et al. v. Technicolor SA, et al.,*
25  No. 13-cv-05264;

26  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-
    05686;
27
    *Interbond Corporation of America v. Technicolor*
28  *SA, et al.*, No. 13-cv-05727;

                              - 1 -

1 | *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-
2 | cv-05726;

3 | *Costco Wholesale Corporation v. Technicolor SA, et*
   | *al.*, No. 13-cv-05723;
4 |

5 | *P.C. Richard & Son Long Island Corporation, et al.*
   | *v. Technicolor SA, et al.*, No. 13-cv-05725;
6 |

7 | *Schultze Agency Services, LLC v. Technicolor SA,*
   | *Ltd., et al.*, No. 13-cv-05668;

8 | *Sears, Roebuck and Co. and Kmart Corp. v.*
9 | *Technicolor SA*, No. 13-cv-05262;

10 | *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No.
    | 13-cv-00157.

11

12 | **PROPOUNDING PARTIES:**   Direct Action Plaintiffs Sharp Electronics
    | Corporation and Sharp Electronics Manufacturing
13 | Company of America, Inc.; Electrograph Systems,
    | Inc. and Electrograph Technologies Corp.; Alfred H.
14 | Siegel, solely as Trustee of the Circuit City Stores,
    | Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy
15 | Purchasing LLC, Best Buy Enterprise Services, Inc.,
    | Best Buy Stores, L.P., Bestbuy.com, L.L.C., and
16 | Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck,
    | and Co., Kmart Corp.; Interbond Corporation of
17 | America; Office Depot, Inc.; Costco Wholesale
    | Corporation; P.C. Richard & Son Long Island
18 | Corporation, MARTA Cooperative of America, Inc.,
    | and ABC Appliance, Inc.; Schultz Agency Services,
19 | LLC on behalf of Tweeter Opco, LLC and Tweeter
    | Newco, LLC; and Tech Data Corporation and Tech
20 | Data Product Management, Inc.

21 | **RESPONDING PARTIES:**   Technicolor SA, f/k/a Thomson SA and Technicolor
    | USA, Inc., f/k/a Thomson Consumer Electronics, Inc.
22

23 | **SET NO.:**   THREE

24

25

26

27

28

DIRECT ACTIONS PLAINTIFFS' THIRD SET OF INTERROGATORIES TO THOMSON DEFENDANTS
Case No. 07-cv-05944 SC; MDL No. 1917

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the above named Direct Action Plaintiffs, through their undersigned counsel, request that Defendants Technicolor USA, Inc., f/k/a Thomson Consumer Electronics, Inc. ("Thomson Consumer") and Technicolor SA, f/k/a Thomson SA ("Thomson SA") answer the following Interrogatories within thirty (30) days of service and supplement its Interrogatory answers, as necessary, to comply with Federal Rule of Civil Procedure 26(e).  Thomson Consumer and Thomson SA are directed to serve verified answers at PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP, Attn: Craig A. Benson, 2001 K Street, N.W., Washington, DC 20006, or at another time and place as may be mutually agreed upon by counsel for the parties.

## DEFINITIONS

1.      The terms "You," "Your," and "Yourself" mean Technicolor SA, f/k/a Thomson SA and Technicolor USA, Inc., f/k/a Thomson Consumer Electronics, Inc., and present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on Your behalf.

2.      The term "Affiliated Entity(ies)" means any entity(ies) involved in the production, pricing, marketing, distribution, and/or sale of CRTs (as those terms are defined herein) at any time during the Relevant Period (as defined herein) in which You, or any division, subdivision, business unit, parent, subsidiary, affiliate, or joint venture thereof, held any ownership interest at any time during the Relevant Period.

3.      The term "Person" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau or any other kind of legal or business entity.

4.      The term "Complaints" means the operative complaints filed against You by propounding Direct Action Plaintiffs in Master Case No. 07-cv-05944 SC, MDL No. 1917.

5.      The terms "Defendant" and "Defendants" mean any defendant named by a Direct Action Plaintiff in these actions and their present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on their behalf.

6.     The term "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of a Defendant as defined herein.

7.     The term "CRT(s)" means cathode ray tube(s).

8.     The term "CRT Product(s)" means product(s) containing cathode ray tube(s).

9.     The term "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

10.    The term "Document" includes all documents and electronically stored information as defined in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

11.    When referring to a Document, "Identify" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), sendee(s), addressee(s), recipient(s), and custodian(s).

12.    When referring to any fact, act, occurrence, transaction, statement, communication, document, or other matter, "Identify," "Describe," "Explain," or "State" means to describe and identify the facts constituting such matter.

13.    Unless otherwise noted, the term "Relevant Period" means the period from March 1, 1995 through December 31, 2007.

14.     "All" shall be construed as all, each, any, and every.

## **INSTRUCTIONS**

1.     Answers to these Interrogatories are to be based upon all knowledge or information available to You, including without limitation all information or knowledge possessed by any person, including without limitation any Employee, agent, attorney, expert witness, representative, or other advisor subject to Your instruction, direction, or control.

2.     Where an Interrogatory cannot be answered due to insufficient knowledge, specify the nature of the inquiries made in an attempt to answer the Interrogatory.

- 4 -

3.     You should answer each Interrogatory fully, unless it is objected to.  When making any objection, state with specificity the reasons for the objection.

4.     Where a complete answer to an Interrogatory is not possible, the Interrogatory should be answered to the extent possible, and a statement should be provided stating why an incomplete answer is given, along with the identity of any sources from which more complete information may be obtained.

5.     Any claim of ambiguity in interpreting a particular Interrogatory or a definition or instruction shall not be utilized as a basis for refusing to answer.  Rather, You shall specify the language deemed to be ambiguous and the interpretation utilized in the response to the Interrogatory.

6.     When asked to identify a natural person, state the person's name, employer, position, dates of employment or tenure, and home address for all times during the Relevant Period.  If any of such information has changed during the Relevant Period, specify the time period to which the information provided in Your answer pertains.

7.     When asked to identify any entity other than a natural person, state the name and address of the principal office or headquarters.  If any of the information has changed during the Relevant Period, specify the time period to which the information provided in Your answer pertains.

8.     If you elect to produce business records in response to an Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), You shall produce the records as they are kept in the usual course of business or shall organize and label them to correspond with the Interrogatory.  If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify the Interrogatories to which the document is responsive.  If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent.  For all documents produced pursuant to Rule

33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

## **INTERROGATORIES**

**Interrogatory No. 1.**

   Identify with particularity Your policies with respect to the retention or destruction of Documents including, but not limited to, the retention or destruction of Documents referring or relating to CRTs, CRT Products, or the allegations in the Complaints.

**Interrogatory No. 2.**

   Identify each and every Person or department You informed of their obligation to retain Documents referring or relating to CRTs, CRT Products, or the allegations in the Complaints.

**Interrogatory No. 3.**

   For each Person or department You Identified in response to Interrogatory No. 2, state the date(s) on which You informed such Person or department of their obligation to retain Documents referring or relating to CRTs, CRT Products, or the allegations in the Complaints.

**Interrogatory No. 4.**

   Identify any Communication between You and Your employees, staff, agents, and representatives and each person acting or purporting to act on Your behalf, related to their obligations to retain Documents or any litigation hold or order or instruction to preserve Documents related to or potentially related to CRTs, CRT Products, or the allegations in the Complaints.

**Interrogatory No. 5.**

   Identify all steps You or your employees, staff, agents, and representatives and each person acting or purporting to act on your behalf, have taken to preserve Documents potentially referring or relating to CRTs, CRT Products, or the allegations in the Complaints, including, but not limited to, the date(s) each such step was taken.

**Interrogatory No. 6.**

State whether any Documents or information potentially referring or relating to CRTs, CRT Products, or the allegations in the Complaints, including, but not limited to, contracts, invoices, purchase orders, bills of sale, purchasing data, sales data, and any other Documents reflecting price negotiations, were destroyed, discarded, erased, deleted, purged, or otherwise lost.

**Interrogatory No. 7.**

Describe in detail the contents of any Documents or information related to Your sales of CRTs and CRT Products, including, but not limited to, contracts, invoices, purchase orders, bills of sale, purchasing data, sales data, and any other Documents reflecting price negotiation, which was destroyed, discarded, erased, deleted, purged, or otherwise lost, including the date it was destroyed, discarded, erased, deleted, purged or lost.

**Interrogatory No. 8.**

Identify each Person who had any role or responsibility in destroying, discarding, erasing, purging, deleting or losing each of the Documents or information You Identified in response to Interrogatory No. 7, and describe in detail the circumstances under which each such Document or information was destroyed, discarded, erased, deleted, purged or lost.

1     DATED:  August 6, 2014              By: */s/ Craig A. Benson*

2                                             Kenneth A. Gallo (*pro hac vice*)
                                              Joseph J. Simons (*pro hac vice*)
3                                             Craig A. Benson (*pro hac vice*)
                                              **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
4                                             2001 K Street, NW
                                              Washington, DC  20006
5                                             Telephone: (202) 223-7300
                                              Facsimile: (202) 223-7420
6                                             kgallo@paulweiss.com
                                              jsimons@paulweiss.com
7                                             cbenson@paulweiss.com

8
                                              Stephen E. Taylor (SBN 058452)
9                                             Jonathan A. Patchen (SBN 237346)
                                              **TAYLOR & COMPANY LAW OFFICES, LLP**
10                                            One Ferry Building, Suite 355
                                              San Francisco, California 94111
11                                            Telephone:  (415) 788-8200
                                              Facsimile:  (415) 788-8208
12                                            Email: staylor@tcolaw.com
                                              Email: jpatchen@tcolaw.com
13

14
                                              *Attorneys for Plaintiffs Sharp Electronics Corporation*
15                                            *and Sharp Electronics Manufacturing Company of*
                                              *America, Inc.*
16

17                                            */s/ Nicholas H. Hesterberg*
                                              David J. Burman (pro hac vice)
18                                            Cori G. Moore (pro hac vice)
                                              Eric J. Weiss (pro hac vice)
19                                            Nicholas H. Hesterberg (pro hac vice)
                                              Steven D. Merriman (pro hac vice)
20                                            Perkins Coie LLP
21                                            1201 Third Avenue, Suite 4900
                                              Seattle, WA 98101-3099
22                                            Telephone: 206.359.8000
                                              Facsimile: 206.359.9000
23                                            Email: DBurman@perkinscoie.com
24                                            Email: CGMoore@perkisncoie.com
                                              Email: EWeiss@perkinscoie.com
25                                            Email: NHesterberg@perkinscoie.com
                                              Email: SMerriman@perkinscoie.com
26

27                                            Joren Bass, Bar No. 208143
                                              JBass@perkinscoie.com
28                                            Perkins Coie LLP

- 8 -

DIRECT ACTIONS PLAINTIFFS' THIRD SET OF INTERROGATORIES TO THOMSON DEFENDANTS
Case No. 07-cv-05944 SC; MDL No. 1917

Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

*Attorneys for Plaintiff Costco Wholesale Corporation*

*/s/ Anne M. Nardacci*

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and
Attorneys for Plaintiffs Electrograph Systems, Inc.,
Electrograph Technologies, Corp., Office Depot, Inc.,
Interbond Corporation of America, P.C. Richard &
Son Long Island Corporation, MARTA Cooperative of
America, Inc., ABC Appliance, Inc., Schultze Agency
Services LLC on behalf of Tweeter Opco, LLC and
Tweeter Newco, LLC*

*/s/ Anne M. Nardacci*
 Robert W. Turken
Scott N. Wagner
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Ave, Suite 2300

- 9 -

Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email: rturken@bilzin.com
Email: swagner@bilzin.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Attorneys for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

*/s/ David Martinez*
Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and*

- 10 -

*Magnolia Hi-Fi, Inc.*

*/s/ Jonathan J. Ross*
H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: lgodfrey@sumangodfrey.com
Email: kmarks@susmangodfrey.com
Email: jross@susmangodfrey.com
Email: jcarter@susmangodfrey.com
Email: dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
Email: rblack@susmangodfrey.com
Email: jconnors@susmangodfrey.com

*Attorneys for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

*/s/ Astor H.L. Heaven*
Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500

- 11 -

1

Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
aheaven@crowell.com

2

3

*Attorneys for Target Corp.*

4

*/s/ Samuel Randall*
Samuel Randall
Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

5

6

7

8

9

10

11

12

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DIRECT ACTIONS PLAINTIFFS' THIRD SET OF INTERROGATORIES TO THOMSON DEFENDANTS
Case No. 07-cv-05944 SC; MDL No. 1917