# EXHIBIT 25

1   Kenneth A. Gallo (*pro hac vice*)
    Joseph J. Simons (*pro hac vice*)
2   Craig A. Benson (*pro hac vice*)
    PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP
3   2001 K Street, NW
    Washington, DC  20006-1047
4   Telephone:  (202) 223-7300
    Facsimile:  (202) 223-7420
5   Email: kgallo@paulweiss.com
    Email: jsimons@paulweiss.com
6   Email: cbenson@paulweiss.com

7   Stephen E. Taylor (SBN 058452)
    Jonathan A. Patchen (SBN 237346)
8   TAYLOR & COMPANY LAW OFFICES, LLP
    One Ferry Building, Suite 355
9   San Francisco, California 94111
    Telephone:  (415) 788-8200
10  Facsimile:  (415) 788-8208
    Email: staylor@tcolaw.com
11  Email: jpatchen@tcolaw.com

12  *Attorneys for Sharp Electronics Corporation and*
    *Sharp Electronics Manufacturing Company of America, Inc.*

13  [additional counsel listed on signature page]

14

15                **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
16                  **(SAN FRANCISCO DIVISION)**

17  In re: CATHODE RAY TUBE (CRT)        Master File No.  07-cv-5944-SC (N.D.
    ANTITRUST LITIGATION                 Cal)
18

19  _____    MDL No. 1917

    This Document Relates to:
20                                        **NOTICE OF DEPOSITION OF**
    ALL ACTIONS                          **THOMSON SA PURSUANT TO FED.**
21                                        **R. CIV. P. 30(B)(6).**

22

23

24

25

26

27

28

1    **TO: THOMSON SA.**

2        Please take notice that Defendant Thomson SA ("Thomson") is requested, and required,

3    pursuant to Fed. R. Civ. P. 30(b)(6), Rule 45, and the Court's Discovery and Case Management

4    Protocol [Dkt. No. 1128] to designate and produce a person or persons to testify on behalf of

5    Thomson on the matters described and set forth in the Schedule of Rule 30(b)(6) Deposition

6    Topics attached hereto as Exhibit A.

7        The deposition will take place beginning on May 22, 2014 at 9:00 a.m., and will continue

8    thereafter until completed, at the offices of Boies Schiller & Flexner LLP 1999 Harrison Street,

9    Suite 900, Oakland, CA 94612, or other mutually convenient date, time, and place.   The

10   deposition shall continue from day to day (weekends and holidays excepted) until completed.

11   The deposition shall be recorded stenographically and by video and audio recording devices.

12       You are advised that Rule 30(b)(6) requires you to produce one or more witnesses at the

13   stated location and time who are prepared to testify about Thomson's knowledge, and not just

14   information personally known by them, of the topics described and set forth in the Schedule of

15   Rule 30(b)(6) Deposition Topics attached hereto.   If the designated representative or

16   representatives do not have such knowledge, they are required to acquire it through whatever

17   reasonable investigation and preparation may be necessary.

18

19       Dated:  April 15, 2014

20                                              Respectfully Submitted,

21                                              */s/ Craig Benson*_____

22
                                                Kenneth A. Gallo (*pro hac vice*)
23                                              Joseph J. Simons (*pro hac vice*)
                                                Craig A. Benson (*pro hac vice*)
24                                              **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
                                                2001 K Street, NW
25                                              Washington, DC  20006
                                                Telephone: (202) 223-7300
26                                              Facsimile: (202) 223-7420
                                                kgallo@paulweiss.com
27                                              jsimons@paulweiss.com
                                                cbenson@paulweiss.com
28
                                                Stephen E. Taylor (SBN 058452)

1                                            Jonathan A. Patchen (SBN 237346)

**TAYLOR & COMPANY LAW OFFICES, LLP**

2 One Ferry Building, Suite 355
San Francisco, California 94111

3 Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208

4 Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

5

*Attorneys for Plaintiffs Sharp Electronics*

6 *Corporation and Sharp Electronics Manufacturing*
*Company of America, Inc.*

7

8           ___/s/  David Burman___

David J. Burman (pro hac vice)

9 Cori G. Moore (pro hac vice)
Eric J. Weiss (pro hac vice)

10 Nicholas H. Hesterberg (pro hac vice)
Steven D. Merriman (pro hac vice)

11 Perkins Coie LLP

12 1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

13 Telephone: 206.359.8000
Facsimile: 206.359.9000

14 Email: DBurman@perkinscoie.com
Email: CGMoore@perkisncoie.com

15 Email: EWeiss@perkinscoie.com

16 Email: NHesterberg@perkinscoie.com
Email: SMerriman@perkinscoie.com

17

18 Joren Bass, Bar No. 208143
JBass@perkinscoie.com

19 Perkins Coie LLP
Four Embarcadero Center, Suite 2400

20 San Francisco, CA 94111-4131
Telephone: 415.344.7120

21 Facsimile: 415.344.7320

22 *Attorneys for Plaintiff Costco Wholesale*

23 *Corporation*

24 /s/ Philip J. Iovieno_____

25 William A. Isaacson

26 BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800

27 Washington, D.C. 20015
Telephone: (202) 237-2727

28 Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

1

2    Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
3    401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
4    Telephone: (954) 356-0011
Facsimile: (954) 356-0022
5    Email: ssinger@bsfllp.com

6    Philip J. Iovieno
Anne M. Nardacci
7    BOIES, SCHILLER & FLEXNER LLP
8    30 South Pearl Street, 11th Floor
Albany, NY 12207
9    Telephone: (518) 434-0600
Facsimile: (518) 434-0665
10    Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com
11

12    *Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc.,*
13    *Electrograph Technologies, Corp., Office Depot, Inc., Interbond Corporation of America, P.C.*
14    *Richard & Son Long Island Corporation, MARTA*
15    *Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter*
16    *Opco, LLC and Tweeter Newco, LLC*

17    */s/ Scott N. Wagner*

18    Robert W. Turken
19    Scott N. Wagner
Bilzin Sumberg Baena Price & Axelrod LLP
20    1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
21    Tel: 305-374-7580
Fax: 305-374-7593
22    Email: rturken@bilzin.com
Email: swagner@bilzin.com
23

24    Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
25    401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
26    Telephone: (954) 356-0011
Facsimile: (954) 356-0022
27    Email: ssinger@bsfllp.com

28    William A. Isaacson

1   BOIES, SCHILLER & FLEXNER LLP
    5301 Wisconsin Ave. NW, Suite 800
2   Washington, D.C. 20015
    Telephone: (202) 237-2727
3   Facsimile: (202) 237-6131
    Email: wisaacson@bsfllp.com
4

5   Philip J. Iovieno
    Anne M. Nardacci
6   BOIES, SCHILLER & FLEXNER LLP
    30 South Pearl Street, 11th Floor
7   Albany, NY 12207
    Telephone: (518) 434-0600
8   Facsimile: (518) 434-0665
    Email: piovieno@bsfllp.com
9   Email: anardacci@bsfllp.com
10

11  *Attorneys for Plaintiffs Tech Data Corporation and
    Tech Data Product Management, Inc.*
12
    */s/ David Martinez_____*
13  Roman M. Silberfeld, (SBN 62783)
    David Martinez, (SBN 193183)
14  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
    2049 Century Park East, Suite 3400
15  Los Angeles, CA 90067-3208
    Telephone: (310) 552-0130
16  Facsimile: (310) 229-5800
    Email: RMSilberfeld@rkmc.com
17  Email: DMartinez@rkmc.com
18

19  *Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy
    Purchasing LLC, Best Buy Enterprise Services, Inc.,
20  Best Buy Stores, L.P., Bestbuy.com, L.L.C., and
    Magnolia Hi-Fi, Inc.*
21
    */s/ Lee Godfrey_____*
22  H. Lee Godfrey
    Kenneth S. Marks
23  Jonathan J. Ross
    Johnny W. Carter
24  David M. Peterson
    SUSMAN GODFREY L.L.P.
25  1000 Louisiana Street, Suite 5100
    Houston, Texas 77002
26  Telephone: (713) 651-9366
    Facsimile: (713) 654-6666
27  Email: lgodfrey@sumangodfrey.com
    Email: kmarks@susmangodfrey.com
28

1

2

Email: jross@susmangodfrey.com
Email: jcarter@susmangodfrey.com
Email: dpeterson@susmangodfrey.com

3

4

5

6

7

8

9

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
Email: rblack@susmangodfrey.com
Email: jconnors@susmangodfrey.com

10

11

*Attorneys for Plaintiff Alfred H. Siegel, as Trustee
of the Circuit City Stores, Inc. Liquidating Trust*

12

13

14

15

16

*/s/ Jason Murray*
Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

17

18

19

20

21

22

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
aheaven@crowell.com

23

*Attorneys for Target Corp.*

24

25

26

27

28

*/s/ Richard Arnold*
Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861

1
2

Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

3
4

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below:

1.      "And" and "or" mean and/or construed conjunctively or disjunctively as necessary to make the request more inclusive rather than less inclusive.

2.      The words "all," "any," and "each" mean "each and every."

3.      The terms "Communication" and "Communications" mean any transfer or exchange of information whether by written, oral, electronic or other means, including but not limited to oral conversations, e-mails, correspondence, instant or text messages, voicemail messages, facsimiles or telegrams.

4.      "CRT" means any (a) color picture tubes ("CPTs"), which are cathode ray tubes used primarily in color televisions; and (b) color display tubes ("CDTs"), which are used primarily in color computer monitors.

5.      "CRT Finished Product" means any electronic devices containing CPTs.

6.      "CRT Products" means any CRT and/or CRT Finished Product.

7.      "Defendant" or "Defendants" means any of the entities currently or formerly named as defendants in any of these litigations and, without limitation, all of their past and present parents, subsidiaries, affiliates, joint ventures, officers, directors, employees, agents, attorneys, or representatives (and the parents', subsidiaries', affiliates', or joint ventures' past and present officers, directors, employees, agents, attorneys, or representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

8.      "Document" or "documents" has the broadest possible meaning pursuant to the Federal Rules of Civil Procedure including, but not limited to, all writings and other tangible things upon which any form of communication is recorded or reproduced, and preliminary drafts and non-identical copies of the above (whether such copies differ from the original by reason of notation made on such copies or otherwise). Without limiting the generality of the foregoing, the term "document" or "documents" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or of other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, including email, and all other data compilations from which information can be obtained (by translation, if necessary, by you through detection devices into usable form), including, but not limited to, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes, and any preliminary versions, drafts or revisions of any of the foregoing. "Document" or "documents" also includes each and every file folder or other material in which the above items are stored, filed or maintained.

9.      "Including" or "includes" means without limitation.

10.     The term "manager" means any person who served as an officer of a corporation or otherwise held actual or apparent authority to make decisions on behalf of that corporation.

11.     The term "person" or "persons" is defined to mean any natural person, corporation, or partnership, or any business, legal, or government entity, organization, or association.

12.     "You," "Your," or "Your Company" mean Thomson SA, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which it manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of Thomson SA.

13.     The terms "Price," "Prices," and "Pricing" mean consideration, establishment and implementation of prices, pricing, discounts, rebates, price quotations, bids, quotes, price lists, price announcements, terms or conditions of sale, credit terms, freight rates or charges and changes or proposed changes in the above.

14.     "Related to" "relating to" "referring to" "regarding" or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, and pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

15.     "Relevant Period" means March 1, 1992 to the present.

16.     "TDA" means Technologies Displays Americas LLC (formerly Thomson Displays Americas LLC).

17.     "Technologies Displays" means, collectively, TDA and Technologies Displays Mexicana, S.A. de C.V.

18.     "Thomson Consumer" means Thomson Consumer Electronics, Inc. (now known as Technicolor USA, Inc.).

**SCHEDULE OF RULE 30(b)(6) DEPOSITION TOPICS**

**A.     Conspiracy Information**

1.      The identity of each company that participated with or including You in any meeting, conspiracy, understanding, or agreement relating to the production, pricing, sale, marketing, or distribution of CRT Products, the identity of each individual who participated on behalf of each such company, the dates of each such participation, a description of each communication, meeting, or other act in furtherance of the conspiracy, understanding, or agreement, and any changes in any such individuals' employment status and all the reasons therefore.

2.      All communications with any other defendant or co-conspirator named in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, U.S. Dist. Ct., Northern District of California, MDL-1917, related to the production, pricing, sale, marketing, or distribution of CRT Products.

3.      Your policies applicable to communications with competitors, including Your policies applicable to communications with competitors regarding production, pricing, development costs, marketing or distribution of CRT Products, Your policies regarding the use of competitors' CRT Products prices obtained directly from competitors in setting the Prices of CRTs You quoted to customers or prospective customers, and Your policies regarding the use of competitors' CRT Products prices obtained directly from competitors in setting the prices of CRTs You quoted to customers or prospective customers.

4.      All internal communications within Thomson related to the production, pricing, sale, marketing, or distribution of CRT Products.

5.      All facts that you are aware of with respect to any meeting, conspiracy, understanding, or agreement related to the production, pricing, sale, marketing, or distribution of CRT Products, including the identity of any documents reflecting or relating to the meeting, conspiracy, understanding, or agreement.

6.     All efforts to conceal the existence of any meeting conspiracy, understanding, or agreement related to the production, pricing, sale, marketing, or distribution of CRT Products, including the identity of all persons who actively participated in concealing the meeting, conspiracy, understanding, or agreement, and the extent to which documents were destroyed, false representations were made regarding the reasons for price increases or supply restrictions, and participants met in non-public area to avoid detection.

7.     The identity of all of your current and former employees who provided written or oral information, and the identity of all documents you provided, to any law enforcement or regulatory authority related to any meeting, conspiracy, understanding, or agreement in the production, pricing, marketing, sale, or distribution of CRT Products, including grand jury testimony, affidavits and/or declarations, or communications with lawyers from the United States Department of Justice the Federal Bureau of Investigation, the European Commission, or other foreign governmental or intergovernmental entity or agency.

8.     Any joint ventures, partnerships or other collaborative business relationships, or acquisitions related to CRT Products production, sale, marketing, or distribution, either undertaken or considered by you with respect to: (a) any other defendant or co-conspirator named in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, U.S. Dist. Ct., Northern District of California, MDL-1917, (b) any competitor, or (c) any other person.

9.     If you contend that you withdrew from any meeting, conspiracy, understanding, or agreement related to the production, sale, marketing, or distribution of CRT Products, all facts regarding the date and circumstances of your withdrawal from the meeting, conspiracy, understanding, or agreement, how you withdrew from the meeting, conspiracy, understanding, or agreement, the identity of persons who withdrew from the meeting, conspiracy, understanding, or agreement on your behalf, and the identity of any documents that support your contention that you withdrew from the meeting, conspiracy, understanding, or agreement.

10.     Your knowledge or beliefs related to the illegality or impropriety of exchanging information or entering into any understanding, agreement, commitment, or contract with any of the defendants or co-conspirators named in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, U.S. Dist. Ct., Northern District of California, MDL-1917, related to the production, pricing, sale, marketing, or distribution of CRT Products.

11.     If you contend that any or all of the Plaintiffs knew or should have known of any meeting, conspiracy, understanding, or agreement related to the production, sale, marketing, or distribution of CRT Products prior to November 2007, the circumstances under which Plaintiffs became aware, or should have become aware, of your involvement in the meeting, conspiracy, understanding, or agreement, and the documents that support your contention.

**B.     Pricing, Sales, and Marketing Information**

12.     The identity and general description of the CRT Products you manufactured, purchased, sold, or distributed.

13.     The distribution channels or classes of trade through which you sold CRT Products during the Relevant Period, including your sales to the following categories of purchasers: (a) your affiliates; (b) other defendants in this litigation; and (c) other business entities, including OEMs, retailers, mass merchandisers, e-commerce, and distributors.

14.     The organization and structure of each of your business units that produced, marketed, sold, or distributed CRT Products, including the identity of all persons with decision-making or supervisory responsibility for (a) the pricing, sale or marketing of CRT Products, including persons with authority and/or responsibility for setting, maintaining, and adjusting inventory targets; (b) sales, purchases, and/or transfers with competitors; and (c) reporting information to or receiving information from trade associations.

15.     The policy and process by which prices, including list prices and actual selling prices, for each CRT Product were set and by whom, including the location of negotiations for

sales of CRT Products to Plaintiffs, OEMs, or ODMs; the location of your sales offices in the United States; all factors, formulas, or guidelines you considered in determining prices you charged for each CRT Products; the pricing authority given to employees/affiliates at all levels of the sales and marketing organization; and how pricing decisions were implemented, including any benchmarks (*e.g.*, industry-wide, specific customers, spot market, discounts or rebates) used when establishing and/or negotiating prices.

16.     The relationship between the price of CRTs sold by you and the price of CRT Finished Products sold by you or your domestic and/or international affiliates including, but not limited to: (i) the percentage of the total cost of the CRT Finished Products made up by the CRTs; and (ii) the effect that a change in the price of the CRTs had on the price of the CRT Finished Products.

17.     The extent to which the prices charged for CRT Products were passed on through the distribution chain by you or your domestic and/or international affiliates.

18.     Meetings and other communications between you and any Plaintiff.

19.     Negotiations and other communications between you and OEMs or ODMs regarding the sale of CRTs.

20.     Your activities and transaction directed at, or occurring in, the United.

21.     Your knowledge that CRTs you sold would be incorporated into products imported into the United States, including that CRTs manufactured for sale to Plaintiffs would be shipped into the United States or that CRTs sold to OEMs or ODMs would be sold to Plaintiffs in the United States and Your monitoring of the prices of CRT Products sold in the United States.

22.     Policies, practices, or requirements relating to Your participating in negotiations, entering into, or signing contracts for, Your subsidiaries, including Thomson Consumer or Technologies Displays.

23.     The role of current and former directors, officers, employees, agents, or other representatives with any managerial responsibility for recommending, reviewing, setting or approving prices, bids, quotes, or rebates for Your CRTs or CRT Products, or those of Thomson Consumer or Technologies Displays or Videocon Industries, Ltd., during the Relevant Period for the U.S. market.

24.     Business departments or functions shared between You and Your subsidiaries, including Thomson Consumer or Technologies Displays.

25.     Your contacts with the United States during the Relevant Period, including (1) bank accounts, employees, inventory, and owned, rented, or leased property located in the U.S.; (2) sales and exports to the U.S.; (3) operations in the U.S.; (4) taxes paid in the U.S.; (5) U.S. litigations You filed or in which You participated; (6) keeping of books or records in the U.S.; (7) registered or appointed agents for service of process in the U.S.; and (8) attendance by any Thomson SA employees of trade association meetings held in the U.S. relating to CRTs or CRT Products.

26.      Your instructions, directions, policies, or procedures to or from domestic and/or international affiliates related to the production, pricing, negotiation, sale, marketing, or distribution of CRT Products.

27.     Your use of discounts or rebates in connection with the sale of its CRT Products, including how such discounts or rebates were recorded by You and the identity and location of documents or data recording discounts or rebates.

**C.     Transactional and Financial Information**

28.     The electronic data processing systems, programs, and outputs that you used to record, store, compute, analyze, or retrieve any information relating to the production, pricing, marketing, sale, distribution, profitability, or inventory of CRT Products, including systems shared with your domestic and/or international affiliate(s) or any other company; a description of

the meaning of the fields in any electronic data you produced to Plaintiffs; an explanation of how to read or interpret transactional or financial data you produced to Plaintiffs (including sales information, cost information cost accounting reports, and production information); the authors of the entries into the databases; and/or instructions for entry of data.

29.     The nature of the records of your sale of CRT Products (including, but not limited to, sales to domestic and/or international affiliated entities and other defendants in this litigation) during the Relevant Period, including data which shows the types of CRT Products sold, the volume of sales for each type of CRT Products and the prices at which your CRT Products were sold.

30.     The nature of the records of your purchases of CRT Products (including, but not limited to, purchases from domestic and/or international affiliated entities and other defendants in this litigation) during the Relevant Period, including data that relates to the types of CRT Products purchased, the volume of purchase for each type of CRT Products, the prices at which you purchased those CRT Products and the sellers from whom you purchased each type of CRT Products.

### D.     Corporate Relationships

31.     The relationship between Thomson Consumer Electronics Inc., and Thomson SA during the Relevant Period, including the ownership, decision-making, and organizational structure of these entities and any departments or divisions within these entities responsible for or involved in pricing, selling, marketing, or distributing CRT Products.

32.     The officers and directors of Thomson SA during the Relevant Period.

33.     Thomson SA's ownership interest in Videocon Industries, Ltd. during the Relevant Period.

34.     The transfer of Thomson SA managers, agents, or employees to Videocon Industries, Ltd.

35.    The involvement of Thomson SA in the management, sales, marketing, or other corporate responsibilities of Videocon Industries, Ltd. during the Relevant Period.

**E.    Manufacturing and Production**

36.    A description of Your CRT Product production facilities, including: (a) the location of each facility; (b) the start and end date of production operations at each facility; (c) the products produced at each facility; (d) the number of manufacturing lines at each facility and products produced by line; and (e) the capacity utilization rates for each facility and manufacturing line within each facility.

37.    Your policies and practices for setting the production levels for CRT Products, including policies and practices for increasing, decreasing, and/or shutting down production (for any amount of time greater than 24 hours), and all formulas and factors considered in making such production decisions as well as the names of the individuals with authority to implement or deviate from these policies and practices for setting production levels for CRT Products.

38.    The method(s) used by Your Company to track production capacity for each CRT Product manufacturing facility and each manufacturing line, the method(s) used by Your Company to track inventory levels, link returns and sales, and monitor product margins of CRT Products You purchased, sold or distributed, the method(s) by which Your Company tracked shutdowns at any of Your CRT Products manufacturing facilities.

39.    The typical amount of time and production costs it takes to produce different types of CRT tubes and the typical amount of time after manufacturing of a CRT tube was initiated until manufacturing reached the planned capacity at your manufacturing facilities, and the typical capital costs for building and improving Your CRT manufacturing facilities.

40.    The production costs and typical amount of time needed to switch Your production from one type of CRT to a different type of CRT.

41.     Whether: (a) particular manufacturing facilities specialized in a particular CRT specification or whether multiple CRT specifications are produced at a single plant, and (b) CDTs and CPTs are, or were, produced at the same manufacturing facilities.

42.     The extent to which a CRT made by Your Company can be used in a CRT Finished Product made by another CRT Product manufacturer, including the defendants in this litigation.

43.     The existence and/or function of any department at Your company with responsibility for accounting software and/or electronically stored information.

44.     The use and existence of third-party data sources and other sources of market share data/analyses for CRT Products.

1

## CERTIFICATE OF SERVICE

2      The undersigned counsel hereby certifies that a true and correct copy of the foregoing

3   document was served via email upon the parties and counsel of record on April 15, 2014.

4

5                              */s/ Craig Benson*_____

6                              Kenneth A. Gallo (*pro hac vice*)
                               Joseph J. Simons (*pro hac vice*)
7                              Craig A. Benson (*pro hac vice*)
                               **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
8                              2001 K Street, NW
                               Washington, DC  20006
9                              Telephone: (202) 223-7300
                               Facsimile: (202) 223-7420
10                             kgallo@paulweiss.com
                               jsimons@paulweiss.com
11                             cbenson@paulweiss.com

12                             Stephen E. Taylor (SBN 058452)
                               Jonathan A. Patchen (SBN 237346)
13                             **TAYLOR & COMPANY LAW OFFICES, LLP**
                               One Ferry Building, Suite 355
14                             San Francisco, California 94111
                               Telephone:  (415) 788-8200
15                             Facsimile:  (415) 788-8208
                               Email: staylor@tcolaw.com
16                             Email: jpatchen@tcolaw.com

17                             *Attorneys for Plaintiffs Sharp Electronics*
                               *Corporation and Sharp Electronics Manufacturing*
18                             *Company of America, Inc.*

19
                               ____*/s/  David Burman*____
20                             David J. Burman (pro hac vice)
21                             Cori G. Moore (pro hac vice)
                               Eric J. Weiss (pro hac vice)
22                             Nicholas H. Hesterberg (pro hac vice)
                               Steven D. Merriman (pro hac vice)
23                             Perkins Coie LLP
24                             1201 Third Avenue, Suite 4900
                               Seattle, WA 98101-3099
25                             Telephone: 206.359.8000
                               Facsimile: 206.359.9000
26                             Email: DBurman@perkinscoie.com
                               Email: CGMoore@perkisncoie.com
27                             Email: EWeiss@perkinscoie.com
                               Email: NHesterberg@perkinscoie.com
28                             Email: SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

*Attorneys for Plaintiff Costco Wholesale
Corporation*

*/s/ Philip J. Iovieno*

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and
Attorneys for Plaintiffs Electrograph Systems, Inc.,
Electrograph Technologies, Corp., Office Depot,
Inc., Interbond Corporation of America, P.C.
Richard & Son Long Island Corporation, MARTA
Cooperative of America, Inc., ABC Appliance, Inc.,
Schultze Agency Services LLC on behalf of Tweeter
Opco, LLC and Tweeter Newco, LLC*

1

_/s/ Scott N. Wagner_

2

Robert W. Turken

3

Scott N. Wagner
Bilzin Sumberg Baena Price & Axelrod LLP

4

1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456

5

Tel: 305-374-7580
Fax: 305-374-7593

6

Email: rturken@bilzin.com
Email: swagner@bilzin.com

7

8

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP

9

401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301

10

Telephone: (954) 356-0011
Facsimile: (954) 356-0022

11

Email: ssinger@bsfllp.com

12

William A. Isaacson

13

BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800

14

Washington, D.C. 20015
Telephone: (202) 237-2727

15

Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

16

17

Philip J. Iovieno
Anne M. Nardacci

18

BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor

19

Albany, NY 12207
Telephone: (518) 434-0600

20

Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com

21

Email: anardacci@bsfllp.com

22

23

_Attorneys for Plaintiffs Tech Data Corporation and_
_Tech Data Product Management, Inc._

24

_/s/ David Martinez_

25

Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)

26

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400

27

Los Angeles, CA 90067-3208
Telephone: (310) 552-0130

28

Facsimile: (310) 229-5800

Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*

*/s/ Lee Godfrey*
H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: lgodfrey@sumangodfrey.com
Email: kmarks@susmangodfrey.com
Email: jross@susmangodfrey.com
Email: jcarter@susmangodfrey.com
Email: dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
Email: rblack@susmangodfrey.com
Email: jconnors@susmangodfrey.com

*Attorneys for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

*/s/ Jason Murray*
Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
aheaven@crowell.com

*Attorneys for Target Corp.*

/s/ Richard Arnold
Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*