**EXHIBIT 33**

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▼ UK ▼ CHINA

**Kathy L. Osborn**
Partner
kathy.osborn@FaegreBD.com
Direct +1 317 237 8261

Faegre Baker Daniels LLP
300 North Meridian Street  Suite 2700
Indianapolis  Indiana 46204-1750
Phone +1 317 237 0300
Fax +1 317 237 1000

July 22, 2014

**VIA ELECTRONIC MAIL**

Mr. Craig Benson
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street NW
Washington, DC 20006-1047
(202) 223-7343
cbenson@paulweiss.com

Re:   *In re: CRT Antitrust Litigation*, 3:07-cv-5944-SC MDL No. 1917 (N.D. Cal.).

Dear Mr. Benson:

I write in response to your July 17, 2014 letter regarding the Rule 30(b)(6) deposition of the Thomson SA and your July 16, 2014 letter summarizing our July 15, 2014 conference call to discuss discovery issues including Thomson Consumer's and Thomson SA's responses to the Direct Action Plaintiffs' first and second sets of requests for production.

With respect to your July 16, 2014 letter, generally, with the exception of the last sentence on the first page and one comment about depositions, it accurately memorializes our July 15, 2014 discussions. To clarify, I did not speculate that the universe of responsive documents in France was very small. Instead, I offered hopeful speculation that the difference between the production we have made in this litigation and the production made to the European Commission is not very significant. As we have stated, we are undertaking a comparison of these productions and will not have any definitive information to share with you on that until the analysis is complete. I also am hopeful that the universe of additional, responsive CRT-related documents existing in France is few to none because those existing in France were reviewed to identify documents responsive to the DOJ and European Commission document requests.

For one additional point of clarification, we believe we will be able to make James Hanrahan, Alex Hepburn and Jack Brunk available for deposition before the close of fact discovery on September 5, 2014, but they are former employees and balancing their respective schedules is challenging. We hope to have dates to offer you for them and Jackie Taylor-Boggs soon.

With respect to the question in your July 17, 2014 letter regarding the scope of testimony Thomson SA's Rule 30(b)(6) representative, Ms. Meggan Ehret, may provide at a deposition, Thomson SA states that subject to its objections to the Rule 30(b)(6) deposition notice you have served upon it,

US.54564190.01

Mr. Craig Benson -2- July 22, 2014

and consistent with its obligations under French law and the Federal Rules of Civil Procedure, Ms. Ehret will be prepared to testify about information known or reasonably available to the company provided that the disclosure of this information would not violate Loi 80-538 du 16 juillet 1980 relative à la communication de documents et renseignements d'ordre économique, commercial ou technique à des personnes physiques ou morales étrangères [Law 80-538 of July 16, 1980 relating to the disclosure of documents and information of an economic, commercial or technical nature to foreign natural and legal persons], JOURNAL OFFICIEL DE LA RÉPUBLIQUE FRANÇAISE [J.O.] [OFFICIAL GAZETTE OF FRANCE], July 17, 1980, p. 1799; *see also Cour de cassation*, Criminal Chamber, Dec. 12, 2007, no. 07-83228, *Christopher X*; Loi Informatique et Libertes Act N°78-17 of January 6, 1978 [Law No. 78-17 of 6 January 1978 on data processing, data files and individual liberties]. Under Article 1 bis of this statute, "it is prohibited for any person to request, seek or disclose, in writing, orally or otherwise, economic, commercial, industrial, financial or technical documents or information leading to the constitution of evidence with a view to foreign judicial or administrative proceedings or in connection therewith." As the plain text of the statute makes clear, Thomson SA would violate French law if it were to "disclose" "economic, commercial, industrial, financial or technical documents or information" that is located in France in a Rule 30(b)(6) deposition. And as the March 7, 2008 letter from the French Ministry of Foreign Justice to Thomson SA makes clear, Thomson SA's compliance with this statute is mandatory. Accordingly, if Plaintiffs would like to discover this information, they must proceed through the Hague Convention.

Lastly, and for the sake of clarity, we have been working exceptionally hard to stay on the same trial schedule as the other defendants and do not believe the Ministry of Foreign Justice's directive that Thomson SA's compliance with the Law of July 16, 1980 is mandatory in any way impacts our ability to do so. We have produced a substantial number of documents that were previously located in France, but ended up in the United States and overlap with documents Thomson SA produced to the European Commission. Subject to Thomson SA's objections to the Rule 30(b)(6) deposition notice you have served upon it, Ms. Ehret will be prepared to answer questions regarding these documents and other information located in the United States at Thomson SA's Rule 30(b)(6) deposition. And we have confirmed that Ms. Ehret could be available for the 30(b)(6) depositions on August 14 and 15 (if a 2nd day is needed) or August 20 and 21 (if a 2nd day is needed). Her schedule gets filled quickly, so please let us know as soon as possible what dates you select.

Sincerely,

*Kathy L. Osborn*

Kathy L. Osborn

US.54564190.01