# **E**XHIBIT **50**



FaegreBD.com

**Kathy L. Osborn**
*Partner*
**kathy.osborn@FaegreBD.com**
Direct **+1 317 237 8261**

**Faegre Baker Daniels LLP**
300 North Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

USA ▾ UK ▾ CHINA

August 26, 2014

<u>**VIA E-MAIL**</u>

Mr. Blaise Warren
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington DC,  20006

Re:     <u>In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917</u>

Dear Blaise:

     I write as a follow-up to the call we had Friday to discuss Mr. Benson's August 19, 2014 letter requesting contact information for certain former Technicolor SA employees in France.  I also write to clarify a few statements made by you in your letter to me dated yesterday, August 25, 2014.

     As I stated to you and David Ferster during our call Friday morning, I assume your request for this information is to pursue proceedings under the Hague Convention.  You did not formally confirm that to be the case and I ask you to do so now. As discussed below, that fact is important to our possible legal ability to provide information to you.  While we may formally object to your delay in initiating these procedures and reserve all rights in that regard, we are willing to provide to you information that is within our possession, custody or control and subject to applicable laws to assist with your Hague Convention procedures. However, as I conveyed on our call, we are hampered at this point in our ability to provide the requested information for a couple of reasons that we are working to overcome.

     You are correct that I have been in contact with Martin, Trutt and Charamel (when I was in France) and, as of that last contact, they each individually stated they would not voluntarily sit for a deposition.  Yesterday we learned that Technicolor SA has last known addresses for these former employees, though in all cases the addresses are several years old and we cannot verify their accuracy. In addition, we are trying to determine whether we can revisit the deposition issue with these witnesses and, if necessary, can secure consent from them to share with you their contact information. As a point of clarification, I did not state during our call that I "could" obtain the contact information for Martin, Trutt and Charamel; I merely described the processes we have to follow to attempt to do so.  And as I further mentioned on our call, many in France have been, and will be, on French holiday until the first week of September and we have not been able to connect with all of the appropriate personnel.

Mr. Blaise Warren                              -2-                                  August 26, 2014

     From a legal perspective, it is our understanding that the information you request constitutes "personal information" and is thus subject to the provisions of French Data Protection Act.  *See* Loi n° 78-17 du 6 Janvier 1978 relative à l'informatique, aux fichiers et aux libertés [Act No. 78-17 of 6 January 1978 on Information Technology, Data Files and Civil Liberties] (as modified) (*English translation available at* http://www.cnil.fr/fileadmin/documents/en/Act78-17VA.pdf).  Under that law, transfer of personal data to a non-EU country is only allowed to countries that ensure an "adequate level of protection" in terms of privacy and the fundamental rights of individuals with respect to the processing of their data—and the United States is not listed as such a country.  There are, however, limited exceptions to the transfer prohibition for personal data in the context of United States discovery procedures, if the proper formalities are observed.  While we are still working to understand the exact procedures required, we know that we will at the very least need a signed statement from each person who will receive this information—counsel for the Direct Action Plaintiffs and the Direct Purchaser Plaintiffs—providing that they will only use the information received for purposes of mailing Hague Convention papers to the relevant former employees.  The form of the statement should be as follows:

> I understand that the names, addresses and contact information of former employees of Technicolor SA in France constitute "personal information" subject to the Loi n° 78-17 du 6 Janvier 1978 relative à l'informatique, aux fichiers et aux libertés (as modified). Consistent with the Commission Nationale de l'Information et des Liberté's *Délibération n° 2009-474 du 23 juillet 2009 portant recommandation en matière de transfert de données à caractère personnel dans le cadre de procédures judiciaires américaines dite de « Discovery »*, I am requesting the addresses and contact information of certain former employees of Technicolor SA in the context of United States discovery proceedings pertaining to *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, and solely for purposes of mailing Hague Convention papers to those persons.  I affirm that I will not use the requested information for any other purpose.

     As I further indicated during our call, we are also assessing as quickly as possible whether we would have to secure the consent of the relevant individuals before transmitting the information even if you attest to the above.

     For all of the above complicated reasons, I encouraged you and David to access whatever resources Paul Weiss might have available to it to identify mailing addresses for the relevant individuals.  However, I also indicated that we are making every effort to provide you, as soon as possible, requested information we can legally provide.  To facilitate that effort, please have the appropriate parties execute a document reflecting the above statement so we can produce the information we have been able to obtain as soon as we conclude we are legally cleared to transmit it.

Mr. Blaise Warren -3- August 26, 2014

    I invite you to contact me if you have questions or would like to further discuss these matters. Please also confirm, as I requested you to do in my letter dated August 12, 2014, that you have withdrawn the Martin, Trutt, Charamel and Lissorgues deposition notices you served upon us without prior discussion and in light of the communications we have had regarding the requisite Hague Convention procedures.

                                          Sincerely,

                                          Kathy L. Osborn

US.54742231.02