Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
       rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile:  202-628-5116
Email: jmurphy@crowell.com
       aheaven@crowell.com

*Attorney for Plaintiff ViewSonic Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | |
| This Document Relates to:<br><br>*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 14-cv-02510 | **Case No. 07-5944 SC**<br><br>**MDL No. 1917**<br><br>**Individual Case No. 3:14-cv-02510-SC**<br><br>**DECLARATION OF ASTOR H. L. HEAVEN IN SUPPORT OF PANASONIC DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-5(d) AND 7-11**<br><br>Judge:  Hon. Samuel Conti |

1  I, ASTOR H. L. HEAVEN, do hereby declare and state as follows:

2        1.    I am a member of the bar of the District of Columbia and am admitted to practice before this court *pro hac vice*. I am a counsel with Crowell & Moring LLP, counsel of record for plaintiff ViewSonic Corporation ("ViewSonic"). I make this declaration in support of the Panasonic Defendants' Administrative Motion to File Under Seal Pursuant to Civil Local Rules 79-5(d) and 7-11 (Dkt. No. 2770) ("Motion to Seal"). Except for those matters stated on information and belief, about which I am informed and believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

      2.    ViewSonic has disclosed or produced to parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306) ("Protective Order").

      3.    I have reviewed the Panasonic Defendants' Motion to Dismiss and to Compel Arbitration (the "Motion"), the Declaration of Adam C. Hemlock in Support of the Panasonic Defendants' Motion to Dismiss and Compel Arbitration, and the exhibits submitted thereto, all of which were lodged on August 25, 2014.

      4.    Pursuant to Civil Local Rules 7-11 and 79-5, this Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order of June 18, 2008 (Dkt. No. 306), I make this declaration on behalf of ViewSonic to provide the Court with a basis to maintain under seal the following documents and information designated by ViewSonic as "Confidential" or "Highly Confidential:" (i) Attachment A to the Declaration of Adam C. Hemlock in Support of the Panasonic Defendants' Motion to Dismiss and Compel Arbitration, and (ii) all portions of the Panasonic Defendants' Motion to Dismiss and Compel Arbitration which reference confidential information contained in Attachment A.

      5.    Attachment A to the Hemlock Declaration is a true and correct copy of an OEM Agreement between ViewSonic and Matsushita Electric Industrial Co., Ltd. which was

1 designated "Highly Confidential" under the Protective Order.  The document contains
2 confidential, nonpublic, and highly sensitive business information pertaining to ViewSonic's
3 purchasing practices, negotiation tactics, and business relationship with a vendor.  The document
4 includes the negotiated terms and conditions that governed the relationship.  Public disclosure of
5 this sensitive information risks undermining ViewSonic's business relationships with its various
6 other vendors, harming ViewSonic's customer relationships, and providing ViewSonic's
7 competitors with an unfair strategic advantage.  Public disclosure would place ViewSonic at a
8 competitive disadvantage when negotiating other purchase agreements and when negotiating for
9 the sale of its products to its own customers.

10       6.    The Motion quotes from or describes Attachment A.  I am informed or believe that
11 ViewSonic considers any statements in the Motion purporting to summarize these exhibits to be
12 highly confidential, and that public disclosure of the information would also likely cause harm to
13 ViewSonic with respect to its vendors, competitors and/or customers.  Accordingly, all portions
14 of the Motion that quote from or describe Attachment A should be maintained under seal.

15       7.    ViewSonic has narrowly tailored this sealing request to only those exhibits and
16 references thereto necessary to protect its proprietary and sensitive business information.
17 Accordingly, for the reason stated above, ViewSonic requests that the Court maintain
18 Attachment A, and all portions of the Motion that quote or describe it, under seal.

19     I declare under penalty of perjury of the laws of the United States that the foregoing is
20 true and correct.

21     Executed this 28th day of August, 2014 at Minneapolis, Minnesota.

                                                      */s/ Astor H.L. Heaven*
                                                      Astor H.L. Heaven