Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and*
*Sharp Electronics Manufacturing Company of America, Inc.*

[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC MDL No. 1917 |
| This Document Relates To: | **[PROPOSED] ORDER GRANTING DIRECT ACTION PLAINTIFFS' MOTION TO ISSUE A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO TAKE DEPOSITIONS IN FRANCE** |
| *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,* No. 13-cv-1173; | |
| *Electrograph Systems, Inc. et al. v. Technicolor SA, et al.,* No. 13-cv-05724; | |
| *Siegel v. Technicolor SA, et al.,* No. 13-cv-05261; | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264; | |
| *Target Corp. v. Technicolor SA, et al.,* No. 13-cv-05686; | |
| *Interbond Corporation of America v. Technicolor SA, et al.,* No. 13-cv-05727; | |
| *Office Depot, Inc. v. Technicolor SA, et al.,* No. 13-cv-05726; | |

1
2
*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

3
*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

4
5
*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

6
*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

7
8
*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

9
*Crago, et al. v. Mitsubishi Electric Corp.*, No. 14-cv-2058;

10
11
*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-2510.

12

13   Upon consideration of Direct Action Plaintiffs' Motion, under Civil Local Rule

14   7-11, for an Order to Issue a Letter of Request for International Judicial Assistance to Take

15   Depositions in France pursuant to the Hague Convention of 18 March 1970 on the Taking of

16   Evidence Abroad in Civil or Commercial Matters, it is hereby:

17   ORDERED that the Plaintiffs' Motion is hereby GRANTED; and it is further

18   ORDERED that the Letter of Request, attached to this Order, shall be executed

19   and issued out of this Court under this Court's seal to the Central Authority of France requesting

20   the deposition testimony of Emeric Charamel, Christian Lissorgues, Agnes Martin, and Didier

21   Trutt, as set forth in that Letter of Request and its accompanying Deposition Notices and

22   Subpoenas.

23

24   **IT IS SO ORDERED.**

25

26   Dated: _____

               _____

27                HON. SAMUEL CONTI
             UNITED STATES DISTRICT JUDGE

28

# ATTACHMENT TO [PROPOSED] ORDER GRANTING DIRECT ACTION PLAINTIFFS' MOTION TO ISSUE A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO TAKE DEPOSITIONS IN FRANCE:

## LETTER OF REQUEST TO THE COMPETENT AUTHORITY FOR FRANCE

## AMENDED NOTICES OF DEPOSITION AND DEPOSITION SUBPOENAS FOR:

### EMERIC CHARAMEL
### CHRISTIAN LISSORGUES
### AGNES MARTIN
### DIDIER TRUTT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC<br>MDL No. 1917 |

This Document Relates To:

*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,* No. 13-cv-1173;

*Electrograph Systems, Inc. et al. v. Technicolor SA, et al.,* No. 13-cv-05724;

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Crago, et al. v. Mitsubishi Electric Corp.*, No. 14-cv-2058;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-2510.

**LETTER OF REQUEST TO THE COMPETENT AUTHORITY FOR FRANCE**

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR CRIMINAL MATTERS**

TO:           Ministère de la Justice
              Direction des Affaires Civiles et du Sceau
              Bureau de l'entraide civile et commercial international
              (D3)
              13, Place Vendôme
              75042 Paris Cedex 01

FROM:         The U.S. District Court for the Northern District of California

              The U.S. District Court for the Northern District of California presents its

complements to the French Central Authority, or other office as is appropriate, and requests

international judicial assistance to obtain evidence to be used in a civil action pending before the

Northern District of California entitled *In re Cathode Ray Tube (CRT) Antitrust Litigation*,

Master File No. 3:07-cv-5944 SC, MDL No. 1917 (the "Action").  It has been demonstrated to us

that justice cannot completely be done amongst the parties without the testimony of the witnesses

listed in section nine (9) below, who reside in France within your jurisdiction.  In conformity

with Article 3 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in

Civil or Commercial Matters ("the Hague Convention"), the undersigned applicant has the honor

to submit the following request.

| 1. *Sender* | United States District Court for the Northern District of California<br>San Francisco Division<br>450 Golden Gate Avenue<br>San Francisco, C.A. 94102<br>U.S.A. |
|---|---|
| 2. *Central Authority of the Requested State* | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Bureau de l'entraide civile et commercial international<br>(D3)<br>13, Place Vendôme<br>75042 Paris Cedex 01<br>France |
| 3. *Person to whom the executed request is to be returned* | Craig A. Benson<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>2001 K Street, N.W.<br>Washington, D.C. 20006<br>U.S.A. |

-2-

LETTER OF REQUEST TO THE COMPETENT AUTHORITY FOR FRANCE FOR INTERNATIONAL JUDICIAL ASSISTANCE
MASTER FILE NO. 3:07-CV-5944 SC, MDL NO. 1917

| 4.   *Reason for urgency* | The urgency in seeking the testimony of former Thomson SA employees Emeric Charamel, Christian Lissorgues, Agnes Martin, and Didier Trutt, is due to the upcoming trial date of March 9, 2015, pursuant to the Court's scheduling order. Emeric Charamel was the General Manager for Thomson SA's European Sales and then the General Manager for Europe Sales & Marketing at Videocon.  Christian Lissorgues was Vice President for Marketing and Sales at Thomson SA.  Agnes Martin was Thomson SA's Marketing Communications Manager.  Didier Trutt was Senior Executive Vice President of Thomson SA and also held a seat on Videocon's Executive Board.  The European Commission fined Thomson SA's successor corporation, Technicolor SA, € 38,631,000 for its role in a global CPT conspiracy between March 1999 and September 2005.  As stated in the European Commission's summary of its decision, there were multilateral and bilateral meetings among CPT competitors in Europe relating to this cartel; these meetings involved the exchange of competitively sensitive, non-public information as well as collusive activities involving price and potentially market share and output; and, these meetings began to occur in a more organized fashion in Europe sometime around 1999.  *See* Summary of Commission Decision of 5 December 2012 relating to a proceeding under Article 101 on the Treaty of the Functioning of the European Union and Article 53 of the EEA Agreement (Case Comp./39.437 – TV and computer monitor tubes), *available at* http://eur-lex.europa.eu/LexUriServ/LexUriServ.do?uri=OJ:C:2013:303:0013:0016:EN:PDF. <br><br>Testimony from these four former Thomson SA employees concerning documents evidencing conspiracy-related communications and/or meetings between Thomson SA and other CRT manufacturers bear directly on Thomson SA's liability for the antitrust harm to Plaintiffs caused by the conspiracy.  Additionally, testimony concerning Thomson SA's relationship with Thomson Consumer will be important in demonstrating Thomson SA's contacts with the United States and its control over the finances, policies, and/or affairs of Thomson Consumer, which is particularly important in light of the fact that Thomson has produced relatively little evidence compared to other defendants.  Plaintiffs also seek to obtain and review the testimony of these former Thomson SA employees in a sufficiently expedited fashion to determine if any follow-up depositions of other witnesses need be |

| | |
|---|---|
| | taken, and still have the time to notice and take any such depositions. |
| 5.   a.   *Requesting judicial authority* | United States District Court for the Northern District of California<br>San Francisco Division<br>450 Golden Gate Avenue<br>San Francisco, C.A. 94102<br>U.S.A. |
|       b.   *To the competent authority* | France |
|       c.   *Names of the case and any identifying number* | In re Cathode Ray Tube (CRT) Antitrust Litigation, Case No. 3:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.) |
| 6.   *Names and addresses of the parties and their representatives:*<br><br>      a.   *Plaintiffs' Representatives* | **<u>Counsel for Sharp Plaintiffs</u>**<br>Kenneth A. Gallo<br>Joseph J. Simons<br>Craig A. Benson<br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>2001 K Street, NW<br>Washington, DC 20006<br>Telephone: (202) 223-7300<br><br>Stephen E. Taylor<br>Jonathan A. Patchen<br>**TAYLOR & COMPANY LAW OFFICES, LLP**<br>One Ferry Building, Suite 355<br>San Francisco, CA 94111<br>Telephone:  (415) 788-8200<br><br>**<u>Counsel for Costco Plaintiffs</u>**<br>David J. Burman<br>Cori G. Moore<br>Eric J. Weiss<br>Nicholas H. Hesterberg<br>Steven D. Merriman<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: (206) 359-8000<br><br>Joren Bass<br>**Perkins Coie LLP**<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111-4131<br>Telephone: (415) 344-7120<br><br>**<u>Liaison Counsel for Direct Action Plaintiffs and Counsel for Electrograph, Office Depot, Interbond, P.C. Richard & Son, MARTA, ABC</u>** |

- 4 -

**Appliance, Schultze Agency Services, and Tech Data Plaintiffs**
William A. Isaacson
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Ave. NW, Suite 800
Washington, DC 20015
Telephone: (202) 237-2727

Stuart Singer
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011

Philip J. Iovieno
Anne M. Nardacci
**BOIES, SCHILLER & FLEXNER LLP**
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600

**Counsel for Tech Data Plaintiffs**
Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
**Bilzin Sumberg Baena Price & Axelrod LLP**
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: (305) 374-7580

**Counsel for Best Buy Plaintiffs**
Roman M. Silberfeld
David Martinez
Jill Casselman
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone: (612) 349-8500

**Counsel for Circuit City Plaintiffs**
H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson

- 5 -

**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366

Parker C. Folse III
Rachel S. Black
Jordan Connors
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

**Counsel for Target Plaintiffs**
Jason C. Murray (CA Bar No. 169806)
**CROWELL & MORING LLP**
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: (213) 443-5582

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500

**Counsel for Viewsonic Corporation**
Jason C. Murray (CA Bar No. 169806)
**CROWELL & MORING LLP**
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: (213) 443-5582

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500

**Counsel for Sears, Roebuck and Kmart Plaintiffs**
Richard Alan Arnold
William J. Blechman
Kevin J. Murray
**KENNY NACHWALTER, P.A.**
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000

b.   *Defendant's Representatives*

**Counsel for Defendant Thomson SA**
Kathy L. Osborn
Ryan M. Hurley

| | | |
|---|---|---|
| | | Faegre Baker Daniels LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: (317) 237-0300<br><br>Jeffrey S. Roberts<br>Faegre Baker Daniels LLP<br>3200 Wells Fargo Center<br>1700 Lincoln Street<br>Denver, CO 80203<br>Telephone: (303) 607-3500<br><br>Stephen M. Judge<br>Faegre Baker Daniels LLP<br>202 S. Michigan Street, Suite 1400<br>South Bend, IN 46601<br>Telephone: (574) 234-4149<br>Calvin L. Litsey<br>Faegre Baker Daniels LLP<br>1950 University Avenue, Suite 450<br>East Palo Alto, CA 94303-2279<br>Telephone: (650) 324-6700 |
| | c.  *Defendant* | **Defendant Thomson SA (n/k/a Technicolor SA)**<br>1-5 Rue Jeanne d'Arc<br>92130 Issy-les-Moulineaux<br>France |
| 7.  a.  *Nature of the proceedings* | | This is a case in the United States District Court for the Northern District of California based on complaints filed in separate actions by the following Plaintiffs:  Electrograph Systems, Inc.; Electrograph Technologies, Corp.; Alfred H. Siegel (as trustee of the Circuit City Stores, Inc. Liquidating Trust); Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; Magnolia Hi-Fi, Inc.; Interbond Corporation of America; Office Depot, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation; ABC Appliance, Inc.; MARTA Cooperative of America, Inc.; Schultze Agency Services, LLC (on behalf of Tweeter Opco, LLC, and Tweeter Newco, LLC); Sears Roebuck and Co. and Kmart Corp.; Target Corp.; Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc., (collectively, "Sharp"); Tech Data Corporation and Tech Data Product Management, Inc. (collectively, "Tech Data"); Crago, d/b/a Dash Computers, Inc.; Arch Electronics, Inc.; Meijer, Inc.; Meijer Distribution, Inc.; Nathan Muchnick, Inc.; Princeton Display Technologies, Inc.; Radio & TV Equipment, Inc.; Studio Spectrum, Inc.; Wettstein & Sons, Inc., d/b/a Wettstein's; and Viewsonic Corporation. Each of these complaints asserts claims for |

- 7 -

damages and injunctive relief under the antitrust laws of the United States and under the antitrust and fair competition laws of California and New York.

b.  *Summary of complaint*

Plaintiffs brought these actions for damages and injunctive relief under the antitrust laws of the United States to recover on account of the antitrust injuries they suffered as a result of a long-running conspiracy by suppliers of cathode ray tubes ("CRTs") to coordinate and fix the prices of CRTs and exchange detailed competitive information. The complaints allege that Thomson SA, other defendants, and co-conspirators formed an international cartel that conducted a long-running conspiracy extending at a minimum from March 1, 1995, through at least December 2007.  The purpose and effect of this conspiracy was to fix, raise, stabilize, and maintain prices for CRTs. Plaintiffs allege that Thomson SA participated in this conspiracy with at least the following companies: Hitachi, LG Electronics, LG Philips Displays, Panasonic, MTPD, BMCC, Samsung SDI, Toshiba, Philips, Orion, Videocon, and Mitsubishi.  Plaintiffs' allegations are closely similar to those that appear in the European Commission decision imposing €1,470,515,000 in penalties against the following aforementioned defendants:  LG Electronics, Philips, Samsung SDI, Panasonic, Toshiba, MTPD, and Technicolor (formerly Thomson).  *See* Press Release, Commission fines producers of TV and computer monitor tubes €1.47 billion for two decade-long cartels (Dec. 5, 2012), available at http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

c.  *Other necessary information*

On March 15, 2013, Sharp filed a complaint naming Thomson SA as a Defendant, and on April 2, 2014, a Second Amended Complaint also naming Thomson SA as a Defendant.  The other aforementioned Plaintiffs have also filed complaints or amended complaints, which are now pending in this multidistrict litigation.  The parties have also agreed to a joint stipulation whereby fact discovery shall be completed by September 5, 2014.

On August 8, 2014, Direct Action Plaintiffs served notices of deposition, pursuant to Federal Rule of Civil Procedure 30, of the following former Thomson SA employees who reside in France: Emeric Charamel, Christian Lissorgues, Agnes Martin and Didier Trutt.  As further explained in Section 8, below, these individuals have been identified by Plaintiffs as having specific

| | |
|---|---|
| | knowledge relevant to this case.

Thomson SA objected to the aforementioned deposition notices on grounds that it intends to represent Mr. Charamel, Ms. Martin, and Mr. Trutt. *See* Letter from K. Osborn to C. Benson and G. Saveri re: *In re: CRT Antitrust Litigation*, 3:07-cv-5944-SC MDL No. 1917 (N.D. Cal.) (dated August 12, 2014).  Further, Thomson SA stated that "any depositions of these individuals must follow Hague Convention procedures."  *See id.* |
| 8.  a.   *Evidence to be obtained or other judicial act to be performed* | It is respectfully requested that a judicial authority of France compel the third parties listed in Section 9, below, to make themselves available to answer deposition questions concerning the facts of the case.  All four individuals have been identified by Plaintiffs as having specific knowledge relevant to this case.  Documents produced by Thomson Consumer, which were included in Thomson's submission to the U.S. Department of Justice in connection with the CRT investigation, reflect that each of the four individuals was involved in meetings and communications associated with the CRT conspiracy.  Emeric Charamel was the General Manager for Thomson SA's European Sales and then the General Manager for Europe Sales & Marketing at Videocon.  Christian Lissorgues was Vice President for Marketing and Sales at Thomson SA.  Agnes Martin was Thomson SA's Marketing Communications Manager.  Didier Trutt was Senior Executive Vice President of Thomson SA and also held a seat on Videocon's Executive Board. |
| b.   *Purpose of the evidence or judicial act sought* | Testimony from these witnesses will provide important information in support of DAPs' claims.  The European Commission fined Thomson SA's successor corporation, Technicolor SA, € 38,631,000 for its role in a global CPT conspiracy between March 1999 and September 2005.  As stated in the European Commission's summary of its decision, there were multilateral and bilateral meetings among CPT competitors in Europe relating to this cartel; these meetings involved the exchange of competitively sensitive, non-public information as well as collusive activities involving price and potentially market share and output; and, these meetings began to occur in a more organized fashion in Europe sometime around 1999.  *See* Summary of Commission Decision of 5 December 2012 relating to a proceeding under Article 101 on the Treaty of the Functioning of the European Union and Article 53 of the EEA Agreement (Case Comp./39.437 – TV and computer monitor tubes), *available at* http://eur- |

- 9 -

| | |
|---|---|
| | lex.europa.eu/LexUriServ/LexUriServ.do?uri=OJ:C :2013:303:0013:0016:EN:PDF.<br><br>Testimony from these four former employees concerning documents evidencing conspiracy-related communications and/or meetings between Thomson SA and other CRT manufacturers bear directly on Thomson SA's liability for the antitrust harm to Plaintiffs caused by the conspiracy. Additionally, testimony concerning Thomson SA's relationship with Thomson Consumer will be important in demonstrating Thomson SA's contacts with the United States and its control over the finances, policies, and/or affairs of Thomson Consumer, which is particularly important in light of the fact that Thomson has produced relatively little evidence compared to other defendants. |
| 9.  *Identity and address of any person to be examined* | **Mr. Emeric Charamel**<br>**Address 1**   c/o Royal Sovereign<br>Les Perrots 71220<br>Saint-Martin-de-Salencey<br>France<br><br>**Address 2**   11 rue Lacepède<br>75005 Paris, France<br><br>**Tel.**          00 33 (0)970 460 666<br><br>**Mr. Christian Lissorgues**<br>**Address 1**   11 Boulevard Montmartre<br>75002 Paris, France<br><br>**Address 2**   Route de Villefranche<br>Chateau D'Artix<br>Cahors, 46000<br>France<br><br>**Ms. Agnes Martin**<br>**Address**      c/o Imprimerie Nationale<br>104 avenue du Président Kennedy<br>75016 Paris, France<br><br>**Tel.**          00 33 (0) 1 40 58 30 00<br><br>**Mr. Didier Trutt**<br>**Address 1**   c/o Imprimerie Nationale<br>58 Boulevard Gouvion St Cyr<br>75858 Paris, France<br><br>**Address 2**   85 Boulevard Saint-Michel<br>75005 Paris, France |
| 10. *Any requirement that the evidence be given on an oath or affirmation and any specific form to be used* | It is respectfully requested that an examiner or other appropriate judicial officer of France direct that the witnesses be duly sworn in accordance with |

| | |
|---|---|
| | the applicable procedures in France, and that the testimony be taken and transcribed by a qualified court reporter and videographer chosen by Plaintiffs' representatives.  Plaintiffs reserve the right to use the videotape deposition at the time of trial.<br><br>In the alternative, the witnesses should be informed of the consequences for giving untruthful answers under French law.<br><br>It is further requested that the transcription of the depositions be in the English language if allowable under the local law. |
| 11. *Special methods or procedure to be followed* | With regard to the depositions, it is requested that: (a) the examination be conducted orally; (b) designees of the parties' representatives, interpreters, and a stenographer be permitted to be present during the examination; (c) all persons other than the judicial officer conducting the examination, the attorneys for the parties, the stenographer, interpreters, and other officials of the French court normally present during such proceedings be excluded from the examination if such exclusion is permitted under French law; (d) a stenographer be permitted to record the examination verbatim; (e) the stenographer be permitted to record the examinations by audiovisual means; (f) designees of the parties' representatives be permitted to ask questions of the witness as soon as possible; and (g) the deposition continue from day to day (including weekends) until recessed or completed.<br><br>Plaintiffs shall apportion the time to examine each witness in accordance with any agreements among themselves or otherwise as they may be directed to do so by the court or by the authorities in France. Defendants may wish to conduct cross-examination in accordance with the discovery protocol of the court or as otherwise determined by the relevant authorities in France. |
| 12. *Request for notification of the time and place for execution of the Request and identity and address of any person to be notified* | Please notify the attorneys representing the aforementioned Plaintiffs and Defendant Thomson SA as identified in paragraphs 6(a) and (b) above, of the date, time, and place of execution of the request. |
| 13. *The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by* | Plaintiffs express a willingness to reimburse the judicial authorities of the Republic of France for costs incurred in executing the requesting court's letter of request. |

- 11 -

1  *Date of request:*  _____

2  *Signature and seal of the*
   *requesting authority:*

3  _____

4  United States District Judge
   United States District Court for the Northern District of
   California

5  San Francisco Division
   450 Golden Gate Avenue

6  San Francisco, CA 94102
   U.S.A.

7
   I hereby certify that the signature above is that of the

8
   Honorable _____,

9
   United States District Judge of the United States District Court for the Northern District of

10 California

11
   _____

12 Clerk of the Court

13
   By:    _____

14
   Deputy Clerk:

15 Seal:

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT: AMENDED DEPOSITION NOTICE AND SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION FOR:**

**<u>EMERIC CHARAMEL</u>**

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation
and Sharp Electronics Manufacturing Company of
America, Inc.*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 07-cv-05944 SC<br><br>MDL No. 1917<br><br>**AMENDED DEPOSITION NOTICE OF EMERIC CHARAMEL** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rules 28, 30 and 45 of the Federal Rules of Civil Procedure, the Direct Action Plaintiffs and the Direct Purchaser Plaintiffs (collectively "Plaintiffs") will take the deposition of **EMERIC CHARAMEL**.  The deposition will occur at a date and time and location to be determined upon consultation with counsel for Thomson SA.  The deposition shall continue from day to day (including weekends) until recessed or completed.

The deposition will be taken before a notary public or other person authorized to administer oaths under applicable law, and will be conducted pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure.  Plaintiffs intend and reserve the right to record the deposition testimony of the above-identified deponent by videotape and instant visual display, in addition to recording the testimony stenographically and by LiveNote/realtime.  Plaintiffs reserve the right to use the videotape deposition at time of trial.

Dated:  August 28, 2014                    Respectfully Submitted,

*/s/ Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Travis L. Manfredi (281779)

AMENDED DEPOSITION NOTICE OF EMERIC CHARAMEL
Case No. 07-cv-05944 SC; MDL No. 1917

SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: 415.217.6810
Fax: 415.217.6813

*Interim Lead Counsel for the Direct Purchaser
Plaintiffs*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
piovieno@bsfllp.com
anardacci@bsfllp.com
*Liaison Counsel for the Direct Action Plaintiffs*

## E-FILING ATTESTATION

I, Craig A. Benson, am the ECF user whose ID and password are being used to file the Amended Deposition Notice of Emeric Charamel.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing.

Dated: August 28, 2014                    */s/ Craig A. Benson*
                                        Craig A. Benson

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| SHARP ELECTRONICS CORP., et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| HITACHI LTD., et al. | ) |
| *Defendant* | ) |

Civil Action No.   07-cv-05944-SC, MDL No. 1917

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  EMERIC CHARAMEL

*(Name of person to whom this subpoena is directed)*

 **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | PLACE, DATE, AND TIME TO BE DETERMINED UPON CONSULTATION WITH COUNSEL. | Courtroom No.: |
|---|---|---|
| | | Date and Time: |

 You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:  THIS IS A SUBPOENA FOR ORAL EXAMINATION ONLY.

 The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  SHARP ELECTRONICS CORPORATION, ET AL. , who issues or requests this subpoena, are:

CRAIG A. BENSON, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, 2001 K STREET NW, WASHINGTON, DC 20006-1047; CBENSON@PAULWEISS.COM; 202-223-7300

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.   07-cv-05944-SC, MDL No. 1917

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT: AMENDED DEPOSITION NOTICE AND SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION FOR:

## CHRISTIAN LISSORGUES

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation
and Sharp Electronics Manufacturing Company of
America, Inc.*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 07-cv-05944 SC<br><br>MDL No. 1917<br><br>**AMENDED DEPOSITION NOTICE OF CHRISTIAN LISSORGUES** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rules 28, 30 and 45 of the Federal Rules of Civil Procedure, the Direct Action Plaintiffs and the Direct Purchaser Plaintiffs (collectively "Plaintiffs") will take the deposition of **CHRISTIAN LISSORGUES**.  The deposition will occur at a date and time and location to be determined upon consultation with counsel for Thomson SA.  The deposition shall continue from day to day (including weekends) until recessed or completed.

The deposition will be taken before a notary public or other person authorized to administer oaths under applicable law, and will be conducted pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure.  Plaintiffs intend and reserve the right to record the deposition testimony of the above-identified deponent by videotape and instant visual display, in addition to recording the testimony stenographically and by LiveNote/realtime.  Plaintiffs reserve the right to use the videotape deposition at time of trial.

Dated:  August 28, 2014

Respectfully Submitted,

*/s/ Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Travis L. Manfredi (281779)

- 2 -

SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: 415.217.6810
Fax: 415.217.6813

*Interim Lead Counsel for the Direct Purchaser
Plaintiffs*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
piovieno@bsfllp.com
anardacci@bsfllp.com
*Liaison Counsel for the Direct Action Plaintiffs*

## **E-FILING ATTESTATION**

I, Craig A. Benson, am the ECF user whose ID and password are being used to file the Amended Deposition Notice of Christian Lissorgues.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing.

Dated: August 28, 2014                    */s/ Craig A. Benson*
                                                  Craig A. Benson

- 3 -

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| SHARP ELECTRONICS CORP., et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   07-cv-05944-SC, MDL No. 1917 |
| HITACHI LTD., et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  CHRISTIAN LISSORGUES

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | PLACE, DATE, AND TIME TO BE DETERMINED UPON CONSULTATION WITH COUNSEL. | Courtroom No.: |
|---|---|---|
| | | Date and Time: |

    You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:  THIS IS A SUBPOENA FOR ORAL EXAMINATION ONLY.

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

       *CLERK OF COURT*

                                OR

_____      _____
   *Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  SHARP ELECTRONICS CORPORATION, ET AL. , who issues or requests this subpoena, are:

CRAIG A. BENSON, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, 2001 K STREET NW, WASHINGTON, DC 20006-1047; CBENSON@PAULWEISS.COM; 202-223-7300

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.   07-cv-05944-SC, MDL No. 1917

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT: AMENDED DEPOSITION NOTICE AND SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION FOR:

## AGNES MARTIN

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation
and Sharp Electronics Manufacturing Company of
America, Inc.*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 07-cv-05944 SC<br><br>MDL No. 1917<br><br>**AMENDED DEPOSITION NOTICE OF AGNES MARTIN** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rules 28, 30 and 45 of the Federal Rules of Civil Procedure, the Direct Action Plaintiffs and the Direct Purchaser Plaintiffs (collectively "Plaintiffs") will take the deposition of **AGNES MARTIN**.  The deposition will occur at a date and time and location to be determined upon consultation with counsel for Thomson SA.  The deposition shall continue from day to day (including weekends) until recessed or completed.

The deposition will be taken before a notary public or other person authorized to administer oaths under applicable law, and will be conducted pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure.  Plaintiffs intend and reserve the right to record the deposition testimony of the above-identified deponent by videotape and instant visual display, in addition to recording the testimony stenographically and by LiveNote/realtime.  Plaintiffs reserve the right to use the videotape deposition at time of trial.

Dated:  August 28, 2014                    Respectfully Submitted,

*/s/ Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Travis L. Manfredi (281779)

- 2 -

SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: 415.217.6810
Fax: 415.217.6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
piovieno@bsfllp.com
anardacci@bsfllp.com
*Liaison Counsel for the Direct Action Plaintiffs*

## **E-FILING ATTESTATION**

I, Craig A. Benson, am the ECF user whose ID and password are being used to file the Amended Deposition Notice of Agnes Martin.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing.

Dated: August 28, 2014                    */s/ Craig A. Benson*
                                                      Craig A. Benson

AMENDED DEPOSITION NOTICE OF AGNES MARTIN
Case No. 07-cv-05944 SC; MDL No. 1917

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| SHARP ELECTRONICS CORP., et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   07-cv-05944-SC, MDL No. 1917 |
| HITACHI LTD., et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  AGNES MARTIN

*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | PLACE, DATE, AND TIME TO BE DETERMINED UPON CONSULTATION WITH COUNSEL. | Courtroom No.: |
|---|---|---|
| | | Date and Time: |

   You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:   THIS IS A SUBPOENA FOR ORAL EXAMINATION ONLY.

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

         *CLERK OF COURT*

                                                    OR

   _____              _____
   *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  SHARP ELECTRONICS CORPORATION, ET AL. , who issues or requests this subpoena, are:

CRAIG A. BENSON, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, 2001 K STREET NW, WASHINGTON, DC 20006-1047; CBENSON@PAULWEISS.COM; 202-223-7300

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.  07-cv-05944-SC, MDL No. 1917

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT: AMENDED DEPOSITION NOTICE AND SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION FOR:

## DIDIER TRUTT

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation
and Sharp Electronics Manufacturing Company of
America, Inc.*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 07-cv-05944 SC<br><br>MDL No. 1917<br><br>**AMENDED DEPOSITION NOTICE OF DIDIER TRUTT** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rules 28, 30 and 45 of the Federal Rules of Civil Procedure, the Direct Action Plaintiffs and the Direct Purchaser Plaintiffs (collectively "Plaintiffs") will take the deposition of **DIDIER TRUTT**.  The deposition will occur at a date and time and location to be determined upon consultation with counsel for Thomson SA.  The deposition shall continue from day to day (including weekends) until recessed or completed.

The deposition will be taken before a notary public or other person authorized to administer oaths under applicable law, and will be conducted pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure.  Plaintiffs intend and reserve the right to record the deposition testimony of the above-identified deponent by videotape and instant visual display, in addition to recording the testimony stenographically and by LiveNote/realtime.  Plaintiffs reserve the right to use the videotape deposition at time of trial.

Dated:  August 28, 2014                        Respectfully Submitted,

*/s/ Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Travis L. Manfredi (281779)

- 2 -

SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: 415.217.6810
Fax: 415.217.6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
piovieno@bsfllp.com
anardacci@bsfllp.com
*Liaison Counsel for the Direct Action Plaintiffs*

## E-FILING ATTESTATION

I, Craig A. Benson, am the ECF user whose ID and password are being used to file the Amended Deposition Notice of Didier Trutt.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing.

Dated: August 28, 2014                    */s/ Craig A. Benson*
                                          Craig A. Benson

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| SHARP ELECTRONICS CORP., et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| HITACHI LTD., et al. | ) |
| *Defendant* | ) |

Civil Action No.   07-cv-05944-SC, MDL No. 1917

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   DIDIER TRUTT

*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: PLACE, DATE, AND TIME TO BE DETERMINED UPON CONSULTATION WITH COUNSEL. | Courtroom No.: |
|---|---|
| | Date and Time: |

   You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:   THIS IS A SUBPOENA FOR ORAL EXAMINATION ONLY.

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   SHARP
ELECTRONICS CORPORATION, ET AL. , who issues or requests this subpoena, are:

CRAIG A. BENSON, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, 2001 K STREET NW, WASHINGTON, DC 20006-1047; CBENSON@PAULWEISS.COM; 202-223-7300

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.   07-cv-05944-SC, MDL No. 1917

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).