Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

*Attorneys for Defendants Thomson Consumer, Inc. and Thomson SA*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726; | **THOMSON DEFENDANTS' OPPOSITION TO DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO EXTEND THE DISCOVERY DEADLINE AGAINST THE THOMSON DEFENDANTS**<br><br>Judge: Hon. Samuel Conti |

1  *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;
2  
3  *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*,
4  No. 31:cv-05725;
5  *Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA,
6  Ltd., et al.*, No. 13-cv-05668;
7  
   *Sears, Roebuck and Co. and Kmart Corp. v.
8  Technicolor SA*, No. 3:13-cv-05262;
9  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686
10  
11  *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157
12  
    *Dell Inc. v. Hitachi Ltd.*,
13  No. 13-cv-02171;
14  *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al.*, No. 13-cv-01173
15  
    *ViewSonic Corporation v. Chunghwa Corp.,
16  et al.*, No. 14-cv-02510
17
18
19
20
21
22
23
24
25
26
27
28

THOMSON DEFENDANTS' OPPOSITION TO
DAPS' ADMINISTRATIVE MOTION TO EXTEND
DISCOVERY DEADLINE

No. 07-5944-SC; MDL No. 1917

1   The DAPs seek to extend the discovery deadline to utilize Hague Convention ("Hague") procedures to obtain testimony from four former Thomson SA employees in France – Emeric Charamel, Christian Lissorgues, Didier Trutt, and Agnes Martin. (Mot. at 2, n. 4.) The DAPs fail to mention, however, that they have long known, in nearly all cases for more than a year, of the potential relevance of these individuals' testimony. Solely because of their own lack of diligence, DAPs waited until one week before the September 5, 2014 discovery deadline to first initiate Hague procedures. Good cause does not exist to extend the discovery deadline and thereby jeopardize the March 9, 2015 trial date. The DAPs' Motion should be denied.

## FACTUAL BACKGROUND

Based on discovery produced by other defendants in this action, the DAPs have long been aware of Charamel, Lissorgues, Trutt, and Martin.[1] On October 17, 2011 Samsung SDI filed supplemental responses to the Direct Purchaser Plaintiffs' ("DPPs") First Set of Interrogatories which identified ████████████████████████████████████████████████████████████████████████████████████████████████ (*See* Ex. A at 31-33, 45-46, 52, 53, 56, 58, 60-65.) A year and a half later, in March 2013 Sharp filed its complaint and the other DAPs moved to amend their complaints to add claims against the Thomson Defendants ("Thomson"). On August 7, 2013, after Thomson SA moved to dismiss Sharp's claims for lack of personal jurisdiction, Sharp filed its opposition brief and attached over 300 pages of exhibits, including Samsung SDI's October 17, 2011 Interrogatory Responses, and numerous other documents previously produced by other defendants that specifically identify ████████████████████████████████ (*See e.g.* Dkt. 1835, Exs. B, C, E, F, H, L.) As such, it is undisputed that the DAPs knew of the potential relevance of these individuals no later than August 2013. *Id.*

After the Court dismissed Sharp's original complaint for failure to state a claim, on October 28, 2013, Sharp filed its First Amended Complaint ("FAC"). Sharp's FAC included

---

[1] Thomson disputes the relevance of Thomson's activities in Europe, as they are unrelated to the DAPs' claims brought in the United States.

THOMSON DEFENDANTS' OPPOSITION TO
DAPS' ADMINISTRATIVE MOTION TO EXTEND
DISCOVERY DEADLINE

No. 07-5944-SC; MDL No. 1917

1   allegations that specifically identified ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
2   ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
3   ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (*See* Sharp's FAC, [Dkt. 2030] at ¶¶ 196,
4   198.)[2] ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
5   ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
6   ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
7   ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (*See e.g.*, Sharp's Resp. to Interrog.
8   8 of Thomson Defendants' First Set of Interrog. attached as Ex. B.)

9   On March 13, 2014, the Court denied Thomson's motions to dismiss the DAPs'
10  complaints. On April 11, 2014, Sharp sent a letter to Thomson stating that based on information
11  "[DAPs] obtained from other defendants during the discovery process," the DAPs wanted to
12  notice the deposition of, *inter alia*, Charamel and Lissorgues. *See* Ex. C. *Id*. On April 18, 2014,
13  counsel for Thomson responded with an email informing Sharp that both Charamel and
14  Lissorgues were former employees of Thomson SA. *See* Ex. E. Accordingly, in April 2014, the
15  DAPs knew or should have known Thomson SA could not force these former employees to travel
16  to the United States to sit for a deposition, and thus the DAPs would need to move for letters
17  rogatory if they wanted to depose them.

18  On April 29, 2014, Thomson and the DAPs entered into a stipulation that set the same
19  discovery, dispositive motion, and trial preparation deadlines as contained in the March 21, 2014
20  Scheduling Order applicable to the other defendants. [Dkt. 2554.]  The parties stipulated that
21  discovery would be completed on September 5, 2014, the deadline to file dispositive motions
22  would be November 7, 2014, and trial would commence on March 9, 2015. *Id*. Thomson also
23  stipulated that it would make its "best efforts to make documents and witnesses available, *in
24  compliance with the law in the jurisdiction where those documents and witnesses are located*,
25  and, if legally possible, without resort" to the Hague. *Id.* (emphasis added).

---

[2] In November and December 2013, each of the DAPs who have joined the instant administrative motion also filed complaints against Thomson that contained virtually identical allegations. (*See e.g.* Electrograph's FAC [Dkt. 2279] at ¶152.)

THOMSON DEFENDANTS' OPPOSITION TO                                    No. 07-5944-SC; MDL No. 1917
DAPS' ADMINISTRATIVE MOTION TO EXTEND
DISCOVERY DEADLINE

As the text of the stipulation makes plain, Thomson never agreed to forego requiring the DAPs to utilize Hague procedures to obtain documents and witnesses "if the law in the jurisdiction where those documents and witnesses are located" required the use of such procedures. Indeed, it would have been legally improper for Thomson SA to agree to waive Hague procedures where applicable, because if it had, Thomson SA would have been agreeing to violate French law. Moreover, nothing in the stipulation suggests, nor have the DAPs argued, that Thomson SA had either the legal authority or practical ability to force its former employees to participate in depositions in the United States.

On May 14, 2014, Thomson SA served responses and objections to the DAPs' document requests that stated Thomson SA would not produce documents in response to the requests outside of Hague procedures if doing so would "violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France." *See* Ex. F. On June 4, counsel for Thomson met and conferred with counsel for Sharp regarding these responses, during which Thomson SA confirmed once again that in accordance with French law, it could not produce documents located in France "unless requests are made under the Hague Convention." *See* Ex. G, at 1. Thomson SA also stated: (1) "plaintiffs would be required to go through Hague procedures to acquire" the deposition of Charamel and (2) it had been unable to locate Lissorgues and had no contact information for him. *Id*. at 3. Thus, it is undisputed that the DAPs have known since at least June 4 that they would need to utilize Hague procedures to obtain testimony from Charamel and Lissorgues. Although the DAPs last year that Trutt and Martin participated in conspiratorial conduct, the DAPs first indicated they wanted to depose Martin and Trutt on August 8, only one month before the close of discovery. *See* Ex. D.

**LEGAL STANDARDS**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* However, "carelessness is not compatible with

a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is on the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.*

## ARGUMENT

**A.    DAPs Have Not Shown Good Cause To Extend the Discovery Deadline to Obtain Testimony of Foreign Witnesses under the Hague Convention.**

The DAPs have long known that Charamel, Lissorgues, Trutt, and Martin might possess testimony relevant to their claims. Nonetheless, the DAPs waited until approximately one week before the September 5, 2014 discovery deadline to file a motion seeking letters rogatory to depose these foreign witnesses. There is no excuse for the DAPs' lack of diligence and their dilatory conduct does not constitute good cause for modifying the scheduling order. The DAPs had ample opportunity to initiate Hague procedures several months before the September 5, 2014 deadline, but simply elected not to do so. The DAPs' assertion that they only learned of these witnesses after they reviewed Thomson's documents is flatly contradicted by the discovery record and the DAPs' own filings and letters. *See* Exs. A, B, C, D, F. Given the DAPs' lack of diligence, the Court should not extend the discovery deadline. *See Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir. 1992) ("A party who fails to pursue discovery in the face of a court ordered cut-off cannot plead prejudice from his own inaction.").

Moreover, the Court has consistently stated that "maintaining the March 9, 2015 trial date is important to resolving these cases." [Dkt. #2711]. The additional, belated discovery sought by DAPs will jeopardize the March 9, 2015 trial date. If efforts to utilize Hague procedures to obtain testimony from other former employees of defendants in this case are any guide, it will take at least several months to secure the testimony of former Thomson SA employees. For example, since at least January 2014, the Plaintiffs have been attempting to obtain the testimony in the Netherlands of former Philips and LPD employee Leo Mink, but still have not succeeded in doing so. *See* Ex. G. ViewSonic's assertion that because the close of discovery for its case is November 7, 2014, the relief requested by the DAPs "will not materially extend the actual time"

THOMSON DEFENDANTS' OPPOSITION TO
DAPS' ADMINISTRATIVE MOTION TO EXTEND
DISCOVERY DEADLINE

No. 07-5944-SC; MDL No. 1917

1  [Dkt. 2778] for discovery from Thomson misses the mark, because rather than seeking to extend discovery until November 7, 2014, the DAPs seek to extend it until 60 days after "the order to take the requested depositions of Thomson witnesses pursuant to Hague procedures" is entered. [Dkt. 2773] at 4.  There is no reason to believe the DAPs could secure depositions in France using Hague procedures before November 7, 2014.  However, if they are forced to continue with discovery well into December 2014 or later, it will be impossible for Thomson to file dispositive motions by November 7, 2014 and complete their trial preparation for March 9, 2015 trial.  The DAPs should not be permitted to further prejudice Thomson by forcing them onto a trial schedule that is separate from other parties simply because of the DAPs' own dilatory conduct.

**B.     DAPs Have Not Shown Good Cause To Extend the Discovery Deadline to Obtain Documents Located in France under the Hague Convention.**

The DAPs also have known since, at the very latest, May 14, 2014, that it was Thomson SA's position that under French criminal law, it could not produce documents located in France outside of Hague procedures.  However, once again the DAPs waited months, until July 28, to file a motion to initiate Hague procedures to obtain these documents.  While Thomson SA has never opposed the use of Hague procedures to obtain documents located in France, it does object to the DAPs' attempt to use their delay in doing so as a means to prejudice Thomson SA's ability to remain on track for a March 2015 trial and to extend a discovery deadline it relied on as being quite near.  The DAPs' delay should not be rewarded by prejudicing Thomson's ability to file dispositive motions on November 7 and begin trial with the other defendants on March 9, 2015.

## CONCLUSION

The DAPs have not demonstrated good cause exists to extend the discovery cut-off.  The record establishes that the DAPs had a full opportunity to take discovery within the agreed-upon timeframe.  The DAPs' eleventh hour attempt to institute Hague procedures should not be rewarded.  For these reasons, the DAPs' motion should be denied in its entirety.

Dated:  September 2, 2014.                                      FAEGRE BAKER DANIELS LLP

                                                                By: /s/ Kathy L. Osborn

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203
Telephone: (303) 607-3500
Facsimile:  (303) 607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: (650) 324-6700
Facsimile: (650) 324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*