# EXHIBIT B

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Sharp Electronics Corp.,* et al. *v. Hitachi Ltd.,* et al., Case No. 13-cv-1173 (SC) | **PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**   Defendants Thomson SA (n/k/a Technicolor SA) and Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.)

**RESPONDING PARTIES:**     Plaintiffs Sharp Electronics Corporation and Sharp
                            Electronics Manufacturing Company of America, Inc.

**SET NO.:**                One

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the Northern District of California, Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp") hereby respond to Thomson SA and Thomson Consumer Electronics, Inc.'s (collectively, "Thomson") First Set of Interrogatories, dated June 5, 2014 (the "Interrogatories") as follows:

## GENERAL OBJECTIONS AND RESPONSES

1.     Sharp objects to the Interrogatories and the instructions therein to the extent that they seek to impose obligations on Sharp beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of the Court.

2.     Sharp objects to the Interrogatories to the extent that they seek or call for information that is already in the possession, custody, or control of Thomson.  In this regard, Sharp notes that although it sought to initiate discovery from Thomson in May 2014, Thomson SA still has not produced any documents, and has refused to produce any documents located in France without resort to the Hague Convention.

3.     Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Thomson from public sources.

4.     Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Thomson from others.

5.     Sharp objects to the Interrogatories to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

6.     Sharp objects to the Interrogatories to the extent that they seek or call for information not in Sharp's possession, custody, or control.

-2-

7.     Documents produced by Sharp in this litigation shall be deemed produced in response to these Interrogatories, subject to the Responses and Objections contained herein. The burden of identifying specific information or documents responsive to these Interrogatories from documents produced in the course of this litigation is substantially the same for either party, and Sharp is entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

8.     Sharp objects to the Interrogatories to the extent that they seek or call for information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law. Any information disclosed pursuant to the Interrogatories will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

9.     Sharp objects to the Interrogatories to the extent that they seek information that is not relevant, material or necessary to this action and, thus, it is not reasonably calculated to lead to the discovery of admissible evidence.

10.    Sharp objects to the Interrogatories to the extent that they are duplicative and/or cumulative, either internally of themselves or of interrogatories previously propounded to Sharp by other defendants in this matter. Each such Interrogatory violates Section XV, subsections D and E, of the Court's "Order Re Discovery and Case Management Protocol," entered on April 3, 2012. Order Re: Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC, MDL No. 1917 (N.D. Cal. Apr. 3, 2012), Dkt. No. 1128.

11.    Sharp objects to the Interrogatories, including the instructions and definitions, on the grounds that Sharp will incur substantial expense in complying with them.

12.    Sharp objects to the Interrogatories to the extent that they prematurely call for expert testimony and states that Sharp will provide expert disclosures as provided by the Federal Rules of Civil Procedure and the orders of the court.

- 3 -

13.     Sharp objects to the Interrogatories to the extent that they call for speculation or call for a conclusion on an issue of law.

14.     Sharp objects to the Interrogatories to the extent they seek information about contentions or call for all evidence or all information in support of allegations or contentions.  Such Interrogatories are premature, Sharp has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing.  These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Sharp.  Further investigation and discovery may result in the identification of additional information or contentions, and Sharp reserves the right to supplement and modify its responses. Sharp's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit Sharp's use of any additional evidence that may be developed.

15.     Sharp objects to, and expressly disclaims, any need or intent to prove any facts listed herein as a prerequisite to proving its claims at trial.

16.     Sharp reserves its right to try its case as it determines is best at trial.  This includes by not using facts or information stated herein or using facts or information in addition to those stated therein.

17.     Sharp reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiffs provide in response to these Interrogatories.

18.     Sharp objects to the definition of "You," "Your," and "Yourself" as overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  In responding to the Interrogatories directed to "You" or "Your," Sharp will respond for the Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

19.     Sharp objects to the definition of "and" to include "or" and vice versa as vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language.  Sharp uses "and" and "or" according to their ordinary meanings.

- 4 -

20.     Sharp objects to the definition of "any" to include "all" and vice versa as vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language.  Sharp further objects to the definition of "any" and "all" as not reasonably limited in scope or time.  Sharp uses "any" and "all" according to their ordinary meanings.

21.     Any information provided in response to the Interrogatories or documents produced in connection herewith will be subject to the Stipulated Protective Order entered in this action (Dkt. No. 306).

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Request No. 1:**

IDENTIFY all PERSONS who provided information to answer these Interrogatories.

**Response No. 1:**

Subject to and without waiving the foregoing General Objections, Sharp refers Thomson to its responses to Panasonic Corporation and LG Electronics, Inc.'s First Set of Interrogatories, No. 1 (dated July 22, 2013).

**Request No. 2:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

**Response No. 2:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome.  Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014.  Sharp further objects to the extent this request calls for

- 5 -

expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further objects to the extent this request calls for information that is equally available to Thomson.  Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Interrogatory is contained in the following discovery:

- Sharp's Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, No. 12 (dated July 22, 2013);
- Sharp Electronics Corporation's Responses to Samsung SDI America, Inc.'s First Set of Interrogatories, No. 3 (dated February 18, 2014);
- Sharp's First Supplemental Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, No. 12 (dated February 26, 2014); and
- Sharp Electronics Corporation's First Supplemental Responses to Samsung SDI America, Inc.'s First Set of Interrogatories, No. 3 (dated June 18, 2014).

Sharp also refers the Defendants to any response referencing Thomson or its personnel in the following discovery:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);
- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);
- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- 6 -

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Sharp expressly incorporates these responses here by reference.

SHARP'S OBJECTIONS AND RESPONSES TO
THOMSON'S FIRST SET OF INTERROGATORIES

Case No. 13-cv-1173
Master File No. 3:07-cv-5944 SC, MDL No. 1917

Subject to and without waiving the foregoing objections, Sharp refers the Defendants to the findings of the European Commission regarding the CRT antitrust conspiracy and the involvement of Thomson SA in that conspiracy, including the fine assessed against Thomson SA, only a summary of which is publicly available at this time. *See* European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm. Sharp also refers the Defendants to the admissions of participation in the CRT antitrust conspiracy made by Technicolor SA in its 2011 and 2012 Annual Reports to shareholders. *See* Technicolor Annual Report 2011, *available at* file:///C:/Users/06520/Downloads/technicolor_annual_report_2011%20(1).pdf; Technicolor Annual Report 2012, *available at* file:///C:/Users/06520/Downloads/technicolor_annual_report_2012%20(2).pdf.

Subject to and without waiving the foregoing objections, Sharp also refers the Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992;

- 8 -

MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

Finally, Sharp refers the Defendants to the responses of all other plaintiffs, including the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and all other Direct Action Plaintiffs, to the same or substantially similar interrogatories propounded by the Thomson Defendants and/or by all other defendants in the consolidated *Cathode Ray Tube (CRT) Antitrust Litigation.*

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 3:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

**Response No. 3:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014. Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is

- 9 -

covered by attorney-client privilege or the work product protection. Sharp further objects to the extent this request calls for information that is equally available to Thomson. Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case. Subject to and without waiving these objections, Sharp refers to and incorporates its response to Interrogatory No. 2.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 4:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer continued to participate in the conspiracy that is the subject of YOUR COMPLAINT after its CRT assets were sold to Videocon in July 2005.

**Response No. 4:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp also objects to this Interrogatory as misleading to the extent that it states or implies that the CRT assets of Thomson Defendants were transferred to and/or controlled by Videocon in July 2005. Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014. Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp further objects to the extent this request calls for information that is equally available to Defendants. Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Interrogatory is contained in the following:

- 10 -

- Sharp's Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, No. 12 (dated July 22, 2013);

- Technologies Displays Americas LLC's Responses to Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s First Set of Interrogatories (dated October 8, 2013);

- Sharp Electronics Corporation's Responses to Samsung SDI America, Inc.'s First Set of Interrogatories, No. 3 (dated February 18, 2014);

- Sharp's First Supplemental Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, No. 12 (dated February 26, 2014);

- Statement of Albino Bessa Re Technologies Displays Americas, LLC (dated April 18, 2014);

- Answer of Thomson Consumer Electronics, Inc. to Sharp's First Amended Complaint (dated April 25, 2014);

- Answer of Thomson SA to Sharp's First Amended Complaint (dated April 25, 2014);

- Answer of Technologies Displays Americas, LLC to First Amended Complaint of Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.; and

- Sharp Electronics Corporation's First Supplemental Responses to Samsung SDI America, Inc.'s First Set of Interrogatories, No. 3 (dated June 18, 2014).

Sharp expressly incorporates those responses here by reference.

Subject to and without waiving the foregoing objections, Sharp also refers the Defendants to materials produced in this litigation at Bates Nos. TDA00355; MTPD-0410018; MTPD-0410020; PHLP-CRT-062325; PHLP-CRT-062493; MTPD-0479672. In addition, Sharp refers the Defendants to the following to Technicolor SA's 2011 and 2012 Annual Reports to shareholders.

Finally, Sharp refers the Defendants to the responses of all other plaintiffs, including the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and all other Direct Action

- 11 -

Plaintiffs, to the same or substantially similar interrogatories propounded by the Thomson Defendants and/or by all other defendants in the consolidated *Cathode Ray Tube (CRT) Antitrust Litigation.*

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 5:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA continued to participate in the conspiracy that is the subject of YOUR COMPLAINT after its CRT assets were sold to Videocon in July 2005.

**Response No. 5:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp also objects to this Interrogatory as misleading to the extent that it states or implies that the CRT assets of Thomson Defendants were transferred to and/or controlled by Videocon in July 2005. Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014. Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp further objects to the extent this request calls for information that is equally available to Defendants. Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp refers to and incorporates its response to Interrogatory No. 4.

- 12 -

**Request No. 6:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer affirmatively concealed its alleged participation in the conspiracy that is the subject of YOUR COMPLAINT.

**Response No. 6:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome.  Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the phrase "affirmatively concealed" as vague and ambiguous.  Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014.  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further objects to the extent this request calls for information that is equally available to Defendants.  Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp states that all actions of Thomson Consumer in furtherance of the CRT antitrust conspiracy, including unlawful exchanges with competitors of price, production, and capacity information and illegal agreements with competitors regarding prices, production, capacity, and customer allocation, were taken in secret and deliberately concealed from customers, consumers, and interested regulatory agencies, including the United States Department of Justice and the European Commission.  Further, all public announcements regarding the prices or changes in prices of CRTs by Thomson Consumer during the CRT antitrust conspiracy were misleading and concealed the antitrust conspiracy and its impact on the prices of CRTs and CRT Products.

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Interrogatory can be found in the following discovery:

- Sharp's Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, Nos. 12 and 14 (dated July 22, 2013) and

- Sharp's First Supplemental Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, Nos. 12 and 14 (dated February 26, 2014).

Sharp expressly incorporates those responses here by reference. Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 7:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA affirmatively concealed its alleged participation in the conspiracy that is the subject of YOUR COMPLAINT.

**Response No. 7:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects to the phrase "affirmatively concealed" as vague and ambiguous. Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014. Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp further objects to the extent this request calls for information that is equally available to Defendants. Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

- 14 -

Subject to and without waiving the foregoing objections, Sharp states that all actions of Thomson SA in furtherance of the CRT antitrust conspiracy, including unlawful exchanges with competitors of price, production, and capacity information and illegal agreements with competitors regarding prices, production, capacity, and customer allocation, were taken in secret and deliberately concealed from customers, consumers, and interested regulatory agencies, including the United States Department of Justice and the European Commission. Further, all public announcements regarding the prices or changes in prices of CRTs by Thomson SA during the CRT antitrust conspiracy were misleading and concealed the antitrust conspiracy and its impact on the prices of CRTs and CRT Products.

Subject to and without waiving the foregoing objections, Sharp refers to and incorporates its response to Interrogatory No. 6. Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 8:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegations against the Thomson Defendants contained in paragraphs 196 and 197 of YOUR COMPLAINT.

**Response No. 8:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.[1] Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp

---

[1] Sharp notes that the Thomson Defendants' Interrogatory Request No. 8 refers to paragraphs 196 and 197 of Sharp's First Amended Complaint, filed on October 28, 2013 (Dkt. No. 2030). These allegations are now contained in paragraphs 194 and 195 of Sharp's Second Amended Complaint, filed on June 13, 2014 (Dkt. No. 2621).

also objects to this Interrogatory as duplicative of other discovery propounded by defendants in this case. Finally, Sharp objects to the extent this request calls for information that is equally available to Defendants.

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Interrogatory is contained in the following discovery:

- Sharp Electronics Corporation's Objections and Responses to Samsung SDI America, Inc.'s First Set of Interrogatories (dated February 18, 2014); and

- Plaintiff Sharp Electronics Corporation's First Supplemental Responses and Objections to Defendant Samsung SDI America, Inc.'s First Set of Interrogatories (dated June 18, 2014).

With respect to the specific examples of the Thomson Defendants' participation in the CRT conspiracy set forth in paragraphs 196 and 197 of the Complaint, Sharp refers the Defendants to the following materials produced in this litigation at Bates Nos. SDCRT-0002526-2528; SDCRT-0086490-6492; SDCRT-0086503; SDCRT-0086508-6510; SDCRT-0086511; SDCRT-0002488-2489; HEDUS-CRT00168774-8775; SDCRT-0087662-7663; SDCRT-0087340-7342; SDCRT-0087664-7666; SDCRT-0087670-7672; SDCRT-0087705-7707; MTPD-0223790-3792; SDCRT-0006632-6633; TDA02994; SDCRT-0006903-6904; SDCRT-0007239; SDCRT-0007173; MTPD-0576483; SDCRT-0088635-8660; SDCRT-0088661-8674; PHLP-CRT-022741-2744; TDA01365; TDA01360-61.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 9:**

IDENTIFY each PERSON employed or controlled by YOU who negotiated and/or approved YOUR purchase of CRTs from the Thomson Defendants during the RELEVANT PERIOD.

**Response No. 9:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and oppressive, particularly in that it seeks the identity of every person employed by Sharp over an

- 16 -

approximately twelve-year period who was involved in negotiating and/or approving prices for the sale of CRTs. Sharp also objects to the phrase "controlled by" as vague and ambiguous. Sharp further objects to the Interrogatory to the extent that it seeks information that is maintained by and equally available to Defendants. Sharp further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Sharp has not completed its discovery and preparation in this matter, and its investigation of these cases is ongoing. Sharp further objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Interrogatory is contained in the following discovery:

- Sharp's Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, Nos. 3 and 11 (dated July 22, 2013);

- Sharp's Responses to Panasonic Corporation and LG Electronics, Inc.'s First Set of Interrogatories, Nos. 3 and 6 (dated July 22, 2013);

- Sharp's First Supplemental Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, Nos. 3 and 11 (dated February 26, 2014);

- Sharp's First Supplemental Responses to Panasonic Corporation and LG Electronics, Inc.'s First Set of Interrogatories, Nos. 3 and 6 (dated March 7, 2014);

- Sharp's Second Supplemental Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, No. 3 (June 18, 2014); and

- Sharp's Second Supplemental Responses to Panasonic Corporation and LG Electronics, Inc.'s First Set of Interrogatories, Nos. 3 and 6 (dated June 18, 2014).

Sharp expressly incorporates those responses here by reference. Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 10:**

IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**Response No. 10:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Sharp further objects to this Interrogatory, including on the grounds that it is overly broad, unduly burdensome, and oppressive. Sharp also objects to the extent that this request seeks or calls for information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 11:**

IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to Interrogatory No. 10 reviewed during YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**Response No. 11:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it overly broad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Sharp further objects to this Interrogatory as premature, as the investigation into the Thomson Defendants' participation in the CRT conspiracy is ongoing. Sharp also objects to the extent that this request seeks or calls for information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 12:**

IDENTIFY when YOU first learned of the existence of the conspiracy that is the subject of YOUR COMPLAINT.

**Response No. 12:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp further objects to this Interrogatory on the grounds that it is overly broad.  Sharp objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege and/or work product doctrine, the joint prosecution privilege, or any other privilege or doctrine of confidentiality provided by law, or that otherwise constitutes information prepared for or in anticipation of litigation.

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Interrogatory is contained in the following discovery:

- Sharp's Responses to Panasonic Corporation and LG Electronics, Inc.'s First Set of Interrogatories, No. 11 (dated July 22, 2013) and

- Sharp's First Supplemental Responses to Panasonic Corporation and LG Electronics, Inc.'s First Set of Interrogatories, No. 11 (dated March 7, 2014).

Sharp expressly incorporates those responses here by reference.  Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 13:**

Do YOU contend that Thomson Consumer participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period?  If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson Consumer participated in such a conspiracy regarding CDTs.

**Response No. 13:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome.  Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request

- 19 -

calls for information that is covered by attorney-client privilege or the work product protection.
Sharp further objects to this Interrogatory as duplicative of other discovery taken in this case.
Finally, Sharp objects to the extent this request calls for information that is equally available to
Thomson.

Subject to and without waiving the foregoing objections, Sharp refers to and incorporates
its response to Interrogatory No. 2.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 14:**

Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the price
of and/or reduce the output of CDTs during the relevant period? If YOU do so contend,
IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson SA
participated in such a conspiracy regarding CDTs.

**Response No. 14:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp
objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well
as overly broad and unduly burdensome. Sharp further objects to the extent this request calls for
expert testimony. Sharp also objects to the extent that this request calls for information that is
covered by attorney-client privilege or the work product protection. Finally, Sharp objects to the
extent this request calls for information that is equally available to Thomson.

Subject to and without waiving the foregoing objections, Sharp refers to and incorporates
its response to Interrogatory No. 2.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 15:**

IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU
discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT
against the Thomson Defendants.

**Response No. 15:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Sharp also objects to the extent that this request seek and/or calls for information that is protected from disclosure by the attorney-client privilege or the work product doctrine. Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp responds as follows: Sharp set forth in its Complaint against the Thomson Defendants some of the evidence of their participation in the CRT conspiracy. Included in this evidence is Thomson's admission in public documents that it participated in the CRT conspiracy alleged by the European Commission and was cooperating closely with the EC in the CRT conspiracy; the European Commission's fine against Thomson SA for participation in the CRT price-fixing conspiracy; and the other documents set forth in paragraphs 196 and 197 of the Complaint. Sharp further refers to and incorporates its responses to Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8 and 12.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

DATED: July 10, 2014      By: *Craig A. Benson*

         Kenneth A. Gallo (*pro hac vice*)
         Joseph J. Simons (*pro hac vice*)
         Craig A. Benson (*pro hac vice*)
         PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
         2001 K Street, NW
         Washington, DC  20006
         Telephone: (202) 223-7300
         Facsimile: (202) 223-7420
         kgallo@paulweiss.com
         jsimons@paulweiss.com
         cbenson@paulweiss.com

         Stephen E. Taylor (SBN 058452)
         Jonathan A. Patchen (SBN 237346)
         TAYLOR & COMPANY LAW OFFICES, LLP
         One Ferry Building, Suite 355
         San Francisco, California 94111
         Telephone:  (415) 788-8200

- 21 -

Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs*

- 22 -