# EXHIBIT F

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile:  +1 303-607-3600
jeff.roberts@FaegreBD.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

***Attorneys for Defendants Thomson SA and
Thomson Consumer Electronics, Inc.***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-5944-SC |
| | MDL No. 1917 |
| This Document Relates to: | **THOMSON SA'S RESPONSES TO DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173; | |
| *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |

1 | *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

2

3 | *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;

4 | *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

5

6 | *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

7

8 | *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

9 | *Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

10

11 | *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262;

12 | *Tech Data Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-00157.

13

14   Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Thomson SA

15 hereby responds to the First Set of Requests for Production of Documents propounded by the

16 Plaintiffs in the above-captioned cases ("Plaintiffs") as follows:

17   **GENERAL OBJECTIONS**

18   1.   Thomson SA and its counsel are continuing their investigation of this matter.

19   2.   Thomson SA's present responses are based on information known as of this time.

20 Thomson SA makes these responses without prejudice to its right to supplement them, as

21 necessary, based on subsequently acquired information or knowledge, whether gained through

22 Thomson SA's continued investigation or the investigation of others.

23   3.   Thomson SA objects to each and every request to the extent it seeks documents

24 regarding Thomson SA's former CRT and/or CRT Finished Product business as overbroad and

25 unduly burdensome because Thomson SA exited the CRT and CRT Finished Product industry in

26 2005, when its CRT related assets and personnel were transferred to Videocon. As such, much

27 of the evidence and many of the witnesses who may have possessed information regarding these

28 businesses is difficult, if not impossible, for Thomson SA to locate, access, and obtain. And,

1  even if Thomson SA is able to obtain documents regarding these businesses, most of the former

2  Thomson SA personnel needed to explain and interpret them have long since left the company,

3  making it all the more difficult for Thomson SA to determine if such documents are responsive

4  to Plaintiffs' requests.  Moreover, by waiting to file their instant claims until 2013, over six year

5  after the first claims were filed in this case, the Plaintiffs have exacerbated these difficulties.

6      4.    Thomson SA objects to Plaintiffs' requests, definitions, and instructions to the

7  extent they seek the discovery of documents or information regarding the sale of CRTs or

8  finished products containing CRTs outside of the United States and unrelated to United States

9  commerce on the grounds that they are overbroad, unduly burdensome, irrelevant, and not

10 reasonably calculated to lead to the discovery of admissible evidence.  Such sales are beyond the

11 scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United

12 States, and beyond the jurisdiction or reach of the laws of any State.

13     5.    Thomson SA objects to each request, definition, or instruction to the extent it

14 seeks documents or information regarding conduct outside the applicable statute(s) of limitations

15 on the grounds that such documents and information are neither relevant to any claims or

16 defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

17 evidence.

18     6.    In making these responses, Thomson SA does not concede the relevancy or

19 materiality of any of Plaintiffs' requests for production nor does Thomson SA concede the

20 relevancy or materiality of any of the subjects to which those requests relate or refer.

21     7.    To the extent any request, definition, or instruction may be construed as calling

22 for the disclosure of privileged or immune information, including, without limitation,

23 information subject to the attorney-client privilege, common-interest privilege, work-product

24 doctrine, joint defense privilege, and/or any other privilege or immunity from discovery,

25 Thomson SA hereby claims such privileges and protections and objects to the disclosure of any

26 documents or information subject thereto.  Thomson SA will not produce such privileged or

27 protected documents, materials, or information and states that to the extent any such documents,

28

1    materials, or information are produced, the production is inadvertent and not intended to waive

2    those privileges or protections.

3        8.    To the extent any request, definition, or instruction may be construed as seeking

4    the disclosure of confidential trade secrets, financial, commercial, strategic, or otherwise

5    proprietary or confidential information, Thomson SA objects to the disclosure of any such

6    documents or information.   To the extent any such material is produced in this action, Thomson

7    SA reserves the right to appropriately designate it pursuant to the protective order in place in this

8    action, and to seek such additional terms and protections as may be appropriate.   Thomson SA

9    further objects to providing documents or information subject to a confidentiality agreement or

10   other restrictions or to a protective order entered in another action or proceeding, except in

11   accordance with such confidentiality agreements, restrictions, or protective orders.

12       9.    Thomson SA objects to any request, definition, or instruction that calls for the

13   disclosure of documents or information that would violate the legitimate privacy rights and

14   expectations of Thomson SA employees, directors, officers, affiliates, or subsidiaries, both

15   current and former, or other individuals, to the extent that such privacy rights or expectations are

16   protected by law, contract, or public policy.

17       10.   To the extent any request, definition, or instruction may be construed as requiring

18   Thomson SA to characterize documents or their contents or to speculate as to what documents

19   may or may not show, Thomson SA objects to such request, definition, or instruction as vague,

20   ambiguous, and calling for legal conclusions and speculation.

21       11.   A response by Thomson SA that it will produce non-privileged documents that it

22   believes to be responsive to a particular request, if any, is not a representation that documents in

23   that category exist nor is such a response (or the production of any documents in a particular

24   category) a representation that Thomson SA adopts, accepts, affirms, or admits the assertions,

25   contentions, or definitions used or made in connection with the request.

26       12.   Thomson SA objects to each and every request, definition, and instruction to the

27   extent that it purports to impose burdens upon Thomson SA that are not permitted by law, or

28   seeks to impose greater obligations than those imposed under the Federal Rules of Civil

THOMSON SA'S RESPONSES TO PLAINTIFFS'            4            No. 07-5944-SC;  MDL No. 1917
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS

1    Procedure, the Local Rules of the District Court of the Northern District of California, or any

2    order of the Court.

3         13.    Thomson SA objects to each and every request, definition, and instruction to the

4    extent that it seeks documents or information the disclosure of which is prohibited by law,

5    regulation, court order, or other authority of the foreign jurisdiction in which the documents or

6    information are located, including, without limitation, Loi 80-538 du 16 juillet 1980 relative à la

7    communication de documents et renseignements d'ordre économique, commercial ou technique

8    à des personnes physiques ou morales étrangères [Law 80-538 of July 16, 1980 relating to the

9    disclosure of documents and information of an economic, commercial, or technical nature to

10   foreign natural and legal persons], JOURNAL OFFICIEL DE LA RÉPUBLIQUE FRANÇAISE [J.O.]

11   [OFFICIAL GAZETTE OF FRANCE], July 17, 1980, p. 1799; *Cour de cassation*, Criminal Chamber,

12   Dec. 12, 2007, no. 07-83228, *Christopher X*; Loi Informatique et Libertes Act N°78-17 of

13   January 6, 1978 [Law No. 78-17 of 6 January 1978 on data processing, data files, and individual

14   liberties].    Thomson SA further objects to the extent such request, definition, or instruction seeks

15   discovery in contravention of the principles of public policy or international comity.

16        14.    Thomson SA objects to each and every request to the extent it seeks testimony or

17   information that is unduly burdensome to obtain.   Thomson SA objects to each and every request

18   as unduly burdensome to the extent:   (i) it seeks information not within the possession, custody,

19   control, or knowledge of Thomson SA or its current officers, directors, or employees; (ii) it

20   would require an unreasonable investigation on the part of Thomson SA; (iii) the discovery

21   sought is unreasonably cumulative or duplicative; or (iv) the information sought is obtainable

22   from some other source that is more convenient, less burdensome, or less expensive.   Thomson

23   SA construes each request as requiring only a reasonable search of its files likely to contain

24   relevant or responsive information and a reasonable inquiry of Thomson SA employees likely to

25   have information relevant to the subject matter of this litigation.

26        15.    Thomson SA objects to each and every request, definition, and instruction to the

27   extent it calls for the creation of documents or data compilations that do not exist or that are not

28   ordinarily kept in the normal course of business.

16.    Thomson SA objects to each and every request, definition, and instruction to the extent it assumes disputed facts or legal conclusions.  Thomson SA hereby denies any disputed facts or legal conclusions assumed by each request, definition, and instruction.  Any response or objection herein is without prejudice to this objection and Thomson SA's right to dispute facts and legal conclusions assumed by the requests, definitions, and instructions.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1.**

Documents sufficient to show Your corporate structure or organization throughout the Relevant Period, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, Affiliated Entities, or other sub-units that were engaged during any part of the Relevant Period in the manufacture, marketing, sale or distribution of CRT in the United States, including, where applicable, the percentage of any stock or other interests owned by each entity in the chain.

**RESPONSE:**    In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or protected documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or protection.  Thomson SA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, information as to Thomson SA's non-CRT operations.  Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.  Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control.  Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to

1  Plaintiffs from other Defendants, third parties, or otherwise. Thomson SA further objects to this

2  request to the extent it seeks the discovery of information regarding the sale of CRTs or finished

3  products containing CRTs outside of the United States and unrelated to United States commerce

4  on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated

5  to lead to the discovery of admissible evidence. Such sales are beyond the scope of this

6  litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and

7  beyond the jurisdiction or reach of the laws of any State. Thomson SA objects to this request to

8  the extent that disclosure to Plaintiffs of information and/or documents responsive to it would

9  violate the laws of the foreign jurisdiction(s) in which the information and/or documents are

10  located, including, without limitation, the laws of France set forth in General Objection No. 13.

11  Finally, Thomson SA objects to this request to the extent it is duplicative of or unreasonably

12  cumulative to other discovery produced in this action.

13  Subject to and without limiting each of these objections, Thomson SA will produce non-

14  privileged, responsive documents located in the course of a reasonable search to the extent such

15  production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

16  documents are located, including, without limitation, the laws of France set forth in General

17  Objection No. 13.

18  **Request No. 2.**

19  As to each of Your divisions, subdivisions, departments, units, subsidiaries, parents,

20  Affiliated Entities and joint ventures, Documents sufficient to identify each executive or

21  Employee with managerial authority who had responsibilities or duties with respect to each of

22  the following:

23  (a) the manufacturing or production of CRTs;

24  (b) the marketing of CRTs;

25  (c) the pricing of CRTs;

26  (d) the sale or distribution of CRTs;

27  (e) maintaining any electronic database(s), including archives, of e-mail or other

28  electronic Documents relating to CRTs.

**RESPONSE:**   In addition to its General Objections, incorporated by this reference as though fully set forth herein, Thomson SA objects to this request to the extent that it seeks privileged or immune documents or information, including, without limitation, documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further objects that the phrases "responsibilities or duties" and "managerial authority" are vague and ambiguous in the context of this request and its subparts.   Thomson SA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   Thomson SA objects to this request because Plaintiffs' use of the phrase "Affiliated Entities" attempts to impose an obligation on Thomson SA to produce documents that are not in its possession, custody, or control.   Thomson SA further objects to this request to the extent it calls for the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.   Thomson SA also objects to this request to the extent it seeks information or documents in the possession, custody, or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the discovery of information regarding the sale of CRTs or finished products containing CRTs outside of the United States and unrelated to United States commerce on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA objects to this request to the extent it is duplicative of or unreasonably cumulative to other discovery produced in this action.

1    Subject to and without limiting each of these objections, Thomson SA will produce non-

2  privileged, responsive documents located in the course of a reasonable search to the extent such

3  production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

4  documents are located, including, without limitation, the laws of France set forth in General

5  Objection No. 13.

6  **Request No. 3.**

7    All Documents relating to Communications regarding CRTs between or among

8  manufacturers of CRTs, including Defendants.

9    **RESPONSE:**  In addition to its General Objections, incorporated by this reference as

10  though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

11  privileged or immune documents or information, including, without limitation, documents or

12  information subject to the attorney-client privilege, common-interest privilege, work-product

13  doctrine, joint defense privilege, and/or any other privilege or immunity.  Thomson SA further

14  objects that this request is vague and ambiguous, including, without limitation, as to the phrases

15  "relating to any Communication" and "You and any other manufacturer of CRTs" as used in this

16  request.  Thomson SA also objects to this request to the extent it seeks documents or information

17  regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on

18  the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is

19  neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to

20  the discovery of admissible evidence.  Thomson SA further objects to this request to the extent it

21  calls for the creation of documents or data compilations that do not exist or are not ordinarily

22  kept in the normal course of business.  Thomson SA also objects to this request to the extent it

23  seeks information or documents in the possession, custody, or control of Plaintiffs, or that are

24  equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.

25  Thomson SA further objects to this request to the extent it seeks the discovery of information

26  regarding the sale of CRTs or finished products containing CRTs outside of the United States

27  and unrelated to United States commerce on the grounds that it is overbroad, unduly

28  burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible

1    evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter

2    jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the

3    laws of any State.   Thomson SA objects to this request to the extent that disclosure to Plaintiffs

4    of information and/or documents responsive to it would violate the laws of the foreign

5    jurisdiction(s) in which the information and/or documents are located, including, without

6    limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA

7    objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive,

8    and seeks documents and information that are neither relevant to any claims or defenses in this

9    litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10        Subject to and without limiting each of these objections, Thomson SA will produce non-

11   privileged, responsive documents located in the course of a reasonable search to the extent such

12   production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

13   documents are located, including, without limitation, the laws of France set forth in General

14   Objection No. 13.

15   **Request No. 4.**

16        All Documents relating to any Communication between You (or any other Defendant or

17   Co-conspirator) and any other manufacturer of CRTs concerning, relating to, and/or mentioning

18   the production, marketing, pricing, distribution, inventory levels or sale of CRTs.

19        **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

20   though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

21   privileged or immune documents or information, including, without limitation, documents or

22   information subject to the attorney-client privilege, common-interest privilege, work-product

23   doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA further

24   objects that this request is vague and ambiguous, including, without limitation, as to the phrases

25   "relating to any Communication" and "You and any other manufacturer of CRTs" as used in this

26   request.   Thomson SA also objects to this request to the extent it seeks documents or information

27   regarding conduct outside the applicable statute(s) of limitations and/or continuing to present on

28   the grounds that it is overbroad, unduly burdensome, oppressive, and seeks information that is

1   neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to

2   the discovery of admissible evidence.  Thomson SA further objects to this request to the extent it

3   calls for the creation of documents or data compilations that do not exist or are not ordinarily

4   kept in the normal course of business.  Thomson SA also objects to this request to the extent it

5   seeks information or documents in the possession, custody, or control of Plaintiffs, or that are

6   equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.

7   Thomson SA further objects to this request to the extent it seeks the discovery of information

8   regarding the sale of CRTs or finished products containing CRTs outside of the United States

9   and unrelated to United States commerce on the grounds that it is overbroad, unduly

10  burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible

11  evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter

12  jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the

13  laws of any State.  Thomson SA objects to this request to the extent that disclosure to Plaintiffs

14  of information and/or documents responsive to it would violate the laws of the foreign

15  jurisdiction(s) in which the information and/or documents are located, including, without

16  limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA

17  objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive,

18  and seeks documents and information that are neither relevant to any claims or defenses in this

19  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

20      Subject to and without limiting each of these objections, Thomson SA will produce non-

21  privileged, responsive documents located in the course of a reasonable search to the extent such

22  production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

23  documents are located, including, without limitation, the laws of France set forth in General

24  Objection No. 13.

25  **Request No. 5.**

26      All Documents relating to any Meeting attended by You or any other Defendant or any

27  manufacturer of CRTs during which there was any Communication concerning the production,

28

1  marketing, pricing, distribution, inventory levels or sale of CRTs, including, but not limited to,

2  the notes of any such Meetings.

3  **RESPONSE:**  In addition to its General Objections, incorporated by this reference as

4  though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

5  privileged or immune documents or information, including, without limitation, documents or

6  information subject to the attorney-client privilege, common-interest privilege, work-product

7  doctrine, joint defense privilege, and/or any other privilege or immunity.  Thomson SA further

8  objects that this request is vague and ambiguous, including, without limitation, as to the phrase

9  "relating to any meeting" as used in this request.  Thomson SA also objects to this request to the

10  extent it seeks documents or information regarding conduct outside the applicable statute(s) of

11  limitations and/or continuing to present on the grounds that it is overbroad, unduly burdensome,

12  oppressive, and seeks information that is neither relevant to any claims or defenses in this

13  litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Thomson

14  SA further objects to this request to the extent it calls for the creation of documents or data

15  compilations that do not exist or are not ordinarily kept in the normal course of business.

16  Thomson SA also objects to this request to the extent it seeks information or documents in the

17  possession, custody, or control of Plaintiffs, or that are equally or more readily available to

18  Plaintiffs from other Defendants, third parties, or otherwise.  Thomson SA further objects to this

19  request to the extent it seeks the discovery of information regarding the sale of CRTs or finished

20  products containing CRTs outside of the United States and unrelated to United States commerce

21  on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated

22  to lead to the discovery of admissible evidence.  Such sales are beyond the scope of this

23  litigation, outside the subject-matter jurisdiction of the antitrust laws of the United States, and

24  beyond the jurisdiction or reach of the laws of any State.  Thomson SA objects to this request to

25  the extent that disclosure to Plaintiffs of information and/or documents responsive to it would

26  violate the laws of the foreign jurisdiction(s) in which the information and/or documents are

27  located, including, without limitation, the laws of France set forth in General Objection No. 13.

28  Finally, Thomson SA objects to this request on the grounds that it is overbroad, unduly

1   burdensome, and oppressive, and seeks documents and information that are neither relevant to

2   any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of

3   admissible evidence.

4       Subject to and without limiting each of these objections, Thomson SA will produce non-

5   privileged, responsive documents located in the course of a reasonable search to the extent such

6   production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

7   documents are located, including, without limitation, the laws of France set forth in General

8   Objection No. 13.

9   **Request No. 6.**

10      For each of Your Employees who has or had any non-clerical responsibility for

11  recommending, reviewing, setting or approving prices, price increase announcements, bids or

12  quotes for the sale of CRTs, or any other involvement in the marketing or sale of CRTs:

13          (a) all copies of electronic and manual diaries, calendars, appointment books, "to do"

14              lists, day timers or appointment notes;

15          (b) all copies of trip and travel logs, records or other supporting Documents;

16          (c) all copies of expense reports or other supporting Documents;

17          (d) all copies of telephone number logs, directories, notebooks, Rolodex cards or related

18              memoranda;

19          (e) all bills, statements, records and supporting Documents concerning long distance or

20              cellular telephone calls;

21          (f) all Documents relating to membership in any trade association or industry group; and

22          (g) the complete personnel file for that Employee.

23      **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

24  though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

25  privileged or immune documents or information, including, without limitation, documents or

26  information subject to the attorney-client privilege, common-interest privilege, work-product

27  doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA also

28  objects to this request to the extent it would violate the legitimate privacy rights and expectations

1  of Thomson SA employees, directors, officers, affiliates, or subsidiaries, both current and
2  former, or other individuals.   Thomson SA further objects that this request is vague and
3  ambiguous, including, without limitation, as to the phrase "non-clerical responsibility" as used in
4  this request.   Thomson SA also objects to this request to the extent it seeks documents or
5  information regarding conduct outside the applicable statute(s) of limitations and/or continuing
6  to present on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks
7  information that is neither relevant to any claims or defenses in this litigation nor reasonably
8  calculated to lead to the discovery of admissible evidence.   Thomson SA further objects to this
9  request to the extent it calls for the creation of documents or data compilations that do not exist
10  or are not ordinarily kept in the normal course of business.   Thomson SA also objects to this
11  request to the extent it seeks information or documents in the possession, custody, or control of
12  Plaintiffs, or that are equally or more readily available to Plaintiffs from other Defendants, third
13  parties, or otherwise.   Thomson SA further objects to this request to the extent it seeks the
14  discovery of information regarding the sale of CRTs or finished products containing CRTs
15  outside of the United States and unrelated to United States commerce on the grounds that it is
16  overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery
17  of admissible evidence.   Such sales are beyond the scope of this litigation, outside the subject-
18  matter jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach
19  of the laws of any State.   Thomson SA objects to this request to the extent that disclosure to
20  Plaintiffs of information and/or documents responsive to it would violate the laws of the foreign
21  jurisdiction(s) in which the information and/or documents are located, including, without
22  limitation, the laws of France set forth in General Objection No. 13.   Finally, Thomson SA
23  objects to this request on the grounds that it is compound, overbroad, unduly burdensome, and
24  oppressive, and seeks documents and information that are neither relevant to any claims or
25  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible
26  evidence.
27        Subject to and without limiting each of these objections, Thomson SA will produce non-
28  privileged, responsive documents located in the course of a reasonable search to the extent such

1   production will not violate the laws of the foreign jurisdiction(s) in which the information and/or

2   documents are located, including, without limitation, the laws of France set forth in General

3   Objection No. 13.

4   **Request No. 7.**

5       Documents sufficient to show the name and address of each trade association (including

6   committees and subcommittees) relating to CRTs of which You or any of Your Employees are or

7   have been a member, as well as Documents sufficient to show dates of membership and dates of

8   participation in committees or subcommittees.

9       **RESPONSE:**   In addition to its General Objections, incorporated by this reference as

10  though fully set forth herein, Thomson SA objects to this request to the extent that it seeks

11  privileged or immune documents or information, including, without limitation, documents or

12  information subject to the attorney-client privilege, common-interest privilege, work-product

13  doctrine, joint defense privilege, and/or any other privilege or immunity.   Thomson SA also

14  objects to this request to the extent it seeks documents or information regarding conduct outside

15  the applicable statute(s) of limitations and/or continuing to present on the grounds that it is

16  overbroad as to time, unduly burdensome, oppressive, and seeks information that is neither

17  relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the

18  discovery of admissible evidence.   Thomson SA further objects to this request to the extent it

19  calls for the creation of documents or data compilations that do not exist or are not ordinarily

20  kept in the normal course of business.   Thomson SA also objects to this request to the extent it

21  seeks information or documents in the possession, custody, or control of Plaintiffs, or that are

22  equally or more readily available to Plaintiffs from other Defendants, third parties, or otherwise.

23  Thomson SA further objects to this request to the extent it seeks the discovery of information

24  regarding the sale of CRTs or finished products containing CRTs outside of the United States

25  and unrelated to United States commerce on the grounds that it is overbroad, unduly

26  burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible

27  evidence.   Such sales are beyond the scope of this litigation, outside the subject-matter

28  jurisdiction of the antitrust laws of the United States, and beyond the jurisdiction or reach of the

Dated: May 14, 2014

/s/ Kathy L. Osborn
Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

**Attorneys for Thomson SA and Thomson Consumer Electronics, Inc.**

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

***Attorneys for Defendants Thomson SA and
Thomson SA Electronics, Inc.***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-5944-SC |
| | MDL No. 1917 |
| This Document Relates to: | **CERTIFICATE OF SERVICE** |
| *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173; | |
| *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |

1   *Target Corp. v. Technicolor SA, et al.*, No. 13-
2   cv-05686;

3   *Interbond Corporation of America v.
    Technicolor SA, et al.*, No. 13-cv-05727;
4

5   *Office Depot, Inc. v. Technicolor SA, et al.*, No.
    13-cv-05726;

6   *Costco Wholesale Corporation v. Technicolor
    SA, et al.*, No. 13-cv-05723;
7

8   *P.C. Richard & Son Long Island Corporation,
    et al. v. Technicolor SA, et al.*, No. 13-cv-
    05725;
9

10  *Schultze Agency Services, LLC v. Technicolor
    SA, et al.*, No. 13-cv-05668;

11  *Sears, Roebuck and Co. and Kmart Corp. v.
    Technicolor SA, et al.*, No. 13-cv-05262;
12

13  *Tech Data Corp., et al. v. Hitachi Ltd., et al.*,
    No. 13-cv-00157.

14

15          I HEREBY CERTIFY that a true and correct copy of Thomson SA's Responses to Direct

16  Action Plaintiffs' First Set of Requests for Production of Documents was served by email to each

17  of the following addressees listed below.

18

19  Dated: May 14, 2014            By:  _/s/ Kathy L. Osborn_
                                        Kathy L. Osborn
20

21

22

23

24

25

26

27

28

| | |
|---|---|
| Kenneth A. Gallo (kgallo@paulweiss.com)<br>Joseph J. Simons (jsimons@paulweiss.com)<br>Craig A. Benson (cbenson@paulweiss.com)<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>2001 K Street, NW<br>Washington, DC 20006-1047<br><br>Stephen E. Taylor (staylor@tcolaw.com)<br>Jonathan A. Patchen (jpatchen@tcolaw.com)<br>Taylor & Company Law Offices, LLP<br>One Ferry Building, Suite 355<br>San Francisco, CA 94111<br><br>*Attorneys for Sharp Electronics Corporation*<br>*and Sharp Electronics Manufacturing Company*<br>*of America, Inc.* | David J. Burman (dburman@perkinscoie.com)<br>Cori G. Moore (cgmoore@perkinscoie.com)<br>Eric J. Weiss (eweiss@perkinscoie.com)<br>Nicholas H. Hesterberg<br>(nhesterberg@perkinscoie.com)<br>Steven D. Merriman<br>(smerriman@perkinscoie.com)<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br><br>Joren Bass (jbass@perkinscoie.com)<br>Perkins Coie LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111-4131<br><br>*Attorneys for Plaintiff Costco Wholesale*<br>*Corporation* |
| William A. Isaacson (wisaacson@bsfllp.com)<br>Boies, Schiller & Flexner LLP<br>5301 Wisconsin Avenue NW, Suite 800<br>Washington, DC 20015<br><br>Stuart Singer (ssinger@bsfllp.com)<br>Boies, Schiller & Flexner LLP<br>401 East Las Olas Boulevard, Suite 1200<br>Fort Lauderdale, FL 33301<br><br>Philip J. Iovieno (piovieno@bsfllp.com)<br>Anne M. Nardacci (anardacci@bsfllp.com)<br>Boies, Schiller & Flexner LLP<br>30 South Pearl Street, 11th Floor<br>Albany, NY 12207<br><br>*Liaison Counsel for Direct Action Plaintiffs and*<br>*Attorneys for Plaintiffs Electrograph Systems,*<br>*Inc., Electrograph Technologies, Corp., Office*<br>*Depot, Inc., Interbond Corporation of America,*<br>*P.C. Richard & Son Long Island Corporation,*<br>*MARTA Cooperative of America, Inc., ABC*<br>*Appliance, Inc., Schultze Agency Services LLC*<br>*on behalf of Tweeter Opco, LLC and Tweeter*<br>*Newco, LLC* | Robert W. Turken (rturken@bilzin.com)<br>Scott N. Wagner (swagner@bilzin.com)<br>Bilzin Sumberg Baena Price & Axelrod LLP<br>1450 Brickell Avenue, Suite 2300<br>Miami, FL 33131-3456<br><br>Stuart Singer (ssinger@bsfllp.com)<br>Boies, Schiller & Flexner LLP<br>401 East Las Olas Boulevard, Suite 1200<br>Fort Lauderdale, FL 33301<br><br>William A. Isaacson (wisaacson@bsfllp.com)<br>Boies, Schiller & Flexner LLP<br>5301 Wisconsin Avenue NW, Suite 800<br>Washington, DC 20015<br><br>Philip J. Iovieno (piovieno@bsfllp.com)<br>Anne M. Nardacci (anardacci@bsfllp.com)<br>Boies, Schiller & Flexner LLP<br>30 South Pearl Street, 11th Floor<br>Albany, NY 12207<br><br>*Attorneys for Plaintiffs Tech Data Corporation*<br>*and Tech Data Product Management, Inc.* |

THOMSON SA'S RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS

100

No. 07-5944-SC; MDL No. 1917

| | |
|---|---|
| Roman M. Silberfeld (rmsilberfeld@rkmc.com)<br>David Martinez (dmartinez@rkmc.com)<br>Robins, Kaplan, Miller & Ciresi LLP<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067-3208<br><br>*Attorneys for Plaintiffs Best Buy Co., Inc., Best*<br>*Buy Purchasing LLC, Best Buy Enterprise*<br>*Services, Inc., Best Buy Stores, L.P.,*<br>*Bestbuy.com, LLC, and Magnolia Hi-Fi, Inc.* | Richard Alan Arnold (rarnold@knpa.com)<br>William J. Blechman (wblechman@knpa.com)<br>Kevin J. Murray (kmurray@knpa.com)<br>Kenny Nachwalter, P.A.<br>201 South Biscayne Boulevard, Suite 1100<br>Miami, FL 33131<br><br>*Attorneys for Plaintiffs Sears, Roebuck and Co.*<br>*and Kmart Corp.* |
| H. Lee Godfrey<br>(lgodfrey@susmangodfrey.com)<br>Kenneth S. Marks<br>(kmarks@susmangodfrey.com)<br>Jonathan J. Ross (jross@susmangodfrey.com)<br>Johnny W. Carter (jcarter@susmangodfrey.com)<br>David M. Peterson<br>(dpeterson@susmangodfrey.com)<br>Susman Godfrey LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br><br>Parker C. Folse III<br>(pfolse@susmangodfrey.com)<br>Rachel S. Black (rblack@susmangodfrey.com)<br>Jordan Connors<br>(jconnors@susmangodfrey.com)<br>Susman Godfrey LLP<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101-3000<br><br>*Attorneys for Plaintiff Alfred H. Siegel, as*<br>*Trustee of the Circuit City Stores, Inc.*<br>*Liquidating Trust* | Jason C. Murray (jmurray@crowell.com)<br>Crowell & Moring LLP<br>515 South Flower Street, 40th Floor<br>Los Angeles, CA 90071<br><br>Jerome A. Murphy (jmurphy@crowell.com)<br>Astor H.L. Heaven (aheaven@crowell.com)<br>Crowell & Moring LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004<br><br>*Attorneys for Plaintiff Target Corp.* |