Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

***Attorneys for Defendants Thomson
Consumer, Inc. and Thomson SA***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

IN RE CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION,

No. 07-cv-5944-SC
MDL No. 1917

This Document Relates to:

*Electrograph Systems, Inc. et al. v.
Technicolor SA, et al., No. 13-cv-05724;*

*Alfred H. Siegel, as Trustee of the Circuit
City Stores, Inc. Liquidating Trust v.
Technicolor SA, et al., No. 13-cv-05261;*

*Best Buy Co., Inc., et al. v. Technicolor SA,
et al., No. 13-cv-05264;*

*Interbond Corporation of America v.
Technicolor SA, et al., No. 13-cv-05727;*

*Office Depot, Inc. v. Technicolor SA, et al.,*

**THOMSON DEFENDANTS'
OPPOSITION TO DIRECT ACTION
PLAINTIFFS' MOTION TO ISSUE A
LETTER OF REQUEST FOR
INTERNATIONAL JUDICIAL
ASSISTANCE TO TAKE DEPOSITIONS
IN FRANCE**

Judge: Hon. Samuel Conti

THOMSON DEFENDANTS' OPPOSITION TO
DAPS' MOTION TO ISSUE A REQUEST FOR
INTERNATIONAL LEGAL ASSISTANCE

No. 07-5944-SC; MDL No. 1917

1   *No. 13-cv-05726;*

2   *Costco Wholesale Corporation v.*
3   *Technicolor SA, et al., No. 13-cv-05723;*

4   *P.C. Richard & Son Long Island*
    *Corporation, et al. v. Technicolor SA, et al.,*
5   *No. 31:cv-05725;*

6   *Schultze Agency Services, LLC, o/b/o*
7   *Tweeter Opco, LLC, et al. v. Technicolor SA,*
    *Ltd., et al., No. 13-cv-05668;*

8
    *Sears, Roebuck and Co. and Kmart Corp. v.*
9   *Technicolor SA, No. 3:13-cv-05262;*

10  *Target Corp. v. Technicolor SA, et al., No.*
11  *13-cv-05686*

12  *Tech Data Corp., et al. v. Hitachi, Ltd., et*
    *al., No. 13-cv-00157*
13
    *Dell Inc. v. Hitachi Ltd.,*
14  *No. 13-cv-02171;*

15  *Sharp Electronics Corp., et al. v. Hitachi,*
    *Ltd., et. al., No. 13-cv-01173*
16

17  *ViewSonic Corporation v. Chunghwa Corp.,*
    *et al., No. 14-cv-02510*

18

19

20

21

22

23

24

25

26

27

28

THOMSON DEFENDANTS' OPPOSITION TO                    No. 07-5944-SC; MDL No. 1917
DAPS' MOTION TO ISSUE A REQUEST FOR
INTERNATIONAL LEGAL ASSISTANCE

1    The DAPs move for the issuance of a letter of request to obtain testimony from four

2    former Thomson SA employees in France—Emeric Charamel, Christian Lissorgues, Didier Trutt,

3    and Agnes Martin.  (Mot. at 2.)  Thomson SA and Thomson Consumer Electronics ("Thomson

4    Defendants") do not dispute that proceeding under the Hague Convention ("Hague") is the

5    appropriate means by which to obtain testimony from the four French witnesses.  But the

6    Thomson Defendants object to DAPs' delay in seeking to institute Hague procedures for

7    witnesses DAPs have long known about.  Allowing DAPs to wait until the eleventh hour to begin

8    the months-long process of obtaining depositions under the Hague for witnesses they have known

9    about since last year (at the latest) would prejudice Thomson Defendants and jeopardize the

10   March 9, 2015 trial date.  The DAPs' Motion should be denied.

## FACTUAL BACKGROUND

12   As explained more thoroughly in the Thomson Defendants' Response to DAPs'

13   Administrative Motion to Extend Discovery Deadline, filed concurrently herewith, the DAPs

14   have long known of Charamel, Lissorgues, Trutt, and Martin.[1]  On October 17, 2011 Samsung

15   SDI filed supplemental responses to the Direct Purchaser Plaintiffs' ("DPPs") First Set of

16   Interrogatories which identified ███████████████████████████████

17   ████████████████████████████████████████████████████████

18   ██████  (See Ex. A at 31-33, 45-46, 52, 53, 56, 58, 60-65.)  A year and a half later, in March

19   2013 Sharp filed its complaint and the other DAPs moved to amend their complaints to add

20   claims against the Thomson Defendants ("Thomson").  On August 7, 2013, after Thomson SA

21   moved to dismiss Sharp's claims for lack of personal jurisdiction, Sharp filed its opposition brief

22   and  attached over 300 pages of exhibits, including Samsung SDI's October 17, 2011

23   Interrogatory Responses, and numerous other documents previously produced by other

24   defendants that specifically identify ████████████████  (See e.g. Dkt. 1835, Exs.

25   B, C, E, F, H, L.)  As such, it is undisputed that the DAPs knew of the potential relevance of these

26

27   [1] Thomson  Defendants dispute the relevance of Thomson Defendants' activities in Europe, as they are
     unrelated to the DAPs' claims brought in the United States.

28

individuals no later than August 2013.  *Id.*

Further, on October 28, 2013, Sharp filed its First Amended Complaint, specifically identifying ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

███████████████████████  (*See* Sharp's FAC [Dkt. 2030-4] at ¶¶ 196, 198.)[2]

The DAPs also have known for several months that they must initiate Hague proceedings to obtain deposition testimony from the four French witnesses.  On April 11, 2014, Sharp sent a letter to the Thomson Defendants stating that based on information "[DAPs] obtained from other defendants during the discovery process," the DAPs wanted to notice the deposition of, *inter alia*, Charamel and Lissorgues. *See* Ex. C.  On April 18, 2014, the Thomson Defendants responded with an email informing Sharp that both Charamel and Lissorgues were former employees of Thomson SA, effectively notifying the DAPs that Thomson SA could not force these individuals to travel to the United States to sit for a deposition.

On April 29, 2014, the Thomson Defendants and the DAPs entered into a stipulation that set the same discovery, dispositive motion, and trial preparation deadlines as those contained in the March 21, 2014 Scheduling Order applicable to the other defendants. [Dkt. 2554.]   The parties stipulated that discovery would be completed on September 5, 2014, the deadline to file dispositive motions would be November 7, 2014, and trial would commence on March 9, 2015. *Id.*

On May 14, 2014, Thomson SA served responses and objections to the DAPs' document requests, stating that Thomson SA would not produce documents in response to the requests outside of Hague procedures if doing so would "violate the laws of the foreign jurisdiction(s) in which the information and/or documents are located, including, without limitation, the laws of France."  *See* Ex. D.   On June 4, 2014, counsel for the Thomson Defendants met and conferred with counsel for Sharp regarding these responses, during which Thomson SA confirmed once

---

[2] In November and December 2013, each of the DAPs who have joined the instant administrative motion also filed complaints against the Thomson Defendants that contained virtually identical allegations.  (*See e.g.* Electrograph's FAC [Dkt. 2279] at ¶152.)

1   again that, in accordance with French law, it could not produce documents located in France

2   "unless requests are made under the Hague Convention."   *See* Ex. E, at 1.  Thomson SA also

3   stated: (1) "plaintiffs would be required to go through Hague procedures to acquire" the

4   deposition of Charamel and (2) it had been unable to locate Lissorgues and had no contact

5   information for him.  *Id*. at 3.  Thus, it is undisputed that the DAPs have known since at least June

6   4, 2014, that they would need to utilize Hague procedures to obtain testimony from Charamel and

7   Lissorgues.

8       Although the DAPs alleged last year that Trutt and Martin participated in conspiratorial

9   conduct, the DAPs first indicated they wanted to depose Martin and Trutt on August 8, 2014, only

10  one month before the close of discovery.  See Ex. F.  At the time the DAPs issued deposition

11  notices for Trutt and Martin, they were well aware that Martin and Trutt were French-based.

12  Therefore, the DAPs should have inquired with the Thomson Defendants long before August 8,

13  2014 about obtaining Martin's and Trutt's depositions and whether Hague procedures were

14  required.

15                              **<u>ARGUMENT</u>**

16      **A.   Legal Standard.**

17      A letter rogatory is a formal written request sent by a court in which an action is pending

18  to a court of a foreign country, requesting the foreign court to compel the testimony or discovery

19  from a witness resident within that court's jurisdiction.  *Asis Internet Services v. Optin Global,*

20  *Inc.*, 2007 WL 1880368, at *3 (N.D. Cal. June 29, 2007).  Federal Rule of Civil Procedure 28(b)

21  stipulates that a deposition may be taken in a foreign country "(2) pursuant to a letter of request

22  (whether or not captioned a letter rogatory)."  Fed. R. Civ. P. 28(b); *Asis Internet Services*, 2007

23  WL 1880368, at *3.

24      A court is inherently vested with the authority to issue letters rogatory. *S.E.C. v. Leslie,*

25  2009 WL 688836, at *2 (N.D. Cal. March 16, 2009); *see also United States v. Staples*, 256 F.2d

26  290, 292 (9th Cir. 1958); *United States v. Reagan*, 453 F.2d 165, 168 (6th Cir. 1971).  Whether to

27  issue such a letter is a matter of discretion for the court, and the court can deny issuing the letter

28  upon a showing of good cause.  *Asis Internet Services*, 2007 WL 1880368, at *3; *see also*

1   *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 24, 26-27 (D. Conn. 2003.)

2   "When determining whether to exercise its discretion, a court will generally not weigh the

3   evidence sought from the discovery request nor will it attempt to predict whether that evidence

4   will actually be obtained." *Id.*; *see also DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*,

5   131 F.R.D. 367, 369 (D. Mass. 1990); *B & L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D.

6   Okla. 1978).   "Ultimately, a court's decision whether to issue a letter rogatory requires an

7   application of Rule 28(b) in light of the scope of discovery provided for by Federal Rules of Civil

8   Procedure." *Id.*   Judicial supervision of discovery should always seek to minimize its costs and

9   inconvenience and to prevent improper uses of discovery requests. *Leslie*, 2009 WL 688836, at

10   *3.

11          **B.      There is Good Cause to Deny the DAPs' Motion to Issue a Letter of Request
12                    for International Judicial Assistance to Take Depositions in France.**

13          There is good cause for the Court to deny the DAPs' motion for the issuance of a letter

14   rogatory.   As explained above, the DAPs have long known that Charamel, Lissorgues, Trutt, and

15   Martin might possess testimony relevant to their claims.   And the DAPs have also known for

16   months of the need to initiate Hague proceedings to depose these witnesses.   Nonetheless, the

17   DAPs waited until approximately one week before the September 5, 2014 discovery deadline to

18   file the instant motion seeking a letter rogatory to obtain the testimony from each of these foreign

19   witnesses.   Given the DAPs' lack of diligence, the Court should not issue a letter rogatory, as any

20   further delay in discovery for the letters rogatory process is not justified. *United States v. Rosen,*

21   240 F.R.D. 204, 215 (E.D. Va. 2007) (denying issuance of letters rogatory where the delay

22   attending the use of the letters rogatory process was not justified.)

23          Further, issuing a letter rogatory as requested by the DAPs would result in a change to the

24   March 21, 2014 Scheduling Order, applicable to the Thomson Defendants as a result of the April

25   29, 2014 stipulation between Thomson Defendants and the DAPs.   [Dkt. 2554.] A scheduling

26   order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P.

27   16(b)(4).      Because the DAPs were not diligent in seeking the depositions of Charamel,

28   Lissorgues, Trutt and Martin, good cause does not exist to extend the discovery deadline to obtain

1    the testimony of foreign witnesses under the Hague. *Johnson v. Mammoth Recreations, Inc.*, 975

2    F.2d 604, 609 (9th Cir. 1992).

3         The Court has consistently stated that "maintaining the March 9, 2015 trial date is

4    important to resolving these cases." [Dkt. #2711].  The additional, belated discovery sought by

5    the DAPs will undoubtedly jeopardize the March 9, 2015 trial date. If efforts to utilize Hague

6    procedures to obtain testimony from other former employees of defendants in this case are any

7    guide, it will take at least several months to secure the testimony of former Thomson SA

8    employees.  For example, since at least January 2014, the Plaintiffs have been attempting to

9    utilize Hague procedures to obtain the testimony in the Netherlands of former Philips and LPD

10   employee Leo Mink, but still have not succeeded in doing so.  *See* Ex. F.  If the Thomson

11   Defendants are forced to continue with discovery well into December 2014 or later, it will be

12   impossible to file dispositive motions by November 7, 2014, and prepare for the March 9, 2015

13   trial.  The DAPs should not be permitted to depose the four French witnesses, given the pending

14   discovery deadline of September 5, 2014 and dispositive motion deadline of November 7, 2014.

15                                    **CONCLUSION**

16        Good cause exists to deny the DAPs' request for a letter rogatory to depose Charamel,

17   Lissorgues, Trutt and Martin.  The record establishes that the DAPs had a full opportunity to take

18   discovery within the agreed-upon timeframe.  The DAPs' eleventh hour attempt to institute

19   Hague procedures should not be rewarded, and their motion should be denied in its entirety.

20   Dated:  September 2, 2014              FAEGRE BAKER DANIELS LLP

21                                          By: /s/ Kathy L. Osborn

22
                                            Kathy L. Osborn (*pro hac vice*)
23                                          Ryan M. Hurley (*pro hac vice*)
                                            Faegre Baker Daniels LLP
24                                          300 N. Meridian Street, Suite 2700
                                            Indianapolis, IN  46204
25                                          Telephone: (317) 237-0300
                                            Facsimile: (317) 237-1000
26                                          kathy.osborn@FaegreBD.com
                                            ryan.hurley@FaegreBD.com
27
                                            Jeffrey S. Roberts (*pro hac vice*)
28                                          Faegre Baker Daniels LLP

THOMSON DEFENDANTS' OPPOSITION TO                              No. 07-5944-SC; MDL No. 1917
DAPS' MOTION TO ISSUE A REQUEST FOR
INTERNATIONAL LEGAL ASSISTANCE

3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203
Telephone: (303) 607-3500
Facsimile:  (303) 607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: (650) 324-6700
Facsimile: (650) 324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendants Thomson SA and Thomson
Consumer Electronics, Inc.*

THOMSON DEFENDANTS' OPPOSITION TO
DAPS' MOTION TO ISSUE A REQUEST FOR
INTERNATIONAL LEGAL ASSISTANCE

No. 07-5944-SC; MDL No. 1917