Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13- | Case No. 07-cv-5944 SC<br>MDL No. 1917<br><br>**DIRECT ACTION PLAINTIFFS' NOTICE OF RELEVANT JUDICIAL OPINION**<br><br>**(CIVIL LOCAL RULE 7-3(d)(2))** |

cv-05726;

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Crago, et al. v. Mitsubishi Electric Corp.*, No. 14-cv-2058.

Plaintiffs[1] hereby file this notice of a relevant judicial opinion pursuant to Civil Local Rule 7-3(d)(2) related to their motion to extend time to take discovery from Thomson Defendants (Dkt. No. 2773), and their motions for issuance of Letters Rogatory relating to documents located in France (Dkt. No. 2716) and relating to French witnesses (Dkt. No. 2776).  Plaintiffs wish to bring to the Court's attention the Recommended Order issued by Special Master Walker yesterday relating to issues currently before Court in connection with the above-referenced motions. Although the Recommended Order of the Special Master would come to the Court's attention in the ordinary course, Plaintiffs felt it prudent to supplement the record.

A copy of the Report and Recommendation is attached as Exhibit A for this Court's convenience.

---

[1] "Plaintiffs" refers to all Direct Action Plaintiffs, except the Dell and CompuCom plaintiffs, which have not named Thomson as defendants.

DATED:  September 3, 2014  Respectfully Submitted,

By:  /s/ *Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
2001 K Street, NW
Washington, DC  20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Co. of America, Inc.*

By: /s/ *David J. Burman*

David J. Burman (pro hac vice)
Cori G. Moore (pro hac vice)
Eric J. Weiss (pro hac vice)
Nicholas H. Hesterberg (pro hac vice)
Steven D. Merriman (pro hac vice)
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: DBurman@perkinscoie.com
Email: CGMoore@perkisncoie.com
Email: EWeiss@perkinscoie.com
Email: NHesterberg@perkinscoie.com
Email: SMerriman@perkinscoie.com


Joren Bass, Bar No. 208143
JBass@perkinscoie.com
**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

*Attorneys for Plaintiff Costco Wholesale Corporation*

By: /s/ *Philip J. Iovieno*

William A. Isaacson
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Stuart Singer
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
**BOIES, SCHILLER & FLEXNER LLP**
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies Corp., Office Depot, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC and Tech Data Corporation and Tech Data Product Management, Inc.*

By: /s/ *Scott N. Wagner*

Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
**Bilzin Sumberg Baena Price & Axelrod LLP**
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email: rturken@bilzin.com
Email: swagner@bilzin.com
Email: mwidom@bilzin.com

*Attorneys for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

By: /s/ *David Martinez*

Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
Jill Casselman
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com
Email: jcasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
Email: eskaplan@rkmc.com
kcwildfang@rkmc.com
lenelson@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*

---

7
DIRECT ACTION PLAINTIFFS' NOTICE OF RELEVANT JUDICIAL OPINION (CIV. L.R. 7-3(d)(2))
CASE NO. 07-CV-5944; MDL NO. 1917

By: /s/ *Lee Godfrey*

H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: lgodfrey@sumangodfrey.com
Email: kmarks@susmangodfrey.com
Email: jross@susmangodfrey.com
Email: jcarter@susmangodfrey.com
Email: dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
Email: rblack@susmangodfrey.com
Email: jconnors@susmangodfrey.com

*Attorneys for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

By: /s/ *Jason Murray*

Jason C. Murray (CA Bar No. 169806)
**CROWELL & MORING LLP**
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
aheaven@crowell.com

*Attorneys for Target Corp.*

By:  /s/ *Richard Arnold*

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
**KENNY NACHWALTER, P.A.**
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

## E-FILING ATTESTATION

I, Craig A. Benson, am the ECF user whose ID and password are being used to file the Direct Action Plaintiffs's Notice Of Relevant Judicial Opinion (Civil Local Rule 7-3(d)(2). In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing.

Dated:  September 3, 2014                    */s/ Craig A. Benson*
                                              Craig A. Benson

# E<span style="font-variant:small-caps">xhibit</span> A

Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
Tel: (415) 871-2888
Fax: (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>All Direct Action Plaintiff Actions, except for those brought by Dell and CompuCom | MDL No 1917<br><br>Master Case No 3:07-cv-05944SC<br><br>**RECOMMENDED ORDER OF THE SPECIAL MASTER** |
|---|---|

On July 28, 2014, Direct Action Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc ("Sharp") on behalf of themselves and most of the Direct Action Plaintiffs[1], sought the undersigned's assistance in resolving a discovery dispute with defendant Thomson, SA ("Thomson") concerning documents and testimony purportedly withheld on the basis of a French statute and other grounds.  Thomson submitted its opposition on August 6 and, on August 12, Sharp submitted a reply to Thomson's opposition.  The undersigned did not conduct an oral hearing on the matter in the interest of time and because a hearing did not appear likely to add new or different information or arguments.

Sharp seeks an order compelling Thomson to produce a FRCP 30(b)(6) witness and documents[2]: (1) related to communications or meetings between Thomson and competitors[3]; (2) related to the court's general or specific jurisdiction over Thomson[4]; (3) related to the disposition of Thomson's CRT business[5]; and (4) produced to the European

---

[1] Electrograph Systems, Inc, Electrograph Technologies Corp, Best Buy Co, Inc, Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc, Best Buy Stores, LP, Bestbuy.com, LLC, Magnolia Hi-Fi, LLC, Shultze Agency Services, LLC, Alfred H Siegel, as trustee of the Circuit City Stores, Inc Liquidating Trust, Costco Wholesale Corporation, Target Corp, Office Depot, Inc, Tech Data Corporation, Tech Data Product Management, Inc, Interbond Corporation of America, Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.  Direct Action Plaintiffs CompuCom Systems, Inc and Dell, Inc and Dell Products, LP have not named Thomson as a defendant.

[2] What follows is Sharp's paraphrase of the discovery requests; the undersigned has not independently reviewed the requests themselves for accuracy of the paraphrasing.

[3] Direct Action Plaintiffs' First Set of Requests for Production of Documents, Request Nos 3-5; Notice of Deposition of Thomson SA pursuant to FRCP 30(b)(6), Nos 1, 2, 5, 6, 9.

[4] Request Nos 36-37, 46-60; Notice Nos 13, 14, 20, 21, 24, 25, 31.

[5] Request Nos 33, 35; Notice Nos 34, 35.

Commission for Competition.[6] Sharp argues that: (1) requests calling for communications and meetings with competitors are regularly held to be relevant to the issues in this litigation concerning as it does alleged cartel behavior; (2) the requests regarding Thomson SA's relationship with Thomson Consumer are relevant to jurisdictional issues, in particular the extent to which Thomson SA controlled or acted through Thomson Consumer and conducted conspiratorial activities in or related to the United States and has, therefore, met minimum contacts standards required for general or specific jurisdiction; and (3) the French Blocking Statute that Thomson has asserted precludes its production of documents in France presents no obstacle to proceeding with this discovery. The French statute occupies the bulk of the parties' attention.

In opposition, Thomson makes essentially four arguments: (1) Sharp was late in naming Thomson – in March 2013, five years after the litigation and discovery began – yet Thomson Consumer has produced over 26,000 pages of documents regarding the Thomson defendants' CRT operations, many of which were created by Thomson SA's employees in France "including documents responsive to the very requests for documents that plaintiffs seek to compel here;" despite this, Sharp has failed to provide "any explanation of why [this

---

[6] Request No 42; Notice No 4. Sharp states that it "seeks only those documents that Thomson SA produced to the European Commission," a limitation evidently imposed due to the court's decision in its March 26 order. See In re Cathode Ray Tube (CRT) Antitrust Litigation, 2014 WL 1247770 (N D Cal 2014).

production] was inadequate;"[7] (2) the French Blocking Statute[8] makes it a crime "for any person to request, seek or disclose, in writing or orally or otherwise, economic, commercial, industrial, financial or technical documents or information leading to the constitution of evidence with a view to foreign judicial or administrative proceedings or in connection therewith,"[9] and in 2008 Thomson was advised that the provisions of the Blocking Statute are mandatory and limited only by applicable international treaties or agreements; (3) compliance with Sharp's requests will subject Thomson SA and its Rule 30(b)(6) witness to criminal prosecution while the requested materials have either been provided or are available through Hague Convention procedures which is the appropriate means of securing Sharp's proposed discovery and, finally, (4) ordering the discovery of documents produced to the EC competition authorities would be an end run around the court's March 26, 2014 decision denying the Direct Action Plaintiffs' motion for the December 5, 2012 decision of the competition authorities of the European Commission. In re Cathode Ray Tube (CRT) Antitrust Litigation, 2014 WL 1247770 (N D Cal 2014).[10]

The so-called French Blocking Statute in which Thomson seeks refuge is a peculiar enactment that if applied literally would thwart much of the normal process of

---

[7] Osborn Ltr, Aug 6, 2014 at 3
[8] Penal Code No 80-538, Art 1A.
[9] Osborn Ltr, supra, quoting Societe Nationale Industrielle Aerospatiale v U S District Court for Southern Dist of Iowa, 482 US 522, 526 n 6 (1987).
[10] Thomson also argues that at least some of the discovery Sharp seeks calls for information related to its non-CRT-related business expenses, budget and financial analysis. Osborn Ltr at 7. By definition, the discovery at issue here relates to CRTs, not other products.

discovery from French nationals and of evidence located in that country. Thomson's basis for claiming that the statute would be enforced in the present situation is predicated on an episode six years ago in an unrelated matter. Thomson presents nothing to show that the statute would be invoked in the present case. While it is obvious that the courts of the United States must respect the sovereign interests of foreign nations and "exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position," <u>Societe Nationale Industrielle Aerospatiale v U S District Court for Southern Dist of Iowa</u>, 482 US 522, 545 (1987), it is equally the case that the discovery processes of the United States should not be thwarted by some obstructive edit of a foreign country. Ibid. Hence, the Supreme Court in <u>Aerospatiale</u> made short shrift of a similar attempt to invoke the French Blocking Statute noting, as in this case, that the record in that case did not establish that the petitioners had notified the appropriate French ministerial official of the present discovery request or attempted to secure a waiver of prosecution from French authorities. 482 US at 582 n10. Furthermore, <u>Aerospatiale</u> disposes of another of Thomson's arguments: that Sharp must resort to the Hague Convention in order to obtain the discovery it seeks here. The Supreme Court made plain that the Hague Convention does not displace the processes of the Federal Rules when it comes to obtaining discovery abroad:

> An interpretation of the Hague Convention as the exclusive means for obtaining evidence located abroad would effectively subject every American court hearing a case involving a national of a contracting state to the internal laws of that state. Interrogatories and document requests are staples of international commercial litigation, no less than of other suits, yet a rule of exclusivity would subordinate the court's supervision of even the most routine of these pretrial proceedings to the actions or, equally, to the inactions of foreign judicial authorities.

482 US at 539.

That said, Sharp may be well advised to proceed simultaneously under the more cumbersome processes of the Hague Convention. The undersigned understands that a motion for discovery invoking that procedure is pending before the court which may wish to give that matter its prompt attention.

Thomson's remaining arguments deserve only brief attention. The previous production of 26,000 pages of documents by no means establishes substantial compliance with Sharp's discovery requests all of which appear to call for relevant evidence. This court's March 26 decision denying discovery of the EC's *confidential* decision provides little basis for denial of the present discovery. The discovery sought here does not entail disclosure of confidential information of an international entity and thus does not implicate the comity interests that the court found persuasive. See In re Cathode Ray Tube (CRT) Antitrust Litigation, 2014 WL 1247770 at *3-4 (N D Cal 2014). The March 26 order did not expressly foreclose the discovery of documents Thomson produced to the EC authorities. Thomson argues, however, that producing such documents would be tantamount to invading the confidential processes of the EC and an end run around the March 26 order. Mindful of the court's concern and instead of ordering production to Sharp's fourth category of requests, the undersigned recommends denial of the fourth category of Sharp's requests, but to forbid Thomson from withholding any document that falls into the fourth category if the document is otherwise responsive to Sharp's first three categories of requests.

Finally, it may be that allowing Sharp to proceed with the discovery it seeks here

will necessitate that this discovery be allowed to be taken after the present discovery deadline has passed. That should not be an obstacle to granting Sharp's motion for several reasons: (1) Thomson's late entry into the case almost made inevitable that some post-deadline discovery would have to be allowed; (2) diligent efforts and cooperation between the parties should allow the discovery sought here to be completed in a matter of weeks, not months or years, so that any additional time for taking this discovery should not unduly prolong the discovery period; and (3) in the near future the court will be confronted with serious questions from the parties about the scope, phasing and scheduling of the trial as well as, in all likelihood, motions under FRCP 42(b) for separate proceedings; these matters will require serious attention and consideration and allow the court factor in any unfinished discovery in addressing these issues.

Accordingly, IT IS REPORTED AND RECOMMENDED that to the extent the following discovery relates to the products at issue herein Sharp's motion to compel production of documents and to produce one or more FRCP 30(b)(6) witnesses competent to testify on the communications and meetings between Thomson SA and its competitors, Thomson SA's control or actions though Thomson Consumer and the disposition of Thomson SA's CRT business be GRANTED;

IT IS FURTHER REPORTED AND RECOMMENDED that production to the fourth category of Sharp's requests be DENIED but that notwithstanding that a document was produced to the EC competition authorities it must be produced if it is otherwise responsive to Sharp's requests;

IT IS FURTHER REPORTED AND RECOMMENDED that the parties be directed to confer and, to the extent possible, work out a schedule for the prompt completion of the foregoing discovery, so as not unduly to prolong the taking of discovery herein and that any disputes with respect to the scheduling of the discovery ordered hereby and the specific discovery requests at issue here be brought to the undersigned's attention.

IT IS SO ORDERED.

This ___2d___ day of September 2014

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Dated: September ___, 2014

_____
Hon Samuel Conti
United States District Judge