1  KAMALA D. HARRIS
   Attorney General of California
2  MARK BRECKLER
   Chief Assistant Attorney General
3  KATHLEEN FOOTE
   Senior Assistant Attorney General
4  EMILIO VARANINI
   Deputy Attorney General
5  State Bar No. 163952
     455 Golden Gate Avenue, Suite 11000
6    San Francisco, CA  94102-7004
     Telephone:  (415) 703-5908
7    Fax:  (415) 703-5480
     E-mail:  Emilio.Varanini@doj.ca.gov
8
   *Attorneys for the State of California, et al.*
9

10                IN THE UNITED STATES DISTRICT COURT

11             FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13

14 | | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT)** | Master File No. 3:07-cv-05944-SC |
| **ANTITRUST LITIGATION,** | |
| | MDL No. 1917 |
| | |
| | **ADMINISTRATIVE MOTION FOR** |
| | **ORDER ISSUING REVISED LETTERS** |
| | **OF REQUEST FOR TAKING OF** |
| | **EVIDENCE FROM WOONG TAE (W.T.)** |
| | **KIM AND MYUNG JOON (M.J.) KIM OF** |
| | **THE REPUBLIC OF KOREA** |
| **This Document Relates To:** | |
| **ALL ACTIONS** | |

23               <u>**NOTICE OF MOTION AND MOTION**</u>

24         TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:  PLEASE TAKE

25  NOTICE that, pursuant to Civil Local Rule 7.11, Plaintiff the Attorney General of the State of

26  California respectfully moves this Court pursuant to Federal Rule of Civil Procedure 28(b)(1) and

27  the Hague Convention for an order issuing the revised letters of request accompanying the

28  proposed order to the relevant authorities in the Republic of Korea ("Revised Letters of

                                      1

1  Request").  This Court on May 30, 2014 issued the original letters of request to the relevant

2  authorities in the Republic of Korea to allow for the taking of evidence from Woong Tae (W.T.)

3  Kim and Myung Joon (M.J.) Kim before the fact discovery cut-off on September 5, 2014.  Letters

4  Rogatory, *In re CRT Antitrust Litig.*, MDL No. 1917 (May 30, 2014) [Docket Nos. 2571-4, 2571-

5  8].  On July 29, 2014, this Court received two letters from the National Court Administration of

6  the Republic of Korea, requesting that the letters of request be revised to include the questions

7  that the relevant authorities in the Republic of Korea would ask these witnesses.  That

8  administrative body further stated that if the letters were so revised, it would provide all possible

9  support and be fully cooperative.  Letters from the National Court of Administration, Republic of

10  Korea, *In re CRT Antitrust Litig.*, MDL No. 1917 (July 29, 2014) [Docket Nos. 2724, 2725].  The

11  use of Civil Local Rule 7.11 is justified by the urgency of this request in that the Revised Letters

12  of Request must be promptly delivered to the relevant authorities in the Republic of Korea so that

13  the depositions of Woong Tae (W.T.) Kim and Myung Joon (M.J.) Kim may be conducted as

14  promptly as possible.  *See* Decl. of Emilio E. Varanini  at ¶ 18.  Though the depositions of these

15  individuals would take place after the close of discovery on September 5, 2014, those depositions

16  will take place well before the trials of the state and federal matters in this case and will not

17  interfere with any ongoing proceedings.  *See id.* at ¶ 19.  This administrative motion is based on

18  this notice, the accompanying memorandum of points and authorities, the declaration of Emilio E.

19  Varanini along with attached exhibits, and the record in this matter.  Defendant LG does not

20  object to this request.  *See id.*  at ¶ 9.

21  ## MEMORANDUM OF POINTS AND AUTHORITIES

22      Federal Rule of Civil Procedure 28(b)(1) provides that a deposition may be taken in a

23  foreign country under a letter of request.  It further provides that testimony obtained pursuant to

24  such a request can be admitted even if "it is not a verbatim transcript, because the testimony was

25  not taken under oath, or because of any similar departure from the requirements for depositions

26  taken within the United States." Fed. R. Civ. P. 28(b)(4).  Issuing letters of request, let alone

27  revised ones at the request of a foreign government, is particularly appropriate under, though not

28  limited to, circumstances in which the witness in question is a foreign nonparty who is beyond the

2

1    jurisdiction of this Court.  *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 364 (D. Kan. 2010);

2    *see also Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.*, 482 U.S. 522, 540-

3    41 & n.26 (1987).  And comity supports respect not just for the request made by the National

4    Court Administration of the Republic of Korea but for its expressed desire to effectuate the letters

5    of request once revised (as here) and submitted.  *See Aerospatiale*, 482 U.S. at 547 ("American

6    courts should therefore take care to demonstrate due respect for any special problem confronted

7    by the foreign litigant on account of its nationality or the location of its operations, and for any

8    sovereign interest expressed by a foreign state.").  Defendant LG has stated it will not object to

9    this revised request to take evidence from its ex-employees, *see* Decl. of Emilio E. Varanini at ¶

10   9, and had supplied the information that supported the original letters of request, *see id.* at ¶¶ 13-

11   15.  This Court is thus eminently justified in issuing the Revised Letters of Request for the taking

12   of evidence from Woong Tae (W.T.) Kim and Myung Joon (M.J.) Kim, ex-employees of

13   Defendant LG.

14         One Defendant, Toshiba, has nonetheless indicated that it may so object.  Letter from

15   Kristen McAhren to Emilio E. Varanini (Aug. 20, 2014), attached as Exhibit 1 to the Declaration

16   of Emilio E. Varanini.  However, the issuance of revised letters of request to take evidence in the

17   Republic of Korea would constitute an administrative act equivalent to the issuance of a Federal

18   Rule of Civil Procedure 45 notice of deposition here in the United States.  *See In re Urethane*

19   *Antitrust Litig.*, 267 F.R.D.  361, 364-65 (D. Kan. 2010) (observing that the Hague Convention

20   itself assumes that a person whose deposition is noticed will testify).  Thus, a defendant such as

21   Toshiba has no standing to challenge the taking of evidence pursuant to Korean processes unless

22   it can show either a personal right or person privilege that is somehow being infringed, *see, e.g.,*

23   *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 523 (D. Co. 2003) (citing cases), or

24   good cause, i.e., that the discovery proposed exceeds the liberal bounds of federal discovery, *see,*

25   *e.g., Brake Parts v. Lewis*, 2009 WL 1939039 at *3-4 (E.D. Ky. No. 09-132-KSF July 6, 2009).

26   Defendant Toshiba indicated it may object to the issuance of these revised letters of request on

27   three grounds: (1) the questions are allegedly imprecise; (2) they do not elicit allegedly

28   exculpatory information as to supposed pro-competitive reasons for any competitor contacts; (3)

3

1   this process is otherwise inadequate for Toshiba to provide questions of its own.  *See* Exh. 1.

2   Defendants' objections, if made, do not meet this standard.

3        At the onset, it disserves comity to refrain from issuing the revised letters of request

4   requested by the relevant national authorities of the Republic of Korea after they expressed their

5   desire to cooperate with any such requests in exchange for their revision.  *See Aerospatiale*, 482

6   U.S. at 547.  Indeed, the Korean Fair Trade Commission has acted against the cartel alleged in

7   this case, imposing fines, thus amplifying the comity issues at stake here.  *See* Fair Trade

8   Commission, Multi-Party Meeting, Decision No. 2011-019, Case No. 2010*Gukka*2364 (March

9   10, 2011), attached as Exhibit 2 to the Declaration of Emilio E. Varanini.

10       Moreover, the entertainment of these objections at this point in time is improper.

11  According to Federal Rule of Civil Procedure 28(b)(4), and the Advisory Committee Notes to that

12  Rule, the proper time to entertain such objections is upon any attempt by Plaintiff to admit that

13  testimony into evidence.  Fed. R. Civ. P. 28(b)(4); Adv. Comm. Notes to Federal Rule of Civil

14  Procedure 28(b) ("Whether or to what degree the value or weight of the evidence may be affected

15  by the method of taking or recording the testimony is left for determination according to the

16  circumstances of the particular case. . . ."); *In re Urethane Antitrust Litig.*, 267 F.R.D. at 365

17  ("The court respectfully declines defendants' invitation to pre-screen the questions to determine

18  whether they will elicit admissible testimony."); *Brake Parts*, 2009 WL 1939039 at *3-4  (a letter

19  rogatory process that proposes to conduct a deposition upon written question is adequate).  In

20  particular, insofar as Defendant Toshiba complains about the alleged vagueness of Plaintiff's

21  questions, such objections are not appropriate at this point as they assume foreign authorities

22  cannot make the appropriate determinations under their own law, *see Pronova BioPharma Norge*

23  *AS v. Teva Pharmaceuticals, Inc.*, 708 F. Supp.2d 450, 453-54 (D. Del. 2010), an assumption

24  especially inappropriate here given the statements of the National Court Administration of the

25  Republic of Korea that such determinations would be made.  *See* Docket Nos. 2724, 2725.

26       And, insofar as Defendant Toshiba complains about the inability to offer questions of its

27  own for these witnesses given the applicable processes in the Republic of Korea, it could have

28  offered said questions in advance just as has been done in prior cases.  *See In re Urethane*

1  *Antitrust Litig.*, 267 F.R.D. at 365.  Though there is no requirement Plaintiff afford Defendant an

2  opportunity to propose questions of their own before service of these revised letters, *see, e.g.*,

3  Adv. Comm. Notes to Fed. R. of Civ. P. 28(b), Plaintiff gave Defendant Toshiba an adequate

4  opportunity to do so.  *See* Decl. of Emilio E. Varanini at ¶ ¶ 6-8.  Thus, any refusal to offer such

5  questions should amount to waiver of that objection even if that objection were otherwise valid at

6  this juncture.  *See United States v. Dunbar*, 48 M.J. 288, 290 (U.S. Armed Forces 1998).

7        Finally, issuing the revised letters would not be disruptive to the state or federal schedules

8  in this case nor otherwise work an injustice as to the parties in preparing for dispositive motions

9  or for trial.  Decl. of Emilio E. Varanini at ¶ 20; *cf. SEC v. Sandifur*, 2006 WL 3693611, *4-5

10  (W.D. Wash. No. C05-1636 C Dec. 11, 2006) (analyzing whether resorting to Hague Convention

11  processes was impractical given trial schedule).  The original letters were issued by this Court

12  with more than enough time to be served, and examinations to be completed, before the close of

13  fact discovery.  Docket Nos. 2571-4, 2571-8.  At the time they were issued, Plaintiff, and her

14  expert on notice procedures, were unaware of the need to attach the actual questions to those

15  letters before submitting them to the Court and so could not have submitted their proposed

16  questions before the date of this motion.  Decl. of Emilio E. Varanini at ¶ 20.  Plaintiff has

17  proposed, in accordance with the statements in the Letters from the National Court of

18  Administration, Republic of Korea about expediting this matter, that the witness examinations be

19  carried out before January 30, 2015, a deadline that affords not only close to five months to

20  complete those examinations but also ensures that any such examinations will be completed

21  before the pre-trial conference in the federal matter.  *Id*. at ¶ 20. In the meantime, Plaintiff

22  submits that no motion or other event need be stayed pending these witness examinations.  *Id*. at ¶

23  20.

24

25

26

27

28

For the foregoing reasons, Plaintiff Attorney General hereby requests a court order issuing the attached Revised Letters of Request.

Dated:  September 4, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California


/s/ Emilio Varanini
EMILIO VARANINI
Deputy Attorney General
Attorneys for the State of California, et al.

SF2011203501
41067700.doc

6

# CERTIFICATE OF SERVICE

Case Name: **State of California, et al v.**                    No.    **CGC-11-515784**
            **Samsung SDI Co., Ltd., et al**

I hereby certify that on <u>September 4, 2014</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ADMINISTRATIVE MOTION FOR ORDER ISSUING REVISED LETTERS OF REQUEST FOR TAKING OF EVIDENCE FROM WOONG TAE (W.T.) KIM AND MYUNG JOON (M.J.) KIM OF THE REPUBLIC OF KOREA**

**DECLARATION OF EMILIO E. VARANINI IN SUPPORT OF THE ADMINISTRATIVE MOTION FOR ORDER ISSUING REVISED LETTERS OF REQUEST FOR TAKING OF EVIDENCE FROM WOONG TAE (W.T.) KIM AND MYUNG JOON (M.J.) KIM OF THE REPUBLIC OF KOREA**

**REDACTED DECLARATION OF EMILIO E. VARANINI IN SUPPORT OF THE ADMINISTRATIVE MOTION FOR ORDER ISSUING REVISED LETTERS OF REQUEST FOR TAKING OF EVIDENCE FROM WOONG TAE (W.T.) KIM AND MYUNG JOON (M.J.) KIM OF THE REPUBLIC OF KOREA**

**[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION FOR ORDER ISSUING REVISED LETTERS OF REQUEST FOR TAKING OF EVIDENCE FROM WOONG TAE (W.T.) KIM AND MYUNG JOON (M.J.) KIM OF THE REPUBLIC OF KOREA**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>September 4, 2014</u>, at San Francisco, California.

Brenda Zuniga                                    */s/ Brenda Zuniga*
Declarant                                        Signature

41069520.doc