SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com
              tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-SC<br><br>MDL No. 1917<br><br>**SAMSUNG SDI DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORDER PERMITTING THE DEPOSITION OF LEO MINK TO BE COMPLETED BY JANUARY 30, 2015** |
| This Document Relates to:<br><br>ALL ACTIONS | |

## I.

## INTRODUCTION

Plaintiffs have known about former Philips employee Leo Mink, and his potential relevance to this litigation, for nearly three years. Yet Plaintiffs waited until January 2014 to initiate Hague Convention procedures to depose him, and further delayed until three days remained in the fact discovery period before seeking an order extending the discovery deadline to accommodate Mr. Mink's deposition. Under these circumstances, Plaintiffs cannot make the required showing that they diligently pursued Mr. Mink's deposition, and their motion (Dkt. No. 2780) should be denied.

## II.

## FACTUAL BACKGROUND

In October 2011, SDI served supplemental responses to the Direct Purchaser Plaintiffs' First Set of Interrogatories, which identify more than 30 instances in which Mr. Mink met or communicated with other CRT manufacturers. Declaration of Tyler M. Cunningham in Support of Opposition ("Cunningham Decl.") ¶ 2. Plaintiffs have repeatedly cited these interrogatory responses as evidence that particular persons participated in the alleged conspiracy. Indeed, in January 2014 the California Attorney General cited and attached those same interrogatory responses in support of its request to depose Mr. Mink. Declaration of Emilio E. Varanini in Support of the Admin. Mot. for Order Issuing Letter of Request (Dkt. No. 2328-1), ¶ 7; *Id*. Ex. 2.

Plaintiffs identified Mr. Mink as a potential deposition witness no later than December 2012. *See* Cunningham Decl. Ex. A (Alioto Dec. 3, 2012 letter to Taladay), p. 2. Plaintiffs also knew at this time that Mr. Mink was not a current Philips employee. *Id*. Ex. B (Malaise Dec. 18, 2012 letter to Alioto). Plaintiffs presumably knew from their review of Philips' documents that Mr. Mink was a foreign national (and could have confirmed this with a simple Internet search). Plaintiffs thus knew, or should have known, in December 2012 that they might need to employ the Hague Convention to secure Mr.

-1-

Case No. 07-5944-SC; MDL No. 1917   SAMSUNG SDI DEFS.' OPP. TO PLS.' MOT. FOR ORDER PERMITTING LEO MINK DEP.

1  Mink's deposition.  Despite this, Plaintiffs waited **13 additional months** before applying
2  for a letter of request allowing them to depose Mr. Mink in Amsterdam.  Dkt. No. 2328.
3  　　　　Throughout this time, Plaintiffs knew that their time to depose Mr. Mink was
4  limited.  The Court has entered a series of scheduling orders throughout this litigation,
5  including as early as March 2012, which set dates for the close of fact discovery.  *See* Dkt.
6  No. 1093.  Plaintiffs here stipulated to the operative schedule, under which fact discovery
7  closed on September 5, 2014.  *See* Dkt. No. 2459 ("Scheduling Order").  Plaintiffs waited
8  until three days remained in the fact discovery period to file the instant motion.

### III.
### ARGUMENT

11 　　　　A scheduling order "may be modified only for good cause and with the judge's
12 consent."  Fed. R. Civ. P. 16(b)(4).  The party seeking to continue or extend the deadline
13 bears the burden of proving good cause. *See Zivkovic v. Southern California Edison Co.*,
14 302 F.3d 1080, 1087 (9th Cir. 2002).  "Rule 16(b)'s 'good cause' standard primarily
15 considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth*
16 *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The pretrial schedule may be
17 modified if "it cannot reasonably be met despite the diligence of the party seeking the
18 extension."  *Id.*  However, "carelessness is not compatible with a finding of diligence and
19 offers no reason for a grant of relief."  *Id.*  Prejudice to a party opposing modification can
20 provide an additional reason to deny a motion seeking modification.  *Id.*
21 A.　　Plaintiffs Fail to Show that They Diligently Pursued Mr. Mink's Deposition.
22 　　　　Plaintiffs were aware of Mr. Mink's potential relevance to this litigation in October
23 2011, but waited **more than two years** before applying to the Court for a letter of request.
24 Plaintiffs offer no explanation for this delay, and thus fail to meet their burden of showing
25 diligence.  *See Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, 2008 U.S. Dist. LEXIS
26 82142, at *20-22 (D.V.I. Oct. 15, 2008).  Plaintiff in *Unlimited Holdings*, like Plaintiffs
27 here, sought to extend a court-ordered discovery cutoff date in order to effectuate service
28

-2-

on a foreign national pursuant to the Hague Convention. *Id*. at *20. Plaintiff in *Unlimited Holdings*, like Plaintiffs here, argued that it initiated the Hague process approximately seven months before the discovery cut-off, but needed more time to effect service. *Id*. The *Unlimited Holdings* court denied plaintiffs' motion to extend the cut-off, finding that plaintiffs waited too long (approximately five months) before initiating the Hague process. *Id*. at *21. Plaintiffs' failure to explain this five-month delay, the court held, amounted to a failure to show "good cause" to extend the deadline. *Id*. at *21-22. A fortiori, Plaintiffs' failure to explain a delay of more than two years before initiating the Hague process precludes any finding that Plaintiffs diligently pursued Mr. Mink's deposition.

      Plaintiffs also fail to show that they diligently pursued Mr. Mink's deposition after initiating the Hague process. Plaintiffs' Administrative Motion states that the California Attorney General's Office twice applied to this Court for a letter of request, and twice transmitted those requests to "the relevant authorities in the Netherlands." Declaration of Emilio E. Varanini In Support of the Administrative Motion (Dkt. No. 2780-1), ¶ 4. Beyond this, Plaintiffs offer few details about any effort to facilitate Mr. Mink's deposition. Plaintiffs provide no evidence of any attempt to expedite the Hague process, save for vague statements that the Attorney General's Office hired a Dutch "agent" and "contacted the Court of Oost-Brabant several times …." *Id*. ¶ 6. Plaintiffs offer no copies of actual communications with the Dutch court, Plaintiffs' agent, Mr. Mink's counsel, or any other "relevant authority." This scant record simply does not support the conclusion that Plaintiffs diligently pursued Mr. Mink's deposition.

      Finally, Plaintiffs fail to show that they diligently pursued the instant motion after it became clear that they could not depose Mr. Mink before the agreed-upon discovery cut-off. The California Attorney General suggests that its office learned in May 2014 that the appointed commissioner had requested withdrawal due to a conflict of interest. *Id*. ¶ 5. Yet Plaintiffs waited more than three additional months, until just three days remained in the fact discovery period, to file the instant motion. This lack of diligence in seeking

-3-

1  amendment of the Court's Scheduling Order provides an additional reason to deny the
2  motion.  *See Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc.*, Nos. 11-cv-2861-SC,
3  10-cv-5591-SC, 2012 WL 6095089, at *3-4 (N.D. Cal. Dec. 7, 2012) (Conti, J.) (denying
4  motion where plaintiff failed to explain why it waited nearly two months to move to
5  modify scheduling order).

B.  <u>Plaintiffs' Requested Deposition Would Duplicate Existing Discovery and Prejudice Defendants.</u>

Any deposition of Mr. Mink would likely duplicate the substantial volume of discovery Plaintiffs have already taken from the Philips defendants.  Plaintiffs have already deposed eight individuals associated with the Philips defendants.  Cunningham Decl. ¶ 5.  Plaintiffs have also deposed one Philips corporate representative pursuant to Fed. R. Civ. P. 30(b)(6), and have noticed the deposition of an additional Philips representative.  *Id*.  Plaintiffs fail to show that Mr. Mink could provide any unique information not already uncovered by the substantial discovery taken from Philips during the lengthy fact discovery period.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit unreasonably duplicative discovery).

Moreover, Plaintiffs' requested relief would prejudice Defendants.  Plaintiffs seek an order allowing them to depose Mr. Mink anytime through January 30, 2015.  This encompasses the entire briefing schedule for dispositive motions (the deadline for reply briefs is January 23, 2015).  Plaintiffs' proposed schedule would allow them to depose Mr. Mink after Defendants file their summary judgment motions, and potentially would allow Plaintiffs to use Mr. Mink's testimony in opposition.  This result would clearly prejudice Defendants, and would defeat the goal that the parties sought to achieve by agreeing to a schedule that closed fact discovery before dispositive motions were due.  *See France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-cv-04967-WHO, 2014 WL 1899616, at *5 (N.D. Cal. May 12, 2014) (denying request to modify pretrial schedule where modification would prejudice defendant by introducing new theory after deadline for

1  dispositive motions). Defendants would be further prejudiced because Mr. Mink's
2  deposition could occur after Defendants submit their motions in limine, trial exhibits,
3  deposition excerpts and witness lists. *See* Scheduling Order, at 3. In short, Plaintiffs'
4  requested relief threatens to upend the entire, agreed-upon pretrial schedule. Plaintiffs
5  provide no good cause for doing so.

C. <u>There Is No Comity Issue.</u>

Plaintiffs argue that their request to modify this Court's Scheduling Order is supported by comity concerns, because "comity supports respect for the Dutch authorities' desire to effectuate this process." Mot. at 4. But Plaintiffs provide no evidence that Dutch authorities have any "desire to effectuate this process." Moreover, the *Urethane* case that Plaintiffs cite in support of their comity argument concerns a "largely unopposed" motion for letters of request, not a motion to modify a scheduling order, and does not discuss comity. *See In re Urethane Antitrust Litig.*, 267 F.R.D. 361 (D. Kan. 2010). Plaintiffs' quotation from the *Aerospatiale* case is also inapposite, as Plaintiffs identify no "special problem confronted by [any] foreign litigant" nor any "sovereign interest expressed by a foreign state." Mot. at 4 (quoting *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.*, 482 U.S. 522, 547 (1987)). Finally, the web site that Plaintiffs cite does not appear to support the statement that "the Netherlands require a formal request for withdrawal from the requesting authority." Mot. at 4. Even if this were true, it would not provide the good cause needed to modify the Court's Scheduling Order.

## IV.

## **CONCLUSION**

Plaintiffs have had ample time to take discovery of Defendants, including the deposition of Mr. Mink. Their failure to do so can only be attributed to a lack of diligence. Because Plaintiffs have failed to demonstrate good cause to extend the fact discovery cut-off, their motion should be denied.

Dated: September 5, 2014          Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By          */s/ Tyler M. Cunningham*
                 TYLER M. CUNNINGHAM

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.