SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:     415-434-3947
E-mail:         ghalling@sheppardmullin.com
                    jmcginnis@sheppardmullin.com
                    mscarborough@sheppardmullin.com
                    tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726; | **DECLARATION OF TYLER M. CUNNINGHAM IN SUPPORT OF THOMSON DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THEIR OPPOSITION TO DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO EXTEND THE DISCOVERY DEADLINE AGAINST THE THOMSON DEFENDANTS**<br><br>**[Re Samsung SDI documents]** |

1
2   *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

3   *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;
4
5   *Schultze Agency Services, LLC, et al. v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

6   *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262;
7
8   *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

9   *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;
10
11  *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173;

12  *Viewsonic Corporation v. Chunghwa Corp., et al.*, No. 14-cv-02510
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, TYLER M. CUNNINGHAM, do declare and state as follows:

1.     I am a member of the bar of the State of California and an associate with Sheppard, Mullin, Richter & Hampton LLP, counsel of record for defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. (collectively "SDI") in these actions. I make this declaration in support of the Thomson Defendants' Administrative Motion To File Under Seal Portions of Their Opposition to Direct Action Plaintiffs' Administrative Motion To Extend the Discovery Deadline Against the Thomson Defendants (Dkt. No. 2782) ("Motion to Seal"). Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

2.     SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306) ("Protective Order").

3.     I have reviewed the Thomson Defendants' Opposition to Direct Action Plaintiffs' Administrative Motion to Extend the Discovery Deadline Against the Thomson Defendants (Dkt. No. 2782-2) ("Opposition"), dated September 2, 2014; the Declaration of Stephen M. Judge in support thereof (Dkt. No. 2782-1) ("Judge Declaration"); and exhibit A to the Judge Declaration.

4.     Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal the following documents and information designated by SDI as "Confidential": Judge Declaration Ex. A (Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5); and any references thereto in the Opposition.

5.     Judge Declaration Exhibit A is a copy of the Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, designated by SDI as "Confidential" under the Protective Order. Exhibit A is a voluminous

-1-

1  document lodged under seal by Thomson; however, it is only briefly discussed in the Opposition.
2  Where confidential documents or information are not material to the disposition of the underlying
3  motion, the documents and information should be kept under seal. *See, e.g., The Wilderness*
4  *Society v. Wisely*, 524 F. Supp. 2d 1285, 1296 (D. Colo. Aug. 6, 2007) (ordering documents to be
5  kept under seal "[b]ecause the Court has not considered the [documents] in reaching its decisions
6  in this case, [thus] there is no public interest to be served by providing access to them");
7  *McConnell v. Fed. Election Comm*., 251 F. Supp. 2d 919, 937, 943 (D.D.C. 2003) (ordering
8  documents and information not relied upon by the Court to be kept under seal); *Davis v. Miner*,
9  2007 WL 1237924, at *3 n.8 (M.D. Penn. Apr. 26, 2007) (same).

10  6.  Judge Declaration Exhibit A consists of, cites to, or identifies confidential
11  business information about SDI's sales agreements with its customers, including information
12  concerning companies that remain important to SDI's competitive position.  I am informed and
13  believe that public disclosure of this information would risk undermining SDI's business
14  relationships, causing harm with respect to its competitors and putting SDI at a competitive
15  disadvantage.

16  7.  The Court has, on at least three occasions, ordered that the document
17  submitted as Judge Declaration Exhibit A be sealed.  *See* Order Granting Direct Purchaser
18  Plaintiffs' Administrative Motion to Seal Documents (Dkt. No. 1120); Order Re Administrative
19  Motions to File Under Seal (Dkt. No. 1512); Order Granting Direct Purchaser Plaintiffs'
20  Administrative Motion to Seal Documents (Dkt. No. 1698).

21  8.  The Opposition quotes from or describes documents or information
22  designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order,
23  including Judge Declaration exhibit A.  As with the exhibit itself, I understand that SDI considers
24  any statements in the Opposition purporting to summarize Exhibit A or any other documents or
25  information designated "Confidential" or "Highly Confidential" by SDI to be confidential.

26  I declare under penalty of perjury of the laws of the United States that the foregoing
27  is true and correct.

28

1  Executed on September 8, 2014 at San Francisco, California.

2                                                   */s/ Tyler M. Cunningham*

3                                                   TYLER M. CUNNINGHAM

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-