SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com
              tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-SC<br><br>MDL No. 1917<br><br>**SAMSUNG SDI DEFENDANTS' OPPOSITION TO PLAINTIFF THE STATE OF CALIFORNIA'S ADMINISTRATIVE MOTION FOR ORDER ISSUING REVISED LETTERS OF REQUEST FOR TAKING OF EVIDENCE FROM WOONG TAE (W.T.) KIM AND MYUNG JOON (M.J.) KIM OF THE REPUBLIC OF KOREA** |
| This Document Relates to:<br><br>ALL ACTIONS | |

# I.
# INTRODUCTION

Fact discovery in this case closed on September 5, 2014.  Dkt. No. 2459 ("Scheduling Order"), at 2.  Plaintiff nonetheless asks the Court to issue letters of request to the Republic of Korea to facilitate depositions of two nonparty Korean witnesses sometime over the next several months.  Dkt. No. 2794 ("Motion").  It would be both futile and improper to issue letters of request where the Court's Scheduling Order precludes the depositions themselves.  Plaintiff has not demonstrated the good cause necessary to modify the Scheduling Order, and in any event could not make such a showing, because Plaintiff's initial application seeking letters of request for these depositions was both delayed and legally flawed.  Accordingly, Plaintiff's Motion should be denied.

# II.
# FACTUAL BACKGROUND

Plaintiffs first identified Mr. Woong Tae Kim as a potential deponent in October 2012.  Declaration of Tyler M. Cunningham in Support of Opposition ("Cunningham Decl.") Ex. A (Alioto Oct. 15, 2012 letter to Mudge), at 1.  By December 2012, Plaintiffs knew that Mr. Kim was a foreign national and former LG employee.  *Id*. Ex. B (Temko Dec. 24, 2012 letter to Alioto), at 3.  Plaintiff thus knew, or should have known, in December 2012 that it might need to employ the Hague Convention to secure Mr. Kim's deposition.

Despite this, Plaintiff waited more than 16 additional months before moving, on May 12, 2014, for an order issuing letters of request to depose Messrs. Woong Tae Kim and Myung Joon Kim.  Dkt. No. 2572.  Plaintiff's motion attached the proposed letters of request, which did not include proposed questions to be put to the witnesses.  *Id*.  The Court granted Plaintiff's motion on May 30, 2014.  Dkt. No. 2601.  On July 14, 2014, the National Court Administration for the Republic of Korea returned the letters, noting that they failed to comply with the Hague Convention and the Civil Procedure Rules of Korea,

-1-

1  because they did not specify questions to be put to the witnesses.  Dkt. Nos. 2724, 2725.
2  Plaintiff filed the instant motion, seeking revised letters of request, on September 5, 2014.
3        Plaintiff understood that its time to depose Messrs. Kim and Kim was limited.  The
4  Court has entered a series of scheduling orders throughout this litigation, including as early
5  as March 2012, which set dates for the close of fact discovery.  Under the operative
6  schedule, to which Plaintiff agreed, fact discovery closed on September 5.  *See* Scheduling
7  Order at 2.

## III.

## ARGUMENT

10  A.    <u>Plaintiff's Motion Should Be Denied Because Fact Discovery Is Closed</u>.
11        Plaintiff's Motion acknowledges that fact discovery has closed, but argues that the
12  requested depositions "will take place well before the trials of the state and federal matters
13  in this case and will not interfere with any ongoing proceedings."  Mot. at 2.  Plaintiff
14  makes no effort to demonstrate good cause, despite its burden to do so if it intends to
15  actually depose these witnesses.  Fed. R. Civ. P. 16(b)(4) (scheduling order "may be
16  modified only for good cause and with the judge's consent.").
17        Depositions on foreign soil are not exempted from scheduling orders.  *See Horvath*
18  *v. Lufthansa, AG*, No. 02 Civ. 3269(PKC), 2004 WL 241671, at *4 (S.D.N.Y. Feb. 9,
19  2004) ("Rule 28 does not divest the Court of its authority to control the discovery process,
20  and the course of litigation, pursuant to the Federal Rules of Civil Procedure.").  Moreover,
21  the Hague Convention specifies that letters of request "shall not be used to obtain evidence
22  which is not intended for use in judicial proceedings, commenced or contemplated."
23  Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Art. 1,
24  March 18, 1970, 23 U.S.T. 2555.  Accordingly, several courts have denied motions
25  seeking letters of request where, as here, the proposed depositions would take place after
26  the close of fact discovery.  *See, e.g., Lechoslaw v. Bank of America, N.A.*, 618 F.3d 49,
27  57-58 (1st Cir. 2010) (affirming order denying motion to take discovery pursuant to Hague
28

-2-

1  Convention, where motion was made after the discovery cut-off); *AFL Telecomm. v.*
2  *Surpluseq.com,* No. CV11-01086-PHX-DGC, 2012 WL 1440539, at *2 (D. Ariz. April 26,
3  2012) (denying application for issuance of commission for foreign deposition where
4  proposed deposition dates were after the close of fact discovery); *Hovarth,* 2004 WL
5  241671, at *4 (denying request for commission to depose foreign national where request
6  was made days before the close of discovery).  The Court should do the same.

7  B.    Plaintiff Has Not and Cannot Show Good Cause To Modify the Court's Scheduling
8        Order.

9  A party seeking to modify a scheduling order bears the burden of showing good
10 cause to do so.  *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th
11 Cir. 2002).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the
12 party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609
13 (9th Cir. 1992).  The pretrial schedule may be modified if "it cannot reasonably be met
14 despite the diligence of the party seeking the extension."  *Id*.

15 Plaintiff has not provided good cause to modify the agreed-upon, and Court-
16 ordered, discovery deadline.  Nor could it make such a showing.  Plaintiff was aware of
17 Mr. Woong Tae Kim's potential relevance to this litigation in October 2012, and knew by
18 December 2012 that it might need to employ the Hague Convention process to effectuate
19 the deposition, but waited approximately 16 additional months before applying to the
20 Court for a letter of request.  Plaintiff offers no explanation for this delay, thus failing to
21 make the required showing that it diligently pursued Mr. Kim's deposition.  *See Unlimited*
22 *Holdings, Inc. v. Bertram Yacht, Inc.*, No. 2005-46, 2008 U.S. Dist. LEXIS 82142, at *20-
23 22 (D.V.I. Oct. 15, 2008) (denying motion to extend discovery cut-off to effect service
24 pursuant to Hague convention where plaintiff failed to explain five-month delay in
25 initiating process).

26 Plaintiff also failed to diligently pursue the depositions of Messrs. Kim and Kim by
27 failing, in its initial letters of request, to comply with the Hague Convention and the Civil
28

-3-

1  Procedure Rules of Korea.  The National Court Administration for the Republic of Korea
2  returned those initial letters of request because Plaintiff failed to specify questions to be
3  put to the witnesses.  Dkt. Nos. 2724, 2725.  Plaintiff claims that it was "unaware" of the
4  requirement that it specify questions, Mot. at 5, but this explanation is insufficient to
5  provide the good cause needed to modify the Scheduling Order.  *See Johnson*, 975 F.2d at
6  609 ("carelessness is not compatible with a finding of diligence and offers no reason for a
7  grant of relief.").

8  C.     Plaintiff's Requested Deposition Would Prejudice Defendants.

9         Prejudice to a party opposing modification can provide an additional reason to deny
10 a motion seeking to modify a scheduling order.  *Id*.  Plaintiff here proposes to depose
11 Messrs. Kim and Kim sometime before January 30, 2015.  *See* Declaration of Emilio E.
12 Varanini in Support of the Administrative Motion for Order Issuing Revised Letters of
13 Request (Dkt. No. 2794-1), ¶¶ 19, 20.  This encompasses the entire briefing schedule for
14 dispositive motions (the deadline for reply briefs is January 23, 2015).  Plaintiff's proposed
15 schedule would allow them to depose Messrs. Kim and Kim after Defendants file their
16 summary judgment motions, and potentially would allow Plaintiffs to use testimony from
17 these new depositions in opposition.  This result would prejudice Defendants, and would
18 defeat the goal that the parties sought to achieve by agreeing to a schedule that closed fact
19 discovery before dispositive motions were due.  *See France Telecom S.A. v. Marvell*
20 *Semiconductor Inc*., No. 12-cv-04967-WHO, 2014 WL 1899616, at *5 (N.D. Cal. May 12,
21 2014) (denying request to modify pretrial schedule where modification would prejudice
22 defendant by introducing new theory after deadline for dispositive motions).  Defendants
23 would be further prejudiced because these additional depositions could occur after
24 Defendants submit their motions in limine, trial exhibits, deposition excerpts and witness
25 lists.  *See* Scheduling Order, at 3.  In short, Plaintiff's requested relief threatens to upend
26 the entire, agreed-upon pretrial schedule.  Plaintiff provides no good cause for doing so.
27
28

-4-

Case No. 07-5944-SC; MDL No. 1917                    SAMSUNG SDI DEFS.' OPP. TO PL.'S MOT.
                                                     FOR REVISED LETTERS OF REQUEST

D.  There Is No Comity Issue.

Plaintiff argues comity supports its request because the Republic of Korea "expressed [its] desire to effectuate the letters of request once revised (as here) and submitted." Mot. at 3. But Plaintiff provides no evidence that Korean authorities have any "desire to effectuate the letters of request …." Korea's National Court Administration said only that it "will provide all possible support and be fully cooperative" if it receives revised letters of request, Dkt. Nos. 2724, 2725, which is not an expression of any national interest. Plaintiff's quotation from the *Aerospatiale* case is also inapposite, as Plaintiff identifies no "special problem confronted by [any] foreign litigant" nor any "sovereign interest expressed by a foreign state." Mot. at 3 (quoting *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.*, 482 U.S. 522, 547 (1987)).

## IV.

## CONCLUSION

Fact discovery is closed. Plaintiff had ample opportunity to depose Messrs. Kim and Kim within the lengthy discovery period. Its failure to do so can only be attributed to a lack of diligence, which precludes any extension of the discovery deadline to accommodate these depositions. Plaintiff's Motion should be denied.

| | | |
|---|---|---|
| 1 | Dated: September 9, 2014 | Respectfully submitted, |
| 2 | | |
| 3 | | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| 4 | | By    */s/ Tyler M. Cunningham* |
| 5 | | TYLER M. CUNNINGHAM |

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.