Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Liaison Counsel for the Direct Action Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: Cathode Ray Tube (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br>_____<br><br>DIRECT ACTION PLAINTIFF ACTIONS | Master File No. 3:07-md-05944-SC<br><br>MDL No. 1917<br><br><br>**DIRECT ACTION PLAINTIFFS' RENEWED MOTION TO COMPEL DEFENDANTS TO PRODUCE THE EUROPEAN COMMISSION DECISION**<br><br>Judge: Honorable Samuel Conti<br>Court: Courtroom 1, 17th Floor<br>Date:  October 24, 2014<br>Time:  10:00 a.m. |

1

2

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Direct Action Plaintiffs ("DAPs")[1] hereby move this Court for an order compelling the production of a European Commission ("EC") decision ("Decision") from Defendants Chunghwa Picture Tubes, Ltd., LG Electronics, Philips, Samsung SDI, Toshiba Corp., Panasonic, and MTPD (collectively "Defendants").

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, accompanying exhibits, the Court's March 26, 2014 Order Denying Motion to Compel ("Order" and "Exhibit 1") (ECF No. 2463), the complete files and records in this action, and such other matters as the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF ISSUE

Given the rapidly approaching March 2015 trial date and the Court's admonition that it does not intend to move this trial date, whether the Court should now order the production of a highly relevant decision authored by the European Commission, reflecting an investigation by the EC into an illegal global conspiracy to fix the prices for cathode ray tubes (*the same conspiracy alleged by DAPs here*), given that:

(i) the EC indicated nearly two years ago that it would release a public version of the document, but has thus far failed to do so;

(ii) Despite Defendants' representation to the Court six months ago that publication prior to the end of fact discovery was likely, publication has not occurred, and Defendants have given no indication as to when publication will occur; and

---

[1] For purposes of this Renewed Motion, the DAPs include the following entities: ABC Appliance, Inc. d/b/a ABC Warehouse; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C., and Magnolia Hi-Fi, LLC; Interbond Corporation of America, CompuCom Systems, Inc., Costco Wholesale Corp., Dell Inc., and Dell Products L.P.; Electrograph Systems, Inc., and Electrograph Technologies Corp.; MARTA Cooperative of America, Inc.; Office Depot, Inc.; P.C. Richard & Son Long Island Corp.; Schultze Agency Services LLC on behalf of Tweeter Opco, LLC, and Tweeter Newco, LLC; Sears Roebuck and Co., and Kmart Corp.; Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Target Corp.; Tech Data Corp., and Tech Data Product Management, Inc.; and ViewSonic Corporation.

(iii) the EC has made a partially redacted copy of the same Decision available in another proceeding, *Vichi v. Koninklijke Philips Electronics, N.V.*, 85 A.3d 725, 751 & n.180 (Del. Ch. 2014).

## II.    INTRODUCTION

The DAPs request the same relief now that they requested from the Court six months ago: that the Court order the production of the Decision, notwithstanding its confidentiality, because of its indisputably high relevance to the very conspiracy alleged by the DAPs.   In March, the Court denied the motion without prejudice.  Ex. 1.  While recognizing that the conspiracy at issue in the Decision was the same conspiracy alleged in this action and that the Decision was thus clearly relevant to the DAPs' claims, Ex. 1 at 5, the Court nonetheless held that, because of Defendants' representation that the EC was likely to release a public version of the Decision prior to the close of fact discovery on September 5, 2014, the interests of comity made it premature to order production of the Decision.  However, after being advised that the Decision's publication was dependent, in part, upon the efforts of Defendants, the Court advised Defendants "to proceed apace with their collaboration in the EC's public version of the Decision." Ex. 1 at 6.

Six months later—and nearly *two years* after stating that it was working towards a "quick publication"—the EC has still not issued a public version of the Decision.  Moreover, despite repeated requests to the Defendants to reveal when the Decision would be published, Defendants as late as last week could provide no specific information as to the timing of the publication.  Ex. 2, Sept. 4, 2014 Ltr. from R. Brass to A. Nardacci.  Given the pendency of the March trial date set by the Court, and that the fact discovery period is now over, the DAPs can wait no longer. The DAPs are focused on preparing their cases for trial and further delay in the production of the Decision by the EC will prejudice their attempts to do so.  As nearly two years have passed, comity no longer trumps the interests of the Court in ensuring that this highly relevant document is produced in time for it to be used in connection with the March 2015 trial.  For these reasons, the DAPs respectfully request that the Court grant the DAPs' Renewed Motion to Compel Defendants to Produce the European Commission Decision.

1    In the alternative, the DAPs ask the Court to request assistance from the EC to obtain the

2    Decision, in the exact same fashion as another court in the United States successfully did in the

3    recent *Vichi* case.   There, in an action regarding debts allegedly owed to the plaintiff by

4    Koninklijke Philips (one of the cartel members), the plaintiff had unsuccessfully attempted to

5    obtain a copy of the Decision from Koninklijke Philips.  *Vichi*, 85 A.3d at 751.  Koninklijke

6    Philips refused to produce the decision, asserting essentially identical arguments to those raised

7    by Defendants in this case.  The plaintiff then asked the Delaware Chancery Court to intercede

8    and  request  "international  assistance  [of]  the  EC."  *Id.*   The  court  did  so,  and  the  EC

9    subsequently provided a partially redacted copy of the Decision.  *Id.*  *Vichi* is therefore direct

10   precedent supporting the ability of the Court to obtain the Decision directly from the EC, as the

11   DAPs request.

12       **III.    FACTUAL BACKGROUND**

13       The Decision at the heart of this Renewed Motion to Compel was issued by the EC on

14   December 5, 2012.  EC decisions, like the one sought here, generally contain comprehensive

15   recitation  of  facts  that  are  determined  through  lengthy  and  thorough  investigative  and

16   adjudicatory processes.[2]

17       Although the DAPs have received a four-page summary of the Decision, Ex. 4, this

18   summary lacks the factual detail that the DAPs seek.  It is the DAPs' understanding that the full

19   Decision is the culmination of a massive investigation by the EC into the existence of the illegal

20   global conspiracy to fix the prices for cathode ray tubes as alleged by the DAPs in this case.  In

21   the Decision, according to the summary, the EC details the factual basis for its finding that

22   Defendants participated in long-running cathode display tube and cathode picture tube cartels.

23   The EC found that the cartels "were among the most organised cartels that the Commission has

24   investigated."   Cartel  members  "fixed  prices,  allocated  market  shares  and  customers  and

25

26   [2] For example, the EC also issued a decision regarding the LCD conspiracy, with which this
     Court is familiar.  That decision was 119 pages and contained nearly forty pages of detailed
27   factual description of the relevant conspiratorial contacts between competitors.  *See generally*
     Ex. 3.

28

1   restricted output."  The conspiracy was "highly organized" and reached "the worldwide level."

2   The EC levied fines of over €1.47 billion against the conspirator companies.

3       While the Decision was confidential, the EC stated at the time the Decision was issued in

4   2012 that the EC and "the companies involved [were] in the process of establishing" a redacted

5   version of the Decision.[3]  Ex. 5.  The EC noted that it was "trying to settle this issue as soon as

6   possible with a view to a quick publication."  *Id.*

7       On March 12, 2010, the Direct Purchaser Plaintiffs ("DPPs") served Defendants with a

8   document request seeking "[a]ll Documents relating to, prepared for, submitted to, or received

9   from any foreign governmental or legislative investigative body, including … the European

10  Commission."  Ex. 6, Req. No. 34; *see also* Ex. 7, Req. No. 30 (served Jan. 30, 2014).

11  Defendants refused to produce the Decision or any other documents responsive to this request.

12  After conferrals with plaintiffs' counsel, *see, e.g.*, Ex. 8, July 29, 2013 Ltr. from R. Alexander

13  Saveri to M. Scarborough; Ex. 9, Sept. 20, 2013 Ltr. from P.  Iovieno to M. Scarborough, *et al.*,

14  Defendants continued to refuse to produce the Decision.  Ex. 10, Nov. 5, 2013 Ltr. from R. Brass

15  to P. Iovieno.

16          **IV.      PROCEDURAL BACKGROUND**

17      On January 31, 2014, the DAPs filed a motion with the Special Master, the Honorable

18  Vaughn R. Walker, seeking to compel the production of the Decision.  Ex. 11 (ECF No. 2446).

19  Defendants Chunghwa Picture Tubes, Ltd., LG Electronics, Philips, Samsung SDI, Toshiba

20  Corp., and MTPD Defendants responded on February 28, 2014.  Ex. 12 (ECF No. 2449).

21      On March 4, 2014, the DAPs submitted a Statement of Recent Decision regarding *Vichi*

22  *v. Koninklijke Philips Electronics*, N.V., 85 A.3d 725, 751 & n.180 (Del. Ch. 2014).  Ex. 13

23  (ECF No. 2448).  Defendants responded on March 12, 2014.  Ex. 14 (ECF No. 2452).  On March

24  17, 2014, the DAPs submitted a reply to the Court, which addressed Defendants' response to the

25  Statement of Decision.  Ex. 15.

26

27

28

---

[3] Of course, the DAPs note the inherent conflict of interest in permitting the release of a public version to be dependent upon the actions of the wrongdoers.

1    Judge Walker subsequently recommended that this Court withdraw its reference as to the

2    motion to compel.  The Court adopted that recommendation.

3    On March 26, 2014, this Court denied without prejudice the DAPs' motion to compel

4    production of the Decision, citing, among other things, Defendants' representation that they were

5    working with the EC to finalize a public version and that publication was "likely" before the

6    close of the fact discovery period.  Ex. 1 at 8.  Following the Court's Order, the DAPs

7    corresponded with Defendants to determine whether a public version of the Decision would be

8    forthcoming.  *See* Ex. 16, July 7, 2014 Ltr. from P. Iovieno to R. Brass; Ex. 17, Aug. 8, 2014 Ltr.

9    from P. Iovieno to R. Brass.  Defendants were unable to identify a date when the Decision will

10   be forthcoming.  *See* Ex. 18, July 21, 2014 Ltr. from R. Brass to P. Iovieno; Ex.19, Aug. 14,

11   2014 Ltr. from R. Brass to P. Iovieno; Ex. 2, Sept. 4, 2014 Ltr. from R. Brass to A. Nardacci.

12   **V.    ARGUMENT**

13   In reaching its original decision on this issue, the Court relied primarily on the following

14   five factors identified in *Société Nationale Industrielle Aérospatiale v. United States District*

15   *Court for the Southern District of Iowa*, 482 U.S. 522, 544 n.28 (1987) ("*Société Nationale*"):

16   (1) The importance to the … litigation of the documents or other information
     requested; (2) the degree of specificity of the request; (3) whether the information
17   originated in the United States; (4) the availability of alternative means of
     securing the information; and (5) the extent to which noncompliance with the
18   request would undermine important interests of the United States, or compliance
     with the request would undermine important interests of the state where the
19   information is located.

20   Ex. 1 at 3.

21   The Court found that the majority of the *Société Nationale* factors weighed in favor of

22   ordering the production of the Decision.  First, Defendants had conceded that the DPPs' request

23   was sufficiently specific to encompass the Decision.  Ex. 12 at 3 ("Defendants do not dispute the

24   specificity of the request.").  And, on consideration, the Court found that the DPPs' request

25   satisfied two of the remaining four factors: the Decision was important to the litigation because

26   of its spot-on relevance, Ex. 1 at 4-5; and, outside of the motion to compel, "there does not

27

28

appear to be an alternative means of accessing the Decision without contravening EU law and policy." *Id.* at 6.  These factors are unchanged and still weigh in favor of production.

Nonetheless, the Court found that at that time one of the *Société Nationale* factors, comity, "outweigh[ed the need for] discovery in this instance." Ex. 1 at 7.  This was so because, as Defendants argued at that time, "[t]his is not a time-sensitive issue.  Fact discovery does not close for another six months …  There is simply no reason for this Court to advance Plaintiffs' interests over those of the EC." Ex.  12 at 4.   That is no longer the case.  Fact discovery has closed, and the deadline for the filing of motions to compel is today, which means that there is every reason to advance Plaintiffs' interest in redressing substantial injury by ordering Defendants to produce the Decision now in time for it to be used connection with the upcoming trial.

Comity, as this Court recognized, "is the recognition that one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having ***due regard both to international duty and convenience***, and to the rights of its own citizens or of other persons who are under the protection of its laws." Ex. 1 at 3 (quoting *Société Nationale*, 482 U.S. at 544; *In re Rubber Chems. Antitrust Litig.*, 486 F. Supp. 2d 1078, 1081 (N.D. Cal. 2007) (emphasis added)).  The Court, by denying the DAPs' initial motion to compel with approximately six months of discovery remaining, showed "due regard to international duty and convenience" of the European Union—and the EC's—laws and policies.  Indeed, notwithstanding the fact that the Decision concerns the formation and the duration of the ***same conspiracy*** at issue here, that it concerns the geographic reach of the ***same conspiracy*** at issue here, that it concerns the price-fixing activities of the ***same conspiracy*** at issue here, and that it concerns the ***same defendants'*** attempts to conceal the ***same conspiracy*** at issue here, the Court deferred to the EU's and EC's convenience and interest in privacy.

But comity, which the Supreme Court noted in *Société Nationale* refers to the "spirit of cooperation," is a two-way street.  It is undisputed that the EC had notice both of this Court's decision, and of this proceeding's deadlines, including the March 2015 trial date.  *See, e.g.*, Ex. 18, July 21, 2014 Ltr. from R. Brass to P. Iovieno (stating that Defendants had "provided the EC

1    with courtesy copies of all the parties' briefing on this issue … and notified them of [Plaintiffs']

2    most recent correspondence."); Ex. 2, Sept. 4, 2014 Ltr. from R. Brass to A. Nardacci.  Yet,

3    despite the Court affording the EC an additional six months on top of over nearly one-and-a-half

4    years to release a public version of the Decision, it has not done so.

5         Ordering production of this highly relevant Decision now is further supported by the fact

6    that the Court recognized that the EC was working with Defendants to issue a public version of

7    the Decision and admonished Defendants to assist with that issuance before the close of fact

8    discovery.  For example, the Court noted that "the speedy development of a public version of the

9    Decision is highly important," Ex. 1 at 6, and stated that "Defendants are encouraged to proceed

10   apace with their collaboration in the EC's public version of the Decision," *id*. at 6, and also that

11   Defendants are "advised to assist in that task," *id.* at 8.  As noted above, even the fact that

12   Defendants are involved in determining when the public version of the Decision is issued raises a

13   conflict of interest, where any delay in the issuance of the Decision continues to prevent the

14   DAPs from obtaining it in time for its use at trial.  While the DAPs conferred with Defendants on

15   numerous occasions in an attempt to obtain a date certain regarding the issuance of the public

16   version of the Decision—*see* Ex. 16, July 7, 2014 Ltr. from P. Iovieno to R. Brass; Ex. 17, Aug.

17   8, 2014 Ltr. from P. Iovieno to R. Brass—those efforts have proven utterly unsuccessful.  Ex. 18,

18   July 21, 2014 Ltr. from R. Brass to P. Iovieno; Ex.19, Aug. 14, 2014 Ltr. from R. Brass to P.

19   Iovieno; Ex. 2, Sept. 4, 2014 Ltr. from R. Brass to A. Nardacci.  Simply put, Defendants cannot

20   provide any specific information whatsoever regarding when the public version of the Decision

21   will be released. *Id.*

22        Finally, concerns over the Decision's confidentiality should not prohibit the Court from

23   granting the DAPs' Renewed Motion to Compel.  On June 18, 2008, this Court issued a

24   protective order in this case that safeguards highly confidential information. Ex. 20 (ECF No.

25   306.)  Thereunder, once information is designated as highly confidential, it can only be used in

26   "prosecuting, defending, or attempting to settle this action."  *Id.* at § 7.1.  It cannot be disclosed

27   in a way other than that specified by the protective order.  *Id.*  The DAPs would not challenge

28   any designation of the Decision as highly confidential.  The protective order therefore resolves

1    any concerns the EC may have over the confidentiality of the Decision, particularly given that

2    the Decision includes every Defendant to this action.

3        The DAPs thus believe the interests of comity are now outweighed by the DAPs' interest

4    in redressing harm caused by Defendants' conspiracy.  If this Court were to decline to compel

5    production of the Decision, though, the DAPs would ask the Court to take the same action as the

6    *Vichi* court.   There, in determining the liability of Koninklijke Philips for the debts of a

7    subsidiary, the court addressed the plaintiff's efforts at obtaining the same Decision at issue here.

8    The plaintiff had been unable to do so on his own for the same reason that the DAPs cannot

9    obtain it: the "actual decision is confidential and has not been made available to the public."  85

10   A.3d at 751.  At the plaintiff's request, "th[e] court [] made a request for international assistance

11   to the EC."  *Id.*  "In response, the EC made available a partially redacted copy of Section 6 of the

12   EC's [D]ecision."[4]   So too here, as the DAPs presume the EC would honor a similar request

13   from this Court, if the Court deemed it appropriate.[5]

14       **VI.    CONCLUSION**

15       The DAPs respectfully request that this Court order Defendants to produce the December

16   5, 2012 Decision of the European Commission regarding the illegal global conspiracy to fix

17   prices for cathode ray tubes.  Alternatively, the DAPs ask this Court to request international

18   assistance from the European Commission to obtain a copy of the Decision, as was done by the

19   *Vichi* court.

20

21

22

23

24   [4] That copy showed that "the EC held Philips N.V. liable for its involvement in both the CPT and
     CDT price fixing cartels," *id.*, and made numerous other references to the factual underpinnings
25   of the CRT conspiracy. *Id.*  Even the limited references to these factual findings in *Vichi* further
     demonstrate the importance to the DAPs of obtaining the Decision here.
26
     [5] Of course, there is no need for the EC to redact any portion of the Decision here, as unlike the
27   *Vichi* case—where Koninklijke Philips was the only cartel member who was a party to the case
     and whose liability was thus at issue—all defendants implicated by the Decision are parties in
28   this action.

1    Dated:  September 12, 2014                        /s/  Philip J. Iovieno

2
                                                       Philip J. Iovieno
3                                                      Anne M. Nardacci
                                                       BOIES, SCHILLER & FLEXNER LLP
4                                                      30 South Pearl Street, 11th Floor
                                                       Albany, NY  12207
5                                                      Telephone:  (518) 434-0600
                                                       Facsimile:   (518) 434-0665
6                                                      Email:  piovieno@bsfllp.com
                                                       anardacci@bsfllp.com
7

8                                                      William A. Isaacson
                                                       BOIES, SCHILLER & FLEXNER LLP
9                                                      5301 Wisconsin Ave. NW, Suite 800
                                                       Washington, D.C.  20015
10                                                     Telephone:  (202) 237-2727
                                                       Facsimile:   (202) 237-6131
11                                                     Email:  wisaacson@bsfllp.com

12
                                                       Stuart Singer
13                                                     BOIES, SCHILLER & FLEXNER LLP
                                                       401 East Las Olas Blvd., Suite 1200
14                                                     Fort Lauderdale, FL 33301
                                                       Telephone:  (954) 356-0011
15                                                     Facsimile:   (954) 356-0022
                                                       Email:  ssinger@bsfllp.com
16

17                                                     *Liaison Counsel for Direct Action Plaintiffs
                                                       and Attorneys for Plaintiffs Electrograph
18                                                     Systems, Inc., Electrograph Technologies,
                                                       Corp., Office Depot, Inc., Compucom
19                                                     Systems, Inc., Interbond Corporation of
                                                       America, P.C. Richard & Son Long Island
20                                                     Corporation, MARTA Cooperative of
                                                       America, Inc., ABC Appliance, Inc., Schultze
21                                                     Agency Services LLC on behalf of Tweeter
                                                       Opco, LLC and Tweeter Newco, LLC and
22                                                     Tech Data Corporation and Tech Data
                                                       Product Management, Inc.*
23

24
                                                       s/  Scott N. Wagner
25
                                                       Robert W. Turken
26                                                     Scott N. Wagner
                                                       Mitchell E. Widom
27                                                     BILZIN SUMBERG MAENA PRICE &
                                                       AXELROD   LLP
28

DIRECT ACTION PLAINTIFFS' RENEWED MOTION                    9                    Master File No. 3:07-md-05944-SC
TO COMPEL DEFENDANTS TO PRODUCE
THE EUROPEAN COMMISSION DECISION

1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel:     305-374-7580
Fax:     305-374-7593
Email:   rturken@bilzin.com
         swagner@bilzin.com
         mwidom@bilzin.com

*Counsel for Plaintiffs Tech Data
Corporation and Tech Data Product
Management, Inc.*

/s/  *Cori G. Moore*

David J. Burman (pro hac vice)
Cori G. Moore (pro hac vice)
Eric J. Weiss (pro hac vice)
Nicholas H. Hesterberg (pro hac vice)
Steven D. Merriman (pro hac vice)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  (206)359-8000
Facsimile:   (206)359-9000
Email:  DBurman@perkinscoie.com
CGMoore@perkinsncoie.com
EWeiss@perkinscoie.com
NHesterberg@perkinscoie.com
SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone:  (415)344-7120
Facsimile:   (415)344-7320
Email:  JBass@perkinscoie.com

*Counsel for Plaintiff Costco Wholesale
Corporation*

/s/  *David Martinez*

Roman M. Silberfeld
David Martinez
Jill S. Casselman
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.

1
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
2
Facsimile:  (310) 229-5800
3
Email:  rmsilberfeld@rkmc.com
dmartinez@rkmc.com
4
jscasselman@rkmc.com

5
Elliot S. Kaplan
6
K. Craig Wildfang
Laura E. Nelson
7
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
8
800 LaSalle Avenue
9
2800 LaSalle Plaza
Minneapolis, MN 55402
10
Telephone: (612) 349-8500
Facsimile:  (612) 339-4181
11
Email:  eskaplan@rkmc.com
kcwildfang@rkmc.com
12
lenelson@rkmc.com

13
*Counsel For Plaintiffs Best Buy Co., Inc.,*
14
*Best Buy Purchasing LLC, Best Buy*
*Enterprise Services, Inc., Best Buy Stores,*
15
*L.P., Bestbuy.com, L.L.C., and Magnolia Hi-*
*Fi, Inc.*
16

17
/s/  Michael P. Kenny

18
Michael P. Kenny
Debra D. Bernstein
19
Matthew D. Kent
ALSTON & BIRD LLP
20
1201 West Peachtree Street
21
Atlanta, Georgia 30309-3424
Telephone:  (404)-881-7000
22
Facsimile:  (404)-881-7777
Email:  mike.kenny@alston.com
23
debra.bernstein@alston.com
matthew.kent@alston.com
24

25
James M. Wagstaffe, Esq. (SBN 95535)
KERR & SAGSTAFFE LLP
26
100 Spear Street, 18th Floor
San Francisco, California 94105-1576
27
Telephone:  (415)-371-8500
28
Facsimile:   (415)371-0500

1      Email:  wagstaffe@kerrwagstaffe.com

2      *Counsel For Plaintiffs Dell Inc. and Dell Products L.P.*

3      /s/  *William J. Blechman*

4

5      Richard Alan Arnold
       William J. Blechman
6      Kevin J. Murray
       KENNY NACHWALTER, P.A.
7      201 S. Biscayne Blvd., Suite 1100
       Miami, FL 33131
8      Tel:    305-373-1000
       Fax:   305-372-1861
9      Email:  rarnold@knpa.com
10             wblechman@knpa.com
               kmurray@knpa.com
11

12      *Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

13      /s/  *Kenneth S. Marks*

14

15      H. Lee Godfrey
       Kenneth S. Marks
16      Jonathan J. Ross
       Johnny W. Carter
17      David M. Peterson
       SUSMAN GODFREY L.L.P.
18      1000 Louisiana Street, Suite 5100
       Houston, Texas 77002
19      Telephone:  (713) 651-9366
       Facsimile:  (713) 654-6666
20      Email: lgodfrey@sumangodfrey.com
       kmarks@susmangodfrey.com
21      jross@susmangodfrey.com
22      jcarter@susmangodfrey.com
       dpeterson@susmangodfrey.com
23

24      Parker C. Folse III
       Rachel S. Black
25      Jordan Connors
       SUSMAN GODFREY L.L.P.
26      1201 Third Avenue, Suite 3800
       Seattle, Washington 98101-3000
27      Telephone:  (206) 516-3880
       Facsimile:  (206) 516-3883
28

1

Email:  pfolse@susmangodfrey.com
rblack@susmangodfrey.com

2

jconnors@susmangodfrey.com

3

*Counsel for Plaintiff Alfred H. Siegel, as*

4

*Trustee of the Circuit City Stores, Inc.
Liquidating Trust*

5

/s/  *Jason C. Murray*

6

Jason C. Murray (CA Bar No. 169806)

7

CROWELL & MORING LLP
515 South Flower St., 40th Floor

8

Los Angeles, CA  90071
Telephone:  213-443-5582

9

Facsimile:  213-622-2690

10

Email:  jmurray@crowell.com

11

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)

12

CROWELL & MORING LLP

13

1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

14

Telephone:  202-624-2500
Facsimile:  202-628-5116

15

E-mail:  jmurphy@crowell.com
aheaven@crowell.com

16

17

*Counsel for Target Corp. and ViewSonic
Corp.*

18

19

20

21

22

23

24

25

26

27

28