Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO  80203
Telephone: +1 303-607-3500
Facsimile:  +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

***Attorneys for Defendants Thomson
Consumer, Inc. and Thomson SA***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC MDL No. 1917 |
| This Document Relates to: | **THOMSON SA'S OBJECTIONS TO SPECIAL MASTER'S SEPTEMBER 2, 2014 RECOMMENDED ORDER** |
| *Electrograph Systems, Inc. et al. v. Technicolor SA, et al., No. 13-cv-05724;* | |
| *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al., No. 13-cv-05261;* | JUDGE: Hon. Samuel Conti DATE: None Set TIME: None Set COURTROOM: One, 17th Floor |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264;* | |
| *Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727;* | |
| *Office Depot, Inc. v. Technicolor SA, et al., No. 13-cv-05726;* | |

1

2   *Costco Wholesale Corporation v.*
    *Technicolor SA, et al., No. 13-cv-05723;*

3

4   *P.C. Richard & Son Long Island*
    *Corporation, et al. v. Technicolor SA, et al.,*
    *No. 31:cv-05725;*

5

6   *Schultze Agency Services, LLC, o/b/o*
    *Tweeter Opco, LLC, et al. v. Technicolor SA,*
    *Ltd., et al., No. 13-cv-05668;*

7

8   *Sears, Roebuck and Co. and Kmart Corp. v.*
    *Technicolor SA, No. 3:13-cv-05262;*

9

10  *Target Corp. v. Technicolor SA, et al., No.*
    *13-cv-05686*

11

12  *Tech Data Corp., et al. v. Hitachi, Ltd., et*
    *al., No. 13-cv-00157*

13  *Sharp Electronics Corp., et al. v. Hitachi,*
    *Ltd., et. al., No. 13-cv-01173*

14

15  *ViewSonic Corporation v. Chunghwa Corp.,*
    *et al., No. 14-cv-02510*

16

17

18

19

20

21

22

23

24

25

26

27

28

THOMSON SA'S OBJECTIONS TO SPECIAL          No. 07-5944-SC; MDL No. 1917
MASTER'S RECOMMENDED ORDER

1   On July 28, 2014, Direct Action Plaintiffs ("DAPs") Sharp Electronics Corporation and

2   Sharp Electronics Manufacturing Company of America, Inc. ("Sharp") moved to compel

3   Thomson SA to violate French law by requiring it to produce outside of Hague Convention

4   ("Hague") procedures: (1) broad categories of documents located in France and (2) a 30(b)(6)

5   witness to testify regarding information located in France. (*See* July 28, 2014 Mot. to Compel

6   ("Motion"), **Ex. 1**.)  Thomson SA opposed the Motion because producing discovery responsive to

7   Sharp's extremely broad requests outside of Hague procedures would require Thomson SA to

8   violate French criminal law and impose an undue burden on it.  (*See* Aug. 6, 2014 Opp'n to Mot.

9   ("Opp'n"), **Ex. 2**.)  On September 2, 2014, the Special Master issued a Recommended Order

10   granting Sharp's Motion with limited exceptions.[1] (*See* **Ex. 3**.)

11   Thomson SA objects to entry of the Recommended Order for three reasons:

12   *First*, the Special Master's rejection of Thomson SA's argument that it should not be

13   ordered to violate French law by producing information located in France outside of Hague

14   procedures was premised on a fundamental error. The Special Master stated: "Thomson's basis

15   for claiming that the statute would be enforced in the present situation is predicated on an episode

16   six years ago in an unrelated matter.  Thomson presents nothing to show that the statute would be

17   invoked in the present case." (**Ex. 3** at 5.)  In fact, the "episode" concerns discovery sought by

18   class plaintiffs from Thomson SA in *this* lawsuit, not an unrelated matter.  (*See* March 7, 2008

19   Letter, attached as **Ex. 2A**.)  The French Ministry of Foreign Affairs ("Ministry") has specifically

20   instructed Thomson SA that its compliance with French law when responding to discovery

21   requests in this action is "mandatory."  (*Id*.)  The Special Master's misunderstanding of these

22   facts fatally undermines his analysis.   Having received such direction from the French

23   government regarding this precise matter, Thomson SA faces a real threat of criminal prosecution

24   if it is forced to respond to the DAPs' discovery requests outside of Hague procedures.

25   *Second*, the Special Master assumed "diligent efforts and cooperation between the parties

26

---

27   [1] The Special Master determined Thomson SA was not required to produce documents responsive
to Sharp's requests for production, if such documents are only responsive to DAPs' requests for

28   documents Thomson SA produced to the European Commission.

1    should allow the discovery sought here to be completed in a matter of weeks, not months or

2    years." (**Ex. 3** at 7.)  No evidence before the Special Master warranted such a conclusion.  Rather,

3    Thomson SA explained that complying with Sharp's overly broad discovery requests would

4    impose extraordinary expense and burden upon it. (Opp'n at 7.)  The review and production of

5    French and English documents covering a twelve-year period regarding a broad range of topics

6    will be an expensive, difficult, and time-consuming task.  Especially in the current context, where

7    all potentially responsive documents are located in a foreign jurisdiction and do not directly relate

8    to United States commerce, the Court should find that the enormous burden resulting from the

9    DAPs' requests outweighs the limited value DAPs may obtain from production of the documents.

10    *Third*, Thomson SA objects to the Special Master's Recommended Order to the extent it

11    suggests that the prejudice that may be caused to Thomson SA by forcing it to conduct discovery

12    after the September 5, 2014 discovery cutoff does not weigh in favor of denying the Motion,

13    because claims against Thomson SA may be tried on a separate, later schedule from that which

14    applies to other defendants.  Such separate treatment would severely prejudice Thomson SA and

15    reward the DAPs for their multi-year, undue delay in asserting claims against Thomson SA.  Fear

16    of such separate treatment is exactly the reason the Thomson Defendants have undertaken

17    herculean efforts in the past five months to stay on track with the current scheduling order.

18                                            **ARGUMENT**

19    "When it is necessary to seek evidence abroad . . . the district court must supervise pretrial

20    proceedings particularly closely to prevent discovery abuses." *Societe National Industrielle*

21    *Aerospatiale v. U.S. Dist. Court for the Southern Dist of Iowa*, 482 U.S. 522, 546 (1987).  When a

22    party's obligations under foreign law conflict with discovery requests in domestic litigation, a

23    court must consider whether international comity calls for utilization of Hague Convention

24    procedures.  *Id*. at 544.  Courts should consider in each case the "particular facts, the sovereign

25    interests, and the likelihood that resort to [Hague] procedures will prove effective." *Id*.

26    **I.    THE MINISTRY HAS INSTRUCTED THOMSON SA THAT ITS COMPLIANCE
         WITH THE BLOCKING STATUTE IN THIS CASE IS MANDATORY.**

27    In its opposition to Sharp's Motion, Thomson SA explained that in a March 7, 2008

28    Letter, the Ministry informed Thomson SA that under French law, Article 2 of Act 68-678

1    ("Blocking Statute") prohibited the disclosure of information outside of Hague procedures in

2    response to discovery requests Thomson SA had received as a defendant in this litigation.  (*See*

3    **Exhibit 2A**.)   Indeed, Sharp admitted in its Reply that Thomson SA "received a request for

4    documents in connection with these very claims . . . in January 2008," so there is no dispute that

5    the March 7, 2008 Letter relates to discovery requests Thomson SA received from plaintiffs in *In*

6    *re CRT Antitrust Litigation*, MDL No. 1917.  (*See* Reply at 4, **Ex. 4**.)  Unfortunately, the Special

7    Master misunderstood the context of the letter from the Ministry, believing that the letter

8    concerned discovery sought from Thomson SA in an "unrelated matter."  As a result, the Special

9    Master erroneously concluded that "Thomson presents nothing to show that the statute would be

10   invoked in the present case." (**Ex. 3** at 5.)  This is incorrect.  With regard to this very case, the

11   Ministry has specifically instructed Thomson SA that "Act No. 68-678 prohibits" the production

12   of documents outside of Hague procedures and emphasized that "[t]he provisions of that statute

13   are mandatory." (**Ex. 2A**.)

14           Relying on its misreading of the Ministry's letter, the Special Master failed to recognize

15   the "particular facts" in the present case that weigh in favor of requiring use of Hague procedures.

16   Accordingly, the Recommended Order fails to analyze these facts and to apply them to the

17   applicable legal standards set forth in *Aerospatiale*.   Because the French government has

18   specifically instructed Thomson SA that it must comply with Act No. 68-678, Thomson SA

19   respectfully requests that the Court reject the Special Master's Recommended Order.  Instead,

20   given the Ministry's express direction *in this case*, the Court should enter an order mandating use

21   of Hague procedures.  *In re Perrier Bottled Water Litig.*, 138 F.R.D. 348 (D. Conn. 1991).

22   **II.      REVIEWING AND PRODUCING THE DOCUMENTS AT ISSUE WILL BE
             TIME-CONSUMING AND UNDULY BURDENSOME.**

23           The Recommended Order failed to recognize the substantial time and expense responding

24   to Sharp's overbroad requests for production of documents located in France will impose on

25   Thomson SA.  Instead, although there was no evidence in the record to support such a conclusion,

26   the Special Master stated that "diligent efforts and cooperation between the parties should allow

27   the discovery sought here to be completed in a matter of weeks, not months or years, so that any

28   additional time for taking this discovery should not unduly prolong the discovery period." (**Ex. 3**

1   at 7.)  This is incorrect.  The Recommended Order requires Thomson SA to produce, *inter alia*,

2   all documents spanning a 12 year period regarding (1) Thomson SA's relationship with Thomson

3   Consumer and (2) Thomson SA's sale of its CPT assets to Videocon.  (*Id*. at 2-3.)  The relevant

4   requests are extremely broad – many seek documents unrelated to Thomson SA's former CPT

5   business – and many, if not most of the potentially responsive documents will be in French.[2]

6   Reviewing, translating and producing potentially responsive documents will be exceptionally

7   burdensome and time-consuming.  Thomson SA is a far smaller company than many of the other

8   parties in this lawsuit and lacks the resources to unleash an army of attorneys to attempt to

9   respond to Sharp's overbroad requests.  (*See* Technicolor SA 2013 Annual Report, **Ex. 5** at 36, 41

10  (reporting 2013 net loss of €92 million, 2012 net loss of €22 million, and over €1 billion in senior

11  debt).)  The Special Master improperly ignored the enormous costs and burdens that producing

12  documents located in France will impose on Thomson SA and also ignored that by effectively

13  extending the discovery deadline for months past the September 5, 2014 deadline, the

14  Recommended Order will make it extremely difficult for Thomson SA to prepare for a March

15  2015 trial.

16      Relatedly, denial of the Motion is appropriate because Sharp has known of the existence

17  of the information sought for a very long time.  Indeed, sometime between 2011 and 2013 the

18  DAPs knew that evidence from Thomson SA located in France might be relevant to their claims.

19  (*See* Dkt. 1835, attaching Oct. 17, 2011 Samsung SDI interrogatory answers and related

20  documents asserting that former Thomson SA employees were involved in meetings with other

21  European CPT manufacturers.)  Yet, the DAPs waited until approximately one month before the

22  discovery deadline to even attempt to utilize Hague procedures to obtain evidence in France.  The

23  DAPs' lack of diligence weighs in favor of denying the Motion because Thomson SA should not

24  be forced to engage in expensive and burdensome far-ranging discovery in France after the

25

26  [2] To give two examples of over breadth, to respond to  RFP No. 46, Thomson SA would need to
27  examine the entire operational history of its former CPT business.  RFPs 49 and 53 are not
    limited to CRTs and therefore demand the production of substantial amounts of irrelevant
28  information concerning non-CRT expenses, budgets, and financial analyses.  (*See* Opp'n at 7.)

1  September 5, 2014 discovery deadline, instead of focusing on trial preparation, because of the
2  DAPs' dilatory conduct.  *See* Fed. R. Civ. P. 26(b)(2)(C)(ii) (courts must limit discovery when
3  "the party seeking discovery has had ample opportunity to obtain the information").

4          Should some portion of the Motion be granted, Thomson SA respectfully requests that the
5  Court reconsider how the discovery may be appropriately limited in recognition of the trial
6  schedule and needs of the case. Thomson SA also requests that the Court recognize the large
7  volume of discovery sought and the significant burden placed on Thomson SA if it is required to
8  comply with the DAPs' discovery requests.

9  **III.    THOMSON SA OBJECTS TO THE RECOMMENDED ORDER TO THE**
         **EXTENT IT SUGGESTS SEPARATE OR PHASED PROCEEDINGS AGAINST**
10        **THOMSON SA ARE APPROPRIATE.**

11          Finally, at the end of the Recommended Order, the Special Master makes passing
12  reference to trial "phasing" and forthcoming Fed.R.Civ.P. 42(b) motions on this topic. To the
13  extent the Special Master was suggesting that discovery against Thomson SA may proceed after
14  the September 5, 2014 discovery deadline because the DAPs' claims against it may be tried
15  separately or at a later date, Thomson SA objects.  As the Court knows, antitrust damage actions
16  provide for joint and several liability.  Thus, if Thomson SA was forced to proceed to trial against
17  the DAPs on a later schedule, regardless of its lack of culpability, Thomson SA would be subject
18  to enormous financial exposure because the DAPs will attempt to recover from it amounts left
19  unsatisfied by settlements or judgments involving the other defendants.  It would be highly
20  prejudicial to force Thomson SA to proceed alone to trial, since the DAPs' own lack of diligence
21  in filing claims against the Thomson Defendants is the cause of this delay.  Moreover, separate
22  trials would unnecessarily consume judicial and jury resources and further protract the resolution
23  of these actions, which have been pending since 2007.  The DAPs' unjustified delay in filing
24  claims and pursuing discovery located in France against Thomson SA does not provide a basis to
25  force Thomson SA into a separate trial.

26                                **CONCLUSION**

27          For the foregoing reasons, Thomson SA objects to the Special Master's Recommended
28  Order and requests that this Court issue an order that denies Sharp's Motion.

1

2     Dated:  September 12, 2014                    FAEGRE BAKER DANIELS LLP

3                                                   By: /s/ Kathy L. Osborn

4                                                   Kathy L. Osborn (*pro hac vice*)
                                                    Ryan M. Hurley (*pro hac vice*)
5                                                   Faegre Baker Daniels LLP
                                                    300 N. Meridian Street, Suite 2700
6                                                   Indianapolis, IN  46204
                                                    Telephone: (317) 237-0300
7                                                   Facsimile: (317) 237-1000
                                                    kathy.osborn@FaegreBD.com
8                                                   ryan.hurley@FaegreBD.com

9                                                   Jeffrey S. Roberts (*pro hac vice*)
                                                    Faegre Baker Daniels LLP
10                                                  3200 Wells Fargo Center
                                                    1700 Lincoln Street
11                                                  Denver, CO  80203
                                                    Telephone: (303) 607-3500
12                                                  Facsimile:  (303) 607-3600
                                                    jeff.roberts@FaegreBD.com
13
                                                    Stephen M. Judge (*pro hac vice*)
14                                                  Faegre Baker Daniels LLP
                                                    202 S. Michigan Street, Suite 1400
15                                                  South Bend, IN  46601
                                                    Telephone: +1 574-234-4149
16                                                  Facsimile:  +1 574-239-1900
                                                    steve.judge@FaegreBd.com
17
                                                    Calvin L. Litsey (SBN 289659)
18                                                  Faegre Baker Daniels LLP
                                                    1950 University Avenue, Suite 450
19                                                  East Palo Alto, CA  94303-2279
                                                    Telephone: (650) 324-6700
20                                                  Facsimile: (650) 324-6701
                                                    calvin.litsey@FaegreBD.com
21
                                                    *Attorneys for Defendants Thomson SA and Thomson*
22                                                  *Consumer Electronics, Inc.*

23

24

25

26

27

28