MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA  94123
Telephone:  (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br><br>MDL No. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' STATEMENT REGARDING PARALLEL STATE LITIGATION**<br><br>Date:    TBD<br>Time:   TBD<br>Before: The Hon. Samuel Conti |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | |

Indirect Purchaser Plaintiffs ("IPPs") respond as follows to the Court's September 8, 2014 Order regarding parallel state litigation. (Dkt. 2811).

## I. THE STATE LITIGATION

### A. The AG's State Court Actions

In November 2011, the Attorney General for the State of California ("AG") filed two actions in the Superior Court of California, County of San Francisco. Both actions allege the same CRT conspiracy as the federal indirect purchaser class action. Both actions have been coordinated with the MDL for discovery purposes only. *See* Order Re Discovery and Case Management Protocol, Dkt. 1128.

#### 1. The "Chunghwa/Philips Action"

One of the actions filed by the AG names Chunghwa and Philips entities as defendants. It alleges class claims on behalf of state governmental entities; and *parens patriae* claims on behalf of California consumers ("natural persons" only). *See The State of California v. Chunghwa Picture Tubes, Ltd., et al.,* No. CGC-11-515786. These consumers are members of the certified California class of indirect purchasers in this MDL.

The initial complaint was filed after the AG reached settlement with Chunghwa. Thereafter, the AG reached settlement with Philips and amended the complaint to name Philips entities as defendants. The settlements call for payments by Chunghwa ($300,000) and Philips ($500,000), plus cooperation and other relief, in exchange for the AG's releases.

In late 2012, the AG moved for preliminary approval of both settlements. Jeffrey Figone, a named plaintiff in the MDL who represents the California class of IPPs, objected to the Philips settlement.[1] He did so because defendant Philips took the position that the release of the *parens patriae* claims also released the California consumers' federal class claims.

---

[1] Figone did not challenge the Chunghwa settlement because by that time the IPPs had already settled with Chunghwa, so the State's settlement had no effect on the continuing federal class claims.

1

INDIRECT PURCHASER PLAINTIFFS' STATEMENT REGARDING PARALLEL STATE LITIGATION
MASTER FILE NO. CV-07-5944-SC, MDL NO. 1917

The trial court gave preliminary approval. Thereafter, on September 24, 2013, this Court certified a California class—*before* final approval of the state court settlement.

Figone made several arguments in opposition to final approval. First, he asked the trial court to determine the scope of the release because: (1) The settlement agreement terms are ambiguous; (2) the AG has acknowledged that she could not and did not release the claims of a certified class in her *parens patriae* capacity; and (3) the relatively small amount of money offered ($500,000) relative to Philips' exposure indicates that the parties could not possibly have intended to release the class claims. Second, if the parties did release those claims, the settlement should not be approved. The consideration provided by Philips was wholly inadequate, and the settlement would violate the consumers' due process rights to adequate representation because the settlement does not further the consumers' interests.

The trial court approved both the Chunghwa and Philips settlements and entered judgment without deciding the scope of the release. Figone has appealed.

### 2. The "Samsung SDI Action"

The AG filed an action alleging the same claims as those alleged in her other action, including *parens patriae* claims on behalf of California consumers. *See The State of California, et al., v. Samsung SDI Co., Ltd., et al.,* No. CGC-11-515784. This action names 33 overseas CRT manufacturers as defendants. These defendants are also being sued by the IPPs.

The IPPs understand that the AG may have settled in principle with at least two other defendants in this action. The AG has not yet moved for settlement approval and the IPPs have not seen any settlement agreement so they cannot comment. The action is ongoing.

### B. The Appeal of the Judgment and Order Approving the Philips Settlement

Figone has appealed the judgment and order approving the Philips settlement. That appeal is pending in the California Court of Appeal, First District, Division Five. *See The State of California, et al. v. Philips Electronics North America Corp.,* No. 140908. Figone will be filing his opening brief imminently—as soon as the trial court enters a sealing order concerning

the redaction of certain documents deemed confidential.  The respondents—the AG and Philips—have 60 days to respond.   The reply brief is due 20 days thereafter.

On this appeal, Figone repeats his two arguments:  (1) As a matter of California contract law, the settlement did not release the class claims; and (2) if the settlement did release the class claims, it should not have been approved because it is not fair, reasonable or adequate.  The AG has acknowledged that she could not release those claims; Philips gave insufficient consideration for such a broad release; and the release of the claims of a certified class by the AG acting solely as *parens patriae* raises due process issues.

## II.   IMPACT OF STATE LITIGATION ON THE MDL PROCEEDING

The AG's state actions do not require action by the Court at this time.

### A.   The Chunghwa/Philips Action

This action has concluded, barring remand following the appeal on the Philips settlement.

### B.   The Samsung SDI Action

As noted, discovery proceedings have been coordinated with the MDL.  Fact discovery has now closed and expert discovery will close on October 31, 2014.  Thus, the AG will no longer be involved in proceedings before this Court.

It is likely that the AG will move for approval of settlements with defendants who, like Philips, are defendants in the MDL.  However, no such motions are currently pending.  Future settlements may, or may not, raise the same issues as the Philips settlement.  The IPPs will promptly inform this Court should circumstances change.  The IPPs reserve the right to move for appropriate relief if and when they deem it necessary to do so.  At this stage, there is no need for coordination or involvement by this Court.

### C.   The Appeal of the Philips Settlement Approval

The appeal on the Philips settlement approval does not require action by this Court either.

1    First, any motion by Philips in this Court on res judicata grounds before final judgment
2 is obtained would be premature.  There is no final judgment yet.
3    Second, the Court of Appeal could agree with Figone that, as a matter of contract law,
4 the Philips settlement does not release the IPP class claims.  If so, any issues affecting these
5 class claims would disappear.  Philips could not move for dismissal of the class claims in federal
6 court on res judicata grounds because the settlement would not have released those claims.  If
7 Philips sought dismissal anyway, this Court would have the benefit of the California Court of
8 Appeal's interpretation of the settlement agreement under California law.  California courts have
9 exclusive jurisdiction over the settlement under the terms of the agreement.[2]
10    Third, even if the Court of Appeal concludes that the settlement releases the class claims,
11 that court could decide that the settlement is unfair and reverse the judgment.  If so, Philips still
12 would not have a final judgment and, again, could not seek dismissal in this Court until final
13 resolution.
14    If the Court of Appeal holds that the settlement releases the class claims, *and* that the
15 settlement is fair, Philips will probably move for judgment on res judicata grounds in this Court.
16 The IPPs would oppose this motion.
17    Right now, these are merely possibilities.  No one can predict the outcome of the appeal.
18 For all the reasons stated above, the Court need not take any action on these matters at this time.
19 //
20 //
21 //

---

[2] Under Paragraph G.34 of the settlement agreement, the court in which the action was filed (i.e., the superior court) shall have "exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by the Settling Parties.  This Agreement shall be construed according to the laws of the State of California without regard to it choice of law or conflict of law principles."

Dated:  September 18, 2014          By:  */s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:(415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

Sylvie K. Kern
KAG LAW GROUP
P.O. Box 210135
San Francisco, CA 94121
Telephone: (415) 221-5763
sylviekern@yahoo.com

*Counsel for Indirect Purchaser Plaintiffs*