# EXHIBIT A

BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Philips Electronics North America Corporation*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944-SC<br><br>MDL No. 1917<br><br>**PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S MEMORANDUM REGARDING PARALLEL STATE LITIGATION** |
| This Document Relates to:<br><br>ALL CASES | **Judge: Honorable Samuel Conti**<br>**Courtroom: One, 17th Floor** |

MDL 1917

On September 8, 2014, the Court ordered both the State of California (the "State") and the Indirect Purchaser Class ("IPPs") to submit memoranda to address several issues regarding the litigation in the California state courts and relationship between that litigation and the above litigation.  Because Philips Electronics North America Corporation ("PENAC") also is a party to both the California state litigation and the above litigation, PENAC simultaneously moves for leave to file this brief memorandum to provide the Court with a complete picture of the parties' perspectives regarding "the impact, if any, that the state court litigation may have on the above litigation."

PENAC and certain Philips entities have entered into a settlement with the State and the Attorney General acting in her *parens patriae* capacity (the "Settlement").  In the Settlement, PENAC is released from all claims asserted by the State and the Attorney General acting in her *parens patriae* capacity.[1]  The Settlement has received final approval from the San Francisco Superior Court, which approval is being contested on appeal by one objector, Mr. Figone, who is also one of the California class representatives in the IPPs' litigation here.  Mr. Figone is represented in that appeal by IPPs' class counsel in this case, Mr. Alioto.

All of the parties to the appeal of the Settlement − PENAC, the State and Mr. Figone − have recognized that the Settlement could have significant impacts with respect to the IPPs' class claims in the above litigation.  The question at issue is whether the release of the Cartwright and other antitrust claims brought by the Attorney General, acting on behalf of California citizens in her *parens patriae* capacity, effectively extinguishes the claims of the California members of the IPPs' class.

In fact, Mr. Alioto, counsel for both the IPPs and the Objector to the Settlement, has articulated on several occasions in the California state litigation that the Settlement does have an impact on the above litigation. For instance, at the San Francisco Superior Court's Final Approval Hearing for the Settlement, Mr. Alioto, stated that "this settlement of California claims has a very, very substantial impact upon what I'll refer to shorthand in this presentation as 'The California MDL

---

[1] The Settlement also specifically released the following Philips entities: Koninklijke Philips N.V.; Philips Taiwan Limited.; and Philips do Brasil, Ltda.

1  Claims,' the claims in the MDL proceeding in Federal Court brought on behalf of California
2  consumers as part of a class." Declaration of Erik T. Koons in Support of PENAC's Memorandum
3  Regarding Parallel State Litigation ("Koons Decl."), Ex. 1 (Final Approval Hrg. Tr. at 14:5-24,
4  *State of California v. Chunghwa Pictures Tubes, Ltd.*, No. CGC-11-515786 (Cal. Super. Ct. San
5  Francisco December 5, 2013)). Mr. Alioto further discussed the impact of the Settlement when he
6  argued that a decision by the San Francisco Superior Court to grant final approval of the Settlement
7  would result in "my claims hav[ing] been given up in the District Court in the MDL case." *Id.* at
8  71:12-15; *see also id.* at 41:11-14 ("Judge Conti is going to look at Your Honor's order, at the face
9  of the order, and he's going to say this is what the order says, Mr. Alioto, your claims are barred.").

10  Lastly, in seeking to establish standing to appeal the final approval of the Settlement by
11  filing an Opposition to the State's Motion to Dismiss the Appeal, Mr. Figone's counsel again argued
12  that the Settlement impacts his California state claims in federal court. The California Court of
13  Appeals, therefore, denied the State's Motion to Dismiss the Appeal on the grounds that "Jeffrey
14  Figone has shown that he is potentially bound by the judgment under the doctrine of res judicata. If
15  bound, his right to pursue his claims in a pending federal class action may be barred, and he is
16  therefore a party 'aggrieved' by the judgment." Koons Decl., Ex. 2 (Order regarding Motion to
17  Dismiss, *State of California v. Philips Electronics North America Corporation*, No. A140908 (Cal.
18  Ct. App., 1st Dist. July 9, 2014). Thus, the California Court of Appeals also has recognized the
19  potential impact of the Settlement on the claims of the California members of the IPPs' class.

20  Although the potential impact of the Settlement now is tied up in the merits of the appeal in
21  the California Court of Appeals, PENAC maintains that this Court, and indeed only this Court, has
22  jurisdiction to determine the impact of the Settlement on the IPPs' California state claims against
23  PENAC in the above litigation. The San Francisco Superior Court agreed with PENAC on this point
24  when it held that the question of whether the Settlement Order would have collateral estoppel
25  consequences on Mr. Figone's class claims was not only premature but also should be determined by
26  this Court. *See* Koons Decl., Ex. 1 at 78:11-19 ("I'm not going to determine that now. It's a
27  hypothetical question for somebody else to figure out, not for me to figure out, and, lastly, some of
28  

3

PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S MEMORANDUM REGARDING PARALLEL STATE LITIGATION

this might have to do with federal law regarding standing, regarding class matters or anything else that could creep into whatever is going to happen next.").

In conclusion, the Settlement may have significant implications with regard to the IPPs' litigation in this Court, and this Court may be called upon to determine the extent to which the Settlement extinguishes the IPPs' California state claims in the above litigation. Finally, the evaluation of this issue may have a significant impact on the parties' preparation for trial and settlement, as well as issues that a jury must ultimately address, including the scope of any potential damages.

Dated: September 18, 2014

By: /s/ Erik T. Koons
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Philips Electronics North America Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2014, I electronically filed Philips Electronics North America Corporation's Memorandum Regarding Parallel State Litigation with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

By:  /s/ Erik T. Koons