Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
       rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
Email: jmurphy@crowell.com
       aheaven@crowell.com

*Counsel For ViewSonic Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917 |
| | The Honorable Samuel Conti |
| This Document Relates to: | Individual Case No. 3:14-cv-02510 |
| *ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd. et al.,* No. 14-cv-02510 | **DECLARATION OF ASTOR H. L. HEAVEN IN SUPPORT OF VIEWSONIC CORPORATION'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-5(d) AND 7-11** |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DECLARATION OF ASTOR H.L. HEAVEN
MASTER FILE NO. 3:07-CV-05944-SC

DCACTIVE-29154467.1

I, Astor H.L. Heaven, hereby declare as follows:

1.	I am an attorney with the law firm of Crowell & Moring LLP, which represents ViewSonic Corporation ("ViewSonic") in the above-captioned action currently pending in the United States District Court for the Northern District of California.  I am a member in good standing of the District of Columbia and Maryland bars, and am admitted to appear in this Court *pro hac vice* in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944-SC, MDL No. 1917 ("MDL 1917").  The matters stated herein are true to my own personal knowledge, and, if called as a witness, I could and would competently testify thereto.

2.	I submit this declaration in accordance with Civil Local Rule 79-5 to set forth facts in support of ViewSonic's Administrative Motion to File Under Seal Pursuant to Civil Local Rules 79-5(d) and 7-11.

3.	ViewSonic has disclosed or produced to parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306) ("Protective Order").

4.	Pursuant to Civil Local Rules 79-5 and 7-11, this Court's General Order No. 62, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Protective Order, I make this declaration on behalf of ViewSonic to provide the Court with a basis to maintain under seal the following documents and information designated by ViewSonic as "Confidential" or "Highly Confidential:" (i) Exhibits A through G to the Declaration of Astor H. L. Heaven in Support of ViewSonic Corporation's Opposition to the Panasonic Defendants' Motion to Dismiss and Compel Arbitration ("Heaven Declaration"), (ii) all highlighted portions of ViewSonic's Opposition to the Panasonic Defendants' Motion to Dismiss and Compel Arbitration (the "Opposition") which reference confidential information contained in Exhibits A through G, and (iii) all highlighted portions of the Heaven Declaration.

5.	Exhibit A to the Heaven Declaration is a true and correct copy of an OEM Agreement between ViewSonic and Capetronic dated June 1, 1997, designated by ViewSonic as "Highly Confidential" under the terms of the Protective Order.  The document contains confidential,

nonpublic, and highly sensitive business information pertaining to ViewSonic's purchasing practices, negotiation tactics, and business relationship with a vendor. The document includes the negotiated terms and conditions that governed the relationship. Public disclosure of this sensitive information risks undermining ViewSonic's business relationships with its various other vendors, harming ViewSonic's customer relationships, and providing ViewSonic's competitors with an unfair strategic advantage, Public disclosure would place ViewSonic at a competitive disadvantage when negotiating other agreements and when negotiating for the sale of its products to its own customers.

6.     Exhibit B to the Heaven Declaration is a true and correct copy of a Supplier Agreement between ViewSonic and Amtran dated May 1, 1997, designated by ViewSonic as "Highly Confidential" under the terms of the Protective Order. The document contains confidential, nonpublic, and highly sensitive business information pertaining to ViewSonic's purchasing practices, negotiation tactics, and business relationship with a vendor. The document includes the negotiated terms and conditions that governed the relationship. Public disclosure of this sensitive information risks undermining ViewSonic's business relationships with its various other vendors, harming ViewSonic's customer relationships, and providing ViewSonic's competitors with an unfair strategic advantage, Public disclosure would place ViewSonic at a competitive disadvantage when negotiating other purchase agreements and when negotiating for the sale of its products to its own customers.

7.     Exhibit C to the Heaven Declaration is a true and correct copy of an OEM Agreement between ViewSonic and Delta dated December 1, 2001, designated by ViewSonic as "Highly Confidential" under the terms of the Protective Order. The document contains confidential, nonpublic, and highly sensitive business information pertaining to ViewSonic's purchasing practices, negotiation tactics, and business relationship with a vendor. The document includes the negotiated terms and conditions that governed the relationship. Public disclosure of this sensitive information risks undermining ViewSonic's business relationships with its various other vendors, harming ViewSonic's customer relationships, and providing ViewSonic's competitors with an

unfair strategic advantage,  Public disclosure would place ViewSonic at a competitive disadvantage when negotiating other purchase agreements and when negotiating for the sale of its products to its own customers.

8.     Exhibit D to the Heaven Declaration is a true and correct copy of an OEM Agreement between ViewSonic and Jean Co. Ltd dated January 29, 2002, designated by ViewSonic as "Highly Confidential" under the terms of the Protective Order. The document contains confidential, nonpublic, and highly sensitive business information pertaining to ViewSonic's purchasing practices, negotiation tactics, and business relationship with a vendor.  The document includes the negotiated terms and conditions that governed the relationship.  Public disclosure of this sensitive information risks undermining ViewSonic's business relationships with its various other vendors, harming ViewSonic's customer relationships, and providing ViewSonic's competitors with an unfair strategic advantage,  Public disclosure would place ViewSonic at a competitive disadvantage when negotiating other purchase agreements and when negotiating for the sale of its products to its own customers.

9.     Exhibit E to the Heaven Declaration is a true and correct copy of an OEM Agreement between ViewSonic and LG Electronics dated August 1, 1998, designated by ViewSonic as "Highly Confidential" under the terms of the Protective Order. The document contains confidential, nonpublic, and highly sensitive business information pertaining to ViewSonic's purchasing practices, negotiation tactics, and business relationship with a vendor.  The document includes the negotiated terms and conditions that governed the relationship.  Public disclosure of this sensitive information risks undermining ViewSonic's business relationships with its various other vendors, harming ViewSonic's customer relationships, and providing ViewSonic's competitors with an unfair strategic advantage,  Public disclosure would place ViewSonic at a competitive disadvantage when negotiating other purchase agreements and when negotiating for the sale of its products to its own customers.

10.    Exhibit F to the Heaven Declaration is a true and correct copy of an OEM Agreement between ViewSonic and Sampo dated March 5, 2001, designated by ViewSonic as "Highly

Confidential" under the terms of the Protective Order. The document contains confidential, nonpublic, and highly sensitive business information pertaining to ViewSonic's purchasing practices, negotiation tactics, and business relationship with a vendor. The document includes the negotiated terms and conditions that governed the relationship. Public disclosure of this sensitive information risks undermining ViewSonic's business relationships with its various other vendors, harming ViewSonic's customer relationships, and providing ViewSonic's competitors with an unfair strategic advantage, Public disclosure would place ViewSonic at a competitive disadvantage when negotiating other purchase agreements and when negotiating for the sale of its products to its own customers.

11. Exhibit G to the Heaven Declaration is a true and correct copy of the Declaration of Bonny Cheng in Support of ViewSonic's Opposition to the Panasonic Defendants' Motion to Dismiss and to Compel Arbitration. The declaration includes descriptions of ViewSonic's confidential business activities, including negotiations and other activity. Public disclosure of the declaration would provide ViewSonic's competitors with valuable insight into ViewSonic's negotiations and business insight. Public disclosure would place ViewSonic at a disadvantage when negotiating with its customers and would provide a competitive advantage to ViewSonic's competitors.

12. The Heaven Declaration quotes from or describes transactional purchase data designated by ViewSonic as "Highly Confidential" under the terms of the Protective Order. Public disclosure of this sensitive information risks undermining ViewSonic's business relationships with its various vendors, harming ViewSonic's customer relationships, and providing ViewSonic's competitors with an unfair strategic advantage.

13. The Opposition quotes from or describes Exhibits A through G and the Heaven Declaration. I am informed or believe that ViewSonic considers any statements in the Opposition summarizing these exhibits and declarations to be highly confidential, and that public disclosure of this information would also likely cause harm to ViewSonic with respect to its vendors, competitors and/or customers. Accordingly, all portions of the Opposition that quote from or

describe Exhibits A though G or the Heaven Declaration should be maintained under seal.

14. ViewSonic has narrowly tailed this sealing request to only those exhibits and references thereto necessary to protect its proprietary and sensitive business information. Accordingly, for the reasons stated above, ViewSonic requests that the Court maintain Exhibits A through G, the highlighted portions of the Heaven Declaration, and all portions of the Opposition that describe them, under seal.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 22nd day of September, 2014, in Washington, District of Columbia.

*/s/ Astor H.L. Heaven*
Astor H.L. Heaven

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

DECLARATION OF ASTOR H.L. HEAVEN
MASTER FILE NO. 3:07-CV-05944-SC

DCACTIVE-29154467.1