Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice)*
Astor H.L. Heaven *(pro hac vice)*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
aheaven@crowell.com

*Counsel for Plaintiff ViewSonic Corp.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates To:

*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd. et al.*, No. 14-cv-02510

Master Case No. 07-cv-05944-SC

MDL No. 1917

Individual Case No. 14-cv-02510

**PLAINTIFF VIEWSONIC CORP.'S OPPOSITION TO PANASONIC DEFENDANTS' MOTION TO DISMISS AND TO COMPEL ARBITRATION**

**Oral Argument Requested**

Date: October 24, 2014
Time: 10:00 a.m.
Judge: Hon. Samuel Conti

**<u>REDACTED VERSION OF DOCUMENT OF DOCUMENT SOUGHT TO BE SEALED</u>**

Plaintiff ViewSonic Corporation ("ViewSonic") hereby opposes the Panasonic Defendants' ("Panasonic") Motion to Dismiss and to Compel Arbitration ("Motion") (Dkt. 2767).

## I. INTRODUCTION

Panasonic seeks to compel ViewSonic to arbitrate all of its claims against it based on an [redacted][1] But Panasonic is overreaching. ViewSonic [redacted], and nothing more. And neither Matsushita nor ViewSonic agreed to the broad interpretation and application that Panasonic now seeks. Rather, the parties negotiated a very specific [redacted]

Panasonic ignores [redacted] included within the Agreement, but the explicit and unambiguous language of the [redacted] Panasonic's attempt to unilaterally expand the reach of the [redacted] is improper. *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.").

Moreover, to the extent that the [redacted] is enforceable, ViewSonic only agreed

[1] [redacted]

[redacted] – ViewSonic [redacted] based on purchases from unrelated third parties. So ViewSonic's claims against Panasonic based on co-conspirator or joint and several liability are likewise excluded from arbitration. As is clear, the majority of ViewSonic's claims against Panasonic should remain in this litigation and should not be stayed or dismissed, even if the Court ultimately decides to compel arbitration of some of ViewSonic's remaining claims against Panasonic.

## II. BACKGROUND

On [redacted] *See* Hemlock Decl., Attachment A.[2] [redacted][3] [redacted] Though the [redacted] it was anything but the beginning of the business relationship between ViewSonic and Matsushita. Rather, [redacted] Indeed, approximately [redacted][4] *See* Declaration of Astor H.L. Heaven ("Heaven Decl.") ¶ 5. And those [redacted] *See* Ex. G,[5] Decl. of Bonny Cheng (hereinafter referred to as the "Cheng Decl.") ¶ 4. Though the parties enjoyed a reasonable business

---

[2] The Hemlock Decl. was filed along with Panasonic's Motion to Dismiss and Compel Arbitration.

[3] [redacted]

[4] [redacted]

[5] Unless otherwise noted, all Exhibits are attached to the Declaration of Astor H.L. Heaven.



relationship prior to the

For purposes of this matter,

Specifically, the relevant portion of the read:

Hemlock Decl., Attachment A . Such an *See* Cheng Decl. ¶ 5. In fact, ViewSonic *See* Exs. B, C, D, E, and F. Based on that fact alone, it is evident that ViewSonic only on the condition that the *See* Cheng Decl. ¶ 6. In any case, both ViewSonic and Matsushita (*See* Hemlock Decl., Attachment A ¶ , and in so doing, Panasonic now asks this Court to ignore those .

**III. ARGUMENT**

**A.**

ViewSonic cannot be forced to arbitrate its claims And the law is clear regarding the enforcement and applicability of negotiated arbitration clauses;

courts defer to the intent of the contracting parties and will only require arbitration to "proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4.

Indeed, arbitration "is a matter of consent, not coercion." *Volt Info. Scis, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 479 (1989). While the Federal Arbitration Act reflects a presumption in favor of arbitration, this policy "does not confer a right to compel arbitration of any dispute at any time." *Volt*, 489 U.S. at 474; *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681-82 (2010). This is because "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers,* 363 U.S. at 582; *see also McDonnell Douglas Fin. Corp. v. Pa. Power & Light Co*., 858 F.2d 825, 831(2d Cir. 1988) (stating that the purpose of the FAA "was to make arbitration agreements as enforceable as other contracts, but not more so" (internal quotation marks omitted)). Further, "[a] party seeking to compel arbitration bears the burden of proving the existence of a valid and enforceable arbitration agreement." *Maganallez v. Hilltop Lending Corp.*, 505 F. Supp. 2d 594, 599-600 (N.D. Cal. 2007).

As described above, [redacted]

Hemlock Decl., Attachment A [redacted] (emphasis added). Though ViewSonic never agreed that willful violations of the antitrust laws would be arbitrable,[6] ViewSonic does not dispute the general applicability [redacted], but, as provided below, [redacted]

---

[6] ViewSonic does not concede that its antitrust claims are arbitrable. But recognizing that certain Courts in this district have held otherwise, ViewSonic therefore intends to preserve this issue for appeal. *See Santa Cruz Med. Clinic v. Dominican Santa Cruz Hosp*., No. C93-20613, 1995 WL 232410, at *3 (N.D. Cal. Apr. 17, 1995) (denying motion to compel and noting that "claims are not arbitrable because no language in contracts…needs to be interpreted in order to evaluate the merits of plaintiffs' antitrust claims.")



does not apply. *Cf.* Ex. A And the

Hemlock Decl., Ex. A (emphasis added).

*Compare id.* *with id.* Indeed, the *Id.* Panasonic has provided no such subsequent and anything short of such would be insufficient to contradict the *See In re TFT-LCD*, M 07-1827 SI, Dkt. No. 8955 at 5 (N.D. Cal. Apr. 10, 2014) ("Indeed, given the Court's conclusion that the contractual language is clear and explicit, it would be improper for the Court to consider [a] declaration" that contradicted the contract); *United States v. Ajugwo*, 82 F.3d 925, 928 (9th Cir. 1996) (It is a fundamental rule of contract law that the terms of a clear and unambiguous written contract cannot be changed by parole evidence.") (internal citation omitted); *Wilson Arlington Co. v. Prudential Ins. Co. of Am.*, 912 F.2d 366, 370 (9th Cir. 1990) ("Where parties have reduced their

agreement to a writing which imposes a legal obligation in clear and explicit terms, the writing shall be the sole memorial of that agreement.") (internal citation omitted).

This situation stands in stark contrast to other matters where similar courts in this District have held a contract to apply retroactively. For example, in the LCD MDL, Judge Illston held that the "broad language of the arbitration agreement, combined with the *explicit statement that the [Agreement] must be read retroactively*…indicated the intent of the parties" that all claims based on purchases both before and after execution of the agreement would be submitted to arbitration. *In re TFT-LCD*, M 07-1827 SI, Dkt. No. 3034 at 9 (N.D. Cal. Jul. 6, 2011) (emphasis added). There, Judge Illston found the parties' intent, as articulated in the agreement, dispositive, and she refused to revise that intent despite "[Plaintiff's] desire to alter the terms of that contract." *Id.*

In another matter, Judge Illston also found the parties' intent, as articulated in an agreement, dispositive when she limited arbitration to a very specific time period. *See In re TFT-LCD*, M 07-1827 SI, Dkt. No. 8955 at 4 (N.D. Cal. Apr. 10, 2014) ("Accordingly, the court concludes that, *under the express terms of the agreement*, only purchases made between February 23, 1998 and February 23, 2002 should be submitted to arbitration."). This situation is no different, as both [REDACTED] Panasonic's request to broaden the [REDACTED] is nothing more than an improper attempt to revise the clear intent of the parties and "alter the terms" of the Agreement that Panasonic itself hailed as valid and enforceable in its Motion.

It is important to note that in its Motion, Panasonic does not dispute that the [REDACTED] as written, is an enforceable contract, nor does Panasonic argue that either the [REDACTED] is ambiguous, unclear or otherwise unenforceable. In fact, Panasonic described both the [REDACTED] as a "valid and enforceable contract emerging from arms-length negotiations between commercial entities" both of which are "sophisticated companies, accustomed to commercial

dealings and arrangements such as those that the OEM Agreement memorializes."[7] Motion at 7.

Notably, ViewSonic's [redacted] (*see* Exs. B, C, D, E, and F), [redacted] behalf of ViewSonic.[8] Put differently, ViewSonic [redacted] *See* Cheng Decl. ¶ 5. ViewSonic clearly only agreed to [redacted] Those "sophisticated companies" [redacted] absent the assertion of valid defenses in contract,[9] should remain undisturbed.

ViewSonic's claims based on its [redacted] should not be remitted to arbitration because [redacted] *See Fujian Pac. Elec. Co. Ltd. v. Bechtel Power Corp., No.* C 04-3126 MHP, 2004 WL 2645974 (N.D. Cal. Nov. 19, 2004) ("[T]he court must take into account the intent of the parties as it is expressed in the…contract[] at issue here.") (internal citation omitted).

---

[7] Panasonic cannot retreat from its description in its reply to argue that the [redacted] somehow invalid or unenforceable. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir. 1999) (Once the district court determines that a written arbitration agreement exists, it must "enforce it in accordance with its terms.")

[8] [redacted]

[9] Panasonic points to no such defenses in its Motion. If, however, Panasonic does claim that the Agreement was the result of such contractual defenses such as fraud, duress, or unconscionability (*see* 9 U.S.C. § 4), then the entire Agreement would be void and the arbitration clause would also be void.

**B. ViewSonic Never Agreed to Arbitrate Claims Based on Purchases from Unrelated Third Parties**

ViewSonic never [REDACTED] So ViewSonic's claims against Panasonic based on co-conspirator or joint and several liability are not subject to arbitration.

This Court ruled on the very issue when addressing each of the Toshiba and Philips defendants' motions to compel arbitration against Costco. *See* Dkt. 1543 at 5 ("There is no basis for compelling arbitration for Plaintiff's claims based on the Toshiba Defendants' alleged dealings with other defendants, even if the Toshiba Defendants' corporate family may compel arbitration based on the Vendor Agreement with TACP. Plaintiff did not agree to arbitrate those claims not related to its direct or indirect purchases from the Toshiba Defendants."); Dkt. 2265 (granting arbitration "with the exception of Plaintiff's claims for co-conspirator or joint and several liability based on Plaintiff Costco's purchase of products from defendants other than the Philips Defendants.") Judge Illston also consistently excluded such claims from arbitration in the LCD MDL. *See In re TFT-LCD*, M 07-1827 SI, Dkt. No. 6622 at 1-2 (N.D. Cal. Sep. 5, 2012) (holding that despite the presence of an enforceable arbitration clause between AUO and Nokia, Nokia could "proceed with its claims against AUO for joint and several liability"); *In re TFT-LCD*, M 07-1827 SI, Dkt. No. 4526 at 2 (N.D. Cal. Jan. 10, 2012) ("Jaco's claims are arbitrable to the extent they are based upon purchases it made directly from NEC; to the extent Jaco's claims against NEC are based on coconspirator liability for purchases Jaco made from other defendants, such claims are not subject to arbitration."); *In re TFT-LCD*, M 07-1827 SI, 2011 WL 3353867, at *3 (N.D. Cal. Aug. 3, 2011) (sending Dell's claims against AU Optronics to arbitration "[t]o the extent Dell's claims are based upon purchases made under the" contract containing the arbitration clause).

Likewise, the [REDACTED] As this Court has consistently held, those claims based on joint and several liability should be excluded from arbitration and should remain in this

MDL.

### C. A Dismissal or Stay of ViewSonic's Claims is Inappropriate.

Panasonic requests that the Court dismiss all of ViewSonic's claims, but to the extent that the Court holds that certain of ViewSonic's claims are not subject to arbitration, dismissal of those claims would be inappropriate. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983) (holding that "federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement."); *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 223 (1985) (noting that courts may allow litigation to run concurrently with arbitral proceedings). Additionally, a stay of those claims would be unnecessary. As Judge Illston noted in the LCD MDL, "the clear bulk of the parties and claims in this case will not proceed through arbitration," and "given the breadth and scope of these MDL proceedings, a stay would have little benefit." *In re TFT-LCD,* 2011 WL 4017961, at *7 (N.D. Cal. Sept. 9, 2011); *see also Moses H. Cone*, 460 U.S. at 20 n. 23 (noting that the decision whether "to stay litigation among the non-arbitrating parties pending the outcome of the arbitration . . . is one left to the district court . . . as a matter of its discretion"). That is, the parties will be litigating this case regardless of whether a portion of a party's claims are submitted to arbitration.

This case is no different. The CRT MDL is comprised of at least 16 plaintiff groups and at least 10 active defendant groups, and many, if not most, of the plaintiffs have claims against Panasonic that will be litigated and possibly proceed to trial. ViewSonic's non-arbitrable claims [REDACTED] should be permitted to proceed on the same track as those of the scores of other plaintiffs in this case.

## IV. CONCLUSION

This Court should exclude from arbitration ViewSonic claims based on purchases made (i) [REDACTED] and (ii) [REDACTED] [REDACTED] The Court should also exclude ViewSonic's claims based on joint and several liability because those claims were likewise excluded from the arbitration clause. Finally, this Court should permit ViewSonic's non-arbitrable claims to remain in this MDL.

Dated: September 22, 2014

Respectfully submitted

/s/ Jason C. Murray

Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
rmcnary@crowell.com

Jerome A. Murphy *(pro hac vice)*
Astor H.L. Heaven *(pro hac vice)*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
aheaven@crowell.com

*Counsel for Plaintiff ViewSonic Corp.*