IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944-SC |
| This Order Relates To: | ORDER RE: CALIFORNIA ATTORNEY GENERAL DISCOVERY ISSUES |
| ALL ACTIONS | |

## I. INTRODUCTION

Now before the Court are two administrative motions brought by the Attorney General of the State of California ("the AG"), relating to its discovery efforts coordinated with this matter. First, the AG moves for an order extending the applicable discovery cutoff, previously September 5, 2014, to permit the deposition of Mr. Leo Mink to take place in the Netherlands by January 30, 2015. ECF No. 2780 ("Mink Mot."). Second, the AG asks the Court to issue revised letters of request to permit the taking of evidence from Woong Tae Kim ("W.T. Kim") and Myung Joon Kim ("M.J. Kim") of the Republic of Korea. ECF No. 2794 ("Kim Mot."). Samsung opposes

both motions.  ECF Nos. 2810 ("Mink. Opp'n"), 2827 ("Kim Opp'n").
For the reasons set forth below, the motion to extend the discovery
deadline to permit the taking of Mr. Mink's deposition is GRANTED.
The motion for the issuance of revised letters of request to permit
the taking of evidence from W.T Kim and M.J. Kim is DENIED.

**II.   BACKGROUND**

Both these motions arise out of previous discovery orders.
First, in January of 2014 the Court granted the AG's motion for the
issuance of a letter of request for international judicial
assistance from the Netherlands in obtaining Mr. Mink's testimony
pursuant to the Hague Convention.[1]  ECF No. 2362 ("First Mink
Order").  After the letter was transmitted to Dutch authorities,
the Netherlands' Central Authority contacted the AG to inform her
that the first request was misfiled, and a second letter of request
would be necessary.  ECF Nos. 2518 ("Second Mink Mot.").  The AG
moved for the issuance of a second set of letters, and the Court
granted that motion in April 2014.  ECF No. 2530 ("Second Mink
Order").  Since that time the AG's office has been in repeated
contact with Dutch authorities, who have apparently run into
administrative difficulties in executing the Court's letters of
request.  Mink Mot. at 2-3.  Those issues having now been mostly
sorted out, the AG seeks an extension of the discovery deadline to
permit the examination of Mr. Mink to be held by January 30, 2015.
The AG argues the extension "affords the Dutch authorities the time
necessary to effectuate this Court's formal requests but also

---

[1] Hague Convention on the Taking of Evidence Abroad in Civil or
Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No.
7444 (codified at 28 U.S.C. § 1780) ("Hague Convention").

2

ensures that the requested examination will be completed before the pre-trial conference in" this case. Id. at 3-4.

Similarly, in May 2014 the Court granted the AG's original motion for the issuance of letters of request to the relevant authorities in the Republic of Korea seeking discovery from W.T. Kim and M.J. Kim. ECF No. 2571 ("Kims Order"). Several months later, the Court received two letters from the National Court Administration of the Republic of Korea requesting revisions to the letters of request to include the specific questions to be offered to the witnesses. ECF Nos. 2724; 2725 ("Korea Letters"). These revisions are apparently necessary for compliance with Article Three of the Hague Convention and Article 80 of the Civil Procedure Rules of Korea. Id. Now the AG has submitted revised letters, and asks both that the Court issue the revised letters of request and extend the discovery deadline to permit the discovery requested to go forward.

Samsung opposes both motions.

### III. **LEGAL STANDARD**

#### A. **Issuance of Letters of Request**

Letters of request, also referred to as letters rogatory, are formal written requests sent by a court in which an action is pending to a foreign court seeking discovery from a witness within the foreign court's jurisdiction. Asis Internet Servs. v. Optin Global, Inc., No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007). Letters of request may include, among other things, requests for production of documents or for depositions to be taken in a foreign country. See Fed. R. Civ. P. 28(b)(1)(B)

(stating depositions may be taken abroad "pursuant to a letter of request (whether or not captioned a letter rogatory)"). Courts have inherent authority to issue letters of request, SEC v. Leslie, No. C 07-03444 JF (PVT), 2009 WL 688836, at *2 (N.D. Cal. Mar. 16, 2009), and a party opposing their issuance must show "good reason for a court to deny an application for a letter [of request]." Id.

### B. Modification of Scheduling Orders

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Pretrial scheduling orders may be modified if the dates scheduled "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The focus of the good cause inquiry is "on the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id.

## IV. DISCUSSION

Samsung makes three similar arguments in opposition to the AG's motions. First, Samsung argues the AG has not been diligent in pursuing these discovery requests. Second, Samsung suggests the AG's requests are prejudicial and, in the case of Mr. Mink's deposition, duplicative of previous discovery. Third, comity interests are not implicated here and do not weigh in favor of granting the AG's motions.

The purpose of the good cause standard and the focus on diligence under Federal Rule of Civil Procedure 16(b)(4) is two-fold. First, analyzing whether good cause exists to vary a deadline allows the court to balance the need for certainty in case

4

management against the unexpected difficulties that often arise in complying with case scheduling.  Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment (suggesting that because scheduling orders are often entered early in the litigation, a "good cause" standard is preferable).  Second, centering the good cause analysis on the moving party's diligence prevents parties from profiting from carelessness, unreasonability, or gamesmanship, while also not punishing parties for circumstances outside their control.  See Orozco v. Midland Credit Mgmt. Inc., No. 2:12-cv-02585-KJM-CKD, 2013 WL 3941318, at *3 (E.D. Cal. July 30, 2013).  Accordingly, if a party "fails to heed repeated signals," waits until the eleventh hour for tactical reasons, or otherwise acts carelessly or in bad faith, courts are unlikely to vary the applicable schedule.  Johnson, 975 F.2d at 609; see also In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013) (being "aware of the facts and theories supporting amendment since the inception of the action" demonstrated lack of diligence); Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc., No. 11-cv-2861-SC, 2012 WL 6095089, at *2-3 (N.D. Cal. Dec. 7, 2012) (Conti, J.) (finding lack of diligence where a party waited until the eve of the discovery deadline to seek amendment); Unlimited Holdings, Inc. v. Bertram Yacht, Inc., Civ. No. 2005-46, 2008 WL 4642191, at *7-8 (D.V.I. Oct. 15, 2008)(referring to plaintiffs' "cavalier attitude" toward discovery and apparent "belief that this Court's orders are mere suggestions").

**A.  Mr. Mink's Deposition**

The Court finds the AG acted diligently in pursuing Mr. Mink's deposition for four reasons.

First, the AG did not wait an unreasonably long time before beginning the Hague Convention process. Samsung argues that the AG knew or should have known of Mr. Mink's relevance when Samsung filed supplemental responses to interrogatories in October 2011. Samsung is right that its supplemental interrogatory responses identified Mr. Mink as potentially relevant as early as October 2011, however those responses are voluminous, and include hundreds of names and dozens of pages listing meetings between various representatives of the Defendants. Sorting through that list and identifying key participants must have required extensive time and effort. Nevertheless, Samsung insists that at the latest, the AG should have begun pursuing Hague Convention procedures in December 2012, when Mr. Mink was identified as a potential deponent. Yet the documents Samsung cites in support of this argument support, rather than undermine, the conclusion that the AG acted diligently. For instance, in that December 2012 letter identifying Mr. Mink as a potential deponent, Plaintiffs listed Mr. Mink among 26 individuals who might be deposed in the future, and then solicited information about his employment status, intent to invoke Fifth Amendment rights, and Defendants' views on whether he was likely to have relevant information. See ECF No. 2810-1 ("Cunningham Mink Decl.") Ex. A (listing the first six Philips deponents and seeking information about 26 potential deponents including Mink). The letter also informed Defendants that Plaintiffs would seek to depose six Philips affiliated individuals first, before turning to some of the 26 additional individuals including Mr. Mink. Id. at 1. This shows more than anything else that the AG and Plaintiffs were working together at an early date in trying to identify

6

witnesses, narrow the scope of discovery where possible, and investigate the usefulness of pursuing discovery against witnesses, including Mr. Mink.

Second, the AG's decision to allow more than eight months for its letters of request to be issued and executed was not careless or unreasonable. As all the parties have seen, difficulties and delays are to be expected when a party utilizes Hague Convention procedures, however empirical research shows that in the vast majority of cases, Hague Convention requests for oral testimony are resolved within six months.[2]

Third, and perhaps most compellingly, the reason the AG is seeking an extension of time in this instance relates not to carelessness, bad faith, or a lack of diligence, but rather because the Dutch authorities have experienced unique and unexpected difficulties outside the Court's or the AG's control. As counsel points out, the AG's office has been in frequent communication with Dutch authorities seeking a resolution of these issues, even going so far as to hire a Dutch agent to seek a resolution of this issue, but has so far been thwarted by misfiled documents, conflicts of interest, and other administrative issues outside the AG's control. See ECF No. 2780-1 ("Varanini Mink Decl.") ¶¶ 4-6. Now the AG has apparently reached an agreement with the Dutch authorities, and only needs time to accommodate their schedule. Id. at ¶ 7.

Accordingly, the Court finds that the AG acted diligently in

---

[2] Am. Bar Ass'n, Int'l Litig. Comm., Section of Int'l L. & Prac., Report on Survey of Experience of U.S. Lawyers with the Hague Evidence Convention Letter of Request Procedures, at 10 (Oct. 9, 2003) ("ABA Report"), available at: http://www.hcch.net/upload/wop/lse_20us.pdf (showing 84.4 percent of letters of request for oral testimony are resolved within 6 months).

7

pursuing Mr. Mink's testimony. Nonetheless, Samsung raises to additional grounds it argues should bar a finding of good cause.

First, Samsung contends that Mink's deposition will be duplicative of other discovery against Philips. This claim is belated and misplaced. While the risk of duplicative discovery might be a reason to deny a motion for the issuance of letters of request, the AG twice brought such motions, and the Court twice granted them, each time unopposed. Here, the Court is not evaluating the merits of the AG's request (at least with regard to Mink's deposition), but rather whether good cause exists to grant an extension of time. Additionally, even if the Court were to evaluate the merits of this issue under Rule 26(b)(2)(C)(i), Samsung is incorrect that the AG must "show that Mr. Mink could provide . . . unique information . . . " in order to depose him. Mink Opp'n at 4. Neither Rule 26 nor any other authority supports the application of such a heightened standard. Rather, the ordinary rules of relevance in discovery, and Rule 30's grant of authority for a deposition of "any person, including a party" clearly permit this deposition. Fed. R. Civ. P. 30(a)(1).

Consideration of prejudice, on the other hand, is clearly a proper (although not usually dispositive) consideration in assessing good cause. See Johnson, 975 F.2d at 609. Here, Samsung's chief complaint is that the schedule proposed by the AG might allow for Plaintiffs to depose Mink after Defendants have filed their summary judgment motions, thereby according Plaintiffs an unfair advantage. Mink Opp'n at 4. Setting aside the fact that Samsung seems to be arguing on the one hand that Mr. Mink's testimony will be duplicative and on the other hand that Mink's

8

1  testimony will be so significant as to alter how they might
2  approach summary judgment briefing, the Court is still not
3  persuaded.  This potential prejudice can be easily mitigated by (1)
4  the fact that, if Plaintiffs adopt the strategy that concerns
5  Samsung, Defendants will still have the opportunity to file reply
6  briefs addressing any issues related to Mr. Mink's deposition
7  raised in Plaintiffs' opposition briefing, and (2) court-ordered or
8  party-requested supplemental briefing.  See Civ. L.R. 7-3(d)
9  (permitting additional briefing provided the filing party obtains
10 prior court approval).  Furthermore, the AG is only associated with
11 this case for discovery purposes.  As previously ordered, only
12 discovery deadlines apply to the AG (not the other pretrial or
13 motion deadlines).  See ECF No. 2459 ("Scheduling Order), at 2 n.1
14 ("The California Attorney General joins in this stipulation but
15 only insofar as it concerns the close of fact and expert discovery
16 on Defendants and the date of expert reports.").  As a result, the
17 potential for prejudice (as well as gamesmanship) is lower here.
18     Accordingly, this is a circumstance in which the AG could not
19 have reasonably met the schedule, despite its diligence, and
20 therefore the AG's motion to extend the discovery deadline to allow
21 the deposition of Leo Mink to be completed by January 30, 2015 is
22 GRANTED.
23     **B.   W.T. Kim and M.J. Kim**
24     The Court finds that the AG has failed to demonstrate
25 diligence, and accordingly good cause, for extending the discovery
26 deadline to permit them to pursue discovery from W.T. Kim and M.J.
27 Kim.  There are two key difference between the AG's pursuit of Mr.
28 Mink's deposition and the depositions of W.T. and M.J. Kim.  First,

rather than file an initial motion for the issuance of letters of request eight months prior to the discovery deadline, as the AG did with regard to Mr. Mink's case, this motion was only filed a little more than three months prior to the discovery cutoff. An ABA report analyzing time frames for the execution of letters of request found that, while more than 65 percent of requests for oral testimony are executed within four months of issuance, only 12.5 percent are executed within two months. ABA Report at 10. While the report provides no figure for requests executed within three months, these findings at least suggest that the AG's request may have been late even from the outset. Second, and more importantly, the AG's initial letters of request failed to comply with the Republic of Korea's requirements for execution and with Article 3 of the Hague Convention. Unlike the case of Mr. Mink, the delays here are the result of the AG's actions, and not factors outside her control.

    Accordingly, the Court finds that because the AG did not diligently pursue the depositions of W.T. Kim and M.J. Kim, good cause is lacking for an extension of the discovery deadline as to these deposition. As a result, the AG's motion for the issuance of revised letter of request for the taking of evidence from W.T. Kim and M.J. Kim is DENIED.

///
///
///
///
///
///

10

**V.    CONCLUSION**

For the reasons set forth above, the Court ORDERS the following:

- The AG's motion for extension of time to permit the deposition of Mr. Leo Mink to be completed by January 30, 2015 is GRANTED.
- The AG's motion for the issuance of revised letters of request for the taking of evidence from W.T. Kim and M.J. Kim is DENIED.

IT IS SO ORDERED.

Dated:   October 1, 2014

_____
UNITED STATES DISTRICT JUDGE

11