Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Liaison Counsel for the Direct Action Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: Cathode Ray Tube (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>DIRECT ACTION PLAINTIFF ACTIONS | Master File No. 3:07-md-05944-SC<br><br>MDL No. 1917<br><br>**DIRECT ACTION PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION TO COMPEL DEFENDANTS TO PRODUCE THE EUROPEAN COMMISSION DECISION**<br><br>Judge: Honorable Samuel Conti<br>Courtroom 1<br>Date: October 24, 2014<br>Time: 10:00 a.m. |

DIRECT ACTION PLAINTIFFS' REPLY IN SUPPORT
OF RENEWED MOTION TO COMPEL DEFENDANTS TO
PRODUCE THE EUROPEAN COMMISSION DECISION

Master File No. 3:07-md-05944-SC

The undersigned Direct Action Plaintiffs ("Plaintiffs") hereby file this reply in support of their Renewed Motion to Compel Defendants to Produce the European Commission Decision (Dkt. No. 2843), filed with this Court on September 12, 2014.

**INTRODUCTION**

In their Opposition (Dkt. No. 2873) ("Opp."), Defendants insist that the Court and the parties to this litigation should continue to wait, without regard for the trial date set by this Court, for the European Commission (the "EC") to issue a public version of the highly relevant decision detailing its investigation into the global CRT price-fixing conspiracy (the "Decision").

The following facts are not in dispute: On February 2, 2014, Defendants represented to this Court in their response to Plaintiffs' initial motion to compel that it was likely that the EC would issue a public version of the Decision within six months and before fact discovery closed in this matter. Dkt. No. 2449 at 4. The Court specifically noted Defendants' representation in denying without prejudice Plaintiffs' initial motion to compel. Dkt. No. 2463 (the "Order") at 5-6. Now, discovery has closed and the EC has still not issued a public version of the Decision, and neither the EC nor the Defendants have come forward with any indication as to when production might occur. Meanwhile, Plaintiffs (and presumably Defendants as well) are diligently preparing for the March 2015 trial date set by this Court. There is simply no more time for delay given the impending trial date—the time for production of the Decision is now.

It has been nearly two years since the EC stated it was working toward a "quick publication" of the Decision. Yet despite Defendants' prior representation to the Court that a public version was likely to be forthcoming before the close of discovery in this litigation, the Decision has not, in fact, been published. The best Defendants can muster now is a vague assertion that the EC will issue a "formal statement" to the U.S. DOJ giving its views on the potential disclosure of the Decision. *See* Dkt. No. 2873-1 at ¶¶ 4-5 (Sept. 26, 2014 Declaration of Rachel Brass in Support of Defendants' Opposition to Plaintiffs' Renewed Motion). But those views have already been expressed by the EC in connection with Plaintiffs' prior motion. The Court's interest in administering justice militates strongly in favor of production of the Decision itself—not further self-serving statements from Defendants and the EC as to why the Decision should not be provided now.

As this Court has already found, the Decision is relevant to this litigation, as it concerns the very same global conspiracy Plaintiffs allege.  Order at 4-5.  Moreover, any concerns regarding comity are significantly diminished from when the Court initially ruled six months ago—fact discovery is closed, trial is fast approaching, and Plaintiffs have no other avenue for obtaining the Decision.  Defendants' vague reference to confidentiality concerns are also off the mark, as production of the Decision would be subject to the strict safeguards of the protective order which governs this litigation.

Accordingly, Plaintiffs respectfully request that the Court either order Defendants to produce the Decision now or, in the alternative, request international assistance from the EC to produce the Decision, as was done in *Vichi v. Koninklijke Philips Electronics, N.V.*, 85 A.3d 725 (Del. Ch. 2014).

## I.    THE *AEROSPATIALE* FACTORS WEIGH IN FAVOR OF PRODUCTION

In its prior order, the Court addressed the factors identified in *Société Nationale Industrielle Aérospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522 (1987), and found that multiple factors weighed in favor of requiring production of the Decision.  Order at 3-8. Even more so now, the *Aérospatiale* factors weigh in favor of ordering production of the Decision.

### A.    THE DECISION IS INDISPUTABLY RELEVANT

The Decision is indisputably relevant to this case.  Indeed, it is hard to imagine a more relevant document: Plaintiffs allege that Defendants engaged in a worldwide conspiracy to fix the prices of CRTs, and the Decision contains the EC's findings regarding Defendants' worldwide conspiracy to fix CRT prices.  The Court reached exactly this conclusion in its March Order, stating "The Court finds ***the Decision is relevant***, because the DAPs' and other plaintiffs' allegations in this case have always concerned the international character of the alleged CRT conspiracy."  Order at 5 (emphasis added).  Defendants inexplicably continue to attempt to contest this plain fact, actually taking the position that the Decision is somehow "not important" and "irrelevant" to this litigation. *See, e.g.,* Opp. at 4.

Despite Defendants' continued argument, nothing has happened in the intervening period to

1   alter in any way the fundamental correctness of this Court's explicit prior holding that the Decision is

2   relevant to this litigation.

3       **B.      COMITY CONCERNS SHOULD NO LONGER BAR PRODUCTION OF
                  THE DECISION, GIVEN THAT FACT DISCOVERY IS CLOSED AND**
4       **TRIAL IS FAST APPROACHING**

5       The one factor with respect to which there *has* been a change in circumstance is comity,

6   which now even further strengthens the case for production.  Defendants misconstrue the Court's

7   prior holding on comity, arguing that the Court held that comity **always** "outweighs the benefit

8   the DAPs might receive in obtaining the Decision."  Opp. at 8 (quoting Order at 8).  What the

9   Court actually held, however, is that comity outweighed the needs of Plaintiffs based on its

10  evaluation of comity at the time it decided the initial motion.  Order at 7.  But that evaluation

11  was made in March (six months before fact discovery was set to close), and while the Court

12  denied Plaintiffs' motion, it did so *without prejudice* to Plaintiffs' right to renew their motion if

13  the Decision was not published in that timeframe.

14      Now, with trial fast approaching, comity concerns should not bar the production of the

15  Decision.  In its initial ruling on comity, the Court relied on "expressions of interest by the

16  foreign state and indications of the foreign state's concern for confidentiality prior to the

17  controversy, *as well as* the United States' interest in vindicating American plaintiffs' rights."  *Id.*

18  at 6 (citations and quotations omitted) (emphasis added).  Each of those considerations now

19  weighs in favor of Plaintiffs'' request: The United States' interest in vindicating American

20  plaintiffs' rights in the imminent trial has fully ripened, and the EC's concern for confidentiality

21  is substantially outweighed.  Moreover, where, as here, Defendants represent that the main thrust

22  of the EC's desire for confidentiality arises from fear of "undermin[ing] the EC's competition

23  law enforcement, and in particular, its leniency program," Dkt. No. 2449 at 2, those concerns are

24  remedied by the existing protective order, which will shield the confidentiality of the information

25  contained in the Decision.

26      The Court noted in the Order that the "cooperation of United States and EU agencies"

27  underlies comity.  Order at 8 (citing *In re Rubber Chems. Antitrust Litig.*, 486 F. Supp. 2d 1078,

28  1084 (N.D. Cal. 2007)).  Now, Defendants represent only that a "statement of [the EC's] views"

3

on whether the Decision should be produced is forthcoming (at some unspecified time).  Opp. at 2.  Neither Defendants nor the EC have made any further representation as to when the Decision itself will be published.  This posture is particularly troubling given that the EC already consented to the partial issuance of the Decision in *Vichi* over eighteen months ago.  *Vichi*, 85 A.3d at 751 & n.180 (noting that, after the Court made a request for international assistance to the EC, the EC "made available a partially redacted copy of Section 6" of the Decision on or about March 7, 2013).

Non-production of the Decision in this case in the face of a fast-approaching trial date is antithetical to notions of international comity, and as a result can no longer be justified.  Allowing American plaintiffs' substantial interest in production to be outweighed by vague concerns over confidentiality issues—particularly where the EC was previously willing to cooperate with another U.S. court when doing so benefitted a European plaintiff, in the *Vichi* case—simply does not accord with international comity.

## II.  DEFENDANTS ARE INCORRECT THAT THE ACTION TAKEN BY THE *VICHI* COURT WOULD BE INAPPROPRIATE IN THIS CASE

Defendants' argument that the procedure adopted by the Delaware Court of Chancery in *Vichi* is inappropriate is badly flawed.  Defendants appear to take the incredible position that the Decision was somehow *more relevant* in *Vichi*—a case about an unpaid debt—than it is in this litigation.  Opp. at 8 ("EC decision and EU law were directly relevant to U.S. liability issues in the Delaware litigation.").

Defendants are, of course, incorrect.  The Decision concerns worldwide price-fixing behavior by international corporations, and this case is about that very same global price-fixing behavior by those very same companies.  It is hard to fathom a circumstance in which the Decision would be any more relevant.  In any event, if the Decision was important in *Vichi*—and the EC apparently felt it was important enough to be worthy of production in that case—it is doubly so here.  Regardless of the reason for the EC's authorization of the release of the Decision in that matter, it is indisputable that it has already been released to a United States court.  This fact alone strongly undermines Defendants' attempt to hide behind claims of comity,

which are clearly and substantially outweighed by the relevance of this evidence.[1]

## III.   CONCLUSION

Plaintiffs respectfully request that this Court order Defendants to produce the Decision. It is highly relevant to this litigation, and the time for its production is now as the parties prepare for the March 2015 trial date set by the Court.  In the alternative, Plaintiffs' respectfully request that the Court to seek international assistance from the EC in order to obtain a copy of the Decision, just as the Delaware Court of Chancery did in the *Vichi* action.

Dated:  October 3, 2014                         /s/  *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:  piovieno@bsfllp.com
            anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
Email:  wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022
Email:  ssinger@bsfllp.com

---

[1] Defendants close by protesting that, even if the Court were to request the Decision directly from the EC as did the *Vichi* court, "it is highly unlikely that the EC would agree to the request." Opp. at 8.  This is rank speculation and should not affect the Court's determination whether it is proper to make such a request in the first place.  Moreover, as the Court has already seen with Defendants' representations from six months ago regarding the supposedly imminent release of the public version of the Decision, they have a poor track record of predicting the EC's actions. Simply put, there is no reason the Court cannot, if it finds it appropriate, take the same action as was taken by the Court of Chancery in *Vichi*: Make a request to the EC for international assistance, and, presumably, receive a version of the Decision.  85 A.3d at 751.

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, and Tech Data Corporation and Tech Data Product Management, Inc.*

s/  *Scott N. Wagner*

Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG MAENA PRICE & AXELROD   LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel:     305-374-7580
Fax:     305-374-7593
Email:   rturken@bilzin.com
             swagner@bilzin.com
             mwidom@bilzin.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

/s/  *Cori G. Moore*

David J. Burman (pro hac vice)
Cori G. Moore (pro hac vice)
Eric J. Weiss (pro hac vice)
Nicholas H. Hesterberg (pro hac vice)
Steven D. Merriman (pro hac vice)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  (206)359-8000
Facsimile:  (206)359-9000
Email:  DBurman@perkinscoie.com
             CGMoore@perkinsncoie.com
             EWeiss@perkinscoie.com
             NHesterberg@perkinscoie.com
             SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131

Telephone: (415)344-7120
Facsimile: (415)344-7320
Email: JBass@perkinscoie.com

*Counsel for Plaintiff Costco Wholesale
Corporation*

/s/ *David Martinez*

Roman M. Silberfeld
David Martinez
Jill S. Casselman
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: rmsilberfeld@rkmc.com
          dmartinez@rkmc.com
          jscasselman@rkmc.com

Laura E. Nelson
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
Email: lenelson@rkmc.com

*Counsel For Plaintiffs Best Buy Co., Inc.,
Best Buy Purchasing LLC, Best Buy
Enterprise Services, Inc., Best Buy Stores,
L.P., Bestbuy.com, L.L.C., and Magnolia Hi-
Fi, Inc.*

/s/ *Michael P. Kenny*

Michael P. Kenny
Debra D. Bernstein
Matthew D. Kent
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404)-881-7000
Facsimile: (404)-881-7777
Email: mike.kenny@alston.com
          debra.bernstein@alston.com
          matthew.kent@alston.com

James M. Wagstaffel, Esq. (SBN 95535)

KERR & SAGSTAFFE LLP
100 Spear Street, 18th Floor
San Francisco, California 94105-1576
Telephone: (415)-371-8500
Facsimile: (415)371-0500
Email: wagstaffe@kerrwagstaffe.com

*Counsel For Plaintiffs Dell Inc. and Dell Products L.P.*

/s/ *William J. Blechman*

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel:     305-373-1000
Fax:     305-372-1861
Email: rarnold@knpa.com
        wblechman@knpa.com
        kmurray@knpa.com

*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

/s/ *Kenneth S. Marks*

Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
        jross@susmangodfrey.com
        jcarter@susmangodfrey.com
        dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000

8

Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email:  pfolse@susmangodfrey.com
rblack@susmangodfrey.com
jconnors@susmangodfrey.com

*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

/s/  *Jason C. Murray*

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone:  213-443-5582
Facsimile:   213-622-2690
Email:  jmurray@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202-624-2500
Facsimile:   202-628-5116
E-mail:  jmurphy@crowell.com
         aheaven@crowell.com

*Counsel for Target Corp. and ViewSonic Corp.*

9