# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re Polyurethane Foam Antitrust Litigation | Case No. 1:10 MD 2196 |
| | ORDER SELECTING INITIAL TRIAL, REQUIRING PARTY MEDIATION, AND |
| This document related to:  ALL CASES | <u>REVISING REMAINING DEADLINES</u> |
| | JUDGE JACK ZOUHARY |

Recent events in these consolidated proceedings suggest that an adjustment to the remaining dates in the Fifth Amended Scheduling Order (Doc. 1137) is appropriate. This Court does not take this step lightly. The Fifth Amended Scheduling Order (like all prior iterations) was the product of party agreement. But in light of the pending motions for leave to appeal this Court's class certification decision, last week's criminal pleas entered by a Woodbridge Defendant, and this Court's decision with respect to trial date and format (explained below), this Court concludes now is an appropriate time to hit the "pause button" in this litigation and allow the parties to focus on settlement discussions. Thus, parties are required to meet with a mediator of their choosing to pursue resolution of this case on their own terms. The remainder of this Order explains the trial format for the three sets of claims that will be tried in this District (assuming no settlement is reached) and explains related adjustments to the Fifth Amended Scheduling Order.

Following the recent in-person record conference (Doc. 1255), this Court reviewed the party submissions regarding the scheduled October trial (Docs. 1234, 1243–44, 1258, 1260–69). As evidenced by these filings, including discussion of how other courts have handled trial of complex civil cases, clearly there is more than one way to meet the goal of Federal Civil Rule 1 in "secur[ing] the just, speedy, and inexpensive determination" of civil actions.

In the context of these consolidated proceedings, Federal Civil Rule 42(b) provides one such tool, allowing "separate trial[s] of one or more separate issues" to achieve "convenience, to avoid prejudice, or to expedite and economize" resolution of a case. Issue bifurcation "should be resorted to only in the exercise of informed discretion [in which] the court . . . conclude[s] that such action will really further convenience or avoid prejudice. But the paramount consideration at all times in the administration of justice is a fair and impartial trial to all litigants. Considerations of economy of time, money and convenience of witnesses must yield" to a fair and impartial trial. *In re Bendectin Litig.*, 857 F.2d 290, 308 (6th Cir. 1988) (internal quotation marks omitted). But if a party is "given an opportunity to present fully its 'theory of the case' with respect to" its claims or defenses, a district court may appropriately bifurcate trial of a case. *Am. Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 475 (6th Cir. 2004).

This Court concludes convenience and judicial economy in this MDL will be best served with the following trial format:

- Determination of liability and impact related to the Direct Purchaser Class before a single jury; and
- Determination of Direct Purchaser Class damages (if any), tried later, but before the same jury.

This Court will then hold a second trial on the Sealy Plaintiffs' claims and a third trial on the Indirect Purchaser Class claims. These subsequent trials will be held in 2015.

This trial schedule also avoids prejudice to the parties. Plaintiffs will be denied the potentially unfair advantage, highlighted by Defendants, in which use of separate juries in a consolidated, bifurcated setting would allow a "first jury [to] find the existence of a conspiracy" followed by "a second jury hearing impact and damages evidence [that would not include] . . . potentially mitigating evidence concerning the scope, membership, and circumstances of the alleged conspiracy" (Doc. 1244

at 5). Instead, the same jury will hear all aspects of the Direct Purchaser Class proceedings. Individual Defendants (*e.g.*, Mohawk) whose defenses may vary based on the particular Plaintiff grouping will not face a "Hobson's choice" of mixing and matching, in the same proceedings, potentially inconsistent or confusing defenses (Doc. 1262 at 2). And because the same jury will render an initial verdict determining whether the Direct Purchaser Class has shown impact from an antitrust conspiracy, Defendants' standing-based concerns, expressed at this Court's in-person conference, are lessened (Doc. 1271 at 24). Finally, precise trial time allotments will depend on future developments (*e.g.*, the outcome of settlement talks, action in the Sixth Circuit, summary judgment proceedings), but a January 2015 trial permits greater flexibility in that regard.

At the same time, Plaintiffs will not be prejudiced by the phased trial approach. A "directs-only" trial structure avoids passthrough issues. And assuming the Direct Purchaser Class secures a liability and impact verdict, the phased trial approach will then center the jury's attention on damages issues related only to the Direct Purchaser Class.

Finally, this Court concludes that splitting the trial of this complex case in the manner described above is more manageable for this Court and the jury than either (1) a case litigated, start-to-finish, on all issues without break, or (2) consolidation of different plaintiff groupings.

But, as previously noted, before the parties enter the last stretch of these proceedings, they will explore good-faith settlement discussions. To assist in this regard, this Court will delay impending pretrial filings and provide additional time for parties to brief the remaining pretrial motions. The remaining case schedule is as follows:

| | |
|---|---|
| Motions for Summary Judgment ("MSJs") | August 22, 2014 |
| Oppositions to MSJs | September 19, 2014 |
| Replies in Support of MSJs | September 30, 2014 |
| Motions in Limine / *Daubert* Motions for trial | October 20, 2014 |
| Oppositions to Motions in Limine | October 31, 2014 |
| Pretrial Hearing (in-person) | December 5, 2014 at 10:00 a.m. |
| Jury Selection and Trial to follow | Beginning January 5, 2015 |

The trial location and trial length will be determined following the period set aside for settlement discussions. The Fifth Amended Scheduling Order's deadline for Plaintiffs' rebuttal merits/damages expert depositions (Doc. 1137 at 2) remains July 16, 2014, unless otherwise agreed to by the parties or separately extended by this Court for good cause.

On **Thursday, July 31, 2014 at 2:00 p.m.**, this Court will hold a record phone conference to discuss motion for summary judgment briefing protocols. As fodder for that discussion, this Court will circulate suggestions in advance of that conference.

IT IS SO ORDERED.

                                                                    *s/ Jack Zouhary*
                                                               JACK ZOUHARY
                                                                U. S. DISTRICT JUDGE

July 3, 2014