1   DAVID L. YOHAI (*pro hac vice*)
    ADAM C. HEMLOCK (*pro hac vice*)
2   DAVID E. YOLKUT (*pro hac vice*)
    WEIL, GOTSHAL & MANGES LLP
3   767 Fifth Avenue
    New York, New York 10153-0119
4   Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
5   E-mail: adam.hemlock@weil.com

6   BAMBO OBARO (267683)
    WEIL, GOTSHAL & MANGES LLP
7   201 Redwood Shores Parkway
    Redwood Shores, California 94065-1175
8   Telephone: (650) 802-3000
    Facsimile: (650) 802-3100
9   E-mail: bambo.obaro@weil.com

10  JEFFREY L. KESSLER (*pro hac vice*)
    EVA W. COLE (*pro hac vice*)
11  MOLLY M. DONOVAN (*pro hac vice*)
    WINSTON & STRAWN LLP
12  200 Park Avenue
    New York, New York 10166-4193
13  Telephone: (212) 294-6700
    Facsimile: (212) 294-7400
14  E-mail: jkessler@winston.com

15  *Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>Individual Case No. 3:14-cv-02510 |
| This Document Relates to:<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:14-cv-02510 | **REPLY IN SUPPORT OF PANASONIC DEFENDANTS' MOTION TO DISMISS AND TO COMPEL ARBITRATION**<br><br>**Oral Argument Requested**<br><br>Date: October 24, 2014<br>Time: 10:00 a.m.<br>Before: Hon. Samuel Conti |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Defendants Panasonic Corporation, Panasonic Corporation of North America ("PNA"), and MT Picture Display Co., Ltd. ("MTPD") (collectively, the "Panasonic Defendants") submit this reply in support of their motion to dismiss and to compel arbitration of Plaintiff ViewSonic Corporation's ("ViewSonic") claims against the Panasonic Defendants.

## I. INTRODUCTION

ViewSonic does not dispute that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ There is no dispute that those claims should be dismissed from this litigation and referred to arbitration. Nor does ViewSonic dispute that all three Panasonic Defendants, including PNA and MTPD, can compel ViewSonic to arbitrate.

The sole dispute that ViewSonic raises is not a first-order dispute about whether the OEM Agreement is arbitrable, but rather a second-order dispute about interpreting the scope of certain provisions within the OEM Agreement. However, case law from the Supreme Court and within the Ninth Circuit makes clear that such disputes about the scope of particular provisions should be decided by the arbitrator. Further, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Court should dismiss all ViewSonic claims against the Panasonic Defendants and allow issues of contract interpretation to be resolved in the proper arbitral forum as agreed by the parties.

## II. THE SOLE DISPUTE BETWEEN THE PARTIES IS ONE OF CONTRACT INTERPRETATION, AND THE ARBITRATOR SHOULD INTERPRET THE CONTRACT

The Supreme Court has emphasized that "the court should view with suspicion an attempt to persuade it to become entangled in the construction of the substantive provisions of [an] agreement, even through the back door of interpreting the arbitration clause, when the alternative is to utilize the services of an arbitrator." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 585 (1960). Rather, "[t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself . . . or a like defense to

1

arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983). *See also Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 453 (2003) (a dispute regarding whether an agreement forbids class arbitration "concerns contract interpretation and arbitration procedures. Arbitrators are well situated to answer that question.").

Yet ViewSonic asks this Court to do just this – to ignore the Arbitration Act and to "become entangled in the construction" of the OEM Agreement. ViewSonic does not dispute ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Opp'n at 5. Rather, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬ ViewSonic tries to litigate a contract dispute through a motion to compel arbitration and improperly asks the Court to consider extrinsic evidence of the parties' pre-agreement business relationship, as well as six additional agreements between ViewSonic and third-party vendors that have nothing to do with Panasonic Defendants. This is precisely the type of contract interpretation issue that the arbitrator should resolve. Furthermore, here, where there is no dispute that at least some of ViewSonic's claims should go to arbitration, the arbitrator will already have to interpret the OEM Agreement and it is most efficient to allow the arbitrator to decide all such issues of interpretation. There is no need for the Court to decide the same issues.

Case law confirms that when there is a clear agreement to arbitrate, this Court need not and should not be embroiled in a contract dispute requiring it to weigh evidence of the drafting history and parties' intent in entering the contract.[1] Indeed, ViewSonic's attempted use of extrinsic evidence is improper in the context of a motion to dismiss and to compel arbitration. This Court and others in the Ninth Circuit have repeatedly refused to consider such evidence in deciding motions to compel arbitration. *See, e.g.*, *Calleja v. U.S. Fin. Life Ins. Co.*, 13-00983 SC, 2014 WL 988900, at *1 n.1 (N.D. Cal. Mar. 10, 2014) (Conti, J.) ("[t]he Court reminds Plaintiff, again, that she cannot use factual declarations to defeat a Rule 12(b)(6) motion to dismiss."); *Granite Rock Co. v.*

---

[1] Moreover, were this dispute to remain with the Court, rather than be referred to an arbitrator, weighing the evidence and making factual findings about the parties' agreement may ultimately be for a jury.

1  *Teamsters Union Local No. 890*, C 12-02974 MEJ, 2012 WL 5877494, at *4 (N.D. Cal. Nov. 20, 2012) (refusing to consider extrinsic evidence in support of motion to compel arbitration when contract contained "express and unambiguous integration clause.").

Notwithstanding that Panasonic Defendants believe issues of contract interpretation are for the arbitrator to decide, in order to highlight for the Court that such construction issues are disputed, we briefly explain here why ViewSonic's interpretation of the contract is incorrect. The Opposition ignores ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ This express statement ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ sets the backdrop against which other provisions must be interpreted. The parties understood that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ What ViewSonic hinges its Opposition upon is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

ViewSonic's Opposition cites solely an out-of-context excerpt ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1  ▬
2  ▬
3  ▬
4  ▬
5  ▬
6  ▬
7  ▬

8       At the very least, this disagreement between Panasonic Defendants and ViewSonic as to
9  interpretation of the OEM Agreement's language raises issues of contract interpretation that should
10 be left for the arbitrator to resolve.

11 **III.**  ▬
12

13      The parties' clear intent ▬
14 ▬
15 ▬
16 ▬
17 ▬
18 ▬ *See Poponin v. Virtual Pro,*
19 *Inc.*, 2006 WL 2691418, at *9 (N.D. Cal. Sept. 20, 2006) ("by agreeing to arbitration under the ICC
20 Rules, the parties clearly and unmistakably agreed that questions of arbitrability would be submitted
21 to arbitration."); *see Visa USA, Inc. v. Maritz Inc.*, 2008 WL 744832, at * 5 (N.D. Cal. 2008)
22 (granting motion compel arbitration because references to the AAA Rules in the arbitration
23 agreement "mandates the conclusion that the issue of the inducement to enter the agreement must be
24 submitted to the arbitrator for determination."); *see also Anderson v. Pitney Bowes, Inc.*, 2005 WL
25 1048700, at *4 (N.D. Cal. May 4, 2005) ("[i]t would be error for the Court to determine the merits of
26 Plaintiff's argument, i.e. whether the Agreement is unenforceable, when the parties clearly submitted
27 that question to an arbitrator."). Consequently, this Court lacks subject matter jurisdiction to
28 determine arbitrability. *See Poponin*, 2006 WL 2691418, at *9 (finding that the court lacked subject

1  matter jurisdiction to determine arbitrability because parties agreed that questions of arbitrability
2  would be submitted to arbitration.").
3      It is inappropriate for ViewSonic to ask the Court to interpret the scope of ▓▓▓▓
4  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
5  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
6  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓:
7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
10 Hemlock Decl. Attachment A at ▓▓  Both ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ rules reserve questions of
11 jurisdiction and scope to the arbitrator.[2]
12     Under either of the situations that the parties envisioned—▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and the
14 interpretation of other clauses in the Agreement are issues that directly pertain to the scope of the
15 arbitrator's jurisdiction. *See Maritz*, 2008 WL 744832, at *4 ("disputes over the meaning of specific
16 terms are matters for the arbitrator to decide.")  Indeed, courts regularly submit to arbitration
17 disputes stemming from arbitration clauses, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  In
18 *Poponin* the agreement provided for the submission of any disputes "arising in connection with the
19 present Agreement" to binding arbitration under the Rules of the International Chamber of
20 Commerce Court of Arbitration ("ICC"). *Poponin*, 2006 WL 2691418, at *1.  The court found that
21 it did not have jurisdiction to decide the question of arbitrability because the parties agreed to
22 arbitrate under the ICC rules, "which provide that arbitrability is for the arbitrators to decide." *Id*. at
23 *12; *See Visa USA,* 2008 WL 744832 * 5; *See Anderson*, 2005 WL 1048700 *4.  ▓▓▓▓▓▓
24 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[2] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

████████████████████████████████████████████████████
████████████████████████████████████████

### IV. THE COURT SHOULD DISMISS ALL CLAIMS AGAINST THE PANASONIC DEFENDANTS

ViewSonic does not contest that all three Panasonic Defendants, including PNA and MTPD, can compel ViewSonic to arbitrate its claims covered by the OEM Agreement. *See* Opp'n at 9. The Court should dismiss <u>all</u> claims relating to direct purchases from the Panasonic Defendants, ██████████████████████████████.[3] Whether those claims are covered by ████████████ is for the arbitrator to decide. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (affirming district court's order compelling arbitration of antitrust claims and dismissing plaintiff's complaint); *Poponin*, 2006 WL 2691418, at *11-12 (granting defendant's motion to dismiss because plaintiff's claims were subject to arbitration).

### V. CONCLUSION

For the foregoing reasons, the Panasonic Defendants respectfully request that the Court dismiss all of ViewSonic's claims that are based on its CRT Finished Product purchases from the Panasonic Defendants and compel ViewSonic to arbitrate those claims.

Dated: October 6, 2014

By:  /s/ *Adam C. Hemlock*
DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com
DAVID YOLKUT (*pro hac vice*)
E-mail: david.yolkut@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

---

[3] Panasonic Defendants recognize that the Court has ruled in other motions in the MDL that joint and several liability is not covered by an arbitration clause of this type. Panasonic respectfully argues that under the authority cited in the text, such a coverage issue should also be decided by the arbitrator, and not the Court, and urges the Court to therefore dismiss Plaintiff's entire complaint without prejudice so that these scope issues can be decided in arbitration.

1  BAMBO OBARO (267683)
   E-mail: bambo.obaro@weil.com
2  201 Redwood Shores Parkway
   Redwood Shores, California 94065-1175
3  Telephone: (650) 802-3000
   Facsimile: (650) 802-3100
4

5  JEFFREY L. KESSLER (*pro hac vice*)
   E-mail: jkessler@winston.com
6  EVA W. COLE (*pro hac vice*)
   E-mail: ewcole@winston.com
7  MOLLY M. DONOVAN (*pro hac vice*)
   E-mail: mmdonovan@winston.com
8  **WINSTON & STRAWN LLP**
   200 Park Avenue
9  New York, New York 10166-4193
   Telephone: (212) 294-6700
10 Facsimile: (212) 294-7400

11

12 *Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*