ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:     310-552-0130
Facsimile:      310-229-5800

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Elliot S. Kaplan, Bar No. 53624
ESKaplan@rkmc.com
K. Craig Wildfang (*Pro Hac Vice*)
KCWildfang@rkmc.com
Laura E. Nelson, Bar No. 231856
LENelson@rkmc.com
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
Telephone:     612-349-8500
Facsimile:      612-339-4181

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING
LLC; BEST BUY ENTERPRISE SERVICES, INC.;
BEST BUY STORES, L.P.; BESTBUY.COM,
L.L.C.; and MAGNOLIA HI-FI, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No.: 3:07-cv-05944-SC<br><br>[Honorable Samuel Conti]<br><br>**BEST BUY'S JOINDER IN INDIRECT PURCHASER PLAINTIFFS' AND DIRECT ACTION PLAINTIFFS' MOTION FOR SEPARATE TRIALS** |
| This document relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513-SC<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264-SC | |

Best Buy[1] hereby respectfully joins in the Indirect Purchase Plaintiffs' ("IPPs") and the Direct Action Plaintiffs' ("DAPs") Motion for Separate Trials, filed on October 3, 2014.  Dkt. No. 2897.  In their Motion, the DAPs and IPPs advocate for separate trials, with an initial DAP Sherman Act trial to be followed by an IPP trial based on state law claims.  Best Buy fully agrees with this proposal, with one caveat.

Best Buy has brought its indirect claims exclusively under the Minnesota Antitrust Act ("MAA"), which does not allow considerations of pass-through.  *See* Minn. Stat. § 325D.57.  The MAA provides as follows:

> Any person * * * injured directly or indirectly by a violation of sections 325D.49 to 325D.66, shall recover three times the actual damages sustained, together with costs and disbursements, including reasonable attorneys' fees.  *In any subsequent* action arising from the same conduct, *the court may take any* steps necessary to avoid duplicative recovery against a defendant.

*Id.* [emphasis added].  The MAA on its face merely grants the Court discretion to consider duplicative recovery in a subsequent action.  It does not require the Court to do so, nor does it permit a pass-on defense.

Indeed, the Minnesota Supreme Court has ruled that pass-through is not a defense to claims brought under the MAA.  *See*, *e.g*., *Lorix v. Cromptom*, 736 N.W.2d 619, 628 (Minn. 2007) (duplicative recovery risk "is inherent in the dual system of private antitrust enforcement"); *State of Minnesota v. Philip Morris, Inc.*, 551 N.W.2d 490, 497 (Minn. 1996) (pass-through "abolished").[2]

---

[1] Best Buy refers to Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.Com, L.L.C., and Magnolia Hi-Fi, LLC (collectively, "Best Buy").

[2] While another Court in the Northern District of California has disagreed, Best Buy respectfully submits that this ruling was in error. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 U.S. Dist. LEXIS 182373, * 61 (N.D. Cal. Dec. 26, 2012).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  Because the MAA, like the Sherman Act, prohibits considerations of downstream pass-
2  through, Best Buy envision the inclusion of its MAA claim in the Sherman Act trial proposed by
3  the DAPs and IPPs.  For the reasons articulated by the DAPs and IPPs, this proposal will avoid
4  prejudice to the DAPs and IPPs, minimize jury confusion, and maximize judicial resources.

Dated:  October 7, 2014

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:   /s/ Roman M. Silberfeld
        Roman M. Silberfeld
        David Martinez

Attorneys for Plaintiffs

BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC