# EXHIBIT A

1   Jason C. Murray (CA Bar No. 169806)
    Robert B. McNary (CA Bar No. 253745)
2   CROWELL & MORING LLP
    515 South Flower St., 40th Floor
3   Los Angeles, CA 90071
    Telephone:  213-443-5582
4   Facsimile:  213-622-2690
    Email: jmurray@crowell.com
5          rmcnary@crowell.com

6   Jerome A. Murphy (*pro hac vice*)
    Astor H.L. Heaven (*pro hac vice*)
7   CROWELL & MORING LLP
    1001 Pennsylvania Avenue, N.W.
8   Washington, D.C. 20004
    Telephone:  202-624-2500
9   Facsimile:  202-628-5116
    Email: jmurphy@crowell.com
10         aheaven@crowell.com

11  *Counsel for Plaintiff ViewSonic Corporation*

12

13                  **UNITED STATES DISTRICT COURT**

14      **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

15

16  IN RE CATHODE RAY TUBE (CRT)          Master File No. 3:07-cv-05944-SC
    ANTITRUST LITIGATION
17                                        MDL No. 1917
    This Document Relates To:
18                                        Individual Case No. 3:14-cv-02510
    *ViewSonic Corporation v. Chunghwa*
19  *Picture Tubes, Ltd., et al.*, Case No. 3:14-   **PLAINTIFF VIEWSONIC**
    cv-02510                              **CORPORATION'S SURREPLY IN**
20                                        **OPPOSITION TO PANASONIC**
                                          **DEFENDANTS' MOTION TO DISMISS**
21                                        **AND TO COMPEL ARBITRATION**

22                                        **Oral Argument Requested**

23                                        Date: October 24, 2014
                                          Time: 10:00 a.m.
24                                        Judge: Hon. Samuel Conti

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DCACTIVE-29357792.1

1    Plaintiff ViewSonic Corporation ("ViewSonic") hereby further opposes the Panasonic

2  Defendants' ("Panasonic") Motion to Dismiss and to Compel Arbitration (Dkt. 2767) and

3  Panasonic's Reply in support thereof ("Reply") (Dkt. 2897).  In its Reply, Panasonic for the first

4  time argues that (1) issues of contract interpretation are reserved for an arbitrator, (2) the parties

5  ███████████████████████████████████████ and (3) the Court should exclude

6  the declaration and OEM agreements submitted as exhibits to ViewSonic's Opposition.  As

7  described below, Panasonic's assertions are plainly wrong.

8  **A.    THE COURT MUST INTERPRET THE OEM AGREEMENT**

9    Panasonic argues that issues of contractual interpretation are reserved for the arbitrator,

10  but that argument ignores the law and misstates the Court's duties in assessing the arbitrability of

11  a party's claims.  Indeed, the law is clear that when considering a motion to compel arbitration,

12  "the district court can determine only whether a written arbitration agreement exists, and if it

13  does, enforce it *in accordance with its terms*."  *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719-20

14  (9th Cir. 1999) (emphasis added); *see also Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79,

15  83 (2002) (holding that "a disagreement about whether an arbitration clause in a concededly

16  binding contract applies to a particular type of controversy is for the court"); *Republic of*

17  *Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 477-78 (9th Cir. 1991) (noting that when

18  considering a motion to compel arbitration, the Court must, among other things, determine

19  whether a valid arbitration agreement exists, and if it does, determine whether the dispute is

20  encompassed within the scope of the agreement).

21    Panasonic urges the Court to blindly (and broadly) enforce the arbitration clause

22  regardless of the agreed-upon terms and limitations.  But this is improper, because a court may

23  only require the parties to arbitrate those claims that they contractually agreed to arbitrate; the

24  Court is therefore obligated to interpret the terms articulated in the underlying agreement (here

25  the OEM Agreement[1]).  *See Howsam,* 537 U.S. at 83.  And this holds true whether or not the

26

27  ───────────────────────
[1] The OEM Agreement is Attachment A to the Declaration of Adam Hemlock in Support of the
Panasonic Defendants' Motion to Dismiss and to Compel Arbitration.

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

DCACTIVE-29357792.1

VIEWSONIC'S SURREPLY IN OPPOSITION TO
PANASONIC DEFENDANTS' MOTION TO DISMISS

parties dispute the terms of the arbitration clause.[2]  Both this Court and others have done just that

on numerous occasions,[3] and the Court should do so here as well.  Moreover, blindly enforcing an

arbitration clause and deferring the decision of arbitrability to the arbitrator makes little practical

sense.  In effect, the Court would refer all claims (regardless of whether the parties agreed to

arbitration) to the arbitrator who would then determine arbitrability – and if he/she finds certain

claims arbitrable, the arbitrator would then refer the very claims that the Court initially referred to

arbitration, back to the MDL.  This process, which Panasonic recommends, would be inefficient,

and ultimately a complete waste of judicial resources.  This Court should ███████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████ .

**B.** █████████████████████████████████████████████████████████

████████████████████

      Panasonic also argues that the ███████████████████████████████████

████████████████████████████████████████ . But this

argument misses the entire point of arbitration.  As noted above, arbitration is a matter of contract

and a party cannot be required to submit to arbitration disputes that it has not agreed to submit.

*Howsam,* 537 U.S. at 83 ("a gateway dispute about whether the parties are bound by a given

arbitration clause raises a 'question of arbitrability' for a court to decide").  That is particularly

relevant here because █████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████ .

That was the parties' intent when they entered into the OEM Agreement, and it is improper for

Panasonic to now attempt to revise these agreed-upon terms.

---

[2] Blindly referring to an arbitrator all contractual disputes regarding the interpretation of
arbitration clauses would render the Court's role in determining arbitrability meaningless.

[3] *See* ViewSonic Opposition to Panasonic Motion to Dismiss and Compel Arbitration at 7, 9-10.

VIEWSONIC'S SURREPLY IN OPPOSITION TO
PANASONIC DEFENDANTS' MOTION TO DISMISS

1    But even if these ████████ were somehow relevant to the ████████
2    ████████████████████████████████████████████████████████████████
3    ██████████████████. Questions about the arbitrability of a dispute are substantive rather
4    than procedural. *United Parcel Service v. Lexington Ins. Group*, 2013 WL 1897777, at *2
5    (S.D.N.Y. May 7, 2013).  Thus, simply referencing ████████████ is not clear and
6    unmistakable evidence that the parties intended for arbitrators to decide questions of arbitrability.
7    *See id*. at *2.
8    Finally, the ████████████████████████████████████████
9    ████████████████████████████████████████████. *Gilbert Street*
10   *Developers, LLC v. La Quinta Homes, LLC*, 174 Cal. App. 4th 1185, 1187-88 (2009) (finding the
11   AAA had no rule providing that arbitrators had jurisdiction to rule on their own jurisdiction until
12   September 2000). ████████████████████████ does not incorporate all future
13   version of the rules.  *Yahoo! Inc. v. Iversen*, 836 F. Supp. 2d 1007, 1011-12 (N.D. Cal. 2011)
14   (recognizing that incorporation of the AAA rules by reference only constituted clear and
15   unmistakable evidence that the parties intended to reserve the question of arbitrability for an
16   arbitrator if what was being incorporated actually existed at the time of incorporation); *Tompkins*
17   *v. 23andMe, Inc.*, 2014 WL 2903752, at *12 (N.D. Cal. June 25, 2014) (same).  In fact,
18   incorporating the possibility of a future arbitration rule by reference fails to meet even the most
19   basic requirements for a valid incorporation by reference under contract law.  *See Gilbert*, 174
20   Cal. App. 4th at 1194 (holding that what is being incorporated into an arbitration agreement
21   "must *actually exist at the time of incorporation*, so the parties can know exactly what they are
22   incorporating").  Thus, ████████████████████████████████████████████
23   ████████████████████████████████████████.

## C.    THE COURT MAY CONSIDER EXTRINSIC EVIDENCE WHEN RULING ON A MOTION TO COMPEL ARBITRATION

26   Panasonic also requests that the Court exclude from consideration the declaration and the
27   other OEM agreements that ViewSonic attached to its Opposition.  But Panasonic's arguments
28   are without merit.  In fact, courts, including courts within this district, routinely consider

1   declarations and other extrinsic evidence when assessing the validity of arbitration agreements.

2   *See BS Sun Shipping Monrovia v. Citgo Petroleum Corp.*, 2006 WL 2265041, at *3 n.6 (S.D.N.Y.

3   Aug. 8, 2006) ("it is proper (and in fact necessary) to consider such extrinsic evidence [as

4   declarations] when faced with a motion to compel arbitration"); *see also Cornejo v. Spenger's*

5   *Fresh Fish Grotto*, No. C 09-05564, 2010 WL 1980236, at *2 (N.D. Cal. May 17, 2010)

6   (considering competing declarations when determining validity of arbitration agreement);

7   *Sullenberger v. Tital Health Corp.*, S-08-2285, 2009 WL 1444210, at *1 (N.D. Cal. May 20,

8   2009) (same).

9        The declaration and other OEM agreements attached to ViewSonic's Opposition provide

10   valuable context to the ViewSonic/Matsushita negotiation.  Panasonic seeks to exclude those

11   documents because they ██████████████████████████████████████████████

12   ████████████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████

14   ██████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████

16   ██████████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████

18   ███████████████.[4]

19        In any event, Panasonic's argument to exclude the various documents is baseless and

20   relies on two cases where courts excluded extrinsic evidence for reasons completely unrelated to

21   this matter; these cases are easily distinguished.  In the first case, *Calleja v. U.S. Fin. Life Ins.*

22   *Co.*, 13-00983 SC, 2014 WL 988900 (N.D. Cal. Mar. 10, 2014), the court refused to consider a

23   declaration at the motion to dismiss stage (not a motion to compel arbitration) that the plaintiff

24   used to supplement a factually deficient and unorganized complaint.  There the court had no duty

25   to interpret an arbitration clause.  And in the second case, *Granite Rock Co. v. Teamsters Union*

26
27   [4] In considering a motion to dismiss, the Court should construe plaintiff's allegations in the light most favorable to the plaintiff.  *See Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

28

1    *Local No. 890*, C 12-02974 MEJ, 2012 WL 5877494 (N.D. Cal. Nov. 20, 2012), the court refused

2    to consider extrinsic evidence that would contradict the clear terms of the parties' agreement.

3    Neither case is relevant, and neither case provides a valid basis for excluding the declaration or

4    the OEM agreements in this situation.  ViewSonic does not purport to use the various documents

5    to supplement its Complaint, nor does it use the documents to contradict the clear terms of the

6    OEM Agreement.  Rather, ViewSonic offers the documents to assist the Court in determining the

7    parties' intent when they entered into the OEM Agreement, which is one of the Court's key roles

8    in determining arbitrability.  The declaration and other OEM agreements are relevant, and the

9    Court should consider them in making its decision on the arbitrability of ViewSonic's claims

10   against Panasonic.

11   **D.    CONCLUSION**

12            For these reasons and the reasons contained in ViewSonic's Opposition, the Court should

13   permit ViewSonic's non-arbitrable claims to remain in the MDL

14

15   Dated: October 13, 2014                    Respectfully submitted

16                                                    */s/ Jason C. Murray*_____

17                                                    Jason C. Murray (CA Bar No. 169806)
                                                      Robert B. McNary (CA Bar No. 253745)
18                                                    CROWELL & MORING LLP
                                                      515 South Flower St., 40th Floor
19                                                    Los Angeles, CA  90071
                                                      Telephone:  213-443-5582
20                                                    Facsimile:  213-622-2690
                                                      Email: jmurray@crowell.com
21                                                           rmcnary@crowell.com

22                                                    Jerome A. Murphy (*pro hac vice*)
                                                      Astor H.L. Heaven (*pro hac vice*)
23                                                    CROWELL & MORING LLP
                                                      1001 Pennsylvania Avenue, N.W.
24                                                    Washington, D.C. 20004
                                                      Telephone:  202-624-2500
25                                                    Facsimile:  202-628-5116
                                                      Email: jmurphy@crowell.com
26                                                           aheaven@crowell.com

27                                                    *Counsel for Plaintiff ViewSonic Corporation*

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

VIEWSONIC'S SURREPLY IN OPPOSITION TO
                                         PANASONIC DEFENDANTS' MOTION TO DISMISS