# EXHIBIT A

Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
       rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
Email: jmurphy@crowell.com
       aheaven@crowell.com

*Counsel for Plaintiff ViewSonic Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:14-cv-02510 | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>Individual Case No. 3:14-cv-02510<br><br>**PLAINTIFF VIEWSONIC CORPORATION'S SURREPLY IN OPPOSITION TO PANASONIC DEFENDANTS' MOTION TO DISMISS AND TO COMPEL ARBITRATION**<br><br>**Oral Argument Requested**<br><br>Date: October 24, 2014<br>Time: 10:00 a.m.<br>Judge: Hon. Samuel Conti |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

VIEWSONIC'S SURREPLY IN OPPOSITION TO
PANASONIC DEFENDANTS' MOTION TO DISMISS

DCACTIVE-29357792.1

1  Plaintiff ViewSonic Corporation ("ViewSonic") hereby further opposes the Panasonic
2  Defendants' ("Panasonic") Motion to Dismiss and to Compel Arbitration (Dkt. 2767) and
3  Panasonic's Reply in support thereof ("Reply") (Dkt. 2897). In its Reply, Panasonic for the first
4  time argues that (1) issues of contract interpretation are reserved for an arbitrator, (2) the parties
5  ███████████████████████████████████████████ and (3) the Court should exclude
6  the declaration and OEM agreements submitted as exhibits to ViewSonic's Opposition. As
7  described below, Panasonic's assertions are plainly wrong.

### A. THE COURT MUST INTERPRET THE OEM AGREEMENT

Panasonic argues that issues of contractual interpretation are reserved for the arbitrator, but that argument ignores the law and misstates the Court's duties in assessing the arbitrability of a party's claims. Indeed, the law is clear that when considering a motion to compel arbitration, "the district court can determine only whether a written arbitration agreement exists, and if it does, enforce it *in accordance with its terms*." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719-20 (9th Cir. 1999) (emphasis added); *see also Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (holding that "a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court"); *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 477-78 (9th Cir. 1991) (noting that when considering a motion to compel arbitration, the Court must, among other things, determine whether a valid arbitration agreement exists, and if it does, determine whether the dispute is encompassed within the scope of the agreement).

Panasonic urges the Court to blindly (and broadly) enforce the arbitration clause regardless of the agreed-upon terms and limitations. But this is improper, because a court may only require the parties to arbitrate those claims that they contractually agreed to arbitrate; the Court is therefore obligated to interpret the terms articulated in the underlying agreement (here the OEM Agreement[1]). *See Howsam,* 537 U.S. at 83. And this holds true whether or not the

---

[1] The OEM Agreement is Attachment A to the Declaration of Adam Hemlock in Support of the Panasonic Defendants' Motion to Dismiss and to Compel Arbitration.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-   VIEWSONIC'S SURREPLY IN OPPOSITION TO
PANASONIC DEFENDANTS' MOTION TO DISMISS

DCACTIVE-29357792.1

1  parties dispute the terms of the arbitration clause.[2]  Both this Court and others have done just that
2  on numerous occasions,[3] and the Court should do so here as well.  Moreover, blindly enforcing an
3  arbitration clause and deferring the decision of arbitrability to the arbitrator makes little practical
4  sense.  In effect, the Court would refer all claims (regardless of whether the parties agreed to
5  arbitration) to the arbitrator who would then determine arbitrability – and if he/she finds certain
6  claims arbitrable, the arbitrator would then refer the very claims that the Court initially referred to
7  arbitration, back to the MDL.  This process, which Panasonic recommends, would be inefficient,
8  and ultimately a complete waste of judicial resources.  This Court should ▮▮▮▮▮▮▮▮▮▮
9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.
11 **B.**  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13     Panasonic also argues that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  But this
15 argument misses the entire point of arbitration.  As noted above, arbitration is a matter of contract
16 and a party cannot be required to submit to arbitration disputes that it has not agreed to submit.
17 *Howsam,* 537 U.S. at 83 ("a gateway dispute about whether the parties are bound by a given
18 arbitration clause raises a 'question of arbitrability' for a court to decide").  That is particularly
19 relevant here because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.
24 That was the parties' intent when they entered into the OEM Agreement, and it is improper for
25 Panasonic to now attempt to revise these agreed-upon terms.

---

26  [2] Blindly referring to an arbitrator all contractual disputes regarding the interpretation of
27  arbitration clauses would render the Court's role in determining arbitrability meaningless.

[3] *See* ViewSonic Opposition to Panasonic Motion to Dismiss and Compel Arbitration at 7, 9-10.
28

1   But even if these ███████ were somehow relevant to the ███████████

2   ████████████████████████████████████████████████████████████████████

3   ████████████████████. Questions about the arbitrability of a dispute are substantive rather

4   than procedural. *United Parcel Service v. Lexington Ins. Group*, 2013 WL 1897777, at *2

5   (S.D.N.Y. May 7, 2013). Thus, simply referencing ████████████████ is not clear and

6   unmistakable evidence that the parties intended for arbitrators to decide questions of arbitrability.

7   *See id.* at *2.

8   Finally, the ███████████████████████████████████

9   █████████████████████████████████████████████████. *Gilbert Street*

10  *Developers, LLC v. La Quinta Homes, LLC*, 174 Cal. App. 4th 1185, 1187-88 (2009) (finding the

11  AAA had no rule providing that arbitrators had jurisdiction to rule on their own jurisdiction until

12  September 2000). ██████████████████████████████ does not incorporate all future

13  version of the rules. *Yahoo! Inc. v. Iversen*, 836 F. Supp. 2d 1007, 1011-12 (N.D. Cal. 2011)

14  (recognizing that incorporation of the AAA rules by reference only constituted clear and

15  unmistakable evidence that the parties intended to reserve the question of arbitrability for an

16  arbitrator if what was being incorporated actually existed at the time of incorporation); *Tompkins*

17  *v. 23andMe, Inc.*, 2014 WL 2903752, at *12 (N.D. Cal. June 25, 2014) (same). In fact,

18  incorporating the possibility of a future arbitration rule by reference fails to meet even the most

19  basic requirements for a valid incorporation by reference under contract law. *See Gilbert*, 174

20  Cal. App. 4th at 1194 (holding that what is being incorporated into an arbitration agreement

21  "must *actually exist at the time of incorporation*, so the parties can know exactly what they are

22  incorporating"). Thus, ████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████████.

24  **C.   THE COURT MAY CONSIDER EXTRINSIC EVIDENCE WHEN RULING ON A**

25  **MOTION TO COMPEL ARBITRATION**

26  Panasonic also requests that the Court exclude from consideration the declaration and the

27  other OEM agreements that ViewSonic attached to its Opposition. But Panasonic's arguments

28  are without merit. In fact, courts, including courts within this district, routinely consider

1  declarations and other extrinsic evidence when assessing the validity of arbitration agreements.
2  *See BS Sun Shipping Monrovia v. Citgo Petroleum Corp.*, 2006 WL 2265041, at *3 n.6 (S.D.N.Y.
3  Aug. 8, 2006) ("it is proper (and in fact necessary) to consider such extrinsic evidence [as
4  declarations] when faced with a motion to compel arbitration"); *see also Cornejo v. Spenger's*
5  *Fresh Fish Grotto*, No. C 09-05564, 2010 WL 1980236, at *2 (N.D. Cal. May 17, 2010)
6  (considering competing declarations when determining validity of arbitration agreement);
7  *Sullenberger v. Tital Health Corp.*, S-08-2285, 2009 WL 1444210, at *1 (N.D. Cal. May 20,
8  2009) (same).

9  The declaration and other OEM agreements attached to ViewSonic's Opposition provide
10 valuable context to the ViewSonic/Matsushita negotiation. Panasonic seeks to exclude those
11 documents because they ███████████████████████████████████
12 ████████████████████████████████████████████████
13 ████████████████████████████████
14 ██████████████████████████████
15 ████████████████████████████████
16 ██████████████████████████████████████
17 ██████████████████████████████████████
18 ████████████.[4]

19 In any event, Panasonic's argument to exclude the various documents is baseless and
20 relies on two cases where courts excluded extrinsic evidence for reasons completely unrelated to
21 this matter; these cases are easily distinguished. In the first case, *Calleja v. U.S. Fin. Life Ins.*
22 *Co.*, 13-00983 SC, 2014 WL 988900 (N.D. Cal. Mar. 10, 2014), the court refused to consider a
23 declaration at the motion to dismiss stage (not a motion to compel arbitration) that the plaintiff
24 used to supplement a factually deficient and unorganized complaint. There the court had no duty
25 to interpret an arbitration clause. And in the second case, *Granite Rock Co. v. Teamsters Union*

---

[4] In considering a motion to dismiss, the Court should construe plaintiff's allegations in the light most favorable to the plaintiff. *See Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

1  *Local No. 890*, C 12-02974 MEJ, 2012 WL 5877494 (N.D. Cal. Nov. 20, 2012), the court refused
2  to consider extrinsic evidence that would contradict the clear terms of the parties' agreement.
3  Neither case is relevant, and neither case provides a valid basis for excluding the declaration or
4  the OEM agreements in this situation.  ViewSonic does not purport to use the various documents
5  to supplement its Complaint, nor does it use the documents to contradict the clear terms of the
6  OEM Agreement.  Rather, ViewSonic offers the documents to assist the Court in determining the
7  parties' intent when they entered into the OEM Agreement, which is one of the Court's key roles
8  in determining arbitrability.  The declaration and other OEM agreements are relevant, and the
9  Court should consider them in making its decision on the arbitrability of ViewSonic's claims
10 against Panasonic.

**D.   CONCLUSION**

For these reasons and the reasons contained in ViewSonic's Opposition, the Court should permit ViewSonic's non-arbitrable claims to remain in the MDL

Dated: October 13, 2014                    Respectfully submitted

*/s/ Jason C. Murray*_____

Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone:  213-443-5582
Facsimile:  213-622-2690
Email: jmurray@crowell.com
           rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202-624-2500
Facsimile:  202-628-5116
Email: jmurphy@crowell.com
           aheaven@crowell.com

*Counsel for Plaintiff ViewSonic Corporation*