# ATTACHMENT 1

**KAMALA D. HARRIS**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**



455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA.94102-7004
Telephone:  415-703-5908
Fax:  415-703-5483
E-Mail Address:  Emilio.Varanini@doj.ca.gov

September 15, 2014

Ms. Sari Suurnakki
Acting Head of Unit G5 - Cartels
Competition Directorate-General
European Commission
For the Attention of the Antitrust and General Registry
Avenue du Bourget /Bourgetlaan 1
1140 Evere
Bruxelles/Brussel/Brussels
Belgique/België/Belgium

Re:   State of California Action against Manufacturers of Cathode Ray Tubes for Price-Fixing, *In re Cathode Ray Tubes Antitrust Litigation,* MDL No. 1917, United States District Court, Northern District of California: Law Enforcement Request to European Commission for Assistance

Dear Ms. Suurnakki:

The California Attorney General, the chief law enforcement officer for California,[1] has filed a price fixing action that has been coordinated with the other price fixing cases in federal court proceedings in front of Judge Samuel Conti of the United States District Court for the Northern District of California.  The California Attorney General respectfully requests the assistance of the European Commission ("Commission") in providing a report to her and to the Court as to the current status of the Commission's efforts to release a public version of its December 5, 2012 decision fining producers of television and computer monitor tubes € 1.47 billion. *See* http://ec.europa.eu/competition/antitrust/cases/dec_docs/39437/39437_6449_5.pdf.

In our case, the California Attorney General seeks civil fines, court orders that restore competition in relevant markets, and restitution of monies to California government agencies and citizens.[2]  The prosecution of this case (and of parallel actions by private plaintiffs) is of importance to the United States Department of Justice.[3]

---

[1] Cal. Const. art. V, § 13.
[2] Cal. Bus. & Prof. Code §§ 16750, 16760, 16754.5, 16759, 17203.  For examples, *see, e.g.,* Order Granting Final Approval of Settlement, *In re DRAM Antitrust Litigation*, No. 4:02-md-01486-PJH (N.D. Cal. June 27, 2014); Order

Ms. Sari Suurnakki
Acting Head of Unit G5 – Cartels
Competition Directorate-General
September 15, 2014
Page 2

The timely release of the *public* version of this decision, i.e., a version which is redacted to remove references to business secrets or other information required to be kept confidential by law,[4] would materially assist the California Attorney General in prosecuting what we believe to be a global conspiracy in fixing prices for television and computer monitor tubes with direct effects in the United States and in California.[5] The timely release of the public version of this decision, and other similar decisions, may also be of great import to the European Union's impending directive to facilitate actions for damages in national courts in cross-border cases like this one.[6]

The federal court in this matter, in denying without prejudice another plaintiffs' group's request for the *nonpublic* version of this decision,[7] specifically credited the statement of the Defendants (the same as those named in the European Commission's decision in this matter) that publication of the *public* version would be likely by this month. Order Denying Motion to Compel at 6, *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (N.D. Cal. March 26, 2014) [Docket No. 2463]. The Court then specifically stated: "*Because they already appear to be on notice of the importance of that publication, Defendants are encouraged to proceed apace with their collaboration in the EC's public version of the Decision.*" *Id.* (*italics added*). And, at the end of the Court's decision, the Court again stated that the Defendants were "*advised to assist in this task* [of the EC's publication of the public version of its Decision]." *Id.* at 8 (*italics added*).

Consequently, a report by the European Commission on its progress in releasing a public version of its decision, including, to the extent it is able, discussing the assistance, or lack thereof, of the Defendants in that effort would greatly assist the Court in this matter in addition to assisting prosecution of damage actions in Europe and elsewhere. Because California's economy is now so large that it is sometimes referred to as the eighth largest economy in the world,[8] the California Attorney General, like the European Commission, is very serious about keeping California's economy open for fair and free competition for foreign and domestic companies alike.[9] Given the cross-border effects, in a globalized economy with long supply chains through multiple

---

Granting Final Approval of Chunghwa and Philips Settlements, *The State of California et al. v. Chunghwa Picture Tubes, et al.*, No. CGC 11-515786 (Cal. Super. Ct. Dec. 10, 2013).
[3] *See, e.g.,* Amended Plea Agreement at ¶ 11, *United States v. Samsung SDI. Co., Ltd.*, No. CR 11-0162 (WHA) (N.D. Cal. May 17, 2011).
[4] The California Attorney General has a similar duty to keep such information confidential. *See, e.g.,* Cal. Gov. Code § 11183.
[5] *See* Commission Decision Summary No. COMP/39,437 (*TV and Computer Monitor Tubes*) 2012 O.J. C 303/13, In addition to direct effects on Californian purchasers of televisions and computer during the relevant period from 1995 to 2007, information-exchange meetings in furtherance of the conspiracy occurred within our State.
[6] Amendments by the European Parliament to the European Commission Proposal, Directive of the European Parliament and of the Council on Certain Rules Governing Actions for Damages, A7-0089/2014 at 11-12.
[7] The California Attorney General did *not* join this motion.
[8] http://en.wikipedia.org/wiki/Economy_of_California#cite_note-9.
[9] *See Clayworth v. Pfizer*, 233 P.3d 1066, 1083 (Cal. 2010). California's antitrust law, known as the Cartwright Act, has broad extraterritorial effect. Cal. Bus. & Prof. Code §§ 16702, 16750(a), 16753; *AT&T et al. v. AU Optronics et al.*, 707 F.3d 1106, 1109-12 (9th Cir. 2013).

Ms. Sari Suurnakki
Acting Head of Unit G5 – Cartels
Competition Directorate-General
September 15, 2014
Page 3

countries, of price-fixing cartels, it thus becomes important for those who have been damaged by such cartels to obtain access to the information they need, consistent with the need to guarantee the confidentiality of certain information such as actual business secrets, in order to prosecute effectively their actions and obtain compensation for victims.[10]

    Please contact the undersigned acting on behalf of the California Attorney General if the European Commission has any questions as to her request. The California Attorney General looks forward to working closely with the European Commission on this matter and other matters in the future.

Sincerely,

Emilio E. Varanini
Deputy Attorney General and International Competition Representative

For   KAMALA D. HARRIS
Attorney General

---

[10] *See* Amendments by the European Parliament to the European Commission Proposal, Directive of the European Parliament and of the Council on Certain Rules Governing Actions for Damages, A7-0089/2014 at 11-12, 14-15, 17, 26-27, 30.