DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: adam.hemlock@weil.com

BAMBO OBARO (267683)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: bambo.obaro@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400
E-mail: jkessler@winston.com

*Additional counsel listed on signature page.*

*Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No. 3:07-cv-05944-SC |
| | MDL No. 1917 |
| This Document Relates to: | Individual Case No. 3:14-cv-02510 |
| *ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:14-cv-02510 | **PANASONIC DEFENDANTS' OPPOSITION TO VIEWSONIC CORPORATION'S MOTION FOR LEAVE TO FILE SURREPLY** |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1    Plaintiff ViewSonic Corporation's ("ViewSonic's") motion for leave to file a surreply should
2  be denied and its proposed surreply disregarded because Panasonic Defendants'[1] Reply, in support
3  of their motion to dismiss and to compel arbitration, properly responded to arguments made in
4  ViewSonic's Opposition.  Further, ViewSonic's proposed surreply largely rehashes prior arguments
5  and is demonstrably incorrect in arguing that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ did not exist at the time the OEM Agreement was executed.

### I. VIEWSONIC CONCEDES THAT THE OEM AGREEMENT IS ARBITRABLE; SECONDARY CONTRACT INTERPRETATION GOES TO THE ARBITRATOR

First, ViewSonic unduly seeks a surreply to Panasonic's argument that second-order disputes of contract interpretation must be submitted to the arbitrator. But Panasonic's Reply was properly directed to new arguments raised in the Opposition. *See, e.g.*, *Heil Co. v. Curotto Can Co.*, No. 04-cv-1590 MMC, 2004 WL 2600134, at *1 n.1 (N.D. Cal. Nov. 16, 2004) (denying leave to file surreply where reply brief did "not raise new legal arguments, but, rather, respond[ed] to legal arguments made in opposition"). Panasonic's Motion focused on the validity and breadth of the arbitration clause, and argued that all ViewSonic claims should go to the arbitrator. In its Opposition, ViewSonic conceded the validity of the OEM Agreement's arbitration clause but raised new contract interpretation issues by submitting extrinsic evidence of the agreement's drafting history and ViewSonic's dealings with third-parties, and by arguing that the parties intended to exclude certain purchases from the scope of arbitration. Panasonic's Reply permissibly addressed these new issues by arguing that – because ViewSonic conceded the primary question of arbitrability of the OEM Agreement and admitted that a significant portion of its claims should be referred to arbitration – there was no need for the Court to entangle itself in the secondary questions raised in the Opposition. As authority for this reply argument, Panasonic relied upon two Supreme Court cases that caution courts against becoming entangled in contract construction, both of which were already cited in the prior briefing: *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960) was first invoked by the Opposition, at 2, 5; and *Moses H. Cone Memorial Hospital v. Mercury Construction*

---
[1] Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (collectively, "Panasonic" or "Panasonic Defendants").

1

PANASONIC DEFS.' OPPOSITION TO VIEWSONIC                                   MDL No. 1917
MOTION FOR LEAVE TO FILE SURREPLY [REDACTED]         Case No. 3:14-cv-02510

*Corp.*, 460 U.S. 1 (1983) was raised in the Motion, at 5-6, and discussed in the Opposition, at 10. The Court should thus reject ViewSonic's proposed surreply, which simply rehashes its Opposition argument by citing inapposite authority dealing with the Court's duty to decide the gateway question of whether there is to be an arbitration, and then mistakenly argues that the Court should also assume the arbitrator's role of interpreting the contract's substantive provisions.[2]

## II. THE PARTIES DID CHOOSE ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ AND THESE RULES WERE EFFECTIVE PRIOR TO EXECUTION OF THE OEM AGREEMENT

Second, ViewSonic seeks a surreply to Panasonic's argument that the parties' clear intent for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Reply at 4-5. Here again, Panasonic was properly replying to the Opposition's argument that *the Court* should decide whether to exclude certain purchases from the arbitration. In its proposed surreply, ViewSonic again cites authority that plainly affirms Panasonic's position: that courts decide the "gateway dispute about whether the parties are bound by a given arbitration clause" but that arbitrators decide second-order issues. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002). Here, there is no "gateway dispute" because ViewSonic agrees that it is bound by the given arbitration clause in the OEM Agreement.

Most concerning, the proposed surreply *wrongly* states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮,[3] after the execution of the OEM Agreement in March 1999. This is demonstrably incorrect. In fact, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[4] appeared in both the AAA Commercial Arbitration Rules and the

---

[2] ViewSonic's proposed surreply also unpersuasively suggests that its arguments result in greater judicial efficiency. But in reality, it is just the opposite. Under ViewSonic's view, there would be an immediate, guaranteed *inefficiency* of having duplicative, parallel arbitration and court proceedings litigating the exact same alleged conspiratorial conduct by Panasonic Defendants. In that scenario, the Court still has to adjudicate essentially all issues between the parties, as does the arbitrator. On the other hand, if all claims are referred first to the arbitrator, it is entirely possible (and Panasonic believes likely) that the arbitrator will not refer any claims back to the Court and there will be significant *efficiencies*.

[3] The California state court case cited by ViewSonic, *Gilbert Street Developers, LLC v. La Quinta Homes, LLC*, 174 Cal. App. 4th 1185 (2009), has no binding effect on this Court and is simply incorrect for the reasons discussed herein.

[4] Reply at 5; AAA Commercial Arbitration Rule 7 ("The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.").

AAA International Arbitration Rules that were effective at the time of contracting.[5] The rule was included in the AAA Commercial Arbitration Rules effective as of January 1, 1999 as Rule R-8(a).[6] The rule was also included in nearly identical form in the AAA International Arbitration Rules effective as of April 1, 1997 as Article 15(1).[7] For the avoidance of any doubt, copies of both original AAA rulebooks are attached hereto as Exhibits A and B to the Supplemental Declaration of Adam C. Hemlock.  Further, commentary published by the AAA Commercial Arbitration Rules Revision Committee in a December 1998 newsletter (pre-dating the OEM Agreement) explains the reason for adopting the rule that arbitrators shall have the power to determine jurisdiction and scope:

> "The committee believes that by adopting these rules, parties agree to the arbitrability of such jurisdictional disputes.  In an effort to make more explicit this designation of authority, the committee added Section R-8.  Subsection (a) specifically states that the arbitrator 'shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.'  Inclusion of the term 'scope' further clarifies the arbitrator's power to rule on any challenge to jurisdiction."[8]

████████████████████████████████████████████

████████.

Moreover, now that it is clear that the AAA rule allowing arbitrators to rule on their own jurisdiction was indeed *effective* at the time the OEM Agreement was executed, the decisions from this Circuit cited in this section of ViewSonic's proposed surreply all argue in favor of Panasonic's position that ████████████████████████████

████████. *See* Surreply at 3; *Yahoo! Inc. v. Iversen*, 836 F. Supp. 2d 1007, 1011-12 (N.D. Cal. 2011) ("Incorporation of the AAA rules by reference constitutes 'clear and unmistakable' evidence that the parties intended to submit the question of arbitrability to the arbitrator," so long as what is being incorporated actually exists at the time of incorporation); *Tompkins v. 23andMe, Inc.*, 2014

---

[5] Panasonic Defendants take no position at this time as to which set of rules may apply.

[6] *See* American Arbitration Association, Commercial Dispute Resolution Procedures (Including Mediation and Arbitration Rules), as amended and effective on January 1, 1999 (attached hereto as Ex. A to Supplemental Declaration of Adam C. Hemlock (hereinafter "Hemlock Supp. Decl.")).

[7] Using the term "tribunal" in lieu of "arbitrator."  *See* American Arbitration Association, International Arbitration Rules, as amended and effective April 1, 1997 (attached hereto as Ex. B to Hemlock Supp. Decl.).

[8] American Arbitration Association Commercial Arbitration Rules Revision Committee, *Commentary on the Revisions to the Commercial Arbitration Rules of the American Arbitration Association*, ADR Currents, Dec.1998, at 6, 7 (attached hereto as Ex. C to Hemlock Supp. Decl.).

3

PANASONIC DEFS.' OPPOSITION TO VIEWSONIC                          MDL No. 1917
MOTION FOR LEAVE TO FILE SURREPLY [REDACTED]            Case No. 3:14-cv-02510

WL 2903752, at *12 (N.D. Cal. June 25, 2014) (same).

Indeed, the Ninth Circuit has found that "[v]irtually every circuit to have considered the issue has determined that incorporation of the American Arbitration Association's (AAA) arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1074 (9th Cir. 2013) (citing decisions of the Second, Fifth, Eighth, Eleventh and Federal Circuits). And based upon that finding, the Ninth Circuit held that incorporation by sophisticated parties to commercial contracts of UNCITRAL arbitration rules – which contain a provision that the Ninth Circuit expressly considers analogous to the AAA jurisdictional rule – is clear and unmistakable evidence that the parties agreed the arbitrator would decide arbitrability. *Id.* at 1074-75.

## III. THE COURT SHOULD NOT CONSIDER EXTRINSIC EVIDENCE

Finally, ViewSonic seeks a surreply because Panasonic's Reply argued that the Court should not consider extrinsic evidence submitted with the Opposition. Here again, the Reply simply responded to a new issue presented by the Opposition, and no surreply should be permitted. It is unreasonable to expect that, the Panasonic should have anticipated and preemptively addressed in the original Motion the possibility that ViewSonic would seek to introduce improper extrinsic evidence. *See Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 515 (D. Idaho 2013) ("A reply necessarily raises facts and issues, for the first time, that are germane to the opposition. If the evidence and argument included with a motion were required to anticipate the arguments a respondent might raise in opposition to the motion, the court would not permit the movant to file a reply to any opposition.") (quoting *In re Large Scale Biology Corp.*, 06-20046-A-11, 2007 WL 2859782, at *1 (Bankr. E.D. Cal. Sept. 25, 2007). In any event, for the reasons cited in the Motion and Reply, there is no need for this Court to look beyond the four corners of the OEM Agreement. The OEM Agreement ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[9]

---

[9] And should the arbitrator determine that parole evidence is relevant to determining ▓▓▓▓▓▓, presumably the record will be developed beyond just a single declaration submitted by a ViewSonic employee that purports to recall discussions from 15 years ago without any contemporaneous supporting evidence of the parties' negotiations.

IV.     **CONCLUSION**

For the foregoing reasons, the Panasonic Defendants respectfully request that the Court deny ViewSonic's motion for leave to file a surreply, disregard its proposed surreply, dismiss all of ViewSonic's claims that are based upon CRT Finished Product purchases from the Panasonic Defendants, and compel ViewSonic to arbitrate those claims.

Dated:  October 16, 2014

By:     /s/ *Adam C. Hemlock*
DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com
DAVID YOLKUT (*pro hac vice*)
E-mail: david.yolkut@weil.com
KEVIN B. GOLDSTEIN (*pro hac vice*)
E-mail: kevin.goldstein@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

BAMBO OBARO (267683)
E-mail: bambo.obaro@weil.com
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

JEFFREY L. KESSLER (*pro hac vice*)
E-mail: jkessler@winston.com
EVA W. COLE (*pro hac vice*)
E-mail: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
E-mail: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400

*Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*