Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
         rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
Email: jmurphy@crowell.com
         aheaven@crowell.com

*Counsel for Plaintiff ViewSonic Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:14-cv-02510 | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>Individual Case No. 3:14-cv-02510<br><br>**PLAINTIFF VIEWSONIC CORPORATION'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PANASONIC DEFENDANTS' MOTION TO DISMISS AND TO COMPEL ARBITRATION** |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1    Panasonic's Opposition to ViewSonic's Motion for Leave to File a Surreply (Dkt. 2921)
2    (the "Opposition") largely addresses ViewSonic's proposed surreply instead of the Motion for
3    Leave (Dkt. 2916). The strategy is improper and is intended to distract from the fact that
4    Panasonic's Reply in Support of the Motion to Dismiss (Dkt. 2899) addresses for the first time
5    issues that Panasonic never raised in its Motion to Dismiss (Dkt. 2767) and that ViewSonic never
6    raised in its Opposition to the Motion to Dismiss (Dkt. 2867). And the arguments that the
7    Opposition does present fail to address the issues raised by ViewSonic in its Motion for Leave.

8    First, Panasonic argues that ViewSonic first raised contract interpretation issues "by
9    submitting extrinsic evidence of the agreement's drafting history and ViewSonic's dealings with
10   third parties" in its Opposition to the Motion to Dismiss. Opposition at 1. Panasonic's argument
11   misses the mark. In its Opposition to Panasonic's Motion to Dismiss, ViewSonic's arguments
12   centered solely on *whether* certain claims are arbitrable, and not *who should determine* whether
13   certain claims are arbitrable. Those two issues are completely distinct, the latter of which
14   Panasonic only raised in its Reply to ViewSonic's Opposition. Panasonic never addressed the
15   issue in its Motion to Dismiss, so ViewSonic never addressed the issue in its Opposition. Indeed,
16   ViewSonic operated under the assumption that the Court, and not an arbitrator, would make the
17   decision on arbitrability, as this Court has done on multiple other occasions in this MDL, and as
18   other similar courts within this district have done as well. ViewSonic did not address the issue
19   because it was not raised until Panasonic's Reply in Support of its Motion to Dismiss.
20   ViewSonic should have the opportunity to respond to Panasonic's newly raised argument on this
21   issue.

22   [redacted]
23   [redacted]
24   [redacted] Nor does Panasonic point to anything in ViewSonic's Opposition to the
25   Motion to Dismiss suggesting as much. In an apparent concession that the issue was never
26   addressed at any point prior to its Reply, Panasonic resorts to making arguments about the
27   substance of the surreply in its Opposition. But that is clearly improper, and the Court should
28   strike these arguments. At this point, the only issue for the Court is whether the issue was ever

raised by the parties prior to the Reply, and Panasonic provides no evidence that it was.[1]

Finally, Panasonic argues that the proposed surreply's contentions regarding extrinsic evidence are improper because the "Reply simply responded to a new issue presented by the Opposition." Opposition at 4. Panasonic further suggests that it its Reply was proper because it could not have "anticipated and preemptively addressed…the possibility that ViewSonic would seek to introduce improper extrinsic evidence." *Id*. This argument amounts to a concession by Panasonic that it only raised the issue in its Reply because it could not have anticipated that ViewSonic would include extrinsic evidence in its Opposition. And that alone provides ample support for ViewSonic's assertion that the issue is newly raised.

Putting Panasonic's concession aside, the argument is also beside the point. ViewSonic is not contesting the fact that Panasonic made the argument; rather, ViewSonic merely wants an opportunity to respond to it. As ViewSonic noted in its surreply, the cases presented by Panasonic in support of these arguments are distinguishable, and fail to accurately present the state of the law on the issue. The argument is newly raised, and ViewSonic's surreply will provide additional assistance to the Court in making a decision. For these reasons and the reasons contained in the Motion for Leave, the Court should permit ViewSonic to file its proposed surreply to respond to arguments that Panasonic first raised in the Reply.

---

[1] The Opposition attaches exhibits that purportedly contradict the California Appellate Court's conclusion in *Gilbert Street Developers, LLC v. La Quinta Homes, LLC*, 174 Cal. App. 4th 1185 (2009) that the rule allowing an arbitrator to determine their own jurisdiction did not exist at the time the parties entered into OEM Agreement. ViewSonic cited to this case because the case is on point, has not been overruled, and still represents good law. In any case, as ViewSonic argued in its surreply, ViewSonic only ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████. The only issue currently before the Court is whether the arguments identified in ViewSonic's Motion for Leave to File a Surreply are newly raised. They are. And the Court should permit ViewSonic to file its surreply.

Dated: October 20, 2014

Respectfully submitted

*/s/ Jason C. Murray*

Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
       rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
Email: jmurphy@crowell.com
       aheaven@crowell.com

*Counsel for Plaintiff ViewSonic Corporation*