ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:   310-552-0130
Facsimile:   310-229-5800

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Elliot S. Kaplan, Bar No. 53624
ESKaplan@rkmc.com
K. Craig Wildfang (*Pro Hac Vice*)
KCWildfang@rkmc.com
Laura E. Nelson, Bar No. 231856
LENelson@rkmc.com
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone:   612-349-8500
Facsimile:   612-339-4181

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING
LLC; BEST BUY ENTERPRISE SERVICES, INC.;
BEST BUY STORES, L.P.; BESTBUY.COM,
L.L.C.; and MAGNOLIA HI-FI, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No.: 3:07-cv-05944-SC<br><br>[Honorable Samuel Conti]<br><br>**BEST BUY'S REPLY JOINDER IN INDIRECT PURCHASER PLAINTIFFS' AND DIRECT ACTION PLAINTIFFS' MOTION FOR SEPARATE TRIALS** |
| This document relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513-SC<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264-SC | |

1   Best Buy[1] hereby respectfully joins in the Indirect Purchaser Plaintiffs' ("IPPs") and the Direct Action Plaintiffs' ("DAPs") Reply on their Motion for Separate Trials, filed on October 23, 2014 (Dkt. No. 2946), as follows:

Because the Minnesota Antitrust Act ("MAA"), like the Sherman Act, prohibits considerations of downstream pass-through, Best Buy envisions the inclusion of its MAA claim in the Sherman Act trial proposed by the DAPs and IPPs. Thus, there will be no mention of defensive pass-through in a DPP-only trial. For the reasons articulated by the DAPs and IPPs, this proposal will avoid prejudice to the DAPs and IPPs, minimize jury confusion, and maximize judicial resources.

Even if the Court were to conclude that defensive pass-through is a defense under Minnesota law, it does not follow that the DAPs should be compelled to try their claims with the IPPs. In that event, Best Buy could decide not to pursue its state law claim. Even if Best Buy maintains its state law claim, the DAP trial would include one plaintiff with a single state law claim, in which that plaintiff is arguing it *did not* pass-through the overcharges to its customers. That is vastly different than a trial consolidated with the IPPs, where the DAPs face not only the defendants but also the IPPs – plaintiffs seated next to them in the courtroom – arguing that the overcharges *were* passed through by all DAPs. There is no comparison between the prejudicial effects of these very different trial situations.

Dated: October 24, 2014

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:   /s/ Roman M. Silberfeld
      Roman M. Silberfeld
      David Martinez

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC

---

[1] Best Buy refers to Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.Com, L.L.C., and Magnolia Hi-Fi, LLC (collectively, "Best Buy").