# EXHIBIT A



Tribeca Translations, Inc.

CERTIFICATION OF ACCURACY OF TRANSLATION

Tribeca Translations, Inc. hereby certifies that the attached translation has been translated by ATA certified language experts specializing in the translation of English language documents into French, and is to the best of its knowledge and belief, a true, accurate, and unbiased translation into French of the document, "**2014.08.28 Dkt. 2776 DAP Motion to Issue Letters Rogatory for Depositions in France**," originally written in English.

Tribeca Translations, Inc.
Translation Agency

Agency Representative (Y. Lee)

October 28, 2014
Date

**TRIBUNAL FÉDÉRAL D'INSTANCE DES ÉTATS-UNIS
DISTRICT NORD DE CALIFORNIE
DIVISION DE SAN FRANCISCO**

| | |
|---|---|
| En réf : LITIGE ANTITRUST DE CATHODE RAY TUBE (CRT) | Fichier Principal N⁰ 3 :07-cv-5944 SC MDL N⁰ 1917 |

Fichier Principal $N^0$ 3 :07-cv-5944 SC
MDL $N^0$ 1917

**LETTRE DE SOLLICITUDE À L'AUTORITÉ FRANÇAISE COMPÉTENTE**

Ce document fait référence à :

*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al., $N^o$ 13-cv-1173 ;*

*Electrograph Systems, Inc. et al. v. Technicolor SA, et al., $N^o$ 13-cv-05724 ;*

*Siegel v. Technicolor SA, et al., $N^o$ 13-cv-05261 ; Best Buy Co., Inc., et al. v. Technicolor SA, et al.,*

*Target Corp. v. Technicolor SA, et al., $N^o$ 13-cv-05686 ;*

*Interbond Corporation of America v. TechnicolorSA, et al., $N^o$ 13-cv-05727 ;*

*Office Depot, Inc. v. Technicolor SA, et al., $N^o$ 13-cv-05726 ;*

*Costco Wholesale Corporation v. Technicolor SA, et al., $N^o$ 13-cv-05723 ;*

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA et al., $N^o$ 13-cv-05262 ;*

*Tech Data Corp., et al. v. Hitachi, Ltd., et al., $N^o$ 13-cv-00157 ;*

*Crago, et al. v. Mitsubishi Electric Corp., $N^o$ 14-cv-2058 ;*

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al., $N^o$ 14-cv-2510.*

**LETTRE DE SOLLICITUDE POUR UNE ASSISTANCE JUDICIAIRE INTERNATIONALE CONFORMÉMENT À LA CONVENTION DE LA HAYE DU 18 MARS 1970 SUR L'OBTENTION DE PREUVES À l'ÉTRANGER EN MATIÈRE CIVILE OU CRIMINELLE**

À :        Ministère de la Justice
           Direction des Affaires Civiles et du Sceau
           Bureau de l'entraide civile et commercial international
           (D3)
           13, Place Vendôme
           75042 Paris Cedex 01

DE :       Le tribunal fédéral d'instance des États-Unis du district nord de Californie

           Le tribunal fédéral d'instance des États-Unis du district nord de Californie envoie ses sincères

salutations aux Autorités Centrales Françaises ou autre bureau compétent et sollicite une assistance

judiciaire internationale en vue d'obtenir des preuves qui seront utilisées lors d'une affaire civile en cours

devant le District Nord de Californie intitulée *In re Cathode Ray Tube CRT (Antitrust Litigation) (À*

*propos du Tube à Rayon Cathodique CRT)* (Litige Antitrust), Fichier Principal N⁰ 3 :07-cv-5944 SC,

MDL No. 1917 (l' « Action »). Il nous a été prouvé qu'il était impossible de vraiment rendre justice entre

les parties sans le témoignage des témoins dont la liste figure à la section neuf (9) ci-après, résidant en

France sous votre juridiction. Conformément à l'Article 3 de la Convention de la Haye, du 18 mars 1970,

sur l'obtention des preuves à l'étranger en matière civile ou commerciale (« La Convention de la Haye »),

la personne soussignée a l'honneur de soumettre la demande suivante.

| 1. | *Expéditeur* | Tribunal Fédéral d'instance des États-Unis du District Nord de Californie<br>Division de San Francisco<br>450 Golden Gate Avenue<br>San Francisco, C.A. 94102<br>U.S.A. |
|----|----|----|
| 2. | *Autorité centrale de l'État concerné* | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Bureau de l'entraide civile et commercial international<br>(D3)<br>13, Place Vendôme<br>75042 Paris Cedex o1<br>France |
| 3. | *Personne à qui la demande signée est à renvoyer* | Craig A. Benson<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>2001 K Street, N. W.<br>Washington, D.C. 20006<br>U.S.A. |

| 4. *Motif de l'urgence* | Le motif de l'urgence pour obtenir le témoignage des anciens employés de Thomson SA, Emeric Charamel, Christian Lissorgues, Agnès Martin et Didier Trutt, est due au prochain procès prévu le 9 mars 2015, conformément au calendrier du Tribunal. Emeric Charamel était directeur général des ventes de Thompson SA pour l'Europe, puis directeur général des Ventes et du Marketing en Europe chez Videocon. Christian Lissorgues fut le Vice-président du marketing et des ventes chez Thomson SA. Agnès Martin fut la directrice des communications de marketing. Didier Trutt fut le vice-président exécutif principal de Thomson SA et était également membre du Conseil d'administration de Videocon. La Commission européenne a imposé une amende de 38 631 000 €à la société ayant succédé à Thomson, Technicolor SA en raison de son rôle dans le complot international CPT entre mars 1999 et septembre 2005. Comme l'énonce le récapitulatif de la décision de la Commission européenne, des réunions multilatérales et bilatérales eurent lieu entre les concurrents CPT en Europe en référence à ce cartel ; lesdites réunions comprenaient l'échange d'informations sensibles pour des motifs de concurrence ainsi que des information non publiques et des activités collusoires à propos du prix, des parts de marché potentiels et de la production ; ces réunions ont commencé à se tenir sous une forme plus organisée en Europe aux environs de 1999. *Voir* le Résumé de la décision de la Commission le 5 décembre 2013 relative à des procédures aux termes de l'Article 101 du Traité sur le fonctionnement de l'Union européenne et de l'Article 53 de l'accord EEE (Affaire Comp./39.437 – TV et tubes des écrans d'ordinateur), *disponibles à* http://eur-lex.europa.eu/LexUriServ/LexUriServ.do?uri=OJ:C2013:303:0013:0016:EN:PDF.<br><br>Les témoignages de ces quatre anciens employés de Thomson SA relativement aux documents donnant la preuve de communications en référence au complot et/ou des réunions entre Thomson SA et d'autres fabricants CRT ont une incidence directe sur la responsabilité de Thomson SA sur les dommages antitrust causés aux Plaignants par le complot. En outre, les témoignages relatifs à la relation de Thomson SA avec Thomson Consumer seront importants en vue de démontrer les contacts de Thomson SA avec les États-Unis et leur contrôle sur les finances, la politique et/ou les affaires de Thomson Consumer, ce qui est particulièrement important à la lumière du fait que Thomson a présenté relativement peu de preuves comparé aux autres accusés. Les Plaignants voudraient également obtenir et examiner les témoignages de ces anciens employés de Thomson SA d'une manière suffisamment  rapide pour pouvoir déterminer si des dépositions de suivi ou d'autres |

| | | | |
|---|---|---|---|
| | | | témoins doivent avoir lieu et disposer du temps nécessaire pour entendre lesdites dépositions. |
| 5. | a. | *Demande d'autorité judiciaire* | Tribunal Fédéral d'instance des États-Unis du District Nord de Californie<br>Division de San Francisco<br>450 Golden Gate Avenue<br>San Francisco, C.A. 94102<br>U.S.A. |
| | b. | *à l'autorité compétente* | France |
| | c. | *Noms du dossier et autre numéro d'identité* | En réf : Litige Antitrust de Cathode Ray Tube (CRT)<br>Dossier N$^0$ 3:07-cv-05944-SC, MDL N$^0$ 1917 (N.D. Cal.) |
| 6. | | *Noms et adresses des parties et de leurs représentantes :* | |
| | a. | *Représentants des Plaignants* | **Avocats des Plaignants de Sharp**<br>Kenneth A. Gallo<br>Joseph J. Simons<br>Craig A. Benson<br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>2001 K Street, NW<br>Washington, DC 20006<br>Tél. : (202) 223-7300<br><br>Stephen E. Taylor<br>Jonathan A. Patchen<br>**TAYLOR & COMPANY LAW OFFICES, LLP**<br>One Ferry Building, Suite 355<br>San Francisco, CA 94111<br>Tél. : (415) 788-8200<br><br>**Avocats des Plaignants de Costco**<br>David J. Burman<br>Cori G. Moore<br>Eric J. Weiss<br>Nicholas H. Hesterberg<br>Steven D. Merriman<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Tél. : (206) 359-8000<br><br>Joren Bass<br>**Perkins Coie LLP**<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111-4131<br>Tél. : (415) 344-7120<br><br>**Avocats de liaison pour les Plaignants de l'action directe et avocats d'Electroraph, Office Depot, Interbond, P.C. Richard & Son, MARTA, ABC** |

**Appliance, Schultze Agency Services et Plaignants de Tech Data**
William A. Isaacson
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Ave. NW, Suite 800
Washington, DC 20015
Tél. : (202) 237-2727

Stuart Singer
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tél. : (954) 356-0011

Philip J. Iovieno
Anne M. Nardacci
**BOIES, SCHILLER & FLEXNER LLP**
30 South Pearl Street, 11th Floor
Albany, NY 12207
Tél. : (518) 434-0600

**Avocats des Plaignants de Tech Data**
Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
**Biltzin Sumberg Baena Price & Axelrod LLP**
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tél. : (305) 374-7580

**Avocats des Plaignants de Best Buy**
Roman M. Silberfeld
David Martinez
Jill Casselman
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Tél. : (310) 552-0130

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Tél. : (612) 349-8500

**Avocats des Plaignants de Circuit City**
H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson

**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tél. : (713) 651-9366

Parker C. Folse III
Rachel S. Black
Jordan Connors
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tél. : (206) 516-3880
Facsimilé : (206) 516-3883

**Avocats des Plaignants de Target**
Jason C. Murray (Barreau de Californie N$^0$ 169806)
**CROWELL & MORING LLP**
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Tél. : (213) 443-5582

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tél. : (202) 624-2500

**Avocats de Viewsonic Corporation**
Jason C. Murray (Barreau de Californie N$^0$ 169806)
**CROWELL & MORING LLP**
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Tél. : (213) 443-5582

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tél. : (202) 624-2500

**Avocats des Plaignants de Sears, Roebuck et Kmart**
Richard Alan Arnold
William J. Blechman
Kevin J. Murray
**KENNY NACHWALTER, P. A.**
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tél. : 305-373-1000

b.   *Représentants des accusés*

**Avocats de l'accusé Thomson SA**
Kathy L. Osborn
Ryan M. Hurley

| | |
|---|---|
| | Faegre Baker Daniels LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Tél. : (317) 237-0300<br><br>Jeffrey S. Roberts<br>Faegre Baker Daniels LLP<br>3200 Wells Fargo Center<br>1700 Lincoln Street<br>Denver, CO 80203<br>Tél. : (303) 607-3500<br><br>Stephen M. Judge<br>Faegre Baker Daniels LLP<br>202 S. Michigan Street, Suite 1400<br>South Bend, IN 46601<br>Tél. : (574) 234-4149<br>Calvin L. Litsey<br>Faegre Baker Daniels LLP<br>1950 University Avenue, Suite 450<br>East Palo Alto, CA 94303-2279<br>Tél. : (650) 324-6700 |
| c. *Accusé* | **Accusé Thomson SA (à present Technicolor SA)**<br>1-5 Rue Jeanne d'Arc<br>92130 Issy-les-Moulineaux<br>France |
| 7. a. *Nature des procédures* | Il s'agit d'une affaire au Tribunal Fédéral d'Instance des États-Unis dans le District Nord de Californie, en base aux plaintes déposées lors d'actions séparées de la part des Plaignants suivants : Electrograph Systems, Inc. ; Electrograpgh Technologies, Corp. ; Alfred H. Siegel (en tant qu'administrateur du Trust de Liquidation de Circuit City Stores, Inc.) ; Best Buy Purchasing LLC ; Best Buy Enterprises Services, Inc. ; Best Buy Stores, L.P. ; Best Buy.com, L.L.C. ; Magnolia Hi-Fi, Inc. ; Interbond Corporation of America ; Office Depot, Inc. ; Costco Wholesale Corporation ; P.C. Richard & Son Long Island Corporation ; ABC Appliance, Inc. ; MARTA Cooperative of America, Inc. ; Schultze Agency Services, LLC (au nom de Tweeter Opco, LLC et Tweeter Newco LLC) ; Sears Roebuck et Co. et Kmart Corp. ; Target Corp. ; Sharp Electronics Corporation et Sharp Electronic Manufacturing Company of America, Inc., (collectivement, « Sharp ») ; Tech Data Corporation et Tech Data Product Management Inc. (collectivement, « Tech Data ») ; Crago, sous le nom de Dash Computers, Inc. ; Arch Electronics, Inc. ; Meijer, Inc. ; Meijer Distribution, Inc. ; Nathan Muchnick, Inc. ; Princeton Display Techologies, Inc. ; Radio & TV Equipment, Inc. ; Studio Spectrum, Inc. ; Wettstein & Sons, Inc. ; sous le nom de Wettstein's et Viewsonic Corporation. Chacune de ces plaintes revendiquent des demandes pour |

dommages et mesures de redressement aux termes des lois antitrust des États-Unis et aux termes des lois antitrust et concurrence équitable de Californie et de New York.

b.   *Exposé sommaire des faits*

Les Demandeurs ont intenté la présente action en dommages-intérêts et recours par injonction conformément à la législation antitrust des États-Unis afin de recouvrer les montants dus au titre des dommages subis en réparation du préjudice subi du fait d'une entente de longue durée entre les fournisseurs de tubes à rayon cathodique (les « CRT »), cette entente visant à coordonner et fixer les prix des CRT et à communiquer des informations concurrentielles détaillées. Les Demandeurs allèguent que Thomson SA, d'autres défendeurs et conspirateurs ont formé un cartel international qui a participé à une entente de longue durée, qui a existé au minimum du 1er mars 1995 à décembre 2007. L'entente avait pour objectif et pour effet de garantir la fixation, l'augmentation, la stabilisation et le maintien des prix des CRT. Les Demandeurs allèguent que Thomson SA a pris part à cette entente avec notamment les sociétés suivantes : Hitachi, LG Electronics, LG Philips Displays, Panasonic, MTPD, BMCC, Samsung SDI, Toshiba, Philips, Orion, Videocon, Mitsubishi. Les allégations des Demandeurs sont très semblables à celles figurant dans la décision de la Commission Européenne infligeant des amendes s'élevant à 1 470 515 000 EUR à l'encontre des défendeurs susmentionnés suivants : LG Electronics, Philips, Samsung SDI, Panasonic, Toshiba, MTPD, Technicolor (anciennement Thomson). Voir le communiqué de presse du 5 décembre 2012 : « Antitrust : la Commission inflige une amende de 1,47 milliard d'euros à des producteurs de tubes cathodiques pour téléviseurs et écrans d'ordinateur pour deux cartels ayant duré près de dix ans » disponible sur le site http://europa.eu/rapid/press-release_IP-12- 1317_en.htm. [Traduction française du communiqué : http://europa.eu/rapid/press-release_IP-12-1317_fr.htm]

c.   *Autres informations nécessaires*

Le 15 mars 2013, Sharp a déposé un acte introductif d'instance à l'encontre de Thomson SA, Défendeur, et le 2 avril 2014, un second acte introductif d'instance modifié (*Second Amended Complaint*), également à l'encontre de Thomson SA, Défendeur. Les autres Demandeurs susmentionnés ont également déposé des actes introductifs d'instance ou des actes modifiés, ces procédures étant en cours dans le cadre de la présente affaire et devant divers tribunaux. Les parties ont également convenu mutuellement que la date limite de production des actes judiciaires est fixée au 5 décembre 2014.

Le 8 août 2014, les Demandeurs en action directe ont assigné à témoigner, conformément aux dispositions de la Règle 30 du Code de procédure américain (*Federal Rule of Civil Procedure*) n° 30, les personnes suivantes, anciennement salariées de Thomson SA et qui résident en France : EMERIC CHARAMEL, CHRISTIAN LISSORGUES, AGNÈS MARTIN et DIDIER TRUTT. Comme il est expliqué plus loin

- 8 -

LETTRE DE SOLLICITUDE À L'AUTORITÉ FRANÇAISE COMPÉTENTE POUR UNE ASSISTANCE JUDICIAIRE INTERNATIONALE
FICHIER PRINCIPAL N° 3 :07-CV – 5944 SC, MDL N° 1917

à la Section 8, ci-dessous, les Demandeurs ont identifié ces personnes comme possédant des informations spécifiques pertinentes pour la présente affaire.

Thomson SA s'est opposée à ces assignations à témoigner au motif qu'elle entend représenter M. CHARAMEL, Mme MARTIN, and M. TRUTT. Voir la lettre de K. OSBORN à C. BENSON et G. SAVERI au sujet de : En réf. : *CRT Antitrust Litigation, 3:07-cv- 5944-SC MDL No. 1917 (N.D. Cal.)* (datée du 12 août 2014). Thomson SA a déclaré en outre que « toutes les assignations témoigner de ces personnes doivent être conformes aux procédures établies par la Convention de la Hague ». Voir aussi.

| | | |
|---|---|---|
| 8. a. | *Actes d'instruction ou autres actes judiciaires à accomplir* | Il est demandé respectueusement à l'autorité judiciaire française compétente de contraindre les parties tiers dont la liste figure à la Section 9 ci-après, à se présenter et à répondre aux questions afférentes aux faits de la présente affaire. Les Demandeurs ont identifié ces quatre personnes comment possédant des connaissances spécifiques et pertinentes pour la présente affaire. Il ressort de documents produits par Thomson Consumer, et qui étaient inclus dans la documentation remise par Thomson au ministère américain de la Justice, (*U.S. Department of Justice*) dans le cadre de l'enquête sur les CRT, que chacune de ces quatre personnes a pris part à des réunions et a des communications concernant l'entente au sujet des CRT. EMERIC CHARAMEL était Directeur général (*General Manager*) des Ventes européennes de Thomson SA et ensuite Directeur général des Ventes et du Marketing pour Videocon. CHRISTIAN LISSORGUES était Vice-président du Marketing et des Ventes pour Thomson SA. AGNÈS MARTIN était Directrice des Communications de Marketing pour Thomson SA. DIDIER TRUTT était Vice- président senior (*Senior Executive Vice President*) de Thomson SA et siégeait également au Conseil exécutif de Videocon. |
| b. | *Objectif de la demande d'actes d'instruction ou autres actes judiciaires* | Les déclarations de ces témoins ajouteront des informations importantes en corroboration des allégations formulées par DAP. La Commission européenne a prononcé à l'encontre de Technicolor SA, la société remplaçante de Thomson SA, une amende d'un montant de 38 631 000 EUR en raison de son rôle dans une entente mondiale afférente aux tubes couleur pour téléviseurs (CPT) entre mars 1999 et Septembre 2005. Comme le rappelle la Commission Européenne dans le résumé de sa décision, de nombreuses réunions multilatérales et bilatérales ont été organisées par les fournisseurs concurrents de CPT en Europe dans le cadre du cartel ; ces réunions portaient sur l'échange d'informations concurrentielles confidentielles, non connues du public, ainsi que sur des activités d'entente afférentes au prix, et éventuellement sur le partage des marchés et de la production ; ces réunions ont commencé à se tenir de façon plus délibérée en Europe aux environs de l'année 1999. Voir le résumé de la décision de la Commission du 5 décembre 2012 relative à une procédure d'application de |

l'article 101 du traité sur le fonctionnement de l'Union européenne et de l'article 53 de l'accord EEE (Affaire COMP/39.437 — Tubes cathodiques pour téléviseurs et écrans d'ordinateur), affiché sur le site http://eur-lex.europa.eu/LexUriServ/LexUriServ.do?uri=OJ:C:2013:303:0013:0016:EN:PDF (Traduction française : http://eur-lex.europa.eu/LexUriServ/LexUriServ.do?uri=OJ:C:2013:303:0013:0016:fr:PDF).

Le témoignage de ces quatre anciens salariés sur des documents apportant la preuve de communications ou de réunions afférentes à l'entente entre Thomson SA et d'autres fabricants de CRT a une incidence directe sur la responsabilité de Thomson SA concernant les dommages anti-concurrentiels causés aux Demandeurs par l'entente. En outre, les témoignages concernant la relation de Thomson SA avec Thomson Consumer apporteront une preuve importante des contacts existant entre Thomson SA avec les États-Unis et de son contrôle sur les finances, les politiques ou les activités de Thomson Consumer, cela étant particulièrement décisif étant donné que Thomson a produit relativement peu d'actes judiciaires par comparaison avec les autres défendeurs.

| 9. | *Identité et adresse des personnes à interroger* | **M. EMERIC CHARAMEL**<br>**Adresse (1)** c/o Royal Sovereign<br>Les Perrots<br>71220 Saint-Martin-de-Salencey<br>France<br>**Adresse (2)** 11 rue Lacepède<br>75005 Paris, France<br>**Tél. :** +33(0)9 70 46 06 66<br><br>**M. CHRISTIAN LISSORGUES**<br>**Adresse (1)** 11 Boulevard Montmartre<br>75002 Paris, France<br>**Adresse (2)** Route de Villefranche<br>Chateau D'Artix<br>46000 Cahors<br>France<br><br>**Mme AGNÈS MARTIN**<br>**Adresse** c/o Imprimerie Nationale<br>104 avenue du Président Kennedy<br>75016 Paris, France<br>**Tél. :** +33(0)1 40 58 30 00<br><br>**M. DIDIER TRUTT**<br>**Adresse (1)** c/o Imprimerie Nationale<br>58 Boulevard Gouvion St Cyr<br>75858 Paris, France<br>**Adresse (2)** 85 Boulevard Saint-Michel<br>75005 Paris, France |
| 10. | *Obligations éventuelles de recueillir les éléments de preuve sous serment ou par* | Il est demandé à un commissaire ou autre fonctionnaire judiciaire compétent en la matière pour la France d'ordonner |

| | |
|---|---|
| *affirmation solennelle et format spécifique éventuel à utiliser* | aux témoins de prêter serment conformément aux procédures françaises applicables, et d'ordonner que leur témoignage soit recueilli et transcrit par un sténographe et un vidéographe judiciaires qualifiés sélectionnés par les représentants des Demandeurs. Les Demandeurs se réservent le droit d'utiliser au moment du procès la déposition recueillie sur la bande vidéo.<br><br>Dans la négative, les témoins devraient être informés des peines prévues par loi française en cas de déclarations mensongères.<br><br>Si la loi locale le permet, il est en outre demandé que la transcription des dépositions soit effectuée dans la langue anglaise |
| 11.  *Méthodes ou procédures particulières à employer* | Il est demandé que soient employées les procédures suivantes pour les dépositions : (a) l'interrogatoire doit être effectué de vive voix ; (b) la présence de personnes désignées par les mandataires des représentants des parties, d'interprètes et d'un sténographe est autorisée durant l'interrogatoire ; (c) si la loi française le permet, la présence d'autres personnes autres que le fonctionnaire judiciaire menant l'interrogatoire, les avocats des parties, le sténographe, les interprètes et autres personnels du tribunal français habituellement présents lors de ce type de procédures, est exclue durant l'interrogatoire ; (d) un sténographe est autorisé à enregistrer textuellement l'interrogatoire ; (e) le sténographe est autorisé à enregistrer les interrogatoires par des moyens audio-visuels ; (f) les personnes désignées par les représentants des parties sont autorisées à poser des questions au témoin dès que possible ; (g) `interrogatoire se poursuit chaque jour (y compris le week-end) jusqu'à ce qu'il soit suspendu ou achevé.<br><br>Les Demandeurs peuvent répartir le temps passé à interroger chaque témoin en fonction de leurs accords mutuels ou autrement selon les prescriptions éventuelles du tribunal ou des autorités françaises. Les Défendeurs peuvent souhaiter mener un contre-interrogatoire conformément aux procédures de production des actes judiciaires du tribunal ou selon les prescriptions des autorités françaises compétentes. |
| 12.  *Demande de notification de la date et du lieu où il sera procédé à exécution de la Commission rogatoire et identité et adresse de la personne à informer de ces précisions* | Veuillez informer les avocats représentant les Demandeurs susmentionnés et le Défendeur Thomson SA, identifié aux paragraphes 6(a) et (b) précédents de la date, de l'heure et du lieu d'exécution de la commission rogatoire. |
| 13.  *Le remboursement des frais et taxes donnant lieu à remboursement en vertu du 2ᵉ alinéa de l'Article 14 ou de l'Article 26 de la Convention sont à la charge de…* | Les Demandeurs acceptent de prendre à leur charge le remboursement des frais encourus par les autorités judiciaires de la République française dans le cadre de l'exécution de la commission rogatoire. |

LETTRE DE SOLLICITUDE À L'AUTORITÉ FRANÇAISE COMPÉTENTE POUR UNE ASSISTANCE JUDICIAIRE INTERNATIONALE
FICHIER PRINCIPAL Nᵒ 3 :07-CV – 5944 SC, MDL Nᵒ 1917

*Date de la Commission rogatoire :* _____

*Signature et sceau*
*de l'autorité requérante :*

Le Juge de District des États-Unis
Tribunal Fédéral d'instance des États-Unis de District
Nord de Californie
Division de San Francisco
450 Golden Gate Avenue
San Francisco, CA 94102
États-Unis

Je certifie par les présentes que la signature précédente est celle de :

_____,

Le Juge de District des États-Unis du Tribunal Fédéral d'Instance des États-Unis de District Nord de Californie

Le Greffier du tribunal

Signature : _____

Le greffier adjoint :

Sceau :

**ANNEXE : AVIS DE DÉPOSITION MODIFIÉE ET ASSIGNATION À COMPARAÎTRE ET À TÉMOIGNER LORS D'UNE AUDIENCE OU D'UN PROCÈS DANS UNE ACTION CIVILE POUR :**

**<u>EMERIC CHARAMEL</u>**

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Téléphone : (202) 223-7300
Fax : (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (N° du barreau de l'État 058452)
Jonathan A. Patchen (N° du barreau de l'État 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Téléphone : (415) 788-8200
Fax : (415) 788-8208
Email : staylor@tcolaw.com
Email : jpatchen@tcolaw.com

*Avocats représentant les Plaignants Sharp Electronics Corporation
et Sharp Electronics Manufacturing Company of America, Inc.*

(Avocat supplémentaire figurant sur la page de signatures)

## TRIBUNAL FÉDÉRAL D'INSTANCE DES ÉTATS-UNIS

## DISTRICT NORD DE CALIFORNIE

## DIVISION DE SAN FRANCISCO

| | |
|---|---|
| **En réf. : LITIGE ANTITRUST DE CATHODE RAY TUBE (CRT)** | Cas n° 07-cv-05944 SC MDL N° 1917 |
| Ce document concerne : TOUTES ACTIONS | **AVIS DE DÉPOSITION MODIFIÉE D'EMERIC CHARAMEL** |
| _____/ | |

**À TOUTES LES PARTIES ET LEURS AVOCATS AU DOSSIER :**

VEUILLEZ NOTER qu'en vertu des Règles 28, 30 et 45 des Règles fédérales de procédure civile, les Plaignants en action directe et les Plaignants acheteurs directs (collectivement, les « Plaignants ») prendront la déposition d'**EMERIC CHARAMEL**. La date, l'heure et le lieu de la déposition seront déterminés après consultation auprès de l'avocat de Thomson SA. La déposition se poursuivra d'un jour à l'autre (y compris les weekends) jusqu'à sa suspension ou son achèvement.

La déposition aura lieu par devant un *Notary Public* ou une autre personne habilitée à faire prêter serment en vertu du droit applicable, et sera exécutée conformément aux Règles 30 et 45 des Règles fédérales de procédure civile. Les Plaignants ont pour intention et se réservent le droit d'enregistrer le témoignage de déposition du déposant susnommé par bande-vidéo et reprise visuelle instantanée, outre l'enregistrement du témoignage par sténotypiste et par prise de notes en temps réel. Les Plaignants se réservent le droit d'utiliser la déposition par bande-vidéo au moment du procès.

Daté : 28 août 2014

Soumis avec respect,

*/s/ Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Téléphone : (202) 223-7300
Fax : (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

*Avocats représentant les Plaignants Sharp Electronics Corporation et Sharp Electronics Manufacturing Company of America, Inc.*

Guido Savery (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Travis L. Manfredi (281779)

- 2 -

SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Téléphone : 415.217.6810
Fax : 415.217.6813

*Avocat par intérim principal pour les Plaignants acheteurs directs*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Téléphone : (518) 434-0600
Fax : (518) 434-0665
piovieno@bsfllp.com
anardacci@bsfllp.com

*Avocat de liaison pour les Plaignants en action directe*

## ATTESTATION DE DÉPÔT ÉLECTRONIQUE

Je soussigné, Craig A. Benson, atteste être l'utilisateur d'ECF [Electronic Case Files] dont l'identité et le mot de passe sont utilisés pour déposer l'Avis de déposition modifiée d'Emeric Charamel. Conformément à la Règle civile locale n° 5-l(i)(3), j'atteste également par la présente que chacun des avocats énoncés ci-dessus a consenti au présent dépôt.

Daté : 28 août 2014                                *s/Craig A. Benson*
                                                  Craig A. Benson

- 3 -

AO 88 (Rév. 02/14) Assignation à comparaître et à témoigner lors d'une audience ou d'un procès dans une action civile

# TRIBUNAL FÉDÉRAL D'INSTANCE DES ÉTATS-UNIS
pour le

### District Nord de Californie

| | | |
|---|---|---|
| SHARP ELECTRONICS CORP. et consorts | ) | |
| *Le Plaignant* | ) | |
| contre | ) | Action civile n° 07-cv-05944-SC, MDL N° 1917 |
| HITACHI LTD et consorts | ) | |
| *Le Défendeur* | ) | |

### ASSIGNATION À COMPARAÎTRE ET À TÉMOIGNER LORS D'UNE AUDIENCE OU D'UN PROCÈS DANS UNE ACTION CIVILE

À l'intention de : EMERIC CHARAMEL

*(Nom de la personne à qui s'adresse la présente assignation)*

**IL VOUS EST ORDONNÉ** de comparaître au tribunal fédéral d'instance des États-Unis à l'heure, à la date et au lieu indiqués ci-dessous afin de témoigner lors d'une audience ou d'un procès dans cette action civile. Lorsque vous arrivez, vous devez rester au tribunal jusqu'à ce que le juge ou un officier judiciaire vous autorise à vous retirer.

| Lieu : LIEU, DATE ET HEURE À DÉTERMINER APRÈS CONSULTATION AVEC L'AVOCAT. | Salle d'audience n° : |
|---|---|
| | Date et heure : |

Vous devez vous munir des documents, données stockées par voie électronique ou objets suivants *(ne rien indiquer si non-applicable)* ;
IL S'AGIT D'UNE ASSIGNATION POUR EXAMEN ORAL SEULEMENT.

Les dispositions suivantes de la Règle fédérale 45 de procédure civile sont annexées - Règle 45(c), afférente au lieu de soumission à la demande ; Règle 45(d), afférente à votre protection en tant que personne soumise à une assignation ; et la Règle 45(c) et (g), afférentes à votre obligation de répondre à la présente assignation et les conséquences potentielles de non-respect.

Date : _____

       *GREFFIER DU TRIBUNAL*

                           OU

_____        _____
  *Signature du Greffier ou Greffier-adjoint*                     *Signature de l'avocat*

Le nom, l'adresse postale, l'adresse électronique et le numéro de téléphone de l'avocat représentant *(nom de la partie)* ___SHARP ELECTRONICS CORPORATION ET CONSORTS___, qui émet ou demande cette assignation, sont :

CRAIG A. BENSON, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, 2001 K STREET NW, WASHINGTON, DC 20006-1047 ; CBENSON@PAULWEISS.COM ; 202-223-7300

### Avis à la personne qui émet ou demande cette assignation
Si cette assignation ordonne la production de documents, de données stockées par voie électronique, ou de choses tangibles préalablement au procès, un avis et une copie de l'assignation doivent être signifiés à chaque partie dans cette affaire avant qu'elle ne soit signifiée à la personne à laquelle elle est adressée. Règle fédérale de procédure civile 45(a)(4).

AO 88 (Rév. 02/14) Assignation à comparaître et à témoigner lors d'une audience ou d'un procès dans une action civile (page 2)

Action civile n° 07-cv-05944-SC, MDL N° 1917

## PREUVE DE SIGNIFICATION
### *(À moins d'une exigence en Règle fédérale de procédure civile 45, cette section ne doit pas être déposée au tribunal.)*

J'ai reçu la présente assignation pour *(nom de la personne et son titre, le cas échéant)* _____

le *(date)* _____.

☐ J'ai signifié l'assignation en livrant une copie à la personne nommée comme suit : _____

_____

_____ le *(date)* _____ ; ou

☐ J'ai renvoyé l'assignation non signée car : _____

_____ .

À moins que l'assignation n'ait été émise au nom des États-Unis, ou de l'un de ses représentants officiels ou agents, j'ai également présenté au témoin les frais pour une présence d'une journée et le kilométrage autorisé par la loi, d'un montant de _____ $.

Mes honoraires sont de _____ $ pour le déplacement et de _____ $ pour les services. Soit au total ___0,00___ $.

Je déclare sous peine de parjure que ces informations sont exactes.

Date : _____

_____
*Signature de l'agent chargé de la signification*

_____
*Nom et titre en caractères d'imprimerie*

_____
*Adresse de l'agent chargé de la signification*

Autre information concernant la tentative de signification, etc. :

AO 88 (Rév. 02/14) Assignation à comparaître et à témoigner lors d'une audience ou d'un procès dans une action civile (page 3)

## Règle fédérale de procédure civile 45(c), (d), (e) et (g) (En vigueur au 1/12/13)

**(c) Lieu de soumission à la demande.**

**(1) Pour un procès, une audience ou une déposition.** Une assignation peut seulement ordonner à une personne de se présenter, comme suit, à un procès, une audience ou une déposition :

**(A)** dans un rayon de 160 kilomètres du lieu où la personne réside, travaille ou exerce normalement ses activités commerciales en personne ; ou

**(B)** dans l'État où la personne réside, travaille ou exerce normalement ses activités commerciales en personne, si la personne

**(i)** est une partie ou un représentant officiel d'une partie ; ou

**(ii)** il lui est ordonné de participer au procès et elle n'encourrait pas d'importantes dépenses.

**(2) Pour autres communications de pièces.** Une assignation peut ordonner :

**(A)** la production de, données stockées par voie électronique ou de choses tangibles en un lieu situé dans un rayon de 160 kilomètres du lieu où la personne réside, travaille ou exerce normalement ses activités commerciales en personne ; et

**(B)** l'inspection des lieux sur les lieux à inspecter.

**(d) Protection d'une personne soumise à assignation ; Mise à exécution.**

**(1) Éviter des fardeaux ou dépenses excessives ; Sanctions.** Une partie ou un avocat chargé d'émettre et de signifier une assignation doit entreprendre des démarches raisonnables pour éviter d'imposer un fardeau ou des dépenses excessives à la personne soumise à assignation. Le tribunal du district où est exigée la soumission à la demande doit assurer la mise à exécution de cette obligation et imposer une sanction appropriée - qui pourrait inclure la perte de revenus et des honoraires d'avocat raisonnables - à une partie ou à l'avocat qui enfreint à ces règles.

**(2) Ordonner la production de pièces ou autoriser l'inspection.**

**(A)** Comparution non exigée. Il n'est pas exigé d'une personne à laquelle il est demandé de produire des documents, des données stockées par voie électronique ou des choses tangibles, ou d'autoriser l'inspection de lieux, de comparaître en personne au lieu de production ou d'inspection à moins qu'il ne lui soit aussi demandé de comparaître lors d'une déposition, d'une audience ou d'un procès.

**(B)** Objections. Une personne à laquelle il est demandé de produire des documents ou des choses tangibles ou d'autoriser une inspection peut signifier à la partie ou à l'avocat nommé sur l'assignation une objection écrite à l'inspection, à la copie, au test ou à l'échantillonnage de l'une quelconque ou de toutes les pièces ou à l'inspection des lieux - ou de produire des données stockées par voie électronique sous la forme demandée. L'objection doit être signifiée avant la première date spécifiée de présentation ou 14 jours après la signification de l'assignation. S'il est fait objection, les règles suivantes s'appliquent :

**(i)** À tout moment, sur avis à la personne recevant l'ordre, la partie effectuant la signification peut demander au tribunal du district où la présence est demandée une ordonnance obligeant la production ou l'inspection.

**(ii)** Ces actes peuvent seulement être exigés conformément aux directives de l'ordonnance, et celle-ci doit protéger une personne qui n'est ni une partie ni un représentant officiel d'une partie contre toute dépense importante résultant de la soumission à la demande.

**(3) Annulation ou modification d'une assignation.**

**(A)** Si exigée. Sur requête ponctuelle, le tribunal du district où la soumission de la demande est exigée doit annuler ou modifier une assignation qui :

**(i)** ne permet pas un délai raisonnable de soumission à la demande ;

**(ii)** exige d'une personne qu'elle se soumette à la demande au-delà des limites géographiques prévues en Règle 45(c) ;

**(iii)** exige la divulgation d'affaires protégées ou autres affaires sous protection, si aucune exception ou renonciation ne s'applique ; ou

**(iv)** soumet une personne à un fardeau excessif.

**(B)** Si autorisée. Pour protéger une personne soumise à une assignation ou affectée par celle-ci, le tribunal du district est ordonnée la soumission de la demande peut, sur requête, annuler ou modifier l'assignation si elle exige :

**(i)** la divulgation d'un secret professionnel ou autres données confidentielles de recherche, de développement ou commerciales ; ou

**(ii)** la divulgation de l'avis d'un expert non engagé ou d'informations qui ne décrivent pas les circonstances spécifiques au conflit, et résultent de l'étude de l'expert qui n'a pas été demandé par une partie.

**(C)** Spécifier des conditions à titre subsidiaire. Dans les circonstances décrites en Règle 45(d)(3)(B), le tribunal, plutôt qu'annuler ou modifier une assignation, peut ordonner la comparution ou la production en vertu des conditions spécifiées, si l'expéditeur :

**(i)** démontre un besoin substantiel du témoignage ou de la pièce qui ne peut être fourni autrement sans difficulté excessive ; et

**(ii)** s'assure que la personne assignée sera raisonnablement dédommagée.

**(e) Obligations de réponse à une assignation.**

**(1) Production de documents ou de données stockées par voie électronique.** Ces procédures s'appliquent à la production de documents ou de données stockées par voie électronique.

**(A)** Documents. Une personne répondant à une assignation à produire des documents doit les produire tels qu'ils sont conservés dans le cours normal d'activités commerciales ou doit les organiser et les référencer afin qu'ils correspondent aux catégories de la demande.

**(B)** Forme de production de données stockées par voie électronique non spécifiée. Si une assignation ne spécifie par la forme de production de données stockées par voie électronique, la personne répondant doit produire lesdites données dans une forme dans laquelle elles sont généralement conservées ou dans une forme raisonnablement utilisable.

**(C)** Données stockées par voie électronique produites sous une seule forme. La personne répondant n'est pas tenue de produire les mêmes données stockées par voie électronique sous plus d'une forme.

**(D)** Données stockées par voie électronique inaccessibles. La personne répondant n'est pas tenue de produire la communication de pièces de données stockées par voie électronique émanant de sources que la personne identifie comme n'étant pas raisonnablement accessibles par suite d'un fardeau ou d'un coût excessif. Sur requête de contrainte à fournir la communication de pièces dans le cas d'une ordonnance conservatoire, la personne répondant doit démontrer que les données ne sont pas raisonnablement accessibles par suite d'un fardeau ou d'un coût excessif. Si une telle démonstration est effectuée, le tribunal peut néanmoins ordonner la communication de pièces desdites sources si la partie en faisant la demande présente des motifs justifiés, en considérant les restrictions de la Règle 26(b)(2)(C). Le tribunal peut spécifier des conditions pour la communication de pièces.

**(2) Revendication d'un privilège ou d'une protection**

**(A)** Non divulgation d'informations. Une personne refusant de fournir des informations d'une assignation en revendiquant que celles-ci sont protégées ou sujettes à protection en tant que pièces utilisées dans la préparation du procès, doit :

**(i)** le revendiquer expressément ; et

**(ii)** décrire la nature des documents, communications ou choses tangibles non divulgués de manière à permettre aux parties d'effectuer leur revendication, sans révéler les informations qui sont protégées sous protection.

**(B)** Informations produites. Si les informations produites en réponse à une assignation sont sujettes à une revendication de privilège ou de protection en tant que pièces utilisées dans la préparation du procès, la personne effectuant la revendication peut aviser de la revendication et de la raison de celle-ci toute partie qui a reçu les informations. Après avoir été avisée, une partie doit promptement renvoyer, mettre sous séquestre ou détruire les informations spécifiées et toute copie de celles-ci ; ne doit pas utiliser ou divulguer les informations jusqu'à résolution de la revendication ; doit entreprendre des démarches raisonnables pour récupérer les informations si la partie les a divulguées avant d'avoir été avisée ; et doit promptement présenter les informations sous scellées au tribunal du district où la soumission à la demande est exigée afin fins de détermination de la revendication. La personne ayant produit les informations doit les préserver jusqu'à résolution de la revendication.

**(g) Outrage.**
Le tribunal du district où la soumission à la demande est exigée - ainsi qu'après le transfert d'une requête, le tribunal d'origine - peut déclarer coupable d'outrage une personne qui, ayant été signifiée, néglige, sans excuse appropriée, d'obéir à l'assignation ou à une ordonnance y afférente.

---

Pour accéder aux pièces de l'assignation, veuillez consulter la Règle fédérale de procédure civile 45(a) Note de comité (2013).

**ANNEXE : AVIS DE DÉPOSITION MODIFIÉE ET ASSIGNATION À COMPARAÎTRE ET À TÉMOIGNER LORS D'UNE AUDIENCE OU D'UN PROCÈS DANS UNE ACTION CIVILE POUR :**

## CHRISTIAN LISSORGUES

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Téléphone : (202) 223-7300
Fax : (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (N° du barreau de l'État 058452)
Jonathan A. Patchen (N° du barreau de l'État 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Téléphone : (415) 788-8200
Fax : (415) 788-8208
Email : staylor@tcolaw.com
Email : jpatchen@tcolaw.com

*Avocats représentant les Plaignants Sharp Electronics Corporation
et Sharp Electronics Manufacturing Company of America, Inc.*

(Avocat supplémentaire figurant sur la page de signatures)

## TRIBUNAL FÉDÉRAL D'INSTANCE DES ÉTATS-UNIS

## DISTRICT NORD DE CALIFORNIE

## DIVISION DE SAN FRANCISCO

| | |
|---|---|
| **En réf. : LITIGE ANTITRUST DE CATHODE RAY TUBE (CRT)** | Cas n° 07-cv-05944 SC<br>MDL N° 1917 |
| Ce document concerne :<br>TOUTES ACTIONS | **AVIS DE DÉPOSITION MODIFIÉE DE CHRISTIAN LISSORGUES** |
| _____/ | |

**À TOUTES LES PARTIES ET LEURS AVOCATS AU DOSSIER :**

VEUILLEZ NOTER qu'en vertu des Règles 28, 30 et 45 des Règles fédérales de procédure civile, les Plaignants en action directe et les Plaignants acheteurs directs (collectivement, les « Plaignants ») prendront la déposition de **CHRISTIAN LISSORGUES**. La date, l'heure et le lieu de la déposition seront déterminés après consultation auprès de l'avocat de Thomson SA. La déposition se poursuivra d'un jour à l'autre (y compris les weekends) jusqu'à sa suspension ou son achèvement.

La déposition aura lieu par devant un *Notary Public* ou une autre personne habilitée à faire prêter serment en vertu du droit applicable, et sera exécutée conformément aux Règles 30 et 45 des Règles fédérales de procédure civile. Les Plaignants ont pour intention et se réservent le droit d'enregistrer le témoignage de déposition du déposant susnommé par bande-vidéo et reprise visuelle instantanée, outre l'enregistrement du témoignage par sténotypiste et par prise de notes en temps réel. Les Plaignants se réservent le droit d'utiliser la déposition par bande-vidéo au moment du procès.

Daté : 28 août 2014                    Soumis avec respect,

*/s/ Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Téléphone : (202) 223-7300
Fax : (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

*Avocats représentant les Plaignants Sharp Electronics Corporation et Sharp Electronics Manufacturing Company of America, Inc.*

Guido Savery (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Travis L. Manfredi (281779)

- 2 -

SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Téléphone : 415.217.6810
Fax : 415.217.6813

*Avocat par intérim principal pour les Plaignants acheteurs directs*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Téléphone : (518) 434-0600
Fax : (518) 434-0665
piovieno@bsfllp.com
anardacci@bsfllp.com

*Avocat de liaison pour les Plaignants en action directe*

## ATTESTATION DE DÉPÔT ÉLECTRONIQUE

Je soussigné, Craig A. Benson, atteste être l'utilisateur d'ECF [Electronic Case Files] dont l'identité et le mot de passe sont utilisés pour déposer l'Avis de déposition modifiée de Christian Lissorgues. Conformément à la Règle civile locale n° 5-l(i)(3), j'atteste également par la présente que chacun des avocats énoncés ci-dessus a consenti au présent dépôt.

Daté : 28 août 2014                          */s/Craig A. Benson*
                                             Craig A. Benson

- 3 -

AO 88 (Rév. 02/14) Assignation à comparaître et à témoigner lors d'une audience ou d'un procès dans une action civile

# TRIBUNAL FÉDÉRAL D'INSTANCE DES ÉTATS-UNIS
pour le

District Nord de Californie

| | |
|---|---|
| SHARP ELECTRONICS CORP. et consorts ) | |
| *Le Plaignant* ) | |
| contre ) | Action civile n° 07-cv-05944-SC, MDL N° 1917 |
| HITACHI LTD et consorts ) | |
| *Le Défendeur* ) | |

## ASSIGNATION À COMPARAÎTRE ET À TÉMOIGNER LORS D'UNE AUDIENCE OU D'UN PROCÈS DANS UNE ACTION CIVILE

À l'intention de : CHRISTIAN LISSORGUES

_____
*(Nom de la personne à qui s'adresse la présente assignation)*

**IL VOUS EST ORDONNÉ** de comparaître au tribunal fédéral d'instance des États-Unis à l'heure, à la date et au lieu indiqués ci-dessous afin de témoigner lors d'une audience ou d'un procès dans cette action civile. Lorsque vous arrivez, vous devez rester au tribunal jusqu'à ce que le juge ou un officier judiciaire vous autorise à vous retirer.

| Lieu : LIEU, DATE ET HEURE À DÉTERMINER APRÈS CONSULTATION AVEC L'AVOCAT. | Salle d'audience n° : |
|---|---|
| | Date et heure : |

Vous devez vous munir des documents, données stockées par voie électronique ou objets suivants *(ne rien indiquer si non-applicable)* ;
IL S'AGIT D'UNE ASSIGNATION POUR EXAMEN ORAL SEULEMENT.

Les dispositions suivantes de la Règle fédérale 45 de procédure civile sont annexées - Règle 45(c), afférente au lieu de soumission à la demande ; Règle 45(d), afférente à votre protection en tant que personne soumise à une assignation ; et la Règle 45(c) et (g), afférentes à votre obligation de répondre à la présente assignation et les conséquences potentielles de non-respect.

Date : _____

*GREFFIER DU TRIBUNAL*

OU

_____          _____
*Signature du Greffier ou Greffier-adjoint*                     *Signature de l'avocat*

Le nom, l'adresse postale, l'adresse électronique et le numéro de téléphone de l'avocat représentant *(nom de la partie)* ____SHARP ELECTRONICS CORPORATION ET CONSORTS____, qui émet ou demande cette assignation, sont :
CRAIG A. BENSON, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, 2001 K STREET NW, WASHINGTON, DC 20006-1047 ; CBENSON@PAULWEISS.COM ; 202-223-7300

**Avis à la personne qui émet ou demande cette assignation**
Si cette assignation ordonne la production de documents, de données stockées par voie électronique, ou de choses tangibles préalablement au procès, un avis et une copie de l'assignation doivent être signifiés à chaque partie dans cette affaire avant qu'elle ne soit signifiée à la personne à laquelle elle est adressée. Règle fédérale de procédure civile 45(a)(4).

AO 88 (Rév. 02/14) Assignation à comparaître et à témoigner lors d'une audience ou d'un procès dans une action civile (page 2)

Action civile n° 07-cv-05944-SC, MDL N° 1917

## PREUVE DE SIGNIFICATION
### *(À moins d'une exigence en Règle fédérale de procédure civile 45, cette section ne doit pas être déposée au tribunal.)*

J'ai reçu la présente assignation pour *(nom de la personne et son titre, le cas échéant)* _____

le *(date)* _____.

☐ J'ai signifié l'assignation en livrant une copie à la personne nommée comme suit : _____

_____

_____ le *(date)* _____ ; ou

☐ J'ai renvoyé l'assignation non signée car : _____

_____.

À moins que l'assignation n'ait été émise au nom des États-Unis, ou de l'un de ses représentants officiels ou agents, j'ai également présenté au témoin les frais pour une présence d'une journée et le kilométrage autorisé par la loi, d'un montant de _____ $.

Mes honoraires sont de _____ $ pour le déplacement et de _____ $ pour les services. Soit au total __0,00__ $.

Je déclare sous peine de parjure que ces informations sont exactes.

Date : _____

_____
*Signature de l'agent chargé de la signification*

_____
*Nom et titre en caractères d'imprimerie*

_____
*Adresse de l'agent chargé de la signification*

Autre information concernant la tentative de signification, etc. :

AO 88 (Rév. 02/14) Assignation à comparaître et à témoigner lors d'une audience ou d'un procès dans une action civile (page 3)

## Règle fédérale de procédure civile 45(c), (d), (e) et (g) (En vigueur au 1/12/13)

**(c) Lieu de soumission à la demande.**

**(1) Pour un procès, une audience ou une déposition.** Une assignation peut seulement ordonner à une personne de se présenter, comme suit, à un procès, une audience ou une déposition :

**(A)** dans un rayon de 160 kilomètres du lieu où la personne réside, travaille ou exerce normalement ses activités commerciales en personne ; ou

**(B)** dans l'État où la personne réside, travaille ou exerce normalement ses activités commerciales en personne, si la personne

**(i)** est une partie ou un représentant officiel d'une partie ; ou

**(ii)** il lui est ordonné de participer au procès et elle n'encourrait pas d'importantes dépenses.

**(2) Pour autres communications de pièces.** Une assignation peut ordonner :

**(A)** la production de documents, de données stockées par voie électronique ou de choses tangibles en un lieu situé dans un rayon de 160 kilomètres du lieu où la personne réside, travaille ou exerce normalement ses activités commerciales en personne ; et

**(B)** l'inspection des lieux sur les lieux à inspecter.

**(d) Protection d'une personne soumise à assignation ; Mise à exécution.**

**(1) Éviter des fardeaux ou dépenses excessives ; Sanctions.** Une partie ou un avocat chargé d'émettre et de signifier une assignation doit entreprendre des démarches raisonnables pour éviter d'imposer un fardeau ou des dépenses excessives à la personne soumise à assignation. Le tribunal du district où est exigée la soumission à la demande doit assurer la mise à exécution de cette obligation et imposer une sanction appropriée - qui pourrait inclure la perte de revenus et des honoraires d'avocat raisonnables - à une partie ou à l'avocat qui enfreint à ces règles.

**(2) Ordonner la production de pièces ou autoriser l'inspection.**

**(A)** Comparution non exigée. Il n'est pas exigé d'une personne à laquelle il est demandée de produire des documents, des données stockées par voie électronique ou des choses tangibles, ou d'autoriser l'inspection de lieux, de comparaître en personne au lieu de production ou d'inspection à moins qu'il ne lui soit aussi demandé de comparaître lors d'une déposition, d'une audience ou d'un procès.

**(B)** Objections. Une personne à laquelle il est demandé de produire des documents ou des choses tangibles ou d'autoriser une inspection peut signifier à la partie ou à l'avocat nommé sur l'assignation une objection écrite à l'inspection, à la copie, au test ou à l'échantillonnage de l'une quelconque ou de toutes les pièces ou à l'inspection des lieux - ou de produire des données stockées par voie électronique sous la forme demandée. L'objection doit être signifiée avant la première date spécifiée de présentation ou 14 jours après la signification de l'assignation. S'il est fait objection, les règles suivantes s'appliquent :

**(i)** À tout moment, sur avis à la personne recevant l'ordre, la partie effectuant la signification peut demander au tribunal du district où la présence est demandée une ordonnance obligeant la production ou l'inspection.

**(ii)** Ces actes peuvent seulement être exigés conformément aux directives de l'ordonnance, et celle-ci doit protéger une personne qui n'est ni une partie ni un représentant officiel d'une partie contre toute dépense importante résultant de la soumission à la demande.

**(3) Annulation ou modification d'une assignation.**

**(A)** Si exigée. Sur requête ponctuelle, le tribunal du district où la soumission de la demande est exigée doit annuler ou modifier une assignation qui :

**(i)** ne permet pas un délai raisonnable de soumission à la demande ;

**(ii)** exige d'une personne qu'elle se soumette à la demande au-delà des limites géographiques prévues en Règle 45(c) ;

**(iii)** exige la divulgation d'affaires protégées ou autres affaires sous protection, si aucune exception ou renonciation ne s'applique ; ou

**(iv)** soumet une personne à un fardeau excessif.

**(B)** Si autorisée. Pour protéger une personne soumise à une assignation ou affectée par celle-ci, le tribunal du district est ordonnée la soumission à la demande peut, sur requête, annuler ou modifier l'assignation si elle exige :

**(i)** la divulgation d'un secret professionnel ou autres données confidentielles de recherche, de développement ou commerciales ; ou

**(ii)** la divulgation de l'avis d'un expert non engagé ou d'informations qui ne décrivent pas les circonstances spécifiques au conflit, et résultent de l'étude de l'expert qui n'a pas été demandé par une partie.

**(C)** Spécifier des conditions à titre subsidiaire. Dans les circonstances décrites en Règle 45(d)(3)(B), le tribunal, plutôt qu'annuler ou modifier une assignation, peut ordonner la comparution ou la production en vertu des conditions spécifiées, si l'expéditeur :

**(i)** démontre un besoin substantiel du témoignage ou de la pièce qui ne peut être fourni autrement sans difficulté excessive ; et

**(ii)** s'assure que la personne assignée sera raisonnablement dédommagée.

**(e) Obligations de réponse à une assignation.**

**(1) Production de documents ou de données stockées par voie électronique.** Ces procédures s'appliquent à la production de documents ou de données stockées par voie électronique.

**(A)** Documents. Une personne répondant à une assignation à produire des documents doit les produire tels qu'ils sont conservés dans le cours normal d'activités commerciales ou doit les organiser et les référencer afin qu'ils correspondent aux catégories de la demande.

**(B)** Forme de production de données stockées par voie électronique non spécifiée. Si une assignation ne spécifie par la forme de production de données stockées par voie électronique, la personne répondant doit produire lesdites données dans une forme dans laquelle elles sont généralement conservées ou dans une forme raisonnablement utilisable.

**(C)** Données stockées par voie électronique produites sous une seule forme. La personne répondant n'est pas tenue de produire les mêmes données stockées par voie électronique sous plus d'une forme.

**(D)** Données stockées par voie électronique inaccessibles. La personne répondant n'est pas tenue de produire la communication de pièces de données stockées par voie électronique émanant de sources que la personne identifie comme n'étant pas raisonnablement accessibles par suite d'un fardeau ou d'un coût excessif. Sur requête de contrainte à fournir la communication de pièces ou de la demande dans le cas d'une ordonnance conservatoire, la personne répondant doit démontrer que les données ne sont pas raisonnablement accessibles par suite d'un fardeau ou d'un coût excessif. Si une telle démonstration est effectuée, le tribunal peut néanmoins ordonner la communication de pièces desdites sources si la partie en faisant la demande présente des motifs justifiés, en considérant les restrictions de la Règle 26(b)(2)(C). Le tribunal peut spécifier des conditions pour la communication des pièces.

**(2) Revendication d'un privilège ou d'une protection**

**(A)** Non divulgation d'informations. Une personne refusant de fournir des informations d'une assignation en revendiquant que celles-ci sont protégées ou sujettes à protection en tant que pièces utilisées dans la préparation du procès, doit :

**(i)** le revendiquer expressément ; et

**(ii)** décrire la nature des documents, communications ou choses tangibles non divulgués de manière à permettre aux parties d'effectuer leur revendication, sans révéler les informations qui sont protégées sous cette protection.

**(B)** Informations produites. Si les informations produites en réponse à une assignation sont sujettes à une revendication de privilège ou de protection en tant que pièces utilisées dans la préparation du procès, la personne effectuant la revendication peut aviser de la revendication et de la raison de celle-ci toute partie qui a reçu les informations. Après avoir été avisée, une partie doit promptement renvoyer, mettre sous séquestre ou détruire les informations spécifiées et toute copie de celles-ci ; ne doit pas utiliser ou divulguer les informations jusqu'à résolution de la revendication ; doit entreprendre des démarches raisonnables pour récupérer les informations si la partie les a divulguées avant d'avoir été avisée ; et doit promptement présenter les informations sous scellées au tribunal du district où la soumission à la demande est exigée aux fins de détermination de la revendication. La personne ayant produit les informations doit les préserver jusqu'à résolution de la revendication.

**(g) Outrage.**
Le tribunal du district où la soumission à la demande est exigée - ainsi qu'après le transfert d'une requête, le tribunal d'origine - peut déclarer coupable d'outrage une personne qui, ayant été signifiée, néglige, sans excuse appropriée, d'obéir à l'assignation ou à une ordonnance y afférente.

---

Pour accéder aux pièces de l'assignation, veuillez consulter la Règle fédérale de procédure civile 45(a) Note de comité (2013).

**ANNEXE : AVIS DE DÉPOSITION MODIFIÉE ET ASSIGNATION À COMPARAÎTRE ET À TÉMOIGNER LORS D'UNE AUDIENCE OU D'UN PROCÈS DANS UNE ACTION CIVILE POUR :**

**<u>AGNÈS MARTIN</u>**

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Téléphone : (202) 223-7300
Fax : (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (N° du barreau de l'État 058452)
Jonathan A. Patchen (N° du barreau de l'État 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Téléphone : (415) 788-8200
Fax : (415) 788-8208
Email : staylor@tcolaw.com
Email : jpatchen@tcolaw.com

*Avocats représentant les Plaignants Sharp Electronics Corporation
et Sharp Electronics Manufacturing Company of America, Inc.*

(Avocat supplémentaire figurant sur la page de signatures)

## TRIBUNAL FÉDÉRAL D'INSTANCE DES ÉTATS-UNIS

## DISTRICT NORD DE CALIFORNIE

## DIVISION DE SAN FRANCISCO

| | |
|---|---|
| **En réf. : LITIGE ANTITRUST DE CATHODE RAY TUBE (CRT)** | Cas n° 07-cv-05944 SC<br>MDL N° 1917 |
| Ce document concerne :<br>TOUTES ACTIONS | **AVIS DE DÉPOSITION MODIFIÉE D'AGNÈS MARTIN** |
| _____/ | |

**À TOUTES LES PARTIES ET LEURS AVOCATS AU DOSSIER :**

VEUILLEZ NOTER qu'en vertu des Règles 28, 30 et 45 des Règles fédérales de procédure civile, les Plaignants en action directe et les Plaignants acheteurs directs (collectivement, les « Plaignants ») prendront la déposition d'**AGNÈS MARTIN**. La date, l'heure et le lieu de la déposition seront déterminés après consultation auprès de l'avocat de Thomson SA. La déposition se poursuivra d'un jour à l'autre (y compris les weekends) jusqu'à sa suspension ou son achèvement.

La déposition aura lieu par devant un *Notary Public* ou une autre personne habilitée à faire prêter serment en vertu du droit applicable, et sera exécutée conformément aux Règles 30 et 45 des Règles fédérales de procédure civile. Les Plaignants ont pour intention et se réservent le droit d'enregistrer le témoignage de déposition du déposant susnommé par bande-vidéo et reprise visuelle instantanée, outre l'enregistrement du témoignage par sténotypiste et par prise de notes en temps réel. Les Plaignants se réservent le droit d'utiliser la déposition par bande-vidéo au moment du procès.

Daté : 28 août 2014                     Soumis avec respect,

*/s/ Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Téléphone : (202) 223-7300
Fax : (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

*Avocats représentant les Plaignants Sharp Electronics*
*Corporation et Sharp Electronics Manufacturing Company*
*of America, Inc.*

Guido Savery (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Travis L. Manfredi (281779)

- 2 -

SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Téléphone : 415.217.6810
Fax : 415.217.6813

*Avocat par intérim principal pour les Plaignants acheteurs directs*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Téléphone : (518) 434-0600
Fax : (518) 434-0665
piovieno@bsfllp.com
anardacci@bsfllp.com

*Avocat de liaison pour les Plaignants en action directe*


## ATTESTATION DE DÉPÔT ÉLECTRONIQUE

Je soussigné, Craig A. Benson, atteste être l'utilisateur d'ECF [Electronic Case Files] dont l'identité et le mot de passe sont utilisés pour déposer l'Avis de déposition modifiée d'Agnès Martin. Conformément à la Règle civile locale n° 5-l(i)(3), j'atteste également par la présente que chacun des avocats énoncés ci-dessus a consenti au présent dépôt.

Daté : 28 août 2014                    */s/Craig A. Benson*
                                        Craig A. Benson

AO 88 (Rév. 02/14) Assignation à comparaître et à témoigner lors d'une audience ou d'un procès dans une action civile

# TRIBUNAL FÉDÉRAL D'INSTANCE DES ÉTATS-UNIS
pour le

### District Nord de Californie

| | | |
|---|---|---|
| SHARP ELECTRONICS CORP. et consorts | ) | |
| *Le Plaignant* | ) | |
| contre | ) | Action civile n° 07-cv-05944-SC, MDL N° 1917 |
| HITACHI LTD et consorts | ) | |
| *Le Défendeur* | ) | |

## ASSIGNATION À COMPARAÎTRE ET À TÉMOIGNER LORS D'UNE AUDIENCE OU D'UN PROCÈS DANS UNE ACTION CIVILE

À l'intention de : AGNÈS MARTIN

*(Nom de la personne à qui s'adresse la présente assignation)*

**IL VOUS EST ORDONNÉ** de comparaître au tribunal fédéral d'instance des États-Unis à l'heure, à la date et au lieu indiqués ci-dessous afin de témoigner lors d'une audience ou d'un procès dans cette action civile. Lorsque vous arrivez, vous devez rester au tribunal jusqu'à ce que le juge ou un officier judiciaire vous autorise à vous retirer.

| Lieu : LIEU, DATE ET HEURE À DÉTERMINER APRÈS CONSULTATION AVEC L'AVOCAT. | Salle d'audience n° : |
|---|---|
| | Date et heure : |

Vous devez vous munir des documents, données stockées par voie électronique ou objets suivants *(ne rien indiquer si non-applicable)* ;
IL S'AGIT D'UNE ASSIGNATION POUR EXAMEN ORAL SEULEMENT.

Les dispositions suivantes de la Règle fédérale 45 de procédure civile sont annexées - Règle 45(c), afférente au lieu de soumission à la demande ; Règle 45(d), afférente à votre protection en tant que personne soumise à une assignation ; et la Règle 45(c) et (g), afférentes à votre obligation de répondre à la présente assignation et les conséquences potentielles de non-respect.

Date : _____

*GREFFIER DU TRIBUNAL*

OU

_____          _____
*Signature du Greffier ou Greffier-adjoint*                    *Signature de l'avocat*

Le nom, l'adresse postale, l'adresse électronique et le numéro de téléphone de l'avocat représentant *(nom de la partie)* ____SHARP ELECTRONICS CORPORATION ET CONSORTS____, qui émet ou demande cette assignation, sont :

CRAIG A. BENSON, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, 2001 K STREET NW, WASHINGTON, DC 20006-1047 ; CBENSON@PAULWEISS.COM ; 202-223-7300

**Avis à la personne qui émet ou demande cette assignation**
Si cette assignation ordonne la production de documents, de données stockées par voie électronique, ou de choses tangibles préalablement au procès, un avis et une copie de l'assignation doivent être signifiés à chaque partie dans cette affaire avant qu'elle ne soit signifiée à la personne à laquelle elle est adressée. Règle fédérale de procédure civile 45(a)(4).

AO 88 (Rév. 02/14) Assignation à comparaître et à témoigner lors d'une audience ou d'un procès dans une action civile (page 2)

Action civile n° 07-cv-05944-SC, MDL N° 1917

## PREUVE DE SIGNIFICATION
### (À moins d'une exigence en Règle fédérale de procédure civile 45, cette section ne doit pas être déposée au tribunal.)

J'ai reçu la présente assignation pour *(nom de la personne et son titre, le cas échéant)* _____
le *(date)* _____.

☐ J'ai signifié l'assignation en livrant une copie à la personne nommée comme suit : _____

_____

_____ le *(date)* _____ ; ou

☐ J'ai renvoyé l'assignation non signée car : _____

_____.

À moins que l'assignation n'ait été émise au nom des États-Unis, ou de l'un de ses représentants officiels ou agents, j'ai également présenté au témoin les frais pour une présence d'une journée et le kilométrage autorisé par la loi, d'un montant de _____ $.

Mes honoraires sont de _____ $ pour le déplacement et de _____ $ pour les services. Soit au total \_\_0,00\_\_ $.

Je déclare sous peine de parjure que ces informations sont exactes.

Date : _____

_____
*Signature de l'agent chargé de la signification*

_____
*Nom et titre en caractères d'imprimerie*

_____
*Adresse de l'agent chargé de la signification*

Autre information concernant la tentative de signification, etc. :

AO 88 (Rév. 02/14) Assignation à comparaître et à témoigner lors d'une audience ou d'un procès dans une action civile (page 3)

## Règle fédérale de procédure civile 45(c), (d), (e) et (g) (En vigueur au 1/12/13)

**(c) Lieu de soumission à la demande.**

 **(1)** *Pour un procès, une audience ou une déposition.* Une assignation peut seulement ordonner à une personne de se présenter, comme suit, à un procès, une audience ou une déposition :

 **(A)** dans un rayon de 160 kilomètres du lieu où la personne réside, travaille ou exerce normalement ses activités commerciales en personne ; ou

 **(B)** dans l'État où la personne réside, travaille ou exerce normalement ses activités commerciales en personne, si la personne

 **(i)** est une partie ou un représentant officiel d'une partie ; ou

 **(ii)** il lui est ordonné de participer au procès et elle n'encourrait pas d'importantes dépenses.

 **(2)** *Pour autres communications de pièces.* Une assignation peut ordonner :

 **(A)** la production de documents, de données stockées par voie électronique ou de choses tangibles en un lieu situé dans un rayon de 160 kilomètres du lieu où la personne réside, travaille ou exerce normalement ses activités commerciales en personne ; et

 **(B)** l'inspection des lieux sur les lieux à inspecter.

**(d) Protection d'une personne soumise à assignation ; Mise à exécution.**

 **(1)** *Éviter des fardeaux ou dépenses excessives ; Sanctions.* Une partie ou un avocat chargé d'émettre et de signifier une assignation doit entreprendre des démarches raisonnables pour éviter d'imposer un fardeau ou des dépenses excessives à la personne soumise à assignation. Le tribunal du district où est exigée la soumission à la demande doit assurer la mise à exécution de cette obligation et imposer une sanction appropriée - qui pourrait inclure la perte de revenus et des honoraires d'avocat raisonnables - à une partie ou à l'avocat qui enfreint à ces règles.

 **(2)** *Ordonner la production de pièces ou autoriser l'inspection.*

 **(A)** *Comparution non exigée.* Il n'est pas exigé d'une personne à laquelle il est demandée de produire des documents, des données stockées par voie électronique ou des choses tangibles, ou d'autoriser l'inspection de lieux, de comparaître en personne au lieu de production ou d'inspection à moins qu'il ne lui soit aussi demandé de comparaître lors d'une déposition, d'une audience ou d'un procès.

 **(B)** *Objections.* Une personne à laquelle il est demandé de produire des documents ou des choses tangibles ou d'autoriser une inspection peut signifier à la partie ou à l'avocat nommé sur l'assignation une objection écrite à l'inspection, à la copie, au test ou à l'échantillonnage de l'une quelconque ou de toutes les pièces ou à l'inspection des lieux - ou de produire des données stockées par voie électronique sous la forme demandée. L'objection doit être signifiée avant la première date spécifiée de présentation ou 14 jours après la signification de l'assignation. S'il est fait objection, les règles suivantes s'appliquent :

 **(i)** À tout moment, sur avis à la personne recevant l'ordre, la partie effectuant la signification peut demander au tribunal du district où la présence est demandée une ordonnance obligeant la production ou l'inspection.

 **(ii)** Ces actes peuvent seulement être exigés conformément aux directives de l'ordonnance, et celle-ci doit protéger une personne qui n'est ni une partie ni un représentant officiel d'une partie contre toute dépense importante résultant de la soumission à la demande.

 **(3)** *Annulation ou modification d'une assignation.*

 **(A)** *Si exigée.* Sur requête ponctuelle, le tribunal du district où la soumission de la demande est exigée doit annuler ou modifier une assignation qui :

 **(i)** ne permet pas un délai raisonnable de soumission à la demande ;

 **(ii)** exige d'une personne qu'elle se soumette à la demande au-delà des limites géographiques prévues en Règle 45(c) ;

 **(iii)** exige la divulgation d'affaires protégées ou autres affaires sous protection, si aucune exception ou renonciation ne s'applique ; ou

 **(iv)** soumet une personne à un fardeau excessif.

 **(B)** *Si autorisée.* Pour protéger une personne soumise à une assignation ou affectée par celle-ci, le tribunal du district est ordonné la soumission à la demande peut, sur requête, annuler ou modifier l'assignation si elle exige :

 **(i)** la divulgation d'un secret professionnel ou autres données confidentielles de recherche, de développement ou commerciales ; ou

 **(ii)** la divulgation de l'avis d'un expert non engagé ou d'informations qui ne décrivent pas les circonstances spécifiques au conflit, et résultent de l'étude de l'expert qui n'a pas été demandé par une partie.

 **(C)** *Spécifier des conditions à titre subsidiaire.* Dans les circonstances décrites en Règle 45(d)(3)(B), le tribunal, plutôt qu'annuler ou modifier une assignation, peut ordonner la comparution ou la production en vertu des conditions spécifiées, si l'expéditeur :

 **(i)** démontre un besoin substantiel du témoignage ou de la pièce qui ne peut être fourni autrement sans difficulté excessive ; et

 **(ii)** s'assure que la personne assignée sera raisonnablement dédommagée.

**(e) Obligations de réponse à une assignation.**

 **(1)** *Production de documents ou de données stockées par voie électronique.* Ces procédures s'appliquent à la production de documents ou de données stockées par voie électronique.

 **(A)** *Documents.* Une personne répondant à une assignation à produire des documents doit les produire tels qu'ils sont conservés dans le cours normal d'activités commerciales ou doit les organiser et les référencer afin qu'ils correspondent aux catégories de la demande.

 **(B)** *Forme de production de données stockées par voie électronique non spécifiée.* Si une assignation ne spécifie par la forme de production de données stockées par voie électronique, la personne répondant doit produire lesdites données en une forme dans laquelle elles sont généralement conservées ou dans une forme raisonnablement utilisable.

 **(C)** *Données stockées par voie électronique produites sous une seule forme.* La personne répondant n'est pas tenue de produire les mêmes données stockées par voie électronique sous plus d'une forme.

 **(D)** *Données stockées par voie électronique inaccessibles.* La personne répondant n'est pas tenue de produire la communication de pièces de données stockées par voie électronique émanant de sources que la personne identifie comme n'étant pas raisonnablement accessibles par suite d'un fardeau ou d'un coût excessif. Sur requête de contrainte à fournir la communication de pièces ou dans le cas d'une ordonnance conservatoire, la personne répondant doit démontrer que les données ne sont pas raisonnablement accessibles par suite d'un fardeau ou d'un coût excessif. Si une telle démonstration est effectuée, le tribunal peut néanmoins ordonner la communication de pièces desdites sources si la partie en faisant la demande présente des motifs justifiés, en considérant les restrictions de la Règle 26(b)(2)(C). Le tribunal peut spécifier des conditions pour la communication de pièces.

 **(2)** *Revendication d'un privilège ou d'une protection*

 **(A)** *Non divulgation d'informations.* Une personne refusant de fournir des informations d'une assignation en revendiquant que celles-ci sont protégées ou sujettes à protection en tant que pièces utilisées dans la préparation du procès, doit :

 **(i)** le revendiquer expressément ; et

 **(ii)** décrire la nature des documents, communications ou choses tangibles non divulgués de manière à permettre aux parties d'effectuer leur revendication, sans révéler les informations qui sont protégées sous cette protection.

 **(B)** *Informations produites.* Si les informations produites en réponse à une assignation sont sujettes à une revendication de privilège ou de protection en tant que pièces utilisées dans la préparation du procès, la personne effectuant la revendication peut aviser de la revendication et de la raison de celle-ci toute partie qui a reçu les informations. Après avoir été avisée, une partie doit promptement renvoyer, mettre sous séquestre ou détruire les informations spécifiées et toute copie de celles-ci ; ne doit pas utiliser ou divulguer les informations jusqu'à résolution de la revendication ; doit entreprendre des démarches raisonnables pour récupérer les informations si la partie les a divulguées avant d'avoir été avisée ; et doit promptement présenter les informations sous scellées au tribunal du district où la soumission à la demande est exigée afin fins de détermination de la revendication. La personne ayant produit les informations doit les préserver jusqu'à résolution de la revendication.

**(g) Outrage.**
Le tribunal du district où la soumission à la demande est exigée - ainsi qu'après le transfert d'une requête, le tribunal d'origine - peut déclarer coupable d'outrage une personne qui, ayant été signifiée, néglige, sans excuse appropriée, d'obéir à l'assignation ou à une ordonnance y afférente.

---

Pour accéder aux pièces de l'assignation, veuillez consulter la Règle fédérale de procédure civile 45(a) Note de comité (2013).

**ANNEXE : AVIS DE DÉPOSITION MODIFIÉE ET ASSIGNATION À COMPARAÎTRE ET À TÉMOIGNER LORS D'UNE AUDIENCE OU D'UN PROCÈS DANS UNE ACTION CIVILE POUR :**

**<u>DIDIER TRUTT</u>**

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Téléphone : (202) 223-7300
Fax : (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (N° du barreau de l'État 058452)
Jonathan A. Patchen (N° du barreau de l'État 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Téléphone : (415) 788-8200
Fax : (415) 788-8208
Email : staylor@tcolaw.com
Email : jpatchen@tcolaw.com

*Avocats représentant les Plaignants Sharp Electronics Corporation et Sharp Electronics Manufacturing Company of America, Inc.*

(Avocat supplémentaire figurant sur la page de signatures)

## TRIBUNAL FÉDÉRAL D'INSTANCE DES ÉTATS-UNIS

## DISTRICT NORD DE CALIFORNIE

## DIVISION DE SAN FRANCISCO

| | |
|---|---|
| **En réf. : LITIGE ANTITRUST DE CATHODE RAY TUBE (CRT)** | Cas n° 07-cv-05944 SC<br>MDL N° 1917 |
| Ce document concerne :<br>TOUTES ACTIONS | **AVIS DE DÉPOSITION MODIFIÉE DE DIDIER TRUTT** |
| _____/ | |

**À TOUTES LES PARTIES ET LEURS AVOCATS AU DOSSIER :**

VEUILLEZ NOTER qu'en vertu des Règles 28, 30 et 45 des Règles fédérales de procédure civile, les Plaignants en action directe et les Plaignants acheteurs directs (collectivement, les « Plaignants ») prendront la déposition de **DIDIER TRUTT**. La date, l'heure et le lieu de la déposition seront déterminés après consultation auprès de l'avocat de Thomson SA. La déposition se poursuivra d'un jour à l'autre (y compris les weekends) jusqu'à sa suspension ou son achèvement.

La déposition aura lieu par devant un *Notary Public* ou une autre personne habilitée à faire prêter serment en vertu du droit applicable, et sera exécutée conformément aux Règles 30 et 45 des Règles fédérales de procédure civile. Les Plaignants ont pour intention et se réservent le droit d'enregistrer le témoignage de déposition du déposant susnommé par bande-vidéo et reprise visuelle instantanée, outre l'enregistrement du témoignage par sténotypiste et par prise de notes en temps réel. Les Plaignants se réservent le droit d'utiliser la déposition par bande-vidéo au moment du procès.

Daté : 28 août 2014                    Soumis avec respect,

*/s/ Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Téléphone : (202) 223-7300
Fax : (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

*Avocats représentant les Plaignants Sharp Electronics Corporation et Sharp Electronics Manufacturing Company of America, Inc.*

Guido Savery (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Travis L. Manfredi (281779)

- 2 -

SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Téléphone : 415.217.6810
Fax : 415.217.6813

*Avocat par intérim principal pour les Plaignants acheteurs directs*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Téléphone : (518) 434-0600
Fax : (518) 434-0665
piovieno@bsfllp.com
anardacci@bsfllp.com

*Avocat de liaison pour les Plaignants en action directe*

## ATTESTATION DE DÉPÔT ÉLECTRONIQUE

Je soussigné, Craig A. Benson, atteste être l'utilisateur d'ECF [Electronic Case Files] dont l'identité et le mot de passe sont utilisés pour déposer l'Avis de déposition modifiée de Didier Trutt. Conformément à la Règle civile locale n° 5-1(i)(3), j'atteste également par la présente que chacun des avocats énoncés ci-dessus a consenti au présent dépôt.

Daté : 28 août 2014                              */s/Craig A. Benson*
                                                Craig A. Benson

AO 88 (Rév. 02/14) Assignation à comparaître et à témoigner lors d'une audience ou d'un procès dans une action civile

# TRIBUNAL FÉDÉRAL D'INSTANCE DES ÉTATS-UNIS
pour le

### District Nord de Californie

| | |
|---|---|
| SHARP ELECTRONICS CORP. et consorts ) | |
| *Le Plaignant* ) | |
| contre ) | Action civile n° 07-cv-05944-SC, MDL N° 1917 |
| HITACHI LTD et consorts ) | |
| *Le Défendeur* ) | |

**ASSIGNATION À COMPARAÎTRE ET À TÉMOIGNER LORS D'UNE AUDIENCE
OU D'UN PROCÈS DANS UNE ACTION CIVILE**

À l'intention de : DIDIER TRUTT

*(Nom de la personne à qui s'adresse la présente assignation)*

**IL VOUS EST ORDONNÉ** de comparaître au tribunal fédéral d'instance des États-Unis à l'heure, à la date et au lieu indiqués ci-dessous afin de témoigner lors d'une audience ou d'un procès dans cette action civile. Lorsque vous arrivez, vous devez rester au tribunal jusqu'à ce que le juge ou un officier judiciaire vous autorise à vous retirer.

| Lieu : LIEU, DATE ET HEURE À DÉTERMINER APRÈS CONSULTATION AVEC L'AVOCAT. | Salle d'audience n° : |
|---|---|
| | Date et heure : |

Vous devez vous munir des documents, données stockées par voie électronique ou objets suivants *(ne rien indiquer si non-applicable)* ;
IL S'AGIT D'UNE ASSIGNATION POUR EXAMEN ORAL SEULEMENT.

Les dispositions suivantes de la Règle fédérale 45 de procédure civile sont annexées - Règle 45(c), afférente au lieu de soumission à la demande ; Règle 45(d), afférente à votre protection en tant que personne soumise à une assignation ; et la Règle 45(c) et (g), afférentes à votre obligation de répondre à la présente assignation et les conséquences potentielles de non-respect.

Date : _____

*GREFFIER DU TRIBUNAL*

OU

_____              _____
*Signature du Greffier ou Greffier-adjoint*              *Signature de l'avocat*

Le nom, l'adresse postale, l'adresse électronique et le numéro de téléphone de l'avocat représentant *(nom de la partie)*  ___SHARP ELECTRONICS CORPORATION ET CONSORTS___, qui émet ou demande cette assignation, sont :

CRAIG A. BENSON, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, 2001 K STREET NW, WASHINGTON, DC 20006-1047 ; CBENSON@PAULWEISS.COM ; 202-223-7300

**Avis à la personne qui émet ou demande cette assignation**

Si cette assignation ordonne la production de documents, de données stockées par voie électronique, ou de choses tangibles préalablement au procès, un avis et une copie de l'assignation doivent être signifiés à chaque partie dans cette affaire avant qu'elle ne soit signifiée à la personne à laquelle elle est adressée. Règle fédérale de procédure civile 45(a)(4).

AO 88 (Rév. 02/14) Assignation à comparaître et à témoigner lors d'une audience ou d'un procès dans une action civile (page 2)

Action civile n° 07-cv-05944-SC, MDL N° 1917

## PREUVE DE SIGNIFICATION
*(À moins d'une exigence en Règle fédérale de procédure civile 45, cette section ne doit pas être déposée au tribunal.)*

J'ai reçu la présente assignation pour *(nom de la personne et son titre, le cas échéant)* _____

le *(date)* _____.

☐ J'ai signifié l'assignation en livrant une copie à la personne nommée comme suit : _____

_____

_____ le *(date)* _____ ; ou

☐ J'ai renvoyé l'assignation non signée car : _____

_____ .

À moins que l'assignation n'ait été émise au nom des États-Unis, ou de l'un de ses représentants officiels ou agents, j'ai également présenté au témoin les frais pour une présence d'une journée et le kilométrage autorisé par la loi, d'un montant de _____ $.

Mes honoraires sont de _____ $ pour le déplacement et de _____ $ pour les services. Soit au total __0,00__ $.

Je déclare sous peine de parjure que ces informations sont exactes.

Date : _____

_____
*Signature de l'agent chargé de la signification*

_____
*Nom et titre en caractères d'imprimerie*

_____
*Adresse de l'agent chargé de la signification*

Autre information concernant la tentative de signification, etc. :

AO 88 (Rév. 02/14) Assignation à comparaître et à témoigner lors d'une audience ou d'un procès dans une action civile (page 3)

## Règle fédérale de procédure civile 45(c), (d), (e) et (g) (En vigueur au 1/12/13)

**(c) Lieu de soumission à la demande.**

**(1) Pour un procès, une audience ou une déposition.** Une assignation peut seulement ordonner à une personne de se présenter, comme suit, à un procès, une audience ou une déposition :

**(A)** dans un rayon de 160 kilomètres du lieu où la personne réside, travaille ou exerce normalement ses activités commerciales en personne ; ou

**(B)** dans l'État où la personne réside, travaille ou exerce normalement ses activités commerciales en personne, si la personne

**(i)** est une partie ou un représentant officiel d'une partie ; ou

**(ii)** il lui est ordonné de participer au procès et elle n'encourrait pas d'importantes dépenses.

**(2) Pour autres communications de pièces.** Une assignation peut ordonner :

**(A)** la production de documents, de données stockées par voie électronique ou de choses tangibles en un lieu situé dans un rayon de 160 kilomètres du lieu où la personne réside, travaille ou exerce normalement ses activités commerciales en personne ; et

**(B)** l'inspection des lieux sur les lieux à inspecter.

**(d) Protection d'une personne soumise à assignation ; Mise à exécution.**

**(1) Éviter des fardeaux ou dépenses excessives ; Sanctions.** Une partie ou un avocat chargé d'émettre et de signifier une assignation doit entreprendre des démarches raisonnables pour éviter d'imposer un fardeau ou des dépenses excessives à la personne soumise à assignation. Le tribunal du district où est exigée la soumission à la demande doit assurer la mise à exécution de cette obligation et imposer une sanction appropriée - qui pourrait inclure la perte de revenus et des honoraires d'avocat raisonnables - à une partie ou à l'avocat qui enfreint à ces règles.

**(2) Ordonner la production de pièces ou autoriser l'inspection.**

**(A)** Comparution non exigée. Il n'est pas exigé d'une personne à laquelle il est demandé de produire des documents, des données stockées par voie électronique ou des choses tangibles, ou d'autoriser l'inspection de lieux, de comparaître en personne au lieu de production ou d'inspection à moins qu'il ne lui soit aussi demandé de comparaître lors d'une déposition, d'une audience ou d'un procès.

**(B)** Objections. Une personne à laquelle il est demandé de produire des documents ou des choses tangibles ou d'autoriser une inspection peut signifier à la partie ou à l'avocat nommé sur l'assignation une objection écrite à l'inspection, à la copie, au test ou à l'échantillonnage de l'une quelconque ou de toutes les pièces ou à l'inspection des lieux - ou de produire des données stockées par voie électronique sous la forme demandée. L'objection doit être signifiée avant la première date spécifiée de présentation ou 14 jours après la signification de l'assignation. S'il est fait objection, les règles suivantes s'appliquent :

**(i)** À tout moment, sur avis à la personne recevant l'ordre, la partie effectuant la signification peut demander au tribunal du district où la présence est demandée une ordonnance obligeant la production ou l'inspection.

**(ii)** Ces actes peuvent seulement être exigés conformément aux directives de l'ordonnance, et celle-ci doit protéger une personne qui n'est ni une partie ni un représentant officiel d'une partie contre toute dépense importante résultant de la soumission à la demande.

**(3) Annulation ou modification d'une assignation.**

**(A)** Si exigée. Sur requête ponctuelle, le tribunal du district où la soumission de la demande est exigée doit annuler ou modifier une assignation qui :

**(i)** ne permet pas un délai raisonnable de soumission à la demande ;

**(ii)** exige d'une personne qu'elle se soumette la demande au-delà des limites géographiques prévues en Règle 45(c) ;

**(iii)** exige la divulgation d'affaires protégées ou autres affaires sous protection, si aucune exception ou renonciation ne s'applique ; ou

**(iv)** soumet une personne à un fardeau excessif.

**(B)** Si autorisée. Pour protéger une personne soumise à une assignation ou affectée par celle-ci, le tribunal du district où est ordonnée la soumission à la demande peut, sur requête, annuler ou modifier l'assignation si elle exige :

**(i)** la divulgation d'un secret professionnel ou autres données confidentielles de recherche, de développement ou commerciales ; ou

**(ii)** la divulgation de l'avis d'un expert non engagé ou d'informations qui ne décrivent pas les circonstances spécifiques au conflit, et résultent de l'étude de l'expert qui n'a pas été demandé par une partie.

**(C)** Spécifier des conditions à titre subsidiaire. Dans les circonstances décrites en Règle 45(d)(3)(B), le tribunal, plutôt qu'annuler ou modifier une assignation, peut ordonner la comparution ou la production en vertu des conditions spécifiées, si l'expéditeur :

**(i)** démontre un besoin substantiel du témoignage ou de la pièce qui ne peut être fourni autrement sans difficulté excessive ; et

**(ii)** s'assure que la personne assignée sera raisonnablement dédommagée.

**(e) Obligations de réponse à une assignation.**

**(1) Production de documents ou de données stockées par voie électronique.** Ces procédures s'appliquent à la production de documents ou de données stockées par voie électronique.

**(A)** Documents. Une personne répondant à une assignation à produire des documents doit les produire tels qu'ils sont conservés dans le cours normal d'activités commerciales ou doit les organiser et les référencer afin qu'ils correspondent aux catégories de la demande.

**(B)** Forme de production de données stockées par voie électronique non spécifiée. Si une assignation ne spécifie par la forme de production de données stockées par voie électronique, la personne répondant doit produire lesdites données dans une forme dans laquelle elles sont généralement conservées ou dans une forme raisonnablement utilisable.

**(C)** Données stockées par voie électronique produites sous une seule forme. La personne répondant n'est pas tenue de produire les mêmes données stockées par voie électronique sous plus d'une forme.

**(D)** Données stockées par voie électronique inaccessibles. La personne répondant n'est pas tenue de produire la communication de pièces ou de données stockées par voie électronique émanant de sources que la personne identifie comme n'étant pas raisonnablement accessibles par suite d'un fardeau ou d'un coût excessif. Sur requête de contrainte à fournir la communication de pièces ou dans le cas d'une ordonnance conservatoire, la personne répondant doit démontrer que les données ne sont pas raisonnablement accessibles par suite d'un fardeau ou d'un coût excessif. Si une telle démonstration est effectuée, le tribunal peut néanmoins ordonner la communication de pièces desdites sources si la partie en faisant la demande présente des motifs justifiés, en considérant les restrictions de la Règle 26(b)(2)(C). Le tribunal peut spécifier des conditions pour la communication de pièces.

**(2) Revendication d'un privilège ou d'une protection**

**(A)** Non divulgation d'informations. Une personne refusant de fournir des informations d'une assignation en revendiquant que celles-ci sont protégées ou sujettes à protection en tant que pièces utilisées dans la préparation du procès, doit :

**(i)** le revendiquer expressément ; et

**(ii)** décrire la nature des documents, communications ou choses tangibles non divulgués de manière à permettre aux parties d'effectuer leur revendication, sans révéler les informations qui sont protégées ou sous protection.

**(B)** Informations produites. Si les informations produites en réponse à une assignation sont sujettes à une revendication de privilège ou de protection en tant que pièces utilisées dans la préparation du procès, la personne effectuant la revendication peut aviser de la revendication et de la raison de celle-ci toute partie qui a reçu les informations. Après avoir été avisée, une partie doit promptement renvoyer, mettre sous séquestre ou détruire les informations spécifiées et toute copie de celles-ci ; ne doit pas utiliser ou divulguer les informations jusqu'à résolution de la revendication ; doit entreprendre des démarches raisonnables pour récupérer les informations si la partie les a divulguées avant d'avoir été avisée ; et doit promptement présenter les informations sous scellées au tribunal du district où la soumission à la demande est exigée sous fins de détermination de la revendication. La personne ayant produit les informations doit les préserver jusqu'à résolution de la revendication.

**(g) Outrage.**
Le tribunal du district où la soumission à la demande est exigée - ainsi qu'après le transfert d'une requête, le tribunal d'origine - peut déclarer coupable d'outrage une personne qui, ayant été signifiée, néglige, sans excuse appropriée, d'obéir à l'assignation ou à une ordonnance y afférente.

Pour accéder aux pièces de l'assignation, veuillez consulter la Règle fédérale de procédure civile 45(a) Note de comité (2013).