Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

***Attorneys for Defendants Thomson Consumer, Inc. and Thomson SA***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;<br><br>*Costco Wholesale Corporation v.* | **THOMSON SA'S RESPONSE TO THE SHARP PLAINTIFFS' STATEMENT REGARDING PENDING DISCOVERY MOTIONS**<br><br>Judge: Hon. Samuel Conti |

1    *Technicolor SA, et al., No. 13-cv-05723;*

2    *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al., No. 31:cv-05725;*

*Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al., No. 13-cv-05668;*

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, No. 3:13-cv-05262;*

*Target Corp. v. Technicolor SA, et al., No. 13-cv-05686*

*Tech Data Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-00157*

*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al., No. 13-cv-01173*

*ViewSonic Corporation v. Chunghwa Corp., et al., No. 14-cv-02510*

      Thomson SA files this statement to clarify its position regarding the depositions of former Thomson SA employees in France in light of certain mischaracterizations in the Sharp Plaintiffs' October 28, 2014 Statement Regarding Pending Discovery Motions Against Thomson SA (the "Statement") (Dkt. No. 2949). While the Sharp Plaintiffs correctly report that their motion for letters of request regarding depositions of witnesses in France is not moot, they unnecessarily and unjustifiably misstate Thomson SA's position with regard to those witnesses.

      Simply put, Thomson SA is in no way "refusing" to produce French individuals for depositions. (*See* Dkt. No. at 3.) As Thomson SA has made abundantly clear for over six months, the individuals whom DAPs wish to depose are *former* employees, over whom Thomson SA exercises no control whatsoever. (*See* April 18, 2014 e-mail from K. Osborn to C. Benson, Exhibit A.) Indeed, Thomson SA has not even been able to locate one of the former employees that it supposedly "refuses" to produce, and the other individuals have previously emphatically stated that they will not voluntarily sit for depositions. Moreover, and Thomson SA should not

even have to restate and clarify this obvious point for the Sharp Plaintiffs and the record, these former employees are French citizens with individual rights that no corporate entity or their representatives can conscript for oral testimony.  Thomson SA has offered (though it has no obligation to do so) to make another request to the former employees it has been able to contact (see October 24, 2014 e-mail from K. Osborn to C. Benson, Exhibit B), but in reality it has no more ability to produce (or to "refuse" to produce) these witnesses than do the Sharp Plaintiffs themselves.

Moreover, the Sharp Plaintiffs' implication that Thomson SA is somehow refusing to comply with the Court's order is wildly inappropriate.  The Sharp Plaintiffs know well that neither the Special Master nor the Court have ordered Thomson SA to produce the witnesses in question because *the Sharp Plaintiffs have never moved to compel Thomson SA to produce them*, most certainly because they recognize that they have no legal basis on which to do so.

Dated:  October 29, 2014    FAEGRE BAKER DANIELS LLP

By: /s/ Kathy L. Osborn

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203
Telephone: (303) 607-3500
Facsimile:  (303) 607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: (650) 324-6700
Facsimile: (650) 324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*