GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Best Buy Co. Inc. et al. v. Hitachi, Ltd. et al.*, No. 3:11-cv-05513-SC<br><br>*CompuCom Sys., Inc. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06396-SC<br><br>*Interbond Corp. of Am. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06275-SC<br><br>*Office Depot, Inc. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06276-SC<br><br>*P.C. Richard & Son Long Island Corp. et al. v. Hitachi, Ltd. et al.*, No. 3:12-cv-02648-SC<br><br>*Schultze Agency Services, LLC v. Hitachi, Ltd. et al.*, No. 3:12-cv-02649-SC<br><br>*Sears, Roebuck and Co. et al. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 3:11-cv-05514-SC<br><br>*Target Corp. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 3:11-cv-05514-SC | **DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date:      December 12, 2014<br>Time:     10:00 A.M.<br>Judge:    Hon. Samuel Conti |

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on December 12, 2014, at 10:00 A.M., or as soon thereafter as the matter may be heard, in Courtroom 1, 17th Floor, San Francisco, California, before the Honorable Samuel Conti, Defendants Chunghwa Picture Tubes, Ltd. ("CPT") and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. ("CPTM") will and hereby do move to dismiss the following Direct Action Plaintiffs' claims in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(2) and (c) for lack of personal jurisdiction: Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; and Magnolia Hi-Fi, LLC (collectively, "Best Buy"); CompuCom Systems, Inc.; Interbond Corporation of America; Office Depot, Inc.; P.C. Richard & Son Long Island Corp.; MARTA Cooperative of America, Inc.; ABC Appliance; Sears, Roebuck and Co.; Kmart Corp.; Target Corp.; and Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC.

This Motion is based on the grounds that the U.S. Supreme Court's personal jurisdiction decisions this year *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), and *Walden v. Fiore*, 134 S. Ct. 1115 (2014), constituted a significant change of law. The changed legal standards make clear that there can be no proper assertion of personal jurisdiction over either CPT or CPTM. A defendant may assert a defense that was previously unavailable to it after the defense becomes available as a result of a change in law, and CPT and CPTM now timely raise this affirmative defense in light of the intervening change in law.

CPT and CPTM therefore seek an order dismissing the above Direct Action Plaintiffs' claims in their entirety for lack of personal jurisdiction. This motion is based on this Notice of Motion; the following Memorandum of Points and Authorities; the files in these actions; argument of counsel; and such other matters as the Court may consider.

DATED: November 5, 2014           GIBSON, DUNN & CRUTCHER LLP

By: ␣␣/s/ *Rachel S. Brass*␣␣␣␣␣␣␣␣
␣␣␣␣␣␣Rachel S. Brass

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ...................................................................................................................2

III. ARGUMENT .........................................................................................................................3

    A. Plaintiffs Cannot Establish General Jurisdiction Over CPT Or CPTM Under The Heightened Standard Announced In *Daimler AG*. ......................................3

    B. Plaintiffs Have Never Been Able To Establish Specific Jurisdiction Over CPT or CPTM, As Confirmed By *Walden*............................................................4

    C. The Change In Law Gives Rise To A Personal Jurisdiction Defense And Does Not Prejudice Plaintiffs.......................................................................................5

IV. CONCLUSION ......................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Big Horn Cnty. Elec. Co-op., Inc. v. Adams*,
  219 F.3d 944 (9th Cir. 2000) .................................................................................................. 5

*Curtis Publishing Co. v. Butts*,
  388 U.S. 130 (1967) ................................................................................................................ 5

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) ...................................................................................................... 1, 3, 4

*Gator.Com Corp. v. L.L. Bean, Inc.*,
  341 F.3d 1072 (9th Cir. 2003) ............................................................................................ 1, 3

*Hawknet, Ltd. v. Overseas Shipping Agencies*,
  590 F.3d 87 (2d Cir. 2009) ..................................................................................................... 5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ................................................................................................................ 3

*Magana v. Commonwealth of the N. Mariana Islands*,
  107 F.3d 1436 (9th Cir. 1997) ................................................................................................ 6

*Martinez v. Aero Caribbean*,
  764 F.3d 1062 (9th Cir. 2014) ............................................................................................ 3, 4

*Owens v. Kaiser Foundation Health Plan, Inc.*,
  244 F.3d 708 (9th Cir. 2001) ............................................................................................. 5, 6

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014) ....................................................................................................... 1, 5

*Wang v. Chinese Daily News*,
  737 F.3d 538 (9th Cir. 2013) .................................................................................................. 6

**Rules**

Fed. R. Civ. P. 12(g)(2) ................................................................................................................. 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

The Supreme Court announced two significant decisions this year that dramatically altered the landscape of personal jurisdiction: *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), which significantly heightened the standard for when general jurisdiction may be asserted by requiring that the corporation be "essentially at home" in the forum state, and *Walden v. Fiore*, 134 S. Ct. 1115 (2014), which clarified that specific jurisdiction cannot be based on the contacts of a plaintiff or third party with the forum state.

These decisions constitute a significant change in law.  Before 2014, general jurisdiction could be premised on "continuous and systematic" business contacts, which the Ninth Circuit had found to exist based on a defendant's continuous sales into a forum state.  *See Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1079 (9th Cir. 2003).  Defendants Chunghwa Picture Tubes, Ltd. ("CPT") and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. ("CPTM")—which are Taiwanese and Malaysian companies, organized under the laws of those countries and with their principal places of business in those countries—sold cathode ray tubes ("CRTs") into California on a nearly yearly basis during the alleged relevant period.  While none of those sales were to Plaintiffs, under the law as it existed before this year in the Ninth Circuit, those sales could have given rise to general jurisdiction.[1] But the Supreme Court's landmark decision of *Daimler AG* reversed the Ninth Circuit and set in place a heightened standard:  general jurisdiction exists only when a defendant's contacts with the forum state are "so constant and pervasive as to render [it] essentially at home." 134 S. Ct. at 751 (citation omitted).  Under this new formulation of general jurisdiction, Plaintiffs allege no facts upon which they can establish general jurisdiction over CPT or CPTM.

---

[1] For purposes of this motion, "Plaintiffs" refers to the following Direct Action Plaintiffs: Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; and Magnolia Hi-Fi, LLC (collectively, "Best Buy"); CompuCom Systems, Inc.; Interbond Corporation of America; Office Depot, Inc.; P.C. Richard & Son Long Island Corp.; MARTA Cooperative of America, Inc.; ABC Appliance; Sears, Roebuck and Co.; Kmart Corp.; Target Corp.; and Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC.

Plaintiffs have never been able to establish specific jurisdiction over either Defendant. The anticompetitive conduct that Plaintiffs allege in their operative complaints against CPT and CPTM occurred entirely abroad. Under these circumstances, neither company ever had the minimum contacts necessary to give rise to specific jurisdiction in California, a result left undeniable by the Supreme Court's decision this year in *Walden v. Fiore*.

A defendant may assert a defense that was previously unavailable to it after the defense becomes available. Following the Supreme Court's watershed personal jurisdiction opinions, CPT and CPTM now move to dismiss for lack of personal jurisdiction based on the change of law. In light of the changed legal standards, Plaintiffs have not alleged facts sufficient to establish personal jurisdiction over either Defendant. CPT and CPTM therefore respectfully request that this Court dismiss Plaintiffs' complaints as to both Defendants in their entirety.

## II.     BACKGROUND

As Plaintiffs allege, CPT is a Taiwanese company with its principal place of business in Taiwan. *E.g.*, Best Buy First Am. Compl. ¶ 58. CPTM was a Malaysian company with its principal place of business in Malaysia. *E.g.*, *id.* ¶ 59. Plaintiffs allege that CPT and CPTM engaged in anticompetitive conduct by meeting with competitors and reaching agreements to, *inter alia*, set prices. *E.g.*, *id.* ¶¶ 128-129. Plaintiffs allege that all such meetings attended by CPT or CPTM occurred in countries outside of the United States. *E.g.*, *id.* ¶ 110 (visiting factories "in Southeast Asia"); *id.* ¶ 112 (meetings in "Taiwan, South Korea, Thailand, Japan, Malaysia, Indonesia and Singapore"); *id.* ¶ 120 (meetings in China); *id.* ¶ 121 (meetings "occasionally in various European countries"). Plaintiffs further allege only generally that CPT and CPTM sold CRT products into the United States. *Id.* ¶¶ 58-59. They do not allege that they bought CRTs or CRT products from CPT or CPTM in the United States.

Plaintiffs filed their original complaints in 2011 and 2012. After Defendants obtained partial relief on a joint motion to dismiss, *see* Aug. 21, 2013 Order, ECF No. 1856, Plaintiffs filed amended complaints on October 3, 2013. See ECF Nos. 1973-1975, 1977-1981. CPT answered those complaints on November 4, 2013. *See* ECF Nos. 2107, 2136, 2139, 2146, 2158, 2160, 2163; *see also* ECF No. 2238 (filed Nov. 26, 2013).

## III. ARGUMENT

A plaintiff may establish personal jurisdiction through general or specific jurisdiction. *Daimler AG* and *Walden* constitute a significant change in law that makes clear personal jurisdiction, whether general or specific, does not exist over either Defendant. This motion is timely brought because a party does not waive an affirmative defense when, like here, that defense becomes available after a change of law.

### A. Plaintiffs Cannot Establish General Jurisdiction Over CPT Or CPTM Under The Heightened Standard Announced In *Daimler AG*.

General jurisdiction "allows a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (citation omitted).

Prior to *Daimler AG*, a company was subject to general jurisdiction wherever it had "continuous and systematic contacts." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). The Ninth Circuit had interpreted that standard to allow for the exercise of general jurisdiction over a company whose only presence in California was consistent sales to California and a website. *See Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1079 (9th Cir. 2003). Under that standard, Plaintiffs' allegations that CPT and CPTM sold products into the United States could have been sufficient to establish general jurisdiction over the companies.

This year the Supreme Court shut the door on any such theory of general jurisdiction. In *Daimler AG*, the Court held that "the inquiry . . . is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State." 134 S. Ct. at 761 (citations omitted); *see id.* at 751 (contacts must be "so constant and pervasive as to render [the corporate defendant] essentially at home"). Applying that test, the Court noted that, absent rare and exceptional circumstances, a corporation is subject to general jurisdiction in (a) its place of incorporation or (b) the place where it has its principal place of business. *Id.* at 761. In comparison, the approach previously taken by the Ninth Circuit—"approv[ing] the exercise of

general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business"—was "unacceptably grasping." *Id.*

As the Ninth Circuit has recognized in the wake of *Daimler AG*, "[t]he Supreme Court's recent decision in *Daimler* makes clear the demanding nature of the standard for general personal jurisdiction over a corporation." *Martinez*, 764 F.3d at 1070.  Applying *Daimler AG* in *Martinez*, the Ninth Circuit found no general jurisdiction over a corporation "organized and [with] its principal place of business in France," with "no offices, staff, or other physical presence in California," when its "California contacts [were] minor as compared to its other worldwide contacts." *Id.* at 1070.

In light of *Daimler AG*, it is now apparent that Plaintiffs cannot meet their burden to establish general jurisdiction over CPT or CPTM.  *See Martinez*, 764 F.3d at 1066 ("Plaintiffs bear the burden of showing that jurisdiction is proper.").  As Plaintiffs recognize, CPT is a Taiwanese company with its principal place of business in Taiwan, and CPTM was a Malaysian company with its principal place of business in Malaysia.  *E.g.*, Best Buy First Am. Compl. ¶¶ 58-59.  While Plaintiffs allege the companies sold products into the United States, those contacts are in no way "so constant and pervasive as to render [them] essentially at home" in California.  *Daimler AG*, 134 S. Ct. at 751.  Indeed, the company in *Martinez* had *more* contacts with California than CPT or CPTM (unlike CPT and CPTM, the foreign defendant in *Martinez* had substantial sales, contacts with suppliers, and advertisements in California), but, under *Daimler AG*, the Ninth Circuit nonetheless found such contacts were insufficient to support general jurisdiction.  *See Martinez*, 764 F.3d at 1070.  Plaintiffs' allegations do not give rise to general jurisdiction over CPT or CPTM under the demanding standard set forth in *Daimler AG*.

**B.     Plaintiffs Have Never Been Able To Establish Specific Jurisdiction Over CPT or CPTM, As Confirmed By *Walden*.**

Specific jurisdiction exists "when a case arises out of or relates to the defendant's contacts with the forum." *Martinez*, 764 F.3d at 1066 (citations omitted).

Plaintiffs have never alleged facts sufficient to support the exercise of specific personal jurisdiction over CPT and CPTM.  Discovery is complete in this matter, and confirms that they could not ever do so.  That is because the Supreme Court's decision this year in *Walden v. Fiore* makes

absolutely clear that no such jurisdiction exists. In *Walden*, the Court held that "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." 134 S. Ct. at 1123. When "no part of [defendant's] course of conduct" giving rise to the litigation "occurred in" the forum state, then the defendant "lacks the 'minimal contacts' with [the forum state] that are a prerequisite to the exercise of jurisdiction over [it]." *Id.* at 1124. Further, the "unilateral activity of a third party . . . cannot satisfy the requirement of contact with the forum State." *Id.* at 1125 (citation omitted).

Here, Plaintiffs allege no such conduct by CPT or CPTM in California sufficient to give rise to specific jurisdiction. All of Plaintiffs' allegations relate to conduct that occurred *abroad*. *See, e.g.*, Best Buy First Am. Compl. ¶¶ 110, 112, 120, 121. And Plaintiffs cannot premise a theory of personal jurisdiction based on their own contacts or those created by third parties downstream from CPT or CPTM. *See Walden*, 134 S. Ct. at 1125. Despite wide-ranging discovery, plaintiffs have identified no conduct that occurred in California. With no alleged in-state conduct giving rise to liability, due process does not allow for the assertion of specific jurisdiction over CPT or CPTM.

## C. The Change In Law Gives Rise To A Personal Jurisdiction Defense And Does Not Prejudice Plaintiffs.

Although personal jurisdiction defenses may be waived if they are not raised in an initial motion to dismiss, an affirmative defense is not waived when, like here, it was originally unavailable and later becomes available because of a subsequent change in law. *See Curtis Publishing Co. v. Butts*, 388 U.S. 130, 143 (1967) ("[T]he mere failure to interpose such a defense prior to the announcement of a decision which might support it cannot prevent a litigant from later invoking such a ground."); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001); *Big Horn Cnty. Elec. Co-op., Inc. v. Adams*, 219 F.3d 944, 953-54 (9th Cir. 2000); Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection *that was available* to the party but omitted from its earlier motion") (emphasis added); *see also Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 91-92 (2d Cir. 2009). In addition to already having "liberalized the requirement that defendants must

raise affirmative defenses in their initial pleadings," *Owens*, 244 F.3d at 713 (quoting *Magana v. Commonwealth of the N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997)), the Ninth Circuit recognizes that new arguments are appropriate as a result "of an intervening change in law." *E.g.*, *Wang v. Chinese Daily News*, 737 F.3d 538, 543 (9th Cir. 2013).

As set forth above, the Supreme Court's jurisdictional decisions this year constituted a significant change in law and now give rise to a forceful personal jurisdiction defense. Because the defense was previously unavailable and has become available as a result of a change in law, CPT and CPTM have not waived their personal jurisdiction defense.

In addition, Plaintiffs suffer no prejudice as a result of CPT and CPTM raising this defense now. The Ninth Circuit has observed that a case-dispositive affirmative defense does not prejudice a plaintiff if raised after the initial answer: "Appellants were not prejudiced by [defendant's] late assertion of res judicata. Indeed, Appellants may not demonstrate prejudice based solely on the untimely assertion of res judicata because this affirmative defense would have been dispositive had [defendant] asserted it when the action was filed." *Owens*, 244 F.3d at 713. Here, CPT and CPTM did not delay the assertion of this affirmative defense for the purpose of forcing Plaintiffs to incur unnecessary expenses. Instead, they held a good faith belief that Plaintiffs could make a case for general jurisdiction under the law as it existed before 2014 based on sales of CRTs into California. Additionally, there are many defendants in these cases and Plaintiffs would have incurred substantially the same level of expense regardless of when CPT or CPTM raised this defense. Moreover, Plaintiffs will still have a full opportunity to brief an opposition. Finally, trial has not yet occurred and therefore Plaintiffs have not suffered the expense of litigating a trial against CPT or CPTM; indeed, they have received the benefit of obtaining discovery from CPT as a party, rather than being forced to attempt to secure otherwise cumbersome third-party discovery in Taiwan (a nation that is not party to the Hague Convention and corresponding litigation procedures).

///

///

///

///

### IV. CONCLUSION

For the foregoing reasons, CPT and CPTM respectfully request that this Court dismiss Plaintiffs' claims against both Defendants in their entirety.

DATED:  November 5, 2014

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS
RACHEL S. BRASS
AUSTIN V. SCHWING


By: ___/s/ *Rachel S. Brass*___
      Rachel S. Brass

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD and
CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.

## DECLARATION OF SERVICE

I, Joseph Hansen, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State. On the date below, I served the within:

**DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

to all named counsel of record as follows:

☑ **BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on November 5, 2014. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on November 5, 2014, at San Francisco, California.

/s/ *Joseph Hansen*
Joseph Hansen

101825503.3