GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN V. SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Tech Data Corp. et al. v. Hitachi, Ltd. et al.*, No. 13-cv-00157-SC | **DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S MOTION TO DISMISS TECH DATA CORPORATION'S CLAIMS FOR FAILURE TO PROSECUTE**<br><br>Date:           December 12, 2014<br>Time:          10:00 a.m.<br>Judge:        Hon. Samuel Conti |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on December 12, 2014, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1, 17th Floor, San Francisco, California, before the Honorable Samuel Conti, Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "CPT") will and hereby do move to dismiss Plaintiff Tech Data Corporation's ("Tech Data") claims against CPT under Federal Rule of Civil Procedure 41(b).[1]

This Motion is based on the grounds that Tech Data has failed to prosecute its claims against CPT with reasonable diligence. Tech Data filed its original complaint against CPT and other defendants on December 12, 2012 and has done nothing to litigate its claims against CPT for the last two years. To date, CPT has not been served with a complaint in this action.

CPT therefore seeks an order dismissing Tech Data's claims against CPT with prejudice. This Motion is based on this Notice of Motion; the following Memorandum of Points and Authorities; the accompanying Declaration of Rachel S. Brass; the files in these actions; argument of counsel; and such other matters as the Court may consider.

DATED:  November 6, 2014                    GIBSON, DUNN & CRUTCHER LLP


By:   /s/ Rachel S. Brass
         Rachel S. Brass

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.

---

[1] By filing this motion, CPT has not consented to service of process, nor waived any arguments relating to sufficiency of service. *Cf. Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (defendants have a procedural due process entitlement to proper service; "Before a federal court may exercise personal jurisdiction over a defendant . . . there must be more than notice to the defendant . . . ."); *SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has . . . waived the lack of process."); *Benny v. Pipes*, 799 F.2d 489, 492-93 (9th Cir. 1986) (an appearance does not constitute a general appearance waiving any defects in service unless the appearance manifests a "'clear purpose' to defend the suit").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ISSUE PRESENTED

Whether Plaintiff Tech Data Corporation's ("Tech Data") claims against Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "CPT") should be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) based on Tech Data's failure to serve its complaint and prosecute its claims against CPT.

## II. FACTUAL BACKGROUND

On December 11, 2012, Tech Data filed its original complaint against CPT and several other defendants alleging violations of federal and state antitrust laws.  ECF No. 1518.[2]  On September 9, 2013, Tech Data filed an amended complaint naming CPT and several other defendants.  ECF No. 1911.  To date, Tech Data has not served CPT with a complaint or even attempted to serve CPT properly through personal service in Taiwan.[3]  Decl. of Rachel S. Brass ("Brass Decl.") ¶ 3.  Nor has it attempted any other means of service.  *Id.*  While Tech Data has actively prosecuted its claims against other defendants, Tech Data has done nothing in the last two years to litigate its claims against CPT.  Tech Data has not served any discovery on CPT or filed any motions involving CPT.  *Id.* ¶ 4.

Fact and expert discovery in this action closed on September 5, 2014, and the dispositive motion deadline is November 7, 2014.  ECF No. 2459.

## III. ARGUMENT

Tech Data's claims against CPT should be dismissed under Federal Rule of Civil Procedure 41(b), which "specifically provides that the failure of a plaintiff to prosecute his claim is grounds for involuntary dismissal of the action." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (affirming dismissal under Rule 41(b) based on delay of service of the complaint for over a year); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989-92 (9th Cir. 1999) (affirming dismissal under Rule

---

[2] All citations to the docket are to the Master File No. 3:07-CV-5944.

[3] As CPT has consistently maintained throughout this multidistrict litigation, plaintiffs are required to serve process on CPT in Taiwan.  *See, e.g.*, ECF No. 1172.

41(b) based on failure to timely amend complaint). "[C]ourts have read this rule to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson*, 542 F.2d at 524. Indeed, the Ninth Circuit has "consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.*

The Court would be acting well within its discretion to dismiss Tech Data's claims against CPT, where Tech Data has never even attempted to serve CPT with a complaint and has done nothing to litigate its claims against CPT for two years. Under Ninth Circuit law, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish*, 191 F.3d at 990. These factors weigh in favor of dismissal.

*First*, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. Tech Data's claims against CPT have lain dormant for two years. There can be no question this factor weighs strongly in favor of dismissal.

*Second*, the court's need to manage its docket also weighs strongly in favor of dismissal, because Tech Data's failure to diligently prosecute its claims interferes with the Court's management of this litigation. Tech Data's case is part of a complex multidistrict litigation involving class actions and opt-out cases brought by many other plaintiffs. The Court has made great effort to ensure that this litigation proceeds in a coordinated and efficient fashion. If this case is not dismissed, it will proceed against CPT on a unique schedule, allow for reopened discovery, and otherwise interfere with the pretrial discovery and motions schedule that has now concluded.

*Third*, the risk of prejudice to CPT weighs strongly in favor of dismissal. Prejudice to CPT is presumed based on Tech Data's failure to serve the complaint for two years. *Anderson*, 542 F.2d at 524 ("The law presumes injury from unreasonable delay."). But in any event, CPT has also suffered actual prejudice. "Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations," and "[t]he fact that this is an involved, complex case increases the prejudice from the delay." *Id.* at 525. Discovery has already closed. Had CPT been

served, it would have conducted discovery concurrently with other defendants relating to Tech Data's alleged damages and other issues, as CPT has done with respect to each of the other plaintiffs who have filed claims in this multidistrict litigation against CPT.  Brass Decl. ¶ 5.  In addition, CPT would have coordinated with other defense counsel in the defense of Tech Data's claims, including as to any dispositive motions.  *Id.*

Importantly, the risk of prejudice to CPT is to be judged with reference to Tech Data's excuse for its failure to prosecute.  *Yourish*, 191 F.3d at 991.   Tech Data simply has no reason for its failure to litigate its claims; mere inadvertence is no excuse.  *See Wei v. State of Haw.*, 763 F.2d 370, 372 (9th Cir. 1985) (affirming dismissal of action for failure to serve complaint within 120-day limit and holding that counsel's inadvertence did not constitute "good cause").  Given Tech Data's lack of excuse, the risk of prejudice factor strongly weighs in favor of dismissal.

*Fourth*, the public policy favoring disposition of cases on their merits weighs only slightly against dismissal.  While there is a policy favoring disposition on the merits, "it is the responsibility of the moving party to move towards that disposition at a reasonable pace."  *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Tech Data has not fulfilled that obligation.

*Fifth and finally*, the factor relating to the availability of less drastic alternatives weighs in favor of dismissal.  "[T]his consideration does not require that the court actually impose less drastic sanctions before dismissing an action."  *Bond v. Cal-Western Reconveyance Corp.*, 2012 WL 3249491, *3 (N.D. Cal. Aug. 7, 2012).  Nor is there a requirement that every single alternative remedy be examined by the court before the sanction of dismissal is appropriate.  *Anderson*, 542 F.2d at 525.  Rather, "[t]he reasonable exploration of possible and meaningful alternatives is all that is required."  *Id.*

Here, there is no remedy other than dismissal with prejudice that will cure Tech Data's egregious delay.  If the Court were to order service of the complaint as a lesser sanction, this would not remedy the prejudice to CPT described above.  Or if the Court were to dismiss Tech Data's claims without prejudice and allow Tech Data to re-file, it would seriously interfere with the Court's docket management.  It would be inefficient and waste judicial resources to permit Tech Data to try

its claims against CPT and the other defendants separately, where those claims substantially overlap in many respects.

Dismissal with prejudice as to CPT will have no effect on Tech Data's claims against other defendants. Any other remedy would interfere with the Court's orderly disposition of Tech Data's lawsuit.

In sum, the factors weigh on balance in favor of dismissal. While dismissal with prejudice is a harsh penalty, it is warranted under the circumstances. Tech Data cannot be surprised that the complete failure to prosecute its claims would result in such a sanction.

## IV. CONCLUSION

For the foregoing reasons, this Court should dismiss Tech Data's claims against CPT with prejudice.

DATED: November 6, 2014                     GIBSON, DUNN & CRUTCHER LLP


By: /s/ Rachel S. Brass
    Rachel S. Brass

Joel S. Sanders (SBN 107234)
Rachel S. Brass (SBN 219301)
Austin V. Schwing (SBN 211696)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
(415) 393.8200 (Phone)
(415) 393.8306 (Facsimile)
*JSanders@gibsondunn.com*
*RBrass@gibsondunn.com*
*ASchwing@gibsondunn.com*

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.

**DECLARATION OF SERVICE**

I, Susanne Hoang, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California 94105, in said County and State. On the date below, I served the within:

**DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S MOTION TO DISMISS TECH DATA CORPORATION'S CLAIMS FOR FAILURE TO PROSECUTE**

**[PROPOSED] ORDER GRANTING DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S MOTION TO DISMISS TECH DATA CORPORATION'S CLAIMS FOR FAILURE TO PROSECUTE**

**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S MOTION TO DISMISS TECH DATA CORPORATION'S CLAIMS FOR FAILURE TO PROSECUTE**

to all named counsel of record as follows:

☑ **BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on November 6, 2014. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing documents were printed on recycled paper, and that this Declaration of Service was executed by me on November 6, 2014, at San Francisco, California.

                                                   /s/ Susanne Hoang
                                                    Susanne Hoang

101823629.2