GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917 |
|---|---|
| This Document Relates To:<br><br>*Tech Data Corp. et al. v. Hitachi, Ltd. et al.*, No. 13-cv-00157-SC | **[PROPOSED] ORDER GRANTING DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S MOTION TO DISMISS TECH DATA CORPORATION'S CLAIMS FOR FAILURE TO PROSECUTE**<br><br>Date:           December 12, 2014<br>Time:          10:00 a.m.<br>Judge:        Hon. Samuel Conti |

On December 12, 2014, the Court held a hearing on Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s (collectively, "CPT") Motion to Dismiss Tech Data Corporation's Claims for Failure to Prosecute. The Court having considered all papers filed in support of and in opposition to said Motion, and having entertained argument of counsel, and good cause appearing, HEREBY ORDERS that the Motion is GRANTED in its entirety.[1]

Tech Data filed its original complaint against CPT and other defendants on December 12, 2012. To date, CPT has not been served with a complaint in this action. While Tech Data has actively prosecuted its claims against other defendants, Tech Data has done nothing in the last two years to litigate its claims against CPT. Tech Data has not served any discovery on CPT or filed any motions involving CPT. Dismissal of Tech Data's claims against CPT is warranted under Federal Rule of Civil Procedure 41(b), which "specifically provides that the failure of a plaintiff to prosecute his claim is grounds for involuntary dismissal of the action." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (affirming dismissal under Rule 41(b) based on delay of service of the complaint for over a year); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989-92 (9th Cir. 1999) (affirming dismissal under Rule 41(b) based on failure to timely amend complaint). "[C]ourts have read this rule to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson*, 542 F.2d at 524. Indeed, the Ninth Circuit has "consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.*

Under Ninth Circuit law, this Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

---

[1] This Court finds that by filing its motion, CPT did not consent to service of process, nor waived any arguments relating to sufficiency of service. *Cf. Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (defendants have a procedural due process entitlement to proper service; "Before a federal court may exercise personal jurisdiction over a defendant . . . there must be more than notice to the defendant . . . ."); *SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has . . . waived the lack of process."); *Benny v. Pipes*, 799 F.2d 489, 492-93 (9th Cir. 1986) (an appearance does not constitute a general appearance waiving any defects in service unless the appearance manifests a "'clear purpose' to defend the suit").

1

[PROPOSED] ORDER GRANTING CPT AND CPTM'S MOTION TO DISMISS TECH DATA'S CLAIMS FOR FAILURE TO PROSECUTE - MASTER CASE NO. 07-CV-5944 SC

defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish*, 191 F.3d at 990.  The Court finds that each of these factors weigh in favor of dismissal.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Id.*, 191 F.3d at 990.  Tech Data's claims against CPT have lain dormant for two years.  This factor weighs strongly in favor of dismissal.

Second, Tech Data's failure to diligently prosecute its claims threatens to interfere with the Court's management of this litigation.  Tech Data's case is part of a complex multidistrict litigation involving class actions and opt-out cases brought by many other plaintiffs.  The Court has made great effort to ensure that this litigation proceeds in a coordinated and efficient fashion.  The Court is not willing to allow Tech Data to proceed against CPT on a unique schedule, allow for reopened discovery, and otherwise interfere with the pretrial discovery and motions schedule that has now concluded.

Third, the risk of prejudice to CPT weighs strongly in favor of dismissal.  Prejudice to CPT is presumed based on Tech Data's failure to serve the complaint for two years.  *Anderson*, 542 F.2d at 524 ("The law presumes injury from unreasonable delay.").  But in any event, CPT has also suffered actual prejudice.  "Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations," and "[t]he fact that this is an involved, complex case increases the prejudice from the delay." *Id*. at 525.  Discovery has already closed.  Had CPT been served, it would have been able to conduct discovery concurrently with other defendants relating to Tech Data's alleged damages and other issues, as CPT has done with respect to each of the other plaintiffs who have filed claims in this multidistrict litigation against CPT.  In addition, CPT could have coordinated with other defense counsel in the defense of Tech Data's claims, including as to any dispositive motions.

Tech Data has no reason for its failure to litigate its claims; mere inadvertence is no excuse. *See Wei v. State of Haw*., 763 F.2d 370, 372 (9th Cir. 1985) (affirming dismissal of action for failure to serve complaint within 120-day limit and holding that counsel's inadvertence did not constitute

2

[PROPOSED] ORDER GRANTING CPT AND CPTM'S MOTION TO DISMISS TECH DATA'S CLAIMS FOR FAILURE TO PROSECUTE - MASTER CASE NO. 07-CV-5944 SC

1  "good cause"). Given Tech Data's lack of excuse, the risk of prejudice factor strongly weighs in
2  favor of dismissal.
3       Fourth, the public policy favoring disposition of cases on their merits weighs only slightly
4  against dismissal. While there is a policy favoring disposition on the merits, "it is the responsibility
5  of the moving party to move towards that disposition at a reasonable pace." *Morris v. Morgan*
6  *Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Tech Data has not fulfilled that obligation.
7       Fifth and finally, the factor relating to the availability of less drastic alternatives weighs in
8  favor of dismissal. "[T]his consideration does not require that the court actually impose less drastic
9  sanctions before dismissing an action." *Bond v. Cal-Western Reconveyance Corp.*, 2012 WL
10 3249491, *3 (N.D. Cal. Aug. 7, 2012). Nor is there a requirement that every single alternative
11 remedy be examined by the court before the sanction of dismissal is appropriate. *Anderson*, 542 F.2d
12 at 525. Rather, "[t]he reasonable exploration of possible and meaningful alternatives is all that is
13 required." *Id*.
14      Here, there is no remedy other than dismissal with prejudice that will cure Tech Data's
15 egregious delay given that the Court is not willing to restructure the entire schedule of this case.
16 Additionally, if the Court were to dismiss Tech Data's claims without prejudice and allow Tech Data
17 to re-file, it would seriously interfere with the Court's docket management. It would be inefficient
18 and waste judicial resources to permit Tech Data to try its claims against CPT and the other
19 defendants separately, where those claims substantially overlap in many respects.
20      Accordingly, Tech Data Corporation's claims against Chunghwa Picture Tubes, Ltd. and
21 Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. are dismissed with prejudice under Federal Rule of
22 Civil Procedure 41(b) for failure to prosecute.
23      **IT IS SO ORDERED.**
24
25
26 DATED: _____
27                                                                Honorable Samuel Conti
28                                                                U.S. District Judge

3

[PROPOSED] ORDER GRANTING CPT AND CPTM'S MOTION TO DISMISS TECH DATA'S CLAIMS FOR FAILURE TO PROSECUTE - MASTER CASE NO. 07-CV-5944 SC