1  Kenneth A. Gallo (*pro hac vice*)
   Joseph J. Simons (*pro hac vice*)
2  Craig A. Benson (*pro hac vice*)
   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
3  2001 K Street, NW
   Washington, DC  20006-1047
4  Telephone:  (202) 223-7300
   Facsimile:  (202) 204-7356
5  Email: kgallo@paulweiss.com
   Email: jsimons@paulweiss.com
6  Email: cbenson@paulweiss.com

7  Stephen E. Taylor (SBN 058452)
   Jonathan A. Patchen (SBN 237346)
8  **TAYLOR & COMPANY LAW OFFICES, LLP**
   One Ferry Building, Suite 355
9  San Francisco, California 94111
   Telephone:  (415) 788-8200
10 Facsimile:  (415) 788-8208
   Email: staylor@tcolaw.com
11 Email: jpatchen@tcolaw.com

12 *Attorneys for Plaintiffs Sharp Electronics Corporation and
   Sharp Electronics Manufacturing Company of America, Inc.*
13
   [Additional counsel listed on signature pages]
14

15                  **UNITED STATES DISTRICT COURT**

16                  **NORTHERN DISTRICT OF CALIFORNIA**

17                      **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 18  In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-5944 (SC)<br>MDL No. 1917 |
| 19 | |
| 20  This Document Relates to: | **DIRECT ACTION PLAINTIFFS' NOTICE OF MOTION AND** |
| 21  *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173; | **MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON** |
| 22 | **DISCOVERY BY IMPOSING** |
| 23  *Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | **DEADLINE ON THOMSON SA'S PRODUCTION OF DOCUMENTS,** |
| 24 | **AND SUPPORTING** |
|     *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | **MEMORANDUM OF POINTS AND** |
| 25 | **AUTHORITIES** |
| 26  *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | DATE:  December 12, 2014<br>TIME:  10:00 a.m. |
| 27 | PLACE: Courtroom 1, 17th Floor |
|     *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686; | JUDGE: Hon. Samuel Conti |
| 28 | |

*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Crago, et al. v. Mitsubishi Electric Corp.*, No. 14-cv-02058.

**NOTICE OF MOTION AND MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON DISCOVERY BY IMPOSING DEADLINE ON THOMSON SA'S PRODUCTION OF DOCUMENTS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 12, 2014, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Samuel Conti, Direct Action Plaintiffs[1] will, and hereby do, move the Court pursuant to Civil Local Rule 7-2 for an Order granting Direct Action Plaintiffs' motion to enforce the Court's October 23, 2014 Order granting Direct Action Plaintiffs' motion to compel against Thomson SA and Thomson Consumer (Dkt. No. 2945), by imposing a deadline on Thomson's production of documents.

Specifically, Plaintiffs respectfully move the Court to order Thomson SA to produce the documents subject to the Court's October 23, 2014 Order within ten (10) days of the Court's decision on the present motions.

Plaintiffs are concurrently filing a motion pursuant to Civil Local Rule 6-3 for an order to shorten the time for a briefing schedule on this motion so that Plaintiffs are able to review the compelled production and take depositions by the Court-ordered discovery deadline of December 22, 2014.

This motion is based upon the present Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof which is incorporated in this paper below, the Declaration of Craig A. Benson filed herewith, and such other materials and information that the Court may properly consider.

---

[1] "Direct Action Plaintiffs" and "Plaintiffs" refer to all Direct Action Plaintiffs, except the Dell and CompuCom plaintiffs which have not named Thomson SA as a defendant.

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs move to enforce the Court's October 23, 2014 Order granting Plaintiffs' motion to compel against Thomson SA and Thomson Consumer ("Thomson") (Dkt. No. 2945, "October 23 Order"), by imposing a completion deadline on Thomson's production of documents so that Plaintiffs are able to review the compelled production and take depositions by the Court-ordered discovery deadline of December 22, 2014.[2]  As explained more fully below, Thomson is refusing to commit to produce the documents subject to the Court's Order on a schedule that will allow Plaintiffs to review them and complete depositions within the time permitted.  Therefore, Plaintiffs make this motion to require Thomson to produce the documents without further delay, so that discovery can be completed as scheduled and to preserve the March 9, 2015 trial date.

## ISSUE TO BE DECIDED

Whether the Court should impose a deadline on Thomson's production of documents subject to the Court's October 23 Order when Thomson has now refused to produce documents on a schedule that will permit Plaintiffs to review documents and take depositions by the Court-ordered discovery deadline of December 22, 2014?

## BACKGROUND AND ARGUMENT

When the Court granted Plaintiffs' motion to compel, it extended discovery against Thomson for 60 days, or until December 22, 2014.  (Dkt. No. 2945 at 22.)  The discovery to be completed within the 60 days includes both document production and depositions.  (*Id*.) The documents ordered to be produced include documents (1) related to communications or meetings between Thomson and competitors; (2) related to the Court's general or specific jurisdiction over Thomson; (3) related to the disposition of Thomson's CRT business; and (4) that Thomson had produced to the European Commission for Competition ("EC") ((Dkt. No. 2812 (Recommended Order of the Special Master) at 2 (paraphrasing document requests).).

---

[2] As Plaintiffs' motion is to enforce an Order of the Court, Plaintiffs believe it properly arises before the Court in the first instance, rather than before Discovery Master Walker.

- 1 -
DAPs' MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON DISCOVERY,
CASE NO. 07-5944; MDL NO. 1917

1   Once Thomson produces the documents, Plaintiffs will need to take a Rule 30(b)(6) corporate
2   deposition and four fact witness depositions using the documents.
3      The Court made specific findings rejecting Thomson's arguments regarding the
4   burdens of production, including that "these materials are essential for DAPs' case against
5   Thomson"; "Thomson's production to date of 15,799 documents is paltry in the context of this
6   large and complex case"; and "even considering the burdens of production on Thomson, the
7   Court finds they are offset by the benefits of permitting this discovery." (Dkt. No. 2945 at 19.)
8   The Court also found that Plaintiffs "have been extraordinarily diligent" in seeking discovery
9   since it began against Thomson in March 2014. (*Id.* at 18.)
10     On October 23, 2014, the same day the Order issued, Plaintiffs asked counsel for
11  Thomson when Thomson would produce the compelled documents and witnesses for deposition.
12  *See* Declaration of Craig A. Benson ("Benson Decl.") ¶ 4 & Ex. 1 (at Oct. 23 4:43 p.m. email).
13  Plaintiffs repeated the question during meet and confer conferences on October 27 and
14  November 4 (*id.* ¶¶ 7, 17), and in further communications sent on October 28, 30, 31 and
15  November 3. *See id.* ¶ 10 & Ex. 2 (at Oct. 28, 2:19 p.m. email); ¶ 11 & Ex. 3 (Oct. 30 letter);
16  ¶ 13 & Ex. 2 (at Oct. 31, 4:14 p.m. email); ¶ 15 & Ex. 2 (at Nov. 3, 2:25 p.m. email).
17     After much back and forth, Thomson now has committed to complete the
18  production of only one of the four categories of documents subject to the Court's Order by
19  November 14. It has agreed to produce Category 4, the documents it submitted to the EC by that
20  date.[3] But, Thomson is refusing to produce the other three categories of documents in a timely
21  fashion. Thomson contends the Plaintiffs should review the initial EC production first and then
22  seek to negotiate with Thomson over the production of the remaining three categories of
23  documents even though the Court already has ordered Thomson to produce those documents.
24  *See* Benson Decl. ¶ 17. Thomson also will not commit to a date by which it will complete the

---

[3] Thomson should have been able to produce those documents—which had been produced years ago to the EC—in a matter of hours or, at most, a few days after the Court's October 23 Order, by providing an electronic copy of the production it previously made to the EC. Ultimately, this November 14 deadline for production of the EC documents is acceptable to Plaintiffs.

1   entire production subject to the October 23 Order, and has represented that, under its current plan,
2   it does not believe it can do so within the 60 day period set forth in the Court's Order. *See*
3   Benson Decl. ¶ 12 & Ex. 2 (at Oct. 30, 8:29 p.m. email).  In short, Thomson is refusing to
4   comply with the Court's order in a timely fashion.
5           As a showing of good faith, Plaintiffs have informed Thomson that they will
6   review the EC production and, depending on the contents, be willing thereafter to attempt to
7   negotiate a resolution regarding the remaining production. *Id.* ¶ 17.  But, this willingness to
8   engage in a good faith negotiation cannot excuse Thomson from complying with the October 23
9   Order if no negotiated resolution can be reached.  In that event, Thomson must comply with the
10  October 23 Order and make the full production in a timely manner.  Unfortunately, Thomson
11  already has told us that it does not intend to do so.  Thus, Plaintiffs are asking the Court to order
12  Thomson to complete the full production within ten days of the order on the present motion, so
13  that there is a date certain by which Plaintiffs will receive the complete production if such
14  negotiations are unsuccessful.
15          Thomson's belated assertion that it cannot produce the documents in time to
16  permit discovery to be completed within 60 days should be rejected.  Thomson made no such
17  argument in opposing Plaintiffs' motion to compel before the Special Master.  *See* Thomson SA
18  Response to Motion to Compel (Dkt. No. 2849-2).  It also did not make this argument in its
19  objections to the Special Master's Recommendation with the Court.  *See* Thomson SA's
20  Objections (Dkt. No. 2849).  And, in granting the motion to compel, the Court observed that
21  "Thomson has offered no suggestions as to how long would be necessary to review and produce
22  the documents at issue here, aside from saying that granting DAPs' requests will push discovery
23  'months past the September 5, 2014 deadline,' and 'make it extremely difficult … to prepare for
24  a March 2015 trial.'"  (Dkt. No. 2945 at 19.)  Having failed to argue or inform the Court that the
25  proposed 60-day discovery extension would be insufficient for Thomson to produce documents,
26  much less tender witnesses for deposition on the documents, Thomson has waived this argument.
27  *See Chatman v. Felker*, No. CIV S-03-2415 JAM KJM P, 2009 WL 173515, at *5 (E.D. Cal. Jan.
28  23, 2009), *adopted*, No. CIV S-03-2415 JAM KJM P, 2009 WL 1110590 (E.D. Cal. Apr. 24,

2009) (objections to discovery requests not raised in opposition to motion to compel are waived); *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 380 (D. Kan. 2005) (same).

Thomson's argument also is not credible in light of the fact that tens of thousands of the documents at issue already have been produced to the EC. Thomson could have produced those documents in a matter of hours or days after it received the October 23 Order by copying them onto another electronic storage device. Instead, it has refused even to produce the documents it has already given to the European regulators until November 14, after its U.S. counsel reviews them. *See* Benson Decl. ¶ 12 & Ex. 2 (at Oct. 30, 8:29 p.m. email). Thomson's counsel should have already reviewed the EC documents so that it was in a position to produce them immediately in response to the October 23 Order.

Thomson also admits that it has taken no steps to prepare for production the other three categories of documents that are the subject of the Court's order dated October 23, 2014. In fact, during a meet and confer on November 4, 2014, counsel for Thomson conceded that it has not yet even uploaded Thomson SA's data to a reviewable platform, nor has it conducted a search for the documents beyond those produced to the EC that are responsive to the October 23 Order. *See* Benson Decl. at ¶ 17. Once again, this failure to prepare for a foreseeable document production should not excuse Thomson's prompt compliance with the Court's order. *See U & I Corp. v. Advanced Medical Design, Inc.*, 251 F.R.D. 667, 675 (M.D. Fla. 2008) ("At the outset of the litigation, [the responding party] had the responsibility to take affirmative steps to ensure that all sources of discoverable information were identified, searched, and reviewed so that complete and timely responses to discovery requests could be provided").

In this regard, Thomson has been a defendant in this case since March 2013, Plaintiffs have been asking for those documents since April 14, 2014, and the Special Master recommended their production over two months ago on September 2, 2014. This refusal to move forward expeditiously with discovery obligations threatens the trial date and prejudices Plaintiffs. This case is set to begin trial on March 9, 2015. Prompt compliance with the October 23 Order is necessary. Thomson should not be excused for putting its head in the sand about its discovery obligations.

Finally, we are constrained to note that this issue arises against a backdrop in which Thomson has used every procedural vehicle available to try to avoid or delay discovery in this case. First, when it was sued, Thomson refused to produce any discovery and then obtained a stay of discovery for nearly a year while it litigated a personal jurisdiction motion that ultimately failed. *See* Order Staying Discovery (Dkt. No. 1820). Next, Thomson told Plaintiffs it would cooperate with discovery when it asked to be put on the March 2015 trial calendar. *See* Stipulation and [Proposed] Order Regarding Scheduling at 4 (Dkt. No. 2554). Then, shortly after it was placed on that calendar, Thomson SA reneged on its agreement and refused to produce any documents, claiming the French Blocking Statute did not allow production, despite ample law to the contrary. As a result, Plaintiffs were forced to move, and the Special Master recommended the motion be granted and this Court agreed. In the meantime, for months, Thomson did nothing to prepare to comply with the order the Court ultimately issued. Now, Thomson is unilaterally trying to postpone producing documents which it seeks to *negotiate* about the scope of a document production that the Court already has *ordered*.

As indicated in our previous filing, Thomson also has not agreed to produce witnesses for deposition. (Dkt. No. 2949.) All four of the French former employees we seek to depose purportedly are represented by counsel for Thomson. Counsel for Thomson says these former employees do not agree to sit for depositions so we must proceed under the Hague Convention. *See* Benson Decl. ¶ 8 & Ex. 2 (at Oct. 27, 7:43 p.m. email). So, while Thomson, the party, claims it wishes to cooperate with the Court to make the witnesses available, the former employees, acting through the very same counsel, refuse to cooperate.

## **CONCLUSION**

Plaintiffs therefore ask the Court to order Thomson to produce the documents subject to the October 23 Order within ten (10) days of the Court's decision on the present motion.

DATED:  November 6, 2014     By:  /s/ *Craig A. Benson*

>Kenneth A. Gallo (*pro hac vice*)
>Joseph J. Simons (*pro hac vice*)
>Craig A. Benson (*pro hac vice*)
>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
>2001 K Street, NW
>Washington, DC 20006
>Telephone: (202) 223-7300
>Facsimile: (202) 223-7420
>Email: kgallo@paulweiss.com
>Email: jsimons@paulweiss.com
>Email: cbenson@paulweiss.com
>
>Stephen E. Taylor (SBN 058452)
>Jonathan A. Patchen (SBN 237346)
>**TAYLOR & COMPANY LAW OFFICES, LLP**
>One Ferry Building, Suite 355
>San Francisco, California 94111
>Telephone:  (415) 788-8200
>Facsimile:  (415) 788-8208
>Email: staylor@tcolaw.com
>Email: jpatchen@tcolaw.com
>
>*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Co. of America*

By: /s/ *David J. Burman*

David J. Burman (pro hac vice)
Cori G. Moore (pro hac vice)
Eric J. Weiss (pro hac vice)
Nicholas H. Hesterberg (pro hac vice)
Steven D. Merriman (pro hac vice)
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: DBurman@perkinscoie.com
Email: CGMoore@perkisncoie.com
Email: EWeiss@perkinscoie.com
Email: NHesterberg@perkinscoie.com
Email: SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

*Attorneys for Plaintiff Costco Wholesale Corporation*

By:  /s/ *Philip J. Iovieno*

William A. Isaacson
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Stuart Singer
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
**BOIES, SCHILLER & FLEXNER LLP**
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies Corp., Office Depot, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC and Tech Data Corporation and Tech Data Product Management, Inc.*

By: /s/ *Scott N. Wagner*

Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
**Bilzin Sumberg Baena Price & Axelrod LLP**
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email: rturken@bilzin.com
Email: swagner@bilzin.com
Email: mwidom@bilzin.com

*Attorneys for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

By: /s/ *David Martinez*

Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
Jill Casselman
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com
Email: jcasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
Email: eskaplan@rkmc.com
Email: kcwildfang@rkmc.com
Email: lenelson@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*

By: /s/ *Lee Godfrey*

H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: lgodfrey@sumangodfrey.com
Email: kmarks@susmangodfrey.com
Email: jross@susmangodfrey.com
Email: jcarter@susmangodfrey.com
Email: dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
Email: rblack@susmangodfrey.com
Email: jconnors@susmangodfrey.com

*Attorneys for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

- 11 -
DAPs' MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON DISCOVERY,
CASE NO. 07-5944; MDL NO. 1917

By: /s/ *Jason Murray*

Jason C. Murray (CA Bar No. 169806)
**CROWELL & MORING LLP**
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
Email: aheaven@crowell.com

*Attorneys for Target Corp.*

By: /s/ *Richard Arnold*

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
**KENNY NACHWALTER, P.A.**
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

## E-FILING ATTESTATION

I, Craig A. Benson, am the ECF user whose ID and password are being used to file the Direct Action Plaintiffs' Notice of Motion and Motion to Enforce the Court's Order Re: Thomson Discovery by Imposing Deadline on Thomson SA's Production of Documents, and Supporting Memorandum of Points and Authorities. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing.

Dated: November 6, 2014        */s/ Craig A. Benson*
                                Craig A. Benson
- 13 -
DAPS' MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON DISCOVERY,
CASE NO. 07-5944; MDL NO. 1917