Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-5944 (SC)<br>MDL No. 1917<br><br>**DECLARATION OF CRAIG A. BENSON IN SUPPORT OF DIRECT ACTION PLAINTIFFS' MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON DISCOVERY BY IMPOSING DEADLINE ON THOMSON SA'S PRODUCTION OF DOCUMENTS**<br><br>DATE:  December 12, 2014<br>TIME:   10:00 a.m.<br>PLACE:  Courtroom 1, 17th Floor<br>JUDGE:  Hon. Samuel Conti |
| This Document Relates To:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686; | |

*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Crago, et al. v. Mitsubishi Electric Corp.*, No. 14-cv-02058.

I, CRAIG A. BENSON, hereby declare as follows:

1. I am a partner with the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel for Plaintiffs Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA"). I am an active member in good standing of the bars of the State of Maryland, the State of New York, and the District of Columbia, and on March 20, 2013 was granted leave to appear *pro hac vice* in this litigation. I have personal knowledge of the facts stated herein and could competently testify to these facts if called upon to do so. I submit this Declaration in support of Direct Action Plaintiffs' Motion to Enforce the Court's Order re: Thomson Discovery.

2. Plaintiffs request this motion to enforce the Court's October 23, 2014 Order granting Plaintiffs' motion to compel in order to complete fact discovery against Thomson SA ("October 23 Order"). Thomson SA has now taken the position that it will not promptly produce the compelled categories of documents subject to the October 23 Order.

Without the ability to review these documents in a timely manner, Plaintiffs' efforts to take meaningful testimony from a Rule 30(b)(6) witness and French fact witnesses will be impeded.

3. This case is set to begin trial on March 9, 2015.

4. On October 23, 2014, at 4:43 p.m., I sent an email to counsel for Thomson SA asking whether Thomson SA would produce the documents from France compelled by the Court's Order, whether Thomson SA's Rule 30(b)(6) witness would be educated on those documents, and whether Thomson SA would make available for deposition the four French fact witnesses (Mr. Lissorgues, Mr. Charamel, Ms. Martin and Mr. Trutt). A true and correct copy of that email is included in the October 23-24 email chain between counsel attached hereto as Exhibit 1.

5. On October 24, 2014, at 4:35 p.m., counsel for Thomson SA responded that Hague Convention procedures would likely be necessary for the depositions of the four French fact witnesses. A true and correct copy of that email is included in the October 23-24 email chain between counsel attached hereto as Exhibit 1.

6. On October 24, 2014, at 4:49 p.m., I responded to counsel for Thomson explaining that Plaintiffs would need to understand by Monday, October 27, 2014, whether and when Thomson would produce the documents subject to the Order and its 30(b)(6) witness. A true and correct copy of that email is included in the October 23-24 email chain between counsel attached hereto as Exhibit 1.

7. On October 27, 2014, the parties met and conferred to discuss Thomson's compliance with the Order.

8. Also on October 27, at 7:43 p.m., counsel for Thomson emailed my colleague, Blaise Warren, and represented that the four French fact witnesses are unwilling to voluntarily sit for deposition and therefore Hague Convention procedures are necessary. A true and correct copy of that email is included at page 8 of the October 27 through November 3 email chain between counsel, attached hereto as Exhibit 2.

9. On October 28, 2014, Plaintiffs filed a statement asking the Court to grant its motion for letters rogatory to take depositions in France. (Dkt. No. 2949.)

- 3 -
DECLARATION OF CRAIG A. BENSON ISO MOTION TO ENFORCE ORDER RE: THOMSON DISCOVERY
CASE NOS. 07-5944; MDL NO. 1917

1  10. On October 28, 2014, at 2:19 p.m., my colleague, Blaise Warren, emailed counsel for Thomson, again asking Thomson when we could expect to receive its documents previously produced to the European Commission for Competition ("EC"). A true and correct copy of that email is included at page 7 of the October 27 through November 3 email chain between counsel, attached hereto as Exhibit 2.

11. On October 30, 2014, my colleague David Ball wrote to counsel for Thomson asking that it produce the EC documents immediately and the remaining documents subject to the Order by November 21, 2014, so that Plaintiffs have the opportunity to receive and review the production prior to the Thomson SA 30(b)(6) and fact depositions. A true and correct copy of Mr. Ball's letter to counsel for Thomson is attached hereto as Exhibit 3.

12. Also on October 30, 2014, at 8:29 p.m., counsel for Thomson responded to Mr. Warren's October 28 email, representing that it had not yet conducted any review of the EC documents, despite Plaintiffs having requested these documents in April 2014. A true and correct copy of that email is included at pages 5-6 of the October 27 through November 3 email chain between counsel, attached hereto as Exhibit 2.

13. On October 31, 2014, at 4:14 p.m., my colleague Ken Gallo wrote to counsel for Thomson. A true and correct copy of that email is included at pages 4-5 of the October 27 through November 3 email chain between counsel, attached hereto as Exhibit 2.

14. On November 3, 2014, at 10:21 a.m., counsel for Thomson wrote to my colleagues Ken Gallo and David Ball. A true and correct copy of that email is included at pages 3-4 of the October 27 through November 3 email chain between counsel, attached hereto as Exhibit 2.

15. On November 3, 2014, at 2:25 p.m., my colleague David Ball wrote to counsel for Thomson to propose a meet and confer. A true and correct copy of that email is included at pages 1-2 of the October 27 through November 3 email chain between counsel, attached hereto as Exhibit 2.

16. On November 3, 2014, at 8:50 p.m., counsel for Thomson wrote to my colleague David Ball, stating that Thomson was "not in a position" to tell Plaintiffs when

Thomson would complete production of the documents described in the Court's October 23 Order. In the same email, counsel for Thomson also agreed to participate in a meet and confer conference call the following day. A true and correct copy of that email is included at page 1 of the October 27 through November 3 email chain between counsel, attached hereto as <u>Exhibit 2</u>.

17.   On November 4, 2014, the parties met and conferred once again to discuss Thomson's compliance with the Order. Counsel for Thomson represented to Plaintiffs that it is currently re-reviewing the documents already produced to the EC, and that it will produce those documents to Plaintiffs on a rolling basis, to be completed by November 14, 2014. Counsel for Thomson stated that it does not intend to collect or review other documents subject to the October 23 Order, unless and until Plaintiffs review the initial EC production and then seek to negotiate with Thomson over the remaining documents. Counsel for Thomson stated that it has not yet uploaded Thomson SA's data to a reviewable platform and has not conducted a search for the documents beyond those produced to the EC that are responsive to the October 23 Order. Counsel for Thomson was unable to provide a date certain that it could complete its production of all of the remaining documents that are the subject of the October 23 Order.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of November, 2014, at Washington, DC.

                                            /s/ *Craig A. Benson*  
                                            Craig A. Benson