# EXHIBIT 2

**From:** Osborn, Kathy L. [mailto:Kathy.Osborn@faegrebd.com]
**Sent:** Monday, November 03, 2014 8:50 PM
**To:** Ball, David J; Gallo, Kenneth A; Warren, Blaise
**Cc:** Benson, Craig A; Roberts, Jeffrey S.; Hurley, Ryan M.; GRP-SHARP-CRT
**Subject:** RE: Update

Dave,

For the reasons explained in our prior correspondence on this issue, we are not in a position to provide you with "dates certain" for productions of documents pursuant to the Court's order.  We are only 11 days out from Judge Conti's order and are still assessing when we will even have SA's preserved documents and data into a reviewable platform.  We do not believe a motion requiring Thomson SA to comply with the Court's order is ripe or necessary and doubt that we will be able to tell you much more at 10:00 tomorrow morning, but we are willing to join you in a call at that time if you have anything additional you would like to discuss.

Sincerely,
Kathy

**Kathy L. Osborn**
*Partner*
kathy.osborn@FaegreBD.com
**Direct:**  +1 317 237 8261
**Mobile:**  +1 317 694 0862
FaegreBD.com   Download vCard
**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street
Suite 2700
Indianapolis, IN 46204, USA

======================================================================

**From:** Ball, David J [mailto:dball@paulweiss.com]
**Sent:** Monday, November 03, 2014 2:25 PM
**To:** Osborn, Kathy L.; Gallo, Kenneth A; Warren, Blaise
**Cc:** Benson, Craig A; Roberts, Jeffrey S.; Hurley, Ryan M.; GRP-SHARP-CRT
**Subject:** RE: Update

Kathy,

Our concern is this.  We have until mid-December to complete review of the documents Thomson has been compelled to produce and then take depositions, and we will have less than three months following that to finish getting ready for a March 9 trial.  Now you are saying, for the first time, that if we do not accept your proposal – which you are calling a "compromise," but which you did not offer until after Thomson litigated and lost the motion – then you "do not see how it is humanly possible" even to complete the production within 60 days.  This is unacceptable.

We need a prompt date certain when you will complete production of the documents Thomson previously produced to the EC.  We also need a prompt date certain when you will complete

1

production of the other documents subject to the motion to compel.  Contrary to the suggestion in your last email, those other documents are not merely "unnecessary if Thomson SA waived its personal jurisdiction arguments in this matter."  For example, the documents may show involvement by French decision makers (and others participating in anticompetitive communications) in the US business, and we have no reason to believe this topic would have been fully covered by the EC production.

Once you have completed production of the documents Thomson previously produced to the EC, and we thus are able to understand what was and what was not produced to the EC, we are willing to discuss in good faith whether the remaining production is necessary in whole or part.  But this does not relieve Thomson of its obligation to produce the EC production promptly and also to produce the remaining production promptly if the parties are unable to reach agreement.

Your repeated references to settlement are not helpful.  Your client has not even made a settlement offer, and this case is not going to settle for the cost of a document production.

By the close of business today, please give us prompt dates certain for the production.  Specifically, please give us a date certain in the next few days when we will have the EC production, and a date certain shortly after that when you will give us the remainder of the documents if the parties are unable to reach agreement on limiting or eliminating the remaining production – a topic we can discuss in good faith after we receive the EC production.

If we do not receive acceptable dates certain from you today, then we intend to move tomorrow for an Order requiring Thomson to produce the documents subject to the Court's previous October 23 Order that were previously produced to the EC within three days and produce the remaining documents subject to the October 23 Order within ten days of the Court's decision on the motion.  We further intend to move tomorrow to expedite the briefing on that motion such that Thomson's response to the motion would be due by Wednesday, November 12 and our reply would be due by Friday, November 14, and that the Court deem the motion submitted for decision without oral argument.  Please let us know by tomorrow at 3 pm Eastern time if Thomson will stipulate to having the motion briefed according to the shortened schedule.  We would be happy to meet and confer on these motions to set a production schedule and to expedite, and we propose holding the meet and confer at 10 am Eastern time tomorrow, November 4.

Best regards,
Dave


**David J. Ball, Jr.** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
(202) 223-7352 (Direct Phone) | (202) 204-7352 (Direct Fax) | (917) 626-6353 (Cell)
dball@paulweiss.com | www.paulweiss.com

2

**From:** Osborn, Kathy L. [mailto:Kathy.Osborn@faegrebd.com]
**Sent:** Monday, November 03, 2014 10:21 AM
**To:** Gallo, Kenneth A; Warren, Blaise
**Cc:** Benson, Craig A; Roberts, Jeffrey S.; Hurley, Ryan M.; Ball, David J
**Subject:** RE: Update

Ken and David,

We have not proposed to "delay all of the document production" or refused to comply with the Court's order. Rather, we are preparing the EC production expeditiously and we've offered a solution that would provide DAPs with important information for completion of discovery and preparation for trial on a timeline that is actually achievable within the 60-day window. Unfortunately, our proposal has been met with rhetoric and wasteful demands for a category of documents that DAPs long ago conceded were unnecessary if Thomson SA waived its personal jurisdiction arguments in this matter. In addition, we have received no indication that DAPs will make a good faith attempt to consider the EC document production to be a complete production if Thomson SA does in fact produce these documents as proposed and as the compromise as previously outlined. To the contrary, it appears to us that DAPs might be intending to take advantage of Thomson SA's offer and, after having received the EC document production to which DAPs are not otherwise entitled, refuse to agree to accept them as a complete production in response to Judge Conti's recent order. Please let us know now that DAPs will approach this negotiation in good faith and with the understanding that it is the goal of Thomson SA to produce to DAPs the documents they most need in time to prepare for trial while at the same time saving the discovery Thomson SA's discovery expenditures that could otherwise be resources for settlement discussions.

To be clear, Thomson SA is not the reason we are 120 days from trial and still dealing with discovery. Thomson SA has not done anything inappropriate. It has merely exercised its legal rights and defenses, raising objections and discovery arguments that were potentially viable and it was entitled to make under the relevant laws, as all of the other parties have done. In fact, Judge Conti noted in his Order that Thomson SA made several arguments that had "merit" and DAPs' arguments were not without "flaws." Dkt. 2945 at 10-11. If DAPs had not slept on their rights for many years these discovery issues would have been addressed and resolved long ago. But Sharp's (and the other DAPs') delay leaves us exactly where we predicted we would be when the stale complaints against Thomson were filed—prejudicially dealing with discovery with trial just a few months away.

We also want to address here the additional issues raised by David in his October 30, 2014 letter to me. As we take another pass at the French witnesses regarding their willingness to appear voluntarily for deposition, we will make them aware of your proposal to take a limited deposition of no longer than three and a half hours if the witness agrees to appear in Brussels or London and testify in English. We can't promise, however, that any of the witnesses will agree to appear voluntarily as you have proposed or that they will be comfortable testifying in English. As to authentication responses, Judge Conti's ruling does not change our fundamental position though we do intend to supplement our responses in light of Judge Conti's conclusions. Even if our

3

French blocking statute objections to the RFAs are removed, there are other reasons Thomson SA objected to or did not (or was unable to) admit DAPs' RFAs.

We are moving as quickly as we can to get the EC production to DAPs. We also believe that the EC production will also provide documents related to the Videocon transaction. Assuming we receive the assurances requested above, we will begin rolling that production out very soon.

Sincerely,
Kathy

**Kathy L. Osborn**
*Partner*
kathy.osborn@FaegreBD.com
**Direct:**  +1 317 237 8261
**Mobile:**  +1 317 694 0862
FaegreBD.com   Download vCard
**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street
Suite 2700
Indianapolis, IN 46204, USA

=======================================================================

**From:** Gallo, Kenneth A [mailto:kgallo@paulweiss.com]
**Sent:** Friday, October 31, 2014 4:14 PM
**To:** Osborn, Kathy L.; Warren, Blaise
**Cc:** Benson, Craig A; Roberts, Jeffrey S.; Hurley, Ryan M.; Ball, David J
**Subject:** Re: Update

Dear Kathy,

We respectfully disagree with your position on all counts. Your proposal to delay all of the document production is unacceptable. And, your proposed "compromise" – made for the first time after Thomson litigated and lost the issues – also is unacceptable. We need to receive the EC production before we can even begin to evaluate it and determine whether and on what additional conditions a further compromise might be acceptable.

Moreover, the situation about which you complain is entirely of your client's making. You have tried to block all discovery of Thomson with a series of arguments over a period of months and, now that you have failed, you complain you do not have sufficient time to comply with the Court's order. Per the Court's long standing instruction, we are preparing to start a trial against Thomson at which we will seek over $400 million in about 120 days. We need your document production promptly.

We understand that you will not agree to a document production schedule that will permit us to review the documents and complete depositions within the time permitted by the Court's order. If we are mistaken about this, please let us know immediately. Otherwise, we understand that we are at an impasse with respect the schedule for document production pursuant to the Court's recent order to compel production of documents and extend discovery.

4

Best,

Ken

Kenneth A. Gallo | Partner
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW | Washington, DC 20006-1047
(202) 223-7356 (Direct Phone) | (202) 204-7356 (Direct Fax)
kgallo@paulweiss.com | www.paulweiss.com

======================================================================

**From**: Osborn, Kathy L. [mailto:Kathy.Osborn@faegrebd.com]
**Sent**: Thursday, October 30, 2014 08:29 PM
**To**: Warren, Blaise
**Cc**: Benson, Craig A; Gallo, Kenneth A; Roberts, Jeffrey S. <jeff.roberts@FaegreBD.com>; Hurley, Ryan M. <Ryan.Hurley@faegrebd.com>
**Subject**: RE: Update

Blaise,

I do not appreciate the demanding tone of your email in light of the fact that my client has offered the proposed document production compromise I outlined to you in order to (1) provide the DAPs with the documents they have insisted are of the highest priority and most important to them as soon as possible, while at the same time (2) eliminating the need for Thomson SA to spend millions of dollars that might otherwise be helpful in our settlement negotiations on the processing and re-review of data and documents preserved for these matters.

We can't, however, produce these documents without first reviewing them ourselves for privilege and content, which we have not done since they have not been in the US and accessible to us for review and my client could not justify the expense in light of its financial situation until knowing it was necessary.  We immediately started the process of getting them transferred after talking with you Monday and we understand the platform should be set up to start review tomorrow.  We know we can review and produce the EC documents to you within a reasonable time period, though we are still assessing how long that will take and have just learned that it appears the EC document production might have been much larger than we previously understood.

However, if DAPs do not accept Thomson SA's proposed compromise and it has to hire a new bevy of bi or multi-lingual reviewers to re-review all of Thomson SA's preserved data and documents, we do not see how it is humanly possible to get the majority of these documents to you in the 60-days ordered by the Court, and we in fact fear that it will become necessary for us to seek relief from the Court at some juncture despite the heroic and exceptionally costly efforts we would take to accomplish the task.   By offering to waive its personal jurisdiction arguments on appeal, produce the EC documents once reviewed and attempt once again to convince the French witnesses with whom we have contact to sit for a deposition, we believe we are offering

the optimal situation for both parties to get what they need to prepare for trial as well as to reserve Thomson SA's limited resources for any future settlement discussions.

Thomson SA has never agreed, and will not agree, to produce the actual confidential communications it had with the EC regarding its document and information requests. However, in the spirit of our efforts to come to an efficient resolution of these document production issues and without otherwise waiving its confidentiality rights and comity arguments, my client has authorized me to summarize for you the documents produced to the EC (and some related information regarding the DOJ production).

The EC asked Thomson SA to produce all documents relating to (1) contacts of any kind (e.g., trade association, bilateral and multilateral) with a long list of CRT manufacturers and/or potential or actual competitors, as well as (2) a list of specific meetings in which the EC was interested. The documents were to include minutes, notes, reports, memoranda, records from entrance registration sheets, diary notes or travel documents including booking confirmations, invoices and receipts. In response, Thomson SA gathered, preserved and searched/reviewed all potentially responsive paper and electronic files in its possession, custody or control, noting that many of its CRT-related documents and data had been transferred to Videocon when the CRT business was sold in 2005. Thomson SA reviewed all of the paper documents for responsiveness and ran search terms on the electronic data for the EC and DOJ productions. There was some electronic data available on CDs on which search terms were not run but every document contained therein was reviewed and individually assessed for responsiveness. Thomson SA and Thomson Consumer then produced responsive documents to the relevant authority. Thomson SA's French attorney reports that the search and production of the EC documents was exhaustive and that they erred on the side of production of even remotely relevant documents because Thomson SA was in a cooperation mode.

We will let you know as soon as possible the date on which we anticipate producing the EC documents, or perhaps a rolling document production schedule.

Sincerely,
Kathy

**Kathy L. Osborn**
*Partner*
kathy.osborn@FaegreBD.com
**Direct:** +1 317 237 8261
**Mobile:** +1 317 694 0862
FaegreBD.com   Download vCard
**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street
Suite 2700
Indianapolis, IN 46204, USA

**From:** Warren, Blaise [mailto:bwarren@paulweiss.com]
**Sent:** Tuesday, October 28, 2014 2:19 PM
**To:** Osborn, Kathy L.
**Cc:** Benson, Craig A; Gallo, Kenneth A; Roberts, Jeffrey S.; Hurley, Ryan M.
**Subject:** RE: Update

Kathy,

Thank you for confirming that Thomson withdraws its objections to the Hague Convention motion seeking the depositions of four French witnesses.

In response to your proposal from yesterday regarding Thomson's production of documents, we have conferred with the DAPs and can communicate on behalf of all the DAPs. Our position is that Thomson should produce the EC production immediately. If you refuse, we will return to the Court and seek Court resolution setting a production schedule. Until we know what the EC requested and what Thomson actually produced, we have no way of knowing if that production would be responsive to what Thomson has now been ordered to produce by the Court. Without any of this information, we cannot effectively evaluate your compromise proposal, except to note that we think the odds of Thomson prevailing on a motion for reconsideration or appellate review are exceptionally low, and the DAPs already defeated Thomson SA's personal jurisdiction motion once on the basis of materials in the public record.

We look forward to promptly receiving Thomson's production to the EC and a copy of what the EC requested. Please let us know as soon as possible when we should expect to receive those materials. The Court has extended discovery for only sixty days, so the remainder of the production beyond the EC production needs to be made very promptly as well. We trust that Thomson will endeavor to get those documents ready for production promptly, such that we can get those documents in time to use them for depositions within the sixty-day period. After we receive and review the EC production, we can revisit the issue of whether there is any further compromise that can be reached, but, for the moment, Thomson should assume that all of the documents will need to be produced, as the Court has ordered.

Regards,

Blaise

**William Blaise Warren** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
(202) 223-7348 (Direct Phone) | (202) 223-7300 (Main Phone) | (202) 204-7378 (Direct Fax)
bwarren@paulweiss.com | www.paulweiss.com

**From:** Osborn, Kathy L. [mailto:Kathy.Osborn@faegrebd.com]
**Sent:** Monday, October 27, 2014 7:43 PM
**To:** Warren, Blaise
**Cc:** Benson, Craig A; Gallo, Kenneth A; Roberts, Jeffrey S.; Hurley, Ryan M.
**Subject:** RE: Update

Blaise,

While Thomson SA disagrees with Judge Conti's conclusions embodied in the Order re: Thomson Discovery he issued last Thursday, Thomson SA will agree to withdraw the attached Opposition to DAPs' Motion to Issue a Letter of Request for International Judicial Assistance to Take Depositions in France.  Thomson SA agrees to take this action in the interest of furthering our discussions to come to an agreement on production of the French documents as I proposed during our call today.  Please note that the issuance of a letter of request remains necessary because Thomson SA simply has no control over its former, French citizen employees who are unwilling to voluntarily sit for a deposition in these matters.  However, as I previously indicated, we will attempt to make another pass at asking these witnesses to voluntarily sit for a deposition.

Sincerely,
Kathy

**Kathy L. Osborn**
*Partner*
kathy.osborn@FaegreBD.com
**Direct:** +1 317 237 8261
**Mobile:** +1 317 694 0862
FaegreBD.com   Download vCard
**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street
Suite 2700
Indianapolis, IN 46204, USA

======================================================================

**From:** Osborn, Kathy L.
**Sent:** Monday, October 27, 2014 5:41 PM
**To:** Warren, Blaise
**Cc:** 'Benson, Craig A'; Gallo, Kenneth A (kgallo@paulweiss.com); Roberts, Jeffrey S.; Hurley, Ryan M.
**Subject:** Update

Hi Blaise,

Just a quick note to let you know I am still trying to connect with my client on the issue of withdrawing our objections to your Motion to Issue a Letter of Request.  She is out of the country right now so it may be a late or early hour when I do hear from her.

Regards,
Kathy

8

**Kathy L. Osborn**
*Partner*
kathy.osborn@FaegreBD.com
**Direct:**  +1 317 237 8261
**Mobile:**  +1 317 694 0862
FaegreBD.com   Download vCard
**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street
Suite 2700
Indianapolis, IN 46204, USA

9