Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and*
*Sharp Electronics Manufacturing Company of America, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-5944 (SC) MDL No. 1917 |
| This Document Relates To: | **DECLARATION OF CRAIG A. BENSON IN SUPPORT OF DIRECT ACTION PLAINTIFFS' MOTION TO SHORTEN TIME RE: MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON DISCOVERY** |
| *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173; | |
| *Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | **(CIVIL LOCAL RULE 6-3)** |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |
| *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686; | |

*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Crago, et al. v. Mitsubishi Electric Corp.*, No. 14-cv-02058.

I, CRAIG A. BENSON, hereby declare as follows:

1.      I am a partner with the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel for Plaintiffs Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") (together, "Sharp"). I am an active member in good standing of the bars of the State of Maryland, the State of New York, and the District of Columbia, and on March 20, 2013 was granted leave to appear *pro hac vice* in this litigation. I have personal knowledge of the facts stated herein, except as to those matters based on information and belief, and to those matters I believe them to be true. I could and would competently testify to the matters contained herein if called upon to do so. I submit this Declaration in support of Direct Action Plaintiffs' Motion to Shorten Time re: Motion to Enforce the Court's Order re: Thomson Discovery.

2.      On October 23, 2014, this Court issued an Order granting Plaintiffs' motion to compel the production of documents and depositions against Thomson, and extending discovery against Thomson for 60 days, or until December 22, 2014. (Dkt. No. 2945, "October 23 Order.") The documents to be produced include documents (1) related to communications or

DECLARATION OF CRAIG A. BENSON ISO DAPs' MOTION TO SHORTEN TIME
CASE NOS. 07-5944; MDL NO. 1917

meetings between Thomson and competitors; (2) related to the Court's general or specific jurisdiction over Thomson; (3) related to the disposition of Thomson's CRT business; and (4) that Thomson had produced to the European Commission for Competition ("EC").  Once Thomson produces the documents, Plaintiffs will need to take a Fed. R. Civ. P. 30(b)(6) corporate deposition and four fact witness depositions using the documents.

3.     Attached hereto as <u>Exhibit 1</u> is a true and correct copy of an October 23 through October 24, 2014 email chain containing communications between counsel for Sharp and Thomson SA.

4.     Attached hereto as <u>Exhibit 2</u> is a true and correct copy of an October 27 through November 3, 2014 email chain containing communications between counsel for Sharp and Thomson SA.

5.     Attached hereto as <u>Exhibit 3</u> is a true and correct copy of an October 30, 2014 letter from my colleague, David Ball, to counsel for Thomson SA asking that it produce the EC documents immediately and the remaining documents subject to the October 23 Order by November 21, 2014, so that Plaintiffs would have the opportunity to receive and review the production prior to taking the Rule 30(b)(6) deposition of Thomson SA and fact depositions.

6.     Thomson SA has not committed to a date certain by which it can produce the compelled categories of documents subject to the October 23 Order and has represented that, according to their current plans, they will not be in a position to complete production within the 60 days allotted by the Court for continued fact discovery.  Without the ability to review these documents in a timely manner, Plaintiffs' efforts to take meaningful testimony from a Rule 30(b)(6) witness and French fact witnesses will be impeded, and I am informed and believe that Plaintiffs will be substantially prejudiced by such a result.

7.     This case is set to begin trial on March 9, 2015.

8.     Plaintiffs conferred with counsel for Thomson SA on October 27, 2014, to discuss Thomson's compliance with the October 23 Order.

9.     Plaintiffs have conferred with counsel for Thomson SA multiple times, and over the course of the past ten days, concerning the subject of Thomson's compliance with

the October 23 Order, and we have not been able to reach an agreement or compromise.  As shown by Exhibits 1-3 attached hereto, Plaintiffs and counsel for Thomson have exchanged ten e-mails and one letter concerning whether Thomson will comply with the October 23, 2014 Order.  After ten days of conferring, the parties maintain disagreements concerning the deadline by which Thomson is required to produce the documents subject to the October 23 Order.

10.     On November 3, 2014, at 2:25 p.m., counsel for Sharp contacted counsel for Thomson SA, proposed a briefing schedule on a motion to enforce, asked counsel for Thomson SA for a stipulation to shortened time for briefing on the concurrently filed Motion to Enforce, and invited counsel to meet and confer.  A true and correct copy of that email from David Ball to counsel for Thomson is included at pages 1-2 of the email chain attached to this declaration as Exhibit 2.

11.     In response to Mr. Ball's email, counsel for Thomson SA responded on November 3, at 8:50 p.m., and refused to so stipulate to shortened time for briefing on the concurrently filed Motion to Enforce.  A true and correct copy of that email is included at page 1 of the email chain attached to this declaration as Exhibit 2.

12.     On November 4, 2014, the parties met and conferred once again, and were unable to stipulate to such schedule.  Counsel for Thomson SA has not agreed to Plaintiffs' proposed schedule nor provided a proposed schedule of its own.

13.     If the Motion to Enforce proceeded on a regularly noticed briefing schedule, it would not be heard until December 12, 2014, at the earliest.  A hearing on that date will not permit Plaintiffs an opportunity to receive and review Thomson's documents in sufficient time to take their Rule 30(b)(6) corporate deposition and four fact witness depositions using the documents before the December 22, 2014 deadline.

14.     Pursuant to Civil Local Rule 6-3(a)(5), the following table discloses previous time modifications made in this multi-district litigation that are active as to Thomson defendants, whether by stipulation or Court Order:

///

| Date | Dkt. No. | Description |
|------|----------|-------------|
| 7/28/2014 | 2711 | Order establishing discovery and pre-trial schedule between Viewsonic Corporation and defendants. |
| 8/25/2014 | 2761 | Order entering stipulating between Thomson and Direct Action Plaintiffs permitting a Rule 30(b)(6) deposition beyond September 5, 2014. |
| 10/23/2014 | 2945 | Order extending fact discovery by Direct Action Plaintiffs against Thomson for 60 days, or until December 22, 2014. |

15.    Plaintiffs' proposal is specifically designed so that it should not otherwise have an effect on the currently set schedule for this case.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 6th day of November, 2014, at Washington, DC.

_/s/  Craig A. Benson_
Craig A. Benson