Guido Saveri (22349)
 *guido@saveri.com*
R. Alexander Saveri (173102)
 *rick@saveri.com*
Geoffrey C. Rushing (126910)
 *grushing@saveri.com*
Travis L. Manfredi (281779)
 *travis@saveri.com*
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for the
Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV- 07-5944-SC |
| | MDL No. 1917 |
| This Document Relates To: *Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058 (SC). | **DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Direct Purchaser Plaintiffs ("DPPs") hereby move the Court for leave to file the following documents, or portions thereof, under seal:

- Gray highlighted portions of the Direct Purchaser Plaintiffs' Notice of Motion and Motion for Class Certification with Respect to the Thomson and Mitsubishi Defendants; Memorandum of Points and Authorities in Support Thereof that contain quotations or information from documents that Defendants have designated "Confidential" or "Highly Confidential";

- Gray highlighted portions of the Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Motion for Class Certification with Respect to the Thomson and Mitsubishi Defendants that contain quotations or information from documents that Defendants have designated "Confidential" or "Highly Confidential";

- Exhibits 1–2, 4, 15–136, and 138–139 to the Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Motion for Class Certification with Respect to the Thomson and Mitsubishi Defendants that contain quotations or information from documents that Defendants have designated "Confidential" or "Highly Confidential"; and

- The Expert Report of Jeffrey J. Leitzinger, Ph.D.

This motion is supported by the Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d), dated November 6, 2014. *See* Civ. L. R. 79-5(d).

Civil Local Rule 79-5 governs the filing under seal of entire documents or portions of documents that contain material that is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(a)-(e). Civil Local Rule 79-5(d) provides: "A party seeking to file a document, or portions thereof, under seal ("the Submitting Party") must: (1) File an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11."

In compliance with Civil Local Rule 79-5(d), DPPs submit this Administrative Motion because they wish to file documents that contain either: (a) material designated by a Defendant pursuant to a Protective Order as "Confidential" or "Highly Confidential"; or (b) analysis of, references to, or information taken directly from material designated by a Defendant pursuant to a Protective Order as "Confidential" or "Highly Confidential." *See id*.

DPPs seek to file the above material under seal in good faith in order to comply with the Protective Order in this action and the applicable Local Rules. Because certain defendants and various third parties contend that the material they have designated is confidential in nature, it is

1

DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d); Master File No. CV-07-5944-SC

1  their burden to establish that the designated information is sealable. Civil L.R. 79-5(e); s*ee*

2  *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006). DPPs leave it to this

3  Court's discretion to determine whether the above material should be filed under seal. Courts have

4  repeatedly emphasized that a party must make a "particularized showing of good cause" and show

5  a "compelling reason" to justify the sealing of motions and papers filed with a court. *See Foltz v.*

6  *State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2002) (reversing the lower court's

7  sealing of records because there was no "compelling reason to justify sealing" under the protective

8  order). As the Ninth Circuit has stated, the "hazard of stipulated protective orders" is that they

9  "often contain provisions that purport to put the entire litigation under lock and key without regard

10 to the actual requirements of Rule 26(c)." *Kamakana*, 447 F.3d at 1193.

11         WHEREFORE, Direct Purchaser Plaintiffs respectfully submit this administrative motion

12 pursuant to the Protective Order and Civil Local Rule 79-5 and hereby notify the parties of their

13 burden to establish that the designated material is sealable.

DATED:  November 7, 2014                    Respectfully Submitted,


                                            */s/ R. Alexander Saveri*
                                            Guido Saveri
                                            R. Alexander Saveri
                                            Geoffrey C. Rushing
                                            Travis L. Manfredi
                                            **SAVERI & SAVERI, INC.**
                                            706 Sansome Street
                                            San Francisco, CA 94111
                                            Telephone:    (415) 217-6810
                                            Facsimile:    (415) 217-6813

                                            *Interim Lead Counsel for the*
                                            *Direct Purchaser Plaintiffs*