# EXHIBIT 14

# Czech Competition Office fines cathode ray tubes producers for price-fixing

**Resource type:** Legal Update: archive

**Status:** Law stated as at 26-Aug-2010

**Jurisdiction:** Czech Republic

On 26 August 2010, the Czech Competition Office adopted a first instance decision imposing fines totalling CZK51,787,000 (approximately EUR2.1 million) on eight cathode ray tube producers. Fines were imposed on Chunghwa Picture Tubes Ltd, Technicolor SA (formerly Thomson SA), Panasonic Corporation, MT Picture Display Co Ltd and Toshiba Corporation. Company Samsung SDI Co Ltd was granted full immunity for being the first to provide the information about the cartel.  Fines were not imposed on two other companies (Koninklijke Philips Electronics NV and LG Electronics) because the statutory time limit for their imposition had expired.

-----

The full text of this resource is available through the following PLC service(s):

- ☐ Competition

- ☐ PLC EU Competition Law

- ☐ PLC UK Law Department

**Your subscription does not currently include this service.**

To request a trial to this service, simply fill out a trial request form.

**REQUEST TRIAL**

Please feel free to contact us or your PLC Account Executive with any questions. Thank you for your interest in Practical Law Company.

**CONTACT US**

## Resource information

**Resource ID:** 9-503-4180

**Law stated date:** 26-Aug-2010

**Products:** Competition, PLC EU Competition Law, PLC UK Law Department

# Related content

### Topics

Cartels (http://us.practicallaw.com/1-103-1161)

### Legal Update: archive

Czech Competition Office's decision to fine cathode ray tubes producers for price-fixing agreement confirmed
(http://us.practicallaw.com/topic5-504-3271)

# EXHIBITS 15–136
## [Documents Submitted Under Seal]

# EXHIBIT 137

# SAVERI & SAVERI, INC.

706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*SAVERI & SAVERI, INC.*, an AV-rated law firm, was established in 1959.The firm engages in Antitrust and Securities litigation, Product Defect cases, and in general civil and trial practice. For over fifty years the firm has specialized in complex, multidistrict, and class action litigation.

*GUIDO SAVERI*, born San Francisco, California, June 10, 1925; admitted to bar, 1951, California. *Education:* University of San Francisco (B.S., *summa cum laude*, 1947; LL.B., *summa cum laude*, 1950). *Member:* Bar Association of San Francisco; State Bar of California; American Bar Association (Member, Antitrust Section); Lawyers Club of San Francisco.

Mr. Saveri is a senior partner in the firm of Saveri & Saveri, Inc. He started the firm in 1959 and associated with Joseph L. Alioto, Esq., San Francisco, California, in the practice of antitrust and other corporate litigation.After law school in 1951 and up until the forming of his firm in 1959 he was associated with the law firm of Pillsbury, Madison &Sutro, San Francisco, California.

He has the highest rating in Martindale Hubbell, namely, "AV."

Mr. Saveri has testified before the Federal Judiciary Committee on antitrust matters and has lectured on antitrust matters before The Association of Trial Lawyers of America, the Federal Practice Institute, and other lawyer associations.Mr. Saveri has also written various periodicals on antitrust topics.Mr. Saveri was named the 2007 Antitrust Lawyer of the Year by the State Bar of California's Antitrust and Unfair Competition Section.

From the time he started his firm in 1959, Mr. Saveri has devoted practically all of his time to antitrust and other corporate and complex litigation.He has actively participated in antitrust cases involving the electrical industry, the water meter industry, scrap metal industry, liquid asphalt industry, dairy products industry, typewriter industry, vanadium industry, pipe-fitting industry, grocery business, liquor industry, movie industry, animal-raising business, chemical industry, snack food industry, paper label industry, chrysanthemum industry, drug industry, sugar industry, records industry, industrial gas industry, wheelchair industry, rope industry, copper tubing industry, folding cartons industry, ocean shipping industry, pancreas gland industry, corrugated container industry, glass container industry, fine paper industry, food additives industry, prescription drugs industry, medical x-ray film industry, computer chips and many others.

- 1 -

The following are some of the class actions in which Mr. Saveri actively participated:

***Nisley v. Union Carbide and Carbon Corp.***, 300 F. 2d 561 (10th Cir. 1960), and ***Continental Ore. Co. v. Union Carbide and Carbon Corp.***, 370 U.S. 690 (1962). In 1960, Mr. Saveri was one of the trial attorneys in the above cases which are the forerunners of present class action litigation and are responsible not only for Rule 23 as it exists today but also for some of the more important rulings in the field of antitrust law. The *Nisley* case was a class action tried before a jury both on liability and damages and resulted in a verdict for the named plaintiffs and the entire class.It is considered one of the leading cases on class actions, is often referred to as a model for the trial of class actions, and has been followed in those antitrust class action cases which have gone to trial.

***Sacramento Municipal Utility District v. Westinghouse Elec. Corp.***, 1962 Trade Case. ¶ 70,552 (N.D. Cal. 1962). Mr. Saveri was one of the principal attorneys in several cases which have come to be known as the *Electrical Equipment* cases.In 1961–1965, Mr. Saveri represented such clients as the State of Washington, Sacramento Municipal Utility District and Modesto Irrigation District.Mr. Saveri was one of the attorneys who tried several of these cases and did very extensive work under a coordinated program instituted by the Murrah Committee under the direction of the then Chief Justice of the United States.This Committee later became the Judicial Panel for Multi-District Litigation.As a result of his experience in these cases, he participated in drafting proposed legislation creating the Panel on Multi-District Litigation.

***Nurserymen's Exchange v. Yoda Brothers, Inc.***, before Judge George R. Harris in San Francisco. Mr. Saveri was the sole attorney for a class of 10,000 chrysanthemum growers.This case was settled for substantial sums.

***City of San Diego, et al. v. Rockwell Manufacturing Company***, before Judge George H. Boldt of San Francisco. Mr. Saveri was Liaison and Lead Counsel in the above case involvingwater meters.This case was settled for substantial sums.

***In re Private Civil Treble Damage Actions Against Certain Snack Food Companies***, Civil No. 70-2121-R, in the United States District Court, Central District of California. Mr. Saveri was the lead attorney for the retail grocers' class comprised of all retail grocers in the states of California, Nevada, and Arizona certified by Judge Real involving the snack food industry.The case was settled for substantial sums.

***In re Sugar Antitrust Litigation***, MDL No. 201, in the United States District Court for the Northern District of California, before Judges Boldt and Cahn. Mr. Saveri was the lead attorney for the retail grocer classes in the Western Sugar litigation. In this litigation, he was a member of the Executive Committee, Steering Committee and Settlement Committee.This case settled for more than $35,000,000.

***Sun Garden Packing Co. v. International Paper Co., et al.***, C-72-52, U.S. District Court in San Francisco. In 1972 Mr. Saveri filed the first price fixing class action against the paper industry.He was the sole attorney representing all purchasers of lithograph paper labels in the United States.The lithograph paper labels case was settled at a substantial figure.The lithograph

paper labels case was responsible for subsequent government indictments in lithograph paper labels, folding cartons, small paper bags, and corrugated containers.

*In re Folding Carton Antitrust Litigation*, MDL No. 250, Eastern District of Illinois, Judges Will and Robson. Mr. Saveri was a member of the Executive Committee, Vice Chairman of Discovery and a member of the Trial Team in this action involving a horizontal conspiracy to fix prices for folding cartons.The case was settled for more than $200,000,000.

*In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions,* MDL No. 10, 4-72 Civ 435; Judge Lord, United States District Court, District of Minnesota, Fourth Division. Mr. Saveri was the attorney for the institutional class and consumer class for the States of Utah and Hawaii. These actions were settled for substantial sums.

*Building Services and Union Health and Welfare Trust Fund, Plaintiff, v. Charles Pfizer Company, et al.*, No. 4-71 Civ. 435; No. 4-71 Civ. 413, before Judge Lord in Minneapolis, Minnesota. Mr. Saveri was the sole attorney for a class of 9,000 health and welfare trust funds in the United States in this antitrust action against the drug companies.In 1974–1975 this class action went to trial before two juries at the same time and in the same court on liability and damages for the entire class and lasted ten months.It was settled for a substantial sum.Mr. Saveri was the sole attorney representing the plaintiff health and welfare trust fund class at trial.

*In re Corruagted Container Antitrust Litigation*, MDL No. 310, Southern District of Texas.Horizontal price fixing action. The case was settled for more than $400,000,000.

*In re Fine Paper Antitrust Litigation*, MDL No. 325, Eastern District of Pennsylvania. Mr. Saveri was a member of the Executive Committee and the trial team. The case was settled for approximately $80,000,000.

*In re Ocean Shipping Antitrust Litigation*, MDL No. 395, Southern District of New York. Mr. Saveri was a member of the Steering Committee and the Negotiating Committee. The firm understands this case was the first class action settlement involving claims by foreign companies.Mr. Saveri was appointed an officer of the New York Federal District Court to audit foreign claims in Europe.The case was settled for approximately $79,000,000.

*In re Corn Derivatives Antitrust Litigation*, MDL No. 414, United States District Court for the District of New Jersey. Mr. Saveri was Chairman of the Steering Committee and Executive Committee.

*In re Coconut Oil Antitrust Litigation*, MDL No. 474, Northern District of California. Mr. Saveri was Co-Lead Counsel.

*In re Itel Securities Litigation*, No.C-79-2168A, Northern District of California, Judge Aguilar.Mr. Saveri was a member of the Steering Committee.

*O'Neill Meat Co. v. Elitilly and Company, et al.*, No. 30 C 5093, United States District Court for the Northern District of Illinois, Judge Holderman. Mr. Saveri was Co-Lead Counsel for the class in this antitrust litigation involving pancreas glands.

*United National Records, Inc. v. MCA, Inc., et al.*, No.82 C 7589, United States District Court for the Northern District of Illinois; Mr. Saveri was a member of the Steering Committee in this records antitrust litigation. The class recovered $26,000,000 in cash and assignable purchase certificates.

*In re Industrial Gas Antitrust Litigation*, No. 80 C 3479, United States District Court for the Northern District of Illinois. Mr. Saveri was a member of the Steering Committee. The class recovered more than $50,000,000.

*Superior Beverages, Inc. v. Owens-Illinois, et al.*, No. 83-C512, United States District Court for the Northern District of Illinois; Mr. Saveri was a member of the Executive Committee in this antitrust litigation involving the price fixing of glass containers. The class recovered in excess of $70,000,000 in cash and coupons.

*In re Washington Public Power Supply Securities Litigation*, MDL No. 551, (W.D. Wash.).Mr. Saveri was one of the court appointed attorneys for the class.

*In re Ask Computer Systems Securities Litigation*, No. C-85-20207 (A) RPA, United States District Court for the Northern District of California.Mr. Saveri was Co-Lead Counsel for the class.

*Big D. Building Corp. v. Gordon W. Wattles, et al.*, MDL No. 652, United States District Court for the Middle District of Pennsylvania. Mr. Saveri was a member of the Steering Committee and Settlement Committee in this price fixing class action involving the rope industry.

*In re Insurance Antitrust Litigation*, MDL No. 767, Judge Schwarzer, United States District Court for the Northern District of California.Mr. Saveri was Administrative Liaison Counsel and a member of the Steering Committee.

*In re Sun Microsystems Securities Litigation*, No. C-89-20351, RMW, U.S. District Court for the Northern District of California; Mr. Saveri was Co-Lead Counsel.

*In re Infant Formula Antitrust Litigation*, MDL No. 878, United States District Court for the Northern District of Florida, Tallahassee Division.Mr. Saveri was one of the principal attorneys. The case was settled for $125,760,000.

*In re Carbon Dioxide Industry Antitrust Litigation*, MDL No. 878, Case No. 92-940, PHB, United States District Court for the Middle District of Florida, Orlando Division.Mr. Saveri was a member of the Steering Committee. The class recovered $53,000,000 and achieved significant therapeutic relief for the class.

*In re Medical X-Ray Film Antitrust Litigation*, No.CV 93-5904, FB, United States District Court for the Eastern District of New York.Mr. Saveri was a member of the Steering Committee.

*In re Baby Food Antitrust Litigation*, No. 92-5495, NHP, in the United States District Court for the District of New Jersey.Mr. Saveri was a member of the Steering Committee.

*In re Brand Name Prescription Drugs Antitrust Litigation*, MDL No. 997,94C 897, CPK, United States District Court, Northern District of Illinois, Eastern Division.Mr. Saveri was Co-Lead Counsel on behalf of approximately 50,000 retail pharmacies nationwide alleging an illegal cartel between seventeen drug manufacturers and six drug wholesalers in preventing discounts to retail pharmacies.The case was tried for eight weeks. The case was settled for $700,000,000 in cash and $25,000,000 in product. Mr. Saveri was one of four lead trial lawyers.

*In re Citric Acid Antitrust litigation*, MDL No. 1092, C-95-2963, FMS, United States District Court, Northern District of California.Mr. Saveri was Co-Lead Counsel representing a certified class of purchasers of citric acid throughout the United States against the citric acid manufacturers for violations of the Sherman Act for fixing the price of citric acid in the United States and around the world.The case was settled for $86,000,000.

*In re Methionine Antitrust Litigation*, MDL No. 1311, CRB, United States District Court, Northern District of California.A nationwide class action on behalf of direct purchasers of methionine alleging price-fixing.Saveri & Saveri, Inc. served as Co-Lead Counsel in this litigation. The case was settled for $107,000,000.

*In re Managed Care Litigation*, MDL No. 1334, Master File No. 00-1334-MD (Judge Moreno) United States District Court, Southern District of Florida.Mr. Saveri serves as a member of the Executive Committee representing the California Medical Association, Texas Medical Association, Georgia Medical Association and other doctors against the nation's HMOs for violations of the Federal RICO Act. The case was partially settled with benefits approximating $1 billion dollars.

*In re Dynamic Random Access Memory Antitrust Litigation*, MDL No. 1486 (Judge Hamilton) United States District Court, Northern District of California. Mr. Saveri serves as Co-Lead Counsel on behalf of direct purchasers of dynamic random access memory (DRAM)alleging a nationwide class for price-fixing. The case settled for more than $325 million in cash.

*In re Flash Memory Antitrust Litigation*, No. C 07-0086 SBA (Judge Armstrong) United States District Court, Northern District of California. Mr. Saveri serves as Co-Lead Counsel on behalf of direct purchasers of flash memory (Flash) alleging a nationwide class for price-fixing.

*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Case No. C 07-5944 SC (Judge Conti) United States District Court, Northern District of California.Mr. Saveri

serves as Lead Counsel on behalf of direct purchasers of cathode ray tubes (CRTs) alleging a nationwide class for price-fixing.

*In re Optical Disk Drive (ODD) Products Antitrust Litigation*, MDL No. 2143; 10-md-02143-RS (Judge Seeborg) United States District Court, Northern District of California. Mr. Saveri serves as Chair of the Committee of Direct Purchaser Plaintiffs' Counsel on behalf of direct purchasers of optical disk drives (ODDs) alleging a nationwide class for price-fixing.

Mr. Saveri also has been and is involved in numerous other major class action litigation in the antitrust and securities fields.

**RICHARD SAVERI,** Partner, 1951–1999.

**R. ALEXANDER SAVERI**, born San Francisco, California, July 22, 1965; admitted to bar, 1994, California and U.S. District Court, Northern District of California; 1995, U.S. Court of Appeals, Ninth Circuit; 2000, U.S. District Court, Southern District of California; 2000, U.S. District Court, Central District of California; 2012, U.S. Court of Appeals, Third Circuit. *Education:* University of Texas at Austin (B.B.A. Finance 1990); University of San Francisco (J.D., 1994) University of San Francisco Maritime Law Journal 1993–1994. *Member:* State Bar of California, American Bar Association (Member, Antitrust Section), Association of Trial Lawyers of America, University of San Francisco Inn of Court, National Italian American Bar Association, University of San Francisco Board of Governors (2003–2006), Legal Aid Society (Board of Directors).

Mr. Saveri is the managing partner of Saveri & Saveri, Inc.After graduating from law school, he began working for his father and uncle at Saveri & Saveri, P.C. on antitrust and complex litigation.The current practice of Saveri & Saveri, Inc. emphasizes class action antitrust litigation.

He has the highest rating in Martindale Hubbell, namely, "AV."

Mr. Saveri has served or is serving as court-appointed Co-Lead or Liaison Counsel in the following cases:

*In re Lithium Ion Batteries*, Master Docket No. 4:13-md-2420-YGR, United States District Court, Northern District of California (antitrust class action on behalf of direct purchasers of lithium ion batteries).

*In re California Title Insurance Antitrust Litigation*, Case No. 08-01341 JSW, United States District Court, Northern District of California (antitrust class action involving federal antitrust laws and California statutory law for unlawful practices concerning payments for title insurance in California);

*In re Intel Corp. Microprocessor Antitrust Litigation*, MDL No. 05-1717 (JJF) United States District Court, District of Delaware (antitrust class action on behalf of all consumers in the United States that indirectly purchased Intel x86 microprocessors);

*In re Vitamin C Antitrust Litigation*, MDL No. 06-1738 (DTG)(JO), United States District Court, Eastern District Of New York (antitrust class action on behalf of all California indirect purchasers of vitamin C);

*In re Polychloroprene Antitrust Cases*, J.C.C.P. No. 4376, Los Angeles Superior Court (antitrust class action on behalf of all California indirect purchasers of polychloroprene rubber);

*In re NBR Cases*, J.C.C.P. No. 4369, San Francisco Superior Court (antitrust class action on behalf of all California indirect purchasers of NBR);

*Carpinelli et al. v. Boliden AB et al.,* Master File No. CGC-04-435547, San Francisco Superior Court (antitrust class action on behalf of all California indirect purchasers of copper tubing);

*Competition Collision Center, LLC v. Crompton Corporation et al.*, Case No. CGC-04-431278, San Francisco Superior Court (antitrust class action on behalf of all California indirect purchasers of plastic additives);

*In re Urethane Cases*, J.C.C.P. No. 4367, San Francisco Superior Court (antitrust class action on behalf of all California indirect purchasers of urethane and urethane chemicals);

*The Harman Press et al. v. International Paper Co. et al.*, (Consolidated Cases) Master File No. CGC-04-432167, San Francisco Superior Court (antitrust class action on behalf of all California indirect purchasers of publication paper);

*In re Label Stock Cases*, J.C.C.P. No. 4314, San Francisco Superior Court (antitrust class action on behalf of all California indirect purchasers of high pressure label stock);

*Richard Villa et al. v. Crompton Corporation et al.,* Consolidated Case No. CGC-03-419116, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of EPDM);

*Russell Reidel et al. v. Norfalco LLC et al.*, Consolidated Case No. CGC-03-418080, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of sulfuric acid);

*Smokeless Tobacco Cases I–IV*, J.C.C.P. Nos. 4250, 4258, 4259 and 4262, San Francisco Superior Court (certified antitrust class action on behalf of California consumers of smokeless tobacco products);

*Electrical Carbon Products Cases*, J.C.C.P. No. 4294, San Francisco Superior Court (Private Entity Cases) (antitrust class action on behalf of California indirect purchasers of electrical carbon products);

*The Vaccine Cases*, J.C.C.P. No. 4246, Los Angeles Superior Court (medical monitoring class action on behalf of children exposed to mercury laden vaccines);

*In re Laminate Cases*, J.C.C.P. No. 4129, Alameda Superior Court (antitrust class action on behalf of California indirect purchasers of high pressure laminate);

*Compact Disk Cases*, J.C.C.P. No. 4123, Los Angeles Superior Court (antitrust class action on behalf of California consumers of prerecorded compact disks);

*Sorbate Prices Cases*, J.C.C.P. No. 4073, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of sorbate);

*In re Flat Glass Cases*, J.C.C.P. No. 4033, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of flat glass products);

*Vitamin Cases*, J.C.C.P. No. 4076, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of vitamins);

*California Indirect Purchaser MSG Antitrust Cases*, Master File No. 304471, San Francisco Superior Court (antitrust class action on behalf of California indirect purchasers of Monosodium Glutamate);

*In re Aspartame Indirect Purchaser Antitrust Litigation*, Master Docket No. 06-1862-LDD, United States District Court, Eastern District of Pennsylvania (antitrust class action on behalf of California indirect purchasers of aspartame); and

*GM Car Paint Cases*, J.C.C.P. No. 4070, San Francisco Superior Court (class action on behalf of all California owners of General Motors vehicles suffering from paint delamination).


**CADIO ZIRPOLI**, born Washington D.C., September 1, 1967; admitted to bar 1995, California and U.S. District Court, Northern District of California. *Education:* University of California, Berkeley (B.A. 1989); University of San Francisco (J.D., *cum laude*, 1995), U.S.F. Law Review 1992–1993. *Member*: State Bar of California; Assistant District Attorney, City and County of San Francisco 1996–2000.

He has the highest rating in Martindale Hubbell, namely, "AV."

———————————————

**WILLIAM J. HEYE**, born Boston, Massachusetts, April 14, 1975 admitted to bar, 2004, California, and U.S. District Court, Northern and Central District of California. *Education*: Brown University (B.A. 1997); University Of California, Hastings College of the Law (J.D. *cum laude* 2004) Hastings International and Comparative Law Review. *Publication*:Note, *Forum Selection for International Dispute Resolution in China—Chinese Courts vs. CIETAC*, 27 Hastings Int'l & Comp. L. Rev. 535 (Spring 2004).

**MELISSA SHAPIRO**, born Los Angeles, California, May 27, 1980, admitted to bar 2006, California, and U.S. District Court, Northern and Central District of California. *Education*: University of Southern California (B.A. 2002); Pepperdine University School of Law (J.D. 2005) Pepperdine Law Review, *Publication*: Comment: *Is Silica the Next Asbestos? An Analysis of the Sudden Resurgence of Silica Lawsuit Filings*, 32 Pepp. L. Rev. 983 (2005).

**TRAVIS L. MANFREDI**, born Fresno, California, March 16, 1980, admitted to bar January 2012, California and U.S. District Court, Northern District of California. *Education*: University of California, Santa Cruz (B.A. 2004); University of San Francisco School of Law (J.D., *cum laude*, 2011): University of San Francisco Law Review Managing Editor, Vol. 45; Member of National Appellate Advocacy Competition team; Research assistant to Professor J. Thomas McCarthy, author of *McCarthy on Trademarks and Unfair Competition*. *Publications*: *Survey,* In re Spirits Int'l, N.V., 563 F.3d 1347 (Fed. Cir. 2009), 14 Intell. Prop. L. Bull. 71 (2009); Note, *Sans Protection: Typeface Design and Copyright in the Twenty-First Century*, 45 U.S.F. L. Rev. 841 (2011). *Member*: State Bar of California.

**DAVID HWU**, born Stanford, California, November 20, 1985; admitted to bar, 2011, California and U.S. District Court, Northern District of California. *Education:* University of California, Berkeley (B.A., 2008). University of San Francisco School of Law (J.D., 2011). *Member*: State Bar of California. *Language*: Chinese.

**CARL N. HAMMARSKJOLD,** born Detroit, Michigan, August 20, 1967; admitted to the bar 2011, California, and U.S. District Court, Northern District of California. *Education*: Pomona College (B.A., 1989); University of San Francisco School of Law (J.D., *summa cum laude*, 2011): Academic Excellence Award; John L. Brennan Award for Creativity and Innovation in Advocacy; Law Review Best Student Note Award; University of San Francisco Law Review (2009–2011); Executive Director, Moot Court Board of Directors (2010–2011); Judicial Extern to the Honorable William Alsup (2010).*Publication*: Comment, *Smokes, Candy, and the Bloody Sword: How Classifying Jailhouse Snitch Testimony as Direct, Rather than Circumstantial, Evidence Contributes to Wrongful Convictions*, 45 U.S.F. L. Rev. 1103 (2011). *Member*: State Bar of California.

**DAVID DORR**, (Paralegal) born Philadelphia, Pennsylvania. *Education:* Arizona State University (B.S. 1987); Thunderbird, The American Graduate School of International Management, (MBA 1998); The Chase Manhattan Bank, N.A. New York, New York, Senior Institutional Trust Administrator, 1990–1995; Charles Schwab Company, San Francisco, Trust Associate, 1996; Independent Corporate Marketing and Personal Finance consultant 1998–2002.

**JAE HYUN LIM**, (Paralegal) born Incheon, South Korea, July 9, 1988. *Education*: University of California, Berkeley (B.A. 2011), Team Waffle Intern Research Analyst (2011). *Language*: Korean.

**SHANNON EASTERLY**, (Paralegal) born Elko, Nevada, February 27, 1986. *Education*: California State University, Northridge (B.A. 2009).

**MICHAELA OGDEN**, (Paralegal) born San Diego, California, March 1, 1990.*Education*: University of Washington (B.A. 2012 with honors).

## OF COUNSEL

**GEOFFREY C. RUSHING,** born San Jose, California, May 21, 1960; admitted to bar, 1986, California and U.S. District Court, Northern District of California.*Education*:University of California, Berkeley, California (A.B. 1982 with honors); University of California, Berkeley, California, Boalt Hall (J.D. 1986).*Member*: State Bar of California.

**LISA SAVERI**, born San Francisco, California, April 10, 1956; admitted to bar, 1983, California and U.S. District Court, Northern District of California; 1987, U.S. District Court, Eastern District of California; 2002, U.S. Court of Appeals, Ninth Circuit and U.S. District Court, Central District of California.*Education:* Stanford University (A.B., Economics, 1978); University of San Francisco (J.D. 1983), U.S.F. Law Review.*Member:* State Bar of California. Associate, Pillsbury Madison & Sutro, 1983–1992; Legal Extern, Hon. Eugene F. Lynch, Judge, United States District Court, Northern District of California (1982); San Francisco Public Defender's Office (Summer 1989). *Publications*: G. Saveri & L. Saveri, Pleading Fraudulent Concealment In An Antitrust Price Fixing Case: Rule 9(b) v. Rule 8, 17 U.S.F.L.Rev. 631 (1983); L. Saveri, Implications of the Class Action Fairness Act for Antitrust Cases: From Filing Through Trial, 15 No. 1, *Competition: J. of the Antitrust and Unfair Competition Law Section of the State Bar of California* 23 (2006); L. Saveri & Co-Author, Does the Cartwright Act Have A Future?, 17 No. 2, *Competition: J. of the Antitrust and Unfair Competition Law Section of the State Bar of California* 31 (2008); L. Saveri & Co-Authors, "California State Antitrust and Unfair Competition Law,"*California State Bar*, Chapter 21: Class Actions in Competition and Consumer Protections Cases (Dec. 2009) and 2010 Update; L. Saveri & Co-Authors, "California State Antitrust and Unfair Competition Law,"*California State Bar*, Chapter 22: Indirect Purchaser Actions, 2010 Update. *Professional Affiliations:* United States District Court, Northern District of California, Special Master, Standing Committee on Professional Conduct (appointment)(2008–2011); State Bar of California, Antitrust and Unfair Competition Law Section, Executive Committee, Member (appointment)(2005–2010), Secretary (2007–2009), First Vice-Chair (2009–2010), Advisory Committee (2010– present).

# CLASS ACTION LITIGATION

The following are some additional class action cases in which the firm of Saveri & Saveri actively participated as class counsel:

*In re NASDAQ Market-Makers Antitrust Litigation*, MDL No. 1023, United States District Court, Southern District of New York.A nationwide class action on behalf of purchasers of securities on the NASDAQ market alleging a violation of the Sherman Act for fixing the spread between the quoted buy and sell prices for the securities sold on the NASDAQ market.

*In re Potash Antitrust Litigation*, MDL No. 981, United States District Court, District of Minnesota, Third Division. A class action on behalf of all direct purchasers of potash throughout the United States alleging a horizontal price fix.

*In re Airline Ticket Commission Antitrust Litigation*, MDL No. 1058, Untied States District Court, District of Minnesota. A class action alleging that the major airlines conspired to fix travel agents' commission rates.

*Pharmaceutical Cases I, II, and III*, Judicial Council Coordination Proceeding Nos. 2969, 2971, and 2972, San Francisco Superior Court. A certified class action on behalf of all California consumers against the major drug manufacturers for fixing the price of all brand name prescription drugs sold in California.

*Perish et. al. v. Intel Corporation*, Civ. No. 755101, Santa Clara Superior Court. A nationwide class action on behalf of purchasers of Intel Pentium chips alleging consumer fraud and false advertising.

*In re Carpet Antitrust Litigation*, MDL No. 1075, United States District Court, Northern District of Georgia, Rome Division.A nationwide class action on behalf of all direct purchasers of polypropylene carpet alleging a horizontal price fix.

*In re California Indirect-Purchaser Plasticware Antitrust Litigation*, Civ. Nos. 961814, 963201, 963590, San Francisco Superior Court.A class action on behalf of indirect purchasers of plasticware alleging price-fixing.

*In re Worlds of Wonder Securities Litigation*; No.C-87-5491 SC, United States District Court, Northern District of California.

*Pastorelli Food Products, Inc. v. Pillsbury Co., et al.*, No. 87C 20233, United States District Court, Northern District of Illinois.

*Red Eagle Resources Corp., et al. v. Baker Hughes Incorporated, et al.*, No. 91-627 (NWB) (Drill Bits Litigation) United States District Court, Southern District of Texas, Houston Division.

*In re Wirebound Boxes Antitrust Litigation*, MDL No. 793, United States District Court, District of Minnesota, Fourth Division. A nationwide class action on behalf of purchasers of wirebound boxes alleging a horizontal price fix.

*In re Bulk Popcorn Antitrust Litigation*, No. 3-89-710, United States District Court, District of Minnesota, Third Division. A nationwide class action on behalf of direct purchasers of bulk popcorn alleging price-fixing.

*Nancy Wolf v. Toyota Sales, U.S.A. and Related Cases*, No. C 94-1359, MHP, 1997 WL 602445 (N.D. Cal. 1997) United States District Court, Northern District of California. A nationwide class action on behalf of Toyota car purchasers alleging consumer fraud.

*Mark Notz v. Ticketmaster - Southern, and Related Cases*, No. 943327, San Francisco Superior Court. A consumer class action alleging a territorial allocation in violation of the Cartwright Act.

*Neve Brothers, et al. v. Potash Corporation, et. al.*, No. 959867, San Francisco Superior Court. A class action on behalf of indirect purchasers of potash in California for price-fixing.

*In re Chrysler Corporation Vehicle Paint Litigation*, MDL No. 1239. Nationwide class action on behalf of owners of delaminating Chrysler vehicles.

*Miller v. General Motors Corporation*, Case No. 98 C 7836, United States District Court, Northern District of Illinois. Nationwide class action alleging a defective paint process which causes automobile paint to peel off when exposed to ordinary sunlight.

## <u>ANTITRUST LITIGATION</u>

The following list outlines some of the Antitrust litigation in which the firm of Saveri & Saveri has been involved:

1. *Union Carbide & Carbon Corp. v. Nisley*, 300 F. 2d 561 (10th Cir. 1960)

2. *Continental Ore. Co. v. Union Carbide and Carbon Corp.*, 370 U.S. 690 (1962)

3. *Public Service C. of N.M. v. General Elec. Co.*, 315 F.2d 306 (10th Cir. 1963)

4. *State of Washington v. General Elec. Co.*, 246 F.Supp. 960 (W.D. Wash. 1965)

5. *Nurserymen's Exchange v. Yoda Brothers, Inc.*

6. *Bel Air Markets v. Foremost Dairies Inc.*, 55 F.R.D. 538 (N.D. Cal. 1972)

7. *In re Western Liquid Asphalt Case*, 487 F.2d 191 (9th Cir. 1973)

8. *In re Gypsum Cases*, 386 F.Supp. 959 (N.D. Cal. 1974)

9.      *City of San Diego, et al. v. Rockwell Manufacturing Company*

10.     *In re Private Civil Treble Damage Actions Against Certain Snack Food Companies*, Civil No. 70-2121-R

11.     *In re Sugar Antitrust Litigation*, MDL No. 201, 559 F.2d 481 (9th Cir. 1977)

12.     *Sun Garden Packing Co. v. International Paper Co., et al.*, No. C-72-52,

13.     *In re Folding Carton Antitrust Litigation*, MDL No. 250

14.     *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 4-72 Civ 435 et al.*, 410 F. Supp. 706 (D.Minn. 1975)

15.     *Building Services and Union Health and Welfare Trust Fund, Plaintiff, v. Charles Pfizer Company, et al.*, No. 4-71 Civ. 435; No. 4-71 Civ. 413

16.     *In re Fine Paper Antitrust Litigation*, MDL No. 325

17.     *In re Armored Car Antitrust Litigation*, CA No. 78-139A, 472 F.Supp. 1357 (N.D. Ga. 1979)

18.     *In re Ocean Shipping Antitrust Litigation*, MDL No. 395, 500 F.Supp. 1235 (3d Cir. 1984)

19.     *In re Corn Derivatives Antitrust Litigation*, MDL No. 414, 500 F.Supp. 1235 (1980)

20.     *In re Coconut Oil Antitrust Litigation*, MDL No. 474

21.     *Garside v. Everest & Jennings Intern.*, 586 F.Supp. 389 (D.C. Cal. 1984)

22.     *Lorries Travel & Tours, Inc. v. SFO Airporter Inc.*, 753 F.2d 790 (9th Cir. 1985)

23.     *O'Neill Meat Co. v. Eli Lilly and Company, et al.*, No. 30 C 5093

24.     *In re Records and Tapes Antitrust Litigation*, No.82 C 7589, 118 F.R.D. 92 (N.D. Ill 1987)

25.     *In re Industrial Gas Antitrust Litigation*, No. 80 C 3479, 100 F.R.D. 280 (N.D. Ill 1987)

26.     *Matter of Superior Beverages/Glass Container Consolidated Pretrial*, No. 83-C512, 137 F.R.D. 119 (N.D. Ill 1990)

27.     *Big D. Building Corp. v. Gordon W. Wattles, et al.*, MDL No. 652

28.     *In re Insurance Antitrust Litigation*, MDL No. 767

29. ***In re Wirebound Boxes Antitrust Litigation***, MDL No. 793

30. ***In re Domestic Air Transp. Antitrust Litigation***, MDL No. 861, 144 F.R.D. 421 (N.D. Ga. 1992)

31. ***In re Infant Formula Antitrust Litigation***, MDL No. 878

32. ***Finnegan v. Campeau Corp.***, 915 F.2d 824 (2d Cir. 1990)

33. ***In re Carbon Dioxide Industry Antitrust Litigation***, MDL No. 940, 155 F.R.D. 209

34. ***In re Medical X-Ray Film Antitrust Litigation***, No. CV 93-5904, FB

35. ***In re Bulk Popcorn Antitrust Litigation***, 792 F.Supp. 650 (D.Minn. 1992)

36. ***In re Baby Food Antitrust Litigation***, No. 92-5495, NHP

37. ***In re Potash Antitrust Litigation***, MDL No. 981

38. ***In re Brand Name Prescription Drugs Antitrust Litigation***, MDL No. 997

39. ***In re Citric Acid Antitrust litigation***, MDL No. 1092

40. ***In re NASDAQ Market-Makers Antitrust Litigation***, MDL No. 1023

41. ***In re Airline Ticket Commission Antitrust Litigation***, MDL No. 1058

42. ***Pharmaceutical Cases I, II, and III***, J.C.C.P. Nos. 2969, 2971, and 2972, San Francisco Superior Court

43. ***In re Carpet Antitrust Litigation***, MDL No. 1075

44. ***In re California Indirect-Purchaser Plastic Ware Antitrust Litigation***, Nos. 961814, 963201, 963590, San Francisco Superior Court

45. ***Pastorelli Food Products, Inc. v. Pillsbury Co., et al.***, No. 87C 20233

46. ***Red Eagle Resources Corp., et al. v. Baker Hughes Incorporated, et al.***, No. 91-627 (NWB) (Drill Bits Litigation)

47. ***Mark Notz v. Ticketmaster - Southern, and Related Cases***, No. 943327, San Francisco Superior Court

48. ***Neve Brothers, et al. v. Potash Corporation, et al.***, No. 959867, San Francisco Superior Court

49. ***Food Additives (Citric Acid) Cases***, J.C.C.P. No. 3625, Master File No. 974-120

50. ***Biljac v. Bank of America, et al.***

51. ***Diane Barela, et al v. Ralph's Grocery Company, et al.***, No. BC070061,Los Angeles Superior Court

52. ***Leslie K. Bruce, et al v. Gerber Products Company, et al.***, No. 948-857,San Francisco Superior Court

53. ***In re California Indirect Purchaser Medical X-Ray Film Antitrust Litigation***, Master File No. 960886

54. ***Lee Bright v. Kanzaki Specialty Papers, Inc., et al.***, No. 963-598,San Francisco Superior Court

55. ***Neve Brothers v. Potash Corporation of America, et al.***, No. 959-767,San Francisco Superior Court

56. ***Gaehwiler v. Sunrise Carpet Industries Inc., et al.***, No. 978345,San Francisco Superior Court

57. ***In re Commercial Tissue Products Antitrust Litigation***, MDL No. 1189

58. ***Sanitary Paper Cases I and II***, Judicial Council Coordination Proceedings Nos. 4019 & 4027

59. ***Gaehwiler v. Aladdin Mills, Inc., et al.***, No. 300756,San Francisco Superior Court

60. ***In re Flat Glass Antitrust Litigation***, MDL No. 1200

61. ***Flat Glass Cases***, J.C.C.P. No. 4033

62. ***Sorbate Prices Cases***, J.C.C.P. No. 4073

63. ***In re Stock Options Trading Antitrust Litigation***, MDL No. 1283

64. ***In re Vitamin Antitrust Litigation***, MDL No. 1285

65. ***In re Sorbates Direct Purchaser Antitrust Litigation***, Master File No. C 98-4886 CAL

66. ***Vitamin Cases***, J.C.C.P. No. 4076

67. ***In re PRK/Lasik Consumer Litigation***, Master File No. CV 772894, Santa Clara Superior Court

68.  *In re Nine West Shoes Antitrust Litigation*, Master File No. 99-CV-0245 (BDP)

69.  *Food Additives (HFCS) Cases*, J.C.C.P. No. 3261

70.  *In re Toys "R" Us Antitrust Litigation*, MDL No. 1211

71.  *Cosmetics Cases*, J.C.C.P. No. 4056

72.  *In re Methionine Antitrust Litigation*, MDL No. 1311

73.  *Bromine Cases*, J.C.C.P. No. 4108

74.  *Fu's Garden Restaurant v. Archer-Daniels-Midland, et al.,* No. 304471,San Francisco Superior Court

75.  *Thomas & Thomas Rodmakers, Inc., et al. v. Newport Adhesives and Composites, Inc., et al.*, No. CV 99-07796 GHK

76.  *In re Monosodium Glutamate Antitrust Litigation*, MDL No. 1328

77.  *California Indirect Purchaser Auction House Cases*, Master Case No. 310313

78.  *In re Cigarette Antitrust Litigation*, MDL No. 1342

79.  *Cigarette Price Fixing Cases*, J.C.C.P. No. 4114

80.  *Microsoft Cases*, J.C.C.P. No. 4106

81.  *Compact Disk Cases*, J.C.C.P. No. 4123

82.  *In re Compact Disc Minimum Advertised Price Antitrust Litigation*, MDL No. 1361

83.  *In re Ciprofloxacin Hydrochloride Antitrust Litigation*, MDL No. 1383

84.  *In re Buspirone Antitrust Litigation*, MDL No. 1413

85.  *In re K-Durr Prescription Drug Antitrust Litigation*, MDL No. 1419

86.  *Carbon Cases*, J.C.C.P. Nos. 4212, 4216 and 4222

87.  *In re Polychloroprene Antitrust Cases*, J.C.C.P. No. 4376

88.  *In re Urethane Cases*, J.C.C.P. No. 4367

89. ***The Harman Press et al. v. International Paper Co. et al.***, (Consolidated Cases) Master File No. CGC-04-432167

90. ***In re Label Stock Cases***, J.C.C.P. No. 4314

91. ***Richard Villa et al. v. Crompton Corporation et al.***, Consolidated Case No. CGC-03-419116, San Francisco Superior Court

92. ***Russell Reidel et al. v. Norfalco LLC et al.***, Consolidated Case No. CGC-03-418080, San Francisco Superior Court

93. ***Smokeless Tobacco Cases I-IV***, J.C.C.P. Nos. 4250, 4258, 4259, and 4262, San Francisco Superior Court

94. ***Natural Gas Antitrust Cases,*** J.C.C.P. No. 4312

95. ***In re Western States Wholesale Natural Gas Litigation***, MDL No. 1566

96. ***In re Automotive Refinishing Paint Cases***, J.C.C.P. No. 4199

97. ***Young et al. v. Federated Department Stores, Inc.***, No. C-04-3514-VRW, United States District Court, Northern District of California

98. ***In re Credit/Debit Card Tying Cases***, J.C.C.P. No. 4335

99. ***In re NBR Cases***, J.C.C.P. No. 4369

100. ***Competition Collision Center, LLC v. Crompton Corporation et al.***, No. CGC-04-431278, San Francisco Superior Court

101. ***In re Urethane Chemicals Antitrust Litigation***, MDL No. 1616

102. ***In re Rubber Chemicals Antitrust Litigation***, MDL No. 1648

103. ***Carpinelli et al. v. Boliden AB et al.,*** Master File No. CGC-04-435547, San Francisco Superior Court

104. ***Automobile Antitrust Cases I and II***, J.C.C.P. Nos. 4298 and 4303

105. ***In re Currency Conversion Fee Antitrust Litigation***, MDL No. 1409

106. ***In re Dynamic Random Access Memory (DRAM) Antitrust Litigation***, MDL No. 1486

107. ***In re Publication Paper Antitrust Litigation***, MDL No. 1631

108. ***In re Insurance Brokerage Antitrust Litigation,*** MDL No. 1663

109.    *In re Hydrogen Peroxide Antitrust Litigation*, MDL No. 1682

110.    *In re Intel Corp. Microprocessor Antitrust Litigation*, MDL No. 1717

111.    *In re Air Cargo Shipping Services Antitrust Litigation*, MDL No. 1775

112.    *In re International Air Transportation Surcharge Antitrust Litigation*, MDL No. 1793

113.    *Carbon Black Cases*, J.C.C.P. No. 4323

114.    *Madani, et al. v. Shell Oil Co., et al.*, No. 07-CV-04296 MJJ

115.    *In re Static Random Access Memory (SRAM) Antitrust Litigation*, MDL No. 1819

116.    *In re Flash Memory Antitrust Litigation,* No. 4:07-CV-00086 SBA

117.    *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827

118.    *In re Korean Air Lines Co., Ltd., Antitrust Litigation*, MDL No. 1891

119.    *In re Fasteners Antitrust Litigation*, MDL No. 1912

120.    *In re Transpacific Passenger Air Transportation Antitrust Litigation*, MDL No. 1913

121.    *In re Cathode Ray Tube (CRT) Antitrust Litigation,* MDL No. 1917

122.    *In re Chocolate Confectionary Antitrust Litigation,* MDL No. 1935

123.    *In re Flat Glass Antitrust Litigation (II),* MDL No. 1942

124.    *In re Municipal Derivatives Antitrust Litigation,* MDL No. 1950

125.    *In re Aftermarket Filters Antitrust Litigation,* MDL No. 1957

126.    *In re Puerto Rican Cabotage Antitrust Litigation,* MDL No. 1960

127.    *In re Hawaiian and Guamanian Cabotage Antitrust Litigation,* MDL No. 1972

128.    *In re California Title Insurance Antitrust Litigation,* No. 08-01341 JSW

129.    *In re Optical Disk Drive (ODD) Antitrust Litigation*, MDL. No. 2143

130.    *Kleen Products LLC, et al. v. Packaging Corporation of America, et al.*, No. 10-5711

131.    ***In re Automotive Parts Antitrust Litigation***, MDL No. 2311

132.    ***In re On-Line Travel Company (OTC)/Hotel Booking Antitrust Litigation***, MDL No. 2405

133.    ***In re Lithium Ion Batteries Antitrust Litigation,*** MDL No. 2420

# EXHIBITS 138–139
## [Documents Submitted Under Seal]

# EXHIBIT 140

technicolor

ANNUAL REPORT **2011**
including the Annual Financial Report

## Cathode Ray Tubes Investigations

On November 28, 2007, Technicolor USA, Inc. (US) (formerly Thomson, Inc.) received a subpoena issued on behalf of the Antitrust Division of the U.S. Department of Justice ("DOJ") investigating alleged anticompetitive conduct in the Cathode Ray Tubes ("CRT") industry, including Color Picture Tubes ("CPT") and Color Display Tubes ("CDT") businesses.

In addition, class action law suits asserting private antitrust claims were filed in early 2008 in the United States that originally named Thomson and others as defendants, although Thomson/Technicolor was dropped as a named defendant when amended complaints were filed in the spring of 2009.

On January 9, 2008, Thomson/Technicolor received a request under art 18 (2) of Council Regulation n°1/2003 from the European Commission (the "EC") also relating to the CRT industry. Thomson/Technicolor received three further requests for information from the EC on January 16, 2009, January 19, 2009, and September 15, 2009 respectively.

Thomson/Technicolor sold its CPT business in 2005 and never had activity in the CDT business. The Company has taken measures it considers appropriate to investigate the background to, and respond to, the subpoena and the EC requests.

On November 25, 2009, Thomson/Technicolor received a Statement of Objections ("SO") from the European Commission. The SO is an intermediate step in the EC's investigation and, therefore, is not in the nature of a final decision by the EC.

On March 3, 2010, Thomson/Technicolor filed its written response to the "SO". On May 26 and 27, 2010, Thomson/Technicolor attended an Oral Hearing together with the other parties and the European Commission. Thomson/Technicolor stated that it played a minor role in the alleged anticompetitive conduct. Thomson/Technicolor also informed the European Commission about its financial situation and continues to cooperate closely with the European Commission. The EC should render its decision in 2012, but the Company considers that the timetable for the remainder of this proceeding cannot be accurately determined.

On April 29, 2010 Technicolor's Brazilian affiliate received notice from the Brazilian Ministry of Justice indicating Brazilian authorities are initiating an investigation of possible cartel activity within the CRT industry in Brazil.

The Board of Directors has conducted a thorough examination of the risk associated with these proceedings and has determined that at this stage there are too many uncertainties to assess the extent of any liability that Technicolor may incur in consequence of these investigations. Given these conditions, the criteria for establishing a reserve are not satisfied.

## Environmental matters

A certain number of Technicolor's current and previously-owned manufacturing sites have an extended history of industrial use. Soil and groundwater contamination, which occurred at some sites, may occur or be discovered at other sites in the future. Industrial emissions at sites that Technicolor has built or acquired expose the Group to remediation costs. The Group has identified certain sites at which chemical contamination has required or will require remedial measures.

Soil and groundwater contamination was detected at a former production facility in Taoyuan, Taiwan acquired in the 1987 transaction with General Electric Company and Technicolor's affiliate in Taiwan owned the facility from approximately 1988 to 1992, when it was sold to an entity outside the Group. Soil remediation was completed in 1998.

In 2002, the Taoyuan Environmental Protection Bureau ordered remediation of the groundwater underneath the former facility. The groundwater remediation process is underway.

It is Technicolor's position that General Electric Company has a contractual obligation to indemnify Technicolor with respect to certain liabilities resulting from activities that occurred prior to the 1987 agreement with General Electric. General Electric denies the existence of any such obligations to Technicolor.

To date, TCETVT has incurred approximately U.S.$11 million in remediation costs. In the class action case referenced above under "Taoyuan County Former RCA Employees' Solicitude Association", TCETVT has incurred approximately U.S.$6.3 million to date to defend the action. It is TCETVT's position that General Electric is responsible for most if not all of the costs incurred by TCETVT for both matters, including all future costs and any judgment awarded.

In addition to soil and groundwater contamination, the Group sells or has sold in the past products which are subject to recycling requirements and is exposed to changes in environmental legislation affecting these requirements in various jurisdictions.

The Group believes that the amounts reserved and the contractual guaranties provided by its contracts for the acquisition of certain production assets will enable it to reasonably cover its safety, health and environmental obligations. However, potential problems cannot be predicted with certainty and it cannot be assumed that these reserve amounts will be precisely adequate.

In addition, future developments such as changes in governments or in safety, health and environmental laws or the discovery of new risks could result in increased costs and liabilities that could have a material effect on the Group's financial condition or results of operations. Based on current information and the provisions established for the uncertainties described above, the Group does not believe it is exposed to any material adverse effects on its business, financial condition or result of operations arising from its environmental, health and safety obligations and related risks.