| | |
|---|---|
| 1 | Eliot A. Adelson (SBN 205284) |
| 2 | James Maxwell Cooper (SBN 284054)<br>KIRKLAND & ELLIS LLP |
| 3 | 555 California Street, 27th Floor<br>San Francisco, CA 94104 |
| 4 | Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500 |
| 5 | Email: eadelson@kirkland.com<br>Email: max.cooper@kirkland.com |
| 6 | James H. Mutchnik, P.C. (*pro hac vice*) |
| 7 | Barack Echols *(pro hac vice)*<br>Kate Wheaton (*pro hac vice*) |
| 8 | KIRKLAND & ELLIS LLP<br>300 North LaSalle |
| 9 | Chicago, IL  60654<br>Telephone: (312) 862-2000 |
| 10 | Facsimile: (312) 862-2200<br>Email: jmutchnik@kirkland.com |
| 11 | Email: bechols@kirkland.com<br>Email: kate.wheaton@kirkland.com |
| 12 | Attorneys for Defendants |
| 13 | HITACHI, LTD., HITACHI DISPLAYS, LTD.<br>(n/k/a JAPAN DISPLAY INC.), HITACHI |
| 14 | AMERICA, LTD., HITACHI ASIA, LTD.,<br>AND HITACHI ELECTRONIC DEVICES |
| 15 | (USA), INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. Master File No. 3:07-cv-05944-SC<br><br>MDL NO. 1917 |
| This Document Relates to:<br><br>*All Indirect Purchaser Actions*<br><br>*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.,* No. 3:11-cv-01656-SC;<br><br>*Alfred H. Siegel as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, No. 3:11-cv-05502-SC; | **DECLARATION OF ELIOT A. ADELSON IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-5(d) AND 7-11 RE HITACHI DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BASED UPON WITHDRAWAL AND THE STATUTES OF LIMITATIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

ADELSON DECLARATION RE HITACHI'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE
WITHDRAWAL AND STATUTES OF LIMITATIONS

CASE NO.: 3:07-cv-05944-SC
MDL NO.: 1917

1  *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 3:11-cv-05513-SC;

2

3  *Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 3:11-cv-05514-SC;

4

5  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 3:11-cv-05514-SC

6

7  *Interbond Corporation of America, d/b/a BrandsMart USA v. Hitachi, et al.,* No. 3:11-cv-06275-SC;

8

9  *Office Depot, Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06276-SC;

10

11  *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06396-SC;

12

13  *Costco Wholesale Corporation v. Hitachi, Ltd., et al.,* No. 3:11-cv-06397-SC;

14

15  *P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.,* No. 3:12-cv-02648-SC;

16  *Schultze Agency Services, LLC on behalf of Tweeter OPCO, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.,* No. 3:12-cv-02649-SC;

17

18  *Tech Data Corporation, et al. v. Hitachi, Ltd., et al.,* No. 3:13-cv-00157-SC

19

20

21

22

23

24

25

26

27

28

I, Eliot A. Adelson, declare as follows:

1. I am an attorney licensed to practice in the State of California and the Northern District of California. I am a partner with the firm of Kirkland & Ellis LLP, and counsel for Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Defendants"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. I submit this declaration in support of Hitachi Defendants' Administrative Motion to File Under Seal Pursuant to Civil Local Rules 79-5(d) and 7-11. I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain documents containing Confidential and Highly Confidential information and submitted to the Court in connection with the Hitachi Defendants' Notice of Motion and Motion for Summary Judgment Based Upon Withdrawal and the Statutes of Limitations and Memorandum of Points and Authorities In Support Thereof ("Withdrawal Motion") are sealable.

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On November 7, 2014, the Hitachi Defendants filed an Administrative Motion to Seal, and lodged conditionally under seal, the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

   a. Portions of the Withdrawal Motion that contain quotations or information from documents and/or deposition testimony that certain Plaintiffs and Defendants have designated "Confidential" or "Highly Confidential"; and

   b. Exhibits 3, 7, 9, 20, and 23 attached to the Declaration of Eliot Adelson in Support of the Hitachi Defendants' Notice of Motion and Motion For Summary Judgment Based Upon Withdrawal and The Statutes of Limitations and Memorandum of Points and Authorities In Support Thereof ("Adelson Declaration"), which quote from, summarize, or are documents or deposition testimony that the Hitachi Defendants have designated "Confidential" or "Highly Confidential."

4. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Hitachi Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Hitachi Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Withdrawal Motion.

5. Exhibit 3 to the Adelson Declaration is a true and correct copy of excerpts from the Expert Report of Vandy Howell, Ph.D. dated April 15, 2014, designated by Hitachi Defendants as "Highly Confidential."

6. Exhibit 7 to the Adelson Declaration is a true and correct copy of excerpts from the deposition of Lloyd Thomas Heiser, taken on July 3, 2012, designated by Hitachi Defendants as "Highly Confidential."

7. Exhibit 9 to the Adelson Declaration is a true and correct copy of excerpts from the deposition of Lloyd Thomas Heiser, taken on March 18-19, 2014, designated by Hitachi Defendants as "Highly Confidential."

8. Exhibit 20 to the Adelson Declaration is a true and correct copy of an email from Gerard Corbett sent on February 28, 2002 with document identification numbers HEDUS-CRT00169265 - HEDUS-CRT00169267, designated by Hitachi Defendants as "Confidential."

9. Exhibit 23 to the Adelson Declaration is a true and correct copy of the letter from Yosuke Nakanishi dated January 11, 2002 with document identification numbers HEDUS-CRT00001721, designated by Hitachi Defendants as "Confidential."

10. Upon information and belief, the documents and testimony referred to or contained in Exhibits 3, 7, 9, 20, and 23 contain confidential, nonpublic, proprietary and highly sensitive business information about the Hitachi Defendants' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and/or competitive positions. These documents describe relationships with companies that remain important to the Hitachi Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Hitachi Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the

1  Hitachi Defendants at a competitive disadvantage.

2        11.     The highlighted portions of the Withdrawal Motion quote from, describe, or contain documents or information designated as "Confidential" or "Highly Confidential" by the Hitachi Defendants pursuant to the Stipulated Protective Order, including Exhibit 3, 7, 9, 20, and 23 to the Adelson Declaration. I understand that Hitachi considers any statements in the Withdrawal Motion purporting to summarize the exhibits or any other documents or information designated as "Confidential" or "Highly Confidential" by the Hitachi Defendants is confidential and proprietary. I am informed and believe that the Hitachi Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 3, 7, 9, 11, 20, and 23, and referenced in the Withdrawal Motion.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: November 7, 2014

By: */s/ Eliot A. Adelson*

Eliot A. Adelson
James Maxwell Cooper
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD. (n/k/a JAPAN DISPLAY INC.), HITACHI AMERICA, LTD., HITACHI ASIA, LTD., AND HITACHI ELECTRONIC DEVICES (USA), INC.