GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

---

This Document Relates To:

*Best Buy Co. Inc. et al. v. Hitachi, Ltd. et al.*, No. 3:11-cv-05513-SC

*CompuCom Sys., Inc. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06396-SC

*Interbond Corp. of Am. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06275-SC

*Office Depot, Inc. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06276-SC

*P.C. Richard & Son Long Island Corp. et al. v. Hitachi, Ltd. et al.*, No. 3:12-cv-02648-SC

*Sears, Roebuck and Co. et al. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 3:11-cv-05514-SC

*Target Corp. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 3:11-cv-05514-SC

Master File No. 3:07-CV-5944 SC
MDL No. 1917

**DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS**

Date: February 6, 2015
Time: 10:00 A.M.
Judge: Hon. Samuel Conti

**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

PLEASE TAKE NOTICE that on February 6, 2015, at 10:00 A.M., or as soon thereafter as the matter may be heard, in Courtroom 1, 17th Floor, San Francisco, California, before the Honorable Samuel Conti, Defendants Chunghwa Picture Tubes, Ltd. ("CPT") and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. ("CPTM") will and hereby do move for summary judgment under Federal Rule of Civil Procedure 56 on the following state law claims asserted by the following Plaintiffs:

1. On the claims Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; and Magnolia Hi-Fi, LLC (collectively, "Best Buy") have alleged under the laws of Minnesota;

2. On the claims Plaintiff CompuCom Systems, Inc. ("CompuCom") has alleged under the laws of California and New York;

3. On the claims Plaintiff Interbond Corporation of America ("BrandsMart") has alleged under the laws of Florida;

4. On the claims Plaintiff Office Depot, Inc. ("Office Depot") has alleged under the laws of California and Florida;

5. On the claims Plaintiffs P.C. Richard & Son Long Island Corp. ("P.C. Richard & Son") has alleged under the laws of New York; MARTA Cooperative of America, Inc. ("MARTA") has alleged under the laws of Arizona and Illinois; and ABC Appliance, Inc. ("ABC Appliance") has alleged under the laws of Michigan;

6. On the claims Plaintiffs Sears, Roebuck and Co. ("Sears") and Kmart Corp. ("Kmart") have alleged under the laws of California, Arizona, Florida, Illinois, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, and Wisconsin;[1] and

///

///

[1] Sears and Kmart stipulated to dismissal of their Massachusetts state-law claims on November 6, 2014. ECF No. 2962. CPT and CPTM move on those claims to the extent that stipulation is not entered as an order.

1

CPT AND CPTM'S MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS – MASTER CASE NO. 07-CV-5944 SC

7. On the claims Plaintiff Target Corp. ("Target") has alleged under the laws of California, Arizona, Florida, Illinois, Iowa, Kansas, Michigan, Minnesota, New York, North Carolina, and Wisconsin.[2]

This Motion is based on the grounds that the undisputed facts and evidence of record show that CPT and CPTM have no significant contacts with any of the various states, that no Plaintiff purchased any product from CPT or CPTM, that no Plaintiff purchased any allegedly price-fixed cathode ray *tube* made by CPT or CPTM in any of the states under which laws it brings state-law claims, and that neither CPT nor CPTM otherwise engaged in any conspiratorial conduct in any of those states; consequently, the application of those states' laws to CPT and CPTM would be "arbitrary" and "fundamentally unfair" in violation of the Due Process Clause of the Fourteenth Amendment. *See* U.S. Const. amend. XIV, § 1; *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 313 (1981); *AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106, 1114 (9th Cir. 2013).

CPT and CPTM therefore seek an order granting summary judgment in their favor on the above claims. This motion is based on this Notice of Motion; the following Memorandum of Points and Authorities; the accompanying Declaration of Yang Sheng-Jen; the accompanying Declaration of Wang Chi Cheng; the accompanying Declaration of Rachel S. Brass; the files in these actions; argument of counsel; and such other matters as the Court may consider.

DATED: November 7, 2014                GIBSON, DUNN & CRUTCHER LLP

                                       By:  /s/ *Rachel S. Brass*
                                              Rachel S. Brass

                                       Attorneys for Defendants
                                       CHUNGHWA PICTURE TUBES, LTD. and
                                       CHUNGHWA PICTURE TUBES (MALAYSIA) SDN.
                                       BHD.

---

[2] Target stipulated to dismissal of all of its state-law claims on November 6, 2014. ECF No. 2961. CPT and CPTM move on Target's state-law claims to the extent that stipulation is not entered as an order.

**TABLE OF CONTENTS**

Page

I. ISSUE PRESENTED ........ 1

II. INTRODUCTION ........ 1

III. UNDISPUTED MATERIAL FACTS ........ 2

IV. ARGUMENT ........ 3

A. CPT And CPTM Have No Significant Contacts With The Various States. ........ 4

B. CPT And CPTM's Alleged Conduct Giving Rise To The Litigation Did Not Occur In The Relevant States. ........ 7

C. Many Of The Relevant States' Laws Apply Only To Intrastate Conduct. ........ 10

V. CONCLUSION ........ 11

i

CPT AND CPTM'S MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS – MASTER CASE NO. 07-CV-5944 SC

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alaska Packers Ass'n v. Indus. Accident Comm'n of Cal.*,
294 U.S. 532 (1935) .......... 5

*Allstate Ins. Co. v. Hague*,
449 U.S. 302 (1981) .......... 2, 3, 4, 5, 6, 7, 9

*AT&T Mobility LLC v. AU Optronics Corp.*,
707 F.3d 1106 (9th Cir. 2013) .......... 2, 5, 6, 8, 9

*Aurora Cable Communc'ns, Inc. v. Jones Intercable, Inc.*,
720 F. Supp. 600 (W.D. Mich. 1989) .......... 10

*Beaver v. Inkmart, LLC*,
No. 12-60028, 2012 WL 4005970 (S.D. Fla. Sep. 12, 2012) .......... 10

*Cardillo v. Liberty Mut. Ins. Co.*,
330 U.S. 469 (1947) .......... 5

*Carnival Corp. v. Rolls-Royce PLC*,
No. 08-23318, 2009 WL 3861450 (S.D. Fla. Nov. 17, 2009) .......... 10

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .......... 3

*Ciardi v. Hoffman-La Roche, Ltd.*,
762 N.E.2d 303 (Mass. 2002) .......... 10

*Clay v. Sun Ins. Office, Ltd.*,
377 U.S. 179 (1964) .......... 5

*Fairbank v. Wunderman Cato Johnson*,
212 F.3d 528 (9th Cir. 2000) .......... 3

*Five for Entm't v. Rodriguez*,
877 F. Supp. 2d 1321 (S.D. Fl. 2012) .......... 10

*Hanson v. Denckla*,
357 U.S. 235 (1958) .......... 9

*Hartford Accident & Indem. Co. v. Delta & Pine Land Co.*,
292 U.S. 143 (1934) .......... 5

*Home Ins. Co. v. Dick*,
281 U.S. 397 (1930) .......... 5

*In re Digital Music Antitrust Litig.*,
812 F. Supp. 2d 390 (S.D.N.Y. 2011) .......... 10

*In re Microsoft Corp. Antitrust Litig.*,
MDL No. 1332, 2003 WL 22070561 (D. Md. Aug. 22, 2003) .......... 10

ii

CPT AND CPTM'S MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS – MASTER CASE NO. 07-CV-5944 SC

*J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011) .......... 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .......... 3, 4

*Millennium Commc'ns & Fulfillment, Inc. v. Office of Att'y Gen.*, 761 So.2d 1256 (Fla. Dist. Ct. App. 2000) .......... 10

*Olstad v. Microsoft Corp.*, 700 N.W.2d 139 (Wis. 2005) .......... 10, 11

*Pecover v. Electronic Arts Inc.*, No. C 082820, 2010 WL 8742757 (N.D. Cal. Dec. 21, 2010) .......... 5

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) .......... 5, 7

*Standard Oil Co. of Ky. v. State*, 65 So. 468 (Miss. 1914) .......... 10

*Walden v. Fiore*, 134 S. Ct. 1115 (2014) .......... 6

**Statutes**

Ariz. Rev. Stat. § 44-1402 .......... 10

Mass. Gen. Laws Ch. 93A § 11 .......... 10

Mich. Comp. Laws Ann. § 445.771 .......... 10

Mich. Comp. Laws Ann. § 445.771(b) .......... 10

Neb. Rev. Stat. § 59-801 .......... 10

Nev. Rev. Stat. § 598A.060 .......... 10

**Rules**

Fed. R. Civ. P. 56(c) .......... 3

iii

Gibson, Dunn & Crutcher LLP

CPT AND CPTM'S MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS – MASTER CASE NO. 07-CV-5944 SC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. ISSUE PRESENTED

Whether summary judgment should be granted on due process grounds in favor of Defendants Chunghwa Picture Tubes, Ltd. ("CPT") and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. ("CPTM") as to Plaintiffs' various state law claims when undisputed evidence demonstrates that Plaintiffs never dealt with either Defendant, Plaintiffs never purchased any allegedly price-fixed tube made by either Defendant, and neither CPT nor CPTM otherwise had significant contacts with the various states.[3]

## II. INTRODUCTION

CPT is a Taiwanese component manufacturer that operated its cathode ray tube ("CRT" or "tube") business almost entirely in Asia and whose allegedly price-fixed cathode ray tubes Plaintiffs never purchased. CPTM is a now-defunct Malaysian component manufacturer that similarly operated its tube business almost entirely in Asia. Neither CPT nor CPTM ever sold, or attempted to sell, tubes or anything else to Plaintiffs. Plaintiffs' only connection to CPT and CPTM is that some of them claim to have purchased finished products from third parties that contained tubes made by CPT or CPTM. Neither CPT nor CPTM engaged in any conspiratorial conduct in any state in the United States, including Arizona, California, Florida, Illinois, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, or Wisconsin (collectively, the "relevant states" or the "various states"). Accordingly, CPT and CPTM never had any reason to expect they could be subjected to the laws of the various states for the overseas manufacture and sale of tubes based on the downstream purchase from independent third parties of finished products containing those tubes. Under these circumstances, it would be arbitrary and unfair in violation of due process to apply those states' laws to CPT or CPTM.

---

[3] At issue in this Motion are Best Buy's Minnesota claims; BrandsMart's Florida claims; CompuCom's California and New York claims; Office Depot's California and Florida claims; MARTA's Arizona and Illinois claims; ABC Appliance's Michigan claims; P.C. Richard & Son's New York claims; Sears and Kmart's California, Arizona, Florida, Illinois, Massachusetts, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, and Wisconsin claims; and Target's California, Arizona, Florida, Illinois, Iowa, Kansas, Michigan, Minnesota, New York, North Carolina, and Wisconsin claims.

To apply a state's law consistent with due process, Plaintiffs must establish that state had significant contacts with (1) the "parties"—which includes plaintiffs *and* each individual defendant to which Plaintiffs seek to apply that law, and (2) the "occurrence or transaction giving rise to the litigation"—which is the purchase of price-fixed cathode ray *tubes*, not finished products incorporating tubes. *See Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308 (1981); *AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106, 1113-14 (9th Cir. 2013) ("*AT&T*"); *see also* Order re Finished Products, ECF No. 996 (alleged conspiracy relates only to tubes, not finished products containing tubes). Based on the undisputed facts of record, Plaintiffs cannot demonstrate either prong of the *Allstate* test for any of their various state law claims. CPT and CPTM therefore respectfully request that this Court enter summary judgment against Plaintiffs on their state law claims.

## III. UNDISPUTED MATERIAL FACTS

CPT is a Taiwanese company that previously engaged in the business of manufacturing cathode ray tubes. *See* Decl. of Yang Sheng-Jen in Supp. of CPT's Mot. for Summ. J. ¶¶ 2, 4 [hereinafter "Yang Decl."]. It manufactured those CRTs in Taiwan. *Id.* ¶ 4. CPTM is a now defunct subsidiary of CPT. *Id.* ¶ 3. It previously engaged in the business of manufacturing cathode ray tubes in Malaysia. *Id.* ¶ 4.

CPT and CPTM did not manufacture finished products containing tubes. *Id.* ¶ 6. Instead, each sold the tubes it made to other companies, which then incorporated them into finished products. During the alleged conspiracy period, the vast majority of tubes manufactured by CPT and CPTM were incorporated into computer monitors (color display tubes) or televisions (color picture tubes). *Id.* ¶ 5. The companies that purchased tubes from CPT and CPTM were almost entirely located in Asia. *Id.* ¶ 8. Nearly 95% of their tube sales were to customers in Asia, and less than 2% were to customers in the United States. *Id.*

During the period from 1995 through 2007, CPT and CPTM had no presence or significant contacts in the various states: they never manufactured tubes, were not qualified to do business, did not conduct any advertising or marketing, had no offices or facilities, had no mailing address or telephone listing, had no real property, made no registrations, had no bank accounts or assets, had no product inventory, filed no state taxes, had no records, and held no formal or informal meetings of

their directors or officers. Yang Decl. ¶¶ 26-38. Neither CPT nor CPTM ever engaged in conspiratorial conduct in any of the various states. They never sold anything or attempted to sell anything, including tubes, to Plaintiffs Best Buy, BrandsMart, CompuCom, Office Depot, P.C. Richard & Son, MARTA, ABC Appliance, Sears, Kmart, or Target. *Id.* ¶¶ 9-25. Neither CPT nor CPTM ever sold any tubes in Arizona, Florida, Kansas, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, or Wisconsin. *Id.* ¶ 8.[4]

## IV. <u>ARGUMENT</u>

Summary judgment should be granted when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat a motion for summary judgment, a non-moving party bearing the burden of proof "must do more than simply show that there is some metaphysical doubt as to the material facts" by identifying "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *see Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) ("[A] moving defendant may shift the burden of producing evidence to the nonmoving plaintiff merely by 'showing'—that is, pointing out through argument—the absence of evidence to support plaintiff's

---

[4] CPT and CPTM had isolated and *de minimis* sales in certain of the states at issue here: 0.001% of their sales during the relevant period were in Illinois (CPT and CPTM color display tube sales of less than 3,000 units to three customers in 1998-2000 and 2004); 0.002% in Iowa (CPTM color picture tube sales of about 5,000 units to one customer in 2005); and 0.012% in New York (CPT color display tube sales of less than 25,000 units to two customers in 1994, 1997, and 1998). *See* Decl. Wang Chi Cheng in Supp. of CPT's Mot. for Summ. J. ¶ 2. They also sold around 500,000 tubes to a handful of customers in California during the relevant period (approximately 0.21% of total sales) and CPT sold around 700,000 color display tubes to a single customer in North Carolina from 1994-1997 (approximately 0.44% of total sales). *Id.* None of those customers are "parties" to the litigation, *Allstate*, 449 U.S. at 308, and Plaintiffs have no evidence that they purchased products containing these tubes. *See* Decl. Rachel Brass in Supp. of CPT's Mot. for Summ. J. [hereinafter "Brass Decl."], Ex. A, 138:15-139:10 (McClave Depo. Tr.); Ex. B, 277:14-279:06 (Frankel Depo. Tr.).

3

CPT AND CPTM'S MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS – MASTER CASE NO. 07-CV-5944 SC

claim."). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

Pursuant to the Due Process Clause of the Fourteenth Amendment, a state's substantive law may be applied only when that state has a "significant contact or significant aggregation of contacts, creating state interests, with the parties and the occurrence or transaction" such that "choice of its law is neither arbitrary nor fundamentally unfair." *Allstate*, 449 U.S. at 308, 312-13; *accord* Order re Defs.' Mot. to Dismiss Direct Action Pltfs.' Compls. at 13, ECF No. 1856. That standard sets forth a two-part test, under which a court must analyze a state's contacts with (1) "the parties," and (2) "the occurrence or transaction giving rise to the litigation" to answer the ultimate due process question of whether application of such law would be arbitrary or unfair. *Allstate*, 449 U.S. at 308, 312-13. Here, there are *no* facts providing a sufficient foundation for the constitutional application of the various states' laws to CPT or CPTM.

*First*, CPT and CPTM have no significant contacts with the various states. That fact alone renders it arbitrary and unfair to subject either to those states' laws. And Plaintiffs' unilateral contacts with the various states—where they even exist—are insufficient to subject CPT or CPTM to the laws of those states consistent with those companies' due process rights. *Second*, the undisputed record evidence demonstrates that there are no contacts between CPT or CPTM and any of the Plaintiffs regarding the sale and purchase of allegedly price-fixed cathode ray *tubes*, which is the "occurrence or transaction giving rise to the litigation." *See Allstate*, 449 U.S. at 308. *Finally*, many of the relevant state laws apply only to intrastate conduct, which further confirms their inapplicability to CPT and CPTM in this case. Judgment should be granted in favor of CPT and CPTM on Plaintiffs' various state law claims.

**A. CPT And CPTM Have No Significant Contacts With The Various States.**

To determine whether a state's law may be applied constitutionally, a court must analyze the contacts of the "parties" with the state. *See Allstate*, 449 U.S. at 317-18. "Parties"—which is plural and plainly not just "plaintiff"—refers to the contacts of the plaintiff *and* the defendant. The Supreme Court's jurisprudence bears this out: Over the past century, the Court repeatedly has

examined the contacts of the defendant when determining whether a state's law may be applied constitutionally.[5]

Analyzing the defendant's contacts with the state is a necessary inquiry because due process protects a defendant as well as a plaintiff. Due process prevents the arbitrary and unfair application of a state's law to a party that had no reason to anticipate such a law would be applied to it. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 822 (1985) ("When considering fairness in this context, an important element is the expectation of the parties."); *Allstate*, 449 U.S. at 318 n.24 (analyzing whether application of a state's law to a defendant would cause "unfair surprise or frustration of legitimate expectations"); *id.* at 327 (Stevens, J., dissenting) ("This desire to prevent unfair surprise to a litigant has been the central concern in this Court's review of choice-of-law decisions under the Due Process Clause."); *AT&T*, 707 F.3d at 1113 ("Such a defendant cannot reasonably complain that the application of California law is arbitrary or unfair when its alleged conspiracy took place, at least in part, in California."); *see also Pecover v. Electronic Arts Inc.*, No. C 082820, 2010 WL 8742757, at *17 (N.D. Cal. Dec. 21, 2010) ("The focus of the *Shutts* analysis is on both the plaintiffs' and defendant's contacts with the forum state.").

Preventing unfair surprise to each litigant is the reason that "the requirements of the Due Process Clause must be satisfied individually with respect to each defendant in a case." *AT&T*, 707 F.3d at 1113 n.15; *see also* Order re Thomson Defs.' Mots. to Dismiss at 32, ECF No. 2440 ("[T]he Court [must] evaluate, *with respect to each defendant*, whether a plaintiff has alleged sufficient conspiratorial conduct within a state such that application of that state's law is neither arbitrary nor fundamentally unfair." (emphasis added)).

---

[5] *See*, *e.g.*, *Allstate*, 449 U.S. at 317-18 (defendant did business in Minnesota and could have expected Minnesota's laws to apply); *Clay v. Sun Ins. Office, Ltd.*, 377 U.S. 179, 182 (1964) (Florida law could be applied when defendant insurance company was "licensed to do business in Florida" and "must have known it might be sued there"); *Cardillo v. Liberty Mut. Ins. Co.*, 330 U.S. 469, 476 (1947) (D.C. law could be applied constitutionally because, *inter alia*, defendant was based in D.C.); *Alaska Packers Ass'n v. Indus. Accident Comm'n of Cal.*, 294 U.S. 532, 542 (1935) (relying in part on defendant's contacts with California to apply California law); *Hartford Accident & Indem. Co. v. Delta & Pine Land Co.*, 292 U.S. 143, 150 (1934) (Mississippi law could not be applied when, *inter alia*, defendant was doing business in Tennessee); *Home Ins. Co. v. Dick*, 281 U.S. 397, 402, 407-08 (1930) (Texas law could not be applied when, *inter alia*, defendant had no contacts with Texas).

The analysis here is easy: the undisputed evidence demonstrates that CPT and CPTM do not have any significant contacts with any of the various states. That is not surprising: CPT and CPTM are Taiwanese and Malaysian companies that manufactured tubes in Asia and sold those tubes almost entirely in Asia. Yang Decl. ¶¶ 2-4, 8. They did not sell any tubes to Plaintiffs in any state. *Id.* ¶ 9. Indeed, CPT and CPTM never had any presence of any kind during the relevant period in those states. *Id.* ¶¶ 26-38. For example, neither has ever been licensed to do business in any of those states. *Compare id.* ¶ 26, *with Allstate*, 449 U.S. at 317-18 (defendant "was at all times present and doing business in Minnesota" and "was licensed to do business" there such that it could not "claim unfamiliarity" or unfairness that it might be subject to Minnesota law). They engaged in no conspiratorial conduct in those states. *See AT&T*, 707 F.3d at 1111. CPT and CPTM did not have competitor contacts in those states and did not receive or spread communications related to competitor contacts in those states. Neither Defendant ever sold a *single* tube in Arizona, Florida, Kansas, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, or Wisconsin. Yang Decl. ¶ 8. Under these circumstances, CPT and CPTM simply do not have the "obviously significant" contacts with any of the various states required to apply those states' laws to them in this case. *Allstate*, 449 U.S. at 311. CPT and CPTM do not even have the "slight and casual" contacts that the court in *AT&T* stated would be *insufficient* upon which to apply a state's law. *AT&T*, 707 F.3d at 1113. It thus would be arbitrary and unfair to subject CPT and CPTM to the relevant states' laws.

Personal jurisdiction case law is also instructive here. The Supreme Court has explained that the personal jurisdiction and choice-of-law inquiries—both based on due process of the law—"are often closely related and to a substantial degree depend upon similar considerations" because "the decision that it is fair to bind a defendant by a State's laws and rules should prove to be highly relevant to the fairness of permitting that same State to accept jurisdiction for adjudicating the controversy." *Allstate*, 449 U.S. at 317 n.23 (quotation and citation omitted). It is undeniable that the various states could not exercise personal jurisdiction over CPT or CPTM because they do not have any contacts with those states and did not purposefully direct activities towards those states. *See, e.g.*, *Walden v. Fiore*, 134 S. Ct. 1115, 1119 (2014) (holding that the focus of the personal

6

CPT AND CPTM'S MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS – MASTER CASE NO. 07-CV-5944 SC

jurisdiction analysis is on the *defendant's* contacts with the forum state, not those of the plaintiff or third parties, and finding no jurisdiction when defendant had no contacts with the forum state beyond knowledge of plaintiffs' residence); *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2785 (2011) (holding no personal jurisdiction in New Jersey over a British manufacturer when "at no time had it advertised in, sent goods to, or in any relevant sense targeted the State"). Just as CPT and CPTM did not have minimum contacts sufficient to render them subject to suit in the various states (personal jurisdiction), they do not have any contacts leading to a legitimate expectation of being subjected to those states' laws for the manufacture and sale of tubes in Asia (choice of law). *Compare*, *e.g.*, *J. McIntyre*, 131 S. Ct. at 2787 (describing the "fundamental fairness" concerns underlying due process for personal jurisdiction), *with Shutts*, 472 U.S. at 822 (analyzing the "fairness" to the parties of application of a particular state's law). And Plaintiffs should not be permitted to use the MDL forum to bootstrap state-law claims against CPT or CPTM that they could not constitutionally maintain in those states' own courts.

Applying a state's law under these circumstances—where there are no significant contacts between the defendant and the state—cannot be squared with the U.S. Supreme Court and Ninth Circuit's choice-of law due process jurisprudence. For this reason alone, summary judgment is appropriate.

**B.     CPT And CPTM's Alleged Conduct Giving Rise To The Litigation Did Not Occur In The Relevant States.**

CPT and CPTM's lack of significant contacts with the various states is enough to preclude the constitutional application of those states' laws to either Defendant. But Plaintiffs' state law claims fail for the *additional* reason that they cannot meet the second part of the *Allstate* test, which requires state contacts with the parties "and with the occurrence or transaction giving rise to the litigation." 449 U.S. at 308.

The relevant "occurrence or transaction" is the one that "giv[es] rise to the litigation." *Allstate*, 449 U.S. at 308. The Ninth Circuit addressed this prong at length in *AT&T*, an LCD price-fixing case, analyzing whether California substantive law could be constitutionally applied when the plaintiff had made no purchases within the state of California. The Ninth Circuit agreed with the

district court that "the sale of price-fixed goods" constituted a relevant transaction or occurrence. *AT&T*, 707 F.3d at 1110. The court also held that in addition to "the sale of price-fixed goods," the relevant transaction or occurrence could include "alleged agreements and conspiracies to fix LCD prices," because such conduct could give rise to liability. *Id.* at 1112. The court cautioned, however, that in the absence of in-state sales of the price-fixed good, there must have been "sufficient conspiratorial conduct" in the relevant state, which meant that "more than a *de minimis* amount of that defendant's alleged conspiratorial activity leading to the sale of price-fixed goods to plaintiffs [must have taken] place in [the relevant state]." *Id.* at 1113-14.

Here, the "occurrence or transaction giving rise" to this litigation is the alleged conspiracy to sell price-fixed goods. The allegedly price-fixed goods are tubes, not finished products containing tubes. *See* Order re Finished Products, ECF No. 996. Accordingly, to satisfy the *Allstate* test regarding "occurrence or transaction" as applied to CPT and CPTM, Plaintiffs must establish either that the relevant states have significant contacts with the sale of allegedly price-fixed tubes made by CPT and CPTM, or that CPT and CPTM engaged in conspiratorial conduct in those states. *See* *AT&T*, 707 F.3d at 1111. But Plaintiffs cannot establish either.

***First***, Plaintiffs have not made any in-state purchases of allegedly price-fixed goods (tubes) manufactured or sold by CPT or CPTM. In fact, in responses to requests for admission, Plaintiffs admitted that they purchased only *finished products* containing tubes.[6] In other words, Plaintiffs never bought the allegedly price-fixed product. As a result, Plaintiffs cannot establish any contacts with the various states and the sale of CPT or CPTM's allegedly price-fixed tubes. Without any nexus to the "transaction or occurrence" giving rise to the litigation, Plaintiffs' state law claims do not pass constitutional muster.

In light of that fatal deficiency, Plaintiffs may instead assert that their purchase of *finished products* from independent third parties ostensibly containing tubes made by CPT or CPTM

---

[6] Brass Decl. Ex. C (Best Buy Responses to CPT's Requests for Admission) (admitting that it "purchased *finished products* containing tubes manufactured by CPT and/or other conspirators" and the same for CPTM (emphasis added)); *id.* Exs. D-H (same for other Plaintiffs); *id.* Ex. I (Sears and Kmart) (not identifying any purchases from CPT or CPTM).

constituted a relevant transaction or occurrence. But those purchases were not of the allegedly price-fixed good—cathode ray *tubes*—and therefore are not the "relevant transaction or occurrence" that gives rise to CPT and CPTM's liability.

More importantly, that theory of due process cannot be right because it is limitless. Under that theory, CPT or CPTM could be subject to suit anywhere in the world as a result of unilateral third-party downstream sales of finished products incorporating its tubes. Such an unbounded view would make a nullity of any notion of fairness or a defendant's reasonable expectations. *Cf. Hanson v. Denckla*, 357 U.S. 235, 251 (1958) (observing that "it is a mistake to assume that" the increased flow of interstate commerce "heralds the eventual demise of all restrictions on the" minimum contacts personal jurisdiction analysis). And it would deprive a defendant of any ability to structure its conduct so that it may have an understanding of which laws will apply to its actions, an important due process consideration. *See*, *e.g.*, *Allstate*, 449 U.S. at 318 n.24 (finding "no element of unfair surprise or frustration of legitimate expectations" in the application of Minnesota law to the defendant insurance company because the insurance company did business in Minnesota and had sold an insurance policy that covered the United States without including a choice-of-law provision).[7]

***Second***, without in-state purchases of the allegedly price-fixed product, Plaintiffs can only meet the "transaction or occurrence" prong if CPT or CPTM otherwise engaged in conduct giving rise to liability within the state. *See AT&T*, 707 F.3d at 1113. But CPT and CPTM did not engage in *any* conspiratorial conduct in any of the states for which Plaintiffs bring state-law claims.

In short, there are no contacts between the various states and the "transaction or occurrence" giving rise to this litigation as related to CPT and CPTM. For this separate reason, those states' laws cannot be constitutionally applied to CPT and CPTM and the Court should grant summary judgment.

---

[7] Moreover, even if the purchase of a third-party's product containing a component manufactured by CPT or CPTM were somehow enough to form a relevant contact consistent with due process (which it is not), Plaintiffs cannot even establish that they purchased in those states finished CRT products from other companies that actually contained tubes made by CPT or CPTM. That they may have purchased finished products containing tubes made by others is insufficient. *See AT&T*, 707 F.3d at 1113 n.15.

9

CPT AND CPTM'S MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS – MASTER CASE NO. 07-CV-5944 SC

## C. Many Of The Relevant States' Laws Apply Only To Intrastate Conduct.

Finally, many of the relevant states' laws apply only to anticompetitive conduct that occurred *within* that state. Those states include Arizona,[8] Florida,[9] Massachusetts,[10] Michigan,[11] Mississippi,[12] Nebraska,[13] Nevada,[14] and Wisconsin.[15] The laws of these states, by their own terms, therefore cannot be applied to CPT or CPTM due to the absence of any intrastate conduct.

---

[8] Ariz. Rev. Stat. § 44-1402 ("A contract, combination or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce, any part of which is *within this state*, is unlawful." (emphasis added)).

[9] *See Five for Entm't v. Rodriguez*, 877 F. Supp. 2d 1321, 1330 (S.D. Fl. 2012) ("FDUTPA applies only to actions that occurred within the state of Florida."); *Millennium Commc'ns & Fulfillment, Inc. v. Office of Att'y Gen.*, 761 So.2d 1256, 1262 (Fla. Dist. Ct. App. 2000) ("As we read FDUTPA, it seeks to prohibit unfair, deceptive and/or unconscionable practices which have transpired *within* the territorial boundaries of this state." (emphasis added)); *see also Beaver v. Inkmart, LLC*, No. 12-60028, 2012 WL 4005970, at *3 (S.D. Fla. Sep. 12, 2012) (dismissing FDUTPA claims "[b]ecause none of the alleged misconduct occurred within Florida"); *Carnival Corp. v. Rolls-Royce PLC*, No. 08-23318, 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009) (noting that "FDUTPA applies only to action that occurred within the state of Florida" and dismissing claims based on actions that occurred outside of Florida).

[10] As this Court has recognized, business plaintiffs cannot assert indirect purchaser lawsuits through the Massachusetts Consumer Protection Act. *See* Order Granting in Part and Denying in Part Toshiba's Mot. to Dismiss, ECF No. 2441; *see also* Mass. Gen. Laws Ch. 93A § 11; *Ciardi v. Hoffman-La Roche, Ltd.*, 762 N.E.2d 303, 308, 311 (Mass. 2002).

[11] Michigan explicitly requires the unlawful restraint of trade to be in "a relevant market," Mich. Comp. Laws Ann. § 445.771, which it defines as an area of competition "all or any part of which is within the state." *Id.* § 445.771(b); *see Aurora Cable Communc'ns, Inc. v. Jones Intercable, Inc.*, 720 F. Supp. 600, 603 (W.D. Mich. 1989) (the "MARA parallels the Sherman Antitrust Act as it applies to intrastate conduct"); *see also In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 407 n.8 (S.D.N.Y. 2011) (holding that Michigan antitrust law requires intrastate conduct).

[12] *Standard Oil Co. of Ky. v. State*, 65 So. 468, 471 (Miss. 1914) (anticompetitive conduct must "be accomplished in part at least by transactions which are also wholly intrastate"); *In re Microsoft Corp. Antitrust Litig.*, MDL No. 1332, 2003 WL 22070561, at *2 (D. Md. Aug. 22, 2003) (in order for a claim to come within the scope of the Mississippi antitrust statute, a plaintiff must allege "at least some conduct . . . which was performed wholly intrastate").

[13] Neb. Rev. Stat. § 59-801 ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce, *within this state*, is hereby declared to be illegal." (emphasis added)).

[14] Nev. Rev. Stat. § 598A.060 ("[I]t is unlawful to conduct any part of any such [anticompetitive] activity in this State.").

[15] In Wisconsin, either there must have been intrastate actionable conduct or the alleged anticompetitive conduct must have "substantially affect[ed] the people of Wisconsin." *Olstad v. Microsoft Corp.*, 700 N.W.2d 139, 158 (Wis. 2005). CPT and CPTM did not engage in intrastate

*(Cont'd on next page)*

10

CPT AND CPTM'S MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS – MASTER CASE NO. 07-CV-5944 SC

## V. CONCLUSION

In sum, Plaintiffs cannot constitutionally assert the Arizona, California, Florida, Illinois, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, or Wisconsin state law claims against CPT and CPTM because neither Defendant has significant contacts with those states, Plaintiffs never purchased anything from CPT or CPTM and never purchased allegedly price-fixed cathode ray *tubes* made by CPT or CPTM, and CPT and CPTM did not engage in any conspiratorial conduct in any of those states. Plaintiffs will not be able to raise any genuine issues of material fact identifying any significant contacts with the various states and CPT or CPTM related to the underlying transactions or occurrences because there are none.

Plaintiffs also cannot assert Arizona, Florida, Massachusetts, Michigan, Mississippi, Nebraska, Nevada, and Wisconsin claims because the laws of those states are limited to conduct that occurred in the state.

For the foregoing reasons, this Court should grant summary judgment in favor of CPT and CPTM as to all state law claims identified above.

DATED: November 7, 2014

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS
RACHEL S. BRASS
AUSTIN V. SCHWING

By: */s/ Rachel S. Brass*
Rachel S. Brass

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD and
CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.

---

*(Cont'd from previous page)*

conduct in Wisconsin. And if Sears, Kmart, and Target—the Plaintiffs asserting Wisconsin law, none of which are Wisconsin-based corporations—maintain that they can assert Wisconsin law on a theory that Defendants' conduct "substantially affect[ed] the people of Wisconsin," then it must have been the case that they passed on any alleged overcharge to "the people." *See id.*

11

CPT AND CPTM'S MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS – MASTER CASE NO. 07-CV-5944 SC

**DECLARATION OF SERVICE**

I, Joseph Hansen, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State.  On the date below, I served the within:

**DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS**

to all named counsel of record as follows:

☑ **BY ECF (ELECTRONIC CASE FILING)**:  I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on November 7, 2014.  Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on November 7, 2014, at San Francisco, California.

                                                /s/ *Joseph Hansen*
                                                     Joseph Hansen

101797175.7

12

CPT AND CPTM'S MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS – MASTER CASE NO. 07-CV-5944 SC