# Exhibit B

HIGHLY CONFIDENTIAL

Page 1

1     UNITED STATES DISTRICT COURT
2     NORTHERN DISTRICT OF CALIFORNIA
3
4     IN RE: CATHODE RAY TUBE      ) No. 3:07-cv-05944-SC
      (CRT) ANTITRUST LITIGATION   ) MDL No. 1917
5                                  )
      _____  )
6                                  )
      This Document Relates to:    )
7                                  )
      ALL ACTIONS                  )
8     _____  )
9
10
11
12              HIGHLY CONFIDENTIAL
13
14     VIDEOTAPED DEPOSITION OF ALAN S. FRANKEL, Ph.D.
15              Los Angeles, California
16              Thursday, July 10, 2014
17
18
19
20
21  Reported by:
22  SHANDA GABRIEL
23  CSR No. 10094
24
25

HIGHLY CONFIDENTIAL

Page 2

```
 1              UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3
 4   IN RE:  CATHODE RAY TUBE     ) No. 3:07-cv-05944-SC
     (CRT) ANTITRUST LITIGATION   ) MDL No. 1917
 5                                )
     _____)
 6                                )
         This Document Relates to: )
 7                                )
         ALL ACTIONS               )
 8   _____)
 9
10
11
12
13         Videotaped deposition of ALAN S. FRANKEL,
14   Ph.D., taken on behalf of the Defendants at
15   2049 Century Park East, Los Angeles, California,
16   commencing at 9:07 a.m., Thursday, July 10, 2014,
17   before SHANDA GABRIEL, CSR No. 10094.
```

HIGHLY CONFIDENTIAL

Page 3

```
 1   APPEARANCES:
 2
 3   FOR BEST BUY:
 4        ROBINS, KAPLAN, MILLER & CIRESI LLP
 5        BY:  ROMAN M. SILBERFELD, ESQ.
 6             DAVID MARTINEZ, ESQ.
 7        2049 Century Park East
 8        Suite 3400
 9        Los Angeles, California  90067-3208
10        (310) 552-0130
11        rmsilberfeld@rkmc.com
12        dmartinez@rkmc.com
13
14   FOR THE PLAINTIFFS TARGET CORPORATION AND VIEWSONIC
15   CORPORATION:
16        CROWELL MORING
17        BY:  ROBERT McNARY, ESQ.
18        515 South Flower Street
19        40th Floor
20        Los Angeles, California  90071-2258
21        (213) 443-5590
22        rmcnary@crowell.com
23
24
25
```

HIGHLY CONFIDENTIAL

Page 4

1  APPEARANCES (CONTINUED):
2
3  FOR THE PLAINTIFFS ABC APPLIANCE, INC., COMPUCOM
4  SYSTEMS, INC., INTERBOND CORPORATION OF AMERICA,
5  MARTA COOPERATIVE OF AMERICA, INC., ELECTROGRAPH
6  SYSTEMS, INC. AND ELECTROGRAPH TECHNOLOGIES CORP.,
7  TECH DATA CORP. AND TECH DATA PRODUCT MANAGEMENT,
8  INC., SCHULTZE AGENCY SERVICES, LLC ON BEHALF OF
9  TWEETER NEWCO, LLC AND TWEETER OPCO, LLC, P.C.
10 RICHARD & SON LONG ISLAND CORPORATION, OFFICE DEPOT,
11 INC.:
12         BOISE, SCHILLER & FLEXNER LLP
13         BY:  KYLE SMITH, ESQ.
14         30 South Pearl Street
15         11th Floor
16         Albany, New York  12207
17         (518) 434-0600
18         ksmith@bsfllp.com
19
20
21
22
23
24
25

```
 1    APPEARANCES (CONTINUED):
 2
 3    FOR THE PLAINTIFFS SEARS AND KMART:
 4         KENNY NACHWALTER
 5         BY:  RICHARD ALAN ARNOLD, ESQ.
 6         1100 Miami Center
 7         201 South Biscayne Boulevard
 8         Miami, Florida 33131
 9         (305) 373-1000
10
11    FOR THE PHILIPS DEFENDANTS:
12         BAKER BOTTS LLP
13         BY:  CHARLES A. LOUGHLIN, ESQ.
14              JOHN M. TALADAY, ESQ.
15              TIFFANY GELOTT, ESQ.
16         1299 Pennsylvania Avenue, NW
17         Washington, D.C. 20004-2400
18         (202) 639-1104
19         charles.loughlin@bakerbotts.com
20         john.taladay@bakerbotts.com
21         tiffany.gelott@bakerbotts.com
22
23
24
25
```

HIGHLY CONFIDENTIAL

Page 6

1  APPEARANCES (CONTINUED):
2
3  FOR THE PANASONIC DEFENDANTS:
4          WINSTON & STRAWN
5          BY:  MATTHEW R. DALSANTO, Ph.D., ESQ.
6          35 W. Wacker Drive
7          Chicago, Illinois  60601
8          (312) 558-6211
9          mdalsanto@winston.com
10
11         WINSTON & STRAWN
12         BY:  MOLLY M. DONOVAN, ESQ.
13         200 Park Avenue
14         New York, New York  10166
15         mmdonovan@winston.com
16         (212) 294-4692
17
18 FOR CHUNGHWA PICTURE TUBES, LTD:
19         GIBSON, DUNN & CRUTCHER LLP
20         BY:  RACHEL S. BRASS, ESQ.
21         555 Mission Street
22         San Francisco, California  94105-0921
23         (415) 393-8200
24         rbrass@gibsondunn.com
25

HIGHLY CONFIDENTIAL

Page 7

1  APPEARANCES (CONTINUED):
2
3  FOR HITACHI LIMITED, HITACHI ASIA, HITACHI DISPLAYS,
4  HITACHI AMERICA, HITACHI ELECTRONIC DEVICES US:
5       KIRKLAND & ELLIS LLP
6       BY:  ELIOT A. ADELSON, ESQ.
7       555 California Street
8       San Francisco, California  94104
9       (415) 439-1413
10      eliot.adelson@kirkland.com
11
12 FOR THE LG DEFENDANTS:
13      MUNGER, TOLLES & OLSON LLP
14      BY:  HOJOON HWANG, ESQ.
15      33 New Montgomery Street
16      Nineteenth Floor
17      San Francisco, California  94105-9781
18      (415) 512-4009
19      hwanghx@mto.com
20
21
22
23
24
25

HIGHLY CONFIDENTIAL

Page 8

```
 1   APPEARANCES (CONTINUED):
 2
 3   FOR THE SAMSUNG SDI DEFENDANTS:
 4        SHEPPARD MULLIN RICHTER & HAMPTON LLP
 5        BY:  MONA SOLOUKI, ESQ.
 6             NADEZHDA NIKONOVA, ESQ.
 7        Four Embarcadero Center
 8        17th Floor
 9        San Francisco, California  94111
10        (415) 434-9100
11        msolouki@sheppardmullin.com
12        nnikonova@sheppardmullin.com
13
14   FOR AL SIEGEL AS TRUSTEE OF THE CIRCUIT CITY
15   LIQUIDATING TRUST:
16        KLEE, TUCHIN, BOGDANOFF & STERN LLP
17        BY:  KATHRYN ZWICKER, ESQ.
18        1999 Avenue of the Stars
19        Thirty-Ninth Floor
20        Los Angeles, California  90067
21        (310) 407-4076
22        kzwicker@ktsblaw.com
23
24
25
```

HIGHLY CONFIDENTIAL

Page 9

1   APPEARANCES (CONTINUED):
2
3   FOR AL SIEGEL AS TRUSTEE OF THE CIRCUIT CITY
4   LIQUIDATING TRUST:
5         SUSMAN GODFREY LLP
6         BY:   KENNETH S. MARKS, ESQ.
7         1000 Louisiana Street
8         Suite 5100
9         Houston, Texas  77002
10        (713) 653-7854
11        kmarks@susmangodfrey.com
12
13  FOR THE TOSHIBA DEFENDANTS:
14        WHITE & CASE LLP
15        BY:   KRISTEN J. McAHREN, ESQ.
16        701 13th Street, NW
17        Washington DC  20005-3807
18        (202) 626-3706
19        kmcahren@whitecase.com
20
21
22
23
24
25

```
 1   APPEARANCES (CONTINUED):
 2
 3   FOR THE STATE OF CALIFORNIA:
 4        CALIFORNIA DEPARTMENT OF JUSTICE
 5        BY:  MICHAEL WAYNE JORGENSON
 6        (APPEARING TELEPHONICALLY)
 7        455 Golden Gate Avenue
 8        Suite 1100
 9        San Francisco, California  94012-7004
10        (415) 703-5629
11        michael.jorgenson@doj.ca.gov
12
13   FOR THE DEFENDANTS THOMSON CONSUMER ELECTRONICS,
14   INC. AND THOMSON SA:
15        FAEGRE BAKER DANIELS LLP
16        BY:  RYAN M. HURLEY, ESQ.
17        (APPEARING TELEPHONICALLY)
18        300 N. Meridian Street
19        Suite 2700
20        Indianapolis, Indiana 46204
21        (317) 237-1144
22        Ryan.Hurley@faegrebd.com
23
24
25
```

HIGHLY CONFIDENTIAL

Page 11

```
 1  APPEARANCES (CONTINUED):
 2
 3  FOR MITSUBISHI ELECTRIC CORPORATION, MITSUBISHI
 4  ELECTRIC VISUAL SOLUTIONS AMERICA, INC., MITSUBISHI
 5  ELECTRIC US, INC:
 6         JENNER & BLOCK LLP
 7         BY:  SHAUN M. VAN HORN, ESQ.
 8         (APPEARING TELEPHONICALLY)
 9         353 N. Clark Street
10         Chicago, Illinois  60654-3456
11         (312) 840-8896
12         svanhorn@jenner.com
13
14
15  ALSO PRESENT:
16         JULIAN SHINE, VIDEOGRAPHER
17
18
19
20
21
22
23
24
25
```

Page 276

| | | |
|---|---|---|
| 1 | A.  It's -- it's likely.  But unless you can do | 17:48:07 |
| 2 | the analysis, you don't know for sure. | 17:48:10 |
| 3 | MR. ADELSON:  Thank you.  That's all for | 17:48:15 |
| 4 | me. | 17:48:16 |
| 5 | THE VIDEOGRAPHER:  Do we want to go off the | 17:48:20 |
| 6 | record while we switch? | 17:48:23 |
| 7 | MR. SILBERFELD:  Anybody else coming this | 17:48:26 |
| 8 | way? | 17:48:28 |
| 9 | | 17:48:53 |
| 10 | EXAMINATION | 17:48:53 |
| 11 | BY MS. BRASS: | 17:48:53 |
| 12 | Q.  Hi.  I'm Rachel Brass for the Chunghwa | 17:48:54 |
| 13 | Picture Tubes defendants. | 17:48:58 |
| 14 | A.  Hello. | 17:48:58 |
| 15 | Q.  Dr. McClave did not separately compute any | 17:48:59 |
| 16 | overcharge for the CPT defendants, correct? | 17:49:04 |
| 17 | A.  I don't know what you mean.  He separately | 17:49:08 |
| 18 | calculated a CPT overcharge separate from a CDT | 17:49:12 |
| 19 | overcharge. | 17:49:16 |
| 20 | Q.  Let me rephrase. | 17:49:16 |
| 21 | He computed one overcharge for all | 17:49:18 |
| 22 | defendants, correct, for CPT and for CDT? | 17:49:21 |
| 23 | A.  For all defendants for all CDT sales was my | 17:49:25 |
| 24 | understanding. | 17:49:32 |
| 25 | Q.  Correct.  And he didn't attempt to | 17:49:32 |

HIGHLY CONFIDENTIAL

Page 277

| | | |
|---|---|---|
| 1 | separately calculate an overcharge for the Chunghwa | 17:49:34 |
| 2 | Picture Tubes defendants, correct? | 17:49:38 |
| 3 | A.  That's my understanding. | 17:49:42 |
| 4 | Q.  And you did not attempt to separately | 17:49:43 |
| 5 | calculate an overcharge for the Chunghwa Picture | 17:49:44 |
| 6 | Tubes defendants, correct? | 17:49:47 |
| 7 | A.  I didn't separately calculate an overcharge | 17:49:47 |
| 8 | for anybody. | 17:49:51 |
| 9 | Q.  Great. | 17:49:51 |
| 10 | Did you make any attempt to identify the | 17:49:56 |
| 11 | specific size of tubes that Chunghwa Picture Tubes | 17:49:57 |
| 12 | sold? | 17:50:00 |
| 13 | A.  No.  Well -- no, I did not. | 17:50:00 |
| 14 | Q.  And you testified that you did not attempt | 17:50:03 |
| 15 | to determine which of the plaintiffs you wrote a | 17:50:08 |
| 16 | report for bought CRT products containing CRT tubes | 17:50:11 |
| 17 | manufactured by Chunghwa Picture Tubes, correct? | 17:50:17 |
| 18 | A.  Just in the aggregate allocation method | 17:50:20 |
| 19 | that we discussed earlier today. | 17:50:22 |
| 20 | Q.  Did you do any specific analysis of whether | 17:50:23 |
| 21 | any of the direct vendors appearing in Exhibit 15 of | 17:50:29 |
| 22 | any of your reports actually sold to any plaintiffs | 17:50:33 |
| 23 | any products containing either color display tubes | 17:50:37 |
| 24 | or color picture tubes manufactured by Chunghwa | 17:50:41 |
| 25 | Picture Tubes? | 17:50:45 |

Page 278

| | | |
|---|---|---|
| 1 | A.  Well, I haven't numerically analyzed that | 17:50:45 |
| 2 | question.  But as a qualitative matter, there's a | 17:51:09 |
| 3 | high likelihood if Chunghwa was manufacturing tubes | 17:51:15 |
| 4 | that were incorporated into CRT products in the | 17:51:19 |
| 5 | world, that among the tens of millions of such | 17:51:24 |
| 6 | products that the plaintiffs collectively bought for | 17:51:28 |
| 7 | which I've written reports, that some of those had | 17:51:32 |
| 8 | Chunghwa tubes.  But I haven't made any attempt to | 17:51:35 |
| 9 | identify them. | 17:51:37 |
| 10 | Q.  You've made no quantitative analysis of | 17:51:38 |
| 11 | that question, correct? | 17:51:40 |
| 12 | A.  Just in the market share sense that I've | 17:51:41 |
| 13 | talked about. | 17:51:43 |
| 14 | Q.  Okay.  I'll ask you about that in a minute. | 17:51:43 |
| 15 | Did you take into account, for example, | 17:51:45 |
| 16 | that there's no evidence that Chunghwa sold CRTs of | 17:51:48 |
| 17 | any kind, color picture tubes or color display | 17:51:54 |
| 18 | tubes, to any Mitsubishi entity listed in the direct | 17:51:56 |
| 19 | vendor names in, say, Exhibit 15 of the Best Buy | 17:52:00 |
| 20 | report related to Best Buy -- I mean, sorry, to | 17:52:05 |
| 21 | Mitsubishi or NEC or Packard Bell NEC. | 17:52:08 |
| 22 | Did you examine that at all? | 17:52:14 |
| 23 | MR. SMITH:  Objection.  Form. | 17:52:15 |
| 24 | THE WITNESS:  No, I didn't.  I did not. | 17:52:16 |
| 25 | BY MS. BRASS: | 17:52:18 |

Page 279

| | | |
|---|---|---|
| 1 | Q.  Do you know if CPT sold tubes to any Zenith | 17:52:18 |
| 2 | entity? | 17:52:21 |
| 3 | A.  I do not know. | 17:52:21 |
| 4 | Q.  Do you know which entities Chunghwa Picture | 17:52:22 |
| 5 | Tubes sold tubes to? | 17:52:24 |
| 6 | A.  No, I have not done that analysis. | 17:52:26 |
| 7 | Q.  Turning then to the market share | 17:52:29 |
| 8 | adjustments that you made, do you know what Chunghwa | 17:52:30 |
| 9 | Picture Tubes' market share was in the U.S. for | 17:52:36 |
| 10 | picture tubes over 21 inches? | 17:52:40 |
| 11 | A.  I do not. | 17:52:44 |
| 12 | Q.  Did you take its market share in various | 17:52:47 |
| 13 | sizes of tubes into account in your qualitative or | 17:52:50 |
| 14 | quantitative analysis? | 17:52:56 |
| 15 | A.  I don't believe I've seen data on their | 17:52:57 |
| 16 | market shares by size, so I did not. | 17:53:02 |
| 17 | Q.  Do you know what their share of tube -- | 17:53:04 |
| 18 | picture tubes over 22 inches worldwide was during | 17:53:10 |
| 19 | the period that you computed damages for? | 17:53:14 |
| 20 | A.  No. | 17:53:15 |
| 21 | Q.  And did you separately compute pass-through | 17:53:17 |
| 22 | for tubes -- never mind.  We'll strike that. | 17:53:24 |
| 23 | Did you attempt to break out Chunghwa's CDT | 17:53:32 |
| 24 | market share distinct from other CRT manufacturers | 17:53:35 |
| 25 | in any way? | 17:53:39 |

HIGHLY CONFIDENTIAL

Page 292

1                          **DECLARATION**

6          I hereby declare I am the deponent in the
7    within matter; that I have read the foregoing
8    deposition and know the contents thereof, and I
9    declare that the same is true of my knowledge except
10   as to the matters which are therein stated upon my
11   information or belief, and as to those matters, I
12   believe it to be true.
13          I declare under the penalties of perjury of
14   the State of California that the foregoing is true
15   and correct.
16          Executed on the _____ day of
17   _____ 2014, at
18   _____,
19   California.

24                    _____
25                              ALAN S. FRANKEL

```
 1  STATE OF CALIFORNIA    )
                           )  ss.
 2  COUNTY OF LOS ANGELES  )

 3

 4          I, Shanda Gabriel, Certified Shorthand
 5  Reporter, Certificate No. 10094, for the State of
 6  California, hereby certify:
 7          I am the deposition officer that
 8  stenographically recorded the testimony in the
 9  foregoing deposition;
10          Prior to being examined the witness was by
11  me first duly sworn;
12          The foregoing transcript is a true record
13  of the testimony given.
14          Before completion of the deposition, review
15  of the transcript was [] was not [X] requested.  If
16  requested, any changes made by the deponent (and
17  provided to the reporter) during the period allowed
18  are appended hereto.
19  Dated July 22, 2014.
20
21
22
23
24              SHANDA GABRIEL
25                CSR 10094
```