# Exhibit C

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
Jill S. Casselman, Bar No. 266085
JSCasselman@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:    310-552-0130
Facsimile:    310-229-5800

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Elliot S. Kaplan, Bar No. 53624
ESKaplan@rkmc.com
K. Craig Wildfang (*Pro Hac Vice*)
KCWildfang@rkmc.com
Laura E. Nelson, Bar No. 231856
LENelson@rkmc.com
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone:    612-349-8500
Facsimile:    612-339-4181

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO | Case No. Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1971<br><br>Individual Case No. 3:11-cv-05513-SC<br><br>**PLAINTIFFS BEST BUY CO., INC., BEST BUY PURCHASING LLC, BEST BUY ENTERPRISE SERVICES, INC., BEST BUY STORES, L.P., BESTBUY.COM, L.L.C., AND MAGNOLIA HI-FI, INC.'S RESPONSES TO DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S FIRST SET OF REQUESTS FOR ADMISSION** |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15 | GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LP DISPLAYS INTERNATIONAL LTD.; PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; MT PICTURE DISPLAY CO., LTD.; BEIJING MATSUSHITA COLOR CRT CO., LTD.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD.; PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA.; SAMTEL COLOR LTD.; THAI CRT CO., LTD.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES (MALAYSIA);  Defendants. | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.Com, L.L.C.; and Magnolia Hi-Fi, Inc. (collectively "Best Buy") hereby serve Best Buy's Objections and Responses to Defendant Chunghwa Picture Tubes, LTD. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s First Set of Requests for Admissions (hereinafter, the "Requests for Admissions").

**RESERVATIONS OF RIGHTS**

In responding to these Requests for Admission, Best Buy states that it has conducted, or will conduct, a diligent search, reasonable in scope, for information that is relevant to the Requests for Admission. In the event that additional information relevant to the Requests for Admission is later identified or brought to Best Buy's attention, Best Buy reserves the right to amend, revise, supplement, modify, or clarify the following objections and responses. Best Buy

1  further reserves the right to complete its investigation and discovery of the facts, and to rely at

2  trial or in other proceedings upon additional information, regardless of whether such information

3  is newly discovered or newly in existence.

4      Best Buy incorporates by reference any evidence identified by the Direct Purchaser

5  Plaintiffs, Indirect Purchaser Plaintiffs, and the other Direct Action Plaintiffs in response to any

6  discovery request.

7      Best Buy has responded to these Requests for Admission as it interprets and understands

8  them. If Defendants subsequently assert an interpretation of any Interrogatory or response that

9  differs from Best Buy's understanding, Best Buy reserves the right to supplement or amend its

10  objections or responses.

11      Best Buy reserves the right to object to the admission of its responses to the Requests for

12  Admission into evidence at trial, or any other proceeding.

## GENERAL OBJECTIONS

14      1. Best Buy's responses to the Requests for Admission are made without prejudice to Best

15  Buy's right to use or introduce at later times in this proceeding, subsequently discovered

16  information or information omitted from these responses.

17      2. Best Buy objects to the Requests for Admission to the extent they call for the disclosure

18  of information that is subject to the attorney-client privilege, joint prosecution privilege, the work

19  product doctrine, or any other applicable privilege, immunity, or protection.

20      3. Best Buy objects to the Interrogatories to the extent that they require Best Buy to

21  disclose the confidential, proprietary, or commercially sensitive information of third parties that

22  Best Buy is bound, contractually or otherwise, not to disclose.

23      4. Best Buy objects to the Requests for Admission to the extent that they: (i) seek

24  information that is neither relevant to the parties' claims and defenses in this litigation nor

25  reasonably calculated to lead to the discovery of admissible evidence; (ii) are vague, indefinite, or

26  ambiguous; (iii) are unduly burdensome or unreasonably broad; (iv) are unreasonably cumulative

27  or duplicative; or (v) seek information that is already in Defendants' possession, custody, control,

28  or which is publicly available or otherwise readily accessible to Defendants.

5. Best Buy objects to the Requests for Admission, including the Instructions and Definitions, to the extent that they purport to impose upon Best Buy obligations beyond those imposed by the Federal Rules of Civil Procedure.

6. Best Buy objects to the Requests for Admission to the extent that they are premature. Best Buy has not completed its discovery and investigation in this matter, which is ongoing. Best Buy responds after reasonable inquiry into the relevant facts based only upon presently known information and documentation. Further investigation and discovery, including further review of documents produced or to be produced by Defendants, may result in the identification of additional information. Best Buy's responses should not be construed to prejudice Best Buy's right to conduct further investigation in this case or to limit Best Buy's use of any evidence that may be later developed.

7. Best Buy objects to the extent Defendants are drawing a distinction between CRTs and CRT Products. Best Buy interprets all requests related to CRTs to include its purchases of CRT Products, which contain CRTs.

8. Best Buy objects to the Requests for Admission to the extent that they prematurely seek expert opinion, and reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges in accordance with the time period for exchanging expert reports.

Best Buy objects to the Requests for Admissions in their entirety on the above grounds. In order to avoid repetition, the foregoing General Objections are hereby incorporated into each response as if set forth therein.

## RESPONSES

**Request for Admission No. 1:**

Admit that You did not purchase any CRT Products from CPT.

**Response:**

Best Buy refers to and incorporates its General Objections as though set forth fully herein. Best Buy objects to this Request to the extent that it seeks information that has or will be provided through expert discovery.

- 4 -

RESPONSES TO FIRST SET OF REQUESTS FOR ADMSSION

60745851.1

1    Subject to and without waiving the foregoing objections, Best Buy responds as follows:
2    Upon information and belief, Best Buy purchased finished products containing CRT tubes
3    manufactured by CPT, but admits that it did not purchase CRT Products directly from CPT.

4    **Request for Admission No. 2:**

5    Admit that You did not purchase any CRT Products from CPTM.

6    **Response:**

7    Best Buy refers to and incorporates its General Objections as though set forth fully herein.
8    Best Buy objects to this Request to the extent that it seeks information that has or will be
9    provided through expert discovery.

10   Subject to and without waiving the foregoing objections, Best Buy responds as follows:
11   Upon information and belief, Best Buy purchased finished products containing CRT tubes
12   manufactured by CPTM, but admits that it did not purchase CRT Products directly from CPTM.

14   DATED: March 10, 2014                **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

16   By: /s/ *Laura E. Nelson*
         Roman M. Silberfeld
         David Martinez
         Laura E. Nelson
         Jill S. Casselman,

     Attorneys for Plaintiffs
     BEST BUY CO., INC.; BEST BUY PURCHASING
     LLC; BEST BUY ENTERPRISE SERVICES, INC.;
     BEST BUY STORES, L.P.; BESTBUY.COM,
     L.L.C.; and MAGNOLIA HI-FI, LLC.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

60745851.1

RESPONSES TO FIRST SET OF REQUESTS FOR ADMSSION