# Exhibit E

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

*Counsel for Plaintiff CompuCom Systems, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:11-cv-06396-SC (N.D. Cal.) | Case No. 3:11-cv-06396-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| COMPUCOM SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.,<br><br>Defendants. | **COMPUCOM SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO CHUNGHWA PICTURE TUBES, LTD.'S AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S FIRST SET OF REQUESTS FOR ADMISSION** |

**PROPOUNDING PARTIES:** Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

**RESPONDING PARTY:** CompuCom Systems, Inc.

**SET:** One

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Rule 36.1 and 36.2 of the Local Civil Rules of the Northern District of California, Plaintiff CompuCom Systems, Inc. ("Plaintiff") hereby provides responses to Chunghwa Picture Tubes, Ltd.'s and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s ("Defendants") First Set of Requests for Admissions to Plaintiff dated February 4, 2014, (collectively, the "Requests for Admissions") including the "Instructions" and "Definitions" contained therein, as follows:

**GENERAL OBJECTIONS**

The following general objections ("General Objections") are incorporated in Plaintiff's responses ("Responses") to each and every request for admission contained in the Requests for Admissions. No Response to any request for admission shall be deemed a waiver of Plaintiff's General Objections.

1. Plaintiff objects to the Requests for Admissions to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2. Plaintiff objects to the Requests for Admissions to the extent that they call for information that is already in the possession, custody, or control of Defendants.

3. Plaintiff objects to the Requests for Admissions to the extent they seek information that can equally or more readily be obtained by Defendants from public sources.

4. Plaintiff objects to the Requests for Admissions to the extent that they call for information that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

5. Plaintiff objects to the Requests for Admissions to the extent that they call for information not in Plaintiff's possession, custody, or control.

6. Plaintiff objects to the Requests for Admissions to the extent that they prematurely call for expert testimony and states that Plaintiff will provide expert disclosures as provided by the Federal Rules of Civil Procedure.

7. Plaintiff objects to the Requests for Admissions to the extent that they call for a Response protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

any other privilege, protection, or immunity applicable under the governing law. Any information disclosed pursuant to the Requests for Admissions will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

8. Plaintiff objects to the Requests for Admissions to the extent that they are vague, ambiguous, overly broad, unduly burdensome, and oppressive.

9. Plaintiff objects to the Requests for Admissions to the extent that they are cumulative and duplicative of other discovery propounded in this case, and therefore in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

10. Plaintiff objects to the Requests for Admissions to the extent that they seek information that is not relevant, material or necessary to this action and, thus, are not reasonably calculated to lead to the discovery of admissible evidence.

11. Plaintiff objects to the Requests for Admissions, including the instructions and definitions, on the grounds that Plaintiff will incur substantial expense complying with them.

12. Plaintiff objects to the Requests for Admissions to the extent that they seek, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*

13. Plaintiff objects to the Requests for Admissions to the extent that they contain any incidental or implied admission of fact or law. Plaintiff's responses to all or any part of any Request should not be taken as an incidental or implied admission, agreement, or concurrence

that: (i) Plaintiff accepts or admits any express or implied assumption of fact set forth in or assumed by the Request; (ii) Plaintiff accepts or admits any express or implied assumption of law set forth in or assumed by the Request; (iii) Plaintiff has in its possession, custody or control documents or information responsive to that Request; or (iv) documents or information responsive to that Request exist.

14. Plaintiff objects to the Requests for Admissions to the extent that they call for speculation or call for a conclusion on an issue of law. *See Gem Acquisitionco, LLC v. Sorenson Group Holdings, LLC*, No. C 09-01484 SI, 2010 WL 1340562, at *3 (N.D. Cal. Apr. 5, 2010) (Illston, J.) ("[L]egal conclusions are not a proper subject of a request for admission ….."); *Jones v. McGuire*, No. CIV S-0802607 MCE CKD P, 2012 WL 439429, at *6 (E.D. Cal. Feb. 9, 2012) ("[R]equests for admissions should not be used . . . to demand that the other party admit the truth of a legal conclusion, even if the conclusion is attached to operative facts, or to ask the party to admit facts of which he or she has no special knowledge." (internal quotation marks omitted)); *Tracchia v. Tilton*, No. CIV S-06-2916 GEB KJM P, 2008 WL 5382253, at *2 (E.D. Cal. Dec. 22, 2008) ("A request calls for a legal conclusion when it asks a party to admit what is required or permitted by particular [laws or] regulations.").

15. Plaintiff objects to, and expressly disclaims, any need or intent to prove any fact listed herein as a prerequisite to proving its claims at trial.

16. Plaintiff reserves its right to try its case as it determines is best at trial. This includes by not using facts or information stated herein or using facts or information in addition to those stated herein.

17. Plaintiff objects to the definition of CRT Products. "CRTs" as used herein refers to CPTs and CDTs, as defined in Paragraph 2 of the Complaint.

18. Plaintiff reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Requests and all answers Plaintiff provides in response to these Requests.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that You did not purchase any CRT Products from CPT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Request to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Plaintiff further objects to this Request on the grounds that it is unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the grounds that it is premature, and that it seeks to impose an undue burden on Plaintiff to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation, many months before the agreed-upon fact discovery deadline. Plaintiff further objects to this Request as prematurely calling for expert testimony, and Plaintiff states that it will provide expert disclosures as provided by the Federal Rules of Civil Procedure. Plaintiff further objects to this Request on the ground that it calls for a legal conclusion. Plaintiff further objects to this Request on the grounds that it is improperly being used as a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C). Plaintiff further states that it has not completed its discovery and preparation in this matter and that its investigation of these cases is ongoing, and Plaintiff reserves its right to supplement or amend its response to this Request consistent with Federal Rule of Civil Procedure 26(e).

Subject to and notwithstanding these objections, Plaintiff responds as follows: Plaintiff purchased finished products containing CRTs manufactured by CPT and/or other conspirators, but admits that it did not purchase these CRT Products directly from CPT.

COMPUCOM'S OBJECTIONS AND RESPONSES
TO CHUNGHWA'S FIRST REQUESTS
FOR ADMISSIONS

- 6 -

Case No. 3:11-cv-06396-SC
Master File No. 3:07-cv-05944-SC

**REQUEST FOR ADMISSION NO. 2:**

Admit that You did not purchase any CRT Products from CPTM.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Request to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Plaintiff further objects to this Request on the grounds that it is unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the grounds that it is premature, and that it seeks to impose an undue burden on Plaintiff to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation, many months before the agreed-upon fact discovery deadline. Plaintiff further objects to this Request as prematurely calling for expert testimony, and Plaintiff states that it will provide expert disclosures as provided by the Federal Rules of Civil Procedure. Plaintiff further objects to this Request on the ground that it calls for a legal conclusion. Plaintiff further objects to this Request on the grounds that it is improperly being used as a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C). Plaintiff further states that it has not completed its discovery and preparation in this matter and that its investigation of these cases is ongoing, and Plaintiff reserves its right to supplement or amend its response to this Request consistent with Federal Rule of Civil Procedure 26(e).

Subject to and notwithstanding these objections, Plaintiff responds as follows: Plaintiff purchased finished products containing CRTs manufactured by CPTM and/or other conspirators, but admits that it did not purchase these CRT Products directly from CPTM.

DATED: March 10, 2014

/s/ Philip J. Iovieno

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

*Counsel for Plaintiff CompuCom Systems, Inc.*