# Exhibit G

1  William A. Isaacson
   BOIES, SCHILLER & FLEXNER LLP
2  5301 Wisconsin Ave. NW, Suite 800
   Washington, D.C.  20015
3  Telephone:  (202) 237-2727
   Facsimile:   (202) 237-6131
4  Email:  wisaacson@bsfllp.com

5  Philip J. Iovieno
   Anne M. Nardacci
6  BOIES, SCHILLER & FLEXNER LLP
   30 South Pearl Street, 11th Floor
7  Albany, NY  12207
   Telephone:  (518) 434-0600
8  Facsimile:   (518) 434-0665
   Email:  piovieno@bsfllp.com
9          anardacci@bsfllp.com

10 *Counsel for Plaintiffs P.C. Richard & Son Long Island Corporation;*
   *MARTA Cooperative of America, Inc.; and ABC Appliance, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:12-cv-02648-SC (N.D. Cal.) | Case No. 3:12-cv-02648-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| P.C. RICHARD & SON LONG ISLAND CORPORATION; MARTA COOPERATIVE OF AMERICA, INC.; AND ABC APPLIANCE, INC.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.,<br><br>          Defendants. | **P.C. RICHARD & SON LONG ISLAND CORPORATION'S; MARTA COOPERATIVE OF AMERICA, INC.'S; AND ABC APPLIANCE, INC'S OBJECTIONS AND RESPONSES TO CHUNGHWA PICTURE TUBES, LTD.'S AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S FIRST SET OF REQUESTS FOR ADMISSION** |

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTIES:** | Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. |
| 2 | | |
| 3 | **RESPONDING PARTY:** | P.C. Richard & Son Long Island Corporation; MARTA Cooperative of America, Inc.; and ABC Appliance, Inc. |
| 4 | | |
| 5 | **SET:** | One |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Rule 36.1 and 36.2 of the Local Civil Rules of the Northern District of California, Plaintiffs P.C. Richard & Son Long Island Corporation; MARTA Cooperative of America, Inc.; and ABC Appliance, Inc. ("Plaintiffs") hereby provide responses to Chunghwa Picture Tubes, Ltd.'s and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s ("Defendants") First Set of Requests for Admissions to Plaintiff dated February 4, 2014 (collectively, the "Requests for Admissions"), including the "Instructions" and "Definitions" contained therein, as follows:

**GENERAL OBJECTIONS**

The following general objections ("General Objections") are incorporated in Plaintiffs' responses ("Responses") to each and every request for admission contained in the Requests for Admissions. No Response to any request for admission shall be deemed a waiver of Plaintiffs' General Objections.

1. Plaintiffs object to the Requests for Admissions to the extent that they seek to impose obligations on Plaintiffs beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2. Plaintiffs object to the Requests for Admissions to the extent that they call for information that is already in the possession, custody, or control of Defendants.

3. Plaintiffs object to the Requests for Admissions to the extent they seek information that can equally or more readily be obtained by Defendants from public sources.

4. Plaintiffs object to the Requests for Admissions to the extent that they call for information that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

5. Plaintiffs object to the Requests for Admissions to the extent that they call for information not in Plaintiffs' possession, custody, or control.

6. Plaintiffs object to the Requests for Admissions to the extent that they prematurely call for expert testimony and state that Plaintiffs will provide expert disclosures as provided by the Federal Rules of Civil Procedure.

7. Plaintiffs object to the Requests for Admissions to the extent that they call for a Response protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law. Any information disclosed pursuant to the Requests for Admissions will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

8. Plaintiffs object to the Requests for Admissions to the extent that they are vague, ambiguous, overly broad, unduly burdensome, and oppressive.

9. Plaintiffs object to the Requests for Admissions to the extent they are cumulative and duplicative of other discovery propounded in this case, and therefore in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

10. Plaintiffs object to the Requests for Admissions to the extent that they seek information that is not relevant, material or necessary to this action and, thus, are not reasonably calculated to lead to the discovery of admissible evidence.

11. Plaintiffs object to the Requests for Admissions, including the instructions and definitions, on the grounds that Plaintiffs will incur substantial expense complying with them.

12. Plaintiffs object to the Requests for Admissions to the extent they seek, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.,* 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*

13. Plaintiffs object to the Requests for Admissions to the extent they contain any incidental

1  or implied admission of fact or law. Plaintiffs' responses to all or any part of any Request should
2  not be taken as an incidental or implied admission, agreement, or concurrence that: (i) Plaintiffs
3  accept or admit any express or implied assumption of fact set forth in or assumed by the Request;
4  (ii) Plaintiffs accept or admit any express or implied assumption of law set forth in or assumed
5  by the Request; (iii) Plaintiffs have in their possession, custody or control documents or
6  information responsive to that Request; or (iv) documents or information responsive to that
7  Request exist.

8  14. Plaintiffs object to the Requests for Admissions to the extent that they call for speculation
9  or call for a conclusion on an issue of law. *See Gem Acquisitionco, LLC v. Sorenson Group*
10 *Holdings, LLC*, No. C 09-01484 SI, 2010 WL 1340562, at *3 (N.D. Cal. Apr. 5, 2010) (Illston,
11 J.) ("[L]egal conclusions are not a proper subject of a request for admission ….."); *Jones v.*
12 *McGuire*, No. CIV S-0802607 MCE CKD P, 2012 WL 439429, at *6 (E.D. Cal. Feb. 9, 2012)
13 ("[R]equests for admissions should not be used . . . to demand that the other party admit the truth
14 of a legal conclusion, even if the conclusion is attached to operative facts, or to ask the party to
15 admit facts of which he or she has no special knowledge." (internal quotation marks omitted));
16 *Tracchia v. Tilton*, No. CIV S-06-2916 GEB KJM P, 2008 WL 5382253, at *2 (E.D. Cal. Dec.
17 22, 2008) ("A request calls for a legal conclusion when it asks a party to admit what is required
18 or permitted by particular [laws or] regulations.").

19 15. Plaintiffs object to, and expressly disclaim, any need or intent to prove any fact listed
20 herein as a prerequisite to proving their claims at trial.

21 16. Plaintiffs reserve their right to try their case as they determine is best at trial. This
22 includes by not using facts or information stated herein or using facts or information in addition
23 to those stated herein.

24 17. Plaintiffs object to the definition of CRT Products. "CRTs" as used herein refers to CPTs
25 and CDTs, as defined in Paragraph 2 of the Complaint.

26 18. Plaintiffs reserve their right to object to and/or challenge any evidence on grounds of
27 competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or
28

1  proceeding with respect to any admissions sought by the Requests and all answers Plaintiffs
2  provide in response to these Requests.

3  **OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

4  **REQUEST FOR ADMISSION NO. 1:**

5  Admit that You did not purchase any CRT Products from CPT.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

7  Plaintiffs refer to and incorporate their General Objections as though set forth fully
8  herein. Plaintiffs further object to this Request to the extent that it calls for information that is
9  already in the possession, custody, or control of Defendants, or that can equally or more readily,
10 conveniently, and in a less burdensome fashion be obtained by Defendants. Plaintiffs further
11 object to this Request on the grounds that it is unduly burdensome, oppressive, and seeks
12 information that is neither relevant to any claims or defenses in this litigation nor reasonably
13 calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this
14 Request on the grounds that it is premature, and that it seeks to impose an undue burden on
15 Plaintiffs to state their entire case on an incomplete record and review and analyze all
16 information obtained in discovery thus far at this stage of this litigation, many months before the
17 agreed-upon fact discovery deadline. Plaintiffs further object to this Request as prematurely
18 calling for expert testimony, and Plaintiffs state that they will provide expert disclosures as
19 provided by the Federal Rules of Civil Procedure. Plaintiffs further object to this Request on the
20 grounds that it calls for a legal conclusion. Plaintiffs further object to this Request on the
21 grounds that it is improperly being used as a discovery device and violates the rule of
22 proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C). Plaintiffs further state
23 that they have not completed their discovery and preparation in this matter and that the
24 investigation of these cases is ongoing, and Plaintiffs reserve the right to supplement or amend
25 their response to this Request consistent with Federal Rule of Civil Procedure 26(e).

26 Subject to and notwithstanding these objections, Plaintiffs respond as follows: Plaintiffs
27 purchased finished products containing CRTs manufactured by CPT and/or other conspirators,
28 but admit that they did not purchase these CRT Products directly from CPT.

1 **REQUEST FOR ADMISSION NO. 2:**

2   Admit that You did not purchase any CRT Products from CPTM.

3 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

4   Plaintiffs refer to and incorporate their General Objections as though set forth fully herein. Plaintiffs further object to this Request to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Plaintiffs further object to this Request on the grounds that it is unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the grounds that it is premature, and that it seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation, many months before the agreed-upon fact discovery deadline. Plaintiffs further object to this Request as prematurely calling for expert testimony, and Plaintiffs state that they will provide expert disclosures as provided by the Federal Rules of Civil Procedure. Plaintiffs further object to this Request on the grounds that it calls for a legal conclusion. Plaintiffs further object to this Request on the grounds that it is improperly being used as a discovery device and violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C). Plaintiffs further state that they have not completed their discovery and preparation in this matter and that the investigation of these cases is ongoing, and Plaintiffs reserve the right to supplement or amend their response to this Request consistent with Federal Rule of Civil Procedure 26(e).

  Subject to and notwithstanding these objections, Plaintiffs respond as follows: Plaintiffs purchased finished products containing CRTs manufactured by CPTM and/or other conspirators, but admit that they did not purchase these CRT Products directly from CPTM.

| | | |
|---|---|---|
| 1 | DATED: March 10, 2014 | /s/ Philip J. Iovieno |

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
           anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

*Counsel for Plaintiffs P.C. Richard & Son Long Island Corporation; MARTA Cooperative of America, Inc.; and ABC Appliance, Inc.*