# Exhibit H

1   Jason C. Murray (CA Bar No. 169806)
    CROWELL & MORING LLP
2   515 South Flower St., 40th Floor
    Los Angeles, CA 90071
3   Telephone:  213-443-5582
    Facsimile:  213-622-2690
4   Email: jmurray@crowell.com

5   Jerome A. Murphy (*pro hac vice*)
    Astor H.L. Heaven (*pro hac vice*)
6   CROWELL & MORING LLP
    1001 Pennsylvania Avenue, N.W.
7   Washington, D.C. 20004
    Telephone:  202-624-2500
8   Facsimile:  202-628-5116
    Email: murphy@crowell.com
9           aheaven@crowell.com

10  *Counsel for Plaintiff Target Corp*

11              **UNITED STATES DISTRICT COURT**

12       **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

13

14

15  IN RE CATHODE RAY TUBE (CRT)          Master File No. 3:07-cv-05944-SC
    ANTITRUST LITIGATION
                                          MDL No. 1917
16
    This Document Relates To:             Individual Case No. 3:11-cv-05514
17
    *Target Corp., et al. v. Chunghwa Picture*   **PLAINTIFF TARGET CORP.'S**
18  *Tubes, Ltd., et al.*, Case No. 3:11-CV-     **RESPONSES AND OBJECTIONS TO**
    05514-SC                              **DEFENDANTS CHUNGHWA PICTURE**
19                                        **TUBES, LTD. AND CHUNGHWA**
                                          **PICTURE TUBES (MALAYSIA) SDN.**
20                                        **BHD.'S FIRST SET OF REQUESTS FOR**
                                          **ADMISSION**
21

22

23  PROPOUNDING PARTY:   Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture

24                       Tubes (Malaysia) Sdn. Bhd.

25  RESPONDING PARTY:    Plaintiff Target Corp.

26  SET NO.:             ONE

27          Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Target

28  Corp. ("Target") hereby objects and responds to the First Set of Requests for Admission to Target

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-          TARGET'S RESPONSES AND OBJECTIONS TO
             CHUNGHWA'S REQUESTS FOR ADMISSION;
             CASE NO. 3:11-CV-05514-SC

DCACTIVE-26646688.3

("Requests") served by counsel for Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "Chunghwa") in the above-captioned matter.  For the reasons specified below, Target objects generally and specifically to all specifications in the Requests.  Target reserves the right to supplement the objections and responses set forth below.

## GENERAL OBJECTIONS

Target asserts the following General Objections to the Requests, which are incorporated by reference in each specific response as though set forth fully therein:

1.      Target objects to the Requests to the extent they are overbroad, burdensome, and seek information that is outside the scope of any allowable discovery by the Federal Rules of Civil Procedure, the Local Rules of the District Court for the Northern District of California, or any Order of this Court.  Target does not agree to undertake any obligations beyond those required by those rules.

2.      Target objects to the Requests to the extent that they seek information protected by the attorney-client privilege and/or attorney work-product doctrine, the joint prosecution privilege, or any other privilege or doctrine of confidentiality provided by law, or that otherwise constitutes information prepared for or in anticipation of litigation.  Such information will not be produced; any production thereof is inadvertent and not a waiver of any applicable privilege or protection against disclosure.

3.      Target objects to the Requests to the extent that they seek information not currently in Target's possession, custody, or control.

4.      Target objects to the Requests to the extent that they seek information already in the possession, custody or control of Chunghwa.

5.      Target objects to the Requests to the extent that they seek information, or purport to impose duties or obligations, beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, or any Order of this Court.  Target also specifically objects to Chunghwa's directions regarding service of verified answers to the offices of Gibson, Dunn & Crutcher LLP, 555 Mission St. Suite 3000, San Francisco, CA 94105 within thirty days of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

TARGET'S RESPONSES AND OBJECTIONS TO
CHUNGHWA'S REQUESTS FOR ADMISSION;
CASE NO. 3:11-CV-05514-SC

February 4, 2014.  Target does not agree to undertake any obligations beyond those required by those rules.

6.      Target objects to the Requests to the extent that they are unreasonable, oppressive, unintelligible, vague, ambiguous, and unduly burdensome and for which the acquisition of information responsive to each would cause Target undue annoyance and expense.

7.      Target objects to the Requests to the extent that they seek information not related to the claims or defenses of any party in this matter or are not reasonably calculated to lead to the discovery of admissible evidence.

8.      Target objects to the Requests to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from a source other than Target that is more convenient, less burdensome, or less expensive.  Target also objects to the Requests to the extent that they seek information that can be more easily obtained by Chunghwa from public sources.

9.      Target objects to the Requests to the extent that they contain terms that are vague or ambiguous.  Target also objects to Chunghwa's definitions of words to the extent they are inconsistent with the plain meaning of those words or impose an expanded definition of the words or phrases.  By responding to a request containing such a definition, Target does not adopt definitions of terms propounded by Chunghwa.  Instead, Target expressly reserves its right to narrow the scope of the purported definition.

10.      Target objects to the definitions of "You" and "Your" to the extent that such definitions make the Requests overly broad, unduly burdensome, or seek information that is not relevant to the subject matter of this litigation and, therefore, render the Requests not reasonably calculated to lead to the discovery of admissible evidence.

11.      Target objects to the Requests to the extent that they call for disclosure of information containing trade secrets or proprietary, sensitive, or other confidential business information.

12.      Target objects to the Requests to the extent that they prematurely call for the disclosure of expert testimony.  Target will provide expert disclosures as provided by the Federal

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1    Rules of Civil Procedure or by Order of the Court, and at the appropriate time.

2        13.    Target objects to the Requests to the extent that they require Target to disclose

3    information that would cause Target to violate its existing contractual obligations to other parties

4    to maintain the confidentiality of such information.

5        14.    Target objects to the Requests to the extent they are cumulative and duplicative of

6    other discovery propounded in this case, and therefore in violation of the integration order

7    included in section XV, subsections D and E of the Court's "Order Re Discovery and Case

8    Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case

9    Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC

10   MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

11       15.    Target objects to the Requests to the extent they seek, in contravention to well-

12   established legal principles, to dismember the overall conspiracy into separate parts, instead of

13   looking at the illegal conspiracy as a whole.  *See Continental Ore Co. v. Union Carbide &*

14   *Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.,* 620

15   F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).

16   All conspirators are jointly and severally liable for the acts of their co-conspirators and the action

17   of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*

18       16.    Target objects to the Requests to the extent that they call for speculation or call for

19   a conclusion on an issue of law.  *See Gem Acquisitionco, LLC v. Sorenson Group Holdings, LLC*,

20   No. C 09-01484 SI, 2010 WL 1340562, at *3 (N.D. Cal. Apr. 5, 2010) (Illston, J.) ("[L]egal

21   conclusions are not a proper subject of a request for admission ….."); *Jones v. McGuire*, No. CIV

22   S-0802607 MCE CKD P, 2012 WL 439429, at *6 (E.D. Cal. Feb. 9, 2012) ("[R]equests for

23   admissions should not be used . . . to demand that the other party admit the truth of a legal

24   conclusion, even if the conclusion is attached to operative facts, or to ask the party to admit facts

25   of which he or she has no special knowledge." (internal quotation marks omitted)); *Tracchia v.*

26   *Tilton*, No. CIV S-06-2916 GEB KJM P, 2008 WL 5382253, at *2 (E.D. Cal. Dec. 22, 2008) ("A

27   request calls for a legal conclusion when it asks a party to admit what is required or permitted by

28   particular [laws or] regulations.").

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

17.    In responding to the Requests, Target in no way concedes their relevance to the merits and expressly reserves other objections.  Target's responses are being made after reasonable inquiry into the relevant facts, and the responses are based only upon the information and documentation that is presently available to and known to Target.  Target's investigation of this case is ongoing.  Further investigation and discovery may result in the identification of additional information or contentions, and Target reserves the right to modify its responses as appropriate.  Target's responses should not be construed to prejudice Target's right to conduct further investigation in this case, or to limit Target's use of any additional evidence that may be developed.

18.    Target reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Requests and all answers Target provides in response to these Requests.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that You did not purchase any CRT Products from CPT.

**RESPONSE TO REQUEST NO. 1:**

Target refers to and incorporates its General Objections as though set forth fully herein. Target further objects to this Request to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can be obtained in a less burdensome fashion. Target further objects to this Request on the grounds that it is unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Target also objects to this Request on the grounds that it calls for a legal conclusion.  Target further objects to this Request on the grounds that the phrase "from CPT" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Target responds as follows: Target has direct purchases from CPT for certain of Target's CRT Product purchases pursuant to

1    the "ownership or control" exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), as

2    articulated in *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir. 1980) and its

3    progeny, including the Court's November 29, 2012 Order Granting in Part and Denying in Part

4    Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470).  Target also purchased

5    finished products containing CRTs manufactured by CPT and/or other conspirators.  On those

6    bases, Target denies this Request.

7    **REQUEST NO. 2:**

8         Admit that You did not purchase any CRT Products from CPTM.

9    **RESPONSE TO REQUEST NO. 2:**

10        Target refers to and incorporates its General Objections as though set forth fully herein.

11   Target further objects to this Request to the extent that it calls for information that is already in the

12   possession, custody, or control of Defendants, or that can be obtained in a less burdensome fashion.

13   Target further objects to this Request on the grounds that it is unduly burdensome, oppressive, and

14   seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably

15   calculated to lead to the discovery of admissible evidence.  Target also objects to this Request on the

16   grounds that it calls for a legal conclusion.  Target further objects to this Request on the grounds

17   that the phrase "from CPTM" is vague and ambiguous.

18        Subject to and without waiving the foregoing objections, Target responds as follows:

19   Target has direct purchases from CPTM for certain of Target's CRT Product purchases pursuant

20   to the "ownership or control" exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), as

21   articulated in *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir. 1980) and its

22   progeny, including the Court's November 29, 2012 Order Granting in Part and Denying in Part

23   Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470).  Target also purchased

24   finished products containing CRTs manufactured by CPTM.  On those bases, Target denies this

25   Request.

26   //

27   //

28   //

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

TARGET'S RESPONSES AND OBJECTIONS TO
CHUNGHWA'S REQUESTS FOR ADMISSION;
CASE NO. 3:11-CV-05514-SC

DATED: March 10, 2014

By:   */s/ Astor H.L. Heaven*
       Jason C. Murray (CA Bar No. 169806)
       CROWELL & MORING LLP
       515 South Flower St., 40th Floor
       Los Angeles, CA  90071
       Telephone:  213-443-5582
       Facsimile:  213-622-2690
       Email: jmurray@crowell.com

       Jerome A. Murphy (*pro hac vice*)
       Astor H.L. Heaven (*pro hac vice*)
       CROWELL & MORING LLP
       1001 Pennsylvania Avenue, N.W.
       Washington, D.C. 20004
       Telephone:  202-624-2500
       Facsimile:  202-628-5116
       Email: jmurphy@crowell.com
                 aheaven@crowell.com

       *Counsel for Target Corp.*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

TARGET'S RESPONSES AND OBJECTIONS TO
CHUNGHWA'S REQUESTS FOR ADMISSION;
CASE NO. 3:11-CV-05514-SC