# Exhibit I

Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard, Suite 1100
Miami, Florida 33131
Tel:     (305) 373-1000
Fax:    (305) 372-1861
E-mail:   rarnold@knpa.com
             wblechman@knpa.com
             kmurray@knpa.com
             srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **Master Case No. 3:07-cv-05944-SC**<br>Individual Case No. 3:11-cv-05514-SC |
| This Document Relates to: Individual Case No. & 11-cv-05514-SC | MDL No. 1917 |
| SEARS, ROEBUCK AND CO. & KMART CORP. | **PLAINTIFFS SEARS, ROEBUCK AND CO. & KMART CORP.'S OBJECTIONS AND RESPONSES TO DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES MALAYSIA SDN.BHD.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| HITACHI, LTD., *et al.*, | |
| Defendants. | |

**RESPONDING PARTIES:** Plaintiffs Sears, Roebuck and Co. and Kmart Corp.

**PROPOUNDING PARTIES:** Defendants Chunghwa Picture Tubes, Ltd., and Chunghwa Picture Tubes Malaysia Sdn.Bhd.

**SET NO.:** ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rule 33.1 of the Local Rules of the Northern District of California, Plaintiffs Sears, Roebuck and Co. and Kmart Corp. (individually and collectively "Plaintiffs") respond to Defendants Chunghwa Picture Tubes, Ltd., and Chunghwa Picture Tubes Malaysia Sdn.Bhd.'s First Set of Requests for Admission served February 4, 2014.

## I. GENERAL OBJECTIONS

1.  Plaintiffs reserve all evidentiary objections and rights under the Federal Rules of Evidence.

2.  Plaintiffs reserve the right to make use of or introduce at any hearing or trial information responsive to Defendants' Requests for Admission but discovered after the date of this response.

3.  Plaintiffs object to Defendants' Requests for Admission on the ground that they are premature given that certain of the information requested is within Defendants' possession or control, and the parties have not yet completed discovery. Plaintiffs and their counsel are continuing their investigation of this matter, and all responses provided here are based on information known at this time. Plaintiffs reserve the right to supplement these answers and/or add other objections if Plaintiffs discover at a later date that supplementation or any additional objections are warranted based on new or previously unknown information. Plaintiffs' responses should not be construed to prejudice their right to conduct further investigation in this case or to limit their use of any evidence that may be developed.

4.      Plaintiffs object to Defendants' Requests for Admission to the extent that they seek any information that is protected from discovery based on the attorney-client privilege, the work product doctrine, or any other privilege or immunity (collectively "Privilege"). Plaintiffs do not intend by their answers to Defendants' Requests for Admission to waive any Privilege.

5.      Plaintiffs object to the Requests for Admission to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

6.      Plaintiffs object to Defendants' Request for Admission to the extent that they seek to ascertain facts about which Defendants are equally knowledgeable.

7.      Plaintiffs understand Defendants' Requests for Admission to seek information for the time period from March 1, 1995 to November 25, 2007 (the "Relevant Period").

8.      Plaintiffs object to the Requests for Admission to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive or in any way broader in scope than any limitations Defendants asserted in responding to the multiple interrogatories already propounded in MDL 1917. Plaintiffs further object to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose upon Plaintiffs obligations beyond those imposed by the Federal Rules of Civil Procedure.

11.     Plaintiffs object to the Requests for Admission to the extent that they prematurely call for expert work, expert opinions, expert reports, or expert testimony. Plaintiffs will provide expert disclosures as provided by the Federal Rule of Civil Procedure.

12.     Plaintiffs object to the Requests for Admission to the extent that they call for speculation or call for a conclusion on an issue of law.

13.     Plaintiffs object to, and expressly disclaims, any need or intent to prove any fact listed here as a prerequisite to proving its claims at trial.

14.     Plaintiffs reserve their right to try their case as they determines is best at trial. This includes by not using facts or information stated in this Response or using facts or information in addition to those stated in this Response.

15.     Plaintiffs object to these Requests for Admission to the extent that they demand actions beyond those set forth in the Federal Rules of Civil Procedure.

16.     Plaintiffs reserve the right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiffs provides in response to these Interrogatories.

## II.     OBJECTIONS TO SPECIFIC DEFINITIONS & INSTRUCTIONS

D.     "You [and its cognates] means ... attorneys ...."

**Objection:** Plaintiffs objects to Definition "D" to the extent that it calls for the production of documents governed by the attorney-client privilege, the work product doctrine, or other applicable privileges.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that You did not purchase any CRT Products from CPT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

The response to this Request for Admission is, or may be, a product of information that is (i) in Defendants' possession, custody, or control, and that they have not yet provided to

Plaintiffs; (ii) the subject of ongoing discovery and investigation; and (iii) the subject of expert work that is not yet complete and not yet due, or expert testimony that has not yet been taken. Consequently this Request for Admission is objectionable as premature. Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

This Request for Admission is objectionable as framed for other reasons, including: (i) it seeks information that will be the subject of expert opinions, reports, and/or testimony; (ii) depending on Defendants' intent, it may call for a legal conclusion; and (iii) the objections set forth in the General Objections above, which are incorporated into this response as if fully restated here.

Subject to and without waiving any of the foregoing objections, Plaintiffs admit that, at this intermediate juncture in the case—due to the fact that Plaintiffs: have not completed their factual investigation of this matter; have not completed any of their expert reports (which are not yet due), and having not received any of Defendants' expert work; have numerous depositions still to be taken; are owed written discovery responses or supplementation of those responses from various Defendants; and have outstanding subpoenas to third parties seeking the production of documents and data which Plaintiffs believe will yield information responsive to this Request for Admission—Plaintiffs have not yet identified purchases of CRT Products from Chunghwa Picture Tubes Ltd. (This response should not be construed as an admission that Plaintiffs have not purchased CRT Products from any entities owned or controlled by Chunghwa Picture Tubes, Ltd. or Chunghwa Picture Tubes Malaysia Sdn.Bhd.). That said, neither this Request for Admission, nor Plaintiffs' response should be read to mean that CPT and CPTM do not have liability to Plaintiffs. Whether CPT and CPTM have joint and several liability to Plaintiffs under

federal law involves a determination, in part, of whether they have satisfied their ACPERA obligations, which Plaintiffs dispute. Independent of ACPERA, and of whether CPT and CPTM directly sold CRTs or CRT Products to Plaintiffs, CPT and CPTM have liability to Plaintiffs under the state-law claims alleged in Plaintiffs' amended complaint. This request for admission seems to disregard these important points.

**REQUEST FOR ADMISSION NO. 2:**

Admit that You did not purchase any CRT Products from CPTM.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

The response to this Request for Admission is, or may be, a product of information that is (i) in Defendants' possession, custody, or control, and that they have not yet provided to Plaintiffs; (ii) the subject of ongoing discovery and investigation; and (iii) the subject of expert work that is not yet complete and not yet due, or expert testimony that has not yet been taken. Consequently this Request for Admission is objectionable as premature. Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

This Request for Admission is objectionable as framed for other reasons, including: (i) it seeks information that will be the subject of expert opinions, reports, and/or testimony; (ii) depending on Defendants' intent, it may call for a legal conclusion; and (iii) the objections set forth in the General Objections above, which are incorporated into this response as if fully restated here.

Subject to and without waiving any of the foregoing objections, Plaintiffs admit that, at this intermediate juncture in the case—due to the fact that Plaintiffs: have not completed their factual investigation of this matter; have not completed any of their expert reports (which are not

yet due), and having not received any of Defendants' expert work; have numerous depositions still to be taken; are owed written discovery responses or supplementation of those responses from various Defendants; and have outstanding subpoenas to third parties seeking the production of documents and data which Plaintiffs believe will yield information responsive to this Request for Admission–Plaintiffs have not yet identified purchases of CRT Products from Chunghwa Picture Tubes Malaysia Sdn.Bhd. (This response should not be construed as an admission that Plaintiffs have not purchased CRT Products from any entities owned or controlled by Chunghwa Picture Tubes, Ltd. or Chunghwa Picture Tubes Malaysia Sdn.Bhd.). That said, neither this Request for Admission, nor Plaintiffs' response should be read to mean that CPT and CPTM do not have liability to Plaintiffs. Whether CPT and CPTM have joint and several liability to Plaintiffs under federal law involves a determination, in part, of whether they have satisfied their ACPERA obligations, which Plaintiffs dispute. Independent of ACPERA, and of whether CPT and CPTM directly sold CRTs or CRT Products to Plaintiffs, CPT and CPTM have liability to Plaintiffs under the state-law claims alleged in Plaintiffs' amended complaint. This request for admission seems to disregard these important points.

Dated: March 10, 2014

s/Samuel J. Randall

Richard Alan Arnold, Esq. (admitted *pro hac vice*)
rarnold@knpa.com
William J. Blechman, Esq. (admitted *pro hac vice*)
wblechman@knpa.com
Kevin J. Murray, Esq. (admitted *pro hac vice*)
kmurray@knpa.com
Samuel J. Randall, Esq. (admitted *pro hac vice*)
srandall@knpa.com
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard, Suite 1100
Miami, Florida 33131
Telephone:      (305) 373-1000
Facsimile:      (305) 372-1861

***Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.***

## CERTIFICATE OF SERVICE

I certify that on March 10, 2014, I caused to be served by electronic mail a true and correct copy of this Response to Defendants Chunghwa Picture Tubes, Ltd., and Chunghwa Picture Tubes Malaysia Sdn.Bhd. First Set of Requests for Admission on Rachel Brass, Esq., at Gibson, Dunn & Crutcher, 555 Mission Street, Suite 3000, San Francisco, CA 94105, rbrass@gibsondunn.com.

s/ Samuel J. Randall