Eliot A. Adelson (SBN 205284)
James Maxwell Cooper (SBN 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Barack Echols (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants
HITACHI DISPLAYS, LTD. (n/k/a JAPAN
DISPLAY INC.), HITACHI AMERICA, LTD.,
AND HITACHI ELECTRONIC DEVICES
(USA), INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. Master File No. 3:07-cv-05944-SC |
| | MDL NO. 1917 |
| This Document Relates to: | **DECLARATION OF ELIOT A. ADELSON IN SUPPORT OF THE ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-59(d) AND 7-11 RE HITACHI PARTIES' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BASED UPON THE LACK OF EVIDENCE OF PARTICIPATION IN THE ALLEGED CONSPIRACY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| *All Indirect Purchaser Actions* | |
| *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-01656-SC; | |
| *Alfred H. Siegel as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, No. 3:11-cv-05502-SC; | |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-05513-SC; | |

*Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 3:11-cv-05514-SC;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 3:11-cv-05514-SC

*Interbond Corporation of America, d/b/a BrandsMart USA v. Hitachi, et al.,* No. 3:11-cv-06275-SC;

*Office Depot, Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06276-SC;

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06396-SC;

*Costco Wholesale Corporation v. Hitachi, Ltd., et al.,* No. 3:11-cv-06397-SC;

*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.,* No. 3:12-cv-02648-SC;

*Schultze Agency Services, LLC on behalf of Tweeter OPCO, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.,* No. 3:12-cv-02649-SC;

*Tech Data Corporation, et al. v. Hitachi, Ltd., et al.,* No. 3:13-cv-00157-SC

I, Eliot A. Adelson, declare as follows:

1.      I am an attorney licensed to practice in the State of California and the Northern District of California.  I am a partner with the firm of Kirkland & Ellis LLP, and counsel for Hitachi America, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Parties").  Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2.      I submit this declaration in support of Hitachi Parties' Administrative Motion to File Under Seal Pursuant to Civil Local Rules 79-5(d) and 7-11.  I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain documents containing Confidential and Highly Confidential information and submitted to the Court in connection with the Hitachi Parties' Notice of Motion and Motion for Summary Judgment Based Upon the Lack of Evidence of Participation in the Alleged Conspiracy and Memorandum of Points and Authorities in Support Thereof ("Non-Participation Motion") are sealable.

3.      On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On November 7, 2014, the Hitachi Parties filed an Administrative Motion to Seal, and lodged conditionally under seal, the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

a.    Portions of the Non-Participation Motion that contain quotations or information from documents and/or deposition testimony that certain Plaintiffs and Defendants have designated "Confidential" or "Highly Confidential"; and

b.    Exhibits 2, 4, 6, 9, 10, and 12-15 attached to the Declaration of Eliot Adelson in Support of the Hitachi Parties' Notice of Motion and Motion for Summary Judgment Based Upon the Lack of Evidence Supporting Participation in the Alleged Conspiracy and Memorandum of Points and Authorities in Support Thereof ("Adelson Declaration") which quote from, summarize, or are documents or deposition testimony that the Hitachi Parties have designated "Confidential" or "Highly Confidential."

4.      Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Hitachi Parties to provide the basis for the Court to maintain under seal certain documents and information designated by the Hitachi Parties as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Non-Participation Motion.

5.      Exhibit 2 to the Adelson Declaration is a true and correct copy of excerpts from the Expert Report of Vandy Howell, Ph.D. dated April 15, 2014, designated by Hitachi Parties as "Highly Confidential."

6.      Exhibit 4 to the Adelson Declaration is a true and correct copy of excerpts from the deposition of Michael Whinston, taken on September 17, 2014, designated by Hitachi Parties as "Confidential."

7.      Exhibit 6 to the Adelson Declaration is a true and correct copy of excerpts from the deposition of L. Thomas Heiser, taken on July 3, 2012, designated by Hitachi Parties as "Highly Confidential."

8.      Exhibit 9 to the Adelson Declaration is a true and correct copy of excerpts from the deposition of Noboru Toyama, taken on March 11, 2014, designated by Hitachi Parties as "Highly Confidential."

9.      Exhibit 10 to the Adelson Declaration is a true and correct copy of excerpts from the deposition of Kenichi Hazuku, taken on June 12, 2013, designated by Hitachi Parties as "Highly Confidential."

10.     Exhibit 12 to the Adelson Declaration is a true and correct copy of excerpts from the deposition of Thomas Schmitt, taken on July 11, 2013, designated by Hitachi Parties as "Highly Confidential."

11.     Exhibit 13 to the Adelson Declaration is a true and correct copy of an email from Noboru Toyama sent on May 24, 2001 with document identification numbers HDP-CRT00023501 - HDP-CRT00023503, designated by Hitachi Parties as "Confidential."

12.     Exhibit 14 to the Adelson Declaration is a true and correct copy of an email from Biff Kinney sent on October 19, 2000 with document identification numbers HEDUS-CRT00181624 -

1    HEDUS-CRT00181625, designated by Hitachi Parties as "Highly Confidential."

2          13.     Exhibit 15 to the Adelson Declaration is a true and correct copy of excerpts from the

3    deposition of Yasu Hisa Takeda, taken on July 12, 2012, designated by Hitachi Parties as "Highly

4    Confidential."

5          14.     Upon information and belief, the documents contained in Exhibits 2, 4, 6, 9, 10, and

6    12 through 15 contain confidential, nonpublic, proprietary and highly sensitive business information

7    about the Hitachi Parties' sales processes, business practices, internal practices, negotiating tactics,

8    confidential business and supply agreements and/or competitive positions. These documents

9    describe relationships with companies that remain important to the Hitachi Parties' competitive

10   position. I am informed and believe that this is sensitive information and public disclosure of this

11   information presents a risk of undermining the Hitachi Parties' business relationships, would cause it

12   harm with respect to its competitors and customers, and would put the Hitachi Parties at a

13   competitive disadvantage.

14         15.     The highlighted portions of the Non-Participation Motion quote from, describe, or

15   contain documents or information designated as "Confidential" or "Highly Confidential" by the

16   Hitachi Parties pursuant to the Stipulated Protective Order, including Exhibits 2, 4, 6, 9, 10, and 12

17   through 15 to the Adelson Declaration.  I understand that the Hitachi Parties consider any statements

18   in the Non-Participation Motion purporting to summarize the exhibits or any other documents or

19   information designated as "Confidential" or "Highly Confidential" by the Hitachi Parties

20   confidential and proprietary. I am informed and believe that the Hitachi Parties have taken

21   reasonable steps to preserve the confidentiality of information of the type contained, identified, or

22   cited to in Exhibits 2, 4, 6, 9, 10, and 12 through 15, and referenced in the Non-Participation Motion.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1      I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct.

3

4  DATED: November 7, 2014                    By:  */s/ Eliot A. Adelson*_____

5                                                  Eliot A. Adelson
                                                   James Maxwell Cooper
6                                                  KIRKLAND & ELLIS LLP
                                                   555 California Street, 27th Floor
7                                                  San Francisco, CA  94104
                                                   Telephone: (415) 439-1400
8                                                  Facsimile: (415) 439-1500
                                                   Email: eadelson@kirkland.com
9                                                  Email: max.cooper@kirkland.com

10                                                 Attorneys for Defendants
                                                   HITACHI DISPLAYS, LTD. (n/k/a JAPAN
11                                                 DISPLAY INC.), HITACHI AMERICA,
                                                   LTD., AND HITACHI ELECTRONIC
12                                                 DEVICES (USA), INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28