Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America*
*Consumer Products, LLC, Toshiba America*
*Information Systems, Inc., and Toshiba*
*America Electronic Components, Inc.*

Additional Counsel On Signature Pages

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* Case No. 3:11-cv-05513<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* Case No. 13-cv-05264<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* Case No. 3:11-cv-05502 | **DEFENDANTS'  NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' UMBRELLA DAMAGES**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:      February 6, 2015<br>Time:     10:00 a.m.<br>Before:  Hon. Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Alfred H. Siegel, as Trustee of the Circuit city Stores, Inc. Liquidating Trust v. Technicolor SA, et al.*, Case No. 13-cv-05261

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06396

*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06397

*Costco Wholesale Corp. v. Technicolor SA*, Case No. 13-cv-05723

*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-01656

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05724

*Interbond Corp. of America v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06275

*Interbond Corp. of America v. Technicolor SA, et al.*, Case No. 3:13-cv-05727

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06276

*Office Depot, Inc. v. Technicolor SA, et al.*, Case No. 3:13-cv-05726

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-02648

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05725

*Sears, Roebuck & Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:11-cv-05514

*Sears, Roebuck & Co. and Kmart Corp. v. Technicolor SA, et al.*, Case No. 13-cv-05262

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944 SC, MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  | *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:11-cv-05514
2  |
3  | *Target Corp. v. Technicolor SA, et al.*, Case No. 3:13-cv-05686
4  |
5  | *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 3:13-cv-00157
6  |
7  | *Schultze Agency Services, LLC on behalf of Tweeter Oopco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-02649
8  |
9  | *Schultze Agency Services, LLC on behalf of Tweeter Oopco, LLC and Tweeter Newco, LLC v. Technicolor SA, et al.*, Case No. 3:13-cv-05668
10 |
11 |
12 | *ViewSonic Corp. v. Chunghwa Pictures Tubes, Ltd., et al.*, Case No. 3:14-cv-02510
13 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944 SC, MDL No. 1917

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ...................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................1

I.      STATEMENT OF THE ISSUE.........................................................................................1

II.     INTRODUCTION ...............................................................................................................1

III.    FACTUAL BACKGROUND.............................................................................................1

IV.     STANDARD OF REVIEW ................................................................................................2

V.      ARGUMENT .......................................................................................................................3

        A.      The DAPs May Not Recover "Umbrella" Damages For Their
                Federal Claims .......................................................................................................3

        B.      The DAPs May Not Recover "Umbrella" Damages For Their State
                Claims .....................................................................................................................5

VI.     CONCLUSION....................................................................................................................6

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## <u>TABLE OF AUTHORITIES</u>

2

Page

3

### FEDERAL CASES

4

*Anderson v. Liberty Lobby, Inc.*,
5
 477 U.S. 242 (1986)..................................................................................3

6

*Antoine L. Garabet, M.D., Inc. v. Autonomous Techs. Corp.*,
 116 F. Supp. 2d 1159 (C.D. Cal. 2000)....................................................5
7

8

*FTC v. Mylan Labs., Inc.*,
 62 F. Supp. 2d 25 (D.D.C. 1999).............................................................5

9

*Futurevision Cable Sys. of Wiggins, Inc. v. Multivision Cable TV Corp.*,
10
 789 F. Supp. 760 (S.D. Miss. 1992) ...................................................... Ex. D

11

*In re Citric Acid Antitrust Litig.*,
12
 145 F. Supp. 2d 1152 (N.D. Cal. 2001)...................................................4

13

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*,
 691 F.2d 1335 (9th Cir. 1982) .....................................................1, 3, 4, 5

14

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
15
 MDL No. 1827, 2012 U.S. Dist. LEXIS 182374 (N.D. Cal. Dec. 26, 2012)..................5

16

*In re Vitamins Antitrust Litig.*,
 MDL No. 1285, 2001 WL 855463 (D.D.C. July 2, 2001)..........................4, 5

17

*Kinetic Systems, Inc. v. Federal Financing Bank*,
18
 No. 12-cv-01619-SC, 2014 WL 3964952 (N.D. Cal. Aug. 13, 2014)..............3

19

*Lorix v. Crompton Corp.*,
20
 736 N.W.2d 619 (Minn. 2007) ........................................................... Ex. D

21

*Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*,
 123 F. Supp. 2d 945 (W.D.N.C. 2000).................................................. Ex. D

22

*Mid-West Paper Prods. Co. v. Cont'l Grp., Inc.*,
23
 596 F.2d 573 (3d Cir. 1979) .........................................................................4

24

*O'Regan v. Arbitration Forums, Inc.*,
 121 F.3d 1060 (7th Cir. 1997) ............................................................ Ex. D
25

26

*Sperry v. Crompton Corp.*,
 863 N.E.2d 1012 (N.Y. 2007)............................................................. Ex. D

27

*Strang v. Visa U.S.A., Inc.*,
28
 No. 03 CV 011323, 2005 WL 1403769 (Wis. Cir. Feb. 8, 2005) ...................... Ex. D

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944 SC, MDL No. 1917

ii

*Vinci v. Waste Mgmt., Inc.*,
     43 Cal. Rptr. 2d 337 (Cal. Ct. App. 1995)................................................................ Ex. D

**FEDERAL RULES**

Fed. R. Civ. P. 56 ......................................................................................................................2, 3

**STATUTES**

Ariz. Rev. Stat. Ann. § 44-1412 ............................................................................... Ex. D

Fla. Stat. § 501.202(3) ............................................................................................... Ex. D

Mich. Comp. Laws § 445.784 .................................................................................... Ex. D

Neb. Rev. Stat. § 59-829 ........................................................................................... Ex. D

Nev. Rev. Stat. § 598A.050 ....................................................................................... Ex. D

N.M. Stat. Ann. § 57-1-15 ......................................................................................... Ex. D

N.M. Stat. Ann. § 57-12-4 ......................................................................................... Ex. D

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>NOTICE OF MOTION AND MOTION</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel Conti, the undersigned Defendants will and hereby do move the Court for an order granting summary judgment in favor of Defendants and dismissing with prejudice all damages claims based on the "umbrella" theory of recovery in the above-captioned actions.  For the reasons explained in the accompanying Memorandum of Points and Authorities, the plaintiffs in the above-captioned actions are prohibited from seeking damages under federal and state law pursuant to the "umbrella" theory of recovery where their purchases involve CRTs that were not manufactured by the alleged conspirators.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the declaration of Lucius B. Lau and accompanying exhibits, the complete files and records in this action, oral argument of counsel, authorities that may be presented at or before the hearing, and such other and further matters as this Court may consider.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   STATEMENT OF THE ISSUE**

1.      Whether the Court should grant summary judgment in favor of Defendants on damages claimed by the Direct Action Plaintiffs ("DAP") based on the "umbrella" theory of recovery, where these plaintiffs seek to recover damages for purchases of products containing CRTs that are not even alleged to be price-fixed.

**II.   INTRODUCTION**

The DAPs allege that certain CRT manufacturers conspired with each other to fix prices of CRTs that were incorporated into monitors and televisions and later purchased by the DAPs.  The DAPs seek damages associated with these purchases.  But the DAPs also seek damages for their purchases of monitors and televisions containing CRTs ("CRT Products") that were ***not*** manufactured by the alleged conspirators and are not even alleged to be price-fixed.  With respect to this latter category of damages, the DAPs seek to recover based on the "umbrella" theory of liability.  The "umbrella" theory is a consequential damages theory that seeks to hold price-fixers liable for harm allegedly flowing from illegal conduct (*e.g.*, higher market prices charged by competitors who are not alleged to be conspirators), even though the price-fixing defendants were not involved in their competitors' pricing decisions and received no benefit from their competitors' pricing decisions.  Such "umbrella" claims are barred in the Ninth Circuit.  *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1338-39 (9th Cir. 1982), *cert. denied*, 464 U.S. 1068 (1984).  The state laws under which the DAPs bring suit have been harmonized with federal law, compelling the rejection of the DAPs' umbrella damages claims under state law as well.  Accordingly, the Court should grant summary judgment and prohibit the DAPs from pursuing their "umbrella" damages claims.

**III.   FACTUAL BACKGROUND**

The DAPs purchased products containing CRTs that they allege were subject to a price-fixing conspiracy carried out by specified CRT manufacturers.  In addition to pursuing claims under federal law, certain DAPs assert claims under the laws of Arizona, California,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 Florida, Illinois, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New

2 York, North Carolina and Wisconsin.  Declaration of Lucius B. Lau, dated November 7,

3 2014 ("Lau Decl."), Ex. A.

4     Dr. Alan S. Frankel is the damages expert proffered by the Best Buy, Circuit City,

5 CompuCom, Costco, Electrograph, Interbond, Office Depot, P.C. Richard, Sears, Kmart,

6 Target, Tech Data, Tweeter and ViewSonic Plaintiffs.  In his expert reports for these DAPs,

7 Dr. Frankel calculates damages in two ways.  In one method, ████████████████████

8 ████████████████████████████████████████████████  *See, e.g.,*

9 Lau Decl., Ex. B ¶¶ 33, 42.  In the other method, ██████████████████████████

10 ████████████████████████████████████████████████████████

11 ██████████████████  *Id.*  Dr. Frankel contends that ██████████████████

12 ████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████

15 ██████████████  Lau Decl., Ex. B ¶ 42.  He then ██████████████████████

16 ████████████████████████████████████████████████████████

17 ██████████████████████  *See, e.g.*, Lau Decl., Ex. B at Ex. 20.

18     The DAPs have also proffered Dr. James T. McClave as an expert who calculated

19 alleged overcharges on Defendants' CRT sales during the relevant time period.  As Dr.

20 McClave explained in his report, ██████████████████████████████████████

21 ████████████████████████████████████  Lau Decl., Ex. C at 5, 7 (██████

22 ████████████████████████████████████████████████████████

23 ██████).   In calculating damages, Dr. Frankel simply ██████████████████████

24 ████████████████████████████████████████████████████████

25 Lau Del., Ex. B ¶¶ 7, 9.

26 **IV.  STANDARD OF REVIEW**

27     A court "shall" grant summary judgment "if the movant shows that there is no genuine

28 dispute as to any material fact and the movant is entitled to judgment as a matter of law."

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Fed. R. Civ. P. 56(a). "Summary judgment should be granted if the evidence would require a

2   directed verdict for the moving party." *Kinetic Systems, Inc. v. Federal Financing Bank*,

3   No. 12-cv-01619-SC, 2014 WL 3964952, at *3 (N.D. Cal. Aug. 13, 2014) (Conti, J.) (citing

4   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). "The mere existence of a

5   scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

6   evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S.

7   at 252.

8   **V.   ARGUMENT**

9        The Court should grant this motion and issue summary judgment in favor of the

10  Defendants because the DAPs seek to recover based on an "umbrella" theory of liability that

11  is barred under Ninth Circuit law.

12       **A.       The DAPs May Not Recover "Umbrella" Damages For Their Federal
13                Claims**

14       The Ninth Circuit has already considered and rejected the same type of "umbrella"

15  damages claims that the DAPs bring here.  As that court noted, the umbrella theory is

16  premised on establishing that a purported conspiracy creates a "price umbrella" that permits

17  non-conspiring entities to raise their prices "to an artificial level at or near the fixed price."

18  *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335,

19  1338-39 (9th Cir. 1982), *cert. denied*, 464 U.S. 1068 (1984).  Assuming that this price

20  umbrella is established, the theory then contends that plaintiffs can recover on their purchases

21  of the non-conspiring entities' products because the conspirators were responsible for

22  creating a market in which the non-conspirators could raise their prices.  *Id.* at 1339.  In

23  essence, the "umbrella" theory seeks to hold defendants liable for their competitors' sales

24  even though defendants "received none of the illegal gains and were uninvolved in their

25  competitors' pricing decisions." *Id.*

26       Due to the impermissible risk of double recovery and the "unacceptably speculative and

27  complex" proof that would be required to establish umbrella damages, the Ninth Circuit in

28  *Petroleum Products* affirmed the district court's dismissal of the plaintiffs' "umbrella"

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    claims. *Id.* at 1340-41.  The Ninth Circuit held that the initial task of proving that the non-

2    conspirators' prices were raised due to the conspiracy rather than from "numerous other

3    pricing considerations would be speculative." *Id.* at 1341.  It then found that "the obstacles

4    to intelligent inquiry become nearly insurmountable" in the context of a multi-tiered

5    distribution system:

> The causal effect of each pricing decision would have to be
> pursued through the chain of distribution.  Not only would we be
> required to speculate that plaintiffs were injured solely as the result
> of umbrella pricing, but also we would be required to sanction
> complex judicial inquiry into the pricing decisions of sellers
> remote from plaintiffs.  We decline to do either . . . .

11   *Id.*  Given such "insurmountable" problems of proof, the court held that plaintiffs could not

12   recover "umbrella" damages.  *Id.*; *see also In re Citric Acid Antitrust Litig.*, 145 F. Supp. 2d

13   1152, 1155 (N.D. Cal. 2001) (holding that class members that purchased from non-

14   conspirator Cargill "have not suffered any antitrust injury in their purchases from Cargill,

15   because Cargill has been found not to have violated the anti-trust laws," and that "the 'price

16   umbrella' is not a legal basis for conferring standing on an antitrust plaintiff").

17         Numerous other courts have reached the same conclusion as the Ninth Circuit (and this

18   Court) and rejected "umbrella" damages claims under federal law.  *See Mid-West Paper*

19   *Prods. Co. v. Cont'l Grp., Inc.*, 596 F.2d 573, 584-85, 587 (3d Cir. 1979) (holding that

20   plaintiff lacked standing to recover for purchases from non-conspirators under the "umbrella"

21   theory in a single-tiered distribution system, as even there the inquiry would require

22   assessing the non-conspirators' pricing decisions based on costs, marketing strategies,

23   elasticity of demand, substitutability, and time lags in adjusting pricing or output, among

24   other factors); *In re Vitamins Antitrust Litig.*, MDL No. 1285, 2001 WL 855463, at *2-4

25   (D.D.C. July 2, 2001) (finding that the "overwhelming majority of recent court decisions that

26   have addressed the viability of the 'umbrella' theory . . . have rejected 'umbrella' claims,"

27   and granting summary judgment as to plaintiffs' umbrella claims because they "are simply

28   too remote to confer antitrust standing," "highly speculative," and rest on a causal connection

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   "necessarily attenuated by significant intervening factors, such as independent pricing

2   decisions of the nonconspiring suppliers"); *Antoine L. Garabet, M.D., Inc. v. Autonomous*

3   *Techs. Corp.*, 116 F. Supp. 2d 1159, 1169-70 (C.D. Cal. 2000) (granting summary judgment

4   as to "umbrella" damages claims for lack of standing).

5       **B.      The DAPs May Not Recover "Umbrella" Damages For Their State
            Claims**

6

7       The same problems of proof that require summary judgment as to the DAPs' federal

8   "umbrella" damages claims compel rejecting their "umbrella" claims under state law as well.

9   All of the state laws at issue are harmonized with federal law; therefore, federal principles

10  necessitate dismissal of Plaintiffs' state umbrella damages claims. Lau Decl., Ex. D.  Indeed,

11  in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Judge Illston granted summary judgment

12  as to "umbrella" damages claims brought by two of the same plaintiffs in these actions —

13  Electrograph and Target — under the laws of California, Illinois, Michigan, Minnesota and

14  New York.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2012 U.S. Dist.

15  LEXIS 182374, at *59-66 & n.8 (N.D. Cal. Dec. 26, 2012) (following the Ninth Circuit's

16  decision in *Petroleum Products*, in part because both cases involved "a multi-layered

17  distribution chain," "most federal courts in recent years have rejected these claims," and

18  "Plaintiffs do not dispute that the Ninth Circuit has held, in the context of federal antitrust

19  claims, that umbrella claims are 'unacceptably speculative and complex'") (quoting

20  *Petroleum Products*, 691 F.2d at 1341); *see also FTC v. Mylan Labs., Inc.*, 62 F. Supp. 2d

21  25, 39, 42, 44-53 (D.D.C. 1999) (dismissing both federal and state law "umbrella" damages

22  claims because the relevant "state statutes refer to federal antitrust law for guidance,"

23  including claims under the laws of Florida, Illinois, Michigan, Minnesota, New Mexico, New

24  York, North Carolina, Washington and Wisconsin).  The same result is warranted here.

25

26

27

28

**VI.    CONCLUSION**

For these reasons, Defendants' motion for summary judgment should be granted and the Court should bar the DAPs from asserting any damages claims based on the "umbrella" theory of liability.

Respectfully submitted,

Dated:  November 7, 2014                              **WHITE & CASE** LLP

By:  _/s/ Lucius B. Lau_
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America   Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER BOTTS LLP

By:  _/s/ John M. Taladay_____
     JOHN M. TALADAY (*pro hac vice*)
     john.taladay@bakerbotts.com
     JOSEPH OSTOYICH (*pro hac vice*)
     joseph.ostoyich@bakerbotts.com
     ERIK T. KOONS (*pro hac vice*)
     erik.koons@bakerbotts.com
     CHARLES M. MALAISE (*pro hac vice*)
     Charles.malaise@bakerbotts.com
     BAKER BOTTS LLP
     1299 Pennsylvania Avenue, N.W.
     Washington DC 20004-2400
     Telephone:  (202) 639-7700
     Facsimile:  (202) 639-7890

     JON V. SWENSON (SBN 233054)
     jon.swenson@bakerbotts.com
     BAKER BOTTS LLP
     1001 Page Mill Road
     Building One, Suite 200
     Palo Alto, CA 94304
     Telephone:  (650) 739-7500
     Facsimile:  (650) 739-7699
     E-mail:  jon.swenson@bakerbotts.com

     *Attorneys for Defendants Koninklijke Philips*
     *N.V., Philips Electronics North America*
     *Corporation, Philips Taiwan Ltd., and*
     *Philips do Brasil, Ltda.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

By: */s/ Jeffrey L. Kessler*
     WINSTON & STRAWN LLP
     Jeffrey L. Kessler (*pro hac vice*)
     A. Paul Victor (*pro hac vice*)
     Aldo A. Badini Cal. Bar No. 257086
     Eva W. Cole (*pro hac vice*)
     Molly M. Donovan (*pro hac vice*)
     200 Park Avenue
     New York, NY 10166
     Telephone:(212) 294-4692
     Facsimile: (212) 294-4700
     Email:    jkessler@winston.com
               abadini@winston.com
               pvictor@winston.com
               ewcole@winston.com
               mmdonovan@winston.com

     WEIL, GOTSHAL & MANGES LLP
     Steven A. Reiss (*pro hac vice*)
     David L. Yohai (*pro hac vice*)
     Adam C. Hemlock (*pro hac vice*)
     767 Fifth Avenue
     New York, NY 10153-0119
     Telephone:(212) 310-8000
     Facsimile: (212) 310-8007
     Email:    steven.reiss@weil.com
               david.yohai@weil.com
               adam.hemlock@weil.com

     *Attorneys for Defendants Panasonic*
     *Corporation (f/k/a Matsushita Electric*
     *Industrial Co., Ltd.), Panasonic Corporation*
     *of North America, and MT Picture Display*
     *Co., Ltd.*

1

2     By: /s/ Michael W. Scarborough

3         SHEPPARD MULLIN RICHTER &
          HAMPTON LLP
4         Gary L. Halling, Cal. Bar No. 66087
          James L. McGinnis, Cal. Bar No. 95788
5         Michael W. Scarborough, Cal. Bar No.
          203524
6         Four Embarcadero Center, 17th Floor
          San Francisco, CA  94111-4109
7         Telephone:(415) 434-9100
          Facsimile: (415) 434-3947
8         E-mail:  ghalling@sheppardmullin.com
9                  jmcginnis@sheppardmullin.com
                   mscarborough@sheppardmullin.com
10
          *Attorneys for Defendants Samsung SDI*
11        *America, Inc.; Samsung SDI Co., Ltd.;*
          *Samsung SDI (Malaysia) SDN. BHD.;*
12        *Samsung SDI Mexico S.A. DE C.V.; Samsung*
          *SDI Brasil Ltda.; Shenzen Samsung SDI Co.,*
13        *Ltd. and Tianjin Samsung SDI Co., Ltd.*

14

15

16

17     By: /s/ Eliot A. Adelson

18         KIRKLAND & ELLIS LLP

19         Eliot A. Adelson Cal. Bar. No. 205284

20         555 California Street, 27th Floor
           San Francisco, CA 94104
21         Telephone:(415) 439-1413
           Facsimile: (415) 439-1500
22         Email:    eadelson@kirkland.com

23         *Attorneys for Defendants Hitachi, Ltd.,*
           *Hitachi Displays, Ltd. (n/k/a Japan Display*
24         *East, Inc.), Hitachi Asia, Ltd., Hitachi*
           *America, Ltd., and Hitachi Electronic*
25         *Devices (USA), Inc.*

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944 SC, MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2      By: /s/ Rachel S. Brass

3          GIBSON, DUNN & CRUTCHER LLP

Rachel S. Brass Cal. Bar. No. 219301

4          Joel S. Sanders Cal. Bar. No. 107234

5          Austin V. Schwing Cal. Bar. No. 211696

555 Mission Street, Suite 3000

6          San Francisco, CA 94105

Telephone:(415) 393-8200

7          Facsimile: (415) 393-8306

8          Email:    rbrass@gibsondunn.com

9                 jsanders@gibsondunn.com

aschwing@gibsondunn.com

10

11          *Attorneys for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia)*

12

13

14      By: /s/ Hojoon Hwang

15          MUNGER, TOLLES & OLSON LLP

Hojoon Hwang, Cal. Bar. No. 184950

16          William D. Temko, Cal. Bar. No. 98858

17          Laura K. Lin, Cal. Bar. No. 281542

560 Mission Street

18          Twenty-Seventh Floor

19          San Francisco, California 94105-2907

Facsimile: (415) 512-4077

20

21          *Attorneys For Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.*

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

By: */s/ Kathy L. Osborn*
    FAEGRE BAKER DANIELS LLP
    Kathy L. Osborn (*pro hac vice*)
    Ryan M. Hurley (*pro hac vice*)
    300 N. Meridian Street, Suite 2700
    Indianapolis, IN 46204
    Telephone: (317) 237-0300
    Facsimile: (317) 237-1000
    kathy.osborn@FaegreBD.com
    ryan.hurley@FaegreBD.com

    Calvin L. Litsey (SBN 289659)
    Faegre Baker Daniels LLP
    1950 University Avenue, Suite 450
    East Palo Alto, CA 94303-2279
    Telephone: (650) 324-6700
    Facsimile: (650) 324-6701
    calvin.litsey@FaegreBD.com

    *Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

By: */s/ Michael T. Brody*
    JENNER&BLOCK LLP
    Terrence J. Truax (*pro hac vice*)
    Michael T. Brody (*pro hac vice*)
    353 North Clark Street
    Chicago, Illinois 60654-3456
    Telephone: (312) 222-9350
    Facsimile: (312) 527-0484
    ttruax@jenner.com
    mbrody@jenner.com

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Brent Caslin (Cal. Bar. No. 198682)
JENNER&BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric
Corporation, Mitsubishi Electric US, Inc.
and, Mitsubishi Electric Visual Solutions
America, Inc.*


SQUIRE PATTON BOGGS (US) LLP

By: */s/ Nathan Lane, III*
Mark Dosker
Nathan Lane, III
275 Battery Street, Suite 2600
San Francisco, CA  94111
Telephone:  415.954.0200
Facsimile:  415.393.9887
Email:  mark.dosker@squirepb.com
nathan.lane@squirepb.com

Donald A. Wall (*Pro Hac Vice*)
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone:  602.528.4000
Facsimile:  602.253.8129
Email:  donald.wall@squirepb.com

*Attorneys for Defendant Technologies
Displays Americas LLC with respect to all
cases except Office Depot, Inc. v.
Technicolor SA, et al. and Sears, Roebuck
and Co., et al v. Technicolor SA, et al.*

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944 SC, MDL No. 1917
12

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

3
4
5
6
7
8
9

By: */s/  Jeffrey I. Zuckerman*
    Jeffrey I. Zuckerman (Pro Hac Vice)
    Ellen Tobin (Pro Hac Vice)
    101 Park Avenue
    New York, New York 10178
    Telephone: 212.696.6000
    Facsimile: 212.697.1559
    Email:  jzuckerman@curtis.com
    etobin@curtis.com

10
11
12
13
14

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

15
16
17
18

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co. et al. v. Technicolor SA, et al.*

19
20
21

FRESHFIELDS BRUCKHAUS DERINGER US LLP

22
23
24
25
26
27

By: */s/ Michael Lacovara*
    Michael Lacovara (209279)
    Freshfields Bruckhaus Deringer US LLP
    601 Lexington Avenue, 31st Floor
    New York, NY 10022
    Telephone: 212 277 4000
    Facsimile: 212 277 4001
    Email:  michael.lacovara@freshfields.com

28

Terry Calvani (53260)
Richard Snyder (pro hac vice)
Christine Laciak (pro hac vice)
Freshfields Bruckhaus Deringer US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: 202 777 4500
Email:  terry.calvani@freshfields.com
Email:  richard.snyder@freshfields.com
Email:  christine.laciak@freshfields.com

*Attorneys for Defendant Beijing Matsushita
Color CRT Co., Ltd.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## <u>CERTIFICATE OF SERVICE</u>

On November 7, 2014, I caused a copy of "DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' UMBRELLA DAMAGES" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

*/s/ Lucius B. Lau*
Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |

This Document Relates to:

*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-05513

*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, Case No. 13-cv-05264

*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-05502

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06396

*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06397

*Costco Wholesale Corp. v. Technicolor SA*, Case No. 13-cv-05723

*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-01656

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05724

*Interbond Corp. of America v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06275

*Interbond Corp. of America v. Technicolor SA, et al.*, Case No. 3:13-cv-05727

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06276

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' UMBRELLA DAMAGES**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  *Office Depot, Inc. v. Technicolor SA, et al.*, Case
2  No. 3:13-cv-05726

3  *P.C. Richard & Son Long Island Corp., et al. v.
   Hitachi, Ltd., et al.*, Case No. 3:12-cv-02648
4

5  *P.C. Richard & Son Long Island Corp., et al. v.
   Technicolor SA, et al.*, Case No. 3:13-cv-05725
6

7  *Sears, Roebuck & Co. and Kmart Corp. v.
   Chunghwa Picture Tubes, Ltd., et al.*, Case No.
8  3:11-cv-05514

9  *Target Corp. v. Chunghwa Picture Tubes, Ltd.,
   et al.*, Case No. 3:11-cv-05514
10

11 *Target Corp. v. Technicolor SA, et al.*, Case No.
   3:13-cv-05686
12

13 *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*,
   Case No. 3:13-cv-00157

14 *Schultze Agency Services, LLC on behalf of
   Tweeter Oopco, LLC and Tweeter Newco, LLC
15 v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-02649

16 *Schultze Agency Services, LLC on behalf of
   Tweeter Oopco, LLC and Tweeter Newco, LLC
17 v. Technicolor SA, et al.*, Case No. 3:13-cv-
   05668
18

19 *ViewSonic Corp. v. Chunghwa Pictures Tubes,
   Ltd., et al.*, Case No. 3:14-cv-02510
20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944 SC, MDL No. 1917

ii

Upon consideration of Defendants' Notice of Motion and Motion for Summary Judgment on Plaintiffs' Umbrella Damages, and any responses or replies thereto, it is hereby:

ORDERED that the motion is GRANTED; and it is further

ORDERED that all claims asserted by plaintiffs in the above-titled actions that are based on purchases of products containing a CRT not manufactured by a defendant or alleged co-conspirator are hereby dismissed with prejudice; and it is further

ORDERED that, to the extent that any plaintiff any the above-titled actions fails to prove participation in the alleged conspiracy by a defendant or alleged co-conspirator, such plaintiff is also barred from recovering for purchases of products containing a CRT manufactured by such defendant or alleged co-conspirator.

**IT IS SO ORDERED.**

Dated: _____            _____

HONORABLE SAMUEL CONTI
UNITED STATES DISTRICT JUDGE

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944 SC, MDL No. 1917

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba
Corporation, Toshiba America, Inc.,
Toshiba America Consumer Products,
LLC, Toshiba America Information
Systems, Inc., and Toshiba America
Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* Case No. 3:11-cv-05513<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* Case No. 13-cv-05264<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* Case No. 3:11-cv-05502<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* Case No. 3:11-cv-06396 | **DECLARATION OF LUCIUS B. LAU IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' UMBRELLA DAMAGES** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2   *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*,
3   Case No. 3:11-cv-06397

4   *Electrograph Systems, Inc., et al. v. Hitachi,
    Ltd., et al.*, Case No. 3:11-cv-01656
5

6   *Electrograph Systems, Inc., et al. v. Technicolor
    SA, et al.*, Case No. 3:13-cv-05724
7

8   *Interbond Corp. of America v. Hitachi, Ltd., et
    al.*, Case No. 3:11-cv-06275
9

10  *Interbond Corp. of America v. Technicolor SA,
    et al.*, Case No. 3:13-cv-05727

11  *Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case
12  No. 3:11-cv-06276

13  *Office Depot, Inc. v. Technicolor SA, et al.*,
    Case No. 3:13-cv-05726
14

15  *P.C. Richard & Son Long Island Corp., et al. v.
    Hitachi, Ltd., et al.*, Case No. 3:12-cv-02648

16  *P.C. Richard & Son Long Island Corp., et al. v.
17  Technicolor SA, et al.*, Case No. 3:13-cv-05725

18  *Sears, Roebuck & Co. and Kmart Corp. v.
    Chunghwa Picture Tubes, Ltd., et al.*, Case No.
19  3:11-cv-05514

20  *Target Corp. v. Chunghwa Picture Tubes, Ltd.,
21  et al.*, Case No. 3:11-cv-05514

22  *Target Corp. v. Technicolor SA, et al.*, Case No.
23  3:13-cv-05686

24  *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*,
    Case No. 3:13-cv-00157
25

26  *Schultze Agency Services, LLC on behalf of
    Tweeter Oopco, LLC and Tweeter Newco, LLC
27  v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-02649

28

DECLARATION OF LUCIUS B. LAU IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944-SC, MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*Schultze Agency Services, LLC on behalf of Tweeter Oopco, LLC and Tweeter Newco, LLC v. Technicolor SA, et al.*, Case No. 3:13-cv-05668

*ViewSonic Corp. v. Chunghwa Pictures Tubes, Ltd., et al.*, Case No. 3:14-cv-02510

I, Lucius B. Lau, hereby declare as follows:

1.      I am an attorney with the law firm of White & Case LLP, counsel for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

2.      I submit this declaration in support of Defendants' Notice of Motion and Motion for Summary Judgment on Plaintiffs' Umbrella Damages, filed contemporaneously herewith.  Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts stated herein, and I could and would competently testify thereto if called as a witness.

3.      Attached hereto as **Exhibit A** is a table setting forth the federal and state law claims subject to this motion in each of the relevant actions.

4.      Attached hereto as **Exhibit B** is a true and correct copy of the Report of Alan S. Frankel, Ph.D., dated April 15, 2014, and served on behalf of Plaintiffs Best Buy Co., Inc., Best Buy Purchasing, LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C., and Magnolia Hi-Fi, Inc.  On information and belief, Dr. Frankel performs the same type of damages calculations, including an alternative measure of damages accounting for CRTs that were manufactured by entities not alleged to be conspirators, in his expert reports in the Circuit City, CompuCom, Costco, Electrograph, Interbond, Office Depot, P.C. Richard, Sears, Kmart, Target, Tech Data, Tweeter and ViewSonic actions.

5. Attached hereto as **Exhibit C** is a true and correct copy of the Expert Report of Dr. James T. McClave, dated April 15, 2014, and served on behalf of the Best Buy, Circuit City, CompuCom, Costco, Electrograph, Interbond, Office Depot, P.C. Richard, Sears, Kmart, Target, Tech Data and Tweeter Plaintiffs. On information and belief, Dr. McClave performed the same overcharge calculation using Defendants' data in the ViewSonic action.

6. Attached hereto as **Exhibit D** is a table setting forth citations regarding the harmonization of the relevant state laws with federal antitrust law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of November, 2014, in Washington, D.C.

_____
Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

# Exhibit A

**Table of Remaining Claims Asserted in the Relevant Actions**

| Action | Citation | Claims |
|---|---|---|
| Best Buy | First Am. Compl. ¶¶ 236-49 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1978 | Federal law<br><br>State law: Minnesota |
| Circuit City | First Am. Compl. ¶¶ 232-38 (N.D. Cal. filed Oct. 16, 2013), ECF No. 2016 | Federal law<br><br>State law: none (*see* Order (N.D. Cal. Oct. 22, 2014), ECF No. 2942) |
| CompuCom | First Am. Compl. ¶¶ 226-55 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1975 | Federal law<br><br>State law: California, New York |
| Costco | First Am. Compl. ¶¶ 187-216 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1982 | Federal law<br><br>State law: Arizona, California, Florida, Illinois (Costco's claims under Washington law have been dismissed, *see* Order at 27:12-28 (N.D. Cal. Aug. 21, 2013), ECF No. 1856) |
| Electrograph | Second Am. Compl. ¶¶ 246-284 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1976 | Federal law<br><br>State law: California, New York |
| Interbond | First Am. Compl. ¶¶ 226-40 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1974 | Federal law<br><br>State law: Florida |
| Office Depot | First Am. Compl. ¶¶ 237-68 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1977 | Federal law<br><br>State law: California, Florida |
| P.C. Richard | P.C. Richard et al. First Am. Compl. ¶¶ 232-48 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1979 | Federal law<br><br>State law: Arizona, Illinois, Michigan, New York |

| Sears and Kmart | Second Am. Compl. ¶¶ 230-65 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1973 | Federal law<br><br>State law: Arizona, California, Florida, Illinois, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, Wisconsin (Sears and Kmart have agreed to dismiss their Massachusetts claims, *see* Stipulation Voluntarily Dismissing Sears and Kmart's Massachusetts Consumer Protection Act Claim (N.D. Cal. Nov. 6, 2014), ECF No. 2962) |
|---|---|---|
| Target | Second Am. Compl. ¶¶ 226-32 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1981 | Federal law<br><br>State law: none (*see* Stipulation and [Proposed] Order Dismissing with Prejudice Pls.' Claims under State Law (N.D. Cal. Nov. 6, 2014), ECF No. 2961) |
| Tech Data | First Am. Compl. ¶¶ 245-76 (N.D. Cal. filed Sept. 9, 2013), ECF No. 1911 | Federal law<br><br>State law: California, Florida |
| Tweeter | First Am. Compl. ¶¶ 229-35 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1980 (federal law) | Federal law<br><br>State law: none (*see* Order (N.D. Cal. Mar. 13, 2014), ECF No. 2436) |
| ViewSonic | Compl. ¶¶ 240-48 (N.D. Cal. filed May 30, 2014), Individual Dkt. No. 1 | Federal law |

# Exhibit B

**Filed Under Seal**

# Exhibit C

**Filed Under Seal**

# Exhibit D

**Table Regarding Harmonization of Relevant State Laws with Federal Antitrust Law**

| State | Actions | Citation |
|---|---|---|
| Arizona | Costco, P.C. Richard, Sears and Kmart | Ariz. Rev. Stat. Ann. § 44-1412 |
| California | CompuCom, Costco, Electrograph, Office Depot, Sears and Kmart, Tech Data | *Vinci v. Waste Mgmt., Inc.*, 43 Cal. Rptr. 2d 337, 338 & n.1 (Cal. Ct. App. 1995) (applying federal standing principles to California state law claims because "the California courts look to cases construing the federal antitrust laws for guidance in interpreting the Cartwright Act") |
| Florida | Costco, Interbond, Office Depot, Sears and Kmart, Tech Data | Fla. Stat. § 501.202(3) |
| Illinois | Costco, P.C. Richard, Sears and Kmart | *O'Regan v. Arbitration Forums, Inc.*, 121 F.3d 1060, 1066 (7th Cir. 1997) ("Federal antitrust standing rules apply under the Illinois Antitrust Act.") |
| Michigan | P.C. Richard, Sears and Kmart | Mich. Comp. Laws § 445.784 |
| Minnesota | Best Buy, Sears and Kmart | *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 626, 632 (Minn. 2007) (declining to apply certain federal standing principles even though "Minnesota law is generally interpreted consistently with federal antitrust law," but adding that standing would not exist for plaintiffs who "did not purchase, directly or indirectly, any product or service provided by or manufactured with components from [the defendants]") |
| Mississippi | Sears and Kmart | *Futurevision Cable Sys. of Wiggins, Inc. v. Multivision Cable TV Corp.*, 789 F. Supp. 760, 778-80 (S.D. Miss. 1992) (dismissing Mississippi state law claims because the court concluded that plaintiff failed to allege facts sufficient to prove injury to competition with respect to its Sherman Act claims) |
| Nebraska | Sears and Kmart | Neb. Rev. Stat. § 59-829 |

| Nevada | Sears and Kmart | Nev. Rev. Stat. § 598A.050 |
|---|---|---|
| New Mexico | Sears and Kmart | N.M. Stat. Ann. §§ 57-1-15, 57-12-4 |
| New York | CompuCom, Electrograph, P.C. Richard, Sears and Kmart | *Sperry v. Crompton Corp.*, 863 N.E.2d 1012, 1018 (N.Y. 2007) (noting that New York courts "generally construe the Donnelly Act in light of federal antitrust law," unless state policy or differences in statutory language or legislative history justify treating them differently) |
| North Carolina | Sears and Kmart | *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 950-51, 954-55 (W.D.N.C. 2000) (dismissing federal claims because plaintiff did not have federal antitrust standing due to lack of antitrust injury, and also dismissing claims under North Carolina law because "the North Carolina Supreme Court has described the Sherman Act as 'instructive in determining the full reach' of the statutes") (quoting *Rose v. Vulcan Materials Co.*, 194 S.E.2d 521, 530 (N.C. 1973)) |
| Wisconsin | Sears and Kmart | *Strang v. Visa U.S.A., Inc.*, No. 03 CV 011323, 2005 WL 1403769, at *3-5 (Wis. Cir. Feb. 8, 2005) (applying federal standing principles and dismissing antitrust claims under Wisconsin law) |