1   Christopher M. Curran (*pro hac vice*)
2   ccurran@whitecase.com
   Lucius B. Lau (*pro hac vice*)
3   alau@whitecase.com
   Dana E. Foster (*pro hac vice*)
4   defoster@whitecase.com
5   White & Case LLP
   701 Thirteenth Street, N.W.
6   Washington, DC  20005
7   Telephone:  (202) 626-3600
   Facsimile:  (202) 639-9355
8

9   *Counsel to Defendants Toshiba Corporation,*
   *Toshiba America, Inc., Toshiba America*
10   *Consumer Products, LLC, Toshiba America*
11   *Information Systems, Inc., and Toshiba*
   *America Electronic Components, Inc.*
12

13   Additional Counsel On Signature Pages

14

15          UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA
16            (SAN FRANCISCO DIVISION)

17

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* Case No. 3:11-cv-05513<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* Case No. 13-cv-05264<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* Case No. 3:11-cv-05502 | **DEFENDANTS'  NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' UMBRELLA DAMAGES**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:     February 6, 2015<br>Time:    10:00 a.m.<br>Before:  Hon. Samuel Conti |

18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Alfred H. Siegel, as Trustee of the Circuit city Stores, Inc. Liquidating Trust v. Technicolor SA, et al.*, Case No. 13-cv-05261

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06396

*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06397

*Costco Wholesale Corp. v. Technicolor SA*, Case No. 13-cv-05723

*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-01656

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05724

*Interbond Corp. of America v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06275

*Interbond Corp. of America v. Technicolor SA, et al.*, Case No. 3:13-cv-05727

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06276

*Office Depot, Inc. v. Technicolor SA, et al.*, Case No. 3:13-cv-05726

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-02648

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05725

*Sears, Roebuck & Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:11-cv-05514

*Sears, Roebuck & Co. and Kmart Corp. v. Technicolor SA, et al.*, Case No. 13-cv-05262

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944 SC, MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:11-cv-05514

3
4

*Target Corp. v. Technicolor SA, et al.*, Case No. 3:13-cv-05686

5

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 3:13-cv-00157

6
7
8

*Schultze Agency Services, LLC on behalf of Tweeter Oopco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-02649

9
10
11

*Schultze Agency Services, LLC on behalf of Tweeter Oopco, LLC and Tweeter Newco, LLC v. Technicolor SA, et al.*, Case No. 3:13-cv-05668

12
13

*ViewSonic Corp. v. Chunghwa Pictures Tubes, Ltd., et al.*, Case No. 3:14-cv-02510

14
15
16

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944 SC, MDL No. 1917

1

## TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................1

I.     STATEMENT OF THE ISSUE.....................................................................................1

II.    INTRODUCTION .........................................................................................................1

III.   FACTUAL BACKGROUND.........................................................................................1

IV.    STANDARD OF REVIEW ...........................................................................................2

V.     ARGUMENT .................................................................................................................3

       A.     The DAPs May Not Recover "Umbrella" Damages For Their
              Federal Claims ...................................................................................................3

       B.     The DAPs May Not Recover "Umbrella" Damages For Their State
              Claims .................................................................................................................5

VI.    CONCLUSION...............................................................................................................6

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944 SC, MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

# **TABLE OF AUTHORITIES**

Page

## **FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)...................................................................................3

*Antoine L. Garabet, M.D., Inc. v. Autonomous Techs. Corp.*,
    116 F. Supp. 2d 1159 (C.D. Cal. 2000)....................................................5

*FTC v. Mylan Labs., Inc.*,
    62 F. Supp. 2d 25 (D.D.C. 1999)..............................................................5

*Futurevision Cable Sys. of Wiggins, Inc. v. Multivision Cable TV Corp.*,
    789 F. Supp. 760 (S.D. Miss. 1992) ..................................................... Ex. D

*In re Citric Acid Antitrust Litig.*,
    145 F. Supp. 2d 1152 (N.D. Cal. 2001)....................................................4

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*,
    691 F.2d 1335 (9th Cir. 1982) .................................................1, 3, 4, 5

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    MDL No. 1827, 2012 U.S. Dist. LEXIS 182374 (N.D. Cal. Dec. 26, 2012).................5

*In re Vitamins Antitrust Litig.*,
    MDL No. 1285, 2001 WL 855463 (D.D.C. July 2, 2001)............................4, 5

*Kinetic Systems, Inc. v. Federal Financing Bank*,
    No. 12-cv-01619-SC, 2014 WL 3964952 (N.D. Cal. Aug. 13, 2014)...........................3

*Lorix v. Crompton Corp.*,
    736 N.W.2d 619 (Minn. 2007) ............................................................. Ex. D

*Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*,
    123 F. Supp. 2d 945 (W.D.N.C. 2000) .................................................. Ex. D

*Mid-West Paper Prods. Co. v. Cont'l Grp., Inc.*,
    596 F.2d 573 (3d Cir. 1979) ........................................................................4

*O'Regan v. Arbitration Forums, Inc.*,
    121 F.3d 1060 (7th Cir. 1997) ............................................................. Ex. D

*Sperry v. Crompton Corp.*,
    863 N.E.2d 1012 (N.Y. 2007).............................................................. Ex. D

*Strang v. Visa U.S.A., Inc.*,
    No. 03 CV 011323, 2005 WL 1403769 (Wis. Cir. Feb. 8, 2005) ........................ Ex. D

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944 SC, MDL No. 1917

ii

*Vinci v. Waste Mgmt., Inc.*,
    43 Cal. Rptr. 2d 337 (Cal. Ct. App. 1995).............................................................. Ex. D

**FEDERAL RULES**

Fed. R. Civ. P. 56..................................................................................................2, 3

**STATUTES**

Ariz. Rev. Stat. Ann. § 44-1412 ........................................................................ Ex. D

Fla. Stat. § 501.202(3) ....................................................................................... Ex. D

Mich. Comp. Laws § 445.784 ............................................................................ Ex. D

Neb. Rev. Stat. § 59-829 .................................................................................... Ex. D

Nev. Rev. Stat. § 598A.050 ............................................................................... Ex. D

N.M. Stat. Ann. § 57-1-15 ................................................................................. Ex. D

N.M. Stat. Ann. § 57-12-4 ................................................................................. Ex. D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>NOTICE OF MOTION AND MOTION</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel Conti, the undersigned Defendants will and hereby do move the Court for an order granting summary judgment in favor of Defendants and dismissing with prejudice all damages claims based on the "umbrella" theory of recovery in the above-captioned actions. For the reasons explained in the accompanying Memorandum of Points and Authorities, the plaintiffs in the above-captioned actions are prohibited from seeking damages under federal and state law pursuant to the "umbrella" theory of recovery where their purchases involve CRTs that were not manufactured by the alleged conspirators.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the declaration of Lucius B. Lau and accompanying exhibits, the complete files and records in this action, oral argument of counsel, authorities that may be presented at or before the hearing, and such other and further matters as this Court may consider.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944 SC, MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF THE ISSUE

1.     Whether the Court should grant summary judgment in favor of Defendants on damages claimed by the Direct Action Plaintiffs ("DAP") based on the "umbrella" theory of recovery, where these plaintiffs seek to recover damages for purchases of products containing CRTs that are not even alleged to be price-fixed.

### II.   INTRODUCTION

The DAPs allege that certain CRT manufacturers conspired with each other to fix prices of CRTs that were incorporated into monitors and televisions and later purchased by the DAPs.  The DAPs seek damages associated with these purchases.  But the DAPs also seek damages for their purchases of monitors and televisions containing CRTs ("CRT Products") that were **not** manufactured by the alleged conspirators and are not even alleged to be price-fixed.  With respect to this latter category of damages, the DAPs seek to recover based on the "umbrella" theory of liability.  The "umbrella" theory is a consequential damages theory that seeks to hold price-fixers liable for harm allegedly flowing from illegal conduct (*e.g.*, higher market prices charged by competitors who are not alleged to be conspirators), even though the price-fixing defendants were not involved in their competitors' pricing decisions and received no benefit from their competitors' pricing decisions.  Such "umbrella" claims are barred in the Ninth Circuit.  *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1338-39 (9th Cir. 1982), *cert. denied*, 464 U.S. 1068 (1984).  The state laws under which the DAPs bring suit have been harmonized with federal law, compelling the rejection of the DAPs' umbrella damages claims under state law as well.  Accordingly, the Court should grant summary judgment and prohibit the DAPs from pursuing their "umbrella" damages claims.

### III.  FACTUAL BACKGROUND

The DAPs purchased products containing CRTs that they allege were subject to a price-fixing conspiracy carried out by specified CRT manufacturers.  In addition to pursuing claims under federal law, certain DAPs assert claims under the laws of Arizona, California,

1  Florida, Illinois, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New

2  York, North Carolina and Wisconsin.   Declaration of Lucius B. Lau, dated November 7,

3  2014 ("Lau Decl."), Ex. A.

4         Dr. Alan S. Frankel is the damages expert proffered by the Best Buy, Circuit City,

5  CompuCom, Costco, Electrograph, Interbond, Office Depot, P.C. Richard, Sears, Kmart,

6  Target, Tech Data, Tweeter and ViewSonic Plaintiffs.   In his expert reports for these DAPs,

7  Dr. Frankel calculates damages in two ways.   In one method, ██████████████████

8  █████████████████████████████████████████████████   *See, e.g.,*

9  Lau Decl., Ex. B ¶¶ 33, 42.   In the other method, █████████████████████████

10  ████████████████████████████████████████████████████████

11  ██████████████████   *Id.*   Dr. Frankel contends that ████████████████

12  ████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████

15  ████████████████   Lau Decl., Ex. B ¶ 42.   He then █████████████████████

16  ████████████████████████████████████████████████████████

17  ████████████████████████   *See, e.g.*, Lau Decl., Ex. B at Ex. 20.

18         The DAPs have also proffered Dr. James T. McClave as an expert who calculated

19  alleged overcharges on Defendants' CRT sales during the relevant time period.   As Dr.

20  McClave explained in his report, ███████████████████████████████████

21  ██████████████████████████████████   Lau Decl., Ex. C at 5, 7 (████████

22  ████████████████████████████████████████████████████████

23  ██████████).   In calculating damages, Dr. Frankel simply ███████████████████

24  ████████████████████████████████████████████████████████

25  Lau Del., Ex. B ¶¶ 7, 9.

26  **IV.   STANDARD OF REVIEW**

27         A court "shall" grant summary judgment "if the movant shows that there is no genuine

28  dispute as to any material fact and the movant is entitled to judgment as a matter of law."

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Fed. R. Civ. P. 56(a).  "Summary judgment should be granted if the evidence would require a

2    directed verdict for the moving party."  *Kinetic Systems, Inc. v. Federal Financing Bank*,

3    No. 12-cv-01619-SC, 2014 WL 3964952, at *3 (N.D. Cal. Aug. 13, 2014) (Conti, J.) (citing

4    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)).  "The mere existence of a

5    scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

6    evidence on which the jury could reasonably find for the plaintiff."  *Anderson*, 477 U.S.

7    at 252.

8    **V.    ARGUMENT**

9        The Court should grant this motion and issue summary judgment in favor of the

10   Defendants because the DAPs seek to recover based on an "umbrella" theory of liability that

11   is barred under Ninth Circuit law.

12       **A.      The DAPs May Not Recover "Umbrella" Damages For Their Federal

13               Claims**

14       The Ninth Circuit has already considered and rejected the same type of "umbrella"

15   damages claims that the DAPs bring here.  As that court noted, the umbrella theory is

16   premised on establishing that a purported conspiracy creates a "price umbrella" that permits

17   non-conspiring entities to raise their prices "to an artificial level at or near the fixed price."

18   *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335,

19   1338-39 (9th Cir. 1982), *cert. denied*, 464 U.S. 1068 (1984).  Assuming that this price

20   umbrella is established, the theory then contends that plaintiffs can recover on their purchases

21   of the non-conspiring entities' products because the conspirators were responsible for

22   creating a market in which the non-conspirators could raise their prices.  *Id.* at 1339.  In

23   essence, the "umbrella" theory seeks to hold defendants liable for their competitors' sales

24   even though defendants "received none of the illegal gains and were uninvolved in their

25   competitors' pricing decisions."  *Id.*

26       Due to the impermissible risk of double recovery and the "unacceptably speculative and

27   complex" proof that would be required to establish umbrella damages, the Ninth Circuit in

28   *Petroleum Products* affirmed the district court's dismissal of the plaintiffs' "umbrella"

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   claims.  *Id.* at 1340-41.  The Ninth Circuit held that the initial task of proving that the non-

2   conspirators' prices were raised due to the conspiracy rather than from "numerous other

3   pricing considerations would be speculative." *Id.* at 1341.  It then found that "the obstacles

4   to intelligent inquiry become nearly insurmountable" in the context of a multi-tiered

5   distribution system:

6           The causal effect of each pricing decision would have to be
            pursued through the chain of distribution.  Not only would we be
7           required to speculate that plaintiffs were injured solely as the result
            of umbrella pricing, but also we would be required to sanction
8           complex judicial inquiry into the pricing decisions of sellers
            remote from plaintiffs.  We decline to do either . . . .
9

10

11  *Id.*  Given such "insurmountable" problems of proof, the court held that plaintiffs could not

12  recover "umbrella" damages.  *Id.*; *see also In re Citric Acid Antitrust Litig.*, 145 F. Supp. 2d

13  1152, 1155 (N.D. Cal. 2001) (holding that class members that purchased from non-

14  conspirator Cargill "have not suffered any antitrust injury in their purchases from Cargill,

15  because Cargill has been found not to have violated the anti-trust laws," and that "the 'price

16  umbrella' is not a legal basis for conferring standing on an antitrust plaintiff").

17        Numerous other courts have reached the same conclusion as the Ninth Circuit (and this

18  Court) and rejected "umbrella" damages claims under federal law.  *See Mid-West Paper*

19  *Prods. Co. v. Cont'l Grp., Inc.*, 596 F.2d 573, 584-85, 587 (3d Cir. 1979) (holding that

20  plaintiff lacked standing to recover for purchases from non-conspirators under the "umbrella"

21  theory in a single-tiered distribution system, as even there the inquiry would require

22  assessing the non-conspirators' pricing decisions based on costs, marketing strategies,

23  elasticity of demand, substitutability, and time lags in adjusting pricing or output, among

24  other factors); *In re Vitamins Antitrust Litig.*, MDL No. 1285, 2001 WL 855463, at *2-4

25  (D.D.C. July 2, 2001) (finding that the "overwhelming majority of recent court decisions that

26  have addressed the viability of the 'umbrella' theory . . . have rejected 'umbrella' claims,"

27  and granting summary judgment as to plaintiffs' umbrella claims because they "are simply

28  too remote to confer antitrust standing," "highly speculative," and rest on a causal connection

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  "necessarily attenuated by significant intervening factors, such as independent pricing

2  decisions of the nonconspiring suppliers"); *Antoine L. Garabet, M.D., Inc. v. Autonomous*

3  *Techs. Corp.*, 116 F. Supp. 2d 1159, 1169-70 (C.D. Cal. 2000) (granting summary judgment

4  as to "umbrella" damages claims for lack of standing).

5      **B.      The DAPs May Not Recover "Umbrella" Damages For Their State**
              **Claims**

6

7          The same problems of proof that require summary judgment as to the DAPs' federal

8  "umbrella" damages claims compel rejecting their "umbrella" claims under state law as well.

9  All of the state laws at issue are harmonized with federal law; therefore, federal principles

10  necessitate dismissal of Plaintiffs' state umbrella damages claims. Lau Decl., Ex. D.  Indeed,

11  in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Judge Illston granted summary judgment

12  as to "umbrella" damages claims brought by two of the same plaintiffs in these actions —

13  Electrograph and Target — under the laws of California, Illinois, Michigan, Minnesota and

14  New York.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2012 U.S. Dist.

15  LEXIS 182374, at *59-66 & n.8 (N.D. Cal. Dec. 26, 2012) (following the Ninth Circuit's

16  decision in *Petroleum Products*, in part because both cases involved "a multi-layered

17  distribution chain," "most federal courts in recent years have rejected these claims," and

18  "Plaintiffs do not dispute that the Ninth Circuit has held, in the context of federal antitrust

19  claims, that umbrella claims are 'unacceptably speculative and complex'") (quoting

20  *Petroleum Products*, 691 F.2d at 1341); *see also FTC v. Mylan Labs., Inc.*, 62 F. Supp. 2d

21  25, 39, 42, 44-53 (D.D.C. 1999) (dismissing both federal and state law "umbrella" damages

22  claims because the relevant "state statutes refer to federal antitrust law for guidance,"

23  including claims under the laws of Florida, Illinois, Michigan, Minnesota, New Mexico, New

24  York, North Carolina, Washington and Wisconsin).  The same result is warranted here.

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## VI.   CONCLUSION

For these reasons, Defendants' motion for summary judgment should be granted and the Court should bar the DAPs from asserting any damages claims based on the "umbrella" theory of liability.

Respectfully submitted,

Dated:  November 7, 2014             **WHITE & CASE** LLP

By:  _/s/ Lucius B. Lau_
     Christopher M. Curran (*pro hac vice*)
     ccurran@whitecase.com
     Lucius B. Lau (*pro hac vice*)
     alau@whitecase.com
     Dana E. Foster (*pro hac vice*)
     defoster@whitecase.com
     701 Thirteenth Street, N.W.
     Washington, DC  20005
     tel.: (202) 626-3600
     fax: (202) 639-9355

     *Counsel to Defendants Toshiba Corporation,*
     *Toshiba America, Inc., Toshiba America*
     *Information Systems, Inc., Toshiba America*
     *Consumer Products, L.L.C., and Toshiba*
     *America    Electronic Components, Inc.*

BAKER BOTTS LLP

By:  _/s/ John M. Taladay_____
     JOHN M. TALADAY (*pro hac vice*)
     john.taladay@bakerbotts.com
     JOSEPH OSTOYICH (*pro hac vice*)
     joseph.ostoyich@bakerbotts.com
     ERIK T. KOONS (*pro hac vice*)
     erik.koons@bakerbotts.com
     CHARLES M. MALAISE (*pro hac vice*)
     Charles.malaise@bakerbotts.com
     BAKER BOTTS LLP
     1299 Pennsylvania Avenue, N.W.
     Washington DC 20004-2400
     Telephone:  (202) 639-7700
     Facsimile:  (202) 639-7890

     JON V. SWENSON (SBN 233054)
     jon.swenson@bakerbotts.com
     BAKER BOTTS LLP
     1001 Page Mill Road
     Building One, Suite 200
     Palo Alto, CA 94304
     Telephone:  (650) 739-7500
     Facsimile:  (650) 739-7699
     E-mail:  jon.swenson@bakerbotts.com

     *Attorneys for Defendants Koninklijke Philips*
     *N.V., Philips Electronics North America*
     *Corporation, Philips Taiwan Ltd., and*
     *Philips do Brasil, Ltda.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

701 Thirteenth Street, NW
Washington, DC 20005
White & Case LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: /s/ Jeffrey L. Kessler

WINSTON & STRAWN LLP
Jeffrey L. Kessler (*pro hac vice*)
A. Paul Victor (*pro hac vice*)
Aldo A. Badini Cal. Bar No. 257086
Eva W. Cole (*pro hac vice*)
Molly M. Donovan (*pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone:(212) 294-4692
Facsimile: (212) 294-4700
Email:    jkessler@winston.com
          abadini@winston.com
          pvictor@winston.com
          ewcole@winston.com
          mmdonovan@winston.com

WEIL, GOTSHAL & MANGES LLP
Steven A. Reiss (*pro hac vice*)
David L. Yohai (*pro hac vice*)
Adam C. Hemlock (*pro hac vice*)
767 Fifth Avenue
New York, NY 10153-0119
Telephone:(212) 310-8000
Facsimile: (212) 310-8007
Email:    steven.reiss@weil.com
          david.yohai@weil.com
          adam.hemlock@weil.com

*Attorneys for Defendants Panasonic*
*Corporation (f/k/a Matsushita Electric*
*Industrial Co., Ltd.), Panasonic Corporation*
*of North America, and MT Picture Display*
*Co., Ltd.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

By: _/s/ Michael W. Scarborough_
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
Gary L. Halling, Cal. Bar No. 66087
James L. McGinnis, Cal. Bar No. 95788
Michael W. Scarborough, Cal. Bar No.
203524
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
E-mail: ghalling@sheppardmullin.com
jmcginnis@sheppardmullin.com
mscarborough@sheppardmullin.com

*Attorneys for Defendants Samsung SDI
America, Inc.; Samsung SDI Co., Ltd.;
Samsung SDI (Malaysia) SDN. BHD.;
Samsung SDI Mexico S.A. DE C.V.; Samsung
SDI Brasil Ltda.; Shenzen Samsung SDI Co.,
Ltd. and Tianjin Samsung SDI Co., Ltd.*


By: _/s/ Eliot A. Adelson_
KIRKLAND & ELLIS LLP
Eliot A. Adelson Cal. Bar. No. 205284
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1413
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com

*Attorneys for Defendants Hitachi, Ltd.,
Hitachi Displays, Ltd. (n/k/a Japan Display
East, Inc.), Hitachi Asia, Ltd., Hitachi
America, Ltd., and Hitachi Electronic
Devices (USA), Inc.*

1

2          By: /s/ Rachel S. Brass

3              GIBSON, DUNN & CRUTCHER LLP
               Rachel S. Brass Cal. Bar. No. 219301
4              Joel S. Sanders Cal. Bar. No. 107234
               Austin V. Schwing Cal. Bar. No. 211696
5              555 Mission Street, Suite 3000
               San Francisco, CA 94105
6              Telephone:(415) 393-8200
               Facsimile: (415) 393-8306
7              Email:    rbrass@gibsondunn.com
8                        jsanders@gibsondunn.com
9                        aschwing@gibsondunn.com

10             *Attorneys for Defendants Chunghwa Picture
               Tubes, Ltd. and Chunghwa Picture Tubes
11             (Malaysia)*

12

13

14         By: /s/ Hojoon Hwang

15             MUNGER, TOLLES & OLSON LLP
               Hojoon Hwang, Cal. Bar. No. 184950
16             William D. Temko, Cal. Bar. No. 98858
               Laura K. Lin, Cal. Bar. No. 281542
17             560 Mission Street
               Twenty-Seventh Floor
18             San Francisco, California 94105-2907
19             Facsimile: (415) 512-4077

20

21             *Attorneys For Defendants LG Electronics,
               Inc. and LG Electronics U.S.A., Inc.*
22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944 SC, MDL No. 1917
10

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

701 Thirteenth Street, NW
White & Case LLP
Washington, DC 20005

1

2    By: */s/ Kathy L. Osborn*

3        FAEGRE BAKER DANIELS LLP
         Kathy L. Osborn (*pro hac vice*)
4        Ryan M. Hurley (*pro hac vice*)
         300 N. Meridian Street, Suite 2700
5        Indianapolis, IN 46204
         Telephone: (317) 237-0300
6        Facsimile: (317) 237-1000
         kathy.osborn@FaegreBD.com
7        ryan.hurley@FaegreBD.com

8
         Calvin L. Litsey (SBN 289659)
9        Faegre Baker Daniels LLP
         1950 University Avenue, Suite 450
10       East Palo Alto, CA 94303-2279
         Telephone: (650) 324-6700
11       Facsimile: (650) 324-6701
         calvin.litsey@FaegreBD.com
12

13
         *Attorneys for Defendants Thomson SA and*
14       *Thomson Consumer Electronics, Inc.*

15

16

17   By: */s/ Michael T. Brody*

18       JENNER&BLOCK LLP
         Terrence J. Truax (*pro hac vice*)
19       Michael T. Brody (*pro hac vice*)
         353 North Clark Street
20       Chicago, Illinois 60654-3456
         Telephone: (312) 222-9350
21       Facsimile: (312) 527-0484
         ttruax@jenner.com
22       mbrody@jenner.com

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944 SC, MDL No. 1917
11

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2    Brent Caslin (Cal. Bar. No. 198682)

3    JENNER&BLOCK LLP

4    633 West Fifth Street, Suite 3600
Los Angeles, California 90071

5    Telephone: (213) 239-5100

6    Facsimile: (213) 239-5199
bcaslin@jenner.com

7    *Attorneys for Defendants Mitsubishi Electric*

8    *Corporation, Mitsubishi Electric US, Inc.*
*and, Mitsubishi Electric Visual Solutions*

9    *America, Inc.*

10

11    SQUIRE PATTON BOGGS (US) LLP

12

13   By: */s/ Nathan Lane, III*
Mark Dosker

14    Nathan Lane, III

15    275 Battery Street, Suite 2600
San Francisco, CA  94111

16    Telephone:  415.954.0200
Facsimile:  415.393.9887

17    Email:  mark.dosker@squirepb.com

18    nathan.lane@squirepb.com

19    Donald A. Wall (*Pro Hac Vice*)

20    SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700

21    Phoenix, Arizona 85004

22    Telephone:  602.528.4000
Facsimile:  602.253.8129

23    Email:  donald.wall@squirepb.com

24    *Attorneys for Defendant Technologies*

25    *Displays Americas LLC with respect to all*
*cases except Office Depot, Inc. v.*

26    *Technicolor SA, et al. and Sears, Roebuck*
*and Co., et al v. Technicolor SA, et al.*

27

28

1

2

CURTIS, MALLET-PREVOST, COLT &
MOSLE LLP

3

By: */s/  Jeffrey I. Zuckerman*
       Jeffrey I. Zuckerman (Pro Hac Vice)
4
       Ellen Tobin (Pro Hac Vice)
5
       101 Park Avenue
       New York, New York 10178
6
       Telephone: 212.696.6000
7
       Facsimile: 212.697.1559
       Email:  jzuckerman@curtis.com
8
       etobin@curtis.com

9

10
       Arthur Gaus (SBN 289560)
       DILLINGHAM & MURPHY, LLP
11
       601 California Street, Suite 1900
       San Francisco, California 94108
12
       Telephone: 415.397.2700
13
       Facsimile: 415.397-3300
       Email: asg@dillinghammurphy.com
14

15
       *Attorneys for Defendant Technologies*
       *Displays Americas LLC with respect to*
16
       *Office Depot, Inc. v. Technicolor SA, et al.*
       *and Sears, Roebuck and Co. et al. v.*
17
       *Technicolor SA, et al.*
18

19

20
       FRESHFIELDS BRUCKHAUS DERINGER
       US LLP
21

22

By: */s/ Michael Lacovara*
23
       Michael Lacovara (209279)
       Freshfields Bruckhaus Deringer US LLP
24
       601 Lexington Avenue, 31st Floor
25
       New York, NY 10022
       Telephone: 212 277 4000
26
       Facsimile: 212 277 4001
27
       Email:  michael.lacovara@freshfields.com

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Terry Calvani (53260)
Richard Snyder (pro hac vice)
Christine Laciak (pro hac vice)
Freshfields Bruckhaus Deringer US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: 202 777 4500
Email:  terry.calvani@freshfields.com
Email:  richard.snyder@freshfields.com
Email:  christine.laciak@freshfields.com

*Attorneys for Defendant Beijing Matsushita
Color CRT Co., Ltd.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## CERTIFICATE OF SERVICE

2          On November 7, 2014, I caused a copy of "DEFENDANTS' NOTICE OF MOTION

3   AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' UMBRELLA

4   DAMAGES" to be electronically filed via the Court's Electronic Case Filing System,

5   which constitutes service in this action pursuant to the Court's order of September 29,

6   2008.

7

8                              _/s/ Lucius B. Lau_____
                               Lucius B. Lau
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |

This Document Relates to:

*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-05513

*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, Case No. 13-cv-05264

*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-05502

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06396

*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06397

*Costco Wholesale Corp. v. Technicolor SA*, Case No. 13-cv-05723

*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-01656

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05724

*Interbond Corp. of America v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06275

*Interbond Corp. of America v. Technicolor SA, et al.*, Case No. 3:13-cv-05727

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06276

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' UMBRELLA DAMAGES**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Office Depot, Inc. v. Technicolor SA, et al.*, Case No. 3:13-cv-05726

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-02648

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05725

*Sears, Roebuck & Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:11-cv-05514

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:11-cv-05514

*Target Corp. v. Technicolor SA, et al.*, Case No. 3:13-cv-05686

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 3:13-cv-00157

*Schultze Agency Services, LLC on behalf of Tweeter Oopco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-02649

*Schultze Agency Services, LLC on behalf of Tweeter Oopco, LLC and Tweeter Newco, LLC v. Technicolor SA, et al.*, Case No. 3:13-cv-05668

*ViewSonic Corp. v. Chunghwa Pictures Tubes, Ltd., et al.*, Case No. 3:14-cv-02510

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944 SC, MDL No. 1917

ii

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Upon consideration of Defendants' Notice of Motion and Motion for Summary

2   Judgment on Plaintiffs' Umbrella Damages, and any responses or replies thereto, it is

3   hereby:

4    ORDERED that the motion is GRANTED; and it is further

5    ORDERED that all claims asserted by plaintiffs in the above-titled actions that are

6   based on purchases of products containing a CRT not manufactured by a defendant or

7   alleged co-conspirator are hereby dismissed with prejudice; and it is further

8    ORDERED that, to the extent that any plaintiff any the above-titled actions fails to

9   prove participation in the alleged conspiracy by a defendant or alleged co-conspirator, such

10  plaintiff is also barred from recovering for purchases of products containing a CRT

11  manufactured by such defendant or alleged co-conspirator.

12

13   **IT IS SO ORDERED.**

14

15

16  Dated: _____          _____

17                                              HONORABLE SAMUEL CONTI
                                                UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

27

28

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba*
*Corporation, Toshiba America, Inc.,*
*Toshiba America Consumer Products,*
*LLC, Toshiba America Information*
*Systems, Inc., and Toshiba America*
*Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* Case No. 3:11-cv-05513<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* Case No. 13-cv-05264<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* Case No. 3:11-cv-05502<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* Case No. 3:11-cv-06396 | **DECLARATION OF LUCIUS B. LAU IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' UMBRELLA DAMAGES** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2  *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*,
3  Case No. 3:11-cv-06397

4  *Electrograph Systems, Inc., et al. v. Hitachi,
   Ltd., et al.*, Case No. 3:11-cv-01656
5

6  *Electrograph Systems, Inc., et al. v. Technicolor
   SA, et al.*, Case No. 3:13-cv-05724
7

8  *Interbond Corp. of America v. Hitachi, Ltd., et
   al.*, Case No. 3:11-cv-06275

9  *Interbond Corp. of America v. Technicolor SA,
10  et al.*, Case No. 3:13-cv-05727

11  *Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case
    No. 3:11-cv-06276
12

13  *Office Depot, Inc. v. Technicolor SA, et al.*,
    Case No. 3:13-cv-05726
14

15  *P.C. Richard & Son Long Island Corp., et al. v.
    Hitachi, Ltd., et al.*, Case No. 3:12-cv-02648

16  *P.C. Richard & Son Long Island Corp., et al. v.
17  Technicolor SA, et al.*, Case No. 3:13-cv-05725

18  *Sears, Roebuck & Co. and Kmart Corp. v.
    Chunghwa Picture Tubes, Ltd., et al.*, Case No.
19  3:11-cv-05514

20  *Target Corp. v. Chunghwa Picture Tubes, Ltd.,
21  et al.*, Case No. 3:11-cv-05514

22  *Target Corp. v. Technicolor SA, et al.*, Case No.
23  3:13-cv-05686

24  *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*,
25  Case No. 3:13-cv-00157

26  *Schultze Agency Services, LLC on behalf of
    Tweeter Oopco, LLC and Tweeter Newco, LLC
27  v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-02649

28

DECLARATION OF LUCIUS B. LAU IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944-SC, MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*Schultze Agency Services, LLC on behalf of Tweeter Oopco, LLC and Tweeter Newco, LLC v. Technicolor SA, et al.*, Case No. 3:13-cv-05668

*ViewSonic Corp. v. Chunghwa Pictures Tubes, Ltd., et al.*, Case No. 3:14-cv-02510

I, Lucius B. Lau, hereby declare as follows:

1.      I am an attorney with the law firm of White & Case LLP, counsel for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

2.      I submit this declaration in support of Defendants' Notice of Motion and Motion for Summary Judgment on Plaintiffs' Umbrella Damages, filed contemporaneously herewith.  Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts stated herein, and I could and would competently testify thereto if called as a witness.

3.      Attached hereto as **Exhibit A** is a table setting forth the federal and state law claims subject to this motion in each of the relevant actions.

4.      Attached hereto as **Exhibit B** is a true and correct copy of the Report of Alan S. Frankel, Ph.D., dated April 15, 2014, and served on behalf of Plaintiffs Best Buy Co., Inc., Best Buy Purchasing, LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C., and Magnolia Hi-Fi, Inc.  On information and belief, Dr. Frankel performs the same type of damages calculations, including an alternative measure of damages accounting for CRTs that were manufactured by entities not alleged to be conspirators, in his expert reports in the Circuit City, CompuCom, Costco, Electrograph, Interbond, Office Depot, P.C. Richard, Sears, Kmart, Target, Tech Data, Tweeter and ViewSonic actions.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

5.      Attached hereto as **Exhibit C** is a true and correct copy of the Expert Report of Dr. James T. McClave, dated April 15, 2014, and served on behalf of the Best Buy, Circuit City, CompuCom, Costco, Electrograph, Interbond, Office Depot, P.C. Richard, Sears, Kmart, Target, Tech Data and Tweeter Plaintiffs.  On information and belief, Dr. McClave performed the same overcharge calculation using Defendants' data in the ViewSonic action.

6.      Attached hereto as **Exhibit D** is a table setting forth citations regarding the harmonization of the relevant state laws with federal antitrust law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of November, 2014, in Washington, D.C.

_____
Lucius B. Lau

DECLARATION OF LUCIUS B. LAU IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' UMBRELLA DAMAGES
Case No. 07-5944-SC, MDL No. 1917
2

# Exhibit A

**Table of Remaining Claims Asserted in the Relevant Actions**

| Action | Citation | Claims |
|---|---|---|
| Best Buy | First Am. Compl. ¶¶ 236-49 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1978 | Federal law<br><br>State law: Minnesota |
| Circuit City | First Am. Compl. ¶¶ 232-38 (N.D. Cal. filed Oct. 16, 2013), ECF No. 2016 | Federal law<br><br>State law: none (*see* Order (N.D. Cal. Oct. 22, 2014), ECF No. 2942) |
| CompuCom | First Am. Compl. ¶¶ 226-55 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1975 | Federal law<br><br>State law: California, New York |
| Costco | First Am. Compl. ¶¶ 187-216 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1982 | Federal law<br><br>State law: Arizona, California, Florida, Illinois (Costco's claims under Washington law have been dismissed, *see* Order at 27:12-28 (N.D. Cal. Aug. 21, 2013), ECF No. 1856) |
| Electrograph | Second Am. Compl. ¶¶ 246-284 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1976 | Federal law<br><br>State law: California, New York |
| Interbond | First Am. Compl. ¶¶ 226-40 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1974 | Federal law<br><br>State law: Florida |
| Office Depot | First Am. Compl. ¶¶ 237-68 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1977 | Federal law<br><br>State law: California, Florida |
| P.C. Richard | P.C. Richard et al. First Am. Compl. ¶¶ 232-48 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1979 | Federal law<br><br>State law: Arizona, Illinois, Michigan, New York |

| Sears and Kmart | Second Am. Compl. ¶¶ 230-65 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1973 | Federal law<br><br>State law: Arizona, California, Florida, Illinois, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, Wisconsin (Sears and Kmart have agreed to dismiss their Massachusetts claims, *see* Stipulation Voluntarily Dismissing Sears and Kmart's Massachusetts Consumer Protection Act Claim (N.D. Cal. Nov. 6, 2014), ECF No. 2962) |
|---|---|---|
| Target | Second Am. Compl. ¶¶ 226-32 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1981 | Federal law<br><br>State law: none (*see* Stipulation and [Proposed] Order Dismissing with Prejudice Pls.' Claims under State Law (N.D. Cal. Nov. 6, 2014), ECF No. 2961) |
| Tech Data | First Am. Compl. ¶¶ 245-76 (N.D. Cal. filed Sept. 9, 2013), ECF No. 1911 | Federal law<br><br>State law: California, Florida |
| Tweeter | First Am. Compl. ¶¶ 229-35 (N.D. Cal. filed Oct. 3, 2013), ECF No. 1980 (federal law) | Federal law<br><br>State law: none (*see* Order (N.D. Cal. Mar. 13, 2014), ECF No. 2436) |
| ViewSonic | Compl. ¶¶ 240-48 (N.D. Cal. filed May 30, 2014), Individual Dkt. No. 1 | Federal law |

# Exhibit B

## Filed Under Seal

# Exhibit C

## Filed Under Seal

# Exhibit D

**Table Regarding Harmonization of Relevant State Laws with Federal Antitrust Law**

| State | Actions | Citation |
|---|---|---|
| Arizona | Costco, P.C. Richard, Sears and Kmart | Ariz. Rev. Stat. Ann. § 44-1412 |
| California | CompuCom, Costco, Electrograph, Office Depot, Sears and Kmart, Tech Data | *Vinci v. Waste Mgmt., Inc.*, 43 Cal. Rptr. 2d 337, 338 & n.1 (Cal. Ct. App. 1995) (applying federal standing principles to California state law claims because "the California courts look to cases construing the federal antitrust laws for guidance in interpreting the Cartwright Act") |
| Florida | Costco, Interbond, Office Depot, Sears and Kmart, Tech Data | Fla. Stat. § 501.202(3) |
| Illinois | Costco, P.C. Richard, Sears and Kmart | *O'Regan v. Arbitration Forums, Inc.*, 121 F.3d 1060, 1066 (7th Cir. 1997) ("Federal antitrust standing rules apply under the Illinois Antitrust Act.") |
| Michigan | P.C. Richard, Sears and Kmart | Mich. Comp. Laws § 445.784 |
| Minnesota | Best Buy, Sears and Kmart | *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 626, 632 (Minn. 2007) (declining to apply certain federal standing principles even though "Minnesota law is generally interpreted consistently with federal antitrust law," but adding that standing would not exist for plaintiffs who "did not purchase, directly or indirectly, any product or service provided by or manufactured with components from [the defendants]") |
| Mississippi | Sears and Kmart | *Futurevision Cable Sys. of Wiggins, Inc. v. Multivision Cable TV Corp.*, 789 F. Supp. 760, 778-80 (S.D. Miss. 1992) (dismissing Mississippi state law claims because the court concluded that plaintiff failed to allege facts sufficient to prove injury to competition with respect to its Sherman Act claims) |
| Nebraska | Sears and Kmart | Neb. Rev. Stat. § 59-829 |

| Nevada | Sears and Kmart | Nev. Rev. Stat. § 598A.050 |
|---|---|---|
| New Mexico | Sears and Kmart | N.M. Stat. Ann. §§ 57-1-15, 57-12-4 |
| New York | CompuCom, Electrograph, P.C. Richard, Sears and Kmart | *Sperry v. Crompton Corp.*, 863 N.E.2d 1012, 1018 (N.Y. 2007) (noting that New York courts "generally construe the Donnelly Act in light of federal antitrust law," unless state policy or differences in statutory language or legislative history justify treating them differently) |
| North Carolina | Sears and Kmart | *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 950-51, 954-55 (W.D.N.C. 2000) (dismissing federal claims because plaintiff did not have federal antitrust standing due to lack of antitrust injury, and also dismissing claims under North Carolina law because "the North Carolina Supreme Court has described the Sherman Act as 'instructive in determining the full reach' of the statutes") (quoting *Rose v. Vulcan Materials Co.*, 194 S.E.2d 521, 530 (N.C. 1973)) |
| Wisconsin | Sears and Kmart | *Strang v. Visa U.S.A., Inc.*, No. 03 CV 011323, 2005 WL 1403769, at *3-5 (Wis. Cir. Feb. 8, 2005) (applying federal standing principles and dismissing antitrust claims under Wisconsin law) |