1    SHEPPARD MULLIN RICHTER & HAMPTON LLP
        A Limited Liability Partnership
2        Including Professional Corporations
     GARY L. HALLING, Cal. Bar No. 66087
3    JAMES L. McGINNIS, Cal. Bar No. 95788
     MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4    Four Embarcadero Center, 17th Floor
     San Francisco, California  94111-4106
5    Telephone:     415-434-9100
     Facsimile:     415-434-3947
6    E-mail:         ghalling@sheppardmullin.com
                     jmcginnis@sheppardmullin.com
7                    mscarborough@sheppardmullin.com

8    Attorneys for Defendants
     SAMSUNG SDI CO., LTD.,
9    SAMSUNG SDI AMERICA, INC.,
     SAMSUNG SDI (MALAYSIA) SDN. BHD.,
10   SAMSUNG SDI MEXICO S.A. DE C.V.,
     SAMSUNG SDI BRASIL LTDA.,
11   SHENZHEN SAMSUNG SDI CO., LTD. and
     TIANJIN SAMSUNG SDI CO., LTD.

12   *Additional counsel on signature pages*

13

14                 UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16                   SAN FRANCISCO DIVISION

17

18   In re: CATHODE RAY TUBE (CRT)          Master Case No. 07-5944 SC
     ANTITRUST LITIGATION                   MDL No. 1917
19   ───────────────────────────────

20   This Document Relates to:              **DEFENDANTS' NOTICE OF MOTION
                                            AND MOTION FOR PARTIAL
21   INDIRECT PURCHASER ACTIONS             SUMMARY JUDGMENT AS TO
                                            INDIRECT PURCHASER PLAINTIFFS'
22   *Costco Wholesale Corporation v. Technicolor*   **AND CERTAIN DIRECT ACTION
     *SA, et al.*, No. 13-cv-05723;         PLAINTIFFS' STATE LAW CLAIMS ON
23                                          STATUTE OF LIMITATIONS GROUNDS**
     *Costco Wholesale Corporation v. Hitachi, Ltd. et*
24   *al.*, No. 3:11-cv-06397;             Date:   February 6, 2015
                                            Time:  10:00 a.m.
25   *Electrograph Systems, Inc., et al. v. Hitachi,*   Ctrm:  1
     *Ltd., et al.*, No. 11-cv-01656;      Judge: Hon. Samuel Conti
26
     *Electrograph Systems, Inc., et al. v. Technicolor*
27   *SA, et al.*, No. 13-cv-05724;

28

─────────────────────────────────────────────

*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;

*Interbond Corporation of America v. Hitachi, Ltd. et al.*, No. 3:11-cv-06275;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*Office Depot, Inc. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06276;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 3:11-cv-05514

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2015, at 10 a.m. or as soon thereafter as this matter may be heard, in the Courtroom of the Honorable Samuel Conti, United States District Judge of the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California, the undersigned Defendants[1] ("Defendants") will and hereby do move this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting partial summary judgment in Defendants' favor against the Indirect Purchaser Plaintiffs ("IPPs"), Costco Wholesale Corporation ("Costco"), Electrograph Systems, Inc., Electrograph Technologies Corp. (together, "Electrograph"), Interbond Corporation of America ("Interbond"), Office Depot, Inc. ("Office Depot"), Sears, Roebuck and Co. ("Sears") and Kmart Corp. ("Kmart") (collectively, "Plaintiffs") as to Plaintiffs' claims under the Florida Deceptive and Unfair Trade Practices Act, New York Unfair Competition Law and Mississippi's antitrust statute.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the accompanying Declaration of Tyler M. Cunningham ("Cunningham Decl."), the complete files in these actions, argument of counsel, and such other matters as the Court may consider.

## STATEMENT OF THE ISSUES

1.     Whether the Court should grant partial summary judgment on claims by IPPs, Costco, Interbond, Office Depot, Sears, and Kmart pursuant to the Florida Deceptive and Unfair Trade Practices Act based on purchases made by those Plaintiffs more than four years before they filed their respective complaints, because those claims are barred by the applicable statute of limitations.

---

[1] The IPPs have not named Mitsubishi Electric Corporation ("MELCO"), Mitsubishi Electric US, Inc. ("MEUS") and Mitsubishi Electric Visual Solutions America, Inc. ("MEVSA") as Defendants in this litigation; therefore MELCO, MEUS and MEVSA do not move for summary judgment as to the IPPs.  Costco has not named Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd. as Defendants in this litigation; therefore those Panasonic entities do not move for summary judgment as to Costco.

1      2.      Whether the Court should grant partial summary judgment on claims by Kmart and

2  Sears pursuant to the Mississippi antitrust statute, because those claims are barred by the

3  applicable statute of limitations.

4      3.      Whether the Court should grant partial summary judgment on Electrograph's claim

5  pursuant to the New York Unfair Competition Law, because that claim is barred by the applicable

6  statute of limitations.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION...................................................................................................... 1

II.     FACTUAL BACKGROUND ..................................................................................... 2

        A.      Facts Relevant to Florida Claims ................................................................. 2

        B.      Facts Relevant to New York and Mississippi Claims ................................... 2

III.    ARGUMENT ............................................................................................................. 5

        A.      The Statute of Limitations Bars Plaintiffs' FDUTPA Claims Based On
                Purchases Made More Than Four Years Prior To Their Original
                Complaints. ................................................................................................... 5

                1.      Plaintiffs Cannot Toll or Avoid The FDUTPA's Statute of
                        Limitations Under a Fraudulent Concealment, "Delayed Discovery,"
                        Or "Equitable Estoppel" Theory. .................................................. 6

                2.      DAPs Cannot Toll the FDUTPA's Statute of Limitations Under a
                        Class Action Theory........................................................................ 12

                3.      DAPs Cannot Toll the FDUTPA's Statute of Limitations Under a
                        Government Action Theory. ........................................................... 14

        B.      Certain DAP Claims Under Mississippi and New York Law Are Barred By
                The Three-Year Statute of Limitations. .................................................... 14

                1.      Plaintiffs' Claims Under Mississippi and New York Law Are Time-
                        Barred Because They Were Commenced More Than Three Years
                        After Any Such Claim Accrued. .................................................... 14

                2.      Plaintiffs' Time-Barred State-Law Claims Cannot Be Saved By
                        Fraudulent Concealment or Any Tolling Doctrine. .................... 15

                        a.      Fraudulent Concealment ................................................. 16

                        b.      Government Action Tolling ............................................. 18

                        c.      Class-Action Tolling ....................................................... 18

IV.     CONCLUSION ....................................................................................................... 20

# **TABLE OF AUTHORITIES**

**Page(s)**

### FEDERAL CASES

*Advanced Micro Devices, Inc. v. Intel Corp.*
   No. C 91-20541 JW, 1991 U.S. Dist. LEXIS 21036 (N.D. Cal. Dec. 17, 1991) .................... 16

*Allen v. United Fin. Mortg. Corp.*
   2010 WL 1135787 (N.D. Cal. Mar. 22, 2010) (Conti, J.) ......................................................... 8

*American Pipe & Construction Co. v. Utah*
   414 U.S. 538 (1974) .................................................................................................................. 19

*Bills v. U.S. Fidelity & Guar. Co.*
   280 F.3d 1231 (9th Cir. 2002) .................................................................................................. 12

*Bomba v. W.L. Belvidere, Inc.*
   579 F.2d 1067 (7th Cir. 1978) .................................................................................................. 10

*Boone v. Citigroup, Inc.*
   416 F.3d 382 (5th Cir. 2005) .................................................................................................... 20

*In re Cathode Ray Tube (CRT) Antitrust Litig.*
   2014 WL 1092293 (N.D. Cal. Mar. 13, 2014) ............................................. 3, 6, 12, 17, 19, 20

*In re: Cathode Ray Tube (CRT) Antitrust Litig.*
   3:07-cv-05944, 2014 U.S. Dist. LEXIS 35391 (N.D. Cal. March 13, 2014) ....... 17, 18, 19, 20

*Cervantes v. Countrywide Home Loans, Inc.*
   656 F.3d 1034 (9th Cir. 2011) ............................................................................................... 8, 9

*Clemens v. DaimlerChrysler Corp.*
   534 F.3d 1017 (9th Cir. 2008) ............................................................................................ 19, 20

*Crowe v. Wiltel Comm. Sys.*
   103 F.3d 897 (9th Cir. 1996) ..................................................................................................... 5

*Crown, Cork & Seal Co. v. Parker*
   462 U.S. 345 ....................................................................................................................... 13, 19

*E.W. French & Sons v. Gen. Portland, Inc.*
   885 F.2d 1392 (9th Cir. 1989) .................................................................................................. 15

*Falstaff Brewing Corp. v. Philip Morris, Inc.*
   1979-2 Trade Cas. (CCH) ¶62,814, 1979 WL 1665 (N.D. Cal. May 10, 1979) .............. 15, 16

*In re Ford Tailgate Litig.*
   2014 WL 1007066 (N.D. Cal. Mar. 12, 2014) ........................................................................... 7

*Guaranty Trust Co. of New York v. York*
   326 U.S. 99 (1945) ........................................................................ 5

*Hanson v. Shell Oil Co.*
   541 F.2d 1352 (9th Cir. 1976) ................................................... 15

*Hennegan v. Pacifico Creative Serv., Inc.*
   787 F.2d 1299 (9th Cir. 1986) ................................................... 15

*Johnson v. Ry. Express Agency, Inc.*
   421 U.S. 454 (1975) .................................................................. 13

*Kindt v. Matsushita Electric Industrial Co., Ltd., et al.*
   No. 07-cv-10322 (S.D.N.Y. Nov. 13, 2007) ............................... 2

*Lopez v. Geico Cas. Co.*
   968 F.Supp.2d 1202 (S.D. Fla. 2013) ......................................... 6

*In re Lorazepam & Clorazepate Antitrust Litig.*
   2004 WL 7081446 (D.D.C. May 18, 2004) ............................... 20

*Nashville Milk Co. v. Carnation Co.*
   355 U.S. 373 (1958) ............................................................ 14, 18

*In re Petroleum Prods. Antitrust Litig.*
   782 F. Supp. 481 (C.D. Cal. 1991) ............................................ 18

*Point Blank Solutions, Inc. v. Toyobo Am., Inc.*
   2011 WL 1833366 (S.D. Fla. May 13, 2011) ..................... 5, 7, 8, 9

*Pool Water Prods. v. Olin Corp.*
   258 F.3d 1024 (9th Cir. 2001) ............................................ 14, 18

*Reinkemeyer v. SAFECO Ins. Co. of Am.*
   166 F.3d 982 (9th Cir. 1999) (per curiam) .................................. 8

*In re Rezulin Prods. Liab. Litig.*
   No. 00-CIV-2843, 2006 WL 695253 (S.D.N.Y. Mar. 15, 2006) ..... 12

*Senger Bros. Nursery, Inc. v. E.I. Dupont De Nemours & Co.*
   184 F.R.D. 674 (M.D. Fla. 1999) .............................................. 12

*Shriners Hosps. for Children v. Qwest Commc'ns Int'l Inc.*
   2007 WL 2801494 (D. Colo. Sept. 24, 2007) ........................... 13

*Soward v. Deutsche Bank AG*
   814 F. Supp. 2d 272 (S.D.N.Y. 2011) ....................................... 20

*In re TFT-LCD (Flat Panel) Antitrust Litig.*
   M 07-1827 SI, 2012 WL 3155693 (N.D. Cal. Aug. 2, 2012) ......... 19

*In re TFT-LCD Antitrust Litig.*
   2011 WL 4387812 (N.D. Cal. Sept. 20, 2011) ........................................................ 9

*In re Vertrue Mktg. & Sales Practices Litig.*
   712 F. Supp. 2d 703 (N.D. Ohio 2010) .................................................................. 13

*In re Vitamins Antitrust Litig.*
   183 Fed.Appx. 1, 2006 WL 1457708 (D.C. Cir. May 15, 2006) ........................... 12

*In re Vitamins Antitrust Litig.*
   2000 WL 33975412 (D.D.C. Oct. 26, 2000) .......................................................... 7

*Williams v. Boeing Co.*
   517 F.3d 1120 (9th Cir. 2008) ........................................................................ 13, 19

*Zenith Radio Corp. v. Hazeltine Research, Inc.*
   401 U.S. 321 (1971) ........................................................................................ 14, 15

STATE CASES

*Butler University v. Bahssin*
   892 So.2d 1087 (Fla. 2d DCA 2004) ..................................................................... 7

*Carder v. BASF Corp.*
   919 So.2d 258 (Miss. Ct. App. 2005) .................................................................. 16

*Crago, Inc. v. Chunghwa Picture Tubes, Ltd., et al.*
   No. 3:07-cv-05944-SC (N.D. Cal. Nov. 26, 2007) .............................................. 13

*Davis v. Monahan*
   832 So.2d 708 (Fla. 2002) ............................................................................... 8, 11

*Fla. Dep't of Health & Rehab. Servs. v. S.A.P.*
   835 So. 2d 1091 (Fla. 2003) ............................................................................. 6, 10

*Fulton County Administrator v. Sullivan*
   753 So.2d 549 (Fla. 1999) .................................................................................. 7, 8

*Gleason v. Spota*
   599 N.Y.S.2d 297 (N.Y. App. Div. 1993) ........................................................... 16

*HCA Health Servs. of Fla., Inc. v. Hillman*
   906 So. 2d 1094 (Fla. Dist. Ct. App. 2004) ........................................................ 5, 6

*Hearndon v. Graham*
   767 So.2d 1179 (Fla. 2000) ............................................................................... 6, 7

*Major League Baseball v. Morsani*
   790 So.2d 1071, 1080 (Fla. 2001) ...................................................................... 10

-vi-

*Ryan v. Lobo De Gonzalez*
   841 So.2d 510 (Fla. 4th DCA 2003) ("*Ryan I*")............................................................. 9, 10, 11

*Ryan v. Lobo De Gonzalez*
   921 So.2d 572 (Fla. 2005) ("*Ryan II*") ............................................................................. 9, 11

*South Motor Co. of Dade Cnty. v. Doktorczyk*
   957 So. 2d 1215 (Fla. Dist. Ct. App. 2007)............................................................................. 5

*Swartzman v. Harlan*
   535 So. 2d 605 (Fla. Dist. Ct. App. 1988)............................................................................. 6

*Walton v. Walton*
   52 So.3d 468, 472 (Miss. Ct. App. 2011) ............................................................................ 16

*Webb v. Chambly*
   584 So.2d 216 (Fla. App. Dist. 1991) ................................................................................... 6

*Weisl v. Polaris Holding Co.*
   641 N.Y.S.2d 288 (N.Y. App. Div. 1996).......................................................................... 16

FEDERAL STATUTES

15 United States Code
   § 12 ................................................................................................................................ 14, 18
   § 16 ................................................................................................................................ 14, 18
   § 16(i) ............................................................................................................................. 14, 18

STATE STATUTES

Florida Statutes
   § 95.051(1) ...................................................................................................... 5, 6, 7, 8, 12, 14
   § 95.051(2) ............................................................................................................................. 5
   § 95.091 ............................................................................................................................. 5, 6
   § 95.11(3)(f) .......................................................................................................................... 5

Mississippi Code Ann.
   § 15-1-49(1)......................................................................................................................... 14
   § 15-1-67 ............................................................................................................................. 16
   §§ 75-21-1, *et seq.* .............................................................................................................. 3

N.Y. Gen. Bus. Law
   § 349....................................................................................................................................... 3

SMRH:432336363.5

# I.

## INTRODUCTION

Defendants seek partial summary judgment as to certain state law claims filed by Indirect Purchaser Plaintiffs ("IPPs") and certain Direct Action Plaintiffs ("DAPs") that are barred by the applicable statutes of limitations.

*First*, the IPPs and five DAPs—Costco, Interbond, Office Depot, Sears, and Kmart—assert claims under the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA"), which has a four-year statute of limitations.  The first indirect purchaser complaint asserting a claim under the FDUTPA was filed on <u>November 13, 2007</u>.  Each of the six DAPs at issue filed their original complaints, including their FDUTPA claims, on <u>November 14, 2011</u>.  Thus, unless a tolling doctrine or other basis for avoiding the statute of limitations applies, the statute of limitations bars any FDUTPA claims by IPPs based on purchases made before <u>November 13, 2003</u>, and by DAPs based on purchases made before <u>November 14, 2007</u> (*i.e.*, more than four years before the relevant original complaints were filed).

As this Court has already held in dismissing the FDUTPA claims of another DAP, Tech Data, the only tolling doctrines that may be asserted under Florida law are those expressly identified by a Florida statute.  That statute excludes each of the three tolling doctrines alleged by the Plaintiffs at issue—fraudulent concealment, tolling due to the initiation of a criminal proceeding, and tolling due to the filing of direct purchaser class actions.  Accordingly, the statute of limitations bars the IPPs' and DAPs' FDUTPA claims based on purchases made more than four years before their original complaints were filed, and those claims must be dismissed.

*Second*, claims by DAPs Kmart and Sears pursuant to the Mississippi antitrust statute, and by DAP Electrograph pursuant to the New York Unfair Competition Law, are barred by the applicable three-year statutes of limitation.  Plaintiffs' allegations of fraudulent concealment cannot rescue these claims, because Plaintiffs themselves allege that widespread publicity of government antitrust investigations by November 2007, more than three years before these Plaintiffs filed their original complaints in February and November 2011.  Moreover, this Court has repeatedly held that Plaintiffs knew or should have known of their claims by November 2007.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CERTAIN STATE LAW
CLAIMS ON STATUTE OF LIMITATIONS GROUNDS

1   This Court has also already rejected these Plaintiffs' alternative tolling theories, based on related

2   class actions or government actions.

3                                        II.

4                            FACTUAL BACKGROUND

5   A.        Facts Relevant to Florida Claims

6           The five DAPs asserting FDUTPA claims—Interbond, Costco, Office Depot, Sears, and

7   Kmart—filed their original complaints in this litigation on November 14, 2011.[2]  Each of those

8   complaints included a claim under the FDUTPA.  Each of these DAPs alleges the same three

9   bases for tolling of the statute of limitations:  (1) fraudulent concealment; (2) tolling due to the

10  commencement of criminal proceedings by the U.S. Department of Justice; and (3) tolling due to

11  the filing of direct purchaser class actions in this litigation.[3]

12          The first indirect purchaser complaint filed in this litigation that included a claim under the

13  FDUTPA was filed on November 13, 2007.[4]  The only basis for tolling alleged by the IPPs is

14  fraudulent concealment.[5]

15  B.        Facts Relevant to New York and Mississippi Claims

16          Plaintiffs Kmart and Sears filed complaints on November 14, 2011.[6]  Those complaints

17  asserted claims pursuant to, *inter alia*, Mississippi's antitrust statute.  *See* Sears and Kmart

18  Complaints ¶ 267.  Plaintiff Electrograph filed its complaint on February 18, 2011.[7]  That

19

20  [2] *See, e.g., Costco Wholesale Corporation v. Hitachi, Ltd. et al*, No. 3:11-cv-06397-SC (N.D.
    Cal.), (ECF No. 1); *Interbond Corporation of America v. Hitachi, Ltd. et al.*, No. 3:11-cv-06275-

21  SC (N.D. Cal.) (ECF No. 1); *Office Depot, Inc. v. Hitachi, Ltd. et al*, No. 3:11-cv-06276-SC (N.D.
    Cal.) (ECF No. 1); *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd. et*

22  *al.*, No. 3:11-cv-05514-SC (N.D. Cal.) (ECF No. 1).

23  [3] *See, e.g.,* Interbond First Amended Complaint (ECF No. 1974), ¶¶ 210-225; Costco First
    Amended Complaint (ECF No. 1982), ¶¶ 170-186; Office Depot First Amended Complaint (ECF

24  No. 1977), ¶¶ 221-236; Sears/Kmart Second Amended Complaint (ECF No. 1973), ¶¶ 214-229.

    [4]  *See Kindt v. Matsushita Electric Industrial Co., Ltd., et al.*, No. 07-cv-10322 (S.D.N.Y. Nov. 13,
25  2007) (Dkt. No. 1).

26  [5] *See* Indirect Purchaser Plaintiffs' Fourth Consolidated Complaint (ECF No. 1526), ¶ 296.

    [6] *See* Complaint, *Target Corp. v. Hitachi, Ltd.*, Case No. 3:11-cv-5515-SC (N.D. Cal.); Complaint,
27  *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, Case No. 3:11-cv-5514 (N.D. Cal.) (together,
    "Sears and Kmart Complaints").

28  [7] *See* Complaint, *Electrograph Systems, Inc. v. Hitachi, Ltd.*, Case No. 2:11-cv-00831-JS-AKT

1   complaint asserted a claim pursuant to New York's Unfair Competition Law.  *Id.* at ¶¶ 279-285.

2   These complaints seek to recover for Plaintiffs' purchases of "CRT Products" made from March 1,

3   1995 to November 25, 2007.  *See* Sears and Kmart Complaints ¶¶ 1, 9, 16-22, 232; Electrograph

4   Compl. ¶¶ 1, 9, 20, 233.

5

| Plaintiff(s) | Claims at Issue | Original Complaint(s) | Filing Date |
|---|---|---|---|
| Kmart Corp.<br><br>Sears, Roebuck and Co. | Mississippi Code Ann. §§ 75-21-1, *et seq.* | *Target Corp. v. Hitachi, Ltd.*, Case No. 3:11-cv-5515-SC (N.D. Cal.)<br><br>*Target Corp. v. Chunghwa Picture Tubes, Ltd.*, Case No. 3:11-cv-5514 (N.D. Cal.) | Nov. 14, 2011 |
| Electrograph Systems, Inc.<br><br>Electrograph Technologies Corp. | New York Unfair Competition Law, N.Y. Gen. Bus. Law § 349 | *Electrograph Systems, Inc. v. Hitachi, Ltd.*, Case No. 2:11-cv-00831-JS-AKT (E.D.N.Y.) | Feb. 18, 2011 |

14          The alleged conspiracy became public in November 2007 when investigations by the U.S.

15   Department of Justice and antitrust regulators from other countries were revealed.  *See, e.g.,*

16   Electrograph Compl. ¶ 234.  For example, on November 8, 2007 the European Commission

17   publicly announced that it had "carried out unannounced inspections at the premises of

18   manufacturers of cathode ray tubes (CRTs)" because it had "reason to believe that the companies

19   concerned may have violated EC Treaty rules on cartels and restrictive business practices (Article

20   81)."  *See* Ex. A[8]; *see also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 1092293, at

21   *1 (N.D. Cal. Mar. 13, 2014).

22          Newspapers around the world reported these investigations and allegations as early as

23   November 8, 2007.  *See, e.g.*, Electrograph Compl.  ¶¶ 187, 189.  In November 2007, several

24   prominent newspapers and wire services reported that competition authorities were investigating

25

26

27   (E.D.N.Y.) ("Electrograph Complaint").

28   [8] "Ex. ___" refers to exhibits to the Declaration of Tyler M. Cunningham, filed concurrently.

1   anticompetitive conduct related to CRTs, including the New York Times, Financial Times,

2   International Herald Tribune and Business Wire, Inc.  Ex. B to E.

3          Several Defendants publicly acknowledged these investigations.  In November 2007,

4   Defendant Matsushita publicly acknowledged that its company offices around the world had been

5   raided by the Japan Fair Trade Commission; Defendant Philips publicly disclosed that it was also

6   the subject of one or more investigations into anticompetitive conduct in the CRT industry; and

7   Defendant Samsung SDI stated that regulators had inquired into its CRT business.  *See* Ex. B, C,

8   D; Electrograph Compl. ¶¶ 187-190.  In February 2008 Defendant Thomson acknowledged that it

9   received a subpoena from the U.S. Department of Justice related to alleged anticompetitive

10  activities related to CRTs.  Ex. F.  Defendant Toshiba announced in its 2008 Annual Report, dated

11  June 25, 2008, that "[t]he Group is also being investigated by the [European] Commission and/or

12  the U.S. Department of Justice for potential violations of competition laws with respect to

13  semiconductors, LCD products, cathode ray tubes (CRT) and heavy electrical equipment."  Ex. G.

14         In addition, this very litigation was significantly advanced by February 2008, and even

15  moreso by November 2008.  By February 18, 2008 more than 30 complaints were filed in multiple

16  jurisdictions.  Decl. ¶ 9.  By April 2008 these complaints were consolidated into one multi-district

17  litigation.  *See* MDL Transfer Order; Pretrial Order No. 1 (MDL Dkt. No. 230).  By November

18  2008, this Court had issued multiple pre-trial and case management orders, held multiple status

19  conferences,[9] appointed lead counsel for classes of direct and indirect purchaser plaintiffs,[10] as

20  well as a Special Master to assist with case management,[11] and the parties had propounded

21  requests for production of documents and exchanged initial disclosures.[12]

22

23

24

25  [9] *See* Pretrial Order No. 1 (MDL Dkt No. 230 filed April 4, 2008); Minute Entry (MDL Dkt. No. 234 dated April 4, 2008); Minute Entry (MDL Dkt. No. 328 dated July 11, 2008).

26  [10] See Order Appointing Interim Lead Counsel (MDL Dkt. No. 282 filed May 9, 2008).

27  [11] Order Appointing Special Master (MDL Dkt. No. 302 filed June 16, 2008).

28  [12] Joint Rule 26(f) Report at 1 (MDL Dkt. No. 297 filed June 6, 2008).

-4-

**III.**

**ARGUMENT**

Where, as here, a federal court exercises supplemental jurisdiction over a state law claim, the district court follows state law in deciding the substantive issues before the court. *Crowe v. Wiltel Comm. Sys.*, 103 F.3d 897, 899 (9th Cir. 1996). Accordingly, where a statute of limitations could bar recovery in state court, the district court applies the same statute of limitations as the state would apply. *See Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110 (1945).

A.   **The Statute of Limitations Bars Plaintiffs' FDUTPA Claims Based On Purchases Made More Than Four Years Prior To Their Original Complaints.**

Plaintiffs' claims under the FDUTPA are subject to a four-year of statute of limitations. Florida Statute, § 95.11(3)(f). A claim accrues under the FDUTPA when the Plaintiff purchases the product affected by the allegedly wrongful conduct. *See, e.g., Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, 2011 WL 1833366 at *6 (S.D. Fla. May 13, 2011); *South Motor Co. of Dade Cnty. v. Doktorczyk*, 957 So. 2d 1215, 1218 (Fla. Dist. Ct. App. 2007) ("the cause of action accrued on the date of sale"). Thus, a separate claim accrued under the FDUTPA each time Plaintiffs purchased a product affected by the alleged conspiracy. As a result, all claims based on purchases made more than four years prior to the filing of Plaintiffs' original complaints—*i.e.*, before November 14, 2007 for the DAPs and before November 13, 2003 for the IPPs—are *prima facie* barred by the FDUTPA's four-year statute of limitations. To avoid dismissal, Plaintiffs must properly allege and prove a valid theory for tolling or avoiding the effect of the statute of limitations.

Florida has statutorily specified and limited the bases for tolling the statute of limitations applicable to statutory claims by identifying an exclusive list of eight tolling doctrines permitted under Florida law. *See* Fla. Stat. § 95.051(1) ("The running of the time under *any* statute of limitations . . . is tolled by . . .") (emphasis added). Florida's legislature and courts have made clear that this statutory list of enumerated tolling doctrines is exhaustive; in other words, "[a] disability or other reason does not toll the running of any statute of limitations except those specified in [Section 95.091]". Fla. Stat. § 95.051(2); *see also, e.g., HCA Health Servs. of Fla.*,

*Inc. v. Hillman*, 906 So. 2d 1094, 1098 (Fla. Dist. Ct. App. 2004) ("the legislature has made clear its intent to exclude all tolling exceptions not listed in the statute"); *Webb v. Chambly*, 584 So.2d 216, 217 (Fla. App. Dist. 1991) (section 95.051 "limits tolling of statutes of limitations to the circumstances set out within"); *Swartzman v. Harlan*, 535 So. 2d 605, 607 (Fla. Dist. Ct. App. 1988) ("Because the legislature has expressly provided for the instances that shall toll the running of any statute of limitations and has excluded any 'other reason,' we are not free to create an exception to that determination."); *Fla. Dep't of Health & Rehab. Servs. v. S.A.P.*, 835 So. 2d 1091, 1096 n. 7 (Fla. 2003) ("*S.A.P.*") (section 95.051(1) provides "an exclusive list of conditions that can 'toll' the running of the statute of limitations" and "no other condition can toll the statute of limitations"); *see also Lopez v. Geico Cas. Co.*, 968 F.Supp.2d 1202, 1206 (S.D. Fla. 2013) ("Equitable tolling is unavailable outside of the administrative context.").

This Court has joined the above line of authority by also holding that the list of tolling doctrines in Section 95.091 is exhaustive. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 1092293 at *7 (N.D. Cal. Mar. 13, 2014) (ECF No. 2433) at 17 ("Defendants are right that Section 95.051(1) provides an exclusive list of Floridian tolling doctrines"); *see also* Report and Recommendations Regarding Defs.' Mot. to Dismiss the Compl. of the State of Florida at 5-6, Nov. 16, 2012 (ECF No. 1451) ("There is substantial authority that those stated types of tolling are exclusive, and [] no other tolling doctrine may be applied to Florida's claims").

As explained below, each of the three tolling doctrines alleged by Plaintiffs are excluded by Section 95.091 and therefore unavailable under Florida law.  And even if these doctrines were theoretically available, they would not apply to Plaintiffs' claims in this litigation.

    1.   <u>Plaintiffs Cannot Toll or Avoid The FDUTPA's Statute of Limitations Under a Fraudulent Concealment, "Delayed Discovery," Or "Equitable Estoppel" Theory.</u>

Under Florida law, there are three ways a Plaintiff can potentially avoid or defeat the *prima facie* effect of a statute of limitations.  The first is "delayed accrual," which provides that a statute of limitations does not *begin to run* until a cause of action has accrued.  The second is "tolling," which *stops the running* of a statute of limitations after it has already started. *See Hearndon v. Graham*, 767 So.2d 1179, 1184-1185 (Fla. 2000) (discussing distinction between accrual and

1    tolling).  And the third is "equitable estoppel," which allows a Plaintiff to avoid the effect of a

2    statute of limitations *after it has already expired.  See Point Blank,* 2011 WL 1833366 at *6

3    (explaining distinction between equitable estoppel and tolling).

4        Here, each of the Plaintiffs asserting FDUTPA claims alleges only that the statute of

5    limitations was "tolled" due to Defendants' "fraudulent concealment"—*i.e.*, that Defendants

6    engaged in "deceptive practices" that prevented Plaintiffs from discovering the alleged conspiracy

7    at an earlier date.[13]

8        Under Florida law, and consistent with Plaintiffs' allegations, "fraudulent concealment" is

9    understood as referring to a tolling doctrine.  *See, e.g., Butler University v. Bahssin*, 892 So.2d

10   1087, 1091 n. 3 (Fla. 2d DCA 2004) (comparing fraudulent concealment tolling to other ways of

11   avoiding a statute of limitations).  Fraudulent concealment is not among the tolling doctrines

12   enumerated and authorized by Section 95.051.  Accordingly, that doctrine is not recognized in

13   Florida, and may not be invoked to toll the FDUTPA's statute of limitations.  *See, e.g., id.* (noting

14   that fraudulent concealment as a tolling doctrine is subject to Section 95.051); *Point Blank*, supra,

15   2011 WL 183366 at *6 (fraudulent concealment tolling unavailable under Florida law); *In re*

16   *Vitamins Antitrust Litig*., 2000 WL 33975412, at *3 (D.D.C. Oct. 26, 2000) (because Section

17   95.051 contains exclusive list of tolling events, plaintiff "may not rely on the doctrine of

18   fraudulent concealment to claim damages accruing outside the four-year limitations period

19   applicable to FDUTPA claims."); *In re Ford Tailgate Litig*., 2014 WL 1007066 at *7 (N.D. Cal.

20   Mar. 12, 2014) ("Plaintiffs argue incorrectly that the statute of limitations was tolled until

21   plaintiffs discovered the defect according to the doctrine of fraudulent concealment…. Fraudulent

22   concealment is not listed in § 95.051 among the bases for tolling a statute of limitations."); *see*

23   *also Fulton County Administrator v. Sullivan*, 753 So.2d 549, 552-553 (Fla. 1999) (distinguishing

24   Florida law, which does not recognize tolling based on fraudulent concealment from Georgia law,

25

26   _____

27   [13] *See, e.g.,* Interbond First Amended Complaint (ECF No. 1974), ¶¶ 210-225; Costco First
     Amended Complaint (ECF No. 1982), ¶¶ 170-186; Office Depot First Amended Complaint (ECF
     No. 1977), ¶¶ 221-236; Sears/Kmart Second Amended Complaint (ECF No. 1973), ¶¶ 214-229;

28   Indirect Purchaser Plaintiffs' Fourth Consolidated Complaint (ECF No. 1526), ¶ 296.

1    which does).

2          Nevertheless, and despite the fact that they allege only "tolling" due to "fraudulent

3    concealment," Plaintiffs might argue that their allegations properly invoke two other, non-tolling

4    bases for avoiding the FDUTPA's statute of limitations.

5          First, Plaintiffs may argue that their claims are rescued by the "delayed discovery"

6    doctrine.  Unlike fraudulent concealment, delayed discovery is not a tolling theory but a "delayed

7    accrual" theory:  it provides that, "for purposes of the statute of limitations, a cause of action does

8    not accrue until the plaintiff either knows or reasonably should know of the conduct giving rise to

9    the cause of action."  *Point Blank*, 2011 WL 1833366 at *6 n. 9; citing (*Hearndon v. Graham,* 161

10   So.2d 1179, 1184 (Fla. 2000)).  As a non-tolling theory, delayed discovery is not subject to the

11   limitations on tolling doctrines provided by Section 95.051.

12         Nevertheless, the Florida Supreme Court has held that the delayed discovery doctrine

13   applies only to limited and specified causes of action under Florida law, not including the

14   FDUTPA.  *Davis v. Monahan*, 832 So.2d 708, 710 (Fla. 2002) ("Aside from…cases of fraud,

15   products liability, professional and medical malpractice, and intentional torts based on abuse, there

16   is no other statutory basis for the delayed discovery rule."); *Point Blank*, 2011 WL 1833366 at *6

17   ("the delayed discovery doctrine does not apply to causes of action under the FDUTPA.").  The

18   Florida Supreme Court's holding in this regard is binding.  *See Reinkemeyer v. SAFECO Ins. Co.*

19   *of Am.*, 166 F.3d 982, 984 (9th Cir. 1999) (per curiam) ("[W]e are bound by state supreme court

20   interpretations of state law.").  Thus, the delayed discovery rule cannot save DAPs' FDUTPA

21   claims from the effect of the statute of limitations.

22         Second, Plaintiffs may attempt to avoid the effect of the FDUTPA's statute of limitations

23   under the doctrine of "equitable estoppel."  As a threshold matter, however, as with "delayed

24   discovery" Plaintiffs have not even attempted to allege equitable estoppel in their Complaints.  As

25   this Court and many others have held, this is not a mere formality:  "plaintiffs seeking to toll the

26   statute of limitations on various grounds must have included the allegation in their pleadings."

27   *Allen v. United Fin. Mortg. Corp.*, 2010 WL 1135787, at *1 (N.D. Cal. Mar. 22, 2010) (Conti, J.)

28   (internal citations omitted); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034,

1   1045-46 (9th Cir. 2011) (plaintiffs failed to demonstrate basis for equitable tolling or fraudulent

2   concealment).

3          Indeed, it is not surprising that Plaintiffs have not attempted to allege equitable estoppel—

4   because doing so would have required them to directly contradict their "fraudulent concealment"

5   allegations.  That is because, under Florida law,

6          Equitable estoppel prevents a party from asserting the statute of limitations as a
        defense when his conduct has induced another into forbearing suit within the
7        applicable limitations period. Thus, *equitable estoppel presupposes that the
        plaintiff knows of the facts underlying the cause of action but delayed filing suit*
8        *because of the defendant's conduct.*

9   *Point Blank*, 2011 WL 1833366 at * 6 (emphasis added) (internal quotations and citations

10  omitted); *see also, e.g., Ryan v. Lobo De Gonzalez*, 841 So.2d 510, 518 (Fla. 4th DCA 2003)

11  ("*Ryan I*") (same) (quoting *Bell v. Fowler*, 99 F.3d 262, 266 n. 2 (8th Cir.1996)); *Ryan v. Lobo De*

12  *Gonzalez*, 921 So.2d 572, 576 (Fla. 2005) ("*Ryan II*") (Cantero, J., dissenting from discharge of

13  jurisdiction) ("Every case that has applied the [equitable estoppel] doctrine to avoid a statute of

14  limitations defense involved plaintiffs who knew of their cause of action and were induced to

15  forbear from filing suit.").

16         Here, Plaintiffs allege exactly the opposite:  that, due to defendants' "fraudulent

17  concealment," Plaintiffs *did not know* they had a cause of action under the FDUTPA until after the

18  limitations period had expired.  That allegation sounds in the fraudulent concealment tolling

19  doctrine—which as explained above has been rejected under Florida law—and dooms any attempt

20  by Plaintiffs to invoke the distinct "equitable estoppel" doctrine.

21         In the face of this authority, Plaintiffs will rely on Judge Illston's ruling in the *LCD*

22  litigation that the Florida Supreme Court has interpreted the doctrine of equitable estoppel to be

23  "consistent with the doctrine of fraudulent concealment."  *See In re TFT-LCD Antitrust Litig.*,

24  2011 WL 4387812 at *2 (N.D. Cal. Sept. 20, 2011).  Respectfully, that is not an accurate

25  statement of Florida law.  The *LCD* court relied for this statement primarily on two decisions by

26  the Florida Supreme Court, neither of which contradicts the traditional requirement of equitable

27  estoppel that a plaintiff must be aware of its cause of action and then induced during the

28  limitations period to "forebear" suit until after the statute of limitations expires.

-9-

1    In *Major League Baseball v. Morsani*, the Court answered a specific certified legal

2    question, holding simply "that the 'tolling' proscription in section 95.051…does not embrace the

3    common law doctrine of equitable estoppel, for equitable estoppel is not a 'tolling' doctrine." 790

4    So.2d 1071, 1080 (Fla. 2001).  The Court expressly declined to weigh in on the limits of the

5    equitable estoppel doctrine or its application to a particular set of facts.  *Id.* ("We limit our holding

6    to the narrow issue framed by the certified question and do not address whether any other

7    considerations may operate to restrict use of equitable estoppel in a given case. Nor do we address

8    the viability of equitable estoppel under the facts of the present case.").

9    Moreover, in identifying the equitable estoppel doctrine, the *Morsani* Court relied heavily

10   on federal authorities construing equitable estoppel to apply only where a party is aware of a claim

11   but is "induced…into forbearing suit within the applicable limitations period."  *See id.* at 1079

12   (quoting *Bomba v. W.L. Belvidere, Inc*., 579 F.2d 1067, 1070 (7th Cir. 1978)); *see also Bomba*,

13   579 F.2d at 1071 ("Estoppel…arises where one party by words, acts, and conduct led the other to

14   believe that it would acknowledge and pay the claim, if, after investigation, the claim were found

15   to be just, but when, after the time for suit had passed, breaks off negotiations and denies liability

16   and refuses to pay.") (quoting *Bartlett v. United States*, 272 F.2d 291, 296 (10th Cir. 1959)).  And

17   the facts of *Morsani* are consistent with the traditional understanding of the doctrine:  the plaintiffs

18   were induced not to sue on a cause of action arising in 1984 by the defendants' allegedly false

19   promises to deliver them a baseball franchise in 1993, well after the limitations period had ended.

20   *Morsani*, 790 So. 2d at 1073 (adopting trial court statement of facts); *see also Ryan*, 841 So.2d at

21   518 (rejecting argument that *Morsani* authorizes use of equitable estoppel outside the context of a

22   "wrongdoer prevail[ing] upon the other [party] to forego enforcing his right until the statutory

23   time has lapsed.").

24   In the other Florida Supreme Court decision relied upon by the *LCD* Court, *Fla. Dep't of*

25   *Health & Rehab. Servs. v. S.A.P.*, the Court allowed the plaintiff, who had been sexually abused as

26   a child, to assert a claim for equitable estoppel even though she did not learn of the cause of action

27   until after the limitations period expired.  835 So. 2d at 1095-96 & n.7.  The Court left open the

28   question of whether this holding applied beyond the specific context of child abuse.

1    In *Ryan I*, the Fourth District Court of Appeal held that the holding in *S.A.P.* was limited to

2  its facts, and did not intend to announce a broader expansion of the equitable estoppel concept:

3          The question is whether the supreme court in *S.A.P.* has expanded the doctrine of
           equitable estoppel to apply to all situations where a defendant's conduct prevents a
4          plaintiff from even being aware of a cause of action. Such an extension would push
           equitable estoppel beyond its application in any other Florida case. We therefore
5          conclude that *S.A.P.* is not an extension of the law, but a case that is limited to the
           unique cause of action there at issue.

6

7  841 So.2d at 525 (J. Gross concurring); *id.* at 520 (rejecting application of equitable estoppel

8  outside child abuse context where plaintiff did not know of cause of action during limitations

9  period).

10         *Ryan I* was subsequently appealed to the Florida Supreme Court, which issued an order

11 declining to exercise jurisdiction over the case.  The only member of the Court to include an

12 opinion in that order, Justice Cantero, agreed with the lower court's interpretation that *S.A.P.* was

13 limited to the context of child abuse, and "did not intend to announce a broad ruling modifying the

14 traditional requirements for equitable estoppel."  *Ryan v. Lobo de Gonzalez*, 921 So.2d 572, 573

15 (Fla. 2005) ("*Ryan II*") (J. Cantero, dissenting from discharge of jurisdiction); id. at 575 ("I would

16 clarify that the doctrine of equitable estoppel does not apply in these circumstances. Although the

17 plaintiffs rely on *S.A.P.*, that case involved the unique considerations of childhood sexual abuse.");

18 Justice Cantero outlined the history of the equitable estoppel in Florida, noting that, aside from the

19 child abuse context, it had never been applied where a plaintiff did not know of its cause of action

20 during the limitations period.  *See id.* at 577 ("all of the cases cited in *S.A.P.* involve plaintiffs who

21 were aware of a cause of action during the limitations period.").  Moreover, Justice Cantero noted

22 that *S.A.P.* was decided "only twenty days after" the *Davis* case, discussed above, in which the

23 Court limited the "delayed discovery" concept to a narrow range of cases.  *See Davis*, 832 So.2d at

24 710 (delayed discovery applies only in "cases of fraud, products liability, professional and medical

25 malpractice, and intentional torts based on abuse").  "It is unlikely that the supreme court

26 narrowed the delayed discovery doctrine in *Davis* on November 7, 2002, only to have it subsumed

27 by equitable estoppel on November 27, 2002 in *S.A.P.*"  *Ryan II*, 921 So. 2d at 578, n. 3 (internal

28 quotations and punctuation omitted) (*quoting Ryan I*, 841 So.2d at 526) (J. Gross concurring)).

1    These most recent indications from the Florida Supreme Court that it would, aside from

2    claims based on child abuse, construe the equitable estoppel doctrine narrowly—and consistently

3    with the traditional interpretation of the doctrine outlined in *Point Blank* and *Ryan I*—are

4    dispositive.  *See Bills v. U.S. Fidelity & Guar. Co.*, 280 F.3d 1231, 1234 n. 2 (9th Cir. 2002)

5    (court's objective in deciding issue of state law "is to predict how the state supreme court would

6    decide these issues" using "best indication available" of state supreme court's views, including

7    *dicta*).

8    For the foregoing reasons, Plaintiffs' alleged "fraudulent concealment" tolling theory fails

9    under Florida law, as does any belated attempt to repackage their argument under the equally-

10   unavailable "delayed discovery" or "equitable estoppel" theories.

11
            2.    DAPs Cannot Toll the FDUTPA's Statute of Limitations Under a Class Action
12                Theory.

13   As noted, the DAPs also argue that the FDUTPA's statute of limitations should be tolled

14   due to the filing of direct purchaser class actions in this litigation, under the so-called *American

15   Pipe* doctrine.  This argument fails for the simple reason that, as with fraudulent concealment,

16   class action tolling is not included on the exclusive list of Florida tolling doctrines set forth by

17   Section 95.051, and therefore is not available under Florida law.  *See, e.g., In re Cathode Ray

18   Tube (CRT) Antitrust Litig.*, 2014 WL 1092293 at *7 ("Defendants are right that Section 95.051(1)

19   provides an exclusive list of Floridian tolling doctrines, and class-action *American Pipe* tolling is

20   not on it."); *id.* at *8 ("Florida law explicitly does not include cross-jurisdictional class-action

21   tolling"); *In re Vitamins Antitrust Litig.*, 183 Fed.Appx. 1, 2006 WL 1457708 (D.C. Cir. May 15,

22   2006) (affirming order granting motion to dismiss FDUPTPA claims as time-barred in price-fixing

23   suit; class action does not toll SOL because tolling events listed in § 95.051 are exclusive); *Senger

24   Bros. Nursery, Inc. v. E.I. Dupont De Nemours & Co.*, 184 F.R.D. 674, 684 (M.D. Fla. 1999)

25   (rejecting plaintiff's class action tolling argument and granting summary judgment on claims as

26   time-barred); *In re Rezulin Prods. Liab. Litig.*, No. 00-CIV-2843, 2006 WL 695253, at *1

27   (S.D.N.Y. Mar. 15, 2006) ("Florida does not permit class action tolling.").

28

1    Moreover, even if the DAPs' attempt to invoke class action tolling was not barred by

2  Florida law, it still would not be tenable here.  Class action tolling, as applied in jurisdictions

3  where it is recognized, does not toll statutes of limitations for claims that are "different [from] or

4  peripheral [to] the claims asserted in the class action itself."  *Crown, Cork & Seal Co. v. Parker*,

5  462 U.S. 345, 354-55 (Powell, J., concurring) ("Claims as to which the defendant was not fairly

6  placed on notice by the class suit are not protected under *American Pipe* and are barred by the

7  statute of limitations."); *Johnson v. Ry. Express Agency, Inc*., 421 U.S. 454, 467 (1975) ("the

8  tolling effect given to the timely prior filings in *American Pipe* . . . depended heavily on the fact

9  that those filings involved exactly the same cause of action subsequently asserted."); *Williams v.*

10  *Boeing Co*., 517 F.3d 1120, 1136 (9th Cir. 2008); *In re Vertrue Mktg. & Sales Practices Litig.*,

11  712 F. Supp. 2d 703, 718-19 (N.D. Ohio 2010) ("only the claims expressly alleged in a previous

12  federal lawsuit are subject to tolling").  In other words, the *American Pipe* doctrine has a

13  "significant limitation":  the limitations period is tolled "only for claims that are identical to the

14  claims asserted in the putative class action complaint."  *Shriners Hosps. for Children v. Qwest*

15  *Commc'ns Int'l Inc.*, 2007 WL 2801494, at *3 (D. Colo. Sept. 24, 2007).

16    Here, the direct purchaser class action complaints relied upon by the DAPs asserted claims

17  only under federal antitrust law, not Florida law.  *See, e.g., Crago, Inc. v. Chunghwa Picture*

18  *Tubes, Ltd., et al.*, No. 3:07-cv-05944-SC (Dkt. No. 1) (N.D. Cal. Nov. 26, 2007), ¶¶ 107-113;

19  Direct Purchaser Plaintiffs Consolidated Amended Complaint, No. 3:07-cv-05944-SC (Dkt. No.

20  436) (N.D. Cal. Mar. 16, 2009), ¶¶ 213-221.  In addition, those complaints explicitly asserted

21  claims only on behalf of direct purchasers, while each of the DAPs at issue asserts indirect claims.

22  *See Crago* Compl. ¶ 37; Direct Purchaser Compl., ¶ 85.  Thus, even if *American Pipe* was

23  recognized in Florida (which it is not), the direct purchaser complaints could not have tolled the

24  statute of limitations with respect to the DAPs' Florida claims, and, in particular, their indirect

25  purchaser claims.

26

27

28

3.     DAPs Cannot Toll the FDUTPA's Statute of Limitations Under a Government Action Theory.

Finally, the DAPs allege that the U.S. Department of Justice's initiation of criminal proceedings tolled the FDUTPA's statute of limitations pursuant to the government-tolling provision of the federal Clayton Act, 15 U.S.C. § 16.  Once again, just as with fraudulent concealment and class action tolling, government action tolling is excluded under Section 95.051 and therefore is not a valid tolling theory under Florida law.

Moreover, the government-tolling provision in the Clayton Act does not toll statutes of limitations for state-law claims.  The statute expressly provides for tolling only as to rights of action "arising under" the "antitrust laws."  15 U.S.C. § 16(i).  The term "antitrust laws" is defined by 15 U.S.C. § 12 to mean a specific list of federal antitrust statutes, and does not encompass state statutes.  *See, e.g., Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 376 (1958) ("the definition contained in [Section] 1 of the Clayton Act is exclusive"; that a statute not listed therein "may be colloquially described as an 'antitrust' statute" is "of no moment."); *Pool Water Prods. v. Olin Corp.*, 258 F.3d 1024, 1031 n.4 (9th Cir. 2001).  Thus, because Plaintiffs' Florida claims do not arise under the federal antitrust laws, they cannot benefit from the Clayton Act's government tolling provision.  Plaintiffs' final asserted basis for tolling the FDUTPA's statute of limitations fails.

**B.     Certain DAP Claims Under Mississippi and New York Law Are Barred By The Three-Year Statute of Limitations.**

1.     Plaintiffs' Claims Under Mississippi and New York Law Are Time-Barred Because They Were Commenced More Than Three Years After Any Such Claim Accrued.

Kmart and Sears each assert a claim under Mississippi's antitrust statute.  Electrograph asserts a claim under New York's Unfair Competition Law.  These claims are governed by three-year statutes of limitation.[14]  A cause of action for an antitrust violation generally accrues when the plaintiff suffers injury.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338

---

[14] Mississippi Code Ann. § 15-1-49(1); N.Y. C.P.L.R. 214.

1   (1971) ("In the context of a continuing conspiracy to violate the antitrust laws … each time a

2   plaintiff is injured by an act of the defendants a cause of action accrues to him to recover the

3   damages caused by that act.").  Accordingly, Plaintiffs accrued new alleged claims with each

4   purchase.  Those claims expired serially, three years after each purchase.  *See, e.g., E.W. French &*

5   *Sons v. Gen. Portland, Inc*., 885 F.2d 1392, 1396 (9th Cir. 1989) (plaintiff alleging price-fixing

6   conspiracy may recover only for claims that accrued four years before the complaint was filed and

7   thereafter); *Hanson v. Shell Oil Co*., 541 F.2d 1352, 1361 (9th Cir. 1976) ("a plaintiff may recover

8   for acts violative of the antitrust laws committed prior to the statute of limitations date, but … he

9   may only recover those damages for such acts which accrued and became ascertainable within the

10  period of the statute.").

11       Plaintiffs Kmart and Sears filed their original complaints on November 14, 2011.  Plaintiff

12  Electrograph filed its original complaint on February 18, 2011.  Therefore, all claims asserted by

13  Kmart and Sears under Mississippi law based on purchases made before November 14, 2008 are

14  untimely.  All claims by Electrograph under New York's Unfair Competition Law based on

15  purchases made before February 18, 2008 are untimely.  But these Plaintiffs claim only that they

16  were injured by purchases made during the "Relevant Period," which ended on November 25,

17  2007.  *See, e.g.,* Sears and Kmart Complaints ¶¶ 1, 9, 16-22, 232; Electrograph Compl. ¶¶ 1, 9, 20,

18  233.  Therefore, all of Plaintiffs' claims under the Mississippi and New York UCL statutes are

19  untimely, absent application of some tolling principle.

20
21       2.     Plaintiffs' Time-Barred State-Law Claims Cannot Be Saved By Fraudulent
               Concealment or Any Tolling Doctrine.

22       Kmart, Sears and Electrograph allege that the statutes of limitation on their state-law

23  claims were tolled by virtue of fraudulent concealment; lawsuits brought on behalf of a purported

24  class of CRT direct purchasers; and criminal proceedings instituted by the U.S. Department of

25  Justice.  Electrograph SAC (MDL Dkt. No. 1976) ¶¶ 230-245; Sears SAC (MDL Dkt. No. 1973)

26  ¶¶ 214-229.  Plaintiffs bear the burden of pleading and proving facts sufficient to support these

27  tolling claims.  *See, e.g., Hennegan v. Pacifico Creative Serv., Inc.,* 787 F.2d 1299, 1302 (9th Cir.

28  1986); *Falstaff Brewing Corp. v. Philip Morris, Inc.*, 1979-2 Trade Cas. (CCH) ¶62,814, 1979 WL

-15-

1665 at *1 (N.D. Cal. May 10, 1979) (where fraudulent concealment is raised on summary

judgment motion, "plaintiff must produce facts sufficient to raise a genuine issue concerning his

lack of knowledge or exercise of diligence to defeat the motion.").

        a.      *Fraudulent Concealment*

Plaintiffs cannot rescue their time-barred claims through the doctrine of fraudulent

concealment.  Any tolling resulting from fraudulent concealment ceases once plaintiff is on notice

of its potential claim.  *See, e.g., Advanced Micro Devices, Inc. v. Intel Corp.*, No. C 91-20541 JW,

1991 U.S. Dist. LEXIS 21036, at *7 (N.D. Cal. Dec. 17, 1991) (fraudulent concealment ceases to

toll limitations statute when plaintiff "is aware or should have been aware of the operative facts

that are the basis of its cause of action ….  The degree of knowledge only has to be a 'mere

suspicion.'") (internal citations omitted); *Falstaff*, 1979 WL 1665 at *2 ("Plaintiff need not have

knowledge of the full extent of the defendant's actions nor must he have knowledge of all the

evidentiary details before tolling ceases.").  Mississippi and New York follow the same

approach.[15]

Here, there is no question that many public events before the critical dates of February 18,

2008 (three years before Electrograph filed its original complaint) and November 14, 2008 (three

years before Kmart and Sears filed their original complaints) alerted these Plaintiffs to their

claims.  These public events, many of which are alleged in Plaintiffs' own complaints, include:

---

[15] **Mississippi:** Mississippi Code Ann. § 15-1-67 (any fraudulently concealed cause of action accrues when "such fraud shall be, or with reasonable diligence might have been, first known or discovered."); *Walton v. Walton*, 52 So.3d 468, 472 (Miss. Ct. App. 2011) ("an alleged fraudulent concealment does not toll the statute of limitations for matters of public record."); *Carder v. BASF Corp.*, 919 So.2d 258, 261 (Miss. Ct. App. 2005) (affirming order granting motion to dismiss price-fixing claim on limitations grounds; any alleged fraudulent concealment ceased to toll the statute after the date of the first newspaper article reporting on the alleged conspiracy); **New York:** *Weisl v. Polaris Holding Co.*, 641 N.Y.S.2d 288 (N.Y. App. Div. 1996) ("Given inquiry notice, there can be no claim of fraudulent concealment warranting a tolling of the Statute of Limitations") (citation omitted); *Gleason v. Spota*, 599 N.Y.S.2d 297, 299 (N.Y. App. Div. 1993) ("where a plaintiff possesses 'timely knowledge' sufficient to place him or her under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable Statute of Limitations") (citation and internal quotations omitted).

1        • Public revelations that antitrust regulators – including the U.S. Department of

2            Justice, European Commission and Japan Fair Trade Commission – were

3            investigating possible cartel activity by CRT manufacturers;

4        • Widespread publicity of these investigations in November 2007;

5        • Other complaints, including direct purchaser class actions, filed in November 2007;

6        • Public acknowledgement of investigations by antitrust regulators from Defendants

7            Matsushita, Philips, Samsung SDI and Thomson.

8    *See supra*, pp. 3 to 4.  If there is any doubt that Plaintiffs knew of their claims well before

9    February 2008, Electrograph itself affirmatively alleges as much.  Electrograph alleges that it was

10   notified of its claims by "November 2007, when investigations by the DOJ and other antitrust

11   regulators became public."

12       This is consistent with holdings by this Court that plaintiffs had actual or inquiry notice of

13   their claims by November 14, 2007 at the latest.  *In re: Cathode Ray Tube (CRT) Antitrust Litig*.,

14   3:07-cv-05944, 2014 WL 1092293, at *3 (N.D. Cal. March 13, 2014); *see also In re: Cathode Ray

15   Tube (CRT) Antitrust Litig*., 3:07-cv-05944, 2014 U.S. Dist. LEXIS 35391, at *85 (N.D. Cal.

16   March 13, 2014) ("the Court has held that parties to this case knew or should have known of the

17   possibility of bringing suit by November 2007, when various governments issued press releases

18   concerning the CRT price-fixing conspiracy and lawsuits were filed around the world").[16]

19       The evidence, Plaintiffs' own allegations, and this Court's past holdings all point to the

20   same conclusion: any tolling by virtue of fraudulent concealment ended at the latest by November

21   2007, and the statutes of limitation on Plaintiffs' Mississippi and New York UCL claims expired

22   by November 2010, long before these Plaintiffs sued in 2011.

---

27   [16] The Court's prior order on Defendants' motion to dismiss Direct Action Plaintiffs' state-law
     claims based on statutes of limitation did not separately analyze the fraudulent concealment issues
28   posed by state-law claims with three-year statutes of limitation.

1

          *b.*     *Government Action Tolling*

2

      Electrograph alternatively alleges that the statutes of limitation governing its state law

3

claims were tolled by virtue of criminal proceedings instituted by the U.S. Department of Justice,

4

pursuant to 15 U.S.C. § 16.  That statute reads, in pertinent part:

5

          Whenever any civil or criminal proceeding is instituted by the
United States to prevent, restrain, or punish violations of any of the

6

          antitrust laws, but not including an action under section 15(a) of this
title, the running of the statute of limitations in respect to every

7

          private or State right of action arising under said laws and based in
whole or in part on any matter complained of in said proceeding

8

          shall be suspended during the pendency thereof and for one year
thereafter ….

9

10

15 U.S.C. § 16(i) (emphasis added).  The statute thus provides for tolling only as to rights of

11

action "arising under" the "antitrust laws."  The term "antitrust laws," as it is used in the Clayton

12

Act, is specifically defined by 15 U.S.C. § 12.  *See In re Petroleum Prods. Antitrust Litig.*, 782 F.

13

Supp. 481, 484 (C.D. Cal. 1991).  The definition is restricted to a specific list of federal antitrust

14

statutes, and does not encompass state statutes.  *Nashville Milk Co. v. Carnation Co.*, 355 U.S.

15

373, 376 (1958) ("the definition contained in [Section] 1 of the Clayton Act is exclusive"; that a

16

statute not listed therein "may be colloquially described as an 'antitrust' statute" is "of no

17

moment."); *Pool Water Prods. v. Olin Corp.*, 258 F.3d 1024, 1032 n.4 (9th Cir. 2001).  By its

18

plain language, therefore, this provision does not toll any statute of limitations applicable to

19

Plaintiffs' state-law claims.  This Court has also so held.  *In re: Cathode Ray Tube (CRT) Antitrust*

20

*Litig.*, 2014 U.S. Dist. LEXIS 35391, at *95 ("to be clear, § 16(i) only applies to federal law, not

21

state law.").

22

      Because Plaintiffs' Mississippi and New York UCL claims do not "aris[e]  under" the

23

"antitrust laws," they cannot benefit from the government tolling provision of 15 U.S.C. § 16(i).

24

          *c.*     *Class-Action Tolling*

25

      Plaintiffs' final alleged basis for tolling is the purported class action complaints filed on

26

behalf of alleged direct purchasers.  Those complaints do not toll the statutes of limitations on

27

Plaintiffs' state-law claims, for two reasons.  First, those complaints assert federal (not state)

28

claims.  Second, those complaints were filed in federal (not state) court.

-18-

          DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CERTAIN STATE LAW
CLAIMS ON STATUTE OF LIMITATIONS GROUNDS

1    First, the alleged direct purchaser class actions asserted claims under federal antitrust law,

2    and therefore cannot toll the statutes of limitation on the different, state-law claims that Plaintiffs

3    seek to assert.  The U.S. Supreme Court has cautioned that the class-action tolling rule announced

4    in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) is ripe for potential abuse, and

5    should not be applied to toll statutes of limitations for claims that are "different [from] or

6    peripheral [to]" the claims asserted in the class action itself.  *Crown, Cork & Seal Co., Inc. v.*

7    *Parker*, 462 U.S. 345, 354 (1983) (Powell, J., concurring); *see also id.* at 355 ("Claims as to which

8    the defendant was not fairly placed on notice by the class suit are not protected under *American*

9    *Pipe* and are barred by the statute of limitations.").  Federal courts have generally heeded this

10   direction and declined to toll statutes of limitation for claims other than those explicitly included

11   in the class action.  *See Williams v. Boeing Co.*, 517 F.3d 1120, 1136 (9th Cir. 2008) (because

12   "neither the Original nor the First Amended Complaints stated a claim for compensation

13   discrimination … the statute of limitation was not tolled for that claim as it would have been for

14   the promotion discrimination, hostile work environment, and retaliation claims properly raised.");

15   *In re TFT-LCD (Flat Panel) Antitrust Litig.*, M 07-1827 SI, 2012 WL 3155693, *4 (N.D. Cal.

16   Aug. 2, 2012) (class action asserting Sherman Act claim does not toll statute of limitations on

17   state-law claim: "[T]his Court cannot conclude that the direct-purchaser complaint tolled claims it

18   did not assert.").  This Court has also so held.  *In re Cathode Ray Tube (CRT) Antitrust Litig.*,

19   2014 WL 1092293, at *3; *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 U.S. Dist. LEXIS

20   35391, at *92-93.  The direct-purchaser class action claims under the federal Sherman Act could

21   not, and did not, alert Defendants to Plaintiffs' indirect-purchaser claims under the state laws of

22   Mississippi or the New York Unfair Competition Law.  The federal class actions therefore cannot

23   toll the statutes of limitations on Plaintiffs' claims under those state laws.

24       Second, the alleged direct purchaser class actions were filed in federal court, and Plaintiffs

25   can cite no authority showing that Mississippi or New York courts would toll their statutes of

26   limitation based on a class action lawsuit filed in a federal court, so-called "cross-jurisdictional

27   tolling."  Whether the statute of limitations for a state-law claim is tolled by the filing of a class

28   action is an issue of state law.  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir.

2008).  The Ninth Circuit has held that "[t]he rule of *American Pipe* … does not mandate cross-jurisdictional tolling as a matter of state procedure" and therefore declined "to import the doctrine into state law where it did not previously exist."  *Id.* at 1025.  Here, Plaintiffs cannot meet its burden to show that the states at issue have adopted cross-jurisdictional tolling.  Indeed, several courts, including this Court, have declined to apply cross-jurisdictional tolling to claims arising under Mississippi,[17] and New York[18] law.  Therefore, the federal class actions cited in Plaintiffs' complaints do not toll the statutes of limitation governing these state law claims.

## IV.

## CONCLUSION

For the foregoing reasons, the Court should grant summary judgment in Defendants' favor on statute of limitations grounds as to:  (1) all claims by DAPs Costco, Interbond, Office Depot, Sears and Kmart under the Florida Unfair and Deceptive Trade Practices Act based on purchases made before November 14, 2007; (2) all claims by the IPPs under the Florida Unfair and Deceptive Trade Practices Act based on purchases made before November 13, 2003; (3) all claims by DAPs Sears and Kmart under the Mississippi antitrust statute; and (4) all claims by DAP Electrograph under New York's Unfair Competition Law.

///

///

///

///

///

---

[17] *In re Lorazepam & Clorazepate Antitrust Litig.*, 2004 WL 7081446 at *2 (D.D.C. May 18, 2004) ("Mississippi has never permitted cross-jurisdictional tolling"); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 393 (5th Cir. 2005) (declining to apply class-action tolling to a claim arising under Mississippi law, noting that "Mississippi does not have class actions.").

[18] *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 U.S. Dist. LEXIS 35391, at *93 n.8 ("the Court follows the Southern District of New York in declining to import *American Pipe* into New York state law."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 1092293, at *4 (same); *see also Soward v. Deutsche Bank AG*, 814 F. Supp. 2d 272, 282 (S.D.N.Y. 2011) ("In the face of these overwhelming precedents, I cannot say that New York would adopt cross-jurisdictional tolling and decline to import the doctrine into New York's law.").

1  Respectfully submitted:

2

3  November 7, 2014                          By:      /s/ Michael W. Scarborough

4                                            SHEPPARD MULLIN RICHTER & HAMPTON
                                             LLP
                                             Gary L. Halling, Cal. Bar No. 66087
5                                            James L. McGinnis, Cal. Bar No. 95788
                                             Michael W. Scarborough, Cal. Bar No. 203524
6                                            Four Embarcadero Center, 17th Floor
                                             San Francisco, CA  94111-4109
7                                            Telephone:     (415) 434-9100
                                             Facsimile:     (415) 434-3947
8                                            E-mail:        ghalling@sheppardmullin.com
                                                            jmcginnis@sheppardmullin.com
9                                                           mscarborough@sheppardmullin.com

10
                                             *Attorneys for Defendants Samsung SDI America,*
11                                           *Inc.; Samsung SDI Co., Ltd.; Samsung SDI*
                                             *(Malaysia) SDN. BHD.; Samsung SDI Mexico S.A.*
12                                           *DE C.V.; Samsung SDI Brasil Ltda.; Shenzen*
                                             *Samsung SDI Co., Ltd. and Tianjin Samsung SDI*
13                                           *Co., Ltd.*

14
                                             By: */s/ Jeffrey L. Kessler*
15                                           WINSTON & STRAWN LLP

16                                           Jeffrey L. Kessler (*pro hac vice*)
                                             A. Paul Victor (*pro hac vice*)
17                                           Aldo A. Badini Cal. Bar No. 257086
                                             Eva W. Cole (*pro hac vice*)
18                                           Molly M. Donovan (*pro hac vice*)
                                             200 Park Avenue
19                                           New York, NY 10166
                                             Telephone:     (212) 294-4692
20                                           Facsimile:     (212) 294-4700
                                             Email: jkessler@winston.com
21                                                    abadini@winston.com
                                                      pvictor@winston.com
22                                                    ewcole@winston.com
                                                      mmdonovan@winston.com
23

24                                           WEIL, GOTSHAL & MANGES LLP
25                                           Steven A. Reiss (*pro hac vice*)
                                             David L. Yohai (*pro hac vice*)
26                                           Adam C. Hemlock (*pro hac vice*)
                                             767 Fifth Avenue
27                                           New York, NY 10153-0119
                                             Telephone:     (212) 310-8000
28                                           Facsimile:     (212) 310-8007

                                             -21-

1

2

Email: steven.reiss@weil.com
david.yohai@weil.com
adam.hemlock@weil.com

3

4

5

*Attorneys for Defendants Panasonic Corporation*
*(f/k/a Matsushita Electric Industrial Co., Ltd.),*
*Panasonic Corporation of North America, and MT*
*Picture Display Co., Ltd.*

6

BAKER BOTTS LLP

7

8

By: /s/ John M. Taladay
JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com

9

JOSEPH OSTOYICH (*pro hac vice*)
joseph.ostoyich@bakerbotts.com

10

ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com

11

CHARLES M. MALAISE (*pro hac vice*)
charles.malaise@bakerbotts.com

12

**BAKER BOTTS LLP**

13

1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400

14

Telephone: (202) 639-7700
Facsimile: (202) 639-7890

15

16

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com

17

**BAKER BOTTS LLP**

18

1001 Page Mill Road
Building One, Suite 200

19

Palo Alto, CA 94304
Telephone: (650) 739-7500

20

Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

21

22

*Attorneys for Defendants Koninklijke Philips N.V.,*

23

*Philips Electronics North America Corporation,*

*Philips Taiwan Ltd., and Philips do Brasil, Ltda.*

24

25

26

27

28

By: */s/ Michael Lacorvara*

FRESHFIELDS BRUCKHAUS
DERINGER US LLP

Michael Lacovara (SBN 209279)
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
Email: michael.lacovara@freshfields.com

Terry Calvani (SBN 53260)
Email: terry.calvani@freshfields.com
Christine Laciak (*pro hac vice*)
Email: christine.laciak@freshfields.com
Richard Snyder (*pro hac vice*)
Email: richard.snyder@freshfields.com
700 13th Street, NW, 10th Floor
Washington, DC  20005
Telephone: (202) 777-4565
Facsimile: (202) 777-4555

*Attorneys for Beijing-Matsushita Color CRT Company, Ltd.*

By: */s/ Eliot A. Adelson*

KIRKLAND & ELLIS LLP
Eliot A. Adelson (Cal. Bar. No. 205284)
James Maxwell Cooper (Cal. Bar No. 284054)
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone:     (415) 439-1413
Facsimile:      (415) 439-1500
Email: Eadelson@kirkland.com
             Max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

-23-

By: /s/ Lucius B. Lau
WHITE & CASE LLP
Christopher M. Curran (*pro hac vice*)
Lucius B. Lau (*pro hac vice*)
Dana E. Foster (*pro hac vice*)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone:     (202) 626-3600
Facsimile:     (202) 639-9355
Email: ccurran@whitecase.com
           alau@whitecase.com
           defoster@whitecase.com

*Attorneys for Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America Information*
*Systems, Inc., Toshiba America Consumer Products,*
*L.L.C., and Toshiba America Electronic Components,*
*Inc.*

By: /s/ Rachel S. Brass
GIBSON, DUNN & CRUTCHER LLP
Joel S. Sanders Cal. Bar. No. 107234
Rachel S. Brass Cal. Bar. No. 219301
Austin V. Schwing Cal. Bar. No. 211696
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933
Telephone:     (415) 393-8200
Facsimile:     (415) 393-8306
Email: jsanders@gibsondunn.com
           rbrass@gibsondunn.com
           aschwing@gibsondunn.com

*Attorneys for Defendants Chunghwa Picture Tubes,*
*Ltd. and Chunghwa Picture Tubes (Malaysia) SDN.*
*BHD.*

-24-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: /s/ *Hojoon Hwang*
JEROME C. ROTH (State Bar No. 159483)
Jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
Hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
Miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Facsimile: (415) 512-4077

WILLIAM D. TEMKO (State Bar No. 098858)
William.temkomto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc.; LG*
*Electronics U.S.A., Inc.; and LG Electronics Taiwan*
*Taipei Co., Ltd.*

By: /s/ *Michael T. Brody*
JENNER&BLOCK LLP
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER&BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric*
*Corporation, Mitsubishi Electric US, Inc.*
*and, Mitsubishi Electric Visual Solutions*
*America, Inc.*

-25-

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CERTAIN STATE LAW
CLAIMS ON STATUTE OF LIMITATIONS GROUNDS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.