SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:      415-434-9100
Facsimile:       415-434-3947
E-mail:            ghalling@sheppardmullin.com
                     jmcginnis@sheppardmullin.com
                     mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:      213-620-1780
Facsimile:       213-620-1398
E-mail:            heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* No. 11-cv-05502;<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* No. 11-cv-06396;<br><br>*Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;<br><br>(CONTINUED ON NEXT PAGE) | **DECLARATION OF HELEN C. ECKERT IN SUPPORT OF SDI DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS LODGED IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO DIRECT ACTION PLAINTIFFS' SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS** |

1  *Dell Inc. and Dell Products L.P., v. Hitachi, Ltd., et al*, No. 13-cv-02171;

2  

3  *Electrograph Systems, Inc. and Electrograph Technologies Corp., v. Hitachi, Ltd., et al.*, No. 11-cv-01656;

4  

5  *Interbond Corporation of America v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

6  *Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276;

7  

8  *P.C. Richard & Son Long Island Corp., Marta Coooperative of Am., Inc., ABC Appliance, Inc. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

9  

10  *Schultze Agency Services, LLC, on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

11  

12  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

13  

14  *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

15  *Tech Data Corp and Tech Data Product Management, Inc., v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

16  

17  *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-02510.

18  

19  

20  

21  

22  

23  

24  

25  

26  

27  

28

I, Helen C. Eckert, declare as follows:

1. I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"). I submit this declaration pursuant to Civil Local Rule 79-5(d) to establish that documents or portions of documents containing "Confidential" and "Highly Confidential" information pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306) and submitted to the Court in connection with SDI's Motion for Partial Summary Judgment for Lack of Standing as to Direct Action Plaintiffs' Sherman Act Damage Claims Based on CRT Product Purchases from Samsung Electronics are sealable. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306).

3. On November 7, 2014, SDI filed an Administrative Motion to Seal and lodged the following documents pursuant to Civil Local Rules 7-11 and 79-5(d) and (e):

   a. SDI Defendants' Notice of Motion and Motion for Partial Summary Judgment for Lack of Standing as to Direct Action Plaintiffs' Sherman Act Damage Claims Based on CRT Product Purchases from Samsung Electronics ("MSJ"); and

   b. Exhibits 1-17 of the Declaration of James L. McGinnis in Support of SDI Defendants' Notice of Motion and Motion for Partial Summary Judgment for Lack of Standing as to Direct Action Plaintiffs' Sherman Act Damage Claims Based on CRT Product Purchases from Samsung Electronics ("McGinnis Declaration").

4. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of SDI to provide the basis for the Court to maintain under seal certain documents and information designated by SDI as "Confidential" or "Highly Confidential" pursuant to the Protective Order,

-1-

and all references to those documents and information in the MSJ and exhibits to the McGinnis Declaration.

5. Specifically, SDI requests the following documents and excerpts of documents to be maintained under seal: (a) Exhibit 1 to the McGinnis Declaration (the April 15, 2014 expert report of Dr. Stephan Haggard, the direct action plaintiffs' expert witness); (b) Exhibit 2 to the McGinnis Declaration (excerpts from the deposition of Dr. Stephan Haggard); (c) Exhibit 3 to the McGinnis Declaration (excerpts from the deposition of Jae In Lee, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for SDI); and (d) SDI's MSJ.

6. Exhibit 1 to the McGinnis Declaration is the April 14, 2014 expert report of Dr. Stephan Haggard, the direct action plaintiffs' expert witness ("Haggard Report"). The entirety of the Haggard Report has been designated "Highly Confidential" under the Protective Order. The Haggard Report reflects, contains or refers to confidential information concerning SDI's business practices, corporate structure and governance, component cost information, sales strategy, customer relationships and employment histories of top personnel. I am informed and believe that public disclosure of this sensitive information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.

7. The Haggard Report also reflects, contains or refers to materials produced in this action which SDI designated "Confidential" or "Highly Confidential," including excerpts from the transcript of the deposition of Jae In Lee, whom SDI designated as a Fed. R. Civ. P. 30(b)(6) witness. SDI designated these excerpts of the deposition transcript "Highly Confidential" under the Protective Order. These excerpts contain, cite and/or identify confidential information concerning SDI's business practices, sales strategies and sales volume to specific customers, customer relationships, and CRT component cost information. I am informed and believe that SDI treats such information as highly confidential and has taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this highly sensitive information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.

1  The Court previously sealed excerpts from this deposition when they were submitted as exhibits to
2  the Declaration of Eva W. Cole in Support of Defendants' Opposition to Motion of Indirect-
3  Purchaser Plaintiffs for Class Certification and Motion to Strike (Dkt. No. 1512) and the
4  Declaration of Mona Solouki in Support of Defendants' Opposition to Direct Purchaser Plaintiffs'
5  Motion for Class Certification (Dkt. No. 1946).

6        8.      The Haggard Report also reflects, contains or refers to SDI's Responses to Dell
7  Plaintiffs' Second Set of Requests for Admissions ("SDI's RFA Responses"), designated by SDI
8  as "Confidential" under the Protective Order. SDI's RFA Responses include confidential,
9  nonpublic, and sensitive business information about SDI's management structure, as well as the
10 nonpublic employment histories of certain individuals at SDI. I am informed and believe that this
11 is sensitive information, and public disclosure of this information presents a risk of undermining
12 SDI's business relationships, causing SDI harm with respect to its competitors and customers,
13 and/or competitively disadvantaging SDI. Accordingly, Exhibit 1 should be maintained under
14 seal.

15       9.      Exhibit 2 to the McGinnis Declaration contains excerpts from the deposition of Dr.
16 Stephan Haggard. SDI designated these excerpts of the deposition transcript "Highly
17 Confidential" under the Protective Order. These excerpts identify sensitive information
18 concerning SDI's business practices and strategies, corporate structure and governance, production
19 networks, personnel decisions, and customer relationships. I am informed and believe that public
20 disclosure of this highly confidential information would present a risk of undermining SDI's
21 business relationships, causing SDI harm with respect to its competitors and customers, and/or
22 competitively disadvantaging SDI. Accordingly, Exhibit 2 should be maintained under seal.

23       10.     Exhibit 3 to the McGinnis Declaration contains excerpts from the transcript of the
24 deposition of Jae In Lee, whom SDI designated as a Fed. R. Civ. P. 30(b)(6) witness. SDI
25 designated these excerpts of the deposition transcript "Highly Confidential" under the Protective
26 Order. These excerpts reflect, contain or refer to confidential information concerning SDI's CRT
27 sales strategies, its competitive position, and its relationships with and sales volume to specific
28 customers. I am informed and believe that SDI treats such information as highly confidential and

-3-

1  has taken reasonable measures to safeguard it from disclosure outside the company.  I am
2  informed and believe that public disclosure of this highly sensitive information presents a risk of
3  undermining SDI's business relationships, causing SDI harm with respect to its competitors and
4  customers, and/or competitively disadvantaging SDI.  The Court previously sealed excerpts from
5  this deposition when they were submitted as exhibits to the Declaration of Eva W. Cole in Support
6  of Defendants' Opposition to Motion of Indirect-Purchaser Plaintiffs for Class Certification and
7  Motion to Strike (Dkt. No. 1512) and the Declaration of Mona Solouki in Support of Defendants'
8  Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification (Dkt. No. 1946).
9  Accordingly, Exhibit 3 should be maintained under seal.

       11.  SDI's MSJ reflects, contains or refers to  documents or information designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order, including but not limited to McGinnis Declaration Exhibits 1-3.  As with the exhibits themselves, I understand that SDI considers any statements in the MSJ purporting to summarize the exhibits or any other documents or information designated as "Confidential" or "Highly Confidential" by SDI to be confidential and proprietary, and that public disclosure of such information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.  Accordingly, SDI's MSJ should be maintained under seal.

       12.  The remaining documents lodged under seal reflect, contain or refer to  documents or information designated as "Confidential" or "Highly Confidential" by parties other than SDI, including but not limited to the following:

    a.  Exhibit 1 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by Samsung Electronics Co., Ltd.

    b.  Exhibit 4 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by the indirect-purchaser plaintiffs and defendant Toshiba America Electronics Corporation.

    c.    Exhibit 5 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by direct-action plaintiffs P.C. Richard & Son Long Island Corporation, ABC Appliance, Inc., and Marta Cooperative of America, Inc.

    d.    Exhibit 6 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by direct-action plaintiffs Dell, Inc. and Dell Products L.P.

    e.    Exhibit 7 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by direct-action plaintiff Interbond Corporation of America, doing business as BrandsMart USA.

    f.    Exhibit 8 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by direct-action plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust.

    g.    Exhibit 9 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by direct-action plaintiff CompuCom Systems, Inc.

    h.    Exhibit 10 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by direct-action plaintiff Costco Wholesale Corporation.

    i.    Exhibit 11 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by direct-action plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corporation.

    j.    Exhibit 12 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by direct-action plaintiff Office Depot, Inc.

1        k.      Exhibit 13 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by direct-action plaintiffs Sears, Roebuck and Co. and Kmart Corporation.

         l.      Exhibit 14 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by direct-action plaintiff Target Corporation.

        m.      Exhibit 15 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by direct-action plaintiffs Tech Data Corporation and Tech Data Product Management Inc.

        n.      Exhibit 16 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by direct-action plaintiff Shultz Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC.

        o.      Exhibit 17 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by direct-action plaintiff ViewSonic Corporation.

///

///

///

      p.      SDI's MSJ reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by the above parties pursuant to the Protective Order, including but not limited to McGinnis Declaration Exhibits 1, 4-17.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of November 2014 in Los Angeles, California.

                              */s/ Helen C. Eckert*
                              Helen C. Eckert