| | |
|---|---|
| Calvin L. Litsey (SBN 289659)<br>FAEGRE BAKER DANIELS LLP<br>1950 University Avenue, Suite 450<br>East Palo Alto, CA 94303-2279<br>Telephone: +1 650-324-6700<br>Facsimile: +1 650-324-6701<br>calvin.litsey@FaegreBD.com | Jeffrey S. Roberts (*pro hac vice*)<br>FAEGRE BAKER DANIELS LLP<br>3200 Wells Fargo<br>1700 Lincoln Street<br>Denver, CO 80203<br>Telephone: +1 303-607-3500<br>Facsimile: +1 303-607-3600<br>jeff.roberts@FaegreBD.com |
| Kathy L. Osborn (*pro hac vice*)<br>Ryan M. Hurley (*pro hac vice*)<br>FAEGRE BAKER DANIELS LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: +1 317-237-0300<br>Facsimile: +1 317-237-1000<br>kathy.osborn@FaegreBD.com<br>ryan.hurley@FaegreBD.com | Stephen M. Judge (*pro hac vice*)<br>FAEGRE BAKER DANIELS LLP<br>202 S. Michigan Street, Suite 1400<br>South Bend, IN 46601<br>Telephone: +1 574-234-4149<br>Facsimile: +1 574-239-1900<br>steve.judge@FaegreBd.com |

***Attorneys for Defendants Thomson Consumer Electronics, Inc.***

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al.,* No. 13-cv-05724;<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al.,* No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.,* No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.,* No. 13-cv-05726;<br><br>*Costco Wholesale Corporation v. Technicolor SA, et al.,* No. 13-cv-05723; | **DECLARATION OF JEFFREY S. ROBERTS IN SUPPORT OF THE THOMSON CONSUMER ELECTRONICS, INC.'S MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT**<br><br>Judge: Hon. Samuel Conti |

1
2   *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.,*
3   *No. 31:cv-05725;*

4   *Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA,*
5   *Ltd., et al., No. 13-cv-05668;*

6   *Sears, Roebuck and Co. and Kmart Corp. v.*
7   *Technicolor SA, No. 3:13-cv-05262;*

8   *Target Corp. v. Technicolor SA, et al., No.*
    *13-cv-05686;*
9
    *Tech Data Corp., et al. v. Hitachi, Ltd., et*
10  *al., No. 13-cv-00157*

11  *Sharp Electronics Corp., et al. v. Hitachi,*
    *Ltd., et. al., No. 13-cv-01173*
12

13  *ViewSonic Corporation v. Chunghwa Corp.,*
    *et al., No. 14-cv-02510*
14

15      I, Jeffrey S. Roberts, hereby declare as follows:

16  1.   I am currently an attorney with the law firm Faegre Baker Daniels LLP, counsel for
17  Defendant Thomson Consumer Electronics, Inc. ("Thomson Consumer"). I am admitted to
18  practice *pro hac vice* before the United States District Court for the Northern District of
19  California. I make this declaration in support of the Thomson Consumer's Motion for Summary
20  Judgment ("Motion"). The statements contained in this declaration are based on my personal
21  knowledge and, if called as a witness, I could competently testify to the following facts.

22  2.   Attached hereto as **Exhibit 1**, is a true and correct copy of the 1995 United States
23  International Trade Commission Cathode Ray Tube Report.

24  3.   Attached hereto as **Exhibit 2** are true and correct copies of excerpts from the July 16,
25  2012 Fed. R. Civ. P. 30(b)(6) deposition of Mr. Tatsuo Tobinaga on behalf of MT Picture Display
26  Co., Ltd., Panasonic Corporation, and Panasonic Corporation of North America.

27
28

DECLARATION OF JEFFREY S. ROBERTS IN         2         No. 07-5944-SC; MDL No. 1917
SUPPORT OF THOMSON CONSUMER'S
MOTION FOR SUMMARY JUDGMENT

4.      Attached hereto as **Exhibit 3** are true and correct copies of excerpts from the February 19-21, 2013 deposition of Mr. Chih Chun-Liu.

5.      Attached hereto as **Exhibit 4** is a true and correct copy of a CRT Review presentation produced in this litigation by Samsung SDI Co., Ltd with the bates number SDCRT-0021278-SDCRT-0021294.

6.      Attached hereto as **Exhibit 5** are true and correct copies of excerpts from the July 17, 2014 deposition of Kenneth Elzinga.

7.      Attached hereto as **Exhibit 6** is a true and correct copy of a document entitled World Wide CDT Manufacturer's status produced in this litigation by Samsung SDI Co., Ltd with the bates number SDCRT-0201291.

8.      Attached hereto as **Exhibit 7** is a true and correct copy of Best Buy's Objections and Responses to the Thomson Defendants' First Set of Requests for Admission ("RFAs").

9.      Attached hereto as **Exhibit 8** is a true and correct copy of Circuit City's Objections and Responses to the Thomson Defendants' First Set of RFAs.

10.     Attached hereto as **Exhibit 9** is a true and correct copy of Costco's Objections and Responses to the Thomson Defendants' First Set of RFAs.

11.     Attached hereto as **Exhibit 10** is a true and correct copy of Electrograph's Objections and Responses to the Thomson Defendants' First Set of RFAs.

12.     Attached hereto as **Exhibit 11** is a true and correct copy of Interbond's Objections and Responses to the Thomson Defendants' First Set of RFAs.

13.     Attached hereto as **Exhibit 12** is a true and correct copy of Office Depot's Objections and Responses to the Thomson Defendants' First Set of RFAs.

14.     Attached hereto as **Exhibit 13** is a true and correct copy of P.C. Richards, MARTA, and ABC Appliance's Objections and Responses to the Thomson Defendants' First Set of RFAs.

15.     Attached hereto as **Exhibit 14** is a true and correct copy of Sears and Kmart's Objections and Responses to the Thomson Defendants' First Set of RFAs.

16.     Attached hereto as **Exhibit 15** is a true and correct copy of Sharp's Objections and Responses to the Thomson Defendants' First Set of RFAs.

1  17. Attached hereto as **Exhibit 16** is a true and correct copy of Target's Objections and Responses to the Thomson Defendants' First Set of RFAs.

2  18. Attached hereto as **Exhibit 17** is a true and correct copy of Tech Data's Objections and Responses to the Thomson Defendants' First Set of RFAs.

3  19. Attached hereto as **Exhibit 18** is a true and correct copy of Tweeter's Objections and Responses to the Thomson Defendants' First Set of RFAs.

4  20. Attached hereto as **Exhibit 19** is a true and correct copy of ViewSonic's Objections and Responses to the Thomson Defendants' First Set of RFAs.

5  21. Attached hereto as **Exhibit 20** are true and correct copies of excerpts from the September 5, 2014 deposition of Jack Brunk.

6  22. Attached as **Exhibit 21** is a true and correct copy of a document produced in this litigation by Chunghwa Picture Tubes, Ltd. ("Chunghwa") with bates numbers CHU00030816-CHU00030818. On November 10, 2014 Chunghwa and all of the Direct Action Plaintiffs ("DAPs") filed a Stipulation Regarding the Authenticity of Documents and Their Status as "Business Records" [Dkt. 2912] which stipulated that Chunghwa and the DAPs would not object to the admissibility of CHU00030816-CHU00030818 on the ground that it is not authentic as that term is used in FRE 901 and 902 and not a business record pursuant to FRE 803(6). A true and correct copy of a certified English language translation of CHU00030816-CHU00030818 is attached hereto as **Exhibit 21E.**

7  23. Attached as **Exhibit 22** is a true and correct copy of a document produced in this litigation by Chunghwa with bates numbers CHU00031006-CHU00031009. On November 10, 2014 Chunghwa and all of the DAPs filed a Stipulation Regarding the Authenticity of Documents and Their Status as "Business Records" [Dkt. 2912] which stipulated that Chunghwa and the DAPs would not object to the admissibility of CHU00031006-CHU00031009 on the ground that it is not authentic as that term is used in FRE 901 and 902 and not a business record pursuant to FRE 803(6). A true and correct copy of a certified English language translation of CHU00031006-CHU00031009 is attached hereto as **Exhibit 22E**.

24. Attached as **Exhibit 23** is a true and correct copy of a document produced in this litigation by Chunghwa with bates numbers CHU00031150-CHU00031152.  On November 10, 2014 Chunghwa and all of the DAPs filed a Stipulation Regarding the Authenticity of Documents and Their Status as "Business Records" [Dkt. 2912] which stipulated that Chunghwa and the DAPs would not object to the admissibility of CHU00031150-CHU00031152 on the ground that it is not authentic as that term is used in FRE 901 and 902 and not a business record pursuant to FRE 803(6).  A true and correct copy of a certified English language translation of CHU00031150-CHU00031152 is attached hereto as **Exhibit 23E**.

25. Attached as **Exhibit 24** is a true and correct copy of a document produced in this litigation by Chunghwa with bates numbers CHU00029235-CHU00029237.  On November 10, 2014 Chunghwa and all of the DAPs filed a Stipulation Regarding the Authenticity of Documents and Their Status as "Business Records" [Dkt. 2912] which stipulated that Chunghwa and the DAPs would not object to the admissibility of CHU00029235-CHU00029237 on the ground that it is not authentic as that term is used in FRE 901 and 902 and not a business record pursuant to FRE 803(6).  A true and correct copy of a certified English language translation of CHU00029235-CHU00029237 is attached hereto as **Exhibit 24E**.

26. Attached as **Exhibit 25** is a true and correct copy of a document produced in this litigation by Chunghwa with bates numbers CHU00029144-CHU00029146.  In accord with FRE 901 this exhibit is authenticated in **Exhibit 29** at 231:22-233:22.  A true and correct copy of a certified English language translation of CHU00029144-CHU00029146 is attached hereto as **Exhibit 25E**.

27. Attached as **Exhibit 26** is a true and correct copy of a document produced in this litigation by Chunghwa with bates numbers CHU00029108-00029109. On November 10, 2014 Chunghwa and all of the DAPs filed a Stipulation Regarding the Authenticity of Documents and Their Status as "Business Records" [Dkt. 2912] which stipulated that Chunghwa and the DAPs would not object to the admissibility CHU00029108-00029109 of on the ground that it is not authentic as that term is used in FRE 901 and 902 and not a duplicate of the original as that term is used in FRE 1001(4) and 1003.  A true and correct copy of a certified English language translation of CHU00029108-00029109 is attached hereto as **Exhibit 26E**.

28. Attached as **Exhibit 27** is a true and correct copy of a document produced in this litigation by Chunghwa with bates numbers CHU00036410-CHU00036411. On November 10, 2014 Chunghwa and all of the DAPs filed a Stipulation Regarding the Authenticity of Documents and Their Status as "Business Records" [Dkt. 2912] which stipulated that Chunghwa and the DAPs would not object to the admissibility of CHU00036410-CHU00036411 on the ground that it is not authentic as that term is used in FRE 901 and 902 and not a business record pursuant to FRE 803(6). A true and correct copy of a certified English language translation of CHU00036410-CHU00036411 is attached hereto as **Exhibit 27E**.

29. Attached as **Exhibit 28** is a true and correct copy of a document produced in this litigation by Chunghwa with bates numbers CHU00036392-CHU00036393. In accord with FRE 901 this exhibit is authenticated in **Exhibit 3** at 259:13-260:20. A true and correct copy of a certified English language translation of CHU00036392-CHU00036393 is attached hereto as **Exhibit 28E**.

30. Attached hereto as **Exhibit 29** are true and correct copies of excerpts from the February 22, 25-26, 2013 deposition of Mr. Sheng-Jen Yang.

31. Attached hereto as **Exhibit 30** is a true and correct copy of Target's Objections and Responses to the Thomson Defendants' First Set of Interrogatories.

32. Attached hereto as **Exhibit 31** is a true and correct copy of a document produced in this litigation by Hitachi Electronic Devices (USA), Inc. with bates numbers HEDUS-CRT00161617-HEDUS-CRT00161619.

33. Attached hereto as **Exhibit 32** is a true and correct copy of a document produced in this litigation by the Philips defendants with bates numbers PHLP-CRT-0087372-PHLP-CRT-0087375.

34. On June 18, 2008, the Court entered a "Stipulated Protective Order" in this matter [Dkt. No. 306] (the "Protective Order").

35. Pursuant to the Protective Order and Civil Local Rules 79-5(d) and 7-11, Thomson Consumer seeks to seal the following concurrently filed materials: (a) the highlighted portions of Thomson Consumer's Motion; and (b) Exhibits 2-6, 21-29, 21E -28E, and 31-32 to the concurrently filed Declaration of Jeffrey S. Roberts in Support of Thomson Consumer's Motion.

36. The highlighted portions of Thomson Consumer's Motion discuss or reference Exhibits 2-6, 21-29, 21E-28E, and 31-32, documents and/or testimony previously designated as "Confidential" or "Highly Confidential" by other parties in this action, including the Samsung SDI Defendants, the Philips Defendants, the Hitachi Defendants, or the Chunghwa Defendants. Thomson Consumer seeks to submit the highlighted portions of its Motion and these exhibits under seal in good faith to comply with the Stipulated Protective Order and this Court's Local Rules.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 7th day of November 2014, at Denver, Colorado.

/s/ Jeffrey S. Roberts