# EXHIBIT 7

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
Bernice Conn, Bar No. 161594
Bconn@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile: 310-229-5800

Attorneys for Plaintiffs

BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, LLC; MAGNOLIA HI-FI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to Individual Case No. 3:11-cv-05513-SC | Master File No. M:07-5994-SC<br>MDL No. 1917<br><br>Case No. 3:11-cv-05513-SC |
| BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.;<br><br>(CONTINUED ON NEXT PAGE) | **BEST BUY'S RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |

| | |
|---|---|
| PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; MT PICTURE DISPLAY CO., LTD.; BEIJING MATSUSHITA COLOR CRT CO., LTD.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD.; PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA.; SAMTEL COLOR LTD.; THAI CRT CO., LTD.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES (MALAYSIA); TATUNG COMPANY OF AMERICA, INC., | |
| Defendants. | |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC. |
| **RESPONDING PARTY:** | BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC. |
| **SET NO.:** | FIRST |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc., Best Buy Stores, L.P.; BestBuy.Com, L.L.C.; and Magnolia HI-FI, Inc. (collectively "Best Buy") hereby Object and Respond to Defendant Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Requests for Admission (hereinafter, the "Requests for Admission").

## RESERVATIONS OF RIGHTS

1      In responding to these Requests for Admission, Best Buy states that it has conducted, or will conduct, a diligent search, reasonable in scope, for information that is relevant to the Requests for Admission. In the event that additional information relevant to the Requests for Admission is later identified or brought to Best Buy's attention, Best Buy reserves the right to amend, revise, supplement, modify, or clarify the following objections and responses. Best Buy further reserves the right to complete its investigation and discovery of the facts, and to rely at trial or in other proceedings upon information in addition to the information provided herein, regardless of whether such information is newly discovered or newly in existence.

     Best Buy incorporates by reference the evidence identified by the Direct Purchaser Plaintiffs, Indirect Purchaser Plaintiffs, and the other Direct Action Plaintiffs in response to Defendants' discovery requests in accordance with the Special Master's Contention Discovery Order.

     Best Buy has responded to these Requests for Admission as it interprets and understands them. If Defendants subsequently assert an interpretation of any Request for Admission or response that differs from Best Buy's understanding, Best Buy reserves the right to supplement or amend its objections or responses.

     Best Buy reserves the right to object to the admission of its responses to the Requests for Admission into evidence at trial, or any other proceeding.

## GENERAL OBJECTIONS

1.     Best Buy reserves all evidentiary objections and rights under the Federal Rules of Evidence.

2.     Best Buy reserves the right to make use of or introduce at any hearing or trial information responsive to Thomson's Requests for Admission but discovered after the date of this response.

3.     Best Buy objects to the Requests for Admission on the ground that they are premature. Best Buy's investigation of this case is ongoing and discovery in this matter remains open until at least September 5, 2014. These responses are being made after

reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Best Buy. Further investigation and discovery, including the upcoming Rule 30(b)(6) depositions of Thomson in MDL No. 1917, may result in the identification of additional information, and Best Buy reserves the right to modify their responses. Best Buy's responses should not be construed to prejudice their right to conduct further investigation in this case, or to limit their use of any additional evidence that may be developed.

4. Best Buy objects to the Requests for Admission to the extent that they seek any information that is protected from discovery based on the attorney-client privilege, the work product doctrine, or any other privilege or immunity (collectively "Privilege"). Best Buy does not intend by its answers to the Requests for Admission to waive any Privilege.

5. Best Buy objects to the Requests for Admission to the extent they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

6. Best Buy objects to the Requests for Admission to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive or in any way broader in scope than any limitations Defendants asserted in responding to the multiple discovery requests already propounded in the consolidated *Cathode Ray Tube (CRT) Antitrust Litigation* ("MDL No. 1917").

7. Best Buy objects to the Requests for Admission to the extent that they prematurely call for expert work, expert opinions, expert reports, or expert testimony. Best Buy will provide expert disclosures as provided by the Federal Rules of Civil Procedure.

8. Best Buy objects to the Requests for Admission to the extent that they call for speculation or call for a conclusion on an issue of law.

9. Best Buy objects to, and expressly disclaims, any need or intent to prove any fact listed here as a prerequisite to proving its claims at trial.

10. Best Buy reserves its right to try their case as they determine is best at trial. This includes by not using facts or information stated in this Response or using facts or information in addition to those stated in this Response.

11. Best Buy objects to these Requests for Admission to the extent that they demand actions beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, the Order re Discovery and Case Management Protocol entered on April 3, 2012 in MDL No. 1917 (the "Discovery and Case Management Protocol"), or any applicable order of this Court.

12. Best Buy reserves the right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by these Requests for Admission and all responses to these Requests for Admission.

13. Best Buy's Responses to these Requests for Admission are subject to the provisions of the Stipulated Protective Order that the Court entered on June 18, 2008 (the "Protective Order") in MDL No. 1917. Best Buy's Responses are hereby designated "Highly Confidential" in accordance with the provisions of the Protective Order. To the extent that the Protective Order does not apply, Best Buy objects to the Requests for Admission to the extent that they seek information that would disclose proprietary information, trade secrets, or other confidential research, development, or other confidential information, protected by the Uniform Trade Secrets Act, among others, any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Best Buy to violate legal and/or contractual obligations to any other persons or entities.

14. Best Buy objects to the Requests for Admission to the extent they contain any incidental or implied admission of fact or law. Best Buy's Responses to all or any part of any Request should not be taken as an incidental or implied admission, agreement, or concurrence that: (i) Best Buy accepts or admits an express or implied

assumption of fact set forth in or assumed by the Request; (ii) Best Buy accepts or admits any express or implied assumption of law set forth in or assumed by the Request; (iii) Best Buy has in its possession, custody, or control documents or information responsive to that Request; or (iv) documents or information responsive to that Request exist.

Best Buy objects to the Requests for Admission in their entirety on the above grounds. In order to avoid repetition, the foregoing General Objections are hereby incorporated into each response as if set forth therein.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Admit that You have no Evidence that Thomson SA manufactured or sold CDTs during the Relevant Period.

**Response:**

Best Buy refers to and incorporates its General Objections as if fully restated here. Best Buy further objects to this Request on the grounds that: (i) it is overly broad, unduly burdensome, and premature as it requires Best Buy to review and analyze all information obtained in discovery thus far and state their entire case on an incomplete record; (ii) it seeks information that is in Thomson's possession, custody, or control, and that has not yet been provided to Best Buy; (iii) it seeks information that is the subject of ongoing discovery and investigation; (iv) it seeks information that is equally available to Thomson; and (v) it seeks, in contravention of well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole, *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)), and improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Master Docket No. M:07-1827-SI, Order Denying Defendants' Motions for Partial Summary Judgment Regarding Production and Capacity, Docket No.

1  4097, at 1-2.

2  Subject to and without waiving the foregoing objections, Best Buy admits this
3  Request. Best Buy reserves the right to supplement its response to this Request for
4  Admission based on further discovery, investigation, expert work, or other
5  developments in this case.

6  **Request for Admission No. 2:**

7  Admit that You have no Evidence that Thomson SA manufactured or sold CDT
8  Products during the Relevant Period.

9  **Response:**

10  Best Buy refers to and incorporates its General Objections as if fully restated here.
11  Best Buy further objects to this Request on the grounds that: (i) it is overly broad,
12  unduly burdensome, and premature as it requires Best Buy to review and analyze all
13  information obtained in discovery thus far and state their entire case on an incomplete
14  record; (ii) it seeks information that is in Thomson's possession, custody, or control, and
15  that has not yet been provided to Best Buy; (iii) it seeks information that is the subject of
16  ongoing discovery and investigation; (iv) it seeks information that is equally available to
17  Thomson; and (v) it seeks, in contravention of well-established legal principles, to
18  dismember the overall conspiracy to focus on its separate parts, instead of looking at it
19  as a whole, *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699
20  (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir.
21  1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)), and improperly seeks "to
22  carve the alleged conspiracy into a number of mini-conspiracies." *In re TFT-LCD (Flat
23  Panel) Antitrust Litigation*, Master Docket No. M:07-1827-SI, Order Denying Defendants'
24  Motions for Partial Summary Judgment Regarding Production and Capacity, Docket No.
25  4097, at 1-2.

26  Subject to and without waiving the foregoing objections, Best Buy admits this
27  Request. Best Buy reserves the right to supplement its response to this Request for
28  Admission based on further discovery, investigation, expert work, or other

developments in this case.

**Request for Admission No. 3:**

Admit that You have no Evidence that Thomson Consumer manufactured or sold CDTs during the Relevant Period.

**Response:**

Best Buy refers to and incorporates its General Objections as if fully restated here. Best Buy further objects to this Request on the grounds that: (i) it is overly broad, unduly burdensome, and premature as it requires Best Buy to review and analyze all information obtained in discovery thus far and state their entire case on an incomplete record; (ii) it seeks information that is in Thomson's possession, custody, or control, and that has not yet been provided to Best Buy; (iii) it seeks information that is the subject of ongoing discovery and investigation; (iv) it seeks information that is equally available to Thomson; and (v) it seeks, in contravention of well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole, See *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)), and improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Master Docket No. M:07-1827-SI, Order Denying Defendants' Motions for Partial Summary Judgment Regarding Production and Capacity, Docket No. 4097, at 1-2.

Subject to and without waiving the foregoing objections, Best Buy admits this Request. Best Buy reserves the right to supplement its response to this Request for Admission based on further discovery, investigation, expert work, or other developments in this case.

**Request for Admission No. 4:**

Admit that You have no Evidence that Thomson Consumer manufactured or sold CDT Products during the Relevant Period.

60837185.1 - 8 - BEST BUY'S RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

**Response:**

Best Buy refers to and incorporates its General Objections as if fully restated here. Best Buy further objects to this Request on the grounds that: (i) it is overly broad, unduly burdensome, and premature as it requires Best Buy to review and analyze all information obtained in discovery thus far and state their entire case on an incomplete record; (ii) it seeks information that is in Thomson's possession, custody, or control, and that has not yet been provided to Best Buy; (iii) it seeks information that is the subject of ongoing discovery and investigation; (iv) it seeks information that is equally available to Thomson; and (v) it seeks, in contravention of well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole, See *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)), and improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Master Docket No. M:07-1827-SI, Order Denying Defendants' Motions for Partial Summary Judgment Regarding Production and Capacity, Docket No. 4097, at 1-2.

Subject to and without waiving the foregoing objections, Best Buy admits this Request. Best Buy reserves the right to supplement its response to this Request for Admission based on further discovery, investigation, expert work, or other developments in this case.

| | | |
|---|---|---|
| 1 | DATED: September 5, 2014 | ROBINS, KAPLAN, MILLER & CIRESI L.L.P. |
| 2 | | |
| 3 | | By: /s/ Laura E. Nelson |
| | |     Roman M. Silberfeld |
| | |     David Martinez |
| 4 | |     Laura E. Nelson |
| 5 | | ATTORNEYS FOR PLAINTIFFS |
| | | BEST BUY CO., INC.; BEST BUY |
| 6 | | PURCHASING LLC; BEST BUY ENTERPRISE |
| | | SERVICES, INC.; BEST BUY STORES, L.P.; |
| 7 | | BESTBUY.COM, LLC; MAGNOLIA HI-FI, |
| | | INC. |

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES