# EXHIBIT 8

1  Kenneth S. Marks
   Jonathan J. Ross
2  SUSMAN GODFREY LLP
   1000 Louisiana Street, Suite 5100
3  Houston, Texas 77002-5096
   Telephone: (713) 651-9366
4  Facsimile:  (713) 654-6666
   kmarks@susmangodfrey.com
5  jross@susmangodfrey.com
   *Attorneys for plaintiff Alfred H. Siegel, solely*
6  *in his capacity as Trustee of the Circuit City*
   *Stores, Inc. Liquidating Trust*
7  [additional counsel listed on signature page]

8

9                      UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
10

11 | IN RE:  CATHODE RAY TUBE (CRT) | Master File No. 07-5944 SC |
12 | ANTITRUST LITIGATION | Case No. C 13-05261 SC |
13 | | MDL No. 1917 |
   | This Document Relates to: | |
14 | | |
15 | ALFRED H. SIEGEL, AS TRUSTEE OF THE | |
   | CIRCUIT CITY STORES, INC. | **OBJECTIONS AND RESPONSES OF** |
16 | LIQUIDATING TRUST, | **ALFRED H. SIEGEL, AS TRUSTEE OF** |
   | | **THE CIRCUIT CITY STORES, INC.** |
17 | Plaintiff, | **LIQUIDATING TRUST, TO THOMSON** |
   | v. | **SA AND THOMSON CONSUMER** |
18 | | **ELECTRONICS, INC.'S FIRST SET OF** |
   | TECHNICOLOR SA.; et al., | **REQUESTS FOR ADMISSION** |
19 | | |
   | Defendants. | |
20 | | The Honorable Samuel Conti |

21         Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Alfred H.

22 Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Circuit City Trust" or

23 "Plaintiff"), hereby responds and objects to the First Set of Admission of Thomson SA (n/k/a

24 Technicolor SA) and Thomson Consumer Electronics, Inc.'s (n/k/a Technicolor USA, Inc.)

25 (collectively, "Thomson") (collectively, the "Admissions" and individually an "Admission").  For

26 the reasons set forth below, Plaintiff generally and specifically objects and otherwise responds to

27                                 3290041v1/0123251

28

each of the Admissions.  Plaintiff reserves the right to supplement any responses and objections set forth below.

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Circuit City Trust's responses to each and every Admission.  No response to any Admission shall be deemed a waiver of Circuit City Trust's General Objections.

1.      Circuit City Trust objects to the Admissions to the extent that they seek to impose obligations on Circuit City Trust beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of the Court.

2.      Circuit City Trust objects to the Admissions to the extent that they seek or call for information that is already in the possession, custody, or control of the propounding defendants.

3.      Circuit City Trust objects to the Admissions to the extent that they seek or call for information that can equally or more readily be obtained by the propounding defendants from public sources.

4.      Circuit City Trust objects to the Admissions to the extent that they seek or call for information that can more readily, conveniently, and in a less burdensome fashion be obtained by the propounding defendants from others.

5.      Circuit City Trust objects to the Admissions to the extent that they seek or call for information not in Circuit City Trust's possession, custody, or control.

6.      Circuit City Trust objects to the Admissions to the extent that they seek or call for information (or documents) protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under governing law.  Any information disclosed in response to the Admissions will be disclosed

3290041v1/0123252

RESPONSE TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS
INC'S 1ST SET OF REQUEST FOR ADMISSION – C-13-05261 SC
MDL No. 1917

without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

7.    Circuit City Trust objects to the Admissions to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

8.    Circuit City Trust objects to the Admissions to the extent that they seek or call for information that is not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

9.    Circuit City Trust objects to the Admissions to the extent that they are duplicative and/or cumulative either internally of themselves or of interrogatories, admissions, or document requests previously propounded to Circuit City Trust by these or other defendants in the consolidated Cathode Ray Tube (CRT) Antitrust Litigation.  Each such Admission violates the Court's Order Re Discovery and Case Management Protocol entered on April 3, 2012 (Dkt. No. 1128).

10.    Circuit City Trust objects to the Admissions, including the instructions and definitions, on the grounds that Circuit City Trust will incur substantial expense complying with them.

11.    Circuit City Trust objects to the Admissions to the extent they call for detailed information about the business and operations of Circuit City and its retail stores.  Circuit City is no longer in the business it was in during the time period in question and in fact has been in the process of winding up its affairs for several years.  Plaintiff's access to information, data and other documents is thus limited.  To the extent Plaintiff uses the term "ordinary course of business" in these responses, Plaintiff refers to the business of winding up its affairs as described

3290041v1/0123253

above rather than the ordinary course of business that Plaintiff enjoyed when it was a functioning retailer.

12.     Circuit City Trust objects to the Admissions to the extent that they prematurely call for expert testimony or expert disclosures/opinion and states that Circuit City Trust will provide applicable expert opinion and information as provided by the Federal Rule of Civil Procedure and the orders of the Court.

13.     Circuit City Trust objects to the Admissions to the extent they seek information about contentions or call for all evidence or all information in support of allegations or contentions. Such Admissions are premature. Circuit City Trust has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing. These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Circuit City Trust. Further investigation and discovery may result in the identification of additional information or contentions, and Circuit City Trust reserves the right to modify its responses. Circuit City Trust's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit its use of any additional evidence that may be developed. Additionally, Circuit City Trust objects to the Admissions to the extent they seek or call for information requiring Circuit City Trust to set out or state or marshal its case or the evidence in support of its case. It is an improper use of written discovery to make such requests.

14.     Documents produced by Circuit City Trust in this litigation shall be deemed produced in response to the Admissions, to the extent applicable and subject to the responses, these General Objections, and any other objections made in response to a specific Admission. Where the burden of identifying specific information or documents responsive to the Admissions

is substantially the same for Plaintiff and the propounding defendants, Circuit City Trust is entitled to produce documents in lieu of other responses under Rule 33(d) of the Federal Rules of Civil Procedure.

15.    Any information provided in response to the Admissions or documents produced in connection herewith will be subject to the Stipulated Protective Order entered in this action (Dkt. No. 306).

16.    Circuit City Trust reserves its right to object to or challenge any of the Admissions or the responses thereto as relevant or material to or admissible at the trial of this case or in any hearing or motion in this case.

17.    Circuit City Trust objects to the definition of "Identify" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Circuit City Trust also objects to this definition as improperly requiring Circuit City Trust to state its case or marshal all evidence in support of its case in the form of responses to written discovery.

## ANSWERS AND OBJECTIONS TO ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that You have no Evidence that Thomson SA manufactured or sold CDTs during the Relevant Period.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as though set forth fully herein.  Circuit City Trust further objects to this interrogatory as untimely and improper to the extent that Thomson is refusing to comply with its discovery obligations and produce relevant

3290041v1/0123255

RESPONSE TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS INC'S 1ST SET OF REQUEST FOR ADMISSION – C-13-05261 SC MDL No. 1917

documents located in France and a corporate representative to testify regarding relevant topics. *See* Recommended Order of the Special Master re: certain Direct Action Plaintiffs moving to compel the production of responsive documents and a competent 30(b)(6) witness from Thomson SA (September 2, 2014). Subject to and without waiving these objections, Circuit City Trust responds: Admitted.

Circuit City Trust further states that discovery is on-going and reserves the right to supplement or amend its responses.

**REQUEST FOR ADMISSION NO. 2:**

Admit that You have no Evidence that Thomson SA manufactured or sold CDT Products during the Relevant Period.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as though set forth fully herein. Circuit City Trust further objects to this interrogatory as untimely and improper to the extent that Thomson is refusing to comply with its discovery obligations and produce relevant documents located in France and a corporate representative to testify regarding relevant topics. *See* Recommended Order of the Special Master re: certain Direct Action Plaintiffs moving to compel the production of responsive documents and a competent 30(b)(6) witness from Thomson SA (September 2, 2014). Subject to and without waiving these objections, Circuit City Trust responds: Admitted.

Circuit City Trust further states that discovery is on-going and reserves the right to supplement or amend its responses.

**REQUEST FOR ADMISSION NO. 3:**

Admit that You have no Evidence that Thomson Consumer manufactured or sold CDTs during the Relevant Period.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as though set forth fully herein.  Circuit City Trust further objects to this interrogatory as untimely and improper to the extent that Thomson is refusing to comply with its discovery obligations and produce relevant documents located in France and a corporate representative to testify regarding relevant topics. *See* Recommended Order of the Special Master re: certain Direct Action Plaintiffs moving to compel the production of responsive documents and a competent 30(b)(6) witness from Thomson SA (September 2, 2014). Subject to and without waiving these objections, Circuit City Trust responds: Admitted.

Circuit City Trust further states that discovery is on-going and reserves the right to supplement or amend its responses.

**REQUEST FOR ADMISSION NO. 4:**

Admit that You have no Evidence that Thomson Consumer manufactured or sold CDT Products during the Relevant Period.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as though set forth fully herein.  Circuit City Trust further objects to this interrogatory as untimely and improper to the extent that Thomson is refusing to comply with its discovery obligations and produce relevant documents located in France and a corporate representative to testify regarding relevant topics. *See* Recommended Order of the Special Master re: certain Direct Action Plaintiffs moving to compel the production of responsive documents and a competent 30(b)(6) witness from Thomson

3290041v1/0123257

RESPONSE TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS
INC'S 1ST SET OF REQUEST FOR ADMISSION – C-13-05261 SC
MDL No. 1917

SA (September 2, 2014). Subject to and without waiving these objections, Circuit City Trust responds: Admitted.

Circuit City Trust further states that discovery is on-going and reserves the right to supplement or amend its responses.

Dated: September 5, 2014.

SUSMAN GODFREY L.L.P.

By: _____

Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
Robert S. Safi
David M. Peterson
John P. Lahad
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email:   kmarks@susmangodfrey.com
            jross@susmangodfrey.com
            jcarter@susmangodfrey.com
            rsafi@susmangodfrey.com
            dpeterson@susmangodfrey.com
            jlahad@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email:   pfolse@susmangodfrey.com
            rblack@susmangodfrey.com
            jconnors@susmangodfrey.com

3290041v1/0123258

RESPONSE TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS
INC'S 1ST SET OF REQUEST FOR ADMISSION – C-13-05261 SC
MDL No. 1917

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

3290041v1/0123259

RESPONSE TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS
INC'S 1ST SET OF REQUEST FOR ADMISSION – C-13-05261 SC
MDL No. 1917