# EXHIBIT 9

1  David J. Burman *(pro hac vice)*
   Cori G. Moore *(pro hac vice)*
2  Eric J. Weiss *(pro hac vice)*
   Nicholas H. Hesterberg *(pro hac vice)*
3  Steven D. Merriman *(pro hac vice)*
   PERKINS COIE LLP
4  1201 Third Avenue, Suite 4900
   Seattle, WA  98101-3099
5  Telephone:  206.359.8000
   Facsimile:  206.359.9000
6  Email:    DBurman@perkinscoie.com
             CGMoore@perkinscoie.com
7            EWeiss@perkinscoie.com
             NHesterberg@perkinscoie.com
8            SMerriman@perkinscoie.com

9  Attorneys for Plaintiff
   Costco Wholesale Corporation
10

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                     SAN FRANCISCO DIVISION

14

| 15 | IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File Case No.: 3:07-cv-05944-SC |
|---|---|---|
| 16 | | MDL No.: 1917 |
| 17 | | Individual Case No.: 3:11-cv-06397-SC |
| 18 | | **COSTCO WHOLESALE CORPORATION'S OBJECTIONS AND RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| 19 | | |
| 20 | | |
| 21 | This Document Relates To: | The Honorable Samuel Conti |
| 22 | *Costco Wholesale Corporation v. Thomson SA and Thomson Consumer Electronics, Inc.* | |
| 23 | | |

24

25

26

27

28

COSTCO WHOLESALE CORPORATION'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION -
29040-0318/LEGAL123059390.1

-1-

Case No. 3:07-cv-05944-SC
Individual Case No. 3:11-cv-06397-SC

| | | |
|---|---|---|
| PROPOUNDING PARTY: | | Defendant Thomson SA (n/k/a Technicolor SA) and Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) |
| RESPONDING PARTY: | | Costco Wholesale Corporation |
| SET NO.: | | One |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Rule 36.1 and 36.2 of the Local Civil Rules of the Northern District of California, Plaintiff Costco Wholesale Corporation ("Costco" or "Plaintiff") hereby responds to Thomson SA (n/k/a Technicolor SA) and Thomson Consumer Electronics, Inc.'s (n/k/a Technicolor USA, Inc.) ("Thomson") First Set of Requests for Admission to Plaintiff dated August 1, 2014 (collectively, the "Requests for Admission") including the "Instructions" and "Definitions" contained therein, as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Costco's responses ("Responses") to each and every request for admission contained in the Requests for Admission. No Response to any request for admission shall be deemed a waiver of Costco's General Objections.

1. Costco objects to the Requests for Admission to the extent that they seek to impose obligations on Costco beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2. Costco objects to the Requests for Admission to the extent that they call for information that is already in the possession, custody, or control of Defendants.

3. Costco objects to the Requests for Admission to the extent that they seek information that can equally or more readily be obtained by Defendants from public sources.

4. Costco objects to the Requests for Admission to the extent that they call for information that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

COSTCO WHOLESALE CORPORATION'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION -
29040-0318/LEGAL123059390.1

-2-

Case No. 3:07-cv-05944-SC
Individual Case No. 3:11-cv-06397-SC

5. Costco objects to the Requests for Admission to the extent that they call for information not in Costco's possession, custody, or control.

6. Costco objects to the Requests for Admission to the extent that they call for a Response protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege, protection, or immunity applicable under the governing law. Any information disclosed pursuant to the Requests for Admission will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

7. Costco objects to the Requests for Admission to the extent that they are vague, ambiguous, overly broad, unduly burdensome, and oppressive.

8. Costco objects to the Requests for Admission to the extent they are cumulative and duplicative of other discovery propounded in this case, and therefore in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

9. Costco objects to the Requests for Admission to the extent that they seek information that is not relevant, material or necessary to this action and, thus, are not reasonably calculated to lead to the discovery of admissible evidence.

10. Costco objects to the Requests for Admission, including the instructions and definitions, on the grounds that Costco will incur substantial expense complying with them.

11. Costco objects to the Requests for Admission to the extent they seek, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226

U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*

12. Costco objects to the Requests for Admission to the extent that they contain any incidental or implied admission of fact or law. Costco's responses to all or any part of any Request should not be taken as an incidental or implied admission, agreement, or concurrence that: (i) Costco accepts or admits any express or implied assumption of fact set forth in or assumed by the Request; (ii) Costco accepts or admits any express or implied assumption of law set forth in or assumed by the Request; (iii) Costco has in its possession, custody or control documents or information responsive to that Request; or (iv) documents or information responsive to that Request exist.

13. Costco objects to the Requests for Admission to the extent that they call for speculation or call for a conclusion on an issue of law. *See Gem Acquisitionco, LLC v. Sorenson Group Holdings, LLC*, No. C 09-01484 SI, 2010 WL 1340562, at *3 (N.D. Cal. Apr. 5, 2010) (Illston, J.) ("[L]egal conclusions are not a proper subject of a request for admission . . . ."); *Jones v. McGuire*, No. CIV S-0802607 MCE CKD P, 2012 WL 439429, at *6 (E.D. Cal. Feb. 9, 2012) ("[R]equests for admissions should not be used . . . to demand that the other party admit the truth of a legal conclusion, even if the conclusion is attached to operative facts, or to ask the party to admit facts of which he or she has no special knowledge." (internal quotation marks omitted)); *Tracchia v. Tilton*, No. CIV S-06-2916 GEB KJM P, 2008 WL 5382253, at *2 (E.D. Cal. Dec. 22, 2008) ("A request calls for a legal conclusion when it asks a party to admit what is required or permitted by particular [laws or] regulations.").

14. Costco objects to, and expressly disclaims, any need or intent to prove any fact listed herein as a prerequisite to proving its claims at trial.

15. Costco reserves its right to try its case as it determines is best at trial. This includes by not using facts or information stated herein or by using facts or information in addition to those stated herein.

16. Costco reserves the right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Requests and all answers Costco provides in response to these Requests.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that You have no Evidence that Thomson SA manufactured or sold CDTs during the Relevant Period.

**Response to Request No. 1:**

Costco refers to and incorporates its General Objections as if set forth fully herein. Costco also objects to this Request to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Costco objects to the Requests for Admission to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Costco admits this Request. Costco reserves the right to supplement its response to this Request for Admission based on further discovery, investigation, expert work, or other developments in this case.

**REQUEST FOR ADMISSION NO. 2:**

Admit that You have no Evidence that Thomson SA manufactured or sold CDT Products during the Relevant Period.

**Response to Request No. 2:**

Costco refers to and incorporates its General Objections as if set forth fully herein. Costco also objects to this Request to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Costco objects to

the Requests for Admission to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Costco admits this Request. Costco reserves the right to supplement its response to this Request for Admission based on further discovery, investigation, expert work, or other developments in this case.

**REQUEST FOR ADMISSION NO. 3:**

Admit that You have no Evidence that Thomson Consumer manufactured or sold CDTs during the Relevant Period.

**Response to Request No. 3:**

Costco refers to and incorporates its General Objections as if set forth fully herein. Costco also objects to this Request to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Costco objects to the Requests for Admission to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Costco admits this Request. Costco reserves the right to supplement its response to this Request for Admission based on further discovery, investigation, expert work, or other developments in this case.

**REQUEST FOR ADMISSION NO. 4:**

Admit that You have no Evidence that Thomson Consumer manufactured or sold CDT Products during the Relevant Period.

**Response to Request No. 4:**

Costco refers to and incorporates its General Objections as if set forth fully herein. Costco also objects to this Request to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Costco objects to

COSTCO WHOLESALE CORPORATION'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION -
29040-0318/LEGAL123059390.1
-6-
Case No. 3:07-cv-05944-SC
Individual Case No. 3:11-cv-06397-SC

the Requests for Admission to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Costco admits this Request. Costco reserves the right to supplement its response to this Request for Admission based on further discovery, investigation, expert work, or other developments in this case.

DATED: September 5, 2014

PERKINS COIE LLP

By: */s/ David J. Burman*
    David J. Burman *(pro hac vice)*
    Cori G. Moore *(pro hac vice)*
    Eric J. Weiss *(pro hac vice)*
    Nicholas H. Hesterberg *(pro hac vice)*
    Steven D. Merriman *(pro hac vice)*
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    Telephone: 206.359.8000
    Facsimile: 206.359.9000
    Email: DBurman@perkinscoie.com
           CGMoore@perkinscoie.com
           EWeiss@perkinscoie.com
           NHesterberg@perkinscoie.com
           SMerriman@perkinscoie.com

*Attorneys for Plaintiff*
*Costco Wholesale Corporation*

COSTCO WHOLESALE CORPORATION'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION -
29040-0318/LEGAL123059390.1

-7-

Case No. 3:07-cv-05944-SC
Individual Case No. 3:11-cv-06397-SC