# EXHIBIT 10

1
William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
2
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
3
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
4
Email:  wisaacson@bsfllp.com

5
Philip J. Iovieno
Anne M. Nardacci
6
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
7
Albany, NY  12207
Telephone:  (518) 434-0600
8
Facsimile:  (518) 434-0665
Email:  piovieno@bsfllp.com
9
         anardacci@bsfllp.com

10
*Counsel for Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.*

11
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
12
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| 13  In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:13-cv-05724-SC |
| 14 | Master File No. 3:07-cv-05944-SC (N.D. Cal.) |
| 15  This Document Relates To Individual Case No. 3:13-cv-05724-SC (N.D. Cal.) | MDL No. 1917 |
| 16  ELECTROGRAPH SYSTEMS, INC. AND ELECTROGRAPH TECHNOLOGIES CORP., | **ELECTROGRAPH PLAINTIFFS' OBJECTIONS AND RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| 17 | |
| 18       Plaintiffs, | |
| 19  v. | |
| 20 | |
| 21  TECHNICOLOR SA, *et al.*, | |
| 22       Defendants. | |

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTIES:** | Thomson SA (n/k/a Technicolor SA) and Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) |
| 2 | | |
| 3 | **RESPONDING PARTIES:** | Electrograph Systems, Inc. and Electrograph Technologies Corp. |
| 4 | | |
| | **SET:** | One |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Rule 36.1 and

3    36.2 of the Local Civil Rules of the Northern District of California, Plaintiffs Electrograph

4    Systems, Inc. and Electrograph Technologies Corp. ("Plaintiffs") hereby provide their responses

5    to Thomson SA and Thomson Consumer Electronics, Inc.'s ("Defendants") First Set of Requests

6    for Admission to Plaintiffs dated August 1, 2014, (collectively, the "Requests for Admission")

7    including the "Instructions" and "Definitions" contained therein, as follows:

8                                         **GENERAL OBJECTIONS**

9            The following general objections ("General Objections") are incorporated in Plaintiffs'

10   Responses ("Responses") to each and every request for admission contained in the Requests for

11   Admission.  No Response to any request for admission shall be deemed a waiver of Plaintiffs'

12   General Objections.

13   1.      Plaintiffs object to the Requests for Admission to the extent that they seek to impose

14   obligations on Plaintiffs beyond those imposed by the Federal Rules of Civil Procedure, the

15   Local Civil Rules of the Northern District of California, or any applicable order of this Court.

16   2.      Plaintiffs object to the Requests for Admission to the extent that they call for information

17   that is already in the possession, custody, or control of Defendants.

18   3.      Plaintiffs object to the Requests for Admission to the extent they seek information that

19   can equally or more readily be obtained by Defendants from public sources.

20   4.      Plaintiffs object to the Requests for Admission to the extent that they call for information

21   that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendants

22   from others.

23   5.      Plaintiffs object to the Requests for Admission to the extent that they call for information

24   not in Plaintiffs' possession, custody, or control.

25   6.      Plaintiffs object to the Requests for Admission to the extent that they prematurely call for

26   expert testimony and state that Plaintiffs will provide expert disclosures as provided by the

27   Federal Rules of Civil Procedure.

28

ELECTROGRAPH PLAINTIFFS' OBJECTIONS
AND RESPONSES TO DEFENDANTS' FIRST                    - 2 -                    Case No. 3:13-cv-05724-SC
SET OF REQUESTS FOR ADMISSION                                                 Master File No. 3:07-cv-05944-SC

7. Plaintiffs object to the Requests for Admission to the extent that they call for a Response protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law.  Any information disclosed pursuant to the Requests for Admission will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

8. Plaintiffs object to the Requests for Admission to the extent that they are vague, ambiguous, overly broad, unduly burdensome, and oppressive.

9. Plaintiffs reserve the right to make use of or introduce at any hearing or trial information responsive to Defendants' Requests for Admission but discovered after the date of this response.

10. Plaintiffs object to the Requests for Admission to the extent they are cumulative and duplicative of other discovery propounded in this case, and therefore in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

11. Plaintiffs object to the Requests for Admission to the extent that they seek information that is not relevant, material or necessary to this action and, thus, are not reasonably calculated to lead to the discovery of admissible evidence.

12. Plaintiffs object to the Requests for Admission to the extent that they seek, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). And improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation,* Master Docket No. M:07-1827-SI, Order Denying Defendants' Motions for Partial Summary Judgment Regarding Production

1    and Capacity, Docket No. 4097, at 1-2.  All conspirators are jointly liable for the acts of their co-

2    conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law,

3    the action of all.  *Id.*

4    13.    Plaintiffs object to the Requests for Admission to the extent that they contain any

5    incidental or implied admission of fact or law.  Plaintiffs' response to all or any part of any

6    Request should not be taken as an incidental or implied admission, agreement, or concurrence

7    that: (i) Plaintiffs accept or admit any express or implied assumption of fact set forth in or

8    assumed by the Request; (ii) Plaintiffs accept or admit any express or implied assumption of law

9    set forth in or assumed by the Request; (iii) Plaintiffs have in their possession, custody or control

10   documents or information responsive to that Request; or (iv) documents or information

11   responsive to that Request exist.

12   14.    Plaintiffs object to the Requests for Admission to the extent that they call for speculation

13   or call for a conclusion on an issue of law.  *See Gem Acquisitionco, LLC v. Sorenson Group*

14   *Holdings, LLC*, No. C 09-01484 SI, 2010 WL 1340562, at *3 (N.D. Cal. Apr. 5, 2010) (Illston,

15   J.) ("[L]egal conclusions are not a proper subject of a request for admission ....."); *Jones v.*

16   *McGuire*, No. CIV S-0802607 MCE CKD P, 2012 WL 439429, at *6 (E.D. Cal. Feb. 9, 2012)

17   ("[R]equests for Admission should not be used . . . to demand that the other party admit the truth

18   of a legal conclusion, even if the conclusion is attached to operative facts, or to ask the party to

19   admit facts of which he or she has no special knowledge." (internal quotation marks omitted));

20   *Tracchia v. Tilton*, No. CIV S-06-2916 GEB KJM P, 2008 WL 5382253, at *2 (E.D. Cal. Dec.

21   22, 2008) ("A request calls for a legal conclusion when it asks a party to admit what is required

22   or permitted by particular [laws or] regulations.").

23   15.    Plaintiffs object to, and expressly disclaim, any need or intent to prove any fact listed

24   herein as a prerequisite to proving their claims at trial.

25   16.    Plaintiffs reserve their right to try their case as they determine is best at trial. This

26   includes by not using facts or information stated herein or using facts or information in addition

27   to those stated herein.

28

1    17.     Plaintiffs object to the definition of CRT Products. "CRTs" as used herein refers to CPTs

2    and CDTs, as defined in Paragraph 2 of the Complaint.

3    18.     Plaintiffs reserve their right to object to and/or challenge any evidence on grounds of

4    competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or

5    proceeding with respect to any Admission sought by the Requests and all answers Plaintiffs

6    provide in Response to these Requests.

7                    **OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

8    **REQUEST FOR ADMISSION NO. 1:**

9            Admit that You have no Evidence that Thomson SA manufactured or sold CDTs during

10   the Relevant Period.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

12           Plaintiffs refer to and incorporate their General Objections as though set forth fully

13   herein.  Plaintiffs further object to this Request to the extent that it calls for information that is

14   already in the possession, custody, or control of Defendants, or that can equally or more readily,

15   conveniently, and in a less burdensome fashion be obtained by Defendants.  Plaintiffs further

16   object to this Request on the grounds that it is overly broad, unduly burdensome, oppressive, and

17   seeks documents and information that are neither relevant to any claims or defenses in this

18   litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

19   further object to this Request on the ground that it seeks, in contravention to well-established

20   legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of

21   looking at it as a whole, see Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S.

22   690, 699 (1962); Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc., 620 F.2d 1360, 1366-67

23   (9th Cir. 1980) (citing United States v. Patten, 226 U.S. 525, 544 (1913)); In re Cathode Ray

24   Tube (CRT) Antitrust Litigation, Master Docket No. 3:07-cv-5944, Order Adopting Report and

25   Recommendations on LG Defendants Motion to Compel Responses to Interrogatories by Direct

26   Action Plaintiffs, Docket No. 2747 ("If 'compartmentalizing' an alleged conspiracy at trial or on

27   summary judgment motion is not appropriate, still less is it appropriate in discovery."), and

28   improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies."  In re

1 TFT-LCD (Flat Panel) Antitrust Litigation, Master Docket No. M:07-1827-SI, Order Denying

2 Defendants' Motions for Partial Summary Judgment Regarding Production and Capacity, Docket

3 No. 4097, at 1-2. All conspirators are jointly liable for the acts of their co-conspirators and the

4 action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. Id.

5 Plaintiffs further object to this Request to the extent that it duplicates other requests for

6 admission, in whole or in part, made by other Defendants in this matter, in violation of the

7 integration order included in section XV, subsections D and E of the Court's "Order Re

8 Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re

9 Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case

10 No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128. Plaintiffs

11 further object to this Request on the grounds that it is premature as it requires Plaintiffs to review

12 and analyze all information obtained in discovery thus far and state their entire case on an

13 incomplete record. Plaintiffs further object to this Request to the extent that it seeks information

14 that is the subject of expert opinions, reports and/or testimony. Plaintiffs further object to this

15 Request on the ground that it calls for legal argument or legal conclusions. Plaintiffs further

16 object to this Request on the grounds that it is improperly being used as a discovery device and

17 violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).

18 Plaintiffs further object to this request as mischaracterizing their Complaint. Plaintiffs further

19 state that they have not completed their discovery and preparation in this matter and that their

20 investigation of these cases is ongoing, and Plaintiffs reserve their right to supplement or amend

21 their response to this Request consistent with Federal Rule of Civil Procedure 26(e).

22        Subject to and notwithstanding the foregoing objections, Plaintiffs admit this Request.

23 **REQUEST FOR ADMISSION NO. 2:**

24        Admit that You have no Evidence that Thomson SA manufactured or sold CDT Products

25 during the Relevant Period.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

27        Plaintiffs refer to and incorporate their response to Request for Admission No. 1,

28 including their general and specific objections, as though set forth fully herein.

1  **REQUEST FOR ADMISSION NO. 3:**

2      Admit that You have no Evidence that Thomson Consumer manufactured or sold CDTs

3  during the Relevant Period.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

5      Plaintiffs refer to and incorporate their response to Request for Admission No. 1,

6  including their general and specific objections, as though set forth fully herein.

7  **REQUEST FOR ADMISSION NO. 4:**

8      Admit that You have no Evidence that Thomson Consumer manufactured or sold CDT

9  Products during the Relevant Period.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

11     Plaintiffs refer to and incorporate their response to Request for Admission No. 1,

12 including their general and specific objections, as though set forth fully herein.

13

14 DATED:  September 5, 2014           /s/ *Philip J. Iovieno*

15                                     Philip J. Iovieno
                                       Anne M. Nardacci
16                                     BOIES, SCHILLER & FLEXNER LLP
                                       30 South Pearl Street, 11th Floor
17                                     Albany, NY  12207
                                       Telephone:  (518) 434-0600
18                                     Facsimile:  (518) 434-0665
                                       Email:  piovieno@bsfllp.com
19                                             anardacci@bsfllp.com

20                                     William A. Isaacson
                                       BOIES, SCHILLER & FLEXNER LLP
21                                     5301 Wisconsin Ave. NW, Suite 800
                                       Washington, D.C.  20015
22                                     Telephone:  (202) 237-2727
                                       Facsimile:  (202) 237-6131
23                                     Email:  wisaacson@bsfllp.com

24

25                                     *Counsel for Plaintiffs Electrograph Systems, Inc. and*
                                       *Electrograph Technologies Corp.*

26

27

28

ELECTROGRAPH PLAINTIFFS' OBJECTIONS
AND RESPONSES TO DEFENDANTS' FIRST          - 7 -        Case No. 3:13-cv-05724-SC
SET OF REQUESTS FOR ADMISSION                            Master File No. 3:07-cv-05944-SC