# EXHIBIT 12

Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
       anardacci@bsfllp.com

*Counsel for Plaintiff Office Depot, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:13-cv-05726-SC (N.D. Cal.)<br><br>OFFICE DEPOT, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TECHNICOLOR SA, *et al.*,<br><br>Defendants. | Case No. 3:13-cv-05726-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917<br><br>**OFFICE DEPOT, INC.'S OBJECTIONS AND RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | Thomson SA (n/k/a Technicolor SA) and Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) |
| 2 | | |
| 3 | RESPONDING PARTY: | Office Depot, Inc. |
| 4 | SET: | One |

OFFICE DEPOT'S OBJECTIONS AND
RESPONSES TO DEFENDANTS' FIRST
SET OF REQUESTS FOR ADMISSION

- 1 -

Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Rule 36.1 and 36.2 of the Local Civil Rules of the Northern District of California, Plaintiff Office Depot, Inc. ("Plaintiff") hereby provides its responses to Thomson SA and Thomson Consumer Electronics, Inc.'s ("Defendants") First Set of Requests for Admission to Plaintiff dated August 1, 2014, (collectively, the "Requests for Admission") including the "Instructions" and "Definitions" contained therein, as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Plaintiff's responses ("Responses") to each and every request for admission contained in the Requests for Admission. No Response to any request for admission shall be deemed a waiver of Plaintiff's General Objections.

1. Plaintiff objects to the Requests for Admission to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2. Plaintiff objects to the Requests for Admission to the extent that they call for information that is already in the possession, custody, or control of Defendants.

3. Plaintiff objects to the Requests for Admission to the extent they seek information that can equally or more readily be obtained by Defendants from public sources.

4. Plaintiff objects to the Requests for Admission to the extent that they call for information that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

5. Plaintiff objects to the Requests for Admission to the extent that they call for information not in Plaintiff's possession, custody, or control.

6. Plaintiff objects to the Requests for Admission to the extent that they prematurely call for expert testimony and states that Plaintiff will provide expert disclosures as provided by the Federal Rules of Civil Procedure.

7. Plaintiff objects to the Requests for Admission to the extent that they call for a Response protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law. Any information disclosed pursuant to the Requests for Admission will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

8. Plaintiff objects to the Requests for Admission to the extent that they are vague, ambiguous, overly broad, unduly burdensome, and oppressive.

9. Plaintiff reserves the right to make use of or introduce at any hearing or trial information responsive to Defendant's Requests for Admission but discovered after the date of this response.

10. Plaintiff objects to the Requests for Admission to the extent that they are cumulative and duplicative of other discovery propounded in this case, and therefore in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

11. Plaintiff objects to the Requests for Admission to the extent that they seek information that is not relevant, material or necessary to this action and, thus, are not reasonably calculated to lead to the discovery of admissible evidence.

12. Plaintiff objects to the Requests for Admission to the extent that they seek, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)), and improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation,* Master Docket No. M:07-1827-SI, Order Denying Defendants' Motions for Partial Summary Judgment Regarding Production

OFFICE DEPOT'S OBJECTIONS AND
RESPONSES TO DEFENDANTS' FIRST
SET OF REQUESTS FOR ADMISSION
- 3 -
Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

and Capacity, Docket No. 4097, at 1-2. All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*

13. Plaintiff objects to the Requests for Admission to the extent that they contain any incidental or implied admission of fact or law. Plaintiff's responses to all or any part of any Request should not be taken as an incidental or implied admission, agreement, or concurrence that: (i) Plaintiff accepts or admits any express or implied assumption of fact set forth in or assumed by the Request; (ii) Plaintiff accepts or admits any express or implied assumption of law set forth in or assumed by the Request; (iii) Plaintiff has in its possession, custody or control documents or information responsive to that Request; or (iv) documents or information responsive to that Request exist.

14. Plaintiff objects to the Requests for Admission to the extent that they call for speculation or call for a conclusion on an issue of law. *See Gem Acquisitionco, LLC v. Sorenson Group Holdings, LLC*, No. C 09-01484 SI, 2010 WL 1340562, at *3 (N.D. Cal. Apr. 5, 2010) (Illston, J.) ("[L]egal conclusions are not a proper subject of a request for admission ....."); *Jones v. McGuire*, No. CIV S-0802607 MCE CKD P, 2012 WL 439429, at *6 (E.D. Cal. Feb. 9, 2012) ("[R]equests for Admission should not be used ... to demand that the other party admit the truth of a legal conclusion, even if the conclusion is attached to operative facts, or to ask the party to admit facts of which he or she has no special knowledge." (internal quotation marks omitted)); *Tracchia v. Tilton*, No. CIV S-06-2916 GEB KJM P, 2008 WL 5382253, at *2 (E.D. Cal. Dec. 22, 2008) ("A request calls for a legal conclusion when it asks a party to admit what is required or permitted by particular [laws or] regulations.").

15. Plaintiff objects to, and expressly disclaims, any need or intent to prove any fact listed herein as a prerequisite to proving its claims at trial.

16. Plaintiff reserves its right to try its case as it determines is best at trial. This includes by not using facts or information stated herein or using facts or information in addition to those stated herein.

17.     Plaintiff objects to the definition of CRT Products. "CRTs" as used herein refers to CPTs and CDTs, as defined in Paragraph 2 of the Complaint.

18.     Plaintiff reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any Admission sought by the Requests and all answers Plaintiff provides in response to these Requests.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that You have no Evidence that Thomson SA manufactured or sold CDTs during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Request to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole, *see Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)); *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Master Docket No. 3:07-cv-5944, Order Adopting Report and Recommendations on LG Defendants Motion to Compel Responses to Interrogatories by Direct Action Plaintiffs, Docket No. 2747 ("If 'compartmentalizing' an alleged conspiracy at trial or on summary judgment motion is not appropriate, still less is it appropriate in discovery."), and improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies." *In re*

1  *TFT-LCD (Flat Panel) Antitrust Litigation*, Master Docket No. M:07-1827-SI, Order Denying
2  Defendants' Motions for Partial Summary Judgment Regarding Production and Capacity, Docket
3  No. 4097, at 1-2. All conspirators are jointly liable for the acts of their co-conspirators and the
4  action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*
5  Plaintiff further objects to this Request to the extent that it duplicates other requests for
6  admission, in whole or in part, made by other Defendants in this matter, in violation of the
7  integration order included in section XV, subsections D and E of the Court's "Order Re
8  Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re
9  Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case
10 No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128. Plaintiff
11 further objects to this Request on the grounds that it is premature as it requires Plaintiff to review
12 and analyze all information obtained in discovery thus far and state its entire case on an
13 incomplete record. Plaintiff further objects to this Request to the extent that it seeks information
14 that is the subject of expert opinions, reports and/or testimony. Plaintiff further objects to this
15 Request on the ground that it calls for legal argument or legal conclusions. Plaintiff further
16 objects to this Request on the grounds that it is improperly being used as a discovery device and
17 violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).
18 Plaintiff further objects to this request as mischaracterizing its Complaint. Plaintiff further states
19 that it has not completed its discovery and preparation in this matter and that its investigation of
20 these cases is ongoing, and Plaintiff reserves its right to supplement or amend its response to this
21 Request consistent with Federal Rule of Civil Procedure 26(e).
22      Subject to and notwithstanding the foregoing objections, Plaintiff admits this Request.
23 **REQUEST FOR ADMISSION NO. 2:**
24      Admit that You have no Evidence that Thomson SA manufactured or sold CDT Products
25 during the Relevant Period.
26 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**
27      Plaintiff refers to and incorporates its response to Request for Admission No. 1, including
28 its general and specific objections, as though set forth fully herein.

1  **REQUEST FOR ADMISSION NO. 3:**

2  Admit that You have no Evidence that Thomson Consumer manufactured or sold CDTs
3  during the Relevant Period.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

5  Plaintiff refers to and incorporates its response to Request for Admission No. 1, including
6  its general and specific objections, as though set forth fully herein.

7  **REQUEST FOR ADMISSION NO. 4:**

8  Admit that You have no Evidence that Thomson Consumer manufactured or sold CDT
9  Products during the Relevant Period.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

11 Plaintiff refers to and incorporates its response to Request for Admission No. 1, including
12 its general and specific objections, as though set forth fully herein.

13
14 DATED: September 5, 2014   /s/ *Philip J. Iovieno*

15 Philip J. Iovieno
Anne M. Nardacci
16 BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
17 Albany, NY 12207
Telephone: (518) 434-0600
18 Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
19 anardacci@bsfllp.com

20 Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
21 401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
22 Telephone: (954) 356-0011
Facsimile: (954) 356-0022
23 Email: ssinger@bsfllp.com

24 William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
25 5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
26 Telephone: (202) 237-2727
Facsimile: (202) 237-6131
27 Email: wisaacson@bsfllp.com
*Counsel for Plaintiff Office Depot, Inc.*
28