# EXHIBIT 13

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
         anardacci@bsfllp.com

*Counsel for Plaintiff s P.C. Richard & Son Long Island Corporation; MARTA Cooperative of America, Inc.; and ABC Appliance, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:13-cv-05725-SC (N.D. Cal.)<br><br><br>P.C. RICHARD & SON LONG ISLAND CORPORATION; MARTA COOPERATIVE OF AMERICA, INC.; AND ABC APPLIANCE, INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>TECHNICOLOR SA, *et al.*,<br><br>        Defendants. | Case No. 3:13-cv-05725-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917<br><br>**P.C. RICHARDS & SON LONG ISLAND CORPORATION; MARTA COOPERATIVE OF AMERICA, INC.; AND ABC APPLIANCE INC.'S OBJECTIONS AND RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |

**PROPOUNDING PARTIES:**    Thomson SA (n/k/a Technicolor SA) and Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.)

**RESPONDING PARTY:**    P.C. Richard & Son Long Island Corporation; MARTA Cooperative of America, Inc.; and ABC Appliance, Inc.

**SET:**    One

1           Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Rule 36.1 and

2   36.2 of the Local Civil Rules of the Northern District of California, P.C. Richard & Son Long

3   Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc..

4   ("Plaintiffs") hereby provides its responses to Thomson SA and Thomson Consumer Electronics,

5   Inc.'s ("Defendants") First Set of Requests for Admission to Plaintiff dated August 1, 2014,

6   (collectively, the "Requests for Admission") including the "Instructions" and "Definitions"

7   contained therein, as follows:

8   **GENERAL OBJECTIONS**

9           The following general objections ("General Objections") are incorporated in Plaintiffs'

10  Responses ("Responses") to each and every request for admission contained in the Requests for

11  Admission.  No Response to any request for admission shall be deemed a waiver of Plaintiffs'

12  General Objections.

13  1.     Plaintiffs object to the Requests for Admission to the extent that they seek to impose

14  obligations on Plaintiffs beyond those imposed by the Federal Rules of Civil Procedure, the

15  Local Civil Rules of the Northern District of California, or any applicable order of this Court.

16  2.     Plaintiffs object to the Requests for Admission to the extent that they call for information

17  that is already in the possession, custody, or control of Defendants.

18  3.     Plaintiffs object to the Requests for Admission to the extent they seek information that

19  can equally or more readily be obtained by Defendants from public sources.

20  4.     Plaintiffs object to the Requests for Admission to the extent that they call for information

21  that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendants

22  from others.

23  5.     Plaintiffs object to the Requests for Admission to the extent that they call for information

24  not in Plaintiffs' possession, custody, or control.

25  6.     Plaintiffs object to the Requests for Admission to the extent that they prematurely call for

26  expert testimony and state that Plaintiffs will provide expert disclosures as provided by the

27  Federal Rules of Civil Procedure.

28

7.     Plaintiffs object to the Requests for Admission to the extent that they call for a Response protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law.    Any information disclosed pursuant to the Requests for Admission will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

8.     Plaintiffs object to the Requests for Admission to the extent that they are vague, ambiguous, overly broad, unduly burdensome, and oppressive.

9.     Plaintiffs reserve the right to make use of or introduce at any hearing or trial information responsive to Defendants' Requests for Admission but discovered after the date of this response.

10.    Plaintiffs object to the Requests for Admission to the extent they are cumulative and duplicative of other discovery propounded in this case, and therefore in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

11.    Plaintiffs object to the Requests for Admission to the extent that they seek information that is not relevant, material or necessary to this action and, thus, are not reasonably calculated to lead to the discovery of admissible evidence.

12.    Plaintiffs object to the Requests for Admission to the extent that they seek, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). And improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation,* Master Docket No. M:07-1827-SI, Order Denying Defendants' Motions for Partial Summary Judgment Regarding Production

1    and Capacity, Docket No. 4097, at 1-2. All conspirators are jointly liable for the acts of their co-

2    conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law,

3    the action of all. *Id.*

4    13.     Plaintiffs object to the Requests for Admission to the extent that they contain any

5    incidental or implied admission of fact or law. Plaintiffs' response to all or any part of any

6    Request should not be taken as an incidental or implied admission, agreement, or concurrence

7    that: (i) Plaintiffs accept or admit any express or implied assumption of fact set forth in or

8    assumed by the Request; (ii) Plaintiffs accept or admit any express or implied assumption of law

9    set forth in or assumed by the Request; (iii) Plaintiffs have in their possession, custody or control

10    documents or information responsive to that Request; or (iv) documents or information

11    responsive to that Request exist.

12    14.     Plaintiffs object to the Requests for Admission to the extent that they call for speculation

13    or call for a conclusion on an issue of law. *See Gem Acquisitionco, LLC v. Sorenson Group*

14    *Holdings, LLC*, No. C 09-01484 SI, 2010 WL 1340562, at *3 (N.D. Cal. Apr. 5, 2010) (Illston,

15    J.) ("[L]egal conclusions are not a proper subject of a request for admission ....."); *Jones v.*

16    *McGuire*, No. CIV S-0802607 MCE CKD P, 2012 WL 439429, at *6 (E.D. Cal. Feb. 9, 2012)

17    ("[R]equests for Admission should not be used . . . to demand that the other party admit the truth

18    of a legal conclusion, even if the conclusion is attached to operative facts, or to ask the party to

19    admit facts of which he or she has no special knowledge." (internal quotation marks omitted));

20    *Tracchia v. Tilton*, No. CIV S-06-2916 GEB KJM P, 2008 WL 5382253, at *2 (E.D. Cal. Dec.

21    22, 2008) ("A request calls for a legal conclusion when it asks a party to admit what is required

22    or permitted by particular [laws or] regulations.").

23    15.     Plaintiffs object to, and expressly disclaim, any need or intent to prove any fact listed

24    herein as a prerequisite to proving their claims at trial.

25    16.     Plaintiffs reserve their right to try their case as they determine is best at trial. This

26    includes by not using facts or information stated herein or using facts or information in addition

27    to those stated herein.

28

17.     Plaintiffs object to the definition of CRT Products.  "CRTs" as used herein refers to CPTs and CDTs, as defined in Paragraph 2 of the Complaint.

18.     Plaintiffs reserve their right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any Admission sought by the Requests and all answers Plaintiffs provide in Response to these Requests.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that You have no Evidence that Thomson SA manufactured or sold CDTs during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiffs refer to and incorporate their General Objections as though set forth fully herein.  Plaintiffs further object to this Request to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Plaintiffs further object to this Request on the grounds that it is overly broad, unduly burdensome, oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Request on the ground that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole, see Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 699 (1962); Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc., 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing United States v. Patten, 226 U.S. 525, 544 (1913)); In re Cathode Ray Tube (CRT) Antitrust Litigation, Master Docket No. 3:07-cv-5944, Order Adopting Report and Recommendations on LG Defendants Motion to Compel Responses to Interrogatories by Direct Action Plaintiffs, Docket No. 2747 ("If 'compartmentalizing' an alleged conspiracy at trial or on summary judgment motion is not appropriate, still less is it appropriate in discovery."), and improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies."  In re

1  TFT-LCD (Flat Panel) Antitrust Litigation, Master Docket No. M:07-1827-SI, Order Denying

2  Defendants' Motions for Partial Summary Judgment Regarding Production and Capacity, Docket

3  No. 4097, at 1-2.  All conspirators are jointly liable for the acts of their co-conspirators and the

4  action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  Id.

5  Plaintiffs further object to this Request to the extent that it duplicates other requests for

6  admission, in whole or in part, made by other Defendants in this matter, in violation of the

7  integration order included in section XV, subsections D and E of the Court's "Order Re

8  Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re

9  Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case

10  No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiffs

11  further object to this Request on the grounds that it is premature as it requires Plaintiffs to review

12  and analyze all information obtained in discovery thus far and state their entire case on an

13  incomplete record.  Plaintiffs further object to this Request to the extent that it seeks information

14  that is the subject of expert opinions, reports and/or testimony.  Plaintiffs further object to this

15  Request on the ground that it calls for legal argument or legal conclusions.  Plaintiffs further

16  object to this Request on the grounds that it is improperly being used as a discovery device and

17  violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).

18  Plaintiffs further object to this request as mischaracterizing their Complaint.  Plaintiffs further

19  state that they have not completed their discovery and preparation in this matter and that their

20  investigation of these cases is ongoing, and Plaintiffs reserve their right to supplement or amend

21  their response to this Request consistent with Federal Rule of Civil Procedure 26(e).

22       Subject to and notwithstanding the foregoing objections, Plaintiffs admit this Request.

23  **REQUEST FOR ADMISSION NO. 2:**

24       Admit that You have no Evidence that Thomson SA manufactured or sold CDT Products

25  during the Relevant Period.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

27       Plaintiffs refer to and incorporate their response to Request for Admission No. 1,

28  including their general and specific objections, as though set forth fully herein.

**REQUEST FOR ADMISSION NO. 3:**

Admit that You have no Evidence that Thomson Consumer manufactured or sold CDTs during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiffs refer to and incorporate their response to Request for Admission No. 1, including their general and specific objections, as though set forth fully herein.

**REQUEST FOR ADMISSION NO. 4:**

Admit that You have no Evidence that Thomson Consumer manufactured or sold CDT Products during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiffs refer to and incorporate their response to Request for Admission No. 1, including their general and specific objections, as though set forth fully herein.

DATED: September 5, 2014          */s/ Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:  piovieno@bsfllp.com
         anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
Email:  wisaacson@bsfllp.com

*Counsel for Plaintiffs P.C. Richard & Son Long Island Corporation; MARTA Cooperative of America, Inc.; and ABC Appliance, Inc.*