# EXHIBIT 14

Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard, Suite 1100
Miami, Florida 33131
Tel:    (305) 373-1000
Fax:    (305) 372-1861
E-mail:  rarnold@knpa.com
         wblechman@knpa.com
         kmurray@knpa.com
         srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to: Individual Case No. & 11-cv-05514-SC<br><br>SEARS, ROEBUCK AND CO. & KMART CORP.<br><br>v.<br><br>CHUNGHWA PICTURE TUBES, LTD., *et al.*,<br><br>    Defendants. | **Master Case No. 3:07-cv-05944-SC**<br>Individual Case No. 3:11-cv-05514-SC<br><br>MDL No. 1917<br><br>**PLAINTIFFS SEARS, ROEBUCK AND CO. & KMART CORP.'S OBJECTIONS AND RESPONSES TO DEFENDANTS THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |

**RESPONDING PARTIES:** Plaintiffs Sears, Roebuck and Co. and Kmart Corp.

**PROPOUNDING PARTIES:** Defendants Thomson SA and Thomson Consumer Electronics, Inc.

**SET NO.:** ONE

---

1

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, and Rule 36.1 of the Local Rules of the Northern District of California, Plaintiffs Sears, Roebuck and Co. and Kmart Corp. (individually and collectively "Plaintiffs") respond to Defendant Thomson SA and Thomson Consumer Electronics, Inc.'s (collectively "Thomson") First Set of Requests for Admission served July 18, 2014 ("Requests for Admission"), as follows:

## I. GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Plaintiffs' responses ("Responses") to each and every request for admission contained in the Requests for Admissions. No Response to any request for admission shall be deemed a waiver of Plaintiffs' General Objections.

1. Plaintiffs reserve all evidentiary objections and rights under the Federal Rules of Evidence.

2. Plaintiffs reserve the right to make use of or introduce at any hearing or trial information responsive to Thomson's Requests for Admission but discovered after the date of this response.

5. Plaintiffs object to the Requests for Admission to the extent that they seek any information that is protected from discovery based on the attorney-client privilege, the work product doctrine, or any other privilege or immunity (collectively "Privilege"). Plaintiffs do not intend by their answers to the Requests for Admission to waive any Privilege.

6. Plaintiffs object to the Requests for Admission to the extent they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

7. Plaintiffs object to the Requests for Admission to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive or in any way broader in scope than any limitations Defendants asserted in responding to the multiple discovery requests already propounded in the consolidated *Cathode Ray Tube (CRT) Antitrust Litigation* ("MDL No. 1917").

8. Plaintiffs object to the Requests for Admission to the extent that they prematurely call for expert work, expert opinions, expert reports, or expert testimony. Plaintiffs will provide expert disclosures as provided by the Federal Rule of Civil Procedure.

9. Plaintiffs object to the Requests for Admission to the extent that they call for speculation or call for a conclusion on an issue of law.

10. Plaintiffs object to, and expressly disclaims, any need or intent to prove any fact listed here as a prerequisite to proving its claims at trial.

11. Plaintiffs reserve their right to try their case as they determine is best at trial. This includes by not using facts or information stated in this Response or using facts or information in addition to those stated in this Response.

12. Plaintiffs object to these Requests for Admission to the extent that they demand actions beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, the Order re Discovery and Case Management Protocol entered on April 3, 2012 in MDL No. 1917 (the "Discovery and Case Management Protocol"), or any applicable order of this Court.

13. Plaintiffs reserve the right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or

proceeding with respect to any admissions sought by these Requests for Admission and all responses to these Requests for Admissions.

14.     Plaintiffs' Responses to these Requests for Admission are subject to the provisions of the Stipulated Protective Order that the Court entered on June 18, 2008 (the "Protective Order") in MDL No. 1917.  Plaintiffs' Responses are hereby designated "Highly Confidential" in accordance with the provisions of the Protective Order.  To the extent that the Protective Order does not apply, Plaintiffs object to the Requests for Admission to the extent that they seek information that would disclose proprietary information, trade secrets or other confidential research, development, or other confidential information, protected by the Uniform Trade Secrets Act, among others, any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Plaintiffs to violate legal and/or contractual obligations to any other persons or entities.

15.     Plaintiffs object to the Requests for Admission to the extent they contain any incidental or implied admission of fact or law.  Plaintiffs' responses to all or any part of any request should not be taken as an incidental or implied admission, agreement, or concurrence that:  (i) Plaintiffs accept or admit an express or implied assumption of fact set forth in or assumed by the Request; (ii) Plaintiffs accept or admit any express or implied assumption of law set forth in or assumed by the Request; (iii) Plaintiffs have in their possession, custody or control documents or information responsive to that Request; or (iv) documents or information responsive to that Request exist.

16.     Plaintiffs object to the Requests for Admission to the extent they seek information about contentions or call for all evidence or all information in support of allegations or contentions

particularly insofar as Thomson SA has, to this point, refused to produce a single document from France, the site of its headquarters.  Plaintiffs have not completed their discovery and preparation in this matter, and their investigation of this case is ongoing.  These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Plaintiffs.  Further investigation and discovery may result in the identification of additional information or contentions, and Plaintiffs reserve the right to supplement and modify their responses.  Plaintiffs' responses should not be construed to prejudice their right to conduct further investigation in this case, or to limit Plaintiffs' use of any additional evidence that may be developed.

## II.     OBJECTIONS TO SPECIFIC DEFINITIONS AND INSTRUCTIONS

### DEFINITION NO. 1

> "You," "Your," and "Yourself" means the Plaintiffs responding to these interrogatories, as well as their current and former parent companies, current and former subsidiaries, current and former affiliates, and any employees, agents, attorneys, representatives or persons acting or purporting to act on Your behalf.

### OBJECTION TO DEFINITION NO. 1

Plaintiffs objects to Definition No. 1 to the extent that it calls for the production of documents governed by the attorney-client privilege, the work product doctrine, or other applicable privileges.

### DEFINITION NO. 3

> "Document" or "Documents" means and refers to all items identified in and within the scope of Fed. R. Civ. P. 34(a) and the 1970 Advisory Committee Note thereto, and all forms of "writings" and "recordings" as defined in Fed. R. Evid. 1001(1), and includes any redaction into tangible form, including computer or magnetic memory or storage, of communications, information, or data, including any written, recorded or filmed graphic matter of any kind or nature, however produced or reproduced, and including originals, drafts, and non-identical copies, wherever located. This term includes, but is not limited to, letters, books, contracts, agreements, licenses,

assignments, correspondence, computer tapes, computer discs, CD-ROMs, DVDs, printouts, memoranda, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, Trademark Office filings and certificates, emails, website printouts, notes, financial statements, affidavits, handwritten and other notes, telexes, telegrams, telecopies, facsimile reproductions or "faxes," factual compilations, electronic data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, product packaging, graphics, checks, ledgers, sales data, electronic wire transfer documentation, catalogs, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, purchase orders, telephone records, schedules, bids, voice recordings, transcriptions, and lab notebooks. This definition applies to all Documents on the particular subject in your possession, custody, or control, or that of your attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared, or signed the Documents.

**OBJECTION TO DEFINITION NO. 3**

Plaintiffs object to Definition No. 3 in that the terms "Document" or "Documents" are vague, ambiguous, and unreasonably broad and, depending upon Thomson's meaning may call for a legal conclusion. Plaintiffs also object to the definition of "Document" or "Documents" to the extent that it calls for documents that are subject to the attorney-client privilege, the work product doctrine, other applicable privilege, or are not in Plaintiffs' possession, custody or control.

**DEFINITION NOS. 6 AND 7**

6. "CDT" means color display tubes as defined in Paragraph 3 of the Complaint..

7. "CDT Products" means finished products containing CDTs such as cathode ray tube monitors.

**OBJECTION TO DEFINITION NOS. 6 AND 7**

Plaintiffs object to Definition Nos. 6 and 7 to the extent Thomson is drawing a distinction between CDTs and CDT Products. Plaintiffs are interpreting all requests related to CDTs to include its purchases of CDT Products, which contain CDTs. Moreover, as set forth in earlier Court

submissions, Plaintiffs contend that they are direct purchasers of CDTs based on the law and facts alleged in its Complaint.

**DEFINITION NO. 9**

The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

**OBJECTION TO DEFINITION NO. 9**

Plaintiffs object to Definition No. 9 because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language.

**DEFINITION NO. 10**

All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the request more inclusive.

**OBJECTION TO DEFINITION NO. 10**

Plaintiffs object to Definition No. 10 because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language.

**DEFINITION NO. 11**

The use of the past tense of any verb shall include the present tense and vice versa.

**OBJECTION TO DEFINITION NO. 11**

Plaintiffs object to Definition No. 11 because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language.

**DEFINITION NO. 12**

The word "any" shall be construed to include "all" and vice versa.

**OBJECTION TO DEFINITION NO. 12**

Plaintiffs object to Definition No. 12 because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language.

PLAINTIFFS SEARS, ROEBUCK AND CO. & KMART CORP.'S
OBJECTIONS AND RESPONSES TO DEFENDANTS
THOMSON SA & THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION

## INSTRUCTION NO. 3

If you do not have personal knowledge sufficient to fully respond to a request for admission, You should so state, and make a reasonable and good-faith effort to obtain the information by inquiring to other persons, organizations or natural persons.

## OBJECTION TO INSTRUCTION NO. 3

Plaintiffs object to Instruction No. 3 because it is overly broad, unduly burdensome, oppressive and inconsistent with the duty to investigate imposed by Federal Rule of Civil Procedure 36. Plaintiffs state that their duty to investigate under Rule 36 is to "make reasonable inquiry and secure such knowledge and information as are readily obtainable."

Plaintiffs further object to Instruction No. 3 to the extent that it calls for information that is the subject of the attorney-client privilege, the work product doctrine, or any other applicable privilege, or is not in Plaintiffs' possession, custody or control.

PLAINTIFFS SEARS, ROEBUCK AND CO. & KMART CORP.'S
OBJECTIONS AND RESPONSES TO DEFENDANTS
THOMSON SA & THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**

    Admit that You have no Evidence that Thomson SA manufactured or sold CDTs during the Relevant Period.

**RESPONSE TO REQUEST NO. 1**

    Plaintiffs refer to and incorporate their General Objections as if fully restated here. Plaintiffs further object to this Request on the grounds that: (i) it is overly broad, unduly burdensome, and premature as it requires Plaintiffs to review and analyze all information obtained in discovery thus far and state their entire case on an incomplete record; (ii) depending on Thomson's intent, it may call for a legal conclusion; (iii) it seeks information that is the subject of ongoing discovery and investigation; and (iv) it seeks information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

    Subject to and without waiving the foregoing objections, Plaintiffs admit this Request. Plaintiffs reserve the right to supplement their response to this Request for Admission based on further discovery, investigation, expert work, or other developments in this case.

**REQUEST FOR ADMISSION NO. 2**

    Admit that You have no Evidence that Thomson SA manufactured or sold CDT Products during the Relevant Period.

**RESPONSE TO REQUEST NO. 2**

    Plaintiffs refer to and incorporate their General Objections as if fully restated here. Plaintiffs further object to this Request on the grounds that: (i) it is overly broad, unduly burdensome, and premature as it requires Plaintiffs to review and analyze all information obtained in discovery thus far and state their entire case on an incomplete record; (ii) depending on Thomson's intent, it may call for a legal conclusion; (iii) it seeks information that is the subject of

9

PLAINTIFFS SEARS, ROEBUCK AND CO. & KMART CORP.'S
OBJECTIONS AND RESPONSES TO DEFENDANTS
THOMSON SA & THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION

ongoing discovery and investigation; and (iv) it seeks information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiffs admit this Request. Plaintiffs reserve the right to supplement their response to this Request for Admission based on further discovery, investigation, expert work, or other developments in this case.

**REQUEST FOR ADMISSION NO. 3**

Admit that You have no Evidence that Thomson Consumer manufactured or sold CDTs during the Relevant Period.

**RESPONSE TO REQUEST NO. 3**

Plaintiffs refer to and incorporate their General Objections as if fully restated here. Plaintiffs further object to this Request on the grounds that: (i) it is overly broad, unduly burdensome, and premature as it requires Plaintiffs to review and analyze all information obtained in discovery thus far and state their entire case on an incomplete record; (ii) depending on Thomson's intent, it may call for a legal conclusion; (iii) it seeks information that is the subject of ongoing discovery and investigation; and (iv) it seeks information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiffs admit this Request. Plaintiffs reserve the right to supplement their response to this Request for Admission based on further discovery, investigation, expert work, or other developments in this case.

**REQUEST FOR ADMISSION NO. 4**

Admit that You have no Evidence that Thomson Consumer manufactured or sold CDT Products during the Relevant Period.

**RESPONSE TO REQUEST NO. 4**

Plaintiffs refer to and incorporate their General Objections as if fully restated here.

Plaintiffs further object to this Request on the grounds that: (i) it is overly broad, unduly burdensome, and premature as it requires Plaintiffs to review and analyze all information obtained in discovery thus far and state their entire case on an incomplete record; (ii) depending on Thomson's intent, it may call for a legal conclusion; (iii) it seeks information that is the subject of ongoing discovery and investigation; and (iv) it seeks information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Plaintiffs admit this Request. Plaintiffs reserve the right to supplement their response to this Request for Admission based on further discovery, investigation, expert work, or other developments in this case.

| | |
|---|---|
| Dated: September 5, 2014 | s/Samuel J. Randall |
| | Richard Alan Arnold, Esq. (admitted *pro hac vice*) |
| | rarnold@knpa.com |
| | William J. Blechman, Esq. (admitted *pro hac vice*) |
| | wblechman@knpa.com |
| | Kevin J. Murray, Esq. (admitted *pro hac vice*) |
| | kmurray@knpa.com |
| | Samuel J. Randall, Esq. (admitted *pro hac vice*) |
| | srandall@knpa.com |
| | KENNY NACHWALTER, P.A. |
| | 201 S. Biscayne Boulevard, Suite 1100 |
| | Miami, Florida 33131 |
| | Telephone:   (305) 373-1000 |
| | Facsimile:    (305) 372-1861 |

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 5, 2014, I served by electronic mail a true and correct of this Response to Defendants.

s/ Samuel J. Randall

12

PLAINTIFFS SEARS, ROEBUCK AND CO. & KMART CORP.'S
OBJECTIONS AND RESPONSES TO DEFENDANTS
THOMSON SA & THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF REQUESTS FOR ADMISSION