# EXHIBIT 15

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Attorneys for Plaintiffs Sharp Electronics*
*Corporation and Sharp Electronics Manufacturing*
*Company of America, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC MDL No. 1917 |
| This Document Relates to: *Sharp Electronics Corp, et al. v. Hitachi Ltd, et al.* | **RESPONSE TO THOMSON SA'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.** |

**PROPOUNDING PARTY:** Defendant Thomson SA (n/k/a Technicolor SA)

**RESPONDING PARTIES:** Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

**SET NO:** One

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Rule 36.1 of the Local Rules of the Northern District of California, Plaintiffs Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") (collectively, "Sharp") hereby respond to Thomson SA's First Set of Requests for Admission, dated August 1, 2014 (the "Requests for Admission") as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Sharp's responses ("Responses") to each and every request for admission contained in the Requests for Admission. No Response to any request for admission shall be deemed a waiver of Sharp's General Objections.

1. Sharp objects to the Requests for Admission and the instructions therein to the extent that they seek to impose obligations on Sharp beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of the Court.

2. Sharp objects to the Requests for Admission to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from public sources.

3. Sharp objects to the Requests for Admission to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

4. Sharp objects to the Requests for Admission to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Further, these Responses and Objections are without prejudice to, and not a waiver of, Sharp's right to contend at trial or otherwise in this action that such information is irrelevant, immaterial, inadmissible, or not a proper basis for discovery, nor any objection by Sharp to any future use of such information.

5. Sharp objects to the Requests for Admission to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

- 2 -

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

6.      Sharp objects to the Requests for Admission to the extent that they seek or call for information not in Sharp's possession, custody, or control.

7.      Sharp objects to the Requests for Admission to the extent that they seek or call for information or documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege, protection, or immunity applicable under the governing law.  Any information disclosed pursuant to the Requests for Admission will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

8.      Sharp objects to the Requests for Admission to the extent that they are duplicative and/or cumulative, either internally of themselves or of discovery previously propounded to Sharp in this matter.  Each such Request for Admission violates Section XV, subsections D and E, of the Court's "Order Re Discovery and Case Management Protocol," entered on April 3, 2012.  Order Re: Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC, MDL No. 1917 (N.D. Cal. Apr. 3, 2012) (MDL Dkt. No. 1128).

9.      Sharp objects to the Requests for Admission, including the instructions and definitions, on the grounds that Sharp will incur substantial expense in complying with them.

10.     Sharp objects to the Requests for Admission to the extent that they prematurely call for expert testimony and states that Sharp will provide expert disclosures as provided by the Federal Rules of Civil Procedure and the orders of the court.

11.     Sharp objects to the Requests for Admission to the extent that they call for speculation or call for a conclusion on an issue of law.

12.     Sharp objects to the Requests for Admission to the extent they seek information about contentions or call for all evidence or all information in support of allegations or contentions particularly insofar as Thomson SA has, to this point, refused to produce a single document from France, the site of its headquarters.    Sharp has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing.  These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and

- 3 -

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

documentation that is presently known to Sharp. Further investigation and discovery may result in the identification of additional information or contentions, and Sharp reserves the right to supplement and modify its responses. Sharp's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit Sharp's use of any additional evidence that may be developed.

13. Sharp objects to, and expressly disclaims, any need or intent to prove any facts listed herein as a prerequisite to proving its claims at trial.

14. Sharp reserves its right to try its case as it determines is best at trial. This includes by not using facts or information stated herein or using facts or information in addition to those stated herein.

15. Sharp's responses will be subject to the Stipulated Protective Order entered in this action (MDL Dkt. No. 306).

16. Sharp objects to the Requests for Admission to the extent they contain any incidental or implied admission of fact or law. Sharp's responses to all or any part of any Request should not be taken as an incidental or implied admission, agreement, or concurrence that: (i) Sharp accepts or admits an express or implied assumption of fact set forth in or assumed by the Request; (ii) Sharp accepts or admits any express or implied assumption of law set forth in or assumed by the Request; (iii) Sharp has in its possession, custody, or control documents or information responsive to that Request; or (iv) documents or information responsive to that Request exist.

17. Sharp objects to the extent the Requests misrepresent Sharp's allegations and the opinions expressed by Sharp's expert(s) in this case.

18. Sharp objects to the definition of "You," "Your," and "Yourself" as overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. In responding to the Interrogatories directed to "You," "Your," or "Yourself" Sharp will respond for the Plaintiffs SEC and SEMA and persons acting on their behalf.

19. Sharp objects to the definition of "Documents" as vague, ambiguous, and unreasonably broad and, depending upon Defendant's meaning may call for a legal conclusion. Sharp also objects to the definition of "Documents" to the extent that it calls for documents that are subject

- 4 -

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

to the attorney-client privilege, the work-product doctrine, other applicable privilege, or are not in Sharp's possession, custody or control.

20.     Sharp objects to the definition of "CDT Products" to the extent that it mischaracterizes Sharp's Complaint.  For purposes of these responses only, Sharp shall use the term "CDT Products" to mean finished products containing CDTs such as cathode ray tube monitors.

21.     Sharp objects to the construction of "and" and "or" disjunctively or conjunctively as vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language.  Sharp uses "and" and "or" according to their ordinary meanings.

22.     Sharp objects to Definition No. 10 because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language.  Sharp uses singular and plural pronouns according to their ordinary meanings.

23.     Sharp objects to Definition No. 11 because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language.  Sharp uses the present and past tenses according to their ordinary meanings.

24.     Sharp objects to the construction of "any" to include "all" and vice versa as vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language.  Sharp further objects to the definition of "any" as not reasonably limited in scope or time.  Sharp uses "any" and "all" according to their ordinary meanings.

## RESPONSES TO REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Admit that You have no Evidence that Thomson SA manufactured or sold CDTs during the Relevant Period.

**Response to Request for Admission No. 1:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Request to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp objects to the Requests for

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Admission to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Sharp admits this Request.

**Request for Admission No. 2:**

Admit that You have no Evidence that Thomson SA manufactured or sold CDT Products during the Relevant Period.

**Response to Request for Admission No. 2:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Request to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp objects to the Requests for Admission to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Sharp admits this Request.

**Request for Admission No. 3:**

Admit that You have no Evidence that Thomson Consumer manufactured or sold CDTs during the Relevant Period.

**Response to Request for Admission No. 3:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Request to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp objects to the Requests for Admission to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Sharp admits this Request.

**Request for Admission No. 4:**

Admit that You have no Evidence that Thomson Consumer manufactured or sold CDT Products during the Relevant Period.

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Response to Request for Admission No. 4:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Request to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp objects to the Requests for Admission to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Sharp admits this Request.

RESPONSE TO THOMSON SA'S FIRST
SET OF REQUESTS FOR ADMISSION TO SHARP

MASTER FILE NO. 3:07-cv-05944-SC

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Dated: September 5, 2014      By   /s/ Craig A. Benson

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs*

- 8 -