# EXHIBIT 16

1  Jason C. Murray (CA Bar No. 169806)
   Robert B. McNary (CA Bar No. 253745)
2  CROWELL & MORING LLP
   515 South Flower St., 40th Floor
3  Los Angeles, CA 90071
   Telephone:  213-443-5582
4  Facsimile:  213-622-2690
   Email: jmurray@crowell.com
5        rmcnary@crowell.com

6  Jerome A. Murphy (*pro hac vice*)
   Astor H.L. Heaven (*pro hac vice*)
7  CROWELL & MORING LLP
   1001 Pennsylvania Avenue, N.W.
8  Washington, D.C. 20004
   Telephone:  202-624-2500
9  Facsimile:  202-628-5116
   Email: jmurphy@crowell.com
10       aheaven@crowell.com

11  *Counsel for Plaintiff Target Corporation*

12

13              **UNITED STATES DISTRICT COURT**

14      **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

15

16  | IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC |

    IN RE CATHODE RAY TUBE (CRT)          Master File No. 3:07-cv-05944-SC
    ANTITRUST LITIGATION
                                          MDL No. 1917
    This Document Relates To:
                                          Individual Case No. 13-cv-05686
    *Target Corp., et al. v. Technicolor SA, et*
    *al.*, Case No. 13-cv-05686           **PLAINTIFF TARGET CORP.'S**
                                          **RESPONSES AND OBJECTIONS TO**
                                          **DEFENDANTS THOMSON SA AND**
                                          **THOMSON CONSUMER ELECTRONICS,**
                                          **INC.'S FIRST SET OF REQUESTS FOR**
                                          **ADMISSION**

23  PROPOUNDING PARTY:   Defendants Thomson SA (n/k/a Technicolor SA) and Thomson

24                       Consumer Electronics, Inc.(n/k/a/ Technicolor USA, Inc.)

25  RESPONDING PARTY:    Plaintiff Target Corporation

26  SET NO.:             ONE

27       Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Target

28  Corp. ("Target") hereby responds and objects to the First Set of Requests for Admission to Target

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

TARGET'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S REQUESTS FOR ADMISSION

DCACTIVE-28811083.3

("Requests") served by counsel for Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s (collectively, "Defendants") in the above-captioned matter.  For the reasons specified below, Target objects generally and specifically to all specifications in the Requests. Target reserves the right to supplement the objections and responses set forth below.

## GENERAL OBJECTIONS

Target asserts the following General Objections to the Requests, which are incorporated by reference in each specific response as though set forth fully therein:

1.      Target objects to the Requests to the extent they are overbroad, burdensome, and seek information that is outside the scope of any allowable discovery by the Federal Rules of Civil Procedure, the Local Rules of the District Court for the Northern District of California, or any order of this Court.  Target will respond as provided by the Federal Rules of Civil Procedure or by order of the Court, and at the appropriate time.

2.      Target objects to the Requests to the extent that they seek information protected by the attorney-client privilege and/or attorney work-product doctrine, the joint prosecution privilege, or any other privilege or doctrine of confidentiality provided by law, or that otherwise constitutes information prepared for or in anticipation of litigation.  Such information will not be produced; any production thereof is inadvertent and not a waiver of any applicable privilege or protection against disclosure.

3.      Target objects to the Requests to the extent that they duplicate other requests, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal April 3, 2012), Docket No. 1128.

4.      Target objects to the Requests to the extent that they seek information not currently in Target's possession, custody, or control.

5.      Target objects to the Requests to the extent that they seek information already in the possession, custody or control of Defendants.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

TARGET'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S REQUESTS FOR ADMISSION

DCACTIVE-28811083.3

6.      Target objects to the Requests to the extent they seek information, or purport to impose duties or obligations, beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules of this Court.  Target does not agree to undertake any obligations beyond those required by those rules.

7.      Target objects to the Requests to the extent that they are unreasonable, oppressive, unintelligible, vague, ambiguous, and unduly burdensome and for which the acquisition of information responsive to each would cause Target undue annoyance and expense.

8.      Target objects to the Requests to the extent that they seek information not related to the claims or defenses of any party in this matter or are not reasonably calculated to lead to the discovery of admissible evidence.

9.      Target objects to the Requests to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from a source other than Target that is more convenient, less burdensome, or less expensive.  Target also objects to the Requests to the extent that they seek information that can be more easily obtained by Defendants from public sources.

10.      Target objects to the Requests to the extent that they contain terms that are vague or ambiguous.  Target also objects to Defendants' definitions of words to the extent they are inconsistent with the plain meaning of those words or impose an expanded definition of the words or phrases.  By responding to a request containing such definitions, Target does not adopt the definitions of the terms propounded by Defendants.  Instead, Target expressly reserves its right to narrow the scope of the purported definition.

11.      Target objects to the definitions of "And," "Or," "Any," "You," "Your," "Yourself," "Document," and "Documents" to the extent that such definitions make the Requests overly broad, unduly burdensome, or seek information that is not relevant to the subject matter of this litigation and, therefore, render the Requests not reasonably calculated to lead to the discovery of admissible evidence.

12.      Target objects to the Requests to the extent that Defendants are drawing a distinction between CRTs and CRT products.  Target interprets all requests related to CRTs to

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

TARGET'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S REQUESTS FOR ADMISSION

DCACTIVE-28811083.3

1   include its purchases of CRT products, which contain CRTs.

2       13.     Target objects to the Requests to the extent that they call for disclosure of

3   information containing trade secrets or proprietary, sensitive, or other confidential business

4   information.

5       14.     Target objects to the Requests to the extent that they seek legal conclusions and

6   supporting facts that are not reasonably ascertainable or available at this stage of the litigation.

7       15.     Target objects to the Requests to the extent that they call for expert testimony.

8   Target will provide expert disclosures as provided by the Federal Rules of Civil Procedure or by

9   order of the Court, and at the appropriate time.

10      16.     Target objects to the Requests to the extent that they would require Target to

11  disclose information that would cause Target to violate its existing contractual obligations to

12  other parties to maintain the confidentiality of such information.

13      17.     Target objects to the Requests to the extent that they seek admissions of legal

14  conclusions and supporting facts that are not reasonably ascertainable or available at this stage of

15  the litigation.

16      18.     Target objects to the Requests to the extent that they are premature.  In responding

17  to such requests, Target in no way concedes their relevance to the merits and expressly reserves

18  other objections to those requests.  Target has not completed its discovery and preparation in this

19  matter, and Target's investigation of this case is ongoing.  Target's responses are being made

20  after reasonable inquiry into the relevant facts, and the responses are based only upon the

21  information and documentation that is presently available to and known to Target.  Further

22  investigation and discovery may result in the identification of additional information or

23  contentions, and Target reserves the right to modify its responses.  Target's responses should not

24  be construed to prejudice Target's right to conduct further investigation in this case, or to limit

25  Target's use of any additional evidence that may be developed.

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

TARGET'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S REQUESTS FOR ADMISSION

DCACTIVE-28811083.3

1      **RESPONSES TO REQUESTS FOR ADMISSION**

2      **REQUEST FOR ADMISSION NO. 1:**

3              Admit that You have no evidence that Thomson SA manufactured or sold CDTs during

4      the Relevant Period.

5      **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

6              Target refers to and incorporates its General Objections as though set forth fully herein.

7      Target further objects to this Request on the grounds that it is overbroad and unduly burdensome.

8      Target further objects to this Request on the grounds that it is premature as it requires Target to

9      review and analyze all information obtained in discovery thus far and state its entire case on an

10     incomplete record.  Target further objects to this Request to the extent that it seeks information

11     that is in Defendants' possession, custody, or control, or equally available to Defendants.  Target

12     further objects to this Request to the extent that it seeks information that is the subject of expert

13     opinions, reports, and/or testimony.  Target further objects to this Request to the extent that it

14     seeks, in contravention of well-established legal principles, to dismember the overall conspiracy

15     to focus on its separate parts, instead of looking at it as a whole, *see In re CRT Antitrust*

16     *Litigation,* Master Docket No. 3:07-cv-05944sc, Recommended Order of the Special Master,

17     dated August 15, 2014 ("If 'compartmentalizing' an alleged conspiracy at trial or on summary

18     judgment motion is not appropriate, still less is it appropriate in discovery"); *Continental Ore Co.*

19     *v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l*

20     *Air Trans. Assoc.,* 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten,* 226

21     U.S. 525, 544 (1913)), and improperly seeks "to carve the alleged conspiracy into a number of

22     mini-conspiracies."  *In re TFT-LCD (Flat Panel) Antitrust Litigation,* No. M 07–1827 SI, 2011

23     WL 7724271, at *1-2 (N.D. Cal. Nov. 8, 2011).  Target further objects to this Request to the

24     extent that it seeks to attribute a particular action to a specific Thomson entity when all of the

25     Thomson entities named as defendants were owned and controlled and acted pursuant to the

26     overall strategy and direction of Thomson SA.

27             Subject to and without waiving the foregoing objections, Target admits this Request.

28     Target reserves the right to supplement its response to this Request for Admission based on

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

TARGET'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S REQUESTS FOR ADMISSION

DCACTIVE-28811083.3

1   further discovery, investigation, expert work, or other developments in this case.

2   **REQUEST FOR ADMISSION NO. 2:**

3       Admit that You have no evidence that Thomson SA manufactured or sold CDT Products

4   during the Relevant Period.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

6       Target refers to and incorporates its General Objections as though set forth fully herein.

7   Target further objects to this Request on the grounds that it is overbroad and unduly burdensome.

8   Target further objects to this Request on the grounds that it is premature as it requires Target to

9   review and analyze all information obtained in discovery thus far and state its entire case on an

10   incomplete record.  Target further objects to this Request to the extent that it seeks information

11   that is in Defendants' possession, custody, or control, or equally available to Defendants.  Target

12   further objects to this Request to the extent that it seeks information that is the subject of expert

13   opinions, reports, and/or testimony.  Target further objects to this Request to the extent that it

14   seeks, in contravention of well-established legal principles, to dismember the overall conspiracy

15   to focus on its separate parts, instead of looking at it as a whole, *see In re CRT Antitrust*

16   *Litigation,* Master Docket No. 3:07-cv-05944sc, Recommended Order of the Special Master,

17   dated August 15, 2014 ("If 'compartmentalizing' an alleged conspiracy at trial or on summary

18   judgment motion is not appropriate, still less is it appropriate in discovery"); *Continental Ore Co.*

19   *v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l*

20   *Air Trans. Assoc.,* 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten,* 226

21   U.S. 525, 544 (1913)), and improperly seeks "to carve the alleged conspiracy into a number of

22   mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation,* No. M 07–1827 SI, 2011

23   WL 7724271, at *1-2 (N.D. Cal. Nov. 8, 2011).  Target further objects to this Request to the

24   extent that it seeks to attribute a particular action to a specific Thomson entity when all of the

25   Thomson entities named as defendants were owned and controlled and acted pursuant to the

26   overall strategy and direction of Thomson SA.

27       Subject to and without waiving the foregoing objections, Target admits this Request.

28   Target reserves the right to supplement its response to this Request for Admission based on

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

TARGET'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S REQUESTS FOR ADMISSION

DCACTIVE-28811083.3

1   further discovery, investigation, expert work, or other developments in this case.

2   **REQUEST FOR ADMISSION NO. 3:**

3        Admit that You have no evidence that Thomson Consumer manufactured or sold CDTs

4   during the Relevant Period.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

6        Target refers to and incorporates its General Objections as though set forth fully herein.

7   Target further objects to this Request on the grounds that it is overbroad and unduly burdensome.

8   Target further objects to this Request on the grounds that it is premature as it requires Target to

9   review and analyze all information obtained in discovery thus far and state its entire case on an

10  incomplete record.  Target further objects to this Request to the extent that it seeks information

11  that is in Defendants' possession, custody, or control, or equally available to Defendants.  Target

12  further objects to this Request to the extent that it seeks information that is the subject of expert

13  opinions, reports, and/or testimony.  Target further objects to this Request to the extent that it

14  seeks, in contravention of well-established legal principles, to dismember the overall conspiracy

15  to focus on its separate parts, instead of looking at it as a whole, *see In re CRT Antitrust*

16  *Litigation,* Master Docket No. 3:07-cv-05944sc, Recommended Order of the Special Master,

17  dated August 15, 2014 ("If 'compartmentalizing' an alleged conspiracy at trial or on summary

18  judgment motion is not appropriate, still less is it appropriate in discovery"); *Continental Ore Co.*

19  *v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l*

20  *Air Trans. Assoc.,* 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten,* 226

21  U.S. 525, 544 (1913)), and improperly seeks "to carve the alleged conspiracy into a number of

22  mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation,* No. M 07–1827 SI, 2011

23  WL 7724271, at *1-2 (N.D. Cal. Nov. 8, 2011).  Target further objects to this Request to the

24  extent that it seeks to attribute a particular action to a specific Thomson entity when all of the

25  Thomson entities named as defendants were owned and controlled and acted pursuant to the

26  overall strategy and direction of Thomson SA.

27       Subject to and without waiving the foregoing objections, Target admits this Request.

28  Target reserves the right to supplement its response to this Request for Admission based on

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

TARGET'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S REQUESTS FOR ADMISSION

DCACTIVE-28811083.3

1    further discovery, investigation, expert work, or other developments in this case.

2    **REQUEST FOR ADMISSION NO. 4:**

3          Admit that You have no evidence that Thomson SA manufactured or sold CDT Products

4    during the Relevant Period.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

6          Target refers to and incorporates its General Objections as though set forth fully herein.

7    Target further objects to this Request on the grounds that it is overbroad and unduly burdensome.

8    Target further objects to this Request on the grounds that it is premature as it requires Target to

9    review and analyze all information obtained in discovery thus far and state its entire case on an

10   incomplete record.  Target further objects to this Request to the extent that it seeks information

11   that is in Defendants' possession, custody, or control, or equally available to Defendants.  Target

12   further objects to this Request to the extent that it seeks information that is the subject of expert

13   opinions, reports, and/or testimony.  Target further objects to this Request to the extent that it

14   seeks, in contravention of well-established legal principles, to dismember the overall conspiracy

15   to focus on its separate parts, instead of looking at it as a whole, *see In re CRT Antitrust*

16   *Litigation,* Master Docket No. 3:07-cv-05944sc, Recommended Order of the Special Master,

17   dated August 15, 2014 ("If 'compartmentalizing' an alleged conspiracy at trial or on summary

18   judgment motion is not appropriate, still less is it appropriate in discovery"); *Continental Ore Co.*

19   *v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l*

20   *Air Trans. Assoc.,* 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten,* 226

21   U.S. 525, 544 (1913)), and improperly seeks "to carve the alleged conspiracy into a number of

22   mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation,* No. M 07–1827 SI, 2011

23   WL 7724271, at *1-2 (N.D. Cal. Nov. 8, 2011).  Target further objects to this Request to the

24   extent that it seeks to attribute a particular action to a specific Thomson entity when all of the

25   Thomson entities named as defendants were owned and controlled and acted pursuant to the

26   overall strategy and direction of Thomson SA.

27          Subject to and without waiving the foregoing objections, Target admits this Request.

28   Target reserves the right to supplement its response to this Request for Admission based on

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

TARGET'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S REQUESTS FOR ADMISSION

DCACTIVE-28811083.3

1    further discovery, investigation, expert work, or other developments in this case.

2

3    DATED: September 5, 2014

     By:    /s/ Astor H.L. Heaven

4           Jason C. Murray (CA Bar No. 169806)
            Robert B. McNary (CA Bar No. 253745)

5           CROWELL & MORING LLP
            515 South Flower St., 40th Floor

6           Los Angeles, CA 90071
            Telephone:  213-443-5582

7           Facsimile:  213-622-2690
            Email:  jmurray@crowell.com

8                     rmcnary@crowell.com

9           Jerome A. Murphy (pro hac vice)
            Astor H.L. Heaven (pro hac vice)

10          CROWELL & MORING LLP
            1001 Pennsylvania Avenue, N.W.

11          Washington, D.C. 20004
            Telephone:  202-624-2500

12          Facsimile:  202-628-5116
            Email:  jmurphy@crowell.com

13                    aheaven@crowell.com

14          Counsel for Target Corp.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

DCACTIVE-28811083.3