# EXHIBIT 18

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
          anardacci@bsfllp.com

*Counsel for Plaintiff Schultze Agency Services, LLC*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION <br><br> This Document Relates To Individual Case No. 3:13-cv-05668-SC (N.D. Cal.) | Case No. 3:13-cv-05668-SC <br><br> Master File No. 3:07-cv-05944-SC (N.D. Cal.) <br><br> MDL No. 1917 |
| SCHULTZE AGENCY SERVICES, LLC ON BEHALF OF TWEETER OPCO, LLC AND TWEETER NEWCO, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> TECHNICOLOR SA, *et al.*, <br><br> Defendants. | **SCHULTZE AGENCY SERVICES, LLC'S (TWEETER) OBJECTIONS AND RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |

| | | |
|---|---|---|
| **PROPOUNDING PARTY:** | | Thomson SA (n/k/a Technicolor SA) and Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) |
| **RESPONDING PARTY:** | | Schultze Agency Services, LLC (Tweeter) |
| **SET:** | | One |

1          Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Rule 36.1 and

2     36.2 of the Local Civil Rules of the Northern District of California, Plaintiff Schultze Agency

3     Services, LLC ("Plaintiff") hereby provides its responses to Thomson SA and Thomson

4     Consumer Electronics, Inc.'s ("Defendants") First Set of Requests for Admission to Plaintiff

5     dated August 1, 2014, (collectively, the "Requests for Admission") including the "Instructions"

6     and "Definitions" contained therein, as follows:

7                                            **GENERAL OBJECTIONS**

8          The following general objections ("General Objections") are incorporated in Plaintiff's

9     responses ("Responses") to each and every request for admission contained in the Requests for

10    Admission.  No Response to any request for admission shall be deemed a waiver of Plaintiff's

11    General Objections.

12    1.     Plaintiff objects to the Requests for Admission to the extent that they seek to impose

13    obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure, the Local

14    Civil Rules of the Northern District of California, or any applicable order of this Court.

15    2.     Plaintiff objects to the Requests for Admission to the extent that they call for information

16    that is already in the possession, custody, or control of Defendants.

17    3.     Plaintiff objects to the Requests for Admission to the extent they seek information that

18    can equally or more readily be obtained by Defendants from public sources.

19    4.     Plaintiff objects to the Requests for Admission to the extent that they call for information

20    that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendants

21    from others.

22    5.     Plaintiff objects to the Requests for Admission to the extent that they call for information

23    not in Plaintiff's possession, custody, or control.

24    6.     Plaintiff objects to the Requests for Admission to the extent that they prematurely call for

25    expert testimony and states that Plaintiff will provide expert disclosures as provided by the

26    Federal Rules of Civil Procedure.

27    7.     Plaintiff objects to the Requests for Admission to the extent that they call for a Response

28    protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

1   any other privilege, protection, or immunity applicable under the governing law. Any
2   information disclosed pursuant to the Requests for Admission will be disclosed without waiving,
3   but on the contrary reserving and intending to reserve, each of these privileges, protections, or
4   immunities. Any accidental disclosure of privileged information or material shall not be deemed
5   a waiver of the applicable privilege, protection, or immunity.

6   8.      Plaintiff objects to the Requests for Admission to the extent that they are vague,
7   ambiguous, overly broad, unduly burdensome, and oppressive.

8   9.      Plaintiff reserves the right to make use of or introduce at any hearing or trial information
9   responsive to Defendant's Requests for Admission but discovered after the date of this response.

10  10.     Plaintiff objects to the Requests for Admission to the extent that they are cumulative and
11  duplicative of other discovery propounded in this case, and therefore in violation of the
12  integration order included in section XV, subsections D and E of the Court's "Order Re
13  Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re
14  Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case
15  No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

16  11.     Plaintiff objects to the Requests for Admission to the extent that they seek information
17  that is not relevant, material or necessary to this action and, thus, are not reasonably calculated to
18  lead to the discovery of admissible evidence.

19  12.     Plaintiff objects to the Requests for Admission to the extent that they seek, in
20  contravention to well-established legal principles, to dismember the overall conspiracy to focus
21  on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union*
22  *Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans.*
23  *Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544
24  (1913)), and improperly seeks "to carve the alleged conspiracy into a number of mini-
25  conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Master Docket No. M:07-1827-
26  SI, Order Denying Defendant's Motions for Partial Summary Judgment Regarding Production
27  and Capacity, Docket No. 4097, at 1-2. All conspirators are jointly liable for the acts of their co-

28

1  conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law,

2  the action of all. *Id.*

3  13.     Plaintiff objects to the Requests for Admission to the extent that they contain any

4  incidental or implied admission of fact or law.  Plaintiff's responses to all or any part of any

5  Request should not be taken as an incidental or implied admission, agreement, or concurrence

6  that: (i) Plaintiff accepts or admits any express or implied assumption of fact set forth in or

7  assumed by the Request; (ii) Plaintiff accepts or admits any express or implied assumption of

8  law set forth in or assumed by the Request; (iii) Plaintiff has in its possession, custody or control

9  documents or information responsive to that Request; or (iv) documents or information

10  responsive to that Request exist.

11  14.     Plaintiff objects to the Requests for Admission to the extent that they call for speculation

12  or call for a conclusion on an issue of law.  *See Gem Acquisitionco, LLC v. Sorenson Group*

13  *Holdings, LLC*, No. C 09-01484 SI, 2010 WL 1340562, at *3 (N.D. Cal. Apr. 5, 2010) (Illston,

14  J.) ("[L]egal conclusions are not a proper subject of a request for admission ….."); *Jones v.*

15  *McGuire*, No. CIV S-0802607 MCE CKD P, 2012 WL 439429, at *6 (E.D. Cal. Feb. 9, 2012)

16  ("[R]equests for Admission should not be used . . . to demand that the other party admit the truth

17  of a legal conclusion, even if the conclusion is attached to operative facts, or to ask the party to

18  admit facts of which he or she has no special knowledge." (internal quotation marks omitted));

19  *Tracchia v. Tilton*, No. CIV S-06-2916 GEB KJM P, 2008 WL 5382253, at *2 (E.D. Cal. Dec.

20  22, 2008) ("A request calls for a legal conclusion when it asks a party to admit what is required

21  or permitted by particular [laws or] regulations.").

22  15.     Plaintiff objects to, and expressly disclaims, any need or intent to prove any fact listed

23  herein as a prerequisite to proving its claims at trial.

24  16.     Plaintiff reserves its right to try its case as it determines is best at trial. This includes by

25  not using facts or information stated herein or using facts or information in addition to those

26  stated herein.

27  17.     Plaintiff objects to the definition of CRT Products.  "CRTs" as used herein refers to CPTs

28  and CDTs, as defined in Paragraph 2 of the Complaint.

18.     Plaintiff reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any Admission sought by the Requests and all answers Plaintiff provides in response to these Requests.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that You have no Evidence that Thomson SA manufactured or sold CDTs during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Request to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Plaintiff further objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive, and seeks documents and information that are neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request on the ground that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole, *see Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)); *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Master Docket No. 3:07-cv-5944, Order Adopting Report and Recommendations on LG Defendants Motion to Compel Responses to Interrogatories by Direct Action Plaintiffs, Docket No. 2747 ("If 'compartmentalizing' an alleged conspiracy at trial or on summary judgment motion is not appropriate, still less is it appropriate in discovery."), and improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Master Docket No. M:07-1827-SI, Order Denying Defendants' Motions for Partial Summary Judgment Regarding Production and Capacity, Docket

1    No. 4097, at 1-2.  All conspirators are jointly liable for the acts of their co-conspirators and the

2    action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*

3    Plaintiff further objects to this Request to the extent that it duplicates other requests for

4    admission, in whole or in part, made by other Defendants in this matter, in violation of the

5    integration order included in section XV, subsections D and E of the Court's "Order Re

6    Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re

7    Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case

8    No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff

9    further objects to this Request on the grounds that it is premature as it requires Plaintiff to review

10   and analyze all information obtained in discovery thus far and state its entire case on an

11   incomplete record.  Plaintiff further objects to this Request to the extent that it seeks information

12   that is the subject of expert opinions, reports and/or testimony.  Plaintiff further objects to this

13   Request on the ground that it calls for legal argument or legal conclusions.  Plaintiff further

14   objects to this Request on the grounds that it is improperly being used as a discovery device and

15   violates the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).

16   Plaintiff further objects to this request as mischaracterizing its Complaint.  Plaintiff further states

17   that it has not completed its discovery and preparation in this matter and that its investigation of

18   these cases is ongoing, and Plaintiff reserves its right to supplement or amend its response to this

19   Request consistent with Federal Rule of Civil Procedure 26(e).

20        Subject to and notwithstanding the foregoing objections, Plaintiff admits this Request.

21   **REQUEST FOR ADMISSION NO. 2:**

22        Admit that You have no Evidence that Thomson SA manufactured or sold CDT Products

23   during the Relevant Period.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

25        Plaintiff refers to and incorporates its response to Request for Admission No. 1, including

26   its general and specific objections, as though set forth fully herein.

27   **REQUEST FOR ADMISSION NO. 3:**

28        Admit that You have no Evidence that Thomson Consumer manufactured or sold CDTs

1  during the Relevant Period.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

3    Plaintiff refers to and incorporates its response to Request for Admission No. 1, including

4  its general and specific objections, as though set forth fully herein.

5  **REQUEST FOR ADMISSION NO. 4:**

6    Admit that You have no Evidence that Thomson Consumer manufactured or sold CDT

7  Products during the Relevant Period.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

9    Plaintiff refers to and incorporates its response to Request for Admission No. 1, including

10  its general and specific objections, as though set forth fully herein.

11

12

13

14  DATED:  September 5, 2014         /s/ *Philip J. Iovieno*

15                     Philip J. Iovieno
                      Anne M. Nardacci
16                     BOIES, SCHILLER & FLEXNER LLP
                      30 South Pearl Street, 11th Floor
17                     Albany, NY  12207
                      Telephone:  (518) 434-0600
18                     Facsimile:  (518) 434-0665
                      Email:  piovieno@bsfllp.com
19                          anardacci@bsfllp.com

20                     William A. Isaacson
                      BOIES, SCHILLER & FLEXNER LLP
21                     5301 Wisconsin Ave. NW, Suite 800
                      Washington, D.C.  20015
22                     Telephone:  (202) 237-2727
                      Facsimile:  (202) 237-6131
23                     Email:  wisaacson@bsfllp.com

24                     *Counsel for Plaintiff Schultze Agency Services, LLC*

25

26

27

28