# EXHIBIT 19

Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
       rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
Email: jmurphy@crowell.com
       aheaven@crowell.com

*Counsel for Plaintiff ViewSonic Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:14-cv-02510 | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>Individual Case No. 3:14-cv-02510<br><br>**PLAINTIFF VIEWSONIC CORPORATION'S RESPONSES AND OBJECTIONS TO DEFENDANTS THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTY:    Defendants Thomson SA and Thomson Consumer Electronics, Inc.

RESPONDING PARTY:    Plaintiff ViewSonic Corporation

SET NO.:    ONE

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff ViewSonic Corporation ("ViewSonic") hereby objects and responds to the First Set of Requests for

Admission to ViewSonic ("Requests") served by counsel for Thomson SA and Thomson Consumer Electronics, Inc. (collectively, "Thomson") in the above-captioned matter. For the reasons specified below, ViewSonic objects generally and specifically to all specifications in the Requests. ViewSonic reserves the right to supplement the objections and responses set forth below.

## GENERAL OBJECTIONS

ViewSonic asserts the following General Objections to the Requests, which are incorporated by reference in each specific response as though set forth fully therein:

1. ViewSonic objects to the Requests to the extent they are overbroad, burdensome, and seek information that is outside the scope of any allowable discovery by the Federal Rules of Civil Procedure, the Local Rules of the District Court for the Northern District of California, or any order of this Court. ViewSonic will respond as provided by the Federal Rules of Civil Procedure or by order of the Court, and at the appropriate time.

2. ViewSonic objects to the Requests to the extent that they seek information protected by the attorney-client privilege and/or attorney work-product doctrine, the joint prosecution privilege, or any other privilege or doctrine of confidentiality provided by law, or that otherwise constitutes information prepared for or in anticipation of litigation. Such information will not be produced; any production thereof is inadvertent and not a waiver of any applicable privilege or protection against disclosure.

3. ViewSonic objects to the Requests to the extent that they duplicate other requests, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal April 3, 2012), Docket No. 1128.

4. ViewSonic objects to the Requests to the extent that they seek information not currently in ViewSonic's possession, custody, or control.

5. ViewSonic objects to the Requests to the extent that they seek information already

in the possession, custody or control of Defendants.

6. ViewSonic objects to the Requests to the extent they seek information, or purport to impose duties or obligations, beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules of this Court. ViewSonic does not agree to undertake any obligations beyond those required by those rules.

7. ViewSonic objects to the Requests to the extent that they are unreasonable, oppressive, unintelligible, vague, ambiguous, and unduly burdensome and for which the acquisition of information responsive to each would cause ViewSonic undue annoyance and expense.

8. ViewSonic objects to the Requests to the extent that they seek information not related to the claims or defenses of any party in this matter or are not reasonably calculated to lead to the discovery of admissible evidence.

9. ViewSonic objects to the Requests to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from a source other than ViewSonic that is more convenient, less burdensome, or less expensive. ViewSonic also objects to the Requests to the extent that they seek information that can be more easily obtained by Defendants from public sources.

10. ViewSonic objects to the Requests to the extent that they contain terms that are vague or ambiguous. ViewSonic also objects to Defendants' definitions of words to the extent they are inconsistent with the plain meaning of those words or impose an expanded definition of the words or phrases. By responding to a request containing such definitions, ViewSonic does not adopt the definitions of the terms propounded by Defendants. Instead, ViewSonic expressly reserves its right to narrow the scope of the purported definition.

11. ViewSonic objects to the definitions of "And," "Or," "Any," "You," "Your," "Yourself," "Document," and "Documents" to the extent that such definitions make the Requests overly broad, unduly burdensome, or seek information that is not relevant to the subject matter of this litigation and, therefore, render the Requests not reasonably calculated to lead to the discovery of admissible evidence.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

VIEWSONIC'S RESPONSES AND OBJECTIONS TO
THOMSON'S REQUESTS FOR ADMISSION

DCACTIVE-29398950.2

12. ViewSonic objects to the Requests to the extent that they call for disclosure of information containing trade secrets or proprietary, sensitive, or other confidential business information.

13. ViewSonic objects to the Requests to the extent that they seek legal conclusions and supporting facts that are not reasonably ascertainable or available at this stage of the litigation.

14. ViewSonic objects to the Requests to the extent that they call for expert testimony. ViewSonic will provide expert disclosures as provided by the Federal Rules of Civil Procedure or by order of the Court, and at the appropriate time.

15. ViewSonic objects to the Requests to the extent that they would require ViewSonic to disclose information that would cause ViewSonic to violate its existing contractual obligations to other parties to maintain the confidentiality of such information.

16. ViewSonic objects to the Requests to the extent that they seek, in contravention to well-established legal principles, to dismember the overall conspiracy into separate parts, instead of looking at the illegal conspiracy as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly and severally liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*

17. ViewSonic objects to the Requests to the extent that they call for speculation or call for a conclusion on an issue of law. *See Gem Acquisitionco, LLC v. Sorenson Group Holdings, LLC*, No. C 09-01484 SI, 2010 WL 1340562, at *3 (N.D. Cal. Apr. 5, 2010) (Illston, J.) ("[L]egal conclusions are not a proper subject of a request for admission ....."); *Jones v. McGuire*, No. CIV S-0802607 MCE CKD P, 2012 WL 439429, at *6 (E.D. Cal. Feb. 9, 2012) ("[R]equests for admissions should not be used ... to demand that the other party admit the truth of a legal conclusion, even if the conclusion is attached to operative facts, or to ask the party to admit facts of which he or she has no special knowledge." (internal quotation marks omitted)); *Tracchia v. Tilton*, No. CIV S-06-2916 GEB KJM P, 2008 WL 5382253, at *2 (E.D. Cal. Dec.

22, 2008) ("A request calls for a legal conclusion when it asks a party to admit what is required or permitted by particular [laws or] regulations.").

18.  ViewSonic objects to the Requests to the extent that they are premature. In responding to such requests, ViewSonic in no way concedes their relevance to the merits and expressly reserves other objections to those requests. ViewSonic has not completed its discovery and preparation in this matter, and ViewSonic's investigation of this case is ongoing. ViewSonic's responses are being made after reasonable inquiry into the relevant facts, and the responses are based only upon the information and documentation that is presently available to and known to ViewSonic. Further investigation and discovery may result in the identification of additional information or contentions, and ViewSonic reserves the right to modify its responses. ViewSonic's responses should not be construed to prejudice ViewSonic's right to conduct further investigation in this case, or to limit ViewSonic's use of any additional evidence that may be developed.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that You have no Evidence that Thomson SA manufactured or sold CDTs during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Request on the grounds that it is overbroad and unduly burdensome. ViewSonic further objects to this Request on the grounds that it is premature as it requires ViewSonic to review and analyze all information obtained in discovery thus far and state its entire case on an incomplete record. ViewSonic further objects to this Request to the extent that it seeks information that is in Defendants' possession, custody, or control, or equally available to Defendants. ViewSonic further objects to this Request to the extent that it seeks information that is the subject of expert opinions, reports, and/or testimony. ViewSonic further objects to this Request to the extent that it seeks, in contravention of well-established legal

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

VIEWSONIC'S RESPONSES AND OBJECTIONS TO
THOMSON'S REQUESTS FOR ADMISSION

DCACTIVE-29398950.2

principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole, *see In re CRT Antitrust Litigation,* Master Docket No. 3:07-cv-05944-sc, Recommended Order of the Special Master, dated August 15, 2014 ("If 'compartmentalizing' an alleged conspiracy at trial or on summary judgment motion is not appropriate, still less is it appropriate in discovery"); *Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.,* 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten,* 226 U.S. 525, 544 (1913)), and improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation,* No. M 07–1827 SI, 2011 WL 7724271, at *1-2 (N.D. Cal. Nov. 8, 2011). ViewSonic further objects to this Request to the extent that it seeks to attribute a particular action to a specific Thomson entity when all of the Thomson entities named as defendants were owned and controlled and acted pursuant to the overall strategy and direction of Thomson SA.

Subject to and without waiving the foregoing objections, ViewSonic admits this Request. ViewSonic reserves the right to supplement its response to this Request for Admission based on further discovery, investigation, expert work, or other developments in this case.

**REQUEST FOR ADMISSION NO. 2:**

Admit that You have no Evidence that Thomson SA manufactured or sold CDT Products during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Request on the grounds that it is overbroad and unduly burdensome. ViewSonic further objects to this Request on the grounds that it is premature as it requires ViewSonic to review and analyze all information obtained in discovery thus far and state its entire case on an incomplete record. ViewSonic further objects to this Request to the extent that it seeks information that is in Defendants' possession, custody, or control, or equally available to Defendants. ViewSonic further objects to this Request to the extent that it seeks information that is the subject of expert opinions, reports, and/or testimony. ViewSonic further objects to this Request to the extent that it seeks, in contravention of well-established legal

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

VIEWSONIC'S RESPONSES AND OBJECTIONS TO
THOMSON'S REQUESTS FOR ADMISSION

DCACTIVE-29398950.2

principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole, *see In re CRT Antitrust Litigation,* Master Docket No. 3:07-cv-05944-sc, Recommended Order of the Special Master, dated August 15, 2014 ("If 'compartmentalizing' an alleged conspiracy at trial or on summary judgment motion is not appropriate, still less is it appropriate in discovery"); *Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.,* 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten,* 226 U.S. 525, 544 (1913)), and improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation,* No. M 07–1827 SI, 2011 WL 7724271, at *1-2 (N.D. Cal. Nov. 8, 2011). ViewSonic further objects to this Request to the extent that it seeks to attribute a particular action to a specific Thomson entity when all of the Thomson entities named as defendants were owned and controlled and acted pursuant to the overall strategy and direction of Thomson SA.

Subject to and without waiving the foregoing objections, ViewSonic admits this Request. ViewSonic reserves the right to supplement its response to this Request for Admission based on further discovery, investigation, expert work, or other developments in this case.

**REQUEST FOR ADMISSION NO. 3:**

Admit that You have no Evidence that Thomson Consumer manufactured or sold CDTs during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Request on the grounds that it is overbroad and unduly burdensome. ViewSonic further objects to this Request on the grounds that it is premature as it requires ViewSonic to review and analyze all information obtained in discovery thus far and state its entire case on an incomplete record. ViewSonic further objects to this Request to the extent that it seeks information that is in Defendants' possession, custody, or control, or equally available to Defendants. ViewSonic further objects to this Request to the extent that it seeks information that is the subject of expert opinions, reports, and/or testimony. ViewSonic further objects to this Request to the extent that it seeks, in contravention of well-established legal

principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole, *see In re CRT Antitrust Litigation*, Master Docket No. 3:07-cv-05944-sc, Recommended Order of the Special Master, dated August 15, 2014 ("If 'compartmentalizing' an alleged conspiracy at trial or on summary judgment motion is not appropriate, still less is it appropriate in discovery"); *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)), and improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M 07–1827 SI, 2011 WL 7724271, at *1-2 (N.D. Cal. Nov. 8, 2011). ViewSonic further objects to this Request to the extent that it seeks to attribute a particular action to a specific Thomson entity when all of the Thomson entities named as defendants were owned and controlled and acted pursuant to the overall strategy and direction of Thomson SA.

Subject to and without waiving the foregoing objections, ViewSonic admits this Request. ViewSonic reserves the right to supplement its response to this Request for Admission based on further discovery, investigation, expert work, or other developments in this case.

**REQUEST FOR ADMISSION NO. 4:**

Admit that You have no Evidence that Thomson Consumer manufactured or sold CDT Products during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Request on the grounds that it is overbroad and unduly burdensome. ViewSonic further objects to this Request on the grounds that it is premature as it requires ViewSonic to review and analyze all information obtained in discovery thus far and state its entire case on an incomplete record. ViewSonic further objects to this Request to the extent that it seeks information that is in Defendants' possession, custody, or control, or equally available to Defendants. ViewSonic further objects to this Request to the extent that it seeks information that is the subject of expert opinions, reports, and/or testimony. ViewSonic further objects to this Request to the extent that it seeks, in contravention of well-established legal

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

VIEWSONIC'S RESPONSES AND OBJECTIONS TO
THOMSON'S REQUESTS FOR ADMISSION

DCACTIVE-29398950.2

principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole, *see In re CRT Antitrust Litigation,* Master Docket No. 3:07-cv-05944-sc, Recommended Order of the Special Master, dated August 15, 2014 ("If 'compartmentalizing' an alleged conspiracy at trial or on summary judgment motion is not appropriate, still less is it appropriate in discovery"); *Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.,* 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten,* 226 U.S. 525, 544 (1913)), and improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation,* No. M 07–1827 SI, 2011 WL 7724271, at *1-2 (N.D. Cal. Nov. 8, 2011). ViewSonic further objects to this Request to the extent that it seeks to attribute a particular action to a specific Thomson entity when all of the Thomson entities named as defendants were owned and controlled and acted pursuant to the overall strategy and direction of Thomson SA.

Subject to and without waiving the foregoing objections, ViewSonic admits this Request. ViewSonic reserves the right to supplement its response to this Request for Admission based on further discovery, investigation, expert work, or other developments in this case.

DATED: November 3, 2014

By: */s/ Astor H.L. Heaven*
Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
Email: jmurphy@crowell.com
aheaven@crowell.com

*Counsel for ViewSonic Corporation*