# EXHIBIT 30

1  Jason C. Murray (CA Bar No. 169806)
   Robert B. McNary (CA Bar No. 253745)
2  CROWELL & MORING LLP
   515 South Flower St., 40th Floor
3  Los Angeles, CA 90071
   Telephone:  213-443-5582
4  Facsimile:  213-622-2690
   Email: jmurray@crowell.com
5          rmcnary@crowell.com

6  Jerome A. Murphy (*pro hac vice*)
   Astor H.L. Heaven (*pro hac vice*)
7  CROWELL & MORING LLP
   1001 Pennsylvania Avenue, N.W.
8  Washington, D.C. 20004
   Telephone:  202-624-2500
9  Facsimile:  202-628-5116
   Email: jmurphy@crowell.com
10         aheaven@crowell.com

11 *Counsel for Plaintiff Target Corp.*

12                 **UNITED STATES DISTRICT COURT**

13     **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

14

15

16 | IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC |

17 This Document Relates To:

18 *Target Corp., et al. v. Technicolor SA, et al., Case No. 13-cv-05686*

MDL No. 1917

Individual Case No. 13-cv-05686

**PLAINTIFF TARGET CORP.'S RESPONSES AND OBJECTIONS TO DEFENDANTS THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES**

22

23 PROPOUNDING PARTY:   Defendants Thomson SA and Thomson Consumer Electronics, Inc.

24 RESPONDING PARTY:    Plaintiff Target Corp.

25 SET NO.:              ONE

26       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Target

27 Corp. ("Target") hereby responds to the First Set of Interrogatories to Plaintiff Target

28 ("Interrogatories") served by counsel for Defendants Thomson SA and Thomson Consumer

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

DCACTIVE-28178248.2

1   Electronics, Inc. in the above-captioned matter.  For the reasons specified below, Target objects

2   generally and specifically to all specifications in the Interrogatories.  Target reserves the right to

3   supplement the objections and responses set forth below.

4   **GENERAL OBJECTIONS**

5       Target asserts the following General Objections to the Interrogatories, including the

6   Instructions and the Definitions, which are incorporated by reference in each specific response as

7   though set forth fully therein:

8       1.      Target objects to the Interrogatories to the extent that they are overbroad,

9   burdensome, and seek information or purport to impose duties or obligations, beyond those set

10  forth in the Federal Rules of Civil Procedure, the Local Rules of the District Court for the

11  Northern District of California, or any order of this Court.  Target does not agree to undertake any

12  obligations beyond those required by those Rules.

13      2.      Target objects to the Interrogatories to the extent that they duplicate other

14  interrogatories, in whole or in part, made by other defendants in this matter, in violation of the

15  integration order included in section XV, subsections D and E of the Court's "Order Re

16  Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re

17  Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case

18  No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

19      3.      Target objects to the Interrogatories to the extent that they seek information

20  protected by the attorney-client privilege and/or attorney work-product doctrine, the joint-

21  prosecution privilege, or any other privilege or doctrine of confidentiality provided by law, or that

22  otherwise constitutes information prepared for or in anticipation of litigation.  Such information

23  will not be produced; any production thereof is inadvertent and not a waiver of any applicable

24  privilege or protection against disclosure.

25      4.      Target objects to the Interrogatories to the extent that they seek information not

26  currently in Target's possession, custody, or control.

27      5.      Target objects to the Interrogatories to the extent that they seek information

28  already in the possession, custody or control of Defendants.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-                TARGET CORP.'S RESPONSES AND OBJECTIONS TO
                   THOMSON SA AND THOMSON CONSUMER
                   ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1

2    6.    Target objects to the Interrogatories to the extent that they are unreasonable,

3 oppressive, unintelligible, vague, ambiguous, and unduly burdensome and for which the

4 acquisition of information responsive to each would cause Target undue annoyance and expense.

5    7.    Target objects to the Interrogatories to the extent that they seek information not

6 related to the claims or defenses of any party in this matter or are not reasonably calculated to

7 lead to the discovery of admissible evidence.

8    8.    Target objects to the Interrogatories to the extent that the information sought is

9 unreasonably cumulative or duplicative, or is obtainable from a source other than Target that is

10 more convenient, less burdensome, or less expensive.  Target also objects to the Interrogatories to

11 the extent that they seek information that can be more easily obtained by Defendants from public

12 sources.

13    9.    Target objects to the Interrogatories to the extent that they contain terms that are

14 vague or ambiguous.  Target also objects to Defendants' definitions of words to the extent that

15 they are inconsistent with the plain meaning of those words or impose an expanded definition of

16 the words or phrases.  By responding to an Interrogatory containing such a definition, Target does

17 not adopt definitions of terms propounded by Defendants.  Instead, Target expressly reserves its

18 right to narrow the scope of the purported definition.

19    10.   Target specifically objects to the definitions of "Document(s)," "You," "Your,"

20 "Yourself," "Identify," and "Person" to the extent that such definitions make the Interrogatories

21 overly broad, unduly burdensome, or seek information that is not relevant to the subject matter of

22 this litigation and, therefore, render the Interrogatories not reasonably calculated to lead to the

23 discovery of admissible evidence.

24    11.   Target objects to the Interrogatories to the extent that they call for the disclosure of

25 information containing trade secrets or proprietary, sensitive, or other confidential business

26 information.

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

12.     Target objects to the Interrogatories to the extent that they seek legal conclusions and supporting facts that are not reasonably ascertainable or available at this stage of the litigation.

13.     Target objects to the Interrogatories to the extent that they would require Target to disclose information that would cause Target to violate its existing contractual obligations to other parties to maintain the confidentiality of such information.

14.     Target objects to the Interrogatories to the extent that they are premature.  In responding to such Interrogatories, Target in no way concedes their relevance to the merits and expressly reserves other objections to those Interrogatories.

15.     Target has not completed its discovery and preparation in this matter, and Target's investigation of this case is ongoing.  Target's responses are being made after reasonable inquiry into the relevant facts, and the responses are based only upon the information and documentation that is presently available to and known to Target.  Further investigation and discovery may result in the identification of additional information or contentions, and Target reserves the right to modify its responses.  Target's responses should not be construed to prejudice Target's right to conduct further investigation in this case, or to limit Target's use of any additional evidence that may be developed.

16.     Documents produced by Target in this litigation shall be deemed produced in response to these Interrogatories, subject to the responses and objections contained herein.  The burden of identifying specific information or documents responsive to these Interrogatories from documents produced in the course of this litigation is substantially the same for either party, and Target is entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY all PERSONS who provided information to answer these Interrogatories.

### RESPONSE TO INTERROGATORY NO. 1:

Target refers to and incorporates its General Objections as though set forth fully herein.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1   Target also objects to this Interrogatory on the ground that it seeks information not calculated to

2   lead to the discovery of admissible evidence.  Target further objects to the extent that the

3   Interrogatory seeks information protected by the attorney-client privilege or work-product

4   doctrine.

5   **INTERROGATORY NO. 2:**

6           IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation

7   that Thomson Consumer participated in a conspiracy with the DEFENDANTS and/or other

8   CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States

9   during the RELEVANT PERIOD.

10  **RESPONSE TO INTERROGATORY NO. 2:**

11          Target refers to and incorporates its General Objections as though set forth fully herein.

12  Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome,

13  particularly since the Interrogatory seeks every piece of evidence despite the fact that Defendants

14  only first produced documents in response to Plaintiffs' discovery requests on June 25, 2014.

15  Target also objects to this Interrogatory to the extent that it is duplicative of other interrogatories

16  served by other defendants in this case.  Target further objects to the extent that the Interrogatory

17  seeks information protected by the attorney-client privilege or work-product doctrine.  Target also

18  objects to this Interrogatory to the extent it seeks information equally available to Defendants.

19          Subject to and without waiving any of the foregoing objections, Target states that

20  information responsive to this Interrogatory is located in the following discovery responses,

21  documents, and information:

22      •   Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs'

23          First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

24      •   Second Supplemental Responses and Objections of Panasonic Corporation of North

25          America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita

26          Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of

27          Interrogatories (dated November 2, 2011);

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

1
2
3
4

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

5
6
7

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

8
9
10

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

11
12
13

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

14
15
16

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

17
18
19

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

20
21
22

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

23
24
25

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

26
27
28

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1    • Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First

2    Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013).

3    Target also refers Defendants to documents produced in this litigation at Bates Nos.:

4    TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-

5    CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-

6    0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-

7    0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233;

8    TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488;

9    HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336;

10   SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-

11   0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-

12   CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413;

13   SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372;

14   TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-

15   0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375;

16   SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084;

17   MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661;

18   MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077;

19   SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040;

20   PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-

21   0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325;

22   PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-

23   0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-

24   0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243;

25   CHU00734336; CHU00032940.

26   Target also refers the Defendants to the admissions of participation in the CRT antitrust

27   conspiracy included in Thomson SA's 2011 and 2012 Annual Reports to shareholders and the

28   findings of the European Commission regarding the CRT antitrust conspiracy and Thomson

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1    SA's involvement therein, including the fines assessed against Thomson SA.  European

2    Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47

3    billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-

4    release_IP-12-1317_en.htm.

5         Moreover, Target incorporates by reference the responses of all other plaintiffs in this

6    matter, including the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and all other

7    Direct Action Plaintiffs, to the same or substantially similar interrogatories propounded by all

8    Defendants in the MDL.  Discovery is ongoing and Target reserves the right to supplement

9    and/or amend its response to this Interrogatory as appropriate.

10   **INTERROGATORY NO. 3:**

11        IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation

12   that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other

13   CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States

14   during the RELEVANT PERIOD.

15   **RESPONSE TO INTERROGATORY NO. 3:**

16        Target refers to and incorporates its General Objections as though set forth fully herein.

17   Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome,

18   particularly since the Interrogatory seeks every piece of evidence despite the fact that Defendants

19   only first produced documents in response to Plaintiffs' discovery requests on June 25, 2014.

20   Target also objects to this Interrogatory to the extent that it is duplicative of other interrogatories

21   served by other defendants in this case.  Target further objects to the extent that the Interrogatory

22   seeks information protected by the attorney-client privilege or work-product doctrine.  Target also

23   objects to this Interrogatory to the extent it seeks information equally available to Defendants.

24        Subject to and without waiving any of the foregoing objections, Target states that

25   information responsive to this Interrogatory is located in the following discovery responses,

26   documents, and information:

27        • Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs'

28          First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-                TARGET CORP.'S RESPONSES AND OBJECTIONS TO
                   THOMSON SA AND THOMSON CONSUMER
                   ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1       •  Second Supplemental Responses and Objections of Panasonic Corporation of North

2                America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita

3                Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of

4                Interrogatories (dated November 2, 2011);

5       •  Third Supplemental Responses and Objections of Panasonic Corporation of North

6                America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita

7                Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of

8                Interrogatories (dated December 23, 2011);

9       •  Toshiba America Electronic Components, Inc.'s Supplemental Objections and

10              Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of

11              Interrogatories (dated February 10, 2012);

12       •  Toshiba Corporation's Supplemental Objections and Responses to Interrogatory

13              Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated

14              February 10, 2012);

15       •  Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to

16              Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5

17              (dated February 10, 2012);

18       •  Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser

19              Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10,

20              2012);

21       •  Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to

22              Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March

23              21, 2012);

24       •  Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and

25              Philips Electronics North America Corporation Responses to Direct Purchaser

26              Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013).

Target also refers Defendants to documents produced in this litigation at Bates Nos.: TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-10-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1   0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-

2   0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243;

3   CHU00734336; CHU00032940.

4           Target also refers the Defendants to the admissions of participation in the CRT antitrust

5   conspiracy included in Thomson SA's 2011 and 2012 Annual Reports to shareholders and the

6   findings of the European Commission regarding the CRT antitrust conspiracy and Thomson

7   SA's involvement therein, including the fines assessed against Thomson SA.  European

8   Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47

9   billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-

10  release_IP-12-1317_en.htm.

11          Moreover, Target incorporates by reference the responses of all other plaintiffs in this

12  matter, including the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and all other

13  Direct Action Plaintiffs, to the same or substantially similar interrogatories propounded by all

14  Defendants in the MDL.  Discovery is ongoing and Target reserves the right to supplement and/or

15  amend its response to this Interrogatory as appropriate.

16  **INTERROGATORY NO. 4:**

17          IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation

18  that Thomson Consumer continued to participate in the conspiracy that is the subject of YOUR

19  COMPLAINT after its CRT assets were sold to Videocon in July 2005.

20  **RESPONSE TO INTERROGATORY NO. 4:**

21          Target refers to and incorporates its General Objections as though set forth fully herein.

22  Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome,

23  particularly since the Interrogatory seeks every piece of evidence despite the fact that Defendants

24  only first produced documents in response to Plaintiffs' discovery requests on June 25, 2014.

25  Target also objects to this Interrogatory to the extent that it is duplicative of other interrogatories

26  served by other defendants in this case.  Target further objects to the extent that the Interrogatory

27  seeks information protected by the attorney-client privilege or work-product doctrine.  Target also

28  objects to this Interrogatory to the extent it seeks information equally available to Defendants.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-                    TARGET CORP.'S RESPONSES AND OBJECTIONS TO
                       THOMSON SA AND THOMSON CONSUMER
                       ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1    Subject to and without waiving any of the foregoing objections, Target states that

2  information responsive to this Interrogatory is located in the following discovery responses,

3  documents, and information:

4    • Technologies Displays Americas LLC's Responses to Sharp Electronics Corporation

5       and Sharp Electronics Manufacturing Company of America, Inc.'s First Set of

6       Interrogatories (dated October 8, 2013);

7    • Statement of Albino Bessa Re Technologies Displays Americas, LLC (dated April

8       18, 2014);

9    • Answer of Thomson Consumer Electronics, Inc. to Plaintiff's First Amended

10      Complaint;

11   • Answer of Thomson SA to Plaintiff's First Amended Complaint; and

12   • Answer of Technologies Displays Americas, LLC to Plaintiff's First Amended

13      Complaint.

14   Target also refers Defendants to documents produced in this litigation at Bates Nos.:

15  TDA00355;  MTPD-0410018;  MTPD-0410020;  PHLP-CRT-062325;  PHLP-CRT-062493;

16  MTPD-0479672.

17   Target also refers the Defendants to the admissions of participation in the CRT antitrust

18  conspiracy included in Thomson SA's 2011 and 2012 Annual Reports to shareholders.  Discovery

19  is ongoing and Target reserves the right to supplement and/or amend its response to this

20  Interrogatory as appropriate.

21  **INTERROGATORY NO. 5:**

22   IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation

23  that Thomson SA continued to participate in the conspiracy that is the subject of YOUR

24  COMPLAINT after its CRT assets were sold to Videocon in July 2005.

25  **RESPONSE TO INTERROGATORY NO. 5:**

26   Target refers to and incorporates its General Objections as though set forth fully herein.

27  Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome,

28  particularly since the Interrogatory seeks every piece of evidence despite the fact that Defendants

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-12-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1    only first produced documents in response to Plaintiffs' discovery requests on June 25, 2014.

2    Target also objects to this Interrogatory to the extent that it is duplicative of other interrogatories

3    served by other defendants in this case. Target further objects to the extent that the Interrogatory

4    seeks information protected by the attorney-client privilege or work-product doctrine. Target also

5    objects to this Interrogatory to the extent it seeks information equally available to Defendants.

6            Subject to and without waiving any of the foregoing objections, Target states that

7    information responsive to this Interrogatory is located in the following discovery responses,

8    documents, and information:

9        • Technologies Displays Americas LLC's Responses to Sharp Electronics Corporation

10           and Sharp Electronics Manufacturing Company of America, Inc.'s First Set of

11           Interrogatories (dated October 8, 2013);

12       • Statement of Albino Bessa Re Technologies Displays Americas, LLC (dated April

13           18, 2014);

14       • Answer of Thomson Consumer Electronics, Inc. to Plaintiff's First Amended

15           Complaint;

16       • Answer of Thomson SA to Plaintiff's First Amended Complaint; and

17       • Answer of Technologies Displays Americas, LLC to Plaintiff's First Amended

18           Complaint.

19           Target also refers Defendants to documents produced in this litigation at Bates Nos.:

20    TDA00355;  MTPD-0410018;  MTPD-0410020;  PHLP-CRT-062325;  PHLP-CRT-062493;

21    MTPD-0479672.

22           Target also refers the Defendants to the admissions of participation in the CRT antitrust

23    conspiracy included in Thomson SA's 2011 and 2012 Annual Reports to shareholders. Discovery

24    is ongoing and Target reserves the right to supplement and/or amend its response to this

25    Interrogatory as appropriate.

26    **INTERROGATORY NO. 6:**

27           IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation

28    that Thomson Consumer affirmatively concealed its alleged participation in the conspiracy that is

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-13-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1    the subject of YOUR COMPLAINT.

2    **RESPONSE TO INTERROGATORY NO. 6:**

3         Target refers to and incorporates its General Objections as though set forth fully herein.

4    Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome,

5    particularly since the Interrogatory seeks every piece of evidence despite the fact that Defendants

6    only first produced documents in response to Plaintiffs' discovery requests on June 25, 2014.

7    Target also objects to this Interrogatory on the ground that the term "affirmatively concealed" is

8    vague and ambiguous.  Target also objects to this Interrogatory to the extent that it is duplicative

9    of other interrogatories served by other defendants in this case.  Target further objects to the

10   extent that the Interrogatory seeks information protected by the attorney-client privilege or work-

11   product doctrine.  Target also objects to this Interrogatory to the extent it seeks information

12   equally available to Defendants.

13        Subject to and without waiving its objections, Target states that Thomson's actions in

14   furtherance of the unlawful conspiracy were all done in secret without knowledge of its

15   customers, consumers, or law enforcement agencies.  In addition, public announcements

16   regarding price changes were misleading and had the effect of concealing Thomson's illegal

17   conduct.  Target further refers to its response to Interrogatory No. 2.  Discovery is ongoing and

18   Target reserves the right to supplement and/or amend its response to this Interrogatory as

19   appropriate.

20   **INTERROGATORY NO. 7:**

21        IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation

22   that Thomson SA affirmatively concealed its alleged participation in the conspiracy that is the

23   subject of YOUR COMPLAINT.

24   **RESPONSE TO INTERROGATORY NO. 7:**

25        Target refers to and incorporates its General Objections as though set forth fully herein.

26   Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome,

27   particularly since the Interrogatory seeks every piece of evidence despite the fact that Defendants

28   only first produced documents in response to Plaintiffs' discovery requests on June 25, 2014.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-14-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1  Target also objects to this Interrogatory on the ground that the term "affirmatively concealed" is

2  vague and ambiguous.  Target also objects to this Interrogatory to the extent that it is duplicative

3  of other interrogatories served by other defendants in this case.  Target further objects to the

4  extent that the Interrogatory seeks information protected by the attorney-client privilege or work-

5  product doctrine.  Target also objects to this Interrogatory to the extent it seeks information

6  equally available to Defendants.

7       Subject to and without waiving its objections, Target states that Thomson's actions in

8  furtherance of the unlawful conspiracy were all done in secret without knowledge of its

9  customers, consumers, or law enforcement agencies.  In addition, public announcements

10  regarding price changes were misleading and had the effect of concealing Thomson's illegal

11  conduct.  Target further refers to its response to Interrogatory No. 3.  Discovery is ongoing and

12  Target reserves the right to supplement and/or amend its response to this Interrogatory as

13  appropriate.

14  **INTERROGATORY NO. 8:**

15       IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegations

16  against the Thomson Defendants contained in paragraphs 142 through 144 of YOUR

17  COMPLAINT.

18  **RESPONSE TO INTERROGATORY NO. 8:**

19       Target refers to and incorporates its General Objections as though set forth fully herein.

20  Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome,

21  particularly since the Interrogatory seeks every piece of evidence despite the fact that Defendants

22  only first produced documents in response to Plaintiffs' discovery requests on June 25, 2014.

23  Target also objects to this Interrogatory to the extent that it is duplicative of other interrogatories

24  served by other defendants in this case.  Target further objects to the extent that the Interrogatory

25  seeks information protected by the attorney-client privilege or work-product doctrine.  Target also

26  objects to this Interrogatory to the extent it seeks information equally available to Defendants.

27       Subject to and without waiving any of the foregoing objections, Target states that

28  information responsive to this Interrogatory is located in the following discovery responses,

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-15-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1   documents, and information:

2       SDCRT-0002526-2528; SDCRT-0086490-6492; SDCRT-0086503; SDCRT-0086508-

3   6510; SDCRT-0086511; SDCRT-0002488-2489; HEDUS-CRT00168774-8775; SDCRT-

4   0087662-7663; SDCRT-0087340-7342; SDCRT-0087664-7666; SDCRT-0087670-7672;

5   SDCRT-0087705-7707; MTPD-0223790-3792; SDCRT-0006632-6633; TDA02994; SDCRT-

6   0006903-6904; SDCRT-0007239; SDCRT-0007173; MTPD-0576483; SDCRT-0088635-8660;

7   SDCRT-0088661-8674; PHLP-CRT-022741-2744; TDA01365; TDA01360-61.

8       Target also refers Defendants to its responses to Interrogatory Nos. 2 and 3.  Discovery is

9   ongoing and Target reserves the right to supplement and/or amend its response to this

10  Interrogatory as appropriate.

11  **INTERROGATORY NO. 9:**

12      IDENTIFY each PERSON employed or controlled by YOU who negotiated and/or

13  approved YOUR purchase of CRTs from the Thomson Defendants during the RELEVANT

14  PERIOD.

15  **RESPONSE TO INTERROGATORY NO. 9:**

16      Target refers to and incorporates its General Objections as though set forth fully herein.

17  Target also objects to this Interrogatory on the ground that it seeks information not calculated to

18  lead to the discovery of admissible evidence.  Target further objects to this Interrogatory as

19  premature, overbroad, and unduly burdensome.  Target further objects to this Interrogatory on the

20  grounds that the terms "controlled by," "negotiated," and "approved" are vague and ambiguous.

21  Target also objects to this Interrogatory to the extent that it is duplicative of other interrogatories

22  served by other defendants in this case.  Target further objects to the extent that the Interrogatory

23  seeks information protected by the attorney-client privilege or work-product doctrine.

24      Subject to and without waiving any of the foregoing objections, Target states that it did

25  not purchase standalone CRTs.

26  **INTERROGATORY NO. 10:**

27      IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR

28  investigation into whether the Thomson Defendants participated in the conspiracy that is the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-16-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1    subject of YOUR COMPLAINT.

2    **RESPONSE TO INTERROGATORY NO. 10:**

3         Target refers to and incorporates its General Objections as though set forth fully herein.

4    Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome.

5    Target further objects to this Interrogatory on the grounds that the terms "controlled by,"

6    "participated in," and "investigation" are vague and ambiguous.  Target also objects to this

7    Interrogatory to the extent that it is duplicative of other interrogatories served by other defendants

8    in this case.  Target further objects to the extent that the Interrogatory seeks information protected

9    by the attorney-client privilege or work-product doctrine.

10   **INTERROGATORY NO. 11:**

11        IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to Interrogatory

12   No. 10 reviewed during YOUR investigation into whether the Thomson Defendants participated

13   in the conspiracy that is the subject of YOUR COMPLAINT.

14   **RESPONSE TO INTERROGATORY NO. 11:**

15        Target refers to and incorporates its General Objections as though set forth fully herein.

16   Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome.

17   Target further objects to this Interrogatory on the ground that the terms "reviewed" and

18   "investigation" are vague and ambiguous.  Target also objects to this Interrogatory to the extent

19   that it is duplicative of other interrogatories served by other defendants in this case.  Target

20   further objects to the extent that the Interrogatory seeks information protected by the attorney-

21   client privilege or work-product doctrine.

22   **INTERROGATORY NO. 12:**

23        IDENTIFY when YOU first learned of the existence of the conspiracy that is the subject

24   of YOUR COMPLAINT.

25   **RESPONSE TO INTERROGATORY NO. 12:**

26        Target refers to and incorporates its General Objections as though set forth fully herein.

27   Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome.

28   Target further objects to this Interrogatory on the ground that the terms "learned of" and

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-17-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

1    "existence" are vague and ambiguous.  Target also objects to this Interrogatory to the extent that

2    it is duplicative of other interrogatories served by other defendants in this case.  Target further

3    objects to the extent that the Interrogatory seeks information protected by the attorney-client

4    privilege or work-product doctrine.

5    **INTERROGATORY NO. 13:**

6        Do YOU contend that Thomson Consumer participated in the alleged conspiracy to fix the

7    price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend,

8    IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson

9    Consumer participated in such a conspiracy regarding CDTs.

10   **RESPONSE TO INTERROGATORY NO. 13:**

11       Target refers to and incorporates its General Objections as though set forth fully herein.

12   Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome.

13   Target also objects to this Interrogatory to the extent that it is duplicative of other interrogatories

14   served by other defendants in this case.  Target further objects to the extent that the Interrogatory

15   seeks information protected by the attorney-client privilege or work-product doctrine.  Target

16   further objects to this Interrogatory on the ground that it seeks information not reasonably

17   calculated to lead to the discovery of admissible evidence in that the CRT conspiracy covered

18   both CDTs and CPTs.  Target also objects to this Interrogatory on the ground that it calls for a

19   legal conclusion.  Target further objects to the extent that the Interrogatory seeks information

20   protected by the attorney-client privilege or work-product doctrine.

21       Subject to and without waiving any of the foregoing objections, Target states that

22   Defendants' unlawful CRT conspiracy encompassed both CPT and CDT.  Target also refers

23   Defendants to its responses to Interrogatory Nos. 2 and 3.  Discovery is ongoing and Target

24   reserves the right to supplement and/or amend its response to this Interrogatory as appropriate.

25   **INTERROGATORY NO. 14:**

26       Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the price

27   of and/or reduce the output of CDTs during the relevant period? If YOU do so contend,

28   IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson SA

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-18-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1    participated in such a conspiracy regarding CDTs.

2    **RESPONSE TO INTERROGATORY NO. 14:**

3         Target refers to and incorporates its General Objections as though set forth fully herein.

4    Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome.

5    Target also objects to this Interrogatory to the extent that it is duplicative of other interrogatories

6    served by other defendants in this case.  Target further objects to the extent that the Interrogatory

7    seeks information protected by the attorney-client privilege or work-product doctrine.  Target

8    further objects to this Interrogatory on the ground that it seeks information not reasonably

9    calculated to lead to the discovery of admissible evidence in that the CRT conspiracy covered

10   both CDTs and CPTs.  Target also objects to this Interrogatory on the ground that it calls for a

11   legal conclusion.  Target further objects to the extent that the Interrogatory seeks information

12   protected by the attorney-client privilege or work-product doctrine.

13        Subject to and without waiving any of the foregoing objections, Target states that

14   Defendants' unlawful CRT conspiracy encompassed both CPT and CDT.  Target also refers

15   Defendants to its responses to Interrogatory Nos. 2 and 3.  Discovery is ongoing and Target

16   reserves the right to supplement and/or amend its response to this Interrogatory as appropriate.

17   **INTERROGATORY NO. 15:**

18        IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU

19   discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT

20   against the Thomson Defendants.

21   **RESPONSE TO INTERROGATORY NO. 15:**

22        Target refers to and incorporates its General Objections as though set forth fully herein.

23   Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome.

24   Target further objects to this Interrogatory on the ground that the terms "discovered" and

25   "caused" are vague and ambiguous.  Target also objects to this Interrogatory to the extent that it is

26   duplicative of other interrogatories served by other defendants in this case.  Target also objects to

27   this Interrogatory on the ground that it is duplicative of Interrogatory Nos. 2-8 and 12.  Target

28   further objects to the extent that the Interrogatory seeks information protected by the attorney-

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-19-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1  client privilege or work-product doctrine.

2  **INTERROGATORY NO. 16:**

3      Explain why YOU did not name Thomson Consumer as a defendant in your original

4  complaint, *Target Corp et al. v. Chunghwa Picture Tubes, Ltd. et al.*, Case No. 11-cv-05514, filed

5  by YOU on or about November 14, 2011 in the Northern District of California.

6  **RESPONSE TO INTERROGATORY NO. 16:**

7      Target refers to and incorporates its General Objections as though set forth fully herein.

8  Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome.

9  Target also objects to this Interrogatory on the ground that it seeks information not calculated to

10  lead to the discovery of admissible evidence.  Target also objects to this Interrogatory to the

11  extent that it is duplicative of other interrogatories served by other defendants in this case.  Target

12  further objects to the extent that the Interrogatory seeks information protected by the attorney-

13  client privilege or work-product doctrine.

14

15  DATED: July 10, 2014            By:    */s/ Astor H.L. Heaven*

16                        Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)

17                        CROWELL & MORING LLP
515 South Flower St., 40th Floor

18                        Los Angeles, CA  90071
Telephone:  213-443-5582

19                        Facsimile:  213-622-2690
Email: jmurray@crowell.com

20                                 rmcnary@crowell.com

21                        Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)

22                        CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.

23                        Washington, D.C. 20004
Telephone:  202-624-2500

24                        Facsimile:  202-628-5116
Email: jmurphy@crowell.com

25                                 aheaven@crowell.com

26                        *Counsel for Target Corp.*

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-20-

DCACTIVE-28178248.2