1   Mark C. Dosker (State Bar # 114789)
    Nathan Lane III (State Bar # 50961)
2   SQUIRE PATTON BOGGS (US) LLP
    275 Battery Street, Suite 2600
3   San Francisco, CA  94111
    Telephone: +1 415 954 0200
4   Facsimile: +1 415 393 9887
    Email: mark.dosker@squirepb.com
5   nathan.lane@squirepb.com

6   Attorneys for Defendant
    Technologies Displays Americas LLC with respect to all cases
7   except *Office Depot, Inc. v. Technicolor SA, et al.* and *Sears,*
    *Roebuck and Co., et al. v. Technicolor SA, et al.*
8   (*additional counsel on signature page*)

9                    UNITED STATES DISTRICT COURT
10                 NORTHERN DISTRICT OF CALIFORNIA
                       SAN FRANCISCO DIVISION
11

| **In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-CV-5944-SC MDL No. 1917 |
|---|---|
| This Document Relates to | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | **DEFENDANT TECHNOLOGIES DISPLAYS AMERICAS LLC'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM** |
| *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-005723; | |
| *Crago, d/b/a Dash Computers, Inc., et al., v. Mitsubishi Electric Corporation, et al.*, No. 14-cv-02058; | **ORAL ARGUMENT REQUESTED** |
| *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | Date:      February 6, 2015 |
| *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727; | Time:     10:00 a.m. |
| *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726; | Judge:   Hon. Samuel Conti |
| *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725; | |
| *Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668; | |
| *Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262; | |
| *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173; | |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | |
| *Target Corp., v. Technicolor SA, et al.*, No. 13-cv-05686. | |

*Left margin, vertical text:* SQUIRE PATTON BOGGS (US) LLP / 275 Battery Street, Suite 2600 / San Francisco, California 94111

# TABLE OF CONTENTS

**Page(s)**

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 3

I.      ISSUES PRESENTED.......................................................................... 3

II.     INTRODUCTION ............................................................................. 3

III.    UNDISPUTED MATERIAL FACTS ........................................................ 5

IV.     ARGUMENT ................................................................................... 8

    A.   Sherman Act Claims – Legal Requirements. ...................................... 8

    B.   Summary Judgment Standard. ....................................................... 9

    C.   There Is No Evidence That TDA Participated In A Contract, Combination or Conspiracy In Restraint of the CRT Trade. ...................................... 10

    D.   TDA Is Entitled To Summary Judgment With Respect To Claims Based On Color Display Tubes Because TDA Has Never Been In That Market .......... 12

    E.   TDA Is Entitled to Summary Judgment As To All Claims Except the Sharp Claims, Based On The *Illinois Brick* Standing Requirement............................... 13

    F.   Due Process Entitles TDA To Summary Judgment As To State Law Claims Based on the Law of States With Which Neither TDA Nor Relevant Transactions Had Meaningful Contacts................................. 13

    G.   TDA Is Entitled To Summary Judgment On State Law Claims On The Basis Of The Statutes Of Limitations .............................. 15

V.  CONCLUSION…………………………………………………………………17

SQUIRE PATTON BOGGS (US) LLP

275 Battery Street, Suite 2600

San Francisco, California 94111

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Allstate Ins. Co. v. Hague,*
5
    449 U.S. 302 (1981)..................................................................................................14

6

*Am. Ad Mgmt., Inc. v. GTE Corp.,*
    92 F.3d 781 (9th Cir. 1996).........................................................................................8
7

8

*Apex Oil Co., v. DiMauro,*
    822 F.2d 246 (2d Cir. 1987)...................................................................................9, 10

9

*Arizona v. Shamrock Foods,*
10
    729 F.2d 1208 (9th Cir. 1984)....................................................................................13

11

*AT&T Mobility LLC v. AU Optronics Corp.,*
    707 F.3d 1107 (9th Cir. 2013)....................................................................................14
12

13

*In re ATM Fee Antitrust Litig.,*
    686 F.3d 741 (9th Cir. 2012)......................................................................................13

14

*In re Cathode Ray Tube (CRT) Antitrust Litig.,*
15
    2013 WL 4505701 (N.D. Cal. Aug. 21, 2013).....................................................13, 14

16

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986)..............................................................................................9, 10

17

18
*In re CRT Antitrust Litig.,*
    911 F.Supp.2d 857 (N.D. Cal. 2012) .........................................................................13

19

*Delaware Valley Surgical Supply, Inc. v. Johnson & Johnson,*
20
    523 F.3d 1116 (9th Cir. 2008).....................................................................................13

21

*In re Elec. Carbon Prods. Antitrust Litig.,*
    333 F.Supp.2d 303, 311-12 (D.N.J. 2004) ...................................................................9
22

23
*In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.,*
    681 F.Supp.2d 141 (D.Conn. 2009) ..............................................................................9

24

*Fairbank v. Wunderman Cato Johnson,*
25
    212 F.3d 528 (9th Cir. 2000)..................................................................................9, 10

26
*In re High Fructose Corn Syrup Antitrust Litig.,*
    295 F.3d 651 (7th Cir. 2002).................................................................................8, 9

27

*Illinois Brick Co. v. Illinois,*
28
    431 U.S. 720 (1977)......................................................................................2, 3, 4, 13

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

*Kendall v. Visa, U.S.A., Inc.*,
    518 F.3d 1042, 1047 (9th Cir. 2008)..................................................................8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)..............................................................................9, 10

*Monsanto Co. v. Spray-Rite Serv. Corp.*,
    465 U.S. 752, 764 (1984).......................................................................9, 10

*In re Oracle Corp. Sec. Litig.*,
    627 F.3d 376 (9th Cir. 2010)......................................................................10

*Royal Printing Co. v. Kimberly Clark Corp.*,
    621 F.2d 323 (9th Cir. 1990)......................................................................13

*Sharp Electronics Corp. v. Hitachi, Ltd.*,
    Case No. 13-cv-01173.............................................................................4, 7

*Stanislaus Food Prod. Co. v. USS–POSCO Indus.*,
    782 F.Supp.2d 1059 (E.D. Cal. 2011).............................................................8

*In re TFT Antitrust Litig.*,
    Case No. 07-cv-1827, 2014 U.S. Distr. LEXIS 124319 (N.D.Cal. Sept. 4,
    2014) ................................................................................................10

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    586 F.Supp.2d 1109 (N.D. Cal. 2008) ............................................................9

**Federal Statutes**

15 U.S.C. § 1 ..........................................................................................8

**Other Statutes**

Arizona Revised Statutes § 44-1410 ...............................................................16

Florida Deceptive and Unfair Trade Practices Act
    Florida Stat. § 95.11(3)(f) .........................................................................15

Illinois Antitrust Act, Ill. 740 ILCS 10/7 .........................................................16

Mass. Gen. Laws Chapter 93 § 12 .................................................................16

Mich. AT Reform Act: 445.781 ....................................................................16

Minn. Stat. § 325 D. 64 .............................................................................16

New York Unfair Competition Law, N.Y. Gen. Bus. Law § 349,
    N.Y. C.P. L.R. 214 .................................................................................15

Rev. Code Wash. § 19.86.120.......................................................................16

## <u>NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT</u>

PLEASE TAKE NOTICE that on February 6, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Defendant Technologies Displays Americas LLC ("TDA") will and hereby does move for summary judgment under Federal Rule of Civil Procedure 56 on the following claims asserted by the following Plaintiffs:

| Plaintiffs | Claims[1] |
|---|---|
| Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc. (collectively "Best Buy") | First (Sherman § 1) and Second (Minnesota) Claims (all claims) |
| Costco Wholesale Corporation ("Costco") | First (Sherman § 1), Second (California), Third (California), Fourth (Washington), Fifth (Arizona) and Sixth (Florida) Claims (all claims) |
| Crago, d/b/a Dash Computers, Inc., Arch Electronics, Inc., Meijer, Inc., Meijer Distribution, Inc., Nathan Muchnick, Inc., Princeton Display Technologies, Inc. Radio & TV Equipment, Inc., Studio Spectrum, Inc., and Wettstein and Sons, Inc., d/b/a Wettstein's (collectively "Crago") | First (Sherman § 1) Claim (only claim) |
| Electrograph Systems, Inc.; Electrograph Technologies Corp. (collectively "Electrograph") | First (Sherman § 1), Second (California), Third (California), Fourth (New York Donnelly Act) and Fifth (New York Unfair Competition) Claims (all claims) |
| Interbond Corporation of America ("Interbond") | First (Sherman § 1) and Second (Florida) Claims (all claims) |
| Office Depot, Inc. ("Office Depot") | First (Sherman § 1), Second (Florida) and Third (California Cartwright Act) Claims (all claims) |
| P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc. (collectively "P.C. Richard") | First (Sherman § 1) and Second (Arizona, Illinois, Michigan, New York Donnelly Act) Claims (all claims) |

[1] Siegel has dismissed its state law claims (Dkt 2942) and Target has agreed to do so. Dkt 2961. Those Plaintiffs' state law claims are therefore not addressed in this motion.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

| Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC ("Schultze") | First (Sherman § 1) and Second (Massachusetts) Claims (all claims) |
|---|---|
| Sears, Roebuck and Co., and Kmart Corp. (collectively "Sears") | First (Sherman § 1) and Third (Illinois and Michigan) Claims[2] |
| Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. ("Sharp") | First (Sherman § 1) and Fourth (New York Donnelly Act) Claims (all claims against TDA) |
| Alfred H. Siegel, solely as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Siegel") | First (Sherman § 1) (only claim) |
| Target Corp. ("Target") | First (Sherman § 1) (only claim) |

This Motion is based on the following:

1.      There is no evidence that TDA participated in any alleged CRT antitrust agreement or conspiracy from the fall of 2005, when TDA commenced its CRT operations, through 2007, that any TDA employee reached any agreement with any CRT competitor, or that TDA's pricing or production decisions were based on any cartel activity.

2.      TDA did not sell color display tubes and so cannot be found to have conspired with respect to a market in which it did not participate.

3.      TDA is entitled to summary judgment as to all claims except those by Sharp because all other Plaintiffs lack standing under *Illinois Brick*.

4.      TDA is entitled to partial summary judgment as to state law claims on due process and statute of limitations grounds.

TDA therefore seeks an order granting summary judgment in its favor as set forth above. This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the accompanying Declarations of Albino Bessa and Donald A. Wall; the files of these actions; argument of counsel; and such other matters as the Court may consider.

---

[2] Pursuant to the *Stipulation and [Proposed] Order Dismissing Certain Claims With Prejudice* filed on Nov. 7, 2014 [Dkt. No. 2979], Plaintiffs Sears and Kmart have agreed to dismissal with prejudice of the remainder of their state law claims.  Sears will continue to prosecute its claims under the Illinois Antitrust Act, and Kmart will continue to prosecute its claims under the Michigan statute for purchases pre-dating March 24, 2005, and under the Illinois Antitrust Act for purchases post-dating March 24, 2005.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     ISSUES PRESENTED**

1.     Whether summary judgment should be granted in favor of TDA as to all claims because there is no evidence whatsoever that TDA participated in the alleged CRT contract, combination or conspiracy.

2.     Whether summary judgment should be granted in favor of TDA as to all claims based on color display tube sales when TDA was never in the CDT business.

3.     Whether summary judgment should be granted in favor of TDA under *Illinois Brick* as to the Sherman Act claims asserted by all Plaintiffs which were not direct purchasers from TDA.

4.     Whether subjecting TDA to the law of states with which it had no significant contact comports with constitutional due process.

5.     Whether summary judgment should be granted in favor of TDA as to state law claims first asserted in 2013, long after the expiration of applicable state statutes of limitations.

**II.     INTRODUCTION**

TDA was formed in July 2005 and was a supplier of color picture tubes ("CPTs") from the fall of 2005 through the end of the Relevant Period in 2007.[3]  CPTs are one type of cathode ray tubes ("CRTs") which were used in television sets.  TDA never sold CDTs the other main type of CRT, which were incorporated into computer displays.  TDA ceased all CRT operations in 2008 and since then has been a glass recycler with one employee and one small office in Calexico, California. TDA was a complete stranger to the CRT litigation until March 2013, when it was sued by Sharp. Subsequently, a number of other Plaintiffs filed almost identical lawsuits against TDA.

TDA moved to dismiss the Sharp lawsuit as to it for failure to allege TDA's participation in the alleged conspiracy, as well as on statutes of limitations grounds. Dkt 2234. The Court denied that motion as to the Sherman Act claim and found that Sharp had alleged enough to meet

---

[3] Plaintiffs' Relevant Period is March 1, 1995 through December 31, 2007. TDA sold CRTs only near the end of this period.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

the minimum pleading standard. Dkt 2438. The Court also found that all of Sharp's state law claims except the New York Donnelly Act claim were barred by the applicable statutes of limitations and dismissed those claims with prejudice.[4] Dkt 2438.

Now that discovery is concluded, Plaintiffs must present evidence to support their claims against TDA.  They have not done so, and there is no evidence that TDA participated in any alleged conspiracy.  Plaintiffs have had years to investigate, obtain documents, and take depositions, but they have adduced no evidence that TDA, during its short time in the CRT business, participated in the alleged CRT price-fixing arrangement.

Because TDA never made or sold CDTs, it could not have participated in any purported conspiracy involving CDT prices.  TDA is thus entitled to summary judgment on Plaintiffs' CDT claims.

In addition, all of the Plaintiffs except Sharp were only indirect purchasers—they did not buy CRTs directly from TDA, but rather only purchased from others at or near the end of the television distribution chain. TDA sold only CRTs and did not sell any finished products (televisions) in the United States market. Consequently, those Plaintiffs lack standing to claim damages under the bright-line test of *Illinois Brick*.

TDA is also entitled to summary judgment on Plaintiffs' state law claims on due process grounds.  TDA had no connection to a number of states under whose laws Plaintiffs have sued, and thus TDA cannot be sued under the law of those states.  TDA had no reason to expect it could be subjected to state laws based on third parties' downstream purchases of finished products allegedly containing those tubes.  Subjecting TDA to such laws would violate due process.

Consistent with this Court's determination of TDA's motion to dismiss in the *Sharp* case, the state statutes of limitations, mostly four years, also preclude pursuit of Plaintiffs' state law claims (other than those under New York's Donnelly Act).  No Plaintiff sued TDA until 2013, more than five years after the Relevant Period ended and after the expiration of the state

---

[4] Sharp had alleged antitrust claims under the law of California, New Jersey, New York and Tennessee. The Court also, in response to Thomson's motion to dismiss, dismissed Sharp's and other Plaintiffs' non-Donnelly Act New York, New Jersey and Tennessee claims based on the state statutes of limitations. Dkt 2440.

limitations periods.

TDA is an inappropriate afterthought in this massive and complex antitrust litigation, and is entitled to summary judgment. [5]

## III.  UNDISPUTED MATERIAL FACTS

TDA is a Delaware limited liability company formed on or about July 12, 2005. Declaration of Albino Bessa ("Bessa Dec.") ¶ 2.  TDA was formed by one or more entities in the Thomson group of companies (collectively "Thomson"), it was originally named Thomson Displays Americas, LLC, and its name was changed to Technologies Displays Americas LLC on or about October 11, 2006. *Id.*

At the time of its formation in July 2005, TDA did not have any operations or assets.  In the fall of 2005, Thomson transferred a portion of its North American CRT business to TDA. *Id.* ¶ 3. The assets transferred to TDA included CRT and raw material inventory, certain contracts and contract rights, and an office lease in San Diego, California.  *Id.*

TDA was originally owned by Thomson. *Id.* ¶ 4.  In the fall of 2005, Eagle Corporation Limited, a Cayman Islands corporation, became the owner of TDA.  *Id.*

At the same time, some of the employees of the former Thomson CRT business became employees of TDA, including some former Thomson CRT sales personnel located in the Thomson San Diego office.  Jack Brunk, formerly a Thomson employee, became a sales manager for TDA in the fall of 2005 and was employed by TDA until he resigned as of July 31, 2006.  *Id.*

---

[5] TDA joins in the following summary judgment motions being filed by other Defendants on November 7, 2014:
1. Panasonic Defendants' Joint Motion for Partial Summary Judgment Against Indirect Purchaser Plaintiffs and Certain Direct Action Plaintiffs for Lack of Antitrust Injury and Antitrust Standing Under Federal and Certain State Laws.
2. Toshiba Defendants' Motion for Summary Judgment on Plaintiffs' Umbrella Damages.
3. Toshiba Defendants' Joint Motion for Summary Judgment With Respect to MARTA.
4. Panasonic Defendants' Motion for Summary Judgment Based Upon Plaintiffs' Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA.
5. Defendants' Motion for Partial Summary Judgment Against Costco on Choice of Law Grounds.
6. Defendants' Motion for Partial Summary Judgment Against Certain Direct Action Plaintiffs on State Law Claims Limited to Interstate Activity.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

¶ 5.  J.P. Hanrahan, alleged by Plaintiffs to have been employed by TDA after his Thomson employment, never was employed by TDA.  *Id.*

Beginning in the fall of 2005, TDA's business included sales to customers in the United States and in some other countries of CRTs manufactured by Technologies Displays Mexicana, S.A. de C.V. ("TDM") in Mexicali, Mexico, under a *maquiladora* arrangement.  *Id.* ¶ 6.  TDA ceased selling CRTs and shut down its CRT business in the spring of 2008.  *Id.* TDA thus was involved in the CRT business only at the end of the Relevant Period.

TDA sold only color picture tubes, and did not sell color display tubes.  *Id.* ¶ 7.  TDA sold CRTs to television manufacturers for use in television sets; TDA never sold television sets in the United States.  *Id.* ¶ 8.  Moreover, TDA never sold CRTs to any of the Plaintiffs in the Best Buy, Costco, Crago, Electrograph Systems, Interbond, Office Depot, P.C. Richard, Schultze, Sears, Siegel, or Target lawsuits.  *Id.*

TDA has not been in the CRT business related to the United States market since the spring of 2008. *Id.* ¶ 9.  All of the TDA employees involved in the sales of CRTs were laid off or otherwise had their employment terminated by that time. *Id.* The TDM CRT manufacturing facility in Mexicali, Mexico was also permanently shut down during that time period. *Id.* TDA left its San Diego location when its lease expired in April of 2008 and since then has occupied a small office on Carr Road in Calexico, California.  *Id.* ¶ 10.

TDA does not have and, since it began its CRT business in the fall of 2005, has not had any office, real property, manufacturing or sales facility, bank account, mailing address, telephone listing, or employees in Arizona, Florida, Kansas, Illinois, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, Washington, or Wisconsin. *Id.* at 11.  TDA is not and has never been qualified to do business in any of these states.  *Id.*  TDA's primary current business is, and for a number of years has been, collecting used television and computer monitor glass for recycling. The glass is collected and sent to Mexico to be processed by TDM, and the clean glass cullet is shipped overseas for recycling.  *Id.* ¶ 12.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

TDA has only one employee, Albino Bessa. He became President of TDA on or about October 29, 2007 and has been its sole employee since approximately June 2008. *Id.* ¶ 1.

TDA was not aware of the CRT antitrust litigation, had not been named as a party in any CRT antitrust lawsuit, had not received any discovery request in connection with the CRT litigation, and had not received any information request regarding the CRT business from any United States government agency or body prior to being served with the Complaint in *Sharp Electronics Corp. v. Hitachi, Ltd., et al.*, Case No. 13-cv-01173, in March 2013. *Id.* ¶ 13.

TDA retained some records from its CRT business, and also retained some Thomson CRT records which were left in the office in San Diego which TDA took over in the fall of 2005. *Id.* ¶ 14. TDA has no records or documents showing any awareness by TDA of a CRT price-fixing arrangement among CRT suppliers, indicating any agreement by TDA to participate in any such agreement, arrangement, or conspiracy, or showing any meeting or other communication between any TDA employee and any competitor with regard to fixing or establishing prices, limiting production, or any other activity asserted by Plaintiffs as a basis for their claims in the CRT litigation. *Id.* ¶¶ 15, 16.  To the best of TDA's knowledge, TDA did not participate in any such agreement, arrangement, conspiracy, or communications.  *Id.*

Plaintiffs have produced a composite "Supplemental Exhibit A to Various Direct Action Plaintiffs' Interrogatory Responses" ("Supplemental Exhibit A").  This exhibit consists of 102 pages of alleged meetings and other communications among various Defendants which Plaintiffs contend provide the basis for their claims. Plaintiffs' Supplemental Exhibit A lists other Defendants in columns with their alleged meetings or other communications, but it does not even have a column for TDA. *See* Plaintiffs' Supplemental Exhibit A to Various Direct Action Plaintiffs' Interrogatory Responses, dated November 6, 2014, submitted under seal with the Declaration of Laura K. Lin in Support of Defendants' Joint Motion for Partial Summary Judgment Against Certain Direct Action Plaintiffs on Due Process Grounds and Memorandum of Points and Authorities in Support Thereof.  Plaintiffs' Supplemental Exhibit A does not identify a

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

single statement or agreement by any TDA employee to fix prices or limit production, or providing or receiving confidential, sensitive information to or from TDA's competitors.

Plaintiffs have thus produced no evidence of any participation by TDA, through any TDA employee or otherwise, in any contract, combination or conspiracy in violation of the antitrust laws.

Plaintiffs filed their present lawsuits against TDA on the following dates:

- Best Buy - November 13, 2013
- Costco – November 12, 2013
- Crago – May 5, 2014
- Electrograph - November 13, 2013
- Interbond - November 12, 2013
- Office Depot - November 12, 2013
- P.C. Richard - November 13, 2013
- Schultze - November 13, 2013
- Sears - November 13, 2013
- Sharp - March 15, 2013
- Siegel - November 12, 2013
- Target - December 9, 2013

## IV.   ARGUMENT

### A.   Sherman Act Claims – Legal Requirements.

Section 1 of the Sherman Act prohibits "every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce.…"  15 U.S.C. § 1.  In order to prevail on a cause of action for violation of Section 1 of the Sherman Act 15 U.S.C. § 1, a plaintiff must prove (1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended harm or restrain trade or commerce, (3) which actually injures competition.  *Am. Ad Mgmt., Inc. v. GTE Corp*., 92 F.3d 781, 784 (9th Cir. 1996); *Stanislaus Food Prod. Co. v. USS–POSCO Indus.*, 782 F.Supp.2d 1059, 1077 (E.D. Cal. 2011) (quoting *Kendall v. Visa, U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008)).

Plaintiffs cannot rely on mere general allegations. "[A]n express, manifested agreement … involving actual, verbalized communication, must be proved in order for a price-fixing conspiracy to be actionable under the Sherman Act." *In re High Fructose Corn Syrup Antitrust*

*Litig.*, 295 F.3d 651, 654 (7th Cir. 2002). "To prove the existence of an express, manifested agreement, the antitrust plaintiff should present 'direct or circumstantial evidence that reasonably tends to prove that the manufacturer and others had a conscious commitment to a common scheme designed to achieve an unlawful objective." *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 681 F.Supp.2d 141, 166 (D.Conn. 2009) (quoting *Monsanto Co. v. Spray-Rite Serv. Co.*, 465 U.S. 752, 764 (1984)). "[A]t a minimum, the circumstances must be such as to warrant a jury in finding that the conspirators had a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement." *Apex Oil Co., v. DiMauro*, 822 F.2d 246, 252 (2d Cir. 1987) (internal quotations and modifications omitted).

Of critical importance here, Plaintiffs also must prove "that each individual defendant joined the conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F.Supp.2d 1109, 1117 (N.D. Cal. 2008) (quoting *In re Elec. Carbon Prods. Antitrust Litig.*, 333 F.Supp.2d 303, 311-12 (D.N.J. 2004. A defendant like TDA, who neither knew of nor participated in any conspiracy, simply cannot be held liable under Section 1 of the Sherman Act.

## B.      Summary Judgment Standard.

A party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat a summary judgment motion, the non-moving party which has the burden of proof "must do more than simply show that there is some metaphysical doubt as to the material facts" and must identify "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *see also Fairbank v. Wunderman Cato*

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

*Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) ("[A] moving defendant may shift the burden of producing evidence to the nonmoving plaintiff merely by 'showing'—that is, pointing out through argument—the absence of evidence to support plaintiff's claim.").  "The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case." *In re TFT Antitrust Litig.*, Case No. 07-cv-1827, 2014 U.S. Distr. LEXIS 124319 at *69 (N.D.Cal. Sept. 4, 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)); a*ccord In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

After a movant makes an initial showing of the absence of a genuine dispute, "the non[-]moving party must come forward with specific facts showing that there is a genuine [dispute] for trial." *Matsushita*, 475 U.S. at 587 (quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine [dispute] for trial." *Id.* (quotations omitted).  "To survive a motion for summary judgment…, a plaintiff [alleging] a violation of § 1 must present evidence 'that tends to exclude the possibility' that the alleged conspirators acted independently." *Id.* at 588 (quoting *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984)); *accord Apex Oil Co. v. DiMauro*, 822 F.2d 246, 252 (2d Cir. 1987). "[C]onduct as consistent with permissible competition as with illegal conspiracy does not, standing alone, support an inference of antitrust conspiracy." *Matsushita*, 475 U.S. at 588.

Accordingly, to prevent summary judgment in favor of TDA on all claims, Plaintiffs must come forward with evidence that TDA actually participated in the alleged global CRT price-fixing conspiracy while TDA was in the CRT business, from the fall of 2005 until the end of the Relevant Period in 2007.  The record here is utterly devoid of any such evidence.

### C.  There Is No Evidence That TDA Participated In A Contract, Combination or Conspiracy In Restraint of the CRT Trade.

After Sharp filed its lawsuit on March 15, 2013, TDA moved to dismiss on the grounds that *inter alia*, Sharp failed to plead sufficient allegations of TDA's purported participation in the

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

CRT conspiracy. Sharp's pleadings recited facts regarding the roles of other Defendants in the alleged conspiracy, but made no allegation regarding conduct by TDA. Other Plaintiffs, when they filed their lawsuits later in 2013 and in 2014, largely copied the Sharp allegations regarding TDA and made boilerplate allegations, in part "on information and belief," that TDA participated in the alleged conspiracy. *See, e.g.*, Sharp Second Amended Complaint, ¶ 197. Dkt 2621.

While Plaintiffs' allegations may have been sufficient to withstand a motion to dismiss at the pleading stage, they are not sufficient to withstand a motion for summary judgment or justify keeping TDA in this complex litigation. Plaintiffs have produced no evidence whatsoever that TDA was a party to any CRT price-fixing contract, combination or conspiracy, or that any TDA employee participated in any conspiratorial communications. In denying TDA's Rule 12(b)(6) motion to dismiss, the Court noted that "motive and intent play leading roles" in complex antitrust litigation, that "proof is largely in the alleged conspirators' hands," and that no depositions had been taken.  March 13, 2014 Order, pp. 6, 7. Dkt 2438.  Now, however, TDA has answered interrogatories, produced documents, and responded to requests for admissions in this litigation. Declaration of Donald A. Wall In Support of Defendant Technologies Displays Americas LLC's Motion for Summary Judgment, ¶ 2.  TDA's only employee (Albino Bessa) has been deposed, and a former TDA sales manager (Jack Brunk) has also been deposed.  *Id.* ¶¶ 3 and 4.  There is no evidence whatsoever that TDA entered into any contract, combination or conspiracy with CRT competitors during TDA's brief CRT operation from the fall of 2005 to the end of the Relevant Period in 2007. Neither TDA's documents nor the depositions contain any evidence that TDA participated in the alleged conspiracy.

Furthermore, Plaintiffs have compiled, in their composite "Supplemental Exhibit A," a listing of all of the alleged meetings and other communications which the collective group of Plaintiffs contend form the basis of their claims.  That lengthy document (102 pages) is separated by columns for each of the alleged conspirators. There is not even a column for TDA, and there is no evidence that any TDA employee shared with or received from a competitor any confidential, sensitive information.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Plaintiffs allege that the CRT conspiracy began in 1995, a decade before TDA came into existence, and became more formalized in 1997, and that many meetings occurred in Asia and other parts of the world in the years before TDA was formed. *See, e.g.*, Sharp Second Amended Complaint, ¶¶ 1, 2, 7, 145, 146, 153. Dkt 2621. Thus, there is no dispute that TDA was not an original participant in the alleged conspiracy and was not even in existence until near the end of the Relevant Period.  To avoid summary judgment, Plaintiffs are required to offer evidence that TDA was aware of the alleged CRT price-fixing conspiracy and knowingly joined it.  There is no such evidence.

Plaintiffs have alleged that two Thomson employees who allegedly participated in the conspiracy came to work for TDA. *See, e.g.*, Sharp Second Amended Complaint ¶ 74. Dkt 2621. There is no genuine dispute, however, that only one, Jack Brunk, ever became a TDA employee, and that he resigned on July 31, 2006. Bessa Dec. ¶ 5. There is no evidence that Mr. Brunk participated in the alleged conspiracy in the short time he was employed by TDA. The other person cited by Plaintiffs, Mr. Hanrahan, was never employed by TDA.  *Id.*

TDA was obviously an afterthought in the CRT litigation. Despite the facts that the CRT cartel allegations were first made in 2007, that government investigations and litigation commenced in 2007, and that some Plaintiffs filed their initial lawsuits years ago, TDA was not sued by anyone until March 2013, more than five years after public disclosures and after much document and deposition discovery.  That belated lawsuit was primarily focused on other Defendants and contained scant allegations regarding TDA. Other Plaintiffs filed essentially copy-cat lawsuits, also with minimal factual allegations regarding TDA. TDA was not a participant in any antitrust agreement or conspiracy regarding CRTs, TDA was a minor afterthought in the CRT litigation, and there is no basis for keeping this tiny glass recycler in this massive antitrust litigation.

### D.   TDA Is Entitled To Summary Judgment With Respect To Claims Based On Color Display Tubes Because TDA Has Never Been In That Market.

TDA's involvement in the CRT business from late 2005 to 2007 was solely with respect to CPTs.  Bessa Dec. ¶ 7.  TDA has never manufactured or sold CDTs.  *Id*. To the extent that

Plaintiffs are asserting claims based upon sales of CDTs, TDA is entitled to summary judgment as to such claims. The case law and analysis contained in Thomson Consumer's Motion for Summary Judgment, filed November 7, 2014, are equally applicable to TDA and compel partial summary judgment in favor of TDA with respect to all claims based on CDT sales.

### E.    TDA Is Entitled to Summary Judgment As To All Claims Except the Sharp Claims, Based On The *Illinois Brick* Standing Requirement.

*Illinois Brick Co. v. Illinois*, 431 U.S. 720, 734-35 (1977), established a bright-line rule that only the direct purchasers of a product alleged to be the subject of a price fixing arrangement have standing to seek damages under the United States antitrust laws. As this Court has previously found, Plaintiffs who purchased finished products from others in the distribution chain, rather than CRTs directly from Defendants, are indirect purchasers. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013 WL 4505701 (N.D. Cal. Aug. 21, 2013); *In re CRT Antitrust Litig.*, 911 F.Supp.2d 857, 864 (N.D. Cal. 2012); *see also Delaware Valley Surgical Supply, Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1120-21 (9th Cir. 2008).

This rule applies to all Sherman Act claims against TDA except the Sharp claim. Sharp is the only Plaintiff that purchased CRTs (CPTs) directly from TDA. None of the other Plaintiffs purchased CRTs from TDA, and none claim to have done so. All are therefore indirect purchasers as to TDA and may not pursue federal antitrust claims against TDA. There is no claim that the direct purchasers from TDA (television manufacturers) are owned or controlled by TDA or by any of these Plaintiffs, or that any other exception to the *Illinois Brick* rule applies here.  *See In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 749, 757 (9th Cir. 2012); *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323, 326 (9th Cir. 1990); *Arizona v. Shamrock Foods*, 729 F.2d 1208, 1211 (9th Cir. 1984).  TDA is therefore entitled to summary judgment under *Illinois Brick* on the Sherman Act claims of all Plaintiffs except Sharp.

### F.    Due Process Entitles TDA To Summary Judgment As To State Law Claims Based on the Law of States With Which Neither TDA Nor Relevant Transactions Had Meaningful Contacts.

The analysis and case law in (a) Defendants' Joint Motion for Partial Summary Judgment Against Certain Direct Action Plaintiffs on Due Process Grounds and Memorandum of Points and

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Authorities In Support Thereof and (b) Defendants' Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) SDN.  BHD.'s Motion for Summary Judgment on Direct Action Plaintiffs' State Law Claims on Due Process Grounds, both filed November 7, 2014, also apply here to certain state law claims asserted against TDA. The arguments in those motions equally apply to claims asserted by Best Buy, Costco, Electrograph, Interbond, P.C. Richard, Schultze, and Sharp against TDA based on Arizona, Florida, Illinois, Massachusetts, Michigan, Minnesota, New York, and Washington law. Accordingly, for the reasons set forth in those motions, TDA is entitled to summary judgment as to claims based upon those states' law.

The Due Process Clause of the Fourteenth Amendment allows a state's substantive law to be applied only when that state has "a significant contact or significant aggregation of contacts, creating state interests, with the parties and the occurrence or transaction" so that "choice of law is neither arbitrary nor fundamentally unfair." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308, 312-13 (1981); *see also AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1107, 1114 (9th Cir. 2013); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013 WL 4505701, at *6 (N.D. Cal. Aug. 21, 2013). The Court must analyze a state's contacts with both (a) "the parties" and (b) "the occurrence or transaction giving rise to the litigation." *Allstate*, 449 U.S. at 308, 312-13. Furthermore, for application of a state law to be "neither arbitrary nor fundamentally unfair," there must be evidence of sufficient contracts between *each defendant* and the state law sought to be applied.  *AT&T Mobility*, 707 F.3d at 113 n. 3, 1114.

The standard is not met here as to TDA with regard to the states mentioned above. TDA never had operations, real property, facilities, bank accounts, sales, or employees in those states. Bessa Dec. ¶ 11.  Of the Plaintiffs in these CRT cases, only Sharp even purchased any CRTs from TDA, and TDA made no sales to anyone in those states.  *Id.*  Thus, neither TDA nor the sales transactions giving rise to these claims have any meaningful connection to these states. And Plaintiffs have not alleged that TDA engaged in any anticompetitive conduct in any of these states. For these reasons, and based on the case law and analysis in the other two motions referenced above, application of Arizona, Florida, Massachusetts, Michigan, Minnesota, New

York and Washington law to TDA would be arbitrary and fundamentally unfair, and contrary to the Due Process Clause of the Fourteenth Amendment.

**G.     TDA Is Entitled To Summary Judgment On State Law Claims On The Basis Of The Statutes Of Limitations.**

A number of Plaintiffs assert claims under state antitrust laws that are barred by the applicable statutes of limitation. Costco, Interbond, Office Depot and Sears have asserted claims against TDA under the Florida Deceptive and Unfair Trade Practices Act, which has a four-year statute of limitations (Florida Stat. § 95.11(3)(f)). Those Plaintiffs first filed lawsuits against TDA on November 12, and November 13, 2013. Claims against TDA under the Florida statute that are based on conduct before November 12, 2009 — *i.e.*, all of the alleged conduct — are thus barred unless the statute was tolled. The case law and analysis set forth in Defendants' Motion for Partial Summary Judgment as to Indirect Purchaser Plaintiffs' and Certain Direct Action Plaintiffs' State Law Claims on Statute of Limitations Grounds filed November 7, 2014 ("Joint S/L Motion") with regard to the inapplicability of tolling under the Florida statute are equally applicable to the claims against TDA and demonstrate that no tolling occurred. TDA is thus entitled to summary judgment on the Florida law claims asserted by Costco, Interbond, Office Depot and Sears.

Electrograph asserts a claim under the New York Unfair Competition Law (N.Y. Gen. Bus. Law § 349), which is subject to a three-year limitation period (N.Y. C.P.L.R. 214). Electrograph sued TDA on November 13, 2013, so claims based on conduct prior to November 13, 2010 are barred unless tolled. As set forth in the Joint S/L Motion, no tolling theory applies, and Electrograph's New York claim is barred. Furthermore, this Court, in granting motions to dismiss Sharp's New York Unfair Competition claim, has already found that claims against TDA based upon that law are time-barred. *See* Dkt 2438 and Dkt 2440. The same conclusion must be reached regarding all other Plaintiffs' claims under this New York law, since all other lawsuits against TDA were filed at least eight months after the Sharp lawsuit.

Costco, Electrograph, Office Depot and Sears also asserted California state law claims against TDA. This Court has already found Sharp's California claims to be time-barred. *See* Dkt

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

2438 and Dkt 2440.  The same result should be reached with regard to the California claims asserted by Costco, Electrograph, Office Depot and Sears.

Costco, P.C. Richard and Sears asserted claims against TDA under Arizona law.  The Arizona antitrust statute contains a four year limitation period.  Arizona Revised Statutes § 44-1410.  These lawsuits against TDA were filed on November 12 and November 13, 2013, respectively, so claims based on conduct prior to November 12, 2009 are time-barred unless tolled.

Costco, P.C. Richard and Sears asserted claims against TDA under Illinois law. The Illinois Antitrust Act, Ill. 740 ILCS 10/7, provides a four year limitation period, and claims based on conduct prior to November 12, 2009 are time-barred unless tolled.

Schultze and Sears asserted claims against TDA based on Massachusetts law. Massachusetts also has a four year statute of limitations for antitrust claims. Mass. Gen. Laws ch 93 § 12. Thus, claims based upon conduct before November 13, 2009 are time-barred unless tolled.

P.C. Richard and Sears asserted claims against TDA based on Michigan law, which also has a four-year statute of limitations. Mich. AT Reform Act: 445.781.  Once again, claims based upon conduct prior to November 13, 2009 are time-barred unless tolled. This Court has already found that Plaintiffs' claims against Thomson under Michigan law are time-barred.  *See* Dkt 2440. The same result applies to TDA.

Best Buy and Sears asserted claims against TDA based on Minnesota law, which also has a four-year limitation period. Minn. Stat. § 325 D. 64.  Claims based on conduct prior to November 13, 2009 are time-barred unless tolled. This Court has already found that Plaintiffs' claims against Thomson under Minnesota law are time-barred.  *See* Dkt 2440. The same result applies to TDA.

Costco asserted a claim against TDA based on Washington law, which also has a four-year limitation period for antitrust claims.  Rev. Code Wash. § 19.86.120.  Claims based on conduct prior to November 12, 2009 are time-barred unless tolled.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

The claims of Best Buy, Costco, Electrograph, Interbond, Office Depot, P.C. Richard, Schultze, and Sears against TDA based upon Arizona, California, Florida, Illinois, Massachusetts, Michigan, Minnesota, New York (except for the Donnelly Act claim) and Washington antitrust laws are barred by the applicable statutes of limitation in those states. All of these claims were filed in 2013, long after TDA ceased any involvement in the CRT business, and long after the statutes of limitations in these states had expired. Plaintiffs have provided no factual or legal basis for tolling of the limitation periods.  The Complaints themselves all allege, and the Court has found on a number of occasions, that the alleged CRT conspiracy was publicly known and of the subject of government investigations by November of 2007. Plaintiffs have not provided any factual information or evidence of any kind suggesting that TDA fraudulently concealed any role in the alleged CRT conspiracy. Indeed, such a claim would plainly be baseless.  There is no evidence that TDA participated in such a conspiracy, or even was aware of the allegations until March, 2013.  Bessa Dec. ¶ 13. TDA is therefore entitled to summary judgment with respect to these state law claims.

## V.    **CONCLUSION**

There is no evidence that TDA participated in the alleged antitrust conspiracy. TDA is entitled to summary judgment on all claims on this basis.  TDA has never sold CDTs and is entitled to judgment on all claims based on CDT sales. Furthermore, all Plaintiffs except Sharp are indirect purchasers who cannot sustain their federal claims against TDA. Plaintiffs' state law claims also fail for statute of limitations and due process reasons. Plaintiffs cannot constitutionally assert the Arizona, Florida, Illinois, Massachusetts, Michigan, Minnesota, Mississippi, New York or Washington state law claims against TDA, and TDA is also entitled to summary judgment with respect to all state law claims except the New York Donnelly Act claims based on the applicable statute of limitations.

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        For the foregoing reasons, this Court should grant summary judgment in favor of TDA as
set forth above.

        RESPECTFULLY SUBMITTED this 7th day of November, 2014.

                                SQUIRE PATTON BOGGS (US) LLP


                                */s/ Donald A. Wall*
                                Mark Dosker
                                Nathan Lane, III
                                275 Battery Street, Suite 2600
                                San Francisco, CA  94111
                                Telephone: 415.954.0200
                                Facsimile: 415.393.9887
                                Email: mark.dosker@squirepb.com
                                nathan.lane@squirepb.com

                                Donald A. Wall (*Pro Hac Vice*)
                                SQUIRE PATTON BOGGS (US) LLP
                                1 East Washington Street, Suite 2700
                                Phoenix, Arizona 85004
                                Telephone: + 1 602 528 4000
                                Facsimile: +1 602 253 8129
                                Email: donald.wall@squirepb.com

                                Attorneys for Defendant Technologies Displays
                                Americas LLC with respect to all cases except *Office
                                Depot, Inc. v. Technicolor SA, et al.* and *Sears, Roebuck
                                and Co., et al. v. Technicolor SA, et al.*

                                CURTIS, MALLET-PREVOST, COLT &
                                MOSLE LLP


                                */s/* Jeffrey I. Zuckerman
                                Jeffrey I. Zuckerman (*Pro Hac Vice*)
                                Ellen Tobin (*Pro Hac Vice*)
                                101 Park Avenue
                                New York, New York 10178
                                Telephone: 212.696.6000
                                Facsimile: 212.697.1559
                                Email: jzuckerman@curtis.com
                                etobin@curtis.com

1     Arthur Gaus (SBN 289560)
      DILLINGHAM & MURPHY, LLP
2     601 California Street, Suite 1900
      San Francisco, California 94108
3     Telephone: 415.397.2700
      Facsimile: 415.397-3300
4     Email: asg@dillinghammurphy.com

5
      Attorneys for Defendant Technologies Displays
6     Americas LLC with respect to *Office Depot, Inc. v.*
      *Technicolor SA, et al.* and *Sears, Roebuck and Co.,*
7     *et al. v. Technicolor SA, et al.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1

## **DECLARATION OF SERVICE**

2        The undersigned certifies and declares as follows:

3        I am employed in the County of Maricopa, State of Arizona; I am over the age of eighteen

4   years and am not a party to this action; my business address is 1 East Washington Street, Suite

5   2700, Phoenix, Arizona 85004, in said County and State.  On the date below, I served:

6   **DEFENDANT TECHNOLOGIES DISPLAYS AMERICAS LLC'S**
    **MOTION FOR SUMMARY JUDGMENT AND SUPPORTING**
7   **MEMORANDUM**

8   to all named counsel of record as follows:

9
        ☒ BY ECF (ELECTRONIC CASE FILING): I e-filed the above-detailed document(s)
10      utilizing the United States District Court, Northern District of California's mandated ECF
        (Electronic Case Filing) service on November 7, 2014. Counsel of record are required by
11      the Court to be registered e-filers, and as such are automatically e-served with a copy of
        the document(s) upon confirmation of e-filing.
12

13      I certify and declare under penalty of perjury that the foregoing is true and correct.

14   Executed on November 7, 2014, at Phoenix, Arizona.

15                                          /s/ Sara Ramirez

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111