1  Mark C. Dosker (State Bar # 114789)
   Nathan Lane, III (State Bar # 50961)
2  SQUIRE PATTON BOGGS (US) LLP
   275 Battery Street, Suite 2600
3  San Francisco, CA  94111
   Telephone: 415.954.0200
4  Facsimile: 415.393.9887
   Email: mark.dosker@squirepb.com
5  nathan.lane@squirepb.com

6  Attorneys for Defendant
   Technologies Displays Americas LLC with respect to all cases
7  except *Office Depot, Inc. v. Technicolor SA, et al.* and
   *Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*
8  (additional counsel on last page)

9              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
10              SAN FRANCISCO DIVISION

11
   **In re CATHODE RAY TUBE (CRT)**      Master File No. 3:07-CV-5944-SC
12 **ANTITRUST LITIGATION**              MDL No. 1917

13 This Document Relates to

14 *Best Buy Co., Inc., et al. v. Technicolor SA,*
   *et al.*, No. 13-cv-05264;          **DECLARATION OF ALBINO BESSA IN**
15 *Costco Wholesale Corporation v. Technicolor*   **SUPPORT OF DEFENDANT**
   *SA, et al.*, No. 13-cv-005723;    **TECHNOLOGIES DISPLAYS AMERICAS**
16 *Crago, d/b/a Dash Computers, Inc., et al., v.*  **LLC'S MOTION FOR SUMMARY**
   *Mitsubishi Electric Corporation, et al.,*      **JUDGMENT**
17 No. 14-cv-02058;

18 *Electrograph Systems, Inc., et al. v.*
   *Technicolor SA, et al.*, No. 13-cv-05724;

19 *Interbond Corporation of America v.*
   *Technicolor SA, et al.*, No. 13-cv-05727;

20 *Office Depot, Inc. v. Technicolor SA, et al.,*
   No. 13-cv-05726;

21 *P.C. Richard & Son Long Island Corporation,*
   *et al. v. Technicolor SA, et al.*, No. 13-cv-
22 05725;

23 *Schultze Agency Services, LLC v. Technicolor*
   *SA, et al.*, No. 13-cv-05668;

24 *Sears, Roebuck and Co., et al. v. Technicolor*
   *SA, et al.*, No. 13-cv-05262;

25 *Sharp Electronics Corp., et al. v. Hitachi,*
   *Ltd., et al.*, No. 13-cv-01173;
26
   *Siegel v. Technicolor SA, et al.*, No. 13-cv-
27 05261;

28 *Target Corp., v. Technicolor SA, et al.,*
   No. 13-cv-05686.

SQUIRE PATTON BOGGS
(US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Declaration of Albino Bessa in Support of TDA's Motion for Summary Judgment
Master Case No. 07-CV-5944-SC
577709/SFO                                    -1-

1.     I am the President and sole employee of Technologies Displays Americas LLC ("TDA"). I have been employed by TDA since approximately October 2006. Prior to that time I was employed by one or more Thomson companies (the Thomson group of companies are collectively referred to in this Declaration as "Thomson") as an engineer and manager in Thomson's cathode ray tube ("CRT") manufacturing facilities in Lancaster, Pennsylvania and Marion, Indiana, and in Thomson Displays Mexicana, S.A. de C.V.'s ("TDM") manufacturing facility in Mexicali, Mexico. Before the CRT business was shut down (as discussed below), all of my work for these companies was in the manufacturing portion of the business. On or about October 29, 2007 I became the President of TDA and have been its sole employee since approximately June of 2008.

2.     TDA is a Delaware limited liability company that was formed on or about July 12, 2005. TDA was formed by Thomson, it was originally named Thomson Displays Americas, LLC, and its name was changed to Technologies Displays Americas LLC on or about October 11, 2006.

3.     At the time of its formation in July 2005, TDA did not have any operations or assets.  In the fall of 2005, Thomson transferred a portion of its North American CRT business to TDA. The assets transferred to TDA included CRT and raw material inventory, certain contracts and contract rights, and an office lease in San Diego, California.

4.     At the time of its formation, TDA was owned by Thomson. In the fall of 2005, Eagle Corporation Limited ("Eagle"), a Cayman Islands corporation, became the owner of TDA.

5.     In the fall of 2005, when TDA acquired certain of Thomson's North American tube operations and began its own CRT business operation, some of the employees of the former Thomson CRT business in North America became employees of TDA. These TDA employees included some former Thompson CRT sales personnel located in the Thomson San Diego office. Jack Brunk, formerly a Thomson employee, became a sales manager for TDA in the fall of 2005 and was employed by TDA until he resigned as of July 31, 2006. J.P. Hanrahan never was employed by TDA.

6.     Beginning in the fall of 2005, TDA's business included the sale to customers in the United States and in some other countries of CRTs manufactured by TDM in Mexicali, Mexico, under a *maquiladora* arrangement. TDM had two CRT production lines in its Mexicali plant to

SQUIRE PATTON BOGGS
(US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

577709/SFO

Declaration of Albino Bessa in Support of TDA's Motion for Summary Judgment
Master Case No. 07-CV-5944-SC
-2-

1   manufacture CRTs for TDA to sell to its customers. In approximately April 2006 one of the two

2   lines was shut down, and in approximately May 2007 the other CRT manufacturing line at TDM

3   was shut down, so that CRT manufacturing ended. TDA ceased selling CRTs and shut down its

4   CRT business entirely in the spring of 2008. The last purchase orders for United States CRT sales

5   were dated May 20, 2008. After the manufacturing lines were shut down in approximately May

6   2007, TDA sold CRTs from inventory.

7          7.     TDA sold only color picture tubes, also known as cathode picture tubes, ("CPTs"),

8   which are used primarily in televisions. TDA did not sell color display tubes, also known as

9   cathode display tubes, ("CDTs"), which are used in computer monitors. Thus, all of TDA's CRT

10  sales were of color picture tubes.

11         8.     TDA did not manufacture or sell finished products containing CRTs, such as

12  televisions or computer monitors. TDA sold CRTs to television manufacturers for use in

13  television sets and sold a small number of CRTs to videogame manufacturers. TDA did not sell

14  television sets in the United States, and did not at any time sell CRTs to department stores,

15  electronics stores, or other retail stores. TDA never sold CRTs to any of the Plaintiffs in the

16  Best Buy, Costco, Crago, Electrograph Systems, Interbond, Office Depot, P.C. Richard, Schultz,

17  Sears, Siegel, or Target lawsuits.

18         9.     TDA has not been in the CRT business related to the United States market since it

19  shipped the CRTs covered by the May 20, 2008 purchase orders. All of the TDA employees

20  involved in the sales of CRT were laid off or otherwise had their employment terminated by the

21  spring of 2008. The TDM CRT manufacturing facility in Mexicali, Mexico was also permanently

22  shut down at that time.

23         10.    TDA left its San Diego location when its lease expired in April of 2008 and moved

24  to a small office on Carr Road in Calexico, California. TDA has since moved to another small

25  office on Carr Road in Calexico, California. TDA's only offices since TDA was formed in 2005

26  are these offices in San Diego and Calexico, California.

27         11.    TDA does not have and, since it began its CRT business in the fall of 2005, has not

28  had any office, real property, manufacturing or sales facility, bank account, mailing address,

telephone listing, or employees in Arizona, Florida, Illinois, Iowa, Kansas, Massachusetts,

SQUIRE PATTON BOGGS
(US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Declaration of Albino Bessa in Support of TDA's Motion for Summary Judgment
Master Case No. 07-CV-5944-SC
577709/SFO                                    -3-

Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, Washington or Wisconsin. TDA is not and was never qualified to do business in any of these states. Except for a small number of sales to a videogame manufacturer in Illinois, TDA never sold CRTs in any of these states.

12.    TDA's primary current business is, and for a number of years has been, collecting used television and computer monitor glass for recycling. The glass collected is sent to be processed by TDM in Mexico, and the clean glass cullet is shipped overseas for recycling.

13.    I first learned of the CRT antitrust litigation in March or April of 2013. TDA was not aware of the CRT antitrust litigation, had not been named as a party in any CRT antitrust lawsuit, had not received any discovery request in connection with the CRT litigation, and had not received any information request regarding the CRT business from any United States government agency or body prior to March 2013, when TDA was served with the Complaint in *Sharp Electronics Corp. v. Hitachi, Ltd., et al.*, Case No. 13-cv-01173.

14.    TDA has retained some records from its CRT business pertaining to the period from late 2005 to 2008. TDA also has retained some records from the former Thomson CRT operations which were left in the office in San Diego which TDA took over in the fall of 2005.

15.    I reviewed TDA's records regarding its CRT business operations and found no record that any TDA employee ever attended any meeting with TDA competitors to discuss, fix, raise or maintain CRT prices, or that TDA ever agreed with competitors to fix, raise or maintain CRT prices.

16.    TDA has no records or documents of any kind showing any awareness by TDA of a CRT price-fixing arrangement among CRT competitors, indicating any agreement by TDA to participate in any such agreement, arrangement, or conspiracy, or showing any meeting or other communication between any TDA employee and any competitor with regard to fixing or establishing prices, limiting production, or any other activity asserted by Plaintiffs as a basis for their claims in the CRT litigation. To the best of TDA's knowledge, TDA did not participate in any such agreement, arrangement, conspiracy, or communications.

/ / /

SQUIRE PATTON BOGGS
(US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

577709/SFO

Declaration of Albino Bessa in Support of  TDA's Motion for Summary Judgment
Master Case No. 07-CV-5944-SC
-4-

1        I declare under penalty of perjury that the foregoing is true and correct.  Executed on

2  November 7, 2014 in Calexico, California.

3

4  Albino Bessa

5

6  Additional counsel:

7

8  Donald A. Wall (*Pro Hac Vice*)
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700

9  Phoenix, Arizona 85004
Telephone: 602.528. 4000

10  Facsimile: 602.253.8129
Email: donald.wall@squirepb.com

11

12  Attorneys for Defendant
Technologies Displays Americas LLC with respect to all
cases except *Office Depot, Inc. v. Technicolor SA, et al.*

13  and *Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

14  Jeffrey I. Zuckerman (*Pro Hac Vice*)
Ellen Tobin (*Pro Hac Vice*)

15  CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue

16  New York, New York 10178
Telephone: 212.696.6000

17  Facsimile: 212.697.1559
Email: jzuckerman@curtis.com

18  etobin@curtis.com

19  Arthur Gaus (State Bar # 289560)
DILLINGHAM & MURPHY, LLP

20  601 California Street, Suite 1900
San Francisco, California 94108

21  Telephone: 415.397.2700
Facsimile: 415.397-3300

22  Email: asg@dillinghammurphy.com

23  Attorneys for Defendant
Technologies Displays Americas LLC with respect to

24  *Office Depot, Inc. v. Technicolor SA, et al.* and
*Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

25

26

27

28

SQUIRE PATTON BOGGS
(US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

577709/SFO

Declaration of Albino Bessa in Support of  TDA's Motion for Summary Judgment
Master Case No. 07-CV-5944-SC
-5-