Michael Lacovara (209279)
michael.lacovara@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Ave., 31st Floor
New York, NY 10022
Telephone:      212 277 4000
Facsimile:       212 277 4001

Terry Calvani (53260)
terry.calvani@freshfields.com
Richard Snyder (*pro hac vice*)
richard.snyder@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005-3960
Telephone:      202 777 4500
Facsimile:       202 777 4555

***Counsel for Defendant Beijing Matsushita
Color CRT Co., Ltd.***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No. 3:07-cv-5944 SC, MDL No. 1917 |
| This document relates to: | **DEFENDANT BEIJING MATSUSHITA COLOR CRT CO., LTD.'S MOTION TO DISMISS UNDER RULE 12(b)(2) AND MOTION FOR SUMMARY JUDGMENT UNDER RULE 56 FOR LACK OF PERSONAL JURISDICTION** |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | [Proposed] Order Granting Beijing Matsushita Color CRT Co., Ltd.'s Motion to Dismiss Under Rule 12(b)(2) and Motion for Summary Judgment Under Rule 56 for Lack of Personal Jurisdiction |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; | |
| *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157; | Judge:      Hon. Samuel P. Conti |
| *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510. | Court:      Courtroom 1, 17th Floor |
| | Date:      February 6, 2015, 10:00 a.m. |

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND MOTION FOR SUMMARY JUDGMENT UNDER RULE 56 FOR LACK OF PERSONAL JURISDICTION

1

## **TABLE OF CONTENTS**

2   TABLE OF AUTHORITIES ............................................................................................................II

3   MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 2

4   ISSUES PRESENTED.......................................................................................................... 2

5   RELEVANT PRIOR ORDERS............................................................................................ 2

    INTRODUCTION.................................................................................................................. 2

6   UNDISPUTED MATERIAL FACTS.................................................................................... 3

7   ARGUMENT ......................................................................................................................... 5

8   I.      THE DAPs' DECISION TO FORGO JURISDICTIONAL DISCOVERY
            OVER BMCC LEAVES THE RECORD INSUFFICIENT TO ESTABLISH
9           PERSONAL JURISDICTION OVER BMCC, AND EFFICIENCY AND
            FAIRNESS REQUIRE THE COURT TO REASSESS JURISDICTION NOW. ........ 7
10
            A.    BMCC's motion is timely and its proper resolution will streamline the trial. ........ 7
11
            B.    With discovery concluded, the DAPs are permitted to rely only upon
12                admissible evidence to defeat summary judgment.................................................... 8

13          C.    The DAPs may not rely upon the acts of co-conspirators to establish
                  personal jurisdiction over BMCC................................................................................ 8
14
    II.     BMCC DID NOT PURPOSEFULLY AVAIL ITSELF OF THE PRIVILEGES
15          OF CONDUCTING BUSINESS ACTIVITIES WITHIN THE UNITED
            STATES OR SEEK THE BENEFITS AND PROTECTIONS OF U.S. LAW............. 9
16
    III.    BMCC DID NOT INTENTIONALLY DIRECT PRICE-FIXING OR
17          OUTPUT-REDUCING CONDUCT AT THE UNITED STATES. ........................... 11

18          A.    BMCC did not conduct business with or in the United States that could
                  allow it to direct price-fixing or output-reducing conduct at the United
19                States. ...................................................................................................................... 12

20          B.    There is no evidence that BMCC entered into a horizontal agreement
                  targeted at the United States. .................................................................................. 14
21
    CONCLUSION ........................................................................................................................ 17

22

23

24

25

26

27

28

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................ 5

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000).................9, 15, 16

*Calder v. Jones*, 465 U.S. 783 (1984) ............................................................................................ 11

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).......................................................................6, 11

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977) ...................................... 7

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) ...................................................................... 10

*Fraser v. Goodale*, 342 F.3d 1032 (9th Cir. 2003) ......................................................................... 8

*Go-Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406 (9th Cir. 1989) ...................................................... 6

*In re Citric Acid Litig.*, 191 F.3d 1090 (9th Cir. 1999)................................................................. 14

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. C 02-1486 PJH,
    2005 WL 2988715, at *5-6 (N.D. Cal. Nov. 7, 2005) ................................................8, 10, 12, 15

*J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011) ......................................................... 9

*Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ..................................... 14

*Mimco, Inc. v. Va. Iron & Metal Recycling, Inc.*, 840 F. Supp. 1171 (S.D. Ohio 1993)................... 7

*Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752 (1984)........................................................ 14

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267 (9th Cir. 1995)........................................ 7

*Orr v. Bank of Am. NT*, 285 F.3d 764 (9th Cir. 2002) ...................................................................... 8

*Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491 (9th Cir. 1979) ............................ 8

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004)............................passim

*T.W. Elec. Serv., Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626 (9th Cir. 1987) ................... 6

*Walden v. Fiore*, 134 S. Ct. 1115 (2014)................................................................................passim

*Yahoo! Inc. v. La Ligue Contre Le Racisme*, 379 F.3d 1120 (9th Cir. 2004), *reh'g granted*,
    399 F.3d 1010 (9th Cir. 2005), *aff'd on reh'g*, 433 F.3d 1199 (9th Cir. 2006)........................... 11

*Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199 (9th Cir. 2006).................................... 6

Statutes

15 U.S.C. § 22.................................................................................................................................. 6

Rules

Fed. R. Civ. P. 12(h)......................................................................................................................... 7

Fed. R. Civ. P. 56(c)......................................................................................................................... 8

Other Authorities

FTC and DOJ, Antitrust Guidelines for Collaborations between Competitors (April 2000)........... 9

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

1    **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

2    PLEASE TAKE NOTICE that, on February 6, 2015, at 9:00 A.M., or as soon thereafter as this

3    matter may be heard before the Honorable Samuel Conti, Senior District Judge in the United

4    States District Court for the Northern District of California, San Francisco Division, 450 Golden

5    Gate Avenue, San Francisco, California 94102, the undersigned Defendant, Beijing Matsushita

6    Color CRT Co., Ltd. (*BMCC*) will and hereby does move for dismissal under Federal Rule of

7    Civil Procedure 12(b)(2), and, in the alternative, for summary judgment under Federal Rule of

8    Civil Procedure 56, in cases nos. 3:11-cv-05513-SC, 3:11-cv-05514-SC, 3:13-cv-00157-SC, and

9    3:14-cv-02510 (collectively, the *DAP Actions*), because the plaintiffs in the DAP Actions (the

10   *DAPs*) have failed to present evidence sufficient for the Court to exercise personal jurisdiction

11   over BMCC.  These motions are based on this Notice of Motion, the following Memorandum of

12   Points and Authorities, the Declaration of Richard Snyder, the files in these actions, arguments of

13   counsel, and such other matters as the Court may consider.

14   DATED: November 7, 2014

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

BMCC's MOTION TO DISMISS UNDER RULE 12(B)(2) AND MOTION FOR SUMMARY JUDGMENT
UNDER RULE 56 FOR LACK OF PERSONAL JURISDICTION

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

FRESHFIELDS 28
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

## MEMORANDUM OF POINTS AND AUTHORITIES

### ISSUES PRESENTED

Whether the undisputed material facts, as applied to controlling principles of law, require dismissal of the DAP Actions against BMCC for want of personal jurisdiction.

### RELEVANT PRIOR ORDERS

On March 13, 2014, the Court denied BMCC's motion to dismiss for lack of personal jurisdiction and inadequate service of process. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2014 U.S. Dist. LEXIS 35389 (N.D. Cal. Mar. 13, 2014), ECF No. 2437 (***Prior Order***).[1] The Prior Order appropriately relied on facts alleged in the DAP Complaints, and reasonable inferences that could be drawn from those facts, to support its denial of BMCC's motion to dismiss.

### INTRODUCTION

The material facts relevant to personal jurisdiction in each DAP Action are not in dispute, and with the factual record now closed, it is appropriate for the Court to revisit the jurisdictional inquiry. The Court previously found that, based on the facts alleged in the DAP Complaints, the reasonable inferences that could be drawn from those allegations, and a highly limited record, the DAPs had made the *prima facie* showing required to deny BMCC's motion to dismiss. Prior Order, 2014 U.S. Dist. LEXIS 35389, at *84. When they filed their claims, the DAPs received the evidentiary record developed by the indirect purchaser class through discovery from BMCC, but they have done basically *nothing* else – served no requests for production or interrogatories, taken no depositions, and only made eleventh-hour requests that BMCC authenticate documents.

The DAPs' inattention and inactivity notwithstanding, the Court must now hold the DAPs to a higher burden than the *prima facie* showing required prior to discovery. Doing so leads to only one conclusion: application of settled jurisprudence to the undisputed material facts would not allow a reasonable finder of fact to conclude that the Court may exercise personal jurisdiction over BMCC. In particular, the DAPs have not elicited evidence that disputes the following

---

[1]    There is no prior decision in *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 3:14-cv-02510.  BMCC asserted lack of personal jurisdiction as an affirmative defense in its August 27, 2014, Answer in that action. BMCC Answer (Dkt. No. 46) at 24:12, *ViewSonic Corp. v. Chunghwa*, No. 3:14-cv-02510.

BMCC's MOTION TO DISMISS UNDER RULE 12(B)(2) AND MOTION FOR SUMMARY JUDGMENT UNDER RULE 56 FOR LACK OF PERSONAL JURISDICTION

2

propositions, which collectively demonstrate that there is no proper basis on which to exercise personal jurisdiction over BMCC in respect of the DAP Actions:

- BMCC did not purposefully avail itself of any privilege associated with conducting activities within the United States, much less any individual state as to which any DAP has asserted state law claims;

- BMCC did not engage in conduct that determined the price or output of CRTs sold in or into in the United States;

- BMCC did not enter into price-fixing or output restriction agreements targeting the United States; and

- BMCC did not knowingly cause injury to each DAP by engaging in price-fixing or output restrictions.

The DAP Actions must therefore be dismissed.

## UNDISPUTED MATERIAL FACTS

BMCC is a company organized under the laws of the People's Republic of China, with its principal place of business in Beijing, China. Declaration of Ayumu Kinoshita in Support of Beijing Matsushita Color CRT Co., Ltd.'s Motion to Dismiss the Complaint for Lack of Personal Jurisdiction, dated October 30, 2013 (Dkt. No. 2118-1) (*Kinoshita Decl.*) at ¶ 7. BMCC's books, records, and personnel are all located in China. *Id*. BMCC had no subsidiaries, representative offices or other facilities outside of China and none within the United States. *Id*. ¶¶ 7, 8, 14. At all relevant times, 50% of BMCC was owned by Chinese shareholders who are not parties to the DAP or indirect purchaser actions. *Id*. ¶ 6.

Specifically relevant to personal jurisdiction are a litany of key facts, which the DAP Plaintiffs have neither tested nor controverted with evidence sufficient to defeat summary judgment. BMCC:

- never had a shipping address, telephone listing, or bank account in the United States. *Id*. ¶ 15.

- had no subsidiaries in the United States. *Id*. ¶ 8.

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY JUDGMENT FOR LACK OF PERSONAL JURISDICTION

3

- was never registered or licensed to do business in the United States. *Id*. ¶ 11.
- never had a registered agent or other person authorized to accept service of process in the United States. *Id*. ¶ 19.
- never owned, used, processed, or otherwise had any rights to any real property in the United States. *Id*. ¶ 12
- never operated any offices, plants, or warehouses in the United States. *Id*. ¶ 14.
- never paid any income or property taxes in the United States. *Id*. ¶ 6.
- never employed anyone in the United States. *Id*. ¶ 17.
- never maintained any inventory of products in the United States. *Id*. ¶ 20.
- never manufactured electronic devices containing CRTs. *Id*. ¶ 9.
- never manufactured CRTs, or any other products, in the United States. *Id*. ¶ 13.
- never sold any CRTs into the United States. *Id*. ¶¶ 22-23.
- never directed any advertising, marketing, or promotion in the United States, or otherwise solicited any business in the United States. *Id*. ¶ 18.

The Kinoshita Declaration also establishes facts that preclude the possibility that BMCC engaged in price-fixing or output restrictions targeted at the United States. BMCC did not sell color display tubes (**CDTs**) or color picture tubes (**CPTs**) in or into the United States. Kinoshita Decl. ¶¶ 22-23. To the sharply limited extent to which certain CPTs manufactured by BMCC were brought to the United States by a third party:

- BMCC entered into sales of the CPTs in China, for delivery to the third party in China. *Id*. ¶ 23.
- BMCC did not control, or have the ability to direct, the country to which those CPTs were shipped; the third party did. *Id*.
- BMCC did not determine the price at which the third party, who purchased CPTs in China, would sell such CPTs in the United States. *Id*.

In evaluating the record, the Court must deem the Kinoshita Declaration to be both credible and uncontroverted and should not give credence or weight to any arguments to the contrary. The

Freshfields
Bruckhaus Deringer
US LLP
Attorneys at Law

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY JUDGMENT FOR LACK OF PERSONAL JURISDICTION
4

1    Declaration was first filed in a related action brought in San Francisco Superior Court on

2    September 30, 2013.  Since it was filed, Mr. Kinoshita's successor as Deputy Director, Marketing

3    and Sales Department at BMCC, Mr. Muramatsu, was deposed by various CRT claimants.

4    Declaration of Richard S. Snyder, dated November 7, 2014 (**Snyder Decl.**), Ex. A.  Further,

5    although both Mr. Kinoshita and Mr. Muramatsu identified themselves as former employees of

6    BMCC during their depositions, neither witness was questioned on whether BMCC made sales to

7    the United States or on any topic in the Kinoshita Declaration related to the United States.  *See*

8    Snyder Decl. Ex. A at 6, 10, 60-61, 112 (portions referencing BMCC not indicating BMCC sales

9    or other BMCC conduct directed at the U.S.); Snyder Decl. Ex. B at 8, 18, 34-35, 154, 165, 178,

10   204, 233, 289-92, 295, 344-47, 380-83 (same).  Nor did any DAP seek to depose Mr. Kinoshita or

11   depose any other employee of BMCC.  Snyder Decl. ¶ 6.[2]  The facts thus require the conclusion

12   that the DAPs had the opportunity to test the Kinoshita Declaration and declined to do so.  The

13   Court, therefore, should credit the jurisdictional significance of each fact in the Kinoshita

14   Declaration on which BMCC now relies.

15                                    **<u>ARGUMENT</u>**

16          To survive summary judgment and proceed to trial against BMCC, each DAP must offer

17   evidence that establishes personal jurisdiction over BMCC, or at least establishes that material

18   facts relevant to the jurisdictional analysis remain in dispute.  "The mere existence of a scintilla of

19   evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find

20   for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  The

21   contents of the Kinoshita Declaration are uncontroverted, and BMCC's factual assertions

22   therefore meet its burden to demonstrate that there is no triable issue of fact as to the lack of

23   personal jurisdiction over BMCC.  BMCC having brought forward this evidence, the burden of

24   production then shifts so that the non-moving party must set forth, by affidavit or as otherwise

25

26   [2]   Although the DAPs indicated a desire for jurisdictional discovery in their opposition to BMCC's prior Motion to
          Dismiss, they in fact sought none.  Plaintiffs Best Buy, Target, & Tech Data's Consolidated Opposition to
27        Defendant Beijing Matsushita Color CRT Co., Ltd.'s Motion to Dismiss Certain Direct Action Purchaser
          Complaints (**Prior Opposition**) at 22, *Best Buy Co. v. Hitachi, Ltd.* (*In re Cathode Ray Tube (CRT) Antitrust
28        Litig.*), No. 3:07-cv-05944-SC (N.D. Cal. Jan. 21, 2014), ECF No. 2340.

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY
JUDGMENT FOR LACK OF PERSONAL JURISDICTION

provided in Rule 56, specific facts showing that there is a genuine issue for trial. *See T.W. Elec. Serv., Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 633 (9th Cir. 1987). Although the Court is required to draw all inferences "in the light most favorable to the non-moving party," *id.* at 631, DAPs chose to take no discovery of BMCC and should therefore not be permitted to plead poverty of evidence when they sought none from BMCC.

Although there are two forms of personal jurisdiction, specific and general, no DAP has argued that the Court has general jurisdiction over BMCC, and there is no basis for asserting that jurisdictional theory now. Prior Order, 2014 U.S. Dist. LEXIS 35389, at *77. Accordingly, the only operative question is whether the Court has a factual basis on which to exercise specific jurisdiction over BMCC. A court may exercise specific jurisdiction where a case arises out of or relates to the defendant's contacts with the forum. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). To exercise specific personal jurisdiction:

> (1)  The non-resident defendant must purposefully direct [its] activities or consummate some transaction with the forum or resident thereof; or perform some act by which [it] purposefully avails [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2)  the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3)  the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).[3] Failure to satisfy any of the three requirements results in dismissal. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52

---

[3]    In tort cases, the first requirement is assessed under the *Calder* "effects" test that "focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (citing *Calder v. Jones*, 465 U.S. 783, 189-90 (1984)). Under Section 12 of the Clayton Act, 15 U.S.C. § 22, the relevant forum for assessing jurisdiction in a federal antitrust action is the entire United States. *Go-Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1416 (9th Cir. 1989). The conclusion that the DAPs fail to prove sufficient national contacts under Section 12 of the Clayton Act would therefore require dismissal of all state claims as well, inasmuch as insufficient contact with

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY JUDGMENT FOR LACK OF PERSONAL JURISDICTION
6

1   F.3d 267, 270 (9th Cir. 1995) ("If any of the three requirements is not satisfied, jurisdiction in the
2   forum would deprive the defendant of due process of law.").

3   With the record closed, it is appropriate now for the Court to reach a definitive resolution
4   of the jurisdictional questions related to BMCC.  Application of the undisputed facts to settled
5   law requires that all DAP Actions against BMCC be dismissed for want of jurisdiction.

6   **I.**     **THE DAPs' DECISION TO FORGO JURISDICTIONAL DISCOVERY OVER**
7   **BMCC LEAVES THE RECORD INSUFFICIENT TO ESTABLISH PERSONAL**
8   **JURISDICTION OVER BMCC, AND EFFICIENCY AND FAIRNESS REQUIRE THE**
9   **COURT TO REASSESS JURISDICTION NOW.**

10      **A.**     **BMCC's motion is timely and its proper resolution will streamline the trial.**

11   BMCC's motion to dismiss and for summary judgment is timely and appropriate.  BMCC
12   asserted personal jurisdiction as an affirmative defense in its first responsive pleading to each
13   DAP Complaint, including the answer in the *ViewSonic* action filed on August 27, 2014, and has
14   not waived the defense. Fed. R. Civ. P. 12(h); Prior Order, 2014 U.S. Dist. LEXIS 35389, at *72.
15   Second, BMCC's renewal of its personal jurisdiction defense in the form of a summary judgment
16   motion is both appropriate and an efficient use of Court and party resources.  "[T]he issue of
17   personal jurisdiction may be raised again at the trial on the merits, after complete discovery,
18   where further factual issues may be argued and where the Plaintiff bears the burden of proving
19   personal jurisdiction by a preponderance of the evidence." *Mimco, Inc. v. Va. Iron & Metal*
20   *Recycling, Inc.*, 840 F. Supp. 1171, 1174-75 (S.D. Ohio 1993); *Data Disc, Inc. v. Sys. Tech.*
21   *Assocs., Inc.*, 557 F.2d 1280, 1290 n.6 (9th Cir. 1977) ("[S]o long as the plaintiff is permitted to
22   present all available evidence, summary judgment may be appropriate to determine whether there
23   is a genuine issue of material fact with regard to the merits, and by implication, with regard to
24   personal jurisdiction.").

25
26
27
28

the United States as a whole logically means contacts with any individual State are that much more attenuated and insufficient.

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY
JUDGMENT FOR LACK OF PERSONAL JURISDICTION

7

1    **B.    With discovery concluded, the DAPs are permitted to rely only upon**

2    **admissible evidence to defeat summary judgment.**

3    The DAPs elected to take no discovery from BMCC, jurisdictional or otherwise, and must

4    rely upon the evidentiary record as they find it.  In particular, the DAPs are no longer permitted to

5    rely on inferences, allegations, or promises of proof to be elicited in the future to show that there

6    is even a triable issue as to the exercise of personal jurisdiction over BMCC, and the Court is

7    permitted to consider only those facts which may be presented in an admissible form at trial.  *See*

8    Fed. R. Civ. P. 56(c).  For example, "unauthenticated documents cannot be considered in a

9    motion for summary judgment."  *Orr v. Bank of Am. NT*, 285 F.3d 764, 773 (9th Cir. 2002);

10   *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003) (holding that, on summary judgment, a

11   court must rely only on evidence that "could be presented in an admissible form at trial").

12   Similarly, hearsay that is not subject to any valid exception may not be considered by the Court.

13   *Orr*, 285 F.3d at 779 (holding that "[t]here being no applicable exception, [hearsay] is

14   inadmissible").

15   **C.    The DAPs may not rely upon the acts of co-conspirators to establish personal**

16   **jurisdiction over BMCC.**

17   Personal jurisdiction is specific to each defendant and may not be established through the

18   conduct of co-conspirators.  The Ninth Circuit has not adopted the "conspirator theory of

19   jurisdiction."  *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. C 02-

20   1486 PJH, 2005 WL 2988715, at *5-6 (N.D. Cal. Nov. 7, 2005) (surveying Ninth Circuit cases in

21   which the Ninth Circuit elected not to apply the conspirator theory of jurisdiction); *Piedmont*

22   *Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 492 (9th Cir. 1979) (rejecting an analogous

23   conspiracy theory to establish venue).  Therefore, in order to vest this Court with personal

24   jurisdiction over BMCC, the DAPs must present evidence that BMCC – itself – engaged in

25   conduct with the intent to fix prices or restrict output in the United States; plaintiffs may not rely

26   on evidence that *other entities*, even alleged co-conspirators, intentionally targeted the United

27

28

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY
JUDGMENT FOR LACK OF PERSONAL JURISDICTION
8

1    States.[4]  Jurisdiction over a defendant will attach only upon an evidentiary showing that the

2    defendant intentionally targeted the United States.  *Fred Martin Motor*, 374 F.3d at 807 (holding

3    an intentional act must be aimed at the desired forum to satisfy personal jurisdiction under the

4    *Calder* test); *see also Bancroft & Masters, Inc. v. Augusta Nat'l Inc*., 223 F.3d 1082, 1087 (9th

5    Cir. 2000) (holding jurisdiction was proper where conduct was "performed for the very purpose

6    of having their consequences felt in the forum state." (quoting *Brainerd v. Governors of the Univ.*

7    *of Alberta*, 873 F.2d 1257, 1259-60 (9th Cir.1989)) (internal quotation marks omitted).

8            BMCC is not aware of any evidence, and certainly no admissible evidence, that it

9    intentionally directed price-fixing or output restrictions with the intent to affect price or output in

10   the United States.  This fact, and the inability to impute jurisdiction to BMCC based on the

11   conduct or states of mind of alleged co-conspirators, supports the grant of summary judgment.

12   **II.     BMCC DID NOT PURPOSEFULLY AVAIL ITSELF OF THE PRIVILEGES OF**

13            **CONDUCTING BUSINESS ACTIVITIES WITHIN THE UNITED STATES OR**

14            **SEEK THE BENEFITS AND PROTECTIONS OF U.S. LAW.**

15           There is insufficient evidence to dispute the conclusion that BMCC never purposefully

16   availed itself of the privileges of doing business within the United States.  As a general rule, the

17   exercise of judicial power is not lawful unless the defendant "purposefully avails itself of the

18   privilege of conducting activities within the forum State, thus invoking the benefits and

19   protections of its laws."  *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2785 (2011)

20   (plurality opinion) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)) (internal quotation

21   marks omitted).  Indeed, there is no evidence that BMCC "purposefully direct[ed its] activities or

22   consummate[d] some transaction with the forum or resident thereof; or perform[ed] some act by

23

---

[4]    DAPs may not rely upon Panasonic's 50% shareholding in BMCC, nor BMCC's sales to Panasonic, to establish
24     personal jurisdiction over BMCC.  First, there is no evidence that Panasonic's 50% shareholding in BMCC,
       Kinoshita Decl. ¶ 6, is anything other than an equity interest in a production joint venture, the type of
25     arrangement that is "often procompetitive."  FTC and DOJ, Antitrust Guidelines for Collaborations between
       Competitors (April 2000), at § 3.31(a), *available at*
26     http://www.ftc.gov/sites/default/files/documents/public_events/joint-venture-hearings-antitrust-guidelines-
       collaboration-among-competitors/ftcdojguidelines-2.pdf.  Second, there is no evidence that BMCC's sales of
27     CRTs to certain Panasonic entities in China are anything other than a foreign, vertical, supplier relationship in
       which BMCC sold CRTs to certain Panasonic entities and those Panasonic entities determined whether to sell
28     those CRTs into the United States.

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY
JUDGMENT FOR LACK OF PERSONAL JURISDICTION
9

1  which [it] purposefully avail[ed itself] of the privilege of conducting activities in the forum,

2  thereby invoking the benefits and protections of its laws." *Fred Martin Motor*, 374 F.3d at 802.

3      Even a cursory review of the evidentiary record here demonstrates insufficient conduct to

4  satisfy the requisite "purposeful availment" standard.  The Kinoshita Declaration, unchallenged

5  by the DAPs, confirms that BMCC did not "perform[] [any] type of affirmative conduct which

6  allows or promotes the transaction of business within the forum." *Doe v. Unocal Corp.*, 248 F.3d

7  915, 924 (9th Cir. 2001) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990)) (internal

8  quotation marks omitted).  In particular, the undisputed facts are that BMCC never had a shipping

9  address, telephone listing, or bank account in the United States.  Kinoshita Decl. ¶ 15.  It had no

10  subsidiaries in the United States.  *Id.* ¶ 8.  It was never registered or licensed to do business in the

11  United States.  *Id.* ¶ 11.  It never had a registered agent for service of process in the United States.

12  *Id.* ¶ 19.  It never had any rights to any real property in the United States or operated any offices,

13  plants, or warehouses in the United States.  *Id.* ¶¶ 12, 14.  It never paid any income or property

14  taxes in the United States and never employed anyone in the United States.  *Id.* ¶¶ 16, 17.

15      Critically, with regard to CRTs, the record is equally undisputed, and the facts equally

16  compelling.  BMCC never maintained any inventory of products in the United States.  *Id.* ¶ 20.  It

17  never manufactured electronic devices containing CRTs, *id.* ¶ 9, and never manufactured CRTs,

18  or anything for that matter, in the United States.  *Id.* ¶ 13.  Moreover, BMCC *never* sold any

19  CRTs into the United States, *id.* ¶¶ 22-23, and never directed any advertising, marketing, or

20  promotion in the United States, or otherwise solicited any business in the United States.  *Id.* ¶ 18.

21      Virtually any significant combination of these facts would be sufficient to defeat

22  jurisdiction.  In *Walden v. Fiore*, the Supreme Court found no specific personal jurisdiction

23  because the defendant never "conducted activities within, contacted anyone in, or sent anything or

24  anyone to [the forum]" and therefore lacked jurisdictionally relevant contacts.  134 S. Ct. 1115,

25  1123 (2014). In short, when viewed through the proper lens – i.e., whether the *defendant's* actions

26  connect him to the *forum* – there is no evidence to support personal jurisdiction against BMCC.

27  *DRAM*, 2005 WL 2988715, at *5 (denying specific jurisdiction where defendants had insufficient

28

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY
JUDGMENT FOR LACK OF PERSONAL JURISDICTION

1    minimum contacts to satisfy the "purposeful availment" requirement). *All* of those facts standing

2    in uncontroverted combination compel dismissal.

3    **III.    BMCC DID NOT INTENTIONALLY DIRECT PRICE-FIXING OR OUTPUT-**

4    **REDUCING CONDUCT AT THE UNITED STATES.**

5          Plaintiffs have not elicited admissible evidence to create even a disputed issue of fact with

6    regard to whether BMCC directed illegal price-fixing, or output-reducing, conduct at the United

7    States.  The "exercise of jurisdiction over an . . . intentional tortfeasor must be based on

8    intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden*,

9    134 S. Ct. at 1123; *Calder*, 465 U.S. at 789  (requiring effects of the defendant's conduct in that

10   state for personal jurisdiction to attach); *Fred Martin Motor*, 374 F.3d at 805 (holding an

11   intentional act must be aimed at the would-be forum state to satisfy personal jurisdiction under

12   the *Calder* test). *Calder*, in particular, instructs that the DAPs must identify evidence that BMCC

13   purposefully directed tortious conduct *at the United States* and *specifically intended that conduct*

14   to have an effect *in the United States*. *Calder*, 465 U.S. at 789.  "Due process requires that a

15   defendant be haled into court in a forum State based on his own affiliation with the State, not

16   based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other

17   persons affiliated with the State." *Walden*, 134 S. Ct. at 1123 (quoting *Burger King Corp. v.*

18   *Rudzewicz*, 471 U.S. 462, 475 (1985)).  Given this standard, the Ninth Circuit has long been

19   skeptical of jurisdiction predicated solely on isolated acts abroad, with attenuated connection to

20   the United States, and has noted that "the foreign-acts-with-forum-effects jurisdictional principle

21   must be applied with caution, particularly in an international context." *Yahoo! Inc. v. La Ligue*

22   *Contre Le Racisme*, 379 F.3d 1120, 1136-37 (9th Cir. 2004), *reh'g granted*, 399 F.3d 1010 (9th

23   Cir. 2005), *aff'd on reh'g*, 433 F.3d 1199 (9th Cir. 2006) (quoting *Core-Vent Corp. v. Nobel*

24   *Indus. AB*, 11 F.3d 1482 (9th Cir. 1993)) (internal quotation marks omitted); *see also Daimler*,

25   134 S. Ct. at 761 (holding that acts abroad with attenuated connection to the United States

26   preclude a finding of personal jurisdiction over a foreign defendant).

27

28

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY
JUDGMENT FOR LACK OF PERSONAL JURISDICTION
11

1    Here, the evidence fails to create a triable issue as to jurisdiction.  In particular, and as

2  explained in further detail in the following sections:

3    • There is *no evidence* that BMCC sold CRTs in or into the United States and

4      determined the price or volumes at which any CRTs were sold in the United

5      States;

6    • There is *no evidence* that BMCC entered into an illegal price-fixing agreement in

7      the United States or with respect to CRTs to be sold or shipped into the United

8      States; and

9    • There is *no evidence* that BMCC directly and intentionally targeted any purchaser

10      at all, let alone any DAP in the United States, with price-fixing, or output-reducing

11      agreements.

12  Absent such proof of each element, the DAPs' claims must be dismissed.

13    **A.    BMCC did not conduct business with or in the United States that could allow**

14      **it to direct price-fixing or output-reducing conduct at the United States.**

15    There is no evidence that BMCC, a Chinese manufacturer of CRTs, had sales in or into

16  the United States, or that BMCC had other commercial dealings with the United States that could

17  be the subject of a price-fixing agreement by BMCC targeted at the United States.  The evidence

18  in this case, and the Kinoshita Declaration, which the DAPs chose neither to test nor to

19  controvert, establishes that BMCC, itself, did not sell CRTs in or into the United States and did

20  not determine the price or volume at which any CRTs it did produce and sell to third-parties were

21  sold in the United States or elsewhere.   Kinoshita Decl. ¶¶ 21-23.  There is no evidence that

22  credibly contradicts that assertion, and those unchallenged facts alone should suffice to defeat the

23  exercise of personal jurisdiction over BMCC.   Absent evidence of jurisdictionally relevant

24  contacts evidencing a course of conduct by BMCC that took place in or was directed at the United

25  States, there is no personal jurisdiction.  *Walden*, 134 S. Ct. at 1124.  *DRAM*, 2005 WL 2988715,

26  at *6 (denying jurisdiction where defendants did not sell or manufacture the product in the forum

27  states).

28

Freshfields
Bruckhaus Deringer
US LLP
Attorneys at Law
BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY
JUDGMENT FOR LACK OF PERSONAL JURISDICTION
12

1     In their Prior Opposition, the DAPs relied upon a snippet of deposition testimony

2 suggesting that CRTs purchased by certain Panasonic entities in China from BMCC may have

3 been used at AKEI, a Matsushita television plant in New Jersey.  Snyder Decl. Ex. C.[5]  The

4 excerpts compiled in Exhibit C on which the DAPs previously relied (and on which BMCC

5 suspects the DAPs will rely in opposing this Motion) are inadmissible, unreliable, and inadequate

6 to defeat summary judgment.[6]  Indeed, the most reasonable interpretation of Exhibit C, in light of

7 the Kinoshita Declaration, is that certain Panasonic entities purchased BMCC CPTs in China and

8 then these Panasonic entities (not BMCC) shipped them to AKEI in New Jersey.  Kinoshita Decl.

9 ¶¶ 22-23 ("Certain Panasonic entities purchased a limited amount of CPTs from BMCC FOB

10 China, which CPTs the Panasonic entities sold in the United States. After the Panasonic entities

11 purchased the CPTs from BMCC, BMCC had no control over where they would be sold.

12 Panasonic determined the volume and price of such sales. BMCC relinquished control of the

13 CPTs in China and was not responsible for their ultimate delivery to the United States or

14 elsewhere.").  Acts of third parties, including the Panasonic entities, may not be relied upon to

15 establish personal jurisdiction.  "[I]t is the defendant, not the plaintiff or third parties, who must

16 create contacts with the forum." *Walden*, 134 S. Ct. at 1126.

17     One lone and ambiguous reference in a deposition to New Jersey aside, the record

18 compiled by both BMCC and the DAPs demonstrates that BMCC's business – and its conduct –

19 are focused on China. *See* Snyder Decl. Ex. D[7] (Report from BMCC that "BMCC to supply

20 China domestic customers like TCL, Chanhong, SMT; OEM 92% and 8% for Matsushita TV

21

---

[5]    Snyder Declaration Exhibit C is Exhibit K to the Declaration of Vincent S. Loh in Support of Plaintiffs Best
       Buy, Target, and Tech Data's Consolidated Opposition to Defendant BMCC's Motion to Dismiss Certain Direct
       Action Purchaser Complaints (*Loh Declaration*), Jan. 21, 2014, Dkt. No. 2340.

[6]    The document is the most unreliable form of hearsay.  It relates to recollections of a meeting that BMCC did not
       attend.  The supposed source of the "fact" is not identified, and the DAPs have not developed a foundation
       sufficient for the Court to conclude that he or she had personal knowledge of the alleged facts described in
       general, much less specifically whether BMCC sold CRTs in China to certain Panasonic entities rather than
       selling CRTs to AKEI in New Jersey. Further, the less-than-inspiring response of the deposition witness – "if I
       remember correct its Matsushita in US New Jersey" – shows how flimsy and unreliable this testimony is. Ex. C
       at 424:7-8.  If the DAPs wished to develop this line of so-called evidence, they had every opportunity and
       incentive to do so.  They did not, and the Court should conclude that this inadmissible and unreliable snippet is
       inadequate to create a disputed factual issue sufficient to preclude summary judgment in favor of BMCC now.

[7]    Snyder Declaration Exhibit D is Exhibit O to the Loh Declaration.

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY
JUDGMENT FOR LACK OF PERSONAL JURISDICTION

1   operation in China; 15% export main export destination is Asia and Panasonic TV factories").

2   These are the sorts of "random, fortuitous, or attenuated contacts" that are insufficient to establish

3   personal jurisdiction.  *Walden*, 134 S. Ct. at 1122 (quoting *Burger King*, 471 U.S. at 475)

4   (internal quotation marks omitted).  Even the documents previously and carefully selected by the

5   DAPs create no link between BMCC and price-fixing in the United States, but they do indicate

6   that 85% of BMCC's sales were for the Chinese domestic market and that BMCC's main non-

7   Chinese export destinations were other countries elsewhere in Asia.  The paragraph reporting on

8   BMCC makes no mention of sales outside Asia.  Snyder Decl. Ex. D.

9       **B.**    **There is no evidence that BMCC entered into a horizontal agreement targeted**

10           **at the United States.**

11         There is no direct or circumstantial evidence from which the DAPs would be able to prove

12   BMCC's participation in a conspiracy the specific intention of which was to target the United

13   States.  On summary judgment, an antitrust plaintiff bears the burden of proving that the alleged

14   conspirators entered into an agreement.  *See Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S.

15   752, 765 (1984).  That burden may be satisfied either by producing direct evidence that the entity

16   conspired, or circumstantial evidence from which a rational fact-finder could conclude that the

17   entity was part of the alleged conspiracy.  *In re Citric Acid Litig.*, 191 F.3d 1090, 1093 (9th Cir.

18   1999).  "Direct evidence in a Section 1 conspiracy must be evidence that is explicit and requires

19   no inferences to establish the proposition or conclusion being asserted."  *Id*. (quoting *In re Baby*

20   *Food Antitrust Litig.*, 166 F.3d 112, 118 (3d Cir. 1999)) (internal quotation marks omitted).

21   When an antitrust plaintiff relies upon circumstantial evidence, however, it "must present

22   evidence 'that tends to exclude the possibility' that the alleged conspirators acted independently."

23   *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986) (quoting *Monsanto*,

24   465 U.S. at 764).

25         For jurisdictional purposes, a plaintiff must come forward with evidence sufficient to

26   create a triable issue as to whether the defendant expressly (i) aimed its allegedly conspiratorial

27   conduct at the particular plaintiff, and (ii) aimed that conduct at the plaintiff in the forum state,

28

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY
JUDGMENT FOR LACK OF PERSONAL JURISDICTION

such that the conduct is a but-for cause of the plaintiff's injury.  Thus, even proof that an effect in the United States might have been foreseeable from extraterritorial conduct – there is insufficient evidence to support even this point – is not enough for jurisdiction to attach.  *Calder*, the Ninth Circuit has noted, does not "stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction." *Bancroft & Masters*, 223 F.3d at 1087.  Jurisdiction requires "something more" − it requires foreign acts targeted at the plaintiff in the forum "performed for the very purpose of having their consequences felt in the forum state." *Id*. at 1088 (quoting *Brainerd*, 873 F.2d at 1259-60) (internal quotation marks omitted).

Specifically in the context of an antitrust claim, in the Ninth Circuit, even a defendant's alleged participation in a foreign price-fixing conspiracy that had foreseeable effects on the U.S. market does not give rise to personal jurisdiction in the United States unless the plaintiff marshals evidence to prove that the defendant "engaged in wrongful conduct *targeted at a plaintiff whom the defendant knows to be a resident of the forum*." *DRAM*, 2005 WL 2988715, at *5-6 (holding that personal jurisdiction could not be exercised where a defendant alleged to have participated in an international conspiracy had never manufactured or sold DRAM chips in forum states or maintained business or corporate formalities there) (emphasis added).

(1)      **There is no evidence that BMCC entered into a horizontal agreement targeted at the United States.**

The DAPs bear the burden to assemble and present evidence that BMCC targeted "intentional acts (e.g., price-fixing activities) toward the forum state, knowing the effects of the activity will be felt there." *In re Cathode Ray Tube (CRT) Antitrust Litig*., No. C-07-5944-SC, 2014 U.S. Dist. LEXIS 35391, at *77-78 (N.D. Cal. Mar. 3, 2014) (**Sharp Order**).  There is *no evidence* in the record that would satisfy this burden.  BMCC anticipates that the DAPs, having failed to find any evidence that BMCC engaged in conspiratorial conduct directed at the United States, will default to evidence that BMCC met in China with competitors who also sold CRTs in China.  Use of such evidence to support the exercise of personal jurisdiction is foreclosed by the

Freshfields
Bruckhaus Deringer
US LLP
Attorneys at Law

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY JUDGMENT FOR LACK OF PERSONAL JURISDICTION
15

1   authorities discussed above – it does not satisfy the DAPs' burden to present evidence of "direct

2   involvement in price-fixing discussions concerning products *actually sold to and purchased in the*

3   *United States*," Sharp Order, 2014 U.S. Dist. LEXIS 35391, at *78 (emphasis added), and it

4   impermissibly elides the distinction between agreements that might have "foreseeable effects" in

5   the United States with agreements that were *intended* to have an effect here. *Walden*, 134 S. Ct.

6   at 1120 (rejecting conclusion that "foreseeable harm" in forum is sufficient). *Only* an agreement

7   intended to have an effect here suffices for jurisdictional purposes. *Fred Martin Motor*, 374 F.3d

8   at 806.

9        The DAPs have previously cited a number of exhibits for the proposition that "[t]he

10  meetings and discussions BMCC held in furtherance of the conspiracy *specifically targeted the*

11  *United States* and the companies within it, including Plaintiffs." Prior Opposition at 15-16.

12  (emphasis added). None of the cited exhibits evidences price-fixing or output restrictions

13  targeted at the United States. *See, e.g.*, Snyder Decl. Ex. E[8] at 29:9-14, 38:15-20, 42:22-26,

14  44:17-21, 45:3-7, 47:4-8, 54:1-5, 66:6-11, 68:1-7, 70:1-5, 72:4-7, 75:4-6, 75:22-26, 76:7-11,

15  78:8-14, 80:9-11, 81:14-16, 82:12-14, 83:18-20, 84:11-17, 85:1-7, 85:11-13, 85:24-26 (not a

16  single entry highlighted by the DAPs even mentions the United States); Snyder Decl. Ex. F[9] at

17  407:3-14 (reporting only that mainland Chinese color picture tube local manufacturers met to

18  discuss market situations, as well as supply and demand, but with no mention of the United

19  States). Indeed, if this is the evidence the DAPs have, it proves nothing more than that which Mr.

20  Kinoshita's declaration says – BMCC did not sell CRT in or into the United States, and it did not

21  engage in any allegedly unlawful or conspiratorial conduct directed at the United States.

22          (2)     **There is no evidence that BMCC is a but-for cause of each DAP's**

23                  **claimed injury.**

24        Each DAP bears the additional burden to present evidence that an illegal price-fixing

25  agreement entered into by BMCC, and directed at the United States, is a but-for cause of that

26  DAP's injury. *Bancroft & Masters*, 223 F.3d at 1088. The Court's prior conclusion that

---

[8]   Snyder Declaration Exhibit E is Exhibit E to the Loh Declaration.
[9]   Snyder Declaration Exhibit F is Exhibit F to the Loh Declaration.

27

28

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY
JUDGMENT FOR LACK OF PERSONAL JURISDICTION
16

1   "Plaintiffs establish this by pleading that they paid artificially high prices for CRT Products, directly

2   as a result of Defendant's activities," Prior Order, 2014 U.S. Dist. LEXIS 35389, at *84, relied solely

3   upon allegations from their complaints.  Not only is there no evidence that BMCC directed price-

4   fixing conduct at the United States, there is no evidence that price-fixing conduct directed at the

5   United States by BMCC is a but-for cause of injury suffered by *any* DAP.  As discussed, *supra* at Part

6   I.C., DAPs may not rely upon the conduct of other defendants to satisfy this burden, but must instead

7   adduce evidence of a causal connection between their injury and any price-fixing conduct that BMCC

8   directed at the United States.  Absent such a direct causal connection, each DAP's claims against

9   BMCC must be dismissed.

10      Neither materials previously compiled by the DAPs (in their response to BMCC's motion

11  to dismiss, for example) nor any other materials of which BMCC is aware, satisfies each DAP's

12  burden to present admissible evidence that BMCC: (i) entered into an output or price-fixing

13  agreement, (ii) with one or more identified competitors, (iii) that the agreement was purposefully

14  targeted by BMCC at the United States, and (iv) that the agreement was a but-for cause of injury

15  to each DAP.  There is no such evidence.

16                                    **CONCLUSION**

17      For the foregoing reasons, each DAP Complaint should be dismissed pursuant to Rule

18  12(b)(2) and Rule 56 because the Court lacks personal jurisdiction over BMCC.

19

20

21

22

23

24

25

26

27

28

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY
JUDGMENT FOR LACK OF PERSONAL JURISDICTION
17

1    Dated: November 7, 2014                    Freshfields Bruckhaus Deringer US LLP

2

3                                          By:  /s/ Michael Lacovara
                                              Michael Lacovara (209279)
4                                             Freshfields Bruckhaus Deringer US LLP
                                              601 Lexington Avenue, 31st Floor
5                                             New York, NY 10022
                                              Telephone: 212 277 4000
6                                             Facsimile: 212 277 4001
                                              Email: michael.lacovara@freshfields.com
7
                                              Terry Calvani (53260)
8                                             Richard Snyder (pro hac vice)
                                              Christine Laciak (pro hac vice)
9                                             Freshfields Bruckhaus Deringer US LLP
                                              700 13th Street, NW, 10th Floor
10                                            Washington, DC 20005
                                              Telephone: 202 777 4500
11                                            Email: terry.calvani@freshfields.com
                                              Email: richard.snyder@freshfields.com
12                                            Email: christine.laciak@freshfields.com

13                                         *Attorneys for Defendant Beijing Matsushita Color CRT
                                           Co., Ltd.*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BMCC'S MOTION TO DISMISS UNDER RULE 12(B)(2) AND RULE 56 MOTION FOR SUMMARY
JUDGMENT FOR LACK OF PERSONAL JURISDICTION
18