Michael Lacovara (209279)
michael.lacovara@freshfields.com
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone:     212 277 4000
Facsimile:      212 277 4001

Terry Calvani (53260)
terry.calvani@freshfields.com
Richard Snyder (*pro hac vice*)
richard.snyder@freshfields.com
Christine Laciak (*pro hac vice*)
christine.laciak@freshfields.com
Freshfields Bruckhaus Deringer US LLP
700 13th Street, NW, 10th Floor
Washington, DC  20005-3960
Telephone:     202 777 4500
Facsimile:      202 777 4555

*Attorneys for Defendant Beijing Matsushita Color CRT Co., Ltd.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No. 07-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| ALL INDIRECT-PURCHASER ACTIONS, | **DEFENDANT BEIJING MATSUSHITA COLOR CRT CO., LTD.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF** |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al., No. 11-cv-05513;* | |
| *Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al., No. 11-cv-01656;* | |
| *Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al., No. 11-cv-05514;* | [Proposed] Order Granting Beijing Matsushita Color CRT Co., Ltd.'s Motion for Summary Judgment for Failure to Adduce Evidence Sufficient to State a Claim in Light of the FTAIA and For Lack of Standing to Seek Injunctive Relief |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al., No. 11-cv-05514;* | |
| *Tech Data Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-00157;* | Judge:      Hon. Samuel P. Conti |
| *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al., No. 14-cv-02510.* | Court:      Courtroom 1, 17th Floor |
| | Date:       February 6, 2015, 10:00 a.m. |

Freshfields
Bruckhaus Deringer
US LLP
Attorneys at Law
Washington, D.C.

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF
THE FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................II

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT .................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 2

    ISSUES PRESENTED ........................................................................................ 2

    RELEVANT PRIOR ORDERS ............................................................................. 2

    INTRODUCTION ................................................................................................ 2

    CLAIMS PENDING AGAINST BMCC .................................................................. 5

    UNDISPUTED MATERIAL FACTS ..................................................................... 5

    ARGUMENT ..................................................................................................... 7

    I.     PLAINTIFFS HAVE OFFERED NO EVIDENCE THAT BMCC FIXED PRICE OR OUTPUT OR ALLOCATED CUSTOMERS WITH RESPECT TO THE U.S. MARKET. ......................................................... 8

        A.   BMCC never had a presence or conducted any business in the United States. ......................................................................... 9

        B.   BMCC did not enter into any agreement in the United States to fix prices, limit output, or allocate markets or customers. ................................. 9

        C.   BMCC did not fix the price at which products were sold in or into, or restrict output to, or allocate customers in, the United States. ............. 10

    II.    ASSESSED AGAINST THE UNDISPUTED FACTUAL RECORD, THE FTAIA COMPELS THE CONCLUSION THAT BMCC'S ACTIVITIES ARE BEYOND THE REACH OF THE SHERMAN ACT OR RELATED STATE LAWS. ...................................................................... 12

        A.   The FTAIA ............................................................................. 13

            (1)   BMCC did not engage in "import trade or commerce." ................ 14

            (2)   BMCC's activities do not meet the domestic effects exception. ................................................................... 16

    III.   PLAINTIFFS LACK STANDING TO BRING CLAIMS FOR INJUNCTIVE RELIEF AGAINST BMCC ...................................................... 17

    CONCLUSION ................................................................................................ 19

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

i

1

**TABLE OF AUTHORITIES**

2

Cases

3
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................................................. 7

*Cargill, Inc. v. Monfort of Colo., Inc.*, 479 U.S. 104 (1986) ................................................ 18

4
*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ....................................................................... 7

5
*F. Hoffman–La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155 (2004) ......................................3, 14

6
*Golden v. Zwickler*, 394 U.S. 103 (1969) ............................................................................ 18

7
*In re Intel Corp. Microprocessor Antitrust Litig.*, 476 F. Supp. 2d 452 (D. Del. 2007) .................. 2

8
*Latman v. Burdette*, 366 F.3d 774 (9th Cir. 2004) ................................................................ 11

*Lopez v. Candaele*, 630 F.3d 775 (9th Cir. 2010) ................................................................. 18

9
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). ................................ 7

10
*McInnis-Misenor v. Me. Med. Ctr.*, 319 F.3d 63 (1st Cir. 2003) ........................................... 18

11
*O'Shea v. Littleton*, 414 U.S. 488 (1974) ............................................................................ 18

12
*Sun Microsystems, Inc. v. Hynix Semiconductor, Inc.*, 608 F. Supp. 2d 1166 (N.D. Cal. 2009) ... 15

*Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730 (9th Cir. 1979) ......................................... 7

13
*Turicentro, S.A. v. Am. Airlines, Inc.*, 303 F.3d 293 (3d Cir. 2002) ..................................... 15

14
*United States v. Hsiung*, 758 F.3d 1074 (9th Cir. 2014) ................................................passim

15
*United States v. Lopez*, 762 F.3d 852 (9th Cir. 2014) .......................................................... 11

16
*United States v. LSL Biotechs.*, 379 F.3d 672 (9th Cir. 2004) ............................................... 14

17
*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969) .................................... 18

18
Statutes

15 U.S.C. § 1 ....................................................................................................................... 3

19
15 U.S.C. § 26 .................................................................................................................2, 18

20
15 U.S.C. § 6a ..............................................................................................................passim

21
Rules

22
Fed. R. Civ. P. 56(a) ............................................................................................................ 7

23
Fed. R. Civ. P. 56(c) ............................................................................................................ 7

24
Fed. R. Evid. 602 ................................................................................................................ 11

25

26

27

28

Freshfields
Bruckhaus Deringer
US LLP
Attorneys at Law
Washington, D.C.

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

ii

## NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

To all parties and their attorneys of record:

Please take notice that on February 6, 2014, at 10:00 am, or as soon thereafter as this matter may be heard, before the Honorable Samuel P. Conti, Senior U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Beijing Matsushita Color CRT Co., Ltd. (**BMCC**) will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 56, for summary judgment in BMCC's favor with respect to:

(i)     Plaintiffs' claims for damages for violations of the Sherman Act, 15 U.S.C. § 1, and various state laws [1] because Plaintiffs have offered no evidence that BMCC's activities are within the purview of those laws and therefore fail to state claims suitable for trial.

(ii)    Plaintiffs' claims for injunctive relief arising under the Clayton Act, 15 U.S.C. § 26, and various state laws [2] because Plaintiffs cannot show they have standing to bring such claims.

This Motion is based upon this Notice and Motion, the Statement of the Issues, the accompanying Memorandum of Points and Authorities, the Declaration of Richard S. Snyder and the exhibits thereto and other materials in the record, argument of counsel, and such other matters as the Court may consider.

---

[1]     Indirect Purchaser Plaintiffs Class Fourth Am. Compl., Dkt. No. 1325 (Second, Third, and Fourth Claims); *Best Buy Co. et al. v. Hitachi Ltd. et al.*, First Am. Compl., Dkt. No. 1978 (Second Claim); *Electrograph Systems, Inc. et al. v. Hitachi, Ltd.*, Second Am. Compl., Dkt. No. 1976 (Second, Third, Fourth, and Fifth Claims); *Sears, Roebuck & Co. et al. v. Chunghwa Picture Tubes, Ltd. et al.*, Second Am. Compl., Dkt. No. 1973 (Second and Third Claims); *Tech Data Corp. et al. v. Hitachi, Ltd. et al.*, First Am. Compl., Dkt. No. 1911 (Second, Third, and Fourth Claims) (collectively, the ***State Law Damages Claims***).

[2]     Indirect Purchaser Plaintiffs Class Fourth Am. Compl., Dkt. No. 1325 (Second Claim); *Electrograph Systems, Inc. et al. v. Hitachi, Ltd.*, Second Am. Compl., Dkt. No. 1976 (Second, Third, Fourth, and Fifth Claims); *Sears, Roebuck & Co. et al. v. Chunghwa Picture Tubes, Ltd. et al.*, Second Am. Compl., Dkt. No. 1973 (Second and Third Claims); *Tech Data Corp. et al. v. Hitachi, Ltd. et al.*, First Am. Compl., Dkt. No. 1911 (Fourth Claim) (collectively, the ***State Law Injunctive Claims***).

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF
THE FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**ISSUES PRESENTED**

Whether BMCC is entitled to summary judgment because (i) Plaintiffs have failed to adduce evidence sufficient to show that BMCC engaged in conduct reached by the federal or state laws under which damages claims have been alleged, and (ii) Plaintiffs lack standing with respect to their injunctive relief claims under federal and state law.

**RELEVANT PRIOR ORDERS**

On March 13, 2014, the Court denied BMCC's motion to dismiss for lack of personal jurisdiction and inadequate service of process. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2014 U.S. Dist. LEXIS 35389 (N.D. Cal. Mar. 13, 2014), ECF No. 2437 (*Prior Order*).

**INTRODUCTION**

Summary judgment must be granted with respect to all claims pending against BMCC because Plaintiffs have offered (i) insufficient evidence to create a material factual dispute regarding whether BMCC engaged in conduct with an effect on U.S. commerce that falls within the scope of the Sherman Act, as limited by the Foreign Trade Antitrust Improvements Act (*FTAIA*), 15 U.S.C. § 6a, and related state laws,[3] and (ii) equally insufficient evidence to demonstrate that they have standing to seek an injunction under Section 16 of the Clayton Act, 15 U.S.C. § 26, and related state laws.[4]

---

[3]   *See* State Law Damages Claims, *supra* note 1.  Summary judgment is proper with respect to the enumerated state law damages claims because the state laws cannot reach foreign conduct beyond the scope of the Sherman Act. *See In re Intel Corp. Microprocessor Antitrust Litig.*, 476 F. Supp. 2d 452, 457 (D. Del. 2007) ("Congress has spoken under the FTAIA with the 'direct, substantial and reasonably foreseeable effects' test, and the Court is persuaded that Congress' intent would be subverted if state antitrust laws were interpreted to reach conduct which the federal law could not.").  Additional Constitutional bases exist for finding that the State laws cannot be applied with respect to BMCC without running afoul of the due process clause of the Constitution for the reasons set out in (i) the Defendants' Joint Notice of Motion and Motion for Partial Summary Judgment Against Certain Direct Action Plaintiffs on Due Process Grounds and Memorandum of Points and Authorities in Support thereof, and (ii) Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) SDN. SHD.'s Motion for Summary Judgment on Direct Action Plaintiffs' State Law Claims on Due Process Grounds, both of which are incorporated by reference herein.  For convenience of presentation, BMCC presents its arguments with respect to the Sherman Act, and respectfully requests that the Court then apply that analysis, *a fortiori*, to the relevant claims asserted under the laws of individual States.

[4]   *See* State Law Injunctive Claims, *supra* note 2.

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

2

The Sherman Act prohibits every contract, combination, or conspiracy in restraint of trade or commerce among the states, or with foreign nations. 15 U.S.C. § 1. The FTAIA limits the scope of "trade or commerce with foreign nations" subject to the Sherman Act, and satisfaction of the strictures of the FTAIA is an element of a Sherman Act claim. *United States v. Hsiung*, 758 F.3d 1074, 1087-88 (9th Cir. 2014). Under the FTAIA, the Sherman Act does not reach conduct involving trade or commerce solely among foreign nations unless such conduct meets the so-called "domestic effects" test. 15 U.S.C. § 6a. To invoke that exception, Plaintiff must present evidence sufficient to demonstrate that *both* (i) BMCC's foreign commercial activity had a direct, substantial, and reasonably foreseeable effect on United States markets with respect to domestic, import, or export commerce, and (ii) that "effect" is one that gives rise to their Sherman Act claim. 15 U.S.C. § 6a; *F. Hoffman–La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 161-62 (2004).

Plaintiffs have not adduced sufficient evidence of either; there is thus no triable issue of material disputed fact with respect to BMCC. To the contrary, in this case, the evidence cited by the Plaintiffs (and the allegations) show no more than that BMCC participated in meetings in China and sold products in China and elsewhere outside the United States – certainly not that the conduct had a "direct, substantial, and reasonably foreseeable effect" here. There is no evidence that shows that BMCC's episodic participation in Chinese meetings or any other BMCC China-based conduct injured Plaintiffs when they bought a product in the United States. This is particularly so because neither BMCC nor any entity controlled by BMCC ever manufactured or sold CRT Finished Products (televisions and computer monitors), and because neither BMCC nor any entity controlled by BMCC sold the allegedly price-fixed components of those televisions and computer monitors (the CRTs themselves) in or into the United States.

More broadly, Plaintiffs have adduced no evidence that BMCC – a Chinese company doing the vast majority of its business in China with domestic Chinese customers – participated in a worldwide conspiracy that impacted the price of CRT Finished Products sold in the United States. Although the Complaints generically allege that meetings took place throughout the world, including in the United States, there is *no evidence* that any BMCC employee ever

FRESHFIELDS BRUCKHAUS DERINGER US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

3

1   participated in the meetings alleged to have taken place in the United States, Europe, Taiwan,

2   Korea, etc.  In particular:

3   1.    Plaintiffs have established no evidence that BMCC participated in illegal activities in the

4         United States.

5   2.    Plaintiffs have established no evidence that BMCC reached an agreement with any

6         competitor to fix the price at which a CRT was sold to a customer in the United States.

7   3.    Plaintiffs have established no evidence that BMCC reached an agreement with any

8         competitor to limit or reduce the volume of CRTs exported to the United States.

9   4.    Plaintiffs have established no evidence that BMCC reached any agreement to allocate U.S.

10        customers or markets.

11  5.    Plaintiffs have established no evidence to support the contention that any purported

12        agreement between BMCC and competitors with regard to BMCC's production of CRTs

13        had a "direct, substantial, and reasonably foreseeable effect" on U.S. commerce.

14  6.    Specifically with respect to the claims for injunctive relief, Plaintiffs have established no

15        evidence that BMCC could engage in any of the alleged illegal conduct in the future or

16        cause any future injury to the Plaintiffs.

17        Given that the record is that BMCC's conduct lies solely within the realm of foreign

18  commerce, the FTAIA places the burden on Plaintiffs to show that such conduct had a "direct,

19  substantial, and reasonably foreseeable effect" on U.S. markets.  *Hsiung*, 758 F.3d at 1092.

20  Moreover, in discharging that burden, Plaintiffs face the settled rule in this Circuit that wholly

21  foreign conduct cannot be deemed to have had a "direct effect" on the United States that "gives

22  rise to" plaintiff's claim unless the effect follows as an immediate consequence of defendants'

23  activities; even but-for causation is legally insufficient to state a Sherman Act claim with respect

24  to foreign commercial activity.  *Hsiung*, 758 F.3d at 1094 (citing *United States v. LSL Biotechs.*,

25  379 F.3d 672, 680-81 (9th Cir. 2004)); *In re Dynamic Random Access Memory (DRAM) Antitrust*

26  *Litig.*, 546 F.3d 981, 987 (9th Cir. 2008).

27        Plaintiffs cannot meet the burden, and summary judgment must therefore be granted to

28  BMCC, because: (i) BMCC did not sell CRTs into the United States; (ii) BMCC did not

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

4

1   determine the volume or price at which its CRTs were sold, if at all, in the United States; and

2   (iii) specifically with respect to Plaintiffs' claims for injunctive relief, BMCC ceased all

3   manufacturing operations and disposed of all of its CRT manufacturing assets over five years ago.

4   Declaration of Ayumu Kinoshita in Support of Beijing Matsushita Color CRT Co., Ltd.'s Motion

5   to Dismiss the Complaint for Lack of Personal Jurisdiction dated October 30, 2013 (Dkt. No.

6   2118-1) (*Kinoshita Decl.*) ¶¶ 10, 22-23.

7   ## CLAIMS PENDING AGAINST BMCC

8   BMCC is not a defendant in all of the matters pending before the Court in this MDL; it is

9   a defendant only in those actions listed in the summary table of claims below. (For convenience,

10   BMCC refers to all Plaintiffs listed in the table collectively as the *Plaintiffs*.[5]).

| Plaintiff | Federal Law Claims | State Law Claims |
|---|---|---|
| Indirect Purchaser Plaintiff Class | Injunction | Yes |
| Best Buy | Damages and injunction | Yes |
| Electrograph | Damages and injunction | Yes |
| Sears/Kmart | Damages and injunction | Yes |
| Target | Damages and injunction | No |
| Tech Data | Damages and injunction | Yes |
| Viewsonic | Damages and injunction | No |

19   ## UNDISPUTED MATERIAL FACTS

20   The material facts relevant to this motion are undisputed. The IPPs are indirect purchasers

21   of Finished Products that contain CRTs supposedly manufactured and sold by defendants in the

22   United States and elsewhere; the IPPs allege that defendants conspired to fix, raise, maintain

23   and/or stabilize the prices of those CRTs. IPP Fourth Am. Compl. ¶ 1 (Dkt. No. 1325). The

24   DAPs are retailers and distributors of Finished Products containing CRTs allegedly manufactured

---

[5]   Indirect Purchaser Plaintiffs, Master File No. 07-cv-5944, Fourth Am. Compl., Dkt. No. 1325; *Best Buy Co. et al. v. Hitachi Ltd. et al.,* No. 11-cv-05513, First Am. Compl., Dkt. No. 1978; *Electrograph Systems, Inc. et al. v. Hitachi, Ltd.,* No. 11-cv-01656, Second Am. Compl., Dkt. No. 1976; *Sears, Roebuck & Co. et al. v. Chunghwa Picture Tubes, Ltd. et al.,* No. 11-cv-05514, Second Am. Compl., Dkt. No. 1973; *Target Corp. v. Chunghwa Picture Tubes, Ltd. et al.,* No. 11-cv-05514; Second Am. Compl., Dkt. No. 1981; *Tech Data Corp. et al. v. Hitachi, Ltd. et al.,* No. 13-cv-00157, First Am. Compl., Dkt. No. 1911; *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 14-cv-02510, Compl., Dkt. No. 1.

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

28

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

5

1    and sold by defendants in the United States and elsewhere.  Best Buy First Am. Compl. ¶¶ 16-24,

2    Oct. 3, 2013 (Dkt. No. 1978); Electrograph Second Am. Compl. ¶¶ 18-20, Oct. 3, 2013 (Dkt. No.

3    1976); Sears Second Am. Compl. ¶¶ 16-19, Oct. 3, 2013 (Dkt. No. 1973); Target Second Am.

4    Compl. ¶¶ 16-18, Oct. 3, 2013 (Dkt. No. 1981); Tech Data First Am. Compl. ¶¶ 17-21 (Dkt. No.

5    1911); ViewSonic Compl. ¶¶ 16-17, May 30, 2014 (Dkt. No. 1).

6        BMCC manufactured CDTs until 1999, and manufactured CPTs until it shut down its

7    manufacturing operations altogether and discarded its manufacturing assets in 2009.  Kinoshita

8    Decl. ¶ 10.  BMCC never manufactured or sold any of the Finished Products that IPPs or DAPs

9    allegedly purchased or sold.  *Id*. ¶ 9.

10        BMCC was a manufacturer of CRTs located exclusively in Beijing, China.  *Id*.  BMCC

11    never had any subsidiaries and never had any offices, branches, assets, or employees outside that

12    city.  *Id*. ¶¶ 8, 9, 12, 14, 15, 17, 20.  In particular, BMCC never had any subsidiaries, offices,

13    branches, employees, or assets in the United States.  *Id*.

14        BMCC no longer manufactures anything; it operates a property management business,

15    leasing its former manufacturing campus in Beijing to other businesses.  It has fewer than 150

16    employees, many of whom were hired after BMCC shut down its CRT operations and thus were

17    not engaged in those operations.  Declaration of Richard S. Snyder dated November 7, 2014,

18    submitted herewith (***Snyder Decl.***) Ex. A ¶¶ 9-10.

19        BMCC has not been subject to any investigation or inquiry by the United States

20    Department of Justice Antitrust Division (***DOJ***) and was not a recipient of the European

21    Commission's Statement of Objections relating to CRTs.  *Id*. ¶ 5.  It has not been subject to

22    criminal prosecution with respect to CRTs.  *Id*. ¶ 6.  In terms of the CRT industry as a whole, the

23    only U.S. criminal action to date, as evidenced by a publicly-available plea agreement, is a DOJ

24    conspiracy prosecution, which was limited to CDTs only, and covered the period January 1997 –

25    March 2006.  *Id*. ¶ 7; Request for Judicial Notice filed on November 7, 2014 (***RJN***), Ex. X.

26    BMCC stopped manufacturing the product subject to this plea in 1999.  Kinoshita Decl. ¶ 10.  At

27    no time from March 1, 1995, to November 24, 2009, did BMCC sell or ship any CDT to any

28    customer in the United States.  *Id*. ¶ 22.

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

6

1    BMCC sold no CRTs into the United States.  *Id.* ¶¶ 22-23.  Rather, the primary focus of

2    BMCC's CRT business was the sale of CRTs to manufacturers of CRT Finished Products located

3    in China.  Accordingly, the majority of CRTs manufactured by BMCC were sold and shipped to

4    customers in China.  *Id.* ¶ 21.  Plaintiffs have offered no evidence that those Chinese customers

5    thereafter sold anything in the United States.  Neither BMCC nor any entity controlled by BMCC

6    ever sold CRTs in the United States, and BMCC did not determine the volume or price at which

7    its CRTs were sold, if at all, in the United States.  *Id.* ¶¶ 22-23.

8                                        **ARGUMENT**

9    Summary judgment is proper if the pleadings, discovery, and disclosure materials on file,

10   and any affidavits show that there is no genuine dispute as to any material fact and that the

11   movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  The moving party

12   bears the initial burden to demonstrate the absence of a genuine issue of material fact.  *Celotex*

13   *Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The moving party, however, has no burden to

14   disprove matters on which the nonmoving party will have the burden of proof at trial. The moving

15   party need demonstrate to the Court only that there is an absence of evidence to support the

16   nonmoving party's case.  *Id.* at 325.

17   Once the moving party has met its burden, the burden shifts to the nonmoving party to "set

18   out 'specific facts showing a genuine issue for trial.'"  *Id.* at 324 (quoting then Fed. R. Civ. P.

19   56(e)).  To carry this burden, the nonmoving party must "do more than simply show that there is

20   some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio*

21   *Corp.*, 475 U.S. 574, 586 (1986).  "The mere existence of a scintilla of evidence . . . will be

22   insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving

23   party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Conclusory, speculative

24   testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat

25   summary judgment.  *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).  The

26   evidence the parties present must be admissible. Fed. R. Civ. P. 56(c).

27

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

28

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

7

1   I.    **PLAINTIFFS HAVE OFFERED NO EVIDENCE THAT BMCC FIXED PRICE OR**
2         **OUTPUT OR ALLOCATED CUSTOMERS WITH RESPECT TO THE U.S.**
3         **MARKET.**

4         As noted above, the FTAIA excludes from the scope of the Sherman Act wholly foreign

5   conduct that does not satisfy the domestic effects test embodied in the statute.  Plaintiffs bear the

6   burden of offering proof that BMCC's foreign conduct satisfies this element of the Sherman Act

7   in order to prevail.  *Hsiung*, 758 F.3d at 1092 ("[Plaintiffs] must plead and prove the requirements

8   for the domestic effects exception to the FTAIA.").  Plaintiffs cannot do so in light of the record

9   evidence.

10        Specifically, there is no record evidence that BMCC fixed price or output or allocated

11  customers with respect to the U.S. market, which is necessary to establish a violation of the

12  Sherman Act as limited by the FTAIA.  The prospect that Plaintiffs could do so, with respect to

13  BMCC particularly, is remote, given that:

14        •    Plaintiffs conducted no depositions of any BMCC employees as such; two former
15             BMCC employees were deposed, but were not examined with regard to their
16             employment at BMCC, even though Plaintiffs were aware of that employment.
17             Snyder Decl. ¶ 8.

18        •    Plaintiffs have not authenticated, via deposition, stipulation, or otherwise, any
19             documents produced by BMCC.  *Id.* ¶ 9.

20        •    No witness has testified in deposition to having agreed with anyone at BMCC on
21             the price at which any CRT would be sold in the United States.  *Id.* ¶ 10.

22        •    No witness has testified in deposition to having agreed with anyone at BMCC to
23             limit exports to the United States.  *Id.* ¶ 11.

24        •    No documents cited by Plaintiffs as evidencing BMCC's participation in the
25             conspiracy show that BMCC engaged in any illegal conduct in, or directed to, the
26             United States.  Snyder Decl. Ex. B.

27        •    No documents cited by Plaintiffs evidence any agreements by BMCC with respect
28             to the price or volume at which CRTs were sold to the United States (*id.*), and an

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

1   undisputed declaration – of which Plaintiffs have been aware for more than a year
2   – demonstrates that BMCC had no control of whether CRTs were sold in the
3   United States, much less the quantities or price at which such CRTs might be sold.
4   Kinoshita Decl. ¶¶ 22-23.

5   **A.    BMCC never had a presence or conducted any business in the United States.**

6   The following facts are not disputed: BMCC (i) had its principal place of business in
7   China (Kinoshita Decl. ¶ 7); (ii) never manufactured CRTs outside China (*id*. ¶ 9); (iii) was never
8   registered or licensed to do business in the United States (*id*. ¶ 11); (iv) never held property in the
9   United States (*id*. ¶ 12); (v) never operated offices, plants or warehouses in the United States (*id*.
10  ¶ 14); (vi) never had a shipping address, phone listing, or bank account in the United States (*id*.
11  ¶ 15); (vii) never paid property or income taxes in the United States (*id*. ¶ 16); (viii) never had
12  employees located in the United States (*id*. ¶ 17); (ix) never solicited business from the United
13  States or had a website in English (*id*. ¶ 18); (x) never had a registered agent for service of
14  process in the United States (*id*. ¶ 19); (xi) never maintained inventory in the United States (*id*.
15  ¶ 20); (xii) never sold CRTs into the United States (*id*. ¶ 22-23); and (xiii) shipped and sold the
16  vast majority of its CRTs to customers in China (*id*. ¶ 21).

17  **B.    BMCC did not enter into any agreement in the United States to fix prices,**
18  **limit output, or allocate markets or customers.**

19  There is no record evidence that BMCC entered into any anti-competitive agreements in
20  the United States.  In response to interrogatories served by other Defendants in this case, Plaintiffs
21  amassed a 94-page chart that purports to indicate every meeting attended by various defendants at
22  which anti-competitive agreements were reached.  Snyder Decl. Ex. B.  In those 94 pages, there is
23  only one mention of a meeting that BMCC is claimed to have attended in the United States, and
24  the mention is plainly errant: a 2002 meeting where the person listed by Plaintiffs as attending on
25  behalf of BMCC is Elaine Sears.  However, the underlying document cited as evidence of this
26  meeting indicates that Elaine Sears of BMC Industries, Inc. – not BMCC - attended this meeting.
27  Snyder Decl. Ex. C.  Securities and Exchange Commission records show that BMC Industries,
28  Inc. was a publicly-traded company incorporated in the United States that manufactured CRT

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

9

1   masks.  RJN Ex. Y.  Given the sworn testimony that BMCC never had any subsidiaries, offices,
2   or branches in the United States (Kinoshita Decl. ¶¶ 8, 14), it is virtually certain that the
3   underlying document, in mentioning BMC Industries, Inc., means what it says, and therefore that
4   BMC Industries, and not BMCC, participated in this meeting.

5        The Court should conclude that Plaintiffs, having amassed 94 pages of claims of meetings
6   of the alleged conspirators, have conceded that BMCC *never* attended such a meeting in the
7   United States.

8   **C.**      **BMCC did not fix the price at which products were sold in or into, or restrict**
9             **output to, or allocate customers in, the United States.**

10        The Kinoshita Declaration establishes facts that are both not disputed by evidence of
11   record and preclude the possibility that BMCC engaged in alleged price-fixing or output-
12   restricting activity directed at the United States:

13   •     The majority of CRTs manufactured by BMCC were sold and shipped to
14         customers in China.  Kinoshita Decl. ¶ 21.

15   •     BMCC sold a limited numbers of CPTs FOB China to certain third parties who
16         themselves, not BMCC, later sold them in the United States.  *Id.* ¶ 23.

17   •     BMCC did not determine the volume or price at which its CRTs were sold, if at
18         all, in the United States; a third party did.  *Id.* ¶¶ 22-23.

19        The Complaints allege output restrictions and price-fixing, but the Kinoshita Declaration
20   establishes that, to the sharply limited extent that BMCC CPTs might have ended up in the United
21   States as a result of third-party conduct, BMCC did not control whether these CPTs were shipped
22   to the United States or the price at which they were sold there, a fact relevant at least to the
23   "reasonably foreseeable" and "substantial" elements of the FTAIA's requirements to bring
24   foreign conduct within the ambit of the Sherman Act.

25        In the Prior Order, the Court noted an excerpt of deposition testimony from an employee
26   of Chunghwa to the effect that AKEI, a Panasonic entity in the United States, purchased CRTs
27   from BMCC.  Prior Order, 2014 U.S. Dist. LEXIS 35389, at *4, 15.  The actual testimony is no
28   more than a statement that BMCC "sells 14 inch color picture tubes to" Samsung, AKEI, and

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

10

1   Matsushita, followed by a witness of limited competence on the subject offering that he "thinks"

2   AKEI is a reference to a New Jersey-based Matsushita company.  Snyder Decl. Ex. D.

3          The excerpt from the deposition does not create an issue of material fact sufficient to

4   defeat summary judgment on the question of whether BMCC's Chinese activities gave rise to

5   "substantial, direct, and reasonably foreseeable" U.S. effects within the meaning of the FTAIA

6   and subsequent jurisprudence.  First, the testimony is plainly not admissible, as it is both hearsay

7   and lacks either adequate foundation or other indicia of reliability to admit it despite it being

8   hearsay – it is nothing more than the unqualified, hazy recollection of a competitor.[6]  Second, the

9   only evidence offered by someone with personal knowledge of the facts is that of Mr. Kinoshita,

10  and it has not been controverted or impeached.  Mr. Kinoshita is a former BMCC executive

11  responsible for the sale of CRTs to overseas customers.  Kinoshita Decl. ¶ 3.  His declaration is

12  clear on the point:

13              BMCC never sold any CPTs into the United States.  Certain Panasonic
              entities purchased a limited amount of CPTs from BMCC FOB China,
14            which CPTs the Panasonic entities sold in the United States. . . .
              Panasonic determined the volume and price of such sales.  BMCC
15            relinquished control of the CPTs in China and was not responsible for
              their ultimate delivery to the United States or elsewhere.
16

17  *Id.* ¶ 23.

18         Equally so, because BMCC did not control whether any of its CRTs were incorporated

19  into televisions or computer monitors exported to the United States, it lacked the means to, and

20  did not as a matter of undisputed fact, restrict output to the United States.  *Id.*  Limited numbers of

21  CPT sold by BMCC in China may have been taken – unilaterally and without consultation with

22  BMCC – into the United States as CPTs or Finished Products.   *Id.*   For all such orders, the

23

24  _____

25  [6]  The testimony is inadmissible because the testimony lacks foundation, Plaintiffs not having established that
      deponent has personal knowledge of the subject or the underlying facts.  *See* Fed. R. Evid. 602 ("A witness may
      testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal
26    knowledge of the matter."); *Latman v. Burdette*, 366 F.3d 774, 786–87 (9th Cir. 2004) (ruling that trial court
      erred under Rule 602 in admitting declaration purporting to authenticate account records, where declarant had no
27    personal knowledge of the authenticity of the account records) (abrogated on other grounds); *United States v.
      Lopez*, 762 F.3d 852, 863-65 (9th Cir. 2014) (holding that a border patrol agent's testimony did not satisfy the
      personal knowledge requirement for admissibility where the agent was not present when the defendant was
      deported and could not remember the defendant).

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

28

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR                    Master File 07-cv-5944
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE                      MDL 1917
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF                                              11

1    purchaser in China determined the volume of such sales; *it*, not BMCC, made decisions regarding

2    price and output insofar as those decisions touched the United States.  *Id*.

3            The evidence offered by Mr. Kinoshita is material to the FTAIA analysis as discussed

4    below because the Plaintiffs have to offer evidence that BMCC's conduct, not that of third parties,

5    had the requisite direct effect in the United States to satisfy the FTAIA and thus state a Sherman

6    Act Claim.

7    **II.    ASSESSED AGAINST THE UNDISPUTED FACTUAL RECORD, THE FTAIA**

8            **COMPELS THE CONCLUSION THAT BMCC'S ACTIVITIES ARE BEYOND**

9            **THE REACH OF THE SHERMAN ACT OR RELATED STATE LAWS.**

10           The record, as summarized above, demonstrates that BMCC is a Chinese manufacturer,

11   with no sales or presence in the United States, engaged in wholly foreign conduct.  There is no

12   evidence that BMCC participated in any conspiracy with the requisite effect on the United States

13   that gives rise to a claim under the Sherman Act as limited by the FTAIA.[7]  Under that statute,

14   conduct cannot give rise to a Sherman Act claim unless it (i) constitutes "import trade or

15   commerce" or (ii) satisfies the "domestic effects" standard imposed by the FTAIA with respect to

16   non-import trade or commerce, that is, foreign commerce.  *Hsiung*, 758 F.3d at 1086.  Here, the

17   evidence is that all of BMCC's CRT sales were made outside the United States, with the majority

18   being made in China.  Kinoshita Decl. ¶¶ 22-23.  Only a highly limited amount of sales, with

19   delivery and payment terms in China, were subsequently shipped by the purchaser – and now the

20   owner – to the United States.  *Id*.  Plaintiffs bear the burden of proving that BMCC's foreign

21   conduct is actionable under U.S. antitrust law.  *Hsiung*, 758 F.3d at 1092.  Accordingly, and as

22   explained further below, the claims against BMCC must be dismissed based on the limitations

23   imposed by the FTAIA: all of BMCC's conduct was wholly foreign, and any trivial sales of

---

[7]    As previously noted, additional Constitutional bases exist for finding that the State laws claims against BMCC cannot proceed without running afoul of the due process clause of the Constitution for the reasons set out in (i) the Defendants' Joint Notice of Motion and Motion for Partial Summary Judgment Against Certain Direct Action Plaintiffs on Due Process Grounds and Memorandum of Points and Authorities in Support thereof, filed on November 7, 2014 and (ii) Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) SDN. SHD.'s Motion for Summary Judgment on Direct Action Plaintiffs' State Law Claims on Due Process Grounds, filed on November 7, 2014, both of which are incorporated by reference herein.

1  products that ultimately were shipped into the U.S. (by a third party not controlled by BMCC) are

2  inadequate, as a matter of law, to satisfy the "domestic effects" exception of the FTAIA.[8]

3      Plaintiffs have not come forward with evidence that controverts the undisputed facts set

4  forth above – those facts show that BMCC's activities are outside the scope of conduct reached

5  by the Sherman Act, and *a fortiori*, and as a matter of due process, by the more circumscribed

6  territorial reach of the laws of individual states pursuant to which Plaintiffs bring claims.

7      **A.    The FTAIA**

8      In 1982, Congress passed the FTAIA to clarify the limited extraterritorial application of

9  the Sherman Act.  The FTAIA provides:

10          [The Sherman Act] shall not apply to conduct involving trade or
            commerce (other than import trade or import commerce) with foreign
11          nations unless—(1) such conduct has a direct, substantial, and reasonably
            foreseeable effect—(A) on trade or commerce which is not trade or
12          commerce with foreign nations, or on import trade or import commerce
            with foreign nations; or (B) on export trade or export commerce with
13          foreign nations, of a person engaged in such trade or commerce in the
            United States; and  (2) such effect gives rise to a claim under the [Sherman
14          Act], other than this section. If [the Sherman Act] appl[ies] to such
            conduct only because of the operation of paragraph (1)(B), then [the
15          Sherman Act] shall apply to such conduct only for injury to export
            business in the United States.
16

17  15 U.S.C. § 6a.

18      In *Empagran*, the U.S. Supreme Court explained that the so-called domestic effects

19  provision of the FTAIA operates essentially as a limited carve-out from the general proscription

20  on application of the Sherman Act to foreign commercial conduct:

21          This technical language initially lays down a general rule placing *all*
            (nonimport) activity involving foreign commerce outside the Sherman
22          Act's reach. It then brings such conduct back within the Sherman Act's
            reach *provided that* the conduct *both* (1) sufficiently affects American
23          commerce, *i.e.*, it has a 'direct, substantial, and reasonably foreseeable
            effect' on American domestic, import, or (certain) export commerce, *and*
24          (2) has an effect of a kind that antitrust law considers harmful, *i.e.*, the
            "effect" must "giv[e] rise to a [Sherman Act] claim."
25

26

27  [8]   As more fully explained below, the sales to the third party in China should not be deemed "import trade or
      commerce" with reference to BMCC, inasmuch as BMCC did not control or direct the act of importation and
      was not at all engaged in importation activity.  Accordingly, the Court should treat even that small fraction of
      BMCC's activity as non-import trade or commerce and thus subject exclusively to the direct effects analysis
      discussed in the text.

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

28

1   *Empagran*, 542 U.S. at 161-62 (alternations in the original).

2       The Ninth Circuit has addressed the statute in two recent decisions: *Hsiung*, 758 F.3d

3   1074 (9th Cir. 2014) and *United States v. LSL Biotechnologies*, 379 F.3d 672 (9th Cir. 2004).  In

4   *Hsiung*, the Ninth Circuit confirmed that, as clarified by the FTAIA, the Sherman Act can reach

5   two strands of conduct involving foreign sellers: (i) "import trade and commerce" and

6   (ii) "nonimport" trade and commerce that satisfies the requirements of the domestic effects test.

7   *Hsiung*, 758 F.3d at 1086.  Summary judgment, therefore, is required unless Plaintiffs can offer

8   evidence that shows that BMCC's concededly foreign conduct involves import commerce or that

9   it had a direct, substantial, and reasonably foreseeable effect on U.S. commerce.  *Id.* at 1091-92.

10  Plaintiffs have not met either burden with respect to BMCC.

11          **(1)    BMCC did not engage in "import trade or commerce."**

12      The Court in *Hsiung* acknowledged that "[a]lthough our circuit has not defined 'import

13  trade' for purposes of the FTAIA, not much imagination is required to say that this phrase means

14  precisely what it says.  As the Seventh Circuit held in a case involving foreign cartel members,

15  'transactions that are directly between the [U.S.] plaintiff purchasers and the defendant cartel

16  members are import commerce of the United States . . . .'" *Hsiung*, 758 F.3d at 1090 (quoting

17  *Minn-Chem, Inc. v. Agrium Inc.*, 683 F.3d 845, 855 (7th Cir. 2012).

18      The facts in *Hsiung* are instructive, as they highlight the contrast with the facts that apply

19  to BMCC.  In *Hsiung*, the Court noted that the defendant (*AUO*) had imported over one million

20  price-fixed TFT-LCD panels per month into the United States and that AUO employees and those

21  of an American affiliate (*AUOA*) had negotiated with United States companies in the United

22  States to sell TFT-LCD panels.  Specifically, the Court credited trial evidence to the effect that

23  AUO and AUOA:

24          "engaged in the business of producing and selling TFT-LCDs to customers
            in the United States." During the conspiracy period, AUO employees "had
25          one-on-one discussions in person or by phone with representatives of
            coconspirator TFT-LCD manufacturers during which they reached
26          agreements on pricing of TFT-LCD sold to certain customers, including
            customers located in the United States." The indictment went on to allege
27          that AUO attempted to attain the price goals set with coconspirators by,
            during the conspiracy period, "regularly instruct[ing] employees of

FRESHFIELDS BRUCKHAUS DERINGER US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

28

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

14

> [AUOA] located in the United States to contact employees of other TFT-LCD manufacturers in the United States to discuss pricing to major United States TFT-LCD customers," and that "[i]n response to these instructions, employees of [AUOA] located in the United States had regular contact through in-person meetings and phone calls with employees of other TFT-LCD manufacturers in the United States to discuss and confirm pricing, and at times agree on pricing, to certain TFT-LCD customers in the United States."

*Hsiung*, 758 F.3d at 1091 (quoting the indictment) (alterations in original).

There is no evidence that BMCC engaged in any comparable activity, or an activity that plausibly could be deemed "import trade or commerce."  To the contrary, BMCC did not sell or import any CRTs into the United States.   Kinoshita Decl. ¶¶ 22-23.   It did not have any subsidiaries or employees here, and it did not negotiate prices in the United States.  *Id.* ¶¶ 8, 14, 17, 23.  It did not direct sales or ship goods here.  *Id.* ¶¶ 22-23.

The closest BMCC could be said to have come to engaging in "import trade or commerce" (which would take its activities outside the ambit of the FTAIA) was to make a limited amount of its sales *in China* (FOB China delivery terms) to a third party who directed them to the United States.  The third parties who bought CRTs from BMCC in China were *not* controlled by BMCC, and they, not BMCC, controlled the decision to purchase CRTs from BMCC, the subsequent pricing when those CRTs were resold, and the identity and location of the customers to whom the CRTs were resold.  *Id.*

On its face, none of the conduct either remotely resembles the conduct in *Hsiung* or suggests that *BMCC*, rather than a third party, engaged in "import trade or commerce" with regard to the U.S.  *See, e.g., Turicentro, S.A. v. Am. Airlines, Inc.*, 303 F.3d 293, 303 (3d Cir. 2002) (noting the fact that entities other than defendants may have subsequently imported product into the United States is immaterial).[9]

---

[9]   Given the facts adduced in the next section, if the Court disagrees with this conclusion and deems the small number of sales made in China but then directed by another party to the United States to be "import commerce," the Court should dismiss the actions with respect to all other sales.  *See Sun Microsystems, Inc. v. Hynix Semiconductor, Inc.*, 608 F. Supp. 2d 1166 (N.D. Cal. 2009) (dismissing certain claims to the extent they were not permitted under the FTAIA).

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

15

1        **(2)     BMCC's activities do not meet the domestic effects exception.**

2        Because BMCC did not engage in import trade or commerce, the Court must determine

3    whether its activities nonetheless could give rise to a Sherman Act cause of action by virtue of the

4    domestic effects exception.  Put another way, the Court must grant summary judgment in favor of

5    BMCC *unless* Plaintiffs have elicited evidence that the limited activities already described had "a

6    direct, substantial, and reasonably foreseeable effect" on U.S. commerce.  *See* 15 U.S.C. § 6a.

7    Citing its earlier *LSL* decision, the Ninth Circuit in *Hsiung* held that conduct satisfies this standard

8    only if it follows as an "immediate consequence" of the defendants' activity and (parsing the

9    second element of the test required for the domestic effects exception to apply) that the direct

10   effect gives rise to the plaintiffs' injury.  *Hsiung*, 758 F.3d at 1094 (citing *LSL Biotechs.*, 379 F.3d

11   at 680-81).

12       Again, comparison between the facts in *Hsiung* and the evidence with respect to BMCC

13   here is instructive.  At the end of its opinion, the *Hsiung* court addressed whether foreign sales of

14   panels that were incorporated overseas into finished consumer products ultimately sold in the

15   United States could have the requisite direct effect on domestic commerce.  Citing expert

16   testimony as to the complicated supply chain through which these panels traveled, the court

17   acknowledged the existence of "a significant question regarding whether the effects were

18   sufficiently direct to uphold a verdict based on the domestic effects claim."  *Hsiung*, 758 F.3d at

19   1094.

20       Here, the most favorable inference to be drawn from the evidence relevant to BMCC does

21   more even than reprise that "significant question."  There is substantial expert testimony in this

22   case that illustrates that the supply chain that applies to CRTs manufactured outside the United

23   States is at least as complex as that in *Hsiung*.  *E.g.*, Snyder Decl. Ex. E ¶¶ 12-14, fig.1.  But that

24   evidence suggests only the complicated – and thus presumptively "indirect" – manner in which a

25   CRT manufactured by BMCC abroad and sold abroad *might* have been incorporated into a CRT

26   Finished Product later purchased in the United States.  Here, in further unfavorable contrast to the

27   situation in *Hsiung*, Plaintiffs have not adduced evidence that shows that *any* BMCC tube was

28   incorporated into a CRT Finished Product that was in fact sold in the United States.  The lack of

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

1    evidence that proves that even a single tube sold abroad by BMCC was incorporated into a

2    product sold in the United States fails all three components of the direct effects test:  BMCC's

3    activities have not been shown to have had a "direct" effect on U.S. trade or commerce, much less

4    a "substantial" one, and even less so a "direct" and "substantial" effect that was "reasonably

5    foreseeable" to BMCC.  *See* 15 U.S.C. § 6a.

6         Furthermore, as noted above, Plaintiffs have offered no evidence that BMCC entered into

7    any agreement with respect to the price at which or whether any CRTs were or were not sold in or

8    into the United States.  Plaintiffs cannot meet the burden, and summary judgment must therefore

9    be granted to BMCC, because: (i) BMCC did not sell CRTs into the United States; and

10   (ii) BMCC did not set the price at which its CRTs were sold, if at all, in the United States.

11   Kinoshita Decl. ¶¶ 22-23.

12   **III.   PLAINTIFFS  LACK  STANDING  TO  BRING  CLAIMS  FOR  INJUNCTIVE**

13   **        RELIEF AGAINST BMCC**

14        Each action pending against BMCC includes a request under Section 16 of the Clayton

15   Act and/or state laws to enjoin BMCC from continuing and maintaining the combination,

16   conspiracy, or agreement alleged herein.  (The Pleading of the Section 16 claims is substantially

17   similar across all of the actions.)  BMCC stopped manufacturing CRTs in 2009 and long ago sold

18   or abandoned its CRT manufacturing assets.  Kinoshita Decl. ¶ 10.  Its sole remaining business

19   involves rental of commercial real estate in Beijing, China. Snyder Decl. Ex. A ¶ 9. Plaintiffs are

20   aware of these facts and have elicited no evidence whatsoever that suggests that BMCC is even

21   remotely likely to resume production of CRTs.  Not surprisingly, therefore, there is no record

22   basis on which to conclude that there is any risk that BMCC could continue or maintain any

23   combination, conspiracy, or agreement with respect to CRTs, much less a combination,

24   conspiracy, or agreement that would affect Plaintiffs.

25        Summary judgment should be granted with respect to all requests for injunctive relief

26   against BMCC because plaintiffs lack standing to bring such claims.  Section 16 of the Clayton

27   Act provides in relevant part that "[a]ny person, firm, corporation, or association shall be entitled

28   to sue for and have injunctive relief . . . against threatened loss or damage by a violation of the

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

17

1    antitrust laws . . . ."  15 U.S.C. § 26.  The Supreme Court ruled in *Cargill v. Monfort of Colorado*

2    that, because Sections 4 and 16 are best understood as providing complementary remedies for a

3    single set of injuries, a private plaintiff seeking relief under Section 16 must allege threatened loss

4    or damage "of the type the antitrust laws were designed to prevent and that flows from that which

5    makes defendants' acts unlawful."  *Cargill, Inc. v. Monfort of Colo., Inc.*, 479 U.S. 104, 110-11

6    (1986).

7         Injunctive relief is forward-looking, meant to prevent future violations or the future bad

8    effects of past harm.  Therefore, a significant threat of injury from impending violations is

9    required to justify prospective equitable relief.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*,

10   395 U.S. 100, 130 (1969).  That threat cannot be conjectural or hypothetical.  *O'Shea v. Littleton*,

11   414 U.S. 488, 494 (1974).  Specifically in order to be entitled to receive an injunction under

12   Section 16, a plaintiff must allege that (i) there is a threatened loss or injury cognizable in equity;

13   (ii) the loss or injury proximately results, or would result, from the alleged antitrust violation; and

14   (iii) the threatened loss or injury qualifies as antitrust injury reflecting the anticompetitive effect

15   of an alleged violation.  *Zenith Radio Corp.*, 395 U.S. at 130 n.24.  Plaintiffs bear the burden to

16   establish the presence of a threat of injury.

17        Moreover, in order to have standing even to assert such a claim for equitable relief,

18   Plaintiffs must establish a threat of injury.  *See Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir.

19   2010) (The party invoking federal jurisdiction bears the burden of establishing standing.  In order

20   to invoke jurisdiction of the federal courts, the moving party must establish injury in fact.);

21   *McInnis-Misenor v. Me. Med. Ctr.*, 319 F.3d 63, 67 (1st Cir. 2003).  That is, Plaintiffs must show

22   there to be a live case or controversy at the time of the Court's consideration.  *Golden v. Zwickler*,

23   394 U.S. 103, 108-09 (1969).

24        The relevant facts here are not in dispute: BMCC no longer manufactures any products,

25   has not done so in over five years, and has disposed of all of its manufacturing assets.  Kinoshita

26   Decl. ¶ 10.  BMCC's business is limited to providing a service with respect to a piece of real

27   estate located in Beijing, China.  Snyder Decl. Ex. A ¶ 9.  Plaintiffs have not elicited a single fact

28   that shows there is any prospect that BMCC will resume manufacturing activities of any type,

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

18

much less that it will resume manufacturing CRTs (or any products) that could be sold to them. As a matter of law, therefore, Plaintiffs have not made the showing required for Section 16 relief (or comparable relief available under the relevant state statutes), or even that they have standing to assert such claims, and BMCC is, therefore, entitled to summary judgment on all such claims.

## CONCLUSION

For the foregoing reasons, the Court should grant summary judgment in BMCC's favor and should do so because: (i) Plaintiffs have offered no evidence that BMCC engaged in a horizontal agreement with competitors with respect to products sold in the U.S.; (ii) Plaintiffs cannot offer such evidence because BMCC did not engage in any such sales; and thus (iii) BMCC's conduct is outside the scope of the Sherman Act as limited by the FTAIA.

FRESHFIELDS
BRUCKHAUS DERINGER
US LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF THE
FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF

Master File 07-cv-5944
MDL 1917

19

1

2    Dated: November 7, 2014                 Respectfully submitted,

3                                            FRESHFIELDS BRUCKHAUS DERINGER US LLP

4
                                            By: /s/ Michael Lacovara
5                                                Michael Lacovara (209279)
                                                 Freshfields Bruckhaus Deringer US LLP
6                                                601 Lexington Avenue, 31st Floor
                                                 New York, NY 10022
7                                                Telephone: 212 277 4000
                                                 Facsimile: 212 277 4001
8                                                Email: michael.lacovara@freshfields.com

9                                                Terry Calvani (53260)
                                                 Richard Snyder (*pro hac vice*)
10                                               Christine Laciak (*pro hac vice*)
                                                 Freshfields Bruckhaus Deringer US LLP
11                                               700 13th Street, NW, 10th Floor
                                                 Washington, DC 20005
12                                               Telephone: 202 777 4500
                                                 Email: terry.calvani@freshfields.com
13                                               Email: richard.snyder@freshfields.com
                                                 Email: christine.laciak@freshfields.com
14
                                            *Attorneys for Defendant Beijing Matsushita Color CRT*
15                                          *Co., Ltd.*

16

17

18

19

20

21

22

23

24

25

26

27

28

BMCC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT FOR        Master File 07-cv-5944
FAILURE TO ADDUCE EVIDENCE SUFFICIENT TO STATE A CLAIM IN LIGHT OF        MDL 1917
THE FTAIA AND FOR LACK OF STANDING TO SEEK INJUNCTIVE RELIEF