JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc.
and LG Electronics U.S.A., Inc.*

*Additional Moving Defendants and Counsel
Listed on Signature Pages*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| This Document Relates to: | Case No. Master File No. 3:07-cv-05944-SC |
| *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, Individual Case No. 11-cv-06397 | MDL NO. 1917 |
| | Individual Case no. 11-cv-06397 |
| *Costco Wholesale Corp. v. Technicolor SA, et al.*, Individual Case No. 13-cv-05723 | **DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | [[Proposed] Order filed concurrently herewith] |
| | Judge:   Hon. Samuel Conti |
| | Date:    February 6, 2015 |
| | Time:    10:00 a.m. |
| | Ctrm:    1, 17th Floor |

1    **NOTICE OF MOTION AND JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT**

2         TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

3         PLEASE TAKE NOTICE that on February 6, 2015 at 10:00 a.m., or as soon as counsel

4    may be heard thereafter, in Courtroom 1, 17th Floor, San Francisco, California before the

5    Honorable Samuel Conti, the undersigned defendants will move the Court, pursuant to Federal

6    Rule of Civil Procedure, for partial summary judgment.

7         For the reasons explained in the accompanying Memorandum of Points and Authorities,

8    the undersigned defendants are entitled to summary judgment with respect to certain state law

9    claims of Plaintiff Costco Wholesale Corporation ("Costco") because the undisputed facts and

10   record show that Costco's alleged antitrust injuries took place in Washington, and thus

11   Washington law should apply. Specifically, this motion seeks summary judgment on the following

12   claims for relief:

13        •    The Second, Fourth, Fifth, and Sixth Claims for Relief, which allege claims,

14             respectively, under California, Arizona, Florida, and Illinois antitrust law.

15        This motion is based on this Notice of Motion, the following Memorandum of Points and

16   Authorities, the Declaration of Laura K. Lin in Support of Defendant's Motion for Partial

17   Summary Judgment Against Certain Direct Action Plaintiffs on Due Process Grounds ("Lin

18   Decl."), and any materials attached thereto or otherwise found in the record, along with the

19   argument of counsel and such other matters as the Court may consider.

20

21

22

23

24

25

26

27

28

1    Dated:  November 7, 2014                Respectfully submitted,

2

3                                            MUNGER, TOLLES & OLSON LLP

4                                            By: */s/ Hojoon Hwang*

5                                            JEROME C. ROTH (State Bar No. 159483)
                                             jerome.roth@mto.com
6                                            HOJOON HWANG (State Bar No. 184950)
                                             hojoon.hwang@mto.com
7                                            MIRIAM KIM (State Bar No. 238230)
                                             miriam.kim@mto.com
8                                            **MUNGER, TOLLES & OLSON LLP**
                                             560 Mission Street, Twenty-Seventh Floor
9                                            San Francisco, California 94105-2907
                                             Telephone: (415) 512-4000
10                                           Facsimile: (415) 512-4077

11                                           WILLIAM D. TEMKO (SBN 098858)
                                             William.Temko@mto.com
12                                           **MUNGER, TOLLES & OLSON LLP**
                                             355 South Grand Avenue, Thirty-Fifth Floor
13                                           Los Angeles, CA 90071-1560
                                             Telephone: (213) 683-9100
14                                           Facsimile: (213) 687-3702

15                                           *Attorneys for Defendants LG Electronics, Inc.; LG*
                                             *Electronics USA, Inc.*
16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## QUESTIONS PRESENTED[1]

1.      Whether summary judgment should be entered against Costco on its California, Arizona, Florida, and Illinois state law claims where Costco is headquartered in and issued purchase orders from Washington; and where Washington law is inconsistent with California, Arizona, Florida, and Illinois law?

## SUMMARY OF ARGUMENT

Defendants are entitled to judgment as a matter of law as to Costco's California, Arizona, Florida, and Illinois state law claims because the applicable choice of law principles dictate that Costco's claims must instead be asserted under the laws of Washington, where Costco is headquartered, made decisions to purchase the products at issue, and directed the issuance of purchase orders.  Because Washington antitrust law does not permit an indirect purchaser, like Costco, to recover, Costco's indirect claims fail as a matter of law and the court should enter summary judgment for Defendants.

In deciding which state's law applies, the court must apply Washington's choice of law rules because Costco filed its claims in Washington.  Where, as here, a conflict of laws exists, Washington's choice of law rules require the court to apply the law of the state with the "most significant relationship" to the parties and the dispute.  Costco is headquartered in Washington, purchased CRT products in Washington, and directed the issuance of its purchase orders from Washington.  The facts in this case show that Washington, not California, Arizona, Florida or Illinois, has the most significant relationship to the parties and the dispute.  Accordingly, Washington law should apply and summary judgment should be granted in favor of Defendants on Costco's indirect purchase claims, which are barred under Washington law.

---

[1] Lin Declaration Exhibit C describes how Defendants' motions concerning Plaintiffs' state law claims relate to one another.  As Exhibit C details, the Court need not consider certain of Defendants' motions if it finds in Defendants' favor on other motions.

3:07-cv-05944-SC; MDL No. 1917
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

## OVERVIEW OF CLAIMS ADDRESSED

Costco purchased products containing Cathode Ray Tubes ("CRT products") and sold these products to retail consumers.  Costco alleges that Defendants engaged in a conspiracy to fix the prices of CRTs.  The present motion is directed to Costco's Second, Fourth, Fifth, and Sixth Claims for Relief, which allege claims, respectively, under California, Arizona, Florida, and Illinois antitrust law.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### I.      Pertinent Facts Regarding Costco

Costco is a Washington corporation with its headquarters in Washington.[2]  Before 1999, Costco maintained its headquarters in Washington but was incorporated in Delaware.[3]  Prior to the beginning of the relevant period, Costco merged with a California company called Price Club.[4]

Throughout the relevant period, Costco conducted its CRT product purchasing decisions, negotiations, quantity decisions, and forecasting in Washington.[5]  Washington was the "primary spot" from which Costco issued purchase orders for its CRT product purchases.[6]  In some instances, Costco's Washington headquarters directed the regional offices concerning what purchase orders to issue and those offices would place the purchase orders; even at these times, "decisions were made … at the corporate office."[7]

Costco received the CRT products it purchased at distribution centers located in Washington, California, Arizona, Texas, Illinois, New Jersey, Georgia, Florida, and Utah.[8]

### II.     Pertinent Facts Regarding Costco's Allegation

Costco alleges that the anticompetitive conduct at issue occurred primarily outside of the United States.[9]  In addition, Costco has identified allegedly anticompetitive conduct that it

---

[2] Costco First Amended Complaint at ¶¶ 11, 12.
[3] *Id*. ¶ 12.
[4] *Id*.
[5] Lin Decl. Ex. 9 (Geoffrey Shavey (Costco) Dep. at 58:14-17; *see also id*. at 46:7-16).
[6] *Id*. at 45:25-46:6.
[7] *Id*. at 57:23-58:2, 59:5-6.
[8] *Id*. at 59:16-60:14.

1  contends took place in states including Alabama, Arizona, California, Georgia, Indiana, Michigan,

2  North Carolina, Nevada, New York, Ohio, and Pennsylvania.[10]

3                              **LEGAL STANDARD**

4          Summary judgment is appropriate when there is no genuine issue of material fact and the

5  moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The party moving

6  for summary judgment has the initial burden of identifying the absence of a genuine issue of

7  material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *In re Oracle Corp.*

8  *Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

9          Where, as here, the moving party meets its burden, the non-moving party must identify

10  facts showing that a genuine issue for trial exists.  *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387

11  (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  The non-moving party may not rely

12  on the pleadings but must come forward with evidence – affidavits, depositions, answers to

13  interrogatories, or admissions – from which a jury could reasonably render a verdict in its favor.

14  *Id*. (citing *Anderson*, 477 U.S. at 252).  "The nonmoving party must show more than the mere

15  existence of a scintilla of evidence" or "some 'metaphysical doubt' as to the material facts at

16  issue."  *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586

17  (1986)).

18                              **ARGUMENT**

19  **I.      Choice of Law Standard**

20          In multidistrict litigation like this case, courts must apply the choice-of-law rules of each

21  state where the individual actions were originally filed.  *In re Nucorp Energy Sec. Litig.*, 772 F.2d

22  1486, 1492 (9th Cir. 1985) (concluding that "we must apply the choice of law rules of Illinois

23  because the claims were originally filed in district court in Illinois before they were transferred to

24

---

25  [9] *See* Lin Decl. Ex. 18 (Costco's Objections and Responses to Hitachi Asia, Ltd.'s First Set of
    Interrogatories, Response to Interrogatory No. 1 (stating that "[e]vidence establishing Defendants'
26  and their co-conspirators' illegal price fixing agreement includes" various expert reports and
    discovery responses by others, and an Exhibit A)).  Recent supplements of this "Exhibit A" are
27  attached as Exhibit A to the accompanying declaration of Laura K. Lin ("Exhibit A").
    [10] *See* Exhibit A.
28

1   California by the Judicial Panel on Multidistrict Litigation"); *see also, e.g.*, *In re Toyota Motor*

2   *Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 785 F. Supp. 2d 925,

3   929 (C.D. Cal. 2011) (stating that MDL cases "retain separate and distinct identities in preparation

4   for their eventual return to their home states").  Here, Costco filed its lawsuit in Washington

5   before the case was transferred to this Court.  Thus, Washington choice-of-law rules must be

6   applied.

7        Washington follows the two-step "most significant relationship test" from the Restatement

8   (Second) on Conflict of Laws.  The threshold question in a Washington choice-of-law analysis is

9   whether there is an actual conflict between the laws or interests of Washington and that of another

10   state.  *Johnson v. Spider Staging Corp.*, 87 Wash.2d 577, 579 (1976).  Where the laws of the

11   interested states conflict, the court must determine which state has the "most significant

12   relationship to the occurrence and the parties."  *Id.* at 580 (quoting Restatement (Second) on

13   Conflict of Laws § 145).  In determining which state has the most significant relationship to the

14   parties and to the dispute, a court should consider the following factors: (a) the place where the

15   injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile,

16   residence, nationality, place of incorporation and place of business of the parties; and (d) the place

17   where the relationship, if any, between the parties is centered.  *Id.* at 580-81.  Washington's

18   "approach is not merely to count contacts, but rather to consider which contacts are most

19   significant and to determine where these contacts are found."  *Id.* at 581.

20        If the competing contacts are roughly balanced, Washington's choice-of-law rules direct

21   that the court should next evaluate the public policy and governmental interests of the concerned

22   states.  *Id.* at 582.  Washington's Supreme Court has observed that "[a] state's interest in limiting

23   [a certain category of] damages is to protect defendants from excessive financial burdens" and "to

24   eliminate speculative claims and difficult computation issues."  *Id.* at 582-83.  The Ninth Circuit

25   has similarly cautioned that "each state has an interest in setting the appropriate level of liability

26   for companies conducting business within its territory."  *Mazza v. Am. Honda Motor Co.*, 666 F.3d

27   581, 592 (9th Cir. 2012).

28

**II.     Choice of Law Analysis Requires that Washington Law, Which Does Not Allow Indirect Purchaser Claims, Controls Costco's State Law Claims**

**A.     Washington Law Conflicts with the Laws of California, Arizona, Florida, and Illinois**

Applying the first step of the choice of law analysis reveals that a true conflict exists between Washington law on the one hand and the laws of California, Arizona, Florida, and Illinois on the other.   As this Court has already concluded at the motion to dismiss stage, Washington does not permit indirect purchaser suits.  *See* Wash. Rev. Code § 19.86.920; *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013 WL 4505701, at *12 (N.D. Cal. Aug. 21, 2013) (dismissing the DAPs' Washington law claims without leave to amend).   California, Arizona, Florida, and Illinois permit indirect damages claims.  *See* Cal. Bus. & Prof. Code § 16750(a); *Bunker's Glass Co. v. Pilkington PLC*, 206 Ariz. 9, 12 (2003); *Mack v. Bristol–Myers Squibb Co.*, 673 So.2d 100 (Fla. Dist. Ct. App. 1996); 740 Ill. Comp. Stat. § 10/7(2) (2010).

This conflict of laws is outcome determinative:  If Costco may invoke California, Arizona, Florida or Illinois law, Costco may pursue its indirect damages claims.  If Washington law applies, the court should enter judgment against Costco on its indirect damages claims.  *See Seizer v. Sessions*, 132 Wash. 2d 642, 649 (1997) ("An actual conflict of laws exists [when] the result is different under the laws of Washington and [another state].").

**B.     Washington Has the Most Significant Relationship to the Occurrence and the Parties**

The four factors set forth in Restatement (Second) on Conflict of Laws § 145 show that Washington, not one of the other states selected by Costco, has the most significant relationship to Costco and its claims.  Accordingly, Washington law should apply here.  *See generally In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 5922966, at *1-2 (N.D. Cal. Nov. 28, 2011) (concluding that Washington has the greatest interest in applying its law to claims brought by Costco in LCD antitrust litigation).

**1.      Costco's Alleged Injuries Occurred Exclusively in Washington**

Costco's alleged injuries occurred in Washington because Washington was the "primary spot" from which Costco issued purchase orders for its CRT product purchases.[11]  Even where Costco issued purchase orders from other states, its regional offices did so only upon receiving directions from the corporate headquarters in Washington.[12]  Further, Costco's purchasing decisions and negotiations likewise occurred exclusively in Washington.[13]  Thus, to the extent that Costco overpaid for CRT products as a result of the alleged conspiracy, it did so in Washington. These facts are sufficient to show that Washington is the exclusive site of Costco's alleged injuries.  *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 3727221, at *3 (N.D. Cal. Aug. 27, 2012) ("[P]laintiffs are deemed to be injured in the states where they agreed to pay inflated prices for products, not the states where they merely received products.") *reconsidered on other grounds*, 2013 WL 1891367 (N.D. Cal. 2013).

**2.      The Alleged Misconduct Occurred Throughout the World, Which Does Not Weigh Against the Application of Washington Law**

The alleged anticompetitive conduct occurred throughout the world and, as a result, does not reflect a substantial relationship with any of the states at issue (California, Arizona, Florida, Illinois, or Washington).  Of the thousands of alleged meetings and communications that Costco has identified as anticompetitive, the vast majority occurred in Asia.[14]  Costco alleges that approximately twenty-five of these alleged meetings took place in California; identifies just one in Arizona; and does not identify any alleged anticompetitive conduct as having occurred in Florida or Illinois.[15]  Given the purportedly global scope of the alleged misconduct, the few allegations related to California and Arizona (and the lack of any allegations of misconduct located in either Florida or Illinois) cannot establish a substantial relationship between this case and any of those

---

[11] Lin Decl. Ex. 9 (Geoffrey Shavey (Costco) Dep. at 45:25-46:6).
[12] *Id.* at 57:23-58:2, 59:5-6.
[13] *Id.* at 58:14-17; *see also id.* at 46:7-16.
[14] Exhibit A.
[15] *Id.*

states. Accordingly, this factor of the Restatement test does not weigh in favor, or against, the application of any of the states' laws.

### 3. Costco Is Domiciled in Washington

The third Restatement factor examines the location of the parties' domicile and weighs in favor of applying Washington law. Costco, the sole plaintiff in this individual action, is domiciled in Washington. Defendants are thirty-six distinct corporations that are domiciled throughout the world, predominately in Asia and Europe.[16] Of the thirty-six Defendants, Costco alleges that just three are domiciled in California and concedes that none is domiciled in Arizona, Florida, or Illinois.[17]

On balance, the parties' respective domiciles favor the application of Washington law. Costco's domicile in Washington creates a substantial relationship between Washington and Costco's allegations whereas the domicile of a few Defendants out of many in California does not create a substantial relationship between California and the litigation.

### 4. Washington is Where Any Relationship Between Costco and Defendants Was Centered

In Washington, the "relationship between the parties, if any, must center around the cause of action[.]" *Brewer v. Dodson Aviation*, 447 F. Supp. 2d 1166, 1180 (W.D. Wash. 2006). The place where the relationship is centered is therefore often "the same as the place where the conduct causing the injury occurred." *Id.* at 1179–80 (citing *Zenaida-Garcia v. Recovery Sys. Tech., Inc.*, 128 Wash. App. 256, 263 (2005)).

Costco and Defendants had no direct relationship for the indirect purchase claims at issue in Costco's state law claims. Accordingly, the fourth factor of the Restatement's test, which examines where the relationship between the parties was located, has little bearing on the present analysis. But to the extent the parties had any relevant relationship, that relationship arose almost exclusively in Washington.

---

[16] *See* Costco Am. Compl. ECF No. 1982, at ¶¶ 17-59.

[17] *Id.*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

Costco's purchasing decisions and negotiations – the source of any "relationship" between Costco and Defendants – occurred in Washington.[18]  Costco's vendors for CRT products were located throughout the country, but these vendors and Costco formed their relationships in Washington, the place where Costco agreed to purchase CRT products and from which Costco sent its purchase orders.[19]  Costco contends that many of Price Club's "headquarters functions continued in California,"[20] but the facts show that all of Costco's purchasing functions (including those related to Costco) occurred in or were directed from Washington throughout the relevant time period.[21]  *See generally In re TFT-LCD (Flat Panel) Antitrust Litig*., 2011 WL 5922966, at *1-2 (considering the location of some Price Club headquarter operations in California and Costco's volume of sales in California and nevertheless concluding that Washington, not California, had most significant relationship to Costco's claims).

In sum, to the extent it favors the application of any state's law, the fourth factor of the Restatement's test shows the most substantial relationship between this case and Washington.

### 5.    Considered Together, the Four Factors Show that Washington Law Should Be Applied

As set forth in the preceding four subsections, *supra*, the Restatement's four-factor test shows that Washington has the most substantial relationship to this case and these parties. Washington is the place where the alleged injury occurred, the place where the sole plaintiff is domiciled, and the place where the relationship between the parties, to the extent there was one, was formed.  The alleged misconduct at issue arose throughout the world and lacks a substantial connection with any of the states at issue.  Weighing all the factors under Washington's choice-of-law standard reveals no reason to depart from the Restatement's instruction that "[t]he applicable law will usually be the local law of the state where the injury occurred."  Restatement (Second) of Conflict of Laws § 172 (1971); *see also In re Flonase Antitrust Litig.*, 815 F. Supp. 2d 867, 883-85 (E.D. Pa. 2011) (applying Restatement choice-of-law analysis and applying law of purchase

---

[18] Lin Decl. Ex. 9 (Geoffrey Shavey (Costco) Dep. at 58:14-17); *see also id*. at 46:7-16.
[19] *Id*.
[20] *See* Costco Am. Compl. ECF No. 1982, at ¶ 12.
[21] Lin Decl. Ex. 9 (Geoffrey Shavey (Costco) Dep. at 45:25-46:16, 57:23-58:2, 58:14-17, 59:5-6).

state where plaintiffs' alleged overcharges occurred); *In re Intel Corp. Microprocessor Antitrust Litig.*, 2010 WL 8591815, at *1, *55 (D. Del. July 28, 2010) (same).

### C.      The Court Need Not Weigh the States' Competing Interests, But Doing So Likewise Favors the Application of Washington Law

Washington's choice of law rules instruct that courts should only consider each state's competing interests if the Restatement's substantial relationship analysis is indeterminate.  *See Johnson*, 87 Wash. 2d at 582.  Here, the test is conclusive – Washington has the most substantial relationship to the parties and the allegations – and the Court need not reach the next step of the analysis.  Considering the state's competing interests, however, likewise supports the conclusion that Washington law should be applied.

Washington has the strongest interest in having its law applied to Costco's claims because Costco is headquartered and incorporated in Washington.  Further, Washington's legislature chose to enact consumer protection laws that regulate only consumer, not commercial, transactions.  *See* Wash. Rev. Code § 19.86.920.  Washington has a significant interest in having that legislative choice applied in the present case.  *See generally Johnson*, 87 Wash. 2d at 582-83 (observing that states may elect to limit available damages "to protect defendants from excessive financial burdens" and "to eliminate speculative claims and difficult computation issues"); *see also Mazza*, 666 F.3d at 593 (a court examining the competing state interests must consider "each state's interest in promoting business").

California, Arizona, Florida and Illinois, on the other hand, have little if any interest in seeing their laws applied here.  Any harm suffered by consumers in these states as a result of Defendants' alleged anticompetitive conduct will be remedied by the consumer class action or through the suits pursued by the California and Illinois attorney generals.  *See Mazza*, 666 F.3d at 594 (finding that California lacked a significant interest in the application of its law to claims related to transactions in other states); *In re TFT-LCD (Flat Panel) Antitrust Litig.*,  2013 WL 4175253, at *2 (N.D. Cal. July 11, 2013) (examining competing interests and finding that applying a state law allowing indirect damages would "negatively affect [another state's] ability to foster an

1   inviting business climate and would contravene its decision to prevent duplicative recovery, and to

2   limit litigation and the burden on the Courts, even when its residents are involved").

3       For all of these reasons, Washington law should apply and Costco's claims under

4   California, Arizona, Florida, and Illinois law must be dismissed.

5   **CONCLUSION**

6       Defendants respectively request that this Court apply Washington law and award partial

7   summary judgment to Defendants on Costco's Second, Fourth, Fifth, and Sixth Claims for Relief

8   under California, Arizona, Florida, and Illinois state law.

9

10   Dated: November 7, 2014                        Respectfully submitted,

11

12                             MUNGER, TOLLES & OLSON LLP

13                             By: */s/ Hojoon Hwang*

14                             JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com

15                             HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com

16                             MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com

17                             **MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor

18                             San Francisco, California 94105-2907
Telephone: (415) 512-4000

19                             Facsimile: (415) 512-4077

20                             WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com

21                             **MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor

22                             Los Angeles, CA 90071-1560
Telephone: (213) 683-9100

23                             Facsimile: (213) 687-3702

24                             *Attorneys for Defendants LG Electronics, Inc.; LG Electronics USA, Inc.*

25

26

27

28

- 10 -

**WHITE & CASE** LLP

By: /s/ Lucius B. Lau
CHRISTOPHER M. CURRAN (*pro hac vice*)
ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

KIRKLAND & ELLIS LLP

By: /s/ Eliot A. Adelson
ELIOT A. ADELSON (SBN 205284)
JAMES MAXWELL COOPER (SBN 284054)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, California 94104
Tel: (415) 439-1400
Facsimile: (415) 439-1500
E-mail: eadelson@kirkland.com
E-mail: max.cooper@kirkland.com

JAMES H. MUTCHNIK, P.C. (*pro hac vice*)
KATE WHEATON (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

SQUIRE PATTON BOGGS (US) LLP

By: /s/ Nathan Lane, III
Nathan Lane, III (CA Bar No. 50961)
Mark C. Dosker (CA Bar No. 114789)
**SQUIRE PATTON BOGGS (US) LLP**
275 Battery Street, Suite 2600

- 11 -

San Francisco, California 94111
Telephone:  (415) 954-0200
Facsimile:  (415) 393-9887
E-mail:  nathan.lane@squiresanders.com
E-mail:  mark.dosker@squiresanders.com

Donald A. Wall (Pro Hac Vice)
**SQUIRE PATTON BOGGS (US) LLP**
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: + 1 602 528 4005
Facsimile: +1 602 253 8129
Email: donald.wall@squirepb.com

*Attorneys for Defendant Technologies Displays Americas
LLC*

3:07-cv-05944-SC; MDL No. 1917
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS