JEFFREY L. KESSLER (*pro hac vice*)
E:mail: JKessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
E:mail: PVictor@winston.com
ALDO A. BADINI (SBN 257086)
E:mail: ABadini@winston.com
EVA W. COLE (*pro hac vice*)
E:mail: EWCole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
E:mail: MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) and Panasonic Corporation of North America*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to: | **DEFENDANTS PANASONIC CORPORATION OF NORTH AMERICA'S AND PANASONIC CORPORATION'S (F/K/A MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.) ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
| ALL INDIRECT-PURCHASER ACTIONS | |
| *Sharp Electronics Corp., et. al. v. Hitachi Ltd., et al.*, No. 13-cv-01173 | |
| *Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656; | |
| *Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | |
| *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502; | |

-1-

1    *Siegel v. Technicolor SA, et al.*, No. 13-cv-
     05261;

2

3    *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*,
     No. 11-cv-05513;

4    *Best Buy Co., Inc., et al. v. Technicolor SA, et
     al.*, No. 13-cv-05264;

5

6    *Target Corp. v. Chunghwa Picture Tubes, Ltd.,
     et al.*, No. 11-cv-05514;

7    *Target Corp. v. Technicolor SA, et al.*, No. 13-
     cv-05686;

8    *Sears, Roebuck & Co., et al. v. Chunghwa
     Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

9

10   *Sears, Roebuck & Co., et al. v. Technicolor SA,
     et al.*, No. 13-cv-05262;

11   *Interbond Corp. of Am. v. Hitachi, Ltd., et al.*,
     No. 11-cv-06275;

12

13   *Interbond Corp. of Am. v. Technicolor SA, et
     al.*, No. 13-cv-05727;

14   *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No.
     11-cv-06276;

15   *Office Depot, Inc. v. Technicolor SA, et al.*, No.
     13-cv-05726;

16

17   *CompuCom Systems, Inc. v. Hitachi, Ltd., et
     al.*, No. 11-cv-06396;

18   *P.C. Richard & Son Long Island Corp., et al.
     v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

19

20   *P.C. Richard & Son Long Island Corp., et al.
     v. Technicolor SA, et al.*, No. 13-cv-05725;

21   *Schultze Agency Servs., LLC v. Hitachi, Ltd., et
     al.*, No. 12-cv-02649;

22

23   *Schultze Agency Servs., LLC v. Technicolor
     SA, et al.*, No. 13-cv-05668;

24   *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*,
     No. 13-cv-00157

25

26   *Viewsonic Corp. v. Chunghwa Picture Tubes,
     Ltd., et al.*, No. 14-cv-02510.

27

28

DEFENDANTS PNA'S AND PANASONIC CORP.'S                    Case No. 07-5944 SC
ADMINISTRATIVE MOTION TO FILE UNDER SEAL                 MDL NO. 1917

1    Pursuant to Federal Rule of Civil Procedure 5.2(e) and Civil Local Rules 7-11 and 79-5(c),

2    Defendants Panasonic Corporation of North America ("PNA") and Panasonic Corporation (f/k/a

3    Matsushita Electric Industrial Co., Ltd.) ("Panasonic Corp.") respectfully submit this Administrative

4    Motion for a Sealing Order regarding Defendants PNA's and Panasonic Corp.'s Notice of Motion

5    and Motion for Summary Judgment (the "Motion").  The following materials are submitted under

6    seal:  (a) the highlighted portions of the Motion; and (b) Exhibits 1 through 21 to the concurrently-

7    filed Declaration of Eva W. Cole in Support of the Motion (the "Cole Declaration").

8    This motion is supported by the Declaration of Sofia Arguello in Support of Defendants

9    PNA's and Panasonic Corp.'s Administrative Motion to Seal Documents Pursuant to Civil Local

10   Rules 7-11 and 79-5(d), dated November 7, 2014 (the "Arguello Declaration").  See Civ. L. R. 79-

11   5(d)(1)(A) (stating that an administrative motion to seal must be accompanied by a declaration

12   "establishing that the document sought to be filed under seal . . . [is] sealable").

13   On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (No. 07-

14   cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

15   Exhibit 1 to the Cole Declaration is excerpts from the August 5, 2014 Expert Report of Dr.

16   Darrell Williams, the expert witness for Defendants Panasonic Corporation, Matsushita Toshiba

17   Picture Display Co., Ltd., and Panasonic Corporation of North America (the "Panasonic

18   Defendants"), which the Panasonic Defendants have designated as "Highly Confidential" under the

19   terms of the Protective Order.

20   Exhibit 2 to the Cole Declaration is excerpts from the transcript of the October 8-9, 2013

21   deposition of Masashi Muramatsu, which the Panasonic Defendants have designated as "Highly

22   Confidential" under the terms of the Protective Order.

23   Exhibit 3 to the Cole Declaration is excerpts from the transcript of the February 5-6, 2013

24   deposition of Ayumu Kinoshita, which the Panasonic Defendants have designated as "Highly

25   Confidential" under the terms of the Protective Order.

26   Exhibit 4 to the Cole Declaration is excerpts from the transcript of the February 19-21, 2013

27   deposition of Chih Chun-Liu, which Defendant Chunghwa Picture Tube designated as "Highly

28   Confidential" under the terms of the Protective Order.

1    Exhibit 5 to the Cole Declaration is the document bearing bates number TSB-CRT-00018162

2 through TSB-CRT-00018207, which Toshiba Defendants designated as "Highly Confidential" under

3 the terms of the Protective Order.

4    Exhibit 6 to the Cole Declaration is the document bearing bates number PC-0020552 through

5 PC-0020556, which Panasonic Defendants designated as "Confidential" under the terms of the

6 Protective Order.

7    Exhibit 7 to the Cole Declaration is the document bearing bates number MTPD-0176401,

8 which Panasonic Defendants designated as "Confidential" under the terms of the Protective Order.

9    Exhibit 8 to the Cole Declaration is excerpts from the November 6, 2014 Sur-Rebuttal Report

10 of Dr. Darrell Williams, the expert witness for the Panasonic Defendants, which the Panasonic

11 Defendants have designated as "Highly Confidential" under the terms of the Protective Order.

12    Exhibit 9 to the Cole Declaration is excerpts from the September 26, 2014 Rebuttal Report of

13 Indirect Purchaser Class Plaintiffs' ("IPPs") Expert Janet S. Netz, which the IPPs have designated as

14 "Highly Confidential" under the terms of the Protective Order.

15    Exhibit 10 to the Cole Declaration is the document bearing bates number CHU00028311

16 through CHU00028313, which Defendant Chunghwa Picture Tube designated as "Confidential"

17 under the terms of the Protective Order.

18    Exhibit 11 to the Cole Declaration is the document bearing bates number SDCRT-0086748

19 through SDCRT-0086750, which Defendant Samsung SDI designated as "Highly Confidential"

20 under the terms of the Protective Order.

21    Exhibit 12 to the Cole Declaration is the document bearing bates number PHLP-CRT-095492

22 through PHLP-CRT-095493, which Defendant Philips designated as "Confidential" under the terms

23 of the Protective Order.

24    Exhibit 13 to the Cole Declaration is excerpts from the transcript of the March 27-29, 2013

25 deposition of Deok-Yun Kim, which Defendant Samsung SDI designated as "Highly Confidential"

26 under the terms of the Protective Order.

27

28

DEFENDANTS PNA'S AND PANASONIC CORP.'S                              Case No. 07-5944 SC
ADMINISTRATIVE MOTION TO FILE UNDER SEAL                           MDL NO. 1917

Exhibit 14 to the Cole Declaration is excerpts from the transcript of the February 22, 25-26, 2013 deposition of Sheng-Jen Yang, which Defendant Chunghwa Picture Tube designated as "Highly Confidential" under the terms of the Protective Order.

Exhibit 15 to the Cole Declaration is the document bearing bates number CHU00028755 through CHU00028756, which Defendant Chunghwa Picture Tube designated as "Confidential" under the terms of the Protective Order.

Exhibit 16 to the Cole Declaration is excerpts from the transcript of the March 12-13, 2014 deposition of Allen Chang, which Panasonic Defendants designated as "Highly Confidential" under the terms of the Protective Order.

Exhibit 17 to the Cole Declaration is excerpts from the transcript of the July 17-18, 2012 deposition of Hirokazu Nishiyama, Fed. R. Civ. P. 30(b)(6) witness for Panasonic Defendants, which Panasonic Defendants designated as "Highly Confidential" under the terms of the Protective Order.

Exhibit 18 to the Cole Declaration is excerpts from the transcript of the August 27, 2014 deposition of Philip Britton, which Plaintiff Best Buy designated as "Highly Confidential" under the terms of the Protective Order.

Exhibit 19 to the Cole Declaration is excerpts from the transcript of the October 2, 2014 deposition of Mike Ray, which Plaintiff Best Buy designated as "Highly Confidential" under the terms of the Protective Order.

Exhibit 20 to the Cole Declaration is excerpts from the September 26, 2014 Expert Rebuttal Report of Dr. Kenneth G. Elzinga, the joint expert witness of direct action plaintiffs ("DAPs") Electrograph Systems, Inc. and Electrograph Technologies Corporation ("Electrograph"); Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Circuit City"); Best Buy Company, Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, LLC, and Magnolia Hi-Fi, LLC ("Best Buy"); Target Corporation ("Target Corp."); Interbond Corporation of America (d/b/a BrandsMart USA) ("Interbond/BrandsMart"); Office Depot, Inc. ("Office Depot"); CompuCom Systems, Inc. ("CompuCom"); Costco Wholesale Corporation ("Costco"); P.C. Richard & Son Long Island Corporation ("P.C. Richard"); MARTA

DEFENDANTS PNA'S AND PANASONIC CORP.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 07-5944 SC
MDL NO. 1917

1   Cooperative of America, Inc. ("MARTA"); ABC Appliance, Inc. (d/b/a/ ABC Warehouse) ("ABC

2   Warehouse"); Schultze Agency Services, LLC ("Tweeter"); Tech Data Corporation and Tech Data

3   Product Management, Inc. ("Tech Data"); Dell Inc. and Dell Products L.P. ("Dell"); Sears, Roebuck

4   and Company ("Sears"); Kmart Corporation ("Kmart"); and ViewSonic Corporation ("ViewSonic"),

5   which those Plaintiffs have designated as "Highly Confidential" under the terms of the Protective

6   Order.

7           Exhibit 21 to the Cole Declaration is excerpts from the April 15, 2014 Expert Report of Jerry

8   A. Hausman, the expert witness for Plaintiff Sharp, which Plaintiff Sharp designated as "Highly

9   Confidential" under the terms of the Protective Order.

10          As set forth in the Arguello Declaration, the standard for filing under seal is met in the

11  present case with respect to the documents designated "Confidential" or "Highly Confidential" by

12  Panasonic Corporation of North America ("PNA"), MT Picture Display Co., Ltd., and Panasonic

13  Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) ("Panasonic Corp.") (collectively, the

14  "Panasonic Defendants") in these actions.  The documents designated "Confidential" or "Highly

15  Confidential" by the Panasonic Defendants consist of, cite to, and/or identify confidential,

16  nonpublic, proprietary and highly sensitive business information, including, among other

17  commercially sensitive business information and strategies, confidential information about the

18  Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics,

19  confidential business and supply agreements and/or competitive positions.  This information is

20  confidential commercial information, the disclosure of which would prejudice Defendants both in

21  their commercial relationships with customers and suppliers and in their competitive efforts.

22  Accordingly, compelling reasons exist for portions of these documents to remain under seal.  *See,*

23  *e.g.*, *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (those who seek to

24  maintain the secrecy of documents attached to dispositive motions must show "compelling reasons"

25  to support secrecy).

26          Defendants PNA and Panasonic Corp. also submit this Administrative Motion because they

27  wish to file documents that contain either (a) material designated by the indirect purchaser class

28  plaintiffs or the direct action plaintiffs (together, "Plaintiffs"), and/or other defendants, in the above-

-6-

1   captioned actions, pursuant to the Stipulated Protective Order (Dkt. 306, June 18, 2008), as

2   "Confidential" or "Highly Confidential;" or (b) analysis of, references to, or information taken

3   directly from material designated by Plaintiffs and/or other defendants pursuant to the Stipulated

4   Protective Order as "Confidential" or "Highly Confidential."  Defendants PNA and Panasonic Corp.

5   take no position on whether those designated documents satisfy the requirements for sealing.

6   Although Defendants PNA's and Panasonic Corp.'s request is narrowly tailored to include only the

7   information that may require confidentiality, it is Plaintiffs' burden and the burden of the relevant

8   defendants to show compelling reasons for sealing the designated documents by submitting a

9   declaration showing good cause and a proposed order within four days after the lodging of the

10  designated documents.  *See* Civil Local Rule 79-5(d).

11      Because Civil Local Rule 79-5(a) prohibits the sealing of documents by agreement of the

12  parties, the parties are unable to enter into such a stipulation.  *See* Civil Local Rule 7-11 (requiring

13  explanation for lack of stipulation).

14  DATED:  November 7, 2014            WINSTON & STRAWN LLP

15                                      By: /s/ *Eva W. Cole*
16                                      JEFFREY L. KESSLER (*pro hac vice*)
                                        E:mail: JKessler@winston.com
17                                      A. PAUL VICTOR (*pro hac vice*)
                                        E:mail: PVictor@winston.com
18                                      ALDO A. BADINI (SBN 257086)
                                        E:mail: ABadini@winston.com
19                                      EVA W. COLE (*pro hac vice*)
                                        E:mail: EWCole@winston.com
20                                      MOLLY M. DONOVAN (*pro hac vice*)
                                        E:mail: MMDonovan@winston.com
21                                      **WINSTON & STRAWN LLP**
                                        200 Park Avenue
22                                      New York, NY 10166
                                        Telephone: (212) 294-6700
23                                      Facsimile: (212) 294-4700

24                                      STEVEN A. REISS (*pro hac vice*)
                                        Email: steven.reiss@weil.com
25                                      DAVID L. YOHAI (*pro hac vice*)
                                        E-mail: david.yohai@weil.com
26                                      ADAM C. HEMLOCK (*pro hac vice*)
                                        E-mail: adam.hemlock@weil.com
27                                      **WEIL, GOTSHAL & MANGES LLP**
                                        767 Fifth Avenue
28                                      New York, New York 10153-0119
                                        Telephone: (212) 310-8000

-7-

Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) and Panasonic Corporation of North America*

DEFENDANTS PNA'S AND PANASONIC CORP.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 07-5944 SC
MDL NO. 1917