JEFFREY L. KESSLER (*pro hac vice*)
E:mail: JKessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
E:mail: PVictor@winston.com
ALDO A. BADINI (SBN 257086)
E:mail: ABadini@winston.com
EVA W. COLE (*pro hac vice*)
E:mail: EWCole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
E:mail: MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) and Panasonic Corporation of North America*

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
| | MDL. No. 1917 |
| This Document Relates to: | **DECLARATION OF SOFIA ARGUELLO IN SUPPORT OF DEFENDANTS PANASONIC CORPORATION OF NORTH AMERICA'S AND PANASONIC CORPORATION'S (F/K/A MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.) ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
| ALL INDIRECT-PURCHASER ACTIONS | |
| *Sharp Electronics Corp., et. al. v. Hitachi Ltd., et al.*, No. 13-cv-01173 | |
| *Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656; | |

- 1 -

*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;

*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*,        No. 13-cv-05264;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*,

- 2 -

No. 13-cv-00157

*Viewsonic Corp. v. Chunghwa Picture Tubes,
Ltd., et al.*, No. 14-cv-02510.

DECL. OF SOFIA ARGUELLO I/S/O DEFS' PNA'S AND
PANASONIC CORP.' MOT. TO SEAL DOCUMENTS

Case No. 07-5944 SC
MDL No. 1917

I, Sofia Arguello, declare as follows:

1.     I am an attorney with Winston & Strawn LLP, attorneys for Defendants Panasonic Corporation of North America ("PNA"), MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) ("Panasonic Corp.") (collectively, the "Panasonic Defendants") in these actions.  I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*.

2.     I submit this declaration pursuant to Civil Local Rule 79-5(d) in Support of the PNA's and Panasonic Corp.'s Administrative Motion to File Under Seal PNA's and Panasonic Corp.'s Notice of Motion and Motion for Summary Judgment (the "Motion").  Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

3.     On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (No. 07-cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

4.     On November 7, 2014, Defendants PNA and Panasonic Corporation filed an Administrative Motion to Seal, and lodged conditionally under seal, the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

(a) Portions of the Motion that contain quotations or information from documents and/or deposition testimony designated "Confidential" or "Highly Confidential;" and

(b) Exhibits 1 through 21 to the Declaration of Eva W. Cole in Support of the Motion ("Cole Declaration").

5.     Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Motion.

6.     Specifically, the Panasonic Defendants request that the following documents and excerpts of documents be maintained under seal:  (i) Exhibit 1 to the Cole Declaration (excerpts

DECL. OF SOFIA ARGUELLO I/S/O DEFS' PNA'S AND
PANASONIC CORP.' MOT. TO SEAL DOCUMENTS

Case No. 07-5944 SC
MDL No. 1917

from the August 5, 2014 Expert Report of Dr. Darrell Williams ("Williams Report")); (ii) Exhibit 2 to the Cole Declaration (excerpts from the deposition of Masashi Muramatsu, who was a percipient witness for the Panasonic Defendants); (iii) Exhibit 3 to the Cole Declaration (excerpts from the transcript of the deposition of Ayumu Kinoshita, who was a percipient witness for the Panasonic Defendants); (iv) Exhibit 6 to the Cole Declaration (document bearing bates number PC-0020552 through PC-0020556); (v) Exhibit 7 to the Cole Declaration (document bearing bates number MTPD-0176401); (vi) Exhibit 8 to the Cole Declaration (excerpts from the November 6, 2014 Sur-Rebuttal Report of Dr. Darrell Williams ("Williams Rebuttal Report")); (vii) Exhibit 16 to the Cole Declaration (excerpts from the transcript of the deposition of Allen Chang, who was a percipient witness for the Panasonic Defendants); (viii) Exhibit 17 to the Cole Declaration (excerpts from the transcript of the deposition of Hirokazu Nishiyama, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for Panasonic Defendants);  and (ix) all references to information designated "Confidential" or "Highly Confidential" by the parties in the above captioned actions in the Motion.

7.      Attached as Exhibit 1 and 8 to the Cole Declaration are excerpts from the Williams Report and the Williams Rebuttal Report, respectively.

8.      Upon information and belief, the Williams Report and Williams Rebuttal Report contain, cite, identify and/or analyze confidential, nonpublic, proprietary and highly sensitive information about the Panasonic Defendants' sales processes, business practices, internal practices, negotiating tactics, and competitive positions.  The reports describe relationships with companies that remain important to the Panasonic Defendants' competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

9.      Attached as Exhibit 2 to the Cole Declaration are excerpts from the transcript of the deposition of Masashi Muramatsu, a percipient witness for the Panasonic Defendants.

10.      Upon information and belief, the transcript excerpts in Exhibit 2 to the Cole Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly

sensitive business information about the Panasonic Defendants' sales processes, business practices, internal practices, and competitive positions.   I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

11.    Attached as Exhibit 3 to the Cole Declaration are excerpts from the transcript of the deposition of Ayumu Kinoshita, a percipient witness for the Panasonic Defendants.

12.    Upon information and belief, the transcript excerpts in Exhibit 3 to the Cole Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' sales processes, business practices, internal practices, and competitive positions.   I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

13.    Attached as Exhibit 6 to the Cole Declaration is a true and correct copy of the document bearing bates number PC-0020552 through PC-0020556.

14.    Upon information and belief, the document in Exhibit 6 to the Cole Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' sales processes and business practices.   I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

15.    Attached as Exhibit 7 to the Cole Declaration is a true and correct copy of the document bearing bates number MTPD-0176401.

16.    Upon information and belief, the document in Exhibit 7 to the Cole Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' sales processes, business practices

1    and internal practices.  I am informed and believe that this is sensitive information and public

2    disclosure of this information presents a risk of undermining the Panasonic Defendants' business

3    relationships, would cause it harm with respect to its competitors and customers, and would put the

4    Panasonic Defendants at a competitive disadvantage.

5                17.    Attached as Exhibit 16 to the Cole Declaration are excerpts from the transcript

6    of the deposition of Allen Chang, a percipient witness for the Panasonic Defendants.

7                18.    Upon information and belief, the transcript excerpts in Exhibit 16 to the Cole

8    Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly

9    sensitive business information about the Panasonic Defendants' sales processes, business practices,

10   internal practices, and competitive positions.  I am informed and believe that this is sensitive

11   information and public disclosure of this information presents a risk of undermining the Panasonic

12   Defendants' business relationships, would cause it harm with respect to its competitors and

13   customers, and would put the Panasonic Defendants at a competitive disadvantage.

14               19.    Attached as Exhibit 17 to the Cole Declaration are excerpts from the

15   deposition transcript of Hirokazu Nishiyama, who was designated as a Fed. R. Civ. P. 30(b)(6)

16   witness for the Panasonic Defendants.

17               20.    Upon information and belief, the transcript excerpts appearing in Exhibit 17 to

18   the Cole Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and

19   highly sensitive business information about the Panasonic Defendants' sales processes, negotiating

20   tactics, business plans, and pricing practices.  I am informed and believe that this is sensitive

21   information and public disclosure of this information presents a risk of undermining the Panasonic

22   Defendants' business relationships, would cause it harm with respect to its competitors and

23   customers, and would put the Panasonic Defendants at a competitive disadvantage.

24               21.    The highlighted portions of pages iv-v, 2-11, and 14-19 of the Motion quotes

25   from or describes documents or information designated as "Confidential" or "Highly Confidential"

26   by the Panasonic Defendants, including but not limited to Exhibits 1-3, 6-8, and 16-17.  As with the

27   exhibits themselves, I understand that the Panasonic Defendants consider any statements in the

28   Motion purporting to summarize the exhibits or any other documents or information designated

DECL. OF SOFIA ARGUELLO I/S/O DEFS' PNA'S AND                    Case No. 07-5944 SC
PANASONIC CORP.' MOT. TO SEAL DOCUMENTS                          MDL No. 1917

1   "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary.  I

2   am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the

3   confidentiality of information of the type contained, identified, or cited to in Exhibits 1-3, 6-8, and

4   16-17, and referenced in the Motion.

5         I declare under penalty of perjury under the laws of the United States of America that the

6   foregoing is true and correct.

7   DATED: November 7, 2014            By:  /s/ *Sofia Arguello*

8                                        JEFFREY L. KESSLER (*pro hac vice*)
9                                        Email: jkessler@winston.com
                                         A. PAUL VICTOR (*pro hac vice*)
10                                       Email: pvictor@winston.com
                                         ALDO A. BADINI (257086)
11                                       Email: abadini@winston.com
                                         EVA W. COLE (*pro hac vice*)
12                                       Email: ewcole@winston.com
                                         MOLLY M. DONOVAN (*pro hac vice*)
13                                       Email: mmdonovan@winston.com
                                         SOFIA ARGUELLO (*pro hac vice*)
14                                       E:mail: sarguello@winston.com
                                         **WINSTON & STRAWN LLP**
15                                       200 Park Avenue
                                         New York, New York 10166-4193
16                                       Telephone: (212) 294-6700
                                         Facsimile: (212) 294-7400
17
18
                                         STEVEN A. REISS (*pro hac vice*)
19                                       Email: steven.reiss@weil.com
                                         DAVID L. YOHAI (*pro hac vice*)
20                                       Email: david.yohai@weil.com
                                         ADAM C. HEMLOCK (*pro hac vice*)
21                                       Email: adam.hemlock@weil.com
                                         **WEIL, GOTSHAL & MANGES LLP**
22                                       767 Fifth Avenue
                                         New York, New York 10153-0119
23                                       Telephone:  (212) 310-8000
                                         Facsimile:  (212) 310-8007
24
25                                       *Attorneys for Defendants Panasonic Corporation (f/k/a*
26                                       *Matsushita Electric Industrial Co., Ltd.) and Panasonic*
                                         *Corporation of North America*
27
28

- 8 -