JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:      (415) 512-4000
Facsimile:      (415) 512-4077

WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:      (213) 683-9100
Facsimile:      (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc.
and LG Electronics U.S.A., Inc.*

*Additional Moving Defendants and Counsel
Listed on Signature Pages*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| This Document Relates to: | Case No. Master File No. 3:07-cv-05944-SC |
|---|---|
| *Electrograph Systems, Inc.; Electrograph Technologies Corp. v. Hitachi, Ltd., et al.,* Individual Case No. 11-cv-01656 | MDL NO. 1917<br><br>Individual Case Nos. 11-cv-01656, 12-cv-02648 |
| *P.C. Richard & Sons Long Island Corporation, et. al. v. Hitachi, Ltd., et al.,* Individual Case No. 12-cv-02648 | **DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST ELECTROGRAPH, P.C. RICHARD AND MARTA ON CHOICE OF LAW GROUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.,* Individual Case No. 13-cv-05724 | |
| *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.,* Individual Case No. 13-cv-05725 | |

1    **NOTICE OF MOTION AND JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT**

2    TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

3    PLEASE TAKE NOTICE that on February 6, 2015 at 10:00 a.m., or as soon as counsel

4    may be heard thereafter, in Courtroom 1, 17th Floor, San Francisco, California before the

5    Honorable Samuel Conti, the undersigned defendants will move the Court, pursuant to Federal

6    Rule of Civil Procedure 56, for partial summary judgment.

7    For the reasons explained in the accompanying Memorandum of Points and Authorities,

8    the undersigned defendants are entitled to partial summary judgment with respect to certain state

9    law claims of Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.

10   (collectively, "Electrograph"); P.C. Richard & Son Long Island Corporation ("P.C. Richard"); and

11   MARTA Cooperative of America, Inc. ("MARTA").  Specifically, this motion seeks partial

12   summary judgment on the following claims for relief:

13   • Electrograph's Second, Third, Fourth and Fifth Claims for Relief, which allege

14      claims, respectively, under California and New York state laws as to purchases by

15      the following three companies acquired by Electrograph:  ActiveLight, Inc.

16      ("ActiveLight"), CineLight Corporation ("CineLight"), and Coastal Office

17      Products, Inc. ("Coastal");

18   • Electrograph's Second, Third, Fourth and Fifth Claims for Relief, which allege

19      claims, respectively, under California and New York state laws as to purchases pre-

20      dating December 23, 1998 and made by entities other than ActiveLight, CineLight,

21      Coastal, and International Computer Graphics, Inc. ("ICG");

22   • P.C. Richard's Second Claim for Relief, which alleges a claim under New York

23      state law, as to P.C. Richard's purchases pre-dating December 23, 1998; and

24   • MARTA's Second Claim for Relief, which alleges a claim under Illinois state law.

25   This motion is based on this Notice of Motion, the following Memorandum of Points and

26   Authorities, the Declaration of Laura K. Lin in Support of Defendant's Motion for Partial

27   Summary Judgment Against Certain Direct Action Plaintiffs on Due Process Grounds ("Lin

28

1    Decl."), and any materials attached thereto or otherwise found in the record, along with the

2    argument of counsel and such other matters as the Court may consider.

3

4    Dated:  November 7, 2014                    Respectfully submitted,

5

6                                               MUNGER, TOLLES & OLSON LLP

7                                               By: */s/ Hojoon Hwang*_____

8                                               JEROME C. ROTH (State Bar No. 159483)
                                                jerome.roth@mto.com
9                                               HOJOON HWANG (State Bar No. 184950)
                                                hojoon.hwang@mto.com
10                                              MIRIAM KIM (State Bar No. 238230)
                                                miriam.kim@mto.com
11                                              **MUNGER, TOLLES & OLSON LLP**
                                                560 Mission Street, Twenty-Seventh Floor
12                                              San Francisco, California 94105-2907
                                                Telephone: (415) 512-4000
13                                              Facsimile: (415) 512-4077

14                                              WILLIAM D. TEMKO (SBN 098858)
                                                William.Temko@mto.com
15                                              **MUNGER, TOLLES & OLSON LLP**
                                                355 South Grand Avenue, Thirty-Fifth Floor
16                                              Los Angeles, CA 90071-1560
                                                Telephone: (213) 683-9100
17                                              Facsimile: (213) 687-3702

18                                              *Attorneys for Defendants LG Electronics, Inc.; LG*
                                                *Electronics USA, Inc.*
19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### QUESTIONS PRESENTED[1]

1.      Whether summary judgment should be entered against Electrograph on its California and New York state law claims based on purchases by ActiveLight and CineLight who were headquartered in and issued purchase orders from Washington; and where Washington law is inconsistent with California and New York law?

2.      Whether summary judgment should be entered against Electrograph on its California and New York state law claims based on purchases by Coastal; where Coastal was headquartered in and issued purchase orders from Maryland; and where Maryland law is inconsistent with California and New York law?

3.      Whether summary judgment should be entered against Electrograph on its California state law claims based on purchases pre-dating December 23, 1998 that were made by entities other than ActiveLight, CineLight, Coastal, and ICG (collectively, "Electrograph's remaining purchases"); where Electrograph was headquartered in New York; and where New York law is inconsistent with California law?

4.      Whether summary judgment should be entered against P.C. Richard on its New York state law claim for indirect purchases pre-dating December 23, 1998 where New York law precludes indirect damages claims before that date?

5.      Whether summary judgment should be entered against MARTA on its Illinois state law claim where MARTA is headquartered in Arizona and issued purchase orders from Arizona; and where Arizona law is inconsistent with Illinois state law?

---

[1] Lin Declaration Exhibit C describes how Defendants' motions concerning Plaintiffs' state law claims relate to one another.  As Exhibit C details, the Court need not consider certain of Defendants' motions if it finds in Defendants' favor on other motions.

DEFENDANTS.' MOTION FOR SUMMURY JUDGMENT ON NEW YORK CHOICE OF LAW GROUNDS

**SUMMARY OF ARGUMENT**

Defendants bring this motion because Electrograph, P.C. Richard, and MARTA each seek to invoke the laws of states that, under the applicable choice of law rules, do not apply to certain of their claims.  The state laws that *do* apply to their indirect purchase claims, moreover, do not allow indirect purchase claims at all, permit them only as to claims that arose after the date when the statute was revised to permit such claims, or limit the available recovery.  Accordingly, certain of Plaintiffs' claims must be dismissed.

In deciding which state's law applies to the state law claims brought by Electrograph, P.C. Richard, and MARTA, the court must apply New York's choice of law rules because these DAPs filed their claims in New York.  Where, as here, a conflict of laws exists, New York's choice of law rules require the court to apply the law of the state with the greatest interest with the matter in dispute.  *In re Allstate Ins. Co.*, 81 N.Y.2d 219, 223 (1993).  New York observes the doctrine of depecage, which allows "the rules of one legal system [to apply] to regulate certain issues arising from a given transaction or occurrence, while those of another system regulate other issues." *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 397 n. 1 (2d Cir. 2001) (internal quotation marks omitted).

As to Electrograph, its claims relate to purchases made by distinct corporations including ActiveLight, CineLight, Coastal, and others.  Analyzing these distinct corporations' claims separately, as New York law directs, demonstrates that three separate states' laws should govern Electrograph's claims.  *First*, as to ActiveLight and CineLight, these businesses were domiciled in Washington throughout the relevant time period and issued their purchase orders from Washington.  These facts show that Washington, not California or New York, has the greatest contacts with Electrograph's claims related to ActiveLight and CineLight's purchases.  Accordingly, Washington law should apply to these claims.  *Second*, as to Coastal, this business was domiciled in Maryland throughout the time period at issue and issued its purchase orders from Maryland.  These facts show that Maryland, not California or New York, has the greatest contacts with Electrograph's claims related Coastal's purchases.  Accordingly, Maryland law should apply to these claims.  Because Washington and Maryland law preclude indirect purchaser claims,

1  partial summary judgment should be granted in favor of Defendants on Electrograph's California

2  and New York law claims related to ActiveLight, CineLight, and Coastal's purchases.

3      Further as to Electrograph, its remaining claims (unrelated to purchases by ActiveLight,

4  CineLight, Coastal, or ICG) relate to Electrograph's business in New York.  Electrograph is

5  headquartered in New York and issued its purchase orders from New York.  Accordingly, New

6  York state law, not California state law, should apply to these claims.  Further, because New

7  York's Donnelly Act provides for only the prospective recovery of indirect purchaser damages

8  after December 23, 1998, partial summary judgment should be granted in favor of Defendants on

9  Electrograph's indirect purchase claims pre-dating December 23, 1998.

10     As to P.C. Richard, its state law claim likewise sounds in New York law.  For the same

11 reasons Electrograph's New York state law claim should be limited to indirect purchase claims

12 that arose after December 23, 1998, partial summary judgment should be granted in favor of

13 Defendants on P.C. Richard's indirect purchase claims pre-dating December 23, 1998.

14     Finally, as to MARTA, the facts in that case show that Arizona, not Illinois, has the

15 greatest interest in MARTA's claims.  MARTA is headquartered in Arizona and received

16 payments and invoices for its CRT product purchases in Arizona.  Thus, Arizona state law, not

17 Illinois state, should govern MARTA's state law claims and partial summary judgment should be

18 granted in favor of Defendants on MARTA's Illinois state law claim.

19                          **OVERVIEW OF CLAIMS ADDRESSED**

20     Electrograph, P.C. Richard, and MARTA purchased products containing Cathode Ray

21 Tubes ("CRT products") for re-sale to others.  These DAPs allege that Defendants engaged in a

22 conspiracy to fix the prices of CRTs.  The present motion is directed to Electrograph's Second,

23 Third, Fourth, and Fifth Claims for Relief under California and New York state law; P.C.

24 Richard's Second Claim for Relief under New York state law; and MARTA's Second Claim for

25 Relief under Illinois law.

26

27

28

1

## STATEMENT OF UNDISPUTED MATERIAL FACTS

2

### I.    Pertinent Facts Regarding Electrograph and Its Affiliated Companies

3      Plaintiff Electrograph is a New York corporation with its principal place of business in

4   New York.[2]  Throughout the relevant period, Electrograph issued its purchase orders from

5   Maryland or New York.[3]  Throughout this time, Electrograph sent invoices from New York and

6   received payments in New York.[4]  Electrograph maintained its personnel responsible for product

7   purchases in both California and New York.[5]

8      Electrograph brings claims based on not only its own purchases of CRT products, but also

9   those purchases made by the following companies later acquired by or merged into Electrograph:

10  ActiveLight, CineLight, Coastal, and ICG.  At all relevant times before 2006, ActiveLight and

11  CineLight were Washington corporations with their principal place of business in Washington.[6]

12  ActiveLight and CineLight issued their purchase orders for CRT products from Washington and

13  paid for its purchases of CRT products from Washington.[7]  In 2006, ActiveLight and CineLight

14  merged with Electrograph.  Even after merging with Electrograph, these companies maintained

15  their CRT product procurement operations in Washington through sometime in 2007.[8]  At all

16  relevant times before 2008, Coastal was a Maryland corporation with its principal place of

17  business in Maryland.[9]  Although a predecessor to Electrograph acquired Coastal in 1998, Coastal

18  continued to operate as its own company until it merged into Electrograph in 2008.[10]  To the

19  extent that Coastal purchased CRT products, it did so from Maryland and issued its purchase

20

21

22

23  ---------------------------------------

[2] Electrograph's Second Amended Complaint ("Electrograph Am. Compl."), ECF. No. 1976, ¶ 18.

24  [3] Lin Decl. Ex. 13 (Frank Lincks (Electrograph) Dep. at 286:10-287:14).

[4] Id.

25  [5] Id. at 48:12-19.

[6] Electrograph Am. Compl., ¶¶ 23-26.

26  [7] Lin Decl. Ex. 13 (Frank Lincks (Electrograph) Dep. at 280:18-24, 283:15-21).

[8] Id. at 281:8-25, 282:20-23.

27  [9] Electrograph Am. Compl., ¶¶ 31-32.

28  [10] Lin Decl. Ex. 13 (Frank Lincks (Electrograph) Dep. at 284:6-16).

3:07-cv-05944-SC; MDL 1917

DEFENDANTS.' MOTION FOR SUMMURY JUDGMENT ON NEW YORK CHOICE OF LAW GROUNDS

1    orders from Maryland.[11]  ICG was a California company with its principal place of business in

2    California.[12]

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    _____

[11] *Id*. at 285:1-25.

28    [12] Electrograph Am. Compl., ¶¶ 27-28.

## II.   Pertinent Facts Regarding P.C. Richard

Plaintiff P.C. Richard is a New York corporation with its headquarters in New York.[13] P.C. Richard negotiated its CRT product purchases in New York, issued purchase orders from New York, and received invoices in New York.[14]

## III.   Pertinent Facts Regarding MARTA

Plaintiff MARTA is a Michigan corporation headquartered in Arizona. [15]  During the Relevant Period, MARTA's department responsible for controlling its purchase negotiations was located in Arizona.[16]  MARTA issued its purchase orders from Arizona and received invoices in Arizona.  MARTA issued payments from Arizona and Illinois.[17]

## IV.   Pertinent Facts Regarding Electrograph, P.C. Richard, and MARTA's Allegations

Electrograph, P.C. Richard, and MARTA allege that the anticompetitive conduct at issue occurred primarily outside of the United States.[18]  In addition, these DAPs have identified allegedly anticompetitive conduct that they contends took place in states including Alabama, Arizona, California, Georgia, Indiana, Michigan, North Carolina, Nevada, New York, Ohio, and Pennsylvania.[19]

## LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The party moving

---

[13] P.C. Richard's First Amended Complaint ("P.C. Richard Am. Compl."), ECF No. 34, ¶¶ 16-18.
[14] *Id.*
[15] P.C. Richard Am. Compl., ¶¶ 19-21.
[16] *Id.*
[17] *Id.*
[18] *See, e.g.,* Electrograph Systems, Inc. and Electrograph Technologies Corp.'s Objections and Responses to Hitachi Asia, Ltd.'s First Set of Interrogatories, Response to Interrogatory No. 1 (stating that "[e]vidence supporting defendants' and their co-conspirators' price fixing includes documents produced by all parties and the testimony of witnesses," citing various expert reports and discovery responses by others, and identifying "Exhibit A to interrogatory responses submitted by the Dell Plaintiffs on July 14, 2014, including all revisions and supplementations thereto").  Recent supplements of this "Exhibit A" are attached as Exhibit A to the accompanying declaration of Laura K. Lin ("Exhibit A").
[19] *See* Lin Decl. Exhibit A.

DEFENDANTS.' MOTION FOR SUMMURY JUDGMENT ON NEW YORK CHOICE OF LAW GROUNDS

1   for summary judgment has the initial burden of identifying the absence of a genuine issue of

2   material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *In re Oracle Corp.*

3   *Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

4        Where, as here, the moving party meets its burden, the non-moving party must identify

5   facts showing that a genuine issue for trial exists.  *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387

6   (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  The non-moving party may not rely

7   on the pleadings but must come forward with evidence – affidavits, depositions, answers to

8   interrogatories, or admissions – from which a jury could reasonably render a verdict in its favor.

9   *Id.* (citing *Anderson*, 477 U.S. at 252).  "The nonmoving party must show more than the mere

10  existence of a scintilla of evidence" or "some 'metaphysical doubt' as to the material facts at

11  issue."  *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586

12  (1986)).

**ARGUMENT**

13

14     **I.      Choice of Law Standard**

15        In multidistrict litigation like this case, courts must apply the choice-of-law rules of each

16  state where the individual actions were originally filed.  *In re Nucorp Energy Sec. Litig.*, 772 F.2d

17  1486, 1492 (9th Cir. 1985) (concluding that "we must apply the choice of law rules of Illinois

18  because the claims were originally filed in district court in Illinois before they were transferred to

19  California by the Judicial Panel on Multidistrict Litigation"); *see also, e.g.*, *In re Toyota Motor*

20  *Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 785 F. Supp. 2d 925,

21  929 (C.D. Cal. 2011) (stating that MDL cases "retain separate and distinct identities in preparation

22  for their eventual return to their home states").  Here, Electrograph, P.C. Richard, and MARTA

23  filed their lawsuits in New York before the case was transferred to this Court.  Thus, New York

24  choice-of-law rules must be applied.

25        Pursuant to New York law, "[t]he first step in any case presenting a potential choice of law

26  issue is to determine whether there is an actual conflict between the laws of the jurisdictions

27  involved."  *In re Allstate Insurance Co.*, 81 N.Y.2d at 223.  Where a conflict is found, New York

28  courts generally look to the law of the jurisdiction that has "the greatest interest in the litigation,"

1    as determined by the "facts or contacts which ... relate to the [] particular law in conflict."

2    *Intercontinental Planning, Ltd. v. Daystrom, Inc.*, 24 N.Y.2d 372, 382 (1969) (internal citations

3    omitted); *see also Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 196 (1985) (New York courts

4    apply the substantive law of the jurisdiction that has the most significant interest in "the specific

5    issue raised in the litigation" (quoting *Babcock v. Jackson*, 12 N.Y.2d 473, 481 (1963)).

6            In determining the interests of a jurisdiction in a particular action, New York courts assess

7    whether the state laws in conflict are primarily "conduct-regulating" or "loss-allocating." *Padula*

8    *v. Lilarn Props. Corp.*, 84 N.Y.2d 519, 522 (1994). Consumer protection laws, like the New York

9    Donnelly Act, are conduct-regulating. *Bergeron v. Philip Morris*, Inc., 100 F. Supp. 2d 164, 170

10    (E.D.N.Y. 2000). When courts apply this so-called interest analysis to laws that regulate conduct,

11    such as the laws at issue here, "the jurisdiction with the greater interest is the one in which the

12    injury to the plaintiff is suffered." *Watts v. Jackson Hewitt Tax Serv. Inc.*, 579 F. Supp. 2d 334,

13    345 (E.D.N.Y. 2008) (internal citations omitted). *See also, e.g.*, *Sack v. Low*, 478 F.2d 360, 365

14    (2d Cir. 1973); *see also Krock v. Lipsay*, 97 F.3d 640, 646 (2d Cir. 1996). Courts have found that

15    the New York's choice-of-law analysis favors the law of the state where the plaintiff's alleged

16    injury occurred even when the defendant's alleged misconduct occurred elsewhere. *See, e.g.*,

17    *Bergeron*, 100 F. Supp. 2d at 170  (noting that the law of the state in which the injury is suffered,

18    rather than the state where the fraudulent conduct was initiated, usually governs).

19            New York courts have found that corporate plaintiffs are injured in the state where they are

20    headquartered. *See e.g.*, *White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 460 F.3d 281, 284

21    (2d Cir. 2006) (finding that "the vast majority of the alleged harm occurred in New York (as

22    [plaintiff] is a New York company headquartered in New York)"); *Associated Press v. All*

23    *Headline News Corp.*, 608 F. Supp. 2d 454, 460 (S.D.N.Y. 2009) (applying the law of the state

24    where the plaintiff was headquartered). Similarly, New York courts applying the interests test

25    have placed significant weight on the location of the plaintiff's domicile. *See, e.g.*, *Adelson v.*

26    *Harris*, 973 F. Supp. 2d 467, 480 (S.D.N.Y. 2013) (applying the law of the state of the plaintiff's

27    domicile and noting that "Defendants have cited no cases – nor is the Court aware of any – in

28

1   which a federal court based in New York has applied the law of the defendant's domicile over the

2   law of the plaintiff's domicile where that defendant was a citizen of a state other than New York").

3   **II.     Choice of Law Analysis Requires that Washington Law, Which Does Not Allow Indirect Purchaser Claims, Controls ActiveLight and CineLight's California and New York State Law Claims**

4

5   **A.     Washington Law Conflicts with California and New York Law**

6   With respect to Electrograph's state law claims based on purchases by ActiveLight and

7   CineLight, an actual conflicts exists between Washington law, on the one hand, and California and

8   New York law, on the other hand.  As this Court has already concluded at the motion to dismiss

9   stage, Washington does not permit indirect purchaser suits.  *See* Wash. Rev. Code § 19.86.920; *In*

10  *re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013 WL 4505701, at *12 (N.D. Cal. Aug. 21, 2013)

11  (dismissing the DAPs' Washington law claims without leave to amend).   California and New

12  York permit indirect damages claims.  *See* Cal. Bus. & Prof. Code § 16750(a); N.Y. Gen. Bus.

13  Laws § 340(6).  Thus, if Washington law controls, Electrograph may not pursue indirect purchase

14  claims based on ActiveLight and CineLight's purchases, but it may do so if either California or

15  New York law apply.

16  The difference between Washington law and California and New York law is an "actual

17  conflict" because Washington employs "different substantive rules" to indirect purchase claims

18  than does either California or New York.  *See Finance One Public Co. Ltd. v. Lehman Bros.*

19  *Special Financing, Inc.*, 414 F.3d 325, 331 (2d Cir. 2005) ("actual conflict" arises where "each

20  jurisdiction provides different substantive rules" and these rules may have a "possible effect" on

21  the outcome of the trial (internal citations omitted); *Watts*, 579 F. Supp. 2d at 345 n.6 (E.D.N.Y.

22  2008) (difference concerning the total amount of available damages is an actual conflict).

23  **B.     Washington Has the Greatest Interest in ActiveLight and CineLight's Claims**

24

25  Washington, not California or New York, has the greatest interest in having its law applied

26  to Electrograph's claims based on ActiveLight and CineLight's indirect purchases.

27  To the extent that they were injured, ActiveLight and CineLight suffered injuries in

28  Washington where they maintained their principal places of business, issued purchase orders, and

1   paid for purchases of CRT products.[20]  *See*, *e.g.*, *White Plains Coat & Apron Co., Inc.*, 460 F.3d at

2   284 (finding that "the vast majority of the alleged harm occurred in New York (as [plaintiff] is a

3   New York company headquartered in New York)").  Pursuant to New York's choice of law rules,

4   the fact that ActiveLight and CineLight were injured in Washington weighs heavily in favor of the

5   application of Washington law.  *See*, *e.g.*, *Sack*, 478 F.2d at 365; *Associated Press*, 608 F. Supp.

6   2d at 460 (applying the law of the state where the plaintiff was headquartered and injured).

7   ActiveLight and CineLight's business activities and domicile in Washington further support the

8   conclusion that Washington has the greatest interest in Electrograph's claims related to these

9   companies' purchases.  *See Intercontinental Planning, Ltd.*, 24 N.Y.2d at 382 (examining which

10  state has the most significant contacts with the litigation).  Based on these facts, Washington has a

11  greater interest than any other state in having its law applied.

12      For these reasons, pursuant to New York's choice of law rules, Washington law should

13  apply and partial summary judgment should be granted to Defendants with respect to

14  Electrograph's claims based on ActiveLight and CineLight's indirect purchases.

15  **III.     Choice of Law Analysis Requires that Maryland Law, Which Does Not Allow
            Indirect Purchaser Claims, Controls Coastal's California and New York State
16          Law Claims**

17          **A.     Maryland Law Conflicts with California and New York Law**

18      With respect to Electrograph's state law claims based on purchases by Coastal, an actual

19  conflicts exists between Maryland law, on the one hand, and California and New York law, on the

20  other hand.  Maryland does not permit indirect purchaser suits.  *See Davidson v. Microsoft Corp.*,

21  792 A.2d 336, 339-45 (Md. Ct. Spec. App. 2002).  As discussed, *supra*, California and New York

22  permit indirect damages claims.  *See* Cal. Bus. & Prof. Code § 16750(a); N.Y. Gen. Bus. Laws

23  § 340(6).  These differences result in an actual conflict.  *See*, *e.g.*, *Watts*, 579 F. Supp. 2d at 345

24  n.6.

25

26

27  _____
    [20] Lin Decl. Ex. 13 (Frank Lincks (Electorgraph) Dep. at 280:18-24, 281:8-25, 282:20-23, 283:15-
28  21).

B.      **Maryland Has the Greatest Interest in Coastal's Claims**

Maryland has the greatest interest in Electrograph's claims related to Coastal's indirect purchases. Like Electrograph's claims based on ActiveLight and CineLight's indirect purchases, Electrograph's claims based on Coastal's indirect purchases should be governed by the law of the state where Coastal suffered any injuries, was domiciled, and maintained its principal place of business. Thus, with respect to Coastal's purchases, Maryland has the greatest interest in having its law apply given Coastal's connections to Maryland.[21] *See Intercontinental Planning, Ltd.*, 24 N.Y.2d at 382. Here, too, Electrograph cannot identify a compelling reason to overcome the domicile state's interest in having its law applied.

For these reasons, pursuant to New York's choice of law rules, Maryland law should apply and partial summary judgment should be granted to Defendants with respect to Electrograph's claims based on Coastal's indirect purchases.

IV.     **Choice of Law Analysis Requires that New York Law, Which Does Not Allow Recovery For Indirect Purchaser Claims Pre-Dating December 1998, Controls Electrograph's Remaining California and New York State Law Claims**

A.      **New York Law Conflicts with California Law**

With respect to Electrograph's state law claims based on its remaining purchases from entities other than ActiveLight, CineLight, Coastal, and ICG, an actual conflicts exists between New York law, on the one hand, and California law, on the other hand. Although both states permit indirect purchaser claims, New York limits the recovery to claims based on purchases made after December 23, 1998. *See State ex rel. Spitzer v. Daicel Chem. Indus., Ltd.*, 840 N.Y.S.2d 8, 11 (App. Div. 2007) (noting that the Donnelly Act was amended to permit indirect purchaser claims in 1998 and holding that "the amendment of [N.Y. Gen. Bus. Laws] § 340(6) may not be given retroactive application"). The resulting difference in the available damages under New York and California law result in an actual conflict. *See, e.g.*, *Watts*, 579 F. Supp. 2d at 345 n.6.

---

[21] *Id.* at 284:6-12, 285:1-25.

**B.      New York Has the Greatest Interest in Electrograph's Claims**

New York has the greatest interest in Electrograph's claims unrelated to purchases by ActiveLight, CineLight, Coastal, or ICG and its law should be applied.  To the extent that Electrograph was injured, Electrograph suffered injuries in New York where it maintained its principal places of business, issued purchase orders, sent invoices, and paid for purchases of CRT products.[22]  *See*, *e.g.*, *White Plains Coat & Apron Co., Inc.*, 460 F.3d at 284 (relying on headquarter location to determine injury location).  Further, New York has the most significant contacts with the litigation given Electrograph's business operations and domicile in New York. *See Intercontinental Planning, Ltd.*, 24 N.Y.2d at 382 (examining which state has the most significant contacts with the litigation).  Although Electrograph alleges that it maintained personnel responsible for product purchases in California (as well as New York),[23] this fact does not outweigh the accumulation of other contacts between Electrograph and New York.

For these reasons, pursuant to New York's choice of law rules, New York law should apply and partial summary judgment should be granted to Defendants with respect to Electrograph's claims based on indirect purchases pre-dating December 23, 1998 and made by entities other than ActiveLight, CineLight, Coastal, and ICG.

**V.      New York Law Limits P.C. Richard's Recovery For Indirect Purchaser Claims Pre-Dating December 1998**

As set forth *supra*, New York limits recovery for indirect purchases to claims based on purchases made after December 23, 1998.  *See State ex rel. Spitzer*, 840 N.Y.S.2d at 11. Accordingly, partial summary judgment should be granted to Defendants with respect to P.C. Richard's New York state law claims based on indirect purchases pre-dating December 23, 1998.

**VI.      Choice of Law Analysis Requires that Arizona Law Controls MARTA's State Law Claims**

**A.      Arizona Law Conflicts with Illinois Law**

With respect to MARTA's state law claims, an actual conflicts exists between Arizona law, on the one hand, and Illinois law, on the other hand.  Although both states permit indirect

---

[22] *Id.* at 286:10-287:14.
[23] *Id.* at 48:12-19.

1    purchaser claims, Arizona state law provides that treble damages are discretionary, not automatic.

2    *Compare* Ariz. Rev. Stat. § 44-1408(B) ("If the trier of fact finds that the violation is flagrant, it

3    shall increase recovery to an amount not in excess of three times the damages sustained.") *with*

4    740 Ill. Comp. Stat. 10/7(2) (providing for treble damages recovery).  This difference results in an

5    actual conflict.  *See, e.g.*, *Watts*, 579 F. Supp. 2d at 345 n.6.

6              **B.       Arizona Has the Greatest Interest in MARTA's Claims**

7              Arizona has the greatest interest in MARTA's claims and its law should be applied.  To the

8    extent that MARTA was injured, it suffered injuries in Arizona where it was headquartered,

9    conducted purchase negotiations, and issued purchase orders.[24]  *See, e.g.*, *White Plains Coat &*

10   *Apron Co., Inc.*, 460 F.3d at 284 (relying on headquarter location to determine injury location).

11   Arizona has the most significant contacts with MARTA's claims given MARTA's business

12   operations in Arizona.  *See Intercontinental Planning, Ltd.*, 24 N.Y.2d at 382 (examining which

13   state has the most significant contacts with the litigation).  Although MARTA received purchase

14   orders in Illinois (as well as Arizona), Arizona has the greatest interest in MARTA's claims given

15   that MARTA likewise received purchase orders in Arizona and was domiciled in Arizona.

16             For these reasons, pursuant to New York's choice of law rules, Arizona law should apply

17   and partial summary judgment should be granted to Defendants with respect to MARTA's Illinois

18   state law claim.

19                                          **CONCLUSION**

20   Defendants respectively request that this Court:

21   •        Apply Washington law to Electrograph's Second, Third, Fourth, and Fifth Claims

22             for Relief as to indirect purchases by ActiveLight and CineLight, and grant partial

23             summary judgment in favor of Defendants as to these claims;

24   •        Apply Maryland law to Electrograph's Second, Third, Fourth, and Fifth Claims for

25             Relief as to indirect purchases by Coastal, and grant partial summary judgment in

26             favor of Defendants as to these claims;

27

28   [24] P.C. Richard Am. Compl., ¶¶ 19-21.

- Apply New York law as to Electrograph's Second, Third, Fourth, and Fifth Claims for Relief as to indirect purchases by Electrograph (other than those indirect purchases by ActiveLight, CineLight, Coastal, and ICG) and grant partial summary judgment in favor of Defendants as to these claims for purchases made before December 28, 1998;

- Apply New York law to P.C. Richard's Second Claim for Relief and grant partial summary judgment in favor of Defendants as to this claim for purchases made before December 28, 1998;

- Apply Arizona law to MARTA's Second Claim for Relief, and grant partial summary judgment in favor of Defendants as to MARTA's Illinois state law claim.

Dated:  November 7, 2014                 Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By: */s/ Hojoon Hwang*

JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc.; LG
Electronics USA, Inc.*

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*
JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
PVictor@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN
MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**

DEFENDANTS.' MOTION FOR SUMMURY JUDGMENT ON NEW YORK CHOICE OF LAW GROUNDS

767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation
(f/k/a Matsushita Electric Industrial Co., Ltd.), MT
Picture Display Co., Ltd.*

KIRKLAND & ELLIS LLP

By: */s/ Eliot A. Adelson*
ELIOT A. ADELSON (SBN 205284)
JAMES MAXWELL COOPER (SBN 284054)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, California 94104
Tel: (415) 439-1400
Facsimile: (415) 439-1500
E-mail: eadelson@kirkland.com
E-mail: max.cooper@kirkland.com

JAMES H. MUTCHNIK, P.C. (*pro hac vice*)
KATE WHEATON (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendants Hitachi, Ltd., Hitachi
Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia,
Ltd., Hitachi America, Ltd., and Hitachi Electronic
Devices (USA), Inc.*

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: */s/ Gary L. Halling*
GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON
LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.;
Samsung SDI Co., Ltd.; Samsung SDI (Malaysia)*

3:07-cv-05944-SC; MDL 1917
DEFENDANTS.' MOTION FOR SUMMURY JUDGMENT ON NEW YORK CHOICE OF LAW GROUNDS

1  *SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.;*
   *Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co.,*
2  *Ltd. and Tianjin Samsung SDI Co., Ltd.*

3

4  FRESHFIELDS BRUCKHAUS
   DERINGER US LLP
5
   By: */s/ Michael Lacorvara*
6
   Michael Lacovara (209279)
7  Freshfields Bruckhaus Deringer US LLP
   601 Lexington Avenue, 31st Floor
8  New York, NY 10022
   Telephone: 212 277 4000
9  Facsimile: 212 277 4001
   Email: michael.lacovara@freshfields.com
10
   TERRY CALVANI (SBN 53260)
11 Email: terry.calvani@freshfields.com
   CHRISTINE LACIAK(*pro hac vice*)
12 Email: christine.laciak@freshfields.com
   RICHARD SNYDER (*pro hac vice*)
13 Email: richard.snyder@freshfields.com
   **FRESHFIELDS BRUCKHAUS DERINGER US LLP**
14 701 Pennsylvania Avenue NW, Suite 600
   Washington, DC  20004
15 Telephone: (202) 777-4565
   Facsimile: (202) 777-4555
16
   *Attorneys for Beijing-Matsushita Color CRT Company,*
17 *Ltd.*

18

19 FAEGRE BAKER DANIELS LLP

   By: */s/ Kathy L. Osborn*
20
   Kathy L. Osborn (*pro hac vice*)
21 Ryan M. Hurley (*pro hac vice*)
   Faegre Baker Daniels LLP
22 300 N. Meridian Street, Suite 2700
   Indianapolis, IN  46204
23 Telephone: +1-317-237-0300
   Facsimile: +1-317-237-1000
24 kathy.osborn@FaegreBD.com
   ryan.hurley@FaegreBD.com
25
   Jeffrey S. Roberts (*pro hac vice*)
26 Email: jeff.roberts@FaegreBD.com
   Faegre Baker Daniels LLP
27 3200 Wells Fargo Center
   1700 Lincoln Street
28 Denver, CO 80203

DEFENDANTS.' MOTION FOR SUMMURY JUDGMENT ON NEW YORK CHOICE OF LAW GROUNDS

Telephone: (303) 607-3500
Facsimile: (303) 607-3600

Stephen M. Judge (*pro hac vice*)
Email: steve.judge@FaegreBd.com
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and
Thomson Consumer Electronics, Inc.*


JENNER & BLOCK LLP

By: /s/ *Terrence J. Truax*

JENNER & BLOCK LLP
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric
Corporation, Mitsubishi Electric US, Inc. and,
Mitsubishi Electric Visual Solutions America, Inc.*

DEFENDANTS.' MOTION FOR SUMMURY JUDGMENT ON NEW YORK CHOICE OF LAW GROUNDS