1  JEROME C. ROTH (State Bar No. 159483)
   jerome.roth@mto.com
2  HOJOON HWANG (State Bar No. 184950)
   hojoon.hwang@mto.com
3  MIRIAM KIM (State Bar No. 238230)
   miriam.kim@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
5  Twenty-Seventh Floor
   San Francisco, California 94105-2907
6  Telephone:    (415) 512-4000
   Facsimile:    (415) 512-4077
7
   WILLIAM D. TEMKO (State Bar No. 98858)
8  william.temko@mto.com
   MUNGER, TOLLES & OLSON LLP
9  355 South Grand Avenue
   Thirty-Fifth Floor
10 Los Angeles, CA 90071-1560
   Telephone:    (213) 683-9100
11 Facsimile:    (213) 687-3702

12 *Attorneys for Defendants LG Electronics, Inc.*
   *and LG Electronics U.S.A., Inc.*
13
   *Additional Moving Defendants and Counsel*
14 *Listed on Signature Pages*

15                    UNITED STATES DISTRICT COURT

16        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

17

| | |
|---|---|
| This Document Relates to: | Case No. Master File No. 3:07-cv-05944-SC |
| *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Individual Case No. 11-cv-06396 | MDL NO. 1917 |
| | Individual Case No. 11-cv-06396 |
| | **DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST COMPUCOM SYSTEMS, INC. ON CHOICE OF LAW GROUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | [[Proposed] Order filed concurrently herewith] |
| | Judge:   Hon. Samuel Conti |
| | Date:    February 6, 2015 |
| | Time:    10:00 a.m. |
| | Ctrm:    1, 17th Floor |

28

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST COMPUCOM
ON CHOICE OF LAW GROUNDS

**NOTICE OF MOTION AND JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2015 at 10:00 a.m., or as soon as counsel may be heard thereafter, in Courtroom 1, 17th Floor, San Francisco, California before the Honorable Samuel Conti, the undersigned defendants will move the Court, pursuant to Federal Rule of Civil Procedure 56, for partial summary judgment.

For the reasons explained in the accompanying Memorandum of Points and Authorities, the undersigned defendants are entitled to summary judgment with respect to certain state law claims of Plaintiff CompuCom Systems, Inc. ("CompuCom") because the undisputed facts and record show that CompuCom's alleged antitrust injuries took place in Texas, and thus Texas law should apply.  Specifically, this motion seeks summary judgment on the following claims for relief:

- The Second and Fourth Claims for Relief, which allege claims, respectively, under California and New York state antitrust laws;

- The Third Claim for Relief, under California Business & Professions Code section 17200.

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Laura K. Lin in Support of Defendant's Motion for Partial Summary Judgment Against Certain Direct Action Plaintiffs on Due Process Grounds ("Lin Decl."), and any materials attached thereto or otherwise found in the record, along with the argument of counsel and such other matters as the Court may consider.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST COMPUCOM
ON CHOICE OF LAW GROUNDS

1   Dated:  November 7, 2014         Respectfully submitted,

2

3                                    MUNGER, TOLLES & OLSON LLP

4                                    By: */s/ Hojoon Hwang*

5                                    JEROME C. ROTH (State Bar No. 159483)
                                     jerome.roth@mto.com
6                                    HOJOON HWANG (State Bar No. 184950)
                                     hojoon.hwang@mto.com
7                                    MIRIAM KIM (State Bar No. 238230)
                                     miriam.kim@mto.com
8                                    **MUNGER, TOLLES & OLSON LLP**
                                     560 Mission Street, Twenty-Seventh Floor
9                                    San Francisco, California 94105-2907
                                     Telephone: (415) 512-4000
10                                   Facsimile: (415) 512-4077

11                                   WILLIAM D. TEMKO (SBN 098858)
                                     William.Temko@mto.com
12                                   **MUNGER, TOLLES & OLSON LLP**
                                     355 South Grand Avenue, Thirty-Fifth Floor
13                                   Los Angeles, CA 90071-1560
                                     Telephone: (213) 683-9100
14                                   Facsimile: (213) 687-3702

15                                   *Attorneys for Defendants LG Electronics, Inc.; LG
                                     Electronics USA, Inc.*
16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST COMPUCOM
ON CHOICE OF LAW GROUNDS

## MEMORANDUM OF POINTS AND AUTHORITIES

## QUESTION PRESENTED[1]

1.      Whether summary judgment should be entered against CompuCom on its California and New York state law claims where CompuCom is  headquartered in Texas, placed orders, received invoices, and paid for CRT products in Texas; and where Texas law is inconsistent with California and New York law?

## SUMMARY OF ARGUMENT

Defendants are entitled to judgment as a matter of law as to CompuCom's California law and New York law claims based on indirect purchases because the applicable choice of law principles dictate that CompuCom's claims must instead be asserted under the laws of Texas, where CompuCom is headquartered, made decisions to purchase the products at issue, and issued purchase orders.  Because Texas antitrust law does not permit an indirect purchaser, like CompuCom, to recover, CompuCom's indirect claims fail as a matter of law, and the court should enter summary judgment for Defendants.

In deciding which state's law applies, the court must apply Texas' choice of law rules because CompuCom filed its claims in Texas.  Where, as here, a conflict of laws exists, Texas' choice of law rules require the court to apply the law of the state with the "most significant relationship" to the parties and the dispute.  The facts in this case show that Texas, not California or New York, has the most significant relationship to the parties and the dispute.  Accordingly, Texas law should apply and summary judgment should be granted in favor of Defendants on CompuCom's California and New York law claims.

## OVERVIEW OF CLAIMS ADDRESSED

CompuCom purchased products containing Cathode Ray Tubes ("CRT products") and acted as a "channel partner" to supply its corporate customers with products CompuCom purchased from distributors and manufacturers.  CompuCom alleges that Defendants engaged in a

---

[1] Lin Declaration Exhibit C describes how Defendants' motions concerning Plaintiffs' state law claims relate to one another.  As Exhibit C details, the Court need not consider certain of Defendants' motions if it finds in Defendants' favor on other motions.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST COMPUCOM
ON CHOICE OF LAW GROUNDS

conspiracy to fix the prices of CRTs.  The present motion is directed to CompuCom's Second and Third Claims For Relief (based on California law) and its Fourth Claim for Relief (based on New York law).

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### I.      Pertinent Facts Regarding CompuCom

At all relevant times, CompuCom was headquartered in Dallas, Texas.[2]  At all relevant times, CompuCom's employees with responsibilities related to the purchase of CRT products were located in Dallas, Texas, as were those employees' managers.[3]  CompuCom issued its purchase orders for CRT products exclusively from Dallas, Texas.[4]  CompuCom received all invoices for its CRT product purchases in Dallas, Texas.[5]

CompuCom purchased CRT products from distributors "located throughout the country" as well as from vendors located in Texas, North Carolina, California, and Florida.[6]  Upon purchasing CRT products, CompuCom "almost exclusively" arranged to have these products shipped directly from CompuCom's vendors to CompuCom's customers (without entering CompuCom's custody) or arranged to have these products delivered to CompuCom's distribution facility in New Jersey.[7]  CompuCom maintained an additional storage facility in Coppell, Texas where it maintained returned, unwanted, or defective products.[8]  CompuCom also maintained three limited facilities, known as co-locations, that were adjacent to the facilities of certain of its suppliers in Texas, North Carolina, and California.[9]  Mid-way through the relevant time period, CompuCom closed its California co-location for lack of profitability.[10]  CompuCom received a

---

[2] CompuCom First Amended Complaint ("CompuCom Am. Compl."), ECF No. 1975, at ¶ 16.
[3] Lin Decl. Ex. 12 (John O'Donnell (CompuCom) Dep. at 48:24-49:17).
[4] *Id*. at 140:10-18.
[5] *Id*. at 141:7-11.
[6] *Id*. at 101:9-102:1; 102:9-11.
[7] *Id*. at 143:17-24.  *See also id*. at 145:15-23 (explaining CompuCom's preference for its vendors to ship goods directly to CompuCom's customers, in a process known as a "drop-ship," and stating, "if there's any way at all possible to drop ship [CRT products] to the customer directly, that's good.  It just saves everybody money, time, and hassle").
[8] *Id*. at 27:25-28:8.
[9] *Id*. at 27:8-14, 29:13-23.
[10] *Id*. at 254:14-24.

1   limited number of products at its co-location facilities, but did not issue purchase orders or receive

2   invoices from these locations.[11]  CompuCom maintained these co-locations through approximately

3   2003.[12]

4       **II.    Pertinent Facts Regarding CompuCom's Allegations**

5         CompuCom alleges that the anticompetitive conduct at issue occurred primarily outside of

6   the United States.[13]  In addition, CompuCom has identified allegedly anticompetitive conduct that

7   it contends took place in states including Alabama, Arizona, California, Georgia, Indiana,

8   Michigan, North Carolina, Nevada, New York, Ohio, and Pennsylvania.[14]

9                             **LEGAL STANDARD**

10         Summary judgment is appropriate when there is no genuine issue of material fact and the

11   moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The party moving

12   for summary judgment has the initial burden of identifying the absence of a genuine issue of

13   material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *In re Oracle Corp.*

14   *Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

15         Where, as here, the moving party meets its burden, the non-moving party must identify

16   facts showing that a genuine issue for trial exists.  *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387

17   (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  The non-moving party may not rely

18   on the pleadings but must come forward with evidence – affidavits, depositions, answers to

19   interrogatories, or admissions – from which a jury could reasonably render a verdict in its favor.

20   *Id.* (citing *Anderson*, 477 U.S. at 252).  "The nonmoving party must show more than the mere

21   existence of a scintilla of evidence" or "some 'metaphysical doubt' as to the material facts at

---

22   [11] *Id.* at 140:10-18, 141:7-11.

23   [12] *Id.* at 28:17-23.

   [13] *See* Lin Decl. Ex. 19 (CompuCom's Objections and Responses to LG Electronics U.S.A., Inc.

24   and Panasonic Corporation's Second Set of Interrogatories, Response to Interrogatory No. 10

25   (stating that "[e]vidence supporting defendants' and their co-conspirators' price fixing includes documents produced by all parties and the testimony of witnesses," citing various expert reports

26   and discovery responses by others, and identifying "Exhibit A to interrogatory responses submitted by the Dell Plaintiffs on July 14, 2014, including all revisions and supplementations

27   thereto")).  Recent supplements of this "Exhibit A" are attached as Exhibit A to the accompanying declaration of Laura K. Lin ("Exhibit A").

28   [14] *See* Exhibit A.

1  issue." *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586
2  (1986)).

3  **ARGUMENT**

4  **I.      Choice of Law Standard**

5         In multidistrict litigation like this case, courts must apply the choice-of-law rules of each
6  state where the individual actions were originally filed.  *In re Nucorp Energy Sec. Litig.*, 772 F.2d
7  1486, 1492 (9th Cir. 1985) (concluding that "we must apply the choice of law rules of Illinois
8  because the claims were originally filed in district court in Illinois before they were transferred to
9  California by the Judicial Panel on Multidistrict Litigation"); *see also, e.g.*, *In re Toyota Motor
10 Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 785 F. Supp. 2d 925,
11 929 (C.D. Cal. 2011) (stating that MDL cases "retain separate and distinct identities in preparation
12 for their eventual return to their home states").  Here, CompuCom filed its lawsuit in Texas before
13 the case was transferred to this Court. Thus, Texas choice-of-law rules must be applied.

14        Texas follows the two-step "most significant relationship test" from the Restatement
15 (Second) on Conflict of Laws.  *See McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 702 (5th Cir.
16 2014) (citing *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000)); *see also Duncan v.
17 Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984).  The first step in employing the "most
18 significant relationship" approach is to decide whether the laws of the various jurisdictions
19 conflict.  *Duncan*, 665 S.W.2d at 422.  Second, where the laws of the interested states conflict, the
20 court must determine which state has the "most significant relationship to the occurrence and the
21 parties."  Restatement (Second) on Conflict of Laws § 145 (1971).  In determining which state has
22 the most significant relationship to the parties and to the dispute, a court should consider the
23 following factors: (a) the place where the injury occurred; (b) the place where the conduct causing
24 the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of
25 business of the parties; and (d) the place where the relationship, if any, between the parties is
26 centered.  *Id*; *see also, e.g.*, *McKay*, 751 F.3d at 702.   "The applicable law will usually be the
27 local law of the state where the injury occurred."  Restatement (Second) of Conflict of Laws § 172
28 (1971).

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST COMPUCOM
ON CHOICE OF LAW GROUNDS

II. **Choice of Law Analysis Requires that Texas Law, Which Does Not Allow Indirect Purchaser Claims, Controls CompuCom's California and New York State Law Claims**

A. **Texas Law Conflicts with California and New York Law**

Applying the first step of the choice of law analysis reveals that a true conflict exists between Texas law on the one hand and the laws of California and New York on the other.  Texas does not permit indirect purchaser suits under either its antitrust laws or its consumer protection statute.  Tex. Bus. & Com. Code Ann. § 15.04 (providing that Texas antitrust statutes shall be construed in harmony with federal law); *Abbott Labs., Inc. (Ross Labs. Div.) v. Segura*, 907 S.W.2d 503, 505-07 (Tex. 1995) (indirect purchaser suits barred under both Texas antitrust and consumer protection statutes); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2013 WL 6327490, at *5 (N.D. Cal. Dec. 3, 2013) ("Texas has expressly articulated a policy of prohibiting indirect purchaser lawsuits").  California and New York do permit indirect damages claims.  *See* Cal. Bus. & Prof. Code § 16750(a); Cal. Bus. & Prof. Code § 17200; N.Y. Gen. Bus. Law § 340(6).

This conflict of laws is outcome determinative:  If California or New York law applies, CompuCom may pursue indirect damages claims.  If Texas law applies instead, the court should enter judgment against CompuCom on its indirect damages claims.

B. **Texas Has the Most Significant Relationship to the Occurrence and the Parties**

The four factors set forth in Restatement (Second) on Conflict of Laws § 145 show that Texas, not California or New York, has the most significant relationship to CompuCom and its claims.

1. **CompuCom's Alleged Injuries Occurred Exclusively in Texas**

CompuCom's alleged injuries occurred in Texas because it issued its purchase orders for CRT products exclusively from Texas[15] and received all invoices for its CRT product purchases in Texas.[16]  Thus, to the extent that CompuCom overpaid for CRT products as a result of the alleged conspiracy, it did so in Texas.  Further, CompuCom's purchasing decisions and negotiations

---

[15] Lin Decl. Ex. 12 (John O'Donnell (CompuCom) Dep. at 140:10-18).
[16] *Id*. at 141:7-11.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST COMPUCOM
ON CHOICE OF LAW GROUNDS

likewise occurred exclusively in Texas.[17]  These facts are sufficient to show that Texas is the exclusive site of CompuCom's alleged injuries.  *See, e.g.*, *Spence v. Glock, Ges.m.b.H*, 227 F.3d 308, 312-314 (5th Cir. 2000) (applying Restatement choice-of-law analysis and finding that "the economic injury occurred when and where plaintiffs bought the [products]").  *See generally In re TFT-LCD (Flat Panel) Antitrust Litig*., 2013 WL 4175253, at *2-3 (N.D. Cal. July 11, 2013) (concluding that Texas has a greater interest than California in applying its law to claims brought by companies headquartered in Texas).

> **2.      The Alleged Misconduct Occurred Throughout the World, and Does Not Weigh Against the Application of Texas Law**

The alleged anticompetitive conduct occurred throughout the world and, as a result, does not reflect a substantial relationship with any of the three states at issue (Texas, California, or New York).  Of the thousands of alleged meetings and communications that CompuCom has identified as anticompetitive, the vast majority occurred in Asia.[18]  CompuCom alleges that a small minority of these alleged meetings took place in California and does not identify any alleged anticompetitive conduct as having occurred in New York.[19]  Given the purportedly global scope of the alleged misconduct, these few allegations cannot establish a substantial relationship between this case and any of the states at issue.  Accordingly, this factor of the Restatement test does not weigh in favor, or against, the application of any of the states' laws.

> **3.      CompuCom Is Domiciled in Texas**

The third Restatement factor examines the location of the parties' domiciles and weighs in favor of applying Texas law.  CompuCom, the sole plaintiff in this individual action, is domiciled in Texas.  Defendants are thirty-six distinct corporations that are domiciled throughout the world, predominately in Asia and Europe.[20]  Of the thirty-six Defendants, CompuCom alleges that just three are domiciled in California and three are domiciled in New York.[21]

---

[17] *Id*. at 48:24-49:17.
[18] Exhibit A
[19] *Id*.
[20] *See* CompuCom Am. Compl., ECF No. 1975, at ¶¶ 19-62.
[21] *Id*.

On balance, the parties' respective domiciles favor the application of Texas law. CompuCom's domicile in Texas creates a substantial relationship between Texas and CompuCom's allegations whereas the domicile of a few Defendants out of many in California and New York respectively does not create a substantial relationship between these states and the litigation. *See, e.g.*, *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 391 F. Supp. 2d 541, 585 (S.D. Tex. 2005) (applying Texas choice of law analysis and determining that New York "has no substantial relationship or any other reasonable basis for the imposing New York law" where just a handful of Defendants were domiciled in New York, but Enron was domiciled in Texas).

### 4. Texas is Where Any Relationship Between CompuCom and Defendants Was Centered

CompuCom and Defendants had no direct relationship for the indirect purchase claims at issue in CompuCom's state law claims. Accordingly, the fourth factor of the Restatement's test, which examines where the relationship between the parties was located, has little bearing on the present analysis. But to the extent the parties had any relevant relationship, that relationship arose almost exclusively in Texas.

CompuCom's purchasing decisions and negotiations – the source of any "relationship" between CompuCom and Defendants – occurred in Texas.[22] CompuCom's vendors for CRT products were located throughout the country, but these vendors and CompuCom formed their relationships in Texas, the place where CompuCom agreed to purchase CRT products and from which CompuCom sent its purchase orders. Further, although CompuCom maintained one "co-location" with one Defendant in California, CompuCom did not receive invoices or send purchase orders from California, and received de minimis (if any) shipments in California.[23] Collectively, the facts show that the parties' relationship, to the extent they had one, was centered in Texas. *See, e.g.*, *In re Wellbutrin XL Antitrust Litig.*, 282 F.R.D. 126, 135 (E.D. Pa. 2011) ("The place of purchase is where the relationship between the parties is centered; it is where the transaction with the alleged overcharge actually occurs.") (applying law of the state of purchase under Restatement

---

[22] Lin Decl. Ex. 12 (John O'Donnell (CompuCom) Dep. at 48:24-49:17).
[23] *Id*. at 143:17-24. *See also id*. at 145:15-23.

1    choice-of-law analysis); *Williams v. Liberty Mutual Ins. Co.*, 741 F.3d 617, 623, 623 n.6 (5th Cir.

2    2014) (finding that "center of gravity of the parties' relationship" was located where the plaintiff

3    was injured).

4         In sum, to the extent it favors the application of any state's law, the fourth factor of the

5    Restatement's test shows a more substantial relationship between this case and Texas than either

6    California or New York.

7              **5.    Considered Together, the Four Factors Show that Texas Law**
                       **Should Be Applied**

8

9         As set forth in the preceding four subsections, *supra*, the Restatement's four factor test

10   shows that Texas has the most substantial relationship to this case and these parties.  Texas is the

11   place where the alleged injury occurred, the place where the sole plaintiff is domiciled, and the

12   place where the relationship between the parties, to the extent there was one, was formed.  The

13   alleged misconduct at issue arose throughout the world and lacks a substantial connection with

14   any of the three states at issue.  Weighing all the factors under Texas' choice-of-law standard

15   reveals no reason to depart from the Restatement's instruction that "[t]he applicable law will

16   usually be the local law of the state where the injury occurred."  Restatement (Second) of Conflict

17   of Laws § 172 (1971); *see also In re Flonase Antitrust Litig.*, 815 F. Supp. 2d 867, 883-85 (E.D.

18   Pa. 2011) (applying Restatement choice-of-law analysis and applying law of purchase state where

19   plaintiffs' alleged overcharges occurred); *In re Intel Corp. Microprocessor Antitrust Litig.*, 2010

20   WL 8591815, at *1, *55 (D. Del. July 28, 2010) (same).

21        Texas' interest in this litigation further bolsters the conclusion that Texas law should

22   apply.  The Texas Supreme Court has observed that "[i]t is an especially sensitive matter for a

23   jurisdiction to extend its laws governing economic competition beyond its borders."  *Coca-Cola

24   Co. v. Harmar Bottling Co.*, 218 S.W.3d 671, 680-81 (Tex. 2006).  The Texas Supreme Court has

25   further concluded that Texas courts would "*never*" presume that the antitrust laws of other states

26   were "intended to govern such affairs in Texas."  *Id.* at 697 (emphasis in original).  The Ninth

27   Circuit has similarly cautioned that "each state has an interest in setting the appropriate level of

28   liability for companies conducting business within its territory."  *Mazza v. Am. Honda Motor Co.*,

666 F.3d 581, 592 (9th Cir. 2012).   Here, Texas lawmakers and the Texas Supreme Court have already expressed an explicit preference that indirect purchase damages are not recoverable in Texas.  *See Abbott Labs., Inc.*, 907 S.W.2d at 505-07.

For all of these reasons, Texas law should apply and CompuCom's claims under California and New York law must be dismissed.

### CONCLUSION

Defendants respectively request that this Court apply Texas law and award partial summary judgment to Defendants on CompuCom's Secord, Third, and Fourth Claims for Relief under California and New York state law.

DATED:  November 7, 2014                                Respectfully submitted,

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST COMPUCOM
ON CHOICE OF LAW GROUNDS

MUNGER, TOLLES & OLSON LLP

By: */s/ Hojoon Hwang*

JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc.; LG Electronics USA, Inc.*

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*
JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
PVictor@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN
MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**

3:07-cv-05944-SC; MDL 1917
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST COMPUCOM
ON CHOICE OF LAW GROUNDS

767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

**WHITE & CASE** LLP

By: */s/ Lucius B. Lau*
CHRISTOPHER M. CURRAN (*pro hac vice*)
ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

KIRKLAND & ELLIS LLP

By: */s/ Eliot A. Adelson*
ELIOT A. ADELSON (SBN 205284)
JAMES MAXWELL COOPER (SBN 284054)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, California 94104
Tel: (415) 439-1400
Facsimile: (415) 439-1500
E-mail: eadelson@kirkland.com
E-mail: max.cooper@kirkland.com

JAMES H. MUTCHNIK, P.C. (*pro hac vice*)
KATE WHEATON (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200

3:07-cv-05944-SC; MDL 1917
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST COMPUCOM
ON CHOICE OF LAW GROUNDS

1    *Attorneys for Defendants Hitachi, Ltd., Hitachi
     Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi*
2    *Asia, Ltd., Hitachi America, Ltd., and Hitachi
     Electronic Devices (USA), Inc.*

3

4    SHEPPARD MULLIN RICHTER & HAMPTON LLP

5    By: */s/ Gary L. Halling*
     GARY L. HALLING (SBN 66087)
6    ghalling@sheppardmullin.com
     JAMES L. MCGINNIS (SBN 95788)
7    jmcginnis@sheppardmullin.com
     MICHAEL W. SCARBOROUGH (SBN 203524)
8    mscarborough@sheppardmullin.com
     **SHEPPARD MULLIN RICHTER & HAMPTON**
9    **LLP**
     Four Embarcadero Center, 17th Floor
10   San Francisco, California 94111
     Telephone: (415) 434-9100
11   Facsimile: (415) 434-3947

12   *Attorneys for Defendants Samsung SDI America, Inc.;
     Samsung SDI Co., Ltd.; Samsung SDI (Malaysia)*
13   *SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.;
     Samsung SDI Brasil Ltda.; Shenzen Samsung SDI*
14   *Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

15

16   BAKER BOTTS LLP

17   By: */s/ John M. Taladay*
     JOHN M. TALADAY (*pro hac vice*)
18   john.taladay@bakerbotts.com
     JOSEPH OSTOYICH (*pro hac vice*)
19   joseph.ostoyich@bakerbotts.com
     ERIK T. KOONS (*pro hac vice*)
20   erik.koons@bakerbotts.com
     CHARLES M. MALAISE (*pro hac vice*)
21   charles.malaise@bakerbotts.com
     **BAKER BOTTS LLP**
22   1299 Pennsylvania Ave., N.W.
     Washington, DC 20004-2400
23   Telephone: (202) 639-7700
     Facsimile: (202) 639-7890
24
     JON V. SWENSON (SBN 233054)
25   jon.swenson@bakerbotts.com
     **BAKER BOTTS LLP**
26   1001 Page Mill Road
     Building One, Suite 200
27   Palo Alto, CA 94304
     Telephone: (650) 739-7500
28   Facsimile: (650) 739-7699

3:07-cv-05944-SC; MDL 1917
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST COMPUCOM
ON CHOICE OF LAW GROUNDS

E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation*

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Rachel S. Brass*
JOEL S. SANDERS (SBN 107234)
jsanders@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
rbrass@gibsondunn.com
AUSTIN V. SCHWING (SBN 211696)
aschwing@gig@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, California 94105
Tel: (415) 393-8200
Fax: (415) 393-8306

*Attorneys for Defendant Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

3:07-cv-05944-SC; MDL 1917
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST COMPUCOM
ON CHOICE OF LAW GROUNDS