JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

*Attorneys for LG Electronics, Inc., and LG Electronics U.S.A., Inc.*

*Additional Moving Defendants and Counsel Listed on Signature Pages*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917 |
| This Document Related to:<br><br>*Best Buy Co, Inc., et al v. Hitachi, Ltd.*, Individual Case No. 11-cv-05513 | **DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST MAGNOLIA HI-FI ON CHOICE OF LAW GROUNDS**<br><br>[[Proposed] Order filed concurrently herewith]<br><br>Judge:    Hon. Samuel Conti<br>Date:     February 6, 2015<br>Time:    10:00 AM<br>Crtrm.:   1, 17th Floor |

**NOTICE OF MOTION AND MOTION**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2015 at 10:00 a.m., or as soon as counsel may be heard thereafter, in Courtroom 1, 17th Floor, San Francisco, California before the Honorable Samuel Conti, the undersigned defendants will move the Court, pursuant to Federal Rule of Civil Procedure 56, for partial summary judgment.

For the reasons explained in the accompanying Memorandum of Points and Authorities, the undersigned defendants are entitled to partial summary judgment with respect to the state law claim of Direct Action Plaintiff Magnolia Hi-Fi, LLC ("Magnolia") because the undisputed facts and record show that Magnolia's Minnesota claim is controlled by Washington law, which bars suits by indirect purchasers such as Magnolia. Specifically, this motion seeks partial summary judgment on Magnolia's Second Claim for Relief under Minnesota state law.

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Laura K. Lin in Support of Defendant's Motion for Partial Summary Judgment Against Certain Direct Action Plaintiffs on Due Process Grounds ("Lin Decl."), and any materials attached thereto or otherwise found in the record, along with the argument of counsel and such other matters as the Court may consider.

DATED: November 7, 2014         Respectfully submitted,

                                MUNGER, TOLLES & OLSON LLP
                                    HOJOON HWANG
                                    MIRIAM KIM
                                    LAURA K. LIN
                                    WILLIAM D. TEMKO
                                    CLAIRE YAN
                                    JESSICA BARCLAY-STROBEL


                                By:      /s/ *MIRIAM KIM*
                                         MIRIAM KIM
                                Attorneys for LG Electronics, Inc., and LG Electronics
                                U.S.A., Inc. LG Electronics Taiwan Taipei Co., LTD

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

QUESTIONS PRESENTED ........................................................................................................ 1

SUMMARY OF ARGUMENT .................................................................................................... 1

OVERVIEW OF CLAIMS ADDRESSED .................................................................................. 2

STATEMENT OF UNDISPUTED MATERIAL FACTS ............................................................ 2

    I.     Pertinent Facts Regarding Magnolia ................................................................... 2

    II.    Pertinent Allegations Against Defendants ........................................................... 2

LEGAL STANDARD ................................................................................................................... 3

ARGUMENT ................................................................................................................................ 3

    I.     Choice of Law Standard ....................................................................................... 3

    II.    Washington Law, Which Does Not Allow Indirect Purchaser Actions, Controls Magnolia's State Law Claim ................................................................. 4

          A.    Washington's Ban On Indirect Purchaser Actions Differs From Minnesota Law ......................................................................................... 4

          B.    Only Washington Has An Interest In Applying Its Law Because Magnolia Purchased The CRT Products And Met With CRT Product Vendors at Magnolia's Washington Headquarters ...................................... 5

          C.    Washington's Interest In Attracting Business To The State By Harmonizing Federal and State Antitrust Law Is More Impaired If Its Law Were Not Applied ......................................................................... 6

CONCLUSION ............................................................................................................................. 9

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Abogados v. AT&T, Inc.*,
    223 F.3d 932 (9th Cir. 2000) ................................................................................................ 5, 6

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) .................................................................................................................. 3

*Blaylock v. First Am. Title Ins. Co.*,
    No. C06-1667RAJ, 2008 WL 8741396 (W.D. Wash. Nov. 7, 2008) ........................................ 7

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) .................................................................................................................. 3

*CRS Recovery, Inc. v. Laxton*,
    600 F.3d 1138 (9th Cir. 2010) ................................................................................................... 5

*Illinois Brick Co. v. Illinois*,
    431 U.S. 720 (1977) .................................................................................................................. 4

*In re Grand Theft Auto Video Game Consumer Litig.*,
    251 F.R.D. ................................................................................................................................. 6

*In re Intel Corp. Microprocessor Antitrust Litig.*,
    CA No. 05-485-JJF, 2010 WL 8591815 (D. Del. July 28, 2010) ........................................ 5, 8

*In re Nucorp Energy Sec. Litig.*,
    772 F.2d 1486 (9th Cir. 1985) ................................................................................................... 3

*In re Oracle Corp. Sec. Litig.*,
    627 F.3d 376 (9th Cir. 2010) ..................................................................................................... 3

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    No. M 07-1827 SI, 2012 WL 3727221 (N.D. Cal. Aug. 27, 2012) .......................................... 5

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*,
    785 F. Supp. 2d 925 (C.D. Cal. 2011) ...................................................................................... 4

*Liew v. Official Receiver & Liquidator (Hong Kong)*,
    685 F.2d 1192 (9th Cir. 1982) ................................................................................................... 6

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) .................................................................................................................. 3

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Mazza v. Am. Honda Motor Co.*,
 666 F.3d 581 (9th Cir. 2012) ............................................................................................... 7, 8

*Rosenthal v. Fonda*,
 862 F.2d 1398 (9th Cir. 1988) ................................................................................................. 7

*Waggoner v. Snow, Becker, Kroll, Klaris & Krauss*,
 991 F.2d 1501 (9th Cir. 1993) ............................................................................................. 5, 8

**STATE CASES**

*Blewett v. Abbott Labs.*,
 86 Wash. App. 782 (1997) ............................................................................................. 4, 7, 8

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
 No. C-07-5944-SC, 2013 WL 4505701 (N.D. Cal. Aug. 21, 2013) ......................................... 4

*McCann v. Foster Wheeler LLC*,
 48 Cal. 4th 68 (2010) ..................................................................................................... passim

*Wong v. Tenneco, Inc.*,
 39 Cal. 3d 126 (1985) .............................................................................................................. 5

**STATUTES AND RULES**

Fed. R. Civ. P. 56(a) ....................................................................................................................... 3

Minn. Stat. Ann. § 325D.57 ............................................................................................................ 4

**OTHER AUTHORITIES**

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
 2013 WL 4175253 ................................................................................................................ 7, 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## QUESTIONS PRESENTED[1]

1.  Whether summary judgment should be entered against Magnolia on its Minnesota state law claim, where Magnolia is headquartered in and issued purchase orders from Washington; and where Washington law is inconsistent with Minnesota law?

## SUMMARY OF ARGUMENT

Defendants bring this motion because Magnolia seeks to invoke the law of a state, Minnesota, that does not apply to Magnolia's state law claim under the applicable choice of law rules. Moreover, the Washington state law that *does* apply to Magnolia's indirect purchase claim does not allow indirect purchase actions at all. Accordingly, Magnolia's state law claim must be dismissed.

In deciding which state's law applies to Magnolia's state law claim, the court must apply California's choice of law rules because Magnolia filed its claim in California. California applies a governmental interest analysis to determine which state's law should apply. *See McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 87-88 (2010).

Applying California's choice of law rules, Defendants are entitled to judgment as a matter of law on Magnolia's Minnesota claim based on its indirect purchases because this claim must instead be asserted under the laws of Washington, where Magnolia decided to purchase the products at issue, met with product vendors, issued purchase orders, and is headquartered. Washington law controls Magnolia's state law claim because Washington's interest in attracting business would be impaired if Washington's bar on indirect purchaser antitrust actions were not applied here; in contrast, Minnesota has no interest in regulating purchases of a non-resident company made outside Minnesota's borders. Given that the interests of Washington, not Minnesota, would be more impaired if the former's law were not applied, the Court should enter

---

[1] Lin Declaration Exhibit C describes how Defendants' motions concerning Plaintiffs' state law claims relate to one another. As Exhibit C details, the Court need not consider certain of Defendants' motions if it finds in Defendants' favor on other motions.

1  summary judgment for Defendants on Magnolia's state law claim for indirect purchases because it
2  cannot lie under Washington law.

### OVERVIEW OF CLAIMS ADDRESSED

Magnolia alleges that it purchased products containing Cathode Ray Tubes ("CRTs") and resold these products to retail consumers. Magnolia also alleges that Defendants engaged in a conspiracy to fix the prices of CRTs. The present motion is directed to Magnolia's Second Claim for Relief under Minnesota state law.

### STATEMENT OF UNDISPUTED MATERIAL FACTS

#### I.     Pertinent Facts Regarding Magnolia

Magnolia is headquartered in Washington and is a subsidiary of Plaintiff Best Buy Co., Inc.[2] During the relevant time period, Magnolia's negotiations for and purchasing of CRT products "took place in its headquarters in Kent Washington."[3] Washington was where Magnolia employees had meetings with CRT product vendors.[4] Magnolia issued its CRT product purchase orders from Washington.[5]

#### II.     Pertinent Allegations Against Defendants

Magnolia alleges that the anticompetitive conduct at issue occurred primarily outside of the United States.[6] In addition, these Magnolia has identified allegedly anticompetitive conduct that

---

[2] Best Buy First Amended Complaint, Dkt. No. 1978 (Oct. 3, 2013) ("Best Buy Am. Compl."), ¶ 21.

[3] *Id.* ¶ 21; Lin Decl. Ex. 25 (Brian Stone (Best Buy) 30(b)(6) Dep. at 479:19-24), Ex. 26 (Brian Carver (Best Buy) Dep. at 71:4-7).

[4] Lin Decl. Ex. 26 (Brian Carver (Best Buy) Dep. at48:22-24).

[5] *Id.* at 125:12-15.

[6] *See, e.g.,* Lin Decl. Ex. 27 (Best Buy's Objections and Responses to Defendants Panasonic Corporation of North America and LG Electronics USA, Inc.'s Second Set of Interrogatories Response to Interrogatory No. 11 (stating that "[e]vidence supporting defendants' and their co-conspirators' price fixing includes potentially all documents produced by all parties and the testimony of all witnesses," citing various expert reports and discovery responses by others, and

1  they contends took place in states including Alabama, Arizona, California, Georgia, Indiana,
2  Michigan, North Carolina, Nevada, New York, Ohio, and Pennsylvania.[7]

### LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of identifying the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

Where, as here, the moving party meets its burden, the non-moving party must identify facts showing that a genuine issue for trial exists. *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The non-moving party may not rely on the pleadings but must come forward with evidence – affidavits, depositions, answers to interrogatories, or admissions – from which a jury could reasonably render a verdict in its favor. *Id.* (citing *Anderson*, 477 U.S. at 252). "The nonmoving party must show more than the mere existence of a scintilla of evidence" or "some 'metaphysical doubt' as to the material facts at issue." *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

### ARGUMENT

The Court should grant Defendants' motion for summary judgment because Magnolia's Minnesota claim is controlled by Washington law, which bars suits by indirect purchasers such as Magnolia.

#### I.     Choice of Law Standard

In multidistrict litigation like this case, courts must apply the choice-of-law rules of each state where the individual actions were originally filed. *In re Nucorp Energy Sec. Litig.*, 772 F.2d

---

identifying "Exhibit A to interrogatory responses submitted by the Dell Plaintiffs on July 14, 2014, including all revisions and supplementations thereto")). Recent supplements of this "Exhibit A" are attached as Exhibit A to the accompanying declaration of Laura K. Lin ("Exhibit A").

[7] *See* Lin Decl. Exhibit A.

1486, 1492 (9th Cir. 1985) (concluding that "we must apply the choice of law rules of Illinois because the claims were originally filed in district court in Illinois before they were transferred to California by the Judicial Panel on Multidistrict Litigation"); *see also, e.g.*, *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 785 F. Supp. 2d 925, 929 (C.D. Cal. 2011) (stating that MDL cases "retain separate and distinct identities in preparation for their eventual return to their home states"). Here, Magnolia filed its lawsuit in California before the case was transferred to this Court. Thus, California choice-of-law rules apply.

A choice of law analysis under California's "governmental interest" test "involves three steps." *McCann*, 48 Cal. 4th at 87-88. First, the court determines whether the relevant law of each of the potentially affected jurisdictions is the same or different with regard to the particular issue in question. *Id.* Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a "true conflict" exists. *Id.* In the third and final step, the court determines "which state's interest would be more impaired if its policy were subordinated to the policy of the other state" and then applies the law of the state "whose interest would be more impaired if its law were not applied." *Id.* In this comparative impairment analysis, the court does not determine which state's law manifests the "better" or "worthier" social policy. *Id.* at 97.

## II. Washington Law, Which Does Not Allow Indirect Purchaser Actions, Controls Magnolia's State Law Claim

### A. Washington's Ban On Indirect Purchaser Actions Differs From Minnesota Law

As this Court has already held, Washington follows the holding in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) and thus does not permit indirect purchaser actions for state antitrust claims. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 4505701, at *12 (N.D. Cal. Aug. 21, 2013) (dismissing Washington law claims without leave to amend); *Blewett v. Abbott Labs.*, 86 Wash. App. 782, 789 (1997). In an attempt to evade Washington's limit on indirect purchaser damages, Magnolia brings a claim under Minnesota law, which allows indirect purchasers to bring private suits for damages. *See* Minn. Stat. Ann. §

325D.57.  As several courts have recognized, the availability of "indirect purchaser actions" is a "clear example" of how states' antitrust statutes differ under California's governmental interest test.  *See, e.g., In re Intel Corp. Microprocessor Antitrust Litig.*, CA No. 05-485-JJF, 2010 WL 8591815, at *57 (D. Del. July 28, 2010).

### B.  Only Washington Has An Interest In Applying Its Law Because Magnolia Purchased the CRT Products and Met With CRT Product Vendors at Magnolia's Washington Headquarters

"[I]f only one jurisdiction has a legitimate interest in the application of its rule of decision, there is a 'false conflict' and the law of the interested jurisdiction is applied."  *CRS Recovery, Inc. v. Laxton*, 600 F.3d 1138, 1142 (9th Cir. 2010); *Wong v. Tenneco, Inc.*, 39 Cal. 3d 126, 144 (1985) ("When only one state has an interest in applying its law, the conflict is false.").  A state has a legitimate interest in the application of its laws if it is the state where the "decisions [were] made" that resulted in the plaintiff's injury. *Abogados v. AT&T, Inc.*, 223 F.3d 932, 936 (9th Cir. 2000). In antitrust cases, "plaintiffs are deemed to be injured in the states where they agreed to pay inflated prices for products, not the states where they merely received products."  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2012 WL 3727221, at *3 (N.D. Cal. Aug. 27, 2012).

A false conflict exists here.  Washington is the only state with a legitimate interest in regulating Magnolia's conduct because, as Magnolia's witnesses testified, Magnolia's negotiations for and purchasing of CRT products "took place in its headquarters in Kent Washington."[8] Washington was where Magnolia employees had meetings with CRT product vendors.[9]  Magnolia issued purchase orders from Washington.[10]  These negotiations, meetings, and purchase orders are the relevant contacts dictating which state has a legitimate interest in applying its laws. *Waggoner v. Snow, Becker, Kroll, Klaris & Krauss*, 991 F.2d 1501, 1507-08 (9th Cir. 1993)

---

[8] Best Buy Am. Compl. ¶ 21; Lin Decl. Ex. 25 (Brian Stone (Best Buy) 30(b)(6) Dep. at 479:19-24), Ex. 26 (Brian Carver (Best Buy) Dep. at 71:4-7).

[9] Lin Decl. Ex. 26 (Brian Carver (Best Buy) Dep. at 48:22-24).

[10] *Id.* at 125:12-15).

1  (under California's governmental interest test, New York rather than California law applied
2  because the parties "contacted" each other regarding transactions in dispute at an "office in New
3  York").

4      In contrast, Minnesota has no interest in applying its laws to protect a non-resident
5  plaintiff, Magnolia, and any extraneous "contacts with a state that are not significantly related to
6  the cause of action at issue" are irrelevant to this analysis.  *Abogados,* 223 F.3d at 936 (under
7  California's choice-of-law rules, rejecting plaintiff's argument that New York law should apply
8  because New York was not where "decisions [were] made" that resulted in plaintiff's injury).

9      Because only Washington has a legitimate "interest in regulating the business transactions
10 that take place within its borders" and involve a Washington plaintiff, there is no true conflict and
11 only Washington's law should apply to Magnolia's state law claim.  *See Liew v. Official Receiver*
12 *& Liquidator (Hong Kong)*, 685 F.2d 1192, 1198 (9th Cir. 1982) (holding that no true conflict
13 existed and applying law of Singapore rather than California because the former had a "significant
14 interest in regulating the business transactions that take place within its borders, particularly those
15 that affect Singaporean individuals and businesses").  Alternatively, if the Court concludes that a
16 true conflict exists, it must proceed to the third step in the analysis.

17     **C.**    **Washington's Interest In Attracting Business to the State By**
18           **Harmonizing Federal and State Antitrust Law Is More**
19           **Impaired If Its Law Were Not Applied**

20     Washington's law barring indirect purchaser actions should control here because "the law
21 of [a] state limits or denies liability for the conduct engaged in by the defendant in its territory"—
22 here, the sale of CRT products to Magnolia at purportedly inflated prices—"that state's interest is
23 predominant."  *McCann*, 48 Cal. 4th at 100-101.  For this reason, courts applying California's
24 choice-of-law principles conclude that "the interests of the state of purchase would be most
25 impaired if its … laws were not applied."  *In re Grand Theft Auto Video Game Consumer Litig.*,
26 251 F.R.D. at 150.

27     Washington has a strong interest in attracting business by assuring "commercial entities
28 operating within its territory that applicable limitations on liability set forth in the jurisdiction's

law will be available to those individuals and businesses in the event they are faced with litigation in the future." *Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 592-93 (9th Cir. 2012) (quoting *McCann*, 48 Cal. 4th at 97-98). Washington law reflects the legislature's intent to "avoid subjecting Washington businesses to divergent regulatory approaches to the same conduct" by "minimize[ing] conflict between the enforcement of state and federal antitrust laws." *Blewett*, 86 Wash. App. at 788. This intent is consistent with Washington court's "practice" of "uniformly follow[ing] federal precedent" in interpreting Washington's antitrust law in deference to the "collectively greater experience of federal courts in adjudicating antitrust suits." *Id.* at 787-89 (dismissing Washington antitrust claim under *Illinois Brick*). Thus, for almost two decades, Washington law has "consistently been interpreted to … exclude indirect" purchasers. *Blaylock v. First Am. Title Ins. Co.*, No. C06-1667RAJ, 2008 WL 8741396, at *9 (W.D. Wash. Nov. 7, 2008) (applying *Illinois Brick* and dismissing plaintiffs' claims for lack of standing). Such limitations on liability reflect a "valid interest in shielding out-of-state businesses from what the state may consider to be excessive litigation." *Mazza*, 666 F.3d at 592 (vacating district court decision under California' governmental interest test for failure to recognize state's interest in attracting business by reducing defendants' liability).

In contrast, Minnesota does not have a strong interest in applying its law to benefit Magnolia, a non-resident plaintiff. Ninth Circuit and California Supreme Court authority require that Magnolia "should not expect to subject [a] defendant to a financial hazard … not created" by Magnolia's own state, Washington. *McCann*, 48 Cal. 4th at 99 (applying Oklahoma rather than California law because the latter "has a lesser interest in applying its law" given that plaintiff was a resident of Oklahoma at the time he was injured in Oklahoma); *Rosenthal v. Fonda*, 862 F.2d 1398, 1403 (9th Cir. 1988) (applying New York rather than California law because the latter "does not have a strong interest in applying its policy against its domiciliary in order to protect a New York plaintiff that New York has no interest in protecting").

Unlike Minnesota, Washington's interests would be impaired if its law was not applied because doing so would "negatively affect [its] ability to foster an inviting business climate." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2013 WL 4175253, at *2-3. States such as Washington

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST MAGNOLIA ON CHOICE OF LAW GROUNDS

1  that do not "allow suit for antitrust recovery by their citizens who are indirect purchasers[] have no
2  interest in permitting those citizens that very recovery by suing under the laws of another state."
3  *In re Intel Corp. Microprocessor Antitrust Litig.*, 2010 WL 8591815, at *58.  To allow Magnolia,
4  a Washington resident, to bring a claim barred by Washington law would vitiate that state's effort
5  to avoid "divergent regulatory approaches to the same conduct" by harmonizing federal and state
6  antitrust laws.  *Blewett*, 86 Wash. App. at 788.  Such impairment of Washington's interest is not
7  countenanced by California's governmental interest analysis, which reflects the "principle of
8  federalism" that "each [s]tate may make its own reasoned judgment about what conduct is
9  permitted or proscribed within its borders."  *Mazza*, 666 F.3d at 591 (internal quotation marks
10  omitted); *McCann*, 48 Cal. 4th at 97 (California's governmental interest test does not determine
11  which state has the "better" social policy, but rather how to "allocat[e] domains of law-making
12  power in multi-state contexts").  Nor can Magnolia argue that plaintiff-friendly laws should be
13  applied because they are "better" social policy; the governmental interest test recognizes that such
14  policy decisions are the province of states' legislatures.  *McCann*, 48 Cal. 4th at 97; *Mazza*, 666
15  F.3d at 592 (California's governmental interest test "does not inexorably favor greater consumer
16  protection"); *Waggoner,* 991 F.2d at 1507-08 ("The mere fact that California laws are more
17  favorable to [plaintiff's] claim also cannot make California law controlling."); *In re Intel Corp.*
18  *Microprocessor Antitrust Litig.*, 2010 WL 8591815, at *57-59 ("California has no greater interest
19  in applying its antitrust laws … than any other state.").
20        In sum, this Court should grant summary judgment to Defendants on Magnolia's
21  Minnesota claim because, as other courts have held in the antitrust context, "the law of the state of
22  purchase" controls.  *In re Intel Corp. Microprocessor Antitrust Litig.*, 2010 WL 8591815, at *59
23  (applying California's governmental interest test to antitrust laws of various states at issue here,
24  such as Arizona, Michigan, and New Mexico); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2013
25  WL 4175253, at *2-3 (applying Texas rather than California antitrust law under California
26  governmental interest test).
27
28

## CONCLUSION

Defendants respectfully request that this Court grant partial summary judgment in favor of Defendants on Magnolia's Second Claim for Relief brought under Minnesota law because that claim is controlled by Washington law, which bars suits by indirect purchasers such as Magnolia.

Dated: November 7, 2014              Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By: */s/ Miriam Kim*

JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc.; LG Electronics USA, Inc.*

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*
JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
PVictor@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN
MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), MT Picture Display Co., Ltd.*


KIRKLAND & ELLIS LLP

By: */s/ Eliot A. Adelson*
ELIOT A. ADELSON (SBN 205284)
JAMES MAXWELL COOPER (SBN 284054)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, California 94104
Tel: (415) 439-1400
Facsimile: (415) 439-1500
E-mail: eadelson@kirkland.com
E-mail: max.cooper@kirkland.com

JAMES H. MUTCHNIK, P.C. (*pro hac vice*)
KATE WHEATON (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654

|   |   |
|---|---|
| 1 | Tel: (312) 862-2000 |
| 2 | Facsimile: (312) 862-2200 |
| 3 | *Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.* |
| 4 |   |
| 5 |   |
| 6 | FRESHFIELDS BRUCKHAUS DERINGER US LLP |
| 7 |   |
|   | By: */s/ Michael Lacorvara* |
| 8 |   |
| 9 | Michael Lacovara (209279) |
|   | Freshfields Bruckhaus Deringer US LLP |
| 10 | 601 Lexington Avenue, 31st Floor |
|   | New York, NY 10022 |
| 11 | Telephone: 212 277 4000 |
|   | Facsimile: 212 277 4001 |
| 12 | Email: michael.lacovara@freshfields.com |
| 13 | TERRY CALVANI (SBN 53260) |
|   | Email: terry.calvani@freshfields.com |
| 14 | CHRISTINE LACIAK(*pro hac vice*) |
|   | Email: christine.laciak@freshfields.com |
| 15 | RICHARD SNYDER (*pro hac vice*) |
|   | Email: richard.snyder@freshfields.com |
| 16 | **FRESHFIELDS BRUCKHAUS DERINGER US LLP** |
|   | 701 Pennsylvania Avenue NW, Suite 600 |
| 17 | Washington, DC  20004 |
|   | Telephone: (202) 777-4565 |
| 18 | Facsimile: (202) 777-4555 |
| 19 | *Attorneys for Beijing-Matsushita Color CRT Company, Ltd.* |
| 20 |   |
| 21 | FAEGRE BAKER DANIELS LLP |
| 22 | By: */s/ Kathy L. Osborn* |
| 23 | Kathy L. Osborn (*pro hac vice*) |
|   | Ryan M. Hurley (*pro hac vice*) |
| 24 | Faegre Baker Daniels LLP |
|   | 300 N. Meridian Street, Suite 2700 |
| 25 | Indianapolis, IN  46204 |
|   | Telephone: +1-317-237-0300 |
| 26 | Facsimile: +1-317-237-1000 |
|   | kathy.osborn@FaegreBD.com |
| 27 | ryan.hurley@FaegreBD.com |
| 28 | Jeffrey S. Roberts (*pro hac vice*) |
|   | Email: jeff.roberts@FaegreBD.com |

-11-                                                3:07-cv-05944-SC , MDL 1917

DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST MAGNOLIA ON CHOICE OF LAW GROUNDS

Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

Stephen M. Judge (*pro hac vice*)
Email: steve.judge@FaegreBd.com
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

JENNER & BLOCK LLP

By: /s/ *Terrence J. Truax*

JENNER & BLOCK LLP
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and, Mitsubishi Electric Visual Solutions America, Inc.*

1 | GIBSON, DUNN & CRUTCHER LLP

By: _____/s/ *Rachel S. Brass*_____
JOEL S. SANDERS (SBN 107234)
jsanders@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
rbrass@gibsondunn.com
AUSTIN V. SCHWING (SBN 211696)
aschwing@gig@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, California 94105
Tel: (415) 393-8200
Fax: (415) 393-8306

*Attorneys for Defendant Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd..*