JEFFREY L. KESSLER (*pro hac vice*)
ALDO A. BADINI (Bar No. 257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **Case No. 07-5944 SC** |
| This Document Relates to: | **MDL No. 1917** |
| ALL INDIRECT-PURCHASER ACTIONS | **DECLARATION OF JENNIFER M. STEWART IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
| *Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656; | |
| *Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | |
| *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502; | |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |

1. *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

2. *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

3. *Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

4. *Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

5. *Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

6. *Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

7. *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

8. *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

9. *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

10. *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

11. *Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723;

12. *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

13. *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

14. *Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

15. *Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

16. *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

17. *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd,. et al.*, No. 14-cv-02510;

18. *Dell Inc., et al. v. Hitachi Ltd. et al.*, No. 13-cv-02171.

I, Jennifer M. Stewart, declare as follows:

1.  I am an attorney with Winston & Strawn LLP, attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. I make this declaration pursuant to Civil Local Rule 79-5(d) in support of Defendants' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2.  The documents or portions of the documents submitted under seal contain either (a) material designated by the indirect purchaser plaintiffs ("IPPs") or direct action plaintiffs in the above-captioned actions ("DAPs") pursuant to the Stipulated Protective Order (Dkt. 306, June 18, 2008) as "Confidential" or "Highly Confidential" or (b) analysis of, references to, or information taken directly from material designated by IPPs or DAPs pursuant to the Stipulated Protective Order as "Confidential" or "Highly Confidential."

3.  Specifically, Defendants' Joint Motion for Summary Judgment Based Upon Plaintiffs' Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA contains analysis of, references to, or information taken directly from material designated by IPPs and DAPs pursuant to the Stipulated Protective Order as "Confidential" or "Highly Confidential."

4.  Exhibit 1 to the Declaration of Jennifer M. Stewart in Support of Defendants' Joint Motion for Summary Judgment Based Upon Plaintiffs' Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA ("Stewart Decl."), excerpts from the October 31, 2014 deposition of Janet S. Netz, consists of material designated by the IPPs pursuant to the Stipulated Protective Order as "Highly Confidential."

1

5. Exhibit 2 to the Stewart Declaration, excerpts from the April 15, 2014 Expert Report of Janet S. Netz, consists of material designated by the IPPs pursuant to the Stipulated Protective Order as "Highly Confidential."

6. Exhibit 3 to the Stewart Declaration, excerpts from the April 15, 2014 Expert Report of James T. McClave, consists of material designated by the DAPs pursuant to the Stipulated Protective Order as "Highly Confidential."

7. Exhibit 4 to the Stewart Declaration, excerpts from the April 15, 2014 Expert Report of Alan S. Frankel regarding the cases captioned *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513, and *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264, consists of material designated by plaintiffs in the aforementioned actions pursuant to the Stipulated Protective Order as "Highly Confidential."

8. Exhibit 5 to the Stewart Declaration, excerpts from the transcript of the June 27, 2014 deposition of Janet S. Netz, consists of material designated by the IPPs pursuant to the Stipulated Protective Order as "Highly Confidential."

9. Exhibit 6 to the Stewart Declaration, excerpts from the transcript of the June 25, 2014 deposition of Alan S. Frankel, consists of material designated by the DAPs pursuant to the Stipulated Protective Order as "Highly Confidential."

10. Exhibit 7 to the Stewart Declaration, excerpts from the transcript of the June 25, 2014 deposition of James T. McClave, consists of material designated by the DAPs pursuant to the Stipulated Protective Order as "Highly Confidential."

11. Exhibit 8 to the Stewart Declaration, excerpts from the transcript of the June 10, 2014 deposition of Mohan Rao, consists of material designated by Dell Inc. and Dell Products L.P. pursuant to the Stipulated Protective Order as "Highly Confidential."

12. Exhibit 9 to the Stewart Declaration, excerpts from the September 26, 2014 Reply Report of Mohan Rao to Janusz Ordover, consists of material designated by Dell Inc. and Dell Products L.P. pursuant to the Stipulated Protective Order as "Highly Confidential."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | |
|---|---|
| Dated: November 7, 2014 | /s/      *Jennifer M. Stewart* <br> JEFFREY L. KESSLER (*pro hac vice*) <br> ALDO A. BADINI (Bar No. 257086) <br> EVA W. COLE (*pro hac vice*) <br> MOLLY M. DONOVAN (*pro hac vice*) <br> JENNIFER M. STEWART (*pro hac vice*) <br> WINSTON & STRAWN LLP <br> 200 Park Avenue <br> New York, New York 10166-4193 <br> Telephone: (212) 294-6700 <br> Facsimile: (212) 294-4700 <br> Email: jkessler@winston.com <br><br> STEVEN A. REISS (*pro hac vice*) <br> DAVID L. YOHAI (*pro hac vice*) <br> ADAM C. HEMLOCK (*pro hac vice*) <br> WEIL, GOTSHAL & MANGES LLP <br> 767 Fifth Avenue <br> New York, New York 10153-0119 <br> Telephone: (212) 310-8000 <br> Facsimile: (212) 310-8007 <br> Email: steven.reiss@weil.com <br><br> *Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.* |