DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
LARA E. VEBLEN TRAGER (*pro hac vice)*
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: adam.hemlock@weil.com

BAMBO OBARO (267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: bambo.obaro@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400
E-mail: jkessler@winston.com

*Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

[additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master Case No.:  3:07-cv-05944 SC MDL No. 1917 |
| This Document Relates to:<br><br>ALL ACTIONS | **CERTAIN DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO**<br><br>Date: January 16, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 1, 17th Floor<br>Judge: Hon. Samuel Conti |

## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

[REDACTED] CERTAIN DEFS.' NOTICE OF MOT. AND MOT. FOR SUMM. J. ON DAPS'
ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO

MDL No. 1917
Master No. 3:07-cv-05944-SC

1

**NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**

2       PLEASE TAKE NOTICE THAT on January 16, 2015 at 10:00 a.m., or as soon thereafter as

3   the matter may be heard in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA

4   94102, before the Honorable Samuel Conti, the undersigned defendants ("Defendants") will and

5   hereby do move the Court for partial summary judgment in Defendants' favor under Rule 56 of the

6   Federal Rules of Civil Procedure as to the Direct Action Plaintiffs' ("Plaintiffs") Sherman Act

7   damage claims based on Plaintiffs' purchases of finished products incorporating CRTs ("CRT

8   Finished Products") from Sanyo Entities.[1]

9       Defendants seek partial summary judgment under Federal Rule of Civil Procedure 56 on the

10  basis that Plaintiffs' purchases of CRT Finished Products from Sanyo are indirect purchases and

11  that any damage claims based on those purchases are barred under Illinois Brick Co. v. Illinois, 431

12  U.S. 720 (1977), and none of the three recognized, limited exceptions to *Illinois Brick*'s "direct

13  purchaser rule" apply here.

14      This motion is based on this Notice of Motion, the accompanying Memorandum of Points

15  and Authorities, the Declarations of Shinichi Miyoshi, Robert S. Marin, and Adam C. Hemlock

16  submitted concurrently herewith, any argument of counsel, and such other matters as the Court may

17  consider.

18

19

20

21

22

23

24

25

26

---

[1] Plaintiffs allege purchases from Sanyo North America Corporation, Sanyo Manufacturing
27  Corporation, Sanyo Energy USA Corporation, and/or Sanyo Fisher (USA) Corporation.  These four
entities, together with Sanyo Electric Co., Ltd., are hereinafter referred to individually each as a
28  "Sanyo Entity" and, collectively, as "Sanyo" or the "Sanyo Entities."

---

# TABLE OF CONTENTS

Page

I.    STATEMENT OF THE ISSUE ........................................................................................1

II.   INTRODUCTION ........................................................................................................1

III.  STATEMENT OF UNDISPUTED MATERIAL FACTS....................................................2

    A.    Sanyo's Purchases of CRT Tubes and Sales of CRT Finished Products.................2

    B.    Sanyo and Its Relationship with Panasonic Defendants .........................................3

IV.   STANDARD OF REVIEW ...........................................................................................5

V.    ARGUMENT .............................................................................................................6

    A.    Plaintiffs are Barred from Pursuing Damage Claims Based on CRT Finished
        Products Purchases from Sanyo Under *Illinois Brick* ................................................6

    B.    No Exception to *Illinois Brick*'s "Direct Purchaser" Rule Applies ........................7

        1.    Plaintiffs Did Not Have Pre-Existing "Cost-Plus" Contracts with Sanyo and
            Sanyo Did Not Participate in the Alleged Price-Fixing Conspiracy............7

        2.    The Panasonic Defendants Did Not Own or Control Sanyo During the
            Relevant Period .........................................................................................9

VI.   CONCLUSION .........................................................................................................13

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE DAPS'      MDL No. 1917
ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO      Master No. 3:07-cv-05944-SC

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) .......................................................................................... 5

*Arizona v. Shamrock Foods Co.*,
729 F.2d 1208 (9th Cir. 1984) ........................................................................... 7

*In re ATM Fee Antitrust Litig.*,
686 F.3d 741 (9th Cir. 2012) ..................................................................... *passim*

*In re Brand Name Prescription Drugs Antitrust Litig.*,
123 F.3d 599 (7th Cir. 1997) ........................................................................... 10

*Burkhalter Travel Agency v. MacFarms Int'l, Inc.*,
141 F.R.D. 144 (N.D. Cal. 1991) ....................................................................... 6

*Delaware Valley Surgical Supply Inc. v. Johnson & Johnson*,
523 F.3d 1116 (9th Cir. 2008) ........................................................................... 6

*Freeman v. San Diego Ass'n of Realtors*,
322 F. 3d 1133 (9th Cir. 2003) ................................................................. 7, 9, 12

*Gould v. Ruefenacht*,
471 U.S. 701 (1985) ........................................................................................ 10

*Illinois Brick Co. v. Illinois*,
431 U.S. 720 (1977) ................................................................................. *passim*

*Jewish Hosp. Ass'n of Louisville, Ky., Inc. v. Stewart Mech. Enters., Inc.*,
628 F.2d 971 (6th Cir. 1980) ............................................................... 6, 8, 10, 11

*Kansas v. Utilicorp United, Inc.*,
497 U.S. 199 (1990) ...................................................................................... 6, 7

*In re Mercedes-Benz Antitrust Litig.*,
225 F.R.D. 498 (D.N.J. 2005) ....................................................................... 9, 12

*In re Microsoft*,
127 F. Supp. 2d 702 (D. Md. Jan. 12, 2001) .................................................... 12

*In re Oracle Corp. Sec. Litig.*,
627 F. 3d 376 (9th Cir. 2010) ............................................................................ 5

*P.C. Richard & Son Long Island Corp. v. AU Optronics Corp.* (*In re TFT-LCD (Flat Panel)
Antitrust Litig.*),
No. 11-4119, 2014 U.S. Dist. LEXIS 125356 (N.D. Cal. Sept. 4, 2014) ............... 11

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE DAPS'
ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO

MDL No. 1917
Master No. 3:07-cv-05944-SC

ii

*Royal Printing Co. v. Kimberly Clark Corp.*,
   621 F.2d 323 (9th Cir. 1980)....................................................................................... 9

*Sun Microsystems, Inc. v. Hynix Semiconductor Inc.*,
   608 F. Supp. 2d 1166 (N.D. Cal 2009) ............................................................... 10, 11

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   No. 12-3802, 2013 U.S. Dist. LEXIS 39606 (N.D. Cal. Mar. 20, 2013)................................ 11

*In re TFT-LCD*,
   No. 11-0058, 2012 WL 7062366 (N.D. Cal. Dec. 26, 2012)................................................. 12

**Statutes and Other Authorities**

Fed. R. Civ. P. 56(a)............................................................................................................. 5

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO

MDL No. 1917
Master No. 3:07-cv-05944-SC

iii

1  |  <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2  |  **I.     STATEMENT OF THE ISSUE**

3

4  Whether Plaintiffs lack standing under *Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977), to

5  pursue federal damage claims for indirect purchases of CRT Finished Products from Sanyo

6  Entities.[1]

7  **II.     INTRODUCTION**

8  Plaintiffs lack standing to pursue damage claims under the Sherman Act based on their

9  indirect purchases of CRT Finished Products from Sanyo.  In *Illinois Brick*, the Supreme Court held

10  that only those who purchased the allegedly price-fixed product directly from an alleged price-fixer

11  (*i.e.,* direct purchasers) are entitled to recover damages under federal antitrust laws.

12  Plaintiffs do not allege that any Sanyo Entity participated in the alleged price-fixing

13  conspiracy, and therefore their damage claims fall squarely within the *Illinois Brick* bar.

14  Furthermore, none of the three limited exceptions to *Illinois Brick* apply to the Plaintiffs' purchases

15  from Sanyo.  *First*, Plaintiffs have not alleged nor adduced evidence of pre-existing "cost-plus"

16  contracts with Sanyo.  *Second*, Plaintiffs have not alleged nor adduced evidence of the existence of

17  a price-fixing conspiracy between Defendants and Sanyo.  *Third*, the Panasonic Defendants[2] neither

18  owned nor controlled Sanyo during the alleged conspiracy period.  Thus, under *Illinois Brick*, the

19  Defendants are entitled to summary judgment as to Plaintiffs' direct damage claims based on their

20  CRT Finished Product purchases from Sanyo.

---

[1] Plaintiffs allege purchases from Sanyo North America Corporation, Sanyo Manufacturing Corporation, Sanyo Energy USA Corporation, and/or Sanyo Fisher (USA) Corporation.  These four entities, together with Sanyo Electric Co., Ltd., are hereinafter referred to individually each as a "Sanyo Entity" and, collectively, as "Sanyo" or the "Sanyo Entities."

[2] Panasonic Corporation ("Panasonic Corp."), Panasonic Corporation of North America ("PNA"), and MT Picture Display Co., Ltd. ("MTPD") are herein referred to individually each as a "Panasonic Defendant" and, collectively, as the "Panasonic Defendants."

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE                    MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO      Master No. 3:07-cv-05944-SC

1

III.   STATEMENT OF UNDISPUTED MATERIAL FACTS

A.   Sanyo's Purchases of CRT Tubes and Sales of CRT Finished Products

The conspiracy (and damages) period, as defined by Plaintiffs in each of their complaints, is March 1, 1995 through November 25, 2007 (the "Relevant Period").[3]   During this period, the Plaintiffs[4] subject to this motion were purchasers and retail resellers of CRT Finished Products[5] that purchased CRT Finished Products from certain Sanyo Entities[6] as well as various defendant and

---

[3]  *See* Best Buy 1st Am. Compl., at ¶ 1, Oct. 3, 2013, ECF No. 1978; BrandsMart 1st Am. Compl., at ¶ 1, Oct. 3, 2013, ECF No. 1974; Circuit City 1st Am. Compl., at ¶ 1, Oct. 16, 2013, ECF No. 1972; Costco 1st Am. Compl., at ¶ 1, Oct. 3, 2013, ECF No. 1982; Sears/Kmart 2d Am. Compl., at ¶ 1, Oct. 3, 2013, ECF No. 1973.

[4]  "Plaintiffs" is defined to include the following Direct Action Plaintiffs("DAPs") which per their discovery responses and expert reports have asserted damage claims for purchases from Sanyo, as well as any other plaintiff in this litigation that seeks to recover damages for purchases of CRT Finished Products made from any Sanyo entity:  Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, LLC, and Magnolia Hi-Fi, Inc. ("**Best Buy**"); Interbond Corporation of America, d/b/a BrandsMart USA ("**BrandsMart**"); Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("**Circuit City**"); Costco Wholesale Corporation ("**Costco**"); Sears, Roebuck and Co. & Kmart Corp. ("**Sears/Kmart**").

[5]  *See e.g.* Ex. A to the Declaration of Adam C. Hemlock in Support of Certain Defendants' Motion for Partial Summary Judgment with respect to DAPs' Alleged Direct Damage Claims Based on Purchases from Sanyo, dated Nov. 7, 2014 ( the "Hemlock Decl.") at ¶¶ 10, 37 (Expert Report of Alan Frankel (Best Buy Action) April 15, 2014) (Best Buy purchased CRT Products, not CRTs by themselves and sold CRT televisions and monitors throughout the period at issue in this case).  *See also* Ex. B at ¶¶ 1, 11 (Expert Report of Alan Frankel (BrandsMart Action) April 15, 2014); Ex. C at ¶¶ 10, 37 (Expert Report of Alan Frankel (Circuit City Action) April 15, 2014); Ex. D at ¶¶ 10, 37 (Expert Report of Alan Frankel (Costco Action) April 15, 2014); Ex. E at ¶¶ 3, 12, 39 (Expert Report of Alan Frankel (Sears/Kmart Action) April 15, 2014).  Unless otherwise noted, all exhibits referenced herein refer to the Hemlock Decl.

[6]  Sanyo North America Corporation, Sanyo Manufacturing Corporation, Sanyo Energy USA Corporation, and/or Sanyo Fisher (USA) Corporation.  *See, e.g.*, Ex. A at ¶¶ 35, 37, 39–45, p. 47 (Exhibit 7), p. 50 (Exhibit 9a), p. 57 (Exhibit 15) (Expert Report of Alan Frankel (Best Buy Action) April 15, 2014) (categorizing purchases, incl. from Sanyo); Ex. B at ¶¶ 36, 33–42, p. 46 (Exhibit 7), p. 49 (Exhibit 9a), p. 56 (Exhibit 15) (Expert Report of Alan Frankel (BrandsMart Action) April 15, 2014) (same); Ex. C at ¶¶ 35, 37, 32–45, p. 47 (Exhibit 7), p. 50 (Exhibit 15) (Expert Report of Alan Frankel (Circuit City Action) April 15, 2014) (same); Ex. D at p. 47 (Exhibit 7), p. 50 (Exhibit 9a), p. 57 (Exhibit 15) (Expert Report of Alan Frankel (Costco Action) April 15, 2014) (same); Ex. F at pp. 10–11 (Plaintiffs Sears, Roebuck and Co. & Kmart Corp.'s Objections and Responses to Panasonic Corp. and LG Electronics, Inc.'s First Interrogatories, December 31, 2013).

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE      MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO      Master No. 3:07-cv-05944-SC

2

non-defendant manufacturers and distributors.  Plaintiffs did not purchase CRT tubes, *i.e.*, the allegedly price-fixed product, from Sanyo (or from anyone else).[7]

With respect to the purchases underlying the damage claims at issue in this motion, Sanyo was the sole direct purchaser of the allegedly price-fixed CRT tubes.  Sanyo was not a participant in the alleged price-fixing conspiracy; Plaintiffs have not pleaded and do not contend otherwise.[8]

**B.    Sanyo and Its Relationship with Panasonic Defendants**

During the Relevant Period

During the Relevant Period:

- no Panasonic Defendant held an ownership interest in any Sanyo Entity;[9]

- no officer or director of any Panasonic Defendant served as an officer or director of any Sanyo Entity;[10]

- no Panasonic Defendant was party to any loan or trust agreement with any Sanyo Entity;[11]

---

[7] *See* Plaintiffs' Expert Reports *supra* note 5, stating that Plaintiffs did not purchase "CRTs by themselves."

[8] No Sanyo entity is a named defendant, nor an alleged co-conspirator or agent of same, in any of Plaintiffs' complaints.  *See, e.g.*, Best Buy 1st Am. Compl., at ¶¶ 25–59, 60–78, Oct. 3, 2013, ECF No. 1978; BrandsMart 1st Am. Compl., at ¶¶ 19–62, 63–71, Oct. 3 2013, ECF No. 1974; Circuit City 1st Am. Compl., at ¶¶ 23–69, 70–78, ECF No. 1972; Costco 1st Am. Compl., at ¶¶ 17–59, 60–64, ECF No. 1982; Sears/Kmart 2d Am. Compl., at ¶¶ 20–66, 67–75, ECF No. 1973.  Plaintiffs' discovery responses further demonstrate that Plaintiffs do not contend, and have presented no facts, that Sanyo was a participant in the alleged price-fixing conspiracy.

[9] *See* Declaration of Shinichi Miyoshi re Panasonic Corporation In Support of Certain Defendants' Motion for Partial Summary Judgment with respect to DAPs' Alleged Direct Damage Claims Based on Purchases from Sanyo, dated Nov. 6, 2014 (the "Miyoshi PC Decl."), at ¶ 3; Declaration of Robert S. Marin re Panasonic Corporation of North America In Support of Certain Defendants' Motion for Partial Summary Judgment with respect to DAPs' Alleged Direct Damage Claims Based on Purchases from Sanyo, dated Nov. 6, 2014 (the "Marin PNA Decl."), at ¶ 3; Declaration of Shinichi Miyoshi re MT Picture Display Co., Ltd. In Support of Certain Defendants' Motion for Partial Summary Judgment with respect to DAPs' Alleged Direct Damage Claims Based on Purchases from Sanyo, dated Nov. 6, 2014 (the "Miyoshi MTPD Decl."), at ¶ 4; *see also* Ex. G at 12:9–13 (Rule 30(b)(6) Dep. Tr. of Panasonic) (Robert Nowicki) ("Q: [W]hen did any Panasonic entity first acquire any shares of Sanyo Electric Company, Limited?  A: December 21st, 2009.")

[10] *See* Miyoshi PC Decl. at ¶ 4; Marin PNA Decl. at ¶ 4; Miyoshi MTPD Decl. at ¶ 5.

[11] *See* Miyoshi PC Decl. at ¶ 5; Marin PNA Decl. at ¶ 5; Miyoshi MTPD Decl. at ¶ 6.

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE                      MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO     Master No. 3:07-cv-05944-SC

3

- no Panasonic Defendant exercised any control over any practice or policy of any Sanyo Entity, including with respect to the pricing or sales of CRT finished products (or otherwise).[12]

Beyond the Relevant Period

Initial complaints in this litigation were filed in November 2007.[13]  Investigations by domestic and international antitrust authorities into a possible CRT price-fixing conspiracy were made public in November 2007.[14]  No Sanyo entity is a named defendant or an alleged agent or co-conspirator in this MDL.[15]  Other CRT Finished Product manufacturers were similarly situated to Sanyo during the Relevant Period.  Some have joined in recovery from the DPP class settlement.[16]  One such manufacturer, Sharp,[17] has filed suit against Defendants.[18]   Sharp has stated that it was

---

[12] *See* Miyoshi PC Decl. at ¶ 6; Marin PNA Decl. at ¶ 6; Miyoshi MTPD Decl. at ¶ 7.

[13] *See, e.g.*, Class Action Compl., Nov. 26, 2007, ECF No. 1.

[14] *See, e.g.*, Costco 1st Am. Compl., at ¶ 170, ECF No. 1982 (noting that "investigations by the United States and other antitrust authorities" into a possible CRT price-fixing conspiracy "became widely reported" in November 2007); *see also* Electrograph 2d Am. Compl., at ¶¶ 176–82, Oct. 3, 2013, ECF No. 1976; CompuCom 1st Am. Compl., at ¶ 162, Oct. 3, 2013, ECF No. 1975; P.C. Richard 1st Am. Compl., at ¶ 168, Oct. 3, 2013, ECF No. 1979; Tweeter 1st Am. Compl., at ¶ 166, Oct. 3, 2013, ECF No. 1980; Sharp 2d Am. Compl. at ¶¶ 126–32, June 13, 2014, ECF No. 2621.

[15] *See supra* note 8.

[16] For example, companies such as Sony, Dell, IBM and HP.  *See* Direct Purchaser Plaintiffs' Consolidated Am. Compl., at ¶ 85, Mar. 16, 2009, ECF No. 436 (defining the DPP Class as "[a]ll persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any defendant or any subsidiary or affiliate thereof, or any co-conspirator.  Excluded from the Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.").

[17] *See* Ex. H at 178:17–22 (30(b)(6) Dep. Tr. of Panasonic Defs.) (Tatsuo Tobinaga) ("Q. Well, did you -- did MTPD sell tubes to any entity that was not owned or controlled by Panasonic?  A. Yes, it has.  Q. Who?  A. For example, Sharp and Sanyo and major television manufacturers . . .").

[18] *See* Sharp Elec. Corp. and Sharp Elec. Mfg. Co. of Am, Inc.'s Admin. Mot. to Confirm Its Opt-Out Request or, in the Alternative, Enlarge Time for Sharp to Opt Out of Class Settlements, July 23, 2014, ECF No. 2698; Sharp Compl., March 15, 2013, ECF No. 1604-2; Sharp 1st Am. Compl., October 28, 2013, ECF No. 2030-3; Sharp 2d Am. Compl., June 13, 2014, ECF No. 2621.

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE    MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO    Master No. 3:07-cv-05944-SC

4

1

[REDACTED][19]

2

3        On December 21, 2009, which is over two years after the initial complaints were filed in

4   this case, Panasonic Corp. acquired a 50.2% ownership interest in Sanyo Electric Co., Ltd.[20]  Prior

5   to December 2009, no Panasonic Defendant owned any interest in any Sanyo entity.[21]

6        In 2011, Panasonic Corp. acquired the remaining 49.8% interest in Sanyo Electric Co.,

7   Ltd.[22]

8

9   **IV.    STANDARD OF REVIEW**

10       "The court shall grant summary judgment if the movant shows that there is no genuine

11  dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

12  Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  "Where the non-

13  moving party bears the burden of proof at trial, the moving party need only prove that there is an

14  absence of evidence to support the non-moving party's case."  *In re Oracle Corp. Sec. Litig.*, 627 F.

15  3d 376, 387 (9th Cir. 2010).

16       Standing is a question of law for the court — not the jury — to decide, and where the facts

17  are undisputed or do not create a genuine issue of material fact, the court must decide on summary

18

19

20

21  [19] *See* Ex. I at pp. 13-14 (Plaintiffs Sharp Electronics Corp. and Sharp Electronics Manufacturing
    Company of America, Inc.'s Responses and Objections to Defendants Panasonic Corp. and LG
22  Electronics, Inc.'s First Set of Interrogatories, July 22, 2013).

23  [20] *See* Ex. G at 12:9-20 (30(b)(6) Dep. Tr. of Panasonic) (Robert Nowicki) ("Q.  [W]hen did any
    Panasonic entity first acquire any shares of Sanyo Electric Company, Limited?  A. December 21st,
24  2009.  Q. And which entity acquired those shares?  A: Panasonic Corporation.  Q. And what
    percentage of the shares did it acquire?  A. It acquired a 50.2 percent stake in Sanyo Electric
25  Company, Limited."); *see also* Miyoshi PC Decl. at ¶ 7.

26  [21] *Id.  See also* Miyoshi PC Decl. at ¶ 3; Marin PNA Decl. at ¶ 3; Miyoshi MTPD Decl. at ¶ 4.

27  [22] *See* Ex. G at 12:21-25 (30(b)(6) Dep. Tr. of Panasonic) (Robert Nowicki) ("Q.  And has that
    stake changed between December 21st and the present?  A.  Since 2011 Panasonic Corporation has
28  owned 100 percent of Sanyo Electric Co., Limited.").

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE          MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO     Master No. 3:07-cv-05944-SC

5

judgment.  *See, e.g., In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 747–48 (9th Cir. 2012).  The

facts on this motion are undisputed.

**V.   ARGUMENT**

> **A.   Plaintiffs are Barred from Pursuing Damage Claims Based on CRT Finished**
> **Products Purchases from Sanyo Under *Illinois Brick***

In *Illinois Brick*, the Supreme Court held that only direct purchasers of the allegedly price-

fixed product are entitled to sue for damages under federal antitrust laws.  *Illinois Brick*, 431 U.S. at

729; *Delaware Valley Surgical Supply Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1120–21 (9th

Cir. 2008).  Plaintiffs' purchases from Sanyo were of CRT Finished Products (televisions and

computer monitors) as opposed to CRT tubes,[23] and therefore Plaintiffs are indirect purchasers.  *See*

Order Adopting in Part & Modifying in Part Special Master's Report and Recommendation on

Defendants' Motion to Dismiss DAP's Complaints, at 2, Aug. 21, 2013, ECF No. 1856 ("The

DAPs, despite their moniker, are classified as indirect purchasers under antitrust law—not direct

purchasers").  Plaintiffs have admitted that they are indirect purchasers.  *See* DAPs' Objections to

Special Master's Report & Recommendation Regarding Defendants' Motion for Partial Summary

Judgment, at 2, July 24, 2012, ECF No. 1273 ("The Ninth Circuit has agreed . . . that Plaintiffs

[DAPs] are indirect purchasers.")

Plaintiffs cannot overcome *Illinois Brick* and establish standing for damage claims based

upon their purchases from Sanyo unless they fall within one of three very limited exceptions to

*Illinois Brick*'s bar against indirect purchaser standing.  *Kansas v. Utilicorp United, Inc.*, 497 U.S.

199, 216–17 (1990); *Burkhalter Travel Agency v. MacFarms Int'l, Inc.*, 141 F.R.D. 144, 148 (N.D.

Cal. 1991) ("The Supreme Court has made it clear that these are very limited exceptions."); *see also*

*Jewish Hosp. Ass'n of Louisville, Ky., Inc. v. Stewart Mech. Enters., Inc.*, 628 F.2d 971, 975 (6th

Cir. 1980) ("Mindful of the *Illinois Brick* Court's emphasis upon the narrow scope of exemptions to

---

[23] *See supra* Statement of Undisputed Material Facts § III.A.

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE                    MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO      Master No. 3:07-cv-05944-SC

6

the indirect-purchaser rule . . .").  Only in the following limited circumstances have courts found

such an exception and allowed indirect purchaser suits:

(1) where a pre-existing "cost-plus" contract between the direct purchaser and the indirect

purchaser exists, *see Illinois Brick,* 431 U.S. at 736*; UtiliCorp.,* 497 U.S. at 217–18 (the

"cost-plus" exception);

(2) where the indirect purchaser can establish that the direct purchaser was a participant in the

price-fixing conspiracy, and conspired horizontally or vertically to fix the price paid by the

plaintiff, *see Arizona v. Shamrock Foods Co.*, 729 F.2d 1208, 1211 (9th Cir. 1984) (the "co-

conspirator" exception); and/or

(3) where an alleged co-conspirator owns or controls the direct purchaser, or the direct

purchaser owns or controls a conspirator (the "ownership or control" exception).  *In re ATM*

*Fee,* 686 F.3d at 750–58; *Freeman v. San Diego Ass'n of Realtors*, 322 F. 3d 1133, 1145–46

(9th Cir. 2003).

None of these exceptions applies here.

> **B.** **No Exception to *Illinois Brick*'s "Direct Purchaser" Rule Applies**

> > **1.** **Plaintiffs Did Not Have Pre-Existing "Cost-Plus" Contracts with Sanyo and Sanyo Did Not Participate in the Alleged Price-Fixing Conspiracy**

Neither of the first two exceptions to *Illinois Brick*'s bar against indirect purchaser standing

applies here as a matter of law.  This Court has previously held that Plaintiffs are barred from

proceeding under the "cost-plus" and "co-conspirator" exceptions.  *See* Order Adopting in Part &

Modifying in Part Special Master's Report and Recommendation on Defendants' Motion to

Dismiss DAPs' Complaints, at 5, ECF No. 1856 (dismissing Plaintiffs' complaints to the extent

they seek to proceed under the "cost-plus" and co-conspirator exceptions to *Illinois Brick*:

"Defendants' motion [to dismiss] is GRANTED to the extent that it challenges the DAPs' right to

proceed under the cost-plus or co-conspirator exceptions to *Illinois Brick* . . .").

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE          MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO     Master No. 3:07-cv-05944-SC

7

Furthermore, Plaintiffs do not seek to proceed under either of these exceptions. Plaintiffs have not alleged that they had preexisting "cost-plus" contracts with any of the defendants. *See, e.g.*, Report and Recommendations Regarding Defendants' Motion to Dismiss DAPs' Complaints, at 5, May 2, 2013, ECF No. 1664 ("direct action plaintiffs do not allege that they had a preexisting cost-plus contract with any of the defendants"), *adopted on this point by* Order Adopting in Part Report and Recommendation on Defendants' Motion to Dismiss DAPs' Complaints, at 5, ECF No. 1856. Where a plaintiff does not contend that a pre-existing "cost-plus" contract exists, the "cost-plus" exception does not apply. *See, e.g.*, *In re ATM Fee*, 686 F.3d at 750 (finding that the cost-plus exception is inapplicable where plaintiffs do not contend that they had a pre-existing "cost-plus" contract with defendants).

Plaintiffs also do not allege that any Sanyo entity was a participant in the alleged price-fixing conspiracy. *See supra* Statement of Undisputed Material Facts § III.A. Where a plaintiff does not plead a horizontal or vertical conspiracy, and does not allege facts in support of such allegation, summary judgment on the non-application of the co-conspirator exception is appropriate. *See Jewish Hosp. Ass'n* 628 F.2d at 977 (finding that allegations of direct purchaser's participation in illegality, raised after defendants had moved for summary judgment, were "a transparent attempt to evade the rule of *Illinois Brick*" as "the Hospital ha[d] never pleaded the existence of a vertical conspiracy nor alleged facts sufficient to sustain such an allegation"). It is further evident from Plaintiffs' later representations that they are not attempting to satisfy the "co-conspirator" exception. *See* DAPs' Objections to the Special Master's Report and Recommendation Regarding Defendants' Motion for Partial Summary Judgment, at 9 n.4, ECF No. 1273 (conceding that the Ninth Circuit held in *In re ATM* that "where a plaintiff does not pay the price-fixed fee directly, the co-conspirator exception to *Illinois Brick* . . . does not apply and the plaintiff remains an indirect purchaser without standing" (citation omitted)).

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE                    MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO        Master No. 3:07-cv-05944-SC

8

### 2.   The Panasonic Defendants Did Not Own or Control Sanyo During the Relevant Period

Defendants anticipate that Plaintiffs will attempt to rely on the "ownership or control" exception to *Illinois Brick* for their direct damage claims based upon their indirect purchases from Sanyo.  However, the "ownership or control" exception is not applicable here either because the Panasonic Defendants did not own or control Sanyo during the Relevant Period.  Under every factor courts consider in determining the existence of either "ownership" or "control" under this exception, it is clear that Sanyo was neither owned nor controlled by Panasonic Defendants during the Relevant Period.

*First*, Panasonic Defendants did not "own" Sanyo between 1995 and 2007, when the purchases of CRT Finished Products upon which Plaintiffs base these claims occurred.  At no point during the Relevant Period did any Panasonic Defendant hold an ownership interest in any Sanyo entity.[24]  Courts have found that "ownership" exists where: (i) there was a parent-subsidiary relationship between the alleged price fixer and direct purchaser; (ii) there was a parent-division relationship between these entities; or (iii) one entity held a majority-stock ownership in the other. *See, e.g.*, *Freeman,* 322 F.3d at 1146 (finding both ownership and control where direct purchaser was a subsidiary of co-conspirator); *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323, 326 (9th Cir. 1980) (stating that ownership and control exists where direct purchaser is a subsidiary or division of co-conspirator).

However, in such cases, the corporate relationship existed at the time of the relevant purchases/sales.  *See, e.g.*, *Freeman,* 322 F.3d at 1146; *Royal Printing*, 621 F.2d at 324–25.  In fact, evidence of ownership or control *during the relevant period* is "critical" to whether the "ownership or control" exception applies to the *Illinois Brick* rule.  *See, e.g.*, *In re Mercedes-Benz Antitrust Litig.*, 225 F.R.D. 498, 503, 506–07 (D.N.J. 2005) (declining to exclude affidavit, submitted in

---

[24] *See supra* Statement of Undisputed Material Facts § III.B.

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE                    MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO          Master No. 3:07-cv-05944-SC

9

support of defendants' motion for partial summary judgment, detailing that "at no time *during the class period* did MBNA hold or control any stock of MBCC . . .") (emphasis added).  Here, during the Relevant Period, Panasonic Defendants owned no stock (or other ownership interest) in Sanyo. *See supra* Statement of Undisputed Material Facts § III.B.

*Second*, Panasonic Defendants did not "control" Sanyo during the Relevant Period. "Control" requires the "'exercise [of] restraint or direction over; [to] dominate, regulate, or command,' or to have 'the power or authority to guide or manage.'"  *In re ATM Fee*, 686 F.3d at 757 (citation omitted) (internal quotation marks omitted).  In determining whether control is present under this exception to *Illinois Brick*, courts consider the following factors:

- interlocking directorates,

- minority stock ownership,

- loan agreements that subject wholesalers to the manufacturers' operating control,

- trust agreements,

- or other modes of control separate from ownership of a majority of the wholesalers' common stock.

*See Sun Microsystems, Inc. v. Hynix Semiconductor Inc.*, 608 F. Supp. 2d 1166, 1180 (N.D. Cal 2009); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 605–06 (7th Cir. 1997); *Jewish Hosp. Ass'n*, 628 F.2d at 975; *cf. Gould v. Ruefenacht*, 471 U.S. 701, 705 (1985).

Each of the factors, as applied to the facts here, demonstrates that Plaintiffs are true indirect purchasers:

Interlocking Directorates:  During the Relevant Period, no officer or director of any Panasonic Defendant served as an officer or director of Sanyo;

Minority Stock Ownership:  During the Relevant Period, no Panasonic Defendant held any ownership interest in Sanyo;

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE                    MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO      Master No. 3:07-cv-05944-SC

10

1

Loan Agreements that Subject Wholesalers to the Manufacturers' Operating Control or Trust

2

Agreements:  During the Relevant Period, no Panasonic Defendant was party to any loan or

3

trust agreement with Sanyo;

4

Other Modes of Control (Separate from Majority Stock Ownership):  There is no evidence in

5

the record that any Panasonic Defendant exercised any other mode of relevant control over

6

Sanyo during the Relevant Period.

7

*See supra* Statement of Undisputed Material Facts § III.B.

8

9

            Fundamentally, the "ownership or control" exception to the *Illinois Brick* bar against

10

indirect purchaser standing is limited to corporate relationships involving "such functional

11

economic or other unity between the direct purchaser and either the defendant or the indirect

12

purchaser *that there effectively has been only one sale.*"  *Sun Microsystems, Inc.*, 608 F. Supp. 2d at

13

1180–82 (emphasis added); *see also In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 12-3802,

14

2013 U.S. Dist. LEXIS 39606, at *49–50 (N.D. Cal. Mar. 20, 2013) (holding that "[t]he ownership

15

and control exception to the *Illinois Brick* bar against standing for indirect purchasers encompasses

16

relationships involving 'such functional economic or other unity between the direct purchaser and

17

either the defendant or the indirect purchaser, that there effectively has been only one sale'" and

18

19

granting motion to dismiss indirect purchaser's Sherman Act claims under *Illinois Brick*);  *P.C.*

20

*Richard & Son Long Island Corp. v. AU Optronics Corp.* (*In re TFT-LCD (Flat Panel) Antitrust*

21

*Litig.*), No. 11-4119, 2014 U.S. Dist. LEXIS 125356, at *79–80 (N.D. Cal. Sept. 4, 2014) (citing

22

functional economic unity and "one sale" language and limiting suit, at summary judgment, to

23

24

direct purchaser); *Jewish Hosp. Ass'n*, 628 F.2d at 975 (affirming grant of summary judgment

25

barring indirect purchaser's suit where plaintiff sought to proceed under the "ownership or control"

26

exception to *Illinois Brick* but had not alleged a functional economic unity at the time of the

27

transactions and neither of its theories suggests that market forces were superseded).  During the

28

time of the relevant sales here, no "functional economic unity" existed.  Plaintiffs do not, and

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE                    MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO      Master No. 3:07-cv-05944-SC

11

1    cannot, argue that any economic unity existed until more than two years after the relevant

2    transactions.

3         *Finally*, any attempt to argue that the ownership or control exception applies because of

4    Panasonic Corporations' current ownership of Sanyo Electric Co., Ltd. is misguided.  For there to

5    have been "one sale" (passing from an alleged co-conspirator to the indirect purchaser) the direct

6    purchaser must have been owned or controlled by the alleged co-conspirator *during the conspiracy*

7    *period*.  *See Freeman*, 322 F. 3d at 1142-46 (direct purchaser was owned or controlled by the

8    associations at the time of the purchases for which plaintiff sought antitrust damages claims); *In re*

9    *Mercedes-Benz Antitrust Litig.*, 225 F.R.D. at 506–07 (tying the relevant time-period for ownership

10   or control to the class period).  Moreover, the absence of litigation between the Panasonic

11   Defendants and Sanyo proves nothing.  As *In re ATM Fee* makes clear, the absence of likelihood

12   that the direct purchaser will sue is not a separate exception to the *Illinois Brick* rule, and does not

13   apply in situations where no "ownership or control" relationship existed at the time of the relevant

14   transactions.  *In re ATM*, 686 F.3d at 749, 756–58; s*ee also In re TFT-LCD*, No. 11-0058, 2012 WL

15   7062366, at *6 (N.D. Cal. Dec. 26, 2012) (deeming evidence that direct purchaser was unlikely to

16   sue any conspirator, without more, insufficient as a matter of law); *In re Microsoft*, 127 F. Supp. 2d

17   702, 713 n.7 (D. Md. Jan. 12, 2001) (noting that it is "well established that the fact that direct

18   purchasers may choose not to institute antitrust actions of their own does not establish an exception

19   to the *Illinois Brick* rule").  Panasonic's acquisition of an ownership interest in Sanyo Electric Co.,

20   Ltd. occurred years after the end of the alleged conspiracy period and years after suits were filed in

21   this MDL.  Sharp, another manufacturer similarly situated to Sanyo during the Relevant Period,

22   sought to opt-out of the DPP settlement and subsequently filed its own suit in this MDL—and

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE          MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO    Master No. 3:07-cv-05944-SC

12

█████████████████████████████████████████

███████████████ ████[25]

Allowing Plaintiffs' claims to go forward based upon an ownership interest created years after the end of the alleged conspiracy period (and years after relevant facts were public and initial complaints were filed) would expand the "ownership or control" exception far beyond existing Supreme Court and Ninth Circuit precedent.  Moreover, such a finding would be inconsistent with the economic principles the Supreme Court expressly stated underpins the "ownership or control" exception—that it is applicable only when market forces governing the relevant economic transactions were superseded (due to the ownership or control relationship between the co-conspirator and the direct purchaser).  *Illinois Brick*, 431 U.S. at 736 & n.16 (stating that "where the direct purchaser is owned or controlled by its customer" is a "situation in which market forces have been superseded"—one that would "circumvent complex market interactions as would a cost-plus contract").

With respect to Plaintiffs' claims based on purchases from Sanyo, Plaintiffs are true indirect purchasers because at the time of those purchases Sanyo and Panasonic were separate, independently owned and managed entities that did not own or exercise control over one another.

## VI.    CONCLUSION

For all of the foregoing reasons, the Court should grant summary judgment to defendants as to Plaintiffs' federal antitrust claims because Plaintiffs lack antitrust standing to assert such claims based on their purchases of CRT Finished Products from Sanyo.

Dated:    November 7, 2014                    By:_____/s/ Adam C. Hemlock_____
                                             DAVID L. YOHAI *(pro hac vice)*
                                             E-mail: david.yohai@weil.com

---

[25] *See supra* Statement of Undisputed Material Facts § III.B.  It bears noting that Sanyo is not the only CRT Finished Product manufacturer that did not file suit in this litigation (*e.g.*, others such as Sony, HP, Dell, and IBM did not).

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE                    MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO    Master No. 3:07-cv-05944-SC

13

ADAM C. HEMLOCK *(pro hac vice)*
E-mail: adam.hemlock@weil.com
DAVID E. YOLKUT *(pro hac vice)*
E-mail: david.yolkut@weil.com
LARA E. VEBLEN TRAGER *(pro hac vice)*
E-mail:  lara.trager@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:     (212) 310-8000
Facsimile:     (212) 310-8007

BAMBO OBARO (267683)
E-mail: bambo.obaro@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone:     (650) 802-3000
Facsimile:     (650) 802-3100

JEFFREY L. KESSLER *(pro hac vice)*
E-mail:  jkessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
E-mail: pvictor@winston.com
EVA W. COLE *(pro hac vice)*
E-mail: ewcole@winston.com
MOLLY M. DONOVAN *(pro hac vice)*
E-mail:  mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone:     (212) 294-6700
Facsimile:     (212) 294-7400

***Attorneys for Defendants Panasonic Corporation of
North America, MT Picture Display Co., Ltd., and
Panasonic Corporation (f/k/a Matsushita Electric
Industrial Co., Ltd.)***

By: /s/ *Lucius B. Lau*
CHRISTOPHER M. CURRAN *(pro hac vice)*
Email: ccurran@whitecase.com
LUCIUS B. LAU *(pro hac vice)*
Email: alau@whitecase.com
DANA E. FOSTER *(pro hac vice)*
Email: defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE        MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO        Master No. 3:07-cv-05944-SC

14

1    Washington, DC  20005
     Telephone: (202) 626-3600
2    Facsimile: (202) 639-9355

3    *Attorneys for Defendants Toshiba Corporation,*
     *Toshiba America, Inc., Toshiba America*
4    *Information Systems, Inc., Toshiba America*
     *Consumer Products, L.L.C., and Toshiba America*
5    *Electronic Components, Inc.*

6

7    By: */s/ John M. Taladay*
     JOHN M. TALADAY (*pro hac vice*)
8    john.taladay@bakerbotts.com
     JOSEPH OSTOYICH (*pro hac vice*)
9    joseph.ostoyich@bakerbotts.com
     ERIK T. KOONS (*pro hac vice*)
10   erik.koons@bakerbotts.com
     CHARLES M. MALAISE (*pro hac vice*)
11   charles.malaise@bakerbotts.com
     **BAKER BOTTS LLP**
12   1299 Pennsylvania Ave., N.W.
     Washington, DC 20004-2400
13   Telephone: (202) 639-7700
     Facsimile: (202) 639-7890
14
     JON V. SWENSON (SBN 233054)
15   jon.swenson@bakerbotts.com
     **BAKER BOTTS LLP**
16   1001 Page Mill Road
     Building One, Suite 200
17   Palo Alto, CA 94304
     Telephone: (650) 739-7500
18   Facsimile: (650) 739-7699
     E-mail: jon.swenson@bakerbotts.com
19

20   *Attorneys for Defendants Koninklijke Philips N.V.*
     *and Philips Electronics North America Corporation*
21

22
     By: */s/ Hojoon Hwang*
23   JEROME C. ROTH (State Bar No. 159483)
     jerome.roth@mto.com
24   HOJOON HWANG (State Bar No. 184950)
     hojoon.hwang@mto.com
25   MIRIAM KIM (State Bar No. 238230)
     miriam.kim@mto.com
26   **MUNGER, TOLLES & OLSON LLP**
     560 Mission Street, Twenty-Seventh Floor
27   San Francisco, California 94105-2907
     Telephone: (415) 512-4000
28

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE          MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO      Master No. 3:07-cv-05944-SC

15

1

Facsimile: (415) 512-4077

2

WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com

3

**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor

4

Los Angeles, CA 90071-1560
Telephone: (213) 683-9100

5

Facsimile: (213) 687-3702

6

*Attorneys for Defendants LG Electronics, Inc.; LG*

7

*Electronics USA, Inc.; and LG Electronics Taiwan*
*Taipei Co., Ltd.*

8

9

By: */s/ Eliot A. Adelson*

10

ELIOT A. ADELSON (SBN 205284)
JAMES MAXWELL COOPER (SBN 284054)

11

**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor

12

San Francisco, California 94104
Tel: (415) 439-1400

13

Facsimile: (415) 439-1500
E-mail: eadelson@kirkland.com

14

E-mail: max.cooper@kirkland.com

15

JAMES H. MUTCHNIK, P.C. (*pro hac vice*)

16

KATE WHEATON (*pro hac vice*)
**KIRKLAND & ELLIS LLP**

17

300 North LaSalle
Chicago, Illinois 60654

18

Tel: (312) 862-2000
Facsimile: (312) 862-2200

19

20

*Attorneys for Defendants Hitachi, Ltd., Hitachi*

21

*Displays, Ltd. (n/k/a Japan Display, Inc.), Hitachi*
*Asia, Ltd., Hitachi America, Ltd., and Hitachi*

22

*Electronic Devices (USA), Inc.*

23

By: */s/ Gary L. Halling*

24

GARY L. HALLING (SBN 66087)
Email: ghalling@sheppardmullin.com

25

JAMES L. MCGINNIS (SBN 95788)
Email: jmcginnis@sheppardmullin.com

26

MICHAEL W. SCARBOROUGH, (SBN 203524)
Email: mscarborough@sheppardmullin.com

27

**SHEPPARD MULLIN RICHTER & HAMPTON**
Four Embarcadero Center, 17th Floor

28

San Francisco, CA 94111

---

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE        MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO        Master No. 3:07-cv-05944-SC

Telephone:  (415) 434-9100
Facsimile:  (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

By: /s/ *Kathy L. Osborn*
KATHY L. OSBORN *(pro hac vice)*
Email: kathy.osborn@FaegreBD.com
RYAN M. HURLEY *(pro hac vice)*
Email: ryan.hurley@FaegreBD.com
**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

JEFFREY S. ROBERTS *(pro hac vice)*
Email: jeff.roberts@FaegreBD.com
**FAEGRE BAKER DANIELS LLP**
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

STEPHEN M. JUDGE *(pro hac vice)*
Email: steve.judge@FaegreBd.com
**FAEGRE BAKER DANIELS LLP**
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

By: /s/ *Terrence J. Truax*
Terrence J. Truax *(pro hac vice)*
Email: ttruax@jenner.com
Michael T. Brody *(pro hac vice)*
Email: mbrody@jenner.com
**JENNER & BLOCK LLP**

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE                    MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO        Master No. 3:07-cv-05944-SC

17

353 North Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

BRENT CASLIN (Cal. Bar. No. 198682)
Email: bcaslin@jenner.com
**JENNER & BLOCK LLP**
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

*Attorneys for Defendants Mitsubishi Electric*
*Corporation, Mitsubishi Electric US, Inc. and,*
*Mitsubishi Electric Visual Solutions America, Inc.*

By:   /s/ Michael Lacovara
Michael Lacovara (209279)
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone: 212 277 4000
Facsimile: 212 277 4001
Email: michael.lacovara@freshfields.com

Terry Calvani (53260)
Richard Snyder (*pro hac vice*)
Christine Laciak (*pro hac vice*)
Freshfields Bruckhaus Deringer US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Telephone: 202 777 4500
Email: terry.calvani@freshfields.com
Email: richard.snyder@freshfields.com
Email: christine.laciak@freshfields.com

*Attorneys for Defendant Beijing Matsushita Color*
*CRT Co., Ltd.*

Pursuant to General Order, § X-B, the filer attests that concurrence in the filing of this

document has been obtained from each of the above signatories.

[REDACTED] MEMO OF POINTS AND AUTHORITIES ISO MOT. FOR SUMM. J. RE          MDL No. 1917
DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO     Master No. 3:07-cv-05944-SC

18