DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
LARA E. VEBLEN TRAGER (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: adam.hemlock@weil.com

BAMBO OBARO (267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: bambo.obaro@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400
E-mail: jkessler@winston.com

*Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No.: 3:07-cv-05944 SC<br>MDL No. 1917<br>Judge: Hon. Samuel Conti |
| This Document Relates to:<br><br>ALL ACTIONS | **DECLARATION OF ROBERT S. MARIN RE PANASONIC CORPORATION OF NORTH AMERICA IN SUPPORT OF CERTAIN DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO** |

I, Robert S. Marin, declare under penalty of perjury that:

1. I am employed by Defendant Panasonic Corporation of North America (hereinafter, "PNA") as Vice President and General Counsel of PNA. I am an adult over eighteen (18) years of age, and the statements in this Declaration are made on my own personal knowledge of the records available to me and my general knowledge of the business practices of PNA.

2. Defendant PNA is a Delaware corporation with its principal place of business located at Two Riverfront Plaza, Newark, New Jersey, 07102. PNA is a wholly-owned subsidiary of Defendant Panasonic Corporation f/k/a Matsushita Electric Industrial Co. Ltd.

3. During the period March 1, 1995 through November 25, 2007 (the "Relevant Period"), and from the start of the Relevant Period until December 21, 2009, PNA did not hold an ownership interest in Sanyo North America Corporation, Sanyo Manufacturing Corporation, Sanyo Energy USA Corporation, Sanyo Fisher (USA) Corporation, or Sanyo Electric Co., Ltd. (individually, each a "Sanyo Entity" and collectively the "Sanyo Entities").

4. From the start of the Relevant Period until December 21, 2009, no officer or director of PNA served as an officer or director of any Sanyo Entity.

5. From the start of the Relevant Period until December 21, 2009, PNA was not a party to any loan or trust agreement with any Sanyo Entity.

6. From the start of the Relevant Period until December 21, 2009, PNA did not exercise any control over any practice or policy of any Sanyo Entity, including with respect to pricing of CRT finished products or otherwise.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at NEWARK NJ on November 6, 2014.

By: _____
Robert S. Marin