1    JEROME C. ROTH (State Bar No. 159483)
     jerome.roth@mto.com
2    HOJOON HWANG (State Bar No. 184950)
     hojoon.hwang@mto.com
3    MIRIAM KIM (State Bar No. 238230)
     miriam.kim@mto.com
4    MUNGER, TOLLES & OLSON LLP
     560 Mission Street
5    Twenty-Seventh Floor
     San Francisco, California 94105-2907
6    Telephone:     (415) 512-4000
     Facsimile:     (415) 512-4077
7
     WILLIAM D. TEMKO (State Bar No. 98858)
8    william.temko@mto.com
     MUNGER, TOLLES & OLSON LLP
9    355 South Grand Avenue
     Thirty-Fifth Floor
10   Los Angeles, CA 90071-1560
     Telephone:     (213) 683-9100
11   Facsimile:     (213) 687-3702

12   *Attorneys for Defendants LG Electronics, Inc.*
     *and LG Electronics U.S.A., Inc.*
13
     *Additional Moving Defendants and Counsel*
14   *Listed on Signature Pages*

15                   UNITED STATES DISTRICT COURT

16       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

17

| | |
|---|---|
| This Document Relates to: | Case No. Master File No. 3:07-cv-05944-SC |
| *Office Depot, Inc. v. Hitachi, Ltd., et al.*, Individual Case No. 11-cv-06276 | MDL NO. 1917 |
| | Individual Case no. 11-cv-06276 |
| | **DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT ON CHOICE OF LAW GROUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | [[Proposed] Order filed concurrently herewith] |
| | Judge:   Hon. Samuel Conti |
| | Date:    February 6, 2015 |
| | Time:    10:00 a.m. |
| | Ctrm:    1, 17th Floor |

1  **NOTICE OF MOTION AND JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT**

2  TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

3  PLEASE TAKE NOTICE that on February 6, 2015 at 10:00 a.m., or as soon as counsel

4  may be heard thereafter, in Courtroom 1, 17th Floor, San Francisco, California before the

5  Honorable Samuel Conti, the undersigned defendants will move the Court, pursuant to Federal

6  Rule of Civil Procedure 56, for partial summary judgment.

7  For the reasons explained in the accompanying Memorandum of Points and Authorities,

8  the undersigned defendants are entitled to summary judgment with respect to certain state law

9  claims of Plaintiff Office Depot, Inc. ("Office Depot").  *First*, the undisputed facts and record

10  show that as to the purchases by Office Max, a company acquired by Office Depot in 2013, the

11  alleged antitrust injuries took place in Ohio through 2003 and thus Ohio law should apply to

12  claims related to these alleged injuries.  *Second*, the undisputed facts and record show that as to

13  the remaining purchases at issue in Office Depot's claims, the alleged antitrust injuries took place

14  in Florida and thus Florida law should apply.  Specifically, this motion seeks summary judgment

15  on the following claims for relief:

16  • Office Depot's Second, Third, and Fourth Claims for Relief under Florida and

17  California state law as to its claims based on purchases by Office Max through

18  2003; and

19  • Office Depot's Third and Fourth Claims for Relief under California state law as to

20  its claims related to Office Depot's remaining purchases.

21  This motion is based on this Notice of Motion, the following Memorandum of Points and

22  Authorities, the Declaration of Laura K. Lin in Support of Defendant's Motion for Partial

23  Summary Judgment Against Certain Direct Action Plaintiffs on Due Process Grounds ("Lin

24  Decl."), and any materials attached thereto or otherwise found in the record, along with the

25  argument of counsel and such other matters as the Court may consider.

26

27

28

1 | Dated: November 7, 2014          Respectfully submitted,

2

3                                            MUNGER, TOLLES & OLSON LLP

4                                            By: */s/ Hojoon Hwang*

5                                            JEROME C. ROTH (State Bar No. 159483)
                                             jerome.roth@mto.com
6                                            HOJOON HWANG (State Bar No. 184950)
                                             hojoon.hwang@mto.com
7                                            MIRIAM KIM (State Bar No. 238230)
                                             miriam.kim@mto.com
8                                            **MUNGER, TOLLES & OLSON LLP**
                                             560 Mission Street, Twenty-Seventh Floor
9                                            San Francisco, California 94105-2907
                                             Telephone: (415) 512-4000
10                                           Facsimile: (415) 512-4077

11                                           WILLIAM D. TEMKO (SBN 098858)
                                             William.Temko@mto.com
12                                           **MUNGER, TOLLES & OLSON LLP**
                                             355 South Grand Avenue, Thirty-Fifth Floor
13                                           Los Angeles, CA 90071-1560
                                             Telephone: (213) 683-9100
14                                           Facsimile: (213) 687-3702

15                                           *Attorneys for Defendants LG Electronics, Inc.; LG*
                                             *Electronics USA, Inc.*
16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT
ON CHOICE OF LAW

# TABLE OF CONTENTS

**Page**

QUESTIONS PRESENTED ............................................................................................................ 1

SUMMARY OF ARGUMENT ...................................................................................................... 1

OVERVIEW OF CLAIMS ADDRESSED ..................................................................................... 2

STATEMENT OF UNDISPUTED MATERIAL FACTS .............................................................. 3

I.      Pertinent Facts Regarding Office Depot ...................................................................... 3

II.     Pertinent Facts Regarding Office Depot's Allegation .................................................. 3

LEGAL STANDARD .................................................................................................................... 3

ARGUMENT ................................................................................................................................. 4

I.      Choice of Law Standard ............................................................................................... 4

II.     Choice of Law Analysis Requires that Ohio Law, Which Does Not Allow Indirect
        Purchaser Claims, Controls Office Depot's State Law Claims Related to Office
        Max's Alleged Injuries ................................................................................................. 5

        A.      Ohio Law Conflicts with California and Florida Law ....................................... 5

        B.      Ohio Has the Most Significant Relationship to the Occurrence and the
                Parties Related to the Office Max Claims ........................................................ 6

                1.      Office Max's Alleged Injuries Occurred in Ohio, Not California or
                        Florida .................................................................................................. 6

                2.      The Alleged Misconduct Occurred Throughout the World, Which
                        Does Not Weigh Against the Application of Ohio Law ........................ 7

                3.      Office Max Was Domiciled in Ohio ..................................................... 8

                4.      Ohio is Where Any Relationship Between Office Max and
                        Defendants Was Centered .................................................................... 8

                5.      Considered Together, the Restatement's Factors Show that Ohio
                        Law Applies ......................................................................................... 8

III.    Choice of Law Analysis Requires that Florida Law, Which Does Not Allow Treble
        Damages for Indirect Purchaser Claims, Controls Office Depot's Remaining State
        Law Claims .................................................................................................................. 9

        A.      Florida Law Conflicts with the Laws of California ........................................... 9

        B.      Florida Has the Most Significant Relationship to the Occurrence and the
                Parties ............................................................................................................ 10

# TABLE OF CONTENTS
## (continued)

Page

1. Office Depot's Alleged Injuries Occurred in Florida.................................. 10

2. The Alleged Misconduct Occurred Throughout the World, Which Does Not Weigh Against the Application of Florida Law ........................ 11

3. Office Depot Is Domiciled in Florida .......................................................... 11

4. Florida is Where Any Relationship Between Office Depot and Defendants Was Centered ........................................................................... 11

5. Considered Together, the Restatement's Factors Show that Florida Law Applies ................................................................................................. 11

CONCLUSION ........................................................................................................... 12

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT
ON CHOICE OF LAW

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................................. 3, 4

*Calixto v. Watson Bowman Acme Corp.*,
  637 F. Supp. 2d 1064 (S.D. Fl. 2009) ....................................................................... 8

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ................................................................................................... 4

*Chapman v. DePuy Orthopedics, Inc.*,
  760 F. Supp. 2d 1310 (M.D. Fl. 2011) ...................................................................... 5

*Emmart v. Piper Aircraft Corp.*,
  659 F. Supp. 843 (S.D. Fl. 1987) (applying Florida choice of law rules to conflict
  related to different damages schemes) ...................................................................... 10

*Grupo Televisa, S.A. v. Telemundo Commc'ns. Grp., Inc.*,
  485 F.3d 1233 (11th Cir. 2007) ........................................................................... 6, 10

*Hoy v. Sandals Resorts Int'l, Ltd.*,
  2013 WL 6385019 (S.D. Fl. Dec. 6, 2013) .............................................................. 10

*In re Nucorp Energy Sec. Litig.*,
  772 F.2d 1486 (9th Cir. 1985) .................................................................................... 4

*In re Oracle Corp. Sec. Litig.*,
  627 F.3d 376 (9th Cir. 2010) ...................................................................................... 3

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  2011 WL 5922966 (N.D. Cal. Nov. 28, 2011) ......................................................... 10

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab.*
  *Litig.*,
  785 F. Supp. 2d 925 (C.D. Cal. 2011) ........................................................................ 4

*Innovative Strategic Commc'ns., LLC v. Viropharma, Inc.*,
  2012 WL 3156587 (M.D. Fl. Aug. 3, 2012) ......................................................... 7, 10

*Judge v. Am. Motors Corp.*,
  908 F.2d 1565 (11th Cir. 1990) .................................................................................. 5

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ................................................................................................... 4

**TABLE OF AUTHORITIES**
(continued)

Page

*Mazza v. Am. Honda Motors Co.*,
   666 F.3d 581 (9th Cir. 2012) ............................................................................. 9, 12

**STATE CASES**

*Bishop v. Fl. Specialty Paint Co.*,
   389 So. 2d 999 (Fla. 1980) ........................................................................ 4, 5, 9, 12

*Fern Exposition Servs., LLC v. Lenhof*,
   2014 WL 3723883 (Ohio Ct. App. July 25, 2014) ................................................. 7

*Johnson v. Microsoft Corp.*,
   834 N.E.2d 791 (Ohio 2005) ............................................................................. 6, 9

*Mack v. Bristol–Myers Squibb Co.*,
   673 So. 2d 100 (Fla. Dist. Ct. App. 1996) ............................................................ 6

*Proprietors Ins. Co. v. Valsecchi*,
   435 So.2d 290 (Fl. Dist. Ct. App. 1983) ......................................................... 5, 9, 12

*Tune v. Philip Morris Inc.*,
   766 So. 2d 350 (Fl. Dist. Ct. App. 2000) .............................................................. 4

**STATE STATUTES**

Cal. Bus. & Prof. Code § 16750(a) ............................................................................ 6, 10

**STATUTES - OTHER**

FLA. STAT. § 501.211(2) ............................................................................................ 10, 12

**FEDERAL RULES**

Fed. R. Civ. P. 56(a) ..................................................................................................... 3

**TREATISES**

Conflict of Laws § 145 .................................................................................................. 10

Conflict of Laws § 145 (1971) .................................................................................. 4, 9, 12

Restatement (Second) of Conflict of Laws § 145 (1971) ............................................... 6

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT
ON CHOICE OF LAW

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### <u>QUESTIONS PRESENTED</u>[1]

1.      Whether summary judgment should be entered against Office Depot on its California and Florida state law claims based on purchases by Office Max through 2003 where Office Max was headquartered in Ohio through 2003; and where Ohio law is inconsistent with California and Florida law?

2.      Whether summary judgment should be entered against Office Depot on its California state law claims based on its remaining purchases where Office Depot is headquartered in Florida; no facts in the record show that Office Depot placed orders, performed negotiations, or made purchasing decisions related to its CRT product purchases in California; and where Florida law is inconsistent with California law?

### <u>SUMMARY OF ARGUMENT</u>

Defendants bring this motion because Office Depot seeks to invoke the laws of states that, under the applicable choice of law rules, do not apply to certain of their claims.  The state laws that *do* apply to Office Depot's claims, moreover, do not allow indirect purchase claims at all or limit the available recovery.  Accordingly, certain of Office Depot's state law claims must be dismissed.

Defendants are entitled to judgment as a matter of law as to Office Depot's California and Florida state law claims related to alleged antitrust injuries suffered by Office Max (a retail store purchased by Office Depot after the alleged conspiracy period) based on Office Max's indirect purchases through 2003.[2]   Applicable choice of law principles dictate that Office Depot's claims

---

[1] Lin Declaration Exhibit C describes how Defendants' motions concerning Plaintiffs' state law claims relate to one another.  As Exhibit C details, the Court need not consider certain of Defendants' motions if it finds in Defendants' favor on other motions.

[2] Notably, Office Depot seeks damages for Office Max's purchases "only against Defendants Hitachi and Samsung SDI."  Lin Decl. Ex. 17 (Office Depot's Supplemental Responses and Objections to Toshiba America Electronic Components, Inc.'s and Philips Electronics North America Corporation's Interrogatories No. 19, 21 and 23 ("Office Depot Suppl. Responses to TAEC") at pp. 7).

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT ON CHOICE OF LAW

related to indirect purchases by Office Max through 2003 (the "Office Max Claims") must instead be asserted under the laws of Ohio, where Office Max maintained its headquarters and conducted its purchase negotiations for CRT products.  Because Ohio antitrust law does not permit an indirect purchaser, like Office Max, to recover, the Office Max Claims fail as a matter of law and the court should enter summary judgment for Defendants with respect to these claims.

Further, as to Office Depot's remaining claims that are unrelated to the alleged injuries suffered by Office Max through 2003, Defendants are entitled to judgment as a matter of law as to Office Depot's California state law claims based on indirect purchases.  Applicable choice of law principles dictate that Office Depot's remaining claims must be asserted under the laws of Florida because Office Depot is headquartered in Florida and suffered its alleged injuries in Florida.  Because Florida antitrust law does not permit an indirect purchaser, like Office Depot, to recover treble damages, Office Depot's indirect purchase claims for treble damages under California state law fail as a matter of law and the court should enter summary judgment on these claims in favor of Defendants.

In deciding which state's law applies, the court must apply Florida's choice of law rules because Office Depot filed its claims in Florida.  Where, as here, a conflict of laws exists, Florida's choice of law rules require the court to apply the law of the state with the "most significant relationship" to the parties and the dispute.  The facts in this case show that Ohio and Florida, respectively, have the most significant relationship to the parties and the dispute.  Accordingly, Ohio and Florida law should apply and summary judgment should be granted in favor of Defendants on (1) the Office Max Claims because these claims are barred by Ohio state law; and (2) Office Depot's claim for treble damages on its remaining indirect purchases (again, other than those purchases made by Office Max) because these claims are barred by Florida law.

**OVERVIEW OF CLAIMS ADDRESSED**

Office Depot purchased products containing Cathode Ray Tubes ("CRT products") and sold these products to retail consumers.  Office Depot alleges that Defendants engaged in a conspiracy to fix the prices of CRTs.  The present motion is directed to Office Depot's Second, Third and Fourth Claims for Relief which allege claims under California and Florida state law.

3:07-cv-05944-SC; MDL No. 1917

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT
ON CHOICE OF LAW

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

**I.      Pertinent Facts Regarding Office Depot**

Office Depot is headquartered in Florida.[3]  Office Max, a corporation purchased by Office Depot in 2013, was incorporated and headquartered in Ohio through 2003[4] and conducted its purchasing negotiations in Ohio as well as at vendors' facilities in unspecified locations.[5]  Office Depot has offered no evidence to show that Office Depot, or any of the corporations it purchased, including Office Max, conducted purchase negotiations in California, issued purchase orders from California, or otherwise had any relevant connection to California.

**II.     Pertinent Facts Regarding Office Depot's Allegation**

Office Depot alleges that the anticompetitive conduct at issue occurred primarily outside of the United States.[6]  In addition, Office Depot has identified allegedly anticompetitive conduct that it contends took place in states including Alabama, Arizona, California, Georgia, Indiana, Michigan, North Carolina, Nevada, New York, Ohio, and Pennsylvania.[7]

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The party moving for summary judgment has the initial burden of identifying the absence of a genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

Where, as here, the moving party meets its burden, the non-moving party must identify facts showing that a genuine issue for trial exists.  *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387

---

[3] Office Depot First Amended Complaint ("Office Depot Am. Compl."), ECF No. 1977, at ¶ 16.
[4] *See* LG Electronics, Inc.'s Request for Judicial Notice filed contemporaneously herewith.
[5] Lin Decl., Ex. 16 (Steve Foxhall (Office Depot) Dep. at 34:19-35:7.)
[6] *See* Lin Decl. Ex. 17 (Office Depot's Objections and Responses to LG Electronics, Inc. and Panasonic Corporation of North America's First Set of Interrogatories, Response to Interrogatory No. 1 (stating that "[e]vidence supporting defendants' and their co-conspirators' illegal price fixing agreement includes" various expert reports and discovery responses by others, and an Exhibit A)).  Recent supplements of this "Exhibit A" are attached as Exhibit A to the accompanying declaration of Laura K. Lin ("Exhibit A").
[7] *See* Exhibit A.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT
ON CHOICE OF LAW

1   (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  The non-moving party may not rely

2   on the pleadings but must come forward with evidence – affidavits, depositions, answers to

3   interrogatories, or admissions – from which a jury could reasonably render a verdict in its favor.

4   *Id.* (citing *Anderson*, 477 U.S. at 252).  "The nonmoving party must show more than the mere

5   existence of a scintilla of evidence" or "some 'metaphysical doubt' as to the material facts at

6   issue."  *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586

7   (1986)).

8                                            **ARGUMENT**

9        **I.        Choice of Law Standard**

10            In multidistrict litigation, like this case, courts must apply the choice-of-law rules of each

11   state where the individual actions were originally filed.  *In re Nucorp Energy Sec. Litig.*, 772 F.2d

12   1486, 1492 (9th Cir. 1985) (concluding that "we must apply the choice of law rules of Illinois

13   because the claims were originally filed in district court in Illinois before they were transferred to

14   California by the Judicial Panel on Multidistrict Litigation"); *see also, e.g.*, *In re Toyota Motor*

15   *Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 785 F. Supp. 2d 925,

16   929 (C.D. Cal. 2011) (stating that MDL cases "retain separate and distinct identities in preparation

17   for their eventual return to their home states").  Here, Office Depot filed its lawsuit in Florida

18   before the case was transferred to this Court.  Thus, Florida choice-of-law rules must be applied.

19            Florida follows the two-step "most significant relationship test" from the Restatement

20   (Second) on Conflict of Laws.  The threshold question in a Florida choice-of-law analysis is

21   whether there is an actual conflict between the laws or interests of Florida and that of another

22   state.  *Tune v. Philip Morris Inc.*, 766 So. 2d 350, 352 (Fl. Dist. Ct. App. 2000).   Where the laws

23   of the interested states conflict, the court must determine which state has the "most significant

24   relationship to the occurrence and the parties."  *Bishop v. Fl. Specialty Paint Co.*, 389 So. 2d 999,

25   1001 (Fla. 1980) (quoting Restatement (Second) on Conflict of Laws § 145 (1971)).  In

26   determining which state has the most significant relationship to the parties and to the dispute, a

27   court should consider the following factors: (a) the place where the injury occurred; (b) the place

28   where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT
ON CHOICE OF LAW

incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered.  *Id.*  Florida courts do not "'descend to a mere counting of factual contacts, to see which state has the most,'" but rather weigh the factors to determine which state's contacts are most significant.  *Judge v. Am. Motors Corp.*, 908 F.2d 1565, 1569 (11th Cir. 1990) (internal citation omitted).  In so doing, a court may consider the additional factors set forth in Section 6 of the Restatement (Second) on Conflict of Laws, including:  (a) the needs of the interstate and international systems; (b) the relevant policies of the forum; (c) the relevant policies of the other interested states and the relative interests of those states in the determination of the particular issue; (d) the protection of justified expectations; (e) the basic policies underlying the particular field of law; (f) certainty, predictability and uniformity of result; and (g) ease in the determination and application to the law to be applied.  *Id.*

In *Bishop*, the Florida Supreme Court held that under Florida's choice of law analysis, "[t]he state where the injury occurred would, under most circumstances, be the decisive consideration in determining the applicable choice of law."  389 So. 2nd at 1001.  In rare cases, however, "other factors may combine to outweigh the place of injury as a controlling consideration, making the determination of applicable law a less mechanical, and more rational, process."  *Id.*; *see also, e.g.*, *Proprietors Ins. Co. v. Valsecchi*, 435 So.2d 290, 295-96 (Fl. Dist. Ct. App. 1983) (holding that the place of injury is not decisive where the location was "happenstance" or "a mere fortuity," as in the case of an airplane crash).

## II. Choice of Law Analysis Requires that Ohio Law, Which Does Not Allow Indirect Purchaser Claims, Controls Office Depot's State Law Claims Related to Office Max's Alleged Injuries

### A. Ohio Law Conflicts with California and Florida Law

As to the Office Max Claims, applying the first step of the choice of law analysis reveals that a true conflict exists between Ohio law on the one hand and the laws of California and Florida on the other.  *See Chapman v. DePuy Orthopedics, Inc.*, 760 F. Supp. 2d 1310, 1313 (M.D. Fl. 2011) ("A true conflict exists when two or more states have a legitimate interest in a particular set of facts in litigation and the laws of those states differ or would produce a different result." (internal citation and quotation marks omitted)).

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT
ON CHOICE OF LAW

Ohio does not permit indirect purchaser suits. *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 798 (Ohio 2005) ("[C]onsistent with long-standing Ohio jurisprudence, which has followed federal law in antitrust matters, we adopt and follow *Illinois Brick*'s direct-purchaser requirement and hold that an indirect purchaser of goods may not assert a Valentine Act claim for alleged violations of Ohio antitrust law.") California and Florida permit indirect damages claims. *See* Cal. Bus. & Prof. Code § 16750(a); *Mack v. Bristol–Myers Squibb Co.*, 673 So. 2d 100 (Fla. Dist. Ct. App. 1996).

Given these differences, the conflict of laws is outcome determinative: If Office Depot may invoke California or Florida law for its claims related to Office's Max's indirect purchases, then Office Depot may pursue these indirect damages claims. If Ohio law applies, Office Depot cannot not pursue these claims and the court should enter judgment in favor of Defendants as to the Office Max Claims.

**B.**   **Ohio Has the Most Significant Relationship to the Occurrence and the Parties Related to the Office Max Claims**

The four factors set forth in Restatement (Second) of Conflict of Laws § 145 (1971) show that Ohio, not California or Florida, has the most significant relationship to the Office Max Claims. Accordingly, Ohio law should apply here.

**1.**   **Office Max's Alleged Injuries Occurred in Ohio, Not California or Florida**

Office Max's injuries occurred in Ohio because Office Max was headquartered in Ohio and Ohio was the primary location from which Office Max negotiated its purchases of CRT products.[8] Office Depot has offered no evidence to show that Office Max conducted purchase negotiations in California or Florida, issued purchase orders from California or Florida, or otherwise had any relevant connection to California or Florida. Pursuant to Florida's choice of law rules (which apply here given the forum in Florida), the location of a corporation's headquarters is the place where a corporation suffers economic injury. *See Grupo Televisa, S.A. v. Telemundo Commc'ns. Grp., Inc.*, 485 F.3d 1233, 1241 (11th Cir. 2007) (finding that the district

---

[8] LG Electronics, Inc.'s Request for Judicial Notice filed contemporaneously herewith; Lin Decl., Ex. 16 (Steve Foxhall (Office Depot) Dep. at 34:19-35:7.)

court appropriately determined the place of injury for a tort claim to be the plaintiff's headquarters); *Innovative Strategic Commc'ns., LLC v. Viropharma, Inc.*, 2012 WL 3156587 at *4 (M.D. Fl. Aug. 3, 2012) ("[T]he Court considers Florida, the location of Plaintiff's principal place of business, to be the place of injury."); *see also, e.g.*, *Fern Exposition Servs., LLC v. Lenhof*, 2014 WL 3723883 at *3 (Ohio Ct. App. July 25, 2014) ("If [defendant] did, in fact, commit the alleged tortious conduct, any injury to [plaintiff] would occur in Ohio, where the company is headquartered.).  Thus, to the extent that Office Max overpaid for CRT products as a result of the alleged conspiracy, it did so in Ohio.  This factor weighs strongly in favor of applying Ohio state law.

### 2.     The Alleged Misconduct Occurred Throughout the World, Which Does Not Weigh Against the Application of Ohio Law

The alleged anticompetitive conduct occurred throughout the world and, as a result, does not reflect a substantial relationship with any of the states at issue (California or Florida).  Of the thousands of alleged meetings and communications that Office Depot has identified as anticompetitive, the vast majority occurred in Asia.[9]  Of the more than two thousand alleged anticompetitive communications at issue, Office Depot alleges that five of these meetings took place in Ohio, approximately twenty-five of took place in California, and does not identify any alleged anticompetitive conduct as having occurred in Florida.[10]  Given the purportedly global scope of the alleged misconduct, the few allegations related to Ohio or California (and the lack of any allegations of misconduct located in Florida) cannot establish a substantial relationship between this case and any of the states.  Accordingly, this factor of the Restatement test does not weigh in favor, or against, the application of any of the states' laws.

---

[9] Exhibit A.
[10] *Id.*

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT
ON CHOICE OF LAW

### 3.      Office Max Was Domiciled in Ohio

The third Restatement factor examines the location of the parties' domicile and weighs in favor of applying Ohio law.  Office Max, the sole claimant at issue with respect to the Office Max Claims, was domiciled in Ohio before it was purchased by Office Depot in 2013.[11]

Defendants are thirty-six distinct corporations that are domiciled throughout the world, predominately in Asia and Europe.[12]  Of the thirty-six Defendants, Office Depot alleges that just three are domiciled in California and concedes that none is domiciled in Florida.[13]

On balance, the parties' respective domiciles favor the application of Ohio law.  Office Max's domicile in Ohio creates a substantial relationship between Ohio and the Office Max allegations.  This relationship strongly outweighs any relationship between California or Florida and the litigation based on the domicile of a few Defendants out of many in California.

### 4.      Ohio is Where Any Relationship Between Office Max and Defendants Was Centered

Office Max and Defendants had no direct relationship as to the indirect purchase claims at issue in Office Max's claims.  Accordingly, the fourth factor of the Restatement's test, which examines where the relationship between the parties was located, has little bearing on the present analysis.  But to the extent the parties had any relevant relationship, that relationship arose in Ohio where Office Max performed its purchase negotiations for CRT products.[14]  *See, e.g.*, *Calixto v. Watson Bowman Acme Corp.*, 637 F. Supp. 2d 1064, 1068 (S.D. Fl. 2009) (parties' relationship centered, if any, at "the place of all prior contract negotiations").

### 5.      Considered Together, the Restatement's Factors Show that Ohio Law Applies

As set forth in the preceding four subsections, *supra*, the Restatement's four-factor test shows that Ohio has the most substantial relationship to this case and these parties.  Ohio is the

---

[11] *See* Lin Decl. Ex. 17 (Office Depot Suppl. Responses to TAEC at pp. 9-10) (noting that Office Max North America, Inc., formerly OfficeMax, Inc., was an Ohio corporation before Office Depot merged with Office Max in 2013).
[12] *See* Office Depot Am. Compl. ECF No. 1977, at ¶¶ 20-63.
[13] *Id.*
[14] Lin Decl., Ex. 16 (Steve Foxhall (Office Depot) Dep. at 34:19-35:7.)

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT
ON CHOICE OF LAW

1   place where the alleged injury occurred, the place where Office Max was domiciled, and the place

2   where the relationship between the parties, to the extent there was one, was formed.  The alleged

3   misconduct at issue arose throughout the world and lacks a substantial connection with any of the

4   states at issue.

5          The additional factors in Section 6 of the Restatement (Second) on Conflict of Laws, to the

6   extent that they apply, further support the application of Ohio law.  In particular, Ohio has the

7   strongest interest in having its law applied to the Office Max Claims, given that Office Max was

8   domiciled in Ohio and purchased by a Florida corporation (Office Depot) only after this litigation

9   commenced.  Further, Ohio's legislature chose to enact consumer protection laws that regulate

10  only direct purchaser transactions.  *Johnson*, 834 N.E.2d at 798 (finding that Ohio precludes

11  indirect purchaser claims); *see also Mazza v. Am. Honda Motors Co.*, 666 F.3d 581, 593 (9th Cir.

12  2012) (explaining that a court examining the competing state interests must consider "each state's

13  interest in promoting business").  Applying Ohio law in these circumstances leads to the most

14  certain and predictable result, as favored by the Restatement.  *See Bishop*, 389 So.2d at 1001 (Fla.

15  1980) (quoting Restatement (Second) on Conflict of Laws § 145 (1971)).

16         Weighing all the factors under Florida's choice-of-law standard reveals no reason to depart

17  from the Florida Supreme Court's instruction that the state where the injury occurred – here, Ohio

18  – is typically "the decisive consideration in determining the applicable choice of law." *Bishop*,

19  389 So. 2d at 1001.  The alleged injuries at issue here did not occur in Ohio by "happenstance,"

20  *Proprietors Ins. Co.*, 435 So. 2d at 295-96, but instead because Office Max was domiciled in Ohio

21  and conducted its purchasing negotiations for CRT products there.  For these reasons, Ohio law

22  should apply to the Office Max Claims and, as a result, summary judgment should be granted in

23  favor of Defendants on the Office Max Claims.

24  **III.    Choice of Law Analysis Requires that Florida Law, Which Does Not Allow**
            **Treble Damages for Indirect Purchaser Claims, Controls Office Depot's**
25          **Remaining State Law Claims**

26              **A.    Florida Law Conflicts with the Laws of California**

27         As for Office Depot's remaining claims other than the Office Max Claims, applying the

28  first step of the choice of law analysis reveals that a true conflict exists between California and

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT
ON CHOICE OF LAW

Florida law.  Although both states permit indirect purchaser suits, Florida state law limits recovery to single damages, not the treble damages permitted by California state law.  *Compare* FLA. STAT. § 501.211(2) (permitting recovery of "actual damages") *with* Cal. Bus. & Prof. Code § 16750(a) (permitting a plaintiff "to recover three times the damages sustained by him or her").   The availability of different damages under different states' laws amounts to a "true conflict" pursuant to Florida law.  *Emmart v. Piper Aircraft Corp.*, 659 F. Supp. 843, 847 (S.D. Fl. 1987) (applying Florida choice of law rules to conflict related to different damages schemes); *Hoy v. Sandals Resorts Int'l, Ltd.*, 2013 WL 6385019, at *4-*5 (S.D. Fl. Dec. 6, 2013) (same).

### B.     Florida Has the Most Significant Relationship to the Occurrence and the Parties

The four factors set forth in Restatement (Second) on Conflict of Laws § 145 show that Florida, not California, has the most significant relationship to Office Depot and its claims. Accordingly, Florida law should apply here.  *See generally In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 5922966, at *1-*2 (N.D. Cal. Nov. 28, 2011) (concluding that the state where a plaintiff purchased the products at issue had the greatest interest in applying its law).

### 1.     Office Depot's Alleged Injuries Occurred in Florida

Unlike Office Max, Office Depot is headquartered in Florida.[15]  As described above, pursuant to Florida's choice of law rules, the location of a corporation's headquarters is the place where a corporation suffers economic injury.  *See Grupo Televisa, S.A.,*  at 1241 (finding that the district court appropriately determined the place of injury for a tort claim to be the plaintiff's headquarters); *Innovative Strategic Commc'ns., LLC, v* 2012 WL 3156587 at *4 ("[T]he Court considers Florida, the location of Plaintiff's principal place of business, to be the place of injury.").  Accordingly, as a result of its headquarter location in Florida, Office Depot suffered its alleged injuries in Florida.

---

[15] Office Depot Am. Compl., ECF No. 1977, at ¶ 16.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT ON CHOICE OF LAW

**2.      The Alleged Misconduct Occurred Throughout the World, Which Does Not Weigh Against the Application of Florida Law**

As set forth in the prior section related to Office Max, *supra*, the alleged anticompetitive conduct occurred throughout the world and, as a result, does not reflect a substantial relationship with any of the states at issue (California or Florida).  Accordingly, this factor of the Restatement test does not weigh in favor, or against, the application of any of the states' laws.

**3.      Office Depot Is Domiciled in Florida**

The third Restatement factor examines the location of the parties' domicile and weighs in favor of applying Florida law.  Office Depot, the sole plaintiff in this individual action, is domiciled in Florida.[16]  As described *supra*, Defendants are thirty-six distinct corporations that are domiciled throughout the world, predominately in Asia and Europe.[17]

On balance, the parties' respective domiciles favor the application of Florida law.  Office Depot's domicile in Florida creates a substantial relationship between Florida and Office Depot's allegations.  This relationship strongly outweighs any relationship between California and the litigation based on the domicile of a few Defendants out of many in California.

**4.      Florida is Where Any Relationship Between Office Depot and Defendants Was Centered**

Like Office Max, Office Depot did not form a direct relationship with any of the Defendants related to any of the indirect purchase claims at issue in Office Depot's claims.  Accordingly, the fourth factor of the Restatement's test, which examines where the relationship between the parties was located, has little bearing on the present analysis.

**5.      Considered Together, the Restatement's Factors Show that Florida Law Applies**

As set forth in the preceding four subsections, *supra*, the Restatement's four-factor test shows that Florida has the most substantial relationship to Office Depot's claims (aside from the Office Max Claims) and these parties.  Florida is the place where the alleged injury occurred and

---

[16] Office Depot Am. Compl., ECF No. 1977, at ¶ 16.

[17] Office Depot Am. Compl. ECF No. 1977,  at ¶¶ 20-63.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT
ON CHOICE OF LAW

the place where Office Depot was domiciled.  The alleged misconduct at issue arose throughout the world and lacks a substantial connection with any of the states at issue.

The factors in Section 6 of the Restatement (Second) on Conflict of Laws, to the extent that they apply, further support the application of Florida law.  Florida has the strongest interest in having its law applied to Office Depot's indirect claims, given that Office Depot is domiciled in Florida.  Florida's legislature chose to limit recovery pursuant to its consumer protection statute to single damages, rather than the treble damages awarded in California.  *See* FLA. STAT. § 501.211(2) (permitting recovery of "actual damages"); *see also Mazza*, 666 F.3d at 592 (a court examining the competing state interests must consider "each state's interest in promoting business").  Finally, as with the application of Ohio law to Office Max's claims, applying Florida law to Office Depot's remaining indirect purchase claims leads to the most certain and predictable result, as favored by the Restatement.  *See Bishop*, 389 So.2d at 1001 (Fla. 1980) (quoting Restatement (Second) on Conflict of Laws § 145 (1971).

Weighing all the factors under Florida's choice-of-law standard reveals no reason to depart from the Florida Supreme Court's instruction that the state where the injury occurred – here, Florida – is typically "the decisive consideration in determining the applicable choice of law." *Bishop*, 389 So. 2d at 1001.  The alleged injuries at issue here did not occur in Florida by "happenstance," *Proprietors Ins. Co.*, 435 So. 2d at 295-96, but instead because Office Depot was domiciled in Florida and conducted its headquarter operations there.  For these reasons, Florida law should apply to Office Depot's indirect purchase claims (apart from the Office Max Claims) and, as a result, summary judgment should be granted in favor of Defendants on Office Depot's California state law claims.

## CONCLUSION

Defendants respectfully request that this Court apply Ohio law to Office Depot's claims related to purchases by Office Max through 2003.  As to these claims, Defendants respectfully request that this Court award partial summary judgment in favor of Defendants on Office Depot's Second, Third, and Fourth Claims for Relief under Florida and California state law.

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT
ON CHOICE OF LAW

1    As to Office Depot's remaining purchaser claims (apart from those based on purchases by

2    Office Max through 2003), Defendants respectfully request that this Court apply Florida law.  As

3    to these claims, Defendants respectfully request that this Court award partial summary judgment

4    in favor of Defendants on Office Depot's Third and Fourth Claims for Relief under California

5    state law.

6    DATED:  November 7, 2014                    Respectfully submitted,

1

2

MUNGER, TOLLES & OLSON LLP

By: /s/ Hojoon Hwang

3

4

JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com

5

HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)

6

miriam.kim@mto.com
**MUNGER, TOLLES & OLSON LLP**

7

560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907

8

Telephone: (415) 512-4000
Facsimile: (415) 512-4077

9

10

WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com

11

**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor

12

Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

13

14

*Attorneys for Defendants LG Electronics, Inc.; LG
Electronics USA, Inc.*

15

16

WINSTON & STRAWN LLP

By: /s/ Jeffrey L. Kessler

17

JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com

18

A. PAUL VICTOR (*pro hac vice*)
PVictor@winston.com

19

ALDO A. BADINI (SBN 257086)
ABadini@winston.com

20

EVA W. COLE (*pro hac vice*)
EWCole@winston.com

21

MOLLY M. DONOVAN
MMDonovan@winston.com

22

**WINSTON & STRAWN LLP**
200 Park Avenue

23

New York, NY 10166
Telephone: (212) 294-6700

24

Facsimile: (212) 294-4700

25

STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com

26

DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com

27

ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com

28

**WEIL, GOTSHAL & MANGES LLP**

14

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT
ON CHOICE OF LAW

767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

**WHITE & CASE** LLP

By: */s/ Lucius B. Lau*
CHRISTOPHER M. CURRAN (*pro hac vice*)
ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

KIRKLAND & ELLIS LLP

By: */s/ Eliot A. Adelson*
ELIOT A. ADELSON (SBN 205284)
JAMES MAXWELL COOPER (SBN 284054)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, California 94104
Tel: (415) 439-1400
Facsimile: (415) 439-1500
E-mail: eadelson@kirkland.com
E-mail: max.cooper@kirkland.com

JAMES H. MUTCHNIK, P.C. (*pro hac vice*)
KATE WHEATON (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200

3:07-cv-05944-SC; MDL No. 1917
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT ON CHOICE OF LAW

1   *Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi*
2   *Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*
3

4   SHEPPARD MULLIN RICHTER & HAMPTON LLP

5   By: */s/ Gary L. Halling*
    GARY L. HALLING (SBN 66087)
6   ghalling@sheppardmullin.com
    JAMES L. MCGINNIS (SBN 95788)
7   jmcginnis@sheppardmullin.com
    MICHAEL W. SCARBOROUGH (SBN 203524)
8   mscarborough@sheppardmullin.com
    **SHEPPARD MULLIN RICHTER & HAMPTON**
9   **LLP**
    Four Embarcadero Center, 17th Floor
10  San Francisco, California 94111
    Telephone: (415) 434-9100
11  Facsimile: (415) 434-3947

12  *Attorneys for Defendants Samsung SDI America, Inc.;*
    *Samsung SDI Co., Ltd.; Samsung SDI (Malaysia)*
13  *SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.;*
    *Samsung SDI Brasil Ltda.; Shenzen Samsung SDI*
14  *Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

15

16  BAKER BOTTS LLP

17  By: */s/ John M. Taladay*
    JOHN M. TALADAY (*pro hac vice*)
18  john.taladay@bakerbotts.com
    JOSEPH OSTOYICH (*pro hac vice*)
19  joseph.ostoyich@bakerbotts.com
    ERIK T. KOONS (*pro hac vice*)
20  erik.koons@bakerbotts.com
    CHARLES M. MALAISE (*pro hac vice*)
21  charles.malaise@bakerbotts.com
    **BAKER BOTTS LLP**
22  1299 Pennsylvania Ave., N.W.
    Washington, DC 20004-2400
23  Telephone: (202) 639-7700
    Facsimile: (202) 639-7890
24
    JON V. SWENSON (SBN 233054)
25  jon.swenson@bakerbotts.com
    **BAKER BOTTS LLP**
26  1001 Page Mill Road
    Building One, Suite 200
27  Palo Alto, CA 94304
    Telephone: (650) 739-7500
28  Facsimile: (650) 739-7699

1    E-mail: jon.swenson@bakerbotts.com

2    *Attorneys for Defendants Koninklijke Philips N.V. and*
     *Philips Electronics North America Corporation*

3

4    GIBSON, DUNN & CRUTCHER LLP

5    By: */s/ Rachel S. Brass*
     JOEL S. SANDERS (SBN 107234)

6    jsanders@gibsondunn.com
     RACHEL S. BRASS (SBN 219301)

7    rbrass@gibsondunn.com
     AUSTIN V. SCHWING (SBN 211696)

8    aschwing@gig@gibsondunn.com

9    **GIBSON, DUNN & CRUTCHER LLP**
     555 Mission Street, Suite 3000

10   San Francisco, California 94105
     Tel: (415) 393-8200

11   Fax: (415) 393-8306

12   *Attorneys for Defendant Chunghwa Picture Tubes, Ltd.*
     *and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICE DEPOT
ON CHOICE OF LAW