Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Philips Electronics North America Corporation, Philips Taiwan Limited, and Philips do Brasil Ltda.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944-SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF DEFENDANTS PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S, PHILIPS TAIWAN LIMITED'S, AND PHILIPS DO BRASIL LTDA.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)**<br><br>Date: February 6, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 1, 17th Floor<br><br>Hon. Samuel P. Conti |
| This Document Relates to:<br><br>*Electrograph Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc. v. Technicolor SA*, No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA*, No. 13-cv-05261; | |

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PHILIPS DEFENDANTS' ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

| | |
|---|---|
| 1 | *Best Buy Co., Inc. v. Hitachi, Ltd.*, ) |
| | No. 11-cv-05513; ) |
| 2 | ) |
| | ) |
| 3 | *Best Buy Co., Inc. v. Technicolor SA*, ) |
| | No. 13-cv-05264; ) |
| 4 | ) |
| | *Interbond Corp. of Am. v. Hitachi, Ltd.*, ) |
| 5 | No. 11-cv-06275; ) |
| | ) |
| 6 | *Interbond Corp. of Am. v. Technicolor SA*, ) |
| | No. 13-cv-05727; ) |
| 7 | ) |
| 8 | *Office Depot, Inc. v. Hitachi, Ltd.*, ) |
| | No. 11-cv-06276; ) |
| 9 | ) |
| | *Office Depot, Inc. v. Technicolor SA*, ) |
| 10 | No. 13-cv-05726; ) |
| 11 | ) |
| | *CompuCom Sys., Inc. v. Hitachi, Ltd.*, ) |
| 12 | No. 11-cv-06396; ) |
| | ) |
| 13 | *P.C. Richard & Son Long Island Corp. v.* ) |
| | *Hitachi, Ltd.*, ) |
| 14 | No. 12-cv-02648; ) |
| 15 | ) |
| | *P.C. Richard & Son Long Island Corp. v.* ) |
| 16 | *Technicolor SA*, ) |
| | No. 13-cv-05725; ) |
| 17 | ) |
| 18 | *Schultze Agency Servs., LLC v. Hitachi, Ltd.*, ) |
| | No. 12-cv-02649; ) |
| 19 | ) |
| | *Schultze Agency Servs., LLC v. Technicolor SA*, ) |
| 20 | No. 13-cv-05668; ) |
| 21 | ) |
| | *Tech Data Corp. v. Hitachi, Ltd.*, ) |
| 22 | No. 13-cv-00157; ) |
| | ) |
| 23 | *Dell Inc. v. Hitachi Ltd.*, ) |
| | No. 13-cv-02171; ) |
| 24 | ) |
| 25 | *Sears, Roebuck and Co. and Kmart Corp. v.* ) |
| | *Technicolor SA*, ) |
| 26 | No. 13-cv-05262 ) |
| | ) |
| 27 | *Sears, Roebuck and Co. and Kmart Corp. v.* ) |
| | *Chunghwa Picture Tubes, Ltd.*, ) |
| 28 | No. 11-cv-05514 ) |
| | ) |

-1-
DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PHILIPS DEFENDANTS' ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d))

| | |
|---|---|
| 1 | *Sharp Electronics Corp. v. Hitachi Ltd.*, )
| | No. 13-cv-1173 SC )
| 2 | )
| | )
| 3 | *Sharp Electronics Corp. v. Koninklijke Philips* )
| | *Elecs., N.V.*, )
| 4 | No. 13-cv-2776 SC )
| | )
| 5 | *ViewSonic Corp. v. Chunghwa Picture Tubes,* )
| | *Ltd.*, )
| 6 | No. 14-cv-2510 SC )
| | )
| 7 | *All Indirect Purchaser Actions* )
| | )
| 8 | )

-2-
DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PHILIPS DEFENDANTS' ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d))

I, Tiffany B. Gelott, declare and state as follows:

1. I am an attorney with Baker Botts LLP, counsel for Philips Electronics North America Corporation, Philips Taiwan Limited, and Philips do Brasil Ltda. (collectively the "Philips Defendants") in the above-captioned action. I am a member of the bar of the District of Columbia and have been admitted to practice before this Court on this matter *pro hac vice*. I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain documents containing "Confidential" and "Highly Confidential" information that have been submitted to the Court in connection with the Philips Defendants' Notice of Motion and Motion for Partial Summary Judgment ("Summary Judgment Motion") are sealable. Except for those matters stated on information and belief, about which I am informed and believe to be true, I have personal knowledge of the facts stated herein and, if called as witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. No. 306) (the "Protective Order"). On November 7, 2014, the Philips Defendants filed an Administrative Motion to Seal, and lodged conditionally under seal, the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

- Portions of the Summary Judgment Motion that contain information from documents that Defendants designated "Confidential" or "Highly Confidential;" and

- Exhibits 1, 3, and 7-38 to the Declaration of Tiffany B. Gelott in Support of Philips Electronics North America Corporation's, Philips Taiwan Limited's, and Philips do Brasil Ltda.'s Notice of Motion and Motion For Partial Summary Judgment ("Gelott Declaration").

3. The documents or portions of the documents submitted under seal contain either (a) material designated by the Philips Defendants, other Defendants, or Plaintiffs pursuant to the Stipulated Protective Order (Dkt. 306, June 18, 2008) as "Confidential" or "Highly Confidential" or (b) an analysis of, references to, or information taken directly from material designated by the Philips Defendants, other Defendants, or Plaintiffs pursuant to the Stipulated Protective Order as "Confidential" or "Highly Confidential."

4.      Therefore, pursuant to Civil Local Rule 79-5(d), I also make this declaration on behalf of Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Summary Judgment Motion and the exhibits to the Gelott Declaration.

5.      Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following Exhibits to the Gelott Declaration should be maintained under seal:

    a.  Attached as <u>Exhibit 3</u> to the Gelott Declaration is the Declaration of Franciscus Spaargaren (Apr. 10, 2014) ("Spaargaren Decl.") that the Philips Defendants designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

    b.  Attached as <u>Exhibit 7</u> to the Gelott Declaration are excerpts of the Deposition of Roger De Moor (July 31, and August 1, 2012) ("De Moor Dep.") the Philips Defendants designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

    c.  Attached as <u>Exhibit 16</u> to the Gelott Declaration is a document produced by Philips Defendants in this litigation with the bates number, PHLP-CRT-048011 that the Philips Defendants designated as "Confidential" pursuant to the Stipulated Protective Order;

    d.  Attached as <u>Exhibit 17</u> to the Gelott Declaration is a document produced by Philips Defendants in this litigation with the bates number, PHLP-CRT-051463 that the Philips Defendants designated as "Confidential" pursuant to the Stipulated Protective Order;

    e.  Attached as <u>Exhibit 18</u> to the Gelott Declaration is a document produced by Philips Defendants in this litigation with the bates number, PHLP-CRT-051470 that the Philips Defendants designated as "Confidential" pursuant to the Stipulated Protective Order;

    f.  Attached as <u>Exhibit 28</u> to the Gelott Declaration are excerpts of the Deposition of Jim Smith  (Dec. 12–13, 2013) that the Philips Defendants designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

g. Attached as <u>Exhibit 29</u> to the Gelott Declaration are excerpts of the Deposition of Jan de Lombaerde (Oct. 9, 2014) ("Lombaerde Oct. 9 Dep.") that the Philips Defendants designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

h. Attached as <u>Exhibit 30</u> to the Gelott Declaration is a document produced by Philips Defendants in this litigation with the bates number, PHLP-CRT-033780 that the Philips Defendants designated as "Confidential" pursuant to the Stipulated Protective Order;

i. Attached as <u>Exhibit 31</u> to the Gelott Declaration is a document produced by Philips Defendants in this litigation with the bates number, JLJ-00001890 that the Philips Defendants designated as "Confidential" pursuant to the Stipulated Protective Order;

j. Attached as <u>Exhibit 32</u> to the Gelott Declaration is a document produced by Philips Defendants in this litigation with the bates number, PHLP-CRT-012618 that the Philips Defendants designated as "Confidential" pursuant to the Stipulated Protective Order;

k. Attached as <u>Exhibit 33</u> to the Gelott Declaration is a document produced by Philips Defendants in this litigation with the bates number, PHLP-CRT-026878 that the Philips Defendants designated as "Confidential" pursuant to the Stipulated Protective Order;

l. Attached as <u>Exhibit 34</u> to the Gelott Declaration are excerpts of the Deposition of Wiebo Vaartjes (Dec. 18–19, 2013) ("Vaartjes Dep.") that the Philips Defendants designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

m. Attached as <u>Exhibit 36</u> to the Gelott Declaration are excerpts of the Deposition of Kris Mortier (June 9-10, 2014) that the Philips Defendants designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

n. Attached as <u>Exhibit 37</u> is a document produced by Philips Defendants in this litigation with the bates number, PHLP-CRT-032285 (Q&A "From the Management Kickoff," July 4, 2001) that the Philips Defendants designated as "Confidential" pursuant to the Stipulated Protective Order;

   o. Attached as <u>Exhibit 38</u> to the Gelott Declaration are excerpts of the Deposition of Jan de Lombaerde (Oct. 10, 2014) ("Lombaerde Oct. 10 Dep.") that the Philips Defendants designated as "Highly Confidential" pursuant to the Stipulated Protective Order.

7. Upon information and belief, the documents and testimony contained within Exhibits 3, 7, 16-18, 28, 29-34, and 36-38 to the Gelott Declaration were designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order they contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents and testimony describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' customers, and would put Philips Defendants at a competitive disadvantage.

8. The highlighted portions of the Summary Judgment Motion quote from, describe, or contain documents or information designated as "Confidential" or "Highly Confidential" by the Philips Defendants pursuant to the Stipulated Protective Order, including Exhibits 3, 7, 16-18, 28, 29-34, and 36-38 to the Gelott Declaration. I understand that the Philips Defendants consider any statements in the Summary Judgment Motion that summarize the exhibits and other documents or information designated as "Confidential" or "Highly Confidential" by the Philips Defendants is confidential and proprietary. I am informed and believe that the Philips Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 3, 7, 16-18, 28, 29-34, and 36-38, and referenced in the Summary Judgment Motion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Executed on November 7, 2014 in Washington, D.C.

             /s/ Tiffany B. Gelott
             Tiffany B. Gelott