JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc.,
LG Electronics U.S.A., Inc. and LG Electronics
Taiwan Taipei Co., LTD*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC |
| | MDL No. 1917 |
| This Document Related to: | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF LG DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |
| DIRECT PURCHASER ACTIONS | |
| | [Defendant LG Electronics, Inc.'s Notice Of Motion And Motion For Partial Summary Judgment On Withdrawal Grounds And Memorandum Of Points And Authorities In Support Thereof And Defendants' Joint Notice Of Motion And Motion For Partial Summary Judgment Against Office Depot On Choice Of Law Grounds And Memorandum Of Points And Authorities In Support And [Proposed] Order Thereof Filed Concurrently Herewith] |
| | Judge:     Honorable Samuel Conti |
| | Date:      February 6, 2015 |
| | Time:      10:00 a.m. |
| | Crtrm.:    1, 17th Floor |

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, Defendants LG Electronics, Inc., LGE Electronics U.S.A., Inc., and LG Electronics Taiwan Taipei Co., Ltd. (collectively, "LG Defendants") respectfully request that the Court take Judicial Notice of the news articles attached to the Declaration of Cathleen H. Hartge ("Hartge Declaration") as Exhibits 1-5 and filed herewith as Exhibit A.

Federal Rule of Evidence 201 authorizes federal courts to take judicial notice of documents that are "not subject to reasonable dispute [and] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  It is well established that a court may take judicial notice of news articles under Federal Rule of Evidence 201(b). *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

Judicial notice of the news articles at Exhibits 1-5 to the Hartge Declaration, which show that the formation of LG.Philips Displays was widely reported in major news media, is appropriate because courts routinely take judicial notice of news articles "as an indication of what information was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (judicial notice "that the market was aware of the information contained in news articles submitted by the defendants").

Judicial notice of Exhibit A, which demonstrates that Office Max was incorporated and headquartered in Ohio through 2003, is appropriate because "courts may properly take judicial notice of facts concerning … the state in which a corporation is incorporated and headquartered." 8 Cyc. of Federal Proc. § 26:323 Relation to judicial notice and presumptions (3d ed.); *Marine Terminals Corp. v. St. Paul Fire & Marine Ins. Co.*, 1990 WL 174478, at *5 (N.D. Cal. Apr. 25, 1990) (taking "judicial notice of the fact that Conrail is a Pennsylvania corporation with its headquarters in Philadelphia, Pennsylvania"); *Nutrishare, Inc. v. BioRX, L.L.C.*, 2008 WL 3842946, at *11 n.6 (E.D. Cal. Aug. 14, 2008) (taking judicially notice of headquarters in San

Diego, California, because this matter was "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" under Rule 201).

Accordingly, LG Defendants respectfully request that the Court take judicial notice of the following news articles:

1.     Attached as Exhibit 1 to the Hartge Declaration is a true and correct copy of an article entitled "LG of Korea and Philips Set Screen-Making Venture," by Suzanne Kapner, *New York Times*, dated November 28, 2000.

2.     Attached as Exhibit 2 to the Hartge Declaration is a true and correct copy of an article entitled "Philips Electronics, Korea's LG Expand Tie-Ups – Cathode Ray Tube Venture, Talks on Mobile Phones Follow Big Screen Deal," by James M. Dorsey, *The Wall Street Journal*, dated November 28, 2000.

3.     Attached as Exhibit 3 to the Hartge Declaration is a true and correct copy of an article entitled "LG Philips to Establish CRT Joint Venture," by *Xinhua News Agency*, dated November 28, 2000.

4.     Attached as Exhibit 4 to the Hartge Declaration is a true and correct copy of an article entitled "LG Elec[tronics] Says Philips Deal Almost Done," by Reuters, dated November 27, 2000.

5.     Attached as Exhibit 5 to the Hartge Declaration is a true and correct copy of an article entitled "LG Electronics Says Philips Ties Cures Ill," by Sunny Yang, *Korea JoongAng Daily*, dated November 28, 2000.

6.     Attached hereto as Exhibit A is a true and correct copy of an article entitled "Boise Cascade Is Near Buying OfficeMax as Outlet for Its Paper," by Andrew Ross Sorkin, *New York Times*, dated July 14, 2003, last accessed on November 6, 2014, and accessed at http://www.nytimes.com/2003/07/14/business/boise-cascade-is-near-buying-officemax-as-outlet-for-its-paper.html.

DATED:  November 7, 2014

RESPECTFULLY SUBMITTED,

MUNGER, TOLLES & OLSON LLP

By: _____/s/ *Hojoon Hwang*_____
　　　HOJOON HWANG

Attorneys for Defendants LG ELECTRONICS, INC.,
LG ELECTRONICS U.S.A., INC., and LG
ELECTRONICS TAIWAN TAIPEI CO., LTD.

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF LG DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT