Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone: 213 239-5100
Facsimile: 213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
ttruax@jenner.com
mbrody@jenner.com
*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to:

*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;

*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

**Case No. 3:07-cv-5944-SC**
**MDL No. 1917**

**MITSUBISHI ELECTRIC DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DIRECT ACTION PURCHASERS' SHERMAN ACT DAMAGES CLAIMS BASED ON CRT PRODUCT PURCHASES FROM NEC CORPORATION AND NEC-MITSUBISHI ELECTRIC VISUAL SYSTEMS CORPORATION**

[Proposed] Order Granting Defendants' Dispositive Motion

Judge: Hon. Samuel P. Conti
Court: Courtroom 1, 17th Floor
Date: February 6, 2015
Time: 10:00 A.M.

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co., et al. v. Technicolor SA*, No. 13-cv-05262;

*Dell Inc., et al. v. Phillips Electronics North America Corporation, et al.*, No. 13-cv-02171;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No.13-cv-00157;

*Siegel v. Technicolor SA, et al.*, No.13-cv-05261;

*Viewsonic Corporation v. Chunghwa Picture Tubes Ltd., et al.*, No.13-cv-02510.

## NOTICE OF MOTION AND MOTION

To all parties and their attorneys of record:

Please take notice that on February 6, 2015, at 10:00 A.M. or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, Senior U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Mitsubishi Electric Corporation ("Mitsubishi Electric"), Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc. (collectively, the "Mitsubishi Electric Defendants") will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 56, for summary judgment in the Mitsubishi Electric Defendants' favor based on Plaintiffs' lack of standing to sue for Sherman Act Damages based on CRT Finished Product purchases from NEC Corporation and NEC-Mitsubishi Electric Visual Systems Corporation.

This Motion is based upon this Notice and Motion, the Statement of the Issues, the accompanying Memorandum of Points and Authorities, the accompanying declarations and exhibits thereto and other materials in the record, argument of counsel, and such other matters as the Court may consider.

## STATEMENT OF THE ISSUE

Whether Plaintiffs lack standing under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), to pursue monetary damages under the Sherman Act for CRT Finished Product purchases from NEC Corporation and NEC-Mitsubishi Electric Visual Systems Corporation.

MITSUBISHI ELECTRIC DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DAPS' CRT PRODUCT PURCHASES FROM NEC CORPORATION AND NEC-MITSUBISHI ELECTRIC VISUAL SYSTEMS CORPORATION
Case No. 3:07-cv-5944-SC; MDL No. 1917

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

STATEMENT OF UNDISPUTED MATERIAL FACTS .......... 2

I. NEC and NMV's Purchases of CRT Tubes and Sales of CRT Finished Products .......... 2

II. NEC and Its Relationship with Mitsubishi Electric .......... 2

III. NMV and Its Relationship with Mitsubishi Electric and NEC .......... 3

LEGAL STANDARDS .......... 4

ARGUMENT .......... 4

I. DAPs' Purchases from NEC and NMV Are Indirect and Therefore Barred by *Illinois Brick*. .......... 4

II. No Exception to the *Illinois Brick* Direct Purchaser Rule Applies .......... 5

A. Mitsubishi Electric Never Owned or Controlled NEC. .......... 6

B. Mitsubishi Electric Never Owned or Controlled NMV. .......... 6

CONCLUSION .......... 8

i

MITSUBISHI ELECTRIC DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DAPS' CRT PRODUCT PURCHASES FROM NEC CORPORATION AND NEC-MITSUBISHI ELECTRIC VISUAL SYSTEMS CORPORATION
Case No. 3:07-cv-5944-SC; MDL No. 1917

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)....................4

*Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co. (In re Vitamin C Antitrust Litig.)*,
279 F.R.D. 90 (E.D.N.Y 2012)....................6

*Arizona v. Shamrock Foods Co.*,
729 F.2d 1208 (9th Cir. 1984)....................5

*Burkhalter Travel Agency v. MacFarms Int'l, Inc.*,
141 F.R.D. 144 (N.D. Cal. 1991)....................5

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)....................4

*Crayton v. Concord EFS, Inc. (In re ATM Fee Antitrust Litig.)*,
686 F.3d 741 (9th Cir. 2012)....................4, 5, 7

*Delaware Valley Surgical Supply, Inc. v. Johnson & Johnson*,
523 F.3d 1116 (9th Cir. 2008)....................4

*Dzung Chu v. Oracle Corp. (In re Oracle Corp. Sec. Litig.)*,
627 F.3d 376 (9th Cir. 2010)....................4

*Illinois Brick Co. v. Illinois*,
431 U.S. 720 (1977)....................4, 5

*In re Lithium Batteries*,
2014 U.S. Dist. LEXIS 7516 (N.D. Cal. Jan. 21, 2014)....................6

*Jewish Hosp. Ass'n of Louisville, Ky., Inc. v. Stewart Mech. Enters., Inc.*,
628 F.2d 971 (6th Cir. 1980)....................5

Order Adopting in Part & Modifying in Part Special Master's Report & Recommendation on Defs.' Mot. To Dismiss Direct Action Pls.....................4

*Royal Printing Co. v. Kimberly-Clark Corp.*,
621 F.2d 323 (9th Cir. 1980)....................5

**STATUTES**

Fed. R. Civ. P. 56(a)....................4

ii

MITSUBISHI ELECTRIC DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DAPS' CRT PRODUCT PURCHASES FROM NEC CORPORATION AND NEC-MITSUBISHI ELECTRIC VISUAL SYSTEMS CORPORATION
Case No. 3:07-cv-5944-SC; MDL No. 1917

**OTHER AUTHORITIES**

Press Release, NEC, NEC and Mitsubishi Electric to Constructively Dissolve Display Monitor Joint Venture (Feb. 21, 2005), *available at* http://www.nec.co.jp/press/en/0502/2102.html ....................3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

The Direct Action Plaintiffs ("DAPs")[1] contend that Mitsubishi Electric Corporation ("Mitsubishi Electric") is responsible for sales made by NEC Corporation ("NEC")[2] and NEC-Mitsubishi Electric Visual Systems Corporation ("NMV"). NEC is an independent, Japanese corporation, unrelated to Mitsubishi Electric. Mitsubishi Electric has no ownership interest in NEC and no ability to control NEC's practices or policies. DAPs may not recover for these purchases for two reasons. First, any purchases from NEC or NMV are indirect and therefore barred by *Illinois Brick*. Second, none of the three exceptions to *Illinois Brick* apply. For these reasons, Mitsubishi Electric requests that the Court grant its motion for summary judgment as to any DAP damage claims arising from their purchases from either NEC or NMV.

---

[1] Best Buy Co., Inc.; Best Buy Purchasing, LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, LLC; and Magnolia Hi-Fi, LLC; Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc.; Costco Wholesale Corporation; Dell Inc.; Dell Products L.P.; Electrograph Systems, Inc.; Electrograph Technologies Corp.; Interbond Corporation of America d/b/a BrandsMart USA; Office Depot, Inc.; P.C. Richard & Son Long Island Corporation; MARTA Cooperative of America, Inc.; ABC Appliance, Inc.; Schultze Agency Services, LLC on Behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; Sears, Roebuck and Co. and Kmart Corporation; Target Corp.; Tech Data Corporation; Tech Data Product Management, Inc.; ViewSonic Corporation.

[2] The relevant NEC entities are often referred to as

1

MITSUBISHI ELECTRIC DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DAPS' CRT PRODUCT PURCHASES FROM NEC CORPORATION AND NEC-MITSUBISHI ELECTRIC VISUAL SYSTEMS CORPORATION
Case No. 3:07-cv-5944-SC; MDL No. 1917

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### I. NEC and NMV's Purchases of CRT Tubes and Sales of CRT Finished Products

DAPs define the conspiracy period from March 1, 1995 through November 25, 2007 (the "Relevant Period"). (*See, e.g.*, Best Buy Compl. ¶ 1.) [REDACTED].[4]

### II. NEC and Its Relationship with Mitsubishi Electric

NEC is not related to Mitsubishi Electric in any way. No Mitsubishi Electric Defendant held an ownership interest in NEC. (*See, e.g.*, Ex. B, NEC Corporation Annual Report (2000); *see also* Ex. C, Hoovers: NEC Corporation Profile 6 (Nov. 6, 2014.) Mitsubishi Electric did not exercise any control over NEC's practices or policies. (*See, e.g.*, Ex. B, NEC Corporation Annual Report (2000); *see also* Ex. C, Hoovers: NEC Corporation Profile 6 (Nov. 6, 2014.) [REDACTED]

---

[3] [REDACTED]

[4] [REDACTED]

2

MITSUBISHI ELECTRIC DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DAPS' CRT PRODUCT PURCHASES FROM NEC CORPORATION AND NEC-MITSUBISHI ELECTRIC VISUAL SYSTEMS CORPORATION
Case No. 3:07-cv-5944-SC; MDL No. 1917

**III. NMV and Its Relationship with Mitsubishi Electric and NEC**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted] *see also* Press Release, NEC, NEC and Mitsubishi Electric to Constructively Dissolve Display Monitor Joint Venture (Feb. 21, 2005), *available at* http://www.nec.co.jp/press/en/0502/2102.html.)

3

MITSUBISHI ELECTRIC DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DAPS' CRT PRODUCT PURCHASES FROM NEC CORPORATION AND NEC-MITSUBISHI ELECTRIC VISUAL SYSTEMS CORPORATION
Case No. 3:07-cv-5944-SC; MDL No. 1917

## LEGAL STANDARDS

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be granted if the evidence would require a directed verdict for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Thus, "[r]ule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Dzung Chu v. Oracle Corp. (In re Oracle Corp. Sec. Litig.)*, 627 F.3d 376, 387 (9th Cir. 2010). If the facts are undisputed or do not create a genuine issue of material fact, standing is a question of law for the court to decide. *E.g.*, *Crayton v. Concord EFS, Inc. (In re ATM Fee Antitrust Litig.)*, 686 F.3d 741, 747-48 (9th Cir. 2012).

## ARGUMENT

### I. DAPs' Purchases from NEC and NMV Are Indirect and Therefore Barred by *Illinois Brick.*

Only direct purchasers, or plaintiffs that fit within an exception to *Illinois Brick*, may bring a Section 1 Claim. *See Illinois Brick*, 431 U.S. at 729; *Delaware Valley Surgical Supply, Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1120-121 (9th Cir. 2008). [REDACTED] Unless within an exception, the DAPs' indirect purchases from NEC and NMV are therefore barred under *Illinois Brick*. *See, e.g.*, Order Adopting in Part &

Modifying in Part Special Master's Report & Recommendation on Defs.' Mot. To Dismiss Direct Action Pls.' Compls., at 2, Aug. 21, 2013, ECF No. 1856 ("The DAPs, despite their moniker, are classified as indirect purchasers under antitrust law—not direct purchasers.").

## II. No Exception to the *Illinois Brick* Direct Purchaser Rule Applies.

A plaintiff can only overcome the *Illinois Brick* bar if it can establish one of three narrow exceptions. *See Burkhalter Travel Agency v. MacFarms Int'l, Inc.*, 141 F.R.D. 144, 148 (N.D. Cal. 1991) ("The Supreme Court has made it clear that these are very limited exceptions."); *In re ATM Fee Antitrust Litig.*, 686 F.3d at 749. The three exceptions that have been suggested are:

(1) **The "Cost Plus" Exception.** The direct and indirect purchaser have a pre-existing cost-plus contract. *See Illinois Brick*, 431 U.S. at 736.

(2) **The Co-Conspirator Exception**. The indirect purchaser can establish that the direct purchaser was a co-conspirator in the alleged price-fixing conspiracy. *See Arizona v. Shamrock Foods Co.*, 729 F.2d 1208, 1211 (9th Cir. 1984).

(3) **The Owned or Controlled Exception**. An alleged co-conspirator owns or controls the direct purchaser, or the direct purchaser owns or controls an alleged co-conspirator. *See Royal Printing Co. v. Kimberly-Clark Corp.*, 621 F.2d 323, 326 (9th Cir. 1980).

The "cost plus" and co-conspirator exceptions do not apply.[5] Therefore, DAP purchases from NEC and NMV only survive if they can establish that Mitsubishi Electric "owned or controlled" NEC and NMV. They cannot.

---

[5] No NEC Entity is named as a Defendant or Co-conspirator in DAPs' Complaints. Even if they attempted to do so now, it would be too late. *See Jewish Hosp. Ass'n of Louisville, Ky., Inc. v. Stewart Mech. Enters., Inc.*, 628 F.2d 971, 977 (6th Cir. 1980) (rejecting plaintiff's attempt to taint direct purchaser with illegality after defendants had moved for summary judgment, because it was "a transparent attempt to evade the rule of Illinois Brick."). NMV is only named as a Co-Conspirator in four Complaints. *See* Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, Original Compl. ¶ 90; Sears, Roebuck and Co. and Kmart Original Compl. ¶88; Target Corp. Original Compl. ¶86; Costco Wholesale Corporation Am. Compl. ¶89. Despite some DAPs' allegations that NMV was a Co-Conspirator, to Mitsubishi Electric's knowledge, no evidence implicates NMV in the alleged price-fixing conspiracy.

**A.     Mitsubishi Electric Never Owned or Controlled NEC.**

In fact, as is clear from NEC's own public filings, it is a public Japanese corporation and Mitsubishi Electric has no ownership interest in it. (*See, e.g.*, Ex. B, NEC Corporation Annual Report (2000); *see also* Ex. C, Hoovers: NEC Corporation Profile 6 (Nov. 6, 2014.) DAPs therefore lack standing to bring damages claims for purchases from NEC under *Illinois Brick*.

**B.     Mitsubishi Electric Never Owned or Controlled NMV.**

The DAPs also may not recover for any purchases of CRT Finished Products from NMV.

, and NMV's unique structure ensured that Mitsubishi Electric could not control NMV.

To establish ownership or control, DAPs must show that Mitsubishi Electric had the power to set NMV's prices. For example, in *Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co. (In re Vitamin C Antitrust Litig.)*, the court held that the defendant did not own or control its subsidiary because it could not "set [the subsidiary's] prices along the chain of distribution." 279 F.R.D. 90, 101 (E.D.N.Y. 2012) (internal quotation marks omitted). The court rejected the plaintiff's argument that it had established ownership or control simply by alleging that the subsidiary was "wholly owned." *Id.* at 101-02. The court found this unpersuasive, especially because testimony showed that the subsidiary's own employees set prices and the parent company lacked control over pricing decisions. *Id.*; *see also In re Lithium Batteries*, 2014 U.S. Dist. LEXIS 7516, at *52 (N.D. Cal. Jan. 21, 2014) (noting that the Ninth Circuit pays

6

MITSUBISHI ELECTRIC DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DAPS' CRT PRODUCT PURCHASES FROM NEC CORPORATION AND NEC-MITSUBISHI ELECTRIC VISUAL SYSTEMS CORPORATION
Case No. 3:07-cv-5944-SC; MDL No. 1917

"particular attention to the ability of the accused conspirators to 'set . . . fees or control [the] board'"); *see also In re ATM Fee*, 686 F.3d at 758 (minority ownership "does not create control [without] power to set interchange fee or to control [the seller's] board."). Nor does the parent's ability to provide *input* on prices or policies qualify as control. *See In re ATM Fee*, 686 F.3d at 758.

Here, Mitsubishi Electric does not own or control NMV. Mitsubishi Electric does not have a majority or controlling interest in NMV: [REDACTED] By its own design, NMV attempted to prevent either NEC or Mitsubishi Electric from owning a majority of the joint venture.

In addition, no evidence suggests that Mitsubishi Electric had the power to exercise control over NMV's pricing decisions. [REDACTED]

As a final point, the underlying logic behind the owned-or-controlled exception makes little sense as applied to NMV, given its unique circumstances. The DAPs have never alleged that NEC was a co-conspirator in the alleged CRT conspiracy. Thus, in order for DAPs' theory to make any sense, Mitsubishi Electric would need to have completely duped NEC—[REDACTED]—into making pricing decisions that somehow complied with the alleged price-fixing conspiracy. [REDACTED], it would be impossible for Mitsubishi Electric to actually implement or enforce any conspiratorial pricing without NEC's consent. But DAPs have failed to put forward any evidence that Mitsubishi Electric used its ownership interest in NMV to control NEC in this way.

**CONCLUSION**

For the foregoing reasons, DAPs lack standing to pursue damages claims based on purchases from NEC and NMV. Defendants therefore respectfully request that the Court grant this motion for summary judgment.

DATED: November 7, 2014

JENNER & BLOCK LLP

By: /s/ *Terrence J. Truax*

JENNER & BLOCK LLP
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and, Mitsubishi Electric Visual Solutions America, Inc.*