# EXHIBIT 2

BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: | **OBJECTIONS AND RESPONSES OF DEFENDANT KONINKLIJKE PHILIPS N.V. TO DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |
| *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656; | |
| *Siegel v. Hitachi, Ltd., et al.* No. 11-cv-05502;| |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | |
| *Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; | |
| *Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275; | |
| *Office Depot, Inc. v. Hitachi Ltd., et al.,* | |

No. 11-cv-06276;

*CompuCom Systems, Inc. v. Hitachi, Ltd.,* et al., No. 11-cv-06396;

*Costco Wholesale Corporation v. Hitachi,* Ltd., et al., No. 11-cv-06397;

*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.,* No. 12-cv-02648;

*Schultze Agency Services, LLC, et al.* v. Hitachi, Ltd., et al., No. 12-cv-02649;

*Tech Data Corporation, et al. v. Hitachi, Ltd., et al.,* No.13-cv-00157;

*DAPs Inc. and DAPs Products L.P. v. Hitachi Ltd., et al.,* No.13-cv-02171;

*Siegel v. Technicolor SA, et al.,* No. 13-cv-05261;

*Sears, Roebuck & Co., et al. v. Technicolor SA, et al.,* No. 13-cv-05262;

*Best Buy Co., Inc., et al. v Technicolor SA, et al.,* No.13-cv-05264;

*Schultze Agency Services, LLC v. Technicolor SA, et al.,* No. 13-cv-05668;

*Target Corp., v. Technicolor SA, et al.,* No.13-cv-05686;

*Costco Wholesale Corporation v. Technicolor SA, et al.,* No. 13-cv-05723;

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05724;

P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al., No. 13-cv-05725;

*Office Depot, Inc., v. Technicolor SA, et al.,* No.13-cv-05726;

*Interbond Corporation of America v. Technicolor SA, et al.,* No. 13-cv-05727.

PROPOUNDING PARTY:                    Direct Action Plaintiffs Electrograph Systems, Inc. and
                                      Electrograph Technologies Corp.; Alfred H. Siegel, solely
                                      as Trustee of the Circuit City Stores, Inc. Liquidating

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; CompuCom Systems, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; Tech Data Corporation and Tech Data Product Management, Inc.; and Dell Inc. and Dell Products L.P.

RESPONDING PARTY:          KONINKLIJKE PHILIPS N.V.

SET NO.:                   One

available documents.  KPNV further objects to this Request on the ground that it calls for a legal

argument or legal conclusion.  KPNV also objects to the terms "authentic" and "business record"

because they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its foregoing objections, KPNV denies this Request.

**REQUEST NO. 10.**

Admit that in June 2001, Royal Philips and LGEI entered into the Joint Venture

Agreement, in which Royal Philips and LGEI each agreed to transfer their entire CRT operations

to the joint venture corporation, LPD.

**RESPONSE TO REQUEST NO. 10**

In addition to KPNV's General Objections, which KPNV incorporates by reference,

KPNV specifically objects to this Request to the extent it is overly broad, unduly burdensome,

and seeks information that is maintained by and equally available to DAPs or stated in publicly

available documents.  KPNV further objects to this Request on the ground that it calls for a legal

argument or legal conclusion.  KPNV also objects to the terms "entered," "transfer," "entire," and

"CRT operations" because they are vague, ambiguous, overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its foregoing objections, KPNV admits this Request to the

extent that the parameters of the formation of LG.Philips Displays Holding B.V. are defined by

the joint venture agreement between KPNV and LG Electronics Inc.

**REQUEST NO. 11.**

Admit that in 2001 LPD was formed with Royal Philips and Philips GmbH holding a 50%

plus one share ownership interest.

**RESPONSE TO REQUEST NO. 11**

In addition to KPNV's General Objections, which KPNV incorporates by reference,

KPNV specifically objects to this Request to the extent it is overly broad, unduly burdensome,

and seeks information that is maintained by and equally available to DAPs or stated in publicly

1   available documents.  KPNV further objects to this Request on the ground that it calls for a legal

2   argument or legal conclusion.  KPNV also objects to the terms "identify," "used," and "sold"

3   because they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably

4   calculated to lead to the discovery of admissible evidence.

5          Subject to and without waiving its foregoing objections, KPNV denies this Request.

6

7

8   Dated:  July 10, 2014                          BAKER BOTTS LLP

9

10  _____

11                                                 Email: charles.malaise@bakerbotts.com
                                                   BAKER BOTTS LLP
12                                                 1299 Pennsylvania Avenue, N.W.
                                                   Washington, D.C. 20004-2400
13                                                 Telephone: (202) 639-1117
                                                   Facsimile:  (202) 585-1037
14
                                                   *Attorney for Koninklijke Philips N.V.*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

KONINKLIJKE PHILIPS N.V. OBJECTIONS AND RESPONSES TO DIRECT ACTION PLAINTIFFS' FIRST SET OF
REQUESTS FOR ADMISSION

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a true and correct copy of the documents listed below to be served by e-mail transmission on July 10, 2014 to each of the persons set forth in the attached service list below.

    1.  Koninklijke Philips N.V.'s Objections and Responses to DAPs' First Set of Requests for Admission

Dated: July 10, 2014

_____

Charles M. Malaise

KONINKLIJKE PHILIPS N.V. OBJECTIONS AND RESPONSES TO DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

1

2

*In re: Cathode Ray Tube (CRT) Antitrust Litigation* **- MDL No. 1917**

3

**SERVICE LIST**

| | |
|---|---|
| Mario N. Alioto<br>Lauren C. Capurro (Russell)<br>E-mail: malioto@tatp.com<br>E-mail: laurenrussell@tatp.com<br>TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP<br><br>*Interim Lead Counsel for the Indirect Purchaser Plaintiffs* | Guido Saveri<br>R. Alexander Saveri<br>Geoffrey C. Rushing<br>E-mail: guido@saveri.com<br>E-mail: rick@saveri.com<br>E-mail: grushing@saveri.com<br>SAVERI & SAVERI, INC.<br><br>*Interim Lead Counsel for the Direct Purchaser Plaintiffs* |
| Philip J. Iovieno<br>Anne M. Nardacci<br>E-mail: piovieno@bsfllp.com<br>E-mail: anardacci@bsfllp.com<br>BOIES, SCHILLER & FLEXNER LLP<br><br>*Liaison Counsel for Direct Action Plaintiffs* | Emilio Varanini<br>E-mail: emilio.varanini@doj.ca.gov<br>OFFICE OF THE ATTORNEY GENERAL OF CALIFORNIA<br><br>*Attorneys for the State of California* |
| *All defense counsel* ||

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KONINKLIJKE PHILIPS N.V. OBJECTIONS AND RESPONSES TO DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

# <u>EXHIBIT 3</u>

# (FILED UNDER SEAL)

# **<u>EXHIBIT 4</u>**

BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Philips Electronics North America Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: | **OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| ALL INDIRECT PURCHASER ACTIONS | |

MDL 1917

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

1

2 PROPOUNDING PARTY:                Indirect Purchaser Plaintiffs

3
  RESPONDING PARTY:                 Philips Electronics North America Corporation
4
  SET NO.:                          One
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

1    Have You ever participated in any conspiracy to fix prices, limit production or capacity,

2  allocate customers and/or allocate market share of CRTs?

3  **RESPONSE TO INTERROGATORY NO. 1**

4    In addition to PENAC's General Objections, which PENAC incorporates by reference,

5  PENAC specifically objects to this Interrogatory on the grounds that it is overbroad, unduly

6  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7  PENAC objects to this Interrogatory on the grounds that it calls for a legal conclusion.

8    PENAC also objects to this Interrogatory on the grounds that the terms "participated" and

9  "conspiracy," "fix prices," "limit production," "capacity," "allocate customers," and "allocate

10  market share" are vague and ambiguous, rendering this Interrogatory overbroad, unduly

11  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

12    Subject to and without waiving the objections stated above, PENAC never "participated

13  in any conspiracy to fix prices, limit production or capacity, allocate customers and/or allocate

14  market share of CRTs."

15  **INTERROGATORY NO. 2**

16    If You contend that You withdrew from any CRT Conspiracy, state:

17      (a) Why You withdrew from the conspiracy;

18      (b) What specific acts You took to withdraw from the CRT Conspiracy;

19      (c) Any co-conspirators or Law Enforcement Agents to whom You communicated

20      Your withdrawal; and

21      (d) Who withdrew from the CRT Conspiracy on your behalf.

22  **RESPONSE TO INTERROGATORY NO. 2**

23    In addition to PENAC's General Objections, which PENAC incorporates by reference,

24  PENAC specifically objects to this Interrogatory on the grounds that it is overbroad, unduly

25  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and

26  seeks information that is maintained by and equally available to IPPs or stated in publicly

27  available documents.  PENAC objects to this Interrogatory to the extent that the terms

28

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

"withdrew," "withdraw," and "withdrawal" call for a legal conclusion.  PENAC also objects to this Interrogatory on the grounds that the terms  "specific acts," "co-conspirators," and "communicated" are vague and ambiguous, rendering this Interrogatory overbroad,  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, PENAC states that PENAC never participated in any conspiracy. In addition to this fact, PENAC exited the CRT business in June 2001. At that time, Koninklijke Philips N.V. ("KPNV") divested all of its CRT-related assets and operations to LP Displays (f/k/a LG.Philips Displays) ("LPD"), an independently operated joint venture between KPNV with LG Electronics.  Therefore, upon the formation of LPD, all subsidiaries of KPNV, including PENAC, divested their CRT manufacturing, distribution, and selling assets.  Upon the formation of LPD, KPNV communicated PENAC's exit from the manufacturing, distribution, and selling of CRTs.  These communications were open and notorious in the CRT industry.

**INTERROGATORY NO. 3**

If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all Evidence upon which You intend to rely to prove such contention.

**RESPONSE INTERROGATORY NO. 3**

In addition to PENAC's General Objections, which PENAC incorporates by reference, PENAC specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is maintained by and equally available to IPPs or stated in publicly available documents.  PENAC objects to this Interrogatory on the grounds that it calls for a legal argument or legal conclusion.  PENAC also objects that the terms "intend" and "contention" are vague and ambiguous, rendering this Interrogatory overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above and pursuant to Federal Rule of Civil Procedure 33(d), although not limited to the following, KPNV refers to the documents

1 Admission:

2   (a) state the number of the request for admission;

3   (b) state all facts upon which You base Your response;

4   (c) identify all Evidence upon which You intend to rely to support your response; and

5   (d) identify each person who has knowledge of the facts upon which you base your

6   response.

7 **RESPONSE TO INTERROGATORY NO. 136 - REQUEST FOR ADMISSION NO. 127**

8   In addition to PENAC's General Objections, which PENAC incorporates by reference,

9 PENAC specifically objects to this Interrogatory on the grounds that it is overbroad, unduly

10 burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

11 information that is maintained by and equally available to IPPs or stated in publicly available

12 documents.  PENAC also objects to this Interrogatory on the grounds that it calls for a legal

13 argument or legal conclusion. PENAC further objects to the use of the terms "unqualified,"

14 "knowledge," and "support" because they are vague and ambiguous, rendering this Interrogatory

15 overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

16 admissible evidence.

17   Subject to and without waiving the objections, PENAC lacks sufficient knowledge to

18 either admit or deny IPPs' Request for Admission No. 127 as the Request seeks detailed

19 information about the business practices of a third party.

20

21 Dated:  September 3, 2014    BAKER BOTTS LLP

22

23            _____

24            Email: charles.malaise@bakerbotts.com
             BAKER BOTTS LLP

25            1299 Pennsylvania Avenue, N.W.
             Washington, D.C. 20004-2400

26            Telephone: (202) 639-1117
             Facsimile:  (202) 585-1037

27

28            *Attorney for Philips Electronics North America*

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

*Corporation*

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a true and correct copy of the documents listed below to be served by e-mail transmission on September 3, 2014 to each of the persons set forth in the attached service list below.

1. Objections and Responses of Defendant Philips Electronics North America Corporation to Indirect Purchaser Plaintiffs' First Set Of Interrogatories

Dated: September 3, 2014

Charles M. Malaise

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

1

2

3

*In re: Cathode Ray Tube (CRT) Antitrust Litigation* **- MDL No. 1917**

**SERVICE LIST**

| | |
|---|---|
| Mario N. Alioto<br>Lauren C. Capurro (Russell)<br>E-mail: malioto@tatp.com<br>E-mail: laurenrussell@tatp.com<br>TRUMP, ALIOTO, TRUMP & PRESCOTT,<br>LLP<br><br>*Interim Lead Counsel for the Indirect*<br>*Purchaser Plaintiffs* | Guido Saveri<br>R. Alexander Saveri<br>Geoffrey C. Rushing<br>E-mail: guido@saveri.com<br>E-mail: rick@saveri.com<br>E-mail: grushing@saveri.com<br>SAVERI & SAVERI, INC.<br><br>*Interim Lead Counsel for the Direct Purchaser*<br>*Plaintiffs* |
| Philip J. Iovieno<br>Anne M. Nardacci<br>E-mail: piovieno@bsfllp.com<br>E-mail: anardacci@bsfllp.com<br>BOIES, SCHILLER & FLEXNER LLP<br><br>*Liaison Counsel for Direct Action Plaintiffs* | Emilio Varanini<br>E-mail: emilio.varanini@doj.ca.gov<br>OFFICE OF THE ATTORNEY GENERAL<br>OF CALIFORNIA<br><br>*Attorneys for the State of California* |
| *All defense counsel* | |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

# **EXHIBIT 5**

BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Philips Taiwan Limited*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: | **OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS TAIWAN LIMITED TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| ALL INDIRECT PURCHASER ACTIONS | |

MDL 1917

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS TAIWAN LIMITED TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

1

2       PROPOUNDING PARTY:                    Indirect Purchaser Plaintiffs

3
        RESPONDING PARTY:                     Philips Taiwan Limited
4
        SET NO.:                              One
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS TAIWAN LIMITED TO INDIRECT PURCHASER PLAINTIFFS'
FIRST SET OF INTERROGATORIES

1  and not reasonably calculated to lead to the discovery of admissible evidence.  PTL objects to

2  this Interrogatory on the grounds that it calls for a legal conclusion.

3      PTL also objects to this Interrogatory on the grounds that the terms "participated" and

4  "conspiracy," "fix prices," "limit production," "capacity," "allocate customers," and "allocate

5  market share" are vague and ambiguous, rendering this Interrogatory overbroad, unduly

6  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7      Subject to and without waiving the objections stated above, PTL never "participated in

8  any conspiracy to fix prices, limit production or capacity, allocate customers and/or allocate

9  market share of CRTs."

10 **INTERROGATORY NO. 2**

11     If You contend that You withdrew from any CRT Conspiracy, state:

12         (a) Why You withdrew from the conspiracy;

13         (b) What specific acts You took to withdraw from the CRT Conspiracy;

14         (c) Any co-conspirators or Law Enforcement Agents to whom You communicated

15         Your withdrawal; and

16         (d) Who withdrew from the CRT Conspiracy on your behalf.

17 **RESPONSE TO INTERROGATORY NO. 2**

18     In addition to PTL's General Objections, which PTL incorporates by reference, PTL

19 specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome,

20 not reasonably calculated to lead to the discovery of admissible evidence, and seeks information

21 that is maintained by and equally available to IPPs or stated in publicly available documents.

22 PTL objects to this Interrogatory to the extent that the terms "withdrew," "withdraw," and

23 "withdrawal" call for a legal conclusion.  PTL also objects to this Interrogatory on the grounds

24 that the terms  "specific acts," "co-conspirators," and "communicated" are vague and

25 ambiguous, rendering this Interrogatory overbroad,  unduly burdensome, and not reasonably

26 calculated to lead to the discovery of admissible evidence.

27     Subject to and without waiving the objections stated above, PTL states that PTL never

28

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS TAIWAN LIMITED TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES

1    participated in any conspiracy. In addition to this fact, PTL exited the CRT business in June

2    2001. At that time, Koninklijke Philips N.V. ("KPNV") divested all of its CRT-related assets and

3    operations to LP Displays (f/k/a LG.Philips Displays) ("LPD"), an independently operated joint

4    venture between KPNV with LG Electronics.  Therefore, upon the formation of LPD, all

5    subsidiaries of KPNV, including PTL, divested their CRT manufacturing, distribution, and

6    selling assets.  Upon the formation of LPD, KPNV communicated PTL's exit from the

7    manufacturing, distribution, and selling of CRTs.  These communications were open and

8    notorious in the CRT industry.

9    **INTERROGATORY NO. 3**

10    If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all Evidence

11    upon which You intend to rely to prove such contention.

12    **RESPONSE INTERROGATORY NO. 3**

13    In addition to PTL's General Objections, which PTL incorporates by reference, PTL

14    specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome,

15    not reasonably calculated to lead to the discovery of admissible evidence, and seeks information

16    that is maintained by and equally available to IPPs or stated in publicly available documents.

17    PTL objects to this Interrogatory on the grounds that it calls for a legal argument or legal

18    conclusion.  PTL also objects that the terms "intend" and "contention" are vague and

19    ambiguous, rendering this Interrogatory overbroad, unduly burdensome, and not reasonably

20    calculated to lead to the discovery of admissible evidence.

21    Subject to and without waiving the objections stated above and pursuant to Federal Rule

22    of Civil Procedure 33(d), although not limited to the following, KPNV refers to the documents

23    previously produced at the following Bates numbers: PHLP-CRT-027882; PHLP-CRT-031121;

24    PHLP-CRT-048010; PHLP-CRT-048011; PHLP-CRT-051463; PHLP-CRT-051470; PHLP-

25    CRT-051982; PHLP-CRT-105150LPD-NL00006873; LPD-NL00016305; LPD-NL00052859;

26    LPD-NL00053443; LPD-NL00282438; FOX00015812; FOX00385164; FOX00385886; HDP-

27    CRT00026009; HDP-CRT00026035; HDP-CRT00026061; HDP-CRT00040490; HEDUS-

28

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS TAIWAN LIMITED TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES

1    specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome,

2    not reasonably calculated to lead to the discovery of admissible evidence, and seeks information

3    that is maintained by and equally available to IPPs or stated in publicly available documents.

4    PTL also objects to this Interrogatory on the grounds that it calls for a legal argument or legal

5    conclusion. PTL further objects to the use of the terms "unqualified," "knowledge," and

6    "support" because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

7    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

8         Subject to and without waiving the objections, PTL lacks sufficient knowledge to either

9    admit or deny IPPs' Request for Admission No. 127 as the Request seeks detailed information

10   about the business practices of a third party.

11

12

13   Dated:  September 3, 2014                    BAKER BOTTS LLP

14                                                _____

15

16                                               Email: charles.malaise@bakerbotts.com
                                                 BAKER BOTTS LLP
17                                               1299 Pennsylvania Avenue, N.W.
                                                 Washington, D.C. 20004-2400
18                                               Telephone: (202) 639-1117
                                                 Facsimile:  (202) 585-1037
19

20                                               *Attorney for Philips Taiwan Limited*

21

22

23

24

25

26

27

28
                                        121                              MDL 1917
     OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS TAIWAN LIMITED TO INDIRECT PURCHASER
                         PLAINTIFFS' FIRST SET OF INTERROGATORIES

1

**CERTIFICATE OF SERVICE**

2      I HEREBY CERTIFY that I caused a true and correct copy of the documents listed below

3   to be served by e-mail transmission on September 3, 2014 to each of the persons set forth in the

4   attached service list below.

5          1.  Objections and Responses of Defendant Philips Taiwan Limited to Indirect
                Purchaser Plaintiffs' First Set Of Interrogatories
6

7

8   Dated: September 3, 2014

9

10

11  _____

12  Charles M. Malaise

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*In re: Cathode Ray Tube (CRT) Antitrust Litigation* - **MDL No. 1917**

**SERVICE LIST**

| | |
|---|---|
| Mario N. Alioto<br>Lauren C. Capurro (Russell)<br>E-mail: malioto@tatp.com<br>E-mail: laurenrussell@tatp.com<br>TRUMP, ALIOTO, TRUMP & PRESCOTT,<br>LLP<br><br>*Interim Lead Counsel for the Indirect*<br>*Purchaser Plaintiffs* | Guido Saveri<br>R. Alexander Saveri<br>Geoffrey C. Rushing<br>E-mail: guido@saveri.com<br>E-mail: rick@saveri.com<br>E-mail: grushing@saveri.com<br>SAVERI & SAVERI, INC.<br><br>*Interim Lead Counsel for the Direct Purchaser*<br>*Plaintiffs* |
| Philip J. Iovieno<br>Anne M. Nardacci<br>E-mail: piovieno@bsfllp.com<br>E-mail: anardacci@bsfllp.com<br>BOIES, SCHILLER & FLEXNER LLP<br><br>*Liaison Counsel for Direct Action Plaintiffs* | Emilio Varanini<br>E-mail: emilio.varanini@doj.ca.gov<br>OFFICE OF THE ATTORNEY GENERAL<br>OF CALIFORNIA<br><br>*Attorneys for the State of California* |
| *All defense counsel* ||

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS TAIWAN LIMITED TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES

# <u>EXHIBIT 6</u>

BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Philips do Brasil, Ltda.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: <br><br> ALL INDIRECT PURCHASER ACTIONS | **OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS DO BRASIL, LTDA. TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

MDL 1917

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS DO BRASIL, LTDA. TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES

PROPOUNDING PARTY:              Indirect Purchaser Plaintiffs

RESPONDING PARTY:              Philips do Brasil, Ltda.

SET NO.:                      One

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS DO BRASIL, LTDA. TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES

allocate customers and/or allocate market share of CRTs?

**RESPONSE TO INTERROGATORY NO. 1**

In addition to PDBL's General Objections, which PDBL incorporates by reference, PDBL specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. PDBL objects to this Interrogatory on the grounds that it calls for a legal conclusion.

PDBL also objects to this Interrogatory on the grounds that the terms "participated" and "conspiracy," "fix prices," "limit production," "capacity," "allocate customers," and "allocate market share" are vague and ambiguous, rendering this Interrogatory overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, PDBL never "participated in any conspiracy to fix prices, limit production or capacity, allocate customers and/or allocate market share of CRTs."

**INTERROGATORY NO. 2**

If You contend that You withdrew from any CRT Conspiracy, state:

(a) Why You withdrew from the conspiracy;

(b) What specific acts You took to withdraw from the CRT Conspiracy;

(c) Any co-conspirators or Law Enforcement Agents to whom You communicated Your withdrawal; and

(d) Who withdrew from the CRT Conspiracy on your behalf.

**RESPONSE TO INTERROGATORY NO. 2**

In addition to PDBL's General Objections, which PDBL incorporates by reference, PDBL specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is maintained by and equally available to IPPs or stated in publicly available documents.  PDBL objects to this Interrogatory to the extent that the terms "withdrew," "withdraw," and "withdrawal" call for a legal conclusion.  PDBL also objects to

1   this Interrogatory on the grounds that the terms  "specific acts," "co-conspirators," and

2   "communicated" are vague and ambiguous, rendering this Interrogatory overbroad,  unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4   Subject to and without waiving the objections stated above, PDBL states that PDBL

5   never participated in any conspiracy. In addition to this fact, PDBL exited the CRT business in

6   June 2001. At that time, Koninklijke Philips N.V. ("KPNV") divested all of its CRT-related

7   assets and operations to LP Displays (f/k/a LG.Philips Displays) ("LPD"), an independently

8   operated joint venture between KPNV with LG Electronics.  Therefore, upon the formation of

9   LPD, all subsidiaries of KPNV, including PDBL, divested their CRT manufacturing,

10  distribution, and selling assets.  Upon the formation of LPD, KPNV communicated PDBL's exit

11  from the manufacturing, distribution, and selling of CRTs.  These communications were open

12  and notorious in the CRT industry.

13  **INTERROGATORY NO. 3**

14  If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all Evidence

15  upon which You intend to rely to prove such contention.

16  **RESPONSE INTERROGATORY NO. 3**

17  In addition to PDBL's General Objections, which PDBL incorporates by reference,

18  PDBL specifically objects to this Interrogatory on the grounds that it is overbroad, unduly

19  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and

20  seeks information that is maintained by and equally available to IPPs or stated in publicly

21  available documents.  PDBL objects to this Interrogatory on the grounds that it calls for a legal

22  argument or legal conclusion.  PDBL also objects that the terms "intend" and "contention" are

23  vague and ambiguous, rendering this Interrogatory overbroad, unduly burdensome, and not

24  reasonably calculated to lead to the discovery of admissible evidence.

25  Subject to and without waiving the objections stated above and pursuant to Federal Rule

26  of Civil Procedure 33(d), although not limited to the following, KPNV refers to the documents

27  previously produced at the following Bates numbers: PHLP-CRT-027882; PHLP-CRT-031121;

28

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS DO BRASIL, LTDA. TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES

Dated:  September 3, 2014          BAKER BOTTS LLP

_____

Email: charles.malaise@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-1117
Facsimile:  (202) 585-1037

*Attorney for Philips do Brasil, Ltda.*

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS DO BRASIL, LTDA. TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a true and correct copy of the documents listed below to be served by e-mail transmission on September 3, 2014 to each of the persons set forth in the attached service list below.

1.  Objections and Responses of Defendant Philips do Brasil, Ltda. to Indirect Purchaser Plaintiffs' First Set Of Interrogatories

Dated: September 3, 2014

_____

Charles M. Malaise

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS DO BRASIL, LTDA. TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES

*In re: Cathode Ray Tube (CRT) Antitrust Litigation* - **MDL No. 1917**

**SERVICE LIST**

| | |
|---|---|
| Mario N. Alioto<br>Lauren C. Capurro (Russell)<br>E-mail: malioto@tatp.com<br>E-mail: laurenrussell@tatp.com<br>TRUMP, ALIOTO, TRUMP & PRESCOTT,<br>LLP<br><br>*Interim Lead Counsel for the Indirect*<br>*Purchaser Plaintiffs* | Guido Saveri<br>R. Alexander Saveri<br>Geoffrey C. Rushing<br>E-mail: guido@saveri.com<br>E-mail: rick@saveri.com<br>E-mail: grushing@saveri.com<br>SAVERI & SAVERI, INC.<br><br>*Interim Lead Counsel for the Direct Purchaser*<br>*Plaintiffs* |
| Philip J. Iovieno<br>Anne M. Nardacci<br>E-mail: piovieno@bsfllp.com<br>E-mail: anardacci@bsfllp.com<br>BOIES, SCHILLER & FLEXNER LLP<br><br>*Liaison Counsel for Direct Action Plaintiffs* | Emilio Varanini<br>E-mail: emilio.varanini@doj.ca.gov<br>OFFICE OF THE ATTORNEY GENERAL<br>OF CALIFORNIA<br><br>*Attorneys for the State of California* |
| *All defense counsel* | |

MDL 1917

OBJECTIONS AND RESPONSES OF DEFENDANT PHILIPS DO BRASIL, LTDA. TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES