1   JEROME C. ROTH (State Bar No. 159483)
    jerome.roth@mto.com
2   HOJOON HWANG (State Bar No. 184950)
    hojoon.hwang@mto.com
3   MIRIAM KIM (State Bar No. 238230)
    miriam.kim@mto.com
4   MUNGER, TOLLES & OLSON LLP
    560 Mission Street
5   Twenty-Seventh Floor
    San Francisco, California 94105-2907
6   Telephone:     (415) 512-4000
    Facsimile:     (415) 512-4077
7
    WILLIAM D. TEMKO (State Bar No. 98858)
8   william.temko@mto.com
    MUNGER, TOLLES & OLSON LLP
9   355 South Grand Avenue
    Thirty-Fifth Floor
10  Los Angeles, CA 90071-1560
    Telephone:     (213) 683-9100
11  Facsimile:     (213) 687-3702

12  *Attorneys for Defendants LG Electronics, Inc.,*
    *LG Electronics U.S.A., Inc. and LG Electronics*
13  *Taiwan Taipei Co., LTD*

14  *Additional Moving Defendants and Counsel*
    *Listed on Signature Pages*
15

16              UNITED STATES DISTRICT COURT

17      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

18

19  | This Document Relates to: | Case No. Master File No. 3:07-cv-05944-SC |

20  DIRECT PURCHASER ACTIONS | MDL NO. 1917

21  | | **DECLARATION OF LAURA K. LIN IN SUPPORT OF DEFENDANTS' JOINT**
22  | | **NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**
23  | | **AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS**
24  | | **GROUNDS – Sealed Exhibits A, B, 1-8, 10-11, 13-16, 21-26, and 28-30**
25

26  | | Judge:    Honorable Samuel Conti
                Date:     February 6, 2015
27  | | Time:     10:00 a.m.
                Crtrm.:   1, 17th Floor
28

DECLARATION OF LAURA K. LIN ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
ON DUE PROCESS

1    I Laura K. Lin hereby certify and state as follows:

2    1.    I am over the age of eighteen, and am not a party to this action.  I have personal

3    knowledge of the facts and matters stated herein and, if called, could and would testify

4    competently to them.

5    2.    Attached hereto as Exhibit A is a true and correct copy of recent versions of

6    Plaintiffs' Exhibit A, which Plaintiffs identified in their interrogatory responses as containing

7    "[e]vidence supporting defendants' and their co-conspirators' price fixing includes documents

8    produced by all parties and the testimony of witnesses."  Specifically, Exhibit A hereto contains

9    both: (1) the Supplemental Exhibit A produced to Defendants on September 5, 2014; and (2) the

10   November 6, 2014 Supplemental Exhibit A, served the evening before the summary judgment

11   motion deadline, and joined by Plaintiffs ABC Appliance, Inc., CompuCom Systems, Inc.,

12   Electrograph Systems, Inc., Electrograph Technologies Corp., Interbond Corporation of America,

13   MARTA Cooperative of America, Inc., Office Depot, Inc., P.C. Richard & Son Long Island

14   Corporation, and Schultze Agency Services, LLC (collectively, the "Boies, Schiller Plaintiffs").

15   3.    On November 7, 2014, the day of the summary judgment filing, one or more

16   additional Plaintiffs also served a so-called "Supplemental Exhibit A."  This version of

17   Supplemental Exhibit A appears to mirror the November 6, 2014 Supplemental Exhibit A served

18   by the Boies, Schiller Plaintiffs.

19   4.    Attached hereto as Exhibit B is a true and correct copy of a document I created

20   for the convenience of the Court and the parties.  I created Exhibit B by filtering both versions of

21   Plaintiffs' Exhibit A (meaning the former Supplemental Exhibit A and the November 6, 2014

22   Supplemental Exhibit A, attached hereto together as Exhibit A).  Specifically, I filtered both

23   versions of Plaintiffs' Exhibit A by location (as identified by Plaintiffs in the second column of

24   their Exhibit A) and selected entries that reference, or appear to reference, the United States.   In

25   addition, I added entries to Exhibit B based on the additional allegations relating to conduct in the

26   United States contained in exhibits to the Rebuttal Expert Report of Jerry A. Hausman (Sept. 26,

27   2014).  To distinguish these entries from those entries found on Plaintiffs' Exhibit A, I designated

28   these latter entries with the letter "H" in the "Exhibit A Line" Column of Exhibit B.  Although

- 1 -

3:07-cv-05944-SC; MDL No. 1917

DECLARATION OF LAURA K. LIN ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
ON DUE PROCESS

1  Plaintiffs have indicated that their evidence of anticompetitive conduct may arise from all

2  discovery documents and responses, I have not located any additional references to Plaintiffs'

3  allegations of anticompetitive conduct in the United States.

4        5.      Attached hereto as Exhibit C is a true and correct copy of a document I created

5  for the convenience of the Court and the parties.  I created Exhibit C by listing all of the

6  Defendants' motions of which I am aware that relate to Plaintiffs' state law claims.  I have

7  summarized the state law claims raised by each of the Plaintiffs addressed in these motions related

8  to Plaintiffs' state law claims.  Based on my understanding of the motions and the outstanding

9  claims, I described the relationship among the motions in an effort to assist the Court and the

10  parties in determining how the motions relate to one another.  For instance, if I understand that

11  ruling in Defendants' favor on one motion will render moot the arguments raised in another

12  motion concerning the same claims, I have indicated this result in the "Relationship Among

13  Motions" column of the chart.

14        6.      Counsel for Defendants consolidated their arguments related to Plaintiffs' state

15  law claims to the best of our abilities.  Defendants have filed separate motions related to Plaintiffs'

16  state law claims where necessitated by the number of different plaintiffs and the variations in the

17  different legal standards addressed in the separate motions.

18        7.      Attached hereto at Exhibit 1 is a true and correct copy of deposition exhibit

19  1404E marked at the deposition of Hirokazu Nishiyama (Volume 1) deposed in this case on March

20  5, 2013.

21        8.      Attached hereto as Exhibit 2 is a true and correct copy of deposition exhibit 2765

22  marked at the deposition of Robert O'Brien (Volume 1) deposed in this case on March 20, 2014.

23        9.      Attached hereto as Exhibit 3 is a true and correct copy of a document produced in

24  this case and Bates stamped as MTPD-0045661-MTPD-0045664.

25        10.      Attached hereto as Exhibit 4 is a true and correct copy of a document produced in

26  this case and Bates stamped as TCE-CRT 000375.

27        11.      Attached hereto as Exhibit 5 is a true and correct copy of a document produced in

28  this case and Bates stamped as TCE-CRT 000380.

12.     Attached hereto as Exhibit 6 is a true and correct copy of a document produced in this case and Bates stamped as TCE-CRT 0021804-TCE-CRT0021806.

13.     Attached hereto as Exhibit 7 is a true and correct copy of a document produced in this case and Bates stamped as TCE-CRT 0029077.

14.     Attached hereto as Exhibit 8 is a true and correct copy of a document produced in this case and Bates stamped as PTC-00004295.

15.     Attached hereto as Exhibit 9 is a true and correct copy of excerpts from the deposition of Geoffrey Shavey deposed in this case on December 7, 2012.

16.     Attached hereto as Exhibit 10 is a true and correct copy of excerpts from the deposition of Patrick Canavan (Volume 2) deposed in this case on January 31, 2014.

17.     Attached hereto as Exhibit 11 is a true and correct copy of excerpts from the deposition Robert O'Brien (Volume 1)  deposed in this case on March 20, 2014.

18.     Attached hereto as Exhibit 12 is a true and correct copy of excerpt from the deposition of John O'Donnell  deposed in this case on May 20, 2014.

19.     Attached hereto as Exhibit 13 is a true and correct copy of excerpt from the deposition of Frank Lincks deposed in this case on June 12, 2014.

20.     Attached hereto as Exhibit 14 is a true and correct copy of excerpts from the deposition of Woong Rae Kim (Volume 2) deposed in this case on July 2, 2014.

21.     Attached hereto as Exhibit 15 is a true and correct copy of excepts from the deposition of Kenneth Elzinga deposed in this case on July 17, 2014.

22.     Attached hereto as Exhibit 16 is a true and correct copy of excepts from the deposition of Steven Foxhall deposed in this case on September 17, 2014.

23.     Attached hereto as Exhibit 17 is a true and correct copy of Office Depot's Supplemental Responses and Objections to Toshiba America Electronic Components, Inc.'s and Philips Electronics North America Corporation's Interrogatories No. 19, 21 and 23, dated March 4, 2014.

24.     Attached hereto as Exhibit 18 is a true and correct copy of Costco Wholesale Corporation's Objections and Responses to Hitachi Asia, LTD.'s First Set of Interrogatories, dated July 21, 2014.

25.     Attached hereto as Exhibit 19 is a true and correct copy of CompuCom Systems, Inc.'s Objections and Responses to LG Electronics U.S.A., Inc. and Panasonic Corporation's Second Set of Interrogatories, dates July 24, 2014.

26.     Attached hereto as Exhibit 20 is a true and correct copy of Office Depot's Objections and Responses to Hitachi Asia, Ltd.'s First Set of Interrogatories, No. 1, dated July 24, 2014.

27.     Attached hereto as Exhibit 21 is a true and correct copy of excerpts from the deposition of Thomas L. Heiser (Volume 2) deposed in this case on March 18, 2014.

28.     Attached hereto as Exhibit 22 is a true and correct copy of a document produced in this case Bates stamped as HEDUS-CRT00186930.

29.     Attached hereto as Exhibit 23 is a true and correct copy of a document produced in this case Bates stamped as HEDUS-CRT00158744.

30.     Attached hereto as Exhibit 24 is a true and correct copy of a document produced in this case Bates stamped as HEDUS-CRT00160563.

31.     Attached hereto as Exhibit 25 is a true and correct copy of excerpts from the deposition  of Brian Stone (Volume 2) deposed in this case on May 22, 2014.

32.     Attached hereto as Exhibit 26 is a true and correct copy of excerpts from the deposition of Brian Carver deposed in this case on August 20, 2014.

33.     Attached hereto as Exhibit 27 is a true and correct copy of Best Buy's Objections and Responses to Defendants Panasonic Corporation of North America and LG Electronics USA, Inc.'s Second Set of Interrogatories.

34.     Attached hereto as Exhibit 28 is a true and correct copy deposition exhibit 917 and 917E marked at the deposition of Shinichi Iwamoto deposed in this case on February 8, 2013.

35.     Attached hereto as Exhibit 29 is a true and correct copy of a excerpts from the deposition of Shinichi Iwamoto  (Volume 1) deposed in this case on February 7, 2013.

3:07-cv-05944-SC; MDL No. 1917
DECLARATION OF LAURA K. LIN ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON DUE PROCESS

36.    Attached hereto as Exhibit 30 is a true and correct copy of excerpts from the deposition of Shinichi Iwamoto (Volume 2) deposed in this case on February 8, 2013.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.  Executed on the 7th day of November, 2014 in San Francisco, California.

*/s/ Laura K. Lin*
LAURA K. LIN

3:07-cv-05944-SC; MDL No. 1917
DECLARATION OF LAURA K. LIN ISO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON DUE PROCESS

SEALED EXHIBIT A TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS –

Filed Under Seal

SEALED EXHIBIT B TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS –

Filed Under Seal

EXHIBIT C TO LAURA K. LIN DECLARATION IN SUPPORT OF
DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT
ACTION PLAINTIFFS ON DUE PROCESS GROUNDS

# EXHIBIT C: SUMMARY OF MOTIONS RELATED TO PLAINTIFFS' STATE LAW CLAIMS

For the convenience of the Court and the parties, Defendants provide the following summary of the state law claims addressed in Defendants' motions for summary judgment.  The motions at issue in this Exhibit C are as follows[1]:

1.  Defendant's Motion for Partial Summary Judgment as to Indirect Purchaser Plaintiffs' and Certain Direct Action Plaintiffs' State Law Claims on Statute of Limitations Grounds ("Defs.' SOL Motion");

2.  Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s Motion for Summary Judgment on Direct Action Plaintiffs' State Law Claims on Due Process Grounds ("Chunghwa's Due Process Motion");[2]

3.  Defendants' Joint Motion for Partial Summary Judgment Against Indirect Purchaser Plaintiffs and Certain Direct Action Plaintiffs for Lack of Antitrust Injury and Antitrust Standing Under Federal and Certain State Laws (Defs.' Standing Motion");

4.  Defendant's Motion for Partial Summary Judgment Against Certain Direct Action Plaintiffs on Due Process Grounds and any joinders thereto (collectively, "Defs.' Due Process Motion");

5.  Defendant's Motion for Partial Summary Judgment as to Certain Direct Action Plaintiffs on State Law Claims Limited to Intrastate Activity ("Defs.' Intrastate Motion");

6.  Defendant's Motion for Partial Summary Judgment Against Costco on Choice of Law Grounds ("Defs.' Costco Motion");

---

[1] Counsel for Defendants consolidated their arguments related to Plaintiffs' state law claims to the best of our abilities.  Defendants have filed separate motions related to Plaintiffs' state law claims where necessitated by the number of different plaintiffs and the variations in the different legal standards addressed in the separate motions.  *See* Lin. Decl. ¶ 5.

[2] If the Court grants Chunghwa's Due Process Motion, that motion resolves all state law claims as to the Chunghwa Defendants.

7.  Defendant's Motion for Partial Summary Judgment Against CompuCom Systems, Inc. on Choice of Law Grounds ("Defs.' CompuCom Motion");

8.  Defendant's Motion for Partial Summary Judgment Against Office Depot on Choice of Law Grounds ("Defs.' Office Depot Motion");

9.  Defendant's Motion for Partial Summary Judgment Against Electrograph Systems, Inc., P.C. Richard & Sons Long Island Corporation, and MARTA Cooperative of America, Inc. on Choice of Law Grounds ("Defs.' Electrograph, PC Richard & MARTA Motion"); and

10. Defendant's Motion for Partial Summary Judgment Against Magnolia Hi-Fi on Choice of Law Grounds ("Defs.' Magnolia Motion").

**Summary of State Law Claims Addressed in Defendants' Motions**

| Plaintiff | State Law Claims Asserted by Plaintiff | Motion(s) Addressing Plaintiff's State Law Claims | Relationship Among Motions |
|---|---|---|---|
| CompuCom | • CA<br>• NY | • Defs.' CompuCom Motion<br>• Defs.' Standing Motion<br>• Defs.' Due Process Motion | If the Court grants Defs.' CompuCom Motion or Defs.' Standing Motion, either motion will fully resolve CompuCom's state law claims. |
| Costco | • AZ<br>• CA<br>• FL<br>• IL | • Defs.' Costco Motion<br>• Defs.' Standing Motion (regarding CA and IL claims)<br>• Defs.' SOL Motion (regarding FL claim)<br>• Defs.' Intrastate Motion (regarding AZ and FL claims)<br>• Defs.' Due Process Motion | If the Court grants Defs.' Costco Motion, it need not consider any remaining state law motions as to Costco.<br><br>If the Court grants either Defs.' Intrastate Motion, then the Court need not consider Defs.' SOL motion. |
| Kmart | • IL<br>• MI | • Defs.' Intrastate Motion (regarding MI claims)<br>• Defs.' Standing Motion (regarding | If the Court grants Defs.' Standing Motion, it need not consider Defs.' Intrastate Motion. |

| **Plaintiff** | **State Law Claims Asserted by Plaintiff** | **Motion(s) Addressing Plaintiff's State Law Claims** | **Relationship Among Motions** |
|---|---|---|---|
| Sears | • IL | • Defs.' Standing Motion | No other motions relate to Sears' state law claim. |
| Office Depot | • CA<br>• FL | • Defs.' Office Depot Motion<br>• Defs.' Standing Motion (regarding CA claims)<br>• Defs.' SOL Motion (regarding FL claims)<br>• Defs.' Intrastate Motion (regarding FL claim)<br>• Defs.' Due Process Motion (regarding CA claims) | If the Court grants Defs.' Office Depot Motion, it need not consider Defs.' Due Process Motion or Standing Motion as to Office Depot.<br><br>Defs.' SOL Motion or Defs.' Intrastate Motion, both of which address Office Depot's Florida claim, are not obviated even if Defs.' Office Depot Motion is granted. If the Court grants either Defs.' SOL Motion or Defs.' Intrastate Motion, then the Court need not consider the other. |
| Interbond | • FL | • Defs.' SOL Motion (regarding FL claim)<br>• Defs.' Intrastate Motion (regarding FL claim) | If the Court grants either Defs.' SOL Motion or Defs.' Intrastate Motion, then the Court need not consider the other. |
| Electrograph | • CA<br>• NY | • Defs.' Standing Motion (regarding CA and NY claims)<br>• Defs.' SOL Motion (regarding NY claim)<br>• Defs.' Electrograph, PC Richard, and MARTA motion | If the Court grants Defs.' Standing Motion, then the Court need not consider the other motions as to Electrograph. Neither of the two remaining motions obviates the other. |
| Magnolia | • MN | • Defs.' Kmart and Magnolia Motion | No other motions relate to Magnolia's state law claim. |
| PC Richard | • NY | • Defs.' Standing Motion (regarding CA and NY claims)<br>• Defs.' Electrograph, PC Richard, and MARTA motion | If the Court grants Defs.' Standing Motion, then the Court need not consider the other motion as to PC Richard. |

| **Plaintiff** | **State Law Claims Asserted by Plaintiff** | **Motion(s) Addressing Plaintiff's State Law Claims** | **Relationship Among Motions** |
|---|---|---|---|
| MARTA | • AZ<br>• IL | • Defs.' Standing Motion (regarding IL claim)<br>• Defs.' Electrograph, PC Richard, and MARTA motion<br>• Defs.' Intrastate Motion (regarding AZ claims) | None of the motions obviates the others. |

SEALED EXHIBIT 1 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS – Filed Under Seal

SEALED EXHIBIT 2 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS – Filed Under Seal

SEALED EXHIBIT 3 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS – Filed Under Seal

SEALED EXHIBIT 4 TO LAURA K. LIN DECLARATION IN
SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION
AND MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON
DUE PROCESS GROUNDS – Filed Under Seal

SEALED EXHIBIT 5 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS – Filed Under Seal

SEALED EXHIBIT 6 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS – Filed Under Seal

SEALED EXHIBIT 7 TO LAURA K. LIN DECLARATION IN
SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION
AND MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON
DUE PROCESS GROUNDS – Filed Under Seal

SEALED EXHIBIT 8 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS – Filed Under Seal

EXHIBIT 9 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS

CERTIFIED COPY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE: CATHODE RAY TUBE (CRT) )
ANTITRUST LITIGATION )
)
)
_____ )
) No. 07-5944 SC
) MDL No. 1917
This Document Relates to: )
)
ALL ACTIONS )
)
_____ )


30(B)(6) DEPOSITION UPON ORAL EXAMINATION OF

COSTCO WHOLESALE CORPORATION

GEOFFREY SHAVEY

DECEMBER 7, 2012


JULIE R. HEAD, CSR No. 3119
350113

40 YEARS

BARKLEY
Court Reporters
barkley.com

(310) 207-8000 Los Angeles      (415) 433-5777 San Francisco    (949) 955-0400 Irvine          (858) 455-5444 San Diego
(916) 922-5777 Sacramento       (408) 885-0550 San Jose         (760) 322-2240 Palm Springs     (951) 686-0606 Riverside
(818) 702-0202 Woodland Hills   (212) 808-8500 New York City    (347) 821-4611 Brooklyn         (518) 490-1910 Albany
(516) 277-9494 Garden City      (914) 510-9110 White Plains     (312) 379-5566 Chicago          (702) 366-0500 Las Vegas
+33 1 70 72 65 26 Paris      +971 4 8137744 Dubai      +852 3693 1522 Hong Kong

09:50  1   way through 2007?  That's a better way to ask it.

09:50  2        A.   That makes sense.  We -- We use, now, what's

09:50  3   just called an item agreement, which is a bit more

09:50  4   detailed than the -- than the IPQ that we had in the --

09:50  5   the mid-'90s, but very similar as far as the information

09:50  6   that's contained on it.  It was -- It was a -- The item

09:50  7   agreement is a standardized form that's used throughout

09:50  8   the non-foods division, whereas the IPQ was -- was an

09:50  9   agreement that we had used in our department.

09:51  10        Q.   So, if -- if a product is not -- We go back to

09:51  11   that original example, a product is not selling well and

09:51  12   Costco wants to go back and renegotiate a better price

09:51  13   from a supplier, do -- is a new IP -- new item agreement

09:51  14   or IPQ generated?  Is that how that works?

09:51  15        A.   They typically would just update the cost and

09:51  16   initial the -- the IPQ and send it over.  This is back

09:51  17   in the days when we were using fax machines.  And then

09:51  18   we would just staple that on top so you'd have your most

09:51  19   recent cost up front.

09:51  20        Q.   And am I right that the price to be

09:51  21   negotiate -- there wasn't any set time period that --

09:51  22   that the price could change?  It could be renegotiated

09:51  23   at any time within the time frame of the IPQ?

09:51  24        A.   Yes, it was unique to each item.

09:52  25        Q.   Where were they -- So, where -- where did the

                                   45

GEOFFREY SHAVEY, 30(B)(6)

09:52 1   purchase orders originate from for -- let's start with

09:52 2   televisions.

09:52 3         A.   In our offices in Issaquah would -- would be

09:52 4   the primary spot, then we have regional offices, so we

09:52 5   could allocate the product out to the regions and then

09:52 6   they would issue purchase orders.

09:52 7         Q.   Were negotiations ever -- Were negotiations

09:52 8   centralized or was there any sort of regional

09:52 9   involvement in negotiations for products?

09:52 10        A.   Negot --

09:52 11             MR. GRALEWSKI:  Sorry.

09:52 12             Object to the form.  Outside the scope,

09:52 13   compound.

09:52 14             THE WITNESS:  Negotiations were done by the

09:52 15   corporate office.  The regional offices just followed

09:52 16   our direction.

09:53 17        Q.   (BY MR. EMANUELSON:)   Okay.  Besides price,

09:53 18   what were other negotiating points that Costco would

09:53 19   have with its manufactures that could it have -- that

09:53 20   could have an impact on its costs?  For example, a

09:53 21   rebate.  Was that ever a -- an -- an element of

09:53 22   negotiations?

09:53 23             MR. WEISS:  Objection.  Compound.

09:53 24             MR. GRALEWSKI:  Join.  Outside the scope.

09:53 25        Q.   (BY MR. EMANUELSON:)   Do you understand the

46

BARKLEY
Court Reporters

10:23  1    time is 10:23 a.m.

10:23  2           Before we begin, can we please have those on

10:23  3    the telephone identify themselves and state whom they

10:23  4    represent.

10:23  5           MS. NAIFEH:  This is Charise Naifeh with White

10:23  6    & Case, and I represent the Toshiba defendants.

10:23  7           MR. ROSEWARNE:  This is Brian Rosewarne from

10:23  8    applEcon, and I'm a consultant.

10:23  9           THE VIDEOGRAPHER:  Is there anyone else?

10:23 10           MS. MEIDAN:  This is Maya Meidan from Compass

10:23 11    Lexicon.  I'm a consultant.

10:23 12           MR. GRALEWSKI:  While we're -- While we're

10:23 13    cleaning things up, can I just note for the record that

10:23 14    perhaps the videographer misspoke.  This deposition has

10:23 15    been noticed by the defendants.

10:24 16           MR. EMANUELSON:  Oh.  Yes.  I agree.

10:24 17           THE VIDEOGRAPHER:  Okay.  Please proceed.

10:24 18           MR. EMANUELSON:  Okay.  Great.

10:24 19       Q.  (BY MR. EMANUELSON:)  Before I move on,

10:24 20    Mr. Shavey, you -- is there something you'd like to

10:24 21    clarify for the record?

10:24 22       A.   Yes.  On the question regarding purchase

10:24 23    orders.  So, in some cases, we would issue all the

10:24 24    purchase orders in Issaquah, and, in other instances, we

10:24 25    could allocate the product out to the regions and then

                                 57

BARKLEY
Court Reporters

10:24 1    ==they would actually place the purchase orders.  So,==
10:24 2    ==it's -- it's a mix bag.==

10:24 3         Q.   Do -- What are the regions that you could

10:24 4    allocate to?

10:24 5         A.   So, we have buying offices in each of our

10:24 6    geographic regions, so we have one in the -- in

10:24 7    Issaquah, right at the corporate office for the

10:24 8    Northwest, we have one in the Bay Area, in Livermore,

10:24 9    one in Los Angeles, one in San Diego, one in Texas, one

10:25 10   in Chicago, one in Sterling, Virginia, for the Northeast

10:25 11   region, and then one in Atlanta, Georgia.

10:25 12        Q.   And, so, you say allocate.  What do you mean

10:25 13   by that you allocate to the regions?

10:25 14        ==A.   So, as I stated earlier, the purchasing==

10:25 15   ==decisions, the item negotiations, the quantity, the==

10:25 16   ==forecast was all handled at the corporate office in==

10:25 17   ==Issaquah, so, that was -- that was my role.  Then what==

10:25 18   we would do is we would allocate out that forecast to

10:25 19   each of the geographic regions, so give them their

10:25 20   portion to support their business, and then they would

10:25 21   track in the purchase orders, distribute to the specific

10:25 22   selling locations within their region, and then deal

10:25 23   with any type of warehouse correspondence and that sort

10:25 24   of thing.

10:25 25        Q.   Would they be involved in the logistical

58

BARKLEY
Court Reporters

10:25  1   management -- Let's say you have more quantity than you

10:26  2   need for a certain period of time.  Are they involved in

10:26  3   any decision-making with that or is that all

10:26  4   centrally -- centralized in Washington?

10:26  5        A.   Again, the decisions were made by us at the

10:26  6   corporate office, but if they felt that, hey, you're

10:26  7   giving us too much or, hey, can we have more, that would

10:26  8   be a normal course of correspondence that they would

10:26  9   communicate back to us and then we would look at it

10:26  10  again and make a decision.

10:26  11       Q.   Where were the products physically shipped

10:26  12  from manufacturers, televisions and monitors?

10:26  13       A.   Back then, some had -- some manufacturers had

10:26  14  distribution and production in the US.  There were

10:26  15  others that produced in Mexico.

10:26  16       Q.   Where were they shipped to in terms -- Let me

10:26  17  just try to clarify.  I understand that Costco has

10:26  18  depots, correct, that it -- from which it receives the

10:26  19  product; is that right?

10:26  20       A.   Yes.

10:26  21            MR. GRALEWSKI:  Object to the form.  Outside

10:26  22  the scope.

10:26  23       Q.  (BY MR. EMANUELSON:)  Where -- Where are the

10:26  24  depots located?

10:26  25            MR. GRALEWSKI:  Same objection.

59

BARKLEY
Court Reporters

10:26  1          THE WITNESS:  They align pretty closely with

10:27  2    the regional offices that I just spoke about.  So, each

10:27  3    regional office, in general, also has a regional

10:27  4    distribution center.  So, do you want me to name those?

10:27  5          Q.  (BY MR. EMANUELSON:)  That would be great.

10:27  6          A.   Okay.

10:27  7              MR. GRALEWSKI:  Same objection.

10:27  8              THE WITNESS:  It's a test.

10:27  9          Sumner, Washington; Tracy, California;

10:27 10    Tolleson, Arizona; Mira Loma, California; one in the

10:27 11    Dallas area; one in the Chicago area; Edison, New

10:27 12    Jersey; Atlanta; Riviera Beach, Florida; and then we've

10:27 13    added one, gosh, in Utah.  It's more recent, and I'm

10:27 14    spacing on the -- the city location.

10:27 15          Q.  (BY MR. EMANUELSON:)  And -- And am I correct

10:27 16    that Costco also categorizes its stores by region?  Has

10:28 17    regional categorization for its stores?

10:28 18              MR. GRALEWSKI:  Object to the form.  Outside

10:28 19    the scope.

10:28 20              THE WITNESS:  Yes.

10:28 21          Q.  (BY MR. EMANUELSON:)  Warehouses.

10:28 22          A.   So, all -- all warehouses where we sell

10:28 23    product are in a geographic location, just as I'd

10:28 24    alluded to.  So, Northwest, Bay Area, LA, San Diego,

10:28 25    Texas, Midwest, Northeast, or Southeast.

60

GEOFFREY SHAVEY, 30(B)(6)

BARKLEY
Court Reporters

1          CORRECTION & SIGNATURE PAGE

2  RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

3      USDC AT SAN FRANCISCO; No. 07-5944 SC

4      GEOFFREY SHAVEY; TAKEN DECEMBER 7, 2012

5          Reported by: JULIE R. HEAD, CCR No. 3119

6          I, GEOFFREY SHAVEY, have read the within

7  transcript taken DECEMBER 7, 2012, and the same is true

8  and accurate except for any changes and/or corrections,

9  if any, as follows:

10 PAGE/LINE            CORRECTION            REASON

11 _____

12 _____

13 _____

14 _____

15 _____

16 _____

17 _____

18 _____

19 _____

20 _____

21 _____

22      Signed at _____, Washington,

23 on this date: _____

24

25                     _____
                                       GEOFFREY SHAVEY

127

GEOFFREY SHAVEY, 30(B)(6)

BARKLEY
Court Reporters

```
 1                    REPORTER'S CERTIFICATE

 2

 3        I, JULIE R. HEAD, the undersigned Certified Court

 4   Reporter, pursuant to RCW 5.28.010, authorized to

 5   administer oaths and affirmations in and for the State

 6   of Washington, do hereby certify:  That the sworn

 7   testimony and/or proceedings, a transcript of which is

 8   attached, was given before me at the time and place

 9   stated therein; that any and/or all witness(es) were by

10   me duly sworn to testify to the truth; that the sworn

11   testimony and/or proceedings were by me stenographically

12   recorded and transcribed under my supervision, to the

13   best of my ability; that the foregoing transcript

14   contains a full, true, and accurate record of all the

15   sworn testimony and/or proceedings given and occurring

16   at the time and place stated in the transcript, a review

17   of which was reserved; that I am in no way related to

18   any party to the matter, nor to any counsel, nor do I

19   have any financial interest in the event of the cause.

20        WITNESS MY HAND AND DIGITAL SIGNATURE THIS 10th day

21   of December, 2012.

22

23

24   /  JULIE R. HEAD, CRR, RPR
        Washington State Certified Court Reporter No. 3119
25        jhead@yomreporting.com
```

128

SEALED EXHIBIT 10 TO LAURA K. LIN DECLARATION
IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF
MOTION AND MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST CERTAIN DIRECT ACTION
PLAINTIFFS ON DUE PROCESS GROUNDS –
Filed Under Seal

SEALED EXHIBIT 11 TO LAURA K. LIN DECLARATION
IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF
MOTION AND MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST CERTAIN DIRECT ACTION
PLAINTIFFS ON DUE PROCESS GROUNDS –
Filed Under Seal

EXHIBIT 12 TO LAURA K. LIN DECLARATION IN
SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION
AND MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON
DUE PROCESS GROUNDS

CERTIFIED TRANSCRIPT

Page 1

1          IN THE UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3              SAN FRANCISCO DIVISION

4   In re:  CATHODE RAY TUBE    ) Case No. 07-5944 (SC)
    (CRT) ANTITRUST LITIGATION, )

5   _____ ) MDL No. 1917
                                 )

6   This Document Relates to:    )
                                 )

7   ALL ACTIONS                  )

8

9

10          ORAL AND VIDEOTAPED DEPOSITION OF

11                 JOHN O'DONNELL

12                  MAY 20, 2014

13

14

15          VIDEOTAPED DEPOSITION of JOHN

16   O'DONNELL, produced as a witness at the instance of

17   the Defendants LG Electronics, Inc. and LG Electronics

18   U.S.A., Inc., and duly sworn, was taken in the

19   above-styled and numbered cause on the 20th of May,

20   2014, from 8:57 a.m. to 6:50 p.m., before Audra B.

21   Paty, CSR in and for the State of Texas, reported by

22   machine shorthand, at the offices of Susman Godfrey

23   LLP, 901 Main Street, Suite 5100, in the City of

24   Dallas, County of Dallas, State of Texas, pursuant to

25   Notice and the Federal Rules of Civil Procedure.

Page 27

1  about 25 or so that had a physical presence because we

2  were focused obviously on larger metropolitan areas.        09:21:59

3      Q.  And other than offices where sales folks

4  could come in, did CompuCom have any other kind of

5  physical spaces that it ran as part of its business?

6      A.  Yes.

7      Q.  What types of spaces would that be?

8      A.  We had facilities that were -- we call them

9  colo's or colocations, and they were colocated with      09:22:24

10  some of our larger manufacturer partners.  So we had

11  one colocated with IBM in Research Triangle Park in

12  North Carolina.  We had one colocated with Compaq in

13  Houston, and one colocated with Toshiba in -- I

14  believe it was Irvine, California.                        09:22:59

15          And the purpose of those facilities is to

16  facilitate the flow of that business.  It's just

17  advantageous to avoid as much freight delay and cost

18  as possible.  So if they were manufacturing the

19  product and we had a colocated facility, then we would

20  get the product that much faster in order to fulfill

21  our customer requirements.  We also had a large

22  warehousing and configuration facility in Paulsboro,      09:23:29

23  New Jersey, and that was our main central

24  configuration and warehouse facility.  We also had a

25  warehouse for returned material in Coppell, Texas.

Page 28

1      Q.  Did you have any other distribution

2  warehouses other than those two?                    09:24:00

3      A.  Well, it was actually the three colo's, and

4  then the one in Paulsboro, New Jersey.  And the one in

5  Coppell is -- wasn't a distribution warehouse more so

6  than it was receiving returned goods from our clients,

7  defective, open box, unwanted.  And so that was -- so

8  it wasn't necessarily a distribution facility.

9      Q.  Got it.  I understand.  Thank you.

10     A.  Okay.

11     Q.  Were there any colo's other than the three

12 that you named?                                      09:24:29

13     A.  No.

14     Q.  And then approximately what time period was

15 that CompuCom colo in place?

16            MR. SMITH:  Objection.

17     A.  During the relevant period -- at the start of

18 the relevant period running to perhaps 2003 to

19 maybe -- the best of my recollection right now.

20     Q.  (BY MS. LIN)  And what about the Toshiba      09:25:00

21 colo?  When was that Toshiba colo in place?

22     A.  Roughly the same time.  All of them are

23 roughly about the same time period.

24     Q.  And were products being manufactured at the

25 colo facility itself?

Page 29

```
 1        A.  Can you define --

 2             MR. GRALEWSKI:  Objection to the form.

 3             THE REPORTER:  Who was that?

 4             MS. LIN:  Mr. Gralewski.              09:25:30

 5             MR. GRALEWSKI:  I'm sorry.  Bob

 6   Gralewski.  Objection to form.

 7        A.  Can you clarify that, please?

 8        Q.  (BY MS. LIN)  Sure.  So let me -- I'm trying

 9   to understand what are the manufacturers at the

10   colo -- what were they doing at those locations?  Do

11   you know?

12             MR. SMITH:  Objection.

13        A.  I can't speak for what the manufacturers did

14   because it was their own operation.  We happened to be

15   either adjacent to them or just very close by and we

16   were purchasing the product from them and receiving

17   them into our facility.  What they did in their

18   facility was up to them.

19        Q.  (BY MS. LIN)  Do you know if any CRT monitors  09:25:58

20   were being manufactured in those facilities?

21             MR. SMITH:  Objection.

22        A.  I don't have knowledge of what they were

23   doing in those facilities.

24        Q.  (BY MS. LIN)  You don't know, for instance,

25   if they were just sales organizations run by the colo
```

1    selling it.  There's always a demand that we are

2    anticipating or have to meet when we buy product.  So

3    we're not just stocking for the sake of stocking.  So

4    we have this demand, forecasted demand from our

5    clients, and that will go to our buyers.  And the

6    buyers will purchase the product, whether it's

7    directly from the manufacturer or indirectly from a          10:11:29

8    distributor.

9              We will -- the buyers will cut the

10   purchase order and the product will be fulfilled to

11   either our Paulsboro facility or into one of the

12   colo's or it could be a drop-ship requirement.  And

13   our partners, our supplier and partners, will fulfill        10:11:59

14   that directly to the end user as a drop-ship on behalf

15   of CompuCom.

16             So that's, you know, the purchasing

17   piece, but then downstream of that, the supplier is

18   going to invoice us for that product, and we need to

19   pay for that through finance and accounting.  And then

20   we also -- accounting has to invoice our client for          10:12:27

21   the product and the client needs to pay.  So finance

22   is involved in the purchasing process with regard to

23   the flow of payments.

24        Q.  For the buyers who are buying the CRT

25   products, were they located in the hardware

Page 49

1    department?

2              MR. SMITH:   Objection.

3         A.   They were in supply chain management

4    department, which -- so we didn't have a hardware

5    department that we sold hardware, but they operated          10:13:00

6    within their own department of supply chain

7    management.

8         Q.   (BY MS. LIN)   And would that department

9    within supply chain management have been responsible

10   for buying the CRT products throughout the relevant

11   period?

12        A.   Yes.

13        Q.   And were those buyers physically located in

14   one place?

15        A.   Yes.

16        Q.   Where is that?

17        A.   Dallas, Texas.                                       10:13:30

18        Q.   And were those buyers reporting directly to

19   you when you were in the supply chain management role?

20        A.   No, they reported to the managers who

21   reported to me.

22        Q.   And approximately how many buyers would have

23   had responsibilities related to buying CRT products?        10:13:53

24        A.   Perhaps 15 or so approximately.

25        Q.   And were the managers that those buyers were

Page 101

```
1    overseeing that process.  And the director of supply

2    chain management is overseeing that and involved in

3    that process, senior vice president of sales has

4    overall responsibility for that area.

5              The business development team are also in

6    discussions every day with their manufacturer partners

7    and their distributor partners.  So there's a lot of

8    people that are involved.                         11:45:28

9         Q.  Do you know what locations CompuCom suppliers

10   of CRT products were located in?

11        A.  Yes.

12        Q.  And can you list those for me?  And we can

13   break them apart by manufacturer and distributor if

14   that's how you think about it.

15        A.  Well, the distributors are located throughout

16   the country.  They have warehouses near major         11:45:54

17   metropolitan areas.  And so I'm not familiar with

18   where all of them are located.  Conversely, on the

19   manufacturer's side, I don't know where all of their

20   facilities are, just where -- some of where their

21   headquarters or their U.S. locations are based out of.

22   I mentioned Compaq in Houston, IBM, and RTP in North   11:46:26

23   Carolina, Toshiba out in -- I thought it was Irvine,

24   but it was in California, Southern California.  Ingram

25   Micro is headquartered up in Buffalo.  Tech Data
```

1    headquartered in the suburbs of Tampa, Florida.                    11:46:58

2         Q.   Did CompuCom ever receive shipments of CRT

3    products from outside of the country?

4         A.   No.

5         Q.   In the drop-ship context, did CompuCom ever

6    facilitate the purchase of CRT products that were          11:47:28

7    shipped to the customer from outside of the country?

8              MR. SMITH:  Objection.

9         A.   No.   And I want to make one correction.

10   Actually, I think Ingram Micro might be headquartered

11   in Southern California.   So I'm unclear on their exact

12   location of their headquarters.

13        Q.   (BY MS. LIN)   Okay.   Thank you.

14             Is it accurate to say that CompuCom's

15   suppliers for CRT products were all based in the

16   United States?

17             MR. SMITH:  Objection.                          11:47:59

18        A.   Can you refer to -- clarify what you mean by

19   based in the United States?

20        Q.   (BY MS. LIN)   Were the companies that

21   CompuCom was purchasing CRT products from, were those

22   domestic companies?

23             MR. SMITH:  Objection.

24        A.   We did not source products from overseas.  We

25   dealt with the U.S. entities of companies that may or

Page 140

1      our suppliers to our way of thinking.  Do you think

2      that's an accurate way of thinking?

3          A.  Yes.                                      14:18:29

4          Q.  Great.  You can place this exhibit aside.

5          A.  I would like to say that the word suppliers

6      is really distributors because manufacturers don't get

7      swayed.  I mean, they are -- it is take it or leave

8      it.  It's -- all of CompuCom's negotiating ability is

9      with distributors and not manufacturers.

10         Q.  When CompuCom purchased CRT monitors, did it   14:18:59

11     issue purchase orders for those monitor purchases?

12         A.  Yes.

13         Q.  Where did CompuCom issue those purchase

14     orders from?

15         A.  Dallas, Texas.

16         Q.  Did it issue purchase orders from any other

17     location?

18         A.  No.

19         Q.  Which entities would issue -- strike that.

20             Did CompuCom receive invoices for the CRT     14:19:28

21     monitors or televisions that it purchased?

22         A.  Yes.

23         Q.  Which entities would issue those invoices for

24     CRT products?

25             MR. SMITH:  Objection.

Page 141

1       A.  Can you elaborate what you mean by entity?

2       Q.  (BY MS. LIN)  Would -- earlier we discussed

3   how CompuCom purchased from domestic suppliers for its

4   CRT products.  Would those same domestic suppliers be

5   entities that would issue the invoices to CompuCom?       14:19:57

6       A.  Yes, to the best of my knowledge.

7       Q.  And where were invoices for CompuCom CRT

8   product purchases sent to?

9       A.  Dallas, Texas.

10      Q.  Would they be sent anywhere else?

11      A.  No.                                                14:20:16

12      Q.  Were the purchase orders that CompuCom issued

13  for its CRT product purchases -- were they stored

14  electronically?

15      A.  Can you ask the question again, please?

16      Q.  For the purchase orders that CompuCom issued

17  when it was buying CRT products, did it store those

18  purchase orders electronically?

19      A.  Yes.

20      Q.  Was that true throughout the relevant period?

21      A.  Yes.

22      Q.  Are these stored in some kind of database?

23      A.  Yes.

24      Q.  And what's that database called?                  14:20:59

25      A.  It's an Oracle database and it's fed by a

Page 143

1   purchase orders pre-2000 was issued?

2        A.  No.

3        Q.  Can you approximate a year when you think

4   that order would have been issued?

5        A.  Other than years ago, but I don't know

6   exactly when that occurred.                          14:22:58

7        Q.  Do you expect it would have occurred prior to

8   2007?

9        A.  No.

10       Q.  Do you think it would have happened prior to

11  2008?

12       A.  I don't want to walk down the calendar so I

13  don't know.  I don't recall.                         14:23:25

14       Q.  Okay.  Where were the CRT products that

15  CompuCom purchased shipped to when they were going

16  directly to -- strike that.

17            Where were CRT products that CompuCom

18  purchased shipped to if they were not going to be

19  drop-shipped directly to a customer?

20            A.  Almost exclusively they would go to our

21  Paulsboro, New Jersey configuration and distribution

22  facility.  There's a chance also that they may have    14:24:00

23  gone to one of our colo facilities.  That would be

24  about it.

25            Q.  If a product was dropped-shipped to a

Page 145

1              Where would the CRT products sold to

2     customers in Canada ship from?

3          A.  From distribution partners in Canada.

4          Q.  Is CompuCom in this lawsuit seeking to          14:26:08

5     recover for damages related to purchases or sales of

6     CRT products that were sold in Canada?

7                 MR. SMITH:  Objection.

8          A.  No, not to my knowledge.                        14:26:23

9          Q.  (BY MS. LIN)  When would CRT products be

10    shipped to the Paulsboro facility instead of being

11    drop-shipped to a customer?

12                MR. SMITH:  Objection.

13         A.  When or...

14         Q.  (BY MS. LIN)  When?

15         A.  Generally if we're not going to -- if there

16    is no need to touch the product, we don't want it in     14:26:57

17    our warehouse.  So if there's any way at all possible

18    to drop-ship it to the customer directly, that's good.

19    It just saves everybody money, time, and hassle.  We

20    bring it into Paulsboro when we have to do something

21    to it and that would be, perhaps, put an asset tag on

22    it to us and scan it into an asset management system

23    that we're managing on behalf of our client.             14:27:26

24              It also might be to marry it up with

25    other items that are supposed to be shipped together

Page 155

1    ever increase during the relevant period?

2              MR. SMITH:  Objection.

3         A.  Are you asking for the same CRT product or        14:43:01

4    CRT products in general?  When you say the cost

5    increase, I'm not following exactly how you want me to

6    answer that.

7         Q.  (BY MS. LIN)  For the same CRT products.

8         A.  Like the same actual monitor, throughout the

9    life cycle of that monitor?

10        Q.  Correct.

11        A.  Did that -- did our cost increase on that,

12   let's say, single model of monitor?

13        Q.  Right.

14        A.  I don't recall -- to the best of my            14:43:28

15   knowledge, I don't recall an increase of the monitor

16   price.

17        Q.  What was the typical lead time between when

18   CompuCom placed an order for a CRT product and when

19   that product would be delivered?

20        A.  Literally as quick as same day or it could be

21   weeks or months depending on availability.            14:43:58

22        Q.  And if you were going to average it out, do

23   you have a sense of what the average lead time would

24   be for a CRT product purchased by CompuCom?

25              MR. SMITH:  Objection.

Page 254

1    CRT products from Toshiba, correct?

2        A.  Yes.

3        Q.  And CompuCom purchased those CRT products

4    from a Toshiba entity located in Irvine, California;

5    is that right?

6                MR. SMITH:  Objection, form.

7        A.  Yes, I did say that.

8        Q.  (BY MR. BAVE)  And CompuCom had a colocation

9    in Irvine near that Toshiba facility; is that right?

10       A.  Yes, to the best of my recollection, it was

11   Irvine, but -- it was Southern California, but it          18:24:30

12   was -- Irvine comes to mind, but that may not be

13   exactly correct.

14       Q.  And you testified that the Irvine colocation

15   for CompuCom closed in 2003; is that right?

16                MR. SMITH:  Objection, form.

17       A.  I was unsure of the exact date, but I know

18   that we did close that facility quite a long time ago,

19   and it might have been in that time frame.

20       Q.  (BY MR. BAVE)  And why did CompuCom close the

21   colocation?

22       A.  It was -- it wasn't profitable for us.  It          18:25:01

23   wasn't working out, and so we decided just to close it

24   up.

25       Q.  And did CompuCom purchase Toshiba branded CRT

Page 272

```
 1    STATE  OF  TEXAS )

 2    COUNTY OF DALLAS )

 3              I, Audra B. Paty, Certified Shorthand

 4    Reporter, in and for the State of Texas, certify that

 5    the foregoing deposition of JOHN O'DONNELL was

 6    reported stenographically by me at the time and place

 7    indicated, said witness having been placed under oath

 8    by me; that review was requested; and that the

 9    deposition is a true record of the testimony given by

10    the witness.

11              I further certify that I am neither counsel

12    for nor related to any party in this cause and am not

13    financially interested in its outcome.

14              Given under my hand on this the 30th day of

15    May, 2014.

16

17

18

19

20                   Audra B. Paty, Certified

                     Shorthand Reporter No. 5987

21

22

      Time used by each party:

23    Ms. Laura K. Lin - 7:19

      Mr. William H. Bave, III - 0:21

24    Mr. Robert J. Gralewski, Jr. - 0:04

      Ms. Sophia Arguello - 0:02

25
```

DEPOSITION ERRATA SHEET

Action:        *In re Cathode Ray Tube (CRT) Antitrust Litigation, Case No. 07-5944-SC*

Witness:       John O'Donnell

Date:          July 17, 2014

I wish to make the following changes to the transcript of my deposition, for the following reasons:

| Page/Line | Change | Reason |
|-----------|--------|--------|
| Page 23, line 17 | change "install" to "installed" | misstatement / transcription error |
| Page 23, line 19 | change "organizations" to "organization" | transcription error |
| Page 76, line 15 | change "project" to "product" | transcription error |
| Page 101, line 22 | change "IBM, and" to "IBM in" | transcription error |
| Page 181, line 19 | change "ride" to "right" | transcription error |
| Page 202, line 7 | change "cofigs" to "configs" | transcription error |
| Page 212, line 15 | change "The purchase data would, yes." to "The purchase data would not." | misunderstood question / misstatement |
| Page 227, line 16 | change "bill" to "bid" | transcription error |
| Page 259, line 14 | change "we're" to "they're not" | transcription error |
| Page 263, line 13 | change "for" to "from" | transcription error |

I declare under penalty of perjury that the foregoing is true and correct.

Executed: July 17, 2014

John O'Donnell

SEALED EXHIBIT 13 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS –
Filed Under Seal

SEALED EXHIBIT 14 TO LAURA K. LIN DECLARATION
IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF
MOTION AND MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST CERTAIN DIRECT ACTION
PLAINTIFFS ON DUE PROCESS GROUNDS –
Filed Under Seal

SEALED EXHIBIT 15 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS –
Filed Under Seal

SEALED EXHIBIT 16 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS –
Filed Under Seal

EXHIBIT 17 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS

Stuart H. Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile:  (954) 356-0022
Email:  ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
         anardacci@bsfllp.com

*Counsel for Plaintiff Office Depot, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:11-cv-06276 | Case No. 3:11-cv-06276<br><br>Master File No. 3:07-md-05944<br><br>MDL No. 1917 |
| OFFICE DEPOT, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>HITACHI, LTD., *et al.*,<br><br>Defendants. | **OFFICE DEPOT'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S INTERROGATORIES NO. 19, 21 and 23** |

**PROPOUNDING PARTY:**        Toshiba America Electronic Components, Inc. and
Philips Electronics North America Corporation

**RESPONDING PARTY:**        Office Depot

**SET:**        Two

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Civil Rules of the Northern District of California, Plaintiff Office Depot ("Plaintiff") hereby provides supplemental responses to certain of the interrogatories contained in Toshiba America Electronic Components, Inc.'s and Philips Electronics North America Corporation's ("Defendants") Second Set of Interrogatories to Plaintiff Office Depot, dated November 7, 2013 (collectively, the "Interrogatories"), including the "Instructions" and "Definitions" contained therein, as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Plaintiff's Responses ("Responses") to each and every interrogatory contained in the Interrogatories.  No Response to any interrogatory shall be deemed a waiver of Plaintiff's General Objections.

1.      Plaintiff objects to these Interrogatories to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2.      Plaintiff objects to the Interrogatories to the extent that they seek information that is already in the possession, custody, or control of Defendants.

3.      Plaintiff objects to the Interrogatories to the extent that they seek information that can equally or more readily be obtained by Defendants from public sources.

4.      Plaintiff objects to the Interrogatories to the extent that they seek information that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

5.      Plaintiff objects to the Interrogatories to the extent that they seek information not in Plaintiff's possession, custody, or control.

6.      Documents produced by Plaintiff in this litigation shall be deemed produced in response to these Interrogatories, subject to the Objections and Responses contained herein.  The burden of identifying specific information or documents responsive to these Interrogatories from documents produced in the course of this litigation is substantially the same for either party, and

1    Plaintiff is entitled to elect the option to produce business records pursuant to Rule 33(d) of the

2    Federal Rules of Civil Procedure.

3    7.      Plaintiff objects to the Interrogatories to the extent that they call for a Response protected

4    from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

5    privilege, protection, or immunity applicable under the governing law.   Any information

6    disclosed pursuant to the Interrogatories will be disclosed without waiving, but on the contrary

7    reserving and intending to reserve, each of these privileges, protections, or immunities.   Any

8    accidental disclosure of privileged information or material shall not be deemed a waiver of the

9    applicable privilege, protection, or immunity.

10   8.      Plaintiff objects to the Interrogatories to the extent that they are unintelligible, vague,

11   ambiguous, overly broad, unduly burdensome, and oppressive.

12   9.      Plaintiff objects to the Interrogatories to the extent that they seek information that is not

13   relevant, material or necessary to this action and, thus, are not reasonably calculated to lead to

14   the discovery of admissible evidence.

15   10.     Plaintiff objects to the Interrogatories to the extent that they are premature contention

16   interrogatories.   Plaintiff has not completed its discovery and preparation in this matter, and its

17   investigation of this case is ongoing.   These Responses are being made after reasonable inquiry

18   into the relevant facts, and are based only upon the information and documentation that is

19   presently known to Plaintiff.   Further investigation and discovery may result in the identification

20   of additional information or contentions, and Plaintiff reserves the right to modify its Responses.

21   Plaintiff's responses should not be construed to prejudice their right to conduct further

22   investigation in this case, or to limit Plaintiff's use of any additional evidence that may be

23   developed.

24   11.     Plaintiff objects to the Interrogatories to the extent that they prematurely call for expert

25   testimony and state that Plaintiff will provide expert disclosures as provided by the Federal Rule

26   of Civil Procedure.

27   12.     Plaintiff objects to the Interrogatories to the extent that they call for speculation or call

28   for a conclusion on an issue of law.

13.     Plaintiff objects to, and expressly disclaims, any need or intent to prove any fact listed herein as a prerequisite to proving its claims at trial.

14.     Plaintiff reserves its right to try its case as it determines is best at trial. This includes by not using facts or information stated herein or using facts or information in addition to those stated herein.

15.     Plaintiff reserves the right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiff provides in response to these Interrogatories.

## OBJECTIONS TO CERTAIN DEFINITIONS AND INSTRUCTIONS

1.     Plaintiff objects to Definition B in that it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language.

2.     Plaintiff objects to Definitions D and E to the extent Defendants are drawing a distinction between CRTs and CRT Products.  Plaintiff is interpreting all requests related to CRTs to include its purchases of CRT Product, which contain CRTs.

3.     Plaintiff objects to Definition H and Instruction 1 to the extent that the terms "you," "your," and "yourself" call for privileged information, and to the extent that they seek the production of documents outside Plaintiff's possession, custody or control.  Plaintiff specifically objects to the inclusion of "attorneys" in the definition, and any response or production of documents that may subsequently occur pursuant to the Interrogatories shall not include any documents protected by the attorney-client privilege, work product doctrine, the settlement privilege, or any other applicable privileges or doctrines.

4.     Plaintiff objects to Definition F in that the term "Document(s)" is vague, ambiguous, and overbroad as defined, and calls for a legal conclusion.  Plaintiff also objects to the extent the term "Document(s)" seeks information and documents beyond Plaintiff's possession, custody, or control.

5.     Plaintiff object to Definition J as vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language.

6.      Plaintiff objects to Instruction 7 in that it is unduly burdensome, overly broad, and oppressive insofar as it asks Plaintiff to provide responses to ambiguous questions that are thus not reasonably calculated to lead to the discovery of admissible evidence.

7.      Plaintiff objects to Instruction 9 in that it is unduly burdensome and oppressive and seeks information that is not relevant, material or necessary to this action and, thus, is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff also objects to the extent that Instruction 9 seeks information and documents beyond Plaintiffs' possession, custody, or control.

8.      Plaintiff objects to Instruction 10 to the extent that it seeks disclosure beyond the scope of FRCP 26 and 33, and seeks information that is not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 19:

Identify each purchase of CRTs or CRT Products for which You contend You are entitled to recover damages pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1 and Section 4 of the Clayton Act, 15 U.S.C. § 15.

## RESPONSE TO INTERROGATORY NO. 19:

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. In addition, Plaintiff specifically objects to this Interrogatory because it is overly broad, unduly burdensome, and oppressive, particularly insofar as it requests that Plaintiff identify thousands of discrete purchases made over the course of more than 12 years.  Plaintiff further objects to this Interrogatory to the extent that it seeks information that is maintained by and equally available to Defendants.  Plaintiff further objects to this Interrogatory on the grounds that it is a premature contention Interrogatory.  Plaintiff has not completed its discovery and preparation in this matter, and its investigation of these cases is ongoing.  This Response is being made after reasonable inquiry into the relevant facts, and is based only upon the information and documentation that is presently known to Plaintiff.  Further investigation and discovery may result in the identification of additional information or contentions, and Plaintiff reserves the right to modify or supplement its response.  Plaintiff's responses should not be construed to prejudice its right to conduct

further investigation in this case, or to limit its use of any additional evidence that may be developed.  Plaintiff further objects to this Interrogatory to the extent it calls for a conclusion on an issue of law.   Plaintiff further objects to this Interrogatory to the extent that it seeks information that will be provided through expert discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff responds as follows: Following a reasonable and non-exhaustive search and inquiry, Plaintiff  contends that it is entitled to recover damages pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1 and Section 4 of the Clayton Act, 15 U.S.C. § 15, for its purchases of CRT Products during the period March 1, 1995, through November 25, 2007, (the "Relevant Period") from those vendors identified in response to Interrogatory No. 12, and for all instances in which Plaintiff appears as a customer in the data produced by Defendants or co-conspirators.  Plaintiff also refers Defendants to its purchase data, identified as CRT-OD-0000132 to CRT-OD-0000252 and CRT-OD-0147608 to CRT-OD-0147783.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or revise its response to this interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. In addition, Plaintiff specifically objects to this Interrogatory because it is overly broad, unduly burdensome, and oppressive, particularly insofar as it requests that Plaintiff identify thousands of discrete purchases made over the course of more than 12 years.  Plaintiff further objects to this Interrogatory to the extent that it seeks information that is maintained by and equally available to Defendants.  Plaintiff further objects to this Interrogatory on the grounds that it is a premature contention Interrogatory.  Plaintiff has not completed its discovery and preparation in this matter, and its investigation of these cases is ongoing.  This Response is being made after reasonable inquiry into the relevant facts, and is based only upon the information and documentation that is presently known to Plaintiff.  Further investigation and discovery may result in the identification of additional information or contentions, and Plaintiff reserves the right to modify or supplement its response.  Plaintiff's responses should not be construed to prejudice its right to conduct

1    further investigation in this case, or to limit its use of any additional evidence that may be

2    developed.  Plaintiff further objects to this Interrogatory to the extent it calls for a conclusion on

3    an issue of law.   Plaintiff further objects to this Interrogatory to the extent that it seeks

4    information that will be provided through expert discovery.

5          Subject to and without waiving any of the foregoing objections, Plaintiff responds as

6    follows: Following a reasonable and non-exhaustive search and inquiry, Plaintiff  contends that it

7    is entitled to recover damages pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1 and

8    Section 4 of the Clayton Act, 15 U.S.C. § 15, for its purchases of CRT Products during the

9    period March 1, 1995, through November 25, 2007, (the "Relevant Period") from those vendors

10   identified in response to Interrogatory No. 12, and for all instances in which Plaintiff appears as a

11   customer in the data produced by Defendants or co-conspirators.  Plaintiff also refers Defendants

12   to its purchase data, identified as CRT-OD-0000132 to CRT-OD-0000252 and CRT-OD-

13   0147608 to CRT-OD-0147783.

14         Plaintiff also notes that it owns all claims and rights under federal law and state law to

15   recover any overcharges suffered by Office Depot, Inc. and the Office Depot Subsidiaries, as that

16   term is defined in its First Amended Complaints in the following actions: *Office Depot, Inc. v.*

17   *Hitachi Ltd., et al.*, Case No. 3:11-cv-06276-SC and *Office Depot, Inc. v. Technicolor SA, et al.*,

18   Case No. 3:13-cv-05726-SC.   Office Depot further notes that, as a result of its merger with

19   OfficeMax in late 2013, it owns all claims and rights under federal law and state law to recover

20   any overcharges suffered by OfficeMax Incorporated, formerly Boise Cascade Corporation, a

21   Delaware corporation; OfficeMax North America, Inc., formerly OfficeMax, Inc., an Ohio

22   corporation; OfficeMax Contract, Inc., formerly Boise Cascade Office Products Corporation, a

23   Delaware corporation; and The Reliable Corporation, a Delaware corporation ("Reliable")

24   (collectively, the "OfficeMax Subsidiaries").  Reliable was merged into OfficeMax Contract,

25   Inc. in 2002 and OfficeMax Contract, Inc. was merged into OfficeMax Incorporated in 2007.

26   The OfficeMax Subsidiaries bring their claims only against Defendants Hitachi and Samsung

27   SDI.

28

OFFICE DEPOT'S SUPP OBJECTIONS AND
RESPONSES TO TAEC'S AND PENAC'S                          - 7 -
INTERROGATORIES NO. 19, 21 and 23

Case No. 3:11-cv-06276-SC
Master File No. 3:07-cv-05944-SC

1    Discovery is ongoing and Plaintiff reserves the right to supplement and/or revise its

2    response to this interrogatory.

3    **INTERROGATORY NO. 21:**

4    Identify each purchase of CRTs or CRT Products for which You contend You are entitled

5    to recover damages pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat.

6    §§ 501.201 *et seq.*

7    **RESPONSE TO INTERROGATORY NO. 21:**

8    Plaintiff refers to and incorporates its General Objections as though set forth fully herein.

9    In addition, Plaintiff specifically objects to this Interrogatory because it is overly broad, unduly

10    burdensome, and oppressive, particularly insofar as it requests that Plaintiff identify thousands of

11    discrete purchases made over the course of more than 12 years, and seeks   information   that   is

12    maintained by and equally available to Defendants.  Plaintiff further objects to this Interrogatory

13    on the grounds that it is a premature contention Interrogatory.  Plaintiff has not completed its

14    discovery and preparation in this matter, and its investigation of these cases is ongoing.  This

15    Response is being made after reasonable inquiry into the relevant facts, and is based only upon

16    the information and documentation that is presently known to Plaintiff.  Further investigation and

17    discovery may result in the identification of additional information or contentions, and Plaintiff

18    reserves the right to modify or supplement its response.  Plaintiff further objects to this

19    Interrogatory to the extent it calls for a conclusion on an issue of law.  Plaintiff's responses

20    should not be construed to prejudice its right to conduct further investigation in this case, or to

21    limit its use of any additional evidence that may be developed.

22    Subject to and without waiving any of the foregoing objections, Plaintiff  responds as

23    follows: Following a reasonable and non-exhaustive search and inquiry, Plaintiff is entitled to

24    recover damages pursuant to Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§

25    501.201, *et seq.* for its purchases of CRT Products during the Relevant Period from all vendors

26    that appear in Plaintiff's purchase data contained in the documents labeled CRT-OD-0000132 to

27    CRT-OD-0000252 and CRT-OD-0147608 to CRT-OD-0147783, and for all instances in which

28    Plaintiff appears as a customer in the data produced by Defendants or co-conspirators.

1    Discovery is ongoing and Plaintiff reserves the right to supplement and/or revise its

2    response to this interrogatory.

3    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21:**

4    Plaintiff refers to and incorporates its General Objections as though set forth fully herein.

5    In addition, Plaintiff specifically objects to this Interrogatory because it is overly broad, unduly

6    burdensome, and oppressive, particularly insofar as it requests that Plaintiff identify thousands of

7    discrete purchases made over the course of more than 12 years, and seeks   information   that   is

8    maintained by and equally available to Defendants.  Plaintiff further objects to this Interrogatory

9    on the grounds that it is a premature contention Interrogatory.  Plaintiff has not completed its

10   discovery and preparation in this matter, and its investigation of these cases is ongoing.  This

11   Response is being made after reasonable inquiry into the relevant facts, and is based only upon

12   the information and documentation that is presently known to Plaintiff.  Further investigation and

13   discovery may result in the identification of additional information or contentions, and Plaintiff

14   reserves the right to modify or supplement its response.  Plaintiff further objects to this

15   Interrogatory to the extent it calls for a conclusion on an issue of law.  Plaintiff's responses

16   should not be construed to prejudice its right to conduct further investigation in this case, or to

17   limit its use of any additional evidence that may be developed.

18   Subject to and without waiving any of the foregoing objections, Plaintiff  responds as

19   follows: Following a reasonable and non-exhaustive search and inquiry, Plaintiff is entitled to

20   recover damages pursuant to Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§

21   501.201, *et seq*. for its purchases of CRT Products during the Relevant Period from all vendors

22   that appear in Plaintiff's purchase data contained in the documents labeled CRT-OD-0000132 to

23   CRT-OD-0000252 and CRT-OD-0147608 to CRT-OD-0147783, and for all instances in which

24   Plaintiff appears as a customer in the data produced by Defendants or co-conspirators.

25   Plaintiff also notes that it owns all claims and rights under federal law and state law to

26   recover any overcharges suffered by Office Depot, Inc. and the Office Depot Subsidiaries, as that

27   term is defined in its First Amended Complaints in the following actions: *Office Depot, Inc. v.*

28   *Hitachi Ltd., et al.*, Case No. 3:11-cv-06276-SC and *Office Depot, Inc. v. Technicolor SA, et al.,*

1   Case No. 3:13-cv-05726-SC.   Office Depot further notes that, as a result of its merger with

2   OfficeMax in late 2013, it owns all claims and rights under federal law and state law to recover

3   any overcharges suffered by OfficeMax Incorporated, formerly Boise Cascade Corporation, a

4   Delaware corporation; OfficeMax North America, Inc., formerly OfficeMax, Inc., an Ohio

5   corporation; OfficeMax Contract, Inc., formerly Boise Cascade Office Products Corporation, a

6   Delaware corporation; and The Reliable Corporation, a Delaware corporation ("Reliable")

7   (collectively, the "OfficeMax Subsidiaries").   Reliable was merged into OfficeMax Contract,

8   Inc. in 2002 and OfficeMax Contract, Inc. was merged into OfficeMax Incorporated in 2007.

9   The OfficeMax Subsidiaries bring their claims only against Defendants Hitachi and Samsung

10  SDI.

11         Discovery is ongoing and Plaintiff reserves the right to supplement and/or revise its

12  response to this interrogatory.

13  **INTERROGATORY NO. 23:**

14         Identify each purchase of CRTs or CRT Products for which You contend You are entitled

15  to recover damages pursuant to the California Cartwright Act, Cal. Bus. and Prof. Code § 16700,

16  *et seq* and/or the California Unfair Competition Law, Cal. Bus. and Prof. Code §17200, *et. seq*.

17  **RESPONSE TO INTERROGATORY NO. 23:**

18         Plaintiff refers to and incorporates its General Objections as though set forth fully herein.

19  In addition, Plaintiff specifically objects to this Interrogatory because it is overly broad, unduly

20  burdensome, and oppressive, particularly insofar as it requests that Plaintiff identify thousands of

21  discrete purchases made over the course of more than 12 years, and seeks   information   that   is

22  maintained by and equally available to Defendants.   Plaintiff further objects to this Interrogatory

23  on the grounds that it is a premature contention Interrogatory.   Plaintiff has not completed its

24  discovery and preparation in this matter, and its investigation of these cases is ongoing.   This

25  Response is being made after reasonable inquiry into the relevant facts, and is based only upon

26  the information and documentation that is presently known to Plaintiff.   Further investigation and

27  discovery may result in the identification of additional information or contentions, and Plaintiff

28  reserves the right to modify or supplement its response.   Plaintiff further objects to this

1   Interrogatory to the extent it calls for a conclusion on an issue of law.  Plaintiff's responses

2   should not be construed to prejudice its right to conduct further investigation in this case, or to

3   limit its use of any additional evidence that may be developed.

4          Subject to and without waiving any of the foregoing objections, Plaintiff  responds as

5   follows: Following a reasonable and non-exhaustive search and inquiry, Plaintiff is entitled to

6   recover damages pursuant to the California Cartwright Act, Cal. Bus. and Prof. Code § 16700, *et seq*

7   and/or the California Unfair Competition Law, Cal. Bus. and Prof. Code §17200, *et. seq*. for its

8   purchases of CRT Products during the Relevant Period from all vendors that appear in Plaintiff's

9   purchase data contained in the documents labeled CRT-OD-0000132 to CRT-OD-0000252 and

10  CRT-OD-0147608 to CRT-OD-0147783, and for all instances in which Plaintiff appears as a

11  customer in the data produced by Defendants or co-conspirators.

12         Discovery is ongoing and Plaintiff reserves the right to supplement and/or revise its

13  response to this interrogatory.

14  **<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23:</u>**

15         Plaintiff refers to and incorporates its General Objections as though set forth fully herein.

16  In addition, Plaintiff specifically objects to this Interrogatory because it is overly broad, unduly

17  burdensome, and oppressive, particularly insofar as it requests that Plaintiff identify thousands of

18  discrete purchases made over the course of more than 12 years, and seeks  information  that  is

19  maintained by and equally available to Defendants.  Plaintiff further objects to this Interrogatory

20  on the grounds that it is a premature contention Interrogatory.  Plaintiff has not completed its

21  discovery and preparation in this matter, and its investigation of these cases is ongoing.  This

22  Response is being made after reasonable inquiry into the relevant facts, and is based only upon

23  the information and documentation that is presently known to Plaintiff.  Further investigation and

24  discovery may result in the identification of additional information or contentions, and Plaintiff

25  reserves the right to modify or supplement its response.  Plaintiff further objects to this

26  Interrogatory to the extent it calls for a conclusion on an issue of law.  Plaintiff's responses

27  should not be construed to prejudice its right to conduct further investigation in this case, or to

28  limit its use of any additional evidence that may be developed.

1       Subject to and without waiving any of the foregoing objections, Plaintiff responds as

2   follows: Following a reasonable and non-exhaustive search and inquiry, Plaintiff is entitled to

3   recover damages pursuant to the California Cartwright Act, Cal. Bus. and Prof. Code § 16700, *et seq*

4   and/or the California Unfair Competition Law, Cal. Bus. and Prof. Code §17200, *et. seq*. for its

5   purchases of CRT Products during the Relevant Period from all vendors that appear in Plaintiff's

6   purchase data contained in the documents labeled CRT-OD-0000132 to CRT-OD-0000252 and

7   CRT-OD-0147608 to CRT-OD-0147783, and for all instances in which Plaintiff appears as a

8   customer in the data produced by Defendants or co-conspirators.

9       Plaintiff also notes that it owns all claims and rights under federal law and state law to

10  recover any overcharges suffered by Office Depot, Inc. and the Office Depot Subsidiaries, as that

11  term is defined in its First Amended Complaints in the following actions: *Office Depot, Inc. v.*

12  *Hitachi Ltd., et al.*, Case No. 3:11-cv-06276-SC and *Office Depot, Inc. v. Technicolor SA, et al.*,

13  Case No. 3:13-cv-05726-SC.   Office Depot further notes that, as a result of its merger with

14  OfficeMax in late 2013, it owns all claims and rights under federal law and state law to recover

15  any overcharges suffered by OfficeMax Incorporated, formerly Boise Cascade Corporation, a

16  Delaware corporation; OfficeMax North America, Inc., formerly OfficeMax, Inc., an Ohio

17  corporation; OfficeMax Contract, Inc., formerly Boise Cascade Office Products Corporation, a

18  Delaware corporation; and The Reliable Corporation, a Delaware corporation ("Reliable")

19  (collectively, the "OfficeMax Subsidiaries").   Reliable was merged into OfficeMax Contract, Inc.

20  in 2002 and OfficeMax Contract, Inc. was merged into OfficeMax Incorporated in 2007.   The

21  OfficeMax Subsidiaries bring their claims only against Defendants Hitachi and Samsung SDI.

22      Discovery is ongoing and Plaintiff reserves the right to supplement and/or revise its

23  response to this interrogatory.

24

25

26

27

28

DATED: March 4, 2014                    /s/ Philip J. Iovieno

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
       anardacci@bsfllp.com

Stuart H. Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

*Counsel for Plaintiff Office Depot, Inc.*

EXHIBIT 18 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS

David J. Burman *(pro hac vice)*
Cori G. Moore *(pro hac vice)*
Eric J. Weiss *(pro hac vice)*
Nicholas H. Hesterberg *(pro hac vice)*
Steven D. Merriman *(pro hac vice)*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email: DBurman@perkinscoie.com
          CGMoore@perkinscoie.com
          EWeiss@perkinscoie.com
          NHesterberg@perkinscoie.com
          SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:  415.344.7000
Facsimile:  415.344.7050
Email:  JBass@perkinscoie.com

*Attorneys for Plaintiff*
*Costco Wholesale Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC (N.D. Cal.) |
| | MDL No. 1917 |
| | Individual Case No. 3:11-cv-06397-SC |
| This Document Relates To: | **COSTCO WHOLESALE CORPORATION'S OBJECTIONS AND RESPONSES TO HITACHI ASIA, LTD.'S FIRST SET OF INTERROGATORIES** |
| *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No 3:11-cv-06397-SC | |

1  PROPOUNDING PARTY:         Defendant Hitachi Asia, Ltd.

2  RESPONDING PARTY:          Costco Wholesale Corporation

3  SET NO.:                   One

4       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the

5  Local Civil Rules of the Northern District of California, Plaintiff Costco Wholesale Corporation

6  ("Costco") hereby Objects and Responds to Defendant Hitachi Asia, Ltd.'s ("Defendant") First

7  Set of Interrogatories dated June 18, 2014 (the "Interrogatories"), including the "Instructions" and

8  "Definitions" contained therein, as follows:

9                          **RESERVATIONS OF RIGHTS**

10      In responding to these Interrogatories, Costco states that it has conducted, or will conduct,

11  a diligent search, reasonable in scope, for information that is relevant to the Interrogatories.  In

12  the event that additional information relevant to the Interrogatories is later identified or brought to

13  Costco's attention, Costco reserves the right to amend, revise, supplement, modify, or clarify the

14  following objections and responses.  Costco further reserves the right to complete its investigation

15  and discovery of the facts, and to rely at trial or in other proceedings upon additional information,

16  regardless of whether such information is newly discovered or newly in existence.

17      Costco incorporates by reference any evidence identified by the Direct Purchaser

18  Plaintiffs, Indirect Purchaser Plaintiffs, and the other Direct Action Plaintiffs in response to any

19  discovery request.

20      Costco has responded to these Interrogatories as it interprets and understands them.  If

21  Defendant subsequently asserts an interpretation of any Interrogatory or response that differs

22  from Costco's understanding, Costco reserves the right to supplement or amend its objections or

23  responses.

24      Costco reserves the right to object to the admission of its responses to the Interrogatories

25  into evidence at trial, or any other proceeding.

26      //

27      //

28      //

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Costco's responses ("Responses") to each and every interrogatory contained in the Interrogatories.  No Response to any interrogatory shall be deemed a waiver of Costco's General Objections.

1. Costco objects to the Interrogatories to the extent that they seek to impose obligations on Costco beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2. Costco objects to the Interrogatories to the extent that they require Costco to disclose the confidential, proprietary, or commercially sensitive information of third parties that Costco is bound, contractually or otherwise, not to disclose.

3. Costco objects to the Interrogatories to the extent that they duplicate other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Costco objects to the Interrogatories to the extent that they seek information that is already in the possession, custody, or control of Defendants.

4. Costco objects to the Interrogatories to the extent that they seek information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from public sources.

5. Costco objects to the Interrogatories to the extent that they seek information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

6. Costco objects to the Interrogatories to the extent that they seek information not in Costco's possession, custody, or control.

7. Costco objects to the Interrogatories to the extent that they call for information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any

1    other privilege, protection, or immunity applicable under the governing law.  Any information

2    disclosed pursuant to the Interrogatories will be disclosed without waiving, but on the contrary

3    reserving and intending to reserve, each of these privileges, protections, or immunities.  Any

4    accidental disclosure of privileged information or material shall not be deemed a waiver of the

5    applicable privilege, protection, or immunity.

6    8.      Costco objects to the Interrogatories to the extent that they are unintelligible, vague,

7    ambiguous, overly broad, unduly burdensome, and oppressive.

8    9.      Costco objects to the Interrogatories to the extent that they seek information not

9    relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the

10   discovery of admissible evidence.

11   10.     Costco objects to the Interrogatories to the extent that they are premature contention

12   interrogatories.  Costco has not completed its discovery and preparation in this matter, and its

13   investigation of this case is ongoing.  Costco responds after reasonable inquiry into the relevant

14   facts based only upon presently known information and documentation. Further investigation

15   and discovery, including further review of documents produced or to be produced by

16   Defendant(s), may result in the identification of additional information.  Costco's responses

17   should not be construed to prejudice Costco's right to conduct further investigation in this case

18   or to limit Costco's use of any evidence that may be later developed.

19   11.     Costco objects to the Interrogatories to the extent that they prematurely call for expert

20   testimony and reserves the right to supplement, clarify, revise, or correct any or all responses to

21   such requests, and to assert additional objections or privileges in accordance with the time

22   period for exchanging expert reports.

23   12.     Costco objects to the Interrogatories to the extent that they call for speculation or call for

24   a conclusion on an issue of law.

25   13.     Costco objects to, and expressly disclaims, any need or intent to prove any fact listed

26   herein as a prerequisite to proving its claims at trial.

27

28

14.     Costco reserves its right to try its case as it determines is best at trial. This includes by not using facts or information stated herein or using facts or information in addition to those stated herein.

15.     Costco reserves the right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Costco provides in response to these Interrogatories.

16.     Costco objects to the definition of "You," "Your," and "Yourself" as overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  In responding to the Interrogatories directed to "You" or "Your," Costco will respond for the Plaintiff Costco Wholesale Corporation.

17.     Costco objects to the definition of "Identify" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Costco also objects to this definition as improperly requiring Costco to state its case or marshal all evidence in support of its case in responses to written discovery.

18.     Any production of information or documents will be subject to the Stipulated Protective Order entered in this action (MDL Dkt. No. 306).

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1 :

Separately Identify each "target price[ ], floor price[ ], price range[ ]" for CRTs that YOU contend was agreed to by the alleged CONSPIRATORS, as alleged in paragraph 192(b) of the COMPLAINT, by stating:

(a)     The entities who YOU contend agreed to the target price, floor price or price range;

(b)     The date of the agreement;

(c)     The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which the target price, floor price or price range applied;

(d)     The effective date(s) of the target price, floor price or price range;

1        (e)      The customer(s) to whom the target price, floor price or price range applied;

2        (f)      The geographic area to which the target price, floor price or price range applied;

3        (g)      All EVIDENCE upon which YOU intend to rely to prove such target price, floor

4    price or price range (including the Bates number of each DOCUMENT and/or citation to specific

5    deposition testimony that YOU claim supports YOUR contention).

6    **RESPONSE TO INTERROGATORY NO. 1:**

7        Costco refers to and incorporates its General Objections as though set forth fully herein.

8    In addition, Costco specifically objects to this Interrogatory on the grounds that it is vague,

9    ambiguous, overly broad, unduly burdensome, and oppressive, particularly insofar as it requires

10   Costco to marshal all evidence in support of its case in responses to written discovery while

11   discovery is ongoing.   Costco further objects to this Interrogatory on the grounds that it is

12   cumulative and duplicative of other discovery propounded in this case, and therefore in violation

13   of the integration order included in section XV, subsections D and E of the Court's "Order Re

14   Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.   Order Re

15   Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case

16   No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.   Costco also

17   objects to this Interrogatory on the grounds that it seeks, in contravention of well-established legal

18   principles, to dismember the overall conspiracy by focusing on its separate parts, instead of

19   looking at it as a whole.   *See Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S.

20   690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th

21   Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).

22       Subject to and without waiving the foregoing objections, Costco states that Defendants'

23   and their co-conspirators' agreed to an overall plan or scheme that was intended to and did cause

24   CRTs, including CDTs and CPTs, to be sold to all customers at supra-competitive prices.

25   Defendants' and their co-conspirators' anticompetitive agreement sometimes involved target

26   prices, floor prices, or price ranges.   As detailed in the expert report of Dr. James McClave dated

27   April 15, 2014, and the accompanying materials, Defendants and their co-conspirators succeeded

28

in imposing anticompetitive overcharges on CRTs, including CDTs and CPTs, from Q2 1995 through Q1 2006.

Evidence establishing Defendants' and their co-conspirators' illegal price fixing agreement includes the following:

- The evidence identified in Costco's prior written discovery responses, including but not limited to its First Supplemental Response to Hitachi America, Ltd. and Samsung SDI Co., Ltd.'s First Set of Interrogatories, No. 2;

- The expert report of Dr. Kenneth Elzinga dated April 15, 2014, and accompanying materials;

- Philips' Supplemental and Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5;

- Hitachi Electronic Devices (USA), Inc.'s Supplemental and Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5;

- LG Electronics, Inc.'s Supplemental and Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5;

- Toshiba Corporation's Supplemental Objections and Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5;

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5;

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5;

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories;

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission;

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories;

1   • Exhibit A to Costco's Objections and Responses to Hitachi Asia, Ltd.'s First Set of

2   Interrogatories, dated July 21, 2014, submitted herewith.

3   Costco further responds that the burden of ascertaining the answer to this Interrogatory by

4   examining the aforementioned records will be substantially the same for either party.   Fed. R.

5   Civ. P. 33(d).  Discovery is ongoing and Costco reserves the right to supplement its response.

6   **INTERROGATORY NO. 2:**

7   Separately Identify each meeting or competitor communication which YOU contend

8   resulted in an agreement to fix "target price[ ], floor price[ ], price range[ ]" for CRTs, as alleged

9   in paragraph 192(b) of the COMPLAINT.

10   **RESPONSE TO INTERROGATORY NO. 2:**

11   Costco refers to and incorporates its General Objections as though set forth fully herein.

12   In addition, Costco specifically objects to this Interrogatory on the grounds that it is vague,

13   ambiguous, overly broad, unduly burdensome, and oppressive, particularly insofar as it requires

14   Costco to marshal all evidence in support of its case in responses to written discovery while

15   discovery is ongoing.   Costco further objects to this Interrogatory on the grounds that it is

16   cumulative and duplicative of other discovery propounded in this case, and therefore in violation

17   of the integration order included in section XV, subsections D and E of the Court's "Order Re

18   Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.   Order Re

19   Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case

20   No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Costco also

21   objects to this Interrogatory on the grounds that it seeks, in contravention of well-established legal

22   principles, to dismember the overall conspiracy by focusing on its separate parts, instead of

23   looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S.

24   690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.,* 620 F.2d 1360, 1366-67 (9th

25   Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).

26   Subject to and without waiving the foregoing objections, Costco refers Defendants to its

27   Response to Interrogatory No. 1.

28

**INTERROGATORY NO. 3:**

Separately for each meeting or competitor communication that YOU Identified in response to Interrogatory No. 2, Identify all EVIDENCE upon which YOU intend to rely to prove that such a meeting or competitor communication resulted in an agreement to fix target price, floor price and price range for CRTs, including:

(a)     Each DOCUMENT that YOU contend suggests that an agreement to fix target price, floor price and price range for CRTs was reached;

(b)     All persons with knowledge suggesting that an agreement to fix target price, floor price and price range for CRTs was reached;

(c)     The date of each meeting or competitor communication which YOU contend resulted in an agreement to fix target price, floor price and price range for CRTs;

(d)     The location of each alleged meeting, if applicable;

(e)     The names of each specific corporate entity that YOU contend directly participated in each meeting or competitor communication; and

(f)     The names of the individuals that YOU contend participated in each meeting or competitor communication.

**RESPONSE TO INTERROGATORY NO. 3:**

Costco refers to and incorporates its General Objections as though set forth fully herein. In addition, Costco specifically objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, particularly insofar as it requires Costco to marshal all evidence in support of its case in responses to written discovery while discovery is ongoing.  Costco further objects to this Interrogatory on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and therefore in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Costco also objects to this Interrogatory on the grounds that it seeks, in contravention of well-established legal

1   principles, to dismember the overall conspiracy by focusing on its separate parts, instead of

2   looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S.

3   690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th

4   Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).

5        Subject to and without waiving the foregoing objections, Costco refers Defendants to its

6   Response to Interrogatory No. 1.

7   **INTERROGATORY NO. 4:**

8        Separately Identify each meeting or competitor communication which YOU contend

9   resulted in an agreement to maintain or lower production capacity for CRTs, as alleged in

10  paragraph 192(g) of the COMPLAINT.

11  **RESPONSE TO INTERROGATORY NO. 4:**

12       Costco refers to and incorporates its General Objections as though set forth fully herein.

13  In addition, Costco specifically objects to this Interrogatory on the grounds that it is vague,

14  ambiguous, overly broad, unduly burdensome, and oppressive, particularly insofar as it requires

15  Costco to marshal all evidence in support of its case in responses to written discovery while

16  discovery is ongoing.  Costco further objects to this Interrogatory on the grounds that it is

17  cumulative and duplicative of other discovery propounded in this case, and therefore in violation

18  of the integration order included in section XV, subsections D and E of the Court's "Order Re

19  Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re

20  Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case

21  No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Costco also

22  objects to this Interrogatory on the grounds that it seeks, in contravention of well-established legal

23  principles, to dismember the overall conspiracy by focusing on its separate parts, instead of

24  looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S.

25  690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th

26  Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).

27       Subject to and without waiving the foregoing objections, Costco refers Defendants to its

28  Response to Interrogatory No. 1.

**INTERROGATORY NO. 5:**

Separately for each meeting or competitor communication that YOU Identified in response to Interrogatory No. 4, Identify all EVIDENCE upon which YOU intend to rely to prove that such a meeting or competitor communication resulted in an agreement to maintain or lower production capacity for CRTs, including:

(a)     Each DOCUMENT that YOU contend suggests that an agreement to maintain or lower production capacity for CRTs was reached;

(b)     All persons with knowledge suggesting that an agreement to maintain or lower production capacity for CRTs was reached;

(c)     The date of each meeting or competitor communication which YOU contend resulted in an agreement to maintain or lower production capacity for CRTs;

(d)     The location of each alleged meeting, if applicable;

(e)     The names of each specific corporate entity that YOU contend directly participated in each meeting or competitor communication; and

(f)     The names of the individuals that YOU contend participated in each meeting or competitor communication.

**RESPONSE TO INTERROGATORY NO. 5:**

Costco refers to and incorporates its General Objections as though set forth fully herein. In addition, Costco specifically objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, particularly insofar as it requires Costco to marshal all evidence in support of its case in responses to written discovery while discovery is ongoing.  Costco further objects to this Interrogatory on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and therefore in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Costco also objects to this Interrogatory on the grounds that it seeks, in contravention of well-established legal

1   principles, to dismember the overall conspiracy by focusing on its separate parts, instead of

2   looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S.

3   690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th

4   Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).

5          Subject to and without waiving the foregoing objections, Costco refers Defendants to its

6   Response to Interrogatory No. 1.

7

8

9   DATED:  July 21, 2014                          **PERKINS COIE** LLP

10

                                                 By: /s/ David J. Burman
11                                                   David J. Burman *(pro hac vice)*
                                                     Cori G. Moore *(pro hac vice)*
12                                                   Eric J. Weiss *(pro hac vice)*
                                                     Nicholas H. Hesterberg *(pro hac vice)*
13                                                   Steven D. Merriman *(pro hac vice)*
                                                     PERKINS COIE LLP
14                                                   1201 Third Avenue, Suite 4900
                                                     Seattle, WA  98101-3099
15                                                   Telephone:  206.359.8000
                                                     Facsimile:  206.359.9000
16                                                   Email: DBurman@perkinscoie.com
                                                         CGMoore@perkinscoie.com
17                                                       EWeiss@perkinscoie.com
                                                         NHesterberg@perkinscoie.com
18                                                       SMerriman@perkinscoie.com

19
                                                     Joren Bass, Bar No. 208143
20                                                   PERKINS COIE LLP
                                                     Four Embarcadero Center, Suite 2400
21                                                   San Francisco, CA  94111-4131
                                                     Telephone:  415.344.7000
22                                                   Facsimile:  415.344.7050
                                                     Email:  JBass@perkinscoie.com
23
                                                     *Attorneys for Plaintiff*
24                                                   *Costco Wholesale Corporation*

25

26

27

28

COSTCO'S OBJECTIONS AND                          -12-                      Case No. 3:07-cv-05944-SC
RESPONSES TO HITACHI ASIA, LTD.'S                                          Individual Case No. 3:11-cv-06397-SC
FIRST SET OF INTERROGATORIES

EXHIBIT 19 TO LAURA K. LIN DECLARATION IN
SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION
AND MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON
DUE PROCESS GROUNDS

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
         anardacci@bsfllp.com

*Counsel for Plaintiff CompuCom Systems, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 11-cv-06396 | Case No. 11-cv-06396<br><br>Master File No.  07-5944 SC<br><br>MDL No. 1917 |
| COMPUCOM SYSTEMS, INC.,<br><br>        Plaintiff,<br><br>    vs.<br><br>HITACHI, LTD., *et al.*,<br><br>        Defendants. | **COMPUCOM SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO LG ELECTRONICS U.S.A., INC. AND PANASONIC CORPORATION'S SECOND SET OF INTERROGATORIES** |

COMPUCOM SYSTEMS, INC.'S  OBJECTIONS AND
RESPONSES TO DEFENDANTS'  SECOND SET OF
INTERROGATORIES

Case No. 11-cv-06396
Master File No. 3:07-md-05944-SC (N.D. Cal.)

**PROPOUNDING PARTIES:**     LG Electronics, U.S.A., Inc. and Panasonic
                            Corporation

**RESPONDING PARTY:**       CompuCom Systems, Inc.

**SET:**                    Two

COMPUCOM SYSTEMS, INC.'S  OBJECTIONS AND
RESPONSES TO DEFENDANTS'  SECOND SET OF
INTERROGATORIES                                          -1-

Case No. 11-cv-06396
Master File No. 3:07-md-05944-SC (N.D. Cal.)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Civil Rules of the Northern District of California, Plaintiff CompuCom Systems, Inc. ("Plaintiff") hereby provides its responses to Defendants LG Electronics, U.S.A. Inc.'s and Panasonic Corporation's ("Defendants") Second Set of Interrogatories to Plaintiff, dated June 19, 2014 (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Plaintiff's Responses ("Responses") to each and every interrogatory contained in the Interrogatories. No Response to any Interrogatory shall be deemed a waiver of Plaintiff's General Objections.

1.      Plaintiff objects to these Interrogatories to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2.      Plaintiff objects to the Interrogatories to the extent that they duplicate other interrogatories, in whole or in part, made by other Defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

3.      Plaintiff objects to the Interrogatories to the extent that they seek information that is already in the possession, custody, or control of Defendants.

4.      Plaintiff objects to the Interrogatories to the extent that they seek information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from public sources.

5.      Plaintiff objects to the Interrogatories to the extent that they seek information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

6.      Plaintiff objects to the Interrogatories to the extent that they seek information not in Plaintiff's possession, custody, or control.

7.      Plaintiff objects to the Interrogatories to the extent that they call for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law.   Any information disclosed pursuant to the Interrogatories will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

8.      Plaintiff objects to the Interrogatories to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

9.      Plaintiff objects to the Interrogatories to the extent that they seek information not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to the Interrogatories to the extent that they are premature contention interrogatories.  Plaintiff has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing.

11.      Plaintiff objects to the Interrogatories to the extent that they prematurely call for expert testimony and states that Plaintiff will provide expert disclosures as provided by the Federal Rules of Civil Procedure.

12.      Plaintiff objects to the Interrogatories to the extent that they call for speculation or call for a conclusion on an issue of law.

13.      Plaintiff objects to, and expressly disclaims, any need or intent to prove any fact listed herein as a prerequisite to proving its claims at trial.

14.      Plaintiff reserves its right to try its case as it determines is best at trial.  This includes by not using facts or information stated herein or using facts or information in addition to those stated herein.

15.      Plaintiff reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or

1   proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiff

2   provides in response to these Interrogatories.

3   <div align="center">**OBJECTIONS AND RESPONSES TO INTERROGATROIES**</div>

4   **INTERROGATORY NO. 10**:

5       Separately Identify each "target price, floor price and price range" for CRTs that you

6   contend was agreed to by the alleged conspirators, as alleged in paragraph 231(b) of the

7   Complaint, by stating:

8           (a) The entities who you contend agreed to the target price, floor price or price range;

9           (b) The date of the agreement;

10          (c) The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which the

11  target price, floor price or price range applied;

12          (d) The effective date(s) of the target price, floor price or price range;

13          (e) The customer(s) to whom the target price, floor price or price range applied;

14          (f) The geographic area to which the target price, floor price or price range applied;

15          (g) All evidence upon which You intend to rely to prove such target price, floor price or

16  price range (including the Bates number of each Document and/or citation to specific deposition

17  testimony that You claim supports Your contention).

18  **RESPONSE TO INTERROGATORY NO. 10:**

19      Plaintiff refers to and incorporates its General Objections as though set forth fully herein.

20  Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and

21  oppressive.   Plaintiff further objects to this interrogatory as seeking information that is

22  maintained by and equally available to Defendants and/or stated in publicly available documents.

23  Plaintiff further objects to this Interrogatory on the ground that it seeks, in contravention to well-

24  established legal principles, to dismember the overall conspiracy to focus on its separate parts,

25  instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*,

26  370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360,

27  1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).   All

28  conspirators are jointly liable for the acts of their co-conspirators and the action of any of the

conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Plaintiff further objects to this Interrogatory to the extent that it duplicates other interrogatories, in whole or in part, made by other Defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

Subject to and notwithstanding the foregoing objections, Plaintiff states that all of Defendants' and their co-conspirators' anticompetitive agreements regarding the prices of CRTs involved target prices, floor prices or price ranges.  Defendants and their co-conspirators intended to and did unlawfully fix the market prices of CRTs, including CDTs and CPTs, and intended to and did apply these fixed prices to their customers.  Defendants and their co-conspirators were successful in imposing anticompetitive overcharges from Q2 1995 through Q1 2006, as detailed in the expert report of Dr. James McClave dated April 15, 2014 and accompanying materials.

Evidence supporting defendants' and their co-conspirators' price fixing includes documents produced by all parties and the testimony of witnesses, whether by deposition or otherwise, in this case.  Plaintiff has not yet decided which of this evidence it intends to rely on to prove its case, nor is it obligated at this time to do so.  At this time, Plaintiff refers to the following:

- The documents produced in this litigation listed by Dell, Inc. in its response to Interrogatory No. 2 of its Responses to Defendants Samsung SDI America, Inc. and LG Electronics, USA, Inc.'s First Set of Interrogatories dated January 13, 2014.

- Expert report of Dr. Kenneth G. Elzinga dated April 15, 2014 and accompanying materials.

- Philips' Supplemental and Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5.

COMPUCOM SYSTEMS, INC.'S  OBJECTIONS AND
RESPONSES TO DEFENDANTS'  SECOND SET OF
INTERROGATORIES                                        - 5 -

Case No. 11-cv-06396
Master File No. 3:07-md-05944-SC (N.D. Cal.)

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5.

- Hitachi Electronic Devices (USA), Inc.'s Supplemental and Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5.

- LG Electronics, Inc.'s Supplemental and Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5.

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5.

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories, dated Nov. 25, 2013.

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission, dated Nov. 25, 2013.

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories dated, May 12, 2010.

- Exhibit A to interrogatory responses submitted by the Dell Plaintiffs on July 14, 2014, including all revisions and supplementations thereto.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 11**:

Separately Identify each meeting or competitor communication which you contend resulted in an agreement to fix "target prices, floor prices and prices ranges" for CRTs, as alleged in paragraph 231(b) of the Complaint.

COMPUCOM SYSTEMS, INC.'S  OBJECTIONS AND
RESPONSES TO DEFENDANTS'  SECOND SET OF
INTERROGATORIES

- 6 -

Case No. 11-cv-06396
Master File No. 3:07-md-05944-SC (N.D. Cal.)

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and oppressive. Plaintiff further objects to this interrogatory as seeking information that is maintained by and equally available to Defendants and/or stated in publicly available documents. Plaintiff further objects to this Interrogatory on the ground that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Plaintiff further objects to this Interrogatory to the extent that it duplicates other interrogatories, in whole or in part, made by other Defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to and incorporates its response to Interrogatory No. 10 as though set forth fully herein.

**INTERROGATORY NO. 12**:

Separately for each meeting or competitor communication that You Identified in response to Interrogatory No. 11, Identify all evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to fix target prices, floor prices and prices ranges for CRTs, including:

(a) Each Document that You contend suggests that an agreement to fix target prices, floor prices and prices ranges for CRTs was reached;

COMPUCOM SYSTEMS, INC.'S OBJECTIONS AND
RESPONSES TO DEFENDANTS' SECOND SET OF
INTERROGATORIES

- 7 -

Case No. 11-cv-06396
Master File No. 3:07-md-05944-SC (N.D. Cal.)

(b) All Persons with knowledge suggesting that an agreement to fix target prices, floor prices and prices ranges for CRTs was reached;

(c) The date of each meeting or competitor communication which You contend resulted in an agreement to fix target prices, floor prices and prices ranges for CRTs;

(d) The location of each alleged meeting, if applicable;

(e) The names of each specific corporate entity that You contend directly participated in each meeting or competitor communication; and

(f) The names of the individuals that You contend participated in each meeting or competitor communication.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and oppressive. Plaintiff further objects to this interrogatory as seeking information that is maintained by and equally available to Defendants and/or stated in publicly available documents. Plaintiff further objects to this Interrogatory on the ground that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Plaintiff further objects to this Interrogatory to the extent that it duplicates other interrogatories, in whole or in part, made by other Defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

COMPUCOM SYSTEMS, INC.'S  OBJECTIONS AND
RESPONSES TO DEFENDANTS'  SECOND SET OF
INTERROGATORIES                                                 - 8 -

Case No. 11-cv-06396
Master File No. 3:07-md-05944-SC (N.D. Cal.)

1    Subject to and notwithstanding the foregoing objections, Plaintiff refers to and

2    incorporates its response to Interrogatory No. 10 as though set forth fully herein.

3    **INTERROGATORY NO. 13**:

4    Separately Identify each meeting or competitor communication which you contend

5    resulted in an agreement to maintain or lower production capacity for CRTs, as alleged in

6    paragraph 231(g) of the Complaint.

7    **RESPONSE TO INTERROGATORY NO. 13:**

8    Plaintiff refers to and incorporates its General Objections as though set forth fully herein.

9    Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and

10   oppressive.   Plaintiff further objects to this interrogatory as seeking information that is

11   maintained by and equally available to Defendants and/or stated in publicly available documents.

12   Plaintiff further objects to this interrogatory on the ground that evidence supporting defendants'

13   and their co-conspirators' agreements to maintain or lower production of CRTs includes

14   documents produced by all parties and the testimony of witnesses, whether by deposition or

15   otherwise, in this case.  Plaintiff further objects to this Interrogatory on the ground that it seeks,

16   in contravention to well-established legal principles, to dismember the overall conspiracy to

17   focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union*

18   *Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans.*

19   *Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544

20   (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of

21   any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Plaintiff

22   further objects to this Interrogatory to the extent that it duplicates other interrogatories, in whole

23   or in part, made by other Defendants in this matter, in violation of the integration order included

24   in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management

25   Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management

26   Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917

27   (N.D. Cal. April 3, 2012), Docket No. 1128.

28

Subject to and notwithstanding the foregoing objections, Plaintiff refers to and incorporates its response to Interrogatory No. 10 as though set forth fully herein.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 14**:

Separately for each meeting or competitor communication that You Identified in response to Interrogatory No. 13, Identify all evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to maintain or lower production capacity for CRTs, including:

(a) Each Document that You contend suggests that an agreement to maintain or lower production capacity for CRTs was reached;

(b) All Persons with knowledge suggesting that an agreement to maintain or lower production capacity for CRTs was reached;

(c) The date of each meeting or competitor communication which You contend resulted in an agreement to maintain or lower production capacity for CRTs;

(d) The location of each alleged meeting, if applicable;

(e) The names of each specific corporate entity that You contend directly participated in each meeting or competitor communication; and

(f) The names of the individuals that You contend participated in each meeting or competitor communication.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and oppressive. Plaintiff further objects to this interrogatory as seeking information that is maintained by and equally available to Defendants and/or stated in publicly available documents. Plaintiff further objects to this interrogatory on the ground that evidence supporting defendants' and their co-conspirators' agreements to maintain or lower production of CRTs includes documents produced by all parties and the testimony of witnesses, whether by deposition or

COMPUCOM SYSTEMS, INC.'S  OBJECTIONS AND
RESPONSES TO DEFENDANTS'  SECOND SET OF
INTERROGATORIES

- 10 -

Case No. 11-cv-06396
Master File No. 3:07-md-05944-SC (N.D. Cal.)

otherwise, in this case.  Plaintiff further objects to this Interrogatory on the ground that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Plaintiff further objects to this Interrogatory to the extent that it duplicates other interrogatories, in whole or in part, made by other Defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to and incorporates its response to Interrogatory No. 13 as though set forth fully herein.

**INTERROGATORY NO. 15**:

Separately Identify each entity that You contend participated in the conspiracy that You allege in the Complaint. If any such entity comprises individual members, Identify each individual member that You contend participated in the conspiracy that You allege in the Complaint.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and oppressive.  Plaintiff further objects to this interrogatory as seeking information that is maintained by and equally available to Defendants and/or stated in publicly available documents. Plaintiff further objects to this interrogatory on the ground that evidence supporting defendants' and their co-conspirators' agreements to maintain or lower production of CRTs includes documents produced by all parties and the testimony of witnesses, whether by deposition or

1   otherwise, in this case.  Plaintiff further objects to this Interrogatory on the grounds that it is a

2   premature contention Interrogatory.  Plaintiff has not completed its discovery and preparation in

3   this matter, and its investigation of these cases is ongoing.  Plaintiff further objects to this

4   Interrogatory to the extent it calls for a conclusion on an issue of law.

5           Subject to and notwithstanding the foregoing objections, Plaintiff responds that the

6   following entities participated in the conspiracy alleged in the Complaint:

7   •   Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi America, Ltd.; Hitachi Electronic

8       Devices (USA), Inc.; Shenzhen SEG Hitachi Color Display Devices, Ltd.; Irico

9       Group Corporation; Irico Group Electronics Co., Ltd.; Irico Display Devices Co.,

10      Ltd.; LG Electronics, Inc.; LG Electronics USA, Inc.; Mitsubishi Electric

11      Corporation; Mitsubishi Electric & Electronics USA, Inc.; Mitsubishi Digital

12      Electronics America, Inc.; LP Displays International, Ltd.; Koninklijke Philips

13      Electronics N.V.; Philips Electronics North America Corporation; Philips

14      Electronics Industries (Taiwan), Ltd.; Philips da Amazonia Industria Electronica

15      Ltda.; Samsung SDI Co.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A.

16      de C.V.; Samsung SDI (Malaysia) Sdn Bhd.; Samsung SDI Brasil Ltda.;

17      Shenzhen Samsung SDI Co. Ltd.; Tianjin Samsung SDI Co., Ltd.; Samtel Color

18      Ltd.; Thai CRT Co., Ltd.; Technicolor SA (f/k/a Thomson SA); Technicolor

19      USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.); Toshiba Corporation;

20      Toshiba America Consumer Products LLC; Toshiba America Electronic

21      Components, Inc.; Toshiba America Information Systems, Inc.; Chunghwa

22      Picture Tubes, Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; Orion

23      Electronic Co.; Daewoo Electronics Co., Ltd.; Daewoo-Orion Societe Anonyme;

24      P.T. Tosummit Electronic Devices Indonesia; Toshiba Display Devices

25      (Thailand) Co., Ltd.; Technologies Displays America, LLC; and Videocon

26      Industries, Ltd.; and

27   •   All entities analyzed as conspirators in the Expert Report of Alan S. Frankel,

28      Ph.D. Concerning CompuCom Systems Inc. (dated April 15, 2014), and

COMPUCOM SYSTEMS, INC.'S  OBJECTIONS AND
RESPONSES TO DEFENDANTS'  SECOND SET OF                    - 12 -
INTERROGATORIES

Case No. 11-cv-06396
Master File No. 3:07-md-05944-SC (N.D. Cal.)

- All entities identified as conspirators in Plaintiff's First Amended Complaint in this action.

Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory as appropriate.

**INTERROGATORY NO. 16**:

Separately for each entity that You contend participated in the alleged conspiracy in response to Interrogatory No. 15, Identify all evidence upon which You intend to rely to prove such participation, including:

(a) Each Document that You contend suggests that entity was a Co-Conspirator;

(b) All persons with knowledge suggesting that entity was a Co-Conspirator;

(c) The date of each meeting or competitor communication in which You contend the entity participated;

(d) The location of each alleged meeting, if applicable;

(e) The names of each specific corporate entity that directly participated in each meeting or competitor communication;

(f) The names of the individuals that You allege participated in each meeting or competitor communication; and

(g) The names of any other individual that has knowledge concerning the meeting or competitor communication.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and oppressive.  Plaintiff further objects to this interrogatory as seeking information that is maintained by and equally available to Defendants and/or stated in publicly available documents. Plaintiff further objects to this Interrogatory on the ground that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360,

COMPUCOM SYSTEMS, INC.'S  OBJECTIONS AND
RESPONSES TO DEFENDANTS'  SECOND SET OF
INTERROGATORIES

- 13 -

Case No. 11-cv-06396
Master File No. 3:07-md-05944-SC (N.D. Cal.)

1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).   All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Plaintiff further objects to this Interrogatory to the extent that it duplicates other interrogatories, in whole or in part, made by other Defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to and incorporates its response to Interrogatory No. 10 as though set forth fully herein.

**INTERROGATORY NO. 17**:

Separately for each Defendant or alleged Co-conspirator Identified by You in response to Interrogatory No. 12 of LG Electronics, Inc. and Panasonic Corporation of North America's Second Set of Interrogatories, Identify:

(a) the period of time during which You contend that the Defendant or alleged Co-Conspirator owned or controlled the vendor Identified by You in response to Interrogatory No. 12 of LG Electronics, Inc. and Panasonic Corporation's Second Set of Interrogatories; and

(b) all evidence upon which You intend to rely to prove such ownership or control (including the Bates number of each Document and/or citation to specific deposition testimony that You claim supports Your contention).

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and oppressive, and seeks information that is maintained by and equally available to Defendants and/or stated in publicly available documents.  This Response is being made after reasonable inquiry into the relevant facts, and is based only upon the information and documentation that is presently known to Plaintiff.  Further investigation and discovery may result in the identification

of additional information or contentions, and Plaintiff reserves the right to amend or supplement its response.  Plaintiff's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit its use of any additional evidence that may be developed.  Plaintiff further objects to this Interrogatory to the extent it calls for a conclusion on an issue of law.  Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to Attachment A to Certain Direct Action Plaintiffs' Supplemental Responses to Various Interrogatories (dated May 16, 2014), including all revisions and supplementations thereto.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory as appropriate.


DATED:  July 24, 2014              /s/ *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:  piovieno@bsfllp.com
               anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
Email:  wisaacson@bsfllp.com

*Counsel for Plaintiff CompuCom Systems, Inc.*

COMPUCOM SYSTEMS, INC.'S  OBJECTIONS AND
RESPONSES TO DEFENDANTS'  SECOND SET OF
INTERROGATORIES

- 15 -

Case No. 11-cv-06396
Master File No. 3:07-md-05944-SC (N.D. Cal.)

EXHIBIT 20 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS

1  | Stuart H. Singer
2  | BOIES, SCHILLER, & FLEXNER LLP
   | 401 East Las Olas Boulevard, Suite 1200
   | Fort Lauderdale, Florida 33301
3  | Telephone: (954) 356-0011
   | Facsimile: (954) 356-0022
4  | Email: ssinger@bsfllp.com

5  | William A. Isaacson
   | BOIES, SCHILLER & FLEXNER LLP
6  | 5301 Wisconsin Ave. NW, Suite 800
   | Washington, D.C.  20015
7  | Telephone:  (202) 237-2727
   | Facsimile:   (202) 237-6131
8  | Email:  wisaacson@bsfllp.com

9  | Philip J. Iovieno
   | Anne M. Nardacci
10 | BOIES, SCHILLER & FLEXNER LLP
   | 30 South Pearl Street, 11th Floor
11 | Albany, NY  12207
   | Telephone:  (518) 434-0600
12 | Facsimile:  (518) 434-0665
   | Email:  piovieno@bsfllp.com
13 |         anardacci@bsfllp.com

14 | *Counsel for Plaintiff Office Depot, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:11-cv-06276-SC |
| | Master File No. 3:07-cv-05944-SC (N.D. Cal.) |
| This Document Relates To Individual Case No. 3:11-cv-06276-SC | MDL No. 1917 |
| OFFICE DEPOT, INC. | **OFFICE DEPOT, INC.'S OBJECTIONS AND RESPONSES TO LG ELECTRONICS, INC. AND PANASONIC CORPORATION OF NORTH AMERICA'S FIRST SET OF INTERROGATORIES** |
| Plaintiff, | |
| vs. | |
| HITACHI, LTD., *et al.*, | |
| Defendants. | |

1   **PROPOUNDING PARTIES:**          Defendants LG Electronics, Inc. and Panasonic
                                       Corporation of North America

2   **RESPONDING PARTY:**             Office Depot, Inc.

3   **SET:**                          One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Civil Rules of the Northern District of California, Office Depot, Inc. ("Plaintiff") hereby provides its responses to Defendants LG Electronics, Inc. and Panasonic Corporation of North America's ("Defendants") First Set of Interrogatories to Plaintiff dated June 20, 2014 (the "Interrogatories") including the "Instructions" and "Definitions" contained therein, as follows:

## **GENERAL OBJECTIONS**

The following general objections ("General Objections") are incorporated in Plaintiff's Responses ("Responses") to each and every interrogatory contained in the Interrogatories. No Response to any Interrogatory shall be deemed a waiver of Plaintiff's General Objections.

1. Plaintiff objects to these Interrogatories to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2. Plaintiff objects to the Interrogatories to the extent that they duplicate other interrogatories, in whole or in part, made by other Defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

3. Plaintiff objects to the Interrogatories to the extent that they seek information that is already in the possession, custody, or control of Defendant.

4. Plaintiff objects to the Interrogatories to the extent that they seek information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant from public sources.

5. Plaintiff objects to the Interrogatories to the extent that they seek information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant from others.

6. Plaintiff objects to the Interrogatories to the extent that they seek information not in Plaintiff's possession, custody, or control.

7.      Plaintiff objects to the Interrogatories to the extent that they call for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law.   Any information disclosed pursuant to the Interrogatories will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

8.      Plaintiff objects to the Interrogatories to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

9.      Plaintiff objects to the Interrogatories to the extent that they seek information not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

10.      Plaintiff objects to the Interrogatories to the extent that they are premature contention interrogatories.   Plaintiff has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing.

11.      Plaintiff objects to the Interrogatories to the extent that they prematurely call for expert testimony and states that Plaintiff will provide expert disclosures as provided by the Federal Rules of Civil Procedure.

12.      Plaintiff objects to the Interrogatories to the extent that they call for speculation or call for a conclusion on an issue of law.

13.      Plaintiff objects to, and expressly disclaims, any need or intent to prove any fact listed herein as a prerequisite to proving its claims at trial.

14.      Plaintiff reserves its right to try its case as it determines is best at trial.   This includes by not using facts or information stated herein or using facts or information in addition to those stated herein.

15.      Plaintiff reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or

1    proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiff
2    provide in response to these Interrogatories.

3    <center>**OBJECTIONS AND RESPONSES TO INTERROGATORIES**</center>

4    **INTERROGATORY NO. 1:**

5         Separately IDENTIFY each "target price, floor price and price range for CRTs" that you
6    contend was agreed to by the alleged conspirators, as alleged in paragraph 242(b) of the
7    COMPLAINT, by stating:

8         a) The entities who you contend agreed to the target price, floor price or price range;

9         b) The date of the agreement;

10        c) The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which the
11   target price, floor price or price range applied;

12        d) The effective date(s) of the target price, floor price or price range;

13        e) The customer(s) to whom the target price, floor price or price range applied;

14        f) The geographic area to which the target price, floor price or price range applied;

15        g) All Evidence upon which You intend to rely to prove such target price, floor price or
16   price range (including the Bates number of each DOCUMENT and/or citation to specific
17   deposition testimony that You claim supports Your contention).

18   **RESPONSE TO INTERROGATORY NO. 1:**

19        Plaintiff refers to and incorporates its General Objections as though set forth fully herein.
20   Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and
21   oppressive.   Plaintiff further objects to this interrogatory as seeking information that is
22   maintained by and equally available to Defendants and/or stated in publicly available documents.
23   Plaintiff further objects to this Interrogatory on the ground that it seeks, in contravention to well-
24   established legal principles, to dismember the overall conspiracy to focus on its separate parts,
25   instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*,
26   370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360,
27   1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913).   All
28   conspirators are jointly liable for the acts of their co-conspirators and the action of any of the

conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Plaintiff further objects to this Interrogatory to the extent that it duplicates other interrogatories, in whole or in part, made by other Defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

Subject to and notwithstanding the foregoing objections, Plaintiff states that all of Defendants' and their co-conspirators' anticompetitive agreements regarding the prices of CRTs involved target prices, floor prices or price ranges.  Defendants and their co-conspirators intended to and did unlawfully fix the market prices of CRTs, including CDTs and CPTs, and intended to and did apply these fixed prices to their customers.  Defendants and their co-conspirators were successful in imposing anticompetitive overcharges from Q2 1995 through Q1 2006, as detailed in the expert report of Dr. James McClave dated April 15, 2014 and accompanying materials.

Evidence supporting defendants' and their co-conspirators' price fixing includes documents produced by all parties and the testimony of witnesses, whether by deposition or otherwise, in this case.  Plaintiff has not yet decided which of this evidence it intends to rely on to prove its case, nor is it obligated at this time to do so.  At this time, Plaintiff refers to the following:

- The documents produced in this litigation listed by Dell, Inc. in its response to Interrogatory No. 2 of its Responses to Defendants Samsung SDI America, Inc. and LG Electronics, USA, Inc.'s First Set of Interrogatories dated January 13, 2014.

- Expert report of Dr. Kenneth G. Elzinga dated April 15, 2014 and accompanying materials.

- Philips' Supplemental and Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5.

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5.

- Hitachi Electronic Devices (USA), Inc.'s Supplemental and Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5.

- LG Electronics, Inc.'s Supplemental and Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5.

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5.

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories, dated Nov. 25, 2013.

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission, dated Nov. 25, 2013.

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories dated, May 12, 2010.

- Exhibit A to interrogatory responses submitted by the Dell Plaintiffs on July 14, 2014, including all revisions and supplementations thereto.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

## INTERROGATORY NO. 2:

Separately IDENTIFY each meeting or competitor communication which you contend resulted in an agreement to fix "target prices, floor prices and prices ranges for CRTs," as alleged in paragraph 242(b) of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and oppressive.   Plaintiff further objects to this interrogatory as seeking information that is maintained by and equally available to Defendants and/or stated in publicly available documents. Plaintiff further objects to this Interrogatory on the ground that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).   All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Plaintiff further objects to this Interrogatory to the extent that it duplicates other interrogatories, in whole or in part, made by other Defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to and incorporates its response to Interrogatory No. 1 as though set forth fully herein.

**INTERROGATORY NO. 3:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory No. 2, IDENTIFY all Evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to fix target prices, floor prices and prices ranges for CRTs, including:

a) Each DOCUMENT that You contend suggests that an agreement to fix target prices, floor prices and prices ranges for CRTs was reached;

b) All PERSONS with knowledge suggesting that an agreement to fix target prices, floor prices and prices ranges for CRTs was reached;

c) The date of each meeting or competitor communication which You contend resulted in an agreement to fix target prices, floor prices and prices ranges for CRTs;

d) The LOCATION of each alleged meeting, if applicable;

e) The names of each specific corporate entity that You contend directly participated in each meeting or competitor communication; and

f) The names of the individuals that You contend participated in each meeting or competitor communication.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and oppressive. Plaintiff further objects to this interrogatory as seeking information that is maintained by and equally available to Defendants and/or stated in publicly available documents. Plaintiff further objects to this Interrogatory on the ground that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Plaintiff further objects to this Interrogatory to the extent that it duplicates other interrogatories, in whole or in part, made by other Defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

1    Subject to and notwithstanding the foregoing objections, Plaintiff refers to and

2    incorporates its response to Interrogatory No. 1 as though set forth fully herein.

3    **INTERROGATORY NO. 4:**

4    Separately IDENTIFY each meeting or competitor communication which you contend

5    resulted in an "agree[ment] to maintain or lower production capacity" for CRTs, as alleged in

6    paragraph 242(g) of the COMPLAINT.

7    **RESPONSE TO INTERROGATORY NO. 4:**

8    Plaintiff refers to and incorporates its General Objections as though set forth fully herein.

9    Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and

10   oppressive.   Plaintiff further objects to this interrogatory as seeking information that is

11   maintained by and equally available to Defendants and/or stated in publicly available documents.

12   Plaintiff further objects to this interrogatory on the ground that evidence supporting defendants'

13   and their co-conspirators' agreements to maintain or lower production of CRTs includes

14   documents produced by all parties and the testimony of witnesses, whether by deposition or

15   otherwise, in this case.  Plaintiff further objects to this Interrogatory on the ground that it seeks,

16   in contravention to well-established legal principles, to dismember the overall conspiracy to

17   focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union*

18   *Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans.*

19   *Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544

20   (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of

21   any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*  Plaintiff

22   further objects to this Interrogatory to the extent that it duplicates other interrogatories, in whole

23   or in part, made by other Defendants in this matter, in violation of the integration order included

24   in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management

25   Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management

26   Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917

27   (N.D. Cal. April 3, 2012), Docket No. 1128.

28

1   Subject to and notwithstanding the foregoing objections, Plaintiff refers to and

2   incorporates its response to Interrogatory No. 1 as though set forth fully herein.

3   Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its

4   response to this Interrogatory.

5   **INTERROGATORY NO. 5:**

6   Separately for each meeting or competitor communication that You Identified in response

7   to Interrogatory No. 4, IDENTIFY all Evidence upon which You intend to rely to prove that such

8   a meeting or competitor communication resulted in an agreement to maintain or lower

9   production capacity for CRTs, including:

10   a) Each DOCUMENT that You contend suggests that an agreement to maintain or lower

11   production capacity for CRTs was reached;

12   b) All PERSONS with knowledge suggesting that an agreement to maintain or lower

13   production capacity for CRTs was reached;

14   c) The date of each meeting or competitor communication which You contend resulted in

15   an agreement to maintain or lower production capacity for CRTs;

16   d) The LOCATION of each alleged meeting, if applicable;

17   e) The names of each specific corporate entity that You contend directly participated in

18   each meeting or competitor communication; and

19   f) The names of the individuals that You contend participated in each meeting or

20   competitor communication.

21   **RESPONSE TO INTERROGATORY NO. 5:**

22   Plaintiff refers to and incorporates its General Objections as though set forth fully herein.

23   Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and

24   oppressive.    Plaintiff further objects to this interrogatory as seeking information that is

25   maintained by and equally available to Defendants and/or stated in publicly available documents.

26   Plaintiff further objects to this interrogatory on the ground that evidence supporting defendants'

27   and their co-conspirators' agreements to maintain or lower production of CRTs includes

28   documents produced by all parties and the testimony of witnesses, whether by deposition or

1   otherwise, in this case.  Plaintiff further objects to this Interrogatory on the ground that it seeks,

2   in contravention to well-established legal principles, to dismember the overall conspiracy to

3   focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union*

4   *Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans.*

5   *Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544

6   (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of

7   any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Plaintiff

8   further objects to this Interrogatory to the extent that it duplicates other interrogatories, in whole

9   or in part, made by other Defendants in this matter, in violation of the integration order included

10  in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management

11  Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management

12  Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917

13  (N.D. Cal. April 3, 2012), Docket No. 1128.

14          Subject to and notwithstanding the foregoing objections, Plaintiff refers to and

15  incorporates its response to Interrogatory No. 4 as though set forth fully herein.

16  **INTERROGATORY NO. 6:**

17          Separately IDENTIFY each entity that You contend participated in the conspiracy that

18  You allege in the COMPLAINT. If any such entity comprises individual members, IDENTIFY

19  each individual member that You contend participated in the conspiracy that You allege in the

20  COMPLAINT.

21  **RESPONSE TO INTERROGATORY NO. 6:**

22          Plaintiff refers to and incorporates its General Objections as though set forth fully herein.

23  Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and

24  oppressive.   Plaintiff further objects to this interrogatory as seeking information that is

25  maintained by and equally available to Defendants and/or stated in publicly available documents.

26  Plaintiff further objects to this interrogatory on the ground that evidence supporting defendants'

27  and their co-conspirators' agreements to maintain or lower production of CRTs includes

28  documents produced by all parties and the testimony of witnesses, whether by deposition or

1   otherwise, in this case.  Plaintiff further objects to this Interrogatory on the grounds that it is a

2   premature contention Interrogatory.  Plaintiff has not completed its discovery and preparation in

3   this matter, and its investigation of these cases is ongoing.  Plaintiff further objects to this

4   Interrogatory to the extent it calls for a conclusion on an issue of law.

5         Subject to and notwithstanding the foregoing objections, Plaintiff responds that the

6   following entities participated in the conspiracy alleged in the Complaint:

7   •   Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi America, Ltd.; Hitachi Electronic

8         Devices (USA), Inc.; Shenzhen SEG Hitachi Color Display Devices, Ltd.; Irico

9         Group Corporation; Irico Group Electronics Co., Ltd.; Irico Display Devices Co.,

10        Ltd.; LG Electronics, Inc.; LG Electronics USA, Inc.; Mitsubishi Electric

11        Corporation; Mitsubishi Electric & Electronics USA, Inc.; Mitsubishi Digital

12        Electronics America, Inc.; LP Displays International, Ltd.; Koninklijke Philips

13        Electronics N.V.; Philips Electronics North America Corporation; Philips

14        Electronics Industries (Taiwan), Ltd.; Philips da Amazonia Industria Electronica

15        Ltda.; Samsung SDI Co.; Samsung SDI America, Inc.; Samsung SDI Mexico S.A.

16        de C.V.; Samsung SDI (Malaysia) Sdn Bhd.; Samsung SDI Brasil Ltda.;

17        Shenzhen Samsung SDI Co. Ltd.; Tianjin Samsung SDI Co., Ltd.; Samtel Color

18        Ltd.; Thai CRT Co., Ltd.; Technicolor SA (f/k/a Thomson SA); Technicolor

19        USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.); Toshiba Corporation;

20        Toshiba America Consumer Products LLC; Toshiba America Electronic

21        Components, Inc.; Toshiba America Information Systems, Inc.; Chunghwa

22        Picture Tubes, Ltd.; Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.; Orion

23        Electronic Co.; Daewoo Electronics Co., Ltd.; Daewoo-Orion Societe Anonyme;

24        P.T. Tosummit Electronic Devices Indonesia; Toshiba Display Devices

25        (Thailand) Co., Ltd.; Technologies Displays America, LLC; and Videocon

26        Industries, Ltd.; and

27   •   All entities analyzed as conspirators in the Expert Report of Alan S. Frankel,

28        Ph.D. Concerning Office Depot, Inc. (dated April 15, 2014);

1    • All entities identified as conspirators in Plaintiff's First Amended Complaint in
2      this action; and

3    • All entities identified as conspirators in Plaintiff's First Amended Complaint in
4      *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726, MDL No. 1917
5      (N.D. Cal.).

6    Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory
7  as appropriate.

8  **INTERROGATORY NO. 7:**

9    Separately for each entity that You contend participated in the alleged conspiracy in
10 response to Interrogatory No. 6, IDENTIFY all Evidence upon which You intend to rely to prove
11 such participation, including:

12   a) Each DOCUMENT that You contend suggests that entity was a Co-Conspirator;

13   b) All PERSONS with knowledge suggesting that entity was a Co-Conspirator;

14   c) The date of each meeting or competitor communication in which You contend the
15 entity participated;

16   d) The LOCATION of each alleged meeting, if applicable;

17   e) The names of each specific corporate entity that directly participated in each meeting
18 or competitor communication;

19   f) The names of the individuals that You allege participated in each meeting or
20 competitor communication; and

21   g) The names of any other individual that has knowledge concerning the meeting or
22 competitor communication.

23 **RESPONSE TO INTERROGATORY NO. 7:**

24   Plaintiff refers to and incorporates its General Objections as though set forth fully herein.
25 Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and
26 oppressive.   Plaintiff further objects to this interrogatory as seeking information that is
27 maintained by and equally available to Defendants and/or stated in publicly available documents.
28 Plaintiff further objects to this Interrogatory on the ground that it seeks, in contravention to well-

1  established legal principles, to dismember the overall conspiracy to focus on its separate parts,

2  instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*,

3  370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360,

4  1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).   All

5  conspirators are jointly liable for the acts of their co-conspirators and the action of any of the

6  conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Plaintiff further

7  objects to this Interrogatory to the extent that it duplicates other interrogatories, in whole or in

8  part, made by other Defendants in this matter, in violation of the integration order included in

9  section XV, subsections D and E of the Court's "Order Re Discovery and Case Management

10  Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management

11  Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917

12  (N.D. Cal. April 3, 2012), Docket No. 1128.

13  Subject to and notwithstanding the foregoing objections, Plaintiff refers to and

14  incorporates its response to Interrogatory No. 1 as though set forth fully herein.

15  **INTERROGATORY NO. 8:**

16  Separately for each Defendant or Co-conspirator Identified by You in response to

17  Interrogatory No. 20 of Toshiba America Electronic Components, Inc.'s and Philips Electronics

18  North America Corporation's Second Set of Interrogatories, IDENTIFY:

19  a) the period of time during which You contend that the Defendant or alleged Co-

20  Conspirator owned or controlled the vendor Identified by You in response to Interrogatory No.

21  20 of Toshiba America Electronic Components, Inc.'s and Philips Electronics North America

22  Corporation's Second Set of Interrogatories; and

23  b) all evidence upon which You intend to rely to prove such ownership or control

24  (including the Bates number of each DOCUMENT and/or citation to specific deposition

25  testimony that You claim supports Your contention).

26  **RESPONSE TO INTERROGATORY NO. 8:**

27  Plaintiff refers to and incorporates its General Objections as though set forth fully herein.

28  Plaintiff further objects to this Interrogatory because it is overly broad, unduly burdensome, and

1  oppressive, and seeks information that is maintained by and equally available to Defendants

2  and/or stated in publicly available documents.  This Response is being made after reasonable

3  inquiry into the relevant facts, and is based only upon the information and documentation that is

4  presently known to Plaintiff.  Further investigation and discovery may result in the identification

5  of additional information or contentions, and Plaintiff reserves the right to amend or supplement

6  its response.  Plaintiff's responses should not be construed to prejudice its right to conduct

7  further investigation in this case, or to limit its use of any additional evidence that may be

8  developed.  Plaintiff further objects to this Interrogatory to the extent it calls for a conclusion on

9  an issue of law.  Plaintiff further objects to this Interrogatory because it is duplicative of other

10  interrogatories, in whole or in part, made by other defendants in this matter, in violation of the

11  integration order included in section XV, subsections D and E of the Court's "Order Re

12  Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re

13  Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case

14  No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

15  　　　Subject to and notwithstanding the foregoing objections, Plaintiff refers to Attachment A

16  to Certain Direct Action Plaintiffs' Supplemental Responses to Various Interrogatories (dated

17  May 16, 2014), including all revisions and supplementations thereto.

18  　　　Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its

19  response to this Interrogatory as appropriate.

20

21  DATED:  July 24, 2014          /s/ *Philip J. Iovieno*

22                                 Philip J. Iovieno
                                   Anne M. Nardacci
23                                 BOIES, SCHILLER & FLEXNER LLP
                                   10 North Pearl Street, 4th Floor
24                                 Albany, NY  12207
                                   Telephone:  (518) 434-0600
25                                 Facsimile:   (518) 434-0665
                                   Email:  piovieno@bsfllp.com
26                                          anardacci@bsfllp.com

27                                 Stuart H. Singer
                                   BOIES, SCHILLER, & FLEXNER LLP
28                                 401 East Las Olas Boulevard, Suite 1200
                                   Fort Lauderdale, Florida 33301

1

Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

2

3

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

4

5

6

*Counsel for Plaintiff Office Depot, Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SEALED EXHIBIT 21 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS –
Filed Under Seal

SEALED EXHIBIT 22 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS –
Filed Under Seal

SEALED EXHIBIT 23 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS –
Filed Under Seal

SEALED EXHIBIT 24 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS –

Filed Under Seal

SEALED EXHIBIT 25 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS –
Filed Under Seal

SEALED EXHIBIT 26 TO LAURA K. LIN DECLARATION
IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF
MOTION AND MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST CERTAIN DIRECT ACTION
PLAINTIFFS ON DUE PROCESS GROUNDS –
Filed Under Seal

EXHIBIT 27 TO LAURA K. LIN DECLARATION IN
SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION
AND MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON
DUE PROCESS GROUNDS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
Bernice Conn, Bar No. 161594
Bconn@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile:  310-229-5800

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING
LLC; BEST BUY ENTERPRISE SERVICES, INC.;
BEST BUY STORES, L.P.; BESTBUY.COM, LLC;
MAGNOLIA HI-FI, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. M:07-5994-SC MDL No. 1917 |
| This Document Relates to Individual Case No. 3:11-cv-05513-SC | Case No. 3:11-cv-05513-SC |
| BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC., | **BEST BUY'S OBJECTIONS AND RESPONSES TO DEFENDANTS PANASONIC CORPORATION OF NORTH AMERICA AND LG ELECTRONICS USA, INC.'S SECOND SET OF INTERROGATORIES** |
| Plaintiffs, | |
| v. | |
| HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.; | |
| (CONTINUED ON NEXT PAGE) | |

1   PANASONIC CORPORATION;
    PANASONIC CORPORATION OF NORTH
2   AMERICA; MT PICTURE DISPLAY CO.,
    LTD.; BEIJING MATSUSHITA COLOR CRT
3   CO., LTD.; KONINKLIJKE PHILIPS
    ELECTRONICS N.V.; PHILIPS
4   ELECTRONICS NORTH AMERICA
    CORPORATION; PHILIPS ELECTRONICS
5   INDUSTRIES (TAIWAN), LTD.; PHILIPS
    DA AMAZONIA INDUSTRIA
6   ELECTRONICA LTDA.; SAMTEL COLOR
    LTD.; THAI CRT CO., LTD.; TOSHIBA
7   CORPORATION; TOSHIBA AMERICA,
    INC.; TOSHIBA AMERICA CONSUMER
8   PRODUCTS, LLC; TOSHIBA AMERICA
    ELECTRONIC COMPONENTS, INC.;
9   TOSHIBA AMERICA INFORMATION
    SYSTEMS, INC.; CHUNGHWA PICTURE
10  TUBES, LTD.; CHUNGHWA PICTURE
    TUBES (MALAYSIA); TATUNG COMPANY
11  OF AMERICA, INC.,

12          Defendants.

13

14  **PROPOUNDING PARTIES:**      PANASONIC CORPORATION OF NORTH
                                  AMERICA and LGE ELECTONICS USA, INC.
15
    **RESPONDING PARTY**:         BEST BUY CO., INC.; BEST BUY PURCHASING LLC;
16                                BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY
                                  STORES, L.P.; BESTBUY.COM, L.L.C.; and
17                                MAGNOLIA HI-FI, INC.

18  **SET NO.:**                  SECOND

19          TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

20          Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Best

21  Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc., Best Buy

22  Stores, L.P.; BestBuy.Com, L.L.C.; and Magnolia HI-FI, Inc. (collectively "Best Buy")

23  hereby Object and Respond to Defendants Panasonic Corporation of North America and

24  LG Electronics USA, Inc.'s Second Set of Interrogatories (hereinafter, the

25  "Interrogatories").

26                          **RESERVATIONS OF RIGHTS**

27          In responding to these Interrogatories, Best Buy states that it has conducted, or will

28  conduct, a diligent search, reasonable in scope, for information that is relevant to the

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Interrogatories. In the event that additional information relevant to the Interrogatories is later identified or brought to Best Buy's attention, Best Buy reserves the right to amend, revise, supplement, modify, or clarify the following objections and responses. Best Buy further reserves the right to complete its investigation and discovery of the facts, and to rely at trial or in other proceedings upon additional information, regardless of whether such information is newly discovered or newly in existence.

Best Buy incorporates by reference any evidence identified by the Direct Purchaser Plaintiffs, Indirect Purchaser Plaintiffs, and the other Direct Action Plaintiffs in response to any discovery request.

Best Buy has responded to these Interrogatories as it interprets and understands them. If Defendants subsequently assert an interpretation of any Interrogatory or response that differs from Best Buy's understanding, Best Buy reserves the right to supplement or amend its objections or responses.

Best Buy reserves the right to object to the admission of its responses to the Interrogatories into evidence at trial, or any other proceeding.

**GENERAL OBJECTIONS**

1.     Best Buy responds without prejudice to its rights to use or introduce at later times in this proceeding, subsequently discovered information or information omitted from these responses.

2.     Best Buy objects to the Interrogatories to the extent they call for the disclosure of information that is subject to the attorney-client privilege, joint prosecution privilege, the work product doctrine, or any other applicable privilege, immunity, or protection.

3.     Best Buy objects to the Interrogatories to the extent that they require Best Buy to disclose the confidential, proprietary, or commercially sensitive information of third parties that Best Buy is bound, contractually or otherwise, not to disclose.

4.     Best Buy objects to the Interrogatories to the extent that they: (i) seek information that is neither relevant to the parties' claims and defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (ii) are vague,

indefinite, or ambiguous; (iii) are unduly burdensome or unreasonably broad; (iv) are unreasonably cumulative or duplicative; or (v) seek information that is already in Defendants' possession, custody, control, or which is publicly available or otherwise readily accessible to Defendants.

5.    Best Buy objects to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose upon Best Buy obligations beyond those imposed by the Federal Rules of Civil Procedure.

6.    Best Buy objects to the Interrogatories to the extent that they are premature. Best Buy has not completed its discovery and investigation in this matter, which is ongoing. Best Buy responds after reasonable inquiry into the relevant facts based only upon presently known information and documentation. Further investigation and discovery, including further review of documents produced or to be produced by Defendants, may result in the identification of additional information. Best Buy's responses should not be construed to prejudice Best Buy's right to conduct further investigation in this case or to limit Best Buy's use of any evidence that may be later developed.

7.    Best Buy objects to the extent Defendants are drawing a distinction between CRTs and CRT Products. Best Buy interprets all requests related to CRTs to include its purchases of CRT Products, which contain CRTs.

8.    Best Buy objects to the Interrogatories to the extent that they prematurely seek expert opinion, and reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges in accordance with the time period for exchanging expert reports.

Best Buy objects to the Interrogatories in their entirety on the above grounds. In order to avoid repetition, the foregoing General Objections are hereby incorporated into each response as if set forth therein.

/

/

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**Interrogatory No. 11:**

1.     Separately IDENTIFY each "target price[], floor price[] and price range[]" for CRTs that YOU contend was agreed to by the alleged conspirators, as alleged in paragraph 241(b) of the COMPLAINT, by stating:

(a)    The entities who you contend agreed to the target price, floor price or price range;

(b)    The date of the agreement;

(c)    The type(i.e., CDT or CPT) and model(flat, curved, ITC, bare) of CRT to which the target price, floor price or price range applied;

(d)    The effective date(s) of the target price, floor price or price range;

(e)    The customer(s) to whom the target price, floor price or price range applied;

(f)    The geographic area to which the target price, floor price or price range applied;

(g)    All Evidence upon which YOU intend to rely to prove such target price, floor price or price range(including the Bates number of each DOCUMENT and/or citation to specific deposition testimony that YOU claim supports YOUR contention).

**Response:**

Best Buy refers to and incorporates its General Objections as if set forth fully herein. Best Buy also objects to this Interrogatory as overly broad, unduly burdensome, premature, and improperly requiring Best Buy to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Best Buy further objects to this Interrogatory as duplicative of other discovery propounded by defendants in this case.

Subject to and without waiving these objections, Best Buy states that all of defendants' and their co-conspirators' anticompetitive agreements regarding the prices

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

of CRTs involved target prices, floor prices, or price ranges. Defendants and their co-conspirators intended to and did unlawfully fix the market prices of CRTs, including CDTs and CPTs, and intended to and did apply these fixed prices to all customers. Defendants' and their co-conspirators' were successful in imposing anticompetitive overcharges from Q2 1995 through Q1 2006, as detailed in the expert report of Dr. James McClave dated April 15, 2014 and accompanying materials.

Evidence supporting defendants' and their co-conspirators' price fixing includes potentially all documents produced by all parties and the testimony of all witnesses, whether by deposition or otherwise, in this case. Best Buy has not yet decided which of this evidence it intends to rely on to prove its case, nor is it obligated at this time to do so. At this time, Best Buy refers to the following:

The huge list of documents produced in this litigation listed by Dell, Inc. in its response to Interrogatory No. 2 of its Responses to Defendants Samsung SDI America, Inc. and LG Electronics, USA, Inc.'s First Set of Interrogatories dated January 13, 2014.

Expert report of Dr. Kenneth G. Elzinga dated April 15, 2014 and accompanying materials.

Philips' Supplemental and Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5.

Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5.

Hitachi Electronic Devices (USA), Inc.'s Supplemental and Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5.

LG Electronics, Inc.'s Supplemental and Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5.

Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    Interrogatories.

2         Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser

3    Plaintiffs' First Set of Interrogatories Nos. 4 and 5.

4         Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories,

5    dated Nov. 25, 2013.

6         Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for

7    Admission, dated Nov. 25, 2013.

8         Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of

9    Interrogatories dated, May 12, 2010.

10         Exhibit A submitted with this Response.

11    **Interrogatory No. 12:**

12        2.    Separately IDENTIFY each meeting or competitor communication which

13    YOU contend resulted in an agreement to fix "target prices, floor prices and price

14    ranges" for CRTs, as alleged in paragraph 241(b) of the COMPLAINT.

15    **Response:**

16         Best Buy refers to and incorporates its General Objections as if set forth fully

17    herein. Best Buy also objects to this Interrogatory as overly broad, unduly burdensome,

18    premature, and improperly requiring Best Buy to marshal all evidence in support of its

19    case, including all testimony, in responses to written discovery, but particularly while

20    discovery is ongoing and in advance of the applicable deadlines set by the Court for

21    disclosure of pretrial information. Best Buy further objects to this Interrogatory as

22    duplicative of other discovery propounded by defendants in this case. Subject to and

23    without waiving these objections, Best Buy refers to and incorporates its responses to

24    Interrogatory No. 11 above.

25    **Interrogatory No. 13:**

26        3.    Separately for each meeting or competitor communication that YOU

27    IDENTIFIED in response to Interrogatory No. 12, IDENTIFY all Evidence upon which

28    YOU intend to rely to prove that such a meeting or competitor communication resulted

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

OBJECTIONS AND RESPONSES TO DEFENDANTS
PANASONIC AND LG ELECTRONICS USA'S
SECOND SET OF INTERROGATORIES

in an agreement to fix target prices, floor prices and price ranges for CRTs, including:

    (a)    Each DOCUMENT that YOU contend suggests that an agreement to fix target prices, floor prices and price ranges for CRTs was reached;

    (b)    All PERSONS with knowledge suggesting that an agreement to fix target prices, floor prices and price ranges for CRTs was reached;

    (c)    The date of each meeting or competitor communication which YOU contend resulted in an agreement to fix target prices, floor prices and price ranges for CRTs;

    (d)    The location of each alleged meeting, if applicable;

    (e)    The names of each specific corporate entity that YOU contend directly participated in each meeting or competitor communication; and

    (f)    The names of the individuals that YOU contend participated in each meeting or competitor communication.

**Response:**

Best Buy refers to and incorporates its General Objections as if set forth fully herein. Best Buy also objects to this Interrogatory as overly broad, unduly burdensome, premature, and improperly requiring Best Buy to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Best Buy further objects to this Interrogatory as duplicative of other discovery propounded by defendants in this case. Subject to and without waiving these objections, Best Buy refers to and incorporates its responses to Interrogatory No. 11 above.

**Interrogatory No. 14:**

4.    Separately IDENTIFY each meeting or competitor communication which YOU contend resulted in an agreement to maintain or lower production capacity for CRTs, as alleged in paragraph 241(g) of the COMPLAINT.

**Response:**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60825272.1      - 8 -      OBJECTIONS AND RESPONSES TO DEFENDANTS
PANASONIC AND LG ELECTRONICS USA'S
SECOND SET OF INTERROGATORIES

Best Buy refers to and incorporates its General Objections as if set forth fully herein. Best Buy also objects to this Interrogatory as overly broad, unduly burdensome, premature, and improperly requiring Best Buy to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Best Buy further objects to this Interrogatory as duplicative of other discovery propounded by defendants in this case. Subject to and without waiving these objections, Best Buy refers to and incorporates its response to Interrogatory No. 11 above and refers to the following documents produced in this case: SDCRT-0086751E-3E, CHU00028760.01E-2E, CHU00030809.01E-14E, CHU00030807.01E-8.02E, CHU00030835.0IE-8E, CHU00030960.01E-2E, CHU00030731.01E-3E, CHU00030749.01E-51E, TSB-CRT-00035348E-9E, CHU00030869.01E-71.02E, CHU00030835.01E-38E, PHLP-CRT-014085-89, CHU00029293-7, CHU00030965E-70E, SDCRT-0086563E-6E, CHU00006004.1, CHU00014198.01, CHU00030985.01, CHU00014230.01, CHU00023392.1, CHU00030701.01, CHU00031075.01, CHU00030787.01, HEDUS-CRT00152762, HEDUSCRT-000003070, HEDUS-CRT00003434, TAEC.CRT-00009411, PHLP-CRT-004241, HEDUS-CRT00006892, SDCRT-0088635, MTPD-0400601, MTPD-0516287, CHU00126131.01, CHU00648024, CHU00030839.01, CHU00119823. In some of the foregoing documents, only the first page of a multi-page document is listed but the entire document is included.

**Interrogatory No. 15:**

5.       Separately for each meeting or competitor communication that YOU IDENTIFIED in response to Interrogatory No. 14, IDENTIFY all Evidence upon which YOU intend to rely to prove that such a meeting or competitor communication resulted in an agreement to maintain or lower production capacity for CRTs, including:

    (a)       Each DOCUMENT that YOU contend suggests that an agreement to maintain or lower production capacity for CRTs was reached;

    (b)       All PERSONS with knowledge suggesting that an agreement to maintain or

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

lower production capacity for CRTs was reached;

(c)     The date of each meeting or competitor communication which YOU contend resulted in an agreement to maintain or lower production capacity for CRTs;

(d)     The location of each alleged meeting, if applicable;

(e)     The names of each specific corporate entity that YOU contend directly participated in each meeting or competitor communication; and

(f)     The names of the individuals that YOU contend participated in each meeting or competitor communication.

**Response:**

Best Buy refers to and incorporates its General Objections as if set forth fully herein. Best Buy also objects to this Interrogatory as overly broad, unduly burdensome, premature, and improperly requiring Best Buy to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Best Buy further objects to this Interrogatory as duplicative of other discovery propounded by defendants in this case. Evidence supporting defendants' and their co-conspirators' agreements to maintain or lower production of CRTs includes potentially all documents produced by all parties and the testimony of all witnesses, whether by deposition or otherwise, in this case. Best Buy has not yet decided which of this evidence it intends to rely on to prove its case, nor is it obligated at this time to do so. Subject to and without waiving these objections, Best Buy refers to and incorporates its response to Interrogatory No 14 above.

**Interrogatory No. 16:**

6.     Separately IDENTIFY each entity that YOU contend participated in the conspiracy that YOU allege in the COMPLAINT. If any such entity comprises individual members, IDENTIFY each individual member that YOU contend participated in the conspiracy that YOU allege in the COMPLAINT.

**Response:**

Best Buy refers to and incorporates its General Objections as if set forth fully herein. Best Buy also objects to this Interrogatory as premature, particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Best Buy further objects to this Interrogatory as duplicative of other discovery propounded by defendants in this case. Additionally, Best Buy objects to the portion of this Interrogatory referring to "individual members" and their identity as vague and ambiguous.

Subject to and without waiving these objections, Best Buy states that the participants in the conspiracy include those entities named as defendants, agents or coconspirators in the Complaint or in the complaint filed in Best Buy Co., Inc., et al. v. Technicolor SA, et al., Individual Case No. 13-cv-05264 SC, those entities identified in the reports or decisions of the European Commission or the South Korean Fair Trade Commission regarding the CRT antitrust conspiracy, those entities and individuals indicted by a United States federal grand jury for participation in the CRT antitrust conspiracy, those entities listed in Exhibit 15 to the expert report of Dr. Alan Frankel dated April 15,2014, and those entities identified by any other plaintiff in this consolidated action in response to this or a similar interrogatory. Without in any way limiting the foregoing, Best Buy refers to the following:

Chunghwa Picture Tubes, Ltd.

Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

Tatung Company of America, Inc.

Hitachi, Ltd.

Hitachi Displays, Ltd.

Hitachi America, Ltd.

Hitachi Asia, Ltd.

Hitachi Electronic Devices (USA), Inc.

Shenzhen SEG Hitachi Color Display Devices, Ltd.

IRICO Group Corporation

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    IRICO Group Electronics Co., Ltd.

2    IRICO Display Devices Co. Ltd.

3    LG Electronics, Inc.

4    LG Display Co., Ltd.

5    LG Electronics USA, Inc.

6    LG Electronics Taiwan Taipei Co., Ltd.

7    LPD

8    LP Displays International Ltd. (f/k/a LGPD)

9    Panasonic Corporation

10   Panasonic Corporation of North America

11   Victor Company of Japan, Ltd.

12   MT Picture Display Co., Ltd. (f/k/a Matsushita Toshiba Picture Display Co., Ltd.)

13   Beijing Matsushita Color CRT Co., Ltd.

14   Koninklijke Philips Electronics N.V. (a/k/a Royal Philips Electronics)

15   Philips Electronics North America Corporation

16   Philips Consumer Electronics

17   Philips Electronics Industries (Taiwan), Ltd.

18   Philips da Amazonia Industria Electronica Ltda.

19   Samsung SDI Co., Ltd. (f/k/a Samsung Display Device Company)

20   Samsung SDI America, Inc.

21   Samsung SDI Mexico S.A. de C.V.

22   Samsung SDI Brasil Ltda.

23   Shenzhen Samsung SDI Co., Ltd.

24   Tianjin Samsung SDI Co., Ltd.

25   Samsung SDI (Malaysia) Sdn. Bhd,

26   Samtel Color Ltd.

27   Thai CRT Co., Ltd.

28   Toshiba Corporation

Toshiba America, Inc.

Toshiba America Consumer Products, LLC

Toshiba America Electronic Components, Inc.

Toshiba America Information Systems, Inc.

Toshiba Matsushita Display Technology Co.

Technicolor SA (f/k/a Thomson SA)

Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.)

Thomson Multimedia

TCL Thomson Electronics Corporation

TTE Technology, Inc.

Videocon Industries, Ltd.

Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC)

Technologies Displays Mexicana, S.A. de C.V.

Mitsubishi Electric Corporation

Mitsubishi Electric & Electronics USA, Inc.

Mitsubishi Electric Visual Solutions America, Inc. (f/k/a Mitsubishi Digital Electronics

America, Inc.)

NEC Mitsubishi Electronics

Mitsubishi Digital Electronics America, Inc.

Orion Electronic Co.

Orion Electronic Components Co.

Orion Electric Components Co., Ltd.

Daewoo Group

Daewoo Electronics Co., Ltd.

Daewoo Telecom Co.

Daewoo Corporation

Daewoo-Orion Societe Anonyme

- 13 -

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Daewoo International

Matsushita Electronic Corporation (Malaysia) Sdn. Bhd.

MT Picture Display Co., Ltd.

P.T. Tosummit Electronic Devices Indonesia

Toshiba Display Devices (Thailand) Co., Ltd.

Novel

Shanghai Novel

Dongguan

SEG-Hitachi

Caihong

In some cases, the names of the foregoing entities may be inaccurate or incomplete or the formal legal name may be different. This list is based on the information presently available to Best Buy. Defendants better know the accurate and complete identity of their own entities and those of the entities with which they conspired.

**Interrogatory No. 17:**

7.     Separately for each entity that YOU contend participated in the alleged conspiracy in response to Interrogatory No. 16, IDENTIFY all Evidence upon which YOU intend to rely to prove such participation, including:

(a)     Each DOCUMENT that YOU contend suggests that entity was a Co-Conspirator;

(b)     All PERSONS with knowledge suggesting that entity was a Co-Conspirator;

(c)     The date of each meeting or competitor communication in which YOU contend the entity participated;

(d)     The location of each alleged meeting, if applicable;

(e)     The names of each specific corporate entity that directly participated in each meeting or competitor communication;

(f)     The names of the individuals that YOU allege participated in each meeting or competitor communication; and

(g)   The names of any other individual that has knowledge concerning the meeting or competitor communication.

**Response:**

Best Buy refers to and incorporates its General Objections as if set forth fully herein. Best Buy also objects to this Interrogatory as overly broad, unduly burdensome, premature, and improperly requiring Best Buy to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Best Buy further objects to this Interrogatory as duplicative of other discovery propounded by defendants in this case. Evidence supporting defendants' and their coconspirators' participation in the CRT conspiracy includes potentially all documents produced by all parties and the testimony of all witnesses, whether by deposition or otherwise, in this case. Best Buy has not yet decided which of this evidence it intends to rely on to prove its case, nor is it obligated at this time to do so. Subject to and without waiving these objections, Best Buy refers to and incorporates its responses to Interrogatories No. 11 and 14 above.

**Interrogatory No. 18:**

Separately for each person or entity IDENTIFIED in response to Interrogatory No. 15 of Defendants LG Electronics, Inc. and Panasonic Corp.'s Second Set of Interrogatories to Best Buy, November 5, 2013, IDENTIFY:

(a)   the specific DEFENDANT or alleged Co-Conspirator that YOU contend Owned or Controlled that person or entity;

(b)   the period of time during which YOU contend that the DEFENDANT or alleged Co-Conspirator Owned or Controlled the OEM or other supplier; and

(c)   all Evidence upon which YOU intend to rely to prove such Ownership or Control(including the Bates number of each DOCUMENT and/or citation to specific deposition testimony that YOU claim supports YOUR contention).

**Response:**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Best Buy refers to and incorporates its General Objections as if set forth fully herein. Best Buy also objects to this Interrogatory as overly broad, unduly burdensome, premature, and improperly requiring Best Buy to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Best Buy further objects to this Interrogatory as duplicative of other discovery propounded by defendants in this case. Discovery of the ownership or control of the entities is ongoing but incomplete at this time. With respect to a number of the entities identified in Interrogatory No. 13, ownership or control will not be disputed by the particular defendant or affiliate with such ownership or control, e.g., Hitachi, Ltd, owns 100% of Hitachi America, Ltd. Best Buy has not yet decided which of this evidence it intends to rely on to prove ownership or control, nor is it obligated at this time to do so. Subject to and without waiving these objections, Best Buy refers to the following:

Expert report of Dr. Stephan Haggard dated April 15, 2014 and all accompanying materials.

The documents and other information referred to by Dell, Inc. in its Supplemental Responses to Interrogatories No. 6 and 13 to Defendants Samsung SDI America, Inc. and LG Electronics, USA, Inc.'s First Set of Interrogatories (response dated July 14, 2014).

Annual Report 2005 of Koninklijke Philips Electronics, N.V.

*Vichi v. Koninklijke Philips Elec. N.V.,* C.A. No. 2578-VCP (Del. Feb. 18, 2014).

Investigation of the Causes of the Bankruptcy of LG. Philips Displays (April 20, 2009).

Answer of Thomson SA to Best Buy's Complaint in Best Buy Co., Inc., et al. v, Technicolor SA, Case No. l3-cv-05264, dated April 25, 2014.

Attachment A to Certain Direct Action Plaintiffs' Responses to Interrogatories dated May 16, 2014.

/

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

DATED: July 21, 2014

By: /s/ Laura E. Nelson
   Roman M. Silberfeld
   David Martinez
   Laura E. Nelson

**ATTORNEYS FOR PLAINTIFFS
BEST BUY CO., INC.; BEST BUY PURCHASING
LLC; BEST BUY ENTERPRISE SERVICES, INC.;
BEST BUY STORES, L.P.; BESTBUY.COM, LLC;
MAGNOLIA HI-FI, INC.**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60825272.1

- 17 -

OBJECTIONS AND RESPONSES TO DEFENDANTS
PANASONIC AND LG ELECTRONICS USA'S
SECOND SET OF INTERROGATORIES

SEALED EXHIBIT 28 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS - Filed Under Seal

SEALED EXHIBIT 29 TO LAURA K. LIN DECLARATION
IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF
MOTION AND MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST CERTAIN DIRECT ACTION
PLAINTIFFS ON DUE PROCESS GROUNDS –
Filed Under Seal

SEALED EXHIBIT 30 TO LAURA K. LIN DECLARATION IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS –

Filed Under Seal