1   Eliot A. Adelson (SBN 205284)
    James Maxwell Cooper (SBN 284054)
2   KIRKLAND & ELLIS LLP
    555 California Street, 27th Floor
3   San Francisco, CA 94104
    Telephone: (415) 439-1400
4   Facsimile: (415) 439-1500
    Email: eadelson@kirkland.com
5   Email: max.cooper@kirkland.com

6   James H. Mutchnik, P.C. (*pro hac vice*)
    Kate Wheaton (*pro hac vice*)
7   KIRKLAND & ELLIS LLP
    300 North LaSalle
8   Chicago, IL 60654
    Telephone: (312) 862-2000
9   Facsimile: (312) 862-2200
    Email: jmutchnik@kirkland.com
10  Email: kate.wheaton@kirkland.com

11  Attorneys for Defendant
    HITACHI ASIA, LTD.
12

13              UNITED STATES DISTRICT COURT

14           NORTHERN DISTRICT OF CALIFORNIA

15              SAN FRANCISCO DIVISION

16  IN RE: CATHODE RAY TUBE (CRT)      CASE NO.: 3:07-cv-05944-SC
    ANTITRUST LITIGATION
17                                      MDL NO.: 1917

18  ─────────────────────────────
                                        DECLARATION OF WEI LING QUEK IN
19  This Document Relates To:           SUPPORT OF HITACHI ASIA, LTD.'S
                                        MOTION FOR PARTIAL SUMMARY
20  *All Actions.*                      JUDGMENT ON DUE PROCESS
                                        GROUNDS
21

22

23

24

25

26

27

28

DECLARATION OF WEI LING QUEK IN SUPPORT OF
HITACHI ASIA, LTD.'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON DUE PROCESS GROUNDS

CASE NO.: 3:07-cv-05944-SC
MDL NO.: 1917

I, Wei Ling Quek hereby declare:

1.     I am over the age of eighteen, and am not a party to this action.  I have personal knowledge of the facts and matters stated herein and, if called, could and would testify competently to them.

2.     I am currently employed by Hitachi Asia, Ltd. ("HAS") as the General Manager of the Legal and Compliance Group.  I am authorized to make this declaration on behalf of Hitachi Asia, Ltd. I am informed and believe that the matters stated in this declaration are true.

3.     HAS is a Singaporean company with its principal place of business at 7 Tampines Grande, #08-01 Hitachi Square, Singapore 528736.

4.     Prior to June 2002, HAS sold cathode ray tubes ("CRTs").  HAS never manufactured CRTs.  HAS did not sell CRTs to CRT Product manufacturing facilities located in the United States. HAS never sold or manufactured CRT Products in the United States.  HAS did not sell CRTs to consumers because CRTs are not a standalone product.

5.     Between March 1, 1995 and November 25, 2007, the Relevant Period alleged by the plaintiffs in this case, HAS had no sales of CRTs or CRT Products to customers located in Arizona, California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New York, New Mexico, North Carolina, or Wisconsin (collectively, the "Relevant States").

6.     HAS has no offices or other facilities in the Relevant States.

7.     HAS does not own property in the Relevant States.  HAS has never acquired or leased property in the Relevant States.

8.     HAS has never filed or been required to file taxes in the Relevant States.

9.     HAS has never held any formal meetings of its directors or shareholders in the Relevant States.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on the 6th day of November, 2014 in Singapore.