1  JEROME C. ROTH (State Bar No. 159483)
   jerome.roth@mto.com
2  HOJOON HWANG (State Bar No. 184950)
   hojoon.hwang@mto.com
3  MIRIAM KIM (State Bar No. 238230)
   miriam.kim@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
5  Twenty-Seventh Floor
   San Francisco, California 94105-2907
6  Telephone:    (415) 512-4000
   Facsimile:    (415) 512-4077
7
   WILLIAM D. TEMKO (State Bar No. 98858)
8  william.temko@mto.com
   MUNGER, TOLLES & OLSON LLP
9  355 South Grand Avenue
   Thirty-Fifth Floor
10 Los Angeles, CA 90071-1560
   Telephone:    (213) 683-9100
11 Facsimile:    (213) 687-3702

12 *Attorneys for Defendants LG Electronics, Inc.,
   LG Electronics U.S.A., Inc. and LG Electronics*
13 *Taiwan Co., LTD.*

14 *Additional Moving Defendants and Counsel
   Listed on Signature Pages*
15

16                    UNITED STATES DISTRICT COURT

17           NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

18

| | |
|---|---|
| This Document Relates to: | Case No. Master File No. 3:07-cv-05944-SC |
| *Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, Individual Case No. 11-cv-06397 | MDL NO. 1917 |
| *Sears, Roebuck and Co. and Kmart Corp v. Chunghwa Picture Tubes, Ltd., et al.*, Individual Case No. 11-cv-05514 | **DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON STATE LAW CLAIMS LIMITED TO INTRASTATE ACTIVITY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Redacted** |
| *Office Depot Inc. v. Hitachi Ltd., et al.*, Individual Case No. 11-cv-06276 | |
| *Interbond Corporation of America d/b/a BrandsMart USA v. Hitachi, Ltd., et al.*, Individual Case No. 11-cv-06275 | [[Proposed] Order filed concurrently herewith] |
| *P.C. Richard & Son Long Island Corporation et al. v. Hitachi Ltd., et al.*, Individual Case No. 12-cv-02648 | Judge: Hon. Samuel Conti<br>Date: February 6, 2015<br>Time: 10:00 a.m.<br>Ctrm: 1, 17th Floor |

1  *Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723

2

3  *Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262

4  *Office Depot, Inc. v. Technicolor, et al.*, No. 13-cv-05726

5

6  *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727

7  *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA*, No. 13-cv-05725

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2015 at 10:00 a.m., or as soon as counsel may be heard thereafter, in Courtroom 1, 17th Floor, San Francisco, California before the Honorable Samuel Conti, the undersigned defendants will move the Court, pursuant to Federal Rule of Civil Procedure 56, for partial summary judgment with respect to certain state law claims of Plaintiffs Costco Wholesale Corporation ("Costco"); Kmart Corp. ("Kmart"); and Office Depot, Inc. ("Office Depot"); Interbond Corporation of America d/b/a BransMart USA ("Interbond"); and MARTA Cooperative of America, Inc. ("MARTA") (collectively, "Plaintiffs"). Specifically, this motion seeks partial summary judgment on the following claims for relief with the exception of Plaintiffs' Michigan state law claims against HEDUS and the Philips Defendants:

1. Costco's Fourth and Fifth Claims for Relief under Arizona and Florida state law;

2. Kmart's Third Claim for Relief under Michigan state law;

3. Office Depot's Second Claim for Relief under Florida state law;

4. Interbond's Second Claim for Relief under Florida state law; and

5. MARTA's Second Claim for Relief under Arizona and Michigan state law.

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Laura K. Lin in Support of Defendant's Motion for Partial Summary Judgment Against Certain Direct Action Plaintiffs on Due Process Grounds ("Lin Decl."), and any materials attached thereto or otherwise found in the record, along with the argument of counsel and such other matters as the Court may consider.

1   Dated:  November 7, 2014          Respectfully submitted,

2

3                                     MUNGER, TOLLES & OLSON LLP

4                                     By: */s/ Hojoon Hwang*

5                                     JEROME C. ROTH (State Bar No. 159483)
                                      jerome.roth@mto.com
6                                     HOJOON HWANG (State Bar No. 184950)
                                      hojoon.hwang@mto.com
7                                     MIRIAM KIM (State Bar No. 238230)
                                      miriam.kim@mto.com
8                                     **MUNGER, TOLLES & OLSON LLP**
                                      560 Mission Street, Twenty-Seventh Floor
9                                     San Francisco, California 94105-2907
                                      Telephone: (415) 512-4000
10                                    Facsimile: (415) 512-4077

11                                    WILLIAM D. TEMKO (SBN 098858)
                                      William.Temko@mto.com
12                                    **MUNGER, TOLLES & OLSON LLP**
                                      355 South Grand Avenue, Thirty-Fifth Floor
13                                    Los Angeles, CA 90071-1560
                                      Telephone: (213) 683-9100
14                                    Facsimile: (213) 687-3702

15                                    *Attorneys for Defendants LG Electronics, Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei*
16                                    *Co., Ltd.*

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## QUESTION PRESENTED[1]

Whether certain of Plaintiffs' state law claims based on indirect purchases are barred where the laws of the respective states only apply to anticompetitive conduct that occurred *within* that state and Plaintiffs fail to offer any evidence of such conduct?

## SUMMARY OF ARGUMENT

Certain Plaintiffs[2] assert claims pursuant to the laws of states that limit the reach of their antitrust and anticompetitive statutes to conduct occurring within the state. Specifically, Plaintiffs bring state law claims under the laws of the following states that require intrastate conduct: Florida, Arizona, and Michigan. Where Plaintiffs fail to identify anticompetitive conduct within these states, their claims must fail and summary judgment with respect to these claims should be granted in favor of Defendants.

## OVERVIEW OF CLAIMS ADDRESSED

Plaintiffs are companies that purchased products containing Cathode Ray Tubes ("CRTs") and resold them directly to consumers or through distribution channels. Plaintiffs allege that Defendants engaged in a conspiracy to fix the prices of CRTs. Along with federal law claims, Plaintiffs allege the following state law claims at issue in this motion:

1. Costco's Fourth and Fifth Claims for Relief under Arizona and Florida state law;[3]

2. Kmart's Third Claim for Relief under Michigan state law;

3. Office Depot's Second Claim for Relief under Florida state law;

4. Interbond's Second Claim for Relief under Florida state law; and

---

[1] Lin Declaration Exhibit C describes how Defendants' motions concerning Plaintiffs' state law claims relate to one another. As Exhibit C details, the Court need not consider certain of Defendants' motions if it finds in Defendants' favor on other motions.

[2] The Plaintiffs at issue in this motion are: Costco, Kmart, Office Depot, Interbond, and MARTA.

[3] Panasonic Corporation, Panasonic Corporation of North America and MT Picture Display Co., Ltd. ("MTPD") do not move with respect to Costco's claims, as they are not named in Costco's complaint. The SDI Defendants and Philips Defendants likewise do not move with respect Costco's claims because Costco does not assert any state law claims against them.

5. MARTA's Second Claim for Relief under Arizona and Michigan state law.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

In discovery, Plaintiffs identified the alleged anticompetitive conduct at issue by creating an "Exhibit A," as well as by pointing to Defendants' own discovery responses and generally referencing all documents produced by any party.[4] Exhibit A lists alleged anticompetitive communications by date, location, and individual participants. Plaintiffs purported to identify which Defendants were affiliated with each entry on Exhibit A, but failed to specify the particular Defendants by corporate entity. (Thus, for instance, "SDI" is one column on Exhibit A, without reference to which of the seven SDI Defendants is at issue.) ██████████████████████████████████████████████████████████████.[5]

Exhibit A (consistent with all of the discovery in these matters) indicates that substantially all of the alleged misconduct at issue occurred abroad. 

---

[4] *See, e.g.*, Lin Decl. Ex. 20 (Office Depot's Objections and Responses to Hitachi Asia, Ltd.'s First Set of Interrogatories, Response to Interrogatory No. 1 (stating that "[e]vidence supporting defendants' and their co-conspirators' illegal price fixing agreement includes" various expert reports and discovery responses by others, and an Exhibit A)). The most recent supplement of this "Exhibit A" is attached as Exhibit A to the accompanying declaration of Laura K. Lin ("Exhibit A").

[5] Exhibit A.

[6] As described in the Lin Declaration, Defendants created Exhibit B by filtering Plaintiffs' Exhibit A by location (as identified by Plaintiffs in the second column of their Exhibit A) and selecting entries that reference, or appear to reference, the United States. *See* Lin Decl. ¶ 4. In addition, Defendants added entries to Exhibit B based on the allegations relating to conduct in the United States as cited in the exhibits to the Rebuttal Expert Report of Jerry A. Hausman (Sept. 26, 2014). *Id.* These latter entries are designated with the letter "H" in Exhibit B. Although Plaintiffs have indicated that their evidence of anticompetitive conduct may arise from all discovery documents and responses, Defendants have not located any additional references to Plaintiffs' allegations of anticompetitive conduct in the United States.

### A. Plaintiffs Have Identified No Evidence of Anticompetitive Conduct Within Florida

Plaintiffs have not identified evidence of any purportedly anticompetitive conduct by Defendants within Florida.[7]

### B. Plaintiffs Purport to Have Identified One Instance of Anticompetitive Conduct in Arizona Allegedly Involving Two Defendants

[redacted]

### C. Plaintiffs Purport to Have Identified Three Instances of Anticompetitive Conduct in Michigan

[redacted]

Plaintiffs' purported evidence does not involve any alleged anticompetitive activity by the LG Defendants, the Mitsubishi Defendants, the Toshiba Defendants, or Panasonic Corporation.[12] As to the SDI Defendants, Plaintiffs have [redacted]

---

[7] *See* Exhibit A; Exhibit B.

[8] *See* Exhibit A; Exhibit B.

[9] Lin Decl. Ex. 24 (HEDUS-CRT00160563 (cited in Exhibit A line 284)).

[10] Lin Decl. Ex. 21 (Deposition of L. Thomas Heiser (March 18 – 19, 2014) at 191:17-193:9).

[11] *See* Exhibit A (lines 857, 1075, 1346); Exhibit B (lines 857, 1075, 1346).

[12] *See* Exhibit A (lines 857, 1075, 1346); Exhibit B (lines 857, 1075, 1346). [redacted]

*See* Lin Decl. Ex. 28 (MTPD-0576843).

1   ███████ [13] Further, as to defendant MTPD, ████████████████████████████

2   ████████████████████████████████████████████████████████████████████████████

3   ██████████. [14]

## LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of identifying the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

Where, as here, the moving party meets its burden, the non-moving party must identify facts showing that a genuine issue for trial exists. *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The non-moving party may not rely on the pleadings but must come forward with evidence – affidavits, depositions, answers to interrogatories, or admissions – from which a jury could reasonably render a verdict in its favor. *Id.* (citing *Anderson*, 477 U.S. at 252). "The nonmoving party must show more than the mere existence of a scintilla of evidence" or "some 'metaphysical doubt' as to the material facts at issue." *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

## ARGUMENT

### I. The Applicable Laws in Florida, Arizona, and Michigan Require Intrastate Anticompetitive Conduct

Each of the Relevant States' laws apply only to anticompetitive conduct that occurred *within* the state.

---

[13] *See* Exhibit A (line 1346 (citing Robert O'Brien (Philips) Dep. at 251:20-258:2 and PTC-0004295); Exhibit B (line 1346) (citing same). *See also* Lin Decl. Ex. 11 (Robert O'Brien (Philips) Dep. at 251:20-258:2); *id.* Ex. 8 (PTC-00004295).

[14] Exhibit A (line 1075 (citing Iwamoto Dep. at 45-55, 81, 262-64, 359-64); Exhibit B (line 1075) (citing same); *see also* Lin Decl. Exs. 29, 30 (Shinichi Iwamoto (Feb. 7-8, 2013) Dep. at 45:1-55:25, 81:1-25, 262:1-264:25, 359:1-364:25); Lin Decl. Ex. 28 (MTPD-0576843).

In Florida, indirect purchaser damages are available pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"). *See Mack v. Bristol–Myers Squibb Co.*, 673 So. 2d 100 (Fla. Dist. Ct. App. 1996). Florida courts have consistently held that FDUPTA "seeks to prohibit unfair, deceptive and/or unconscionable practices which have transpired within the territorial boundaries of [Florida]." *Millennium Commc'ns & Fulfillment, Inc. v. Office of Att'y Gen.*, 761 So.2d 1256, 1262 (Fla. Dist. Ct. App. 2000) (emphasis added); 10A Florida Jurisprudence (2d Ed. 2014) § 165 ("Florida Deceptive and Unfair Trade Practices Act (FDUTPA) applies only to actions that occurred within the state of Florida."). As a result, courts interpreting Florida law have dismissed plaintiffs' FDUPTA claims where a plaintiff fail to "specify the location of the conduct to make certain it occurred within the territorial boundaries of Florida." *Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1331 (S.D.Fla. 2012); *see also id*. at 1330 ("FDUTPA applies only to actions that occurred within the state of Florida."); *Beaver v. Inkmart, LLC*, , 2012 WL 4005970, at *3 (S.D. Fla. Sep. 12, 2012) (dismissing FDUTPA claims "[b]ecause none of the alleged misconduct occurred within Florida") (internal quotation marks and citation omitted); *Carnival Corp. v. Rolls-Royce PLC*, , 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009) (noting that "FDUTPA applies only to action that occurred within the state of Florida" and dismissing claims based on actions that occurred outside of Florida).

Arizona and Michigan's antitrust statutes similarly apply only to intrastate anticompetitive conduct. *See* Ariz. Rev. Stat. Ann. § 44-1402 ("A contract, combination or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce, any part of which is *within this state*, is unlawful." (emphasis added)); Mich. Comp. Laws Ann. § 445.772 ("A contract, combination, or conspiracy between 2 or more persons in restraint of, or to monopolize, trade or commerce *in a relevant market* is unlawful." (emphasis added)); Mich. Comp. Laws Ann. § 445.771(b) ("'Relevant market' means the geographical area of actual or potential competition in a line of trade or commerce, all or any part of which is within this state."). *See also Aurora Cable Commc'ns, Inc. v. Jones Intercable, Inc.*, 720 F. Supp. 600, 603 (W.D. Mich. 1989) (the Michigan antitrust law "parallels the Sherman Antitrust Act as it applies to intrastate conduct"); *In*

*re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 407 n.8 (S.D.N.Y. 2011) (finding that Michigan antitrust law requires intrastate conduct).

Courts interpreting similar state laws have likewise concluded that plaintiffs must identify anticompetitive conduct *within* the state whose law they seek to apply. *See, e.g.*, *In re Lithium Ion Batteries Antitrust Litig.*, 2014 WL 4955377, at * (N.D. Cal. Oct. 2, 2014) (dismissing New Hampshire Consumer Protection Act claim with prejudice where plaintiffs failed to identify anticompetitive conduct within New Hampshire) (citing N.H. Rev. Stat. Ann. § 358-A:2 (prohibiting "any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state")).

## II. Defendants Are Entitled to Partial Summary Judgment Where Plaintiffs Fail to Identify Intrastate Anticompetitive Conduct Within the Respective States

The undisputed material facts show that Plaintiffs fail to satisfy the requirements of Florida, Arizona and Michigan law with respect to some or all Defendants. Plaintiffs have alleged no anticompetitive conduct by any Defendant within Florida and, as a result, Defendants are entitled to partial summary judgment on Plaintiffs' Florida claims. *See Millennium Commc'ns & Fulfillment, Inc.*, 761 So.2d at 1262 (requiring intrastate anticompetitive conduct). Similarly, Defendants are entitled to partial summary judgment on Plaintiffs' Arizona claims because Plaintiffs fail to identify any alleged anticompetitive conduct by Defendants in Arizona. *See* Ariz. Rev. Stat. § 44-1402 (requiring intrastate anticompetitive conduct).

*Finally*, other than HEDUS and the Philips Defendants (which do not move with respect to the Michigan claims against them), Defendants are entitled to partial summary judgment on Plaintiffs' Michigan claims. Plaintiffs have not identified any anticompetitive conduct by the LG Defendants, SDI Defendants, or Toshiba Defendants in Michigan. ███████████████████████████████████████████████████████████████████████████████████████████████████ *See, e.g.*, *In re Citric Acid Litig.*, 996 F. Supp. 951, 958 (N.D. Cal. 1998) (holding that where there was no evidence that

---

[15] Exhibit A (line 1075); Exhibit B (line 1075).

1  conspiratorial action was ever discussed at individual meetings, such meetings could only be
2  considered circumstantial evidence of conspiracy), *aff'd*, 191 F.3d 1090 (9th Cir. 1999); *In re*
3  *Baby Food Antitrust Litig.*, 166 F.3d 112, 118 (3d Circ. 1999) (noting that competitors may
4  exchange price information for legitimate business reasons); *Supermarket of Homes, Inc. v. San*
5  *Fernando Valley Bd. of Realtors*, 786 F.2d 1400, 1407 (9th Cir. 1986) (same); *Market Force Inc.*
6  *v. Wauwatosa Realty Co.*, 906 F.2d 1167, 1173 (7th Cir.1990) ("[I]t is well established that
7  evidence of informal communications among several parties does not unambiguously support an
8  inference of a conspiracy.").

9  Accordingly, other than HEDUS and the Philips Defendants, Defendants are entitled to
10 partial summary judgment on Plaintiffs' Michigan claims because Plaintiffs fail to identify any
11 alleged anticompetitive conduct by these Defendants in Michigan.  *See* Mich. Comp. Laws Ann.
12 § 445.772 (requiring intrastate anticompetitive conduct).

### CONCLUSION

14 For the foregoing reasons, Defendants respectively request that this Court award partial
15 summary judgment in favor of Defendants with respect to the following claims:

16 1.   Costco's Fourth and Fifth Claims for Relief under Arizona and Florida state law;

17 2.   Kmart's Third Claim for Relief under Michigan state law but not with respect to Kmart's
18      Kmart's Michigan law claims against HEDUS and the Philips Defendants;

19 3.   Office Depot's Second Claim for Relief under Florida state law;

20 4.   Interbond's Second Claim for Relief under Florida state law; and

22 5.   MARTA's Second Claim for Relief under Arizona and Michigan state law, but not with
23      respect to MARTA's Michigan law claims against HEDUS and the Philips Defendants.

25 Dated:  November 7, 2014                Respectfully submitted,

| | |
|---|---|
| 1 | |
| 2 | MUNGER, TOLLES & OLSON LLP |
| 3 | By: */s/ Hojoon Hwang* |
| 4 | JEROME C. ROTH (State Bar No. 159483)<br>jerome.roth@mto.com |
| 5 | HOJOON HWANG (State Bar No. 184950)<br>hojoon.hwang@mto.com |
| 6 | MIRIAM KIM (State Bar No. 238230)<br>miriam.kim@mto.com |
| 7 | **MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty-Seventh Floor |
| 8 | San Francisco, California 94105-2907<br>Telephone: (415) 512-4000 |
| 9 | Facsimile: (415) 512-4077 |
| 10 | WILLIAM D. TEMKO (SBN 098858)<br>William.Temko@mto.com |
| 11 | **MUNGER, TOLLES & OLSON LLP**<br>355 South Grand Avenue, Thirty-Fifth Floor |
| 12 | Los Angeles, CA 90071-1560<br>Telephone: (213) 683-9100 |
| 13 | Facsimile: (213) 687-3702 |
| 14 | *Attorneys for Defendants LG Electronics, Inc.; LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd.* |
| 15 | |
| 16 | WINSTON & STRAWN LLP |
| 17 | By: */s/ Jeffrey L. Kessler* |
| 18 | JEFFREY L. KESSLER (*pro hac vice*)<br>JKessler@winston.com |
| 19 | A. PAUL VICTOR (*pro hac vice*)<br>PVictor@winston.com |
| 20 | ALDO A. BADINI (SBN 257086)<br>ABadini@winston.com |
| 21 | EVA W. COLE (*pro hac vice*)<br>EWCole@winston.com |
| 22 | MOLLY M. DONOVAN<br>MMDonovan@winston.com |
| 23 | **WINSTON & STRAWN LLP**<br>200 Park Avenue |
| 24 | New York, NY 10166<br>Telephone: (212) 294-6700 |
| 25 | Facsimile: (212) 294-4700 |
| 26 | STEVEN A. REISS (*pro hac vice*)<br>steven.reiss@weil.com |
| 27 | DAVID L. YOHAI (*pro hac vice*)<br>david.yohai@weil.com |
| 28 | ADAM C. HEMLOCK (*pro hac vice*)<br>adam.hemlock@weil.com |

- 8 -    3:07-cv-05944-SC; MDL 1917
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS ON INTRASTATE CONDUCT GROUNDS

1  **WEIL, GOTSHAL & MANGES LLP**
   767 Fifth Avenue
2  New York, New York 10153-0119
   Telephone: (212) 310-8000
3  Facsimile: (212) 310-8007

4  *Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), MT*
5  *Picture Display Co., Ltd.*

6

7  KIRKLAND & ELLIS LLP

   By: */s/ Eliot A. Adelson*
8  ELIOT A. ADELSON (SBN 205284)
   JAMES MAXWELL COOPER (SBN 284054)
9  **KIRKLAND & ELLIS LLP**
   555 California Street, 27th Floor
10 San Francisco, California 94104
   Tel: (415) 439-1400
11 Facsimile: (415) 439-1500
   E-mail: eadelson@kirkland.com
12 E-mail: max.cooper@kirkland.com

13 JAMES H. MUTCHNIK, P.C. (*pro hac vice*)
   KATE WHEATON (*pro hac vice*)
14 **KIRKLAND & ELLIS LLP**
   300 North LaSalle
15 Chicago, Illinois 60654
   Tel: (312) 862-2000
16 Facsimile: (312) 862-2200

17 *Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia,*
18 *Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*
19

20 SHEPPARD MULLIN RICHTER & HAMPTON LLP

21 By: */s/ Gary L. Halling*
   GARY L. HALLING (SBN 66087)
22 ghalling@sheppardmullin.com
   JAMES L. MCGINNIS (SBN 95788)
23 jmcginnis@sheppardmullin.com
   MICHAEL W. SCARBOROUGH (SBN 203524)
24 mscarborough@sheppardmullin.com
   **SHEPPARD MULLIN RICHTER & HAMPTON**
25 **LLP**
   Four Embarcadero Center, 17th Floor
26 San Francisco, California 94111
   Telephone: (415) 434-9100
27 Facsimile: (415) 434-3947

28

1  *Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

2

3

4

5  By: */s/ John M. Taladay*
JOHN M. TALADAY (*pro hac vice*)
6  john.taladay@bakerbotts.com
JOSEPH OSTOYICH (*pro hac vice*)
7  joseph.ostoyich@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
8  erik.koons@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
9  charles.malaise@bakerbotts.com
**BAKER BOTTS LLP**
10  1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
11  Telephone: (202) 639-7700
Facsimile: (202) 639-7890
12
JON V. SWENSON (SBN 233054)
13  jon.swenson@bakerbotts.com
**BAKER BOTTS LLP**
14  1001 Page Mill Road
Building One, Suite 200
15  Palo Alto, CA 94304
Telephone: (650) 739-7500
16  Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com
17
*Attorneys for Defendants Koninklijke Philips N.V. and*
18  *Philips Electronics North America Corporation*

19
FRESHFIELDS BRUCKHAUS
20  DERINGER US LLP

21  By: */s/ Michael Lacorvara*

22  Michael Lacovara (209279)
Freshfields Bruckhaus Deringer US LLP
23  601 Lexington Avenue, 31st Floor
New York, NY 10022
24  Telephone: 212 277 4000
Facsimile: 212 277 4001
25  Email: michael.lacovara@freshfields.com

26  TERRY CALVANI (SBN 53260)
Email: terry.calvani@freshfields.com
27  CHRISTINE LACIAK(*pro hac vice*)
Email: christine.laciak@freshfields.com
28  RICHARD SNYDER (*pro hac vice*)

- 10 -  3:07-cv-05944-SC; MDL 1917
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS ON
INTRASTATE CONDUCT GROUNDS

Email: richard.snyder@freshfields.com
**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
701 Pennsylvania Avenue NW, Suite 600
Washington, DC  20004
Telephone: (202) 777-4565
Facsimile: (202) 777-4555

*Attorneys for Beijing-Matsushita Color CRT Company, Ltd.*


FAEGRE BAKER DANIELS LLP

By: */s/ Kathy L. Osborn*

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Email: jeff.roberts@FaegreBD.com
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

Stephen M. Judge (*pro hac vice*)
Email: steve.judge@FaegreBd.com
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*


GIBSON, DUNN & CRUTCHER LLP

By: */s/ Rachel S. Brass*
JOEL S. SANDERS (SBN 107234)
jsanders@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
rbrass@gibsondunn.com
AUSTIN V. SCHWING (SBN 211696)
aschwing@gig@gibsondunn.com

|   |   |
|---|---|
| 1 | **GIBSON, DUNN & CRUTCHER LLP** |
|   | 555 Mission Street, Suite 3000 |
| 2 | San Francisco, California 94105 |
|   | Tel: (415) 393-8200 |
| 3 | Fax: (415) 393-8306 |

*Attorneys for Defendant Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

SQUIRE PATTON BOGGS (US) LLP

By:  /s/ Nathan Lane, III
Nathan Lane, III (CA Bar No. 50961)
Mark C. Dosker (CA Bar No. 114789)
**SQUIRE PATTON BOGGS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:  (415) 954-0200
Facsimile:  (415) 393-9887
E-mail:  nathan.lane@squiresanders.com
E-mail:  mark.dosker@squiresanders.com

Donald A. Wall (Pro Hac Vice)
**SQUIRE PATTON BOGGS (US) LLP**
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: + 1 602 528 4005
Facsimile: +1 602 253 8129
Email: donald.wall@squirepb.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: /s/   Jeffrey I. Zuckerman
Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300

Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC*