JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
LAURA K. LIN (State Bar No. 281542)
laura.lin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
MUNGER, TOLLES & OLSON LLP
355 S. Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc.,
LG Electronics U.S.A., Inc., and LG Electronics
Taiwan Taipei Co., LTD.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-md-05944-sc (N.D. Cal) <br><br> MDL No. 1917 |
| This Document Related to: <br><br> *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, Individual Case No. 11-cv-05513 <br><br> *Alfred H. Siegel, As Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd, et al.*, Individual Case No. 11-cv-05502 <br><br> *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Individual Case No. 11-cv-06396 <br><br> *Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, Individual Case No. 11-cv-06397 <br><br> *Dell Inc. et al. v. Hitachi, Ltd.*, Individual Case No. 13-cv-02171 | **LGE DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ON FTAIA GROUNDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Redacted** <br><br> [Declaration of Hojoon Hwang, Proposed Order filed herewith] <br><br> Judge: Hon. Samuel Conti <br> Date:   February 6, 2015 <br> Time:  10:00 AM <br> Ctrm:  1, 17th Floor |

1  *Electrograph Systems, Inc. et al. v. Hitachi, Ltd.*, Individual Case No. 11-cv-01656
2
3  *Interbond Corp. of America d/b/a BrandsMart USA v. Hitachi, Ltd.*, Individual Case No. 11-06275
4
5  *Office Depot, Inc. v. Hitachi, Ltd.*, Individual Case No. 11-cv-06276
6  *P.C. Richard & Son Long Island Corp. et al. v. Hitachi, Ltd.*, Individual Case No. 12-cv-02648
7
8  *Sears, Roebuck and Co. and Kmart Corp v. Chunghwa Picture Tubes, Ltd., et al.*, Individual Case No. 11-cv-05514
9
10 *Target Corp. v. Chunghwa Picture Tubes, Ltd., et. al.*, Individual Case No. 11-cv-05514
11
12 *Schultze Agency Services, LLC on behalf of Tweeter OPCO, LLC, et al., v. Technicolor SA, et al.,* Individual Case No. 13-cv-05668
13
14 *Tech Data Corp., et al. v. Hitachi, LTD., et al.,* Individual Case No. 13-cv-00151
15 *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.*, Individual Case No. 14-02510
16

# NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on February 6, 2015 at 10:00 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Samuel Conti, located at 450 Golden Gate Avenue, 17th Floor, Courtroom 1, San Francisco, California, 94102, defendants LG Electronics, Inc. ("LGE"), LG Electronics USA, Inc. ("LGEUSA") and LG Electronics Taiwan Taipei Co., Ltd. ("LGETT") (collectively, "LGE Defendants") will move the Court, pursuant to Federal Rule of Civil Procedure 56, for summary judgment on all claims of the Direct Action Plaintiffs in the above-captioned actions (collectively, "Plaintiffs") on the grounds that Plaintiffs have failed to put forth competent evidence from which a jury could fairly estimate actionable damages consistent with the Foreign Trade Antitrust Improvements Act ("FTAIA") and/or that Plaintiffs seek damages that are barred by the FTAIA.

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Hojoon Hwang ("Hwang Decl."), and any materials attached thereto or otherwise found in the record, along with the argument of counsel and such other matters as the Court may consider.

Dated: November 7, 2014        Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By: */s/ Jerome C. Roth*

JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

WILLIAM D. TEMKO (SBN 098858)

William.Temko@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc., LG Electronics USA, Inc., LG Electronics Taiwan Taipei Co., LTD.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF THE ISSUES PRESENTED

Whether Plaintiffs' claims based on purchases of CRT products containing CRTs that were first sold outside the United States and then incorporated into a CRT product meet the requirements of the FTAIA.

Whether summary judgment should be entered when Plaintiffs have failed to put forth competent evidence that would permit the trier of fact to distinguish between alleged damages based on claims that meet the requirements of the FTAIA and those that do not.

### PRELIMINARY STATEMENT

The Direct Action Plaintiffs in this case seek billions of dollars in damages based on their purchases of CRT products that were manufactured overseas. Virtually all of the CRTs – the allegedly price-fixed product – contained in those TVs and monitors were manufactured, first sold, and then incorporated into the finished products (and then possibly resold multiple times) before they ever touched U.S. soil. The FTAIA requires that Plaintiffs demonstrate that their claims arise out of direct, substantial and reasonably foreseeable effects on U.S. commerce of the alleged price-fixing conspiracy. Plaintiffs have not done so. What is more, even if one simply assumed that *some* of these purchases were affected by the conspiracy, Plaintiffs have provided no competent evidence from which a reasonable jury can distinguish the damage claims that meet the requirements of the FTAIA from those that do not. As a result, summary judgment is required on the entirety of Plaintiffs' damage claims.

Certain Defendants have filed summary judgment motions addressing various aspects of the FTAIA that bar some or all of Plaintiffs' claims. *See* Defendants' Joint Notice of Motion and Motion For Summary Judgment Based Upon Plaintiffs' Failure To Distinguish Between Actionable And Non-Actionable Damages Under The FTAIA (ECF No. 3008); Defendants' Joint Notice Of Motion For Summary Judgment Based Upon Plaintiffs' Foreign Transactions Barred Under The FTAIA (ECF No. 3003); and Defendants' Notice of Motion and Motion for Summary Judgment on Plaintiffs' Indirect Claims Based On Foreign Sales (ECF No. 3006) (collectively, the "Joint Motions"). LGE fully joins in and adopts the contentions of law and fact presented in these

Motions but addresses in this Joinder an additional defect in the damages analyses presented by the Direct Action Plaintiffs ("DAPs") that renders the analyses incapable of satisfying the requirements of FTAIA, namely, that the DAPs' damages models cannot as a matter of law meet the "give rise to" prong of the FTAIA because they rely on aggregate data and average prices and do not show or purport to show that the alleged conspiracy affected any particular transaction.

The FTAIA by its terms requires that the "give rise to" prong must be satisfied as to the "claim," and it is equally well-settled that, in the context of an alleged price-fixing conspiracy – each purchase of a price-fixed good is a distinct cause of action. Because the DAPs' analyses do not address and are not intended to address the effect of the conspiracy at the transaction level, they cannot supply the evidence necessary to meet the requirements of FTAIA. Accordingly, summary judgment must be granted.

## ARGUMENT

### I. Plaintiffs' Claims Fail For The Additional Reason That They Lack Competent Evidence To Show That Each Of Their Claims Arises From Any Domestic Effect Of The Alleged Conspiracy

As set forth in the Joint Motions, the DAPs' claims are based on the purchase of finished products (TVs and monitors) that contain CRTs. It is also undisputed that a significant portion of the CRTs were manufactured and initially sold overseas and then arrived in the U.S. as a component within TVs or monitors. With respect to this category of purchases, the DAPs must show[1] both that (1) the alleged conspiracy had a " 'direct, substantial, and reasonably foreseeable effect'" on U.S. commerce; and (2) that effect "gives rise to" the plaintiff's claim. *F. Hoffmann-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 162 (2004) (*quoting*   15 U.S.C. §§ 6a(1), (2).)

The DAPs are likely to assert, and their experts' analyses reflect the theory, that the alleged overcharge on CRTs first sold overseas was passed on by finished product manufacturers in the prices of TVs and monitors, and that, by purchasing the finished products in the U.S., they

---

[1] As set forth in the Joint Motions, the "import commerce" exclusion from the scope of FTAIA does not apply where the CRT was first sold overseas to a finished product manufacturer.

LG ELECTRONIC'S MOT. FOR SUMM. J. ON
FTAIA GROUNDS                                    4                             3:07-MD-05944-SC; MDL 1917

suffered injury that constitutes the domestic effect.  Even assuming that the DAPs are able to overcome the hurdle of showing "direct, substantial, and reasonably foreseeable effect" on U.S. commerce, which they cannot, the DAPs' claims would still fail because their analyses is incapable of showing that the domestic effects "g[a]ve rise to" each of their claims.

The Supreme Court has held that the "give rise to" prong is specific to the "claim" being asserted.  In *Empagran*, the court held that the FTAIA's reference to "a claim" refers to "the 'plaintiff's claim' or 'the claim at issue,'" rather than any claim that may arise from the domestic effects, finding that this construction most faithfully reflected the "FTAIA's basic intent."  542 U.S. at 174-75.  Thus, the "give rise to" prong must be satisfied with respect to the claims at issue in the case.

In the context of an alleged price-fixing conspiracy, it is well-settled that a new and distinct claim accrues with each purchase of the price-fixed product containing an overcharge.  *See Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 189-90 (1997) ("in the case of . . . a price-fixing conspiracy that brings about a series of unlawfully high priced sales over a period of years . . . each sale to the plaintiff" represents "separate accrual" of a claim for which plaintiff may recover); *see also Hennegan v. Pacifico Creative Serv., Inc.*, 787 F.2d 1299, 1300 (9th Cir. 1986) ("[a] civil cause of action under the antitrust laws arises at each time the plaintiff's interest is invaded to his damage" and "the plaintiff possesses a cause of action for that damage" caused by each overt act) (internal quotation marks and citation omitted); *In re Cotton Yarn Antitrust Litigation*, 505 F.3d 274, 290 (4th Cir. 2007) ("each time a plaintiff is injured by an act of the defendant a cause of action accrues to him to recover the damages caused by that act . . .'") (*quoting Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971)).  Because each purchase of a price-fixed product constitutes a "cause of action," the "give rise to" prong of the FTAIA must be satisfied with respect to that "cause of action," namely, each transaction for which Plaintiffs seek damage.

Despite these requirements, the DAPs' damages models are incapable of determining whether there was an overcharge on the CRT or how much of that overcharge was passed through in the price of the TV or monitor with respect to any particular transaction.  The models put forth by Plaintiffs' experts calculate average overcharges at no greater level of disaggregation than the

1  year and quarter, type of CRT (i.e., CDT or CPT), and size of the CRT, with no attempt to
2  examine particular transactions.
3      Dr. McClave, who estimates the alleged overcharge for most of the DAPs, ▮
4  ▮ (Hwang Decl. Ex. 3 (Expert
5  Rebuttal Report of Dr. James McClave, Sept. 26, 2015 at 20)), and to have ▮
6  ▮ (Hwang Decl. Ex. 4 (Expert Report of Dr.
7  James T. McClave Apr. 15, 2014, at 12 (Table 1).)
8      Dr. Frankel, the damages expert for the same DAPs, then ▮
9  ▮
10 ▮
11 ▮ *See e.g.*, Hwang Decl. Ex. 5 (Alan Frankel
12 (Best Buy) Report, Apr. 15, 2014, ¶ 9); Hwang Decl. Ex. 6 (Alan Frankel Dep. (July 10, 2014)
13 51:7-19. ▮
14 ▮
15 ▮
16 ▮ *Id*. at 160:11-162:6.
17 ▮
18 ▮
19 ▮ Hwang Decl. Ex. 1
20 (Mohan Rao Dep.  85:6-86:▮
21 ▮
22 ▮ *Id.* at 116:12-117:6. ▮
23 ▮, *see* Hwang
24 Decl. Ex. 7 (Expert Report of Mohan Rao, Ph.D., Apr. 15, 2014 Data Appendix at 16), and ▮
25 ▮ (*id*. at Tab 17)), ▮
26 ▮ *Id.* ¶ 78. ▮
27 ▮
28

1    The fact that these models yield an average overcharge rate is not sufficient to show that
2 the price of TVs or monitors purchased in any given transaction – i.e., the "claim" at issue for
3 FTAIA purposes – was affected by the alleged conspiracy.  An average is just what it purports to
4 be: an average.  It does not say anything about whether a particular transaction that gives rise to a
5 claim was affected.  Indeed, ████████████████████████████████████
6 ████████████████████████████████████████████████████████████████
7 ██████████████████████████ *See* Hwang Decl. Ex. 1 (Rao Dep. 243:4-244:25 ████████
8 ████████████████████████████████████████████████████████████████
9 ██████████████████████████████ Hwang Decl. Ex. 8 ██████████████████████
10 ████████████████████████████████████████████.
11    Instructive in this regard is the recent decision of the court in *In re Optical Disk Drive*
12 *Antitrust Litigation*, -- F.R.D.--, 2014 WL 4965655 (N.D. Cal. Oct. 3, 2014).  In denying class
13 certification, Judge Seeborg of this court found that the plaintiffs failed to demonstrate that they
14 could prove that all or virtually all class members were impacted by the alleged conspiracy using
15 proof common to the class.  The court rejected an aggregate estimate of overcharges put forth by
16 the DPP expert because the model was designed to yield, and thereby assumed, a single
17 overcharge rate for all class members over the entire class period.  *Id.* at *8 ("Dr. French asserts
18 that each class member may calculate his or her damages merely by 'applying the overcharge
19 percentage estimated on a class-wide basis to [his or her] individual purchases.'  While Dr. French
20 calculates that the overcharge was about 11.48 percent in the aggregate, nothing in the regression
21 methodology attempts to show that all or nearly all purchasers were overcharged in that amount,
22 *or in any amount at all*.") (emphasis added).  The court similarly rejected the analysis of the IPP
23 expert because, although his analysis was more complex than Dr. French's, the model still
24 "reflect[ed] *aggregate* estimates for all purchasers purchasing ODDs of particular types in given
25 years."  *Id.* *11 (emphasis added).  As such, the court found, the model was incapable of showing
26 that particular class members were injured.
27    Plaintiffs' models here precisely track these deficiencies in purporting to generate
28 aggregate estimates for CRTs of particular type and size in particular time intervals.  But none

LG ELECTRONIC'S MOT. FOR SUMM. J. ON                                    3:07-MD-05944-SC; MDL 1917
FTAIA GROUNDS                           7

1  individually analyzes the transactions – the FTAIA "claim[s]" – to determine whether each was
2  affected by the alleged conspiracy. Without such analysis, Plaintiffs have no evidence that the
3  domestic effects of the alleged conspiracy "g[a]ve rise to" any particular claim. Even if some
4  transactions were affected, the DAPs cannot recover on *all* of their CRT product purchase claims
5  on the basis that *some* or even *most* of the claims meet the requirements of the FTAIA.

## CONCLUSION

Because the DAPs have failed to adduce evidence sufficient to meet the "give rise to" prong of the FTAIA, and for all of the reasons stated in the Joint FTAIA Motions, summary judgment should be granted.

DATED: November 7, 2014           MUNGER, TOLLES & OLSON LLP


By:   /s/ *Jerome C. Roth*
      JEROME C. ROTH

Attorneys for Defendants LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., and LG ELECTRONICS TAIWAN TAIPEI CO., LTD.