

FILED
San Francisco County Superior Court
JUN 12 2013
CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| THE STATE OF CALIFORNIA, et al.; and<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHUNGHWA PICTURE TUBES, LTD., et al.,<br><br>Defendants. | Case No. CGC-11-515786<br><br>[Related to Case No. CGC-11-515784]<br><br>[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, CERTIFYING CLASS, AND APPROVING FORM OF CLASS AND PARENS NOTICES AND SETTING FINAL FAIRNESS HEARING DATE<br><br>Date:     June 10, 2013<br>Time:    9:30 a.m.<br>Dept:     303<br>Judge:   Hon. Richard A. Kramer<br><br>Action Filed: November 8, 2011 |

The motion of plaintiffs for an order preliminarily approving the settlement of this action, certifying a settlement class, appointing the City and County of San Francisco as representative and the Attorney General as counsel for the settlement class, approving the form and content of two proposed settlement notices, establishing a schedule for publication of the notices, and setting a final approval hearing, came on for hearing in Department 303 of this Court on June 10, 2013.

1

Deputy Attorneys General Emilio Varanini and Pamela Pham appeared on behalf of the plaintiffs ("Plaintiffs"), Austin Schwing of Gibson, Dunn & Crutcher LLP appeared on behalf of Defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa"), John Taladay of Baker Botts LLP appeared on behalf of Defendant Philips Electronics North America Corporation ("Philips"), and Mario Alioto of Trump, Alioto, Trump & Prescott, LLP and Sylvie Kern of the KAG Law Group appeared on behalf of Objectors Jeffrey Figone and Steven Ganz ("Objectors Figone and Ganz") respectively. Having read the motion, the memoranda and the declarations filed by Plaintiffs, Chunghwa, Philips, and Objectors Figone and Ganz, and having heard argument of counsel, this Court finds that:

(1) It is impracticable to bring all members of the class before the Court;

(2) The class is ascertainable and is sufficiently numerous to warrant class treatment;

(3) The questions of law or fact common to the class are substantially similar and predominate over the questions affecting the individual members;

(4) The claims or defenses of the representative plaintiff are typical of the claims or defenses of the class;

(5) The representative plaintiff will fairly and adequately protect the interests of the class;

(6) A class action is the superior means for settling the claims in the litigation;

(7) The proposed settlement of this action ("the Settlement") falls within the range of possible approval;

(8) The proposed notice to class members of the Settlement ("class notice"), attached hereto and designated Exhibit A, complies with applicable standards and should be distributed;

(9) The proposed notice of the Settlement to California individuals in the *parens patriae* action ("*parens patriae* notice"), attached hereto and designated Exhibit B, complies with applicable standards and should be distributed;

(10) Upon publication of the class and *parens patriae* notices, a final approval hearing ("the Fairness Hearing") shall be held to determine whether the Settlement is fair, reasonable, and adequate, and if a Settlement Approval Order and Final Judgment should be entered in this action based upon the Settlement.

2

[Proposed] Order Granting Plaintiffs' Motion for Preliminary Approval of the Chunghwa and Philips Settlements and Certification of Settlement Class of Government Entities

**IT IS THEREFORE ORDERED THAT:**

1. A class action is proper as to all causes of action of the Complaint herein;

2. The class to be certified is defined as: All political subdivisions of the State of California, plus the University of California and the State Bar of California, that indirectly or directly purchased that indirectly or directly purchased cathode ray tubes ("CRTs") and/or products containing CRTs (including, but not limited to, computer monitors and televisions) between March 1, 1995 and continuing through November 25, 2007. The term "political subdivisions" is defined as all government entities authorized under California state law but without statewide jurisdiction.

3. Emilio Varanini, Deputy Attorney General for the State of California, is appointed lead class counsel.

4. The Chunghwa and Philips Settlement Agreements and the settlements contained therein are preliminarily approved on the basis they fall within the range of possible approval.

5. The Court approves, as to form and content, both the class and *parens patriae* notices attached to this Order as Exhibits A and B respectively. The class notice meets the requirements of section 382 of the Code of Civil Procedure, Rules 3.766 and 3.769 of the California Rules of Court, and due process. The *parens patriae* notice meets the requirements of section 16760 of the Business and Professions Code and due process.

6. The Court approves the form and content of the Opt-Out Form and the Objection Form accompanying the class notice as well as the Exclusion Form and the Objection Form accompanying the *parens patriae* notice for use in effectuating class members and California individuals' rights to be excluded from the Settlement ("to opt-out"), to object to the Settlement, to request the opportunity to intervene in this lawsuit, and to request to appear at the Fairness Hearing.

7. The Court approves the incorporation of the opt-out process in class action proceedings, as provided by section 382 of the Code of Civil Procedure, into the *parens patriae* proceedings for the purpose of, and to the extent the class opt-out process is helpful in, effectuating California individuals' requests to be excluded from the *parens patriae* claims, to object, to request to

intervene in the lawsuit, and/or to be heard at the Fairness Hearing. Accordingly, upon receiving California individuals' Exclusion and/or Objection Forms (attached to the *parens patriae* notice), the Attorney General's Office may deliver these forms to the Court together with any Opt-Out and/or Objection Forms (attached to the class notice) from class members wishing to opt-out, to object, to intervene, and/or to be heard at the Fairness Hearing.

8. Plaintiffs shall no later than <u>July 10, 2013</u> cause the class and *parens patriae* notices to be distributed in accordance with the dissemination plan set forth in their motion and in the accompanying declarations of Emilio Varanini and notice experts Daniel Burke and Alan Vasquez. The costs and expenses of distributing these notices shall be paid by Plaintiffs.

9. Within a reasonable time upon receipt, Plaintiffs shall process for delivery to the Court the Exclusion, Opt-Out, and Objection Forms received from class members and California individuals.

10. The Fairness Hearing shall be held on <u>October 18, 2013 at 9:30 a.m. at San Francisco Superior Court, Department 303, 400 McAllister Street, San Francisco, CA 94102</u>, as set forth in the class and *parens patriae* notices, to determine whether the Settlement is fair, reasonable, and adequate and should be finally approved. The Court will also consider at the Fairness Hearing whether applications for plaintiffs' attorney fees, costs, and expenses should be granted and, if so, in what amounts.

11. Plaintiffs' briefs and supporting papers in support of the Settlement, and application for an award of fees, costs, and expenses to counsel, shall be filed with the Court on or before <u>September 23, 2013</u>. Any responses to those briefs and supporting papers shall be filed on or before October 4, 2013. Any replies shall be filed on or before <u>October 11, 2013</u>. The Fairness Hearing described in this paragraph may be postponed, adjourned or continued by order of the Court without further notice to the Plaintiff Class or to California individuals. ~~After the Fairness Hearing, the Court may enter a Settlement Approval Order and Final Judgment in accordance with the Settlement Agreements that will adjudicate the rights of all class members and the rights of those California individuals on whose behalf the Attorney General has settled her *parens patriae* claim~~s.

12. Any member of the Plaintiff Class or any California individual, who has not timely elected to be excluded ("to opt-out") from the Plaintiff Class or from the *parens patriae* claims respectively, and who objects to approval of the Settlement, including any application for attorney fees and expenses, may appear at the Fairness Hearing in person or through counsel to show cause why the Settlement should not be approved as fair, reasonable, and adequate.

13. Objections to the Settlement shall be heard, and any papers or briefs submitted in support of said objections shall be considered by the Court only if, on or before September 8, 2013, said objector(s) serve written notice of their intention to object, together with supporting papers stating specifically the factual basis and legal grounds of the objection, together with proof of service on or before said date upon each of the following counsel:

PLAINTIFFS COUNSEL:

Deputy Attorney General Emilio Varanini
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

DEFENDANTS' COUNSEL:

Austin Schwing
Gibson, Dunn & Crutcher LLP
555 Mission Street
San Francisco, CA 94105-2933

John Taladay
Baker Botts LLP
The Warner
1299 Pennsylvania Ave., N.W.
Washington D.C. 20004-2400

14. The objections must state the name and number of the action. No Plaintiff Class member or California individual shall be entitled to be heard and no objection shall be considered unless these requirements are satisfied. Plaintiffs' counsel shall provide copies of such written objections to the Court on or before September 23, 2013 together with any responses to those objections.

15. Any Plaintiff Class member or California individual who does not elect to be excluded ("to opt-out") from the Settlement or who does not make an objection to the Settlement in the

[Proposed] Order Granting Plaintiffs' Motion for Preliminary Approval of the Chunghwa and Philips Settlements
and Certification of Settlement Class of Government Entities

manner provided herein shall be deemed to have waived the right to be excluded and/or to object by appeal, collateral attack or otherwise.

16. All discovery and other pretrial proceedings in this action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement and this Order.

17. In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Settlement Approval Order and Final Judgment as contemplated in the Chunghwa and Philips Settlements, or the Chunghwa or Philips Settlement is terminated pursuant to its terms, the Chunghwa Agreement or Philips Agreement respectively, and all orders entered in connection therewith with either agreement, shall become null and void and of no further force and effect, and shall not be used or referred to for any purpose whatsoever. In such event, the Chunghwa Settlement or Philips Settlement respectively, and all negotiations and proceedings relating thereto to either, shall be withdrawn without prejudice as to the rights of any and all parties thereto.

**18. Dates for Performance:**

(a) Plaintiffs to distribute class and *parens patriae* notices on or before **July 10, 2013**.

(b) Requests of class members to opt-out of the Settlement, to object to the Settlement, to intervene in the lawsuit, and/or to appear at the Fairness Hearing to be submitted to the Attorney General's Office on or before **September 8, 2013**.

(c) Requests of California individuals to be excluded from the Settlement, to object to the Settlement, to intervene in the lawsuit, and/or to appear at the Fairness Hearing to be submitted to the Attorney General's Office on or before **September 8, 2013**.

(d) Plaintiffs to file and serve their papers in support of the Settlement and request for attorney fees, costs, and expenses on or before **September 23, 2013**.

(e) Requests of class members to opt-out of the Settlement, to object to the Settlement, to intervene in the lawsuit, and/or to appear at the Fairness Hearing as set forth in paragraph 14, and responses thereto, to be *delivered to the Court* on or before **September 23, 2013**.

6

[~~Proposed~~] Order Granting Plaintiffs' Motion for Preliminary Approval of the Chunghwa and Philips Settlements and Certification of Settlement Class of Government Entities

(f) Requests of California individuals to be excluded from the Settlement, to object to the Settlement, to intervene in the lawsuit, and/or to appear at the Fairness Hearing, and responses thereto, to be *delivered to the Court* on or before **September 23, 2013**.

(g) Defendants to file their papers (if any) in support of the Settlement on or before **September 23, 2013.**

(h) Responses to papers filed in support of the Settlement, or request for attorney fees, costs, and expenses, to be filed on or before **October 4, 2013**.

(i) Replies to responses to papers filed in support of the Settlement, or request for attorney fees, costs, and expenses, to be filed on or before **October 11, 2013**.

(j) Fairness Hearing to be held on **October 18, 2013 at 9:30 a.m.**.

Dated: 9-12, 2013

RICHARD A. KRAMER
JUDGE OF THE SUPERIOR COURT

---

7

[~~Proposed~~] Order Granting Plaintiffs' Motion for Preliminary Approval of the Chunghwa and Philips Settlements and Certification of Settlement Class of Government Entities

# EXHIBIT A

LEGAL NOTICE BY ORDER OF THE COURT
*A court authorized this Notice. This is not a solicitation from a lawyer.*

## NOTICE OF PENDENCY OF CLASS ACTION AND CLASS ACTION SETTLEMENT

**TO ALL CALIFORNIA POLITICAL SUBDIVISIONS, THE UNIVERSITY OF CALIFORNIA, AND THE STATE BAR OF CALIFORNIA:** IF YOUR ORGANIZATION PURCHASED CATHODE RAY TUBES OR PRODUCTS CONTAINING CATHODE RAY TUBES, SUCH AS COMPUTER MONITORS OR TELEVISIONS, BETWEEN MARCH 1, 1995 AND NOVEMBER 25, 2007, THE SETTLEMENTS DESCRIBED BELOW APPLY TO YOUR ORGANIZATION.

### PURPOSE OF THIS NOTICE

*This notice is given under California Rule of Court 3.766 and 3.769, and by Court Order dated [insert date], from San Francisco County Superior Court ("the Court").*

The Court granted preliminary approval of two settlements in the following class action lawsuit: *The State of California, et al. v. Chunghwa Picture Tubes, et al.*, San Francisco Superior Court Case No. CGC-11-515786. This class action concerns a conspiracy to fix, raise, maintain, and/or stabilize the prices of cathode ray tubes ("CRTs") that allegedly resulted in overcharges to purchasers of CRTs or products containing CRTs, such as computer monitors and televisions. This class action is brought by the California Attorney General and the City and County of San Francisco on behalf of all political subdivisions in the State of California, the University of California and the State Bar of California, all of which purchased CRTs or products containing CRTs. The lawsuit names two defendants: (1) Chunghwa Picture Tubes Ltd. ("Chunghwa") and (2) the Philips Electronics North American Corporation ("Philips"). Settlements have now been reached with both Defendants. The terms of these settlements are summarized below. Before the settlement funds can be distributed, The State must also obtain the Court's final approval of these settlements. The Court scheduled a hearing to determine whether to grant final approval. This hearing is open to the public. The hearing location, date, and time are provided below. If final approval is granted, then the Settlement Fund will be distributed in the manner described below as *Cy Pres* Distribution.

*You are receiving this notice because the rights of the organization that you represent may be affected by the settlements in this class action lawsuit. Please read this notice carefully.*

### THE LAWSUIT AND THE SETTLEMENTS

#### 1. What is this lawsuit about?

The California Attorney General investigated a global price-fixing conspiracy involving CRTs. As a result, she filed this lawsuit against Chunghwa and Philips for violating the California Cartwright Act, the Unfair Competition Act, and for unjust enrichment. The Attorney General also filed a lawsuit against Chunghwa and Philips's alleged co-conspirators. That lawsuit is called *The State of California, et al. v. Samsung SDI Ltd., Co., et al.*, San Francisco Superior Court Case No. CGC-11-515784. This notice focuses only on the lawsuit against Chunghwa and Philips.

This is a civil action. The Complaint against Chunghwa and Philips specifically claims that between March 1, 1995 and November 25, 2007, Chunghwa and Philips conspired with other companies to fix, raise, maintain, and/or stabilize the prices of CRTs, and as a result, California individuals who bought products containing CRTs, such as computer monitors and televisions, suffered overcharges. Defendants Chunghwa and Philips deny these allegations. The Court has not decided who is right.

### 2. What are the Attorney General's powers in this lawsuit?

As the chief law enforcer of the State of California, the Attorney General has broad powers to enforce the laws enacted by the State of California. The Cartwright Act specifically grants the Attorney General the power to bring a civil action such as this lawsuit on behalf of California political subdivisions, the University of California, and the State Bar of California, to recover monetary damages they have suffered from violations of the Act. In addition, the Attorney General may bring an enforcement action to obtain an injunction requiring the wrongdoer to immediately stop the wrongdoing. And the Attorney General also may bring a law enforcement action under a theory of unjust enrichment or under the Unfair Competition Law to disgorge ill-gotten gains.

This lawsuit seeks to recover monetary relief for California individuals and government entities harmed by the global price-fixing conspiracy involving CRTs, to disgorge wrongdoers of their ill-gotten gains, to restore competition and to prevent future wrongdoing. It was not brought on behalf of corporations and partnerships.

### 3. Who is included in the class affected by these settlements?

The settlement agreements with Chunghwa and Philips describe the affected class as the Settlement Class of Government Entities or Settlement Class. This Settlement Class includes the following entities and only these entities: All political subdivisions of the State of California, the University of California and the State Bar of California, all of which purchased CRTs or products containing CRTs (including but not limited to computer monitors and televisions) between March 1, 1995 and November 25, 2007, from Chunghwa and/or Philips. The term "political subdivisions" is defined as all government entities authorized under California state law but without statewide jurisdiction. Within the Settlement Class, each political subdivision is referred to as a "class member." Likewise, the University of California and the State Bar also are "class members." The use of the term "you" or "your" in this Notice refers to an individual representative of each political subdivision, the University of California, or the State Bar.

### 4. Is this the only lawsuit against Chunghwa and Philips for alleged price-fixing of CRTs?

No, it is not. Chunghwa and Philips also have been named as defendants in other lawsuits concerning the same alleged price-fixing conspiracy. These other lawsuits currently are combined into a single proceeding called *In re: Cathode Ray Tube (CRT) Antitrust Litigation* (2007), Case No. 3:07-MDL-1917, a "multi-district litigation" currently pending in the United States District Court for the Northern District of California. But that litigation cannot protect the rights of California political subdivisions, the University of California, or the State Bar of California. Only the California Attorney General or their authorized representative can ensure such protection.

### 5. What do The State's Settlements with Chunghwa and Philips provide?

The State has obtained two separate settlements in this lawsuit – one from Chunghwa and the other from Philips (the "Settlements"). Below is a summary of the Settlements:

(a) **Ongoing Cooperation:** Both Chunghwa and Philips agree to cooperate with the California Attorney General in her ongoing investigation into the global CRT price-fixing conspiracy. The State believes that this cooperation will be valuable in the ongoing prosecution of its case against other defendants alleged to have participated in the price fixing conspiracy.

(b) **Injunction:** Chunghwa is prohibited for ten years from engaging in price fixing, market allocation, and/or bid rigging relating to the sale of any CRTs or CRT products for delivery into the United States. Philips is prohibited for three years from engaging in price fixing, market allocation, and/or bid rigging related to CRTs that are incorporated into monitors or other display screens incorporated in monitors.

(c) **Antitrust Compliance:** Chunghwa agrees to maintain an antitrust compliance program to educate their officers and employees responsible for pricing and sales of CRT about United States federal and state antitrust laws. Philips agrees to certify that it has an antitrust compliance program and if one does not already exist, Philips must establish one but cannot sell CRTs within three years of establishing such a program.

(d) **Monetary Benefit:** Chunghwa agrees to pay $300,000 in monetary damages while Philips agrees to pay $500,000 in monetary damages (collectively "Settlement Fund"). Before this Settlement Fund can be distributed, the Settlements must be approved by the Court at or after the hearing described in Section 7 below. The cost to administer the Settlements, attorneys' fees, costs, expenses, and awards to group (a), as described in Section 3 above, are paid from the Settlement Fund. The Attorney General will request attorneys' fees not to exceed 10% of the Settlement Fund.

### 6. What is *Cy Pres* Distribution of the Settlement Fund?

Because so many government entities in California may have been injured by the alleged wrongdoing, it would be impossible to distribute the Settlement Fund in a fair manner to every affected government entity. When it is difficult for all affected to receive individual shares of the recovery, the legal doctrine known as *cy pres* allows the courts to approve the distribution of the Settlement Fund to support public or non-profit activities to address the injury alleged in a lawsuit instead of distributing funds directly to the affected party. For this lawsuit, the Attorney General has set up a fund to distribute the settlements in a manner that would promote justice for all Californians. Monies from these settlements will be distributed in the form of technology-related grants to charity organizations as well as local and state government entities.

### 7. When and where is the court hearing concerning final approval of the Settlements?

The Court will hold a hearing to determine whether to approve the Settlements. The legal term for this type of hearing is **"Fairness Hearing."** It will be held on **October 18, 2013**, beginning at **9:30 a.m.** before Judge Richard A. Kramer at 400 McAllister Street, San Francisco, CA 94102, in Department 303. The hearing may be adjourned or continued without further notice.

---

**LEGAL RIGHTS AND OPTIONS OF CLASS MEMBERS**

---

### 1. What are the legal rights of each class member?

Members of the Settlement Class have the right to sue Chunghwa and/or Philips for violating the Cartwright Act, for violating the Unfair Competition Act, and/or for unjust enrichment based on the subject matter of this lawsuit. Each class member may bring its own lawsuit against Chunghwa and/or Philips or be part of this lawsuit. **But unless a class member excludes itself in writing as described below, its claims against Chunghwa and/or Philips will be released by The State's Settlements in this lawsuit.**

### 2. Regarding the legal claims, what are my options?

- **Do Nothing**: If you want to participate in this class action lawsuit against Chunghwa and Philips, no further action on your part is required. By doing nothing, you agree to be represented by the California Attorney General as class counsel and by the City and County of San Francisco as the class representative. You also agree to the terms of The State's Settlements with Chunghwa and Philips and, as such, you agree to release Chunghwa and Philips from this lawsuit in exchange for the benefits described above.
- **Opt-Out or Exclude Yourself from the Settlement Class:** You have the right to exclude yourself ("opt-out") from the Settlement Class, meaning you will not be legally bound by The State's Settlements. But you also will not be entitled to any portion of the Monetary Benefit, although you will retain your right to sue Chunghwa and/or Philips based on the subject matter of this lawsuit. To "opt-out", you must complete the "Opt-Out Form" accompanying this Notice and follow all stated instructions on that form.
- **Object, Request to Intervene, or Request to Appear at Fairness Hearing:** You also have the following rights: (a) to object to The State's Settlements, the plan of distribution, attorneys' fees and costs, and awards to the other groups; (b) to request the opportunity to intervene in this lawsuit; and (c) to request to appear at the Fairness Hearing described in above. But if you choose to "opt-out" of the Settlement Class, you may not object, intervene, or appear at the Fairness Hearing. Regarding the Fairness Hearing, class members have the right, but are not required, to appear at the hearing and be heard on the question of whether the Settlements should be approved. Each class member may retain their own attorney for the hearing, but this is not a requirement to appear. If you do not retain a separate attorney, then your interests will be represented by the California Attorney General at the hearing, unless you choose to represent yourself. To object, request to intervene, and/or request to appear, you must complete the "Objection Form" accompanying this Notice and follow all instructions stated on that form.

*We will file your Exclusion and Objection Forms with the Court and give copies to Defendants.*

---

For More Information: call 1-800-555-5555 or visit www.CRTclass.com

---

## OPT-OUT FORM

I hereby assert my right to be excluded from the Settlement Class in *The State of California, et al. v. Chunghwa Picture Tubes, et al.*, San Francisco Superior Court Case No. CGC-11-515786.

Print Name:

Address Line 1:

Address Line 2:


Signature of Authorized Representative:

Date:

## OBJECTION FORM

Check the appropriate box or boxes below:

☐ I assert my right to object to the Settlements in *The State of California, et al. v. Chunghwa Picture Tubes, et al.*, San Francisco Superior Court Case No. CGC-11-515786.

☐ I assert my right to request to intervene in *The State of California, et al. v. Chunghwa Picture Tubes, et al.*, San Francisco Superior Court Case No. CGC-11-515786.

☐ I assert my right to request to appear at the Fairness Hearing in *The State of California, et al. v. Chunghwa Picture Tubes, et al.*, San Francisco Superior Court Case No. CGC-11-515786.

Print Name:

Address Line 1:

Address Line 2:


Signature of Authorized Representative:

Date:

****For your request(s) above to be effective, you MUST provide your name and address AND sign and date the form. Your completed form MUST be postmarked by <u>September 8, 2013</u>, and MUST be mailed to the following address:

**Emilio E. Varanini**
**Deputy Attorney General**
**Office of the Attorney General of the State of California**
**455 Golden Gate Avenue, Suite 11000**
**San Francisco, CA 94102**

**Failure to follow these instructions will make your request(s) ineffective.**

# EXHIBIT B

LEGAL NOTICE BY ORDER OF THE COURT
*A court authorized this Notice. This is not a solicitation from a lawyer.*

## NOTICE OF SETTLEMENT
## TO INDIVIDUALS AND SOLE PROPRIETORS IN CALIFORNIA

IF YOU PURCHASED PRODUCTS CONTAINING CATHODE RAY TUBES, SUCH AS COMPUTER MONITORS OR TELEVISIONS, BETWEEN MARCH 1, 1995 AND NOVEMBER 25, 2007, THE SETTLEMENTS DESCRIBED BELOW APPLY TO YOU.

### PURPOSE OF THIS NOTICE

*This notice is given under California Business and Professions Code 16760(c), and by Court Order dated [insert date], from San Francisco County Superior Court ("the Court").*

This Notice is about two settlements obtained by the Attorney General of the State of California in the following lawsuit: *The State of California, et al. v. Chunghwa Picture Tubes, et al.,* San Francisco Superior Court Case No. CGC-11-515786. This lawsuit concerns a conspiracy to fix, raise, maintain, and/or stabilize the prices of cathode ray tubes ("CRTs"). The conspiracy allegedly resulted in overcharges to individuals residing in California who bought products containing CRTs, such as computer monitors and televisions. The lawsuit names two defendants: (1) Chunghwa Picture Tubes Ltd. ("Chunghwa") and (2) the Philips Electronics North American Corporation ("Philips"). Settlements have now been reached with both Defendants. The terms of these settlements are summarized below. Before the settlement funds can be distributed, The State must also obtain the Court's final approval of these settlements. The Court scheduled a hearing to determine whether to grant final approval. This hearing is open to the public. The hearing location, date, and time are provided below. If final approval is granted, then the Settlement Fund will be distributed in the form of technology-related grants to charity organizations as well as local and state government entities. The Settlement Fund will not be paid directly to any individual.

*The purpose of this notice is to inform you of your legal rights and options under these settlements. Please read this notice carefully.*

### THE LAWSUIT AND THE SETTLEMENTS

#### 1. What is this lawsuit about?

The California Attorney General investigated a global price-fixing conspiracy involving CRTs. As a result, she filed this lawsuit against Chunghwa and Philips for violating the California Cartwright Act, the Unfair Competition Act, and for unjust enrichment. The Attorney General also filed a lawsuit against Chunghwa and Philips's alleged co-conspirators. That lawsuit is called *The State of California, et al. v. Samsung SDI Ltd., Co., et al.,* San Francisco Superior Court Case No. CGC-11-515784. This notice focuses only on the lawsuit against Chunghwa and Philips.

This is a civil action. The Complaint against Chunghwa and Philips specifically claims that between March 1, 1995 and November 25, 2007, Chunghwa and Philips conspired with other companies to fix, raise, maintain, and/or stabilize the prices of CRTs, and as a result, California individuals who bought products containing CRTs, such as computer monitors and televisions, suffered overcharges. Defendants Chunghwa and Philips deny these allegations. The Court has not decided who is right.

### 2. What are the Attorney General's powers in this lawsuit?

As the chief law enforcer of the State of California, the Attorney General has broad powers to enforce the laws enacted by the State of California. The Cartwright Act specifically grants the Attorney General the power to bring a civil action such as this lawsuit, as *parens patriae* on behalf of individuals residing in the State of California, to recover monetary damages they have suffered from violations of the Act. In addition, the Attorney General may bring an enforcement action to obtain an injunction requiring the wrongdoer to immediately stop the wrongdoing. And the Attorney General also may bring a law enforcement action under a theory of unjust enrichment or under the Unfair Competition Law to disgorge ill-gotten gains.

This lawsuit seeks to recover monetary relief for California individuals and government entities harmed by the global price-fixing conspiracy involving CRTs, to disgorge wrongdoers of their ill-gotten gains, to restore competition and to prevent future wrongdoing. It was not brought on behalf of corporations and partnerships.

### 3. Whose rights are affected by this lawsuit?

Money damages are sought by the Attorney General for the following groups of CRT purchasers: (a) individuals residing in the State of California, including unincorporated sole proprietors doing business in their own name; (b) the State of California; (c) the State Bar of California; (d) the University of California; and (e) the City and County of San Francisco, individually and on behalf of all non-federal local government entities who purchased products containing CRTs. This notice applies only to group (a). The rights of corporations and partnerships are not part of and are not affected by the Attorney General action.

### 4. Is this the only lawsuit against Chunghwa and Philips for alleged price-fixing of CRTs?

No, it is not. Chunghwa, Philips and several other CRT manufacturers also have been named as defendants in other lawsuits concerning the same alleged price-fixing conspiracy. These other lawsuits currently are combined into a single proceeding called *In re: Cathode Ray Tube (CRT) Antitrust Litigation* (2007), Case No. 3:07-MDL-1917, currently pending in the United States District Court for the Northern District of California ("the federal lawsuit"). One of these federal lawsuits is based on a complaint filed by several California residents who "indirectly" bought CRTs when they purchased products that conatined CRTs, such as televisions or computer monitors. They are called the Indirect Purchaser Plaintiffs ("IPPs"). The IPPs in the federal lawsuit are asking the Court to name them as the official representatives of all California residents who indirectly bought CRTs. The IPPs will then try to recover damages on behalf of all such California residents. This could include you. But at this point, the Court has not decided whether the IPPs can represent all California residents or not, and there has been no decision on whether any of the defendants in the federal lawsuit will have to pay damages.

Like The State in this lawsuit, the IPPs have already agreed to a settlement with Chunghwa and Chunghwa has been dismissed from the IPPs' federal lawsuit. Any right you might have to receive compensation from the IPPs' settlement with Chunghwa will not be affected by The State's settlement with Chunghwa in this lawsuit. For more information on the IPPs' settlement with Chunghwa and any rights you may have in that settlement, please visit www.crtsettlement.com.

Philips has <u>not</u> settled the federal lawsuit brought by the IPPs. As stated above, Philips' settlement with The State in this case includes a release of all claims brought by the Attorney General on your behalf relating to CRTs. It is possible that The State's release of claims on your behalf could impact your rights in the federal lawsuit. It could limit your ability to recover damages in the federal lawsuit with respect to some or all of the claims asserted in this lawsuit. It also could limit the IPPs' ability to recover damages in the federal lawsuit on your behalf. That means that if you do not exclude yourself from this settlement, you may not be able to bring a claim under California law in the federal lawsuit, and the IPPs may not be able to bring a claim under California law on your behalf in the federal lawsuit.

It is not yet certain whether the settlement by The State in this case will limit your rights, or the IPPs' rights, in the federal lawsuit. It also is not certain whether Philips will be held liable for damages in the federal lawsuit. These are legal questions that will be resolved in the future but cannot be answered today. If you have any questions regarding the federal lawsuit or the potential for this settlement to limit your ability to participate in the federal lawsuit, you should consult with a lawyer.

### 5. What do The State's Settlements with Chunghwa and Philips provide?

The State has obtained two separate settlements in this lawsuit – one from Chunghwa and the other from Philips (the "Settlements"). Below is a summary of the Settlements:

(a) **Ongoing Cooperation:** Both Chunghwa and Philips agree to cooperate with the California Attorney General in her ongoing investigation into the global CRT price-fixing conspiracy. The State believes that this cooperation will be valuable in the ongoing prosecution of its case against other defendants alleged to have participated in the price fixing conspiracy.

(b) **Injunction:** Chunghwa is prohibited for ten years from engaging in price fixing, market allocation, and/or bid rigging relating to the sale of any CRTs or CRT products for delivery into the United States. Philips is prohibited for three years from engaging in price fixing, market allocation, and/or bid rigging related to CRTs that are incorporated into monitors or other display screens incorporated in monitors.

(c) **Antitrust Compliance:** Chunghwa agrees to maintain an antitrust compliance program to educate their officers and employees responsible for pricing and sales of CRT about United States federal and state antitrust laws. Philips agrees to certify that it has an antitrust compliance program and if one does not already exist, Philips must establish one but cannot sell CRTs within three years of establishing such a program.

(d) **Monetary Benefit:** Chunghwa agrees to pay $300,000 in monetary damages while Philips agrees to pay $500,000 in monetary damages (collectively "Settlement Fund"). Before this Settlement Fund can be distributed, the Settlements must be approved by the Court at or after the hearing described in Section 7 below. The cost to administer the Settlements, attorneys' fees, costs, expenses, and awards to groups (b)-(d), as described in Section 3 above, are paid from the Settlement Fund. The Attorney General will request attorneys' fees not to exceed 10% of the Settlement Fund.

### 6. What is *Cy Pres* Distribution of the Settlement Fund?

Because so many individuals in California may have been injured by the alleged wrongdoing, it would be impossible to distribute the Settlement Fund in a fair manner to every affected individual. When it is difficult for all affected to receive individual shares of the recovery, the legal doctrine known as *cy pres* allows the courts to approve the distribution of the Settlement Fund to support public or non-profit activities to address the injury alleged in a lawsuit instead of distributing funds directly to individuals. For this lawsuit, the Attorney General has set up a fund to distribute the settlements in a manner that would promote justice for all Californians. Monies from these settlements will not be paid directly to any individual. Rather, they will be distributed in the form of technology-related grants to charity organizations as well as local and state government entities.

### 7. When and where is the court hearing concerning final approval of the Settlements?

The Court will hold a hearing to determine whether to approve the Settlements. The legal term for this type of hearing is **"Fairness Hearing."** It will be held on **October 18, 2013**, beginning at **9:30 a.m.** before Judge Richard A. Kramer at 400 McAllister Street, San Francisco, CA 94102, in Department 303. The hearing may be adjourned or continued without further notice.

## YOUR LEGAL RIGHTS AND OPTIONS

### 1. What are my legal rights and how are they affected by the Settlements?

If you are an individual residing in California and you purchased a product containing CRTs between March 1, 1995 and November 25, 2007, you may have the right to sue Chunghwa or Philips for violating the Cartwright Act, for violating the Unfair Competition Act, and/or for unjust enrichment. You may do this by filing your own lawsuit, by being a part of this lawsuit, or by being a part of other pending lawsuits against Chunghwa and/or Philips, such as the federal lawsuit described above.

The State's Settlement with Chunghwa may limit your right to sue Chunghwa for the alleged price fixing conspiracy in CRTs under the Cartwright Act, or to be part of other similar lawsuits against Chunghwa, unless you exclude yourself from The State's Settlement. Chunghwa's settlement with The State in this case includes a release of all claims brought by the Attorney

General on your behalf relating to CRTs. However, the federal court in the IPP action has already approved a settlement with respect to Chunghwa that released claims of indirect purchasers of CRT products, including in California. If you are a member of that class, any claim you have against Chunghwa already may have been settled, unless you opted out of that settlement. See www.crtsettlement.com.

The State's Settlement with Philips may limit your right to sue Philips for the alleged price fixing conspiracy in CRTs under the Cartwright Act, or to be part of other similar lawsuits against Philips, unless you exclude yourself from The State's Settlement. In particular, The State's Settlement with Philips may eliminate your right to be a part of the IPPs' federal lawsuit against Philips, or to bring your own claim in federal court, unless you exclude yourself from The State's Settlement. Specifically, if the IPPs are approved as representatives of all California indirect purchasers, you may lose the right to obtain monetary relief in the federal IPP lawsuit unless you exclude yourself from The State's Settlement. However, you will not lose any claims that you may have against other defendants in the federal lawsuit or to participate in any recovery that IPPs may gain on your behalf from those other defendants.

The Chunghwa and Philips Settlements contain additional terms that may affect your rights. The agreements are available at www.CRTclass.com.

## 2. With respect to my legal claims, what are my options?

- **Do Nothing**: If you want to participate in this lawsuit – by being a part of the group of individuals represented by the Attorney General as *parens patriae* under the Cartwright Act, no further action on your part is required. By doing nothing, you agree to be represented by the California Attorney General as *parens patriae* in this lawsuit. You also agree to the terms of Settlements with Chunghwa and Philips and, as such, you may lose the right to sue these companies on your own or be a part of any other pending lawsuits against these companies for the same conduct alleged in this lawsuit. If you do nothing, this also may affect your rights in the federal lawsuit insofar as Philips is concerned if class action status is granted to the IPPs.

- **Exclude Yourself from these Settlements**: You have the right to exclude yourself from the group of individuals represented by the Attorney General as *parens patriae* under the Cartwright Act. By excluding yourself from this group, you will not be legally bound by The State's Settlements, and you will retain your right, if any, to sue Chunghwa and/or Philips on your own or be part of any pending lawsuits, including the federal lawsuit, against Philips for the same conduct alleged in this lawsuit. But you will not be entitled to any benefit from the Settlements. <u>To be excluded from the Settlements, you must complete the "Exclusion Form" accompanying this Notice and follow all stated instructions on that form.</u>

- **Object, Request to Intervene, or Request to Appear at Fairness Hearing:** You also have the right to object to the Settlements, plan of distribution, attorneys' fees and costs, and awards to the other groups; to request to intervene in this lawsuit; and/or to request to appear at the Fairness Hearing described in Section 7 above. But if you exclude yourself from this lawsuit by completing the "Exclusion Form" described above, you may not object, request to intervene or request to appear at the Fairness Hearing. <u>To object, request to intervene, and/or request to appear, you must complete the "Objection Form" accompanying this Notice and follow all instructions stated on that form.</u>

*We will file your Exclusion and Objection Forms with the Court and give copies to Defendants.*

---

**For More Information: call 1-800-555-5555 or visit www.CRTclass.com**

---

## EXCLUSION FORM

I hereby assert my right to be excluded from *The State of California, et al. v. Chunghwa Picture Tubes, et al.*, San Francisco Superior Court Case No. CGC-11-515786.

Print Name:

Address Line 1:

Address Line 2:

Signature:                                                                 Date:

## OBJECTION FORM

Check the appropriate box or boxes below:

☐ I assert my right to object to the Settlement with **CHUNGHWA** in *The State of California, et al. v. Chunghwa Picture Tubes, et al.*, San Francisco Superior Court Case No. CGC-11-515786.

☐ I assert my right to object to the Settlement with **PHILIPS** in *The State of California, et al. v. Chunghwa Picture Tubes, et al.*, San Francisco Superior Court Case No. CGC-11-515786.

☐ I assert my right to request to intervene in *The State of California, et al. v. Chunghwa Picture Tubes, et al.*, San Francisco Superior Court Case No. CGC-11-515786.

☐ I assert my right to request to appear at the Fairness Hearing in *The State of California, et al. v. Chunghwa Picture Tubes, et al.*, San Francisco Superior Court Case No. CGC-11-515786.

Print Name:

Address Line 1:

Address Line 2:

Signature:                                                                 Date:

\*\*\*\*For your request(s) above to be effective, you MUST provide your name and address AND sign and date the form. Your completed form MUST be postmarked by September 8, 2013, and MUST be mailed to the following address:

**Emilio E. Varanini**
**Deputy Attorney General**
**Office of the Attorney General of the State of California**
**455 Golden Gate Avenue, Suite 11000**
**San Francisco, CA 94102**

**Failure to follow these instructions will make your request(s) ineffective.**