

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet
Dec-10-2013 11:16 am

Case Number: CGC-11-515786

Filing Date: Dec-10-2013 11:16

Filed by: FELICIA GREEN

Juke Box: 001    Image: 04303389

ORDER

THE STATE OF CALIFORNIA VS. CHUNGHWA PICTURES TUBES, LTD

001C04303389

**Instructions:**
Please place this sheet on top of the document to be scanned.



FILED
San Francisco County Superior Court

DEC 10 2013

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| THE STATE OF CALIFORNIA, et al.; | Case No. CGC-11-515786 |
| Plaintiffs, | [Related to Case No. CGC-11-515784] |
| v. | |
| CHUNGHWA PICTURE TUBES, LTD., et al., | [PROPOSED] ORDER GRANTING FINAL APPROVAL OF THE CHUNGHWA AND PHILIPS SETTLEMENTS AND AWARDING ATTORNEYS' FEES |
| Defendants. | |
| | Date:    December 5, 2013<br>Time:    9:30 a.m.<br>Dept:    303<br>Judge:   Richard A. Kramer |
| | Action Filed: November 8, 2011 |

This Court heard the Plaintiffs' Motion for Final Approval of the Chunghwa and Philips Settlements in Department 303 on December 5, 2013. This Court reviewed the motion and the supporting papers, including the Settlement Agreements, the Amendments to the Agreements,

1

[Proposed] Order Granting Final Approval of the Chunghwa and Philips Settlements and Awarding Attorneys' Fees
Case No. CGC-11-515786

and the memoranda and the declarations filed by the parties as part of this hearing as well as the hearings on Preliminary Approval, and having heard argument of counsel and for the reasons stated on the record at the December 5, 2013 hearing, this Court finds that:

(1) The Settlements are fair, reasonable, and adequate as to the *parens patriae* claims and the claims on behalf of the Class of Government Entities ("Government Class");

(2) The factors favoring the provisional certification of the Government Class for settlement purposes have not changed between the preliminary approval and final approval hearings;

(3) The applicable requirements of California Code of Civil Procedure section 382 have been satisfied with respect to the Class and the Settlements;

(4) The Attorney General provided notices to Class Members and natural persons in compliance with due process, California Business & Professions Code Section 16760, and California Rules of Court rules 3.766 and 7.769(f). The notices: (i) were given in the manner and form as directed in the Order Granting Preliminary Approval of the Chunghwa and Philips Settlements; and (ii) were reasonably calculated to give actual notice to the Class Members and natural persons of the existence of the lawsuit, the existence of the proposed Settlements, the terms and conditions of the Settlements, and the rights and obligations of Class Members and natural persons relative to these Settlements;

(5) Due to the size of the settlement amounts and the number of class members and natural persons, utilizing *cy pres* distribution of the settlement funds as technology-related grants administered by the Attorney General is appropriate; and

(6) The requested attorneys' fees in the amount of $80,000 is in accordance with Government Code Section 16750 and is thus reasonable.

**IT IS THEREFORE ORDERED THAT:**

1. The Government Class is certified and certification is defined as:

All political subdivisions of the State of California, plus the University of California and the State Bar of California, that indirectly or directly purchased Cathode Ray Tubes ("CRTs") and/or products containing CRTs during the Relevant Period beginning March 1, 1995 and continuing through November 25, 2007. The term "political subdivisions" is defined as all government entities authorized under California state law but without statewide jurisdiction.

2

[Proposed] Order Granting Final Approval of the Chunghwa and Philips Settlements and Awarding Attorneys' Fees
Case No. CGC-11-515786

2. This Court grants final approval of these settlements.

3. Defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa") and its subsidiary Chunghwa Malaysia are enjoined and restrained for a period of ten years from the date of execution of its Settlement Agreement from engaging in price fixing, market allocation, and/or bid rigging with respect to the sale of any CRTs or CRT products for delivery in the United States which constitute horizontal conduct that are *per se* violations of Sections 16700 *et seq.* of the Cartwright Act, including participating in meetings, conversations, and communications with other TFT-LCD panel manufacturers (other than among affiliated entities) in the United States and elsewhere to discuss the prices or production of CRTs to be sold to original equipment manufacturers of personal computers, televisions, and other CRT products ("OEM customers") and exchanging information on sales of CRT products to OEM customers, for the purpose of monitoring and enforcing adherence to unlawfully agreed-upon prices.

4. Defendant Philips is enjoined for a period of three years from the date of this Order from engaging in price-fixing, market allocation, and/or bid rigging relating to CRTs for incorporation into monitors, or to other display screens incorporated into monitors, which constitute horizontal conduct that are *per se* violations of section 16700 *et seq.* of the Cartwright Act.

5. Chunghwa and Chunghwa Malaysia shall establish, if not already established, and maintain a program to provide relevant antitrust compliance education to Chunghwa's officers and employees with responsibility for pricing and sales of CRTs in and to the United States regarding the legal standards imposed by federal and state antitrust laws. Chunghwa and its subsidiary Chunghwa Malaysia shall have ninety (90) days from the date of this Order to establish this program if one has not already been established. For three (3) years from that date, on an annual basis, Chunghwa shall certify in writing to the Attorney General that Chunghwa is fully compliant with the provisions by describing the nature of the program it has implemented or is maintaining pursuant to the Settlement. The Attorney General is required to provide Chunghwa that the certification is due thirty (30) days prior to the deadline for its submission.

3

[Proposed] Order Granting Final Approval of the Chunghwa and Philips Settlements and Awarding Attorneys' Fees
Case No. CGC-11-515786

6. Defendant shall certify that it has an antitrust compliance program and that it does not manufacture or sell CRTs. In the event that it manufactures or sells CRTs within three (3) years of the date of execution of its Settlement Agreement, it shall establish, if not already established, and maintain a program to provide relevant antitrust compliance education to their officers and employees with responsibility for pricing and sales of products in and to the United States regarding the legal standards imposed by federal and state antitrust laws. Philips shall have ninety (90) days from the date of this Order to establish this program if one has not already been established. For three (3) years from that date, on an annual basis, Philips shall certify in writing to the Attorney General that Philips is fully compliant with the provisions by describing the nature of the program it has implemented or is maintaining pursuant to the Settlement. The Attorney General is required to provide Philips that the certification is due thirty (30) days prior to the deadline for its submission.

7. Chunghwa shall provide cooperation to the Attorney General as described in paragraph 17 of its Settlement Agreement. Philips shall provide cooperation to the Attorney General as described in paragraph 19 of its Settlement Agreement.

8. This Order applies to all claims or causes of action settled and released under the Philips and Chunghwa Settlements, and binds all Government Class members, natural persons as individuals, and sole proprietorships of those natural persons.

9. Pursuant to the California Rules of Court rule 3.769(h), the Court retains jurisdiction over this action to enforce the terms of the judgment.

10. Chunghwa has paid the Attorney General $300,000 and Philips has paid the Attorney General $500,000. These amounts shall—minus attorneys' fees—be placed in a *cy pres* fund for technology-related grants administered by the Attorney General in accordance with the standards and policies of the California Department of Justice. All class members and charitable or non-profit organizations will be able to apply for these technology-related grants. . The Attorney General may approve the distribution of these funds without seeking the approval of the Court.

4

[~~~~~~~] Order Granting Final Approval of the Chunghwa and Philips Settlements and Awarding Attorneys' Fees
Case No. CGC-11-515786

11. To simplify the administration of *cy pres* grants, the Attorney General is authorized to combine *cy pres* funds from the Chunghwa and Philips Settlements with existing and future settlements from related technology matters.

12. The Attorney General is awarded attorneys' fees in the amount of $80,000.

Date: December 9, 2013

Richard A. Kramer
Judge of the Superior Court

5

Order Granting Final Approval of the Chunghwa and Philips Settlements and Awarding Attorneys' Fees
Case No. CGC-11-515786

# Superior Court of California
## County of San Francisco

| | |
|---|---|
| THE STATE OF CALIFORNIA, et al., | Case No. CGC-11-**515786** |
| Plaintiff(s) | |
| vs. | **CERTIFICATE OF ELECTRONIC SERVICE** |
| CHUNGHWA PICTURE TUBES, LTD., et al., | (CCP 1010.6(6) & CRC 2.260(g)) |
| Defendant(s) | |

    I, Felicia Green, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

    On December 10, 2013, I electronically served ORDER GRANTING FINAL APPROVAL OF CHUNGHWA AND PHILIPS SETTLEMENTS AND AWARDING ATTORNEYS' FEES, AND ORDER via LexisNexis File & Serve on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

Dated: December 10, 2013

T. Michael Yuen, Clerk

By: _/s/ Felicia Green_
Felicia Green, Deputy Clerk III