Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Electrograph Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc. v. Technicolor SA*, No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc. v. Hitachi, Ltd.*, No. 11-cv-05513; | Case No. 07-5944-SC<br><br>MDL No. 1917<br><br>**KONINKLIJKE PHILIPS N.V.'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)**<br><br>Date:      February 6, 2015<br>Time:      10:00 a.m.<br>Place:      Courtroom No. 1<br><br>Hon. Samuel Conti |

KONINKLIJKE PHILIPS N.V.'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

*Best Buy Co., Inc. v. Technicolor SA*,  
No. 13-cv-05264;

*Interbond Corp. of Am. v. Hitachi, Ltd.*,  
No. 11-cv-06275;

*Interbond Corp. of Am. v. Technicolor SA*,  
No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd.*,  
No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA*,  
No. 13-cv-05726;

*CompuCom Sys., Inc. v. Hitachi, Ltd.*,  
No. 11-cv-06396;

*P.C. Richard & Son Long Island Corp. v. Hitachi, Ltd.*,  
No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp. v. Technicolor SA*,  
No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd.*,  
No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA*,  
No. 13-cv-05668;

*Tech Data Corp. v. Hitachi, Ltd.*,  
No. 13-cv-00157;

*Dell Inc. v. Hitachi Ltd.*,  
No. 13-cv-02171;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*,  
No. 13-cv-05262

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*,  
No. 11-cv-05514

*Sharp Electronics Corp. v. Hitachi Ltd.*,  
Case No. 13-cv-1173 SC

KONINKLIJKE PHILIPS N.V.'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

| | |
|---|---|
| 1 | *Sharp Electronics Corp. v. Koninklijke Philips Elecs., N.V.*,   )<br>)|
| 2 | Case No. 13-cv-2776 SC   )<br>) |
| 3 | *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.*,   )<br>) |
| 4 | Case No. 14-cv-2510 SC   )<br>) |
| 5 | )<br>*All Indirect Purchaser Actions*   ) |
| 6 | ) |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendant Koninklijke Philips N.V, ("KPNV"), by and through its counsel, respectfully requests an order allowing KPNV to file the following documents under seal:

1. Portions of Koninklijke Philips N.V.'s Notice of Motion and Motion for Summary Judgment ("Summary Judgment Motion") that contains quotations or information from documents and deposition testimony that KPNV and other Defendants have designated "Confidential" or "Highly Confidential;"

2. Exhibits 1, 2, 4, 7, 9-22, 24, and 26-28 to the Declaration of Tiffany B. Gelott in Support of Koninklijke Philips N.V.'s Notice of Motion and Motion For Summary Judgment that contains quotations or information from documents and deposition testimony that KPNV and other Defendants have designated "Confidential" or "Highly Confidential."

This motion is supported by the Declaration of Tiffany B. Gelott in Support of Koninklijke Philips N.V.'s Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5(d), dated November 7, 2014 ("Gelott Declaration").

Civil Local Rule 79-5 governs the filing under seal of an entire document upon a request that establishes that the document, or portions thereof, "is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(a). This Court's General Order No. 62 sets forth procedures applicable to the filing of sealed documents in civil cases. Civil Local Rule 79-5(c)(1) provides that if a party wishes to file portions of a document under seal, he or she must "[f]ile and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11 accompanied by a declaration establishing that a portion of the document is sealable."  The Ninth Circuit has articulated two standards for evaluating a sealing request: (1) a "good cause" standard applied to non-dispositive motions, and (2) a "compelling reasons" standard for dispositive motions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Because the documents at issue here relate to the Summary Judgment Motion, "'compelling reasons' must be shown to seal judicial records attached to [this] dispositive motion." *Id.*

In the Gelott Declaration, KPNV has set forth that its documents and deposition testimony at issue meet the sealing requirements. KPNV's documents listed above consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information, including, among other commercially sensitive business information and strategies, confidential information about KPNV's sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This information is confidential commercial information, the disclosure of which would prejudice KPNV both in its commercial relationships with customers and suppliers and in its competitive efforts. Several courts in this district have found the types of information contained within the KPNV documents constitute sealable "trade secrets" in the context of a dispositive motion such as summary judgment. *See Apple, Inc. v. Samsung Electronics Co.,* No. 11-CV-01846-LHK, 2012 WL 5505068, at *1 (N.D. Cal. Nov. 13, 2012) ( ""[C]ompelling reasons" may exist if sealing is required to prevent judicial documents from being used as sources of business information that might harm a litigant's competitive standing."); Order Resolving Motions to Seal Related to Plaintiffs' Motion for Class Certification, at 5, *Rainbow Bus. Solutions v. Merch. Servs.,* No. C 10-1993 CW (N.D. Cal. May 10, 2013), ECF No. 505 (determining that there are compelling reasons to seal "particular information about the party's contractual agreements, including items such as pricing arrangements"); Order Granting the Joint Motion to File Documents Under Seal, at 5, *Algarin v. Maybelline LLC,* No. 12-cv-3000 AJB (DHB) (S.D. Cal. Feb. 21, 2014), ECF No. 62 (finding that "[p]ublic disclosure of [] confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the moving party's] business practices and circumvent the time and resources necessary in developing their own practices and strategies.").

In this motion, KPNV also moves to seal the documents of other Defendants pursuant to Civil Local Rule 79-5(d), which provides: "If a party wishes to file a document that has been designated confidential by another party pursuant to a protective order . . . the submitting party must file and serve an Administrative Motion for a sealing order. . . ." KPNV, however, takes no position whether the other defendants' designated documents satisfy the requirements for sealing. Although KPNV's

request is narrowly tailored to include only the information that may require confidentiality, it is the other Defendants' burden to establish that the designated information is sealable. *See* Civil L.R. 79-5(d) ("Within 7 days thereafter, the designating party must file with the Court a declaration establishing that the designating information is sealable . . . or must withdraw the designation of confidentiality.").

For these reasons, KPNV respectfully submits this motion pursuant to Civil rule 79-5 and hereby notifies other Defendants of their burden to establish that their documents listed above and the relevant portions of KPNV's Notice and Motion for Summary Judgment, which cite those documents, are sealable.

Respectfully submitted,

DATED:  November 7, 2014         BAKER BOTTS LLP

By: /s/ *Erik T. Koons*
JON V. SWENSON (SBN 233054)
Email: jon.swenson@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

JOHN M. TALADAY (*pro hac vice*)
Email: john.taladay@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
Email: erik.koons@bakerbotts.com
**BAKER BOTTS LLP**
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890