Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Electrograph Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc. v. Technicolor SA*, No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc. v. Hitachi, Ltd.*, No. 11-cv-05513; | Case No. 07-5944-SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF KONINKLIJKE PHILIPS N.V.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)**<br><br>Date:       February 6, 2015<br>Time:      10:00 a.m.<br>Place:      Courtroom No. 1, 17th Floor<br><br>Hon. Samuel Conti |

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF KONINKLIJKE PHILIPS N.V.'S ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

| | | |
|---|---|---|
| 1 | *Best Buy Co., Inc. v. Technicolor SA*, No. 13-cv-05264; | ) ) ) |
| 2 | | ) |
| 3 | *Interbond Corp. of Am. v. Hitachi, Ltd.*, No. 11-cv-06275; | ) ) ) |
| 4 | | ) |
| 5 | *Interbond Corp. of Am. v. Technicolor SA*, No. 13-cv-05727; | ) ) ) |
| 6 | *Office Depot, Inc. v. Hitachi, Ltd.*, No. 11-cv-06276; | ) ) ) |
| 7 | | ) |
| 8 | *Office Depot, Inc. v. Technicolor SA*, No. 13-cv-05726; | ) ) ) |
| 9 | | ) |
| 10 | *CompuCom Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-06396; | ) ) ) |
| 11 | | ) |
| 12 | *P.C. Richard & Son Long Island Corp. v. Hitachi, Ltd.*, No. 12-cv-02648; | ) ) ) ) |
| 13 | | ) |
| 14 | *P.C. Richard & Son Long Island Corp. v. Technicolor SA*, No. 13-cv-05725; | ) ) ) ) |
| 15 | | ) |
| 16 | *Schultze Agency Servs., LLC v. Hitachi, Ltd.*, No. 12-cv-02649; | ) ) ) |
| 17 | | ) |
| 18 | *Schultze Agency Servs., LLC v. Technicolor SA*, No. 13-cv-05668; | ) ) ) |
| 19 | | ) |
| 20 | *Tech Data Corp. v. Hitachi, Ltd.*, No. 13-cv-00157; | ) ) ) |
| 21 | *Dell Inc. v. Hitachi Ltd.*, No. 13-cv-02171; | ) ) ) |
| 22 | | ) |
| 23 | *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262 | ) ) ) ) |
| 24 | | |
| 25 | *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514 | ) ) ) ) |
| 26 | | |
| 27 | *Sharp Electronics Corp. v. Hitachi Ltd.*, No. 13-cv-1173 SC | ) ) ) |
| 28 | | ) |

-1-
DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF KONINKLIJKE PHILIPS N.V.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

| | |
|---|---|
| 1 | *Sharp Electronics Corp. v. Koninklijke Philips Elecs., N.V.*, )<br>) |
| 2 | No. 13-cv-2776 SC )<br>) |
| 3 | *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.*, )<br>) |
| 4 | No. 14-cv-2510 SC )<br>) |
| 5 | )<br>*All Indirect Purchaser Actions* ) |
| 6 | ) |

I, Tiffany B. Gelott, declare and state as follows:

1. I am an attorney with Baker Botts LLP, counsel for Koninklijke Philips N.V. ("KPNV") in the above-captioned action. I am a member of the bar of the District of Columbia and have been admitted to practice before this Court on this matter *pro hac vice*. I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain documents containing "Confidential" and "Highly Confidential" information that have been submitted to the Court in connection with KPNV's Notice and Motion for Summary Judgment ("Summary Judgment Motion") are sealable. Except for those matters stated on information and belief, about which I am informed and believe to be true, I have personal knowledge of the facts stated herein and, if called as witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. No. 306) (the "Protective Order"). On November 7, 2014, KPNV filed an Administrative Motion to Seal, and lodged conditionally under seal, the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

- Portions of the Summary Judgment that contain information from documents that Defendants have designated "Confidential" or "Highly Confidential"; and

- Exhibits 1, 2, 4, 7, 9-22, 24, and 26-29 to the Declaration of Tiffany B. Gelott in Support of Koninklijke Philips N.V.'s Notice of Motion and Motion For Summary Judgment ("Gelott Declaration").

3. The documents or portions of the documents submitted under seal contain either (a) material designated by KPNV, other Defendants, or Plaintiffs pursuant to the Stipulated Protective Order (Dkt. 306, June 18, 2008) as "Confidential" or "Highly Confidential" or (b) an analysis of, references to, or information taken directly from material designated by KPNV, other Defendants, or Plaintiffs pursuant to the Stipulated Protective Order as "Confidential" or "Highly Confidential."

4. Therefore, pursuant to Civil Local Rule 79-5(d), I also make this declaration on behalf of KPNV to provide the basis for the Court to maintain under seal certain documents and information designated by KPNV as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective

Order, and all references to those documents and information in the Summary Judgment Motion and the exhibits to the Gelott Declaration.

5. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following Exhibits to the Gelott Declaration should be maintained under seal:

 a. Attached as <u>Exhibit 1</u> to the Gelott Declaration is the Reply Expert Report of Janet S. Netz, Ph.D on Affirmative Defenses (August 5, 2014) ("Netz Reply Report") that has been designed "Confidential" pursuant to the Stipulated Protective Order;

 b. Attached as <u>Exhibit 2</u> to the Gelott Declaration are excerpts of the Deposition of Roger De Moor (July 31, and August 1, 2012) ("De Moor Dep."), who was designated as a Fed. R. Civ. P. 30(b)(6) witness for KPNV, that KPNV designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

 c. Attached as <u>Exhibit 4</u> to the Gelott Declaration are excerpts of the Deposition of Jim Smith (Dec. 12–13, 2013) ("Smith Dep.") that KPNV designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

 d. Attached as <u>Exhibit 9</u> to the Gelott Declaration is copy of the Declaration of Franciscus Spaargaren (Apr. 10, 2014) ("Spaargaren Decl.") that KPNV designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

 e. Attached as <u>Exhibit 10</u> to the Gelott Declaration are excerpts of the Deposition of Franciscus Spaargaren (Aug. 27, 2014) ("Spaargaren Dep.") that KPNV designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

 f. Attached as <u>Exhibit 11</u> to the Gelott Declaration are excerpts of the Deposition of Wiebo Vaartjes (Dec. 18–19, 2013) ("Vaartjes Dep.") that KPNV designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

 g. Attached as <u>Exhibit 12</u> to the Gelott Declaration is the Declaration of Geert Raaijmakers (Sept. 23, 2014) ("Raaijmakers Decl.") that KPNV designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

h. Attached as <u>Exhibit 14</u> to the Gelott Declaration are excerpts of the Deposition of Patrick Canavan (Jan 30-31, 2014) ("Canavan Dep.") that KPNV designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

i. Attached as <u>Exhibit 15</u> to the Gelott Declaration are excerpts of the Deposition of Bob O'Brien (Mar. 20–21, 2014) ("O'Brien Dep.") that KPNV designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

j. Attached as <u>Exhibit 16</u> to the Gelott Declaration is a document produced by KPNV in this litigation with the bates number, PHLP-CRT-002306 that KPNV designated as "Confidential" pursuant to the Stipulated Protective Order;

k. Attached as <u>Exhibit 21</u> to the Gelott Declaration is a document produced by KPNV in this litigation with the bates number, PHLP-CRT-002422–427 that KPNV designated as "Confidential" pursuant to the Stipulated Protective Order;

l. Attached as <u>Exhibit 22</u> to the Gelott Declaration is a document produced by KPNV in this litigation with the bates number, PHLP-CRT-052781 that KPNV designated as "Confidential" pursuant to the Stipulated Protective Order;

m. Attached as <u>Exhibit 28</u> to the Gelott Declaration is a document produced by KPNV in this litigation with the bates number, PHLP-CRT-002479–80 that KPNV designated as "Confidential" pursuant to the Stipulated Protective Order.

6. Upon information and belief, the documents and testimony contained within Exhibits 1, 2, 4, 9, 10, 11, 12, 14, 15, 16, 21, 22, and 28 to the Gelott Declaration were designated by KPNV as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because they contain confidential, nonpublic, and highly sensitive business information about KPNV's sales practices, business and supply agreements, and competitive positions. The documents and testimony describe relationships with companies (including customers and vendors) that remain important to KPNV's and its direct or indirect subsidaries' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining KPNV's and its direct or indirect subsidiaries'

relationships, would cause harm with respect to customers, and would put KPNV and its direct or indirect subsidaries at a competitive disadvantage.

7.  The highlighted portions of the Summary Judgment Motion quote from, describe, or contain documents or information designated as "Confidential" or "Highly Confidential" by KPNV pursuant to the Stipulated Protective Order, including Exhibits 1, 2, 4, 9, 10, 11, 12, 14, 15, 16, 21, 22, and 28 to the Gelott Declaration.  I understand that KPNV considers any statements in the Summary Judgment Motion that summarize the exhibits and other documents or information designated as "Confidential" or "Highly Confidential" by KPNV is confidential and proprietary. I am informed and believe that KPNV has taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 1, 2, 4, 9, 10, 11, 12, 14, 15, 16, 21, 22, and 28, and referenced in the Summary Judgment Motion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Executed on November 7, 2014 in Washington, D.C.

  /s/ Tiffany Gelott
Tiffany Gelott