# EXHIBIT 1

# (FILED UNDER SEAL)

# EXHIBIT 2

# (FILED UNDER SEAL)

# <u>EXHIBIT 3</u>

1  Jon V. Swenson (SBN 233054)
   BAKER BOTTS LLP
2  620 Hansen Way
   Palo Alto, CA 94304
3  Telephone: (650) 739-7500
   Facsimile: (650) 739-7699
4  Email: jon.swenson@bakerbotts.com
5
   John M. Taladay (*pro hac vice*)
6  Joseph Ostoyich (*pro hac vice*)
   Erik T. Koons (*pro hac vice*)
7  Charles M. Malaise (*pro hac vice*)
   BAKER BOTTS LLP
8  1299 Pennsylvania Ave., N.W.
   Washington, DC 20004-2400
9  Telephone: (202) 639-7700
10 Facsimile: (202) 639-7890
   Email: john.taladay@bakerbotts.com
11 Email: joseph.ostoyich@bakerbotts.com
   Email: erik.koons@bakerbotts.com
12 Email: charles.malaise@bakerbotts.com
13
   *Attorneys for Defendant Koninklijke Philips N.V.*
14
                  UNITED STATES DISTRICT COURT
15
                NORTHERN DISTRICT OF CALIFORNIA
16
                    SAN FRANCISCO DIVISION
17
   In re:  CATHODE RAY TUBE (CRT)          ) Case No. 07-5944-SC
18 ANTITRUST LITIGATION                     )
                                            ) MDL No. 1917
19                                          )
   This Document Relates to:                ) **DECLARATION OF JAP JONGEDIJK IN**
20                                          ) **SUPPORT OF KONINKLIJKE PHILIPS**
   *Electrograph Sys., Inc. v. Hitachi, Ltd.,* ) **N.V.'S NOTICE OF MOTION AND**
21 No. 11-cv-01656;                         ) **MOTION FOR SUMMARY JUDGMENT**
                                            )
22 *Electrograph Sys., Inc. v. Technicolor SA,* ) Date:       January 30, 2015
   No. 13-cv-05724;                         ) Time:       10:00 a.m.
23                                          ) Place:      Courtroom No. 1, 17th Floor
                                            )
24 *Siegel v. Hitachi, Ltd.,*               ) Hon. Samuel Conti
   No. 11-cv-05502;                         )
25                                          )
   *Siegel v. Technicolor SA,*              )
26 No. 13-cv-05261;                         )
                                            )
27                                          )
   *Best Buy Co., Inc. v. Hitachi, Ltd.,*   )
28 No. 11-cv-05513;                         )
                                            )

| | |
|---|---|
| 1 | *Best Buy Co., Inc. v. Technicolor SA,* )<br>No. 13-cv-05264; ) |
| 2 | ) |
| 3 | *Interbond Corp. of Am. v. Hitachi, Ltd.,* )<br>No. 11-cv-06275; ) |
| 4 | ) |
| 5 | *Interbond Corp. of Am. v. Technicolor SA,* )<br>No. 13-cv-05727; ) |
| 6 | ) |
| 7 | *Office Depot, Inc. v. Hitachi, Ltd.,* )<br>No. 11-cv-06276; ) |
| 8 | *Office Depot, Inc. v. Technicolor SA,* )<br>No. 13-cv-05726; ) |
| 9 | ) |
| 10 | *CompuCom Sys., Inc. v. Hitachi, Ltd.,* )<br>No. 11-cv-06396; ) |
| 11 | ) |
| 12 | *P.C. Richard & Son Long Island Corp. v.* )<br>*Hitachi, Ltd.,* )<br>No. 12-cv-02648; ) |
| 13 | ) |
| 14 | *P.C. Richard & Son Long Island Corp. v.* )<br>*Technicolor SA,* )<br>No. 13-cv-05725; ) |
| 15 | ) |
| 16 | *Schultze Agency Servs., LLC v. Hitachi, Ltd.,* )<br>No. 12-cv-02649; ) |
| 17 | ) |
| 18 | *Schultze Agency Servs., LLC v. Technicolor SA,* )<br>No. 13-cv-05668; ) |
| 19 | ) |
| 20 | *Tech Data Corp. v. Hitachi, Ltd.,* )<br>No. 13-cv-00157; ) |
| 21 | *Dell Inc. v. Hitachi Ltd.,* )<br>No. 13-cv-02171; ) |
| 22 | ) |
| 23 | *Sears, Roebuck and Co. and Kmart Corp. v.* )<br>*Technicolor SA,* )<br>No. 13-cv-05262 ) |
| 24 | ) |
| 25 | *Sears, Roebuck and Co. and Kmart Corp. v.* )<br>*Chunghwa Picture Tubes, Ltd.,* )<br>No. 11-cv-05514 ) |
| 26 | ) |
| 27 | *Sharp Electronics Corp. v. Hitachi Ltd.,* )<br>No. 13-cv-1173 SC ) |
| 28 | ) |

DECLARATION OF JAP JONGEDIJK IN SUPPORT OF KONINKLIJKE PHILIPS N.V.'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT (3:07-CV-05944 SC, MDL NO. 1917)

1   *Sharp Electronics Corp. v. Koninklijke Philips*   )
    *Elecs., N.V.,*                                     )
2   No. 13-cv-2776 SC                                   )
                                                        )
3                                                       )
    *ViewSonic Corp. v. Chunghwa Picture Tubes,*        )
4   *Ltd.,*                                             )
    No. 14-cv-2510 SC                                   )
5                                                       )
    *All Indirect Purchaser Actions*                    )
6                                                       )

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JAP JONGEDIJK IN SUPPORT OF KONINKLIJKE PHILIPS N.V.'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT (3:07-CV-05944 SC, MDL NO. 1917)

1       I, Jap Jongedijk, declare and state as follows:

2       1.     I am employed as Senior Legal Counsel for Philips International B.V. and previously

3 served as Deputy Secretary of the Executive Committee of Koninklijke Philips N.V. ("KPNV").  I

4 make this declaration in support of KPNV's Notice of Motion and Motion for Summary Judgment.

5 The information contained herein is based on my own personal knowledge, and if called as a witness I

6 could, and would, testify competently that the matters set forth herein are true.

7       2.     Unless specifically stated otherwise, the information provided in this Declaration is true

8 and correct for the period March 1995 through November 2007.

9       3.     KPNV is a Dutch corporation with its principal place of business located at Amstelplein

10 2, Breiner Center, 1070 MX, Amsterdam, The Netherlands.

11      4.     KPNV is a holding company that employed nine to thirteen individuals at any point

12 during the relevant time period.

13      5.     KPNV does not direct the daily management or operation of any of its direct or indirect

14 subsidiaries, including Philips Electronics North America Corporation, Philips Taiwan Limited, or

15 Philips do Brasil Ltda.  Instead, KPNV provides high level advice to its subsidiaries as well as business

16 groups that work across KPNV's subsidiaries.  These subsidiaries and business groups manage

17 operations in the areas in which KPNV's subsidiaries conduct business.

18       I declare under penalty of perjury under the laws of the State of California that the foregoing is

19 true and correct.

20       Executed on November 6, 2014 at Amsterdam, The Netherlands.

Jap Jongedijk

# <u>EXHIBIT 4</u>

# (FILED UNDER SEAL)

# **EXHIBIT 5**

1   BAKER BOTTS L.L.P.
    Jon V. Swenson (SBN 233054)
2   1001 Page Mill Road
3   Palo Alto, CA 94304
    Telephone: (650) 739-7500
4   Facsimile:  (650) 739-7699
    Email: jon.swenson@bakerbotts.com
5
6   BAKER BOTTS L.L.P.
    John M. Taladay (*pro hac vice*)
7   Joseph Ostoyich  (*pro hac vice*)
    Erik T. Koons (*pro hac vice*)
8   Charles M. Malaise (*pro hac vice*)
9   1299 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004-2400
10  Telephone: (202) 639-7700
    Facsimile:  (202) 639-7890
11  Email: john.taladay@bakerbotts.com
    Email: joseph.ostoyich@bakerbotts.com
12  Email: erik.koons@bakerbotts.com
    Email: charles.malaise@bakerbotts.com
13

14  *Attorneys for Defendant Koninklijke Philips N.V.*

15
                **UNITED STATES DISTRICT COURT**
16              **NORTHERN DISTRICT OF CALIFORNIA**
                   **SAN FRANCISCO DIVISION**
17

18  In re: CATHODE RAY TUBE (CRT)        Master File No. 3:07-cv-05944-SC (N.D. Cal.)
    ANTITRUST LITIGATION
19                                       MDL No. 1917

20

21  This Document Relates to:           **OBJECTIONS AND RESPONSES OF
                                        DEFENDANT KONINKLIJKE PHILIPS
22      ALL INDIRECT PURCHASER ACTIONS  N.V. TO INDIRECT PURCHASER
                                        PLAINTIFFS' FIRST SET OF
23                                      INTERROGATORIES**

24

25

26

27

28

MDL 1917

OBJECTIONS AND RESPONSES OF DEFENDANT KONINKLIJKE PHILIPS N.V. TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES

1

2    PROPOUNDING PARTY:                    Indirect Purchaser Plaintiffs

3    RESPONDING PARTY:                     Koninklijke Philips N.V.

4    SET NO.:                              One

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS AND RESPONSES OF DEFENDANT KONINKLIJKE PHILIPS N.V. TO INDIRECT PURCHASER IPPS' FIRST
SET OF INTERROGATORIES

1  and "withdraw" calls for a legal conclusion.  KPNV also objects to the terms "co-conspirator"

2  and "conspiracy" because they are vague and ambiguous, rendering this Interrogatory overbroad,

3  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4  Subject to and without waiving the objections stated above, KPNV incorporates

5  its response to Interrogatory No. 5.  Pursuant to Federal Rule of Civil Procedure 33(d), although

6  not limited to the following, KPNV refers to the documents previously produced at the

7  following Bates numbers: JLJ-00006725; PHLP-CRT-048151; PHLP-CRT-083229; PHLP-

8  CRT-091134; PHLP-CRT-097321; PHLP-CRT-097358; PHLP-CRT-097364; PHLP-CRT-

9  099889.

10  **INTERROGATORY NO. 7**

11  For each affirmative defense in your Answer, identify all Evidence supporting that

12  defense, or state that the defense will no longer be asserted.

13  **RESPONSE TO INTERROGATORY NO. 7**

14  In addition to KPNV's General Objections, which KPNV incorporates by reference,

15  KPNV specifically objects to this Interrogatory on the grounds that it is overbroad, unduly

16  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and

17  seeks information that is maintained by and equally available to IPPs or stated in publicly

18  available documents.  KPNV objects to this Interrogatory on the grounds that it calls for a legal

19  conclusion.  KPNV objects that the term "supporting" is vague and ambiguous, rendering this

20  Interrogatory overbroad, unduly burdensome, and not reasonably calculated to lead to the

21  discovery of admissible evidence. KPNV also objects to this Interrogatory on the grounds that it

22  contains impermissible subparts as KPNV has identified over forty affirmative defenses in its

23  Answer to the IPPs' Complaint.  KPNV further objects to this Interrogatory to the extent that

24  providing a response for all of its affirmative defenses would cause the remaining interrogatories

25  to exceed the allowable amount of twenty-five interrogatories as prescribed  by the Federal

26  Rules of Civil Procedure 33(a)(1).

27  **INTERROGATORY NO. 8**

28

OBJECTIONS AND RESPONSES OF DEFENDANT KONINKLIJKE PHILIPS N.V. TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES

1   For each year during the Class Period, state by year how many CRTs (in both number of

2   units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b)

3   billed to an address in the United States, but shipped to a location outside of the United States;

4   (c) shipped to an address in the United States, but billed to a location outside of the United

5   States; and (d) shipped and billed to a location outside of the United States.

6   **RESPONSE TO INTERROGATORY NO. 8**

7   In addition to KPNV's General Objections, which KPNV incorporates by reference,

8   KPNV specifically objects to this Interrogatory on the grounds that it is overbroad, unduly

9   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and

10   seeks information that is maintained by and equally available to IPPs or stated in publicly

11   available documents.  KPNV also objects that the phrases "billed to" and "shipped to" are vague

12   and ambiguous, rendering this Interrogatory overbroad, unduly burdensome, and not reasonably

13   calculated to lead to the discovery of admissible evidence.

14   KPNV further objects to this Interrogatory on the grounds that it is cumulative and

15   duplicative of other discovery requests, and therefore in violation of the integration order

16   included in section XV, subsections D and E of the Court's "Order Re Discovery and Case

17   Management Protocol," entered in the MDL on April 3, 2012. Order Re discovery and Case

18   Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC

19   MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Specifically, this Interrogatory is

20   duplicative of the following requests: Direct Purchaser Plaintiffs' Second Set of Requests for

21   Production of Documents, Request No. 5, dated March 12, 2010, and Indirect Purchaser

22   Plaintiffs' Second Request for Production of Documents, Request No. 5, dated March 25, 2010.

23   Subject to and without waiving the objections stated above, KPNV responds that KPNV

24   is a holding company and at no point did it ever manufacture or sell any CRTs.

25   **INTERROGATORY NO. 9**

26   For each year during the Class Period, state by year how many CRT Products (in both

27   number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United

28

1   information," "false commitment," and "instance" are vague and ambiguous, rendering this

2   Interrogatory overbroad, unduly burdensome, and not reasonably calculated to lead to the

3   discovery of admissible evidence.

4        KPNV contends that at all times it was a holding company with investments in various

5   wholly and partially owned subsidiaries and investments in various associates.  KPNV asserts that

6   no evidence has been brought in the above captioned matter that indicates that KPNV attended

7   any Glass Meetings or Bilateral Meetings as defined by IPPs' Interrogatories.

8   **INTERROGATORY NO. 25 - REQUEST FOR ADMISSION NO. 1**

9        If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for

10  Admission was anything other than an unqualified admission, separately for each Request for

11  Admission:

12      (a) state the number of the request for admission;

13      (b) state all facts upon which You base Your response;

14      (c) identify all Evidence upon which You intend to rely to support your response; and

15      (d) identify each person who has knowledge of the facts upon which you base your

16      response.

17  **RESPONSE TO INTERROGATORY NO. 25 - REQUEST FOR ADMISSION NO. 1**

18       In addition to KPNV's General Objections, which KPNV incorporates by reference,

19  KPNV specifically objects to this Interrogatory on the grounds that it is overbroad, unduly

20  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

21  information that is maintained by and equally available to IPPs or stated in publicly available

22  documents.  KPNV also objects to this Interrogatory on the grounds that it calls for a legal

23  argument or legal conclusion. KPNV further objects to the use of the terms "unqualified,"

24  "knowledge," and "support" because they are vague and ambiguous, rendering this Interrogatory

25  overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

26  admissible evidence.

27       Subject to and without waiving the objections, KPNV responds that KPNV is a holding

28

OBJECTIONS AND RESPONSES OF DEFENDANT KONINKLIJKE PHILIPS N.V. TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES

company and at no point did it ever manufacture or sell any CRTs.

**INTERROGATORY NO. 26 - REQUEST FOR ADMISSION NO. 2**

If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for Admission was anything other than an unqualified admission, separately for each Request for Admission:

(a) state the number of the request for admission;

(b) state all facts upon which You base Your response;

(c) identify all Evidence upon which You intend to rely to support your response; and

(d) identify each person who has knowledge of the facts upon which you base your response.

**RESPONSE TO INTERROGATORY NO. 26 - REQUEST FOR ADMISSION NO. 2**

In addition to KPNV's General Objections, which KPNV incorporates by reference, KPNV specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is maintained by and equally available to IPPs or stated in publicly available documents. KPNV also objects to this Interrogatory on the grounds that it calls for a legal argument or legal conclusion. KPNV further objects to the use of the terms "unqualified," "knowledge," and "support" because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections, KPNV responds that KPNV is a holding company and at no point did it ever own or operate any CRT factories or CRT sales offices.

**INTERROGATORY NO. 27  - REQUEST FOR ADMISSION NO. 3**

If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for Admission was anything other than an unqualified admission, separately for each Request for Admission:

(a) state the number of the request for admission;

1     (d) identify each person who has knowledge of the facts upon which you base your

2     response.

3     **RESPONSE TO INTERROGATORY NO. 148 - REQUEST FOR ADMISSION NO. 127**

4          In addition to KPNV's General Objections, which KPNV incorporates by reference,

5     KPNV specifically objects to this Interrogatory on the grounds that it is overbroad, unduly

6     burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

7     information that is maintained by and equally available to IPPs or stated in publicly available

8     documents.  KPNV also objects to this Interrogatory on the grounds that it calls for a legal

9     argument or legal conclusion. KPNV further objects to the use of the terms "unqualified,"

10    "knowledge," and "support" because they are vague and ambiguous, rendering this Interrogatory

11    overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

12    admissible evidence.  KPNV also objects to this Interrogatory to the extent it improperly tries to

13    shift the evidentiary burden that IPPs alone carries to KPNV.  Since IPPs Request for Admission

14    No. 127 is based on an inaccurate premise that KPNV "provided a mandate to, or otherwise

15    directed the activities of, Philips' representatives on the Supervisory Board of LG.Philps

16    Displays," the Request creates a logical fallacy that requires no response.

17

18    Dated:  September 3, 2014          BAKER BOTTS LLP

19

20                                              _____

21                           Email: charles.malaise@bakerbotts.com

22                           BAKER BOTTS LLP
                                  1299 Pennsylvania Avenue, N.W.

23                           Washington, D.C. 20004-2400
                                  Telephone: (202) 639-1117

24                           Facsimile:  (202) 585-1037

25                           *Attorney for Koninklijke Philips N.V.*

26

27

28

OBJECTIONS AND RESPONSES OF DEFENDANT KONINKLIJKE PHILIPS N.V. TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES

1

**CERTIFICATE OF SERVICE**

2          I HEREBY CERTIFY that I caused a true and correct copy of the documents listed below

3   to be served by e-mail transmission on September 3, 2014 to each of the persons set forth in the

4   attached service list below.

5              1.   Objections and Responses of Defendant Koninklijke Philips N.V. to Indirect
                    Purchaser Plaintiffs' First Set Of Interrogatories

6

7
    Dated: September 3, 2014
8

9

10                                         _____

11
                                           Charles M. Malaise
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS AND RESPONSES OF DEFENDANT KONINKLIJKE PHILIPS N.V. TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES

*In re: Cathode Ray Tube (CRT) Antitrust Litigation* - **MDL No. 1917**

**SERVICE LIST**

| | |
|---|---|
| Mario N. Alioto<br>Lauren C. Capurro (Russell)<br>E-mail: malioto@tatp.com<br>E-mail: laurenrussell@tatp.com<br>TRUMP, ALIOTO, TRUMP & PRESCOTT,<br>LLP<br><br>*Interim Lead Counsel for the Indirect<br>Purchaser Plaintiffs* | Guido Saveri<br>R. Alexander Saveri<br>Geoffrey C. Rushing<br>E-mail: guido@saveri.com<br>E-mail: rick@saveri.com<br>E-mail: grushing@saveri.com<br>SAVERI & SAVERI, INC.<br><br>*Interim Lead Counsel for the Direct Purchaser<br>Plaintiffs* |
| Philip J. Iovieno<br>Anne M. Nardacci<br>E-mail: piovieno@bsfllp.com<br>E-mail: anardacci@bsfllp.com<br>BOIES, SCHILLER & FLEXNER LLP<br><br>*Liaison Counsel for Direct Action Plaintiffs* | Emilio Varanini<br>E-mail: emilio.varanini@doj.ca.gov<br>OFFICE OF THE ATTORNEY GENERAL<br>OF CALIFORNIA<br><br>*Attorneys for the State of California* |
| *All defense counsel* ||

OBJECTIONS AND RESPONSES OF DEFENDANT KONINKLIJKE PHILIPS N.V. TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES

# **EXHIBIT 6**

BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile:  (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich  (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: | **OBJECTIONS AND RESPONSES OF DEFENDANT KONINKLIJKE PHILIPS N.V. TO DAPS' FIRST SET OF INTERROGATORIES** |
| *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656; | |
| *Siegel v. Hitachi, Ltd., et al*. No. 11-cv-05502; | |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | |
| *Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al*., No. 11-cv-05514; | |
| *Interbond Corporation of America v. Hitachi, et al*., No. 11-cv-06275; | |
| *Office Depot, Inc. v. Hitachi Ltd., et al.,* | |

No. 11-cv-06276;

*CompuCom Systems, Inc. v. Hitachi, Ltd.*, et al., No. 11-cv-06396;

*Costco Wholesale Corporation v. Hitachi*, Ltd., et al., No. 11-cv-06397;

*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*Schultze Agency Services, LLC, et al.* v. Hitachi, Ltd., et al., No. 12-cv-02649;

*Tech Data Corporation, et al. v. Hitachi, Ltd., et al.*, No.13-cv-00157;

*Dell Inc. and Dell Products L.P. v. Hitachi Ltd., et al.*, No.13-cv-02171;

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Best Buy Co., Inc., et al. v Technicolor SA, et al.*, No.13-cv-05264;

*Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Target Corp., v. Technicolor SA, et al.*, No.13-cv-05686;

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;

P.C. Richard & Son Long Island *Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Office Depot, Inc., v. Technicolor SA, et al.*, No. 13-cv-05726;

*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;

*Sharp Electronics Corp. et al. v. Koninklijke Philips Elecs., N.V., et al.*, No. 13-cv-2776.

PROPOUNDING PARTY:

Direct Action Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.; Alfred H. Siegel, solely as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; CompuCom Systems, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; Tech Data Corporation and Tech Data Product Management, Inc.; Dell Inc. and Dell Products L.P. ; Sharp Electronics Corporation; and Sharp Electronics Manufacturing Company of America, Inc.

RESPONDING PARTY:

Koninklijke Philips N.V.

SET NO.:

One

unqualified admission:

     (a) State the number of the request;

     (b) State all facts upon which you based your response;

     (c) Identify each person who has knowledge of those facts; and

     (d) Identify all documents that support your response

**RESPONSE TO INTERROGATORY NO. 9 - REQUEST FOR ADMISSION NO. 9**

In addition to KPNV's General Objections, which KPNV incorporates by reference, KPNV specifically objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is maintained by and equally available to DAPs or stated in publicly available documents.  KPNV also objects to this Interrogatory on the ground that it calls for a legal argument or legal conclusion.  KPNV further objects to the use of the terms "unqualified," "knowledge," and "support" because they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its foregoing objections, KPNV states that the document bearing bates numbers PHLP-CRT-144478-144585 is an incomplete document; therefore, the proposed document bearing bates numbers PHLP-CRT-144478-144585 is not an authentic copy of a business record of KPNV.

**INTERROGATORY NO. 10. - REQUEST FOR ADMISSION NO. 13**

If your response to any request for admission in Direct Action Plaintiffs' First Set of Requests for Admission to Philips Defendants served with these Interrogatories is not an unqualified admission:

     (a) State the number of the request;

     (b) State all facts upon which you based your response;

     (c) Identify each person who has knowledge of those facts; and

     (d) Identify all documents that support your response

**RESPONSE TO INTERROGATORY NO. 10 - REQUEST FOR ADMISSION NO. 13**

In addition to KPNV's General Objections, which KPNV incorporates by reference, KPNV specifically objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is maintained by and equally available to DAPs or stated in publicly available documents. KPNV also objects to this Interrogatory on the ground that it calls for a legal argument or legal conclusion. KPNV further objects to the use of the terms "unqualified," "knowledge," and "support" because they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its foregoing objections, KPNV states that from June 26, 2001 that KPNV and Philips GmbH owned 50% plus one share of LG.Philips Displays Holdings B.V. From the second quarter of 2004, KPNV owned 50% plus one share of LG.Philips Displays Holdings B.V.

**INTERROGATORY NO. 11. - REQUEST FOR ADMISSION NO. 14**

If your response to any request for admission in Direct Action Plaintiffs' First Set of Requests for Admission to Philips Defendants served with these Interrogatories is not an unqualified admission:

(a) State the number of the request;

(b) State all facts upon which you based your response;

(c) Identify each person who has knowledge of those facts; and

(d) Identify all documents that support your response

**RESPONSE TO INTERROGATORY NO. 11 - REQUEST FOR ADMISSION NO. 14**

In addition to KPNV's General Objections, which KPNV incorporates by reference, KPNV specifically objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is maintained by and equally available to DAPs or stated in publicly available documents. KPNV also objects to this Interrogatory on the ground that it calls for a legal

**RESPONSE TO INTERROGATORY NO. 15 - REQUEST FOR ADMISSION NO. 29**

In addition to KPNV's General Objections, which KPNV incorporates by reference, KPNV specifically objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is maintained by and equally available to DAPs or stated in publicly available documents.  KPNV also objects to this Interrogatory on the ground that it calls for a legal argument or legal conclusion.  KPNV further objects to the use of the terms "unqualified," "knowledge," and "support" because they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its foregoing objections, KPNV lacks sufficient knowledge to either admit or deny DAPs' Request for Admission No. 29 as the Request seeks information about another party.

**INTERROGATORY NO. 16. - REQUEST FOR ADMISSION NO. 30**

If your response to any request for admission in Direct Action Plaintiffs' First Set of Requests for Admission to Philips Defendants served with these Interrogatories is not an unqualified admission:

(a) State the number of the request;

(b) State all facts upon which you based your response;

(c) Identify each person who has knowledge of those facts; and

(d) Identify all documents that support your response

**RESPONSE TO INTERROGATORY NO. 16 - REQUEST FOR ADMISSION NO. 30**

In addition to KPNV's General Objections, which KPNV incorporates by reference, KPNV specifically objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is maintained by and equally available to DAPs or stated in publicly available documents.  KPNV also objects to this Interrogatory on the ground that it calls for a legal argument or legal conclusion.  KPNV further objects to the use of the terms "unqualified,"

"knowledge," and "support" because they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its foregoing objections, KPNV states that it never manufactured or sold any CRT Products.

**INTERROGATORY NO. 17. - REQUEST FOR ADMISSION NO. 31**

If your response to any request for admission in Direct Action Plaintiffs' First Set of Requests for Admission to Philips Defendants served with these Interrogatories is not an unqualified admission:

(a) State the number of the request;

(b) State all facts upon which you based your response;

(c) Identify each person who has knowledge of those facts; and

(d) Identify all documents that support your response

**RESPONSE TO INTERROGATORY NO. 17 - REQUEST FOR ADMISSION NO. 31**

In addition to KPNV's General Objections, which KPNV incorporates by reference, KPNV specifically objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is maintained by and equally available to DAPs or stated in publicly available documents. KPNV also objects to this Interrogatory on the ground that it calls for a legal argument or legal conclusion. KPNV further objects to the use of the terms "unqualified," "knowledge," and "support" because they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its foregoing objections, KPNV states that it never sold any CRT Products.

**INTERROGATORY NO. 18. - REQUEST FOR ADMISSION NO. 32**

If your response to any request for admission in Direct Action Plaintiffs' First Set of Requests for Admission to Philips Defendants served with these Interrogatories is not an unqualified admission:

1

2

3    Dated:  July 10, 2014                    BAKER BOTTS LLP

4

5                                            _____

6                                            Email: charles.malaise@bakerbotts.com
                                             BAKER BOTTS LLP
7                                            1299 Pennsylvania Avenue, N.W.
                                             Washington, D.C. 20004-2400
8                                            Telephone: (202) 639-1117
                                             Facsimile:  (202) 585-1037
9
                                             *Attorney for Koninklijke Philips N.V.*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KONINKLIJKE PHILIPS N.V. OBJECTIONS AND RESPONSES TO DIRECT ACTION PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1

## <u>VERIFICATION</u>

2     I, Jap Jongedijk, am Senior Legal Counsel with Philips International B.V., and I am

3  authorized to make this Verification on Koninklijke Philips N.V.'s behalf.  I have read the

4  attached Koninklijke Philips N.V.'s Supplementary Objections and Responses to DAPs' First Set

5  of Interrogatories and know its contents.  I am informed and believe that the matters and things

6
   stated therein are true, and upon that ground allege that the matters and things stated therein are
7
   true.
8

9     I hereby declare under penalty of perjury under the laws of the United States of America,

10  and pursuant to Title 28, U.S. Code, Judiciary and Judicial Procedure § 1746 "Unsworn

11  Declarations Under Penalty of Perjury," that the facts set forth in the document described above

12  are true and correct.

13     Executed on July 10, 2014 at Amsterdam, Netherlands.

14

15

16

17                                    _____

18                                    Jap Jongedijk
                                      Senior Legal Counsel
19                                    Philips International B.V.

20

21

22

23

24

25

26

27

28

KONINKLIJKE PHILIPS N.V. OBJECTIONS AND RESPONSES TO DIRECT ACTION PLAINTIFFS' FIRST SET OF
INTERROGATORIES

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a true and correct copy of the documents listed below to be served by e-mail transmission on July 10, 2014 to each of the persons set forth in the attached service list below.

  1. Koninklijke Philips N.V.'s Objections and Responses to Direct Action Plaintiffs'
    First Set of Interrogatories

Dated: July 10, 2014

            _____

            Charles M. Malaise

KONINKLIJKE PHILIPS N.V. OBJECTIONS AND RESPONSES TO DIRECT ACTION PLAINTIFFS' FIRST SET OF
INTERROGATORIES

1

2                  *In re: Cathode Ray Tube (CRT) Antitrust Litigation* **- MDL No. 1917**

3                             **SERVICE LIST**

| | |
|---|---|
| Mario N. Alioto<br>Lauren C. Capurro (Russell)<br>E-mail: malioto@tatp.com<br>E-mail: laurenrussell@tatp.com<br>TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP<br><br>*Interim Lead Counsel for the Indirect Purchaser Plaintiffs* | Guido Saveri<br>R. Alexander Saveri<br>Geoffrey C. Rushing<br>E-mail: guido@saveri.com<br>E-mail: rick@saveri.com<br>E-mail: grushing@saveri.com<br>SAVERI & SAVERI, INC.<br><br>*Interim Lead Counsel for the Direct Purchaser Plaintiffs* |
| Philip J. Iovieno<br>Anne M. Nardacci<br>E-mail: piovieno@bsfllp.com<br>E-mail: anardacci@bsfllp.com<br>BOIES, SCHILLER & FLEXNER LLP<br><br>*Liaison Counsel for Direct Action Plaintiffs* | Emilio Varanini<br>E-mail: emilio.varanini@doj.ca.gov<br>OFFICE OF THE ATTORNEY GENERAL OF CALIFORNIA<br><br>*Attorneys for the State of California* |
| *All defense counsel* ||

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

              MDL 1917

KONINKLIJKE PHILIPS N.V. OBJECTIONS AND RESPONSES TO DIRECT ACTION PLAINTIFFS' FIRST SET OF INTERROGATORIES