1    JEROME C. ROTH (State Bar No. 159483)
     jerome.roth@mto.com
2    HOJOON HWANG (State Bar No. 184950)
     hojoon.hwang@mto.com
3    MIRIAM KIM (State Bar No. 238230)
     miriam.kim@mto.com
4    MUNGER, TOLLES & OLSON LLP
     560 Mission Street
5    Twenty-Seventh Floor
     San Francisco, California 94105-2907
6    Telephone:    (415) 512-4000
     Facsimile:    (415) 512-4077
7
     WILLIAM D. TEMKO (State Bar No. 98858)
8    william.temko@mto.com
     MUNGER, TOLLES & OLSON LLP
9    355 South Grand Avenue
     Thirty-Fifth Floor
10   Los Angeles, CA 90071-1560
     Telephone:    (213) 683-9100
11   Facsimile:    (213) 687-3702

12   *Attorneys for Defendants LG Electronics, Inc.*
     *and LG Electronics U.S.A., Inc.*
13
     *Additional Moving Defendants and Counsel*
14   *Listed on Signature Pages*

15                  UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17                    SAN FRANCISCO DIVISION

18   | IN RE: CATHODE RAY TUBE (CRT) | Master File No. 3:07-md-05944-sc (N.D. Cal) |
     | ANTITRUST LITIGATION | MDL No. 1917 |
19
20   This Document Related to:

21   Individual Case No. 3:13-cv-2171 (SC),                 **DEFENDANTS' JOINT NOTICE OF**
     *Dell Inc.; Dell Products L.P., v. Philips*            **MOTION AND MOTION FOR PARTIAL**
     *Electronics North America Corporation et al.;*        **SUMMARY JUDGMENT AGAINST**
22                                                          **DELL AND SHARP PLAINTIFFS ON**
     Individual Case No. 3:13-cv-01173-SC,                  **STATUTE OF LIMITATIONS GROUNDS**
23   *Sharp Electronics Corp., et al. v. Hitachi, Ltd.,*    **AND MEMORANDUM OF POINTS AND**
     *et al.*                                               **AUTHORITIES IN SUPPORT THEREOF**
24                                                          **- Redacted**

25   Individual Case No. 3:13-cv-2776 SC,
     *Sharp Electronics Corp. et al. v. Koninklijke*        [Declaration of Claire Yan ISO Defendants'
26   *Philips Elecs., N.V. et al.*                          Joint Motion for Partial Summary Judgment
                                                            and [Proposed] Order filed concurrently
27                                                          herewith]

28
                                                            3:07-cv-05944-SC; MDL No. 1917

# TABLE OF CONTENTS

Page

I.     STATEMENT OF UNDISPUTED AND MATERIAL FACTS ......................................... 4

       A.     Dell's Claims and Fraudulent Concealment Allegations .......................................... 4

       B.     Sharp's Claims and Fraudulent Concealment Allegations ........................................ 5

■ ████████████████████████████████████

■ ████████████████████████████████████

■ ████████████████████████████████████

■ ████████████████████████████████████

■ ████████████████████████████████████

■ ████████████████████████████████████

■ ████████████████████████████████████

■ ████████████████████████████████████

II.    ARGUMENT ................................................................................................................ 17

       A.     Summary Judgment Standard ................................................................................... 17

       B.     The Doctrine Of Fraudulent Concealment Tolling Does Not Apply If
              Plaintiffs Had Actual Knowledge Of The Facts Giving Rise To The Claim
              Or Facts That Should Have Excited Their Suspicions ............................................. 18

       C.     Dell's Claims For Conduct Prior To November 2003 Are Time Barred
              Because Dell Had Actual Knowledge Of What It Characterized As A CRT
              Cartel And Ample Facts That Should Have Excited Its Suspicions ......................... 19

              1.     Dell Had Actual Knowledge Of What It Characterized As A CRT
                     Cartel Far Outside The Statute Of Limitations Period ................................. 19

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

# TABLE OF CONTENTS
(continued)

|  |  | Page |
|---|---|---|
| 2. | At A Minimum, Dell Had Sufficient Information To Excite Its Suspicions About Collusion Among CRT Suppliers Prior To The Statute Of Limitations Period | 20 |
| D. | Sharp's Claims For Conduct Prior To November 2003 Are Time Barred Because Sharp Knew Or Should Have Known About A CRT Conspiracy | 22 |
| III. | Conclusion | 23 |

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1

## TABLE OF AUTHORITIES

2
Page

3 FEDERAL CASES

4 *Advanced Micro Devices, Inc. v. Intel Corp.*,
    No. C-91-20541 JW, 1992 U.S. Dist. LEXIS 21529 (N.D. Cal. July 24, 1992).............. 19, 21
5

6 *Am. Pipe & Constr. Co. v. Utah*,
    414 U.S. 538 (1974) ............................................................................................................ 2

7
8 *Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) .......................................................................................................... 18

9 *Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) .......................................................................................................... 18
10

11 *Conmar Corp. vs. Mitsui & Co.*,
    858 F.2d 499, 502 (9th Cir. 1988) ................................................................................ 18, 19

12
13 *Dayco Corp. v. Goodyear Tire & Rubber Co.*,
    523 F.2d 389 (6th Cir.1975).............................................................................................. 19

14 *Falstaff Brewing Corp. v. Philip Morris Inc.*,
    C-77-2733 WWS, 1979 WL 1665 (N.D. Cal. May 10, 1979) ........................................ 17, 19
15

16 *GO Computer, Inc. v. Microsoft Corp.*,
    508 F.3d 170 (4th Cir. 2007)................................................................................... 19, 21, 22

17
18 *Hexcel Corp. v. Ineos Polymers, Inc.*,
    681 F.3d 1055 (9th Cir. 2012).......................................................................... 17, 18, 20, 22

19 *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) .......................................................................................................... 18
20

21 *Rutledge v. Boston Woven Hose & Rubber Co.*,
    576 F.2d 248 (9th Cir.1978)........................................................................................ 17, 18, 21

22 *Volk v. D.A. Davidson & Co.*,
    816 F.2d 1406 (9th Cir. 1987)..................................................................................... 18, 19, 21
23

24 STATE CASES

25 *Crago, Inc. v. Chunghwa Picture Tubes, Ltd., et al.*,
    No. 3:07-cv-05944-SC (N.D. Cal. Nov. 27, 2007) ........................................................... 2
26

27 *Nathan Muchnick, Inc. v. Chunghwa Picture Tubes Ltd. et al*,
    No. 3:07-cv-05981-SC (N.D. Cal. Nov. 27, 2007) ........................................................... 2

28

1

**TABLE OF AUTHORITIES**
(continued)

2
Page

3 FEDERAL STATUTES

4 15 U.S.C. § 1 (Sherman Act) .................................................................. 5

5 15 U.S.C. § 15b ....................................................................................... 18

6 15 U.S.C. § 16(i) ...................................................................................... 2

7 FEDERAL RULES

8 Fed. R. Civ. P. 56(a) ............................................................................... 17

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### NOTICE OF MOTION AND

### JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2015 at 10:00 a.m., or as soon as counsel may be heard thereafter, in Courtroom 1, 17th Floor, San Francisco, California before the Honorable Samuel Conti, the undersigned defendants will move the Court, pursuant to Rule 56 of the Federal Rule of Civil Procedure, for partial summary judgment.

For the reasons explained in the accompanying Memorandum of Points and Authorities, the undersigned defendants hereby move the Court to dismiss claims under the Sherman Act by Plaintiffs Dell Inc., Dell Products L.P. (collectively "Dell") and Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively "Sharp") relating to conduct occurring before November 27, 2003 because such claims are barred by the statute of limitations under 15 U.S.C. § 15b and established case law.

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Claire Yan ("Yan Decl."), and any materials attached thereto or otherwise found in the record, along with the argument of counsel and such other matters as the Court may consider.

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

## MEMORANDUM OF POINTS AND AUTHORITIES

### ISSUES PRESENTED

1.      Whether, where the record shows that Dell was aware of the facts underlying its claims as early as 1998, or at least was aware of facts that should have excited its suspicions, its claims under the Sherman Act relating to conduct occurring before November 27, 2003 are barred by the applicable four-year statute of limitations.

2.      Whether, where the record shows that Sharp was aware of the facts underlying its claims as early as 2002, or at least was aware of facts that should have excited its suspicions and failed to exercise any diligence in investigating those facts, its claims under the Sherman Act relating to conduct occurring before November 27, 2003 are barred by the applicable four-year statute of limitations.

### SUMMARY OF ARGUMENT

Dell and Sharp first filed their complaints in this action in February and March, 2013, respectively.  Dell and Sharp allege that Defendants were members of a "cartel" that engaged in a "conspiracy" to fix the prices of cathode ray tubes ("CRTs"), in part by exchanging competitively sensitive information.  Relying on the doctrine of fraudulent concealment, among other theories of tolling[1], Dell and Sharp seek damages as far back as 1996, asserting that they had neither actual nor constructive knowledge of their claims until November 27, 2007.[2]  However, the undisputed

---

[1] Dell and Sharp also assert that their claims were tolled due to government proceedings and the filing of direct purchaser class action complaints in November 2007.  For purposes of this motion, Defendants assume that the claims were tolled beginning on November 27, 2007 without conceding that Dell and Sharp can properly invoke tolling under *American Pipe* or on some other basis beginning on that date.  *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).  Any tolling based on government proceedings would not apply to any claims prior to November 2007.  *See* 15 U.S.C. § 16(i).  Plaintiffs allege that government investigations into the CRT industry only began around November 8, 2007  and the first indictment was not announced until February 2009.  Dell First Am. Compl. ¶¶ 8, 28, 162; Sharp Second Am. Compl. ¶¶ 9, 126, 134.

[2] Dell and Sharp contend that their claims under the federal antitrust laws were tolled by the filing of direct purchaser class action complaints. The earliest of these complaints were filed on November 27, 2007.  *See, e.g., Crago, Inc. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:07-cv-05944-SC (Dkt. No. 1) (N.D. Cal. Nov. 27, 2007); *Nathan Muchnick, Inc. v. Chunghwa Picture Tubes Ltd. et al*, No. 3:07-cv-05981-SC (Dkt. No. 1) (N.D. Cal. Nov. 27, 2007).

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1   record shows that over a decade ago, well outside the four year statute of limitations period of the

2   Sherman Act and the Clayton Act, Dell and Sharp both knew of, or strongly suspected, that

3   Defendants were engaged in the exact same conduct that Dell and Sharp now offer as evidence

4   that Defendants violated the Sherman Act.  Allegations of fraudulent concealment, even if

5   meritorious, cannot continue to toll the statute of limitations once the plaintiff has actual or

6   constructive knowledge of facts giving rise to its claim (especially where the plaintiff has

7   knowledge of the very facts it now specifically identifies as support for its claim).  As a result,

8   Dell's and Sharp's claims relating to conduct occurring before November 27, 2003, i.e., four years

9   before the direct purchaser class action complaints were filed, are time-barred, and neither can

10  recover any damages that accrued prior to that date.

11        The undisputed evidence shows that throughout the time period from 1998 to 2003 Dell

12  was fully aware of facts that, at a minimum, should have excited its suspicions and led it to

13  discover the causes of action that it now alleges. ████████████████████████████████

14  ████████████████████████████████████████████████

15  ██████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████

18  ██████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████

20        ████████████████████████████████████████████

21  ██████████████████████████████████████████████████████████

22  ██████████████████████████████████████████  Dell's allegation

23  that it did not and could have not discovered the facts underlying the alleged conspiracy until

24  November 2007 is wholly unsupported by any evidence or reasonable inference from the

25  undisputed record.  As such, Dell's damages that accrued before November 27, 2003 are barred by

26  the statute of limitations and Dell is barred from seeking such damages as a matter of law.

27        Likewise, Sharp was aware over a decade ago of some of the very facts and types of

28  documents that it now uses to support its Sherman Act claims. ████████████████████

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1  █████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████

3  █████████████████████████████████████████████████████████

4  █████████████████████████████████████████████████████████

5  ███████████████████████████████████████████████

6  ████████████████████████████████████████████████

7  █████████████████████████████████████████████████████████

8  ██████████████████████████████████   As such, Sharp's damages that accrued before

9  November 27, 2003 are time-barred and Sharp is barred from seeking such damages as a matter of

10  law.

11  **I.      STATEMENT OF UNDISPUTED AND MATERIAL FACTS**

12          **A.      Dell's Claims and Fraudulent Concealment Allegations**

13          Dell filed its complaint in this case on February 17, 2013.  *See* Dell Complaint, Case No.

14  13-cv-2171-SC, Dkt. No. 1 (Feb. 17, 2013).  It asserts claims for directly purchased CRT products

15  under Section 1 of the Sherman Act and the Clayton Act.  *See* Dell First Amended Complaint

16  ("Dell First Am. Compl."), Dkt. No. 1726 (June 10, 2013) ¶¶ 10, 197-198, 219-227.  Dell alleges

17  the existence of a "price-fixing conspiracy from as early as March 1, 1995, thorough at least

18  November 25, 2007" whose purpose "was to fix, raise, stabilize, and maintain prices for cathode

19  ray tubes ('CRTs') and thereby artificially inflate the prices of products that contained CRTs."  *Id.*

20  ¶ 1.  Dell alleges that its claims are "tolled by the filing of various class action lawsuits shortly

21  after the conspiracy was made public in November 2007."  *Id.* ¶ 218.

22          Dell alleges that any applicable statute of limitations was tolled "[a]s a result of

23  Defendants' and their co-conspirators' fraudulent concealment of their conspiracy."  *Id.* ¶ 217.

24  Specifically, Dell alleges that it had "neither actual nor constructive knowledge of the facts

25  constituting its claim for relief before November 2007."  *Id.* ¶ 199.  Dell alleges that it "did not

26  discover, and could not have discovered through the exercise of reasonable diligence, the

27  existence of the conspiracy alleged herein until November 2007, when the government

28  investigations described [in the complaint] became public."  *Id.*  Finally, Dell alleges that

1    "Defendants and their co-conspirators engaged in a secret conspiracy that did not give rise to facts

2    that would put Dell on inquiry notice that there was a conspiracy to fix prices for CRTs." *Id.*

3    **B.    Sharp's Claims and Fraudulent Concealment Allegations**

4            Sharp filed its complaint in this case on March 15, 2013, which named most of the current

5    defendants. *See* Sharp Complaint, Case No. 13-cv-1173-EDL, Dkt. No. 1.[3]  Sharp asserts claims

6    for directly purchased CRT products under Section 1 of the Sherman Act and the Clayton Act.[4]

7    Sharp Second Am. Compl. ("Sharp MDL Compl.") ¶¶ 11-12; Sharp Philips Compl. ¶ 11, 12.  In

8    the first paragraph of Sharp's complaint, Sharp states that "Sharp brings this action to recover

9    damages on account of the antitrust injuries it incurred as a result of a long-running conspiracy by

10   suppliers of cathode ray tubes ('CRTs') to coordinate and fix the prices of CRTs and exchange

11   detailed competitive information." Sharp MDL Compl. ¶ 1; *see also* Sharp Philips Compl. ¶ 1

12   (same).  Sharp alleges that the conspiracy "extend[ed] at a minimum from at least March 1, 1995,

13   through at least December 2007."  Sharp MDL Compl. ¶ 2; Sharp Philips Compl. ¶ 2 (same).

14   Sharp alleges that its claims were "tolled by the filing of various class action lawsuits shortly after

15   the conspiracy was made public in November 2007."  Sharp MDL Compl. ¶ 247; Sharp Philips

16   Compl. ¶ 234.

17           Sharp alleges that "[a]s a result of Defendants' fraudulent concealment of their conspiracy,

18   the running of any statute of limitations has been tolled with respect to any claims that Plaintiffs

19   have as a result of the anticompetitive conduct" alleged in the complaint.   Sharp MDL Compl. ¶

20   246; Sharp Philips Compl. ¶ 247.  Specifically, Sharp alleges that it had "neither actual nor

21   constructive knowledge of the facts constituting [its] claim for relief before November 2007."

22   Sharp MDL Compl. ¶ 230; *see also* Sharp Philips Compl. ¶ 236.  Sharp further alleges that it "did

23   not discover, and could not have discovered through the exercise of reasonable diligence, the

24   ─────────────────────

25   3 In addition to this initial complaint, Sharp filed a second complaint that included various Philips
     defendants and Orion Engineering & Services. *See* Case No. 13-cv-2776-MEJ, Dkt. No. 1 (the
     "Sharp Philips Compl.").

26   4 On October 14, 2014, Sharp informed Defendants that it does not intend to pursue and was

27   withdrawing the claims for indirectly purchased CRT products as well as state claims alleged in its
     Second Amended Complaint.  *See* Benson Letter, dated October 14, 2014 re: Withdrawal of

28   Claims Relating to Finished Product Purchases.

existence of the conspiracy alleged herein until November 2007, when the government

investigations described [in the complaint] became public." Sharp MDL Compl. ¶ 230; *cf.* Sharp

Philips Compl. ¶ 239.  Finally, Sharp alleges that "Defendants and their co-conspirators engaged

in a secret conspiracy that did not give rise to facts that would put Plaintiffs on inquiry notice that

there was a conspiracy to fix prices of CRTs."  Sharp MDL Compl. ¶ 230; Sharp Philips Compl. ¶

236.



DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



3:07-cv-05944-SC; MDL No. 1917

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



3:07-cv-05944-SC; MDL No. 1917

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15 **II.**  **ARGUMENT**

16     **A.**  **Summary Judgment Standard**

17         For fraudulent concealment to toll the statute of limitations, the record must establish a

18 "lack of actual knowledge by the injured party of the operative facts which are the basis of the

cause of action" and the "inability of the injured party to discover those facts through the exercise

19 of due diligence." *Falstaff Brewing Corp. v. Philip Morris Inc.*, C-77-2733 WWS, 1979 WL

20 1665, at *1 (N.D. Cal. May 10, 1979); *see also Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d

21 1055, 1060 (9th Cir. 2012); *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 249

22 (9th Cir.1978).  The burden is on the plaintiff to establish his lack of knowledge.  *Hexcel*, 681

23 F.3d at 1060.

24         "Where the issue is raised on motion for summary judgment, plaintiff must produce facts

25 sufficient to raise a genuine issue concerning his lack of knowledge or exercise of diligence to

26 defeat the motion." *Falstaff,* 1979 WL 1665, at *1.  Summary judgment must be granted if "there

27 is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of

28

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1   law." Fed. R. Civ. P. 56(a). Where the non-moving party bears the burden of proof, the moving

2   party need only show that the non-moving party lacks evidence sufficient to create an issue of

3   material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Thus, Dell and Sharp must "do

4   more than simply show that there is some metaphysical doubt as to the material facts" to defeat

5   summary judgment.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586

6   (1986). "The mere existence of a scintilla of evidence…[is] insufficient; there must be evidence on

7   which the jury could reasonably find for [Dell or Sharp]."  *Anderson v. Liberty Lobby, Inc.*, 477

8   U.S. 242, 252 (1986).

9          **B.    The Doctrine Of Fraudulent Concealment Tolling Does Not Apply If Plaintiffs
              Had Actual Knowledge Of The Facts Giving Rise To The Claim Or Facts That
10             Should Have Excited Their Suspicions**

11         The Sherman Act and Clayton Act provide for a four-year statute of limitations.  15 U.S.C.

12  § 15b.  Thus, actions must be commenced within four years from the date when the causes of

13  action accrue.  *Hexcel*, 681 F.3d at 1059.  Dell filed its complaint on February 17, 2013 and Sharp

14  filed its complaint on March 15, 2013.  Both Dell and Sharp allege that their claims are tolled by

15  the filing of various class action law suits shortly after government investigations were made

16  public in November 2007.  Dell First Am. Compl. ¶ 218; Sharp Second Am. Compl. ¶ 247.

17  Assuming that their claims were tolled beginning on November 27, 2007, Dell and Sharp are

18  limited only to damages arising after November 27, 2003, unless each can prove that its claims

19  relating to conduct prior to November 2003 were tolled by Defendants' alleged fraudulent

20  concealment.  *See supra* Sections I.A, I.B.

21         "If a defendant proves that the plaintiff had actual or constructive knowledge of the facts

22  giving rise to the claim, the doctrine of fraudulent concealment does not apply."  *Hexcel Corp.*,

23  681 F.3d at 1060.   Dell and Sharp have the burden of proving that they "had neither actual nor

24  constructive knowledge of the facts constituting [their] claim for relief."  *Rutledge,* 576 F.2d at

25  249-50; *see also Volk v. D.A. Davidson  & Co.*, 816 F.2d 1406, 1415 (9th Cir. 1987).  In this case,

26  it is plain that Dell and Sharp cannot meet their burden to establish tolling under a theory of

27  fraudulent concealment.

28

1    "Any fact that should excite [Dell's and Sharp's] suspicion is the same as actual

2  knowledge of [their] entire claim." *Conmar Corp. vs. Mitsui & Co.*, 858 F.2d 499, 502 (9th Cir.

3  1988) (quoting *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir.1975)).

4  It is enough if Dell or Sharp should have been alerted to facts that, following duly diligent inquiry,

5  could have advised it of its claim. *Conmar*, 858 F.2d at 502.  There is no requirement that a

6  plaintiff be aware of all the facts that would establish its claim.  *See Advanced Micro Devices, Inc.*

7  *v. Intel Corp.*, No. C-91-20541 JW, 1992 U.S. Dist. LEXIS 21529, at *5-6 (N.D. Cal. July 24,

8  1992); *GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 178 (4th Cir. 2007) ("Full knowledge

9  often awaits discovery, and the very notion of 'inquiry notice' implies something less than that");

10  *Falstaff,* 1979 WL 1665, at *2 ("Plaintiff need not have knowledge of the full extent of the

11  defendant's actions nor must he have knowledge of all the evidentiary details before tolling

12  ceases.").

13       In this case, summary judgment is appropriate because uncontroverted evidence shows that

14  Dell and Sharp "discovered or should have discovered [their] cause of action but failed to file a

15  timely complaint."  *Advanced Micro Devices*, 1992 U.S. Dist. LEXIS 21529, at *2; *Volk,* 816 F.2d

16  at 1417.

17     **C.    Dell's Claims For Conduct Prior To November 2003 Are Time Barred
                Because Dell Had Actual Knowledge Of What It Characterized As A CRT
18              Cartel And Ample Facts That Should Have Excited Its Suspicions**

19          **1.    Dell Had Actual Knowledge Of What It Characterized As A CRT
                     Cartel Far Outside The Statute Of Limitations Period**



DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20        **2.**      **At A Minimum, Dell Had Sufficient Information To Excite Its**

**Suspicions About Collusion Among CRT Suppliers Prior To The**

21                **Statute Of Limitations Period**

22        Dell will likely now try to present conclusory and self-serving denials that its employees

23 had any knowledge or suspicion of collusion or conspiracy; however, no jury could reasonably

24 conclude as such on the basis of the evidence. *See Hexcel Corp.*, 681 F.3d at 1063 ("Conclusory,

25 self-serving affidavits, lacking detailed facts and any supporting evidence, are insufficient to

26 create a genuine issue of material fact.") (internal quotation marks omitted). Moreover, even if the

27 record left any triable issue as to Dell's *actual* knowledge, and it does not, at a minimum, ▮

28

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1  ████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████

3            Courts have granted summary judgment where the record shows sufficient facts to have

4  put the plaintiff on "inquiry notice" of its claims.  *See, e.g., Rutledge*, 576 F.2d at 250; *Volk*, 816

5  F.2d at 1416 (finding constructive knowledge where plaintiffs received corporate annual report

6  containing facts underlying their claims); *GO Computer, Inc.*, 508 F.3d at 178-179 (finding

7  inquiry notice where a number of red flags amounted to a profusion of information sufficient to

8  spur a reasonably diligent person to investigate an antitrust claim).  For example, in *Advanced*

9  *Micro Devices*, the court granted partial summary judgment on the plaintiff's claims alleging

10  monopolistic conduct by the defendant.  1992 U.S. Dist. LEXIS 21529, at *1.  The court

11  concluded that the plaintiff failed to establish tolling under a theory of fraudulent concealment

12  because the plaintiff "did not produce facts sufficient to raise a genuine issue concerning its

13  knowledge of [the] alleged antitrust claims."  *Id.* at *2.  The court made this finding based on

14  plaintiff's documents dating outside the statute of limitations period, including an internal

15  memorandum and a product planning report.  *Id.* at *3.  In these documents, the plaintiff "note[d]

16  its concern regarding [the defendant's] conduct and attempts to attain market dominance and

17  exclude [plaintiff]."  *Id.*  The court held that plaintiff's statements about defendant's intention to

18  preclude plaintiff from the market "demonstrate[s] an awareness sufficient to excite inquiry into

19  potential antitrust claims."  *Id.*  Other statements indicated that prior to the limitations period,

20  plaintiff was "suspicious" of defendant's conduct.  Based on this evidence, the court held that

21  plaintiff was on "inquiry notice" of the potential antitrust claims prior to the running of the

22  limitations period.  *Id.*

23            What puts Dell "so plainly on inquiry notice is the multiplicity and specificity of the

24  information" it had.  *See GO Computer Inc.*, 508 F.3d at 179.  ██████████████████████

25  ████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████

1 ███████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████

3 ███████████████████████████████████ Further, Dell is a sophisticated

4 actor with extensive experience and knowledge of detecting potential cartel-like behavior or

5 conspiracies. All in all, "there were enough red flags" to put Dell on notice of its claims. *See*

6 *Hexcel Corp.*, 681 F.3d at 1063; *GO Computer, Inc.*, 508 F.3d at 172. Faced with the record, a

7 jury can only reasonably conclude that throughout the period from 1998 to 2003, Dell was aware

8 of plenty of information to "excite" its suspicions of alleged collusion among CRT suppliers – the

9 same allegations of collusion it now raises as the basis of its claims.

10 Despite all of the above, Dell failed to take action as to its claims. Dell could have but did

11 not approach the Department of Justice as to its suspicions of collusion by among CRT

12 manufacturers. Dell could have but did not file a timely lawsuit based on its knowledge and

13 suspicion that its business was being affected by the price increases caused by what it

14 characterized as the CRT cartel. ██████████████████████████████████

15 ████████████████████████████████████████████████████████████

16 ██████████████████████████████████████████████████████

17 ████████████████████████████████████████████ Having had

18 actual knowledge—or at least ample facts to excite its suspicions—of the alleged collusive

19 activities, and having done nothing after these claims accrued for five years prior to the filing of

20 the first direct purchaser class action lawsuits in November 2007, Dell cannot and should not now

21 be allowed to use the doctrine of fraudulent concealment to stretch the limitations period.

22      **D.      Sharp's Claims For Conduct Prior To November 2003 Are Time Barred
               Because Sharp Knew Or Should Have Known About A CRT Conspiracy**
23

24 Sharp's claims for conduct before November 27, 2007 are also barred by the statute of

25 limitations, as Sharp had knowledge in 2002 of the very conduct that it now alleges in this

26 litigation is a violation of the Sherman Act.

27 In its complaints, Sharp alleges a "conspiracy by suppliers of cathode ray tubes" That it

28 could not have discovered until November 2007. ████████████████████████



14  Sharp's knowledge of the alleged "conspiracy" thus

15  predates November 27, 2003, and its claims based on conduct before that date are barred by the

16  statute of limitations.

17  **III.    Conclusion**

18      For the foregoing reasons, Defendants respectfully request that the Court enter partial

19  summary judgment in their favor as to Dell's and Sharp's claims under the Sherman Act relating

20  to conduct before November 2003, as barred by the applicable statute of limitations.

22  Respectfully submitted:  November 7, 2014

23                                  By: /s/ *Hojoon Hwang*
                                    MUNGER, TOLLES & OLSON LLP
24                                  Hojoon Hwang, Cal. Bar. No. 184950
                                    William D. Temko, Cal. Bar. No. 98858
25                                  560 Mission Street
                                    Twenty-Seventh Floor
26                                  San Francisco, California 94105-2907
                                    Telephone:    (415) 512-4000
27                                  Facsimile: (415) 512-4077
                                    E-mail:    Hojoon.Hwang@mto.com
28

1    William.Temko@mto.com

2    *Attorneys For Defendants LG Electronics, Inc. and*
     *LG Electronics U.S.A., Inc.*
3

4    By:   */s/ Michael W. Scarborough*
     SHEPPARD MULLIN RICHTER & HAMPTON
5    LLP
     Gary L. Halling, Cal. Bar No. 66087
6    James L. McGinnis, Cal. Bar No. 95788
     Michael W. Scarborough, Cal. Bar No. 203524
7    Four Embarcadero Center, 17th Floor
     San Francisco, CA  94111-4109
8    Telephone:     (415) 434-9100
     Facsimile:     (415) 434-3947
9    E-mail:        ghalling@sheppardmullin.com
                    jmcginnis@sheppardmullin.com
10                  mscarborough@sheppardmullin.com

11   *Attorneys for Defendants Samsung SDI America,*
     *Inc.; Samsung SDI Co., Ltd.; Samsung SDI*
12   *(Malaysia) SDN. BHD.; Samsung SDI Mexico S.A.*
     *DE C.V.; Samsung SDI Brasil Ltda.; Shenzen*
13   *Samsung SDI Co., Ltd. and Tianjin Samsung SDI*
     *Co., Ltd.*
14

15   By: */s/ David L. Yohai*
     WEIL, GOTSHAL & MANGES LLP
16   David L. Yohai (*pro hac vice*)
     Adam C. Hemlock (*pro hac vice*)
17   David E. Yolkut (*pro hac vice*)
     767 Fifth Avenue
18   New York, NY 10153-0119
     Telephone:     (212) 310-8000
19   Facsimile:     (212) 310-8007
     Email: david.yohai@weil.com
20            adam.hemlock@weil.com
              david.yolkut@weil.com
21

22

23   WINSTON & STRAWN LLP
     Jeffrey L. Kessler (*pro hac vice*)
24   Eva W. Cole (*pro hac vice*)
     Molly M. Donovan (*pro hac vice*)
25   200 Park Avenue
     New York, NY 10166
26   Telephone:     (212) 294-6700
     Facsimile:     (212) 294-7400
27   Email: jkessler@winston.com
              ewcole@winston.com
28            mmdonovan@winston.com

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1

2     *Attorneys for Defendants Panasonic Corporation of
      North America, MT Picture Display Co., Ltd., and*
3     *Panasonic Corporation (f/k/a Matsushita Electric
      Industrial Co., Ltd.)*

4

5     By: */s/ John M. Taladay*
      BAKER BOTTS LLP
6     John M. Taladay (*pro hac vice*)
      Joseph Ostoyich (*pro hac vice*)
7     Erik T. Koons (*pro hac vice*)
      Charles M. Malaise (*pro hac vice*)
8     1299 Pennsylvania Ave., N.W.
      Washington, DC 20004-2400
9     Telephone:     (202) 639-7700
      Facsimile:      (202) 639-7890
10    Email: john.taladay@bakerbotts.com
              joseph.ostoyich@bakerbotts.com
11            erik.koons@bakerbotts.com
              charles.malaise@bakerbotts.com
12

13
      Jon V. Swenson (SBN 233054)
14    BAKER BOTTS LLP
      1001 Page Mill Road
15    Building One, Suite 200
      Palo Alto, CA 94304
16    Telephone:     (650) 739-7500
      Facsimile:      (650) 739-7699
17    Email: jon.swenson@bakerbotts.com

18
      *Attorneys for Defendants Koninklijke Philips N.V.*
19    *and Philips Electronics North America Corporation*

20
      By: */s/ Kathy L. Osborn*
21    FAEGRE BAKER DANIELS LLP
      Kathy L. Osborn (pro hac vice)
22    Ryan M. Hurley (pro hac vice)
      300 N. Meridian Street, Suite 2700
23    Indianapolis, IN 46204
      Telephone: (317) 237-0300
24    Facsimile: (317) 237-1000
      kathy.osborn@FaegreBD.com
25    ryan.hurley@FaegreBD.com

26
      Calvin L. Litsey (SBN 289659)
27    FAEGRE BAKER DANIELS LLP
      1950 University Avenue, Suite 450
28

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1     East Palo Alto, CA 94303-2279
      Telephone: (650) 324-6700
2     Facsimile: (650) 324-6701
      calvin.litsey@FaegreBD.com
3

4     *Attorneys for Defendants Thomson SA and Thomson*
      *Consumer Electronics, Inc.*
5

6     *The following Defendant(s) join only as to the portions of the motion relating to the Dell*
      *Plaintiffs:*
7                         By: /s/ Terrence J. Truax
      JENNER&BLOCK LLP
8     Terrence J. Truax (pro hac vice)
      Michael T. Brody (pro hac vice)
9     353 North Clark Street
      Chicago, Illinois 60654-3456
10    Telephone: (312) 222-9350
      Facsimile: (312) 527-0484
11    ttruax@jenner.com
      mbrody@jenner.com
12

13    Brent Caslin (Cal. Bar. No. 198682)
      JENNER&BLOCK LLP
14    633 West Fifth Street, Suite 3600
      Los Angeles, California 90071
15    Telephone: (213) 239-5100
      Facsimile: (213) 239-5199
16    bcaslin@jenner.com

17

18    *Attorneys for Defendants Mitsubishi Electric*
      *Corporation, Mitsubishi Electric US, Inc. and,*
19    *Mitsubishi Electric Visual Solutions America, Inc.*

20    *The following Defendant(s) join only as to the portions of the motion relating to the Sharp*
      *Plaintiffs:*
21                        By: /s/ Lucius B. Lau
      WHITE & CASE LLP
22    Christopher M. Curran (pro hac vice)
      Lucius B. Lau (pro hac vice)
23    Dana E. Foster (pro hac vice)
      701 Thirteenth Street, N.W.
24    Washington, D.C. 20005
      Telephone:    (202) 626-3600
25    Facsimile:    (202) 639-9355
      Email: ccurran@whitecase.com
26            alau@whitecase.com
              defoster@whitecase.com
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*