# Exhibit C

Exhibit C

Ronald C. Redcay (SBN 67236)
E-Mail: Ronald.Redcay@aporter.com
John D. Lombardo (SBN 187142)
E-Mail: John.Lombardo@aporter.com
D. Eric Shapland (SBN 193853)
E-Mail: Eric.Shapland@aporter.com
Eric D. Mason (SBN 259233)
E-Mail: Eric.Mason@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Beth H. Parker (SBN 104773)
E-Mail: Beth.Parker@aporter.com
ARNOLD & PORTER LLP
One Embarcadero Center
Twenty-Second Floor
San Francisco, California 94111-3711
Telephone: 415.356.3000
Facsimile: 415.356.3099

Samuel R. Miller (SBN 66871)
E-Mail: srmiller@sidley.com
Marie L. Fiala (SBN 79676)
E-Mail: mfiala@sidley.com
Ryan M. Sandrock (SBN 251781)
E-Mail: rsandrock@sidley.com
Robert B. Martin, III (SBN 235489)
E-Mail: rbmartin@sidley.com
SIDLEY AUSTIN LLP
555 California Street, 20th Floor
San Francisco, California 94104
Telephone:  (415) 772-1200
Facsimile:   (415) 772-7400

Attorneys for Defendant LG Electronics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Direct Purchaser Plaintiff Actions | Case No.: 3:11-cv-01656 SC<br><br>Lead Case: 3:07-cv-05944 SC<br>MDL No. 1917<br><br>**SUPPLEMENTAL RESPONSE BY DEFENDANT LG ELECTRONICS, INC. TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES, NOS. 4 AND 5** |

CONFIDENTIAL -- Subject to Protective Order
U.S.D.C. (N.D. Cal.) No. 07-cv-5944-SC), MDL 1917
In re Cathode Ray Tube (CRT) Antitrust Litigation

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant LG Electronics, Inc. ("LGEI"), by and through its counsel of record, hereby provides the following supplemental responses to Interrogatory Nos. 4 and 5 of the First Set of Interrogatories propounded by the Direct Purchaser Plaintiffs ("DP Plaintiffs"):

## PRELIMINARY STATEMENT

LGEI reserves the right to assert additional objections or to modify or supplement its supplemental responses herein in light of subsequently discovered information or documents. LGEI further reserves the right to rely on subsequently discovered information or documents, as well as information omitted as a result of mistake or inadvertence.

LGEI's decision to supplement its responses to Interrogatory Nos. 4 and 5 should not be construed as: (a) an admission that the information requested is relevant; (b) a waiver of the general objections asserted in response to each and every interrogatory, or the objections asserted in response to specific interrogatories; or (c) an agreement that requests for similar information will be treated in a similar manner. LGEI's supplemental responses are made expressly subject to, and without in any way waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the information or documents referred to or produced or of the responses given herein, or of the subject matter thereof, in any proceeding (including the trial of this action or any subsequent proceeding). These supplemental responses are made subject to LGEI's right to object to any discovery proceeding involving or relating to the subject matter of the interrogatories responded to herein. These supplemental responses to Interrogatory Nos. 4 and 5 are provided solely for purposes of this action.

In addition to specific objections that LGEI states in response to Interrogatory Nos. 4 and 5, LGE incorporates into its supplemental responses the Preliminary Objections that it stated, together with LG Electronics USA, Inc. and LG Electronics Taiwan Taipei Co., Ltd. (collectively the "LGE Defendants"), in the May 12, 2010 Response by LGE Defendants to Direct Purchaser Plaintiffs' First Set of Interrogatories. LGEI's supplemental responses to Interrogatory Nos. 4 and 5 are made subject to and without waiving any of those Preliminary Objections. Accordingly, the inclusion of any specific objection in a response to a supplemental interrogatory response is neither intended as,

CONFIDENTIAL -- Subject to Protective Order
U.S.D.C. (N.D. Cal.) No. 07-cv-5944-SC), MDL 1917
In re Cathode Ray Tube (CRT) Antitrust Litigation

1  nor shall in any way be deemed, a waiver of any Preliminary Objection or of any other specific
2  objection made herein or that may be asserted at a later date.
3      LGEI designates these supplemental responses as "Confidential" in accordance with the
4  provisions of the Stipulated Protective Order, entered by the Court on June 18, 2008, (Dkt. No. 306)
5  (the "Protective Order").

6  **SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

7  **Interrogatory No. 4:**

8      Identify each actual or proposed agreement between You and any producer of CRT and/or
9  CRT Products, including the named defendants in this coordinated proceeding, relating to prices,
10 pricing, production or inventory levels of CRT and/or CRT Products during the relevant time
11 period. Agreements shall include drafts. For every such actual or pro[po]sed agreement state:
12     (a)    the identity of the participants and all persons with knowledge thereof;
13     (b)    when such agreement was entered into;
14     (c)    where such agreement was entered into;
15     (d)    the terms of such agreement; and
16     (e)    when, how and which of your officers, directors or employees discovered the
17         existence of such agreement.

18 **Response to Interrogatory No. 4:**

19     The LGE Defendants incorporate by reference the Preliminary Objections set forth above.
20 The LGE Defendants further object to this interrogatory to the extent that it seeks information about
21 pricing for CRTs and/or CRT Products sold outside of the United States on the ground that it is
22 unduly burdensome and seeks information that is irrelevant and unlikely to lead to the discovery of
23 information relevant to this action, which Plaintiffs describe as a class action of those who "directly
24 purchased a CRT Product in the United States from any defendant . . . ," Direct Purchaser Plaintiffs'
25 Consolidated Amended Complaint of March 16, 2009 at ¶ 85. The LGE Defendants object to this
26 interrogatory as vague, overly broad and unduly burdensome to the extent that it could be construed
27 to seek information about vertical agreements for the purchase and sale of CRTs or CRT Products
28 in the ordinary course of business, and on that basis, the LGE Defendants will construe the word

- 3 -

CONFIDENTIAL -- Subject to Protective Order
U.S.D.C. (N.D. Cal.) No. 07-cv-5944-SC), MDL 1917
In re Cathode Ray Tube (CRT) Antitrust Litigation

"agreement" only to refer to an "agreement between competitors." The LGE Defendants also object to this interrogatory to the extent that it seeks discovery of information protected by the work product doctrine, the attorney-client communication privilege, joint defense privilege, the common interest doctrine, or other relevant privilege, protection, or limitation. Additionally, the LGE Defendants object that this interrogatory is compound and constitutes multiple interrogatories.

Subject to and without waiving the aforesaid objections, LGEI responds as follows: Effective July 2001, LGEI spun off its CRT manufacturing and sales operations, which became part of a newly-formed, separate entity initially known as LG.Philips Display Holding B.V. and subsequently known as LP Displays International, Ltd. (referred to as "LPD"). This spin-off involved a transfer to LPD of all assets and liabilities, all employees, all records, and all operations relating to CRT manufacturing and sales. Accordingly, LGEI is no longer in possession of the business records of its prior CRT manufacturing and sales operations; it no longer employs the people who ran those operations. Based on a reasonable investigation into the limited information currently in its possession, custody or control, LGEI responds that its prior CRT manufacturing and sales operations did not sell CRTs to the United States. LGEI is unaware of any actual or proposed agreement between LGEI and a former CRT competitor involving the prices, pricing, production or inventory levels of CRTs sold to the United States between January 1, 1995 and November 25, 2007.

LGEI further responds that it is unaware of any actual or proposed agreement between LGEI and a competitor CRT or CRT-Product producer involving prices, pricing, production or inventory levels of CRT Products that LGEI sold to the United States between January 1, 1995 and November 25, 2007.

Subject to and without waiving the aforesaid objections, LGEUSA responds as follows: LGEUSA is currently unaware of any actual or proposed agreement between LGEUSA and a competitor CRT or CRT-Product producer involving prices, pricing, production or inventory levels of CRTs and/or CRT Products that LGEUSA sold in the United States between January 1, 1995 and November 25, 2007.

CONFIDENTIAL -- Subject to Protective Order
U.S.D.C. (N.D. Cal.) No. 07-cv-5944-SC), MDL 1917
In re Cathode Ray Tube (CRT) Antitrust Litigation

1. LGETT further objects that this interrogatory is overly broad and unduly burdensome as applied to it. Subject to and without waiving the aforesaid objections, LGETT responds as follows: LGETT was incorporated in November 2001. From that time forward, LGETT has been a distributor of CRT Products in Taiwan, not a CRT or CRT-Products manufacturer, and not a distributor of CRT Products to the United States.

**Supplemental Response to Interrogatory No. 4:**

Without waiving its objection to discovery into and the relevance of matters not directed to sales to U.S. customers, LGEI further responds to disclose various activities its international CRT operations: Prior to the formation of its July 2001 joint venture LPD, LGEI had CRT manufacturing operations in Korea, China, India, Indonesia, and the United Kingdom. At all relevant times, LGEI also had CRT TV and monitor manufacturing operations at several locations outside the United States.

LGEI's CRT TV and monitor businesses entered into numerous agreements with CRT manufacturers in their capacity as customers for the purchase of CRTs, both color picture tubes ("CPT") for TVs and color display tubes ("CDT") for monitors. LGEI's CRT TV and monitor manufacturing operations were independent profit centers: They independently negotiated prices for the component parts they needed, including CRTs. Before LGEI exited the CRT business in 2001, LGEI's CRT TV and monitor divisions and subsidiaries did not rely solely on LGEI's CRT manufacturing operations for their supply of CRTs; they also purchased CRTs from third-party CRT manufacturers such as Chunghwa, Samsung SDI, and Orion. After LGEI exited the CRT business in 2001, its CRT TV and monitor manufacturer operations purchased CRTs from LPD, as well as from other CRT manufacturers. All of those transactions included an agreement between LGEI and a CRT producer regarding the price that LGEI would pay that CRT producer for a number of CRTs. LGEI has produced the data that it has been able to find after a reasonable search regarding the date, products, units, and price for each of these transactions. Those data are found in documents produced with the following document control numbers: LGE Highly Confidential 7, LGE00060300, and LGE00060301. LGEI also agreed to give priority to LPD for 80 percent of LGEI's tube purchases as long as LPD offered an equal or better price than that offered by other

CONFIDENTIAL -- Subject to Protective Order
U.S.D.C. (N.D. Cal.) No. 07-cv-5944-SC), MDL 1917
In re Cathode Ray Tube (CRT) Antitrust Litigation

tube manufacturers. Instances of that agreement in LGEI's document production have been produced as follows: LGE00049322, LGE00049714, LGE00050966, LGE00054390, LGE00066556, LGE00068419, LGE00068807, LGE00069151, LGE00071492, LGE00072222, LGE00074913, LGE00076909, LGE00076984, LGE00078918, LGE00079465, LGE00081213, LGE00081294, LGE00089072, LGE00091652, LGE00091710.

Some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions. LGEI's investigation into this activity is incomplete and ongoing. LGEI's access to information regarding this activity is limited because of the transfer of its entire CRT business -- all records and employees -- to LPD upon creation of the joint venture. After LGEI transferred its CRTs business to LPD, LPD did not report to LGEI any similar activities by LPD's employees. Based on its continuing investigation, LGEI continues to believe that no LGEI employee or representative attended meetings among CRT manufacturers to discuss price or output (a) to U.S. CRT customers, and (b) to any customer after June 2001.

Through June 2001, certain LGEI employees periodically met with employees of certain other CDT manufacturers to discuss sales to their common Taiwanese and Chinese computer monitor manufacturing customers. Those other manufacturers included Chunghwa, Samsung, Orion, and Philips. On occasion, employees from Irico, Hitachi, Matsushita, BMCC, and Daewoo also attended these meetings. At those meetings, the employees discussed prices and output in a month or quarter. LGE does not concede that those discussions formed agreements as that term is used under the U.S. antitrust laws. After these discussions, meeting participants continued to compete with one another on price to increase sales. Those CDT manufacturers also competed on price with others in the market, which included substantial competitors who did not attend those meetings.

Through June 2001, employees from LGEI met with employees from certain other CPT manufacturers to discuss sales to common South East Asian television manufacturers. Those meetings focused on prices for small to medium-size tubes (14, 20 and 21 inch tubes) and the sales of those tubes to specific customers. LGE does not concede that those discussions formed

- 6 -
LGEI'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 3:07-cv-5944 SC; MDL No. 1917

CONFIDENTIAL -- Subject to Protective Order
U.S.D.C. (N.D. Cal.) No. 07-cv-5944-SC), MDL 1917
In re Cathode Ray Tube (CRT) Antitrust Litigation

1 agreements as that term is used under the U.S. antitrust laws. The manufacturers who participated

2 continued to compete with one another on price. They also competed on price with others.

3 Competition among CPT manufacturers is regionally fragmented because of high tariffs.

4 Individuals who may have knowledge about the meetings described in the preceding two

5 paragraphs include the following: Ki Song Cho, Sang Yong Choi, Yoo Jong Song, Myung Joon

6 Kim, Pung Yong Jeong, Kyu Young Ko, Sang Keun Lee, Seung Kyu Lee, Seung Mo Ahn, Chang

7 Soo Jeon, Seung Phyung Ku, Jong Min Park, Jae Kwan Han, Jung Sik Lim, Byung Koo Jeon, Kyu

8 In Cho, Pil Jae Lee, Duk Chul Ryu, Woong Tae Kim, and Kyung Joon Park.

9 **Interrogatory No. 5:**

10 Identify any meeting or communication between You and other producers of CRT and/or

11 CRT Products during the Relevant Time Period, including the named Defendants in this

12 coordinated proceeding, regarding CRT and/or CRT Product pricing, price increase announcements,

13 terms or conditions of sales, profit margins or market share, production levels, inventory,

14 customers, auctions, reverse auctions, dynamic bidding events, or sales, and for each such meeting

15 or communication:

16     (a) provide the date and location of the meeting or communication;

17     (b) identify the person(s) who initiated, called, organized, attended or

18         participated in the meeting or communication;

19     (c) describe the subject matter discussed and any information you provided

20         or received;

21     (d) describe every action taken by you as a result of the meeting

22         or communication; and

23     (e) identify all persons with knowledge relating to the meeting

24         or communication.

25 **Response to Interrogatory No. 5:**

26 The LGE Defendants incorporate by reference the Preliminary Objections set forth above.

27 The LGE Defendants further object to this interrogatory to the extent that it seeks information about

28 pricing for CRTs and/or CRT Products sold outside of the United States on the ground that it is

- 7 -

LGEI'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 3:07-cv-5944 SC; MDL No. 1917

CONFIDENTIAL -- Subject to Protective Order
U.S.D.C. (N.D. Cal.) No. 07-cv-5944-SC), MDL 1917
In re Cathode Ray Tube (CRT) Antitrust Litigation

1. unduly burdensome and seeks information that is irrelevant and unlikely to lead to the discovery of information relevant to this action, which Plaintiffs describe as a class action of those who "directly purchased a CRT Product in the United States from any defendant . . . ," Direct Purchaser Plaintiffs' Consolidated Amended Complaint of March 16, 2009 at ¶ 85. The LGE Defendants object to this interrogatory to the extent that its seeks information regarding communications or meetings regarding "sales" of CRTs or CRT Products on the ground that it is overly broad, unduly burdensome and unlikely to lead to the discovery of relevant information. The LGE Defendants object to this interrogatory as vague, overly broad and unduly burdensome to the extent that it could be construed to seek information regarding meetings over the purchase and sale of CRTs or CRT Products in the ordinary course of business, and on that basis, the LGE Defendants will construe the word "meeting or communication" only to refer to a "meeting or communication between competitors." Additionally, the LGE Defendants object that this interrogatory is compound and constitutes multiple interrogatories.

Subject to and without waiving the aforesaid objections, LGEI responds as follows: Effective July 2001, LGEI spun off its CRT manufacturing and sales operations, which became part of a newly-formed, separate entity initially known as LG.Philips Display Holding B.V. and subsequently known as LP Displays International, Ltd. (referred to as "LPD"). This spin-off involved a transfer to LPD of all assets and liabilities, all employees, all records, and all operations relating to CRT manufacturing and sales. Accordingly, LGEI is no longer in possession of the business records of its prior CRT manufacturing and sales operations, and it no longer employs the people who ran those operations. Based on a reasonable investigation into the information currently in its possession, custody or control, LGEI responds that its prior CRT manufacturing and sales operations did not sell CRTs to the United States. LGEI is unaware of any meeting or communication with CRT competitors regarding the pricing, price increase announcements, terms or conditions of sales, profit margins or market share, production levels, inventory, customers, auctions, reverse auctions, or dynamic bidding events of CRTs sold to the United States between January 1, 1995 and November 25, 2007.

CONFIDENTIAL -- Subject to Protective Order
U.S.D.C. (N.D. Cal.) No. 07-cv-5944-SC), MDL 1917
In re Cathode Ray Tube (CRT) Antitrust Litigation

1  LGEI further responds that it is unaware of any meeting or communication with competitors
2  regarding the pricing, price increase announcements, terms or conditions of sales, profit margins or
3  market share, production levels, inventory, customers, auctions, reverse auctions, or dynamic
4  bidding events of CRT Products that LGEI sold to the United States between January 1, 1995 and
5  November 25, 2007.

6  Subject to and without waiving the aforesaid objections, LGEUSA responds as follows:
7  LGEUSA is unaware of any meeting or communication with a competitor CRT or CRT-Product
8  producer regarding the pricing, price increase announcements, terms or conditions of sales, profit
9  margins or market share, production levels, inventory, customers, auctions, reverse auctions, or
10 dynamic bidding events of CRTs and/or CRT Products that LGEUSA sold in the United States
11 between January 1, 1995 and November 25, 2007.

12 LGETT further objects that this interrogatory is overly broad and unduly burdensome as
13 applied to it. Subject to and without waiving the aforesaid objections, LGETT responds as follows:
14 LGETT was incorporated in November 2001. From that time forward, LGETT has been a
15 distributor of CRT Products in Taiwan, not a CRT or CRT-Products manufacturer, and not a
16 distributor of CRT Products to the United States.

17 **Supplemental Response to Interrogatory No. 5:**

18 Without waiving its objection to discovery into and the relevance of matters not directed to
19 sales to U.S. customers, LGEI further responds to disclose various activities its international CRT
20 operations: Prior to the formation of its July 2001 joint venture LPD, LGEI had CRT
21 manufacturing operations in Korea, China, India, Indonesia, and the United Kingdom. At all
22 relevant times, LGEI also had CRT TV and monitor manufacturing operations at several locations
23 outside the United States.

24 LGEI's CRT TV and monitor businesses had numerous meetings and communications with
25 CRT manufacturers in their capacity as customers for the purchase of CRTs, both color picture
26 tubes ("CPT") for TVs and color display tubes ("CDT") for monitors. LGEI's CRT TV and
27 monitor manufacturing operations were independent profit centers: They independently negotiated
28 prices for the component parts they needed, including CRTs. Before LGEI exited the CRT business

- 9 -

LGEI'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 3:07-cv-5944 SC; MDL No. 1917

CONFIDENTIAL -- Subject to Protective Order
U.S.D.C. (N.D. Cal.) No. 07-cv-5944-SC), MDL 1917
In re Cathode Ray Tube (CRT) Antitrust Litigation

in 2001, LGEI's CRT TV and monitor divisions and subsidiaries did not rely solely on LGEI's CRT manufacturing operations for their supply of CRTs; they also purchased CRTs from third-party CRT manufacturers such as such as Chunghwa, Samsung SDI, and Orion. After LGEI exited the CRT business in 2001, its CRT TV and monitor manufacturer operations purchased CRTs from LPD, as well as from other CRT manufacturers. All of those transactions involved numerous meetings and communications between LGEI and a CRT producer regarding the price that LGEI would pay that CRT producer for a number of CRTs. LGEI has produced documents from an individual who worked in LGEI's tube procurement division. Documents collected from him and produced to plaintiffs are at LGE00064724-LGE00091917.

Some employees of LGEI's former CRT business had discussions with other CRT manufacturers about prices and output for certain types and sizes of CRTs over specified periods of time in certain geographic regions. LGEI's investigation into this activity is incomplete and ongoing. LGEI's access to information regarding this activity is limited because of the transfer of its entire CRT business -- all records and employees -- to LPD upon creation of the joint venture. After LGEI transferred its CRTs business to LPD, LPD did not report to LGEI any similar activities by LPD's employees. Based on its continuing investigation, LGEI continues to believe that no LGEI employee or representative attended meetings among CRT manufacturers to discuss price or output (a) to U.S. CRT customers, and (b) to any customer after June 2001.

Through June 2001, certain LGEI employees periodically met with employees of certain other CDT manufacturers to discuss sales to their common Taiwanese and Chinese computer monitor manufacturing customers. Those other manufacturers included Chunghwa, Samsung, Orion, and Philips. On occasion, employees from Irico, Hitachi, Matsushita, BMCC, and Daewoo also attended these meetings. At those meetings, the employees discussed prices and output in a month or quarter. After these discussions, meeting participants continued to compete with one another on price to increase sales. Those CDT manufacturers also competed on price with others in the market, which included substantial competitors who did not attend those meetings.

Through June 2001, employees from LGEI met with employees from certain other CPT manufacturers to discuss sales to common South East Asian television manufacturers. Those

- 10 -

CONFIDENTIAL -- Subject to Protective Order
U.S.D.C. (N.D. Cal.) No. 07-cv-5944-SC), MDL 1917
In re Cathode Ray Tube (CRT) Antitrust Litigation

meetings focused on prices for small to medium-size tubes (14, 20 and 21 inch tubes) and the sales of those tubes to specific customers. The manufacturers who participated continued to compete with one another on price. They also competed on price with others. Competition among CPT manufacturers is regionally fragmented because of high tariffs.

Individuals who may have knowledge about the meetings described in the preceding two paragraphs include the following: Ki Song Cho, Sang Yong Choi, Yoo Jong Song, Myung Joon Kim, Pung Yong Jeong, Kyu Young Ko, Sang Keun Lee, Seung Kyu Lee, Seung Mo Ahn, Chang Soo Jeon, Seung Phyung Ku, Jong Min Park, Jae Kwan Han, Jung Sik Lim, Byung Koo Jeon, Kyu In Cho, Pil Jae Lee, Duk Chul Ryu, Woong Tae Kim, and Kyung Joon Park.

Dated: February 10, 2012         ARNOLD & PORTER LLP

                                 By:  /s/ Eric Shapland
                                      Eric Shapland
                                      Attorneys for Defendant LG Electronics, Inc.

CONFIDENTIAL – Subject to Protective Order
U.S.D.C. (N.D. Cal.) No. 07-cv-5944-SC), MDL 1917
In re Cathode Ray Tube (CRT) Antitrust Litigation

## VERIFICATION OF LGEI

I, Pil Jae Lee, state that I am General Manager, Solar Marketing Division, Solar Asia & MEA Group of LG Electronics, Inc. ("LGEI"); that I verify for and on behalf of LGEI the foregoing SUPPLEMENTAL RESPONSE BY DEFENDANT LG ELECTRONICS, INC. TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES, NOS. 4 AND 5; that I am duly authorized to do so; that the matters stated herein are within my personal knowledge, or they were assembled by counsel for LGEI and present and/or former employees of LGEI and I am informed and believe those matters to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 10, 2012, at  Seoul , Korea

Pil Jae Lee

- 12 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2012, a copy of the foregoing document described as **SUPPLEMENTAL RESPONSE BY DEFENDANT LG ELECTRONICS, INC. TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES, NOS. 4 AND 5** was served on all parties in this action as indicated on the attached Service List.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 10, 2012, at Los Angeles, California.

/s/ Eric Shapland

**Service List For**
*In re Cathode Ray Tube (CRT) Antitrust Litigation*
Case No. 07-5944 SC
MDL No. 1917

Guido Saveri
Cadio Zirpoli
Geoffrey Rushing
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, CA 94111-1730
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
guido@saveri.com
zirpoli@saveri.com
grushing@saveri.com
*Interim Lead Counsel for Direct Purchaser Plaintiffs*
**Service by e-mail**

Mario N. Alioto
Lauren C. Russell
**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com
*Interim Lead Counsel for Indirect Purchaser Plaintiffs*
**Service by e-mail**

ALL DEFENSE COUNSEL
**Service by e-mail**

CONFIDENTIAL -- Subject to Protective Order
U.S.D.C. (N.D. Cal.) No. 07-cv-5944-SC), MDL 1917
In re Cathode Ray Tube (CRT) Antitrust Litigation

## VERIFICATION OF LGEI

I, Pil Jae Lee, state that I am General Manager, Solar Marketing Division, Solar Asia & MEA Group of LG Electronics, Inc. ("LGEI"); that I verify for and on behalf of LGEI the foregoing SUPPLEMENTAL RESPONSE BY DEFENDANT LG ELECTRONICS, INC. TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES, NOS. 4 AND 5; that I am duly authorized to do so; that the matters stated herein are within my personal knowledge, or they were assembled by counsel for LGEI and present and/or former employees of LGEI and I am informed and believe those matters to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 10, 2012, at Seoul, Korea

_____
Pil Jae Lee

- 12 -
LGEI'S SUPPLEMENTAL RESPONSE TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 3:07-cv-5944 SC; MDL No. 1917