# Exhibit E

# Exhibit E

...

...

1  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
   Roman M. Silberfeld, Bar No. 62783
2  RMSilberfeld@rkmc.com
   Bernice Conn, Bar No. 161594
3  Bconn@rkmc.com
   David Martinez, Bar No. 193183
4  DMartinez@rkmc.com
   2049 Century Park East, Suite 3400
5  Los Angeles, CA 90067-3208
   Telephone: 310-552-0130
6  Facsimile: 310-229-5800

7  Attorneys for Plaintiffs

8  BEST BUY CO., INC.; BEST BUY
   PURCHASING LLC; BEST BUY ENTERPRISE
9  SERVICES, INC.; BEST BUY STORES, L.P.;
   BESTBUY.COM, LLC; MAGNOLIA HI-FI, INC.

10

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. M:07-5994-SC<br>MDL No. 1917 |
| This Document Relates to<br>Individual Case No. 3:11-cv-05513-SC | Case No. 3:11-cv-05513-SC |
| BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.;<br><br>(CONTINUED ON NEXT PAGE) | **BEST BUY'S OBJECTIONS AND RESPONSES TO DEFENDANT LG ELECTRONICS U.S.A., INC.'S THIRD SET OF INTERROGATORIES** |

60832209.1

| | |
|---|---|
| 1  | PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; MT PICTURE DISPLAY CO., LTD.; BEIJING MATSUSHITA COLOR CRT CO., LTD.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD.; PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA.; SAMTEL COLOR LTD.; THAI CRT CO., LTD.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES (MALAYSIA); TATUNG COMPANY OF AMERICA, INC., |
| 12 | Defendants. |

**PROPOUNDING PARTIES:** LG ELECTRONICS U.S.A., INC.

**RESPONDING PARTY:** BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.

**SET NO.:** THREE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc., Best Buy Stores, L.P.; BestBuy.Com, L.L.C.; and Magnolia HI-FI, Inc. (collectively "Best Buy") hereby Object and Respond to Defendant LG Electronics U.S.A., Inc.'s Third Set of Interrogatories (hereinafter, the "Requests").

## GENERAL OBJECTIONS

1. Best Buy responds without prejudice to its rights to use or introduce at later times in this proceeding, subsequently discovered information or information omitted from these responses.

2. Best Buy objects to the Requests to the extent they call for the disclosure of information that is subject to the attorney-client privilege, joint prosecution privilege, the work product doctrine, or any other applicable privilege, immunity, or protection.

3. Best Buy objects to the Requests to the extent that they require Best Buy to disclose the confidential, proprietary, or commercially sensitive information of third parties that Best Buy is bound, contractually or otherwise, not to disclose.

4. Best Buy objects to the Requests to the extent that they: (i) seek information that is neither relevant to the parties' claims and defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (ii) are vague, indefinite, or ambiguous; (iii) are unduly burdensome or unreasonably broad; (iv) are unreasonably cumulative or duplicative; or (v) seek information that is already in Defendants' possession, custody, control, or which is publicly available or otherwise readily accessible to Defendants.

5. Best Buy objects to the Requests, including the Instructions and Definitions, to the extent that they purport to impose upon Best Buy obligations beyond those imposed by the Federal Rules of Civil Procedure.

6. Best Buy objects to the Requests to the extent that they are premature. Best Buy has not completed its discovery and investigation in this matter, which is ongoing. Best Buy responds after reasonable inquiry into the relevant facts based only upon presently known information and documentation. Further investigation and discovery, including further review of documents produced or to be produced by Defendants, may result in the identification of additional information. Best Buy's responses should not be construed to prejudice Best Buy's right to conduct further investigation in this case or to limit Best Buy's use of any evidence that may be later developed.

7. Best Buy objects to the extent Defendants are drawing a distinction between CRTs and CRT Products. Best Buy interprets all requests related to CRTs to include its purchases of CRT Products, which contain CRTs.

8. Best Buy objects to the Requests to the extent that they prematurely seek

expert opinion, and reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges in accordance with the time period for exchanging expert reports.

Best Buy objects to the Requests in their entirety on the above grounds. In order to avoid repetition, the foregoing General Objections are hereby incorporated into each response as if set forth therein.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

Interrogatory No. 19:

If YOUR response to any LG Electronics U.S.A., Inc.'s First Set of Requests for Admission to Best Buy was anything other than an unqualified admission, separately for each Request for Admission:

a. state the number of the request for admission;

b. state all facts upon which YOU base YOUR response;

c. IDENTIFY all EVIDENCE upon which YOU intend to rely to support YOUR response; and

d. IDENTIFY each PERSON who has knowledge of the facts upon which YOU base YOUR response.

Response:

Best Buy refers to and incorporates its General Objections to these Interrogatories, as well as its specific objections to Requests for Admission Nos. 1 through 65, as if fully restated here. Best Buy specifically objects to this Interrogatory to the extent it calls for information that is already in the possession, custody, or control of LGEUSA and has not yet been provided to Best Buy. Best Buy also objects to this Interrogatory, in combination with the accompanying Request for Admissions served simultaneously, as improperly requiring Best Buy to marshal all evidence and "state its case" in responses to written discovery. Best Buy additionally objects to this Interrogatory as requiring the attribution of a particular action to a specific LG entity when all of the LG entities named as defendants were owned and controlled and acted pursuant to the overall strategy and

60832209.1 - 4 - BEST BUY'S OBJECTIONS AND RESPONSES TO DEFENDANT LG ELECTRONICS U.S.A. INC.'S THIRD SET OF INTERROGATORIES

direction of LG Electronics, Inc.

Best Buy further objects to this Interrogatory on the grounds that: (i) it is overly broad, unduly burdensome, and premature as it requires Best Buy to review and analyze all information obtained in discovery thus far and state their entire case on an incomplete record; (ii) depending on LG's intent, it may call for a legal conclusion; (iii) it is duplicative of other discovery propounded by Defendants in MDL No. 1917; (iv) it seeks information that is the subject of ongoing discovery and investigation; (v) it seeks information that is equally available to LG; and (vi) it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole, *see In re CRT Antitrust Litigation*, Master Docket No. 3:07-cv-05944sc, Recommended Order of the Special Master, dated August 15, 2014, ("If 'compartmentalizing' an alleged conspiracy at trial or on summary judgment motion is not appropriate, still less is it appropriate in discovery"); *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *see also Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)), and improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Master Docket No. M:07-1827-SI, Order Denying Defendants' Motions for Partial Summary Judgment Regarding Production and Capacity, Docket No. 4097, at 1-2.

Best Buy further objects to the extent LGEUSA has exceeded the limit set forth by Fed. R. Civ. P. 33. Interrogatories that ask the "responding party to state the facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions" should be construed as containing a subpart for each request for admission. *See Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 447 (C.D. Cal. 1998) ("Allowing service of an interrogatory which requests disclosure of all information on which the denials of each of 50 requests for admission were based . . . essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admissions were intended to serve,

and because Rule 36 imposes no numerical limit on the number of requests for admissions that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a)."); *see also* Local Rules 33-2 and 36-2.

Subject to and without waiving their general and specific objections, Best Buy states that the documents and transactional data that they produced in this litigation shall be deemed produced in response to this Interrogatory, subject to the Responses and Objections contained herein. Best Buy further states that the response to this Interrogatory may include the transactional data and documents produced by Defendants, co-conspirators, and third parties in MDL No. 1917. The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Best Buy or LG.

Best Buy further refers LG to:

The documents produced in this litigation listed by Dell, Inc. in its response to Interrogatory No. 2 of its Responses to Defendants Samsung SDI America, Inc. and LG Electronics, USA, Inc.'s First Set of Interrogatories dated January 13, 2014.

Expert report of Dr. Kenneth G. Elzinga dated April 15, 2014 and accompanying materials.

Expert Report of Dr. Kenneth G. Elzinga dated August 5, 2014 and accompanying materials.

Philips' Supplemental and Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5.

Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5.

Hitachi Electronic Devices (USA), Inc.'s Supplemental and Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5.

Hitachi Electronic Devices (USA), Inc.'s Supplemental Responses to Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America,

Inc.'s First Set of Interrogatories, Nos. 2 and 3.

Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) Second and Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories.

LG Electronics, Inc.'s Supplemental and Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5.

Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5.

Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories, dated Nov. 25, 2013.

Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission, dated Nov. 25, 2013.

Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories dated, May 12, 2010.

Korean Fair Trade Commission Report on the CRT Conspiracy.

The European Commission Report on the CRT Conspiracy.

Attachment A to Certain Direct Action Plaintiffs' Responses to Interrogatories dated May 16, 2014.

Exhibit A to Best Buy's July 21, 2014 Objections and Responses to Defendants Panasonic and LG Electronics USA's Second Set of Interrogatories.

Best Buy further states that discovery is on-going and reserves the right to supplement or amend its responses.

DATED: August 21, 2014

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: /s/ Laura E. Nelson
    Roman M. Silberfeld
    David Martinez
    Laura E. Nelson

ATTORNEYS FOR PLAINTIFFS
BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, LLC; MAGNOLIA HI-FI, INC.