# Exhibit F

# Exhibit F

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2       Including Professional Corporations
    GARY L. HALLING, Cal. Bar No. 66087
3   JAMES L. MCGINNIS, Cal. Bar No. 95788
    MICHAEL SCARBOROUGH, Cal. Bar No. 203524
4   DYLAN I. BALLARD, Cal. Bar No. 253929
    Four Embarcadero Center, 17th Floor
5   San Francisco, California 94111-4109
    Telephone:   415-434-9100
6   Facsimile:   415-434-3947
    Email:       ghalling@sheppardmullin.com
7                jmcginnis@sheppardmullin.com
                 mscarborough@sheppardmullin.com
8                dballard@sheppardmullin.com

9
    Attorneys for Defendant
10  SAMSUNG SDI CO., LTD.

11

12                  UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15

16  In Re:  CATHODE RAY TUBE (CRT)        Case No. 07-5944-SC
    ANTITRUST LITIGATION
17                                        MDL No. 1917

18                                        Individual Case No. 3:13-cv-02171-SC
    This Document Relates to:
19                                        **SAMSUNG SDI CO., LTD.'S**
    DELL INC. and DELL PRODUCTS L.P.,     **RESPONSES TO DELL PLAINTIFFS'**
20                                        **FIRST SET OF REQUESTS FOR**
      Plaintiffs,                         **ADMISSION**
21
    v.
22
    HITACHI, LTD., et al.,
23
      Defendants.
24

25  PROPOUNDING PARTIES:      DELL INC. and DELL PRODUCTS L.P.

26  RESPONDING PARTY:         SAMSUNG SDI CO., LTD.

27  SET NUMBER:               One (1)

28

1          Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant

2   Samsung SDI Co., Ltd. ("SDI") hereby responds to the First Set of Requests for

3   Admission  propounded by Plaintiffs Dell Inc. and Dell Products L.P. (collectively,

4   "Plaintiffs") as follows:

5   I.

6   **GENERAL OBJECTIONS**

7        1.    SDI objects to each and every request to the extent it is duplicative or

8   unreasonably cumulative of the voluminous other discovery propounded and/or produced

9   in this multi-district litigation, in violation of Section X.V., par. C-F, of the Court's

10   April 3, 2012 Order re Discovery and Case Management Protocol, including without

11   limitation:  SDI's Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories,

12   dated May 12, 2010; SDI's Responses to Direct Purchaser Plaintiffs' First  Set of Requests

13   for Production of Documents, dated May 12, 2010; SDI's Responses to Direct Purchaser

14   Plaintiffs' Second  Set of Requests for Production of Documents, dated May 12, 2010;

15   SDI's Responses to Indirect Purchaser Plaintiffs' First Set of Requests for Production of

16   Documents, dated May 28, 2010; SDI's Responses to Indirect Purchaser Plaintiffs' Second

17   Set of Requests for Production of Documents, dated May 28, 2010; SDI's Supplemental

18   Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, dated

19   October 17, 2011; SDI's Responses to Plaintiff Hawel A. Hawel's Second Set of

20   Interrogatories, dated November 7, 2011; SDI's Responses to Direct Purchaser Plaintiffs'

21   Third Set of Requests for Production of Documents, dated November 7, 2011; SDI's

22   Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 2,

23   dated February 17, 2012; SDI's Responses to certain Direct Action Plaintiffs' First Set of

24   Requests for the Production of Documents, dated August 14, 2013; SDI's responses to

25   Sharp's First Set of Interrogatories, dated October 24, 2013; and SDI's Second

26   Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4

27   and 5, dated November 25, 2013.

28

SMRH 411862634.3
MDL No. 1917

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1    2.    SDI objects to the extent that any request, definition, or instruction

2    seeks information in the possession, custody or control of Plaintiffs, or that are equally or

3    more readily available to Plaintiffs from other defendants, third parties, publicly available

4    sources, or otherwise. SDI also objects to every request, definition and instruction to the

5    extent it purports to require SDI to provide information on behalf of persons or entities

6    other than SDI. SDI is incapable of providing information on behalf of other persons and

7    entities, and will respond accordingly.

8    3.    SDI objects to each request to the extent it purports to require SDI to

9    ascertain the knowledge, however limited or tangential, of each and every individual

10   employed by SDI at every level of authority or responsibility relating to the subject matter

11   of the request. SDI further objects to each request to the extent it purports to require SDI

12   to provide responsive information with respect to individuals no longer employed by SDI.

13   To the extent that SDI agrees to respond or provides a response herein, that response shall

14   be based on a reasonable search of the files of individuals at SDI reasonably believed to

15   possess information relevant to the claims or defenses of the parties and reasonably

16   calculated to lead to the discovery of admissible evidence.

17   4.    SDI and its counsel are continuing their investigation of this matter.

18   SDI's responses are based on information known as of this time. SDI makes these

19   responses without prejudice to its right to supplement or amend them, as necessary, based

20   on subsequently acquired information or knowledge, whether gained through SDI's own

21   continued investigation or the investigation of others.

22   5.    SDI objects to each request, definition, or instruction to the extent it

23   seeks information outside the scope of discovery authorized by the Court's September 12,

24   2008, February 5, 2009, June 8, 2009, January 5, 2010, or October 27, 2010 Stay Orders

25   (collectively, the Court's "Discovery Stay Orders").

26   6.    SDI objects to Plaintiffs' requests, definitions and instructions to the

27   extent that they seek the discovery of information regarding the sale of CRTs or finished

28   products containing CRTs outside of the United States and unrelated to United States

-2-

1    commerce, on the grounds that they are overbroad, unduly burdensome, irrelevant, and not

2    reasonably calculated to lead to the discovery of admissible evidence.  Such sales are

3    beyond the scope of this litigation, outside the subject-matter jurisdiction and reach of the

4    antitrust laws of the United States, and beyond the jurisdiction and reach of the laws of any

5    State.

6          7.    SDI objects to each request, definition, or instruction to the extent it

7    seeks information regarding conduct outside the applicable statute(s) of limitations, on the

8    grounds that such information is neither relevant to any claims or defenses in this litigation

9    nor reasonably calculated to lead to the discovery of admissible evidence.

10         8.    In making these responses, SDI does not concede the relevancy or

11   materiality of any of Plaintiffs' requests; nor does SDI concede the relevancy or

12   materiality of any of the subjects to which those requests relate or refer.

13         9.    To the extent any request, definition or instruction may be construed

14   as calling for the disclosure of privileged or immune information, including, without

15   limitation, information subject to the attorney-client privilege, common-interest privilege,

16   work-product doctrine, joint defense privilege, and/or relating to confidential plea or

17   settlement negotiations, and/or any other privilege or immunity from discovery, SDI

18   hereby claims such privileges and immunities and objects to the disclosure of any

19   documents or information subject thereto.  Any disclosure of privileged or protected

20   documents, materials, or information is inadvertent and not intended to waive those

21   privileges or protections.

22         10.   SDI objects to any request, definition or instruction that calls for the

23   disclosure of information that would violate the legitimate privacy rights and expectations

24   of SDI employees, directors, officers, affiliates or subsidiaries, both current and former, or

25   other individuals, to the extent that such privacy rights or expectations are protected by

26   law, contract, or public policy.

27         11.   To the extent any request, definition or instruction may be construed

28   as requiring SDI to characterize documents or their contents or to speculate as to what

-3-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1  documents may or may not show, SDI objects to such request, definition or instruction as

2  vague, ambiguous and calling for legal conclusions and speculation.

3    12.    SDI objects to each and every request, definition and instruction to the

4  extent that it calls for the creation of documents or data compilations that do not exist or

5  that are not ordinarily kept in the normal course of business.

6    13.    SDI objects to each and every request, definition and instruction to the

7  extent it assumes disputed facts or legal conclusions. SDI hereby denies any disputed facts

8  or legal conclusions assumed by each request, definition and instruction. Any response or

9  objection herein is without prejudice to this objection and SDI's right to dispute facts and

10  legal conclusions assumed by the requests, definitions and instructions.

11    14.    SDI objects to each and every request, definition and instruction to the

12  extent that it is overbroad, unduly burdensome and oppressive, and to Plaintiffs' 115

13  requests as collectively unduly burdensome and oppressive.

14                                    II.

15  **OBJECTIONS TO CERTAIN INSTRUCTIONS AND DEFINITIONS**

16    In addition to the foregoing General Objections, SDI objects to certain of

17  Plaintiffs' purported instructions and definitions as follows:

18    3.    Each Request is continuing in nature. If Defendant learns that any

19  Response or production is inaccurate or incomplete, or if a Response or production

20  becomes inaccurate or incomplete by reason of a development occurring after Defendant's

21  initial Response or production, it must promptly supplement each inaccurate or incomplete

22  Response or production by serving supplemental Responses and making a supplemental

23  production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

24    **Objection:** SDI objects that this purported instruction is vague, ambiguous,

25  overbroad, unduly burdensome and oppressive. SDI further objects to this instruction as

26  purporting to impose a greater burden on SDI than is otherwise permissible under the law,

27  including without limitation the Federal Rules of Civil Procedure.

28

-4-

1      4.     The term "CDT Conspiracy" as used herein refers to the conspiracy

2  described in Paragraph 4(c) of Samsung SDI's plea agreement in Case

3  No. 3:11-CR-00162-WHA in United States District Court, Northern District of California

4  (the "Plea Agreement", Dkt. No. 29) as follows:

5             During the relevant period, the defendant, through its officers
              and employees, including high-level personnel of the
6             defendant, participated in a conspiracy among major CDT
              producers, the primary purpose of which was to fix prices,
7             reduce output, and allocate market shares of CDTs sold in the
              United States and elsewhere.  In furtherance of the conspiracy,
8             the defendant, through its officers and employees, engaged in
              discussions and attended meetings with representatives of other
9             major CDT producers.  During these discussions and meetings,
              agreements were reached to fix prices, reduce output, and
10            allocate market shares of CDTs to be sold in the United States
              and elsewhere.

11

12     **Objection:**  SDI objects that this purported definition is vague, ambiguous,

13  overbroad, unduly burdensome and oppressive.

14     5.     The term "discussions and meetings" as used herein refers to the

15  discussions described in Paragraph 4(c) of Samsung SDI's plea agreement in Case

16  No. 3:11-CR-00162-WHA in United States District Court, Northern District of California

17  (Dkt. No. 29), which is set forth above.

18     **Objection:**  SDI objects that this purported definition is vague, ambiguous,

19  overbroad, unduly burdensome and oppressive.

20     6.     Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi

21  Asia, Ltd., Hitachi Electronic Devices (USA), Inc., Shenzhen SEG Hitachi Color Display

22  Devices, Ltd., and their officers, agents and employees are referred to collectively as the

23  "Hitachi Companies."

24     **Objection:**  SDI objects that this purported definition is vague, ambiguous,

25  overbroad, unintelligible, unduly burdensome and oppressive.  SDI further objects to this

26  definition as purporting to impose a greater burden on SDI than is otherwise permissible

27  under the law, including without limitation the Federal Rules of Civil Procedure.  SDI is

28  incapable of providing information on behalf of persons and entities other than SDI.

-5-

1      7.      Irico Group Corporation, Irico Group Electronics Co., Ltd., and Irico

2    Display Devices Co., Ltd. are referred to collectively as the "Irico Companies."

3      **Objection:** SDI objects that this purported definition is vague, ambiguous,

4    overbroad, unintelligible, unduly burdensome and oppressive.  SDI further objects to this

5    definition as purporting to impose a greater burden on SDI than is otherwise permissible

6    under the law, including without limitation the Federal Rules of Civil Procedure.  SDI is

7    incapable of providing information on behalf of persons and entities other than SDI.

8      8.      LG Display Co., Ltd. (formerly known as LG Philips LCD Co., Ltd.),

9    LG Display America, Inc. (formerly known as LG Philips LCD America, Inc.), LG

10   Electronics, Inc. LG Electronics USA, Inc., and their officers, agents and employees are

11   referred to collectively herein as the "LG Companies."

12     **Objection:** SDI objects that this purported definition is vague, ambiguous,

13   overbroad, unintelligible, unduly burdensome and oppressive.  SDI further objects to this

14   definition as purporting to impose a greater burden on SDI than is otherwise permissible

15   under the law, including without limitation the Federal Rules of Civil Procedure.  SDI is

16   incapable of providing information on behalf of persons and entities other than SDI.

17     9.      Mitsubishi Electric Corporation, Mitsubishi Digital Electronics

18   America, Inc., Mitsubishi Electric & Electronics, USA, Inc., and their officers, agents and

19   employees are referred to collectively as the "Mitsubishi Companies."

20     **Objection:** SDI objects that this purported definition is vague, ambiguous,

21   overbroad, unintelligible, unduly burdensome and oppressive.  SDI further objects to this

22   definition as purporting to impose a greater burden on SDI than is otherwise permissible

23   under the law, including without limitation the Federal Rules of Civil Procedure.  SDI is

24   incapable of providing information on behalf of persons and entities other than SDI.

25     10.     Koninklijke Philips Electronics N.V., Philips Electronics North

26   America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips Da Amazonia

27   Industria Electronica LTDA, and their officers, agents and employees are referred to

28   collectively as the "Philips Companies."

SMRH 4118626343
MDL No 1917

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1       **Objection:** SDI objects that this purported definition is vague, ambiguous,

2  overbroad, unintelligible, unduly burdensome and oppressive. SDI further objects to this

3  definition as purporting to impose a greater burden on SDI than is otherwise permissible

4  under the law, including without limitation the Federal Rules of Civil Procedure. SDI is

5  incapable of providing information on behalf of persons and entities other than SDI.

6       11.    Technicolor SA, Thompson SA, Technicolor USA, Inc., Thompson

7  Consumer Electronics, Inc., and their officers, agents and employees are referred to

8  collectively as the "Thompson Companies."

9       **Objection:** SDI objects that this purported definition is vague, ambiguous,

10  overbroad, unintelligible, unduly burdensome and oppressive. SDI further objects to this

11  definition as purporting to impose a greater burden on SDI than is otherwise permissible

12  under the law, including without limitation the Federal Rules of Civil Procedure. SDI is

13  incapable of providing information on behalf of persons and entities other than SDI.

14       12.    Toshiba Corporation, Toshiba America Consumer Products, LLC,

15  Toshiba America Electronic Components, Inc., Toshiba Display Devices (Thailand) Co.,

16  Ltd., Toshiba America Information Systems, Inc., and their officers, agents and employees

17  are referred to collectively as the "Toshiba Companies."

18       **Objection:** SDI objects that this purported definition is vague, ambiguous,

19  overbroad, unintelligible, unduly burdensome and oppressive. SDI further objects to this

20  definition as purporting to impose a greater burden on SDI than is otherwise permissible

21  under the law, including without limitation the Federal Rules of Civil Procedure. SDI is

22  incapable of providing information on behalf of persons and entities other than SDI.

23       13.    Chunghwa Picture Tubes, Ltd., Chunghwa Picture Tubes (Malaysia)

24  Sdn. Bhd., and their officers, agents and employees are referred to collectively as the

25  "Chunghwa Companies."

26       **Objection:** SDI objects that this purported definition is vague, ambiguous,

27  overbroad, unintelligible, unduly burdensome and oppressive. SDI further objects to this

28  definition as purporting to impose a greater burden on SDI than is otherwise permissible

-7-

1 | under the law, including without limitation the Federal Rules of Civil Procedure.  SDI is
2 | incapable of providing information on behalf of persons and entities other than SDI.

3 |         14.    Orion Electronic Co., Daewoo Electronics Co., Ltd., Daewoo-Orion
4 | Société Anonyme, and their officers, agents and employees are referred to collectively as
5 | the "Orion Companies."

6 |         **Objection:**  SDI objects that this purported definition is vague, ambiguous,
7 | overbroad, unintelligible, unduly burdensome and oppressive.  SDI further objects to this
8 | definition as purporting to impose a greater burden on SDI than is otherwise permissible
9 | under the law, including without limitation the Federal Rules of Civil Procedure.  SDI is
10 | incapable of providing information on behalf of persons and entities other than SDI.

11 |         15.    Thai CRT Company and its officers, agents and employees are
12 | referred to collectively as the "Thai CRT Co."

13 |         **Objection:**  SDI objects that this purported definition is vague, ambiguous,
14 | overbroad, unintelligible, unduly burdensome and oppressive.  SDI further objects to this
15 | definition as purporting to impose a greater burden on SDI than is otherwise permissible
16 | under the law, including without limitation the Federal Rules of Civil Procedure.  SDI is
17 | incapable of providing information on behalf of persons and entities other than SDI.

18 |         16.    P.T. Tosummit Electronic Devices Indonesia and its officers, agents
19 | and employees are referred to collectively as "P.T. Tosummit Electronic Devices
20 | Indonesia."

21 |         **Objection:**  SDI objects that this purported definition is vague, ambiguous,
22 | overbroad, unintelligible, unduly burdensome and oppressive.  SDI further objects to this
23 | definition as purporting to impose a greater burden on SDI than is otherwise permissible
24 | under the law, including without limitation the Federal Rules of Civil Procedure.  SDI is
25 | incapable of providing information on behalf of persons and entities other than SDI.

26 |         17.    LP Displays International, Ltd. and its officers, agents and employees
27 | are referred to collectively as "LP Displays Int'l, Ltd."

28 |

SMRH 411862634.3
MDL No 1917

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1    **Objection:** SDI objects that this purported definition is vague, ambiguous,

2    overbroad, unintelligible, unduly burdensome and oppressive.  SDI further objects to this

3    definition as purporting to impose a greater burden on SDI than is otherwise permissible

4    under the law, including without limitation the Federal Rules of Civil Procedure.  SDI is

5    incapable of providing information on behalf of persons and entities other than SDI.

6    18.    Samtel Color, Ltd. and its officers, agents and employees are referred

7    to collectively as "Samtel Color Ltd."

8    **Objection:** SDI objects that this purported definition is vague, ambiguous,

9    overbroad, unintelligible, unduly burdensome and oppressive.  SDI further objects to this

10   definition as purporting to impose a greater burden on SDI than is otherwise permissible

11   under the law, including without limitation the Federal Rules of Civil Procedure.  SDI is

12   incapable of providing information on behalf of persons and entities other than SDI.

13   19.    As set forth in Paragraph 4(a) of Defendant's Plea Agreement, and for

14   purposes of this discovery, the "Relevant Period" is that period from at least as early as

15   January 1997, until at least as late as March 2006.

16   **Objection:** SDI objects to this purported definition to the extent it calls for

17   information regarding conduct outside the applicable statute(s) of limitations on the

18   grounds that it is overbroad, unduly burdensome, oppressive and seeks information that is

19   neither relevant to any claims or defenses in this litigation nor reasonably calculated to

20   lead to the discovery of admissible evidence.  SDI further objects to this definition to the

21   extent it purports to impose a greater burden on SDI than is otherwise permissible under

22   the law, including without limitation the Federal Rules of Civil Procedure.

23   ## III.

24   ## RESPONSES TO REQUESTS FOR ADMISSION

25   Subject to the foregoing General Objections and Objections to Certain

26   Instructions and Definitions, SDI hereby responds to Plaintiffs' individual requests for

27   admission as follows:

28

-9-

1    **REQUEST FOR ADMISSION NO. 1:**

2       As set forth in paragraph 4(b) of your Plea Agreement, admit that CDTs are

3    a type of cathode ray tube manufactured for use in computer monitors.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

5       In addition to its General Objections and Objections to Certain Instructions

6    and Definitions, each of which is incorporated by this reference as though fully set forth

7    herein, SDI objects to this request to the extent it seeks information in the possession,

8    custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs

9    from other defendants, third parties or otherwise. SDI also objects to this request on the

10   grounds that it is vague and ambiguous.

11      Subject to and without waiver of the foregoing objections, and based on

12   SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

13   SDI responds as follows: SDI admits that color display tubes ("CDTs") are a type of

14   cathode ray tube that may be used in computer monitors and other products.

15   **REQUEST FOR ADMISSION NO. 2:**

16      As set forth in paragraph 4(a) of your Plea Agreement, admit that during the

17   Relevant Period, Samsung SDI was a producer of CDTs.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

19      In addition to its General Objections and Objections to Certain Instructions

20   and Definitions, each of which is incorporated by this reference as though fully set forth

21   herein, SDI objects to this request on the grounds that it is vague, ambiguous, overbroad,

22   and seeks information that is neither relevant to any claims or defenses in this litigation nor

23   reasonably calculated to lead to the discovery of admissible evidence.

24      Subject to and without waiver of the foregoing objections, and based on

25   SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

26   SDI responds as follows: SDI admits that it manufactured color display tubes during at

27   least portions of the time period January 1997 through March 2006.

28

SMRH:411862634.3
MDL No. 1917

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1  **REQUEST FOR ADMISSION NO. 3:**

2  　　　　As set forth in paragraph 4(a) of your Plea Agreement, admit that during the

3  Relevant Period, Samsung SDI was engaged in the sale of CDTs in the United States and

4  elsewhere.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

6  　　　　In addition to its General Objections and Objections to Certain Instructions

7  and Definitions, each of which is incorporated by this reference as though fully set forth

8  herein, SDI objects to this request on the grounds that it is vague, ambiguous, overbroad,

9  and seeks information that is neither relevant to any claims or defenses in this litigation nor

10 reasonably calculated to lead to the discovery of admissible evidence.  SDI further objects

11 to this request to the extent it assumes disputed facts or legal conclusions, and/or to the

12 extent it purports to require SDI to draw legal conclusions.

13 　　　　Subject to and without waiver of the foregoing objections, and based on

14 SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

15 SDI responds as follows:  SDI admits that it sold color display tubes in the United States

16 and elsewhere during at least portions of the time period January 1997 through March

17 2006.

18 **REQUEST FOR ADMISSION NO. 4:**

19 　　　　As set forth in paragraph 4(d) of your Plea Agreement, admit that during the

20 Relevant Period, Samsung SDI's CDT sales to customers in the United States totaled

21 approximately $89 million.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

23 　　　　In addition to its General Objections and Objections to Certain Instructions

24 and Definitions, each of which is incorporated by this reference as though fully set forth

25 herein, SDI objects to this request to the extent that it seeks privileged or immune

26 information, including without limitation documents or information subject to the attorney-

27 client privilege, common-interest privilege, work-product doctrine, joint defense privilege,

28 and/or relating to confidential plea or settlement negotiations, and/or any other privilege or

SMRH:411862634 3
MDL No 1917

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1   immunity.  SDI also objects to this request to the extent it seeks information in the

2   possession, custody or control of Plaintiffs, or that are equally or more readily available to

3   Plaintiffs from other defendants, third parties or otherwise, particularly to the extent it

4   seeks documents or information regarding persons or entities other than SDI.  SDI further

5   objects to this request to the extent it assumes disputed facts or legal conclusions, and/or to

6   the extent it purports to require SDI to draw legal conclusions, and SDI hereby denies any

7   such disputed facts or legal conclusions.  SDI also objects to this request on the grounds

8   that it is vague and ambiguous, including without limitation as to the term "customers in

9   the United States" as used in this request.

10          Subject to and without waiver of the foregoing objections, and based on

11   SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

12   SDI responds as follows:  SDI admits that the "volume of commerce" figure used in

13   calculating SDI's sentence under the U.S. Sentencing Guidelines, pursuant to SDI's

14   May 12, 2011 Amended Plea Agreement with the U.S. Department of Justice (the "Plea

15   Agreement"), was $89 million.  SDI otherwise denies this request.

16   **REQUEST FOR ADMISSION NO. 5:**

17          As set forth in paragraph 4(c) of your Plea Agreement, admit that during the

18   Relevant Period, Samsung SDI, through its officers and employees, including high-level

19   personnel, participated in a conspiracy among major CDT producers, the primary purpose

20   of which was to fix prices, reduce output, and allocate market shares of CDTs sold in the

21   United States and elsewhere.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

23          In addition to its General Objections and Objections to Certain Instructions

24   and Definitions, each of which is incorporated by this reference as though fully set forth

25   herein, SDI objects to this request to the extent that it seeks privileged or immune

26   information, including without limitation documents or information subject to the attorney-

27   client privilege, common-interest privilege, work-product doctrine, joint defense privilege,

28   and/or relating to confidential plea or settlement negotiations, and/or any other privilege or

-12-

1  immunity.  SDI further objects to this request to the extent it assumes disputed facts or
2  legal conclusions, and/or to the extent it purports to require SDI to draw legal conclusions,
3  and SDI hereby denies any such disputed facts or legal conclusions.  SDI also objects to
4  this request on the grounds that it is vague, ambiguous, overbroad, and seeks information
5  that is neither relevant to any claims or defenses in this litigation nor reasonably calculated
6  to lead to the discovery of admissible evidence.

7       Subject to and without waiver of the foregoing objections, and based on
8  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,
9  SDI responds as follows:  SDI admits that it participated in the CDT conspiracy described
10  in its Plea Agreement.

11  **REQUEST FOR ADMISSION NO. 6:**

12       As set forth in paragraph 4(e) of your Plea Agreement, admit that acts in
13  furtherance of the CDT Conspiracy were carried out within the Northern District of
14  California.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

16       In addition to its General Objections and Objections to Certain Instructions
17  and Definitions, each of which is incorporated by this reference as though fully set forth
18  herein, SDI objects to this request to the extent that it seeks privileged or immune
19  information, including without limitation documents or information subject to the attorney-
20  client privilege, common-interest privilege, work-product doctrine, joint defense privilege,
21  and/or relating to confidential plea or settlement negotiations, and/or any other privilege or
22  immunity.  SDI further objects to this request to the extent it assumes disputed facts or
23  legal conclusions, and/or to the extent it purports to require SDI to draw legal conclusions,
24  and SDI hereby denies any such disputed facts or legal conclusions.  SDI also objects to
25  this request on the grounds that it is vague, ambiguous, overbroad, and seeks information
26  that is neither relevant to any claims or defenses in this litigation nor reasonably calculated
27  to lead to the discovery of admissible evidence.

28

-13-

1    Subject to and without waiver of the foregoing objections, and based on

2  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

3  SDI responds as follows: Admitted.

4  **REQUEST FOR ADMISSION NO. 7:**

5    As set forth in paragraph 4(e) of your Plea Agreement, admit that the CDTs

6  that were the subject of the CDT Conspiracy were transported by one or more of the

7  conspirators through the Northern District of California.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

9    In addition to its General Objections and Objections to Certain Instructions

10  and Definitions, each of which is incorporated by this reference as though fully set forth

11  herein, SDI objects to this request to the extent that it seeks privileged or immune

12  information, including without limitation documents or information subject to the attorney-

13  client privilege, common-interest privilege, work-product doctrine, joint defense privilege,

14  and/or relating to confidential plea or settlement negotiations, and/or any other privilege or

15  immunity. SDI further objects to this request to the extent it assumes disputed facts or

16  legal conclusions, and/or to the extent it purports to require SDI to draw legal conclusions,

17  and SDI hereby denies any such disputed facts or legal conclusions. SDI also objects to

18  this request on the grounds that it is vague, ambiguous, overbroad, and seeks information

19  that is neither relevant to any claims or defenses in this litigation nor reasonably calculated

20  to lead to the discovery of admissible evidence.

21    Subject to and without waiver of the foregoing objections, and based on

22  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

23  SDI responds as follows: Admitted.

24  **REQUEST FOR ADMISSION NO. 8:**

25    As set forth in paragraph 4(c) of your Plea Agreement, admit that in

26  furtherance of the CDT Conspiracy, Samsung SDI, through its officers and employees,

27  engaged in discussions and attended meetings with representatives of other major CDT

28  producers.

-14-

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

In addition to its General Objections and Objections to Certain Instructions and Definitions, each of which is incorporated by this reference as though fully set forth herein, SDI objects to this request to the extent that it seeks privileged or immune information, including without limitation documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege, and/or relating to confidential plea or settlement negotiations, and/or any other privilege or immunity. SDI further objects to this request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or legal conclusions. SDI also objects to this request on the grounds that it is vague, ambiguous, overbroad, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, and based on SDI's present knowledge following a reasonable and non-exhaustive search and inquiry, SDI responds as follows:  SDI admits that it participated in the CDT conspiracy described in its Plea Agreement.

**REQUEST FOR ADMISSION NO. 9:**

As set forth in paragraph 4(c) of your Plea Agreement, admit that during discussions and meetings with major CDT producers, agreements were reached to fix prices, reduce output, and allocate market shares of CDTs to be sold in the United States and elsewhere.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

In addition to its General Objections and Objections to Certain Instructions and Definitions, each of which is incorporated by this reference as though fully set forth herein, SDI objects to this request to the extent that it seeks privileged or immune information, including without limitation documents or information subject to the attorney-client privilege, common-interest privilege, work-product doctrine, joint defense privilege,

-15-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1  and/or relating to confidential plea or settlement negotiations, and/or any other privilege or

2  immunity.  SDI further objects to this request to the extent it assumes disputed facts or

3  legal conclusions, and/or to the extent it purports to require SDI to draw legal conclusions,

4  and SDI hereby denies any such disputed facts or legal conclusions.  SDI also objects to

5  this request on the grounds that it is vague, ambiguous, overbroad, and seeks information

6  that is neither relevant to any claims or defenses in this litigation nor reasonably calculated

7  to lead to the discovery of admissible evidence.

8         Subject to and without waiver of the foregoing objections, and based on

9  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

10 SDI responds as follows:  SDI admits that it participated in the CDT conspiracy described

11 in its Plea Agreement.

12 **REQUEST FOR ADMISSION NO. 10:**

13        As set forth in paragraph 4(d) of your Plea Agreement, admit that the

14 business activities of Samsung SDI in connection with the production and sales of CDTs

15 that were the subject of the CDT Conspiracy were within the flow of, and substantially

16 affected, interstate and foreign trade and commerce.

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

18        In addition to its General Objections and Objections to Certain Instructions

19 and Definitions, each of which is incorporated by this reference as though fully set forth

20 herein, SDI objects to this request to the extent that it seeks privileged or immune

21 information, including without limitation documents or information subject to the attorney-

22 client privilege, common-interest privilege, work-product doctrine, joint defense privilege,

23 and/or relating to confidential plea or settlement negotiations, and/or any other privilege or

24 immunity.  SDI further objects to this request to the extent it assumes disputed facts or

25 legal conclusions, and/or to the extent it purports to require SDI to draw legal conclusions,

26 and SDI hereby denies any such disputed facts or legal conclusions.  SDI also objects to

27 this request on the grounds that it is vague, ambiguous, overbroad, and seeks information

28

-16-

1  that is neither relevant to any claims or defenses in this litigation nor reasonably calculated

2  to lead to the discovery of admissible evidence.

3         Subject to and without waiver of the foregoing objections, and based on

4  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

5  SDI responds as follows:  Admitted.

6  **REQUEST FOR ADMISSION NO. 11:**

7         Admit that Dell purchased monitors containing CDTs manufactured by

8  Samsung SDI during the Relevant Period.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

10         In addition to its General Objections and Objections to Certain Instructions

11  and Definitions, each of which is incorporated by this reference as though fully set forth

12  herein, SDI objects to this request to the extent it seeks information in the possession,

13  custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs

14  from other defendants, third parties or otherwise, particularly to the extent it seeks

15  documents or information regarding persons or entities other than SDI.  SDI also objects to

16  this request on the grounds that it is vague, ambiguous, overbroad, and seeks information

17  that is neither relevant to any claims or defenses in this litigation nor reasonably calculated

18  to lead to the discovery of admissible evidence.

19         Subject to and without waiver of the foregoing objections, and based on

20  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

21  SDI responds that it presently lacks sufficient information to admit or deny this request as

22  framed.

23  **REQUEST FOR ADMISSION NO. 12:**

24         Admit that officers and employees of Samsung SDI engaged in discussions

25  and attended meetings with representatives of at least one of the Hitachi Companies during

26  the Relevant Period.

27

28

-17-

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

In addition to its General Objections and Objections to Certain Instructions and Definitions, each of which is incorporated by this reference as though fully set forth herein, SDI objects to this request on the grounds that it is vague and ambiguous, including without limitation as to the purportedly defined term "discussions and [] meetings" as used in this request. SDI also objects to this request to the extent it seeks information in the possession, custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other defendants, third parties or otherwise. SDI further objects to this request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or legal conclusions. SDI also objects to this request on the grounds that it is overbroad and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, and based on SDI's present knowledge following a reasonable and non-exhaustive search and inquiry, SDI responds as follows:  Denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that officers and employees of Samsung SDI exchanged CDT pricing information with at least one of the Hitachi Companies during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

In addition to its General Objections and Objections to Certain Instructions and Definitions, each of which is incorporated by this reference as though fully set forth herein, SDI objects to this request on the grounds that it is vague and ambiguous, including without limitation as to the term "pricing information" as used in this request. SDI also objects to this request to the extent it seeks information in the possession, custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other defendants, third parties or otherwise. SDI further objects to this request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

-18-

1  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

2  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

3  information that is neither relevant to any claims or defenses in this litigation nor

4  reasonably calculated to lead to the discovery of admissible evidence.  SDI further objects

5  to this request on the grounds that it is duplicative and unreasonably cumulative of other

6  discovery propounded and responded to in this multi-district litigation, in violation of

7  Section X.V., par. C-F, of the Court's April 3, 2012 Order re Discovery and Case

8  Management Protocol, and is therefore unduly burdensome and oppressive.

9  **REQUEST FOR ADMISSION NO. 14:**

10  Admit that officers and employees of Samsung SDI participated in a

11  conspiracy to fix prices of CDTs with at least one of the Hitachi Companies during the

12  Relevant Period.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

14  In addition to its General Objections and Objections to Certain Instructions

15  and Definitions, each of which is incorporated by this reference as though fully set forth

16  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

17  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

18  also objects to this request to the extent it seeks information in the possession, custody or

19  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

20  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

21  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

22  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

23  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

24  information that is neither relevant to any claims or defenses in this litigation nor

25  reasonably calculated to lead to the discovery of admissible evidence.

26  Subject to and without waiver of the foregoing objections, and based on

27  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

28  SDI responds as follows:  Denied.

-19-

**REQUEST FOR ADMISSION NO. 15:**

Admit that officers and employees of Samsung SDI participated in a conspiracy to reduce output of CDTs with at least one of the Hitachi Companies during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

In addition to its General Objections and Objections to Certain Instructions and Definitions, each of which is incorporated by this reference as though fully set forth herein, SDI objects to this request on the grounds that it is vague and ambiguous, including without limitation as to the term "participated in a conspiracy" as used in this request. SDI also objects to this request to the extent it seeks information in the possession, custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other defendants, third parties or otherwise. SDI further objects to this request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or legal conclusions. SDI also objects to this request on the grounds that it is overbroad and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, and based on SDI's present knowledge following a reasonable and non-exhaustive search and inquiry, SDI responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that officers and employees of Samsung SDI participated in a conspiracy to allocate market shares of CDTs with at least one of the Hitachi Companies during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

In addition to its General Objections and Objections to Certain Instructions and Definitions, each of which is incorporated by this reference as though fully set forth herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

-20-

1  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

2  also objects to this request to the extent it seeks information in the possession, custody or

3  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

4  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

5  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

6  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

7  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

8  information that is neither relevant to any claims or defenses in this litigation nor

9  reasonably calculated to lead to the discovery of admissible evidence.

10        Subject to and without waiver of the foregoing objections, and based on

11  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

12  SDI responds as follows:  Denied.

13  **REQUEST FOR ADMISSION NO. 17:**

14        Admit that during discussions and meetings with at least one of the Hitachi

15  Companies, officers and employees of Samsung SDI reached agreements to fix prices of

16  CDTs during the Relevant Period.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

18        In addition to its General Objections and Objections to Certain Instructions

19  and Definitions, each of which is incorporated by this reference as though fully set forth

20  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

21  without limitation as to the purportedly defined term "discussions and meetings" and the

22  term "agreements" as used in this request.  SDI also objects to this request to the extent it

23  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

24  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

25  further objects to this request to the extent it assumes disputed facts or legal conclusions,

26  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

27  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

28  grounds that it is overbroad and seeks information that is neither relevant to any claims or

-21-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible
2  evidence.

3         Subject to and without waiver of the foregoing objections, and based on
4  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,
5  SDI responds as follows:  Denied.

6  **REQUEST FOR ADMISSION NO. 18:**

7         Admit that during discussions and meetings with at least one of the Hitachi
8  Companies, officers and employees of Samsung SDI reached agreements to reduce output
9  of CDTs during the Relevant Period.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

11        In addition to its General Objections and Objections to Certain Instructions
12 and Definitions, each of which is incorporated by this reference as though fully set forth
13 herein, SDI objects to this request on the grounds that it is vague and ambiguous, including
14 without limitation as to the purportedly defined term "discussions and meetings" and the
15 term "agreements" as used in this request.  SDI also objects to this request to the extent it
16 seeks information in the possession, custody or control of Plaintiffs, or that are equally or
17 more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI
18 further objects to this request to the extent it assumes disputed facts or legal conclusions,
19 and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby
20 denies any such disputed facts or legal conclusions.  SDI also objects to this request on the
21 grounds that it is overbroad and seeks information that is neither relevant to any claims or
22 defenses in this litigation nor reasonably calculated to lead to the discovery of admissible
23 evidence.

24        Subject to and without waiver of the foregoing objections, and based on
25 SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,
26 SDI responds as follows:  Denied.

27

28

-22-

1   **REQUEST FOR ADMISSION NO. 19:**

2         Admit that during discussions and meetings with at least one of the Hitachi

3   Companies, officers and employees of Samsung SDI reached agreements to allocate

4   market shares of CDTs during the Relevant Period.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

6         In addition to its General Objections and Objections to Certain Instructions

7   and Definitions, each of which is incorporated by this reference as though fully set forth

8   herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

9   without limitation as to the purportedly defined term "discussions and meetings" and the

10  term "agreements" as used in this request.  SDI also objects to this request to the extent it

11  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

12  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

13  further objects to this request to the extent it assumes disputed facts or legal conclusions,

14  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

15  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

16  grounds that it is overbroad and seeks information that is neither relevant to any claims or

17  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

18  evidence.

19        Subject to and without waiver of the foregoing objections, and based on

20  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

21  SDI responds as follows:  Denied.

22  **REQUEST FOR ADMISSION NO. 20:**

23        Admit that officers and employees of Samsung SDI engaged in discussions

24  and attended meetings with at least one of the Irico Companies during the Relevant Period.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

26        In addition to its General Objections and Objections to Certain Instructions

27  and Definitions, each of which is incorporated by this reference as though fully set forth

28  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

SMRH 411862634 3
MDL No 1917

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1  without limitation as to the purportedly defined term "discussions and [] meetings" as used

2  in this request.  SDI also objects to this request to the extent it seeks information in the

3  possession, custody or control of Plaintiffs, or that are equally or more readily available to

4  Plaintiffs from other defendants, third parties or otherwise.  SDI further objects to this

5  request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it

6  purports to require SDI to draw legal conclusions, and SDI hereby denies any such

7  disputed facts or legal conclusions.  SDI also objects to this request on the grounds that it

8  is overbroad and seeks information that is neither relevant to any claims or defenses in this

9  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10        Subject to and without waiver of the foregoing objections, and based on

11  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

12  SDI responds as follows:  Denied.

13  **REQUEST FOR ADMISSION NO. 21:**

14        Admit that officers and employees of Samsung SDI exchanged CDT pricing

15  information with at least one of the Irico Companies during the Relevant Period.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

17        In addition to its General Objections and Objections to Certain Instructions

18  and Definitions, each of which is incorporated by this reference as though fully set forth

19  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

20  without limitation as to the term "pricing information" as used in this request.  SDI also

21  objects to this request to the extent it seeks information in the possession, custody or

22  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

23  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

24  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

25  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

26  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

27  information that is neither relevant to any claims or defenses in this litigation nor

28  reasonably calculated to lead to the discovery of admissible evidence.  SDI further objects

-24-

1   to this request on the grounds that it is duplicative and unreasonably cumulative of other

2   discovery propounded and responded to in this multi-district litigation, in violation of

3   Section X.V., par. C-F, of the Court's April 3, 2012 Order re Discovery and Case

4   Management Protocol, and is therefore unduly burdensome and oppressive.

5   **REQUEST FOR ADMISSION NO. 22:**

6            Admit that officers and employees of Samsung SDI participated in a

7   conspiracy to fix prices of CDTs with at least one of the Irico Companies during the

8   Relevant Period.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

10           In addition to its General Objections and Objections to Certain Instructions

11  and Definitions, each of which is incorporated by this reference as though fully set forth

12  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

13  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

14  also objects to this request to the extent it seeks information in the possession, custody or

15  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

16  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

17  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

18  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

19  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

20  information that is neither relevant to any claims or defenses in this litigation nor

21  reasonably calculated to lead to the discovery of admissible evidence.

22           Subject to and without waiver of the foregoing objections, and based on

23  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

24  SDI responds as follows:  Denied.

25  **REQUEST FOR ADMISSION NO. 23:**

26           Admit that officers and employees of Samsung SDI participated in a

27  conspiracy to reduce output of CDTs with at least one of the Irico Companies during the

28  Relevant Period.

SMRH 411862634 3
MDL No. 1917

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

2         In addition to its General Objections and Objections to Certain Instructions

3  and Definitions, each of which is incorporated by this reference as though fully set forth

4  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

5  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

6  also objects to this request to the extent it seeks information in the possession, custody or

7  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

8  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

9  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

10  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

11  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

12  information that is neither relevant to any claims or defenses in this litigation nor

13  reasonably calculated to lead to the discovery of admissible evidence.

14         Subject to and without waiver of the foregoing objections, and based on

15  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

16  SDI responds as follows:  Denied.

17  **REQUEST FOR ADMISSION NO. 24:**

18         Admit that officers and employees of Samsung SDI participated in a

19  conspiracy to allocate market shares of CDTs with at least one of the Irico Companies

20  during the Relevant Period.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

22         In addition to its General Objections and Objections to Certain Instructions

23  and Definitions, each of which is incorporated by this reference as though fully set forth

24  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

25  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

26  also objects to this request to the extent it seeks information in the possession, custody or

27  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

28  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

-26-

1 │ assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

2 │ to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

3 │ conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

4 │ information that is neither relevant to any claims or defenses in this litigation nor

5 │ reasonably calculated to lead to the discovery of admissible evidence.

6 │           Subject to and without waiver of the foregoing objections, and based on

7 │ SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

8 │ SDI responds as follows:  Denied.

9 │ **REQUEST FOR ADMISSION NO. 25:**

10 │           Admit that during discussions and meetings with at least one of the Irico

11 │ Companies, officers and employees of Samsung SDI reached agreements to fix prices of

12 │ CDTs during the Relevant Period.

13 │ **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

14 │           In addition to its General Objections and Objections to Certain Instructions

15 │ and Definitions, each of which is incorporated by this reference as though fully set forth

16 │ herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

17 │ without limitation as to the purportedly defined term "discussions and meetings" and the

18 │ term "agreements" as used in this request.  SDI also objects to this request to the extent it

19 │ seeks information in the possession, custody or control of Plaintiffs, or that are equally or

20 │ more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

21 │ further objects to this request to the extent it assumes disputed facts or legal conclusions,

22 │ and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

23 │ denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

24 │ grounds that it is overbroad and seeks information that is neither relevant to any claims or

25 │ defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

26 │ evidence.

27

28

-27-

SMRH:411862634.3
MDL No. 1917

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1    Subject to and without waiver of the foregoing objections, and based on

2  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

3  SDI responds as follows:  Denied.

4  **REQUEST FOR ADMISSION NO. 26:**

5    Admit that during discussions and meetings with at least one of the Irico

6  Companies, officers and employees of Samsung SDI reached agreements to reduce output

7  of CDTs during the Relevant Period.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

9    In addition to its General Objections and Objections to Certain Instructions

10  and Definitions, each of which is incorporated by this reference as though fully set forth

11  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

12  without limitation as to the purportedly defined term "discussions and meetings" and the

13  term "agreements" as used in this request.  SDI also objects to this request to the extent it

14  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

15  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

16  further objects to this request to the extent it assumes disputed facts or legal conclusions,

17  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

18  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

19  grounds that it is overbroad and seeks information that is neither relevant to any claims or

20  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

21  evidence.

22    Subject to and without waiver of the foregoing objections, and based on

23  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

24  SDI responds as follows:  Denied.

25  **REQUEST FOR ADMISSION NO. 27:**

26    Admit that during discussions and meetings with at least one of the Irico

27  Companies, officers and employees of Samsung SDI reached agreements to allocate

28  market shares of CDTs during the Relevant Period.

-28-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

In addition to its General Objections and Objections to Certain Instructions and Definitions, each of which is incorporated by this reference as though fully set forth herein, SDI objects to this request on the grounds that it is vague and ambiguous, including without limitation as to the purportedly defined term "discussions and meetings" and the term "agreements" as used in this request. SDI also objects to this request to the extent it seeks information in the possession, custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other defendants, third parties or otherwise. SDI further objects to this request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or legal conclusions. SDI also objects to this request on the grounds that it is overbroad and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, and based on SDI's present knowledge following a reasonable and non-exhaustive search and inquiry, SDI responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 28:**

Admit that officers and employees of Samsung SDI engaged in discussions and attended meetings with representatives of at least one of the LG Companies during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

In addition to its General Objections and Objections to Certain Instructions and Definitions, each of which is incorporated by this reference as though fully set forth herein, SDI objects to this request on the grounds that it is vague and ambiguous, including without limitation as to the purportedly defined term "discussions and [] meetings" as used in this request. SDI also objects to this request to the extent it seeks information in the possession, custody or control of Plaintiffs, or that are equally or more readily available to

-29-

1  Plaintiffs from other defendants, third parties or otherwise.  SDI further objects to this

2  request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it

3  purports to require SDI to draw legal conclusions, and SDI hereby denies any such

4  disputed facts or legal conclusions.  SDI also objects to this request on the grounds that it

5  is overbroad and seeks information that is neither relevant to any claims or defenses in this

6  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7          Subject to and without waiver of the foregoing objections, and based on

8  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

9  SDI responds as follows:  Denied.

10  **REQUEST FOR ADMISSION NO. 29:**

11          Admit that officers and employees of Samsung SDI exchanged CDT pricing

12  information with at least one of the LG Companies during the Relevant Period.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

14          In addition to its General Objections and Objections to Certain Instructions

15  and Definitions, each of which is incorporated by this reference as though fully set forth

16  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

17  without limitation as to the term "pricing information" as used in this request.  SDI also

18  objects to this request to the extent it seeks information in the possession, custody or

19  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

20  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

21  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

22  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

23  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

24  information that is neither relevant to any claims or defenses in this litigation nor

25  reasonably calculated to lead to the discovery of admissible evidence.  SDI further objects

26  to this request on the grounds that it is duplicative and unreasonably cumulative of other

27  discovery propounded and responded to in this multi-district litigation, in violation of

28

-30-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1  Section X.V., par. C-F, of the Court's April 3, 2012 Order re Discovery and Case

2  Management Protocol, and is therefore unduly burdensome and oppressive.

3  **REQUEST FOR ADMISSION NO. 30:**

4           Admit that officers and employees of Samsung SDI participated in a

5  conspiracy to fix prices of CDTs with at least one of the LG Companies during the

6  Relevant Period.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

8           In addition to its General Objections and Objections to Certain Instructions

9  and Definitions, each of which is incorporated by this reference as though fully set forth

10  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

11  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

12  also objects to this request to the extent it seeks information in the possession, custody or

13  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

14  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

15  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

16  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

17  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

18  information that is neither relevant to any claims or defenses in this litigation nor

19  reasonably calculated to lead to the discovery of admissible evidence.

20           Subject to and without waiver of the foregoing objections, and based on

21  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

22  SDI responds as follows:  Denied.

23  **REQUEST FOR ADMISSION NO. 31:**

24           Admit that officers and employees of Samsung SDI participated in a

25  conspiracy to reduce output of CDTs with at least one of the LG Companies during the

26  Relevant Period.

27

28
                                         -31-

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

2        In addition to its General Objections and Objections to Certain Instructions

3  and Definitions, each of which is incorporated by this reference as though fully set forth

4  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

5  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

6  also objects to this request to the extent it seeks information in the possession, custody or

7  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

8  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

9  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

10  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

11  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

12  information that is neither relevant to any claims or defenses in this litigation nor

13  reasonably calculated to lead to the discovery of admissible evidence.

14        Subject to and without waiver of the foregoing objections, and based on

15  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

16  SDI responds as follows:  Denied.

17  **REQUEST FOR ADMISSION NO. 32:**

18        Admit that officers and employees of Samsung SDI participated in a

19  conspiracy to allocate market shares of CDTs with at least one of the LG Companies

20  during the Relevant Period.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

22        In addition to its General Objections and Objections to Certain Instructions

23  and Definitions, each of which is incorporated by this reference as though fully set forth

24  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

25  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

26  also objects to this request to the extent it seeks information in the possession, custody or

27  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

28  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

-32-

1  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

2  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

3  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

4  information that is neither relevant to any claims or defenses in this litigation nor

5  reasonably calculated to lead to the discovery of admissible evidence.

6          Subject to and without waiver of the foregoing objections, and based on

7  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

8  SDI responds as follows:  Denied.

9  **REQUEST FOR ADMISSION NO. 33:**

10         Admit that during discussions and meetings with at least one of the LG

11  Companies, officers and employees of Samsung SDI reached agreements to fix prices of

12  CDTs during the Relevant Period.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

14         In addition to its General Objections and Objections to Certain Instructions

15  and Definitions, each of which is incorporated by this reference as though fully set forth

16  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

17  without limitation as to the purportedly defined term "discussions and meetings" and the

18  term "agreements" as used in this request.  SDI also objects to this request to the extent it

19  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

20  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

21  further objects to this request to the extent it assumes disputed facts or legal conclusions,

22  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

23  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

24  grounds that it is overbroad and seeks information that is neither relevant to any claims or

25  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

26  evidence.

27

28

-33-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1    Subject to and without waiver of the foregoing objections, and based on

2   SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

3   SDI responds as follows:  Denied.

4   **REQUEST FOR ADMISSION NO. 34:**

5    Admit that during discussions and meetings with at least one of the LG

6   Companies, officers and employees of Samsung SDI reached agreements to reduce output

7   of CDTs during the Relevant Period.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

9    In addition to its General Objections and Objections to Certain Instructions

10   and Definitions, each of which is incorporated by this reference as though fully set forth

11   herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

12   without limitation as to the purportedly defined term "discussions and meetings" and the

13   term "agreements" as used in this request.  SDI also objects to this request to the extent it

14   seeks information in the possession, custody or control of Plaintiffs, or that are equally or

15   more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

16   further objects to this request to the extent it assumes disputed facts or legal conclusions,

17   and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

18   denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

19   grounds that it is overbroad and seeks information that is neither relevant to any claims or

20   defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

21   evidence.

22    Subject to and without waiver of the foregoing objections, and based on

23   SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

24   SDI responds as follows:  Denied.

25   **REQUEST FOR ADMISSION NO. 35:**

26    Admit that during discussions and meetings with at least one of the LG

27   Companies, officers and employees of Samsung SDI reached agreements to allocate

28   market shares of CDTs during the Relevant Period.

-34-

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

2        In addition to its General Objections and Objections to Certain Instructions

3  and Definitions, each of which is incorporated by this reference as though fully set forth

4  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

5  without limitation as to the purportedly defined term "discussions and meetings" and the

6  term "agreements" as used in this request.  SDI also objects to this request to the extent it

7  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

8  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

9  further objects to this request to the extent it assumes disputed facts or legal conclusions,

10  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

11  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

12  grounds that it is overbroad and seeks information that is neither relevant to any claims or

13  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

14  evidence.

15        Subject to and without waiver of the foregoing objections, and based on

16  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

17  SDI responds as follows:  Denied.

18  **REQUEST FOR ADMISSION NO. 36:**

19        Admit that officers and employees of Samsung SDI engaged in discussions

20  and attended meetings with at least one of the Mitsubishi Companies during the Relevant

21  Period.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

23        In addition to its General Objections and Objections to Certain Instructions

24  and Definitions, each of which is incorporated by this reference as though fully set forth

25  herein, SDI objects to this request to the extent it seeks information in the possession,

26  custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs

27  from other defendants, third parties or otherwise.  SDI further objects to this request to the

28  extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to

-35-

1  require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or

2  legal conclusions.  SDI also objects to this request on the grounds that it is vague and

3  ambiguous, overbroad, and seeks information that is neither relevant to any claims or

4  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

5  evidence.

6         Subject to and without waiver of the foregoing objections, and based on

7  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

8  SDI responds as follows:  SDI admits that it engaged in discussions and attended meetings

9  as described in its Plea Agreement with individuals who SDI understood to be

10  representatives of at least one Mitsubishi entity.

11  **REQUEST FOR ADMISSION NO. 37:**

12         Admit that officers and employees of Samsung SDI exchanged CDT pricing

13  information with at least one of the Mitsubishi Companies during the Relevant Period.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

15         In addition to its General Objections and Objections to Certain Instructions

16  and Definitions, each of which is incorporated by this reference as though fully set forth

17  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

18  without limitation as to the term "pricing information" as used in this request.  SDI also

19  objects to this request to the extent it seeks information in the possession, custody or

20  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

21  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

22  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

23  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

24  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

25  information that is neither relevant to any claims or defenses in this litigation nor

26  reasonably calculated to lead to the discovery of admissible evidence.  SDI further objects

27  to this request on the grounds that it is duplicative and unreasonably cumulative of other

28  discovery propounded and responded to in this multi-district litigation, in violation of

-36-

1  Section X.V., par. C-F, of the Court's April 3, 2012 Order re Discovery and Case

2  Management Protocol, and is therefore unduly burdensome and oppressive.

3  **REQUEST FOR ADMISSION NO. 38:**

4          Admit that officers and employees of Samsung SDI participated in a

5  conspiracy to fix prices of CDTs with at least one of the Mitsubishi Companies during the

6  Relevant Period.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

8          In addition to its General Objections and Objections to Certain Instructions

9  and Definitions, each of which is incorporated by this reference as though fully set forth

10  herein, SDI objects to this request to the extent it seeks information in the possession,

11  custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs

12  from other defendants, third parties or otherwise.  SDI further objects to this request to the

13  extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to

14  require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or

15  legal conclusions.  SDI also objects to this request on the grounds that it is vague and

16  ambiguous, overbroad, and seeks information that is neither relevant to any claims or

17  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

18  evidence.

19          Subject to and without waiver of the foregoing objections, and based on

20  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

21  SDI responds as follows:  SDI admits that it participated in the CDT conspiracy described

22  in its Plea Agreement with at least one Mitsubishi entity.

23  **REQUEST FOR ADMISSION NO. 39:**

24          Admit that officers and employees of Samsung SDI participated in a

25  conspiracy to reduce output of CDTs with at least one of the Mitsubishi Companies during

26  the Relevant Period.

27

28

-37-

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

In addition to its General Objections and Objections to Certain Instructions and Definitions, each of which is incorporated by this reference as though fully set forth herein, SDI objects to this request to the extent it seeks information in the possession, custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other defendants, third parties or otherwise. SDI further objects to this request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or legal conclusions. SDI also objects to this request on the grounds that it is vague and ambiguous, overbroad, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, and based on SDI's present knowledge following a reasonable and non-exhaustive search and inquiry, SDI responds as follows:  SDI admits that it participated in the CDT conspiracy described in its Plea Agreement with at least one Mitsubishi entity.

**REQUEST FOR ADMISSION NO. 40:**

Admit that officers and employees of Samsung SDI participated in a conspiracy to allocate market shares of CDTs with at least one of the Mitsubishi Companies during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

In addition to its General Objections and Objections to Certain Instructions and Definitions, each of which is incorporated by this reference as though fully set forth herein, SDI objects to this request to the extent it seeks information in the possession, custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other defendants, third parties or otherwise. SDI further objects to this request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or

-38-

1  legal conclusions.  SDI also objects to this request on the grounds that it is vague and
2  ambiguous, overbroad, and seeks information that is neither relevant to any claims or
3  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible
4  evidence.

5              Subject to and without waiver of the foregoing objections, and based on
6  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,
7  SDI responds as follows:  SDI admits that it participated in the CDT conspiracy described
8  in its Plea Agreement with at least one Mitsubishi entity.

9  **REQUEST FOR ADMISSION NO. 41:**

10             Admit that during discussions and meetings with at least one of the
11 Mitsubishi Companies, officers and employees of Samsung SDI reached agreements to fix
12 prices of CDTs during the Relevant Period.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

14             In addition to its General Objections and Objections to Certain Instructions
15 and Definitions, each of which is incorporated by this reference as though fully set forth
16 herein, SDI objects to this request to the extent it seeks information in the possession,
17 custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs
18 from other defendants, third parties or otherwise.  SDI further objects to this request to the
19 extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to
20 require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or
21 legal conclusions.  SDI also objects to this request on the grounds that it is vague and
22 ambiguous, overbroad, and seeks information that is neither relevant to any claims or
23 defenses in this litigation nor reasonably calculated to lead to the discovery of admissible
24 evidence.

25             Subject to and without waiver of the foregoing objections, and based on
26 SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,
27 SDI responds as follows:  SDI admits that it participated in the CDT conspiracy described
28 in its Plea Agreement with at least one Mitsubishi entity.

-39-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1  **REQUEST FOR ADMISSION NO. 42:**

2           Admit that during discussions and meetings with at least one of the

3  Mitsubishi Companies, officers and employees of Samsung SDI reached agreements to

4  reduce output of CDTs during the Relevant Period.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

6           In addition to its General Objections and Objections to Certain Instructions

7  and Definitions, each of which is incorporated by this reference as though fully set forth

8  herein, SDI objects to this request to the extent it seeks information in the possession,

9  custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs

10  from other defendants, third parties or otherwise.  SDI further objects to this request to the

11  extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to

12  require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or

13  legal conclusions.  SDI also objects to this request on the grounds that it is vague and

14  ambiguous, overbroad, and seeks information that is neither relevant to any claims or

15  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

16  evidence.

17           Subject to and without waiver of the foregoing objections, and based on

18  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

19  SDI responds as follows:  SDI admits that it participated in the CDT conspiracy described

20  in its Plea Agreement with at least one Mitsubishi entity.

21  **REQUEST FOR ADMISSION NO. 43:**

22           Admit that during discussions and meetings with at least one of the

23  Mitsubishi Companies, officers and employees of Samsung SDI reached agreements to

24  allocate market shares of CDTs during the Relevant Period.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

26           In addition to its General Objections and Objections to Certain Instructions

27  and Definitions, each of which is incorporated by this reference as though fully set forth

28  herein, SDI objects to this request to the extent it seeks information in the possession,

-40-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1  custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs

2  from other defendants, third parties or otherwise.  SDI further objects to this request to the

3  extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to

4  require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or

5  legal conclusions.  SDI also objects to this request on the grounds that it is vague and

6  ambiguous, overbroad, and seeks information that is neither relevant to any claims or

7  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

8  evidence.

9          Subject to and without waiver of the foregoing objections, and based on

10  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

11  SDI responds as follows:  SDI admits that it participated in the CDT conspiracy described

12  in its Plea Agreement with at least one Mitsubishi entity.

13  **REQUEST FOR ADMISSION NO. 44:**

14          Admit that officers and employees of Samsung SDI engaged in discussions

15  and attended meetings with at least one of the Philips Companies during the Relevant

16  Period.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

18          In addition to its General Objections and Objections to Certain Instructions

19  and Definitions, each of which is incorporated by this reference as though fully set forth

20  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

21  without limitation as to the purportedly defined term "discussions and [] meetings" as used

22  in this request.  SDI also objects to this request to the extent it seeks information in the

23  possession, custody or control of Plaintiffs, or that are equally or more readily available to

24  Plaintiffs from other defendants, third parties or otherwise.  SDI further objects to this

25  request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it

26  purports to require SDI to draw legal conclusions, and SDI hereby denies any such

27  disputed facts or legal conclusions.  SDI also objects to this request on the grounds that it

28

SMRH 411862634 3
MDL No. 1917

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1  is overbroad and seeks information that is neither relevant to any claims or defenses in this

2  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3          Subject to and without waiver of the foregoing objections, and based on

4  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

5  SDI responds as follows:  Denied.

6  **REQUEST FOR ADMISSION NO. 45:**

7          Admit that officers and employees of Samsung SDI exchanged CDT pricing

8  information with at least one of the Philips Companies during the Relevant Period.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

10          In addition to its General Objections and Objections to Certain Instructions

11  and Definitions, each of which is incorporated by this reference as though fully set forth

12  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

13  without limitation as to the term "pricing information" as used in this request.  SDI also

14  objects to this request to the extent it seeks information in the possession, custody or

15  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

16  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

17  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

18  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

19  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

20  information that is neither relevant to any claims or defenses in this litigation nor

21  reasonably calculated to lead to the discovery of admissible evidence.  SDI further objects

22  to this request on the grounds that it is duplicative and unreasonably cumulative of other

23  discovery propounded and responded to in this multi-district litigation, in violation of

24  Section X.V., par. C-F, of the Court's April 3, 2012 Order re Discovery and Case

25  Management Protocol, and is therefore unduly burdensome and oppressive.

26

27

28

-42-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1 | **REQUEST FOR ADMISSION NO. 46:**

2 |       Admit that officers and employees of Samsung SDI participated in a

3 | conspiracy to fix prices of CDTs with at least one of the Philips Companies during the

4 | Relevant Period.

5 | **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

6 |       In addition to its General Objections and Objections to Certain Instructions

7 | and Definitions, each of which is incorporated by this reference as though fully set forth

8 | herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

9 | without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

10 | also objects to this request to the extent it seeks information in the possession, custody or

11 | control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

12 | defendants, third parties or otherwise.  SDI further objects to this request to the extent it

13 | assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

14 | to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

15 | conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

16 | information that is neither relevant to any claims or defenses in this litigation nor

17 | reasonably calculated to lead to the discovery of admissible evidence.

18 |       Subject to and without waiver of the foregoing objections, and based on

19 | SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

20 | SDI responds as follows:  Denied.

21 | **REQUEST FOR ADMISSION NO. 47:**

22 |       Admit that officers and employees of Samsung SDI participated in a

23 | conspiracy to reduce output of CDTs with at least one of the Philips Companies during the

24 | Relevant Period.

25 | **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

26 |       In addition to its General Objections and Objections to Certain Instructions

27 | and Definitions, each of which is incorporated by this reference as though fully set forth

28 | herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

-43-

1  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

2  also objects to this request to the extent it seeks information in the possession, custody or

3  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

4  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

5  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

6  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

7  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

8  information that is neither relevant to any claims or defenses in this litigation nor

9  reasonably calculated to lead to the discovery of admissible evidence.

10        Subject to and without waiver of the foregoing objections, and based on

11  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

12  SDI responds as follows:  Denied.

13  **REQUEST FOR ADMISSION NO. 48:**

14        Admit that officers and employees of Samsung SDI participated in a

15  conspiracy to allocate market shares of CDTs with at least one of the Philips Companies

16  during the Relevant Period.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

18        In addition to its General Objections and Objections to Certain Instructions

19  and Definitions, each of which is incorporated by this reference as though fully set forth

20  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

21  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

22  also objects to this request to the extent it seeks information in the possession, custody or

23  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

24  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

25  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

26  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

27  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

28

-44-

1  information that is neither relevant to any claims or defenses in this litigation nor

2  reasonably calculated to lead to the discovery of admissible evidence.

3          Subject to and without waiver of the foregoing objections, and based on

4  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

5  SDI responds as follows:  Denied.

6  **REQUEST FOR ADMISSION NO. 49:**

7          Admit that during discussions and meetings with at least one of the Philips

8  Companies, officers and employees of Samsung SDI reached agreements to fix prices of

9  CDTs during the Relevant Period.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

11          In addition to its General Objections and Objections to Certain Instructions

12  and Definitions, each of which is incorporated by this reference as though fully set forth

13  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

14  without limitation as to the purportedly defined term "discussions and meetings" and the

15  term "agreements" as used in this request.  SDI also objects to this request to the extent it

16  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

17  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

18  further objects to this request to the extent it assumes disputed facts or legal conclusions,

19  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

20  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

21  grounds that it is overbroad and seeks information that is neither relevant to any claims or

22  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

23  evidence.

24          Subject to and without waiver of the foregoing objections, and based on

25  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

26  SDI responds as follows: Denied.

27

28

-45-

1  **REQUEST FOR ADMISSION NO. 50:**

2        Admit that during discussions and meetings with at least one of the Philips

3  Companies, officers and employees of Samsung SDI reached agreements to reduce output

4  of CDTs during the Relevant Period.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

6        In addition to its General Objections and Objections to Certain Instructions

7  and Definitions, each of which is incorporated by this reference as though fully set forth

8  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

9  without limitation as to the purportedly defined term "discussions and meetings" and the

10  term "agreements" as used in this request.  SDI also objects to this request to the extent it

11  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

12  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

13  further objects to this request to the extent it assumes disputed facts or legal conclusions,

14  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

15  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

16  grounds that it is overbroad and seeks information that is neither relevant to any claims or

17  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

18  evidence.

19        Subject to and without waiver of the foregoing objections, and based on

20  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

21  SDI responds as follows:  Denied.

22  **REQUEST FOR ADMISSION NO. 51:**

23        Admit that during discussions and meetings with at least one of the Philips

24  Companies, officers and employees of Samsung SDI reached agreements to allocate

25  market shares of CDTs during the Relevant Period.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

27        In addition to its General Objections and Objections to Certain Instructions

28  and Definitions, each of which is incorporated by this reference as though fully set forth

-46-

herein, SDI objects to this request on the grounds that it is vague and ambiguous, including without limitation as to the purportedly defined term "discussions and meetings" and the term "agreements" as used in this request. SDI also objects to this request to the extent it seeks information in the possession, custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other defendants, third parties or otherwise. SDI further objects to this request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or legal conclusions. SDI also objects to this request on the grounds that it is overbroad and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, and based on SDI's present knowledge following a reasonable and non-exhaustive search and inquiry, SDI responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 52:**

Admit that officers and employees of Samsung SDI engaged in discussions and attended meetings with at least one of the Thompson Companies during the Relevant Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

In addition to its General Objections and Objections to Certain Instructions and Definitions, each of which is incorporated by this reference as though fully set forth herein, SDI objects to this request on the grounds that it is vague and ambiguous, including without limitation as to the purportedly defined term "discussions and [] meetings" as used in this request. SDI also objects to this request to the extent it seeks information in the possession, custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other defendants, third parties or otherwise. SDI further objects to this request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby denies any such

-47-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1  disputed facts or legal conclusions. SDI also objects to this request on the grounds that it

2  is overbroad and seeks information that is neither relevant to any claims or defenses in this

3  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4          Subject to and without waiver of the foregoing objections, and based on

5  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

6  SDI responds as follows: Denied.

7  **REQUEST FOR ADMISSION NO. 53:**

8          Admit that officers and employees of Samsung SDI exchanged CDT pricing

9  information with at least one of the Thompson Companies during the Relevant Period.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

11          In addition to its General Objections and Objections to Certain Instructions

12  and Definitions, each of which is incorporated by this reference as though fully set forth

13  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

14  without limitation as to the term "pricing information" as used in this request. SDI also

15  objects to this request to the extent it seeks information in the possession, custody or

16  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

17  defendants, third parties or otherwise. SDI further objects to this request to the extent it

18  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

19  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

20  conclusions. SDI also objects to this request on the grounds that it is overbroad and seeks

21  information that is neither relevant to any claims or defenses in this litigation nor

22  reasonably calculated to lead to the discovery of admissible evidence. SDI further objects

23  to this request on the grounds that it is duplicative and unreasonably cumulative of other

24  discovery propounded and responded to in this multi-district litigation, in violation of

25  Section X.V., par. C-F, of the Court's April 3, 2012 Order re Discovery and Case

26  Management Protocol, and is therefore unduly burdensome and oppressive.

27

28

-48-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1   **REQUEST FOR ADMISSION NO. 54:**

2   Admit that officers and employees of Samsung SDI participated in a

3   conspiracy to fix prices of CDTs with at least one of the Thompson Companies during the

4   Relevant Period.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

6   In addition to its General Objections and Objections to Certain Instructions

7   and Definitions, each of which is incorporated by this reference as though fully set forth

8   herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

9   without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

10  also objects to this request to the extent it seeks information in the possession, custody or

11  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

12  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

13  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

14  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

15  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

16  information that is neither relevant to any claims or defenses in this litigation nor

17  reasonably calculated to lead to the discovery of admissible evidence.

18  Subject to and without waiver of the foregoing objections, and based on

19  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

20  SDI responds as follows:  Denied.

21  **REQUEST FOR ADMISSION NO. 55:**

22  Admit that officers and employees of Samsung SDI participated in a

23  conspiracy to reduce output of CDTs with at least one of the Thompson Companies during

24  the Relevant Period.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

26  In addition to its General Objections and Objections to Certain Instructions

27  and Definitions, each of which is incorporated by this reference as though fully set forth

28  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

-49-

1  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

2  also objects to this request to the extent it seeks information in the possession, custody or

3  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

4  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

5  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

6  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

7  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

8  information that is neither relevant to any claims or defenses in this litigation nor

9  reasonably calculated to lead to the discovery of admissible evidence.

10        Subject to and without waiver of the foregoing objections, and based on

11  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

12  SDI responds as follows:  Denied.

13  **REQUEST FOR ADMISSION NO. 56:**

14        Admit that officers and employees of Samsung SDI participated in a

15  conspiracy to allocate market shares of CDTs with at least one of the Thompson

16  Companies during the Relevant Period.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

18        In addition to its General Objections and Objections to Certain Instructions

19  and Definitions, each of which is incorporated by this reference as though fully set forth

20  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

21  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

22  also objects to this request to the extent it seeks information in the possession, custody or

23  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

24  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

25  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

26  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

27  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

28

-50-

1  information that is neither relevant to any claims or defenses in this litigation nor

2  reasonably calculated to lead to the discovery of admissible evidence.

3              Subject to and without waiver of the foregoing objections, and based on

4  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

5  SDI responds as follows:  Denied.

6  **REQUEST FOR ADMISSION NO. 57:**

7              Admit that during discussions and meetings with at least one of the

8  Thompson Companies, officers and employees of Samsung SDI reached agreements to fix

9  prices of CDTs during the Relevant Period.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

11              In addition to its General Objections and Objections to Certain Instructions

12  and Definitions, each of which is incorporated by this reference as though fully set forth

13  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

14  without limitation as to the purportedly defined term "discussions and meetings" and the

15  term "agreements" as used in this request.  SDI also objects to this request to the extent it

16  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

17  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

18  further objects to this request to the extent it assumes disputed facts or legal conclusions,

19  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

20  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

21  grounds that it is overbroad and seeks information that is neither relevant to any claims or

22  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

23  evidence.

24              Subject to and without waiver of the foregoing objections, and based on

25  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

26  SDI responds as follows:  Denied.

27

28

-51-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1  **REQUEST FOR ADMISSION NO. 58:**

2          Admit that during discussions and meetings with at least one of the

3  Thompson Companies, officers and employees of Samsung SDI reached agreements to

4  reduce output of CDTs during the Relevant Period.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

6          In addition to its General Objections and Objections to Certain Instructions

7  and Definitions, each of which is incorporated by this reference as though fully set forth

8  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

9  without limitation as to the purportedly defined term "discussions and meetings" and the

10  term "agreements" as used in this request. SDI also objects to this request to the extent it

11  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

12  more readily available to Plaintiffs from other defendants, third parties or otherwise. SDI

13  further objects to this request to the extent it assumes disputed facts or legal conclusions,

14  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

15  denies any such disputed facts or legal conclusions. SDI also objects to this request on the

16  grounds that it is overbroad and seeks information that is neither relevant to any claims or

17  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

18  evidence.

19          Subject to and without waiver of the foregoing objections, and based on

20  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

21  SDI responds as follows: Denied.

22  **REQUEST FOR ADMISSION NO. 59:**

23          Admit that during discussions and meetings with at least one of the

24  Thompson Companies, officers and employees of Samsung SDI reached agreements to

25  allocate market shares of CDTs during the Relevant Period.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

27          In addition to its General Objections and Objections to Certain Instructions

28  and Definitions, each of which is incorporated by this reference as though fully set forth

-52-

1   herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

2   without limitation as to the purportedly defined term "discussions and meetings" and the

3   term "agreements" as used in this request. SDI also objects to this request to the extent it

4   seeks information in the possession, custody or control of Plaintiffs, or that are equally or

5   more readily available to Plaintiffs from other defendants, third parties or otherwise. SDI

6   further objects to this request to the extent it assumes disputed facts or legal conclusions,

7   and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

8   denies any such disputed facts or legal conclusions. SDI also objects to this request on the

9   grounds that it is overbroad and seeks information that is neither relevant to any claims or

10  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

11  evidence.

12          Subject to and without waiver of the foregoing objections, and based on

13  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

14  SDI responds as follows: Denied.

15  **REQUEST FOR ADMISSION NO. 60:**

16          Admit that officers and employees of Samsung SDI engaged in discussions

17  and attended meetings with at least one of the Toshiba Companies during the Relevant

18  Period.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

20          In addition to its General Objections and Objections to Certain Instructions

21  and Definitions, each of which is incorporated by this reference as though fully set forth

22  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

23  without limitation as to the purportedly defined term "discussions and [] meetings" as used

24  in this request. SDI also objects to this request to the extent it seeks information in the

25  possession, custody or control of Plaintiffs, or that are equally or more readily available to

26  Plaintiffs from other defendants, third parties or otherwise. SDI further objects to this

27  request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it

28  purports to require SDI to draw legal conclusions, and SDI hereby denies any such

-53-

1   disputed facts or legal conclusions.  SDI also objects to this request on the grounds that it

2   is overbroad and seeks information that is neither relevant to any claims or defenses in this

3   litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4           Subject to and without waiver of the foregoing objections, and based on

5   SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

6   SDI responds as follows:  Denied.

7   **REQUEST FOR ADMISSION NO. 61:**

8           Admit that officers and employees of Samsung SDI exchanged CDT pricing

9   information with at least one of the Toshiba Companies during the Relevant Period.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

11          In addition to its General Objections and Objections to Certain Instructions

12  and Definitions, each of which is incorporated by this reference as though fully set forth

13  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

14  without limitation as to the term "pricing information" as used in this request.  SDI also

15  objects to this request to the extent it seeks information in the possession, custody or

16  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

17  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

18  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

19  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

20  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

21  information that is neither relevant to any claims or defenses in this litigation nor

22  reasonably calculated to lead to the discovery of admissible evidence.  SDI further objects

23  to this request on the grounds that it is duplicative and unreasonably cumulative of other

24  discovery propounded and responded to in this multi-district litigation, in violation of

25  Section X.V., par. C-F, of the Court's April 3, 2012 Order re Discovery and Case

26  Management Protocol, and is therefore unduly burdensome and oppressive.

27

28

-54-

1  **REQUEST FOR ADMISSION NO. 62:**

2          Admit that officers and employees of Samsung SDI participated in a

3  conspiracy to fix prices of CDTs with at least one of the Toshiba Companies during the

4  Relevant Period.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

6          In addition to its General Objections and Objections to Certain Instructions

7  and Definitions, each of which is incorporated by this reference as though fully set forth

8  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

9  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

10  also objects to this request to the extent it seeks information in the possession, custody or

11  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

12  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

13  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

14  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

15  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

16  information that is neither relevant to any claims or defenses in this litigation nor

17  reasonably calculated to lead to the discovery of admissible evidence.

18          Subject to and without waiver of the foregoing objections, and based on

19  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

20  SDI responds as follows:  Denied.

21  **REQUEST FOR ADMISSION NO. 63:**

22          Admit that officers and employees of Samsung SDI participated in a

23  conspiracy to reduce output of CDTs with at least one of the Toshiba Companies during

24  the Relevant Period.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

26          In addition to its General Objections and Objections to Certain Instructions

27  and Definitions, each of which is incorporated by this reference as though fully set forth

28  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

-55-

SMRH:411862634.3
MDL No. 1917

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1   without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

2   also objects to this request to the extent it seeks information in the possession, custody or

3   control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

4   defendants, third parties or otherwise.  SDI further objects to this request to the extent it

5   assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

6   to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

7   conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

8   information that is neither relevant to any claims or defenses in this litigation nor

9   reasonably calculated to lead to the discovery of admissible evidence.

10          Subject to and without waiver of the foregoing objections, and based on

11  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

12  SDI responds as follows:  Denied.

13  **REQUEST FOR ADMISSION NO. 64:**

14          Admit that officers and employees of Samsung SDI participated in a

15  conspiracy to allocate market shares of CDTs with at least one of the Toshiba Companies

16  during the Relevant Period.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

18          In addition to its General Objections and Objections to Certain Instructions

19  and Definitions, each of which is incorporated by this reference as though fully set forth

20  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

21  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

22  also objects to this request to the extent it seeks information in the possession, custody or

23  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

24  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

25  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

26  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

27  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

28

-56-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1  information that is neither relevant to any claims or defenses in this litigation nor

2  reasonably calculated to lead to the discovery of admissible evidence.

3          Subject to and without waiver of the foregoing objections, and based on

4  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

5  SDI responds as follows:  Denied.

6  **REQUEST FOR ADMISSION NO. 65:**

7          Admit that during discussions and meetings with at least one of the Toshiba

8  Companies, officers and employees of Samsung SDI reached agreements to fix prices of

9  CDTs during the Relevant Period.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

11          In addition to its General Objections and Objections to Certain Instructions

12  and Definitions, each of which is incorporated by this reference as though fully set forth

13  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

14  without limitation as to the purportedly defined term "discussions and meetings" and the

15  term "agreements" as used in this request.  SDI also objects to this request to the extent it

16  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

17  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

18  further objects to this request to the extent it assumes disputed facts or legal conclusions,

19  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

20  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

21  grounds that it is overbroad and seeks information that is neither relevant to any claims or

22  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

23  evidence.

24          Subject to and without waiver of the foregoing objections, and based on

25  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

26  SDI responds as follows: Denied.

27

28

SMRH 411862634 3
MDL No 1917

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1 | **REQUEST FOR ADMISSION NO. 66:**

2 |         Admit that during discussions and meetings with at least one of the Toshiba

3 | Companies, officers and employees of Samsung SDI reached agreements to reduce output

4 | of CDTs during the Relevant Period.

5 | **RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

6 |         In addition to its General Objections and Objections to Certain Instructions

7 | and Definitions, each of which is incorporated by this reference as though fully set forth

8 | herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

9 | without limitation as to the purportedly defined term "discussions and meetings" and the

10 | term "agreements" as used in this request.  SDI also objects to this request to the extent it

11 | seeks information in the possession, custody or control of Plaintiffs, or that are equally or

12 | more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

13 | further objects to this request to the extent it assumes disputed facts or legal conclusions,

14 | and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

15 | denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

16 | grounds that it is overbroad and seeks information that is neither relevant to any claims or

17 | defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

18 | evidence.

19 |         Subject to and without waiver of the foregoing objections, and based on

20 | SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

21 | SDI responds as follows:  Denied.

22 | **REQUEST FOR ADMISSION NO. 67:**

23 |         Admit that during discussions and meetings with at least one of the Toshiba

24 | Companies, officers and employees of Samsung SDI reached agreements to allocate

25 | market shares of CDTs during the Relevant Period.

26 | **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

27 |         In addition to its General Objections and Objections to Certain Instructions

28 | and Definitions, each of which is incorporated by this reference as though fully set forth

-58-

1  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

2  without limitation as to the purportedly defined term "discussions and meetings" and the

3  term "agreements" as used in this request.  SDI also objects to this request to the extent it

4  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

5  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

6  further objects to this request to the extent it assumes disputed facts or legal conclusions,

7  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

8  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

9  grounds that it is overbroad and seeks information that is neither relevant to any claims or

10  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

11  evidence.

12      Subject to and without waiver of the foregoing objections, and based on

13  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

14  SDI responds as follows:  Denied.

15  **REQUEST FOR ADMISSION NO. 68:**

16      Admit that officers and employees of Samsung SDI engaged in discussions

17  and attended meetings with at least one of the Chunghwa Companies during the Relevant

18  Period.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

20      In addition to its General Objections and Objections to Certain Instructions

21  and Definitions, each of which is incorporated by this reference as though fully set forth

22  herein, SDI objects to this request to the extent it seeks information in the possession,

23  custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs

24  from other defendants, third parties or otherwise.  SDI further objects to this request to the

25  extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to

26  require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or

27  legal conclusions.  SDI also objects to this request on the grounds that it is vague and

28  ambiguous, overbroad, and seeks information that is neither relevant to any claims or

-59-

1  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

2  evidence.

3          Subject to and without waiver of the foregoing objections, and based on

4  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

5  SDI responds as follows:  SDI admits that it engaged in discussions and attended meetings

6  as described in its Plea Agreement with individuals who SDI understood to be

7  representatives of at least one Chunghwa entity.

8  **REQUEST FOR ADMISSION NO. 69:**

9          Admit that officers and employees of Samsung SDI exchanged CDT pricing

10  information with at least one of the Chunghwa Companies during the Relevant Period.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

12          In addition to its General Objections and Objections to Certain Instructions

13  and Definitions, each of which is incorporated by this reference as though fully set forth

14  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

15  without limitation as to the term "pricing information" as used in this request.  SDI also

16  objects to this request to the extent it seeks information in the possession, custody or

17  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

18  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

19  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

20  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

21  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

22  information that is neither relevant to any claims or defenses in this litigation nor

23  reasonably calculated to lead to the discovery of admissible evidence.  SDI further objects

24  to this request on the grounds that it is duplicative and unreasonably cumulative of other

25  discovery propounded and responded to in this multi-district litigation, in violation of

26  Section X.V., par. C-F, of the Court's April 3, 2012 Order re Discovery and Case

27  Management Protocol, and is therefore unduly burdensome and oppressive.

28

-60-

1  **REQUEST FOR ADMISSION NO. 70:**

2          Admit that during discussions and meetings with at least one of the

3  Chunghwa Companies, officers and employees of Samsung SDI reached agreements to fix

4  prices of CDTs during the Relevant Period.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

6          In addition to its General Objections and Objections to Certain Instructions

7  and Definitions, each of which is incorporated by this reference as though fully set forth

8  herein, SDI objects to this request to the extent it seeks information in the possession,

9  custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs

10  from other defendants, third parties or otherwise.  SDI further objects to this request to the

11  extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to

12  require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or

13  legal conclusions.  SDI also objects to this request on the grounds that it is vague and

14  ambiguous, overbroad, and seeks information that is neither relevant to any claims or

15  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

16  evidence.

17          Subject to and without waiver of the foregoing objections, and based on

18  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

19  SDI responds as follows:  SDI admits that it participated in the CDT conspiracy described

20  in its Plea Agreement with at least one Chunghwa entity.

21  **REQUEST FOR ADMISSION NO. 71:**

22          Admit that during discussions and meetings with at least one of the

23  Chunghwa Companies, officers and employees of Samsung SDI reached agreements to

24  reduce output of CDTs during the Relevant Period.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

26          In addition to its General Objections and Objections to Certain Instructions

27  and Definitions, each of which is incorporated by this reference as though fully set forth

28  herein, SDI objects to this request to the extent it seeks information in the possession,

-61-

1  custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs

2  from other defendants, third parties or otherwise.  SDI further objects to this request to the

3  extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to

4  require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or

5  legal conclusions.  SDI also objects to this request on the grounds that it is vague and

6  ambiguous, overbroad, and seeks information that is neither relevant to any claims or

7  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

8  evidence.

9         Subject to and without waiver of the foregoing objections, and based on

10  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

11  SDI responds as follows:  SDI admits that it participated in the CDT conspiracy described

12  in its Plea Agreement with at least one Chunghwa entity.

13  **REQUEST FOR ADMISSION NO. 72:**

14         Admit that during discussions and meetings with at least one of the

15  Chunghwa Companies, officers and employees of Samsung SDI reached agreements to

16  allocate market shares of CDTs during the Relevant Period.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

18         In addition to its General Objections and Objections to Certain Instructions

19  and Definitions, each of which is incorporated by this reference as though fully set forth

20  herein, SDI objects to this request to the extent it seeks information in the possession,

21  custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs

22  from other defendants, third parties or otherwise.  SDI further objects to this request to the

23  extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to

24  require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or

25  legal conclusions.  SDI also objects to this request on the grounds that it is vague and

26  ambiguous, overbroad, and seeks information that is neither relevant to any claims or

27  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

28  evidence.

1    Subject to and without waiver of the foregoing objections, and based on
2    SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,
3    SDI responds as follows:  SDI admits that it participated in the CDT conspiracy described
4    in its Plea Agreement with at least one Chunghwa entity.

5    **REQUEST FOR ADMISSION NO. 73:**

6    Admit that officers and employees of Samsung SDI participated in a
7    conspiracy to fix prices of CDTs with at least one of the Chunghwa Companies during the
8    Relevant Period.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

10   In addition to its General Objections and Objections to Certain Instructions
11   and Definitions, each of which is incorporated by this reference as though fully set forth
12   herein, SDI objects to this request to the extent it seeks information in the possession,
13   custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs
14   from other defendants, third parties or otherwise.  SDI further objects to this request to the
15   extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to
16   require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or
17   legal conclusions.  SDI also objects to this request on the grounds that it is vague and
18   ambiguous, overbroad, and seeks information that is neither relevant to any claims or
19   defenses in this litigation nor reasonably calculated to lead to the discovery of admissible
20   evidence.

21   Subject to and without waiver of the foregoing objections, and based on
22   SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,
23   SDI responds as follows:  SDI admits that it participated in the CDT conspiracy described
24   in its Plea Agreement with at least one Chunghwa entity.

25   **REQUEST FOR ADMISSION NO. 74:**

26   Admit that officers and employees of Samsung SDI participated in a
27   conspiracy to reduce output of CDTs with at least one of the Chunghwa Companies during
28   the Relevant Period.

-63-

1 | **RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

2 |       In addition to its General Objections and Objections to Certain Instructions

3 | and Definitions, each of which is incorporated by this reference as though fully set forth

4 | herein, SDI objects to this request to the extent it seeks information in the possession,

5 | custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs

6 | from other defendants, third parties or otherwise.  SDI further objects to this request to the

7 | extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to

8 | require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or

9 | legal conclusions.  SDI also objects to this request on the grounds that it is vague and

10 | ambiguous, overbroad, and seeks information that is neither relevant to any claims or

11 | defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

12 | evidence.

13 |       Subject to and without waiver of the foregoing objections, and based on

14 | SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

15 | SDI responds as follows:  SDI admits that it participated in the CDT conspiracy described

16 | in its Plea Agreement with at least one Chunghwa entity.

17 | **REQUEST FOR ADMISSION NO. 75:**

18 |       Admit that officers and employees of Samsung SDI participated in a

19 | conspiracy to allocate market shares of CDTs with at least one of the Chunghwa

20 | Companies during the Relevant Period.

21 | **RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

22 |       In addition to its General Objections and Objections to Certain Instructions

23 | and Definitions, each of which is incorporated by this reference as though fully set forth

24 | herein, SDI objects to this request to the extent it seeks information in the possession,

25 | custody or control of Plaintiffs, or that are equally or more readily available to Plaintiffs

26 | from other defendants, third parties or otherwise.  SDI further objects to this request to the

27 | extent it assumes disputed facts or legal conclusions, and/or to the extent it purports to

28 | require SDI to draw legal conclusions, and SDI hereby denies any such disputed facts or

-64-

1  legal conclusions.  SDI also objects to this request on the grounds that it is vague and

2  ambiguous, overbroad, and seeks information that is neither relevant to any claims or

3  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

4  evidence.

5          Subject to and without waiver of the foregoing objections, and based on

6  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

7  SDI responds as follows:  SDI admits that it participated in the CDT conspiracy described

8  in its Plea Agreement with at least one Chunghwa entity.

9  **REQUEST FOR ADMISSION NO. 76:**

10          Admit that officers and employees of Samsung SDI engaged in discussions

11  and attended meetings with at least one of the Orion Companies during the Relevant

12  Period.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

14          In addition to its General Objections and Objections to Certain Instructions

15  and Definitions, each of which is incorporated by this reference as though fully set forth

16  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

17  without limitation as to the purportedly defined term "discussions and [] meetings" as used

18  in this request.  SDI also objects to this request to the extent it seeks information in the

19  possession, custody or control of Plaintiffs, or that are equally or more readily available to

20  Plaintiffs from other defendants, third parties or otherwise.  SDI further objects to this

21  request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it

22  purports to require SDI to draw legal conclusions, and SDI hereby denies any such

23  disputed facts or legal conclusions.  SDI also objects to this request on the grounds that it

24  is overbroad and seeks information that is neither relevant to any claims or defenses in this

25  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

26          Subject to and without waiver of the foregoing objections, and based on

27  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

28  SDI responds as follows:  Denied.

-65-

1    **REQUEST FOR ADMISSION NO. 77:**

2            Admit that officers and employees of Samsung SDI exchanged CDT pricing

3    information with at least one of the Orion Companies during the Relevant Period.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

5            In addition to its General Objections and Objections to Certain Instructions

6    and Definitions, each of which is incorporated by this reference as though fully set forth

7    herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

8    without limitation as to the term "pricing information" as used in this request.  SDI also

9    objects to this request to the extent it seeks information in the possession, custody or

10   control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

11   defendants, third parties or otherwise.  SDI further objects to this request to the extent it

12   assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

13   to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

14   conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

15   information that is neither relevant to any claims or defenses in this litigation nor

16   reasonably calculated to lead to the discovery of admissible evidence.  SDI further objects

17   to this request on the grounds that it is duplicative and unreasonably cumulative of other

18   discovery propounded and responded to in this multi-district litigation, in violation of

19   Section X.V., par. C-F, of the Court's April 3, 2012 Order re Discovery and Case

20   Management Protocol, and is therefore unduly burdensome and oppressive.

21   **REQUEST FOR ADMISSION NO. 78:**

22           Admit that officers and employees of Samsung SDI participated in a

23   conspiracy to fix prices of CDTs with at least one of the Orion Companies during the

24   Relevant Period.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

26           In addition to its General Objections and Objections to Certain Instructions

27   and Definitions, each of which is incorporated by this reference as though fully set forth

28   herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

-66-

1  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

2  also objects to this request to the extent it seeks information in the possession, custody or

3  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

4  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

5  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

6  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

7  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

8  information that is neither relevant to any claims or defenses in this litigation nor

9  reasonably calculated to lead to the discovery of admissible evidence.

10          Subject to and without waiver of the foregoing objections, and based on

11  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

12  SDI responds as follows:  Denied.

13  **REQUEST FOR ADMISSION NO. 79:**

14          Admit that officers and employees of Samsung SDI participated in a

15  conspiracy to reduce output of CDTs with at least one of the Orion Companies during the

16  Relevant Period.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

18          In addition to its General Objections and Objections to Certain Instructions

19  and Definitions, each of which is incorporated by this reference as though fully set forth

20  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

21  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

22  also objects to this request to the extent it seeks information in the possession, custody or

23  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

24  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

25  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

26  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

27  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

28

-67-

1  information that is neither relevant to any claims or defenses in this litigation nor

2  reasonably calculated to lead to the discovery of admissible evidence.

3        Subject to and without waiver of the foregoing objections, and based on

4  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

5  SDI responds as follows: Denied.

6  **REQUEST FOR ADMISSION NO. 80:**

7        Admit that officers and employees of Samsung SDI participated in a

8  conspiracy to allocate market shares of CDTs with at least one of the Orion Companies

9  during the Relevant Period.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

11        In addition to its General Objections and Objections to Certain Instructions

12  and Definitions, each of which is incorporated by this reference as though fully set forth

13  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

14  without limitation as to the term "participated in a conspiracy" as used in this request. SDI

15  also objects to this request to the extent it seeks information in the possession, custody or

16  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

17  defendants, third parties or otherwise. SDI further objects to this request to the extent it

18  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

19  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

20  conclusions. SDI also objects to this request on the grounds that it is overbroad and seeks

21  information that is neither relevant to any claims or defenses in this litigation nor

22  reasonably calculated to lead to the discovery of admissible evidence.

23        Subject to and without waiver of the foregoing objections, and based on

24  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

25  SDI responds as follows: Denied.

26

27

28

-68-

1 **REQUEST FOR ADMISSION NO. 81:**

2       Admit that during discussions and meetings with at least one of the Orion

3 Companies, officers and employees of Samsung SDI reached agreements to fix prices of

4 CDTs during the Relevant Period.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

6       In addition to its General Objections and Objections to Certain Instructions

7 and Definitions, each of which is incorporated by this reference as though fully set forth

8 herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

9 without limitation as to the purportedly defined term "discussions and meetings" and the

10 term "agreements" as used in this request. SDI also objects to this request to the extent it

11 seeks information in the possession, custody or control of Plaintiffs, or that are equally or

12 more readily available to Plaintiffs from other defendants, third parties or otherwise. SDI

13 further objects to this request to the extent it assumes disputed facts or legal conclusions,

14 and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

15 denies any such disputed facts or legal conclusions. SDI also objects to this request on the

16 grounds that it is overbroad and seeks information that is neither relevant to any claims or

17 defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

18 evidence.

19       Subject to and without waiver of the foregoing objections, and based on

20 SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

21 SDI responds as follows: Denied.

22 **REQUEST FOR ADMISSION NO. 82:**

23       Admit that during discussions and meetings with at least one of the Orion

24 Companies, officers and employees of Samsung SDI reached agreements to reduce output

25 of CDTs during the Relevant Period.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

27       In addition to its General Objections and Objections to Certain Instructions

28 and Definitions, each of which is incorporated by this reference as though fully set forth

SMRH:411862634.3
MDL No. 1917

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

2  without limitation as to the purportedly defined term "discussions and meetings" and the

3  term "agreements" as used in this request.  SDI also objects to this request to the extent it

4  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

5  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

6  further objects to this request to the extent it assumes disputed facts or legal conclusions,

7  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

8  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

9  grounds that it is overbroad and seeks information that is neither relevant to any claims or

10  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

11  evidence.

12          Subject to and without waiver of the foregoing objections, and based on

13  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

14  SDI responds as follows:  Denied.

15  **REQUEST FOR ADMISSION NO. 83:**

16          Admit that during discussions and meetings with at least one of the Orion

17  Companies, officers and employees of Samsung SDI reached agreements to allocate

18  market shares of CDTs during the Relevant Period.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

20          In addition to its General Objections and Objections to Certain Instructions

21  and Definitions, each of which is incorporated by this reference as though fully set forth

22  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

23  without limitation as to the purportedly defined term "discussions and meetings" and the

24  term "agreements" as used in this request.  SDI also objects to this request to the extent it

25  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

26  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

27  further objects to this request to the extent it assumes disputed facts or legal conclusions,

28  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

-70-

1   denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

2   grounds that it is overbroad and seeks information that is neither relevant to any claims or

3   defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

4   evidence.

5            Subject to and without waiver of the foregoing objections, and based on

6   SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

7   SDI responds as follows:  Denied.

8   **REQUEST FOR ADMISSION NO. 84:**

9            Admit that officers and employees of Samsung SDI engaged in discussions

10  and attended meetings with Samtel Color, Ltd. during the Relevant Period.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

12           In addition to its General Objections and Objections to Certain Instructions

13  and Definitions, each of which is incorporated by this reference as though fully set forth

14  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

15  without limitation as to the purportedly defined term "discussions and [] meetings" as used

16  in this request.  SDI also objects to this request to the extent it seeks information in the

17  possession, custody or control of Plaintiffs, or that are equally or more readily available to

18  Plaintiffs from other defendants, third parties or otherwise.  SDI further objects to this

19  request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it

20  purports to require SDI to draw legal conclusions, and SDI hereby denies any such

21  disputed facts or legal conclusions.  SDI also objects to this request on the grounds that it

22  is overbroad and seeks information that is neither relevant to any claims or defenses in this

23  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

24           Subject to and without waiver of the foregoing objections, and based on

25  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

26  SDI responds as follows:  Denied.

27

28

-71-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1  **REQUEST FOR ADMISSION NO. 85:**

2          Admit that officers and employees of Samsung SDI exchanged CDT pricing

3  information with Samtel Color, Ltd. during the Relevant Period.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

5          In addition to its General Objections and Objections to Certain Instructions

6  and Definitions, each of which is incorporated by this reference as though fully set forth

7  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

8  without limitation as to the term "pricing information" as used in this request. SDI also

9  objects to this request to the extent it seeks information in the possession, custody or

10 control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

11 defendants, third parties or otherwise. SDI further objects to this request to the extent it

12 assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

13 to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

14 conclusions. SDI also objects to this request on the grounds that it is overbroad and seeks

15 information that is neither relevant to any claims or defenses in this litigation nor

16 reasonably calculated to lead to the discovery of admissible evidence. SDI further objects

17 to this request on the grounds that it is duplicative and unreasonably cumulative of other

18 discovery propounded and responded to in this multi-district litigation, in violation of

19 Section X.V., par. C-F, of the Court's April 3, 2012 Order re Discovery and Case

20 Management Protocol, and is therefore unduly burdensome and oppressive.

21 **REQUEST FOR ADMISSION NO. 86:**

22         Admit that during discussions and meetings with Samtel Color, Ltd., officers

23 and employees of Samsung SDI reached agreements to fix prices of CDTs during the

24 Relevant Period.

25 **RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

26         In addition to its General Objections and Objections to Certain Instructions

27 and Definitions, each of which is incorporated by this reference as though fully set forth

28 herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

-72-

1  without limitation as to the purportedly defined term "discussions and meetings" and the

2  term "agreements" as used in this request.  SDI also objects to this request to the extent it

3  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

4  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

5  further objects to this request to the extent it assumes disputed facts or legal conclusions,

6  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

7  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

8  grounds that it is overbroad and seeks information that is neither relevant to any claims or

9  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

10  evidence.

11            Subject to and without waiver of the foregoing objections, and based on

12  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

13  SDI responds as follows:  Denied.

14  **REQUEST FOR ADMISSION NO. 87:**

15            Admit that during discussions and meetings with Samtel Color, Ltd., officers

16  and employees of Samsung SDI reached agreements to reduce output of CDTs during the

17  Relevant Period.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

19            In addition to its General Objections and Objections to Certain Instructions

20  and Definitions, each of which is incorporated by this reference as though fully set forth

21  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

22  without limitation as to the purportedly defined term "discussions and meetings" and the

23  term "agreements" as used in this request.  SDI also objects to this request to the extent it

24  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

25  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

26  further objects to this request to the extent it assumes disputed facts or legal conclusions,

27  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

28  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

-73-

1   grounds that it is overbroad and seeks information that is neither relevant to any claims or

2   defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

3   evidence.

4           Subject to and without waiver of the foregoing objections, and based on

5   SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

6   SDI responds as follows:  Denied.

7   **REQUEST FOR ADMISSION NO. 88:**

8           Admit that during discussions and meetings with Samtel Color, Ltd., officers

9   and employees of Samsung SDI reached agreements to allocate market shares of CDTs

10  during the Relevant Period.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

12          In addition to its General Objections and Objections to Certain Instructions

13  and Definitions, each of which is incorporated by this reference as though fully set forth

14  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

15  without limitation as to the purportedly defined term "discussions and meetings" and the

16  term "agreements" as used in this request.  SDI also objects to this request to the extent it

17  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

18  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

19  further objects to this request to the extent it assumes disputed facts or legal conclusions,

20  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

21  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

22  grounds that it is overbroad and seeks information that is neither relevant to any claims or

23  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

24  evidence.

25          Subject to and without waiver of the foregoing objections, and based on

26  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

27  SDI responds as follows:  Denied.

28

-74-

1  **REQUEST FOR ADMISSION NO. 89:**

2           Admit that officers and employees of Samsung SDI participated in a

3  conspiracy to fix prices of CDTs with Samtel Color, Ltd. during the Relevant Period.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

5           In addition to its General Objections and Objections to Certain Instructions

6  and Definitions, each of which is incorporated by this reference as though fully set forth

7  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

8  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

9  also objects to this request to the extent it seeks information in the possession, custody or

10 control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

11 defendants, third parties or otherwise.  SDI further objects to this request to the extent it

12 assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

13 to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

14 conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

15 information that is neither relevant to any claims or defenses in this litigation nor

16 reasonably calculated to lead to the discovery of admissible evidence.

17          Subject to and without waiver of the foregoing objections, and based on

18 SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

19 SDI responds as follows:  Denied.

20 **REQUEST FOR ADMISSION NO. 90:**

21          Admit that officers and employees of Samsung SDI participated in a

22 conspiracy to reduce output of CDTs with Samtel Color, Ltd. during the Relevant Period.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

24          In addition to its General Objections and Objections to Certain Instructions

25 and Definitions, each of which is incorporated by this reference as though fully set forth

26 herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

27 without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

28 also objects to this request to the extent it seeks information in the possession, custody or

-75-

1   control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

2   defendants, third parties or otherwise.  SDI further objects to this request to the extent it

3   assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

4   to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

5   conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

6   information that is neither relevant to any claims or defenses in this litigation nor

7   reasonably calculated to lead to the discovery of admissible evidence.

8           Subject to and without waiver of the foregoing objections, and based on

9   SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

10  SDI responds as follows:  Denied.

11  **REQUEST FOR ADMISSION NO. 91:**

12          Admit that officers and employees of Samsung SDI participated in a

13  conspiracy to allocate market shares of CDTs with Samtel Color, Ltd. during the Relevant

14  Period.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

16          In addition to its General Objections and Objections to Certain Instructions

17  and Definitions, each of which is incorporated by this reference as though fully set forth

18  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

19  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

20  also objects to this request to the extent it seeks information in the possession, custody or

21  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

22  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

23  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

24  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

25  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

26  information that is neither relevant to any claims or defenses in this litigation nor

27  reasonably calculated to lead to the discovery of admissible evidence.

28

-76-

1    Subject to and without waiver of the foregoing objections, and based on

2  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

3  SDI responds as follows:  Denied.

4  **REQUEST FOR ADMISSION NO. 92:**

5    Admit that officers and employees of Samsung SDI engaged in discussions

6  and attended meetings with Thai CRT Co. during the Relevant Period.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

8    In addition to its General Objections and Objections to Certain Instructions

9  and Definitions, each of which is incorporated by this reference as though fully set forth

10  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

11  without limitation as to the purportedly defined term "discussions and [] meetings" as used

12  in this request.  SDI also objects to this request to the extent it seeks information in the

13  possession, custody or control of Plaintiffs, or that are equally or more readily available to

14  Plaintiffs from other defendants, third parties or otherwise.  SDI further objects to this

15  request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it

16  purports to require SDI to draw legal conclusions, and SDI hereby denies any such

17  disputed facts or legal conclusions.  SDI also objects to this request on the grounds that it

18  is overbroad and seeks information that is neither relevant to any claims or defenses in this

19  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

20    Subject to and without waiver of the foregoing objections, and based on

21  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

22  SDI responds as follows:  Denied.

23  **REQUEST FOR ADMISSION NO. 93:**

24    Admit that officers and employees of Samsung SDI exchanged CDT pricing

25  information with Thai CRT Co. during the Relevant Period.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

27    In addition to its General Objections and Objections to Certain Instructions

28  and Definitions, each of which is incorporated by this reference as though fully set forth

-77-

1  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

2  without limitation as to the term "pricing information" as used in this request.  SDI also

3  objects to this request to the extent it seeks information in the possession, custody or

4  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

5  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

6  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

7  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

8  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

9  information that is neither relevant to any claims or defenses in this litigation nor

10 reasonably calculated to lead to the discovery of admissible evidence.  SDI further objects

11 to this request on the grounds that it is duplicative and unreasonably cumulative of other

12 discovery propounded and responded to in this multi-district litigation, in violation of

13 Section X.V., par. C-F, of the Court's April 3, 2012 Order re Discovery and Case

14 Management Protocol, and is therefore unduly burdensome and oppressive.

15 **REQUEST FOR ADMISSION NO. 94:**

16          Admit that during discussions and meetings with Thai CRT Co., officers and

17 employees of Samsung SDI reached agreements to fix prices of CDTs during the Relevant

18 Period.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

20          In addition to its General Objections and Objections to Certain Instructions

21 and Definitions, each of which is incorporated by this reference as though fully set forth

22 herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

23 without limitation as to the purportedly defined term "discussions and meetings" and the

24 term "agreements" as used in this request.  SDI also objects to this request to the extent it

25 seeks information in the possession, custody or control of Plaintiffs, or that are equally or

26 more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

27 further objects to this request to the extent it assumes disputed facts or legal conclusions,

28 and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

-78-

1  denies any such disputed facts or legal conclusions. SDI also objects to this request on the
2  grounds that it is overbroad and seeks information that is neither relevant to any claims or
3  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible
4  evidence.

5          Subject to and without waiver of the foregoing objections, and based on
6  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,
7  SDI responds as follows: Denied.

8  **REQUEST FOR ADMISSION NO. 95:**

9          Admit that during discussions and meetings with Thai CRT Co., officers and
10 employees of Samsung SDI reached agreements to reduce output of CDTs during the
11 Relevant Period.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

13         In addition to its General Objections and Objections to Certain Instructions
14 and Definitions, each of which is incorporated by this reference as though fully set forth
15 herein, SDI objects to this request on the grounds that it is vague and ambiguous, including
16 without limitation as to the purportedly defined term "discussions and meetings" and the
17 term "agreements" as used in this request. SDI also objects to this request to the extent it
18 seeks information in the possession, custody or control of Plaintiffs, or that are equally or
19 more readily available to Plaintiffs from other defendants, third parties or otherwise. SDI
20 further objects to this request to the extent it assumes disputed facts or legal conclusions,
21 and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby
22 denies any such disputed facts or legal conclusions. SDI also objects to this request on the
23 grounds that it is overbroad and seeks information that is neither relevant to any claims or
24 defenses in this litigation nor reasonably calculated to lead to the discovery of admissible
25 evidence.

26         Subject to and without waiver of the foregoing objections, and based on
27 SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,
28 SDI responds as follows: Denied.

1 **REQUEST FOR ADMISSION NO. 96:**

2         Admit that during discussions and meetings with Thai CRT Co., officers and

3 employees of Samsung SDI reached agreements to allocate market shares of CDTs during

4 the Relevant Period.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

6         In addition to its General Objections and Objections to Certain Instructions

7 and Definitions, each of which is incorporated by this reference as though fully set forth

8 herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

9 without limitation as to the purportedly defined term "discussions and meetings" and the

10 term "agreements" as used in this request.  SDI also objects to this request to the extent it

11 seeks information in the possession, custody or control of Plaintiffs, or that are equally or

12 more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

13 further objects to this request to the extent it assumes disputed facts or legal conclusions,

14 and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

15 denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

16 grounds that it is overbroad and seeks information that is neither relevant to any claims or

17 defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

18 evidence.

19         Subject to and without waiver of the foregoing objections, and based on

20 SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

21 SDI responds as follows:  Denied.

22 **REQUEST FOR ADMISSION NO. 97:**

23         Admit that officers and employees of Samsung SDI participated in a

24 conspiracy to fix prices of CDTs with Thai CRT Co. during the Relevant Period.

25 **RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

26         In addition to its General Objections and Objections to Certain Instructions

27 and Definitions, each of which is incorporated by this reference as though fully set forth

28 herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

-80-

1  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

2  also objects to this request to the extent it seeks information in the possession, custody or

3  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

4  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

5  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

6  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

7  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

8  information that is neither relevant to any claims or defenses in this litigation nor

9  reasonably calculated to lead to the discovery of admissible evidence.

10  Subject to and without waiver of the foregoing objections, and based on

11  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

12  SDI responds as follows:  Denied.

13  **REQUEST FOR ADMISSION NO. 98:**

14  Admit that officers and employees of Samsung SDI participated in a

15  conspiracy to reduce output of CDTs with Thai CRT Co. during the Relevant Period.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

17  In addition to its General Objections and Objections to Certain Instructions

18  and Definitions, each of which is incorporated by this reference as though fully set forth

19  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

20  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

21  also objects to this request to the extent it seeks information in the possession, custody or

22  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

23  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

24  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

25  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

26  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

27  information that is neither relevant to any claims or defenses in this litigation nor

28  reasonably calculated to lead to the discovery of admissible evidence.

-81-

1           Subject to and without waiver of the foregoing objections, and based on

2   SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

3   SDI responds as follows:  Denied.

4   **REQUEST FOR ADMISSION NO. 99:**

5           Admit that officers and employees of Samsung SDI participated in a

6   conspiracy to allocate market shares of CDTs with Thai CRT Co. during the Relevant

7   Period.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

9           In addition to its General Objections and Objections to Certain Instructions

10  and Definitions, each of which is incorporated by this reference as though fully set forth

11  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

12  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

13  also objects to this request to the extent it seeks information in the possession, custody or

14  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

15  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

16  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

17  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

18  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

19  information that is neither relevant to any claims or defenses in this litigation nor

20  reasonably calculated to lead to the discovery of admissible evidence.

21          Subject to and without waiver of the foregoing objections, and based on

22  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

23  SDI responds as follows:  Denied.

24  **REQUEST FOR ADMISSION NO. 100:**

25          Admit that officers and employees of Samsung SDI engaged in discussions

26  and attended meetings with LP Displays Int'l, Ltd. during the Relevant Period.

27

28

SMRH:411862634.3
MDL No. 1917

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1 | **RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

2 |       In addition to its General Objections and Objections to Certain Instructions

3 | and Definitions, each of which is incorporated by this reference as though fully set forth

4 | herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

5 | without limitation as to the purportedly defined term "discussions and [] meetings" as used

6 | in this request.  SDI also objects to this request to the extent it seeks information in the

7 | possession, custody or control of Plaintiffs, or that are equally or more readily available to

8 | Plaintiffs from other defendants, third parties or otherwise.  SDI further objects to this

9 | request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it

10 | purports to require SDI to draw legal conclusions, and SDI hereby denies any such

11 | disputed facts or legal conclusions.  SDI also objects to this request on the grounds that it

12 | is overbroad and seeks information that is neither relevant to any claims or defenses in this

13 | litigation nor reasonably calculated to lead to the discovery of admissible evidence.

14 |       Subject to and without waiver of the foregoing objections, and based on

15 | SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

16 | SDI responds as follows:  Denied.

17 | **REQUEST FOR ADMISSION NO. 101:**

18 |       Admit that officers and employees of Samsung SDI exchanged CDT pricing

19 | information with LP Displays Int'l, Ltd. during the Relevant Period.

20 | **RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

21 |       In addition to its General Objections and Objections to Certain Instructions

22 | and Definitions, each of which is incorporated by this reference as though fully set forth

23 | herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

24 | without limitation as to the term "pricing information" as used in this request.  SDI also

25 | objects to this request to the extent it seeks information in the possession, custody or

26 | control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

27 | defendants, third parties or otherwise.  SDI further objects to this request to the extent it

28 | assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

-83-

1  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

2  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

3  information that is neither relevant to any claims or defenses in this litigation nor

4  reasonably calculated to lead to the discovery of admissible evidence.  SDI further objects

5  to this request on the grounds that it is duplicative and unreasonably cumulative of other

6  discovery propounded and responded to in this multi-district litigation, in violation of

7  Section X.V., par. C-F, of the Court's April 3, 2012 Order re Discovery and Case

8  Management Protocol, and is therefore unduly burdensome and oppressive.

9  **REQUEST FOR ADMISSION NO. 102:**

10          Admit that during discussions and meetings with LP Displays Int'l, Ltd.,

11  officers and employees of Samsung SDI reached agreements to fix prices of CDTs during

12  the Relevant Period.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

14          In addition to its General Objections and Objections to Certain Instructions

15  and Definitions, each of which is incorporated by this reference as though fully set forth

16  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

17  without limitation as to the purportedly defined term "discussions and meetings" and the

18  term "agreements" as used in this request.  SDI also objects to this request to the extent it

19  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

20  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

21  further objects to this request to the extent it assumes disputed facts or legal conclusions,

22  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

23  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

24  grounds that it is overbroad and seeks information that is neither relevant to any claims or

25  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

26  evidence.

27

28

-84-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1    Subject to and without waiver of the foregoing objections, and based on

2  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

3  SDI responds as follows:  Denied.

4  **REQUEST FOR ADMISSION NO. 103:**

5    Admit that during discussions and meetings with LP Displays Int'l, Ltd.,

6  officers and employees of Samsung SDI reached agreements to reduce output of CDTs

7  during the Relevant Period.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

9    In addition to its General Objections and Objections to Certain Instructions

10  and Definitions, each of which is incorporated by this reference as though fully set forth

11  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

12  without limitation as to the purportedly defined term "discussions and meetings" and the

13  term "agreements" as used in this request.  SDI also objects to this request to the extent it

14  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

15  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

16  further objects to this request to the extent it assumes disputed facts or legal conclusions,

17  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

18  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

19  grounds that it is overbroad and seeks information that is neither relevant to any claims or

20  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

21  evidence.

22    Subject to and without waiver of the foregoing objections, and based on

23  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

24  SDI responds as follows:  Denied.

25  **REQUEST FOR ADMISSION NO. 104:**

26    Admit that during discussions and meetings with LP Displays Int'l, Ltd.,

27  officers and employees of Samsung SDI reached agreements to allocate market shares of

28  CDTs during the Relevant Period.

-85-

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

2        In addition to its General Objections and Objections to Certain Instructions

3 and Definitions, each of which is incorporated by this reference as though fully set forth

4 herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

5 without limitation as to the purportedly defined term "discussions and meetings" and the

6 term "agreements" as used in this request.  SDI also objects to this request to the extent it

7 seeks information in the possession, custody or control of Plaintiffs, or that are equally or

8 more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

9 further objects to this request to the extent it assumes disputed facts or legal conclusions,

10 and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

11 denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

12 grounds that it is overbroad and seeks information that is neither relevant to any claims or

13 defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

14 evidence.

15        Subject to and without waiver of the foregoing objections, and based on

16 SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

17 SDI responds as follows:  Denied.

18 **REQUEST FOR ADMISSION NO. 105:**

19        Admit that officers and employees of Samsung SDI participated in a

20 conspiracy to fix prices of CDTs with LP Displays Int'l, Ltd. during the Relevant Period.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

22        In addition to its General Objections and Objections to Certain Instructions

23 and Definitions, each of which is incorporated by this reference as though fully set forth

24 herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

25 without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

26 also objects to this request to the extent it seeks information in the possession, custody or

27 control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

28 defendants, third parties or otherwise.  SDI further objects to this request to the extent it

-86-

1   assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI
2   to draw legal conclusions, and SDI hereby denies any such disputed facts or legal
3   conclusions. SDI also objects to this request on the grounds that it is overbroad and seeks
4   information that is neither relevant to any claims or defenses in this litigation nor
5   reasonably calculated to lead to the discovery of admissible evidence.

6          Subject to and without waiver of the foregoing objections, and based on
7   SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,
8   SDI responds as follows: Denied.

9   **REQUEST FOR ADMISSION NO. 106:**

10          Admit that officers and employees of Samsung SDI participated in a
11   conspiracy to reduce output of CDTs with LP Displays Int'l, Ltd. during the Relevant
12   Period.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

14          In addition to its General Objections and Objections to Certain Instructions
15   and Definitions, each of which is incorporated by this reference as though fully set forth
16   herein, SDI objects to this request on the grounds that it is vague and ambiguous, including
17   without limitation as to the term "participated in a conspiracy" as used in this request. SDI
18   also objects to this request to the extent it seeks information in the possession, custody or
19   control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other
20   defendants, third parties or otherwise. SDI further objects to this request to the extent it
21   assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI
22   to draw legal conclusions, and SDI hereby denies any such disputed facts or legal
23   conclusions. SDI also objects to this request on the grounds that it is overbroad and seeks
24   information that is neither relevant to any claims or defenses in this litigation nor
25   reasonably calculated to lead to the discovery of admissible evidence.

26          Subject to and without waiver of the foregoing objections, and based on
27   SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,
28   SDI responds as follows: Denied.

-87-

1  **REQUEST FOR ADMISSION NO. 107:**

2         Admit that officers and employees of Samsung SDI participated in a

3  conspiracy to allocate market shares of CDTs with LP Displays Int'l, Ltd. during the

4  Relevant Period.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

6         In addition to its General Objections and Objections to Certain Instructions

7  and Definitions, each of which is incorporated by this reference as though fully set forth

8  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

9  without limitation as to the term "participated in a conspiracy" as used in this request. SDI

10  also objects to this request to the extent it seeks information in the possession, custody or

11  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

12  defendants, third parties or otherwise. SDI further objects to this request to the extent it

13  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

14  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

15  conclusions. SDI also objects to this request on the grounds that it is overbroad and seeks

16  information that is neither relevant to any claims or defenses in this litigation nor

17  reasonably calculated to lead to the discovery of admissible evidence.

18         Subject to and without waiver of the foregoing objections, and based on

19  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

20  SDI responds as follows: Denied.

21  **REQUEST FOR ADMISSION NO. 108:**

22         Admit that officers and employees of Samsung SDI engaged in discussions

23  and attended meetings with P.T. Tosummit Electronic Devices Indonesia during the

24  Relevant Period.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

26         In addition to its General Objections and Objections to Certain Instructions

27  and Definitions, each of which is incorporated by this reference as though fully set forth

28  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

-88-

1  without limitation as to the purportedly defined term "discussions and [] meetings" as used
2  in this request.  SDI also objects to this request to the extent it seeks information in the
3  possession, custody or control of Plaintiffs, or that are equally or more readily available to
4  Plaintiffs from other defendants, third parties or otherwise.  SDI further objects to this
5  request to the extent it assumes disputed facts or legal conclusions, and/or to the extent it
6  purports to require SDI to draw legal conclusions, and SDI hereby denies any such
7  disputed facts or legal conclusions.  SDI also objects to this request on the grounds that it
8  is overbroad and seeks information that is neither relevant to any claims or defenses in this
9  litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10              Subject to and without waiver of the foregoing objections, and based on
11  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,
12  SDI responds as follows:  Denied.

13  **REQUEST FOR ADMISSION NO. 109:**

14              Admit that officers and employees of Samsung SDI exchanged CDT pricing
15  information with P.T. Tosummit Electronic Devices Indonesia during the Relevant Period.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

17              In addition to its General Objections and Objections to Certain Instructions
18  and Definitions, each of which is incorporated by this reference as though fully set forth
19  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including
20  without limitation as to the term "pricing information" as used in this request.  SDI also
21  objects to this request to the extent it seeks information in the possession, custody or
22  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other
23  defendants, third parties or otherwise.  SDI further objects to this request to the extent it
24  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI
25  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal
26  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks
27  information that is neither relevant to any claims or defenses in this litigation nor
28  reasonably calculated to lead to the discovery of admissible evidence.  SDI further objects

-89-

1  to this request on the grounds that it is duplicative and unreasonably cumulative of other

2  discovery propounded and responded to in this multi-district litigation, in violation of

3  Section X.V., par. C-F, of the Court's April 3, 2012 Order re Discovery and Case

4  Management Protocol, and is therefore unduly burdensome and oppressive.

5  **REQUEST FOR ADMISSION NO. 110:**

6          Admit that officers and employees of Samsung SDI participated in a

7  conspiracy to fix prices of CDTs with P.T. Tosummit Electronic Devices Indonesia during

8  the Relevant Period.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

10          In addition to its General Objections and Objections to Certain Instructions

11  and Definitions, each of which is incorporated by this reference as though fully set forth

12  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

13  without limitation as to the term "participated in a conspiracy" as used in this request.  SDI

14  also objects to this request to the extent it seeks information in the possession, custody or

15  control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other

16  defendants, third parties or otherwise.  SDI further objects to this request to the extent it

17  assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

18  to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

19  conclusions.  SDI also objects to this request on the grounds that it is overbroad and seeks

20  information that is neither relevant to any claims or defenses in this litigation nor

21  reasonably calculated to lead to the discovery of admissible evidence.

22          Subject to and without waiver of the foregoing objections, and based on

23  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

24  SDI responds as follows:  Denied.

25  **REQUEST FOR ADMISSION NO. 111:**

26          Admit that officers and employees of Samsung SDI participated in a

27  conspiracy to reduce output of CDTs with P.T. Tosummit Electronic Devices Indonesia

28  during the Relevant Period.

-90-

SAMSUNG SDI'S RESPONSES TO DELL'S
FIRST SET OF REQUESTS FOR ADMISSION

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

2       In addition to its General Objections and Objections to Certain Instructions
3 and Definitions, each of which is incorporated by this reference as though fully set forth
4 herein, SDI objects to this request on the grounds that it is vague and ambiguous, including
5 without limitation as to the term "participated in a conspiracy" as used in this request. SDI
6 also objects to this request to the extent it seeks information in the possession, custody or
7 control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other
8 defendants, third parties or otherwise. SDI further objects to this request to the extent it
9 assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI
10 to draw legal conclusions, and SDI hereby denies any such disputed facts or legal
11 conclusions. SDI also objects to this request on the grounds that it is overbroad and seeks
12 information that is neither relevant to any claims or defenses in this litigation nor
13 reasonably calculated to lead to the discovery of admissible evidence.

14       Subject to and without waiver of the foregoing objections, and based on
15 SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,
16 SDI responds as follows: Denied.

17 **REQUEST FOR ADMISSION NO. 112:**

18       Admit that officers and employees of Samsung SDI participated in a
19 conspiracy to allocate market shares of CDTs with P.T. Tosummit Electronic Devices
20 Indonesia during the Relevant Period.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

22       In addition to its General Objections and Objections to Certain Instructions
23 and Definitions, each of which is incorporated by this reference as though fully set forth
24 herein, SDI objects to this request on the grounds that it is vague and ambiguous, including
25 without limitation as to the term "participated in a conspiracy" as used in this request. SDI
26 also objects to this request to the extent it seeks information in the possession, custody or
27 control of Plaintiffs, or that are equally or more readily available to Plaintiffs from other
28 defendants, third parties or otherwise. SDI further objects to this request to the extent it

-91-

1    assumes disputed facts or legal conclusions, and/or to the extent it purports to require SDI

2    to draw legal conclusions, and SDI hereby denies any such disputed facts or legal

3    conclusions. SDI also objects to this request on the grounds that it is overbroad and seeks

4    information that is neither relevant to any claims or defenses in this litigation nor

5    reasonably calculated to lead to the discovery of admissible evidence.

6            Subject to and without waiver of the foregoing objections, and based on

7    SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

8    SDI responds as follows: Denied.

9    **REQUEST FOR ADMISSION NO. 113:**

10           Admit that during discussions and meetings with P.T. Tosummit Electronic

11   Devices Indonesia, officers and employees of Samsung SDI reached agreements to fix

12   prices of CDTs during the Relevant Period.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

14           In addition to its General Objections and Objections to Certain Instructions

15   and Definitions, each of which is incorporated by this reference as though fully set forth

16   herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

17   without limitation as to the purportedly defined term "discussions and meetings" and the

18   term "agreements" as used in this request. SDI also objects to this request to the extent it

19   seeks information in the possession, custody or control of Plaintiffs, or that are equally or

20   more readily available to Plaintiffs from other defendants, third parties or otherwise. SDI

21   further objects to this request to the extent it assumes disputed facts or legal conclusions,

22   and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

23   denies any such disputed facts or legal conclusions. SDI also objects to this request on the

24   grounds that it is overbroad and seeks information that is neither relevant to any claims or

25   defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

26   evidence.

27

28

-92-

1      Subject to and without waiver of the foregoing objections, and based on

2  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

3  SDI responds as follows:  Denied.

4  **REQUEST FOR ADMISSION NO. 114:**

5      Admit that during discussions and meetings with P.T. Tosummit Electronic

6  Devices Indonesia, officers and employees of Samsung SDI reached agreements to reduce

7  output of CDTs during the Relevant Period.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

9      In addition to its General Objections and Objections to Certain Instructions

10  and Definitions, each of which is incorporated by this reference as though fully set forth

11  herein, SDI objects to this request on the grounds that it is vague and ambiguous, including

12  without limitation as to the purportedly defined term "discussions and meetings" and the

13  term "agreements" as used in this request.  SDI also objects to this request to the extent it

14  seeks information in the possession, custody or control of Plaintiffs, or that are equally or

15  more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI

16  further objects to this request to the extent it assumes disputed facts or legal conclusions,

17  and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby

18  denies any such disputed facts or legal conclusions.  SDI also objects to this request on the

19  grounds that it is overbroad and seeks information that is neither relevant to any claims or

20  defenses in this litigation nor reasonably calculated to lead to the discovery of admissible

21  evidence.

22      Subject to and without waiver of the foregoing objections, and based on

23  SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,

24  SDI responds as follows:  Denied.

25  **REQUEST FOR ADMISSION NO. 115:**

26      Admit that during discussions and meetings with P.T. Tosummit Electronic

27  Devices Indonesia, officers and employees of Samsung SDI reached agreements to allocate

28  market shares of CDTs during the Relevant Period.

-93-

1 | **RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

2 |   In addition to its General Objections and Objections to Certain Instructions
3 | and Definitions, each of which is incorporated by this reference as though fully set forth
4 | herein, SDI objects to this request on the grounds that it is vague and ambiguous, including
5 | without limitation as to the purportedly defined term "discussions and meetings" and the
6 | term "agreements" as used in this request.  SDI also objects to this request to the extent it
7 | seeks information in the possession, custody or control of Plaintiffs, or that are equally or
8 | more readily available to Plaintiffs from other defendants, third parties or otherwise.  SDI
9 | further objects to this request to the extent it assumes disputed facts or legal conclusions,
10 | and/or to the extent it purports to require SDI to draw legal conclusions, and SDI hereby
11 | denies any such disputed facts or legal conclusions.  SDI also objects to this request on the
12 | grounds that it is overbroad and seeks information that is neither relevant to any claims or
13 | defenses in this litigation nor reasonably calculated to lead to the discovery of admissible
14 | evidence.

15 |   Subject to and without waiver of the foregoing objections, and based on
16 | SDI's present knowledge following a reasonable and non-exhaustive search and inquiry,
17 | SDI responds as follows:  Denied.

18 |
19 | Dated:  November 25, 2013

20 |                                 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

21 |
22 |                       By        _/s/ Michael W. Scarborough_
23 |                                 MICHAEL W. SCARBOROUGH

24 |                                 Attorneys for Defendant
25 |                                 SAMSUNG SDI CO., LTD.

26 |
27 |
28 |

-94-