Exhibit C

Exhibit C

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:   213 239-5100
Facsimile:    213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:   312 222-9350
Facsimile:    312 527-0484
ttruax@jenner.com
mbrody@jenner.com

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc., and Mitsubishi Electric US, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation | Case No. 3:13-cv-05686-SC |
| This Document Relates To: | MDL No. 1917 |
| *Electrograph Systems, Inc. et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656; | **MITSUBISHI ELECTRIC CORPORATION, MITSUBISHI ELECTRIC VISUAL SOLUTIONS AMERICA, INC., AND MITSUBISHI ELECTRIC US, INC.'S FIRST SET OF INTERROGATORIES TO TARGET CORP.** |
| *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502; | |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | |

1  *Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

2

3  *Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275;

4

5  *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

6  *CompuCom Systems, Inc. v. Hitachi, Ltd. et al.*, No. 11-cv-06396;

7

8  *Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

9

10  *P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

11

12  *Schultze Agency Services, LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

13  *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

14

15  *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173;

16

17  *Dell Inc. and Dell Products L.P. v. Hitachi, Ltd., et al.*, No. 13-cv-02171;

18  *Sharp Electronics Corp. et al. v. Koninklijke Philips Electronics, N.V., et al.*, No. 13-cv-02776;

19

20  *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

21  *Sears, Roebuck and Co., et al. v. Technicolor SA*, et al., No. 13-cv-05262;

22

23  *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

24

25  *Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

26  *Target Corp., v. Technicolor SA, et al.*, No. 13-cv-05686;

27

28

*Costco Wholesale Corporation v. Technicolor SA,, et al.*, No. 13-cv-005723;

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727.

**PROPOUNDING PARTIES:** Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc., and Mitsubishi Electric US, Inc.

**RESPONDING PARTIES:** Target Corp.

**SET:** **ONE**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc., and Mitsubishi Electric US, Inc. (collectively, "Mitsubishi Electric"), through their undersigned counsel, request that Target Corp. ("Target") answer the following Interrogatories within thirty (30) days of service and supplement their Interrogatory answers, as necessary, to comply with Federal Rules of Civil Procedure 26(e). Target is directed to serve verified answers at JENNER & BLOCK, LLP, Attn: Shaun M. Van Horn, 353 N. Clark Street, Chicago, Illinois 60654, or at another time and place as may be mutually agreed upon by counsel for the parties.

**DEFINITIONS**

1.     The term "Person" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau or any other kind of legal or business entity.

2.     The term "Mitsubishi Electric" refers collectively to Mitsubishi Electric Corporation; Mitsubishi Electric Visual Solutions America, Inc.; and Mitsubishi Electric US, Inc.; and their predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof.

3.     The terms "You", "Your," and "Yourself" mean Target Corp. and its present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other Person acting on Your behalf.

4.     The term "Complaint" refers to the Complaint filed by Target on or about December 9, 2013 in the Northern District of California, Case No. 3:13-cv-05686-SC, Dkt. 1, MDL No. 1917.

5.     The term "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent or affiliate of a referenced company.

6.     The term "Document" includes all documents and electronically stored information as defined in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

7.     The term "CRT(s)" means cathode ray tube(s).

8.     The term "CRT Product(s)" means product(s) containing cathode ray tube(s).

9.     Unless otherwise noted, the term "Relevant Period" means the period from March 1, 1995 through the present.

10.     When referring to a Document, "Identify" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) Bates number of the document; and (v) the author(s), sendee(s), addressee(s), recipient(s), and custodian(s).

11.     When referring to a percipient witness statement or testimony, "Identify" means, to the extent known, (i) the name of the person providing the statement or testimony, (ii) the date of the statement or testimony; (iii), the employer of the person providing the statement or testimony; (iv) the text or content of the statement or testimony; and (v) the full citation to the transcript of such statement or testimony.

12.     When referring to any Person or Employee, "Identify" means, to the extent known, the (i) name of the Person; (ii) the title of the Person, and (iii) the name of the Person's employer.

13.     "Describe" means to provide all facts, reasons, explanations, assumptions, inferences, theories, conjectures, logic, or the like upon which You rely to reach a conclusion.

14.     The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

15.     The term "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

16.     The term "Co-conspirators" shall have the same meaning as it does in Complaint ¶ 34.

17.     The term "Chunghwa" refers to all entities described in Complaint ¶¶ 81-83, including all present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on such entities' behalf.

18.     The term "Toshiba" refers to all entities described in Complaint ¶¶ 71-78, including all present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on such entities' behalf.

19.     The term "Samsung SDI" refers to all entities described in Complaint ¶¶ 61-68, including all present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on such entities' behalf.

20.     The term "Hitachi" refers to all entities described in Complaint ¶¶ 35-41, including all present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on such entities' behalf.

21.     The term "Matsushita" refers to all entities described in Complaint ¶¶ 50-53, including all present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on such entities' behalf.

22.     The term "Relate," in all tenses, shall broadly mean and include:  involved in, participating in, connected to, referring to, relevant to, constituting, depicting, showing, describing, identifying, indicating, summarizing, analyzing, explaining, evaluating, appraising, evidencing, justifying, supporting, contradicting, establishing, repeating, attempting to establish the existence or nonexistence of or attempting to establish the truth or falsity thereof.

23.     "All" shall be construed as all, each, any, and every.

24.     The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

25.     All nouns in the singular or plural shall be construed in the singular and plural, which makes the request more inclusive.

26.     The use of the past tense of any verb shall include the present tense and vice versa.

## **INSTRUCTIONS**

1.     Answers to these Interrogatories are to be based upon all knowledge or information available to You, including without limitations all information or knowledge possessed by any Person, including without limitation any Employee, agent, attorney, expert witness, representative, or other advisor subject to Your instruction, direction, or control.

2.     Where an Interrogatory cannot be answered due to insufficient knowledge, specify the nature of the inquiries made in an attempt to answer the Interrogatory.

3.     You should answer each Interrogatory fully, unless it is objected to.   When making any objection, state with specificity the reasons for the objection.

4.     Where a complete answer to an Interrogatory is not possible, the Interrogatory should be answered to the extent possible, and a statement should be provided stating why an incomplete answer is given, along with the identity of any sources from which more complete information may be obtained.

5.     Any claim of ambiguity in interpreting a particular Interrogatory or a definition or instruction shall not be utilized as a basis for refusing to answer.   Rather, You shall specify the language deemed to be ambiguous and the interpretation utilized in response to the Interrogatory.

6.     When asked to Identify a natural person, state the person's name, employer, position, dates of employment or tenure, and home address for all times during the Relevant Period. If any of such information has changed during the Relevant Period, specify the time period to which the information provided in Your answer pertains.

7.     When asked to identify any entity other than a natural person, state the name and address of the principal office or headquarters. If any of the information has changed during the Relevant Period, specify the time period to which the information provided in Your answer pertains.

8.     If you elect to produce business records in response to an Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), You shall produce the records as they are kept in the usual course of business or shall organize and label them to correspond with the Interrogatory. If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify the Interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable Bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the name of the employee, office, or agent, certifying the documents as business records.

## **INTERROGATORIES**

1.     Identify any alleged "Glass Meetings" (as alleged in ¶¶ 117-131 of the Complaint) that You contend Mitsubishi Electric Employees attended, by stating the time, date and location of the meeting, Identifying the Persons who attended any such "Glass Meetings," and Identifying any statements that You contend were made by Mitsubishi Electric Employees that You contend constitute evidence in support of the conspiracy alleged in the Complaint.

2.     For the alleged communication on December 4, 1995 (alleged in ¶ 149, bullet 1):

     a.     Identify all Persons, including Mitsubishi Electric Employees and Chunghwa Employees, that participated in this communication.

     b.     Identify all Documents, other than CHU00028558, Related to this communication.

     c.     Identify all percipient witness statements or testimony Related to this communication.

     d.     Describe all actions and statements that occurred during this communication.

3.     For the alleged visit on November 21, 1996 (alleged in ¶ 149, bullet 2):

     a.     Identify all Persons, including Mitsubishi Electric Employees and Chunghwa Employees, that participated in this visit.

     b.     Identify all Documents, other than CHU00028548, Related to this visit.

     c.     Identify all percipient witness statements or testimony Related to this visit.

d.    Describe all actions and statements that occurred during this communication, including by Identifying any information exchanged by the participants in connection with this visit.

4.    For the alleged exchange on December 18, 1998 (alleged in ¶ 1149, bullet 3):

a.    Identify all Persons, including Mitsubishi Electric Employees and Chunghwa Employees, that participated in this exchange.

b.    Identify all Documents, other than CHU000285323, Related to this exchange.

c.    Identify all percipient witness statements or testimony Related to this exchange.

d.    Describe all actions and statements that occurred during this exchange, including by Identifying any information exchanged by the participants in connection with this exchange.

5.    For the alleged meeting on August 29, 2000 (alleged in ¶ 149, bullet 4):

a.    Identify all Persons, including Mitsubishi Electric Employees and SDI Samsung Employees, that participated in this meeting.

b.    Identify all Documents Related to this meeting.

c.    Identify all percipient witness statements or testimony Related to this meeting.

d.     Describe all actions and statements that occurred during this meeting.

6.     For the alleged meeting on October 24, 2000 (alleged in ¶ 149, bullet 5):

a.     Identify all Persons, including Mitsubishi Electric Employees and Toshiba Employees, that participated in this meeting.

b.     Identify all Documents Related to this meeting.

c.     Identify all percipient witness statements or testimony Related to this meeting.

d.     Describe all actions and statements that occurred during this meeting, including by Identifying any "proprietary information" shared in connection with this meeting.

7.     For the alleged meeting on November 15, 2000 (alleged in ¶ 149, bullet 6):

a.     Identify all Persons, including Mitsubishi Electric Employees and Toshiba Employees, that participated in this meeting.

b.     Identify all Documents Related to this meeting.

c.     Identify all percipient witness statements or testimony Related to this meeting.

d.     Describe all actions and statements that occurred during this meeting, including by Identifying any "proprietary information" shared in connection with this meeting.

8.    For the alleged meeting on January 24, 2001 (alleged in ¶ 149, bullet 7):

     a.    Identify all Persons, including Mitsubishi Electric Employees and Toshiba Employees, that participated in this meeting.

     b.    Identify all Documents Related to this meeting.

     c.    Identify all percipient witness statements or testimony Related to this meeting.

     d.    Describe all actions and statements that occurred during this meeting, including by Identifying any "proprietary information" shared in connection with this meeting.

9.    For the alleged meeting on March 6, 2001 (alleged in ¶ 149, bullets 8):

     a.    Identify all Persons, including Mitsubishi Electric Employees and Toshiba Employees, that participated in this meeting.

     b.    Identify all Documents Related to this meeting.

     c.    Identify all percipient witness statements or testimony Related to this meeting.

     d.    Describe all actions and statements that occurred during this meeting, including by Identifying any "proprietary information" shared in connection with this meeting.

10.    For the alleged communication on August 2, 2001 (alleged in ¶ 149, bullet 9):

a.   Identify all Persons, including Mitsubishi Electric Employees and Chunghwa Employees, that participated in this communication.

b.   Identify all Documents, other than CHU00031154, Related to this communication.

c.   Identify all percipient witness statements or testimony Related to this communication.

d.   Describe all actions and statements that occurred during this communication, including by Identifying the "Mitsubishi sales strategy" communicated in this communication and by Identifying the "confidential information" provided in connection with this communication.

11.   For the alleged communication on October 25, 2001 (alleged in ¶ 149, bullet 10):

a.   Identify all Persons, including Mitsubishi Electric Employees and Samsung SDI Employees, that participated in this communication.

b.   Identify all Documents Related to this communication.

c.   Identify all percipient witness statements or testimony Related to this communication.

d.   Describe all actions and statements that occurred during this communication, including by Identifying the "confidential information" shared in connection with this communication.

12.   For the alleged meeting on December 26, 2002 (alleged in ¶ 149, bullet 11):

6

a.   Identify all Persons, including Mitsubishi Electric Employees and Toshiba Employees, that participated in this meeting.

b.   Identify all Documents Related to this meeting.

c.   Identify all percipient witness statements or testimony Related to this meeting.

d.   Describe all actions and statements that occurred during this meeting, including by Identifying any "proprietary information" shared in connection with this meeting.

13.   For the alleged meeting on March 3, 2003 (alleged in ¶ 149, bullet 12):

a.   Identify all Persons, including Mitsubishi Electric Employees and SDI Samsung Employees, that participated in this meeting.

b.   Identify all Documents Related to this meeting.

c.   Identify all percipient witness statements or testimony Related to this meeting.

d.   Describe all actions and statements that occurred during this meeting, including by Identifying any "customers" that were allocated or were discussed for possible allocation in connection with this meeting, by Identifying all statements regarding "CDT price maintenance" discussed at this meeting, and by Identifying the information exchanged in connection with this meeting.

14.     For the alleged communication on May 21, 2003 (alleged in ¶ 149, bullet 13):

    a.     Identify all Persons, including Mitsubishi Electric Employees, Toshiba Employees, and Hitachi Employees, that participated in this communication.

    b.     Identify all Documents Related to this communication.

    c.     Identify all percipient witness statements or testimony Related to this communication.

    d.     Describe all actions and statements that occurred during this communication, including by Identifying all "coded company references" Mitsubishi Electric agreed to use, and Identifying which "participating companies' names" Mitsubishi Electric agreed to keep secret.

15.     For the alleged communication on June 26, 2003 (alleged in ¶ 149, bullet 14):

    a.     Identify all Persons, including Mitsubishi Electric Employees, Matsushita Employees, Hitachi Employees, and Toshiba Employees, that participated in this communication.

    b.     Identify all Documents related to this communication.

    c.     Identify all percipient witness statements or testimony Related to this communication.

d.    Describe all actions and statements that occurred during this communication, including by Identifying any agreements referenced in this communication to share information.

16.    For the alleged meeting on March 31, 2004 (alleged in ¶ 149, bullet 15):

a.    Identify all Persons, including Mitsubishi Electric Employees and Samsung SDI Employees, Related to this meeting.

b.    Identify all Documents Related to this meeting.

c.    Identify all percipient witness statements or testimony Related to this meeting.

d.    Describe all actions and statements that occurred during this meeting, including by Identifying any information shared at this meeting.

17.    For the alleged meeting on July 1, 2004 (alleged in ¶ 149, bullet 16):

a.    Identify all Persons, including Mitsubishi Electric Employees and Samsung SDI Employees, that participated in this meeting.

b.    Identify all Documents Related to this meeting.

c.    Identify all percipient witness statements or testimony Related to this meeting.

d.    Describe all actions and statements that occurred during this meeting, including by Identifying the information shared at this meeting.

18.     For the alleged receipt of confidential production reports on June 17, 1998, May 16, 2001, and April 3, 2002 (alleged in ¶ 149, bullet 17):

     a.     Identify all Persons, including Mitsubishi Electric Employees, that sent or received these confidential production reports.

     b.     Identify all Documents Related to these confidential production reports.

     c.     Identify all percipient witness statements or testimony Related to these confidential production reports.

     d.     Describe all actions and statements that occurred during the exchange and receipt of these confidential production reports.

19.     Identify any meetings, communications, exchanges, agreements, or receipts of confidential information other than those specifically identified in ¶ 149 of the Complaint in which Mitsubishi Electric participated that Relate to a conspiracy for CRTs or CRT Products involving Mitsubishi Electric.  For any meetings, communications, exchanges, agreements, or receipts of confidential information that you identify:

     a.     Identify all Persons involved.

     b.     Identify all Related Documents.

     c.     Provide the date, time, and location.

     d.     Identify all Related percipient witness statements or testimony.

     e.     Describe all actions and statements that occurred.

20.    Other than the communications identified in ¶ 149 of the Complaint, Identify all "regular communications" that Samsung SDI Employees had with Mitsubishi Electric Employees regarding CRTs or CRT Products (as alleged in Complaint ¶ 137) by:

a.    Identifying all Persons involved in these "regular communications."

b.    Identifying all Documents Related to these "regular communications."

c.    Providing the date, time, and location of each "regular communication."

d.    Identifying percipient witness statements or testimony Related to these "regular communications."

e.    Describing all actions and statements that occurred during these "regular communications."

21.    Other than the meetings specifically identified in ¶ 149 of the Complaint, Identify all "group meetings" regarding CRTs or CRT Products in which Mitsubishi Electric Employees by:

a.    Identifying all Persons involved in these "group meetings."

b.    Identifying all Documents Related to these "group meetings."

c.    Providing the date, time, and location of each "group meeting."

d.    Identifying percipient witness statements or testimony Related to these "group meetings."

e.      Describing all actions and statements that occurred during these "group meetings."

22.     Identify all alleged "affirmative acts" (as alleged in Complaint ¶ 222) taken by Mitsubishi Electric Employees to conceal a conspiracy related to CRTs or CRT Products, by stating the name of the Mitsubishi Electric Person that took the "affirmative act," the date, time, and place of such act, Identifying any Documents Related to such "affirmative acts," and by Describing all actions and statements that occurred during the "affirmative acts," including any actions to conceal a conspiracy.

23.     Identify all alleged "pretextual reasons" (as alleged in Complaint ¶ 222) given by Mitsubishi Electric Employees for their pricing and output actions by stating the name of the Mitsubishi Electric Person that gave "pretextual reasons," the date, time and place of such provided reason, Identifying any Documents Related to such "pretextual reasons," and by Describing all actions and statements that occurred during the provision of the "pretextual reasons."

24.     Identify all agreements made by Mitsubishi Electric Employees and at least one other Co-conspirator "to give pretextual reasons for price increases and output reductions" (as alleged in Complaint ¶ 228), by stating the name of the Mitsubishi Electric Person that entered into such agreement, the date, time, and place of such agreement, Identifying any Documents Related to such agreement, and by Describing all actions and statements that occurred during the making of agreements "to give pretextual reasons for price increases and output reductions."

25.     If you contend that Mitsubishi Electric did not effectively withdraw from the conspiracy alleged in the Complaint Related to Color Picture Tubes (or "CPTs") by 1998, state

every basis or factual ground that supports such a contention, Identify each Document that You contend supports such a contention, Identify each percipient witness statement or testimony that You contend supports such a contention, Identify each Person who has knowledge concerning each contention, and Describe the actions or statements that You contend support such a contention.

26.     If you contend that Mitsubishi Electric did not effectively withdraw from the conspiracy alleged in the Complaint Related to Color Display Tubes (or "CDTs") by 2005, state every basis or factual ground that supports such a contention, Identify each Document that You contend supports such a contention, Identify each percipient witness statement or testimony that You contend supports such a contention, Identify each Person who has knowledge concerning each contention, and Describe the actions or statements that You contend support such a contention.

27.     Identify all Persons that you contend were owned or controlled by Mitsubishi Electric and from whom You purchased CRTs or CRT Products, by stating the time periods during which You purchased CRTs or CRT Products from such entities, Identifying any Documents Related to Mitsubishi Electric's ownership and control of such entity upon which You base Your contention, Identifying percipient witnesses statements or testimony Related to Mitsubishi Electric's ownership and control of such entity, and Describing the actions or statements that You contend support the contention that Mitsubishi Electric owned or controlled such entity.

28.     Identify all Persons Identified in Interrogatory No. 27 whose sales of CRTs or CRT Products You or Your expert economist included in computing Your overcharge damages

allocated to Mitsubishi Electric and the time periods of such Person's sales included in computing Your overcharge damages (as described in Exhibit 15 of the Report Of Alan S. Frankel, Ph.D. dated April 15, 2014, provided by You).

29.    Do You contend that sales by Mitsubishi Electric of CRTs or CRT Products that were shipped by Mitsubishi Electric to a location outside of the United States are the subject of any claim alleged in the Complaint? If so, please Identify the customers outside of the United States to whom Mitsubishi Electric shipped CRTs or CRT Products that are subject to Your claim, the time periods of such sales, the volume of such sales, and Describe the legal theory by which You intend to include such sales in Your claim.

30.    If You contend that Mitsubishi Electric is liable to you on any factual or legal theory not specifically set forth in the Complaint, state each theory, Identify each Document that You contend supports each theory, Identify each Person who has knowledge concerning each theory, and Describe any actions or statements that You contend supports each theory.

Dated:  July 21, 2014

Mitsubishi Electric Corporation, Mitsubishi Electric
Visual Solutions America, Inc, and Mitsubishi Electric
US, Inc.

By: /s/ Michael T. Brody

    Michael T. Brody

| | |
|---|---|
| Terrence J. Truax (*pro hac vice*) <br> Michael T. Brody (*pro hac vice*) <br> JENNER & BLOCK LLP <br> 353 North Clark <br> Chicago, Illinois 60654-3456 <br> Telephone:  312 222-9350 <br> Facsimile:   312 527-0484 <br> ttruax@jenner.com <br> mbrody@jenner.com | Brent Caslin (Cal. Bar. No. 198682) <br> JENNER & BLOCK LLP <br> 633 West Fifth Street <br> Suite 3600 <br> Los Angeles, California 90071 <br> Telephone:  213 239-5100 <br> Facsimile:   213 239-5199 <br> bcaslin@jenner.com |

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc.,
and Mitsubishi Electric US, Inc.*

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:  213 239-5100
Facsimile:   213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:  312 222-9350
Facsimile:   312 527-0484
ttruax@jenner.com
mbrody@jenner.com

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc.; and Mitsubishi Electric US, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In Re: Cathode Ray Tube (CRT) Antitrust Litigation | Master File No. 3:07-cv-05944-SC |
|---|---|
| This Document Relates To: | MDL No. 1917 |
| *Electrograph Systems, Inc. et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656; | **CERTIFICATE OF SERVICE** |
| *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502; | |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | |

*Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

*CompuCom Systems, Inc. v. Hitachi, Ltd. et al.*, No. 11-cv-06396;

*Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*Schultze Agency Services, LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173;

*Dell Inc. and Dell Products L.P. v. Hitachi, Ltd., et al.*, No. 13-cv-02171;

*Sharp Electronics Corp. et al. v. Koninklijke Philips Electronics, N.V., et al.*, No. 13-cv-02776;

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Sears, Roebuck and Co., et al. v. Technicolor SA*, et al., No. 13-cv-05262;

*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

*Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Target Corp., v. Technicolor SA, et al.*, No. 13-cv-05686;

1
2    *Costco Wholesale Corporation v. Technicolor SA,,*
     *et al.*, No. 13-cv-005723;

3    *Electrograph Systems, Inc., et al. v. Technicolor SA,*
4    *et al.*, No. 13-cv-05724;

5    *P.C. Richard & Son Long Island Corporation, et al.*
     *v. Technicolor SA, et al.*, No. 13-cv-05725;
6
7    *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-
     cv-05726;
8
     *Interbond Corporation of America v. Technicolor*
9    *SA, et al.*, No. 13-cv-05727.

10

11                        **CERTIFICATE OF SERVICE**

12        I HEREBY CERTIFY that I caused a true and correct copy of the documents listed below

13   to be served by Email transmission on July 21, 2014 to each of the persons as set forth on the

14   attached service list.

15            • Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America,
16              Inc., and Mitsubishi Electric US, Inc.'s First Set of Interrogatories to Alfred H.
                 Siegel, As Trustee of the Circuit City Stores, Inc. Liquidating Trust.
17
18            • Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America,
                 Inc., and Mitsubishi Electric US, Inc.'s First Set of Requests for Production to
19               Alfred H. Siegel, As Trustee of the Circuit City Stores, Inc. Liquidating Trust.

20            • Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America,
                 Inc., and Mitsubishi Electric US, Inc.'s First Set of Interrogatories to Costco
21               Wholesale Corporation.

22            • Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America,
23               Inc., and Mitsubishi Electric US, Inc.'s First Set of Requests for Production to
                 Costco Wholesale Corporation.
24
25            • Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America,
                 Inc., and Mitsubishi Electric US, Inc.'s First Set of Interrogatories to Electrograph
26               Systems, Inc. and Electrograph Technologies Corp.

27

28                                          3

- Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc., and Mitsubishi Electric US, Inc.'s First Set of Requests for Production to Electrograph Systems, Inc. and Electrograph Technologies Corp.

- Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc., and Mitsubishi Electric US, Inc.'s First Set of Interrogatories to Interbond Corporation of America.

- Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc., and Mitsubishi Electric US, Inc.'s First Set of Requests for Production to Interbond Corporation of America.

- Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc., and Mitsubishi Electric US, Inc.'s First Set of Interrogatories to Office Depot, Inc..

- Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc., and Mitsubishi Electric US, Inc.'s First Set of Requests for Production to Office Depot, Inc.

- Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc., and Mitsubishi Electric US, Inc.'s First Set of Interrogatories to P.C. Richard & Son Long Island Corporation; MARTA Cooperative of America, Inc., and ABC Appliance, Inc.

- Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc., and Mitsubishi Electric US, Inc.'s First Set of Requests for Production to P.C. Richard & Son Long Island Corporation; MARTA Cooperative of America, Inc., and ABC Appliance, Inc.

- Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc., and Mitsubishi Electric US, Inc.'s First Set of Interrogatories to Target Corp.

- Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc., and Mitsubishi Electric US, Inc.'s First Set of Requests for Production to Target Corp.

Dated: July 24, 2014                              /s/ Shaun M. Van Horn

                                                 Shaun M. Van Horn

4

<u>Service List</u>

| | |
|---|---|
| Philip J. Iovieno<br>Anne M. Nardacci<br>Boies, Schiller & Flexner LLP<br>30 South Pearl St., 11th Floor<br>Albany, NY 12207<br>Telephone: (518) 434-0600<br>Facsimile: (518) 434-0665<br>piovieno@bsfllp.com<br>anardacci@bsfllp.com<br><br>William Isaacson<br>Boies, Schiller & Flexner LLP<br>5301 Wisconsin Ave. NW, Suite 800<br>Washington, D.C. 20015<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br><br>Stuart Singer<br>Boies, Schiller & Flexner LLP<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 356-0011<br>Facsimile: (954) 356-0022<br>ssinger@bsfllp.com<br><br>*Counsel for Electrograph Systems, Inc.,*<br>*Electrograph Technologies, Corp., Office*<br>*Depot, Inc., Interbond Corporation of*<br>*America, P.C. Richard & Son Long*<br>*Island Corporation, Marta Cooperative*<br>*of America, Inc., ABC Appliance, Inc.,*<br>*Schultze Agency Services LLC on behalf*<br>*of Tweeter Opco, LLC and Tweeter*<br>*Newco, LLC* | William J. Blechman<br>Richard A. Arnold<br>Samuel J Randall<br>Kenny Nachwalter PA<br>201 South Biscayne Blvd<br>Suite 1100<br>Miami, FL 33131<br>Telephone: (305) 373-1000<br>Fax: (305) 372-1861<br>wblechman@knpa.com<br>rarnold@kennynachwalter.com<br>srandall@knpa.com<br><br>Kevin J. Murray<br>201 S. Biscayne Blvd.<br>Suite 1100<br>Miami, FL 33131<br>Telephone: (305)-373-1000<br>Fax: (305)-372-1861<br>kmurray@knpa.com<br><br>Gavin David Whitis<br>Pond North LLP<br>350 South Grand Ave<br>Ste 3300<br>Los Angeles, CA 90071<br>Telephone: (415) 217-1240<br>Fax: (415) 394-0484<br>gwhitis@pondnorth.com<br><br>*Counsel for Sears, Roebuck and Co. and KMart*<br>*Corporation* |

| Astor Henry Lloyd Heaven, III<br>Jerome A. Murphy<br>Crowell and Moring LLP<br>1001 Pennsylvania Ave. NW<br>Washington, DC 20004<br>Telephone: (202) 624-2500<br>Fax: (202) 628-5116<br>aheaven@crowell.com<br>jmurphy@crowell.com<br><br>*Counsel for Target Corp.* | Kenneth S. Marks<br>David M. Peterson<br>John Pierre Lahad<br>Johnny William Carter<br>Jonathan Jeffrey Ross<br>Susman Godfrey LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002-5096<br>Telephone: (713) 651-9366<br>Fax: (713) 654-6666<br>kmarks@susmangodfrey.com<br>dpeterson@susmangodfrey.com<br>jlahad@susmangodfrey.com<br>jcarter@susmangodfrey.com<br>jross@susmangodfrey.com<br><br>*Counsel for Alfred H. Siegel, as Trustee of*<br>*Circuit City Stores, Inc. Liquidating Trust* |
|---|---|
| Cori Gordon Moore<br>David Burman<br>Eric J. Weiss<br>Nicholas H. Hesterberg<br>Perkins Coie LLP<br>1201 Third Avenue<br>Suite 4800<br>Seattle, WA 98101-3099<br>Telephone: (206) 359-8000<br>Fax: (206) 359-4849<br>cgmoore@perkinscoie.com<br>dburman@perkinscoie.com<br>eweiss@perkinscoie.com<br>nhesterberg@perkinscoie.com<br><br>Joren Surya Bass<br>Perkins Coie<br>Four Embarcadero Center<br>Suite 2400<br>San Francisco, CA 94111<br>Telephone: (415) 344-7000<br>jbass@perkinscoie.com<br><br>*Counsel for Costco Wholesale*<br>*Corporation* | Roman Silberfeld<br>David Martinez<br>Jill Sharon Casselman<br>Robins Kaplan Miller & Ciresi LLP<br>2049 Century Park East<br>Suite 3400<br>Los Angeles, CA 90067-3208<br>Telephone: (310) 552-0130<br>Fax: (310) 229-5800<br>rmsilberfeld@rkmc.com<br><br>dmartinez@rkmc.com<br>jscasselman@rkmc.com<br><br>Elliot S. Kaplan<br>K. Craig Wildfang<br>Laura Elizabeth Nelson<br>Robins Kaplan Miller and Ciresi<br>2800 LaSalle Plaza<br>800 LaSalle Ave<br>Minneapolis, MN 55402<br>Telephone: (612) 349-0986<br>Fax: (612) 339-4181<br>eskaplan@rkmc.com<br>kcwildfang@rkmc.com<br>lenelson@rkmc.com<br><br>*Counsel for Best Buy Co., Inc.; Best Buy*<br>*Purchasing LLC; Best Buy Enterprise Services,* |

| | Inc.; *Best Buy Stores, L.P.; BestBuy.com, LLC; and Magnolia Hi-Fi, Inc.* |
|---|---|
| Debra Dawn Bernstein<br>Michael P. Kenny<br>Melissa Whitehead<br>Alston & Bird LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>404-881-7000<br>Fax: 404-253-8488<br>debra.bernstein@alston.com<br>Mike.Kenny@alston.com<br>Debra.Bernstein@alston.com<br>Melissa.Whitehead@alston.com<br><br>James Matthew Wagstaffe<br>Kerr & Wagstaffe LLP<br>101 Missions Street, 18th Floor<br>San Francisco, CA 94105-1528<br>415-371-8500<br>Fax: 415-371-0500<br>Email: wagstaffe@kerrwagstaffe.com<br><br>*Attorneys for Dell, Inc., and Dell Products, L.P.* | Scott N. Wagner<br>Robert Turken<br>Bilzin Sumberg Baena Price & Axelrod LLP<br>200 S. Biscayne Boulevard<br>Suite 2500<br>Miami, FL 33131<br>305-350-7386<br>swagner@bilzin.com<br>rturken@bilzin.com<br><br><br>*Attorneys for Tech Data Corp.* |