# Exhibit 18

1           IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
2                  SAN FRANCISCO DIVISION

3

4
    IN RE:  CATHODE RAY TUBE
5   (CRT) ANTITRUST LITIGATION

6
       Master File No.
7   3:07-cv-05944 SC
          MDL NO. 1917
8      Judge:  Hon. Samuel Conti

9

10
         VIDEOTAPED DEPOSITION OF JAMES MCCLAVE, Ph.D.
11
           Taken on Behalf of the Defendant
12

13
          DATE TAKEN:         Wednesday, June 25, 2014
14
          TIME:               9:00 a.m. - 1:50 p.m.
15
          PLACE:              Greenberg Traurig
16                            450 South Orange Avenue
                              Orlando, Florida
17

18

19

20

21
                STENOGRAPHICALLY REPORTED BY:
22                 NORA KELLY-MEOLA, RPR

23

24

25       Job No. 80760

1  a company called BMCC?
2      A.  Not unless BMCC goes by an alias and thus has
3  data in these eight manufacturers' databases that I
4  have.
5      Q.  Did you utilize any plaintiffs' data in your
6  analysis?  By that I mean, transaction data by the
7  actual plaintiffs you represent in terms of what
8  products they purchased or what prices they paid or
9  anything like that?
10         MR. LOUGHLIN:  Object to the form.
11     A.  No.
12     Q.  Are you familiar with the fact that different
13 retailers sometimes pay different prices for the exact
14 same product from the same manufacturer at the same time
15 after taking into account rebates and discounts, is that
16 something you would examine?
17         MR. IOVIENO:  Object to the form.  You can
18    answer.
19     A.  I'm not familiar with that in that I have not
20 analyzed or looked at plaintiff purchase data.
21     Q.  Have you done any analysis as to whether or not
22 a CRT overcharge you calculated would be passed on by
23 the manufacturer of the television or computer monitor?
24 Have you studied that issue at all?
25     A.  I'm not sure I understand your question.

Page 74

```
1     Passed on at what level?
2         Q.   Okay.  Let me explain.  One of the plaintiffs
3     you represent is Target; is that correct?
4         A.   Target is one of -- yes, one of the plaintiffs.
5         Q.   Would you agree with me Target doesn't really
6     buy very many -- didn't buy very many CDTs or CPTs
7     directly, it bought televisions or monitors essentially;
8     is that correct?
9         A.   I have a general understanding that that's
10    correct for all these plaintiffs.
11        Q.   Okay.
12        A.   But Target in particular, I'll accept that.
13        Q.   Okay.  But that's your understanding for all
14    the plaintiffs?
15        A.   Yeah.
16        Q.   My question is, have you as an expert examined
17    whether the overcharge percentage you calculated on the
18    CRT was passed through the TV set manufacturer or the
19    monitor manufacturer to one of the retailer plaintiffs,
20    is that an issue you examined at all?
21        A.   No.
22        Q.   Okay.  So you have no opinion to offer on that?
23    You haven't examined it, I assume you can't give an
24    opinion?
25        A.   That's right.
```