DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: david.yohai@weil.com

BAMBO OBARO (267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: bambo.obaro@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400
E-mail: jkessler@winston.com

*Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | MDL No. 1917<br>Master No. 3:07-cv-05944-SC |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS<br><br>*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, | **DECLARATION OF DAVID E. YOLKUT IN SUPPORT OF THE PANASONIC DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST INDIRECT PURCHASER PLAINTIFFS AND CERTAIN DIRECT ACTION PLAINTIFFS FOR LACK OF ANTITRUST INJURY AND ANTITRUST STANDING UNDER FEDERAL AND CERTAIN STATE LAWS** |

DAVID E. YOLKUT DECL. ISO PANASONIC DEFS.' ADMIN. MOT. TO SEAL DEFS.' MOT. FOR PARTIAL SUMM. J. FOR LACK OF ANTITRUST INJURY

MDL No. 1917
Master No. 3:07-cv-05944-SC

| | |
|---|---|
| No. 11-cv-05513; | ) |
| | ) |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | ) ) ) |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; | ) ) ) |
| *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686; | ) ) ) |
| *Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; | ) ) ) |
| *Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262; | ) ) ) |
| *Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275; | ) ) ) |
| *Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727; | ) ) ) |
| *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276; | ) ) ) |
| *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726; | ) ) ) |
| *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396; | ) ) ) |
| *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397; | ) ) ) |
| *Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723; | ) ) ) |
| *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648; | ) ) ) |
| *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725; | ) ) ) |
| *Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649; | ) ) ) |
| *Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668; | ) ) ) |
| *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157 | ) ) ) |
| *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd,. et al.*, No. 14-cv-02510 | ) ) ) ) |

DAVID E. YOLKUT DECL. ISO PANASONIC DEFS.' ADMIN. MOT. TO SEAL
DEFS.' MOT. FOR PARTIAL SUMM. J. FOR LACK OF ANTITRUST INJURY

MDL No. 1917
Master No. 3:07-cv-05944-SC

2

I, David E. Yolkut, hereby declare as follows:

1. I am an attorney with Weil, Gotshal & Manges LLP, counsel for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*.

2. I submit this Declaration in Support of the Panasonic Defendants' Administrative Motion to File Under Seal Defendants' Notice of Motion and Motion for Partial Summary Judgment Against Indirect Purchaser Plaintiffs and Certain Direct Action Plaintiffs for Lack of Antitrust Injury and Antitrust Standing Under Federal and Certain State Laws ("Defendants' Antitrust Standing Motion"). I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (No. 07-cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

4. Pursuant to the Protective Order and Local Civil Rules 7-11 and 79-5(d), the Panasonic Defendants seek to seal the following concurrently-filed documents: (a) the highlighted portions of Defendants' Antitrust Standing Motion; and (b) Exhibits 5, 6, 7, 8, 15, 16, 19, 20, 22, 23, 25, 26, 27, 28, 29, 30, and 32 to the concurrently-filed Declaration of David L. Yohai In Support of Defendants' Antitrust Standing Motion (the "Yohai Declaration").

5. Exhibit 5 to the Yohai Declaration is the April 15, 2014 Expert Report of Indirect Purchaser Plaintiffs' ("IPPs") Expert Janet S. Netz, which the IPPs have designated as "Confidential" in its entirety under the terms of the Protective Order. The highlighted portions of pages 6, 8, and 20 of Defendants' Antitrust Standing Motion reference confidential information contained in Exhibit 5.

6. Exhibit 6 to the Yohai Declaration is excerpts from the transcript of the July 17, 2014 deposition of Kenneth Elzinga, joint expert witness of certain direct action plaintiffs ("DAPs")

DAVID E. YOLKUT DECL. ISO PANASONIC DEFS.' ADMIN. MOT. TO SEAL
DEFS.' MOT. FOR PARTIAL SUMM. J. FOR LACK OF ANTITRUST INJURY

MDL No. 1917
Master No. 3:07-cv-05944-SC

3

Electrograph Systems, Inc. and Electrograph Technologies Corporation ("Electrograph"); Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Circuit City"); Best Buy Company, Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, LLC, and Magnolia Hi-Fi, LLC ("Best Buy"); Target Corporation ("Target Corp."); Interbond Corporation of America (d/b/a BransMart USA) ("Interbond/BrandsMart"); Office Depot, Inc. ("Office Depot"); CompuCom Systems, Inc. ("CompuCom"); Costco Wholesale Corporation ("Costco"); P.C. Richard & Son Long Island Corporation ("P.C. Richard"); MARTA Cooperative of America, Inc. ("MARTA"); ABC Appliance, Inc. (d/b/a/ ABC Warehouse) ("ABC Warehouse"); Schultze Agency Services, LLC ("Tweeter"); Tech Data Corporation and Tech Data Product Management, Inc. ("Tech Data"); Dell Inc. and Dell Products L.P. ("Dell"); Sears, Roebuck and Company ("Sears"); Kmart Corporation ("Kmart"); and ViewSonic Corporation ("ViewSonic"), which those Plaintiffs have designated as "Highly Confidential" in its entirety under the terms of the Protective Order. The highlighted portions of pages 5, 8 and 20 of Defendants' Antitrust Standing Motion reference confidential information contained in Exhibit 6.

7. Exhibit 7 to the Yohai Declaration is the April 15, 2014 Expert Report of DAPs' Joint Expert Kenneth Elzinga, which the DAPs have designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

8. Exhibit 8 to the Yohai Declaration is excerpts from the April 15, 2014 Expert Report of DAP CompuCom's Expert Alan Frankel, which CompuCom has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

9. Exhibit 15 to the Yohai Declaration is excerpts from the transcript of the June 12, 2014 deposition of Frank Lincks, Fed. R. Civ. P. 30(b)(6) witness for Plaintiff Electrograph, which Electrograph has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

10. Exhibit 16 to the Yohai Declaration is excerpts from the transcript of the June 19, 2014 deposition of Wendy Linsky, Fed. R. Civ. P. 30(b)(6) witness for Plaintiff Tech Data, which Tech Data has designated as "Confidential" in its entirety under the terms of the Protective Order. The highlighted portions of page 7 of Defendants' Antitrust Standing Motion reference confidential information contained in Exhibit 16.

11. Exhibit 19 to the Yohai Declaration is excerpts from the transcript of the May 1, 2014 deposition of Nikhil Nayar, Fed. R. Civ. P. 30(b)(6) witness for Plaintiff Target Corp. ("Target"), which Target has designated as "Highly Confidential" in its entirety under the terms of the Protective Order. The highlighted portions of pages 6 and 16 of Defendants' Antitrust Standing Motion reference confidential information contained in Exhibit 19.

12. Exhibit 20 to the Yohai Declaration is excerpts from the transcript of the June 27, 2014 deposition of Janet Netz, the IPPs' expert witness, which the IPPs have designated as "Highly Confidential" in its entirety under the terms of the Protective Order. The highlighted portions of pages 8 and 20 of Defendants' Antitrust Standing Motion reference confidential information contained in Exhibit 20.

13. Exhibit 22 to the Yohai Declaration is excerpts from the transcript of the November 12, 2013 deposition of Thomas Pohmer, Fed. R. Civ. P. 30(b)(6) witness for Plaintiff P.C. Richard, which P.C. Richard has designated as "Confidential" in its entirety under the terms of the Protective Order.

14. Exhibit 23 to the Yohai Declaration is excerpts from the transcript of the April 24, 2014 deposition of Chris Re, Fed. R. Civ. P. 30(b)(6) witness for Plaintiff Tweeter, which Tweeter has designated as "Confidential" in its entirety under the terms of the Protective Order.

15. Exhibit 25 to the Yohai Declaration is excerpts from the transcript of the July 11, 2014 deposition of James A. Smith, Fed. R. Civ. P. 30(b)(6) witness for Plaintiff Sears, which Sears has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

DAVID E. YOLKUT DECL. ISO PANASONIC DEFS.' ADMIN. MOT. TO SEAL DEFS.' MOT. FOR PARTIAL SUMM. J. FOR LACK OF ANTITRUST INJURY

MDL No. 1917
Master No. 3:07-cv-05944-SC

5

16. Exhibit 26 to the Yohai Declaration is excerpts from the transcript of the July 18, 2014 deposition of James A. Smith, Fed. R. Civ. P. 30(b)(6) witness for Plaintiff Kmart, which Kmart has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

17. Exhibit 27 to the Yohai Declaration is excerpts from the transcript of the March 27, 2014 deposition of Constantin Tanas, Fed. R. Civ. P. 30(b)(6) witness for Plaintiff ABC Warehouse, which ABC Warehouse has designated as "Confidential" in its entirety under the terms of the Protective Order. The highlighted portions of page 16 of Defendants' Antitrust Standing Motion reference confidential information contained in Exhibit 27.

18. Exhibit 28 to the Yohai Declaration is excerpts from the transcript of the February 14, 2014 deposition of Robert Thompson, Fed. R. Civ. P. 30(b)(6) witness for Plaintiff MARTA, which MARTA has designated as "Confidential" in its entirety under the terms of the Protective Order.

19. Exhibit 29 to the Yohai Declaration is excerpts from the transcript of the July 24, 2014 deposition of Randall Wick, Fed. R. Civ. P. 30(b)(6) witness for Plaintiff Office Depot, which Office Depot has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

20. Exhibit 30 to the Yohai Declaration is excerpts from the transcript of the June 24, 2014 deposition of Todd Williams, employee of Plaintiff Target, which Target has designated as "Highly Confidential" in its entirety under the terms of the Protective Order. The highlighted portions of pages 7 of Defendants' Antitrust Standing Motion reference confidential information contained in Exhibit 30.

21. Exhibit 32 to the Yohai Declaration is excerpts from the transcript of the October 10, 2014 deposition of Bonny Cheng, Fed. R. Civ. P. 30(b)(6) witness for Plaintiff ViewSonic, which ViewSonic has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

DAVID E. YOLKUT DECL. ISO PANASONIC DEFS.' ADMIN. MOT. TO SEAL
DEFS.' MOT. FOR PARTIAL SUMM. J. FOR LACK OF ANTITRUST INJURY

MDL No. 1917
Master No. 3:07-cv-05944-SC

6

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 7, 2014 at New York, New York.

By: _____
DAVID E. YOLKUT

DAVID E. YOLKUT DECL. ISO PANASONIC DEFS.' ADMIN. MOT. TO SEAL
DEFS.' MOT. FOR PARTIAL SUMM. J. FOR LACK OF ANTITRUST INJURY

MDL No. 1917
Master No. 3:07-cv-05944-SC