SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com
              tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TYLER M. CUNNINGHAM IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 79-5(e)(1)**<br><br>[re Samsung SDI documents] |
| This Document Relates to:<br><br>*Crago, d/b/a Dash Computers, Inc., et al., v. Mitsubishi Electric Corporation, et al.*, Case No. 14-cv-2058 (SC) | |

I, TYLER M. CUNNINGHAM, do declare and state as follows:

1. I am a member of the bar of the State of California and an associate with Sheppard, Mullin, Richter & Hampton LLP, counsel of record for defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. (collectively "SDI") in these actions. I make this declaration in support of Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 2968) ("Motion to Seal"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306).

3. I have reviewed Direct Purchaser Plaintiffs' Motion for Class Certification with Respect to the Thomson and Mitsubishi Defendants, dated November 7, 2014 ("Motion"), the Declaration of R. Alexander Saveri in support of the Motion ("Saveri Declaration"); and the Expert Report of Jeffrey J. Leitzinger, Ph.D., dated November 6, 2014 ("Leitzinger Report").

4. Pursuant to Civil Local Rule 79-5(e)(1), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal the following documents and information designated by SDI as "Confidential" or "Highly Confidential:" (i) Exhibit 24 to the Saveri Declaration (Samsung SDI Defendants' Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5); (ii) Exhibit 67 to the Saveri Declaration (excerpts from the deposition of Jae In Lee, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for SDI); (iii) Exhibit 95 to the Saveri Declaration (a document analyzing display markets); (iv) portions of the Motion that quote from or describe Exhibits 24, 67 or 95; and (v) portions of the Leitzinger Report.

5. **Exhibit 24**. Exhibit 24 is the Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, designated by SDI as "Confidential" under the Protective Order. Exhibit 24 is a voluminous eighty-nine (89) page document lodged under seal in full by Plaintiffs; however, it is only briefly discussed in the Motion. Where confidential documents or information are not material to the disposition of the underlying motion, the documents and information should be kept under seal. *See, e.g., The Wilderness Society v. Wisely*, 524 F. Supp. 2d 1285, 1296 (D. Colo. Aug. 6, 2007) (ordering documents to be kept under seal "[b]ecause the Court has not considered the [documents] in reaching its decisions in this case, [thus] there is no public interest to be served by providing access to them"); *McConnell v. Fed. Election Comm.*, 251 F. Supp. 2d 919, 937, 943 (D.D.C. 2003) (ordering documents and information not relied upon by the Court to be kept under seal); *Ricketts v. AW OF UNICOR*, 2009 WL 2232467, at *1 n.5 (M.D. Penn. July 24, 2009) (same); *Davis v. Miner*, 2007 WL 1237924, at *3 n.8 (M.D. Penn. Apr. 26, 2007) (same). Exhibit 24 consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive documents or information concerning SDI's sales processes, business practices, negotiating tactics and competitive positions, including as to relationships with companies that remain important to SDI's competitive position, such that public disclosure would irreparably harm SDI. Sealing Exhibit 24 is particularly appropriate where there is no need to release the entire eighty-nine (89) page discovery response. Moreover, the Court has repeatedly ordered that this document be sealed. *See, e.g.,* Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents (Dkt. No. 1120); Order Re Administraive Motions to File Under Seal (Dkt. No. 1512); Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents (Dkt. No. 1698). Accordingly, Exhibit 24 should be maintained under seal.

6. **Exhibit 67**. Exhibit 67 to the Saveri Declaration contains excerpts from the deposition of Jae In Lee, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for SDI. SDI designated these excerpts of the deposition transcript "Highly Confidential" under the Protective Order. These excerpts contain information concerning SDI's production methods, capabilities and

1  strategies.  I am informed and believe that SDI treats such information as highly confidential and
2  has taken reasonable measures to safeguard it from disclosure outside the company.  I am
3  informed and believe that public disclosure of this highly confidential information would likely
4  irreparably harm SDI.  Accordingly, Exhibit 67 should be maintained under seal.
5          7.      **Exhibit 95**.  Exhibit 95 to the Saveri Declaration is a document produced
6  by SDI in this action as SDCRT-0091353-63, which analyzes display markets and describes SDI's
7  competitive positions and business strategies.  SDI designated Exhibit 95 as "Highly Confidential"
8  under the Protective Order.  I am informed and believe that SDI treats such information as
9  confidential and have taken reasonable measures to safeguard it from disclosure outside the
10 company.  I am informed and believe that public disclosure of this confidential information would
11 be substantially likely to irreparably harm SDI.  Moreover, the Court has previously ordered that
12 Exhibit 95 be sealed.  *See* Order Granting Direct Purchaser Plaintiffs' Administrative Motion to
13 Seal Documents (Dkt. No. 1698).  Accordingly, Exhibit 95 should be maintained under seal.
14         8.      I am informed and believe that SDI considers any statements in the Motion
15 purporting to summarize these exhibits to be confidential, and that public disclosure of this
16 information would be substantially likely to harm SDI with respect to its competitors and/or
17 customers.  Accordingly, all portions of the Motion that quote from or describe Exhibits 24, 67 or
18 95 should be maintained under seal.
19         9.      Upon information and belief, the documents and information referred to in
20 and/or attached to the Leitzinger Report and its exhibits consist of, cite to, and/or identify
21 confidential, nonpublic, proprietary and highly sensitive business information.  The documents
22 contain, cite, and/or identify confidential information about SDI's sales processes, business
23 practices, internal practices, negotiating tactics and competitive positions.  I am informed and
24 believe that this is sensitive information and public disclosure of this information presents a risk of
25 undermining SDI's business relationships, would cause it harm with respect to its competitors and
26 customers, and would put SDI at a competitive disadvantage.
27         10.     SDI has narrowly tailored this sealing request to only those exhibits and
28

references thereto necessary to protect their proprietary and sensitive business information. Accordingly, for the reasons stated above, SDI requests that the Court maintain under seal the following documents and document excerpts:

      a.     Saveri Declaration Exhibit 24;

      b.     Saveri Declaration Exhibit 67;

      c.     Saveri Declaration Exhibit 95;

      d.     All portions of the Motion that quote from or describe Exibits 24, 67 or 95;

      e.     All portions of the Leitzinger Report that consist of, cite to and/or identify documents or information designated "Confidential" or "Highly Confidential" by SDI.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on November 11, 2014 at San Francisco, California.

                               */s/ Tyler M. Cunningham*
                               TYLER M. CUNNINGHAM