1 | JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
2 | HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
3 | MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
4 | MUNGER, TOLLES & OLSON LLP
560 Mission Street
5 | Twenty-Seventh Floor
San Francisco, California 94105-2907
6 | Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077
7 |
WILLIAM D. TEMKO (State Bar No. 98858)
8 | william.temko@mto.com
MUNGER, TOLLES & OLSON LLP
9 | 355 South Grand Avenue
Thirty-Fifth Floor
10 | Los Angeles, CA 90071-1560
Telephone:   (213) 683-9100
11 | Facsimile:   (213) 687-3702

12 | *Attorneys for Defendants LG Electronics, Inc.,
and LG Electronics U.S.A., Inc.*
13 |
*Additional Moving Defendants and Counsel*
14 | *Listed on Signature Pages*

15 | UNITED STATES DISTRICT COURT

16 | NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| 17 This Document Relates to: | Case No. Master File No. 3:07-cv-05944-SC |
| 18 *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Individual Case No. 11-cv-06396 | MDL NO. 1917 |
| 19 *Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, Individual Case No. 11-cv-06397 | **DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS** |
| 20 | |
| 21 *Office Depot Inc. v. Hitachi Ltd., et al.*, Individual Case No. 11-cv-06276 | **GROUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN** |
| 22 | **SUPPORT THEREOF – Redacted** |
| 23 | [Declarations of Laura K. Lin, Eric Kim, Meggan Ehret, Shinichi Miyoshi, Kazuo Hatanaka, Patrick Barrett, Wei Ling Quek, Taketeru Kakesu, L. Thomas Heiser, Ayumo Kinoshita, [Proposed] Order filed herewith] |
| 24 | |
| 25 | |
| 26 | |
| 27 | Judge:   Hon. Samuel Conti Date:    February 6, 2015 Time:    10:00 a.m. Ctrm:   1, 17th Floor |
| 28 | |

3:07-cv-05944-SC; MDL 1917

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

**<u>NOTICE OF MOTION AND JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2015 at 10:00 a.m., or as soon as counsel may be heard thereafter, in Courtroom 1, 17th Floor, San Francisco, California before the Honorable Samuel Conti, the undersigned defendants[1] will move the Court, pursuant to Federal Rule of Civil Procedure 56, for partial summary judgment with respect to certain state law claims of Plaintiffs CompuCom Systems, Inc. ("CompuCom"), Costco Wholesale Corporation ("Costco"), and Office Depot, Inc. ("Office Depot") (collectively, "Plaintiffs"). Specifically, this motion seeks partial summary judgment on the following claims for relief with the exception of (a) Plaintiffs' California state law claims against the SDI Defendants, (b) Plaintiffs' New York state law claim against Defendant Hitachi America, Ltd. ("Hitachi America"), and (c) Plaintiffs' California and New York claims against Panasonic Corp. and MT Picture Display Co., Ltd. (collectively, the "Panasonic Defendants"):

1.  CompuCom's Second, Third, and Fourth Claims for Relief under California and New York state law;

2.  Costco's Second, Fourth, Fifth, and Sixth Claims for Relief under California, Arizona, Florida, and Illinois state law; and

3.  Office Depot's Third and Fourth Claims for Relief under California state law.

---

[1] The following defendants bring this motion: LG Electronics, Inc., LG Electronics, U.S.A., Inc., LG Electronics Taiwan Taipei Co., Ltd. (collectively, the "LG Defendants"); Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil LTDA, Shenshen Samsung SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd., Samsung SDI (Malaysia) SDN. BHD. (collectively, the "SDI Defendants"); Hitachi Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Asia, Ltd., Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Defendants"); Mitsubishi Electronic Corporation, Mitsubishi Electronic Visual Solutions America, Inc., Mitsubishi Electric & Electronics USA, Inc. (collectively, the "Mitsubishi Defendants"); and Technicolor SA (f/k/a Thomson SA), Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) (collectively, the "Thomson Defendants"); Panasonic Corporation;  MT Picture Display Co., Ltd. ("MTPD"); Beijing-Matsushita Color CRT Company, Ltd. ("BMCC") (all together, "Defendants").

1                                      3:07-cv-05944-SC; MDL 1917
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1    This motion is based on this Notice of Motion, the following Memorandum of Points and

2    Authorities, the Declaration of Laura K. Lin in Support of Defendant's Motion for Partial

3    Summary Judgment Against Certain Direct Action Plaintiffs on Due Process Grounds ("Lin

4    Decl."), and any materials attached thereto or otherwise found in the record, along with the

5    argument of counsel and such other matters as the Court may consider.

6

7

8    Dated:  November 7, 2014            Respectfully submitted,

9

10                                       MUNGER, TOLLES & OLSON LLP

11                                       By: */s/ Hojoon Hwang*

12                                       JEROME C. ROTH (State Bar No. 159483)
                                         jerome.roth@mto.com
13                                       HOJOON HWANG (State Bar No. 184950)
                                         hojoon.hwang@mto.com
14                                       MIRIAM KIM (State Bar No. 238230)
                                         miriam.kim@mto.com
15                                       **MUNGER, TOLLES & OLSON LLP**
                                         560 Mission Street, Twenty-Seventh Floor
16                                       San Francisco, California 94105-2907
                                         Telephone: (415) 512-4000
17                                       Facsimile: (415) 512-4077

18                                       WILLIAM D. TEMKO (SBN 098858)
                                         William.Temko@mto.com
19                                       **MUNGER, TOLLES & OLSON LLP**
                                         355 South Grand Avenue, Thirty-Fifth Floor
20                                       Los Angeles, CA 90071-1560
                                         Telephone: (213) 683-9100
21                                       Facsimile: (213) 687-3702

22                                       *Attorneys for Defendants LG Electronics, Inc., LG*
                                         *Electronics USA, Inc.*
23

24

25

26

27

28

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1

**TABLE OF CONTENTS**

2

Page

3

QUESTION PRESENTED ......................................................................................... 1

4

SUMMARY OF ARGUMENT .................................................................................. 1

5

OVERVIEW OF CLAIMS ADDRESSED ................................................................ 2

6

STATEMENT OF UNDISPUTED MATERIAL FACTS .......................................... 2

7

I.     Plaintiffs' Headquarters and Purchasing Functions Are Located Outside of the

8      Relevant States ................................................................................................. 2

9           A.     Pertinent Facts Regarding CompuCom .................................................. 2

10          B.     Pertinent Facts Regarding Costco .......................................................... 3

11          C.     Pertinent Facts Regarding Office Depot ................................................ 3

12     II.    Defendants' Lack of Contacts with the Relevant States ................................... 4

13          A.     Defendants are Headquartered Outside of the Relevant States .............. 4

14          B.     Defendants' Alleged Anticompetitive Conduct Occurred Nearly
            Exclusively Outside of the Relevant States ........................................... 4
15

LEGAL STANDARD ............................................................................................... 5

16

ARGUMENT ............................................................................................................ 6

17

I.     Due Process Requirements ............................................................................... 6

18

II.    Plaintiffs' Claims Lack Significant Contacts With the Relevant States .............. 8

19
            A.     Plaintiffs Lack Any Sufficient Contacts With the Relevant States .......... 8
20
            B.     Defendants Lack Sufficient Business Contacts with the Relevant States ....... 9
21
            C.     The Alleged Anticompetitive Conduct By Individual Defendants Lacks Any
22                 Significant Connection to the Relevant States ....................................... 9

23                 1.     Plaintiffs Fail to Identify Any Purported Anticompetitive Conduct
                         By Any Defendant in Florida .................................................... 10
24
                   2.     The LG Defendants' Lack of Relevant Contacts ........................ 10
25
            D.     The SDI Defendants' Lack of Relevant Contacts .................................. 11
26
            E.     The Hitachi Defendants' Lack of Relevant Contacts ............................. 11
27
            F.     The Mitsubishi Defendants' Lack of Relevant Contacts ........................ 13
28

i                          3:07-cv-05944-SC; MDL 1917

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1

**TABLE OF CONTENTS**
(continued)

2
                                                                                                                                    Page

3      G.      BMCC's Lack of Relevant Contacts ........................................................ 13

4      H.      The Thomson Defendants' Lack of Relevant Contacts............................................. 13

5      I.      The Panasonic Defendants' Lack of Relevant Contacts ........................................ 16

6   CONCLUSION ................................................................................................................. 16

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**FEDERAL CASES**

4

*Adventure Commc'ns, Inc. v. Ky. Registry of Election Fin.,*

5
    191 F.3d 429 (4th Cir. 1999)...................................................................... 7, 12

6

*Allstate Ins. Co. v. Hague,*
    449 U.S. 302 (1981) (opinion of Powell, J.) ............................................. 6, 8, 9

7

*Anderson v. Liberty Lobby, Inc.,*

8
    477 U.S. 242 (1986) ...................................................................................... 5, 6

9

*AT&T Mobility LLC v. AU Optronics Corp.,*

10
    707 F.3d 1107 (9th Cir. 2013) ................................................................... passim

11

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986) ........................................................................................... 5

12

*In re Cathode Ray Tube (CRT) Antitrust Litig.,*

13
    2013 WL 4505701 (N.D. Cal. Aug. 21, 2013) ................................................. 7

14

*In re Oracle Corp. Sec. Litig.,*

15
    627 F.3d 376 (9th Cir. 2010)............................................................................. 5

16

*In re TFT-LCD (Flat Panel) Antitrust Litig.,*
    2012 WL 3727221 (N.D. Cal. Aug. 27, 2012) ................................................. 9

17

*In re TFT-LCD (Flat Panel) Antitrust Litig.,*

18
    2013 WL 1891367 (N.D. Cal. May 6, 2013) ................................................. 7, 9

19

*In re Vitamins Antitrust Litig.,*

20
    320 F.Supp.2d 1 (D.D.C. 2004) ..................................................................... 15

21

*Keeton v. Hustler Magazine, Inc.,*
    465 U.S. 770 (1984) ......................................................................................... 7

22

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,*

23
    475 U.S. 574 (1986) ......................................................................................... 6

24

*Mazza v. Am. Honda Motor Co.*
    666 F.3d 581, 590 (9th Cir. 2012) .................................................................. 6

25

26

*Pecover v. Elec. Arts Inc.,*
    2010 WL 8742757 (N.D. Cal. Dec. 21, 2010) (Walker, J.) ........................... 7

27

*Philips Petroleum Co. v. Shutts,*

28
    472 U.S. 797 (1985) ................................................................................. 6, 7, 9

iii

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

3:07-cv-05944-SC; MDL 1917

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Spence v. Glock, Ges.m.b.H*,
   227 F.3d 308 (5th Cir. 2000)...........................................................9

*Wilcox v. First Interstate Bank*,
   815 F. 2d 522 (9th Cir. 1987).........................................................15

**CASES - OTHER**

*In re CRT Antitrust Litig.*,
   2014 WL 1091589 (March 13, 2014)...............................................13

*In re CRT Antitrust Litig.*,
   2014 WL 1466833 (March 13, 2014)...............................................13

**FEDERAL RULES**

Fed. R. Civ. P. 56(a)...........................................................................5

3:07-cv-05944-SC; MDL 1917
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

# MEMORANDUM OF POINTS AND AUTHORITIES

## QUESTION PRESENTED[2]

Whether certain of Plaintiffs' state law claims against Defendants are barred by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution because Plaintiffs cannot sustain their burden of showing that the states whose laws they seek to apply have an interest in their claims.

## SUMMARY OF ARGUMENT

In an effort to avoid the federal prohibition on recovering damages for their indirect purchases, certain Plaintiffs[3] assert claims pursuant to the laws of states that allow such damages but that lack even a "slight and casual" connection to this case. Specifically, Plaintiffs bring state law claims under the laws of the following states that bear little, if any, connection to this case: Arizona, California, Florida, Illinois, and New York (collectively, the "Relevant States").

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution forbids such cherry-picking. A plaintiff may only invoke the law of a given state when the application of that state's law is "neither arbitrary nor fundamentally unfair." *AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1107, 1114 (9th Cir. 2013). In order to meet this threshold, Plaintiffs must present evidence "with respect to each Defendant" *individually* that establishes a more than "slight and casual" connection between that Defendant and the state whose law Plaintiffs seek to apply. *See id.* Even when viewing the facts in the light most favorable to Plaintiffs, Plaintiffs fail to satisfy this standard. Accordingly, Defendants are entitled to summary judgment on Plaintiffs' claims brought under the laws of the Relevant States except in the few instances not at issue in this motion.[4]

---

[2] Lin Declaration Exhibit C describes how Defendants' motions concerning Plaintiffs' state law claims relate to one another. As Exhibit C details, the Court need not consider certain of Defendants' motions if it finds in Defendants' favor on other motions.

[3] The Plaintiffs at issue in this motion are: CompuCom, Costco, and Office Depot.

[4] Specifically, Defendants do not seek partial summary judgment on due process grounds for Office Depot's Florida law claim. In addition, the Samsung SDI Defendants do not seek partial summary judgment with respect to the California state law claims asserted against them; Hitachi

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1

## OVERVIEW OF CLAIMS ADDRESSED

Plaintiffs are companies that purchased products containing Cathode Ray Tubes ("CRTs") and resold them directly to consumers or through distribution channels. Plaintiffs allege that Defendants engaged in a conspiracy to fix the prices of CRTs. Along with federal law claims, Plaintiffs allege the following state law claims, despite the fact that these states have little – and often no – interest in the parties or occurrences at issue:

1. CompuCom's Second, Third, and Fourth Claims for Relief under California and New York state law;

2. Costco's Second, Fourth, Fifth, and Sixth Claims for Relief under California, Arizona, Florida, and Illinois state law;[5] and

3. Office Depot's Third and Fourth Claims for Relief under California state law.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

**I.      Plaintiffs' Headquarters and Purchasing Functions Are Located Outside of the Relevant States**

### A.      Pertinent Facts Regarding CompuCom

At all relevant times, CompuCom was headquartered in Dallas, Texas.[6] At all relevant times, CompuCom's employees with responsibilities related to the purchase of CRT products were located in Texas, as were those employees' managers.[7] CompuCom issued its purchase orders for

---

America does not seek partial summary judgment with respect to the New York state law claims asserted against it; and the Panasonic Defendants do not seek partial summary judgment as to the California and New York state law claims asserted against them.

[5] Panasonic Corporation, Panasonic Corporation of North America and MT Picture Display Co., Ltd. ("MTPD") do not move with respect to Costco's claims, as they are not named in Costco's complaint. The SDI Defendants likewise do not move with respect Costco's claims because Costco does not assert any state law claims against them.

[6] CompuCom First Amended Complaint ("CompuCom Am. Compl."), Oct. 3, 2013, ECF No. 1975, at ¶ 16.

[7] Lin Decl. Ex. 12 (John O'Donnell (CompuCom) Dep. at 48:24-49:17).

2

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS

1   CRT products exclusively from Texas.[8]  CompuCom received all invoices for its CRT product

2   purchases in Texas.[9]

3   **B.      Pertinent Facts Regarding Costco**

4          At all relevant times, Costco was headquartered in Washington.[10]  Before 1999, Costco

5   maintained its headquarters in Washington but was incorporated in Delaware.[11]  Prior to the

6   beginning of the relevant period, Costco merged with a California company called Price Club.[12]

7          Throughout the relevant period, Costco's CRT product purchasing decisions, negotiations,

8   and forecasting occurred in Washington.[13]  Washington was the "primary spot" from which

9   Costco issued purchase orders for its CRT product purchases.[14]  In some instances, Costco's

10  Washington headquarters directed the regional offices concerning what purchase orders to issue

11  and those offices would place the purchase orders; even at these times, "decisions were made … at

12  the corporate office."[15]

13  **C.      Pertinent Facts Regarding Office Depot**

14         Office Depot is headquartered in Florida.[16]  Office Max, a corporation purchased by Office

15  Depot in 2013, conducted its purchasing negotiations in Ohio.[17]  Office Depot has offered no

16  evidence to show that it conducted purchase negotiations in California, issued purchase orders

17  from California, or otherwise had any relevant connection to California.

18  _____

19  [8] *Id.* at 140:10-18.

20  [9] *Id.* at 141:7-11.

21  [10] Costco First Amended Complaint ("Costco Am. Compl."), Oct. 3, 2013, ECF No. 1982, at
    ¶¶ 11, 12.

22  [11] *Id.* at ¶ 12.

23  [12] *Id.* ¶ 12.

24  [13] Lin Decl. Ex. 9 (Geoffrey Shavey (Costco) Dep. at 58:14-17); *see also id.* at 46:7-16

25  [14] *Id.* at 45:25-46:6.

26  [15] *Id.* at 57:23-58:2, 59:5-6.

27  [16] Office Depot First Amended Complaint ("Office Depot Am. Compl.), Oct. 3, 2013, ECF No.
    1977, at ¶ 16.

28  [17] Lin Decl. Ex. 16 (Steve Foxhall (Office Depot) Dep. at 34:19-35:7).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

## II.     Defendants' Lack of Contacts with the Relevant States

### A.     Defendants are Headquartered Outside of the Relevant States

Defendants are approximately twenty distinct corporations that are headquartered throughout the world, predominately in Asia and Europe.[18]  With a few exceptions that are not relevant to this motion,[19] it is undisputed that the Defendants did not maintain their headquarters, principal places of business, manufacturing facilities, or any other material business presence in the Relevant States.[20]

### B.     Defendants' Alleged Anticompetitive Conduct Occurred Nearly Exclusively Outside of the Relevant States

In discovery, Plaintiffs identified the alleged anticompetitive conduct at issue by creating an "Exhibit A," as well as by pointing to Defendants' own discovery responses and generally referencing all documents produced by any party.[21]  Exhibit A lists alleged anticompetitive communications by date, location, and individual participants.   Plaintiffs purported to identify

---

[18] *See, e.g.*, CompuCom Am. Compl. ECF No. 1975, at ¶¶ 19-62.

[19] The exceptions are as follows: *first*, certain SDI Defendants had business contacts in California and Illinois; the Samsung SDI Defendants do not move with respect to these states' laws. *Second*, Defendant Hitachi America maintained certain contacts with New York; Defendant Hitachi America does not move with respect to the New York claims against it. *Third* the Panasonic Defendants had certain business contacts with California, Illinois, and New York; these Panasonic Defendants do not move with respect to these respective claims.

[20] *See, e.g.*, CompuCom Am. Compl. ¶¶ 19-62 (alleging Defendants' foreign headquarters and operations). *See also, e.g.*, Declaration of Eric Kim (LGEI); Declaration of Richard Wingate (LGEUSA) (filed in support of LG and Mitsubishi Electric Subsidiaries' Motion for Summary Judgment); Declaration of Ayumo Kinoshita (BMCC); Declaration of Shinichi Miyoshi (MTPD); Declaration of Shinichi Miyoshi (Panasonic Corp.); Declaration of Patrick Barrett (Hitachi America, Ltd.); Declaration of Kazou Hatanaka (Hitachi, Ltd.); Declaration of Wei Ling Quek (Hitachi Asia, Ltd.); Declaration of Taketeru Kakesu (Hitachi Displays, Ltd.); Declaration of L. Thomas Heiser (Hitachi Electronic Devices (USA), Inc.); Declaration of Meggan Ehret (Thomson).

[21] *See, e.g.*, CompuCom's Objections and Responses to LG Electronics U.S.A., Inc. and Panasonic Corporation's Second Set of Interrogatories, Response to Interrogatory No. 10 (stating that "[e]vidence supporting defendants' and their co-conspirators' price fixing includes documents produced by all parties and the testimony of witnesses," citing various expert reports and discovery responses by others, and identifying "Exhibit A to interrogatory responses submitted by the Dell Plaintiffs on July 14, 2014, including all revisions and supplementations thereto").  The most recent versions of Plaintiffs' Exhibit A are attached as Exhibit A to the accompanying declaration of Laura K. Lin (referred to hereafter as "Exhibit A").

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1 which Defendants were affiliated with each entry on Exhibit A, but failed to specify the particular

2 Defendants by corporate entity. (Thus, for instance, "SDI" is one column on Exhibit A, without

3 reference to which of the seven SDI Defendants is at issue.) ████████████████████████

4 ████████████████████████

5    Exhibit A (consistent with all of the discovery in these matters) indicates that substantially

6 all of the alleged misconduct at issue occurred abroad. ███████████████████████

7 ███████████████████████████████████████████████████

8 █████████████████████████████ ███████████████████

9 █████████████████████████ *See id*. As Exhibit B shows, and

10 as detailed further below, individually Defendants had few, if any, alleged anticompetitive

11 communications in the Relevant States.

12             **LEGAL STANDARD**

13    Summary judgment is appropriate when there is no genuine issue of material fact and the

14 moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving

15 for summary judgment has the initial burden of identifying the absence of a genuine issue of

16 material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *In re Oracle Corp.*

17 *Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

18    Where, as here, the moving party meets its burden, the non-moving party must identify

19 facts showing that a genuine issue for trial exists. *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387

20 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The non-moving party may not rely

21 on the pleadings but must come forward with evidence – affidavits, depositions, answers to

---

22 [22] Exhibit A.

23 [23] As described in the Lin Declaration, Defendants created Exhibit B by filtering Plaintiffs'

24 Exhibit A by location (as identified by Plaintiffs in the second column of their Exhibit A) and
selecting entries that reference, or appear to reference, the United States. *See* Lin Decl. ¶ 4. In

25 addition, Defendants added entries to Exhibit B based on the allegations relating to conduct in the
United States as cited in the exhibits to the Rebuttal Expert Report of Jerry A. Hausman (Sept. 26,

26 2014). *Id.* These latter entries are designated with the letter "H" in Exhibit B. Although Plaintiffs
have indicated that their evidence of anticompetitive conduct may arise from all discovery

27 documents and responses, Defendants have not located any additional references to Plaintiffs'

28 allegations of anticompetitive conduct in the United States.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

interrogatories, or admissions – from which a jury could reasonably render a verdict in its favor. *Id.* (citing *Anderson*, 477 U.S. at 252). "The nonmoving party must show more than the mere existence of a scintilla of evidence" or "some 'metaphysical doubt' as to the material facts at issue." *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

## ARGUMENT

### I.    Due Process Requirements

"If a plaintiff could choose the substantive rules to be applied to an action ... the invitation to forum shopping would be irresistible." *Philips Petroleum Co. v. Shutts*, 472 U.S. 797, 820 (1985) (citing *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 337 (1981) (opinion of Powell, *J.*)). The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution imposes a "modest" – yet meaningful – restraint on such forum shopping. *Id.* at 818. A plaintiff cannot assert claims pursuant to a state's laws unless that state has "a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 313 (1981).

In order to comply with the requirements of due process, a court must assess a state's "significant contact or significant aggregation of contacts ... with the parties and the occurrence or transaction" in order to determine whether the application of that state's law would be arbitrary or fundamentally unfair. *Id.* In *Mazza v. Am. Honda Motor Co.*, for instance, the Ninth Circuit considered product liability claims related to a braking system and found "a constitutionally sufficient aggregation of contacts" supporting the application of California law "because [the defendant's] corporate headquarters, the advertising agency that produced the allegedly fraudulent misrepresentations, and one fifth of the proposed class members [were] located in California." 666 F.3d 581, 590 (9th Cir. 2012).

In the antitrust context, courts typically examine the location of the relevant sales to determine which state's laws may apply. *AT&T Mobility*, 707 F.3d at 1113. The Ninth Circuit has found that the absence of a relevant sale within a state does not preclude the application of that state's antitrust laws so long as other facts sufficiently tie the allegations at issue to that state. *Id.*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1    In *AT&T Mobility*, the Ninth Circuit held that anticompetitive conduct by a defendant may

2    establish the necessary connection required by due process, but only in the event that the

3    defendant's conduct:  (1) occurred "within [the] state"; (2) is "related to a plaintiff's alleged

4    injuries" and (3) "is not 'slight and casual.'"  *Id*.  This Court too has observed that for due process

5    purposes here, "the central question … is whether the DAPs have alleged anticompetitive conduct

6    by [d]efendants within a state that is related to the DAPs' alleged injuries and is not 'slight and

7    causal[.]'"  *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013 WL 4505701, at *6 (N.D. Cal.

8    Aug. 21, 2013) (citation omitted).

9         In *AT&T Mobility*, the Ninth Circuit specifically instructed that "the requirements of the

10   Due Process Clause must be satisfied individually with respect to each defendant in a case."  707

11   F.3d at 1113 n.15.  Thus, courts must assess each defendant's conduct individually to determine

12   whether that defendant's own conduct (as opposed to a co-defendant's conduct) creates the

13   necessary contact with the state whose law a plaintiff seeks to apply.  *Id.*; *see also, e.g., In re TFT-*

14   *LCD (Flat Panel) Antitrust Litig.*, 2013 WL 1891367, *3-4 (N.D. Cal. May 6, 2013) (analyzing

15   each individual defendant's alleged conspiratorial conduct in California).  This requirement

16   entails, for instance, a showing by Plaintiffs of significant contacts in a Relevant State for each

17   SDI corporate entity, without consideration of the in-state contacts (if any) of that entity's

18   corporate affiliates.  *See id.*; *see also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13

19   (1984) ("[N]or does jurisdiction over a parent corporation automatically establish jurisdiction over

20   a wholly owned subsidiary.  Each defendant's contacts with the forum State must be assessed

21   individually.").

22        Finally, when undertaking a due process analysis, a court should consider whether, based

23   on a defendant's contacts (or lack thereof) with a state, that specific defendant could have

24   expected the laws of that state to govern the conduct alleged.  *Phillips Petroleum*, 472 U.S. at 822

25   ("When considering fairness in this context, an important element is the expectation of the

26   parties.");  *Pecover v. Elec. Arts Inc.*, 2010 WL 8742757, at *17 (N.D. Cal. Dec. 21, 2010)

27   (Walker, *J.*); *Adventure Commc'ns, Inc. v. Ky. Registry of Election Fin.*, 191 F.3d 429, 437 (4th

28   Cir. 1999) ("'While constitutional limitations on the choice of law are by no means settled,

7

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1   important considerations certainly include the expectancies of the parties and the fairness of

2   governing the defendants' acts and behavior by rules of conduct created by a given jurisdiction.'"

3   (quoting *Shaffer v. Heitner*, 433 U.S. 186, 224-25 (1977) (Brennan, *J.*, concurring and

4   dissenting))).

5   **II.     Plaintiffs' Claims Lack Significant Contacts With the Relevant States**

6            As set forth below, the undisputed material facts reveal that Plaintiffs' claims lack

7   sufficient contact with the Relevant States.  In particular, Plaintiffs did not purchase CRTs or CRT

8   Products in these states or otherwise conduct their purchasing decisions there.  With the exception

9   of the Defendants who are not moving as to the claims against them in particular states,

10  Defendants likewise did not maintain a significant business presence in the states at issue.

11  Further, Plaintiffs' purported evidence of misconduct bears little connection – and often, for many

12  defendants, none at all – to these states.

13           **A.     Plaintiffs Lack Any Sufficient Contacts With the Relevant States**

14           As detailed in the statement of undisputed material facts, none of the Plaintiffs purchased

15  CRTs or CRT Finished Products in the Relevant States.  Plaintiffs' purchasing, negotiation, and

16  invoice functions all occurred outside of the Relevant States.  Thus, the "occurrence or

17  transaction" giving rise to Plaintiffs' claims, i.e., Defendants' sales of allegedly price fixed CRTs,

18  occurred outside of the Relevant States.  *See Allstate Ins. Co.*, 449 U.S. at 308.[24]

19           Plaintiffs' allegations as to where they maintained distribution centers and sales offices and

20  sold goods are irrelevant and do nothing to establish the requisite connection between the claims at

21  issue and the Relevant States.  The relevant constitutional inquiry is where the occurrence or

22  transactions giving rise to liability occurred.  *See AT&T Mobility*, 707 F.3d at 1109-10 (describing

23  "relevant transaction or occurrence" standard).  In the context of Plaintiffs' claims based on

24  allegedly paying an anticompetitive overcharge for finished products, their alleged injuries would

25  have occurred only when and where they agreed to purchase CRT products at allegedly inflated

26  _____

27  [24] Even if the relevant occurrence or transaction giving rise to Plaintiffs' claims is Plaintiffs'
    purchase of finished products containing allegedly price-fixed CRTs (rather than Defendants'

28  sales of the CRTs themselves), these transactions likewise occurred outside of the Relevant States.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

prices, not where they may have sold those products or otherwise transacted business.  *See Allstate*
*Ins. Co.*, 449 U.S. at 308; *Spence v. Glock, Ges.m.b.H*, 227 F.3d 308, 312-314 (5th Cir. 2000)
(concluding that "the economic injury occurred when and where plaintiffs bought the [products]");
*In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 3727221, at *3 (N.D. Cal. Aug. 27, 2012)
("[P]laintiffs are deemed to be injured in the states where they agreed to pay inflated prices for
products, not the states where they merely received products."), *reconsidered on other grounds*,
2013 WL 1891367 (N.D. Cal. May 6, 2013).

For these reasons, Plaintiffs cannot satisfy due process by pointing to Plaintiffs' own sales
or warehousing conduct in the Relevant States.

**B.      Defendants Lack Sufficient Business Contacts with the Relevant States**

Defendants' own contacts with the Relevant States are similarly lacking.  With the
exception of certain SDI Defendants' contacts with California and Illinois, Hitachi America's
contacts with New York, and the Panasonic Defendants' contacts with California, Illinois, and
New York (none of which are at issue in this motion as these Defendants do not move with respect
to these state laws), no Defendant maintained its principal place of business in any of the Relevant
States; was incorporated in these states; or owned manufacturing facilities in these states.  All of
these considerations demonstrate that Defendants lack the necessary contacts with the Relevant
States required by due process.  *See, e.g.*, *Philips Petroleum Co.*, 472 U.S. at 815, 822
(determining that fairness considerations and the parties' expectations precluded application of
Kansas law concerning lease agreements entered into outside of Kansas).

**C.      The Alleged Anticompetitive Conduct By Individual Defendants Lacks
Any Significant Connection to the Relevant States**

To the extent that Plaintiffs seek to satisfy due process by citing to evidence of alleged
anticompetitive conduct, they must do so on a defendant-by-defendant basis.  *See AT&T Mobility*,
707 F.3d at 1113.  Such an individualized analysis reveals that for many of their claims, Plaintiffs
have no evidence of any anticompetitive conduct tying their claims against individual defendants
to the particular Relevant States.  Even where Plaintiffs have some evidence that purports to relate
to anticompetitive conduct, this purported evidence is indisputably irrelevant or so slight and

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1  casual that it does not satisfy the requirements of due process.  *Id.* (evidence must be "not 'slight

2  and casual'").

3                   1.        **Plaintiffs Fail to Identify Any Purported Anticompetitive**

4                                **Conduct By Any Defendant in Florida**

5  ████████████████████████████████████████████████████████

6  ████.[25]  Florida lacks even slight or casual contact with Defendants' purported anticompetitive

conduct, which allegedly occurred exclusively in other states and other countries.  As described

7  above, Plaintiffs fail to identify any other conduct in Florida that is relevant for purposes of a due

8  process inquiry.  Accordingly, due process does not permit the application of Florida law against

9  any Defendant.  *See AT&T Mobility*, 707 F.3d at 1113.

10                   2.      **The LG Defendants' Lack of Relevant Contacts**

11  ████████████████████████████████████████████████████████

12  ████████████████████████████████████████████[26]  Given the lack of any other relevant

13  connection between these states and the allegations against the LG Defendants, summary

14  judgment must be granted in favor of the LG Defendants on these state law claims.  *See AT&T*

15  *Mobility*, 707 F.3d at 1113.

16       Plaintiffs purport to have identified anticompetitive conduct by LGEI in California, but the

17  undisputed evidence shows that this conduct was not anticompetitive.  Plaintiffs' "Exhibit A" lists

18  a December 22, 2003 meeting in California between a representative of LGEI and a representative

19  of SDI, Mr. Woong Rae Kim.[27]  Mr. Kim testified in his deposition that at the time of this

20  meeting, LGEI was not a competitor to SDI.[28]  At this meeting, one of Mr. Kim's colleagues at

21  SDI "was taking care of LG as a customer."[29]  Accordingly, this meeting does not reflect conduct

22

23

24  ───────────────

[25] *See* Exhibit A; Exhibit B.

25  [26] *See* Exhibit A; Exhibit B.

26  [27] *See* Exhibit A (line 1575); Exhibit B (line 1575).

27  [28] Lin Decl. Ex. 14 (Woong Rae Kim (SDI) Dep., Vol. 2, at 399:3-24).

28  [29] *Id.*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1 | by LGEI that "is related to [Plaintiffs'] alleged injuries" as necessary to support the application of

2 | California law. *See AT&T Mobility*, 707 F.3d at 1113.

3 | In sum, there is no evidence showing that any of the Relevant States has any significant

4 | contacts or a significant aggregation of contacts with Plaintiffs' claims against the LG Defendants.

5 | Thus, the choice of these states' law would be either arbitrary or fundamentally unfair and, as a

6 | result, summary judgment must be granted in favor of the LG Defendants on Plaintiffs' claims

7 | pursuant to the laws of the Relevant States.

8 | **D.     The SDI Defendants' Lack of Relevant Contacts**

9 | ████████████████████████████████████████████████████████████

10 | ████████████████████████████████.[30]  Given the lack of any other

11 | relevant connection between these states and the allegations against the Samsung SDI Defendants,

12 | summary judgment must be granted in favor of the Samsung SDI Defendants with respect to these

13 | state law claims. *See AT&T Mobility*, 707 F.3d at 1113.

14 | **E.     The Hitachi Defendants' Lack of Relevant Contacts**

15 | ████████████████████████████████████████████████

16 | ████████████████████████████████████████████████

17 | ████████████████████████████████████████████████████████

18 | ████████████████████████████████████[32]  Given the lack of

19 | any other relevant connection between these states and the allegations against the Hitachi

20 | Defendants, and with the exception of the New York state law claim against Hitachi America,

21 | summary judgment must be granted in favor of the Hitachi Defendants with respect to these state

22 | law claims. *See AT&T Mobility*, 707 F.3d at 1113.

23 |

24 |

25 |

---

26 | [30] *See* Exhibit A; Exhibit B.

27 | [31] *See* Exhibit A; Exhibit B.

28 | [32] *See* Exhibit A; Exhibit B.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1    Plaintiffs purport to have identified one instance of anticompetitive conduct by HEDUS in

2    each of California and Arizona,[33] but the undisputed evidence shows that none of this conduct was

3    anticompetitive.  Plaintiffs' Exhibit A lists a trade association meeting in La Quinta, California

4    attended by HEDUS personnel.[34]  Participation in trade association, however, is a legitimate

5    activity that, standing alone, cannot raise any inference of conspiracy. *Citric Acid*, 191 F.3d at

6    1098 ("As the Supreme Court has recognized, . . . trade associations often serve legitimate

7    functions, such as providing information to industry members, conducting research to further the

8    goals of the industry, and promoting demand for products and services."). The meeting minutes

9    and presentations confirm that the topics discussed – discussion of market trends for televisions,

10   monitors, and CRT tubes worldwide and in the United States; international, federal, and regional

11   CRT recycling initiatives; and the status and trends of tariffs in the Americas, to name a few – fall

12   squarely within the legitimate functions of trade associations. Accordingly, this meeting does not

13   reflect conduct by LGEI that "is related to [Plaintiffs'] alleged injuries" as necessary to support the

14   application of California law.  *See AT&T Mobility*, 707 F.3d at 1113.

15   ███████████████████████████████████████████████████

16   ███████████████████████████████████████████████████

17   ███████████████████████████████████████████████████

18   ███████████████████████████████████████████████████

19   ███████████████████████████████████████████████████

20   █████████████████████████

21   In sum, there is no evidence showing that any of these states has any significant contacts or

22   a significant aggregation of contacts with Plaintiffs' claims against the Hitachi Defendants.  Thus,

23   the choice of these states' law would be either arbitrary or fundamentally unfair and, as a result,

24

25   [33] *See* Exhibit A (lines 284, 330, 857, 1025); Exhibit B (lines 284, 330, 857, 1025).

26   [34] Lin Decl. Ex. 22 (HEDUS-CRT00186930) (cited in Exhibit A line 1025)).

27   [35] Lin Decl. Ex. 24 (HEDUS-CRT00160563 (cited in Exhibit A line 284)).

28   [36] Lin Decl. Ex. 21 (Deposition of L. Thomas Heiser (March 18 – 19, 2014) at 191:17-193:9).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1  summary judgment must be granted in favor of the Hitachi Defendants on Plaintiffs' claims

2  pursuant to the laws of California and Arizona.

3    **F.      The Mitsubishi Defendants' Lack of Relevant Contacts**

4        Plaintiffs' only remaining claims against the Mitsubishi Defendants sound under New

5  York law. *See In re CRT Antitrust Litig.*, 2014 WL 1466833, at *5 (March 13, 2014) (dismissing

6  all other state law claims against the Mitsubishi Defendants with prejudice).

7        Plaintiffs' New York claims against the Mitsubishi Defendants fail to satisfy due process

8  because Plaintiffs have not identified any alleged anticompetitive conduct by any of the Mitsubishi

9  Defendants in New York.[37]   Given the lack of any other relevant connection between New York

10 and the allegations against the Mitsubishi Defendants, summary judgment must be granted in

11 favor of the Mitsubishi Defendants on Plaintiffs' New York claims. *See AT&T Mobility,* 707 F.3d

12 at 1113.

13   **G.      BMCC's Lack of Relevant Contacts**

14       Plaintiffs fail to identify any alleged anticompetitive conduct by BMCC in any of the

15 Relevant States.[38]  Given the lack of any relevant connection between these states and the

16 allegations against BMCC, summary judgment must be granted in favor of BMCC with respect to

17 these state law claims. *See AT&T Mobility*, 707 F.3d at 1113.

18   **H.      The Thomson Defendants' Lack of Relevant Contacts**

19       Plaintiffs' only remaining claims against the Thomson Defendants sound under New York

20 law. *See In re CRT Antitrust Litig.*, 2014 WL 1091589, at *16 (March 13, 2014) (dismissing all

21 other state law claims against the Thomson Defendants with prejudice).

22 ████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████

24

25

26

---

27 [37] *See* Exhibit A; Exhibit B.

28 [38] *See* Exhibit A; Exhibit B.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17      Such conduct is not anticompetitive and

18 does not support Plaintiff's assertion that the Thomson Defendants participated in "conspiratorial

19 activity leading to the sale of price fixed goods to plaintiffs" that took place in New York. *AT&T*

20 *Mobility*, 707 F.3d at 1113.

21

22

23 [39] *See* Exhibit A (lines 1180, 1181 (citing TCE-CRT 0021804-TCE-CRT 0021806)); Exhibit B (lines 1180, 1181 (citing same)). *See also* Lin Ex. 6 (TCE-CRT 0021804-TCE-CRT 0021806).

24 [40] *See* Lin Decl. Ex. 3 (MTPD-0045661- MTPD-0045664).

25 [41] *Id.*

26 [42] *See* Lin Decl. Ex. 3 (MTPD-0045661- MTPD-0045664).

27 [43] *See, e.g.*, Sears/Kmart Am. Compl., ECF No. 1973, at ¶ 39, 72.

28 [44] *See* Exhibit A (lines 1180, 1181 (citing TCE-CRT 0021804-TCE-CRT 0021806)); Exhibit B (lines 1180, 1181 (citing same)). *See also* Lin Ex. 6 (TCE-CRT 0021804-TCE-CRT 0021806).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1    Moreover, the fact that ████████████████████████████████████████

2    █████████████████████████████████████████████████████████████

3    ███████████████████████████████████████████████████████████████

4    █████████████████████████████████████████████████████████████

5    █████████████████████████████████████████████████████████████████

6    ███████████████████████████████████████████████████████████████

7    █████████████████████████████████████████████████████████████████

8    ██████████████████████████████████████████ is not anticompetitive and

9    does not support an inference that either Thomson Consumer or Thomson SA participated in

10   conspiratorial conduct in New York.  *See Wilcox v. First Interstate Bank*, 815 F. 2d 522, 527 (9th

11   Cir. 1987) ("An exchange of price information which constitutes reasonable business behavior is

12   not an illegal agreement."); *In re Vitamins Antitrust Litig.*, 320 F.Supp.2d 1, 20 (D.D.C. 2004)

13   (granting summary judgment because information exchange among alleged conspirators with

14   customer supplier relationship did not support inference of anticompetitive conduct).  Moreover,

15   Plaintiffs' own expert has admitted that ██████████████████████████████████████████

16   █████████████████████████████████████."[47]

17       In sum, Plaintiffs have failed to adduce evidence that establishes their alleged injuries were

18   related to anticompetitive conduct by the Thomson Defendants in New York, and Plaintiffs claims

19   against them under New York law should be dismissed on due process grounds.

20

21

22

23

24   _____

25   [45] *See* Lin Ex. 6 (TCE-CRT 0021804-TCE-CRT 0021806); Lin Decl. Ex. 4 (TCE-CRT 000375);
     Lin Decl. Ex. 5 (TCE-CRT 000380) ((reflecting Thomson Consumer sales of 32 inch CPTs to
26   Toshiba).

     [46] Lin Decl. Ex. 7 (TCE-CRT 0029077 at p.24 (stating that Thomson Consumer would source
27   "32TF" and "36TF" from "Toshiba (USA)" in 2003)).

28   [47] Lin Decl. Ex. 15 (Kenneth Elzinga (Plaintiffs' Expert) Depo. at 243:18-244:22).

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1    I.    **The Panasonic Defendants' Lack of Relevant Contacts**

2    █████████████████████████████████████████████████████████

3    ██████.[48]  Given the lack of any other relevant connection between the allegations against the

4    Panasonic Defendants and Arizona, summary judgment must be granted in favor of the Panasonic

5    Defendants on Plaintiffs' Arizona state law claims. *See AT&T Mobility*, 707 F.3d at 1113.

6                                        **CONCLUSION**

7            For the foregoing reasons, Defendants respectively request that this Court award partial

8    summary judgment in favor of Defendants on due process grounds with respect to the following

9    claims:

10   1.   CompuCom's Second, Third, and Fourth Claims for Relief under California and New York

11        state law but not with respect CompuCom's California state law claims against the SDI

12        Defendants and Panasonic Defendants, and also not with respect to CompuCom's New York

13        state law claims against Defendant Hitachi America and the Panasonic Defendants;

14   2.   Costco's Second, Fourth, Fifth, and Sixth Claims for Relief under California, Arizona, Florida,

15        and Illinois state law;

16

17   3.   Office Depot's Third and Fourth Claims for Relief under California state law, but not with

18        respect to Office Depot's California state law claims against the Samsung SDI Defendants and

19        Panasonic Defendants.

20

21   Dated:  November 7, 2014                    Respectfully submitted,

22

23

24

25

26

27   _____

28   [48] *See* Exhibit A; Exhibit B.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

1

2

MUNGER, TOLLES & OLSON LLP

By: */s/ Hojoon Hwang*

3

4

JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com

5

HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)

6

miriam.kim@mto.com
**MUNGER, TOLLES & OLSON LLP**

7

560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907

8

Telephone: (415) 512-4000
Facsimile: (415) 512-4077

9

10

WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
**MUNGER, TOLLES & OLSON LLP**

11

355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560

12

Telephone: (213) 683-9100
Facsimile: (213) 687-3702

13

*Attorneys for Defendants LG Electronics, Inc.; LG,*

14

*and LG Electronics USA, Inc.*

15

16

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*

17

JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com

18

A. PAUL VICTOR (*pro hac vice*)
PVictor@winston.com

19

ALDO A. BADINI (SBN 257086)
ABadini@winston.com

20

EVA W. COLE (*pro hac vice*)
EWCole@winston.com

21

MOLLY M. DONOVAN
MMDonovan@winston.com

22

**WINSTON & STRAWN LLP**
200 Park Avenue

23

New York, NY 10166
Telephone: (212) 294-6700

24

Facsimile: (212) 294-4700

25

STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com

26

DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com

27

ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com

28

**WEIL, GOTSHAL & MANGES LLP**

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation*
*(f/k/a Matsushita Electric Industrial Co., Ltd.), MT*
*Picture Display Co., Ltd.*

KIRKLAND & ELLIS LLP

By: */s/ Eliot A. Adelson*
ELIOT A. ADELSON (SBN 205284)
JAMES MAXWELL COOPER (SBN 284054)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, California 94104
Tel: (415) 439-1400
Facsimile: (415) 439-1500
E-mail: eadelson@kirkland.com
E-mail: max.cooper@kirkland.com

JAMES H. MUTCHNIK, P.C. (*pro hac vice*)
KATE WHEATON (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendants Hitachi, Ltd., Hitachi*
*Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia,*
*Ltd., Hitachi America, Ltd., and Hitachi Electronic*
*Devices (USA), Inc.*

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: */s/ Gary L. Halling*
GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON**
**LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.;*
*Samsung SDI Co., Ltd.; Samsung SDI (Malaysia)*

18

3:07-cv-05944-SC; MDL 1917

1  SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.;
   *Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co.,*
2  *Ltd. and Tianjin Samsung SDI Co., Ltd.*

3

4  FRESHFIELDS BRUCKHAUS
   DERINGER US LLP
5
   By: */s/ Michael Lacorvara*
6
7  Michael Lacovara (209279)
   Freshfields Bruckhaus Deringer US LLP
8  601 Lexington Avenue, 31st Floor
   New York, NY 10022
   Telephone: 212 277 4000
9  Facsimile: 212 277 4001
   Email: michael.lacovara@freshfields.com
10
11 TERRY CALVANI (SBN 53260)
   Email: terry.calvani@freshfields.com
   CHRISTINE LACIAK(*pro hac vice*)
12 Email: christine.laciak@freshfields.com
   RICHARD SNYDER (*pro hac vice*)
13 Email: richard.snyder@freshfields.com
   **FRESHFIELDS BRUCKHAUS DERINGER US LLP**
14 701 Pennsylvania Avenue NW, Suite 600
   Washington, DC  20004
15 Telephone: (202) 777-4565
   Facsimile: (202) 777-4555
16
17 *Attorneys for Beijing-Matsushita Color CRT Company,*
   *Ltd.*
18
19 FAEGRE BAKER DANIELS LLP

   By: */s/ Kathy L. Osborn*
20
21 Kathy L. Osborn (*pro hac vice*)
   Ryan M. Hurley (*pro hac vice*)
   Faegre Baker Daniels LLP
22 300 N. Meridian Street, Suite 2700
   Indianapolis, IN  46204
23 Telephone: +1-317-237-0300
   Facsimile: +1-317-237-1000
24 kathy.osborn@FaegreBD.com
   ryan.hurley@FaegreBD.com
25
   Jeffrey S. Roberts (*pro hac vice*)
26 Email: jeff.roberts@FaegreBD.com
   Faegre Baker Daniels LLP
27 3200 Wells Fargo Center
   1700 Lincoln Street
28 Denver, CO 80203

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS

Telephone: (303) 607-3500
Facsimile: (303) 607-3600

Stephen M. Judge (*pro hac vice*)
Email: steve.judge@FaegreBd.com
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and
Thomson Consumer Electronics, Inc.*

3:07-cv-05944-SC; MDL 1917

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST DIRECT ACTION PLAINTIFFS
ON DUE PROCESS GROUNDS