1  JEROME C. ROTH (State Bar No. 159483)
   jerome.roth@mto.com
2  HOJOON HWANG (State Bar No. 184950)
   hojoon.hwang@mto.com
3  MIRIAM KIM (State Bar No. 238230)
   miriam.kim@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
5  Twenty-Seventh Floor
   San Francisco, California 94105-2907
6  Telephone:    (415) 512-4000
   Facsimile:    (415) 512-4077
7
   WILLIAM D. TEMKO (State Bar No. 98858)
8  william.temko@mto.com
   MUNGER, TOLLES & OLSON LLP
9  355 South Grand Avenue
   Thirty-Fifth Floor
10 Los Angeles, CA 90071-1560
   Telephone:    (213) 683-9100
11 Facsimile:    (213) 687-3702

12 *Attorneys for Defendants LG Electronics, Inc.*
   *and LG Electronics U.S.A., Inc.*
13
   *Additional Moving Defendants and Counsel*
14 *Listed on Signature Pages*

15                UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                  SAN FRANCISCO DIVISION

| | |
|---|---|
| 18  IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-md-05944-sc (N.D. Cal) MDL No. 1917 |
| 19 | |
| 20  This Document Related to: | |
| 21  Individual Case No. 3:13-cv-2171 (SC), *Dell Inc.; Dell Products L.P., v. Philips Electronics North America Corporation et al.;* | **DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS** |
| 22  Individual Case No. 3:13-cv-01173-SC, *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.* | **AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Redacted** |
| 23 | |
| 24  Individual Case No. 3:13-cv-2776 SC, *Sharp Electronics Corp. et al. v. Koninklijke Philips Elecs., N.V. et al.* | |
| 25 | [Declaration of Claire Yan ISO Defendants' Joint Motion for Partial Summary Judgment and [Proposed] Order filed concurrently herewith] |
| 26 | |
| 27 | |
| 28 | |

                                    3:07-cv-05944-SC; MDL No. 1917

**TABLE OF CONTENTS**

Page

I.   STATEMENT OF UNDISPUTED AND MATERIAL FACTS ........................................ 4

   A.   Dell's Claims and Fraudulent Concealment Allegations ........................................ 4

   B.   Sharp's Claims and Fraudulent Concealment Allegations ........................................ 5

II.  ARGUMENT ........................................................................................................ 17

   A.   Summary Judgment Standard ................................................................................ 17

   B.   The Doctrine Of Fraudulent Concealment Tolling Does Not Apply If
        Plaintiffs Had Actual Knowledge Of The Facts Giving Rise To The Claim
        Or Facts That Should Have Excited Their Suspicions ........................................ 18

   C.   Dell's Claims For Conduct Prior To November 2003 Are Time Barred
        Because Dell Had Actual Knowledge Of What It Characterized As A CRT
        Cartel And Ample Facts That Should Have Excited Its Suspicions ...................... 19

        1.   Dell Had Actual Knowledge Of What It Characterized As A CRT
             Cartel Far Outside The Statute Of Limitations Period ................................ 19

1

**TABLE OF CONTENTS**
(continued)

2                                                                                                                    **Page**

3          2.   At A Minimum, Dell Had Sufficient Information To Excite Its
                Suspicions About Collusion Among CRT Suppliers Prior To The

4               Statute Of Limitations Period ................................................................ 20

5     D.   Sharp's Claims For Conduct Prior To November 2003 Are Time Barred
           Because Sharp Knew Or Should Have Known About A CRT Conspiracy ........... 22

6

III.   Conclusion ............................................................................................................. 23

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1

## TABLE OF AUTHORITIES

2
Page

3 **FEDERAL CASES**

4
*Advanced Micro Devices, Inc. v. Intel Corp.*,
5    No. C-91-20541 JW, 1992 U.S. Dist. LEXIS 21529 (N.D. Cal. July 24, 1992)............... 19, 21

6 *Am. Pipe & Constr. Co. v. Utah*,
   414 U.S. 538 (1974) ........................................................................................................... 2

7
*Anderson v. Liberty Lobby, Inc.*,
8    477 U.S. 242 (1986) ......................................................................................................... 18

9 *Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ......................................................................................................... 18
10

11 *Conmar Corp. vs. Mitsui & Co.*,
    858 F.2d 499, 502 (9th Cir. 1988) ............................................................................... 18, 19

12
*Dayco Corp. v. Goodyear Tire & Rubber Co.*,
13    523 F.2d 389 (6th Cir.1975) ............................................................................................. 19

14 *Falstaff Brewing Corp. v. Philip Morris Inc.*,
    C-77-2733 WWS, 1979 WL 1665 (N.D. Cal. May 10, 1979) ........................................ 17, 19
15

16 *GO Computer, Inc. v. Microsoft Corp.*,
    508 F.3d 170 (4th Cir. 2007).................................................................................. 19, 21, 22
17

18 *Hexcel Corp. v. Ineos Polymers, Inc.*,
    681 F.3d 1055 (9th Cir. 2012)....................................................................... 17, 18, 20, 22

19 *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ......................................................................................................... 18
20

21 *Rutledge v. Boston Woven Hose & Rubber Co.*,
    576 F.2d 248 (9th Cir.1978)..................................................................................... 17, 18, 21

22 *Volk v. D.A. Davidson & Co.*,
    816 F.2d 1406 (9th Cir. 1987)................................................................................ 18, 19, 21
23

24 **STATE CASES**

25 *Crago, Inc. v. Chunghwa Picture Tubes, Ltd., et al.*,
    No. 3:07-cv-05944-SC (N.D. Cal. Nov. 27, 2007) ........................................................... 2
26

27 *Nathan Muchnick, Inc. v. Chunghwa Picture Tubes Ltd. et al*,
    No. 3:07-cv-05981-SC (N.D. Cal. Nov. 27, 2007) ........................................................... 2

28

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES
### (continued)

Page

**FEDERAL STATUTES**

15 U.S.C. § 1 (Sherman Act) ................................................................ 5

15 U.S.C. § 15b ................................................................................... 18

15 U.S.C. § 16(i) .................................................................................. 2

**FEDERAL RULES**

Fed. R. Civ. P. 56(a) ........................................................................... 17

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND

## JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2015 at 10:00 a.m., or as soon as counsel may be heard thereafter, in Courtroom 1, 17th Floor, San Francisco, California before the Honorable Samuel Conti, the undersigned defendants will move the Court, pursuant to Rule 56 of the Federal Rule of Civil Procedure, for partial summary judgment.

For the reasons explained in the accompanying Memorandum of Points and Authorities, the undersigned defendants hereby move the Court to dismiss claims under the Sherman Act by Plaintiffs Dell Inc., Dell Products L.P. (collectively "Dell") and Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively "Sharp") relating to conduct occurring before November 27, 2003 because such claims are barred by the statute of limitations under 15 U.S.C. § 15b and established case law.

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Claire Yan ("Yan Decl."), and any materials attached thereto or otherwise found in the record, along with the argument of counsel and such other matters as the Court may consider.

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

## MEMORANDUM OF POINTS AND AUTHORITIES

### ISSUES PRESENTED

1.     Whether, where the record shows that Dell was aware of the facts underlying its claims as early as 1998, or at least was aware of facts that should have excited its suspicions, its claims under the Sherman Act relating to conduct occurring before November 27, 2003 are barred by the applicable four-year statute of limitations.

2.     Whether, where the record shows that Sharp was aware of the facts underlying its claims as early as 2002, or at least was aware of facts that should have excited its suspicions and failed to exercise any diligence in investigating those facts, its claims under the Sherman Act relating to conduct occurring before November 27, 2003 are barred by the applicable four-year statute of limitations.

### SUMMARY OF ARGUMENT

Dell and Sharp first filed their complaints in this action in February and March, 2013, respectively. Dell and Sharp allege that Defendants were members of a "cartel" that engaged in a "conspiracy" to fix the prices of cathode ray tubes ("CRTs"), in part by exchanging competitively sensitive information. Relying on the doctrine of fraudulent concealment, among other theories of tolling[1], Dell and Sharp seek damages as far back as 1996, asserting that they had neither actual nor constructive knowledge of their claims until November 27, 2007.[2] However, the undisputed

---

[1] Dell and Sharp also assert that their claims were tolled due to government proceedings and the filing of direct purchaser class action complaints in November 2007. For purposes of this motion, Defendants assume that the claims were tolled beginning on November 27, 2007 without conceding that Dell and Sharp can properly invoke tolling under *American Pipe* or on some other basis beginning on that date. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974). Any tolling based on government proceedings would not apply to any claims prior to November 2007. *See* 15 U.S.C. § 16(i). Plaintiffs allege that government investigations into the CRT industry only began around November 8, 2007 and the first indictment was not announced until February 2009. Dell First Am. Compl. ¶¶ 8, 28, 162; Sharp Second Am. Compl. ¶¶ 9, 126, 134.

[2] Dell and Sharp contend that their claims under the federal antitrust laws were tolled by the filing of direct purchaser class action complaints. The earliest of these complaints were filed on November 27, 2007. *See, e.g., Crago, Inc. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:07-cv-05944-SC (Dkt. No. 1) (N.D. Cal. Nov. 27, 2007); *Nathan Muchnick, Inc. v. Chunghwa Picture Tubes Ltd. et al*, No. 3:07-cv-05981-SC (Dkt. No. 1) (N.D. Cal. Nov. 27, 2007).

1   record shows that over a decade ago, well outside the four year statute of limitations period of the

2   Sherman Act and the Clayton Act, Dell and Sharp both knew of, or strongly suspected, that

3   Defendants were engaged in the exact same conduct that Dell and Sharp now offer as evidence

4   that Defendants violated the Sherman Act.  Allegations of fraudulent concealment, even if

5   meritorious, cannot continue to toll the statute of limitations once the plaintiff has actual or

6   constructive knowledge of facts giving rise to its claim (especially where the plaintiff has

7   knowledge of the very facts it now specifically identifies as support for its claim).  As a result,

8   Dell's and Sharp's claims relating to conduct occurring before November 27, 2003, i.e., four years

9   before the direct purchaser class action complaints were filed, are time-barred, and neither can

10  recover any damages that accrued prior to that date.

11      The undisputed evidence shows that throughout the time period from 1998 to 2003 Dell

12  was fully aware of facts that, at a minimum, should have excited its suspicions and led it to

13  discover the causes of action that it now alleges.  ███████████████████████████████████

14  ███████████████████████████████████████████████

15  ███████████████████████████████████████████████████████

16  █████████████████████████████████████████████████████████

17  █████████████████████████████████████████████████████

18  ██████████████████████████████████████████████████████████

19  █████████████████████████████████████████████████

20          ██████████████████████████████████████████████

21  ██████████████████████████████████████████████████████████████

22  ██████████████████████████████████████      Dell's allegation

23  that it did not and could have not discovered the facts underlying the alleged conspiracy until

24  November 2007 is wholly unsupported by any evidence or reasonable inference from the

25  undisputed record.  As such, Dell's damages that accrued before November 27, 2003 are barred by

26  the statute of limitations and Dell is barred from seeking such damages as a matter of law.

27      Likewise, Sharp was aware over a decade ago of some of the very facts and types of

28  documents that it now uses to support its Sherman Act claims.  ██████████████████████

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ██████████████████████████████████████████████████

4 ██████████████████████████████████████████████████

5 ████████████████████████████████████████

6 ████████████████████████████████████████████

7 ██████████████████████████████████████████████████

8 ████████████████████████████ As such, Sharp's damages that accrued before

9 November 27, 2003 are time-barred and Sharp is barred from seeking such damages as a matter of

10 law.

11 **I.      STATEMENT OF UNDISPUTED AND MATERIAL FACTS**

12      **A.      Dell's Claims and Fraudulent Concealment Allegations**

13      Dell filed its complaint in this case on February 17, 2013.  *See* Dell Complaint, Case No.

14 13-cv-2171-SC, Dkt. No. 1 (Feb. 17, 2013).  It asserts claims for directly purchased CRT products

15 under Section 1 of the Sherman Act and the Clayton Act.  *See* Dell First Amended Complaint

16 ("Dell First Am. Compl."), Dkt. No. 1726 (June 10, 2013) ¶¶ 10, 197-198, 219-227.  Dell alleges

17 the existence of a "price-fixing conspiracy from as early as March 1, 1995, thorough at least

18 November 25, 2007" whose purpose "was to fix, raise, stabilize, and maintain prices for cathode

19 ray tubes ('CRTs') and thereby artificially inflate the prices of products that contained CRTs."  *Id.*

20 ¶ 1.  Dell alleges that its claims are "tolled by the filing of various class action lawsuits shortly

21 after the conspiracy was made public in November 2007."  *Id.* ¶ 218.

22      Dell alleges that any applicable statute of limitations was tolled "[a]s a result of

23 Defendants' and their co-conspirators' fraudulent concealment of their conspiracy."  *Id.* ¶ 217.

24 Specifically, Dell alleges that it had "neither actual nor constructive knowledge of the facts

25 constituting its claim for relief before November 2007."  *Id.* ¶ 199.  Dell alleges that it "did not

26 discover, and could not have discovered through the exercise of reasonable diligence, the

27 existence of the conspiracy alleged herein until November 2007, when the government

28 investigations described [in the complaint] became public."  *Id.*  Finally, Dell alleges that

1    "Defendants and their co-conspirators engaged in a secret conspiracy that did not give rise to facts

2    that would put Dell on inquiry notice that there was a conspiracy to fix prices for CRTs." *Id.*

3    **B.    Sharp's Claims and Fraudulent Concealment Allegations**

4            Sharp filed its complaint in this case on March 15, 2013, which named most of the current

5    defendants. *See* Sharp Complaint, Case No. 13-cv-1173-EDL, Dkt. No. 1.[3]  Sharp asserts claims

6    for directly purchased CRT products under Section 1 of the Sherman Act and the Clayton Act.[4]

7    Sharp Second Am. Compl. ("Sharp MDL Compl.") ¶¶ 11-12; Sharp Philips Compl. ¶ 11, 12.  In

8    the first paragraph of Sharp's complaint, Sharp states that "Sharp brings this action to recover

9    damages on account of the antitrust injuries it incurred as a result of a long-running conspiracy by

10   suppliers of cathode ray tubes ('CRTs') to coordinate and fix the prices of CRTs and exchange

11   detailed competitive information." Sharp MDL Compl. ¶ 1; *see also* Sharp Philips Compl. ¶ 1

12   (same).  Sharp alleges that the conspiracy "extend[ed] at a minimum from at least March 1, 1995,

13   through at least December 2007."  Sharp MDL Compl. ¶ 2; Sharp Philips Compl. ¶ 2 (same).

14   Sharp alleges that its claims were "tolled by the filing of various class action lawsuits shortly after

15   the conspiracy was made public in November 2007."  Sharp MDL Compl. ¶ 247; Sharp Philips

16   Compl. ¶ 234.

17          Sharp alleges that "[a]s a result of Defendants' fraudulent concealment of their conspiracy,

18   the running of any statute of limitations has been tolled with respect to any claims that Plaintiffs

19   have as a result of the anticompetitive conduct" alleged in the complaint.   Sharp MDL Compl. ¶

20   246; Sharp Philips Compl. ¶ 247.  Specifically, Sharp alleges that it had "neither actual nor

21   constructive knowledge of the facts constituting [its] claim for relief before November 2007."

22   Sharp MDL Compl. ¶ 230; *see also* Sharp Philips Compl. ¶ 236.  Sharp further alleges that it "did

23   not discover, and could not have discovered through the exercise of reasonable diligence, the

24   ───────────────────────

25   3 In addition to this initial complaint, Sharp filed a second complaint that included various Philips
     defendants and Orion Engineering & Services. *See* Case No. 13-cv-2776-MEJ, Dkt. No. 1 (the
     "Sharp Philips Compl.").

26   4 On October 14, 2014, Sharp informed Defendants that it does not intend to pursue and was
     withdrawing the claims for indirectly purchased CRT products as well as state claims alleged in its

27   Second Amended Complaint.  *See* Benson Letter, dated October 14, 2014 re: Withdrawal of
     Claims Relating to Finished Product Purchases.

28

existence of the conspiracy alleged herein until November 2007, when the government investigations described [in the complaint] became public." Sharp MDL Compl. ¶ 230; *cf.* Sharp Philips Compl. ¶ 239.  Finally, Sharp alleges that "Defendants and their co-conspirators engaged in a secret conspiracy that did not give rise to facts that would put Plaintiffs on inquiry notice that there was a conspiracy to fix prices of CRTs."  Sharp MDL Compl. ¶ 230; Sharp Philips Compl. ¶ 236.

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



3:07-cv-05944-SC; MDL No. 1917

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



3:07-cv-05944-SC; MDL No. 1917

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



3:07-cv-05944-SC; MDL No. 1917

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



3:07-cv-05944-SC; MDL No. 1917
DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS



## II.   ARGUMENT

### A.   Summary Judgment Standard

For fraudulent concealment to toll the statute of limitations, the record must establish a "lack of actual knowledge by the injured party of the operative facts which are the basis of the cause of action" and the "inability of the injured party to discover those facts through the exercise of due diligence." *Falstaff Brewing Corp. v. Philip Morris Inc.*, C-77-2733 WWS, 1979 WL 1665, at *1 (N.D. Cal. May 10, 1979); *see also Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012); *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 249 (9th Cir.1978).  The burden is on the plaintiff to establish his lack of knowledge.  *Hexcel*, 681 F.3d at 1060.

"Where the issue is raised on motion for summary judgment, plaintiff must produce facts sufficient to raise a genuine issue concerning his lack of knowledge or exercise of diligence to defeat the motion." *Falstaff*, 1979 WL 1665, at *1.  Summary judgment must be granted if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of

1    law." Fed. R. Civ. P. 56(a). Where the non-moving party bears the burden of proof, the moving

2    party need only show that the non-moving party lacks evidence sufficient to create an issue of

3    material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Thus, Dell and Sharp must "do

4    more than simply show that there is some metaphysical doubt as to the material facts" to defeat

5    summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586

6    (1986). "The mere existence of a scintilla of evidence…[is] insufficient; there must be evidence on

7    which the jury could reasonably find for [Dell or Sharp]." *Anderson v. Liberty Lobby, Inc*., 477

8    U.S. 242, 252 (1986).

9         **B.      The Doctrine Of Fraudulent Concealment Tolling Does Not Apply If Plaintiffs
                   Had Actual Knowledge Of The Facts Giving Rise To The Claim Or Facts That**

10                 **Should Have Excited Their Suspicions**

11             The Sherman Act and Clayton Act provide for a four-year statute of limitations. 15 U.S.C.

12    § 15b. Thus, actions must be commenced within four years from the date when the causes of

13    action accrue. *Hexcel*, 681 F.3d at 1059. Dell filed its complaint on February 17, 2013 and Sharp

14    filed its complaint on March 15, 2013. Both Dell and Sharp allege that their claims are tolled by

15    the filing of various class action law suits shortly after government investigations were made

16    public in November 2007. Dell First Am. Compl. ¶ 218; Sharp Second Am. Compl. ¶ 247.

17    Assuming that their claims were tolled beginning on November 27, 2007, Dell and Sharp are

18    limited only to damages arising after November 27, 2003, unless each can prove that its claims

19    relating to conduct prior to November 2003 were tolled by Defendants' alleged fraudulent

20    concealment. *See supra* Sections I.A, I.B.

21             "If a defendant proves that the plaintiff had actual or constructive knowledge of the facts

22    giving rise to the claim, the doctrine of fraudulent concealment does not apply." *Hexcel Corp.,*

23    681 F.3d at 1060. Dell and Sharp have the burden of proving that they "had neither actual nor

24    constructive knowledge of the facts constituting [their] claim for relief." *Rutledge,* 576 F.2d at

25    249-50; *see also Volk v. D.A. Davidson & Co*., 816 F.2d 1406, 1415 (9th Cir. 1987). In this case,

26    it is plain that Dell and Sharp cannot meet their burden to establish tolling under a theory of

27    fraudulent concealment.

28

1    "Any fact that should excite [Dell's and Sharp's] suspicion is the same as actual

2  knowledge of [their] entire claim." *Conmar Corp. vs. Mitsui & Co.*, 858 F.2d 499, 502 (9th Cir.

3  1988) (quoting *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir.1975)).

4  It is enough if Dell or Sharp should have been alerted to facts that, following duly diligent inquiry,

5  could have advised it of its claim. *Conmar*, 858 F.2d at 502.  There is no requirement that a

6  plaintiff be aware of all the facts that would establish its claim.  *See Advanced Micro Devices, Inc.*

7  *v. Intel Corp.*, No. C-91-20541 JW, 1992 U.S. Dist. LEXIS 21529, at *5-6 (N.D. Cal. July 24,

8  1992); *GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 178 (4th Cir. 2007) ("Full knowledge

9  often awaits discovery, and the very notion of 'inquiry notice' implies something less than that");

10  *Falstaff,* 1979 WL 1665, at *2 ("Plaintiff need not have knowledge of the full extent of the

11  defendant's actions nor must he have knowledge of all the evidentiary details before tolling

12  ceases.").

13         In this case, summary judgment is appropriate because uncontroverted evidence shows that

14  Dell and Sharp "discovered or should have discovered [their] cause of action but failed to file a

15  timely complaint."  *Advanced Micro Devices*, 1992 U.S. Dist. LEXIS 21529, at *2; *Volk,* 816 F.2d

16  at 1417.

17      . **C.   Dell's Claims For Conduct Prior To November 2003 Are Time Barred
                Because Dell Had Actual Knowledge Of What It Characterized As A CRT**
18              **Cartel And Ample Facts That Should Have Excited Its Suspicions**

19              **1.   Dell Had Actual Knowledge Of What It Characterized As A CRT**
                      **Cartel Far Outside The Statute Of Limitations Period**



DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

**2.      At A Minimum, Dell Had Sufficient Information To Excite Its Suspicions About Collusion Among CRT Suppliers Prior To The Statute Of Limitations Period**

Dell will likely now try to present conclusory and self-serving denials that its employees had any knowledge or suspicion of collusion or conspiracy; however, no jury could reasonably conclude as such on the basis of the evidence.  *See Hexcel Corp.*, 681 F.3d at 1063 ("Conclusory, self-serving affidavits, lacking detailed facts and any supporting evidence, are insufficient to create a genuine issue of material fact.") (internal quotation marks omitted).  Moreover, even if the record left any triable issue as to Dell's *actual* knowledge, and it does not, at a minimum,

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

Courts have granted summary judgment where the record shows sufficient facts to have put the plaintiff on "inquiry notice" of its claims. *See, e.g., Rutledge*, 576 F.2d at 250; *Volk*, 816 F.2d at 1416 (finding constructive knowledge where plaintiffs received corporate annual report containing facts underlying their claims); *GO Computer, Inc.*, 508 F.3d at 178-179 (finding inquiry notice where a number of red flags amounted to a profusion of information sufficient to spur a reasonably diligent person to investigate an antitrust claim). For example, in *Advanced Micro Devices*, the court granted partial summary judgment on the plaintiff's claims alleging monopolistic conduct by the defendant. 1992 U.S. Dist. LEXIS 21529, at *1. The court concluded that the plaintiff failed to establish tolling under a theory of fraudulent concealment because the plaintiff "did not produce facts sufficient to raise a genuine issue concerning its knowledge of [the] alleged antitrust claims." *Id.* at *2. The court made this finding based on plaintiff's documents dating outside the statute of limitations period, including an internal memorandum and a product planning report. *Id.* at *3. In these documents, the plaintiff "note[d] its concern regarding [the defendant's] conduct and attempts to attain market dominance and exclude [plaintiff]." *Id.* The court held that plaintiff's statements about defendant's intention to preclude plaintiff from the market "demonstrate[s] an awareness sufficient to excite inquiry into potential antitrust claims." *Id.* Other statements indicated that prior to the limitations period, plaintiff was "suspicious" of defendant's conduct. Based on this evidence, the court held that plaintiff was on "inquiry notice" of the potential antitrust claims prior to the running of the limitations period. *Id.*

What puts Dell "so plainly on inquiry notice is the multiplicity and specificity of the information" it had. *See GO Computer Inc.*, 508 F.3d at 179. ███████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1 ██████████████████████████████████████████████████████

2 █████████████████████████████████████████████████

3 ████████████████████████████████████ Further, Dell is a sophisticated

4 actor with extensive experience and knowledge of detecting potential cartel-like behavior or

5 conspiracies. All in all, "there were enough red flags" to put Dell on notice of its claims. *See*

6 *Hexcel Corp.*, 681 F.3d at 1063; *GO Computer, Inc.*, 508 F.3d at 172. Faced with the record, a

7 jury can only reasonably conclude that throughout the period from 1998 to 2003, Dell was aware

8 of plenty of information to "excite" its suspicions of alleged collusion among CRT suppliers – the

9 same allegations of collusion it now raises as the basis of its claims.

10 Despite all of the above, Dell failed to take action as to its claims. Dell could have but did

11 not approach the Department of Justice as to its suspicions of collusion by among CRT

12 manufacturers. Dell could have but did not file a timely lawsuit based on its knowledge and

13 suspicion that its business was being affected by the price increases caused by what it

14 characterized as the CRT cartel. █████████████████████████████

15 ████████████████████████████████████████████████████████

16 ██████████████████████████████████████████████

17 ██████████████████████████████████████ Having had

18 actual knowledge—or at least ample facts to excite its suspicions—of the alleged collusive

19 activities, and having done nothing after these claims accrued for five years prior to the filing of

20 the first direct purchaser class action lawsuits in November 2007, Dell cannot and should not now

21 be allowed to use the doctrine of fraudulent concealment to stretch the limitations period.

22 **D.  Sharp's Claims For Conduct Prior To November 2003 Are Time Barred
           Because Sharp Knew Or Should Have Known About A CRT Conspiracy**

23 Sharp's claims for conduct before November 27, 2007 are also barred by the statute of

24 limitations, as Sharp had knowledge in 2002 of the very conduct that it now alleges in this

25 litigation is a violation of the Sherman Act.

26 In its complaints, Sharp alleges a "conspiracy by suppliers of cathode ray tubes" That it

27 could not have discovered until November 2007. █████████████████████

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14 ▮▮▮▮▮▮▮▮▮ Sharp's knowledge of the alleged "conspiracy" thus

15 predates November 27, 2003, and its claims based on conduct before that date are barred by the

16 statute of limitations.

17 **III.    Conclusion**

18      For the foregoing reasons, Defendants respectfully request that the Court enter partial

19 summary judgment in their favor as to Dell's and Sharp's claims under the Sherman Act relating

20 to conduct before November 2003, as barred by the applicable statute of limitations.

21

22 Respectfully submitted:  November 7, 2014

23                                    By: /s/ *Hojoon Hwang*
                                     MUNGER, TOLLES & OLSON LLP
24                                    Hojoon Hwang, Cal. Bar. No. 184950
                                     William D. Temko, Cal. Bar. No. 98858
25                                    560 Mission Street
                                     Twenty-Seventh Floor
26                                    San Francisco, California 94105-2907
                                     Telephone:    (415) 512-4000
27                                    Facsimile: (415) 512-4077
                                     E-mail:      Hojoon.Hwang@mto.com
28

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

William.Temko@mto.com

*Attorneys For Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.*

By: ___ */s/ Michael W. Scarborough* ___
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Gary L. Halling, Cal. Bar No. 66087
James L. McGinnis, Cal. Bar No. 95788
Michael W. Scarborough, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:      (415) 434-9100
Facsimile:      (415) 434-3947
E-mail:        ghalling@sheppardmullin.com
               jmcginnis@sheppardmullin.com
               mscarborough@sheppardmullin.com

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

By: */s/ David L. Yohai* _____
WEIL, GOTSHAL & MANGES LLP
David L. Yohai (*pro hac vice*)
Adam C. Hemlock (*pro hac vice*)
David E. Yolkut (*pro hac vice*)
767 Fifth Avenue
New York, NY 10153-0119
Telephone:      (212) 310-8000
Facsimile:      (212) 310-8007
Email: david.yohai@weil.com
       adam.hemlock@weil.com
       david.yolkut@weil.com

WINSTON & STRAWN LLP
Jeffrey L. Kessler (*pro hac vice*)
Eva W. Cole (*pro hac vice*)
Molly M. Donovan (*pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone:      (212) 294-6700
Facsimile:      (212) 294-7400
Email: jkessler@winston.com
       ewcole@winston.com
       mmdonovan@winston.com

1

2    *Attorneys for Defendants Panasonic Corporation of*
     *North America, MT Picture Display Co., Ltd., and*
3    *Panasonic Corporation (f/k/a Matsushita Electric*
     *Industrial Co., Ltd.)*
4

5    By: */s/ John M. Taladay*
     BAKER BOTTS LLP
6    John M. Taladay (*pro hac vice*)
     Joseph Ostoyich (*pro hac vice*)
7    Erik T. Koons (*pro hac vice*)
     Charles M. Malaise (*pro hac vice*)
8    1299 Pennsylvania Ave., N.W.
     Washington, DC 20004-2400
9    Telephone:     (202) 639-7700
     Facsimile:     (202) 639-7890
10   Email: john.taladay@bakerbotts.com
            joseph.ostoyich@bakerbotts.com
11          erik.koons@bakerbotts.com
            charles.malaise@bakerbotts.com
12

13   Jon V. Swenson (SBN 233054)
     BAKER BOTTS LLP
14   1001 Page Mill Road
     Building One, Suite 200
15   Palo Alto, CA 94304
     Telephone:     (650) 739-7500
16   Facsimile:     (650) 739-7699
     Email: jon.swenson@bakerbotts.com
17

18   *Attorneys for Defendants Koninklijke Philips N.V.*
     *and Philips Electronics North America Corporation*
19

20   By: */s/ Kathy L. Osborn*
     FAEGRE BAKER DANIELS LLP
21   Kathy L. Osborn (pro hac vice)
     Ryan M. Hurley (pro hac vice)
22   300 N. Meridian Street, Suite 2700
     Indianapolis, IN 46204
23   Telephone: (317) 237-0300
     Facsimile: (317) 237-1000
24   kathy.osborn@FaegreBD.com
     ryan.hurley@FaegreBD.com
25

26   Calvin L. Litsey (SBN 289659)
     FAEGRE BAKER DANIELS LLP
27   1950 University Avenue, Suite 450
28

                                    -25-                  3:07-cv-05944-SC; MDL No. 1917

East Palo Alto, CA 94303-2279
Telephone: (650) 324-6700
Facsimile: (650) 324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendants Thomson SA and Thomson*
*Consumer Electronics, Inc.*

*The following Defendant(s) join only as to the portions of the motion relating to the Dell*
*Plaintiffs:*

By: */s/ Terrence J. Truax*
JENNER&BLOCK LLP
Terrence J. Truax (pro hac vice)
Michael T. Brody (pro hac vice)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER&BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric*
*Corporation, Mitsubishi Electric US, Inc. and,*
*Mitsubishi Electric Visual Solutions America, Inc.*

*The following Defendant(s) join only as to the portions of the motion relating to the Sharp*
*Plaintiffs:*

By: */s/ Lucius B. Lau*
WHITE & CASE LLP
Christopher M. Curran (*pro hac vice*)
Lucius B. Lau (*pro hac vice*)
Dana E. Foster (*pro hac vice*)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone:     (202) 626-3600
Facsimile:     (202) 639-9355
Email: ccurran@whitecase.com
           alau@whitecase.com
           defoster@whitecase.com

-26-                3:07-cv-05944-SC; MDL No. 1917

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

DEFS.' JOINT MOT. FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS