BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br><br>DIRECT PURCHASER ACTIONS | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF LG AND MITSUBISHI DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL IN SUPPORT OF JOINT MOTIONS FOR SUMMARY JUDGMENT** |

MDL 1917

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF LG AND MITSUBISHI DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL IN SUPPORT OF JOINT MOTIONS FOR SUMMARY JUDGMENT

I, Tiffany B. Gelott, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On November 7, 2014, Defendants Mitsubishi Electric Corporation, LG Electronics, Inc., and LG Electronics U.S.A. filed an Administrative Motion to Seal (Dkt. 3064), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents, or portions thereof, that contain information from documents that the Philips Defendants have designated "Confidential" or "Highly Confidential:"

   i. Portions of Defendants' Joint Notice of Motion and Motion for Partial Summary Against Certain Direct Action Plaintiffs on State Law Claims Limited to Intrastate Activity and Memorandum of Points and Authorities in Support Thereof ("Intrastate Motion"); and

   ii. Exhibits 2, 8, 10, and 11 to the Declaration of Laura K. Lin in Support of Joint Notice of Motion and Motion for Partial Summary Against Certain Direct Action Plaintiffs on Due Process Grounds ("Lin Declaration").

4. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Intrastate Motion and Exhibits 2, 8, 10, and 11 to the Lin Declaration.

5. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective

Order, the following portion of the Intrastate Motion should be maintained under seal: pages 3-4, lines 3:16-17-4:1 that discuss and cite both Exhibit 8 to the Lin Declaration, a document produced by the Philips Defendants in this litigation with bates number, PTC-0004295-PTC-0004297, that the Philips Defendants designated as "Confidential" pursuant to the Stipulated Protective Order, and Exhibit 11 to the Lin Declaration, an excerpt from the deposition transcript of Robert O'Brien, that the Philips Defendants designated as "Confidential" pursuant to the Stipulated Protective Order.

6. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following Exhibits to the Lin Declaration should be maintained under seal in their entirety:

   a. Exhibit 2 to the Lin Declaration, a document marked as Exhibit 2765 in the deposition of Robert O'Brien that the Philips Defendants produced in this litigation with bates number, PTC-0004295-PTC-CRT-0004297, and designated as "Confidential" pursuant to the Stipulated Protective Order;

   b. Exhibit 8 to the Lin Declaration, a document produced by the Philips Defendants in this litigation with bates number, PTC-0004295-PTC-CRT-0004297, that the Philips Defendants designated as "Confidential" pursuant to the Stipulated Protective Order;

   c. Exhibit 10 to the Lin Declaration, excerpts from the deposition transcript of Patrick Canavan that the Philips Defendants designated as "Highly Confidential" pursuant to the Stipulated Protective Order); and

   d. Exhibit 11 to the Lin Declaration, excerpts from the deposition transcript of Robert O'Brien that the Philips Defendants designated as "Highly Confidential" pursuant to the Stipulated Protective Order).

7. Upon information and belief, the documents and testimony contained within the Intrastate Motion and Exhibits 2, 8, 10, and 11 to the Lin Declaration were designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective

Order because they contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents and testimony describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' competitors and customers, and would put the Philips Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2014 in Washington, D.C.

      /s/ Tiffany B. Gelott
Tiffany B. Gelott