BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058 (SC). | Case No. 07-5944 SC<br>MDL No. 1917<br><br>**DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)** |

MDL 1917
DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO
CIVIL LOCAL RULES 7-11 AND 79-5(D)

I, Tiffany B. Gelott, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On November 7, 2014, Direct Purchaser Plaintiffs ("DPPs") filed an Administrative Motion to Seal (Dkt. 2968), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents, or portions thereof, that contain information from documents that the Philips Defendants have designated "Confidential" or "Highly Confidential:"

   i. Portions of Direct Purchaser Plaintiffs' Motion for Class Certification With Respect to the Thomson and Mitsubishi Defendants ("Motion");

   ii. Portions of the Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Motion for Class Certification With Respect to the Thomson and Mitsubishi Defendants ("Saveri Declaration"); and

   iii. Exhibits 68 and 105 to the Saveri Declaration.

4. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Motion, the Saveri Declaration, and Exhibits 68 and 105 to the Saveri Declaration.

5. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective

1

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO
CIVIL LOCAL RULES 7-11 AND 79-5(D)

Order, the following portions of documents should be maintained under seal and redacted from the Motion:

    a. Motion, page 7, footnote 17, (discussing and citing Exhibit 68 to Saveri Declaration, selected pages of a document produced by the Philips Defendants in this litigation with Bates numbers, EIN0017699-EIN0018075, that has been designated "Confidential" pursuant to the Stipulated Protective Order ), and

    b. Motion, page 8, lines 12-21 (discussing and citing Exhibit 105 to Saveri Declaration, a document produced by the Philips Defendants in this litigation with Bates number PHLP-CRT-089918, that has been designated "Confidential" pursuant to the Stipulated Protective Order).

6. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, Paragraph 107 of the Saveri Declaration should be maintained under seal and redacted because it describes and cites Exhibit 105, a document produced by the Philips Defendants in this litigation with Bates number, PHLP-CRT-089918, that has been designated "Confidential" pursuant to the Stipulated Protective Order).

7. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following Exhibits to the Saveri Declaration documents should be maintained under seal:

    a. Exhibit 68 to the Saveri Declaration, selected pages from a document produced by the Philips Defendants in this litigation with Bates numbers, EIN0017699-EIN0018075, that has been designated "Confidential" pursuant to the Stipulated Protective Order ; and

    b. Exhibit 105 to the Saveri Declaration, a document produced by the Philips Defendants in this litigation with Bates number, PHLP-CRT-089918, that the Philips Defendants designated "Confidential" pursuant to the Stipulated

Protective Order.

8. Upon information and belief, portions of the Motion, the Saveri Declaration, and Exhibits 68 and 105 to the Saveri Declaration were designated by the Philips Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because they contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' customers, and would put the Philips Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2014 in Washington, D.C.


      __/s/ Tiffany B. Gelott_____
      Tiffany B. Gelott

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS'
ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO
CIVIL LOCAL RULES 7-11 AND 79-5(D)