1  DAVID L. YOHAI (*pro hac vice*)
   ADAM C. HEMLOCK (*pro hac vice*)
2  DAVID E. YOLKUT (*pro hac vice*)
   **WEIL, GOTSHAL & MANGES LLP**
3  767 Fifth Avenue
   New York, New York 10153-0119
4  Telephone: (212) 310-8000
   Facsimile: (212) 310-8007
5  E-mail: adam.hemlock@weil.com

6  BAMBO OBARO (267683)
   **WEIL, GOTSHAL & MANGES LLP**
7  201 Redwood Shores Parkway
   Redwood Shores, California 94065-1175
8  Telephone: (650) 802-3000
   Facsimile: (650) 802-3100
9  E-mail: bambo.obaro@weil.com

10 JEFFREY L. KESSLER (*pro hac vice*)
   A. PAUL VICTOR (*pro hac vice*)
11 EVA W. COLE (*pro hac vice*)
   MOLLY M. DONOVAN (*pro hac vice*)
12 **WINSTON & STRAWN LLP**
   200 Park Avenue
13 New York, New York 10166-4193
   Telephone: (212) 294-6700
14 Facsimile: (212) 294-7400
   E-mail: jkessler@winston.com

*Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br>Master No. 3:07-cv-05944-SC |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **DECLARATION OF ADAM C. HEMLOCK IN SUPPORT OF DEFENDANTS LG AND MITSUBISHI'S ADMINISTRATIVE MOTION TO SEAL DEFENDANTS' JOINT MOTIONS FOR SUMMARY JUDGMENT PURSUANT TO CIVIL LOCAL RULE 79-5(d)**<br><br>[re Panasonic Documents in Dkt. No. 3041, as corrected by Dkt. Nos. 3064, 3066, and 3067] |

I, Adam C. Hemlock, hereby declare as follows:

1. I am an attorney with Weil, Gotshal & Manges LLP, counsel for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (No. 07-cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

3. On November 7, 2014, Defendants Mitsubishi Electric Corporation ("Mitsubishi"), and LG Electronics, Inc. and LG Electronics U.S.A. (collectively "LG"), filed an Administrative Motion to Seal (Dkt. No. 3041, as corrected by Dkt. Nos. 3064, 3066, and 3067), and filed conditionally under seal, pursuant to Civil Local Rule 7-11, the following documents:

   a. Portions of Defendants' Joint Notice of Motion and Motion for Partial Summary Judgment Against Dell and Sharp Plaintiffs on Statute of Limitations Grounds ("Motion re Dell and Sharp SOL");

   b. Certain exhibits to the Declaration of Claire Yan in Support of the Motion re Dell and Sharp SOL ("Yan Declaration");

   c. Portions of Defendants LG and Mitsubishi Electronic Subsidiaries' Notice of Motion and Motion for Summary Judgment ("LG and Mitsubishi Subsidiaries Motion");

   d. Certain exhibits to the Declaration of Jessica Barclay-Strobel in Support of the LG and Mitsubishi Subsidiaries Motion ("Barclay-Strobel Declaration");

  e. Certain exhibits to the Declaration of Michael T. Brody in Support of the LG and Mitsubishi Subsidiaries Motion ("Brody Declaration");

  f. Portions of Defendants' Joint Notice of Motion and Motion for Partial Summary Judgment Against Certain Direct Action Plaintiffs on State Law Claims Limited to Intrastate Activity ("Intrastate Activity Motion");

  g. Portions of Defendants' Joint Notice of Motion and Motion for Partial Summary Judgment Against Certain Direct Action Plaintiffs on Due Process Grounds ("Due Process Motion"); and

  h. Certain exhibits to the Declaration of Laura K. Lin in Support of the Due Process Motion ("Lin Declaration"), which were also cited in the Intrastate Activity Motion.

4. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information quoted from, described, or otherwise summarized that have been designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Protective Order.

5. Specifically, the Panasonic Defendants request that the following documents be maintained under seal: (i) Exhibits 7, 24 and 34 to the Yan Declaration; (ii) Exhibits A, B, 1, 3, 28, 29, and 30 to the Lin Declaration; and (iii) all references to information in the Motion re Dell and Sharp SOL, the LG and Mitsubishi Subsidiaries Motion, the Intrastate Activity Motion, and the Due Process Motion designated "Confidential" or "Highly Confidential" by the Panasonic Defendants under the terms of the Protective Order.

6. Exhibit 7 to the Yan Declaration contains a document produced by the Panasonic Defendants bearing the Bates number MTPD-0142858, and its certified translation. This document was designated as "Confidential" by the Panasonic Defendants.

7. Upon information and belief, the document contained in Exhibit 7 to the Yan Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information.  The document contains, cites to, and/or identifies confidential information about the Panasonic Defendants' internal practices, business practices and competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

8. Exhibits 24 and 34 to the Yan Declaration are excerpts from the deposition transcript of Ayumu Kinoshita, a witness for the Panasonic Defendants.  This transcript was designated as "Highly Confidential" by the Panasonic Defendants.

9. Upon information and belief, the transcript excerpts appearing in Exhibits 24 and 34 to the Yan Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information.  These transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' internal practices, sales practices and business practices.  I am informed and believe that this is sensitive information and public disclosure of this information would put the Panasonic Defendants at a competitive disadvantage.

10. Exhibit A to the Lin Declaration is a document produced by Plaintiffs in this case and designated by Plaintiffs as "Highly Confidential."  Exhibit B to the Lin Declaration is a document containing excerpts from Exhibit A to the Lin Declaration, also designated by Plaintiffs as "Highly Confidential."  Exhibits A and B reference documents, excerpts and testimony designated by the Panasonic Defendants as "Confidential" or "Highly Confidential."

11. Upon information and belief, the documents and information quoted from, described, or otherwise summarized in Exhibits A and B to the Lin Declaration consist of, cite to, and/or identify

confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

12. Exhibit 1 to the Lin Declaration contains a document produced by the Panasonic Defendants bearing the Bates number MTPD-0570796, and its certified translation. This document was designated as "Confidential" by the Panasonic Defendants.

13. Upon information and belief, the document appearing in Exhibit 1 to the Lin Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' internal practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

14. Exhibit 3 to the Lin Declaration is a document produced by the Panasonic Defendants bearing the Bates number MTPD-0045661. This document was designated as "Confidential" by the Panasonic Defendants.

15. Upon information and belief, the document appearing in Exhibit 3 to the Lin Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' internal practices, business practices and competitive position. I am

informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

16. Exhibit 28 to the Lin Declaration is a document produced by the Panasonic Defendants bearing the Bates numbers MTPD-0576483, and its certified translation. This document was designated as "Confidential" by the Panasonic Defendants.

17. Upon information and belief, the document appearing in Exhibit 28 to the Lin Declaration consist of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' internal practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

18. Exhibits 29 and 30 to the Lin Declaration are excerpts from the deposition transcript of Shinichi Iwamoto, a witness for the Panasonic Defendants. This transcript was designated as "Highly Confidential" by the Panasonic Defendants.

19. Upon information and belief, the transcript excerpts appearing in Exhibits 29 and 30 to the Lin Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. These transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' internal practices, sales practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business

relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

20. I understand that the Panasonic Defendants consider any statements in the Motion re Dell and Sharp SOL, the LG and Mitsubishi Subsidiaries Motion, the Intrastate Activity Motion, and the Due Process Motion purporting to summarize the exhibits or any other documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary.  I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 7, 24 and 34 to the Yan Declaration; Exhibits A, B, 1, 3, 28, 29, and 30 to the Lin Declaration; and referenced in the Motion re Dell and Sharp SOL, the LG and Mitsubishi Subsidiaries Motion, the Intrastate Activity Motion, and the Due Process Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2014 at Osaka, Japan.

By: ___/s/ Adam C. Hemlock_____
      ADAM C. HEMLOCK