1  DAVID L. YOHAI (*pro hac vice*)
   ADAM C. HEMLOCK (*pro hac vice*)
2  DAVID E. YOLKUT (*pro hac vice*)
   **WEIL, GOTSHAL & MANGES LLP**
3  767 Fifth Avenue
   New York, New York 10153-0119
4  Telephone: (212) 310-8000
   Facsimile: (212) 310-8007
5  E-mail: adam.hemlock@weil.com

6  BAMBO OBARO (267683)
   **WEIL, GOTSHAL & MANGES LLP**
7  201 Redwood Shores Parkway
   Redwood Shores, California 94065-1175
8  Telephone: (650) 802-3000
   Facsimile: (650) 802-3100
9  E-mail: bambo.obaro@weil.com

10 JEFFREY L. KESSLER (*pro hac vice*)
   A. PAUL VICTOR (*pro hac vice*)
11 EVA W. COLE (*pro hac vice*)
   MOLLY M. DONOVAN (*pro hac vice*)
12 **WINSTON & STRAWN LLP**
   200 Park Avenue
13 New York, New York 10166-4193
   Telephone: (212) 294-6700
14 Facsimile: (212) 294-7400
   E-mail: jkessler@winston.com
15
   *Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and*
16 *MT Picture Display Co., Ltd.*

17                **IN THE UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
18                        **SAN FRANCISCO DIVISION**

19 | In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917
20 |                                                    | Master No. 3:07-cv-05944-SC
21 | This Document Relates to:                          |
22 |                                                    | **DECLARATION OF ADAM C. HEMLOCK IN SUPPORT OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S, PHILIPS TAIWAN LIMITED'S, AND PHILIPS DO BRASIL LTDA.'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)**
23 | *Electrograph Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-01656; |
24 |                                                    |
25 | *Electrograph Sys., Inc. v. Technicolor SA*, No. 13-cv-05724; |
26 |                                                    | **[re Panasonic Documents in Dkt. No. 3022]**
27 | *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;         |
28

ADAM C. HEMLOCK DECL. ISO                                          MDL No. 1917
PHILIPS DEFENDANTS' ADMIN. MOT. TO SEAL                    Master No. 3:07-cv-05944 SC

*Siegel v. Technicolor SA*,
No. 13-cv-05261;

*Best Buy Co., Inc. v. Hitachi, Ltd.*,
No. 11-cv-05513;

*Best Buy Co., Inc. v. Technicolor SA*,
No. 13-cv-05264;

*Interbond Corp. of Am. v. Hitachi, Ltd.*,
No. 11-cv-06275;

*Interbond Corp. of Am. v. Technicolor SA*,
No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd.*,
No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA*,
No. 13-cv-05726;

*CompuCom Sys., Inc. v. Hitachi, Ltd.*,
No. 11-cv-06396;

*P.C. Richard & Son Long Island Corp. v. Hitachi, Ltd.*,
No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp. v. Technicolor SA*,
No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd.*,
No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA*,
No. 13-cv-05668;

*Tech Data Corp. v. Hitachi, Ltd.*,
No. 13-cv-00157;

*Dell Inc. v. Hitachi Ltd.*,
No. 13-cv-02171;

---

ADAM C. HEMLOCK DECL. ISO
PHILIPS DEFENDANTS' ADMIN. MOT. TO SEAL

MDL No. 1917
Master No. 3:07-cv-05944 SC

2

1  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*,
2  No. 13-cv-05262 ;

3  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*,
4  No. 11-cv-05514 ;

5
   *Sharp Electronics Corp. v. Hitachi Ltd.*,
6  Case No. 13-cv-1173 SC;

7  *Sharp Electronics Corp. v. Koninklijke Philips Elecs., N.V.*,
8  Case No. 13-cv-2776 SC;

9
   *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.*,
10 Case No. 14-cv-2510 SC ;

11
   *All Indirect Purchaser Actions*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, Adam C. Hemlock, hereby declare as follows:

1. I am an attorney with Weil, Gotshal & Manges LLP, counsel for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (No. 07-cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

3. On November 7, 2014, Philips Electronics North America Corporation, Philips Taiwan Limited, and Philips do Brasil Ltda. (collectively the "Philips Defendants") filed an Administrative Motion to Seal (Dkt. No. 3022), and filed conditionally under seal, pursuant to Civil Local Rule 7-11, the following documents:

   a. Portions of Philips Defendants' Notice and Motion for Summary Judgment ("Summary Judgment Motion");

   b. Portions of the Declaration of Tiffany B. Gelott, ("Gelott Declaration") in support of the Summary Judgment Motion; and

   c. Certain exhibits to the Gelott Declaration.

4. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information quoted from, described, or otherwise summarized that have been designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Protective Order.

5. Specifically, the Panasonic Defendants request that the following documents be maintained under seal: (i) Exhibits 12, 13, 14, and 35 to the Golett Declaration; and (ii) all references to information in the Summary Judgment Motion designated "Confidential" or "Highly Confidential" by the Panasonic Defendants under the terms of the Stipulated Protective Order.

6. Exhibit 12 of the Golett Declaration contains excerpts from the deposition transcript of Masaki Sanogawaya, a witness for the Panasonic Defendants. This transcript was designated "Highly Confidential" by the Panasonic Defendants.

7. Upon information and belief, the transcript excerpts appearing in Exhibit 12 to the Golett Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. These transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' internal practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

8. Exhibit 13 of the Golett Declaration contains excerpts from the deposition transcript of Ayuma Kinoshita, a witness for the Panasonic Defendants. This transcript was designated "Highly Confidential" by the Panasonic Defendants.

9. Upon information and belief, the transcript excerpts appearing in Exhibit 13 to the Golett Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. These transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' internal practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would

1  cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants
2  at a competitive disadvantage.

3  10. Exhibit 14 of the Golett Declaration contains excerpts from the deposition transcript of
4  Shinichi Iwamoto, a witness for the Panasonic Defendants. This transcript was designated "Highly
5
6  Confidential" by the Panasonic Defendants.

7  11. Upon information and belief, the transcript excerpts appearing in Exhibit 14 to the Golett
8  Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly
9  sensitive business information. These transcript excerpts contain, cite, and/or identify confidential
10 information about the Panasonic Defendants' internal practices, business practices and competitive
11 position. I am informed and believe that this is sensitive information and public disclosure of this
12 information presents a risk of undermining the Panasonic Defendants' business relationships, would
13
14 cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants
15 at a competitive disadvantage.

16 12. Exhibit 35 to the Golett Declaration is an excerpt from a document produced by Plaintiffs in
17 this case titled "Exhibit A," designated by Plaintiffs as "Highly Confidential." Exhibit 35 references
18 documents, excerpts and testimony designated by the Panasonic Defendants as "Confidential" or
19 "Highly Confidential."
20

21 13. Upon information and belief, the documents and information quoted from, described, or
22 otherwise summarized in Exhibit 35 to the Golett Declaration consist of, cite to, and/or identify
23 confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic
24 Defendants' internal practices, business practices and competitive position. I am informed and
25 believe that this is sensitive information and public disclosure of this information presents a risk of
26 undermining the Panasonic Defendants' business relationships, would cause it harm with respect to
27
28

its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

14. I understand that the Panasonic Defendants consider any statements in the Summary Judgment Motion purporting to summarize the exhibits or any other documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 12, 13, 14, and 35 and referenced in the Summary Judgment Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2014 at Osaka, Japan.

By: /s/ Adam C. Hemlock
ADAM C. HEMLOCK