1  DAVID L. YOHAI (*pro hac vice*)
   ADAM C. HEMLOCK (*pro hac vice*)
2  DAVID E. YOLKUT (*pro hac vice*)
   **WEIL, GOTSHAL & MANGES LLP**
3  767 Fifth Avenue
   New York, New York 10153-0119
4  Telephone: (212) 310-8000
   Facsimile: (212) 310-8007
5  E-mail: adam.hemlock@weil.com

6  BAMBO OBARO (267683)
   **WEIL, GOTSHAL & MANGES LLP**
7  201 Redwood Shores Parkway
   Redwood Shores, California 94065-1175
8  Telephone: (650) 802-3000
   Facsimile: (650) 802-3100
9  E-mail: bambo.obaro@weil.com

10 JEFFREY L. KESSLER (*pro hac vice*)
   A. PAUL VICTOR (*pro hac vice*)
11 EVA W. COLE (*pro hac vice*)
   MOLLY M. DONOVAN (*pro hac vice*)
12 **WINSTON & STRAWN LLP**
   200 Park Avenue
13 New York, New York 10166-4193
   Telephone: (212) 294-6700
14 Facsimile: (212) 294-7400
   E-mail: jkessler@winston.com

15

16 *Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

17 **IN THE UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
18 SAN FRANCISCO DIVISION**

19 | In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917
   Master No. 3:07-cv-05944-SC

20

21 This Document Relates to:    **DECLARATION OF ADAM C. HEMLOCK IN SUPPORT OF THOMSON
22                               CONSUMER ELECTRONICS, INC.'S
                                  ADMINISTRATIVE MOTION TO FILE
23 *Sharp Electronics Corp., et al. v. Hitachi,  UNDER SEAL PORTIONS OF ITS
   Ltd., et al., No. 13-cv-01173;*              MOTION FOR SUMMARY JUDGMENT
24                                              AND PARTIAL SUMMARY JUDGMENT**
   *Electrograph Systems, Inc. et al. v.
25 Technicolor SA, et al., No. 13-cv-05724;*    **[re Panasonic Documents in Dkt. No. 2981]**

26 *Alfred H Siegel, as Trustee of the Circuit
   City Stores, Inc. Liquidating Trust v.
27 Technicolor SA, et al., No. 13-cv-00141;*

28

1
2   *Best Buy Co., Inc., et al. v. Technicolor SA, et al.,  No. 13-cv-05264;*
3
4   *Interbond Corporation of America  v. Technicolor SA, et al., No. 13-cv-05727;*
5   *Office Depot, Inc. v. Technicolor SA, et al., No. 13-cv-05726;*
6
7   *Costco Wholesale Corporation v. Technicolor SA, et al., No. 13-cv-05723;*
8   *P. C. Richard & Son Long island Corporation, et al. v. Technicolor SA, et al.,
9   No. 31:cv-05725;*
10
11  *Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA,*
12  *Ltd., et al., No. 13-cv-05668;*
13  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, No. 3: 13-cv-05262;*
14
15  *Target Corp. v. Technicolor SA, et al., No. 13-cv-05686;*
16
17  *Tech Data Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-00157;*
18  *ViewSonic Corporation, v. Chunghwa Picture Tubes, Ltd., et al., No. 3:14cv-
19  02510*
20
21
22
23
24
25
26
27
28

ADAM C. HEMLOCK DECL. ISO THOMSON                                          MDL No. 1917
CONSUMER ELECTRONIC's ADMIN. MOT. TO SEAL                         Master No. 3:07-cv-05944 SC

2

I, Adam C. Hemlock, hereby declare as follows:

1. I am an attorney with Weil, Gotshal & Manges LLP, counsel for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (No. 07-cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

3. On November 7, 2014, Thomson Consumer Electronics, Inc. ("Thomson Consumer") filed an Administrative Motion to Seal (Dkt. No. 2981), and filed conditionally under seal, pursuant to Civil Local Rule 7-11, the following documents:

   a. Portions of Thomson Consumer's Motion for Summary Judgment and Partial Summary Judgment ("Motion");

   b. Portions of the Declaration of Jeffrey S. Roberts ("Roberts Declaration") in support of the Motion; and

   c. Certain exhibits to the Roberts Declaration.

4. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information quoted from, described, or otherwise summarized that have been designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Protective Order.

5. Specifically, the Panasonic Defendants request that the following documents be maintained under seal: (i) Exhibit 2 to the Roberts Declaration; and (ii) all references to information in the

Motion designated "Confidential" or "Highly Confidential" by the Panasonic Defendants under the terms of the Protective Order.

6. Exhibit 2 to the Roberts Declaration contains excerpts from the deposition transcript of Tatsuo Tobinaga, a witness for the Panasonic Defendants. This transcript was designated "Highly Confidential" by the Panasonic Defendants.

7. Upon information and belief, the transcript excerpts appearing in Exhibit 2 to the Roberts Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. These transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' manufacturing practices, sales practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

8. I understand that the Panasonic Defendants consider any statements in the Motion purporting to summarize the exhibits or any other documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibit 2 and referenced in the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2014 at Osaka, Japan.

By: ___*/s/ Adam C. Hemlock*___
      ADAM C. HEMLOCK