1  DAVID L. YOHAI (*pro hac vice*)
   ADAM C. HEMLOCK (*pro hac vice*)
2  DAVID E. YOLKUT (*pro hac vice*)
   **WEIL, GOTSHAL & MANGES LLP**
3  767 Fifth Avenue
   New York, New York 10153-0119
4  Telephone: (212) 310-8000
   Facsimile: (212) 310-8007
5  E-mail: adam.hemlock@weil.com

6  BAMBO OBARO (267683)
   **WEIL, GOTSHAL & MANGES LLP**
7  201 Redwood Shores Parkway
   Redwood Shores, California 94065-1175
8  Telephone: (650) 802-3000
   Facsimile: (650) 802-3100
9  E-mail: bambo.obaro@weil.com

10 JEFFREY L. KESSLER (*pro hac vice*)
   A. PAUL VICTOR (*pro hac vice*)
11 EVA W. COLE (*pro hac vice*)
   MOLLY M. DONOVAN (*pro hac vice*)
12 **WINSTON & STRAWN LLP**
   200 Park Avenue
13 New York, New York 10166-4193
   Telephone: (212) 294-6700
14 Facsimile: (212) 294-7400
   E-mail: jkessler@winston.com

15
   *Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and*
16 *MT Picture Display Co., Ltd.*

17          **IN THE UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
18                 **SAN FRANCISCO DIVISION**

19 In re: CATHODE RAY TUBE (CRT)          MDL No. 1917
   ANTITRUST LITIGATION                   Master No. 3:07-cv-05944-SC
20
                                          **DECLARATION OF ADAM C.**
21 This Document Relates to:              **HEMLOCK IN SUPPORT OF**
                                          **ADMINISTRATIVE MOTION TO FILE**
22 *All Indirect Purchaser Actions*       **DOCUMENTS UNDER SEAL PURSUANT**
                                          **TO CIVIL LOCAL RULES 79-59(d) AND**
23 *Electrograph Systems, Inc., et al. v. Hitachi,*  **7-11 RE HITACHI PARTIES' NOTICE OF**
   *Ltd., et al.*, No. 3:11-cv-01656-SC;  **MOTION AND MOTION FOR SUMMARY**
24                                        **JUDGMENT BASED UPON THE LACK**
                                          **OF EVIDENCE OF PARTICIPATION IN**
25 *Alfred H. Siegel as Trustee of the Circuit City*  **THE ALLEGED CONSPIRACY AND**
   *Stores, Inc. Liquidating Trust v. Hitachi, Ltd.,*  **MEMORANDUM OF POINTS AND**
26 *et al.*, No. 3:11-cv-05502-SC;        **AUTHORITIES IN SUPPORT THEREOF**
                                          **[re Panasonic Documents in Dkt. No. 2974]**
27 *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,*
   No. 3:11-cv-05513-SC;
28

1   *Target Corp, et al. v. Chunghwa Picture Tubes,*
2   *Ltd., et al.,* No. 3:11-cv-05514-SC;

3   *Sears, Roebuck and Co. and Kmart Corp. v.*
4   *Chunghwa Picture Tubes, Ltd.,* No. 3:11-cv-05514-SC;

5   *Interbond Corporation of America, d/b/a*
6   *BrandsMart USA v. Hitachi, et al.,* No. 3:11-cv-06275-SC;

7   *Office Depot, Inc. v. Hitachi, Ltd., et al.,* No.
8   3:11-cv-06276-SC;

9   *CompuCom Systems, Inc. v. Hitachi, Ltd., et*
10  *al.,* No. 3:11-cv-06396-SC;

11  *Costco Wholesale Corporation v. Hitachi, Ltd.,*
    *et al.,* No. 3:11-cv-06397-SC;

12  *P.C. Richard & Son Long Island Corporation,*
13  *et al. v. Hitachi, Ltd., et al.,* No. 3:12-cv-02648-SC;

14  *Schultze Agency Services, LLC on behalf of*
15  *Tweeter OPCO, LLC and Tweeter Newco, LLC*
    *v. Hitachi, Ltd., et al.,* No. 3:12-cv-02649-SC;

16  *Tech Data Corporation, et al. v. Hitachi,*
17  *Ltd., et al.,* No. 3:13-cv-00157-SC

18

19

20

21

22

23

24

25

26

27

28

ADAM C. HEMLOCK DECL. ISO                                    MDL No. 1917
HITACHI PARTIES' ADMIN. MOT. TO SEAL         Master No. 3:07-cv-05944 SC

1

2      I, Adam C. Hemlock, hereby declare as follows:

3      1.   I am an attorney with Weil, Gotshal & Manges LLP, counsel for Defendants Panasonic

Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.

4  (collectively, the "Panasonic Defendants") in these actions.  I am a member of the bar of the State of

5  New York and I am admitted to practice before this Court *pro hac vice*.  Except for those matters

6  stated on information and belief, about which I am informed and which I believe to be true, I have

7  personal knowledge of the facts stated herein and, if called as a witness, I could and would

8  competently testify thereto.

9
10     2.   On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (No. 07-

11 cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

12     3.   On November 7, 2014,  Hitachi America, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.),

13 and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Parties") filed an Administrative

14 Motion to Seal (Dkt. No. 2974), and filed conditionally under seal, pursuant to Civil Local Rule 7-

15
16 11, the following documents:

17         a.   Portions of the Hitachi Parties' Notice of Motion and Motion for Summary Judgment

18              Based Upon the Lack of Evidence Supporting Participation in the Alleged Conspiracy

19              and Memorandum of Points and Authorities in Support Thereof ("Non-Participation

20              Motion");

21
22         b.   Portions of the Declaration of Eliot A. Adelson ("Adelson Declaration") in support of the

23              Non-Participation Motion; and

24         c.   Certain exhibits to the Adelson Declaration.

25     4.   Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic

26 Defendants to provide the basis for the Court to maintain under seal certain documents and

27
28

---

ADAM C. HEMLOCK DECL. ISO                                      MDL No. 1917
HITACHI PARTIES' ADMIN. MOT. TO SEAL                           Master No. 3:07-cv-05944 SC

information quoted from, described, or otherwise summarized that have been designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Protective Order.

5.   Specifically, the Panasonic Defendants request that the following documents be maintained under seal: (i) Exhibits 2, 11, 24, 25 and 26 to the Adelson Declaration; and (ii) all references to information in the Non-Participation Motion designated "Confidential" or "Highly Confidential" by the Panasonic Defendants under the terms of the Stipulated Protective Order.

6.   Exhibit 2 to the Adelson Declaration contains excerpts from the Expert Report of Vandy Howell, Ph.D. dated April 15, 2014, designated by Hitachi Parties as "Highly Confidential."  Exhibit 2 references documents, excerpts and testimony designated by the Panasonic Defendants as "Confidential" or "Highly Confidential."

7.   Upon information and belief, the document appearing in Exhibit 2 to the Adelson Declaration consists of, cites to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information.   The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' business practices.   This includes, but is not limited to, footnote 100 of Exhibit 2, which quotes from, describes, and otherwise summarizes documents designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" under the Stipulated Protective Order, including a quotation from the deposition of the Panasonic Defendants witness Shinichi Iwamoto taken on February 7, 2013.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

8.   Exhibit 11 to the Adelson Declaration is a document produced by Plaintiffs in this case titled "Exhibit A," designated by Plaintiffs as "Highly Confidential."   Exhibit 11 references documents,

excerpts and testimony designated by the Panasonic Defendants as "Confidential" or "Highly Confidential."

9.   Upon information and belief, the documents and information quoted from, described, or otherwise summarized in Exhibit 11 to the Adelson Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal practices, business practices and competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

10. Exhibit 24 to the Adelson Declaration contains excerpts from the Expert Report of Kenneth Elzinga, Ph.D. dated April 15, 2014, designated by Plaintiffs as "Highly Confidential."  Exhibit 24 references documents, excerpts and testimony designated by the Panasonic Defendants as "Confidential" or "Highly Confidential."

11. Upon information and belief, the document appearing in Exhibit 24 to the Adelson Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' internal practices, business practices and competitive position. This includes, but is not limited to, footnotes 481-84, 486-91, and 548-49 of Exhibit 24, which quote from, describe and otherwise summarize documents designated by Panasonic Defendants as "Confidential" or "Highly Confidential" under the Protective Order.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect

1    to its competitors and customers, and would put the Panasonic Defendants at a competitive

2    disadvantage.

3        12. Exhibit 25 to the Adelson Declaration contains excerpts from the Expert Report of Janet S.

4    Netz, Ph.D. dated April 15, 2014, designated by Plaintiffs as "Highly Confidential."  Exhibit 25

5    references documents, excerpts and testimony designated by the Panasonic Defendants as

6    "Confidential" or "Highly Confidential."

7

8        13. Upon information and belief, the document appearing in Exhibit 25 to the Adelson

9    Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly

10   sensitive business information about the Panasonic Defendants' internal practices, business practices

11   and competitive position. I am informed and believe that this is sensitive information and public

12   disclosure of this information presents a risk of undermining the Panasonic Defendants' business

13   relationships, would cause it harm with respect to its competitors and customers, and would put the

14   Panasonic Defendants at a competitive disadvantage.

15

16       14. Exhibit 26 to the Adelson Declaration contains excerpts from the Expert Report of Jerry

17   Hausman, Ph.D. dated April 15, 2014, designated by Sharp Plaintiffs as "Highly Confidential."

18   Exhibit 26 references documents, excerpts and testimony designated by the Panasonic Defendants as

19   "Confidential" or "Highly Confidential."

20

21       15. Upon information and belief, the document appearing in Exhibit 26 to the Adelson

22   Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly

23   sensitive business information.  The document contains, cites, and/or identifies confidential

24   information about the Panasonic Defendants' internal practices and business practices.  I am

25   informed and believe that this is sensitive information and public disclosure of this information

26   presents a risk of undermining the Panasonic Defendants' business relationships, would cause it

27

28

harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

16.  I understand that the Panasonic Defendants consider any statements in the Non-Participation Motion purporting to summarize the exhibits or any other documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary.  I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 2, 11, 24, 25 and 26 and referenced in the Non-Participation Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2014 at Osaka, Japan.

By:    _/s/ Adam C. Hemlock_
       ADAM C. HEMLOCK