| | |
|---|---|
| 1 | DAVID L. YOHAI (*pro hac vice*) |
| | ADAM C. HEMLOCK (*pro hac vice*) |
| 2 | DAVID E. YOLKUT (*pro hac vice*) |
| | **WEIL, GOTSHAL & MANGES LLP** |
| 3 | 767 Fifth Avenue |
| | New York, New York 10153-0119 |
| 4 | Telephone: (212) 310-8000 |
| | Facsimile: (212) 310-8007 |
| 5 | E-mail: adam.hemlock@weil.com |
| 6 | BAMBO OBARO (267683) |
| | **WEIL, GOTSHAL & MANGES LLP** |
| 7 | 201 Redwood Shores Parkway |
| | Redwood Shores, California 94065-1175 |
| 8 | Telephone: (650) 802-3000 |
| | Facsimile: (650) 802-3100 |
| 9 | E-mail: bambo.obaro@weil.com |
| 10 | JEFFREY L. KESSLER (*pro hac vice*) |
| | A. PAUL VICTOR (*pro hac vice*) |
| 11 | EVA W. COLE (*pro hac vice*) |
| | MOLLY M. DONOVAN (*pro hac vice*) |
| 12 | **WINSTON & STRAWN LLP** |
| | 200 Park Avenue |
| 13 | New York, New York 10166-4193 |
| | Telephone: (212) 294-6700 |
| 14 | Facsimile: (212) 294-7400 |
| | E-mail: jkessler@winston.com |
| 15 | |
| 16 | *Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.* |

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br>Master No. 3:07-cv-05944-SC |
| This Document Relates to:<br><br>*All Indirect Purchaser Actions Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.,* No. 3:11-cv-01656-SC;<br><br>*Alfred H. Siegel as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* No. 3:11-cv-05502-SC;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 3:11-cv-05513-SC; | **DECLARATION OF ADAM C. HEMLOCK IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-59(D) AND 7-11 RE HITACHI DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BASED UPON WITHDRAWAL AND THE STATUTES OF LIMITATIONS**<br><br>[re Panasonic Documents in Dkt. No. 2971] |

|    |    |    |
|----|----|----|
| 1  |    |    |
| 2  | *Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 3:11-cv-05514-SC; |    |
| 3  | *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 3:11-cv-05514-SC; |    |
| 4  |    |    |
| 5  | *Interbond Corporation of America, d/b/a BrandsMart USA v. Hitachi, et al.,* No. 3:11-cv-06275-SC; |    |
| 6  |    |    |
| 7  | *Office Depot, Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06276-SC; |    |
| 8  |    |    |
| 9  | *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06396-SC; |    |
| 10 |    |    |
| 11 | *Costco Wholesale Corporation v. Hitachi, Ltd., et al.,* No. 3:11-cv-06397-SC; |    |
| 12 | *P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.,* No. 3:12-cv-02648-SC; |    |
| 13 |    |    |
| 14 | *Schultze Agency Services, LLC on behalf of Tweeter OPCO, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.,* No. 3:12-cv-02649-SC; |    |
| 15 |    |    |
| 16 |    |    |
| 17 | *Tech Data Corporation, et al. v. Hitachi, Ltd., et al.,* No. 3:13-cv-00157-SC |    |

I, Adam C. Hemlock, hereby declare as follows:

1. I am an attorney with Weil, Gotshal & Manges LLP, counsel for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (No. 07-cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

3. On November 7, 2014, Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Defendants") filed an Administrative Motion to Seal (Dkt. No. 2971), and filed conditionally under seal, pursuant to Civil Local Rule 7-11, the following documents:

   a. Portions of the Hitachi Defendants' Notice of Motion and Motion for Summary Judgment Based Upon Withdrawal and the Statutes of Limitations and Memorandum of Points and Authorities In Support Thereof ("Withdrawal Motion");

   b. Portions of the Declaration of Eliot A. Adelson, ("Adelson Declaration") in support of the Withdrawal Motion; and

   c. Certain exhibits to the Adelson Declaration.

4. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information quoted from, described, or otherwise summarized that have been designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Protective Order.

5. Specifically, the Panasonic Defendants request that the following documents be maintained under seal: (i) Exhibit 16 to the Adelson Declaration; and (ii) all references to information in the Withdrawal Motion designated "Confidential" or "Highly Confidential" by the Panasonic Defendants under the terms of the Protective Order.

6. Exhibit 16 to the Wagner Declaration is a document produced by the Panasonic Defendants bearing the Bates number MTPD-0208436. This document was designated "Confidential" by Panasonic Defendants.

7. Upon information and belief, the document appearing in Exhibit 16 to the Adelson Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' internal practices and business practices. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

8. I understand that the Panasonic Defendants consider any statements in the Withdrawal Motion purporting to summarize the exhibits or any other documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 16 and referenced in the Withdrawal Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2014 at Osaka, Japan.

By: ___/s/ Adam C. Hemlock___
ADAM C. HEMLOCK