1 | DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
2 | DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
3 | 767 Fifth Avenue
New York, New York 10153-0119
4 | Telephone: (212) 310-8000
Facsimile: (212) 310-8007
5 | E-mail: adam.hemlock@weil.com

6 | BAMBO OBARO (267683)
**WEIL, GOTSHAL & MANGES LLP**
7 | 201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
8 | Telephone: (650) 802-3000
Facsimile: (650) 802-3100
9 | E-mail: bambo.obaro@weil.com

10 | JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
11 | EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
12 | **WINSTON & STRAWN LLP**
200 Park Avenue
13 | New York, New York 10166-4193
Telephone: (212) 294-6700
14 | Facsimile: (212) 294-7400
E-mail: jkessler@winston.com

*Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br>Master No. 3:07-cv-05944-SC |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-05513<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, Case No. 13-cv-05264<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-05502 | **DECLARATION OF ADAM C. HEMLOCK IN SUPPORT OF THE TOSHIBA DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-5(d)**<br><br>**[re Panasonic Documents in Dkt. No. 2975]** |

1  *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*,
   Case No. 3:11-cv-06396

2

3  *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*,
   Case No. 3:11-cv-06397

4

   *Costco Wholesale Corp. v. Technicolor SA*,
5  Case No. 13-cv-05723

6  *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*,
   Case No. 3:11-cv-01656
7

8  *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05724

9
   *Interbond Corp. of America v. Hitachi, Ltd., et al.*,
10 Case No. 3:11-cv-06275

11 *Interbond Corp. of America v. Technicolor SA, et al.*,
   Case No. 3:13-cv-05727
12

13 *Office Depot, Inc. v. Hitachi, Ltd., et al.*,
   Case No. 3:11-cv-06276

14
   *Office Depot, Inc. v. Technicolor SA, et al.*,
15 Case No. 3:13-cv-05726

16 *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-02648

17
   *P.C. Richard & Son Long Island Corp., et al. v.
18 Technicolor SA, et al.*, Case No. 3:13-cv-05725

19 *Sears, Roebuck & Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:11-cv-05514
20

21 *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*,
   Case No. 3:11-cv-05514
22

23 *Target Corp. v. Technicolor SA, et al.*,
   Case No. 3:13-cv-05686

24
   *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*,
25 Case No. 3:13-cv-00157

26

27

28

ADAM C. HEMLOCK DECL. ISO                                          MDL No. 1917
TOSHIBA'S ADMIN. MOT. TO SEAL                          Master No. 3:07-cv-05944 SC

2

I, Adam C. Hemlock, hereby declare as follows:

1. I am an attorney with Weil, Gotshal & Manges LLP, counsel for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (No. 07-cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

3. On November 7, 2014 Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, LLC, and Toshiba America Electronic Components, Inc. (collectively, the "Toshiba Defendants") filed an Administrative Motion to Seal (Dkt. No. 2975), and filed conditionally under seal, pursuant to Civil Local Rule 7-11, the following documents:

   a. Portions of Defendants' Notice of Motion and Motion for Summary Judgment on Plaintiffs' Umbrella Damages ("Umbrella Damages Motion");

   b. Portions of the Declaration of Lucius B. Lau in Support of the Umbrella Damages Motion ("Lau Declaration"); and

   c. Certain exhibits to the Lau Declaration.

4. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information quoted from, described, or otherwise summarized that have been designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Protective Order.

5. Specifically, the Panasonic Defendants request that the following documents be maintained under seal: (i) Exhibits B and C to the Lau Declaration; and (ii) all references to information in the Umbrella Damages Motion designated "Confidential" or "Highly Confidential" by the Panasonic Defendants under the terms of the Protective Order.

6. Exhibit B to the Lau Declaration is the Expert Report of Alan S. Frankel, Ph.D., dated April 15, 2014, designated by Plaintiffs Best Buy Co., Inc., Best Buy Purchasing, LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C., and Magnolia Hi-Fi, Inc.'s (collectively "Best Buy") as "Highly Confidential." Exhibit B references documents, excerpts and testimony designated by the Panasonic Defendants as "Confidential."

7. Upon information and belief, the document appearing in Exhibit B to the Lau Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal practices, sales practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

8. Exhibit C to the Lau Declaration is the Expert Report of Dr. James. T. McClave, dated April 15, 2014, designated by Plaintiffs Best Buy, Circuit City, CompuCom, Costco, Electrograph, Interbond, Office Depot, P.C. Richard, Sears, Kmart, Target, Tech Data and Tweeter as "Highly Confidential." Exhibit C references documents, excerpts and testimony designated by the Panasonic Defendants as "Confidential."

9. Upon information and belief, the document appearing in Exhibit C to the Lau Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal practices, sales practices, business

practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

10. I understand that the Panasonic Defendants consider any statements in the Umbrella Damages Motion purporting to summarize the exhibits or any other documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits B and C to the Lau Declaration and referenced in the Umbrella Damages Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2014 at Osaka, Japan.

By: ___/s/ Adam C. Hemlock___
      ADAM C. HEMLOCK