Eliot A. Adelson (SBN 205284)
James Maxwell Cooper (SBN 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Barack Echols (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI
AMERICA, LTD., HITACHI ASIA, LTD.,
AND HITACHI ELECTRONIC DEVICES
(USA), INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br>_____<br>This Document Relates to:<br><br>*Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.,* Case No. 14-cv-2058 (SC) | Case No. Master File No. 3:07-cv-05944-SC<br><br>MDL NO. 1917<br><br>**DECLARATION OF JAMES MAXWELL COOPER IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

I, James Maxwell Cooper, declare as follows:

1. I am an attorney licensed to practice in the State of California and the Northern District of California. I am an associate with Kirkland & Ellis LLP, and counsel for Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Defendants").

2. I submit this Declaration in Support of the Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (ECF No. 2968). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

3. On June 18, 2008 the Court approved a "Stipulated Protective Order" in this matter (ECF No. 0306).

4. The Hitachi Defendants have disclosed or produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. I have reviewed the Direct Purchaser Plaintiffs' Motion for Class Certification with Respect to the Thomson and Mitsubishi Defendants, dated November 7, 2014 ("DPP Motion"), the Declaration of R. Alexander Saveri in Support of the DPP Motion ("Saveri Declaration"), and the Expert Report of Jeffrey J. Leitzinger, Ph.D., dated November 6, 2014 ("Leitzinger Report") (ECF No. 2969).

6. Pursuant to Civil Local Rule 79-5(e)(1), I make this declaration on behalf of the Hitachi Defendants to provide the Court with a basis to maintain under seal the following documents and information designated by the Hitachi Defendants as "Confidential" or "Highly Confidential:"

   a. Exhibit 18 to the Saveri Declaration, Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5, dated February 10, 2012;

   b. Exhibit 19 to the Saveri Declaration, Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First

Set of Interrogatories, Interrogatory No. 5, dated April 26, 2013;

 c. Exhibit 136 to the Saveri Declaration, HDP-CRT00025646-47, and the certified translation, HDP-CRT00025646E-47E;

 d. All portions of the DPP Motion that quote from or describe Exhibits 18, 19, or 136; and

 e. All portions of the Leitzinger Report that consist of, cite to, and/or identify documents or information designated as "Confidential" or "Highly Confidential" by the Hitachi Defendants.

7. Exhibit 18 to the Saveri Declaration is Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5, dated February 10, 2012, designated by the Hitachi Defendants as "Highly Confidential" under the Protective Order. Exhibit 18 consists of, cites to, and/or identifies confidential, non-public, proprietary and highly sensitive documents or information concerning the Hitachi Defendants' sales processes, business practices, negotiating tactics and competitive positions, including as to relationships with companies that remain important to the Hitachi Defendants' competitive position, such that public disclosure would harm the Hitachi Defendants. Moreover, the Court has previously ordered that this document be sealed. *See* Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents dated May 29, 2013 (ECF No. 1698). Accordingly, Exhibit 18 should be maintained under seal.

8. Exhibit 19 to the Saveri Declaration is Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5, dated April 26, 2013, designated by the Hitachi Defendants as "Highly Confidential" under the Protective Order. Exhibit 19 consists of, cites to, and/or identifies confidential, non-public, proprietary and highly sensitive documents or information concerning the Hitachi Defendants' sales processes, business practices, negotiating tactics and competitive positions, including as to relationships with companies that remain important to the Hitachi Defendants' competitive position, such that public disclosure would harm the Hitachi Defendants. Moreover, the Court has previously ordered that this document be sealed. *See* Order Granting Direct

Purchaser Plaintiffs' Administrative Motion to Seal Documents dated May 29, 2013 (ECF No. 1698). Accordingly, Exhibit 19 should be maintained under seal.

9. Exhibit 136 to the Saveri Declaration is a document produced by the Hitachi Defendants in this action as HDP-CRT00025646-47 and the certified translation, HDP-CRT00025646E-47E. The Hitachi Defendants designated Exhibit 136 as "Confidential" under the Protective Order. I am informed and believe that the Hitachi Defendants treat such information as confidential and have taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this confidential information would be substantially likely to harm the Hitachi Defendants. Moreover, the Court has previously ordered that this document be sealed. *See* Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents dated May 29, 2013 (ECF No. 1698). Accordingly, Exhibit 136 should be maintained under seal.

10. I am informed and believe that the Hitachi Defendants consider any statements in the DPP Motion purporting to summarize these exhibits to be confidential, and that public disclosure of this information would be likely to substantially harm the Hitachi Defendants with respect to its competitors and/or customers. Accordingly, all portions of the DPP Motion that quote from or describe Exhibits 18, 19, or 136 should be maintained under seal.

11. Upon information and belief, documents and information referred to in and/or attached to the Leitzinger Report and its exhibits consist of, cite to, and/or identify confidential, non-public, proprietary and highly sensitive business information. These documents contain, cite, and/or identify confidential information about the Hitachi Defendants' sales processes, business practices, internal practices, negotiating tactics and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Hitachi Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Hitachi Defendants' at a competitive disadvantage.

12. I am informed and believe that the Hitachi Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in the documents listed in Paragraph 6.

1 | I declare under penalty of perjury under the laws of the United States of America that the
2 | foregoing is true and correct.
3 | Executed this 12th day of November, 2014 at San Francisco, California.
4 | */s/ Max Cooper*
5 | MAX COOPER