JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL. No. 1917<br><br>**DECLARATION OF MOLLY M. DONOVAN IN SUPPORT OF DEFENDANTS LG ELECTRONICS, INC. AND LG ELECTRONICS U.S.A.'S SECOND ADMINISTRATIVE MOTION TO SEAL IN SUPPORT OF MOTIONS FOR PARTIAL SUMMARY JUDGMENT**<br><br>**[re Panasonic Documents]** |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | |

I, Molly M. Donovan, declare as follows:

1. I am an attorney with Winston & Strawn LLP, counsel for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On November 10, 2014, Defendants LG Electronics, Inc., LG Electronics U.S.A, Inc., and LG Electronics Taiwan Taipei Co., LTD (collectively, "LGE Defendants") filed an Administrative Motion to Seal (Dkt. 3062), and lodged conditionally under seal, the following documents pursuant to Civil Local Rules 7-11 and 79(b):

(a) Portions of Defendant LG Electronics, Inc.'s Notice of Motion and Motion for Partial Summary Judgment on Withdrawal Grounds and Memorandum of Points and Authorities in Support Thereof;

(b) Certain Exhibits in the Declaration of Cathleen H. Hartge in Support of Defendant LG Electronics, Inc.'s Notice of Motion for Partial Summary Judgment on Withdrawal Grounds and Memorandum of Points and Authorities in Support Thereof ("Hartge Declaration");

(c) Portions of LGE Defendants' Notice of Motion and Motion for Partial Summary Judgment on FTAIA Grounds and Memorandum of Points and Authorities in Support Thereof;

(d) Certain Exhibits in the Declaration of Hojoon Hwang in Support of LGE Defendants' Notice of Motion and Motion for Partial Summary Judgment on FTAIA Grounds and Memorandum of Points and Authorities in Support Thereof ("Hwang Declaration");

- 1 -

  (e) Portions of LGE Defendants' Notice of Motion and Motion for Partial Summary Judgment on Standing Grounds and Memorandum of Points and Authorities in Support Thereof.

3. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal (i) Exhibit 18 to the Hartge Declaration that has been designated by the Panasonic Defendants as "Highly Confidential" pursuant to the Stipulated Protective Order; and (ii) portions of the LGE Defendants' Notice of Motion and Motion for Partial Summary Judgment on Withdrawal Grounds and Memorandum of Points and Authorities in Support Thereof that references information designated "Highly Confidential" by the Panasonic Defendants under the terms of the Stipulated Protective Order.

4. Attached as Exhibit 18 to the Hartge Declaration are excerpts from the deposition of Hirokazu Nishiyama, a witness for the Panasonic Defendants.

5. Upon information and belief, the transcript excerpts appearing in Exhibit 18 to the Hartge Declaration consists of, cites to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. These transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' internal practices, sales practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

6. The LGE Defendants' Notice of Motion and Motion for Partial Summary Judgment on Withdrawal Grounds and Memorandum of Points and Authorities in Support thereof consists of, cites to, or identifies confidential, nonpublic, proprietary, and highly sensitive business information about the Panasonic Defendants' business practices, pricing practices, confidential business agreements and competitive positions. Specifically, pages 3 and 11 of the Motion describe documents or information designated as "Highly Confidential" by the Panasonic Defendants pursuant to the Stipulated Protective Order, including but not limited to Exhibit 18 to the Hartge

1 Declaration. As with the exhibits themselves, I understand that the Panasonic Defendants consider any statements in the Motion purporting to summarize the exhibits or any other documents or information designated as "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the time contained, identified, or cited to in the Motion and Exhibit 18 to the Hartge Declaration.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: November 12, 2014

By: /s/ *Molly M. Donovan*
JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**

- 3 -

201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

- 4 -

DECL. OF MOLLY M. DONOVAN
I/S/O LGE'S MOTION TO SEAL

Case No. 07-5944 SC
MDL NO. 1917