# EXHIBIT B

1  Jason C. Murray (CA Bar No. 169806)
   Robert B. McNary (CA Bar No. 253745)
2  CROWELL & MORING LLP
   515 South Flower St., 40th Floor
3  Los Angeles, CA 90071
   Telephone: 213-443-5582
4  Facsimile: 213-622-2690
   Email: jmurray@crowell.com
5         rmcnary@crowell.com

6  Jerome A. Murphy (*pro hac vice*)
   Astor H.L. Heaven (*pro hac vice*)
7  CROWELL & MORING LLP
   1001 Pennsylvania Avenue, N.W.
8  Washington, D.C. 20004
   Telephone: 202-624-2500
9  Facsimile: 202-628-5116
   Email: jmurphy@crowell.com
10        aheaven@crowell.com

11 *Counsel for Plaintiff ViewSonic Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:14-cv-02510 | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>Individual Case No. 3:14-cv-02510<br><br>**PLAINTIFF VIEWSONIC CORPORATION'S RESPONSES AND OBJECTIONS TO DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S FIRST SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTY: Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

RESPONDING PARTY: Plaintiff ViewSonic Corporation

SET NO.: ONE

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff ViewSonic

-1-

1  Corporation ("ViewSonic") hereby objects and responds to the First Set of Requests for
2  Admission to ViewSonic ("Requests") served by counsel for Chunghwa Picture Tubes, Ltd. and
3  Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "Chunghwa") in the
4  above-captioned matter.  For the reasons specified below, ViewSonic objects generally and
5  specifically to all specifications in the Requests.  ViewSonic reserves the right to supplement the
6  objections and responses set forth below.

## GENERAL OBJECTIONS

ViewSonic asserts the following General Objections to the Requests, which are incorporated by reference in each specific response as though set forth fully therein:

1.   ViewSonic objects to the Requests to the extent they are overbroad, burdensome, and seek information that is outside the scope of any allowable discovery by the Federal Rules of Civil Procedure, the Local Rules of the District Court for the Northern District of California, or any Order of this Court.  ViewSonic does not agree to undertake any obligations beyond those required by those rules.

2.   ViewSonic objects to the Requests to the extent that they seek information protected by the attorney-client privilege and/or attorney work-product doctrine, the joint prosecution privilege, or any other privilege or doctrine of confidentiality provided by law, or that otherwise constitutes information prepared for or in anticipation of litigation.  Such information will not be produced; any production thereof is inadvertent and not a waiver of any applicable privilege or protection against disclosure.

3.   ViewSonic objects to the Requests to the extent that they seek information not currently in ViewSonic's possession, custody, or control.

4.   ViewSonic objects to the Requests to the extent that they seek information already in the possession, custody or control of Chunghwa.

5.   ViewSonic objects to the Requests to the extent that they seek information, or purport to impose duties or obligations, beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, or any Order of this Court.  ViewSonic also specifically

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

VIEWSONIC'S RESPONSES AND OBJECTIONS TO
CHUNGHWA'S REQUESTS FOR ADMISSION;
CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325183.2

1  objects to Chunghwa's directions regarding service of verified answers to the offices of Gibson,
2  Dunn & Crutcher LLP, 555 Mission St. Suite 3000, San Francisco, CA 94105 within thirty days
3  of the date of service. ViewSonic does not agree to undertake any obligations beyond those
4  required by those rules.

5    6. ViewSonic objects to the Requests to the extent that they are unreasonable,
6  oppressive, unintelligible, vague, ambiguous, and unduly burdensome and for which the
7  acquisition of information responsive to each would cause ViewSonic undue annoyance and
8  expense.

9    7. ViewSonic objects to the Requests to the extent that they seek information not
10  related to the claims or defenses of any party in this matter or are not reasonably calculated to
11  lead to the discovery of admissible evidence.

12    8. ViewSonic objects to the Requests to the extent that the information sought is
13  unreasonably cumulative or duplicative, or is obtainable from a source other than ViewSonic that
14  is more convenient, less burdensome, or less expensive. ViewSonic also objects to the Requests
15  to the extent that they seek information that can be more easily obtained by Chunghwa from
16  public sources.

17    9. ViewSonic objects to the Requests to the extent that they contain terms that are
18  vague or ambiguous. ViewSonic also objects to Chunghwa's definitions of words to the extent
19  they are inconsistent with the plain meaning of those words or impose an expanded definition of
20  the words or phrases. By responding to a request containing such definitions, ViewSonic does
21  not adopt definitions of terms propounded by Chunghwa. Instead, ViewSonic expressly reserves
22  its right to narrow the scope of the purported definition.

23    10. ViewSonic objects to the definitions of "You" and "Your" to the extent that such
24  definitions make the Requests overly broad, unduly burdensome, or seek information that is not
25  relevant to the subject matter of this litigation and, therefore, render the Requests not reasonably
26  calculated to lead to the discovery of admissible evidence.

27    11. ViewSonic objects to the Requests to the extent that they call for disclosure of
28  information containing trade secrets or proprietary, sensitive, or other confidential business

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

VIEWSONIC'S RESPONSES AND OBJECTIONS TO
CHUNGHWA'S REQUESTS FOR ADMISSION;
CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325183.2

1 information.

2     12.    ViewSonic objects to the Requests to the extent that they prematurely call for the disclosure of expert testimony. ViewSonic will provide expert disclosures as provided by the Federal Rules of Civil Procedure or by Order of the Court, and at the appropriate time.

    13.    ViewSonic objects to the Requests to the extent that they require ViewSonic to disclose information that would cause ViewSonic to violate its existing contractual obligations to other parties to maintain the confidentiality of such information.

    14.    ViewSonic objects to the Requests to the extent that they are cumulative and duplicative of other discovery propounded in this case, and therefore in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

    15.    ViewSonic objects to the Requests to the extent that they seek, in contravention to well-established legal principles, to dismember the overall conspiracy into separate parts, instead of looking at the illegal conspiracy as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.,* 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly and severally liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*

    16.    ViewSonic objects to the Requests to the extent that they call for speculation or call for a conclusion on an issue of law. *See Gem Acquisitionco, LLC v. Sorenson Group Holdings, LLC*, No. C 09-01484 SI, 2010 WL 1340562, at *3 (N.D. Cal. Apr. 5, 2010) (Illston, J.) ("[L]egal conclusions are not a proper subject of a request for admission ….."); *Jones v. McGuire*, No. CIV S-0802607 MCE CKD P, 2012 WL 439429, at *6 (E.D. Cal. Feb. 9, 2012) ("[R]equests for admissions should not be used . . . to demand that the other party admit the truth of a legal conclusion, even if the conclusion is attached to operative facts, or to ask the party to admit facts of which he or she has no special knowledge." (internal quotation marks omitted));

*Tracchia v. Tilton*, No. CIV S-06-2916 GEB KJM P, 2008 WL 5382253, at *2 (E.D. Cal. Dec. 22, 2008) ("A request calls for a legal conclusion when it asks a party to admit what is required or permitted by particular [laws or] regulations.").

17. In responding to the Requests, ViewSonic in no way concedes their relevance to the merits and expressly reserves other objections. ViewSonic's responses are being made after reasonable inquiry into the relevant facts, and the responses are based only upon the information and documentation that is presently available to and known to ViewSonic. ViewSonic's investigation of this case is ongoing. Further investigation and discovery may result in the identification of additional information or contentions, and ViewSonic reserves the right to modify its responses as appropriate. ViewSonic's responses should not be construed to prejudice ViewSonic's right to conduct further investigation in this case, or to limit ViewSonic's use of any additional evidence that may be developed.

18. ViewSonic reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Requests and all answers ViewSonic provides in response to these Requests.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that You did not purchase any CRT Products from CPT.

**RESPONSE TO REQUEST NO. 1:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic also objects to this Request to the extent it calls for information that is already in the possession, custody, or control, or equally available to Defendants. ViewSonic further objects to this Request on the grounds that it is unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Request on the grounds that it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, ViewSonic responds as follows: While ViewSonic admits that it did not purchase CRT Products directly from CPT, ViewSonic has standing to pursue its claims for direct purchases from CPT for certain of ViewSonic's CRT Product purchases pursuant to the "ownership or control" exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), as articulated in *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir. 1980) and its progeny, including the Court's November 29, 2012 Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470).

**REQUEST NO. 2:**

Admit that You did not purchase any CRT Products from CPTM.

**RESPONSE TO REQUEST NO. 2:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic also objects to this Request to the extent it calls for information that is already in the possession, custody, or control, or equally available to Defendants. ViewSonic further objects to this Request on the grounds that it is unduly burdensome, oppressive, and seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ViewSonic also objects to this Request on the grounds that it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, ViewSonic responds as follows: While ViewSonic admits that it did not purchase CRT Products directly from CPTM, ViewSonic has standing to pursue its claims for direct purchases from CPTM for certain of ViewSonic's CRT Product purchases pursuant to the "ownership or control" exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), as articulated in *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir. 1980) and its progeny, including the Court's November 29, 2012 Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. No. 1470).

//

//

| | | |
|---|---|---|
| 1 | // | |
| 2 | DATED: October 13, 2014 | By: */s/ Astor H.L. Heaven* |

Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
      rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
Email: jmurphy@crowell.com
      aheaven@crowell.com

*Counsel for ViewSonic Corporation*