# EXHIBIT C

Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone:  213-443-5582
Facsimile:  213-622-2690
Email: jmurray@crowell.com
          rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202-624-2500
Facsimile:  202-628-5116
Email: jmurphy@crowell.com
          aheaven@crowell.com

*Counsel for Plaintiff ViewSonic Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:14-cv-02510 | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>Individual Case No. 3:14-cv-02510<br><br>**PLAINTIFF VIEWSONIC CORPORATION'S RESPONSES AND OBJECTIONS TO DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:    Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture

Tubes (Malaysia) Sdn. Bhd.

RESPONDING PARTY:    Plaintiff ViewSonic Corporation

SET NO.:            ONE

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff ViewSonic

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

Corporation ("ViewSonic") hereby responds and objects to the First Set of Interrogatories to Plaintiff ViewSonic ("Interrogatories") served by counsel for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. ("Defendants") in the above-captioned matter.   For the reasons specified below, ViewSonic objects generally and specifically to all specifications in the Interrogatories.   ViewSonic reserves the right to supplement the objections and responses set forth below.

## GENERAL OBJECTIONS

ViewSonic asserts the following General Objections to the Interrogatories, which are incorporated by reference in each specific response as though set forth fully therein:

1.     ViewSonic objects to the Interrogatories to the extent that they are overbroad, burdensome, and seek information that is outside the scope of any allowable discovery by the Federal Rules of Civil Procedure, the Local Rules of the District Court for the Northern District of California, or any Order of this Court.   ViewSonic specifically objects to the instruction to serve verified answers at the offices of Gibson, Dunn & Crutcher LLP, 555 Mission St. Suite 3000, San Francisco, CA 94105-2933 within thirty (30) days after the date of service.   ViewSonic does not agree to undertake any obligations beyond those required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

2.     ViewSonic objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege and/or attorney work-product doctrine, the joint prosecution privilege, or any other privilege or doctrine of confidentiality provided by law, or that otherwise constitutes information prepared for or in anticipation of litigation.   Such information will not be produced; any production thereof is inadvertent and not a waiver of any applicable privilege or protection against disclosure.

3.     ViewSonic objects to the Interrogatories to the extent that they seek information not currently in ViewSonic's possession, custody, or control.

4.     ViewSonic objects to the Interrogatories to the extent that they seek information already in the possession, custody or control of Defendants.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

5.      ViewSonic objects to the Interrogatories to the extent that they seek information, or purport to impose duties or obligations, beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules of this Court.   ViewSonic does not agree to undertake any obligations beyond those required by those rules.

6.      ViewSonic objects to the Interrogatories to the extent that they are unreasonable, oppressive, unintelligible, vague, ambiguous, and unduly burdensome and for which the acquisition of information responsive to each would cause ViewSonic undue annoyance and expense.

7.      ViewSonic objects to the Interrogatories to the extent that they seek information not related to the claims or defenses of any party in this matter or are not reasonably calculated to lead to the discovery of admissible evidence.

8.      ViewSonic objects to the Interrogatories to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from a source other than ViewSonic that is more convenient, less burdensome, or less expensive.   ViewSonic also objects to the Interrogatories to the extent that they seek information that can be more easily obtained by Defendants from public sources.

9.      ViewSonic objects to the Interrogatories to the extent that they contain terms that are vague or ambiguous.   ViewSonic also objects to Defendants' definitions of words to the extent they are inconsistent with the plain meaning of those words or impose an expanded definition of the words or phrases.   By responding to an Interrogatory containing such a definition, ViewSonic does not adopt definitions of terms propounded by Defendants. Instead, ViewSonic expressly reserves its right to narrow the scope of the purported definition.

10.      ViewSonic objects to the definitions of "all," "and", "or," "document(s)", "you," "your," and "identify" to the extent that such definitions make the Interrogatories overly broad, unduly burdensome, or seek information that is not relevant to the subject matter of this litigation and, therefore, render the Interrogatories not reasonably calculated to lead to the discovery of admissible evidence.

Crowell
& Moring LLP
Attorneys At Law

DCACTIVE-29325038.3

-3-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

11.     ViewSonic objects to the Interrogatories to the extent that they call for disclosure of information containing trade secrets or proprietary, sensitive, or other confidential business information.

12.     ViewSonic objects to the Interrogatories to the extent that they seek legal conclusions and supporting facts that are not reasonably ascertainable or available at this stage of the litigation.

13.     ViewSonic objects to the Interrogatories to the extent that they call for expert testimony.  ViewSonic will provide expert disclosures as provided by the Federal Rules of Civil Procedure or by order of the Court, and at the appropriate time.

14.     ViewSonic objects to the Interrogatories to the extent that they would require ViewSonic to disclose information that would cause ViewSonic to violate its existing contractual obligations to other parties to maintain the confidentiality of such information.

15.     ViewSonic objects to the Interrogatories to the extent that they are premature.  In responding to such Interrogatories, ViewSonic in no way concedes their relevance to the merits and expressly reserves other objections to those Interrogatories.

16.     ViewSonic has not completed its discovery and preparation in this matter, and ViewSonic's investigation of this case is ongoing.  ViewSonic's responses are being made after reasonable inquiry into the relevant facts, and the responses are based only upon the information and documentation that is presently available to and known to ViewSonic.  Further investigation and discovery may result in the identification of additional information or contentions, and ViewSonic reserves the right to modify its responses.  ViewSonic's responses should not be construed to prejudice ViewSonic's right to conduct further investigation in this case, or to limit ViewSonic's use of any additional evidence that may be developed.

17.     Documents produced by ViewSonic in this litigation shall be deemed produced in response to these Interrogatories, subject to the responses and objections contained herein.  The burden of identifying specific information or documents responsive to these Interrogatories from documents produced in the course of this litigation is substantially the same for either party, and

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

ViewSonic is entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

18.     ViewSonic objects to General Instruction #2 as overly broad, unduly burdensome, oppressive, and outside the scope of discovery allowed by the Federal Rules of Civil Procedure, particularly in that it purports to require separate responses that do not reference any other discovery regardless of whether a particular Interrogatory is duplicative of previously served discovery.  ViewSonic does not agree to undertake any obligations beyond those required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

19.     ViewSonic objects to General Instruction #4 as overly broad, unduly burdensome, oppressive in that it purports to require Plaintiff to sign any answers or responses.  ViewSonic does not agree to undertake any obligations beyond those required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

20.     ViewSonic objects to General Instruction #5 as overly broad, unduly burdensome, oppressive, and outside the scope of discovery allowed by the Federal Rules of Civil Procedure to the extent that it purports to require ViewSonic to respond to vague, ambiguous or otherwise unintelligible Interrogatories that make it impossible for ViewSonic to determine the content of the request and in turn may result in vague or ambiguous responses.

21.     ViewSonic objects to General Instruction #6 as overly broad, unduly burdensome, oppressive, and outside the scope of discovery allowed by the Federal Rules of Civil Procedure to the extent that it purports to require ViewSonic to describe its process for responding to Interrogatories.  ViewSonic further objects to General Instruction #6 to the extent that it purports to require information protected by the attorney-client privilege and/or attorney work-product doctrine, the joint prosecution privilege, or any other privilege or doctrine of confidentiality provided by law, or that otherwise constitutes information prepared for or in anticipation of litigation.  ViewSonic further objects to General Instruction #6 to the extent it purports to require ViewSonic to fully respond to Interrogatories that are premature.

22.     ViewSonic objects to General Instruction #7 as overly broad, unduly burdensome, oppressive, and outside the scope of discovery allowed by the Federal Rules of Civil Procedure to

1    the extent that it purports to require ViewSonic to respond to vague, ambiguous or otherwise

2    unintelligible Interrogatories that make it impossible for ViewSonic to determine the content of

3    the request and in turn may result in vague or ambiguous responses.

4         23.    ViewSonic objects to General Instruction #10 as overly broad, unduly

5    burdensome, oppressive, and outside the scope of discovery allowed by the Federal Rules of Civil

6    Procedure, particularly in that it purports to require ViewSonic to specifically identify and certify

7    portions of business records.  Documents produced by ViewSonic in this litigation shall be

8    deemed produced in response to these Interrogatories, subject to the responses and objections

9    contained herein.  The burden of identifying specific information or documents responsive to

10   these Interrogatories from documents produced in the course of this litigation is substantially the

11   same for either party, and ViewSonic is entitled to elect the option to produce business records

12   pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.  ViewSonic does not agree to

13   undertake any obligations beyond those required by the Federal Rules of Civil Procedure or the

14   Local Rules of this Court.

15                    **RESPONSES TO INTERROGATORIES**

16   **INTERROGATORY NO. 1:**

17        Identify all purchases of CRTs or CRT Products for which You contend You suffered

18   actual damages attributable to the commerce done by CPT and CPTM within the meaning of

19   Section 213(a) of the Antitrust Criminal Penalty Enhancement and Reform Act of 2004.

20   **RESPONSE TO INTERROGATORY NO. 1:**

21        ViewSonic refers to and incorporates its General Objections as though set forth fully

22   herein.   ViewSonic further objects to this Interrogatory on the grounds that it is unduly

23   burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

24   every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects

25   to this Interrogatory to the extent it is duplicative of other discovery.  ViewSonic also objects to

26   this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.  ViewSonic

27   further objects to this Interrogatory on the grounds that it seeks information that is already in

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

1   Defendants' possession, custody, or control, or equally available to Defendants.   ViewSonic

2   further objects that the phrase "actual damages" is vague and ambiguous.

3        Subject to and without waiving any of the foregoing objections, and pursuant to Rule

4   33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional

5   data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002 and to the expert

6   report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials.   ViewSonic's

7   discovery and investigation is ongoing.   ViewSonic reserves the right to supplement and/or revise

8   its response to this Interrogatory as appropriate.

9   **INTERROGATORY NO. 2:**

10        Identify all purchases of CRTs and CRT Products from CPT or CPTM for which You

11   contend You are entitled to recover damages or other relief pursuant to Section 1 of the Sherman

12   Act (15 U.S.C. § 1).

13   **RESPONSE TO INTERROGATORY NO. 2:**

14        ViewSonic refers to and incorporates its General Objections as though set forth fully

15   herein.   ViewSonic further objects to this Interrogatory on the grounds that it is unduly

16   burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

17   every CRT in every CRT Product it purchased over a twelve-year period.   ViewSonic also objects

18   to this Interrogatory to the extent it is duplicative of other discovery.   ViewSonic also objects to

19   this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.   ViewSonic

20   further objects to this Interrogatory on the grounds that it seeks information that is already in

21   Defendants' possession, custody, or control, or equally available to Defendants.

22        Subject to and without waiving any of the foregoing objections and pursuant to Rule 33(d)

23   of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional data

24   produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002 and to the expert

25   report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials.   ViewSonic's

26   discovery and investigation is ongoing.   ViewSonic reserves the right to supplement and/or revise

27   its response to this Interrogatory as appropriate.

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

**INTERROGATORY NO. 3:**

If You contend that You purchased CRTs or CRT Products from CPT or CPTM during the Relevant Period, identify all facts, witnesses, and Documents that support Your contention. If You make no such contention, indicate that You do not make such a contention.

**RESPONSE TO INTERROGATORY NO. 3:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its case" in response to written discovery. ViewSonic further objects to this Interrogatory on the grounds that it is duplicative of interrogatories served by other Defendants. ViewSonic also objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion. ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is already in Defendants' possession, custody, or control, or equally available to Defendants.

Subject to and without waiving any of the foregoing objections, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002 and to the expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials. ViewSonic's discovery and investigation is ongoing. ViewSonic reserves the right to supplement and/or revise its response to this Interrogatory as appropriate.

**INTERROGATORY NO. 4:**

If You contend that You received offers for the sale of CRTs or CRT Products from CPT or CPTM during the Relevant Period, identify all facts, witnesses, and Documents that support Your contention. If You make no such contention, indicate that You do not make such a contention.

**RESPONSE TO INTERROGATORY NO. 4:**

ViewSonic refers to and incorporates its General Objections as though set forth fully

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

herein.  ViewSonic further objects that whether ViewSonic received offers for the sale of CRTs or CRT products from CPT or CPTM is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.  ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its case" in response to written discovery.  ViewSonic further objects to this Interrogatory on the ground that it is duplicative of interrogatories served by other Defendants.  ViewSonic also objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.  ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is already in Defendants' possession, custody, or control, or equally available to Defendants.

Subject to and without waiving any of the foregoing objections, ViewSonic states that its claims against Chunghwa are based on the "ownership or control" relationship exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), as articulated in *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir. 1980) and its progeny, including the Court's November 29, 2012 Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. 1470).  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, ViewSonic further refers Defendants to the transactional data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002 and to the expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials.  ViewSonic's discovery and investigation is ongoing.  ViewSonic reserves the right to supplement and/or revise its response to this Interrogatory as appropriate.

**INTERROGATORY NO. 5:**

If You contend that CPT or CPTM is a subsidiary of any entity from which You purchased CRTs or CRT Products directly, identify all facts, witnesses, and Documents that support Your contention.  If You make no such contention, indicate that You do not make such a contention.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

**RESPONSE TO INTERROGATORY NO. 5:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein.  ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its case" in response to written discovery.  ViewSonic further objects to this Interrogatory on the grounds that it is duplicative of interrogatories served by other Defendants.  ViewSonic also objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.  ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is already in Defendants' possession, custody, or control, or equally available to Defendants.

Subject to and without waiving any of the foregoing objections, ViewSonic states that its claims against Chunghwa are based on the "ownership or control" relationship among Chunghwa on the one hand and Tatung or Jean Co. Ltd on the other pursuant to the exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), as articulated in *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir. 1980) and its progeny, including the Court's November 29, 2012 Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. 1470).  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the following documents and evidence:

- Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s Response to Plaintiff ViewSonic Corporation's First Set of Interrogatories (September 29, 2014);

- Chunghwa Picture Tubes, Ltd.'s Annual Reports/Audit Reports from 1995 to present, to the extent such documents exist;

- Tatung Company's Annual Reports from 1995 to present, to the extent such documents exist;

- Jean Co., Ltd's Annual Reports from 1995 to present, to the extent such documents exist;

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DCACTIVE-29325038.3

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

1    • The expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying

2    materials;

3    • *In re TFT-LCD Antitrust Litigation*, Case 3:07-md-01827-SI, Declaration of

4    Philip J. Iovieno In Support of Plaintiffs' Opposition to Defendants' Motion for

5    Partial Summary Judgment for Lack of Standing under *Illinois Brick* and *ATM*

6    *Fee* (N.D. Cal. Aug. 20, 2012) (Docket No. 6493-1); and

7    • *In re TFT-LCD Antitrust Litigation*, Case 3:07-md-01827-SI, Order Denying

8    Defendants' Joint Motion and Toshiba's Separate Motion for Partial Summary

9    Judgment for Lack of Standing Under *Illinois Brick* and *In re ATM Fee* (N.D. Cal.

10   Nov. 19, 2012) (Docket No. 7188).

11   ViewSonic's discovery and investigation is ongoing.   ViewSonic reserves the right to

12   supplement and/or revise its response to this Interrogatory as appropriate.

13   **INTERROGATORY NO. 6:**

14   If you contend that CPT or CPTM was owned or controlled by any entity from which You

15   purchased CRTs or CRT Products directly, identify all facts, witnesses, and Documents that

16   support Your contention.  If You make no such contention, please so indicate.

17   **RESPONSE TO INTERROGATORY NO. 6:**

18   ViewSonic refers to and incorporates its General Objections as though set forth fully

19   herein.   ViewSonic further objects to this Interrogatory on the grounds that it is unduly

20   burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

21   every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects

22   to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its

23   case" in response to written discovery.  ViewSonic further objects to this Interrogatory on the

24   grounds that it is duplicative of interrogatories served by other Defendants.  ViewSonic also

25   objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.

26   ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is

27   already in Defendants' possession, custody, or control, or equally available to Defendants.

28   Subject to and without waiving any of the foregoing objections, ViewSonic hereby refers

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

DCACTIVE-29325038.3

1  to and incorporates its response to Interrogatory No. 5.  ViewSonic's discovery and investigation

2  is ongoing.  ViewSonic reserves the right to supplement and/or revise its response to this

3  Interrogatory as appropriate.

4  **INTERROGATORY NO. 7:**

5  If You contend that any entity from which You purchased CRTs or CRT Products directly

6  is a subsidiary of CPT or CPTM, identify all facts, witnesses, and Documents that support Your

7  contention.  If You make no such contention, indicate that You do not make such a contention.

8  **RESPONSE TO INTERROGATORY NO. 7:**

9  ViewSonic refers to and incorporates its General Objections as though set forth fully

10  herein.  ViewSonic further objects to this Interrogatory on the grounds that it is unduly

11  burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

12  every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects

13  to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its

14  case" in response to written discovery.  ViewSonic further objects to this Interrogatory on the

15  grounds that it is duplicative of interrogatories served by other Defendants.  ViewSonic also

16  objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.

17  ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is

18  already in Defendants' possession, custody, or control, or equally available to Defendants.

19  Subject to and without waiving any of the foregoing objections, ViewSonic hereby refers

20  to and incorporates its response to Interrogatory No. 5.  ViewSonic's discovery and investigation

21  is ongoing.  ViewSonic reserves the right to supplement and/or revise its response to this

22  Interrogatory as appropriate.

23  **INTERROGATORY NO. 8:**

24  If you contend that any entity from which You purchased CRTs or CRT Products directly

25  was owned or controlled by CPT or CPTM, identify all facts, witnesses, and Documents that

26  support Your contention.  If You make no such contention, please so indicate.

27  **RESPONSE TO INTERROGATORY NO. 8:**

28  ViewSonic refers to and incorporates its General Objections as though set forth fully

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

1    herein.   ViewSonic further objects to this Interrogatory on the grounds that it is unduly

2    burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

3    every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects

4    to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its

5    case" in response to written discovery.  ViewSonic further objects to this Interrogatory on the

6    grounds that it is duplicative of interrogatories served by other Defendants.  ViewSonic also

7    objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.

8    ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is

9    already in Defendants' possession, custody, or control, or equally available to Defendants.

10    Subject to and without waiving any of the foregoing objections, ViewSonic hereby refers

11    to and incorporates its response to Interrogatory No. 5.  ViewSonic's discovery and investigation

12    is ongoing.  ViewSonic reserves the right to supplement and/or revise its response to this

13    Interrogatory as appropriate.

14    **<u>INTERROGATORY NO. 9</u>:**

15    Identify all of Your purchases of CRTs and CRT Products from Tatung during the

16    Relevant Period that You contend contained color display tubes or color picture tubes

17    manufactured by CPT or CPTM.

18    **<u>RESPONSE TO INTERROGATORY NO. 9</u>:**

19    ViewSonic refers to and incorporates its General Objections as though set forth fully

20    herein.  ViewSonic further objects to this Interrogatory on the grounds that it is unduly

21    burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

22    every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects

23    to this Interrogatory to the extent it is duplicative of other discovery.  ViewSonic also objects to

24    this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.  ViewSonic

25    further objects to this Interrogatory on the grounds that it seeks information that is already in

26    Defendants' possession, custody, or control, or equally available to Defendants.

27    Subject to and without waiving any of the foregoing objections, and pursuant to Rule

28    33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-13-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

1   data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002, the expert report

2   of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials, and the expert report

3   of Dr. Kenneth G. Elzinga dated June 5, 2014 and its accompanying materials.  ViewSonic's

4   discovery and investigation is ongoing.  ViewSonic reserves the right to supplement and/or revise

5   its response to this Interrogatory as appropriate.

6   **INTERROGATORY NO. 10:**

7       Identify all facts, Documents and testimony demonstrating that the CRTs or CRT Products

8   You purchased from Tatung contained color display tubes or color picture tubes manufactured by

9   CPT or CPTM.

10  **RESPONSE TO INTERROGATORY NO. 10:**

11      ViewSonic refers to and incorporates its General Objections as though set forth fully

12  herein.  ViewSonic further objects to this Interrogatory on the grounds that it is unduly

13  burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

14  every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects

15  to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its

16  case" in response to written discovery.  ViewSonic also objects to this Interrogatory to the extent

17  it is duplicative of other discovery.  ViewSonic also objects to this Interrogatory to the extent it

18  requires ViewSonic to draw a legal conclusion.  ViewSonic further objects to this Interrogatory

19  on the grounds that it seeks information that is already in Defendants' possession, custody, or

20  control, or equally available to Defendants.

21      Subject to and without waiving any of the foregoing objections, and pursuant to Rule

22  33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional

23  data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002, the expert report

24  of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials, and the expert report

25  of Dr. Kenneth G. Elzinga dated June 5, 2014 and its accompanying materials.  ViewSonic's

26  discovery and investigation is ongoing.  ViewSonic reserves the right to supplement and/or revise

27  its response to this Interrogatory as appropriate.

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-14-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

**INTERROGATORY NO. 11:**

If You contend that Section 1 of the Sherman Act (15 U.S.C. § 1) applies to any purchase(s) identified in response to Interrogatory No. 9, state the basis of Your contention, including the basis of Your contention, if You so contend, that the purchase qualifies for an exception to the rule in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), barring claims based on indirect purchases.

**RESPONSE TO INTERROGATORY NO. 11:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein.  ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects to this Interrogatory to the extent it is duplicative of other discovery.  ViewSonic also objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.  ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is already in Defendants' possession, custody, or control, or equally available to Defendants.

Subject to and without waiving any of the foregoing objections, ViewSonic has Sherman Act standing to bring a claim against CPT and CPTM for certain of ViewSonic's purchases pursuant to the "ownership or control" exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), as articulated in *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir. 1980) and its progeny, including the Court's November 29, 2012 Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. 1470).  Specifically, ViewSonic is entitled to recover damages pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 4 of the Clayton Act, 15 U.S.C., for its purchases of CRTs based on the ownership or control relationship among CPT, CPTM, the Tatung entities,  and the Jean entities, and other entities.  ViewSonic further refers Defendants to the following evidence supporting this contention:

- Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s Response to Plaintiff ViewSonic Corporation's First Set of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DCACTIVE-29325038.3

-15-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

Interrogatories (September 29, 2014);

- Chunghwa Picture Tubes, Ltd.'s Annual Reports/Audit Reports from 1995 to present, to the extent such documents exist;

- Tatung Company's Annual Reports from 1995 to present, to the extent such documents exist;

- Jean Co., Ltd's Annual Reports from 1995 to present, to the extent such documents exist;

- The expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials;

- *In re TFT-LCD Antitrust Litigation*, Case 3:07-md-01827-SI, Declaration of Philip J. Iovieno In Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment for Lack of Standing under *Illinois Brick* and *ATM Fee* (N.D. Cal. Aug. 20, 2012) (Docket No. 6493-1); and

- *In re TFT-LCD Antitrust Litigation*, Case 3:07-md-01827-SI, Order Denying Defendants' Joint Motion and Toshiba's Separate Motion for Partial Summary Judgment for Lack of Standing Under *Illinois Brick* and *In re ATM Fee* (N.D. Cal. Nov. 19, 2012) (Docket No. 7188).

ViewSonic's discovery in this matter is ongoing, and ViewSonic reserves the right to supplement and/or revise this response as appropriate.

**INTERROGATORY NO. 12:**

Identify all of Your purchases of CRTs and CRT Products from TUS during the Relevant Period that You contend contained color display tubes or color picture tubes manufactured by CPT or CPTM.

**RESPONSE TO INTERROGATORY NO. 12:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein.   ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-16-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

1   to this Interrogatory to the extent it is duplicative of other discovery.  ViewSonic also objects to

2   this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.  ViewSonic

3   further objects to this Interrogatory on the grounds that it seeks information that is already in

4   Defendants' possession, custody, or control, or equally available to Defendants.

5        Subject to and without waiving any of the foregoing objections, and pursuant to Rule

6   33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional

7   data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002, the expert report

8   of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials, and the expert report

9   of Dr. Kenneth G. Elzinga dated June 5, 2014 and its accompanying materials.  ViewSonic's

10  discovery and investigation is ongoing.  ViewSonic reserves the right to supplement and/or revise

11  its response to this Interrogatory as appropriate.

12  **INTERROGATORY NO. 13:**

13       Identify all facts, Documents and testimony demonstrating that the CRTs or CRT Products

14  You purchased from TUS contained color display tubes or color picture tubes manufactured by

15  CPT or CPTM.

16  **RESPONSE TO INTERROGATORY NO. 13:**

17       ViewSonic refers to and incorporates its General Objections as though set forth fully

18  herein.  ViewSonic further objects to this Interrogatory on the grounds that it is unduly

19  burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

20  every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects

21  to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its

22  case" in response to written discovery.  ViewSonic also objects to this Interrogatory to the extent

23  it is duplicative of other discovery.  ViewSonic also objects to this Interrogatory to the extent it

24  requires ViewSonic to draw a legal conclusion.  ViewSonic further objects to this Interrogatory

25  on the grounds that it seeks information that is already in Defendants' possession, custody, or

26  control, or equally available to Defendants.

27       Subject to and without waiving any of the foregoing objections, and pursuant to Rule

28  33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-17-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

1   data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002, the expert report

2   of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials, and the expert report

3   of Dr. Kenneth G. Elzinga dated June 5, 2014 and its accompanying materials.  ViewSonic's

4   discovery and investigation is ongoing.  ViewSonic reserves the right to supplement and/or revise

5   its response to this Interrogatory as appropriate.

6   **INTERROGATORY NO. 14:**

7        If You contend that Section 1 of the Sherman Act (15 U.S.C. § 1) applies to any

8   purchase(s) identified in response to Interrogatory No. 12, state the basis of Your contention,

9   including the basis of Your contention, if You so contend, that the purchase qualifies for an

10  exception to the rule in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), barring claims based on

11  indirect purchases.

12  **RESPONSE TO INTERROGATORY NO. 14:**

13       ViewSonic refers to and incorporates its General Objections as though set forth fully

14  herein.  ViewSonic further objects to this Interrogatory on the grounds that it is unduly

15  burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

16  every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects

17  to this Interrogatory to the extent it is duplicative of other discovery.  ViewSonic also objects to

18  this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.  ViewSonic

19  further objects to this Interrogatory on the grounds that it seeks information that is already in

20  Defendants' possession, custody, or control, or equally available to Defendants.

21       Subject to and without waiving any of the foregoing objections, ViewSonic refers to and

22  incorporates its response to Interrogatory No. 11.  ViewSonic's discovery in this matter is

23  ongoing, and ViewSonic reserves the right to supplement and/or revise this response as

24  appropriate.

25  **INTERROGATORY NO. 15:**

26       Identify all of Your purchases of CRTs and CRT Products from JEAN during the

27  Relevant Period that You contend contained color display tubes or color picture tubes

28  manufactured by CPT or CPTM.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-18-

DCACTIVE-29325038.3

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

**RESPONSE TO INTERROGATORY NO. 15:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects to this Interrogatory to the extent it is duplicative of other discovery. ViewSonic also objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion. ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is already in Defendants' possession, custody, or control, or equally available to Defendants.

Subject to and without waiving any of the foregoing objections, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002, the expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials, and the expert report of Dr. Kenneth G. Elzinga dated June 5, 2014 and its accompanying materials. ViewSonic's discovery and investigation is ongoing. ViewSonic reserves the right to supplement and/or revise its response to this Interrogatory as appropriate.

**INTERROGATORY NO. 16:**

Identify all facts, Documents and testimony demonstrating that the CRTs or CRT Products You purchased from JEAN contained color display tubes or color picture tubes manufactured by CPT or CPTM.

**RESPONSE TO INTERROGATORY NO. 16:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its case" in response to written discovery. ViewSonic also objects to this Interrogatory to the extent it is duplicative of other discovery. ViewSonic also objects to this Interrogatory to the extent it

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DCACTIVE-29325038.3

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

1  requires ViewSonic to draw a legal conclusion.  ViewSonic further objects to this Interrogatory

2  on the grounds that it seeks information that is already in Defendants' possession, custody, or

3  control, or equally available to Defendants.

4         Subject to and without waiving any of the foregoing objections, and pursuant to Rule

5  33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional

6  data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002, the expert report

7  of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials, and the expert report

8  of Dr. Kenneth G. Elzinga dated June 5, 2014 and its accompanying materials.  ViewSonic's

9  discovery and investigation is ongoing.  ViewSonic reserves the right to supplement and/or revise

10  its response to this Interrogatory as appropriate.

11  **INTERROGATORY NO. 17:**

12         If You contend that Section 1 of the Sherman Act (15 U.S.C. § 1) applies to any

13  purchase(s) identified in response to Interrogatory No. 15, state the basis of Your contention,

14  including the basis of Your contention, if You so contend, that the purchase qualifies for an

15  exception to the rule in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), barring claims based on

16  indirect purchases.

17  **RESPONSE TO INTERROGATORY NO. 17:**

18         ViewSonic refers to and incorporates its General Objections as though set forth fully

19  herein.   ViewSonic further objects to this Interrogatory on the grounds that it is unduly

20  burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

21  every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects

22  to this Interrogatory to the extent it is duplicative of other discovery.  ViewSonic also objects to

23  this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.  ViewSonic

24  further objects to this Interrogatory on the grounds that it seeks information that is already in

25  Defendants' possession, custody, or control, or equally available to Defendants.

26         Subject to and without waiving any of the foregoing objections, ViewSonic has Sherman

27  Act standing to bring a claim against CPT and CPTM for certain of ViewSonic's purchases

28  pursuant to the "ownership or control" exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-20-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

1   (1977), as articulated in *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir.

2   1980) and its progeny, including the Court's November 29, 2012 Order Granting in Part and

3   Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. 1470).  Specifically,

4   ViewSonic is entitled to recover damages pursuant to Section 1 of the Sherman Act, 15 U.S.C. §

5   1, and Section 4 of the Clayton Act, 15 U.S.C., for its purchases of CRTs based on the ownership

6   or control relationship among CPT, CPTM, the Tatung entities,  and the Jean entities, and other

7   entities.    ViewSonic further refers Defendants to the following evidence supporting this

8   contention:

9       • Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes

10        (Malaysia) Sdn. Bhd.'s Response to Plaintiff ViewSonic Corporation's First Set of

11        Interrogatories (September 29, 2014);

12      • Chunghwa Picture Tubes, Ltd.'s Annual Reports/Audit Reports from 1995 to

13        present, to the extent such documents exist;

14      • Tatung Company's Annual Reports from 1995 to present, to the extent such

15        documents exist;

16      • Jean Co., Ltd's Annual Reports from 1995 to present, to the extent such

17        documents exist;

18      • The expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying

19        materials;

20      • *In re TFT-LCD Antitrust Litigation*, Case 3:07-md-01827-SI, Declaration of

21        Philip J. Iovieno In Support of Plaintiffs' Opposition to Defendants' Motion for

22        Partial Summary Judgment for Lack of Standing under *Illinois Brick* and *ATM*

23        *Fee* (N.D. Cal. Aug. 20, 2012) (Docket No. 6493-1); and

24      • *In re TFT-LCD Antitrust Litigation*, Case 3:07-md-01827-SI, Order Denying

25        Defendants' Joint Motion and Toshiba's Separate Motion for Partial Summary

26        Judgment for Lack of Standing Under *Illinois Brick* and *In re ATM Fee* (N.D. Cal.

27        Nov. 19, 2012) (Docket No. 7188)

28  ViewSonic's discovery in this matter is ongoing, and ViewSonic reserves the right to

1    supplement and/or revise this response as appropriate.

2    **INTERROGATORY NO. 18:**

3        If You contend that Section 1 of the Sherman Act (15 U.S.C. § 1) applies to any other of

4    Your purchases of CRTs and CRT Products that contained color display tubes or color picture

5    tubes manufactured by CPT or CPTM, state the basis of Your contention, including the basis of

6    Your contention, if You so contend, that the purchase qualifies for an exception to the rule in

7    *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), barring claims based on indirect purchases.

8    **RESPONSE TO INTERROGATORY NO. 18:**

9        ViewSonic refers to and incorporates its General Objections as though set forth fully

10   herein.   ViewSonic further objects to this Interrogatory on the grounds that it is unduly

11   burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

12   every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects

13   to this Interrogatory to the extent it is duplicative of other discovery.  ViewSonic also objects to

14   this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.  ViewSonic

15   further objects to this Interrogatory on the grounds that it seeks information that is already in

16   Defendants' possession, custody, or control, or equally available to Defendants.   ViewSonic

17   further objects that the phrase "any other of Your purchases" is vague, ambiguous, and overbroad.

18       Subject to and without waiving any of the foregoing objections, and pursuant to Rule

19   33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional

20   data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002, the expert report

21   of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials, and the expert report

22   of Dr. Kenneth G. Elzinga dated June 5, 2014 and its accompanying materials.   ViewSonic's

23   discovery and investigation is ongoing.  ViewSonic reserves the right to supplement and/or revise

24   its response to this Interrogatory as appropriate.

25   //
     //
26   //
     //
27   //
     //
28   //

CROWELL
& MORING LLP
ATTORNEYS AT LAW

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

1  |  //
DATED: October 13, 2014

2  |  By:   */s/ Astor H.L. Heaven*
Jason C. Murray (CA Bar No. 169806)

3  |  Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP

4  |  515 South Flower St., 40th Floor
Los Angeles, CA  90071

5  |  Telephone:  213-443-5582
Facsimile:  213-622-2690

6  |  Email: jmurray@crowell.com
rmcnary@crowell.com

7  |

8  |  Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)

9  |  CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

10 |  Telephone:  202-624-2500
Facsimile:  202-628-5116

11 |  Email: jmurphy@crowell.com
aheaven@crowell.com

12 |

13 |  *Counsel for ViewSonic Corporation*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-23-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3