# EXHIBIT E

Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone:  213-443-5582
Facsimile:  213-622-2690
Email: jmurray@crowell.com
        rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202-624-2500
Facsimile:  202-628-5116
Email: jmurphy@crowell.com
        aheaven@crowell.com

*Counsel for Plaintiff ViewSonic Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.,* Case No. 3:14-cv-02510 | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>Individual Case No. 3:14-cv-02510<br><br>**PLAINTIFF VIEWSONIC CORPORATION'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S SECOND SET OF INTERROGATORIES** |

PROPOUNDING PARTY:     Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture

Tubes (Malaysia) Sdn. Bhd.

RESPONDING PARTY:     Plaintiff ViewSonic Corporation

SET NO.:     TWO

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff ViewSonic

CROWELL
& MORING LLP
ATTORNEYS AT LAW

VIEWSONIC CORPORATION'S SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO CHUNGHWA'S
SECOND SET OF INTERROGATORIES

Corporation ("ViewSonic") hereby further responds to the Second Set of Interrogatories to Plaintiff ViewSonic ("Interrogatories") served by counsel for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. ("Defendants") in the above-captioned matter. ViewSonic reserves the right to supplement the objections and responses set forth below.

### GENERAL OBJECTIONS

ViewSonic incorporates by reference its General Objections from its previous response to the Interrogatories.

### RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 19:**

Identify and describe any ownership interest(s) held in JEAN by You, including the amount of stock and ownership percentage, as well as any documents reflecting such ownership interest(s), for each year from January 1, 1995 through the present.

**RESPONSE TO INTERROGATORY NO. 19:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. ViewSonic further objects that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence because any ownership interests ViewSonic held in Jean are not relevant to the subject matter of this litigation. ViewSonic also objects to this Interrogatory on the grounds that it seeks information outside of the Relevant Period (as defined in ViewSonic's Complaint). ViewSonic further objects to this Interrogatory on the grounds that the term "identify" and the phrase "documents reflecting" are vague, ambiguous, and overbroad. ViewSonic further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or work-product doctrine. ViewSonic further objects to this Interrogatory to the extent it seeks information that is in Defendants' possession, custody, or control, or equally available to the defendants.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

VIEWSONIC CORPORATION'S SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO CHUNGHWA'S
SECOND SET OF INTERROGATORIES

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19:**

ViewSonic refers to and incorporates each of the General and Specific Objections identified in its initial Response to Interrogatory No. 19.  Subject to and without waiving the foregoing objections, after a reasonable search and investigation, ViewSonic states that the table below reflects ViewSonic International Corporation's stock ownership in Jean during the Relevant Period:

| End of Year | Percentage Ownership | Number of Shares |
|---|---|---|
| 1995 | 0% | 0 |
| 1996 | 0% | 0 |
| 1997 | 0% | 0 |
| 1998 | 0% | 0 |
| 1999 | 8% | 10,560,000 |
| 2000 | 4.9% | 7,184,320 |
| 2001 | 1% | 1,562,251 |
| 2002 | 0% | 0 |
| 2003 | 0% | 0 |
| 2004 | 0% | 0 |
| 2005 | 0% | 0 |
| 2006 | 0% | 0 |
| 2007 | 0% | 0 |

ViewSonic further states that ViewSonic International Corporation executed two stock purchase agreements for these shares in 1999.  Discovery is ongoing and ViewSonic reserves the right to supplement and/or amend its response to this Interrogatory as appropriate

**INTERROGATORY NO. 20:**

Identify and describe any ownership interest(s) held in You by JEAN, including the amount of stock and ownership percentage, as well as any documents reflecting such ownership interest(s), for each year from January 1, 1995 through the present.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

VIEWSONIC CORPORATION'S SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO CHUNGHWA'S
SECOND SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 20:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein.  ViewSonic further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome.  ViewSonic further objects that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence because any ownership interests Jean held in ViewSonic are not relevant to the subject matter of this litigation.  ViewSonic also objects to this Interrogatory on the grounds that it seeks information outside of the Relevant Period (as defined in ViewSonic's Complaint).  ViewSonic further objects to this Interrogatory on the grounds that the term "identify" and the phrase "documents reflecting" are vague, ambiguous, and overbroad.  ViewSonic further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or work-product doctrine.  ViewSonic further objects to this Interrogatory to the extent it seeks information that is in Defendants' possession, custody, or control, or equally available to the defendants.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:**

ViewSonic refers to and incorporates each of the General and Specific Objections identified in its initial Response to Interrogatory No. 20.  Subject to and without waiving the foregoing objections, after a reasonable search and investigation, ViewSonic is unaware of any ownership interests that Jean held in ViewSonic during the Relevant Period.  Discovery is ongoing and ViewSonic reserves the right to supplement and/or amend its response to this Interrogatory as appropriate.

**INTERROGATORY NO. 21:**

Identify and describe any management or control rights You have held in JEAN, including any documents reflecting such management or control rights, at any point during the time from January 1, 1995 through the present.

**RESPONSE TO INTERROGATORY NO. 21:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein.  ViewSonic further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome.  ViewSonic further objects that this Interrogatory is not reasonably

CROWELL & MORING LLP
ATTORNEYS AT LAW

VIEWSONIC CORPORATION'S SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO CHUNGHWA'S
SECOND SET OF INTERROGATORIES

1    calculated to lead to the discovery of admissible evidence because any management or control

2    rights that ViewSonic held in Jean are not relevant to the subject matter of this litigation.

3    ViewSonic also objects to this Interrogatory on the grounds that it seeks information outside of

4    the Relevant Period (as defined in ViewSonic's Complaint).  ViewSonic further objects to this

5    Interrogatory on the grounds that the term "identify" and the phrase "documents reflecting" are

6    vague, ambiguous, and overbroad.  ViewSonic further objects to this Interrogatory to the extent

7    that it is duplicative of other discovery propounded by other defendants in MDL No. 1917.

8    ViewSonic further objects to this Interrogatory to the extent that it seeks information protected by

9    the attorney-client privilege or work-product doctrine.   ViewSonic further objects to this

10   Interrogatory to the extent it seeks information that is in Defendants' possession, custody, or

11   control, or equally available to the defendants.

12   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21:**

13        ViewSonic refers to and incorporates each of the General and Specific Objections

14   identified in its initial Response to Interrogatory No. 21.  Subject to and without waiving the

15   foregoing objections, ViewSonic states it did not have management or control rights in Jean

16   during the Relevant Period.   Discovery is ongoing and ViewSonic reserves the right to

17   supplement and/or amend its response to this Interrogatory as appropriate.

18   **INTERROGATORY NO. 22:**

19        Identify and describe any investments of any kind made by You in JEAN, including any

20   documents reflecting such investments, during the period from January 1, 1995 through the

21   present.

22   **RESPONSE TO INTERROGATORY NO. 22:**

23        ViewSonic refers to and incorporates its General Objections as though set forth fully

24   herein.  ViewSonic further objects to this Interrogatory on the grounds that it is overbroad and

25   unduly burdensome.   ViewSonic further objects that this Interrogatory is not reasonably

26   calculated to lead to the discovery of admissible evidence because any investments ViewSonic

27   made in Jean are not relevant to the subject matter of this litigation.  ViewSonic also objects to

28   this Interrogatory on the grounds that it seeks information outside of the Relevant Period (as

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

VIEWSONIC CORPORATION'S SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO CHUNGHWA'S
SECOND SET OF INTERROGATORIES

defined in ViewSonic's Complaint).  ViewSonic further objects to this Interrogatory on the grounds that the terms "identify" and "investments" and the phrase "documents reflecting" are vague, ambiguous, and overbroad.  ViewSonic further objects to this Interrogatory to the extent that it is duplicative of other discovery propounded by other defendants in MDL No. 1917.  ViewSonic further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or work-product doctrine.  ViewSonic further objects to this Interrogatory to the extent it seeks information that is in Defendants' possession, custody, or control, or equally available to the defendants.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22:**

ViewSonic refers to and incorporates each of the General and Specific Objections identified in its initial Response to Interrogatory No. 22.  Subject to and without waiving the foregoing objections, ViewSonic hereby refers to and incorporates its responses and objections to Interrogatory No. 19.  Discovery is ongoing and ViewSonic reserves the right to supplement and/or amend its response to this Interrogatory as appropriate.

**INTERROGATORY NO. 23:**

Identify and describe any contracts between You and JEAN, including any contracts for stock ownership, as well as any documents reflecting such contracts, during the period from January 1, 1995 through the present.

**RESPONSE TO INTERROGATORY NO. 23:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein.  ViewSonic further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome.  ViewSonic further objects that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence because each and every contract between ViewSonic and Jean is not relevant to the subject matter of this litigation.  ViewSonic also objects to this Interrogatory on the grounds that it seeks information outside of the Relevant Period (as defined in ViewSonic's Complaint).  ViewSonic further objects to this Interrogatory on the grounds that the term "identify" and the phrase "documents reflecting" are vague, ambiguous, and overbroad.  ViewSonic further objects to this Interrogatory to the extent that it is duplicative

of other discovery propounded by other defendants in MDL No. 1917.  ViewSonic further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or work-product doctrine.  ViewSonic further objects to this Interrogatory to the extent it seeks information that is in Defendants' possession, custody, or control, or equally available to the defendants.

Subject to and without waiving the foregoing objections, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002 and the contracts produced as VIEW_CRT00041343, VIEW_CRT00041337, VIEW_CRT00041328, VIEW_CRT00041327, VIEW_CRT00041325, VIEW_CRT00041322, VIEW_CRT00041317, VIEW_CRT00041221, VIEW_CRT00041214, VIEW_CRT00041208, and VIEW_CRT00041145.  Discovery is ongoing and ViewSonic reserves the right to supplement and/or amend its response to this Interrogatory as appropriate.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23:**

ViewSonic refers to and incorporates each of the General and Specific Objections identified in its initial Response to Interrogatory No. 23.  Subject to and without waiving the foregoing objections, ViewSonic hereby refers to and incorporates its responses and objections to Interrogatory No. 19.  Discovery is ongoing and ViewSonic reserves the right to supplement and/or amend its response to this Interrogatory as appropriate.

//
//
//
//
//
//
//

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

VIEWSONIC CORPORATION'S SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO CHUNGHWA'S
SECOND SET OF INTERROGATORIES

1    DATED: November 4, 2014

2                                        By:    */s/ Astor H.L. Heaven*
                                                Jason C. Murray (CA Bar No. 169806)
3                                               Robert B. McNary (CA Bar No. 253745)
                                                CROWELL & MORING LLP
4                                               515 South Flower St., 40th Floor
                                                Los Angeles, CA  90071
5                                               Telephone:  213-443-5582
                                                Facsimile:  213-622-2690
6                                               Email: jmurray@crowell.com
                                                        rmcnary@crowell.com

7                                               Jerome A. Murphy (*pro hac vice*)
                                                Astor H.L. Heaven (*pro hac vice*)
8                                               CROWELL & MORING LLP
                                                1001 Pennsylvania Avenue, N.W.
9                                               Washington, D.C. 20004
                                                Telephone:  202-624-2500
10                                              Facsimile:  202-628-5116
                                                Email: jmurphy@crowell.com
11                                                      aheaven@crowell.com

12                                              *Counsel for Plaintiff ViewSonic Corporation*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

                                    -8-        VIEWSONIC CORPORATION'S SUPPLEMENTAL
                                               RESPONSES AND OBJECTIONS TO CHUNGHWA'S
                                               SECOND SET OF INTERROGATORIES