Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel: (415) 871-2888
Fax: (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>Panasonic v Sharp | MDL No 1917<br><br>Master Case No 3:07-cv-05944SC<br><br>**ORDER OF THE SPECIAL MASTER RE PANASONIC'S MOTION TO COMPEL PRODUCTION OF SHARP DOCUMENTS PREVIOUSLY PRODUCED IN THE LCD LITIGATION** |

The Panasonic Defendants, joined by the Philips Defendants, the LG Defendants, Thomson Defendants and Toshiba Defendants, move to compel production of all documents responsive to Panasonic's document requests seeking documents Sharp[1] and Sharp Corporation produced in the *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Case No. M07-1827 SI ("LCD Litigation"), or to modify the Court's prior LCD Review Order (Doc 952, filed 6/29/11) to permit Defendants to review documents produced by Sharp in the LCD Litigation. 7/18/14 Panasonic Letter Brief at 3.  It appears undisputed that Sharp produced only those LCD documents that refer to CRTs or CRT Finished Products and that were produced by SEC in the LCD Litigation – not any LCD documents produced by Sharp Corporation in the LCD Litigation. Having conferred multiple times to resolve Sharp's objections, the parties have submitted letter briefs and rest on their submissions. The undersigned has carefully reviewed the submissions.

Essentially, Sharp has objected to Panasonic's discovery requests and produced selected documents that Sharp considers relevant to this CRT litigation. In its 3/10/14 Objections and Responses to Panasonic Corporation's Second Set of Requests for Production of Documents ("3/10/14 Sharp Objections"), Sharp agreed to produce documents responsive to Request 1 "that reference or discuss CRTs or CRT Finished Products, that were produced by Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. in the *In re TFT-LCD (Flat Panel) Antitrust Litigation* or Related Actions." 3/10/14 Sharp Objections at 6, 7/18/14 Hemlock Dec, Ex 4. Sharp's objections and refusals to produce documents already produced in the LCD Litigation are based on the following arguments: (1) Sharp already produced all documents related to CRTs or CRT Finished Products from its LCD Litigation production, (2) the remainder of Sharp's LCD Litigation production is irrelevant; (3) Defendants

---

[1] Two Sharp entities are parties here, Sharp Electronics Corporation (SEC) and Sharp Electronics Manufacturing Corporation of America, Inc. (SEMCA) (referred to as "Sharp" here). But while the parent Sharp Corporation was a party to the LCD Litigation, it is not a party to this litigation.

ORDER RE PANASONIC'S MOTION TO COMPEL PRODUCTION OF SHARP LCD DOCUMENTS - PAGE **2** OF **5**

inappropriately seek discovery from a non-party, Sharp Corporation, parent of the US-based Sharp parties, and most of the materials sought are in the custody of entities not party to this litigation. 8/1/14 Sharp Opposition letter. Sharp's counsel contends that the Sharp entities here do not have control over responsive documents in possession of their Japanese parent, Sharp Corporation. 8/1/14 Sharp opposition letter.

The undersigned has already addressed many of the same issues in the context of a motion to compel discovery of expert depositions, transcripts, and other relevant information for experts in this litigation who also served in the LCD Litigation. *See* July 2, 2014 hearing transcript regarding the Motion to Compel Production of Plaintiffs Experts' LCD Documents, 7/18/14 Hemlock Dec, Ex 5.

Sharp's production of only those documents expressly referencing "CRTs or CRT Finished Products" that were produced by SEC is insufficient because it likely excludes many documents that relate to CRTs or other issues relevant to this litigation. Sharp's assertion that it has already produced all relevant documents is suspect because out of 362,000 documents SEC produced in the LCD Litigation, Sharp only produced 14,800 (4%) of those documents in this CRT Litigation. 8/1/14 Sharp letter at 3 and n 4. Moreover, Sharp admits that it did not produce any documents produced by Sharp Corporation in the LCD Litigation.

Sharp's contention that there is "no basis for Defendants' speculation that LCD documents will be relevant for impeachment purposes" is not persuasive. Because Sharp was a defendant in the LCD Litigation and is now a plaintiff in this CRT litigation, it is likely to have taken inconsistent positions on relevant issues. Indeed testimony of Sharp employees from the LCD Litigation could be highly valuable as impeachment material in this CRT litigation. Accordingly, the undersigned finds that Panasonic's document requests 1-7 of its second set of requests for production are likely to lead to relevant information and therefore such documents are relevant and discoverable.

Finally, Sharp's response that it does not have control over its parent corporation's documents rings hollow. It appears undisputed that the SEC and Sharp Corporation produced over 3.8 million pages of documents in the LCD Litigation and over 34 days of deposition testimony. 8/1/14 Sharp letter at 3. The discovery Panasonic seeks here would not require any new cooperation from the parent corporation, but rather that Sharp produce documents already produced by SEC and Sharp Corporation in the LCD Litigation. Nowhere in his letter brief does Sharp's counsel ever assert that he and his firm do not possess the entire set of Sharp document productions and deposition testimony from the LCD Litigation. Documents in the possession of a party's counsel are deemed within that party's possession, custody or control within the meaning of FRCP 34. *See Ashman v Solectron Corp*, 209 WL 1684726, at *4 (ND Cal June 12, 2009); *Johnson v Askin Capital Mgmt*, 202 FRD 112, 114 (SD NY 2001). Accordingly, the undersigned finds that SEC and SECMA are in possession of Sharp Corporation's LCD Litigation document productions and deposition testimony and therefore, may readily produce such documents to Panasonic. Despite Sharp's assertion of burden, e g, the Fox Declaration, there would not be any significant burden because the responsive documents from the LCD Litigation have already been collected, reviewed and produced in the LCD Litigation.

To the extent Sharp objects on confidentiality grounds, the protective orders in the LCD Litigation and in this CRT Litigation should provide adequate protection.

The undersigned concludes that: (1) the requested documents are likely to lead to the discovery of admissible evidence in the form of admissions and impeachment material, (2) Sharp's arguments that the US entities do not have control over their parent Sharp Corporation are not relevant where Sharp's counsel has not stated that it does not possess the documents produced by SEC and Sharp Corporation in the LCD Litigation and (3) since Sharp has already produced these documents in the LCD Litigation, production here would not impose an undue burden.

ORDER RE PANASONIC'S MOTION TO COMPEL PRODUCTION OF SHARP LCD DOCUMENTS - PAGE **4** OF **5**

Accordingly, the undersigned ORDERS as follows:

**Panasonic's motion to compel Sharp to produce all documents responsive to Panasonic's Second Set of Document Requests (1-7) from all Sharp entities, including Sharp Corporation, is GRANTED and Sharp's counsel is ORDERED to produce such documents promptly, consistent with this order.**

IT IS SO ORDERED.

Date: November 13, 2014

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: November ___, 2014

_____
The Honorable Samuel Conti
United States District Judge

ORDER RE PANASONIC'S MOTION TO COMPEL PRODUCTION OF SHARP LCD DOCUMENTS  -  PAGE **5** OF **5**