| | | |
|---|---|---|
| 1 | Calvin L. Litsey (SBN 289659)<br>FAEGRE BAKER DANIELS LLP | Jeffrey S. Roberts (*pro hac vice*)<br>FAEGRE BAKER DANIELS LLP |
| 2 | 1950 University Avenue, Suite 450<br>East Palo Alto, CA  94303-2279 | 3200 Wells Fargo<br>1700 Lincoln Street |
| 3 | Telephone: +1 650-324-6700<br>Facsimile: +1 650-324-6701 | Denver, CO  80203<br>Telephone: +1 303-607-3500 |
| 4 | calvin.litsey@FaegreBD.com | Facsimile:  +1 303-607-3600<br>jeff.roberts@FaegreBD.com |
| 5 | Kathy L. Osborn (*pro hac vice*)<br>Ryan M. Hurley (*pro hac vice*) | Stephen M. Judge (*pro hac vice*) |
| 6 | FAEGRE BAKER DANIELS LLP<br>300 N. Meridian Street, Suite 2700 | FAEGRE BAKER DANIELS LLP<br>202 S. Michigan Street, Suite 1400 |
| 7 | Indianapolis, IN  46204<br>Telephone: +1 317-237-0300 | South Bend, IN  46601<br>Telephone: +1 574-234-4149 |
| 8 | Facsimile: +1 317-237-1000<br>kathy.osborn@FaegreBD.com | Facsimile:  +1 574-239-1900<br>steve.judge@FaegreBd.com |
| 9 | ryan.hurley@FaegreBD.com | |

***Attorneys for Defendants Thomson Consumer Electronics, Inc. and Thomson SA***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;<br><br>*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723; | **DECLARATION OF KATHY L. OSBORN IN SUPPORT OF THOMSON SA'S OPPOSITION TO DIRECT ACTION PLAINTIFFS' MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON DISCOVERY**<br><br>Judge: Hon. Samuel Conti |

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 31:cv-05725;

*Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157

*Dell Inc. v. Hitachi Ltd.*, No. 13-cv-02171;

*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al.*, No. 13-cv-01173

*ViewSonic Corporation v. Chunghwa Corp., et al.*, No. 14-cv-02510

I, Kathy L. Osborn, hereby declare as follows:

1. I am currently an attorney with the law firm Faegre Baker Daniels LLP, counsel for Defendant, Technicolor SA (f/k/a Thomson SA). I am an active member in good standing of the bar of the State of Indiana and am admitted to practice *pro hac vice* before the United States District Court for the Northern District of California. I make this declaration in support of Thomson SA's Response to the Sharp Plaintiffs' Statement Regarding Pending Discovery Motions. The statements contained in this declaration are based on my personal knowledge and, if called as a witness, I could competently testify to the following facts.

2. During a phone conversation on October 27, 2014, counsel for Thomson SA proposed a compromise to counsel for DAPs by offering to expeditiously produce all non-privileged documents Thomson SA produced to the European Commission ("EC production") and to waive its personal jurisdiction arguments in exchange for limitations on the scope of the

DECLARATION OF KATHY L. OSBORN IN
SUPPORT OF THOMSON SA'S OPPOSITION TO
DAPS' MOTION TO ENFORCE

No. 07-5944-SC; MDL No. 1917

2

1  production that would otherwise be required.  Counsel made clear during this conversation that
2  Thomson SA did not consider production of the entire EC production to be required under the
3  Court's Order.  Counsel for Thomson SA reiterated its interpretation of the Court's Order in
4  subsequent correspondence with counsel for DAPs.  *See* Nov. 3, 2014 Email from K. Osborn,
5  attached as **Ex. 2** to DAP's Motion To Enforce The Court's Order Re: Thomson Discovery.

6         3.     Counsel for DAPs did not inform Thomson SA that it believed the Court had
7  ordered production of the European Commission documents in their entirety during the October
8  27, 2014, phone conversation or at any point during subsequent conferences or written
9  communication.

10        4.     Counsel for Thomson SA initially told DAPs it would waive its personal
11 jurisdiction arguments on appeal if DAPs agreed to accept production of all documents Thomson
12 SA produced to the European Commission as full compliance with the Court's October 23 Order.
13 Thomson SA ultimately agreed to produce these documents in exchange for DAPs' agreement to
14 discuss in good faith whether remaining production is necessary after they receive and review the
15 EC production.

16        I declare under penalty of perjury, under the laws of the United States of America, that the
17 foregoing is true and correct.  Executed this 14th day of November 2014, at Indianapolis, Indiana.

19                               /s/ Kathy L. Osborn