Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone: 213 239-5100
Facsimile: 213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484
ttruax@jenner.com
mbrody@jenner.com

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to:

*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510

Case No. 3:07-cv-05944-SC

MDL No. 1917

**DEFENDANTS' NOTICE OF MOTION AND JOINT MOTION FOR SUMMARY JUDGMENT AGAINST VIEWSONIC CORPORATION BASED UPON FAILURE TO PROVIDE EVIDENCE TO AVOID FTAIA BAR ON FOREIGN COMMERCE.**

[Proposed Order and Declaration of Shaun M. Van Horn filed herewith.]

Judge: Hon. Samuel P. Conti
Court: Courtroom 1, 17th Floor
Date and Time: Feb. 6, 2015 at 10 a.m.

**NOTICE OF MOTION AND MOTION**

To all parties and their attorneys of record:

Please take notice that on February 6, 2015, 2015 at 10 a.m. or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, Senior U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc, and Mitsubishi Electric Visual Solutions America, Inc. ("Mitsubishi Electric"); LG Electronics, Inc., LG, LG Electronics USA, Inc., and LE Electronics Taiwan Taipei Co., Ltd. ("LG"); Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd. ("Panasonic"); Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) SDN. BHD, Samsung SDI Mexico S.A. DE C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. ("SDI"); Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. ("Chunghwa"); Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips Da Amazonia Industria Electronic Ltda. ("Philips"); and Thomson SA and Thomson Consumer Electronics, Inc. ("Thomson") hereby moves this Court, pursuant to Federal Rule of Civil Procedure 56, for summary judgment in Defendants' favor against ViewSonic Corporation based upon ViewSonic's failure to provide evidence to avoid the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a ("FTAIA") bar on claims based upon foreign commerce.

This Motion is based upon this Notice and Motion, the Statement of the Issues, the accompanying Memorandum of Points and Authorities, the accompanying declarations and exhibits thereto and other materials in the record, argument of counsel and such other matters as the Court may consider.

**STATEMENT OF THE ISSUE**

Whether Defendants are entitled to summary judgment against ViewSonic Corporation because ViewSonic Corporation has brought claims under the Sherman Act based upon foreign commerce that are barred by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

STATEMENT OF UNDISPUTED FACTS .......... 2

LEGAL STANDARDS .......... 5

ARGUMENT .......... 6

I. ViewSonic's Foreign Purchases Are Barred By The FTAIA. .......... 6

A. The FTAIA Requires The Plaintiff To Prove That Its Purchases Were Domestic Commerce. .......... 6

B. ViewSonic's Foreign Purchases Do Not Meet The FTAIA Requirements. .......... 7

1. ViewSonic Cannot Meet Its Burden That Its Foreign Purchases Were "Import Trade Or Import Commerce." .......... 7

2. ViewSonic Cannot Meet The FTAIA's Domestic Effects Exception. .......... 8

a. ViewSonic Cannot Show That Its Purchases Had Direct, Substantial, and Reasonably Foreseeable Domestic Effects .......... 8

b. ViewSonic Cannot Meet Its Burden That Any Domestic Effect On Its Purchases of CRT Products "Gives Rise To" An Antitrust Claim. .......... 10

II. Defendants Are Entitled To Summary Judgment As To All Of ViewSonic's Claims, Because ViewSonic Cannot Distinguish Its Indisputably Foreign Purchases From Any Domestic Purchases It May Have Made. .......... 11

CONCLUSION .......... 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462 (3d Cir. 2011)....................6

*Celotex Corp v. Catrett*, 477 U.S. 317 (1986)....................5

*F. Hoffman-La Roche Ltd. v. Empagran, S.A.*, 542 U.S. 155 (2004) ("*Empagran I*")....................6

*Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528 (9th Cir. 2000)....................5

*Fenerjian v. Nongshim Co., Ltd.*, No. 13-cv-04115, 2014 WL 5685562 (N.D. Cal. Nov. 4, 2014)....................7

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981 (9th Cir. 2008)....................10, 11

*In re Intel Corp. Microprocessor Antitrust Litig.*, 258 F.R.D. 280 (D. Del. 2008)....................8

*In re SRAM Antitrust Litig.*, No. 07-md-01819 CW, 2010 WL 5477313 (N.D. Cal. Dec. 31, 2010) ("*SRAM*")....................9

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008)....................11

*Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395 (2d Cir. 2014)....................6

*Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012), *cert dismissed*, 134 S.Ct. 23 (U.S. 2013)....................7

*United Phosphorous, Ltd. v. Angus Chem. Co.*, 131 F. Supp. 2d 1003 (N.D. Ill. 2001)....................8

*United States v. Hui Hsiung*, 758 F.3d 1074 (9th Cir. 2014)....................6, 7, 8

**STATUTES**

15 U.S.C. § 6a....................6

15 U.S.C. §§ 6a(1), (2)....................6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) ....................................................................................................................5

iii

DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT AGAINST VIEWSONIC
Case No. 3:07-cv-05944-SC; MDL No. 1917

## INTRODUCTION

ViewSonic Corporation ("ViewSonic") brings claims under the Sherman Act against defendants based upon purchases of computer monitors that incorporate cathode ray tubes ("CRT Monitors").[1] The undisputed evidence shows that certain of these purchases do not meet the requirements of the FTAIA, which Plaintiffs have the burden of satisfying as a substantive element of their Sherman Act claim. *See* 15 U.S.C. § 6a (the Sherman Act "shall not apply to conduct involving trade or commerce (other than import trade or import commerce) with foreign nations unless . . . such conduct has a direct, substantial, and reasonably foreseeable effect" on United States markets). ViewSonic has included in its claims CRT Monitors that ViewSonic procured and purchased in Asia. CRT Monitors were shipped to [REDACTED] In addition, [REDACTED] including the United States.

That ViewSonic's claims include undisputedly foreign CRT Monitor purchases precludes ViewSonic from recovering in this case. ***First***, recovery for these foreign CRT Monitor purchases are barred by the Foreign Trade Antitrust Improvements Act ("FTAIA") because they do not constitute "import commerce" and they do not meet the "domestic effects" test, under which certain foreign purchases can be included in the claim. 15 U.S.C. § 6a. ***Second***, summary judgment should be granted because ViewSonic has not excluded foreign purchases of CRT Monitors from its claim, and ViewSonic has provided insufficient evidence upon which one

[1] Exhibit ("Ex.") 1 to the Declaration of Shaun Van Horn, dated Nov. 14, 2014 (the "Van Horn Decl."), Complaint, *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 3:14-cv-02510 (N.D. Cal. May 30, 2014). All exhibits referenced herein refer to the Van Horn Decl.

could reasonably segregate foreign purchases made by ViewSonic or ViewSonic's non-party foreign subsidiaries.[2] *In re SRAM Antitrust Litig.*, No. 07-md-01819 CW, 2010 WL 5477313, at *7 (N.D. Cal. Dec. 31, 2010) ("*SRAM*") ("Court have dismissed claims for damages to the extent based on purchases made in foreign commerce, pursuant to the FTAIA.").

**STATEMENT OF UNDISPUTED FACTS**

ViewSonic – the plaintiff in this litigation – is a U.S. company with its office in California. VSI is a non-party Taiwanese subsidiary of ViewSonic.[3] [redacted].[4] The founder, chairman and CEO of ViewSonic is a native of Taiwan and maintains his principal office in Taiwan.[5] [redacted].[6] [redacted].[7]

[redacted].[8]

The uncontested evidence shows that for certain purchases of CRT monitors, [redacted]

[2] Certain Defendants filed a motion for summary judgment against all plaintiffs on November 7, 2014, Dkt. 3008-2, which showed that plaintiffs failed to present competent damages evidence because plaintiffs' damages models made no effort to distinguish between foreign and domestic commerce under the FTAIA. This motion focuses not on the damages models relied upon by plaintiffs, but on the underlying facts upon which ViewSonic brings its Sherman Act claims. ViewSonic is, as a factual matter, unable to separate foreign purchases barred by the FTAIA from any domestic purchases it may have made.

[3] *See* Ex. 2,VIEW_CRT00041325 [redacted]).

[4] Ex. 3 at 38:6-7 (30(b)(6) Dep. Tr. 38:6-7of ViewSonic) (Bonny Cheng).

[5] Ex. 4, VIEWSONIC, http://www.viewsonic.com/us/company/executive/james-chu (last visited Nov. 14, 2014); Ex. 3 at 18:1-19:7 (30(b)(6) Dep. Tr. of ViewSonic) (Bonny Cheng).

[6] Ex. 3 at 18:1-19:7 (30(b)(6) Dep. Tr. of ViewSonic) (Bonny Cheng).

[7] Ex. 5 at 107:16-108:4 (Dep. Tr. of Rose Yang).

[8] Ex. 3 at 154:8-21 (30(b)(6) Dep. Tr. 154:8-21of ViewSonic) (Bonny Cheng).

[redacted] For example, [redacted]:

[redacted]

The same ViewSonic senior manager testified that [redacted].[10] Indeed, there is no evidence that VSI did not pay for the monitors it received in Taiwan before it then transferred the CRT Monitors from Taiwan to ViewSonic in the United States.

ViewSonic's document production contains no evidence to the contrary. Nor is there any evidence that Plaintiff ViewSonic – as opposed to its foreign affiliate VSI – paid for these CRT Monitors. [redacted][11]

The records ViewSonic produced in this litigation fail to provide any detail regarding these ViewSonic purchases because ViewSonic admits that it did not issue a litigation hold in

---

[9] Ex. 5 at 28:12-16, 29:9-15 (Dep. Tr. of Rose Yang).
[10] *Id*. 32:23-33:8.
[11] *See, e.g.*, Ex. 6 (VIEW_CRT00000002 transactional database).

this matter until 2012.[12] As a result, ViewSonic believes that it destroyed all purchase orders reflecting monitor purchases from Defendants along with other relevant documents.

ViewSonic also negotiated agreements with various CRT Monitor manufacturers, under which ViewSonic would take ownership of CRT Products in Asia before shipping the CRT Products to whatever destination ViewSonic decided. [REDACTED].[13] For example, [REDACTED].[14] [REDACTED]."[15] [REDACTED].[16]

[REDACTED]."[17] [REDACTED]

[12] *See* Ex. 7 (Panasonic Defs.' Ltr. to ViewSonic (Nov. 12, 2014)); Ex. 8 (ViewSonic Ltr. to Panasonic Defs. (Nov. 13, 2014); Ex. 9 (ViewSonic E-mail to Panasonic Defs. (Nov. 13, 2014)).

[13] Ex. 3 at 85:21-89:10, 91:4-92:2, 102:13-103:20, 258:18-25 (30(b)(6) Dep. Tr. of ViewSonic) (Bonny Cheng).

[14] Ex. 10 (VIEW_CRT00041042 (Panasonic Corp.)); Ex.11 (VIEW_CRT00041130 (LGE)); Ex. 3 at 85:21-89:10, 91:4-92:2, 102:13-103:20, 258:18-25 (30(b)(6) Dep. Tr. of ViewSonic) (Bonny Cheng). [REDACTED] *See* Ex. 12 (Expert Report of Alan Frankel (ViewSonic) June 6, 2014) (Exhibit 20b).

[15] Ex. 10 at 6, Art. 7.1 (VIEW_CRT00041042) ([REDACTED].

[16] Ex. 3 at 270:7- 271:19 (30(b)(6) Dep. Tr. of ViewSonic) (Bonny Cheng).

[17] Ex. 11 at Art. 7.1 (VIEW_CRT00041130) ([REDACTED].

[redacted].[18]

It is thus undisputed that ViewSonic's claims include some monitors originally purchased in foreign commerce by ViewSonic or its foreign affiliates. While ViewSonic may claim that *some* portion of its claimed CRT Monitor purchases were shipped directly to or paid by ViewSonic in the U.S., that assertion is wholly immaterial to this motion. As noted above, ViewSonic's witnesses admit that *other* portions of its claimed CRT Monitor purchases were paid for and received in Taiwan by the non-plaintiff, Taiwanese entity VSI. For still *other* portions of its claims, ViewSonic admits that it entered into carefully negotiated agreements with certain Defendants whereby ViewSonic or its affiliates would take title and ownership of CRT Monitors abroad before ViewSonic or its affiliates then shipped those monitors wherever they pleased.

## LEGAL STANDARDS

Summary judgment is appropriate where "there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party should be granted summary judgment where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). Under this standard, the moving party need not negate the non-moving party's claims, but need only show an absence of probative evidence to support an essential element of the non-moving party's claim in order to prevail. *Id.* at 323; *see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) ("[A] moving defendant may shift the burden

---

[18] Ex. 3 at 270:7- 271:19 (30(b)(6) Dep. Tr. of ViewSonic)(Bonny Cheng). [redacted], *see id.* at 283:3-17, [redacted] as ViewSonic failed to produce any purchase orders, *id.* at 283:18-22.

of producing evidence to the nonmoving plaintiff by 'showing'—that is, point out through argument—the absence of evidence to support plaintiff's claim.").

**ARGUMENT**

## I. ViewSonic's Foreign Purchases Are Barred By The FTAIA.

### A. The FTAIA Requires The Plaintiff To Prove That Its Purchases Were Domestic Commerce.

Pursuant to the FTAIA, the Sherman Act "shall not apply to conduct involving trade or commerce (other than import trade or import commerce) with foreign nations unless . . . such conduct has a direct, substantial, and reasonably foreseeable effect" on United States markets and "such effect gives rise to a claim" under the antitrust laws. 15 U.S.C. § 6a. The FTAIA establishes a two-step test for determining whether a defendant's foreign conduct falls within the scope of U.S. antitrust laws. First, the threshold inquiry is whether the defendant's foreign conduct involves U.S. "import trade or import commerce." If so, the conduct falls within the scope of U.S. antitrust laws. Second, the next inquiry is the "domestic effects" test. Commerce falls outside the scope of the antitrust law unless it satisfies both prongs of the FTAIA's "domestic effects" exception. To meet that exception, (1) the foreign conduct has a "direct, substantial, and reasonably foreseeable effect" on U.S. domestic or import commerce of a U.S.-based exporter; and (2) that effect "gives rise to" the plaintiff's claim. *F. Hoffman-La Roche Ltd. v. Empagran, S.A.*, 542 U.S. 155, 162 (2004) ("*Empagran I*"); 15 U.S.C. §§ 6a(1), (2).

The Ninth Circuit has recently held that the FTAIA is not jurisdictional in nature, but "provides substantive elements under the Sherman Act in cases involving nonimport trade with foreign nations." *United States v. Hui Hsiung*, 758 F.3d 1074, 1088 (9th Cir. 2014); *see also id.* at 1092 (rejecting argument that FTAIA is an "affirmative defense"); *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403-08 (2d Cir. 2014); *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462 (3d Cir. 2011). Thus, as a fundamental element of its claims,

ViewSonic bears the burden of proof to establish that all of its claims based on foreign sales of CRT Products qualify as import trade or import commerce, or qualify for the domestic effects exception.

**B. ViewSonic's Foreign Purchases Do Not Meet The FTAIA Requirements.**

**1. ViewSonic Cannot Meet Its Burden That Its Foreign Purchases Were "Import Trade Or Import Commerce."**

The classic version of import trade or import commerce is where a foreign manufacturer sells product directly to a consumer located in the United States either by direct sale or through the manufacturer's own distributor in the United States. *See, e.g.*, *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 855 (7th Cir. 2012) ("The defendant members of the cartel are all located outside the United States. Those transactions that are directly between the plaintiff purchasers and the defendant cartel members *are* the import commerce of the United States in this sector."), *cert dismissed*, 134 S. Ct. 23 (U.S. 2013); *Fenerjian v. Nongshim Co., Ltd.*, No. 13-cv-04115, 2014 WL 5685562 (N.D. Cal. Nov. 4, 2014) (finding import commerce where "Korean Defendants manufactured Korean Noodles in Korea, imported noodles into the United States, and sold them to plaintiffs in the United States."). The Ninth Circuit has recently confirmed its acceptance of the Seventh Circuit's definition of "import commerce," while declining to adopt a broader reading of "import commerce" which would apply to "defendants whose 'conduct is directed at a U.S. import market,' even if the defendants did not engage in important of products into the United States." *Hui Hsiung*, 758 F.3d at 1090 n.7.

ViewSonic's purchase of CRT Monitors in Taiwan is not import commerce because [REDACTED]. *See supra* Statement of Undisputed Facts. ViewSonic's decision to later import CRT Monitors from VSI in Taiwan does not constitute import commerce engaged in by the Defendants. Nor would such purchases qualify as import commerce under the more liberal

"targeting" definition—which the Ninth Circuit has not adopted—because ViewSonic chose to transfer the products from Taiwan to the United States.

ViewSonic's purchase of CRT Monitors [REDACTED] is not import commerce because ViewSonic, and not Defendants, made the decision to transfer the products [REDACTED].

### 2. ViewSonic Cannot Meet The FTAIA's Domestic Effects Exception.

Having established that the relevant transactions are not import commerce and thus outside the Sherman Act, it is ViewSonic's burden to satisfy *both prongs* of the FTAIA's "domestic effects" exception in order to salvage its claims. In order to meet the FTAIA's domestic effects exception, ViewSonic must show that (1) the foreign conduct had a direct, substantial, and reasonably foreseeable domestic effects and that (2) those domestic effects give rise to ViewSonic's antitrust claims. *See United Phosphorous, Ltd. v. Angus Chem. Co.*, 131 F. Supp. 2d 1003, 1014 (N.D. Ill. 2001) (noting that the domestic effects, if any, of such inputs "would obviously not be 'direct,' much less 'substantial' and 'reasonably foreseeable.'"); *In re Intel Corp. Microprocessor Antitrust Litig.*, 258 F.R.D. 280 (D. Del. 2008). ViewSonic cannot meet either element of the domestic effects test.

#### a. ViewSonic Cannot Show That Its Purchases Had Direct, Substantial, and Reasonably Foreseeable Domestic Effects.

A purchase has a "direct" effect on domestic commerce if the effect follows as an "immediate consequence" of defendants' activity; an effect on domestic commerce that depends on "uncertain intervening developments" cannot be direct by definition. *Hui Hsiung*, 758 F.3d at 1094 (quoting *Untied States v. LSL Biotechs.*, 379 F.3d 672, 680-81 (9th Cir. 2004)). In some cases, whether an effect on domestic commerce is "direct" can be a complex issue. In this case,

however, summary judgment is proper because there is no "immediate consequence" on domestic U.S. commerce that flows from foreign transactions in which VSI bought CRT Monitors in Taiwan and ViewSonic has provided no evidence from which one can even assess whether other purchases were "direct."

ViewSonic's foreign purchases did not have a direct, substantial, and reasonably foreseeable effect on the United States domestic market. An assessment of how direct the effect of a defendant CRT manufacturer's sale to ViewSonic was on the United States market requires an analysis of the intermediate steps of the sales from the manufacturer (in Asia) to ViewSonic (in California). *See, e.g., In re SRAM Antitrust Litig.*, No. 07-md-01819 CW, 2010 WL 5477313, at *7 (N.D. Cal. Dec. 31, 2010) ("*SRAM*") (rejecting plaintiffs' claim where they failed to make detailed factual showing "that Defendants produced certain types of SRAM products specifically designed to be sold to a particular manufacturer, to be incorporated into a product in turn specifically designed for the United States market, and actually sold in the United States").

ViewSonic's importation of CRT Monitors [REDACTED] fails to demonstrate a direct or reasonably foreseeable effect on the United States domestic market. ViewSonic [REDACTED] shipment of the CRT Products to Taiwan was necessarily an indirect effect of defendants' actions. Although ViewSonic cannot confirm where else the CRT Products traveled in their flow to the United States, [REDACTED] makes clear that the CRT Products came to the United States market through an indirect channel. And there is no evidence that this indirect channel to the United States was reasonably foreseeable from the Defendants' standpoint because ViewSonic had global distribution of its CRT Products and ViewSonic can offer no evidence that Defendants delivering products to ViewSonic or its affiliates in Asia were aware of where ViewSonic would next move the product. Similarly, [REDACTED] followed an indirect

path – going first to ViewSonic in Asia, possibly to ViewSonic's Taiwan subsidiary, and then eventually to the United States. For the same reasons, these purchases are indirect.

**b. ViewSonic Cannot Meet Its Burden That Any Domestic Effect On Its Purchases of CRT Products "Gives Rise To" An Antitrust Claim.**

The FTAIA's domestic effects exception also requires that the domestic effect "gives rise to" an antitrust claim. A domestic effect 'gives rise to' an antitrust claim within the meaning of the FTAIA if it proximately causes the claims; but-for causation is insufficient. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig*., 546 F.3d 981, 987 (9th Cir. 2008). The Ninth Circuit's adoption of a proximate causation test for claims brought under the domestic effects exception was based on the Supreme Court's holding that "the FTAIA's language and history suggest that Congress designed the FTAIA to clarify, perhaps to limit, but not to *expand* in any significant way, the Sherman Act's scope as applied to foreign commerce." *Id*. at 987-88. "If we were to adopt a 'but for' standard, we would indeed be expanding the Sherman Act's scope as applied to foreign commerce." *Id*. A proximate causation standard, by contrast, helps ensure that United States antitrust enforcement avoids "unreasonable interference with the sovereign authority of other nations." *Id*.

In order to establish a proximate cause of antitrust harm, ViewSonic must show that it paid higher prices for foreign purchases of CRT Products, and tht those higher prices were proximately and directly caused by higher U.S. prices induced by the alleged cartel. ViewSonic must show that illegal U.S. cartel activity was directed at their overseas purchases. For example, in *DRAM*, the Ninth Circuit held that the plaintiff failed to meet the proximate causation standard of the domestic effect standard where the plaintiff could show only that "U.S. prices might have been necessary to sustain the higher prices globally," but the plaintiff failed to show that U.S. prices proximately caused its foreign injury of higher prices abroad because "[o]ther actors or

forces may have affected the foreign prices," including that the "overall price-fixing conspiracy itself [] proximately caused the effect abroad." *Id*. at 988; *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1046-47 (9th Cir. 2008) (faulting antitrust complaint for failing to plead necessary evidentiary facts).

The higher prices that ViewSonic claims [REDACTED] and Taiwan were not proximately caused by a domestic effect of the alleged cartel on the United States market. If ViewSonic's allegations in the case at to be believed, then the cause of the higher prices ViewSonic [REDACTED] paid for CRT Monitors in foreign jurisdictions was the result of a global cartel, primarily operated in Asia. The United States market plays no role in the alleged inflated prices claimed by ViewSonic.

The claims at issue in this motion arose when ViewSonic [REDACTED]. Any subsequent effect on U.S. domestic commerce comes too late and does not "give rise to" ViewSonic's claim. If ViewSonic believes that its purchases in Asia were inflated due to a global cartel, then its recourse is to bring claims in those jurisdictions. 546 F.3d at 987 n.8 (putative cartel effects on foreign commerce should be pursued in the location of that commerce to avoid "the risk of interference with a foreign nation's ability to regulate its commercial affairs.").

## II. Defendants Are Entitled To Summary Judgment As To All Of ViewSonic's Claims, Because ViewSonic Cannot Distinguish Its Indisputably Foreign Purchases From Any Domestic Purchases It May Have Made.

ViewSonic's claims indisputably include foreign purchases that are barred by the FTAIA, for the reasons described above in Section I of this motion. To the extent that ViewSonic asserts claims for CRT Monitor purchases other than those purchases [REDACTED] ViewSonic has failed to provide

evidence that shows that such purchases were domestic within the meaning of the FTAIA. Nor has ViewSonic made any effort to segregate out any proposed domestic purchases from its foreign purchases. At the summary judgment stage, this failure of evidence disposes of the claim.

ViewSonic's production of documents in this case provides scant evidence of United States domestic purchases of CRT Products by ViewSonic. ViewSonic relies primarily upon transactional data to show its purchases. But the data upon which ViewSonic bases its claimed damages contain no information [REDACTED] [REDACTED].[19] And there are no records produced in this litigation that provide any further detail regarding these ViewSonic purchases because ViewSonic admits that it destroyed most relevant documents in the time period before it issued a litigation hold in this matter in 2012.[20]

ViewSonic admits that no purchase orders reflecting ViewSonic CRT Monitor purchases from *any* Defendant entities exist in either electronic or paper copy.[21] In the case of its claimed purchases from Panasonic Defendants, ViewSonic admits that it does not have any record of any communications reflecting ViewSonic's negotiation of CRT monitor purchases from any Panasonic entities.[22] The evidence as to purchases from other defendants is similarly nonexistent.

In fact, ViewSonic appears to have [REDACTED]

---

[19] *See, e.g.*, Ex. 6 (VIEW_CRT00000002 transactional database).

[20] *See* Ex. 7 (Panasonic Defs.' Ltr. to ViewSonic (Nov. 12, 2014)); Ex. 8 (ViewSonic Ltr. to Panasonic Defs. (Nov. 13, 2014); Ex. 9 (ViewSonic E-mail to Panasonic Defs. (Nov. 13, 2014)).

[21] *See* Ex. 7 (Panasonic Defs.' Ltr. to ViewSonic (Nov. 12, 2014)); Ex. 8 (ViewSonic Ltr. to Panasonic Defs. (Nov. 13, 2014); Ex. 9 (ViewSonic E-mail to Panasonic Defs. (Nov. 13, 2014)).

[22] *Id.*

[redacted].[23] Thus, [redacted].[24] The lack of United States purchase orders or communications reflecting dealings with Defendants in ViewSonic's production is both puzzling and conclusive. The absence of these records makes it impossible for ViewSonic to establish which purchases reflected in ViewSonic's transactional data reflect non-actionable foreign transactions. ViewSonic's failure to produce such documents further prevents any verification of the purported transactions reflected in its data.[25]

For ViewSonic's sales [redacted], ViewSonic has failed to put forth facts from which a jury could determine whether ViewSonic's sales meet the requirements of the FTAIA. ViewSonic has presented no evidence by which a party can determine which specific CRT Product purchases were import commerce. Nor could one reasonably evaluate the "direct" effect or "reasonable forseeability" of any such purchases on United States commerce because ViewSonic has not kept records related to such purchases and its witnesses cannot recall details about any specific purchase or purchasing relationship.

Given this paucity of evidence, ViewSonic cannot possibly meet its burden of proving which of its claimed purchases from Defendants may have been actionable, domestic transactions as opposed to unsustainable foreign transactions excluded from the reach of the Sherman Act by the FTAIA. The FTAIA sets out elements of any Sherman Act claim and, for the reasons above, ViewSonic cannot meet its burden to prove these elements of its claims.

---

[23] Ex. 3 (Deposition of Bonny Cheng, Ex. 7256)
[24] *Id.* (reflecting F.O.B. Taiwan).
[25] For example, during discovery against one of ViewSonic's co-plaintiffs in this litigation, [redacted] Van Horn Decl., Ex. 13 (30(b)(6) Dep. Tr. of Sharp (Vincent Sampietro) at 316:21-317:11) [redacted], Ex. 14 (SHARP-CRT-00000129; SHARP-CRT-00000140; SHARP-CRT-00000141; SHARP-CRT-00000130; SHARP-CRT-00025161; SHARP-CRT-00073859-95.).

## CONCLUSION

The Court should grant summary judgment against ViewSonic Corporation because ViewSonic claims are barred by the FTAIA.

DATED: November 14, 2014

JENNER & BLOCK LLP

By: /s/ *Terrence J. Truax*

JENNER & BLOCK LLP
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and, Mitsubishi Electric Visual Solutions America, Inc.*

MUNGER, TOLLES & OLSON LLP

By: */s/ Hojoon Hwang*

JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907

Telephone: (415) 512-4000
Facsimile: (415) 512-4077

WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc.; LG, LG Electronics USA, Inc.; and LG Electronics Taiwan Taipei Co., Ltd.*

WINSTON & STRAWN LLP

By: /s/ Jeffrey L. Kessler

JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
PVictor@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN
MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation*

*(f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: */s/ Gary L. Halling*
GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Rachel S. Brass*
JOEL S. SANDERS (SBN 107234)
jsanders@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
rbrass@gibsondunn.com
AUSTIN V. SCHWING (SBN 211696)
aschwing@gig@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, California 94105
Tel: (415) 393-8200
Fax: (415) 393-8306

*Attorneys for Defendant Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

FAEGRE BAKER DANIELS LLP

By: */s/ Kathy L. Osborn* ____________________

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Email: jeff.roberts@FaegreBD.com
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

Stephen M. Judge (*pro hac vice*)
Email: steve.judge@FaegreBd.com
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

By: /s/ John M. Taladay ____________________
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Limited, and Philips do Brasil Ltda.*