# Exhibit 8

1001 Pennsylvania Avenue, N.W., Washington, DC  20004-2595 ■ p202 624-2500 ■ f202 628-5116



Astor Henry Lloyd Heaven
(202) 624-2599
aheaven@crowell.com

November 13, 2014

**VIA E-MAIL**

Kevin B. Goldstein, Esq.
Weil, Gotshal & Manges LLP
1300 Eye Street, NW Suite 900
Washington, DC 20005

    Re:    *In re Cathode Ray Tube (CRT) Antitrust Litigation* - MDL 1917

Dear Kevin:

    I write in response to your letter of November 12, 2014 that purports to memorialize our meet-and-confer conversation of November 11.

    As I explained on the phone, we conducted a reasonable search of ViewSonic Corporation's files (including the U.S. subsidiary) and, to the extent documents were still available, we produced all responsive, non-privileged documents (both electronic and hard copy) identified as a result of that search.  ViewSonic's production included (but was not limited to) the very documents discussed during our meet-and-confer conversation – OEM Agreements, purchase orders, and other communications regarding Matsushita.[1]

    While we cannot confirm as much (because they are gone), the documents that are no longer in ViewSonic's files were likely expunged pursuant to the company's seven-year document retention policy, subject to and in accordance with the litigation hold in effect in this case.  Defendants have all of ViewSonic's responsive documents.

    Regarding the privilege log, ViewSonic intends to produce its privilege log in short order.

---

[1] ViewSonic is under no obligation to search for and produce documents stored on back-up tapes. Despite this, ViewSonic did conduct a reasonable search of back-up tapes and, to the extent responsive documents existed, produced any responsive, non-privileged documents identified as a result of that search.

Kevin B. Goldstein
November 13, 2014
Page 2

                Respectfully submitted,

                */s/ Astor H.L. Heaven*

                Astor H.L. Heaven

AHLH