SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar No. 253929
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:         ghalling@sheppardmullin.com
                    jmcginnis@sheppardmullin.com
                    mscarborough@sheppardmullin.com
                    dballard@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

*Additional counsel on signature pages*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 13-cv-05262;<br><br>*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;<br><br>*Target Corp. v. Chunghwa Picture Tubes, Ltd.,* | **DEFENDANTS' JOINT BRIEF IN SUPPORT OF PROPOSED PROVISIONAL SPECIAL VERDICT FORM** |

*et al.*, No. 11-cv-05514;

*Best Buy Co. Inc., et al. v. Hitachi Ltd., et al.*, No. 11-cv-05513;

*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Sharp Elecs. Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-01173;

*Sharp Elecs. Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-02776;

*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510

Defendants submit this brief in support of their proposed provisional special verdict form – attached to this brief as **Exhibit A** – which the Court has requested to aid its decision regarding the structure of the trial set to begin on March 9, 2015.  *See* Order Requesting Supplemental Materials, Dkt. No. 2953 (Nov. 3, 2014).

Defendants' provisional proposal is intended as a framework for the special verdict form that could be used if the Court grants Defendants' motion to fully consolidate the cases set to be tried in this District.  Of course, the content of Defendants' final proposal for a special verdict form will track forthcoming developments in advance of trial, including the Court's rulings on motions for summary judgment, issues raised and resolved in motions *in limine*, and potential pretrial settlements or stipulations, among other developments.  Depending on the final contours of the indirect purchaser case, for example, it is possible that some state-specific questions would be needed.

As the Court observes, the risk of jury confusion is an appropriate consideration when making trial structure rulings under Rule 42.  Defendants submit that their proposed provisional form demonstrates that a fully consolidated trial—involving six DAP cases and the IPP case—could be made accessible and intelligible to a well-instructed jury.  In four pages and fourteen questions, Defendants' provisional form walks the jury through key issues regarding the scope of the alleged conspiracy, injury, and damages.  The length of the form, number of questions, and nature and complexity of the issues covered, all compare favorably to special verdict forms approved in the recent *LCD* trials.  And other courts have recognized that logically organized, issue-specific special verdict forms often aid the jury in complex cases like this one, including forms far lengthier and more complex than Defendants' proposal here.  *See, e.g., Am. Prof. Testing Serv., Inc. v. Harcourt Brace Jovanovich, Inc.*, 108 F.3d 1147, 1150 (9th Cir. 1997) (approving of the jury receiving "a detailed 37-page special verdict form to guide its own deliberations" in a lawsuit alleging violations of federal antitrust laws); *Pac. W. Cable Co. v. Sacramento*, 672 F. Supp. 1322, 1326 (E.D. Cal. 1987) ("We note *en passant*, however, that in large and complex cases such as this, involving many novel legal issues, the better practice would have been to

require special verdicts…. In that way the right to a jury trial of all factual issues is preserved while the probability of a laborious and expensive retrial is reduced.").

The parties will no doubt disagree about what the ultimate form and content of the special verdict form should be. Regardless, however, the key point for trial structure purposes is that Plaintiffs' two-trial proposal—*i.e.*, consolidating the six DAP cases but leaving the IPP case to be tried later—would do virtually nothing to simplify or streamline the issues that need to be covered in the special verdict form. As Defendants' provisional form makes clear, key questions regarding the scope of the conspiracy—including products, membership, and time period—all apply equally to the DAPs and IPPs. Similarly, the jury can be asked to make findings regarding damages for both the DAPs and IPPs in a single question. Indeed, the *only* questions on Defendants' provisional form that could be eliminated if the IPPs were excised for a separate trial are Questions 8 and 13, which ask simply (for CDTs and CPTs, respectively) whether the IPPs proved injury as a result of the alleged conspiracy under the standard applicable to class action claims. And even if those two straightforward "Yes" or "No" questions were eliminated, the jury would still be asked to make similar injury findings with respect to the six DAP cases that would remain consolidated even under Plaintiffs' trial proposal. *See* Defendants' Provisional Form, Questions 7 and 12.

Defendants' provisional form also demonstrates that issues concerning claims based on indirect purchases will be part of a consolidated trial under both of the parties' trial proposals. While some of the DAPs have "withdrawn" their claims based on indirect purchases, Best Buy, Sears, and Kmart have all stated that they will maintain state law indirect claims no matter how the trial is structured. Accordingly, Plaintiffs' proposal of excising the IPP case to be tried later would not spare the jury from potentially having to make damages findings based on both direct and indirect claims in the same trial. *See* Defendants' Provisional Form, Questions 9 and 14 (asking jury to separately calculate damages to each Plaintiff).

For these reasons, Plaintiffs' request to hold two separate, full-blown trials—one for the DAPs and a later one for the IPPs—would not meaningfully decrease the risk of jury confusion, and could increase it. Plaintiffs' proposal would require the jury (or juries) to proceed through

1  two separate but closely similar special verdict forms, addressing most of the same issues at the
2  same level of complexity, but with a significant intervening delay between the two trials.  To the
3  extent Plaintiffs' proposal would involve two juries—each of which would need to be instructed
4  on essentially the same underlying law and presented with a similar special verdict form—it
5  would raise the strong possibility that the two juries could provide different or contradictory
6  answers to similar or even identically worded verdict form questions.

7  Given how many of the key issues in this case are common to both the DAPs and IPPs, it
8  makes no sense to force one or more juries to deliberate about and resolve these issues twice.  The
9  cases to be tried in this Court are most coherently presented in a single non-duplicative trial, and
10 most efficiently resolved through a single jury deliberation process, aided by a single, well-
11 organized special verdict form.

Respectfully submitted:

November 17, 2014                                By:  */s/ James L. McGinnis*

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Gary L. Halling, Cal. Bar No. 66087
James L. McGinnis, Cal. Bar No. 95788
Michael W. Scarborough, Cal. Bar No. 203524
Dylan I. Ballard, Cal. Bar No. 253929
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:    (415) 434-9100
Facsimile:     (415) 434-3947
E-mail:          ghalling@sheppardmullin.com
                     jmcginnis@sheppardmullin.com
                     mscarborough@sheppardmullin.com
                     dballard@sheppardmullin.com

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

By: */s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP
Jeffrey L. Kessler (*pro hac vice*)

-3-

A. Paul Victor (*pro hac vice*)
Aldo A. Badini Cal. Bar No. 257086
Eva W. Cole (*pro hac vice*)
Molly M. Donovan (*pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone:     (212) 294-4692
Facsimile:      (212) 294-4700
Email: jkessler@winston.com
            abadini@winston.com
            pvictor@winston.com
            ewcole@winston.com
            mmdonovan@winston.com

WEIL, GOTSHAL & MANGES LLP
Steven A. Reiss (*pro hac vice*)
David L. Yohai (*pro hac vice*)
Adam C. Hemlock (*pro hac vice*)
767 Fifth Avenue
New York, NY 10153-0119
Telephone:     (212) 310-8000
Facsimile:      (212) 310-8007
Email:  steven.reiss@weil.com
            david.yohai@weil.com
            adam.hemlock@weil.com

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*


By: */s/ John M. Taladay*
BAKER BOTTS LLP
JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
JOSEPH OSTOYICH (*pro hac vice*)
joseph.ostoyich@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
charles.malaise@bakerbotts.com
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com

BAKER BOTTS LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Ltd., and Philips do Brasil, Ltda.*


By: */s/ Michael Lacorvara*
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
Michael Lacovara (SBN 209279)
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
Email: michael.lacovara@freshfields.com


Terry Calvani (SBN 53260)
Email: terry.calvani@freshfields.com
Christine Laciak (*pro hac vice*)
Email: christine.laciak@freshfields.com
Richard Snyder (*pro hac vice*)
Email: richard.snyder@freshfields.com
700 13th Street, NW, 10th Floor
Washington, DC  20005
Telephone: (202) 777-4565
Facsimile: (202) 777-4555

*Attorneys for Beijing-Matsushita Color CRT Company, Ltd.*


By: */s/ Eliot A. Adelson*

KIRKLAND & ELLIS LLP
Eliot A. Adelson (Cal. Bar. No. 205284)
James Maxwell Cooper (Cal. Bar No. 284054)
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone:    (415) 439-1413
Facsimile:    (415) 439-1500
Email: Eadelson@kirkland.com
            Max.cooper@kirkland.com

-5-

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*


By: */s/ Lucius B. Lau*
WHITE & CASE LLP
Christopher M. Curran (*pro hac vice*)
Lucius B. Lau (*pro hac vice*)
Dana E. Foster (*pro hac vice*)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone:     (202) 626-3600
Facsimile:     (202) 639-9355
Email:  ccurran@whitecase.com
            alau@whitecase.com
            defoster@whitecase.com

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*


By: */s/ Rachel S. Brass*
GIBSON, DUNN & CRUTCHER LLP
Joel S. Sanders Cal. Bar. No. 107234
Rachel S. Brass Cal. Bar. No. 219301
Austin V. Schwing Cal. Bar. No. 211696
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933
Telephone:     (415) 393-8200
Facsimile:     (415) 393-8306
Email:  jsanders@gibsondunn.com
            rbrass@gibsondunn.com
            aschwing@gibsondunn.com

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) SDN. BHD. (as to Direct Action Plaintiffs Best Buy entities, Target, Sears, Interbond, Office Depot, CompuCom,*

*P.C. Richards, MARTA, ABC Appliance, Schultze Agency Services, and ViewSonic only)*

By: /s/ *Hojoon Hwang*
JEROME C. ROTH (State Bar No. 159483)
Jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
Hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
Miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Facsimile: (415) 512-4077

WILLIAM D. TEMKO (State Bar No. 098858)
William.temkomto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc.; LG Electronics U.S.A., Inc.; and LG Electronics Taiwan Taipei Co., Ltd.*

By: */s/ Michael T. Brody*
JENNER&BLOCK LLP
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER&BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric*

-7-

1
2
                 *Corporation, Mitsubishi Electric US, Inc.*
                 *and, Mitsubishi Electric Visual Solutions*
                 *America, Inc.*

3
4
  Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-8-
SMRH:434955069.1    DEFENDANTS' JOINT BRIEF IN SUPPORT OF PROPOSED PROVISIONAL SPECIAL VERDICT FORM