# Exhibit A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| INDIRECT PURCHASER ACTIONS | **DEFENDANTS' PROPOSED PROVISIONAL SPECIAL VERDICT FORM** |
| *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262; | |
| *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 13-cv-05262; | |
| *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686; | |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; | |
| *Best Buy Co. Inc., et al. v. Hitachi Ltd., et al.*, No. 11-cv-05513; | |
| *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502; | |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | |
| *Sharp Elecs. Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-01173; | |
| *Sharp Elecs. Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-02776; | |
| *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510 | |

WE, THE JURY, unanimously find as follows:

1.  Did Plaintiffs prove by a preponderance of the evidence the existence of a conspiracy among manufacturers of color display tubes ("CDTs") to fix the prices of CDTs?

    Yes _____          No _____

    *If you answered "yes," proceed to Question 2 below.  If you answered "no," please proceed to Question 3 below.*

2.  If your answer to Question 1 is yes, please specify below the time period during which the conspiracy existed.

    From _____   to   _____
         (Month/Day/Year)                  (Month/Day/Year)

    *Answer the next question.*

3.  Did Plaintiffs prove by a preponderance of the evidence the existence of a conspiracy among manufacturers of color picture tubes ("CPTs") to fix the prices of CPTs?

    Yes _____          No _____

    *If you answered "Yes," proceed to Question 4 below.  If you answered "No" to both Question 3 and Question 1 above, please sign this jury verdict form and return it to the U.S. Marshal.*

4.  If your answer to Question 3 is yes, please specify below the time period during which the conspiracy existed.

    From _____   to   _____
         (Month/Day/Year)                  (Month/Day/Year)

## **QUESTIONS REGARDING CDT CONSPIRACY**

*Answer these questions only if you answered "Yes" to Question 1 above.  Otherwise, proceed to Question 10 below.*

5.  Did Plaintiffs prove by a preponderance of the evidence that any of the below companies voluntarily and intentionally joined and participated in the conspiracy to fix the prices of CDTs with the purpose of furthering the goals of the conspiracy?

    [List Defendants/       Yes _____       No _____
    Alleged Conspirators]

    *If you answered "yes" next to the names of at least two companies, please proceed to Question 6.  If not, please sign this jury verdict form and return it to the U.S. Marshal.*

6.  Did any of the companies as to which you answered "Yes" in Question 5 withdraw from the CDT conspiracy, and, if so, on what date?

[List Defendants/     Yes _____     No _____     Date _____
Alleged Conspirators]

*Answer the next question.*

7.   Did any of the below Plaintiffs prove by a preponderance of the evidence that it paid higher prices than it otherwise would have paid for the purchase of CDTs, or finished products containing CDTs (*e.g.*, monitors), as a result of the conspiracy?

|   |   |   |
|---|---|---|
| Best Buy | Yes _____ | No _____ |
| Circuit City | Yes _____ | No _____ |
| Sears | Yes _____ | No _____ |
| Kmart | Yes _____ | No _____ |
| Target | Yes _____ | No _____ |
| Sharp | Yes _____ | No _____ |
| ViewSonic | Yes _____ | No _____ |

*Answer the next question.*

8.   Did the Indirect Purchaser Plaintiffs prove by a preponderance of the evidence that all or virtually all class members paid higher prices than they otherwise would have paid for the purchase of CDTs, or finished products containing CDTs (*e.g.*, monitors), as a result of the conspiracy?

Yes _____     No _____

9.   Only for the Plaintiff(s) as to which you answered "Yes" for Questions 7 or 8 above, please set forth below the dollar amount by which you find that the Plaintiff was actually overcharged for CDTs or finished products containing CDTs.

In making this calculation, do not include overcharges based on purchases involving foreign commerce unless the Plaintiff proved by a preponderance of the evidence that (1) the Plaintiff purchased a CDT in the United States that was directly imported into the United States by one or more of the conspirators; OR (2) that its injuries were proximately caused by conduct that had a direct, substantial, and reasonably foreseeable effect on trade or commerce in the United States.

|   |   |   |
|---|---|---|
| Best Buy | Direct Purchases: | $ _____ |
|  | Indirect Purchases: | $ _____ |
| Circuit City | $ _____ |  |
| Sears | Direct Purchases: | $ _____ |
|  | Indirect Purchases: | $ _____ |

-2-

Kmart                Direct Purchases:     $ _____

Indirect Purchases:   $ _____

Target               $ _____

Sharp                $ _____

ViewSonic            $ _____

Indirect Purchasers  $ _____

## QUESTIONS REGARDING CPT CONSPIRACY

*Answer these questions only if you answered "Yes" to Question 3 above. Otherwise, please sign this jury verdict form and return it to the U.S. Marshal.*

10. Did Plaintiffs prove by a preponderance of the evidence that any of the below companies voluntarily and intentionally joined and participated in the conspiracy to fix the prices of CPTs with the purpose of furthering the goals of the conspiracy?

[List Defendants/     Yes _____      No _____
Alleged Conspirators]

*If you answered "yes" next to the names of at least two companies, please proceed to Question 6. If not, please sign this jury verdict form and return it to the U.S. Marshal.*

11. Did any of the companies as to which you answered "Yes" in Question 5 withdraw from the CPT conspiracy, and, if so, on what date?

[List Defendants/     Yes _____      No _____      Date _____
Alleged Conspirators]

*Answer the next question.*

12. Did any of the below Plaintiffs prove by a preponderance of the evidence that it paid higher prices than it otherwise would have paid for the purchase of CPTs, or finished products containing CPTs (*e.g.*, televisions), as a result of the conspiracy?

Best Buy         Yes _____      No _____

Circuit City     Yes _____      No _____

Sears            Yes _____      No _____

Kmart            Yes _____      No _____

Target           Yes _____      No _____

Sharp            Yes _____      No _____

DEFENDANTS' PROPOSED PROVISIONAL SPECIAL VERDICT FORM

1    ViewSonic          Yes _____     No _____

2    *Answer the next question.*

3

13.  Did the Indirect Purchaser Plaintiffs prove by a preponderance of the evidence that all or
4    virtually all class members paid higher prices than they otherwise would have paid for the
     purchase of CPTs, or finished products containing CPTs (*e.g.*, televisions), as a result of
5    the conspiracy?

6
     Yes _____     No _____
7

8    14.  Only for the Plaintiff(s) as to which you answered "Yes" for Questions 7 or 8 above,
     please set forth below the dollar amount by which you find that the Plaintiff was actually
9    overcharged for CPTs or finished products containing CPTs.

10   In making this calculation, do not include overcharges based on purchases involving
     foreign commerce unless the Plaintiff proved by a preponderance of the evidence that (1)
11   the Plaintiff purchased a CPT in the United States that was directly imported into the
     United States by one or more of the conspirators; OR (2) that its injuries were proximately
12   caused by conduct that had a direct, substantial, and reasonably foreseeable effect on trade
     or commerce in the United States.

13
     Best Buy           Direct Purchases:    $ _____
14
                        Indirect Purchases:  $ _____
15

16   Circuit City       $ _____

17   Sears              Direct Purchases:    $ _____

18                      Indirect Purchases:  $ _____

19   Kmart              Direct Purchases:    $ _____

20                      Indirect Purchases:  $ _____

21
     Target             $ _____
22
     Sharp              $ _____
23
     ViewSonic          $ _____
24
     Indirect Purchasers $ _____
25

26

27

28

-4-

**WHEN THE JURY HAS REACHED A VERDICT, THE FOREPERSON MUST SIGN THIS VERDICT FORM AND SIGNAL THE U.S. MARSHAL THAT THE JURY IS READY TO RENDER A VERDICT.**

Date: _____   Jury Foreperson: _____

Dated:  November 17, 2014

Respectfully submitted,

By:  _____*/s/ James L. McGinnis*_____
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Gary L. Halling, Cal. Bar No. 66087
James L. McGinnis, Cal. Bar No. 95788
Michael W. Scarborough, Cal. Bar No. 203524
Dylan I. Ballard, Cal. Bar No. 253929
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:(415) 434-9100
Facsimile: (415) 434-3947
E-mail:     ghalling@sheppardmullin.com
                jmcginnis@sheppardmullin.com
                mscarborough@sheppardmullin.com
                dballard@sheppardmullin.com

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

By:  ___*/s/ Jeffrey L. Kessler*_____
WINSTON & STRAWN LLP
Jeffrey L. Kessler (pro hac vice)
A. Paul Victor (pro hac vice)
Aldo A. Badini Cal. Bar No. 257086
Eva W. Cole (pro hac vice)
Molly M. Donovan (pro hac vice)
200 Park Avenue
New York, NY 10166
Telephone:(212) 294-4692
Facsimile: (212) 294-4700
Email:  jkessler@winston.com
            abadini@winston.com
            pvictor@winston.com
            ewcole@winston.com
            mmdonovan@winston.com

SMRH:434958760.2                                   DEFENDANTS' PROPOSED PROVISIONAL SPECIAL VERDICT FORM

WEIL, GOTSHAL & MANGES LLP
Steven A. Reiss (pro hac vice)
David L. Yohai (pro hac vice)
Adam C. Hemlock (pro hac vice)
767 Fifth Avenue
New York, NY 10153-0119
Telephone:(212) 310-8000
Facsimile: (212) 310-8007
Email:   steven.reiss@weil.com
         david.yohai@weil.com
         adam.hemlock@weil.com

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

By: ____ */s/ Jon V. Swenson*
BAKER BOTTS LLP
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone:(650) 739-7500
Facsimile: (650) 739-7699
Email:      jon.swenson@bakerbotts.com

John M. Taladay (pro hac vice)
Joseph Ostoyich (pro hac vice)
Erik T. Koons (pro hac vice)
Charles M. Malaise (pro hac vice)
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone:(202) 639-7700
Facsimile: (202) 639-7890
Email:   john.taladay@bakerbotts.com
         joseph.ostoyich@bakerbotts.com
         erik.koons@bakerbotts.com
         charles.malaise@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation*

By: */s/ Michael Lacovara*
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
Michael Lacovara (SBN 209279)
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
Email: michael.lacovara@freshfields.com

Terry Calvani (SBN 53260)

-6-

Email: terry.calvani@freshfields.com
Christine Laciak (*pro hac vice*)
Email: christine.laciak@freshfields.com
Richard Snyder (*pro hac vice*)
Email: richard.snyder@freshfields.com
700 13th Street, NW, 10th Floor
Washington, DC  20005
Telephone: (202) 777-4565
Facsimile: (202) 777-4555

*Attorneys for Beijing-Matsushita Color CRT
Company, Ltd.*


By: */s/ Eliot A. Adelson*
KIRKLAND & ELLIS LLP
Eliot A. Adelson (Cal. Bar. No. 205284)
James Maxwell Cooper (Cal. Bar No. 284054)
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1413
Facsimile: (415) 439-1500
Email:    Eadelson@kirkland.com
              Max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays,
Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd.,
Hitachi America, Ltd., and Hitachi Electronic Devices
(USA), Inc.*


By: _____*/s/ Lucius B. Lau*_____
WHITE & CASE LLP
Christopher M. Curran (*pro hac vice*)
George L. Paul (*pro hac vice*)
Lucius B. Lau (*pro hac vice*)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355
Email:   ccurran@whitecase.com
              gpaul@whitecase.com
              alau@whitecase.com

*Attorneys for Defendants Toshiba Corporation, Toshiba
America, Inc., Toshiba America Information Systems,
Inc., Toshiba America Consumer Products, L.L.C., and
Toshiba America Electronic Components, Inc.*

-7-

By: ___/s/ Rachel S. Brass___
GIBSON, DUNN & CRUTCHER LLP
Rachel S. Brass Cal. Bar. No. 219301
Joel S. Sanders Cal. Bar. No. 107234
Austin V. Schwing Cal. Bar. No. 211696
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:  (415) 393-8200
Facsimile:  (415) 393-8306
Email:   rbrass@gibsondunn.com
             jsanders@gibsondunn.com
             aschwing@gibsondunn.com

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) (as to Direct Action Plaintiffs Best Buy entities, Target, Sears, Interbond, Office Depot, CompuCom, P.C. Richards, MARTA, ABC Appliance, Schultze Agency Services, and ViewSonic only)*

By: ___/s/ Hojoon Hwang___
MUNGER, TOLLES & OLSON LLP
Hojoon Hwang, Cal. Bar. No. 184950
William D. Temko, Cal. Bar. No. 98858
Laura K. Lin, Cal. Bar. No. 281542
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Facsimile:  (415) 512-4077

*Attorneys For Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.*

By: ___/s/ Kathy L. Osborn___
FAEGRE BAKER DANIELS LLP
Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Calvin L. Litsey (SBN 289659)
Faegre Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone:  (650) 324-6700
Facsimile: (650) 324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendants Thomson SA and*

-8-

*Thomson Consumer Electronics, Inc.*

By: _____*/s/ Michael T. Brody*_____
JENNER&BLOCK LLP
Terrence J. Truax (pro hac vice)
Michael T. Brody (pro hac vice)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone:  (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com
Brent Caslin (Cal. Bar. No. 198682)
JENNER&BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone:  (213) 239-5100
Facsimile:  (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric*
*Corporation, Mitsubishi Electric US, Inc., and,*
*Mitsubishi Electric Visual Solutions America, Inc.*

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

SMRH:434958760.2                      DEFENDANTS' PROPOSED PROVISIONAL SPECIAL VERDICT FORM