1  Kenneth A. Gallo (*pro hac vice*)
   Joseph J. Simons (*pro hac vice*)
2  Craig A. Benson (*pro hac vice*)
   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
3  2001 K Street, NW
   Washington, DC  20006-1047
4  Telephone:  (202) 223-7300
   Facsimile:  (202) 204-7356
5  Email: kgallo@paulweiss.com
   Email: jsimons@paulweiss.com
6  Email: cbenson@paulweiss.com

7  Stephen E. Taylor (SBN 058452)
   Jonathan A. Patchen (SBN 237346)
8  **TAYLOR & COMPANY LAW OFFICES, LLP**
   One Ferry Building, Suite 355
9  San Francisco, California 94111
   Telephone:  (415) 788-8200
10 Facsimile:  (415) 788-8208
   Email: staylor@tcolaw.com
11 Email: jpatchen@tcolaw.com

12 *Attorneys for Plaintiffs Sharp Electronics Corporation and
   Sharp Electronics Manufacturing Company of America, Inc.*

13 [Additional counsel listed on signature pages]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-5944 (SC) MDL No. 1917 |
| This Document Relates to: *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173; *Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724; *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686; | **DIRECT ACTION PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON DISCOVERY BY IMPOSING DEADLINE ON THOMSON SA'S PRODUCTION OF DOCUMENTS** DATE:  December 12, 2014 TIME:    10:00 a.m. PLACE:  Courtroom 1, 17th Floor JUDGE:  Hon. Samuel Conti |

*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Crago, et al. v. Mitsubishi Electric Corp.*, No. 14-cv-02058.

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

The Court should grant this motion to impose a completion deadline on Thomson SA's production of documents so that Plaintiffs[1] are able to review the compelled production and take depositions by the Court-ordered discovery deadline of December 22, 2014.

Thomson SA's opposition ignores the fundamental flaw in all of its arguments: This case is presently set for trial on March 9, 2015, and Thomson SA's failure to produce the documents at issue here in timely fashion threatens that trial date. Moreover, Thomson SA's opposition ignores critical pre-trial deadlines to which this discovery is directly relevant.

For example, Thomson SA fails to mention that on November 7, 2014, after Plaintiffs filed the present motion to enforce, Thomson SA filed several motions for summary judgment, including a motion arguing that there is insufficient evidence to support the fraudulent concealment exception to the statute of limitations defense. (Dkt. No. 3044.) The Court-ordered discovery is directly relevant to this summary judgment motion because it includes documents and other evidence concerning Thomson SA's communications with its competitors to conceal their antitrust conspiracy. But Plaintiffs' opposition to the summary judgment motion is due on December 23, 2014, one day after the discovery deadline of December 22. (Dkt. No. 2459.) Plaintiffs need and respectfully believe they are entitled to complete discovery from Thomson SA before the deadline to respond to Thomson SA's summary judgment motions. This deadline is followed by almost weekly deadlines in January and February 2015 for pre-trial exchanges and submissions that likewise are predicated on discovery already being complete. (*Id.*) Yet Thomson SA offers no explanation for how its proposed approach to the document production can actually be squared with the March trial date and the looming pretrial deadlines, other than that it simply will not produce all of the documents it has been ordered to produce.

None of these trial and pre-trial deadlines can come as any surprise to Thomson SA. In April 2014, Thomson SA affirmatively asked to be placed on that trial calendar. (Dkt.

---

[1] "Direct Action Plaintiffs" and "Plaintiffs" refer to all Direct Action Plaintiffs, except the Dell and CompuCom plaintiffs which have not named Thomson SA as a defendant.

No. 2550.) At that time, Plaintiffs had already requested the documents at issue here and Thomson SA knew it might be compelled to produce them if this Court, like many other U.S. courts before, also found that the French Blocking Statute on which Thomson SA relied does not shield Thomson SA from U.S. discovery obligations. Yet, instead of preparing for that eventuality, it did nothing, absolutely nothing, to be in a position to meet the pre-trial and trial schedule that it affirmatively petitioned to be a part of. Neither common sense nor the law permits this course of conduct. *See U & I Corp. v. Advanced Medical Design, Inc.*, 251 F.R.D. 667, 675 (M.D. Fla. 2008) ("At the outset of the litigation, [the responding party] had the responsibility to take affirmative steps to ensure that all sources of discoverable information were identified, searched, and reviewed so that complete and timely responses to discovery requests could be provided.").

Without any real explanation, Thomson SA advances the notion that it had no way of knowing it might have to produce the documents on a schedule that would conform to the Court's pretrial and trial deadlines. This is disingenuous. Thomson SA signed tolling agreements with the DPPs and the IPPs more than three years ago on November 4 and November 6, 2011. It was sued by the Sharp Plaintiffs in March 2013, nearly two years ago. Thomson SA refused to produce any discovery while its motion to dismiss was pending, obtained a discovery stay, and after the stay of discovery was lifted, requests seeking the documents at issue were served in April 2014, more than six months ago. Thomson SA was then placed on the March 2015 trial calendar on April 30, 2014, more than five months ago. It lost the discovery dispute in front of the Special Master on September 2, 2014, more than two months ago. During all of this time, Thomson SA did nothing to prepare for the eventuality that it would actually have to produce documents and comply with discovery orders in a manner that would allow the case to be prepared for trial in March 2015, even though it asked to be part of that trial.

Similarly misguided is the notion that Thomson SA can face a motion to compel production of documents and to extend the discovery deadline by 60 days, remain silent about the alleged fact that it cannot produce the documents within the extended discovery deadline, and then raise that argument only after the fact. If Thomson SA thought sixty days was an

insufficient time to produce the documents, it was compelled to make that argument in opposition to Plaintiffs' motions to compel and for an extension. *See Chatman v. Felker*, No. CIV S-03-2415 JAM KJM P, 2009 WL 173515, at *5 (E.D. Cal. Jan. 23, 2009), *adopted*, No. CIV S-03-2415 JAM KJM P, 2009 WL 1110590 (E.D. Cal. Apr. 24, 2009) (objections to discovery requests not raised in opposition to motion to compel are waived); *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 380 (D. Kan. 2005) (same). It is no excuse for Thomson SA to argue that Plaintiffs' motion to extend the discovery deadline by 60 days (Dkt. No. 2773) was "merely" a motion for administrative relief or "MAR." A MAR is the proper vehicle for seeking such an extension and Thomson SA had a full and fair opportunity to respond. (Dkt. No. 2782.)

Thomson SA now attempts to justify further delay, and distinguish the case law cited above, by arguing that it had no obligation to do anything whatsoever to prepare for the eventuality that the motion to compel might be granted. But Thomson SA ignores four things that it indisputably knew when Plaintiffs filed the motion. First, Thomson SA knew that it had lobbied successfully to be placed on the same trial schedule as the other Defendants. Second, Thomson SA knew that discovery was already in its late stages under that trial schedule. Third, Thomson SA knew that U.S. courts have repeatedly granted such motions to compel, recognizing that "were the [French] Blocking Statute to be applied literally, it 'would thwart much of the normal process of discovery from French nationals and of evidence located in that country.'" (Report & Recommendation at 4-5, Dkt. No. 2812) (quoted in Order re: Thomson Discovery at 8:15-19, Dkt. No. 2945.) And fourth, Thomson SA knew that Plaintiffs asked the Court for 60 days to complete the discovery subject to the motion to compel (and Thomson SA said nothing to suggest that it would need more than 60 days to comply). Plaintiffs should not be punished for Thomson SA's decision to ignore all of this knowledge and sit on its hands.

Thomson SA also tries to argue that there is nothing it can do now to expedite production because it is already going as fast as it can. Not so. First, a careful reading of Thomson SA's opposition suggests that Thomson SA has not yet even begun to actually review any documents other than the ones that they previously produced to the EC. *See* Roberts Decl. ¶¶ 4-5 (Dkt. No. 3106-1) (referring to an estimate Thomson SA has obtained for documents "it

will need to review"). Second, Thomson SA ignores that the Protective Order governing discovery in this action includes a "clawback" provision permitting any party to produce documents and then, after the production, review them and demand the return of any privileged documents. (Dkt. No. 306 at § 12.) Thus, while Thomson SA may want to review the documents for privilege before producing them, that in fact is not necessary. To be clear, Plaintiffs have no objection to Thomson SA performing such a privilege review as long as it completes the review quickly and does not delay the discovery it has been compelled to provide. But given these circumstances where Thomson SA has done nothing to prepare for the production, Thomson SA's preferences for how it might have conducted the production, had it been more diligent, are far outweighed by Plaintiffs' demonstrated need to receive the production without further delay.

Thomson SA's opposition brief is dedicated to reciting the compromises it has proposed to the DAPs since October 23, 2014, after it litigated for months and finally lost the discovery dispute in front of this Court. Essentially, Thomson SA acts as if the orders of this Court represent an opening negotiating position, rather than a real Court Order that needs to be satisfied in a timely manner. Thomson SA's proposed compromises might have been useful if they had been made *before* the Court ordered Thomson SA to produce the documents at issue and when they would have preserved the March trial date. But the reality is that the belated, proposed compromises are not workable and do not allow the parties to prepare the case for a March 2015 trial.

First, Thomson SA proposed to produce one of the four categories of documents at issue in return for Plaintiffs dropping their requests for the other three. The four categories are documents (1) related to communications or meetings between Thomson SA and competitors;[2] (2) related to the Court's general or specific jurisdiction over Thomson SA;[3] (3) related to the

---

[2] Declaration of Craig A. Benson ("Benson Decl.") at Exh. A (DAPs' First Set of Requests for Production to Thomson SA (the "Requests") Nos. 3-5).

[3] Benson Decl. at Exh. A, Requests Nos. 36-37, 46-60.

disposition of Thomson SA's CRT business;[4] and (4) that Thomson had produced to the European Commission for Competition ("EC").[5]  (Dkt. No. 2812 at 2 (paraphrasing document requests).)[6]  Thomson SA proposed to produce only the documents it previously produced to the EC, the fourth category.

The problem with this compromise proposal – other than the obvious fact that the Court already has ordered the production of all four categories – is that Plaintiffs have no basis for concluding, and Thomson SA has declined to confirm, whether and to what extent the documents Thomson SA previously produced to the EC cover the other three categories.  For example, Plaintiffs cannot tell whether the production to the EC included communications between Thomson SA and competitors relating to North America instead of the European Community.[7]  Plaintiffs asked for this information and Thomson SA refused to provide it.  (*See* Dkt. No. 2964-3 at 6-7.)  This is why Plaintiffs rejected the first proposed compromise.[8]

Second, Thomson SA proposed to concede personal jurisdiction in return for Plaintiffs foregoing any production of documents in the second category, namely documents related to the Court's general or specific jurisdiction over Thomson SA.  But Thomson SA fails

---

[4] Benson Decl. at Exh. A, Requests Nos. 33, 35.

[5] Benson Decl. at Exh. A, Request No. 42.

[6] Plaintiffs believe that Thomson SA was in fact required to produce the documents in category 4 in addition to those in categories 1-3 because the Court's Order was not limited to categories 1-3 (Dkt. No. 2945 at 1, 22), and Plaintiffs said as much to Thomson's counsel on October 28 and November 3, 2014.  (*See* Benson Decl. at Exh. 2, Dkt. No. 2964-3.)  Thomson's assertion that Plaintiffs did not meet their meet and confer obligations is baseless.  Further, this issue is moot because Thomson SA has now produced the documents in category 4 as part of its efforts to avoid production of the other three categories.

[7] As another example, Thomson SA asserts that its production of 1,700 documents from the EC production that refer to "Videocon" suggests that these are all of the existing documents related to Videocon.  By its own admission, Thomson SA has not yet searched through the available documents in France, and so this assertion appears to be at best conjecture.

[8] Thomson SA produced the documents it previously produced to the EC in tranches on November 7, 11, and 14, and has stated that this portion of the production is now complete.  Plaintiffs have been reviewing each tranche as it comes in and Plaintiffs are willing to further discuss the proposed compromise once the review is complete.  But meanwhile Thomson SA needs to be working on production of the remaining documents in case no agreement is reached.

- 5 -
DAPS' REPLY RE: MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON DISCOVERY
CASE NO. 07-5944; MDL NO. 1917

to account for the fact that many of the documents relating to jurisdiction also fall within the other categories of documents that Thomson SA has been ordered to produce. As Plaintiffs made clear on November 3, the documents requested in the second category "may show involvement by French decision makers (and others participating in anticompetitive communications) in the US business, and we have no reason to believe this topic would have been fully covered by the EC production." (Dkt. No. 2964-3 at 2.) For example, communications between Thomson SA and its U.S. subsidiary which report on meetings with competing CRT manufacturers are covered not just by Request No. 36, concerning jurisdictional discovery, but also by Request No. 3, concerning communications between competitors. Thus, while it is certainly correct that the documents solely in category 2 are unnecessary if Thomson SA concedes personal jurisdiction – a fact that Plaintiffs included in their motion to the Discovery Master, as Thomson SA now notes, and that Plaintiffs continue to fully embrace – Thomson SA cannot use this as an excuse to avoid production of documents in category 2 that also fall into one or more of the other categories.[9]

Finally, Thomson SA persists in trying to blame Plaintiffs for the situation in which it finds itself. This issue already has been litigated. The Court has already rejected Thomson SA's argument that "because DAPs have been aware of the information sought since 'sometime between 2011 and 2013,' the Court should deny them access to the information now." (Dkt. No. 2945 at 18.) The Court also found that Plaintiffs "have been extraordinarily diligent" in seeking this discovery (*id.*) and Thomson SA did not purport to explain in response to Plaintiffs' motion that it could not complete discovery in 60 days. Thomson SA should not be allowed to force Plaintiffs to prepare for trial on an incomplete factual record.[10]

---

[9] Thomson SA's opposition asserts on page 2, citing paragraph 4 of the Roberts Declaration, that it is the category 2 documents that will require the most effort and expense to review. However, the Roberts Declaration does not in fact make any connection between the remaining documents and any of categories 1-3.

[10] The situation is similar with respect to the French witnesses, represented by Thomson SA's counsel, who Thomson SA says it wants to appear for deposition but claims are unwilling to cooperate. Thomson SA now attempts to play "gotcha" by arguing that the Court issued the

- 6 -
DAPS' REPLY RE: MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON DISCOVERY
CASE NO. 07-5944; MDL NO. 1917

1  With pretrial deadlines and trial itself looming, it is long past time for Thomson SA to complete
2  its discovery.  Absent an order from the Court imposing strict deadlines, it appears Thomson SA
3  will not produce the reminder of the ordered materials until so late as to render them unusable.
4  Plaintiffs therefore ask the Court to order Thomson SA to produce the documents subject to the
5  October 23 Order within ten (10) days of the Court's decision on the present motion.

---

letters rogatory for their depositions under the Hague Convention on November 3 and Plaintiffs have not followed up. But the letters rogatory were prepared such that the Court would sign them and Plaintiffs will submit the executed letters rogatory to the appropriate authorities in France upon receipt of the signed letters from the Court.

- 7 -
DAPS' REPLY RE: MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON DISCOVERY
CASE NO. 07-5944; MDL NO. 1917

DATED:  November 17, 2014     By:  /s/ *Craig A. Benson*

                Kenneth A. Gallo (*pro hac vice*)
                Joseph J. Simons (*pro hac vice*)
                Craig A. Benson (*pro hac vice*)
                **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
                2001 K Street, NW
                Washington, DC 20006
                Telephone: (202) 223-7300
                Facsimile: (202) 223-7420
                Email: kgallo@paulweiss.com
                Email: jsimons@paulweiss.com
                Email: cbenson@paulweiss.com

                Stephen E. Taylor (SBN 058452)
                Jonathan A. Patchen (SBN 237346)
                **TAYLOR & COMPANY LAW OFFICES, LLP**
                One Ferry Building, Suite 355
                San Francisco, California 94111
                Telephone:  (415) 788-8200
                Facsimile:  (415) 788-8208
                Email: staylor@tcolaw.com
                Email: jpatchen@tcolaw.com

                *Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Co. of America*

By: /s/ *David J. Burman*

David J. Burman (pro hac vice)
Cori G. Moore (pro hac vice)
Eric J. Weiss (pro hac vice)
Nicholas H. Hesterberg (pro hac vice)
Steven D. Merriman (pro hac vice)
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: DBurman@perkinscoie.com
Email: CGMoore@perkisncoie.com
Email: EWeiss@perkinscoie.com
Email: NHesterberg@perkinscoie.com
Email: SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

*Attorneys for Plaintiff Costco Wholesale Corporation*

1
2                                By: /s/ *Philip J. Iovieno*
3
4                                William A. Isaacson
                                 **BOIES, SCHILLER & FLEXNER LLP**
5                                5301 Wisconsin Ave. NW, Suite 800
                                 Washington, D.C. 20015
6                                Telephone: (202) 237-2727
                                 Facsimile: (202) 237-6131
7                                Email: wisaacson@bsfllp.com

8                                Stuart Singer
                                 **BOIES, SCHILLER & FLEXNER LLP**
9                                401 East Las Olas Blvd., Suite 1200
                                 Fort Lauderdale, FL 33301
10                               Telephone: (954) 356-0011
                                 Facsimile: (954) 356-0022
11                               Email: ssinger@bsfllp.com
12
                                 Philip J. Iovieno
13                               Anne M. Nardacci
                                 **BOIES, SCHILLER & FLEXNER LLP**
14                               30 South Pearl Street, 11th Floor
                                 Albany, NY 12207
15                               Telephone: (518) 434-0600
                                 Facsimile: (518) 434-0665
16                               Email: piovieno@bsfllp.com
                                 Email: anardacci@bsfllp.com
17
18
                                 *Liaison Counsel for Direct Action Plaintiffs and*
19                               *Attorneys for Plaintiffs Electrograph Systems, Inc.,*
                                 *Electrograph Technologies Corp., Office Depot, Inc.,*
20                               *Interbond Corporation of America, P.C. Richard & Son*
                                 *Long Island Corporation, MARTA Cooperative of*
21                               *America, Inc., ABC Appliance, Inc., Schultze Agency*
                                 *Services LLC on behalf of Tweeter Opco, LLC and*
22                               *Tweeter Newco, LLC and Tech Data Corporation and*
                                 *Tech Data Product Management, Inc.*
23
24
25
26
27
28
                                      - 10 -
       DAPS' REPLY RE: MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON DISCOVERY
                            CASE NO. 07-5944; MDL NO. 1917

By: /s/ *Scott N. Wagner*

Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
**Bilzin Sumberg Baena Price & Axelrod LLP**
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email: rturken@bilzin.com
Email: swagner@bilzin.com
Email: mwidom@bilzin.com

*Attorneys for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

By: /s/ *David Martinez*

Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
Jill Casselman
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com
Email: jcasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
Email: eskaplan@rkmc.com
Email: kcwildfang@rkmc.com
Email: lenelson@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*

1
2                                                                            By: /s/ *Lee Godfrey*
3
4
H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: lgodfrey@sumangodfrey.com
Email: kmarks@susmangodfrey.com
Email: jross@susmangodfrey.com
Email: jcarter@susmangodfrey.com
Email: dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
Email: rblack@susmangodfrey.com
Email: jconnors@susmangodfrey.com

*Attorneys for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

- 13 -
DAPS' REPLY RE: MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON DISCOVERY
CASE NO. 07-5944; MDL NO. 1917

By: /s/ *Jason Murray*

Jason C. Murray (CA Bar No. 169806)
**CROWELL & MORING LLP**
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
Email: aheaven@crowell.com

*Attorneys for Target Corp.*

- 14 -
DAPS' REPLY RE: MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON DISCOVERY
CASE NO. 07-5944; MDL NO. 1917

|   |   |
|---|---|
| 1 |   |
| 2 | By: /s/ *Richard Arnold* |
| 3 |   |
| 4 | Richard Alan Arnold<br>William J. Blechman |
| 5 | Kevin J. Murray<br>**KENNY NACHWALTER, P.A.** |
| 6 | 201 S. Biscayne Blvd., Suite 1100<br>Miami, FL 33131 |
| 7 | Tel: 305-373-1000<br>Fax: 305-372-1861 |
| 8 | Email: rarnold@knpa.com<br>Email: wblechman@knpa.com |
| 9 | Email: kmurray@knpa.com |
| 10 |   |
| 11 | *Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.* |
| 12 |   |
| 13 | **E-FILING ATTESTATION** |
| 14 |   |
| 15 | I, Craig A. Benson, am the ECF user whose ID and password are being used to file the Direct Action Plaintiffs' Reply Memorandum in Support of their Motion to Enforce the Court's Order Re: Thomson Discovery. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing. |
| 16 |   |
| 17 |   |
| 18 |   |
| 19 | Dated: November 17, 2014                */s/ Craig A. Benson*<br>                                                    Craig A. Benson |
| 20 |   |
| 21 |   |
| 22 |   |
| 23 |   |
| 24 |   |
| 25 |   |
| 26 |   |
| 27 |   |
| 28 |   |

- 15 -
DAPS' REPLY RE: MOTION TO ENFORCE THE COURT'S ORDER RE: THOMSON DISCOVERY
CASE NO. 07-5944; MDL NO. 1917