# EXHIBIT A

1  Stephen E. Taylor (SBN 058452)
   Jonathan A. Patchen (SBN 237346)
2  **TAYLOR & COMPANY LAW OFFICES, LLP**
   One Ferry Building, Suite 355
3  San Francisco, California 94111
   Telephone:  (415) 788-8200
4  Facsimile:  (415) 788-8208
   Email: staylor@tcolaw.com
5  Email: jpatchen@tcolaw.com

6  Kenneth A. Gallo (*pro hac vice*)
   Joseph J. Simons (*pro hac vice*)
7  Craig A. Benson (*pro hac vice*)
   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
8  2001 K Street, NW
   Washington, DC  20006
9  Telephone: (202) 223-7300
   Facsimile: (202) 223-7420
10 kgallo@paulweiss.com
   jsimons@paulweiss.com
11 cbenson@paulweiss.com

12 *Attorneys for Plaintiffs Sharp Electronics Corporation*
   *and Sharp Electronics Manufacturing Company of*
13 *America, Inc.*

14 [additional counsel listed on signature page]

15              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
16                 **SAN FRANCISCO DIVISION**

17 **In re: CATHODE RAY TUBE (CRT)**          Case No. 07-cv-05944 SC
   **ANTITRUST LITIGATION**
18                                            MDL No. 1917
   This Document Relates to:
19                                            **DIRECT ACTION PLAINTIFFS'**
   *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,*   **FIRST SET OF REQUESTS FOR**
20 No. 13-cv-1173;                            **PRODUCTION OF DOCUMENTS**
                                              **TO DEFENDANT THOMSON SA**
21 *Electrograph Systems, Inc. et al. v. Technicolor SA,*
   *et al.*, No. 13-cv-05724;                 **DATE:  APRIL 14, 2014**
22
23 *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

24 *Best Buy Co., Inc., et al. v. Technicolor SA, et al.,*
   No. 13-cv-05264;
25
26 *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-
   05686;
27
   *Interbond Corporation of America v. Technicolor*
28 *SA, et al.*, No. 13-cv-05727;

                              - 1 -

1
2

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

3
4

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

5

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 31:cv-05725;

6
7

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

8
9

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262

10
11

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157.

12

13
14
15
16
17
18
19
20
21

**PROPOUNDING PARTIES:**   Direct Action Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.; Electrograph Systems, Inc. and Electrograph Technologies Corp.; Alfred H. Siegel, solely as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultz Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; and Tech Data Corporation and Tech Data Product Management, Inc.

22

**RESPONDING PARTY:**   Thomson SA

23

**SET NO.:**   ONE

24
25
26
27
28

- 2 -

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rules of this Court, the above-named Direct Action Plaintiffs request that Thomson SA produce for inspection and copying all documents and things requested herein within thirty (30) days of service in accordance with the definitions and instructions set forth below.  Production of documents and things shall be at PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP, Attn: Craig A. Benson, 2001 K St., N.W., Washington, DC 20006, or at another time and place as may be mutually agreed upon by counsel for the parties.

**I.**

**DEFINITIONS**

1.     "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2.     "Any" shall be construed to mean "any and all."

3.     The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

4.     The term "Affiliated Entity(ies)" means any entity(ies) involved in the production, pricing, marketing, distribution, and/or sale of CRTs (as those terms are defined herein) at any time during the Relevant Period (as defined herein) in which You, or any division, subdivision, business unit, parent, subsidiary, affiliate, or joint venture thereof, held any ownership interest at any time during the Relevant Period.

5.     "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face Meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

6.     "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO THOMSON SA
Case No. 13-cv-1173; MDL No. 1917

7.      The terms "Defendant" and "Defendants" mean any defendant named by a Direct Action Plaintiff in these actions and their present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on their behalf.

8.      The terms "Co-conspirator" and "Co-conspirators" mean any non-Defendant entity named by a Direct Action Plaintiff in a complaint in these actions as a member of a conspiracy and their present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on their behalf.

9.      "Document" means without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of Meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

10.     The term "Person" or "Persons" is defined to mean any natural person, corporation, or partnership, proprietorship, joint venture, or any business, legal, or government entity, organization, or association.

11.     "Electronic Data" includes, without limitation, the following:

      (a)  activity listings of electronic mail receipts and/or transmittals;

      (b)  output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar program) or bulletin board programs, operating systems, source

- 4 -

1    code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous

2    media on which they reside and regardless of whether said electronic data

3    exists in an active file, a deleted file, or file fragment;

4    (c) any and all items stored on computer memories, hard disks, floppy disks,

5    CDROM, magnetic tape, microfiche, or in any other vehicle for digital

6    data storage and/or transmittal, such as, but not limited to, a personal

7    digital assistant, e.g., Palm Pilot, R.I.M., Blackberry, or similar device,

8    and file folder tabs, and/or containers and labels appended to, or relating

9    to, any physical storage device associated with each original and/or copy

10    of all Documents requested herein.

11    12.    "Employee" means, without limitation, any current or former officer, director,

12    executive, manager, secretary, staff member, messenger, agent or other person who is or was

13    employed by a Defendant.

14    13.    "Including" is used to emphasize certain types of Documents requested and

15    should not be construed as limiting the request in any way.

16    14.    "Or" and "and" should be construed so as to require the broadest possible

17    response. If, for example, a request calls for information about "A or B" or "A and B," You

18    should produce all information about A and all information about B, as well as all information

19    about A and B collectively. In other words, "or" and "and" should be read as "and/or."

20    15.    "Relating to," "referring to," "regarding," or "with respect to" mean, without

21    limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to,

22    analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing,

23    recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or

24    in part.

25    16.    "You," "Your," or "Your Company" mean the responding Defendant, its

26    predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without

27    limitation any organization or entity which the responding Defendant manages or controls,

28

together with all present and former directors, officers, Employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

17.     The term "Thomson Consumer" refers to Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) and present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on its behalf.

18.     The term "Technologies Displays" refers to Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC) and present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on its behalf.

19.     The term "CRT(s)" means cathode ray tube(s).

20.     The term "CRT Manufacturer" means any entity that manufactures CRTs.

21.     The term "CRT Product(s)" means product(s) containing cathode ray tube(s).

22.     Unless otherwise noted, the term "Relevant Period" means the period from March 1, 1995 through December 31, 2007.

## II.

## INSTRUCTIONS

1.     Unless otherwise noted, the time period for these Document requests is the Relevant Period.  These Document requests seek all responsive Documents created or generated during the Relevant Period, as well as responsive Documents created or generated outside the Relevant Period, but which contain information concerning the Relevant Period.

2.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Document requests are continuing in nature so that if You subsequently discover or obtain possession, custody, or control of any Document covered by these requests, You shall promptly make any such Document available to plaintiffs.

3.     In producing Documents and other materials, You are to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or

materials are possessed directly by You or Your Employees, agents, parent company(ies), subsidiaries, affiliates, investigators or by Your attorneys or their Employees, agents or investigators.

4.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. All Documents shall be produced in the file folder, envelope or other container in which the Documents are kept or maintained. If for any reason the container cannot be produced, You should produce copies of all labels or other identifying marks which may be present on the container.

5.     Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document(s) custodian(s).

6.     Documents attached to one another should not be separated. If any portion of any Document is responsive to any portion of the Document requests below, then the entire Document must be produced.

7.     If a Document once existed and subsequently has been lost, destroyed or is otherwise missing, You should provide sufficient information to identify the Document and state, in writing, the details, including whether the Document:

     (a) is lost or missing;

     (b) has been destroyed and, if so, by whom at whose request;

     (c) has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or

     (d) has been otherwise disposed of.

8.     In each instance in which a Document once existed and subsequently is lost, missing, destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the Document, including, but not limited to:

     (a) the identity of the Person or entity who last possessed the Document;

     (b) the date or approximate date of the Documents disposition; and

- 7 -

(c)  the identity of all Persons who have or had knowledge of the Document's

contents.

9.      If any Document responsive to any of these requests is privileged, and the

Document or any portion of the Document requested is withheld based on a claim of privilege

pursuant to Rule 26(b )(5) of the Federal Rules of Civil Procedure, provide a statement of the

claim of privilege and any facts relied upon in support of that claim, including the following

information:

(a)  the reason for withholding the Document;

(b)  the date of such Communication;

(c)  the medium of such Communication;

(d)  the general subject matter of such Communication (such description shall

not be considered a waiver of Your claimed privilege);

(e)  the identity of any Document that was the subject of such Communication

and the present location of any such Document; and

(f)  the identity of the Persons involved in such Communication.

10.     Each Document requested herein should be produced in its entirety and without

deletion, redaction or excisions, except as qualified by Instruction 10 above, regardless of

whether You consider the entire Document or only part of it to be relevant or responsive to these

Document requests. If You have redacted any portion of a Document, stamp the word

"REDACTED" beside the redacted information on each page of the Document which You have

redacted. Any redactions to Documents produced should be identified in accordance with

Instruction 9 above.

11.     All Documents produced in paper form should be Bates numbered sequentially,

with a unique number on each page, and with a prefix identifying the party producing the

Document.

12.     Pursuant to Federal Rule of Civil Procedure 34(b)(l)(C), the responding party

must produce any electronically stored information ("ESI") in its native format. If ESI in its

native format can only be accessed by proprietary or legacy software, or is password protected,

or encrypted, the responding party must meet and confer with plaintiffs' lead counsel so the receiving party shall receive all information and software necessary to access the ESI.

## III.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1.**

Documents sufficient to show Your corporate structure or organization throughout the Relevant Period, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, Affiliated Entities, or other sub-units that were engaged during any part of the Relevant Period in the manufacture, marketing, sale or distribution of CRT in the United States, including, where applicable, the percentage of any stock or other interests owned by each entity in the chain.

**Request No. 2.**

As to each of Your divisions, subdivisions, departments, units, subsidiaries, parents, Affiliated Entities and joint ventures, Documents sufficient to identify each executive or Employee with managerial authority who had responsibilities or duties with respect to each of the following:

(a)  the manufacturing or production of CRTs;

(b)  the marketing of CRTs;

(c)  the pricing of CRTs;

(d)  the sale or distribution of CRTs;

(e)  maintaining any electronic database(s), including archives, of e-mail or other electronic Documents relating to CRTs.

**Request No. 3.**

All Documents relating to Communications regarding CRTs between or among manufacturers of CRTs, including Defendants.

DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO THOMSON SA
Case No. 13-cv-1173; MDL No. 1917

**Request No. 4.**

All Documents relating to any Communication between You (or any other Defendant or Co-conspirator) and any other manufacturer of CRTs concerning, relating to, and/or mentioning the production, marketing, pricing, distribution, inventory levels or sale of CRTs.

**Request No. 5.**

All Documents relating to any Meeting attended by You or any other Defendant or any manufacturer of CRTs during which there was any Communication concerning the production, marketing, pricing, distribution, inventory levels or sale of CRTs, including, but not limited to the notes of any such Meetings.

**Request No. 6.**

For each of Your Employees who has or had any non-clerical responsibility for recommending, reviewing, setting or approving prices, price increase announcements, bids or quotes for the sale of CRTs, or any other involvement in the marketing or sale of CRTs:

    (a)  all copies of electronic and manual diaries, calendars, appointment books, "to do" lists, day timers or appointment notes;

    (b)  all copies of trip and travel logs, records or other supporting Documents;

    (c)  all copies of expense reports or other supporting Documents;

    (d)  all copies of telephone number logs, directories, notebooks, Rolodex cards or related memoranda;

    (e)  all bills, statements, records and supporting Documents concerning long distance or cellular telephone calls;

    (f)  all Documents relating to membership in any trade association or industry group; and

    (g)  the complete personnel file for that Employee.

**Request No. 7.**

Documents sufficient to show the name and address of each trade association (including committees and subcommittees) relating to CRTs of which You or any of Your Employees are or have been a member, as well as Documents sufficient to show dates of membership and dates of participation in committees or subcommittees.

**Request No. 8.**

All Documents relating to Meetings of each trade association and each of its committees or subcommittees relating to CRTs, including all Documents relating to any such Meeting attended by You and any other CRTs manufacturer and Documents sufficient to identify individuals from Your company who attended, the dates of attendance, and the subject matters discussed.

**Request No. 9.**

All studies, analyses, Communications, presentations or other Documents that You have submitted to or received from any trade association regarding CRTs.

**Request No. 10.**

All statements, announcements, disclosures or press releases issued by You or any of Your competitors relating to CRTs.

**Request No. 11.**

All Documents and electronic data relating to Your sales of CRTs during the Relevant Period, including, but not limited to:

    (a) customer names, customer billing addresses, and customer ship-to addresses;

    (b) sales terms;

    (c) sales dates and shipment dates;

    (d) product type, class, category, description, and respective use;

    (e) sales volumes;

    (f) unit price information, gross price, and actual net prices;

(g) discounts, credits, and rebates;

(h) shipping charges and terms;

(i) any other related charges; and

(j) amounts paid, dates paid, invoice numbers, and purchase order numbers.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your business or are otherwise not available in electronic form, please produce such data in hard copy.

**Request No. 12.**

All software instructions, programs, manuals, or other Documents necessary to operate, run or understand any of the programs maintained on the computer-related equipment or system utilized by You to maintain, gain access to or read data produced in response to Request No. 11, including all record layouts, field codes, or other descriptions.

**Request No. 13.**

All Documents relating to policies, methods, formulas or factors to be used in determining, computing or quoting prices, including any rebates or discounts, in connection with the sale of CRTs.

**Request No. 14.**

All Documents relating to any published prices for CRTs during the Relevant Period, including price announcements, price lists, price schedules, or price changes communicated to customers in the United States, Mexico, and Canada.

**Request No. 15.**

All Documents relating to contracts, offers or proposals for CRT sales during the Relevant Period.

**Request No. 16.**

Documents sufficient to identify each of Your facilities that produced CRTs during the Relevant Period, and for each such facility, all Documents relating to:

> (a) capacity, rated capacity, production and capacity utilization during each year of the Relevant Period;
>
> (b) any proposed or actual change in the capacity to produce CRTs;
>
> (c) any reason for changes in each facility's actual production of CRTs;
>
> (d) the identity of all persons who had decision-making or supervisory responsibility regarding CRTs production;
>
> (e) each type, class, category and respective use of CRTs produced and the amounts of each produced during each month of the Relevant Period;
>
> (f) any production shutdowns or slowdowns of CRTs production and reasons for such shutdowns or slowdowns; and
>
> (g) any projected production forecasts;
>
> (h) any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRTs.

**Request No. 17.**

All Documents relating to the cost of manufacturing, marketing, selling, and distributing CRTs during the Relevant Period.

**Request No. 18.**

Documents sufficient to show Your inventory levels of CRTs for each month, quarter, calendar year or fiscal year during the Relevant Period.

**Request No. 19.**

Documents sufficient to identify and quantify all swaps, trades, sales, purchases or transfers of CRTs between You and any of Your Affiliated Entities, or between You and any other producer of CRTs, and the price or any other consideration involved in every such sale, swap, trade, purchase or transfer.

**Request No. 20.**

All Documents relating to any relationship between prices for CRTs and any costs of producing, marketing, selling, or distributing CRTs during the Relevant Period.

**Request No. 21.**

All of Your internal and public annual, quarterly and monthly financial statements, summaries or analyses, including profit-and-loss statements and comparisons to budget that relate to CRTs.

**Request No. 22.**

All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to CRTs.

**Request No. 23.**

Documents sufficient to identify the CRTs (by manufacturer, type, size, resolution, brightness, contrast ratio, and viewing angle) that each of the following entities installed in each of its CRT Products (by model number and timeframe (e.g., year, quarter, week, or month)) during the Relevant Period:

        (a) You;

        (b) Thomson Consumer;

        (c) Technologies Displays;

        (d) Videocon Industries, Ltd.;

        (e) Any other Affiliated Entity of You or (b)-(d) above.

**Request No. 24.**

Documents sufficient to show any and all manufacturers and sizes of CRTs that each of the following entities approved or preapproved for purchase and use in CRT Products at any given time during the Relevant Period, including, but not limited to, any "approved CRT" lists or similar documents identifying the part number, product number, manufacturer, type, size,

resolution, brightness, contrast ratio, and/or viewing angle of each CRT approved for purchase and use:

        (a) Thomson Consumer;

        (b) Technologies Displays;

        (c) Videocon Industries, Ltd.;

        (d) Any other Affiliated Entity of You or (a)-(c) above.

        If any of the listed entities had different lists of approved CRT Manufacturers for a given CRT size, end product type, model, or brand, identify the approved CRT Manufacturer(s) at the finest product granularity at which such approvals were established.

**Request No. 25.**

        Documents sufficient to identify all of the CRT Products by model number and year (or month or other time period if not consistent for the year) in which each of the following entities exclusively used and installed CRTs manufactured by a Defendant or Co-conspirator in this litigation during the Relevant Period:

        (a) Thomson Consumer;

        (b) Technologies Displays;

        (c) Videocon Industries, Ltd.;

        (d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 26.**

        All Documents relating to Your policies or practices directed toward compliance with the United States antitrust laws, including any statements signed by Your Employees with pricing, sales or marketing responsibility for CRTs, acknowledging their receipt of and compliance with any antitrust compliance policy.

**Request No. 27.**

All Documents relating to the termination, retirement, discipline, discharge or suspension of any director, officer, or Employee who had any responsibility relating to the production, manufacture, distribution, marketing, pricing or sale of CRTs.

**Request No. 28.**

All Documents relating to Your percentage or share of industry production, capacity, sales or shipments of CRTs, or the percentage or share of industry production, capacity, sales or shipments of any other producer or seller of CRTs at any time during the Relevant Period.

**Request No. 29.**

All Documents showing the dollar volume or quantity of sales or shipments of CRTs (by type or category, if available) by You or by other producers or sellers of CRTs by month, quarter, calendar year or fiscal year during the Relevant Period.

**Request No. 30.**

All Documents that compare or contrast each type, class, or category of CRTs produced or sold by You with that of any other producer or seller of CRTs and all Documents that relate to any industry standards regarding types, classes, or categories of CRTs.

**Request No. 31.**

Documents sufficient to show the regions or territories in which each type, class, or category of CRTs were sold in the United States during the Relevant Period.

**Request No. 32.**

All Documents relating to conditions of supply or demand for CRTs, including, but not limited to, any market studies or industry reports during the Relevant Period.

**Request No. 33.**

DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO THOMSON SA
Case No. 13-cv-1173; MDL No. 1917

All Documents relating to any contemplated, proposed, planned, pending or executed purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any other change in ownership of any assets, liabilities, subsidiaries, departments, units or other subdivisions of Your or another company relating to production, distribution, marketing, pricing, sale or resale of CRTs during the Relevant Period.

**Request No. 34.**

Documents sufficient to show which Employees or members of Your Board of Directors served as a director and/or officer of Videocon Industries, Ltd. or any of its subsidiaries during the Relevant Period.

**Request No. 35.**

Documents relating to Your investment in Videocon Industries, Ltd. during the Relevant Period, including Communications with Videocon Industries, Ltd., financial statements, financial forecasts, and business plans.

**Request No. 36.**

All Documents reflecting Communications between You and any of the following entities:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above;

relating to or reflecting the price or negotiation of prices for any such sale, purchase, or transfer of any CRTs.

**Request No. 37.**

All documents from the Relevant Period relating to or reflecting pricing guidelines for CRTs given to or provided by You by or to any of the following entities:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 38.**

All Documents referring to or relating to Direct Action Plaintiffs in this litigation.

**Request No. 39.**

Documents sufficient to show when You became aware of any investigations into anticompetitive conduct relating to CRTs, including, but not limited to, price fixing or information exchanges.

**Request No. 40.**

Documents sufficient to show when You became aware of any federal or state lawsuits regarding anticompetitive conduct relating to CRTs (including, but not limited to, price fixing or information exchanges).

**Request No. 41.**

All Documents that You claim would have been available to the Direct Action Plaintiffs or any purchaser of CRTs prior to November 2007, which should have caused them to investigate whether there was a conspiracy to fix, raise, maintain or stabilize the prices or to control or restrict sales of CRTs in the United States.

**Request No. 42.**

All Documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative investigative body, including the Canadian Competition Bureau, the European Commission, any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign country, relating to the production, sale, marketing, pricing or distribution of CRTs. This request includes all Documents relating to proffers, transcripts, notes, summaries,

testimony, witness statements, or responses to requests for information that You produced to any foreign governmental agency or foreign grand jury, including any Documents produced as part of any plea bargain negotiations or in connection with any application for or grant of amnesty.

**Request No. 43.**

Copies of all subpoenas or requests for production of Documents issued by any foreign governmental or legislative investigative body referring or relating to CRTs during the Relevant Period.

**Request No. 44.**

All Documents relating to, prepared for, submitted to, or received by You as a result of any investigation or research conducted either internally or by an outside entity with respect to price fixing, anticompetitive information exchanges, price manipulation or manipulation of production or capacity of CRTs.

**Request No. 45.**

Documents sufficient to show the specifications (i.e., size, type, resolution, brightness, contrast ratio, viewing angle, and manufacturer) of each CRT purchased by each of the following entities during the Relevant Period:

(a)  You;

(b)  Thomson Consumer;

(c)  Technologies Displays;

(d)  Videocon Industries, Ltd.;

(e)  Any other Affiliated Entity of (a)-(d) above.

**Request No. 46.**

All Communications from the Relevant Period between You and any of the following entities relating to pricing, production levels, output, or line capacity for CRTs made, produced, or manufactured, in whole or in part, by any of the following entities:

(a)  Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 47.**

Documents sufficient to show any of Your Employees during the Relevant Period who became or were at any other point of the Relevant Period employees of:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 48.**

All documents from the Relevant Period which relate to or reflect the payment of the salary, retirement benefits, health insurance, medical bills, or any other monetary benefits by You to any Employee of any of the following entities:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 49.**

All documents from the Relevant Period which relate to or reflect the payment of any business expenses of any of the following entities by You:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 50.**

        All documents from the Relevant Period which relate to or reflect payment or authorization for payment of any travel expenses by You for any Employee of any of the following entities:

        (a)  Thomson Consumer;

        (b)  Technologies Displays;

        (c)  Videocon Industries, Ltd.;

        (d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 51.**

        All documents from the Relevant Period which relate to or reflect the transfer of money between You and any of the following entities:

        (a)  Thomson Consumer;

        (b)  Technologies Displays;

        (c)  Videocon Industries, Ltd.;

        (d)  All other Affiliated Entity of You or (a)-(c) above.

**Request No. 52.**

        All documents from the Relevant Period which relate to or reflect the extension of credit between You and any of the following entities:

        (a)  Thomson Consumer;

        (b)  Technologies Displays;

        (c)  Videocon Industries, Ltd.;

        (d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 53.**

        All budgets, draft budgets, financial forecasts, and business plans from the Relevant Period provided to You by any of the following entities:

        (a)  Thomson Consumer;

        (b)  Technologies Displays;

- 21 -

(c)  Videocon Industries, Ltd.;

(d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 54.**

All documents reflecting or referring to any financial, economic, accounting, or production analyses that You conducted relating to any of the following entities:

(a)  Thomson Consumer;

(b)  Technologies Displays;

(c)  Videocon Industries, Ltd.;

(d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 55.**

All documents reflecting or referring to any contract or agreement, either executed or proposed, between You and any of the following entities, including, but not limited to, shared services agreements, transition services agreements, agreements to provide information technology services, and agreements concerning the sale of any products:

(a)  Thomson Consumer;

(b)  Technologies Displays;

(c)  Videocon Industries, Ltd.;

(d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 56.**

All Communications between You and any governmental agency or representative (of any locality, county, state, country, or continent) relating to any of the following entities:

(a)  Thomson Consumer;

(b)  Technologies Displays;

(c)  Videocon Industries, Ltd.;

(d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 57.**

Documents sufficient to show any instance in which You brought any legal action or proceeding against any of the following entities:

(a)  Thomson Consumer;

(b)  Technologies Displays;

(c)  Videocon Industries, Ltd.;

(d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 58.**

Documents sufficient to show any instance in which any Affiliated Entity brought any legal action or proceeding against any of the following entities:

(a)  You;

(b)  Thomson Consumer;

(c)  Technologies Displays;

(d)  Videocon Industries, Ltd.;

(e)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 59.**

Documents sufficient to show any instance in which Thomson Consumer or Videocon Industries, Ltd. brought any legal action or proceeding against You or any Affiliated Entity.

**Request No. 60.**

Documents sufficient to identify all legal proceedings, court filings, or filings with a governmental agency of any locality, county, state, country, or continent) wherein any You, Thomson Consumer, Technologies Displays, Videocon Industries, Ltd., or any other Affiliated Entity claimed protection from antitrust liability pursuant to *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984), its progeny, or its state law counterparts.

**Request No. 61.**

Documents sufficient to show the source (whether a CRT Manufacturer or CRT Product Manufacturer) of the CRTs each of the following entities purchased at any given time during the Relevant Period, including, but not limited to, invoices, inventory data, and contracts for bulk purchases of CRTs:

(a)  Thomson Consumer;

(b)  Technologies Displays;

(c)  Videocon Industries, Ltd.;

(d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 62.**

Documents sufficient to describe Your policies or practices with respect to the retention or destruction of Documents during the period March 1, 1995 through the present, and, if such policy or practice has been different with respect to any category of Documents or over different times, Documents sufficient to identify each such category or time period and to describe Your retention policy or practice with respect to each such category or time period.

**Request No. 63.**

Documents sufficient to show the manner in which You have maintained records relating to CRTs during the period March 1, 1995 through the present, including Documents sufficient to describe all electronic data processing systems, programs and outputs used to record, store, compute, analyze or retrieve electronically stored information relating to Your pricing, production, distribution, marketing or sale of CRTs in the United States.

**Request No. 64.**

All Documents related to Your rental, lease, purchase, maintenance, or ownership of offices or manufacturing facilities in the United States during the Relevant Period that were related to the manufacture or sale of CRTs or CRT Products.

**Request No. 65.**

Documents sufficient to show which Employees or members of Your Board of Directors simultaneously served as a director and/or officer of any company related to the manufacture or sale of CRTs that was incorporated in the United States during the Relevant Period.

**Request No. 66.**

Documents sufficient to show all Your Employees related to the manufacture or sale of CRTs based in the United States during the Relevant Period.  For each relevant employee, provide:

      (a)  The dates of hiring and termination;

      (b)  Title(s) held;

      (c)  Location(s) of employment.

DATED:  April 14, 2014   By: */s/ Craig Benson*

        Kenneth A. Gallo (*pro hac vice*)
        Joseph J. Simons (*pro hac vice*)
        Craig A. Benson (*pro hac vice*)
        **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
        2001 K Street, NW
        Washington, DC  20006
        Telephone: (202) 223-7300
        Facsimile: (202) 223-7420
        kgallo@paulweiss.com
        jsimons@paulweiss.com
        cbenson@paulweiss.com

        Stephen E. Taylor (SBN 058452)
        Jonathan A. Patchen (SBN 237346)
        **TAYLOR & COMPANY LAW OFFICES, LLP**
        One Ferry Building, Suite 355
        San Francisco, California 94111
        Telephone:  (415) 788-8200
        Facsimile:  (415) 788-8208
        Email: staylor@tcolaw.com
        Email: jpatchen@tcolaw.com

        *Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

        */s/  David Burman*
        David J. Burman (pro hac vice)
        Cori G. Moore (pro hac vice)
        Eric J. Weiss (pro hac vice)
        Nicholas H. Hesterberg (pro hac vice)
        Steven D. Merriman (pro hac vice)
        Perkins Coie LLP
        1201 Third Avenue, Suite 4900
        Seattle, WA 98101-3099
        Telephone: 206.359.8000
        Facsimile: 206.359.9000
        Email: DBurman@perkinscoie.com
        Email: CGMoore@perkisncoie.com
        Email: EWeiss@perkinscoie.com
        Email: NHesterberg@perkinscoie.com
        Email: SMerriman@perkinscoie.com

        Joren Bass, Bar No. 208143
        JBass@perkinscoie.com
        Perkins Coie LLP

- 26 -

Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

*Attorneys for Plaintiff Costco Wholesale Corporation*

*/s/ Philip J. Iovieno*_____

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and*
*Attorneys for Plaintiffs Electrograph Systems, Inc.,*
*Electrograph Technologies, Corp., Office Depot, Inc.,*
*Interbond Corporation of America, P.C. Richard &*
*Son Long Island Corporation, MARTA Cooperative of*
*America, Inc., ABC Appliance, Inc., Schultze Agency*
*Services LLC on behalf of Tweeter Opco, LLC and*
*Tweeter Newco, LLC*

*/s/ Scott N. Wagner*_____

Robert W. Turken
Scott N. Wagner

- 27 -

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email: rturken@bilzin.com
Email: swagner@bilzin.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Attorneys for Plaintiffs Tech Data Corporation and*
*Tech Data Product Management, Inc.*

*/s/ David Martinez*
Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy*

- 28 -

*Purchasing LLC, Best Buy Enterprise Services, Inc.,*
*Best Buy Stores, L.P., Bestbuy.com, L.L.C., and*
*Magnolia Hi-Fi, Inc.*

*/s/ Lee Godfrey*
H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: lgodfrey@sumangodfrey.com
Email: kmarks@susmangodfrey.com
Email: jross@susmangodfrey.com
Email: jcarter@susmangodfrey.com
Email: dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
Email: rblack@susmangodfrey.com
Email: jconnors@susmangodfrey.com

*Attorneys for Plaintiff Alfred H. Siegel, as Trustee of*
*the Circuit City Stores, Inc. Liquidating Trust*

*/s/ Jason Murray*
Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.

- 29 -

1

Washington, D.C. 20004
Telephone: 202-624-2500

2

Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com

3

aheaven@crowell.com

4

*Attorneys for Target Corp.*

5

*/s/ Richard Arnold*_____

6

Richard Alan Arnold
William J. Blechman

7

Kevin J. Murray

8

KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100

9

Miami, FL 33131
Tel: 305-373-1000

10

Fax: 305-372-1861
Email: rarnold@knpa.com

11

Email: wblechman@knpa.com
Email: kmurray@knpa.com

12

13

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO THOMSON SA
Case No. 13-cv-1173; MDL No. 1917