MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM IN SUPPORT OF PROPOSED SPECIAL VERDICT FORM** |
| | The Honorable Samuel Conti |

Pursuant to the Court's November 3, 2014 Order Requesting Supplemental Materials (Dkt. No. 2953), the Indirect Purchaser Plaintiffs ("IPPs"), through undersigned counsel, hereby respectfully submit this Memorandum in support of their Proposed Special Verdict Form. The IPPs have proposed a workable roadmap to assist the jury in analyzing and resolving the IPP's state-law damage claims. The IPPs' proposed verdict form presents an entirely different approach from that of the Direct Action Plaintiffs ("DAPs"). The stark differences between the IPPs' and DAPs' proposed verdict forms further support their request for separate trials.

At trial, the jury will address IPPs' antitrust and unfair trade practices claims for damages under twenty-one state antitrust statutes and one state unfair trade practices statute. The IPPs' proposed special verdict form sets forth each separate state-law damages claim and asks the jury to make specific findings as to each state on liability and damages.

IPPs' questions to the jury fall into two parts. Questions Nos. 1 through 6 ask the jury to make findings on the antitrust claims of each state that has a private right of action on behalf of indirect purchasers, and to quantify the injury for each state. Questions Nos. 7 through 11 ask the jury to make findings on the claim under the Florida unfair trade practices statute and to quantify the injury for that state. A separate jury finding on the issue of fraudulent concealment in Questions No. 3 and 9 will affect the damage period for each state for which the class plaintiffs have proven an antitrust or unfair trade practices claim. State law on the statute of limitations and fraudulent concealment will apply to these questions, and the law differs from federal law and differs in some respects from state to state.

Further, Hawaii, Nebraska and Nevada have shorter damage periods than the other states because those states didn't enact their Illinois Brick repealer statutes giving indirect purchasers a private right of action until June 25, 2002, July 20, 2002 and February 4, 1999, respectively. The Court ruled that IPPs cannot bring claims based on purchases prior to the enactment of these states' repealer statutes.[1] Accordingly, the damage period for these states runs from the date their repealer statutes were enacted until November 25, 2007. For all other states, the damage period is from March 1, 1995 through November 25, 2007.

In addition, the antitrust acts of Arizona and Michigan require a finding by the trier of fact

that defendants' violation is "flagrant" in order for the court to treble the damage award. Question No. 12 addresses that question. *See* Ariz. Rev. Stat. Ann. §§44-1408(b); Mich. Comp. Laws Ann. §445.778. The IPP jury verdict form is modeled after that proposed to Judge Illston for the IPP *LCDs* class action trial that did not go forward because all defendants settled shortly before the trial date.

In contrast to IPPs' necessary network of questions on behalf of 22 state-law classes, the DAPs seek damages under a single Sherman Act claim and Best Buy's Minnesota state-law claim. The differences between the two forms are stark. These different verdict forms underscore the reasons why the Court should order separate trials for the IPPs and the DAPs.

First, the claims differ dramatically: The DAPs seek recovery under the federal antitrust laws (and Minnesota law for Best Buy), while the IPPs seek recovery under twenty-two different state antitrust and unfair trade practices statutes.

Second, the issues are dramatically different. The IPPs' claims require the jury to assess the overcharge rates and aggregate sales to all direct purchasers, then determine pass-through rates and finally assess damages for the twenty-two different states. The DAPs, on the other hand, also start off with an assessment of overcharge rates to direct purchasers, but their assessment differs from the IPPs' assessment of the overcharge rate, and they do not require the jury to assess aggregate sales or damages for all direct purchasers. They only seek damages for their particular firms, and have no interest in downstream pass-through rates or in allocating damages among the several states.

These different claims and relevant issues drive the significant differences in the jury verdict forms. The potential for jury distraction and confusion is manifest.

Unless the trials are separated, the jury in a consolidated trial will be required to sit through extensive liability and damages evidence about the IPPs' claims that is irrelevant and prejudicial to the DAPs' claims. Conversely, the jury will also have to sit through extensive liability and damages evidence relevant to DAPs, but wholly irrelevant to the IPPs. The jury will then be confronted with either separate verdict forms or a combined verdict form that will be an overwhelming challenge for them. The potential for confusion is obvious and the prejudice to all

parties would be very great.  Further, the jury would have to contend with and distinguish the different damages approaches and evidence between the two plaintiff groups, without the benefit of understanding the policy reasons and legal rationale behind the legal standards that took decades of jurisprudence to develop.  It is simply impracticable to require a lay jury to compartmentalize the different causes of action.  The risk of prejudice to both plaintiff groups is manifest.

For the foregoing reasons, the IPPs respectfully renew their request that the Court order separate trials for the IPP and DAP cases.

Dated:  November 17, 2014

*/s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
**TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP**
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel*
*For the Indirect Purchaser Plaintiffs*