DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: adam.hemlock@weil.com

BAMBO OBARO (267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: bambo.obaro@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400
E-mail: jkessler@winston.com

*Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd.,* No. 14-cv-02510 | MDL No. 1917<br>Master No. 3:07-cv-05944-SC<br><br>**DECLARATION OF ADAM C. HEMLOCK IN SUPPORT OF THE MITSUBISHI ELECTRIC DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-5(d)**<br><br>**[re Panasonic Documents in Dkt. No. 3107]** |

1    I, Adam C. Hemlock, hereby declare as follows:

2    1. I am an attorney with Weil, Gotshal & Manges LLP, counsel for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (No. 07-cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

3. On November 14, 2014 Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc. (collectively, "Mitsubishi Electric") filed an Administrative Motion to Seal (Dkt. No. 3107), and filed conditionally under seal, pursuant to Civil Local Rule 7-11, the following documents:

   a. Portions of Defendants' Joint Motion For Summary Judgment Against ViewSonic Corporation Based Upon Failure To Provide Evidence To Avoid FTAIA Bar On Foreign Commerce ("FTAIA Summary Judgment Motion"); and

   b. Certain exhibits to the Declaration of Shaun M. Van Horn in Support of the FTAIA Summary Judgment Motion (the "Van Horn Declaration").

4. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal Exhibit 12 to the Van Horn Declaration.

5. Exhibit 12 to the Van Horn Declaration is the Expert Report of Alan S. Frankel, Ph.D., dated June 6, 2014, designated by Plaintiff ViewSonic Corporation as "Highly Confidential." Exhibit 12 references documents and excerpts designated by the Panasonic Defendants as "Confidential."

6. Upon information and belief, the document appearing in Exhibit 12 to the Van Horn Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly

ADAM C. HEMLOCK DECL. ISO MITSUBISHI                          MDL No. 1917
ELECTRIC'S ADMIN. MOT. TO SEAL                                Master No. 3:07-cv-05944 SC

sensitive business information about the Panasonic Defendants' internal business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

7. I understand that the Panasonic Defendants consider any statements in the FTAIA Summary Judgment Motion purporting to summarize Exhibit 12 or any other documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibit 12 to the Van Horn Declaration and referenced in the FTAIA Summary Judgment Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 18, 2014 at Osaka, Japan.

By:   */s/ Adam C. Hemlock*
      ADAM C. HEMLOCK