Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 204-7356
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-1173. | Case No. 07-cv-5944 (SC)<br><br>MDL No. 1917<br><br>**SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION FOR CASE MANAGEMENT CONFERENCE; DECLARATION OF KENNETH A. GALLO IN SUPPORT THEREOF**<br><br>Honorable Samuel Conti |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

  PLEASE TAKE NOTICE that Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. will and hereby do move the Court pursuant to Civil Local Rules 7-11 and 16-10(c) to schedule a subsequent conference to discuss case management issues associated with the pending motion for final approval of the Direct Purchaser Plaintiffs' class settlement with the Hitachi defendants and Samsung SDI defendants.

  This motion is based upon the present Notice of Motion and Motion, the Memorandum of Points and Authorities and the declaration of Kenneth A. Gallo in support thereof, which are incorporated in this paper below, and such other materials and information that the Court may properly consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs, Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. ("Sharp"), respectfully move the Court to set a conference to discuss case management issues relating to the pending motion for final approval of the Direct Purchaser Class Plaintiffs' settlement with defendants Hitachi, Ltd. and affiliates ("Hitachi")[1] and Samsung Display, Inc. and affiliates ("SDI")[2] ("the class settlement"). (MDL Dkt. No. 2728.) Difficult issues related to the potential approval of that class settlement may work against the interests of the Direct Purchaser Class members, while creating complicated procedural problems and serious inefficiencies for the Court, Sharp, and the other parties involved in the ongoing litigation being prosecuted by the Direct Purchaser Class Plaintiffs and the Direct Action Plaintiffs ("DAPs"). Sharp respectfully submits that a status conference may permit the Court and the parties to resolve these issues in the most efficient manner, promote the interests of the Direct Purchaser Class members, and minimize any disruption to current trials set for March 9, 2015.

As the Court is aware, Sharp's request to enlarge time to opt out of the class settlement was denied in orders dated August 20, 2014 (MDL Dkt. No. 2746) and September 8, 2014 (MDL Dkt. No. 2814). Sharp attempted to seek expedited appellate review of those orders under the collateral order doctrine, but on November 17, 2014, the Ninth Circuit Court of Appeals concluded it lacked jurisdiction over such appeal. This means that Sharp's right of appeal will not arise until after an order is issued approving the class settlement. If the Court were to issue an order approving the class settlement, Sharp would intend to seek appellate review of the final judgment.

Sharp is mindful that appealing a final judgment entered in connection with an approval of the class settlement may result in inefficiencies, which Sharp had tried to avoid by

---

[1] "Hitachi" refers collectively to Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Electronic Devices (USA), Inc., and Hitachi Displays, Ltd. (n/k/a Japan Display Inc.).

[2] "SDI" refers collectively to Samsung SDI Co. Ltd. (f/k/a Samsung Display Devices Co., Ltd.); Samsung SDI America, Inc.; Samsung SDI Brasil, Ltd.; Tianjin Samsung SDI Co., Ltd.; Samsung Shenzhen SDI Co., Ltd.; SDI Malaysia Sdn. Bhd.; and SDI Mexico S.A. de C.V.

seeking an expedited appeal of the Court's prior order. First, the pendency of such an appeal—which is likely to last a year or more—may delay distribution of settlement funds to the Direct Purchaser Class members while the fairness of the class settlement is litigated.[3] Sharp, on the other hand, has a great deal at stake and a good-faith basis for contesting the fairness of the settlement. For example, counsel for the Direct Purchaser Class has stated in a sworn declaration that it did not represent the interests of Sharp, a significant class member, when negotiating the settlement. (MDL Dkt. No. 2715-1 at ¶ 8.) Unfortunately, the mere pendency of an appeal by Sharp is likely to prevent distribution of funds to class members for an extended period of time. That does not benefit anyone.

Second, at the fairness hearing on the class settlement, the Court expressed some concerns about the sufficiency of the anticipated disclosure of the amount of the attorneys' fees to be deducted from Direct Purchaser Class members' recoveries. (MDL Dkt. No. 2759, Hr'g Trans. at 24.) It was unclear, at least to Sharp, exactly how the Court intends to address those concerns. What is clear is that "fee notice plays an important role in class members' capacity to evaluate the fairness of the settlement itself." William B. Rubenstein, *Newberg on Class Actions*, § 8:22 (5th ed.) (stating that a proper fee notice "*should* accompany settlement notice").

Third, the DAPs are scheduled to go to trial on March 9, 2015 against several defendants. At the moment, with the class settlement pending, it is not clear whether Sharp will be proceeding against Hitachi and SDI at that trial, but Hitachi and SDI are currently scheduled to be defendants in that trial vis-à-vis other plaintiffs. If the Court declines to approve the settlement, then SDI and Hitachi could be defendants in the March trial with Sharp. If the Court were to approve the settlement, Hitachi and SDI would be defendants with respect to other DAPs,

---

[3] The Direct Purchaser Class, in its Motion for Final Approval of Class Action Settlement, indicated that it would seek to distribute settlement funds, including those funds obtained under other settlements, to class members following entry of final judgments against Hitachi and Samsung: "After entry of separate final judgments against Hitachi and Samsung SDI, the litigation against all defendants who have appeared in Case No. 07-cv-5944 SC is complete. It is therefore appropriate at this time to establish a schedule to distribute the $127,450,000 settlement fund to class members." (MDL Dkt. No. 2728 at 19.)

but would not be defendants with respect to Sharp.  If the Court-approved settlement were ultimately overturned on appeal, Hitachi and SDI would be defendants in a later, separate trial against Sharp (and perhaps the Direct Purchaser Class).  By that time, Sharp will already have tried its case against the other defendants including Panasonic, Technologies Displays Americas, Thomson, LG, and Philips.  Conducting two complex, lengthy trials against two different groups of defendants, involving almost identical issues, would result in a significant waste of resources for the Court and the parties.

With all of these considerations in mind, Sharp respectfully requests an opportunity to discuss these issues—and a potential solution—with the Court.  The solution would address all or most of the problems identified above.  It has several components.

First, the Court could deny, or the Direct Purchaser Class could withdraw, the pending motion for approval of the class settlement.  This may be an appropriate step because of the unusual posture of the settlement where counsel for the Direct Purchaser Class has stated that it did not purport to represent the interests of a major class member (Sharp),[4] and that Sharp's participation in the Direct Purchaser Class works against the interest of other class members; for those reasons, among others, Sharp has sought leave to object to the final approval of the class settlement.  (MDL Dkt. No. 2751, 2751-2.)  This would also permit the Direct Purchaser Class and the Court to address the proper disclosure of the amount of attorneys' fees on a clean slate.

Second, the Court could order that: (1) a new notice of settlement be sent to class members; (2) the notice provide a more detailed explanation of the attorneys' fees; and (3) class members be permitted a new opportunity to opt out.  Sharp would be prepared to pay the reasonable cost of such a notice to avoid any reduction in the class proceeds.  The new notice could address the Court's stated concern about the attorneys' fees disclosure and permit Sharp an

---

[4] Class counsel explained: "Because Dell and Sharp were litigating their own cases and had opted out of all previous class settlements, DPPs did not include their purchases in their settlement analysis.  It was clearly understood during settlement negotiations with both Hitachi and Samsung SDI that Dell and Sharp were not in the class.  In other words, DPPs did not settle Dell or Sharp's claims." (MDL Dkt. No. 2715-1 at ¶ 8.)

1  opportunity to opt out of the settlement, as Sharp always intended to do.  With Sharp opting out,
2  the settlement could be approved in short order.  Direct Purchaser Class members promptly could
3  be paid the settlement proceeds.  Meanwhile, Sharp, Hitachi and SDI would either settle their
4  disputes, or proceed to a single trial with the other defendants that Sharp has asserted are part of
5  the same conspiracy.

6  While Hitachi and SDI will undoubtedly oppose this request, it is worth noting that
7  is has always been undisputed that they were not prejudiced by Sharp's failure to opt out in timely
8  manner.  The release of Sharp's claims against them as part of the class settlement is a windfall
9  that they did not expect and for which they neither bargained nor paid.  It also is worth noting that
10 no one has ever contended that Sharp or its counsel acted in bad faith or in a manner calculated to
11 gain tactical advantage.  Thus, while we fully respect the Court's adverse decisions on our
12 motions related to the opt-out issue, we also respectfully submit that the Court does not have to
13 permit those decisions to create a domino effect that complicates these proceedings for a year or
14 more into the future.[5]  We accordingly seek an audience with the Court to try to find a practical
15 solution that promotes the Court's interest in efficiency, does not harm class members, and allows
16 these cases to be resolved in the near term as expeditiously as possible.

---

[5] District courts have "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981); *see also* Fed. R. Civ. P. 23(d) (district court has discretion to require appropriate notice to class members, impose conditions on the representative parties, and "deal with similar procedural matters"); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1012 (9th Cir. 2012) (discussing Massachusetts district court's decision to allow a "second opportunity to opt out from the settlement class" where one settlement term that drew only one objection "had not been clearly stated in the notice").

| | |
|---|---|
| 1 | DATED:  November 18, 2014     By:  /s/ *Kenneth A. Gallo* |

                Kenneth A. Gallo (*pro hac vice*)
                Joseph J. Simons (*pro hac vice*)
                Craig A. Benson (*pro hac vice*)
                **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
                2001 K Street, NW
                Washington, DC 20006
                Telephone: (202) 223-7300
                Facsimile: (202) 223-7420
                Email: kgallo@paulweiss.com
                Email: jsimons@paulweiss.com
                Email: cbenson@paulweiss.com

                Stephen E. Taylor (SBN 058452)
                Jonathan A. Patchen (SBN 237346)
                **TAYLOR & COMPANY LAW OFFICES, LLP**
                One Ferry Building, Suite 355
                San Francisco, California 94111
                Telephone:  (415) 788-8200
                Facsimile:  (415) 788-8208
                Email: staylor@tcolaw.com
                Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Co. of America, Inc.*

**DECLARATION OF KENNETH A. GALLO**

I, KENNETH A. GALLO, hereby declare as follows:

1. I am a partner with the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (together, "Sharp"). I am a member in good standing of the bar of the District of Columbia and of the State of New York. I was admitted to practice law in the District of Columbia on June 23, 1983, and admitted to practice law in the State of New York on May 23, 2007, and on March 20, 2013 was granted leave to appear *pro hac vice* in the above-captioned case. I have personal knowledge of the facts stated herein and could competently testify to these facts if called upon to do so. I submit this Declaration in support of Sharp's motion to schedule a Case Management Conference.

2. In light of the November 17, 2014, decision by the Ninth Circuit Court of Appeals that it lacked jurisdiction over Sharp's appeal (Court of Appeals Case No. 14-14687, Dkt. Entry 29), I believe that the most efficient course is to file the instant administrative motion pursuant to Civil Local Rule 7-11, rather than take several days to inquire about the various other parties' position on the issue presented in the instant motion, especially because that position will be made clear within four (4) court days.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of November, 2014, at Washington, DC.

                                            */s/ Kenneth A. Gallo*

- 7 -
SHARP'S MOTION FOR CASE MANAGEMENT CONFERENCE
CASE NO. 07-5944; MDL NO. 1917; 13-1173