Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
Tel: (415) 871-2888
Fax: (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No 1917 |
| | Master Case No 3:07-cv-05944SC |
| This Order Relates To: | |
| IPPs v Samsung SDI | **ORDER RE IPP'S MOTION TO COMPEL DEPOSITION OF SAMSUNG SDI'S EMPLOYEE, MR JS AHN** |

      The Indirect Purchaser Plaintiffs ("IPPs") move to compel the deposition of Samsung SDI's employee, Mr Joon Seong Ahn. The parties have submitted letter briefs in support of their respective positions. Having reviewed the submissions, the undersigned Special Master makes the following order granting the IPPs' motion.

      The IPPs' brief explains that originally Samsung SDI agreed to make Mr Ahn available, but later refused to produce Mr Ahn due to a discovery dispute Samsung SDI was

ORDER RE IPPS' MOTION TO COMPEL DEPOSITION OF SAMSUNG SDI'S EMPLOYEE, MR JS AHN  -  PAGE **1** OF **4**

having with Dell. Apparently, the dispute arises from inconsistent interpretations of the relevant discovery order regarding the maximum number of depositions per defendant.

Originally, both IPPs' counsel and counsel for Samsung SDI agreed that the Order re Discovery and Case Management Protocol dated April 3, 2012 ("Discovery Protocol"),[1] should be interpreted to impose a maximum of 12 depositions of current employees (not former employees) per defendant group. The Discovery Protocol, in pertinent part, states:

> ("CRT Plaintiffs") collectively may depose up to 120 percipient witnesses as part of the joint, coordinated discovery in this case, with a maximum of 12 depositions for any single defendant group. Defendants shall produce for deposition the specific percipient witnesses employed by them. Defendants may collectively depose each natural person named as a plaintiff or as a class representative and up to 10 percipient witnesses of each plaintiff group. A plaintiff group is defined as plaintiffs who are part of the same corporate family. These limits do not include Rule 30(b)(6) depositions, depositions of third parties, depositions of experts, or depositions of records custodians regarding authentication of documents. Discovery Protocol, at 2.

Samsung SDI's letter brief explains that: (1) it agreed to interpret the Discovery Protocol as not including former employees to count against the twelve deposition limit per defendant group based on that interpretation applying to all plaintiffs, including Dell; (2) Dell interpreted the Discovery Protocol as limiting the depositions of all former and current employees to twelve per defendant group; (3) applying the Dell interpretation, the IPPs had

---

[1] 9/5/14 IPP letter brief, Ex A at 2.

ORDER RE IPPS' MOTION TO COMPEL DEPOSITION OF SAMSUNG SDI'S EMPLOYEE, MR JS AHN - PAGE **2** OF 4

already taken their twelve depositions of Samsung SDI employees because Mr WR Kim, a former employee, counted as the twelfth Samsung SDI deponent under the Discovery Protocol.

The Discovery Protocol should be interpreted to limit the depositions of current employees to 12 for any single defendant group because the protocol specifically excludes "depositions of third parties" from these limits. Because defendants do not have control over former employees, former employees should be considered third parties for purposes of this Discovery Protocol. Accordingly, the interpretation originally agreed upon by counsel for IPPs and Samsung SDI appears consistent with and supported by the language of the Discovery Protocol.

According to submissions from the IPPs and Samsung SDI, it appears undisputed that: (1) Mr WR Kim is a former Samsung SDI employee, (2) Samsung SDI did not make Mr. WR Kim available for deposition, (3) at his deposition, Mr WR Kim was not represented by counsel for Samsung SDI and (4) counsel for IPPs and Samsung SDI agreed in their negotiations on the deposition of Mr JS Ahn, that the Discovery Protocol should be interpreted to mean that the twelve depositions per defendant group were of current employees and that former employees would not count against the twelve deposition limit.

Because Samsung SDI neither produced Mr WR Kim nor represented him at his deposition, he is a third party to this action and his deposition should not count against the maximum number of depositions for Samsung SDI. As a result, the IPPs have only taken 11 depositions of Samsung SDI employees under the Discovery Protocol, and Samsung SDI should have produced Mr JS Ahn pursuant to the IPPs' subpoena.

Samsung SDI's discovery dispute with Dell is not a proper basis for refusing to produce Mr Ahn for his deposition noticed by the IPPs.[2] Furthermore, even if the Discovery

---

[2] To be clear, an opposition to a discovery motion is not an appropriate vehicle for raising a separate and distinct discovery motion. If a party has a discovery dispute, it should file its own motion and provide a written submission in support.

ORDER RE IPPS' MOTION TO COMPEL DEPOSITION OF SAMSUNG SDI'S EMPLOYEE, MR JS AHN - PAGE **3** OF **4**

1  Protocol were interpreted to limit the maximum number of depositions per defendant group to
2  12 current and former employees, the undersigned finds that good cause exists to grant to the
3  IPPs the additional deposition of Samsung SDI's employee, Mr Ahn because he was a senior
4  Samsung SDI employee working in Tokyo on CRT matters at issue in this litigation during the
5  relevant time period.  Since Samsung SDI was willing to produce Mr Ahn previously and has not
6  presented any compelling reason for failing to do so, Samsung SDI should not now complain of
7  any burden of making Mr Ahn available for deposition promptly.
8           Accordingly, the undersigned ORDERS as follows:
9           **The IPPs' motion to compel the deposition of Samsung SDI employee Mr JS**
10 **Ahn is GRANTED and Samsung SDI's counsel is ORDERED to produce Mr Ahn for his**
11 **deposition no later than December 2, 2014 or at a time specified by counsel for the IPPs.**
12 IT IS SO ORDERED.
13
14 Date: November 18, 2014
15                                         _____
16                                              Vaughn R Walker
17                                         United States District Judge (Ret)
18           The Recommended Order of the Special Master is Accepted and Ordered /
19 Denied / Modified.
20
21
22 Date: November ___, 2014
23
24                                         _____
25                                              Honorable Samuel Conti
                                            United States District Judge
26
27
28 ORDER RE IPPS' MOTION TO COMPEL DEPOSITION OF SAMSUNG SDI'S EMPLOYEE, MR JS AHN  -  PAGE **4** OF **4**