IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C-07-5944 SC<br>MDL No. 1917 |
| This Document Relates To: | ORDER REQUESTING <u>SUPPLEMENTAL BRIEFING</u> |
| ALL DIRECT PURCHASER ACTIONS | |
| <u>Sharp Electronics Corp. v. Hitachi Ltd.</u>, No. C-13-1173-SC | |

Now before the Court is the Direct Purchaser Plaintiffs' ("DPPs") motion for final approval of class action settlements ("Proposed Settlements") with the Hitachi and SDI Defendants,[1] (collectively, "Settling Defendants"). ECF No. 2728 ("Mot."). The Court previously granted preliminary approval to the Proposed Settlements. ECF Nos. 2311 ("Hitachi Preliminary Approval Order");

---

[1] The SDI Defendants include Samsung SDI Co. Ltd. (f/k/a Samsung Display Devices Co., Ltd.), Samsung SDI America, Inc., Samsung SDI Brasil, Ltd., Tianjin Samsung SDI Co., Ltd., Samsung Shenzhen SDI Co., Ltd., SDI Malaysia Sdn. Bhd., and SDI Mexico S.A. de C.V. (collectively "SDI"). The DPP's proposed settlement with Hitachi includes Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA) Inc. (collectively, "Hitachi").

2534 ("Samsung SDI Preliminary Approval Order").  Additionally, DPPs ask the Court to grant approval to a proposed claim form and to direct the settlement administrator to provide notice to the class.  ECF No. 2728-7 ("Proposed Claim Form").

The Court held a fairness hearing at which DPPs, Hitachi, and Sharp were heard.  ECF No. 2757 ("Fairness Hr'g").  The Court also received a belated objection to the settlement by Sharp, ECF No. 2751-2 ("Sharp Obj."), which is the subject of a motion seeking a retroactive enlargement of the time to object to the settlement.  ECF No. 2751 ("Sharp Obj. Mot.").  That motion is opposed.  ECF Nos. 2753 ("DPP Opp'n"); 2754 ("SDI Opp'n"); 2755 ("Hitachi Opp'n").

Now Sharp has filed an administrative motion asking "the Court to set a conference to discuss case management issues" relating to the instant motions.  ECF No. 3127 ("Case Mgmt. Mot.").  In Sharp's motion, it argues that, among other things, the Court could order a new notice be sent to class members providing a new opportunity to opt out.  Id. at 4.  Sharp has offered to pay the reasonable costs of such notice as well.  Id.

The motion is not yet ripe, and the Court anticipates that the interested parties may yet file responsive papers in the coming days.  Nonetheless, the Court writes now to solicit the parties' views on the following specific issues related to Sharp's proposed solutions:

- The Court is familiar with the requirement that on final approval a class settlement must stand or fall in its entirety.  See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998).  May the Court nonetheless order a second round of notice and opportunity to opt-out in the

   exercise of its discretion under Federal Rule of Civil Procedure 23(d) without addressing the merits of DPPs' and the Settling Defendants' final approval motion?

- Similarly, the Court is aware that the costs of class notice must generally be borne by the proponent of class certification. See <u>Eisen v. Carlisle & Jacquelin</u>, 417 U.S. 156, 171 (1974). May the Court nonetheless order Sharp bear the costs of a second class action notice?

Accordingly, the Court hereby orders as follows:

- Responses to Sharp's administrative motion addressing these questions and any other relevant issues shall be no more than five (5) pages and be filed within seven (7) days of the signature date of this order.
- Sharp may file a responsive brief, if necessary, of no more than five (5) pages within fourteen (14) days of the signature date of this order.

IT IS SO ORDERED.

Dated: November 20, 2014

_____
UNITED STATES DISTRICT JUDGE

3