Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131-3456
Telephone:  305-374-7580
Facsimile:  305-374-7593
E-mail:  rturken@bilzin.com; swagner@bilzin.com;
           mwidom@bilzin.com

Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
E-mail:  ssinger@bsfllp.com

*Counsel for Plaintiffs Tech Data Corporation
and Tech Data Product Management, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Individual Case No. 13-CV-00157-SC |
| | Master File No. 07-cv-5944-SC (N.D. Cal) |
| This Document Relates to Individual Case No. 13-CV-00157-SC | MDL No. 1917 |
| TECH DATA CORPORATION; TECH DATA PRODUCT MANAGEMENT, INC., <br><br>         Plaintiffs, <br>    vs. <br><br> HITACHI, LTD; *et al.* <br><br>         Defendants. | **TECH DATA CORPORATION'S OPPOSITION TO DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S MOTION TO DISMISS TECH DATA CORPORATION'S CLAIMS FOR FAILURE TO PROSECUTE** <br><br> Date: December 12, 2014 <br> Time: 10:00 a.m. <br> Judge: Hon. Samuel Conti |

Tech Data Corporation ("Tech Data") hereby submits its Opposition to Defendants' Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "CPT") Motion To Dismiss Tech Data Corporation's Claims for Failure to Prosecute (MDL Dkt. No.[1] 2963 (the "Motion to Dismiss")).

**INTRODUCTION**

CPT's Motion to Dismiss is baffling. CPT claims it is entitled to the dismissal of Tech Data's Amended Complaint because (1) Tech Data did not serve CPT and (2) Tech Data has failed to serve discovery on CPT or otherwise take any action to prosecute its claims against CPT. CPT contends further it has been prejudiced by Tech Data's supposed failures by not serving discovery on Tech Data or otherwise attempting to defend itself against Tech Data's claims.

Each of CPT's grounds for its Motion to Dismiss is patently false.

First, after being served with Tech Data's Amended Complaint, CPT's counsel expressly agreed by stipulation to answer or move to dismiss Tech Data's Amended Complaint by a date certain. The stipulation was presented to the Court for its approval, and the Court, the same day, issued its Order approving the stipulation.

Second, contrary to CPT's assertion that "Tech Data has done nothing in the last two years to litigate its claims against CPT," Tech Data has rigorously constructed its case against CPT. Among other things, Tech Data served CPT with requests for production and requests for admission, which CPT responded to. Tech Data's co-counsel also traveled to Taiwan and participated in eight days of depositions of CPT witnesses.

Third, not only did CPT participate in the extensive discovery Defendants served on Tech Data, CPT's counsel executed a stipulation specifically with Tech Data extending the time for CPT to take additional fact discovery.

For these reasons, which we explain in detail below, CPT's Motion should be denied in its entirety.

---

[1] MDL Dkt. No." refers to the docket entry number in the MDL, 07-cv-5944-SC (N.D. Cal).

TECH DATA'S OPPOSITION TO CHUNGHWA'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE    -1-    MASTER FILE NO. 07-CV-05944 SC (N.D. CAL.) INDIVIDUAL CASE NO. 13-CV-00157 SC

# ARGUMENT

## I. CPT'S COUNSEL EXPRESSLY AGREED BY COURT APPROVED STIPULATION TO RESPOND TO THE AMENDED COMPLAINT

As the primary basis for its Motion to Dismiss, CPT asserts that "[t]o date, Tech Data has not served CPT with a complaint or even attempted to serve CPT properly through personal service in Taiwan. Nor has it attempted any other means of service." Motion to Dismiss at p. 1. These assertions, which are supported by the sworn declaration of CPT's counsel, are disturbing.

On October 1, 2013, CPT, along with the other Defendants in this action, and Plaintiffs Tech Data, Sharp and Dell filed a Stipulation and Proposed Order Setting Schedule for Defendants to Answer or Otherwise Respond to the Dell Amended Complaint, Sharp Complaint, and Tech Data Amended Complaint (the "Stipulation"). MDL Dkt. No. 1971, Wagner Decl. Ex. 1. The Stipulation, which was signed by the same CPT counsel that submitted the declaration in support of CPT's Motion to Dismiss, recited among other things that (i) on December 11, 2012, Tech Data filed its summons and original complaint in the United States District court for the Middle District of Florida which was then transferred to this Court by United States Judicial Panel on Multidistrict Litigation; (ii) on September 9, 2013, Tech Data filed its First Amended Complaint in this action; (iii) "the Defendants seek to dismiss the Stipulating Plaintiffs' Complaints relying upon the same *Illinois Brick* arguments they used in [their previous motions to dismiss against other Direct Action Plaintiffs];" and (iv) "the Stipulating Plaintiffs and the Defendants seek to resolve the Defendants' *Illinois Brick* arguments in a manner that conserves the resources of the Court while at the same time preserving any and all appeal rights of both the Stipulating Plaintiffs and the Defendants." *Id.* at pp. 1, 2, and 4.

The Stipulation therefore set forth a specific schedule by which CPT and the other Defendants would answer or otherwise move in response to the complaints. It provided:

> 1. The Defendants' answers to (or motions to dismiss) the Stipulating Plaintiffs' Complaints shall be due by October 7, 2013;

2. The Stipulating Plaintiffs' responses to any motions to dismiss shall be due by November 6, 2013;

3. The Defendants' reply briefs shall be due by November 20, 2013;

4. The Stipulating Plaintiffs and Defendants agree that the issues addressed by the Court's August 21, 2013 Order regarding the *Illinois Brick* exceptions apply to the Stipulating Plaintiffs' actions;

5. The Stipulating Plaintiffs' Complaints do not seek to proceed under the "cost- plus" and "co-conspirator" exceptions to *Illinois Brick*;

6. The undersigned Defendants' request to dismiss the Stipulating Plaintiffs' Complaints as they pertain to the Stipulating Plaintiffs' right to proceed under the "ownership or control" exception to *Illinois Brick* is denied for the reasons set forth in the August 21, 2013 Order; and

7. By virtue of this Stipulation, the undersigned Defendants and the Stipulating Plaintiffs do not waive any of their appeal rights to the *Illinois Brick* issues addressed and resolved in this Stipulation.

*Id*. at pp. 4-5.

Significantly, CPT's counsel was specific to limit her execution of the Stipulation solely with respect to Tech Data's Amended Complaint, and thus made it expressly clear that CPT was entering into the stipulation "**as to the Tech Data Action only**" (emphasis added). *Id*. at p. 9. The Court accepted the Stipulation, and issued its Order ordering approving the Stipulation the same day it was filed.

Tech Data is at a complete loss as to how CPT can file its Motion to Dismiss in light of the Stipulation. The only "explanation" that Tech Data can divine—and it is not a good one— is that CPT recognizes that it still has not responded to Tech Data's Amended Complaint, and hopes that its current Motion can mask its error.

The fact remains, however, that CPT did sign the Stipulation, the Stipulation was So Ordered by this Court, and CPT thus was obligated to answer or otherwise move in response to Tech Data's Amended Complaint by October 7, 2013. For this reason alone, its Motion to Dismiss should be rejected out of hand.

## II. TECH DATA HAS ACTIVELY PROSECUTED ITS CLAIMS AGAINST CPT

As the basis for its contention that Tech Data has done nothing in this case against CPT, CPT asserts in its Motion to Dismiss—again with the support of the sworn declaration of its

counsel—that "Tech Data has not served any discovery on CPT or filed any motions involving CPT." Motion to Dismiss at p. 1. As with CPT's representations regarding service, CPT's claims concerning Tech Data's lack of discovery and motions are inexplicable and demonstrably false.

On June 10, 2013—even before Tech Data filed its Amended Complaint—Tech Data and other Direct Action Plaintiffs served their First Set of Requests for Production ("First RFPs") on CPT. *See* Wagner Decl. Ex. 2. On August 14, 2013—also before Tech Data filed its Amended Complaint—CPT served its Responses and Objections to Tech Data's First RFPs. CPT specifically stated, moreover, that its responses and objections relate to the Tech Data Action and that CPT "responds to . . . Tech Data Corporation and Tech Data Product Management, Inc." *See* Wagner Decl. Ex. 3. p. 1.

Notably, as part of its litany of General Objections, CPT specifically objected and refused to answer the discovery requested by Plaintiffs PBE Consumer Electronics, LLC and Petters Company, Inc., because, according to CPT, it had not been served by those entities.

> CPT objects to these Requests for Production insofar as they have been served on behalf of John R. Stoebner, as Chapter 7 Trustee for PBE Consumer Electronics, LLC and related entities and Douglas Kelley, as Chapter 11 Trustee for Petters Company, Inc. and related entities, and as Receiver for Petters Company, LLC and related entities. **CPT has not been served in the action brought by those entities and such discovery is therefore not proper**.[2]

*See Id*. at p. 6 (emphasis added). Of course, CPT made absolutely no objection about not having been served with Tech Data's complaint.

On January 30, 2014, Tech Data, and other Direct Action Plaintiffs, served their Second Set of Requests for Production ("Second RFPs") on CPT. *See* Wagner Decl. Ex. 4. On March 4, 2014, CPT served its Responses to Tech Data's Second RFPs. As was the case with its response to Tech Data's First RFPs, CPT specifically stated that its responses relate to the Tech Data

---

[2] CPT also objected to responding to the First RFPs "insofar as they have been served on behalf of Circuit City and Electrograph [two other Direct Action Plaintiffs] in violation of CPT's settlement agreements with those parties." CPT continued that it "is not responding to the [First RFPs] served by Circuit City and Electrograph. *Id.* at p. 5.

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

Action and that CPT is providing "the following responses to . . . Tech Data Corporation and Tech Data Product Management, Inc." *See* Wagner Decl. Ex. 5 at p. 2.  Then, on March 11, 2014, CPT supplemented its response to Tech Data's Second RFP.  *See* Wagner Decl. Ex. 6. Here again, CPT stated that its supplemental responses relate to the Tech Data Action and expressly affirmed that it is providing the "following supplemental responses to . . . Tech Data Corporation and Tech Data Product Management, Inc." *Id*. at p. 2.

In addition to the written discovery that Tech Data served on CPT, Philip J. Iovieno, who represents Tech Data and several other Direct Action Plaintiffs, travelled to Taiwan on behalf of Tech Data and the other Direct Action Plaintiffs, and participated in over eight days of depositions, during which he asked CPT witnesses over 1,000 questions.  Apparently CPT believes that Mr. Iovieno was required to travel back to Taiwan and ask the CPT witnesses the same 1,000 questions all over again, but this time, specifically on behalf of Tech Data.  Such an argument is, of course, nonsensical and directly contradicts this Court's orders on coordination of discovery amongst the parties and counsel.

What is most bewildering about CPT's contention that Tech Data did not serve any discovery on CPT is that CPT executed a stipulation with Tech Data and other Direct Action Plaintiffs specifically to address how documents CPT produced could be used at trial.  After CPT produced its documents, Tech Data and other Direct Action Plaintiffs served their First Set of Requests for Admission ("First RFAs") asking CPT to admit that several thousand documents produced by CPT are authentic and are CPT's business records.  *See* Wagner Decl. Ex. 7.  CPT objected to the Direct Action Plaintiffs' First RFAs.  *See* Wagner Decl. Ex. 8.  Thereafter, CPT entered into a stipulation with Tech Data and the other Direct Action Plaintiffs acknowledging the authenticity and status as business records of certain of its produced documents.  *See* MDL Dkt. No. 2912, Wagner Decl. Ex. 9.

Equally troubling, on September 26, 2014, CPT filed a response on behalf of CPT to Tech Data and the other Direct Action Plaintiffs' Motion to Compel CPT to produce the European Commission's decision regarding the CRT price-fixing conspiracy.  *See* MDL Dkt.

Nos. 2843, 2873; Wagner Decl. Ex. 10 and 11.  How CPT can now state that Tech Data never "filed any motions involving CPT" therefore is beyond even a bad explanation.

### III.   CPT'S CLAIM OF PREJUDICE SHOULD FALL ON DEAF EARS

In light of CPT's express agreement to respond to Tech Data's Amended Complaint and its participation in Tech Data's discovery and motion practice, CPT's argument that it somehow relied on Tech Data's purported failure to serve the Amended Complaint as a basis to not present Tech Data with discovery is of no moment.  If CPT decided not to serve Tech Data with discovery, that is a problem of its own making.  CPT certainly cannot blame Tech Data for CPT's own litigation strategy.

This is particularly true considering that Tech Data expressly agreed with the request of CPT and certain other Defendants to allow them to take additional discovery even after the fact discovery cut-off.  On September 5, 2014, CPT, Tech Data, and other Defendants entered into a Stipulation Regarding Discovery to Occur After September 5, 2014 (the "September 2014 Stipulation").  MDL Dkt. No. 2820, Wagner Decl. Ex. 12.  The September 2014 Stipulation was specific to CPT's and the other Defendants' discovery directed at Tech Data, and preserved CPT's ability to use the additional discovery from Tech Data at trial.

Moreover, CPT has the benefit of the extensive discovery produced by Tech Data in this action.  Tech Data has provided Defendants with over 100,000 pages of documents, dozens of gigabytes of spreadsheets and other native files, detailed transactional data for a 13 year period, over 40 sets of discovery responses, and six depositions of Tech Data and its employees.  Tech Data's answers to Defendants' discovery include responses to numerous contention interrogatories setting forth Tech Data's evidence as to each Defendant, including CPT.  The contention interrogatory responses contain over 2,200 entries detailing Defendants' conspiratorial conduct, including over 1,000 entries involving CPT.  CPT's claims of prejudice ring hallow and deserve no consideration.

## CONCLUSION

CPT's Motion rests entirely on unsupported assertions.  It does so for good reason. When the actual record is laid bare, CPT has no basis upon which to ask this Court to dismiss

1  Tech Data's claims.  In a stipulation approved by this Court, CPT agreed to answer or otherwise
2  move to dismiss Tech Data's Amended Complaint by October 7, 2013.  And, as demonstrated by
3  CPT's own responses to Tech Data's discovery, response to Tech Data's Motion to Compel, and
4  entry into numerous stipulations with Tech Data, Tech Data has actively pursued its claims
5  against CPT.  Moreover, CPT had every opportunity to serve additional discovery on Tech Data,
6  its decision not to do so is not a basis on which to dismiss Tech Data's claims.  For these reasons
7  and those discussed above, CPT's Motion should be denied in its entirety.

Dated:  November 20, 2014

                                     Respectfully Submitted,

                                       /s/Scott N. Wagner
                                   ROBERT W. TURKEN
SCOTT N. WAGNER
MITCHELL E. WIDOM
BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456
Telephone:  (305) 374-7580
Facsimile:  (305) 374-7593
E-mail:        rturken@bilzin.com
                swagner@bilzin.com
                mwidom@bilzin.com

STUART H. SINGER
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
E-mail:        ssinger@bsfllp.com

WILLIAM A. ISAACSON
MELISSA WILLETT
BOIES, SCHILLER & FLEXNER
5301 Wisconsin Ave. NW, Suite 800
Washington, DC 20015
Telephone:  (202) 237-2727
Facsimile: (202) 237-6131
E-mail:        wisaacson@bsfllp.com
                mwillett@bsfllp.com

|   |   |
|---|---|
| 1 | PHILIP J. IOVIENO |
| 2 | BOIES, SCHILLER & FLEXNER |
|   | 30 South Pearl Street, 11th Floor |
| 3 | Albany, NY 12207 |
|   | Telephone:  (518) 434-0600 |
| 4 | Facsimile:  (518) 434-0665 |
|   | E-mail:      piovieno@bsfllp.com |
| 5 |   |
| 6 | *Counsel for Plaintiffs Tech* |
|   | *Data Corporation and Tech Data Product* |
| 7 | *Management, Inc.* |

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document was electronically served upon the parties and counsel of record through the Court's ECF system on November 20, 2014.

/s/Scott N. Wagner
Scott N. Wagner
*Attorney for Plaintiffs*
*Tech Data Corporation and*
*Tech Data Product Management, Inc.*

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

TECH DATA'S OPPOSITION TO CHUNGHWA'S
MOTION TO DISMISS FOR FAILURE TO PROSECUTE

MASTER FILE NO. 07-CV-05944 SC (N.D. CAL.)
INDIVIDUAL CASE NO. 13-CV-00157 SC