# EXHIBIT 1

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

(Stipulating Parties Listed on Signature Pages)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |

This Document Relates to:

*Dell Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 13-cv-02171-SC

*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, Case No. 13-cv-1173-SC

*Sharp Electronics Corp., et al. v. Koninklijke Philips Electronics N.V., et al.*, Case No. 13-cv-2776-SC

*Tech Data Corporation, et al. v. Hitachi, Ltd., et al.,* Case No. 13-cv-00157-SC

**STIPULATION AND [~~PROPOSED~~] ORDER SETTING SCHEDULE FOR DEFENDANTS TO ANSWER OR OTHERWISE RESPOND TO THE DELL AMENDED COMPLAINT, SHARP COMPLAINT, AND TECH DATA AMENDED COMPLAINT**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Pursuant to Civil Local Rules 6-2 and 7-12, the undersigned Defendants and Plaintiffs

2   Dell Inc. and Dell Products L.P. ("Dell"), Sharp Electronics Corporation and Sharp

3   Electronics Manufacturing Company of America, Inc. ("Sharp"), and Tech Data Corporation

4   and Tech Data Product Management, Inc. ("Tech Data") (collectively, the "Stipulating

5   Plaintiffs") have conferred by and through their counsel and, subject to the Court's approval,

6   HEREBY STIPULATE AS FOLLOWS:

7   WHEREAS, there is pending in the United States District Court for the Northern

8   District of California a multidistrict consolidated proceeding comprised of actions brought on

9   behalf of purported purchasers of cathode ray tubes ("CRT") and CRT products, captioned as

10  *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 3:07-cv-05944 SC (MDL No.

11  1917) (the "MDL Proceedings");

12  WHEREAS, on August 17, 2012, Defendants filed motions to dismiss and for

13  judgment on the pleadings with respect to certain Direct Action Plaintiff complaints (the

14  "Dispositive Motions") (MDL Dkt. Nos. 1316, 1317, 1319);

15  WHEREAS, on December 11, 2012, Tech Data filed a Summons and Complaint in

16  the Middle District of Florida, *Tech Data Corporation, et al. v. Hitachi, Ltd. et al.*, Case No.

17  8:12-cv-02795-JSM-MAP (the "Tech Data Action");

18  WHEREAS, on January 4, 2013, the United States Judicial Panel on Multidistrict

19  Litigation transferred the Tech Data Complaint to the United States District Court for the

20  Northern District of California for consolidated pretrial proceedings and assigned it to the

21  Honorable Samuel Conti (MDL Dkt. No. 1518);

22  WHEREAS, on February 13, 2013, Tech Data filed a Stipulation and Proposed Order

23  Regarding the Complaint in the Tech Data Action (MDL Dkt. No. 1568) requesting the Court

24  to enter an order authorizing the Defendants and Tech Data, once the Court has ruled on the

25  Dispositive Motions, to set a reasonable deadline for Defendants' answers and/or a

26  reasonable briefing schedule for Defendants' motions to dismiss Tech Data's Complaint;

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  WHEREAS, on February 14, 2013, Special Master Legge signed the Proposed Order
2  pursuant to the Stipulation Regarding the Complaint in the Tech Data Action (MDL Dkt.
3  1570);

4  WHEREAS, on September 9, 2013, Tech Data filed its First Amended Complaint
5  (MDL Dkt. No. 1911);

6  WHEREAS, on September 18, 2013, the Court entered an Order pursuant to the
7  Stipulation Regarding the Complaint in the Tech Data Action;

8  WHEREAS, on February 17, 2013, Dell filed a Summons and Complaint in the
9  Western District of Texas, *Dell Inc., et al., v. Philips Electronics North America Corp., et al.*,
10 Case No. 13-cv-00141 (the "Dell Action");

11 WHEREAS, on March 15, 2013, Sharp filed a Summons and Complaint in the
12 Northern District of California, *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al.,* Case
13 No. 13-cv-1173;

14 WHEREAS, on March 19, 2013, the Judicial Panel on Multidistrict Litigation issued
15 a conditional transfer order pursuant to 28 U.S.C. § 1407, transferring the Dell Action to the
16 Northern District of California to be consolidated with the MDL Proceedings (MDL Dkt. No.
17 1620);

18 WHEREAS, on March 26, 2013, this Court entered an Order finding that *Sharp*
19 *Electronics Corp., et al. v. Hitachi, Ltd., et al.* is related to the MDL Proceedings (MDL Dkt.
20 No. 1608);

21 WHEREAS, on April 23, 2013, Sharp filed a Stipulation and Proposed Order
22 Regarding the Complaint in the Sharp Action (MDL Dkt. 1649) requesting the Court to enter
23 an order authorizing the Defendants and Sharp, once the Court has ruled on the Dispositive
24 Motions, to set a reasonable deadline for Defendants' answers and/or a reasonable briefing
25 schedule for Defendants' motions to dismiss Sharp's Complaint;

26 WHEREAS, on April 24, 2013, the Court entered an Order pursuant to the Stipulation
27 Regarding the Complaint in the Sharp Action (MDL Dkt. No. 1652);

28 WHEREAS, on May 13, 2013, the Dell Action was transferred to the MDL;

STIPULATION AND [PROPOSED] ORDER SETTING SCHEDULE FOR DEFENDANTS
TO ANSWER OR OTHERWISE RESPOND TO THE DELL AMENDED COMPLAINT,
SHARP COMPLAINT, AND TECH DATA AMENDED COMPLAINT
Case No. 07-5944 SC; MDL No. 1917

WHEREAS, on May 28, 2013, Dell filed its First Amended Complaint (MDL Dkt. No. 1726);

WHEREAS, on June 17, 2013, Dell filed a Stipulation and Proposed Order Regarding the First Amended Complaint in the Dell Action (MDL Dkt. No. 1739) requesting the Court to enter an order authorizing the Defendants and Dell, once the Court has ruled on the Dispositive Motions, to set a reasonable deadline for Defendants' answers and/or a reasonable briefing schedule for Defendants' motions to dismiss Dell's Complaint;

WHEREAS, on June 17, 2013, Sharp filed a Summons and Complaint in the Northern District of California, *Sharp Electronics Corp., et al. v. Koninkliike Philips Electronics N.V., et al.*, Case No. 13-cv-2776 (together collectively with Sharp's Complaint dated March 15, 2013, the "Sharp Action");

WHEREAS, on June 21, 2013, this Court entered an Order finding that *Sharp Electronics Corp., et al. v. Koninklijke Philips Electronics N.V., et al.* is related to the MDL Proceedings (MDL Dkt. No. 1745);

WHEREAS, on June 28, 2013, Sharp filed a Stipulation and Proposed Order Regarding the Complaint in the Sharp Action (MDL Dkt. 1748) requesting the Court to enter an order authorizing the Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation and Sharp, once the Court has ruled on the Dispositive Motions, to set a reasonable deadline for defendants' answers and/or a reasonable briefing schedule for defendants' motions to dismiss Sharp's Complaint;

WHEREAS, on July 3, 2013, the Court entered an Order pursuant to the Stipulation Regarding the Complaint in the Sharp Action and Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation (MDL Dkt. No. 1762);

WHEREAS, on July 3, 2013, the Court entered an Order pursuant to the Stipulation Regarding the First Amended Complaint in the Dell Action (MDL Dkt. No. 1763);

WHEREAS, on August 21, 2013, the Court issued an Order Adopting in Part and Modifying in Part Special Master's Report and Recommendation on Defendants' Motion to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Dismiss the Direct Action Plaintiffs' Complaints ("August 21, 2013 Order") (MDL Dkt. 1856) in which the Court ruled on the Dispositive Motions;

WHEREAS, among other issues, the August 21, 2013 Order granted the Dispositive Motions to the extent that they challenged certain Direct Action Plaintiffs' alleged right to proceed under the "cost-plus" and "co-conspirator" exceptions to *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) ("*Illinois Brick*"), and denied the Dispositive Motions to the extent that they challenged certain Direct Action Plaintiffs' right to proceed under the "ownership or control" exception to *Illinois Brick*; and

WHEREAS, the Defendants seek to dismiss the Stipulating Plaintiffs' Complaints relying upon the same *Illinois Brick* arguments they used in the Dispositive Motions; and

WHEREAS, the Stipulating Plaintiffs and the Defendants seek to resolve the Defendants' *Illinois Brick* arguments in a manner that conserves the resources of the Court while at the same time preserving any and all appeal rights of both the Stipulating Plaintiffs and the Defendants;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED between counsel for the Stipulating Plaintiffs and counsel for the undersigned Defendants in the above-captioned actions, as follows:

1. The Defendants' answers to (or motions to dismiss) the Stipulating Plaintiffs' Complaints shall be due by October 7, 2013;

2. The Stipulating Plaintiffs' responses to any motions to dismiss shall be due by November 6, 2013;

3. The Defendants' reply briefs shall be due by November 20, 2013;

4. The Stipulating Plaintiffs and Defendants agree that the issues addressed by the Court's August 21, 2013 Order regarding the *Illinois Brick* exceptions apply to the Stipulating Plaintiffs' actions;

5. The Stipulating Plaintiffs' Complaints do not seek to proceed under the "cost-plus" and "co-conspirator" exceptions to *Illinois Brick*;

6. The undersigned Defendants' request to dismiss the Stipulating Plaintiffs' Complaints as they pertain to the Stipulating Plaintiffs' right to proceed under the "ownership or control" exception to *Illinois Brick* is denied for the reasons set forth in the August 21, 2013 Order; and

7. By virtue of this Stipulation, the undersigned Defendants and the Stipulating Plaintiffs do not waive any of their appeal rights to the *Illinois Brick* issues addressed and resolved in this Stipulation.

Dated: October 1, 2013                Respectfully submitted,

**WHITE & CASE** LLP

By: */s/ Lucius B. Lau*
CHRISTOPHER M. CURRAN (*pro hac vice*)
ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    WINSTON & STRAWN LLP

2    By: /s/ Jeffrey L. Kessler
3    JEFFREY L. KESSLER (*pro hac vice*)
     JKessler@winston.com
4    A. PAUL VICTOR (*pro hac vice*)
     PVictor@winston.com
5    ALDO A. BADINI (SBN 257086)
     ABadini@winston.com
6    EVA W. COLE (*pro hac vice*)
     EWCole@winston.com
7    MOLLY M. DONOVAN
8    MMDonovan@winston.com
9    **WINSTON & STRAWN LLP**
     200 Park Avenue
10   New York, NY 10166
     Telephone: (212) 294-6700
11   Facsimile: (212) 294-4700

12   STEVEN A. REISS (*pro hac vice*)
     steven.reiss@weil.com
13   DAVID L. YOHAI (*pro hac vice*)
     david.yohai@weil.com
14   ADAM C. HEMLOCK (*pro hac vice*)
15   adam.hemlock@weil.com
     **WEIL, GOTSHAL & MANGES LLP**
16   767 Fifth Avenue
     New York, New York 10153-0119
17   Telephone: (212) 310-8000
18   Facsimile: (212) 310-8007

19   *Attorneys for Defendants Panasonic Corporation*
     *(f/k/a Matsushita Electric Industrial Co., Ltd.),*
20   *Panasonic Corporation of North America, MT*
     *Picture Display Co., Ltd.*
21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER SETTING SCHEDULE FOR DEFENDANTS
TO ANSWER OR OTHERWISE RESPOND TO THE DELL AMENDED COMPLAINT,
SHARP COMPLAINT, AND TECH DATA AMENDED COMPLAINT
Case No. 07-5944 SC; MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

KIRKLAND & ELLIS LLP

By: */s/ Eliot A. Adelson*
ELIOT A. ADELSON (SBN 205284)
JAMES MAXWELL COOPER (SBN 284054)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, California 94104
Tel: (415) 439-1400
Facsimile: (415) 439-1500
E-mail: eadelson@kirkland.com
E-mail: max.cooper@kirkland.com

JAMES H. MUTCHNIK, P.C. (*pro hac vice*)
KATE WHEATON (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendants Hitachi, Ltd., Hitachi*
*Displays, Ltd. (n/k/a Japan Display East, Inc.),*
*Hitachi Asia, Ltd., Hitachi America, Ltd., and*
*Hitachi Electronic Devices (USA), Inc.*

MUNGER, TOLLES & OLSON LLP

By: */s/ Hojoon Hwang*
HOJOON HWANG (SBN 184950)
Hojoon.Hwang@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

STIPULATION AND [PROPOSED] ORDER SETTING SCHEDULE FOR DEFENDANTS
TO ANSWER OR OTHERWISE RESPOND TO THE DELL AMENDED COMPLAINT,
SHARP COMPLAINT, AND TECH DATA AMENDED COMPLAINT
Case No. 07-5944 SC; MDL No. 1917

1  WILLIAM D. TEMKO (SBN 098858)
2  William.Temko@mto.com
   JONATHAN E. ALTMAN (SBN 170607)
3  Jonathan.Altman@mto.com
   BETHANY W. KRISTOVICH (SBN 241891)
4  Bethany.Kristovich@mto.com
5  **MUNGER, TOLLES & OLSON LLP**
   355 South Grand Avenue, Thirty-Fifth Floor
6  Los Angeles, CA 90071-1560
   Telephone: (213) 683-9100
7  Facsimile: (213) 687-3702

8  *Attorneys for Defendants LG Electronics, Inc.; LG,*
9  *LG Electronics USA, Inc.; and LG Electronics*
   *Taiwan Taipei Co., Ltd.*
10

11 SHEPPARD MULLIN RICHTER & HAMPTON

12 By: */s/ Gary L. Halling*
13 GARY L. HALLING (SBN 66087)
   ghalling@sheppardmullin.com
14 JAMES L. MCGINNIS (SBN 95788)
   jmcginnis@sheppardmullin.com
15 MICHAEL W. SCARBOROUGH (SBN 203524)
   mscarborough@sheppardmullin.com
16 **SHEPPARD MULLIN RICHTER & HAMPTON**
17 Four Embarcadero Center, 17th Floor
   San Francisco, California 94111
18 Telephone: (415) 434-9100
   Facsimile: (415) 434-3947
19

20 *Attorneys for Defendants Samsung SDI America,*
   *Inc.; Samsung SDI Co., Ltd.; Samsung SDI*
21 *(Malaysia) SDN. BHD.; Samsung SDI Mexico S.A.*
   *DE C.V.; Samsung SDI Brasil Ltda.; Shenzen*
22
23 *Samsung SDI Co., Ltd. and Tianjin Samsung SDI*
   *Co., Ltd.*
24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

BAKER BOTTS LLP

By: /s/ Jon V. Swenson
JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
JOSEPH OSTOYICH (*pro hac vice*)
joseph.ostoyich@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
charles.malaise@bakerbotts.com
**BAKER BOTTS LLP**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

*Attorneys for Defendants Koninklijke Philips N.V. and
Philips Electronics North America Corporation*

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Rachel S. Brass
RACHEL S. BRASS (SBN 219301)
rbrass@gibsondunn.com
JOEL S. SANDERS (SBN 107234)
jsanders@gibsondunn.com
Austin V. Schwing (SBN 211696)
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, California 94105
Tel: (415) 393-8200
Fax: (415) 393-8306

*Attorneys for Defendant Chunghwa Picture Tubes,
Ltd. and Chunghwa Picture Tubes (Malaysia) as to
the Tech Data Action only*

STIPULATION AND [PROPOSED] ORDER SETTING SCHEDULE FOR DEFENDANTS
TO ANSWER OR OTHERWISE RESPOND TO THE DELL AMENDED COMPLAINT,
SHARP COMPLAINT, AND TECH DATA AMENDED COMPLAINT
Case No. 07-5944 SC; MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

ALSTON & BIRD

By: */s/ Debra D. Bernstein*
DEBRA D. BERNSTEIN (*pro hac vice*)
debra.bernstein@alston.com
MICHAEL P. KENNY (*pro hac vice*)
mike.kenny@alston.com
RODNEY J. GANSKE (*pro hac vice*)
rod.ganske@alston.com
MATTHEW D. KENT (*pro hac vice*)
matthew.kent@alston.com
ELIZABETH JORDAN (*pro hac vice*)
elizabeth.jordan@alston.com
MELISSA WHITEHEAD (*pro hac vice*)
melissa.whitehead@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-03424
Tel: (404) 881-7000
Facsimile: (404) 881-7777

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: */s/ Craig A. Benson*
KENNETH A. GALLO (*pro hac vice*)
JOSEPH J. SIMONS (*pro hac vice*)
CRAIG A. BENSON (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Tel: (202) 223-7356
Facsimile: (202) 204-7356
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2   BILZIN SUMBERG BAENA PRICE
    & AXELROD LLP

3   By: /s/ Scott N. Wagner
4   ROBERT W. TURKEN
    MITCHELL E. WIDOM
5   SCOTT N. WAGNER
    **BILZIN SUMBERG BAENA PRICE
6   & AXELROD LLP**
    1450 Brickell Ave., Suite 2300
7   Miami, Florida 33131-3456
    Tel: (305) 374-7580
8   Facsimile: (305) 374-7593
    E-mail: rturken@bilzin.com
9   E-mail: mwidom@bilzin.com
    E-mail: swagner@bilzin.com
10

11  STUART H. SINGER
    **BOIES, SCHILLER, & FLEXNER LLP**
12  401 East Las Olas Boulevard, Suite 1200
    Fort Lauderdale, Florida 33301
13  Tel: (954) 356-0011
    Facsimile: (954) 356-0022
14  E-mail: ssinger@bsfllp.com
15
    *Attorneys for Plaintiffs Tech Data Corporation and
16  Tech Data Product Management, Inc.*

17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION AND [PROPOSED] ORDER SETTING SCHEDULE FOR DEFENDANTS
TO ANSWER OR OTHERWISE RESPOND TO THE DELL AMENDED COMPLAINT,
SHARP COMPLAINT, AND TECH DATA AMENDED COMPLAINT
Case No. 07-5944 SC; MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lucius B. Lau, attest that concurrence in the filing of this document has been obtained from all signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 1st day of October, 2013, at Washington, DC.

By: _/s/ Lucius B. Lau_
Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____10/01/2013_____

Judge Samuel Conti

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

STIPULATION AND [PROPOSED] ORDER SETTING SCHEDULE FOR DEFENDANTS
TO ANSWER OR OTHERWISE RESPOND TO THE DELL AMENDED COMPLAINT,
SHARP COMPLAINT, AND TECH DATA AMENDED COMPLAINT
Case No. 07-5944 SC; MDL No. 1917

13

# EXHIBIT 2

William A. Isaacson
Jennifer Milici
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
Email:  wisaacson@bsfllp.com
Email:  jmilici@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:  piovieno@bsfllp.com
Email:  anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and
Attorneys for Plaintiffs Electrograph Systems, Inc.,
Electrograph Technologies, Corp., Office Depot, Inc.,
Compucom Systems, Inc., Interbond Corporation of
America, P.C. Richard & Son Long Island
Corporation, MARTA Cooperative of America, Inc.,
ABC Appliance, Inc., Schultze Agency Services LLC
on behalf of Tweeter Opco, LLC and Tweeter
Newco, LLC*

[additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: Cathode Ray Tube (CRT) | Master File No. 3:07-md-05944-SC |
| ANTITRUST LITIGATION | MDL No. 1917. |
| This Document Relates To: | **DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. and CHUNGHWA PICTURE TUBES (MALAYSIA).** |

*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;

*Stoebner, et al. v. LG Electronics, et al.*, No. 11-cv-05381;

*Siegel v. Hitachi, Ltd., et al.* No. 11-cv-05502;

*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

1  *Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

2

3  *Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275;

4  *Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276;

5

6  *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

7  *Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

8

9  *P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

10  *Schultze Agency Services, LLC, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

11

12  *Tech Data Corporation, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02795-JSM-MAP (M.D. Fla.).

13

14  **PROPOUNDING PARTIES:**   Direct Action Plaintiffs Electrograph Systems, Inc. and

15  Electrograph Technologies Corp.; John R. Stoebner, as Chapter 7 Trustee for PBE Consumer Electronics, LLC and

16  related entities and Douglas Kelley, as Chapter 11 Trustee for Petters Company, Inc. and related entities, and as

17  Receiver for Petters Company, LLC and related entities; Alfred H. Siegel, solely as Trustee of the Circuit City

18  Stores, Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy

19  Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-

20  Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Office Depot, Inc.; CompuCom Systems, Inc.;

21  Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc.,

22  and ABC Appliance, Inc.; Schultze Agency Services, LLC

23  on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; Tech Data Corporation and Tech Data Product

24  Management, Inc.

25  **RESPONDING PARTIES:**   Chunghwa Picture Tubes, Ltd. and Chunghwa Picture

26  Tubes (Malaysia).

27  **SET:**   One

28

DIRECT ACTION PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION TO CHUNGHWA
DEFENDANTS

Master File No. 3:07-md-05944-SC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

Pursuant to Federal Rules of Civil Procedure 26 and 34, Direct Action Plaintiffs Direct Action Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.; John R. Stoebner, as Chapter 7 Trustee for PBE Consumer Electronics, LLC and related entities and Douglas Kelley, as Chapter 11 Trustee for Petters Company, Inc. and related entities, and as Receiver for Petters Company, LLC and related entities; Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; CompuCom Systems, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; Tech Data Corporation and Tech Data Product Management, Inc. (collectively, "Direct Action Plaintiffs"), through their counsel, request that Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) (collectively, "Chunghwa Defendants") respond to the following document requests within thirty days of service and produce responsive documents, and afterwards supplement such production as may become necessary to comply with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

19

## DEFINITIONS

20
21
22
23

The words and phrases used in these requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any request.

24
25
26
27

1.      The term "Affiliated Entity(ies)" means any entity(ies) involved in the production, pricing, marketing, distribution, and/or sale of CRTs or CRT Products (as those terms are defined herein) at any time during the Relevant Period (as defined herein) in which any of the Chunghwa Defendants (as defined herein), or any division, subdivision, business unit,

28

parent, subsidiary, affiliate, or joint venture thereof, held any ownership interest at any time from March 1, 1995, to the present.

2.     The words "all," "any," and "each" mean "each and every."

3.     The words "and" and "or" are both conjunctive and disjunctive as necessary.

4.     The term "business expenses" includes any and all costs of doing business, including but not limited to any and all taxes, land acquisition costs, rent payments, insurance expenses, utility expenses (including but not limited to payments to vendors providing gas, electric, water, trash disposal, internet, or phone services), office equipment purchases, maintenance and repair expenses, office construction or remodeling expenses, legal representation expenses, accounting expenses, and licensing or permit fees.

5. The words "communication" or "correspondence" or words of similar import, in the singular or plural, mean and include without limitation any transmission of documents, conversations, discussions, meetings, or other oral or written exchanges arising out of or concerning the subject matter addressed.

6.     The term "CRT" means cathode ray tube and includes cathode ray tubes used in color televisions and color computer monitors.

7.     The term "CRT Manufacturer" means any entity that manufactures CRTs.

8.     The term "CRT Product" means a television or computer monitor containing a CRT.

9.     The term "CRT Product Manufacturer" means any entity that manufacturers products containing CRTs, including, but not limited to, original equipment manufacturers, original design manufacturers, electronics manufacturing services, contract manufacturers, and/or systems integrators.

10.    "Document" means, without limitation, the following items, whether printed, recorded, or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; orders; purchase orders; communications; correspondence; letters; emails; telegrams; tape recordings; memoranda; summaries; notes or other recordings of telephone conversations, personal conversations, or meetings; agenda of meetings; notices;

minutes; records; calendars; daily diaries; daytimers; statistics; interoffice memoranda; personal memoranda; photographs; photographic slides; motion picture films; audio tapes; charts; graphs; diagrams; drawings; bookkeeping entries; bills; invoices; orders; receipts; canceled checks; vouchers; ledger sheets; computer printouts; statements of witnesses; findings of investigations; files; records of negotiations; reports of experts; reports of consultants; papers; books; bulletins; publications; telefaxes; facsimiles; worksheets; securities; order tickets; records; objects; video tapes; maps; posters; pamphlets; flyers; and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported. This includes all drafts, alterations, modifications, changes, and amendments of any of the foregoing of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody, or control. A draft or non-identical copy is a separate document within the meaning of this term.

11. "Identify," when used with reference to an entity, means to state the full name, present or last known address, and present or last known telephone number of such entity.

12. "Identify," when used with reference to documents, other than those under claim of privilege, means to identify the documents by each author, sender, addressee, date, subject, recipient, place of recording, and custodian.

13. "Identify" or "identification," when used in reference to an individual person, means to state his or her full name, present or last known address, present or last known telephone number, and present or last known position and business affiliation.

14. "Identify," "describe," "explain," or "state," when used in reference to any fact, act occurrence, transaction, statement, communication, document, or other matter, means to describe and identify the facts constituting such matter.

15. "Including" or "includes" means without limitation.

16. "Reflect(ing) or refer(ring) to" means a statement or communication about, relating to, concerning, describing, containing, identifying, or in any way pertaining to the subject matter in the request.

17. The term "Relevant Period" means the period beginning March 1, 1995 and continuing through the present.

18.     The terms "You" and "Your" mean the Chunghwa Defendants and/or each of the Chunghwa Defendants, as defined herein.

19.     The term "Chunghwa Defendants" refers collectively to Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia), and their predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof.

20.     The term "Proview International Holdings, Ltd." refers to Proview International Holdings, Ltd. and its predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof.

21.     The term "Proview Technologies, Inc." refers to Proview Technologies, Inc. and its predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof.

22.     The term "San-Chih Asset International Holding Corp." refers to San-Chih Asset International Holding Corp. and its predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof.

23.     The term "Shan Chih Assets Development Co., Ltd." refers to Shan Chih Assets Development Co., Ltd. and its predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof.

24.     The term "Tatung Company" refers to Tatung Company and its predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof.

## **INSTRUCTIONS**

1.     The documents covered by these requests include all documents in your possession, custody, or control.

2.     Each document request shall be construed independently, and no document request shall be viewed as limiting the scope of any other document request.

3.     Each document request seeks information limited to the Relevant Period, unless stated otherwise.

4. You shall produce all documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the documents to correspond to the categories of the requests. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, attachments, or enclosures to the document in addition to the document itself.

5. The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

6. If you withhold under any claim of privilege any document or thing or portion thereof requested, then furnish a list specifying each document or thing or part thereof for which the privilege is claimed and the following information about each such item: date, author, recipients and their titles; basis on which the privilege is claimed; the paragraph or sub-paragraph of the request to which the document or thing responds; and a sufficient description of the subject matter of the document or thing (without disclosing its contents) to allow its description to the Court for a ruling on the claim of privilege.

7. If any information requested is withheld based on a claim that such information constitutes attorney work-product, please provide all the information described in the previous instruction and identify the litigation in connection with which the information and the information it contains was obtained and/or prepared.

8. For each document request with respect to which you assert a claim of privilege, state whether the documents or information requested have ever been provided to the Government or any party, entity, or individual other than the Chunghwa Defendants or their attorneys.

9. If any responsive document was but is no longer in your possession or subject to your control, state whether it is: (a) missing or lost; (b) destroyed; (c) otherwise disposed of; or (d) transferred voluntarily or involuntarily to others, and identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

1    10.    The obligation to respond to these document requests is continuing pursuant to

2    Rule 26(e) of the Federal Rules of Civil Procedure.  If at any time after responding to these

3    document requests you discover additional responsive documents that will make your responses

4    to these document requests more complete or correct, amend your responses and produce such

5    responsive documents as soon as reasonably possible, pursuant to the requirements of Rule

6    26(e).

7    11.    If an objection is made to a request, or a part of a request, the specific ground for

8    the objection shall be set forth clearly in the response to that request. If you consider only a part

9    of a request to be objectionable, you must specify such part, and must otherwise respond to the

10   remainder of the request.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

Documents sufficient to identify every entity and individual which held an ownership interest in each of the following entities during the Relevant Period, including the amount of ownership interest in each entity held by each owner at all times during the Relevant Period:

    a.  Each Chunghwa Defendant;

    b.  Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

    c.  All other Affiliated Entities.

**REQUEST NO. 2:**

For each of the following entities, documents sufficient to identify all officers, directors, and board members employed during the Relevant Period, their dates of employment, and their job title and duties:

    a.  Each Chunghwa Defendant;

    b.  Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

    c.  All other Affiliated Entities.

**REQUEST NO. 3:**

For the Relevant Period, all board of directors meeting minutes of each Chunghwa Defendant that name, mention, or reference any of the following entities:

    a.  Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

    b.  Any other Affiliated Entity.

**REQUEST NO. 4:**

For each of the following entities, organizational charts sufficient to identify all persons, departments, and divisions responsible for the production, pricing, marketing, distribution, and/or sale of CRTs or CRT Products at any time during the Relevant Period:

    a.  Each Chunghwa Defendant;

    b.  Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

    c.  All other Affiliated Entities.

**REQUEST NO. 5:**

Documents sufficient to identify all employees who were involved in any way in the setting of prices of CRTs sold by any Chunghwa Defendant to any of the following entities:

    a.  Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

    b.  Any other Affiliated Entity.

**REQUEST NO. 6:**

All documents relating to or reflecting the sale, purchase, or transfer of any CRT or CRT Product, including all communications relating to or reflecting the price or negotiation of prices for any such sale, purchase, or transfer, between any Chunghwa Defendant and any of the following entities:

    a.  Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

    b.  Any other Affiliated Entity.

**REQUEST NO. 7:**

All documents from the Relevant Period relating to or reflecting pricing guidelines for CRTs or CRT Products given to or provided by any Chunghwa Defendant by or to any of the following entities:

a. Proview International Holdings, Ltd., Proview Technologies, Inc., Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

b. Any other Affiliated Entity.

**REQUEST NO. 8:**

All communications from the Relevant Period between any Chunghwa Defendant and any of the following entities relating to production levels, output, or line capacity for CRTs or CRT Products made, produced, or manufactured, in whole or in part, by any of the following entities or any Chunghwa Defendant:

a. Proview International Holdings, Ltd., Proview Technologies, Inc., Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

b. Any other Affiliated Entity.

**REQUEST NO. 9:**

All documents from the Relevant Period which relate to or reflect the payment of the salary, retirement benefits, health insurance, medical bills, or any other monetary benefits by any Chunghwa Defendant to any employee of any of the following entities:

a. Proview International Holdings, Ltd., Proview Technologies, Inc., Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

b. Any other Affiliated Entity.

**REQUEST NO. 10:**

All documents from the Relevant Period which relate to or reflect the payment of any business expenses of any of the following entities by any Chunghwa Defendant:

a. Proview International Holdings, Ltd., Proview Technologies, Inc., Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

b. Any other Affiliated Entity.

**REQUEST NO. 11:**

All documents from the Relevant Period which relate to or reflect payment or authorization for payment of any travel expenses by any Chunghwa Defendant for any employee of any of the following entities:

a. Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

b. Any other Affiliated Entity.

**REQUEST NO. 12:**

All documents from the Relevant Period which relate to or reflect the transfer of money between any Chunghwa Defendant and any of the following entities:

a. Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

b. Any other Affiliated Entity.

**REQUEST NO. 13:**

All documents from the Relevant Period which relate to or reflect the extension of credit between any Chunghwa Defendant and any of the following entities:

a. Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

b. Any other Affiliated Entity.

**REQUEST NO. 14:**

All budgets, draft budgets, financial forecasts, and business plans from the Relevant Period provided to any Chunghwa Defendant by any of the following entities:

a. Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

1    b.  Any other Affiliated Entity.

2    **REQUEST NO. 15:**

3    All documents reflecting or referring to any financial, economic, accounting, or

4    production analyses that any Chunghwa Defendant conducted relating to any of the following

5    entities:

6    a.  Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

7       San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

8       Ltd.; and

9    b.  Any other Affiliated Entity.

10   **REQUEST NO. 16:**

11   All documents reflecting or referring to any contract or agreement, either executed or

12   proposed, between any Chunghwa Defendant and any of the following entities, including but not

13   limited to shared services agreements, transition services agreements, agreements to provide

14   information technology services, and agreements concerning the sale of any products:

15   a.  Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

16      San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

17      Ltd.; and

18   b.  Any other Affiliated Entity.

19   **REQUEST NO. 17:**

20   All communications between any Chunghwa Defendant and any governmental agency or

21   representative (of any locality, county, state, country, or continent) relating to any of the

22   following entities:

23   a.  Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

24      San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

25      Ltd.; and

26   b.  Any other Affiliated Entity.

27

28

**REQUEST NO. 18:**

Documents sufficient to show any instance in which any of the Chunghwa Defendants brought any legal action or proceeding against any of the following entities:

      a. Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

      b. Any other Affiliated Entity.

**REQUEST NO. 19:**

Documents sufficient to show any instance in which any Affiliated Entity brought any legal action or proceeding against any of the following entities:

      a. Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

      b. Any other Affiliated Entity.

**REQUEST NO. 20:**

Documents sufficient to show any instance in which Proview International Holdings, Ltd., Proview Technologies, Inc., Tatung Company, San-Chih Asset International Holding Corp., or Shan Chih Assets Development Co., Ltd. brought any legal action or proceeding against any of the following entities:

      a. Each Chunghwa Defendant;

      b. Each Affiliated Entity.

**REQUEST NO. 21:**

Documents sufficient to identify all legal proceedings, court filings, or filings with a governmental agency of any locality, county, state, country, or continent) wherein any Chunghwa Defendant, Proview International Holdings, Ltd., Proview Technologies, Inc., Tatung Company, San-Chih Asset International Holding Corp., Shan Chih Assets Development Co., Ltd., or any other Affiliated Entity claimed protection from antitrust liability pursuant to

1   *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984), its progeny, or its state

2   law counterparts.

3   **REQUEST NO. 22:**

4           Documents sufficient to show the source (whether a CRT Manufacturer or CRT Product

5   Manufacturer) of the CRTs each of the following entities purchased at any given time during the

6   Relevant Period, including, but not limited to, invoices, inventory data, and contracts for bulk

7   purchases of CRTs:

8           a.  Each Chunghwa Defendant;

9           b.  Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

10              San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

11              Ltd.; and

12          c.  All other Affiliated Entities.

13  **REQUEST NO. 23:**

14          For CRTs purchased by each of the following entities from another CRT Product

15  Manufacturer, which were already integrated into a CRT Product, documents sufficient to show

16  each such CRT Product Manufacturer's CRT sources:

17          a.  Each Chunghwa Defendant;

18          b.  Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

19              San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

20              Ltd.; and

21          c.  All other Affiliated Entities.

22  **REQUEST NO. 24:**

23          Documents sufficient to trace how and when the CRTs or CRT Products each of the

24  following entities purchased were integrated into the purchasing entity's own CRT Products,

25  including, but not limited to the serial numbers, product numbers, model numbers, specifications

26  and/or dates of manufacture for such CRT Products:

27          a.  Each Chunghwa Defendant;

28

1       b.   Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

2            San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

3            Ltd.; and

4       c.   All other Affiliated Entities.

5   **REQUEST NO. 25:**

6       Documents sufficient to show the specifications (i.e., size, type, resolution, brightness,

7   contrast ratio, viewing angle, and manufacturer) of each CRT purchased by each of the following

8   entities during the Relevant Period, whether as a stand-alone CRT or as integrated into a CRT

9   Product:

10      a.   Each Chunghwa Defendant;

11      b.   Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

12           San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

13           Ltd.; and

14      c.   All other Affiliated Entities.

15  **REQUEST NO. 26:**

16      Documents sufficient to show the product specifications (*e.g.*, bills of material

17  identifying the CRT specifications or source) and/or marketing or sales brand and model for each

18  CRT Product manufactured by each of the following entities during the Relevant Period:

19      a.   Each Chunghwa Defendant;

20      b.   Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

21           San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

22           Ltd.; and

23      c.   All other Affiliated Entities.

24  **REQUEST NO. 27:**

25      Documents sufficient to identify the CRTs (by manufacturer, type, size, resolution,

26  brightness, contrast ratio, and viewing angle) that each of the following entities installed in each

27  of its CRT Products (by model number and timeframe (*e.g.*, year, quarter, week, or month))

28  during the Relevant Period:

a.  Each Chunghwa Defendant;

b.  Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

c.  All other Affiliated Entities.

**REQUEST NO. 28:**

Documents sufficient to show any and all manufacturers and sizes of CRTs that each of the following entities approved or preapproved for purchase and use in CRT Products at any given time during the Relevant Period, including but not limited to any "approved CRT" lists or similar documents identifying the part number, product number, manufacturer, type, size, resolution, brightness, contrast ratio, and/or viewing angle of each CRT approved for purchase and use:

a.  Each Chunghwa Defendant;

b.  Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

c.  All other Affiliated Entities.

If any of the listed entities had different lists of approved CRT Manufacturers for a given CRT size, end product type, model, or brand, identify the approved CRT Manufacturer(s) at the finest product granularity at which such approvals were established.

**REQUEST NO. 29:**

Documents sufficient to identify all of the CRT Products by model number and year (or month or other time period if not consistent for the year) in which each of the following entities exclusively used and installed CRTs manufactured by a Defendant or named co-conspirator in this litigation during the Relevant Period:

a.  Each Chunghwa Defendant;

1

b.  Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

2

San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

3

Ltd.; and

4

c.  All other Affiliated Entities.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    DATED:  June 10, 2013                    /s/  Philip J. Iovieno

2                                             William A. Isaacson
3                                             Jennifer Milici
                                              BOIES, SCHILLER & FLEXNER LLP
4                                             5301 Wisconsin Ave. NW, Suite 800
                                              Washington, D.C.  20015
5                                             Telephone:  (202) 237-2727
                                              Facsimile:   (202) 237-6131
6                                             Email:  wisaacson@bsfllp.com
                                              Email:  jmilici@bsfllp.com
7
                                              Stuart Singer
8                                             BOIES, SCHILLER & FLEXNER LLP
                                              401 East Las Olas Blvd., Suite 1200
9                                             Fort Lauderdale, FL 33301
                                              Telephone:  (954) 356-0011
10                                            Facsimile:   (954) 356-0022
                                              Email:  ssinger@bsfllp.com
11
                                              Philip J. Iovieno
12                                            Anne M. Nardacci
                                              BOIES, SCHILLER & FLEXNER LLP
13                                            10 North Pearl Street, 4th Floor
                                              Albany, NY  12207
14                                            Telephone:  (518) 434-0600
                                              Facsimile:   (518) 434-0665
15                                            Email:  piovieno@bsfllp.com
                                              Email:  anardacci@bsfllp.com
16
                                              *Liaison Counsel for Direct Action Plaintiffs and
17                                            Attorneys for Plaintiffs Electrograph Systems, Inc.,
                                              Electrograph Technologies, Corp., Office Depot, Inc.,
18                                            Compucom Systems, Inc., Interbond Corporation of
                                              America, P.C. Richard & Son Long Island
19                                            Corporation, MARTA Cooperative of America, Inc.,
                                              ABC Appliance, Inc., Schultze Agency Services LLC
20                                            on behalf of Tweeter Opco, LLC and Tweeter Newco,
                                              LLC*
21

22                                            /s/  Kenneth S. Marks

23                                            H. Lee Godfrey
24                                            Kenneth S. Marks
                                              Jonathan J. Ross
25                                            Johnny W. Carter
                                              David M. Peterson
26                                            SUSMAN GODFREY L.L.P.
                                              1000 Louisiana Street, Suite 5100
27                                            Houston, Texas 77002
                                              Telephone:  (713) 651-9366
28                                            Facsimile:  (713) 654-6666

DIRECT ACTION PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION TO CHUNGHWA          - 17 -                     Master File No. 3:07-md-05944-SC
DEFENDANTS

Email:  lgodfrey@sumangodfrey.com
Email:  kmarks@susmangodfrey.com
Email:  jross@susmangodfrey.com
Email:  jcarter@susmangodfrey.com
Email:  dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email:  pfolse@susmangodfrey.com
Email:  rblack@susmangodfrey.com
Email:  jconnors@susmangodfrey.com

*Attorneys for Plaintiff Alfred H. Siegel, solely as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

/s/  David. J. Burman
David J. Burman (admitted *pro hac vice*)
Cori G. Moore (admitted *pro hac vice*)
Eric J. Weiss (admitted *pro hac vice*)
Nicholas H. Hesterberg (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:      206.359.8000
Facsimile:      206.359.9000
Email:  DBurman@perkinscoie.com
Email:  CGMoore@perkisncoie.com
Email:  EWeiss@perkinscoie.com
Email:  NHesterberg@perkinscoie.com

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:      415.344.7120
Facsimile:      415.344.7320

*Attorneys for Plaintiff Costco Wholesale Corporation*

1

/s/  Roman M. Silberfeld
Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)

2

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400

3

Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130

4

Facsimile:   (310) 229-5800
Email:  RMSilberfeld@rkmc.com

5

Email:  DMartinez@rkmc.com

6

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy*

7

*Purchasing LLC, Best Buy Enterprise Services, Inc.,*
*Best Buy Stores, L.P., Bestbuy.com, L.L.C., and*

8

*Magnolia Hi-Fi, Inc.*

9

10

/s/  Jessica L. Meyer
Jessica L. Meyer
James M. Lockhart

11

James P. McCarthy
Kelly G. Laudon

12

LINDQUIST & VENNUM P.L.L.P.
4200 IDS Center

13

80 South Eighth Street
Minneapolis, MN 55402

14

Telephone:  (612) 371-3211
Email:  jmeyer@lindquist.com

15

Email:  jlockhart@lindquist.com
Email:  jmccarthy@lindquist.com

16

Email: klaudon@lindquist.com

17

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy*

18

*Purchasing LLC, Best Buy Enterprise Services, Inc.,*
*Best Buy Stores, L.P., Bestbuy.com, L.L.C., and*

19

*Magnolia Hi-Fi, Inc.*

20

/s/  Jason C. Murray
Jason C. Murray (CA Bar No. 169806)

21

CROWELL & MORING LLP
515 South Flower St., 40th Floor

22

Los Angeles, CA  90071
Telephone:  213-443-5582

23

Facsimile:  213-622-2690
Email:         jmurray@crowell.com

24

25

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)

26

CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.

27

Washington, D.C. 20004
Telephone:  202-624-2500

28

Facsimile:  202-628-5116
E-mail:  jmurphy@crowell.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

aheaven@crowell.com

*Attorneys for Target Corp.*

/s/  Richard Alan Arnold
Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email:  rarnold@knpa.com
Email:  wblechman@knpa.com
Email:  kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

/s/  Scott N. Wagner

Robert W. Turken
Scott N. Wagner
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel:  305-374-7580
Fax: 305-374-7593
Email:  rturken@bilzin.com
Email: swagner@bilzin.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022
Email:  ssinger@bsfllp.com

William A. Isaacson
Jennifer Milici
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
Email:  wisaacson@bsfllp.com
Email:  jmilici@bsfllp.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
Email:  anardacci@bsfllp.com

*Attorneys for Plaintiffs Tech Data Corporation and
Tech Data Product Management, Inc.*

# EXHIBIT 3

1   GIBSON, DUNN & CRUTCHER LLP
    JOEL S. SANDERS, SBN 107234
2   jsanders@gibsondunn.com
    RACHEL S. BRASS, SBN 219301
3   rbrass@gibsondunn.com
    555 Mission Street, Suite 3000
4   San Francisco, CA 94105
    Telephone: (415) 393-8200
5   Facsimile: (415) 986-5309

6   Attorneys for Defendant
    CHUNGHWA PICTURE TUBES, LTD.

7

8                      UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12  In re Cathode Ray Tube (CRT) ANTITRUST      Master File No. 3:07-md-05944 SC
    LITIGATION                                  MDL No. 1917
13  _____

14  This Document Relates To:                   **CHUNGHWA PICTURE TUBES, LTD.'S
                                                RESPONSES AND OBJECTIONS TO
15  *Electrograph Systems, Inc., et al. v. Hitachi,*   **DIRECT ACTION PLAINTIFFS' FIRST
    *Ltd., et al.*, No. 11-cv-01656;            SET OF REQUESTS FOR PRODUCTION**
16
    *Stoebner, et al. v. LG Electronics, et al.*, No.
17  11-cv-05381;

18  *Siegel v. Hitachi, Ltd., et al.* No. 11-cv-05502;

19
    *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*,
20  No. 11-cv-05513;

21  *Target Corp, et al. v. Chunghwa Picture
    Tubes, Ltd., et al.*, No. 11-cv-05514;
22
    *Interbond Corporation of America v. Hitachi,
23  et al.*, No. 11-cv-06275;

24  *Office Depot, Inc. v. Hitachi Ltd., et al.*,
    No. 11-cv-06276;
25
    *CompuCom Systems, Inc. v. Hitachi, Ltd.,
26  et al.*, No. 11-cv-06396;

27
    *Costco Wholesale Corporation v. Hitachi, Ltd.,
28  et al.*, No. 11-cv-06397;

*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*Schultze Agency Services, LLC, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Tech Data Corporation, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02795-JSM-MAP (M.D. Fla.).

PROPOUNDING PARTIES:       Direct Action Plaintiffs

RESPONDING PARTY:          Chunghwa Picture Tubes, Ltd.

SET:                       One

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Chunghwa Picture Tubes, Ltd. ("CPT") objects and responds to Direct Action Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; CompuCom Systems, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; Tech Data Corporation and Tech Data Product Management, Inc. (collectively, "Plaintiffs") First Set of Requests for Production ("Requests"), dated June 10, 2013.

## PRELIMINARY STATEMENT

      CPT has not completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. As discovery proceeds, facts, information, evidence, documents and things may be discovered that are not set forth in these responses, but which may have been responsive to these Requests. The following responses are based on CPT's knowledge, information and belief at this time and are complete as to CPT's best knowledge at this time. Furthermore, these responses were prepared based on CPT's good faith interpretation and understanding of the Requests and are subject to correction for inadvertent errors or omissions, if any.

CPT reserves the right to refer to, conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these responses.  In addition, CPT assumes no obligation to voluntarily supplement or amend these responses to reflect information, evidence, documents or things discovered following service of these responses.  Nevertheless, these responses are given without prejudice to subsequent revision or supplementation, including objections, based upon any information, evidence and documentation, which hereinafter may be discovered.

## GENERAL OBJECTIONS & RESPONSES

CPT incorporates the following General Objections and Responses into the specific Responses set forth below.  CPT does not waive any of these General Objections in its Responses to the specific Requests propounded.  Any specific objection made by CPT in no respect limits or modifies these General Objections.

1.      CPT objects generally to Plaintiffs' Requests to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules for the Northern District of California, or any rules and orders of the Court.

2.      CPT objects generally to Plaintiffs' Requests to the extent that they seek disclosure of information subject to the attorney-client privilege, attorney work product doctrine, joint defense privilege, or any other applicable privilege or protection available under any and all applicable laws. Any inadvertent disclosure of privileged information shall not constitute a waiving any otherwise valid claim of privilege, and any failure to assert a privilege as to one document or communication shall not be deemed to constitute a waiving the privilege as to any other document or communication so protected.

3.      CPT objects generally to Plaintiffs' Requests to the extent they seek information not within CPT's possession, custody, or control.

4.      CPT objects generally to the Requests on the grounds that they are "unreasonably cumulative or duplicative" and "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).

2

Gibson, Dunn &
Crutcher LLP

5.      CPT objects generally to Plaintiffs' Requests to the extent they seek information containing or relating to trade secrets, proprietary, or confidential information protected by constitutional, statutory or common law rights of privacy.  *See*, *e.g.*, Cal. Const. art. I, § 1.

6.      CPT objects generally to the Requests because, given their scope, preparing a substantive response is overly burdensome.

7.      CPT objects generally to Plaintiffs' Requests to the extent they seek information that is not relevant to the claims or defenses of any party in this action.

8.      CPT objects generally to Plaintiffs' Requests, including the Definitions, to the extent they contain misstatements of fact or law or inaccurate assumptions.  Nothing in these Responses shall be construed as constituting or implying an admission of any allegation or agreement with any assertion, assumption or characterization in the Requests.

9.      CPT objects generally to Plaintiffs' Requests to the extent Plaintiffs purport to seek a separate response from Chunghwa Picture Tubes (Malaysia), which ceased to exist in 2011.

10.     CPT objects to Plaintiffs' definition of the term "Chunghwa Defendants," which includes all "predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions" of Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes Malaysia, because this definition is overly broad and unduly burdensome.  Further, it improperly purports to seek information from distinct corporate entities and persons not parties to the current action and not controlled by CPT.  CPT further objects because the phrase "predecessors, parents, subsidiaries, or affiliates and segments, departments or divisions" in this definition is vague and ambiguous, including with respect to which entities Plaintiffs contend fulfill that role and the time period referenced.  CPT's responses to Plaintiffs' Requests interpret this term to refer only to CPT and CPT Malaysia and not to any purported "predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions."

11.     CPT objects to Plaintiffs' definition of the term "Proview International Holdings, Ltd.," which includes all "predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof," because this definition is overly broad and unduly burdensome.  Further, it improperly purports to seek information from distinct corporate entities and persons not parties to the current action and not controlled by CPT.  CPT further objects because the phrase "predecessors,

3

parents, subsidiaries, or affiliates and segments, departments or divisions" in this definition is vague and ambiguous, including with respect to which entities Plaintiffs contend fulfill that role and the time period referenced. CPT's responses to Plaintiffs' Requests interpret this term to refer only to Proview International Holdings, Ltd. and not to any purported "predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof."

12.     CPT objects to Plaintiffs' definition of the term "Proview Technologies, Inc.," which includes all "predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof," because this definition is overly broad and unduly burdensome. Further, it improperly purports to seek information from distinct corporate entities and persons not parties to the current action and not controlled by CPT. CPT further objects because the phrase "predecessors, parents, subsidiaries, or affiliates and segments, departments or divisions" in this definition is vague and ambiguous, including with respect to which entities Plaintiffs contend fulfill that role and the time period referenced. CPT's responses to Plaintiffs' Requests interpret this term to refer only to Proview Technologies, Inc. and not to any purported "predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof."

13.     CPT objects to Plaintiffs' definition of the term "San-Chih Asset International Holding Corp." which includes all "predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof," because this definition is overly broad and unduly burdensome. Further, it improperly purports to seek information from distinct corporate entities and persons not parties to the current action and not controlled by CPT. CPT further objects because the phrase "predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions" in this definition is vague and ambiguous, including with respect to which entities Plaintiffs contend fulfill that role and the time period referenced. CPT's responses to Plaintiffs' Requests interpret this term to refer only to San-Chih Asset International Holding Corp. and not to any purported "predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof."

14.     CPT objects to Plaintiffs' definition of the term "San Chih Assets Development Co., Ltd." which includes all "predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof," because this definition is overly broad and unduly burdensome. Further, it

1    improperly purports to seek information from distinct corporate entities and persons not parties to the

2    current action and not controlled by CPT.  CPT further objects because the phrase "predecessors,

3    parents, subsidiaries, or affiliates and segments, departments or divisions" in this definition is vague

4    and ambiguous, including with respect to which entities Plaintiffs contend fulfill that role and the

5    time period referenced.  CPT's responses to Plaintiffs' Requests interpret this term to refer only to

6    San Chih Assets Development Co., Ltd. and not to any purported "predecessors, parents, subsidiaries,

7    or affiliates and segments, departments, or divisions thereof."

8         15.    CPT objects to Plaintiffs' definition of the term "Tatung Company" which includes all

9    "predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof,"

10   because this definition is overly broad and unduly burdensome.  Further, it improperly purports to

11   seek information from distinct corporate entities and persons not parties to the current action and not

12   controlled by CPT.  CPT further objects because the phrase "predecessors, parents, subsidiaries, or

13   affiliates and segments, departments or divisions" in this definition is vague and ambiguous,

14   including with respect to which entities Plaintiffs contend fulfill that role and the time period

15   referenced.  CPT's responses to Plaintiffs' Requests interpret this term to refer only to Tatung

16   Company and not to any purported "predecessors, parents, subsidiaries, or affiliates and segments,

17   departments, or divisions thereof."

18        16.    CPT objects to the definition of the term "AFFILIATED ENTITIES," which purports

19   to apply to "*any* entity(ies) involved in the production, pricing, marketing, distribution and/or sale of

20   CRTs or CRT Products . . . at *any* time during the Relevant Period . . . in which *any* of the Chunghwa

21   Defendants . . . or *any* division, subdivision, business unit, parent, subsidiary, affiliate, or joint

22   venture therof, held *any* ownership interest at any time from March 1, 1995 to the present," as vague,

23   overbroad, and unduly burdensome.  Should Plaintiffs wish for CPT to search for potentially

24   responsive information regarding a particular entity or entities, CPT is willing to meet and confer

25   regarding a revised definition to this term.

26        17.    CPT objects to these Requests for Production insofar as they have been served on

27   behalf of Circuit City and Electrograph in violation of CPT's settlement agreements with those

28   parties.  CPT is not responding to the Requests served by Circuit City and Electrograph.

18.     CPT objects to these Requests for Production insofar as they have been served on behalf of John R. Stoebner, as Chapter 7 Trustee for PBE Consumer Electronics, LLC and related entities and Douglas Kelley, as Chapter 11 Trustee for Petters Company, Inc. and related entities, and as Receiver for Petters Company, LLC and related entities.  CPT has not been served in the action brought by those entities and such discovery is therefore not proper.

19.     CPT reserves all other objections, including but not limited to objections to the relevance, admissibility, or authenticity of all documents or information provided.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

Documents sufficient to identify every entity and individual which held an ownership interest in each of the following entities during the Relevant Period, including the amount of ownership interest in each entity held by each owner at all times during the Relevant Period:

    a.     Each Chunghwa Defendant;

    b.     Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

    c.     All other Affiliated Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound and seeking information outside of CPT's custody or control.  CPT further objects to this Request as overly broad and because the burden and expense of the proposed discovery far outweighs its likely benefit.  CPT further objects because this Request seeks information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  CPT further states that the information sought regarding Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; and Shan Chih Assets Development Co., Ltd.—entities entirely distinct from CPT—is not within CPT's custody or control, as are documents that would identify every entity and individual holding an ownership in CPT, a publicly traded company.

6

Subject to, and without waiving the foregoing objections, CPT states that it will produce documents sufficient to identify CPT's significant shareholders.

**REQUEST NO. 2:**

For each of the following entities, documents sufficient to identify all officers, directors, and board members employed during the Relevant Period, their dates of employment, and their job title and duties:

    a.      Each Chunghwa Defendant;

    b.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

    c.      All other Affiliated Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound, and to the extent it asks for information outside of CPT's custody or control.  CPT further objects to this Request as overly broad and seeking information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  CPT further states that the information sought regarding Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; and Shan Chih Assets Development Co., Ltd.—entities entirely distinct from CPT—is either publicly available (and thus, equally available to Plaintiffs) or not within CPT's custody or control. Subject to, and without waiving the foregoing objections, CPT will produce documents sufficient to show the names and job titles of its officers, directors and board members during the Relevant Period.

**REQUEST NO. 3:**

For the Relevant Period, all board of directors meeting minutes of each Chunghwa Defendant that name, mention, or reference any of the following entities:

    a.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

b.      Any other Affiliated Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound, and to the extent it asks for information outside of CPT's custody or control.  CPT further objects because this Request seeks information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  CPT further objects to this Request to the extent that it seeks privileged and confidential information.  CPT further objects to this Request as overly broad and unduly burdensome: Conducting a reasonable search for responsive materials at CPT would require translation and review of voluminous documents, the burden and expense of which would far outweigh its likely benefit. CPT further states that the information sought regarding Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; and Shan Chih Assets Development Co., Ltd.—entities entirely distinct from CPT—is not within CPT's custody or control.  CPT is willing to meet and confer with Plaintiffs' counsel regarding a response to a more narrowly tailored Request.

**REQUEST NO. 4:**

For each of the following entities, organizational charts sufficient to identify all persons, departments, and divisions responsible for the production, pricing, marketing, distribution, and/or sale of CRTs or CRT Products at any time during the Relevant Period:

a.      Each Chunghwa Defendant;

b.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

c.      All other Affiliated Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound.  Subject to, and without waiving the foregoing objections, CPT refers

Plaintiffs to its prior productions for CPT's organizational charts, including those of CPT Malaysia, to the extent they exist.

**REQUEST NO. 5:**

Documents sufficient to identify all employees who were involved in any way in the setting of prices of CRTs sold by any Chunghwa Defendant to any of the following entities:

      a.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

      b.      Any other Affiliated Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound.  Subject to, and without waiving the foregoing objections, CPT refers Plaintiffs to its prior productions for materials responsive to this Request.

**REQUEST NO. 6:**

All documents relating to or reflecting the sale, purchase, or transfer of any CRT or CRT Product, including all communications relating to or reflecting the price or negotiation of prices for any such sale, purchase, or transfer, between any Chunghwa Defendant and any of the following entities:

      a.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

      b.      Any other Affiliated Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound, and to the extent it asks for information outside of CPT's custody or control.  CPT further objects to this Request as overly broad and because the burden and expense of the proposed discovery far outweighs its likely benefit.  Subject to, and without waiving the

Gibson, Dunn & Crutcher LLP

foregoing objections, CPT refers Plaintiffs to its previous productions for information regarding customer/supplier transactions between CPT or CPT Malaysia and customers.

**REQUEST NO. 7:**

All documents from the Relevant Period relating to or reflecting pricing guidelines for CRTs or CRT Products given to or provided by any Chunghwa Defendant by or to any of the following entities:

      a.      Proview International Holdings, Ltd., Proview Technologies, Inc., Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

      b.      Any other Affiliated Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound, and to the extent it asks for information outside of CPT's custody or control.  CPT further objects to this Request as overly broad and because the burden and expense of the proposed discovery far outweighs its likely benefit.  CPT further objects to the use of the term "pricing guidelines" as vague and ambiguous.  Subject to, and without waiving the foregoing objections, CPT responds as follows:  CPT is unaware of any documents within its control that are responsive to this request.

**REQUEST NO. 8:**

All communications from the Relevant Period between any Chunghwa Defendant and any of the following entities relating to production levels, output, or line capacity for CRTs or CRT Products made, produced, or manufactured, in whole or in part, by any of the following entities or any Chunghwa Defendant:

      a.      Proview International Holdings, Ltd., Proview Technologies, Inc., Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

      b.      Any other Affiliated Entity.

Gibson, Dunn & Crutcher LLP

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

2  CPT incorporates the General Objections and Responses set forth above.  CPT further objects

3  to this Request as compound, vague, and unintelligible.  CPT is willing to meet and confer with

4  Plaintiffs' counsel regarding what information Plaintiffs seek to obtain through this Request.

5  **REQUEST NO. 9:**

6  All documents from the Relevant Period which relate to or reflect the payment of the salary,

7  retirement benefits, health insurance, medical bills, or any other monetary benefits by any Chunghwa

8  Defendant to any employee of any of the following entities:

9  a.  Proview International Holdings, Ltd., Proview Technologies, Inc., Tatung Company;

10  San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

11  Ltd.; and

12  b.  Any other Affiliated Entity.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

14  CPT incorporates the General Objections and Responses set forth above.  CPT further objects

15  to this Request as compound.  CPT further objects to this Request as overly broad and because the

16  burden and expense of the proposed discovery far outweighs its likely benefit.  CPT further objects to

17  this Request as seeking confidential information that may violate the privacy rights of third parties.

18  CPT further objects to the use of the term "monetary benefits" as vague and ambiguous.  Subject to,

19  and without waiving the foregoing objections, CPT states that it is unaware of any documents

20  responsive to this request.

21  **REQUEST NO. 10:**

22  All documents from the Relevant Period which relate to or reflect the payment of any

23  business expenses of any of the following entities by any Chunghwa Defendant:

24  a.  Proview International Holdings, Ltd., Proview Technologies, Inc., Tatung Company;

25  San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

26  Ltd.; and

27  b.  Any other Affiliated Entity.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound.  CPT further objects because this Request seeks information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  CPT further objects to this Request as overly broad and because the burden and expense of the proposed discovery far outweighs its likely benefit.  CPT further objects to the use of the term "business expenses" as vague and ambiguous.  CPT is willing to meet and confer with Plaintiffs' counsel regarding what information Plaintiffs seek to obtain through this Request.

**REQUEST NO. 11:**

All documents from the Relevant Period which relate to or reflect payment or authorization for payment of any travel expenses by any Chunghwa Defendant for any employee of any of the following entities:

      a.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

      b.      Any other Affiliated Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound.  CPT further objects because this Request seeks information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  CPT further objects to this Request as overly broad and because the burden and expense of the proposed discovery far outweighs its likely benefit.  Subject to, and without waiving the foregoing objections, CPT will produce documents sufficient to show any payments of travel expenses for CPT's board members, including individuals employed by Tatung Company.  CPT is unaware of any responsive documents within its custody or control relating to Proview International Holdings, Ltd.; Proview Technologies, Inc.; San-Chih Asset International Holding Corp.; or Shan Chih Assets Development Co., Ltd.

1  **REQUEST NO. 12:**

2        All documents from the Relevant Period which relate to or reflect the transfer of money

3  between any Chunghwa Defendant and any of the following entities:

4      a.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

5               San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

6               Ltd.; and

7      b.      Any other Affiliated Entity.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

9        CPT incorporates the General Objections and Responses set forth above.  CPT further objects

10  to this Request as compound.  CPT further objects because this Request seeks information that is

11  neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the

12  discovery of admissible evidence.  CPT further objects to this Request as overly broad and because

13  the burden and expense of the proposed discovery far outweighs its likely benefit.  Subject to, and

14  without waiving the foregoing objections, CPT will produce documents sufficient to show any

15  transfers of money between CPT and Proview International Holdings, Ltd.; Proview Technologies,

16  Inc.; Tatung Company; San-Chih Asset International Holding Corp.; or Shan Chih Assets

17  Development Co., Ltd., to the extent any such transfers occurred and to the extent such documents

18  were not previously produced.

19  **REQUEST NO. 13:**

20        All documents from the Relevant Period which relate to or reflect the extension of credit

21  between any Chunghwa Defendant and any of the following entities:

22      a.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

23               San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

24               Ltd.; and

25      b.      Any other Affiliated Entity.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

27        CPT incorporates the General Objections and Responses set forth above.  CPT further objects

28  to this Request as compound.  CPT further objects because this Request seeks information that is

Gibson, Dunn &
Crutcher LLP

1   neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the

2   discovery of admissible evidence.  CPT further objects to this Request as overly broad and because

3   the burden and expense of the proposed discovery far outweighs its likely benefit.  Subject to, and

4   without waiving the foregoing objections, CPT will produce documents sufficient to show any

5   extensions of credit between CPT and Proview International Holdings, Ltd.; Proview Technologies,

6   Inc.; Tatung Company; San-Chih Asset International Holding Corp.; or Shan Chih Assets

7   Development Co., Ltd., to the extent any such extensions of credit occurred and to the extent such

8   documents were not previously produced.

9   **REQUEST NO. 14:**

10        All budgets, draft budgets, financial forecasts, and business plans from the Relevant Period

11   provided to any Chunghwa Defendant by any of the following entities:

12        a.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

13                San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

14                Ltd.; and

15        b.      Any other Affiliated Entity.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

17        CPT incorporates the General Objections and Responses set forth above.  CPT further objects

18   to this Request as compound.  CPT further objects because this Request seeks information that is

19   neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the

20   discovery of admissible evidence.  Subject to, and without waiving the foregoing objections, CPT

21   states that CPT is unaware of any such documents.

22   **REQUEST NO. 15:**

23        All documents reflecting or referring to any financial, economic, accounting, or production

24   analyses that any Chunghwa Defendant conducted relating to any of the following entities:

25        a.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

26                San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

27                Ltd.; and

28        b.      Any other Affiliated Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound.  CPT further objects because this Request seeks information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving the foregoing objections, CPT states that CPT is unaware of any such documents responsive to this request.

**REQUEST NO. 16:**

All documents reflecting or referring to any contract or agreement, either executed or proposed, between any Chunghwa Defendant and any of the following entities, including but not limited to shared services agreements, transition services agreements, agreements to provide information technology services, and agreements concerning the sale of any products:

a.     Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

b.     Any other Affiliated Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound.  CPT further objects because this Request seeks information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  CPT further objects to this Request to the extent it seeks privileged information.  Subject to, and without waiving the foregoing objections, CPT refers Plaintiffs to its previous productions for information regarding any customer/supplier transactions between CPT and Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; or Shan Chih Assets Development Co., Ltd. CPT is unaware of any agreements with these entities that would fall outside of the normal course of a customer/supplier relationship.

**REQUEST NO. 17:**

All communications between any Chunghwa Defendant and any governmental agency or representative (of any locality, county, state, country, or continent) relating to any of the following entities:

a.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

b.      Any other Affiliated Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

CPT incorporates the General Objections and Responses set forth above. CPT further objects to this Request as compound. CPT further objects because this Request seeks information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. CPT further objects to this Request as overbroad and because the burden and expense of the proposed discovery far outweighs its likely benefit. CPT is willing to meet and confer with Plaintiffs' counsel regarding a response to a more narrowly tailored Request.

**REQUEST NO. 18:**

Documents sufficient to show any instance in which any of the Chunghwa Defendants brought any legal action or proceeding against any of the following entities:

a.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

b.      Any other Affiliated Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

CPT incorporates the General Objections and Responses set forth above. CPT further objects because this Request seeks information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections, CPT states that CPT is unaware of any such documents regarding Tatung Company, San-Chih Asset International Holding Corp., or Shan Chih Assets Development

Gibson, Dunn & Crutcher LLP

1   Co., Ltd.  On July 5, 2011, CPT filed a claim against Proview in District Court in Taipei, Taiwan.  On

2   May 21, 2012, CPT filed a claim against Proview in Shenzhen, PRC.  CPT will produce the

3   complaints filed in these proceedings.

4   **REQUEST NO. 19:**

5        Documents sufficient to show any instance in which any Affiliated Entity brought any legal

6   action or proceeding against any of the following entities:

7        a.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

8                San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

9                Ltd.; and

10       b.      Any other Affiliated Entity.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

12       CPT incorporates the General Objections and Responses set forth above.  CPT further objects

13  to this Request as compound.  CPT further objects because this Request seeks information that is

14  neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the

15  discovery of admissible evidence.  CPT further objects to this Request to the extent it seeks

16  information outside of CPT's custody or control.  CPT further objects to this Request as overbroad

17  and unduly burdensome, given its incorporation of the overly broad term "Affiliated Entities" and its

18  request for information over an 18-year period.  CPT is willing to meet and confer with Plaintiffs'

19  counsel regarding a response to a more narrowly tailored Request.

20  **REQUEST NO. 20:**

21       Documents sufficient to show any instance in which Proview International Holdings, Ltd.,

22  Proview Technologies, Inc., Tatung Company, San-Chih Asset International Holding Corp., or Shan

23  Chih Assets Development Co., Ltd. brought any legal action or proceeding against any of the

24  following entities:

25       a.      Each Chunghwa Defendant;

26       b.      Each Affiliated Entity.

27

28

Gibson, Dunn &
Crutcher LLP

17

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects because this Request seeks information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving the foregoing objections, CPT states that CPT is unaware of any documents responsive to this Request.

**REQUEST NO. 21:**

Documents sufficient to identify all legal proceedings, court filings, or filings with a governmental agency of any locality, county, state, country, or continent) wherein any Chunghwa Defendant, Proview International Holdings, Ltd., Proview Technologies, Inc., Tatung Company, San-Chih Asset International Holding Corp., Shan Chih Assets Development Co., Ltd., or any other Affiliated Entity claimed protection from antitrust liability pursuant to *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984), its progeny, or its state law counterparts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound, and to the extent it asks for information outside of CPT's custody or control.  CPT further objects to this Request as overly broad and seeking information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  CPT further states that the information sought regarding Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; and Shan Chih Assets Development Co., Ltd.—entities entirely distinct from CPT—is not within CPT's custody or control.  Subject to, and without waiving the foregoing objections, CPT is not aware of any documents within its custody or control that are responsive to this Request.

**REQUEST NO. 22:**

Documents sufficient to show the source (whether a CRT Manufacturer or CRT Product Manufacturer) of the CRTs each of the following entities purchased at any given time during the Relevant Period, including, but not limited to, invoices, inventory data, and contracts for bulk purchases of CRTs:

18

a.     Each Chunghwa Defendant;

b.     Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

c.     All other Affiliated Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound, and to the extent it asks for information outside of CPT's custody or control.  CPT further objects to this Request as overly broad and seeking information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving the foregoing objections, CPT refers Plaintiffs to its previously produced transactional data regarding the sale of the CRTs manufactured by CPT and its subsidiaries.  CPT further states that additional information sought regarding Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; and Shan Chih Assets Development Co., Ltd.—entities entirely distinct from CPT—is not within CPT's custody or control.  CPT is not aware of any documents within its custody or control, not previously produced, that are responsive to this Request, because CPT and CPT Malaysia did not purchase CRTs during the Relevant Period.

**REQUEST NO. 23:**

For CRTs purchased by each of the following entities from another CRT Product Manufacturer, which were already integrated into a CRT Product, documents sufficient to show each such CRT Product Manufacturer's CRT sources:

a.     Each Chunghwa Defendant;

b.     Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

c.     All other Affiliated Entities.

Gibson, Dunn & Crutcher LLP

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound, and to the extent it asks for information outside of CPT's custody or control.  CPT further objects to this Request as overly broad and seeking information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving the foregoing objections, CPT refers Plaintiffs to its previously produced transactional data regarding the sale of CRTs manufactured by CPT and its subsidiaries.  CPT further states that additional information sought regarding Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; and Shan Chih Assets Development Co., Ltd.—entities entirely distinct from CPT—is not within CPT's custody or control.  CPT is not aware of any documents within its custody or control, not previously produced, that are responsive to this Request, because CPT and CPT Malaysia did not purchase or manufacture CRT Products during the Relevant Period.

**REQUEST NO. 24:**

Documents sufficient to trace how and when the CRTs or CRT Products each of the following entities purchased were integrated into the purchasing entity's own CRT Products, including, but not limited to the serial numbers, product numbers, model numbers, specifications and/or dates of manufacture for such CRT Products:

      a.      Each Chunghwa Defendant;

      b.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

      c.      All other Affiliated Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound, and to the extent it asks for information outside of CPT's custody or control.  CPT further objects to this Request as overly broad and seeking information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of

Gibson, Dunn &
Crutcher LLP

admissible evidence.  Subject to, and without waiving the foregoing objections, CPT refers Plaintiffs to its previously produced transactional data regarding the sale of CRTs manufactured by CPT and its subsidiaries.  CPT further states that additional information sought regarding Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; and Shan Chih Assets Development Co., Ltd.—entities entirely distinct from CPT—is not within CPT's custody or control.  CPT is not aware of any documents within its custody or control, not previously produced, that are responsive to this Request, because CPT and CPT Malaysia did not purchase or manufacture CRT Products during the Relevant Period.

**REQUEST NO. 25:**

Documents sufficient to show the specifications (i.e., size, type, resolution, brightness, contrast ratio, viewing angle, and manufacturer) of each CRT purchased by each of the following entities during the Relevant Period, whether as a stand-alone CRT or as integrated into a CRT Product:

    a.    Each Chunghwa Defendant;

    b.    Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

    c.    All other Affiliated Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound, and to the extent it asks for information outside of CPT's custody or control.  CPT further objects to this Request as overly broad and seeking information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving the foregoing objections, CPT refers Plaintiffs to its previously produced transactional data regarding the sale of CRTs manufactured by CPT and its subsidiaries.  CPT further states that additional information sought regarding Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; and Shan Chih Assets Development Co., Ltd.—entities entirely distinct from CPT—is not

21

within CPT's custody or control.  CPT is not aware of any documents within its custody or control, not previously produced, that are responsive to this Request, because CPT and CPT Malaysia did not purchase or manufacture CRT Products during the Relevant Period.

**REQUEST NO. 26:**

Documents sufficient to show the product specifications (*e.g.*, bills of material identifying the CRT specifications or source) and/or marketing or sales brand and model for each CRT Product manufactured by each of the following entities during the Relevant Period:

a. Each Chunghwa Defendant;

b. Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

c. All other Affiliated Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound, and to the extent it asks for information outside of CPT's custody or control.  CPT further objects to this Request as overly broad and seeking information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving the foregoing objections, CPT refers Plaintiffs to its previously produced transactional data and documents.  CPT further states that additional information sought regarding Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; and Shan Chih Assets Development Co., Ltd.—entities entirely distinct from CPT—is not within CPT's custody or control.  CPT is not aware of any documents within its custody or control, not previously produced, that are responsive to this Request.

**REQUEST NO. 27:**

Documents sufficient to identify the CRTs (by manufacturer, type, size, resolution, brightness, contrast ratio, and viewing angle) that each of the following entities installed in each of its

CRT Products (by model number and timeframe (*e.g.*, year, quarter, week, or month)) during the Relevant Period:

a.      Each Chunghwa Defendant;

b.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co., Ltd.; and

c.      All other Affiliated Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound, and to the extent it asks for information outside of CPT's custody or control.  CPT further objects to this Request as overly broad and seeking information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving the foregoing objections, CPT refers Plaintiffs to its previously produced transactional data and documents.  CPT further states that additional information sought regarding Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; and Shan Chih Assets Development Co., Ltd.—entities entirely distinct from CPT—is not within CPT's custody or control.  CPT is not aware of any documents within its custody or control, not previously produced, that are responsive to this Request.

**REQUEST NO. 28:**

Documents sufficient to show any and all manufacturers and sizes of CRTs that each of the following entities approved or preapproved for purchase and use in CRT Products at any given time during the Relevant Period, including but not limited to any "approved CRT" lists or similar documents identifying the part number, product number, manufacturer, type, size, resolution, brightness, contrast ratio, and/or viewing angle of each CRT approved for purchase and use:

a.      Each Chunghwa Defendant;

1       b.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

2           San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

3           Ltd.; and

4       c.      All other Affiliated Entities.

5 If any of the listed entities had different lists of approved CRT Manufacturers for a given CRT size,

6 end product type, model, or brand, identify the approved CRT Manufacturer(s) at the finest product

7 granularity at which such approvals were established.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

9       CPT incorporates the General Objections and Responses set forth above.  CPT further objects

10 to this Request as compound, and to the extent it asks for information outside of CPT's custody or

11 control.  CPT further objects to this Request as overly broad and seeking information that is neither

12 relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of

13 admissible evidence.  Subject to, and without waiving the foregoing objections, CPT states that

14 information sought regarding Proview International Holdings, Ltd.; Proview Technologies, Inc.;

15 Tatung Company; San-Chih Asset International Holding Corp.; and Shan Chih Assets Development

16 Co., Ltd.—entities entirely distinct from CPT—is not within CPT's custody or control.  CPT is not

17 aware of any documents within its custody or control, not previously produced, that are responsive to

18 this Request.

19 **REQUEST NO. 29:**

20       Documents sufficient to identify all of the CRT Products by model number and year (or

21 month or other time period if not consistent for the year) in which each of the following entities

22 exclusively used and installed CRTs manufactured by a Defendant or named co-conspirator in this

23 litigation during the Relevant Period:

24       a.      Each Chunghwa Defendant;

25       b.      Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company;

26           San-Chih Asset International Holding Corp.; Shan Chih Assets Development Co.,

27           Ltd.; and

28       c.      All other Affiliated Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects to this Request as compound, and to the extent it asks for information outside of CPT's custody or control.  CPT further objects to this Request as overly broad and seeking information that is neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving the foregoing objections, CPT states that information sought regarding Proview International Holdings, Ltd.; Proview Technologies, Inc.; Tatung Company; San-Chih Asset International Holding Corp.; and Shan Chih Assets Development Co., Ltd.—entities entirely distinct from CPT—is not within CPT's custody or control.  CPT is not aware of any documents within its custody or control, not previously produced, that are responsive to this Request.


DATED:  August 14, 2013

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS (jsanders@gibsondunn.com)
RACHEL S. BRASS (rbrass@gibsondunn.com)



By: _____/s/ Rachel S. Brass_____
                          Rachel S. Brass

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

# EXHIBIT 4

1   William A. Isaacson
    BOIES, SCHILLER & FLEXNER LLP
2   5301 Wisconsin Ave. NW, Suite 800
    Washington, D.C.  20015
3   Telephone:  (202) 237-2727
    Facsimile:   (202) 237-6131
4   Email:  wisaacson@bsfllp.com

5   Philip J. Iovieno
    Anne M. Nardacci
6   BOIES, SCHILLER & FLEXNER LLP
    30 South Pearl St., 11th Floor
7   Albany, NY  12207
    Telephone:  (518) 434-0600
8   Facsimile:   (518) 434-0665
    Email:  piovieno@bsfllp.com
9   Email:  anardacci@bsfllp.com

10  *Liaison Counsel for Direct Action Plaintiffs*

11  [additional counsel listed on signature page]

12              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
13                **SAN FRANCISCO DIVISION**

14  IN RE: CATHODE RAY TUBE (CRT)          Master File No. 3:07-md-05944-SC
    ANTITRUST LITIGATION
15                                          MDL No. 1917.

16  This Document Relates To:              **DIRECT ACTION PLAINTIFFS'**
                                          **SECOND SET OF REQUESTS FOR**
17  *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,*  **PRODUCTION TO DEFENDANTS**
    No. 11-cv-05513;                       **CHUNGHWA PICTURE TUBES, LTD.**
18                                          **and CHUNGHWA PICTURE TUBES**
    *Target Corp, et al. v. Chunghwa Picture*  **(MALAYSIA).**
19  *Tubes, Ltd., et al.,* No. 11-cv-05514;

20  *Interbond Corporation of America v. Hitachi,*
    *et al.,* No. 11-cv-06275;
21
    *Office Depot, Inc. v. Hitachi Ltd., et al.,*
22  No. 11-cv-06276;

23  *CompuCom Systems, Inc. v. Hitachi, Ltd.,*
    *et al.,* No. 11-cv-06396;
24
    *P.C. Richard & Son Long Island Corporation,*
25  *et al. v. Hitachi, Ltd., et al.,* No. 12-cv-02648;

26  *Schultze Agency Services, LLC, et al. v.*
    *Hitachi, Ltd., et al.,* No. 12-cv-02649;
27
    *Tech Data Corporation, et al. v. Hitachi, Ltd.,*
28  *et al.,* No. 13-cv-00157-SC

    DIRECT ACTION PLAINTIFFS' SECOND SET OF                Master File No. 3:07-md-05944-SC
    REQUESTS FOR PRODUCTION TO CHUNGHWA DEFENDANTS

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTIES:** | Direct Action Plaintiffs Best Buy Purchasing LLC, Best |
| 2 | | Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, LLC; Target |
| 3 | | Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; CompuCom |
| 4 | | Systems, Inc.; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and |
| 5 | | ABC Appliance, Inc.; Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; |
| 6 | | Tech Data Corporation and Tech Data Product Management, Inc. |
| 7 | | |
| 8 | **RESPONDING PARTIES:** | Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia). |
| 9 | **SET:** | Two |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

1    Pursuant to Federal Rules of Civil Procedure 26 and 34, Direct Action Plaintiffs Best Buy

2  Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P.,

3  Bestbuy.com, L.L.C., and Magnolia Hi-Fi, LLC; Target Corp., Sears, Roebuck, and Co., Kmart

4  Corp.; Interbond Corporation of America; Office Depot, Inc.; CompuCom Systems, Inc.; P.C.

5  Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC

6  Appliance, Inc.; Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter

7  Newco, LLC; Tech Data Corporation and Tech Data Product Management, Inc.  (collectively,

8  "Direct Action Plaintiffs"), through their counsel, request that Chunghwa Picture Tubes, Ltd. and

9  Chunghwa Picture Tubes (Malaysia) (collectively, "Chunghwa Defendants") respond to the

10  following document requests within thirty days of service and produce responsive documents,

11  and afterwards supplement such production as may become necessary to comply with the

12  requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

13  ### <u>DEFINITIONS</u>

14    The words and phrases used in these requests shall have the meanings ascribed to them

15  under the Federal Rules of Civil Procedure and the Local Rules of the United States District

16  Court for the Northern District of California. In addition, the following terms shall have the

17  meanings set forth below whenever used in any request.

18    1.    The term "Affiliated Entity(ies)" means any entity(ies) involved in the

19  production, pricing, marketing, distribution, and/or sale of CRTs or CRT Products (as those

20  terms are defined herein) at any time during the Relevant Period (as defined herein) in which any

21  of the Chunghwa Defendants (as defined herein), or any division, subdivision, business unit,

22  parent, subsidiary, affiliate, or joint venture thereof, held any ownership interest at any time from

23  March 1, 1995, to the present.

24    2.    The words "all," "any," and "each" mean "each and every."

25    3.    The words "and" and "or" are both conjunctive and disjunctive as necessary.

26    4.    The term "business expenses" includes any and all costs of doing business,

27  including but not limited to any and all taxes, land acquisition costs, rent payments, insurance

28  expenses, utility expenses (including but not limited to payments to vendors providing gas,

electric, water, trash disposal, internet, or phone services), office equipment purchases, maintenance and repair expenses, office construction or remodeling expenses, legal representation expenses, accounting expenses, and licensing or permit fees.

5. The words "communication" or "correspondence" or words of similar import, in the singular or plural, mean and include without limitation any transmission of documents, conversations, discussions, meetings, or other oral or written exchanges arising out of or concerning the subject matter addressed.

6. The term "CRT" means cathode ray tube and includes cathode ray tubes used in color televisions and color computer monitors.

7. The term "CRT Manufacturer" means any entity that manufactures CRTs.

8. The term "CRT Product" means a television or computer monitor containing a CRT.

9. The term "CRT Product Manufacturer" means any entity that manufacturers products containing CRTs, including, but not limited to, original equipment manufacturers, original design manufacturers, electronics manufacturing services, contract manufacturers, and/or systems integrators.

10. "Document" means, without limitation, the following items, whether printed, recorded, or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; orders; purchase orders; communications; correspondence; letters; emails; telegrams; tape recordings; memoranda; summaries; notes or other recordings of telephone conversations, personal conversations, or meetings; agenda of meetings; notices; minutes; records; calendars; daily diaries; daytimers; statistics; interoffice memoranda; personal memoranda; photographs; photographic slides; motion picture films; audio tapes; charts; graphs; diagrams; drawings; bookkeeping entries; bills; invoices; orders; receipts; canceled checks; vouchers; ledger sheets; computer printouts; statements of witnesses; findings of investigations; files; records of negotiations; reports of experts; reports of consultants; papers; books; bulletins; publications; telefaxes; facsimiles; worksheets; securities; order tickets; records; objects; video tapes; maps; posters; pamphlets; flyers; and any and every other writing or other graphic means

by which human intelligence is in any way transmitted or reported.  This includes all drafts, alterations, modifications, changes, and amendments of any of the foregoing of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody, or control.  A draft or non-identical copy is a separate document within the meaning of this term.

11.    "Identify," when used with reference to an entity, means to state the full name, present or last known address, and present or last known telephone number of such entity.

12.    "Identify," when used with reference to documents, other than those under claim of privilege, means to identify the documents by each author, sender, addressee, date, subject, recipient, place of recording, and custodian.

13.    "Identify" or "identification," when used in reference to an individual person, means to state his or her full name, present or last known address, present or last known telephone number, and present or last known position and business affiliation.

14.    "Identify," "describe," "explain," or "state," when used in reference to any fact, act occurrence, transaction, statement, communication, document, or other matter, means to describe and identify the facts constituting such matter.

15.    "Including" or "includes" means without limitation.

16.    "Reflect(ing) or refer(ring) to" means a statement or communication about, relating to, concerning, describing, containing, identifying, or in any way pertaining to the subject matter in the request.

17.    The term "Relevant Period" means the period beginning March 1, 1995 and continuing through the present.

18.    The terms "You" and "Your" mean the Chunghwa Defendants and/or each of the Chunghwa Defendants, as defined herein.

19.    The term "Chunghwa Defendants" refers collectively to Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia), and their predecessors, parents, subsidiaries, or affiliates and segments, departments, or divisions thereof.

## **INSTRUCTIONS**

1.      The documents covered by these requests include all documents in your possession, custody, or control.

2.      Each document request shall be construed independently, and no document request shall be viewed as limiting the scope of any other document request.

3.      Each document request seeks information limited to the Relevant Period, unless stated otherwise.

4.      You shall produce all documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the documents to correspond to the categories of the requests.   A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, attachments, or enclosures to the document in addition to the document itself.

5.      The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

6.      If you withhold under any claim of privilege any document or thing or portion thereof requested, then furnish a list specifying each document or thing or part thereof for which the privilege is claimed and the following information about each such item: date, author, recipients and their titles; basis on which the privilege is claimed; the paragraph or sub-paragraph of the request to which the document or thing responds; and a sufficient description of the subject matter of the document or thing (without disclosing its contents) to allow its description to the Court for a ruling on the claim of privilege.

7.      If any information requested is withheld based on a claim that such information constitutes attorney work-product, please provide all the information described in the previous instruction and identify the litigation in connection with which the information and the information it contains was obtained and/or prepared.

8.      For each document request with respect to which you assert a claim of privilege, state whether the documents or information requested have ever been provided to the

Government or any party, entity, or individual other than the Chunghwa Defendants or their attorneys.

9.      If any responsive document was but is no longer in your possession or subject to your control, state whether it is: (a) missing or lost; (b) destroyed; (c) otherwise disposed of; or (d) transferred voluntarily or involuntarily to others, and identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

10.      The obligation to respond to these document requests is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.  If at any time after responding to these document requests you discover additional responsive documents that will make your responses to these document requests more complete or correct, amend your responses and produce such responsive documents as soon as reasonably possible, pursuant to the requirements of Rule 26(e).

11.      If an objection is made to a request, or a part of a request, the specific ground for the objection shall be set forth clearly in the response to that request. If you consider only a part of a request to be objectionable, you must specify such part, and must otherwise respond to the remainder of the request.

1

## REQUESTS FOR PRODUCTION

2

**REQUEST NO. 30:**

3     All Documents relating to, prepared for, submitted to, or received from any foreign

4    governmental or legislative body, including the Canadian Competition Bureau, the European

5    Commission, any agency or representative body of any foreign country, state or other political

6    subdivision, or any law enforcement agency, authority or commission in any foreign country,

7    relating to the production, sale, marketing, pricing or distribution of CRT or CRT Products.  This

8    request includes all Documents relating to proffers, transcripts, notes, summaries, testimony,

9    witness statements, or responses to requests for information that You produced to any foreign

10   governmental agency or foreign grand jury, including any Documents produced as part of any

11   plea bargain negotiations or in connection with any application for or grant of amnesty.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  January 30, 2014

/s/  Philip J. Iovieno

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
Email:  ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
Email:  anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and
Attorneys for Plaintiffs Office Depot, Inc., Compucom
Systems, Inc., Interbond Corporation of America, P.C.
Richard & Son Long Island Corporation, MARTA
Cooperative of America, Inc., ABC Appliance, Inc.,
Schultze Agency Services LLC on behalf of Tweeter
Opco, LLC and Tweeter Newco, LLC*

/s/  David Martinez

Roman M. Silberfeld
David Martinez
Jill S. Casselman
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:  (310) 552-0130
Facsimile:   (310) 229-5800
Email:  rmsilberfeld@rkmc.com
            dmartinez@rkmc.com
            jscasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue

2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone:  (612) 349-8500
Facsimile:   (612) 339-4181
Email:  eskaplan@rkmc.com
          kcwildfang@rkmc.com
          lenelson@rkmc.com

*Counsel for Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C., and Magnolia Hi-Fi, LLC*

/s/  *William J. Blechman*

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard, Suite 1100
Miami, FL 33131
Telephone:  (305) 373-1000
Facsimile:  (305) 372-1861
Email:  rarnold@knpa.com
          wblechman@knpa.com
          kmurray@knpa.com

*Counsel for Plaintiff Sears Roebuck and Co. and Kmart Corp.*

/s/  *Jason C. Murray*

Jason C. Murray
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone:  (213) 443-5582
Facsimile:   (213) 622-2690
Email:  jmurray@crowell.com

Jerome A. Murphy
Astor H.L. Heaven
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 624-2500
Facsimile:   (202) 628-5116
Email:  jmurphy@crowell.com
          aheaven@crowell.com

*Counsel for Target Corp.*

1

/s/ Scott N. Wagner

2

Robert W. Turken
Scott N. Wagner

3

Mitchell E. Widom
BILZIN SUMBERG BAENA PRICE & AXELROD

4

LLP
1450 Brickell Ave, Suite 2300

5

Miami, FL 33131-3456
Tel: 305-374-7580

6

Fax: 305-374-7593
Email: rturken@bilzin.com

7

Email: swagner@bilzin.com

8

mwidom@bilzin.com

9

Stuart Singer

10

BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200

11

Fort Lauderdale, FL 33301
Telephone: (954) 356-0011

12

Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

13

*Attorneys for Plaintiffs Tech Data Corporation and*

14

*Tech Data Product Management, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 5

1  GIBSON, DUNN & CRUTCHER LLP
   JOEL S. SANDERS, SBN 107234
2  jsanders@gibsondunn.com
   RACHEL S. BRASS, SBN 219301
3  rbrass@gibsondunn.com
   AUSTIN SCHWING, SBN 211696
4  ASCHWING@GIBSONDUNN.COM
   555 Mission Street, Suite 3000
5  San Francisco, CA 94105
   Telephone: (415) 393-8200
6  Facsimile: (415) 986-5309

7  Attorneys for Defendant
   CHUNGHWA PICTURE TUBES, LTD.

8

9

10             UNITED STATES DISTRICT COURT

11         FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13  In re Cathode Ray Tube (CRT) ANTITRUST          Master File No. 3:07-md-05944 SC
    LITIGATION                                      MDL No. 1917
14  _____

15  This Document Relates To:                       **CHUNGHWA PICTURE TUBES, LTD.**
                                                    **AND CHUNGHWA PICTURE TUBES**
16  *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,*  **(MALAYSIA)'S RESPONSES TO DIRECT**
    No. 11-cv-05513;                                **ACTION PLAINTIFFS' SECOND SET OF**
17                                                  **REQUESTS FOR PRODUCTION**

18  *Target Corp, et al. v. Chunghwa Picture*
    *Tubes, Ltd., et al.,* No. 11-cv-05514;
19
    *Interbond Corporation of America v. Hitachi,*
20  *et al.,* No. 11-cv-06275;

21  *Office Depot, Inc. v. Hitachi Ltd., et al.,*
    No. 11-cv-06276;
22
    *CompuCom Systems, Inc. v. Hitachi, Ltd.,*
23  *et al.,* No. 11-cv-06396;

24
    *P.C. Richard & Son Long Island Corporation,*
25  *et al. v. Hitachi, Ltd., et al.,* No. 12-cv-02648;

26  *Schultze Agency Services, LLC, et al. v.*
    *Hitachi, Ltd., et al.,* No. 12-cv-02649;
27
    *Tech Data Corporation, et al. v. Hitachi, Ltd.,*
28  *et al.,* No. 12-cv-02795-JSM-MAP (M.D. Fla.)

Gibson, Dunn &
Crutcher LLP

CPT'S RESPONSES TO DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Master File No. 07-md-05944 SC, MDL No. 1917

PROPOUNDING PARTIES:        Direct Action Plaintiffs

RESPONDING PARTY:           Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia)

SET:                        Two

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) (collectively "CPT") provide the following responses to Direct Action Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; CompuCom Systems, Inc.; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; Tech Data Corporation and Tech Data Product Management, Inc.'s (collectively, "Plaintiffs") Second Set of Requests for Production ("Requests"), dated January 30, 2014.

## PRELIMINARY STATEMENT

The following responses are based on CPT's knowledge, information and belief at this time and are complete as to CPT's best knowledge at this time.  Furthermore, these responses were prepared based on CPT's good faith interpretation and understanding of the Requests and are subject to correction for inadvertent errors or omissions, if any.

CPT reserves the right to refer to, conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these responses.  In addition, CPT assumes no obligation to voluntarily supplement or amend these responses to reflect information, evidence, documents or things discovered following service of these responses.  Nevertheless, these responses are given without prejudice to subsequent revision or supplementation, including objections, based upon any information, evidence and documentation, which hereinafter may be discovered.

Gibson, Dunn & Crutcher LLP

CPT'S RESPONSES TO DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Master File No. 07-md-05944 SC, MDL No. 1917

### GENERAL OBJECTIONS & RESPONSES

CPT incorporates the following General Objections and Responses into the specific responses set forth below.  CPT does not waive any of these General Objections in its responses to the specific Request propounded.  Any specific objection made by CPT in no respect limits or modifies these General Objections.

1.       CPT objects generally to Plaintiffs' Request to the extent it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules for the Northern District of California, or any rules and orders of the Court.

2.       CPT objects generally to Plaintiffs' Request to the extent that it seeks disclosure of information subject to the attorney-client privilege, attorney work product doctrine, joint defense privilege, or any other applicable privilege or protection available under any and all applicable laws. Any inadvertent disclosure of privileged information shall not constitute a waiving any otherwise valid claim of privilege, and any failure to assert a privilege as to one document or communication shall not be deemed to constitute a waiving the privilege as to any other document or communication so protected.

3.       CPT objects generally to Plaintiffs' Request to the extent it seeks information not within CPT's possession, custody, or control.

4.       CPT objects generally to Plaintiffs' Request on the grounds that it is "unreasonably cumulative or duplicative" and "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).

5.       CPT objects generally to Plaintiffs' Request to the extent it seeks information containing or relating to trade secrets, proprietary, or confidential information protected by constitutional, statutory or common law rights of privacy.  *See*, *e.g.*, Cal. Const. art. I, § 1.

6.       CPT objects generally to Plaintiffs' Request because, given its scope, preparing a substantive response is overly burdensome.

7.       CPT objects generally to Plaintiffs' Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this action.

8.      CPT objects generally to Plaintiffs' Request, including the Definitions, to the extent they contain misstatements of fact or law or inaccurate assumptions.  Nothing in these Responses shall be construed as constituting or implying an admission of any allegation or agreement with any assertion, assumption or characterization in Plaintiffs' Request.

9.      CPT objects generally to Plaintiffs' Requests to the extent Plaintiffs purport to seek a separate response from Chunghwa Picture Tubes (Malaysia), which ceased to exist in 2011.

10.      CPT objects to Plaintiffs' definition of the term "Chunghwa Defendants" which includes "any, predecessors, successors, parents, subsidiaries, affiliates, or any other person or entity acting on their behalf" because these definitions are vague, overly broad and unduly burdensome. Further, they include persons not controlled by CPT and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and improperly purport to seek information from distinct corporate entities and persons not parties to the current action and not controlled by CPT.  CPT construes "Chunghwa Defendants" (and correspondingly, the terms "You" and "Your") to refer to Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia).

11.      CPT objects to Plaintiffs' definition of the term "Affiliated Entity(ies)," which purports to apply to "*any* entity(ies) involved in the production, pricing, marketing, distribution and/or sale of CRTs or CRT Products . . . at *any* time during the Relevant Period . . . in which *any* of the Chunghwa Defendants . . . or *any* division, subdivision, business unit, parent, subsidiary, affiliate, or joint venture thereof, held *any* ownership interest at any time from March 1, 1995 to the present," as vague, overbroad, and unduly burdensome.

12.      CPT reserves all other objections, including but not limited to objections to the relevance, admissibility, or authenticity of all documents or information provided.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 30:**

All Documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative body, including the Canadian Competition Bureau, the European Commission, any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign country, relating

3

Gibson, Dunn & Crutcher LLP

CPT'S RESPONSES TO DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Master File No. 07-md-05944 SC, MDL No. 1917

1   to the production, sale, marketing, pricing or distribution of CRT or CRT Products. This request

2   includes all Documents relating to proffers, transcripts, notes, summaries, testimony, witness

3   statements, or responses to requests for information that You produced to any foreign governmental

4   agency or foreign grand jury, including any Documents produced as part of any plea bargain

5   negotiations or in connection with any application for or grant of amnesty.

6   **RESPONSE TO REQUEST NO. 30:**

7        CPT incorporates the General Objections and Responses set forth above.  CPT further objects

8   that this Request is vague, unduly burdensome, overly broad, and seeks information that is neither

9   relevant to any claim or defense of any party, nor reasonably calculated to lead to the discovery of

10  admissible evidence.  CPT further objects to this Request to the extent that it requests documents

11  provided to or related to any foreign governmental investigation, as such investigations have no

12  relevance to this litigation, and the Request therefore seeks information not relevant to the claim or

13  defense of any party.  In addition, CPT objects to this Request because it conflicts with the policies

14  supporting grand jury secrecy (see, e.g., Fed.R.Crim.P. 6(e)), and the confidentiality of law

15  enforcement investigations, as well as the public interest in avoiding interference and promoting

16  cooperation with such investigations.  CPT also objects to the extent that this request is inconsistent

17  with the policies or interests of any foreign enforcement authority, or would require CPT to violate

18  the laws or requirements of any foreign government or enforcement authority.  Finally, CPT objects

19  to this Request to the extent that it seeks documents that are protected from disclosure by the

20  attorney-client privilege, attorney work product doctrine, or any other privilege.

21       CPT concurrently produces with these responses the public, final decisions issued by the

22  Korean Fair Trade Commission ("KFTC") and Anti-Monopoly Office of the Slovak Republic in

23  connection with their color picture tubes and color display tubes investigations and contemporaneous

24  business records produced to the KFTC.

25

26

27

28

Gibson, Dunn &
Crutcher LLP

CPT'S RESPONSES TO DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Master File No. 07-md-05944 SC, MDL No. 1917

DATED:  March 4, 2014

GIBSON, DUNN & CRUTCHER LLP


By:_____Rachel S. Brass_____
                        Rachel S. Brass

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

Gibson, Dunn &
Crutcher LLP

5

CPT'S RESPONSES TO DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Master File No. 07-md-05944 SC, MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Christine Fujita, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California 94105, in said County and State.  On the date indicated below, I served the within:

**CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA)'S RESPONSES TO DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION**

to each of the persons named below, in the manner described below:

Roman M. Silberfeld
E-mail: RMSilberfeld@rkmc.com
David Martinez
E-mail: DMartinez@rkmc.com
Jill S. Casselman
E-mail: JSCasselman@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile: 310-229-5800

*Counsel for Plaintiffs Best Buy Co., Inc.*

Elliot S. Kaplan
E-mail:  ESKaplan@rkmc.com
K. Craig Wildfang
E-mail:  KCWildfang@rkmc.com
Laura E. Nelson
E-mail: LENelson@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181

*Counsel for Plaintiffs Best Buy Co., Inc.*

Jason C. Murray
E-mail: jmurray@crowell.com
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690

*Counsel for Plaintiff Target Corp.*

Jerome A. Murphy
E-mail: jmurphy@crowell.com
Astor H.L. Heaven
E-mail: aheaven@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116

*Counsel for Plaintiff Target Corp.*

Stuart H. Singer
Email: ssinger@bsfllp.com
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Counsel for Plaintiffs Interbond Corporation
of America; Office Depot, Inc; Tech Data
Corporation and Tech Data Product
Management, Inc.*

Philip J. Iovieno (*Pro hac vice*)
Email: piovieno@bsfllp.com
Anne M. Nardacci (*Pro hac vice*)
Email: anardacci@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665

*Liaison Counsel for Direct Action Plaintiffs
and Counsel for Plaintiffs Interbond
Corporation of America; CompuCom Systems,
Inc; P.C. Richard & Son Long Island
Corporation, MARTA Cooperative of
America, Inc., and ABC Appliance, Inc;
Schultze Agency Services, LLC on behalf of
Tweeter Opco, LLC and Tweeter Newco, LL*

David J. Burman
E-mail: dburman@perkinscoie.com
Cori G. Moore
E-mail: cgmoore@perkinscoie.com
Eric J. Weiss
E-mail: ewiess@perkinscoie.com
Nicholas H. Hesterberg
E-mail: nhesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (202) 359-9000

*Counsel for Costco Wholesale Corporation*

William A. Isaacson
Email: wisaacson@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

*Counsel for Plaintiffs Interbond Corporation of
Americ; OfficeDepot, Inc.; CompuCom Systems,
Inc.; P.C. Richard & Son Long Island
Corporation, MARTA Cooperative of America,
Inc., and ABC Appliance, Inc.; Schultze Agency
Services, LLC on behalf of Tweeter Opco, LLC
and Tweeter Newco, LLC*

Mike Mckool, Jr.
E-Mail: mmckool@mckoolsmith.com
Lewis T. Leclair
Scott R. Jacobs
MCKOOL SMITH, P.C
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

*Counsel for Plaintiff CompuCom Systems, Inc.*

Joren S. Bass
E-mail: jbass@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center
Suite 2400
San Francisco, CA 94111-4131
Telephone: (415) 344-7120
Facsimile: (415) 344-7320

*Counsel for Costco Wholesale Corporation*

1

CPT'S RESPONSES TO DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Master File No. 07-md-05944 SC, MDL No. 1917

Robert Turken
E-mail: rturken@bilzin.com
Mitchell E. Widom
E-mail: mwidom@bilzin.com
Scott N. Wagner (pro hac vice)
E-mail: swagner@bilzin.com
Wendy Polit
E-mail: wpolit@bilzin.com
BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
200 South Biscayne Blvd
Suite 2500
Miami, FL 33131-5340
Telephone: (305) 350-2381
Facsimile: (305) 351-2262

*Counsel for Plaintiffs Tech Data Corporation
and Tech Data Product Management, Inc.*

Guido Saveri
E-mail: guido@saveri.com
SAVERI & SAVERI, INC.

*Interim Lead Counsel for the Direct
Purchaser Plaintiffs*

Mario N. Alioto
E-mail: malioto@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT,
LLP

*Interim Lead Counsel for the Indirect
Purchaser Plaintiffs*

All Defense Counsel

Emilio Varanini
E-mail: emilio.varanini@doj.ca.gov
STATE OF CALIFORNIA

*Counsel for the State of California*

☑ **BY ELECTRONIC MAIL**:  On the date shown below, a true copy PDF version of the above-referenced document was automatically e-mailed to the e-mail addresses of each party indicated on the service list.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document was printed on recycled paper, and that this Certificate of Service was executed by me on March 4, 2014, at San Francisco, California.

/s/ Christine Fujita
Christine Fujita

CPT'S RESPONSES TO DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Master File No. 07-md-05944 SC, MDL No. 1917

Gibson, Dunn &
Crutcher LLP

# EXHIBIT 6

1  GIBSON, DUNN & CRUTCHER LLP
   JOEL S. SANDERS, SBN 107234
2  jsanders@gibsondunn.com
   RACHEL S. BRASS, SBN 219301
3  rbrass@gibsondunn.com
   AUSTIN SCHWING, SBN 211696
4  ASCHWING@GIBSONDUNN.COM
   555 Mission Street, Suite 3000
5  San Francisco, CA 94105
   Telephone: (415) 393-8200
6  Facsimile: (415) 986-5309

7  Attorneys for Defendant
   CHUNGHWA PICTURE TUBES, LTD.

8

9

10                       UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

                          SAN FRANCISCO DIVISION

12

13  In re Cathode Ray Tube (CRT) ANTITRUST          Master File No. 3:07-md-05944 SC
    LITIGATION                                      MDL No. 1917
14  _____

15  This Document Relates To:                       **CHUNGHWA PICTURE TUBES, LTD.
                                                    AND CHUNGHWA PICTURE TUBES
16  *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*,   **(MALAYSIA)'S SUPPLEMENTAL
    No. 11-cv-05513;                                **RESPONSES TO DIRECT ACTION
17                                                  **PLAINTIFFS' SECOND SET OF
                                                    **REQUESTS FOR PRODUCTION
18  *Target Corp, et al. v. Chunghwa Picture
    Tubes, Ltd., et al.*, No. 11-cv-05514;

19
    *Interbond Corporation of America v. Hitachi,
20  et al.*, No. 11-cv-06275;

21  *Office Depot, Inc. v. Hitachi Ltd., et al.*,
    No. 11-cv-06276;
22

23  *CompuCom Systems, Inc. v. Hitachi, Ltd.,
    et al.*, No. 11-cv-06396;
24

25  *P.C. Richard & Son Long Island Corporation,
    et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

26  *Schultze Agency Services, LLC, et al. v.
    Hitachi, Ltd., et al.*, No. 12-cv-02649;
27

28  *Tech Data Corporation, et al. v. Hitachi, Ltd.,
    et al.*, No. 12-cv-02795-JSM-MAP (M.D. Fla.)

Gibson, Dunn &
Crutcher LLP

CPT'S SUPPLEMENTAL RESPONSES TO DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Master File No. 07-md-05944 SC, MDL No. 1917

PROPOUNDING PARTIES:     Direct Action Plaintiffs

RESPONDING PARTY:        Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia)

SET:                     Two

     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) (collectively "CPT") provide the following supplemental responses to Direct Action Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; CompuCom Systems, Inc.; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; Tech Data Corporation and Tech Data Product Management, Inc.'s (collectively, "Plaintiffs") Second Set of Requests for Production ("Requests"), dated January 30, 2014.

## PRELIMINARY STATEMENT

     The following responses are based on CPT's knowledge, information and belief at this time and are complete as to CPT's best knowledge at this time. Furthermore, these responses were prepared based on CPT's good faith interpretation and understanding of the Requests and are subject to correction for inadvertent errors or omissions, if any.

     CPT reserves the right to refer to, conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these responses. In addition, CPT assumes no obligation to voluntarily supplement or amend these responses to reflect information, evidence, documents or things discovered following service of these responses. Nevertheless, these responses are given without prejudice to subsequent revision or supplementation, including objections, based upon any information, evidence and documentation, which hereinafter may be discovered.

## **SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION**

CPT incorporates into the following supplemental responses the responses and objections contained in CPT's Responses and Objections to Direct Action Plaintiffs' Second Set of Requests for Production, served on March 4, 2014.

**REQUEST NO. 30:**

All Documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative body, including the Canadian Competition Bureau, the European Commission, any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign country, relating to the production, sale, marketing, pricing or distribution of CRT or CRT Products. This request includes all Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced to any foreign governmental agency or foreign grand jury, including any Documents produced as part of any plea bargain negotiations or in connection with any application for or grant of amnesty.

**RESPONSE TO REQUEST NO. 30:**

CPT incorporates the General Objections and Responses set forth above.  CPT further objects that this Request is vague, unduly burdensome, overly broad, and seeks information that is neither relevant to any claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  CPT further objects to this Request to the extent that it requests documents provided to or related to any foreign governmental investigation, as such investigations have no relevance to this litigation, and the Request therefore seeks information not relevant to the claim or defense of any party.  In addition, CPT objects to this Request because it conflicts with the policies supporting grand jury secrecy (see, e.g., Fed.R.Crim.P. 6(e)), and the confidentiality of law enforcement investigations, as well as the public interest in avoiding interference and promoting cooperation with such investigations.  CPT also objects to the extent that this request is inconsistent with the policies or interests of any foreign enforcement authority, or would require CPT to violate the laws or requirements of any foreign government or enforcement authority.  Finally, CPT objects

Gibson, Dunn &
Crutcher LLP

CPT'S SUPPLEMENTAL RESPONSES TO DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Master File No. 07-md-05944 SC, MDL No. 1917

1   to this Request to the extent that it seeks documents that are protected from disclosure by the

2   attorney-client privilege, attorney work product doctrine, or any other privilege.

3      CPT concurrently produces with these responses the public, final decisions issued by the

4   Korean Fair Trade Commission ("KFTC") and Anti-Monopoly Office of the Slovak Republic in

5   connection with their color picture tubes and color display tubes investigations and contemporaneous

6   business records produced to the KFTC.

7   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 30:**

8      CPT incorporates herein its prior response and objections to this request. Subject to and

9   without waiving the above response and objections, CPT supplements its response as follows:

10     CPT concurrently produces with these supplemental responses the public, final decision

11  issued by the Office for the Protection of Competition of the Czech Republic in connection with its

12  color picture tubes and color display tubes investigations and subsequent decisions relating to the

13  appeal of that decision.

14

15  DATED:  March 11, 2014

16            GIBSON, DUNN & CRUTCHER LLP

17

18            By:    Rachel S. Brass_____

                 Rachel S. Brass

19

20            Attorneys for Defendant
          CHUNGHWA PICTURE TUBES, LTD.

21

22

23

24

25

26

27

28

CPT'S SUPPLEMENTAL RESPONSES TO DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Master File No. 07-md-05944 SC, MDL No. 1917

1

**CERTIFICATE OF SERVICE**

2

I, Christine Fujita, declare as follows:

3
I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California 94105, in said County and State.  On the date indicated below, I served the within:

4

5
**CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA)'S SUPPLEMENTAL RESPONSES TO DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION**

6

7
to each of the persons named below, in the manner described below:

8

Roman M. Silberfeld

9
E-mail: RMSilberfeld@rkmc.com
David Martinez

10
E-mail: DMartinez@rkmc.com
Jill S. Casselman

11
E-mail: JSCasselman@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI

12
L.L.P.

13
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208

14
Telephone: 310-552-0130
Facsimile: 310-229-5800

15

16
*Counsel for Plaintiffs Best Buy Co., Inc.*

17

Jason C. Murray

18
E-mail: jmurray@crowell.com
CROWELL & MORING LLP

19
515 South Flower St., 40th Floor
Los Angeles, CA 90071

20
Telephone: 213-443-5582
Facsimile: 213-622-2690

21

22
*Counsel for Plaintiff Target Corp.*

Elliot S. Kaplan
E-mail:  ESKaplan@rkmc.com
K. Craig Wildfang
E-mail:  KCWildfang@rkmc.com
Laura E. Nelson
E-mail: LENelson@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181

*Counsel for Plaintiffs Best Buy Co., Inc.*

Jerome A. Murphy
E-mail: jmurphy@crowell.com
Astor H.L. Heaven
E-mail: aheaven@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116

*Counsel for Plaintiff Target Corp.*

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

Stuart H. Singer
Email: ssinger@bsfllp.com
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Counsel for Plaintiffs Interbond Corporation of America; Office Depot, Inc; Tech Data Corporation and Tech Data Product Management, Inc.*

Philip J. Iovieno (*Pro hac vice*)
Email: piovieno@bsfllp.com
Anne M. Nardacci (*Pro hac vice*)
Email: anardacci@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665

*Liaison Counsel for Direct Action Plaintiffs and Counsel for Plaintiffs Interbond Corporation of America; CompuCom Systems, Inc; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc; Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LL*

David J. Burman
E-mail: dburman@perkinscoie.com
Cori G. Moore
E-mail: cgmoore@perkinscoie.com
Eric J. Weiss
E-mail: ewiess@perkinscoie.com
Nicholas H. Hesterberg
E-mail: nhesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (202) 359-9000

*Counsel for Costco Wholesale Corporation*

William A. Isaacson
Email: wisaacson@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

*Counsel for Plaintiffs Interbond Corporation of Americ; OfficeDepot, Inc.; CompuCom Systems, Inc.; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC*

Mike Mckool, Jr.
E-Mail: mmckool@mckoolsmith.com
Lewis T. Leclair
Scott R. Jacobs
MCKOOL SMITH, P.C
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

*Counsel for Plaintiff CompuCom Systems, Inc.*

Joren S. Bass
E-mail: jbass@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center
Suite 2400
San Francisco, CA 94111-4131
Telephone: (415) 344-7120
Facsimile: (415) 344-7320

*Counsel for Costco Wholesale Corporation*

Gibson, Dunn &
Crutcher LLP

1

CPT'S SUPPLEMENTAL RESPONSES TO DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Master File No. 07-md-05944 SC, MDL No. 1917

Robert Turken
E-mail: rturken@bilzin.com
Mitchell E. Widom
E-mail: mwidom@bilzin.com
Scott N. Wagner (pro hac vice)
E-mail: swagner@bilzin.com
Wendy Polit
E-mail: wpolit@bilzin.com
BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
200 South Biscayne Blvd
Suite 2500
Miami, FL 33131-5340
Telephone: (305) 350-2381
Facsimile: (305) 351-2262

*Counsel for Plaintiffs Tech Data Corporation
and Tech Data Product Management, Inc.*

Mario N. Alioto
E-mail: malioto@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT,
LLP

*Interim Lead Counsel for the Indirect
Purchaser Plaintiffs*

All Defense Counsel

Guido Saveri
E-mail: guido@saveri.com
SAVERI & SAVERI, INC.

*Interim Lead Counsel for the Direct
Purchaser Plaintiffs*

Emilio Varanini
E-mail: emilio.varanini@doj.ca.gov
STATE OF CALIFORNIA

*Counsel for the State of California*

☑ **BY ELECTRONIC MAIL**:  On the date shown below, a true copy PDF version of the above-referenced document was automatically e-mailed to the e-mail addresses of each party indicated on the service list.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document was printed on recycled paper, and that this Certificate of Service was executed by me on March 11, 2014, at San Francisco, California.

/s/ Christine Fujita
Christine Fujita

CPT'S SUPPLEMENTAL RESPONSES TO DIRECT ACTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
Master File No. 07-md-05944 SC, MDL No. 1917

# EXHIBIT 7

1   ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
    Roman M. Silberfeld, Bar No. 62783
2   RMSilberfeld@rkmc.com
    Bernice Conn, Bar No. 161594
3   Bconn@rkmc.com
    David Martinez, Bar No. 193183
4   DMartinez@rkmc.com
    2049 Century Park East, Suite 3400
5   Los Angeles, CA 90067-3208
    Telephone: 310-552-0130
6   Facsimile: 310-229-5800

7   Attorneys for Plaintiffs

8   BEST BUY CO., INC.; BEST BUY
    PURCHASING LLC; BEST BUY ENTERPRISE
9   SERVICES, INC.; BEST BUY STORES, L.P.;
    BESTBUY.COM, LLC; MAGNOLIA HI-FI, LLC

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13  IN RE: CATHODE RAY TUBE (CRT)          Master File No. M:07-5994-SC
    ANTITRUST LITIGATION                   MDL No. 1917
14
    This Document Relates to               Case No. 3:11-cv-05513-SC
15
    *Electrograph Systems, Inc. et al. v. Hitachi, Ltd.,*
16  *et al., No. 11-cv-01656;*

17  *Siegel v. Hitachi, Ltd., et al., No. 11-cv-05502;*    **DIRECT ACTION PLAINTIFFS'
                                                           AND INDIRECT ACTION
18  *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* **PLAINTIFFS' FIRST SET OF
    *No. 11-cv-05513;*                                     REQUESTS FOR ADMISSION TO
19                                                         CHUNGHWA PICTURE TUBES,
    *Target Corp., et al. v. Chunghwa Picture Tubes,*      **LTD. AND CHUNGHWA PICTURE
20  *Ltd., et al., No. 11-cv-05514;*                       TUBES (MALAYSIA)**

21  *Interbond Corporation of America v. Hitachi, et*
    *al., No. 11-cv-06275;*
22
    *Office Depot, Inc. v. Hitachi, Ltd., et al., No.*
23  *11-cv-06276;*

24  *CompuCom Systems, Inc. v. Hitachi, Ltd. et al.,*
    *No. 11-cv-06396;*
25
    *Costco Wholesale Corporation v. Hitachi, Ltd., et*
26  *al., No. 11-cv-06397;*

27  *P.C. Richard & Son Long Island Corporation, et*
    *al. v. Hitachi, Ltd., et al., No. 12-cv-02648;*
28

*Left margin (vertical):* ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

DIRECT ACTION PLAINTIFFS' AND INDIRECT ACTION
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
TO THE CHUNGHWA DEFENDANTS]

*Schultze Agency Services, LLC v. Hitachi, Ltd., et al., No. 12-cv-02649;*

*Tech Data Corporation, et al. v. Hitachi, Ltd., et al., No. 13-cv-00157;*

*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-01173;*

*Dell Inc. and Dell Products L.P. v. Hitachi, Ltd., et al., No. 13-cv-02171;*

*Sharp Electronics Corp. et al. v. Koninklijke Philips Electronics, N.V., et al., No. 13-cv-02776;*

*Siegel v. Technicolor SA, et al., No. 13-cv-05261;*

*Sears, Roebuck and Co., et al. v. Technicolor SA, No. 13-cv-05262;*

*Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264;*

*Schultze Agency Services, LLC v. Technicolor SA, et al., No. 13-cv-05668;*

*Target Corp., v. Technicolor SA, et al., No. 13-cv-05686;*

*Costco Wholesale Corporation v. Technicolor SA,, et al., No. 13-cv-005723;*

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al., No. 13-cv-05724;*

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al., No. 13-cv-05725;*

*Office Depot, Inc. v. Technicolor SA, et al., No. 13-cv-05726;*

*Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727.*

*ViewSonic Corporation, v. Chunghwa Picture Tubes, Ltd., et al., 3:14cv-02510;*

*The Indirect Purchaser Action.*

**PROPOUNDING PARTIES:**   Direct Action Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.; Alfred H. Siegel, solely as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

DIRECT ACTION PLAINTIFFS' AND INDIRECT ACTION
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
TO THE CHUNGHWA DEFENDANTS]

Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, LLC; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; CompuCom Systems, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultz Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; and Tech Data Corporation and Tech Data Product Management, Inc.; Dell Inc. and Dell Products L.P.; and Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.; and Viewsonic Corporation; and the Indirect Purchaser Plaintiffs

**RESPONDING PARTY:**     Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia)

**SET NO.:**     Authentication Set

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Best Buy hereby requests that Defendants serve responses to the following first set of requests for admission (the "Requests") in compliance with Rule 36 of the Federal Rules of Civil Procedure no later than thirty (30) days after the date of the service hereof.

## DEFINITIONS

1.     The terms "YOU" and "YOUR" shall mean the Responding Party above, and/or its agents, employees, attorneys and ALL other persons acting or purporting to act on its behalf at ANY time, and ALL associated or affiliated persons, companies, entities, subsidiaries, divisions, representatives, officers, investigators, accountants, predecessors and/or successors.

## INSTRUCTIONS

1.     Unless otherwise specified, no request for admission shall be viewed as limiting the scope of any other request for admission.

2.     Each request for admission shall be numbered separately and each response shall be numbered in the same manner and sequence as the corresponding request for

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  admission.

2      3.    If YOU do not have personal knowledge sufficient to fully respond to a

3  request for admission, YOU should so state, and make a reasonable and good-faith effort

4  to obtain the information by inquiring to other persons, organizations or natural

5  persons.

6      4.    These requests for admission are continuing in nature and YOU have a

7  continuing obligation to update YOUR responses to these requests for admission so long

8  as the action is pending.

9

10                        **REQUESTS FOR ADMISSION**

11  **REQUEST FOR ADMISSION NO. 1:**

12      Separately for each document identified in Exhibit A, Admit that the document is a

13  true, correct and genuine copy of the original.

14  **REQUEST FOR ADMISSION NO. 2:**

15      Separately for each document identified in Exhibit A, Admit that the document is

16  authentic and satisfies Fed. R. Evid. 901.

17  **REQUEST FOR ADMISSION NO. 3:**

18      Separately for each document identified in Exhibit A, Admit that the document

19  was made at or near the time of the event reflected in the document.

20  **REQUEST FOR ADMISSION NO. 4:**

21      Separately for each document identify in Exhibit A, Admit that the document was

22  made by someone with knowledge of the contents or event reflected in the document.

23  **REQUEST FOR ADMISSION NO. 5:**

24      Separately for each document identified in Exhibit A, Admit that the document

25  was kept in the course of Your regularly conducted business.

26  **REQUEST FOR ADMISSION NO. 6:**

27      Separately for each document identified in Exhibit A, Admit that the document

28  was prepared in the regular course of Your business.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**REQUEST FOR ADMISSION NO. 7:**

Separately for each document identified in Exhibit A, Admit that the document satisfies Fed. R. Evid. 803(6).

DATED: August 1, 2014

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Laura E. Nelson
       Roman M. Silberfeld
       David Martinez
       Laura E. Nelson

*Attorneys for Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BESTBUY.COM, LLC; Magnolia Hi-Fi, LLC*

/s/ Philip J. Iovieno
Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com
*Liaison Counsel for Direct Action and Attorneys for*
*Plaintiffs Electrograph Systems, Inc., Electrograph*
*Technologies, Corp., Office Depot, Inc., Interbond*
*Corporation of America, P.C. Richard & Son Long Island*
*Corporation, MARTA Cooperative of America, Inc., ABC*
*Appliance, Inc., Schultze Agency Services LLC on behalf*
*of Tweeter Opco, LLC and Tweeter Newco, LLC*
*Liaison Counsel for Direct Action Plaintiffs*

/s/ David J. Burman
David J. Burman (pro hac vice)
Cori G. Moore (pro hac vice)
Eric J. Weiss (pro hac vice)
Nicholas H. Hesterberg (pro hac vice)
Steven D. Merriman (pro hac vice)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: DBurman@perkinscoie.com
Email: CGMoore@perkinscoie.com
Email: EWeiss@perkinscoie.com
Email: NHesterberg@perkinscoie.com
Email: SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320
*Attorneys for Plaintiff Costco Wholesale Corporation*

/s/ Robert W. Turken
Robert W. Turken
Scott N. Wagner
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email: rturken@bilzin.com
Email: swagner@bilzin.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

DIRECT ACTION PLAINTIFFS' AND INDIRECT ACTION
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
TO THE CHUNGHWA DEFENDANTS]

Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com
*Attorneys for Plaintiffs Tech Data Corporation and Tech
Data Product Management, Inc.*

/s/ Kenneth S. Marks
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
Email: jross@susmangodfrey.com
Email: jcarter@susmangodfrey.com
Email: dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
Email: rblack@susmangodfrey.com
Email: jconnors@susmangodfrey.com

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

DIRECT ACTION PLAINTIFFS' AND INDIRECT ACTION
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
TO THE CHUNGHWA DEFENDANTS]

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

*/s/ Jason C. Murray*
Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
aheaven@crowell.com
*Attorneys for Target Corp. and ViewSonic Corporation*

*/s/ Richard Alan Arnold*
Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com
*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp*

*/s/ Michael P. Kenny*
Michael P. Kenny
Debra D. Bernstein
Matthew D. Kent
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777
Email: mike.kenny@alston.com
debra.bernstein@alston.com
matthew.kent@alston.com

James M. Wagstaffe, Esq. (SBN 95535)

DIRECT ACTION PLAINTIFFS' AND INDIRECT ACTION
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
TO THE CHUNGHWA DEFENDANTS]

KERR & WAGSTAFFE LLP
100 Spear Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500
Email: wagstaffe@kerrwagstaffe.com
*Counsel for Plaintiffs Dell Inc. and Dell
Products L.P.*

*/s/ Kenneth A. Gallo*
Kenneth A. Gallo (pro hac vice)
Joseph J. Simons (pro hac vice)
Craig A. Benson (pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON
LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com
*Attorneys for Plaintiffs Sharp Electronics Corporation
and Sharp Electronics Manufacturing Company of
America, Inc.*

*/s/ Lauren C. Russell*
Lauren C. Russell
TRUMP ALIOTO TRUMP & PRESCOTT
ATTORNEYS LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415.563.7200
Fax: 415.346.0679
*Lead Counsel for the Indirect
Purchaser Plaintiffs*

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

DIRECT ACTION PLAINTIFFS' AND INDIRECT ACTION
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
TO THE CHUNGHWA DEFENDANTS]

# EXHIBIT "A"

**EXHIBIT A TO THE DAPS' AND IPPS' FIRST SET OF REQUESTS FOR ADMISSION TO CHUNGHWA PICTURE TUBES**

| | | |
|---|---|---|
| 1. | CHU00000001 | CHU00000146 |
| 2. | CHU00000207 | CHU00000259 |
| 3. | CHU00000260 | CHU00000304 |
| 4. | CHU00000305 | CHU00000359 |
| 5. | CHU00000360 | CHU00000410 |
| 6. | CHU00000411 | CHU00000472 |
| 7. | CHU00000532 | CHU00000578 |
| 8. | CHU00000642 | CHU00000687 |
| 9. | CHU00000688 | CHU00000737 |
| 10. | CHU00000738 | CHU00000781 |
| 11. | CHU00000782 | CHU00000827 |
| 12. | CHU00000828 | CHU00000874 |
| 13. | CHU00000875 | CHU00000923 |
| 14. | CHU00001031 | CHU00001086 |
| 15. | CHU00001275 | CHU00001291 |
| 16. | CHU00001348 | CHU00001369 |
| 17. | CHU00001427 | CHU00001441 |
| 18. | CHU0000207 | CHU0000259 |
| 19. | CHU0002853 | CHU00003107 |
| 20. | CHU000030912.01 | CHU0030912.11 |
| 21. | CHU00003139 | CHU00003155 |
| 22. | CHU00004334 | CHU00005247 |
| 23. | CHU00005864 | CHU00006620 |
| 24. | CHU00005963.01 | CHU00005963.03 |
| 25. | CHU00005997.01 | CHU00005997.11 |
| 26. | CHU00006004.01 | CHU00006004.08 |
| 27. | CHU00006009.01 | CHU00006009.06 |
| 28. | CHU00006362.01 | CHU00006362.05 |
| 29. | CHU00006381 | |
| 30. | CHU00009188.01 | CHU00009188.02 |
| 31. | CHU00009205.01 | CHU00009205.06 |
| 32. | CHU00011251 | CHU00011793 |
| 33. | CHU00011251 | CHU00011793 |
| 34. | CHU00011820 | CHU00011981 |
| 35. | CHU000123742.01 | CHU0123742.09 |
| 36. | CHU000125162.01 | CHU000125162.15 |
| 37. | CHU000125296 | CHU00125373 |
| 38. | CHU00013773 | CHU00014090 |
| 39. | CHU00014182.01 | CHU00014182.08 |
| 40. | CHU00014189.01 | CHU00014189.12 |
| 41. | CHU00014196.01 | CHU00014196.04 |
| 42. | CHU00014197.01 | CHU00014197.02 |
| 43. | CHU00014198.01 | CHU00014198.05 |

| 44. | CHU00014198.01 | CHU00014198.05 |
|-----|----------------|----------------|
| 45. | CHU00014200.01 | CHU00014200.05 |
| 46. | CHU00014202.01 | CHU00014202.05 |
| 47. | CHU00014204.01 | CHU00014204.03 |
| 48. | CHU00014205.01 | CHU00014205.03 |
| 49. | CHU00014206.01 | CHU00014206.03 |
| 50. | CHU00014207.01 | CHU00014207.02 |
| 51. | CHU00014208.01 | CHU00014208.05 |
| 52. | CHU00014210.01 | CHU00014210.05 |
| 53. | CHU00014212.01 | CHU00014212.03 |
| 54. | CHU00014213.01 | CHU00014213.05 |
| 55. | CHU00014215.01 | CHU00014215.09 |
| 56. | CHU00014215.01 | CHU00014215.09 |
| 57. | CHU00014215.01 | CHU00014215.09 |
| 58. | CHU00014218 | CHU00014218 |
| 59. | CHU00014218 | CHU00014218 |
| 60. | CHU00014218.01 | CHU00014218.03 |
| 61. | CHU00014218.01 | CHU00014218.03 |
| 62. | CHU00014218.01 | CHU00014218.03 |
| 63. | CHU00014219.01 | CHU00014219.12 |
| 64. | CHU00014223 | CHU00014226 |
| 65. | CHU00014223 | CHU00014226 |
| 66. | CHU00014223 | CHU00014226 |
| 67. | CHU00014227 | CHU00014229 |
| 68. | CHU00014227 | CHU00014229 |
| 69. | CHU00014227.01 | CHU00014227.08 |
| 70. | CHU00014227.01 | CHU00014227.08 |
| 71. | CHU00014227.01 | CHU00014227.08 |
| 72. | CHU00014230.01 | CHU00014230.06 |
| 73. | CHU00014232 | CHU00014232 |
| 74. | CHU00014232 | CHU00014232 |
| 75. | CHU00014232.01 | CHU00014232.03 |
| 76. | CHU00014232.01 | CHU00014232.03 |
| 77. | CHU00014232.01 | CHU00014232.03 |
| 78. | CHU00014398.01 | CHU00014398.38 |
| 79. | CHU00016137 | CHU00016137 |
| 80. | CHU00016887 | CHU00016887 |
| 81. | CHU00016887.01 | CHU00016887.30 |
| 82. | CHU00016977 | CHU00016997 |
| 83. | CHU00017003 | CHU00017003 |
| 84. | CHU00017026.01 | CHU00017026.09 |
| 85. | CHU00017037 | CHU00017037.23 |
| 86. | CHU00017037.01 | CHU00017037.23 |
| 87. | CHU00017064.01 | CHU00017064.06 |
| 88. | CHU00017069.01 | CHU00017069.19 |
| 89. | CHU00017076 | CHU00017090 |

| | | |
|---|---|---|
| 90. | CHU00017092.01 | CHU00017092.18 |
| 91. | CHU00017100.01 | CHU00017100.16 |
| 92. | CHU00017115 | CHU00017119 |
| 93. | CHU00017125.01 | CHU00017125.15 |
| 94. | CHU00017130 | CHU00017152 |
| 95. | CHU00017750 | CHU00017756 |
| 96. | CHU00020660.01 | CHU00020660.03 |
| 97. | CHU00020660.01 | CHU00020660.03 |
| 98. | CHU00020660.01 | CHU00020660.03 |
| 99. | CHU00020661.01 | CHU00020661.05 |
| 100. | CHU00020661.01 | CHU00020661.05 |
| 101. | CHU00020661.01 | CHU00020661.05 |
| 102. | CHU00020725 | CHU00020788 |
| 103. | CHU00020779 | CHU00020781 |
| 104. | CHU00020779 | CHU00020781 |
| 105. | CHU00020779.01 | CHU00020779.07 |
| 106. | CHU00020779.01 | CHU00020779.07 |
| 107. | CHU00020779.01 | CHU00020779.07 |
| 108. | CHU00020782.01 | CHU00020782.08 |
| 109. | CHU00021254 | CHU00021414 |
| 110. | CHU00021254 | CHU00021414 |
| 111. | CHU00021262.01 | CHU00021262.05 |
| 112. | CHU00021262.01 | CHU00021262.05 |
| 113. | CHU00021262.01 | CHU00021262.05 |
| 114. | CHU00021268 | CHU00021271 |
| 115. | CHU00021268 | CHU00021271 |
| 116. | CHU00021268.01 | CHU0021268.09 |
| 117. | CHU00021268.01 | CHU00021268.09 |
| 118. | CHU00021268.01 | CHU00021268.09 |
| 119. | CHU00021268.01 | CHU00021268.09 |
| 120. | CHU00021272 | CHU00021279 |
| 121. | CHU00021280.01 | CHU00021280.14 |
| 122. | CHU00021289.01 | CHU00021289.03 |
| 123. | CHU00021289.01 | CHU00021289.03 |
| 124. | CHU00021289.01 | CHU00021289.03 |
| 125. | CHU00021415 | CHU00021766 |
| 126. | CHU00021415 | CHU00021766 |
| 127. | CHU00021415 | CHU00021766 |
| 128. | CHU00021415 | CHU00021766 |
| 129. | CHU00021415 | CHU00021766 |
| 130. | CHU00021415 | CHU00021766 |
| 131. | CHU00021415 | CHU00021766 |
| 132. | CHU00021415 | CHU00021766 |
| 133. | CHU00021791.01 | CHU00021791.09 |
| 134. | CHU00022500 | CHU00022767 |
| 135. | CHU00022583.01 | CHU00022583.07 |

| 136. | CHU00022689.01 | CHU00022689.03 |
|------|----------------|----------------|
| 137. | CHU00022696.01 | CHU00022696.03 |
| 138. | CHU00022700.01 | CHU00022700.03 |
| 139. | CHU00022701.01 | CHU00022701.04 |
| 140. | CHU00022702.01 | CHU00022702.03 |
| 141. | CHU00022704.01 | CHU00022704.02 |
| 142. | CHU00022724.01 | CHU00022724.05 |
| 143. | CHU00022728.01 | CHU00022728.07 |
| 144. | CHU00022738.01 | CHU00022738.05 |
| 145. | CHU00022743.01 | CHU00022743.03 |
| 146. | CHU00022743.01 | CHU00022743.03 |
| 147. | CHU00022768 | CHU00022955 |
| 148. | CHU00023392.01 | CHU00023392.07 |
| 149. | CHU00024519 | CHU00025005 |
| 150. | CHU00024554.01 | CHU00024554.14 |
| 151. | CHU00024560.01 | CHU00024560.09 |
| 152. | CHU00024562 | |
| 153. | CHU00028178 | CHU00028190 |
| 154. | CHU00028202.01 | CHU00028202.02 |
| 155. | CHU00028203.01 | CHU00028203.03 |
| 156. | CHU00028203.01 | CHU00028203.03 |
| 157. | CHU00028203.01 | CHU00028203.03 |
| 158. | CHU00028204.01 | CHU00028204.07 |
| 159. | CHU00028207.01 | CHU00028207.06 |
| 160. | CHU00028209.01 | CHU00028209.05 |
| 161. | CHU00028209.01 | CHU00028209.05 |
| 162. | CHU00028209.01 | CHU00028209.05 |
| 163. | CHU00028211.01 | CHU00028211.05 |
| 164. | CHU00028213.01 | CHU00028213.04 |
| 165. | CHU00028215.01 | CHU00028215.05 |
| 166. | CHU00028215.01 | CHU00028215.05 |
| 167. | CHU00028215.01 | CHU00028215.05 |
| 168. | CHU00028218.01 | CHU00028218.07 |
| 169. | CHU00028221.01 | CHU00028221.08 |
| 170. | CHU00028224.01 | CHU00028224.05 |
| 171. | CHU00028224.01 | CHU00028224.05 |
| 172. | CHU00028224.01 | CHU00028224.05 |
| 173. | CHU00028227.01 | CHU00028227.03 |
| 174. | CHU00028228.01 | CHU00028228.03 |
| 175. | CHU00028228.01 | CHU00028228.03 |
| 176. | CHU00028228.01 | CHU00028228.03 |
| 177. | CHU00028229.01 | CHU00028229.05 |
| 178. | CHU00028229.01 | CHU00028229.05 |
| 179. | CHU00028229.01 | CHU00028229.05 |
| 180. | CHU00028231.01 | CHU00028231.07 |
| 181. | CHU00028234.01 | CHU00028234.04 |

| 182. | CHU00028236.01 | CHU00028236.04 |
|------|----------------|----------------|
| 183. | CHU00028238.01 | CHU00028238.04 |
| 184. | CHU00028240.01 | CHU00028240.03 |
| 185. | CHU00028240.01 | CHU00028240.03 |
| 186. | CHU00028240.01 | CHU00028240.03 |
| 187. | CHU00028241.01 | CHU00028241.06 |
| 188. | CHU00028245.01 | CHU00028245.04 |
| 189. | CHU00028248.01 | CHU00028248.04 |
| 190. | CHU00028250.01 | CHU00028250.04 |
| 191. | CHU00028252.01 | CHU00028252.04 |
| 192. | CHU00028252.01 | CHU00028252.04 |
| 193. | CHU00028252.01 | CHU00028252.04 |
| 194. | CHU00028252.01 | CHU00028252.04 |
| 195. | CHU00028252.01 | CHU00028252.04 |
| 196. | CHU00028252.01 | CHU00028252.04 |
| 197. | CHU00028254.01 | CHU00028254.07 |
| 198. | CHU00028257.01 | CHU00028257.06 |
| 199. | CHU00028260.01 | CHU00028260.06 |
| 200. | CHU00028263.01 | CHU00028263.05 |
| 201. | CHU00028263.01 | CHU00028263.05 |
| 202. | CHU00028263.01 | CHU00028263.05 |
| 203. | CHU00028263.01 | CHU00028263.05 |
| 204. | CHU00028265.01 | CHU00028265.05 |
| 205. | CHU00028267.01 | CHU00028267.04 |
| 206. | CHU00028269.01 | CHU00028269.08 |
| 207. | CHU00028273 | CHU00028274 |
| 208. | CHU00028273 | CHU00028273 |
| 209. | CHU00028273.01 | CHU00028273.05 |
| 210. | CHU00028273.01 | CHU00028273.05 |
| 211. | CHU00028273.01 | CHU00028273.05 |
| 212. | CHU00028275.01 | CHU00028275.05 |
| 213. | CHU00028277.01 | CHU00028277.05 |
| 214. | CHU00028277.01 | CHU00028277.05 |
| 215. | CHU00028277.01 | CHU00028277.05 |
| 216. | CHU00028277.01 | CHU00028277.05 |
| 217. | CHU00028277.01 | CHU00028277.05 |
| 218. | CHU00028279.01 | CHU00028279.04 |
| 219. | CHU00028281.01 | CHU00028281.04 |
| 220. | CHU00028283.01 | CHU00028283.06 |
| 221. | CHU00028283.01 | CHU00028283.06 |
| 222. | CHU00028283.01 | CHU00028283.06 |
| 223. | CHU00028286.01 | CHU00028286.03 |
| 224. | CHU00028287.01 | CHU00028287.05 |
| 225. | CHU00028289.01 | CHU00028289.05 |
| 226. | CHU00028291.01 | CHU00028291.05 |
| 227. | CHU00028291.01 | CHU00028291.05 |

| | | |
|---|---|---|
| 228. | CHU00028291.01 | CHU00028291.05 |
| 229. | CHU00028293.01 | CHU00028293.05 |
| 230. | CHU00028295.01 | CHU00028295.05 |
| 231. | CHU00028297.01 | CHU00028297.05 |
| 232. | CHU00028300.01 | CHU00028300.04 |
| 233. | CHU00028300.01 | CHU00028300.04 |
| 234. | CHU00028300.01 | CHU00028300.04 |
| 235. | CHU00028302.01 | CHU00028302.08 |
| 236. | CHU00028302.01 | CHU00028302.08 |
| 237. | CHU00028302.01 | CHU00028302.08 |
| 238. | CHU00028305.01 | CHU00028305.12 |
| 239. | CHU00028311.01 | CHU00028311.07 |
| 240. | CHU00028311.01 | CHU00028311.07 |
| 241. | CHU00028311.01 | CHU00028311.07 |
| 242. | CHU00028374.01 | CHU00028374.05 |
| 243. | CHU00028374.01 | CHU00028374.05 |
| 244. | CHU00028374.01 | CHU00028374.05 |
| 245. | CHU00028376.01 | CHU00028376.03 |
| 246. | CHU00028376.01 | CHU00028376.03 |
| 247. | CHU00028376.01 | CHU00028376.03 |
| 248. | CHU00028377.01 | CHU00028377.06 |
| 249. | CHU00028380.01 | CHU00028380.04 |
| 250. | CHU00028382.01 | CHU00028382.02 |
| 251. | CHU00028383.01 | CHU00028383.05 |
| 252. | CHU00028385.01 | CHU00028385.06 |
| 253. | CHU00028385.01 | CHU00028385.06 |
| 254. | CHU00028385.01 | CHU00028385.06 |
| 255. | CHU00028385.01 | CHU00028385.06 |
| 256. | CHU00028388.01 | CHU00028388.06 |
| 257. | CHU00028393.01 | CHU00028393.03 |
| 258. | CHU00028393.01 | CHU00028393.03 |
| 259. | CHU00028393.01 | CHU00028393.03 |
| 260. | CHU00028393.01 | CHU00028393.03 |
| 261. | CHU00028394.01 | CHU00028394.05 |
| 262. | CHU00028396.01 | CHU00028396.05 |
| 263. | CHU00028396.01 | CHU00028396.05 |
| 264. | CHU00028396.01 | CHU00028396.05 |
| 265. | CHU00028396.01 | CHU00028396.05 |
| 266. | CHU00028398.01 | CHU00028398.05 |
| 267. | CHU00028398.01 | CHU00028398.05 |
| 268. | CHU00028398.01 | CHU00028398.05 |
| 269. | CHU00028398.01 | CHU00028398.05 |
| 270. | CHU00028398.01 | CHU00028398.05 |
| 271. | CHU00028398.01 | CHU00028398.05 |
| 272. | CHU00028400.01 | CHU00028400.05 |
| 273. | CHU00028400.01 | CHU00028400.05 |

| | | |
|---|---|---|
| 274. | CHU00028400.01 | CHU00028400.05 |
| 275. | CHU00028400.01 | CHU00028400.05 |
| 276. | CHU00028400.01 | CHU00028400.05 |
| 277. | CHU00028424.01 | CHU00028424.03 |
| 278. | CHU00028424.01 | CHU00028424.03 |
| 279. | CHU00028424.01 | CHU00028424.03 |
| 280. | CHU00028425 | CHU00028426 |
| 281. | CHU00028425.01 | CHU00028425.05 |
| 282. | CHU00028425.01 | CHU00028425.05 |
| 283. | CHU00028427 | CHU00028429 |
| 284. | CHU00028427.01 | CHU00028427.07 |
| 285. | CHU00028427.01 | CHU00028427.07 |
| 286. | CHU00028430.01 | CHU00028430.05 |
| 287. | CHU00028432 | CHU00028433 |
| 288. | CHU00028432.01 | CHU00028432.05 |
| 289. | CHU00028432.01 | CHU00028432.07 |
| 290. | CHU00028434 | CHU00028434 |
| 291. | CHU00028434.01 | CHU00028434.03 |
| 292. | CHU00028434.01 | CHU00028434.03 |
| 293. | CHU00028435.01 | CHU00028435.03 |
| 294. | CHU00028436.01 | CHU00028436.05 |
| 295. | CHU00028438.01 | CHU00028438.03 |
| 296. | CHU00028438.01 | CHU00028438.03 |
| 297. | CHU00028438.01 | CHU00028438.03 |
| 298. | CHU00028439 | CHU00028440 |
| 299. | CHU00028439.01 | CHU00028439.04 |
| 300. | CHU00028439.01 | CHU00028439.04 |
| 301. | CHU00028441.01 | CHU00028441.13 |
| 302. | CHU00028441.01 | CHU00028441.13 |
| 303. | CHU00028441.01 | CHU00028441.13 |
| 304. | CHU00028441.01 | CHU00028441.13 |
| 305. | CHU00028441.01 | CHU00028441.13 |
| 306. | CHU00028441.01 | CHU00028441.13 |
| 307. | CHU00028447.01 | CHU00028447.04 |
| 308. | CHU00028449.01 | CHU00028449.04 |
| 309. | CHU00028451.01 | CHU00028451.05 |
| 310. | CHU00028453.01 | CHU00028453.08 |
| 311. | CHU00028456.01 | CHU00028456.03 |
| 312. | CHU00028457 | CHU0002S458 |
| 313. | CHU00028457.01 | CHU00028457.04 |
| 314. | CHU00028457.01 | CHU00028457.04 |
| 315. | CHU00028459.01 | CHU00028459.04 |
| 316. | CHU00028461.01 | CHU00028461.06 |
| 317. | CHU00028463.01 | CHU00028463.04 |
| 318. | CHU00028463.01 | CHU00028463.04 |
| 319. | CHU00028463.01 | CHU00028463.04 |

| | | |
|---|---|---|
| 320. | CHU00028463.01 | CHU00028463.04 |
| 321. | CHU00028465.01 | CHU00028465.04 |
| 322. | CHU00028467.01 | CHU00028467.04 |
| 323. | CHU00028469.01 | CHU00028469.06 |
| 324. | CHU00028472.01 | CHU00028472.06 |
| 325. | CHU00028475.01 | CHU00028475.14 |
| 326. | CHU00028477.01 | CHU00028771.04 |
| 327. | CHU00028482.01 | CHU00028482.10 |
| 328. | CHU00028487 | CHU00028489 |
| 329. | CHU00028487.01 | CHU00028487.06 |
| 330. | CHU00028487.01 | CHU00028487.06 |
| 331. | CHU00028490.01 | CHU00028490.07 |
| 332. | CHU00028490.01 | CHU00028490.07 |
| 333. | CHU00028490.01 | CHU00028490.07 |
| 334. | CHU00028493.01 | CHU00028493.05 |
| 335. | CHU00028495 | CHU00028496 |
| 336. | CHU00028495.01 | CHU00028495.04 |
| 337. | CHU00028495.01 | CHU00028495.04 |
| 338. | CHU00028497 | CHU00028497 |
| 339. | CHU00028497.01 | CHU00028497.03 |
| 340. | CHU00028497.01 | CHU00028497.03 |
| 341. | CHU00028499.01 | CHU00028499.04 |
| 342. | CHU00028501 | CHU00028502 |
| 343. | CHU00028501 | CHU00028502 |
| 344. | CHU00028501.01 | CHU00028501.05 |
| 345. | CHU00028501.01 | CHU00028501.05 |
| 346. | CHU00028501.01 | CHU00028501.05 |
| 347. | CHU00028503.01 | CHU00028503.05 |
| 348. | CHU00028503.01 | CHU00028503.05 |
| 349. | CHU00028503.01 | CHU00028503.05 |
| 350. | CHU00028505 | CHU00028506 |
| 351. | CHU00028505.01 | CHU00028505.06 |
| 352. | CHU00028505.01 | CHU00028505.06 |
| 353. | CHU00028507.01 | CHU00028507.03 |
| 354. | CHU00028507.01 | CHU00028507.03 |
| 355. | CHU00028508.01 | CHU00028508.05 |
| 356. | CHU00028514 | CHU00028515 |
| 357. | CHU00028514.01 | CHU00028514.06 |
| 358. | CHU00028514.01 | CHU00028514.06 |
| 359. | CHU00028516 | CH000028518 |
| 360. | CHU00028516.01 | CHU00028516.07 |
| 361. | CHU00028516.01 | CHU00028516.07 |
| 362. | CHU00028521 | CHU00028523 |
| 363. | CHU00028521.01 | CHU00028521.07 |
| 364. | CHU00028521.01 | CHU00028521.07 |
| 365. | CHU00028524 | CHU00028525 |

| 366. | CHU00028524 | CHU00028525 |
|------|-------------|-------------|
| 367. | CHU00028524.01 | CHU00028524.05 |
| 368. | CHU00028524.01 | CHU00028524.05 |
| 369. | CHU00028524.01 | CHU00028524.05 |
| 370. | CHU00028530.01 | CHU00028530.02 |
| 371. | CHU00028531.01 | CHU00028531.03 |
| 372. | CHU00028532.01 | CHU00028532.04 |
| 373. | CHU00028544.01 | CHU00028544.07 |
| 374. | CHU00028548.01 | CHU00028548.07 |
| 375. | CHU00028551.01 | CHU00028551.08 |
| 376. | CHU00028555.01 | CHU00028555.02 |
| 377. | CHU00028556.01 | CHU00028556.05 |
| 378. | CHU00028558.01 | CHU00028558.02 |
| 379. | CHU00028558.01 | CHU00028558.02 |
| 380. | CHU00028558.01 | CHU00028558.02 |
| 381. | CHU00028559.01 | CHU00028559.04 |
| 382. | CHU00028565.01 | CHU00028565.04 |
| 383. | CHU00028565.01 | CHU00028565.04 |
| 384. | CHU00028589.01 | CHU00028589.07 |
| 385. | CHU00028589.01 | CHU00028589.07 |
| 386. | CHU00028589.01 | CHU00028589.07 |
| 387. | CHU00028589.01 | CHU00028589.07 |
| 388. | CHU00028589.01 | CHU00028589.07 |
| 389. | CHU00028589.01 | CHU00028589.07 |
| 390. | CHU00028591 | CHU00028591 |
| 391. | CHU00028592 | CHU00028595 |
| 392. | CHU00028596.01 | CHU00028596.03 |
| 393. | CHU00028597.01 | CHU00028597.02 |
| 394. | CHU00028597.01 | CHU00028597.02 |
| 395. | CHU00028597.01 | CHU00028597.02 |
| 396. | CHU00028598.01 | CHU00028598.03 |
| 397. | CHU00028599.01 | CHU00028599.05 |
| 398. | CHU00028599.01 | CHU00028599.05 |
| 399. | CHU00028599.01 | CHU00028599.05 |
| 400. | CHU00028602.01 | CHU00028602.05 |
| 401. | CHU00028604.01 | CHU00028604.05 |
| 402. | CHU00028606.01 | CHU00028606.09 |
| 403. | CHU00028606.01 | CHU00028606.09 |
| 404. | CHU00028606.01 | CHU00028606.09 |
| 405. | CHU00028612.01 | CHU00028612.03 |
| 406. | CHU00028613 | CHU00028614 |
| 407. | CHU00028613 | CHU00028614 |
| 408. | CHU00028613.01 | CHU00028613.05 |
| 409. | CHU00028613.01 | CHU00028613.05 |
| 410. | CHU00028613.01 | CHU00028613.05 |
| 411. | CHU00028613.01 | CHU00028613.05 |

| | | |
|---|---|---|
| 412. | CHU00028615.01 | CHU00028615.02 |
| 413. | CHU00028621.01 | CHU00028621.05 |
| 414. | CHU00028623.01 | CHU00028623.05 |
| 415. | CHU00028625.01 | CHU00028625.06 |
| 416. | CHU00028632.01 | CHU00028632.07 |
| 417. | CHU00028632.01 | CHU00028632.07 |
| 418. | CHU00028632.01 | CHU00028632.07 |
| 419. | CHU00028635.01 | CHU00028635.06 |
| 420. | CHU00028638.01 | CHU00028638.03 |
| 421. | CHU00028638.01 | CHU00028638.03 |
| 422. | CHU00028638.01 | CHU00028638.03 |
| 423. | CHU00028639.01 | CHU00028639.07 |
| 424. | CHU00028642.01 | CHU00028642.07 |
| 425. | CHU00028642.01 | CHU00028642.07 |
| 426. | CHU00028642.01 | CHU00028642.07 |
| 427. | CHU00028645.01 | CHU00028645.04 |
| 428. | CHU00028645.01 | CHU00028645.04 |
| 429. | CHU00028645.01 | CHU00028645.04 |
| 430. | CHU00028647.01 | CHU00028647.03 |
| 431. | CHU00028648.01 | CHU00028648.07 |
| 432. | CHU00028648.01 | CHU00028648.07 |
| 433. | CHU00028648.01 | CHU00028648.07 |
| 434. | CHU00028651.01 | CHU00028651.05 |
| 435. | CHU00028651.01 | CHU00028651.05 |
| 436. | CHU00028651.01 | CHU00028651.05 |
| 437. | CHU00028653.01 | CHU00028653.03 |
| 438. | CHU00028654.01 | CHU00028654.06 |
| 439. | CHU00028654.01 | CHU00028654.06 |
| 440. | CHU00028654.01 | CHU00028654.06 |
| 441. | CHU00028656.01 | CHU00028656.05 |
| 442. | CHU00028656.01 | CHU00028656.05 |
| 443. | CHU00028656.01 | CHU00028656.05 |
| 444. | CHU00028658.01 | CHU00028658.05 |
| 445. | CHU00028660.01 | CHU00028660.01 |
| 446. | CHU00028661.01 | CHU00028661.05 |
| 447. | CHU00028661.01 | CHU00028661.05 |
| 448. | CHU00028661.01 | CHU00028661.05 |
| 449. | CHU00028663.01 | CHU00028663.07 |
| 450. | CHU00028666.01 | CHU00028666.04 |
| 451. | CHU00028668.01 | CHU00028668.04 |
| 452. | CHU00028670.01 | CHU00028670.04 |
| 453. | CHU00028670.01 | CHU00028670.04 |
| 454. | CHU00028670.01 | CHU00028670.04 |
| 455. | CHU00028670.01 | CHU00028670.04 |
| 456. | CHU00028670.01 | CHU00028670.04 |
| 457. | CHU00028672.01 | CHU00028672.05 |

| 458. | CHU00028672.01 | CHU00028672.05 |
|------|----------------|----------------|
| 459. | CHU00028672.01 | CHU00028672.05 |
| 460. | CHU00028674.01 | CHU00028674.08 |
| 461. | CHU00028674.01 | CHU00028674.08 |
| 462. | CHU00028674.01 | CHU00028674.08 |
| 463. | CHU00028677.01 | CHU00028677.08 |
| 464. | CHU00028685.01 | CHU00028685.04 |
| 465. | CHU00028685.01 | CHU00028685.05 |
| 466. | CHU00028687.01 | CHU00028687.04 |
| 467. | CHU00028687.01 | CHU00028687.04 |
| 468. | CHU00028687.01 | CHU00028687.04 |
| 469. | CHU00028689.01 | CHU00028689.05 |
| 470. | CHU00028689.01 | CHU00028689.05 |
| 471. | CHU00028689.01 | CHU00028689.05 |
| 472. | CHU00028689.01 | CHU00028689.05 |
| 473. | CHU00028691.01 | CHU00028691.07 |
| 474. | CHU00028691.01 | CHU00028691.07 |
| 475. | CHU00028691.01 | CHU00028691.07 |
| 476. | CHU00028698.01 | CHU00028698.03 |
| 477. | CHU00028699.01 | CHU00028699.05 |
| 478. | CHU00028701.01 | CHU00028701.06 |
| 479. | CHU00028701.01 | CHU00028701.06 |
| 480. | CHU00028701.01 | CHU00028701.06 |
| 481. | CHU00028705.01 | CHU00028705.04 |
| 482. | CHU00028705.01 | CHU00028705.04 |
| 483. | CHU00028707.01 | CHU00028707.08 |
| 484. | CHU00028707.01 | CHU00028707.08 |
| 485. | CHU00028707.01 | CHU00028707.08 |
| 486. | CHU00028711.01 | CHU00028711.04 |
| 487. | CHU00028711.01 | CHU00028711.04 |
| 488. | CHU00028711.01 | CHU00028711.04 |
| 489. | CHU00028713.01 | CHU00028713.05 |
| 490. | CHU00028716.01 | CHU00028716.03 |
| 491. | CHU00028717.01 | CHU00028717.10 |
| 492. | CHU00028723 | CHU00028724 |
| 493. | CHU00028723 | CHU00028724 |
| 494. | CHU00028723.01 | CHU00028723.06 |
| 495. | CHU00028723.01 | CHU00028723.06 |
| 496. | CHU00028723.01 | CHU00028723.06 |
| 497. | CHU00028725.01 | CHU00028725.07 |
| 498. | CHU00028725.01 | CHU00028725.07 |
| 499. | CHU00028725.01 | CHU00028725.07 |
| 500. | CHU00028725.01 | CHU00028725.05 |
| 501. | CHU00028725.01 | CHU00028725.07 |
| 502. | CHU00028728.01 | CHU00028728.05 |
| 503. | CHU00028730.01 | CHU00028730.08 |

| 504. | CHU00028730.01 | CHU00028730.08 |
|------|----------------|----------------|
| 505. | CHU00028730.01 | CHU00028730.08 |
| 506. | CHU00028730.01 | CHU00028730.08 |
| 507. | CHU00028734.01 | CHU00028734.04 |
| 508. | CHU00028734.01 | CHU00028734.04 |
| 509. | CHU00028734.01 | CHU00028734.04 |
| 510. | CHU00028736 | CHU00028736 |
| 511. | CHU00028737 | CHU00028737 |
| 512. | CHU00028737 | CHU00028737 |
| 513. | CHU00028740.01 | CHU00028740.09 |
| 514. | CHU00028740.01 | CHU00028740.09 |
| 515. | CHU00028740.01 | CHU00028740.09 |
| 516. | CHU00028744.01 | CHU00028744.05 |
| 517. | CHU00028746.01 | CHU00028746.06 |
| 518. | CHU00028746.01 | CHU00028746.06 |
| 519. | CHU00028746.01 | CHU00028746.06 |
| 520. | CHU00028746.01 | CHU00028746.06 |
| 521. | CHU00028749.01 | CHU00028749.07 |
| 522. | CHU00028752.01 | CHU00028752.08 |
| 523. | CHU00028752.01 | CHU00028752.08 |
| 524. | CHU00028752.01 | CHU00028752.08 |
| 525. | CHU00028755 | CHU00028756 |
| 526. | CHU00028755 | CHU00028756 |
| 527. | CHU00028755.01 | CHU00028755.06 |
| 528. | CHU00028755.01 | CHU00028755.06 |
| 529. | CHU00028755.01 | CHU00028755.06 |
| 530. | CHU00028757 | CHU00028757 |
| 531. | CHU00028758.01 | CHU00028758.04 |
| 532. | CHU00028758.01 | CHU00028758.04 |
| 533. | CHU00028760.01 | CHU00028760.07 |
| 534. | CHU00028760.01 | CHU00028760.07 |
| 535. | CHU00028760.01 | CHU00028760.07 |
| 536. | CHU00028760.01 | CHU00028760.07 |
| 537. | CHU00028763.01 | CHU00028763.11 |
| 538. | CHU00028763.01 | CHU00028763.11 |
| 539. | CHU00028768.01 | CHU00028768.08 |
| 540. | CHU00028768.01 | CHU00028768.08 |
| 541. | CHU00028768.01 | CHU00028768.08 |
| 542. | CHU00028768.01 | CHU00028768.08 |
| 543. | CHU00028771.01 | CHU00028771.04 |
| 544. | CHU00028773.01 | CHU00028773.05 |
| 545. | CHU00028776.01 | CHU00028776.11 |
| 546. | CHU00028776.01 | CHU00028776.11 |
| 547. | CHU00028781.01 | CHU00028781.07 |
| 548. | CHU00028781.01 | CHU00028781.07 |
| 549. | CHU00028781.01 | CHU00028781.07 |

| | | |
|---|---|---|
| 550. | CHU00028784.01 | CHU00028784.05 |
| 551. | CHU00028784.01 | CHU00028784.05 |
| 552. | CHU00028786 | CHU00028788 |
| 553. | CHU00028786 | CHU00028788 |
| 554. | CHU00028786.01 | CHU00028786.08 |
| 555. | CHU00028786.01 | CHU00028786.08 |
| 556. | CHU00028786.01 | CHU00028786.08 |
| 557. | CHU00028789.01 | CHU00028789.05 |
| 558. | CHU00028789.01 | CHU00028789.05 |
| 559. | CHU00028789.01 | CHU00028789.05 |
| 560. | CHU00028791.01 | CHU00028791.07 |
| 561. | CHU00028791.01 | CHU00028791.07 |
| 562. | CHU00028791.01 | CHU00028791.07 |
| 563. | CHU00028791.01 | CHU00028791.07 |
| 564. | CHU00028794.01 | CHU00028794.04 |
| 565. | CHU00028796.01 | CHU00028796.07 |
| 566. | CHU00028799.01 | CHU00028799.06 |
| 567. | CHU00028801.01 | CHU00028801.05 |
| 568. | CHU00028803.01 | CHU00028803.05 |
| 569. | CHU00028803.01 | CHU00028803.05 |
| 570. | CHU00028803.01 | CHU00028803.05 |
| 571. | CHU00028803.01 | CHU00028803.05 |
| 572. | CHU00028803.01 | CHU00028803.05 |
| 573. | CHU00028805.01 | CHU00028805.05 |
| 574. | CHU00028807.01 | CHU00028807.06 |
| 575. | CHU00028809 | CHU00028810 |
| 576. | CHU00028809 | CHU00028810 |
| 577. | CHU00028809 | CHU00028810 |
| 578. | CHU00028809 | CHU00028810 |
| 579. | CHU00028809.01 | CHU00028809.05 |
| 580. | CHU00028809.01 | CHU00028809.05 |
| 581. | CHU00028809.01 | CHU00028809.05 |
| 582. | CHU00028809.01 | CHU00028809.05 |
| 583. | CHU00028809.01 | CHU00028809.05 |
| 584. | CHU00028811.01 | CHU00028811.04 |
| 585. | CHU00028813.01 | CHU00028813.04 |
| 586. | CHU00028815.01 | CHU00028815.04 |
| 587. | CHU00028815.01 | CHU00028815.04 |
| 588. | CHU00028815.01 | CHU00028815.04 |
| 589. | CHU00028817.01 | CHU00028817.11 |
| 590. | CHU00028821.01 | CHU00028821.06 |
| 591. | CHU00028841 | CHU00028843 |
| 592. | CHU00028841 | CHU00028843 |
| 593. | CHU00028841.01 | CHU00028841.09 |
| 594. | CHU00028841.01 | CHU00028841.09 |
| 595. | CHU00028841.01 | CHU00028841.09 |

| 596. | CHU00028848.01 | CHU00028848.08 |
|------|----------------|----------------|
| 597. | CHU00028851 | CHU00028852 |
| 598. | CHU00028851 | CHU00028852 |
| 599. | CHU00028851.01 | CHU00028851.06 |
| 600. | CHU00028851.01 | CHU00028851.06 |
| 601. | CHU00028851.01 | CHU00028851.06 |
| 602. | CHU00028853.01 | CHU00028853.06 |
| 603. | CHU00028856.01 | CHU00028856.05 |
| 604. | CHU00028858.01 | CHU00028858.14 |
| 605. | CHU00028865.01 | CHU00028865.07 |
| 606. | CHU00028865.01 | CHU00028865.07 |
| 607. | CHU00028865.01 | CHU00028865.07 |
| 608. | CHU00028865.01 | CHU00028865.07 |
| 609. | CHU00028868.01 | CHU00028868.03 |
| 610. | CHU00028869 | CHU00028872 |
| 611. | CHU00028869 | CHU00028872 |
| 612. | CHU00028869.01 | CHU00028869.08 |
| 613. | CHU00028869.01 | CHU00028869.08 |
| 614. | CHU00028869.01 | CHU00028869.08 |
| 615. | CHU00028873.01 | CHU00028873.03 |
| 616. | CHU00028873.01 | CHU00028873.03 |
| 617. | CHU00028873.01 | CHU00028873.03 |
| 618. | CHU00028874.01 | CHU00028874.07 |
| 619. | CHU00028877 | CHU00028878 |
| 620. | CHU00028877 | CHU00028878 |
| 621. | CHU00028877.01 | CHU00028877.06 |
| 622. | CHU00028877.01 | CHU00028877.06 |
| 623. | CHU00028877.01 | CHU00028877.06 |
| 624. | CHU00028877.01 | CHU00028877.06 |
| 625. | CHU00028882.01 | CHU00028882.05 |
| 626. | CHU00028884.01 | CHU00028884.06 |
| 627. | CHU00028887.01 | CHU00028887.05 |
| 628. | CHU00028887.01 | CHU00028887.05 |
| 629. | CHU00028887.01 | CHU00028887.05 |
| 630. | CHU00028889 | CHU00028892 |
| 631. | CHU00028889.01 | CHU00028889.08 |
| 632. | CHU00028889.01 | CHU00028889.08 |
| 633. | CHU00028889.01 | CHU00028889.08 |
| 634. | CHU00028893.01 | CHU00028893.07 |
| 635. | CHU00028896.01 | CHU00028896.03 |
| 636. | CHU00028897.01 | CHU00028897.05 |
| 637. | CHU00028899.01 | CHU00028899.05 |
| 638. | CHU00028901.01 | CHU00028901.03 |
| 639. | CHU00028907 | CHU00028907 |
| 640. | CHU00028907 | CHU00028907 |
| 641. | CHU00028907.01 | CHU00028907.02 |

| | | |
|---|---|---|
| 642. | CHU00028907.01 | CHU00028907.02 |
| 643. | CHU00028907.01 | CHU00028907.02 |
| 644. | CHU00028908.01 | CHU00028908.03 |
| 645. | CHU00028909 | CHU00028911 |
| 646. | CHU00028909 | CHU00028911 |
| 647. | CHU00028909.01 | CHU00028909.06 |
| 648. | CHU00028909.01 | CHU00028909.06 |
| 649. | CHU00028909.01 | CHU00028909.06 |
| 650. | CHU00028912 | CHU00028914 |
| 651. | CHU00028912 | CHU00028914 |
| 652. | CHU00028912.01 | CHU00028912.08 |
| 653. | CHU00028912.01 | CHU00028912.08 |
| 654. | CHU00028912.01 | CHU00028912.08 |
| 655. | CHU00028930.01 | CHU00028930.06 |
| 656. | CHU00028930.01 | CHU00028930.06 |
| 657. | CHU00028930.01 | CHU00028930.06 |
| 658. | CHU00028933 | CHU00028933 |
| 659. | CHU00028933 | CHU00028933 |
| 660. | CHU00028933.01 | CHU00028933.27 |
| 661. | CHU00028933.01 | CHU00028933.27 |
| 662. | CHU00028933.01 | CHU00028933.27 |
| 663. | CHU00028948.01 | CHU00028948.04 |
| 664. | CHU00028950.01 | CHU00028950.04 |
| 665. | CHU00028952.01 | CHU00028952.06 |
| 666. | CHU00028952.01 | CHU00028952.06 |
| 667. | CHU00028952.01 | CHU00028952.06 |
| 668. | CHU00028955.01 | CHU00028955.07 |
| 669. | CHU00028955.01 | CHU00028955.07 |
| 670. | CHU00028955.01 | CHU00028955.07 |
| 671. | CHU00028958.01 | CHU00028958.03 |
| 672. | CHU00028959.01 | CHU00028959.02 |
| 673. | CHU00028960.01 | CHU00028960.04 |
| 674. | CHU00028962.01 | CHU00028962.04 |
| 675. | CHU00028964.01 | CHU00028964.05 |
| 676. | CHU00028966.01 | CHU00028966.06 |
| 677. | CHU00028968 | CHU00028969 |
| 678. | CHU00028968 | CHU00028969 |
| 679. | CHU00028968.01 | CHU00028968.05 |
| 680. | CHU00028968.01 | CHU00028968.05 |
| 681. | CHU00028968.01 | CHU00028968.05 |
| 682. | CHU00028970.01 | CHU00028970.05 |
| 683. | CHU00028972.01 | CHU00028972.05 |
| 684. | CHU00028975.01 | CHU00028975.06 |
| 685. | CHU00028975.01 | CHU00028975.06 |
| 686. | CHU00028975.01 | CHU00028975.06 |
| 687. | CHU00028985 | CHU00028989 |

6083673.9.1

| | | |
|---|---|---|
| 688. | CHU0002892993 | CHU000290014 |
| 689. | CHU000290039.01 | CHU000290039.07 |
| 690. | CHU000290039.01 | CHU000290039.07 |
| 691. | CHU000290039.01 | CHU000290039.07 |
| 692. | CHU000290044 | CHU000290045 |
| 693. | CHU000290046.01 | CHU000290046.05 |
| 694. | CHU000290048.01 | CHU000290048.06 |
| 695. | CHU000290050 | CHU000290S1 |
| 696. | CHU000290050 | CHU000290S1 |
| 697. | CHU000290050.01 | CHU000290050.04 |
| 698. | CHU000290050.01 | CHU000290050.04 |
| 699. | CHU000290050.01 | CHU000290050.04 |
| 700. | CHU000290059.01 | CHU000290059.07 |
| 701. | CHU000290059.01 | CHU000290059.07 |
| 702. | CHU000290059.01 | CHU000290059.07 |
| 703. | CHU000290062.01 | CHU000290062.07 |
| 704. | CHU000290065.01 | CHU000290065.07 |
| 705. | CHU000290065.01 | CHU000290065.07 |
| 706. | CHU000290065.01 | CHU000290065.07 |
| 707. | CHU000290068.01 | CHU000290068.03 |
| 708. | CHU000290070 | CHU0002908082 |
| 709. | CHU0002908084 | CHU0002908086 |
| 710. | CHU000290105.01 | CHU000290105.09 |
| 711. | CHU000290105.01 | CHU000290105.09 |
| 712. | CHU000290105.01 | CHU000290105.09 |
| 713. | CHU000290108.01 | CHU000290108.05 |
| 714. | CHU000290108.01 | CHU000290108.05 |
| 715. | CHU000290108.01 | CHU000290108.05 |
| 716. | CHU000290110.01 | CHU000290110.14 |
| 717. | CHU000290110.01 | CHU000290110.14 |
| 718. | CHU000290110.01 | CHU000290110.14 |
| 719. | CHU000290116.01 | CHU000290116.12 |
| 720. | CHU000290116.01 | CHU000290116.12 |
| 721. | CHU000290116.01 | CHU000290116.12 |
| 722. | CHU000290131.01 | CHU000290131.17 |
| 723. | CHU000290131.01 | CHU000290131.17 |
| 724. | CHU000290131.01 | CHU000290131.17 |
| 725. | CHU000290131.01 | CHU000290131.17 |
| 726. | CHU000290138.01 | CHU000290138.14 |
| 727. | CHU000290144.01 | CHU000290144.09 |
| 728. | CHU000290144.01 | CHU000290144.09 |
| 729. | CHU000290144.01 | CHU000290144.09 |
| 730. | CHU000290144.01 | CHU000290144.09 |
| 731. | CHU000290144.01 | CHU000290144.09 |
| 732. | CHU000290144.01 | CHU000290144.09 |
| 733. | CHU000290147.01 | CHU000290147.11 |

| | | |
|---|---|---|
| 734. | CHU00029147.01 | CHU00029147.11 |
| 735. | CHU00029152.01 | CHU00029152.07 |
| 736. | CHU00029152.01 | CHU00029152.07 |
| 737. | CHU00029152.01 | CHU00029152.07 |
| 738. | CHU00029152.01 | CHU00029152.07 |
| 739. | CHU00029155.01 | CHU00029155.19 |
| 740. | CHU00029155.01 | CHU00029155.19 |
| 741. | CHU00029155.01 | CHU00029155.19 |
| 742. | CHU00029163.01 | CHU00029163.19 |
| 743. | CHU00029163.01 | CHU00029163.19 |
| 744. | CHU00029163.01 | CHU00029163.19 |
| 745. | CHU00029171.01 | CHU00029171.11 |
| 746. | CHU00029175.01 | CHU00029175.11 |
| 747. | CHU00029175.01 | CHU00029175.11 |
| 748. | CHU00029175.01 | CHU00029175.11 |
| 749. | CHU00029179.01 | CHU00029179.14 |
| 750. | CHU00029179.01 | CHU00029179.14 |
| 751. | CHU00029179.01 | CHU00029179.14 |
| 752. | CHU00029179.01 | CHU00029179.14 |
| 753. | CHU00029179.01 | CHU00029179.14 |
| 754. | CHU00029185.01 | CHU00029185.11 |
| 755. | CHU00029185.01 | CHU00029185.11 |
| 756. | CHU00029185.01 | CHU00029185.11 |
| 757. | CHU00029185.01 | CHU00029185.11 |
| 758. | CHU00029185.01 | CHU00029185.11 |
| 759. | CHU00029185.01 | CHU00029185.11 |
| 760. | CHU00029189.01 | CHU00029189.04 |
| 761. | CHU00029189.01 | CHU00029189.04 |
| 762. | CHU00029189.01 | CHU00029189.04 |
| 763. | CHU00029191.01 | CHU00029191.08 |
| 764. | CHU00029191.01 | CHU00029191.08 |
| 765. | CHU00029191.01 | CHU00029191.08 |
| 766. | CHU00029214 | CHU00029220 |
| 767. | CHU00029214 | CHU00029220 |
| 768. | CHU00029221 | CHU00029227 |
| 769. | CHU00029228.01 | CHU00029228.08 |
| 770. | CHU00029228.01 | CHU00029228.08 |
| 771. | CHU00029228.01 | CHU00029228.08 |
| 772. | CHU00029228.01 | CHU00029228.08 |
| 773. | CHU00029231 | CHU00029234 |
| 774. | CHU00029235.01 | CHU00029235.08 |
| 775. | CHU00029235.01 | CHU00029235.08 |
| 776. | CHU00029235.01 | CHU00029235.08 |
| 777. | CHU00029235.01 | CHU00029235.08 |
| 778. | CHU00029238.01 | CHU00029238.09 |
| 779. | CHU00029238.01 | CHU00029238.09 |

| | | |
|---|---|---|
| 780. | CHU00029242.01 | CHU00029242.09 |
| 781. | CHU00029245.01 | CHU00029245.08 |
| 782. | CHU00029245.01 | CHU00029245.08 |
| 783. | CHU00029245.01 | CHU00029245.08 |
| 784. | CHU00029245.01 | CHU00029245.08 |
| 785. | CHU00029248 | CHU00029258 |
| 786. | CHU00029248 | CHU00029258 |
| 787. | CHU00029259.01 | CHU00029259.08 |
| 788. | CHU00029259.01 | CHU00029259.08 |
| 789. | CHU00029259.01 | CHU00029259.08 |
| 790. | CHU00029262 | CHU00029264 |
| 791. | CHU00029262 | CHU00029264 |
| 792. | CHU00029262.01 | CHU00029262.08 |
| 793. | CHU00029262.01 | CHU00029262.08 |
| 794. | CHU00029262.01 | CHU00029262.08 |
| 795. | CHU00029269 | CHU00029273 |
| 796. | CHU00029279.01 | CHU00029279.06 |
| 797. | CHU00029281.01 | CHU00029281.14 |
| 798. | CHU00029281.01 | CHU00029281.14 |
| 799. | CHU00029281.01 | CHU00029281.14 |
| 800. | CHU00029293.01 | CHU00029293.14 |
| 801. | CHU00029293.01 | CHU00029293.14 |
| 802. | CHU00029316 | CHU00029320 |
| 803. | CHU00029316 | CHU00029320 |
| 804. | CHU00029316.01 | CHU00029316.13 |
| 805. | CHU00029316.01 | CHU00029316.13 |
| 806. | CHU00029316.01 | CHU00029316.13 |
| 807. | CHU00029340 | CHU00029534 |
| 808. | CHU00029753 | CHU00029753 |
| 809. | CHU00029944.01 | CHU00029944.24 |
| 810. | CHU00029957.01 | CHU00029957.22 |
| 811. | CHU00029967.01 | CHU00029967.10 |
| 812. | CHU00029971.01 | CHU00029971.05 |
| 813. | CHU00029977.01 | CHU00029977.17 |
| 814. | CHU00029985.01 | CHU00029985.06 |
| 815. | CHU00029987.01 | CHU00029987.05 |
| 816. | CHU00029989.01 | CHU00029989.03 |
| 817. | CHU00029990.01 | CHU00029990.09 |
| 818. | CHU00029999.01 | CHU00029999.06 |
| 819. | CHU0002SS07 | CHU0002SS07 |
| 820. | CHU00030001.01 | CHU00030001.09 |
| 821. | CHU00030005.01 | CHU00030005.10 |
| 822. | CHU00030008.01 | CHU00030008.06 |
| 823. | CHU00030014.01 | CHU00030014.16 |
| 824. | CHU00030020.01 | CHU00030020.15 |
| 825. | CHU00030026.01 | CHU00030026.10 |

| | | |
|---|---|---|
| 826. | CHU00030030.01 | CHU00030030.10 |
| 827. | CHU00030034.01 | CHU00030034.06 |
| 828. | CHU00030036.01 | CHU00030036.11 |
| 829. | CHU00030036.01 | CHU00030036.11 |
| 830. | CHU00030036.01 | CHU00030036.11 |
| 831. | CHU00030040 | |
| 832. | CHU00030040.01 | CHU00030040.03 |
| 833. | CHU00030045.01 | CHU00030045.16 |
| 834. | CHU00030051.01 | CHU00030051.03 |
| 835. | CHU00030051.01 | CHU00030051.03 |
| 836. | CHU00030051.01 | CHU00030051.03 |
| 837. | CHU00030052 | CHU00030053 |
| 838. | CHU00030056.01 | CHU00030056.06 |
| 839. | CHU00030056.01 | CHU00030056.06 |
| 840. | CHU00030058.01 | CHU00030058.07 |
| 841. | CHU00030058.01 | CHU00030058.07 |
| 842. | CHU00030058.01 | CHU00030058.07 |
| 843. | CHU00030060.01 | CHU00030060.11 |
| 844. | CHU00030060.01 | CHU00030060.11 |
| 845. | CHU00030060.01 | CHU00030060.11 |
| 846. | CHU00030064.01 | CHU00030064.06 |
| 847. | CHU00030064.01 | CHU00030064.06 |
| 848. | CHU00030064.01 | CHU00030064.06 |
| 849. | CHU00030066.01 | CHU00030066.03 |
| 850. | CHU00030067.01 | CHU00030067.04 |
| 851. | CHU00030068.01 | CHU00030068.05 |
| 852. | CHU00030070.01 | CHU00030070.03 |
| 853. | CHU00030071.01 | CHU00030071.22 |
| 854. | CHU00030079.01 | CHU00030079.03 |
| 855. | CHU00030080.01 | CHU00030080.05 |
| 856. | CHU00030085.01 | CHU00030085.06 |
| 857. | CHU00030087.01 | CHU00030087.04 |
| 858. | CHU00030228 | CHU00030228 |
| 859. | CHU00030406.01 | CHU00030406.06 |
| 860. | CHU00030406.01 | CHU00030406.06 |
| 861. | CHU00030406.01 | CHU00030406.06 |
| 862. | CHU00030408.01 | CHU00030408.05 |
| 863. | CHU00030410.01 | CHU00030410.10 |
| 864. | CHU00030414.01 | CHU00030414.12 |
| 865. | CHU00030414.01 | CHU00030414.12 |
| 866. | CHU00030414.01 | CHU00030414.12 |
| 867. | CHU00030419.01 | CHU00030419.06 |
| 868. | CHU00030421.01 | CHU00030421.10 |
| 869. | CHU00030421.01 | CHU00030421.10 |
| 870. | CHU00030426.01 | CHU00030426.07 |
| 871. | CHU00030429.01 | CHU00030429.05 |

| | | |
|---|---|---|
| 872. | CHU00030431.01 | CHU00030431.06 |
| 873. | CHU00030437 | CHU00030438 |
| 874. | CHU00030437 | CHU00030438 |
| 875. | CHU00030437.01 | CHU00030437.06 |
| 876. | CHU00030437.01 | CHU00030437.06 |
| 877. | CHU00030437.01 | CHU00030437.06 |
| 878. | CHU00030439.01 | CHU00030439.09 |
| 879. | CHU00030443.01 | CHU00030443.14 |
| 880. | CHU00030449.01 | CHU00030449.21 |
| 881. | CHU00030449.01 | CHU00030449.21 |
| 882. | CHU00030449.01 | CHU00030449.21 |
| 883. | CHU00030449.01 | CHU00030449.21 |
| 884. | CHU00030449.01 | CHU00030449.21 |
| 885. | CHU00030449.01 | CHU00030449.21 |
| 886. | CHU00030458.01 | CHU00030458.12 |
| 887. | CHU00030458.01 | CHU00030458.12 |
| 888. | CHU00030458.01 | CHU00030458.12 |
| 889. | CHU00030463.01 | CHU00030463.06 |
| 890. | CHU00030465.01 | CHU00030465.09 |
| 891. | CHU00030468.01 | CHU00030468.10 |
| 892. | CHU00030472.01 | CHU00030472.06 |
| 893. | CHU00030474.01 | CHU00030474.03 |
| 894. | CHU00030475.01 | CHU00030475.05 |
| 895. | CHU00030477.01 | CHU00030477.16 |
| 896. | CHU00030483.01 | CHU00030483.16 |
| 897. | CHU00030491.01 | CHU00030491.09 |
| 898. | CHU00030495.01 | CHU00030495.06 |
| 899. | CHU00030495.01 | CHU00030495.06 |
| 900. | CHU00030495.01 | CHU00030495.06 |
| 901. | CHU00030497.01 | CHU00030497.05 |
| 902. | CHU00030499.01 | CHU00030499.04 |
| 903. | CHU00030499.01 | CHU00030499.04 |
| 904. | CHU00030499.01 | CHU00030499.04 |
| 905. | CHU00030500.01 | CHU00030500.05 |
| 906. | CHU00030502.01 | CHU00030502.07 |
| 907. | CHU00030505.01 | CHU00030505.03 |
| 908. | CHU00030506.01 | CHU00030506.16 |
| 909. | CHU00030512.01 | CHU00030512.19 |
| 910. | CHU00030520.01 | CHU00030520.10 |
| 911. | CHU00030524 | CHU00030525 |
| 912. | CHU00030526.01 | CHU00030526.11 |
| 913. | CHU00030530.01 | CHU00030530.08 |
| 914. | CHU00030530.01 | CHU00030530.08 |
| 915. | CHU00030530.01 | CHU00030530.08 |
| 916. | CHU00030530.01 | CHU00030530.08 |
| 917. | CHU00030530.01 | CHU00030530.08 |

| | | |
|---|---|---|
| 918. | CHU00030533.01 | CHU00030533.10 |
| 919. | CHU00030537.01 | CHU00030537.06 |
| 920. | CHU00030539.01 | CHU00030539.10 |
| 921. | CHU00030543.01 | CHU00030543.10 |
| 922. | CHU00030547.01 | CHU00030547.15 |
| 923. | CHU00030553.01 | CHU00030553.09 |
| 924. | CHU00030553.01 | CHU00030553.09 |
| 925. | CHU00030557.01 | CHU00030557.05 |
| 926. | CHU00030559.01 | CHU00030559.10 |
| 927. | CHU00030559.01 | CHU00030559.10 |
| 928. | CHU00030559.01 | CHU00030559.10 |
| 929. | CHU00030559.01 | CHU00030559.10 |
| 930. | CHU00030661.01 | CHU00030661.08 |
| 931. | CHU00030664.01 | CHU00030664.02 |
| 932. | CHU00030665.01 | CHU00030665.08 |
| 933. | CHU00030668.01 | CHU00030668.05 |
| 934. | CHU00030670.01 | CHU00030670.14 |
| 935. | CHU00030670.01 | CHU00030670.14 |
| 936. | CHU00030675.01 | CHU00030675.11 |
| 937. | CHU00030679 | CHU00030679 |
| 938. | CHU00030679 | CHU00030679 |
| 939. | CHU00030679.01 | CHU00030679.13 |
| 940. | CHU00030679.01 | CHU00030679.13 |
| 941. | CHU00030679.01 | CHU00030679.13 |
| 942. | CHU00030679.01 | CHU00030679.13 |
| 943. | CHU00030684.01 | CHU00030684.11 |
| 944. | CHU00030688 | CHU00030691 |
| 945. | CHU00030688 | CHU00030691 |
| 946. | CHU00030688.01 | CHU00030688.08 |
| 947. | CHU00030688.01 | CHU00030688.08 |
| 948. | CHU00030688.01 | CHU00030688.08 |
| 949. | CHU00030692.01 | CHU00030692.08 |
| 950. | CHU00030695 | CHU00030697 |
| 951. | CHU00030695 | CHU00030697 |
| 952. | CHU00030695.01 | CHU00030695.08 |
| 953. | CHU00030695.01 | CHU00030695.08 |
| 954. | CHU00030695.01 | CHU00030695.08 |
| 955. | CHU00030698.01 | CHU00030698.08 |
| 956. | CHU00030698.01 | CHU00030698.08 |
| 957. | CHU00030698.01 | CHU00030698.08 |
| 958. | CHU00030701.01 | CHU00030701.12 |
| 959. | CHU00030701.01 | CHU00030701.12 |
| 960. | CHU00030701.01 | CHU00030701.12 |
| 961. | CHU00030701.01 | CHU00030701.12 |
| 962. | CHU00030705.01 | CHU00030705.11 |
| 963. | CHU00030713.01 | CHU00030713.11 |

| 964. | CHU00030713.01 | CHU00030713.11 |
|---|---|---|
| 965. | CHU00030713.01 | CHU00030713.11 |
| 966. | CHU00030717.01 | CHU00030717.08 |
| 967. | CHU00030720.01 | CHU00030720.20 |
| 968. | CHU00030720.01 | CHU00030720.20 |
| 969. | CHU00030720.01 | CHU00030720.20 |
| 970. | CHU00030720.01 | CHU00030720.20 |
| 971. | CHU00030728.01 | CHU00030728.06 |
| 972. | CHU00030731.01 | CHU00030731.08 |
| 973. | CHU00030731.01 | CHU00030731.08 |
| 974. | CHU00030731.01 | CHU00030731.08 |
| 975. | CHU00030731.01 | CHU00030731.08 |
| 976. | CHU00030731.01 | CHU00030731.08 |
| 977. | CHU00030731.01 | CHU00030731.08 |
| 978. | CHU00030731.01 | CHU00030731.08 |
| 979. | CHU00030734.01 | CHU00030734.11 |
| 980. | CHU00030738.01 | CHU00030738.08 |
| 981. | CHU00030741.01 | CHU00030741.11 |
| 982. | CHU00030745.01 | CHU00030745.09 |
| 983. | CHU00030748.01 | CHU00030748.03 |
| 984. | CHU00030749.01 | CHU00030749.08 |
| 985. | CHU00030749.01 | CHU00030749.08 |
| 986. | CHU00030749.01 | CHU00030749.08 |
| 987. | CHU00030749.01 | CHU00030749.08 |
| 988. | CHU00030749.01 | CHU00030749.08 |
| 989. | CHU00030752.01 | CHU00030752.11 |
| 990. | CHU00030756.01 | CHU00030756.03 |
| 991. | CHU00030757.01 | CHU00030757.15 |
| 992. | CHU00030757.01 | CHU00030757.15 |
| 993. | CHU00030757.01 | CHU00030757.15 |
| 994. | CHU00030763.01 | CHU00030763.06 |
| 995. | CHU00030766 | CHU00030767 |
| 996. | CHU00030766 | CHU00030767 |
| 997. | CHU00030766.01 | CHU00030766.04 |
| 998. | CHU00030766.01 | CHU00030766.04 |
| 999. | CHU00030766.01 | CHU00030766.04 |
| 1000. | CHU00030769.01 | CHU00030769.04 |
| 1001. | CHU00030777 | CHU00030780 |
| 1002. | CHU00030777 | CHU00030780 |
| 1003. | CHU00030777.01 | CHU00030777.10 |
| 1004. | CHU00030777.01 | CHU00030777.10 |
| 1005. | CHU00030777.01 | CHU00030777.10 |
| 1006. | CHU00030781.01 | CHU00030781.04 |
| 1007. | CHU00030783.01 | CHU00030783.09 |
| 1008. | CHU00030787.01 | CHU00030787.19 |
| 1009. | CHU00030787.01 | CHU00030787.19 |

60836739.1

| | | |
|---|---|---|
| 1010. | CHU00030787.01 | CHU00030787.19 |
| 1011. | CHU00030787.01 | CHU00030787.19 |
| 1012. | CHU00030795.01 | CHU00030795.04 |
| 1013. | CHU00030797.01 | CHU00030797.06 |
| 1014. | CHU00030799 | CHU00030800 |
| 1015. | CHU00030799 | CHU00030800 |
| 1016. | CHU00030799.01 | CHU00030799.05 |
| 1017. | CHU00030799.01 | CHU00030799.05 |
| 1018. | CHU00030799.01 | CHU00030799.05 |
| 1019. | CHU00030801.01 | CHU00030801.05 |
| 1020. | CHU00030803 | CHU00030804 |
| 1021. | CHU00030803.01 | CHU00030803.04 |
| 1022. | CHU00030803.01 | CHU00030803.04 |
| 1023. | CHU00030805.01 | CHU00030805.05 |
| 1024. | CHU00030807.01 | CHU00030807.09 |
| 1025. | CHU00030807.01 | CHU00030807.09 |
| 1026. | CHU00030807.01 | CHU00030807.09 |
| 1027. | CHU00030807.01 | CHU00030807.09 |
| 1028. | CHU00030809.01 | CHU00030809.14 |
| 1029. | CHU00030809.01 | CHU00030809.14 |
| 1030. | CHU00030809.01 | CHU00030809.14 |
| 1031. | CHU00030809.01 | CHU00030809.14 |
| 1032. | CHU00030816.01 | CHU00030816.09 |
| 1033. | CHU00030816.01 | CHU00030816.09 |
| 1034. | CHU00030816.01 | CHU00030816.09 |
| 1035. | CHU00030819 | CHU00030822 |
| 1036. | CHU00030819 | CHU00030822 |
| 1037. | CHU00030819.01 | CHU00030819.10 |
| 1038. | CHU00030819.01 | CHU00030819.10 |
| 1039. | CHU00030819.01 | CHU00030819.10 |
| 1040. | CHU00030823.01 | CHU00030823.10 |
| 1041. | CHU00030827.01 | CHU00030827.09 |
| 1042. | CHU00030831.01 | CHU00030831.10 |
| 1043. | CHU00030831.01 | CHU00030831.10 |
| 1044. | CHU00030835.01 | CHU00030835.09 |
| 1045. | CHU00030835.01 | CHU00030835.09 |
| 1046. | CHU00030835.01 | CHU00030835.09 |
| 1047. | CHU00030839.01 | CHU00030839.05 |
| 1048. | CHU00030839.01 | CHU00030839.05 |
| 1049. | CHU00030839.01 | CHU00030839.05 |
| 1050. | CHU00030839.01 | CHU00030839.05 |
| 1051. | CHU00030839.01 | CHU00030839.05 |
| 1052. | CHU00030841.01 | CHU00030841.04 |
| 1053. | CHU00030843.01 | CHU00030843.09 |
| 1054. | CHU00030846.01 | CHU00030846.13 |
| 1055. | CHU00030846.01 | CHU00030846.13 |

| 1056. | CHU00030846.01 | CHU00030846.13 |
|---|---|---|
| 1057. | CHU00030846.01 | CHU00030846.13 |
| 1058. | CHU00030851.01 | CHU00030851.04 |
| 1059. | CHU00030853.01 | CHU00030853.04 |
| 1060. | CHU00030855.01 | CHU00030855.31 |
| 1061. | CHU00030855.01 | CHU00030855.31 |
| 1062. | CHU00030855.01 | CHU00030855.31 |
| 1063. | CHU00030855.01 | CHU00030855.31 |
| 1064. | CHU00030869.01 | CHU00030869.09 |
| 1065. | CHU00030869.01 | CHU00030869.09 |
| 1066. | CHU00030872.01 | CHU00030872.09 |
| 1067. | CHU00030872.01 | CHU00030872.09 |
| 1068. | CHU00030875.01 | CHU00030875.05 |
| 1069. | CHU00030877.01 | CHU0003877.05 |
| 1070. | CHU00030879.01 | CHU00030879.05 |
| 1071. | CHU00030881.01 | CHU00030881.09 |
| 1072. | CHU00030885 | CHU00030886 |
| 1073. | CHU00030887.01 | CHU00030887.03 |
| 1074. | CHU00030888.01 | CHU00030888.17 |
| 1075. | CHU00030888.01 | CHU00030888.17 |
| 1076. | CHU00030888.01 | CHU00030888.17 |
| 1077. | CHU00030888.01 | CHU00030888.17 |
| 1078. | CHU00030888.01 | CHU00030888.17 |
| 1079. | CHU00030894.01 | CHU00030894.03 |
| 1080. | CHU00030895.01 | CHU00030895.11 |
| 1081. | CHU00030899.01 | CHU00030899.13 |
| 1082. | CHU00030899.01 | CHU00030899.13 |
| 1083. | CHU00030899.01 | CHU00030899.13 |
| 1084. | CHU00030899.01 | CHU00030899.13 |
| 1085. | CHU00030899.01 | CHU00030899.13 |
| 1086. | CHU00030904.01 | CHU00030904.14 |
| 1087. | CHU00030904.01 | CHU00030904.14 |
| 1088. | CHU00030904.01 | CHU00030904.14 |
| 1089. | CHU00030910.01 | CHU00030910.06 |
| 1090. | CHU00030912.01 | CHU00030912.11 |
| 1091. | CHU00030916.01 | CHU00030916.03 |
| 1092. | CHU00030916.01 | CHU00030916.03 |
| 1093. | CHU00030916.01 | CHU00030916.03 |
| 1094. | CHU00030916.01 | CHU00030916.03 |
| 1095. | CHU00030916.01 | CHU00030916.03 |
| 1096. | CHU00030917.01 | CHU00030917.09 |
| 1097. | CHU00030920.01 | CHU00030920.06 |
| 1098. | CHU00030922.01 | CHU00030922.38 |
| 1099. | CHU00030940.01 | CHU00030940.04 |
| 1100. | CHU00030941.01 | CHU00030941.08 |
| 1101. | CHU00030944.01 | CHU00030944.05 |

| 1102. | CHU00030946.01 | CHU00030946.06 |
|---|---|---|
| 1103. | CHU00030948.01 | CHU00030948.09 |
| 1104. | CHU00030948.01 | CHU00030948.09 |
| 1105. | CHU00030948.01 | CHU00030948.09 |
| 1106. | CHU00030951.01 | CHU00030951.05 |
| 1107. | CHU00030953.01 | CHU00030953.09 |
| 1108. | CHU00030957.01 | CHU00030957.07 |
| 1109. | CHU00030960.01 | CHU00030960.09 |
| 1110. | CHU00030960.01 | CHU00030960.09 |
| 1111. | CHU00030960.01 | CHU00030960.09 |
| 1112. | CHU00030960.01 | CHU00030960.09 |
| 1113. | CHU00030965 | CHU00030970 |
| 1114. | CHU00030965.01 | CHU00030965.14 |
| 1115. | CHU00030965.01 | CHU00030965.14 |
| 1116. | CHU00030971.01 | CHU00030971.05 |
| 1117. | CHU00030973.01 | CHU00030973.08 |
| 1118. | CHU00030976.01 | CHU00030976.09 |
| 1119. | CHU00030979.01 | CHU00030979.13 |
| 1120. | CHU00030979.01 | CHU00030979.13 |
| 1121. | CHU00030979.01 | CHU00030979.13 |
| 1122. | CHU00030985 | CHU00030990 |
| 1123. | CHU00030985 | CHU00030990 |
| 1124. | CHU00030985.01 | CHU00030985.14 |
| 1125. | CHU00030985.01 | CHU00030985.14 |
| 1126. | CHU00030985.01 | CHU00030985.14 |
| 1127. | CHU00030985.01 | CHU00030985.14 |
| 1128. | CHU00030992 | CHU00030994 |
| 1129. | CHU00030992 | CHU00030994 |
| 1130. | CHU00030992.01 | CHU00030992.08 |
| 1131. | CHU00030992.01 | CHU00030992.08 |
| 1132. | CHU00030992.01 | CHU00030992.08 |
| 1133. | CHU00030995.01 | CHU00030995.08 |
| 1134. | CHU00030995.01 | CHU00030995.08 |
| 1135. | CHU00030995.01 | CHU00040995.08 |
| 1136. | CHU00030998 | CHU00030998 |
| 1137. | CHU00030998 | CHU00030998 |
| 1138. | CHU00030998.01 | CHU00030998.02 |
| 1139. | CHU00030998.01 | CHU00030998.02 |
| 1140. | CHU00030998.01 | CHU00030998.02 |
| 1141. | CHU00030998.01 | CHU00030998.02 |
| 1142. | CHU00030999.01 | CHU00030999.08 |
| 1143. | CHU00031002.01 | CHU00031002.10 |
| 1144. | CHU00031006 | CHU00031009 |
| 1145. | CHU00031006 | CHU00031009 |
| 1146. | CHU00031006.01 | CHU00031006.11 |
| 1147. | CHU00031006.01 | CHU00031006.11 |

| 1148. | CHU00031006.01 | CHU00031006.11 |
|---|---|---|
| 1149. | CHU00031006.01 | CHU00031006.11 |
| 1150. | CHU00031006.01 | CHU00031006.11 |
| 1151. | CHU00031010 | CHU00031012 |
| 1152. | CHU00031010 | CHU00031012 |
| 1153. | CHU00031010.01 | CHU00031010.08 |
| 1154. | CHU00031010.01 | CHU00031010.08 |
| 1155. | CHU00031010.01 | CHU00031010.08 |
| 1156. | CHU00031010.01 | CHU00031010.08 |
| 1157. | CHU00031010.01 | CHU00031010.08 |
| 1158. | CHU00031010.01 | CHU00031010.08 |
| 1159. | CHU00031010.01 | CHU00031010.08 |
| 1160. | CHU00031010.01 | CHU00031010.08 |
| 1161. | CHU00031013.01 | CHU00031013.05 |
| 1162. | CHU00031013.01 | CHU00031013.05 |
| 1163. | CHU00031013.01 | CHU00031013.05 |
| 1164. | CHU00031015 | CHU00031016 |
| 1165. | CHU00031015 | CHU00031016 |
| 1166. | CHU00031015.01 | CHU00031015.04 |
| 1167. | CHU00031015.01 | CHU00031015.04 |
| 1168. | CHU00031015.01 | CHU00031015.04 |
| 1169. | CHU00031017.01 | CHU00031017.02 |
| 1170. | CHU00031018.01 | CHU00031018.08 |
| 1171. | CHU00031022.01 | CHU00031022.05 |
| 1172. | CHU00031024.01 | CHU00031024.05 |
| 1173. | CHU00031028.01 | CHU00031028.07 |
| 1174. | CHU00031028.01 | CHU00031028.07 |
| 1175. | CHU00031028.01 | CHU00031028.07 |
| 1176. | CHU00031031.01 | CHU00031031.03 |
| 1177. | CHU00031032.01 | CHU00031032.11 |
| 1178. | CHU00031036.01 | CHU00031036.06 |
| 1179. | CHU00031040.01 | CHU00031040.09 |
| 1180. | CHU00031044.01 | CHU00031044.08 |
| 1181. | CHU00031047.01 | CHU00031047.09 |
| 1182. | CHU00031051.01 | CHU00031051.14 |
| 1183. | CHU00031051.01 | CHU00031051.14 |
| 1184. | CHU00031051.01 | CHU00031051.14 |
| 1185. | CHU00031051.01 | CHU00031051.14 |
| 1186. | CHU00031051.01 | CHU00031051.14 |
| 1187. | CHU00031051.01 | CHU00031051.14 |
| 1188. | CHU00031056.01 | CHU00031056.24 |
| 1189. | CHU00031056.01 | CHU00031056.24 |
| 1190. | CHU00031056.01 | CHU00031056.24 |
| 1191. | CHU00031067.01 | CHU00031067.07 |
| 1192. | CHU00031070.01 | CHU00031070.13 |
| 1193. | CHU00031075.01 | CHU00031075.28 |

| | | |
|---|---|---|
| 1194. | CHU00031075.01 | CHU00031075.28 |
| 1195. | CHU00031075.01 | CHU00031075.28 |
| 1196. | CHU00031088.01 | CHU00031088.10 |
| 1197. | CHU00031092.01 | CHU00031092.06 |
| 1198. | CHU00031094.01 | CHU00031094.04 |
| 1199. | CHU00031095.01 | CHU00031095.04 |
| 1200. | CHU00031097 | CHU00031097 |
| 1201. | CHU00031098.01 | CHU00031098.04 |
| 1202. | CHU00031099 | CHU00031100 |
| 1203. | CHU00031101.01 | CHU00031101.09 |
| 1204. | CHU00031105.01 | CHU00031105.06 |
| 1205. | CHU00031107.01 | CHU00031107.08 |
| 1206. | CHU00031110.01 | CHU00031110.02 |
| 1207. | CHU00031111.01 | CHU00031111.06 |
| 1208. | CHU00031111.01 | CHU00031111.06 |
| 1209. | CHU00031111.01 | CHU00031111.06 |
| 1210. | CHU00031111.01 | CHU00031111.06 |
| 1211. | CHU00031113.01 | CHU00031113.05 |
| 1212. | CHU00031113.01 | CHU00031113.05 |
| 1213. | CHU00031113.01 | CHU00031113.05 |
| 1214. | CHU00031115.01 | CHU00031115.04 |
| 1215. | CHU00031116.01 | CHU00031116.02 |
| 1216. | CHU00031117.01 | CHU00031117.05 |
| 1217. | CHU00031119.01 | CHU00031119.04 |
| 1218. | CHU00031121.01 | CHU00031121.02 |
| 1219. | CHU00031122.01 | CHU00031122.03 |
| 1220. | CHU00031123.01 | CHU00031123.08 |
| 1221. | CHU00031123.01 | CHU00031123.08 |
| 1222. | CHU00031123.01 | CHU00031123.08 |
| 1223. | CHU00031126.01 | CHU00031126.07 |
| 1224. | CHU00031129.01 | CHU00031129.10 |
| 1225. | CHU00031133.01 | CHU00031133.03 |
| 1226. | CHU00031134.01 | CHU00031134.03 |
| 1227. | CHU00031136 | |
| 1228. | CHU00031136.01 | CHU00031136.03 |
| 1229. | CHU00031136.01 | CHU00031136.03 |
| 1230. | CHU00031136.01 | CHU00031136.03 |
| 1231. | CHU00031137.01 | CHU00031137.02 |
| 1232. | CHU00031137.01 | CHU00031137.02 |
| 1233. | CHU00031137.01 | CHU00031137.02 |
| 1234. | CHU00031138 | CHU00031139 |
| 1235. | CHU00031138 | CHU00031139 |
| 1236. | CHU00031138.01 | CHU00031138.04 |
| 1237. | CHU00031138.01 | CHU00031138.04 |
| 1238. | CHU00031138.01 | CHU00031138.04 |
| 1239. | CHU00031140.01 | CHU00031140.03 |

| 1240. | CHU00031141.01 | CHU00031141.03 |
|---|---|---|
| 1241. | CHU00031142.01 | CHU00031142.15 |
| 1242. | CHU00031142.01 | CHU00031142.15 |
| 1243. | CHU00031142.01 | CHU00031142.15 |
| 1244. | CHU00031142.01 | CHU00031142.15 |
| 1245. | CHU00031148.01 | CHU00031148.05 |
| 1246. | CHU00031150.01 | CHU00031150.08 |
| 1247. | CHU00031150.01 | CHU00031150.08 |
| 1248. | CHU00031150.01 | CHU00031150.08 |
| 1249. | CHU00031153.01 | CHU00031153.03 |
| 1250. | CHU00031154.01 | CHU00031154.03 |
| 1251. | CHU00031155.01 | CHU00031155.09 |
| 1252. | CHU00031159.01 | CHU00031159.05 |
| 1253. | CHU00031161.01 | CHU00031161.05 |
| 1254. | CHU00031163.01 | CHU00031163.07 |
| 1255. | CHU00031168.01 | CHU00031168.03 |
| 1256. | CHU00031172.01 | CHU00031172.06 |
| 1257. | CHU00031172.01 | CHU00031172.06 |
| 1258. | CHU00031172.01 | CHU00031172.06 |
| 1259. | CHU00031174.01 | CHU00031174.06 |
| 1260. | CHU00031174.01 | CHU00031174.06 |
| 1261. | CHU00031176 | CHU00031176 |
| 1262. | CHU00031176 | CHU00031176 |
| 1263. | CHU00031176.01 | CHU00031176.03 |
| 1264. | CHU00031176.01 | CHU00031176.03 |
| 1265. | CHU00031176.01 | CHU00031176.03 |
| 1266. | CHU00031177.01 | CHU00031177.03 |
| 1267. | CHU00031178.01 | CHU00031178.06 |
| 1268. | CHU00031178.01 | CHU00031178.06 |
| 1269. | CHU00031178.01 | CHU00031178.06 |
| 1270. | CHU00031178.01 | CHU00031178.06 |
| 1271. | CHU00031180.01 | CHU00031180.05 |
| 1272. | CHU00031180.01 | CHU00031180.05 |
| 1273. | CHU00031180.01 | CHU00031180.05 |
| 1274. | CHU00031180.01 | CHU00031180.05 |
| 1275. | CHU00031182.01 | CHU00031182.03 |
| 1276. | CHU00031182.01 | CHU00031182.03 |
| 1277. | CHU00031182.01 | CHU00031182.03 |
| 1278. | CHU00031183.01 | CHU00031183.08 |
| 1279. | CHU00031183.01 | CHU00031183.08 |
| 1280. | CHU00031186.01 | CHU00031186.06 |
| 1281. | CHU00031188.01 | CHU00031188.06 |
| 1282. | CHU00031190.01 | CHU00031190.10 |
| 1283. | CHU00031194.01 | CHU00031194.19 |
| 1284. | CHU00031194.01 | CHU00031194.19 |
| 1285. | CHU00031194.01 | CHU00031194.19 |

| | | |
|---|---|---|
| 1286. | CHU00031202.01 | CHU00031202.16 |
| 1287. | CHU00031209.01 | CHU00031209.12 |
| 1288. | CHU00031209.01 | CHU00031209.12 |
| 1289. | CHU00031209.01 | CHU00031209.12 |
| 1290. | CHU00031214.01 | CHU00031214.16 |
| 1291. | CHU00031214.01 | CHU00031214.16 |
| 1292. | CHU00031214.01 | CHU00031214.16 |
| 1293. | CHU00031221.01 | CHU00031221.15 |
| 1294. | CHU00031227.01 | CHU00031227.12 |
| 1295. | CHU00031227.01 | CHU00031227.12 |
| 1296. | CHU00031227.01 | CHU00031227.12 |
| 1297. | CHU00031232.01 | CHU00031232.14 |
| 1298. | CHU00031240 | CHU00031240.18 |
| 1299. | CHU00031240.01 | CHU00031240.18 |
| 1300. | CHU00031240.01 | CHU00031240.18 |
| 1301. | CHU00031240.01 | CHU00031240.18 |
| 1302. | CHU00031240.01 | CHU00031240.18 |
| 1303. | CHU00031240.01 | CHU00031240.18 |
| 1304. | CHU00031248.01 | CHU00031248.04 |
| 1305. | CHU00031249.01 | CHU00031249.09 |
| 1306. | CHU00031253.01 | CHU00031253.03 |
| 1307. | CHU00031254.01 | CHU00031254.03 |
| 1308. | CHU00031254.01 | CHU00031254.03 |
| 1309. | CHU00031254.01 | CHU00031254.03 |
| 1310. | CHU00031254.01 | CHU00031254.03 |
| 1311. | CHU00031255.01 | CHU00031255.15 |
| 1312. | CHU00031262 | CHU00031267 |
| 1313. | CHU00031262.01 | CHU00031262.14 |
| 1314. | CHU00031262.01 | CHU00031262.14 |
| 1315. | CHU00031262.01 | CHU00031262.14 |
| 1316. | CHU00031268.01 | CHU00031268.04 |
| 1317. | CHU00031268.01 | CHU00031268.04 |
| 1318. | CHU00031268.01 | CHU00031268.04 |
| 1319. | CHU00031272.01 | CHU00031272.06 |
| 1320. | CHU00031272.01 | CHU00031272.06 |
| 1321. | CHU00031272.01 | CHU00031272.06 |
| 1322. | CHU00031274.01 | CHU00031274.10 |
| 1323. | CHU00031274.01 | CHU00031274.10 |
| 1324. | CHU00031274.01 | CHU00031274.10 |
| 1325. | CHU00031274.01 | CHU00031274.10 |
| 1326. | CHU00031278.01 | CHU00031278.03 |
| 1327. | CHU00031279.01 | CHU00031279.11 |
| 1328. | CHU00031279.01 | CHU00031279.11 |
| 1329. | CHU00031279.01 | CHU00031279.11 |
| 1330. | CHU00031380.01 | CHU00031380.06 |
| 1331. | CHU00031804.01 | CHU00031804.04 |

| | | |
|---|---|---|
| 1332. | CHU00031804.01 | CHU00031804.04 |
| 1333. | CHU00031804.01 | CHU00031804.04 |
| 1334. | CHU00031805.01 | CHU00031805.06 |
| 1335. | CHU00031819.01 | CHU00031819.04 |
| 1336. | CHU00031822 | CHU00031822 |
| 1337. | CHU00031822 | CHU00031822 |
| 1338. | CHU00031822.01 | CHU00031822.03 |
| 1339. | CHU00031822.01 | CHU00031822.03 |
| 1340. | CHU00031822.01 | CHU00031822.03 |
| 1341. | CHU00032057.01 | CHU00032057.05 |
| 1342. | CHU00032057.01 | CHU00032057.05 |
| 1343. | CHU00032057.01 | CHU00032057.05 |
| 1344. | CHU00032059.01 | CHU00032059.04 |
| 1345. | CHU00032064.01 | CHU00032064.08 |
| 1346. | CHU00032068.01 | CHU00032068.05 |
| 1347. | CHU00032071.01 | CHU00032071.05 |
| 1348. | CHU00032076.01 | CHU00032076.05 |
| 1349. | CHU00032092.01 | CHU00032092.03 |
| 1350. | CHU00032196.01 | CHU00032196.04 |
| 1351. | CHU00032935 | CHU00032991 |
| 1352. | CHU00032940.01 | CHU00032940.23 |
| 1353. | CHU00032948.01 | CHU00032948.23 |
| 1354. | CHU00032948.01 | CHU00032948.23 |
| 1355. | CHU00033201 | CHU00033202 |
| 1356. | CHU00033201 | CHU00033202 |
| 1357. | CHU00033201 | CHU00033202 |
| 1358. | CHU00033201 | CHU00033202 |
| 1359. | CHU00033201.01 | CHU00033201.06 |
| 1360. | CHU00033201.01 | CHU00033201.06 |
| 1361. | CHU00033201.01 | CHU00033201.06 |
| 1362. | CHU00033227 | CHU00033228 |
| 1363. | CHU00033227 | CHU00033228 |
| 1364. | CHU00033227.01 | CHU00033227.06 |
| 1365. | CHU00033227.01 | CHU00033227.06 |
| 1366. | CHU00033227.01 | CHU00033227.06 |
| 1367. | CHU00033229.01 | CHU00033229.03 |
| 1368. | CHU00033243 | CHU00033243 |
| 1369. | CHU00034071 | CHU00034071 |
| 1370. | CHU00035484 | CHU00035525 |
| 1371. | CHU00036377 | CHU00036419 |
| 1372. | CHU00036378.01 | CHU00036378.08 |
| 1373. | CHU00036378.01 | CHU00036378.08 |
| 1374. | CHU00036382.01 | CHU00036382.05 |
| 1375. | CHU00036382.01 | CHU00036382.05 |
| 1376. | CHU00036384.01 | CHU00036384.05 |
| 1377. | CHU00036386.01 | CHU00036386.05 |

| | | |
|------|------------------|------------------|
| 1378. | CHU00036388.01 | CHU00036388.06 |
| 1379. | CHU00036390.01 | CHU00036390.05 |
| 1380. | CHU00036390.01 | CHU00036390.05 |
| 1381. | CHU00036390.01 | CHU00036390.05 |
| 1382. | CHU00036390.01 | CHU00036390.05 |
| 1383. | CHU00036392.01 | CHU00036392.05 |
| 1384. | CHU00036392.01 | CHU00036392.05 |
| 1385. | CHU00036392.01 | CHU00036392.05 |
| 1386. | CHU00036394.01 | CHU00036394.06 |
| 1387. | CHU00036394.01 | CHU00036394.06 |
| 1388. | CHU00036394.01 | CHU00036394.06 |
| 1389. | CHU00036396.01 | CHU00036396.06 |
| 1390. | CHU00036398.01 | CHU00036398.10 |
| 1391. | CHU00036402.01 | CHU00036402.06 |
| 1392. | CHU00036404.01 | CHU00036404.05 |
| 1393. | CHU00036406.01 | CHU00036406.05 |
| 1394. | CHU00036408.01 | CHU00036408.06 |
| 1395. | CHU00036410.01 | CHU00036410.05 |
| 1396. | CHU00036410.01 | CHU00036410.05 |
| 1397. | CHU00036410.01 | CHU00036410.05 |
| 1398. | CHU00036412.01 | CHU00036412.05 |
| 1399. | CHU00036412.01 | CHU00036412.05 |
| 1400. | CHU00036412.01 | CHU00036412.05 |
| 1401. | CHU00036414 | CHU00036415 |
| 1402. | CHU00036414 | CHU00036415 |
| 1403. | CHU00036414.01 | CHU00036414.05 |
| 1404. | CHU00036414.01 | CHU00036414.05 |
| 1405. | CHU00036414.01 | CHU00036414.05 |
| 1406. | CHU00036414.01 | CHU00036414.05 |
| 1407. | CHU00036414.01 | CHU00036414.05 |
| 1408. | CHU00036416.01 | CHU00036416.08 |
| 1409. | CHU00038035 | CHU00038097 |
| 1410. | CHU00039561 | CHU00039761 |
| 1411. | CHU00039762 | CHU00040515 |
| 1412. | CHU00039762 | CHU00040515 |
| 1413. | CHU00040988 | CHU00041361 |
| 1414. | CHU00040988 | CHU00041361 |
| 1415. | CHU00040988 | CHU00041361 |
| 1416. | CHU00040988 | CHU00041361 |
| 1417. | CHU00041361 | CHU00041361 |
| 1418. | CHU00042090 | CHU00042175 |
| 1419. | CHU00042270 | CHU00042270 |
| 1420. | CHU00045143 | CHU00045150 |
| 1421. | CHU00046291 | CHU00046295 |
| 1422. | CHU00047198 | CHU00047199 |
| 1423. | CHU00047285 | CHU00047287 |

| | | |
|---|---|---|
| 1424. | CHU00047288 | CHU00047477 |
| 1425. | CHU00047294 | CHU00047657 |
| 1426. | CHU00047657 | CHU00047657 |
| 1427. | CHU00047658 | CHU00047662 |
| 1428. | CHU00047663 | CHU00047674 |
| 1429. | CHU00048373 | CHU00048765 |
| 1430. | CHU00050612 | CHU00050613 |
| 1431. | CHU00051876 | CHU00050613 |
| 1432. | CHU00051878 | CHU00051881 |
| 1433. | CHU00052905 | |
| 1434. | CHU00057017 | CHU00057028 |
| 1435. | CHU00057335 | CHU00057349 |
| 1436. | CHU00057658 | CHU00057671 |
| 1437. | CHU00059615 | CHU00059627 |
| 1438. | CHU00063266 | CHU00063277 |
| 1439. | CHU00066032 | CHU00066064 |
| 1440. | CHU00066922 | CHU00066922 |
| 1441. | CHU00069180 | CHU00069190 |
| 1442. | CHU00071226 | CHU00071279 |
| 1443. | CHU00071361 | CHU00071397 |
| 1444. | CHU00071475.01 | CHU00071475.04 |
| 1445. | CHU00071477.01 | CHU00071477.06 |
| 1446. | CHU00071480.01 | CHU00071480.06 |
| 1447. | CHU00071480.01 | CHU00071480.06 |
| 1448. | CHU00072808 | CHU00072819 |
| 1449. | CHU00075287 | CHU00075323 |
| 1450. | CHU00075805 | CHU00075841 |
| 1451. | CHU00078540 | CHU00078556 |
| 1452. | CHU00078587 | CHU00078600 |
| 1453. | CHU00079140 | CHU00079168 |
| 1454. | CHU00080445 | CHU00080458 |
| 1455. | CHU00080893 | CHU00080897 |
| 1456. | CHU00081388 | CHU00081395 |
| 1457. | CHU00081622 | CHU00081623 |
| 1458. | CHU00081871 | CHU00081880 |
| 1459. | CHU00082243 | CHU00082243 |
| 1460. | CHU00082244 | CHU00082286 |
| 1461. | CHU00082287 | CHU00082291 |
| 1462. | CHU00082292 | CHU00082295 |
| 1463. | CHU00087513 | CHU00087523 |
| 1464. | CHU00088029 | CHU00088039 |
| 1465. | CHU00088671 | CHU00088683 |
| 1466. | CHU00089485 | CHU00089486 |
| 1467. | CHU00089496 | CHU00089496 |
| 1468. | CHU00089675 | CHU00089676 |
| 1469. | CHU00090021 | CHU00090025 |

| 1470. | CHU00091400 | CHU00091401 |
|---|---|---|
| 1471. | CHU00093051 | CHU00093080 |
| 1472. | CHU00093512 | CHU00093519 |
| 1473. | CHU00094753 | CHU00094755 |
| 1474. | CHU00094958 | CHU00094961 |
| 1475. | CHU00095334 | CHU00095335 |
| 1476. | CHU00095612 | CHU00095617 |
| 1477. | CHU00099330.01 | CHU00099330.08 |
| 1478. | CHU00100274 | CHU00100275 |
| 1479. | CHU00100276 | CHU00100275 |
| 1480. | CHU00100690 | CHU00100690 |
| 1481. | CHU00100691 | CHU00100692 |
| 1482. | CHU00102752.01 | CHU00102752.10 |
| 1483. | CHU00102864.01 | CHU00102864.05 |
| 1484. | CHU00102869 | CHU00102869 |
| 1485. | CHU00104484 | CHU00104487 |
| 1486. | CHU00105275 | CHU00105304 |
| 1487. | CHU00105346 | CHU00105347 |
| 1488. | CHU00105369 | CHU00105370 |
| 1489. | CHU00105555 | CHU00105558 |
| 1490. | CHU00106233 | CHU00106292 |
| 1491. | CHU00106844 | CHU00106865 |
| 1492. | CHU00108272 | CHU00108276 |
| 1493. | CHU00109024 | CHU00109053 |
| 1494. | CHU00117144 | CHU00117147 |
| 1495. | CHU00117458 | CHU00117460 |
| 1496. | CHU00118323 | CHU00118339 |
| 1497. | CHU00118532 | CHU00118339 |
| 1498. | CHU00119571.01 | CHU00119571.08 |
| 1499. | CHU00119812 | CHU00119822 |
| 1500. | CHU00119823 | CHU00119849 |
| 1501. | CHU00120771.01 | CHU00120771.11 |
| 1502. | CHU00121005 | CHU00121050 |
| 1503. | CHU00121161 | CHU00121192 |
| 1504. | CHU00121711 | CHU00121716 |
| 1505. | CHU00121778 | CHU00121778 |
| 1506. | CHU00121960 | CHU00121962 |
| 1507. | CHU00122045 | CHU00122053 |
| 1508. | CHU00122116 | CHU00122123 |
| 1509. | CHU00122171 | CHU00122191 |
| 1510. | CHU00122447 | CHU00122459 |
| 1511. | CHU00122804 | CHU00122831 |
| 1512. | CHU00122864 | CHU00122904 |
| 1513. | CHU00123024 | CHU00123067 |
| 1514. | CHU00123297 | CHU00123302 |
| 1515. | CHU00123347.01 | CHU00123347.04 |

| | | |
|---|---|---|
| 1516. | CHU00123358.01 | CHU00123358.09 |
| 1517. | CHU00123358.01 | CHU00123358.09 |
| 1518. | CHU00123358.01 | CHU00123358.09 |
| 1519. | CHU00123371.01 | CHU00123371.09 |
| 1520. | CHU00123375.01 | CHU00123375.09 |
| 1521. | CHU00123383.01 | CHU00123383.08 |
| 1522. | CHU00123393.01 | CHU00123393.10 |
| 1523. | CHU00123428.01 | CHU00123428.09 |
| 1524. | CHU00123483.01 | CHU00123483.07 |
| 1525. | CHU00123502 | CHU00123517 |
| 1526. | CHU00123530 | CHU00123530 |
| 1527. | CHU00123530.01 | CHU00123530.05 |
| 1528. | CHU00123561.01 | CHU00123561.05 |
| 1529. | CHU00123733.01 | CHU00123733.02 |
| 1530. | CHU00123742 | CHU00123742 |
| 1531. | CHU00123742.01 | CHU00123742.09 |
| 1532. | CHU00123742.01 | CHU00123742.09 |
| 1533. | CHU00123742.01 | CHU00123742.09 |
| 1534. | CHU00123746.01 | CHU00123746.05 |
| 1535. | CHU00124017.01 | CHU00124017.08 |
| 1536. | CHU00124020.01 | CHU00124020.05 |
| 1537. | CHU00124022.01 | CHU00124022.05 |
| 1538. | CHU00124024.01 | CHU00124024.08 |
| 1539. | CHU00124027.01 | CHU00124027.08 |
| 1540. | CHU00124030.01 | CHU00124030.08 |
| 1541. | CHU00124030.01 | CHU00124030.08 |
| 1542. | CHU00124033.01 | CHU00124033.05 |
| 1543. | CHU00124035 | CHU00124038 |
| 1544. | CHU00124099 | CHU00124102 |
| 1545. | CHU00124103 | CHU00124109 |
| 1546. | CHU00124110 | CHU00124115 |
| 1547. | CHU00124116.01 | CHU00124116.08 |
| 1548. | CHU00124808 | CHU00124818 |
| 1549. | CHU00124930 | CHU00124981 |
| 1550. | CHU00124993.01 | CHU00124993.05 |
| 1551. | CHU00125001.01 | CHU00125001.11 |
| 1552. | CHU00125005 | CHU00125008 |
| 1553. | CHU00125098 | CHU00125110 |
| 1554. | CHU00125116 | CHU00125125 |
| 1555. | CHU00125126 | CHU00125138 |
| 1556. | CHU00125139 | CHU00125140 |
| 1557. | CHU00125144 | CHU00125145 |
| 1558. | CHU00125146 | CHU00125156 |
| 1559. | CHU00125157 | CHU00125161 |
| 1560. | CHU00125162.01 | CHU00125162.15 |
| 1561. | CHU00125166 | |

| 1562. | CHU00125168 | CHU00125170 |
|---|---|---|
| 1563. | CHU00125171 | CHU00125180 |
| 1564. | CHU00125181.01 | CHU00125181.08 |
| 1565. | CHU00125185 | CHU00125189 |
| 1566. | CHU00125190.01 | CHU00125190.05 |
| 1567. | CHU00125192.01 | CHU00125192.08 |
| 1568. | CHU00125195 | CHU00125198 |
| 1569. | CHU00125199 | CHU00125206 |
| 1570. | CHU00125257 | CHU00125292 |
| 1571. | CHU00125296 | CHU00125373 |
| 1572. | CHU00125374 | CHU00125399 |
| 1573. | CHU00125421.01 | CHU00125421.05 |
| 1574. | CHU00125434.01 | CHU00125434.08 |
| 1575. | CHU00125652.01 | CHU00125652.05 |
| 1576. | CHU00125654.01 | CHU00125654.02 |
| 1577. | CHU00125655.01 | CHU00125655.05 |
| 1578. | CHU00125657.01 | CHU00125657.05 |
| 1579. | CHU00125657.01 | CHU00125657.05 |
| 1580. | CHU00125657.01 | CHU00125657.05 |
| 1581. | CHU00125659.01 | CHU00125659.04 |
| 1582. | CHU00125691 | CHU00125698 |
| 1583. | CHU00125701.01 | CHU00125701.04 |
| 1584. | CHU00125703 | CHU00125709 |
| 1585. | CHU00125713.01 | CHU00125713.04 |
| 1586. | CHU00125715 | CHU00125721 |
| 1587. | CHU00125758 | CHU00125764 |
| 1588. | CHU00125765 | CHU00125770 |
| 1589. | CHU00125807 | CHU00125812 |
| 1590. | CHU00125849 | CHU00125858 |
| 1591. | CHU00125849 | CHU00125858 |
| 1592. | CHU00125849 | CHU00125858 |
| 1593. | CHU00125895 | CHU00125899 |
| 1594. | CHU00125895 | CHU00125899 |
| 1595. | CHU00125895 | CHU00125899 |
| 1596. | CHU00125993 | CHU00125997 |
| 1597. | CHU00126041.01 | CHU00126041.08 |
| 1598. | CHU00126131.01 | CHU00126131.06 |
| 1599. | CHU00126134 | CHU00126157 |
| 1600. | CHU00126767 | CHU00127208 |
| 1601. | CHU00129509 | CHU00129524 |
| 1602. | CHU00136669 | CHU00136678 |
| 1603. | CHU00149423 | CHU00149451 |
| 1604. | CHU00154037 | CHU00154420 |
| 1605. | CHU00154421 | CHU00154454 |
| 1606. | CHU00167393 | CHU00167420 |
| 1607. | CHU00167394 | CHU00167420 |

| 1608. | CHU00168279 | CHU00168497 |
|---|---|---|
| 1609. | CHU00169692 | CHU00170262 |
| 1610. | CHU00172484 | CHU00172857 |
| 1611. | CHU00179905 | CHU00179950 |
| 1612. | CHU00188664 | CHU00188830 |
| 1613. | CHU00188951 | CHU00188964 |
| 1614. | CHU00191946 | CHU00191966 |
| 1615. | CHU00193338 | CHU00193343 |
| 1616. | CHU00207940 | CHU00207963 |
| 1617. | CHU00217276 | CHU00217371 |
| 1618. | CHU00247507 | CHU00247507 |
| 1619. | CHU00250547 | CHU00250599 |
| 1620. | CHU00250863 | CHU00250865 |
| 1621. | CHU00269383.01 | CHU00269383.05 |
| 1622. | CHU00281352 | CHU00281923 |
| 1623. | CHU00286434 | CHU00286469 |
| 1624. | CHU00288227 | CHU00288304 |
| 1625. | CHU00288320 | CHU00288352 |
| 1626. | CHU00288975 | CHU00288992 |
| 1627. | CHU00289007 | CHU00289013 |
| 1628. | CHU00289007 | CHU00289013 |
| 1629. | CHU0028908 | CHU0028908 |
| 1630. | CHU0028908 | CHU0028908 |
| 1631. | CHU00289150 | CHU00289201 |
| 1632. | CHU00289202 | CHU00289216 |
| 1633. | CHU00291280 | CHU00291308 |
| 1634. | CHU00295705 | CHU00295844 |
| 1635. | CHU00296012 | CHU00296155 |
| 1636. | CHU00297707 | CHU00297883 |
| 1637. | CHU0030070.01 | CHU0030070.02 |
| 1638. | CHU0030303245 | CHU00303797 |
| 1639. | CHU0030537.01 | |
| 1640. | CHU00311953 | CHU00312120 |
| 1641. | CHU00312484 | CHU00312883 |
| 1642. | CHU00318860 | CHU00320934 |
| 1643. | CHU00325053 | CHU00325053 |
| 1644. | CHU00331635 | CHU00332557 |
| 1645. | CHU00338140 | CHU00338153 |
| 1646. | CHU00358700 | CHU00358700 |
| 1647. | CHU00363098.01 | CHU00363098.09 |
| 1648. | CHU00363404 | CHU00363405 |
| 1649. | CHU00363404 | CHU00363405 |
| 1650. | CHU00363404 | CHU00363405 |
| 1651. | CHU00363406 | CHU00363439 |
| 1652. | CHU00363406 | CHU00363439 |
| 1653. | CHU00363457 | CHU00363467 |

| 1654. | CHU00363560 | CHU00363566 |
|-------|-------------|-------------|
| 1655. | CHU00364080 | CHU00364080 |
| 1656. | CHU00372752 | CHU00372754 |
| 1657. | CHU00373452 | CHU00373475 |
| 1658. | CHU00373851 | CHU00373853 |
| 1659. | CHU00374510 | CHU00374515 |
| 1660. | CHU00375118.01 | CHU00375118.08 |
| 1661. | CHU00375215 | CHU00375238 |
| 1662. | CHU00376162 | CHU00376162 |
| 1663. | CHU00376843.01 | CHU00376843.06 |
| 1664. | CHU00377474 | CHU00377476 |
| 1665. | CHU00378103 | CHU00378126 |
| 1666. | CHU00379323 | CHU00379325 |
| 1667. | CHU00380803 | CHU00380827 |
| 1668. | CHU00381353 | CHU00381356 |
| 1669. | CHU00382381 | CHU00382404 |
| 1670. | CHU00382793 | CHU00382816 |
| 1671. | CHU00382819 | CHU00382820 |
| 1672. | CHU00384083 | CHU00384085 |
| 1673. | CHU00385281 | CHU00385282 |
| 1674. | CHU00386334 | CHU00386337 |
| 1675. | CHU00386769 | CHU00386775 |
| 1676. | CHU00388397 | CHU00388397 |
| 1677. | CHU00391709 | CHU00391712 |
| 1678. | CHU00391781 | CHU00391817 |
| 1679. | CHU00392224 | CHU00392241 |
| 1680. | CHU00392452 | CHU00392454 |
| 1681. | CHU00393933 | CHU00393934 |
| 1682. | CHU00395198 | CHU00395207 |
| 1683. | CHU00401183 | CHU00401183 |
| 1684. | CHU00402025 | CHU00402030 |
| 1685. | CHU00403247 | CHU00403283 |
| 1686. | CHU00406227 | CHU00406260 |
| 1687. | CHU00407887 | CHU00407894 |
| 1688. | CHU00413033 | CHU00413066 |
| 1689. | CHU00414733 | CHU00414738 |
| 1690. | CHU00414739 | CHU00414739 |
| 1691. | CHU00414779 | CHU00414780 |
| 1692. | CHU00415330 | CHU00415336 |
| 1693. | CHU00416295 | CHU00416298 |
| 1694. | CHU00416469 | CHU00416472 |
| 1695. | CHU00416587 | CHU00416590 |
| 1696. | CHU00416595 | CHU00416597 |
| 1697. | CHU00417829 | CHU00417835 |
| 1698. | CHU00417908 | CHU00417909 |
| 1699. | CHU00418449 | CHU00418450 |

| | | |
|---|---|---|
| 1700. | CHU00419092 | CHU00419096 |
| 1701. | CHU00419143 | CHU00419157 |
| 1702. | CHU00419647 | CHU00419647 |
| 1703. | CHU00419667 | CHU00419669 |
| 1704. | CHU00420478 | CHU00420483 |
| 1705. | CHU00421009 | CHU00421024 |
| 1706. | CHU00421095 | CHU00421101 |
| 1707. | CHU00421111 | CHU00421153 |
| 1708. | CHU00421844 | CHU00421873 |
| 1709. | CHU00437643 | CHU00437668 |
| 1710. | CHU00438214 | CHU00438218 |
| 1711. | CHU00442517 | CHU00442518 |
| 1712. | CHU00453802 | CHU00453831 |
| 1713. | CHU00454594 | CHU00454596 |
| 1714. | CHU00457257 | CHU00457257 |
| 1715. | CHU00457658 | CHU00457717 |
| 1716. | CHU00468598 | CHU00468627 |
| 1717. | CHU00473289 | CHU00473318 |
| 1718. | CHU00475343 | CHU00475358 |
| 1719. | CHU00477126 | CHU00477131 |
| 1720. | CHU00477799 | CHU00477799 |
| 1721. | CHU00478119 | CHU00478123 |
| 1722. | CHU00478872 | CHU00478896 |
| 1723. | CHU00479250 | CHU00479253 |
| 1724. | CHU00484870 | CHU00484894 |
| 1725. | CHU00485646 | CHU00485666 |
| 1726. | CHU00485812 | CHU00485816 |
| 1727. | CHU00488587 | CHU00488588 |
| 1728. | CHU00491786 | CHU00491810 |
| 1729. | CHU00492653 | CHU00492656 |
| 1730. | CHU00492942 | CHU00492949 |
| 1731. | CHU00492950 | CHU00492950 |
| 1732. | CHU00494313 | CHU00494318 |
| 1733. | CHU00498047 | CHU00498106 |
| 1734. | CHU00499227 | CHU00499256 |
| 1735. | CHU00499423 | CHU00499424 |
| 1736. | CHU00500561 | CHU00500569 |
| 1737. | CHU00500954 | CHU00500980 |
| 1738. | CHU00500981 | CHU00501007 |
| 1739. | CHU00501008 | CHU00501034 |
| 1740. | CHU00502432 | CHU00502432 |
| 1741. | CHU00507050 | CHU00507079 |
| 1742. | CHU00507374 | CHU00507375 |
| 1743. | CHU00513751 | CHU00513751 |
| 1744. | CHU00513829 | CHU00513858 |
| 1745. | CHU00515366 | CHU00515395 |

| | | |
|---|---|---|
| 1746. | CHU00516814 | CHU00516814 |
| 1747. | CHU00524129 | CHU00524158 |
| 1748. | CHU00524991 | CHU00524991 |
| 1749. | CHU00524992 | CHU00525020 |
| 1750. | CHU00529073 | CHU00529101 |
| 1751. | CHU00530288 | CHU00530294 |
| 1752. | CHU00530295 | CHU00530295 |
| 1753. | CHU00532295 | CHU00532305 |
| 1754. | CHU00532449 | CHU00532454 |
| 1755. | CHU00532951 | CHU00532951 |
| 1756. | CHU00532952 | CHU00532955 |
| 1757. | CHU00535641 | CHU00535664 |
| 1758. | CHU00540552 | CHU00540552 |
| 1759. | CHU00544751 | CHU00544755 |
| 1760. | CHU00545253 | CHU00545257 |
| 1761. | CHU00545730 | CHU00545733 |
| 1762. | CHU00545795 | CHU00545798 |
| 1763. | CHU00547474 | CHU00547503 |
| 1764. | CHU00548418 | CHU00548422 |
| 1765. | CHU00548450 | CHU00548793 |
| 1766. | CHU00549116 | CHU00549124 |
| 1767. | CHU00549433 | CHU00549453 |
| 1768. | CHU00550362 | CHU00550367 |
| 1769. | CHU00550688 | CHU00550712 |
| 1770. | CHU00550744 | CHU00550749 |
| 1771. | CHU00550897 | CHU00550900 |
| 1772. | CHU00553887 | CHU00553887 |
| 1773. | CHU00555106 | CHU00555107 |
| 1774. | CHU00571826 | CHU00571833 |
| 1775. | CHU00571975 | CHU00572019 |
| 1776. | CHU00573812 | CHU00573812 |
| 1777. | CHU00573814 | CHU00573820 |
| 1778. | CHU00574405 | CHU00574429 |
| 1779. | CHU00576066 | CHU00576069 |
| 1780. | CHU00578883.01 | CHU00578883.08 |
| 1781. | CHU00578883.01 | CHU00578883.08 |
| 1782. | CHU00578883.01 | CHU00578883.08 |
| 1783. | CHU00578883.01 | CHU00578883.08 |
| 1784. | CHU00578887.01 | CHU00578887.08 |
| 1785. | CHU00597476.01 | CHU00597476.10 |
| 1786. | CHU00597733 | CHU00597733 |
| 1787. | CHU00597905 | CHU00597912 |
| 1788. | CHU00597922 | CHU00597925 |
| 1789. | CHU00598215 | CHU00598217 |
| 1790. | CHU00598215 | CHU00598217 |
| 1791. | CHU00599326 | CHU00599331 |

| | | |
|------|-----------------|-----------------|
| 1792. | CHU00604900 | CHU00604904 |
| 1793. | CHU00605846 | CHU00605866 |
| 1794. | CHU00606750 | CHU00606752 |
| 1795. | CHU00607654.01 | CHU00607654.08 |
| 1796. | CHU00607732 | CHU00607735 |
| 1797. | CHU00607732 | CHU00607735 |
| 1798. | CHU00607732.01 | CHU00607732.09 |
| 1799. | CHU00607732.01 | CHU00607732.09 |
| 1800. | CHU00607732.01 | CHU00607732.09 |
| 1801. | CHU00608095.01 | CHU00608095.24 |
| 1802. | CHU00608095.01 | CHU00608095.24 |
| 1803. | CHU00608095.01 | CHU00608095.24 |
| 1804. | CHU00608183.01 | CHU00608183.03 |
| 1805. | CHU00608188.01 | CHU00608188.03 |
| 1806. | CHU00608395 | CHU00608398 |
| 1807. | CHU00608743 | CHU00608745 |
| 1808. | CHU00611605 | CHU00611617 |
| 1809. | CHU00615130 | CHU00615144 |
| 1810. | CHU00615145 | CHU00615162 |
| 1811. | CHU00615163 | CHU00615180 |
| 1812. | CHU00615181 | CHU00615203 |
| 1813. | CHU00615712 | CHU00615719 |
| 1814. | CHU00616369.01 | CHU00616369.07 |
| 1815. | CHU00617129 | CHU00617180 |
| 1816. | CHU00617790 | CHU00617823 |
| 1817. | CHU00618335 | CHU00618346 |
| 1818. | CHU00624682.01 | CHU00624682.02 |
| 1819. | CHU00624682.01 | CHU00624682.02 |
| 1820. | CHU00628064 | CHU00628065 |
| 1821. | CHU00628469 | CHU00628526 |
| 1822. | CHU00628470 | CHU00628526 |
| 1823. | CHU00628866 | CHU00628871 |
| 1824. | CHU00628898 | CHU00628952 |
| 1825. | CHU00629335 | CHU00629335 |
| 1826. | CHU00629834 | CHU00629835 |
| 1827. | CHU00631432 | CHU00631432 |
| 1828. | CHU00631433 | CHU00631433 |
| 1829. | CHU00631434 | CHU00631437 |
| 1830. | CHU00631948 | CHU00631949 |
| 1831. | CHU00632020 | CHU00632025 |
| 1832. | CHU00632021 | CHU00632025 |
| 1833. | CHU00632268 | CHU00632288 |
| 1834. | CHU00632378 | CHU00632419 |
| 1835. | CHU00632463 | CHU00632463 |
| 1836. | CHU00632846 | CHU00632849 |
| 1837. | CHU00633824 | CHU00633826 |

| 1838. | CHU00633902 | CHU00633904 |
|---|---|---|
| 1839. | CHU00633905 | CHU00633909 |
| 1840. | CHU00633905 | CHU00633909 |
| 1841. | CHU00633905 | CHU00633909 |
| 1842. | CHU00633978 | CHU00633982 |
| 1843. | CHU00634479 | CHU00634481 |
| 1844. | CHU00634491 | CHU00634493 |
| 1845. | CHU00634498 | CHU00634534 |
| 1846. | CHU00634866 | CHU00634867 |
| 1847. | CHU00635046 | CHU00635076 |
| 1848. | CHU00635116 | CHU00635116 |
| 1849. | CHU00636140 | CHU00636150 |
| 1850. | CHU00636165 | CHU00636166 |
| 1851. | CHU00636931 | CHU00636932 |
| 1852. | CHU00636931 | CHU00636932 |
| 1853. | CHU00636931 | CHU00636932 |
| 1854. | CHU00636933 | CHU00636965 |
| 1855. | CHU00636933 | CHU00636965 |
| 1856. | CHU00637123 | CHU00637123 |
| 1857. | CHU00637123 | CHU00637123 |
| 1858. | CHU00637157 | CHU00637157 |
| 1859. | CHU00637157 | CHU00637157 |
| 1860. | CHU00637158 | CHU00637181 |
| 1861. | CHU00637563 | CHU00637565 |
| 1862. | CHU00637563 | CHU00637565 |
| 1863. | CHU00637563 | CHU00637565 |
| 1864. | CHU00637566 | CHU00637586 |
| 1865. | CHU00637566 | CHU00637586 |
| 1866. | CHU00637619 | CHU00637619 |
| 1867. | CHU00637619 | CHU00637619 |
| 1868. | CHU00637620 | CHU00637656 |
| 1869. | CHU00637620 | CHU00637656 |
| 1870. | CHU00638344 | CHU00638344 |
| 1871. | CHU00638344 | CHU00638344 |
| 1872. | CHU00638344 | CHU00638344 |
| 1873. | CHU00638694 | CHU00638694 |
| 1874. | CHU00639514 | CHU00639522 |
| 1875. | CHU00639515 | CHU00639522 |
| 1876. | CHU00642834 | CHU00642835 |
| 1877. | CHU00644514 | CHU00644605 |
| 1878. | CHU00644987 | CHU00644987 |
| 1879. | CHU00644987 | CHU00644987 |
| 1880. | CHU00644987 | CHU00644987 |
| 1881. | CHU00644988 | CHU00644994 |
| 1882. | CHU00644988 | CHU00644994 |
| 1883. | CHU00645156 | CHU00645156 |

| | | |
|---|---|---|
| 1884. | CHU00645156 | CHU00645156 |
| 1885. | CHU00645156 | CHU00645156 |
| 1886. | CHU00645157 | CHU00645157 |
| 1887. | CHU00645176 | CHU00645176 |
| 1888. | CHU00645176 | CHU00645176 |
| 1889. | CHU00645177 | CHU00645209 |
| 1890. | CHU00645177 | CHU00645209 |
| 1891. | CHU00646019 | CHU00646019 |
| 1892. | CHU00646035 | CHU00646036 |
| 1893. | CHU00646035 | CHU00646036 |
| 1894. | CHU00646035 | CHU00646036 |
| 1895. | CHU00646093 | CHU00646110 |
| 1896. | CHU00646655 | CHU00646655 |
| 1897. | CHU00646730 | CHU00646731 |
| 1898. | CHU00646730 | CHU00646731 |
| 1899. | CHU00646732 | CHU00646767 |
| 1900. | CHU00646732 | CHU00646767 |
| 1901. | CHU00646768 | CHU00646769 |
| 1902. | CHU00646803 | CHU00646803 |
| 1903. | CHU00647102 | CHU00647103 |
| 1904. | CHU00647104 | CHU00647137 |
| 1905. | CHU00647932 | CHU00647943 |
| 1906. | CHU00647932 | CHU00647943 |
| 1907. | CHU00648024 | CHU00648025 |
| 1908. | CHU00648024 | CHU00648025 |
| 1909. | CHU00648029 | CHU00648029 |
| 1910. | CHU00648741 | CHU00648741 |
| 1911. | CHU00648741 | CHU00648741 |
| 1912. | CHU00648816 | CHU00648816 |
| 1913. | CHU00648816 | CHU00648816 |
| 1914. | CHU00648817 | CHU00648817 |
| 1915. | CHU00648817 | CHU00648817 |
| 1916. | CHU00648818 | CHU00648819 |
| 1917. | CHU00648818 | CHU00648819 |
| 1918. | CHU00649136 | CHU00649136 |
| 1919. | CHU00649654 | CHU00649657 |
| 1920. | CHU00649654 | CHU00649657 |
| 1921. | CHU00649658 | CHU00649659 |
| 1922. | CHU00649675 | CHU00649675 |
| 1923. | CHU00649676 | CHU00649676 |
| 1924. | CHU00651590 | CHU00651590 |
| 1925. | CHU00651590 | CHU00651590 |
| 1926. | CHU00653029 | CHU00653029 |
| 1927. | CHU00653030 | CHU00653225 |
| 1928. | CHU00654437 | CHU00654438 |
| 1929. | CHU00654870 | CHU00654872 |

43

| | | |
|---|---|---|
| 1930. | CHU006557716 | CHU006557717 |
| 1931. | CHU006557718 | CHU006557719 |
| 1932. | CHU006557800 | CHU006557815 |
| 1933. | CHU006561174 | CHU006561698 |
| 1934. | CHU006561174 | CHU006561698 |
| 1935. | CHU006556459 | CHU006556462 |
| 1936. | CHU006557379 | CHU006557444 |
| 1937. | CHU006558438 | CHU006558566 |
| 1938. | CHU006559413 | CHU006559444 |
| 1939. | CHU006559671 | CHU006559698 |
| 1940. | CHU00660173.01 | CHU00660173.08 |
| 1941. | CHU00660181 | CHU00660183 |
| 1942. | CHU00660194.01 | CHU00660194.08 |
| 1943. | CHU00660198.01 | CHU00660198.04 |
| 1944. | CHU00660198.01 | CHU00660198.04 |
| 1945. | CHU00660200.01 | CHU00660200.04 |
| 1946. | CHU00660202.01 | CHU00660202.06 |
| 1947. | CHU00660209.01 | CHU00660209.08 |
| 1948. | CHU00660213.01 | CHU00660213.08 |
| 1949. | CHU00660213.01 | CHU00660213.08 |
| 1950. | CHU00660217.01 | CHU00660217.08 |
| 1951. | CHU00660217.01 | CHU00660217.08 |
| 1952. | CHU00660221.01 | CHU00660221.04 |
| 1953. | CHU00660223.01 | CHU00660223.04 |
| 1954. | CHU00660225.01 | CHU00660225.10 |
| 1955. | CHU00660235.01 | CHU00660235.08 |
| 1956. | CHU00660239.01 | CHU00660239.09 |
| 1957. | CHU00660243.01 | CHU00660243.08 |
| 1958. | CHU00660247.01 | CHU00660247.08 |
| 1959. | CHU006600298 | CHU006600301 |
| 1960. | CHU006600298 | CHU006600301 |
| 1961. | CHU006600306 | CHU006600311 |
| 1962. | CHU006600306 | CHU006600311 |
| 1963. | CHU006600306 | CHU006600311 |
| 1964. | CHU006600324 | CHU006600328 |
| 1965. | CHU006600334 | CHU006600336 |
| 1966. | CHU006600337 | CHU006600340 |
| 1967. | CHU006600337 | CHU006600340 |
| 1968. | CHU006600337 | CHU006600340 |
| 1969. | CHU006600350 | CHU006600352 |
| 1970. | CHU006600363 | CHU006600365 |
| 1971. | CHU006600366.01 | CHU006600366.06 |
| 1972. | CHU006600366.01 | CHU006600366.06 |
| 1973. | CHU006600366.01 | CHU006600366.06 |
| 1974. | CHU006600369 | CHU006600371 |
| 1975. | CHU006600373 | CHU006600382 |

| | | |
|---|---|---|
| 1976. | CHU00660373 | CHU00660382 |
| 1977. | CHU00660383 | CHU00660394 |
| 1978. | CHU00660383 | CHU00660394 |
| 1979. | CHU00660383 | CHU00660394 |
| 1980. | CHU00660395 | CHU00660407 |
| 1981. | CHU00660395 | CHU00660407 |
| 1982. | CHU00660408 | CHU00660418 |
| 1983. | CHU00660408 | CHU00660418 |
| 1984. | CHU00660408 | CHU00660418 |
| 1985. | CHU00660408 | CHU00660418 |
| 1986. | CHU00660408 | CHU00660418 |
| 1987. | CHU00660419 | CHU00660425 |
| 1988. | CHU00660426 | CHU00660435 |
| 1989. | CHU00660426 | CHU00660435 |
| 1990. | CHU00660436 | CHU00660445 |
| 1991. | CHU00660446 | CHU00660453 |
| 1992. | CHU00660454 | CHU00660463 |
| 1993. | CHU00660454 | CHU00660463 |
| 1994. | CHU00660464 | CHU00660467 |
| 1995. | CHU00660476 | CHU00660486 |
| 1996. | CHU00660487 | CHU00660500 |
| 1997. | CHU00660487 | CHU00660500 |
| 1998. | CHU00660501 | CHU00660514 |
| 1999. | CHU00660515 | CHU00660522 |
| 2000. | CHU00660523 | CHU00660532 |
| 2001. | CHU00660539 | CHU00660548 |
| 2002. | CHU00660549 | CHU00660560 |
| 2003. | CHU00660561 | CHU00660574 |
| 2004. | CHU00660575 | CHU00660585 |
| 2005. | CHU00660586 | CHU00660593 |
| 2006. | CHU00660594 | CHU00660605 |
| 2007. | CHU00660606 | CHU00660615 |
| 2008. | CHU00660606 | CHU00660615 |
| 2009. | CHU00660616 | CHU00660625 |
| 2010. | CHU00660626 | CHU00660632 |
| 2011. | CHU00660626 | CHU00660632 |
| 2012. | CHU00660626 | CHU00660632 |
| 2013. | CHU00660643 | CHU00660651 |
| 2014. | CHU00660656 | CHU00660661 |
| 2015. | CHU00660662 | CHU00660670 |
| 2016. | CHU00660671 | CHU00660680 |
| 2017. | CHU00660671 | CHU00660680 |
| 2018. | CHU00660671 | CHU00660680 |
| 2019. | CHU00660671 | CHU00660680 |
| 2020. | CHU00660671 | CHU00660680 |
| 2021. | CHU00660671 | CHU00660680 |

| 2022. | CHU00660681 | CHU00660692 |
|---|---|---|
| 2023. | CHU00660693 | CHU00660698 |
| 2024. | CHU00660699 | CHU00660708 |
| 2025. | CHU00660699 | CHU00660708 |
| 2026. | CHU00660709 | CHU00660716 |
| 2027. | CHU00660709 | CHU00660716 |
| 2028. | CHU00660717 | CHU00660727 |
| 2029. | CHU00660717 | CHU00660727 |
| 2030. | CHU00660717 | CHU00660727 |
| 2031. | CHU00660717 | CHU00660727 |
| 2032. | CHU00660728 | CHU00660735 |
| 2033. | CHU00660728 | CHU00660735 |
| 2034. | CHU00660741 | CHU00660745 |
| 2035. | CHU00661917 | CHU00661928 |
| 2036. | CHU00673036 | CHU00673057 |
| 2037. | CHU00673063 | CHU00673076 |
| 2038. | CHU00678247 | CHU00678254 |
| 2039. | CHU00678534 | CHU00678543 |
| 2040. | CHU00678641 | CHU00678678 |
| 2041. | CHU00678718 | CHU00678752 |
| 2042. | CHU00678718 | CHU00678752 |
| 2043. | CHU00678718 | CHU00678752 |
| 2044. | CHU00678938 | CHU00678961 |
| 2045. | CHU00681869 | CHU00681870 |
| 2046. | CHU00682158 | CHU00682163 |
| 2047. | CHU00682227 | CHU00682251 |
| 2048. | CHU00682979 | CHU00682980 |
| 2049. | CHU00688567 | CHU00688580 |
| 2050. | CHU00689347 | CHU00689373 |
| 2051. | CHU00693069 | CHU00693074 |
| 2052. | CHU00693080 | CHU00693098 |
| 2053. | CHU00700074 | CHU00700142 |
| 2054. | CHU00701090 | CHU00701152 |
| 2055. | CHU00702164 | CHU00702225 |
| 2056. | CHU00703429 | CHU00703491 |
| 2057. | CHU00703539 | CHU00703601 |
| 2058. | CHU00706329 | CHU00706334 |
| 2059. | CHU00709827 | CHU00709888 |
| 2060. | CHU00709991 | CHU00709995 |
| 2061. | CHU00718308 | CHU00718313 |
| 2062. | CHU00718839 | CHU00718857 |
| 2063. | CHU00719935 | CHU00719997 |
| 2064. | CHU00722454 | CHU00722461 |
| 2065. | CHU00725669.01 | CHU00725669.08 |
| 2066. | CHU00725774.01 | CHU00725774.17 |
| 2067. | CHU00725833.01 | CHU00725833.08 |

| | | |
|---|---|---|
| 2068. | CHU00732798.01 | CHU00732798.06 |
| 2069. | CHU00732816.01 | CHU00732816.06 |
| 2070. | CHU00732831.01 | CHU00732831.10 |
| 2071. | CHU00732831.01 | CHU00732831.10 |
| 2072. | CHU00734324 | CHU00734327 |
| 2073. | CHU00734336 | CHU00734337 |
| 2074. | CHU00734349 | CHU00734349 |
| 2075. | CHU00734351 | CHU00734351 |
| 2076. | CHU00734728.01 | CHU00734728.02 |
| 2077. | CHU00734954 | CHU00734957 |
| 2078. | CHU00735065 | CHU00735065 |
| 2079. | CHU00735065 | CHU00735065 |
| 2080. | CHU00735065 | CHU00735065 |
| 2081. | CHU00735066 | CHU00735066 |
| 2082. | CHU00735068 | CHU00735069 |
| 2083. | CHU00735068 | CHU00735069 |
| 2084. | CHU00735070 | CHU00735105 |
| 2085. | CHU00735070 | CHU00735105 |
| 2086. | CHU00735143 | CHU00735143 |
| 2087. | CHU00735180 | CHU00735181 |
| 2088. | CHU00735249 | CHU00735249 |
| 2089. | CHU00735249 | CHU00735249 |
| 2090. | CHU00735249 | CHU00735249 |
| 2091. | CHU00735250 | CHU00735250 |
| 2092. | CHU00735251 | CHU00735252 |
| 2093. | CHU00735251 | CHU00735252 |
| 2094. | CHU00735251 | CHU00735252 |
| 2095. | CHU00735253 | CHU00735255 |
| 2096. | CHU00735256 | CHU00735256 |
| 2097. | CHU00735283 | CHU00735286 |
| 2098. | CHU00735283 | CHU00735286 |
| 2099. | CHU00735287 | CHU00735290 |
| 2100. | CHU00735291 | CHU00735294 |
| 2101. | CHU00735295 | CHU00735297 |
| 2102. | CHU00735298 | CHU00735298 |
| 2103. | CHU00735299 | CHU00735312 |
| 2104. | CHU00735375.01 | CHU00735375.06 |
| 2105. | CHU00735375.01 | CHU00735375.06 |
| 2106. | CHU00735380.01 | CHU00735380.14 |
| 2107. | CHU00735387 | CHU00735619 |
| 2108. | CHU00848029 | |
| 2109. | CHU0660643 | CHU00660651 |
| 2110. | CHWA00000001 | CHWA00000001 |
| 2111. | CHWA00000002 | CHWA00000002 |
| 2112. | CHWA00000003 | CHWA00000003 |
| 2113. | CHWA00000004 | CHWA00000004 |

| | | |
|---|---|---|
| 2114. | CHWA00000005 | CHWA00000005 |
| 2115. | CHWA00000006 | CHWA00000006 |
| 2116. | CHWA00000007 | CHWA00000007 |
| 2117. | CHWA00000008 | CHWA00000008 |
| 2118. | CHWA00000009 | CHWA00000009 |
| 2119. | CHWA00000010 | CHWA00000010 |
| 2120. | CHWA00000011 | CHWA00000011 |
| 2121. | CHWA00000012 | CHWA00000012 |
| 2122. | CHWA00000013 | CHWA00000013 |
| 2123. | CHWA00000014 | CHWA00000014 |
| 2124. | CHWA00000140 | CHWA00000152 |
| 2125. | CHWA00006416 | CHWA00006426 |
| 2126. | CHWA00010117 | CHWA00010240 |
| 2127. | CHWA00011550 | CHWA00012827 |
| 2128. | CHWA00015235 | CHWA00016204 |
| 2129. | CHWA00017020 | CHWA00017944 |
| 2130. | CHWA00029907 | CHWA00029976 |
| 2131. | CHWA00031589 | CHWA00031589 |
| 2132. | CHWA00032001 | CHWA00032020 |
| 2133. | CHWA00032115 | CHWA00032128 |
| 2134. | CHWA00042517 | CHWA00042616 |
| 2135. | CHWA00048095 | CHWA00048122 |
| 2136. | CHWA00052613 | CHWA00052845 |
| 2137. | CHWA00062147 | CHWA00062569 |
| 2138. | CHWA00069568 | CHWA00069593 |
| 2139. | CHWA00070981 | CHWA00071036 |
| 2140. | CHWA00088192 | CHWA00088762 |
| 2141. | CHWA00106460 | CHWA00106757 |
| 2142. | CHWA00123560 | CHWA00123572 |
| 2143. | CHWA00129231 | CHWA00129308 |
| 2144. | CHWA00129721 | CHWA00129903 |
| 2145. | CHWA00145996 | CHWA00146079 |
| 2146. | CHWA00193711 | CHWA00193717 |
| 2147. | CHWA00195847 | CHWA00196029 |
| 2148. | CHWA00197071 | CHWA00197269 |
| 2149. | CHWA00216343 | CHWA00216376 |
| 2150. | CHWA00225304 | CHWA00225320 |
| 2151. | CHWA00225321 | CHWA00225356 |
| 2152. | CHWA00225357 | CHWA00225418 |
| 2153. | CHWA00225376 | CHWA00225464 |
| 2154. | CHWA00225402 | CHWA00225512 |
| 2155. | CHWA00225419 | CHWA00225547 |
| 2156. | CHWA00225447 | CHWA00225596 |
| 2157. | CHWA00225465 | CHWA00225634 |
| 2158. | CHWA00225485 | CHWA00225688 |
| 2159. | CHWA00225513 | CHWA00225734 |

| | | |
|---|---|---|
| 2160. | CHWA00225530 | CHWA00225824 |
| 2161. | CHWA00225548 | CHWA00225907 |
| 2162. | CHWA00225581 | CHWA00225969 |
| 2163. | CHWA00225597 | CHWA00226019 |
| 2164. | CHWA00225612 | CHWA00226055 |
| 2165. | CHWA00225635 | CHWA00226131 |
| 2166. | CHWA00225663 | CHWA00226188 |
| 2167. | CHWA00225689 | CHWA00226235 |
| 2168. | CHWA00225707 | CHWA00225356 |
| 2169. | CHWA00225735 | CHWA00225401 |
| 2170. | CHWA00225766 | CHWA00225446 |
| 2171. | CHWA00225825 | CHWA00225484 |
| 2172. | CHWA00225848 | CHWA00225529 |
| 2173. | CHWA00225908 | CHWA00225580 |
| 2174. | CHWA00225931 | CHWA00225611 |
| 2175. | CHWA00225970 | CHWA00225662 |
| 2176. | CHWA00225988 | CHWA00225706 |
| 2177. | CHWA00226020 | CHWA00225765 |
| 2178. | CHWA00226040 | CHWA00225847 |
| 2179. | CHWA00226056 | CHWA00225930 |
| 2180. | CHWA00226082 | CHWA00225987 |
| 2181. | CHWA00226132 | CHWA00226039 |
| 2182. | CHWA00226162 | CHWA00226081 |
| 2183. | CHWA00226189 | CHWA00226161 |
| 2184. | CHWA00226208 | CHWA00226207 |
| 2185. | CHWA00226236 | CHWA00226269 |
| 2186. | CHWA00239086 | CHWA00239094 |
| 2187. | CHWA00242220 | CHWA00242231 |
| 2188. | CHWA00248458 | CHWA00248591 |
| 2189. | CHWA00252447 | CHWA00252570 |
| 2190. | CHWA00253374 | CHWA00253432 |
| 2191. | CHWA00253493 | CHWA00253643 |
| 2192. | CHWA00253494 | CHWA00253585 |
| 2193. | CHWA00256934 | CHWA00256934 |
| 2194. | CHWA00256935 | CHWA00256935 |
| 2195. | CHWA002569356 | |
| 2196. | CHWA002569357 | |
| 2197. | CHWA00256936 | CHWA00256936 |
| 2198. | CHWA00256937 | CHWA00256937 |

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, Suite 3400, Los Angeles, California 90067-3208.

On **August 1, 2014**, I served the foregoing documents described as **DIRECT ACTION PLAINTIFFS' AND INDIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA)** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ]   **BY MAIL:** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressees.

[X]   **BY ELECTRONIC MAIL:** I caused a true copy of the document described to be served by electronic mail to the addressees.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on **August 1, 2014**, at Los Angeles, California.

La Donna Bryant-Wilson

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1

## SERVICE LIST

2

| Philip J. Iovieno<br>Anne M. Nardacci<br>BOIES, SCHILLER & FLEXNER LLP<br>30 South Pearl Street, 11th Floor<br>Albany, NY 12207<br>Telephone:     (518) 434-0600<br>Facsimile:     (518) 434-0665<br>Email: piovieno@bsfllp.com<br>        anardacci@bsfllp.com<br><br>*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, Marta Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC* | Kamala D. Harris<br>Attorney General of California<br>Mark Breckler<br>Chief Assistant Attorney General<br>Kathleen E. Foote<br>Senior Assistant Attorney General<br>Emilio E. Varanini<br>Deputy Attorney General<br>Attorney General's Office<br>State of California<br>Department of Justice<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102<br>Tel:   415-703-5908<br>Fax:   415-703-5480<br>Email: emilio.varanini@doj.ca.gov<br><br>*Counsel for Plaintiff State of California* |
| Mario N. Alioto<br>Lauren Capurro<br>TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel:   415-563-7200<br>Fax:   415-346-0679<br>Email: malioto@tatp.com<br>        laurenrussell@tatp.com<br><br>*Lead Counsel for Indirect Purchaser Plaintiffs* | Guido Saveri<br>R. Alexander Saveri<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco CA 94111<br>Tel:   415-217-6810<br>Fax:   415-217-6813<br>Email: guido@saveri.com<br>        rick@saveri.com<br><br>*Interim Lead Counsel for Direct Purchaser Plaintiffs* |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jeffrey L. Kessler
Jennifer M. Stewart
A. Paul Victor
Eva W. Cole
Molly M. Donovan
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel:    212-294-4692
Fax:    212-294-4700
Email: jkessler@winston.com
        jstewart@winston.com
        pvictor@winston.com
        ewcole@winston.com
        mmdonovan@winston.com

Martin C. Geagan
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Tel:    212-294-4615
Fax:    212-294-4700
E-mail:  mgeagan@winston.com

Matthew R. DalSanto
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Tel:    312-558-6211
Fax:    312-558-5700
E-mail:  mdalsanto@winston.com

*Counsel for Panasonic Corporation;*
*Panasonic Corporation of North America; and*
*MT Picture Display Co., Ltd.*

Steven A. Reiss
David L. Yohai
David Yolkut
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Tel:    212-310-8000
Fax:    212-310-8007
Email: steven.reiss@weil.com
        david.yohai@weil.com
        david.yolkut@weil.com

Bambo Obaro
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1175
Tel:    (650) 802-3000
Fax:    (650) 802-3100
Email: bambo.obaro@weil.com

Craig Y. Allison
BUNSOW DE MORY, SMITH & ALLISON LLP
600 Allerton Street, Suite 101
Redwood City, CA 94063
Tel: (650) 351-7248
Fax: (650) 351-7253
Email: callison@bdiplaw.com

Amy Lee Stewart
E-mail:  astewart@roselawfirm.com

*Counsel for Panasonic Corporation;*
*Panasonic Corporation of North America;*
*and MT Picture Display Co., Ltd.*

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Eliot A. Adelson
James Maxwell Cooper
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Tel:    415-439-1400
Fax:    415-439-15001
Email: eliot.adelson@kirkland.com
          max.cooper@kirkland.com

James H. Mutchnik
Kate Wheaton
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: 312-862-2000
Fax: 312-862-2200
Email: james.mutchnik@kirkland.com
          kate.wheaton@kirkland.com

*Counsel for Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd.; and Hitachi Electronic Devices (USA), Inc.*

Joel S. Sanders
Rachel S. Brass
Christine A. Fujita
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Tel:    415-393-8200
Fax:    415-393-8206
Email: jsanders@gibsondunn.com
          rbrass@gibsondunn.com
          cfujita@gibsondunn.com

*Counsel for Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia)*

Christopher M. Curran
Lucius B. Lau
Charise Naifeh
Dana Foster
WHITE & CASE
701 Thirteenth Street N.W.
Washington, DC 20005
Tel:    202-626-3600
Fax:    202-639-9355
Email: ccurran@whitecase.com
          alau@whitecase.com
          cnaifeh@whitecase.com
          dfoster@whitecase.com

*Counsel for Toshiba Corporation; Toshiba America, Inc.; Toshiba America Consumer Products, L.L.C.; Toshiba America Electronics Components, Inc.; Toshiba America Information Systems, Inc.*

William Temko
Jonathan Altman
Hojoon Hwang
Laura Lin
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, CA 94105
Tel:    415-512-4009
Fax:    415-512-4077
Email: william.temko@mto.com
          jonathan.altman@mto.com
          hojoon.hwang@mto.com
          laura.lin@mto.com

*Counsel for  LG Electronics, Inc.; LG Electronics USA, Inc.*

| | |
|---|---|
| John M. Taladay<br>Erik Koons<br>Charles Malaise<br>BAKER BOTTS L.L.P.<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2400<br>Tel:    202-639-7700<br>Fax:    202-639-7890<br>Email: john.taladay@bakerbotts.com<br>          erik.koons@bakerbotts.com<br>          charles.malaise@bakerbotts.com<br><br>Jon V. Swenson<br>Baker Botts L.L.P.<br>620 Hansen Way<br>Palo Alto, CA 94304<br>Tel:    650-739-7500<br>Fax:    650-739-7699<br>Email: jon.swenson@bakerbotts.com<br><br>*Counsel for Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation* | Christine Laciak<br>Richard Snyder<br>FRESHFIELDS BRUCKHAUS<br> & DERINGER US, LLP<br>700 13th Street, NW, 10th Floor<br>Washington, DC 20005<br>Tel: (202) 777-4500<br>Email: christine.laciak@freshfields.com<br>          richard.snyder@freshfields.com<br><br>*Counsel for Defendant Beijing Matsushita Color CRT Co., Ltd.* |
| Joseph R. Tiffany, II<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>2550 Hanover Street<br>Palo Alto, CA 94304-1114<br>Telephone: (650) 233-4644<br>Facsimile: (650) 233-4545<br>Email: joseph.tiffany@pillsburylaw.com<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd.; IRICO Group Corporation; IRICO Group Electronics Co., Ltd.* | Michael R. Lazerwitz<br>CLEARY GOTTLIEG STEEN & HAMPTON LLP<br>2000 Pennsylvania Avenue, NW, Suite 9000<br>Washington, DC 20006<br>Telephone: (202) 974-1500<br>Facsimile: (202) 974-1999<br>Email: mlazerwitz@cgsh.com<br><br>*Counsel for Defendant LP Displays International, Ltd.* |

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Gary L. Halling
James L. McGinnis
Michael W. Scarborough
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Tel:     415-434-9100
Fax:    415-434-3947
Email: jmcginnis@sheppardmullin.com
          mscarborough@sheppardmullin.com
          dballard@sheppardmullin.com

Leo D. Caseria
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Fax: 213-620-1398
E-mail: lcaseria@sheppardmullin.com

Bruce Cobath
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Tel:    212-653-8700
E-mail: bcolbath@sheppardmullin.com

*Counsel for Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

Brent Caslin
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Tel:  (213) 239-5100
Fax:  (213) 239-5199
Email: bcaslin@jenner.com

Terrence J. Truax
Michael T. Brody
Shaun M. Van Horn
Gabriel A. Fuentes
Molly M. Powers
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
Tel:  (312) 222-9350
Fax:  (312) 527-0484
Email: ttruax@jenner.com
          mbrody@jenner.com
          svanhorn@jenner.com
          gfuentes@jenner.com
          mpowers@jenner.com

*Counsel for Mitsubishi Electric Corporation, Mitsubishi Electric & Electronics USA, Inc. and Mitsubishi Digital Electronic Americas, Inc.*

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Calvin L. Litsey
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Tel: (650) 324-6700
Email: calvin.litsey@faegrebd.com

Kathy L. Osborn
Ryan M. Hurley
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Tel: (317) 237-0300
Email: kathy.osborn@faegrebd.com
        ryan.hurley@faegrebd.com

Jeffrey S. Roberts
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
Tel: (303) 607-3500
Email: jeff.roberts@faegrebd.com

Stephen M. Judge
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Tel: (574) 234-4149
Email: steve.judge@faegrebd.com

Ryan M. Hurley (pro hac vice)
FAEGRE BAKER DANIELS LLP
300 N. Meridan Street, Suite 2700
Indianapolis, IN 46204
Tel: (317) 237-0300
Email: ryan.hurley@faegrebd.com

*Counsel for Defendants Thomson S.A. (N/K/A
Technicolor SA); Thomson Consumer
Electronics, Inc. (N/K/A Technicolor USA,
Inc.)*

Mark C. Dosker
Nathan Lane, III
SQUIRE SANDERS  LLP
275 Battery Street, Suite 2600
San Francisco, CA 94111
Tel:    415-954-0200
Fax:    415-393-9887
Email: mark.dosker@squiresanders.com
        nathan.lane@squiresanders.com

Ellen Tobin (pro hac vice)
Jeffrey I. Zuckerman (pro hac vice)
CURTIS, MALLET-PREVOST, COLT &
MOSLE LLP
101 Park Avenue
New York, NY 10178
Tel:    (212) 696-8873
Email: etobin@curtis.com
        jzuckerman@curtis.com

Arthur S. Gaus
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, CA 94108
Tel:    (415) 397-2700
Fax:    (415) 397-3300
Email: asg@dillinghammurphy.com

*Counsel for Technologies Displays Americas
LLC and Videocon Industries, Ltd.*

# EXHIBIT 8

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE NO. 3:07-CV-5944 SC MDL NO. 1917 |
| | **DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S OBJECTIONS TO DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |
| This Document Relates To: DIRECT ACTION PLAINTIFF ACTIONS | |

**PROPOUNDING PARTY:**     Direct Action Plaintiffs

**RESPONDING PARTY:**     Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

**SET NO.:**     One

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. ("CPT")[1] object to Direct Action Plaintiffs' ("Plaintiffs") First Set of Requests for Admission ("Requests"), dated August 1, 2014.

---

[1]   Unless otherwise specified, "CPT" refers collectively to Chunghwa Picture Tubes, Ltd. and the now defunct Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

## **PRELIMINARY STATEMENT**

CPT has not completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial.  As discovery proceeds, facts, information, evidence, documents and things may be discovered that are not set forth in these responses, but which may have been responsive to these Requests.   The following responses are based on CPT's knowledge, information and belief at this time and are complete as to CPT's best knowledge at this time.   Furthermore, these responses were prepared based on CPT's good faith interpretation and understanding of the Requests and are subject to correction for inadvertent errors or omissions, if any.

CPT reserves the right to refer to, conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these responses.  In addition, CPT assumes no obligation to voluntarily supplement or amend these responses to reflect information, evidence, documents or things discovered following service of these responses.  Nevertheless, these responses are given without prejudice to subsequent revision or supplementation, including objections, based upon any information, evidence and documentation, which hereinafter may be discovered.

## **GENERAL OBJECTIONS**

1.      CPT objects to the Requests to the extent that they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules for the Northern District of California, any agreement of the parties, or any other applicable law or rule.

2.      CPT objects to the Requests on the grounds that they are unduly burdensome, harassing, and duplicative.  Plaintiffs have attached a list of 2,198 documents with seven requests for admission as to each and every document, which constitutes 15,386 separate requests for admission.  Such an extensive number of requests for admission in a single set of discovery is contrary to Rule 26(b) of the Federal Rules of Civil Procedure, and is demonstrative of the type of excessive and disproportionate use of a discovery mechanism for which the Advisory Committee has expressed profound concern.  *See*, *e.g.*, May 8, 2013 Report of Advisory Comm. on Civil Rules at 9-12, *available at* http://www.uscourts.gov/RulesAndPolicies/rules/archives/advisory-committee-

Gibson, Dunn &
Crutcher LLP

reports/advisory-committee-rules-civil-procedure.aspx (follow "May 2013").  CPT is willing, at an appropriate time before trial, to engage in a good faith negotiation on a stipulation regarding the authenticity and admissibility of a reasonable number of documents that plaintiffs reasonably and in good faith anticipate offering into evidence at trial.

3.       CPT objects to these Requests to the extent they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.       CPT objects to Plaintiffs' definition of the terms "You" and "Your," which includes "parent companies, subsidiaries, affiliates and their subsidiaries, and any employees, agents, representatives or any persons acting or purporting to act on Your behalf, including each of Your attorneys" because these definitions are vague, overly broad and unduly burdensome.  Further, they include persons not controlled by CPT and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and improperly purport to seek information from distinct corporate entities and persons not parties to the current action and not controlled by CPT.

5.       Each of CPT's responses is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other objections and grounds which would require the exclusion of any information if made at the time of trial.  All objections are therefore reserved and may be interposed at the time of trial.

## SPECIFIC OBJECTIONS TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Separately for each document identified in Exhibit A, Admit that the document is a true, correct and genuine copy of the original.

### OBJECTION TO REQUEST FOR ADMISSION NO. 1:

CPT hereby incorporates each of its General Objections into this response as though each were fully set forth herein.  CPT further objects to this request for admission on the grounds that it is harassing, unduly burdensome, duplicative, and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly

Gibson, Dunn &
Crutcher LLP

1  insofar as this request for admission actually constitutes 2,198 separate requests for admission.  *See*

2  General Objection No. 2.

3  **REQUEST FOR ADMISSION NO. 2:**

4  Separately for each document identified in Exhibit A, Admit that the document is authentic

5  and satisfies Fed. R. Evid. 901.

6  **OBJECTION TO REQUEST FOR ADMISSION NO. 2:**

7  CPT hereby incorporates each of its General Objections into this response as though each

8  were fully set forth herein.  CPT further objects to this request for admission on the grounds that it is

9  harassing, unduly burdensome, duplicative, and to the extent it seeks information that is neither

10  relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly

11  insofar as this request for admission actually constitutes 2,198 separate requests for admission.  *See*

12  General Objection No. 2.

13  **REQUEST FOR ADMISSION NO. 3:**

14  Separately for each document identified in Exhibit A, Admit that the document was made at

15  or near the time of the event reflected in the document.

16  **OBJECTION TO REQUEST FOR ADMISSION NO. 3:**

17  CPT hereby incorporates each of its General Objections into this response as though each

18  were fully set forth herein.  CPT further objects to this request for admission on the grounds that it is

19  harassing, unduly burdensome, duplicative, and to the extent it seeks information that is neither

20  relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly

21  insofar as this request for admission actually constitutes 2,198 separate requests for admission.  *See*

22  General Objection No. 2.

23  **REQUEST FOR ADMISSION NO. 4:**

24  Separately for each document identify in Exhibit A, Admit that the document was made by

25  someone with knowledge of the contents or event reflected in the document.

26  **OBJECTION TO REQUEST FOR ADMISSION NO. 4:**

27  CPT hereby incorporates each of its General Objections into this response as though each

28  were fully set forth herein.  CPT further objects to this request for admission on the grounds that it is

Gibson, Dunn &
Crutcher LLP

-4-

1  harassing, unduly burdensome, duplicative, and to the extent it seeks information that is neither

2  relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly

3  insofar as this request for admission actually constitutes 2,198 separate requests for admission.  *See*

4  General Objection No. 2.

5  **REQUEST FOR ADMISSION NO. 5:**

6       Separately for each document identified in Exhibit A, Admit that the document was kept in

7  the course of Your regularly conducted business.

8  **OBJECTION TO REQUEST FOR ADMISSION NO. 5:**

9       CPT hereby incorporates each of its General Objections into this response as though each

10  were fully set forth herein.  CPT further objects to this request for admission on the grounds that it is

11  harassing, unduly burdensome, duplicative, and to the extent it seeks information that is neither

12  relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly

13  insofar as this request for admission actually constitutes 2,198 separate requests for admission.  *See*

14  General Objection No. 2.

15  **REQUEST FOR ADMISSION NO. 6:**

16       Separately for each document identified in Exhibit A, Admit that the document was prepared

17  in the regular course of Your business.

18  **OBJECTION TO REQUEST FOR ADMISSION NO. 6:**

19       CPT hereby incorporates each of its General Objections into this response as though each

20  were fully set forth herein.  CPT further objects to this request for admission on the grounds that it is

21  harassing, unduly burdensome, duplicative, and to the extent it seeks information that is neither

22  relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly

23  insofar as this request for admission actually constitutes 2,198 separate requests for admission.  *See*

24  General Objection No. 2.

25  **REQUEST FOR ADMISSION NO. 7:**

26       Separately for each document identified in Exhibit A, Admit that the document satisfies Fed.

27  R. Evid. 803(6).

28

**OBJECTION TO REQUEST FOR ADMISSION NO. 7:**

CPT hereby incorporates each of its General Objections into this response as though each were fully set forth herein. CPT further objects to this request for admission on the grounds that it is harassing, unduly burdensome, duplicative, and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly insofar as this request for admission actually constitutes 2,198 separate requests for admission. *See* General Objection No. 2.


DATED: September 2, 2014            GIBSON, DUNN & CRUTCHER LLP
                                    JOEL S. SANDERS
                                    RACHEL S. BRASS
                                    AUSTIN V. SCHWING


                                    By:  /s/ *Rachel S. Brass*

                                    Joel S. Sanders (SBN 107234)
                                    Rachel S. Brass (SBN 219301)
                                    Austin Schwing (SBN 211696)
                                    GIBSON, DUNN & CRUTCHER LLP
                                    555 Mission Street, Suite 3000
                                    San Francisco, CA 94105
                                    (415) 393.8200 (Phone)
                                    (415) 393.8306 (Facsimile)
                                    *jsanders@gibsondunn.com*

                                    Attorneys for Defendants
                                    CHUNGHWA PICTURE TUBES, LTD. and
                                    CHUNGHWA PICTURE TUBES (MALAYSIA) SDN.
                                    BHD.

101789263.3

CPT'S OBJECTIONS TO DIRECT ACTION PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSION

**CERTIFICATE OF SERVICE**

I, Joseph Hansen, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California 94105, in said County and State.  On the date indicated below, I served the within:

**DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S OBJECTIONS TO DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

to each of the persons named below, in the manner described below:

Philip J. Iovieno
E-mail: piovieno@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP

*Liaison Counsel for Direct Action Plaintiffs*

Mario N. Alioto
E-mail: malioto@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

Guido Saveri
E-mail: guido@saveri.com
SAVERI & SAVERI, INC.

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

All Defense Counsel

Emilio Varanini
E-mail: emilio.varanini@doj.ca.gov
STATE OF CALIFORNIA
*Counsel for the State of California*

☑ **BY ELECTRONIC MAIL**:  On the date shown below, a true copy PDF version of the above-referenced document was automatically e-mailed to the e-mail addresses of each party indicated on the service list.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document was printed on recycled paper, and that this Certificate of Service was executed by me on September 2, 2014, at San Francisco, California.

/s/ *Joseph Hansen*
Joseph Hansen

Gibson, Dunn &
Crutcher LLP

# EXHIBIT 9

1   ROBINS, KAPLAN, MILLER & CIRESI
    L.L.P.
2   Roman M. Silberfeld, Bar No. 62783
    RMSilberfeld@rkmc.com
3   Bernice Conn, Bar No. 161594
    BConn@rkmc.com
4   David Martinez, Bar No. 193183
    DMartinez@rkmc.com
5   2049 Century Park East, Suite 3400
    Los Angeles, CA 90067-3208
6   Telephone:     310-552-0130
    Facsimile:     310-229-5800
7
    Attorneys for Plaintiffs
8
    BEST BUY CO., INC.; BEST BUY
9   PURCHASING LLC; BEST BUY
    ENTERPRISE SERVICES, INC.; BEST
10  BUY STORES, L.P.; BESTBUY.COM, LLC;
    MAGNOLIA HI-FI, LLC
11
    Additional Counsel Listed Below
12

13              **UNITED STATES DISTRICT COURT**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15

16  IN RE CATHODE RAY TUBE (CRT)           Master File No. M:07-5994-SC
    ANTITRUST LITIGATION                   MDL No. 1917
17

18  **This Documents Relates To:**

19  *Electrograph Systems, Inc. et al. v. Hitachi,*      **STIPULATION REGARDING**
    *Ltd., et al., No. 11-cv-01656;*                     **THE AUTHENTICITY OF**
20                                                       **DOCUMENTS AND THEIR**
                                                         **STATUS AS "BUSINESS**
21  *Siegel v. Hitachi, Ltd., et al., No. 11-cv-05502;*  **RECORDS"**

22  *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,*
    *No. 11-cv-05513;*
23

24  *Target Corp., et al. v. Chunghwa Picture Tubes,*
    *Ltd., et al., No. 11-cv-05514;*
25

26  *Interbond Corporation of America v. Hitachi, et*
    *al., No. 11-cv-06275;*
27
    *Office Depot, Inc. v. Hitachi, Ltd., et al., No. 11-*
28  *cv-06276;*

1

2
*CompuCom Systems, Inc. v. Hitachi, Ltd. Et al.,*
*No. 11-cv-06396;*

3

4
*Costco Wholesale Corporation v. Hitachi, Ltd., et*
*al., No. 11-cv-06397;*

5

6
*P.C. Richard & Son Long Island Corporation, et*
*al. v. Hitachi, Ltd., et al., No. 12-cv-02648;*

7
*Schultze Agency Services, LLC v. Hitachi, Ltd., et*
*al., No. 12-cv-02649;*

8

9
*Tech Data Corporation, et al. v. Hitachi, Ltd., et*
*al., No. 13-cv-00157;*

10

11
*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et*
*al., No. 13-cv-01173;*

12

13
*Dell Inc. and Dell Products L.P. v. Hitachi, Ltd.,*
*et al., No. 13-cv-02171;*

14
*Sharp Electronics Corp. et al. v. Koninklijke*
*Philips Electronics, N.V., et al., No. 13-cv-02776;*

15

16
*Siegel v. Technicolor SA, et al., No. 13-cv-05261;*

17
*Sears, Roebuck and Co., et al. v. Technicolor SA,*
*No. 13-cv-05262;*

18

19
*Schultze Agency Services, LLC v. Technicolor SA,*
*et al., No. 13-cv-05668;*

20

21
*Target Corp., v. Technicolor SA, et al., No. 13-cv-*
*05686;*

22
*Costco Wholesale Corporation v. Technicolor*
*SA,, et al., No. 13-cv-005723;*

23

24
*Electrograph Systems, Inc., et al. v. Technicolor*
*SA, et al., No. 13-cv-05724;*

25

26
*P.C. Richard & Son Long Island Corporation, et*
*al. v. Technicolor SA, et al., No. 13-cv-05725;*

27
*Office Depot, Inc. v. Technicolor SA, et al., No.*
*13-cv-05726;*

28

*Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727.*

*ViewSonic Corporation, v. Chunghwa Picture Tubes, Ltd., et al.,* 3:14cv-02510;

WHEREAS, the Direct Action Plaintiffs (collectively "Plaintiffs") and Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) ("CPT") wish to cooperate in developing an efficient means of addressing the authenticity and status as business records of certain documents in the above captioned litigation.

WHEREAS, the parties also wish to avoid the costs and burdens of discovery to establish the authenticity and status as business records of documents;

NOW THEREFORE, IT IS HEREBY STIPULATED by the undersigned counsel on behalf of the parties identified above (the "Stipulating Parties"), that:

1.      None of the Stipulating Parties will object to the admissibility of any document produced by one of the Stipulating Parties at the document identification numbers listed in Exhibit A to this stipulation on the ground that it is not "authentic" as that term is used in FRE 901 and FRE 902.

2.      None of the Stipulating Parties will object to the admissibility of any document listed in Exhibit B to this stipulation on the ground that it is not a "duplicate" of the original, as that term is used in FRE 1001(4) and 1003.

3.      None of the Stipulating Parties will object to the admissibility of any

document produced by one of the Stipulating Parties at the document identification

numbers listed in Exhibit C to this stipulation on the ground that it is not a business

record pursuant to FRE 803(6).

4. The Stipulating Parties agree that no document produced by one of the

Stipulating Parties at the Bates numbers listed in Exhibits A, B and C to this

stipulation requires a sponsoring witness to establish its authenticity or status as a

business record, as enumerated above in paragraphs 1-3.

5. The Stipulating Parties agree to meet and confer in good faith in

advance of trial to resolve issues relating to the authenticity and status as business

records of a) documents that CPT may seek to use in this case; and b) additional

documents that Plaintiffs may seek to use in this case.

6. Notwithstanding the above, nothing in this Stipulation shall preclude

any of the Stipulating Parties from challenging the admissibility or use of any

document on grounds not expressly stipulated to in paragraphs 1-5 above.


DATED: October 10, 2014           /s/ *Laura E. Nelson*
                                  Roman M. Silberfeld
                                  David Martinez
                                  Jill S. Casselman
                                  ROBINS, KAPLAN, MILLER & CIRESI
                                  L.L.P.
                                  2049 Century Park East, Suite 3400
                                  Los Angeles, CA 90067-3208
                                  Telephone: (310) 552-0130
                                  Facsimile: (310) 229-5800
                                  Email: rmsilberfeld@rkmc.com
                                          dmartinez@rkmc.com
                                          jscasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone:  (612) 349-8500
Facsimile:   (612) 339-4181
Email:  eskaplan@rkmc.com
         kcwildfang@rkmc.com
         lenelson@rkmc.com

*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, LLC, and on behalf of the Direct Action Plaintiffs*

Dated:  October  10, 2014

/s/  Rachel S. Brass
Joel S. Sanders
 Rachel S. Brass
 Christine A. Fujita
 GIBSON, DUNN & CRUTCHER LLP
 555 Mission Street, Suite 3000
 San Francisco, CA 94105
 Telephone:  415-393-8200
 Facsimile: 415-393-8206

*Counsel for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia)*

# Exhibit A

| BEG BATES | END BATES |
| --- | --- |
| CHU0000207 | CHU0000259 |
| CHU00002853 | CHU00003107 |
| CHU00004334 | CHU00005247 |
| CHU00005997 | CHU00006001 |
| CHU00006004 | CHU00006006 |
| CHU00009205 | CHU00009207 |
| CHU00011251 | CHU00011793 |
| CHU00011783 | CHU00011784 |
| CHU00014182 | CHU00014185 |
| CHU00014189 | CHU00014194 |
| CHU00014198 | CHU00014199 |
| CHU00014200 | CHU00014201 |
| CHU00014202 | CHU00014203 |
| CHU00014204 | CHU00014204 |
| CHU00014205 | CHU00014205 |
| CHU00014212 | CHU00014212 |
| CHU00014213 | CHU00014214 |
| CHU00014218 | CHU00014218 |
| CHU00014223 | CHU00014226 |
| CHU00014232 | CHU00014232 |
| CHU00016887 | CHU00016901 |
| CHU00017003 | CHU00017003 |
| CHU00017026 | CHU00017028 |
| CHU00017037 | CHU00017045 |
| CHU00017069 | CHU00017074 |
| CHU00017076 | CHU00017090 |
| CHU00017092 | CHU00017099 |
| CHU00017130 | CHU00017152 |
| CHU00017750 | CHU00017756 |
| CHU00020661 | CHU00020662 |
| CHU00020779 | CHU00020781 |
| CHU00020782 | CHU00020784 |
| CHU00021268 | CHU00021271 |
| CHU00021272 | CHU00021278 |
| CHU00021280 | CHU00021286 |
| CHU00021289 | CHU00021289 |

Case 3:07-cv-05944-SC Document 2912 Filed 10/20/14 Page 7 of 30

| BEG BATES | END BATES |
|---|---|
| CHU00021415 | CHU00021766 |
| CHU00021791 | CHU00021794 |
| CHU00022583 | CHU00022585 |
| CHU00022696 | CHU00022696 |
| CHU00022768 | CHU00022955 |
| CHU00023392 | CHU00023394 |
| CHU00024519 | CHU00025005 |
| CHU00024554 | CHU00024559 |
| CHU00024560 | CHU00024563 |
| CHU00028209 | CHU00028210 |
| CHU00028224 | CHU00028225 |
| CHU00028229 | CHU00028330 |
| CHU00028231 | CHU00028233 |
| CHU00028240 | CHU00028240 |
| CHU00028283 | CHU00028285 |
| CHU00028291 | CHU00028292 |
| CHU00028300 | CHU00028301 |
| CHU00028311 | CHU00028313 |
| CHU00028374 | CHU00028375 |
| CHU00028376 | CHU00028376 |
| CHU00028377 | CHU00028379 |
| CHU00028382 | CHU00028382 |
| CHU00028383 | CHU00028384 |
| CHU00028385 | CHU00028387 |
| CHU00028393 | CHU00028393 |
| CHU00028396 | CHU00028397 |
| CHU00028424 | CHU00028424 |
| CHU00028425 | CHU00028426 |
| CHU00028427 | CHU00028429 |
| CHU00028430 | CHU00028431 |
| CHU00028432 | CHU00028433 |
| CHU00028434 | CHU00028434 |
| CHU00028438 | CHU00028438 |
| CHU00028453 | CHU00028455 |
| CHU00028463 | CHU00028464 |
| CHU00028490 | CHU00028492 |
| CHU00028495 | CHU00028496 |
| CHU00028503 | CHU00028503 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| BEG BATES | END BATES |
|---|---|
| CHU00028507 | CHU00028507 |
| CHU00028514 | CHU00028515 |
| CHU00028516 | CHU00028518 |
| CHU00028521 | CHU00028523 |
| CHU00028524 | CHU00028525 |
| CHU00028532 | CHU00028533 |
| CHU00028548 | CHU00028550 |
| CHU00028558 | CHU00028558 |
| CHU00028613 | CHU00028614 |
| CHU00028642 | CHU00028644 |
| CHU00028648 | CHU00028650 |
| CHU00028654 | CHU00028655 |
| CHU00028656 | CHU00028657 |
| CHU00028670 | CHU00028671 |
| CHU00028677 | CHU00028679 |
| CHU00028685 | CHU00028686 |
| CHU00028687 | CHU00028688 |
| CHU00028691 | CHU00028693 |
| CHU00028698 | CHU00028698 |
| CHU00028701 | CHU00028703 |
| CHU00028705 | CHU00028706 |
| CHU00028707 | CHU00028710 |
| CHU00028711 | CHU00028712 |
| CHU00028717 | CHU00028721 |
| CHU00028723 | CHU00028724 |
| CHU00028725 | CHU00028727 |
| CHU00028730 | CHU00028733 |
| CHU00028734 | CHU00028735 |
| CHU00028736 | CHU00028736 |
| CHU00028737 | CHU00028737 |
| CHU00028740 | CHU00028743 |
| CHU00028749 | CHU00028751 |
| CHU00028758 | CHU00028759 |
| CHU00028760 | CHU00028762 |
| CHU00028768 | CHU00028770 |
| CHU00028776 | CHU00028780 |
| CHU00028784 | CHU00028785 |
| CHU00028786 | CHU00028788 |

| BEG BATES | END BATES |
| --- | --- |
| CHU00028791 | CHU00028793 |
| CHU00028803 | CHU00028804 |
| CHU00028809 | CHU00028810 |
| CHU00028817 | CHU00028820 |
| CHU00028841 | CHU00028843 |
| CHU00028848 | CHU00028850 |
| CHU00028851 | CHU00028852 |
| CHU00028853 | CHU00028855 |
| CHU00028856 | CHU00028857 |
| CHU00028865 | CHU00028867 |
| CHU00028868 | CHU00028868 |
| CHU00028869 | CHU00028872 |
| CHU00028873 | CHU00028873 |
| CHU00028874 | CHU00028876 |
| CHU00028889 | CHU00028892 |
| CHU00028909 | CHU00028911 |
| CHU00028933 | CHU00028945 |
| CHU00028955 | CHU00028957 |
| CHU00028958 | CHU00028958 |
| CHU00028959 | CHU00028959 |
| CHU00028960 | CHU00028961 |
| CHU00028975 | CHU00028976 |
| CHU00028985 | CHU00028989 |
| CHU00028993 | CHU00029014 |
| CHU00029050 | CHU00029051 |
| CHU00029062 | CHU00029064 |
| CHU00029070 | CHU00029082 |
| CHU00029084 | CHU00029086 |
| CHU00029108 | CHU00029109 |
| CHU00029116 | CHU00029123 |
| CHU00029138 | CHU00029143 |
| CHU00029147 | CHU00029151 |
| CHU00029152 | CHU00029154 |
| CHU00029163 | CHU00029170 |
| CHU00029175 | CHU00029178 |
| CHU00029189 | CHU00029190 |
| CHU00029191 | CHU00029194 |
| CHU00029214 | CHU00029220 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| BEG BATES | END BATES |
|---|---|
| CHU00029221 | CHU00029227 |
| CHU00029235 | CHU00029237 |
| CHU00029245 | CHU00029247 |
| CHU00029259 | CHU00029261 |
| CHU00029262 | CHU00029264 |
| CHU00029281 | CHU00029286 |
| CHU00029316 | CHU00029320 |
| CHU00029944 | CHU00029955 |
| CHU00029971 | CHU00029972 |
| CHU00029977 | CHU00029984 |
| CHU00030051 | CHU00030051 |
| CHU00030058 | CHU00030059 |
| CHU00030064 | CHU00030065 |
| CHU00030068 | CHU00030069 |
| CHU00030071 | CHU00030078 |
| CHU00030080 | CHU00030081 |
| CHU00030410 | CHU00030413 |
| CHU00030421 | CHU00030424 |
| CHU00030520 | CHU00030523 |
| CHU00030526 | CHU00030529 |
| CHU00030537 | CHU00030538 |
| CHU00030547 | CHU00030552 |
| CHU00030557 | CHU00030558 |
| CHU00030559 | CHU00030562 |
| CHU00030665 | CHU00030667 |
| CHU00030679 | CHU00030683 |
| CHU00030684 | CHU00030687 |
| CHU00030688 | CHU00030691 |
| CHU00030695 | CHU00030697 |
| CHU00030698 | CHU00030700 |
| CHU00030701 | CHU00030704 |
| CHU00030713 | CHU00030716 |
| CHU00030717 | CHU00030719 |
| CHU00030745 | CHU00030747 |
| CHU00030749 | CHU00030751 |
| CHU00030777 | CHU00030780 |
| CHU00030787 | CHU00030794 |
| CHU00030797 | CHU00030798 |

| BEG BATES | END BATES |
|-----------|-----------|
| CHU00030799 | CHU00030800 |
| CHU00030816 | CHU00030818 |
| CHU00030819 | CHU00030822 |
| CHU00030827 | CHU00030830 |
| CHU00030835 | CHU00030838 |
| CHU00030839 | CHU00030840 |
| CHU00030872 | CHU00030874 |
| CHU00030881 | CHU00030884 |
| CHU00030894 | CHU00030894 |
| CHU00030916 | CHU00030916 |
| CHU00030922 | CHU00030937 |
| CHU00030960 | CHU00030962 |
| CHU00030965 | CHU00030970 |
| CHU00030979 | CHU00030984 |
| CHU00030985 | CHU00030990 |
| CHU00030992 | CHU00030994 |
| CHU00030995 | CHU00030997 |
| CHU00030998 | CHU00030998 |
| CHU00031006 | CHU00031009 |
| CHU00031010 | CHU00031012 |
| CHU00031015 | CHU00031016 |
| CHU00031017 | CHU00031017 |
| CHU00031018 | CHU00031020 |
| CHU00031028 | CHU00031030 |
| CHU00031040 | CHU00031043 |
| CHU00031044 | CHU00031046 |
| CHU00031056 | CHU00031066 |
| CHU00031067 | CHU00031069 |
| CHU00031075 | CHU00031087 |
| CHU00031101 | CHU00031104 |
| CHU00031105 | CHU00031106 |
| CHU00031111 | CHU00031112 |
| CHU00031113 | CHU00031114 |
| CHU00031123 | CHU00031125 |
| CHU00031136 | CHU00031136 |
| CHU00031141 | CHU00031141 |
| CHU00031142 | CHU00031147 |
| CHU00031150 | CHU00031152 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 3:07-cv-05944-SC Document 2912 Filed 10/10/14 Page 12 of 38

| BEG BATES | END BATES |
|---|---|
| CHU00031174 | CHU00031175 |
| CHU00031176 | CHU00031176 |
| CHU00031178 | CHU00031179 |
| CHU00031180 | CHU00031181 |
| CHU00031182 | CHU00031182 |
| CHU00031183 | CHU00031185 |
| CHU00031190 | CHU00031193 |
| CHU00031194 | CHU00031201 |
| CHU00031202 | CHU00031208 |
| CHU00031209 | CHU00031213 |
| CHU00031214 | CHU00031220 |
| CHU00031221 | CHU00031226 |
| CHU00031240 | CHU00031247 |
| CHU00031249 | CHU00031252 |
| CHU00031254 | CHU00031254 |
| CHU00031274 | CHU00031277 |
| CHU00031804 | CHU00031804 |
| CHU00032057 | CHU00032058 |
| CHU00033201 | CHU00033202 |
| CHU00036378 | CHU00036380 |
| CHU00036382 | CHU00036383 |
| CHU00036384 | CHU00036385 |
| CHU00036386 | CHU00036387 |
| CHU00036394 | CHU00036395 |
| CHU00036406 | CHU00036407 |
| CHU00036410 | CHU00036411 |
| CHU00036412 | CHU00036413 |
| CHU00045143 | CHU00045150 |
| CHU00047663 | CHU00047674 |
| CHU00066032 | CHU00066064 |
| CHU00071226 | CHU00071279 |
| CHU00071480 | CHU00071482 |
| CHU00072808 | CHU00072819 |
| CHU00093512 | CHU00093519 |
| CHU00095612 | CHU00095617 |
| CHU00102752 | CHU00102754 |
| CHU00102864 | CHU00102865 |
| CHU00113999 | CHU00113999 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| BEG BATES | END BATES |
|-----------|-----------|
| CHU00119571 | CHU00119573 |
| CHU00119823 | CHU00119849 |
| CHU00121161 | CHU00121192 |
| CHU00123358 | CHU00123361 |
| CHU00123375 | CHU00123378 |
| CHU00123393 | CHU00123397 |
| CHU00123530 | CHU00123531 |
| CHU00123530 | CHU00123530 |
| CHU00123733 | CHU00123733 |
| CHU00124017 | CHU00124019 |
| CHU00124020 | CHU00124021 |
| CHU00124027 | CHU00124029 |
| CHU00124110 | CHU00124115 |
| CHU00124116 | CHU00124118 |
| CHU00124930 | CHU00124981 |
| CHU00125005 | CHU00125008 |
| CHU00125098 | CHU00125110 |
| CHU00125116 | CHU00125125 |
| CHU00125126 | CHU00125138 |
| CHU00125139 | CHU00125140 |
| CHU00125157 | CHU00125161 |
| CHU00125162 | CHU00125167 |
| CHU00125171 | CHU00125180 |
| CHU00125181 | CHU00125183 |
| CHU00125192 | CHU00125194 |
| CHU00125195 | CHU00125198 |
| CHU00125199 | CHU00125206 |
| CHU00125257 | CHU00125292 |
| CHU00125652 | CHU00125653 |
| CHU00125654 | CHU00125654 |
| CHU00125849 | CHU00125858 |
| CHU00125895 | CHU00125899 |
| CHU00126131 | CHU00126133 |
| CHU00154421 | CHU00154454 |
| CHU00281352 | CHU00281923 |
| CHU00303245 | CHU00303797 |
| CHU00363457 | CHU00363467 |
| CHU00438214 | CHU00438218 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 3:07-cv-05944-SC Document 2912 Filed 10/10/14 Page 14 of 38

| BEG BATES | END BATES |
|-----------|-----------|
| CHU00513751 | CHU00513751 |
| CHU00532449 | CHU00532454 |
| CHU00548418 | CHU00548422 |
| CHU00549433 | CHU00549453 |
| CHU00597476 | CHU00597478 |
| CHU00608183 | CHU00608183 |
| CHU00608395 | CHU00608398 |
| CHU00631432 | CHU00631432 |
| CHU00631434 | CHU00631437 |
| CHU00637563 | CHU00637565 |
| CHU00637566 | CHU00637586 |
| CHU00638344 | CHU00638344 |
| CHU00644988 | CHU00644994 |
| CHU00645156 | CHU00645156 |
| CHU00647932 | CHU00647943 |
| CHU00648024 | CHU00648025 |
| CHU00649654 | CHU00649657 |
| CHU00655716 | CHU00655717 |
| CHU00660173 | CHU00660176 |
| CHU00660181 | CHU00660183 |
| CHU00660198 | CHU00660199 |
| CHU00660213 | CHU00660216 |
| CHU00660217 | CHU00660220 |
| CHU00660306 | CHU00660311 |
| CHU00660324 | CHU00660328 |
| CHU00660350 | CHU00660352 |
| CHU00660363 | CHU00660365 |
| CHU00660373 | CHU00660382 |
| CHU00660383 | CHU00660394 |
| CHU00660395 | CHU00660407 |
| CHU00660408 | CHU00660418 |
| CHU00660419 | CHU00660425 |
| CHU00660426 | CHU00660435 |
| CHU00660436 | CHU00660445 |
| CHU00660446 | CHU00660453 |
| CHU00660454 | CHU00660463 |
| CHU00660476 | CHU00660486 |
| CHU00660487 | CHU00660500 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| BEG BATES | END BATES |
|-----------|-----------|
| CHU00660539 | CHU00660548 |
| CHU00660549 | CHU00660560 |
| CHU00660561 | CHU00660574 |
| CHU00660606 | CHU00660615 |
| CHU00660626 | CHU00660632 |
| CHU00660643 | CHU00660651 |
| CHU00660643 | CHU00660651 |
| CHU00660671 | CHU00660680 |
| CHU00660681 | CHU00660692 |
| CHU00660693 | CHU00660698 |
| CHU00660699 | CHU00660708 |
| CHU00660709 | CHU00660716 |
| CHU00660717 | CHU00660727 |
| CHU00660728 | CHU00660735 |
| CHU00660741 | CHU00660745 |
| CHU00661917 | CHU00661928 |
| CHU00732831 | CHU00732834 |
| CHU00735253 | CHU00735255 |
| CHU00735299 | CHU00735312 |
| CHU00735380 | CHU00735386 |
| CHU00735558 | CHU00735558 |
| CHWA00062147 | CHWA00062569 |
| CHWA00088192 | CHWA00088762 |
| CHWA00106460 | CHWA00106757 |

1

## Exhibit B

2

| BEG BATES | END BATES |
|-----------|-----------|
| CHU0000207 | CHU0000259 |
| CHU00002853 | CHU00003107 |
| CHU00004334 | CHU00005247 |
| CHU00005997 | CHU00006001 |
| CHU00006004 | CHU00006006 |
| CHU00009205 | CHU00009207 |
| CHU00011783 | CHU00011784 |
| CHU00014182 | CHU00014185 |
| CHU00014189 | CHU00014194 |
| CHU00014198 | CHU00014199 |
| CHU00014200 | CHU00014201 |
| CHU00014202 | CHU00014203 |
| CHU00014204 | CHU00014204 |
| CHU00014205 | CHU00014205 |
| CHU00014212 | CHU00014212 |
| CHU00014213 | CHU00014214 |
| CHU00014218 | CHU00014218 |
| CHU00014223 | CHU00014226 |
| CHU00014232 | CHU00014232 |
| CHU00016887 | CHU00016901 |
| CHU00017003 | CHU00017003 |
| CHU00017026 | CHU00017028 |
| CHU00017037 | CHU00017045 |
| CHU00017069 | CHU00017074 |
| CHU00017076 | CHU00017090 |
| CHU00017092 | CHU00017099 |
| CHU00017130 | CHU00017152 |
| CHU00017750 | CHU00017756 |
| CHU00020661 | CHU00020662 |
| CHU00020779 | CHU00020781 |
| CHU00020782 | CHU00020784 |
| CHU00021272 | CHU00021278 |
| CHU00021280 | CHU00021286 |
| CHU00021289 | CHU00021289 |
| CHU00021415 | CHU00021766 |
| CHU00021791 | CHU00021794 |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| BEG BATES | END BATES |
|-----------|-----------|
| CHU00022583 | CHU00022585 |
| CHU00022696 | CHU00022696 |
| CHU00022768 | CHU00022955 |
| CHU00023392 | CHU00023394 |
| CHU00024519 | CHU00025005 |
| CHU00024554 | CHU00024559 |
| CHU00024560 | CHU00024563 |
| CHU00028209 | CHU00028210 |
| CHU00028224 | CHU00028225 |
| CHU00028229 | CHU00028330 |
| CHU00028231 | CHU00028233 |
| CHU00028240 | CHU00028240 |
| CHU00028283 | CHU00028285 |
| CHU00028291 | CHU00028292 |
| CHU00028300 | CHU00028301 |
| CHU00028311 | CHU00028313 |
| CHU00028374 | CHU00028375 |
| CHU00028376 | CHU00028376 |
| CHU00028377 | CHU00028379 |
| CHU00028382 | CHU00028382 |
| CHU00028383 | CHU00028384 |
| CHU00028385 | CHU00028387 |
| CHU00028393 | CHU00028393 |
| CHU00028396 | CHU00028397 |
| CHU00028424 | CHU00028424 |
| CHU00028425 | CHU00028426 |
| CHU00028427 | CHU00028429 |
| CHU00028430 | CHU00028431 |
| CHU00028432 | CHU00028433 |
| CHU00028434 | CHU00028434 |
| CHU00028438 | CHU00028438 |
| CHU00028453 | CHU00028455 |
| CHU00028463 | CHU00028464 |
| CHU00028490 | CHU00028492 |
| CHU00028495 | CHU00028496 |
| CHU00028503 | CHU00028503 |
| CHU00028507 | CHU00028507 |
| CHU00028514 | CHU00028515 |

| BEG BATES | END BATES |
|---|---|
| CHU00028516 | CHU00028518 |
| CHU00028521 | CHU00028523 |
| CHU00028524 | CHU00028525 |
| CHU00028532 | CHU00028533 |
| CHU00028548 | CHU00028550 |
| CHU00028558 | CHU00028558 |
| CHU00028613 | CHU00028614 |
| CHU00028642 | CHU00028644 |
| CHU00028648 | CHU00028650 |
| CHU00028654 | CHU00028655 |
| CHU00028656 | CHU00028657 |
| CHU00028670 | CHU00028671 |
| CHU00028677 | CHU00028679 |
| CHU00028685 | CHU00028686 |
| CHU00028687 | CHU00028688 |
| CHU00028691 | CHU00028693 |
| CHU00028698 | CHU00028698 |
| CHU00028701 | CHU00028703 |
| CHU00028705 | CHU00028706 |
| CHU00028707 | CHU00028710 |
| CHU00028711 | CHU00028712 |
| CHU00028717 | CHU00028721 |
| CHU00028723 | CHU00028724 |
| CHU00028725 | CHU00028727 |
| CHU00028730 | CHU00028733 |
| CHU00028734 | CHU00028735 |
| CHU00028736 | CHU00028736 |
| CHU00028737 | CHU00028737 |
| CHU00028740 | CHU00028743 |
| CHU00028749 | CHU00028751 |
| CHU00028758 | CHU00028759 |
| CHU00028760 | CHU00028762 |
| CHU00028768 | CHU00028770 |
| CHU00028776 | CHU00028780 |
| CHU00028784 | CHU00028785 |
| CHU00028786 | CHU00028788 |
| CHU00028791 | CHU00028793 |
| CHU00028803 | CHU00028804 |

| BEG BATES | END BATES |
|---|---|
| CHU00028809 | CHU00028810 |
| CHU00028817 | CHU00028820 |
| CHU00028841 | CHU00028843 |
| CHU00028848 | CHU00028850 |
| CHU00028851 | CHU00028852 |
| CHU00028853 | CHU00028855 |
| CHU00028856 | CHU00028857 |
| CHU00028865 | CHU00028867 |
| CHU00028868 | CHU00028868 |
| CHU00028869 | CHU00028872 |
| CHU00028873 | CHU00028873 |
| CHU00028874 | CHU00028876 |
| CHU00028889 | CHU00028892 |
| CHU00028909 | CHU00028911 |
| CHU00028933 | CHU00028945 |
| CHU00028955 | CHU00028957 |
| CHU00028958 | CHU00028958 |
| CHU00028959 | CHU00028959 |
| CHU00028960 | CHU00028961 |
| CHU00028975 | CHU00028976 |
| CHU00028985 | CHU00028989 |
| CHU00028993 | CHU00029014 |
| CHU00029050 | CHU00029051 |
| CHU00029062 | CHU00029064 |
| CHU00029070 | CHU00029082 |
| CHU00029084 | CHU00029086 |
| CHU00029108 | CHU00029109 |
| CHU00029116 | CHU00029123 |
| CHU00029138 | CHU00029143 |
| CHU00029147 | CHU00029151 |
| CHU00029152 | CHU00029154 |
| CHU00029163 | CHU00029170 |
| CHU00029175 | CHU00029178 |
| CHU00029189 | CHU00029190 |
| CHU00029191 | CHU00029194 |
| CHU00029214 | CHU00029220 |
| CHU00029221 | CHU00029227 |
| CHU00029235 | CHU00029237 |

| BEG BATES | END BATES |
|---|---|
| CHU00029245 | CHU00029247 |
| CHU00029259 | CHU00029261 |
| CHU00029262 | CHU00029264 |
| CHU00029281 | CHU00029286 |
| CHU00029316 | CHU00029320 |
| CHU00029944 | CHU00029955 |
| CHU00029971 | CHU00029972 |
| CHU00029977 | CHU00029984 |
| CHU00030051 | CHU00030051 |
| CHU00030058 | CHU00030059 |
| CHU00030064 | CHU00030065 |
| CHU00030068 | CHU00030069 |
| CHU00030071 | CHU00030078 |
| CHU00030080 | CHU00030081 |
| CHU00030410 | CHU00030413 |
| CHU00030421 | CHU00030424 |
| CHU00030520 | CHU00030523 |
| CHU00030526 | CHU00030529 |
| CHU00030537 | CHU00030538 |
| CHU00030547 | CHU00030552 |
| CHU00030557 | CHU00030558 |
| CHU00030559 | CHU00030562 |
| CHU00030665 | CHU00030667 |
| CHU00030679 | CHU00030683 |
| CHU00030684 | CHU00030687 |
| CHU00030688 | CHU00030691 |
| CHU00030695 | CHU00030697 |
| CHU00030698 | CHU00030700 |
| CHU00030701 | CHU00030704 |
| CHU00030713 | CHU00030716 |
| CHU00030717 | CHU00030719 |
| CHU00030745 | CHU00030747 |
| CHU00030749 | CHU00030751 |
| CHU00030777 | CHU00030780 |
| CHU00030787 | CHU00030794 |
| CHU00030797 | CHU00030798 |
| CHU00030799 | CHU00030800 |
| CHU00030816 | CHU00030818 |

| BEG BATES | END BATES |
|---|---|
| CHU00030819 | CHU00030822 |
| CHU00030827 | CHU00030830 |
| CHU00030835 | CHU00030838 |
| CHU00030839 | CHU00030840 |
| CHU00030872 | CHU00030874 |
| CHU00030881 | CHU00030884 |
| CHU00030894 | CHU00030894 |
| CHU00030916 | CHU00030916 |
| CHU00030922 | CHU00030937 |
| CHU00030960 | CHU00030962 |
| CHU00030965 | CHU00030970 |
| CHU00030979 | CHU00030984 |
| CHU00030985 | CHU00030990 |
| CHU00030992 | CHU00030994 |
| CHU00030995 | CHU00030997 |
| CHU00030998 | CHU00030998 |
| CHU00031006 | CHU00031009 |
| CHU00031010 | CHU00031012 |
| CHU00031015 | CHU00031016 |
| CHU00031017 | CHU00031017 |
| CHU00031018 | CHU00031020 |
| CHU00031028 | CHU00031030 |
| CHU00031040 | CHU00031043 |
| CHU00031044 | CHU00031046 |
| CHU00031056 | CHU00031066 |
| CHU00031067 | CHU00031069 |
| CHU00031075 | CHU00031087 |
| CHU00031101 | CHU00031104 |
| CHU00031105 | CHU00031106 |
| CHU00031111 | CHU00031112 |
| CHU00031113 | CHU00031114 |
| CHU00031123 | CHU00031125 |
| CHU00031136 | CHU00031136 |
| CHU00031141 | CHU00031141 |
| CHU00031142 | CHU00031147 |
| CHU00031150 | CHU00031152 |
| CHU00031174 | CHU00031175 |
| CHU00031176 | CHU00031176 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| BEG BATES | END BATES |
|---|---|
| CHU00031178 | CHU00031179 |
| CHU00031180 | CHU00031181 |
| CHU00031182 | CHU00031182 |
| CHU00031183 | CHU00031185 |
| CHU00031190 | CHU00031193 |
| CHU00031194 | CHU00031201 |
| CHU00031202 | CHU00031208 |
| CHU00031209 | CHU00031213 |
| CHU00031214 | CHU00031220 |
| CHU00031221 | CHU00031226 |
| CHU00031240 | CHU00031247 |
| CHU00031249 | CHU00031252 |
| CHU00031254 | CHU00031254 |
| CHU00031274 | CHU00031277 |
| CHU00031804 | CHU00031804 |
| CHU00032057 | CHU00032058 |
| CHU00033201 | CHU00033202 |
| CHU00036378 | CHU00036380 |
| CHU00036382 | CHU00036383 |
| CHU00036384 | CHU00036385 |
| CHU00036386 | CHU00036387 |
| CHU00036394 | CHU00036395 |
| CHU00036406 | CHU00036407 |
| CHU00036410 | CHU00036411 |
| CHU00036412 | CHU00036413 |
| CHU00045143 | CHU00045150 |
| CHU00047663 | CHU00047674 |
| CHU00066032 | CHU00066064 |
| CHU00071226 | CHU00071279 |
| CHU00071480 | CHU00071482 |
| CHU00072808 | CHU00072819 |
| CHU00093512 | CHU00093519 |
| CHU00095612 | CHU00095617 |
| CHU00102752 | CHU00102754 |
| CHU00102864 | CHU00102865 |
| CHU00113999 | CHU00113999 |
| CHU00119571 | CHU00119573 |
| CHU00119823 | CHU00119849 |

| BEG BATES | END BATES |
|---|---|
| CHU00121161 | CHU00121192 |
| CHU00123358 | CHU00123361 |
| CHU00123375 | CHU00123378 |
| CHU00123393 | CHU00123397 |
| CHU00123530 | CHU00123531 |
| CHU00123530 | CHU00123530 |
| CHU00123733 | CHU00123733 |
| CHU00124017 | CHU00124019 |
| CHU00124020 | CHU00124021 |
| CHU00124027 | CHU00124029 |
| CHU00124110 | CHU00124115 |
| CHU00124116 | CHU00124118 |
| CHU00124930 | CHU00124981 |
| CHU00125005 | CHU00125008 |
| CHU00125098 | CHU00125110 |
| CHU00125116 | CHU00125125 |
| CHU00125126 | CHU00125138 |
| CHU00125139 | CHU00125140 |
| CHU00125157 | CHU00125161 |
| CHU00125171 | CHU00125180 |
| CHU00125181 | CHU00125183 |
| CHU00125192 | CHU00125194 |
| CHU00125195 | CHU00125198 |
| CHU00125257 | CHU00125292 |
| CHU00125652 | CHU00125653 |
| CHU00125654 | CHU00125654 |
| CHU00125691 | CHU00125698 |
| CHU00125703 | CHU00125709 |
| CHU00125849 | CHU00125858 |
| CHU00125895 | CHU00125899 |
| CHU00125993 | CHU00125997 |
| CHU00126131 | CHU00126133 |
| CHU00154421 | CHU00154454 |
| CHU00281352 | CHU00281923 |
| CHU00303245 | CHU00303797 |
| CHU00363457 | CHU00363467 |
| CHU00438214 | CHU00438218 |
| CHU00549433 | CHU00549453 |

| BEG BATES | END BATES |
|---|---|
| CHU00608183 | CHU00608183 |
| CHU00631432 | CHU00631432 |
| CHU00631434 | CHU00631437 |
| CHU00637563 | CHU00637565 |
| CHU00637566 | CHU00637586 |
| CHU00638344 | CHU00638344 |
| CHU00644988 | CHU00644994 |
| CHU00645156 | CHU00645156 |
| CHU00647932 | CHU00647943 |
| CHU00648024 | CHU00648025 |
| CHU00649654 | CHU00649657 |
| CHU00655716 | CHU00655717 |
| CHU00660173 | CHU00660176 |
| CHU00660181 | CHU00660183 |
| CHU00660198 | CHU00660199 |
| CHU00660213 | CHU00660216 |
| CHU00660217 | CHU00660220 |
| CHU00660306 | CHU00660311 |
| CHU00660324 | CHU00660328 |
| CHU00660350 | CHU00660352 |
| CHU00660363 | CHU00660365 |
| CHU00660373 | CHU00660382 |
| CHU00660383 | CHU00660394 |
| CHU00660395 | CHU00660407 |
| CHU00660408 | CHU00660418 |
| CHU00660419 | CHU00660425 |
| CHU00660426 | CHU00660435 |
| CHU00660436 | CHU00660445 |
| CHU00660446 | CHU00660453 |
| CHU00660454 | CHU00660463 |
| CHU00660476 | CHU00660486 |
| CHU00660487 | CHU00660500 |
| CHU00660539 | CHU00660548 |
| CHU00660549 | CHU00660560 |
| CHU00660561 | CHU00660574 |
| CHU00660606 | CHU00660615 |
| CHU00660626 | CHU00660632 |
| CHU00660643 | CHU00660651 |

| BEG BATES | END BATES |
|---|---|
| CHU00660643 | CHU00660651 |
| CHU00660671 | CHU00660680 |
| CHU00660681 | CHU00660692 |
| CHU00660693 | CHU00660698 |
| CHU00660699 | CHU00660708 |
| CHU00660709 | CHU00660716 |
| CHU00660717 | CHU00660727 |
| CHU00660728 | CHU00660735 |
| CHU00660741 | CHU00660745 |
| CHU00661917 | CHU00661928 |
| CHU00732831 | CHU00732834 |
| CHU00735253 | CHU00735255 |
| CHU00735299 | CHU00735312 |
| CHU00735380 | CHU00735386 |
| CHU00735558 | CHU00735558 |
| CHWA00062147 | CHWA00062569 |
| CHWA00088192 | CHWA00088762 |
| CHWA00106460 | CHWA00106757 |

# Exhibit C

| BEG BATES | END BATES |
|-----------|-----------|
| CHU0000207 | CHU0000259 |
| CHU00005997 | CHU00006001 |
| CHU00006004 | CHU00006006 |
| CHU00011783 | CHU00011784 |
| CHU00014200 | CHU00014201 |
| CHU00014202 | CHU00014203 |
| CHU00014204 | CHU00014204 |
| CHU00014205 | CHU00014205 |
| CHU00014212 | CHU00014212 |
| CHU00014213 | CHU00014214 |
| CHU00014218 | CHU00014218 |
| CHU00014223 | CHU00014226 |
| CHU00014232 | CHU00014232 |
| CHU00017003 | CHU00017003 |
| CHU00017026 | CHU00017028 |
| CHU00017037 | CHU00017045 |
| CHU00017069 | CHU00017074 |
| CHU00017750 | CHU00017756 |
| CHU00020661 | CHU00020662 |
| CHU00020779 | CHU00020781 |
| CHU00020782 | CHU00020784 |
| CHU00021268 | CHU00021271 |
| CHU00021280 | CHU00021286 |
| CHU00021289 | CHU00021289 |
| CHU00021415 | CHU00021766 |
| CHU00021791 | CHU00021794 |
| CHU00022583 | CHU00022585 |
| CHU00022696 | CHU00022696 |
| CHU00022768 | CHU00022955 |
| CHU00024554 | CHU00024559 |
| CHU00024560 | CHU00024563 |
| CHU00028209 | CHU00028210 |
| CHU00028224 | CHU00028225 |
| CHU00028229 | CHU00028330 |
| CHU00028231 | CHU00028233 |
| CHU00028240 | CHU00028240 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| BEG BATES | END BATES |
|---|---|
| CHU00028283 | CHU00028285 |
| CHU00028291 | CHU00028292 |
| CHU00028300 | CHU00028301 |
| CHU00028311 | CHU00028313 |
| CHU00028374 | CHU00028375 |
| CHU00028376 | CHU00028376 |
| CHU00028377 | CHU00028379 |
| CHU00028382 | CHU00028382 |
| CHU00028383 | CHU00028384 |
| CHU00028385 | CHU00028387 |
| CHU00028393 | CHU00028393 |
| CHU00028396 | CHU00028397 |
| CHU00028424 | CHU00028424 |
| CHU00028425 | CHU00028426 |
| CHU00028427 | CHU00028429 |
| CHU00028430 | CHU00028431 |
| CHU00028432 | CHU00028433 |
| CHU00028434 | CHU00028434 |
| CHU00028438 | CHU00028438 |
| CHU00028453 | CHU00028455 |
| CHU00028463 | CHU00028464 |
| CHU00028490 | CHU00028492 |
| CHU00028495 | CHU00028496 |
| CHU00028503 | CHU00028503 |
| CHU00028507 | CHU00028507 |
| CHU00028514 | CHU00028515 |
| CHU00028516 | CHU00028518 |
| CHU00028521 | CHU00028523 |
| CHU00028524 | CHU00028525 |
| CHU00028532 | CHU00028533 |
| CHU00028548 | CHU00028550 |
| CHU00028558 | CHU00028558 |
| CHU00028613 | CHU00028614 |
| CHU00028642 | CHU00028644 |
| CHU00028648 | CHU00028650 |
| CHU00028654 | CHU00028655 |
| CHU00028656 | CHU00028657 |
| CHU00028670 | CHU00028671 |

| BEG BATES | END BATES |
| --- | --- |
| CHU00028677 | CHU00028679 |
| CHU00028685 | CHU00028686 |
| CHU00028687 | CHU00028688 |
| CHU00028691 | CHU00028693 |
| CHU00028698 | CHU00028698 |
| CHU00028701 | CHU00028703 |
| CHU00028705 | CHU00028706 |
| CHU00028707 | CHU00028710 |
| CHU00028711 | CHU00028712 |
| CHU00028717 | CHU00028721 |
| CHU00028723 | CHU00028724 |
| CHU00028725 | CHU00028727 |
| CHU00028730 | CHU00028733 |
| CHU00028734 | CHU00028735 |
| CHU00028736 | CHU00028736 |
| CHU00028737 | CHU00028737 |
| CHU00028740 | CHU00028743 |
| CHU00028749 | CHU00028751 |
| CHU00028758 | CHU00028759 |
| CHU00028760 | CHU00028762 |
| CHU00028768 | CHU00028770 |
| CHU00028784 | CHU00028785 |
| CHU00028786 | CHU00028788 |
| CHU00028791 | CHU00028793 |
| CHU00028803 | CHU00028804 |
| CHU00028809 | CHU00028810 |
| CHU00028817 | CHU00028820 |
| CHU00028841 | CHU00028843 |
| CHU00028848 | CHU00028850 |
| CHU00028851 | CHU00028852 |
| CHU00028853 | CHU00028855 |
| CHU00028856 | CHU00028857 |
| CHU00028865 | CHU00028867 |
| CHU00028868 | CHU00028868 |
| CHU00028869 | CHU00028872 |
| CHU00028873 | CHU00028873 |
| CHU00028874 | CHU00028876 |
| CHU00028889 | CHU00028892 |

| BEG BATES | END BATES |
|---|---|
| CHU00028909 | CHU00028911 |
| CHU00028933 | CHU00028945 |
| CHU00028955 | CHU00028957 |
| CHU00028958 | CHU00028958 |
| CHU00028959 | CHU00028959 |
| CHU00028960 | CHU00028961 |
| CHU00028975 | CHU00028976 |
| CHU00029050 | CHU00029051 |
| CHU00029062 | CHU00029064 |
| CHU00029116 | CHU00029123 |
| CHU00029138 | CHU00029143 |
| CHU00029147 | CHU00029151 |
| CHU00029152 | CHU00029154 |
| CHU00029163 | CHU00029170 |
| CHU00029175 | CHU00029178 |
| CHU00029189 | CHU00029190 |
| CHU00029191 | CHU00029194 |
| CHU00029235 | CHU00029237 |
| CHU00029259 | CHU00029261 |
| CHU00029262 | CHU00029264 |
| CHU00029281 | CHU00029286 |
| CHU00029316 | CHU00029320 |
| CHU00029971 | CHU00029972 |
| CHU00029977 | CHU00029984 |
| CHU00030051 | CHU00030051 |
| CHU00030058 | CHU00030059 |
| CHU00030064 | CHU00030065 |
| CHU00030068 | CHU00030069 |
| CHU00030080 | CHU00030081 |
| CHU00030410 | CHU00030413 |
| CHU00030421 | CHU00030424 |
| CHU00030520 | CHU00030523 |
| CHU00030526 | CHU00030529 |
| CHU00030537 | CHU00030538 |
| CHU00030547 | CHU00030552 |
| CHU00030557 | CHU00030558 |
| CHU00030559 | CHU00030562 |
| CHU00030665 | CHU00030667 |

| BEG BATES | END BATES |
|-----------|-----------|
| CHU00030684 | CHU00030687 |
| CHU00030688 | CHU00030691 |
| CHU00030695 | CHU00030697 |
| CHU00030698 | CHU00030700 |
| CHU00030701 | CHU00030704 |
| CHU00030713 | CHU00030716 |
| CHU00030717 | CHU00030719 |
| CHU00030745 | CHU00030747 |
| CHU00030749 | CHU00030751 |
| CHU00030777 | CHU00030780 |
| CHU00030787 | CHU00030794 |
| CHU00030797 | CHU00030798 |
| CHU00030799 | CHU00030800 |
| CHU00030816 | CHU00030818 |
| CHU00030819 | CHU00030822 |
| CHU00030827 | CHU00030830 |
| CHU00030835 | CHU00030838 |
| CHU00030839 | CHU00030840 |
| CHU00030872 | CHU00030874 |
| CHU00030881 | CHU00030884 |
| CHU00030894 | CHU00030894 |
| CHU00030916 | CHU00030916 |
| CHU00030922 | CHU00030937 |
| CHU00030960 | CHU00030962 |
| CHU00030965 | CHU00030970 |
| CHU00030979 | CHU00030984 |
| CHU00030985 | CHU00030990 |
| CHU00030992 | CHU00030994 |
| CHU00030995 | CHU00030997 |
| CHU00030998 | CHU00030998 |
| CHU00031006 | CHU00031009 |
| CHU00031010 | CHU00031012 |
| CHU00031015 | CHU00031016 |
| CHU00031017 | CHU00031017 |
| CHU00031018 | CHU00031020 |
| CHU00031028 | CHU00031030 |
| CHU00031040 | CHU00031043 |
| CHU00031044 | CHU00031046 |

| BEG BATES | END BATES |
|---|---|
| CHU00031056 | CHU00031066 |
| CHU00031067 | CHU00031069 |
| CHU00031075 | CHU00031087 |
| CHU00031101 | CHU00031104 |
| CHU00031105 | CHU00031106 |
| CHU00031111 | CHU00031112 |
| CHU00031113 | CHU00031114 |
| CHU00031123 | CHU00031125 |
| CHU00031136 | CHU00031136 |
| CHU00031141 | CHU00031141 |
| CHU00031142 | CHU00031147 |
| CHU00031150 | CHU00031152 |
| CHU00031174 | CHU00031175 |
| CHU00031176 | CHU00031176 |
| CHU00031178 | CHU00031179 |
| CHU00031180 | CHU00031181 |
| CHU00031182 | CHU00031182 |
| CHU00031183 | CHU00031185 |
| CHU00031190 | CHU00031193 |
| CHU00031194 | CHU00031201 |
| CHU00031202 | CHU00031208 |
| CHU00031209 | CHU00031213 |
| CHU00031214 | CHU00031220 |
| CHU00031221 | CHU00031226 |
| CHU00031240 | CHU00031247 |
| CHU00031249 | CHU00031252 |
| CHU00031254 | CHU00031254 |
| CHU00031274 | CHU00031277 |
| CHU00031804 | CHU00031804 |
| CHU00032057 | CHU00032058 |
| CHU00033201 | CHU00033202 |
| CHU00036378 | CHU00036380 |
| CHU00036382 | CHU00036383 |
| CHU00036384 | CHU00036385 |
| CHU00036386 | CHU00036387 |
| CHU00036394 | CHU00036395 |
| CHU00036406 | CHU00036407 |
| CHU00036410 | CHU00036411 |

| BEG BATES | END BATES |
|-----------|-----------|
| CHU00036412 | CHU00036413 |
| CHU00045143 | CHU00045150 |
| CHU00047663 | CHU00047674 |
| CHU00066032 | CHU00066064 |
| CHU00093512 | CHU00093519 |
| CHU00095612 | CHU00095617 |
| CHU00119571 | CHU00119573 |
| CHU00123530 | CHU00123530 |
| CHU00124017 | CHU00124019 |
| CHU00124020 | CHU00124021 |
| CHU00124027 | CHU00124029 |
| CHU00124110 | CHU00124115 |
| CHU00124116 | CHU00124118 |
| CHU00125181 | CHU00125183 |
| CHU00125192 | CHU00125194 |
| CHU00125652 | CHU00125653 |
| CHU00125654 | CHU00125654 |
| CHU00126131 | CHU00126133 |
| CHU00363457 | CHU00363467 |
| CHU00438214 | CHU00438218 |
| CHU00608183 | CHU00608183 |
| CHU00631434 | CHU00631437 |
| CHU00637563 | CHU00637565 |
| CHU00637566 | CHU00637586 |
| CHU00638344 | CHU00638344 |
| CHU00644988 | CHU00644994 |
| CHU00645156 | CHU00645156 |
| CHU00648024 | CHU00648025 |
| CHU00649654 | CHU00649657 |
| CHU00655716 | CHU00655717 |
| CHU00660173 | CHU00660176 |
| CHU00660181 | CHU00660183 |
| CHU00660306 | CHU00660311 |
| CHU00660324 | CHU00660328 |
| CHU00660350 | CHU00660352 |
| CHU00660363 | CHU00660365 |
| CHU00660741 | CHU00660745 |
| CHU00732831 | CHU00732834 |

| BEG BATES | END BATES |
|---|---|
| CHU00735253 | CHU00735255 |
| CHU00735380 | CHU00735386 |
| CHU00735558 | CHU00735558 |

# EXHIBIT 10

1  Stuart H. Singer
   BOIES, SCHILLER, & FLEXNER LLP
2  401 East Las Olas Boulevard, Suite 1200
   Fort Lauderdale, Florida 33301
3  Telephone: (954) 356-0011
   Facsimile: (954) 356-0022
4  Email: ssinger@bsfllp.com
5
   William A. Isaacson
6  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave. NW, Suite 800
7  Washington, D.C.  20015
   Telephone:  (202) 237-2727
8  Facsimile:   (202) 237-6131
   Email:  wisaacson@bsfllp.com
9
10 Philip J. Iovieno
   Anne M. Nardacci
11 BOIES, SCHILLER & FLEXNER LLP
   30 South Pearl Street, 11th Floor
12 Albany, NY 12207
   Telephone: (518) 434-0600
13 Facsimile: (518) 434-0665
   Email: piovieno@bsfllp.com
14 Email: anardacci@bsfllp.com
15
   *Liaison Counsel for the Direct Action Plaintiffs*
16
              **UNITED STATES DISTRICT COURT**
17          **NORTHERN DISTRICT OF CALIFORNIA**
                 **SAN FRANCISCO DIVISION**
18

| 19 | In re: Cathode Ray Tube (CRT) ANTITRUST LITIGATION | Master File No. 3:07-md-05944-SC |
|---|---|---|
| 20 | This Document Relates To: | MDL No. 1917 |
| 21 | | |
| 22 | DIRECT ACTION PLAINTIFF ACTIONS | **DIRECT ACTION PLAINTIFFS' RENEWED MOTION TO COMPEL** |
| 23 | | **DEFENDANTS TO PRODUCE THE EUROPEAN COMMISSION DECISION** |
| 24 | | |
| 25 | | Judge: Honorable Samuel Conti |
| 26 | | Court: Courtroom 1, 17th Floor Date:  October 24, 2014 |
| 27 | | Time:  10:00 a.m. |

28

1    **NOTICE OF MOTION AND MOTION**

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that the Direct Action Plaintiffs ("DAPs")[1] hereby move this

4    Court for an order compelling the production of a European Commission ("EC") decision

5    ("Decision") from Defendants Chunghwa Picture Tubes, Ltd., LG Electronics, Philips, Samsung

6    SDI, Toshiba Corp., Panasonic, and MTPD (collectively "Defendants").

7        This motion is based upon this Notice of Motion, the accompanying Memorandum of

8    Points and Authorities, accompanying exhibits, the Court's March 26, 2014 Order Denying

9    Motion to Compel ("Order" and "Exhibit 1") (ECF No. 2463), the complete files and records in

10   this action, and such other matters as the Court may consider.

11       **MEMORANDUM OF POINTS AND AUTHORITIES**

12   **I.     STATEMENT OF ISSUE**

13       Given the rapidly approaching March 2015 trial date and the Court's admonition that it

14   does not intend to move this trial date, whether the Court should now order the production of a

15   highly relevant decision authored by the European Commission, reflecting an investigation by

16   the EC into an illegal global conspiracy to fix the prices for cathode ray tubes (***the same***

17   ***conspiracy alleged by DAPs here***), given that:

18       (i) the EC indicated nearly two years ago that it would release a public version of
         the document, but has thus far failed to do so;
19

20       (ii) Despite Defendants' representation to the Court six months ago that
         publication prior to the end of fact discovery was likely, publication has not
21       occurred, and Defendants have given no indication as to when publication will
         occur; and
22

23   _____

[1] For purposes of this Renewed Motion, the DAPs include the following entities: ABC
24   Appliance, Inc. d/b/a ABC Warehouse; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy
     Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C., and Magnolia Hi-Fi,
25   LLC; Interbond Corporation of America, CompuCom Systems, Inc., Costco Wholesale Corp.,
     Dell Inc., and Dell Products L.P.; Electrograph Systems, Inc., and Electrograph Technologies
26   Corp.; MARTA Cooperative of America, Inc.; Office Depot, Inc.; P.C. Richard & Son Long
     Island Corp.; Schultze Agency Services LLC on behalf of Tweeter Opco, LLC, and Tweeter
27   Newco, LLC; Sears Roebuck and Co., and Kmart Corp.; Alfred H. Siegel, as Trustee of the
     Circuit City Stores, Inc. Liquidating Trust; Target Corp.; Tech Data Corp., and Tech Data
28   Product Management, Inc.; and ViewSonic Corporation.

1   (iii) the EC has made a partially redacted copy of the same Decision available in
2   another proceeding, *Vichi v. Koninklijke Philips Electronics, N.V.*, 85 A.3d 725,
    751 & n.180 (Del. Ch. 2014).

3   **II.   INTRODUCTION**

4       The DAPs request the same relief now that they requested from the Court six months

5   ago: that the Court order the production of the Decision, notwithstanding its confidentiality,

6   because of its indisputably high relevance to the very conspiracy alleged by the DAPs.   In

7   March, the Court denied the motion without prejudice.  Ex. 1.  While recognizing that the

8   conspiracy at issue in the Decision was the same conspiracy alleged in this action and that the

9   Decision was thus clearly relevant to the DAPs' claims, Ex. 1 at 5, the Court nonetheless held

10  that, because of Defendants' representation that the EC was likely to release a public version of

11  the Decision prior to the close of fact discovery on September 5, 2014, the interests of comity

12  made it premature to order production of the Decision.  However, after being advised that the

13  Decision's publication was dependent, in part, upon the efforts of Defendants, the Court advised

14  Defendants "to proceed apace with their collaboration in the EC's public version of the

15  Decision." Ex. 1 at 6.

16      Six months later—and nearly ***two years*** after stating that it was working towards a "quick

17  publication"—the EC has still not issued a public version of the Decision.  Moreover, despite

18  repeated requests to the Defendants to reveal when the Decision would be published, Defendants

19  as late as last week could provide no specific information as to the timing of the publication.  Ex.

20  2, Sept. 4, 2014 Ltr. from R. Brass to A. Nardacci.  Given the pendency of the March trial date

21  set by the Court, and that the fact discovery period is now over, the DAPs can wait no longer.

22  The DAPs are focused on preparing their cases for trial and further delay in the production of the

23  Decision by the EC will prejudice their attempts to do so.  As nearly two years have passed,

24  comity no longer trumps the interests of the Court in ensuring that this highly relevant document

25  is produced in time for it to be used in connection with the March 2015 trial.  For these reasons,

26  the DAPs respectfully request that the Court grant the DAPs' Renewed Motion to Compel

27  Defendants to Produce the European Commission Decision.

28

In the alternative, the DAPs ask the Court to request assistance from the EC to obtain the Decision, in the exact same fashion as another court in the United States successfully did in the recent *Vichi* case. There, in an action regarding debts allegedly owed to the plaintiff by Koninklijke Philips (one of the cartel members), the plaintiff had unsuccessfully attempted to obtain a copy of the Decision from Koninklijke Philips. *Vichi*, 85 A.3d at 751. Koninklijke Philips refused to produce the decision, asserting essentially identical arguments to those raised by Defendants in this case. The plaintiff then asked the Delaware Chancery Court to intercede and request "international assistance [of] the EC." *Id.* The court did so, and the EC subsequently provided a partially redacted copy of the Decision. *Id. Vichi* is therefore direct precedent supporting the ability of the Court to obtain the Decision directly from the EC, as the DAPs request.

### III. FACTUAL BACKGROUND

The Decision at the heart of this Renewed Motion to Compel was issued by the EC on December 5, 2012. EC decisions, like the one sought here, generally contain comprehensive recitation of facts that are determined through lengthy and thorough investigative and adjudicatory processes.[2]

Although the DAPs have received a four-page summary of the Decision, Ex. 4, this summary lacks the factual detail that the DAPs seek. It is the DAPs' understanding that the full Decision is the culmination of a massive investigation by the EC into the existence of the illegal global conspiracy to fix the prices for cathode ray tubes as alleged by the DAPs in this case. In the Decision, according to the summary, the EC details the factual basis for its finding that Defendants participated in long-running cathode display tube and cathode picture tube cartels. The EC found that the cartels "were among the most organised cartels that the Commission has investigated." Cartel members "fixed prices, allocated market shares and customers and

---

[2] For example, the EC also issued a decision regarding the LCD conspiracy, with which this Court is familiar. That decision was 119 pages and contained nearly forty pages of detailed factual description of the relevant conspiratorial contacts between competitors. *See generally* Ex. 3.

1   restricted output."  The conspiracy was "highly organized" and reached "the worldwide level."

2   The EC levied fines of over €1.47 billion against the conspirator companies.

3       While the Decision was confidential, the EC stated at the time the Decision was issued in

4   2012 that the EC and "the companies involved [were] in the process of establishing" a redacted

5   version of the Decision.[3]  Ex. 5.  The EC noted that it was "trying to settle this issue as soon as

6   possible with a view to a quick publication."  *Id.*

7       On March 12, 2010, the Direct Purchaser Plaintiffs ("DPPs") served Defendants with a

8   document request seeking "[a]ll Documents relating to, prepared for, submitted to, or received

9   from any foreign governmental or legislative investigative body, including … the European

10  Commission."  Ex. 6, Req. No. 34; *see also* Ex. 7, Req. No. 30 (served Jan. 30, 2014).

11  Defendants refused to produce the Decision or any other documents responsive to this request.

12  After conferrals with plaintiffs' counsel, *see, e.g.*, Ex. 8, July 29, 2013 Ltr. from R. Alexander

13  Saveri to M. Scarborough; Ex. 9, Sept. 20, 2013 Ltr. from P.  Iovieno to M. Scarborough, *et al.*,

14  Defendants continued to refuse to produce the Decision.  Ex. 10, Nov. 5, 2013 Ltr. from R. Brass

15  to P. Iovieno.

16      **IV.    PROCEDURAL BACKGROUND**

17      On January 31, 2014, the DAPs filed a motion with the Special Master, the Honorable

18  Vaughn R. Walker, seeking to compel the production of the Decision.  Ex. 11 (ECF No. 2446).

19  Defendants Chunghwa Picture Tubes, Ltd., LG Electronics, Philips, Samsung SDI, Toshiba

20  Corp., and MTPD Defendants responded on February 28, 2014.  Ex. 12 (ECF No. 2449).

21      On March 4, 2014, the DAPs submitted a Statement of Recent Decision regarding *Vichi*

22  *v. Koninklijke Philips Electronics*, N.V., 85 A.3d 725, 751 & n.180 (Del. Ch. 2014).  Ex. 13

23  (ECF No. 2448).  Defendants responded on March 12, 2014.  Ex. 14 (ECF No. 2452).  On March

24  17, 2014, the DAPs submitted a reply to the Court, which addressed Defendants' response to the

25  Statement of Decision.  Ex. 15.

26

27

28  [3] Of course, the DAPs note the inherent conflict of interest in permitting the release of a public
    version to be dependent upon the actions of the wrongdoers.

1    Judge Walker subsequently recommended that this Court withdraw its reference as to the

2    motion to compel.  The Court adopted that recommendation.

3    On March 26, 2014, this Court denied without prejudice the DAPs' motion to compel

4    production of the Decision, citing, among other things, Defendants' representation that they were

5    working with the EC to finalize a public version and that publication was "likely" before the

6    close of the fact discovery period.  Ex. 1 at 8.  Following the Court's Order, the DAPs

7    corresponded with Defendants to determine whether a public version of the Decision would be

8    forthcoming.  *See* Ex. 16, July 7, 2014 Ltr. from P. Iovieno to R. Brass; Ex. 17, Aug. 8, 2014 Ltr.

9    from P. Iovieno to R. Brass.  Defendants were unable to identify a date when the Decision will

10   be forthcoming.  *See* Ex. 18, July 21, 2014 Ltr. from R. Brass to P. Iovieno; Ex.19, Aug. 14,

11   2014 Ltr. from R. Brass to P. Iovieno; Ex. 2, Sept. 4, 2014 Ltr. from R. Brass to A. Nardacci.

12   **V.     ARGUMENT**

13   In reaching its original decision on this issue, the Court relied primarily on the following

14   five factors identified in *Société Nationale Industrielle Aérospatiale v. United States District*

15   *Court for the Southern District of Iowa*, 482 U.S. 522, 544 n.28 (1987) ("*Société Nationale*"):

16   (1) The importance to the … litigation of the documents or other information
     requested; (2) the degree of specificity of the request; (3) whether the information
17   originated in the United States; (4) the availability of alternative means of
     securing the information; and (5) the extent to which noncompliance with the
18   request would undermine important interests of the United States, or compliance
     with the request would undermine important interests of the state where the
19   information is located.

20   Ex. 1 at 3.

21   The Court found that the majority of the *Société Nationale* factors weighed in favor of

22   ordering the production of the Decision.  First, Defendants had conceded that the DPPs' request

23   was sufficiently specific to encompass the Decision.  Ex. 12 at 3 ("Defendants do not dispute the

24   specificity of the request.").  And, on consideration, the Court found that the DPPs' request

25   satisfied two of the remaining four factors: the Decision was important to the litigation because

26   of its spot-on relevance, Ex. 1 at 4-5; and, outside of the motion to compel, "there does not

27

28

1    appear to be an alternative means of accessing the Decision without contravening EU law and

2    policy." *Id.* at 6. These factors are unchanged and still weigh in favor of production.

3          Nonetheless, the Court found that at that time one of the *Société Nationale* factors,

4    comity, "outweigh[ed the need for] discovery in this instance." Ex. 1 at 7. This was so because,

5    as Defendants argued at that time, "[t]his is not a time-sensitive issue. Fact discovery does not

6    close for another six months … There is simply no reason for this Court to advance Plaintiffs'

7    interests over those of the EC." Ex. 12 at 4. That is no longer the case. Fact discovery has

8    closed, and the deadline for the filing of motions to compel is today, which means that there is

9    every reason to advance Plaintiffs' interest in redressing substantial injury by ordering

10   Defendants to produce the Decision now in time for it to be used connection with the upcoming

11   trial.

12         Comity, as this Court recognized, "is the recognition that one nation allows within its

13   territory to the legislative, executive, or judicial acts of another nation, having ***due regard both to***

14   ***international duty and convenience***, and to the rights of its own citizens or of other persons who

15   are under the protection of its laws." Ex. 1 at 3 (quoting *Société Nationale*, 482 U.S. at 544; *In*

16   *re Rubber Chems. Antitrust Litig.*, 486 F. Supp. 2d 1078, 1081 (N.D. Cal. 2007) (emphasis

17   added)). The Court, by denying the DAPs' initial motion to compel with approximately six

18   months of discovery remaining, showed "due regard to international duty and convenience" of

19   the European Union—and the EC's—laws and policies. Indeed, notwithstanding the fact that the

20   Decision concerns the formation and the duration of the ***same conspiracy*** at issue here, that it

21   concerns the geographic reach of the ***same conspiracy*** at issue here, that it concerns the price-

22   fixing activities of the ***same conspiracy*** at issue here, and that it concerns the ***same defendants'***

23   attempts to conceal the ***same conspiracy*** at issue here, the Court deferred to the EU's and EC's

24   convenience and interest in privacy.

25         But comity, which the Supreme Court noted in *Société Nationale* refers to the "spirit of

26   cooperation," is a two-way street. It is undisputed that the EC had notice both of this Court's

27   decision, and of this proceeding's deadlines, including the March 2015 trial date. *See, e.g.*, Ex.

28   18, July 21, 2014 Ltr. from R. Brass to P. Iovieno (stating that Defendants had "provided the EC

1    with courtesy copies of all the parties' briefing on this issue … and notified them of [Plaintiffs']

2    most recent correspondence."); Ex. 2, Sept. 4, 2014 Ltr. from R. Brass to A. Nardacci. Yet,

3    despite the Court affording the EC an additional six months on top of over nearly one-and-a-half

4    years to release a public version of the Decision, it has not done so.

5         Ordering production of this highly relevant Decision now is further supported by the fact

6    that the Court recognized that the EC was working with Defendants to issue a public version of

7    the Decision and admonished Defendants to assist with that issuance before the close of fact

8    discovery. For example, the Court noted that "the speedy development of a public version of the

9    Decision is highly important," Ex. 1 at 6, and stated that "Defendants are encouraged to proceed

10   apace with their collaboration in the EC's public version of the Decision," *id.* at 6, and also that

11   Defendants are "advised to assist in that task," *id.* at 8. As noted above, even the fact that

12   Defendants are involved in determining when the public version of the Decision is issued raises a

13   conflict of interest, where any delay in the issuance of the Decision continues to prevent the

14   DAPs from obtaining it in time for its use at trial. While the DAPs conferred with Defendants on

15   numerous occasions in an attempt to obtain a date certain regarding the issuance of the public

16   version of the Decision—*see* Ex. 16, July 7, 2014 Ltr. from P. Iovieno to R. Brass; Ex. 17, Aug.

17   8, 2014 Ltr. from P. Iovieno to R. Brass—those efforts have proven utterly unsuccessful. Ex. 18,

18   July 21, 2014 Ltr. from R. Brass to P. Iovieno; Ex.19, Aug. 14, 2014 Ltr. from R. Brass to P.

19   Iovieno; Ex. 2, Sept. 4, 2014 Ltr. from R. Brass to A. Nardacci. Simply put, Defendants cannot

20   provide any specific information whatsoever regarding when the public version of the Decision

21   will be released. *Id.*

22        Finally, concerns over the Decision's confidentiality should not prohibit the Court from

23   granting the DAPs' Renewed Motion to Compel. On June 18, 2008, this Court issued a

24   protective order in this case that safeguards highly confidential information. Ex. 20 (ECF No.

25   306.) Thereunder, once information is designated as highly confidential, it can only be used in

26   "prosecuting, defending, or attempting to settle this action." *Id.* at § 7.1. It cannot be disclosed

27   in a way other than that specified by the protective order. *Id.* The DAPs would not challenge

28   any designation of the Decision as highly confidential. The protective order therefore resolves

1   any concerns the EC may have over the confidentiality of the Decision, particularly given that

2   the Decision includes every Defendant to this action.

3          The DAPs thus believe the interests of comity are now outweighed by the DAPs' interest

4   in redressing harm caused by Defendants' conspiracy.  If this Court were to decline to compel

5   production of the Decision, though, the DAPs would ask the Court to take the same action as the

6   *Vichi* court.   There, in determining the liability of Koninklijke Philips for the debts of a

7   subsidiary, the court addressed the plaintiff's efforts at obtaining the same Decision at issue here.

8   The plaintiff had been unable to do so on his own for the same reason that the DAPs cannot

9   obtain it: the "actual decision is confidential and has not been made available to the public."  85

10  A.3d at 751.  At the plaintiff's request, "th[e] court [] made a request for international assistance

11  to the EC."  *Id.*  "In response, the EC made available a partially redacted copy of Section 6 of the

12  EC's [D]ecision."[4]   So too here, as the DAPs presume the EC would honor a similar request

13  from this Court, if the Court deemed it appropriate.[5]

14         **VI.   CONCLUSION**

15         The DAPs respectfully request that this Court order Defendants to produce the December

16  5, 2012 Decision of the European Commission regarding the illegal global conspiracy to fix

17  prices for cathode ray tubes.  Alternatively, the DAPs ask this Court to request international

18  assistance from the European Commission to obtain a copy of the Decision, as was done by the

19  *Vichi* court.

20

21

22

23

---

24  [4] That copy showed that "the EC held Philips N.V. liable for its involvement in both the CPT and
    CDT price fixing cartels," *id.*, and made numerous other references to the factual underpinnings

25  of the CRT conspiracy. *Id.*  Even the limited references to these factual findings in *Vichi* further

26  demonstrate the importance to the DAPs of obtaining the Decision here.

    [5] Of course, there is no need for the EC to redact any portion of the Decision here, as unlike the

27  *Vichi* case—where Koninklijke Philips was the only cartel member who was a party to the case
    and whose liability was thus at issue—all defendants implicated by the Decision are parties in

28  this action.

Dated:  September 12, 2014

/s/ *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
Email:  ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC and Tech Data Corporation and Tech Data Product Management, Inc.*

s/ *Scott N. Wagner*

Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG MAENA PRICE &
AXELROD  LLP

1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel:    305-374-7580
Fax:   305-374-7593
Email:  rturken@bilzin.com
          swagner@bilzin.com
          mwidom@bilzin.com

*Counsel for Plaintiffs Tech Data
Corporation and Tech Data Product
Management, Inc.*

/s/ *Cori G. Moore*

David J. Burman (pro hac vice)
Cori G. Moore (pro hac vice)
Eric J. Weiss (pro hac vice)
Nicholas H. Hesterberg (pro hac vice)
Steven D. Merriman (pro hac vice)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  (206)359-8000
Facsimile:   (206)359-9000
Email:  DBurman@perkinscoie.com
CGMoore@perkinsncoie.com
EWeiss@perkinscoie.com
NHesterberg@perkinscoie.com
SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone:  (415)344-7120
Facsimile:   (415)344-7320
Email:  JBass@perkinscoie.com

*Counsel for Plaintiff Costco Wholesale
Corporation*

/s/ *David Martinez*

Roman M. Silberfeld
David Martinez
Jill S. Casselman
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.

DIRECT ACTION PLAINTIFFS' RENEWED MOTION
TO COMPEL DEFENDANTS TO PRODUCE
THE EUROPEAN COMMISSION DECISION

10

Master File No. 3:07-md-05944-SC

2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:  (310) 229-5800
Email:  rmsilberfeld@rkmc.com
dmartinez@rkmc.com
jscasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone:  (612) 349-8500
Facsimile:  (612) 339-4181
Email:  eskaplan@rkmc.com
kcwildfang@rkmc.com
lenelson@rkmc.com

*Counsel For Plaintiffs Best Buy Co., Inc.,
Best Buy Purchasing LLC, Best Buy
Enterprise Services, Inc., Best Buy Stores,
L.P., Bestbuy.com, L.L.C., and Magnolia Hi-
Fi, Inc.*

/s/  *Michael P. Kenny*

Michael P. Kenny
Debra D. Bernstein
Matthew D. Kent
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone:  (404)-881-7000
Facsimile:  (404)-881-7777
Email:  mike.kenny@alston.com
debra.bernstein@alston.com
matthew.kent@alston.com

James M. Wagstaffe, Esq. (SBN 95535)
KERR & SAGSTAFFE LLP
100 Spear Street, 18th Floor
San Francisco, California 94105-1576
Telephone:  (415)-371-8500
Facsimile:  (415)371-0500

Email: wagstaffe@kerrwagstaffe.com

*Counsel For Plaintiffs Dell Inc. and Dell Products L.P.*

/s/ William J. Blechman

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel:    305-373-1000
Fax:    305-372-1861
Email:  rarnold@knpa.com
        wblechman@knpa.com
        kmurray@knpa.com

*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

/s/ Kenneth S. Marks

H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
Email: lgodfrey@sumangodfrey.com
kmarks@susmangodfrey.com
jross@susmangodfrey.com
jcarter@susmangodfrey.com
dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883

1

Email: pfolse@susmangodfrey.com
rblack@susmangodfrey.com

2

jconnors@susmangodfrey.com

3

*Counsel for Plaintiff Alfred H. Siegel, as*
*Trustee of the Circuit City Stores, Inc.*

4

*Liquidating Trust*

5

/s/ *Jason C. Murray*

6

Jason C. Murray (CA Bar No. 169806)

7

CROWELL & MORING LLP
515 South Flower St., 40th Floor

8

Los Angeles, CA 90071
Telephone: 213-443-5582

9

Facsimile: 213-622-2690

10

Email: jmurray@crowell.com

11

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)

12

CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.

13

Washington, D.C. 20004

14

Telephone: 202-624-2500
Facsimile: 202-628-5116

15

E-mail: jmurphy@crowell.com
              aheaven@crowell.com

16

17

*Counsel for Target Corp. and ViewSonic*
*Corp.*

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 11

1  GIBSON, DUNN & CRUTCHER LLP
   JOEL S. SANDERS, SBN 107234
2  jsanders@gibsondunn.com
   RACHEL S. BRASS, SBN 219301
3  rbrass@gibsondunn.com
   AUSTIN SCHWING, SBN 211696
4  aschwing@gibsondunn.com
   555 Mission Street, Suite 3000
5  San Francisco, CA 94105
   Telephone: (415) 393-8200
6  Facsimile: (415) 986-5309

7  Attorneys for Defendant
   CHUNGHWA PICTURE TUBES, LTD.

8  [Additional counsel listed in signature blocks]

9

10                    UNITED STATES DISTRICT COURT

11       NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

12

13

14  In re: Cathode Ray Tube (CRT) ANTITRUST        Master File No. 3:07-md-05944-SC
    LITIGATION
                                                   MDL No. 1917
15  ─────────────────────────────────

16  This Document Relates To:

    DIRECT ACTION PLAINTIFF ACTIONS               **DEFENDANTS' OPPOSITION TO DIRECT
17                                                 ACTION PLAINTIFFS' RENEWED
                                                   MOTION TO COMPEL DEFENDANTS TO
18                                                 PRODUCE THE EUROPEAN
                                                   COMMISSION DECISION**

19                                                 Date: October 24, 2014

20                                                 Time: 9:00 a.m.

21                                                 Place: Courtroom 1, 17th Floor

22                                                 Hon. Samuel Conti

23

24

25

26

27

28

─────────────────────────────────────────────────────────
**DEFENDANTS' OPPOSITION TO DIRECT ACTION PLAINTIFFS' RENEWED MOTION TO COMPEL DEFENDANTS TO
PRODUCE THE EUROPEAN COMMISSION DECISION**

**INTRODUCTION**

This Court has previously denied Plaintiffs' request for the exact document they now seek and there is no reason to change that ruling.  On March 26, 2014, the Court denied Plaintiffs' motion to compel production of the confidential European Commission ("EC") decision relating to the EC's investigations regarding color display tubes ("CDT") and color picture tubes ("CPT") (collectively, cathode ray tubes) (the "Prior Order").  While Plaintiffs have filed a renewed motion seeking the decision, they provide no reason for the Court to depart from its prior ruling.

Plaintiffs make their renewed request *solely* on the basis that the EC has not yet published a public version of the decision—a possibility that the Court already took into account in its Prior Order.  Plaintiffs mistakenly latch on to statements this Court made "encourag[ing]" Defendants to assist the EC in its finalization of a public decision and in so doing, misapprehend the clearly-articulated basis for the Court's ruling.  Order at 8.  Plaintiffs suggest that the Court somehow conditioned or premised its Prior Order on a public decision becoming available before the close of fact discovery.  *Id.* at 6.  That is wrong.  Rather, the Court based its decision on the EC's stated interest in confidentiality as necessary to the effective operation of its leniency program, holding that international comity "outweighs the benefit the DAPs might receive in obtaining the Decision."  *Id.* at 8.

International comity concerns still mandate against disclosure.  Defendants understand that the EC is diligently working towards finalizing a public decision, and that the EC continues to oppose disclosure of the confidential decision because it would harm the European Union's ("EU") competition law enforcement regimes and policy interests.  Brass Decl. ¶ 4; ECF Dkt. 2449, Ex. D (February 11, 2014 letter from EC opposing disclosure).  Comity is more than "mere courtesy and good will," and courts should "take care to demonstrate due respect for . . . any sovereign interest expressed by a foreign state."  *Société Nat'l Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 544 n.27, 546 (1987).  "Comity should be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect."  *Somportex Ltd. v. Phila. Chewing Gum Corp.*, 453 F.2d 435, 440 (3d Cir. 1971).  There is no such basis here.

1

1   Plaintiffs provide no evidence beyond their speculation (Mot. at 1) that Defendants are not

2   complying with the Court's order and working with the EC towards a final decision. On the contrary,

3   Defendants have heeded the Court's instruction to assist the EC in its task; they have also kept the EC

4   informed of these proceedings and deadlines as this Court suggested. Brass Decl. ¶¶ 3, 6. It is not

5   unreasonable that the EC requires time to finalize a public decision. The EC decision stems from a

6   multilayered regulatory regime with extensive policies and detailed checks and balances governing

7   the process for release of public decisions. That Defendants have no control over the EC's process,

8   and the fact that the U.S. litigation is moving along a different timeline than that process provides no

9   basis to override the EC's stated interests.

10   Defendants understand that the EC intends to deliver imminently a formal statement of its

11   views on this issue to the Department of Justice. *Id.* ¶ 5. This statement is expected to be provided

12   to the Court in the coming days. *Id.* Defendants respectfully request that the Court defer a ruling

13   until the EC has had time to deliver that statement, and to seek further briefing from the parties in

14   reference to it, if that is of help to the Court.

15   For the reasons set forth in this opposition and those stated in the Prior Order, Plaintiffs'

16   motion to compel should be denied.

17   **BACKGROUND**

18   On January 31, 2014, Plaintiffs filed their first motion to compel production of the

19   confidential decision. ECF Dkt. 2447. Defendants opposed the motion on the grounds that requiring

20   production would violate well-established principles of international comity, and place Defendants in

21   the untenable position of acting contrary to express instructions of the EC in order to comply with an

22   order of this Court. ECF Dkt. 2449. In its opposition, Defendants further explained that the EC was

23   in the process of preparing the public version, and that Plaintiffs would have access to that version

24   once the EC completed that process. *Id.*

25   In a letter dated February 11, 2014 submitted by Defendants to the Court, Eric van

26   Ginderachter, Director of the EC's Directorate General for Competition, expressly objected to

27   disclosure of the decision, including to Plaintiffs. ECF Dkt. 2449, Ex. D. Disclosure would

28

2

1   undermine the EC's competition law enforcement, and in particular, its leniency program. *Id.* The

2   EC also reiterated that it would strongly object to the disclosure of the confidential decision. *Id.*

3          On March 26, 2014, the Court declined to require disclosure of the decision based on the EC's

4   stated interest in confidentiality and principles of international comity. The Court held that the EC's

5   interest "outweighs the benefit the DAPs might receive in obtaining the Decision." Order at 8; *see*

6   *also id.* at 6 ("the EU's interests override the need for production in this case"). The Court did not

7   condition its decision on the availability of a public version, but did "encourage[] [Defendants] to

8   proceed apace with their collaboration in the EC's public version of the Decision." *Id.* at 6.[1]

9          Defendants immediately provided a copy of this Court's order to the EC and also provided the

10  EC with the discovery and trial deadlines in this case. Brass Decl. ¶ 3. Since then each of the

11  Defendants named in the EC decision has engaged with the EC regarding confidentiality and other

12  issues that are prerequisites to finalizing a public decision. *Id.* ¶ 6. In addition, there are recipients of

13  the decision who are not Defendants in this case, and the EC is also working with those companies on

14  these same issues. *Id.* Finally, the EC maintains the position that any disclosure of the confidential

15  decision would contravene the EC's rules and stated policy on this issue. *Id.* ¶ 4. In other words, by

16  producing a copy of the EC's decision, the Defendants named in that decision would directly

17  contravene the EC's position.

18         Defendants have kept Plaintiffs informed of their efforts to assist the EC and the status of the

19  public decision, but are understandably unable to provide a date certain for publishing of the public

20  decision. *See* Mot., Exs. 2 &18. While those efforts are by EC requirements themselves confidential,

21  it is generally understood that many of the entities named by the EC in its decision have resolved

22  those issues, and the EC is working with others in good faith towards a similar end. Brass Decl. ¶ 6.

23  However, finalization of the decision is, simply put, a matter outside of Defendants' control.

24

25

26  _____

27  [1] The Court did not, as Plaintiffs state in their motion, "admonish[] Defendants" to assist the EC in
    finalizing a public decision. Mot. at 7; *see* Order at 8 ("[Defendants] are *advised* to assist in that

28  task.") (emphasis added).

3

# ARGUMENT

## I. The Court Should Deny Plaintiffs' Request For The Confidential Decision

That the EC is still finalizing its public decision does not change the fact that principles of international comity strongly outweigh Plaintiffs' need for a document that is irrelevant, inadmissible, and cumulative to the evidence otherwise developed through discovery.

In the Prior Order, this Court applied the five-factor test set forth in *Aérospatiale* for analyzing requests for foreign materials:

> (1) the importance to the . . . litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Aérospatiale*, 482 U.S. at 544 n.28. Balancing these factors, the court held that "comity outweighs discovery" of the decision. Order at 7. The Court should reach the same result again here.[2]

### A. The Decision Is Not Important To The Litigation

Plaintiffs overstate the Court's earlier findings regarding this factor. In the Prior Order, the Court found that this factor weighed in favor of disclosure because the decision "could include relevant facts." *Id.* at 5. Contrary to Plaintiffs' motion, the Court did not find that the decision "was important to the litigation because of its spot-on relevance," nor did the Court "recogniz[e] that the conspiracy at issue in the Decision was the same conspiracy alleged in this action." Mot. at 2, 5. Those statements contradict even those portions of the EC's Summary of Decision quoted in Plaintiffs' motion. *See id.* at 3-4.

No matter how many times plaintiffs italicize the word "same" in their filings with this Court, publicly available information confirms that the EC's decision and this case do not involve the "same conspiracy." The EC investigation and decision relate to EU—not U.S.—law. *See* Mot., Ex. 4, ¶ 1 (Summary of Decision). As this Court acknowledged, "[a]pplicable law would clearly be different in

---

[2] Defendants do not dispute the specificity of the request or that alternative means of accessing the decision are not presently available.

4

1    a foreign jurisdiction." Order at 5. And while plaintiffs here expressly plead a single cathode ray

2    tube conspiracy affecting all kinds of tubes, the EC's Summary of Decision states that the EC

3    investigation related to distinct CDT and CPT conduct. Mot. at 3 ("[A]ccording to the summary, . . .

4    Defendants participated in long-running cathode display tube and cathode picture tube cartels . . . .");

5    *compare*, *e.g.*, Best Buy First Am. Compl. ¶¶ 2, 242 *with* Mot., Ex. 4, ¶¶ 1, 3. And, the Summary of

6    Decision emphasizes that the EC focused on conduct that allegedly had anticompetitive effects on the

7    sale of CPTs and CDTs in Europe, not the U.S. *See* Mot., Ex. 4, ¶¶ 17-18; *In re Dynamic Random*

8    *Access Memory Antitrust Litig.*, 546 F.3d 981 (9th Cir. 2008) (plaintiffs' foreign injury claim based

9    on overseas purchases was barred by the FTAIA); *Motorola Mobility, Inc. v. AU Optronics Corp.*,

10   No. 09-c-6610, Dkt. No. 182 (N.D. Ill. Jan. 23, 2014) (same).

11           Defendants respectfully submit that even if the decision might contain some facts that overlap

12   with those related to the Plaintiffs' claims, there is no reason to believe that over four years of

13   discovery in this case has not brought them out here. Plaintiffs do not explain why they cannot obtain

14   the facts underlying the decision through already produced documents or depositions. The possibility

15   that the decision will reveal any relevant information beyond the extensive discovery conducted and

16   contemplated in this case is slim and "pales in comparison to the likely damage that mandating

17   disclosure could do to the enforcement regime[] of . . . Europe." *In re TFT-LCD Antitrust Litig.*, 07-

18   md-1827-SI, ECF Dkt. 2686, slip op. at 11(N.D. Cal. Apr. 26, 2011).

19           Indeed, since the Prior Order, Plaintiffs have received more documents and taken more

20   depositions. Brass Decl. ¶ 8. In total, Defendants and alleged co-conspirators have collectively

21   produced well over 5 million pages of documents created contemporaneously to the alleged

22   conspiracy. *Id.* ¶ 9. Plaintiffs have taken 154 days of deposition testimony from 80 fact witnesses,

23   utilizing, to date, over 1,500 exhibits. *Id.* ¶ 10. The depositions of 10 additional percipient witnesses

24   have been noticed or are in the process of being scheduled. *Id.* ¶ 11. In addition, Plaintiffs have

25   access to a wide variety of materials from other foreign government entities. For example, Plaintiffs

26   already possess or have access to the public, final decisions of the Korea Fair Trade Commission,

27   Anti-Monopoly Office of the Slovak Republic, Hungarian Competition Authority, and Office for the

28   Protection of Competition of the Czech Republic in connection with their CPT and CDT

5

1    investigations.[3]  As with the EC decision, these decisions are not important to the litigation and do

2    not involve the "same conspiracy" as this case; in any event, Plaintiffs have access to them and any

3    mention of any facts which may overlap with those related to their claims.

4          Where the outcome of litigation "does not stand or fall on the present discovery order, or

5    where the evidence sought is cumulative of existing evidence," or not "directly relevant," courts are

6    generally unwilling to require disclosure in the face of comity objections.  *Richmark Corp. v. Timber*

7    *Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992); *see also In re Rubber Chems. Antitrust*

8    *Litig.*, 486 F. Supp. 2d 1078, 1082 (N.D. Cal. 2007) (where documents are noncritical or cumulative,

9    "courts are less inclined to ignore a foreign state's concerns").  The decision is not important to this

10   litigation and weighs against production here.

11         **B.     The Decision Originated In The EU**

12         As the Court held in its Prior Order, this factor weighs against disclosure.  Plaintiffs do not

13   dispute that the decision was prepared by the EC and originated in the EU, not the U.S.  Order at 5.

14   Further, Defendants have not released the decision in other litigation, and have continually complied

15   with the EC's view of their obligations with respect to confidentiality.  *Id.*; Brass Decl. ¶ 7.

16         **C.     Requiring Disclosure Of The Confidential Decision Would Harm Important
                    Interests Of The EU**

17

18         As the Court held in its Prior Order, this factor weighs against disclosure because the EC's

19   interest "outweighs the benefit the DAPs might receive in obtaining the Decision."  Order at 8.  This

20   balance of the relative interests of the EU and U.S. is the most significant factor in determining

21   whether to require disclosure of foreign materials.  *Richmark*, 959 F.2d at 1476.  There is no change

22   in circumstances that justifies the Court revisiting its prior determination on this dispositive factor.

23         In the Prior Order, the Court found that "comity outweighs discovery" for several reasons.

24   European law prohibits the EC from "disclosing information acquired or exchanged pursuant to the

25   EU's competition laws" and "also potentially subjects parties who disclose such confidential

26

27   _____

     [3]  The EC decision is also unlikely to be admissible at trial because it is irrelevant, unduly
          prejudicial, confusing, misleading, and hearsay, Fed. R. Evid. 401, 402, 403 & 801, making
28        discovery here even less pressing.

                                                    6

1    information to official sanctions." Order at 7 (citing EU law). Also, the EC submitted a letter

2    opposing the disclosure of the decision because it would undermine the EC's competition law

3    enforcement, and in particular, its leniency program. *Id.* at 7-8. The Court further found that the EC

4    depends on cooperation from U.S. law enforcement agencies, including the Department of Justice, in

5    its enforcement work against cartels, and that the cooperation of the U.S. and EU agencies is an

6    aspect of comity. *Id.* at 8 (citing *In re Rubber Chems.*, 486 F. Supp. 2d at 1084). Conversely,

7    cooperation with an effective EC is important for the continued success of the U.S. enforcement

8    regime.

9          Plaintiffs' renewed motion does not dispute any of these conclusions. Plaintiffs cannot deny

10   that the EC has a strong interest in confidentiality. *Richmark*, 959 F.2d at 1476 (the Court should

11   consider "expressions of interest by the foreign state" and "indications of the foreign state's concern

12   for confidentiality prior to the controversy").[4] Nor can Plaintiffs dispute that production of the

13   decision would violate EU law—they simply argue that it is okay to violate laws where it is the

14   Plaintiffs that are inconvenienced by them. This, at end, is Plaintiffs' only argument for why comity

15   no longer outweighs the need for discovery. Mot. at 6. That the EC has not yet published a public

16   decision despite awareness of these proceedings is not good reason to disregard the EC's multifaceted

17   and well-considered interest in confidentiality, and indeed is disingenuous, as the EC is actively

18   working to secure publication as soon as possible.

19

20   _____

21   [4] The EC has long made clear that the promise of confidentiality is at the core of its leniency
     program and critical to its viability and success. As the EC explained to the Antitrust

22   Modernization Commission, parties "which voluntarily cooperate with the Commission in
     revealing cartels cannot be put in a worse position in respect of civil claims than other cartel

23   members which refuse cooperation." ECF Dkt. 2449, Ex. E; *see also id.*, Ex. F (Commission
     Staff Working Paper accompanying the Communication from the Commission to the European

24   Parliament and Council in 2009). In addition, the Court of Justice has also acknowledged the
     existence of a general presumption that the disclosure of confidential documents undermines both

25   the objectives of investigation activities and that of the commercial interests of the undertakings
     involved in those proceedings. *See EC v. EnBW Energie Baden-Württemberg AG*, Case C-365/12

26   P (Feb. 27, 2014), ¶¶ 65-69 (ECF Dkt. 2449, Ex. G); *EC v. Editions Odile Jacob SAS*, Case C-
     404/10 (June 28, 2012), ¶ 123 (ECF Dkt. 2449, Ex. H); *EC v. Technische Glaswerke Ilmenau*

27   *GmbH*, Case C-139/07 (June 29, 2010), ¶ 61 (ECF Dkt. 2449, Ex. I). Plaintiffs' motion offered
     no case law in support of their arguments. If Plaintiffs raise new authority in a reply brief,

28   Defendants should be allowed to submit a sur-reply.

**DEFENDANTS' OPPOSITION TO DIRECT ACTION PLAINTIFFS' RENEWED MOTION TO COMPEL DEFENDANTS TO
PRODUCE THE EUROPEAN COMMISSION DECISION**

1    Courts undertaking a comity analysis have consistently found the EU's confidentiality interest

2    outweighed the need for discovery. *See In re TFT-LCD Antitrust Litig.*, 07-md-1827-SI, ECF Dkt.

3    No. 2686, slip op. at 11 (N.D. Cal. Apr. 26, 2011) (denying motion to compel communications

4    submitted to or received from the EC); *In re Rubber Chems.*, 486 F. Supp. 2d at 1084 (denying

5    motion to compel production of communications with the EC); *In re Methionine Antitrust Litig.*,

6    MDL No. 00-1311 CRB (JCS) (N.D. Cal. July 29, 2002) (adopting Special Master's report denying

7    motion to compel unredacted written submissions made to the EC) (ECF Dkt. 2449, Exs. A & B); *see*

8    *also In re Air Cargo Shipping Servs. Antitrust Litig.*, 06-md-1775-JG-VVP (E.D.N.Y. Dec. 19,

9    2011), Dkt. No. 1625 (denying motion to compel confidential EC decision) (ECF Dkt. 2449, Ex. C);

10   *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, No. 05-MD-1720, 2010

11   WL 3420517, at *10 (E.D.N.Y. Aug. 27, 2010) (denying motion to compel EC's Statement of

12   Objections and oral hearing recording). There is no reason for a different result here.[5]

13   Ordering disclosure of the EC's confidential decision would compel Defendants to violate EU

14   directives and directly undermine the EC's enforcement practice. Given that the EC has confirmed

15   that it is still in the process of preparing a public decision, there is simply no reason to disregard its

16   concerns set out in its letter. Brass Decl. ¶ 4.

17   **II.    The Procedure Adopted by the Delaware Court In *Vichi* Is Inappropriate In This Case**

18   The Court should deny Plaintiffs' request in the alternative for the Court to make a request for

19   international assistance to the EC for the decision, as the court did in *Vichi v. Koninklijke Philips*

20   *Electronics, N.V.*, 85 A.3d 725 (Del. Ch. 2014). Mot. at 3, 8. The EC has already sent a letter to

21   Defendants in this case expressly opposing disclosure of its confidential decision, including to

22   Plaintiffs. Thus, it is highly unlikely that the EC would agree to the request. In addition, in stark

23   contrast to the current case, the EC decision and EU law were directly relevant to U.S. liability issues

24   in the Delaware litigation. Specifically, at issue in *Vichi* was whether the EC decision had a collateral

_____

26   [5] The Court of Justice of the EU has itself endorsed the position of the EC with regard to EU
     Member States. In *Kingdom of The Netherlands v. EC*, Case T-380/08 (Sept. 13, 2013), ¶ 42, the
27   court rejected a request by The Netherlands (in its role as a damages claimant) for access to the
     confidential EC *Bitumen* decision, finding that the Netherlands's interest in information to
28   understand the EC's rationale did not outweigh the EC's confidentiality interest.

estoppel effect under EU law with respect to plaintiff's claim of fraud, rendering the production of the decision to the U.S. court appropriate and necessary. *Vichi*, 85 A.3d at 778-84. Further, the EC only authorized the *Vichi* parties to produce to the court a narrowly redacted portion of the specific section of the EC decision that was directly relevant to the collateral estoppel issue; it did not authorize production of the decision in its entirety. Thus, there is no reason the Court should adopt the approach in *Vichi*.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' request for the confidential EC decision.

Dated: September 26, 2014

By:     */s/ Rachel S. Brass*

Rachel S. Brass (SBN 219301)
Joel S. Sanders (SBN 107234)
Austin V. Schwing (SBN 211696)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
jsanders@gibsondunn.com
rbrass@gibsondunn.com
aschwing@gibsondunn.com

*Attorneys for Defendant Chunghwa Picture Tubes, Ltd.*

DATED: September 26, 2014

By:     */s/ Hojoon Hwang*

Hojoon Hwang (SBN 184950)
William D. Temko (SBN 98858)
Laura K. Lin (SBN 281542)
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
hojoon.hwang@mto.com
william.temko@mto.com

9

**DEFENDANTS' OPPOSITION TO DIRECT ACTION PLAINTIFFS' RENEWED MOTION TO COMPEL DEFENDANTS TO PRODUCE THE EUROPEAN COMMISSION DECISION**

laura.lin@mto.com

*Attorneys for Defendant LG Electronics, Inc. and LG Electronics U.S.A., Inc.*

DATED: September 26, 2014

By: ___*/s/ Michael Scarborough*___

Gary L. Halling (SBN 66087)
James L. McGinnis (SBN 95788)
Michael Scarborough (SBN 203524)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
ghalling@sheppardmullin.com
jmcginnis@sheppardmullin.com
mscarborough@sheppardmullin.com

*Attorneys for Defendants Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd.*

Dated: September 26, 2014

By: ___*/s/ Dana E. Foster*___

Christopher M. Curran (*pro hac vice*)
Lucius B. Lau (*pro hac vice*)
Dana E. Foster (*pro hac vice*)
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355
ccurran@whitecase.com
alau@whitecase.com
defoster@whitecase.com

*Counsel to Defendant Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic Components, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C.*

Dated: September 26, 2014

By: ___*/s/ John M. Taladay*___

John M. Taladay
Joseph Ostoyich

10

1
2  Erik Koons
   Charles M. Malaise
   BAKER BOTTS L.L.P.
3  Washington, D.C. 20004-2400
   Telephone: (202) 639-7700
   Facsimile: (202) 639-7890
4  Email: john.taladay@bakerbotts.com
   joseph.ostoyich@bakerbotts.com
5  erik.koons@bakerbotts.com
   charles.malaise@bakerbotts.com
6
   *Attorneys For Defendants Koninklijke Philips N.V. and*
7  *Philips Electronics North America Corporation*

8  Dated:  September 26, 2014

   By:  ___/s/ Jeffrey L. Kessler_____
9
   Jeffrey L. Kessler (*pro hac vice*)
10 A. Paul Victor (*pro hac vice*)
   Aldo A. Badini (257086)
11 Eva W. Cole (*pro hac vice*)
   Molly M. Donovan (*pro hac vice*)
12 WINSTON & STRAWN LLP
   200 Park Avenue
13 New York, New York 10166-4193
   Telephone: (212) 294-6700
14 Facsimile: (212) 294-4700
   Email: jkessler@winston.com
15 pvictor@winston.com
   abadini@winston.com
16 ewcole@winston.com
   mmdonovan@winston.com
17
   STEVEN A. REISS (*pro hac vice*)
18 DAVID L. YOHAI (*pro hac vice*)
   ADAM C. HEMLOCK (*pro hac vice*)
19 WEIL, GOTSHAL & MANGES LLP
   767 Fifth Avenue
20 New York, New York 10153-0119
   Telephone:  (212) 310-8000
21 Facsimile:  (212) 310-8007
   Email: steven.reiss@weil.com
22 david.yohai@weil.com
   adam.hemlock@weil.com
23
   BAMBO OBARO (267683)
24 WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
25 Redwood Shores, California 94065-1175
   Telephone: (650) 802-3000
26 Facsimile: (650) 802-3100
   Email: bambo.obaro@weil.com
27
   *Attorneys for Defendants Panasonic Corporation of*
28 *North America, MT Picture Display Co., Ltd., and*

---
11

1        *Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

2

3                        **SIGNATURE ATTESTATION**

4        The filer attests that concurrence in the filing of this document has been obtained from each of

5 the above signatories.

6

7

8 101680950.7.DOC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' OPPOSITION TO DIRECT ACTION PLAINTIFFS' RENEWED MOTION TO COMPEL DEFENDANTS TO PRODUCE THE EUROPEAN COMMISSION DECISION**

# EXHIBIT 12

1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   GARY L. HALLING, Cal. Bar No. 66087
3  JAMES L. McGINNIS, Cal. Bar No. 95788
   MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4106
5  Telephone:    415-434-9100
   Facsimile:     415-434-3947
6  E-mail:        ghalling@sheppardmullin.com
                  jmcginnis@sheppardmullin.com
7                 mscarborough@sheppardmullin.com

8  LEO D. CASERIA, Cal. Bar No. 240323
   333 South Hope Street, 43rd Floor
9  Los Angeles, California 90071-1448
   Telephone:    213-620-1780
10 Facsimile:     213-620-1398
   E-mail:        lcaseria@sheppardmullin.com

11
   Attorneys for Defendants
12 SAMSUNG SDI AMERICA, INC.,
   SAMSUNG SDI CO., LTD.,
13 SAMSUNG SDI (MALAYSIA) SDN. BHD.,
   SAMSUNG SDI MEXICO S.A. DE C.V.,
14 SAMSUNG SDI BRASIL LTDA.,
   SHENZEN SAMSUNG SDI CO., LTD. and
15 TIANJIN SAMSUNG SDI CO., LTD.

16

17                 UNITED STATES DISTRICT COURT

18               NORTHERN DISTRICT OF CALIFORNIA

19                    SAN FRANCISCO DIVISION

20

| 21  In re: CATHODE RAY TUBE (CRT) | Case No. 07-5944 SC |
| ANTITRUST LITIGATION | |
| 22 | MDL No. 1917 |
| 23 _____ | **STIPULATION AND [~~PROPOSED~~]** |
| | **ORDER REGARDING DISCOVERY TO** |
| 24  This Document Relates to: | **OCCUR AFTER SEPTEMBER 5, 2014** |
| 25  TECH DATA ACTION | |
| Individual Case No. 13-CV-00157 SI | |
| 26 | |

27

28

1        The undersigned Defendants (collectively, "Defendants") and plaintiffs Tech Data

2  Corporation and Tech Data Product Management, Inc. (collectively, "Tech Data") have conferred

3  by and through their counsel and, subject to the Court's approval, HEREBY STIPULATE AS

4  FOLLOWS:

5        WHEREAS, September 5, 2014 is the deadline to complete fact discovery in the

6  Tech Data action.

7        WHEREAS, on August 28, 2014, Tech Data notified Defendants that due to a

8  mistake by its ESI vendor some documents that were designated as responsive were not produced

9  with Tech Data's prior production and that Tech Data would produce those documents to

10  Defendants on September 3, 2014.

11        WHEREAS, on September 3, 2014, Tech Data produced documents Bates labeled

12  TDCRT-068604 through TDCRT-107506.

13        WHEREAS, Defendants do not have sufficient time to review Tech Data's

14  September 3 production prior to September 5, 2014.

15        WHEREAS, on July 21, 2014, Defendants requested deposition dates for Tech

16  Data witness Kellmeny Jeffcoat.

17        WHEREAS, on August 15, 2014, Defendants noticed the deposition of Kellmeny

18  Jeffcoat for September 5, 2014.

19        WHEREAS, Tech Data and Defendants have conferred and agreed to schedule

20  Kellmeny Jeffcoat's deposition for a date, still to be determined, after September 5, 2014.

21        WHEREAS, Tech Data previously identified its former employees Mary Meador

22  and Susan Gilbert in response to Samsung SDI Co., Ltd.'s Interrogatory No. 1, but represented

23  that these individuals left Tech Data's employment prior to 2000 and responsive documents, if

24  any, relating to these individuals have been produced to Defendants.

25        WHEREAS, in the interest of efficiency and preventing the unnecessary

26  expenditure of resources, Tech Data and Defendants agreed that in the event Susan Gilbert or

27  Mary Meador appear on Tech Data's witness list for trial, Tech Data will make that witness

28  available for deposition at least 1 month before trial.

-1-

STIPULATION AND [PROPOSED] ORDER REGARDING
DISCOVERY TO OCCUR AFTER SEPTEMBER 5, 2014

1    WHEREAS, on April 18, 2014, Tech Data agreed that it would search for and

2   produce hard copy documents relating to individuals that Defendants intend to depose and

3   individuals that Tech Data intends to rely on to support its claims.

4

5    NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED between

6   counsel as follows:

7

8    1.  To the extent Defendants seek to take depositions, subject to the Court's Discovery

9        Protocol (Dkt. No. 1128) and solely related to documents or materials produced by

10        Tech Data on September 3, 2014, Tech Data will not oppose such requests on the basis

11        that they were made after the discovery cut-off.  Tech Data, however, preserves all

12        other responses and objections to any additional depositions that may be sought by

13        Defendants under this paragraph. Tech Data shall work in good faith with Defendants

14        to resolve any issues that may arise with respect to deposition scheduling based on its

15        September 3 production.

16    2.  Defendants may notice and take the deposition of Tech Data witness Kellmeny Jeffcoat

17        after September 5, 2014, subject to the Court's Discovery Protocol (Dkt. No. 1128).

18    3.  Defendants may notice and take the depositions of Mary Meador and/or Susan Gilbert

19        after September 5, 2014 to the extent that these witnesses appear on Tech Data's

20        pretrial witness list, subject to the Court's Discovery Protocol (Dkt. No. 1128).  To the

21        extent that either witness appears on Tech Data's pretrial witness list, Tech Data shall

22        make that witness available for deposition at least one month before trial.

23    4.  Tech Data shall search for and produce hard copy documents relating to any

24        individuals deposed after September 5, 2014.  Tech Data shall produce any such

25        documents far enough in advance of the corresponding deposition to give Defendants

26        sufficient time to review those documents in preparation for that deposition.

27

28

1       5.   To the extent motions to compel may be required for items 1-4 above, Defendants may

2           file those motions within a reasonable period after the depositions in question.

3

4  PURSUANT TO STIPULATION, IT IS SO ORDERED.

5

6

7  Dated:   09/08/2014

8



9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                       STIPULATION AND [PROPOSED] ORDER REGARDING
                                        DISCOVERY TO OCCUR AFTER SEPTEMBER 5, 2014

| 1 | Dated: September 5, 2014 | By: _____ /s/ Leo D. Caseria_____ |
|---|---|---|
| 2 | | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| 3 | | Gary L. Halling, Cal. Bar No. 66087 |
| | | James L. McGinnis, Cal. Bar No. 95788 |
| 4 | | Michael W. Scarborough, Cal. Bar No. 203524 |
| | | Four Embarcadero Center, 17th Floor |
| 5 | | San Francisco, CA 94111-4109 |
| | | Telephone:    (415) 434-9100 |
| 6 | | Facsimile:    (415) 434-3947 |
| | | E-mail:        ghalling@sheppardmullin.com |
| 7 | | jmcginnis@sheppardmullin.com |
| | | mscarborough@sheppardmullin.com |
| 8 | | |
| | | Leo D. Caseria, Cal. Bar No. 240323 |
| 9 | | 333 South Hope Street, 43rd Floor |
| | | Los Angeles, California 90071-1448 |
| 10 | | Telephone:    213-620-1780 |
| | | Facsimile:    213-620-1398 |
| 11 | | E-mail:        lcaseria@sheppardmullin.com |

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

By: _____ /s/ Scott N. Wagner_____
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
Robert W. Turken
Scott N. Wagner
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Telephone:    (305) 374-7580
Facsimile:    (305) 374-7593
Email:          rturken@bilzin.com
swagner@bilzin.com

BOIES, SCHILLER & FLEXNER LLP
Stuart Singer
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:    (954) 356-0011
Facsimile:    (954) 356-0022
Email:          ssinger@bsfllp.com

-4-

William A. Isaacson
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone:     (202) 237-2727
Facsimile:      (202) 237-6131
Email:           wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone:     (518) 434-0600
Facsimile:      (518) 434-0665
Email:           piovieno@bsfllp.com
                     anardacci@bsfllp.com

*Attorneys for Plaintiffs Tech Data Corporation and*
*Tech Data Product Management*

By: */s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP
Jeffrey L. Kessler (*pro hac vice*)
A. Paul Victor (*pro hac vice*)
Aldo A. Badini, Cal. Bar No. 257086
Eva W. Cole (*pro hac vice*)
Molly M. Donovan (*pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone:     (212) 294-4692
Facsimile:      (212) 294-4700
Email: jkessler@winston.com
             abadini@winston.com
             pvictor@winston.com
             ewcole@winston.com
             mmdonovan@winston.com

WEIL, GOTSHAL & MANGES LLP
Steven A. Reiss (*pro hac vice*)
David L. Yohai (*pro hac vice*)
Adam C. Hemlock (*pro hac vice*)
767 Fifth Avenue
New York, NY 10153-0119
Telephone:     (212) 310-8000
Facsimile:      (212) 310-8007
Email: steven.reiss@weil.com
             david.yohai@weil.com
             adam.hemlock@weil.com

STIPULATION AND [PROPOSED] ORDER REGARDING
DISCOVERY TO OCCUR AFTER SEPTEMBER 5, 2014

*Attorneys for Defendants Panasonic Corporation
(f/k/a Matsushita Electric Industrial Co., Ltd.),
Panasonic Corporation of North America, and MT
Picture Display Co., Ltd.*

By: */s/ Jon V. Swenson*
BAKER BOTTS LLP
Jon V. Swenson, Cal Bar No. 233054
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone:     (650) 739-7500
Facsimile:     (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone:     (202) 639-7700
Facsimile:     (202) 639-7890
Email: john.taladay@bakerbotts.com
         joseph.ostoyich@bakerbotts.com
         erik.koons@bakerbotts.com
         charles.malaise@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V.
and Philips Electronics North America Corporation*

By: */s/ Richard Snyder*
FRESHFIELDS BRUCKHAUS
    DERINGER US LLP
Terry Calvani Cal. Bar. No. 53260
Christine Laciak (*pro hac vice*)
Richard Snyder (*pro hac vice*)
701 Pennsylvania Avenue NW, Suite 600
Washington, D.C. 20004
Telephone:     (202) 777-4565
Facsimile:     (202) 777-4555
Email: terry.calvani@freshfields.com
         christine.laciak@freshfields.com
         richard.snyder@freshfields.com

*Attorneys for Beijing-Matsushita Color CRT*

STIPULATION AND [PROPOSED] ORDER REGARDING
DISCOVERY TO OCCUR AFTER SEPTEMBER 5, 2014

1    *Company, Ltd.*

2
     By: */s/ Eliot A. Adelson*
3    KIRKLAND & ELLIS LLP
     Eliot A. Adelson, Cal. Bar. No. 205284
4    555 California Street, 27th Floor
     San Francisco, CA 94104
5    Telephone:     (415) 439-1413
     Facsimile:     (415) 439-1500
6    Email: eadelson@kirkland.com

7
     *Attorneys for Defendants Hitachi, Ltd., Hitachi*
8    *Displays, Ltd. (n/k/a Japan Display East, Inc.),*
     *Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi*
9    *Electronic Devices (USA), Inc.*

10

11
     By: */s/ Lucius B. Lau*
12   WHITE & CASE LLP
     Christopher M. Curran (*pro hac vice*)
13   George L. Paul (*pro hac vice*)
     Lucius B. Lau (*pro hac vice*)
14   701 Thirteenth Street, N.W.
     Washington, D.C. 20005
15   Telephone:     (202) 626-3600
     Facsimile:     (202) 639-9355
16   Email: ccurran@whitecase.com
             gpaul@whitecase.com
17           alau@whitecase.com

18
     *Attorneys for Defendants Toshiba Corporation,*
19   *Toshiba America, Inc., Toshiba America Information*
     *Systems, Inc., Toshiba America Consumer Products,*
20   *L.L.C., and Toshiba America Electronic Components,*
     *Inc.*
21

22
     By: */s/ Rachel S. Brass*
23   GIBSON, DUNN & CRUTCHER LLP
     Rachel S. Brass, Cal. Bar. No. 219301
24   Joel S. Sanders, Cal. Bar. No. 107234
     Austin V. Schwing, Cal. Bar. No. 211696
25   555 Mission Street, Suite 3000
     San Francisco, CA 94105
26   Telephone:     (415) 393-8200
     Facsimile:     (415) 393-8306
27   Email: rbrass@gibsondunn.com
             jsanders@gibsondunn.com
28

-7-

aschwing@gibsondunn.com

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia)*

By: /s/ *Hojoon Hwang*
MUNGER, TOLLES & OLSON LLP
Hojoon Hwang, Cal. Bar. No. 184950
William D. Temko, Cal. Bar. No. 98858
Laura K. Lin, Cal. Bar. No. 281542
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: hojoon.hwang@mto.com
        william.temko@mto.com
        laura.lin@mto.com

*Attorneys For Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.*

By: /s/ *Kathy L. Osborn*
FAEGRE BAKER DANIELS LLP
Kathy L. Osborn (pro hac vice)
Ryan M. Hurley (pro hac vice)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Email: kathy.osborn@FaegreBD.com
        ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (pro hac vice)
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jeff.roberts@FaegreBD.com

Stephen M. Judge (pro hac vice)
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900
Email: steve.judge@FaegreBd.com

-8-

Calvin L. Litsey, Cal. Bar. No. 289659
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: (650) 324-6700
Facsimile: (650) 324-6701
Email: calvin.litsey@FaegreBD.com

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.