Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No 1917 |
| This Order Relates To: | Master Case No 3:07-cv-05944SC |
| IPPs, DAPs, Cal AG v Toshiba | **ORDER RE PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES** |

The Indirect Purchaser Plaintiffs ("IPPs"), the Direct Action Plaintiffs ("DAPs") and

the Attorney General of the State of California (together, "Plaintiffs") move to compel the

depositions of five Toshiba witnesses or in the alternative, to compel Toshiba to amend its Rule

26 Initial Disclosures to reflect updated facts about Mr Tomohito Amano consistent with

ORDER RE PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES          PAGE **1** OF **5**

1   Toshiba's latest representations, to declare Mr Amano and Mr Charles Farmer unavailable as

2   Toshiba trial witnesses and to order documents associated with Mr Amano and Mr Farmer

3   admitted for all purposes at trial.  In response, Toshiba's counsel asserts that the motion is

4   "premature" because the parties are still negotiating deposition dates and that Plaintiffs will

5   suffer no prejudice by the timing of these depositions because Toshiba will not object to the

6   fact that the depositions will occur after the formal close of fact discovery.

7             The undisputed facts appear as follows:

8             On October 15, 2008, Toshiba's counsel served Toshiba's Rule 26 Initial

9   Disclosures, in which Toshiba did not name a single individual likely to have discoverable

10  information, on the ground that the individual complaints were deficient and failed to give fair

11  notice of plaintiffs' claims, precluding Toshiba from identifying individuals likely to have

12  discoverable information to support any defenses.

13            Almost six years later and one month before the fact discovery cutoff, on August

14  1, 2014, Toshiba's counsel filed Toshiba's Amended Rule 26(A)(1) Initial Disclosures, disclosing

15  the names of 18 individuals likely to have discoverable information, four of whom had already

16  provided Rule 30(b)(6) testimony to Plaintiffs.

17            On August 7, 2014 Plaintiffs' counsel wrote to Toshiba's counsel requesting

18  proposed dates for depositions of Messrs Amano and Farmer and three other newly-disclosed

19  Toshiba witnesses:  Clayton Bond, John Milliken and Tomoyuki Kawano.  The letter requested a

20  response by August 13, in light of the fast approaching close of fact discovery on September 5.

21            On August 19, 2014, Plaintiffs' counsel wrote again requesting a response from

22  Toshiba, noting that Plaintiffs will file a motion if no response is received by August 21, 2014.

23            On August 21, 2014, Toshiba's counsel responded that they were working to

24  determine whether and when the individuals are available for deposition, that Toshiba did not

25  object to such depositions occurring after September 5, 2014, and that any motion to compel

26  would be premature.  Also on August 21, 2014, Toshiba's counsel wrote to inform Plaintiffs'

27

28  ORDER RE PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES          PAGE **2** OF **5**

1  counsel that John Milliken, currently employed by Toshiba America Information Systems, Inc
2  was available for deposition on September 25, 2014.

3  By September 10, 2014, Toshiba offered one deposition date for Mr Milliken and
4  three consecutive dates for Mr Kawano, but those dates were not convenient to Plaintiffs
5  because they conflicted with religious holidays.

6  On September 11, 2014, Toshiba's counsel offered to make Mr Kawano available
7  in San Francisco on the same dates that Plaintiffs' counsel had already rejected, failed to offer
8  any alternative deposition dates for Mr Milliken or Mr Kawano, declined to make Mr Tomohito
9  Amano available for deposition because Toshiba had decided not to use him in support of its
10 claims or defenses, and offered Mr Clayton Bond, not currently employed by Toshiba, for
11 deposition in Chicago on October 16, 2014.  Toshiba's counsel stated that Mr Milliken was
12 "close to retirement," and that there was "no guarantee that either individual will continue to
13 cooperate with us by offering additional deposition dates."  9/11/14 Toshiba letter.

14 Correspondence dated September 16, 2014 indicates that the Plaintiffs and
15 Toshiba were continuing to negotiate deposition dates for Mr Milliken, Mr Kawano and Mr
16 Bond.  Toshiba's letter brief dated 9/16/2014 stated that they expect to provide Plaintiffs "with
17 a proposed date [for Mr Farmer's deposition] in the near future."

18 As of September 28, 2014, well after the fact discovery cutoff, Toshiba had still
19 not offered dates for depositions of Charles Farmer or Tomohito Amano.  Apparently, Plaintiffs
20 had sought to depose Mr Amano almost two years earlier.

21 The foregoing sequence of events is not in dispute.  It evinces that counsel for
22 Toshiba has treated the discovery rules and its obligations thereunder in a cavalier fashion.
23 Such conduct should not be rewarded.  The disclosure obligations of Rule 26 are designed to
24 prevent parties from sandbagging their opponents. *See Agence France Presse v Morel*, 293 FRD
25 682 (SDNY 2013).  Rule 26 requires parties to update their disclosures in a timely manner.

26
27
28 ORDER RE PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES          PAGE **3** OF **5**

1    But Toshiba's counsel failed to update its Rule 26 initial disclosures of individuals

2  likely to have knowledge of its defenses until one month before the close of fact discovery.  It

3  would be hard to believe that Toshiba's counsel only recently learned of names and knowledge

4  of the witnesses disclosed in Toshiba's Amended Rule 26 Disclosure.  Thus, Toshiba's counsel

5  failed to comply with its obligations to update Initial Disclosures in a timely manner.  Toshiba's

6  counsel then failed to respond promptly and produce five newly-disclosed witnesses before the

7  close of fact discovery.  Discovery deadlines, especially in multidistrict litigation, are expected to

8  be observed for the convenience of all parties.  Here, Toshiba's counsel failed to provide any

9  reasonable basis for its dilatory conduct of discovery or its violation of its Rule 26 disclosure

10  obligations.  Disclosing witnesses in a Rule 26 amended disclosure one month before the close

11  of fact discovery, failing to respond promptly and substantively to requests for deposition dates

12  of these witnesses, and offering one or three deposition dates for only three of those witnesses

13  after the close of fact discovery and during well-known religious holidays, reflects a complete

14  lack of regard for the discovery process.  Stating that Toshiba will not present at trial a witness

15  identified as having relevant knowledge (Mr Amano), does not justify a failure to produce that

16  witness for deposition.

17    Toshiba's discovery violations warrant an appropriate order that takes into

18  consideration the harm caused by Toshiba's repeated flouting of its discovery obligations.

19  Contrary to the assertion of Toshiba's counsel that Plaintiffs will suffer no prejudice by the

20  timing of these depositions, Plaintiffs have already suffered prejudice by not being able to

21  conduct fact discovery before the cutoff date in a highly complex, multi-party, multi-district

22  litigation, while preparing for trial.  In light of the upcoming deadlines of December 5, 2014, for

23  Plaintiffs' trial exhibit list, deposition designations and witness lists, and December 23, 2014, for

24  Plaintiffs' oppositions to Defendants' summary judgment motions, the undersigned has

25

26

27

28  ORDER RE PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES          PAGE **4** OF **5**

1  considered an appropriate order consistent with the September 28, 2014 letter reply submitted

2  by Plaintiffs' counsel.[1]

3        Accordingly, the undersigned ORDERS as follows:

4        **Plaintiffs' motion to compel the depositions of five Toshiba witnesses or in the**

5  **alternative to limit the use of Toshiba witnesses at trial and admit documents associated with**

6  **those Toshiba witnesses for all purposes at trial is GRANTED.  Toshiba's counsel is ORDERED**

7  **to amend its Rule 26 Disclosures to reflect the true facts about Mr Amano consistent with its**

8  **representations to Plaintiffs and the Special Master.**

9        **Furthermore, it is RECOMMENDED that Mr Amano and Mr Farmer should be**

10 **deemed unavailable and should be precluded from testifying on Toshiba's behalf at trial.  Any**

11 **documents authored by or from the files of Mr Amano or Mr Farmer are deemed admitted**

12 **for all purposes at trial.**

13 Date:  November 20, 2014

14

15        _____

16                 Vaughn R Walker
                 United States District Judge (Ret)

17

18        The Recommended Order of the Special Master is Accepted and Ordered /

19 Denied / Modified.

20 Date:  November ___, 2014

21 ____

22                 _____

23                 Honorable Samuel Conti
                 United States District Judge

24        _____

25

26        [1] It is unclear whether the depositions of Mr Bond and Mr Kawano have taken place, but
   the undersigned assumes that they have.

27

28 ORDER RE PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES          PAGE **5** OF **5**