Kenneth S. Marks
Jonathan J. Ross
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Facsimile:   (713) 654-6666
kmarks@susmangodfrey.com
jross@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-5944 (SC)<br><br>MDL No. 1917 |
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS;<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,* No. 13-cv-1173;<br><br>*Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.,* No. 13-cv-02776;<br><br>*Siegel v. Hitachi, Ltd.,* No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.,* No. 13-cv-05261;<br><br>*Best Buy Co., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264;<br><br>*Target Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514;<br><br>*Target Corp. v. Technicolor SA, et al.,* No. 13-cv-05686;<br><br>*Sears, Roebuck and Co., & Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 11-cv-05514-SC; | **DECLARATION OF KENNETH S. MARKS IN SUPPORT OF DIRECT ACTION PLAINTIFFS AND INDIRECT PURCHASER PLAINTIFFS' MOTION TO MODIFY SCHEDULE FOR PRETRIAL EXCHANGES**<br><br>**(CIVIL LOCAL RULE 6-3)** |

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510.

I, KENNETH S. MARKS, hereby declare as follows:

1. I am a partner with the law firm of Susman Godfrey LLP, counsel to Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, one of the Direct Action Plaintiffs in this litigation. I am an active member in good standing of the bars of the State of Texas and the State of New York, and was granted leave to appear *pro hac vice* in this litigation. I have personal knowledge of the facts stated herein, except as to those matters based on my review of documents, and to those matters I believe them to be true. I could and would competently testify to the matters contained herein if called upon to do so. I submit this Declaration in support of Direct Action Plaintiffs and Indirect Purchaser Plaintiffs' Motion to Modify Schedule for Pretrial Exchanges.

2. On Friday, November 7, Craig Benson, counsel to Direct Action Plaintiff Sharp Electronics Corporation, sent an email on behalf of Direct Action Plaintiffs and the Indirect Purchaser Plaintiff class (together, "Plaintiffs") to counsel for Hitachi in which he proposed a modification of pre-trial deadlines. This proposal included the alteration of the deadline for Defendants' exchange of trial exhibits, deposition excerpts, and witness lists from January 29, 2015 to January 6, 2015.

3. On Monday, November 10, counsel for Hitachi responded that, after conferring with other defendants, they were unwilling to adjust the pre-trial schedule at this time. Defendants stated they want to wait until the Court rules on the pending motions for trial structure.

4. As explained in the accompanying motion, the present schedule (i) does not allow Plaintiffs sufficient time to confer regarding objections to exhibit lists, deposition excerpts, and witness lists; (ii) requires Plaintiffs to file motions *in limine* before Defendants

provide their witness and exhibit lists; and (iii) does not provide adequate time for Plaintiffs to review Defendants' deposition designations and respond with their own counter-designations.

5. Pursuant to Civil Local Rule 6-3(a)(5), the table below discloses previous time modifications made in this multi-district litigation as to the case schedule:

| Date | Dkt. No. | Description |
|---|---|---|
| March 13, 2013 | 1595 | Order adopting proposed revised schedule parties regarding pretrial schedule and trial date. |
| March 21, 2014 | 2459 | Order entering stipulation between parties regarding pretrial schedule and trial date. |

6. Plaintiffs' proposal is specifically designed so that it should not have an effect on the currently set trial date for this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24 day of November, 2014, at Houston, Texas.

/s/ *Kenneth S. Marks*
Kenneth S. Marks