Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br>ALL ACTIONS | **THE TOSHIBA DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED NOVEMBER 20, 2014 RE PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES** |

The Special Master's Recommended Order misconstrues relevant facts and circumstances — including prior proceedings in this MDL — and proposes unwarranted relief:

1. <u>Rule 26 Disclosures</u>.  The Recommended Order harshly rebukes Toshiba for failing to supplement its initial Rule 26(a) disclosures until August 1, 2014.  The Recommended Order characterizes this supposed failure as "cavalier," "sandbagging," "dilatory" and a violation of "obligations to update Initial Disclosures in a timely manner." Recommended Order at 3-4 (Toshiba Ex. A).  In fact, the Special Master's predecessor and this Court long ago relieved all parties of any obligation to update Rule 26(a) disclosures.  On June 3, 2010, this Court approved and adopted Special Master Legge's May 20, 2010 Report Regarding Case Management Conference, which stated (at 3):  "Plaintiffs request an order compelling defendants to complete the initial disclosure requirements of Rule 26 of the FRCP.  The Special Master recommends that the Court deny that request.  The reason is that discovery now going on between the parties should supersede the necessity for also making Rule 26 disclosures."  Toshiba Ex. B; *see also* Stipulation and Order Regarding Service of Complaints and Applicability of Prior Discovery Orders, dated May 3, 2012, at 2 (waiving initial disclosures by Defendants and DAPs) (Toshiba Ex. C).  The approach in these orders is consistent with Rule 26(e), which imposes a duty to supplement or correct an initial disclosure only where "the additional or corrective information has not otherwise been made known to the other parties during the discovery process . . . ."

In keeping with the Court orders and Rule 26(e), the IPPs have *never* amended their initial disclosures from June 6, 2008.  Toshiba Ex. N.  Those initial disclosures did not identify any individuals with relevant knowledge, other than the named IPPs then in the case. No DAP has ever served Toshiba with any initial disclosures, let alone amended ones.  And, incidentally, when Toshiba filed its initial disclosures on June 6, 2008, consolidated amended class complaints had not yet been filed, and Toshiba (which had exited the CRT business years earlier) faced only the most conclusory allegations.  Toshiba Ex. D.

1    Toshiba chose to prepare and file amended Rule 26(a) disclosures on August 1, 2014 (Toshiba Ex. E) — voluntarily and without any obligation to do so — not in order to "sandbag" Plaintiffs, as the Recommended Order assumes, but precisely for the opposite reason: Toshiba's lead trial counsel — the undersigned Christopher M. Curran — wanted to be sure that Plaintiffs knew, before the expiration of fact discovery, who Toshiba may call as witnesses at trial. The intention was to be transparent and to *avoid* being charged with sandbagging when Toshiba serves its witness list after the close of discovery. Perhaps not appreciating that the duty to supplement Rule 26 disclosures had been lifted by the Court, the Recommended Order misreads Toshiba's good-faith, sound practice as some sort of cynical ploy.

2.    <u>Proposing Depositions on Jewish Holidays</u>.  The Recommended Order is also mistaken in suggesting that Toshiba's counsel knowingly proposed depositions on or near Jewish holidays or persisted in proposing depositions on those dates after it was called to their attention that the proposed dates were on or near Jewish holidays. In fact, the Recommended Order's suggestion is unfounded and inconsistent with the way Toshiba's counsel practices law. A fair review of the facts establishes that Toshiba's counsel proposed deposition dates convenient to witnesses, and then proposed alternative dates when informed that the initial dates fell on or near Jewish holidays. There is no basis whatsoever to ascribe nefarious intentions to Toshiba's counsel.

Here are the relevant facts: Tomoyuki Kawano is a former employee of Toshiba Corporation. He left Toshiba's employ years ago. He is currently employed by an unrelated entity in Japan, where he resides. After Plaintiffs requested Toshiba's assistance in arranging a deposition of Mr. Kawano, Toshiba's counsel worked hard to persuade Mr. Kawano to appear for a deposition in the United States and asked Mr. Kawano to provide dates when he could take leave from his employment and appear for a deposition in the United States. Mr. Kawano identified October 1-3, 2014 as acceptable dates for his deposition, given his pressing work schedule. Toshiba's counsel dutifully proposed those dates to Plaintiffs and, at the same time, proposed September 25, 2014 for the deposition of Jack Milliken, a current

employee of Toshiba America Information Systems, Inc., whom Plaintiffs asked to depose. It never occurred to Toshiba's counsel that the proposed dates fell on or near Jewish holidays.

Plaintiffs' counsel initially responded to the proposed dates by stating simply that "for a variety of reasons the dates you have offered are not convenient for Plaintiffs." Toshiba Ex. F. Plaintiffs did not mention that the dates fell on or near Jewish holidays or that the dates were problematic for that reason. Given the difficulty in getting acceptable dates from Mr. Kawano in particular, Toshiba's counsel pressed Plaintiffs for an explanation of the asserted inconvenience. Only then did Plaintiffs' counsel identify the Jewish holidays and raise them as a basis for their objection to the proposed dates, asking for *later* dates. Even though this was the first mention of the Jewish holidays, Plaintiffs' letter was quite harshly worded: "[I]t is as if you had selected December 25 for a deposition. No reasonable attorney would insist that the depositions take place then . . . ." Toshiba Ex. G. Once Plaintiffs raised the Jewish holidays as an issue, Toshiba's counsel went back to both witnesses, including non-party witness Kawano, and obtained alternative dates. Both depositions went forward without issue.

Under these circumstances, the Recommended Order is unfair in condemning Toshiba's counsel for proposing the initial dates on Jewish holidays. Toshiba's counsel can hardly be charged with foreknowledge of 2014 dates of the Jewish holidays, which after all are not specified holidays under the Federal rules. *See* Fed. R. Civ. P. 6(a)(6) (defining "legal holidays"). Once Plaintiffs identified the Jewish holidays as a concern, Toshiba immediately pursued alternative dates.

The Recommended Order obscures Toshiba's agreeability: it suggests that Plaintiffs raised the Jewish holidays when making their initial objection to the inconvenience of the proposed dates, and that Toshiba continued to insist on those dates. *See* Recommended Order at 3 ("By September 10, 2014, Toshiba offered one deposition date for Mr. Milliken and three consecutive dates for Mr. Kawano, but those dates were not convenient to Plaintiffs because they conflicted with religious holidays. On September 11, 2014, Toshiba's counsel offered to make Mr. Kawano available in San Francisco on the same dates Plaintiffs' counsel had

already rejected . . . ."). In fact, as shown, Plaintiffs' initial objection to the proposed dates was a vague one about convenience and without any reference to any religious holiday issue.

   3. <u>Production of Other Witnesses</u>.  As to other individuals, Toshiba's conduct has also been reasonable. Toshiba arranged for a deposition of Clayton Bond, who appeared voluntarily and without requiring Plaintiffs to subpoena him, even though he is no longer an employee of any Toshiba entity. Toshiba also agreed, voluntarily and without court intervention, to an additional Rule 30(b)(6) deposition, of Mio Tamba, upon Plaintiffs' request.

  Mr. Tomohito Amano, the subject of considerable discussion in the Recommended Order, is a former employee of Toshiba Corporation in Japan, where he currently lives and works. Toshiba identified him on its amended Rule 26 disclosures because Toshiba still held out some hope that it may be able to persuade Mr. Amano to appear voluntarily at a deposition and trial, even though Toshiba has no control over him. Toshiba has now abandoned hope of persuading Mr. Amano. On October 1, 2014, Toshiba served its second amended Rule 26 disclosures, withdrawing Mr. Amano's name and adding Ms. Tamba's. Toshiba Ex. H.  This document, too, is consistent with Toshiba's intention to be as transparent as possible regarding its possible witnesses at trial. The withdrawal of Mr. Amano's name from the disclosure does not, of course, mean that he no longer has relevant knowledge, but only that Toshiba no longer intends to rely upon him at trial.

  The Recommended Order seems to assume that the inclusion of Mr. Amano in Toshiba's first amended Rule 26 disclosures on August 1, 2014 was some sort of a belated disclosure by Toshiba, a "newly-disclosed" Toshiba witness being identified for the first time then. Nothing could be further from the truth. Mr. Amano's identity has been known to Plaintiffs since early in the case, and Plaintiffs identified Mr. Amano as a "potential merits deponent" in correspondence on December 10, 2012. Toshiba Ex. I.  In responsive correspondence on December 21, 2012, Toshiba informed Plaintiffs that Mr. Amano was no longer employed by any Toshiba Defendant. Toshiba Ex. J. That remains true. Plaintiffs

were not harmed or prejudiced in any way by Toshiba's inclusion of Mr. Amano on the August 1, 2014 amended disclosures.

The Recommended Order faults Toshiba for "fail[ing] to produce" Mr. Amano for a deposition. Recommended Order at 4. The Recommended Order does not seem to appreciate that Toshiba does not have the power to compel a former employee to appear for a deposition in the United States. Besides, Plaintiffs made no effort to compel Mr. Amano to appear for a deposition in Japan despite identifying him as a witness no later than 2012.

Finally, as to Charles Farmer, Toshiba included him on its first amended Rule 26 disclosures due to his prior employment at Circuit City. Admittedly, Toshiba's counsel was having difficulty proposing a date for Mr. Farmer, who expressed reluctance about testifying "against" his former employer. In any event, Toshiba has now reached a settlement in principle with Circuit City and therefore no longer considers Mr. Farmer to be an individual upon whom Toshiba intends to rely at trial.

4. <u>Prejudice</u>. The Recommended Order asserts that, as a result of Toshiba's supposed misconduct, "Plaintiffs have already suffered prejudice by not being able to conduct fact discovery before the cutoff date in a highly complex, multi-party, multi-district litigation, while preparing for trial." Recommended Order at 4. But this supposed prejudice stems from the Recommended Order's mistaken assumption that Toshiba had an obligation to update its Rule 26 disclosures during discovery. In fact, at least since this Court's June 3, 2010 order dispensing with Rule 26 disclosures, Plaintiffs — and Defendants — have been on notice that they must identify knowledgeable individuals through discovery. Toshiba's voluntary amended Rule 26 disclosures on August 1, 2014 was not an eleventh-hour "sandbagging," but instead an opportunity for Plaintiffs to ensure that they had identified and deposed the witnesses Toshiba might call, ahead of the fact-discovery cut-off date. Any last minute rushing cannot be fairly blamed on Toshiba, which was merely trying to be transparent. And any delay in setting deposition dates was not a result of dilatory or bad-faith conduct by Toshiba, but instead the normal process in scheduling depositions of busy witnesses, including non-party witnesses, by busy counsel. In fact many depositions on both sides have

gone forward after the fact-discovery cutoff as counsel work together to accommodate one another and witnesses. And, when objecting to the proposed dates for Messrs. Kawano and Milliken, Plaintiffs themselves asked not for earlier dates but later dates.

5. <u>Relief</u>. The Recommended Order appears to base its ruling principally upon: (i) Toshiba's supposed failure to timely update its Rule 26 disclosures; (ii) proposing deposition dates that happened to fall on or near Jewish holidays; and (iii) Toshiba's supposed unreasonableness in scheduling depositions, including the failure to produce *former* employee Amano for a deposition. As shown, each of these bases is unsound. Furthermore, the relief recommended in the Recommended Order is — as the Recommended Order itself acknowledges (at 4-5) — "consistent with the September 28, 2014 letter *reply* submitted by Plaintiffs' counsel." Recommended Order at 5 (emphasis added). The Special Master did not hold oral argument or invite a surreply from Toshiba, so Toshiba was never given an opportunity to address Plaintiffs' belatedly suggested relief — or Plaintiffs' new emphasis on a supposed duty to update Rule 26 disclosures, when in fact that duty had been lifted by the Court and Plaintiffs themselves had never updated any disclosures.

As stated above, through its October 1, 2014 second amended Rule 26 disclosures, Toshiba has already removed Mr. Amano from its disclosures. Toshiba is willing to do the same as to Mr. Farmer. All other relevant witnesses have been deposed. There is no basis for ordering documents authored by or from the files of Mr. Amano or Mr. Farmer admitted for

1  all purposes at trial.  Finally, the Recommended Order should be stricken to the extent that it
2  finds Toshiba's counsel to have failed to comply with Rule 26, insisted upon depositions on
3  Jewish holidays, or otherwise engaged in improper discovery tactics.

Dated:  November 24, 2014

Respectfully submitted,

**WHITE & CASE** LLP

By:  */s/ Christopher M. Curran*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

THE TOSHIBA DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S
RECOMMENDED ORDER DATED NOVEMBER 20, 2014 RE PLAINTIFFS' MOTION
TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES
Case No. 07-5944 SC
MDL No. 1917
7

**CERTIFICATE OF SERVICE**

On November 24, 2014, I caused a copy of "THE TOSHIBA DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED NOVEMBER 20, 2014 RE PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 2, 2008.

*/s/ Lucius B. Lau*
Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005