Toshiba Exhibit A

Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
Tel: (415) 871-2888
Fax: (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>IPPs, DAPs, Cal AG v Toshiba | MDL No 1917<br><br>Master Case No 3:07-cv-05944SC<br><br>**ORDER RE PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES** |

The Indirect Purchaser Plaintiffs ("IPPs"), the Direct Action Plaintiffs ("DAPs") and the Attorney General of the State of California (together, "Plaintiffs") move to compel the depositions of five Toshiba witnesses or in the alternative, to compel Toshiba to amend its Rule 26 Initial Disclosures to reflect updated facts about Mr Tomohito Amano consistent with

ORDER RE PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES     PAGE 1 OF 5

Toshiba's latest representations, to declare Mr Amano and Mr Charles Farmer unavailable as Toshiba trial witnesses and to order documents associated with Mr Amano and Mr Farmer admitted for all purposes at trial.  In response, Toshiba's counsel asserts that the motion is "premature" because the parties are still negotiating deposition dates and that Plaintiffs will suffer no prejudice by the timing of these depositions because Toshiba will not object to the fact that the depositions will occur after the formal close of fact discovery.

The undisputed facts appear as follows:

On October 15, 2008, Toshiba's counsel served Toshiba's Rule 26 Initial Disclosures, in which Toshiba did not name a single individual likely to have discoverable information, on the ground that the individual complaints were deficient and failed to give fair notice of plaintiffs' claims, precluding Toshiba from identifying individuals likely to have discoverable information to support any defenses.

Almost six years later and one month before the fact discovery cutoff, on August 1, 2014, Toshiba's counsel filed Toshiba's Amended Rule 26(A)(1) Initial Disclosures, disclosing the names of 18 individuals likely to have discoverable information, four of whom had already provided Rule 30(b)(6) testimony to Plaintiffs.

On August 7, 2014 Plaintiffs' counsel wrote to Toshiba's counsel requesting proposed dates for depositions of Messrs Amano and Farmer and three other newly-disclosed Toshiba witnesses:  Clayton Bond, John Milliken and Tomoyuki Kawano.  The letter requested a response by August 13, in light of the fast approaching close of fact discovery on September 5.

On August 19, 2014, Plaintiffs' counsel wrote again requesting a response from Toshiba, noting that Plaintiffs will file a motion if no response is received by August 21, 2014.

On August 21, 2014, Toshiba's counsel responded that they were working to determine whether and when the individuals are available for deposition, that Toshiba did not object to such depositions occurring after September 5, 2014, and that any motion to compel would be premature.  Also on August 21, 2014, Toshiba's counsel wrote to inform Plaintiffs'

counsel that John Milliken, currently employed by Toshiba America Information Systems, Inc was available for deposition on September 25, 2014.

By September 10, 2014, Toshiba offered one deposition date for Mr Milliken and three consecutive dates for Mr Kawano, but those dates were not convenient to Plaintiffs because they conflicted with religious holidays.

On September 11, 2014, Toshiba's counsel offered to make Mr Kawano available in San Francisco on the same dates that Plaintiffs' counsel had already rejected, failed to offer any alternative deposition dates for Mr Milliken or Mr Kawano, declined to make Mr Tomohito Amano available for deposition because Toshiba had decided not to use him in support of its claims or defenses, and offered Mr Clayton Bond, not currently employed by Toshiba, for deposition in Chicago on October 16, 2014.  Toshiba's counsel stated that Mr Milliken was "close to retirement," and that there was "no guarantee that either individual will continue to cooperate with us by offering additional deposition dates." 9/11/14 Toshiba letter.

Correspondence dated September 16, 2014 indicates that the Plaintiffs and Toshiba were continuing to negotiate deposition dates for Mr Milliken, Mr Kawano and Mr Bond.  Toshiba's letter brief dated 9/16/2014 stated that they expect to provide Plaintiffs "with a proposed date [for Mr Farmer's deposition] in the near future."

As of September 28, 2014, well after the fact discovery cutoff, Toshiba had still not offered dates for depositions of Charles Farmer or Tomohito Amano.  Apparently, Plaintiffs had sought to depose Mr Amano almost two years earlier.

The foregoing sequence of events is not in dispute.  It evinces that counsel for Toshiba has treated the discovery rules and its obligations thereunder in a cavalier fashion.  Such conduct should not be rewarded.  The disclosure obligations of Rule 26 are designed to prevent parties from sandbagging their opponents. *See Agence France Presse v Morel*, 293 FRD 682 (SDNY 2013).  Rule 26 requires parties to update their disclosures in a timely manner.

But Toshiba's counsel failed to update its Rule 26 initial disclosures of individuals likely to have knowledge of its defenses until one month before the close of fact discovery. It would be hard to believe that Toshiba's counsel only recently learned of names and knowledge of the witnesses disclosed in Toshiba's Amended Rule 26 Disclosure. Thus, Toshiba's counsel failed to comply with its obligations to update Initial Disclosures in a timely manner. Toshiba's counsel then failed to respond promptly and produce five newly-disclosed witnesses before the close of fact discovery. Discovery deadlines, especially in multidistrict litigation, are expected to be observed for the convenience of all parties. Here, Toshiba's counsel failed to provide any reasonable basis for its dilatory conduct of discovery or its violation of its Rule 26 disclosure obligations. Disclosing witnesses in a Rule 26 amended disclosure one month before the close of fact discovery, failing to respond promptly and substantively to requests for deposition dates of these witnesses, and offering one or three deposition dates for only three of those witnesses after the close of fact discovery and during well-known religious holidays, reflects a complete lack of regard for the discovery process. Stating that Toshiba will not present at trial a witness identified as having relevant knowledge (Mr Amano), does not justify a failure to produce that witness for deposition.

Toshiba's discovery violations warrant an appropriate order that takes into consideration the harm caused by Toshiba's repeated flouting of its discovery obligations. Contrary to the assertion of Toshiba's counsel that Plaintiffs will suffer no prejudice by the timing of these depositions, Plaintiffs have already suffered prejudice by not being able to conduct fact discovery before the cutoff date in a highly complex, multi-party, multi-district litigation, while preparing for trial. In light of the upcoming deadlines of December 5, 2014, for Plaintiffs' trial exhibit list, deposition designations and witness lists, and December 23, 2014, for Plaintiffs' oppositions to Defendants' summary judgment motions, the undersigned has

considered an appropriate order consistent with the September 28, 2014 letter reply submitted by Plaintiffs' counsel.[1]

Accordingly, the undersigned ORDERS as follows:

Plaintiffs' motion to compel the depositions of five Toshiba witnesses or in the alternative to limit the use of Toshiba witnesses at trial and admit documents associated with those Toshiba witnesses for all purposes at trial is GRANTED.  Toshiba's counsel is ORDERED to amend its Rule 26 Disclosures to reflect the true facts about Mr Amano consistent with its representations to Plaintiffs and the Special Master.

Furthermore, it is RECOMMENDED that Mr Amano and Mr Farmer should be deemed unavailable and should be precluded from testifying on Toshiba's behalf at trial.  Any documents authored by or from the files of Mr Amano or Mr Farmer are deemed admitted for all purposes at trial.

Date: November 20, 2014

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: November ___, 2014            _____
                                     Honorable Samuel Conti
                                     United States District Judge

_____

[1] It is unclear whether the depositions of Mr Bond and Mr Kawano have taken place, but the undersigned assumes that they have.

ORDER RE PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES            PAGE 5 OF 5