Toshiba Exhibit B

Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

JAMS

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

CRAGO, INC., et al.,

Plaintiffs,

vs.

CHUNGHWA PICTURE TUBES, LTD., et al.,

Defendants.

This Document Relates to
ALL CASES

No. 07-5944 SC
MDL No. 1917
JAMS Reference No. 1100054618

**REPORT REGARDING CASE MANAGEMENT CONFERENCE**

To the Honorable Samuel Conti, United State District Judge:

The undersigned Special Master submits this report on the case management conference which was held on May 13, 2010, in both the direct purchaser and indirect purchaser cases. The jurisdiction for that conference was vested in the undersigned by orders issued by the Court on June 16, 2008, and April 8, 2009, and more specifically in paragraph 20 on page 26 of the order dated March 30, 2010. Approximately ten plaintiff counsel attended the conference, and approximately 13 defense counsel attended.

Pleadings: All of the defendants have filed answers to the consolidated complaint in the direct purchaser action, and to the immediately prior complaint in the indirect purchaser action.

1

The indirect purchaser plaintiffs have presented a second amended consolidated complaint. Defense counsel advised that they may oppose the filing of that amended complaint. They are now engaged in meet and confer processes with the indirect plaintiffs' counsel, and will report to the Special Master and to the Court about whether they will oppose the filing of the amendment.

Plaintiffs' counsel does not yet know whether they will file any motions in opposition to the affirmative defenses raised by defendants in their answers.

None of the present pleadings include any cross complaints or third party complaints, and the parties advise that they presently do not contemplate any.

Jurisdictional Motions: Motions have been filed by certain defendants challenging personal jurisdiction over them. By stipulation of the parties, those motions have been suspended pending further proceedings in these cases. Any such motions presently on the docket of the Court can be withdrawn without prejudice to their being renewed.

Attorney Representation: The Special Master was advised that attorneys for three of the defendants have either withdrawn or are in the process of withdrawing. The Special Master is not aware of the terms under which the attorneys have withdrawn, but assumes that there is adequate information regarding how these defendants can be contacted and how documents can be served upon them.

Partial Stay of Discovery: At the invitation of the Special Master, two representatives of the Antitrust Division of the Department of Justice attended the conference to discuss the status of the discovery stays presently in effect. Pursuant to the order signed on January 5, 2010, there are two stays pending; see page 2 line 8 through page 3 line 4. One stay pertains to discovery regarding the grand jury proceedings. That stay is being honored by the parties and does not appear to be creating any material impediment to the progress of this civil litigation. The second stay prohibits any deposition discovery in the civil cases until November 1, 2010, with certain limited exceptions. This stay is a material factor in the slow progress of these cases. The representatives of the Department of Justice were asked to comment on what action may be taken regarding the November 1, 2010 stay. The representatives advised that they wanted the stay to remain in effect, and that there was presently no basis for terminating it any sooner than November 1. The Anti-Trust Division may also request that the November 1 stay be extended,

2

although their intentions in that regard are not yet formulated. The Special Master is to contact the Anti-Trust Division in early October 2010 to ascertain their desires with respect to the stay.

While respecting the reasons for such a stay, and recognizing the usual priority given to criminal proceedings, the Court will also recognize that the existence of this stay is a material impediment to setting a schedule for the discovery, motions, pretrial and trial in these actions.

Discovery:

Because of the stay, the parties and the Special Master are able to proceed with only paper discovery, primarily motions for the production of documents. It is the objective of the Special Master to have such discovery completed by the time the stay on the taking of depositions is lifted.

In regard to the production of documents, the following issues were discussed:

1. By May 24, 2010, defendants are to give to plaintiffs either verifications, or cover letters from the defense attorneys, stating that they have produced to plaintiffs all of the documents which the defendants have submitted to the Department of Justice.

2. The parties are to begin the production of the documents which they have agreed to produce by June 18, 2010. At the case management conference scheduled for August 24, 2010 (see page 4, lines 24-27 below) the Special Master will set the date for the completion of document production.

3. Any party which is raising objections to the production of certain documents is to timely state the grounds for its objection to the other side, and hold a meet and confer conference, before addressing the issues to the attention of the Special Master.

4. Plaintiffs request an order compelling defendants to complete the initial disclosure requirements of Rule 26 of the FRCP. The Special Master recommends that the Court deny that request. The reason is that the discovery now going on between the parties should supersede the necessity for also making Rule 26 disclosures.

Duplications: There was an extensive discussion on how both sides can avoid unnecessary duplications, and all parties indicated their willingness to cooperate in that effort. The success of those intentions are probably best aided by use of meet and confer procedures.

3

Motion Procedures: Procedures were established for the resolution of discovery disputes by the Special Master. There must first be a meet and confer between the parties. If that does not resolve the dispute, any party can raise a discovery issue with the Special Master by letter. The Special Master will then decide how to handle the request procedurally, either through an informal conference, briefing, or a noticed motion.

E-discovery: Plaintiffs are to submit to defendants a written proposal by May 24, 2010 regarding a protocol for the handling of e-discovery. Defendants are to review that protocol and respond to plaintiffs and to the Special Master as soon as possible thereafter, recognizing the fact that many defendants have separate problems and procedures with respect to their e-records.

Witnesses: Plaintiffs' request for an order regarding discovery from departing officers, directors and managing agents, as was done in the TFT-LCD (flat panel) antitrust litigation, was denied without prejudice.

Issues in Discovery: There was an extensive discussion of several substantive issues that have arisen in the discovery. These include: (a) the time period for the relevant discovery; (b) the application of the statutes of limitation; (c) the fraudulent concealment exception to those statutes; and (d) the distinction between CRTs and CRT Products. The Special Master did not resolve these issues because of the absence of motions or other records with respect to them. The parties agreed to meet and confer regarding those issues and report to the Special Master by July 15, 2010.

Class Procedures: No steps have yet been taken with respect to the scheduling of class procedures. The parties are to meet and confer and report to the Special Master regarding proposed class procedures by July 15, 2010.

Further Case Management Conference: A further case management conference is tentatively scheduled for August 24, 2010. That date is tentative, and counsel for defendants and plaintiffs are to report to the Special Master by August 6, 2010, as to whether they believe that a case management conference is worthwhile, and a tentative agenda for that conference.

Filing And Destruction Of Documents: It was agreed that when documents are filed on the electronic filing system of the Court, it is not necessary or desirable that additional paper copies be sent to the Special Master; provided however, that the Special Master does want paper copies of documents filed by the two lead plaintiffs' counsel and by the coordinating counsel for

4

the defendants. The parties also agreed that the Special Master need not maintain files of copies of documents which have been filed on the Court's electronic system.

The Special Master recommends that the Court approve and adopt this report.

Respectfully submitted,

May 20, 2010
Date

*Charles A. Legge*

Hon. Charles A. Legge
United States District Judge (Ret.)
Special Master

Approved and Adopted.

6/3/10
Date

Hon. Samuel C
United States D

*IT IS SO ORDERED*
*Judge Samuel Conti*

5