Toshiba Exhibit G

ROBERT M. BRAMSON
ALAN R. PLUTZIK
DANIEL E. BIRKHAEUSER
JENNIFER S. ROSENBERG
MICHAEL S. STRIMLING
JENELLE WELLING

**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
2125 OAK GROVE ROAD, SUITE 120
WALNUT CREEK, CALIFORNIA 94598
E-MAIL: INFO@BRAMSONPLUTZIK.COM

PAUL F. MAHLER
JOSHUA D. BOXER
Of Counsel

FACSIMILE
(925) 945-8792

TELEPHONE
(925) 945-0200

September 12, 2014

Lucius B. Lau, Esq.
White and Case
701 Thirteenth St., NW
Washington, D.C. 20005-3807

Re:   *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944 SC

Dear Mr. Lau:

Your letter of September 11 asks us to explain why the dates you unilaterally selected for the depositions of Messrs. Milliken and Kawano are inconvenient. We are happy to do so. You chose the major Jewish holidays for these depositions. Rosh Hashanah begins at sundown on September 24. Yom Kippur begins at sundown on October 3. Several members of the Plaintiff groups closely involved with these depositions observe these holidays. The deposition dates interfere with their preparation and travel plans in an unacceptable way. To analogize, it is as if you had selected December 25 for a deposition. No reasonable attorney would insist that the depositions take place then, given that there are many alternative dates that could have been chosen.

These circumstances and others render the dates you selected inconvenient. If you still wish to involve Judge Walker, please provide him with this letter. In the future, Plaintiffs would appreciate your extending the courtesy previously extended in scheduling depositions, by offering a range of dates in the first instance so that these problems do not arise.

Toshiba should be especially mindful and respectful of the burdens placed upon its opposing counsel as a result of Toshiba's tardiness in agreeing to schedule these depositions. Toshiba disclosed these witnesses in its supplemental disclosure on August 1, 2014, then refused to respond to plaintiffs' request for deposition dates for any of these witnesses. It was not until after plaintiffs were forced to file a motion to compel that Toshiba offered a date for two of these witnesses. Furthermore, all of the dates Toshiba proposes fall after the close of fact discovery. Toshiba assumed, without permission of the Court or concurrence of plaintiffs' counsel, that its self-granted extension of time would be agreeable. It is not. The discovery deadline is for the benefit of all parties, not only of Toshiba, so that other trial preparation can begin to take place. Because Plaintiffs did not anticipate taking depositions after the close of fact discovery, it should have gone without saying that extra consideration for plaintiffs' calendars would be extended. Instead, the contrary has occurred. Toshiba's tone is not appreciated.

BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
September 12, 2014
Page 2

    Nonetheless, mindful of the many other tasks ahead in this litigation, Plaintiffs can take the deposition of Mr. Kawano at any time during the first second and third weeks of October, i.e., between October 14 and October 24, excluding October 13. We can schedule Mr. Milliken any time during the last week of October. Please choose three consecutive days for Mr. Kawano and one for Mr. Milliken during these weeks, or propose two other alternatives for each.

    On September 10, you first offered a (single) date for Mr. Bond's deposition. I will consult with other plaintiffs' counsel and the Attorney General and let you know whether that date is acceptable.

    Your offer to have Mr. Kawano's deposition take place in San Francisco rather than in Washington, D.C. is appreciated, although not necessary because the Deposition and Discovery Protocol provides that the depositions of all non-U.S. resident witnesses must take place in San Francisco unless there is good cause shown for it to be taken elsewhere. Plaintiffs therefore expect to take Mr. Kawano's deposition in San Francisco regardless of the date. We will let you know where we intend to take it before serving the deposition notice.

    Please respond no later than September 16 so that we can move forward in planning.

                                            Very truly yours,

                                        BRAMSON, PLUTZIK, MAHLER
                                        & BIRKHAEUSER, LLP

                                        Daniel E. Birkhaeuser

DEB:pt
71694