Toshiba Exhibit M

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2280 Union Street
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

September 28, 2014

**VIA EMAIL AND HAND DELIVERY**

**Via Email: jay.weil@fedarb.com**

Hon. Vaughn R. Walker (Ret.)
c/o Mr. Jay Weil
FEDERAL ARBITRATION, INC.
288 Hamilton Avenue, 3rd Floor
Palo Alto, CA 94301

Re:   *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917
      Reply In Support of Motion to Compel Toshiba to Produce Witnesses

Dear Judge Walker:

Plaintiffs[1] submit this reply in support of their motion to compel the Toshiba defendants ("Toshiba") to produce witnesses identified in their Amended Initial Disclosures.[2]

Plaintiffs filed this motion after Toshiba served a set of "Amended Initial Disclosures" on August 1, 2014 – just over a month before the close of fact discovery – identifying five witnesses that Plaintiffs have not deposed.[3] In these Amended Initial Disclosures, Toshiba claimed that these witnesses have information that Toshiba "may use to support their claims or defenses."

Plaintiffs wrote to Toshiba immediately and requested deposition dates for all of these newly-identified witnesses. As Plaintiffs explained in their initial letter brief, Toshiba responded tardily to Plaintiffs' request. Indeed, by the time Plaintiffs filed this motion on September 2, Toshiba had offered only one of the five witnesses for deposition. After Plaintiffs filed the motion, Toshiba offered the depositions of two more, Clayton Bond and Tomoyuki Kawano. All

---

[1] This letter brief is sent on behalf of the Indirect Purchaser Plaintiffs ("IPPs"), the Direct Action Plaintiffs ("DAPs"), and the Attorney General of the State of California (jointly, "Plaintiffs").

[2] Plaintiffs filed their motion on September 2, 2014.

[3] (1) Clayton Bond; (2) Charles Farmer; (3) John Milliken; (4) Tomoyuki Kawano; and (5) Tomohito Amano.

Hon. Vaughn R. Walker (Ret.)
September 28, 2014
Page **2** of **3**

of the dates Toshiba has proposed are after the close of discovery. Despite the fact that Toshiba never sought an extension of the fact discovery cut off from Plaintiffs or the Court, those depositions are now being scheduled.

But Toshiba has still failed to offer dates for the depositions of Charles Farmer or Tomohito Amano. Toshiba's explanations strain credulity.

Toshiba asserts:

> We identified Mr. Amano as someone who may have information that the Toshiba Defendants may use to support their claims or defenses. Upon further review, we have concluded otherwise. Thus, a deposition of Mr. Amano is now unnecessary.

Plaintiffs know that Mr. Amano has information relevant to this action. Plaintiffs asked Toshiba for Mr. Amano's deposition almost two years ago. At that time, Toshiba told Plaintiffs that Mr. Amano was a former employee and could not be produced. Plaintiffs were therefore surprised when Toshiba included his name in its Amended Initial Disclosures. But it makes no sense that Mr. Amano could somehow have "lost" his knowledge of Toshiba's claims and defenses in just over one month's time.

In its opposition brief, Toshiba claims that this situation is different from its refusal to produce witnesses now located at Japan Display, Inc. Toshiba insists that it is not playing a game of "cat and mouse" *this time* around. The facts demonstrate otherwise.

Toshiba has been far from candid in its Rule 26 Disclosure. "Rule 26(e) creates a 'duty to supplement,' not a right." *Luke v. Family Care and Urgent Medical Clinics* (9th Cir. 2009) 323 Fed.Appx. 496, 500. On August 1, 2014, Toshiba disclosed that Mr. Amano was knowledgeable about its claims and defenses.[4] Yet in a letter dated September 11, 2014, Toshiba claimed that Mr. Amano no longer has such knowledge. *See* Attachment 2 to Toshiba's Opposition to Plaintiffs' Motion. Toshiba has never explained how or why Mr. Amano was suddenly dispossessed of knowledge. Tellingly, Toshiba has never amended its Rule 26 Disclosure to *remove* Mr. Amano as a witness with knowledge.

Toshiba has also been unable to explain why it cannot provide a deposition date for Charles Farmer. Almost seven weeks have passed since the Amended Initial Disclosures and Plaintiffs' request to depose Mr. Farmer.

---

[4] In fact, Toshiba disclosed that Mr. Amano had knowledge of "CRT manufacturing, CRT pricing and sales, the CRT and CRT finished product markets, CRT technology, and the allegations in the complaints." *See* Toshiba's Amended Rule 26 (A)(1) Initial Disclosures attached as Exhibit A to the Declaration of Daniel E. Birkhaeuser in Support of Plaintiff's Motion to Compel Production of Witnesses, pp.2:27- 3:3.

Hon. Vaughn R. Walker (Ret.)
September 28, 2014
Page **3** of **3**

      Finally, Plaintiffs note that they have never agreed to take any of these depositions after the discovery cut-off.  Toshiba waited until a month before the close of fact discovery to amend its Initial Disclosures and then failed to make the witnesses available in a timely manner.  Toshiba apparently assumes that it can produce these witnesses when it is convenient for Toshiba.  But the discovery cut-off was not only for Toshiba's benefit.  Toshiba's "one way waiver" of the discovery cut-off continues to prejudice Plaintiffs.  Plaintiffs have a great deal of work to accomplish in preparing for summary judgment and trial, and did not expect to be taking merits depositions late into the fall.  As matters stand now, even the three depositions that Toshiba has agreed to schedule are cutting significantly into Plaintiffs' preparation time.[5]

      While Toshiba's tactics regarding witness availability would certainly support an order that Mr. Amano and Mr. Farmer be produced in San Francisco at Plaintiffs' convenience, there is an alternative that makes more sense at this point.

      Plaintiffs ask that Your Honor order Toshiba to amend its Rule 26 Disclosures to reflect the true facts about Mr. Amano in accordance with its latest representations to the Plaintiffs and the Court.  In addition, Plaintiffs request that Your Honor declare Mr. Amano and Mr. Farmer unavailable, like Michael Du, Seiichi Fukunaga and Michihiro Yoshino, and rule the documents associated with them be admitted for all purposes at trial.  Plaintiffs also ask that Your Honor rule that these witnesses are precluded from testifying on Toshiba's behalf at trial.  Such a ruling would accommodate both Plaintiffs' and Toshiba's concerns.

      Sincerely,

*/s/ Mario N. Alioto*

Mario N. Alioto
Trump Alioto Trump & Prescott LLP
Interim Lead Counsel for the Indirect Purchaser Plaintiffs

cc:  All counsel (*via* electronic mail)

---

[5] The dates currently under consideration for the depositions of Messrs. Bond and Kawano are October 16 and October 27-29, respectively.  Under the current pretrial schedule, Defendants will file their summary judgment motions on November 7, 2014; Plaintiffs' oppositions are due on December 23, 2014.  In the interim, Plaintiffs are required to serve their trial exhibit list, deposition excerpts, and witness lists on defendants on December 5, 2014.  To be able to focus on the summary judgment opposition briefing, which will no doubt be substantial, Plaintiffs are already preparing their trial exhibit lists, deposition excerpts and witness lists.  Toshiba's failure to identify its witnesses in a timely manner, thereby forcing Plaintiffs to take depositions after the discovery cut off, is distracting Plaintiffs from this work.  Whether intended or not, Toshiba's tactics have already prejudiced Plaintiffs.