Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 204-7356
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to:

*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-1173.

Case No. 07-cv-5944 (SC)

MDL No. 1917

**SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR CASE MANAGEMENT CONFERENCE**

Honorable Samuel Conti

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs, Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. ("Sharp"), respectfully submit that the answer to each of the questions posed in the Court's November 20, 2014 Order is "yes."

*First*, ordering a second notice and opt-out period would in no way violate the rule set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Such an order would not contravene any aspect of the Settlement Agreements, which recognize (as they must) that pursuant to Rule 23(d), it is for the Court, not the parties, to determine what notice and opt-out opportunity is appropriate to "protect the class members and fairly conduct this action." The contrary position taken by Hitachi and SDI misconstrues the Agreements, disregards the Court's broad discretion under Rule 23(d), and ignores the well-settled principle that the Court's duty to review a settlement's overall fairness is distinct from its authority to direct appropriate notice.

*Second*, the rule recognized by *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178-79 (1974), is that, as a general matter, the costs of notice may not be *imposed* on a party who is not the proponent of class certification. Here, Sharp has *offered* to bear the costs of the proposed procedure. Neither *Eisen* nor any other authority prohibits the Court from accepting that offer.

**I.   It Is Well Within the Court's Discretion To Order a Second Notice and Opt-Out Period**

Under Rule 23(d)(1)(B), the Court has broad discretion to take those actions necessary "to protect class members and fairly conduct the action." Nothing in the Settlement Agreements prevents the Court from exercising that discretion by requiring a second notice and opt-out period. The paragraphs cited by Hitachi and SDI certainly do not have that effect. To the contrary, those provisions recognize that the parties' *proposal* for the provision of notice is subject to review and approval by the Court. (*See, e.g.*, SDI Agmt. at ¶ 9 ("Plaintiffs shall submit to the Court a motion for authorization to disseminate notice of the settlement . . . . The Motion shall include (i) a *proposed* form of, method for, and date of dissemination of notice . . . .") (emphasis added); Hitachi Agmt. at ¶ 9 (same).) The Settling Parties' Motion for Final Approval likewise acknowledges that the Court's approval of the settlements will be based *not* on the process for notice that the parties proposed, but on the notice and opt-out opportunity that is

actually given under the Court's direction. (*See* MDL Dkt. No. 2728 at 11-13.) Nor do the Settlement Agreements provide that they will no longer be binding if the Court determines, in its discretion, that the parties' notice proposal requires modification. While Hitachi and SDI now claim that they understood there would be only one opt-out period, the Settlement Agreements are in no way contingent on there being only one such period. Nor is that purported understanding in any other way reflected in the Settlement Agreements, each of which contains an integration clause. (*See* SDI Agmt. ¶ 35; Hitachi Agmt. ¶ 35.)

In short, a decision by this Court that a second notice and opt-out period is warranted "to protect class members and fairly conduct the action" would not modify any provision of the Settlement Agreements, require rejection of those Agreements, or constitute an improper exercise of the Court's discretion under Rule 23. As the Supreme Court has explained, while it "commonly is agreed that the [district] court should order one of the parties" to perform the tasks necessary to provide appropriate notice, it is the *Court's* duty to ensure that the notice is appropriate under the circumstances. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 & n.21; *see also Hanlon*, 150 F.3d at 1025 ("Fed. R. Civ. P. Rule 23(d) vests a district court with the authority and discretion to protect the interests and rights of class members and to ensure its control over the integrity of the settlement approval process.").

Consistent with these principles, several courts have exercised their authority to require that additional notice and an opportunity to opt out be provided to class members. So, for example, in *Kaufman v. American Express Travel Related Services, Inc.*, 283 F.R.D. 404 (N.D. Ill. 2012), the court, upon learning of the response rate to the court-approved notice plan, held that "before the court will enter an order granting final approval of the Settlement, the Settling Parties must make further efforts to notify the members of the class." *Id.* at 405, 407. As that court recognized, "order[ing] the Settling Parties to undertake a second round of notice," did not require the court to "reject the settlement in its entirety." *Id.* at 408. And in *In re Jevic Holding Corp.*, No. 08-11006, 2010 WL 3431985, at *3 (Bankr. D. Del. Aug. 27, 2010), the court ordered an additional notice in order to clarify whether 143 individuals had opted out. In *Hanlon* itself, the court reopened a judgment approving the parties' settlement so a defect in the first notice

could be cured through provision of a second notice. *See* 150 F.3d at 1019.[1] Other courts have altered the proposed notices submitted by settling parties. *See, e.g.*, *Eddings v. Health Net, Inc.*, No. 10-cv-1744, 2013 WL 169895, at *6 (C.D. Cal. Jan. 16, 2013).

Notwithstanding the foregoing authority, Hitachi and SDI contend that Rule 23(e)(4) constrains the Court's authority to provide a second notice and opt-out opportunity in this case. (Br. at 2.) But they offer no support for that position, other than a misreading of Rule 23(e)(4). That amendment to Rule 23 provides merely that a court may refuse to approve a class settlement if it does not give members of an already certified class a second opportunity to opt out. Nothing in its text or history suggests that it is intended to abrogate courts' pre-existing authority under Rule 23(d) to require notice, a second opt-out period, or other procedural safeguards where the Court determines that doing so is appropriate to "protect class members and fairly conduct the action." *See Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 464 (N.D. Cal. 1994) (requiring notice and an opportunity to opt out of Rule 23(b)(2) class).

Here, there is no question that implementing the proposed procedure would serve those purposes. As the DPPs explain, by providing a second notice and opportunity to opt out, the Court can avoid a substantial delay in the finality of the settlements, and thus protect "one of the chief benefits of settlement—certain and immediate payment." (Br. at 2.) The Court can also mitigate the risk that no settlement will occur at all because of the issues raised by Sharp's appeal. Finally, Sharp's proposal would permit the Court, should it choose to do so, to address the concern it expressed at the Fairness Hearing, that the disclosure of what the actual attorneys' fees will be should not be delayed "until the very end." (Aug. 22, 2014 Hr'g Tr. at 24.) Class counsel could be ordered to file promptly its request for attorneys' fees, which would provide the class the opportunity to consider the fairness of the settlement as a whole in relation to the requested fees.

---

[1] *See also, e.g.*, *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1012 (9th Cir. 2012) (discussing Massachusetts district court's decision to allow one class member a "second opportunity to opt out from the settlement class" where one settlement term that drew only one objection "had not been clearly stated in the notice"); *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 353 (6th Cir. 2009).

Indeed, the common and preferred practice is that a motion for attorneys' fees be filed at or about the same time as the motion for final approval of the settlement, and *prior* to the deadline for opt-outs and objections to the settlement. *See* Fed. R. Civ. P. 23(h)(1) advisory committee's note ("[N]otice of class counsel's fee motion should be combined with notice of the proposed settlement . . . ."); *Eddings*, 2013 WL 169895, at *6-7 (requiring fees motion to "be filed with the Court no later than **15 days *before*** the time for Class Members to object or seek exclusion").[2]

## II. The Court May Accept Sharp's Offer To Pay for the Costs of the Second Notice

*Eisen* does not prevent the court from allowing a *willing* party like Sharp to bear the costs of providing a class notice, even if that party is not the proponent of class certification. Rather, "[t]he question in *Eisen* was whether a judge may *order* the defendant to foot the bill for sending notice to the class . . . ." *Rand v. Monsanto Co.*, 926 F.2d 596, 599-600 (7th Cir. 1991) (emphasis added) (permitting class *counsel* to pay for class notice). Thus, in many class settlements, defendants, by agreement, pay the costs of notice, *see, e.g.*, *Weeks v. Kellogg Co.*, No. 09-cv-8102, 2013 WL 6531177, at *3, *29 (C.D. Cal. Nov. 23, 2013); *Horn v. Bank of Am., N.A.*, No. 12-cv-1718, 2014 WL 1455917, at *6 (S.D. Cal. Apr. 14, 2014); *Trombley v. Nat'l City Bank*, 826 F. Supp. 2d 179, 184 (D.D.C. 2011), thereby "ensur[ing] that more money would be available to pay claimants" and "confer[ing] a concrete benefit on the class." *Weeks*, 2013 WL 6531177, at *29. Nor would permitting Sharp to pay for a second notice constitute a modification of the Settlement Agreements, as Hitachi and SDI claim. Both agreements expressly provide that the "procedure for and the allowance or disallowance by the Court of the application by Class Counsel for . . . costs and expenses . . . *are not part of this Agreement*, and are to be considered by

---

[2] *See also* William B. Rubenstein, *Newberg on Class Actions* § 8:24 (5th ed. 2013) (courts "routinely" link "together settlement notice and objections with fee notices and objections"); *Manual for Complex Litig.*, Fourth, § 21.722 (2004); *Miller v. Ghirardelli Chocolate Co.*, No. 12-4936, 2014 WL 4978433, at *8 (N.D. Cal. Oct. 2, 2014) (requiring fees petition to be filed "at the same time" as the motion for final approval of the settlement); *Steinfeld v. Discover Fin. Servs.*, No. 12-1118, 2014 WL 1309352, at *4 (N.D. Cal. Mar. 31, 2014) (approving notice that made fee motion available "before the deadline for submission of requests for exclusion or objections"); *Mason v. Heel, Inc.*, No. 12-cv-3056, 2014 WL 1664271, at *7 (S.D. Cal. Mar. 13, 2014) ("class members' deadline to object or opt out must arise after class counsel's fee motion is filed").

the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement." (SDI Agmt. ¶ 23(c); Hitachi Agmt. ¶ 23(c).)[3]

* * *

Hitachi and SDI suggest that it was improper for Sharp to bring to the Court's attention the issues raised in its Motion for Case Management Conference. (Br. at 1.) But these issues are significant and threaten a true harm to the class—as confirmed by class counsel, who is charged with a fiduciary duty to protect the interests of class members, and who agrees that a second notice and opt-out period is appropriate. Hitachi and SDI do not address the unintended injuries that would befall the class members if this procedure is not implemented. Instead, they speculate that a second-opt out period could create "confusion" to class members (*id.* at 4)—without recognizing that other courts have navigated such issues and that the solution here would be as simple as explaining in the notice that members who opted out previously need not do so again. The concern that this procedure would force the parties to the DPP litigation "to resume litigating" and thus interfere with the Court's current trial schedule (*id.* at 5) is also misplaced. The DPPs are not scheduled to participate in the March 9 trial regardless of the outcome of their motion for final approval of the settlements. In any event, the proposed procedure would not nullify the proposed settlements or force Hitachi and SDI to resume litigating against the DPPs. Instead, requiring a second notice and opt-out opportunity would expedite and facilitate final approval of the Settlement Agreements, thereby reducing any risk that these claims will ever need to be tried. And, to the extent Hitachi and SDI are suggesting that *Sharp's* claims against them could not be ready for trial by March 9, that is also incorrect. Hitachi and SDI already are preparing for trial on that date against a number of other DAPs, whose claims substantially overlap with Sharp's. Any additional work that might be required by adding Sharp's claims to that proceeding can easily be accomplished in time for the scheduled trial date.

---

[3] Even where there is no offer to pay, "'the district court has some discretion' in allocating the cost of complying with an order concerning class notification." *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1143 (9th Cir. 2009) (quoting *Oppenheimer Fund, Inc.*, 437 U.S. at 350); *see also In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1247 (N.D. Cal. 2000).

DATED: December 4, 2014 By: */s/ Kenneth A. Gallo*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Co. of America, Inc.*