SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:     415-434-9100
Facsimile:     415-434-3947
E-mail:        ghalling@sheppardmullin.com
               jmcginnis@sheppardmullin.com
               mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1448
Telephone:     213-620-1780
Facsimile:     213-620-1398
E-mail:        heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**SDI DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS LODGED IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. STEPHAN HAGGARD** |
| This Document Relates to:<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* No. 11-cv-05502;<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* No. 11-cv-06396;<br><br>*Costco Wholesale Corporation v. Hitachi, Ltd., et al.,* No. 11-cv-06397;<br><br>(CONTINUED ON NEXT PAGE) | |

SMRH:435338188.1                             SDI DEFENDANTS' ADMINISTRATIVE MOTION
                                                             TO SEAL DOCUMENTS

1  *Dell Inc. and Dell Products L.P., v. Hitachi, Ltd., et al*, No. 13-cv-02171;

2

3  *Electrograph Systems, Inc. and Electrograph Technologies Corp., v. Hitachi, Ltd., et al.*, No. 11-cv-01656;

4

5  *Interbond Corporation of America v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

6  *Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276;

7

8  *P.C. Richard & Son Long Island Corp., Marta Coooperative of Am., Inc., ABC Appliance, Inc. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

9

10  *Schultze Agency Services, LLC, on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

11

12  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

13

14  *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

15  *Tech Data Corp and Tech Data Product Management, Inc., v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

16

17  *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 14-02510.

18

19

20

21

22

23

24

25

26

27

28

Pursuant to the Civil Local Rules of the United States District Court, Northern District of California 7-11 and 79-5(d) and (e), Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI") hereby bring this administrative motion to file the following documents under seal:

1. SDI's Notice of Motion and Motion to Exclude Expert Testimony of Dr. Stephan Haggard ("Daubert Motion"); and

2. Exhibits 1-2 of the Declaration of James L. McGinnis in Support of SDI's Daubert Motion ("McGinnis Declaration").

SDI seeks to file these documents under seal as they reflect, contain or refer to material SDI has designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306).  Civil Local Rule 79-5(d)(1) provides that if a party wishes to file a document under seal, the party must file an administrative motion to file under seal in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that the documents sought to be filed under seal are sealable.  SDI's administrative motion is supported by the declaration of Helen C. Eckert ("Eckert Declaration").

As set forth in the Eckert Declaration on behalf of SDI, these documents reflect, contain or refer to material that is "privileged, protectable as a trade secret or otherwise entitled to protection under the law."  N.D. Cal. Civ. L.R. 79-5(b).  The documents listed above consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information, including, among other commercially sensitive business information and strategies, confidential information about SDI's sales strategies and sales volume to specific customers, component cost information, customer relationships, production networks, competitive positions, and personal employment history of certain SDI individuals.  This information is confidential commercial information, the disclosure of which would prejudice SDI both in its commercial relationships with customers and suppliers and in its competitive efforts.  Accordingly, both good cause and compelling reasons exist for these documents to remain under seal.

In addition, as set forth in the Eckert Declaration, SDI seeks to file documents that reflect,

1  contain or refer to material that certain parties other than SDI have designated as "Confidential,"
2  "Highly Confidential" or "Attorneys' Eyes Only."  Civil Local Rule 79-5(e) provides that if a
3  party wishes to file a document that has been designated confidential by another party, or if a party
4  wishes to refer in a memorandum to information so designated by another party, the submitting
5  party must file an administrative motion to seal and the designating party must file a declaration
6  within four days of filing the administrative motion to seal establishing that the designated
7  material is sealable.  N.D. Cal. Civ. L.R. 79-5(e).

8  Because Civil Local Rule 79-5(d)(1)(A) prohibits the sealing of documents by agreement
9  of the parties, the parties are unable to enter into such as stipulation.  *See* N.D. Cal. Civ. L.R. 7-11
10 (requiring explanation for why a stipulation could not be obtained in lieu of the administrative
11 motion to seal).

13 Dated:  December 5, 2014                Respectfully submitted,

14                                         By:    */s/  Helen C. Eckert*

15                                                SHEPPARD MULLIN RICHTER & HAMPTON LLP
                                                  Helen C. Eckert, Esq.
16                                                333 South Hope Street, 43rd Floor
                                                  Los Angeles, California  90071-1448
17                                                Telephone:      213-620-1780
                                                  Facsimile: 213-620-1398
18                                                E-mail:    heckert@sheppardmullin.com

20                                                *Counsel for Defendants Samsung SDI Co., Ltd.,*
                                                  *Samsung SDI America, Inc., Samsung SDI (Malaysia)*
21                                                *SDN. BHD., Samsung SDI Mexico S.A. de C.V.,*
                                                  *Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co.,*
22                                                *Ltd., and Tianjin Samsung SDI Co., Ltd.*