1   SHEPPARD MULLIN RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2       Including Professional Corporations
    GARY L. HALLING, Cal. Bar No. 66087
3   JAMES L. MCGINNIS, Cal. Bar No. 95788
    MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4   Four Embarcadero Center, 17th Floor
    San Francisco, California  94111-4106
5   Telephone:     415-434-9100
    Facsimile:     415-434-3947
6   E-mail:        ghalling@sheppardmullin.com
                   jmcginnis@sheppardmullin.com
7                  mscarborough@sheppardmullin.com

8   HELEN C. ECKERT, Cal. Bar No. 240531
    333 South Hope Street, 43rd Floor
9   Los Angeles, California  90071-1448
    Telephone:     213-620-1780
10  Facsimile:     213-620-1398
    E-mail:        heckert@sheppardmullin.com
11
    Attorneys for Defendants
12  SAMSUNG SDI CO., LTD.,
    SAMSUNG SDI AMERICA, INC.,
13  SAMSUNG SDI (MALAYSIA) SDN. BHD.,
    SAMSUNG SDI MEXICO S.A. DE C.V.,
14  SAMSUNG SDI BRASIL LTDA.,
    SHENZHEN SAMSUNG SDI CO., LTD. and
15  TIANJIN SAMSUNG SDI CO., LTD.

16                  UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18                    SAN FRANCISCO DIVISION

19
    IN RE: CATHODE RAY TUBE (CRT)          Case No. 07-5944 SC
20  ANTITRUST LITIGATION
                                           MDL No. 1917
21
    This Document Relates to:
22
    *Alfred H. Siegel, as Trustee of the Circuit City*   **DECLARATION OF HELEN C. ECKERT**
23  *Stores, Inc. Liquidating Trust v. Hitachi, Ltd.,*   **IN SUPPORT OF SDI DEFENDANTS'**
    *et al.*, No. 11-cv-05502;                            **ADMINISTRATIVE MOTION TO SEAL**
24                                                        **DOCUMENTS LODGED IN SUPPORT OF**
    *CompuCom Systems, Inc. v. Hitachi, Ltd., et*        **MOTION TO EXCLUDE EXPERT**
25  *al.*, No. 11-cv-06396;                               **TESTIMONY OF DR. STEPHAN**
                                                          **HAGGARD**
26  *Costco Wholesale Corporation v. Hitachi,*
    *Ltd., et al.*, No. 11-cv-06397;
27
    (CONTINUED ON NEXT PAGE)
28

1  *Dell Inc. and Dell Products L.P., v. Hitachi, Ltd., et al,* No. 13-cv-02171;

2

3  *Electrograph Systems, Inc. and Electrograph Technologies Corp., v. Hitachi, Ltd., et al.,* No. 11-cv-01656;

4

5  *Interbond Corporation of America v. Hitachi, Ltd., et al.,* No. 11-cv-06275;

6  *Office Depot, Inc. v. Hitachi Ltd., et al.,* No. 11-cv-06276;

7

8  *P.C. Richard & Son Long Island Corp., Marta Coooperative of Am., Inc., ABC Appliance, Inc. v. Hitachi, Ltd., et al.,* No. 12-cv-02648;

9

10  *Schultze Agency Services, LLC, on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.,* No. 12-cv-02649;

11

12  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 11-cv-05514;

13

14  *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 11-cv-05514;

15  *Tech Data Corp and Tech Data Product Management, Inc., v. Hitachi, Ltd., et al.,* No. 13-cv-00157;

16

17  *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 14-02510.

18

19

20

21

22

23

24

25

26

27

28

I, Helen C. Eckert, declare as follows:

1.      I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI").  I submit this declaration pursuant to Civil Local Rule 79-5(d) to establish that documents or portions of documents containing "Confidential" and "Highly Confidential" information pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306) and submitted to the Court in connection with SDI's Motion to Exclude Expert Testimony of Dr. Stephan Haggard are sealable.  Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2.      SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306).

3.      On December 5, 2014, SDI filed an Administrative Motion to Seal and lodged the following documents under seal pursuant to Civil Local Rules 7-11 and 79-5(d) and (e):

       a.      SDI's Notice of Motion and Motion to Exclude Expert Testimony of Dr. Stephan Haggard ("Daubert Motion"); and

       b.      Exhibits 1-2 of the Declaration of James L. McGinnis in Support of SDI's Daubert Motion ("McGinnis Declaration").

4.      Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of SDI to provide the basis for the Court to maintain under seal certain documents and information designated by SDI as "Confidential" or "Highly Confidential" pursuant to the Protective Order, and all references to those documents and information in the Daubert Motion and exhibits to the McGinnis Declaration.

5.      Specifically, SDI requests the following documents and excerpts of documents to be maintained under seal: (a) Exhibit 1 to the McGinnis Declaration (the April 15, 2014 expert report of Dr. Stephan Haggard, the Direct Action Plaintiffs' expert witness); (b) Exhibit 2 to the

-1-

1    McGinnis Declaration (excerpts from the July 10, 2014 deposition of Dr. Stephan Haggard); and

2    (d) SDI's Daubert Motion.

3         6.     Exhibit 1 to the McGinnis Declaration is the April 15, 2014 expert report of Dr.

4    Stephan Haggard, the Direct Action Plaintiffs' expert witness ("Haggard Report").  The entirety of

5    the Haggard Report has been designated "Highly Confidential" under the Protective Order.  The

6    Haggard Report reflects, contains or refers to confidential information concerning SDI's business

7    practices, corporate structure and governance, component cost information, sales strategy,

8    customer relationships, production networks, and employment histories of top personnel.  I am

9    informed and believe that public disclosure of this sensitive information presents a risk of

10   undermining SDI's business relationships, causing SDI harm with respect to its competitors and

11   customers, and/or competitively disadvantaging SDI.

12        7.     The Haggard Report also reflects, contains or refers to materials produced in this

13   action which SDI designated "Confidential" or "Highly Confidential," including excerpts from the

14   transcript of the deposition of Jae In Lee, whom SDI designated as a Fed. R. Civ. P. 30(b)(6)

15   witness.  SDI designated these excerpts of the deposition transcript "Highly Confidential" under

16   the Protective Order.  These excerpts contain, cite and/or identify confidential information

17   concerning SDI's business practices, sales strategies and sales volume to specific customers,

18   customer relationships, and CRT component cost information.  I am informed and believe that

19   SDI treats such information as highly confidential and has taken reasonable measures to safeguard

20   it from disclosure outside the company.  I am informed and believe that public disclosure of this

21   highly sensitive information presents a risk of undermining SDI's business relationships, causing

22   SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.

23   The Court previously sealed excerpts from this deposition when they were submitted as exhibits to

24   the Declaration of Eva W. Cole in Support of Defendants' Opposition to Motion of Indirect-

25   Purchaser Plaintiffs for Class Certification and Motion to Strike (Dkt. No. 1512) and the

26   Declaration of Mona Solouki in Support of Defendants' Opposition to Direct Purchaser Plaintiffs'

27   Motion for Class Certification (Dkt. No. 1946).

28

8.      The Haggard Report also reflects, contains or refers to  SDI's Responses to Dell Plaintiffs' Second Set of Requests for Admissions ("SDI's RFA Responses"), designated by SDI as "Confidential" under the Protective Order.  SDI's RFA Responses include confidential, nonpublic, and sensitive business information about SDI's management structure, as well as the nonpublic employment histories of certain individuals at SDI.  I am informed and believe that this is sensitive information, and public disclosure of this information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.  SDI has also previously moved to seal Exhibit 1 pursuant to SDI's Motion for Partial Summary Judgment for Lack of Standing as to Direct Action Plaintiffs' Sherman Act Damage Claims Based on CRT Product Purchases from Samsung Electronics, filed November 7, 2014 (Dkt. No. 2980).  Accordingly, Exhibit 1 should be maintained under seal.

9.      Exhibit 2 to the McGinnis Declaration contains excerpts from the July 10, 2014 deposition of Dr. Stephan Haggard.  SDI designated these excerpts of the deposition transcript "Highly Confidential" under the Protective Order.  These excerpts identify sensitive information concerning SDI's business practices, strategies, corporate structure, corporate governance, and customer relationships.  They also identify sensitive information concerning Dr. Haggard's methodology in analyzing purported corporate relationships between SDI, Samsung Electronics Co., Ltd., and the "Samsung Group."  I am informed and believe that public disclosure of this sensitive and confidential information would present a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.  SDI has also previously moved to seal Exhibit 2 pursuant to SDI's Motion for Partial Summary Judgment for Lack of Standing as to Direct Action Plaintiffs' Sherman Act Damage Claims Based on CRT Product Purchases from Samsung Electronics, filed November 7, 2014 (Dkt. No. 2980).  Accordingly, Exhibit 2 should be maintained under seal.

10.     SDI's Daubert Motion reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order, including Exhibits 1-2 of the McGinnis Declaration.  As with the exhibits themselves, I

understand that SDI considers any statements in the Daubert Motion purporting to summarize the exhibits or any other documents or information designated as "Confidential" or "Highly Confidential" by SDI to be confidential and proprietary, and that public disclosure of such information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.  Accordingly, SDI's Daubert Motion should be maintained under seal.

11.     In addition, the documents lodged under seal reflect, contain or refer to  documents or information designated as "Confidential" or "Highly Confidential" by parties other than SDI, including but not limited to the following:

      a.     Exhibit 1 to the McGinnis Declaration reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by Direct Action Plaintiffs and third party Samsung Electronics Co., Ltd.

      b.     SDI's Daubert Motion reflects, contains or refers to  documents or information designated as "Confidential" or "Highly Confidential" by Direct Action Plaintiffs and third party Samsung Electronics Co., Ltd., including but not limited to Exhibit 1 to the McGinnis Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of December 2014 in Los Angeles, California.


*/s/ Helen C. Eckert*
Helen C. Eckert