Michael P. Kenny, Esq. (admitted *pro hac vice*)
mike.kenny@alston.com
Debra D. Bernstein, Esq. (admitted *pro hac vice*)
debra.bernstein@alston.com
Matthew D. Kent, Esq. (admitted *pro hac vice*)
matthew.kent@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
100 Spear Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

**[Additional Counsel Listed on Signature Page]**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-md-05944-SC (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: Individual Cases: No. 13-cv-2171 (SC); 11-cv-5502 (SC) | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY EXCLUDE THE EXPERT REPORT AND OPINIONS OF JANUSZ A. ORDOVER, PH.D.** |
| *Dell Inc., et al. v. Hitachi Ltd. et al.*, No. 13-cv-02171. | |
| *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262*;* | Judge: Honorable Samuel Conti Data:  February 27, 2015 Time: 10:00 a.m. Ctrm: 1, 17th Floor |
| *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514-SC | **[FILED UNDER SEAL]** |
| *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; | |
| *Siegel v. Technicolor SA,* No. 13-cv-05261 | |

*Target Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;

*Target Corp. v. Technicolor SA,* No. 13-cv-05686;

*ViewSonic Corporation v. Chunghwa Picture Tubes Ltd.*, No. 14-cv-2510

*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-01656-SC

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 3:13-cv-05724-SC

*CompuCom Sys., Inc. v. Hitachi, Ltd., et al.*, No. 3:11-cv-06396-SC

*Interbond Corp. of Am. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06276-SC

*Interbond Corp. of America v. Technicolor SA, et al.*, No. 3:13-cv-05727-SC

*Office Depot, Inc. v. Hitachi, Ltd. et al*, No. 3:11-cv-06276-SC

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 3:13-cv-05726-SC

*P.C. Richard & Son Long Island Corp., et al., v. Hitachi, Ltd., et al.¸* No. 3:12-cv-02648-SC

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 3:13-cv-05725-SC

*Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, No. 3:12-cv-2649-SC

*Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Technicolor SA., et al.*, No. 3:13-cv-05668-SC

*Tech Data Corporation; Tech Data Product Management, Inc.; v. AU Optronics Corp., et al.,* No. 13-cv-00157

DELL'S MOTION TO EXCLUDE EXPERT REPORT AND OPINIONS OF JANUSZ ORDOVER, PH.D.

MASTER FILE NO. 3:07-CV-05944-SC MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

1

**TABLE OF CONTENTS**

2
**Page**

3

4
MEMORANDUM OF POINTS AND AUTHORITIES.................................................................2

5
ISSUES TO BE DECIDED ...............................................................................................2

6
INTRODUCTION .............................................................................................................3

7
LEGAL STANDARD .........................................................................................................4

8
BACKGROUND ...............................................................................................................4

9
ARGUMENT AND CITATION TO AUTHORITIES................................................................6

10
      A.     Dr. Ordover's Report and Opinions Incorporating Dr. Carlton's Alternative

11
             Overcharge Analysis are Unreliable ...............................................................6

12

13

14

15

16

17

18

19

20
...................12

21
CONCLUSION................................................................................................13

22

23

24

25

26

27

28

DELL'S MOTION TO EXCLUDE EXPERT REPORT
AND OPINIONS OF JANUSZ A. ORDOVER, PH.D.          MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

1

2

3

**<u>TABLE OF AUTHORITIES</u>**

4

Cᴀsᴇs

5

6
*Am. Booksellers Ass'n v. Barnes & Noble, Inc.*,
    135 F. Supp. 2d 1031 (N.D. Cal. 2001) ............................................................ 11

7
*Atl. Richfield Co. v. Farm Credit Bank of Wichita*,
    226 F.3d 1138 (10th Cir. 2000) ....................................................................... 12

8

9
*Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*,
    509 U.S. 209 (1993) ......................................................................................... 11

10

11
*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993) .............................................................................. 4, 10, 12

12

13
*Digital Reg of Tex., LLC v. Adobe Sys., Inc.*,
    No. C 12-1971, 2014 WL 4090550 (N.D. Cal. Aug. 19, 2014) ....................... 11

14
*Elcock v. Kmart Corp.*,
    233 F.3d 734 (3d Cir. 2000) ............................................................................ 10

15

16
*Estate of Cape v. United States*,
    No. 11-cv-0357, 2013 WL 4522933 ................................................................. 9

17
*F.T.C. v. Wellness Support Network, Inc.*,
    10-CV-04879-JCS, 2013 WL 5513332 (N.D. Cal. Oct. 4, 2013) ................... 12

18

19
*Gen. Elec. Co. v. Joiner*,
    522 U.S. 136 (1997) ......................................................................................... 10

20

21
*Hemmings v. Tidyman's Inc.*,
    285 F.3d 1174 (9th Cir. 2002) ........................................................................... 4

22
*In re Rezulin Prods. Liab. Litig.*,
    309 F. Supp. 2d 531 (S.D.N.Y. 2004) ............................................................... 9

23

24
*In re Toyota Motor Cor. Unintended Acceleration*,
    978 F. Supp. 2d 1053 (C.D. Cal. 2013) ............................................................. 8

25

26
*J. Truett Payne Co., Inc. v. Chrysler Motors Corp.*,
    451 U.S. 557 (1981) ......................................................................................... 11

27
*Jones v. United States*,
    933 F. Supp. 894 (N.D. Cal. 1996), *aff'd* 127 F.3d 1154 (9th Cir. 1997) ................... 12

28

iv

*Ky. Speedway, LLC v. Nat'l Assoc. of Stock Car Auto Racing, Inc.*,
   588 F.3d 908 (6th Cir. 2009) ................................................................................. 7

*McPhail v. First Command Fin. Planning, Inc.*,
   247 F.R.D. 598 (S.D. Cal. 2007) ........................................................................... 10

*MDG Int'l, Inc. v. Australian Gold, Inc.*,
   No. 1:07-CV-1096-SEB-TAB, 2009 WL 1916728 (S.D. Ind. June 29, 2009) .......................... 10

*Mercedes-Benz USA, Inc. v. Coast Auto. Grp., Ltd.*,
   362 Fed. App'x 332 (3d Cir. 2010) .................................................................... 7, 12

*MySpace, Inc. v. Graphon Corp.*,
   756 F. Supp. 2d 1218 (N.D. Cal. 2010) .............................................................. 4, 5

*Quinones–Pacheco v. Am. Airlines, Inc.*,
   979 F.2d 1 (1st Cir.1992) ..................................................................................... 10

*State Farm Fire & Cas. Co. v. Electrolux Home Prods., Inc.*,
   980 F. Supp. 2d 1031 (N.D. Ind. 2013) ............................................................... 12

*Tunis Brothers Co. v. Ford Motor Co.*,
   124 F.R.D. 95 (E.D. Pa. 1989) ............................................................................... 9

**RULES**

Fed. R. Evid. 702 ................................................................................................. 3, 4, 12

DELL'S MOTION TO EXCLUDE EXPERT REPORT
AND OPINIONS OF JANUSZ ORDOVER, PH.D.

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

## NOTICE OF MOTION AND MOTION TO PARTIALLY EXCLUDE THE EXPERT REPORT
## AND OPINIONS OF JANUSZ A. ORDOVER, PH.D.

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015, or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiffs Dell Inc. and Dell Products L.P. (collectively, "Dell") will and hereby do move this Court for an Order excluding the expert report and opinions of Janusz A. Ordover, Ph.D. to the extent t Filed Under Seal

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

DELL'S MOTION TO EXCLUDE EXPERT REPORT
AND OPINIONS OF JANUSZ A. ORDOVER, PH.D.          MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

## MEMORANDUM OF POINTS AND AUTHORITIES

Dell Inc. and Dell Products L.P. (collectively, "Dell") submit this Memorandum of Points and Authorities in support of their motion to partially exclude the expert report and opinions of Janusz A. Ordover, Ph.D.[1]

### ISSUES TO BE DECIDED

Whether the Court should exclude as unreliable or irrelevant the expert report and opinions of Dr. Ordover to the extent they (Filed Under Seal

_____

[1] Filed Under Seal

Finally, Plaintiffs Target Corp. and Viewsonic Corp. join this motion to the extent Dr. Ordover applies the same analysis in his reports concerning those cases.

2

1

## INTRODUCTION

2   Filed Under Seal

3

4

5

6

7

8   Fed. R. Evid. 702 requires that expert testimony be reliable.   Filed Under Seal

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Filed Under Seal

26

27

28

DELL'S MOTION TO EXCLUDE EXPERT REPORT
AND OPINIONS OF JANUSZ ORDOVER, PH.D.

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

**LEGAL STANDARD**

In order to be admissible under Federal Rule of Evidence 702, expert testimony must be: (1) based on sufficient facts or data; (2) the product of reliable principles and methods; and (3) the witness must have applied the principles and methods reliably to the facts of the case.  Fed. R. Evid. 702. Expert testimony must also be relevant.  That is, it must "assist the trier of fact to understand the evidence or to determine a fact in issue."  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993).

As the Ninth Circuit has noted, "[t]he trial court acts as 'gatekeeper' and determines whether expert scientific testimony is sufficiently relevant and reliable to be admissible."  *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1184 (9th Cir. 2002) (quoting *Daubert*, 509 U.S. at 589).  It is the gatekeeping-duty of the trial court to ensure that any and all expert testimony or evidence is "not only relevant, but reliable."  *Daubert*, 509 U.S. at 589.  The Court is the gatekeeper to bar the introduction of conjecture by witnesses, and proffered testimony that is not supported by "appropriate validation" and reliable scientific method.  *Id.* at 590. The Court's gatekeeper function is particularly important since expert witnesses have the potential to "be both powerful and quite misleading" because of the jury's difficulty in evaluating their testimony.  *Id.* at 595 (citations omitted).  Finally, "[t]he proponent of expert testimony has the burden of proving admissibility pursuant to Rule 702 by a preponderance of the evidence." *MySpace, Inc. v. Graphon Corp.*, 756 F. Supp. 2d 1218, 1234 (N.D. Cal. 2010).

**BACKGROUND**

Dell has retained Dr. Mohan Rao to determine the extent and magnitude of damages Dell suffered as a result of Defendants' conspiracy to fix the prices of color display tubes ("CDTs"), a type of cathode ray tube ("CRTs") incorporated into computer monitors purchased by Dell.  *See* Rao Report.  In his Report, Filed Under Seal

*See id.* ¶ 88.

DELL'S MOTION TO EXCLUDE EXPERT REPORT
AND OPINIONS OF JANUSZ ORDOVER, PH.D.

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

Defendants have retained Dr. Janusz Ordover[2] to rebut Dr. Rao's estimate of Dell's damages. *See* Ex. B to Bernstein Decl., August 5, 2014, Expert Report of Janusz A. Ordover, Ph.D. ("Ordover Report").



DELL'S MOTION TO EXCLUDE EXPERT REPORT
AND OPINIONS OF JANUSZ ORDOVER, PH.D.

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



Filed Under Seal

**ARGUMENT AND CITATION TO AUTHORITIES**

As discussed in more detail below, Dr. Ordover's Filed Under Seal

A.  **Dr. Ordover's Report and Opinions Incorporating** Filed Under Seal

The Court should exclude Dr. Ordover's Report and Filed Under Seal

6

DELL'S MOTION TO EXCLUDE EXPERT REPORT
AND OPINIONS OF JANUSZ ORDOVER, PH.D.

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

Filed Under Seal

Ex. C to Bernstein Decl., September 16-17, 2014, Transcript of the Deposition of Dennis Carlton, Ph.D. ("Carlton Dep. Tr."), at 387:7-388:1.   Filed Under Seal

Filed Under Seal

*See Thales Avionics v. Matsushita Avionics Sys. Corp.*, SACV 04-454-JVS (MLGx) (C.D. Cal. Mar. 30, 2006), Minute Order at 2-3 (ECF No. 481) (excluding opinion of antitrust damages expert who "literally wrote the book on antitrust damages" because the expert relied on another expert's opinion which had been previously excluded) (minute order); *Mercedes-Benz USA, Inc. v. Coast Auto. Grp., Ltd.*, 362 Fed. App'x 332, 334-35 (3d Cir. 2010) (affirming exclusion of expert testimony because it was based on opinions of another expert whose opinion had been excluded); *Ky. Speedway, LLC v. Nat'l Assoc. of Stock Car Auto Racing, Inc.*, 588 F.3d 908, 918 (6th Cir. 2009) (affirming district court's exclusion of expert testimony based on opinions of another expert whose analysis had been found unreliable.)

Filed Under Seal

[4] Filed Under Seal

DELL'S MOTION TO EXCLUDE EXPERT REPORT AND OPINIONS OF JANUSZ ORDOVER, PH.D.

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC



1    Filed Under Seal

15

16        Filed Under Seal

24                                    *See In re Toyota Motor Cor. Unintended Acceleration*, 978

25    F. Supp. 2d 1053, 1066 (C.D. Cal. 2013) ("Where the soundness of the underlying expert judgment is

26    _____

27    [5] Filed Under Seal

28

in issue, the testifying expert cannot merely act as a conduit for the underlying expert's opinion.")
(internal quotations and citations omitted).  This testimony is improper and should be excluded.



*See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 550 (S.D.N.Y. 2004) (holding "portions of the opinions offered by these experts merely recite facts, or endorse opinions, expressed by the deposition of [another expert]" and are "excluded under Rules 702 and 403, as cumulative and certain to waste time"); *see also Estate of Cape v. United States*, No. 11-cv-0357, 2013 WL 4522933, at *2 ("Although an expert may rely on another expert's report in arriving at an opinion, the expert cannot vouch for the truth of what another expert told him."); *Tunis Brothers Co. v. Ford Motor Co.*, 124 F.R.D. 95, 98 (E.D. Pa. 1989) (holding testimony by one expert to vouch for another experts' testimony is "inappropriate" as "[i]t will be up to the jury to determine the reliability of" [the other] expert).

DELL'S MOTION TO EXCLUDE EXPERT REPORT
AND OPINIONS OF JANUSZ ORDOVER, PH.D.

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



C.     Filed Under Seal

Although an expert may rely upon assumptions, those assumptions must be supported by the evidence. *See MDG Int'l, Inc. v. Australian Gold, Inc.*, No. 1:07-CV-1096-SEB-TAB, 2009 WL 1916728, at *4 (S.D. Ind. June 29, 2009); *Elcock v. Kmart Corp.*, 233 F.3d 734, 756 (3d Cir. 2000) (reversing district court's admission of expert economic damages testimony relying on empirical assumptions unsupported by the record excluding economist's testimony where it "'[i]gnor[ed] the real world'" as to the plaintiff's specific circumstances); *Quinones–Pacheco v. Am. Airlines, Inc.*, 979 F.2d 1, 6 (1st Cir.1992) (affirming district court's exclusion of expert economic damages testimony "predicated on an assumption not supported by the record"). An opinion is unreliable and should be excluded where it is premised upon nothing more than the *ipse dixit* of the expert. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only be the *ipse dixit* of the expert."); *McPhail v. First Command Fin. Planning, Inc.*, 247 F.R.D. 598, 605 (S.D. Cal. 2007) (granting motion to strike portion of expert report on the grounds that the expert "lack[ed] any basis for the assumptions underlying his calculations").



Filed Under Seal

1   Filed Under Seal

2

3

4

5   *See Brooke Group Ltd. v. Brown & Williamson*

6   *Tobacco Corp.*, 509 U.S. 209, 242 (1993) ("When an expert opinion is not supported by sufficient

7   facts to validate it in the eyes of the law, or when indisputable records facts contradict or otherwise

8   render the opinion unreasonable, it cannot support a jury's verdict.") (citing *J. Truett Payne Co., Inc. v.*

9   *Chrysler Motors Corp.*, 451 U.S. 557, 564-65 (1981)).   Filed Under Seal

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   *See Digital Reg of Tex., LLC v. Adobe Sys., Inc.*, No. C 12-

26   1971, 2014 WL 4090550, at *1 (N.D. Cal. Aug. 19, 2014) (finding expert opinion "inherently

27   unreliable" because it was based on aggregate industry data rather than data specific to defendant); *Am.*

28   *Booksellers Ass'n v. Barnes & Noble, Inc.*, 135 F. Supp. 2d 1031 (N.D. Cal. 2001) (expert's opinion in

11

Robinson Patman action fatally flawed because expert failed to take into account the actual prices paid, discounts obtained, or costs included by plaintiffs and/or defendants); *Mercedes-Benz USA, Inc.*, 362 Fed. App'x at 334 (affirming district court's exclusion of expert testimony because it failed to consider, among other things, actual sales data and "did not look at any of the circumstances surrounding . . . [Coast Automotive's] operation to make an assessment of what constituted a reasonable allocation."); *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1164 (10th Cir. 2000) (affirming district court's order that it would allow an expert to render opinions based on "actual sales" but that it was "not going to permit him to make assumptions and projections and hypotheticals that conflict with the actual data").

Under Federal Rule of Evidence 702, even if an expert's opinion is deemed reliable, it must be excluded if it is not relevant, which means that it is not likely to "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert*, 509 U.S. at 591.  The "fit" requirement is more "stringent than the relevancy requirement of Rule 402 of the Federal Rules of Evidence, reflecting the special dangers inherent in scientific expert testimony."  *F.T.C. v. Wellness Support Network, Inc.*, 10-CV-04879-JCS, 2013 WL 5513332, at *9 (N.D. Cal. Oct. 4, 2013) (quoting *Jones v. United States,* 933 F. Supp. 894, 900 (N.D. Cal. 1996), *aff'd* 127 F.3d 1154 (9th Cir. 1997)).  As a result, "a federal judge should exclude scientific expert testimony under the second prong of the *Daubert* standard unless he is convinced that it speaks clearly and directly to an issue in dispute in the case." *Jones*, 933 F. Supp. at 900.

The expert reports and opinions at issue here address Dell's damages.  Filed Under Seal

*see also State Farm Fire & Cas. Co. v. Electrolux Home Prods., Inc.*, 980 F. Supp. 2d 1031, 1048 (N.D. Ind. 2013) (report and recommendation) (excluding evidence that did not assist the trier of fact

DELL'S MOTION TO EXCLUDE EXPERT REPORT
AND OPINIONS OF JANUSZ ORDOVER, PH.D.

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

answer a question at issue in the lawsuit).   Moreover, Dr. Ordover's opinions as it relates to Dell is not

really an opinion at all.   Filed Under Seal

Filed Under Seal

Accordingly, in addition to being unreliable, Dr. Ordover's opinions r Filed Under Seal

should also be excluded because they lack the required "fit" and because they will confuse and/or

mislead the jury.

## CONCLUSION

For the reasons set forth above, the Court should grant Dell's Motion and exclude the report

and opinions of Dr. Ordover (1) Filed Under Seal

Date:  December 5, 2014

Respectfully submitted,

By:   */s/ Debra D. Bernstein*
Michael P.  Kenny, Esq. (GA Bar No. 415064)
mike.kenny@alston.com
Debra D.  Bernstein, Esq. (GA Bar No. 054998)
debra.bernstein@alston.com
Rodney J.  Ganske, Esq. (GA Bar No. 283819)
rod.ganske@alston.com
Matthew D.  Kent, Esq. (GA Bar No. 526272)
matthew.kent@alston.com
Elizabeth Helmer, Esq. (GA Bar No. 415161)
elizabeth.helmer@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
**Kerr & Wagstaffe LLP**
100 Spear Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

*/s/ Samuel J. Randall*
Richard Alan Arnold
William J. Blechman
Kevin J. Murray
Samuel J. Randall
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp*

*/s/ Jason C. Murray*
Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone:  213-443-5582
Facsimile:  213-622-2690
Email:  jmurray@crowell.com
          rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Matthew J. McBurney (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202-624-2500
Facsimile:  202-628-5116
Email:  jmurphy@crowell.com
          mmcburney@crowell.com
          aheaven@crowell.com

*Counsel for Plaintiffs Target Corporation and ViewSonic Corporation*

By: */s/ Kenneth S. Marks*
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
John P. Lahad
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100

14

DELL'S MOTION TO EXCLUDE EXPERT REPORT
AND OPINIONS OF JANUSZ ORDOVER, PH.D.

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
Email:kmarks@susmangodfrey.com
       jross@susmangodfrey.com
       jcarter@susmangodfrey.com
       dpeterson@susmangodfrey.com
       jlahad@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email: pfolse@susmangodfrey.com
        rblack@susmangodfrey.com
        jconnors@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his
capacity as Trustee of the Circuit City Stores, Inc.
Liquidating Trust*

/s/  *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:   piovieno@bsfllp.com
          anardacci@bsfllp.com

William A. Isaacson
Kyle Smith
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email: wisaacson@bsfllp.com
Email: ksmith@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301

15

Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
Email:  ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, and Tech Data Corporation and Tech Data Product Management, Inc.*

s/  *Scott N. Wagner*
Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG MAENA PRICE & AXELROD LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel:  305-374-7580
Fax: 305-374-7593
Email:   rturken@bilzin.com
              swagner@bilzin.com
              mwidom@bilzin.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

DELL'S MOTION TO EXCLUDE EXPERT REPORT
AND OPINIONS OF JANUSZ ORDOVER, PH.D.

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC