Mario N. Alioto (56433)
Lauren C. Capurro (Russell) (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, Ca 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel For Indirect-Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTION OF TOSHIBA DEFENDANTS TO ORDER GRANTING MOTION TO COMPEL PRODUCTION OF WITNESSES** |
| This Document Relates To:<br><br>ALL ACTIONS | |

## I. INTRODUCTION

Toshiba's Objections ("Objections") to the Special Master's Order re Plaintiffs' Motion to Compel Depositions of Toshiba Witnesses dated November 20, 2014 (the "Order") frame and complain about the Order as if it were a discovery sanction. But the Order is not intended to punish Toshiba. Rather, the Order helps ensure that discovery is conducted fairly in this case. Judge Walker dug into the record and found that Toshiba's conduct had prejudiced Plaintiffs. Thus, the Order is the natural outcome of Toshiba's own decisions and should be affirmed.

## II. TOSHIBA'S OBJECTIONS ARE WITHOUT MERIT

In this case, as the Court has previously noted, the Court reviews the Special Master's factual findings for clear error, his legal conclusions de novo, and his procedural decisions for abuse of discretion. Fed.R.Civ.P. 53(f)(3)-(4); ECF No. 302 ("Order Appointing Special Master") ¶ 18 (parties stipulated to "clear error" standard for factual findings). *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013-1 Trade Cases P 78229, 2013 WL 183944, at *1 (N.D. Cal. Jan. 17, 2013)

Toshiba has not demonstrated clear error in any of the Special Master's factual findings, or any legal error. The Special Master was well within his discretion to issue the Order based on his review of the record and the sound conclusions drawn from them.

### A. Rule 26 Disclosures

Toshiba's contention that it was never required to serve an amended Rule 26 disclosure misses the point. The objection itself unintentionally highlights the issue:

> Toshiba chose to prepare and file amended Rule 26(a) disclosures on August 1, 2014 --- voluntarily and without any obligation to do so – not in order to "sandbag" Plaintiffs, as the Recommended Order assumes, but precisely for the opposite reason: Toshiba's lead trial counsel – the undersigned – Christopher M. Curran – wanted to be sure that Plaintiffs knew, before the expiration of fact discovery, who Toshiba may call as witnesses at trial. (Objections at 2:1-6 )

If Toshiba was not required to provide an amended Rule 26 disclosure, then it could have decided not to serve one at all. But having served it, Toshiba failed to follow through.

Toshiba does not grapple with Judge Walker's core finding. Not only did the Special Master find that the disclosure was not timely because Toshiba had to have known of the names

and knowledge of these witnesses before August 1, 2014,[1] but also that "*Toshiba's counsel then failed to respond promptly and produce five newly-disclosed witnesses before the close of fact discovery*." (Emphasis added.)

Any trial attorney would anticipate that once Toshiba disclosed (even voluntarily) the names of persons whom it might call as trial witnesses, Plaintiffs would notice their depositions. Plaintiffs asked Toshiba for those depositions within a few days of Toshiba's service of the amended Rule 26 disclosures. (Birkhaeuser Decl., Exh. B at 34-35.) Had all of the witnesses been promptly produced, the Order would never have been issued, because Plaintiffs would have not needed to bring a motion. But instead of complying with an entirely foreseeable discovery request, Toshiba's attorneys stalled. (Birkhaeuser Decl., Exh. E at 78:17-79:20.) Toshiba's intentions or reasons for doing so are irrelevant. Plaintiffs should not have had to bring the motion or take depositions after the discovery cut-off, let alone file this response to Toshiba's objections. Toshiba's two decisions-- to serve the amended disclosures at a late date and then not to produce the witnesses promptly for depositions – are the causes of the Order.

**B.     Proposing Depositions on Jewish Holidays**

Contrary to the assertions in Toshiba's Objections (Objections at 2:11-19), Judge Walker's Order does not sanction Toshiba for proposing deposition dates that conflicted with Rosh Hashana and Yom Kippur. Judge Walker read and interpreted the record for himself and clearly set forth why Toshiba's decisions about providing deposition dates prejudiced Plaintiffs and led to the Order that he issued.

On August 7, August 19, and August 22, 2014, Plaintiffs asked Toshiba to provide dates for the depositions of Mr. Milliken and Mr. Kawano. (Birkhaeuser Decl., Exh. B at 34-37, 41-42.) By

---

[1] There is no dispute that Toshiba knew that at least two of those witnesses had knowledge, because Plaintiffs had asked for their depositions and been told that Toshiba could not or would not produce the witnesses. Declaration of Daniel E. Birkhaeuser in Support of Response to Toshiba's Objections to Order re Motion to Compel, ¶2, Exhibit A at 9-22. That request had been part of the record before Judge Walker on a previous motion. *Id.* Thus, it was reasonable for Judge Walker to find that Toshiba sandbagged Plaintiffs.

**Note:  The exhibits to the Birkhaeuser Declaration have been consecutively numbered for ease of reference, and are cited herein by the consecutive page number, not by any original page numbers that may be on the documents.**

the time Toshiba even responded with proposed dates, the discovery deadline had already passed. And even then, Toshiba's counsel gave only a single date[2] for Mr. Milliken's deposition and a single three-day set of dates for Mr. Kawano's deposition. These proved to be in conflict with Rosh Hashana and Yom Kippur, respectively.[3]

When plaintiffs' counsel stated that those dates were inconvenient, and asked for two choices of date for each witness (Birkhaeuser Decl., Exh. D at 67), Toshiba's counsel responded belligerently and threatened to take Plaintiffs' refusal to the Special Master. (*Id. at* 69-70.) Even when it later acknowledged its error in proposing dates in conflict with the religious holidays, Toshiba still failed to offer a choice of dates. (*Id.,* Exh. D at 75.)

Even if Toshiba's counsel did not consult a calendar or is unaware of holidays other than federal ones (*see* Objections at 3:16-21), the delay in arriving at dates could have been avoided had Toshiba simply proposed more than one date for the depositions to begin with, or even picked up the telephone and talked to plaintiffs' counsel to work out dates. Furthermore, Toshiba was already moving slowly in responding and scheduling the depositions. Carelessly proposing dates for them slowed Toshiba even more. As plaintiffs said at the time, "Because Plaintiffs did not anticipate taking depositions after the close of fact discovery, it should have gone without saying

---

[2] Toshiba's conduct in this affair ran afoul of this District's Guidelines for Professional Conduct, also known as "Civility Guidelines," adopted in June, 2014. In particular, Toshiba's counsel did not comply with the guidelines on scheduling:

"3. Scheduling.

"A lawyer should understand and advise his or her client that civility and courtesy in scheduling meetings, hearings, and discovery are expected as professional conduct.

"For example:
  "a. A lawyer should make reasonable efforts to schedule meetings, hearings, and discovery by agreement whenever possible and should consider the scheduling interests of opposing counsel, the parties, witnesses, and the court. Misunderstandings should be avoided by sending formal notice after agreement is reached.
  "b. A lawyer should not arbitrarily or unreasonably withhold consent to a request for scheduling accommodations.
  "c. A lawyer should not engage in delay tactics in scheduling meetings, hearings, or discovery."

[3] As the Special Master pointed out in the Order, the Jewish High Holidays are well-known. (Birkhaeuser Decl., Exh. E at 80:13). Plaintiffs have attached a number of pages from calendars published by a wide variety of American organizations. Not a single one omits these holidays. (Birkhaeuser Decl., Exh. F.)

that extra consideration for plaintiffs' calendars would be extended.  Instead, the contrary has occurred." (Birkhaeuser Decl., Exh. D at 72.)  Toshiba's delay, as well as its counsel's discourtesy in scheduling – not Toshiba's initial wrong-footedness in proposing the depositions on religious holidays -- are the reasons that Judge Walker ultimately granted the motion.

### C. Production of Other Witnesses

Toshiba's Objection includes an extensive discussion about why Tomohito Amano and Charles Farmer, both of whom Toshiba listed as potential trial witnesses, have not been produced for deposition.  Toshiba claims it has been unable to persuade Mr. Amano or Mr. Farmer to testify. (Objections at 4:9-5:2.)  Plaintiffs are hearing this for the first time.  Remarkably, Toshiba's counsel failed to state these facts in its briefing to the Special Master, although they were presumably already known to Toshiba.  (*See* Birkhaeuser Decl, Exh. C.)  Toshiba also complains that it was not able to file a surreply or present oral argument before the Order was issued. (Objections at 6:11-13).  Toshiba never applied to the Special Master for permission to file a surreply.  (Birkhaeuser Decl., ¶7).  Furthermore, oral argument to the District Court is discretionary, N.D. Cal. Civil L. R. 7-1(b), and Toshiba should not have assumed it would be held. Toshiba chose its own strategy in briefing its opposition to Plaintiffs' motion; the Court is not responsible for remedying the problems that have resulted from Toshiba's choices.

The Court may wish to note that Toshiba and its counsel have failed to provide any statement verifying these facts.  Neither Mr. Curran nor his client has submitted a declaration swearing to any of the assertions in the Objection.  Of even more concern, however, is that Toshiba has irreparably damaged its own credibility by changing its story about these witnesses. What Toshiba has said in its Objections is not what it told Plaintiffs or the Special Master.

When Toshiba first attempted to deflect Plaintiffs from taking Mr. Amano's deposition, its counsel said:  "Another individual for whom you have requested a deposition is Tomohito Amano. We identified him in our Amended Initial Disclosures as someone who may have information that the Toshiba Defendants may use to support their claims or defenses. Upon further review, we have concluded otherwise. Thus, we will not make Mr. Amano available for deposition." (Birkhaeuser Decl., Exh. D at 69.) Similarly, Toshiba said in its letter brief to the Special Master, "In our

Amended Initial Disclosures, we identified Mr. Amano as someone who may have information that the Toshiba Defendants may use to support their claims or defenses. Upon further review, we have concluded otherwise."(Birkhaeuser Decl., Exh. C at 61.)

This sentence clearly was meant to suggest that Mr. Amano did not have the relevant information that Toshiba had previously supposed. On the other hand, it did not convey that Toshiba had identified Mr. Amano as a potential witness without establishing his availability for a deposition. Yet now Toshiba says that Mr. Amano *does* have relevant information, and reveals for the first time that it did not confirm his availability in advance and now has been unable to secure his appearance for deposition.

With respect to Charles Farmer, before filing its Objections, Toshiba only said that Mr. Farmer was traveling and that it had been trying unsuccessfully to arrange a deposition. (Birkhaeuser Decl., Exh. C at 64.) Toshiba's counsel also assured Plaintiffs' counsel that Mr. Farmer was a former Toshiba employee. (Birkhaeuser Decl., ¶8.) Now, in an unsworn narrative, Toshiba says that Mr. Farmer is a former *Circuit City* employee who does not want to testify in a manner that might be harmful to his former employer, and that because Toshiba has settled with Circuit City, Toshiba no longer cares about putting Mr. Farmer on the stand anyway. (Objections at 5:8-13)

This is the kind of behavior that Judge Walker was right to characterize as cavalier and unreasonable. It is another example of Toshiba's thinking only from its own point of view -- assuming that if it simply cuts loose Messrs. Amano and Farmer as trial witnesses, then no one has been hurt. But as the Order points out, Plaintiffs have already been prejudiced by having to contend with discovery problems well after the time for discovery is supposed to be past. (Birkhaeuser Decl., Exh. E at 80:17-22.) In the meantime, Toshiba has filed a number of summary judgment motions against the Direct Action Purchasers and the Indirect Purchaser Plaintiffs, and the parties are close to the deadline for exchanging trial exhibits and designations of deposition testimony. (Birkhaeuser Decl., ¶9.) That work is necessarily being interrupted and shortchanged when Plaintiffs have to continue to deal with Toshiba's failures in discovery. (Birkhaeuser Decl.,

¶9.) Dropping Amano and Farmer may be a good solution for Toshiba, but it does not remedy the harm done to Plaintiffs.

Toshiba should not have identified trial witnesses that it could not produce for deposition. But it did, and sent Plaintiffs on a wild goose chase. The Order deeming all of the documents associated with these witnesses to be admissible for all purposes for trial is a way in which Plaintiffs can reclaim at least some of what they would have had had the depositions taken place. These documents were all produced by Toshiba and are all well within the definition of business records. It is likely that all of them would have been admitted by stipulation or by this Court even without the Special Master's Order. The Order is a reasonable and appropriate approach, and one which, frankly, does Toshiba no harm while leveling the playing field for Plaintiffs.

### D.     Prejudice

The Order concisely characterizes the prejudice resulting from Toshiba's conduct: "Plaintiffs have already suffered prejudice by not being able to conduct fact discovery before the cutoff date in a highly complex, multi-party, multi-district litigation, while preparing for trial." (Birkhaeuser Decl., Exh. E at 80:20-22.)[4]

Toshiba argues that Plaintiffs could not have been prejudiced by the last-minute disclosure of Toshiba's list of potential trial witnesses if Toshiba was not even required to make such a disclosure. Toshiba again misses the point.

The prejudice to Plaintiffs did not result simply from the service of the disclosure. It resulted from Toshiba's disclosing as witnesses, at a very late date, persons whom Toshiba had previously refused to produce when Plaintiffs first asked; from Toshiba's initial delay in responding to Plaintiffs' prompt requests to depose these and the other individuals; from Toshiba's causing further delay by failing to comply with Plaintiffs' reasonable request that more than one date be offered for each deposition; and from Toshiba's failure to recognize that the discovery cut-off was not for its benefit alone. This attitude was reflected in Toshiba's letter brief opposing

---

[4] Nor were only the Indirect Purchaser Plaintiffs affected. Representatives of the Direct Action Plaintiffs, the California Attorney General, and the Defendants all had to interrupt their trial preparation as well for travel and attendance at these depositions, which took place in Chicago, San Francisco, and Irvine. (Birkhaeuser Decl., ¶8.)

Plaintiffs' motion: "Finally, it should be noted that the Plaintiffs will suffer no prejudice by the timing of these depositions. We have indicated to the Plaintiffs that we will not object to the fact that the depositions of the individuals they seek will occur after the formal close of fact discovery." (Birkhaeuser Decl., Exh. C at 64.)

Toshiba served its amended disclosures on August 1, 2014. Due to its own failure to promptly produce the potential trial witnesses identified therein, Plaintiffs are still spending their time on this matter in December.

Toshiba is still in denial, asserting that "[A]ny delay in setting deposition dates was not a result of dilatory or bad-faith conduct by Toshiba, but instead the normal process in scheduling depositions of busy witnesses, including non-party witnesses, by busy counsel." (Objections at 5:26-28). Toshiba does not seem to understand that, having chosen to amend its Rule 26 disclosure, it should have been prepared to make a priority of following through with it. Plaintiffs should not have had to prompt counsel even once to respond to the request to take depositions. Toshiba's counsel should have made sure that the witnesses would be available for the depositions that any attorney would have anticipated were coming. Now it appears that Toshiba never made efforts to secure the appearances of any of the witnesses until *after* it served the disclosure. While it did not bother to explain its alleged problems to Plaintiffs or to the Special Master, Toshiba now complains about the outcome of that decision.

The Court cannot read minds to know whether Toshiba acted in good faith or not. It can only read actions. It does not matter what Toshiba's intentions were. What matters is that its conduct caused harm that must be remedied.

E.     Relief

The relief set forth in the Order is appropriate. Plaintiffs have taken the depositions of the witnesses whom Toshiba made available. (Birkhaeuser Decl.,¶. 9.) The Court cannot do anything to give back the time that was spent in preparing and attending these depositions while other matters were put aside. As to the deponents whose appearance Toshiba has failed to procure, the Order gives Plaintiffs part of what they would have had if the depositions were taken, by establishing the admissibility of documents associated with those deponents. Toshiba has not been

monetarily sanctioned or even precluded from calling these witnesses at trial (although Plaintiffs would certainly object). The Order reasonably, and to the best of the Court's ability, redresses the harm that Toshiba's decisions precipitated.

Plaintiffs respectfully request that the Court enter the Order as recommended by the Special Master.

Dated: December 5, 2014

Respectfully submitted,

_/s/ Mario N. Alioto_____
Mario N. Alioto (56433)
Lauren C. Capurro (Russell) (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Interim Lead Counsel for Indirect-Purchaser Plaintiffs*