Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America, Inc.,
Toshiba America Consumer Products, LLC,
Toshiba America Information Systems, Inc.,
and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>*The Indirect Purchaser Action*<br><br>*Electrograph Systems, Inc. et al. v. Hitachi, Ltd. et al.*, No. 11-cv-01656;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; | **DECLARATION OF LUCIUS B. LAU IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR KENNETH ELZINGA** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  *Sears, Roebuck and Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

3  *Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275;

5  *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No.11-cv-06276;

7  *CompuCom Systems, Inc. v. Hitachi, Ltd. et al.*, No. 11-cv-06396;

9  *Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

10  *P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

12  *Schultze Agency Services, LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

14  *Tech Data Corporation, et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

16  *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173;

18  *ViewSonic Corporation, v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:14cv-02510

**REDACTED VERSION OF DOCUMENTS SOUGHT TO BE SEALED**

DECLARATION OF LUCIUS B. LAU IN SUPPORT OF DEFENDANTS' JOINT NOTICE OF MOTION
AND MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROF. ELZINGA
Case No. 07-5944 SC
MDL No. 1917

I, Lucius B. Lau, hereby declare as follows:

1. I am an attorney with the law firm of White & Case LLP, counsel for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc. (collectively, the "Toshiba Defendants").

2. I submit this declaration in support of Defendants' Joint Notice of Motion and Motion to Exclude Certain Expert Testimony of Professor Kenneth Elzinga. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts stated herein, and I could and would competently testify thereto if called as a witness.

3. Attached hereto as Exhibit A is a true and correct copy of the Expert Report of Kenneth Elzinga, dated April 15, 2014.

4. Attached hereto as Exhibit B is a true and correct copy of Reply Expert Report of Professor Kenneth Elzinga, dated Sept. 26, 2014.

5. Attached hereto as Exhibit C is a true and correct copy of excerpts from the deposition of Kenneth Elzinga, taken October 15, 2014.

6. Attached hereto as Exhibit D is a true and correct copy of excerpts from the deposition of Kenneth Elzinga, taken July 17, 2014.

7. Attached hereto as Exhibit E is a true and correct copy of excerpts from the testimony of Kenneth Elzinga, *In re: Urethane Antitrust Litig.*, No. 04-1616 (Dkt # 2871).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of December, 2014, in Washington, D.C.

_____
Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Exhibit A

Filed Under Seal

Exhibit B

Filed Under Seal

Exhibit C

Filed Under Seal

Exhibit D

Filed Under Seal

Exhibit E

```
 1                         VOLUME 16
                        MORNING SESSION
 2            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
 3


 4    IN RE:

 5    URETHANE ANTITRUST LITIGATION      CASE NO. 04-1616

 6


 7             TRANSCRIPT OF TRIAL PROCEEDINGS
                           before
 8              HONORABLE JOHN W. LUNGSTRUM
                             on
 9                   FEBRUARY 13, 2013

10                       APPEARANCES

11    For the Plaintiffs:   Joseph Goldberg
                            Freedman, Boyd, Hollander, Goldberg
12                          & Ives PA
                            20 First Plaza, Suite 700
13                          Albuquerque, NM 87102

14                          Michael J. Guzman
                            Kellogg, Huber, Hansen, Todd, Evans
15                          & Figel PLLC
                            Sumner Square
16                          1615 M Street, NW, Suite 400
                            Washington, DC 20036-3209
17
                            Roberta D. Liebenberg
18                          Fine, Kaplan and Black RPC
                            One South Broad Street, Suite 2300
19                          Philadelphia, PA 19107

20                          Kit A. Pierson
                            Cohen, Milstein, Sellers & Toll,
21                          PLLC
                            West Tower, Suite 500
22                          1100 New York Avenue, NW
                            Washington, DC 20005-3934
23

24

25

                 REBECCA S. RYDER, CSR, CCR, RMR
                    UNITED STATES COURT REPORTER
                            913-735-2334
```

DIRECT EXAMINATION

| | | |
|---|---|---|
| 1 | | Dr. McClave's statistical model.  I did not do that. |
| 2 | Q. | Okay.  You also said in connection -- let me go back. |
| 3 | | You said that you did look at Dr. Solow's testimony |
| 4 | | before this jury.  Do you recall that? |
| 5 | A. | Yes, sir. |
| 6 | Q. | Okay.  And it's true, is it not, that as the jury |
| 7 | | well knows, Dr. Solow in turn examined things like |
| 8 | | the meeting at the Greenbrier resort and playing golf |
| 9 | | and this kind of thing?  Have you analyzed the |
| 10 | | evidence that Dr. Solow called evidence regarding |
| 11 | | pricing communications? |
| 12 | A. | I have certainly read the evidence because I have |
| 13 | | read his reports. |
| 14 | Q. | Okay.  I haven't heard you talk about it here this |
| 15 | | morning.  Why haven't you talked to the jury about |
| 16 | | the meeting at the Green -- the 19th hole at |
| 17 | | Greenbrier or the walk in the woods at Baywood or any |
| 18 | | of the other events that have been described in |
| 19 | | testimony?  Why didn't you do that? |
| 20 | A. | I didn't do that because I don't think that's the job |
| 21 | | of an economist.  To my mind that's the job of a |
| 22 | | conspiracy-ologist. |
| 23 | Q. | Okay.  Is that your term, conspiracy-ologist? |
| 24 | A. | No, that's not my term.  That's a term I learned when |
| 25 | | I was much younger working on the Supreme Court case |

DIRECT EXAMINATION

1     that I mentioned earlier called Matsushiba. And in

2     that case the -- there were two economists for the --

3           MR. GOLDBERG: Your Honor, I'm going to --

4     he's gone beyond the question, was that your term.

5     Now we're going into a narrative --

6           THE COURT: Sustained.

7           MR. GOLDBERG: -- which I'm going to object

8     to.

9           THE COURT: Sustained.

10          MR. BERNICK: Oh.

11 Q. (By Mr. Bernick) Well, what is it that you mean by

12     conspiracy-ologist?

13 A. Well, I'm about to explain that in the context of

14     Matsushiba because that's where I learned the term.

15          MR. GOLDBERG: Now I'm going to object.

16          MR. BERNICK: Just relax. I'm going to

17     instruct him.

18 Q. (By Mr. Bernick) I think counsel for the class is

19     concerned with your reciting the case that gave you

20     that term. And in order to make our process smooth

21     and harmonious, I would like you to simply confine

22     your testimony to what you have taken that word to

23     mean and its relevance to the nature of the approach

24     that you have taken here. And if you could do that

25     that would be -- everybody will be happy and we will

DIRECT EXAMINATION

1            go forward.
2   A.   Okay.  I will try and do that.  I do want to go
3            forward.
4   Q.   Okay.
5   A.   So the term, I came to learn, means where someone who
6            claims to be an economist looks at evidence of the
7            data that "he said/she said," or I was at this -- I
8            saw that they played golf together, or it was this
9            luncheon, and infers from that that this was a
10           conspiracy.  And I have saw that term referred to as
11           a conspiracy-ologist.  And where I came across that
12           term --
13                   THE WITNESS:  That's where it stops.
14                   THE COURT:  Good enough.
15  Q.   (By Mr. Bernick) Tell us -- this does have -- this
16           whole idea of that kind of approach where you're
17           looking at the "he said/she said" that's something
18           that you decided not to do in this case; correct?
19  A.   That's correct.  To my mind that is not economics,
20           that's the work of a conspiracy-ologist.
21  Q.   And you've followed the same approach for years and
22           years and years?
23  A.   That's correct.
24  Q.   So now tell the jury why it is that you don't go down
25           that road.

DIRECT EXAMINATION

1  A.  I don't go down that road because I don't have any
2      particular training.  As an economist there's nothing
3      in my graduate training, there's nothing in the
4      research I do as an antitrust economist that gives me
5      an advantage or special insight into learning about a
6      conversation that might have taken place when people
7      played golf or when they were at lunch with one
8      another.  That type of evidence to me is not
9      economics evidence, it's not what economists work
10     with.
11         If I can just put my mystery writer's hat on a
12     moment it's what we call gumshoe evidence, and
13     gumshoe evidence may be a term that not everybody
14     knows, but in mystery writing parlance a gumshoe is a
15     detective, it's a PI, a private investigator.
16 Q.  Who walks around in shoes that are soft-soled shoes?
17         THE COURT:  Or steps on chewing gum.  Who
18     knows, but let's --
19         MR. BERNICK:  Well, I don't know, your
20     Honor.
21         THE COURT:  Probably not that pertinent.
22         MR. BERNICK:  I am cutting out lots of
23     things to ask, but I thought we would get a little
24     bit of something in there.  Sorry.
25 Q.  (By Mr. Bernick) Okay.  So you don't do that kind of