Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America
Information Systems, Inc., Toshiba America
Consumer Products, L.L.C., and Toshiba America
Electronic Components, Inc.*

Additional Counsel On Signature Pages

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to: | |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-05513 | **DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR KENNETH ELZINGA** |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, Case No. 13-cv-05264 | Oral Argument Requested |
| *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06396 | Date:    February 20, 2015 Time:    10:00 a.m. Judge:  Hon. Samuel Conti |
| *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06397 | |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2   *Dell Inc., et al. v. Hitachi, Ltd., et al.*, Case

3   No. 13-cv-02171

4   *Electrograph Systems, Inc., et al. v. Hitachi,*
    *Ltd., et al.*, Case No. 3:11-cv-01656
5

6   *Electrograph Systems, Inc., et al. v.*
    *Technicolor SA, et al.*, Case No. 3:13-cv-
7   05724

8   *Interbond Corp. of America v. Hitachi, Ltd., et*
    *al.*, Case No. 3:11-cv-06275
9

10  *Interbond Corp. of America v. Technicolor*
    *SA, et al.*, Case No. 3:13-cv-05727
11

12  *Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case
    No. 3:11-cv-06276
13

14  *Office Depot, Inc. v. Technicolor SA, et al.*,
    Case No. 3:13-cv-05726
15

16  *P.C. Richard & Son Long Island Corp., et al.*
    *v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-
    02648
17

18  *P.C. Richard & Son Long Island Corp., et al.*
    *v. Technicolor SA, et al.*, Case No. 3:13-cv-
19  05725

20  *Sears, Roebuck & Co. and Kmart Corp. v.*
    *Chunghwa Picture Tubes, Ltd., et al.*, Case
21  No. 3:11-cv-05514

22  *Tech Data Corp., et al. v. Hitachi, Ltd.,*
23  *et al.*, Case No. 3:13-cv-00157

24  *Viewsonic Corporation v. Chunghwa*
25  *Picture Tubes, Ltd., et al.*, Case No.
    3:14-cv-002510
26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS' JOINT MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF
PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

DEFENDANTS' JOINT MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF
PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917
iii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# TABLE OF CONTENTS

Page(s)

NOTICE OF MOTION AND MOTION ........................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I.      STATEMENT OF THE ISSUE ........................................................................ 1

II.     INTRODUCTION ............................................................................................ 1

III.    FACTS ............................................................................................................. 1

IV.     ARGUMENT ................................................................................................... 6

        A.      The Standard of Review ....................................................................... 6

        B.      Professor Elzinga May Not Argue the Case for Plaintiffs or Usurp
                the Jury's Role by Presenting Factual Narrative Telling the Jury
                How to Infer Agreement or Motive ...................................................... 7

                1.      Factual Narratives Are To Be Presented By Lawyers In
                        Closing Arguments, Not By Expert Witnesses In
                        Testimony ................................................................................. 7

                2.      Professor Elzinga's Narrative Lacks a Reliable Basis ............. 8

                3.      Professor Elzinga's Narrative Includes Embedded
                        Conclusions He Is Not Qualified To Make ............................ 10

        C.      Cross-Examination Is Not a Sufficient Remedy ................................. 13

V.      CONCLUSION ............................................................................................... 14

1

**TABLE OF AUTHORITIES**

2

Cases                                                                                                Page(s)

3

4

**FEDERAL CASES**

5

*Aguilar v. Int'l Longshoremen's Union Local No. 10,*
6
   966 F.2d 443, 447 (9th Cir.1992) ........................................................................... 11

7

*Bonriaily v. United States,*
8
   483 U.S. 171, 175-76 (1987) ................................................................................... 7

9

*Crow Tribe of Indians v. Racicot,*
10
   87 F.3d 1039, 1045 (9th Cir.1992) ...................................................................... 11

11

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,*
12
   509 U.S. 579, 583 (1997)................................................................................. passim

13

*Ellis v. Costco Wholesale Corp.,*
14
   657 F.3d 970, 982 (9th Cir. 2011) ........................................................................ 7

15

*Estate of Henry Barabin v. AsterJohnson, Inc.,*
16
   740 F.3d 457, 465-67 (9th Cir. 2014) ................................................................. 7

17

*Gen. Elec. Co. v. Joiner,*
18
   522 U.S. 136, 146 (1997)....................................................................................... 12

19

*Highland Capital Mgmt. L.P. v. Scheider,*
20
   379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005) ............................................... 7, 8, 13

21

*Holiday Wholesale Grocery Co. v. Philip Morris, Inc.,*
22
   231 F. Supp. 2d 1253, 1322 (W.D. Ga. 2002) ................................................... 11

23

*Hygh v. Jacobs,*
24
   961 F.2d 359, 363 (2d Cir. 1992) ........................................................................ 12

25

*In re Polyproplyene Carpet Antitrust Litig.,*
26
   93 F. Supp. 2d 1348, 1354-55 (N.D. Ga. 2000) ................................................. 9

27

*Johns v. Bayer Corp.,*
28
   No. 09-CV-1935, 2013 WL 1498965, at *28 (S.D. Cal. April 10, 2013) ........... 7, 8

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137, 147 (1999) ........................................................................................ 8

*McHugh v. United Serv. Auto Ass'n*,
    164 F.3d 451, 454 (9th Cir. 1999) ......................................................................... 11

*Mesfun v. Hagos*,
    No. 03-2182, 2005 WL 5956612, at *11 (C.D. Cal. Feb. 16, 2005) ..................... 12

*Mid-State Fertilizer Co. v. Exch. Nat'l Bank of Chicago*,
    877 F.2d 1333, 1340 (7th Cir. 1989) ..................................................................... 11

*Ohio v. Louis Trauth Dairy, Inc.*,
    925 F. Supp. 1247, 1253-54 (S.D. Ohio 1996) ........................................................ 9

*Reed v. City of Chi.*,
    No. 01-C-7865, 2006 WL 1543928, at *3 (N.D. Ill. June 1, 2006) ....................... 13

*Rezulin Prods. Liab. Litig.*,
    309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004) .............................................................. 8

*S.E.C. v. Life Wealth Mgmt., Inc.*,
    No. 10-4769, 2013 WL 1660860 ........................................................................... 12

*Tietsworth v. Sears, Roebuck & Co.*,
    5:09-cv-00288, 2012 WL 1595112, at *4, *8 (N.D. Cal. May 4, 2012) ............... 10

*U.S. Info Sys. Inc. v. Int'l Bro. of Elec. Workers Local Union No. 3*,
    313 F. Supp. 2d 213, 239-40 (S.D.N.Y. 2004) ..................................... 9, 11, 12, 13

*United States v. 87-98 Acres of Land More or Less in Ctny. of Merced*,
    530 F.3d 899, 904 (9th Cir. 2008) ........................................................................... 7

*United States v. Hebshie*,
    754 F. Supp. 2d 89, 113 (D. Mass 2010) ............................................................... 13

*United States v. Lukashov*,
    694 F.3d 1107, 1116 (9th Cir. 2012) ....................................................................... 8

*United States v. Saya*,
    961 F. Supp. 1395, 1397 (D. Haw. 1996) .............................................................. 12

DEFENDANTS' JOINT MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF
PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917
iv

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## OTHER AUTHORITIES

George Stigler, "What Does an Economist Know?"
　　33 J. Legal Educ. 311, 311 (1983)..............................................................................8

American Bar Association, Model Jury Instructions in Civil Antitrust Cases,
　　B-20 (2005)..............................................................................................................11

Herbert Hovenkamp, *Economic Experts in Antitrust Cases*, *in* Modern Scientific Evidence
　　§ 38-2.0, at 179 (David L. Faigman et al. eds, 1999)............................................11

## RULES

FRE 702 ........................................................................................................................6

FRE 704(a)..................................................................................................................10

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF THE ISSUE

Whether Professor Elzinga should be precluded from providing expert testimony in the form of a narrative of facts containing Professor Elzinga's inferences and embedded legal conclusions because such a narrative violates the standards for expert testimony contained in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 583 (1997), and its progeny.

### II.    INTRODUCTION

In an antitrust case, a qualified economist may opine on the industry conditions that make a specific market more or less susceptible to successful collusion.  The economist may also assist the trier of fact as to the economic theory of cartels and how conduct can be assessed under that theory.  An economist may not, however, narrate the plaintiffs' evidence of cartel behavior for them.  Yet, Professor Kenneth Elzinga, an economic expert for certain DAP plaintiffs, apparently intends to provide just such a narrative.  Even more, Professor Elzinga's proposed narrative consists of his own subjective interpretations of ambiguous documents and inferences regarding cartel behavior, including inferences as to the existence of "agreements" to restrain trade.  There is no field of science—and certainly not of economics—that allows an expert to sift through the evidence, analyze it, and reach conclusions regarding a defendant's culpability.  Professor Elzinga's narrative does not assist the trier of fact and his interpretations are unreliable.  This Court, in its role as gatekeeper of expert testimony, should prevent Professor Elzinga from providing his proposed factual narrative.

### III.    FACTS

Professor Kenneth G. Elzinga is a Professor of Economics at the University of Virginia.  Declaration of Lucius B. Lau, dated December 5, 2014 ("Lau Decl."), Ex. A (Expert Report of Professor Kenneth G. Elzinga ("Elzinga Report"), dated April 15, 2014), at 2.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  ███████████████  ██████████  As laid out in his initial expert report, Professor Elzinga's

2  proposed testimony has several elements.  ██████████████████████████████████

3  █████████████████████████████████████████████████████████████████████████

4  █████████████████████████████████████████████████████████████████████████

5  █████████████████████████████████  ████████████  ████████████  Professor Elzinga

6  ███████████████████████████████████████████████████  Professor Elzinga

7  provides a narrative of how the alleged cartel operated and his view as to how each

8  Defendant individually participated.  ███████████████████████████████████████

9  █████████████████████████████████████████████████████████████████████████

10 █████████████████████████████████████  ███████████████████████████████

11 ████████████████████████████  This motion is directed to the proposed testimony

12 contained in this section of Professor Elzinga's report and a parallel section of his reply

13 expert report (described below).  In making this Motion, Defendants do not concede the

14 complete admissibility of the remainder of Professor Elzinga's proposed testimony at trial.

15 Defendants reserve all rights to challenge the admissibility of Professor Elzinga's testimony

16 on other, evidentiary grounds at trial.

17 █████████████████████████████████████████████████████████████████

18 ██████████  ████████████████████████████████████████████████████████████

19 █████████████████████████████████████████████████████████████████████████

20 █████████████████████████████████████████████████████████████████████████

21 █████████████████████████████████████████████████████████████████████████

22 █████████████████████████████████████████████████████████████████████████

23 █████████████████████████████████████████████████████████████████████████

24 ████████████████████████████████████  ████████████████████████████████████

25 █████████████████████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████

27  Professor Elzinga provides a similar narrative in his reply expert report.  *See* Lau

28 Decl. Ex. B (Reply Expert Report of Professor Kenneth Elzinga ("Reply Report"), dated

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  September 26, 2014). ███████████████████████████████

2  ████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████

4  ███████████████  *Id.* at 37.  Professor Elzinga does not analyze the documents through the

5  lens of an economist applying cartel theory, nor does he purport to.  Instead, he merely

6  recites and narrates the documents in an apparent attempt to bolster Plaintiffs' factual

7  presentation.  *Id.* at 37-62.

8     Professor Elzinga's narratives improperly are riddled with the language of the law,

9  subjective inferences, and his own characterizations of Defendants' non-economic motive

10  and intent.  Among the improper inferences are those that usurp the role of the fact-finder.

11  Professor Elzinga for example infers the formation or existence of "agreements" among

12  Defendants. ████████████████████████████████



28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3      Professor Elzinga also injects non-economic knowledge, motive and intent into the

4 narrative, in many instances drawing inferences about what happened prior to, during, or

5 after the event described in the document:

6      •

7

8      ▪

9

10

11

12

13

14

15            This "intellectual filter" apparently enables Professor Elzinga

16 to interpret anticompetitive intent from the mere fact that communication occurs in the

17 context of a conversation between competitors.

18

19            It also apparently enables Professor

20 Elzinga to infer the existence of agreements from ambiguous evidence, as evidenced by the

21 following exchange:

22

23

24

25

26

27

28

DEFENDANTS' JOINT MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF
PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917
4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4    A juror is perfectly capable of understanding the facts of the case, reaching legal

5  conclusions, and inferring motive and intent.  An economist brings no assistance to the trier

6  of fact in that regard.  As described below, narratives such as those offered by Professor

7  Elzinga are therefore properly excluded as improper expert testimony.  In a conspiracy case,

8  narratives that also offer legal conclusions, inferences, and other non-expert opinion

9  regarding the operation or existence of a cartel lack any scientific basis and are therefore

10  separately inadmissible on that basis.

11  **IV.    ARGUMENT**

12      **A.    The Standard of Review**

13  Rule 702 of the Federal Rules of Evidence provides that:

14      A witness who is qualified as an expert by knowledge, skill, experience,

15      training, or education may testify in the form of an opinion or otherwise if:

16          (a) the expert's scientific, technical, or other specialized knowledge will
            help the trier of fact to understand the evidence or to determine a fact in

17          issue;

18          (b) the testimony is based on sufficient facts or data;

19          (c) the testimony is the product of reliable principles and methods; and

20          (d) the expert has reliably applied the principles and methods to the facts

21          of the case.

22  Rule 702(a) of the Federal Rules of Evidence permits expert testimony by a witness

23  "qualified as an expert by knowledge, skill, experience, training, or education" if "the

24  expert's scientific, technical, or other specialized knowledge will help the trier of fact to

25  understand the evidence or to determine a fact in issue."  *Daubert v. Merrell Dow*

26  *Pharmaceuticals, Inc.*, 509 U.S. 579, 592 n.10 (1993).  The proponent of expert testimony

27  has the burden of proving admissibility pursuant to Rule 702 by a preponderance of the

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    evidence.  *Id.*  (citing *Bonriaily v. United States*, 483 U.S. 171, 175-76 (1987)); *United States*

2    *v. 87-98 Acres of Land More or Less in Ctny. of Merced*, 530 F.3d 899, 904 (9th Cir. 2008).

3         A district court must act as a gatekeeper to the admissibility of expert testimony.  *See*

4    *Estate of Henry Barabin v. AsterJohnson, Inc.*, 740 F.3d 457, 465-67 (9th Cir. 2014) (*en*

5    *banc*) (remanding case for new trial because District Court's cursory *Daubert* analysis was

6    an abuse of discretion even if there was no substantive error in the expert testimony heard);

7    *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (stating that the

8    district court has a "duty" to act as a gatekeeper to exclude evidence that does not meet Rule

9    702's reliability standards).

### B.    Professor Elzinga May Not Argue the Case for Plaintiffs or Usurp the Jury's Role by Presenting Factual Narrative Telling the Jury How to Infer Agreement or Motive

13        Much of Professor Elzinga's proposed testimony consists of a factual narrative of

14   selected portions of documents and testimony together with Professor Elzinga's personal

15   interpretation and speculation regarding that evidence.   Throughout the narrative, Professor

16   Elzinga purports to tell the jury what conclusions to reach from the evidence, including as to

17   whether "agreements" were reached as well as to the knowledge, motive and intent of the

18   individuals described in documents.  There are numerous reasons why this kind of narrative

19   and testimony is not proper expert testimony.

#### 1.    Factual Narratives Are To Be Presented By Lawyers In Closing Arguments, Not By Expert Witnesses In Testimony

22        An expert's factual narrative does not assist the trier of fact within the meaning of

23   Rule 702.  "While an expert must of course rely on facts or data in formulating an expert

24   opinion, an expert cannot be presented to the jury solely for the purpose of constructing a

25   factual narrative based upon record evidence."  *Highland Capital Mgmt. L.P. v. Scheider*,

26   379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005) (citations omitted); *see also Johns v. Bayer Corp.*,

27   No. 09-CV-1935, 2013 WL 1498965, at *28 (S.D. Cal. April 10, 2013) (citing *Highland*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   *Capital* and excluding factual narrative).  Such narratives inherently address lay matters that
2   a jury can understand without the expert's help.  *See Bayer,* 2013 WL 149865, at *28*;
3   *Highland Capital*, 379 F. Supp. 2d at 468-69 ("To the extent that [the expert] is simply
4   rehashing otherwise admissible evidence about which he has no personal knowledge such
5   evidence—taken on its own—is inadmissible.").  The recitation of facts is the role of the
6   lawyer, at closing argument, not an expert.  *Id.*; *Highland Capital*, 379 F. Supp. 2d at 469;
7   *accord United States v. Lukashov*, 694 F.3d 1107, 1116 (9th Cir. 2012) (holding expert
8   testimony that invades the province of the jury should be excluded).  The mere fact that an
9   expert adds a special "gloss" or filter to the narrative does not thereby transform the narrative
10  into proper expert testimony.  *See in re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 551
11  (S.D.N.Y. 2004) (holding as inadmissible "the glosses that [the expert] interpolates into his
12  narrative").

13        Defendants do not dispute that Professor Elzinga may rely upon the documentary
14  record—and even a limited chronology of events—as may be relevant to the application of
15  economic theory to the facts of the case.  That exercise, however, is adequately covered in
16  other sections of Professor Elzinga's Expert Report.  ████████████████████████
17  ████████████████████████████████████████████████████████████████████
18  ████████████████████████████████████████████████████████████████████
19  ████████████████████████████████████████████████████████████████████
20  ███████████     ████████████████████████     Such a narrative is the proper
21  subject of closing argument, not expert testimony.

22               **2.        Professor Elzinga's Narrative Lacks a Reliable Basis**

23        Admissible expert testimony has a reliable basis in the "knowledge and experience of
24  the relevant discipline."  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting
25  *Daubert*, 509 U.S. at 592). There is no field of science that allows an expert to sift through
26  the evidence, analyze it, and reach conclusions regarding a defendant's culpability.   In
27  antitrust, an "economist has no special skill in reading documents and relating them to actual
28  behavior."  George J. Stigler, What Does an Economist Know?, 33 J. Legal Educ. 311, 311

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

(1983).   An economist can assist the trier of fact by explaining the structure of the industry and the alleged conduct from the perspective of cartel theory and economics.   *See, e.g.*, *U.S. Info Sys. Inc. v. Int'l Bro. of Elec. Workers Local Union No. 3*, 313 F. Supp. 2d 213, 239-40 (S.D.N.Y. 2004) (distinguishing admissible testimony in which an expert identifies factors that would tend to prove the existence of a conspiracy from inadmissible testimony concluding the existence of a conspiracy); *Ohio v. Louis Trauth Dairy, Inc.*, 925 F. Supp. 1247, 1253-54 (S.D. Ohio 1996) (allowing testimony regarding factors that facilitate collusion); *In re Polyproplyene Carpet Antitrust Litig.*, 93 F. Supp. 2d 1348, 1354-55 (N.D. Ga. 2000) (allowing expert testimony on "climate" of the alleged price-fixed market). It remains for the trier of fact to ultimately draw conclusions of conspiracy from that and other evidence.

In the 2013 *Urethane* case, Professor Elzinga himself decried the practice of inferring conspiracy from the factual record as the work of a "conspiracy-ologist" and not an economist.   *See* Lau Decl. Ex. E (Testimony of K. Elzinga, *In re: Urethane Antitrust Litig.*, No. 04-1616 (Dkt # 2871), at Tr. 4521:14-4524:14.  Specifically, he explained that:

> As an economist there's nothing in my graduate training, there's nothing in the research I do as an antitrust economist that gives me an advantage or special insight into learning about a conversation that might have taken place when people played golf or when they were at lunch with one another.  That type of evidence to me is not economics evidence, it's not what economists work with.

*Id.* at 4524:2-10. Yet here, in this CRT case, Professor Elzinga engages in exactly the conduct which he previously condemned.  He sifts through the evidence, purports to find evidence of each Defendant's participation in the alleged cartel, and draws subjective inferences regarding their individual participation in that alleged conspiracy.   Moreover, contrary to his *Urethane* testimony, he seems to claim to have a special training or "intellectual filter" that provides him with special insight into conversations among competitors for this purpose.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

In the 2013 *Urethane* trial Professor Elzinga decried the making of non-economic inferences as "conspiracy-ology."  Lau Decl. Ex. E at 4521:14-4524:15.

Whatever name they are given, Professor Elzinga's conclusions and inferences regarding the existence of a conspiracy have no basis in the field of economics and no basis to be offered in this case.

### 3. Professor Elzinga's Narrative Includes Embedded Conclusions He Is Not Qualified to Make

Professor Elzinga's narrative is separately inadmissible because of its content.

It goes without saying that Professor Elzinga lacks any personal knowledge or expertise either of the conduct as alleged, as documented, or of the litigation discovery process.  His opinion on what should exist is speculative and inadmissible.  *See Tietsworth v. Sears, Roebuck & Co.*, 5:09-cv-00288, 2012 WL 1595112, at *4, *8 (N.D. Cal. May 4, 2012) (excluding speculative expert testimony that complaints regarding washing machine repair were likely under-reported).  Separately, Professor Elzinga's narrative contains embedded legal conclusions and inferred motive both of which are well-recognized as inappropriate for expert testimony.

### a. Professor Elzinga Has Not Basis to Infer "Agreements"

Expert evidence is not inadmissible merely because it embraces an ultimate issue to be decided by the trier of fact.  FRE 704(a).  However, when an economist draws inferences

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

from the record and presents them "in legal rather than economic terms," the testimony must be excluded.  *See Mid-State Fertilizer Co. v. Exch. Nat'l Bank of Chicago*, 877 F.2d 1333, 1340 (7th Cir. 1989).  Expert testimony simply cannot be used to provide legal meaning or interpretation.  *See McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999) (refusing to consider validity of expert testimony and inferences regarding the meaning of a contract); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir.1992) (stating that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir.1992) (same).  Here, the existence of "agreements" does not just "touch upon" or "embrace" a legal conclusion.  Whether Defendants formed agreements in restraint of trade is *the* first legal conclusion the jury will be asked to determine.  *See* American Bar Association, Model Jury Instructions in Civil Antitrust Cases, B-20 (2005) ("To prevail against a Defendant on a price-fixing claim, the Plaintiffs must prove as to that particular Defendant each of the following elements by a preponderance of the evidence: First, that an agreement to fix the price of [] existed . . . .").

To the extent there did exist an expert who could properly testify as to the existence of "agreements," it would not be an economist such as Professor Elzinga.  The field of economics contains no concept of "agreement."  In other words: "the discipline of economics ha[s] no competence to determine whether parallel behavior among independent actors amount[s] to a legal 'agreement'" principally because "economists typically don't care whether firms have 'agreed' in the legal sense of the term."  Herbert Hovenkamp, *Economic Experts in Antitrust Cases*, *in* Modern Scientific Evidence § 38-2.0, at 179 (David L. Faigman et al. eds, 1999); *see also id.* § 38-3.3, at 193 (noting that fact inferences of agreement by an economist are unwarranted).  Courts agree that, although an economist may offer opinions about economic conditions and incentives regarding conspiracy, an economist may not appropriately offer the conclusion that an illegal conspiracy or agreement actually existed.  *See, e.g.*, *U.S. Info Sys.*, 313 F. Supp. 2d at 239-40 (S.D.N.Y. 2004) (citing cases);

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   *Holiday Wholesale Grocery Co. v. Philip Morris, Inc.*, 231 F. Supp. 2d 1253, 1322 (W.D.

2   Ga. 2002) (excluding testimony describing the existence of a "loose cartel").

3       Professor Elzinga notably does not purport to apply any scientific methodology to his

4   determinations of "agreement."  The only validity to Professor Elzinga's "intellectual filter"

5   and his interpretation of evidence is the *ipse dixit* validity that Professor Elzinga himself

6   attributes to this aspect of his work.  Although the focus of the *Daubert* inquiry is "on [the]

7   principles and methodology, not on the conclusions that they generate," *Daubert*, 509 U.S. at

8   595, it is equally true that "conclusions and methodology are not entirely distinct from one

9   another," *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).  "[N]othing in either *Daubert*

10   or the Federal Rules of Evidence requires a district court to admit opinion evidence that is

11   connected to existing data only by the *ipse dixit* of the expert."  *Joiner*, 522 U.S. at 146

12   (citations omitted).  As such, "bald assurances of validity" of the type Professor Elzinga

13   attaches to his intellectual filter simply do not suffice for *Daubert.  See United States v. Saya*,

14   961 F. Supp. 1395, 1397 (D. Haw. 1996) (quoting *Daubert v. Merrell Dow Pharm.* 43 F.3d

15   1311, 1315 (9th Cir. 1995)); *see also Mesfun v. Hagos*, No. 03-2182, 2005 WL 5956612, at

16   *11 (C.D. Cal. Feb. 16, 2005) (holding inadmissible expert testimony that is "nothing more

17   than personal opinions and assumptions regarding the facts of the case").

18       That Professor Elzinga may disclaim offering a legal definition of "agreement" is of

19   no moment.  "Even if a jury were not misled into adopting outright a legal conclusion

20   proffered by an expert witness, the testimony would remain objectionable by communicating

21   a legal standard–explicit or implicit–to the jury . . . ." *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d

22   Cir. 1992).  The risk that a jury, confronted with a credentialed expert, would be confused or

23   give undue deference to the expert's implicit characterization of the evidence is simply too

24   great. *Id.*; *see, e.g., United States v. Saya*, 961 F. Supp. 1395, 1397 (D. Haw. 1996); *U.S.*

25   *Info. Sys.,* 313 F. Supp. 2d at 239-241 (holding that an expert's use of "embedded legal

26   conclusions" in a fact narrative is inadmissible).

27         **b.**      **No Expert May Properly Opine on A Defendant's Motive**

28                 **and Intent**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    An expert may not offer opinions regarding a defendant's intent, motive or state of

2   mind.  *See S.E.C. v. Life Wealth Mgmt., Inc.*, No. 10-4769, 2013 WL 1660860, at 8* (C.D.

3   Cal. Apr. 17, 2013) (holding "it is improper for [an expert] to assert conclusions about [the

4   defendants'] motive, intent or state of mind"); *Highland Capital*, 379 F. Supp. 2d at 469

5   (excluding expert testimony regarding state of mind and motivations as "consist[ing] simply

6   of inferences that [the expert] draws from other evidence in the case").  "Expert testimony is

7   not relevant if the expert is offering a personal evaluation of the testimony and credibility of

8   others or of the motivations of the parties."   *U.S. Info. Sys.,* 313 F. Supp. 2d at 226.

9   Professor Elzinga does not and could not know what was "clear," "recognized," or otherwise

10  known  to  Defendants.  His  proposed  testimony  however  is  replete  with  these

11  characterizations.  Professor Elzinga's speculations about knowledge, motive and intent are

12  simply inadmissible.

13        **C.    Cross-Examination Is Not a Sufficient Remedy**

14        Any suggestion that cross-examination is a sufficient antidote for this prejudicial

15  testimony would be mistaken.  Cross-examination is an inadequate remedy where, as here,

16  the proposed testimony is prejudicial and/or unreliable at its core.  *See, e.g.*, *United States v.

17  Hebshie*, 754 F. Supp. 2d 89, 113 (D. Mass 2010) ("Cross-examination suffices only when

18  experts have reached different conclusions, but the underlying approach is sound.  Where it is

19  not, exclusion, or in some situations, limitation, is the only option."); *Reed v. City of Chi.*,

20  No. 01-C-7865, 2006 WL 1543928, at *3 (N.D. Ill. June 1, 2006) ("while it is true that

21  '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on

22  the burden of proof are the traditional and appropriate means of attacking shaky but

23  admissible evidence,' such safeguards are not a basis for admitting otherwise inadmissible

24  evidence") (quoting *Daubert*, 509 U.S. at 596).

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

2  **V.      CONCLUSION**

3        For these reasons, the Court should grant Defendants' Motion and preclude Professor

4  Elzinga from presenting a narrative at trial, inferences about the existence of "agreements,"

5  and inferences about Defendants' motive and intent.

6

7                                       Respectfully submitted,

8  Dated:  December 5, 2014            **WHITE & CASE** LLP

9

10                            By:  _/s/ Lucius B. Lau_____
                                   Christopher M. Curran (*pro hac vice*)
11                                 ccurran@whitecase.com
                                   Lucius B. Lau (*pro hac vice*)
12                                 alau@whitecase.com
                                   Dana E. Foster (*pro hac vice*)
13                                 defoster@whitecase.com
                                   701 Thirteenth Street, N.W.
14                                 Washington, DC  20005
                                   tel.: (202) 626-3600
15                                 fax: (202) 639-9355
16

17                                 *Counsel to Defendants Toshiba Corporation,*
18                                 *Toshiba America, Inc., Toshiba America*
                                   *Information Systems, Inc., Toshiba America*
19                                 *Consumer Products, L.L.C., and Toshiba*
                                   *America Electronic Components, Inc.*
20

21                                 (With respect to all of the above-captioned
22                                 cases except for *Dell Inc., et al. v. Hitachi,*
                                   *Ltd., et al.*, No. 13-cv-0271)
23

24

25

26

27

28

1

2          BAKER BOTTS LLP

3   By:  _/s/ John M. Taladay_____

4          JOHN M. TALADAY (*pro hac vice*)
           john.taladay@bakerbotts.com
5          JOSEPH OSTOYICH (*pro hac vice*)
           joseph.ostoyich@bakerbotts.com
6          ERIK T. KOONS (*pro hac vice*)
           erik.koons@bakerbotts.com
7          CHARLES M. MALAISE (*pro hac vice*)
           Charles.malaise@bakerbotts.com
8          BAKER BOTTS LLP
9          1299 Pennsylvania Avenue, N.W.
           Washington DC 20004-2400
10         Telephone:  (202) 639-7700
           Facsimile:  (202) 639-7890
11

12

13         JON V. SWENSON (SBN 233054)
           jon.swenson@bakerbotts.com
14         BAKER BOTTS LLP
15         1001 Page Mill Road
           Building One, Suite 200
16         Palo Alto, CA 94304
           Telephone:  (650) 739-7500
17         Facsimile:  (650) 739-7699
           E-mail:  jon.swenson@bakerbotts.com
18

19

20         *Attorneys for Defendants Koninklijke Philips*
           *N.V., Philips Electronics North America*
21         *Corporation, Philips Taiwan Ltd., and*
           *Philips do Brasil, Ltda.*
22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: */s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP
Jeffrey L. Kessler (*pro hac vice*)
A. Paul Victor (*pro hac vice*)
Aldo A. Badini Cal. Bar No. 257086
Eva W. Cole (*pro hac vice*)
Molly M. Donovan (*pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone:(212) 294-4692
Facsimile: (212) 294-4700
Email:   jkessler@winston.com
         abadini@winston.com
         pvictor@winston.com
         ewcole@winston.com
         mmdonovan@winston.com

WEIL, GOTSHAL & MANGES LLP
Steven A. Reiss (*pro hac vice*)
David L. Yohai (*pro hac vice*)
Adam C. Hemlock (*pro hac vice*)
767 Fifth Avenue
New York, NY 10153-0119
Telephone:(212) 310-8000
Facsimile: (212) 310-8007
Email:   steven.reiss@weil.com
         david.yohai@weil.com
         adam.hemlock@weil.com

*Attorneys for Defendants Panasonic
Corporation (f/k/a Matsushita Electric
Industrial Co., Ltd.), Panasonic Corporation
of North America, and MT Picture Display
Co., Ltd.*

(With respect to all of the above-captioned
cases except for *Dell Inc., et al. v. Hitachi,
Ltd., et al.*, No. 13-cv-0271, and *Costco
Wholesale Corp. v. Hitachi, Ltd., et al.*, No.
3:11-cv-06397)

DEFENDANTS' JOINT MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF
PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917
16

1

2          By: /s/ Michael W. Scarborough

3              SHEPPARD MULLIN RICHTER &
               HAMPTON LLP
4              Gary L. Halling, Cal. Bar No. 66087
               James L. McGinnis, Cal. Bar No. 95788
5              Michael W. Scarborough, Cal. Bar No.
               203524
6              Four Embarcadero Center, 17th Floor
               San Francisco, CA  94111-4109
7              Telephone:(415) 434-9100
               Facsimile: (415) 434-3947
8              E-mail:  ghalling@sheppardmullin.com
9                       jmcginnis@sheppardmullin.com
                        mscarborough@sheppardmullin.com
10
11             *Attorneys for Defendants Samsung SDI
               America, Inc.; Samsung SDI Co., Ltd.;*
               *Samsung SDI (Malaysia) SDN. BHD.;*
12             *Samsung SDI Mexico S.A. DE C.V.; Samsung*
               *SDI Brasil Ltda.; Shenzen Samsung SDI Co.,*
13             *Ltd. and Tianjin Samsung SDI Co., Ltd.*

14

15

16         By: /s/ Eliot A. Adelson

17             KIRKLAND & ELLIS LLP
               Eliot A. Adelson Cal. Bar. No. 205284
18             555 California Street, 27th Floor
               San Francisco, CA 94104
19             Telephone:(415) 439-1400
               Facsimile: (415) 439-1500
20             Email:    eadelson@kirkland.com

21
               *Attorneys for Defendants Hitachi, Ltd.,*
22             *Hitachi Displays, Ltd. (n/k/a Japan Display,*
               *Inc.), Hitachi Asia, Ltd., Hitachi America,*
23             *Ltd., and Hitachi Electronic Devices (USA),*
               *Inc.*
24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2       By: */s/ Rachel S. Brass*

3         GIBSON, DUNN & CRUTCHER LLP

         Rachel S. Brass Cal. Bar. No. 219301

4         Joel S. Sanders Cal. Bar. No. 107234

         Austin V. Schwing Cal. Bar. No. 211696

5         555 Mission Street, Suite 3000

         San Francisco, CA 94105

6         Telephone:(415) 393-8200

7         Facsimile: (415) 393-8306

         Email:  rbrass@gibsondunn.com

8             jsanders@gibsondunn.com

9             aschwing@gibsondunn.com

10        *Attorneys for Defendants Chunghwa Picture*

11        *Tubes, Ltd. and Chunghwa Picture Tubes*

        *(Malaysia)*

12

13

14       By: */s/ Kathy L. Osborn*

15         FAEGRE BAKER DANIELS LLP

         Kathy L. Osborn (*pro hac vice*)

16         Ryan M. Hurley (*pro hac vice*)

         300 N. Meridian Street, Suite 2700

17         Indianapolis, IN 46204

18         Telephone: (317) 237-0300

         Facsimile: (317) 237-1000

19         kathy.osborn@FaegreBD.com

20         ryan.hurley@FaegreBD.com

21         Calvin L. Litsey (SBN 289659)

22         Faegre Baker Daniels LLP

         1950 University Avenue, Suite 450

23         East Palo Alto, CA 94303-2279

24         Telephone: (650) 324-6700

         Facsimile: (650) 324-6701

25         calvin.litsey@FaegreBD.com

26

27        *Attorneys for Defendants Thomson SA and*

        *Thomson Consumer Electronics, Inc.*

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2                By: */s/ Michael T. Brody*

3                     JENNER&BLOCK LLP

4                     Terrence J. Truax (*pro hac vice*)

                       Michael T. Brody (*pro hac vice*)

5                     353 North Clark Street

6                     Chicago, Illinois 60654-3456

                       Telephone: (312) 222-9350

7                     Facsimile: (312) 527-0484

8                     ttruax@jenner.com

                       mbrody@jenner.com

9

10                    Brent Caslin (Cal. Bar. No. 198682)

                       JENNER&BLOCK LLP

11                   633 West Fifth Street, Suite 3600

12                   Los Angeles, California 90071

                       Telephone: (213) 239-5100

13                   Facsimile: (213) 239-5199

14                   bcaslin@jenner.com

15                   *Attorneys for Defendants Mitsubishi Electric*

                      *Corporation, Mitsubishi Electric US, Inc.*

16                  *and, Mitsubishi Electric Visual Solutions*

17                   *America, Inc.*

18

19                   SQUIRE PATTON BOGGS (US) LLP

20

                By: */s/ Nathan Lane, III*

21                   Mark Dosker

22                   Nathan Lane, III

                       275 Battery Street, Suite 2600

23                   San Francisco, CA  94111

24                   Telephone:  415.954.0200

                       Facsimile:  415.393.9887

25                   Email:  mark.dosker@squirepb.com

26                   nathan.lane@squirepb.com

27

28

1

2
Donald A. Wall (*Pro Hac Vice*)
3
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
4
Phoenix, Arizona 85004
Telephone:  602.528.4000
5
Facsimile:  602.253.8129
6
Email:  donald.wall@squirepb.com

7
*Attorneys for Defendant Technologies*
*Displays Americas LLC with respect to all*
8
*cases except Office Depot, Inc. v.*
*Technicolor SA, et al. and Sears, Roebuck*
9
*and Co., et al v. Technicolor SA, et al.*
10

11

12
CURTIS, MALLET-PREVOST, COLT &
MOSLE LLP
13

14
By: */s/  Jeffrey I. Zuckerman*
Jeffrey I. Zuckerman (Pro Hac Vice)
15
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
16
New York, New York 10178
17
Telephone: 212.696.6000
Facsimile: 212.697.1559
18
Email:  jzuckerman@curtis.com
19
etobin@curtis.com

20
Arthur Gaus (SBN 289560)
21
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
22
San Francisco, California 94108
23
Telephone: 415.397.2700
Facsimile: 415.397-3300
24
Email: asg@dillinghammurphy.com
25

26
*Attorneys for Defendant Technologies*
*Displays Americas LLC with respect to*
27
*Office Depot, Inc. v. Technicolor SA, et al.*
*and Sears, Roebuck and Co. et al. v.*
28
*Technicolor SA, et al.*

DEFENDANTS' JOINT MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF
PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917
20

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: */s/ Michael Lacovara*
   Michael Lacovara (209279)
   Freshfields Bruckhaus Deringer US LLP
   601 Lexington Avenue, 31st Floor
   New York, NY 10022
   Telephone: 212 277 4000
   Facsimile: 212 277 4001
   Email:  michael.lacovara@freshfields.com

   Terry Calvani (53260)
   Richard Snyder (pro hac vice)
   Christine Laciak (pro hac vice)
   Freshfields Bruckhaus Deringer US LLP
   700 13th Street, NW, 10th Floor
   Washington, DC 20005
   Telephone: 202 777 4500
   Email:  terry.calvani@freshfields.com
   Email:  richard.snyder@freshfields.com
   Email:  christine.laciak@freshfields.com

*Attorneys for Defendant Beijing Matsushita
Color CRT Co., Ltd.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

MUNGER, TOLLES & OLSON LLP

By: */s/ Hojoon Hwang*

JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants LG Electronics,
Inc., LG Electronics USA, Inc., LG
Electronics Taiwan Taipei Co., Ltd.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

On December 5, 2014, I caused a copy of the Defendants' Joint Notice of Motion and Motion to Exclude Certain Expert Testimony of Professor Kenneth Elzinga to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.


By:   */s/ Lucius B. Lau*
Lucius B. Lau (*pro hac vice*)