Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defroster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL ACTIONS | **THE TOSHIBA DEFENDANTS' REPLY IN SUPPORT OF THEIR OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED NOVEMBER 20, 2014 RE PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES** |

1    Although the motion to compel filed with Judge Walker was submitted on behalf of
2 the IPPs, DAPs, and the California Attorney General, only the IPPs (in a brief signed by
3 Mario Alioto) have responded to Toshiba's objections to the Special Master's Recommended
4 Order. The IPPs' response confirms the fact that the Court should decline to adopt the
5 Recommended Order.

6    As an initial matter, the IPPs are simply incorrect in their position that the Special
7 Master's factual findings are reviewed for "clear error." IPP Response at 1. In making this
8 argument, the IPPs rely upon the order appointing Special Master *Legge*. Toshiba Ex. O. The
9 order appointing the current Special Master makes no reference to a "clear error" standard of
10 review. Toshiba Ex. P. Nor did the parties ever stipulate to such a review when they agreed
11 to Special Master Walker's appointment. Toshiba Ex. Q. In relevant part, Rule 53(f)(3)
12 provides that "[t]he court must decide de novo all objections to findings of fact made or
13 recommended by a master, unless the parties, with the court's approval, stipulate that (A) the
14 findings will be reviewed for clear error . . . ." Accordingly, the Court should review factual
15 findings in the Recommended Order de novo.

16    The IPPs, in their response, do not dispute that Toshiba had no obligation to update its
17 Rule 26 initial disclosures. In particular, the IPPs do not dispute that the obligation to
18 supplement Rule 26 initial disclosures was lifted long ago. For their part, the IPPs have *never*
19 supplemented their Rule 26 initial disclosures. Only last Friday did the IPPs disclose their
20 witness list, in which they identify 108 witnesses not disclosed by IPPs in their initial (and
21 never supplemented) Rule 26 disclosures.

22    The Plaintiffs' reply submission to Special Master Walker (Toshiba Ex. M) was
23 misleading about the prior proceedings that had occurred in the case with respect to Rule 26.
24 In that reply submission, the Plaintiffs argued that "Rule 26(e) creates a duty to supplement,
25 not a right." *Id.* at 2 (citation and internal quotation marks omitted). In this manner, the
26 Plaintiffs erroneously suggested that Toshiba (and other parties) had an obligation to update
27 their Rule 26 disclosures. The Plaintiffs failed to inform the Special Master that the Court had
28 removed the duty for parties to supplement their initial disclosures. The Plaintiffs also failed

THE TOSHIBA DEFENDANTS' REPLY IN SUPPORT OF THEIR OBJECTIONS TO
SPECIAL MASTER'S RECOMMENDED ORDER DATED NOVEMBER 20, 2014 RE
PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES
Case No. 07-5944 SC
MDL No. 1917

to inform the Special Master that the Plaintiffs themselves had never supplemented their initial disclosures to identify knowledgeable people.

It is apparent from the Recommended Order that the outcome was driven by the Special Master's understandable (but mistaken) belief that the requirement to supplement Rule 26 initial disclosures was still in place.

In light of the true procedural history of this case, it is baseless for Plaintiffs to suggest that Toshiba's attempt at transparency somehow prejudiced or sandbagged the Plaintiffs. Under prior orders (Toshiba Ex. B, C), Plaintiffs were left to their own devices to identify relevant witnesses; as a result, Toshiba's amended initial disclosures could only help the Plaintiffs. That amended disclosure did not purport to be a witness list or any sort of representation about the named individuals or Toshiba's ability to control them. It was simply a list of people that Toshiba might rely on.

In their response, the IPPs nonetheless continue to argue that they were prejudiced about the "last-minute disclosure." IPP Response at 6. These arguments are contrived. Thirty party depositions have occurred in this case beyond the official close of fact discovery. Some of these depositions occurred for the convenience of the plaintiffs while others occurred for the convenience of the defendants. *See* Toshiba Ex. R (list of party depositions that have occurred after September 5, 2014); Toshiba Ex. S (stipulation and court order indicating that depositions needed to occur after September 5, 2014 to accommodate plaintiff Electrograph). For these depositions, the parties have worked with each other cooperatively. There is no meaningful difference between these other depositions and the Toshiba depositions that have occurred as a result of Toshiba's amended initial disclosures. And Plaintiffs would have been worse off, not better off, if Toshiba had not voluntarily filed its amended Rule 26 disclosures, for then Plaintiffs would have less insight into Toshiba's possible strategy.

Although the IPPs again raise the fact that Toshiba proposed depositions to occur on or near the Jewish holidays (IPP Response at 2-4), they do not dispute Toshiba's chronology of events. Specifically, they do not dispute that Toshiba's counsel promptly agreed to propose new deposition dates once the Plaintiffs explained that the Jewish holidays posed a conflict

THE TOSHIBA DEFENDANTS' REPLY IN SUPPORT OF THEIR OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED NOVEMBER 20, 2014 RE PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES
Case No. 07-5944 SC
MDL No. 1917

1   from their perspective.  *See* Toshiba Ex. L at Att. 4 (Letter from Lucius B. Lau to Daniel E.
2   Birkhaeuser, dated September 16, 2014:  "Thank you for reminding us of the Jewish holidays.
3   We are willing to reschedule the depositions of Messrs. Kawano and Milliken.").  This
4   flexibility was consistent in all respect with this Court's Guidelines for Professional Conduct,
5   both Section 3 on Scheduling and Section 9 on Discovery.  Although the IPPs' declarant,
6   Daniel Birkhaeuser, has identified certain calendars that show the dates for Rosh Hashanah
7   and Yom Kippur, he cannot seriously dispute that Toshiba's counsel was innocently unware,
8   until told so, that the proposed deposition dates fell on or near those Jewish holidays.

9       According to the IPPs, there would have been no need for any motion to compel (or
10  the Recommended Order) had "all of the witnesses been promptly produced . . . ."  IPP
11  Response at 2.  The IPPs' argument ignores the fact that two of the individuals at issue
12  (Mr. Kawano and Mr. Bond) are former employees — they appeared voluntarily, without
13  subpoena, but that effort required consideration of the witnesses' own schedules (particularly
14  the schedule of Mr. Kawano, who is now employed by a third party in Japan).  *See* Fed. R.
15  Civ. P. 45(d) (1) (requiring counsel to avoid undue burden or expense on witnesses).  Once
16  the Plaintiffs identified the Jewish holidays as a conflict for the proposed deposition dates of
17  Mr. Kawano and Mr. Milliken, Toshiba offered new dates.  Toshiba may have provided
18  specific dates for depositions — dates identified by the witnesses — but Toshiba never
19  foreclosed flexibility.   All told, the scheduling of these depositions were conducted in good
20  faith and in a timeframe reasonable given the need to accommodate the schedules of non-
21  party witnesses.

22      In their response, the IPPs continue to voice concerns over Toshiba's identification of
23  former Toshiba employee Mr. Amano and Mr. Farmer.  IPP Response at 4-5.  The IPPs do not
24  dispute that they themselves identified Mr. Amano as a potential witness in 2012 (Toshiba Ex.
25  I), yet took no steps at that time to secure him as a witness.  With respect to both Mr. Amano
26  and Mr. Farmer, the IPPs identify no real harm they suffered.  They were not put on a "wild
27  goose chase," as IPPs colorfully suggest; they simply had a short period of uncertainty over
28  whether these witnesses would be deposed and appear for trial.  Although Toshiba recognizes

THE TOSHIBA DEFENDANTS' REPLY IN SUPPORT OF THEIR OBJECTIONS TO
SPECIAL MASTER'S RECOMMENDED ORDER DATED NOVEMBER 20, 2014 RE
PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES
Case No. 07-5944 SC
MDL No. 1917

1  that its identification of those witnesses may have temporarily led Plaintiffs to believe that
2  Toshiba would in fact rely on those witnesses at trial, Toshiba's intention was merely to set
3  forth a placeholder in the event those witnesses were needed at trial (and, in the case of Mr.
4  Amano, could be secured for trial).  Since that time, Toshiba has decided that it will not rely
5  on either individual at trial.  At all times, Toshiba has been transparent in terms of its
6  proposed trial witnesses.  It should not be punished for that transparency.

Dated:  December 8, 2014                               Respectfully submitted,

**WHITE & CASE LLP**

By:  /s/ Christopher M. Curran
    Christopher M. Curran (*pro hac vice*)
    ccurran@whitecase.com
    Lucius B. Lau (*pro hac vice*)
    alau@whitecase.com
    Dana E. Foster (*pro hac vice*)
    defroster@whitecase.com
    701 Thirteenth Street, N.W.
    Washington, DC  20005
    tel.: (202) 626-3600
    fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

**CERTIFICATE OF SERVICE**

On December 8, 2014, I caused a copy of the "THE TOSHIBA DEFENDANTS' REPLY IN SUPPORT OF THEIR OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED NOVEMBER 20, 2014 RE PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: */s/ Lucius B. Lau*
Lucius B. Lau (*pro hac vice*)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' REPLY IN SUPPORT OF THEIR OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED NOVEMBER 20, 2014 RE PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF TOSHIBA WITNESSES
Case No. 07-5944 SC
MDL No. 1917