DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: adam.hemlock@weil.com

BAMBO OBARO (267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: bambo.obaro@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400
E-mail: jkessler@winston.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Dell Inc., et al. v. Hitachi Ltd. et al.*, No. 13-cv-02171 | Case No. 07-5944 SC<br>MDL. No. 1917<br><br>**DECLARATION OF ADAM C. HEMLOCK IN SUPPORT OF DELL PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFFS' MOTION TO PARTIALLY EXCLUDE THE EXPERT REPORT AND OPINIONS OF JANUSZ A. ORDOVER AND EXHIBITS**<br><br>**[re Panasonic Documents in Dkt. No. 3169]** |

I, Adam C. Hemlock, hereby declare as follows:

1. I am an attorney with Weil, Gotshal & Manges LLP, counsel for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (No. 07-cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

3. On December 5, 2014, Plaintiffs Dell Inc. and Dell Products L.P. (collectively, "Dell") filed an Administrative Motion to File Documents Under Seal (Dkt. 3169), and lodged conditionally under seal, the following documents pursuant to Civil Local Rules 7-11 and 79(b):

    a. Portions of Plaintiffs' Motion to Partially Exclude the Expert Report and Opinions of Janusz A. Ordover, Ph.D. (the "Ordover Motion"); and

    b. Exhibits A-F to the Declaration of Debra D. Bernstein in Support of the Ordover Motion ("Bernstein Declaration").

4. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal Exhibits A and B to the Bernstein Declaration.

5. Bernstein Declaration Exhibit A is a copy of the Expert Report of Mohan Rao ("Rao Report"), dated April 15, 2014 and designated by Dell as "Highly Confidential" pursuant to the Protective Order. The Rao Report consists of, cites to, quotes from, and/or otherwise summarizes documents designated by the Panasonic Defendants as "Confidential".

- 1 -

6. Upon information and belief, Exhibit A consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

7. Bernstein Declaration Exhibit B is a copy of the Expert Report of Janusz A. Ordover ("Ordover Report"), August 15, 2014 and designated by Defendants as "Highly Confidential" pursuant to the Protective Order. The Ordover Report consists of, cites to, quotes from, and/or otherwise summarizes documents designated by the Panasonic Defendants as "Confidential."

8. Upon information and belief, Exhibit B consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

9. I understand that the Panasonic Defendants consider any statements in the Ordover Motion purporting to summarize Exhibits A and B or any other documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits A and B to the Bernstein Declaration and referenced in the motion.

- 2 -

1  I declare under penalty of perjury that the foregoing is true and correct.

2  Executed on December 9, 2014 at New York, NY.

3                                                          By:     /s/ Adam C. Hemlock

4                                                                  ADAM C. HEMLOCK