DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: adam.hemlock@weil.com

BAMBO OBARO (267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: bambo.obaro@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400
E-mail: jkessler@winston.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL. No. 1917<br><br>**DECLARATION OF ADAM C. HEMLOCK IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL DEFENDANTS' MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR KENNETH ELZINGA AND EXHIBITS**<br><br>**[re Panasonic Documents in Dkt. No. 3173]** |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-05513;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, Case No. 13-cv-05264; | |

1  *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06396;

2
3  *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06397;

4  *Dell Inc., et al. v. Hitachi Ltd. et al.*, No. 13-cv-02171;

5
6  *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-01656;

7
8  *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05724;

9  *Interbond Corp. of America v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06275;
10

11  *Interbond Corp. of America v. Technicolor SA, et al.*, Case No. 3:13-cv-05727;

12
13  *Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06276;

14  *Office Depot, Inc. v. Technicolor SA, et al.*, Case No. 3:13-cv-05726;
15

16  *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-02648;

17
18  *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05725;

19
20  *Sears, Roebuck & Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:11-cv-05514;

21
22  *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 3:13-cv-00157; and

23
24  *Viewsonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:14-cv-002510.

25
26
27
28

ADAM C. HEMLOCK DECL. ISO DEF.S' MOT. TO SEAL

MDL No. 1917
Master No. 3:07-cv-05944 SC

I, Adam C. Hemlock, hereby declare as follows:

1. I am an attorney with Weil, Gotshal & Manges LLP, counsel for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (No. 07-cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

3. On December 5, 2014, Defendants filed an Administrative Motion to File Documents Under Seal (Dkt. 3173), and lodged conditionally under seal, the following documents pursuant to Civil Local Rules 7-11 and 79(b):

   a. Portions of Defendants' Motion to Exclude Certain Expert Testimony of Professor Kenneth Elzinga (the "Elzinga Motion"); and

   b. Exhibits A-D to the Declaration of Lucius B. Lau in Support of the Elzinga Motion ("Lau Declaration").

4. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal Exhibits A and B to the Lau Declaration

5. Lau Declaration Exhibit A is a copy of the Expert Report of Kenneth Elzinga ("Elzinga Report"), dated April 15, 2014. The Elzinga Report consists of, cites to, quotes from, and/or otherwise summarizes documents designated by the Panasonic Defendants as "Confidential" pursuant to the Protective Order.

- 1 -

ADAM C. HEMLOCK DECL. ISO DEF.S' MOT. TO SEAL                              MDL No. 1917
                                                                    Master No. 3:07-cv-05944 SC

6.	Upon information and belief, Exhibit A consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal practices, business practices and competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

7.	Lau Declaration Exhibit B is a copy of the Reply Expert Report of Professor Kenneth Elzinga ("Reply Elzinga Report"), dated September 26, 2014.  The Reply Elzinga Report consists of, cites to, quotes from, and/or otherwise summarizes documents designated by the Panasonic Defendants as "Confidential" pursuant to the Protective Order.

8.	Upon information and belief, Exhibit B consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal practices, business practices and competitive position.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

9.	I understand that the Panasonic Defendants consider any statements in the Elzinga Motion purporting to summarize Exhibits A and B or any other documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary.  I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits A and B to the Lau Declaration and referenced in the motion.

1  I declare under penalty of perjury that the foregoing is true and correct.

2  Executed on December 9, 2014 at New York, NY.

3

4                                                              By:   /s/ Adam C. Hemlock
                                                                        ADAM C. HEMLOCK

- 3 -

ADAM C. HEMLOCK DECL. ISO DEF.S' MOT. TO SEAL                              MDL No. 1917
                                                                    Master No. 3:07-cv-05944 SC