Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>Panasonic v Sharp | MDL No 1917<br><br>Master Case No 3:07-cv-05944SC<br><br>**ORDER RE PANASONIC'S MOTION TO STRIKE SHARP'S PROPOSED 30(B)(6) ERRATA CHANGES** |

On October 3, 2014, Panasonic moved to strike two errata changes Sharp proposed for the deposition testimony of its Rule 30(b)(6) witness, Mr Vincent Sampietro.  Sharp opposed on the ground that the errata changes are corrective and not contradictory.  The parties have met and conferred in an attempt to resolve the dispute without success.

Having reviewed the submissions, in particular, the transcript of Mr Sampietro's deposition and the two proposed errata changes, it appears that the proposed errata change Mr Sampietro's testimony in a contradictory, not corrective fashion.

Although Sharp contends both errata changes are necessary for "Clarification," both changes provide completely different answers.

*First proposed errata change*:

<u>Question</u>: Okay. And during that period that SEMEX was the only Sharp entity manufacturing televisions in North America, am I right that SEMA was the only entity that was – only entity other than SEMEX that was involved with procurement of parts and components for manufacturing of TVs?

<u>Answer</u>: That's my understanding.

<u>Sharp's Proposed Change</u>: Only SEMA was involved with procurement of parts and components for manufacturing of TVs.[1]

*Second proposed errata change*:

<u>Question</u>: Which entity issued orders for the finished products?

<u>Answer</u>: SEMA would have been purchasing the finished products from SEMEX, so they would have been ordering the finished products.

<u>Sharp's Proposed Change</u>: SEC issued orders for the finished products.[2]

Sharp contends that the two changes are non-contradictory clarifications regarding the operation of Sharp's maquiladora manufacturer, SEMEX, which purportedly never purchased the CRTs it used in its Mexican manufacturing facilities. Sharp explains that Mr Sampietro was designated to testify as a corporate witness on the portions of Topics 6 and 9 pertaining to CRTs, citing email correspondence. See Warren Dec, Ex E (June 13, 2014 email). Sharp's counsel

---

[1] Hemlock Dec, Ex 7 (Vincent Sampietro Deposition, 53:13-19).
[2] Hemlock Dec. Ex 7 (Vincent Sampietro Deposition, 57:23-25).

stated in correspondence that for Topic 6, "the witness/es would be prepared to testify about Sharp's processes for purchasing CRTs and/or CRT televisions" and for Topic 9, "the witness/es would be prepared to testify about the general processes and policies regarding internal transfers and pricing for SEC or SEMA relating to CRTs or CRT televisions." 5/23/14 Goldstein Letter, Ex D to Warren Dec. Thus, it appears that the proposed changes relate directly to the noticed Topics 6 and 9 for which Mr Sampietro should have been prepared.

Sharp contends that Mr Sampietro's two changes are appropriate because they correct an error consistent with the record, citing numerous other discovery responses establishing that SEMEX and maquiladoras do not purchase parts such as CRTs, but only provide services in assembling or using parts. Sharp provides several bases for this assertion. First, with respect to one correction, Sharp designated a different witness, Mr Scaglione, to cover questions involving CRT Finished Products, and he testified accurately that there were no television sales from SEMEX to SEMA. Second, the other correction is necessary due to the ambiguous question asked by Panasonic's counsel. But the ambiguity of the first question only works in Sharp's favor, rendering the answer similarly ambiguous. Third, Panasonic's reliance on *Lewis v Collins*, 2010 WL 3398521 is not applicable because Mr Sampietro was not a sophisticated witness, having never testified before, never worked at either SEMA or SEMEX, and not involved in the sale of CRT televisions. Fourth, Mr Sampietro cannot be accused of treating his deposition as a "take home exam" because his corrections are consistent with his and other testimony.

Sharp asserts that its corrections should stand because Panasonic should not use Mr Sampietro's testimony on these two questions as "sound bites" to create the appearance of a factual issue where none exists. The point is important because Panasonic may seek to support a defense under the Foreign Trade Antitrust Improvements Act (FTAIA) by establishing that Sharp's Mexican maquiladora, SEMEX, played a significant role in CRT purchasing and sales of CRT Finished Products.

While Sharp's arguments carry some force, the Ninth Circuit has made clear that Rule 30(e) errata changes may only be used for corrective, not contradictory changes and may not be used to rewrite sworn testimony. *Hambleton Bros Lumber Co v Balkin Enters, Inc*, 397 F3d 1217, 1226 (9 Cir 2005); *see also Lewis v CCPOA Benefit Trust Fund*, 2010 WL 3398521 (ND Cal 2010). Here, the proposed changes are not merely corrections of transcription errors but rewriting of sworn testimony, which is not a legitimate purpose of errata submitted under Rule 30(e).

At summary judgment or at trial, Mr Sampietro will have an opportunity to explain any incorrect testimony and his credibility about an honest mistake of fact may be determined at that time. *See e g, Lewis v CCPOA Benefit Trust Fund*, at *4. A motion *in limine* or trial objection may also be available.

Accordingly, the undersigned ORDERS as follows:

**Panasonic's motion to strike two of Sharp's proposed errata changes in the testimony of Sharp's Rule 30(b)(6) witness, Mr Vincent Sampietro (53:13-19 and 57:21-25) is GRANTED.**

IT IS SO ORDERED.
Date: December 10, 2014

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Samuel Conti
United States District Judge