Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
Tel: (415) 871-2888
Fax: (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No 1917 |
| This Order Relates To: | Master Case No 3:07-cv-05944SC |
| DAPs v Samsung | ORDER RE SAMSUNG SEC/SEA's MOTION FOR PROTECTIVE ORDER BARRING DAPS' RULE 30(B)(6) DEPOSITIONS OF SEC/SEA |

On September 12, 2014, Samsung Electronics Co ("SEC") and Samsung Electronics America ("SEA") moved for a protective order barring the Direct Action Plaintiffs ("DAPs") from taking a second Rule 30(b)(6) deposition of SEC and SEA.

SEC and SEA contend that a protective order should be granted because: (1) they are no longer parties to this litigation, (2) they already provided two days of Rule 30(b)(6) deposition testimony in July 2012, (3) the DAPs had ample opportunity to seek this discovery but chose not

ORDER RE SEC/SEA'S MOTION FOR PROTECTIVE ORDER AGAINST DAPS' RULE 30(B)(6) DEPOSITION PAGE **1** OF **5**

to participate in the July 2012 deposition despite the court's Discovery Protocol requiring plaintiffs' counsel to coordinate to the extent practicable all depositions, (4) the DAPs already moved to compel additional Rule 30(b)(6) deposition testimony from SEC, which the Court denied (Dkt 1359, filed 10/18/12) and (5) the DAPs' Rule 30(b)(6) noticed topics are overbroad, unduly burdensome and duplicative.  SEC and SEA also assert that in some instances, the DAPs' noticed deposition topics are better directed to a current party in this case, such as Samsung SDI.  Counsel for SEC and SEA offered to provide written answers to written questions in lieu of another Rule 30(b)(6) deposition.  The DAPs' counsel offered a compromise of taking the deposition by phone but rejected giving SEC and SEA a list of deposition questions.

In response, counsel for the DAPs (excluding the Sharp plaintiffs), contend that:  (1) the discovery is not duplicative because only Topic 1 in the 2014 Rule 30(b)(6) notice overlaps with the topics of the 2012 Rule 30(b)(6) notice and Topic 1 is necessary to provide foundation for the relationships of the entities in the other topics; (2) the topics are neither overly broad nor unduly burdensome because they are limited in scope and the DAPs will have only three hours of deposition to cover nine discrete topics; and (3) the discovery does not violate the Discovery Protocol requiring coordination because several of the opt-out plaintiffs who requested this deposition were not parties at the time of the July 2012 SEC/SEA deposition.

The DAPs contend that Samsung SDI is attempting to "escape total liability for billions of dollars in damages by arguing that Plaintiffs' purchases are indirect because Plaintiffs only bought monitors from SEC" and that the issue whether SEC "owned or controlled" Samsung SDI is integral to Plaintiffs' antitrust standing.  Therefore, the DAPs assert they are entitled to discovery on ownership and control, which was not the subject of the July 2012 SEC/SEA deposition.

**Whether the Nine Rule 30(b)(6) Notice Topics are Duplicative**

It is undisputed that the DAPs served a first Rule 30(b)(6) notice with 17 topics and later an amended notice with nine topics. 9/12/14 Feder Dec, Ex A. Since SEC/SEA contend that the nine topics are duplicative of the 2012 deposition topics and the DAPs argue otherwise, a comparison is appropriate. Having compared the nine recently noticed topics with the 2012 deposition topics, the undersigned agrees with the DAPs that the only overlapping topic is Topic 1 and that the corporate structure topic is foundational to ownership and control. Compare 9/12/14 Feder Dec Ex A and L. The 2012 deposition topics covered manufacturing, pricing, costs and profits, sales and distribution of CRTs, whereas the 2014 topics are focused on ownership and control and are not limited to CRT-related activity. In Samsung SEC/SEA's Objections, only Topics 1, 6 and 7 are asserted to be duplicative. But in reviewing Topics 6 and 7, the undersigned finds that while they may refer to entitles that conducted CRT-related activities, they relate to distribution channels and CRT purchase and, therefore, are not duplicative of the 2012 deposition topics. Accordingly, the nine Rule 30(b)(6) deposition topics are not duplicative of the topics of the 2012 SEC/SEA deposition.

Moreover, the two SEC/SEA Rule 30(b)(6) deponents, Steve Panosian and Kim London, who testified in July 2012, were apparently not knowledgeable about whether SEC had an ownership interest in Samsung SDI and the corporate structure of SEC and Samsung Group, respectively. Kent Dec Ex B and C. Special Master Legge's Report and Recommendations (Dkt 1359, filed 9/18/12) concluding that these two Samsung witnesses were "reasonably prepared on topics which were posed by plaintiffs' notice," is not relevant to this dispute. The new topics relate to "ownership and control," not CRT pricing and distribution which were the principal focus of the July 2012 Rule 30(b)(6) deposition.

### Whether the Nine Topics are Overly Broad or Unduly Burdensome

SEC and SEA contend that the July 2012 deposition notice topics were limited to CRT or CRT Finished Products, but the 2014 notice topics are not limited to CRT or CRT Finished Products and are accordingly overbroad. But the purpose of the deposition here relates to ownership and control between SDI, SEC, SEA and other Samsung affiliates, which topics are not limited to manufacturing, pricing or sales of CRTs. The DAPs have narrowed the topics from seventeen to nine, which seems reasonable given the importance of the subject. And the DAPs assert that they have limited themselves to taking only three hours of Rule 30(b)(6) testimony which is manageable. SEC and SEA complain that the topics listed in the present Rule 30(b)(6) notice encompass a twenty-year time period and thousands of employees. There is merit to this complaint. It would be sensible, therefore, for the DAPs to meet and confer with SEC/SEA to craft a notice that avoids such a broad reach while still enabling adequate preparation of the SEC/SEA Rule 30(b)(6) witness(es). The three-hour time limitation most likely should avoid the problem, but if not or if the parties are unable to craft appropriate limitations, they can return to the undersigned for further guidance.

### Whether the Discovery Violates the Discovery Protocol

At the time of the July 2012 SEC/SEA Rule 30(b)(6) depositions, several DAPs e g, Dell, TechData and ViewSonic, had not yet filed their actions and could not have participated in the July 2012 deposition. Accordingly, these DAPs have not neglected their obligation to coordinate discovery requests. While certain DAPs were involved in this case as of the July 2012 SEC/SEA deposition, at the time, the focus was on manufacture, pricing and sales of CRTs. Under these circumstances, where the deposition topics are neither duplicative nor overly broad or burdensome, the DAPs should be allowed to take a Rule 30(b)(6) deposition of SEC/SEA on ownership and control.

Moreover, the prior order by Special Master Judge Legge does not appear to address the same issues as raised here and therefore is not relevant to the present motion. And while SEC and SEA are no longer parties to this action, they are nevertheless bound by their agreement that the DAPs could serve discovery on them pursuant to Federal Rules of Civil Procedure 30, 31, 33, and 34.

Accordingly, the undersigned ORDERS as follows:

**SEC and SEA's motion for a protective order barring the DAPs' Rule 30(b)(6) depositions of SEC and SEA is DENIED. SEC and SEA are to make their Rule 30(b)(6) witness(es) available for deposition no later than January 20, 2015.**

IT IS SO ORDERED.

Date: December 11, 2014

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Samuel Conti
United States District Judge

ORDER RE SEC/SEA'S MOTION FOR PROTECTIVE ORDER AGAINST DAPS' RULE 30(B)(6) DEPOSITION PAGE **5 OF 5**