Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203
Telephone: +1-303-607-3500
Facsimile:  +1-303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1-650-324-6700
Facsimile: +1-650-324-6701
calvin.litsey@FaegreBD.com

**Attorneys for Defendant Thomson SA**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al., No. 13-cv-01173*<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al., No. 13-cv-05724;*<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al., No. 13-cv-00141;*<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264;*<br><br>*Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727;*<br><br>*Office Depot, Inc. v. Technicolor SA, et al., No. 13-cv-05726;* | **THOMSON SA'S NOTICE OF MOTION AND EMERGENCY MOTION TO AMEND ITS ANSWERS AND FOR PARTIAL RELIEF FROM THE COURT'S ORDER RE: THOMSON DISCOVERY**<br><br>Date: January 23, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 1, 17th Floor<br>Judge: Hon. Samuel Conti |

THOMSON SA'S MOTION FOR LEAVE TO AMEND AND        No. 07-5944-SC; MDL No. 1917
FOR PARTIAL RELIEF FROM DISCOVERY ORDER

*Costco Wholesale Corporation v. Technicolor SA, et al.,* No. 13-cv-05723;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.,* No. 31:cv-05725;

*Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al.,* No. 13-cv-05668;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262;

*Target Corp. v. Technicolor SA, et al.,* No. 13-cv-05686;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.,* No. 13-cv-00157

*ViewSonic Corporation, v. Chunghwa Picture Tubes, Ltd., et al.,* 3:14cv-02510;

*Crago, et al. v. Mitsubishi Electric Corp.,* No. 14-cv-02058.

1 **NOTICE OF MOTION AND EMERGENCY MOTION TO AMEND**

2 TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3 PLEASE TAKE NOTICE that on January 23, 2015 at 10:00 a.m. or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, the moving Defendant listed on the signature page below will and hereby does move this Court, in accord with Federal Rule of Civil Procedure 15(a)(2), for an Order granting the moving Defendant leave to file amended answers in the following cases:

1. *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al.*, No. 13-cv-01173;
2. *Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724;
3. *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al.*, No. 13-cv-00141;
4. *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;
5. *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;
6. *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;
7. *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;
8. *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 31:cv-05725;
9. *Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;
10. *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 3:13-cv-05262;
11. *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;
12. *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;
13. *ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, 3:14cv-02510;
14. *Crago, et al. v. Mitsubishi Electric Corp.*, No. 14-cv-02058.

1  In addition, the moving Defendant will and hereby does move this Court, for an Order granting
2  the Moving Defendant partial relief from the Court's October 23, 2014 Order re: Thomson
3  Discovery (Dkt. No. 2945).
4       This Motion is based on this Notice of Motion and Emergency Motion, the accompanying
5  Memorandum of Points and Authorities in support thereof, the pleadings and correspondence on
6  file with the Court, and such arguments and authorities as may be presented at or before the
7  hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

In accord with Rule 15(a)(2) of the Federal Rules of Civil Procedure, Thomson SA respectfully moves for leave to file amended answers in each of the above-captioned matters to concede this Court's specific personal jurisdiction over it in these actions only and to withdraw with prejudice its related affirmative defense.[1]  In light of this concession, Thomson SA respectfully requests that the Court grant it limited relief from the October 23, 2014 Order compelling Thomson SA to produce documents and testimony responsive to certain document requests and Rule 30(b)(6) deposition notice topics related to the Court's general or specific personal jurisdiction over Thomson SA (Dkt. No. 2945).

## I.  INTRODUCTION

Facing virtually insurmountable discovery obligations and costs related to its defense that this Court lacks personal jurisdiction over it, Thomson SA decided several weeks ago to withdraw this defense and concentrate its resources entirely on complying with other aspects of the Court's October 23 Order.  Thomson SA notified Plaintiffs of this decision and the parties have since been negotiating a stipulation whereby Thomson SA would waive its personal jurisdiction defense and concede this Court's specific personal jurisdiction.  Thomson SA has been consistent in insisting that its concession be limited to these actions only and not spill over into unrelated and presently irrelevant questions over Plaintiffs' ability to enforce any eventual judgment in

---

[1] Pursuant to Civil L.R. 10-1, the proposed amended Answers are attached to this Motion in each case as follows: *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al.*, No. 13-cv-01173 (**Ex. 1**); *Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724 (**Ex. 2**); *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al.*, No. 13-cv-00141 (**Ex. 3**); *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264 (**Ex. 4**); *Interbond Corp. of America v. Technicolor SA, et al.*, No. 13-cv-05727(**Ex. 5**); *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726 (**Ex. 6**); *Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723 (**Ex. 7**); *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 31:cv-05725 (**Ex. 8**); *Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668 (**Ex. 9**); *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 3:13-cv-05262 (**Ex. 10**); *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686 (**Ex. 11**); *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157 (**Ex. 12**); *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, 3:14cv-02510 (**Ex. 13**); and *Crago, et al. v. Mitsubishi Electric Corp.*, No. 14-cv-02058 (**Ex. 14**).

---

THOMSON SA'S MOTION FOR LEAVE TO AMEND AND
FOR PARTIAL RELIEF FROM DISCOVERY ORDER        1        No. 07-5944-SC; MDL No. 1917

1   other jurisdictions.  Despite assuring the Court and Thomson SA on more than one occasion that

2   certain of their discovery requests are unnecessary if Thomson SA concedes personal jurisdiction,

3   Plaintiffs have attempted to use the Court's order to extract concessions regarding unrelated legal

4   issues.  Unable to proceed with a stipulation absent Plaintiffs' cooperation, Thomson SA now

5   moves to Court for leave to amend its answers to withdraw its personal jurisdiction defense and

6   further asks the Court to relieve it of the obligation to comply with the October 23 Order so far as

7   it relates solely to personal jurisdiction.

## II.   BACKGROUND

Thomson SA is a French corporation headquartered in Issy-les-Moulineaux, France.  On March 13, 2014, the Court denied Thomson SA's motion to dismiss DAPs' complaints for lack of personal jurisdiction, finding that the Court had specific personal jurisdiction over Thomson SA.  (Dkt. No. 2440).  To ensure that its personal jurisdiction defense was preserved for appeal, Thomson SA asserted lack of personal jurisdiction as an affirmative defense in the Answers it filed to DAPs' complaints. (*See, e.g.*, Answer of Thomson SA to Sharp's First Amended Complaint, Case No. 13-cv-01173, Dkt. No. 114, ¶ 8 & Defense No. 42.)  In response, DAPs sought expansive discovery from Thomson SA related to whether Thomson SA is subject to personal jurisdiction in the United States.  For example, DAPs requested that Thomson SA produce

> All documents from the Relevant Period which relate to or reflect the transfer of money between any Thomson Defendant and any of the following entities: (a) each Thomson Defendant; (b) Thomson Consumer Electronics, Inc.; (c) Thomson Multimedia, Inc.; (d) Thomson, Inc.; (e) Thomson Displays Americas LLC; (f) Technologies Displays Americas, LLC; (g) Thomson Displays Mexicana, S.A. de C.V.; (h) Technologies Displays Mexicana, S.A. de C.V.; (i) Thomson SA; (j) Technicolor, Inc.; (k) Videocon Industries, Ltd.; (l) RCA; (m) Proscan; (n) all other Affiliated Entities.

(*See* RFP No. 12, DAPs' Second Set of Requests for Production of Documents.)

On July 28, 2014, DAPs moved to compel Thomson SA to produce four categories of documents and testimony including, *inter alia*, documents and testimony that relate to the Court's general or specific personal jurisdiction over Thomson SA ("Category 2") (DAPs' Motion to Compel, **Ex. 15**, at 3).  In their motion, DAPs identified specific requests for production of documents and Rule 30(b)(6) notice topics that DAPs claimed fell within Category 2 because

they sought the production of documents relevant to Thomson SA's personal jurisdiction defense.[2] DAPs represented to the Court that it was necessary for Thomson SA to produce Category 2 documents so DAPs could "rebut any arguments that Thomson SA did not have sufficient minimum contacts within the United States for the court to exercise general or specific personal jurisdiction." (*Id.* at 4 & n.9.) DAPs assured the Court and Thomson SA that such information was unnecessary "[i]f Thomson SA concedes that this court has personal jurisdiction over it." (*Id.* at 4, n.9.)

On September 2, 2014, the Special Master recommended that the Court grant DAPs' motion (Dkt. No. 2812.) On October 23, 2014, this Court agreed, granted DAPs' motion, and ordered Thomson SA to produce documents in several categories the DAPs moved to compel, including the Category 2 personal jurisdiction requests. (Dkt. No. 2945.) The Court also extended discovery against Thomson SA for 60 days from the entry of the order, until December 22, 2014. (*Id.*)

Since that time, Thomson SA has worked extraordinarily hard, devoted substantial resources, and incurred enormous expense to comply with the Court's order within 60 days (while simultaneously drafting summary judgment motions and preparing for the fast-approaching March 2015 trial). It has assembled a document review team composed of more than twenty five attorneys to search, review, and analyze hundreds of thousands of documents in at least six foreign languages that were originally located in France. (Affidavit of J. Roberts ("Roberts Declaration"), **Ex. 22** at ¶ 23.) As a result, Thomson SA has produced over 160,000 bates numbered pages of documents responsive to DAPs' requests, although, because a substantial percentage of these documents were produced in native format and thus received a single bates number, the actual number of pages of documents Thomson SA has produced is likely more than 500,000. (*Id.* at ¶ 23.) Included within this production are all documents in Thomson SA's possession, custody, and control regarding its sale of its CRT business to Videocon and

---

[2] DAPs' First Set of Requests for Production to Thomson SA, Nos. 36-37, 46-60; Notice of Deposition of Thomson SA Pursuant to Fed. R. Civ. P. 30(b)(6), Nos. 13, 14, 20, 21, 24, 25, 31. Plaintiffs' currently pending Second Amended Notice of Deposition of Thomson SA Pursuant to Fed. R. Civ. P. 30(b)(6) is substantially identical to the original Notice.

communications it had with competitors regarding CRTs – the documents critical to DAPs' claims in this action. And Thomson SA is producing additional documents regarding these topics this week.

Moreover, to avoid the enormous expense and unnecessary delay that the review and production of documents responsive to DAPs' Category 2 requests would impose on all parties and to ensure that the Thomson Defendants are not forced off the current trial schedule, Thomson SA agreed to accept the offer DAPs made in their June 28, 2014 Motion to Compel and agreed to waive its personal jurisdiction defense. However, DAPs have refused to agree to an appropriately tailored stipulation to resolve this issue. Instead, as a condition to foregoing discovery on facts relevant to Thomson SA's personal jurisdiction defense, DAPs have demanded that Thomson SA also stipulate that any potential judgment entered by this Court against Thomson SA is enforceable in all foreign jurisdictions, a legal issue that is wholly independent of a United States court's personal jurisdiction over a party.

For example, in a November 24, 2014 letter regarding the parties' attempts to meet and confer on this issue, DAPs stated that "we wish to clarify that any concession of personal jurisdiction vis-à-vis Thomson SA would need to include a concession (documented in an appropriate Stipulation to be entered by the Court) that Thomson SA will not contest, in France or in any other country, the enforceability of a judgment of this Court against Thomson SA. We are working on appropriate language for the Stipulation." (Nov. 24, 2014 Letter from C. Benson at 3, **Ex. 16**.) Thomson SA responded by reiterating that while it "remains willing to waive objections to personal jurisdiction in this lawsuit, it will not agree to waive any other rights. Thomson SA is willing to consider a narrowly-tailored stipulation that reflects a waiver of personal jurisdiction for this lawsuit only, but it will not waive all rights to contest enforceability of an adverse judgment as that issue is distinct and separate from the issue of personal jurisdiction." (Nov. 25, 2014 Letter from K. Osborn at 2, **Ex. 17**.) In this way, Thomson SA explained that to resolve the instant discovery dispute it would not stipulate to matters, such as the enforceability of a judgment, that are not relevant to the claim or defense of any party and thus are not the proper

1  subject of discovery under Fed.R.Civ.P.26.  *See* Fed.R.Civ.P. 26(b)(1) (stating that a party may
2  only obtain discovery that is "relevant to any party's claim or defense").

3  Regardless, DAPs have continued to attempt force Thomson SA to stipulate to matters
4  that, following waiver of Thomson SA's personal jurisdiction defense, are not relevant to the
5  claim or defense of any party.  On December 3, 2014 DAPs sent Thomson SA a draft stipulation
6  that contained language requiring Thomson SA to agree it will not "resist recognition and
7  enforcement of any judgment in this matter in any forum in the world . . . in return for not having
8  to produce documents solely related to personal jurisdiction in the United States." (Dec. 3, 2014
9  Draft Stipulation and [Proposed] Order Regarding Personal Jurisdiction Over Thomson SA at
10 3:18-21, **Ex. 18**.)  Thomson SA responded by sending DAPs a revised stipulation that agreed to
11 waive Thomson SA's personal jurisdiction defense for purposes of these actions, but eliminated
12 "content that is either redundant or extends beyond the personal jurisdiction issue the stipulation
13 is intended to address." (Dec. 5, 2014 Email from J. Roberts at 1, and Dec. 5, 2014 Draft
14 Stipulation attached thereto, **Ex. 19**.)  Seemingly recognizing that whether a potential judgment is
15 enforceable under foreign law is not the proper subject of a stipulation, on December 8, 2014
16 Plaintiffs sent Thomson SA a draft stipulation that removed any language regarding
17 enforceability of a judgment.  (Dec. 8, 2014 Draft Stipulation, **Ex. 20**.)  However, in all
18 subsequent drafts, DAPs have reinserted and continued to demand that Thomson SA enter into a
19 stipulation regarding the enforceability of any judgment in a foreign jurisdiction to resolve the
20 current discovery dispute.  (*See, e.g.*, Dec. 11, 2014 Draft Stipulation at 4:13-16, **Ex. 21**
21 (requiring Thomson SA to admit "for purposes of this action and any action in the United States
22 or another country to collect on a judgment in this action" that Thomson SA is subject to personal
23 jurisdiction in the United States).)  Accordingly, the parties are at an impasse.

24 Because Plaintiffs have refused to cooperate without extracting unacceptable and
25 irrelevant concessions, and given the impending December 22, 2014 closing of the extended
26 discovery period against Thomson SA, Thomson SA now moves the Court for leave to amend its
27 Answers to withdraw its affirmative defense asserting that this Court lacks personal jurisdiction
28 over it in this action.  As Plaintiffs have previously conceded, since the burdensome discovery

1  they seek regarding Category 2 documents is now not necessary for DAPs to establish that
2  Thomson SA is subject to personal jurisdiction, Thomson SA also moves the Court to enter an
3  order relieving it of the obligation to produce documents and testimony solely responsive to the
4  Category 2 requests.

### III. ARGUMENT

**A.  The Court Should Grant Thomson SA's Motion for Leave to Amend.**

A district court "shall grant leave to amend freely 'when justice so requires.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000) (en banc) (quoting Fed.R.Civ.P. 15(a))). The Ninth Circuit Court of Appeals has held that "this policy is to be applied with extreme liberality." *Id.* (quoting *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990)) *see also Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir.1999) (noting that inferences should be drawn "in favor of granting the motion"). A district considers four factors in deciding whether to grant leave to amend "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir.1999). Where, as here, the proposed amendments serve to simplify the litigation, courts are especially inclined to grant leave. *See Pierce v. Sprouts Cafe Inc.,* No. CIV. S-09-3002 FCD, 2010 WL 3069312, at *2 (E.D. Cal. Aug. 3, 2010) (finding that amended answer seeking to remove affirmative defense served to "streamline the issues, thus serving the interests of justice" and granting leave without considering the usual factors).

Here, the Court should grant Thomson SA leave to amend its Answers to withdraw its personal jurisdiction affirmative defense because none of the factors weighing against amendment are present.

*First*, Thomson SA is not proceeding in bad faith. Its decision to withdraw its personal jurisdiction defense is the result of a careful weighing of the extraordinary cost and burden of responding to Plaintiffs' Category 2 discovery requests against Thomson SA's prospects for prevailing on this affirmative defense and the importance of proceeding to trial on March 9, 2015 with the other defendants. Thomson SA does not have the time or resources to search for, review,

1  and produce hundreds of thousands of Category 2 documents and simultaneously prepare for a
2  March 2015 trial.  Accordingly, based on this cost benefit analysis, it has decided to waive this
3  defense.

4  *Second*, Thomson SA has not unduly delayed seeking leave to amend its Answers.
5  Discovery against Thomson SA in this massive litigation began a mere nine months ago.  Since
6  that time, Thomson SA has worked tirelessly to catch up with discovery, understand the evidence,
7  and develop its defenses.  After the Court ordered Thomson SA to produce documents related to
8  personal jurisdiction in October, Thomson SA immediately evaluated the value of continuing its
9  personal jurisdiction defense in light of its other discovery obligations, the Plaintiffs'
10  representation that a substantial amount of the discovery subject to the order would be
11  unnecessary if Thomson SA conceded personal jurisdiction, and other exigencies. (*See* Roberts
12  Decl., **Ex. 22** at ¶ 25.)  Thomson SA promptly offered to waive its personal jurisdiction defense if
13  Plaintiffs agreed not to seek related discovery.  Unfortunately, on December 17, after nearly two
14  months of negotiations, Thomson SA and Plaintiffs reached an impasse on the language of a
15  stipulation that would allow Thomson SA to withdraw its defense without amending its Answers.
16  (Roberts Decl., **Ex. 22** at ¶ 26.)  Thomson SA now promptly moves for leave to amend its
17  Answers to concede personal jurisdiction so it may resolve this discovery dispute with Plaintiffs.

18  *Third*, Thomson SA's amendment will not prejudice any other parties.  By withdrawing
19  its affirmative defense and conceding personal jurisdiction, Thomson SA is seeking to narrow the
20  issues that remain to be resolved at trial. This *benefits* Plaintiffs by precluding the possibility that
21  additional evidence will undermine the Court's finding that Thomson SA is subject to personal
22  jurisdiction or that the Courts of Appeals will disagree with the Court's ruling on the issue.  The
23  amendment further benefits Plaintiffs by relieving them of the burden of pursing discovery on this
24  defense.

25  However, Plaintiffs would like to use Thomson SA's desire to waive its personal
26  jurisdiction defense and avoid prohibitively costly discovery as leverage to extract concessions
27  regarding the eventual enforcement of any judgment against Thomson SA.  But as discussed
28  below, the issue of enforcement of a judgment is separate from the underlying merits of a case

1  and not an appropriate subject for pretrial discovery. While Plaintiffs may have ulterior motives
2  for continuing to seek jurisdictional discovery, notwithstanding their acknowledgment that such
3  discovery is only necessary "to the extent that Thomson SA intends to rely on a jurisdictional
4  defense based on materials in the record," it is not prejudicial for Plaintiffs to have to first prevail
5  on the merits of their claim before seeking discovery related solely to enforcement.

6  *Finally*, the fourth consideration—futility—is irrelevant in this context because Thomson
7  SA's amendment, if granted, would remove its personal jurisdiction defense and concede
8  personal jurisdiction in these actions only.

9  Thus, because Thomson SA's proposed amendments are made in good faith, without
10 undue delay, and do not prejudice any party, the Court should grant Thomson SA leave to amend
11 its Answers.

12 **B.  The Court Should Relieve Thomson SA of the Unnecessary Burden of Producing Category 2 Discovery.**

13 To ensure Thomson SA may complete its document production by December 22, 2014
14 and thereby remain on track to proceed to trial with the other defendants in March 2015, the
15 Court should also enter an order relieving Thomson SA of the obligation to produce documents
16 and testimony responsive solely to the Category 2 discovery requests and not encompassed within
17 the other categories subject to the Court's October 23, 2014 Order. Plaintiffs have represented to
18 the Court and Thomson SA on more than one occasion that Category 2 discovery in unnecessary
19 to the extent that Thomson SA concedes the Court's personal jurisdiction. First, they expressly
20 stated this in their Motion to Compel, justifying bypassing French law on the question of
21 Category 2 documents and testimony *solely* on the basis that they were necessary to rebut
22 Thomson SA's personal jurisdiction defense (*See* Motion to Compel at 3-4 & n. 5, 9). Second, in
23 their November 17, 2014 Reply in support of their Motion to Enforce, they confirmed to the
24 Court that they continued to "fully embrace" this view by reaffirming that "it is certainly correct
25 that the documents solely in Category 2 are unnecessary if Thomson SA concedes personal
26 jurisdiction—a fact that Plaintiffs included in their motion to the Discovery Master, as Thomson
27 SA now notes, and that Plaintiffs continue to fully embrace . . . ." (Dkt. No. 3120 at 8). These
28 representations have not been without consequences: the Court carefully weighed the breadth of

the discovery requests at issue in ruling on Plaintiffs' motion, and, having agreed to waive its personal jurisdiction defense with respect to this action, Thomson SA has prioritized production of documents responsive to other categories. Plaintiffs should not now be allowed to contest that they need the discovery at issue for other purposes.[3]

Moreover, the Federal Rules do not permit Plaintiffs to continue pursing discovery based on their concern that if they prevail at trial, Thomson SA will contest the enforceability of the judgment. Thomson SA has now moved to amend its Answers to concede to it is subject to the specific personal jurisdiction of *this Court* and withdraw its related affirmative defense, foreclosing its ability to raise the defense at trial or contest this Court's prior ruling on appeal. Under Rule 26, the DAPs and the DPPs are only entitled to obtain discovery "relevant to any party's claim or defense" that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26 (b)(1). It is hornbook law that a party may not obtain discovery regarding issues that are not relevant to a party's claims or defenses, including facts relevant to whether a potential judgment may be enforced against a defendant. *See* Wright and Miller, *Federal Practice and Procedure* at section 2010 (recognizing that facts not relevant to the claims or defenses of a party but only to the enforceability of a judgment, such as facts regarding a defendant's financial condition, are not discoverable under Rule 26). Instead, facts relevant to a claimant's ability to enforce a judgment may only be discovered under Fed. R. Civ. P. 69 *after* judgment has entered. Therefore, under Rule 26, there is no basis to condition the stipulation on matters collateral to the "party's claims or defenses claims" in this action, such as the enforceability of a potential judgment. Fed. R. Civ. P. 26 (b)(1).

Finally, producing documents in Category 2 is not only unnecessary in light of Thomson SA's concession of specific personal jurisdiction in these actions, it is also extraordinarily

---

[3] *See Carr v. Liberty Life Assur. Co.*, No. C05-3190 TEH, 2009 WL 224943, at *2 (N.D. Cal. Jan. 29, 2009) *aff'd*, 390 F. App'x 694 (9th Cir. 2010) ("[A] party generally will be judicially estopped to assert a certain position when: 1) the party's current position is "clearly inconsistent" with its earlier position, 2) the party was successful in persuading a court to accept its earlier position, and 3) the party would "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." (quoting *Williams v. Boeing Co.,* 517 F.3d 1120, 1134 (9th Cir.2008)).

1  burdensome. Thomson SA has identified millions of documents that have been preserved from
2  the Relevant Period and has been unable to devise any way to cull this massive collection to
3  meaningfully isolate documents responsive to the broad Category 2 requests with targeted
4  searches. (Roberts Decl., **Ex. 22** at ¶ 27.) Undertaking a thorough review of these millions of
5  documents that have not been identified or tagged as responsive to the other document searches
6  Thomson SA has performed would serve no purpose but to further tax Thomson SA's already
7  thin resources and jeopardize its trial preparations.

## CONCLUSION

For the reasons discussed above, Thomson SA respectfully requests that the Court grant Thomson SA's Motion for Leave to File Amended Answers. Thomson SA further respectfully requests that the Court order that Thomson SA, having amended its answers, be relieved of its obligation to produce documents and testimony related solely to the Plaintiffs' Category 2 discovery requests.

Dated: December 18, 2014                    Respectfully submitted,

*/s/ Kathy L. Osborn*
Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203
Telephone: +1-303-607-3500
Facsimile:  +1-303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1-650-324-6700
Facsimile: +1-650-324-6701
calvin.litsey@FaegreBD.com

***Attorneys for Defendant Thomson SA***