# EXHIBIT 1

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendant Thomson SA*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corporation, et al. v. Technicolor SA, et al., No. 13-cv-01173* | **AMENDED ANSWER OF THOMSON SA TO SHARP'S FIRST AMENDED COMPLAINT** |

1    Defendant Technicolor SA, f/k/a Thomson SA ("Thomson SA"), by and through its

2    undersigned counsel of record, answers Sharp Electronics Corporation and Sharp Electronics

3    Manufacturing Company of America's (collectively "Plaintiffs") First Amended Complaint

4    ("FAC") and alleges additional or affirmative defenses as follows.  Thomson SA denies each and

5    every allegation in the FAC's section headings and in all portions of the FAC not contained in

6    numbered paragraphs.  To the extent that the FAC's allegations concern persons or entities other

7    than Thomson SA, Thomson SA denies that such allegations support any claim for relief against

8    Thomson SA.  Thomson SA denies any allegations not explicitly admitted herein.

9        1.    Thomson SA denies the allegations in Paragraphs 12 through 17, 74, 120, and 200 of

10   Plaintiffs' FAC.  To the extent these paragraphs consist of definitional allegations, no response is

11   required and Thomson SA therefore denies them.

12       2.    To the extent that the allegations in Paragraphs 1, 2, 5 through 8, 11, 18, 19, 20, 27

13   through 31, 77 through 81, 110 through 112, 119, 121 through 123, 125, 126, 127,  145 through

14   179,  213, 217, 218,  224, 225 through 238, 240 through 244, 246 through 249, 251 through 256,

15   277 through 282, and 303 of Plaintiffs' FAC relate to persons or entities other than Thomson SA,

16   Thomson SA lacks knowledge or information sufficient to form a belief about their truth and

17   therefore denies them.  Further, Thomson SA denies that it manufactured CRTs or CRT Products,

18   but admits that Thomson Consumer manufactured CPTs and CPT Products.  Thomson SA admits

19   on information and belief that other companies alleged to be conspirators in the FAC have

20   manufactured CPTs and CDTs, but denies Thomson SA engaged in any conspiracy.  To the extent

21   the allegations in those paragraphs relate to Thomson SA, Thomson SA denies them unless

22   expressly admitted below.  To the extent the allegations in those paragraphs purport to define

23   markets or market activity which require expert opinion and testimony, Thomson SA denies them.

24   To the extent the allegations in those paragraphs are definitional allegations, no response is required

25   and Thomson SA therefore denies these allegations.

26       3.    Thomson SA lacks knowledge or information sufficient to form a belief about the

27   truth of the allegations in Paragraphs 22 through 26, 32 through 70, 82 through 108, 114, 118, 124,

28

1    142, 180 through 194, 201 through 207, and 220 through 223 of Plaintiffs' FAC and therefore

2    denies them.

3        4.    To the extent that the allegations in Paragraphs 10, 130 through 141,208 through

4    212, 214, 215, 216, 219, and 245of Plaintiffs' FAC purport to characterize written documents,

5    Thomson SA denies that Plaintiffs have accurately or completely interpreted, characterized, or

6    stated the substance or context of the written documents and therefore denies these allegations.  To

7    the extent those paragraphs contain additional allegations that relate to persons or entities other than

8    Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief about their

9    truth and therefore denies them.  To the extent those paragraphs contain additional allegations that

10   relate to Thomson SA, Thomson SA denies them unless expressly admitted below.  To the extent

11   the allegations in those paragraphs purport to define markets or market activity which require expert

12   opinion and testimony, Thomson SA denies them.

13       5.    Thomson SA admits that the allegations in Paragraphs 113, 115, 116, and 117

14   purport to contain descriptions of CRT technology and history.  Thomson SA denies that these

15   allegations completely and accurately describe all variants of CRT technology and therefore denies

16   them.  To the extent the allegations in those paragraphs purport to define markets or market activity

17   which require expert opinion and testimony, Thomson SA denies them.

18       6.    With regard to the allegations in Paragraphs 3 and 4 of Plaintiffs' FAC, Thomson SA

19   denies that it manufactured CRTs or CRT Products, but admits that Thomson Consumer

20   manufactured CPTs and CPT Products.  Thomson SA admits on information and belief that other

21   companies alleged to be conspirators in the FAC have manufactured CPTs and CDTs, but denies

22   that Thomson SA engaged in any conspiracy.  Thomson SA denies that it controlled the "majority

23   of the CRT industry" during the relevant period.  Thomson SA lacks knowledge or information

24   sufficient to form a belief about the truth of the other allegations in Paragraphs 3 and 4 and

25   therefore denies them.   To the extent the allegations in Paragraph 3 and 4 are definitional

26   allegations, no response is required and Thomson SA therefore denies these allegations.

27       7.    With regard to the allegations in Paragraphs 9 and 128 of Plaintiffs' FAC, Thomson

28   SA admits that European, Mexican and Brazilian authorities have investigated Thomson SA, but

1    denies that those investigations have any relation to the United States CRT market or have alleged

2    or found violations of United States antitrust laws.  Thomson SA further admits that Thomson

3    Consumer was subpoenaed by the Department of Justice, but states that Thomson Consumer has not

4    been subjected to any criminal enforcement actions in the United States or ever entered into a plea

5    agreement with the Department of Justice.  Thomson SA is aware that several individuals, including

6    C.Y. Lin, have been indicted for violations of antitrust laws, but denies that it participated in any

7    price-fixing conspiracy with these individuals, or that the actions of those individuals had any

8    relation to the allegations concerning Thomson Consumer's activities in the United States CPT

9    market.  Thomson SA denies any remaining allegations in Paragraph 73.

10          8.       With regard to the allegations in Paragraph 21 of Plaintiffs' Complaint, Thomson SA

11   admits that this case is properly related and consolidated with MDL No. 1917, but denies that it

12   participated in any conspiracy or engaged in any unlawful conduct in violation of federal and state

13   antitrust laws and denies that the MDL court has jurisdiction over Thomson SA.

14          9.       With regard to the first three sentences of Paragraph 71, Thomson SA admits that it

15   is a French corporation with its principal place of business located at 1-5 Rue Jeanne d'Arc, 92130

16   Issy-les-Moulineaux, France, but denies that Thomson SA ever manufactured, marketed, sold, or

17   distributed CRT products to customers in the United States and denies the remaining allegations in

18   the first three sentences.  To the extent that the allegations in the fourth through ninth sentences

19   purport to characterize a written document, Thomson SA denies that Plaintiffs accurately or

20   completely interpreted, characterized, or stated the substance or context of the written document,

21   and therefore denies those allegations except as expressly admitted herein.  With regard to the

22   fourth sentence, Thomson SA admits that it sold its CRT business to Videocon Industries, Ltd. in

23   2005 for €240 million.  With regard to the fifth sentence, Thomson SA admits that it invested €240

24   million in Videocon Industries, Ltd. in 2005 in exchange for 28,867,200 shares of stock, but denies

25   that the investment was "simultaneous" and denies the remainder of the allegations in that sentence.

26   Thomson SA states that the sixth sentence is vague and ambiguous with respect to "help," "run the

27   CRT business," and "transition period," and therefore denies the allegations in that sentence.

28   Thomson Consumer lacks information or belief sufficient to form a belief about the truth of the

allegations in the seventh sentence, despite diligent efforts to locate relevant documents, and therefore denies these allegations.  Further, Thomson SA states that the references to "Thomson" in the sixth and seventh sentences of Paragraph 71 are vague and ambiguous, and therefore denies the allegations in those sentences to the extent not expressly admitted herein.  With regard to the eighth sentence, Thomson SA admits that Section 3.1 the Shareholders' Agreement between Thomson SA and Videocon provided that "One member of the Board of Directors shall be nominated by Thomson," and that an employee of Thomson SA held a seat on the Videocon Board of Directors until 2009.  With regard to the ninth sentence, Thomson SA admits that it was a minority shareholder in Videocon affiliated entities from July 2005 through the end of the Relevant Period, but otherwise denies that Plaintiffs' allegations completely and accurately describe Thomson SA's stock ownership in Videocon affiliated entities during that time period." Thomson SA denies that its ownership interest in Videocon at any point during the allegedly Relevant Period is legally significant in relation to the claims alleged in the FAC.  Thomson SA denies the allegations in the tenth sentence of Paragraph 71.  Except as specifically admitted herein, Thomson SA denies the remaining allegations of Paragraph 71 in their entirety.

10.     With regard to the first four sentences of Paragraph 72, Thomson SA admits that Thomson Consumer Electronics, Inc., is now known as Technicolor USA, Inc., and that it is a Delaware corporation with its principal place of business located at 1033 N. Meridian Street, Indianapolis, Indiana 47290-1024.  Thomson SA admits that Thomson Consumer is wholly owned by Thomson SA, admits that Thomson Consumer had manufacturing plants in Scranton, Pennsylvania and Marion, Indiana during portions of the Relevant Period, but denies that Thomson Consumer directly owned CRT manufacturing plants in Mexicali, Mexico.  Thomson SA admits that Thomson Consumer sold CRTs for use in CRT televisions to television manufacturers in North America, but denies the remaining allegations in those sentences.  To the extent that the allegations in sentences five through ten purport to characterize a written document, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context of the written document, and therefore denies those allegations except as expressly admitted herein.  With regard to the fifth sentence, Thomson SA admits that Thomson Consumer's CPT business was

1    sold to Videocon Industries, Ltd. in 2005.  With regard to the allegation in the sixth through tenth

2    sentences, Thomson SA incorporates by reference its responses to the identical allegations in

3    Paragraph 71.  Thomson SA states that the eleventh sentence is vague in regards to timeframe and

4    denies the allegations in that sentence, except that it admits that Thomson Displays America LLC

5    was wholly owned by Thomson Consumer before it was transferred to Videocon in July 2005.

6    With regard to the twelfth sentence, Thomson SA admits that prior to the sale of its CRT business in

7    2005, Thomson Consumer manufactured, marketed, sold, or distributed CRT Products in the United

8    States, but otherwise denies the allegations in that sentence.  Thomson SA denies the remaining

9    allegations of Paragraph 72 in their entirety.

10            11.     With regard to the allegations in Paragraph 73, to the extent these allegations state

11   legal contentions, no response is required.  With regard to the allegations in sentence one, Thomson

12   SA admits that it had sufficient minimum contacts with the United States during the Relevant

13   Period to be subject to specific personal jurisdiction in the United States with respect to this action

14   only.  Thomson SA denies the allegations in sentences two through eight in their entirety.  To the

15   extent that the allegations in sentences nine through fourteen purport to characterize written

16   documents, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized,

17   or stated the substance or context of the written documents and therefore denies those allegations.

18   Thomson Consumer admits that the employees listed in sentences twelve and thirteen worked for

19   Thomson SA and/or Thomson Consumer during the Relevant Period, but denies that the

20   characterizations of employee titles, roles, and employment dates are accurate or complete and

21   therefore denies these allegations.  Thomson SA further denies the allegations contained in sentence

22   fourteen because the term "stationed" is ambiguous and the allegations are vague as to time.

23   Thomson SA denies any remaining allegations in Paragraph 73.

24            12.     With regard to the allegations in Paragraph 75 of Plaintiffs' FAC, Thomson SA

25   states that any references to "Thomson" are vague and ambiguous and therefore denies such

26   allegations to the extent not expressly admitted herein.   To the extent that the allegations of

27   Paragraph 75 purport to characterize a written document, Thomson SA denies that Plaintiffs

28   accurately or completely interpreted, characterized, or stated the substance or context of the written

1  document, and therefore denies those allegations.  Thomson SA lacks knowledge or information

2  sufficient to form a belief as to the truth of the allegations contained in the first sentence and

3  therefore denies them.  Thomson SA admits the allegations contained in the second and third

4  sentences of Paragraph 75.  With regard to the fourth through eighth sentences, Thomson SA

5  incorporates by reference its responses to the substantially identical allegations in sentences six

6  through ten of Paragraph 71.  In response to the ninth sentence, Thomson SA states that pursuant to

7  a September 30, 2005 Addendum to Share Purchase Agreement between Eagle Corporation and

8  Thomson SA, the purchase price paid by Eagle Corporation was allocated in part "for the interest in

9  Thomson Displays Americas LLC" and "for the shares of Mexicana," among other allocations.

10  Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the

11  allegations in sentences ten and eleven, and therefore denies these allegations.  Thomson SA denies

12  that any of the allegations in Paragraph 75 concerning Thomson SA's agreement with and

13  continued interest in Videocon support in any way Plaintiffs' allegations that Thomson SA violated

14  any laws.  Thomson SA denies any remaining allegations in Paragraph 75.

15       13.  With regard to the allegations in Paragraph 76 of Plaintiffs' FAC, Thomson SA

16  states that any references to "Thomson" are vague and ambiguous and therefore denies such

17  allegations to the extent not expressly admitted herein.  To the extent that the allegations of

18  Paragraph 76 purport to characterize a written document, Thomson SA denies that Plaintiffs

19  accurately or completely interpreted, characterized, or stated the substance or context of the written

20  document, and therefore denies those allegations.  Thomson SA lacks knowledge or information

21  sufficient to form a belief about the truth of the allegations in sentences one and two, except that

22  Thomson SA admits that TDA was formerly known as Thomson Displays Americas LLC.  With

23  regard to the third through sixth sentences, Thomson SA admits that Thomson Consumer

24  transferred certain assets to TDA as a capital contribution in 2005 in connection with the sale of its

25  CRT business to Videocon; despite diligent and ongoing searches for relevant records, however,

26  Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the

27  remaining allegations regarding the details of the transfer of assets and rights, and therefore denies

28  the remaining allegations in those sentences.  Thomson SA lacks knowledge or information

1  sufficient to form a belief about the truth of the allegations in sentences seven and eight, and

2  therefore denies them. Thomson SA denies the allegations in sentence nine. Thomson SA admits

3  that Brunk's employment with Thomson Consumer ended in July 2006, but lacks information

4  sufficient to form a belief regarding with whom Brunk was employed after leaving Thomson

5  Consumer and therefore denies that he transitioned to work for TDA. Thomson SA further admits

6  that Hanrahan's employment with Thomson Consumer ended in February 2012, but lacks

7  information sufficient to form a belief regarding with whom Hanrahan was employed after leaving

8  Thomson Consumer and therefore denies that he transitioned to work for TDA. Thomson SA lacks

9  knowledge or information sufficient to form a belief about the truth of the allegations in sentence

10  eleven. Sentence twelve contains only a definitional allegation, to which no response is required

11  and which Thomson SA therefore denies. Thomson SA denies that any of the allegations in

12  Paragraph 76 concerning Thomson Consumer's agreement with TDA support in any way Plaintiffs'

13  allegations that Thomson SA violated any laws. Thomson SA denies any remaining allegations in

14  Paragraph 76.

15       14.    To the extent that the allegations in Paragraph 109 relate to persons or entities other

16  than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to

17  their truth and therefore denies them. To the extent that the allegations in Paragraph 109 relate to

18  Thomson SA, Thomson SA denies these allegations.

19       15.    With regard to the allegations in Paragraphs 143, 144, and 195 of Plaintiffs' FAC,

20  Thomson SA states that the use of the term "Thomson" renders these paragraphs vague and

21  uncertain as to Thomson SA. Thomson SA denies that it has admitted any wrongdoing. To the

22  extent that the allegations purport to characterize written documents, Thomson SA denies that

23  Plaintiffs have accurately or completely interpreted, characterized, or stated the substance or context

24  of the written documents and therefore denies those allegations. Thomson SA admits that the

25  European Commission investigated CRT price-fixing and levied fines against various companies,

26  including a fine of €38,631,000 million against Thomson SA in 2012 and that its fine was reduced

27  due to Thomson SA's cooperation and inability to pay, but denies that any allegations, conduct, or

28  cooperation in Europe support in any way Plaintiffs' allegations that Thomson SA violated United

States antitrust laws or that alleged conduct in Europe had any relation to the United States CRT market.  Thomson SA denies any remaining allegations in Paragraphs 143, 144, and 195.

16.    With regard to the allegations in Paragraph 196 of Plaintiffs' FAC, Thomson SA states that any references to "Thomson" are vague and ambiguous and admits solely that it retained at least an ownership interest in Videocon between 2005 and the end of the allegedly relevant period and with regard to which Thomson SA incorporates by reference its responses to sentences six and ten of Paragraph 71.  To the extent that the remaining allegations relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.  To the extent that the remaining allegations relate to Thomson SA, Thomson SA denies these allegations.  To the extent that the allegations purport to characterize written documents and deposition testimony, Thomson SA denies that Plaintiffs have accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies those allegations.  Thomson SA denies that it engaged in, or conspired with others to engage in, any violations of United States antitrust laws.  Thomson SA further denies that the alleged actions of individuals in Paragraph 196 would, if proven, be imputable to Thomson SA and that they relate to the sale of CRTs in the United States.

17.    To the extent that the allegations in Paragraph 197 relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.  To the extent that the allegations in Paragraph 197 purport to characterize written documents and deposition testimony, Thomson SA denies that Plaintiffs have accurately or completely interpreted, characterized, or stated the substance or context of the written documents and deposition testimony and therefore denies those allegations.  To the extent that the remaining allegations in Paragraph 197 relate to Thomson SA, Thomson SA denies these allegations.

18.    With regard to the allegations in Paragraph 198, Thomson SA states that the use of the term "Thomson" renders the allegations vague and uncertain as to Thomson SA.  To the extent that the allegations relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

1    With respect to the allegations contained in the sixth sentence, Thomson SA admits that Didier

2    Trutt received and occupied a seat on Videocon's board until 2009, but denies the remaining

3    allegations in the sixth sentence.   To the extent that the allegations in Paragraph 198 relate to

4    Thomson SA, Thomson SA denies these allegations.   Thomson SA denies that any of the

5    allegations in Paragraph 198 concerning Thomson SA's agreement with and continued interest in

6    Videocon support in any way Plaintiffs' allegations that Thomson SA violated any laws.

7         19.   With regard to the allegations in Paragraph 199, Thomson SA states that the use of

8    the term "Thomson" renders the allegations vague and uncertain as to Thomson SA.  Thomson SA

9    admits that Brunk's employment with Thomson Consumer ended in July 2006, but lacks

10   information sufficient to form a belief regarding with whom Brunk was employed after leaving

11   Thomson Consumer and therefore denies that he transitioned to work for TDA.   Thomson SA

12   further admits that Hanrahan's employment with Thomson Consumer ended in February 2012, but

13   lacks information sufficient to form a belief regarding with whom Hanrahan was employed after

14   leaving Thomson Consumer and therefore denies that he transition to work for TDA.  Thomson SA

15   denies that Brunk and Hanrahan attended conspiracy meetings on behalf of Thomson Consumer or

16   Thomson SA.   To the extent that the remaining allegations relate to persons or entities other than

17   Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their

18   truth and therefore denies them.   To the extent that the remaining allegations relate to Thomson SA,

19   Thomson SA denies these allegations.  Thomson SA denies that any of the allegations in Paragraph

20   199 concerning Thomson Consumer's agreement with TDA support in any way Plaintiffs'

21   allegations that Thomson SA violated any laws.

22        20.   With regard to the allegations in Paragraph 129 of Plaintiffs' FAC, Thomson SA

23   admits that the European Commission opened an investigation but lacks knowledge of information

24   sufficient to form a belief as to the truth of the remaining allegations regarding the scope or timing

25   of the investigations and therefore denies them.  Thomson SA denies that its offices were raided in

26   connection with any investigation.  Thomson SA denies that the investigation in Europe support in

27   any way Plaintiffs' allegations that Thomson SA violated any United States antitrust laws or that

28   alleged conduct in Europe had any relation to the United States CRT market.  Thomson SA lacks

1    knowledge or information sufficient to form a belief as to the truth of the remaining allegations

2    contained in Paragraph 129 and therefore denies them.

3        21.    To the extent Paragraph 239 consists of legal contentions, no response is required.

4    To the extent that Paragraph 239 purports to characterize a written document, Thomson SA denies

5    that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context

6    of the written document and therefore denies the allegations in Paragraph 239.  Thomson SA further

7    states that any references to "Thomson" are vague and ambiguous and therefore denies such

8    allegations to the extent not expressly admitted herein.  To the extent that the allegations relate to

9    persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient

10   to form a belief as to their truth and therefore denies them.  Thomson SA further denies that it

11   participated in any conspiracy to violate antitrust laws or engaged in any efforts to conceal such a

12   conspiracy.

13       22.    With regard to Paragraphs 250, 257, 267, 276, 283, 290, and 297, Thomson SA

14   incorporates by reference all of the above responses and statements.

15       23.    With regard to Paragraphs 258 through 266, 268 through 275, 283 through 289, 291

16   through 296, and 298 through 302, Thomson SA states that Plaintiffs' California, New Jersey, and

17   Tennessee state-law claims and their New York unfair competition law claim have been dismissed

18   and therefore no response is required.  To the extent a response is required and the allegations in

19   those paragraphs relate to persons or entities other than Thomson SA, Thomson SA lacks

20   knowledge or information sufficient to form a belief about their truth and therefore denies them.  To

21   the extent a response is required and the allegations relate to Thomson SA, Thomson SA denies

22   them.

23                                    **DEFENSES**

24       Without assuming any burden it would not otherwise bear, and reserving its right to amend

25   its Answer to assert additional defenses as they may become known during discovery, Thomson SA

26   asserts the following separate, additional and/or affirmative defenses:

27

28

### FIRST DEFENSE

### (Failure to State a Claim)

The FAC fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

### (Statute of Limitations)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

### (Failure to Plead Fraud With Particularity)

The statutes of limitations are not tolled because Plaintiffs have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### FOURTH DEFENSE

### (Failure to Plead Conspiracy With Particularity)

Plaintiffs' claims are barred in whole or part because the FAC fails to plead conspiracy with particularity required under applicable law.

### FIFTH DEFENSE

### (Withdrawal)

Plaintiffs' claims are barred, in whole or in part, by reason of Thomson SA's withdrawal from or abandonment of any alleged conspiracy.

### SIXTH DEFENSE

### (Claim Splitting and Election of Remedies)

Plaintiffs' claims are barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies.

### SEVENTH DEFENSE

### (Laches)

Plaintiffs' claims are barred, in whole or in part, under the doctrine of laches.

## EIGHTH DEFENSE

### (Estoppel, Waiver, or Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, under the doctrines of estoppel, waiver, and/or unclean hands.

## NINTH DEFENSE

### (Reasonable Justification)

Plaintiffs' claims are barred, in whole or in part, because all of the actions of Thomson SA being challenged by Plaintiffs were lawful, justified, procompetitive, constitute bona fide business competition, and were carried out in furtherance of Thomson SA's legitimate business interests.

## TENTH DEFENSE

### (Acquiescence)

Plaintiffs' claims are barred, in whole or in part, by reason of Plaintiffs' acquiescence to the conduct of Thomson SA.

## ELEVENTH DEFENSE

### (Accord and Satisfaction, Release and Settlement)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, and release and settlement.

## TWELFTH DEFENSE

### (Government Privilege/Non-Actionable)

Plaintiffs' claims are barred, in whole or in part, because the conduct of Thomson SA alleged in the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and as such is non-actionable or privileged.

## THIRTEENTH DEFENSE

### (Lack of Standing)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring the claims asserted in the Complaint.

## FOURTEENTH DEFENSE

### (Ultra Vires)

Plaintiffs' claims are barred, in whole or in part, because, to the extent that any employee or agent of Thomson SA engaged in any unlawful act or omission, any such act or omission would have been committed by individuals acting ultra vires.

## FIFTEENTH DEFENSE

### (Intervening Causes)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if any, stemmed from intervening or superseding causes.

## SIXTEENTH DEFENSE

### (Lack of Antitrust Injury)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered an antitrust injury.

## SEVENTEETH DEFENSE

### (No Act of Thomson SA)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not been injured in their business or property by reason of any action of Thomson SA.

## EIGHTEENTH DEFENSE

### (Speculative Damages)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

## NINETEENTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' claims are barred from recovery of damages, in whole or in part, because of and to the extent of Plaintiffs' failure to mitigate damages.

## TWENTIETH DEFENSE

### (Pass Through)

Plaintiffs' claims for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to Plaintiffs.

## TWENTY-FIRST DEFENSE

### (Available Remedy at Law)

Plaintiffs' claims or causes of action for injunction or other equitable relief are barred, in whole or in part, because Plaintiffs have available an adequate remedy at law.

## TWENTY-SECOND DEFENSE

### (Lack of Standing for Prospective Relief)

Plaintiffs' claims or causes of action are barred, in whole or in part, because Plaintiffs seek to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

## TWENTY-THIRD DEFENSE

### (Vagueness)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous or unintelligible. Plaintiffs do not describe the events or legal theories with sufficient particularity to permit Thomson SA to ascertain what other defenses may exist.

## TWENTY-FOURTH DEFENSE

### (Unjust Enrichment)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.

## TWENTY-FIFTH DEFENSE

### (Restitution)

Plaintiffs' claims are barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to Plaintiffs would be excessive and punitive, and disproportionate to any alleged injury suffered by Plaintiffs.

## TWENTY-SIXTH DEFENSE

### (Comparative Fault)

Plaintiffs' claims are barred, in whole or in part, to the extent the injuries alleged in the Complaint were directly and proximately caused by or contributed to by the statements, acts, or omissions of Plaintiffs or third persons or entities unaffiliated with Thomson SA.

## TWENTY-SEVENTH DEFENSE

### (Res Judicata or Collateral Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata or collateral estoppel.

## TWENTY-EIGHTH DEFENSE

### (Foreign Trade Antitrust Improvements Act)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## TWENTY-NINTH DEFENSE

### (Foreign Sales)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to recover damages, if any, based on sales outside of the United States.

## THIRTIETH DEFENSE

### (Improper Joinder)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences and do not involve questions of law or fact common to all defendants.

## THIRTY-FIRST DEFENSE

### (Failure to Exhaust Remedies)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exhaust all remedies against the parties with whom Plaintiffs are in privity.

**THIRTY-SECOND DEFENSE**

**(No Multiple Recoveries)**

Plaintiffs' claims are barred, in whole or in part, to the extent they would result in Thomson SA paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Thomson SA by applicable states' laws and the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

**THIRTY-THIRD DEFENSE**

**(Voluntary Payment Doctrine)**

Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine, under which Plaintiffs are not entitled to recover payments made with full knowledge of the facts.

**THIRTY-FOURTH DEFENSE**

**(Set Off)**

Without admitting that Plaintiffs are entitled to recover damages from Thomson SA in this matter, Thomson SA is entitled to set off from any recovery Plaintiffs obtain against Thomson SA any amount paid to under settlements with other defendants in this or related matters.

**THIRTY-FIFTH DEFENSE**

**(Privilege)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of Thomson SA was justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

**THIRTY-SIXTH DEFENSE**

**(Noerr-Pennington Doctrine)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrine of Noerr-Pennington.

**THIRTY-SEVENTH DEFENSE**

**(Forum Non Conveniens)**

The Complaint should be dismissed on the grounds of forum non conveniens to the extent the claims are governed by the laws of foreign states.

**THIRTY-EIGTH DEFENSE**

**(Improper Venue)**

Plaintiffs' claims are barred, in whole or in part, because venue does not lie in this Court.

**THIRTY-NINTH DEFENSE**

**(Improper Forum/Arbitration)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have agreed to arbitration or chose a different forum for the resolution of their claims.

**FORTIETH DEFENSE**

**(Intervening Conduct)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of Thomson SA or were caused, if at all, solely and proximately by the conduct of third parties, including, without limitations, the prior, intervening, or superseding conduct of such third parties.

**FORTY-FIRST DEFENSE**

**(Lack of Subject-Matter Jurisdiction)**

This Court lacks subject-matter jurisdiction over Plaintiffs' claims pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act, and because the conduct alleged to provide a basis for Plaintiffs' claims did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States.

## FORTY-SECOND DEFENSE

### (Lack of Standing – State Antitrust Claims)

Plaintiffs' claims against Thomson SA should be dismissed because Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part, under, without limitation, N.Y. Gen. Bus. Law §§ 340, *et seq.*

## FORTY-THIRD DEFENSE

### (Indispensable Parties)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

## FORTY-FOURTH DEFENSE

### (Incorporation of Defenses of Others)

Thomson SA adopts by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

## FORTY-FIFTH DEFENSE

### (Reservation of Other Defenses)

Thomson SA reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

## THOMSON SA'S PRAYER FOR RELIEF

WHEREFORE, Thomson SA prays for judgment as follows:

1.     That Plaintiffs take nothing by reason of the FAC, and that the action be dismissed with prejudice,

2.     That the Court enter judgment in favor of Thomson SA and against Plaintiffs with respect to all causes of action in the FAC,

3.     That the Court award Thomson SA its attorneys' fees and other costs reasonably incurred in the defense of this action, and

AMENDED ANSWER OF THOMSON SA TO
SHARP'S FIRST AMENDED COMPLAINT

18

No. 07-5944-SC; MDL No. 1917

4.      That the Court award Thomson SA such other and further relief as the Court may deem just and proper.

1

Dated:  January __, 2015                          Respectfully submitted,

2

3
                                                  /s/ Kathy L. Osborn
4                                                 Kathy L. Osborn (pro hac vice)
                                                  Ryan M. Hurley (pro hac vice)
5                                                 Faegre Baker Daniels LLP
                                                  300 N. Meridian Street, Suite 2700
6                                                 Indianapolis, IN  46204
                                                  Telephone: +1-317-237-0300
7                                                 Facsimile: +1-317-237-1000
                                                  kathy.osborn@FaegreBD.com
8                                                 ryan.hurley@FaegreBD.com

9                                                 Jeffrey S. Roberts (pro hac vice)
                                                  Faegre Baker Daniels LLP
10                                                3200 Wells Fargo Center
                                                  1700 Lincoln Street
11                                                Denver, CO  80203
                                                  Telephone: +1-303-607-3500
12                                                Facsimile:  +1-303-607-3600
                                                  jeff.roberts@FaegreBD.com

13
                                                  Stephen M. Judge (pro hac vice)
14                                                Faegre Baker Daniels LLP
                                                  202 S. Michigan Street, Suite 1400
15                                                South Bend, IN  46601
                                                  Telephone: +1 574-234-4149
16                                                Facsimile:  +1 574-239-1900
                                                  steve.judge@FaegreBd.com

17
                                                  Calvin L. Litsey (SBN 289659)
18                                                Faegre Baker Daniels LLP
                                                  1950 University Avenue, Suite 450
19                                                East Palo Alto, CA  94303-2279
                                                  Telephone: +1-650 324-6700
20                                                Facsimile: +1-650 324-6701
                                                  calvin.litsey@FaegreBD.com

21
                                                  **Attorneys for Defendant Thomson SA**
22

23

24

25

26

27

28