# EXHIBIT 2

1   Kathy L. Osborn (*pro hac vice*)            Stephen M. Judge (*pro hac vice*)
    Ryan M. Hurley (*pro hac vice*)             Faegre Baker Daniels LLP
2   Faegre Baker Daniels LLP                    202 S. Michigan Street, Suite 1400
    300 N. Meridian Street, Suite 2700          South Bend, IN  46601
3   Indianapolis, IN  46204                     Telephone: +1 574-234-4149
    Telephone: +1 317-237-0300                  Facsimile:  +1 574-239-1900
4   Facsimile: +1 317-237-1000                  steve.judge@FaegreBd.com
    kathy.osborn@FaegreBD.com
5   ryan.hurley@FaegreBD.com

6   Jeffrey S. Roberts (*pro hac vice*)         Calvin L. Litsey (SBN 289659)
    Faegre Baker Daniels LLP                    Faegre Baker Daniels LLP
7   3200 Wells Fargo Center                     1950 University Avenue, Suite 450
    1700 Lincoln Street                         East Palo Alto, CA  94303-2279
8   Denver, CO  80203                           Telephone: +1 650-324-6700
    Telephone: +1 303-607-3500                  Facsimile: +1 650-324-6701
9   Facsimile:  +1 303-607-3600                 calvin.litsey@FaegreBD.com
    jeff.roberts@FaegreBD.com

10

11   ***Attorneys for Defendant Thomson SA***

12                 **UNITED STATES DISTRICT COURT**

13                 **NORTHERN DISTRICT OF CALIFORNIA**

14                     **SAN FRANCISCO DIVISION**

15

16   IN RE CATHODE RAY TUBE (CRT)          No. 07-cv-5944-SC
     ANTITRUST LITIGATION                  MDL No. 1917

17   ———————————————————

18   This Document Relates to:             **AMENDED ANSWER OF THOMSON SA
                                           TO ELECTROGRAPH SYSTEMS, INC.,
                                           ET AL.'S FIRST AMENDED
                                           COMPLAINT**
19   *Electrograph Systems, Inc., et al. v. Technicolor
     SA, et al., No. 13-cv-05724*

20

21

22

23

24

25

26

27

28

1    Defendant Technicolor SA, f/k/a Thomson SA ("Thomson SA"), by and through its

2    undersigned counsel of record, answers Electrograph Systems, Inc. and Electrograph Technologies

3    Corp.'s (collectively "Plaintiffs") First Amended Complaint ("FAC") and alleges additional or

4    affirmative defenses as follows.   Thomson SA denies each and every allegation in the FAC's

5    section headings and in all portions of the FAC not contained in numbered paragraphs.   To the

6    extent that the FAC's allegations concern persons or entities other than Thomson SA, Thomson SA

7    denies that such allegations support any claim for relief against Thomson SA.   Thomson SA denies

8    any allegations not explicitly admitted herein.

9       1.     Thomson SA denies the allegations in Paragraphs 13, 14, 15, 16, 40, 46, 115, and

10   158 of Plaintiffs' FAC.   To the extent these paragraphs consist of definitional allegations, no

11   response is required and Thomson SA therefore denies them.

12       2.     To the extent that the allegations in Paragraphs 1, 5 through 8, 11, 17 through 20, 23

13   through 26, 28, 30, 32, 34, 36, 47, 99 through 104, 112, 113, 116 through 118, 120 through 148,

14   155, 187, 191, 192, 194, 195, 196,  208, 219, 223 through 237, 239 through 242, 244 through 248,

15   250 through 255, and 275 through 280 of Plaintiffs' FAC relate to persons or entities other than

16   Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief about their

17   truth and therefore denies them.   To the extent the allegations in those paragraphs relate to Thomson

18   SA, Thomson SA denies them unless expressly admitted below.   Further, Thomson SA denies that

19   it manufactured CRTs or CRT Products, but admits that Thomson Consumer manufactured CPTs

20   and CPT Products.   Thomson SA admits on information and belief that other companies alleged to

21   be conspirators in the FAC have manufactured CPTs and CDTs, but denies that Thomson SA

22   engaged in any conspiracy.   To the extent the allegations in those paragraphs purport to define

23   markets or market activity which require expert opinion and testimony, Thomson SA denies them.

24   To the extent the allegations in those paragraphs are definitional allegations, no response is required

25   and Thomson SA therefore denies these allegations.

26       3.     Thomson SA lacks knowledge or information sufficient to form a belief about the

27   truth of the allegations in Paragraphs 21, 22, 27, 29, 31, 33, 35, 43 through 45, 48 through 96, 106,

28   110, 111, 119, 159 through 182, 210 through 213, 216, and 221, of Plaintiffs' FAC and denies them.

AMENDED ANSWER OF THOMSON SA TO                        1                         No. 07-5944-SC; MDL No. 1917
ELECTROGRAPH SYSTEMS, INC., ET AL.'S
FIRST AMENDED COMPLAINT

4.      To the extent that the allegations in Paragraphs 10, 183 through 186, 188, 189, 190, 193, 198 through 206, 209, 214, 215, 217, 218, 220, 222, and 243 of Plaintiffs' FAC purport to characterize written documents, Thomson SA denies that Plaintiffs have accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies these allegations.  To the extent those paragraphs contain additional allegations that relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.  To the extent those paragraphs contain allegations that relate to Thomson SA, Thomson SA denies them unless expressly admitted below.  To the extent the allegations in those paragraphs purport to define markets or market activity which require expert opinion and testimony, Thomson SA denies them.

5.      Thomson SA admits that the allegations in Paragraphs 105, 107, 108, and 109 purport to contain descriptions of CRT technology and history.  Thomson SA denies that these allegations completely and accurately describe all variants of CRT technology and therefore denies them.  To the extent the allegations in those paragraphs purport to define markets or market activity which require expert opinion and testimony, Thomson SA denies them.

6.      With regard to the allegations in Paragraph 2 of Plaintiffs' FAC, Thomson SA admits that the allegations quote parts of its 2011 and 2012 Annual Reports, but denies any emphasis or alterations in the quoted text and denies that it admitted to any wrongdoing in its Annual Reports.  Thomson SA also admits that the European Commission levied a fine of €38,631,000 million against it in 2012, but denies that the European Commission's investigation or allegations involved any violation of United States antitrust laws or had any relation to the United States CRT market.  Thomson SA denies any remaining allegations in Paragraph 2.

7.      With regard to the allegations in Paragraphs 3 and 4 of Plaintiffs' Complaint, Thomson SA denies that it manufactured CRTs or CRT Products, but admits that Thomson Consumer manufactured CPTs and CPT Products.  Thomson SA admits on information and belief that other companies alleged to be conspirators in the Complaint have manufactured CPTs and CDTs, but denies that Thomson SA engaged in any conspiracy.  Thomson SA denies that it controlled the "majority of the CRT industry" during the relevant period.  Thomson SA lacks

1    knowledge or information sufficient to form a belief about the truth of the other allegations in

2    Paragraphs 3 and 4 and therefore denies them.  To the extent the allegations in Paragraphs 3 and 4

3    are definitional allegations, no response is required and Thomson SA therefore denies these

4    allegations.

5          8.      With regard to the allegations in Paragraph 9 of Plaintiffs' FAC, Thomson SA

6    admits that European, Mexican, and Brazilian authorities have investigated Thomson SA or its

7    affiliates, but denies that those investigations have any relation to the United States CRT market or

8    have alleged or found violations of United States antitrust laws.  Thomson SA further admits that

9    Thomson Consumer was subpoenaed by the Department of Justice, but states that Thomson

10   Consumer has not been subjected to any criminal enforcement actions in the United States or ever

11   entered into a plea agreement with the Department of Justice.  Thomson SA is aware that several

12   individuals, including C.Y. Lin, have been indicted for violations of antitrust laws, but denies that it

13   participated in any price-fixing conspiracy with these individuals, or that the actions of those

14   individuals had any relation to the allegations concerning Thomson Consumer's activities in the

15   United States CPT market.  Thomson SA denies any remaining allegations in Paragraph 9.

16         9.      With regard to the allegations in Paragraph 12 of Plaintiffs' FAC, Thomson SA

17   admits that this case is properly related and consolidated with MDL No. 1917, but denies that it

18   participated in any conspiracy or engaged in any unlawful conduct in violation of federal and state

19   antitrust laws and denies that the MDL court has jurisdiction over Thomson SA.  Thomson SA

20   denies any remaining allegations in Paragraph 12.

21         10.     With regard to the first three sentences of Paragraph 37, Thomson SA admits that it

22   is a French corporation with its principal place of business located at 1-5 Rue Jeanne d'Arc, 92130

23   Issy-les-Moulineaux, France, but denies that Thomson SA ever manufactured, marketed, sold, or

24   distributed CRT products to customers in the United States and denies the remaining allegations in

25   the first three sentences. Thomson SA denies the allegations in the fourth sentence.  To the extent

26   that the allegations in the fifth through tenth sentences purport to characterize a written document,

27   Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the

28   substance or context of the written document, and therefore denies those allegations except as

AMENDED ANSWER OF THOMSON SA TO                    3                    No. 07-5944-SC; MDL No. 1917
ELECTROGRAPH SYSTEMS, INC., ET AL.'S
FIRST AMENDED COMPLAINT

expressly admitted herein. With regard to the fifth sentence, Thomson SA admits that it sold its CRT business to Videocon Industries, Ltd. in 2005 for €240 million. With regard to the sixth sentence, Thomson SA admits that it invested €240 million in Videocon Industries, Ltd. in 2005 in exchange for 28,867,200 shares of stock, but denies that the investment was "simultaneous" and denies the remainder of the allegations in that sentence. Thomson SA states that the seventh sentence is vague and ambiguous with respect to "help," "run the CRT business," and "transition period," and therefore denies the allegations in that sentence. Thomson SA lacks information or belief sufficient to form a belief about the truth of the allegations in the eighth sentence, despite diligent efforts to locate relevant documents, and therefore denies these allegations. Further, Thomson SA states that the references to "Thomson" in the seventh and eighth sentences of Paragraph 37 are vague and ambiguous, and therefore denies the allegations in those sentences to the extent not expressly admitted herein. With regard to the ninth sentence, Thomson SA admits that Section 3.1 of the Shareholders' Agreement between Thomson SA and Videocon provided that "One member of the Board of Directors shall be nominated by Thomson," and admits that a Thomson SA employee held a seat on the Videocon Board of Directors until 2009. With regard to the tenth sentence, Thomson SA admits that it was a minority shareholder in Videocon affiliated entities from July 2005 through the end of the Relevant Period, but otherwise denies that Plaintiffs' allegations completely and accurately describe Thomson SA's stock ownership in Videocon affiliated entities during that time period. Thomson SA denies that its ownership interest in Videocon at any point during the allegedly Relevant Period is legally significant in relation to the claims alleged in the Complaint. Thomson SA admits that it changed its name to Technicolor SA on or about January 2010. Thomson SA denies the allegations in the twelfth sentence of Paragraph 37. Except as specifically admitted herein, Thomson SA denies the remaining allegations of Paragraph 37 in their entirety.

11. With regard to the first four sentences of Paragraph 38, Thomson SA admits that Thomson Consumer Electronics, Inc., is now known as Technicolor USA, Inc., and that it is a Delaware corporation with its principal place of business located at 1033 N. Meridian Street, Indianapolis, Indiana 47290-1024. Thomson SA admits that Thomson Consumer is wholly owned

1   by Thomson SA, admits that Thomson Consumer had manufacturing plants in Scranton,

2   Pennsylvania and Marion, Indiana during portions of the Relevant Period, but denies that Thomson

3   Consumer directly owned CRT manufacturing plants in Mexicali, Mexico.  Thomson SA admits

4   that Thomson Consumer sold CPTs for use in CRT televisions to television manufacturers in North

5   America during the portions of the Relevant Period, but denies the remaining allegations in the first

6   through fourth sentences.  To the extent that the allegations in sentences five through ten purport to

7   characterize a written document, Thomson SA denies that Plaintiffs accurately or completely

8   interpreted, characterized, or stated the substance or context of the written document, and therefore

9   denies those allegations except as expressly admitted herein.  With regard to the fifth sentence,

10  Thomson SA admits that Thomson Consumer's CRT business was sold to Videocon Industries, Ltd.

11  in 2005.  With regard to the allegation in the sixth through tenth sentences, Thomson SA

12  incorporates by reference its responses to the identical allegations in Paragraph 37.  Thomson SA

13  states that the eleventh sentence is vague in regards to timeframe and denies the allegations in that

14  sentence, except that it admits that Thomson Displays America LLC was wholly owned by

15  Thomson Consumer before it was transferred to Videocon in July 2005.  With regard to the twelfth

16  sentence, Thomson SA admits that Thomson Consumer changed its name to Technicolor USA, Inc.

17  in or about June 2010. With regard to the thirteenth sentence, Thomson SA admits that prior to the

18  sale of its CRT business in 2005, Thomson Consumer manufactured, marketed, sold, or distributed

19  CPT Products in the United States, but otherwise denies the allegations in that sentence.  Thomson

20  SA denies the remaining allegations of Paragraph 38 in their entirety.

21       12.    With regard to the allegations in Paragraph 39, to the extent these allegations state

22  legal contentions, no response is required.  With regard to the allegations in sentence one, Thomson

23  SA admits that it had sufficient minimum contacts with the United States during the Relevant

24  Period to be subject to specific personal jurisdiction in the United States with respect to this action

25  only.  Thomson SA denies the allegations in sentences two through eight in their entirety.  To the

26  extent that the allegations in sentences nine through fourteen purport to characterize written

27  documents, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized,

28  or stated the substance or context of the written documents and therefore denies those allegations.

Thomson Consumer admits that the employees listed in sentences twelve and thirteen worked for Thomson SA and/or Thomson Consumer during the Relevant Period, but denies that the characterizations of employee titles, roles, and employment dates are accurate or complete and therefore denies these allegations.  Thomson SA further denies the allegations contained in sentence fourteen because the term "stationed" is ambiguous and the allegations are vague as to time. Thomson SA denies any remaining allegations in Paragraph 39.

13.    With regard to the allegations in Paragraph 41 of Plaintiffs' Complaint, Thomson SA states that any references to "Thomson" are vague and ambiguous and therefore denies such allegations to the extent not expressly admitted herein.  To the extent that the allegations of Paragraph 41 purport to characterize a written document, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context of the written document, and therefore denies those allegations.  Thomson SA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence and therefore denies them.  Thomson SA admits the allegations contained in the second and third sentences of Paragraph 41.  With regard to the fourth through eighth sentences, Thomson SA incorporates by reference its responses to the substantially identical allegations in sentences six through ten of Paragraph 37.  In response to the ninth sentence, Thomson SA states that pursuant to a September 30, 2005 Addendum to Share Purchase Agreement between Eagle Corporation and Thomson SA, the purchase price paid by Eagle Corporation was allocated in part "for the interest in Thomson Displays Americas LLC" and "for the shares of Mexicana," among other allocations. Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentences ten and eleven, and therefore denies these allegations.  Thomson SA denies that any of the allegations in Paragraph 41 concerning Thomson SA's agreement with and continued interest in Videocon support in any way Plaintiffs' allegations that Thomson SA violated any laws. Thomson SA denies any remaining allegations in Paragraph 41.

14.    With regard to the allegations in Paragraph 42 of Plaintiffs' Complaint, Thomson SA states that any references to "Thomson" are vague and ambiguous and therefore denies such allegations to the extent not expressly admitted herein.  To the extent that the allegations of

Paragraph 42 purport to characterize a written document, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context of the written document, and therefore denies those allegations. Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentences one and two, except that Thomson SA admits that TDA was formerly known as Thomson Displays Americas LLC. With regard to the third through sixth sentences, Thomson SA admits that Thomson Consumer transferred certain assets to TDA as a capital contribution in 2005 in connection with the sale of its CRT business to Videocon; despite diligent and ongoing searches for relevant records, however, Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations regarding the details of the transfer of assets and rights, and therefore denies the remaining allegations in those sentences. Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentences seven and eight, and therefore denies them. Thomson SA denies the allegations in sentence nine. With regard to the allegations in the tenth sentence, Thomson SA admits that Brunk's employment with Thomson Consumer ended in July 2006, but lacks information sufficient to form a belief regarding with whom Brunk was employed after leaving Thomson Consumer and therefore denies that he transitioned to work for TDA. Thomson SA further admits that Hanrahan's employment with Thomson Consumer ended in February 2012, but lacks information sufficient to form a belief regarding with whom Hanrahan was employed after leaving Thomson Consumer and therefore denies that he transitioned to work for TDA. Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentence eleven. Sentence twelve contains only a definitional allegation, to which no response is required and which Thomson SA therefore denies. Thomson SA denies that any of the allegations in Paragraph 42 concerning Thomson Consumer's agreement with TDA support in any way Plaintiffs' allegations that Thomson SA violated any laws. Thomson SA denies any remaining allegations in Paragraph 42.

15.     To the extent that the allegations in Paragraph 97 relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to

1   their truth and therefore denies them. To the extent that the allegations in Paragraph 97 relate to

2   Thomson SA, Thomson SA denies these allegations.

3       16.   To the extent that the allegations in Paragraph 98 relate to persons or entities other

4   than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to

5   their truth and therefore denies them, except that it admits that TCL Thomson was a joint venture

6   formed between Thomson SA and TCL International Holdings Ltd. Thomson SA ceased any

7   ownership or interest in TCL Thomson in 2010. Thomson SA denies any remaining allegations in

8   Paragraph 98.

9       17.   With regard to the allegations in Paragraphs 149 and 151 of Plaintiffs' FAC,

10  Thomson SA admits that the allegations quote parts of its Annual Reports, but denies any emphasis

11  or alterations in the quoted text, denies that it admitted to any wrongdoing in its Annual Reports,

12  and denies that Plaintiffs have accurately or completely interpreted, characterized, or stated the

13  substance or context of the quoted statements. Thomson SA denies any remaining allegations in

14  Paragraphs 149 and 151.

15      18.   With regard to the allegations in Paragraph 150 of Plaintiffs' FAC, Thomson SA

16  states that the use of the term "Thomson" renders these paragraphs vague and uncertain as to

17  Thomson SA. To the extent that the allegations purport to characterize written documents,

18  Thomson SA denies that Plaintiffs have accurately or completely interpreted, characterized, or

19  stated the substance or context of the written documents and therefore denies those allegations.

20  Thomson SA admits that the European Commission investigated CRT price-fixing and levied fines

21  against various companies, including a fine of €38,631,000 million against Thomson SA in 2012

22  and that its fine was reduced due to Thomson SA's cooperation and inability to pay, but denies that

23  any allegations, conduct, or cooperation in Europe support in any way Plaintiffs' allegations that

24  Thomson SA violated United States antitrust laws or that alleged conduct in Europe had any

25  relation to the United States CRT market. Thomson SA denies any and all remaining allegations in

26  Paragraph 152.

27      19.   With regard to the allegations in Paragraph 152 of Plaintiffs' FAC, Thomson SA

28  states that any references to "Thomson" are vague and ambiguous and admits solely that it retained

AMENDED ANSWER OF THOMSON SA TO                    8                    No. 07-5944-SC; MDL No. 1917
ELECTROGRAPH SYSTEMS, INC., ET AL.'S
FIRST AMENDED COMPLAINT

at least a de minimis ownership interest in Videocon between 2005 and the end of the allegedly Relevant Period and with regard to which Thomson SA incorporates by reference its responses to sentences six and ten of Paragraph 37.   Thomson SA denies that it participated in the alleged conspiracy, and denies that any of the allegations in Paragraph 152 concerning Thomson SA's agreement with and continued interest in Videocon support in any way Plaintiffs' allegations that Thomson SA violated any laws.  To the extent that the allegations relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.   To the extent that the remaining allegations relate to Thomson SA, Thomson SA denies these allegations.  To the extent that the remaining allegations purport to characterize written documents and deposition testimony, Thomson SA denies that Plaintiffs have accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies those allegations.   Thomson SA denies that it engaged in, or conspired with others to engage in, any violations of United States antitrust laws. Thomson SA further denies that the alleged actions of individuals in Paragraph 152 would, if proven, be imputable to Thomson SA and that they relate to the sale of CRTs in the United States. Thomson SA denies any remaining allegations in Paragraph 152.

20.   To the extent that the allegations in Paragraph 153 relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.  To the extent that the allegations in Paragraph 153 purport to characterize written documents and deposition testimony, Thomson SA denies that Plaintiffs have accurately or completely interpreted, characterized, or stated the substance or context of the written documents and deposition testimony and therefore denies those allegations.  To the extent that the remaining allegations in Paragraph 153 relate to Thomson SA, Thomson SA denies these allegations.

21.   With regard to the allegations in Paragraph 154, Thomson SA states that the use of the term "Thomson" renders the allegations vague and uncertain as to Thomson SA.  To the extent that the allegations relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.  To

the extent that the allegations purport to characterize written documents and deposition testimony, Thomson SA denies that Plaintiffs have accurately or completely interpreted, characterized, or stated the substance or context of the written documents and deposition testimony and therefore denies those allegations.  To the extent that the allegations relate to Thomson SA, Thomson SA denies these allegations.

22.     With regard to the allegations in Paragraph 156, Thomson SA states that the use of the term "Thomson" renders the allegations vague and uncertain as to Thomson SA.  To the extent that the allegations relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them. With respect to the allegations contained in the sixth sentence, Thomson SA admits that Didier Trutt received and occupied a seat on Videocon's board until 2009, but denies the remaining allegations in the sixth sentence.  To the extent that the remaining allegations in Paragraph 156 relate to Thomson SA, Thomson SA denies these allegations.  Thomson SA denies that any of the allegations in Paragraph 156 concerning Thomson SA's agreement with and continued interest in Videocon support in any way Plaintiffs' allegations that Thomson SA violated any laws.

23.     With regard to the allegations in Paragraph 157, Thomson SA states that the use of the term "Thomson" renders the allegations vague and uncertain as to Thomson SA.  Thomson SA admits that Brunk's employment with Thomson Consumer ended in July 2006, but lacks information sufficient to form a belief regarding with whom Brunk was employed after leaving Thomson Consumer and therefore denies that he transitioned to work for TDA.  Thomson SA further admits that Hanrahan's employment with Thomson Consumer ended in February 2012, but lacks information sufficient to form a belief regarding with whom Hanrahan was employed after leaving Thomson Consumer and therefore denies that he transitioned to work for TDA.  Thomson SA denies that Brunk and Hanrahan attended conspiracy meetings on behalf of Thomson Consumer or Thomson SA.  To the extent that the remaining allegations relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.  To the extent that the remaining allegations relate to Thomson SA, Thomson SA denies these allegations.  Thomson SA denies that any of the allegations in Paragraph

1    157 concerning Thomson Consumer's agreement with TDA support in any way Plaintiffs'

2    allegations that Thomson SA violated any laws.

3          24.    With regard to the allegations in Paragraphs 197 and 207 of Plaintiffs' Complaint,

4    Thomson SA states that the use of the term "Thomson" renders these paragraphs vague and

5    uncertain as to Thomson SA and therefore denies such allegations to the extent not expressly

6    admitted herein.  Thomson SA admits that the European Commission opened an investigation but

7    lacks knowledge or information sufficient to form a belief as to the truth of the remaining

8    allegations regarding the scope or timing of the investigations and therefore denies them.  Thomson

9    SA admits that the European Commission alleged that several companies, including Thomson SA,

10   engaged in anticompetitive conduct in Europe and levied a fine of €38,631,000 million against

11   Thomson SA in 2012, but denies that the European Commission's investigation or allegations in

12   Europe support in any way Plaintiffs' allegations that Thomson SA violated any United States

13   antitrust laws or that alleged conduct in Europe had any relation to the United States CRT market.

14   Thomson SA denies any remaining allegations in Paragraphs 197 and 207.

15         25.    To the extent Paragraph 238 consists of legal contentions, no response is required.

16   To the extent that Paragraph 238 purports to characterize a written document, Thomson SA denies

17   that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context

18   of the written document and therefore denies the allegations in Paragraph 238.  Thomson SA further

19   states that any references to "Thomson" are vague and ambiguous and therefore denies such

20   allegations to the extent not expressly admitted herein.   Thomson SA further denies that it

21   participated in any conspiracy to violate antitrust laws or engaged in any efforts to conceal such a

22   conspiracy.  Thomson SA denies any remaining allegations in Paragraph 238.

23         26.    With regard to Paragraphs 249, 256, 265, 274 and 281 Thomson SA incorporates by

24   reference all of the above responses and statements.

25         27.    With regard to Paragraphs 256 through 264, 266 through 273, and 281 through 287,

26   Thomson SA states that Plaintiffs' state-law claims under the California Cartwright Act, California

27   unfair competition law, and New York unfair competition law have been dismissed and therefore no

28   response is required.  To the extent a response is required and the allegations in those paragraphs

AMENDED ANSWER OF THOMSON SA TO                    11                No. 07-5944-SC; MDL No. 1917
ELECTROGRAPH SYSTEMS, INC., ET AL.'S
FIRST AMENDED COMPLAINT

1  relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information

2  sufficient to form a belief about their truth and therefore denies them.  To the extent a response is

3  required and the allegations relate to Thomson SA, Thomson SA denies them.

### DEFENSES

5  Without assuming any burden it would not otherwise bear, and reserving its right to amend

6  its Answer to assert additional defenses as they may become known during discovery, Thomson SA

7  asserts the following separate, additional and/or affirmative defenses:

### FIRST DEFENSE

**(Failure to State a Claim)**

10  The FAC fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

**(Statute of Limitations)**

13  Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

14  by the applicable statutes of limitations.

### THIRD DEFENSE

**(Failure to Plead Fraud with Particularity)**

17  The statutes of limitations are not tolled because Plaintiffs have failed to plead fraudulent

18  concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### FOURTH DEFENSE

**(Failure to Plead Conspiracy with Particularity)**

21  Plaintiffs' claims are barred in whole or part because the FAC fails to plead conspiracy with

22  particularity required under applicable law.

### FIFTH DEFENSE

**(Withdrawal)**

25  Plaintiffs' claims are barred, in whole or in part, by reason of Thomson SA's withdrawal

26  from or abandonment of any alleged conspiracy.

1

## SIXTH DEFENSE

2

### (Claim Splitting and Election of Remedies)

3   Plaintiffs' claims are barred, in whole or in part, by reason of claim splitting and by the

4   doctrine of the election of remedies.

5

## SEVENTH DEFENSE

6

### (Laches)

7   Plaintiffs' claims are barred, in whole or in part, under the doctrine of laches.

8

## EIGHTH DEFENSE

9

### (Estoppel, Waiver, or Unclean Hands)

10   Plaintiffs' claims are barred, in whole or in part, under the doctrines of estoppel, waiver,

11   and/or unclean hands.

12

## NINTH DEFENSE

13

### (Reasonable Justification)

14   Plaintiffs' claims are barred, in whole or in part, because all of the actions of Thomson SA

15   being challenged by Plaintiffs were lawful, justified, procompetitive, constitute bona fide business

16   competition, and were carried out in furtherance of Thomson SA's legitimate business interests.

17

## TENTH DEFENSE

18

### (Acquiescence)

19   Plaintiffs' claims are barred, in whole or in part, by reason of Plaintiffs' acquiescence to the

20   conduct of Thomson SA.

21

## ELEVENTH DEFENSE

22

### (Accord and Satisfaction, Release and Settlement)

23   Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction,

24   release and settlement.

25

## TWELFTH DEFENSE

26

### (Government Privilege/Non-actionable)

27   Plaintiffs' claims are barred, in whole or in part, because the conduct of Thomson SA

28   alleged in the FAC was caused by, due to, based upon, or in response to directives, laws,

1  regulations, policies, and/or acts of governments, governmental agencies and entities, and/or
2  regulatory agencies, and as such is non-actionable or privileged.

3  ### THIRTEENTH DEFENSE

4  ### (Lack of Standing)

5  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring the
6  claims asserted in the FAC.

7  ### FOURTEENTH DEFENSE

8  ### (Ultra Vires)

9  Plaintiffs' claims are barred, in whole or in part, because, to the extent that any employee or
10 agent of Thomson SA engaged in any unlawful act or omission, any such act or omission would
11 have been committed by individuals acting ultra vires.

12 ### FIFTEENTH DEFENSE

13 ### (Intervening Causes)

14 Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if any,
15 stemmed from intervening or superseding causes.

16 ### SIXTEENTH DEFENSE

17 ### (Lack of Antitrust Injury)

18 Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered an
19 antitrust injury.

20 ### SEVENTEENTH DEFENSE

21 ### (No Act of Thomson SA)

22 Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not been injured in
23 their business or property by reason of any action of Thomson SA.

24 ### EIGHTEENTH DEFENSE

25 ### (Speculative Damages)

26 Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any,
27 are speculative and because of the impossibility of the ascertainment and allocation of such alleged
28 damages.

1  **NINETEENTH DEFENSE**

2  **(Failure to Mitigate Damages)**

3  Plaintiffs' claims are barred from recovery of damages, in whole or in part, because of and

4  to the extent of Plaintiffs' failure to mitigate damages.

5  **TWENTIETH DEFENSE**

6  **(Pass Through)**

7  Plaintiffs' claims for an illegal overcharge are barred, in whole or in part, to the extent that

8  such overcharge was absorbed, in whole or in part, by others, and was not passed through to

9  Plaintiffs.

10  **TWENTY-FIRST DEFENSE**

11  **(Available Remedy at Law)**

12  Plaintiffs' claims or causes of action for injunction or other equitable relief is barred, in

13  whole or in part, because Plaintiffs have available an adequate remedy at law.

14  **TWENTY-SECOND DEFENSE**

15  **(Lack of Standing for Prospective Relief)**

16  Plaintiffs' claims or causes of action is barred, in whole or in part, because Plaintiffs seek to

17  enjoin alleged events that have already transpired and without the requisite showing of threatened

18  future harm or continuing violation.

19  **TWENTY-THIRD DEFENSE**

20  **(Vagueness)**

21  Plaintiffs' claims should be dismissed for uncertainty and vagueness and because its claims

22  are ambiguous or unintelligible. Plaintiffs do not describe the events or legal theories with sufficient

23  particularity to permit Thomson SA to ascertain what other defenses may exist.

24  **TWENTY-FOURTH DEFENSE**

25  **(Unjust Enrichment)**

26  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly

27  enriched if they were allowed to recover any part of the damages alleged in the FAC.

28

AMENDED ANSWER OF THOMSON SA TO          15          No. 07-5944-SC; MDL No. 1917
ELECTROGRAPH SYSTEMS, INC., ET AL.'S
FIRST AMENDED COMPLAINT

## TWENTY-FIFTH DEFENSE

### (Restitution)

Plaintiffs' claims are barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to Plaintiffs would be excessive and punitive, and disproportionate to any alleged injury suffered by Plaintiffs.

## TWENTY-SIXTH DEFENSE

### (Comparative Fault)

Plaintiffs' claims are barred, in whole or in part, to the extent the injuries alleged in the FAC were directly and proximately caused by or contributed to by the statements, acts, or omissions of Plaintiffs or third persons or entities unaffiliated with Thomson SA.

## TWENTY-SEVENTH DEFENSE

### (Res Judicata or Collateral Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata or collateral estoppel.

## TWENTY-EIGHTH DEFENSE

### (Foreign Trade Antitrust Improvements Act)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## TWENTY-NINTH DEFENSE

### (Foreign Sales)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to recover damages, if any, based on sales outside of the United States.

## THIRTIETH DEFENSE

### (Improper Joinder)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and do not involve questions of law or fact common to all defendants.

**THIRTY-FIRST DEFENSE**

**(Failure to Exhaust Remedies)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exhaust all remedies against the parties with whom Plaintiffs are in privity.

**THIRTY-SECOND DEFENSE**

**(No Multiple Recoveries)**

Plaintiffs' claims are barred, in whole or in part, to the extent they would result in Thomson SA paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Thomson SA by applicable states' laws and the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

**THIRTY-THIRD DEFENSE**

**(Voluntary Payment Doctrine)**

Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine, under which Plaintiffs are not entitled to recover payments made with full knowledge of the facts.

**THIRTY-FOURTH DEFENSE**

**(Set Off)**

Without admitting that Plaintiffs are entitled to recover damages from Thomson SA in this matter, Thomson SA is entitled to set off from any recovery Plaintiffs obtain against Thomson SA any amount paid to under settlements with other defendants in this or related matters.

**THIRTY-FIFTH DEFENSE**

**(Privilege)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of Thomson SA was justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

## THIRTY-SIXTH DEFENSE

### (Noerr-Pennington Doctrine)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrine of Noerr-Pennington.

## THIRTY-SEVENTH DEFENSE

### (Forum Non Conveniens)

The FAC should be dismissed on the grounds of forum non conveniens to the extent the claims are governed by the laws of foreign states.

## THIRTY-EIGHTH DEFENSE

### (Improper Venue)

Plaintiffs' claims are barred, in whole or in part, because venue does not lie in this Court.

## THIRTY-NINTH DEFENSE

### (Improper Forum/Arbitration)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have agreed to arbitration or chose a different forum for the resolution of their claims.

## FORTIETH DEFENSE

### (Intervening Conduct)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of the Thomson SA or were caused, if at all, solely and proximately by the conduct of third parties, including, without limitations, the prior, intervening or superseding conduct of such third parties.

## FORTY-FIRST DEFENSE

### (Lack of Subject Matter Jurisdiction)

This Court lacks subject-matter jurisdiction over Plaintiffs' claims pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act, and because the conduct alleged to

1   provide a basis for Plaintiffs' claims did not have a direct, substantial, and reasonably foreseeable

2   effect on trade or commerce within the United States.

3   ### FORTY-SECOND DEFENSE

4   ### (Lack of Standing – New York Donnelly Act Claims)

5   Plaintiffs lack standing to prosecute its state antitrust claims against Thomson SA, in whole

6   or in part, under, without limitation, N.Y. Gen. Bus. Law §§ 340, *et seq.*

7   ### FORTY-THIRD DEFENSE

8   ### (Indispensable Parties)

9   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

10  for failure to join indispensable parties.

11  ### FORTY-FOURTH DEFENSE

12  ### (Incorporation of Defenses of Others)

13  Thomson SA adopts by reference any applicable defense pleaded by any other defendant not

14  otherwise expressly set forth herein.

15  ### FORTY-FIFTH DEFENSE

16  ### (Reservation of Other Defenses)

17  Thomson SA reserves the right to assert other defenses as this action proceeds up to and

18  including the time of trial.

19  ### THOMSON SA'S PRAYER FOR RELIEF

20  WHEREFORE, Thomson SA prays for judgment as follows:

21      1.    That Plaintiffs take nothing by reason of the FAC, and that the action be dismissed

22  with prejudice,

23      2.    That the Court enter judgment in favor of Thomson SA and against Plaintiffs with

24  respect to all causes of action in the FAC,

25      3.    That the Court award Thomson SA its attorneys' fees and other costs reasonably

26  incurred in the defense of this action, and

27      4.    That the Court award Thomson SA such other further relief as the Court may deem

28  just and proper.

1    Dated:  January __, 2015                        Respectfully submitted,

2

3                                                    /s/ Kathy L. Osborn
                                                     Kathy L. Osborn (*pro hac vice*)
4                                                    Ryan M. Hurley (*pro hac vice*)
                                                     Faegre Baker Daniels LLP
5                                                    300 N. Meridian Street, Suite 2700
                                                     Indianapolis, IN  46204
6                                                    Telephone: +1 317-237-0300
                                                     Facsimile: +1 317-237-1000
7                                                    kathy.osborn@FaegreBD.com
                                                     ryan.hurley@FaegreBD.com
8
                                                     Jeffrey S. Roberts (*pro hac vice*)
9                                                    Faegre Baker Daniels LLP
                                                     3200 Wells Fargo Center
10                                                   1700 Lincoln Street
                                                     Denver, CO  80203
11                                                   Telephone: +1 303-607-3500
                                                     Facsimile:  +1 303-607-3600
12                                                   jeff.roberts@FaegreBD.com

13                                                   Stephen M. Judge (*pro hac vice*)
                                                     Faegre Baker Daniels LLP
14                                                   202 S. Michigan Street, Suite 1400
                                                     South Bend, IN  46601
15                                                   Telephone: +1 574-234-4149
                                                     Facsimile:  +1 574-239-1900
16                                                   steve.judge@FaegreBd.com

17                                                   Calvin L. Litsey (SBN 289659)
                                                     Faegre Baker Daniels LLP
18                                                   1950 University Avenue, Suite 450
                                                     East Palo Alto, CA  94303-2279
19                                                   Telephone: +1 650 324-6700
                                                     Facsimile: +1 650 324-6701
20                                                   calvin.litsey@FaegreBD.com

21                                                   ***Attorneys for Defendant Thomson SA***

22

23

24

25

26

27

28
     AMENDED ANSWER OF THOMSON SA TO              20                    No. 07-5944-SC; MDL No. 1917
     ELECTROGRAPH SYSTEMS, INC., ET AL.'S
     FIRST AMENDED COMPLAINT