# EXHIBIT 5

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendant Thomson SA*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727* | **AMENDED ANSWER OF THOMSON SA TO INTERBOND CORPORATION OF AMERICA'S FIRST AMENDED COMPLAINT** |

1    Defendant Technicolor SA, f/k/a Thomson SA ("Thomson SA"), by and through its

2  undersigned counsel of record, answers Interbond Corporation of America's ("Plaintiff") First

3  Amended Complaint ("FAC") and alleges additional or affirmative defenses as follows.  Thomson

4  SA denies each and every allegation in the FAC's section headings and in all portions of the FAC

5  not contained in numbered paragraphs.  To the extent that the FAC's allegations concern persons or

6  entities other than Thomson SA, Thomson SA denies that such allegations support any claim for

7  relief against Thomson SA.  Thomson SA denies any allegations not explicitly admitted herein.

8    1.    Thomson SA denies the allegations in Paragraphs 13, 14, 15, 25, 31, 100, and 143 of

9  Plaintiff's FAC.  To the extent these paragraphs consist of definitional allegations, no response is

10  required and Thomson SA therefore denies them.

11    2.    To the extent that the allegations in Paragraphs 1, 5 through 8, 11, 16, 17, 18, 20, 32,

12  84 through 89, 97, 98, 99, 101 through 103, 105 through 133, 140, 172, 176, 177, 179, 180, 181,

13  193, 204, 208, 209, 210 through 222, 224 through 227, 229 through 233, and 235 through 240 of

14  Plaintiff's FAC relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge

15  or information sufficient to form a belief about their truth and therefore denies them.  To the extent

16  the allegations in those paragraphs relate to Thomson SA, Thomson SA denies them unless

17  expressly admitted below.  Further, Thomson SA denies that it manufactured CRTs or CRT

18  Products, but admits that Thomson Consumer manufactured CPTs and CPT Products.  Thomson SA

19  admits on information and belief that other companies alleged to be conspirators in the Complaint

20  have manufactured CPTs and CDTs, but denies that Thomson SA engaged in any conspiracy.  To

21  the extent the allegations in those paragraphs purport to define markets or market activity which

22  require expert opinion and testimony, Thomson SA denies them.  To the extent the allegations in

23  those paragraphs are definitional allegations, no response is required and Thomson SA therefore

24  denies these allegations.

25    3.    Thomson SA lacks knowledge or information sufficient to form a belief about the

26  truth of the allegations in Paragraphs 19, 21, 28 through 30, 33 through 81, 91, 95, 96, 104, 144

27  through 167, 195 through 198, 201, and 206 of Plaintiff's FAC and therefore denies them.

28

4.      To the extent that the allegations in Paragraphs 10, 168 through 171, 173, 174, 175, 178, 183 through 191,194, 199, 200, 202, 203, 205, 207, and 228 of Plaintiff's FAC purport to characterize written documents, Thomson SA denies that Plaintiff has accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies these allegations.  To the extent those paragraphs contain additional allegations that relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.  To the extent those paragraphs contain allegations that relate to Thomson SA, Thomson SA denies them unless expressly admitted below. To the extent the allegations in those paragraphs purport to define markets or market activity which require expert opinion and testimony, Thomson SA denies them.

5.      Thomson SA admits that the allegations in Paragraphs 90, 92, 93, and 94 purport to contain descriptions of CRT technology and history.  Thomson SA denies that these allegations completely and accurately describe all variants of CRT technology and therefore denies them.  To the extent the allegations in those paragraphs purport to define markets or market activity which require expert opinion and testimony, Thomson SA denies them.

6.      With regard to the allegations in Paragraph 2 of Plaintiff's FAC, Thomson SA admits that the allegations quote parts of its 2011 and 2012 Annual Reports, but denies any emphasis or alterations in the quoted text and denies that it admitted to any wrongdoing in its Annual Reports.  Thomson SA also admits that the European Commission levied a fine of €38,631,000 million against it in 2012, but denies that the European Commission's investigation or allegations involved any violation of United States antitrust laws or had any relation to the United States CRT market.  Thomson SA denies any remaining allegations in Paragraph 2.

7.      With regard to the allegations in Paragraphs 3 and 4 of Plaintiff's FAC, Thomson SA denies that it manufactured CRTs or CRT Products, but admits that Thomson Consumer manufactured CPTs and CPT Products.  Thomson SA admits on information and belief that other companies alleged to be conspirators in the FAC have manufactured CPTs and CDTs, but denies that Thomson SA engaged in any conspiracy.  Thomson SA denies that it controlled the "majority of the CRT industry" during the relevant period.  Thomson SA lacks knowledge or information

1  sufficient to form a belief about the truth of the other allegations in Paragraphs 3 and 4 and

2  therefore denies them.   To the extent the allegations in Paragraphs 3 and 4 are definitional

3  allegations, no response is required and Thomson SA therefore denies these allegations.

4      8.    With regard to the allegations in Paragraph 9 of Plaintiff's FAC, Thomson SA

5  admits that European, Mexican and Brazilian authorities have investigated Thomson SA or its

6  affiliates, but denies that those investigations have any relation to the United States CRT market or

7  have alleged or found violations of United States antitrust laws.   Thomson SA further admits that

8  Thomson Consumer was subpoenaed by the Department of Justice, but states that Thomson

9  Consumer has not been subjected to any criminal enforcement actions in the United States or ever

10  entered into a plea agreement with the Department of Justice.   Thomson SA is aware that several

11  individuals, including C.Y. Lin, have been indicted for violations of antitrust laws, but denies that it

12  participated in any price-fixing conspiracy with these individuals, or that the actions of those

13  individuals had any relation to the allegations concerning Thomson Consumer's activities in the

14  United States CPT market.

15      9.    With regard to the allegations in Paragraph 12 of Plaintiff's FAC, Thomson SA

16  admits that this case is properly related and consolidated with MDL No. 1917, but denies that it

17  participated in any conspiracy or engaged in any unlawful conduct in violation of federal and state

18  antitrust laws and denies that the MDL court has jurisdiction over Thomson SA.   Thomson SA

19  denies any remaining allegations in Paragraph 12

20      10.    With regard to the first three sentences of Paragraph 22, Thomson SA admits that it

21  is a French corporation with its principal place of business located at 1-5 Rue Jeanne d'Arc, 92130

22  Issy-les-Moulineaux, France, but denies that Thomson SA ever manufactured, marketed, sold, or

23  distributed CRT products to customers in the United States and denies the remaining allegations in

24  the first three sentences.   Thomson SA denies the allegations in the fourth sentence.   To the extent

25  that the allegations in the fifth through tenth sentences purport to characterize a written document,

26  Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the

27  substance or context of the written document, and therefore denies those allegations except as

28  expressly admitted herein.   With regard to the fifth sentence, Thomson SA admits that it sold its

CRT business to Videocon Industries, Ltd. in 2005 for €240 million. With regard to the sixth sentence, Thomson SA admits that it invested €240 million in Videocon Industries, Ltd. in 2005 in exchange for 28,867,200 shares of stock, but denies that the investment was "simultaneous" and denies the remainder of the allegations in that sentence. Thomson SA states that the seventh sentence is vague and ambiguous with respect to "help," "run the CRT business," and "transition period," and therefore denies the allegations in that sentence. Thomson SA lacks information or belief sufficient to form a belief about the truth of the allegations in the eighth sentence, despite diligent efforts to locate relevant documents, and therefore denies these allegations. Further, Thomson SA states that the references to "Thomson" in the seventh and eighth sentences of Paragraph 22 are vague and ambiguous, and therefore denies the allegations in those sentences to the extent not expressly admitted herein. With regard to the ninth sentence, Thomson SA admits that Section 3.1 of the Shareholders' Agreement between Thomson SA and Videocon provided that "One member of the Board of Directors shall be nominated by Thomson," and admits that a Thomson SA employee held a seat on the Videocon Board of Directors until 2009. With regard to the tenth sentence, Thomson SA admits that it was a minority shareholder in Videocon affiliated entities from July 2005 through the end of the Relevant Period, but otherwise denies that Plaintiffs' allegations completely and accurately describe Thomson SA's stock ownership in Videocon affiliated entities during that time period. Thomson SA denies that its ownership interest in Videocon at any point during the allegedly Relevant Period is legally significant in relation to the claims alleged in the Complaint. Thomson SA admits that it changed its name to Technicolor SA on or about January 2010. Thomson SA denies the allegations in the twelfth sentence of Paragraph 22. Except as specifically admitted herein, Thomson SA denies the remaining allegations of Paragraph 22 in their entirety.

11. With regard to the first four sentences of Paragraph 23, Thomson SA admits that Thomson Consumer Electronics, Inc., is now known as Technicolor USA, Inc., and that it is a Delaware corporation with its principal place of business located at 1033 N. Meridian Street, Indianapolis, Indiana 47290-1024. Thomson SA admits that Thomson Consumer is wholly owned by Thomson SA, admits that Thomson Consumer had manufacturing plants in Scranton,

Pennsylvania and Marion, Indiana during portions of the Relevant Period, but denies that Thomson Consumer directly owned CRT manufacturing plants in Mexicali, Mexico.  Thomson SA admits that Thomson Consumer sold CPTs for use in CRT televisions to television manufacturers in North America during the portions of the Relevant Period, but denies the remaining allegations in the first through fourth sentences.  To the extent that the allegations in sentences five through ten purport to characterize a written document, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context of the written document, and therefore denies those allegations except as expressly admitted herein.  With regard to the fifth sentence, Thomson SA admits that Thomson Consumer's CRT business was sold to Videocon Industries, Ltd. in 2005.  With regard to the allegation in the sixth through tenth sentences, Thomson SA incorporates by reference its responses to the identical allegations in Paragraph 22.  Thomson SA states that the eleventh sentence is vague in regards to timeframe and denies the allegations in that sentence, except that it admits that Thomson Displays America LLC was wholly owned by Thomson Consumer before it was transferred to Videocon in July 2005.  With regard to the twelfth sentence, Thomson SA admits that Thomson Consumer changed its name to Technicolor USA, Inc. in or about June 2010.  With regard to the thirteenth sentence, Thomson SA admits that prior to the sale of its CRT business in 2005, Thomson Consumer manufactured, marketed, sold, or distributed CPT Products in the United States, but otherwise denies the allegations in that sentence.  Thomson SA denies the remaining allegations of Paragraph 23 in their entirety.

12.     With regard to the allegations in Paragraph 24, to the extent these allegations state legal contentions, no response is required.  With regard to the allegations in sentence one, Thomson SA admits that it had sufficient minimum contacts with the United States during the Relevant Period to be subject to specific personal jurisdiction in the United States with respect to this action only.  Thomson SA denies the allegations in sentences two through eight in their entirety.  To the extent that the allegations in sentences nine through fourteen purport to characterize written documents, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies those allegations.  Thomson Consumer admits that the employees listed in sentences twelve and thirteen worked for

1   Thomson Consumer and/or Thomson Consumer during the Relevant Period, but denies that the

2   characterizations of employee titles, roles, and employment dates are accurate or complete and

3   therefore denies these allegations.  Thomson SA further denies the allegations contained in sentence

4   fourteen because the term "stationed" is ambiguous and the allegations are vague as to time.

5   Thomson Consumer denies any remaining allegations in Paragraph 24.

6        13.   With regard to the allegations in Paragraph 26 of Plaintiff's FAC, Thomson SA

7   states that any references to "Thomson" are vague and ambiguous and therefore denies such

8   allegations to the extent not expressly admitted herein.   To the extent that the allegations of

9   Paragraph 26 purport to characterize a written document, Thomson SA denies that Plaintiff

10  accurately or completely interpreted, characterized, or stated the substance or context of the written

11  document, and therefore denies those allegations.  Thomson SA lacks knowledge or information

12  sufficient to form a belief as to the truth of the allegations contained in the first sentence and

13  therefore denies them.  Thomson SA admits the allegations contained in the second and third

14  sentences of Paragraph 26.   With regard to the fourth through eighth sentences, Thomson SA

15  incorporates by reference its responses to the substantially identical allegations in sentences six

16  through ten of Paragraph 22.  In response to the ninth sentence, Thomson SA states that pursuant to

17  a September 30, 2005 Addendum to Share Purchase Agreement between Eagle Corporation and

18  Thomson SA, the purchase price paid by Eagle Corporation was allocated in part "for the interest in

19  Thomson Displays Americas LLC" and "for the shares of Mexicana," among other allocations.

20  Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the

21  allegations in sentences ten and eleven, and therefore denies these allegations.  Thomson SA denies

22  that any of the allegations in Paragraph 26 concerning Thomson SA's agreement with and

23  continued interest in Videocon support in any way Plaintiff's allegations that Thomson SA violated

24  any laws. Thomson Consumer denies any remaining allegations in Paragraph 26.

25       14.   With regard to the allegations in Paragraph 27 of Plaintiff's FAC, Thomson SA

26  states that any references to "Thomson" are vague and ambiguous and therefore denies such

27  allegations to the extent not expressly admitted herein.   To the extent that the allegations of

28  Paragraph 27 purport to characterize a written document, Thomson SA denies that Plaintiff

accurately or completely interpreted, characterized, or stated the substance or context of the written document, and therefore denies those allegations.  Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentences one and two, except that Thomson SA admits that TDA was formerly known as Thomson Displays Americas LLC.  With regard to the third through sixth sentences, Thomson SA admits that Thomson Consumer transferred certain assets to TDA in 2005 as a capital contribution in connection with the sale of its CRT business to Videocon; despite diligent and ongoing searches for relevant records, however, Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations regarding the details of the transfer of assets and rights, and therefore denies the remaining allegations in those sentences.  Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentences seven and eight, and therefore denies them.  Thomson SA denies the allegations in sentence nine.  With regard to the allegations in the tenth sentence, Thomson SA admits that Brunk's employment with Thomson Consumer ended in July 2006, but lacks information sufficient to form a belief regarding with whom Brunk was employed after leaving Thomson Consumer and therefore denies that he transitioned to work for TDA.  Thomson SA further admits that Hanrahan's employment with Thomson Consumer ended in February 2012, but lacks information sufficient to form a belief regarding with whom Hanrahan was employed after leaving Thomson Consumer and therefore denies that he transitioned to work for TDA.  Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentence eleven.  Sentence twelve contains only a definitional allegation, to which no response is required and which Thomson SA therefore denies.  Thomson SA denies that any of the allegations in Paragraph 27 concerning Thomson Consumer's agreement with TDA support in any way Plaintiff's allegations that Thomson SA violated any laws.  Thomson Consumer denies any remaining allegations in Paragraph 27.

15.    To the extent that the allegations in Paragraph 82 relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.  To the extent that the allegations in Paragraph 82 relate to Thomson SA, Thomson SA denies these allegations.

16.    To the extent that the allegations in Paragraph 83 relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them, except that it admits that TCL Thomson was a joint venture formed between Thomson SA and TCL International Holdings Ltd.   Thomson SA ceased any ownership or interest in TCL Thomson in 2010. Thomson Consumer denies any remaining allegations in Paragraph 83.

17.    With regard to the allegations in Paragraphs 134 and 136 of Plaintiff's FAC, Thomson SA admits that the allegations quote parts of its Annual Reports, but denies any emphasis or alterations in the quoted text, denies that it admitted to any wrongdoing in its Annual Reports, and denies that Plaintiff has accurately or completely interpreted, characterized, or stated the substance or context of the quoted statements.   Thomson Consumer denies any remaining allegations in Paragraphs 134 and 136.

18.    With regard to the allegations in Paragraph 135 of Plaintiff's FAC, Thomson SA states that the use of the term "Thomson" renders these paragraphs vague and uncertain as to Thomson SA.   To the extent that the allegations purport to characterize written documents, Thomson SA denies that Plaintiff has accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies those allegations.   Thomson SA admits that the European Commission investigated CRT price-fixing and levied fines against various companies, including a fine of €38,631,000 million against Thomson SA in 2012 and that its fine was reduced due to Thomson SA's cooperation and inability to pay, but denies that any allegations, conduct, or cooperation in Europe support in any way Plaintiff's allegations that Thomson SA violated United States antitrust laws or that alleged conduct in Europe had any relation to the United States CRT market.   Thomson SA denies any and all remaining allegations in Paragraph 135.

19.    With regard to the allegations in Paragraph 137 of Plaintiff's FAC, Thomson SA states that any references to "Thomson" are vague and ambiguous and admits solely that it retained at least a de minimis ownership interest in Videocon between 2005 and the end of the allegedly Relevant Period and with regard to which Thomson SA incorporates by reference its responses to

AMENDED ANSWER OF THOMSON SA TO                     8                     No. 07-5944-SC; MDL No. 1917
INTERBOND CORPORATION OF AMERICA'S
FIRST AMENDED COMPLAINT

sentences six and ten of Paragraph 21.  To the extent that the remaining allegations relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.  To the extent that the remaining allegations relate to Thomson SA, Thomson SA denies these allegations.  To the extent that the allegations purport to characterize written documents and deposition testimony, Thomson SA denies that Plaintiff has accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies those allegations.  Thomson SA denies that it engaged in, or conspired with others to engage in, any violations of United States antitrust laws. Thomson SA further denies that the alleged actions of individuals in Paragraph 137 would, if proven, be imputable to Thomson SA and that they relate to the sale of CRTs in the United States.

20.     To the extent that the allegations in Paragraph 138 relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.  To the extent that the allegations in Paragraph 138 purport to characterize written documents and deposition testimony, Thomson SA denies that Plaintiff has accurately or completely interpreted, characterized, or stated the substance or context of the written documents and deposition testimony and therefore denies those allegations.  To the extent that the remaining allegations in Paragraph 138 relate to Thomson SA, Thomson SA denies these allegations.

21.     With regard to the allegations in Paragraph 139, Thomson SA states that the use of the term "Thomson" renders the allegations vague and uncertain as to Thomson SA.  To the extent that the allegations relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.  To the extent that the allegations purport to characterize written documents and deposition testimony, Thomson SA denies that Plaintiff has accurately or completely interpreted, characterized, or stated the substance or context of the written documents and deposition testimony and therefore denies those allegations.  To the extent that the allegations relate to Thomson SA, Thomson SA denies these allegations.

AMENDED ANSWER OF THOMSON SA TO                    9                    No. 07-5944-SC; MDL No. 1917
INTERBOND CORPORATION OF AMERICA'S
FIRST AMENDED COMPLAINT

22.     With regard to the allegations in Paragraph 141, Thomson SA states that the use of the term "Thomson" renders the allegations vague and uncertain as to Thomson SA.  To the extent that the allegations in Paragraph 141 relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.  With respect to the allegations contained in the sixth sentence, Thomson SA admits that Didier Trutt received and occupied a seat on Videocon's board until 2009, but denies the remaining allegations in the sixth sentence.  To the extent that the allegations in Paragraph 141 relate to Thomson SA, Thomson SA denies these allegations.   Thomson SA denies that any of the allegations in Paragraph 141 concerning Thomson SA's agreement with and continued interest in Videocon support in any way Plaintiff's allegations that Thomson SA violated any laws.

23.     With regard to the allegations in Paragraph 142, Thomson SA states that the use of the term "Thomson" renders the allegations vague and uncertain as to Thomson SA.  Thomson SA admits that Brunk's employment with Thomson Consumer ended in July 2006, but lacks information sufficient to form a belief regarding with whom Brunk was employed after leaving Thomson Consumer and therefore denies that he transitioned to work for TDA.  Thomson SA further admits that Hanrahan's employment with Thomson Consumer ended in February 2012, but lacks information sufficient to form a belief regarding with whom Hanrahan was employed after leaving Thomson Consumer and therefore denies that he transitioned to work for TDA.  Thomson SA denies that Brunk and Hanrahan attended conspiracy meetings on behalf of Thomson Consumer or Thomson SA.  To the extent that the remaining allegations relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.  To the extent that the remaining allegations relate to Thomson SA, Thomson SA denies these allegations.  Thomson SA denies that any of the allegations in Paragraph 142 concerning Thomson Consumer's agreement with TDA support in any way Plaintiff's allegations that Thomson SA violated any laws.

24.     With regard to the allegations in Paragraphs 182 and 192 of Plaintiff's FAC, Thomson SA states that the use of the term "Thomson" renders these paragraphs vague and uncertain as to Thomson SA and therefore denies such allegations to the extent not expressly

1  admitted herein.  Thomson SA admits that the European Commission opened an investigation but

2  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

3  allegations regarding the scope or timing of the investigations and therefore denies them.  Thomson

4  SA admits that the European Commission alleged that several companies, including Thomson SA,

5  engaged in anti-competitive conduct in Europe and levied a fine of €38,631,000 million against

6  Thomson SA in 2012, but denies that the European Commission's investigation or allegations in

7  Europe support in any way Plaintiff's allegations that Thomson SA violated any United States

8  antitrust laws or that alleged conduct in Europe had any relation to the United States CRT market.

9  Thomson Consumer denies any remaining allegations in Paragraphs 182 and 192.

10      25.     To the extent Paragraph 223 consists of legal contentions, no response is required.

11  To the extent that Paragraph 223 purports to characterize a written document, Thomson SA denies

12  that Plaintiff has accurately or completely interpreted, characterized, or stated the substance or

13  context of the written document and therefore denies the allegations in Paragraph 223.  Thomson

14  SA further states that any references to "Thomson" are vague and ambiguous and therefore denies

15  such allegations to the extent not expressly admitted herein.  Thomson SA further denies that it

16  participated in any conspiracy to violate antitrust laws or engaged in any efforts to conceal such a

17  conspiracy.  Thomson Consumer denies any remaining allegations in Paragraph 223.

18      26.     With regard to Paragraphs 234 and 241, Thomson SA incorporates by reference all

19  of the above responses and statements.

20      27.     With regard to Paragraphs 242 through 248, Thomson SA states that Plaintiffs'

21  Florida state-law claims have been dismissed and therefore no response is required.  To the extent a

22  response is required and the allegations in those paragraphs relate to persons or entities other than

23  Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief about their

24  truth and therefore denies them.  To the extent a response is required and the allegations relate to

25  Thomson SA, Thomson SA denies them.

26

27

28

1     **DEFENSES**

2     Without assuming any burden it would not otherwise bear, and reserving its right to amend

3 its Answer to assert additional defenses as they may become known during discovery, Thomson SA

4 asserts the following separate, additional and/or affirmative defenses:

5     **FIRST DEFENSE**

6     **(Failure to State a Claim)**

7     The FAC fails to state a claim upon which relief can be granted.

8     **SECOND DEFENSE**

9     **(Statute of Limitations)**

10     Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part,

11 by the applicable statutes of limitations.

12     **THIRD DEFENSE**

13     **(Failure to Plead Fraud with Particularity)**

14     The statutes of limitations are not tolled because Plaintiff has failed to plead fraudulent

15 concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

16     **FOURTH DEFENSE**

17     **(Failure to Plead Conspiracy with Particularity)**

18     Plaintiff's claims are barred in whole or part because the FAC fails to plead conspiracy with

19 particularity required under applicable law.

20     **FIFTH DEFENSE**

21     **(Withdrawal)**

22     Plaintiff's claims are barred, in whole or in part, by reason of Thomson SA's withdrawal

23 from or abandonment of any alleged conspiracy.

24     **SIXTH DEFENSE**

25     **(Claim Splitting and Election of Remedies)**

26     Plaintiff's claims are barred, in whole or in part, by reason of claim splitting and by the

27 doctrine of the election of remedies.

28

AMENDED ANSWER OF THOMSON SA TO       12       No. 07-5944-SC; MDL No. 1917
INTERBOND CORPORATION OF AMERICA'S
FIRST AMENDED COMPLAINT

## SEVENTH DEFENSE

### (Laches)

Plaintiff's claims are barred, in whole or in part, under the doctrine of laches.

## EIGHTH DEFENSE

### (Estoppel, Waiver, or Unclean Hands)

Plaintiff's claims are barred, in whole or in part, under the doctrines of estoppel, waiver, and/or unclean hands.

## NINTH DEFENSE

### (Reasonable Justification)

Plaintiff's claims are barred, in whole or in part, because all of the actions of Thomson SA being challenged by Plaintiff were lawful, justified, procompetitive, constitute bona fide business competition, and were carried out in furtherance of Thomson SA's legitimate business interests.

## TENTH DEFENSE

### (Acquiescence)

Plaintiff's claims are barred, in whole or in part, by reason of Plaintiff's acquiescence to the conduct of Thomson SA.

## ELEVENTH DEFENSE

### (Accord and Satisfaction, Release and Settlement)

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, release and settlement.

## TWELFTH DEFENSE

### (Government Privilege/Non-actionable)

Plaintiff's claims are barred, in whole or in part, because the conduct of Thomson SA alleged in the FAC was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and as such is non-actionable or privileged.

1

## THIRTEENTH DEFENSE

2

### (Lack of Standing)

3      Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring the

4 claims asserted in the FAC.

5

## FOURTEENTH DEFENSE

6

### (Ultra Vires)

7      Plaintiff's claims are barred, in whole or in part, because, to the extent that any employee or

8 agent of Thomson SA engaged in any unlawful act or omission, any such act or omission would

9 have been committed by individuals acting ultra vires.

10

## FIFTEENTH DEFENSE

11

### (Intervening Causes)

12      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if any,

13 stemmed from intervening or superseding causes.

14

## SIXTEENTH DEFENSE

15

### (Lack of Antitrust Injury)

16      Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered an

17 antitrust injury.

18

## SEVENTEENTH DEFENSE

19

### (No Act of Thomson SA)

20      Plaintiff's claims are barred, in whole or in part, because Plaintiff has not been injured in

21 their business or property by reason of any action of Thomson SA.

22

## EIGHTEENTH DEFENSE

23

### (Speculative Damages)

24      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any,

25 are speculative and because of the impossibility of the ascertainment and allocation of such alleged

26 damages.

27

28

## NINETEENTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims are barred from recovery of damages, in whole or in part, because of and to the extent of Plaintiff's failure to mitigate damages.

## TWENTIETH DEFENSE

### (Pass Through)

Plaintiff's claims for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to Plaintiff.

## TWENTY-FIRST DEFENSE

### (Available Remedy at Law)

Plaintiff's claims or causes of action for injunction or other equitable relief are barred, in whole or in part, because Plaintiff has available an adequate remedy at law.

## TWENTY-SECOND DEFENSE

### (Lack of Standing for Prospective Relief)

Plaintiff's claims or causes of action are barred, in whole or in part, because Plaintiff seeks to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

## TWENTY-THIRD DEFENSE

### (Vagueness)

Plaintiff's claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous or unintelligible. Plaintiff does not describe the events or legal theories with sufficient particularity to permit Thomson SA to ascertain what other defenses may exist.

## TWENTY-FOURTH DEFENSE

### (Unjust Enrichment)

Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if they were allowed to recover any part of the damages alleged in the FAC.

## TWENTY-FIFTH DEFENSE

### (Restitution)

Plaintiff's claims are barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to Plaintiff would be excessive and punitive, and disproportionate to any alleged injury suffered by Plaintiff.

## TWENTY-SIXTH DEFENSE

### (Comparative Fault)

Plaintiff's claims are barred, in whole or in part, to the extent the injuries alleged in the FAC were directly and proximately caused by or contributed to by the statements, acts, or omissions of Plaintiff or third persons or entities unaffiliated with Thomson SA.

## TWENTY-SEVENTH DEFENSE

### (Res Judicata or Collateral Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata or collateral estoppel.

## TWENTY-EIGHTH DEFENSE

### (Foreign Trade Antitrust Improvements Act)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## TWENTY-NINTH DEFENSE

### (Foreign Sales)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to recover damages, if any, based on sales outside of the United States.

## THIRTIETH DEFENSE

### (Improper Joinder)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and do not involve questions of law or fact common to all defendants.

## THIRTY-FIRST DEFENSE

### (Failure to Exhaust Remedies)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust all remedies against the parties with whom Plaintiff is in privity.

## THIRTY-SECOND DEFENSE

### (No Multiple Recoveries)

Plaintiff's claims are barred, in whole or in part, to the extent it would result in Thomson SA paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Thomson SA by applicable states' laws and the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

## THIRTY-THIRD DEFENSE

### (Voluntary Payment Doctrine)

Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine, under which Plaintiff is not entitled to recover payments made with full knowledge of the facts.

## THIRTY-FOURTH DEFENSE

### (Set Off)

Without admitting that Plaintiff is entitled to recover damages from Thomson SA in this matter, Thomson SA is entitled to set off from any recovery Plaintiff obtains against Thomson SA any amount paid to under settlements with other defendants in this or related matters.

## THIRTY-FIFTH DEFENSE

### (Privilege)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of Thomson SA was justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

## THIRTY-SIXTH DEFENSE

### (Noerr-Pennington Doctrine)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrine of Noerr-Pennington.

## THIRTY-SEVENTH DEFENSE

### (Forum Non Conveniens)

The FAC should be dismissed on the grounds of forum non conveniens to the extent the claims are governed by the laws of foreign states.

## THIRTY-EIGHTH DEFENSE

### (Improper Venue)

Plaintiff's claims are barred, in whole or in part, because venue does not lie in this Court.

## THIRTY-NINTH DEFENSE

### (Improper Forum/Arbitration)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has agreed to arbitration or chose a different forum for the resolution of their claims.

## FORTIETH DEFENSE

### (Intervening Conduct)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of the Thomson SA or were caused, if at all, solely and proximately by the conduct of third parties, including, without limitations, the prior, intervening or superseding conduct of such third parties.

## FORTY-FIRST DEFENSE

### (Lack of Subject Matter Jurisdiction)

This Court lacks subject-matter jurisdiction over Plaintiff's claims pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act, and because the conduct alleged to

provide a basis for Plaintiff's claims did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States.

### FORTY-SECOND DEFENSE

#### (Indispensable Parties)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

### FORTY-THIRD DEFENSE

#### (Incorporation of Defenses of Others)

Thomson SA adopts by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

### FORTY-FOURTH DEFENSE

#### (Reservation of Other Defenses)

Thomson SA reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

### THOMSON SA'S PRAYER FOR RELIEF

WHEREFORE, Thomson SA prays for judgment as follows:

1.     That Plaintiff take nothing by reason of the FAC, and that the action be dismissed with prejudice,

2.     That the Court enter judgment in favor of Thomson SA and against Plaintiff with respect to all causes of action in the FAC,

3.     That the Court award Thomson SA its attorneys' fees and other costs reasonably incurred in the defense of this action, and

4.     That the Court award Thomson SA such other further relief as the Court may deem just and proper.

1    Dated:  January __, 2015                    Respectfully submitted,

2

3                                               /s/ Kathy L. Osborn
                                               Kathy L. Osborn (*pro hac vice*)
4                                               Ryan M. Hurley (*pro hac vice*)
                                               Faegre Baker Daniels LLP
5                                               300 N. Meridian Street, Suite 2700
                                               Indianapolis, IN  46204
6                                               Telephone: +1 317-237-0300
                                               Facsimile: +1 317-237-1000
7                                               kathy.osborn@FaegreBD.com
                                               ryan.hurley@FaegreBD.com
8
                                               Jeffrey S. Roberts (*pro hac vice*)
9                                               Faegre Baker Daniels LLP
                                               3200 Wells Fargo Center
10                                              1700 Lincoln Street
                                               Denver, CO  80203
11                                              Telephone: +1 303-607-3500
                                               Facsimile:  +1 303-607-3600
12                                              jeff.roberts@FaegreBD.com

13                                              Stephen M. Judge (*pro hac vice*)
                                               Faegre Baker Daniels LLP
14                                              202 S. Michigan Street, Suite 1400
                                               South Bend, IN  46601
15                                              Telephone: +1 574-234-4149
                                               Facsimile:  +1 574-239-1900
16                                              steve.judge@FaegreBd.com

17                                              Calvin L. Litsey (SBN 289659)
                                               Faegre Baker Daniels LLP
18                                              1950 University Avenue, Suite 450
                                               East Palo Alto, CA  94303-2279
19                                              Telephone: +1 650 324-6700
                                               Facsimile: +1 650 324-6701
20                                              calvin.litsey@FaegreBD.com

21                                              ***Attorneys for Defendant Thomson SA***

22

23

24

25

26

27

28
     AMENDED ANSWER OF THOMSON SA TO              20              No. 07-5944-SC; MDL No. 1917
     INTERBOND CORPORATION OF AMERICA'S
     FIRST AMENDED COMPLAINT