# EXHIBIT 7

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendant Thomson SA*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-5944-SC MDL No. 1917 |
| This Document Relates to: | **AMENDED ANSWER OF THOMSON SA TO COSTCO WHOLESALE CORPORATION'S COMPLAINT** |
| *Costco Wholesale Corporation v. Technicolor SA, et al., No. 13-cv-05723* | |

Defendant Technicolor SA, f/k/a Thomson SA ("Thomson SA"), by and through its undersigned counsel of record, answers Costco Wholesale Corporation's ("Plaintiff") Complaint and alleges additional or affirmative defenses as follows.  Thomson SA denies each and every allegation in the Complaint's section headings and in all portions of the Complaint not contained in numbered paragraphs.  To the extent that the Complaint's allegations concern persons or entities other than Thomson SA, Thomson SA denies that such allegations support any claim for relief against Thomson SA.  Thomson SA denies any allegations not explicitly admitted herein.

1.      Thomson SA denies the allegations in Paragraphs 13, 14, 15, 28, 34, 106, and 151 of Plaintiff's Complaint.  To the extent these paragraphs consist of definitional allegations, no response is required and Thomson SA therefore denies them.

2.      To the extent that the allegations in Paragraphs 1, 5 through 8, 11, 16, 17, 18, 21, 23, 24, 35, 90 through 95, 103, 104, 105, 107 through 109, 111 through 141, 148, 178, 182, 183, 185, 186, 187, 199, 210, 214, 215 through 228, 230 through 233, 235 through  239, and 241 through 246 of Plaintiff's Complaint relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.  To the extent the allegations in those paragraphs relate to Thomson SA, Thomson SA denies them unless expressly admitted below.  Further, Thomson SA denies that it manufactured CRTs or CRT Products, but admits that Thomson Consumer manufactured CPTs and CPT Products.  Thomson SA admits on information and belief that other companies alleged to be conspirators in the Complaint have manufactured CPTs and CDTs, but denies that Thomson SA engaged in any conspiracy.  To the extent the allegations in those paragraphs purport to define markets or market activity which require expert opinion and testimony, Thomson SA denies them.  To the extent the allegations in those paragraphs are definitional allegations, no response is required and Thomson SA therefore denies these allegations.

3.      Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 19, 20, 22, 31 through 33, 36 through 86, 89, 97, 101, 102, 110, 152 through 173, 201 through 204, 207, and 212, of Plaintiff's Complaint and therefore denies them.

4.     To the extent that the allegations in Paragraphs 10, 174 through 177, 179, 180, 181, 184, 189 through 197, 200, 205, 206, 208, 209, 211, 213, and 234 of Plaintiff's Complaint purport to characterize written documents, Thomson SA denies that Plaintiff has accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies these allegations.  To the extent those paragraphs contain allegations that relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.  To the extent those paragraphs contain additional allegations that relate to Thomson SA, Thomson SA denies them unless expressly admitted below. To the extent the allegations in those paragraphs purport to define markets or market activity which require expert opinion and testimony, Thomson SA denies them.

5.     Thomson SA admits that the allegations in Paragraphs 96, 98, 99, and 100 purport to contain descriptions of CRT technology and history.  Thomson SA denies that these allegations completely and accurately describe all variants of CRT technology and therefore denies them.  To the extent the allegations in those paragraphs purport to define markets or market activity which require expert opinion and testimony, Thomson SA denies them.

6.     With regard to the allegations in Paragraph 2 of Plaintiff's Complaint, Thomson SA admits that the allegations quote parts of its 2011 and 2012 Annual Reports, but denies any emphasis or alterations in the quoted text and denies that it admitted to any wrongdoing in its Annual Reports.  Thomson SA also admits that the European Commission levied a fine of €38,631,000 million against it in 2012, but denies that the European Commission's investigation or allegations involved any violation of United States antitrust laws or had any relation to the United States CRT market.  Thomson SA denies any remaining allegations in Paragraph 2.

7.     With regard to the allegations in Paragraphs 3 and 4 of Plaintiffs' Complaint, Thomson SA denies that it manufactured CRTs or CRT Products, but admits that Thomson Consumer manufactured CPTs and CPT Products.  Thomson SA admits on information and belief that other companies alleged to be conspirators in the Complaint have manufactured CPTs and CDTs, but denies that Thomson SA engaged in any conspiracy.  Thomson SA denies that it controlled the "majority of the CRT industry" during the relevant period.  Thomson SA lacks

knowledge or information sufficient to form a belief about the truth of the other allegations in Paragraphs 3 and 4 and therefore denies them.  To the extent the allegations in Paragraphs 3 and 4 are definitional allegations, no response is required and Thomson SA therefore denies these allegations.

8.      With regard to the allegations in Paragraph 9 of Plaintiff's Complaint, Thomson SA admits that European, Mexican and Brazilian authorities have investigated Thomson SA, but denies that those investigations have any relation to the United States CRT market or have alleged or found violations of United States antitrust laws.  Thomson SA further admits that Thomson Consumer was subpoenaed by the Department of Justice, but states that Thomson Consumer has not been subjected to any criminal enforcement actions in the United States or ever entered into a plea agreement with the Department of Justice.  Thomson SA is aware that several individuals, including C.Y. Lin, have been indicted for violations of antitrust laws, but denies that it participated in any price-fixing conspiracy with these individuals, or that the actions of those individuals had any relation to the allegations concerning Thomson Consumer's activities in the United States CPT market.  Thomson SA denies any remaining allegations in Paragraph 9.

9.      With regard to the allegations in Paragraph 12 of Plaintiff's Complaint, Thomson SA admits that this case is properly related and consolidated with MDL No. 1917, but denies that it participated in any conspiracy or engaged in any unlawful conduct in violation of federal and state antitrust laws and denies that the MDL court has jurisdiction over Thomson SA.  Thomson SA denies any remaining allegations in Paragraph 12.

10.      With regard to the first three sentences of Paragraph 25, Thomson SA admits that it is a French corporation with its principal place of business located at 1-5 Rue Jeanne d'Arc, 92130 Issy-les-Moulineaux, France, but denies that Thomson SA ever manufactured, marketed, sold, or distributed CRT products to customers in the United States and denies the remaining allegations in the first three sentences.  Thomson SA denies the allegations in the fourth sentence.  To the extent that the allegations in the fifth through tenth sentences purport to characterize a written document, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context of the written document, and therefore denies those allegations except as

1  expressly admitted herein.  With regard to the fifth sentence, Thomson SA admits that it sold its

2  CRT business to Videocon Industries, Ltd. in 2005 for €240 million.  With regard to the sixth

3  sentence, Thomson SA admits that it invested €240 million in Videocon Industries, Ltd. in 2005 in

4  exchange for 28,867,200 shares of stock, but denies that the investment was "simultaneous" and

5  denies the remainder of the allegations in that sentence.  Thomson SA states that the seventh

6  sentence is vague and ambiguous with respect to "help," "run the CRT business," and "transition

7  period," and therefore denies the allegations in that sentence.  Thomson SA lacks information or

8  belief sufficient to form a belief about the truth of the allegations in the eighth sentence, despite

9  diligent efforts to locate relevant documents, and therefore denies these allegations.  Further,

10  Thomson SA states that the references to "Thomson" in the seventh and eighth sentences of

11  Paragraph 25 are vague and ambiguous, and therefore denies the allegations in those sentences to

12  the extent not expressly admitted herein.  With regard to the ninth sentence, Thomson SA admits

13  that Section 3.1 of the Shareholders' Agreement between Thomson SA and Videocon provided that

14  "One member of the Board of Directors shall be nominated by Thomson," and admits that a

15  Thomson SA employee held a seat on the Videocon Board of Directors until 2009.  With regard to

16  the tenth sentence, Thomson SA admits that it was a minority shareholder in Videocon affiliated

17  entities from July 2005 through the end of the Relevant Period, but otherwise denies that Plaintiffs'

18  allegations completely and accurately describe Thomson SA's stock ownership in Videocon

19  affiliated entities during that time period.  Thomson SA denies that its ownership interest in

20  Videocon at any point during the allegedly Relevant Period is legally significant in relation to the

21  claims alleged in the Complaint.  Thomson SA admits that it changed its name to Technicolor SA

22  on or about January 2010.  Thomson SA denies the allegations in the twelfth sentence of Paragraph

23  25.  Except as specifically admitted herein, Thomson SA denies the remaining allegations of

24  Paragraph 25 in their entirety.

25          11.     With regard to the first four sentences of Paragraph 26, Thomson SA admits that

26  Thomson Consumer Electronics, Inc., is now known as Technicolor USA, Inc., and that it is a

27  Delaware corporation with its principal place of business located at 1033 N. Meridian Street,

28  Indianapolis, Indiana 47290-1024.  Thomson SA admits that Thomson Consumer is wholly owned

by Thomson SA, admits that Thomson Consumer had manufacturing plants in Scranton, Pennsylvania and Marion, Indiana during portions of the Relevant Period, but denies that Thomson Consumer directly owned CRT manufacturing plants in Mexicali, Mexico.  Thomson SA admits that Thomson Consumer sold CPTs for use in CRT televisions to television manufacturers in North America during the portions of the Relevant Period, but denies the remaining allegations in the first through fourth sentences.  To the extent that the allegations in sentences five through ten purport to characterize a written document, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context of the written document, and therefore denies those allegations except as expressly admitted herein.  With regard to the fifth sentence, Thomson SA admits that Thomson Consumer's CRT business was sold to Videocon Industries, Ltd. in 2005.  With regard to the allegation in the sixth through tenth sentences, Thomson SA incorporates by reference its responses to the identical allegations in Paragraph 25.  Thomson SA states that the eleventh sentence is vague in regards to timeframe and denies the allegations in that sentence, except that it admits that Thomson Displays America LLC was wholly owned by Thomson Consumer before it was transferred to Videocon in July 2005.  With regard to the twelfth sentence, Thomson SA admits that Thomson Consumer changed its name to Technicolor USA, Inc. in or about June 2010.  With regard to the thirteenth sentence, Thomson SA admits that prior to the sale of its CRT business in 2005, Thomson Consumer manufactured, marketed, sold, or distributed CPT Products in the United States, but otherwise denies the allegations in that sentence.  Thomson SA denies the remaining allegations of Paragraph 26 in their entirety.

12.     With regard to the allegations in Paragraph 27, to the extent these allegations state legal contentions, no response is required.  With regard to the allegations in sentence one, Thomson SA admits that it had sufficient minimum contacts with the United States during the Relevant Period to be subject to specific personal jurisdiction in the United States with respect to this action only.  Thomson SA denies the allegations in sentences two through eight in their entirety.  To the extent that the allegations in sentences nine through fourteen purport to characterize written documents, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies those allegations.

1    Thomson Consumer admits that the employees listed in sentences twelve and thirteen worked for

2    Thomson SA and/or Thomson Consumer during the Relevant Period, but denies that the

3    characterizations of employee titles, roles, and employment dates are accurate or complete and

4    therefore denies these allegations.  Thomson SA further denies the allegations contained in sentence

5    fourteen because the term "stationed" is ambiguous and the allegations are vague as to time.

6    Thomson SA denies any remaining allegations in Paragraph 27.

7        13.    With regard to the allegations in Paragraph 29 of Plaintiffs' Complaint, Thomson SA

8    states that any references to "Thomson" are vague and ambiguous and therefore denies such

9    allegations to the extent not expressly admitted herein.   To the extent that the allegations of

10    Paragraph 29 purport to characterize a written document, Thomson SA denies that Plaintiffs

11    accurately or completely interpreted, characterized, or stated the substance or context of the written

12    document, and therefore denies those allegations.  Thomson SA lacks knowledge or information

13    sufficient to form a belief as to the truth of the allegations contained in the first sentence and

14    therefore denies them.  Thomson SA admits the allegations contained in the second and third

15    sentences of Paragraph 29.  With regard to the fourth through eighth sentences, Thomson SA

16    incorporates by reference its responses to the substantially identical allegations in sentences six

17    through ten of Paragraph 25.  In response to the ninth sentence, Thomson SA states that pursuant to

18    a September 30, 2005 Addendum to Share Purchase Agreement between Eagle Corporation and

19    Thomson SA, the purchase price paid by Eagle Corporation was allocated in part "for the interest in

20    Thomson Displays Americas LLC" and "for the shares of Mexicana," among other allocations.

21    Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the

22    allegations in sentences ten and eleven, and therefore denies these allegations.  Thomson SA denies

23    that any of the allegations in Paragraph 29 concerning Thomson SA's agreement with and

24    continued interest in Videocon support in any way Plaintiffs' allegations that Thomson SA violated

25    any laws.  Thomson SA denies any remaining allegations in Paragraph 29.

26        14.    With regard to the allegations in Paragraph 30 of Plaintiffs' Complaint, Thomson SA

27    states that any references to "Thomson" are vague and ambiguous and therefore denies such

28    allegations to the extent not expressly admitted herein.   To the extent that the allegations of

1   Paragraph 30 purport to characterize a written document, Thomson SA denies that Plaintiffs

2   accurately or completely interpreted, characterized, or stated the substance or context of the written

3   document, and therefore denies those allegations.   Thomson SA lacks knowledge or information

4   sufficient to form a belief about the truth of the allegations in sentences one and two, except that

5   Thomson SA admits that TDA was formerly known as Thomson Displays Americas LLC.   With

6   regard to the third through sixth sentences, Thomson SA admits that Thomson Consumer

7   transferred certain assets to TDA as a capital contribution in 2005 in connection with the sale of its

8   CRT business to Videocon; despite diligent and ongoing searches for relevant records, however,

9   Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the

10  remaining allegations regarding the details of the transfer of assets and rights, and therefore denies

11  the remaining allegations in those sentences.   Thomson SA lacks knowledge or information

12  sufficient to form a belief about the truth of the allegations in sentences seven and eight, and

13  therefore denies them.   Thomson SA denies the allegations in sentence nine.   With regard to the

14  allegations in the tenth sentence, Thomson SA admits that Brunk's employment with Thomson

15  Consumer ended in July 2006, but lacks information sufficient to form a belief regarding with

16  whom Brunk was employed after leaving Thomson Consumer and therefore denies that he

17  transitioned to work for TDA.   Thomson SA further admits that Hanrahan's employment with

18  Thomson Consumer ended in February 2012, but lacks information sufficient to form a belief

19  regarding with whom Hanrahan was employed after leaving Thomson Consumer and therefore

20  denies that he transitioned to work for TDA.   Thomson SA lacks knowledge or information

21  sufficient to form a belief about the truth of the allegations in sentence eleven.   Sentence twelve

22  contains only a definitional allegation, to which no response is required and which Thomson SA

23  therefore denies.   Thomson SA denies that any of the allegations in Paragraph 30 concerning

24  Thomson Consumer's agreement with TDA support in any way Plaintiffs' allegations that Thomson

25  SA violated any laws.   Thomson SA denies any remaining allegations in Paragraph 30.

26      15.   To the extent that the allegations in Paragraph 87 relate to persons or entities other

27  than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to

28  their truth and therefore denies them.   To the extent that the allegations in Paragraph 87 relate to

1   Thomson SA, Thomson SA denies these allegations.   Thomson SA denies any remaining

2   allegations in Paragraph 87.

3        16.    To the extent that the allegations in Paragraph 88 relate to persons or entities other

4   than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to

5   their truth and therefore denies them, except that it admits that TCL Thomson was a joint venture

6   formed between Thomson SA and TCL International Holdings Ltd.   Thomson SA ceased any

7   ownership or interest in TCL Thomson in 2010.   Thomson SA denies any remaining allegations in

8   Paragraph 88.

9        17.    With regard to the allegations in Paragraphs 142 and 144 of Plaintiff's Complaint,

10  Thomson SA admits that the allegations quote parts of its Annual Reports, but denies any emphasis

11  or alterations in the quoted text, denies that it admitted to any wrongdoing in its Annual Reports,

12  and denies that Plaintiff has accurately or completely interpreted, characterized, or stated the

13  substance or context of the quoted statements.   Thomson SA denies any remaining allegations in

14  Paragraphs 142 and 144.

15       18.    With regard to the allegations in Paragraph 143 of Plaintiff's Complaint, Thomson

16  SA states that the use of the term "Thomson" renders these paragraphs vague and uncertain as to

17  Thomson SA.   To the extent that the allegations purport to characterize written documents,

18  Thomson SA denies that Plaintiff has accurately or completely interpreted, characterized, or stated

19  the substance or context of the written documents and therefore denies those allegations.   Thomson

20  SA admits that the European Commission investigated CRT price-fixing and levied fines against

21  various companies, including a fine of €38,631,000 million against Thomson SA in 2012 and that

22  its fine was reduced due to Thomson SA's cooperation and inability to pay, but denies that any

23  allegations, conduct, or cooperation in Europe support in any way Plaintiff's allegations that

24  Thomson SA violated United States antitrust laws or that alleged conduct in Europe had any

25  relation to the United States CRT market.   Thomson SA denies any and all remaining allegations in

26  Paragraph 143.

27       19.    With regard to the allegations in Paragraph 145 of Plaintiff's Complaint, Thomson

28  SA states that any references to "Thomson" are vague and ambiguous and admits solely that it

1    retained at least a de minimis ownership interest in Videocon between 2005 and the end of the

2    allegedly Relevant Period and with regard to which Thomson SA incorporates by reference its

3    responses to sentences six and ten of Paragraph 25.  Thomson SA denies that it participated in the

4    alleged conspiracy, and denies that any of the allegations in Paragraph 145 concerning Thomson

5    SA's agreement with and continued interest in Videocon support in any way Plaintiffs' allegations

6    that Thomson SA violated any laws.  To the extent that the remaining allegations relate to persons

7    or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form

8    a belief as to their truth and therefore denies them.  To the extent that the remaining allegations

9    relate to Thomson SA, Thomson SA denies these allegations.  To the extent that the allegations

10   purport to characterize written documents and deposition testimony, Thomson SA denies that

11   Plaintiff has accurately or completely interpreted, characterized, or stated the substance or context

12   of the written documents and therefore denies those allegations.  Thomson SA denies that it

13   engaged in, or conspired with others to engage in, any violations of United States antitrust laws.

14   Thomson SA further denies that the alleged actions of individuals in Paragraph 145 would, if

15   proven, be imputable to Thomson SA and that they relate to the sale of CRTs in the United States.

16        20.     To the extent that the allegations in Paragraph 146 relate to persons or entities other

17   than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to

18   their truth and therefore denies them.  To the extent that the allegations in Paragraph 146 purport to

19   characterize written documents and deposition testimony, Thomson SA denies that Plaintiff has

20   accurately or completely interpreted, characterized, or stated the substance or context of the written

21   documents and deposition testimony and therefore denies those allegations.  To the extent that the

22   remaining allegations in Paragraph 146 relate to Thomson SA, Thomson SA denies these

23   allegations.

24        21.     With regard to the allegations in Paragraph 147, Thomson SA states that the use of

25   the term "Thomson" renders the allegations vague and uncertain as to Thomson SA.  To the extent

26   that the allegations relate to persons or entities other than Thomson SA, Thomson SA lacks

27   knowledge or information sufficient to form a belief as to their truth and therefore denies them.  To

28   the extent that the allegations purport to characterize written documents and deposition testimony,

1    Thomson SA denies that Plaintiff has accurately or completely interpreted, characterized, or stated

2    the substance or context of the written documents and deposition testimony and therefore denies

3    those allegations.  To the extent that the allegations relate to Thomson SA, Thomson SA denies

4    these allegations.

5    22.    With regard to the allegations in Paragraph 149, Thomson SA states that the use of

6    the term "Thomson" renders the allegations vague and uncertain as to Thomson SA.  To the extent

7    that the allegations relate to persons or entities other than Thomson SA, Thomson SA lacks

8    knowledge or information sufficient to form a belief as to their truth and therefore denies them.

9    With respect to the allegations contained in the sixth sentence, Thomson SA admits that Didier

10   Trutt received and occupied a seat on Videocon's board until 2009, but denies the remaining

11   allegations in the sixth sentence.  To the extent that the allegations in Paragraph 149 relate to

12   Thomson SA, Thomson SA denies these allegations.  Thomson SA denies that any of the

13   allegations in Paragraph 149 concerning Thomson SA's agreement with and continued interest in

14   Videocon support in any way Plaintiff's allegations that Thomson SA violated any laws.  Thomson

15   SA denies any remaining allegations in Paragraph 149.

16   23.    With regard to the allegations in Paragraph 150, Thomson SA states that the use of

17   the term "Thomson" renders the allegations vague and uncertain as to Thomson SA.  Thomson SA

18   admits that Brunk's employment with Thomson Consumer ended in July 2006, but lacks

19   information sufficient to form a belief regarding with whom Brunk was employed after leaving

20   Thomson Consumer and therefore denies that he transitioned to work for TDA.  Thomson SA

21   further admits that Hanrahan's employment with Thomson Consumer ended in February 2012, but

22   lacks information sufficient to form a belief regarding with whom Hanrahan was employed after

23   leaving Thomson Consumer and therefore denies that he transitioned to work for TDA.  Thomson

24   SA denies that Brunk and Hanrahan attended conspiracy meetings on behalf of Thomson Consumer

25   or Thomson SA.  To the extent that the remaining allegations relate to persons or entities other than

26   Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their

27   truth and therefore denies them.  To the extent that the remaining allegations relate to Thomson SA,

28   Thomson SA denies these allegations.  Thomson SA denies that any of the allegations in Paragraph

1   150 concerning Thomson Consumer's agreement with TDA support in any way Plaintiffs'

2   allegations that Thomson SA violated any laws.

3       24.    With regard to the allegations in Paragraphs 188 and 198 of Plaintiffs' Complaint,

4   Thomson SA states that the use of the term "Thomson" renders these paragraphs vague and

5   uncertain as to Thomson SA and therefore denies such allegations to the extent not expressly

6   admitted herein.  Thomson SA admits that the European Commission opened an investigation but

7   lacks knowledge of information sufficient to form a belief as to the truth of the remaining

8   allegations regarding the scope or timing of the investigations and therefore denies them.  Thomson

9   SA admits that the European Commission alleged that several companies, including Thomson SA,

10  engaged in anticompetitive conduct in Europe and levied a fine of €38,631,000 million against

11  Thomson SA in 2012, but denies that the European Commission's investigation or allegations in

12  Europe support in any way Plaintiffs' allegations that Thomson SA violated any United States

13  antitrust laws or that alleged conduct in Europe had any relation to the United States CRT market.

14  Thomson SA denies any remaining allegations in Paragraphs 188 and 198.

15      25.    To the extent Paragraph 229 consists of legal contentions, no response is required.

16  To the extent that Paragraph 229 purports to characterize a written document, Thomson SA denies

17  that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context

18  of the written document and therefore denies the allegations in Paragraph 229.  Thomson SA further

19  states that any references to "Thomson" are vague and ambiguous and therefore denies such

20  allegations to the extent not expressly admitted herein.   Thomson SA further denies that it

21  participated in any conspiracy to violate antitrust laws or engaged in any efforts to conceal such a

22  conspiracy.  Thomson SA denies any remaining allegations in Paragraph 229.

23      26.    With regard to Paragraphs 240, 247, 257, 265, 269, 273, and 280 Thomson SA

24  incorporates by reference all of the preceding responses and statements.

25      27.    With regard to Paragraphs 247 through 256, 258 through 264, 266 through 268, 270

26  through 272, 274 through 279, and 282 through 286, Thomson SA states that Plaintiffs' California,

27  Washington, Arizona, Florida, and Illinois state-law claims have been dismissed and therefore no

28  response is required.  To the extent a response is required and the allegations in those paragraphs

relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.  To the extent a response is required and the allegations relate to Thomson SA, Thomson SA denies them.

## DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Thomson SA asserts the following separate, additional and/or affirmative defenses:

### FIRST DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

### (Statute of Limitations)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

### (Failure to Plead Fraud With Particularity)

The statutes of limitations are not tolled because Plaintiff has failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### FOURTH DEFENSE

### (Failure to Plead Conspiracy With Particularity)

Plaintiff's claims are barred in whole or part because the Complaint fails to plead conspiracy with particularity required under applicable law.

### FIFTH DEFENSE

### (Withdrawal)

Plaintiff's claims are barred, in whole or in part, by reason of Thomson SA's withdrawal from or abandonment of any alleged conspiracy.

## SIXTH DEFENSE

### (Claim Splitting and Election of Remedies)

Plaintiff's claims are barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies.

## SEVENTH DEFENSE

### (Laches)

Plaintiff's claims are barred, in whole or in part, under the doctrine of laches.

## EIGHTH DEFENSE

### (Estoppel, Waiver, or Unclean Hands)

Plaintiff's claims are barred, in whole or in part, under the doctrines of estoppel, waiver, and/or unclean hands.

## NINTH DEFENSE

### (Reasonable Justification)

Plaintiff's claims are barred, in whole or in part, because all of the actions of Thomson SA being challenged by Plaintiff were lawful, justified, procompetitive, constitute bona fide business competition, and were carried out in furtherance of Thomson SA's legitimate business interests.

## TENTH DEFENSE

### (Acquiescence)

Plaintiff's claims are barred, in whole or in part, by reason of Plaintiff's acquiescence to the conduct of Thomson SA.

## ELEVENTH DEFENSE

### (Accord and Satisfaction, Release and Settlement)

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, and release and settlement.

## TWELFTH DEFENSE

### (Government Privilege/Non-Actionable)

Plaintiff's claims are barred, in whole or in part, because the conduct of Thomson SA alleged in the Complaint was caused by, due to, based upon, or in response to directives, laws,

1  regulations, policies, and/or acts of governments, governmental agencies and entities, and/or

2  regulatory agencies, and as such is non-actionable or privileged.

### THIRTEENTH DEFENSE

### (Lack of Standing)

5  Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring the

6  claims asserted in the Complaint.

### FOURTEENTH DEFENSE

### (Ultra Vires)

9  Plaintiff's claims are barred, in whole or in part, because, to the extent that any employee or

10  agent of Thomson SA engaged in any unlawful act or omission, any such act or omission would

11  have been committed by individuals acting ultra vires.

### FIFTEENTH DEFENSE

### (Intervening Causes)

14  Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if any,

15  stemmed from intervening or superseding causes.

### SIXTEENTH DEFENSE

### (Lack of Antitrust Injury)

18  Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered an

19  antitrust injury.

### SEVENTEENTH DEFENSE

### (No Act of Thomson SA)

22  Plaintiff's claims are barred, in whole or in part, because Plaintiff has not been injured in

23  their business or property by reason of any action of Thomson SA.

### EIGHTEENTH DEFENSE

### (Speculative Damages)

26  Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any,

27  are speculative and because of the impossibility of the ascertainment and allocation of such alleged

28  damages.

## NINETEENTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims are barred from recovery of damages, in whole or in part, because of and to the extent of Plaintiff's failure to mitigate damages.

## TWENTIETH DEFENSE

### (Pass Through)

Plaintiff's claims for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to Plaintiff.

## TWENTY-FIRST DEFENSE

### (Available Remedy at Law)

Plaintiff's claims or causes of action for injunction or other equitable relief are barred, in whole or in part, because Plaintiff has available an adequate remedy at law.

## TWENTY-SECOND DEFENSE

### (Lack of Standing for Prospective Relief)

Plaintiff's claims or causes of action are barred, in whole or in part, because Plaintiff seeks to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

## TWENTY-THIRD DEFENSE

### (Vagueness)

Plaintiff's claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous or unintelligible. Plaintiff does not describe the events or legal theories with sufficient particularity to permit Thomson SA to ascertain what other defenses may exist.

## TWENTY-FOURTH DEFENSE

### (Unjust Enrichment)

Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.

### TWENTY-FIFTH DEFENSE

#### (Restitution)

Plaintiff's claims are barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to Plaintiff would be excessive and punitive, and disproportionate to any alleged injury suffered by Plaintiff.

### TWENTY-SIXTH DEFENSE

#### (Comparative Fault)

Plaintiff's claims are barred, in whole or in part, to the extent the injuries alleged in the Complaint were directly and proximately caused by or contributed to by the statements, acts, or omissions of Plaintiff or third persons or entities unaffiliated with Thomson SA.

### TWENTY-SEVENTH DEFENSE

#### (Res Judicata or Collateral Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata or collateral estoppel.

### TWENTY-EIGHTH DEFENSE

#### (Foreign Trade Antitrust Improvements Act)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

### TWENTY-NINETH DEFENSE

#### (Foreign Sales)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to recover damages, if any, based on sales outside of the United States.

### THIRTIETH DEFENSE

#### (Improper Joinder)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences and do not involve questions of law or fact common to all defendants.

**THIRTY-FIRST DEFENSE**

**(Failure to Exhaust Remedies)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust all remedies against the parties with whom Plaintiff is in privity.

**THIRTY-SECOND DEFENSE**

**(No Multiple Recoveries)**

Plaintiff's claims are barred, in whole or in part, to the extent they would result in Thomson SA paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Thomson SA by applicable states' laws and the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

**THIRTY-THIRD DEFENSE**

**(Voluntary Payment Doctrine)**

Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine, under which Plaintiff is not entitled to recover payments made with full knowledge of the facts.

**THIRTY-FOURTH DEFENSE**

**(Set Off)**

Without admitting that Plaintiff is entitled to recover damages from Thomson SA in this matter, Thomson SA is entitled to set off from any recovery Plaintiff obtains against Thomson SA any amount paid to under settlements with other defendants in this or related matters.

**THIRTY-FIFTH DEFENSE**

**(Privilege)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of Thomson SA was justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

### THIRTY-SIXTH DEFENSE

#### (Noerr-Pennington Doctrine)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrine of Noerr-Pennington.

### THIRTY-SEVENTH DEFENSE

#### (Forum Non Conveniens)

The Complaint should be dismissed on the grounds of forum non conveniens to the extent the claims are governed by the laws of foreign states.

### THIRTY-EIGHTH DEFENSE

#### (Improper Venue)

Plaintiff's claims are barred, in whole or in part, because venue does not lie in this Court.

### THIRTY-NINETH DEFENSE

#### (Improper Forum/Arbitration)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has agreed to arbitration or chose a different forum for the resolution of their claims.

### FORTIETH DEFENSE

#### (Intervening Conduct)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of Thomson SA or were caused, if at all, solely and proximately by the conduct of third parties, including, without limitations, the prior, intervening, or superseding conduct of such third parties.

### FORTY-FIRST DEFENSE

#### (Lack of Subject-Matter Jurisdiction)

This Court lacks subject-matter jurisdiction over Plaintiff's claims pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act, and because the conduct alleged to

provide a basis for Plaintiff's claims did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States.

### FORTY-SECOND DEFENSE

#### (Indispensable Parties)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

### FORTY-THIRD DEFENSE

#### (Incorporation of Defenses of Others)

Thomson SA adopts by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

### FORTY-FOURTH DEFENSE

#### (Reservation of Other Defenses)

Thomson SA reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

### THOMSON SA'S PRAYER FOR RELIEF

WHEREFORE, Thomson SA prays for judgment as follows:

1.    That Plaintiff take nothing by reason of the Complaint, and that the action be dismissed with prejudice,

2.    That the Court enter judgment in favor of Thomson SA and against Plaintiff with respect to all causes of action in the Complaint,

3.    That the Court award Thomson SA its attorneys' fees and other costs reasonably incurred in the defense of this action, and

4.    That the Court award Thomson SA such other and further relief as the Court may deem just and proper.

1    Dated:  January __, 2015                  Respectfully submitted,

2

3

4                                      */s/ Kathy L. Osborn*

Kathy L. Osborn (*pro hac vice*)

5                                      Ryan M. Hurley (*pro hac vice*)

Faegre Baker Daniels LLP

6                                      300 N. Meridian Street, Suite 2700

Indianapolis, IN  46204

7                                      Telephone: +1-317-237-0300

Facsimile: +1-317-237-1000

8                                      kathy.osborn@FaegreBD.com

ryan.hurley@FaegreBD.com

9                                      Jeffrey S. Roberts (*pro hac vice*)

Faegre Baker Daniels LLP

10                                    3200 Wells Fargo Center

1700 Lincoln Street

11                                    Denver, CO  80203

Telephone: +1-303-607-3500

12                                  Facsimile:  +1-303-607-3600

jeff.roberts@FaegreBD.com

13

14                                    Stephen M. Judge (*pro hac vice*)

Faegre Baker Daniels LLP

15                                    202 S. Michigan Street, Suite 1400

South Bend, IN  46601

16                                    Telephone: +1 574-234-4149

Facsimile:  +1 574-239-1900

17                                    steve.judge@FaegreBd.com

18                                    Calvin L. Litsey (SBN 289659)

Faegre Baker Daniels LLP

19                                    1950 University Avenue, Suite 450

East Palo Alto, CA  94303-2279

20                                    Telephone: +1-650 324-6700

Facsimile: +1-650 324-6701

21                                    calvin.litsey@FaegreBD.com

22                                    ***Attorneys for Defendant Thomson SA***

23

24

25

26

27

28