# EXHIBIT 12

| | |
|---|---|
| Kathy L. Osborn (*pro hac vice*) <br> Ryan M. Hurley (*pro hac vice*) <br> Faegre Baker Daniels LLP <br> 300 N. Meridian Street, Suite 2700 <br> Indianapolis, IN 46204 <br> Telephone: +1 317-237-0300 <br> Facsimile: +1 317-237-1000 <br> kathy.osborn@FaegreBD.com <br> ryan.hurley@FaegreBD.com | Stephen M. Judge (*pro hac vice*) <br> Faegre Baker Daniels LLP <br> 202 S. Michigan Street, Suite 1400 <br> South Bend, IN 46601 <br> Telephone: +1 574-234-4149 <br> Facsimile: +1 574-239-1900 <br> steve.judge@FaegreBd.com |
| Jeffrey S. Roberts (*pro hac vice*) <br> Faegre Baker Daniels LLP <br> 3200 Wells Fargo Center <br> 1700 Lincoln Street <br> Denver, CO 80203 <br> Telephone: +1 303-607-3500 <br> Facsimile: +1 303-607-3600 <br> jeff.roberts@FaegreBD.com | Calvin L. Litsey (SBN 289659) <br> Faegre Baker Daniels LLP <br> 1950 University Avenue, Suite 450 <br> East Palo Alto, CA 94303-2279 <br> Telephone: +1 650-324-6700 <br> Facsimile: +1 650-324-6701 <br> calvin.litsey@FaegreBD.com |

*Attorneys for Defendant Thomson SA*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-5944-SC <br> MDL No. 1917 |
| This Document Relates to: <br><br> *Tech Data Corporation, et al. v. Hitachi, Ltd., et al., No. 13-cv-00157* | **AMENDED ANSWER OF THOMSON SA TO TECH DATA'S FIRST AMENDED COMPLAINT** |

Defendant Technicolor SA, f/k/a Thomson SA ("Thomson SA"), by and through its undersigned counsel of record, answers Tech Data Corporation and Tech Data Product Management, Inc.'s (collectively "Plaintiffs") First Amended Complaint ("FAC") and alleges additional or affirmative defenses as follows. Thomson SA denies each and every allegation in the FAC's section headings and in all portions of the FAC not contained in numbered paragraphs. To the extent that the FAC's allegations concern persons or entities other than Thomson SA, Thomson SA denies that such allegations support any claim for relief against Thomson SA. Thomson SA denies any allegations not explicitly admitted herein.

1. Thomson SA denies the allegations in Paragraphs 11, 12, 13, 41, 64, and 97 of Plaintiffs' FAC. To the extent these paragraphs consist of definitional allegations, no response is required and Thomson SA therefore denies them.

2. To the extent that the allegations in Paragraphs 1, 4 through 7, 9, 14, 15, 16, 18, 19, 21, 73, 74, 83 through 86, 94 through 96, 98 through 101, 103, 105, 108, 109, 112 through 141, 164, 171, 172, 174, 175, 176, 188, 189, 199 through 201, 212, 215 through 232, 234 through 244, and 246 through 251 of Plaintiffs' FAC relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief about their truth and therefore denies them. To the extent the allegations in those paragraphs relate to Thomson SA, Thomson SA denies them unless expressly admitted below. Further, Thomson SA denies that it manufactured CRTs or CRT Products, but admits that Thomson Consumer manufactured CPTs and CPT Products. Thomson SA admits on information and belief that other companies alleged to be conspirators in the FAC have manufactured CPTs and CDTs, but denies that Thomson SA engaged in any conspiracy. To the extent the allegations in those paragraphs purport to define markets or market activity which require expert opinion and testimony, Thomson SA denies them. To the extent the allegations in those paragraphs are definitional allegations, no response is required and Thomson SA therefore denies these allegations.

3. Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 17, 20, 22 through 40, 42 through 61, 65 through 72, 75

through 82, 88, 92, 93, 102, 104, 106, 107, 110, 111, 142 through 158, 160 through 163, 165, 190 through 195, 197, 203 through 206, 209, and 214 of Plaintiffs' FAC and therefore denies them.

4.     To the extent that the allegations in Paragraphs 166 through 170, 173, 178 through 186, 196, 198, 202, 207, 208, 210, 211, 213, and 233 of Plaintiffs' FAC purport to characterize written documents, Thomson SA denies that Plaintiffs have accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies these allegations. To the extent those paragraphs contain additional allegations that relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief about their truth and therefore denies them. To the extent those paragraphs contain allegations that relate to Thomson SA, Thomson SA denies them unless expressly admitted below. To the extent the allegations in those paragraphs purport to define markets or market activity which require expert opinion and testimony, Thomson SA denies them.

5.     Thomson SA admits that the allegations in Paragraphs 87, 89, 90, and 91 purport to contain descriptions of CRT technology and history. Thomson SA denies that these allegations completely and accurately describe all variants of CRT technology and therefore denies them. To the extent the allegations in those paragraphs purport to define markets or market activity which require expert opinion and testimony, Thomson SA denies them.

6.     With regard to the allegations in Paragraphs 2 and 3 of Plaintiffs' FAC, Thomson SA denies that it manufactured CRTs or CRT Products, but admits that Thomson Consumer manufactured CPTs and CPT Products. Thomson SA admits on information and belief that other companies alleged to be conspirators in the FAC have manufactured CPTs and CDTs, but denies that Thomson SA engaged in any conspiracy. Thomson SA denies that it controlled the "majority of the CRT industry" during the relevant period. Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the other allegations in Paragraphs 2 and 3 and therefore denies them. To the extent the allegations in Paragraphs 2 and 3 are definitional allegations, no response is required and Thomson SA therefore denies these allegations.

7.     With regard to the allegations in Paragraphs 8 and 10 of Plaintiffs' FAC, Thomson SA admits that European, Mexican and Brazilian authorities have investigated Thomson SA, but

denies that those investigations have any relation to the United States CRT market or have alleged or found violations of United States antitrust laws. Thomson SA further admits that Thomson Consumer was subpoenaed by the Department of Justice, but states that Thomson Consumer has not been subjected to any criminal enforcement actions in the United States or ever entered into a plea agreement with the Department of Justice. Thomson SA is aware that several individuals, including C.Y. Lin, have been indicted for violations of antitrust laws, but denies that it participated in any price-fixing conspiracy with these individuals, or that the actions of those individuals had any relation to the allegations concerning Thomson Consumer's activities in the United States CPT market. Thomson SA denies any remaining allegations in Paragraphs 8 and 10.

8. With regard to the first three sentences of Paragraph 62, Thomson SA admits that it is a French corporation with its principal place of business located at 1-5 Rue Jeanne d'Arc, 92130 Issy-les-Moulineaux, France, but denies that Thomson SA ever manufactured, marketed, sold, or distributed CRT products to customers in the United States and denies the remaining allegations in first three sentences. Thomson SA denies the allegations in the fourth and fifth sentences. With regard to the sixth and seventh sentences, Thomson SA admits that it took a minority in a joint venture formed with TCL Corporation, known as TCL-Thomson Electronics Corporation, but states that the deal closed in 2004 and that Thomson SA ceased any ownership or interest in TCL Thomson in 2010. Thomson SA denies that the allegations in the eighth sentence completely or accurately describe the TCL-Thomson joint venture agreement and therefore denies these allegations. With regard to the ninth sentence, Thomson SA admits that it sold its CRT business to Videocon Industries, Ltd. in 2005. Thomson SA denies the allegations in the tenth sentence of Paragraph 62. Except as specifically admitted herein, Thomson SA denies the remaining allegations of Paragraph 62 in their entirety.

9. With regard to the first four sentences of Paragraph 63, Thomson SA admits that Thomson Consumer Electronics, Inc., is now known as Technicolor USA, Inc., and that it is a Delaware corporation with its principal place of business located at 1033 N. Meridian Street, Indianapolis, Indiana 47290-1024. Thomson SA admits that Thomson Consumer is wholly owned by Thomson SA, admits that Thomson Consumer had manufacturing plants in Scranton,

Pennsylvania and Marion, Indiana during portions the Relevant Period, but denies that Thomson Consumer directly owned CRT manufacturing plants in Mexicali, Mexico. Thomson SA admits that Thomson Consumer sold CPTs for use in CRT televisions to television manufacturers in North America during the portions of the Relevant Period and that its United States-based plants were closed by 2004, but denies the remaining allegations in the first through fifth sentences. With regard to the sixth sentence, Thomson SA states that the reference to "Thomson" is vague and ambiguous and therefore denies the allegations in that sentence but admits that Thomson Consumer sold CRT televisions in the United States under the RCA brand. With regard to the seventh sentence, Thomson SA admits that Thomson Consumer's CRT business was sold to Videocon Industries, Ltd. in 2005. With regard to the eighth sentence, Thomson SA admits that prior to the sale of its CRT business in 2005, Thomson Consumer manufactured, marketed, sold, or distributed CPT Products in the United States, but otherwise denies the allegations in that sentence. Thomson SA denies the remaining allegations of Paragraph 63 in their entirety.

10. With regard to the allegations in Paragraph 159 of Plaintiffs' FAC, Thomson SA states that any references to "Thomson" are vague and ambiguous and admits solely that it sold its CRT business to Videocon in 2005. Thomson SA denies that it engaged in, or conspired with others to engage in, any violations of United States antitrust laws. Thomson SA further denies that the alleged actions of any individuals in Paragraph 159 would, if proven, be imputable to Thomson SA and that they relate to the sale of CRTs in the United States. Thomson SA denies any remaining allegations in Paragraph 159.

11. With regard to the allegations in Paragraphs 177 and 187 of Plaintiffs' FAC, Thomson SA states that the use of the term "Thomson" renders these paragraphs vague and uncertain as to Thomson SA and therefore denies such allegations to the extent not expressly admitted herein. Thomson SA admits that the European Commission opened an investigation but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding the scope or timing of the investigations and therefore denies them. Thomson SA admits that the European Commission alleged that several companies, including Thomson SA, engaged in anticompetitive conduct in Europe and levied a fine of €38,631,000 million against

Thomson SA in 2012, but denies that the European Commission's investigation or allegations in Europe support in any way Plaintiffs' allegations that Thomson SA violated any United States antitrust laws or that alleged conduct in Europe had any relation to the United States CRT market. Thomson SA denies and remaining allegations in Paragraphs 177 and 187.

12. With regard to Paragraphs 245, 252, 260, and 269, Thomson SA incorporates by reference all of the above responses and statements.

13. With regard to Paragraphs 253 through 259, 261 through 268, and 270 through 276, Thomson SA states that Plaintiffs' California and Florida state-law claims have been dismissed and therefore no response is required. To the extent a response is required and the allegations in those paragraphs relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief about their truth and therefore denies them. To the extent a response is required and the allegations relate to Thomson SA, Thomson SA denies them.

## DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Thomson SA asserts the following separate, additional and/or affirmative defenses:

### FIRST DEFENSE

#### (Failure to State a Claim)

The FAC fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

#### (Statute of Limitations)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

#### (Failure to Plead Fraud With Particularity)

The statutes of limitations are not tolled because Plaintiffs have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

**FOURTH DEFENSE**

**(Failure to Plead Conspiracy With Particularity)**

Plaintiffs' claims are barred in whole or part because the FAC fails to plead conspiracy with particularity required under applicable law.

**FIFTH DEFENSE**

**(Withdrawal)**

Plaintiffs' claims are barred, in whole or in part, by reason of Thomson SA's withdrawal from or abandonment of any alleged conspiracy.

**SIXTH DEFENSE**

**(Claim Splitting and Election of Remedies)**

Plaintiffs' claims are barred, in whole or in part, by reason of claim splitting and by the doctrine of the election of remedies.

**SEVENTH DEFENSE**

**(Laches)**

Plaintiffs' claims are barred, in whole or in part, under the doctrine of laches.

**EIGHTH DEFENSE**

**(Estoppel, Waiver, or Unclean Hands)**

Plaintiffs' claims are barred, in whole or in part, under the doctrines of estoppel, waiver, and/or unclean hands.

**NINTH DEFENSE**

**(Reasonable Justification)**

Plaintiffs' claims are barred, in whole or in part, because all of the actions of Thomson SA being challenged by Plaintiffs were lawful, justified, procompetitive, constitute bona fide business competition, and were carried out in furtherance of Thomson SA's legitimate business interests.

**TENTH DEFENSE**

**(Acquiescence)**

Plaintiffs' claims are barred, in whole or in part, by reason of Plaintiffs' acquiescence to the conduct of Thomson SA.

## ELEVENTH DEFENSE

### (Accord and Satisfaction, Release and Settlement)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, and release and settlement.

## TWELFTH DEFENSE

### (Government Privilege/Non-Actionable)

Plaintiffs' claims are barred, in whole or in part, because the conduct of Thomson SA alleged in the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and as such is non-actionable or privileged.

## THIRTEENTH DEFENSE

### (Lack of Standing)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring the claims asserted in the Complaint.

## FOURTEENTH DEFENSE

### (Ultra Vires)

Plaintiffs' claims are barred, in whole or in part, because, to the extent that any employee or agent of Thomson SA engaged in any unlawful act or omission, any such act or omission would have been committed by individuals acting ultra vires.

## FIFTEENTH DEFENSE

### (Intervening Causes)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if any, stemmed from intervening or superseding causes.

## SIXTEENTH DEFENSE

### (Lack of Antitrust Injury)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered an antitrust injury.

### SEVENTEETH DEFENSE

### (No Act of Thomson SA)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not been injured in their business or property by reason of any action of Thomson SA.

### EIGHTEENTH DEFENSE

### (Speculative Damages)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

### NINETEENTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' claims are barred from recovery of damages, in whole or in part, because of and to the extent of Plaintiffs' failure to mitigate damages.

### TWENTIETH DEFENSE

### (Pass Through)

Plaintiffs' claims for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to Plaintiffs.

### TWENTY-FIRST DEFENSE

### (Available Remedy at Law)

Plaintiffs' claims or causes of action for injunction or other equitable relief are barred, in whole or in part, because Plaintiffs have available an adequate remedy at law.

### TWENTY-SECOND DEFENSE

### (Lack of Standing for Prospective Relief)

Plaintiffs' claims or causes of action are barred, in whole or in part, because Plaintiffs seek to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

## TWENTY-THIRD DEFENSE

### (Vagueness)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous or unintelligible. Plaintiffs do not describe the events or legal theories with sufficient particularity to permit Thomson SA to ascertain what other defenses may exist.

## TWENTY-FOURTH DEFENSE

### (Unjust Enrichment)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.

## TWENTY-FIFTH DEFENSE

### (Restitution)

Plaintiffs' claims are barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to Plaintiffs would be excessive and punitive, and disproportionate to any alleged injury suffered by Plaintiffs.

## TWENTY-SIXTH DEFENSE

### (Comparative Fault)

Plaintiffs' claims are barred, in whole or in part, to the extent the injuries alleged in the Complaint were directly and proximately caused by or contributed to by the statements, acts, or omissions of Plaintiffs or third persons or entities unaffiliated with Thomson SA.

## TWENTY-SEVENTH DEFENSE

### (Res Judicata or Collateral Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata or collateral estoppel.

## TWENTY-EIGHTH DEFENSE

### (Foreign Trade Antitrust Improvements Act)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

## TWENTY-NINTH DEFENSE

### (Foreign Sales)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to recover damages, if any, based on sales outside of the United States.

## THIRTIETH DEFENSE

### (Improper Joinder)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences and do not involve questions of law or fact common to all defendants.

## THIRTY-FIRST DEFENSE

### (Failure to Exhaust Remedies)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exhaust all remedies against the parties with whom Plaintiffs are in privity.

## THIRTY-SECOND DEFENSE

### (No Multiple Recoveries)

Plaintiffs' claims are barred, in whole or in part, to the extent they would result in Thomson SA paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Thomson SA by applicable states' laws and the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

## THIRTY-THIRD DEFENSE

### (Voluntary Payment Doctrine)

Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine, under which Plaintiffs are not entitled to recover payments made with full knowledge of the facts.

## THIRTY-FOURTH DEFENSE

(Set Off)

Without admitting that Plaintiffs are entitled to recover damages from Thomson SA in this matter, Thomson SA is entitled to set off from any recovery Plaintiffs obtain against Thomson SA any amount paid to under settlements with other defendants in this or related matters.

## THIRTY-FIFTH DEFENSE

(Privilege)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of Thomson SA was justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

## THIRTY-SIXTH DEFENSE

(Noerr-Pennington Doctrine)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrine of Noerr-Pennington.

## THIRTY-SEVENTH DEFENSE

(Forum Non Conveniens)

The Complaint should be dismissed on the grounds of forum non conveniens to the extent the claims are governed by the laws of foreign states.

## THIRTY-EIGTH DEFENSE

(Improper Venue)

Plaintiffs' claims are barred, in whole or in part, because venue does not lie in this Court.

## THIRTY-NINTH DEFENSE

(Improper Forum/Arbitration)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have agreed to arbitration or chose a different forum for the resolution of their claims.

## FORTIETH DEFENSE

### (Intervening Conduct)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of Thomson SA or were caused, if at all, solely and proximately by the conduct of third parties, including, without limitations, the prior, intervening, or superseding conduct of such third parties.

## FORTY-FIRST DEFENSE

### (Lack of Subject-Matter Jurisdiction)

This Court lacks subject-matter jurisdiction over Plaintiffs' claims pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act, and because the conduct alleged to provide a basis for Plaintiffs' claims did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States.

## FORTY-SECOND DEFENSE

### (Indispensable Parties)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

## FORTY-THIRD DEFENSE

### (Incorporation of Defenses of Others)

Thomson SA adopts by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

## FORTY-FOURTH DEFENSE

### (Reservation of Other Defenses)

Thomson SA reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**THOMSON SA'S PRAYER FOR RELIEF**

WHEREFORE, Thomson SA prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the FAC, and that the action be dismissed with prejudice,

2. That the Court enter judgment in favor of Thomson SA and against Plaintiffs with respect to all causes of action in the FAC,

3. That the Court award Thomson SA its attorneys' fees and other costs reasonably incurred in the defense of this action, and

4. That the Court award Thomson SA such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: January __, 2015 | Respectfully submitted, |
| | /s/ Kathy L. Osborn |
| | Kathy L. Osborn (*pro hac vice*) |
| | Ryan M. Hurley (*pro hac vice*) |
| | Faegre Baker Daniels LLP |
| | 300 N. Meridian Street, Suite 2700 |
| | Indianapolis, IN 46204 |
| | Telephone: +1-317-237-0300 |
| | Facsimile: +1-317-237-1000 |
| | kathy.osborn@FaegreBD.com |
| | ryan.hurley@FaegreBD.com |
| | |
| | Jeffrey S. Roberts (*pro hac vice*) |
| | Faegre Baker Daniels LLP |
| | 3200 Wells Fargo Center |
| | 1700 Lincoln Street |
| | Denver, CO 80203 |
| | Telephone: +1-303-607-3500 |
| | Facsimile: +1-303-607-3600 |
| | jeff.roberts@FaegreBD.com |
| | |
| | Stephen M. Judge (*pro hac vice*) |
| | Faegre Baker Daniels LLP |
| | 202 S. Michigan Street, Suite 1400 |
| | South Bend, IN 46601 |
| | Telephone: +1 574-234-4149 |
| | Facsimile: +1 574-239-1900 |
| | steve.judge@FaegreBd.com |
| | |
| | Calvin L. Litsey (SBN 289659) |
| | Faegre Baker Daniels LLP |
| | 1950 University Avenue, Suite 450 |
| | East Palo Alto, CA 94303-2279 |
| | Telephone: +1-650 324-6700 |
| | Facsimile: +1-650 324-6701 |
| | calvin.litsey@FaegreBD.com |
| | |
| | **Attorneys for Defendant Thomson SA** |