# EXHIBIT 13

1   Calvin L. Litsey (SBN 289659)
    FAEGRE BAKER DANIELS LLP
2   1950 University Avenue, Suite 450
    East Palo Alto, CA  94303-2279
3   Telephone: +1 650-324-6700
    Facsimile: +1 650-324-6701
4   calvin.litsey@FaegreBD.com

5   Kathy L. Osborn (*pro hac vice*)
    Ryan M. Hurley (*pro hac vice*)
6   FAEGRE BAKER DANIELS LLP
    300 N. Meridian Street, Suite 2700
7   Indianapolis, IN  46204
    Telephone: +1 317-237-0300
8   Facsimile: +1 317-237-1000
    kathy.osborn@FaegreBD.com
9   ryan.hurley@FaegreBD.com

    Jeffrey S. Roberts (*pro hac vice*)
    FAEGRE BAKER DANIELS LLP
    3200 Wells Fargo
    1700 Lincoln Street
    Denver, CO  80203
    Telephone: +1 303-607-3500
    Facsimile:  +1 303-607-3600
    jeff.roberts@FaegreBD.com

    Stephen M. Judge (*pro hac vice*)
    FAEGRE BAKER DANIELS LLP
    202 S. Michigan Street, Suite 1400
    South Bend, IN  46601
    Telephone: +1 574-234-4149
    Facsimile:  +1 574-239-1900
    steve.judge@FaegreBd.com

10  *Attorneys for Defendant Thomson SA*

11

12                    **UNITED STATES DISTRICT COURT**

13                 **NORTHERN DISTRICT OF CALIFORNIA**

14                      **SAN FRANCISCO DIVISION**

15  IN RE CATHODE RAY TUBE (CRT)            No. 07-cv-5944-SC
    ANTITRUST LITIGATION                    MDL No. 1917
16
                                            **AMENDED ANSWER OF THOMSON SA**
17  This Document Relates to:               **TO VIEWSONIC CORPORATION'S**
                                            **COMPLAINT**
18  *ViewSonic Corporation v. Chunghwa Picture*
    *Tubes, Ltd., et al., No. 14-cv-02510*
19

20

21          Defendant Technicolor SA, f/k/a Thomson SA ("Thomson SA"), by and through its

22  undersigned counsel of record, answers ViewSonic Corporation's ("Plaintiff") Complaint and

23  alleges additional or affirmative defenses as follows.  Thomson SA denies each and every allegation

24  in the Complaint's section headings and in all portions of the Complaint not contained in numbered

25  paragraphs.  To the extent that the Complaint's allegations concern persons or entities other than

26  Thomson SA, Thomson SA denies that such allegations support any claim for relief against

27  Thomson SA.  Thomson SA denies any allegations not explicitly admitted herein.

28

1.      Thomson SA denies the allegations in Paragraphs 11, 12, 59, 63, 86, and 140 of Plaintiff's Complaint.   To the extent these paragraphs consist of definitional allegations, no response is required and Thomson SA therefore denies them.

2.      To the extent that the allegations in Paragraphs 1, 2, 4 through 7, 10, 13 through 16, 64, 65, 66, 72 through 75, 83, 84, 85, 87 through 90, 92, 94, 97, 98, 101 through 132, 165, 169, 170, 172, 173, 174, 184, 185, 194, 195, 196, 207, 211, 212 through 227, 229 through 232, 234 through 239, and 241 through 248 of Plaintiff's Complaint relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.   To the extent the allegations in those paragraphs relate to Thomson SA, Thomson SA denies them unless expressly admitted below.   Further, Thomson SA denies that it manufactured CRTs or CRT Products, but admits that Thomson Consumer manufactured CPTs and CPT Products.   Thomson SA admits on information and belief that other companies alleged to be conspirators in the Complaint have manufactured CPTs and CDTs, but denies that Thomson SA engaged in any conspiracy.   To the extent the allegations in those paragraphs purport to define markets or market activity which require expert opinion and testimony, Thomson SA denies them. To the extent the allegations in those paragraphs are definitional allegations, no response is required and Thomson SA therefore denies these allegations.

3.      Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 17, 18 through 54, 60 through 62, 67 through 71, 77, 81, 82, 91, 93 95, 96, 99, 100, 141 through 160, 186 through 190, 192, 198 through 201, 204, 209, and 238 of Plaintiff's Complaint and therefore denies them.

4.      To the extent that the allegations in Paragraphs 9, 161 through 164, 166, 167, 168, 171, 176 through 182, 191, 193, 197, 202, 203, 205, 206, 208, 210, and 233 of Plaintiff's Complaint purport to characterize written documents, Thomson SA denies that Plaintiff has accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies these allegations.   To the extent those paragraphs contain additional allegations that relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.   To the extent

1  those paragraphs contain allegations that relate to Thomson SA, Thomson SA denies them unless

2  expressly admitted below.  To the extent the allegations in those paragraphs purport to define

3  markets or market activity which require expert opinion and testimony, Thomson SA denies them.

4      5.      Thomson SA admits that the allegations in Paragraphs 76, 78, 79, and 80 purport to

5  contain descriptions of CRT technology and history.  Thomson SA denies that these allegations

6  completely and accurately describe all variants of CRT technology and therefore denies them.  To

7  the extent the allegations in those paragraphs purport to define markets or market activity which

8  require expert opinion and testimony, Thomson SA denies them.

9      6.      With regard to the allegations in Paragraphs 3 of Plaintiffs' Complaint, Thomson SA

10 denies that it controlled the "majority of the CRT industry" during the relevant period.  Thomson

11 SA lacks knowledge or information sufficient to form a belief about the truth of the other

12 allegations in Paragraphs 3 and therefore denies them.

13     7.      With regard to the allegations in Paragraph 8 of Plaintiff's Complaint, Thomson SA

14 admits that European, Mexican and Brazilian authorities have investigated Thomson SA, but denies

15 that those investigations have any relation to the United States CRT market or have alleged or found

16 violations of United States antitrust laws.  Thomson SA further admits that Thomson Consumer was

17 subpoenaed by the Department of Justice, but states that Thomson Consumer has not been subjected

18 to any criminal enforcement actions in the United States or ever entered into a plea agreement with

19 the Department of Justice.  Thomson SA is aware that several individuals, including C.Y. Lin, have

20 been indicted for violations of antitrust laws, but denies that it participated in any price-fixing

21 conspiracy with these individuals, or that the actions of those individuals had any relation to the

22 allegations concerning Thomson Consumer's activities in the United States CPT market.  Thomson

23 SA denies any remaining allegations in Paragraph 8.

24     8.      With regard to the first three sentences of Paragraph 55, Thomson SA admits that it

25 is a French corporation with its principal place of business located at 1-5 Rue Jeanne d'Arc, 92130

26 Issy-les-Moulineaux, France, but denies that Thomson SA ever manufactured, marketed, sold, or

27 distributed CRT products to customers in the United States and denies the remaining allegations in

28 the first three sentences.  Thomson SA denies the allegations in the fourth sentence.  To the extent

AMENDED ANSWER OF THOMSON SA TO                                    No. 07-5944-SC; MDL No. 1917
VIEWSONIC CORPORATION'S COMPLAINT

that the allegations in the fifth through tenth sentences purport to characterize a written document, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context of the written document, and therefore denies those allegations except as expressly admitted herein.  With regard to the fifth sentence, Thomson SA admits that it sold its CRT business to Videocon Industries, Ltd. in 2005 for €240 million.  With regard to the sixth sentence, Thomson SA admits that it invested €240 million in Videocon Industries, Ltd. in 2005 in exchange for 28,867,200 shares of stock, but denies that the investment was "simultaneous" and denies the remainder of the allegations in that sentence.  Thomson SA states that the seventh sentence is vague and ambiguous with respect to "help," "run the CRT business," and "transition period," and therefore denies the allegations in that sentence.  Thomson SA lacks information or belief sufficient to form a belief about the truth of the allegations in the eighth sentence, despite diligent efforts to locate relevant documents, and therefore denies these allegations.  Further, Thomson SA states that the references to "Thomson" in the seventh and eighth sentences of Paragraph 23 are vague and ambiguous, and therefore denies the allegations in those sentences to the extent not expressly admitted herein.  With regard to the ninth sentence, Thomson SA admits that Section 3.1 of the Shareholders' Agreement between Thomson SA and Videocon provided that "One member of the Board of Directors shall be nominated by Thomson," and admits that a Thomson SA employee held a seat on the Videocon Board of Directors until 2009.  With regard to the tenth sentence, Thomson SA admits that it was a minority shareholder in Videocon affiliated entities from July 2005 through the end of the Relevant Period, but otherwise denies that Plaintiffs' allegations completely and accurately describe Thomson SA's stock ownership in Videocon affiliated entities during that time period.  Thomson SA denies that its ownership interest in Videocon at any point during the allegedly Relevant Period is legally significant in relation to the claims alleged in the Complaint.  Thomson SA admits that it changed its name to Technicolor SA on or about January 2010.  Thomson SA denies the allegations in the twelfth sentence of Paragraph 55.  Except as specifically admitted herein, Thomson SA denies the remaining allegations of Paragraph 55 in their entirety.

9.     With regard to the first four sentences of Paragraph 56, Thomson SA admits that Thomson Consumer Electronics, Inc., is now known as Technicolor USA, Inc., and that it is a Delaware corporation with its principal place of business located at 1033 N. Meridian Street, Indianapolis, Indiana 47290-1024.  Thomson SA admits that Thomson Consumer is wholly owned by Thomson SA, admits that Thomson Consumer had manufacturing plants in Scranton, Pennsylvania and Marion, Indiana during portions of the Relevant Period, but denies that Thomson Consumer directly owned CRT manufacturing plants in Mexicali, Mexico.  Thomson SA admits that Thomson Consumer sold CPTs for use in CRT televisions to television manufacturers in North America during the portions of the Relevant Period, but denies the remaining allegations in the first through fourth sentences.  To the extent that the allegations in sentences five through ten purport to characterize a written document, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context of the written document, and therefore denies those allegations except as expressly admitted herein.  With regard to the fifth sentence, Thomson SA admits that Thomson Consumer's CRT business was sold to Videocon Industries, Ltd. in 2005.  With regard to the allegation in the sixth sentence, Thomson SA incorporates by reference its responses to the identical allegations in Paragraph 55.  Thomson SA states that the seventh sentence is vague in regards to timeframe and denies the allegations in that sentence, except that it admits that Thomson Displays America LLC was wholly owned by Thomson Consumer before it was transferred to Videocon in July 2005.  With regard to the eighth sentence, Thomson SA admits that Thomson Consumer changed its name to Technicolor USA, Inc. in or about June 2010.  With regard to the ninth sentence, Thomson SA admits that prior to the sale of its CRT business in 2005, Thomson Consumer manufactured, marketed, sold, or distributed CPT Products in the United States, but otherwise denies the allegations in that sentence.  Thomson SA denies the remaining allegations of Paragraph 56 in their entirety.

10.     To the extent that the allegations in Paragraph 57 relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them, except that it admits that TCL Thomson was a joint venture formed between Thomson SA and TCL International Holdings Ltd.  Thomson SA ceased any

ownership or interest in TCL Thomson in 2010.   Thomson SA denies that it manufactured, marketed, sold, or distributed CRT Products in the United States.   Thomson SA denies any remaining allegations in Paragraph 57.

11.   With regard to the allegations in Paragraph 58, to the extent these allegations state legal contentions, no response is required.  With regard to the allegations in sentence one, Thomson SA admits that it had sufficient minimum contacts with the United States during the Relevant Period to be subject to specific personal jurisdiction in the United States with respect to this action only. Thomson SA denies the allegations in sentences two through eight in their entirety.  To the extent that the allegations in sentences nine through fourteen purport to characterize written documents, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies those allegations. Thomson SA admits that the employees listed in sentences twelve and thirteen worked for Thomson SA and/or Thomson Consumer during the Relevant Period, but denies that the characterizations of employee titles, roles, and employment dates are accurate or complete and therefore denies these allegations.  Thomson SA further denies the allegations contained in sentence fourteen because the term "stationed" is ambiguous and the allegations are vague as to time.  Thomson SA denies any remaining allegations in Paragraph 58.

12.   With regard to the allegations in Paragraphs 133 and 135 of Plaintiff's Complaint, Thomson SA admits that the allegations quote parts of its Annual Reports, but denies any emphasis or alterations in the quoted text, denies that it admitted to any wrongdoing in its Annual Reports, and denies that Plaintiff has accurately or completely interpreted, characterized, or stated the substance or context of the quoted statements.  Thomson SA denies any remaining allegations in Paragraphs 133 and 135.

13.   With regard to the allegations in Paragraph 134 of Plaintiff's Complaint, Thomson SA states that the use of the term "Thomson" renders these paragraphs vague and uncertain as to Thomson SA.   To the extent that the allegations purport to characterize written documents, Thomson SA denies that Plaintiff has accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies those allegations.  Thomson

1    SA admits that the European Commission investigated CRT price-fixing and levied fines against

2    various companies, including a fine of €38,631,000 million against Thomson SA in 2012 and that

3    its fine was reduced due to Thomson SA's cooperation and inability to pay, but denies that any

4    allegations, conduct, or cooperation in Europe support in any way Plaintiff's allegations that

5    Thomson SA violated United States antitrust laws or that alleged conduct in Europe had any

6    relation to the United States CRT market.  Thomson SA denies any and all remaining allegations in

7    Paragraph 134.

8          14.    With regard to the allegations in Paragraph 136 of Plaintiff's Complaint, Thomson

9    SA states that any references to "Thomson" are vague and ambiguous.  Thomson SA further states

10   that the expression "conspiracy period" is undefined and thus vague and ambiguous.  Thomson SA

11   interprets "conspiracy period" to be synonymous with "Relevant Period" and admits solely that it

12   retained at least a de minimis ownership interest in Videocon between 2005 and the end of the

13   allegedly Relevant Period, with regard to which Thomson SA incorporates by reference its

14   responses to sentences six and ten of Paragraph 55.  Thomson SA denies that it participated in the

15   alleged conspiracy, and denies that any of the allegations in Paragraph 136 concerning Thomson

16   SA's agreement with and continued interest in Videocon support in any way Plaintiffs' allegations

17   that Thomson SA violated any laws.  To the extent that the remaining allegations relate to persons

18   or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form

19   a belief as to their truth and therefore denies them.  To the extent that the remaining allegations

20   relate to Thomson SA, Thomson SA denies these allegations.  To the extent that the allegations

21   purport to characterize written documents and deposition testimony, Thomson SA denies that

22   Plaintiff has accurately or completely interpreted, characterized, or stated the substance or context

23   of the written documents and therefore denies those allegations.  Thomson SA denies that it

24   engaged in, or conspired with others to engage in, any violations of United States antitrust laws.

25   Thomson SA further denies that the alleged actions of individuals in Paragraph 136 would, if

26   proven, be imputable to Thomson SA and that they relate to the sale of CRTs in the United States.

27         15.    To the extent that the allegations in Paragraph 137 relate to persons or entities other

28   than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to

AMENDED ANSWER OF THOMSON SA TO                                    No. 07-5944-SC; MDL No. 1917
VIEWSONIC CORPORATION'S COMPLAINT

their truth and therefore denies them.  To the extent that the allegations in Paragraph 137 purport to characterize written documents and deposition testimony, Thomson SA denies that Plaintiff has accurately or completely interpreted, characterized, or stated the substance or context of the written documents and deposition testimony and therefore denies those allegations.  To the extent that the remaining allegations in Paragraph 137 relate to Thomson SA, Thomson SA denies these allegations.

16.    With regard to the allegations in Paragraph 138, Thomson SA states that the use of the term "Thomson" renders the allegations vague and uncertain as to Thomson SA.  To the extent that the allegations relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them. With respect to the allegations contained in the sixth sentence, Thomson SA admits that Didier Trutt received and occupied a seat on Videocon's board until 2009, but denies the remaining allegations in the sixth sentence.  To the extent that the remaining allegations in Paragraph 138 relate to Thomson SA, Thomson SA denies these allegations.  Thomson SA denies that any of the allegations in Paragraph 138 concerning Thomson SA's agreement with and continued interest in Videocon support in any way Plaintiff's allegations that Thomson SA violated any laws. With regard to the final sentence of Paragraph 138, Thomson SA further states that the expression "conspiracy period" is undefined and thus vague and ambiguous.  Thomson SA interprets "conspiracy period" to be synonymous with "Relevant Period" and admits solely that it retained at least a de minimis ownership interest in Videocon between 2005 and the end of the allegedly Relevant Period and incorporates by reference its responses to sentences six and ten of Paragraph 55.

17.    With regard to the allegations in Paragraph 139, Thomson SA states that the use of the term "Thomson" renders the allegations vague and uncertain as to Thomson SA.  Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 139. With regard to the second sentence, Thomson SA admits that Thomson Consumer transferred its CRT assets to TDA as a capital contribution in 2005 in connection with the sale of its CRT business to Videocon; despite diligent and ongoing searches for

relevant records, however, Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations regarding the details of the alleged "period of cooperation and transition" denies the remaining allegations in that sentence.  Thomson SA admits that after Videocon acquired Thomson Consumer's CRT assets in September 2005, Brunk transitioned to work for TDA.  Thomson SA further admits that Hanrahan's employment with Thomson Consumer ended in February 2012, but denies that he transitioned to work for TDA. Thomson SA denies that Brunk and Hanrahan attended conspiracy meetings on behalf of Thomson Consumer or Thomson SA.  To the extent that the remaining allegations relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.   To the extent that the remaining allegations relate to Thomson SA, Thomson SA denies these allegations.   Thomson SA denies that any of the allegations in Paragraph 139 concerning Thomson Consumer's agreement with TDA support in any way Plaintiffs' allegations that Thomson SA violated any laws.  Thomson SA denies any remaining allegations in Paragraph 139.

18.     With regard to the allegations in Paragraphs 175 and 183 of Plaintiffs' Complaint, Thomson SA states that the use of the term "Thomson" renders these paragraphs vague and uncertain as to Thomson SA and therefore denies such allegations to the extent not expressly admitted herein.  Thomson SA admits that the European Commission opened an investigation but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding the scope or timing of the investigations and therefore denies them.  Thomson SA admits that the European Commission alleged that several companies, including Thomson SA, engaged in anticompetitive conduct in Europe and levied a fine of €38,631,000 million against Thomson SA in 2012, but denies that the European Commission's investigation or allegations in Europe support in any way Plaintiffs' allegations that Thomson SA violated any United States antitrust laws or that alleged conduct in Europe had any relation to the United States CRT market. Thomson SA denies any remaining allegations in Paragraphs 175 and 183.

19.     To the extent Paragraph 228 consists of legal contentions, no response is required. To the extent that Paragraph 228 purports to characterize a written document, Thomson SA denies

1   that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context

2   of the written document and therefore denies the allegations in Paragraph 226.  Thomson SA further

3   states that any references to "Thomson" are vague and ambiguous and therefore denies such

4   allegations to the extent not expressly admitted herein.   Thomson SA further denies that it

5   participated in any conspiracy to violate antitrust laws or engaged in any efforts to conceal such a

6   conspiracy.  Thomson SA denies any remaining allegations in Paragraph 228.

7      20.    With regard to Paragraph 240 Thomson SA incorporates by reference all of the

8   above responses and statements.

9                                **DEFENSES**

10     Without assuming any burden it would not otherwise bear, and reserving its right to amend

11  its Answer to assert additional defenses as they may become known during discovery, Thomson SA

12  asserts the following separate, additional and/or affirmative defenses:

13                              **FIRST DEFENSE**

14                          **(Failure to State a Claim)**

15     The Complaint fails to state a claim upon which relief can be granted.

16                             **SECOND DEFENSE**

17                         **(Statute of Limitations)**

18     Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part,

19  by the applicable statutes of limitations.

20                              **THIRD DEFENSE**

21                 **(Failure to Plead Fraud With Particularity)**

22     The statutes of limitations are not tolled because Plaintiff has failed to plead fraudulent

23  concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

24                             **FOURTH DEFENSE**

25              **(Failure to Plead Conspiracy With Particularity)**

26     Plaintiff's claims are barred in whole or part because the Complaint fails to plead conspiracy

27  with particularity required under applicable law.

28

**FIFTH DEFENSE**

**(Withdrawal)**

Plaintiff's claims are barred, in whole or in part, by reason of Thomson SA's withdrawal from or abandonment of any alleged conspiracy.

**SIXTH DEFENSE**

**(Lack of Subject-Matter Jurisdiction)**

This Court lacks subject-matter jurisdiction over Plaintiff's claims pursuant to, but not limited to, the Foreign Trade Antitrust Improvements Act, and because the conduct alleged to provide a basis for Plaintiff's claims did not have a direct, substantial, and reasonably foreseeable effect on trade or commerce within the United States.

**SEVENTH DEFENSE**

**(Laches)**

Plaintiff's claims are barred, in whole or in part, under the doctrine of laches.

**EIGHTH DEFENSE**

**(Estoppel, Waiver, or Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, under the doctrines of estoppel, waiver, and/or unclean hands.

**NINTH DEFENSE**

**(Reasonable Justification)**

Plaintiff's claims are barred, in whole or in part, because all of the actions of Thomson SA being challenged by Plaintiff were lawful, justified, procompetitive, constitute bona fide business competition, and were carried out in furtherance of Thomson SA's legitimate business interests.

**TENTH DEFENSE**

**(Acquiescence)**

Plaintiff's claims are barred, in whole or in part, by reason of Plaintiff's acquiescence to the conduct of Thomson SA.

## ELEVENTH DEFENSE

### (Accord and Satisfaction, Release and Settlement)

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, release and settlement.

## TWELFTH DEFENSE

### (Government Privilege/Non-Actionable)

Plaintiff's claims are barred, in whole or in part, because the conduct of Thomson SA alleged in the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and as such is non-actionable or privileged.

## THIRTEENTH DEFENSE

### (Lack of Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring the claims asserted in the Complaint.

## FOURTEENTH DEFENSE

### (Ultra Vires)

Plaintiff's claims are barred, in whole or in part, because, to the extent that any employee or agent of Thomson SA engaged in any unlawful act or omission, any such act or omission would have been committed by individuals acting ultra vires.

## FIFTEENTH DEFENSE

### (Intervening Causes)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if any, stemmed from intervening or superseding causes.

## SIXTEENTH DEFENSE

### (Lack of Antitrust Injury)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered an antitrust injury.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SEVENTEENTH DEFENSE

### (No Act of Thomson SA)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not been injured in their business or property by reason of any action of Thomson SA.

## EIGHTEENTH DEFENSE

### (Speculative Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

## NINETEENTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims are barred from recovery of damages, in whole or in part, because of and to the extent of Plaintiff's failure to mitigate damages.

## TWENTIETH DEFENSE

### (Pass Through)

Plaintiff's claims for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to Plaintiff.

## TWENTY-FIRST DEFENSE

### (Available Remedy at Law)

Plaintiff's claims or causes of action for injunction or other equitable relief are barred, in whole or in part, because Plaintiff has available an adequate remedy at law.

## TWENTY-SECOND DEFENSE

### (Lack of Standing for Prospective Relief)

Plaintiff's claims or causes of action are barred, in whole or in part, because Plaintiff seeks to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

1

## TWENTY-THIRD DEFENSE

2

### (Vagueness)

3       Plaintiff's claims should be dismissed for uncertainty and vagueness and because its claims

4 are ambiguous or unintelligible. Plaintiff does not describe the events or legal theories with

5 sufficient particularity to permit Thomson SA to ascertain what other defenses may exist.

6

## TWENTY-FOURTH DEFENSE

7

### (Unjust Enrichment)

8       Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly

9 enriched if they were allowed to recover any part of the damages alleged in the Complaint.

10

## TWENTY-FIFTH DEFENSE

11

### (Restitution)

12       Plaintiff's claims are barred from recovery of damages, in whole or in part, to the extent that

13 any restitution or award of damages to Plaintiff would be excessive and punitive, and

14 disproportionate to any alleged injury suffered by Plaintiff.

15

## TWENTY-SIXTH DEFENSE

16

### (Comparative Fault)

17       Plaintiff's claims are barred, in whole or in part, to the extent the injuries alleged in the

18 Complaint were directly and proximately caused by or contributed to by the statements, acts, or

19 omissions of Plaintiff or third persons or entities unaffiliated with Thomson SA.

20

## TWENTY-SEVENTH DEFENSE

21

### (Res Judicata or Collateral Estoppel)

22       Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata or collateral

23 estoppel.

24

## TWENTY-EIGHTH DEFENSE

25

### (Foreign Trade Antitrust Improvements Act)

26       Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege facts

27 sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

28

1

## TWENTY-NINTH DEFENSE

2

### (Foreign Sales)

3     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to recover

4  damages, if any, based on sales outside of the United States.

5

## THIRTIETH DEFENSE

6

### (Improper Joinder)

7     Plaintiff's claims are barred, in whole or in part, because Plaintiff's claims are improperly

8  joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not

9  arise out of the same transaction, occurrence, or series of transactions or occurrences and do not

10  involve questions of law or fact common to all defendants.

11

## THIRTY-FIRST DEFENSE

12

### (Failure to Exhaust Remedies)

13     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust all

14  remedies against the parties with whom Plaintiff is in privity.

15

## THIRTY-SECOND DEFENSE

16

### (No Multiple Recoveries)

17     Plaintiff's claims are barred, in whole or in part, to the extent they would result in Thomson

18  SA paying damages to more than one claimant for the same alleged overcharge, because such

19  multiple recoveries would violate rights guaranteed to the Thomson SA by applicable states' laws

20  and the United States Constitution, including, without limitation, rights guaranteed under the Due

21  Process Clause of the Fourteenth Amendment.

22

## THIRTY-THIRD DEFENSE

23

### (Voluntary Payment Doctrine)

24     Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine, under

25  which Plaintiff is not entitled to recover payments made with full knowledge of the facts.

26

27

28

### THIRTY-FOURTH DEFENSE

### (Set Off)

Without admitting that Plaintiff is entitled to recover damages from Thomson SA in this matter, Thomson SA is entitled to set off from any recovery Plaintiff obtains against Thomson SA any amount paid to under settlements with other defendants in this or related matters.

### THIRTY-FIFTH DEFENSE

### (Privilege)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of Thomson SA was justified, constituted *bona fide* business competition, and was taken in pursuit of its own legitimate business and economic interests and is therefore privileged.

### THIRTY-SIXTH DEFENSE

### (Noerr-Pennington Doctrine)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, by the doctrine of Noerr-Pennington.

### THIRTY-SEVENTH DEFENSE

### (Forum Non Conveniens)

The Complaint should be dismissed on the grounds of forum non conveniens to the extent the claims are governed by the laws of foreign states.

### THIRTY-EIGHTH DEFENSE

### (Improper Venue)

Plaintiff's claims are barred, in whole or in part, because venue does not lie in this Court.

### THIRTY-NINTH DEFENSE

### (Improper Forum/Arbitration)

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiff has agreed to arbitration or chose a different forum for the resolution of their claims.

**FORTIETH DEFENSE**

**(Intervening Conduct)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of Thomson SA or were caused, if at all, solely and proximately by the conduct of third parties, including, without limitations, the prior, intervening, or superseding conduct of such third parties.

**FORTY-FIRST DEFENSE**

**(Indispensable Parties)**

Plaintiff's claims should be dismissed to the extent that they are barred, in whole or in part, for failure to join indispensable parties.

**FORTY-SECOND DEFENSE**

**(Incorporation of Defenses of Others)**

Thomson SA adopts by reference any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

**FORTY-THIRD DEFENSE**

**(Reservation of Other Defenses)**

Thomson SA reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**THOMSON SA'S PRAYER FOR RELIEF**

WHEREFORE, Thomson SA prays for judgment as follows:

1.      That Plaintiff takes nothing by reason of the Complaint, and that the action be dismissed with prejudice,

2.      That the Court enter judgment in favor of Thomson SA and against Plaintiff with respect to all causes of action in the Complaint,

3.      That the Court award Thomson SA its attorneys' fees and other costs reasonably incurred in the defense of this action, and

4.      That the Court award Thomson SA such other and further relief as the Court may deem just and proper.

1    Dated: January __, 2015                     Respectfully submitted,

2

3                                                /s/ *Kathy L. Osborn*
                                                 Kathy L. Osborn (*pro hac vice*)
4                                                Ryan M. Hurley (*pro hac vice*)
                                                 Faegre Baker Daniels LLP
5                                                300 N. Meridian Street, Suite 2700
                                                 Indianapolis, IN  46204
6                                                Telephone: +1 317-237-0300
                                                 Facsimile: +1 317-237-1000
7                                                kathy.osborn@FaegreBD.com
                                                 ryan.hurley@FaegreBD.com
8
                                                 Jeffrey S. Roberts (*pro hac vice*)
9                                                Faegre Baker Daniels LLP
                                                 3200 Wells Fargo Center
10                                               1700 Lincoln Street
                                                 Denver, CO  80203
11                                               Telephone: +1 303-607-3500
                                                 Facsimile:  +1 303-607-3600
12                                               jeff.roberts@FaegreBD.com

13                                               Stephen M. Judge (*pro hac vice*)
                                                 Faegre Baker Daniels LLP
14                                               202 S. Michigan Street, Suite 1400
                                                 South Bend, IN  46601
15                                               Telephone: +1 574-234-4149
                                                 Facsimile:  +1 574-239-1900
16                                               steve.judge@FaegreBd.com

17                                               Calvin L. Litsey (SBN 289659)
                                                 Faegre Baker Daniels LLP
18                                               1950 University Avenue, Suite 450
                                                 East Palo Alto, CA  94303-2279
19                                               Telephone: +1 650 324-6700
                                                 Facsimile: +1 650 324-6701
20                                               calvin.litsey@FaegreBD.com

21                                               ***Attorneys for Defendant Thomson SA***

22

23

24

25

26

27

28