# EXHIBIT 14

1   Calvin L. Litsey (SBN 289659)          Jeffrey S. Roberts (*pro hac vice*)
    Faegre Baker Daniels LLP               Faegre Baker Daniels LLP
2   1950 University Avenue, Suite 450       3200 Wells Fargo
    East Palo Alto, CA  94303-2279         1700 Lincoln Street
3   Telephone: +1 650-324-6700             Denver, CO  80203
    Facsimile: +1 650-324-6701             Telephone: +1 303-607-3500
4   calvin.litsey@FaegreBD.com             Facsimile:  +1 303-607-3600
                                           jeff.roberts@FaegreBD.com
5   Kathy L. Osborn (*pro hac vice*)
    Ryan M. Hurley (*pro hac vice*)        Stephen M. Judge (*pro hac vice*)
6   Faegre Baker Daniels LLP               Faegre Baker Daniels LLP
    300 N. Meridian Street, Suite 2700     202 S. Michigan Street, Suite 1400
7   Indianapolis, IN  46204                South Bend, IN  46601
    Telephone: +1 317-237-0300             Telephone: +1 574-234-4149
8   Facsimile: +1 317-237-1000             Facsimile:  +1 574-239-1900
    kathy.osborn@FaegreBD.com              steve.judge@FaegreBd.com
9   ryan.hurley@FaegreBD.com

10  ***Attorneys for Defendant Thomson SA***

11

12                         **UNITED STATES DISTRICT COURT**

13                        **NORTHERN DISTRICT OF CALIFORNIA**

14                          **SAN FRANCISCO DIVISION**

15  IN RE CATHODE RAY TUBE (CRT)           No. 07-cv-5944-SC
    ANTITRUST LITIGATION                   MDL No. 1917
16
                                           **AMENDED ANSWER OF THOMSON SA**
17  This Document Relates to:              **TO  DIRECT PURCHASER PLAINTIFFS'**
                                           **FIRST AMENDED COMPLAINT**
18  *Crago d/b/a Dash Computers, Inc., et al. v.*
    *Technicolor SA, et al., No. 14-cv-02058*
19

20

21

22

23

24

25

26

27

28

1   Defendant Technicolor SA, f/k/a Thomson SA ("Thomson SA"), by and through its

2   undersigned counsel of record, answers the Direct Purchaser Plaintiffs' ("Plaintiffs") First Amended

3   Complaint ("FAC") and alleges additional or affirmative defenses as follows.  Thomson SA denies

4   each and every allegation in the FAC's section headings and in all portions of the FAC not

5   contained in numbered paragraphs.  To the extent that the FAC's allegations concern persons or

6   entities other than Thomson SA, Thomson SA denies that such allegations support any claim for

7   relief against Thomson SA.  Thomson SA denies any allegations not explicitly admitted herein.

8   　　　　1.　　　Thomson SA denies the allegations in Paragraphs 14, 15, 28, 32, 114, 152, and 176

9   of Plaintiffs' FAC.  To the extent these paragraphs consist of definitional allegations, no response is

10  required and Thomson SA therefore denies them.

11  　　　　2.　　　To the extent that the allegations in Paragraphs 1, 2, 6 through 9, 12, 16 through 24,

12  35 through 38, 89 through 91, 103, 104, 105, 113, 115 through 117, 119 through 144, 177, 182, 186,

13  187, 189, 190, 191, 203, 214, 218, 219, 221 through 233, 235 through 238, 240 through 242, 245,

14  and 246 of Plaintiffs' FAC relate to persons or entities other than Thomson SA, Thomson SA lacks

15  knowledge or information sufficient to form a belief about their truth and therefore denies them.  To

16  the extent the allegations in those paragraphs relate to Thomson SA, Thomson SA denies them

17  unless expressly admitted below.  Further, Thomson SA denies that it manufactured CRTs or CRT

18  Products, but admits that Thomson Consumer manufactured CPTs and CPT Products.  Thomson SA

19  admits on information and belief that other companies alleged to be conspirators in the FAC have

20  manufactured CPTs and CDTs, but denies that Thomson SA engaged in any conspiracy.  To the

21  extent the allegations in those paragraphs purport to define markets or market activity which require

22  expert opinion and testimony, Thomson SA denies them.  To the extent the allegations in those

23  paragraphs are definitional allegations, no response is required and Thomson SA therefore denies

24  these allegations.

25  　　　　3.　　　Thomson SA lacks knowledge or information sufficient to form a belief about the

26  truth of the allegations in Paragraphs 29 through 31, 39 through 86, 107, 111, 112, 118, 153 through

27  173, 178, 205 through 208, 211, 216, and 244 of Plaintiffs' FAC and therefore denies them.

28

4.      To the extent that the allegations in Paragraphs 11, 179 through 185, 188, 193 through 201, 204, 209, 210, 212, 213, 215, 217, and 239 of Plaintiffs' FAC purport to characterize written documents, Thomson SA denies that Plaintiffs have accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies these allegations.  To the extent those paragraphs contain additional allegations that relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.   To the extent those paragraphs contain allegations that relate to Thomson SA, Thomson SA denies them unless expressly admitted below. To the extent the allegations in those paragraphs purport to define markets or market activity which require expert opinion and testimony, Thomson SA denies them.

5.      Thomson SA admits that the allegations in Paragraphs 106, 108, 109, and 110 purport to contain descriptions of CRT technology and history.  Thomson SA denies that these allegations completely and accurately describe all variants of CRT technology and therefore denies them.  To the extent the allegations in those paragraphs purport to define markets or market activity which require expert opinion and testimony, Thomson SA denies them.

6.      With regard to the allegations in Paragraph 3 of Plaintiffs' FAC, Thomson SA admits that the allegations quote parts of its 2011 and 2012 Annual Reports, but denies any emphasis or alterations in the quoted text and denies that it admitted to any wrongdoing in its Annual Reports.   Thomson SA also admits that the European Commission levied a fine of €38,631,000 million against it in 2012, but denies that the European Commission's investigation or allegations involved any violation of United States antitrust laws or had any relation to the United States CRT market.  Thomson SA denies any remaining allegations in Paragraph 2.

7.      With regard to the allegations in Paragraphs 4 and 5 of Plaintiffs' FAC, Thomson SA denies that it manufactured CRTs or CRT Products, but admits that Thomson Consumer manufactured CPTs and CPT Products.  Thomson SA admits on information and belief that other companies alleged to be conspirators in the FAC have manufactured CPTs and CDTs, but denies that Thomson SA engaged in any conspiracy.  Thomson SA denies that it controlled the "majority of the CRT industry" during the class period.   Thomson SA lacks knowledge or information

sufficient to form a belief about the truth of the other allegations in Paragraphs 4 and 5 and therefore denies them.   To the extent the allegations in Paragraphs 4 and 5 are definitional allegations, no response is required and Thomson SA therefore denies these allegations.

8.    With regard to the allegations in Paragraph 10 of Plaintiffs' FAC, Thomson SA admits that European, Mexican and Brazilian authorities have investigated Thomson SA, but denies that those investigations have any relation to the United States CRT market or have alleged or found violations of United States antitrust laws.  Thomson SA further admits that Thomson Consumer was subpoenaed by the Department of Justice, but states that Thomson Consumer has not been subjected to any criminal enforcement actions in the United States or ever entered into a plea agreement with the Department of Justice.  Thomson SA is aware that several individuals, including C.Y. Lin, have been indicted for violations of antitrust laws, but denies that it participated in any price-fixing conspiracy with these individuals, or that the actions of those individuals had any relation to the allegations concerning Thomson Consumer's activities in the United States CPT market.  Thomson SA denies any remaining allegations in Paragraph 10.

9.    With regard to the allegations in Paragraph 13 of Plaintiffs' FAC, Thomson SA admits that this case is properly related and consolidated with MDL No. 1917, but denies that it participated in any conspiracy or engaged in any unlawful conduct in violation of federal and state antitrust laws and denies that the MDL court has jurisdiction over Thomson SA. Thomson SA denies any remaining allegations in Paragraph 13.

10.    With regard to the first three sentences of Paragraph 25, Thomson SA admits that it is a French corporation with its principal place of business located at 1-5 Rue Jeanne d'Arc, 92130 Issy-les-Moulineaux, France, but denies that Thomson SA ever manufactured, marketed, sold, or distributed CRT products to customers in the United States and denies the remaining allegations in the first three sentences.  Thomson SA denies the allegations in the fourth sentence.  To the extent that the allegations in the fifth through tenth sentences purport to characterize a written document, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context of the written document, and therefore denies those allegations except as expressly admitted herein.  With regard to the fifth sentence, Thomson SA admits that it sold its

1    CRT business to Videocon Industries, Ltd. in 2005 for €240 million.  With regard to the sixth

2    sentence, Thomson SA admits that it invested €240 million in Videocon Industries, Ltd. in 2005 in

3    exchange for 28,867,200 shares of stock, but denies that the investment was "simultaneous" and

4    denies the remainder of the allegations in that sentence.  Thomson SA states that the seventh

5    sentence is vague and ambiguous with respect to "help," "run the CRT business," and "transition

6    period," and therefore denies the allegations in that sentence.  Thomson SA lacks information or

7    belief sufficient to form a belief about the truth of the allegations in the eighth sentence, despite

8    diligent efforts to locate relevant documents, and therefore denies these allegations.  Further,

9    Thomson SA states that the references to "Thomson" in the seventh and eighth sentences of

10   Paragraph 25 are vague and ambiguous, and therefore denies the allegations in those sentences to

11   the extent not expressly admitted herein.  With regard to the ninth sentence, Thomson SA admits

12   that Section 3.1 of the Shareholders' Agreement between Thomson SA and Videocon provided that

13   "One member of the Board of Directors shall be nominated by Thomson," and admits that a

14   Thomson SA employee held a seat on the Videocon Board of Directors until 2009.  With regard to

15   the tenth sentence, Thomson SA admits that it was a minority shareholder in Videocon affiliated

16   entities from July 2005 through the end of the Class Period, but otherwise denies that Plaintiffs'

17   allegations completely and accurately describe Thomson SA's stock ownership in Videocon

18   affiliated entities during that time period.  Thomson SA denies that its ownership interest in

19   Videocon at any point during the alleged Class Period is legally significant in relation to the claims

20   alleged in the FAC.  Thomson SA admits that it changed its name to Technicolor SA on or about

21   January 2010.  Thomson SA denies the allegations in the twelfth sentence of Paragraph 25.  Except

22   as specifically admitted herein, Thomson SA denies the remaining allegations of Paragraph 25 in

23   their entirety.

24        11.    With regard to the first four sentences of Paragraph 26, Thomson SA admits that

25   Thomson Consumer Electronics, Inc., is now known as Technicolor USA, Inc., and that it is a

26   Delaware corporation with its principal place of business located at 1033 N. Meridian Street,

27   Indianapolis, Indiana 47290-1024.  Thomson SA admits that Thomson Consumer is wholly owned

28   by Thomson SA, admits that Thomson Consumer had manufacturing plants in Scranton,

1    Pennsylvania and Marion, Indiana during portions of the Class Period, but denies that Thomson

2    Consumer directly owned CRT manufacturing plants in Mexicali, Mexico.  Thomson SA admits

3    that Thomson Consumer sold CPTs for use in CRT televisions to television manufacturers in North

4    America during portions of the Class Period, but denies the remaining allegations in the first

5    through fourth sentences.  To the extent that the allegations in sentences five through ten purport to

6    characterize a written document, Thomson SA denies that Plaintiffs accurately or completely

7    interpreted, characterized, or stated the substance or context of the written document, and therefore

8    denies those allegations except as expressly admitted herein.  With regard to the fifth sentence,

9    Thomson SA admits that Thomson Consumer's CRT business was sold to Videocon Industries, Ltd.

10   in 2005.  With regard to the allegations in the sixth sentence, Thomson SA incorporates by

11   reference its responses to the identical allegations in Paragraph 25.  Thomson SA states that the

12   seventh sentence is vague in regards to timeframe and denies the allegations in that sentence, except

13   that it admits that Thomson Displays America LLC was wholly owned by Thomson Consumer

14   before it was transferred to Videocon in July 2005.  With regard to the eighth sentence, Thomson

15   SA admits that Thomson Consumer changed its name to Technicolor USA, Inc. in or about June

16   2010.  With regard to the ninth sentence, Thomson SA admits that prior to the sale of its CRT

17   business in 2005, Thomson Consumer manufactured, marketed, sold, or distributed CPT Products in

18   the United States, but otherwise denies the allegations in that sentence.  Thomson SA denies the

19   remaining allegations of Paragraph 26 in their entirety.

20          12.     With regard to the allegations in Paragraph 27, to the extent these allegations state

21   legal contentions, no response is required.  With regard to the allegations in sentence one, Thomson

22   SA admits that it had sufficient minimum contacts with the United States during the Relevant

23   Period to be subject to specific personal jurisdiction in the United States with respect to this action

24   only.  Thomson SA denies the allegations in sentences two through eight in their entirety.  To the

25   extent that the allegations in sentences nine through fourteen purport to characterize written

26   documents, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized,

27   or stated the substance or context of the written documents and therefore denies those allegations.

28   Thomson Consumer admits that the employees listed in sentences twelve and thirteen worked for

Thomson SA and/or Thomson Consumer during the Class Period, but denies that the characterizations of employee titles, roles, and employment dates are accurate or complete and therefore denies these allegations. Thomson SA further denies the allegations contained in sentence fourteen because the term "stationed" is ambiguous and the allegations are vague as to time. Thomson SA denies any remaining allegations in Paragraph 27.

13. With regard to the allegations in Paragraph 33 of Plaintiffs' FAC, Thomson SA states that any references to "Thomson" are vague and ambiguous and therefore denies such allegations to the extent not expressly admitted herein. To the extent that the allegations of Paragraph 33 purport to characterize a written document, Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context of the written document, and therefore denies those allegations. Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentences one and two, except that Thomson SA admits that TDA was formerly known as Thomson Displays Americas LLC. With regard to the third through sixth sentences, Thomson SA admits that Thomson Consumer transferred certain assets to TDA as a capital contribution in 2005 in connection with the sale of its CRT business to Videocon; despite diligent and ongoing searches for relevant records, however, Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations regarding the details of the transfer of assets and rights, and therefore denies the remaining allegations in those sentences. Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentences seven and eight, and therefore denies them. Thomson SA denies the allegations in sentence nine. With regard to the allegations in the tenth sentence, Thomson SA admits that after Videocon acquired Thomson Consumer's CRT assets in September 2005, Brunk transitioned to work for TDA. Thomson SA further admits that Hanrahan's employment with Thomson Consumer ended in February 2012, but denies that he transitioned to work for TDA. Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentence eleven. Sentence twelve contains only a definitional allegation, to which no response is required and which Thomson SA therefore denies. Thomson SA denies that any of the allegations in Paragraph 33 concerning

1    Thomson Consumer's agreement with TDA support in any way Plaintiffs' allegations that Thomson

2    SA violated any laws.  Thomson SA denies any remaining allegations in Paragraph 33.

3         14.    With regard to the allegations in Paragraph 34 of Plaintiffs' FAC, Thomson SA

4    states that any references to "Thomson" are vague and ambiguous and therefore denies such

5    allegations to the extent not expressly admitted herein.   To the extent that the allegations of

6    Paragraph 34 purport to characterize a written document, Thomson SA denies that Plaintiffs

7    accurately or completely interpreted, characterized, or stated the substance or context of the written

8    document, and therefore denies those allegations.  Thomson SA lacks knowledge or information

9    sufficient to form a belief as to the truth of the allegations contained in the first sentence and

10   therefore denies them.   Thomson SA admits the allegations contained in the second and third

11   sentences of Paragraph 34.  With regard to the fourth through eighth sentences, Thomson SA

12   incorporates by reference its responses to the substantially identical allegations in sentences six

13   through ten of Paragraph 25.  In response to the ninth sentence, Thomson SA states that pursuant to

14   a September 30, 2005 Addendum to Share Purchase Agreement between Eagle Corporation and

15   Thomson SA, the purchase price paid by Eagle Corporation was allocated in part "for the interest in

16   Thomson Displays Americas LLC" and "for the shares of Mexicana," among other allocations.

17   Thomson SA lacks knowledge or information sufficient to form a belief about the truth of the

18   allegations in sentences ten and eleven, and therefore denies these allegations.  Thomson SA denies

19   that any of the allegations in Paragraph 34 concerning Thomson SA's agreement with and

20   continued interest in Videocon support in any way Plaintiffs' allegations that Thomson SA violated

21   any laws.  Thomson SA denies any remaining allegations in Paragraph 34.

22        15.    To the extent that the allegations in Paragraph 87 relate to persons or entities other

23   than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to

24   their truth and therefore denies them.  To the extent that the allegations in Paragraph 87 relate to

25   Thomson SA, Thomson SA denies these allegations. Thomson SA denies any remaining allegations

26   in Paragraph 87.

27        16.    To the extent that the allegations in Paragraph 88 relate to persons or entities other

28   than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to

their truth and therefore denies them, except that it admits that TCL Thomson was a joint venture formed between Thomson SA and TCL International Holdings Ltd.   Thomson SA ceased any ownership or interest in TCL Thomson in 2010.   Thomson SA denies that it manufactured, marketed, sold, or distributed CRT Products in the United States.   Thomson SA denies any remaining allegations in Paragraph 88.

17.   With regard to the allegations in Paragraphs 92 through 102, Thomson SA acknowledges that Plaintiffs purport to bring this action on behalf of the class described in Paragraph 92, but denies that the proposed class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure.   Thomson SA admits that the putative class, if certified, would include those who only indirectly purchased CRTs by purchasing CRT Products, as alleged in Paragraph 93, but denies that those class members have standing to sue on that basis and therefore denies that the class as defined is appropriate for certification under Rule 23.   Thomson SA is without knowledge or belief sufficient to form a belief about the truth of the allegations in Paragraph 99 regarding the adequacy of class counsel, but denies the remaining allegations in that paragraph.   Thomson SA denies the remaining allegations in Paragraphs 92 through 102 in their entirety and denies that the proposed class should be certified.

18.   With regard to the allegations in Paragraphs 145 and 147 of Plaintiffs' FAC, Thomson SA admits that the allegations quote parts of its Annual Reports, but denies any emphasis or alterations in the quoted text, denies that it admitted to any wrongdoing in its Annual Reports, and denies that Plaintiffs have accurately or completely interpreted, characterized, or stated the substance or context of the quoted statements.   Thomson SA denies any remaining allegations in Paragraphs 145 and 147.

19.   With regard to the allegations in Paragraph 146 of Plaintiffs' FAC, Thomson SA states that the use of the term "Thomson" renders these paragraphs vague and uncertain as to Thomson SA.   To the extent that the allegations purport to characterize written documents, Thomson SA denies that Plaintiffs have accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies those allegations. Thomson SA admits that the European Commission investigated CRT price-fixing and levied fines

against various companies, including a fine of €38,631,000 million against Thomson SA in 2012 and that its fine was reduced due to Thomson SA's cooperation and inability to pay, but denies that any allegations, conduct, or cooperation in Europe support in any way Plaintiffs' allegations that Thomson SA violated United States antitrust laws or that alleged conduct in Europe had any relation to the United States CRT market. Thomson SA denies any and all remaining allegations in Paragraph 146.

20.    With regard to the allegations in Paragraph 148 of Plaintiff's FAC, Thomson SA states that any references to "Thomson" are vague and ambiguous. To the extent that the allegations relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them. To the extent that the remaining allegations relate to Thomson SA, Thomson SA denies these allegations. To the extent that the allegations purport to characterize written documents and deposition testimony, Thomson SA denies that Plaintiff has accurately or completely interpreted, characterized, or stated the substance or context of the written documents and therefore denies those allegations. Thomson SA denies that it engaged in, or conspired with others to engage in, any violations of United States antitrust laws. Thomson SA further denies that the alleged actions of individuals in Paragraph 148 would, if proven, be imputable to Thomson SA and that they relate to the sale of CRTs in the United States.

21.    With regard to the allegations in Paragraph 149, Thomson SA admits solely that it retained at least a de minimis ownership interest in Videocon between 2005 and the end of the alleged Class Period and with regard to which Thomson SA incorporates by reference its responses to sentences six and ten of Paragraph 25. Thomson SA denies that it participated in the alleged conspiracy, and denies that any of the allegations in Paragraph 149 concerning Thomson SA's agreement with and continued interest in Videocon support in any way Plaintiff's allegations that Thomson SA violated any laws.

22.    To the extent that the allegations in Paragraph 150 relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them. To the extent that the allegations in Paragraph 150 purport to

characterize written documents and deposition testimony, Thomson SA denies that Plaintiffs have accurately or completely interpreted, characterized, or stated the substance or context of the written documents and deposition testimony and therefore denies those allegations. To the extent that the remaining allegations in Paragraph 150 relate to Thomson SA, Thomson SA denies these allegations.

23.    With regard to the allegations in Paragraph 151, Thomson SA states that the use of the term "Thomson" renders the allegations vague and uncertain as to Thomson SA. To the extent that the allegations relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them. To the extent that the allegations purport to characterize written documents and deposition testimony, Thomson SA denies that Plaintiffs have accurately or completely interpreted, characterized, or stated the substance or context of the written documents and deposition testimony and therefore denies those allegations. To the extent that the allegations relate to Thomson SA, Thomson SA denies these allegations.

24.    With regard to the allegations in Paragraph 174, Thomson SA states that the use of the term "Thomson" renders the allegations vague and uncertain as to Thomson SA. To the extent that the allegations relate to persons or entities other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them. With respect to the allegations contained in the sixth sentence, Thomson SA admits that Didier Trutt received and occupied a seat on Videocon's board until 2009, but denies the remaining allegations in the sixth sentence. To the extent that the remaining allegations in Paragraph 174 relate to Thomson SA, Thomson SA denies these allegations. Thomson SA denies that any of the allegations in Paragraph 174 concerning Thomson SA's agreement with and continued interest in Videocon support in any way Plaintiffs' allegations that Thomson SA violated any laws.

25.    With regard to the allegations in Paragraph 175, Thomson SA states that the use of the term "Thomson" renders the allegations vague and uncertain as to Thomson SA. Thomson SA admits that after Videocon acquired Thomson Consumer's CRT assets in September 2005, Brunk transitioned to work for TDA. Thomson SA further admits that Hanrahan's employment with

1   Thomson Consumer ended in February 2012, but denies that he transitioned to work for TDA.

2   Thomson SA denies that Brunk and Hanrahan attended conspiracy meetings on behalf of Thomson

3   Consumer or Thomson SA.  To the extent that the remaining allegations relate to persons or entities

4   other than Thomson SA, Thomson SA lacks knowledge or information sufficient to form a belief as

5   to their truth and therefore denies them.  To the extent that the remaining allegations relate to

6   Thomson SA, Thomson SA denies these allegations.  Thomson SA denies that any of the

7   allegations in Paragraph 175 concerning Thomson Consumer's agreement with TDA support in any

8   way Plaintiffs' allegations that Thomson SA violated any laws.  Thomson SA denies any remaining

9   allegations in Paragraph 175.

10          26.     With regard to the allegations in Paragraphs 192 and 202 of Plaintiffs' FAC,

11  Thomson SA states that the use of the term "Thomson" renders these paragraphs vague and

12  uncertain as to Thomson SA and therefore denies such allegations to the extent not expressly

13  admitted herein.  Thomson SA admits that the European Commission opened an investigation but

14  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

15  allegations regarding the scope or timing of the investigations and therefore denies them.  Thomson

16  SA admits that the European Commission alleged that several companies, including Thomson SA,

17  engaged in anticompetitive conduct in Europe and levied a fine of €38,631,000 million against

18  Thomson SA in 2012, but denies that the European Commission's investigation or allegations in

19  Europe support in any way Plaintiffs' allegations that Thomson SA violated any United States

20  antitrust laws or that alleged conduct in Europe had any relation to the United States CRT market.

21  Thomson SA denies any remaining allegations in Paragraphs 192 and 202.

22          27.     With regard to Paragraphs 220, Thomson SA incorporates by reference all of the

23  above responses and statements.

24          28.     To the extent Paragraph 234 consists of legal contentions, no response is required.

25  To the extent that Paragraph 234 purports to characterize a written document, Thomson SA denies

26  that Plaintiffs accurately or completely interpreted, characterized, or stated the substance or context

27  of the written document and therefore denies the allegations in Paragraph 234.  Thomson SA further

28  states that any references to "Thomson" are vague and ambiguous and therefore denies such

1 | allegations to the extent not expressly admitted herein.   Thomson SA further denies that it

2 | participated in any conspiracy to violate antitrust laws or engaged in any efforts to conceal such a

3 | conspiracy.  Thomson SA denies any remaining allegations in Paragraph 234.

4 |             29.     To the extent that Paragraph 243 purports to characterize a written document,

5 | Thomson SA denies that Plaintiffs accurately or completely interpreted, characterized, or stated the

6 | substance or context of the written document and therefore denies the allegations in Paragraph 234

7 | except as admitted in this paragraph. Thomson SA admits that effective November 4, 2011,

8 | Thomson SA and Plaintiffs entered into a "Tolling Agreement."  The Tolling Agreement provided

9 | in relevant part that (1) Plaintiffs would not add Thomson as a defendant to the MDL proceeding

10 | during the pendency of the agreement; (2) all limitations period would be tolled during the

11 | pendency of the agreement; and (3) the Tolling Agreement would not revive any statute of

12 | limitations that had already expired on the effective date of the agreement.  Thomson SA admits

13 | that the Tolling Agreement remained in effect as of the date of the filing of the FAC, but only with

14 | regard to the claims by the named Plaintiffs in this FAC.

15 | **DEFENSES**

16 |             Without assuming any burden it would not otherwise bear, and reserving its right to amend

17 | its Answer to assert additional defenses as they may become known during discovery, Thomson SA

18 | asserts the following separate, additional and/or affirmative defenses:

19 | **FIRST DEFENSE**

20 | **(Failure to State a Claim)**

21 |             The FAC fails to state a claim upon which relief can be granted.

22 | **SECOND DEFENSE**

23 | **(Statute of Limitations)**

24 |             Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

25 | by the applicable statutes of limitations.

26 |

27 |

28 |

**THIRD DEFENSE**

**(Failure to Plead Fraud With Particularity)**

The statutes of limitations are not tolled because Plaintiffs have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

**FOURTH DEFENSE**

**(Failure to Plead Conspiracy With Particularity)**

Plaintiffs' claims are barred in whole or part because the FAC fails to plead conspiracy with particularity required under applicable law.

**FIFTH DEFENSE**

**(Withdrawal)**

Plaintiffs' claims are barred, in whole or in part, by reason of Thomson SA's withdrawal from or abandonment of any alleged conspiracy.

**SIXTH DEFENSE**

**(Claim Splitting and Election of Remedies)**

Plaintiffs' claims are barred, in whole or in part, by reason of claim splitting.

**SEVENTH DEFENSE**

**(Laches)**

Plaintiffs' claims are barred, in whole or in part, under the doctrine of laches.

**EIGHTH DEFENSE**

**(Estoppel, Waiver, or Unclean Hands)**

Plaintiffs' claims are barred, in whole or in part, under the doctrines of estoppel, waiver, and/or unclean hands.

**NINTH DEFENSE**

**(Reasonable Justification)**

Plaintiffs' claims are barred, in whole or in part, because all of the actions of Thomson SA being challenged by Plaintiffs were lawful, justified, procompetitive, constitute bona fide business competition, and were carried out in furtherance of Thomson SA's legitimate business interests.

**TENTH DEFENSE**

**(Acquiescence)**

Plaintiffs' claims are barred, in whole or in part, by reason of Plaintiffs' acquiescence to the conduct of Thomson SA.

**ELEVENTH DEFENSE**

**(Accord and Satisfaction, Release and Settlement)**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, release and settlement.

**TWELFTH DEFENSE**

**(Government Privilege/Non-Actionable)**

Plaintiffs' claims are barred, in whole or in part, because the conduct of Thomson SA alleged in the FAC was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and as such is non-actionable or privileged.

**THIRTEENTH DEFENSE**

**(Lack of Standing)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring the claims asserted in the FAC.

**FOURTEENTH DEFENSE**

**(Intervening Causes)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if any, stemmed from intervening or superseding causes.

**FIFTEENTH DEFENSE**

**(Lack of Antitrust Injury)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered an antitrust injury.

## SIXTEENTH DEFENSE

### (No Act of Thomson SA)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not been injured in their business or property by reason of any action of Thomson SA.

## SEVENTEENTH DEFENSE

### (Speculative Damages)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

## EIGHTEENTH DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' claims are barred from recovery of damages, in whole or in part, because of and to the extent of Plaintiffs' failure to mitigate damages.

## NINETEENTH DEFENSE

### (Pass Through)

Plaintiffs' claims for an illegal overcharge are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to Plaintiffs.

## TWENTIETH DEFENSE

### (Available Remedy at Law)

Plaintiffs' claims or causes of action for injunction or other equitable relief are barred, in whole or in part, because Plaintiffs have available an adequate remedy at law.

## TWENTY-FIRST DEFENSE

### (Lack of Standing for Prospective Relief)

Plaintiffs' claims or causes of action are barred, in whole or in part, because Plaintiffs seeks to enjoin alleged events that have already transpired and without the requisite showing of threatened future harm or continuing violation.

## TWENTY-SECOND DEFENSE

### (Vagueness)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous or unintelligible. Plaintiffs do not describe the events or legal theories with sufficient particularity to permit Thomson SA to ascertain what other defenses may exist.

## TWENTY-THIRD DEFENSE

### (Unjust Enrichment)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the FAC.

## TWENTY-FOURTH DEFENSE

### (Restitution)

Plaintiffs' claims are barred from recovery of damages, in whole or in part, to the extent that any restitution or award of damages to Plaintiffs would be excessive and punitive, and disproportionate to any alleged injury suffered by Plaintiffs.

## TWENTY-FIFTH DEFENSE

### (Comparative Fault)

Plaintiffs' claims are barred, in whole or in part, to the extent the injuries alleged in the FAC were directly and proximately caused by or contributed to by the statements, acts, or omissions of Plaintiffs or third persons or entities unaffiliated with Thomson SA.

## TWENTY-SIXTH DEFENSE

### (Res Judicata or Collateral Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata or collateral estoppel.

## TWENTY-SEVENTH DEFENSE

### (Foreign Trade Antitrust Improvements Act)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

### TWENTY-EIGHTH DEFENSE

**(Foreign Sales)**

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seeks to recover damages, if any, based on sales outside of the United States.

### TWENTY-NINTH DEFENSE

**(Improper Joinder)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences and do not involve questions of law or fact common to all defendants.

### THIRTIETH DEFENSE

**(Failure to Exhaust Remedies)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exhaust all remedies against the parties with whom Plaintiffs are in privity.

### THIRTY-FIRST DEFENSE

**(No Multiple Recoveries)**

Plaintiffs' claims are barred, in whole or in part, to the extent they would result in Thomson SA paying damages to more than one claimant for the same alleged overcharge, because such multiple recoveries would violate rights guaranteed to the Thomson SA by applicable states' laws and the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

### THIRTY-SECOND DEFENSE

**(Voluntary Payment Doctrine)**

Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine, under which Plaintiffs are not entitled to recover payments made with full knowledge of the facts.

1

## THIRTY-THIRD DEFENSE

2

### (Set Off)

3       Without admitting that Plaintiffs are entitled to recover damages from Thomson SA in this

4   matter, Thomson SA is entitled to set off from any recovery Plaintiffs obtains against Thomson SA

5   any amount paid to under settlements with other defendants in this or related matters.

6

## THIRTY-FOURTH DEFENSE

7

### (Privilege)

8       Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

9   because any action taken by or on behalf of Thomson SA was justified, constituted *bona fide*

10  business competition, and was taken in pursuit of its own legitimate business and economic interests

11  and is therefore privileged.

12

## THIRTY-FIFTH DEFENSE

13

### (Forum Non Conveniens)

14      The FAC should be dismissed on the grounds of forum non conveniens to the extent the

15  claims are governed by the laws of foreign states.

16

## THIRTY-SIXTH DEFENSE

17

### (Improper Venue)

18      Plaintiffs' claims are barred, in whole or in part, because venue does not lie in this Court.

19

## THIRTY-SEVENTH DEFENSE

20

### (Improper Forum/Arbitration)

21      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

22  because Plaintiffs have agreed to arbitration or chose a different forum for the resolution of their

23  claims.

24

## THIRTY-EIGHTH DEFENSE

25

### (Intervening Conduct)

26      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

27  because any alleged injuries and damages were not legally or proximately caused by any acts or

28  omissions of Thomson SA or were caused, if at all, solely and proximately by the conduct of third

1  parties, including, without limitations, the prior, intervening, or superseding conduct of such third

2  parties.

### THIRTY-NINTH DEFENSE

#### (Lack of Subject-Matter Jurisdiction)

5  This Court lacks subject-matter jurisdiction over Plaintiffs' claims pursuant to, but not

6  limited to, the Foreign Trade Antitrust Improvements Act, and because the conduct alleged to

7  provide a basis for Plaintiffs' claims did not have a direct, substantial, and reasonably foreseeable

8  effect on trade or commerce within the United States.

### FORTIETH DEFENSE

#### (Indispensable Parties)

11  Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

12  for failure to join indispensable parties.

### FORTY-FIRST DEFENSE

#### (Incorporation of Defenses of Others)

15  Thomson SA adopts by reference any applicable defense pleaded by any other defendant not

16  otherwise expressly set forth herein.

### FORTY-SECOND DEFENSE

#### (Reservation of Other Defenses)

19  Thomson SA reserves the right to assert other defenses as this action proceeds up to and

20  including the time of trial.

### THOMSON SA'S PRAYER FOR RELIEF

22  WHEREFORE, Thomson SA prays for judgment as follows:

23  1.    That Plaintiffs takes nothing by reason of the FAC, and that the action be dismissed

24  with prejudice,

25  2.    That the Court enter judgment in favor of Thomson SA and against Plaintiffs with

26  respect to all causes of action in the FAC,

27  3.    That the Court award Thomson SA its attorneys' fees and other costs reasonably

28  incurred in the defense of this action, and

1         4.    That the Court award Thomson SA such other and further relief as the Court may

2    deem just and proper.

Dated:  January __, 2015

Respectfully submitted,

/s/ Kathy L. Osborn
Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203
Telephone: +1 303-607-3500
Facsimile:  +1 303-607-3600
jeff.roberts@FaegreBD.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1 650 324-6700
Facsimile: +1 650 324-6701
calvin.litsey@FaegreBD.com

Stephen M. Judge (pro hac vice)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

***Attorneys for Defendant Thomson SA***