1  Jon V. Swenson (SBN 233054)
   BAKER BOTTS LLP
2  620 Hansen Way
   Palo Alto, CA 94304
3  Telephone: (650) 739-7500
4  Facsimile: (650) 739-7699
   Email: jon.swenson@bakerbotts.com
5
   John M. Taladay (*pro hac vice*)
6  Erik T. Koons (*pro hac vice*)
   Charles M. Malaise (*pro hac vice*)
7  BAKER BOTTS LLP
   1299 Pennsylvania Ave., N.W.
8  Washington, DC 20004-2400
9  Telephone: (202) 639-7700
   Facsimile: (202) 639-7890
10 Email: john.taladay@bakerbotts.com
   Email: erik.koons@bakerbotts.com
11 Email: charles.malaise@bakerbotts.com

12 *Attorneys for Koninklijke Philips N.V., Philips
   Electronics North America Corporation, Philips Taiwan
13 Limited, and Philips do Brasil Ltda.*

14                UNITED STATES DISTRICT COURT
15                NORTHERN DISTRICT OF CALIFORNIA
                  SAN FRANCISCO DIVISION
16

17 In re: CATHODE RAY TUBE (CRT)       ) Case No. 07-5944-SC
   ANTITRUST LITIGATION                )
18                                     ) MDL No. 1917
                                       )
19                                     ) **DEFENDANT KONINKLIJKE PHILIP**
                                       ) **N.V.'S, PHILIPS ELECTRONICS NORTH**
20 This Document Relates to:           ) **AMERICA CORPORATION'S, PHILIPS**
                                       ) **TAIWAN LIMITED'S, AND PHILIPS DO**
21 *Electrograph Sys., Inc. v. Hitachi, Ltd.*, ) **BRASIL LTDA.'S OPPOSITION TO DELL**
   No. 11-cv-01656;                    ) **INC.'S AND DELL PRODUCTS'**
22                                     ) **ADMINISTRATIVE MOTION PURSUANT**
   *Electrograph Sys., Inc. v. Technicolor SA*, ) **TO L.R. 7-11 FOR EXCESS PAGES**
23 No. 13-cv-05724;                    )
                                       )
24 *Siegel v. Hitachi, Ltd.*,          ) Hon. Samuel P. Conti
   No. 11-cv-05502;                    )
25                                     )
                                       )
26 *Siegel v. Technicolor SA*,         )
   No. 13-cv-05261;                    )
27                                     )
                                       )
28 *Best Buy Co., Inc. v. Hitachi, Ltd.*, )
   No. 11-cv-05513;                    )

| | | |
|---|---|---|
| 1 | | ) |
| 2 | *Best Buy Co., Inc. v. Technicolor SA,*<br>No. 13-cv-05264; | )<br>)<br>) |
| 3 | *Interbond Corp. of Am. v. Hitachi, Ltd.,* | )<br>) |
| 4 | No. 11-cv-06275; | )<br>) |
| 5 | *Interbond Corp. of Am. v. Technicolor SA,*<br>No. 13-cv-05727; | )<br>)<br>) |
| 6 | | ) |
| 7 | *Office Depot, Inc. v. Hitachi, Ltd.,*<br>No. 11-cv-06276; | )<br>)<br>) |
| 8 | | ) |
| 9 | *Office Depot, Inc. v. Technicolor SA,*<br>No. 13-cv-05726; | )<br>)<br>) |
| 10 | *CompuCom Sys., Inc. v. Hitachi, Ltd.,* | )<br>) |
| 11 | No. 11-cv-06396; | )<br>) |
| 12 | *P.C. Richard & Son Long Island Corp. v.*<br>*Hitachi, Ltd.,* | )<br>)<br>) |
| 13 | No. 12-cv-02648; | )<br>) |
| 14 | *P.C. Richard & Son Long Island Corp. v.* | )<br>) |
| 15 | *Technicolor SA,*<br>No. 13-cv-05725; | )<br>)<br>) |
| 16 | | ) |
| 17 | *Schultze Agency Servs., LLC v. Hitachi, Ltd.,*<br>No. 12-cv-02649; | )<br>)<br>) |
| 18 | *Schultze Agency Servs., LLC v. Technicolor SA,* | )<br>) |
| 19 | No. 13-cv-05668; | )<br>) |
| 20 | *Tech Data Corp. v. Hitachi, Ltd.,*<br>No. 13-cv-00157; | )<br>)<br>) |
| 21 | | ) |
| 22 | *Dell Inc. v. Hitachi Ltd.,*<br>No. 13-cv-02171; | )<br>)<br>) |
| 23 | | ) |
| 24 | *Sears, Roebuck and Co. and Kmart Corp. v.*<br>*Technicolor SA,* | )<br>)<br>) |
| 25 | No. 13-cv-05262 | )<br>) |
| 26 | *Sears, Roebuck and Co. and Kmart Corp. v.*<br>*Chunghwa Picture Tubes, Ltd.,* | )<br>)<br>) |
| 27 | No. 11-cv-05514 | )<br>) |
| 28 | *Sharp Electronics Corp. v. Hitachi Ltd.,*<br>No. 13-cv-1173 SC | )<br>)<br>) |

PHILIPS DEFENDANTS' OPPOSITION TO DELL INC.'S AND DELL PRODUCTS' ADMINISTRATIVE MOTION PURSUANT TO L.R. 7-11 FOR EXCESS PAGES

| | |
|---|---|
| *Sharp Electronics Corp. v. Koninklijke Philips Elecs., N.V.*, No. 13-cv-2776 SC | ) ) ) ) ) |
| *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-2510 SC | ) ) ) ) ) |
| *All Indirect Purchaser Actions* | ) ) ) ) |

Defendants Koninklijke Philips N.V. ("KPNV"), Philips Electronics North America Corporation ("PENAC"), Philips Taiwan Limited ("PTL"), and Philips do Brasil Ltda. ("PDBL") (collectively, "Philips Defendants") respectfully submit this opposition to Plaintiffs Dell, Inc.'s and Dell Products L.P.'s Administrative Motion Pursuant to L.R. 7-11 for Excess Pages, which was filed on behalf of all Plaintiffs identified in the case caption.

On November 7, 2014, KPNV on the one hand, and PENAC, PTL, and PDBL on the other, filed separate motions for summary judgment based on completely different factual and legal theories: (i) KPNV asserts that it is entitled to summary judgment on all claims because there is no evidence that it ever joined any alleged conspiracy, and (ii) PENAC, PTL, and PDBL assert that they are entitled to partial summary judgment because the undisputed record shows that if they had ever participated in the alleged conspiracy, they withdrew no later than June 2001, when all CRT manufacturing assets were sold to LG.Philips Displays B.V., a wholly separate legal entity. The issues raised in those motions are not only distinct, but they are critically important to distinguishing the potential liability of *each* of the respective Defendants. Because these are separate corporate entities with separate grounds for summary judgment based on separate facts, they filed separate motions. And they intend to file separate replies. Plaintiffs' request to file a single opposition is designed to conflate these separate and straight forward motions and thereby increase the burden on the Court and the parties and prejudice the Philips Defendants.

Plaintiffs summarily assert that a consolidated opposition "would reduce the burden on the parties and the Court," Motion at 3, but never explain why that is so. To the contrary, Plaintiffs' proposal to jumble their opposition arguments to separate motions into a single filing will force the Court and the parties to ferret through a consolidated opposition to find which aspects of the opposition relate to which summary judgment motion. The only specific potential benefit identified by Plaintiffs is that they would submit no more than 35 pages in opposition, as opposed to the 50 pages they would be permitted with two separate opposition briefs. Yet, it is unclear why Plaintiffs would purportedly need an additional 15 pages to address the motions separately. Even assuming that filing separate oppositions would indeed increase the total page count required to oppose the two motions, the

potential benefit of that "savings" is far outweighed by the burden on the Court and the Philips Defendants to attempt to unscramble these arguments.

In addition, although not stated expressly, Plaintiffs' ulterior motive is not difficult to discern. Since the outset of these proceedings, Plaintiffs have vigorously attempted to paint all Philips-related Defendants with a giant "Philips" brush in an attempt to obscure the fact that each defendant is a legally separate corporate entity.[1]  The Philips Defendants' motions appropriately separate out these distinct corporate entities to establish that Plaintiffs' evidence is insufficient to overcome summary judgment.  For example, the focus of KPNV's motion is that the Plaintiffs can proffer no evidence that KPNV ever made, marketed, or sold any CRTs or CRT Products or participated in a single alleged cartel meeting or agreement.  If permitted to file a single opposition, Plaintiffs' anticipated shotgun response would be that "Philips" sold CRTs and/or participated in an alleged meeting, which would allow Plaintiffs to sidestep the indisputable evidence that KPNV engaged in no conduct that could expose it to liability in these proceedings.  Plaintiffs should be required to respond to the two separate motions with the precision required to maintain their suits against *each* Philips Defendant.  *See In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896, 904 (N.D. Cal. 2008) (recognizing that at summary judgment "Plaintiffs will need to provide evidence of each Defendants' participation in any conspiracy"); *In re Citric Acid Litig.*, 996 F. Supp. 951, 961 (N.D. Cal. 1998), *aff'd*, 191 F.3d 1090 (9th Cir. 1999) (granting defendant's motion for summary judgment because evidence failed to raise a genuine issue of material fact as to whether defendant was a member of the antitrust conspiracy); *Sun Microsystems Inc. v. Hynix Semiconductor Inc.,* 608 F. Supp. 2d 1166, 1193–94 (N.D. Cal. 2009).

---

[1] *See, e.g.*, First Amended Complaint by Plaintiffs Dell Inc. and Dell Products L.P. ¶¶ 43, 47 (June 10, 2013) (acknowledging that PENAC, PTL, and PBDL are "separately incorporated subsidiaries" of KPNV, but then defining "Philips" to include KPNV, PENAC, PTL, and PBDL); *id*. ¶ 106 (alleging representatives from "Philips" met with alleged co-conspirators); *id*. ¶ 131 (alleging individuals from "Philips" had bilateral discussions with Thomson); Objections and Responses by Plaintiffs Dell Inc. and Dell Products L.P. to Defendant KPNV's First Set of Interrogatories, Supplemental Attachment A (Sept. 11, 2014) (listing meetings of the alleged conspiracy that were allegedly attended by "Philips").

Accordingly, the Philips Defendants respectfully submit that the Court should deny Plaintiffs' Administrative Motion Pursuant to L.R. 7-11 for Excess Pages.

Dated: December 19, 2014

By: /s/ Erik T. Koons
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Limited, and Philips do Brasil Ltda.*