Michael P. Kenny, Esq. (admitted *pro hac vice*)
mike.kenny@alston.com
Debra D. Bernstein, Esq. (admitted *pro hac vice*)
debra.bernstein@alston.com
Matthew D. Kent, Esq. (admitted *pro hac vice*)
matthew.kent@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917 |
| This Document Relates to: Individual Case No. 13-cv-2171 (SC)<br><br>DELL INC. AND DELL PRODUCTS L.P.,<br><br>　　　PLAINTIFFS,<br><br>　　　v.<br><br>HITACHI, LTD., *ET AL*.,<br><br>　　　DEFENDANTS. | **DECLARATION OF MATTHEW D. KENT IN SUPPORT OF DELL INC. AND DELL PRODUCTS L.P.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |

I, **MATTHEW D. KENT**, declare as follows:

1. I am a Senior Associate with the law firm of Alston & Bird LLP, counsel for Plaintiffs Dell Inc. and Dell Products L.P. (collectively, "Dell") in the above-captioned action currently pending in the U.S. District Court for the Northern District of California. I submit this declaration in support of Dell's Administrative Motion to File Documents Under Seal, related to Dell's Opposition to Defendants' Motion for Summary Judgment with Respect to Dell's Foreign Purchases Under the FTAIA ("Dell's FTAIA Opposition"). I have personal knowledge of the facts stated herein, and I could and would competently testify thereto if called as a witness.

2. I am a member in good standing of the State Bar of Georgia and am admitted to practice before the U.S. District Court for the Northern District of Georgia. I have also been admitted to this Court *pro hac vice* as counsel for Dell pursuant to the Court's Pretrial Order No. 1 in the MDL Proceeding.

3. Pursuant to Civil Local Rules 7-11 and 79-5, and in accordance with this Court's General Order No. 62, effective May 10, 2010, Dell, by and through its counsel, respectfully requests an Order permitting it to file under seal portions of Dell's FTAIA Opposition and Exhibits 1-2 and 4-26 to the Declaration of Debra D. Bernstein in Support of Dell's FTAIA Opposition ("Bernstein Declaration").

4. **Exhibit 1** to the Bernstein Declaration is a composite exhibit consisting of true and correct copies of the Assignment Agreements between Dell Inc. and its Foreign Affiliates—Dell (China) Company Ltd., Dell (Xiamen) Company Ltd., Dell Asia Pacific Sdn Bhd, Dell Computadores Do Brasil, Dell Global BV - Singapore Branch, Dell India Private Limited, and Dell Products (Europe)—whereby Dell's Foreign Affiliates assigned all claims related to price fixing of CRTs or products containing CRTs to Dell Inc. The documents contained in Exhibit 1 were produced by Dell and bear bates numbers DELL-CRT-00095102–DELL-CRT-00095122. Exhibit 1 consists of non-public, confidential legal agreement between internal Dell entities. Dell considers this information to be confidential and sensitive business information

5. **Exhibit 2** to the Bernstein Declaration is a true and correct copy of the April 15, 2014,

2

DECL. OF MATTHEW D. KENT IN SUPPORT        MASTER FILE NO. 3:07-CV-05944-SC
OF ADMIN. MOTION TO SEAL                   MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

Expert Report of Mohan Rao, designated by Dell as Highly Confidential. Exhibit 2 contains confidential, non-public information regarding Dell's business practices and Dell financial information. This includes the identification of Dell's suppliers and express references to the financial terms of certain confidential agreements with suppliers. Dell considers this information to be confidential and sensitive business information, the public disclosure of which would be harmful to Dell. In addition, Exhibit 2 contains excerpts from or references to materials designated by other parties as "Confidential" or "Highly Confidential" under the Protective Order.

6.  **Exhibit 4** to the Bernstein Declaration is a true and correct copy of the Minutes of the May 20, 1999 Glass Conspiracy Meeting, produced by Chunghwa bearing bates numbers CHU00029191–CHU00029194, accompanied by a certified English translation, designated by Defendants as "Confidential" or "Highly Confidential" under the Protective Order.

7.  **Exhibit 5** to the Bernstein Declaration is a true and correct copy of the Minutes of the August 23, 1999 Glass Conspiracy Meeting, produced by Chunghwa bearing bates numbers CHU00029179–CHU00029184, accompanied by a certified English translation, designated by Defendants as "Confidential" or "Highly Confidential" under the Protective Order.

8.  **Exhibit 6** to the Bernstein Declaration are true and correct copies of portions of the Transcript of the June 2, 2014, Deposition of Dell Inc.'s and Dell Products L.P.'s Rule 30(b)(6) corporate representative Julie French, designated by Dell as Highly Confidential. Exhibit 6 includes information on Dell's internal operations and processes with respect to CRT procurement, as well as the identification of suppliers. Dell considers this information to be confidential and sensitive business information, the public disclosure of which would be harmful to Dell.

9.  **Exhibit 7** to the Bernstein Declaration is a true and correct copy of Dell's June 16, 2014 Supplemental Responses to LGE and SDI's First Set of Interrogatories, which Dell has designated pursuant to the Protective Order as Highly Confidential. The responses contain information regarding Dell's internal processes and procedures, including the procurement system for CRT monitors. Dell considers this information to be confidential and sensitive business information, the public disclosure of which would be harmful to Dell.

10. **Exhibit 8** to the Bernstein Declaration is a true and correct copy of the Master Purchase Agreement Between Dell Products L.P. and U.S. Philips Corporation effective October 1, 1998, produced by Dell and bearing bates numbers DELL-CRT-00095340–DELL-CRT-00095356, which Dell has designated pursuant to the Protective Order as Highly Confidential.  Exhibit 8 contains confidential and competitively sensitive information regarding Dell's procurement of CRT monitors, including pricing information and other competitively sensitive terms.  Exhibit 8 also contains confidential and competitively sensitive information regarding U.S. Philips Corporation's supply of CRT monitors and other products to Dell.  The parties' disclosure of confidential information under the agreement was governed by an existing non-disclosure agreement between the parties.  Exhibit 8 contains confidential and sensitive business information, the public disclosure of which would be harmful to both parties.

11. **Exhibit 9** to the Bernstein Declaration is a true and correct copy of the Master Purchase Agreement Between Dell Products L.P. and Samsung Electronics Co., Ltd. executed October 16, 1998, produced by DELL and bearing bates numbers DELL-CRT-00095476–DELL-CRT-00095496, which Dell has designated pursuant to the Protective Order as Highly Confidential.  Exhibit 9 contains confidential and competitively sensitive information regarding Dell's procurement of CRT monitors, including pricing information and other competitively sensitive terms.  Exhibit 9 also contains confidential and competitively sensitive information regarding Samsung Electronics Co.'s supply of CRT monitors and other products to Dell.  The parties' disclosure of confidential information under the agreement was governed by an existing non-disclosure agreement between the parties.  Exhibit 9 contains confidential and sensitive business information, the public disclosure of which would be harmful to both parties.

12. **Exhibit 10** to the Bernstein Declaration are true and correct copies of portions of the Transcript of the December 12, 2013 Deposition of Jim Smith, designated by Defendants as Highly Confidential.

13. **Exhibit 11** to the Bernstein Declaration are true and correct copies of portions of the Transcript of the February 19, 2013 Deposition of Chih Chun Liu, designated by Defendants as Highly

Confidential.

14.     **Exhibit 12** to the Bernstein Declaration are true and correct copies of portions of the Transcript of the July 19, 2013 Deposition of J.K. Jung, designated by Defendants as Highly Confidential.

15.     **Exhibit 13** to the Bernstein Declaration is a true and correct copy of a June 3, 2002 PowerPoint created by J.K. Jung for a presentation by LG Philips Displays titled "OEM Business Overview (esp. Dell, HP)", which was marked as Deposition Exhibit 1881. Exhibit 13 contains confidential and competitively sensitive information regarding Dell's procurement of CRT monitors, including pricing information and other competitively sensitive terms. Exhibit 13 also contains confidential and competitively sensitive information regarding LG Philips Displays' supply of CRT monitors and other products to Dell. Exhibit 13 contains confidential and sensitive business information, the public disclosure of which would be harmful to both parties.

16.     **Exhibit 14** to the Bernstein Declaration is a true and correct copy of a Report of a February 24, 1997 Glass Conspiracy meeting, produced by Chunghwa and bearing bates numbers CHU00032057–CHU00032058, accompanied by a certified English translation, designated by Defendants as "Confidential" or "Highly Confidential" under the Protective Order.

17.     **Exhibit 15** to the Bernstein Declaration is a true and correct copy of a Report of a March 15, 1999 Glass Conspiracy meeting, produced by Chunghwa and bearing bates numbers CHU00030731–CHU00030733, accompanied by a certified English translation, designated by Defendants as "Confidential" or "Highly Confidential" under the Protective Order.

18.     **Exhibit 16** to the Bernstein Declaration is a true and correct copy of a Report of a July 2, 2004 Glass Conspiracy meeting, produced by Chunghwa and bearing bates numbers CHU00031254–CHU00031254, accompanied by a certified English translation, designated by Defendants as "Confidential" or "Highly Confidential" under the Protective Order.

19.     **Exhibit 17** to the Bernstein Declaration is a true and correct copy of a Report of a January 18, 1999 Glass Conspiracy meeting, produced by Chunghwa and bearing bates numbers CHU00030701–CHU00030704, accompanied by a certified English translation, designated by

5

DECL. OF MATTHEW D. KENT IN SUPPORT                    MASTER FILE NO. 3:07-CV-05944-SC
OF ADMIN. MOTION TO SEAL                               MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

Defendants as "Confidential" or "Highly Confidential" under the Protective Order.

20. **Exhibit 18** to the Bernstein Declaration is a true and correct copy of a Report of an August 20, 1999 Glass Conspiracy meeting, produced by Chunghwa and bearing bates numbers CHU0000835–CHU00030838, accompanied by a certified English translation, designated by Defendants as "Confidential" or "Highly Confidential" under the Protective Order.

21. **Exhibit 19** to the Bernstein Declaration is a true and correct copy of a Report of a September 20, 1999 Glass Conspiracy meeting, produced by Chunghwa and bearing bates numbers CHU00030855–CHU00030868, accompanied by a certified English translation, designated by Defendants as "Confidential" or "Highly Confidential" under the Protective Order.

22. **Exhibit 20** to the Bernstein Declaration is a true and correct copy of a Report of a January 24, 2000 Glass Conspiracy meeting, produced by Chunghwa and bearing bates numbers CHU00030960–CHU00030962, accompanied by a certified English translation, designated by Defendants as "Confidential" or "Highly Confidential" under the Protective Order.

23. **Exhibit 21** to the Bernstein Declaration is a true and correct copy of an Internal Hitachi E-Mail with a Subject: "Samsung 2/26/2001 Meeting", produced by Hitachi bearing bates numbers HDP-CRT00056186–HDP-CRT00056187, accompanied by a certified English translation, designated by Defendants as "Confidential" or "Highly Confidential" under the Protective Order.

24. **Exhibit 22** to the Bernstein Declaration is a true and correct copy of a July 28, 2004 document titled "CDT Market Report", produced by Chunghwa and bearing bates numbers CHU00031262–CHU00031267, accompanied by a certified English translation, designated by Defendants as "Confidential" or "Highly Confidential" under the Protective Order.

25. **Exhibit 23** to the Bernstein Declaration is a true and correct copy of the Objections and Responses by Plaintiffs Dell, Inc. and Dell Products, L.P. to Samsung SDI Mexico De C.V.'s First Set of Interrogatories dated September 5, 2014, which Dell has designated pursuant to the Protective Order as Highly Confidential. The responses contain information regarding Dell's internal processes and procedures, including the procurement system for CRT monitors. Dell considers this information to be confidential and sensitive business information, the public disclosure of which would be harmful to

6

DECL. OF MATTHEW D. KENT IN SUPPORT                   MASTER FILE NO. 3:07-CV-05944-SC
OF ADMIN. MOTION TO SEAL                              MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

1   Dell.

2   26.    **Exhibit 24** to the Bernstein Declaration is a true and correct copy of a Strategic
3   Alliance Agreement between Dell Computer Corporation and Samsung Electronics Co. dated March 2,
4   2001, produced by Dell and bearing bates numbers DELL-CRT-00095593–DELL-CRT-00095608,
5   which Dell has designated pursuant to the Protective Order as Highly Confidential.  Exhibit 24
6   contains confidential and competitively sensitive information regarding Dell's procurement of CRT
7   monitors, including pricing information and other competitively sensitive terms.  Exhibit 24 also
8   contains confidential and competitively sensitive information regarding Samsung Electronics Co.'s
9   supply of CRT monitors and other products to Dell.  The parties' disclosure of confidential information
10  under the agreement was governed by an existing non-disclosure agreement between the parties.
11  Exhibit 24 contains confidential and sensitive business information, the public disclosure of which
12  would be harmful to both parties.

13  27.    **Exhibit 25** to the Bernstein Declaration is a true and correct copy a Strategic Alliance
14  Agreement between Dell Computer Corporation and Koninklijke Philips Electronics N.V. effective
15  May 1, 2002, produced by Dell and bearing bates numbers DELL-CRT-00095367–DELL-CRT-
16  00095376, Exhibit 25 contains confidential and competitively sensitive information regarding Dell's
17  procurement of CRT monitors, including pricing information and other competitively sensitive terms.
18  Exhibit 25 also contains confidential and competitively sensitive information regarding Koninklijke
19  Philips Electronics N.V.'s supply of CRT monitors and other products to Dell.  The parties' disclosure
20  of confidential information under the agreement was governed by an existing non-disclosure
21  agreement between the parties.  Exhibit 25 contains confidential and sensitive business information,
22  the public disclosure of which would be harmful to both parties.

23  28.    **Exhibit 26** to the Bernstein Declaration are true and correct copies of portions of the
24  Transcript of the August 15, 2014 Deposition of Glenn Neland, designated by Dell as Highly
25  Confidential.  Exhibit 26 includes information on Dell's internal operations and processes with respect
26  to CRT procurement, as well as the identification of suppliers.  Dell considers this information to be
27  confidential and sensitive business information, the public disclosure of which would be harmful to
28

Dell.

29. The Declaration of Dell employee, Julie French, dated December 18, 2014, includes information about Dell's internal operations and processes with respect to CRT procurement, as well as the identification of suppliers. Dell considers this information to be confidential and sensitive business information, the public disclosure of which would be harmful to Dell.

30. Dell's FTAIA Opposition refers to or contains excerpts from the above Exhibits and the Declaration of Julie French. These references or excerpts are identified in the Motion with yellow highlighting. An unredacted copy of the Motion with yellow highlighting is being submitted to Chambers.

31. Accordingly, Dell requests that the documents and declaration identified herein be filed under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 22, 2014, in Atlanta, Georgia.

By: */s/ Matthew D. Kent*
Matthew D. Kent, Esq. (GA Bar No. 425262)
matthew.kent@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777

*Attorney for Plaintiffs Dell Inc. and Dell Products L.P*