Kenneth S. Marks
Jonathan J. Ross
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Facsimile:   (713) 654-6666
kmarks@susmangodfrey.com
jross@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely
in his capacity as Trustee of the Circuit City
Stores, Inc. Liquidating Trust*

[additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:  **CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 07-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| *Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-01173; | |
| *Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | **PLAINTIFFS' OPPOSITION TO DEFENDANT THOMSON CONSUMER'S MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT** |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | |
| *Best Buy Co., Inc. v. Technicolor SA, et al.*, No. 13-cv-05264; | |
| *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727; | The Honorable Samuel Conti |
| *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726; | |
| *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723; | **HIGHLIGHTED DOCUMENT SHOWING MATERIAL SOUGHT TO BE SEALED** |
| *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725 | |
| *Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668; | |

3474482v1/102649

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510.

**TABLE OF CONTENTS**

I.      STATEMENT OF ISSUE ........................................................... 1

II.     PRELIMINARY STATEMENT ................................................. 1

        A.      Status of Discovery and Rule 56(d) ................................ 1

        B.      A Reasonable Juror Could Conclude That Thomson Consumer
                Knowingly Participated in a Single CDT-CPT Conspiracy ............. 3

III.    STATEMENT OF UNDISPUTED FACTS ................................... 5

        A.      The Undisputed Facts Show that Thomson Consumer and
                Thomson SA Participated in the Massive, Decade-Long Global
                Conspiracy to Fix CRT Prices ........................................ 5

                1.      Thomson Consumer and Thomson SA's conspiratorial acts
                        are well-documented, and Thomson SA has admitted a role
                        in the conspiracy............................................. 5

                2.      ███████████████████████████████████
                        ██████████████ ................................... 7

                3.      █████████████████████████
                        █████████ ...................................... 7

IV.     SUMMARY JUDGMENT STANDARD ...................................... 11

V.      ARGUMENT AND AUTHORITIES ......................................... 12

        A.      Thomson Consumer's Motion Fails Under *In re Vitamins*. ........... 12

        B.      ███████████████████████████████
                ███████ .................................................. 14

        C.      The Rules of *Continental Ore* and *Beltz Travel Service* Apply Here. .............. 17

VI.     CONCLUSION ..................................................................... 18

3474482v1/102649

1

## **TABLE OF AUTHORITIES**

2

3       Cases

4       *Anderson v. Liberty Lobby, Inc.*,
            477 U.S. 242 (1986) .................................................................................. 11
5

6       *Beltz Travel Serv., Inc. v. Int'l Air Transp. Ass'n*,
            620 F.2d 1360 (9th Cir. 1980) ................................................................... 11
7

8       *City of Long Beach v. Standard Oil Co. of California*,
            872 F.2d 1401 .............................................................................................. 12
9
        *Cont'l Ore Co. v. Union Carbide & Carbon Corp.*,
10          370 U.S. 690 (1962) ............................................................................. 12, 17

11      *Direct Sales Co. v. United States*,
            319 U.S. 703 (U.S.S.C. 1943) ................................................................... 13
12

13      *In re Vitamins Antitrust Litig.*,
            320 F. Supp. 2d 1 (D.D.C. 2004) ...................................................... 12, 13, 15
14

15      *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*,
            210 F.3d 1099 (9th Cir. 2000) ................................................................... 11
16
        *Thomson Consumer knowledge of or participation in conspiracy extending to CDTs renders
            Continental Ore and Beltz Travel Serv., Inc.*,,
17          620 F.2d, 1366- ......................................................................................... 17

18      *United States v. Arbelaez*,
            719 F.2d 1453 (9th Cir. 1983) ................................................................... 13
19

20      *United States v. Consol. Packaging Corp.*,
            575 F.2d 117 (7th Cir. 1978) ..................................................................... 13
21

22      *United States v. Duran*,
            189 F.3d 1071 (9th Cir. 1999) ................................................................... 13
23

24      Rules

        Fed. R. Civ. P. 56(a) ........................................................................................ 11
25

26      Fed. R. Civ. P. 56(d) .......................................................................................... 1

27

28

3474482v1/102649

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    STATEMENT OF ISSUE

Whether Thomson Consumer Electronics, Inc. ("Thomson Consumer") has established as a matter of law that no evidence exists that, when viewed in the light most favorable to the Direct Action Plaintiffs ("DAPs"), could satisfy the "very low burden" of establishing a genuine issue of fact as to whether Thomson Consumer knew of and participated in a conspiracy to fix, raise, maintain, or stabilize the price of CRTs (including both CPTs and CDTs).

## II.    PRELIMINARY STATEMENT

### A.  Status of Discovery and Rule 56(d)

The DAPs submit this response subject to the Declaration of David M. Peterson, attached hereto as Exhibit 1, and Fed. R. Civ. P. 56(d), which provides:  "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

As explained in the Peterson Declaration, discovery from Thomson Consumer and Thomson SA is ongoing.  During the relevant period, Thomson SA was the parent company to Thomson Consumer. The deposition of Thomson Consumer and Thomson SA's corporate representatives are presently scheduled for January 8-9, 2015.  Peterson Decl. ¶ 13.  Thomson SA made its initial production of documents on December 5, 2014, and Thomson SA has not yet completed its document production.   Peterson Decl. ¶ 12.  The Court-ordered deadline for Thomson SA to complete its document production is December 23, 2014.  Dkt. No. 2945. Moreover, Thomson SA has not presented any witnesses for deposition.  None of Thomson SA's current and former employees in France have been deposed, although the DAPs have actively pursued those depositions and continue to do so.  *Id.* ¶¶ 5, 6, 11; Dkt. No. 3204-3206.

3474482v1/102649

1

2

3

Accordingly, despite their diligence in pursuing discovery from Thomson SA and Thomson Consumer, *see* Peterson Decl. ¶¶ 3, 5-11, the DAPs have not had a reasonable opportunity to obtain complete discovery from Thomson Consumer and Thomson SA on facts that may bear on Thomson Consumer's motion for summary judgment, including the testimony of both companies' corporate representatives on topics relating to Thomson's participation in the CRT conspiracy.   Additional discovery that has been sought and remains forthcoming from Thomson SA and Thomson Consumer documents and witnesses, including Thomson Consumer's Rule 30(b)(6) witness, may yield evidence that relates to ███████████████

4

5

6

7

8

9

10

11

███████████████████████████████████████████████████████

12

███████████████████████████████████████████████████████

13

███████████████████████████████████████████████████████

14

███████████████████████████████████████████████████████

15

███████████████████████████████████████████████████████

16

███████████████████████████████████████████████████████

17

███████████████████████████████████████████████████████

18

███████████████████████████████████████████████████████

19

███████████████████████████████████████████████████████

20

███████████████████████████████████████████████████████

21

██████████████████████████████████  *See* Peterson Decl. ¶ 16-19.

22

23

Rather than merely requesting additional time to respond to Thomson Consumer's summary judgment motion, and in the interest of keeping the DAPs' claims against Thomson Consumer on track for the current trial setting, the DAPs tender this partial response to Thomson Consumer's motion based on the evidence that has been produced thus far and which the DAPs have had a reasonable opportunity to review.  The DAPs respectfully submit that, even on the

24

25

26

27

28

3474482v1/102649

existing record, Thomson Consumer's motion should be denied.   Nonetheless, the DAPs further respectfully submit that the Court should defer ruling on Thomson Consumer's motion to permit the DAPs an opportunity to supplement the summary judgment record with additional evidence and argument based on information that is discovered after this submission.

**B. A Reasonable Juror Could Conclude That Thomson Consumer Knowingly Participated in a Single CDT-CPT Conspiracy**



Thomson Consumer does not contest this on summary judgment; it tries merely to chip away at its liability by claiming that it never knew that the CRT conspiracy in which it participated included CDTs in addition to CPTs.   Thomson Consumer suggests that because neither Thomson Consumer nor its parent, Thomson SA, manufactured CDTs or products containing CDTs during the conspiracy period, conspiratorial acts and information regarding CDTs would have been irrelevant to Thomson Consumer and Thomson SA (which did not move for summary judgment).

3

Thomson Consumer does not dispute that the law creates an extremely low threshold to defeat summary judgment on multi-product conspiracies. ██████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ██████████████████████████ The Court should deny Thomson Consumer's motion for summary judgment.

1

### III. STATEMENT OF UNDISPUTED FACTS

2

3
**A. The Undisputed Facts Show that Thomson Consumer and Thomson SA Participated in the Massive, Decade-Long Global Conspiracy to Fix CRT Prices**

4

5
**1. Thomson Consumer and Thomson SA's conspiratorial acts are well-documented, and Thomson SA has admitted a role in the conspiracy.**

6

7

8

9

10

11

12

13

14

15

16

17



18
Thomson SA's conspiratorial acts are also highly relevant to Thomson Consumer's

19
knowledge and participation in the CRT conspiracy.

20

21

22

23

24

25

26

27

28



1
2
3
4
5
6
7
8
9
10



    In its 2011 Annual Report to shareholders Thomson SA admitted that it "played a minor role in the alleged anticompetitive conduct [regarding CRTs]."[15] One year later, following a four year investigation, the European Commission fined Thomson SA €38.6 million for its supposedly "minor" role, finding that the conspiracy "operated worldwide" and was "among the most organized cartels that the Commission has investigated." *Id.*[16]



---

[15] Exh. 45 (excerpt from Thomson SA's 2011 Annual Report at 226).

[16] Exh. 46. Though the European Commission divided the conspiracy into CDT and CPT conspiracies, the DAPs allege a single conspiracy covering both CDTs and CPTs.



7



8



9



10

1

2

3

4

5

6

7

## IV. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A moving party without the ultimate burden of persuasion at trial, – usually, but not always, a defendant – has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment."  *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).   "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.  *Id.*  "In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact."

In deciding a summary judgment motion, the Court must view the evidence in light most favorable to the non-moving party and draw all justifiable inferences in its favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment."  *Id.*

---

[46] Exh. 44 (TCE-CRT 0016517).
[47] Exh. 19/Depo Exh. 5842 (TCE-CRT 0005029).

11

"In antitrust cases, these general standards are applied even more stringently and summary judgments granted more sparingly. *Beltz Travel Serv., Inc. v. Int'l Air. Beltz Travel Serv., Inc. v. Int'l Air Transp. Ass'n*, 620 F.2d 1360, 1364 (9th Cir. 1980). Separate pieces of antitrust conspiracy must be considered together. A court should not tightly compartmentalize the non-movant's evidence, but instead examine it as a whole for proof of concerted action. *Cont'l Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962). Plaintiffs raise a genuine issue of material fact by "present[ing] significant evidence of an antitrust conspiracy that tends to exclude the possibility of independent action." *City of Long Beach v. Standard Oil Co. of California*, 872 F.2d 1401 *opinion amended on denial of reh'g*, 886 F.2d 246 (9th Cir. 1989), 106-07 (9th Cir. 1989).

## V. ARGUMENT AND AUTHORITIES

Thomson Consumer has not met and cannot meet its burden to establish as a matter of law that no evidence, when viewed in the light most favorable to the DAPs, can raise a genuine issue as to whether Thomson Consumer participated in a conspiracy that it knew included CDTs.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████

### A.  Thomson Consumer's Motion Fails Under *In re Vitamins*.

Thomson Consumer is correct in noting that little authority exists regarding its attempts to dismember the conspiracy and carve-out pieces from its liability. This is unsurprising, since Thomson Consumer's novel argument would defeat the goals of joint and several liability and instead artificially separate conspiracies into individual, case-by-case mini-conspiracies for each defendant. This is not the law.

12

Thomson Consumer relies almost exclusively on *In re Vitamins Antitrust Litig.*, 320 F. Supp. 2d 1 (D.D.C. 2004), to support its argument.   *Vitamins* lays out the extremely high burdens Thomson Consumer faces before it can try to sever the pieces of the conspiracy.  *Id.* at 15-17.   To prevail against Thomson Consumer on the CDT-related damages, the DAPs must ultimately show that:

1. Thomson Consumer had knowledge that the conspiracy included CDTs;

2. Thomson Consumer intended to join a conspiracy that included CDTs; and

3. By joining the conspiracy that included CDTs, Thomson Consumer and its co-conspirators were interdependent upon one another in that their respective benefit depended on the success of the single conspiracy containing both CPTs and CDTs.

*Id.* at 15.   "Although plaintiffs must show that [Thomson Consumer] had knowledge of an agreement as to the overall conspiracy, they need not show (1) evidence of a formal agreement, or (2) knowledge, on behalf of [Thomson Consumer], of every detail of the alleged conspiracy." *Id.*  The DAPs also do not need to provide direct evidence of the conspiracy. *Id.* (citing *United States v. Consol. Packaging Corp.*, 575 F.2d 117, 126 (7th Cir. 1978)("a common purpose and plan may be inferred from a development and a collocation of the circumstances") (internal quote omitted).

A party progresses from mere knowledge to intent when there is "informed and interested cooperation, stimulation, instigation.  There is also a 'stake in the venture' which, even if it may not be essential, is not irrelevant to the question of conspiracy." *Id.* (quoting *Direct Sales Co. v. United States*, 319 U.S. 703, 719 (U.S.S.C. 1943)).  "The inference that a defendant had reason to believe that his benefits were dependent upon the success of the entire venture may be drawn from proof that the co-conspirators knew of each other's participation or actually benefitted from

13

the activities of his co-conspirators." *United States v. Duran*, 189 F.3d 1071, 1080 (9th Cir. 1999)(citing *United States v. Arbelaez*, 719 F.2d 1453, 1459 (9th Cir. 1983)).

█████████████████████████████████████████████████████

If anything, *Vitamins* counsels strongly in favor of denying Thomson Consumer's motion for summary judgment. Thomson Consumer's recitals of the *Vitamins* facts are largely accurate. In short, plaintiffs had alleged an "all vitamins" conspiracy. *Id.* at 5. Four defendants who only sold choline chloride—UCB, DuCoa, Bioproducts, and Chinook—moved for summary judgment, challenging their broader liability for other vitamins in an "all vitamins" conspiracy. *Id.* at 6-8. The defendants did not move for summary judgment on the more limited choline chloride conspiracy (just as, here, Thomson Consumer does not move on the CPT conspiracy). *Id.* at 10. Of the four defendants, the Court granted summary judgment to one and denied it to the other three:

> **Defendant UCB:** The Court found evidence that UCB had participating in price fixing and allocation of the choline market. Plaintiffs were unable to present any evidence—direct or indirect—to support UCB's knowledge or participation in an "all vitamins" conspiracy. "The plaintiffs have provided no evidence that can satisfy even a very low burden of establishing that UCB at least knew of and possibly participated in an all-vitamins conspiracy."

> **Defendant DuCoa:** Two documents were more than sufficient to defeat summary judgment as to this defendant. The first, a fax regarding a meeting between competitors, contained an agenda listing "overall market review" and discussion of the choline chloride market as two separate items. "Although the term 'overall market review' is not defined, the Court can infer that this phrase relates to vitamins other than choline" because choline was listed as a separate agenda item. The Court also noted that the competitor would lead the discussion and did not manufacture choline. "Although there is no evidence that this meeting actually took place, that issue is immaterial to the Court's analysis." The second, another fax regarding a meeting with another competitor, contained a similar agenda with an item for the competitor to provide an "update on the global vitamin market (demand and pricing) with a focus on vitamin E."

14

**Defendant Bioproducts:** A *single* document containing meeting notes and one employee's testimony regarding a meeting defeated summary judgment. The notes were from a meeting between Bioproducts and a competitor, and the notes contained "company-specific sales volumes for vitamins A, E, B2, C, and Calpan." The notes also discussed "acceptable margins" for the "vitamin businesses." Similarly, the employee testified that he was aware of the conspiratorial agreements based on attending a meeting.

**Defendant Chinook:** Vague testimony from one witness defeated summary judgment. The employee testified that during a trip to Europe, he met with a competitor and "on more than one occasion there was [sic] vitamin cartels referred to…" The Court held that this testimony, coupled with Chinook's participation in the choline conspiracy and viewed in the light most favorable to the plaintiffs, was sufficient to create a fact issue and defeat summary judgment.

*Id.* at 19-23.

Thomson Consumer compares itself to UCB—the one defendant for whom not a single document or piece of testimony existed that would even *suggest* or create the *slightest inference* that it might have known about anything broader than a choline conspiracy. Thomson Consumer claims that the DAPs can similarly provide no evidence that could even suggest or create an inference that Thomson Consumer knew of, intended to participate in, or was interdependent on a conspiracy that included CDTs. █████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████ Under

*Vitamins*, the slightest hint of a broader conspiracy indicated in the conspiratorial evidence or meetings requires that summary judgment be denied. For instance, just two faxes received by defendant DuCoa were sufficient to defeat summary judgment because the mere mention of choline separately from other vitamins created the inference that, perhaps, DuCoa knew of, participated in, and was interdependent on an "all vitamins" conspiracy. *Id.* at 21-22. █



Moreover, Thomson Consumer's arguments regarding the irrelevance of CDT information and cartel activities to Thomson Consumer and Thomson SA and CPT manufacturers ring hollow.

3474482v1/102649



### C. The Rules of *Continental Ore* and *Beltz Travel Service* Apply Here.

The Supreme Court has held that "[t]he character and effect of a conspiracy are not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole." *Cont'l Ore Co.*, 370 U.S., 699.  Thomson Consumer seeks to distinguish this unambiguous holding only by arguing that "[n]either *Continental Ore* nor *Beltz Travel Service* support DAPs' argument that they can overcome summary judgment even *without specific evidence establishing that Thomson Consumer knowingly participated in the alleged CDT conspiracy*." Mtn. at 18 (emphasis added).

17

3474482v1/102649

As such, the rules of *Continental Ore* and *Beltz Travel Service* indisputably apply here, and prohibit Thomson Consumer from dismembering the CRT conspiracy and viewing the evidence in discrete, separate parts.

## VI. CONCLUSION

██████████████████████████████████████████████████████

████████████████████████████████████████ and Thomson Consumer has not conclusively established that no evidence exist as to Thomson Consumer's knowledge of or participation in a conspiracy that included CDTs .  The Court should deny Thomson Consumer's motion.

    Dated:   December 22, 2014

            By:  */s/ Kenneth S. Marks*
                Kenneth S. Marks
                Jonathan J. Ross
                Johnny W. Carter
                Robert S. Safi
                David M. Peterson
                Matthew C. Behncke
                SUSMAN GODFREY L.L.P.
                1000 Louisiana Street, Suite 5100
                Houston, Texas 77002
                Telephone:  (713) 651-9366
                Facsimile:  (713) 654-6666
                Email:  kmarks@susmangodfrey.com
                        jross@susmangodfrey.com
                        jcarter@susmangodfrey.com
                        rsafi@susmangodfrey.com
                        dpeterson@susmangodfrey.com
                        mbehncke@susmangodfrey.com

                Parker C. Folse III
                Rachel S. Black
                Jordan Connors
                SUSMAN GODFREY L.L.P.
                1201 Third Avenue, Suite 3800

18

3474482v1/102649

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email: pfolse@susmangodfrey.com
         rblack@susmangodfrey.com
         jconnors@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as   Trustee of the Circuit City Stores, Inc. Liquidating Trust*

By: */s/ Craig A. Benson*
Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Co. of America*

By:  */s/ David Martinez*

Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
Jill Casselman
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

19

3474482v1/102649

2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com
Email: jcasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
Email: eskaplan@rkmc.com
Email: kcwildfang@rkmc.com
Email: lenelson@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*

By: /s/ *Jason Murray*

Jason C. Murray (CA Bar No. 169806)
**CROWELL & MORING LLP**
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.

20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
Email aheaven@crowell.com

*Attorneys for Target Corp. and Viewsonic Corp.*

By: /s/ *Richard Arnold*
_____

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
**KENNY NACHWALTER, P.A.**
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

21

1

By: */s/ Philip J. Iovieno*

2

Stuart Singer
3
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
4
Fort Lauderdale, FL 33301
5
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
6
Email:    ssinger@bsfllp.com

7

Philip J. Iovieno
Anne M. Nardacci
8
BOIES, SCHILLER & FLEXNER LLP
9
10 North Pearl Street, 4th Floor
Albany, NY 12207
10
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
11
Email:    piovieno@bsfllp.com
12
Email:    anardacci@bsfllp.com

13

*Attorneys for Plaintiffs Electrograph Systems, Inc.,*
*Electrograph Technologies, Corp., Office Depot, Inc.,*
14
*Compucom Systems, Inc., Interbond Corporation of*
*America, P. C. Richard & Son Long Island Corporation,*
15
*Marta Cooperative of America, Inc., ABC Appliance, Inc.,*
16
*Schultze Agency Services LLC on behalf of Tweeter Opco,*
*LLC, Tweeter Newco, LLC, Tech Data Corporation, and*
17
*Tech Data Product Management, Inc.*

18

19

By: */s/ David J. Burman*
20
David J. Burman
Cori G. Moore
21
Nicholas H. Hesterberg
PERKINS COIE LLP
22
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
23
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
24
Email:    dburman@perkinscoie.com
25
Email:    cgmoore@perkinscoie.com
Email:    nhesterberg@perkinscoie.com
26

27
Jordan S. Bass (Cal. Bar No. 208143)
PERKINS COIE LLP
28
Four Embarcadero Center, Suite 2400

22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

San Francisco, CA 94111-4131
Telephone: (415) 344.7000
Facsimile: (415) 344.7050
Email:    jbass@perkinscoie.com

*Attorneys for Plaintiff Costco Wholesale Corporation*

23

1

2

3

4

**CERTIFICATE OF SERVICE**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**
**Case No. CV-07-5944-SC**
**MDL No. 1917**

5

I, Kenneth S. Marks, declare:

6

7

I am employed in the County of Harris, State of Texas.  I am over the age of 18 years and not a party to the within action.  My business address is Susman Godfrey L.L.P., 1000 Louisiana Street, Suite 5100, Houston, Texas  77002.

8

9

On December 22, 2014, I served a true and correct copy of the following document(s) in the manner indicated below:

10

11

[ ]     **BY U.S. MAIL:**  I caused the said document(s) to be deposition in the United States mail, at Houston, Texas, in a sealed envelope with first-class postage thereon fully prepaid, to the addressee(s) named below: and

12

13

[X]     **BY ELECTRONIC MAIL:**  I caused the said document(s) to be emailed to the offices and/or to attorneys of the offices of the addressee(s) named below.

14

**SEE ATTACHED SERVICE LIST**

15

16

Dated:  December 22, 2014                    Signed _____*/s/ Kenneth S. Marks*_____

                                                                            Kenneth S. Marks

17

18

19

20

21

22

23

24

25

26

27

28

24

3474482v1/102649

**SERVICE LIST**

| | |
|---|---|
| Philip J. Iovieno<br>piovieno@bsfllp.com<br>Anne M. Nardacci<br>anardacci@bsfllp.com<br>BOIES, SCHILLER & FLEXNER LLP<br>10 North Pearl Street, 4th Floor<br>Albany, NY  12207<br>Tel:  (518) 434-0600<br><br>*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P. C. Richard & Son Long Island Corporation, Marta Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC* | Mario N. Alioto<br>malioto@tatp.com<br>Lauren C. Russell<br>laurenrussell@tatp.com<br>Joseph M. Patane<br>jpatane@tatp.com<br>TRUMP, ALIOTO, TRUMP & PRESCOTT<br>  LLP<br>2280 Union Street<br>San Francisco, CA  94123<br>Tel:  (415) 563-7200<br><br>*Interim Lead Counsel for Indirect Purchaser Plaintiffs Class* |
| Kamala D. Harris<br>    Attorney General of California<br>Mark Breckler<br>    Chief Assistant Attorney General<br>Kathleen E. Foote<br>    Senior Assistant Attorney General<br>Emilio E. Varanini<br>    Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA  94102-3664<br>Tel:  (415) 703-5908<br>emilio.varanini@doj.ca.gov<br><br>*Counsel for Plaintiff State of California* | Guido Saveri<br>guido@saveri.com<br>R. Alexander Saveri<br>rick@saveri.com<br>Geoffrey C. Rushing<br>grushing@saveri.com<br>Cadio Zirpoli<br>cadio@saveri.com<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA  94111<br>Tel:  (415) 217-6810<br><br>*Interim Lead Counsel for The Direct Purchaser Plaintiffs Class* |

| | |
|---|---|
| Jeffrey L. Kessler<br>jkessler@winston.com<br>A. Paul Victor<br>pvictor@winston.com<br>Eva W. Cole<br>ewcole@winston.com<br>Molly M. Donovan<br>mmdonovan@winston.com<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY  10166-4193<br>Tel:  (212) 294-6700<br><br>David L. Yohai<br>david.yohai@weil.com<br>Steven A. Reiss<br>steven.reiss@weil.com<br>Adam C. Hemlock<br>adam.hemlock@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY  10153<br>Tel:  (212) 310-8000<br><br>*Counsel for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.* | Hojoon Hwang<br>hojoon.hwang@mto.com<br>MUNGER, TOLLES & OLSON LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA  94105<br>Tel:  (415) 512-4000<br><br>William D. Temko<br>william.temko@mto.com<br>Jonathan E. Altman<br>jonathan.altman@mto.com<br>Bethany W. Kristovich<br>bethany.kristovich@mto.com<br>MUNGER TOLLES & OLSON LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA  90071-1560<br>Tel. (213) 683-9100<br><br>*Counsel for Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd.* |

26

| | |
|---|---|
| Mark C. Dosker<br>mark.dosker@ squirepb.com<br>Nathan Lane, III<br>nathan.lane@ squirepb.com<br>SQUIRE PATTON BOGGS L.L.P.<br>275 Battery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: (415) 954-0200<br><br>*Counsel for Technologies Displays Americas*<br>*LLC (in all actions except Office Depot Action)*<br><br>Ellen Tobin<br>etobin@curtis.com<br>Curtis, Mallet-Provost, Colt & Mosle LLP<br>101 Park Avenue<br>New York, NY 10178<br>Tel: (212) 696-6000<br>Fax: (212) 697-1559<br><br>Arthur S. Gaus<br>asg@dillinghammurphy.com<br>Dillingham & Murphy, LLP<br>601 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: (415) 397-2700<br>Fax: (415) 397-3300<br><br>*Counsel for Technologies Displays Americas,*<br>*LLC (in the Office Depot action only)* | Joseph R. Tiffany<br>Joseph.tiffany@pillsburylaw.com<br>PILLSBURY      WINTHROP      SHAW<br>PITTMAN,<br> LLP<br>2550 Hanover Street<br>Palo Alto, CA 94304-1114<br>Tel. (650) 233-4644<br><br>*Counsel   for   Defendants   IRICO   Display*<br>*Devices*<br>*Co., Ltd., IRICO Group Corporation, and*<br>*IRICO Group Electronics Co., Ltd.* |

| | |
|---|---|
| John Taladay<br>john.taladay@bakerbotts.com<br>Joseph Ostoyich<br>joseph.ostoyich@bakerbotts.com<br>Charles M. Malaise<br>Charles.malaise@bakerbotts.com<br>Erik T. Koons<br>erik.koons@bakerbotts.com<br>BAKER BOTTS LLP<br>The Warner<br>1299 Pennsylvania Avenue, NW<br>Washington, DC  20004-2400<br>Tel:  (202) 639-7909<br><br>Jon V. Swenson<br>jon.swenson@bakerbotts.com<br>BAKER BOTTS LLP<br>1001 Page Mill Road<br>Building One, Suite 200<br>Palo Alto, CA  94304<br>Tel. (650) 739-7500<br><br>*Counsel for Defendants Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., and Philips da Amazonia Industria Electronica Ltda.* | Ian Simmons<br>isimmons@omm.com<br>Benjamin G. Bradshaw<br>bbradshaw@omm.com<br>Courtney C. Byrd<br>cbyrd@omm.com<br>David Kendall Roberts<br>droberts2@omm.com<br>Kevin Douglas Feder<br>kfeder@omm.com<br>O'MELVENY & MYERS LLP<br>1625 Eye Street, NW<br>Washington, DC  20006-4001<br>Tel:  (202) 383-5163<br><br>Michael Frederick Tubach<br>mtubach@omm.com<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center<br>28th Floor<br>San Francisco, CA 94111-3305<br>Tel. (415) 984-8700<br><br>*Counsel for Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.* |

28

| | |
|---|---|
| Joel S. Sanders<br>jsanders@gibsondunn.com<br>Rachel S. Brass<br>rbrass@gibsondunn.com<br>Austin V. Schwing<br>aschwing@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER<br>555 Mission Street, Suite 3000<br>San Francisco, CA  94105<br>Tel:  (415) 393-8200<br><br>*Counsel for Defendant Tatung Company*<br>*America and Counsel for Defendants*<br>*Chunghwa Picture Tubes, Ltd. and Chungwha*<br>*Picture Tubes (Malaysia)* | Christopher M. Curran<br>ccurran@whitecase.com<br>Lucius B. Lau<br>alau@whitecase.com<br>Dana E. Foster<br>defoster@whitecase.com<br>WHITE & CASE, LLP<br>701 13th Street, NW<br>Washington, DC  20005<br>Tel:  (202) 626-3600<br><br>*Counsel for Defendants Toshiba Corporation,*<br>*Toshiba America, Inc., Toshiba America*<br>*Information Systems, Inc., Toshiba America*<br>*Consumer Products, L.L.C., and Toshiba*<br>*America Electronic Components, Inc.* |
| Christine Laciak<br>christine.laciak@freshfields.com<br>Richard Snyder<br>richard.snyder@freshfields.com<br>Craig D. Minerva<br>craig.minerva@freshfields.com<br>Bruce C. McCulloch<br>bruce.mcculloch@freshfields.com<br>Terry Calvani<br>terry.calvani@freshfields.com<br>FRESHFIELDS BRUCKHAUS &<br>  DERINGER US, LLP<br>700 13th Street, NW<br>10th Floor<br>Washington, DC 20005-3960<br>Tel:  (202) 777-4500<br><br>*Counsel for Defendant Beijing*<br>*Matsushita Color CRT Co., Ltd.* | Gary L. Halling<br>ghalling@sheppardmullin.com<br>James L. McGinnis<br>jmcginnis@sheppardmullin.com<br>Michael Scarborough<br>mscarborough@sheppardmullin.com<br>SHEPPARD MULLIN RICHTER &<br>  HAMPTON LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA  94111<br>Tel:  (415) 434-9100<br><br>*Counsel for Defendants Samsung SDI America*<br>*Samsung SDI Co., Ltd., Samsung SDI Mexico*<br>*S.A. de C.V., Samsung SDI Brasil Ltda.,*<br>*Shenzhen Samsung SDI Co., Ltd., Tianjin*<br>*Samsung SDI Co., Ltd., and Samsung SDI*<br>*(Malaysia) Sdn. Bhd.* |

29

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| Eliot A. Adelson<br>eadelson@kirkland.com<br>James Maxwell Cooper<br>max.cooper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street, 27th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>James H. Mutchnik<br>jmutchnik@kirkland.com<br>Kate Wheaton<br>kate.wheaton@kirkland.com<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br>*Counsel for Defendants Hitachi, Ltd.,*<br>*Hitachi Displays, Ltd., Hitachi Asia, Ltd.,*<br>*Hitachi America, Ltd., and Hitachi*<br>*Electronic Devices (USA), Inc.* | Calvin L. Litsey<br>calvin.litsey@faegrebd.com<br>FAEGRE BAKER DANIELS LLP<br>1950 University Avenue, Suite 450<br>East Palo Alto, CA 94303-2279<br>Tel: (650) 324-6700<br><br>Kathy Osborn<br>kathy.osborn@faegrebd.com<br>Ryan M. Hurley<br>ryan.hurley@faegrebd.com<br>FAEGRE BAKER DANIELS LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Tel: (317) 237-0300<br><br>Jeffrey S. Roberts<br>Jeff.roberts@faegrebd.com<br>FAEGRE BAKER DANIELS LLP<br>3200 Wells Fargo<br>1700 Lincoln Street<br>Denver, CO 80203<br>Tel: (303) 607-3500<br><br>Stephen M. Judge<br>Steve.judge@faegrebd.com<br>FAEGRE BAKER DANIELS LLP<br>202 S. Michigan Street, Suite 1400<br>South Bend, IN 46601<br>Tel: (574) 234-4149<br><br>*Counsel for Defendants Thomson S.A. (N/K/A*<br>*Technicolor SA); Thomson Consumer*<br>*Electronics, Inc. (N/K/A Technicolor USA,*<br>*Inc.)* |

30

| | |
|---|---|
| Brent Caslin<br>bcaslin@jenner.com<br>JENNER & BLOCK LLP<br>633 West 5th Street, Suite 3600<br>Los Angeles, CA 90071-2054<br>Tel: (213) 239-5100<br><br>Terrence J. Truax<br>ttruax@jenner.com<br>Michael T. Brody<br>mbrody@jenner.com<br>Shaun M. Van Horn<br>svanhorn@jenner.com<br>Gabriel A. Fuentes<br>gfuentes@jenner.com<br>Molly M. Powers<br>mpowers@jenner.com<br>JENNER & BLOCK LLP<br>353 North Clark Street<br>Chicago, IL 60654<br>Tel: (312) 222-9350<br><br>*Counsel for Mitsubishi Electric Corporation, Mitsubishi Electric & Electronics USA, Inc. and Mitsubishi Digital Electronic Americas, Inc.* | |

3474482v1/102649