1  Michael P. Kenny, Esq. (admitted *pro hac vice*)
   mike.kenny@alston.com
2  Debra D. Bernstein, Esq. (admitted *pro hac vice*)
   debra.bernstein@alston.com
3  Matthew D. Kent, Esq. (admitted *pro hac vice*)
   matthew.kent@alston.com
4  **ALSTON & BIRD LLP**
5  1201 West Peachtree Street
   Atlanta, Georgia 30309-3424
6  Tel: (404) 881-7000
7  Facsimile: (404) 881-7777

8  James M. Wagstaffe, Esq. (SBN 95535)
   wagstaffe@kerrwagstaffe.com
9  **KERR & WAGSTAFFE LLP**
   101 Mission Street, 18th Floor
10 San Francisco, California 94105-1576
   Tel: (415) 371-8500
11 Facsimile: (415) 371-0500

12 *Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*
   **[Additional Counsel Listed on Signature Page]**
13

14           **UNITED STATES DISTRICT COURT**
           **NORTHERN DISTRICT OF CALIFORNIA**
15             **SAN FRANCISCO DIVISION**

16 |                                              |                                              |
   | In re: CATHODE RAY TUBE (CRT)               | Master File No. 3:07-cv-05944-SC/ MDL        |
17 | ANTITRUST LITIGATION                        | MDL No. 1917                                 |
18 | This Document Relates to:                   | **PLAINTIFFS' OPPOSITION TO**                |
   |                                              | **KONINKLIJKE PHILIPS N.V.'S**              |
19 | *Electrograph Sys. v. Hitachi, Ltd.*, No. 11-cv-01656; | **MOTION FOR SUMMARY JUDGMENT [MDL DKT. NO. 3040]** |
20 |                                              |                                              |
   | *Electrograph Sys., Inc. v. Technicolor SA*, No. 13-cv-05724; | Date:  February 6, 2015          |
21 |                                              | Time: 10:00 a.m.                             |
   |                                              | Place: Courtroom 1, 17th Floor               |
22 | *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; | Hon. Samuel Conti                            |
23 | *Siegel v. Technicolor SA*, No. 13-cv-05261; |                                             |
24 |                                              | **[FILED UNDER SEAL]**                       |
   | *Best Buy Co. v. Hitachi, Ltd.*, No. 11-cv-05513; |                                        |
25 |                                              |                                              |
   | *Best Buy Co. v. Technicolor SA*, No. 13-cv-05264; |                                       |
26 |                                              |                                              |
   | *Interbond Corp. of Am. v. Hitachi, Ltd.*, No. 11-cv-06275; |                            |
27

28

*Interbond Corp. of Am. v. Technicolor SA.*, No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi Ltd.*, No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA*, No. 13-cv-5726

*CompuCom Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-06396;

*P.C. Richard & Son Long Island Corp. v. Hitachi, Ltd.*, No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp. v. Technicolor SA.*, No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd.*, No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA.*, No. 13-cv-05668;

*Tech Data Corp. v. Hitachi, Ltd.*, No. 13-cv-00157;

*Dell Inc. and Dell Products L.P., v. Hitachi, Ltd.*, No. 13-cv-02171;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;

*Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-1173 SC;

*Sharp Elecs. Corp. v. Koninklijke Philips Elecs., N.V.*, No. 13-cv-2776 SC;

*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-02510;

*All Indirect Purchaser Actions.*

# TABLE OF CONTENTS

STATEMENT OF THE ISSUE PRESENTED .................................................................1

INTRODUCTION .......................................................................................................1

STATEMENT OF FACTS ..........................................................................................2

    I.    ███████████████████████████████████
          ..........................................................................................2

        A.    Philips Display Components (PDC) ..............................................4

        B.    Philips Consumer Electronics (PCE) ............................................5

    II.    ██████████████████████████████████
          ........................................................................5

    III.    Royal Philips Formed Super Conspirator LPD with Co-Conspirator LGE ............8

        A.    The Formation, Structure, and Financing of LPD ..........................8

        B.    ███████████████████████████.................................10

        C.    ███████████████████████████████.....................12

ARGUMENT AND CITATION OF AUTHORITIES ................................................13

    I.    Legal Standard ...............................................................................13

    II.    Royal Philips' Motion Should Be Denied Because Royal Philips Is Directly
        Liable For Its Role in the CRT Conspiracy...............................................14

        A.    Royal Philips Knowingly Participated in the Conspiracy and Directed,
              Controlled, and Encouraged PDC's and LPD's Conspiratorial
              Misconduct............................................................................15

              1.    Royal Philips Supervised and Controlled PDC Conspirators ........16

              2.    Top Royal Philips Executive Directly Supervised and Managed
                    Key Conspirators ...............................................................17

              3.    Royal Philips Formed LPD with Co-Conspirator LGE ................18

         B.    Two Independent Tribunals Have Held that Royal Philips Was Aware of
              the Conspiracy .....................................................................21

1

C.     The Cases Royal Philips Relies Upon Are Inapposite to the Facts Here...21

2

III.     Royal Philips' Motion Should Also Be Denied Because a Reasonable Juror Could Find that PDC Employees Acted as Royal Philips' Agents ........................22

3

4

CONCLUSION...........................................................................................................................25

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii.

1

2

## <u>TABLE OF AUTHORITIES</u>

3

4

CASES

5

*Agricola Baja Best, S. De. R.L. de C.V. v. Harris Moran Seed Co.*,

6
    No. 11-cv-2482, 2014 WL 4385450 (S.D. Cal. Sept. 3, 2014)..........................................24, 25

7

*Am. Soc. of Mech. Eng'rs, Inc. v. Hydrolevel Corp.*,

    456 U.S. 556 (1982)..........................................................................................................23

8

*Anderson v. Liberty Lobby, Inc.*,

9
    477 U.S. 242 (1986)..........................................................................................................14

10

*BanxCorp v. Apax Partners, L.P.*,

11
    No. 10-cv-4769, 2011 WL 1253892 (D.N.J. Mar. 28, 2011) ............................................15

12

*Beltz Travel Serv., Inc. v. Int'l Transp. Ass'n*,

    620 F.2d 1360 (9th Cir. 1980) ..........................................................................................14

13

*Bowoto v. Chevron Texaco Corp.*,

14
    312 F. Supp. 2d 1229 (N.D. Cal. 2004) .......................................................................23, 25

15

*Doe v. Unocal Corp.*,

16
    248 F.3d 915 (9th Cir. 2001) ............................................................................................23

17

*Dong AH Tire & Rubber Co. v. Glasforms, Inc.*,

    No. 06-cv-3359, 2009 WL 975817 (N.D. Cal. Apr. 10, 2009)..........................................25

18

*E & J Gallo Winery v. EnCana Energy Servs.*,

19
    No. 03-cv-5412, 2008 WL 2220396 (E.D. Cal. May 27, 2008) .........................................23

20

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,

21
    738 F. Supp. 2d 1011 (N.D. Cal. 2010) ............................................................................15

22

*In re Citric Acid Litig.*,

    191 F.3d 1090 (9th Cir. 1999) ..........................................................................................15

23

*In re High Fructose Corn Syrup Antitrust Litig.*,

24
    295 F.3d 651 (7th Cir. 2002) ................................................................................14, 18, 21

25

*In re High-Tech Emp. Antitrust Litig.*,

    856 F. Supp. 2d 1103 (N.D. Cal. 2012) ............................................................................15

26

*In re Publication Paper Antitrust Litig.*,

27
    690 F.3d 51 (2d Cir. 2012) ...............................................................................................22

28

iii.

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    MDL No. 1827, 2012 WL 4808425 (N.D. Cal. Oct. 9, 2012) .................................................14

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    MDL No. 1827, 2012 WL 5383197 (N.D. Cal. Sept. 22, 2012) .......................................14, 22

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    No. 07-cv-1827, 2014 WL 4827378 (N.D. Cal. Sept. 4, 2014) .............................................21

*Movie 1 & 2 v. United Artists Commc'n's, Inc.*,
    909 F.2d 1245 (9th Cir. 1990) .............................................................................................14

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.*,
    210 F.3d 1099 (9th Cir. 2000) .......................................................................................13, 14

*Nobody in Particular Presents, Inc. v. Clear Channel Commc'n's, Inc.*
    ("*NIPP*"), 311 F. Supp. 2d 1048 (D. Colo. 2004) ...............................................15, 17, 22

*Pacific Can Co. v. Hewes*,
    95 F.2d 42 (9th Cir. 1938) ..................................................................................................23

*Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*,
    No. 08-cv-42, 2013 WL 6481195 (E.D.N.Y. Sept. 20, 2013) .............................................14

*Sun Microsys. Inc. v. Hynix Semiconductor Inc.*,
    608 F. Supp. 2d 1166 (N.D. Cal. 2009) ...............................................................................21

*Sun Microsys. Inc. v. Hynix Semiconductor Inc.*,
    622 F. Supp. 2d 890 (N.D. Cal. 2009) ....................................................................22, 23, 25

*United States v. Bestfoods*,
    524 U.S. 51 (1998) ..............................................................................................................22

*United States v. Murphy*,
    937 F.2d 1032 (6th Cir. 1991) ............................................................................................15

*Vichi v. Koninklijke Philips Elecs., N.V.*,
    85 A.3d 725 ...................................................................................................................12, 21

**RULES**

Fed. R. Civ. P. 56(a) ...............................................................................................................13

**STATEMENT OF THE ISSUE PRESENTED**

Whether Defendant Koninklijke Philips N.V. ("Royal Philips") carried its burden of demonstrating that no genuine issue of material fact exists as to its participation in the conspiracy.

**INTRODUCTION**

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████, Royal Philips and its subsidiaries—Defendants Philips Electronics North America Corporation ("PENAC"), Philips Taiwan Limited ("Philips Taiwan"), and Philips do Brasil Ltda. ("Philips do Brasil") (collectively "the Philips Subsidiaries")—have filed separate motions for summary judgment in an attempt to artificially isolate their operations.[1]  By filing separate motions, Philips apparently hopes to immunize itself from liability from June 2001 forward, when it created a joint venture with another CRT conspirator—LGE—and formed LG Philips Display ("LPD"), which continued to actively participate in the CRT conspiracy.  Although both motions should be denied, this Opposition addresses only Royal Philips' Motion on its alleged lack of participation in the CRT conspiracy.[2]

In its Motion, Royal Philips argues that it cannot be held liable because it is a passive holding company completely removed from the operations of its subsidiaries.  But the facts and law are to the contrary.  ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[1] Royal Philips and the Philips Subsidiaries are collectively referred to as "Philips" or the "Philips Defendants."

[2] In the interest of efficiency and minimizing the burden on the Court, Plaintiffs sought Philips' consent to file a single, consolidated opposition addressing both motions.  Plaintiffs proposed limiting their consolidated opposition to 35 pages—15 fewer pages than the combined 50 page limit if separate oppositions were filed.  Philips refused Plaintiffs' request for tactical reasons.  *See* MDL No. 3228.

██████████████████████████████████████████████

███████████████████████████████████████████ And two

tribunals—the European Commission ("EC") and the Delaware Chancery Court—have already held

that Royal Philips was aware of the conspiracy activities of its CRT division. ████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████ Accordingly, a genuine

issue of material fact exists as to Royal Philips' participation in the conspiracy.

### STATEMENT OF FACTS

**I.** ████████████████████████████████████

███████████████████████████████████████████████

███████ Philips' businesses included CRTs, as well as products containing CRTs like televisions

and computer monitors. ████████████████████████████████

██████████████████████████████████████████████

█████████████████████ █████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████████

---

[3] Royal Philips takes issue with references to "Philips." ██████████████████

██████████████████████████████████████████████

Unless otherwise noted, all Exhibits cited are to the Declaration of Debra D. Bernstein in Support of
Plaintiffs' Opposition to Koninklijke Philips N.V.'s Motion for Summary Judgment and Plaintiffs'
Oppositions to Philips Electronics North America Corporation's, Philips Taiwan Limited's, and Philips
do Brasil Ltda.'s Motion for Partial Summary Judgment.

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

---

PLFS' OPP. TO ROYAL PHILIPS'                                    MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR SUMMARY JUDGMENT                        MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC



PLFS' OPP. TO ROYAL PHILIPS'
MOTION FOR SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



**A.     Philips Display Components (PDC)**



**B.**     *Philips Consumer Electronics (PCE)*



PLFS' OPP. TO ROYAL PHILIPS'
MOTION FOR SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



III.     **Royal Philips Formed Super Conspirator LPD with Co-Conspirator LGE**

   A.     *The Formation, Structure, and Financing of LPD*



PLFS' OPP. TO ROYAL PHILIPS'                    MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR SUMMARY JUDGMENT            MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



9

**B.** 

PLFS' OPP. TO ROYAL PHILIPS'                    MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR SUMMARY JUDGMENT           MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



11    In holding Royal Philips liable for LPD's participation in the CRT conspiracy, the EC

12   highlighted the "decisive influence" Royal Philips had on LPD:

13   [T]he parent companies of [LPD] did not intend to create an independent
     company. [Royal Philips] and LGE as shareholders had influence on the most
14   important decisions for the company that was jointly controlled by them.  The
     joint venture was organised in such a way as to allow the shareholders to make
15   the strategic commercial decisions, generate both strategic and operational plans,
     control the day-to-day management and ensure they were kept informed . . . .
16   [T]he Supervisory Board's role was more than just advisory and neutral. It
     entailed approving major management decisions and was setting the direction of



the company's business . . . . [Royal Philips] and LGE were in a position to and did actually exert a decisive influence over [LPD's] commercial policy.[63]

### C.    Royal Philips and PCE Knew LPD Participated in the CRT Conspiracy and Reached Price Agreements with Competitors

[63] *Vichi v. Koninklijke Philips Elecs., N.V.*, 85 A.3d 725, 752 (Del. Ch. 2014) (citing EC Decision at ¶¶836-37.

1  ████████████████████████████████████████████ █  ████

2  ██████████████████████████████████████████████████

3  ███████████████████████████████ █  ████████████████

4  ██████████████████████████████████████████████████

5  █████████████████████████████████ █

## ARGUMENT AND CITATION OF AUTHORITIES

The formal Philips corporate structure does not immunize the Philips Defendants from liability for their illegal price-fixing and/or information sharing activities.[73] ███████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████  At the very least, a question of material fact exists as to Royal Philips' participation in the CRT conspiracy.  For these reasons and as detailed further below, the Court should deny Royal Philips' Motion.

### I.    Legal Standard

Summary judgment is proper only "if [the Philips Defendants] show[] that there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Philips Defendants have "both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment."  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210

████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████ █
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████

[73] The Sharp Plaintiffs also maintain that the Philips Defendants conspired to exchange competitively sensitive information which caused CRTs sold in the United States to be sold at anticompetitive levels, constituting a violation of antitrust law under a rule of reason analysis.

F.3d 1099, 1102 (9th Cir. 2000).  As the Ninth Circuit has ruled, "[i]n order to carry [their] burden of production, [the Philips Defendants] must either produce evidence negating an essential element of [Plaintiffs'] claim or defense or show that [Plaintiffs do] not have enough evidence of an essential element to carry [their] ultimate burden of persuasion at trial."  *Id.*  Thus, "[i]n order to carry [their] ultimate burden of persuasion on the motion, [the Philips Defendants] must persuade the [C]ourt that there is no genuine issue of material fact."  *Id.*  In determining whether a genuine issue of material fact exists, the Court must view the evidence in the light most favorable to Plaintiffs and draw all justifiable inferences in their favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## II.    Royal Philips' Motion Should Be Denied Because Royal Philips Is Directly Liable For Its Role in the CRT Conspiracy

The Ninth Circuit has long recognized that "[p]articipation by each conspirator in every detail in the execution of the conspiracy is unnecessary to establish liability, for each conspirator may be performing different tasks to bring about the desired result." *Beltz Travel Serv., Inc. v. Int'l Transp. Ass'n*, 620 F.2d 1360, 1367 (9th Cir. 1980).  Accordingly, Plaintiffs do not need to "show an explicit agreement" between Royal Philips and the other Defendants to establish its liability for the conspiracy. *Movie 1 & 2 v. United Artists Commcn's, Inc.* 909 F.2d 1245, 1251-52 (9th Cir. 1990); *see In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 662 (7th Cir. 2002) (highlighting that plaintiff need not present evidence "tantamount to an acknowledgement of guilt" and that trier of fact must consider all evidence, including ambiguous statements).  Nor do Plaintiffs have to prove that Royal Philips' employees attended conspiracy meetings themselves.[74]  In fact, Royal Philips' employees "need not know of the existence or identity of the other members of the conspiracy or the full extent of the

---

[74] For example, the Northern District of California twice denied summary judgment where circumstantial evidence linked a defendant to a conspiracy even though it did not attend the LCD equivalent of Glass Meetings or reach explicit agreements on price or output.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2012 WL 4808425, at *1-2 (N.D. Cal. Oct. 9, 2012); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2012 WL 5383197, at *1 (N.D. Cal. Sept. 22, 2012); *see also Precision Assocs., Inc. v. Panalpina World Transp., (Holding) Ltd.*, No. 08-cv-42, 2013 WL 6481195, at *16 (E.D.N.Y. Sept. 20, 2013) ("[A]lthough certain employees of certain affiliates were in actual attendance at the meetings, this does not preclude the inference that they acted on behalf of and engaged the knowing assistance of their corporate families.") (adopted 2014 WL 298594 (E.D.N.Y. Jan. 28, 2014)).

conspiracy" to be held liable. *In re High-Tech Emp. Antitrust Litig.*, 856 F. Supp. 2d 1103, 1118 (N.D. Cal. 2012). Instead, Plaintiffs can prove Royal Philips' liability based solely on circumstantial evidence if they "provide specific evidence tending to show that [Royal Philips] was not engaging in permissible competitive behavior." *In re Citric Acid Litig.*, 191 F.3d 1090, 1094 (9th Cir. 1999). This inquiry is highly fact-intensive. *See United States v. Murphy*, 937 F.2d 1032, 1039 (6th Cir. 1991).

At the summary judgment stage, Plaintiffs need only create a genuine issue of material fact as to whether Royal Philips participated in the conspiracy or "***control[led], direct[ed], or encourage[d]*** [its] subsidiary's anticompetitive conduct." *Nobody in Particular Presents, Inc. v. Clear Channel Commcn's, Inc.* ("*NIPP*"), 311 F. Supp. 2d 1048, 1070 (D. Colo. 2004) (emphasis added); *see BanxCorp v. Apax Partners, L.P.*, No. 10-cv-4769, 2011 WL 1253892, at *4 (D.N.J. Mar. 28, 2011) (endorsing rule that when a parent company "controls, directs, or encourages" its subsidiary's anticompetitive conduct, the parent company is directly liable). If a parent company directs, controls, or encourages its subsidiary's conduct, then it has "engage[d] in sufficient independent conduct to be held directly liable." *NIPP*, 311 F. Supp. 2d at 1070.[75] ████████████████████████████████ ████████████████████████████████████████████████ *Id.* at 1068-70 (rejecting argument that, because "holding company" was "not a seller, supplier, participant, or competitor," it could not be held directly liable for controlling, directing, and/or encouraging subsidiary's misconduct). After all, it is "counterintuitive" to allow Royal Philips to "escape antitrust liability by hiding behind its separate incorporation." *Id.* at 1069.

### A.   ████████████████████████████████████████████████████████████████

As detailed below, Plaintiffs have provided more than sufficient evidence to create a genuine issue of material fact as to Royal Philips' participation in the conspiracy ████████████████████ ████████████████

---

[75] The Court has already recognized the applicability of this rule. At the motion to dismiss stage, it held that Plaintiffs plausibly alleged that each Philips Defendant participated in the conspiracy by alleging that Royal Philips "dominated and controlled the finances, policies, and affairs" of the Philips Subsidiaries. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 738 F. Supp. 2d 1011, 1021 (N.D. Cal. 2010).

1.   █████████████████████████████████

Royal Philips was not, as it suggests in its Motion, a holding company with a passive investment in its CRT business. ████████████████████████



79 *See supra* notes 14-15.
80 *See id.*

82 *See* Statement of Facts ("SOF") at Section II.

1  ████████████████████████████████████████████████████████████

2  ███████████████████████████████ █ ████████████████████████████

3  ██████████████████████████████ █ ██████████████████ █ ████████

4  ██████████████████████████████████████████████████████

5        At the very least, construing the facts in the light most favorable to Plaintiffs, a reasonable jury

6  could conclude that Royal Philips participated, controlled, and/or directed the CRT conspiracy ████

7  ████████████████. *See NIPP*, 311 F. Supp. 2d at 1071 (holding parent liable for anticompetitive

8  conduct occurring at the subsidiary level in part because it "direct[ed] and control[led] the policies and

9  behavior of its subsidiaries" and "operate[ed] its subsidiaries as divisions of the company, with each

10  division, such as entertainment and radio, reporting up to [the parent company]").  These facts alone,

11  ████████████████████████████████████████████████████████,

12  are sufficient to create a question of fact as to whether Royal Philips participated in the conspiracy

13  ██████████████████████████.

14        *2.*    ████████████████████████████████████████████

15  ██████████████████████████████████

16  ██████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████

18  ██████████████████████████████████████████████████████████

19  ███████████████████████████████████████ █ ███████████████████

20  ████████████████████████████████████████████████████████████

21  ███████████████████████████ █ ███████████████████████████████

22  ██████████████████████████████████████████████████████████

<hr>

[83] *See id.*

23  █ ████████████████████████████████████████████

24  █ ████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████████

26  ████████████████████████████████████████████

[86] *See* SOF at Section II.
[87] *See id.*

<hr>



1

2

3

4

5

6

7

8

9

10 At

11 the very least, it creates a genuine issue of material fact sufficient to survive Royal Philips' Motion.[92]

12            *3.        Royal Philips Formed LPD with Co-Conspirator LGE*

13        Royal Philips also knowingly participated in the CRT conspiracy by joining with co-

14 conspirator LGE to form LPD.

15

16

17

18

19 _____

20 [88] *See id.*

[90] *See* SOF at Section II.

21 [91] *See* SOF at Section II.

22 [92] Plaintiffs do not need to present a "smoking gun" document where ▓▓▓▓▓▓ makes statements

"tantamount to an acknowledgment of guilt" in order to tie him to the conspiracy. *In re High Fructose*

23 *Corn Syrup*, 295 F.3d at 661.

24

25

26

27 [93] *See* SOF at Section III.C.

[94] *See id.* at III.B.

28

18



99 *See* SOF at Section III.
100 *See supra* note 32.

PLFS' OPP. TO ROYAL PHILIPS'                    MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR SUMMARY JUDGMENT          MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



Royal Philips cannot diminish the importance of this document.

Accordingly, this document, in conjunction with other circumstantial evidence, creates a genuine issue

---

[104] *See* SOF at Section III.B;

[105] *See supra* notes 56-58.

20

of material fact as to Royal Philips' knowledge and participation in the CRT conspiracy.  *See In re High Fructose Corn Syrup*, 295 F.3d at 662 (highlighting that even "ambiguous statements" should not be disregarded because "most [conspiracy] cases are constructed out of a tissue of such statements and other circumstantial evidence, since an outright confession will ordinarily obviate the need for trial").

> ### B.   Two Independent Tribunals Have Held that Royal Philips Was Aware of the Conspiracy

Based on this evidence of Royal Philips' role in the CRT conspiracy, two independent tribunals concluded that Royal Philips knew about the conspiracy.  After investigating the CRT conspiracy in Europe, the EC held Royal Philips liable for its involvement in the conspiracy for both the period before and after the formation of LPD.[108]  Moreover, the Delaware Chancery Court in *Vichi* conducted an independent analysis and concluded that there was "sufficient admissible evidence in the record to support a reasonable inference that [Royal Philips] was aware of LPD's and its other subsidiaries' participation in an illegal price fixing cartel."[109]  The *Vichi* court found the following to be "persuasive circumstantial evidence that [Royal Philips] was aware of its subsidiaries' involvement in a CRT price fixing cartel": (1) the continuity of involvement, both in terms of entities and individuals, before and after the formation of LPD; (2) Royal Philips' formation of LPD with LGE, another price fixer; and (3) Mr. Chang's role as "chairman of the cartel for two years" and his subsequent appointment by Royal Philips to LPD's Supervisory Board.[110] ███████████

███████████████████████████████████████

> ### C.   The Cases Royal Philips Relies Upon Are Inapposite to the Facts Here

The cases cited by Royal Philips cannot save its Motion.  Those cases address the situation where, in response to a motion for summary judgment, a plaintiff fails to differentiate between various corporate entities.[111]  But, in response to Royal Philips' Motion, Plaintiffs do not, as Royal Philips

---

[108] *See Vichi*, 85 A.3d at 735.

[109] *Id.* at 810.

[110] *Id.* at 810-11.

[111] *See Sun Microsys. Inc. v. Hynix Semiconductor Inc.*, 608 F. Supp. 2d 1166, 1194 (N.D. Cal. 2009) (granting summary judgment because plaintiff could not "preliminarily tell the court which entity is responsible for which communication or act); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-cv-1827, 2014 WL 4827378 (N.D. Cal. Sept. 4, 2014) (same).

speculated, attempt to "blur" the corporate lines between the Philips' entities. ██████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████

Royal Philips' reliance on *In re Publication Paper Antitrust Litigation* is similarly misplaced because the plaintiff there did not offer any evidence tying the European parent-defendant to the U.S.-only conspiracy.  690 F.3d 51, 69 (2d Cir. 2012).  Instead, the only evidence the plaintiff offered related to the parent was a single European meeting with no ties to the U.S. conspiracy.  *Id.*  By contrast, here, there is ample circumstantial evidence from which a reasonable jury could infer that Royal Philips participated in the overarching, international CRT conspiracy or, at the very least, controlled, directed, or encouraged its subsidiaries' participation in the conspiracy.[113]

Finally, Royal Philips' argument regarding Dutch law on piercing the corporate veil is wholly inapposite as Plaintiffs do not argue that Royal Philips is vicariously liable for LPD's participation in the conspiracy under a piercing the corporate veil theory.

█████   ███████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████   The acts of a parent's agents may be attributable to the parent even if those agents are employed by a subsidiary.  *See United States v. Bestfoods*, 524 U.S. 51, 65 (1998); *Sun Microsys. Inc.*

---

[112] *See* SOF at Section I.

[113] *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 5383197, at *1 (denying motion for summary judgment despite no direct evidence of exchanges between defendant and any competitor regarding LCD pricing information); *NIPP*, 311 F. Supp. 2d at 1070 (holding that when "parent controls, directs, or encourages the subsidiary's anticompetitive conduct, the parent engages in sufficient independent conduct to be held directly liable").

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

PLFS' OPP. TO ROYAL PHILIPS'                     MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR SUMMARY JUDGMENT          MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

*v. Hynix Semiconductor Inc.*, 622 F. Supp. 2d 890, 897-901 (N.D. Cal. 2009).[115]   "'Where one corporation is controlled by another, the former acts not for itself but as directed by the latter, the same as an agent, and the principal is liable for acts of its agents within the scope of the agent's authority.'" *Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229, 1238 (N.D. Cal. 2004) (quoting *Pacific Can Co. v. Hewes*, 95 F.2d 42, 45-46 (9th Cir. 1938)).  This rule applies to antitrust conspiracy cases.  *See E & J Gallo Winery v. EnCana Energy Servs.*, No. 03-cv-5412, 2008 WL 2220396, at *5 (E.D. Cal. May 27, 2008); *Sun Microsys.*, 622 F. Supp. 2d at 900-01; *cf. Am. Soc. of Mech. Eng'rs, Inc. v. Hydrolevel Corp.*, 456 U.S. 556, 577-78 (1982) (applying agency theory to establish antitrust liability because holding the principal liable for agents ensures that principals "will act with care when they permit their agents to speak for them").  And, unlike veil-piercing vicarious liability, "agency liability does not require the court to disregard the corporate form."  *Bowoto*, 312 F. Supp. 2d at 1238.

To establish an agency relationship between ███████████████, Plaintiffs need only satisfy the following elements: "(1) there must be a manifestation by the principal that the agent shall act for him; (2) the agent must accept the undertaking; and (3) there must be an understanding between the parties that the principal is to be in control of the undertaking."  *Id.* at 1239 (internal quotation omitted).[116]  This inquiry "is normally a question of fact."  *Id.* at 1241.   And it "involves a fact-intensive inquiry into the extent to which the parent exercises control over the activities of the subsidiary."  *E & J Gallo*, 2008 WL 2220396, at *10.[117]  If ████ "can legitimately be described as only a means through which the parent acts, ***or nothing more than an incorporated department of [Royal***

---

[115] Federal common law controls the agency test as it is applied to Sherman Act claims.  *Sun Microsys.*, 622 F. Supp. 2d at 899.  Tellingly, in contrast to its position on piercing the corporate veil with respect to LPD, Philips concedes application of U.S. law to this issue by citing U.S. law in its Motion.  *See Royal Philips' Mot. at 12.
[116] This traditional common law agency test, as opposed to the personal jurisdiction "representative services" test, applies for purposes of determining antitrust liability.  *See Sun Microsys.*, 622 F. Supp. 2d at 898.   Thus, the Ninth Circuit's application of the representative services test to a holding company in *Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001), is inapposite, as is *Unocal*'s progeny.
[117] *See Sun Microsys.*, 622 F. Supp. 2d at 901 ("[I]t is impossible for the court to conclude with certainty that all facts presented here cut decisively against a finding of agency as a matter of law. It is the trier of fact who must resolve the underlying questions of fact . . . so that a conclusion of law as to agency may be made.").

*Philips]*, the subsidiary will be deemed to be the agent of the parent." *Agricola Baja Best, S. De. R.L. de C.V. v. Harris Moran Seed Co.*, No. 11-cv-2482, 2014 WL 4385450, at *5 (S.D. Cal. Sept. 3, 2014) (emphasis added) (internal quotation omitted).

Here, there is, at least, a factual dispute as to whether ██████████████████████████ ████████████████████████. *See Agricola*, 2014 WL 4385450, at *5. ██████████

██████████████████████████████████████████████████████████████████

███████████████████████████████ ███████████████████████████████████

██████████████████████████████████████████████ █████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████ █████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████ ██ █████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████ ██ ████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████ ██

███████ ███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

███████████████████ ██████████████████████████████████████████████

████████████████████████████████████████████████████ ██ ████████

─────────────────────
[118] *See* SOF at Section I.
[119] *See id.*
█ ███████████████████████
█
█
█
█ ██████████████████
█
█

1  █████████████████████████████████████████████████████████████████████

2  █████████████████████████████████████████████████████████████████████

3  █████████████████████████████████████████████████████████████████████

4  █████████████████████████████████████████████████████████████████████

5  ██████████████████████████████████████████████ *See Agricola*,

6  2014 WL 4385450, at *5 (finding issue of material fact as to whether subsidiary existed so parent

7  could operate in Mexico, despite the fact that parent did not control prices or customers to whom the

8  subsidiary sold its products); *Sun Microsys.*, 622 F. Supp. 2d at 901 (denying summary judgment

9  because of issues of fact regarding extent subsidiary operated on behalf of parent); *Dong AH Tire &*

10 *Rubber Co. v. Glasforms, Inc.*, No. 06-cv-3359, 2009 WL 975817, at *8 (N.D. Cal. Apr. 10, 2009)

11 (finding triable issue of fact on agency where parent and subsidiary shared logo and subsidiary had no

12 independent website); *Bowoto*, 312 F. Supp. 2d at 1244 (denying summary judgment after considering

13 various factors, including that "defendant functioned as a multi-national corporation in which [the

14 subsidiary] played a significant role").  Accordingly, Royal Philips' Motion should be denied.

15                                      **CONCLUSION**

16        For the reasons set forth above, the Court should deny Royal Philips' Motion for Summary

17 Judgment.



18

19

20

21

22

23

24

25

26

27

28

PLFS' OPP. TO ROYAL PHILIPS'                              MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR SUMMARY JUDGMENT                    MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

1

2    /s/  *Debra D. Bernstein*
     Michael P. Kenny (admitted *pro hac vice*)
3    Debra D. Bernstein (admitted *pro hac vice*)
     Matthew D. Kent (admitted *pro hac vice*)
4    Elizabeth Helmer (admitted *pro hac vice*)
     ALSTON & BIRD LLP
5    1201 West Peachtree Street
     Atlanta, Georgia 30309-3424
6    Telephone:  (404)-881-7000
     Facsimile:  (404)-881-7777
7    Email:  mike.kenny@alston.com
8            debra.bernstein@alston.com
             matthew.kent@alston.com
9            elizabeth.helmer@alston.com

10   James M. Wagstaffe, Esq. (SBN 95535)
11   KERR & WAGSTAFFE LLP
     101 Mission Street, 18th Floor
12   San Francisco, California  94105-1576
     Telephone:  (415)-371-8500
13   Facsimile:  (415)371-0500
     Email:  wagstaffe@kerrwagstaffe.com
14

15   *Counsel For Plaintiffs Dell Inc. and Dell Products L.P.*

16   /s/  *Philip J. Iovieno*

17   Philip J. Iovieno
     Anne M. Nardacci
18   BOIES, SCHILLER & FLEXNER LLP
     30 South Pearl Street, 11th Floor
19   Albany, NY  12207
     Telephone:  (518) 434-0600
20   Facsimile:  (518) 434-0665
     Email:  piovieno@bsfllp.com
21           anardacci@bsfllp.com

22   William A. Isaacson
     BOIES, SCHILLER & FLEXNER LLP
23   5301 Wisconsin Ave. NW, Suite 800
     Washington, D.C.  20015
24   Telephone:  (202) 237-2727
     Facsimile:  (202) 237-6131
25   Email:  wisaacson@bsfllp.com

26   Stuart Singer
     BOIES, SCHILLER & FLEXNER LLP
27   401 East Las Olas Blvd., Suite 1200

28

PLFS' OPP. TO ROYAL PHILIPS'                     MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR SUMMARY JUDGMENT        MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

1
Fort Lauderdale, FL  33301
Telephone:  (954) 356-0011
2
Facsimile:   (954) 356-0022
Email:  ssinger@bsfllp.com
3

4
*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, and Tech Data Corporation and Tech Data Product Management, Inc.*

5

6

7

8

9

10
/s/  Robert W. Turken
_____

11
Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
12
BILZIN SUMBERG MAENA PRICE & AXELROD
LLP
13
1450 Brickell Ave, Suite 2300
Miami, FL  33131-3456
14
Tel:  305-374-7580
Fax: 305-374-7593
15
Email:  rturken@bilzin.com
         swagner@bilzin.com
16
         mwidom@bilzin.com

17
*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*
18

19
/s/  Roman M. Silberfeld
_____

20
Roman M. Silberfeld
Bernice Conn
21
David Martinez
Jill S. Casselman
22
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
23
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
24
Facsimile:   (310) 229-5800
Email:  rmsilberfeld@rkmc.com
25
         dmartinez@rkmc.com
         jscasselman@rkmc.com
26

27
Elliot S. Kaplan
K. Craig Wildfang

28

27

1    Laura E. Nelson
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2    800 LaSalle Avenue
2800 LaSalle Plaza

3    Minneapolis, MN  55402
Telephone:  (612) 349-8500

4    Facsimile:   (612) 339-4181
Email:  eskaplan@rkmc.com

5           kcwildfang@rkmc.com
           lenelson@rkmc.com

6

7    *Counsel For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*

8

9    /s/  *David J. Burman*

10    David J. Burman (*pro hac vice*)
Cori G. Moore (*pro hac vice*)

11    Eric J. Weiss (*pro hac vice*)
Nicholas H. Hesterberg (*pro hac vice*)

12    Steven D. Merriman (*pro hac vice*)
PERKINS COIE LLP

13    1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

14    Telephone:  (206)359-8000
Facsimile:   (206)359-9000

15    Email:  DBurman@perkinscoie.com

16           CGMoore@perkinsncoie.com
           EWeiss@perkinscoie.com

17           NHesterberg@perkinscoie.com
           SMerriman@perkinscoie.com

18    Joren Bass, Bar No. 208143
PERKINS COIE LLP

19    Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131

20    Telephone:  (415)344-7120
Facsimile:   (415)344-7320

21    Email:  JBass@perkinscoie.com

22    *Counsel for Plaintiff Costco Wholesale Corporation*

23    /s/  *Richard Alan Arnold*

24    Richard Alan Arnold (*pro hac vice*)
William J. Blechman (*pro hac vice*)

25    Kevin J. Murray (*pro hac vice*)
KENNY NACHWALTER, P.A.

26    201 S. Biscayne Blvd., Suite 1100
Miami, FL  33131

27    Tel: 305-373-1000

28

PLFS' OPP. TO ROYAL PHILIPS'
MOTION FOR SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

Fax: 305-372-1861
Email:  rarnold@knpa.com
             wblechman@knpa.com
             kmurray@knpa.com

*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

/s/  *Kenneth S. Marks*

Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:   (713) 654-6666
Email: kmarks@susmangodfrey.com
             jross@susmangodfrey.com
             jcarter@susmangodfrey.com
             dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington  98101-3000
Telephone:  (206) 516-3880
Facsimile:   (206) 516-3883
Email:  pfolse@susmangodfrey.com
             rblack@susmangodfrey.com
             jconnors@susmangodfrey.com

*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

/s/  *Jason C. Murray*

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone:  213-443-5582
Facsimile:   213-622-2690

29

1

Email:  jmurray@crowell.com

2

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)

3

CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.

4

Washington, D.C.  20004
Telephone:  202-624-2500

5

Facsimile:   202-628-5116
E-mail:  jmurphy@crowell.com

6

aheaven@crowell.com

7

*Counsel for Target Corp. and ViewSonic Corp.*

8

9

/s/  *Kenneth A. Gallo*

10

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)

11

Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &

12

GARRISON LLP
2001 K Street, N.W.

13

Washington, DC  2006-1047
Telephone:  202-223-7300

14

Facsimile:   202-223-7420
Email:  kgallo@paulweiss.com

15

jsimons@paulweiss.com
cbenson@paulweiss.com

16

*Counsel for Sharp Electronics Corporation; Sharp*

17

*Electronics Manufacturing Company of America, Inc.*

18

/s/  *Mario N. Alioto*

19

Mario N. Alioto

20

Lauren C. Russell
TRUMP, ALIOTO, TRUMP & PRESSCOTT LLP

21

2280 Union Street
San Francisco, CA 94123

22

Telephone:  415-563-7200
Facsimile:   415-346-0679

23

Email:  malioto@tatp.com
laurenrussell@tatp.com

24

25

*Lead Counsel for Indirect Purchaser Plaintiffs*

26

27

28

30