1  Michael P. Kenny, Esq. (admitted *pro hac vice*)
   mike.kenny@alston.com
2  Debra D. Bernstein, Esq. (admitted *pro hac vice*)
   debra.bernstein@alston.com
3  Matthew D. Kent, Esq. (admitted *pro hac vice*)
   matthew.kent@alston.com
4  **ALSTON & BIRD LLP**
5  1201 West Peachtree Street
   Atlanta, Georgia 30309-3424
6  Tel: (404) 881-7000
   Facsimile: (404) 881-7777
7
   James M. Wagstaffe, Esq. (SBN 95535)
8  wagstaffe@kerrwagstaffe.com
9  **KERR & WAGSTAFFE LLP**
   101 Mission Street, 18th Floor
10 San Francisco, California 94105-1576
   Tel: (415) 371-8500
11 Facsimile: (415) 371-0500

12 *Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

13 **[Additional Counsel Listed on Signature Page]**

14
                **UNITED STATES DISTRICT COURT**
15              **NORTHERN DISTRICT OF CALIFORNIA**
                **SAN FRANCISCO DIVISION**
16

17 In re: CATHODE RAY TUBE (CRT)          Master File No. 3:07-cv-05944-SC/ MDL
   ANTITRUST LITIGATION
18                                         MDL No. 1917

19 This Document Relates to:              **PLAINTIFFS' OPPOSITION TO**
                                          **PHILIPS ELECTRONICS NORTH**
20 *Electrograph Sys. v. Hitachi, Ltd.*, No. 11-cv-01656;   **AMERICA CORPORATION'S,**
                                          **PHILIPS TAIWAN LIMITED'S, AND**
21 *Electrograph Sys., Inc. v. Technicolor SA*, No. 13-cv-  **PHILIPS DO BRASIL LTDA.'S**
   05724;                                 **MOTION FOR PARTIAL SUMMARY**
22                                         **JUDGMENT [MDL DKT NO. 3027]**

23 *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;   Date:  February 6, 2015
                                          Time: 10:00 a.m.
24 *Siegel v. Technicolor SA*, No. 13-cv-05261;   Place: Courtroom 1, 17th Floor
                                          Hon. Samuel Conti
25 *Best Buy Co. v. Hitachi, Ltd.*, No. 11-cv-05513;
                                          **[FILED UNDER SEAL]**
26 *Best Buy Co. v. Technicolor SA*, No. 13-cv-05264;

27 *Interbond Corp. of Am. v. Hitachi, Ltd.*, No. 11-cv-

28

06275;

*Interbond Corp. of Am. v. Technicolor SA.*, No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi Ltd.*, No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA,* No. 13-cv-5726

*CompuCom Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-06396;

*P.C. Richard & Son Long Island Corp. v. Hitachi, Ltd.*, No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp. v. Technicolor SA.*, No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd.*, No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA.*, No. 13-cv-05668;

*Tech Data Corp. v. Hitachi, Ltd.*, No. 13-cv-00157;

*Dell Inc. and Dell Products L.P., v. Hitachi, Ltd.,* No. 13-cv-02171;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;

*Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-1173 SC;

*Sharp Elecs. Corp. v. Koninklijke Philips Elecs., N.V.*, No. 13-cv-2776 SC;

*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-02510;

*All Indirect Purchaser Actions.*

# TABLE OF CONTENTS

STATEMENT OF THE ISSUE PRESENTED................................................................. 1

INTRODUCTION .......................................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 3

I.    **Filed Under Seal**
      ................................................................................................................... 3

      A.    Philips Display Components (PDC) ................................................................4

      B.    Philips Consumer Electronics (PCE) .............................................................5

II.   **Filed Under Seal**

III.  Royal Philips Formed Super Conspirator LPD with Co-Conspirator LGE ................... 8

      A.    The Formation, Structure, and Financing of LPD ................................................8

      B.    **Filed Under Seal** ..............................................10

      **Filed Under Seal**

ARGUMENT AND CITATION OF AUTHORITIES................................................. 14

I.    The Court Should Deny the Philips Subsidiaries' Motion for Summary Judgment
      Because They Did Not Withdraw from the Conspiracy ............................................... 14

      A.    Legal Standard For Withdrawal at Summary Judgment Stage ..............................14

      B.    The Philips Subsidiaries Did Not Sever All Ties to the Conspiracy Upon the
            Formation of LPD.........................................................................................15

      C.    The Philips Subsidiaries Did Not Communicate Their Alleged Withdrawal
            to Co-Conspirators.......................................................................................19

      D.    The Philips Subsidiaries Did Not Resume Competition Upon LPD's
            Formation ...................................................................................................21

      E.    The Philips Subsidiaries are Not Victims, But Beneficiaries of the
            Conspiracy..................................................................................................22

CONCLUSION ............................................................................................................. 23

i.

1

2

## **<u>TABLE OF AUTHORITIES</u>**

3

4
CASES

5

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)...................................................................15
6

7
*Armco Steel Co. v. CSX Corp.*,
    790 F. Supp. 311 (D.D.C. 1991) ...............................................14

8
*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    820 F. Supp. 2d 1055 (N.D. Cal. 2011) .....................................14
9

10
*Morton's Market, Inc. v. Gustafson's Dairy, Inc.*,
    198 F.3d 823 (11th Cir. 1999) ............................................15, 20

11

12
*Reisman v. United States*,
    409 F.2d 789 (9th Cir. 1969) .....................................................23

13

14
*Shakur v. Schriro,*
    514 F.3d 878 (9th Cir. 2008) ..................................................2, 15

15

16
*United States v. Antar*,
    53 F.3d 568 (3d Cir. 1995)........................................................23

17
*United States v. Eisen*,
    974 F.2d 246 (2d Cir. 1992).......................................................23

18

19
*United States v. Lothian*,
    976 F.2d 1257, 1259 (9th Cir. 1992) ...............................15, 16, 23

20
*United States v. Nava-Salazar*,
    30 F.3d 788 (7th Cir. 1994) ......................................................14

21

22
*United States v. Nippon Paper Indus. Co.*,
    62 F. Supp. 2d 173 (D. Mass. 1999) ..........................................15

23

24
*United States v. United States Gypsum Co.*,
    438 U.S. 422 (1978)..................................................................14

25
*Vichi v. Koninklijke Philips Elecs., N.V.*,
    85 A.3d 725 ..............................................................................12

26
RULES

27
Fed. R. Civ. P. 56(a) ..........................................................................15

28

ii.

**STATEMENT OF THE ISSUE PRESENTED**

Whether Philips Electronics North America Corporation ("PENAC"), Philips Taiwan Limited ("Philips Taiwan"), and Philips do Brasil Ltda. ("Philips do Brasil") (collectively the "Philips Subsidiaries") carried their burden of coming forward with evidence of withdrawal that is so powerful that no reasonable jury would be free to disbelieve it.

**INTRODUCTION**

Filed Under Seal

Philips' desired result with its two motions is to immunize itself from liability from June 2001 forward, when it created a joint venture with another CRT conspirator— LGE—and formed LG Philips Display ("LPD"), which continued to actively participate in the CRT conspiracy.  Although both motions should be denied, this Opposition addresses only the Philips Subsidiaries' Motion for Partial Summary Judgment on their affirmative defense of withdrawal because Philips refused to stipulate to Plaintiffs filing a single, consolidated opposition to the motions.[2]

In their Motion, the Philips Subsidiaries do not challenge the sufficiency of the evidence of their participation in the conspiracy.  Instead, they claim that they withdrew from the conspiracy upon the formation of LPD in June 2001 and that they should be absolved from liability from that point forward.  They go so far as to argue that they became conspiracy victims at that point, notwithstanding

---

[1] Royal Philips and the Philips Subsidiaries are collectively referred to as "Philips" or the "Philips Defendants."

[2] In the interest of efficiency and minimizing the burden on the Court, Plaintiffs sought Philips' consent to file a single, consolidated opposition addressing both motions.  Plaintiffs proposed limiting their consolidated opposition to thirty-five (35) pages—fifteen (15) fewer pages than the combined fifty (50) page limit if separate oppositions were filed.  As was clear from their opposition to the Motion for Leave for Excess Pages, Philips refused Plaintiffs' request for tactical reasons.  *See* MDL No. 3228.

1

1   the fact that their ultimate parent— **Filed Under Seal**

2   .

3       Withdrawal is an affirmative defense, and to prevail on this defense at summary judgment, the

4   Philips Subsidiaries must come forward with "evidence [of withdrawal that] is so powerful that no

5   reasonable jury would be free to disbelieve it." *See Shakur v. Schriro,* 514 F.3d 878, 890 (9th Cir.

6   2008) (internal quotation marks and citation omitted). The Philips Subsidiaries have failed to meet this

7   heavy burden. The reason is simple: the Philips Subsidiaries did not withdraw from the conspiracy

8   upon the formation of LPD. **Filed Under Seal**

23      The Philips Subsidiaries are effectively asking the Court to find that a company can limit its

24  liability by spinning off its conspiring operations into a joint venture with a co-conspirator, **Filed Under Seal**

25

26  This argument is contrary to well-established law, and the Court

27  should decline to create a blueprint for future price-fixers to reduce exposure and maximize gains.

28

2

**STATEMENT OF FACTS**

Philips' businesses included CRTs, as well as products containing CRTs like televisions and computer monitors. Filed Under Seal

---

[3] Royal Philips takes issue with references to "Philips." Filed Under Seal

Unless otherwise noted, all Exhibits cited are to the Declaration of Debra D. Bernstein in Support of Plaintiffs' Opposition to Koninklijke Philips N.V.'s Motion for Summary Judgment and Plaintiffs' Opposition to Philips Electronics North America Corporation's, Philips Taiwan Limited's, and Philips do Brasil Ltda.'s Motion for Partial Summary Judgment.

3



Filed Under Seal

**A.      Philips Display Components (PDC)**

Filed Under Seal

PLFS' OPP. TO PHILIPS SUBSIDIARIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

Filed Under Seal

**B.** **Philips Consumer Electronics (PCE)**

Filed Under Seal

Filed Under Seal



Filed Under Seal

PLFS' OPP. TO PHILIPS SUBSIDIARIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



Filed Under Seal

PLFS' OPP. TO PHILIPS SUBSIDIARIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



**III.    Royal Philips Formed Super Conspirator LPD with Co-Conspirator LGE**

    *A.     The Formation, Structure, and Financing of LPD*



PLFS' OPP. TO PHILIPS SUBSIDIARIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



Filed Under Seal

Filed Under Seal



Filed Under Seal

PLFS' OPP. TO PHILIPS SUBSIDIARIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



Filed Under Seal

In holding Royal Philips liable for LPD's participation in the CRT conspiracy, the EC highlighted the "decisive influence" Royal Philips had on LPD:

> [T]he parent companies of [LPD] did not intend to create an independent company. [Royal Philips] and LGE as shareholders had influence on the most important decisions for the company that was jointly controlled by them.  The joint venture was organised in such a way as to allow the shareholders to make the strategic commercial decisions, generate both strategic and operational plans, control the day-to-day management and ensure they were kept informed . . . . [T]he Supervisory Board's role was more than just advisory and neutral. It entailed approving major management decisions and was setting the direction of the company's business . . . . [Royal Philips] and LGE were in a position to and did actually exert a decisive influence over [LPD's] commercial policy.[63]





Filed Under Seal

[63] *Vichi v. Koninklijke Philips Elecs., N.V.*, 85 A.3d 725, 752 (Del. Ch. 2014).



Filed Under Seal

PLFS' OPP. TO PHILIPS SUBSIDIARIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

1    Filed Under Seal

2

3    ## ARGUMENT AND CITATION OF AUTHORITIES

4    **I.    The Court Should Deny the Philips Subsidiaries' Motion for Summary Judgment**

5    **Because They Did Not Withdraw from the Conspiracy**

6    The Philips Subsidiaries do not move for summary judgment on their conspiracy participation.

7    Instead, they claim that they withdrew from the conspiracy upon the formation of super conspirator

8    LPD.   As set forth below, the Philips Subsidiaries fail to meet their heavy burden to succeed at

9    summary judgment on their affirmative defense of withdrawal.   LPD's formation did not constitute a

10    clean and permanent break from the conspiracy.   Filed Under Seal

11    The Philips Subsidiaries did not resume

12    competition or announce their purported withdrawal, and their claimed status as conspiracy victims is

13    belied by the fact that,  Filed Under Seal

14    . The Court should deny the Philips Subsidiaries' Motion.

15    **A.    *Legal Standard For Withdrawal at Summary Judgment Stage***

16    Withdrawal is an affirmative defense.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 820 F.

17    Supp. 2d 1055, 1060 (N.D. Cal. 2011).   To prove withdrawal from an antitrust conspiracy, the

18    defendant must show "[a]ffirmative acts inconsistent with the object of the conspiracy and

19    communicated in a manner reasonably calculated to reach co-conspirators."   *United States v. United*

20    *States Gypsum Co.*, 438 U.S. 422, 464-65 (1978).   The burden of proving withdrawal is "stringent" and

21    "rigorous" for "[t]he defendant cannot set in motion a criminal scheme and then limit its

22    responsibilities for the harm caused by the scheme by simply ceasing to participate in the scheme."

23    *Armco Steel Co. v. CSX Corp.*, 790 F. Supp. 311, 322 (D.D.C. 1991); *see United States v. Nava-*

24

25    Filed Under Seal

26

27

28

*Salazar*, 30 F.3d 788, 799 (7th Cir. 1994) ("Withdrawal requires that the conspirator make himself 'completely unavailable for the conspiracy's purposes.'").

Summary judgment is proper only "if [the Philips Defendants] show[] that there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail at this stage on their affirmative defense of withdrawal, the Philips Subsidiaries must satisfy a very high burden. They must show that the "evidence [of withdrawal] is so powerful that no reasonable jury would be free to disbelieve it." *See Shakur v. Schriro,* 514 F.3d 878, 890 (9th Cir. 2008) (quoting Moore's Federal Practice § 56.13). In assessing whether the Philips Subsidiaries have met this burden, the Court must view the evidence in the light most favorable to Plaintiffs and draw all justifiable inferences in their favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### B. The Philips Subsidiaries Did Not Sever All Ties to the Conspiracy Upon the Formation of LPD

The Philips Subsidiaries miss their mark in arguing that the formation of LPD "constitute[d] clear withdrawal" from the conspiracy because after LPD's creation they no longer attended conspiracy meetings and became purchasers—not sellers—of CRTs.[73] The "mere cessation of activity is not sufficient to establish withdrawal." *Morton's Market, Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 838 (11th Cir. 1999); *see United States v. Nippon Paper Indus. Co.*, 62 F. Supp. 2d 173, 190 (D. Mass. 1999). The formation of LPD, moreover, was a far cry from the complete and permanent disassociation required to constitute a withdrawal. *See Morton's Market*, 198 F.3d at 839 (in order for a transfer of a business to constitute withdrawal, the conspirator must "sever[] all ties" with the conspiracy, and the "break with the other conspirators . . . must be both clean and permanent"). In *Morton's Market* the court found that the defendant had withdrawn from the conspiracy because "[w]ith the sale of its dairy, [it] certainly 'retired' and ***totally severed*** its ties to the milk price-fixing conspiracy." *Id.* (emphasis added). Similarly, in *United States v. Lothian*, the alleged conspirator was involved in a "telemarketing scheme selling investments in precious metal." 976 F.2d 1257, 1259 (9th Cir. 1992). The Ninth Circuit held that he had withdrawn from the conspiracy by moving from

---

[73] Philips Subsidiaries' Mot. at 3.

1  California to Europe to begin a "new and unrelated enterprise." *Id.* at 1263.  While he was gone, he

2  "had nothing whatsoever to do with [the fraudulent company] and received no financial benefit from . .

3  . [the fraudulent company's] operations." *Id.* at 1263-64.

4  Here, 

Filed Under Seal





The evidence shows Filed Under Seal

PLFS' OPP. TO PHILIPS SUBSIDIARIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



Filed Under Seal

The Philips Subsidiaries' reliance on the fact that they did not physically attend conspiracy meetings following LPD's formation is a red herring because Filed Under Seal

18



Filed Under Seal

Although the Philips Subsidiaries portray the formation of LPD as a tectonic shift in the history of Philips' operations, the evidence shows Filed Under Seal

### C.    The Philips Subsidiaries Did Not Communicate Their Alleged Withdrawal to Co-Conspirators

Filed Under Seal

Filed Under Seal

PLFS' OPP. TO PHILIPS SUBSIDIARIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

1 **Filed Under Seal** ▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮ In stark contrast to the communications in *Morton's Market*

3 announcing a complete exit from the industry through a sale of the conspiring business to an

4 independent third party, **Filed Under Seal** ▮▮▮▮▮▮▮

5 ▮▮▮▮▮▮ *See Morton's Market*, 198 F.3d at 839 (in order for a transfer of a business to

6 constitute withdrawal, the conspirator must "sever[] all ties" with the conspiracy and the "break with

7 the other conspirators . . . must be both clean and permanent").  **Filed Under Seal**



Filed Under Seal

PLFS' OPP. TO PHILIPS SUBSIDIARIES'          MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR PARTIAL SUMMARY JUDGMENT   MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



Filed Under Seal

**D.**     ***The Philips Subsidiaries Did Not Resume Competition Upon LPD's Formation***

The Philips Subsidiaries did not withdraw from the conspiracy by resuming competition.[110]

Filed Under Seal

[110] *See* Philips Subsidiaries' Mot. at 12.

Filed Under Seal

PLFS' OPP. TO PHILIPS SUBSIDIARIES'                          MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR PARTIAL SUMMARY JUDGMENT          MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

1    Contrary to the Philips Subsidiaries' argument that they took steps to defeat the purposes of the

2    conspiracy, Filed Under Seal



14    **E.    The Philips Subsidiaries are Not Victims, But Beneficiaries of the Conspiracy**

15    The Philips Subsidiaries argue that they not only withdrew from the conspiracy but were

16    harmed by it following LPD's formation. Filed Under Seal

20

21    Filed Under Seal

PLFS' OPP. TO PHILIPS SUBSIDIARIES'                MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR PARTIAL SUMMARY JUDGMENT               MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

Filed Under Seal

## CONCLUSION

For the reasons set forth above, the Court should deny the Philips Subsidiaries' Motion for Partial Summary Judgment.

/s/  *Debra D. Bernstein*
Michael P. Kenny (admitted *pro hac vice*)
Debra D. Bernstein (admitted *pro hac vice*)
Matthew D. Kent (admitted *pro hac vice*)
Elizabeth Helmer (admitted *pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone:  (404)-881-7000
Facsimile:   (404)-881-7777
Email:  mike.kenny@alston.com



debra.bernstein@alston.com
matthew.kent@alston.com
elizabeth.helmer@alston.com

James M. Wagstaffe, Esq. (SBN 95535)
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, California  94105-1576
Telephone:  (415)-371-8500
Facsimile:  (415)371-0500
Email:  wagstaffe@kerrwagstaffe.com

*Counsel For Plaintiffs Dell Inc. and Dell Products L.P.*

/s/  *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:   piovieno@bsfllp.com
              anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
Email:  wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022
Email:  ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, and Tech Data Corporation and Tech Data Product*

24

1    *Management, Inc.*

2    /s/  *Robert W. Turken*

3

4    Robert W. Turken
     Scott N. Wagner
     Mitchell E. Widom

5    BILZIN SUMBERG MAENA PRICE & AXELROD
     LLP

6    1450 Brickell Ave, Suite 2300
     Miami, FL  33131-3456

7    Tel: 305-374-7580
     Fax: 305-374-7593

8    Email:  rturken@bilzin.com
             swagner@bilzin.com

9            mwidom@bilzin.com

10   *Counsel for Plaintiffs Tech Data Corporation and Tech*
     *Data Product Management, Inc.*

11

12   /s/  *Roman M. Silberfeld*

13   Roman M. Silberfeld
     Bernice Conn

14   David Martinez
     Jill S. Casselman

15   ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
     2049 Century Park East, Suite 3400

16   Los Angeles, CA  90067-3208
     Telephone:  (310) 552-0130

17   Facsimile:  (310) 229-5800
     Email:  rmsilberfeld@rkmc.com

18           dmartinez@rkmc.com
             jscasselman@rkmc.com

19

20   Elliot S. Kaplan
     K. Craig Wildfang

21   Laura E. Nelson
     ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

22   800 LaSalle Avenue
     2800 LaSalle Plaza

23   Minneapolis, MN  55402
     Telephone:  (612) 349-8500

24   Facsimile:  (612) 339-4181
     Email:  eskaplan@rkmc.com

25           kcwildfang@rkmc.com
             lenelson@rkmc.com

26   *Counsel For Plaintiffs Best Buy Co., Inc., Best Buy*
     *Purchasing LLC, Best Buy Enterprise Services, Inc.,*

27   *Best Buy Stores, L.P., Bestbuy.com, L.L.C., and*

28

PLFS' OPP. TO PHILIPS SUBSIDIARIES'                              MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR PARTIAL SUMMARY JUDGMENT           MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

1
*Magnolia Hi-Fi, Inc.*

2
/s/  *David J. Burman*

3
David J. Burman (*pro hac vice*)
Cori G. Moore (*pro hac vice*)

4
Eric J. Weiss (*pro hac vice*)
Nicholas H. Hesterberg (*pro hac vice*)

5
Steven D. Merriman (*pro hac vice*)
PERKINS COIE LLP

6
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

7
Telephone:  (206)359-8000
Facsimile:  (206)359-9000

8
Email:  DBurman@perkinscoie.com

9
        CGMoore@perkinsncoie.com
        EWeiss@perkinscoie.com

10
        NHesterberg@perkinscoie.com
        SMerriman@perkinscoie.com

11
Joren Bass, Bar No. 208143
PERKINS COIE LLP

12
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131

13
Telephone:  (415)344-7120
Facsimile:  (415)344-7320

14
Email:  JBass@perkinscoie.com

15
*Counsel for Plaintiff Costco Wholesale Corporation*

16
/s/  *Richard Alan Arnold*

17
Richard Alan Arnold (*pro hac vice*)
William J. Blechman (*pro hac vice*)

18
Kevin J. Murray (*pro hac vice*)
KENNY NACHWALTER, P.A.

19
201 S. Biscayne Blvd., Suite 1100
Miami, FL  33131

20
Tel:  305-373-1000
Fax: 305-372-1861

21
Email:  rarnold@knpa.com

22
        wblechman@knpa.com
        kmurray@knpa.com

23
*Counsel for Plaintiff Sears, Roebuck and Co. and*

24
*Kmart Corp.*

25
/s/  *Kenneth S. Marks*

26
Kenneth S. Marks
Jonathan J. Ross

27
Johnny W. Carter

28

26

David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
      jross@susmangodfrey.com
      jcarter@susmangodfrey.com
      dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
      rblack@susmangodfrey.com
      jconnors@susmangodfrey.com

*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

/s/ *Jason C. Murray*

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
      aheaven@crowell.com

*Counsel for Target Corp. and ViewSonic Corp.*

PLFS' OPP. TO PHILIPS SUBSIDIARIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

1

2

/s/  *Kenneth A. Gallo*

3

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)

4

Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &

5

GARRISON LLP
2001 K Street, N.W.

6

Washington, DC  2006-1047
Telephone:  202-223-7300

7

Facsimile:   202-223-7420
Email:  kgallo@paulweiss.com

8

        jsimons@paulweiss.com
        cbenson@paulweiss.com

9

10

*Counsel for Sharp Electronics Corporation; Sharp
Electronics Manufacturing Company of America, Inc.*

11

12

/s/  *Mario N. Alioto*

13

Mario N. Alioto
Lauren C. Russell

14

TRUMP, ALIOTO, TRUMP & PRESSCOTT LLP
2280 Union Street

15

San Francisco, CA 94123
Telephone:  415-563-7200

16

Facsimile:  415-346-0679
Email:  malioto@tatp.com

17

        laurenrussell@tatp.com

18

*Lead Counsel for Indirect Purchaser Plaintiffs*

19

20

21

22

23

24

25

26

27

28

PLFS' OPP. TO PHILIPS SUBSIDIARIES'                                    MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR PARTIAL SUMMARY JUDGMENT              MDL NO. 1917 ❘ IND. CASE NO. 3:13-cv-02171-SC