Michael P. Kenny, Esq. (admitted *pro hac vice*)
mike.kenny@alston.com
Debra D. Bernstein, Esq. (admitted *pro hac vice*)
debra.bernstein@alston.com
Matthew D. Kent, Esq. (admitted *pro hac vice*)
matthew.kent@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

**[Additional Counsel Listed on Signature Page]**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC/ MDL |
| | MDL No. 1917 |
| This Document Relates to: | **PLAINTIFFS' OPPOSITION TO PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S, PHILIPS TAIWAN LIMITED'S, AND PHILIPS DO BRASIL LTDA.'S MOTION FOR PARTIAL SUMMARY JUDGMENT [MDL DKT NO. 3027]** |
| *Electrograph Sys. v. Hitachi, Ltd.*, No. 11-cv-01656; | |
| *Electrograph Sys., Inc. v. Technicolor SA*, No. 13-cv-05724; | Date:  February 6, 2015 |
| *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; | Time: 10:00 a.m. Place: Courtroom 1, 17th Floor Hon. Samuel Conti |
| *Siegel v. Technicolor SA*, No. 13-cv-05261; | **[FILED UNDER SEAL]** |
| *Best Buy Co. v. Hitachi, Ltd.*, No. 11-cv-05513; | |
| *Best Buy Co. v. Technicolor SA*, No. 13-cv-05264; | |
| *Interbond Corp. of Am. v. Hitachi, Ltd.*, No. 11-cv- | |

06275;

*Interbond Corp. of Am. v. Technicolor SA.*, No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi Ltd.*, No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA*, No. 13-cv-5726

*CompuCom Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-06396;

*P.C. Richard & Son Long Island Corp. v. Hitachi, Ltd.*, No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp. v. Technicolor SA.*, No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd.*, No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA.*, No. 13-cv-05668;

*Tech Data Corp. v. Hitachi, Ltd.*, No. 13-cv-00157;

*Dell Inc. and Dell Products L.P., v. Hitachi, Ltd.*, No. 13-cv-02171;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;

*Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-1173 SC;

*Sharp Elecs. Corp. v. Koninklijke Philips Elecs., N.V.*, No. 13-cv-2776 SC;

*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-02510;

*All Indirect Purchaser Actions.*

# TABLE OF CONTENTS

STATEMENT OF THE ISSUE PRESENTED.................................................................. 1

INTRODUCTION ......................................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 3

I.      ██████████████████████████████████████
      ████████.......................................................................... 3

     A.    Philips Display Components (PDC) ........................................................4

     B.    Philips Consumer Electronics (PCE) ......................................................5

II.    ██████████████████████████████████████
     █████████████████████████████████████████

III.   Royal Philips Formed Super Conspirator LPD with Co-Conspirator LGE ................... 8

     A.    The Formation, Structure, and Financing of LPD ................................8

     B.    ████████████████████████...............................10

██████████████████████████████████████
███████████████████████████████████████████

ARGUMENT AND CITATION OF AUTHORITIES.................................................. 14

I.     The Court Should Deny the Philips Subsidiaries' Motion for Summary Judgment Because They Did Not Withdraw from the Conspiracy ................................... 14

     A.    Legal Standard For Withdrawal at Summary Judgment Stage .............................14

     B.    The Philips Subsidiaries Did Not Sever All Ties to the Conspiracy Upon the Formation of LPD.............................................................15

     C.    The Philips Subsidiaries Did Not Communicate Their Alleged Withdrawal to Co-Conspirators.............................................................19

     D.    The Philips Subsidiaries Did Not Resume Competition Upon LPD's Formation.............................................................21

     E.    The Philips Subsidiaries are Not Victims, But Beneficiaries of the Conspiracy.............................................................22

CONCLUSION .......................................................................................................... 23

i.

1

2

## TABLE OF AUTHORITIES

3

4

CASES

5

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)................................................................15

6

7

*Armco Steel Co. v. CSX Corp.*,
790 F. Supp. 311 (D.D.C. 1991) ...........................................14

8

9

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
820 F. Supp. 2d 1055 (N.D. Cal. 2011) ................................14

10

*Morton's Market, Inc. v. Gustafson's Dairy, Inc.*,
198 F.3d 823 (11th Cir. 1999) ........................................15, 20

11

12

*Reisman v. United States*,
409 F.2d 789 (9th Cir. 1969) .................................................23

13

14

*Shakur v. Schriro,*
514 F.3d 878 (9th Cir. 2008) ...........................................2, 15

15

16

*United States v. Antar*,
53 F.3d 568 (3d Cir. 1995)....................................................23

17

*United States v. Eisen*,
974 F.2d 246 (2d Cir. 1992)..................................................23

18

19

*United States v. Lothian*,
976 F.2d 1257, 1259 (9th Cir. 1992) ...........................15, 16, 23

20

*United States v. Nava-Salazar*,
30 F.3d 788 (7th Cir. 1994) ..................................................14

21

22

*United States v. Nippon Paper Indus. Co.*,
62 F. Supp. 2d 173 (D. Mass. 1999) ....................................15

23

24

*United States v. United States Gypsum Co.*,
438 U.S. 422 (1978)...............................................................14

25

*Vichi v. Koninklijke Philips Elecs., N.V.*,
85 A.3d 725 ............................................................................12

26

RULES

27

Fed. R. Civ. P. 56(a) ..............................................................15

28

ii.

PLFS' OPP. TO PHILIPS SUBSIDIARIES'                      MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR PARTIAL SUMMARY JUDGMENT        MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

1

**STATEMENT OF THE ISSUE PRESENTED**

2      Whether Philips Electronics North America Corporation ("PENAC"), Philips Taiwan Limited

3   ("Philips Taiwan"), and Philips do Brasil Ltda. ("Philips do Brasil") (collectively the "Philips

4   Subsidiaries") carried their burden of coming forward with evidence of withdrawal that is so powerful

5   that no reasonable jury would be free to disbelieve it.

6                                **INTRODUCTION**

7   Filed Under Seal

8

9

10

11

12

13                                         Philips' desired result with its two motions is to immunize itself

14   from liability from June 2001 forward, when it created a joint venture with another CRT conspirator—

15   LGE—and formed LG Philips Display ("LPD"), which continued to actively participate in the CRT

16   conspiracy.   Although both motions should be denied, this Opposition addresses only the Philips

17   Subsidiaries' Motion for Partial Summary Judgment on their affirmative defense of withdrawal

18   because Philips refused to stipulate to Plaintiffs filing a single, consolidated opposition to the motions.[2]

19      In their Motion, the Philips Subsidiaries do not challenge the sufficiency of the evidence of

20   their participation in the conspiracy.  Instead, they claim that they withdrew from the conspiracy upon

21   the formation of LPD in June 2001 and that they should be absolved from liability from that point

22   forward.  They go so far as to argue that they became conspiracy victims at that point, notwithstanding

23

24   [1] Royal Philips and the Philips Subsidiaries are collectively referred to as "Philips" or the "Philips
25   Defendants."

26   [2] In the interest of efficiency and minimizing the burden on the Court, Plaintiffs sought Philips' consent
     to file a single, consolidated opposition addressing both motions.  Plaintiffs proposed limiting their
     consolidated opposition to thirty-five (35) pages—fifteen (15) fewer pages than the combined fifty
27   (50) page limit if separate oppositions were filed.  As was clear from their opposition to the Motion for
     Leave for Excess Pages, Philips refused Plaintiffs' request for tactical reasons.  *See* MDL No. 3228.

28
                                              1

1  the fact that their ultimate parent— **Filed Under Seal**

2  ████████████████████████████████.

3       Withdrawal is an affirmative defense, and to prevail on this defense at summary judgment, the

4  Philips Subsidiaries must come forward with "evidence [of withdrawal that] is so powerful that no

5  reasonable jury would be free to disbelieve it."  *See Shakur v. Schriro,* 514 F.3d 878, 890 (9th Cir.

6  2008) (internal quotation marks and citation omitted).  The Philips Subsidiaries have failed to meet this

7  heavy burden.  The reason is simple:  the Philips Subsidiaries did not withdraw from the conspiracy

8  upon the formation of LPD.  **Filed Under Seal**

9–22  [Filed Under Seal]

23       The Philips Subsidiaries are effectively asking the Court to find that a company can limit its

24  liability by spinning off its conspiring operations into a joint venture with a co-conspirator, **Filed Under Seal**

25  ████████████████████████████████

26  ████████████  This argument is contrary to well-established law, and the Court

27  should decline to create a blueprint for future price-fixers to reduce exposure and maximize gains.

28

## STATEMENT OF FACTS

Philips' businesses included CRTs, as well as products containing CRTs like televisions and computer monitors.

---

[3] Royal Philips takes issue with references to "Philips."

Unless otherwise noted, all Exhibits cited are to the Declaration of Debra D. Bernstein in Support of Plaintiffs' Opposition to Koninklijke Philips N.V.'s Motion for Summary Judgment and Plaintiffs' Opposition to Philips Electronics North America Corporation's, Philips Taiwan Limited's, and Philips do Brasil Ltda.'s Motion for Partial Summary Judgment.

PLFS' OPP. TO PHILIPS SUBSIDIARIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC



Filed Under Seal

A.      *Philips Display Components (PDC)*

Filed Under Seal

PLFS' OPP. TO PHILIPS SUBSIDIARIES'                    MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR PARTIAL SUMMARY JUDGMENT        MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

1  Filed Under Seal



14  **B.    Philips Consumer Electronics (PCE)**

15  Filed Under Seal

18  Filed Under Seal

Filed Under Seal



PLFS' OPP. TO PHILIPS SUBSIDIARIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



Filed Under Seal

1  Filed Under Seal

2

3

4

5

6

7

8

9

10

11

12  **III.    Royal Philips Formed Super Conspirator LPD with Co-Conspirator LGE**

13             *A.    The Formation, Structure, and Financing of LPD*

14  Filed Under Seal

15

16

17

18

19

20

21

22

23

24

25

26

27

28



PLFS' OPP. TO PHILIPS SUBSIDIARIES'                MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR PARTIAL SUMMARY JUDGMENT        MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



Filed Under Seal

PLFS' OPP. TO PHILIPS SUBSIDIARIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



Filed Under Seal

Filed Under Seal

PLFS' OPP. TO PHILIPS SUBSIDIARIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

Filed Under Seal





Filed Under Seal

In holding Royal Philips liable for LPD's participation in the CRT conspiracy, the EC highlighted the "decisive influence" Royal Philips had on LPD:

> [T]he parent companies of [LPD] did not intend to create an independent company. [Royal Philips] and LGE as shareholders had influence on the most important decisions for the company that was jointly controlled by them.  The joint venture was organised in such a way as to allow the shareholders to make the strategic commercial decisions, generate both strategic and operational plans, control the day-to-day management and ensure they were kept informed . . . . [T]he Supervisory Board's role was more than just advisory and neutral. It entailed approving major management decisions and was setting the direction of the company's business . . . . [Royal Philips] and LGE were in a position to and did actually exert a decisive influence over [LPD's] commercial policy.[63]





[63] *Vichi v. Koninklijke Philips Elecs., N.V.*, 85 A.3d 725, 752 (Del. Ch. 2014).



Filed Under Seal

PLFS' OPP. TO PHILIPS SUBSIDIARIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

1  Filed Under Seal

2  [REDACTED]

3  ### ARGUMENT AND CITATION OF AUTHORITIES

4  **I.     The Court Should Deny the Philips Subsidiaries' Motion for Summary Judgment
5           Because They Did Not Withdraw from the Conspiracy**

6       The Philips Subsidiaries do not move for summary judgment on their conspiracy participation.

7  Instead, they claim that they withdrew from the conspiracy upon the formation of super conspirator

8  LPD.  As set forth below, the Philips Subsidiaries fail to meet their heavy burden to succeed at

9  summary judgment on their affirmative defense of withdrawal.  LPD's formation did not constitute a

10 clean and permanent break from the conspiracy.  Filed Under Seal

11 [REDACTED]                                                    The Philips Subsidiaries did not resume

12 competition or announce their purported withdrawal, and their claimed status as conspiracy victims is

13 belied by the fact that,  Filed Under Seal

14 [REDACTED].  The Court should deny the Philips Subsidiaries' Motion.

15     *A.     Legal Standard For Withdrawal at Summary Judgment Stage*

16     Withdrawal is an affirmative defense.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 820 F.

17 Supp. 2d 1055, 1060 (N.D. Cal. 2011).  To prove withdrawal from an antitrust conspiracy, the

18 defendant must show "[a]ffirmative acts inconsistent with the object of the conspiracy and

19 communicated in a manner reasonably calculated to reach co-conspirators."  *United States v. United*

20 *States Gypsum Co.*, 438 U.S. 422, 464-65 (1978).  The burden of proving withdrawal is "stringent" and

21 "rigorous" for "[t]he defendant cannot set in motion a criminal scheme and then limit its

22 responsibilities for the harm caused by the scheme by simply ceasing to participate in the scheme."

23 *Armco Steel Co. v. CSX Corp.*, 790 F. Supp. 311, 322 (D.D.C. 1991); *see United States v. Nava-*

24

25 Filed Under Seal
   [REDACTED]

26

27

28

*Salazar*, 30 F.3d 788, 799 (7th Cir. 1994) ("Withdrawal requires that the conspirator make himself 'completely unavailable for the conspiracy's purposes.'").

Summary judgment is proper only "if [the Philips Defendants] show[] that there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail at this stage on their affirmative defense of withdrawal, the Philips Subsidiaries must satisfy a very high burden. They must show that the "evidence [of withdrawal] is so powerful that no reasonable jury would be free to disbelieve it." *See Shakur v. Schriro,* 514 F.3d 878, 890 (9th Cir. 2008) (quoting Moore's Federal Practice § 56.13). In assessing whether the Philips Subsidiaries have met this burden, the Court must view the evidence in the light most favorable to Plaintiffs and draw all justifiable inferences in their favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**B.    The Philips Subsidiaries Did Not Sever All Ties to the Conspiracy Upon the Formation of LPD**

The Philips Subsidiaries miss their mark in arguing that the formation of LPD "constitute[d] clear withdrawal" from the conspiracy because after LPD's creation they no longer attended conspiracy meetings and became purchasers—not sellers—of CRTs.[73] The "mere cessation of activity is not sufficient to establish withdrawal." *Morton's Market, Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 838 (11th Cir. 1999); *see United States v. Nippon Paper Indus. Co.*, 62 F. Supp. 2d 173, 190 (D. Mass. 1999). The formation of LPD, moreover, was a far cry from the complete and permanent disassociation required to constitute a withdrawal. *See Morton's Market*, 198 F.3d at 839 (in order for a transfer of a business to constitute withdrawal, the conspirator must "sever[] all ties" with the conspiracy, and the "break with the other conspirators . . . must be both clean and permanent"). In *Morton's Market* the court found that the defendant had withdrawn from the conspiracy because "[w]ith the sale of its dairy, [it] certainly 'retired' and ***totally severed*** its ties to the milk price-fixing conspiracy." *Id.* (emphasis added). Similarly, in *United States v. Lothian*, the alleged conspirator was involved in a "telemarketing scheme selling investments in precious metal." 976 F.2d 1257, 1259 (9th Cir. 1992). The Ninth Circuit held that he had withdrawn from the conspiracy by moving from

---

[73] Philips Subsidiaries' Mot. at 3.

California to Europe to begin a "new and unrelated enterprise." *Id.* at 1263.  While he was gone, he "had nothing whatsoever to do with [the fraudulent company] and received no financial benefit from . . . [the fraudulent company's] operations." *Id.* at 1263-64.

Here, 



---

1   The evidence shows Filed Under Seal



PLFS' OPP. TO PHILIPS SUBSIDIARIES'                    MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR PARTIAL SUMMARY JUDGMENT        MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC



Filed Under Seal

The Philips Subsidiaries' reliance on the fact that they did not physically attend conspiracy meetings following LPD's formation is a red herring because Filed Under Seal

1   Filed Under Seal

2

3

4

5       Although the Philips Subsidiaries portray the formation of LPD as a tectonic shift in the history

6   of Philips' operations, the evidence shows Filed Under Seal

7

8

9

10

11

12

13

14

15

16      **C.      *The Philips Subsidiaries Did Not Communicate Their Alleged Withdrawal to**

17              *Co-Conspirators***

18          Filed Under Seal

19

20

21

22

23

24

25

26

27

28

PLFS' OPP. TO PHILIPS SUBSIDIARIES'                          MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR PARTIAL SUMMARY JUDGMENT       MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC





1  Filed Under Seal

2  ████████████████████████████  In stark contrast to the communications in *Morton's Market*

3  announcing a complete exit from the industry through a sale of the conspiring business to an

4  independent third party, Filed Under Seal

5  ████████████████  *See Morton's Market*, 198 F.3d at 839 (in order for a transfer of a business to

6  constitute withdrawal, the conspirator must "sever[] all ties" with the conspiracy and the "break with

7  the other conspirators . . . must be both clean and permanent").  Filed Under Seal

PLFS' OPP. TO PHILIPS SUBSIDIARIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT

MASTER FILE NO. 3:07-cv-05944-SC
MDL NO. 1917 ┃ IND. CASE NO. 3:13-cv-02171-SC

1   Filed Under Seal 

2

3

4

5               **D.      The Philips Subsidiaries Did Not Resume Competition Upon LPD's Formation**

6        The Philips Subsidiaries did not withdraw from the conspiracy by resuming competition.[110]

7   Filed Under Seal

8

9

10

11

12

13

14

15

16

17   _____

18

19   [110] *See* Philips Subsidiaries' Mot. at 12.

20

21

22

23

24

25

26

27

28
                                             21

1   Contrary to the Philips Subsidiaries' argument that they took steps to defeat the purposes of the

2   conspiracy, Filed Under Seal

3

4

5

6

7

8

9

10

11

12

13

14   **E.**   **The Philips Subsidiaries are Not Victims, But Beneficiaries of the Conspiracy**

15   The Philips Subsidiaries argue that they not only withdrew from the conspiracy but were

16   harmed by it following LPD's formation.   Filed Under Seal

17

18

19

20

21   Filed Under Seal

22

23

24

25

26

27

28



22

**Filed Under Seal**

**CONCLUSION**

For the reasons set forth above, the Court should deny the Philips Subsidiaries' Motion for Partial Summary Judgment.

/s/  *Debra D. Bernstein*
Michael P. Kenny (admitted *pro hac vice*)
Debra D. Bernstein (admitted *pro hac vice*)
Matthew D. Kent (admitted *pro hac vice*)
Elizabeth Helmer (admitted *pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone:  (404)-881-7000
Facsimile:   (404)-881-7777
Email:  mike.kenny@alston.com

1
           debra.bernstein@alston.com
           matthew.kent@alston.com
2
           elizabeth.helmer@alston.com

3
           James M. Wagstaffe, Esq. (SBN 95535)
4
           KERR & WAGSTAFFE LLP
           101 Mission Street, 18th Floor
5
           San Francisco, California  94105-1576
6
           Telephone:  (415)-371-8500
           Facsimile:  (415)371-0500
7
           Email:  wagstaffe@kerrwagstaffe.com

8
           *Counsel For Plaintiffs Dell Inc. and Dell Products L.P.*

9
           /s/  *Philip J. Iovieno*

10
           Philip J. Iovieno
11
           Anne M. Nardacci
           BOIES, SCHILLER & FLEXNER LLP
12
           30 South Pearl Street, 11th Floor
           Albany, NY  12207
13
           Telephone:  (518) 434-0600
           Facsimile:  (518) 434-0665
14
           Email:  piovieno@bsfllp.com
                    anardacci@bsfllp.com
15
           William A. Isaacson
16
           BOIES, SCHILLER & FLEXNER LLP
           5301 Wisconsin Ave. NW, Suite 800
17
           Washington, D.C.  20015
           Telephone:  (202) 237-2727
18
           Facsimile:  (202) 237-6131
           Email:  wisaacson@bsfllp.com
19
           Stuart Singer
20
           BOIES, SCHILLER & FLEXNER LLP
           401 East Las Olas Blvd., Suite 1200
21
           Fort Lauderdale, FL  33301
           Telephone:  (954) 356-0011
22
           Facsimile:  (954) 356-0022
           Email:  ssinger@bsfllp.com
23
           *Liaison Counsel for Direct Action Plaintiffs and*
24
           *Attorneys for Plaintiffs Electrograph Systems, Inc.,*
           *Electrograph Technologies, Corp., Office Depot, Inc.,*
25
           *Compucom Systems, Inc., Interbond Corporation of*
           *America, P.C. Richard & Son Long Island Corporation,*
26
           *MARTA Cooperative of America, Inc., ABC Appliance,*
           *Inc., Schultze Agency Services LLC on behalf of*
27
           *Tweeter Opco, LLC and Tweeter Newco, LLC, and*
           *Tech Data Corporation and Tech Data Product*
28

24

1                                  *Management, Inc.*

2

3                                  */s/  Robert W. Turken*

4                                  Robert W. Turken
                                 Scott N. Wagner

5                                  Mitchell E. Widom
                                 BILZIN SUMBERG MAENA PRICE & AXELROD

6                                  LLP
                                 1450 Brickell Ave, Suite 2300

7                                  Miami, FL  33131-3456
                                 Tel:  305-374-7580

8                                  Fax: 305-374-7593
                                 Email:  rturken@bilzin.com

9                                                     swagner@bilzin.com
                                                    mwidom@bilzin.com

10                                  *Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

11

12                                  */s/  Roman M. Silberfeld*

13                                  Roman M. Silberfeld
                                 Bernice Conn

14                                  David Martinez
                                 Jill S. Casselman

15                                  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                                 2049 Century Park East, Suite 3400

16                                  Los Angeles, CA  90067-3208
                                 Telephone:  (310) 552-0130

17                                  Facsimile:  (310) 229-5800
                                 Email:  rmsilberfeld@rkmc.com

18                                                 dmartinez@rkmc.com

19                                                 jscasselman@rkmc.com

20                                  Elliot S. Kaplan
                                 K. Craig Wildfang

21                                  Laura E. Nelson
                                 ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

22                                  800 LaSalle Avenue
                                 2800 LaSalle Plaza

23                                  Minneapolis, MN  55402
                                 Telephone:  (612) 349-8500

24                                  Facsimile:  (612) 339-4181
                                 Email:  eskaplan@rkmc.com

25                                                 kcwildfang@rkmc.com
                                                lenelson@rkmc.com

26                                  *Counsel For Plaintiffs Best Buy Co., Inc., Best Buy*

27                                  *Purchasing LLC, Best Buy Enterprise Services, Inc.,*
                                 *Best Buy Stores, L.P., Bestbuy.com, L.L.C., and*

28

1  *Magnolia Hi-Fi, Inc.*

2  /s/  *David J. Burman*

3  David J. Burman (*pro hac vice*)
   Cori G. Moore (*pro hac vice*)
4  Eric J. Weiss (*pro hac vice*)
   Nicholas H. Hesterberg (*pro hac vice*)
5  Steven D. Merriman (*pro hac vice*)
   PERKINS COIE LLP
6  1201 Third Avenue, Suite 4900
   Seattle, WA 98101-3099
7  Telephone:  (206)359-8000
   Facsimile:  (206)359-9000
8  Email:  DBurman@perkinscoie.com
             CGMoore@perkinsncoie.com
9             EWeiss@perkinscoie.com
             NHesterberg@perkinscoie.com
10            SMerriman@perkinscoie.com

11  Joren Bass, Bar No. 208143
    PERKINS COIE LLP
12  Four Embarcadero Center, Suite 2400
    San Francisco, CA 94111-4131
13  Telephone:  (415)344-7120
    Facsimile:  (415)344-7320
14  Email:  JBass@perkinscoie.com

15  *Counsel for Plaintiff Costco Wholesale Corporation*

16  /s/  *Richard Alan Arnold*

17  Richard Alan Arnold (*pro hac vice*)
    William J. Blechman (*pro hac vice*)
18  Kevin J. Murray (*pro hac vice*)
    KENNY NACHWALTER, P.A.
19  201 S. Biscayne Blvd., Suite 1100
    Miami, FL  33131
20  Tel:  305-373-1000
    Fax: 305-372-1861
21  Email:   rarnold@knpa.com
              wblechman@knpa.com
22            kmurray@knpa.com

23  *Counsel for Plaintiff Sears, Roebuck and Co. and*
    *Kmart Corp.*
24

25  /s/  *Kenneth S. Marks*

26  Kenneth S. Marks
    Jonathan J. Ross
27  Johnny W. Carter

28
                              26

1   David M. Peterson
    SUSMAN GODFREY L.L.P.
2   1000 Louisiana Street, Suite 5100
    Houston, Texas 77002
3   Telephone:  (713) 651-9366
    Facsimile:   (713) 654-6666
4   Email: kmarks@susmangodfrey.com
            jross@susmangodfrey.com
5           jcarter@susmangodfrey.com
            dpeterson@susmangodfrey.com
6
7   Parker C. Folse III
    Rachel S. Black
8   Jordan Connors
    SUSMAN GODFREY L.L.P.
9   1201 Third Avenue, Suite 3800
    Seattle, Washington  98101-3000
10  Telephone:  (206) 516-3880
    Facsimile:   (206) 516-3883
11  Email:  pfolse@susmangodfrey.com
            rblack@susmangodfrey.com
12          jconnors@susmangodfrey.com
13
14  *Counsel for Plaintiff Alfred H. Siegel, as Trustee of the
    Circuit City Stores, Inc. Liquidating Trust*
15
16
17  /s/  *Jason C. Murray*

18  Jason C. Murray (CA Bar No. 169806)
    CROWELL & MORING LLP
19  515 South Flower St., 40th Floor
    Los Angeles, CA  90071
20  Telephone:  213-443-5582
    Facsimile:   213-622-2690
21  Email:  jmurray@crowell.com

22  Jerome A. Murphy (*pro hac vice*)
    Astor H.L. Heaven (*pro hac vice*)
23  CROWELL & MORING LLP
    1001 Pennsylvania Avenue, N.W.
24  Washington, D.C.  20004
    Telephone:  202-624-2500
25  Facsimile:   202-628-5116
    E-mail:  jmurphy@crowell.com
26          aheaven@crowell.com

27  *Counsel for Target Corp. and ViewSonic Corp.*

28

PLFS' OPP. TO PHILIPS SUBSIDIARIES'                    MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR PARTIAL SUMMARY JUDGMENT       MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

1

2       /s/  *Kenneth A. Gallo*

3       Kenneth A. Gallo (*pro hac vice*)
        Joseph J. Simons (*pro hac vice*)
4       Craig A. Benson (*pro hac vice*)
        PAUL, WEISS, RIFKIND, WHARTON &
5       GARRISON LLP
        2001 K Street, N.W.
6       Washington, DC  2006-1047
        Telephone:  202-223-7300
7       Facsimile:   202-223-7420
        Email:  kgallo@paulweiss.com
8                    jsimons@paulweiss.com
                     cbenson@paulweiss.com
9
        *Counsel for Sharp Electronics Corporation; Sharp*
10      *Electronics Manufacturing Company of America, Inc.*

11
        /s/  *Mario N. Alioto*
12
        Mario N. Alioto
13      Lauren C. Russell
        TRUMP, ALIOTO, TRUMP & PRESSCOTT LLP
14      2280 Union Street
        San Francisco, CA 94123
15      Telephone:  415-563-7200
        Facsimile:  415-346-0679
16      Email:  malioto@tatp.com
                    laurenrussell@tatp.com
17
        *Lead Counsel for Indirect Purchaser Plaintiffs*
18

19

20

21

22

23

24

25

26

27

28

PLFS' OPP. TO PHILIPS SUBSIDIARIES'                    MASTER FILE NO. 3:07-cv-05944-SC
MOTION FOR PARTIAL SUMMARY JUDGMENT         MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC