GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE NO. 3:07-CV-5944 SC |
| | MDL NO. 1917 |
| This Document Relates to:<br>Individual Case No. 13-cv-00157 SI | **ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD. TO TECH DATA CORPORATION AND TECH DATA PRODUCT MANAGEMENT, INC.'S FIRST AMENDED COMPLAINT** |
| TECH DATA CORPORATION; TECH DATA PRODUCT MANAGEMENT, INC. | |
| Plaintiffs, | |
| vs. | |
| HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.; MITSUBISHI ELECTRIC CORPORATION; MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.; MITSUBISHI ELECTRIC & ELECTRONICS, USA, INC.; PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; MT PICTURE DISPLAY CO., LTD.; BEIJING MATSUSHITA COLOR CRT CO., | |

1 | LTD.; KONINKLIJKE PHILIPS
ELECTRONICS N.V.; PHILIPS
2 | ELECTRONICS NORTH AMERICA
CORPORATION; PHILIPS ELECTRONICS
3 | INDUSTRIES (TAIWAN), LTD.; PHILIPS
DA AMAZONIA INDUSTRIA
4 | ELECTRONICA LTDA.; SAMSUNG SDI
CO., LTD.; SAMSUNG SDI AMERICA,
5 | INC.; SAMSUNG SDI MEXICO S.A. DE
C.V.; SAMSUNG SDI BRASIL LTDA.;
6 | SHENZHEN SAMSUNG SDI CO., LTD.;
TIANJIN SAMSUNG SDI CO., LTD.;
7 | SAMSUNG SDI (MALAYSIA) SDN. BHD.;
SAMTEL COLOR LTD.; THAI CRT CO.,
8 | LTD.; TECHNICOLOR SA; THOMSON SA;
TECHNICOLOR USA, INC.; THOMSON
9 | CONSUMER ELECTRONICS, INC.; TOSHIBA
CORPORATION;
10 | TOSHIBA AMERICA, INC.; TOSHIBA
AMERICA CONSUMER PRODUCTS,
11 | LLC; TOSHIBA AMERICA ELECTRONIC
COMPONENTS, INC.; TOSHIBA
12 | AMERICA INFORMATION SYSTEMS,
INC.; CHUNGHWA PICTURE TUBES,
13 | LTD.; CHUNGHWA PICTURE TUBES
(MALAYSIA),
14 |
15 |                    Defendants.

16    Defendant Chunghwa Picture Tubes, Ltd. ("CPT"),[1] by and through its undersigned counsel,

17  hereby files its Answer to Tech Data Corporation and Tech Data Product Management's

18  ("Plaintiffs") First Amended Complaint ("Complaint"), filed September 9, 2013, admitting, denying,

19  or otherwise averring as follows:

20    1.    To the extent the allegations contained in Paragraph 1 pertain to CPT, CPT denies

21  such allegations.  To the extent the allegations contained in Paragraph 1 do not pertain to CPT, CPT

22  is without knowledge or information sufficient to form a belief as to the truth of the allegations

23  contained in Paragraph 1, and, on that basis, denies such allegations.

24    2.    CPT admits that it manufactured color picture tubes and color display tubes, that color

25  picture tubes are used in some color televisions, and that color display tubes are used in some color

26  computer monitors.  CPT states that the allegations contained in the second, third, and fourth

27

28  [1] Unless otherwise specified, "CPT" refers collectively to Chunghwa Picture Tubes, Ltd. and
the now defunct Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND          MASTER FILE NO. 3:07-CV-5944 SC
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT        INDIVIDUAL CASE NO. 12-CV-02649

sentences of Paragraph 2 define the terms of the Complaint and are not averments of fact for which a response is required.  CPT admits that the Complaint defines a term as set forth in the second sentence of Paragraph 2, but CPT denies the characterization of "CPT Products" as referring to all types of color picture tubes and all products containing color picture tubes.  CPT admits that the Complaint defines a term as set forth in the third sentence of Paragraph 2, but CPT denies the characterization of "CDT Products" as referring to all types of color display tubes and all products containing color display tubes.  CPT admits that the Complaint defines a term as set forth in the fourth sentence of Paragraph 2, but CPT denies the characterization of "CRT Products" as referring to all types of color picture tubes, all types of color display tubes, all products containing color picture tubes, and all products containing color display tubes.  As used herein, CPT will use the terms "CRT Products" to describe only products that contain color picture or color display tubes and "CRTs" as referring to the tubes themselves.  CPT avers that the second through fourth sentences of Paragraph 2 render the Complaint indefinite and uncertain as to the distinction between color picture tubes and color display tubes and the distinction between such tubes and end products containing such tubes.  To the extent a further response is required, CPT denies the allegations contained in the second through fourth sentences of Paragraph 2.

3.     To the extent the allegations contained in Paragraph 3 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 3 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and, on that basis, denies such allegations.

4.     To the extent Paragraph 4 states a legal conclusion, CPT is not required to respond. To the extent a further response is required, CPT admits that the CRT industry faced pressure as a result of other emerging technologies.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 4.

5.     CPT admits that certain CPT employees attended meetings with their counterparts from certain cathode ray tube ("CRT") manufacturers from 1995 to early 2007.  CPT further admits that at certain of those meetings, certain agreements were reached with respect to certain sizes of color picture tubes or color display tubes.  Except as expressly admitted, to the extent the allegations

1    contained in Paragraph 5 pertain to CPT, CPT denies such allegations.  Except as expressly admitted,

2    to the extent the allegations contained in Paragraph 5 do not pertain to CPT, CPT is without

3    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

4    Paragraph 5, and, on that basis, denies such allegations.

5           6.     CPT admits that certain CPT employees attended certain bilateral and group meetings

6    with representatives of certain CRT manufacturers from 1995 to early 2007.  CPT further admits that

7    such meetings grew more organized with time.  CPT further admits that CPT employees attended

8    such meetings in Taiwan, South Korea, Indonesia, Thailand, Singapore, Malaysia, China, the United

9    Kingdom, and Europe.  CPT further admits that employees who attended on behalf of Chunghwa

10   Picture Tubes, Ltd. included employees at various levels within the company.  Except as expressly

11   admitted, to the extent the allegations contained in Paragraph 6 pertain to CPT, CPT denies such

12   allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 6 do

13   not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the

14   truth of the allegations contained in Paragraph 6, and, on that basis, denies such allegations

15          7.     CPT is without knowledge or information sufficient to form a belief as to the truth of

16   the allegations contained in Paragraph 7, and, on that basis, denies such allegations.

17          8.     CPT states that the indictment of C.Y. Lin speaks for itself.  CPT refers the Court to

18   that document for a full and complete statement of its contents.  To the extent a further response is

19   required, CPT admits that C.Y. Lin was indicted for two counts of violating Section 1 of the Sherman

20   Act.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a

21   belief as to the truth of the allegations contained in Paragraph 8, and, on that basis, denies such

22   allegations.

23          9.     CPT denies that CPT sold CRT Products to Plaintiffs, or that Plaintiffs purchased CRT

24   Products directly from CPT.  CPT denies that Plaintiffs purchased CRT products from any entity

25   "owned or controlled" by CPT.  To the extent not specifically denied, CPT is without knowledge or

26   information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and,

27   on that basis, denies such allegations.

28

Gibson, Dunn &
Crutcher LLP

10.     CPT admits that the European Commission fined certain companies, including Koninklijke Philips Electronics NV, Samsung SDI Co. Ltd. and LG Electronics Inc., in its investigations regarding two types of CRTs, color display tubes and color picture tubes.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 10.

11.     CPT admits that Plaintiffs purport to bring this action to obtain injunctive relief and to recover treble damages, costs of suit, and reasonable attorneys' fees arising from violations of Section 1 of the Sherman Act (15 U.S.C. § 1).  Except as expressly admitted, CPT denies the allegations contained in Paragraph 11.

12.     CPT admits that Plaintiffs purport to bring this action pursuant to California and Florida law.  Except as expressly admitted, to the extent the allegations contained in Paragraph 12 pertain to CPT, CPT denies that Plaintiffs purchased CRT Products directly from CPT in California or Florida.  Except as expressly admitted, to the extent the allegations contained in Paragraph 12 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and, on that basis, denies such allegations.

13.     To the extent Paragraph 13 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 13.

14.     To the extent Paragraph 14 states legal conclusions, CPT is not required to respond. To the extent the allegations contained in Paragraph 14 pertain to CPT, CPT denies such allegations. To the extent the allegations contained in Paragraph 14 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and, on that basis, denies such allegations.

15.     To the extent Paragraph 15 states legal conclusions, CPT is not required to respond. Except as expressly admitted, to the extent the allegations contained in Paragraph 15 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 15 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and, on that basis, denies such allegations.

Gibson, Dunn &
Crutcher LLP

16.     To the extent Paragraph 16 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and, on that basis, denies such allegations.

17.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and, on that basis, denies such allegations.

18.     The extent the allegations contained in Paragraph 18 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 18 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and, on that basis, denies such allegations.

19.     The extent the allegations contained in Paragraph 19 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 19 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and, on that basis, denies such allegations.

20.     The extent the allegations contained in Paragraph 20 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 20 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and, on that basis, denies such allegations.

21.     The extent the allegations contained in Paragraph 21 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 21 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and, on that basis, denies such allegations.

22.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and, on that basis, denies such allegations.

23.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and, on that basis, denies such allegations.

24.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and, on that basis, denies such allegations.

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02649

25.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and, on that basis, denies such allegations.

26.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and, on that basis, denies such allegations.

27.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and, on that basis, denies such allegations.

28.     CPT states that the allegations contained in Paragraph 28 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28, and, on that basis, denies such allegations.

29.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and, on that basis, denies such allegations.

30.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and, on that basis, denies such allegations.

31.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and, on that basis, denies such allegations.

32.     CPT states that the allegations contained in Paragraph 32 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32, and, on that basis, denies such allegations.

33.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and, on that basis, denies such allegations.

34.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and, on that basis, denies such allegations.

35.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and, on that basis, denies such allegations.

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02649

36.     CPT states that the allegations contained in Paragraph 36 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36, and, on that basis, denies such allegations.

37.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and, on that basis, denies such allegations.

38.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and, on that basis, denies such allegations.

39.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and, on that basis, denies such allegations.

40.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and, on that basis, denies such allegations.

41.     CPT states that the allegations contained in Paragraph 41 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41, and, on that basis, denies such allegations.

42.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and, on that basis, denies such allegations.

43.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and, on that basis, denies such allegations.

44.     CPT states that the allegations contained in Paragraph 44 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44, and, on that basis, denies such allegations.

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02649

45.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and, on that basis, denies such allegations.

46.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, and, on that basis, denies such allegations.

47.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and, on that basis, denies such allegations.

48.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and, on that basis, denies such allegations.

49.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and, on that basis, denies such allegations.

50.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, and, on that basis, denies such allegations.

51.     CPT states that the allegations contained in Paragraph 51 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51, and, on that basis, denies such allegations.

52.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and, on that basis, denies such allegations.

53.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and, on that basis, denies such allegations.

54.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and, on that basis, denies such allegations.

55.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and, on that basis, denies such allegations.

56.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

57.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, and, on that basis, denies such allegations.

58.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and, on that basis, denies such allegations.

59.    CPT states that the allegations contained in Paragraph 59 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59, and, on that basis, denies such allegations.

60.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and, on that basis, denies such allegations.

61.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and, on that basis, denies such allegations.

62.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and, on that basis, denies such allegations.

63.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, and, on that basis, denies such allegations.

64.    CPT states that the allegations contained in Paragraph 64 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 64, and, on that basis, denies such allegations.

65.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65, and, on that basis, denies such allegations.

66.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66, and, on that basis, denies such allegations.

67.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and, on that basis, denies such allegations.

-10-

1    68.  CPT is without knowledge or information sufficient to form a belief as to the truth of

2 the allegations contained in Paragraph 68, and, on that basis, denies such allegations.

3    69.  CPT is without knowledge or information sufficient to form a belief as to the truth of

4 the allegations contained in Paragraph 69, and, on that basis, denies such allegations.

5    70.  CPT states that the allegations contained in Paragraph 70 define the terms of the

6 Complaint and are not averments of fact for which a response is required.  To the extent a further

7 response is required, CPT is without knowledge or information sufficient to form a belief as to the

8 truth of the remaining allegations contained in Paragraph 70, and, on that basis, denies such

9 allegations.

10    71.  CPT admits that Chunghwa Picture Tubes, Ltd. was formerly headquartered at 1127

11 Heping Rd., Bade City, Taoyuan, Taiwan, 334 R.O.C. and that it manufactured CRTs.  CPT admits

12 that Tatung Corporation established CPT in 1971.  CPT further admits that Chunghwa Picture Tubes

13 Ltd. sold a modest number of CRTs in the United States during the Relevant Period.  Except as

14 expressly admitted, CPT denies the allegations contained in Paragraph 71.

15    72.  To the extent Paragraph 72 states legal conclusions and defines the terms of the

16 Complaint, CPT is not required to respond.  To the extent a further response is required, CPT states

17 that Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. is not named in the Complaint.  To the extent a

18 further response is required, CPT admits that the now defunct Chunghwa Picture Tubes (Malaysia)

19 Sdn. Bhd. was a Malaysian company with its principal place of business at Lot I, Subang Hi-Tech,

20 Industrial Park, Batu Tiga, 4000 Shah Alam, Selangor Darul Ehsan, Malaysia.  CPT further admits

21 that Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. was a wholly owned subsidiary of Chunghwa

22 Picture Tubes, Ltd.  CPT further admits that Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

23 manufactured, sold, and distributed CRTs.  CPT expressly denies that Chunghwa Picture Tubes

24 (Malaysia) Sdn. Bhd. sold CRT Products to Plaintiffs, or that Plaintiffs purchased CRT Products

25 directly from Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.  Except as expressly admitted or denied,

26 CPT denies the allegations contained in Paragraph 72.

27    73.  To the extent Paragraph 73 states legal conclusions, CPT is not required to respond.

28 To the extent a further response is required, CPT denies the allegations contained in Paragraph 73.

74.     To the extent Paragraph 74 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 74.

75.     To the extent the allegations contained in Paragraph 75 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 75 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75, and, on that basis, denies such allegations.

76.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76, and, on that basis, denies such allegations.

77.     CPT states that the allegations contained in Paragraph 77 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77, and, on that basis, denies such allegations.

78.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78, and, on that basis, denies such allegations.

79.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79, and, on that basis, denies such allegations.

80.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80, and, on that basis, denies such allegations.

81.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81, and, on that basis, denies such allegations.

82.     CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, and, on that basis, denies such allegations.

83.     To the extent Paragraph 83 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 83.

84.     CPT admits that it sold a modest number of CRTs in the United States during the Relevant Period.  Except as expressly admitted, to the extent the allegations contained in Paragraph 84 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the

-12-

1  allegations contained in Paragraph 84 do not pertain to CPT, CPT is without knowledge or

2  information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84,

3  and, on that basis, denies such allegations.

4       85.    CPT denies the allegations contained in Paragraph 85.

5       86.    To the extent the allegations contained in Paragraph 86 state legal conclusions, CPT is

6  not required to respond.  To the extent a further response is required, CPT denies the allegations

7  contained in Paragraph 86.

8       87.    CPT admits paragraph 87.

9       88.    CPT admits that CRT technology was developed well before the company was

10 founded in 1972.  Except as expressly admitted, CPT is without knowledge or information sufficient

11 to form a belief as to the truth of the allegations contained in Paragraph 88, and, on that basis, denies

12 such allegations.

13      89.    CPT admits that the quality of a CRT can affect the quality of the CRT display.  CPT

14 denies that a CRT defines the whole CRT product.  Except as expressly admitted or denied, CPT is

15 without knowledge or information sufficient to form a belief as to the truth of the allegations

16 contained in Paragraph 89, and, on that basis, denies such allegations

17      90.    CPT admits that there have been refinements and advancements in CRT technology

18 since its introduction.  Except as expressly admitted, CPT is without knowledge or information

19 sufficient to form a belief as to the truth of the allegations contained in Paragraph 90, and, on that

20 basis, denies such allegations.

21      91.    CPT admits that both color display tubes and color picture tubes are types of CRTs.

22 CPT further admits that color picture tubes are used in televisions and color display tubes are used in

23 computer monitors.  CPT further admits that color display tubes yield a higher resolution image.

24 Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as

25 to the truth of the allegations contained in Paragraph 91, and, on that basis, denies such allegations.

26      92.    CPT admits that CRTs have value as components for CRT Products.  Except as

27 expressly admitted, CPT denies the allegations contained in Paragraph 92.

28      93.    CPT denies the allegations contained in Paragraph 93.

-13-

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02649

1    94.    To the extent Paragraph 94 states legal conclusions, CPT is not required to respond.
2    To the extent a further response is required, CPT denies that it sold CRT Products directly to
3    Plaintiffs or that Plaintiffs purchased CRT Products directly from CPT.  CPT further denies that the
4    market for CRT Products is the same as the market for CRTs.  Except as expressly denied, CPT is
5    without knowledge or information sufficient to form a belief as to the truth of the allegations
6    contained in Paragraph 94, and, on that basis, denies such allegations.

7    95.    To the extent Paragraph 95 states legal conclusions, CPT is not required to respond.
8    To the extent a further response is required, CPT denies that it sold CRT Products directly to
9    Plaintiffs or that Plaintiffs purchased CRT Products directly from CPT.  CPT further denies that the
10   market for CRT Products is the same as the market for CRTs.  Except as expressly denied, CPT is
11   without knowledge or information sufficient to form a belief as to the truth of the allegations
12   contained in Paragraph 95, and, on that basis, denies such allegations.

13   96.    To the extent Paragraph 96 states legal conclusions, CPT is not required to respond.
14   To the extent a further response is required, CPT denies the allegations contained in Paragraph 96.

15   97.    CPT denies the allegations contained in Paragraph 97.

16   98.    CPT denies the allegation contained in Paragraph 98, except as to the allegation
17   regarding the collective share of the global CRT market, as to which CPT is without knowledge or
18   information sufficient to form a belief as to the truth of the allegation, and, on that basis, denies such
19   allegation.

20   99.    To the extent the allegations contained in Paragraph 99 pertain to CPT, CPT denies
21   such allegations.  To the extent a further response is required, CPT is without knowledge or
22   information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99,
23   and, on that basis, denies such allegations.

24   100.   To the extent the allegations contained in Paragraph 100 pertain to CPT, CPT denies
25   such allegations.  To the extent the allegations contained in Paragraph 100 do not pertain to CPT,
26   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations
27   contained in Paragraph 100, and, on that basis, denies such allegations.

28

Gibson, Dunn &
Crutcher LLP

101.    On information and belief, CPT admits that Philips and LG Electronics' established a CRT joint venture in 2001, and that Toshiba and Panasonic combined their CRT businesses into MTPD.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101, and, on that basis, denies such allegations.

102.    To the extent the allegations contained in Paragraph 102 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 102 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102, and, on that basis, denies such allegations.

103.    As to section (a), upon information and belief, CPT admits that Philips and LG Electronics formed a CRT joint venture in 2001.  As to section (b), upon information and belief, CPT admits that LG Electronics and Philips formed a joint venture in the TFT-LCD industry.  As to section (c), upon information and belief, CPT admits that Toshiba and Panasonic combined their CRT businesses.  Except as expressly admitted, to the extent the allegations contained in Paragraph 103 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 103 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103, and, on that basis, denies such allegations.

104.    CPT admits that it requires time, resources, and industry knowledge to manufacture CRTs.  CPT further admits that it is extremely unlikely that a new producer will begin to manufacture CRTs.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 104.

105.    To the extent Paragraph 105 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105, and, on that basis, denies such allegations.

106.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106, and, on that basis, denies such allegations.

107.    CPT admits that demand for CRTs declined during the Relevant Period.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107, and, on that basis, denies such allegations.

108.    CPT admits that TFT-LCD and plasma display technology were replacing CRT televisions and computer monitors during the Relevant Period.  Except as expressly admitted, to the extent the allegations contained in Paragraph 108 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 108 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108, and, on that basis, denies such allegations.

109.    To the extent the allegations contained in Paragraph 109 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 109 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109, and, on that basis, denies such allegations.

110.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110, and, on that basis, denies such allegations.

111.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111, and, on that basis, denies such allegations.

112.    CPT admits that CRTs are generally manufactured in standardized sizes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 112 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 112 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112, and, on that basis, denies such allegations.

113.    To the extent Paragraph 113 states legal conclusions, CPT is not required to respond.  To the extent a further response is required, CPT denies the allegations contained in Paragraph 113.

114.    CPT admits that in the 1980s some of its employees would on occasion encounter employees of other CRT manufacturers when visiting common customers.  Except as expressly admitted, to the extent the allegations contained in Paragraph 114 pertain to CPT, CPT denies such

-16-

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND                    MASTER FILE NO. 3:07-CV-5944 SC
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT                  INDIVIDUAL CASE NO. 12-CV-02649

1  allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 114 do

2  not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the

3  truth of the allegations contained in Paragraph 114, and, on that basis, denies such allegations.

4          115.    CPT admits that certain employees of Samsung, Daewoo, or Orion visited CPT in the

5  early 1990s.  CPT further admits that discussions during certain of those meetings included price.

6  Except as expressly admitted, to the extent the allegations contained in Paragraph 115 pertain to CPT,

7  CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in

8  Paragraph 115 do not pertain to CPT, CPT is without knowledge or information sufficient to form a

9  belief as to the truth of the allegations contained in Paragraph 115, and, on that basis, denies such

10  allegations.

11          116.    To the extent Paragraph 116 states a legal conclusion, CPT is not required to respond.

12  To the extent a further response is required, CPT denies the allegations contained in Paragraph 116.

13          117.    CPT admits that certain of its employees met one-on-one with their counterparts at

14  certain other CRT manufacturers including Samsung, LG, and Orion.  CPT further admits that those

15  visits were generally bilateral, informal, and ad hoc.  CPT further admits that those meetings took

16  place in Taiwan, Malaysia, and Thailand.  Except as expressly admitted, to the extent the allegations

17  contained in Paragraph 117 pertain to CPT, CPT denies such allegations.  Except as expressly

18  admitted, to the extent the allegations contained in Paragraph 117 do not pertain to CPT, CPT is

19  without knowledge or information sufficient to form a belief as to the truth of the allegations

20  contained in Paragraph 117, and, on that basis, denies such allegations.

21          118.    CPT admits that certain of its employees attended meetings attended by employees of

22  Samsung, LG, Mitsubishi, and Orion in 1995 and 1996.  CPT further admits that price of CRTs was

23  discussed at these meetings with Samsung, LG, and Orion, and that a limited amount of market

24  information was discussed at meetings with Mitsubishi.  Except as expressly admitted, to the extent

25  the allegations contained in Paragraph 118 pertain to CPT, CPT denies such allegations.  Except as

26  expressly admitted, to the extent the allegations contained in Paragraph 118 do not pertain to CPT,

27  CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

28  contained in Paragraph 118, and, on that basis, denies such allegations.

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02649

119.    To the extent Paragraph 119 states a legal conclusion, CPT is not required to respond. CPT admits that certain employees attended some group meetings in 1997 with employees of certain other CRT manufacturers at which either small and medium sized color picture tubes or color display tubes were discussed.  As used in this Answer, "small and medium sized color picture tubes" are those 21" or smaller.  CPT further admits that the meetings its employees attended regarding either small and medium sized color picture tubes or color display tubes became more organized and systematic over time.  Except as expressly admitted, to the extent the allegations contained in Paragraph 119 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 119 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119, and, on that basis, denies such allegations.

120.    To the extent Paragraph 120 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 120.

121.    CPT admits that the terms "glass meetings" or "GSM" refer to meetings regarding either small and medium sized color picture tubes or color display tubes.  CPT further admits that the glass meetings were attended by employees at various levels of the attending manufacturers.  Except as expressly admitted, to the extent the allegations contained in Paragraph 121 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 121 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121, and, on that basis, denies such allegations.

122.    CPT admits that the term "top meetings" refers to meetings regarding either small and medium sized color picture tubes or color display tubes that were generally attended by more senior company executives.  CPT further admits that "top meetings" occurred infrequently.  Except as expressly admitted, to the extent the allegations contained in Paragraph 122 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 122 do not pertain to CPT, CPT is without knowledge or information sufficient to form a

1   belief as to the truth of the allegations contained in Paragraph 122, and, on that basis, denies such

2   allegations.

3          123.   CPT admits that the term "management meetings" refers to meetings regarding either

4   small and medium sized color picture tubes or color display tubes that were generally attended by

5   sales managers.  CPT further admits that "management meetings" occurred more frequently than "top

6   meetings."  Except as expressly admitted, to the extent the allegations contained in Paragraph 123

7   pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the

8   allegations contained in Paragraph 123 do not pertain to CPT, CPT is without knowledge or

9   information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123,

10  and, on that basis, denies such allegations.

11         124.   CPT admits that the term "working level meetings" refers to meetings regarding either

12  small and medium sized color picture tubes or color display tubes attended by low level sales or

13  marketing employees.  CPT further admits that "working level meetings" generally occurred more

14  frequently than "top meetings."  CPT further admits that the attendees of "working level meetings"

15  lacked authority to enter into agreements.  CPT further admits that the CPT employees who attended

16  working level meetings related to either small and medium sized color picture tubes or color display

17  tubes typically prepared written reports of those meetings for internal use.  Except as expressly

18  admitted, to the extent the allegations contained in Paragraph 124 pertain to CPT, CPT denies such

19  allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 124 do

20  not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the

21  truth of the allegations contained in Paragraph 124, and, on that basis, denies such allegations.

22         125.   CPT admits that certain employees attended group meetings in China regarding color

23  display tubes from approximately 1998 to 2001.  CPT further admits that at certain meetings in

24  China, prior glass meetings regarding color display tubes were discussed.  CPT further admits that

25  attendees at the China meetings included employees of its factory based in Fuzhou, China, as well as

26  employees of IRICO, BMCC, Hitachi Shenzhen, Samsung SDI Shenzhen, and Samsung SDI Tianjin.

27  Except as expressly admitted, to the extent the allegations contained in Paragraph 125 pertain to CPT,

28  CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02649

Paragraph 125 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125, and, on that basis, denies such allegations.

126.    CPT admits that certain of its employees attended glass meetings in various European countries regarding small and medium color picture tubes.  CPT further admits that employees of Philips, LG Electronics, LP Displays, Samsung and DOSA attended certain of the meetings attended by CPT employees in Europe.  Except as expressly admitted, to the extent the allegations contained in Paragraph 126 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 126 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126, and, on that basis, denies such allegations.

127.    CPT admits that the term "green meetings" refers to meetings held on golf courses.  CPT further admits that certain CPT employees attended such meetings.  Except as expressly admitted, to the extent the allegations contained in Paragraph 127 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 127 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127, and, on that basis, denies such allegations.

128.    CPT admits that glass meetings occurred in Taiwan, South Korea, Europe, China, Singapore, Japan, Indonesia, Thailand, and Malaysia.  Except as expressly admitted, to the extent the allegations contained in Paragraph 128 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 128 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128, and, on that basis, denies such allegations.

129.    CPT admits that participants shared competitively sensitive information prior to certain glass meetings regarding color display tubes.  CPT further admits its employees shared competitively sensitive information at certain glass meetings.  Except as expressly admitted, to the extent the allegations contained in Paragraph 129 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 129 do not pertain

1   to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the

2   allegations contained in Paragraph 129, and, on that basis, denies such allegations.

3         130.    CPT admits that participants at certain glass meetings exchanged information

4   regarding small and medium color picture tubes or regarding color display tubes.  CPT admits that

5   the information sometimes related to pricing, sales volume, inventory levels, production capacity,

6   exports, customer orders, and price trends and forecasts for either small and medium color picture

7   tubes or color display tubes.  CPT further admits that at certain meetings, information regarding those

8   sizes of small and medium CPTs or CDTs discussed at a previous meeting was updated.  CPT further

9   admits that a "Chairman" sometimes wrote information on a white board.  CPT further admits that

10  the participants would discuss the information shared.  CPT further admits that its employees reached

11  agreements regarding small and medium CPTs or 14", 15" and 17" CDTs at glass meetings, and that

12  those agreements sometimes included agreements regarding target prices, price increases, "bottom

13  prices" or price ranges for specifically discussed sizes of CPTs or CDTs.  Except as expressly

14  admitted, to the extent the allegations contained in Paragraph 130 pertain to CPT, CPT denies such

15  allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 130 do

16  not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the

17  truth of the allegations contained in Paragraph 130, and, on that basis, denies such allegations.

18        131.    CPT admits that during periods of oversupply, attendees of meetings regarding color

19  picture tubes reached agreements to attempt to achieve controlled and coordinated price reductions.

20  CPT further admits that employees attending the color display tube-related glass meetings sometimes

21  used the phrase "bottom price" to describe price related agreements in a period of oversupply.

22  Except as expressly admitted, to the extent the allegations contained in Paragraph 131 pertain to CPT,

23  CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in

24  Paragraph 131 do not pertain to CPT, CPT is without knowledge or information sufficient to form a

25  belief as to the truth of the allegations contained in Paragraph 131, and, on that basis, denies such

26  allegations.

27        132.    To the extent Paragraph 132 states a legal conclusion, CPT is not required to respond.

28  To the extent a further response is required, CPT admits that at certain meetings regarding either

1    small and medium sized color picture tubes or color display tubes, attendees reached agreement

2    regarding prices for sales to specific customers, including those with a corporate affiliation or

3    relationship with a participating CRT manufacturer.  Except as expressly admitted, CPT is without

4    knowledge or information sufficient to form a belief as to the truth of the allegations contained in

5    Paragraph 132, and, on that basis, denies such allegations.

6              133.    CPT admits that its employees sometimes reached agreements with employees of

7    certain other manufacturers of either small and medium sized color picture tubes or of color display

8    tubes regarding prices, and that those agreements sometimes included agreements regarding target

9    prices, "bottom" prices, price ranges or price guidelines.  CPT further admits that its employees

10   sometimes reached agreements with employees of certain other manufacturers of either small and

11   medium sized color picture tubes or of color display tubes regarding price differentials on certain

12   small and medium sized color picture tubes or color display tubes that reflected quality or technical

13   specifications.  CPT further admits that its employees sometimes reached agreements with employees

14   of certain other manufacturers of either small and medium sized color picture tubes or of color

15   display tubes regarding sales to specific small and medium sized color picture tube or color display

16   tubes that were affiliated with a company attending the specific glass meeting.  CPT further admits

17   that its employees sometimes reached agreements with employees of certain other manufacturers of

18   either small and medium sized color picture tubes or of color display tubes regarding what to tell

19   customers about the reason for a specific price.  CPT further admits that its employees sometimes

20   reached agreements with employees of certain other manufacturers of small and medium sized color

21   picture tubes regarding coordination with manufacturers of small and medium sized color picture

22   tubes that had not joined the glass meetings.  CPT further admits that its employees sometimes

23   reached agreements with employees of certain other manufacturers of color display tubes regarding

24   coordination with manufacturers of color display tubes that had not joined the glass meetings.  CPT

25   further admits that its employees sometimes reached agreements with employees of certain other

26   manufacturers of small and medium sized color picture tubes regarding coordination with

27   manufacturers or small and medium sized color picture tubes in Brazil, Europe and India.  CPT

28   further admits that its employees sometimes reached agreements with employees of certain other

Gibson, Dunn &
Crutcher LLP

manufacturers of either small and medium sized color picture tubes or of color display tubes to exchange information regarding shipments, capacity, production, prices and customer demands.  CPT further admits that its employees sometimes reached agreements with employees of certain other manufacturers of either small and medium sized color picture tubes or of color display tubes regarding public statements on market and industry conditions.  CPT further admits that its employees sometimes reached agreements with employees of certain other manufacturers of color display tubes regarding allocation of market shares or shares of a particular customer's purchases.  CPT further admits that its employees sometimes reached agreements with employees of certain other manufacturers of either small and medium sized color picture tubes or color display tubes to allocate customers.  CPT further admits that its employees sometimes reached agreements with employees of certain other manufacturers of color display tubes regarding output.  CPT further admits that its employees sometimes reached agreements with employees of certain other manufacturers of color display tubes to audit agreements regarding output.  CPT further admits that its employees sometimes reached agreements with employees of certain other manufacturers of either small and medium sized color picture tubes or color display tubes regarding the secrecy of glass meetings.    Except as expressly admitted, CPT denies the allegations contained in Paragraph 133.

134.    CPT admits the allegations of Paragraph 134 insofar as it admits to "agreements" alleged in paragraph 134.  Except as expressly admitted, to the extent the allegations contained in Paragraph 134 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 134 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134, and, on that basis, denies such allegations.

135.    CPT admits that glass meetings became less frequent beginning in 2005 and that CPT employees stopped attending meetings related to color picture tubes in 2006 and related to small and medium sized color display tubes in early 2007.  CPT further admits that it received a grand jury subpoena in December 2006 related to an investigation regarding the TFT-LCD industry.  Except as expressly admitted, to the extent the allegations contained in Paragraph 135 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in

-23-

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02649

Paragraph 135 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135, and, on that basis, denies such allegations.

136.   CPT admits that certain CPT employees met one-on-one with employees of certain CRT manufacturers during the Relevant Period.  CPT further admits that such discussions were more informal and ad hoc.  CPT further admits that such discussions could occur between sales or marketing employees via in-person meetings, telephone contacts, and rarely emails.  Except as expressly admitted, to the extent the allegations contained in Paragraph 136 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 136 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136, and, on that basis, denies such allegations.

137.   CPT admits that CPT employees met one-on-one with employees of certain CRT manufacturers in Malaysia, Indonesia, Taiwan, China, the United Kingdom, Singapore, South Korea, and Japan.  Except as expressly admitted, to the extent the allegations contained in Paragraph 137 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 137 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137, and, on that basis, denies such allegations.

138.   CPT admits that certain CPT employees discussed information at one-on-one meetings with employees of certain CRT manufacturers including past and future pricing, production levels, and sales orders or small and medium sized color picture tubes or color display tubes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 138 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 138 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

139.    To the extent the allegations contained in Paragraph 139 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 139 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139, and, on that basis, denies such allegations.

140.    To the extent the allegations contained in Paragraph 140 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 140 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140, and, on that basis, denies such allegations.

141.    CPT admits that certain CPT employees had some one-on-one meetings with certain employees of Hitachi, Toshiba, Panasonic and Samtel regarding small and medium sized color picture tubes or color display tubes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 141 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 141 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141, and, on that basis, denies such allegations.

142.    CPT admits that certain CPT employees met occasionally with certain Hitachi employees to discuss certain color display tubes.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142, and, on that basis, denies such allegations.

143.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143, and, on that basis, denies such allegations.

144.    CPT admits that certain CPT employees met with certain IRICO employees at meetings regarding color display tubes in China between 1998 and 2001.  CPT further admits that certain CPT employees met occasionally one-on-one with certain IRICO employees regarding small and medium color picture tubes.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144, and, on that basis, denies such allegations.

145.    CPT admits that certain CPT employees attended certain glass meetings with employees of LG Electronics at which agreements were sometimes reached regarding prices for small and medium sized color picture tubes or color display tubes.  CPT further admits that certain CPT employees met one on one with certain LG Electronics employees to discuss small and medium sized color picture tubes or color display tubes.  CPT further admits that after its formation, certain employees of LP Displays attended certain glass meetings with employees of CPT at which agreements were sometimes reached regarding prices for small and medium sized color picture tubes or color display tubes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 145 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 145 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145, and, on that basis, denies such allegations.

146.    CPT admits that after its formation, certain employees of LP Displays attended certain glass meetings with employees of CPT at which agreements were sometimes reached regarding prices for small and medium sized color picture tubes or color display tubes.  CPT further admits that certain CPT employees met one on one with certain LP Displays employees to discuss color picture tubes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 146 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 146 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146, and, on that basis, denies such allegations.

147.    To the extent the allegations contained in Paragraph 147 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 147 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147, and, on that basis, denies such allegations.

148.    CPT admits that certain CPT employees participated in a small number of isolated one-on-one with employees of Mitsubishi to discuss general market information from 1995 to 2001.  Except as expressly admitted, to the extent the allegations contained in Paragraph 148 pertain to CPT,

-26-

CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 148 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148, and, on that basis, denies such allegations.

149.    CPT admits that certain CPT employees met one on one with employees of Matsushita Malaysia to discuss small and medium sized color picture tubes and color display tubes.  CPT further admits that after the formation of MTPD, certain MTPD employees attended certain glass meetings with certain CPT employees regarding small and medium sized color picture tubes and that agreements regarding price were sometimes reached.  Except as expressly admitted, to the extent the allegations contained in Paragraph 149 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 149 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149, and, on that basis, denies such allegations.

150.    To the extent the allegations contained in Paragraph 150 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 150 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150, and, on that basis, denies such allegations.

151.    CPT admits that after the formation of MTPD, certain MTPD employees attended certain class meetings with certain CPT employees regarding small and medium sized color picture tubes and that agreements regarding price were sometimes reached.  CPT further admits that an MTPD employee served as chair of the certain meetings regarding small and medium color picture tubes from 2003 to 2006.  Except as expressly admitted, to the extent the allegations contained in Paragraph 151 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 151 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151, and, on that basis, denies such allegations.

152.    CPT admits that certain CPT employees attended glass meetings in China regarding color display tubes with certain BMCC employees from 1998 to 2001.  Except as expressly admitted,

1    to the extent the allegations contained in Paragraph 152 pertain to CPT, CPT denies such allegations.

2    Except as expressly admitted, to the extent the allegations contained in Paragraph 152 do not pertain

3    to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the

4    allegations contained in Paragraph 152, and, on that basis, denies such allegations.

5         153.    CPT admits that certain CPT employees attended certain glass meetings with

6    employees of Philips at which agreements were sometimes reached regarding prices for small and

7    medium sized color picture tubes or color display tubes.  CPT further admits that after its formation,

8    certain employees of LP Displays attended certain glass meetings with employees of CPT at which

9    agreements were sometimes reached regarding prices for small and medium sized color picture tubes

10   or color display tubes.  Except as expressly admitted, to the extent the allegations contained in

11   Paragraph 153 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the

12   extent the allegations contained in Paragraph 153 do not pertain to CPT, CPT is without knowledge

13   or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153,

14   and, on that basis, denies such allegations.

15        154.    To the extent the allegations contained in Paragraph 154 pertain to CPT, CPT denies

16   such allegations.  To the extent the allegations contained in Paragraph 154 do not pertain to CPT,

17   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

18   contained in Paragraph 154, and, on that basis, denies such allegations.

19        155.    CPT admits that certain CPT employees attended certain glass meetings with

20   employees of various Samsung SDI entities at which agreements were sometimes reached regarding

21   prices for small and medium sized color picture tubes or color display tubes.  CPT further admits that

22   certain CPT employees met one on one with certain Samsung employees to discuss small and

23   medium sized color picture tubes or color display tubes.  Except as expressly admitted, to the extent

24   the allegations contained in Paragraph 155 pertain to CPT, CPT denies such allegations.  Except as

25   expressly admitted, to the extent the allegations contained in Paragraph 155 do not pertain to CPT,

26   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

27   contained in Paragraph 155, and, on that basis, denies such allegations.

28

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND          MASTER FILE NO. 3:07-CV-5944 SC
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT       INDIVIDUAL CASE NO. 12-CV-02649

156.    To the extent the allegations contained in Paragraph 156 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 156 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156, and, on that basis, denies such allegations.

157.    CPT admits that certain CPT employees met one or two times with certain Samtel employees regarding small and medium sized color picture tubes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 157 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 157 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157, and, on that basis, denies such allegations.

158.    CPT admits that certain CPT employees attended certain glass meetings regarding small and medium sized color picture tubes with employees of Thai CRT at which agreements were sometimes reached regarding prices for small and medium sized color picture tubes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 158 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 158 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158, and, on that basis, denies such allegations.

159.    CPT admits that certain CPT employees attended at least one meeting also attended by Thomson regarding small and medium sized color picture tubes.  Except as expressly admitted, to the extent the allegations contained in Paragraph 159 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 159 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159, and, on that basis, denies such allegations.

160.    To the extent the allegations contained in Paragraph 160 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 160 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160, and, on that basis, denies such allegations.

161.    To the extent the allegations contained in Paragraph 161 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 161 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161, and, on that basis, denies such allegations.

162.    CPT admits that it attended glass meetings at all levels.  CPT further admits that executives, including its former Chairman and CEO C.Y. Lin, attended some of the glass meetings. CPT further admits that it engaged in bilateral discussions with other CRT manufacturers throughout the Relevant Period.  Except as expressly admitted, CPT denies the allegations contained in Paragraph 162.

163.    To the extent the allegations contained in Paragraph 163 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 163 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163, and, on that basis, denies such allegations.

164.    CPT states that the allegations contained in Paragraph 164 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, CPT admits that its employees did not always know the corporate affiliation of other companies' employees.  Except as expressly admitted, to the extent the allegations contained in Paragraph 164 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 164 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164, and, on that basis, denies such allegations.

165.    CPT admits that CRTs were the dominant technology used in displays until sometime after the year 2000.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165, and, on that basis, denies such allegations.

166.    CPT states that the Stanford Resources, Inc. reports referenced in Paragraph 166 speak for themselves.  CPT refers the Court to those documents for a full and complete statement of their contents.  To the extent a further response is required, CPT is without knowledge or information

Gibson, Dunn &
Crutcher LLP

1    sufficient to form a belief as to the truth of the allegations contained in Paragraph 166, and, on that

2    basis, denies such allegations.

3        167.    CPT states that the Fuji Chimera Research report referenced in Paragraph 167 speaks

4    for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To

5    the extent a further response is required, CPT is without knowledge or information sufficient to form

6    a belief as to the truth of the allegations contained in Paragraph 167, and, on that basis, denies such

7    allegations.

8        168.    CPT is without knowledge or information sufficient to form a belief as to the truth of

9    the allegations contained in Paragraph 168, and, on that basis, denies such allegations.

10       169.    CPT states that the article referenced in Paragraph 169 speaks for itself.  CPT refers

11   the Court to that document for a full and complete statement of its contents.  To the extent a further

12   response is required, CPT is without knowledge or information sufficient to form a belief as to the

13   truth of the allegations contained in Paragraph 169, and, on that basis, denies such allegations.

14       170.    CPT states that the article referenced in Paragraph 170 speaks for itself.  CPT refers

15   the Court to that document for a full and complete statement of its contents.  To the extent a further

16   response is required, CPT is without knowledge or information sufficient to form a belief as to the

17   truth of the allegations contained in Paragraph 170, and, on that basis, denies such allegations.

18       171.    To the extent the allegations contained in Paragraph 171 pertain to CPT, CPT denies

19   such allegations.  To the extent the allegations contained in Paragraph 171 do not pertain to CPT,

20   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

21   contained in Paragraph 171, and, on that basis, denies such allegations.

22       172.    To the extent the allegations contained in Paragraph 172 pertain to CPT, CPT denies

23   such allegations.  To the extent the allegations contained in Paragraph 172 do not pertain to CPT,

24   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

25   contained in Paragraph 172, and, on that basis, denies such allegations.

26       173.    To the extent the allegations contained in Paragraph 173 pertain to CPT, CPT denies

27   such allegations.  To the extent the allegations contained in Paragraph 173 do not pertain to CPT,

28

Gibson, Dunn &
Crutcher LLP

1  CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

2  contained in Paragraph 173, and, on that basis, denies such allegations.

3          174.    CPT admits that prices of CRTs sometimes increased during the Relevant Period.

4  Except as expressly admitted, to the extent the allegations contained in Paragraph 174 pertain to CPT,

5  CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in

6  Paragraph 174 do not pertain to CPT, CPT is without knowledge or information sufficient to form a

7  belief as to the truth of the allegations contained in Paragraph 174, and, on that basis, denies such

8  allegations.

9          175.    CPT denies the allegations contained in Paragraph 175.

10          176.    To the extent the allegations contained in Paragraph 176 pertain to CPT, CPT denies

11  such allegations.  To the extent the allegations contained in Paragraph 176 do not pertain to CPT,

12  CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

13  contained in Paragraph 176, and, on that basis, denies such allegations.

14          177.    CPT is without knowledge or information sufficient to form a belief as to the truth of

15  the allegations contained in Paragraph 177, and, on that basis, denies such allegations.

16          178.    CPT states that the report referenced in Paragraph 178 speaks for itself.  CPT refers

17  the Court to that document for a full and complete statement of its contents.  To the extent a further

18  response is required, CPT is without knowledge or information sufficient to form a belief as to the

19  truth of the allegations contained in Paragraph 178, and, on that basis, denies such allegations.

20          179.    CPT states that the document referenced in Paragraph 179 speaks for itself.  CPT

21  refers the Court to that document for a full and complete statement of its contents.  To the extent a

22  further response is required, CPT is without knowledge or information sufficient to form a belief as to

23  the truth of the allegations contained in Paragraph 179, and, on that basis, denies such allegations.

24          180.    CPT states that the documents referenced in Paragraph 180 speak for themselves.

25  CPT refers the Court to those documents for a full and complete statement of their contents.  To the

26  extent a further response is required, CPT admits that the Department of Justice indicted C.Y. Lin on

27  February 10, 2009, for his alleged participation in conspiracies related to CRTs.  Except as expressly

28

1  admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the

2  allegations contained in Paragraph 180, and, on that basis, denies such allegations.

3      181.    CPT states that the documents referenced in Paragraph 181 speak for themselves.

4  CPT refers the Court to those documents for a full and complete statement of their contents.  To the

5  extent a further response is required, upon information and belief CPT admits that the Department of

6  Justice indicted Tony Cheng on August 19, 2009, for his alleged participation in conspiracies related

7  to CRTs.  Except as expressly admitted, CPT is without knowledge or information sufficient to form

8  a belief as to the truth of the allegations contained in Paragraph 181, and, on that basis, denies such

9  allegations.

10     182.    CPT states that the documents referenced in Paragraph 182 speak for themselves.

11 CPT refers the Court to those documents for a full and complete statement of their contents.  To the

12 extent a further response is required, CPT is without knowledge or information sufficient to form a

13 belief as to the truth of the allegations contained in Paragraph 182, and, on that basis, denies such

14 allegations.

15     183.    CPT states that the documents referenced in Paragraph 183 speak for themselves.

16 CPT refers the Court to those documents for a full and complete statement of their contents.  To the

17 extent a further response is required, CPT is without knowledge or information sufficient to form a

18 belief as to the truth of the allegations contained in Paragraph 183, and, on that basis, denies such

19 allegations.

20     184.    CPT states that the press release referenced in Paragraph 184 speaks for itself.  CPT

21 refers the Court to that document for a full and complete statement of its contents.  To the extent a

22 further response is required, CPT is without knowledge or information sufficient to form a belief as to

23 the truth of the allegations contained in Paragraph 184, and, on that basis, denies such allegations.

24     185.    CPT states that the plea agreement referenced in Paragraph 185 speaks for itself.  CPT

25 refers the Court to that document for a full and complete statement of its contents.  To the extent a

26 further response is required, CPT is without knowledge or information sufficient to form a belief as to

27 the truth of the allegations contained in Paragraph 185, and, on that basis, denies such allegations.

28

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND          MASTER FILE NO. 3:07-CV-5944 SC
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT        INDIVIDUAL CASE NO. 12-CV-02649

186.    CPT states that the plea agreement referenced in Paragraph 186 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186, and, on that basis, denies such allegations.

187.    CPT states that the press release referenced in Paragraph 187 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required and to the extent the allegations contained in Paragraph 187 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 187 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187, and, on that basis, denies such allegations.

188.    To the extent the allegations contained in Paragraph 188 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 188 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188, and, on that basis, denies such allegations.

189.    To the extent the allegations contained in Paragraph 189 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 189 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189, and, on that basis, denies such allegations.

190.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190, and, on that basis, denies such allegations.

191.    To the extent the allegations contained in Paragraph 191 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 191 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191, and, on that basis, denies such allegations.

192.    CPT states that the news reports referenced in Paragraph 192 speak for themselves.  CPT refers the Court to those documents for a full and complete statement of their contents.  To the extent a further response is required and to the extent the allegations contained in Paragraph 192 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph

1   192 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to

2   the truth of the allegations contained in Paragraph 192, and, on that basis, denies such allegations.

3       193.   CPT admits that it entered into a plea agreement with the U.S. Department of Justice

4   on or about November 10, 2008 regarding TFT-LCD panels, the content of which speaks for itself.

5   CPT refers the Court to that document for a full and complete statement of its contents.  CPT further

6   admits that it agreed to plead to a one-count information charging it with participating in a conspiracy

7   to suppress and eliminate competition by fixing the prices of Large Area TFT-LCD panels sold in the

8   United States and elsewhere, from on or about September 14, 2001, to on or about December 1, 2006,

9   in violation of Section 1 of the Sherman Act and to pay a fine of $65 million.  CPT further states that

10  the plea agreements entered into by LG Display Co. Ltd., LG Display America, Inc., and Sharp

11  Corporation also speak for themselves.  CPT refers the Court to those documents for a full and

12  complete statement of their contents.  CPT admits that LG Display Co. Ltd. (together with LG

13  Display America, Inc.) and Sharp Corporation agreed to plead guilty to informations charging each

14  with violating Section 1 the Sherman Act and agreed to pay $400 million and $120 million,

15  respectively, in fines.  Except as expressly admitted, CPT is without knowledge or information

16  sufficient to form a belief as to the truth of the allegations contained in Paragraph 193, and, on that

17  basis, denies such allegations.

18      194.   CPT states that the plea agreement entered into by Hitachi Displays speaks for itself.

19  CPT refers the Court to that document for a full and complete statement of its contents.  CPT admits

20  that Hitachi Displays agreed to plead guilty to an information charging it with violating Section 1 the

21  Sherman Act and agreed to pay $31 million in fines.  Except as expressly admitted, CPT is without

22  knowledge or information sufficient to form a belief as to the truth of the allegations contained in

23  Paragraph 194, and, on that basis, denies such allegations

24      195.   CPT states that the plea agreements entered into by CPT, LG Display Co. Ltd., LG

25  Display America, Inc., and Sharp Corporation speak for themselves.  CPT refers the Court to those

26  documents for a full and complete statement of their contents.  CPT admits that acts in furtherance of

27  the violation of the Sherman Act related to Large Area TFT-LCDs to which it pleaded guilty were

28  carried out within the Northern District of California.  Except as expressly admitted, to the extent the

Gibson, Dunn &
Crutcher LLP

-35-

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02649

allegations contained in Paragraph 195 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195, and, on that basis, denies such allegations.

196.    CPT states that the documents and statements referenced in Paragraph 196 speak for themselves.  CPT refers the Court to those documents for a full and complete statement of their contents.  To the extent a further response is required, to the extent the allegations contained in Paragraph 196 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 196 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196, and, on that basis, denies such allegations.

197.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197, and, on that basis, denies such allegations.

198.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198, and, on that basis, denies such allegations.

199.    To the extent the allegations contained in Paragraph 199 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 199 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199, and, on that basis, denies such allegations.

200.    To the extent the allegations contained in Paragraph 200 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 200 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200, and, on that basis, denies such allegations.

201.    To the extent the allegations contained in Paragraph 201 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 201 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201, and, on that basis, denies such allegations.

202.    CPT states that the statements referenced in Paragraph 202 speak for themselves.  CPT refers the Court to those documents for a full and complete statement of their contents.  To the extent

1    a further response is required, CPT is without knowledge or information sufficient to form a belief as

2    to the truth of the allegations contained in Paragraph 202, and, on that basis, denies such allegations.

3           203.    CPT is without knowledge or information sufficient to form a belief as to the truth of

4    the allegations contained in Paragraph 203, and, on that basis, denies such allegations.

5           204.    CPT is without knowledge or information sufficient to form a belief as to the truth of

6    the allegations contained in Paragraph 204, and, on that basis, denies such allegations.

7           205.    CPT is without knowledge or information sufficient to form a belief as to the truth of

8    the allegations contained in Paragraph 205, and, on that basis, denies such allegations.

9           206.    CPT is without knowledge or information sufficient to form a belief as to the truth of

10   the allegations contained in Paragraph 206, and, on that basis, denies such allegations.

11          207.    CPT states that the documents and statements referenced in Paragraph 207 speak for

12   themselves.  CPT refers the Court to those documents for a full and complete statement of their

13   contents.  To the extent a further response is required and to the extent the allegations contained in

14   Paragraph 207 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained

15   in Paragraph 207 do not pertain to CPT, CPT is without knowledge or information sufficient to form

16   a belief as to the truth of the allegations contained in Paragraph 207, and, on that basis, denies such

17   allegations.

18          208.    CPT states that the statement referenced in Paragraph 208 speaks for itself.  CPT

19   refers the Court to that document for a full and complete statement of its contents.  To the extent a

20   further response is required, CPT is without knowledge or information sufficient to form a belief as to

21   the truth of the allegations contained in Paragraph 208, and, on that basis, denies such allegations.

22          209.    CPT is without knowledge or information sufficient to form a belief as to the truth of

23   the allegations contained in Paragraph 209, and, on that basis, denies such allegations.

24          210.    CPT states that the article referenced in Paragraph 210 speaks for itself.  CPT refers

25   the Court to that document for a full and complete statement of its contents.  To the extent a further

26   response is required and to the extent the allegations contained in Paragraph 210 pertain to CPT, CPT

27   denies such allegations.  To the extent the allegations contained in Paragraph 210 do not pertain to

28

Gibson, Dunn &
Crutcher LLP

CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210, and, on that basis, denies such allegations.

211.    CPT states that the statement referenced in Paragraph 211 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required, CPT admits that the prices for CRT monitors fell as a result of the Asian economic crisis of 1998.  Except as expressly admitted, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211, and, on that basis, denies such allegations.

212.    To the extent the allegations contained in Paragraph 212 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 212 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212, and, on that basis, denies such allegations.

213.    CPT states that the article referenced in Paragraph 213 speaks for itself.  CPT refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213, and, on that basis, denies such allegations.

214.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214, and, on that basis, denies such allegations.

215.    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 215, and, on that basis, denies such allegations.  CPT denies the allegations contained in the second and third sentences of Paragraph 215.

216.    To the extent Paragraph 216 states legal conclusions, CPT is not required to respond.  To the extent a further response is required, CPT denies the allegations contained in Paragraph 216.

217.    To the extent Paragraph 217 states legal conclusions, CPT is not required to respond.  To the extent a further response is required, CPT denies the allegations contained in Paragraph 217.

218.    To the extent the allegations contained in Paragraph 218 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 218 do not pertain to CPT,

1   CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations

2   contained in Paragraph 218, and, on that basis, denies such allegations.

3       219.    To the extent Paragraph 219 states legal conclusions, CPT is not required to respond.

4   To the extent a further response is required, CPT is without knowledge or information sufficient to

5   form a belief as to the truth of the allegations contained in Paragraph 219, and, on that basis, denies

6   such allegations.

7       220.    CPT denies the allegations contained in the first two sentences of Paragraph 220.  CPT

8   is without knowledge or information sufficient to form a belief as to the truth of the allegations

9   contained in the third sentence of Paragraph 220, and, on that basis, denies such allegations.

10      221.    To the extent Paragraph 221 states legal conclusions, CPT is not required to respond.

11  To the extent a further response is required, CPT denies the allegations contained in the first sentence

12  of Paragraph 221.  CPT admits that CRTs have value as components for CRT Products.  Except as

13  expressly admitted, CPT denies the allegations contained in the second sentence of Paragraph 221.

14      222.    To the extent Paragraph 222 states legal conclusions, CPT is not required to respond.

15  To the extent a further response is required, CPT denies the allegations contained in Paragraph 222.

16      223.    To the extent Paragraph 223 states legal conclusions, CPT is not required to respond.

17  To the extent a further response is required, CPT is without knowledge or information sufficient to

18  form a belief as to the truth of the allegations contained in Paragraph 223, and, on that basis, denies

19  such allegations.

20      224.    To the extent Paragraph 224 states legal conclusions, CPT is not required to respond.

21  To the extent a further response is required, CPT denies the allegations contained in Paragraph 224 to

22  the extent such allegations pertain to CPT.  To the extent the allegations contained in Paragraph 224

23  do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the

24  truth of the allegations, and, on that basis, denies such allegations.

25      225.    To the extent Paragraph 225 states legal conclusions, CPT is not required to respond.

26  To the extent a further response is required, CPT denies the allegations contained in Paragraph 225 to

27  the extent such allegations pertain to CPT.  To the extent the allegations contained in Paragraph 225

28

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND          MASTER FILE NO. 3:07-CV-5944 SC
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT        INDIVIDUAL CASE NO. 12-CV-02649

do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

226.    To the extent Paragraph 226 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. that attended glass meetings took steps to conceal the existence of the glass meetings. Except as expressly admitted, to the extent the allegations contained in Paragraph 226 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 226 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

227.    To the extent Paragraph 227 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. that attended glass meetings took steps to conceal the existence of the glass meetings. Except as expressly admitted, to the extent the allegations contained in Paragraph 227 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 227 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

228.    To the extent Paragraph 228 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. that attended glass meetings took steps to conceal the existence of the glass meetings. Except as expressly admitted, to the extent the allegations contained in Paragraph 228 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 228 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

229.    CPT admits that certain employees of Chunghwa Picture Tubes, Ltd. that attended glass meetings took steps to conceal the existence of the glass meetings.  Except as expressly admitted, to the extent the allegations contained in Paragraph 229 pertain to CPT, CPT denies such allegations.  Except as expressly admitted, to the extent the allegations contained in Paragraph 229 do

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02649

1    not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the

2    truth of the allegations, and, on that basis, denies such allegations.

3            230.    To the extent the allegations contained in Paragraph 230 pertain to CPT, CPT denies

4    such allegations.  To the extent the allegations contained in Paragraph 230 do not pertain to CPT,

5    CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations,

6    and, on that basis, denies such allegations.

7            231.    CPT is without knowledge or information sufficient to form a belief as to the truth of

8    the allegations contained in the first two sentences of Paragraph 231, and, on that basis, denies such

9    allegations.  CPT denies the allegations contained in the third sentence of Paragraph 231.

10           232.    CPT is without knowledge or information sufficient to form a belief as to the truth of

11   the allegations contained in the first two sentences of Paragraph 232, and, on that basis, denies such

12   allegations.  CPT denies the allegations contained in the third sentence of Paragraph 232.

13           233.    CPT states that the statement referenced in Paragraph 233 speaks for itself.  CPT

14   refers the Court to that document for a full and complete statement of its contents.  To the extent a

15   further response is required, CPT is without knowledge or information sufficient to form a belief as to

16   the truth of the allegations contained in Paragraph 233, and, on that basis, denies such allegations

17           234.    CPT states that the press statements referenced in Paragraph 234 speak for themselves.

18   CPT refers the Court to those documents for a full and complete statement of their contents.  To the

19   extent a further response is required, CPT is without knowledge or information sufficient to form a

20   belief as to the truth of the allegations contained in Paragraph 234, and, on that basis, denies such

21   allegations

22           235.    To the extent Paragraph 235 states legal conclusions, CPT is not required to respond.

23   To the extent a further response is required, CPT denies the allegations contained in Paragraph 235.

24           236.    To the extent Paragraph 236 states legal conclusions, CPT is not required to respond.

25   To the extent a further response is required, to the extent the allegations contained in Paragraph 236

26   pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph

27   236 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to

28   the truth of the allegations, and, on that basis, denies such allegations.

237.    To the extent Paragraph 237 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 237.

238.    To the extent Paragraph 238 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 238.

239.    To the extent Paragraph 239 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 239.

240.    To the extent Paragraph 240 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 240.

241.    To the extent Paragraph 241 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 241.

242.    To the extent Paragraph 242 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 242.

243.    To the extent Paragraph 243 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 243.

244.    To the extent Paragraph 244 states legal conclusions, CPT is not required to respond. To the extent a further response is required, CPT denies the allegations contained in Paragraph 244.

245.    CPT hereby incorporates, as though fully set forth herein, each and every denial, admission, and averment set forth in the preceding paragraphs of this Answer.

246.    To the extent Paragraph 246 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 246.

247.    To the extent Paragraph 247 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 247.

248.    To the extent Paragraph 248 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 248.

249.    To the extent Paragraph 249 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 249.

250.    CPT denies the allegations contained in Paragraph 250.

Gibson, Dunn & Crutcher LLP

251.    To the extent Paragraph 251 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 251.

252.    CPT hereby incorporates, as though fully set forth herein, each and every denial, admission, and averment set forth in the preceding paragraphs of this Answer.

253.    To the extent Paragraph 253 states legal conclusions, CPT is not required to respond. To the extent a response is required, CPT denies that it manufactured, sold, or distributed CRT Products in the United States, including Florida.  To the extent the allegations contained in Paragraph 253 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 253 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 253, and, on that basis, denies such allegations.

254.    To the extent Paragraph 254 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 254.

255.    To the extent Paragraph 255 states legal conclusions, CPT is not required to respond. To the extent a response is required, and to the extent the allegations contained in Paragraph 255 pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph 255 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 255, and, on that basis, denies such allegations.

256.    To the extent Paragraph 256 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 256.

257.    To the extent Paragraph 257 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 257.

258.    To the extent Paragraph 258 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 258.

259.    To the extent Paragraph 259 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 259.

260.    CPT hereby incorporates, as though fully set forth herein, each and every denial, admission, and averment set forth in the preceding paragraphs of this Answer.

-43-

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02649

1    261.    To the extent Paragraph 261 states legal conclusions, CPT is not required to respond.

2    To the extent a response is required, CPT denies that Plaintiffs purchased CRT Products directly from

3    CPT in California.  To the extent the allegations contained in Paragraph 261 pertain to CPT, CPT

4    denies such allegations.  To the extent the allegations contained in Paragraph 261 do not pertain to

5    CPT, CPT is without knowledge or information sufficient to form a belief as to the truth of the

6    allegations contained in Paragraph 261, and, on that basis, denies such allegations.

7    262.    To the extent Paragraph 262 states legal conclusions, CPT is not required to respond.

8    To the extent a response is required, and to the extent the allegations contained in Paragraph 262

9    pertain to CPT, CPT denies such allegations.  To the extent the allegations contained in Paragraph

10   262 do not pertain to CPT, CPT is without knowledge or information sufficient to form a belief as to

11   the truth of the allegations contained in Paragraph 262, and, on that basis, denies such allegations.

12   263.    To the extent Paragraph 263 states a legal conclusion, CPT is not required to respond.

13   To the extent a response is required, CPT denies the allegations contained in Paragraph 263.

14   264.    To the extent Paragraph 264 states a legal conclusion, CPT is not required to respond.

15   To the extent a response is required, CPT denies the allegations contained in Paragraph 264.

16   265.    To the extent Paragraph 265 states a legal conclusion, CPT is not required to respond.

17   To the extent a response is required, CPT denies the allegations contained in Paragraph 265.

18   266.    To the extent Paragraph 266 states a legal conclusion, CPT is not required to respond.

19   To the extent a response is required, CPT denies the allegations contained in Paragraph 266.

20   267.    To the extent Paragraph 267 states a legal conclusion, CPT is not required to respond.

21   To the extent a response is required, CPT denies the allegations contained in Paragraph 267.

22   268.    To the extent Paragraph 268 states a legal conclusion, CPT is not required to respond.

23   To the extent a response is required, CPT denies the allegations contained in Paragraph 268.

24   269.    CPT hereby incorporates, as though fully set forth herein, each and every denial,

25   admission, and averment set forth in the preceding paragraphs of this Answer.

26   270.    To the extent Paragraph 270 states a legal conclusion, CPT is not required to respond.

27   To the extent a response is required, CPT denies the allegations contained in Paragraph 270.

28

-44-

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02649

271.     CPT admits that Plaintiffs purport to bring this action to obtain restitution pursuant to Sections 17203 and 17204 of the California Business & Professions Code for all revenues, earnings, profits, compensation, and benefits obtained as a result of unlawful, unfair, and fraudulent conduct. Except as expressly admitted, CPT denies the allegations contained in Paragraph 271.

272.     To the extent Paragraph 272 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 272.

273.     To the extent Paragraph 273 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 273.

274.     To the extent Paragraph 274 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 274.

275.     To the extent Paragraph 275 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 275.

276.     To the extent Paragraph 276 states a legal conclusion, CPT is not required to respond. To the extent a response is required, CPT denies the allegations contained in Paragraph 276.

## PRAYER FOR RELIEF

In answer to the Prayer for Relief, CPT denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief described or to any remedy whatsoever against CPT.

All allegations of the Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## ADDITIONAL DEFENSES

Without assuming any burden that it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, CPT asserts the following affirmative or additional defenses:

## FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiffs have failed to allege fraudulent concealment with particularity.

-45-

1

## THIRD ADDITIONAL DEFENSE

2

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

3

## FOURTH ADDITIONAL DEFENSE

4

Plaintiffs' claims are barred, in whole or in part, for lack of personal jurisdiction.

5

## FIFTH ADDITIONAL DEFENSE

6

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered

7

cognizable antitrust injury.

8

## SIXTH ADDITIONAL DEFENSE

9

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no injury in

10

fact.

11

## SEVENTH ADDITIONAL DEFENSE

12

Plaintiffs' claims are barred, in whole or in part, because the Complaint does not adequately

13

define the relevant market or products allegedly affected by the alleged conduct of CPT that is the

14

subject of the Complaint.

15

## EIGHTH ADDITIONAL DEFENSE

16

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not have standing.

17

## NINTH ADDITIONAL DEFENSE

18

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages

19

sought are too speculative and uncertain, and because of the impossibility of the ascertainment and

20

allocation of such alleged damages.

21

## TENTH ADDITIONAL DEFENSE

22

To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole

23

or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not

24

passed through to Plaintiffs and to the extent there is a finding of an illegal overcharge, Plaintiffs'

25

claims are barred, in whole or in part, to the extent that such overcharge was passed on, in whole or in

26

part, to others, and was not absorbed by Plaintiffs.

27

28

Gibson, Dunn &
Crutcher LLP

### ELEVENTH ADDITIONAL DEFENSE

Any award of treble damages, punitive damages and/or restitution to Plaintiffs would be duplicative and would violate the Excessive Fines Clause of the United States Constitution.

### TWELFTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of CPT that is the subject of the Complaint occurred outside of the jurisdiction of the Court.

### THIRTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support jurisdiction under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. section 6a, for any claim in the Complaint.

### FOURTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to recover damages, if any, based on sales outside the United States.

### FIFTEENTH ADDITIONAL DEFENSE

CPT hereby adopts and incorporates by reference any additional defenses asserted by the other Defendants in this proceeding insofar as those defenses may properly be asserted by CPT.

### SIXTEENTH ADDITIONAL DEFENSE

CPT reserves the right to assert any additional defenses that may be applicable to any claim asserted by Plaintiffs.

### SEVENTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because there is no sufficient nexus between the transactions at issue and California or Florida trade or commerce.

### EIGHTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they do not establish that Plaintiffs' nationwide purchases of CRT Products had the substantial contacts with California and Florida necessary to satisfy Due Process.

Gibson, Dunn &
Crutcher LLP

| | |
|---|---|
| 1 | DATED:  December 22, 2014 |
| 2 | |
| 3 | |

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS
RACHEL S. BRASS
AUSTIN V. SCHWING


By:   _/s/ _Joel S. Sanders_____

Joel S. Sanders (SBN 107234)
Rachel S. Brass (SBN 219301)
Austin Schwing (SBN 211696)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
(415) 393.8200 (Phone)
(415) 393.8306 (Facsimile)
*jsanders@gibsondunn.com*

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02649

# DECLARATION OF SERVICE

I, Christine Fujita, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State.  On the date below, I served the within:

**ANSWER OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD. TO TECH DATA CORPORATION AND TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT**

to all named counsel of record as follows:

 **BY ECF (ELECTRONIC CASE FILING)**:  I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on December 22, 2014.  Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on December 22, 2014, at San Francisco, California.

_____/s/ Christine Fujita_____
Christine Fujita

ANSWER OF DEFENDANT CPT TO TECH DATA CORPORATION AND
TECH DATA PRODUCT MANAGEMENT'S FIRST AMENDED COMPLAINT

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 12-CV-02649