Michael P. Kenny, Esq. (admitted *pro hac vice*)
mike.kenny@alston.com
Debra D. Bernstein, Esq. (admitted *pro hac vice*)
debra.bernstein@alston.com
Matthew D. Kent (admitted *pro hac vice*)
matthew.kent@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

**[Additional Counsel Listed on Signature Page]**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;<br><br>*CompuCom Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-06396;<br><br>*Costco Wholesale Corp. v. Hitachi, Ltd.*, No. 11-cv-06397;<br><br>*Dell Inc. and Dell Products L.P., v. Hitachi, Ltd.*, No. 13-cv-02171;<br><br>*Electrograph Sys. v. Hitachi, Ltd.*, No. 11-cv-01656; | Master File No. 3:07-cv-05944-SC<br><br> MDL No. 1917<br><br>**DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS [MDL DKT #2983]**<br><br>Date:  February 6, 2015<br>Time:  10:00 a.m.<br>Place:  Courtroom 1, 17th Floor<br>Hon. Samuel Conti |

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO
THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

*Interbond Corp. of Am. v. Hitachi, Ltd.*,
No. 11-cv-06275;

*Office Depot, Inc. v. Hitachi Ltd.*,
No. 11-cv-06276;

*P.C. Richard & Son Long Island Corp. v. Hitachi, Ltd.*,
No. 12-cv-02648;

*Schultze Agency Servs., LLC v. Hitachi, Ltd.*,
No. 12-cv-02649;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa
Picture Tubes, Ltd.*, No. 11-cv-05514;

*Target Corp. v. Chunghwa Picture Tubes, Ltd.*,
No. 11-cv-05514;

*Tech Data Corp. v. Hitachi, Ltd.*, No. 13-cv-00157;

*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.*,
No. 14-02510.

**<u>REDACTED VERSION</u>**

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO

THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

1

**TABLE OF CONTENTS**

2

3 STATEMENT OF THE ISSUE PRESENTED ....................................................................1

4 INTRODUCTION .............................................................................................................1

5 STATEMENT OF FACTS .................................................................................................3

6 STANDARD OF REVIEW ................................................................................................8

7 ARGUMENT AND AUTHORITIES .................................................................................9

8    I.    The Ownership or Control Exception Applies when the Direct Purchaser
            Owns or Controls the Alleged Conspirator ...........................................................10

9
            A.    *ATM Fee* Held that the Ownership or Control Exception Applies
10                Where the Direct Purchasers Owns or Controls an Alleged
11                Conspirator ...................................................................................................10

12          B.    District Courts After *ATM Fee* Have Similarly Held that the
                  Ownership or Control Exception Applies Where the Direct Purchaser
13                Owns or Controls an Alleged Conspirator ....................................................11

14   II.   Plaintiffs Have Presented More than Sufficient Evidence to Create a
            Genuine Issue of Material Fact as to the Ownership or Control Exception ..........13
15
            A.    The Court Can Consider a Variety of Factors in Determining
16                Whether Samsung Electronics Controls Samsung SDI .............................14

17

18

19

20

21

22

23

24

25

26

27

CONCLUSION....................................................................................................................25

28

i.

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO
THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

1
2

## <u>TABLE OF AUTHORITIES</u>

3
4

C<small>ASES</small>

5
*Am. Soc. of Mech. Eng'rs., Inc. v. Hydrolevel Corp.*,
   456 U.S. 556 (1982)........................................................................................................12

6
7
*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986).........................................................................................................8

8
*Costco Wholesale Corp. v. AU Optronics Corp.*,
   No. C13-1207RAJ, 2014 WL 4674390 (W.D. Wash. Sept. 18, 2014)...............................2, 11

9
*Freeman v. San Diego Ass'n of Realtors*,
10
   322 F.3d 1133 (9th Cir. 2003) ........................................................................................24

11
*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*,
12
   424 F.3d 363 (3d Cir. 2005).......................................................................................18, 19

13
*Illinois Brick Co. v. Illinois*,
   431 U.S. 720 (1977)......................................................................................1, 11, 12, 25

14
15
*In re ATM Fee Antitrust Litig.*,
   686 F.3d 741 (9th Cir. 2012) ........................................1, 2, 9, 10, 11, 12, 14, 15, 16, 24

16
*In re Brand Name Prescription Drugs Antitrust Litig.*,
17
   123 F.3d 599 (7th Cir. 1997) ....................................................................13, 15, 18, 20

18
*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   911 F. Supp. 2d 857 (N.D. Cal. 2012) ..........................................................2, 8, 9, 12, 25

19
*In re CRT*,
20
   No. 07-5944 SC, 2013 WL 567281 (N.D. Cal. Feb. 13, 2013) .........................................12

21
*In re CRT*,
22
   No. 3:07-cv-05944-SC (N.D. Cal. Dec. 11, 2014) ...........................................................16

23
*In re Magnetic Audiotape Antitrust Litig.*,
   No. 99-CV-1580-LMM, 2000 WL 1855119 (S.D.N.Y. Dec. 19, 2000) ...............................4

24
*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
25
   MDL No. 1827, 2012 WL 5869588 (N.D. Cal. Nov. 19, 2012)........................2, 9, 11, 12, 15

26
*In re LCD*,
27
   MDL No. 1827, 2012 WL 7062366 (N.D. Cal. Dec. 26, 2012) ....................15, 19, 20, 22, 23

28

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO
THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

*In re LCD*,
 MDL No. 1827, 2013 WL 6174683 (N.D. Cal. Nov. 20, 2013)............................9, 13, 19, 20

*In re LCD*,
 MDL No. 1827, 2014 WL 1568870 (N.D. Cal. Apr. 18, 2014) ..............................................20

*In Suk Kim v. Vilsack*,
 No. C 10-2101 CW, 2012 WL 368477 (N.D. Cal. Feb. 3, 2012) .............................................8

*James River Ins. Co. v. Hebert Schenk, P.C.*,
 523 F.3d 915 (9th Cir. 2008) .................................................................................................8

*Nissan Fire & Marine Ins. Co. v. Fritz Cos. Inc.*,
 210 F.3d 1099 (9th Cir. 2000) ...............................................................................................8

*Royal Printing Co. v. Kimberly-Clark Corp.*,
 621 F.2d 323 (9th Cir. 1980) ................................1, 2, 9, 11, 12, 13, 16, 17, 19, 20, 23, 24, 25

*Sun Microsystems Inc. v. Hynix Semiconductor Inc.*,
 608 F. Supp. 2d 1166 (N.D. Cal. 2009) ....................................15, 18, 19, 20, 22, 23

*United States v. Bestfoods*,
 524 U.S. 51 (1998)..............................................................................................................12

*United States v. Samsung SDI Co., Ltd.*,
 No. 3:11-CR-00162-WHA, Dkt. No. 35 (N.D. Cal. May 24, 2011) ......................................24

*United States v. Samsung SDI Co., Ltd.*,
 No. 3:11-CR-00162-WHA, Dkt. No. 40-1 (N.D. Cal. Aug. 8, 2011).....................................24

**RULES**

Fed. R. Civ. P. 56(a) ...............................................................................................................8

Fed. R. Civ. P. 56(d) ..............................................................................................................16

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO
THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF THE ISSUE PRESENTED**

Whether Plaintiffs have established a genuine issue of material fact concerning the ownership or control relationship between Samsung Electronics Co. Ltd. ("Samsung Electronics") and Samsung SDI Co., Ltd. ("Samsung SDI") when the evidence shows that: (1) Samsung Electronics was the single largest shareholder of Samsung SDI; (2) the two companies had interlocking directorates; (3) officers and executives flowed between the two companies; (4) Samsung Electronics was the largest purchaser of Samsung SDI's CRTs; and (5) there is no possibility of legal redress or suit by Samsung Electronics.

**INTRODUCTION**

Samsung SDI pled guilty to conspiring with other major producers to fix the price of CRTs for nearly a decade.  Samsung SDI funneled its priced-fixed CRTs through Samsung Electronics, which in turn manufactured and sold products containing price-fixed tubes to Plaintiffs and other purchasers. Based on a misapprehension of Ninth Circuit law, Samsung SDI argues that Plaintiffs cannot establish facts sufficient for a jury to find an ownership or control relationship between Samsung Electronics and Samsung SDI.  The Ninth Circuit, in *Royal Printing*, made clear that *Illinois Brick*'s bar on indirect purchaser suits ***does not apply*** when there is an ownership or control relationship between the conspirator and the initial purchaser.  *Royal Printing Co. v. Kimberly-Clark Corp.*, 621 F.2d 323 (9th Cir. 1980) (citing *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977)).  In fact, Plaintiffs are the only parties capable of bringing claims under the Sherman Act for the substantial damages caused by Samsung SDI's admitted price-fixing.

*First,* Samsung SDI mistakenly claims that the Ninth Circuit has never endorsed the ownership or control exception where the direct purchaser (Samsung Electronics) controls the conspiring manufacturer (Samsung SDI).  But *ATM Fee* expressly held that the ownership or control exception is satisfied when a conspirator-seller of price-fixed goods owns or controls the direct purchaser ***or vice versa***.  *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 756-58 (9th Cir. 2012), *cert. denied*, 134 S. Ct.

257 (2013) ("[W]hether a realistic possibility of suit exists[] depends on the existence of ownership or control *between* the direct purchaser and the seller.") (emphasis added); *id.* (analyzing whether the Bank Defendants (the direct purchasers) owned or controlled STAR (the seller)).  And both of the district courts that faced this issue post-*ATM Fee* held that the ownership or control exception applies where, as here, the direct purchaser controls the conspiring seller.  *See Costco Wholesale Corp. v. AU Optronics Corp.*, No. C13-1207RAJ, 2014 WL 4674390, at *2 (W.D. Wash. Sept. 18, 2014); *In re TFT-LCD (Flat Panel) Antitrust Litig.* ("*In re LCD*"), MDL No. 1827, 2012 WL 5869588, at *3 (N.D. Cal. Nov. 19, 2012).

No court has adopted Samsung SDI's narrowing interpretation of *ATM Fee* because such an interpretation would overturn *Royal Printing* by allowing antitrust violations to go unpunished due to corporate shell games.  As this Court previously explained when it denied the Defendants' Motion for Summary Judgment on the same grounds, to restrict the ownership or control exception in the manner advocated by Samsung SDI would be another "ad hoc disregard or narrowing of the established exceptions," that would not be "any more justifiable" than creating new exceptions.  *In re Cathode Ray Tube (CRT) Antitrust Litig.* ("*In re CRT*"), 911 F. Supp. 2d 857, 869-70 (N.D. Cal. 2012).

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS



## STATEMENT OF FACTS

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO

THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS



5





6

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO
THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



7

**STANDARD OF REVIEW**

Summary judgment is proper only "if [Samsung SDI] shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Samsung SDI "has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment."[26] *Nissan Fire & Marine Ins. Co. v. Fritz Cos. Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). As the Ninth Circuit has held, "[i]n order to carry its burden of production, [Samsung SDI] must either produce evidence negating an essential element of [Plaintiffs'] claim[s] . . . or show that [Plaintiffs do] not have enough evidence of an essential element to carry [their] ultimate burden of persuasion at trial." *Id.* Samsung SDI has done neither, so Plaintiffs "may defeat the motion for summary judgment *without producing anything*." *Id.* at 1103 (emphasis added). *See also id.* at 1107 ("[A] nonmoving party plaintiff has no obligation to produce anything until the moving party defendant has carried its initial burden of production."); *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 923-24 (9th Cir. 2008).

Regardless, there are genuine issues of material fact presented by Samsung SDI's Motion. In determining if a genuine issue of material fact exists, the Court must view the evidence in the light most favorable to Plaintiffs and draw all justifiable inferences in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). As this Court has previously held, if a genuine issue of material fact exists regarding ownership or control, then Samsung SDI's Motion should be denied. *In*

---

[26] As is clear from the Ninth Circuit's characterization of the movant's burden of production as "initial," *Nissan Fire*, 210 F.3d at 1106, Samsung SDI must satisfy its burden in its opening brief and cannot cure deficiencies on reply, *see, e.g., In Suk Kim v. Vilsack*, No. C 10-2101 CW, 2012 WL 368477, at *13 (N.D. Cal. Feb. 3, 2012) (denying defendant's motion for summary judgment where moving party did not meet his *initial* burden of production in his *opening brief*).

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

*re CRT*, 911 F. Supp. 2d at 872 (denying Defendants' motion for summary judgment because evidence raised "genuine issue of material fact" and "Defendants ha[d] not carried their summary judgment burden of showing an absence of evidence in support of applying the ownership and control exception"); *see also In re LCD*, MDL No. 1827, 2013 WL 6174683, at *4 (N.D. Cal. Nov. 20, 2013) (refusing to set aside verdict because "there was sufficient evidence in the record for the jury to find" the ownership or control exception satisfied); *In re LCD*, 2012 WL 5869588, at *5 (denying summary judgment because "sufficient evidence exists to create a genuine issue of material fact" and because defendants failed to demonstrate "the absence of evidence to support plaintiffs' claim of standing under *Royal Printing* and *ATM Fee*").

## ARGUMENT AND AUTHORITIES

As this Court explicitly recognized when denying Defendants' prior Motion for Summary Judgment on Ownership and Control Issues, it is well established that if a plaintiff purchases a finished product containing a price-fixed component directly from a defendant, or one of the defendants' related entities, that plaintiff has standing as a direct purchaser to bring a claim under the federal antitrust laws. *See In re CRT*, 911 F. Supp. 2d at 868; *see also In re ATM Fee*, 686 F.3d at 749; *Royal Printing*, 621 F.3d at 323.

Despite the clear mandate of *Royal Printing* and *ATM Fee,* Samsung SDI argues that: (1) the relationship between Samsung Electronics and Samsung SDI does not qualify under *ATM Fee* and its progeny; and (2) there are insufficient facts to find an ownership or control relationship between Samsung Electronics and Samsung SDI.  Both arguments are erroneous.  *First*, as a matter of law *ATM Fee* made clear that the relationship at issue here (where the direct purchaser owns or controls the conspiring entity) satisfies the ownership and control exception.

I.    **The Ownership or Control Exception Applies when the Direct Purchaser Owns or Controls the Alleged Conspirator**

The Ninth Circuit in *ATM Fee*—and both district courts that have addressed this issue since *ATM Fee*—held that the ownership and control exception applies if the direct purchaser (Samsung Electronics) owns or controls an alleged conspirator (Samsung SDI).

A.    *ATM Fee* **Held that the Ownership or Control Exception Applies Where the Direct Purchasers Owns or Controls an Alleged Conspirator**

In *ATM Fee*, the defendant banks were the direct purchasers, as they paid the allegedly price-fixed interchange fees charged by the seller, the STAR Network. 686 F.3d at 749-50. The *ATM Fee* plaintiffs did not allege that the seller (STAR) owned or controlled the direct purchaser (the bank defendants). *Id.* at 757. Instead, the Ninth Circuit conducted a detailed analysis of whether the "Bank Defendants owned or controlled STAR" and concluded that there was insufficient evidence of control. *Id.* at 757-58 (analyzing whether the Bank Defendants (the direct purchasers) owned or controlled STAR (the seller)). If the ownership or control exception did not apply when the direct purchaser owned or controlled the conspirator, then the Ninth Circuit would not have engaged in this analysis.

But this argument ignores both the Ninth Circuit's clear language—the Ninth Circuit expressly stated that it considered the STAR Network to be the "seller," and the bank defendants to be the "direct purchasers"—and its actual ownership or control analysis. *ATM Fee*, 686 F.3d at 745, 757 (highlighting that "network—not the card-issuing bank nor the ATM owners—establishes the interchange fee" and defining STAR as "seller" and bank defendants as "direct purchasers"). And nothing in *ATM Fee* remotely suggests that district courts should not conduct similar analyses when faced with evidence of ownership or control by a direct purchaser.

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

1

2

**B.    District Courts After *ATM Fee* Have Similarly Held that the Ownership or Control Exception Applies Where the Direct Purchaser Owns or Controls an Alleged Conspirator**

3     Following *ATM Fee*, both the Northern District of California and the Western District of

4 Washington have applied the ownership or control exception where the direct purchaser owns or

5 controls an alleged conspirator.  In *In re LCD*, Judge Illston expressly rejected the very argument

6 Samsung SDI makes here: "the *ATM Fee* case effectively refutes defendants' claim that the

7 ownership/control exception can only apply downstream by analyzing whether direct purchaser bank

8 defendants owned/controlled seller ATM Network/STAR."  *In re LCD*, 2012 WL 5869588, at *3

9 (internal citation omitted).  Accordingly, Judge Illston held that "ownership/control may exist if the

10 direct purchaser owns/controls the seller/manufacturer or if a co-conspirator owns/controls the direct

11 purchaser."  *Id.* at *4.

12     The Western District of Washington reached the same result in *Costco Wholesale Corp v. AU*

13 *Optronics Corp.*, No. 13-CV-1270-RAJ, 2014 WL 4674390, at *2 (W.D. Wash. Sept. 18, 2014).  In

14 that case, indirect purchaser plaintiff Costco moved *in limine* to prevent the defendants from arguing

15 that the direct purchasers absorbed a portion of the overcharge.  *Id.* at *1.  The court first recognized

16 that *Royal Printing* precluded the defendants from making such an argument where there is an

17 ownership or control relationship between the direct purchaser and the conspiring seller.  *Id.* at *1-2.

18 Like Samsung SDI does here, the defendants argued that the ownership or control exception was

19 inapplicable because "many control relationships in this case are ones in which the middlepersons

20 controlled the price fixers."  *Id*. at *2.  Again, the court rightly rejected that argument, recognizing that

21 it "is a distinction without a difference" because "[t]he reasoning in *Royal Printing* applies with equal

22 force to any control relationship that brings indirect purchases within the scope of the control

23 exception to the *Illinois Brick* rule."  *Id.*

24

25

26

27  But these cases were not wrongly decided.  In fact, this Court has already

28

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

relied on the *In re LCD* decision in denying Defendants' Motion to Certify Order for Interlocutory Appeal.  *In re CRT*, No. 07-5944 SC, 2013 WL 567281, at *3 (N.D. Cal. Feb. 13, 2013) (highlighting that this Court applied *Royal Printing* consistent with "a number of other cases," including *In re LCD*).

Tellingly, Samsung SDI failed to cite a single case reaching a different result.  Instead, Samsung SDI goes on the offensive and argues that *In re LCD* created a new exception to the *Illinois Brick* rule.  But applying the ownership or control exception where the direct purchaser owns or controls the conspirator is not the creation of a new exception; it is simply applying an existing exception to the facts of the case.  *See In re LCD*, 2012 WL 5869588, at *3 (explaining that *ATM Fee*'s application of ruling as to upstream control did not alter standard in *Royal Printing*).  And, as this Court previously recognized, "the ad hoc disregard or narrowing of the established exceptions," is not "any more justifiable" than creating new exceptions.  *In re CRT*, 911 F. Supp. 2d at 869-70.

In any event, application of the ownership or control exception where the direct purchaser controls the conspiring seller is entirely consistent with the reasoning of *Royal Printing*.  It cannot be reasonably disputed that a direct purchaser that owns or controls a price-fixing subsidiary will not file suit against it, particularly where the direct purchaser and seller are part of the same family-controlled enterprise.[27]  As this Court has previously held, any such antitrust immunity would decimate the policy objectives of both *Illinois Brick* and *Royal Printing*.  Indeed, "[d]efendants' interpretation of *Royal Printing* would undermine the 'vigorous private enforcement of the antitrust laws,' a policy objective which both *Illinois Brick* and *Royal Printing* explicitly seek to vindicate."  *In re CRT*, 911 F. Supp. 2d at 870.  Samsung SDI's attempted ad hoc narrowing of the established exception should be rejected.

---

[27] Moreover, a direct purchaser can be held vicariously liable for the conduct of a seller that it owns or controls, further reducing the possibility that a direct purchaser would sue.  *See, e.g.*, *United States v. Bestfoods*, 524 U.S. 51, 71 (1998) ("[A] parent can be held directly liable when the parent operates the facility in the stead of its subsidiary or alongside the subsidiary in some sort of joint venture."); *Am. Soc. of Mech. Eng'rs., Inc. v. Hydrolevel Corp.*, 456 U.S. 556, 565-66 (1982) ("[U]nder general rules of agency law, principals are liable when their agents act with apparent authority and commit torts analogous to the antitrust violation presented by this case.").

**II.**   **Plaintiffs Have Presented More than Sufficient Evidence to Create a Genuine Issue of Material Fact as to the Ownership or Control Exception**

Plaintiffs have presented ample evidence for a jury to conclude that Samsung Electronics owned or controlled Samsung SDI.[28]  Plaintiffs have adduced evidence supporting each of the indicia courts utilize in assessing ownership or control relationships.  *See, e.g.*, *In re Brand Name Prescription Drugs Antitrust Litig.* ("*In re Brand Name*"), 123 F.3d 599, 605-06 (7th Cir. 1997) (considering "interlocking directorates, minority stock ownership, loan agreements that subject the wholesalers to the manufacturers' operating control, trust agreements, *or other modes of control* separate from ownership of a majority of the wholesalers' common stock") (emphasis supplied).

_____

[28] *In re LCD*, 2013 WL 6174683, at *4 (demonstrating that ownership or control is a question of fact for jury to decide after *ATM Fee*).

**A.      The Court Can Consider a Variety of Factors in Determining Whether Samsung Electronics Controls Samsung SDI**

There is no rigid set of rules defining what factors the Court can and

14

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO
THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

cannot consider.   Control means '"to exercise restraint or direction over; dominate, regulate, or command;' or to have 'the power or authority to guide or manage.'"   *In re ATM Fee*, 686 F.3d at 757 (quoting various dictionaries).  Although courts require evidence sufficient to establish a genuine issue of material fact as to whether control has been met, the ownership or control inquiry is flexible and careful to take into account the nuances that necessarily arise from case to case.  *See In re Brand Name*, 123 F.3d 599, 605-06 (7th Cir. 1997) (considering "interlocking directorates, minority stock ownership, loan agreements that subject the wholesalers to the manufacturers' operating control, trust agreements, ***or other modes of control*** separate from ownership of a majority of the wholesalers' common stock"); *In re LCD*, 2012 WL 5869588, at *5 (finding control where conspiring manufacturer and direct purchaser were wholly-owned by same common parent).

In fact, the cases cited by Samsung SDI support this "flexible" approach.  *In re LCD*, MDL No. 1827, 2012 WL 7062366, at *4-5 (N.D. Cal. Dec. 26, 2012) (considering variety of factors, including volume of sales between direct purchasing and conspiring seller, intertwined economic interests, shared patent agreements, and representation by same counsel in certain legal proceedings); *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F. Supp. 2d 1166, 1180 (N.D. Cal. 2009) (describing factors listed in *Brand Name* as just "**[s]*ome examples of the types of facts that would satisfy the control exception***") (emphasis added).  For example, in *In re LCD*, Judge Illston held that, despite the fact that the conspiring seller did not hold any ownership interest in the direct purchaser, sufficient evidence of ownership or control existed where the direct purchaser was indirectly wholly owned by the same entity that owned 60% of the conspiring seller.  2012 WL 5869588, at *4.

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS



Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO
THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



17

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO
THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS



18

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO

THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS



Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO
THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



21

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO
THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS





Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO
THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO
THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

1

2

3

4

5

6

7

8

9

10

**CONCLUSION**

11   For the foregoing reasons, Samsung SDI's Motion should be denied.

12   Date:  December 22, 2014

13                               Respectfully submitted,

14                               /s/  *Michael P. Kenny*
15                               Michael P. Kenny
                                Debra D. Bernstein
16                               Matthew D. Kent
                                Elizabeth Helmer
17                               ALSTON & BIRD LLP
                                1201 West Peachtree Street
18                               Atlanta, Georgia 30309-3424
                                Telephone:  (404)-881-7000
19                               Facsimile:   (404)-881-7777
                                Email:  mike.kenny@alston.com
20                                       debra.bernstein@alston.com
21                                       matthew.kent@alston.com
                                        elizabeth.helmer@alston.com
22
                                James M. Wagstaffe, Esq. (SBN 95535)
23                               KERR & WAGSTAFFE LLP
                                101 Mission Street, 18th Floor
24                               San Francisco, California  94105-1576
                                Telephone:  (415)-371-8500
25                               Facsimile:   (415)371-0500
26                               Email:  wagstaffe@kerrwagstaffe.com

27                               *Counsel For Plaintiffs Dell Inc. and Dell Products L.P.*

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/  *Philip J. Iovieno*
Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:   piovieno@bsfllp.com
              anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022
Email:  ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, and Tech Data Corporation and Tech Data Product Management, Inc.*

/s/  *Robert W. Turken*
Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG MAENA PRICE & AXELROD LLP
1450 Brickell Ave, Suite 2300
Miami, FL  33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email:   rturken@bilzin.com
              swagner@bilzin.com
              mwidom@bilzin.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

1
/s/ *David J. Burman*
David J. Burman (*pro hac vice*)

2
Cori G. Moore (*pro hac vice*)
Eric J. Weiss (*pro hac vice*)

3
Nicholas H. Hesterberg (*pro hac vice*)
Steven D. Merriman (*pro hac vice*)

4
PERKINS COIE LLP
1201 Third Avenue, Suite 4900

5
Seattle, WA 98101-3099
Telephone:  (206)359-8000

6
Facsimile:  (206)359-9000
Email:  DBurman@perkinscoie.com

7
CGMoore@perkinsncoie.com
EWeiss@perkinscoie.com

8
NHesterberg@perkinscoie.com
SMerriman@perkinscoie.com

9

10
Joren Bass, Bar No. 208143
PERKINS COIE LLP

11
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131

12
Telephone:  (415)344-7120
Facsimile:  (415)344-7320

13
Email:  JBass@perkinscoie.com

14
*Counsel for Plaintiff Costco Wholesale Corporation*

15
/s/ *Richard Alan Arnold*
Richard Alan Arnold (*pro hac vice*)

16
William J. Blechman (*pro hac vice*)
Kevin J. Murray (*pro hac vice*)

17
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100

18
Miami, FL  33131
Tel:  305-373-1000

19
Fax:  305-372-1861
Email:  rarnold@knpa.com

20
wblechman@knpa.com
kmurray@knpa.com

21
*Counsel for Plaintiff Sears, Roebuck and Co. and*

22
*Kmart Corp.*

23

24

25

26

27

28

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO

THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS

/s/  *Kenneth S. Marks*

Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:   (713) 654-6666
Email:  kmarks@susmangodfrey.com
            jross@susmangodfrey.com
            jcarter@susmangodfrey.com
            dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington  98101-3000
Telephone:  (206) 516-3880
Facsimile:   (206) 516-3883
Email:  pfolse@susmangodfrey.com
            rblack@susmangodfrey.com
            jconnors@susmangodfrey.com

*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

/s/  *Jason Murray*

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone:  213-443-5582
Facsimile:   213-622-2690
Email:  jmurray@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  202-624-2500
E-mail:  jmurphy@crowell.com
            aheaven@crowell.com

*Counsel for Target Corp. and ViewSonic Corp.*

28

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LACK OF STANDING AS TO THEIR SHERMAN ACT DAMAGE CLAIMS BASED ON CRT PRODUCT PURCHASES FROM SAMSUNG ELECTRONICS