Mario N. Alioto (56433)
Lauren C. Capurro (241151)
**TRUMP, ALIOTO, TRUMP & PRESCOTT LLP**
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

Philip J. Iovieno
Anne M. Nardacci
**BOIES, SCHILLER & FLEXNER LLP**
30 South Pearl Street, 114th Floor
Albany, NY 12207
Tel: (518) 434-0600
Fax: (518) 434-0665
Piovieno@bsfllp.com
anardacci@bsfllp.com

*Liaison Counsel for the Direct Action Plaintiffs*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

**IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**

This Document Relates to:

ALL INDIRECT-PURCHASER ACTIONS

*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;

*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;

*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

Master No.: 3:07-cv-05944 SC
MDL No. 1917

**ADMINISTRATIVE MOTION TO FILE UNDER SEAL INDIRECT PURCHASER AND CERTAIN DIRECT ACTION PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST INDIRECT PURCHASER PLAINTIFFS AND CERTAIN DIRECT ACTION PLAINTIFFS FOR LACK OF ANTITRUST INJURY AND ANTITRUST STANDING UNDER FEDERAL AND CERTAIN STATE LAWS**

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

*Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510

Pursuant to Federal Rule of Civil Procedure 5.2(e) and Civil Local Rules 7-11 and 79-5(d), Indirect Purchaser Plaintiffs ("IPPs") and Certain Direct Action Plaintiffs ("DAPs") (collectively "Plaintiffs") respectfully submit this Administrative Motion for a Sealing Order regarding Plaintiffs' Opposition to Defendants' Joint Motion for Partial Summary Judgment Against Indirect Purchaser Plaintiffs and Certain Direct Action Plaintiffs for Lack of Antitrust Injury and Antitrust Standing Under Federal and Certain State Laws ("Plaintiffs' Opposition"). The following materials are submitted under seal: (a) the highlighted portions of Plaintiffs' Opposition; and (b) Exhibits 1-33 to the concurrently filed Declaration of Lauren C. Capurro In Support of Plaintiffs' Opposition ("Capurro Declaration").

This motion is supported by the Declaration of Lauren C. Capurro, dated December 22, 2014. *See* Civ. L. R. 79-5(d)(1)(A) (stating that an administrative motion to seal must be accompanied by a declaration "establishing that the document sought to be filed under seal . . . [is] sealable."). On

June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (No. 07-cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

Exhibit 1 of the Capurro Declaration is the April 15, 2014 Expert Report of Janet S. Netz, which the IPPs have designated as "Confidential" in its entirety under the terms of the Protective Order.

Exhibit 2 of the Capurro Declaration is the April 15, 2014 Expert Report of Kenneth G. Elzinga, which the DAPs have designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 3 of the Capurro Declaration is the April 15, 2014 Expert Report of James T. McClave, which the DAPs have designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 4 is excerpts from the transcript of the July 18, 2012 deposition of Hirokazu Nishiyama, a Fed. R. Civ. P. 30(b)(6) witness for Defendants MT Picture Display Co., Ltd., Panasonic Corporation and Panasonic Corporation of North America ("Panasonic"), which Panasonic has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 5 is excerpts from the transcript of the February 19, 2013 deposition of Chih Chun Liu, a witness of Defendant Chungwha Picture Tubes, Ltd., which Chungwha Picture Tubes, Ltd. has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 6 is excerpts from the transcript of the February 27, 2013 deposition of Jing Song Lu, a witness of Defendant Chungwha Picture Tubes, Ltd., which Chungwha Picture Tubes, Ltd. has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 7 of the Capurro Declaration is the April 15, 2014 Expert Report of Alan S. Frankel, which the DAPs have designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 8 is excerpts from the transcript of the July 3, 2012 deposition of Lloyd Thomas Heiser, a Fed. R. Civ. P. 30(b)(6) witness for Defendant Hitachi Electronic Devices (USA), which Hitachi Electronic Devices (USA) has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 9 is excerpts from the transcript of the July 12, 2012 deposition of Yasu Hisa Takeda, a Fed. R. Civ. P. 30(b)(6) witness for Defendant Hitachi, Ltd., which Hitachi, Ltd. has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 10 is excerpts from the transcript of the July 31, 2012 deposition of Roger de Moor, a Fed. R. Civ. P. 30(b)(6) witness for Defendants Philips Electronics North America Corporation, Inc. and Koninklijke Philips Electronics N.V.Philips ("Philips"), which Philips has designated as

"Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 11 is excerpts from the transcript of the June 7, 2012 deposition of Jae In Lee, a Fed. R. Civ. P. 30(b)(6) witness for Defendants Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI Mexico, S.A. de C.V., Samsung SDI Brazil Ltda., Shenzhen Samsung SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd. and Samsung SDI Malaysia ("Samsung SDI"), which Samsung SDI has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 12 is excerpts from the transcript of the July 9, 2012 deposition of Choong Ryul Park, a Fed. R. Civ. P. 30(b)(6) witness for Defendants LG Electronics, Inc. and LG Electronics USA, Inc. ("LG Electronics"), which LG Electronics has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 13 of the Capurro Declaration is the October 1, 2012 Declaration of Janet S. Netz in Support of Motion of Indirect Purchaser Plaintiffs for Class Certification, which the IPPs have designated as Confidential in its entirety under the terms of the Protective Order.

Exhibit 14 of the Capurro Declaration is the September 26, 2014 Rebuttal Expert Report of Janet S. Netz, which the IPPs have designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 15 is excerpts from the transcript of the July 16, 2012 deposition of Tatsuo Tobinaga, a Fed. R. Civ. P. 30(b)(6) witness for Defendant Panasonic, which Panasonic has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 16 is excerpts from the transcript of the July 19, 2012 deposition of Masahiro Kimura, a Fed. R. Civ. P. 30(b)(6) witness for Defendant Panasonic, which Panasonic has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 17 is excerpts from the transcript of the July 31, 2012 deposition of Jay Alan Heinecke, a Fed. R. Civ. P. 30(b)(6) witness for Defendant Toshiba America Electronics Corp., which

Toshiba America Electronics Corp. has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 18 is excerpts from the transcript of the July 17, 2012 deposition of Nobuhiko Kobayashi, a Fed. R. Civ. P. 30(b)(6) witness for Defendant Hitachi Displays, Ltd., which Hitachi Displays, Ltd. has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 19 is a true and correct copy of document CHU00031240-247 produced in this litigation by Defendant Chunghwa Picture Tubes, Ltd., which Chunghwa Picture Tubes, Ltd. designated as "Confidential" as well as a certified translation of the same.

Exhibit 20 is a true and correct copy of document CHU00030787-794 produced in this litigation by Defendant Chunghwa Picture Tubes, Ltd., which Chunghwa Picture Tubes, Ltd. designated as "Confidential" as well as a certified translation of the same.

Exhibit 21 is a true and correct copy of document CHU00030731-733 produced in this litigation by Defendant Chunghwa Picture Tubes, Ltd., which Chunghwa Picture Tubes, Ltd. designated as "Confidential" as well as a certified translation of the same.

Exhibit 22 is excerpts from the transcript of the July 9, 2012 deposition of Mok Hyeon Seong, a Fed. R. Civ. P. 30(b)(6) witness for Defendant LG Electronics, which LG Electronics has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 23 is excerpts from the transcript of the July 16, 2012 deposition of Kim London, a Fed. R. Civ. P. 30(b)(6) witness for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung Electronics"), which Samsung Electronics has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 24 is excerpts from the transcript of the September 5, 2014 deposition of Jack Brunk, a witness of Defendant Thomson Consumer Electronics, Inc. ("Thomson"), which Thomson has

designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 25 is excerpts from the transcript of the August 27, 2014 deposition of James Hanrahan, a witness of Defendant Thomson, which Thomson has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 26 is excerpts from the transcript of the October 27, 2014 deposition of Tomoyuki Kawano, a witness of Defendant Toshiba, Corp, which Toshiba, Corp. has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 27 is excerpts from the transcript of the June 26, 2014 deposition of John La Regina, a witness of DAP Plaintiff P.C. Richard & Son Long Island Corp. ("P.C. Richard"), which P.C. Richard has designated as "Confidential" in its entirety under the terms of the Protective Order.

Exhibit 28 is excerpts from the transcript of the June 19, 2014 deposition of Wendy Linksi, a witness of DAP Plaintiffs Tech Data Corp. and Tech Data Product Management, Inc. ("Tech Data"), which Tech Data has designated as "Confidential" in its entirety under the terms of the Protective Order.

Exhibit 29 is excerpts from the transcript of the June 20, 2014 deposition of Christopher Groves, a witness of DAP Plaintiffs Best Buy Co., Inc., Best Buy Enterprise Services, Inc., Best Buy Purchasing LLC, Best Buy Stores, L.P. and Best Buy.com LLC ("Best Buy"), which Best Buy has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 30 is excerpts from the transcript of the February 26, 2013 deposition of Sheng-Jen Yang, a witness of Defendant Chungwha Picture Tubes, which Chungwha Picture Tubes has designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 31 of the Capurro Declaration is the July 3, 2014 Errata to the Expert Report of Janet S. Netz, which the IPPs have designated as "Confidential" in its entirety under the terms of the Protective Order.

Exhibit 32 of the Capurro Declaration is excerpts from the transcript of the June 27, 2014 deposition of Janet S. Netz, an IPP expert, which IPPs have designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Exhibit 33 of the Capurro Declaration is the September 25, 2014 Second Supplemental Expert Report of Alan S. Frankel, which the DAPs have designated as "Highly Confidential" in its entirety under the terms of the Protective Order.

Dated: December 22, 2014 By: /s/ Lauren C. Capurro

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
**TRUMP, ALIOTO, TRUMP & PRESCOTT LLP**
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

Philip J. Iovieno
Anne M. Nardacci
**BOIES, SCHILLER & FLEXNER LLP**
30 South Pearl Street, 114th Floor
Albany, NY 12207
Tel: (518) 434-0600
Fax: (518) 434-0665
Piovieno@bsfllp.com
anardacci@bsfllp.com

*Liaison Counsel for the Direct Action Plaintiffs*