Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br><br>MDL No. 1917<br><br>**DECLARATION OF SYLVIE K. KERN IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO PHILIPS AND TOSHIBA DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT AGAINST INDIRECT PURCHASER PLAINTIFFS WHO ARE NATURAL PERSONS RESIDING IN CALIFORNIA** |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | |
| | Date: February 6, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>The Honorable Samuel Conti |

1    I, Sylvie K. Kern, declare as follows:

2    1.    I am an attorney duly licensed to practice in the State of California and

3    before this Court.  I am one of the attorneys representing the indirect purchaser plaintiffs in

4    this litigation.  I also represent Jeffrey Figone, the objector and appellant in the *parens*

5    *patriae* proceedings against the Philips entities ("Philips").  I have personal knowledge of

6    the facts set forth herein, and could and would be competent to testify thereto if called

7    upon to do so.

8    2.    The exhibits listed below are excerpts of the court records in *The State of*

9    *California v. Chunghwa Picture Tubes, Ltd., et al.,* Superior Court of California, County of

10   San Francisco, No. CGC-11-515786.

11   3.    Attached as **Exhibit A** are true and correct copies of pages 1:14-15, 10:6-7,

12   15:7-8, and p.16:17-22 from the California Attorney General ("AG")'s Reply to

13   Opposition of Objector Jeffrey Figone to Motion for Final Approval of the Settlement,

14   dated October 29, 2013.

15   4.    Attached as **Exhibit B** is a true and correct copy of page 5:22-24 of Philips

16   Electronics North America Corporation ("PENAC")'s Reply Brief in Support of Plaintiffs'

17   Motion for Preliminary Approval of the Chunghwa and Philips Settlements and

18   Certification of Settlement Class of Government Entities, dated Preliminary Approval of

19   dated April 2, 2013.  The document states: "PENAC has consistently maintained its

20   position that the proposed Settlement extinguishes the federal claims, though it recognizes

21   the Plaintiffs [the State of California] maintain an opposite view."

22   5.    Attached as **Exhibit C** are true and correct copies of pages 1-2 of the Sur-

23   Reply of Objector Jeffrey Figone in Opposition to Motion for Final Approval of Philips

24   Settlement, dated November 25, 2013.

25   6.    Attached as **Exhibit D** are true and correct copies of the objections and

26   exclusions filed by Messrs. Figone and Ganz, attached as Exhibit B-6 to the Declaration of

27

28

---

1

DECLARATION OF SYLVIE K. KERN IN SUPPORT OF IPPS' OPPOSITION TO PHILIPS & TOSHIBA
DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT AGAINST IPPS WHO ARE
NATURAL PERSONS RESIDING IN CALIFORNIA
MASTER FILE NO. CV-07-5944-SC, MDL NO. 1917

1    Emilio Varanini in Support of Motion and Motion for Final Approval of The Chunghwa

2    and Philips Settlements, dated September 23, 2013.

3           7.      Attached as **Exhibit E-1 and E-2** are, respectively, true and correct

4    excerpts of the transcript of the hearing on final approval of the settlement held on

5    December 5, 2013, attached as Exhibit 1 to a letter from Emilio Varanini to the Hon.

6    Richard Kramer, dated December 17, 2013.  The relevant excerpts are the following

7    statements by the trial court:

8           •   "I have no idea what the scope of that release is, and it's

9               impossible for me to figure it out"; [p.77:18-20]

10          •   "What about the opt-out, the effect of a purported opt-out on

11              behalf of a class and the argument, perhaps by the litigant here,

12              that that's not effective under the *parens patriae* statute? I'm

13              not going to determine that now." [p.78:11-19]

14          8.      The appeal relating to the Action has not yet been briefed.  Mr. Figone

15   intends to argue that the notice was deficient because consumers were unable to make

16   informed decisions about whether to opt out.

17          I declare under penalty of perjury that the foregoing is true and correct.  Executed

18   on December 22, 2014 at San Francisco, California.

19

20                                   */s/ Sylvie K. Kern*

21                                   Sylvie K. Kern

22

23

24

25

26

27

28
                                    2

# EXHIBIT A



1  KAMALA D. HARRIS
   Attorney General of California
2  MARK BRECKLER
   Chief Assistant Attorney General
3  KATHLEEN FOOTE
   Senior Assistant Attorney General
4  PAUL A. MOORE (SBN 241157)
   PAMELA PHAM (SBN 235493)
5  NICOLE S. GORDON (SBN 224138)
   MICHAEL JORGENSON (SBN 201145)
6  EMILIO E. VARANINI (SBN 163952)
   455 Golden Gate Avenue, Suite 11000
7  San Francisco, CA  94102-7004
   Telephone:  (415) 703-5908
8  Fax:  (415) 703-5480
   E-mail:  Emilio.Varanini@doj.ca.gov
9  *Attorneys for Plaintiffs*
   State of California, *et al.*

10

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**OCT 30 2013**
Clerk of the Court
BY: JUDITH NUNEZ
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              COUNTY OF SAN FRANCISCO

12

13

| | |
|---|---|
| 14  **THE STATE OF CALIFORNIA, et al.;** | Case No. CGC -11-515786 |
| 15                              Plaintiffs, | [Related to Case No. CGC-11-515784] |
| 16                       **v.** | **CALIFORNIA'S REPLY TO OPPOSITION OF OBJECTOR JEFFREY FIGONE TO MOTION FOR FINAL APPROVAL OF THE PHILIPS SETTLEMENT** |
| 17  **CHUNGHWA PICTURE TUBES, LTD., et al.,** | |
| 18 | |
| 19                              Defendants. | Date:      December 5, 2013<br>Time:      9:30 a.m. |
| 20 | Dept:      303<br>Judge:    Richard A. Kramer |
| 21 | Action Filed:  November 8, 2011 |

22

23

24                    **(REDACTED VERSION)**

25

26  **Pursuant to Government Code section 12652, subdivision (c)(8)(D)(iii) and California Rules of Court, rule 2.573(a)(1) and (d)**

27

28

## I.   INTRODUCTION

Objector Jeffrey Figone is objecting only to the Attorney General's release of the claims belonging to natural persons with respect to Philips.  As to this release, he represents that he would withdraw his objection "should the Court determine that the release does not encompass the Class Claims"; otherwise, he asserts that the settlement with Philips is not fair, adequate and reasonable.  But he does not object to the settlement with Chunghwa, even though the Attorney General settled not just the government class claims but also her *parens patriae* claims on behalf of natural persons under the Cartwright Act as well as her law enforcement claims under the UCL and unjust enrichment for restitution of overcharges to natural persons, and even though the Attorney General settled those claims for a huge discount that recognized cooperation, litigation risk, and the presence of injunctive relief.  Rather, Mr. Figone's attorney represented that there is no objection to the settlement with Chunghwa because he already settled Objector's own claim and, in his representative capacity, class claims against Chunghwa.

Mr. Figone's objection should be overruled on the following grounds:  (1) the language of the release itself does not, on its face, encompass class claims, should a class be certified in another case, as has happened here; (2) by legislative design, Attorney General settlements are presumed fair, adequate and reasonable; (3) the settlement with Philips is in fact fair, adequate and reasonable.

Ample consideration supports the release as to Philips.  Recent developments, including (1) the permission obtained to disclose an action by United States Department of Justice, Antitrust Division ("USDOJ")—known by the Attorney General before entering into the proposed settlements, and (2) an economic analysis provided by the Attorney General's expert, further demonstrate that the Attorney General's early settlements are fair, adequate and reasonable. Moreover, these settlements expressly leave room to hold the remaining cartel participants jointly and severally liable for the sales of both Chunghwa and Philips.  The proposed settlements therefore warrant final approval regardless of how the release is construed, just as the Chunghwa settlement is fair and reasonable beyond just the fact that Objector Figone in his class representative role also settled his class claims against Chunghwa.

1  comparable to the consideration provided by Chunghwa for the same release, but Mr. Figone is

2  not objecting to the release or any part of the proposed settlement as to Chunghwa.  This lack of

3  objection can be explained only by the fact that Objector Figone has already settled with

4  Chunghwa, but not yet with Philips.  And with respect to Philips, he, in fact represents that he

5  will withdraw his objection if the release of the *parens patriae* claim does not cover his Class

6  Claims.  (Opp. at 2:3-7.)  Inasmuch as the release as to Philips cannot and in fact does not cover

7  the Class Claims, the objection should be disregarded as inapposite. In any event, however, due

8  consideration further supports final approval of the Philips Settlement.

9          In approving the settlement, "[t]he most important factor is the strength of the case for

10  plaintiffs on the merits, balanced against the amount offered in settlement" (*Kullar v. Foot Locker*

11  *Retail, Inc.* (2008) 168 Cal.App.4th 116, 130.)  The court should "ensure that the recovery

12  represents a reasonable compromise, given the magnitude and apparent merit of the claims being

13  released, discounted by the risks and expenses of attempting to establish and collect on those

14  claims by pursuing the litigation." (*Id.* at 129.)  To make this determination, "*basic* information

15  about the nature and magnitude of the claims in question and the basis for concluding that the

16  consideration being paid for the release of those claims represents a reasonable compromise."

17  (*Munoz v. BCI Coca-Cola Bottling Co. of Los Angeles* (2010) 186 Cal.App.4th 399, 408.)

18  "*Kullar* does not, as [objector] claims, require any such explicit statement of value; it requires a

19  record which allows an understanding of the amount that is in controversy and the realistic range

20  of outcomes of the litigation." (*Id.* at 309.)  The record here supports granting final approval

21  under this standard.

22          **A.      The Record Supports the Presumption of Fairness as to the Philips
                        Settlement.**

23          The Attorney General's pre-suit investigation provides sufficient information upon which to

24  enter into the proposed settlement with Philips.  It is true, as Objector Figone observed, that the

25  Attorney General initiated her formal investigation of Philips pursuant to Government Code

26  sections 11180 *et seq.* in 2011.  (Opp. at 15; see also 4/2/13 Supplemental Reply re: Preliminary

27  Approval at 6-7.)  But the information obtained from this section 11180 investigation was not

28

10

California's Reply to Opposition of Objector Jeffrey Figone to Motion for Final Approval of the Philips Settlement
Case No. CGC-11-515786

**C.   Only *Parens Patriae* Claims (As Opposed to Class Actions) Are Released By the Philips and Chunghwa Settlements Though Those Settlements Are Fair and Reasonable Regardless of the Scope of the Release.**

The scope of the release, as set out in the Attorney General's settlement agreement with Philips and Chunghwa, and in her settlement complaint with both, encompasses the Attorney General's *parens patriae* claims for overcharges and deadweight loss to natural persons under the Cartwright Act and her law enforcement restitutionary claims for those overcharges under the Unfair Competition Law ("UCL") and unjust enrichment.  It does not cover class claims under those causes of actions,[5] where, as here, there is a certified class.  First the Philips Settlement Agreement states on its face that the Attorney General is releasing only the claims she filed in her capacity as the State's Chief Law Enforcer and as "*parens patriae*."  (11/26/12 Varanini Decl. ¶ 6. Ex. B, Philips Settlement Agreement at p. 1.)  The agreement specifically defines "Releasor" specifically in terms of the Attorney General's chief law enforcement and *parens patriae* capacity:  "'Releasor' refers to (1) the State of California in its own behalf…; (2) the State acting parens patriae on behalf of all natural persons resident in California any time during the Relevant Period."  (11/26/12 Varanini Decl. ¶ 6. Ex. B, Philips Settlement Agreement at p. 4.)  The Release says nothing on its face about releasing class action claims in the event that there is a certified class; nor is a class action on behalf of natural persons under any of these theories alleged in the settlement complaint.

That is important.  First, with respect to the Attorney General's claims under the **Unfair Competition Law and the doctrine of unjust enrichment**, "a judgment for restitution secured by the Attorney General does not have any collateral estoppel effect on private actions for restitution."  (*Payne v. Nat'l Collection Systems, Inc.* (2001) 91 Cal.App.4th 1037, 1047.)  This is because:

> An action brought pursuant to Business and Professions Code section 17200 et seq. by a prosecutor is fundamentally different from a class action or other representative litigation. Unlike private litigants, the Attorney General has statutory authority to sue under the UCL and need not demonstrate standing. The Attorney General need not certify a class in order to recover on behalf of

---

[5] Deadweight loss cannot be obtained in a class action as Objector Figone admits.  (See Opp. at 1-3:11 and 8-13:2.)

> individuals. In addition, a UCL action brought by the Attorney General lacks the fundamental attributes of a consumer class action filed by a private party. The Attorney General or other governmental official who files the action is ordinarily not a member of the class, his role as a protector of the public may be inconsistent with the welfare of the class so that he could not adequately protect their interests and the claims and defenses are not typical of the class.

(*In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal., Feb. 15, 2011, C 07-1827 SI) 2011 WL 560593 at *6 [citing Cal. Bus. & Prof.Code § 17204; Civ. Code, § 1781; *People v. Pacific Land Resources Co.* (1977) 20 Cal.3d 10, 18; *Payne v. Nat'l Collection Systems, Inc.* (2001) 91 Cal.App.4th 1037; *Blue Cross of California, Inc. v. Superior Court* (2009) 180 Cal.App.4th 1237, 1249, mod. on denial of reh'g, rev. den. (2010); see also Varanini Reply Decl. ¶ 16-17; 6/26/12 California's Supplemental Reply to Defendants' Supplemental Brief on Defendants' Demurrer following Hearing per Order of the Court, filed in related case CGC-11-515784 ("6/26/12 Supp. Brief Opposing Demurrer").)    The same rationale applies to Attorney General actions for unjust enrichment.  (See Varanini Reply Decl. ¶ 16-17; see also 6/26/12 Supp. Brief Opposing Demurrer; *Borden, supra,* 347 U.S. at 518 ["These private and public actions were designed to be cumulative, not mutually exclusive. … Different policy considerations govern each of these. They may proceed simultaneously or in disregard of each other."])

Second, with respect to the **Cartwright Act** claims brought as *parens patriae,* there is nothing in the statute itself or in the legislative history that provides the Attorney General with the power to release class claims in the event that a class is certified solely through her *parens* representative role.   As discussed extensively above in Section II of this Memorandum, a class action serves a different function and role than does a *parens patriae* action with neither having the power to supplant the other.   Rather, as discussed above, the only remedy from the perspective of a defendant for multiple settlements or verdicts involving both a class action and a *parens patriae* action is an offset.

Though the Attorney General provides her view of the scope of the release she effectuated to aid this Court in its review of the proposed settlements, she maintains that these settlements are fair and reasonable regardless of how the scope of the release is construed by this Court.

1   **V.    CONCLUSION**

2    For the reasons stated here and in the underlying Motion, the Court should grant final

3   approval of the proposed settlements with Defendants Chunghwa and Philips.

4   Dated:  October 29, 2013                      Respectfully Submitted,

5                                                 KAMALA D. HARRIS
                                                  Attorney General of California
6

7                                                 /s/ Emilio E. Varanini

8                                                 _____

9                                                 EMILIO E. VARANINI
                                                  Deputy Attorney General
10                                                *Attorneys for Plaintiffs*

11  SF2011203501

12

13

14

15

16

17

18

19

20

21

22

23

24   _____

25  (…continued)
    sufficient."].)  However, to the extent Objector is really seeking abstract guidelines from this
    Court concerning the Attorney General's authority to release her *parens patriae* claims, or the
26  scope of such release, for use in pending and future cases," that also is an improper de facto
    request for an advisory opinion and should be denied. (See *Southern California Edison Co. v.*
27  *State Farm Mut. Auto Ins. Co.* (1969) 271 Cal.App.2d 744, 747.["[I]t is well established that
    courts do not give advisory opinions."])

28

# EXHIBIT B



1  Jon V. Swenson (SBN 233054)
   BAKER BOTTS LLP
2  1001 Page Mill Road
   Building One, Suite 200
3  Palo Alto, CA 94304-1007
   Telephone: (650) 739-7500
4  Email: jon.swenson@bakerbotts.com

5  John M. Taladay (*pro hac vice*)
6  David T. Emanuelson
   Tiffany B. Gelott
7  BAKER BOTTS LLP
8  1299 Pennsylvania Ave., N.W.
   Washington, DC 20004-2400
9  Telephone: (202) 639-7700
   Email: john.taladay@bakerbotts.com
10 Email: david.emanuelson@bakerbotts.com
11 Email: tiffany.gelott@bakerbotts.com

12 *Attorneys for Defendant Philips Electronics North
   America Corporation*
13
                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
14                        COUNTY OF SAN FRANCISCO
15

16
   **THE STATE OF CALIFORNIA, et al.; and**          Case No. CGC-11-515786
17
                                                     [Related to Case No. CGC-11-515784]
18 **THE CITY AND COUNTY OF SAN
   FRANCISCO, individually, and on behalf of**       **PHILIPS ELECTRONICS NORTH
19 **all others similarly situated,**                **AMERICAN CORPORATION'S REPLY
                                                     BRIEF IN SUPPORT OF PLAINTIFFS'**
20                                   Plaintiffs,      **MOTION FOR PRELIMINARY
                                                     APPROVAL OF THE CHUNGHWA AND**
21                      v.                            **PHILIPS SETTLEMENTS AND
                                                     CERTIFICATION OF SETTLEMENT**
22                                                    **CLASS OF GOVERNMENT ENTITIES**
   **CHUNGHWA PICTURE TUBES, LTD., et**
23 **al.,**                                          [CRC 3.766 and 3.769; Bus. & Prof. Code §
                                                     16760(c)]
24                                   Defendants.
                                                     Date:      April 5, 2013
25                                                   Time:      9:30 a. m.
                                                     Dept:      303
26                                                   Judge:     Hon. Richard A. Kramer

27                                                   Action Filed:  November 8, 2011

28

─────────────────────────────────────────────────────────
   PENAC's' Reply Brief in Support of Motion for Preliminary Approval of Chunghwa and Philips Settlements and
                        Certification of Settlement Class of Government Entities (CGC-11-515784)

ELECTRONICALLY
F I L E D
*Superior Court of California,
County of San Francisco*
**APR 03 2013**
Clerk of the Court
BY: VANESSA WU
Deputy Clerk

The two objectors raise a litany of objections regarding the content and dissemination of the proposed settlement notice,[5] (Opp'n Br. at 3-7), but the gravamen of their argument is that the proposed notice is "ambiguous" because it does not state definitively whether the proposed settlement will extinguish the federal claims.  (*See id*. at 4 ("either the claims are released or they are not").)  Thus, the two objectors assert that the proposed notice should be revised to inform California residents that "they will relinquish their rights to cover under the ongoing federal putative class action" unless they opt out of the proposed Settlement.  (*Id.* at 5.)  This proposal is illogical, of course, because the potential impact of this proposed Settlement with regard to the asserted claims of a putative class in the federal action cannot possibly be known until this settlement is approved and its impact is adjudicated in the separate federal action.

Furthermore, the purported "ambiguity" in the proposed notice is merely a contingency that is inherent in the "live legal question" regarding the effect of the proposed settlement on the pending claims in federal court and is not an issue for this Court to resolve.  (*See generally Washington v. Chimei Innolux Corp.*, 659 F.3d 842 (9th Cir. 2011) (distinguishing multi-state class actions, which are subject to federal jurisdiction, with *parens patriae* claims, which are not).)  Thus, as this Court recognized at the January 8, 2013 hearing, the proper approach to the proposed notice is to inform California residents that they "***could*** be waiving your right to some or all of your damages[.]"  (Varanini Decl., Ex. A, at 54:1-13 (emphasis added).)  Providing an absolute statement of rights (as the two objectors propose) that are necessarily contingent would, in fact, itself be misleading. Indeed the present circumstances is entirely equivalent to informing California residents that by remaining in the class they will relinquish their right to pursue an individual claim that **may** result in recovery of damages.  There is inherent uncertainty in every settlement, which the two objectors try to pass off as "ambiguity."

The two objectors' accusation that PENAC is "lying in the weeds" because the notice states that Philips "may" seek dismissal of the federal claims is similarly unfounded.  PENAC has consistently maintained its position that the proposed Settlement extinguishes the federal claims, though it recognizes the Plaintiffs maintain an opposite view.  However, whether PENAC takes action in the federal case is another uncertain future event that is best characterized by the word "may."  For example, PENAC "may" not need to seek dismissal of the federal claims because the indirect purchasers "may" be unable to certify their class due to an inability to show common

---

[5] *See* Plaintiffs' Reply Brief in Support of Preliminary Approval for a complete rebuttal of the two objectors' claims.

Dated: April 2, 2013

Respectfully Submitted,

Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
David T. Emanuelson
Tiffany B. Gelott
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Email: john.taladay@bakerbotts.com
Email: david.emanuelson@bakerbotts.com
Email: tiffany.gelott@bakerbotts.com

*Attorneys for Defendant Philips Electronics*
*North America Corporation*

11

EXHIBIT C

1  MARIO N. ALIOTO (56433)
   LAUREN C. CAPURRO (241151)
2  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
3  2280 Union Street
   San Francisco, CA 94123
4  Telephone: (415) 563-7200
   Facsimile: (415) 346-0679
5
   *Counsel for Objector Jeffrey Figone*
6
   *Lead Counsel for the*
7  *Indirect Purchaser Plaintiffs in MDL No. 1917*

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**NOV 27 2013**

Clerk of the Court
BY: VANESSA WU
Deputy Clerk

8
9              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

10          **FOR THE COUNTY OF SAN FRANCISCO, UNLIMITED JURISDICTION**

11

12  THE STATE OF CALIFORNIA, et al.; and        ) Case No. CGC-11-515786
    THE CITY AND COUNTY OF SAN                  )
13  FRANCISCO, individually and on behalf of    ) **SUR-REPLY OF OBJECTOR FIGONE**
    all others similarly situated,              ) **IN OPPOSITION TO MOTION FOR**
14                                              ) **FINAL APPROVAL OF PHILIPS**
                 Plaintiffs,                    ) **SETTLEMENT**
15                                              )
16              v.                              ) **[REDACTED VERSION]**
                                                )
17  CHUNGWHA PICTURE TUBES, LTD., et            ) Date:  December 5, 2013
    al.                                         ) Time:  9:30 a.m.
18                                              ) Dept.: 303
                 Defendants.                    ) Judge: Hon. Richard A. Kramer
19                                              )
                                                )
20                                              )
                                                )
21                                              )

22

23                      **CONDITIONALLY FILED UNDER SEAL**

24

25

26

27

28

**INTRODUCTION**

The circumstances of this settlement are unique. The California Attorney General, asserting claims on behalf of California consumers in her *parens patriae* capacity, proposes to settle those claims with Defendant Philips while, in a federal class action, a certified class of consumers continues to litigate similar (though not identical) claims against Philips.

Objector Figone, the certified class representative asserting claims on behalf of California consumers (the "Class Claims"), is in complete agreement with the Attorney General on the most crucial question raised by the proposed settlement: The proposed settlement ***cannot release*** those Class Claims. *See* California's Reply to Opposition of Objector Jeffrey Figone to Motion for Final Approval of the Philips Settlement ("California Reply"), at 10 ("the release as to Philips cannot and in fact does not cover the Class Claims"). If the Court agrees and finds that the Philips settlement does not release the Class Claims, then Mr. Figone withdraws his objection and the settlement may be approved.

Philips argues that the Court need not decide whether the settlement releases the Class Claims.[1] This position is untenable. It is ***impossible*** to evaluate whether the proposed settlement should be approved without determining whether the Class Claims are being extinguished. A determination of the adequacy of a settlement is predicated upon what is being provided in comparison to what it being given up. Philips' argument that the Court may approve what is being provided now, and let the determination of what is being given up await a later day, is indefensible.

The scope of the release is ambiguous and must be interpreted by the Court now in order to determine whether the settlement is reasonable. If the Court finds that the settlement does not release the Class Claims, it can still approve the settlement.[2] Neither settling party disputes this. Indeed, the Attorney General implicitly agrees, since she asserts that the settlement does not release the Class Claims. If, however, the Court agrees with Philips that the settlement

---

[1] *See* Philips Electronics North America Corporation's Reply In Support of Plaintiffs' Motion for Final Approval of the Chunghwa and Philips' Settlements ("PENAC Reply"), at 19-21.
[2] *See* Opposition of Objector Figone to the State of California's Motion for Final Approval of Philips Settlement, at 8-9.

1   extinguishes the Class Claims, or that the damages claims of Californians can be left in legal

2   limbo, then the settlement is not fair, adequate or reasonable, as explained below.

3        *First*, it is now clear that the settling parties did not negotiate for the release of the Class

4   Claims.  The Attorney General acknowledges that the settlement does not release the Class

5   Claims (*see* California Reply at 10).  Philips further confirms that its cooperation is intended to

6   assist the prosecution of the *State's* claims, not the Class claims.  *See* PENAC Reply at 8.  If the

7   parties did not negotiate for a release of the Class Claims, then Philips could not (and, in fact,

8   did not) provide consideration for a release of those claims.

9        *Second*, it is undisputed that the monetary consideration provided by Philips (i.e., the

10   entire $500,000 for settlement of both government and *parens patriae* actions) represents *less*

11   *than one percent* of the total damages caused to California consumers and sole proprietorships.

12   Philips' "meritorious defenses" do not warrant such a huge discount.  The monetary

13   consideration for the settlement is totally inadequate.

14        *Finally,* the few specifics regarding the cooperation purportedly provided by Philips

15   establish that it doesn't come close to compensating for the inadequate amount of monetary

16   consideration.

**ARGUMENT**

17

18   **I.    IF THE CLASS CLAIMS ARE BEING EXTINGUISHED, THE**

19        **CONSIDERATION GIVEN BY PHILIPS IS INADEQUATE**

20       **A.  The Parties Did Not Negotiate For The Release of the Class Claims**

21        Significantly, the settling parties' reply papers demonstrate that they did not negotiate for

22   the release of the Class Claims.  Indeed, since the Attorney General agrees that "the release as to

23   Philips cannot and in fact does not cover the Class Claims" (California Reply at 10), it follows

24   that she did not bargain to obtain consideration for the release of those claims.  As for Philips, it

25   confirms that its "cooperation is designed to further the *State's* case," not the CRT Action.

26   PENAC Reply at 8 (emphasis added).  If the parties did not negotiate for a release of the Class

27   Claims, then Philips could not (and, in fact, did not) provide consideration for a release of those

28   claims.  Either the Class Claims are not released, or the settlement is unfair.

Dated:  November 25, 2013

Respectfully submitted,

By: _____

TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
Mario N. Alioto (SBN 56433)
Lauren C. Capurro (SBN 241151)
2280 Union Street
San Francisco, CA  94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Counsel for Objector Jeffrey Figone*

*Lead Counsel for*
*Indirect Purchaser Plaintiffs in MDL No. 1917*

On the brief:

By: _____

KAG LAW GROUP
Sylvie K. Kern (SBN 111751)
P.O. Box 210135
San Francisco, CA  94121
Telephone: (415) 221-5763
e-mail:  skern@antitrustglobal.com

*Counsel for Objector Jeffrey Figone and for Indirect*
*Purchaser Plaintiffs in MDL No. 1917*

# EXHIBIT D

1   KAMALA D. HARRIS
    Attorney General of California
2   MARK BRECKLER
    Chief Assistant Attorney General
3   KATHLEEN FOOTE
    Senior Assistant Attorney General
4   PAUL A. MOORE (SBN 241157)
    PAMELA PHAM (SBN 235493)
5   NICOLE S. GORDON (SBN 224138)
    MICHAEL JORGENSON (SBN 201145)
6   EMILIO E. VARANINI (SBN 163952)
      455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA 94102-7004
    Telephone: (415) 703-5908
8   Fax: (415) 703-5480
    E-mail: Emilio.Varanini@doj.ca.gov
9   *Attorneys for Plaintiffs*
    State of California, *et al.*

10

SUPERIOR COURT OF THE STATE OF CALIFORNIA

11

COUNTY OF SAN FRANCISCO

12

13

14

15   **THE STATE OF CALIFORNIA, et al.,**

Case No. CGC -11-515786

16                       Plaintiffs,

**[Related to Case No. CGC-11-515784]**

17             v.

18

**CHUNGHWA PICTURE TUBES, LTD., et**
19   **al.,**

**EXHIBIT B (6) TO DECLARATION OF
EMILIO VARANINI IN SUPPORT OF
MOTION AND MOTION FOR FINAL
APPROVAL OF THE CHUNGHWA AND
PHILIPS SETTLEMENTS**

20                     Defendants.

| Date: | October 18, 2013 |
| Time: | 9:30 a.m. |
| Dept: | 303 |
| Judge: | Richard A. Kramer |

21

22

Action Filed: November 8, 2011

23

24

25

26

27

28

1

## EXCLUSION FORM

I hereby assert my right to be excluded from *The State of California, et al. v. Chunghwa Picture Tubes, et al.,* San Francisco Superior Court Case No. CGC-11-515786.

Print Name: __Steven Ganz*_____

Address Line 1: __49 Stillings Avenue_____

Address Line 2: __San Francisco, CA 94131_____

Signature: _____   Date: __9 / 5 / 13____

****For your request(s) above to be effective, you MUST provide your name and address AND sign and date the form. Your completed form MUST be postmarked by September 8, 2013, and MUST be mailed to the following address:

**Emilio E. Varanini**
**Deputy Attorney General**
**Office of the Attorney General of the State of California**
**455 Golden Gate Avenue, Suite 11000**
**San Francisco, CA 94102**

**Failure to follow these instructions will make your request(s) ineffective.**

*Steven Ganz, individually and on behalf of all individuals residing in the State of California, including unincorporated sole proprietors doing business in their own name.

## OBJECTION FORM

Check the appropriate box or boxes below:

☐ I assert my right to object to the Settlement with **CHUNGHWA** in *The State of California, et al. v. Chunghwa Picture Tubes, et al.*, San Francisco Superior Court Case No. CGC-11-515786.

☑ I assert my right to object to the Settlement with **PHILIPS** in *The State of California, et al. v. Chunghwa Picture Tubes, et al.*, San Francisco Superior Court Case No. CGC-11-515786.

☑ I assert my right to request to intervene in *The State of California, et al. v. Chunghwa Picture Tubes, et al.*, San Francisco Superior Court Case No. CGC-11-515786.

☑ I assert my right to request to appear at the Fairness Hearing in *The State of California, et al. v. Chunghwa Picture Tubes, et al.*, San Francisco Superior Court Case No. CGC-11-515786.

Print Name:  Jeffrey Figone *

Address Line 1:  370 School Road,  Novato, CA 94945

Address Line 2:

Signature: *[signature]*     Date: September 5, 2013

****For your request(s) above to be effective, you MUST provide your name and address AND sign and date the form.  Your completed form MUST be postmarked by September 8, 2013, and MUST be mailed to the following address:

Emilio E. Varanini
Deputy Attorney General
Office of the Attorney General of the State of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

Failure to follow these instructions will make your request(s) ineffective.

\* JEFFREY FIGONE, INDIVIDUALLY AND ON BEHALF OF ALL INDIVIDUALS RESIDING IN THE STATE OF CALIFORNIA, INCLUDING UNINCORPORATED SOLE PROPRIETORS DOING BUSINESS IN THEIR OWN NAME,

$0.46 0
US POSTAGE
FIRST-CLASS
062S0061176111
94123

C40936.19

EMILIO E. VARANINI

DEPUTY ATTORNEY GENERAL

OFFICE OF THE ATTORNEY GENERAL 'STATE OF CAL

455 GOLDEN GATE AVE, SUITE 11000

SAN FRANCISCO CA 94102

94102700450

Law Office of Joseph M. Patane
2280 Union Street
San Francisco, CA 94123

# EXCLUSION FORM

I hereby assert my right to be excluded from *The State of California, et al. v. Chunghwa Picture Tubes, et al.*, San Francisco Superior Court Case No. CGC-11-515786.

Print Name:  Steven Ganz*

Address Line 1:  49 Stillings Avenue

Address Line 2:  San Francisco, CA 94131

Signature:  _____  Date:  9 / 5 / 13

****For your request(s) above to be effective, you MUST provide your name and address AND sign and date the form. Your completed form MUST be postmarked by <u>September 8, 2013</u>, and MUST be mailed to the following address:

**Emilio E. Varanini**
**Deputy Attorney General**
**Office of the Attorney General of the State of California**
**455 Golden Gate Avenue, Suite 11000**
**San Francisco, CA 94102**

**Failure to follow these instructions will make your request(s) ineffective.**

*Steven Ganz, individually and on behalf of all individuals residing in the State of California, including unincorporated sole proprietors doing business in their own name.

## OBJECTION FORM

Check the appropriate box or boxes below:

I assert my right to object to the Settlement with **CHUNGHWA** in *The State of California, et al. v. Chunghwa Picture Tubes, et al.,* San Francisco Superior Court Case No. CGC-11-515786.

✓ I assert my right to object to the Settlement with **PHILIPS** in *The State of California, et al. v. Chunghwa Picture Tubes, et al.,* San Francisco Superior Court Case No. CGC-11-515786.

✓ I assert my right to request to intervene in *The State of California, et al. v. Chunghwa Picture Tubes, et al.,* San Francisco Superior Court Case No. CGC-11-515786.

✓ I assert my right to request to appear at the Fairness Hearing in *The State of California, et al. v. Chunghwa Picture Tubes, et al.,* San Francisco Superior Court Case No. CGC-11-515786.

Print Name:   Jeffrey Figone *

Address Line 1:   370 School Road,  Novato, CA 94945

Address Line 2: 

Signature:   [signature]            Date:   September 5, 2013

****For your request(s) above to be effective, you MUST provide your name and address AND sign and date the form. Your completed form MUST be postmarked by <u>September 8, 2013</u>, and MUST be mailed to the following address:

Emilio E. Varanini
Deputy Attorney General
Office of the Attorney General of the State of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

Failure to follow these instructions will make your request(s) ineffective.

\* JEFFREY FIGONE, INDIVIDUALLY AND ON BEHALF OF ALL INDIVIDUALS RESIDING IN THE STATE OF CALIFORNIA, INCLUDING UNINCORPORATED SOLE PROPRIETORS DOING BUSINESS IN THEIR OWN NAME,

# EXHIBIT E

1

2                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

3                    IN AND FOR THE COUNTY OF SAN FRANCISCO

4                 BEFORE THE HONORABLE RICHARD A. KRAMER, JUDGE

5                             DEPARTMENT NO. 303

6                                 ---oOo---

7    THE STATE OF CALIFORNIA,                    NO. CGC-11-515786

8            PLAINTIFF,

9            vs.

10   CHUNGHWA PICTURE TUBES,
     LTD,
11
             DEFENDANT.
12                                        /

13

14                    REPORTER'S TRANSCRIPT OF PROCEEDINGS

15                        CIVIC CENTER COURTHOUSE
                          SAN FRANCISCO, CALIFORNIA
16
                          DECEMBER 5TH, 2013
17

18

19

20

21

22

23

24   REPORTED BY:  BRENDA L. CROW, RPR

25   CSR NO. 10503

1   I'm using a term that's very ambiguous.  I am doing that on

2   purpose.  Even Mr. Alioto would agree that if the settlement

3   of this case does not constitute a release of claims by

4   class plaintiffs in the federal action, if that were the

5   case, then he's got no problem with the release.  So that

6   would mean that his calculation -- he's got no problem with

7   the settlement.  That means that his calculation would be

8   unaffected here.  As a matter of fact, he would be quite

9   satisfied if I simply made that finding and then got

10  everybody out of here.  So if that were the case then the

11  starting point for the valuation wouldn't be anywhere near

12  the piece of paper that was handed to me with the total

13  overcharge -- I won't call it a calculation -- opinion.

14  That number would go to zero, maybe, or 800,000, something,

15  but it wouldn't be of any concern to the objector.

16        If on the other hand, the release does apply to

17  these claims then, perhaps, Mr. Alioto is onto something

18  here, and the answer is I have no idea what the scope of

19  that release is, and it's impossible for me to figure it

20  out, and if then that is a necessary step to make a Kullar

21  calculation, it can't be done.  Why do I have no idea?  Why

22  is it impossible?  Because, first, the question being posed

23  is how does this release apply to something that's never

24  happened yet, the structure of which, the wording of which

25  has yet to come into existence?  So I can't apply language

1     to something that doesn't exist.  There might be a

2     settlement.  There might be a judgment.  There might be

3     components or wordings regarding those matters that may be

4     something that would create an ambiguity in the language of

5     settlement, and I can't anticipate that now.  That is, also,

6     a mixed question of fact and law because the legal question

7     would be what is the effect of a Parens Patriae release on

8     an individual claim in a class basis?  I don't know.

9     Nobody's briefed that, but you don't have to.  There is no

10    law on that.

11          What about the opt-out, the effect of a purported

12    opt-out on behalf of a class and the argument, perhaps by

13    the litigant here, that that's not effective under the

14    Parens Patriae Statute?  I'm not going to determine that

15    now.  It's a hypothetical question for somebody else to

16    figure out, not for me to figure out, and, lastly, some of

17    this might have to do with federal law regarding standing,

18    regarding class matters or anything else that could creep

19    into whatever is going to happen next.

20          I say this for two reasons.  Then I am not going to

21    give a statement one way or the other as to the impact of

22    this settlement on Mr. Alioto's case.  I just don't know,

23    and I can't do so, but, secondly, that impacts the Kullar

24    calculation.  I can't do what Mr. Alioto wants as the first

25    step because the starting point depends on whether the