Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

MARIO N. ALIOTO (56433)
malioto@tatp.com
LAUREN C. CAPURRO (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-md-05944-SC |
| | MDL No. 1917 |
| This Document Relates To: | |
| INDIRECT PURCHASER ACTIONS | **PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO INDIRECT PURCHASER PLAINTIFFS' AND CERTAIN DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON STATUTE OF LIMITATIONS GROUNDS** |
| *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727; | |
| *Interbond Corporation of America v. Hitachi, Ltd. et al.*, No. 3:11-cv-06275; | |
| *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726; | |
| *Office Depot, Inc. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06276; | |

1
2
3
4

Pursuant to Civil Local Rules 7-11 and 79-5(d), Plaintiffs Office Depot, Inc., Interbond Corporation of America, and the Indirect Purchaser Plaintiffs (collectively "Plaintiffs") hereby respectfully submit this administrative motion for an order permitting Plaintiffs to file under seal the highlighted portions of the following documents:

5
6
7

- Plaintiffs' Response in Opposition to Defendants' Notice of Motion and Motion for Partial Summary Judgment as to Indirect Purchaser Plaintiffs' and Certain Direct Action Plaintiffs' State Law Claims on Statute of Limitations Grounds.

8
9
10

- Exhibit A to the Declaration of Stuart H. Singer in Support of Plaintiffs' Opposition (Excerpt of Expert Report of Kenneth G. Elzinga, dated April 15, 2014, at pages 156-158)

11
12
13

Plaintiffs submit this application as the parties wishing to file documents referencing, containing, or analyzing, in whole or in part, the documents described above.  Plaintiffs attach hereto the Declaration of Stuart H. Singer in support of this application.  *See* Civ. L.R. 79-5(e).

14
15
16
17
18
19
20
21
22

Plaintiffs request that the highlighted portions of their Opposition be filed under seal pursuant to Civil Local Rule 79-5(d) because they refer to and contain excerpts of and/or statements derived from documents and testimony that have been designated "confidential" or "highly confidential" pursuant to the Stipulated Protective Order entered in this litigation [Dkt. 306, June 18, 2008] ("Stipulated Protective Order").   The confidential/highly confidential designations have been made by certain of the defendants in this litigation.  To qualify under the Stipulated Protective Order as "confidential" or "highly confidential," information must contain trade secrets or other confidential research, development or commercial information or other private or competitively sensitive information. Stipulated Protective Order at ¶ 1.

23
24
25
26
27
28

Plaintiffs seek to file the above material under seal in good faith in order to comply with the Protective Order in this action and the applicable Local Rules.  Because certain defendants contend that the material they have designated is confidential in nature, it is their burden to establish that the designated information is sealable. Civil L.R. 79-5(e); *see Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).  Plaintiffs leave it to this Court's discretion to determine whether the above material should be filed under seal.   Courts have repeatedly

1   emphasized that a party must make a "particularized showing of good cause" and show a

2   "compelling reason" to justify the sealing of motions and papers filed with a court.  *See Foliz v.*

3   *State Farm Mutual Auto. Ins. Co.,* 331 F.3d 1122, 1138 (9th Cir. 2002) (reversing a lower court's

4   sealing of records because there was no "compelling reason to justify sealing" under the

5   protective order).  As the Ninth Circuit has stated, the "hazard of stipulated protective orders" is

6   that they "often contain provisions that purport to put the entire litigation under lock and key

7   without regard to the actual requirements of Rule 26(c)." *Kamakana*, 447 F.3d at 1193.

8       Plaintiffs are filing herewith a redacted copy of their Opposition, in accordance with Civil

9   Local Rule 79-5.  Plaintiffs are also filing herewith under seal an unredacted version of their

10   Opposition, which indicates by highlighting the portions of the Opposition that have been

11   omitted from the redacted version due to "confidential" or "highly confidential" designations.

12       Contemporaneous with the filing of this administrative motion, Plaintiffs are giving

13   notice to the defendants in the CRT Antitrust MDL of this motion and of the Opposition to be

14   filed in this case.  Plaintiffs' request is narrowly tailored to include the sealing of only the

15   information that may require confidentiality, pursuant to the provisions of the Stipulated

16   Protective Order.

17       Accordingly, Plaintiffs request that the court grant this Administrative Motion to Seal

18   Portions of their Opposition.

19

20

21

22

23

24

25

26

27

28

1   DATED:  December 23, 2014              s/  Stuart H. Singer

2                                          Stuart Singer
                                           BOIES, SCHILLER & FLEXNER LLP
3                                          401 East Las Olas Blvd., Suite 1200
                                           Fort Lauderdale, FL 33301
4                                          Telephone:  (954) 356-0011
                                           Facsimile:   (954) 356-0022
5                                          Email:  ssinger@bsfllp.com

6                                          *Liaison Counsel for Direct Action Plaintiffs and*
                                           *Attorneys for Plaintiffs Office Depot, Inc. and*
7                                          *Interbond Corporation of America*

8                                          /s/  Mario N. Alioto

9                                          Mario N. Alioto (56433)
                                           TRUMP, ALIOTO, TRUMP &
10                                             PRESCOTT, LLP
                                           Email:  malioto@tatp.com
11                                         Lauren C. Capurro (241151)
                                           Email:  laurenrussell@tatp.com
12                                         2280 Union Street
                                           San Francisco, CA 94123
13                                         Telephone: (415) 563-7200
                                           Facsimile:  (415) 346-0679
14
                                           *Interim Lead Counsel for the Indirect Purchaser*
15                                         *Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

27

28