**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

STUART H. SINGER
ssinger@bsfllp.com
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

MARIO N. ALIOTO (56433)
malioto@tatp.com
LAUREN C. CAPURRO (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to:

INDIRECT PURCHASER ACTIONS

*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;

*Interbond Corporation of America v. Hitachi, Ltd. et al.*, No. 3:11-cv-06275;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*Office Depot, Inc. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06276;

Master Case No. 07-05944-SC
MDL No. 1917

**PLAINTIFFS' REDACTED RESPONSE IN OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO INDIRECT PURCHASER PLAINTIFFS' AND CERTAIN DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON STATUTE OF LIMITATIONS GROUNDS**

Date: February 6, 2015
Time: 10:00 a.m.
Ctrm: 1
Judge: Hon. Samuel Conti

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... ii

I. INTRODUCTION .......... 1

II. FACTS .......... 2

III. ARGUMENT. .......... 3

A. Florida Courts Have Recognized Fraudulent Concealment as a Form of Equitable Estoppel that Precludes Defendants from Invoking the Statute of Limitations .......... 3

B. Plaintiffs Have Adequately Pled Fraudulent Concealment .......... 7

C. Plaintiffs' Complaints Are Timely Filed Based on Fraudulent Concealment Estopping Defendants from Invoking the Statute of Limitations During the Period of Concealment .......... 8

IV. CONCLUSION .......... 9

i

PLAINTIFFS' NON-REDACTED RESPONSE IN OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO INDIRECT PURCHASER PLAINTIFFS' AND CERTAIN DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON STATUTE OF LIMITATIONS GROUNDS

# TABLE OF AUTHORITIES

Page

*Butler Univ. v. Bahssin*,
892 So. 2d 1087 (Fla. 2d DCA 2004) ....................4

*Cada v. Baxter Healthcare Corp.*,
920 F.2d 446 (7th Cir. 1990)....................7

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
2014 WL 1092293 (N.D. Cal., March 13, 2014) ....................*passim*

*Florida Dep't of Health and Rehab. Servs. v. S.A.P.*,
835 So. 2d 1091 (Fla. 2002)....................*passim*

*In re Ford Tailgate Litig.*,
2014 U.S. Dist. LEXIS 32287, 2014 WL 1007066 (N.D. Cal. Mar. 12, 2014)....................5

*Fulton Cnty. Adm'r v. Sullivan*,
753 So. 2d 549 (Fla. 1999)....................4

*Hearndon v. Graham*,
767 So. 2d 1179 (Fla. 2000)....................4

*John Doe No. 23 v. Archdiocese of Miami, Inc.*,
965 So. 2d 1186 (Fla. 4th DCA 2007) ....................3

*Major League Baseball v. Morsani*,
790 So. 2d 1071 (Fla. 2001)....................*passim*

*Point Blank Solutions, Inc. v. Toyobo Am., Inc.*,
2011 U.S. Dist. LEXIS 51457, 2011 WL 1833366 (S.D. Fla. May 13, 2011) ....................5

*Rhodes v. Guiberson Oil Tools Division*,
927 F.2d 876 (5th Cir.1991)....................5

*Ryan v. Lobo De Gonzalez ("Ryan I")*,
841 So. 2d 510 (Fla. 4th DCA 2003) ....................5, 6

*Ryan v. Lobo De Gonzalez* ("*Ryan II*"),
921 So. 2d 572 (Fla. 2005)....................6

*Santa Maria v. Pacific Bell*,
202 F.3d 1170 (9th Cir. 2000)....................5, 7

*Singletary v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chicago*,
9 F.3d 1236 (7th Cir. 1993)....................7

*In re TFT-LCD Antitrust Litig.*,
2011 U.S. Dist. LEXIS 108810, 2011 WL 4387812 (N.D. Cal. Sept. 20, 2011) ...........*passim*

*In re Vitamins Antitrust Litig.*,
2000 U.S. Dist. LEXIS 16173, 2000 WL 33975412 (D.D.C. Oct. 26, 2000)..........................4

**Statutes**

Fla. Stat. § 95.11(3)(f) ..........................................................................................................4

iii

PLAINTIFFS' NON-REDACTED RESPONSE IN OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO INDIRECT PURCHASER PLAINTIFFS' AND CERTAIN DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON STATUTE OF LIMITATIONS GROUNDS

## I. INTRODUCTION

This response solely concerns Florida law[1] and maintains that Office Depot, Inc., Interbond Corporation of America's ("BrandsMart"), and the Indirect Purchaser Plaintiffs' (collectively, "Plaintiffs") claims were timely filed. The Plaintiffs' claims were timely filed on or before November 14, 2011, within four years of the date that this Court has already held that a similar complaint had sufficiently pled fraudulent concealment. This Court has found two other DAPs - Tech Data and Sharp - "have sufficiently plead fraudulent concealment until November 14, 2007." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 1092293 at * 3 (N.D. Cal. Mar. 13, 2014). While Tech Data and Sharp did not file complaints until 2012, and thus required invocation of *American Pipe* tolling or other tolling principles, Office Depot and BrandsMart's complaints were filed within four years of November 14, 2007, albeit exactly four years, and do not require *American Pipe* or any tolling principle to apply.

The sole and dispositive legal issue on which Defendants' motion turns is whether Florida courts likely would recognize fraudulent concealment as a form of equitable estoppel that precludes Defendants from invoking the statute of limitations during the time they successfully concealed their own wrongful acts. A number of Florida courts have expressly held that fraudulent concealment is such a form of equitable estoppel with respect to statutes of limitations and that it is different from non-statutory tolling doctrines, which are not recognized under Florida law.

Indeed, Judge Illston of this Court, in the similar LCD Antitrust Litigation, after comprehensively reviewing Florida case law, has squarely held that fraudulent concealment applies "where a defendant takes steps to conceal his wrongful actions, thereby preventing a plaintiff from filing suit on time." *In re TFT-LCD Antitrust Litig*., No. M 07-1827 SI, MDL No. 1827, 2011 U.S. Dist. LEXIS 108810, at *17, 2011 WL 4387812 (N.D. Cal. Sept. 20, 2011).

---

[1] Plaintiffs Sears, Roebuck and Co. and Kmart Corp. have dropped their Mississippi state law claims. Plaintiff Electrograph Systems, Inc. has dropped its New York state law claims. Plaintiff Costco Wholesale Corporation has dropped its Florida state law claims. Accordingly, the only claims to which Defendants' Motion applies are the state law claims brought under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

This Court should reject Defendants' request to chart a different course than the directly applicable LCD ruling, anchored in Florida law, and the common-sense equitable principle that a violator of the antitrust laws should not be able to escape civil justice by concealing its violation from its victims and then invoking the statute of limitations.

## II. FACTS

The IPPs filed their Complaint[2] on November 13, 2007, and filed their Fourth Consolidated Amended Complaint[3] on January 10, 2013, which pled fraudulent concealment.[4] Office Depot and BrandsMart filed their Complaints on November 14, 2011.[5] They both pled fraudulent concealment[6] and brought claims under FDUTPA[7] in their original complaints.

---

[2] Class Action Compl., Kindt v. Matsushita Electric Indus. Co., Ltd., No. 07-cv-10322 (S.D. N.Y. Nov. 13, 2007). Defendants concede in their Motion that the IPPs included a claim under FDUTPA. Defendants' Motion at p. 2.

[3] IPPs' Fourth Consol. Amended Compl., In re: Cathode Ray Tube (CRT) Antitrust Litig., No. 3:07-cv-5944 (N.D. Cal. Jan. 10, 2013) (ECF. No. 1526).

[4] The Fourth Consolidated Amended Complaint alleged: "Plaintiffs and the members of the Classes did not discover, and could not discover through the exercise of reasonable diligence, that Defendants were violating the law as alleged herein until shortly before this litigation was commenced. Nor could Plaintiffs and the Class members have discovered the violations earlier than that time because Defendants conducted their conspiracy in secret, concealed the nature of their unlawful conduct and acts in furtherance thereof, and fraudulently concealed their activities through various other means and methods designed to avoid detection. In addition, the conspiracy was by its nature self-concealing." *Id.* at 93-94.

[5] *See* Compl., Interbond Corp. of Am. v. Hitachi, Ltd., No. 3:11-cv-06275 (N.D. Cal. Nov. 14, 2011) ("Brandsmart Complaint") and Compl., Office Depot, Inc. v. Hitachi, Ltd., No. 9:11-cv-81263 (S.D. Fla. Nov. 14, 2011) ("Office Depot Complaint").

[6] *See* Brandsmart Complaint, ¶ 214 ("Plaintiff had neither actual nor constructive knowledge of the facts supporting its claims for relief despite diligence in trying to discover the pertinent facts. Plaintiff did not discover, and could not have discovered through the exercise of reasonable diligence, the existence of the conspiracy alleged herein. Defendants engaged in a secret conspiracy that did not give rise to facts that would put Plaintiff on inquiry notice that there was a conspiracy to fix the prices of CRTs."); Office Depot Complaint, ¶ 215 ("Plaintiff had neither actual nor constructive knowledge of the facts supporting its claims for relief despite diligence in trying to discover the pertinent facts. Plaintiff did not discover, and could not have discovered through the exercise of reasonable diligence, the existence of the conspiracy alleged herein. Defendants engaged in a secret conspiracy that did not give rise to facts that would put Plaintiff on inquiry notice that there was a conspiracy to fix the prices of CRTs.").

[7] *See* BrandsMart Complaint at 64-65; Office Depot Complaint at 64-65.

Both Office Depot and Brandsmart alleged that they had "neither actual nor constructive knowledge of the facts supporting its claims for relief;" that they "did not discover and could not have discovered through the exercise of reasonable diligence, the existence of the conspiracy alleged;" and that "Defendants engaged in a secret conspiracy that did not give rise to facts that would put Plaintiff on inquiry notice that there was a conspiracy to fix the prices." *See* Brandsmart Complaint, ¶ 214; Office Depot Complaint, ¶ 215.

## III. ARGUMENT.

### A. Florida Courts Have Recognized Fraudulent Concealment as a Form of Equitable Estoppel that Precludes Defendants from Invoking the Statute of Limitations

Plaintiffs have adequately alleged—and will prove at trial— that the Defendants fraudulently concealed their unlawful conspiracy to fix CRT prices, and therefore, Defendants are equitably estopped from asserting a statute of limitations defense.[8] Florida's Supreme Court has recognized that fraudulent concealment is a form of equitable estoppel that estops a statute of limitations defense during the period of concealment. *See Florida Dep't of Health and Rehab. Servs. v. S.A.P.*, 835 So. 2d 1091, 1097 (Fla. 2002) (citing *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1077 (Fla. 2001)). *See also John Doe No. 23 v. Archdiocese of Miami, Inc.*, 965 So. 2d 1186, 1187 (Fla. 4th DCA 2007) (stating that *S.A.P.* held that the doctrine of fraudulent concealment could stop the statute of limitations). As the court in *Morsani* noted, "Equitable estoppel presupposes a legal shortcoming in a party's case that is directly attributable to the opposing party's misconduct. The doctrine bars the wrongdoer from asserting that shortcoming and profiting from his or her own misconduct." 790 So. 2d at 1077. *See also S.A.P.*, 835 So. 2d at 1097 ("Equitable estoppel differs from other legal theories that may operate upon the statutes of limitation in that equitable estoppel presupposes an act of wrongdoing—such as fraud and concealment—that prejudices a party's case.").

---

[8] *See, e.g.*, IPPs' Fourth Consol. Comp., ¶¶ 293-96 (detailing Defendants' fraudulent concealment of their price fixing conspiracy).

Because fraudulent concealment is an equitable doctrine, it is separate and different in nature from Florida's statutory tolling provisions, Fla. Stat. § 95.11(3)(f) (LexisNexis 2014). It is also distinct from the "delayed discovery" doctrine.

Defendants misread Florida Law when they argue against "tolling." Mot. at 6-7. Fraudulent concealment does not "toll" the statute of limitations, but, instead, estops defendants from profiting from their own fraudulent concealment of their wrongdoing. Because equitable estoppel is premised on a defendant's concealment or other act of wrongdoing with regard to the statute of limitations, it differs from "[e]quitable tolling, which involves no misconduct on the part of the defendant." *Morsani*, 790 So. 2d at 1076 n.11. Accordingly, Florida's Supreme Court has held that equitable estoppel (and, thus, fraudulent concealment) is not a tolling doctrine, and it is not excluded by the statutory list of Floridian tolling doctrines in § 95.051 that otherwise apply to the FDUTPA. *See Morsani*, 790 So. 2d at 1080 (the tolling proscription in section 95.051 is inapplicable to equitable estoppel).

Defendants ignore this case law and cite several unreported, out-of-state, and/or pre-*Morsani* and *S.A.P.* cases that either incorrectly classify fraudulent concealment as a tolling doctrine or simply fail to discuss the issue at all. *See* Mot. at 7 (citing cases). In particular, Defendants assert that the court in *Butler Univ. v. Bahssin*, 892 So. 2d 1087, 1091 n.3 (Fla. 2d DCA 2004) classified fraudulent concealment as a tolling doctrine. But this issue was not before the court, which addressed the delayed discovery doctrine regarding accrual, and it even noted that "[plaintiff] has not alleged that [defendant] was in cahoots with [the other wrongdoers] in concealing the existence of this cause of action." *Id.* Thus, not only did the court not discuss recent case law concerning equitable estoppel, it merely cited a pre-*Morsani* decision where Florida's Supreme Court acknowledged "a certain amount of confusion regarding this Court's" earlier tolling and accrual cases. *Id.* (citing *Hearndon v. Graham*, 767 So. 2d 1179, 1184 (Fla. 2000)). The same is true for the other Florida case cited by the Defendants because *Fulton Cnty. Adm'r v. Sullivan*, 753 So. 2d 549, 551 (Fla. 1999) only applied Georgia's law and expressly "decline[d] to answer the certified question as to Florida law concerning statutes of limitations." Similarly, the analysis in *In re Vitamins Antitrust*

*Litig.*, Misc. No. 99-197 (TFH), MDL No. 1285, 2000 U.S. Dist. LEXIS 16173, at * 25; 2000 WL 33975412, at *3 (D.D.C. Oct. 26, 2000) is based on case law that pre-dates *Morsani* and *S.A.P.*, and the most recent case, *In re Ford Tailgate Litig.*, No. 11-cv-2953-RS, 2014 U.S. Dist. LEXIS 32287, at *30; 2014 WL 1007066, at *7 (N.D. Cal. Mar. 12, 2014), failed to discuss *Morsani* and *S.A.P.* at all while assuming, erroneously, and without discussion, that fraudulent concealment is a tolling doctrine under Florida law.

Finally, Defendants cite *Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, No. 09-61166-CIV-SEITZ/GOODMAN, 2011 U.S. Dist. LEXIS 51457, at *19-20, 2011 WL 1833366 (S.D. Fla. May 13, 2011). But this case wrongly concluded that "fraudulent concealment" was inapplicable to a plaintiff asserting claims under the FDUTPA because "'equitable estoppel presupposes that the plaintiff knows of the facts underlying the cause of action but delayed filing suit because of the defendant's conduct.'" (quoting *Ryan v. Lobo De Gonzalez*, 841 So. 2d 510, 518 (Fla. 4th DCA 2003)). This self-contradictory ruling, where the court confused "fraudulent concealment" (where defendants ***hide*** the cause of action from plaintiff) with another form of "equitable estoppel" (where plaintiffs ***know*** the cause of action and it is ***not*** hidden), was thoroughly rejected by the court in *In re TFT-LCD Antitrust Litig.*, 2011 U.S. Dist. LEXIS 108810, at *19, which held that it did "not agree that the doctrine of equitable estoppel in Florida is so narrow." (citing *Morsani*, *S.A.P.* and numerous other Florida decisions).

Defendants' position that "the traditional requirement of equitable estoppel that a plaintiff must be aware of its cause of action and then induced during the limitations period to 'forebear' suit until after the statute of limitations expires," Mot. at 9, ignores all of the precedent cited above wherein courts recognize that fraudulent concealment estops a statute of limitations defense because plaintiff was ***unaware*** of its cause of action ***due to defendants' wrongful and fraudulent conduct***. Indeed, the Ninth Circuit reached a similar conclusion in *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1177 (9th Cir. 2000) ("Equitable estoppel may apply against an employer when the employer ***misrepresents or conceals facts*** necessary to support a discrimination charge.") (citing *Rhodes v. Guiberson Oil Tools Division*, 927 F.2d 876, 878-79 (5th Cir.1991)) (emphasis added).

Defendants' primary basis for their narrow portrayal of equitable estoppel is the single dissenting opinion concerning the discharge of jurisdiction in *Ryan v. Lobo De Gonzalez*, 921 So. 2d 572 (Fla. 2005) ("*Ryan II*"). This dissent by Justice Cantero endorsed the reasoning in Judge Gross' concurring opinion in *Ryan v. Lobo De Gonzalez*, 841 So. 2d 510, 523 (Fla. 4th DCA 2003) ("*Ryan I*") stating that the broad equitable estoppel language in *S.A.P.* should be read to encompass only childhood sexual abuse cases. *Ryan II*, 921 So. 2d at 573. But as Justice Cantero acknowledged, even that concurrence is in conflict with Florida's Supreme Court decision in *S.A.P*. *See Ryan II*, 921 So. 2d at 574 ("Despite the district court's valiant efforts to distinguish our decision *in S.A.P.*, 835 So. 2d at 1091, I conclude that its decision expressly and directly conflicts with that case."). In any event, the Court must be guided by the Florida Supreme Court's opinions as a Court, not the views of a single Justice writing separately. Thus, the broad and unequivocal language concerning equitable estoppel in *S.A.P.* must govern this case.

Judge Illston in the LCD litigation court correctly followed the law when it rejected the same arguments Defendants now bring before this Court. *See In re TFT-LCD Antitrust Litig*., 2011 U.S. Dist. LEXIS 108810, at *16, *22 (holding that fraudulent concealment is "a species of equitable estoppel" that precludes a defendant from asserting the statute of limitations defense under Florida law).

After reviewing the above-discussed Florida law, Judge Illston explicitly rejected the argument, reiterated by Defendants here, that equitable estoppel is limited to where a Plaintiff is knowledgeable about facts giving rise to a claim, a notion that turns the doctrine of fraudulent concealment on its head. *See S.A.P*. 835 So. 2d at 1099 (quoting *Morsani*, 790 So. 2d at 1078) ("Logic dictates that a defendant cannot be taken by surprise by the late filing of a suit when the defendant's own actions are responsible for the tardiness of the filing.").

Judge Illston also noted that," that fraudulent concealment is a longstanding and widely recognized doctrine in the common law." And, "[w]ithout a more explicit statement from the Florida legislature, the Court believes that Florida courts would be unwilling to discard the

doctrine." *In re TFT-LCD Antitrust Litig.*, 2011 U.S. Dist. LEXIS 108810, at *22. As the Court stated:

> The presumption is that no change in the common law is intended unless the statute is explicit and clear in that regard. Unless a statute unequivocally states that it changes the common law, or is so repugnant to the common law that the two cannot coexist, the statute will not be held to have changed the common law.

*Id.* (quoting *S.A.P.* 835 So. 2d at 1098). Thus, the doctrine of fraudulent concealment prevents the Defendants from asserting the statute of limitations in response to the FDUTPA claims.

**B. Plaintiffs Have Adequately Pled Fraudulent Concealment**

Defendants argue that "Plaintiffs have not even attempted to allege equitable estoppel in their Complaints," Mot. at 8. Plaintiffs are not required to explicitly use the term "equitable estoppel" in order to be covered by this doctrine since fraudulent concealment is simply one type of equitable estoppel. *See Santa Maria*, 202 F.3d at 1176 ("'Equitable estoppel in the limitations setting is sometimes called fraudulent concealment.'") (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990)); *Singletary v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chicago*, 9 F.3d 1236, 1241 (7th Cir. 1993) ("Although 'equitable estoppel' is sometimes used interchangeably with 'fraudulent concealment,' . . . the latter is, strictly, a subset of the former, since neither fraud nor concealment is required for equitable estoppel, only conduct or representations by the defendant that prevent the plaintiff from suing before the statute of limitations has run."); *S.A.P.*, 835 So. 2d at 1094, 1100 (approving district court's holding based on "the equitable principle of fraudulent concealment").

Plaintiffs have pled active and willful concealment of Defendants' FDUTPA violations. *See In re TFT-LCD Antitrust Litig.*, 2011 U.S. Dist. LEXIS 108810 at *17 (stating that fraudulent concealment applies "where a defendant takes steps to conceal his wrongful actions, thereby preventing a plaintiff from filing suit on time."). Indeed, the record in this case consists of voluminous evidence of Defendants' attempts to hide their conspiracy. [redacted]

[REDACTED] Defendants make no effort to argue that the evidence is factually insufficient to give rise to fraudulent concealment, and this Court already has found, under nearly identical facts, two other DAPs - Tech Data and Sharp - "have sufficiently plead fraudulent concealment until November 14, 2007." *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2014 WL 1092293, at * 3 (N.D. Cal., Mar. 13, 2014).

### C. Plaintiffs' Complaints Are Timely Filed Based on Fraudulent Concealment Estopping Defendants from Invoking the Statute of Limitations During the Period of Concealment

This Court has previously held that November 14, 2007 is "the latest date . . . to provide actual or inquiry notice to the DAPs." *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2014 WL 1092293, at * 3 (N.D. Cal., Mar. 13, 2014). And, this Court has found two other DAPs - "have sufficiently plead fraudulent concealment until November 14, 2007." *Id*. The Court should not deviate from that prior determination. Because Plaintiffs have shown fraudulent concealment until November 14, 2007, and Office Depot and BrandsMart filed their Complaints on November 14, 2011, exactly four years to the day after the fraudulent concealment period ended, their complaints are timely, and within the four-year statute of limitations under FDUTPA.[9]

Defendants refer to this Court's prior ruling on the Tech Data and Sharp complaints but ignores that those complaints were filed on December 11, 2012 and March 19, 2013, respectively, well past the four year period after fraudulent concealment ended. This Court's earlier ruling on the untimeliness of their claims (*In re CRT*, 2014 WL 1092293) rested on the conclusion that, even though fraudulent concealment applies through November 14, 2007, Tech Data and Sharp's claims were untimely since they were filed more than four years after the date. Here, by contrast, the DAPs' complaints were filed within four years of November 14, 2007, thus placing them within the statute of limitations. As a result, no tolling of any type is necessary, and this Court's prior ruling in no way supports Defendants' Motion. On the

[9] The Indirect Purchasers filed their Complaint on November 13, 2007. Furthermore, their Consolidated Amended filed on January 10, 2013, pled fraudulent concealment. A fortiori, the Indirect Purchasers' claims are timely.

contrary, the Court's prior determination of the date the fraudulent concealment period ended demonstrates that the DAPs' complaints were filed within the four-year statute of limitations.

## IV.   CONCLUSION

For the reasons discussed above, Defendants' Motion for Partial Summary Judgment as to Indirect Purchaser Plaintiffs' and Certain Direct Action Plaintiffs' State Law Claims on Statute of Limitations Grounds should be denied with respect to the Plaintiffs' claims.

Dated:  December 23, 2014

/s/  *Stuart H. Singer*
Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022
Email:  ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, and Tech Data Corporation and Tech Data Product Management, Inc.*

/s/  *Mario N. Alioto*
Mario N. Alioto (56433)
TRUMP, ALIOTO, TRUMP &
   PRESCOTT, LLP
Email:  malioto@tatp.com
Lauren C. Capurro (241151)
Email:  laurenrussell@tatp.com
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile:  (415) 346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs*