1  Stuart H. Singer
   BOIES, SCHILLER, & FLEXNER LLP
2  401 East Las Olas Boulevard, Suite 1200
   Fort Lauderdale, Florida 33301
3  Telephone: (954) 356-0011
4  Facsimile: (954) 356-0022
   Email: ssinger@bsfllp.com
5
   William A. Isaacson
6  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave. NW, Suite 800
7  Washington, D.C. 20015
   Telephone: (202) 237-2727
8  Facsimile: (202) 237-6131
   Email: wisaacson@bsfllp.com
9
   Philip J. Iovieno
10 Anne M. Nardacci
   BOIES, SCHILLER & FLEXNER LLP
11 30 South Pearl Street, 11th Floor
   Albany, NY 12207
12 Telephone: (518) 434-0600
   Facsimile: (518) 434-0665
13 Email: piovieno@bsfllp.com
   Email: anardacci@bsfllp.com
14
   *Counsel for Plaintiffs Interbond Corporation of America, and Office Depot, Inc.*
15

16             UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
17                SAN FRANCISCO DIVISION

18 | In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No. 07-05944-SC MDL No. 1917 |
   |---|---|
19 | | |
20 | This Document Relates to: | **DECLARATION OF RANDALL WILLIAM WICK IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON STATE LAW CLAIMS LIMITED TO INTRASTATE ACTIVITY** |
21 | *Office Depot Inc. v. Hitachi, Ltd., et al.,* Individual Case No. 11-cv-05514 | |
22 | | |
23 | *Interbond Corporation of America d/b/a BrandsMart USA v. Hitachi, Ltd., et al.,* Individual Case No. 11-cv-06275 | |

24
25
26
27
28

DECL. OF RANDALL WILLIAM WICK

I, **RANDALL WILLIAM WICK**, declare as follows:

1. I am Senior Vice President of Merchandising for Technology for Plaintiff Office Depot, Inc. ("Office Depot"). Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts stated herein, and, if called as a witness, I could and would competently testify thereto.

2. Office Depot is a Florida Corporation that was headquartered in Boca Raton, Florida and/or Delray Beach, Florida during the relevant period in the above-captioned case.

3. Office Depot placed its purchase orders for each CRT Product that is the subject of Office Depot's state law claims in this action from its headquarters in Boca Raton, Florida and/or Delray Beach, Florida.

4. The invoices for CRT Products Office Depot purchased that are subject to its state law claims were all received at Office Depot's headquarters in Boca Raton, Florida and/or Delray Beach, Florida.

5. Office Depot made payments for each CRT Product that is the subject of Office Depot's claims in this action from its headquarters in Boca Raton, FL and/or Delray Beach, Florida.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of December, 2014, at Boca Raton, FL.

_____
Randall William Wick