1  Kenneth S. Marks
   Jonathan J. Ross
2  SUSMAN GODFREY L.L.P.
   1000 Louisiana Street, Suite 5100
3  Houston, Texas 77002-5096
   Telephone:  (713) 651-9366
4  Facsimile:   (713) 654-6666
   kmarks@susmangodfrey.com
5  jross@susmangodfrey.com

6  *Attorneys for plaintiff Alfred H. Siegel, solely
   in his capacity as Trustee of the Circuit City
7  Stores, Inc. Liquidating Trust*

8                UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
9                   SAN FRANCISCO DIVISION

10 **In re:  CATHODE RAY TUBE (CRT)**          Master File No. 3:07-CV-5944-SC
   **ANTITRUST LITIGATION**
11

12 ─────────────────────────────────          MDL No. 1917

13 This Document Relates to:

14 *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*,   **DECLARATION OF ROBERT S.**
   No. 13-cv-05264;                                          **SAFI IN SUPPORT OF**
15                                                           **PLAINTIFFS' OPPOSITION TO**
   *Costco Wholesale Corporation v. Technicolor SA,*         **TECHNOLOGIES DISPLAYS**
16 *et al.*, No. 13-cv-005723;                               **AMERICAS LLC'S MOTION FOR**
                                                             **PARTIAL SUMMARY**
17 *Crago, d/b/a Dash Computers, Inc. Et al., v.*            **JUDGMENT**
   *Mitsubishi Electric Corporation, et al.*, No. 14-cv-
18 02058;

19 *Electrograph Systems, Inc., et. Al. v. Technicolor*      Date:   February 6, 2015
   *SA, et al.*, No. 13-cv-05724;                            Time:  10:00 a.m.
20                                                           Place:  Courtroom 1, 17th Floor
   *Interbond Coporation of America v. Technicolor*          Judge: Hon. Samuel Conti
21 *SA, et al.*, No. 13-cv-05727;

22 *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-
   cv-05726;
23
   *P.C. Richard & Son Long Island Corporation, et*
24 *al. v. Technicolor SA, et al.*, No. 13-cv-05725;

25 *Schultze Agency Services, LLC v. Technicolor SA*,
   *et al.*, No. 13-cv-05668;
26
   *Sears, Roebuck and Co., et al. v. Technicolor SA, et*
27 *al.*, No. 13-cv-05262;

28 *Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-

01173;

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Target Corp., v. Technicolor SA, et al.*, No. 13-cv-05686.

I, Robert S. Safi, hereby declare as follows:

1.     I am a partner with the law firm of Susman Godfrey L.L.P., counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust.  I am an active member in good standing of the bar of the State of Texas.  I have personal knowledge of the facts stated herein, except as to those matters based on information and belief, and believe them to be true.  I could and would competently testify to the matters stated herein if called upon to do so.

2.     This declaration serves two purposes.  First, I submit this declaration pursuant to F.R.Civ.P. 56(d), which provides:  "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Second, this declaration describes certain exhibits that Plaintiffs have submitted in opposition the motion for summary judgment filed by Technologies Displays Americas LLC ("TDA").

### Declaration Under F.R.Civ.P. 56(d)

3.     TDA admits that it was "formed by one or more entities in the Thomson group of Companies" and "was originally owned by Thomson."  Doc. 2984 at 5.

4.     Defendants Thomson SA and Thomson Consumer Electronics, Inc. ("Thomson Consumer," and together with Thomson SA, "Thomson") opted not to participate in discovery in this action until after they each lost motions to dismiss.  Discovery against these defendants began in March 2014.

5.     The Direct Action Plaintiffs ("DAPs") propounded requests for production and interrogatories on Thomson Consumer and Thomson SA in April 2014.  A true and correct copy of those requests for production and interrogatories are attached as **Exhibits A–D**.

2

6.     Numerous DAPs' interrogatories and requests for production pertain directly to Thomson Consumer and Thomson SA's role in the global CRT conspiracy.

7.     Thomson Consumer agreed to produce documents and substantive interrogatory answers in response to DAPs' document requests.  Thomson SA, however, took the position that it could not produce documents or provide substantive answers because of a so-called French Blocking Statute.  The DAPs sought to litigate the issue, filing a motion before the Special Master on July 28, 2014 to compel production of documents located in France responsive to certain requests for production and a 30(b)(6) witness that would testify fully on certain noticed topics without limiting her testimony due to the French Blocking Statute.  DAPs simultaneously filed a motion before Judge Conti to issue letters rogatory to acquire similar documents and information from Thomson SA.

8.     On August 28, 2014, DAPs filed a motion before Judge Conti to issue letters rogatory to obtain depositions of four current and former Thomson SA employees located in Europe:  Agnes Martin, Emeric Charamel, Didier Trutt, and Christian Lissorgues.

9.     Counsel for the DAPs also issued notices for deposition pursuant to Rule 30(b)(6) to Thomson Consumer and Thomson SA on April 15, 2014.  Those notices contained numerous topics that relate directly to Thomson Consumer's and Thomson SA's participation in the CRT conspiracy.  These include, for example: (1) identification of companies and individuals that participated in or with Thomson SA in a conspiracy relating to the production, pricing, sale, marketing, or distribution of CRTs; (2) communications with other defendants regarding production, pricing, sale, marketing, or distribution of CRTs; and (3) efforts taken to conceal the existence of any conspiracy relating to CRTs.

10.     Counsel for the DAPs also noticed the depositions of four fact witnesses from Thomson Consumer.  At the request of Thomson Consumer's counsel, counsel for the DAPs agreed to postpone the deposition of Thomson's 30(b)(6) witness until after the depositions of these fact witnesses were completed. DAPs and Thomson entered into a stipulation to extend the

1    discovery deadline for purposes of a 30(b)(6) deposition, which the Court granted on August 25,

2    2014.  Doc. 2761.

3        11.    Meanwhile, on September 4, 2014, the Direct Purchaser Plaintiffs ("DPPs")

4    propounded their First Set of Interrogatories on Thomson Consumer and Thomson SA.  A true

5    and correct copy of those Interrogatories is attached as **Exhibit E**.

6        12.    Several of the DPPs' interrogatories pertain directly to Thomson entities that

7    owned, controlled, or otherwise were affiliated with TDA, Thomson Consumer and Thomson

8    SA.  These interrogatories seek information as to Thomson Consumer and Thomson SA's role in

9    the global CRT conspiracy and relationship to each other.

10        13.    On September 2, 2014, Special Master Walker granted DAPs' motion to compel

11    the production of responsive documents and an informed 30(b)(6) witness prepared to testify

12    about Thomson SA.  On September 12, 2014 Thomson filed objections to the Special Master's

13    Recommended Order.  On October 23, 2014, the Court overruled Thomson SA's objections and

14    affirmed the Special Master's ruling that Thomson SA must produce its responsive documents

15    pursuant to the Federal Rules of Civil Procedure.  The Court also issued letters rogatory for the

16    production of the four French witnesses, and extended discovery as to Thomson SA by 60 days

17    from the date of the order.  Doc. 2945.

18        14.    Thomson SA produced 4,015 documents on December 5, 9,654 documents on

19    December 12, 14,203 documents on December 17, and 11,181 documents on December 18, five

20    days before the filing deadline for oppositions to motions for summary judgment.  Thomson SA

21    has not completed its production of responsive documents.

22        15.    Thomson SA has also not supplemented its responses to either the DAP or DPP

23    interrogatories to reflect information from materials in France, pursuant to the Court's October

24    23 Order.  Finally, the 30(b)(6) deposition of Thomson, which had been noticed for December 18

25    and 19, was postponed until January 8 and 9 because Thomson did not complete its document

26    production in sufficient advance of the noticed dates.

27

28

16.     On December 18, Thomson filed a motion seeking specifically to avoid production of documents related to communications and relationships between Thomson SA and Thomson Consumer.

17.     In its motion for summary judgment, TDA asserts that several facts related to TDA's participation in the CRT conspiracy are undisputed, including:

a.     "TDA has no records or documents showing any awareness by TDA of a CRT price-fixing arrangement among CRT suppliers, indicating any agreement by TDA to participate in any such agreement, arrangement, or conspiracy, or showing any meeting or other communication between any TDA employee and any competitor with regard to fixing or establishing prices, limiting production, or any other activity asserted by Plaintiffs as a basis for their claims in the CRT litigation." Doc. 2984 at 7.

b.     "Plaintiffs have thus produced no evidence of any participation by TDA, through any TDA employee or otherwise, in any contract, combination or conspiracy in violation of the antitrust laws." *Id.* at 8.

c.     "To the best of TDA's knowledge, TDA did not participate in any such agreement, arrangement, conspiracy, or communications." *Id.*

18.     Plaintiffs believe that materials responsive to outstanding requests that have yet to be produced by Thomson SA, the 30(b)(6) deposition of Thomson, and the depositions of former Thomson SA employees that will be taken pursuant to the Hague Convention will bear directly on these undisputed facts.

19.     Specifically, as to TDA's assertion that "TDA has no records or documents showing any awareness by TDA of a CRT price-fixing arrangement among CRT suppliers, indicating any agreement by TDA to participate in any such agreement, arrangement, or conspiracy, or showing any meeting or other communication between any TDA employee and any competitor with regard to fixing or establishing prices, limiting production, or any other activity asserted by Plaintiffs as a basis for their claims in the CRT litigation," Doc. 2984 at 7,

Plaintiffs believe that the following outstanding discovery from Thomson is likely to produce materials and information relevant to this fact:

a.  "All Documents relating to Communications regarding CRTs between or among manufacturers of CRTs, including Defendants."  (Exs. B & C, DAPs' First Set of Requests for Production of Documents, No. 3.)

b.  "All Documents relating to any Communication between You (or any other Defendant or Co-conspirator) and any other manufacturer of CRTs concerning, relating to, and/or mentioning the production, marketing, pricing, distribution, inventory levels or sale of CRTs."  (Exs. B & C, DAPs' First Set of Requests for Production of Documents, No. 4.)

c.  "All Documents relating to any Meeting attended by You or any other Defendant or any manufacturer of CRTs during which there was any Communication concerning the production, marketing, pricing, distribution, inventory levels or sale of CRTs, including, but not limited to the notes of any such Meetings."  (Exs. B & C, DAPs' First Set of Requests for Production of Documents, No. 5.)

d.  "Identify each actual or proposed agreement, including a draft agreement, between You and any producer of CRTs and/or CRT Products, including Defendants or Co-conspirators, relating to prices, pricing, production or inventory levels of CRTs and/or CRT Products during the Relevant Period.  For every such actual or proposed agreement, State: (a) the identity of the participants and all persons with knowledge thereof; (b) when such agreement was entered into; (c) where such agreement was entered into; (d) the terms of such agreement; and (e) when, how, and which of Your officers, directors or Employees discovered the existence of such agreement."  (Exs. A & D, DAPs' First Set of Interrogatories, No. 7.)

e.      "Identify all Communications and/or Meetings between You and any other producer or producers of CRTs and/or CRT Products during the Relevant Period (including but not limited to the named Defendants or Co-conspirators in this coordinated proceeding), regarding, discussing, mentioning or relating to the sales, production, and/or prices of CRTs in and/or for the United States, Mexico, and/or Brazil during the Relevant Period, specifically identifying any Communications and/or Meetings occurring solely in the context of a Customer-supplier relationship between You and a Customer.  For all Communications and/or Meetings: (a) State the date and location of the Meeting and/or Communication; (b) Identify the Person(s) who initiated, called, organized, attended, or participated in the Meeting and/or Communication; (c) Describe the subject matter(s) of the Meeting and/or Communication, including details of any information provided, received, or exchanged; (d) Identify all Persons with knowledge relating to the Meeting and/or Communication; (e) Describe the type and dimensions of the CRTs discussed; (f) Identify whether the attendees at the Meeting and/or persons involved in the Communication reached any agreement concerning CRT sales, production, and/or prices."      (Exs. A & D, DAPs' First Set of Interrogatories, No. 8.)

f.      "Identify each actual or proposed agreement between You and any producer of CRT and/or CRT Products, including the named Defendants and Co-Conspirators in this coordinated proceeding, relating to prices, pricing, production or inventory levels of CRT and/or CRT Products during the Relevant Time Period.  Agreements shall include drafts.  For every such actual or proposed agreement state: (a) the identity of the participants and all persons with knowledge thereof; (b) when such

7

agreement was entered into; (c) where such agreement was entered into; (d) the terms of such agreement; and (e) when, how and which of your officers, directors or employees discovered the existence of such agreement." (Ex. E, DPPs' First Set of Interrogatories, No. 4.)

g.   "Identify any meeting or communication between You and other producers of CRT and/or CRT Products during the Relevant Time Period, including the named Defendants and Co-Conspirators in this coordinated proceeding, regarding CRT and/or CRT Product pricing, price increase announcements, terms or conditions of sales, profit margins or market share, production levels, inventory, customers, auctions, reverse auctions, dynamic bidding events, or sales, and for each such meeting or communication: (a) provide the date and location of the meeting or communication; (b) identify the person(s) who initiated, called, organized, attended or participated in the meeting or communication; (c) describe the subject matter discussed and any information you provided or received; (d) describe every action taken by you as a result of the meeting or communication; and (e) identify all persons with knowledge relating to the meeting or communication." (Ex. E, DPPs' First Set of Interrogatories, No. 5.)

h.   The 30(b)(6) deposition of Thomson, scheduled for January 8–9.

i.   The deposition of Emeric Charamel, to be taken through the Hague Convention procedures.

j.   The deposition of Agnes Martin, to be taken through the Hague Convention procedures.

k.   The deposition of Christian Lissorgues, to be taken through the Hague Convention procedures.

1    l.    The deposition of Didier Trutt, to be taken through the Hague Convention

2          procedures.

3    20.   Specifically, as to TDA's assertion that "Plaintiffs have thus produced no

4  evidence of any participation by TDA, through any TDA employee or otherwise, in any contract,

5  combination or conspiracy in violation of the antitrust laws," (Mot. 8), Plaintiffs believe that the

6  following outstanding discovery from Thomson is likely to produce materials and information

7  relevant to this fact:

8    a.    "All Documents relating to Communications regarding CRTs between or

9          among manufacturers of CRTs, including Defendants."  (Exs. B & C,

10         DAPs' First Set of Requests for Production of Documents, No. 3.)

11   b.    "All Documents relating to any Communication between You (or any

12         other Defendant or Co-conspirator) and any other manufacturer of CRTs

13         concerning, relating to, and/or mentioning the production, marketing,

14         pricing, distribution, inventory levels or sale of CRTs."  (Exs. B & C,

15         DAPs' First Set of Requests for Production of Documents, No. 4.)

16   c.    "All Documents relating to any Meeting attended by You or any other

17         Defendant or any manufacturer of CRTs during which there was any

18         Communication  concerning  the  production,  marketing,  pricing,

19         distribution, inventory levels or sale of CRTs, including, but not limited to

20         the notes of any such Meetings."  (Exs. B & C, DAPs' First Set of

21         Requests for Production of Documents, No. 5.)

22   d.    "Identify each actual or proposed agreement, including a draft agreement,

23         between You and any producer of CRTs and/or CRT Products, including

24         Defendants or Co-conspirators, relating to prices, pricing, production or

25         inventory levels of CRTs and/or CRT Products during the Relevant

26         Period.  For every such actual or proposed agreement, State: (a) the

27         identity of the participants and all persons with knowledge thereof; (b)

28

9

when such agreement was entered into; (c) where such agreement was entered into; (d) the terms of such agreement; and (e) when, how, and which of Your officers, directors or Employees discovered the existence of such agreement." (Exs. A & D, DAPs' First Set of Interrogatories, No. 7.)

e.  "Identify all Communications and/or Meetings between You and any other producer or producers of CRTs and/or CRT Products during the Relevant Period (including but not limited to the named Defendants or Co-conspirators in this coordinated proceeding), regarding, discussing, mentioning or relating to the sales, production, and/or prices of CRTs in and/or for the United States, Mexico, and/or Brazil during the Relevant Period, specifically identifying any Communications and/or Meetings occurring solely in the context of a Customer-supplier relationship between You and a Customer.  For all Communications and/or Meetings: (a) State the date and location of the Meeting and/or Communication; (b) Identify the Person(s) who initiated, called, organized, attended, or participated in the Meeting and/or Communication; (c) Describe the subject matter(s) of the Meeting and/or Communication, including details of any information provided, received, or exchanged; (d) Identify all Persons with knowledge relating to the Meeting and/or Communication; (e) Describe the type and dimensions of the CRTs discussed; (f) Identify whether the attendees at the Meeting and/or persons involved in the Communication reached any agreement concerning CRT sales, production, and/or prices."   (Exs. A & D, DAPs' First Set of Interrogatories, No. 8.)

f.  "Identify each actual or proposed agreement between You and any producer of CRT and/or CRT Products, including the named Defendants

and Co-Conspirators in this coordinated proceeding, relating to prices, pricing, production or inventory levels of CRT and/or CRT Products during the Relevant Time Period.  Agreements shall include drafts.  For every such actual or proposed agreement state: (a) the identity of the participants and all persons with knowledge thereof; (b) when such agreement was entered into; (c) where such agreement was entered into; (d) the terms of such agreement; and (e) when, how and which of your officers, directors or employees discovered the existence of such agreement."  (Ex. E, DPPs' First Set of Interrogatories, No. 4.)

g.      "Identify any meeting or communication between You and other producers of CRT and/or CRT Products during the Relevant Time Period, including the named Defendants and Co-Conspirators in this coordinated proceeding, regarding CRT and/or CRT Product pricing, price increase announcements, terms or conditions of sales, profit margins or market share, production levels, inventory, customers, auctions, reverse auctions, dynamic bidding events, or sales, and for each such meeting or communication: (a) provide the date and location of the meeting or communication; (b) identify the person(s) who initiated, called, organized, attended or participated in the meeting or communication; (c) describe the subject matter discussed and any information you provided or received; (d) describe every action taken by you as a result of the meeting or communication; and (e) identify all persons with knowledge relating to the meeting or communication."   (Ex. E, DPPs' First Set of Interrogatories, No. 5.)

h.      The 30(b)(6) deposition of Thomson, scheduled for January 8–9.

i.      The deposition of Emeric Charamel, to be taken through the Hague Convention procedures.

j.    The deposition of Agnes Martin, to be taken through the Hague Convention procedures.

k.    The deposition of Christian Lissorgues, to be taken through the Hague Convention procedures.

l.    The deposition of Didier Trutt, to be taken through the Hague Convention procedures.

21.    Specifically, as to TDA's assertion that "To the best of TDA's knowledge, TDA did not participate in any such agreement, arrangement, conspiracy, or communications," (Mot. 8), Plaintiffs believe that the following outstanding discovery from Thomson is likely to produce materials and information relevant to this fact:

a.    "All Documents relating to Communications regarding CRTs between or among manufacturers of CRTs, including Defendants."  (Exs. B & C, DAPs' First Set of Requests for Production of Documents, No. 3.)

b.    "All Documents relating to any Communication between You (or any other Defendant or Co-conspirator) and any other manufacturer of CRTs concerning, relating to, and/or mentioning the production, marketing, pricing, distribution, inventory levels or sale of CRTs."  (Exs. B & C, DAPs' First Set of Requests for Production of Documents, No. 4.)

c.    "All Documents relating to any Meeting attended by You or any other Defendant or any manufacturer of CRTs during which there was any Communication concerning the production, marketing, pricing, distribution, inventory levels or sale of CRTs, including, but not limited to the notes of any such Meetings."  (Exs. B & C, DAPs' First Set of Requests for Production of Documents, No. 5.)

d.    "Identify each actual or proposed agreement, including a draft agreement, between You and any producer of CRTs and/or CRT Products, including Defendants or Co-conspirators, relating to prices, pricing, production or

1    inventory levels of CRTs and/or CRT Products during the Relevant
2    Period.  For every such actual or proposed agreement, State: (a) the
3    identity of the participants and all persons with knowledge thereof; (b)
4    when such agreement was entered into; (c) where such agreement was
5    entered into; (d) the terms of such agreement; and (e) when, how, and
6    which of Your officers, directors or Employees discovered the existence
7    of such agreement."  (Exs. A & D, DAPs' First Set of Interrogatories, No.
8    7.)

9    e.    "Identify all Communications and/or Meetings between You and any other
10   producer or producers of CRTs and/or CRT Products during the Relevant
11   Period (including but not limited to the named Defendants or Co-
12   conspirators in this coordinated proceeding), regarding, discussing,
13   mentioning or relating to the sales, production, and/or prices of CRTs in
14   and/or for the United States, Mexico, and/or Brazil during the Relevant
15   Period, specifically identifying any Communications and/or Meetings
16   occurring solely in the context of a Customer-supplier relationship
17   between You and a Customer.  For all Communications and/or Meetings:
18   (a) State the date and location of the Meeting and/or Communication; (b)
19   Identify the Person(s) who initiated, called, organized, attended, or
20   participated in the Meeting and/or Communication; (c) Describe the
21   subject matter(s) of the Meeting and/or Communication, including details
22   of any information provided, received, or exchanged; (d) Identify all
23   Persons with knowledge relating to the Meeting and/or Communication;
24   (e) Describe the type and dimensions of the CRTs discussed; (f) Identify
25   whether the attendees at the Meeting and/or persons involved in the
26   Communication reached any agreement concerning CRT sales,

27

28

13

production, and/or prices." (Exs. A & D, DAPs' First Set of Interrogatories, No. 8.)

  f. "Identify each actual or proposed agreement between You and any producer of CRT and/or CRT Products, including the named Defendants and Co-Conspirators in this coordinated proceeding, relating to prices, pricing, production or inventory levels of CRT and/or CRT Products during the Relevant Time Period.  Agreements shall include drafts.  For every such actual or proposed agreement state: (a) the identity of the participants and all persons with knowledge thereof; (b) when such agreement was entered into; (c) where such agreement was entered into; (d) the terms of such agreement; and (e) when, how and which of your officers, directors or employees discovered the existence of such agreement."  (Ex. E, DPPs' First Set of Interrogatories, No. 4.)

  g. "Identify any meeting or communication between You and other producers of CRT and/or CRT Products during the Relevant Time Period, including the named Defendants and Co-Conspirators in this coordinated proceeding, regarding CRT and/or CRT Product pricing, price increase announcements, terms or conditions of sales, profit margins or market share, production levels, inventory, customers, auctions, reverse auctions, dynamic bidding events, or sales, and for each such meeting or communication: (a) provide the date and location of the meeting or communication; (b) identify the person(s) who initiated, called, organized, attended or participated in the meeting or communication; (c) describe the subject matter discussed and any information you provided or received; (d) describe every action taken by you as a result of the meeting or communication; and (e) identify all persons with knowledge relating to the

1    meeting or communication."  (Ex. E, DPPs' First Set of Interrogatories,

2    No. 5.)

3        h.    The 30(b)(6) deposition of Thomson, scheduled for January 8–9.

4        i.    The deposition of Emeric Charamel, to be taken through the Hague

5              Convention procedures.

6        j.    The deposition of Agnes Martin, to be taken through the Hague

7              Convention procedures.

8        k.    The deposition of Christian Lissorgues, to be taken through the Hague

9              Convention procedures.

10       l.    The deposition of Didier Trutt, to be taken through the Hague Convention

11             procedures.

12   22.    In addition to TDA's participation in the conspiracy, Plaintiffs believe that the

13   outstanding discovery from Thomson SA, including the 30(b)(6) deposition presently scheduled

14   for January 8–9, may produce materials and information that relates to (1) the full extent to

15   which Thomson's historical practices were institutionalized at TDA, including practices related

16   to dealings with competitors and customers; (2) the extent to which Videocon dominated and

17   controlled Thomson SA, which information Plaintiffs believe may be in Thomson SA's

18   possession, custody, or control based on the fact that Thomson continued to provide certain

19   services to TDA after TDA was sold to Videocon; and (3) the extent to which Thomson SA

20   owned or controlled TTE Technologies, Inc., a television manufacturer that purchased CRTs

21   directly from TDA.

22             **Exhibits in Opposition to TDA's Motion for Summary Judgment**

23   23.    Subject to the foregoing and F.R.Civ.P. 56(d), Plaintiffs submit the following

24   exhibits in opposition to TDA's motion for summary judgment.

25   24.    Attached hereto as **Exhibit 1** is a true and correct copy of Deposition Exhibit

26   5811, excerpts of Technicolor's 2011 Annual Report.

27

28

25. Attached hereto as **Exhibit 2** is a true and correct copy of excerpts of Technicolor's 2012 Annual Report, which I obtained from Technicolor's website at the following URL: http://www.technicolor.com/en/who-we-are/investor-center/financial-information/annual-report.

26. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts of a document produced by one of the Samsung defendants as SEIA-CRT-00036452.

27. Attached hereto as **Exhibit 4** is a true and correct copy of a document produced by Thomson SA as TSA-CRT00081300.

28. Attached hereto as **Exhibit 5** is a true and correct copy of Deposition Exhibit 7180, Statement of Albino Bessa Re Technologies Displays Americas, LLC, dated April 18, 2014.

29. Attached hereto as **Exhibit 6** is a true and correct copy of a document produced by one of the Chunghwa defendants as CHU00125257, dated July 1, 2005.  The date provided was generated from the Date_Created field of the metadata.

30. Attached hereto as **Exhibit 7** is a true and correct copy of a document produced by Thomson Consumer as TCE-CRT0007339, dated July 18, 2005.

31. Attached hereto as **Exhibit 8** is a true and correct copy of a document produced by Thomson Consumer as TCE-CRT0020394, dated July 20, 2005.

32. Attached hereto as **Exhibit 9** is a true and correct copy of a document produced by one of the Philips defendants as PHLP-CRT-037654, dated August 3, 2005.

33. Attached hereto as **Exhibit 10** is a true and correct copy of excerpts of Videocon's Annual Report for 2004-05, which I obtained from Videocon's website at the following URL: https://videoconworld.com/media/gallery/Videocon-Industries-Ltd_2005.pdf.

34. Attached hereto as **Exhibit 11** is a true and correct copy of a document produced by Thomson Consumer as TCE-CRT 0007651, dated September 1, 2005.

35. Attached hereto as **Exhibit 12** is a true and correct copy of excerpts from the Deposition of Jacquelyn Taylor-Boggs, dated August 29, 2014.

36.     Attached hereto as **Exhibit 13** is a true and correct copy of a document produced by Thomson SA as TSA-CRT00015749, dated June 8, 2004.

37.     Attached hereto as **Exhibit 14** is a true and correct copy of a document produced by Thomson SA as TSA-CRT00006958, titled 'Thomson Videocon Road Show Q&A.'

38.     Attached hereto as **Exhibit 15** is a true and correct copy of excerpts from the Deposition of Jack Brunk, dated September 5, 2014.

39.     Attached hereto as **Exhibit 16** is a true and correct copy of a document produced by Thomson SA as TSA-CRT00006982, titled 'Thomson Videocon agreement Roadshow presentation.'

40.     Attached hereto as **Exhibit 17** is a true and correct copy of a document produced by Thomson SA as TSA-CRT00006752, titled 'Site Questions.'

41.     Attached hereto as **Exhibit 18** is a true and correct copy of excerpts from the Deposition of Alex Hepburn, dated September 3, 2014.

42.     Attached hereto as **Exhibit 19** is a true and correct copy of Deposition Exhibit 5812, dated March 8, 2004, which was produced as TCE-CRT 0009852.

43.     Attached hereto as **Exhibit 20** is a true and correct copy of Deposition Exhibit 2112 & 2112-E, dated May 2, 2003, which one of the Samsung defendants produced as SDCRT-0007239.

44.     Attached hereto as **Exhibit 21** is a true and correct copy of excerpts from the Deposition of W.R. Kim, dated July 1, 2014.

45.     Attached hereto as **Exhibit 22** is a true and correct copy of Deposition Exhibit 5831, dated July 18, 2003, which Thomson Consumer produced as TCE-CRT 0021489.

46.     Attached hereto as **Exhibit 23** is a true and correct copy of Deposition Exhibit 2093 & 2093-E, dated, August 8, 2006, which one of the Samsung defendants produced as SDCRT-0007237.

47.     Attached hereto as **Exhibit 24** is a true and correct copy of excerpts from the Deposition of K.C. Oh, dated November 19–20, 2014.

48.     Attached hereto as **Exhibit 25** is a true and correct copy of Deposition Exhibit 2079 & 2079-E, dated July 18, 2003, which one of the Samsung defendants produced as SDCRT-0007173.

49.     Attached hereto as **Exhibit 26** is a true and correct copy of Deposition Exhibit 2080, in connection with the Deposition of K.C. Oh on November 20, 2014.

50.     Attached hereto as **Exhibit 27** is a true and correct copy of Deposition Exhibit 7181, in connection with the Deposition of Albino Bessa on October 2, 2014.

51.     Attached hereto as **Exhibit 28** is a true and correct copy of excerpts from the Deposition of C.C. Liu, dated February 19, 2013.

52.     Attached hereto as **Exhibit 29** is a true and correct copy of excerpts from the Deposition of Albino Bessa, dated October 2, 2014.

53.     Attached hereto as **Exhibit 30** is a true and correct copy of Deposition Exhibit 2084 & 2084-E, dated September 8, 2005, which one of the Samsung defendants produced as SDCRT-0007609.

54.     Attached hereto as **Exhibit 31** is a true and correct copy along with a certified translation of a document produced by one of the Samsung defendants as SDCRT-0007240, dated March 22, 2006.

55.     Attached hereto as **Exhibit 32** is a true and correct copy along with a certified translation of a document produced by one of the Panasonic defendants as MTPD-0410018, dated December 15, 2005.

56.     Attached hereto as **Exhibit 33** is a true and correct copy along with a certified translation of a document produced by one of the Panasonic defendants as MTPD-0410020, dated December 5.

57.     Attached hereto as **Exhibit 34** is a true and correct copy along with a certified translation of a document produced by one of the Panasonic defendants as MTPD-0479599, dated March 31, 2006.

58.     Attached hereto as **Exhibit 35** is a true and correct copy of a document produced by Technologies Displays Americas as TDA03754, dated July 28, 2006.

59.     Attached hereto as **Exhibit 36** is a true and correct copy of excerpts from the Deposition of Robert Nowicki, dated October 9, 2014.

60.     Attached hereto as **Exhibit 37** is a true and correct copy of excerpts from the Deposition of P.J. Lee, dated July 16, 2013.

61.     Attached hereto as **Exhibit 38** is a true and correct copy of excerpts from Thomson's 2004 Annual Report, which I obtained from Technicolor's website at the following URL:   http://www.technicolor.com/en/who-we-are/investor-center/financial-information/annual-report.

62.     Attached hereto as **Exhibit 39** is a true and correct copy of Deposition Exhibit 7185, excerpts from Thomson's United States Securities and Exchange Commission Form 20-F.

63.     Attached hereto as **Exhibit 40** is a true and correct copy of the expert report of Alan S. Frankel on behalf of Plaintiff Best Buy, dated April 15, 2014.

64.     Attached hereto as **Exhibit 41** is a true and correct copy of the expert report of Alan S. Frankel on behalf of Plaintiff BrandsMart, dated April 15, 2014.

65.     Attached hereto as **Exhibit 42** is a true and correct copy of the expert report of Alan S. Frankel on behalf of the Plaintiff CompuCom Systems Inc., dated April 15, 2014.

66.     Attached hereto as **Exhibit 43** is a true and correct copy of the expert report of Alan S. Frankel on behalf of Plaintiff Costco Wholesale Corporation, dated April 15, 2014.

67.     Attached hereto as **Exhibit 44** is a true and correct copy of the expert report of Alan S. Frankel on behalf of the Plaintiff Target Corp., dated April 15, 2014.

68.     Attached hereto as **Exhibit 45** is a true and correct copy of the expert report of Alan S. Frankel on behalf of Plaintiff Electrograph Systems, Inc., dated April 15, 2014.

69.     Attached hereto as **Exhibit 46** is a true and correct copy of the expert report of Alan S. Frankel on behalf of Plaintiff Office Depot, Inc., dated April 15, 2014.

70.     Attached hereto as **Exhibit 47** is a true and correct copy of the expert report of Alan S. Frankel on behalf of Plaintiffs P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc., dated April 15, 2014.

71.     Attached hereto as **Exhibit 48** is a true and correct copy of the expert report of Alan S. Frankel on behalf of Plaintiff Tech Data, dated April 15, 2014.

72.     Attached hereto as **Exhibit 49** is a true and correct copy of the expert report of Alan S. Frankel on behalf of Plaintiff Tweeter, dated April 15, 2014.

73.     Attached hereto as **Exhibit 50** is a true and correct copy of the expert report of Alan S. Frankel on behalf of Plaintiff Circuit City, dated April 15, 2014.


I declare under penalty of perjury that the foregoing is true and correct.  Executed this 23rd day of December, 2014, at Houston, Texas.


_____

Robert S. Safi

# Exhibit A

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
2001 K Street, NW
Washington, DC  20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

*Attorneys for Plaintiffs Sharp Electronics Corporation
and Sharp Electronics Manufacturing Company of
America, Inc.*

[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-05944 SC |
| This Document Relates to: | MDL No. 1917 |
| *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,* No. 13-cv-1173; | **DIRECT ACTION PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT THOMSON SA** |
| *Electrograph Systems, Inc. et al. v. Technicolor SA, et al.,* No. 13-cv-05724; | **DATE:  APRIL 17, 2014** |
| *Siegel v. Technicolor SA, et al.,* No. 13-cv-05261; | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264; | |
| *Target Corp. v. Technicolor SA, et al.,* No. 13-cv-05686; | |
| *Interbond Corporation of America v. Technicolor SA, et al.,* No. 13-cv-05727; | |

- 1 -

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 31:cv-05725;

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157.

**PROPOUNDING PARTIES:**   Direct Action Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.; Electrograph Systems, Inc. and Electrograph Technologies Corp.; Alfred H. Siegel, solely as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultz Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; and Tech Data Corporation and Tech Data Product Management, Inc.

**RESPONDING PARTY:**   Thomson SA

**SET NO.:**   ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the above named Direct Action Plaintiffs, through their undersigned counsel, request that Thomson SA answer the following Interrogatories within thirty (30) days of service and supplement its Interrogatory answers, as necessary, to comply with Federal Rule of Civil Procedure 26(e). Thomson SA is directed to serve verified answers at PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP, Attn: Craig A. Benson, 2001 K Street, N.W., Washington, DC 20006, or at another time and place as may be mutually agreed upon by counsel for the parties.

## DEFINITIONS

1.      The terms "Defendant" and "Defendants" means any defendant named by a Direct Action Plaintiff in these actions and their present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on their behalf.

2.      The terms "Co-conspirator" and "Co-conspirators" mean any non-Defendant entity named by a Direct Action Plaintiff in a complaint in these actions as a member of a conspiracy and their present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on their behalf.

3.      The term "Affiliated Entity(ies)" means any entity(ies) involved in the production, pricing, marketing, distribution, and/or sale of CRTs (as those terms are defined herein) at any time during the Relevant Period (as defined herein) in which You, or any division, subdivision, business unit, parent, subsidiary, affiliate, or joint venture thereof, held any ownership interest at any time during the Relevant Period.

4.      The term "Person" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau or any other kind of legal or business entity.

5.      The terms "You," "Your," and "Yourself" mean Thomson SA and present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on Your behalf.

6.      The term "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of a Defendant as defined herein.

7.      The term "Document" includes all documents and electronically stored information as defined in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

8.      The term "CRT(s)" means cathode ray tube(s).

9.      The term "CRT Manufacturer" means any entity that manufactures or manufactured CRTs.

10.     The term "CRT Product(s)" means product(s) containing cathode ray tube(s).

11.     Unless otherwise noted, the term "Relevant Period" means the period from March 1, 1995 through December 31, 2007.

12.     When referring to a Document, "Identify" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), sendee(s), addressee(s), recipient(s), and custodian(s).

13.     When referring to any fact, act, occurrence, transaction, statement, communication, document, or other matter, "Identify," "Describe," "Explain," or "State" means to describe and identify the facts constituting such matter.

14.     The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

15.     The term "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

16.     The term "Customer" means, without limitation, any individual, entity, organization, business, company, corporation, or partnership to which You sold, transferred, or otherwise conveyed CRTs during the Relevant Period.

17.     The term "Competitor" means, without limitation, any individual, entity, organization, business, company, corporation or partnership that sold or otherwise conveyed CRTs during the Relevant Period.

18.     The term "Thomson Consumer" refers to Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) and present or former Employees, officers, directors, agents, predecessors, successors, subsidiaries, affiliates, or any other person acting on its behalf.

19.     The term "Technologies Displays" refers to Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC) and present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, including Technologies Displays Mexicana, S.A. de C.V. (f/k/a Thomson Displays Mexicana, S.A. de C.V.), affiliates, or any other person acting on its behalf.

20.     The term "Videocon Industries" refers to Videocon Industries, Ltd. and present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on its behalf.

21.     "All" shall be construed as all, each, any, and every.

## INSTRUCTIONS

1.     Answers to these Interrogatories are to be based upon all knowledge or information available to You, including without limitation all information or knowledge possessed by any person, including without limitation any Employee, agent, attorney, expert witness, representative, or other advisor subject to Your instruction, direction, or control.

2.     Where an Interrogatory cannot be answered due to insufficient knowledge, specify the nature of the inquiries made in an attempt to answer the Interrogatory.

3.     You should answer each Interrogatory fully, unless it is objected to.  When making any objection, state with specificity the reasons for the objection.

4.     Where a complete answer to an Interrogatory is not possible, the Interrogatory should be answered to the extent possible, and a statement should be provided stating why an incomplete answer is given, along with the identity of any sources from which more complete information may be obtained.

5.      Any claim of ambiguity in interpreting a particular Interrogatory or a definition or instruction shall not be utilized as a basis for refusing to answer.  Rather, You shall specify the language deemed to be ambiguous and the interpretation utilized in the response to the Interrogatory.

6.      When asked to identify a natural person, state the person's name, employer, position, dates of employment or tenure, and home address for all times during the Relevant Period.  If any of such information has changed during the Relevant Period, specify the time period to which the information provided in Your answer pertains.

7.      When asked to identify any entity other than a natural person, state the name and address of the principal office or headquarters.  If any of the information has changed during the Relevant Period, specify the time period to which the information provided in Your answer pertains.

8.      If you elect to produce business records in response to an Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), You shall produce the records as they are kept in the usual course of business or shall organize and label them to correspond with the Interrogatory.  If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify the Interrogatories to which the document is responsive.  If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent.  For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

# **INTERROGATORIES**

**Interrogatory No. 1.**

Identify the CRT and/or CRT Products that You manufactured or produced for each month within the Relevant Period, including the brand name, product number, and intended use.

**Interrogatory No. 2.**

Identify the CRT and/or CRT Products that You sold, marketed, or distributed for each month within the Relevant Period, including the brand name, product number, and intended use.

**Interrogatory No. 3.**

Provide Your sales of CRTs and/or CRT Products to the United States and globally for each month during the Relevant Period.  For each month during this period, State the volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRTs and/or CRT Products, the per unit cost to distribute CRTs and/or CRT Products (including overseas freight, tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit profit earned.

**Interrogatory No. 4.**

Identify every channel used by You to sell, market, or distribute CRTs and/or CRT Products during the Relevant Period.  If You used different channels at different points within the Relevant Period, Identify when You used each channel to sell, market, or distribute CRTs and/or CRT Products.

**Interrogatory No. 5.**

Identify each current and former Employee who has or had any managerial responsibility for recommending, reviewing, setting or approving prices, bids, quotes, or rebates for Your CRTs and/or CRT Products during the Relevant Period. For each Person identified, include his or her name, address, title, location, the division or unit of the company where he or she worked, and a description of his or her responsibilities throughout the Relevant Period.

**Interrogatory No. 6.**

Identify each Employee with pricing authority who attended any trade association during the Relevant Period relating to CRTs and/or CRT Products and State with respect to each Employee:

(a) the trade association attended;

(b) the dates of attendance;

(c) any offices, chairs or committee positions held in each of the trade associations; and the dates which those offices, chairs or committee positions were held

**Interrogatory No. 7.**

Identify each actual or proposed agreement, including a draft agreement, between You and any producer of CRTs and/or CRT Products, including Defendants or Co-conspirators, relating to prices, pricing, production or inventory levels of CRTs and/or CRT Products during the Relevant Period.  For every such actual or proposed agreement, State:

(a) the identity of the participants and all persons with knowledge thereof;

(b) when such agreement was entered into;

(c) where such agreement was entered into;

(d) the terms of such agreement; and

(e) when, how, and which of Your officers, directors or Employees discovered the existence of such agreement.

**Interrogatory No. 8.**

Identify all Communications and/or Meetings between You and any other producer or producers of CRTs and/or CRT Products during the Relevant Period (including but not limited to the named Defendants or Co-conspirators in this coordinated proceeding), regarding, discussing, mentioning or relating to the sales, production, and/or prices of CRTs in and/or for the United States, Mexico, and/or Brazil during the Relevant Period, specifically identifying any Communications and/or Meetings occurring solely in the context of a Customer-supplier relationship between You and a Customer.  For all Communications and/or Meetings:

(a) State the date and location of the Meeting and/or Communication;

(b) Identify the Person(s) who initiated, called, organized, attended, or participated in the Meeting and/or Communication;

(c) Describe the subject matter(s) of the Meeting and/or Communication, including details of any information provided, received, or exchanged;

(d) Identify all Persons with knowledge relating to the Meeting and/or Communication;

(e) Describe the type and dimensions of the CRTs discussed;

(f) Identify whether the attendees at the Meeting and/or persons involved in the Communication reached any agreement concerning CRT sales, production, and/or prices.

**Interrogatory No. 9.**

To the extent not previously identified in response to Interrogatory No. 8, Identify all Communications and/or Meetings between You and any other producer or producers of CRTs and/or CRT Products during the Relevant Period (including but not limited to Defendants or Co-conspirators) regarding, discussing, mentioning or relating to the sales, production, and/or prices of CPTs during the Relevant Period, where at least one party to the Communication was employed in and/or based out of the U.S., Mexico, and/or Brazil at the time of the Communication, specifically identifying any Communications and/or Meetings conducted solely in the context of a Customer-supplier relationship between You and a Customer.   For all Communications and/or Meetings:

(a) State the date and location of the Meeting and/or Communication;

(b) Identify the Person(s) who initiated, called, organized, attended, or participated in the Meeting and/or Communication;

(c) Describe the subject matter(s) of the Meeting and/or Communication, including details of any information provided, received, and/or exchanged;

(d) Identify all Persons with knowledge relating to the Meeting and/or Communication;

(e) Describe the type and dimensions of the CPTs discussed;

DIRECT ACTIONS PLAINTIFFS' FIRST SET OF INTERROGATORIES TO THOMSON SA
Case No. 13-cv-1173; MDL No. 1917

(f)  Identify whether the attendees at the Meeting and/or Persons involved in the Communication reached any agreement concerning CPT sales, production and/or prices.

This request includes instances where Communications with outside parties are forwarded to, or subsequently shared with, Persons based in the United States, Mexico, and/or Brazil, or employed by Affiliated Entities of Defendant in the United States, Mexico, and/or Brazil.

**Interrogatory No. 10.**

To the extent not previously identified in response to Interrogatory Nos. 8 or 9, Identify any Communication or Meeting between You and any other producer or producers of CRTs and/or CRT Products during the Relevant Period (including but not limited to Defendants or Co-conspirators) regarding, discussing, mentioning or relating to the sales, production, and/or prices of CPTs during the Relevant Period, specifically identifying any Communications and/or Meetings conducted solely in the context of a Customer-supplier relationship between You and a Customer.  For all Communications and/or Meetings:

(a)  State the date and location of the Meeting and/or Communication;

(b)  Identify the Person(s) who initiated, called, organized, attended, or participated in the Meeting and/or Communication;

(c)  Describe the subject matter(s) of the Meeting and/or Communication, including details of any information provided, received, and/or exchanged;

(d)  Identify all Persons with knowledge relating to the Meeting and/or Communication;

(e)  Describe the type and dimensions of the CPTs discussed;

(f)  Identify whether the attendees at the Meeting and/or persons involved in the Communication reached any agreement concerning CPT sales, production and/or prices.

**Interrogatory No. 11.**

        Identify each instance during the Relevant Period in which You or any other producer of CRT and/or CRT Products, including Defendants in this coordinated proceeding, instituted a price increase or decrease for CRTs, and for each such instance:

    (a) when the price increase or decrease was announced publicly;

    (b) when the price increase of decrease was implemented;

    (c) the amount of the price increase or decrease;

    (d) whether such price increase or decrease was withdrawn;

    (e) each Person with responsibility for implementing the price increase or decrease or its withdrawal; and

    (f) any explanation given for the price increase or withdrawal.

**Interrogatory No. 12.**

        Explain Your corporate structure during the Relevant Period, including:

    (a) identification of departments and divisions;

    (b) identification of all individuals with managerial responsibility for purchase or sale of CRTs sold or intended for sale in the United States, Mexico, or Brazil;

    (c) identification of Your subsidiaries, affiliates, associates, partnerships, joint ventures, stock co-ownerships, or other business relationships engaged in the production, purchase, or sale of CRTs and/or CRT products;

    (d) identification of Your owners and their percentages of ownership.  For each owner, please also state whether that owner also had a financial stake in other entities engaged in the production, purchase, or sale of CRTs.

**Interrogatory No. 13.**

        Identify and Describe all joint ventures, partnerships, or other cooperative business relationships, during the Relevant Period, relating to CRT and/or CRT Products between You and any other CRT or CRT Products producer.

**Interrogatory No. 14.**

Provide Your aggregate purchases (in both number of units and revenue in U.S. dollars) of CRT and/or CRT Products during the Relevant Period.

**Interrogatory No. 15.**

Provide Your aggregate purchases (in both number of units and revenue in U.S. dollars) of CRT and/or CRT Products for each month during the Relevant Period.

**Interrogatory No. 16.**

Provide Your aggregate purchases (in units and U.S. dollars) of CRT or CRT Products from each of the other Defendants, for the purpose of resale, for each month during the Relevant Period.

**Interrogatory No. 17.**

State whether any Documents or information responsive to this set of interrogatories were destroyed, discarded, erased, deleted, purged, or otherwise lost. If Your answer is in any way in the affirmative:

(a) Describe in detail the contents of each such Document or information and the date it was destroyed, discarded, erased, deleted, purged or lost;

(b) Identify each Person who had any role or responsibility in destroying, discarding, erasing, purging, deleting or losing of each such document or information; and

(c) Describe in detail the circumstances under which each such Document or information was destroyed, discarded, erased, deleted, purged, or lost.

**Interrogatory No. 18.**

Identify the corporate relationship between You and Thomson Consumer during the Relevant Period and up to and including today, including but not limited to:

(a) Your percentage ownership;

(b) any business departments or functions (e.g., public relations, advertising, press, marketing, sales) shared between Thomson Consumer and You, or that share common systems and procedures;

(c)  policies, practices and/or requirements relating to Your participating in negotiations, entering into, or signing contracts for, or on behalf of Thomson Consumer;

(d)  policies, practices, and/or requirements regarding Your oversight, direction, supervision, endorsement, approval or disapproval of Thomson Consumer's production, sales, pricing, marketing, or distribution of CRTs or CRT Products;

(e)  the identity of all individuals who served as officers, directors, Employees, agents or representatives of both You and Thomson Consumer at any time during the Relevant Period, whether simultaneously or not;

(f)  Thomson Consumer's accounting treatment for Your sales, including whether Thomson Consumer ever booked proceeds from You; and

(g)  Your accounting treatment for Thomson Consumer's sales, including whether You ever booked proceeds from Thomson Consumer.

**Interrogatory No. 19.**

Identify Your policies, practices, or requirements during the Relevant Period relating to Your participating in negotiations, entering into, or signing contracts for, Your subsidiaries, including Thomson Consumer and Technologies Displays.

**Interrogatory No. 20.**

Describe the Communications between Your personnel and Thomson Consumer personnel during the Relevant Period relating to CRT prices, CRT customers, or CRT production, including the frequency and manner of any such Communications, and any individuals involved.

**Interrogatory No. 21.**

Identify Your ownership stake of Videocon Industries during the Relevant Period.

**Interrogatory No. 22.**

Identify all individuals who served as officers, directors, Employees, agents or representatives of both You and Videocon Industries at any time during the Relevant Period, whether simultaneously or not.

- 13 -

**Interrogatory No. 23.**

   Identify the corporate relationship between You and Technologies Displays during the Relevant Period, including but not limited to:

  (a) Your percentage ownership;

  (b) any business departments or functions (e.g., public relations, advertising, press, marketing, sales) shared between Technologies Displays and You, or that share common systems and procedures;

  (c) policies, practices and/or requirements relating to Your participating in negotiations, entering into, or signing contracts for, or on behalf of Technologies Displays;

  (d) policies, practices, and/or requirements regarding Your oversight, direction, supervision, endorsement, approval or disapproval of Technologies Displays' production, sales, pricing, marketing, or distribution of CRTs or CRT Products;

  (e) the identity of all individuals who served as officers, directors, Employees, agents or representatives of both You and Technologies Displays at any time during the Relevant Period, whether simultaneously or not;

  (f) Technologies Displays' accounting treatment for Your sales, including whether Technologies Displays ever booked proceeds from You; and

  (g) Your accounting treatment for Technologies Displays' sales, including whether You ever booked proceeds from Technologies Displays.

**Interrogatory No. 24.**

   Describe the Communications between Your personnel and Technologies Displays personnel during the Relevant Period relating to CRT prices, CRT customers, or CRT production, including the frequency and manner of any such Communications, and any individuals involved.

**Interrogatory No. 25.**

   Identify Your contacts with the United States during the Relevant Period, including:

1    (a)  bank accounts, Employees, inventory, and owned, rented, or leased property located

2         in the U.S.;

3    (b)  sales and exports to the U.S.;

4    (c)  operations in the U.S.;

5    (d)  taxes paid in the U.S.;

6    (e)  U.S. litigations You filed or in which You participated;

7    (f)  keeping of books or records in the U.S.;

8    (g)  registered or appointed agents for service of process in the U.S.; and

9    (h)  attendance by any of Your Employees of trade association meetings held in the U.S.

10        relating to CRTs or CRT Products.

11   **Interrogatory No. 26.**

12        State the name, address, and relationship to You of each Person who prepared or

13   assisted in the preparation of the responses to these interrogatories.  (Do not identify anyone who

14   simply typed or reproduced the responses.)

1    DATED:  April 17, 2014         By:___/s/ Craig Benson_____

2                                    Kenneth A. Gallo (*pro hac vice*)
3                                    Joseph J. Simons (*pro hac vice*)
                                     Craig A. Benson (*pro hac vice*)
4                                    **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
                                     2001 K Street, NW
5                                    Washington, DC  20006
                                     Telephone: (202) 223-7300
6                                    Facsimile: (202) 223-7420
                                     kgallo@paulweiss.com
7                                    jsimons@paulweiss.com
                                     cbenson@paulweiss.com
8

9                                    Stephen E. Taylor (SBN 058452)
                                     Jonathan A. Patchen (SBN 237346)
10                                   **TAYLOR & COMPANY LAW OFFICES, LLP**
                                     One Ferry Building, Suite 355
11                                   San Francisco, California 94111
                                     Telephone:  (415) 788-8200
12                                   Facsimile:  (415) 788-8208
                                     Email: staylor@tcolaw.com
13                                   Email: jpatchen@tcolaw.com
14

15                                   *Attorneys for Plaintiffs Sharp Electronics Corporation*
                                     *and Sharp Electronics Manufacturing Company of*
16                                   *America, Inc.*

17                                   ___/s/ David Burman___
                                     David J. Burman (pro hac vice)
18                                   Cori G. Moore (pro hac vice)
                                     Eric J. Weiss (pro hac vice)
19                                   Nicholas H. Hesterberg (pro hac vice)
                                     Steven D. Merriman (pro hac vice)
20                                   Perkins Coie LLP
                                     1201 Third Avenue, Suite 4900
21                                   Seattle, WA 98101-3099
                                     Telephone: 206.359.8000
22                                   Facsimile: 206.359.9000
                                     Email: DBurman@perkinscoie.com
23                                   Email: CGMoore@perkisncoie.com
                                     Email: EWeiss@perkinscoie.com
24                                   Email: NHesterberg@perkinscoie.com
                                     Email: SMerriman@perkinscoie.com
25

26

27                                   Joren Bass, Bar No. 208143
                                     JBass@perkinscoie.com
28                                   Perkins Coie LLP

- 16 -

Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

*Attorneys for Plaintiff Costco Wholesale Corporation*

/s/ Philip J. Iovieno

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and
Attorneys for Plaintiffs Electrograph Systems, Inc.,
Electrograph Technologies, Corp., Office Depot, Inc.,
Interbond Corporation of America, P.C. Richard &
Son Long Island Corporation, MARTA Cooperative of
America, Inc., ABC Appliance, Inc., Schultze Agency
Services LLC on behalf of Tweeter Opco, LLC and
Tweeter Newco, LLC*

/s/ Scott N. Wagner

Robert W. Turken
Scott N. Wagner

- 17 -

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email: rturken@bilzin.com
Email: swagner@bilzin.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Attorneys for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

*/s/ David Martinez*_____
Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy*

- 18 -

Purchasing LLC, Best Buy Enterprise Services, Inc.,
Best Buy Stores, L.P., Bestbuy.com, L.L.C., and
Magnolia Hi-Fi, Inc.

/s/ Lee Godfrey_____
H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: lgodfrey@sumangodfrey.com
Email: kmarks@susmangodfrey.com
Email: jross@susmangodfrey.com
Email: jcarter@susmangodfrey.com
Email: dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
Email: rblack@susmangodfrey.com
Email: jconnors@susmangodfrey.com

Attorneys for Plaintiff Alfred H. Siegel, as Trustee of
the Circuit City Stores, Inc. Liquidating Trust

/s/ Jason Murray_____
Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.

- 19 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
aheaven@crowell.com

*Attorneys for Target Corp.*

*/s/ Richard Arnold*_____
Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and
Kmart Corp.*

- 20 -

# Exhibit B

1  Stephen E. Taylor (SBN 058452)
   Jonathan A. Patchen (SBN 237346)
2  **TAYLOR & COMPANY LAW OFFICES, LLP**
   One Ferry Building, Suite 355
3  San Francisco, California 94111
   Telephone:  (415) 788-8200
4  Facsimile:  (415) 788-8208
   Email: staylor@tcolaw.com
5  Email: jpatchen@tcolaw.com

6  Kenneth A. Gallo (*pro hac vice*)
   Joseph J. Simons (*pro hac vice*)
7  Craig A. Benson (*pro hac vice*)
   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
8  2001 K Street, NW
   Washington, DC  20006
9  Telephone: (202) 223-7300
   Facsimile: (202) 223-7420
10 kgallo@paulweiss.com
   jsimons@paulweiss.com
11 cbenson@paulweiss.com

12 *Attorneys for Plaintiffs Sharp Electronics Corporation*
   *and Sharp Electronics Manufacturing Company of*
13 *America, Inc.*

14 [additional counsel listed on signature page]

15            **UNITED STATES DISTRICT COURT**
             **NORTHERN DISTRICT OF CALIFORNIA**
16              **SAN FRANCISCO DIVISION**

17 **In re: CATHODE RAY TUBE (CRT)**          Case No. 07-cv-05944 SC
   **ANTITRUST LITIGATION**
18                                           MDL No. 1917

19 This Document Relates to:                 **DIRECT ACTION PLAINTIFFS'**
                                             **FIRST SET OF REQUESTS FOR**
   *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,*   **PRODUCTION OF DOCUMENTS**
20 No. 13-cv-1173;                           **TO DEFENDANT THOMSON**
                                             **CONSUMER**
21 *Electrograph Systems, Inc. et al. v. Technicolor SA,*
   *et al.,* No. 13-cv-05724;                **DATE:  APRIL 14, 2014**
22

23 *Siegel v. Technicolor SA, et al.,* No. 13-cv-05261;

24 *Best Buy Co., Inc., et al. v. Technicolor SA, et al.,*
   No. 13-cv-05264;
25

26 *Target Corp. v. Technicolor SA, et al.,* No. 13-cv-
   05686;
27

28 *Interbond Corporation of America v. Technicolor*
   *SA, et al.,* No. 13-cv-05727;

                              - 1 -

1   *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-
2   cv-05726;

3   *Costco Wholesale Corporation v. Technicolor SA, et
    al.*, No. 13-cv-05723;
4

5   *P.C. Richard & Son Long Island Corporation, et al.
    v. Technicolor SA, et al.*, No. 31:cv-05725;
6

7   *Schultze Agency Services, LLC v. Technicolor SA,
    Ltd., et al.*, No. 13-cv-05668;

8   *Sears, Roebuck and Co. and Kmart Corp. v.
    Technicolor SA*, No. 3:13-cv-05262
9

10  *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No.
    13-cv-00157.
11

12

13  **PROPOUNDING PARTIES:**     Direct Action Plaintiffs Sharp Electronics
                                  Corporation and Sharp Electronics Manufacturing
14                                Company of America, Inc.; Electrograph Systems,
                                  Inc. and Electrograph Technologies Corp.; Alfred H.
15                                Siegel, solely as Trustee of the Circuit City Stores,
                                  Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy
16                                Purchasing LLC, Best Buy Enterprise Services, Inc.,
                                  Best Buy Stores, L.P., Bestbuy.com, L.L.C., and
17                                Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck,
                                  and Co., Kmart Corp.; Interbond Corporation of
18                                America; Office Depot, Inc.; Costco Wholesale
                                  Corporation; P.C. Richard & Son Long Island
19                                Corporation, MARTA Cooperative of America, Inc.,
                                  and ABC Appliance, Inc.; Schultz Agency Services,
20                                LLC on behalf of Tweeter Opco, LLC and Tweeter
                                  Newco, LLC; and Tech Data Corporation and Tech
21                                Data Product Management, Inc.

22  **RESPONDING PARTY:**        Thomson Consumer

23  **SET NO.:**                 ONE

24

25

26

27

28

- 2 -

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rules of this Court, the above-named Direct Action Plaintiffs request that Thomson Consumer produce for inspection and copying all documents and things requested herein within thirty (30) days of service in accordance with the definitions and instructions set forth below. Production of documents and things shall be at PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP, Attn: Craig A. Benson, 2001 K St., N.W., Washington, DC 20006, or at another time and place as may be mutually agreed upon by counsel for the parties.

## I.

## DEFINITIONS

1.      "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2.      "Any" shall be construed to mean "any and all."

3.      The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

4.      The term "Affiliated Entity(ies)" means any entity(ies) involved in the production, pricing, marketing, distribution, and/or sale of CRTs (as those terms are defined herein) at any time during the Relevant Period (as defined herein) in which You, or any division, subdivision, business unit, parent, subsidiary, affiliate, or joint venture thereof, held any ownership interest at any time during the Relevant Period.

5.      "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face Meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

6.      "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

7.     The terms "Defendant" and "Defendants" mean any defendant named by a Direct Action Plaintiff in these actions and their present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on their behalf.

8.     The terms "Co-conspirator" and "Co-conspirators" mean any non-Defendant entity named by a Direct Action Plaintiff in a complaint in these actions as a member of a conspiracy and their present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on their behalf.

9.     "Document" means without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of Meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

10.     The term "Person" or "Persons" is defined to mean any natural person, corporation, or partnership, proprietorship, joint venture, or any business, legal, or government entity, organization, or association.

11.     "Electronic Data" includes, without limitation, the following:

(a) activity listings of electronic mail receipts and/or transmittals;

(b) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar program) or bulletin board programs, operating systems, source

- 4 -

code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

(c) any and all items stored on computer memories, hard disks, floppy disks, CDROM, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, R.I.M., Blackberry, or similar device, and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all Documents requested herein.

12.    "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent or other person who is or was employed by a Defendant.

13.    "Including" is used to emphasize certain types of Documents requested and should not be construed as limiting the request in any way.

14.    "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

15.    "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

16.    "You," "Your," or "Your Company" mean the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls,

together with all present and former directors, officers, Employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

17.     The term "Thomson SA" refers to Thomson SA (n/k/a Technicolor SA) and present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on its behalf.

18.     The term "Technologies Displays" refers to Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC) and present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on its behalf.

19.     The term "CRT(s)" means cathode ray tube(s).

20.     The term "CRT Manufacturer" means any entity that manufactures CRTs.

21.     The term "CRT Product(s)" means product(s) containing cathode ray tube(s).

22.     Unless otherwise noted, the term "Relevant Period" means the period from March 1, 1995 through December 31, 2007.


## II.

## <u>INSTRUCTIONS</u>


1.      Unless otherwise noted, the time period for these Document requests is the Relevant Period.  These Document requests seek all responsive Documents created or generated during the Relevant Period, as well as responsive Documents created or generated outside the Relevant Period, but which contain information concerning the Relevant Period.

2.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Document requests are continuing in nature so that if You subsequently discover or obtain possession, custody, or control of any Document covered by these requests, You shall promptly make any such Document available to plaintiffs.

3.      In producing Documents and other materials, You are to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or

materials are possessed directly by You or Your Employees, agents, parent company(ies), subsidiaries, affiliates, investigators or by Your attorneys or their Employees, agents or investigators.

4.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. All Documents shall be produced in the file folder, envelope or other container in which the Documents are kept or maintained. If for any reason the container cannot be produced, You should produce copies of all labels or other identifying marks which may be present on the container.

5.      Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document(s) custodian(s).

6.      Documents attached to one another should not be separated. If any portion of any Document is responsive to any portion of the Document requests below, then the entire Document must be produced.

7.      If a Document once existed and subsequently has been lost, destroyed or is otherwise missing, You should provide sufficient information to identify the Document and state, in writing, the details, including whether the Document:

(a) is lost or missing;

(b) has been destroyed and, if so, by whom at whose request;

(c) has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or

(d) has been otherwise disposed of.

8.      In each instance in which a Document once existed and subsequently is lost, missing, destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the Document, including, but not limited to:

(a) the identity of the Person or entity who last possessed the Document;

(b) the date or approximate date of the Documents disposition; and

- 7 -

(c) the identity of all Persons who have or had knowledge of the Document's contents.

9.      If any Document responsive to any of these requests is privileged, and the Document or any portion of the Document requested is withheld based on a claim of privilege pursuant to Rule 26(b )(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and any facts relied upon in support of that claim, including the following information:

(a) the reason for withholding the Document;

(b) the date of such Communication;

(c) the medium of such Communication;

(d) the general subject matter of such Communication (such description shall not be considered a waiver of Your claimed privilege);

(e) the identity of any Document that was the subject of such Communication and the present location of any such Document; and

(f) the identity of the Persons involved in such Communication.

10.      Each Document requested herein should be produced in its entirety and without deletion, redaction or excisions, except as qualified by Instruction 10 above, regardless of whether You consider the entire Document or only part of it to be relevant or responsive to these Document requests. If You have redacted any portion of a Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted. Any redactions to Documents produced should be identified in accordance with Instruction 9 above.

11.      All Documents produced in paper form should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the Document.

12.      Pursuant to Federal Rule of Civil Procedure 34(b)(l)(C), the responding party must produce any electronically stored information ("ESI") in its native format. If ESI in its native format can only be accessed by proprietary or legacy software, or is password protected,

or encrypted, the responding party must meet and confer with plaintiffs' lead counsel so the receiving party shall receive all information and software necessary to access the ESI.

## III.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1.**

Documents sufficient to show Your corporate structure or organization throughout the Relevant Period, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, Affiliated Entities, or other sub-units that were engaged during any part of the Relevant Period in the manufacture, marketing, sale or distribution of CRT in the United States, including, where applicable, the percentage of any stock or other interests owned by each entity in the chain.

**Request No. 2.**

As to each of Your divisions, subdivisions, departments, units, subsidiaries, parents, Affiliated Entities and joint ventures, Documents sufficient to identify each executive or Employee with managerial authority who had responsibilities or duties with respect to each of the following:

        (a)  the manufacturing or production of CRTs;

        (b)  the marketing of CRTs;

        (c)  the pricing of CRTs;

        (d)  the sale or distribution of CRTs;

        (e)  maintaining any electronic database(s), including archives, of e-mail or other electronic Documents relating to CRTs.

**Request No. 3.**

All Documents relating to Communications regarding CRTs between or among manufacturers of CRTs, including Defendants.

**Request No. 4.**

All Documents relating to any Communication between You (or any other Defendant or Co-conspirator) and any other manufacturer of CRTs concerning, relating to, and/or mentioning the production, marketing, pricing, distribution, inventory levels or sale of CRTs.

**Request No. 5.**

All Documents relating to any Meeting attended by You or any other Defendant or any manufacturer of CRTs during which there was any Communication concerning the production, marketing, pricing, distribution, inventory levels or sale of CRTs, including, but not limited to, the notes of any such Meetings.

**Request No. 6.**

For each of Your Employees who has or had any non-clerical responsibility for recommending, reviewing, setting or approving prices, price increase announcements, bids or quotes for the sale of CRTs, or any other involvement in the marketing or sale of CRTs:

> (a) all copies of electronic and manual diaries, calendars, appointment books, "to do" lists, day timers or appointment notes;
>
> (b) all copies of trip and travel logs, records or other supporting Documents;
>
> (c) all copies of expense reports or other supporting Documents;
>
> (d) all copies of telephone number logs, directories, notebooks, Rolodex cards or related memoranda;
>
> (e) all bills, statements, records and supporting Documents concerning long distance or cellular telephone calls;
>
> (f) all Documents relating to membership in any trade association or industry group; and
>
> (g) the complete personnel file for that Employee.

**Request No. 7.**

Documents sufficient to show the name and address of each trade association (including committees and subcommittees) relating to CRTs of which You or any of Your Employees are or have been a member, as well as Documents sufficient to show dates of membership and dates of participation in committees or subcommittees.

**Request No. 8.**

All Documents relating to Meetings of each trade association and each of its committees or subcommittees relating to CRTs, including all Documents relating to any such Meeting attended by You and any other CRTs manufacturer and Documents sufficient to identify individuals from Your company who attended, the dates of attendance, and the subject matters discussed.

**Request No. 9.**

All studies, analyses, Communications, presentations or other Documents that You have submitted to or received from any trade association regarding CRTs.

**Request No. 10.**

All statements, announcements, disclosures or press releases issued by You or any of Your competitors relating to CRTs.

**Request No. 11.**

All Documents and electronic data relating to Your sales of CRTs during the Relevant Period, including, but not limited to:

(a) customer names, customer billing addresses, and customer ship-to addresses;

(b) sales terms;

(c) sales dates and shipment dates;

(d) product type, class, category, description, and respective use;

(e) sales volumes;

(f) unit price information, gross price, and actual net prices;

(g) discounts, credits, and rebates;

(h) shipping charges and terms;

(i) any other related charges; and

(j) amounts paid, dates paid, invoice numbers, and purchase order numbers.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your business or are otherwise not available in electronic form, please produce such data in hard copy.

**Request No. 12.**

All software instructions, programs, manuals, or other Documents necessary to operate, run or understand any of the programs maintained on the computer-related equipment or system utilized by You to maintain, gain access to or read data produced in response to Request No. 11, including all record layouts, field codes, or other descriptions.

**Request No. 13.**

All Documents relating to policies, methods, formulas or factors to be used in determining, computing or quoting prices, including any rebates or discounts, in connection with the sale of CRTs.

**Request No. 14.**

All Documents relating to any published prices for CRTs during the Relevant Period, including price announcements, price lists, price schedules, or price changes communicated to customers in the United States, Mexico, and Canada.

**Request No. 15.**

All Documents relating to contracts, offers or proposals for CRT sales during the Relevant Period.

**Request No. 16.**

Documents sufficient to identify each of Your facilities that produced CRTs during the Relevant Period, and for each such facility, all Documents relating to:

(a) capacity, rated capacity, production and capacity utilization during each year of the Relevant Period;

(b) any proposed or actual change in the capacity to produce CRTs;

(c) any reason for changes in each facility's actual production of CRTs;

(d) the identity of all persons who had decision-making or supervisory responsibility regarding CRTs production;

(e) each type, class, category and respective use of CRTs produced and the amounts of each produced during each month of the Relevant Period;

(f) any production shutdowns or slowdowns of CRTs production and reasons for such shutdowns or slowdowns; and

(g) any projected production forecasts;

(h) any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRTs.

**Request No. 17.**

All Documents relating to the cost of manufacturing, marketing, selling, and distributing CRTs during the Relevant Period.

**Request No. 18.**

Documents sufficient to show Your inventory levels of CRTs for each month, quarter, calendar year or fiscal year during the Relevant Period.

**Request No. 19.**

Documents sufficient to identify and quantify all swaps, trades, sales, purchases or transfers of CRTs between You and any of Your Affiliated Entities, or between You and any other producer of CRTs, and the price or any other consideration involved in every such sale, swap, trade, purchase or transfer.

**Request No. 20.**

All Documents relating to any relationship between prices for CRTs and any costs of producing, marketing, selling, or distributing CRTs during the Relevant Period.

**Request No. 21.**

All of Your internal and public annual, quarterly and monthly financial statements, summaries or analyses, including profit-and-loss statements and comparisons to budget that relate to CRTs.

**Request No. 22.**

All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to CRTs.

**Request No. 23.**

Documents sufficient to identify the CRTs (by manufacturer, type, size, resolution, brightness, contrast ratio, and viewing angle) that each of the following entities installed in each of its CRT Products (by model number and timeframe (e.g., year, quarter, week, or month)) during the Relevant Period:

        (a) You;

        (b) Thomson SA;

        (c) Technologies Displays;

        (d) Videocon Industries, Ltd.;

        (e) Any other Affiliated Entity of You or (b)-(d) above.

**Request No. 24.**

Documents sufficient to show any and all manufacturers and sizes of CRTs that each of the following entities approved or preapproved for purchase and use in CRT Products at any given time during the Relevant Period, including, but not limited to, any "approved CRT" lists or similar documents identifying the part number, product number, manufacturer, type, size,

resolution, brightness, contrast ratio, and/or viewing angle of each CRT approved for purchase and use:

> (a) Thomson SA;
>
> (b) Technologies Displays;
>
> (c) Videocon Industries, Ltd.;
>
> (d) Any other Affiliated Entity of You or (a)-(c) above.

If any of the listed entities had different lists of approved CRT Manufacturers for a given CRT size, end product type, model, or brand, identify the approved CRT Manufacturer(s) at the finest product granularity at which such approvals were established.

**Request No. 25.**

Documents sufficient to identify all of the CRT Products by model number and year (or month or other time period if not consistent for the year) in which each of the following entities exclusively used and installed CRTs manufactured by a Defendant or Co-conspirator in this litigation during the Relevant Period:

> (a) Thomson SA;
>
> (b) Technologies Displays;
>
> (c) Videocon Industries, Ltd.;
>
> (d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 26.**

All Documents relating to Your policies or practices directed toward compliance with the United States antitrust laws, including any statements signed by Your Employees with pricing, sales or marketing responsibility for CRTs, acknowledging their receipt of and compliance with any antitrust compliance policy.

- 15 -

**Request No. 27.**

All Documents relating to the termination, retirement, discipline, discharge or suspension of any director, officer, or Employee who had any responsibility relating to the production, manufacture, distribution, marketing, pricing or sale of CRTs.

**Request No. 28.**

All Documents relating to Your percentage or share of industry production, capacity, sales or shipments of CRTs, or the percentage or share of industry production, capacity, sales or shipments of any other producer or seller of CRTs at any time during the Relevant Period.

**Request No. 29.**

All Documents showing the dollar volume or quantity of sales or shipments of CRTs (by type or category, if available) by You or by other producers or sellers of CRTs by month, quarter, calendar year or fiscal year during the Relevant Period.

**Request No. 30.**

All Documents that compare or contrast each type, class, or category of CRTs produced or sold by You with that of any other producer or seller of CRTs and all Documents that relate to any industry standards regarding types, classes, or categories of CRTs.

**Request No. 31.**

Documents sufficient to show the regions or territories in which each type, class, or category of CRTs were sold in the United States during the Relevant Period.

**Request No. 32.**

All Documents relating to conditions of supply or demand for CRTs, including, but not limited to, any market studies or industry reports during the Relevant Period.

**Request No. 33.**

All Documents relating to any contemplated, proposed, planned, pending or executed purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any other change in ownership of any assets, liabilities, subsidiaries, departments, units or other subdivisions of Your or another company relating to production, distribution, marketing, pricing, sale or resale of CRTs during the Relevant Period.

**Request No. 34.**

All Documents reflecting Communications between You and any of the following entities:

        (a)  Thomson SA;

        (b)  Technologies Displays;

        (c)  Videocon Industries, Ltd.;

        (d)  Any other Affiliated Entity of You or (a)-(c) above;

relating to or reflecting the price or negotiation of prices for any such sale, purchase, or transfer of any CRTs.

**Request No. 35.**

All documents from the Relevant Period relating to or reflecting pricing guidelines for CRTs given to or provided by You by or to any of the following entities:

        (a)  Thomson SA;

        (b)  Technologies Displays;

        (c)  Videocon Industries, Ltd.;

        (d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 36.**

All Documents referring to or relating to Direct Action Plaintiffs in this litigation.

**Request No. 37.**

Documents sufficient to show when You became aware of any investigations into anticompetitive conduct relating to CRTs, including, but not limited to, price fixing or information exchanges.

**Request No. 38.**

Documents sufficient to show when You became aware of any federal or state lawsuits regarding anticompetitive conduct relating to CRTs (including, but not limited to, price fixing or information exchanges).

**Request No. 39.**

All Documents that You claim would have been available to the Direct Action Plaintiffs or any purchaser of CRTs prior to November 2007, which should have caused them to investigate whether there was a conspiracy to fix, raise, maintain or stabilize the prices or to control or restrict sales of CRTs in the United States.

**Request No. 40.**

All Documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative investigative body, including the Canadian Competition Bureau, the European Commission, any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign country, relating to the production, sale, marketing, pricing or distribution of CRTs. This request includes all Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced to any foreign governmental agency or foreign grand jury, including any Documents produced as part of any plea bargain negotiations or in connection with any application for or grant of amnesty.

**Request No. 41.**

Copies of all subpoenas or requests for production of Documents issued by any foreign governmental or legislative investigative body referring or relating to CRTs during the Relevant Period.

**Request No. 42.**

All Documents relating to, prepared for, submitted to, or received by You as a result of any investigation or research conducted either internally or by an outside entity with respect to price fixing, anticompetitive information exchanges, price manipulation or manipulation of production or capacity of CRTs.

**Request No. 43.**

Documents sufficient to show the specifications (i.e., size, type, resolution, brightness, contrast ratio, viewing angle, and manufacturer) of each CRT purchased by each of the following entities during the Relevant Period:

(a) You;

(b) Thomson SA;

(c) Technologies Displays;

(d) Videocon Industries, Ltd.;

(e) Any other Affiliated Entity of (a)-(d) above.

**Request No. 44.**

All Communications from the Relevant Period between You and any of the following entities relating to pricing, production levels, output, or line capacity for CRTs made, produced, or manufactured, in whole or in part, by any of the following entities:

(a) Thomson SA;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 45.**

Documents sufficient to show any of Your Employees during the Relevant Period who became or were at any other point of the Relevant Period employees of:

(a) Thomson SA;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 46.**

All documents from the Relevant Period which relate to or reflect the payment of the salary, retirement benefits, health insurance, medical bills, or any other monetary benefits by You to any Employee of any of the following entities:

(a) Thomson SA;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 47.**

All documents from the Relevant Period which relate to or reflect the payment of any business expenses of any of the following entities by You:

(a) Thomson SA;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 48.**

All documents from the Relevant Period which relate to or reflect payment or authorization for payment of any travel expenses by You for any Employee of any of the following entities:

(a) Thomson SA;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 49.**

All documents from the Relevant Period which relate to or reflect the transfer of money between You and any of the following entities:

(a) Thomson SA;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) All other Affiliated Entity of You or (a)-(c) above.

**Request No. 50.**

All documents from the Relevant Period which relate to or reflect the extension of credit between You and any of the following entities:

(a) Thomson SA;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 51.**

All budgets, draft budgets, financial forecasts, and business plans from the Relevant Period provided to You by any of the following entities:

(a) Thomson SA;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 52.**

All documents reflecting or referring to any financial, economic, accounting, or production analyses that You conducted relating to any of the following entities:

(a)  Thomson SA;

(b)  Technologies Displays;

(c)  Videocon Industries, Ltd.;

(d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 53.**

All documents reflecting or referring to any contract or agreement, either executed or proposed, between You and any of the following entities, including, but not limited to, shared services agreements, transition services agreements, agreements to provide information technology services, and agreements concerning the sale of any products:

(a)  Thomson SA;

(b)  Technologies Displays;

(c)  Videocon Industries, Ltd.;

(d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 54.**

All Communications between You and any governmental agency or representative (of any locality, county, state, country, or continent) relating to any of the following entities:

(a)  Thomson SA;

(b)  Technologies Displays;

(c)  Videocon Industries, Ltd.;

(d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 55.**

Documents sufficient to show any instance in which You brought any legal action or proceeding against any of the following entities:

(a)  Thomson SA;

(b)  Technologies Displays;

(c)  Videocon Industries, Ltd.;

(d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 56.**

Documents sufficient to show any instance in which any Affiliated Entity brought any legal action or proceeding against any of the following entities:

(a)  You;

(b)  Thomson SA;

(c)  Technologies Displays;

(d)  Videocon Industries, Ltd.;

(e)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 57.**

Documents sufficient to show any instance in which Thomson SA or Videocon Industries, Ltd. brought any legal action or proceeding against You or any Affiliated Entity.

**Request No. 58.**

Documents sufficient to identify all legal proceedings, court filings, or filings with a governmental agency of any locality, county, state, country, or continent) wherein any You, Thomson SA, Technologies Displays, Videocon Industries, Ltd., or any other Affiliated Entity claimed protection from antitrust liability pursuant to *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984), its progeny, or its state law counterparts.

**Request No. 59.**

Documents sufficient to show the source (whether a CRT Manufacturer or CRT Product Manufacturer) of the CRTs each of the following entities purchased at any given time during the Relevant Period, including, but not limited to, invoices, inventory data, and contracts for bulk purchases of CRTs:

(a)  Thomson SA;

(b)  Technologies Displays;

- 23 -

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 60.**

Documents sufficient to describe Your policies or practices with respect to the retention or destruction of Documents during the period March 1, 1995 through the present, and, if such policy or practice has been different with respect to any category of Documents or over different times, Documents sufficient to identify each such category or time period and to describe Your retention policy or practice with respect to each such category or time period.

**Request No. 61.**

Documents sufficient to show the manner in which You have maintained records relating to CRTs during the period March 1, 1995 through the present, including Documents sufficient to describe all electronic data processing systems, programs and outputs used to record, store, compute, analyze or retrieve electronically stored information relating to Your pricing, production, distribution, marketing or sale of CRTs in the United States.

DATED:  April 14, 2014          By: ___/s/ Craig Benson_____

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

___/s/  David Burman___
David J. Burman (pro hac vice)
Cori G. Moore (pro hac vice)
Eric J. Weiss (pro hac vice)
Nicholas H. Hesterberg (pro hac vice)
Steven D. Merriman (pro hac vice)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: DBurman@perkinscoie.com
Email: CGMoore@perkisncoie.com
Email: EWeiss@perkinscoie.com
Email: NHesterberg@perkinscoie.com
Email: SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
Perkins Coie LLP

DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO THOMSON CONSUMER
Case No. 13-cv-1173; MDL No. 1917

Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

*Attorneys for Plaintiff Costco Wholesale Corporation*

*/s/ Philip J. Iovieno*_____

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and
Attorneys for Plaintiffs Electrograph Systems, Inc.,
Electrograph Technologies, Corp., Office Depot, Inc.,
Interbond Corporation of America, P.C. Richard &
Son Long Island Corporation, MARTA Cooperative of
America, Inc., ABC Appliance, Inc., Schultze Agency
Services LLC on behalf of Tweeter Opco, LLC and
Tweeter Newco, LLC*

*/s/ Scott N. Wagner*_____

Robert W. Turken
Scott N. Wagner

- 26 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email: rturken@bilzin.com
Email: swagner@bilzin.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Attorneys for Plaintiffs Tech Data Corporation and
Tech Data Product Management, Inc.*

*/s/ David Martinez*
Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy*

- 27 -

1

2

*Purchasing LLC, Best Buy Enterprise Services, Inc.,*
*Best Buy Stores, L.P., Bestbuy.com, L.L.C., and*
*Magnolia Hi-Fi, Inc.*

3

*/s/ Lee Godfrey*_____
H. Lee Godfrey

4

Kenneth S. Marks
Jonathan J. Ross

5

Johnny W. Carter
David M. Peterson

6

SUSMAN GODFREY L.L.P.

7

1000 Louisiana Street, Suite 5100
Houston, Texas 77002

8

Telephone: (713) 651-9366
Facsimile: (713) 654-6666

9

Email: lgodfrey@sumangodfrey.com

10

Email: kmarks@susmangodfrey.com
Email: jross@susmangodfrey.com

11

Email: jcarter@susmangodfrey.com
Email: dpeterson@susmangodfrey.com

12

13

Parker C. Folse III
Rachel S. Black

14

Jordan Connors
SUSMAN GODFREY L.L.P.

15

1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000

16

Telephone: (206) 516-3880
Facsimile: (206) 516-3883

17

Email: pfolse@susmangodfrey.com

18

Email: rblack@susmangodfrey.com
Email: jconnors@susmangodfrey.com

19

20

*Attorneys for Plaintiff Alfred H. Siegel, as Trustee of*
*the Circuit City Stores, Inc. Liquidating Trust*

21

*/s/ Jason Murray*_____

22

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP

23

515 South Flower St., 40th Floor
Los Angeles, CA 90071

24

Telephone: 213-443-5582
Facsimile: 213-622-2690

25

Email: jmurray@crowell.com

26

27

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)

28

CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.

- 28 -

Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
aheaven@crowell.com

*Attorneys for Target Corp.*

*/s/ Richard Arnold*_____
Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO THOMSON CONSUMER
Case No. 13-cv-1173; MDL No. 1917

Exhibit C

1   Stephen E. Taylor (SBN 058452)
    Jonathan A. Patchen (SBN 237346)
2   **TAYLOR & COMPANY LAW OFFICES, LLP**
    One Ferry Building, Suite 355
3   San Francisco, California 94111
    Telephone:  (415) 788-8200
4   Facsimile:  (415) 788-8208
    Email: staylor@tcolaw.com
5   Email: jpatchen@tcolaw.com

6   Kenneth A. Gallo (*pro hac vice*)
    Joseph J. Simons (*pro hac vice*)
7   Craig A. Benson (*pro hac vice*)
    **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
8   2001 K Street, NW
    Washington, DC  20006
9   Telephone: (202) 223-7300
    Facsimile: (202) 223-7420
10  kgallo@paulweiss.com
    jsimons@paulweiss.com
11  cbenson@paulweiss.com

12  *Attorneys for Plaintiffs Sharp Electronics Corporation*
    *and Sharp Electronics Manufacturing Company of*
13  *America, Inc.*

14  [additional counsel listed on signature page]

15              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
16                **SAN FRANCISCO DIVISION**

17  **In re: CATHODE RAY TUBE (CRT)**          Case No. 07-cv-05944 SC
    **ANTITRUST LITIGATION**
18                                            MDL No. 1917
    This Document Relates to:
19                                            **DIRECT ACTION PLAINTIFFS'**
    *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,*  **FIRST SET OF REQUESTS FOR**
20  No. 13-cv-1173;                           **PRODUCTION OF DOCUMENTS**
                                              **TO DEFENDANT THOMSON SA**
21  *Electrograph Systems, Inc. et al. v. Technicolor SA,*
    *et al.,* No. 13-cv-05724;                **DATE:  APRIL 14, 2014**
22
23  *Siegel v. Technicolor SA, et al.,* No. 13-cv-05261;

24  *Best Buy Co., Inc., et al. v. Technicolor SA, et al.,*
    No. 13-cv-05264;
25
26  *Target Corp. v. Technicolor SA, et al.,* No. 13-cv-
    05686;
27
28  *Interbond Corporation of America v. Technicolor*
    *SA, et al.,* No. 13-cv-05727;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 31:cv-05725;

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157.

| | |
|---|---|
| **PROPOUNDING PARTIES:** | Direct Action Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.; Electrograph Systems, Inc. and Electrograph Technologies Corp.; Alfred H. Siegel, solely as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultz Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; and Tech Data Corporation and Tech Data Product Management, Inc. |
| **RESPONDING PARTY:** | Thomson SA |
| **SET NO.:** | ONE |

DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO THOMSON SA
Case No. 13-cv-1173; MDL No. 1917

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rules of this Court, the above-named Direct Action Plaintiffs request that Thomson SA produce for inspection and copying all documents and things requested herein within thirty (30) days of service in accordance with the definitions and instructions set forth below.  Production of documents and things shall be at PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP, Attn: Craig A. Benson, 2001 K St., N.W., Washington, DC 20006, or at another time and place as may be mutually agreed upon by counsel for the parties.

## I.

## DEFINITIONS

1.      "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2.      "Any" shall be construed to mean "any and all."

3.      The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

4.      The term "Affiliated Entity(ies)" means any entity(ies) involved in the production, pricing, marketing, distribution, and/or sale of CRTs (as those terms are defined herein) at any time during the Relevant Period (as defined herein) in which You, or any division, subdivision, business unit, parent, subsidiary, affiliate, or joint venture thereof, held any ownership interest at any time during the Relevant Period.

5.      "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face Meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

6.      "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

- 3 -

7.     The terms "Defendant" and "Defendants" mean any defendant named by a Direct Action Plaintiff in these actions and their present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on their behalf.

8.     The terms "Co-conspirator" and "Co-conspirators" mean any non-Defendant entity named by a Direct Action Plaintiff in a complaint in these actions as a member of a conspiracy and their present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on their behalf.

9.     "Document" means without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of Meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

10.     The term "Person" or "Persons" is defined to mean any natural person, corporation, or partnership, proprietorship, joint venture, or any business, legal, or government entity, organization, or association.

11.     "Electronic Data" includes, without limitation, the following:

(a) activity listings of electronic mail receipts and/or transmittals;

(b) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar program) or bulletin board programs, operating systems, source

- 4 -

1   code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous

2   media on which they reside and regardless of whether said electronic data

3   exists in an active file, a deleted file, or file fragment;

4   (c) any and all items stored on computer memories, hard disks, floppy disks,

5   CDROM, magnetic tape, microfiche, or in any other vehicle for digital

6   data storage and/or transmittal, such as, but not limited to, a personal

7   digital assistant, e.g., Palm Pilot, R.I.M., Blackberry, or similar device,

8   and file folder tabs, and/or containers and labels appended to, or relating

9   to, any physical storage device associated with each original and/or copy

10   of all Documents requested herein.

11   12.   "Employee" means, without limitation, any current or former officer, director,

12   executive, manager, secretary, staff member, messenger, agent or other person who is or was

13   employed by a Defendant.

14   13.   "Including" is used to emphasize certain types of Documents requested and

15   should not be construed as limiting the request in any way.

16   14.   "Or" and "and" should be construed so as to require the broadest possible

17   response. If, for example, a request calls for information about "A or B" or "A and B," You

18   should produce all information about A and all information about B, as well as all information

19   about A and B collectively. In other words, "or" and "and" should be read as "and/or."

20   15.   "Relating to," "referring to," "regarding," or "with respect to" mean, without

21   limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to,

22   analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing,

23   recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or

24   in part.

25   16.   "You," "Your," or "Your Company" mean the responding Defendant, its

26   predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without

27   limitation any organization or entity which the responding Defendant manages or controls,

28

together with all present and former directors, officers, Employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

17.     The term "Thomson Consumer" refers to Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) and present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on its behalf.

18.     The term "Technologies Displays" refers to Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC) and present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on its behalf.

19.     The term "CRT(s)" means cathode ray tube(s).

20.     The term "CRT Manufacturer" means any entity that manufactures CRTs.

21.     The term "CRT Product(s)" means product(s) containing cathode ray tube(s).

22.     Unless otherwise noted, the term "Relevant Period" means the period from March 1, 1995 through December 31, 2007.

## II.

## INSTRUCTIONS

1.     Unless otherwise noted, the time period for these Document requests is the Relevant Period.  These Document requests seek all responsive Documents created or generated during the Relevant Period, as well as responsive Documents created or generated outside the Relevant Period, but which contain information concerning the Relevant Period.

2.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Document requests are continuing in nature so that if You subsequently discover or obtain possession, custody, or control of any Document covered by these requests, You shall promptly make any such Document available to plaintiffs.

3.     In producing Documents and other materials, You are to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or

1    materials are possessed directly by You or Your Employees, agents, parent company(ies),

2    subsidiaries, affiliates, investigators or by Your attorneys or their Employees, agents or

3    investigators.

4         4.    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents

5    shall be produced in the same order as they are kept or maintained by You in the ordinary course

6    of Your business. All Documents shall be produced in the file folder, envelope or other container

7    in which the Documents are kept or maintained. If for any reason the container cannot be

8    produced, You should produce copies of all labels or other identifying marks which may be

9    present on the container.

10        5.    Documents shall be produced in such fashion as to identify the department,

11   branch or office in whose possession they were located and, where applicable, the natural person

12   in whose possession they were found and the business address of each Document(s) custodian(s).

13        6.    Documents attached to one another should not be separated. If any portion of any

14   Document is responsive to any portion of the Document requests below, then the entire

15   Document must be produced.

16        7.    If a Document once existed and subsequently has been lost, destroyed or is

17   otherwise missing, You should provide sufficient information to identify the Document and state,

18   in writing, the details, including whether the Document:

19             (a) is lost or missing;

20             (b) has been destroyed and, if so, by whom at whose request;

21             (c) has been transferred or delivered, voluntarily or involuntarily, to another

22                  person or entity and at whose request; and/or

23             (d) has been otherwise disposed of.

24        8.    In each instance in which a Document once existed and subsequently is lost,

25   missing, destroyed, or otherwise disposed of, explain the circumstances surrounding the

26   disposition of the Document, including, but not limited to:

27             (a) the identity of the Person or entity who last possessed the Document;

28             (b) the date or approximate date of the Documents disposition; and

DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO THOMSON SA
Case No. 13-cv-1173; MDL No. 1917

(c) the identity of all Persons who have or had knowledge of the Document's contents.

9.      If any Document responsive to any of these requests is privileged, and the Document or any portion of the Document requested is withheld based on a claim of privilege pursuant to Rule 26(b )(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and any facts relied upon in support of that claim, including the following information:

(a) the reason for withholding the Document;

(b) the date of such Communication;

(c) the medium of such Communication;

(d) the general subject matter of such Communication (such description shall not be considered a waiver of Your claimed privilege);

(e) the identity of any Document that was the subject of such Communication and the present location of any such Document; and

(f) the identity of the Persons involved in such Communication.

10.      Each Document requested herein should be produced in its entirety and without deletion, redaction or excisions, except as qualified by Instruction 10 above, regardless of whether You consider the entire Document or only part of it to be relevant or responsive to these Document requests. If You have redacted any portion of a Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted. Any redactions to Documents produced should be identified in accordance with Instruction 9 above.

11.      All Documents produced in paper form should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the Document.

12.      Pursuant to Federal Rule of Civil Procedure 34(b)(l)(C), the responding party must produce any electronically stored information ("ESI") in its native format. If ESI in its native format can only be accessed by proprietary or legacy software, or is password protected,

or encrypted, the responding party must meet and confer with plaintiffs' lead counsel so the receiving party shall receive all information and software necessary to access the ESI.

## III.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1.**

Documents sufficient to show Your corporate structure or organization throughout the Relevant Period, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, Affiliated Entities, or other sub-units that were engaged during any part of the Relevant Period in the manufacture, marketing, sale or distribution of CRT in the United States, including, where applicable, the percentage of any stock or other interests owned by each entity in the chain.

**Request No. 2.**

As to each of Your divisions, subdivisions, departments, units, subsidiaries, parents, Affiliated Entities and joint ventures, Documents sufficient to identify each executive or Employee with managerial authority who had responsibilities or duties with respect to each of the following:

      (a)  the manufacturing or production of CRTs;

      (b)  the marketing of CRTs;

      (c)  the pricing of CRTs;

      (d)  the sale or distribution of CRTs;

      (e)  maintaining any electronic database(s), including archives, of e-mail or other electronic Documents relating to CRTs.

**Request No. 3.**

All Documents relating to Communications regarding CRTs between or among manufacturers of CRTs, including Defendants.

**Request No. 4.**

All Documents relating to any Communication between You (or any other Defendant or Co-conspirator) and any other manufacturer of CRTs concerning, relating to, and/or mentioning the production, marketing, pricing, distribution, inventory levels or sale of CRTs.

**Request No. 5.**

All Documents relating to any Meeting attended by You or any other Defendant or any manufacturer of CRTs during which there was any Communication concerning the production, marketing, pricing, distribution, inventory levels or sale of CRTs, including, but not limited to the notes of any such Meetings.

**Request No. 6.**

For each of Your Employees who has or had any non-clerical responsibility for recommending, reviewing, setting or approving prices, price increase announcements, bids or quotes for the sale of CRTs, or any other involvement in the marketing or sale of CRTs:

    (a)  all copies of electronic and manual diaries, calendars, appointment books, "to do" lists, day timers or appointment notes;

    (b)  all copies of trip and travel logs, records or other supporting Documents;

    (c)  all copies of expense reports or other supporting Documents;

    (d)  all copies of telephone number logs, directories, notebooks, Rolodex cards or related memoranda;

    (e)  all bills, statements, records and supporting Documents concerning long distance or cellular telephone calls;

    (f)  all Documents relating to membership in any trade association or industry group; and

    (g)  the complete personnel file for that Employee.

**Request No. 7.**

Documents sufficient to show the name and address of each trade association (including committees and subcommittees) relating to CRTs of which You or any of Your Employees are or have been a member, as well as Documents sufficient to show dates of membership and dates of participation in committees or subcommittees.

**Request No. 8.**

All Documents relating to Meetings of each trade association and each of its committees or subcommittees relating to CRTs, including all Documents relating to any such Meeting attended by You and any other CRTs manufacturer and Documents sufficient to identify individuals from Your company who attended, the dates of attendance, and the subject matters discussed.

**Request No. 9.**

All studies, analyses, Communications, presentations or other Documents that You have submitted to or received from any trade association regarding CRTs.

**Request No. 10.**

All statements, announcements, disclosures or press releases issued by You or any of Your competitors relating to CRTs.

**Request No. 11.**

All Documents and electronic data relating to Your sales of CRTs during the Relevant Period, including, but not limited to:

(a) customer names, customer billing addresses, and customer ship-to addresses;

(b) sales terms;

(c) sales dates and shipment dates;

(d) product type, class, category, description, and respective use;

(e) sales volumes;

(f) unit price information, gross price, and actual net prices;

(g) discounts, credits, and rebates;

(h) shipping charges and terms;

(i) any other related charges; and

(j) amounts paid, dates paid, invoice numbers, and purchase order numbers.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your business or are otherwise not available in electronic form, please produce such data in hard copy.

**Request No. 12.**

All software instructions, programs, manuals, or other Documents necessary to operate, run or understand any of the programs maintained on the computer-related equipment or system utilized by You to maintain, gain access to or read data produced in response to Request No. 11, including all record layouts, field codes, or other descriptions.

**Request No. 13.**

All Documents relating to policies, methods, formulas or factors to be used in determining, computing or quoting prices, including any rebates or discounts, in connection with the sale of CRTs.

**Request No. 14.**

All Documents relating to any published prices for CRTs during the Relevant Period, including price announcements, price lists, price schedules, or price changes communicated to customers in the United States, Mexico, and Canada.

**Request No. 15.**

All Documents relating to contracts, offers or proposals for CRT sales during the Relevant Period.

**Request No. 16.**

Documents sufficient to identify each of Your facilities that produced CRTs during the Relevant Period, and for each such facility, all Documents relating to:

(a) capacity, rated capacity, production and capacity utilization during each year of the Relevant Period;

(b) any proposed or actual change in the capacity to produce CRTs;

(c) any reason for changes in each facility's actual production of CRTs;

(d) the identity of all persons who had decision-making or supervisory responsibility regarding CRTs production;

(e) each type, class, category and respective use of CRTs produced and the amounts of each produced during each month of the Relevant Period;

(f) any production shutdowns or slowdowns of CRTs production and reasons for such shutdowns or slowdowns; and

(g) any projected production forecasts;

(h) any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRTs.

**Request No. 17.**

All Documents relating to the cost of manufacturing, marketing, selling, and distributing CRTs during the Relevant Period.

**Request No. 18.**

Documents sufficient to show Your inventory levels of CRTs for each month, quarter, calendar year or fiscal year during the Relevant Period.

**Request No. 19.**

Documents sufficient to identify and quantify all swaps, trades, sales, purchases or transfers of CRTs between You and any of Your Affiliated Entities, or between You and any other producer of CRTs, and the price or any other consideration involved in every such sale, swap, trade, purchase or transfer.

**Request No. 20.**

All Documents relating to any relationship between prices for CRTs and any costs of producing, marketing, selling, or distributing CRTs during the Relevant Period.

**Request No. 21.**

All of Your internal and public annual, quarterly and monthly financial statements, summaries or analyses, including profit-and-loss statements and comparisons to budget that relate to CRTs.

**Request No. 22.**

All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to CRTs.

**Request No. 23.**

Documents sufficient to identify the CRTs (by manufacturer, type, size, resolution, brightness, contrast ratio, and viewing angle) that each of the following entities installed in each of its CRT Products (by model number and timeframe (e.g., year, quarter, week, or month)) during the Relevant Period:

        (a) You;

        (b) Thomson Consumer;

        (c) Technologies Displays;

        (d) Videocon Industries, Ltd.;

        (e) Any other Affiliated Entity of You or (b)-(d) above.

**Request No. 24.**

Documents sufficient to show any and all manufacturers and sizes of CRTs that each of the following entities approved or preapproved for purchase and use in CRT Products at any given time during the Relevant Period, including, but not limited to, any "approved CRT" lists or similar documents identifying the part number, product number, manufacturer, type, size,

- 14 -

resolution, brightness, contrast ratio, and/or viewing angle of each CRT approved for purchase and use:

> (a) Thomson Consumer;
>
> (b) Technologies Displays;
>
> (c) Videocon Industries, Ltd.;
>
> (d) Any other Affiliated Entity of You or (a)-(c) above.

If any of the listed entities had different lists of approved CRT Manufacturers for a given CRT size, end product type, model, or brand, identify the approved CRT Manufacturer(s) at the finest product granularity at which such approvals were established.

**Request No. 25.**

Documents sufficient to identify all of the CRT Products by model number and year (or month or other time period if not consistent for the year) in which each of the following entities exclusively used and installed CRTs manufactured by a Defendant or Co-conspirator in this litigation during the Relevant Period:

> (a) Thomson Consumer;
>
> (b) Technologies Displays;
>
> (c) Videocon Industries, Ltd.;
>
> (d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 26.**

All Documents relating to Your policies or practices directed toward compliance with the United States antitrust laws, including any statements signed by Your Employees with pricing, sales or marketing responsibility for CRTs, acknowledging their receipt of and compliance with any antitrust compliance policy.

- 15 -

**Request No. 27.**

All Documents relating to the termination, retirement, discipline, discharge or suspension of any director, officer, or Employee who had any responsibility relating to the production, manufacture, distribution, marketing, pricing or sale of CRTs.

**Request No. 28.**

All Documents relating to Your percentage or share of industry production, capacity, sales or shipments of CRTs, or the percentage or share of industry production, capacity, sales or shipments of any other producer or seller of CRTs at any time during the Relevant Period.

**Request No. 29.**

All Documents showing the dollar volume or quantity of sales or shipments of CRTs (by type or category, if available) by You or by other producers or sellers of CRTs by month, quarter, calendar year or fiscal year during the Relevant Period.

**Request No. 30.**

All Documents that compare or contrast each type, class, or category of CRTs produced or sold by You with that of any other producer or seller of CRTs and all Documents that relate to any industry standards regarding types, classes, or categories of CRTs.

**Request No. 31.**

Documents sufficient to show the regions or territories in which each type, class, or category of CRTs were sold in the United States during the Relevant Period.

**Request No. 32.**

All Documents relating to conditions of supply or demand for CRTs, including, but not limited to, any market studies or industry reports during the Relevant Period.

**Request No. 33.**

All Documents relating to any contemplated, proposed, planned, pending or executed purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any other change in ownership of any assets, liabilities, subsidiaries, departments, units or other subdivisions of Your or another company relating to production, distribution, marketing, pricing, sale or resale of CRTs during the Relevant Period.

**Request No. 34.**

Documents sufficient to show which Employees or members of Your Board of Directors served as a director and/or officer of Videocon Industries, Ltd. or any of its subsidiaries during the Relevant Period.

**Request No. 35.**

Documents relating to Your investment in Videocon Industries, Ltd. during the Relevant Period, including Communications with Videocon Industries, Ltd., financial statements, financial forecasts, and business plans.

**Request No. 36.**

All Documents reflecting Communications between You and any of the following entities:

(a)  Thomson Consumer;

(b)  Technologies Displays;

(c)  Videocon Industries, Ltd.;

(d)  Any other Affiliated Entity of You or (a)-(c) above;

relating to or reflecting the price or negotiation of prices for any such sale, purchase, or transfer of any CRTs.

**Request No. 37.**

All documents from the Relevant Period relating to or reflecting pricing guidelines for CRTs given to or provided by You by or to any of the following entities:

(a)  Thomson Consumer;

- 17 -

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 38.**

All Documents referring to or relating to Direct Action Plaintiffs in this litigation.

**Request No. 39.**

Documents sufficient to show when You became aware of any investigations into anticompetitive conduct relating to CRTs, including, but not limited to, price fixing or information exchanges.

**Request No. 40.**

Documents sufficient to show when You became aware of any federal or state lawsuits regarding anticompetitive conduct relating to CRTs (including, but not limited to, price fixing or information exchanges).

**Request No. 41.**

All Documents that You claim would have been available to the Direct Action Plaintiffs or any purchaser of CRTs prior to November 2007, which should have caused them to investigate whether there was a conspiracy to fix, raise, maintain or stabilize the prices or to control or restrict sales of CRTs in the United States.

**Request No. 42.**

All Documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative investigative body, including the Canadian Competition Bureau, the European Commission, any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign country, relating to the production, sale, marketing, pricing or distribution of CRTs. This request includes all Documents relating to proffers, transcripts, notes, summaries,

- 18 -

testimony, witness statements, or responses to requests for information that You produced to any

foreign governmental agency or foreign grand jury, including any Documents produced as part

of any plea bargain negotiations or in connection with any application for or grant of amnesty.

**Request No. 43.**

Copies of all subpoenas or requests for production of Documents issued by any

foreign governmental or legislative investigative body referring or relating to CRTs during the

Relevant Period.

**Request No. 44.**

All Documents relating to, prepared for, submitted to, or received by You as a

result of any investigation or research conducted either internally or by an outside entity with

respect to price fixing, anticompetitive information exchanges, price manipulation or

manipulation of production or capacity of CRTs.

**Request No. 45.**

Documents sufficient to show the specifications (i.e., size, type, resolution,

brightness, contrast ratio, viewing angle, and manufacturer) of each CRT purchased by each of

the following entities during the Relevant Period:

      (a)  You;

      (b)  Thomson Consumer;

      (c)  Technologies Displays;

      (d)  Videocon Industries, Ltd.;

      (e)  Any other Affiliated Entity of (a)-(d) above.

**Request No. 46.**

All Communications from the Relevant Period between You and any of the

following entities relating to pricing, production levels, output, or line capacity for CRTs made,

produced, or manufactured, in whole or in part, by any of the following entities:

      (a)  Thomson Consumer;

- 19 -

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 47.**

Documents sufficient to show any of Your Employees during the Relevant Period who became or were at any other point of the Relevant Period employees of:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 48.**

All documents from the Relevant Period which relate to or reflect the payment of the salary, retirement benefits, health insurance, medical bills, or any other monetary benefits by You to any Employee of any of the following entities:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 49.**

All documents from the Relevant Period which relate to or reflect the payment of any business expenses of any of the following entities by You:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

- 20 -

**Request No. 50.**

All documents from the Relevant Period which relate to or reflect payment or authorization for payment of any travel expenses by You for any Employee of any of the following entities:

(a)  Thomson Consumer;

(b)  Technologies Displays;

(c)  Videocon Industries, Ltd.;

(d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 51.**

All documents from the Relevant Period which relate to or reflect the transfer of money between You and any of the following entities:

(a)  Thomson Consumer;

(b)  Technologies Displays;

(c)  Videocon Industries, Ltd.;

(d)  All other Affiliated Entity of You or (a)-(c) above.

**Request No. 52.**

All documents from the Relevant Period which relate to or reflect the extension of credit between You and any of the following entities:

(a)  Thomson Consumer;

(b)  Technologies Displays;

(c)  Videocon Industries, Ltd.;

(d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 53.**

All budgets, draft budgets, financial forecasts, and business plans from the Relevant Period provided to You by any of the following entities:

(a)  Thomson Consumer;

(b)  Technologies Displays;

- 21 -

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 54.**

All documents reflecting or referring to any financial, economic, accounting, or production analyses that You conducted relating to any of the following entities:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 55.**

All documents reflecting or referring to any contract or agreement, either executed or proposed, between You and any of the following entities, including, but not limited to, shared services agreements, transition services agreements, agreements to provide information technology services, and agreements concerning the sale of any products:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 56.**

All Communications between You and any governmental agency or representative (of any locality, county, state, country, or continent) relating to any of the following entities:

(a) Thomson Consumer;

(b) Technologies Displays;

(c) Videocon Industries, Ltd.;

(d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 57.**

Documents sufficient to show any instance in which You brought any legal action or proceeding against any of the following entities:

      (a)  Thomson Consumer;

      (b)  Technologies Displays;

      (c)  Videocon Industries, Ltd.;

      (d)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 58.**

Documents sufficient to show any instance in which any Affiliated Entity brought any legal action or proceeding against any of the following entities:

      (a)  You;

      (b)  Thomson Consumer;

      (c)  Technologies Displays;

      (d)  Videocon Industries, Ltd.;

      (e)  Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 59.**

Documents sufficient to show any instance in which Thomson Consumer or Videocon Industries, Ltd. brought any legal action or proceeding against You or any Affiliated Entity.

**Request No. 60.**

Documents sufficient to identify all legal proceedings, court filings, or filings with a governmental agency of any locality, county, state, country, or continent) wherein any You, Thomson Consumer, Technologies Displays, Videocon Industries, Ltd., or any other Affiliated Entity claimed protection from antitrust liability pursuant to *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984), its progeny, or its state law counterparts.

DIRECT ACTION PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO THOMSON SA
Case No. 13-cv-1173; MDL No. 1917

**Request No. 61.**

Documents sufficient to show the source (whether a CRT Manufacturer or CRT Product Manufacturer) of the CRTs each of the following entities purchased at any given time during the Relevant Period, including, but not limited to, invoices, inventory data, and contracts for bulk purchases of CRTs:

> (a) Thomson Consumer;
>
> (b) Technologies Displays;
>
> (c) Videocon Industries, Ltd.;
>
> (d) Any other Affiliated Entity of You or (a)-(c) above.

**Request No. 62.**

Documents sufficient to describe Your policies or practices with respect to the retention or destruction of Documents during the period March 1, 1995 through the present, and, if such policy or practice has been different with respect to any category of Documents or over different times, Documents sufficient to identify each such category or time period and to describe Your retention policy or practice with respect to each such category or time period.

**Request No. 63.**

Documents sufficient to show the manner in which You have maintained records relating to CRTs during the period March 1, 1995 through the present, including Documents sufficient to describe all electronic data processing systems, programs and outputs used to record, store, compute, analyze or retrieve electronically stored information relating to Your pricing, production, distribution, marketing or sale of CRTs in the United States.

**Request No. 64.**

All Documents related to Your rental, lease, purchase, maintenance, or ownership of offices or manufacturing facilities in the United States during the Relevant Period that were related to the manufacture or sale of CRTs or CRT Products.

**Request No. 65.**

Documents sufficient to show which Employees or members of Your Board of Directors simultaneously served as a director and/or officer of any company related to the manufacture or sale of CRTs that was incorporated in the United States during the Relevant Period.

**Request No. 66.**

Documents sufficient to show all Your Employees related to the manufacture or sale of CRTs based in the United States during the Relevant Period.  For each relevant employee, provide:

        (a)  The dates of hiring and termination;

        (b)  Title(s) held;

        (c)  Location(s) of employment.

1   DATED:  April 14, 2014          By:  ___/s/ Craig Benson_____

2                                           Kenneth A. Gallo (*pro hac vice*)
3                                           Joseph J. Simons (*pro hac vice*)
                                            Craig A. Benson (*pro hac vice*)
4                                           **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
                                            2001 K Street, NW
5                                           Washington, DC  20006
                                            Telephone: (202) 223-7300
6                                           Facsimile: (202) 223-7420
                                            kgallo@paulweiss.com
7                                           jsimons@paulweiss.com
                                            cbenson@paulweiss.com
8
9                                           Stephen E. Taylor (SBN 058452)
                                            Jonathan A. Patchen (SBN 237346)
10                                          **TAYLOR & COMPANY LAW OFFICES, LLP**
                                            One Ferry Building, Suite 355
11                                          San Francisco, California 94111
                                            Telephone:  (415) 788-8200
12                                          Facsimile:  (415) 788-8208
                                            Email: staylor@tcolaw.com
13                                          Email: jpatchen@tcolaw.com
14
15                                          *Attorneys for Plaintiffs Sharp Electronics Corporation
                                            and Sharp Electronics Manufacturing Company of
16                                          America, Inc.*

17                                          ___/s/  David Burman___
                                            David J. Burman (pro hac vice)
18                                          Cori G. Moore (pro hac vice)
                                            Eric J. Weiss (pro hac vice)
19                                          Nicholas H. Hesterberg (pro hac vice)
                                            Steven D. Merriman (pro hac vice)
20                                          Perkins Coie LLP
21                                          1201 Third Avenue, Suite 4900
                                            Seattle, WA 98101-3099
22                                          Telephone: 206.359.8000
23                                          Facsimile: 206.359.9000
                                            Email: DBurman@perkinscoie.com
24                                          Email: CGMoore@perkisncoie.com
                                            Email: EWeiss@perkinscoie.com
25                                          Email: NHesterberg@perkinscoie.com
                                            Email: SMerriman@perkinscoie.com
26
27                                          Joren Bass, Bar No. 208143
                                            JBass@perkinscoie.com
28                                          Perkins Coie LLP

- 26 -

Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

*Attorneys for Plaintiff Costco Wholesale Corporation*

*/s/ Philip J. Iovieno*_____

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and
Attorneys for Plaintiffs Electrograph Systems, Inc.,
Electrograph Technologies, Corp., Office Depot, Inc.,
Interbond Corporation of America, P.C. Richard &
Son Long Island Corporation, MARTA Cooperative of
America, Inc., ABC Appliance, Inc., Schultze Agency
Services LLC on behalf of Tweeter Opco, LLC and
Tweeter Newco, LLC*

*/s/ Scott N. Wagner*_____

Robert W. Turken
Scott N. Wagner

- 27 -

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email: rturken@bilzin.com
Email: swagner@bilzin.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Attorneys for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

*/s/ David Martinez*
Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy*

- 28 -

*Purchasing LLC, Best Buy Enterprise Services, Inc.,*
*Best Buy Stores, L.P., Bestbuy.com, L.L.C., and*
*Magnolia Hi-Fi, Inc.*

*/s/ Lee Godfrey*
H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: lgodfrey@sumangodfrey.com
Email: kmarks@susmangodfrey.com
Email: jross@susmangodfrey.com
Email: jcarter@susmangodfrey.com
Email: dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
Email: rblack@susmangodfrey.com
Email: jconnors@susmangodfrey.com

*Attorneys for Plaintiff Alfred H. Siegel, as Trustee of*
*the Circuit City Stores, Inc. Liquidating Trust*

*/s/ Jason Murray*
Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.

- 29 -

Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
aheaven@crowell.com

*Attorneys for Target Corp.*

*/s/ Richard Arnold*_____
Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and
Kmart Corp.*

# Exhibit D

1   Stephen E. Taylor (SBN 058452)
    Jonathan A. Patchen (SBN 237346)
2   **TAYLOR & COMPANY LAW OFFICES, LLP**
    One Ferry Building, Suite 355
3   San Francisco, California 94111
    Telephone:  (415) 788-8200
4   Facsimile:  (415) 788-8208
    Email: staylor@tcolaw.com
5   Email: jpatchen@tcolaw.com

6   Kenneth A. Gallo (*pro hac vice*)
    Joseph J. Simons (*pro hac vice*)
7   Craig A. Benson (*pro hac vice*)
    **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
8   2001 K Street, NW
    Washington, DC  20006
9   Telephone: (202) 223-7300
    Facsimile: (202) 223-7420
10  kgallo@paulweiss.com
    jsimons@paulweiss.com
11  cbenson@paulweiss.com

12  *Attorneys for Plaintiffs Sharp Electronics Corporation*
    *and Sharp Electronics Manufacturing Company of*
13  *America, Inc.*

14  [additional counsel listed on signature page]

15              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
16                **SAN FRANCISCO DIVISION**

17  **In re: CATHODE RAY TUBE (CRT)**          Case No. 07-cv-05944 SC
    **ANTITRUST LITIGATION**
18                                             MDL No. 1917
    This Document Relates to:
19                                             **DIRECT ACTION PLAINTIFFS'**
                                               **FIRST SET OF**
20  *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,*   **INTERROGATORIES TO**
    No. 13-cv-1173;                            **DEFENDANT THOMSON**
21                                             **CONSUMER**

22  *Electrograph Systems, Inc. et al. v. Technicolor SA,*   **DATE:  APRIL 17, 2014**
    *et al.*, No. 13-cv-05724;
23

24  *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

25  *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*,
    No. 13-cv-05264;
26

27  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-
    05686;
28
    *Interbond Corporation of America v. Technicolor*

                                    - 1 -

1    *SA, et al.*, No. 13-cv-05727;

2    *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

3

4    *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

5    *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 31:cv-05725;

6

7    *Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

8

9    *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262

10

11   *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157.

12

13   **PROPOUNDING PARTIES:**    Direct Action Plaintiffs Sharp Electronics
                                   Corporation and Sharp Electronics Manufacturing
14                                 Company of America, Inc.; Electrograph Systems,
                                   Inc. and Electrograph Technologies Corp.; Alfred H.
15                                 Siegel, solely as Trustee of the Circuit City Stores,
                                   Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy
16                                 Purchasing LLC, Best Buy Enterprise Services, Inc.,
                                   Best Buy Stores, L.P., Bestbuy.com, L.L.C., and
17                                 Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck,
                                   and Co., Kmart Corp.; Interbond Corporation of
18                                 America; Office Depot, Inc.; Costco Wholesale
                                   Corporation; P.C. Richard & Son Long Island
19                                 Corporation, MARTA Cooperative of America, Inc.,
                                   and ABC Appliance, Inc.; Schultz Agency Services,
20                                 LLC on behalf of Tweeter Opco, LLC and Tweeter
                                   Newco, LLC; and Tech Data Corporation and Tech
21                                 Data Product Management, Inc.

22   **RESPONDING PARTY:**        Thomson Consumer Electronics, Inc.

23   **SET NO.:**                 ONE

24

25

26

27

28

- 2 -

1          Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the above

2  named Direct Action Plaintiffs, through their undersigned counsel, request that Thomson

3  Consumer answer the following Interrogatories within thirty (30) days of service and supplement

4  its Interrogatory answers, as necessary, to comply with Federal Rule of Civil Procedure 26(e).

5  Thomson Consumer is directed to serve verified answers at PAUL, WEISS, RIFKIND,

6  WHARTON & GARRISON, LLP, Attn: Craig A. Benson, 2001 K Street, N.W., Washington,

7  DC 20006, or at another time and place as may be mutually agreed upon by counsel for the

8  parties.

9                        **DEFINITIONS**

10        1.      The terms "Defendant" and "Defendants" means any defendant named by a

11  Direct Action Plaintiff in these actions and their present or former Employees, officers, directors,

12  agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on

13  their behalf.

14        2.      The terms "Co-conspirator" and "Co-conspirators" mean any non-Defendant

15  entity named by a Direct Action Plaintiff in a complaint in these actions as a member of a

16  conspiracy and their present or former Employees, officers, directors, agents, predecessors,

17  successors, parents, subsidiaries, affiliates, or any other person acting on their behalf.

18        3.      The term "Affiliated Entity(ies)" means any entity(ies) involved in the

19  production, pricing, marketing, distribution, and/or sale of CRTs (as those terms are defined

20  herein) at any time during the Relevant Period (as defined herein) in which You, or any division,

21  subdivision, business unit, parent, subsidiary, affiliate, or joint venture thereof, held any

22  ownership interest at any time during the Relevant Period.

23        4.      The term "Person" means any individual or group of individuals, corporation,

24  partnership, association, governmental entity, department, commission, bureau or any other kind

25  of legal or business entity.

26        5.      The terms "You," "Your," and "Yourself" mean Thomson Consumer Electronics

27  Inc., and present or former Employees, officers, directors, agents, predecessors, successors,

28  parents, subsidiaries, affiliates, or any other person acting on Your behalf.

6.      The term "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of a Defendant as defined herein.

7.      The term "Document" includes all documents and electronically stored information as defined in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

8.      The term "CRT(s)" means cathode ray tube(s).

9.      The term "CRT Manufacturer" means any entity that manufactures or manufactured CRTs.

10.     The term "CRT Product(s)" means product(s) containing cathode ray tube(s).

11.     Unless otherwise noted, the term "Relevant Period" means the period from March 1, 1995 through December 31, 2007.

12.     When referring to a Document, "Identify" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), sendee(s), addressee(s), recipient(s), and custodian(s).

13.     When referring to any fact, act, occurrence, transaction, statement, communication, document, or other matter, "Identify," "Describe," "Explain," or "State" means to describe and identify the facts constituting such matter.

14.     The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

15.     The term "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

16.     The term "Customer" means, without limitation, any individual, entity, organization, business, company, corporation, or partnership to which You sold, transferred, or otherwise conveyed CRTs during the Relevant Period.

17. The term "Competitor" means, without limitation, any individual, entity, organization, business, company, corporation or partnership that sold or otherwise conveyed CRTs during the Relevant Period.

18. The term "Thomson SA" refers to Thomson SA and present or former Employees, officers, directors, agents, predecessors, successors, subsidiaries, affiliates, or any other person acting on its behalf.

19. The term "Technologies Displays" refers to Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC) and present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, including Technologies Displays Mexicana, S.A. de C.V. (f/k/a Thomson Displays Mexicana, S.A. de C.V.), affiliates, or any other person acting on its behalf.

20. The term "Videocon Industries" refers to Videocon Industries, Ltd. and present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on its behalf.

21. "All" shall be construed as all, each, any, and every.

## INSTRUCTIONS

1. Answers to these Interrogatories are to be based upon all knowledge or information available to You, including without limitation all information or knowledge possessed by any person, including without limitation any Employee, agent, attorney, expert witness, representative, or other advisor subject to Your instruction, direction, or control.

2. Where an Interrogatory cannot be answered due to insufficient knowledge, specify the nature of the inquiries made in an attempt to answer the Interrogatory.

3. You should answer each Interrogatory fully, unless it is objected to. When making any objection, state with specificity the reasons for the objection.

4. Where a complete answer to an Interrogatory is not possible, the Interrogatory should be answered to the extent possible, and a statement should be provided stating why an

incomplete answer is given, along with the identity of any sources from which more complete information may be obtained.

5. Any claim of ambiguity in interpreting a particular Interrogatory or a definition or instruction shall not be utilized as a basis for refusing to answer. Rather, You shall specify the language deemed to be ambiguous and the interpretation utilized in the response to the Interrogatory.

6. When asked to identify a natural person, state the person's name, employer, position, dates of employment or tenure, and home address for all times during the Relevant Period. If any of such information has changed during the Relevant Period, specify the time period to which the information provided in Your answer pertains.

7. When asked to identify any entity other than a natural person, state the name and address of the principal office or headquarters. If any of the information has changed during the Relevant Period, specify the time period to which the information provided in Your answer pertains.

8. If You elect to produce business records in response to an Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), You shall produce the records as they are kept in the usual course of business or shall organize and label them to correspond with the Interrogatory. If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify the Interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

## **INTERROGATORIES**

**Interrogatory No. 1.**

Identify the CRT and/or CRT Products that You manufactured or produced for each month within the Relevant Period, including the brand name, product number, and intended use.

**Interrogatory No. 2.**

Identify the CRT and/or CRT Products that You sold, marketed, or distributed for each month within the Relevant Period, including the brand name, product number, and intended use.

**Interrogatory No. 3.**

Provide Your sales of CRTs and/or CRT Products to the United States and globally for each month during the Relevant Period.  For each month during this period, State the volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRTs and/or CRT Products, the per unit cost to distribute CRTs and/or CRT Products (including overseas freight, tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit profit earned.

**Interrogatory No. 4.**

Identify every channel used by You to sell, market, or distribute CRTs and/or CRT Products during the Relevant Period.  If You used different channels at different points within the Relevant Period, Identify when You used each channel to sell, market, or distribute CRTs and/or CRT Products.

**Interrogatory No. 5.**

Identify each current and former Employee who has or had any managerial responsibility for recommending, reviewing, setting or approving prices, bids, quotes, or rebates for Your CRTs and/or CRT Products during the Relevant Period.  For each Person identified, include his or her name, address, title, location, the division or unit of the company where he or she worked, and a description of his or her responsibilities throughout the Relevant Period.

**Interrogatory No. 6.**

        Identify each Employee with pricing authority who attended any trade association during the Relevant Period relating to CRTs and/or CRT Products and State with respect to each Employee:

      (a) the trade association attended;

      (b) the dates of attendance;

      (c) any offices, chairs or committee positions held in each of the trade associations; and the dates which those offices, chairs or committee positions were held.

**Interrogatory No. 7.**

        Identify each actual or proposed agreement, including a draft agreement, between You and any producer of CRTs and/or CRT Products, including Defendants or Co-conspirators, relating to prices, pricing, production or inventory levels of CRTs and/or CRT Products during the Relevant Period.  For every such actual or proposed agreement, State:

      (a) the identity of the participants and all persons with knowledge thereof;

      (b) when such agreement was entered into;

      (c) where such agreement was entered into;

      (d) the terms of such agreement; and

      (e) when, how, and which of Your officers, directors or Employees discovered the existence of such agreement.

**Interrogatory No. 8.**

        Identify all Communications and/or Meetings between You and any other producer or producers of CRTs and/or CRT Products during the Relevant Period (including but not limited to the named Defendants or Co-conspirators in this coordinated proceeding), regarding, discussing, mentioning or relating to the sales, production, and/or prices of CRTs in and/or for the United States, Mexico, and/or Brazil during the Relevant Period, specifically identifying any Communications and/or Meetings occurring solely in the context of a Customer-supplier relationship between You and a Customer.  For all Communications and/or Meetings:

      (a) State the date and location of the Meeting and/or Communication;

(b) Identify the Person(s) who initiated, called, organized, attended, or participated in the Meeting and/or Communication;

(c) Describe the subject matter(s) of the Meeting and/or Communication, including details of any information provided, received, or exchanged;

(d) Identify all Persons with knowledge relating to the Meeting and/or Communication;

(e) Describe the type and dimensions of the CRTs discussed;

(f) Identify whether the attendees at the Meeting and/or Persons involved in the Communication reached any agreement concerning CRT sales, production, and/or prices.

**Interrogatory No. 9.**

To the extent not previously identified in response to Interrogatory No. 8, Identify all Communications and/or Meetings between You and any other producer or producers of CRTs and/or CRT Products during the Relevant Period (including but not limited to Defendants or Co-conspirators) regarding, discussing, mentioning or relating to the sales, production, and/or prices of CPTs, where at least one party to the Communication was employed in and/or based out of the U.S., Mexico, and/or Brazil at the time of the Communication, specifically identifying any Communications and/or Meetings conducted solely in the context of a Customer-supplier relationship between You and a Customer.   For all Communications and/or Meetings:

(a) State the date and location of the Meeting and/or Communication;

(b) Identify the Person(s) who initiated, called, organized, attended, or participated in the Meeting and/or Communication;

(c) Describe the subject matter(s) of the Meeting and/or Communication, including details of any information provided, received, and/or exchanged;

(d) Identify all Persons with knowledge relating to the Meeting and/or Communication;

(e) Describe the type and dimensions of the CPTs discussed;

(f) Identify whether the attendees at the Meeting and/or Persons involved in the Communication reached any agreement concerning CPT sales, production and/or prices.

1    This request includes instances where Communications with outside parties are

2 forwarded to, or subsequently shared with, Persons based in the United States, Mexico, and/or

3 Brazil, or employed by an Affiliated Entity of a Defendant in the United States, Mexico, and/or

4 Brazil.

5 **Interrogatory No. 10.**

6    To the extent not previously identified in response to Interrogatory Nos. 8 or 9,

7 Identify any Communication or Meeting between You and any other producer or producers of

8 CRTs and/or CRT Products during the Relevant Period (including but not limited to Defendants

9 or Co-conspirators) regarding, discussing, mentioning or relating to the sales, production, and/or

10 prices of CPTs during the Relevant Period, specifically identifying any Communications and/or

11 Meetings conducted solely in the context of a Customer-supplier relationship between You and a

12 Customer.   For all Communications and/or Meetings:

13    (a)  State the date and location of the Meeting and/or Communication;

14    (b)  Identify the Person(s) who initiated, called, organized, attended, or participated in the

15      Meeting and/or Communication;

16    (c)  Describe the subject matter(s) of the Meeting and/or Communication, including

17      details of any information provided, received, and/or exchanged;

18    (d)  Describe all Persons with knowledge relating to the Meeting and/or Communication;

19    (e)  Describe the type and dimensions of the CPTs discussed;

20    (f)  Identify whether the attendees at the Meeting and/or persons involved in the

21      Communication reached any agreement concerning CPT sales, production and/or

22      prices.

23 **Interrogatory No. 11.**

24    Identify each instance during the Relevant Period in which You or any other

25 producer of CRT and/or CRT Products, including Defendants in this coordinated proceeding,

26 instituted a price increase or decrease for CRTs, and for each such instance:

27    (a)  when the price increase or decrease was announced publicly;

28    (b)  when the price increase of decrease was implemented;

1      (c)  the amount of the price increase or decrease;

2      (d)  whether such price increase or decrease was withdrawn;

3      (e)  each Person with responsibility for implementing the price increase or decrease or its

4           withdrawal; and

5      (f)  any explanation given for the price increase or withdrawal.

6    **Interrogatory No. 12.**

7           Explain Your corporate structure during the Relevant Period, including:

8      (a)  identification of departments and divisions;

9      (b)  identification of all individuals with managerial responsibility for purchase or sale of

10         CRTs;

11      (c)  identification of Your subsidiaries, affiliates, associates, partnerships, joint ventures,

12         stock co-ownerships, or other business relationships engaged in the production,

13         purchase, or sale of CRTs and/or CRT products;

14      (d)  identification of Your owners and their percentages of ownership.  For each owner,

15         please also state whether that owner also had a financial stake in other entities

16         engaged in the production, purchase, or sale of CRTs or CRT products.

17    **Interrogatory No. 13.**

18           Identify and describe all joint ventures, partnerships, or other cooperative business

19  relationships, during the Relevant Period, relating to CRT and/or CRT Products between You

20  and any other CRT or CRT Products producer.

21    **Interrogatory No. 14.**

22           Provide Your aggregate purchases (in both number of units and revenue in U.S.

23  dollars) of CRT and/or CRT Products during the Relevant Period.

24    **Interrogatory No. 15.**

25           Provide Your aggregate purchases (in both number of units and revenue in U.S.

26  dollars) of CRT and/or CRT Products for each month during the Relevant Period.

27

28

**Interrogatory No. 16.**

Provide Your aggregate purchases (in units and U.S. dollars) of CRT or CRT Products from each of the other Defendants, for the purpose of resale, for each month during the Relevant Period.

**Interrogatory No. 17.**

State whether any Documents or information responsive to this set of interrogatories were destroyed, discarded, erased, deleted, purged, or otherwise lost.  If Your answer is in any way in the affirmative:

(a) Describe in detail the contents of each such Document or information and the date it was destroyed, discarded, erased, deleted, purged or lost;

(b) Identify each Person who had any role or responsibility in destroying, discarding, erasing, purging, deleting or losing of each such Document or information; and

(c) Describe in detail the circumstances under which each such Document or information was destroyed, discarded, erased, deleted, purged, or lost.

**Interrogatory No. 18.**

Identify the corporate relationship between You and Thomson SA during the Relevant Period, including but not limited to:

(a) Your ownership structure;

(b) any business departments or functions (e.g., public relations, advertising, press, marketing, sales) shared between Thomson SA and You, or that share common systems and procedures;

(c) policies, practices and/or requirements relating to Thomson SA participating in negotiations, entering into, or signing contracts for, or on Your behalf;

(d) policies, practices, and/or requirements regarding Thomson SA's oversight, direction, supervision, endorsement, approval or disapproval of Your production, sales, pricing, marketing, or distribution of CRTs or CRT Products;

(e) the identity of all individuals who served as officers, directors, Employees, agents or representatives of both You and Thomson SA at any time during the Relevant Period, whether simultaneously or not;

(f) Thomson SA's accounting treatment for Your sales, including whether Thomson SA ever booked proceeds from You; and

(g) Your accounting treatment for Thomson SA's sales, including whether You ever booked proceeds from Thomson SA.

**Interrogatory No. 19.**

Describe the Communications between Your personnel and Thomson SA personnel relating to CRT prices, CRT customers, or CRT production, including the frequency and manner of any such Communications, and any individuals involved.

**Interrogatory No. 20.**

Identify the corporate relationship between You and Technologies Displays, including but not limited to:

(a) Your percentage ownership;

(b) any business departments or functions (e.g., public relations, advertising, press, marketing, sales) shared between Technologies Displays and You, or that share common systems and procedures;

(c) policies, practices and/or requirements relating to Your participating in negotiations, entering into, or signing contracts for, or on behalf of Technologies Displays;

(d) policies, practices, and/or requirements regarding Your oversight, direction, supervision, endorsement, approval or disapproval of Technologies Displays' production, sales, pricing, marketing, or distribution of CRTs or CRT Products;

(e) the identity of all individuals who served as officers, directors, Employees, agents or representatives of both You and Technologies Displays at any time during the Relevant Period, whether simultaneously or not;

(f) Technologies Displays' accounting treatment for Your sales, including whether Technologies Displays ever booked proceeds from You; and

(g) Your accounting treatment for Technologies Displays' sales, including whether You ever booked proceeds from Technologies Displays.

**Interrogatory No. 21.**

Identify the corporate relationship between You and Videocon Industries, including but not limited to the identity of all individuals who served as officers, directors, Employees, agents or representatives of both You and Videocon Industries at any time during the Relevant Period, whether simultaneously or not.

**Interrogatory No. 22.**

State the name, address, and relationship to You of each Person who prepared or assisted in the preparation of the responses to these interrogatories.  (Do not identify anyone who simply typed or reproduced the responses.)

DIRECT ACTION PLAINTIFFS' FIRST SET OF INTERROGATORIES TO THOMSON CONSUMER
Case No. 13-cv-1173; MDL No. 1917

1    DATED:  April 17, 2014        By:  */s/ Craig Benson*_____

2                                 Kenneth A. Gallo (*pro hac vice*)
3                                 Joseph J. Simons (*pro hac vice*)
                                  Craig A. Benson (*pro hac vice*)
4                                 **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
                                  2001 K Street, NW
5                                 Washington, DC  20006
                                  Telephone: (202) 223-7300
6                                 Facsimile: (202) 223-7420
                                  kgallo@paulweiss.com
7                                 jsimons@paulweiss.com
                                  cbenson@paulweiss.com
8

9                                 Stephen E. Taylor (SBN 058452)
                                  Jonathan A. Patchen (SBN 237346)
10                                **TAYLOR & COMPANY LAW OFFICES, LLP**
                                  One Ferry Building, Suite 355
11                                San Francisco, California 94111
                                  Telephone:  (415) 788-8200
12                                Facsimile:  (415) 788-8208
                                  Email: staylor@tcolaw.com
13                                Email: jpatchen@tcolaw.com
14

15                                *Attorneys for Plaintiffs Sharp Electronics Corporation*
                                  *and Sharp Electronics Manufacturing Company of*
16                                *America, Inc.*

17                                     */s/  David Burman*___
                                  David J. Burman (pro hac vice)
18                                Cori G. Moore (pro hac vice)
19                                Eric J. Weiss (pro hac vice)
                                  Nicholas H. Hesterberg (pro hac vice)
20                                Steven D. Merriman (pro hac vice)
                                  Perkins Coie LLP
21                                1201 Third Avenue, Suite 4900
22                                Seattle, WA 98101-3099
                                  Telephone: 206.359.8000
23                                Facsimile: 206.359.9000
                                  Email: DBurman@perkinscoie.com
24                                Email: CGMoore@perkisncoie.com
                                  Email: EWeiss@perkinscoie.com
25                                Email: NHesterberg@perkinscoie.com
                                  Email: SMerriman@perkinscoie.com
26

27                                Joren Bass, Bar No. 208143
                                  JBass@perkinscoie.com
28                                Perkins Coie LLP

                                  - 15 -

Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

*Attorneys for Plaintiff Costco Wholesale Corporation*

*/s/ Philip J. Iovieno*

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and
Attorneys for Plaintiffs Electrograph Systems, Inc.,
Electrograph Technologies, Corp., Office Depot, Inc.,
Interbond Corporation of America, P.C. Richard &
Son Long Island Corporation, MARTA Cooperative of
America, Inc., ABC Appliance, Inc., Schultze Agency
Services LLC on behalf of Tweeter Opco, LLC and
Tweeter Newco, LLC*

*/s/ Scott N. Wagner*

Robert W. Turken
Scott N. Wagner

- 16 -

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email: rturken@bilzin.com
Email: swagner@bilzin.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Attorneys for Plaintiffs Tech Data Corporation and
Tech Data Product Management, Inc.*

*/s/ David Martinez*
Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy*

- 17 -

1    *Purchasing LLC, Best Buy Enterprise Services, Inc.,
     Best Buy Stores, L.P., Bestbuy.com, L.L.C., and
2    Magnolia Hi-Fi, Inc.*

3    */s/ Lee Godfrey*_____
     H. Lee Godfrey
4    Kenneth S. Marks
     Jonathan J. Ross
5    Johnny W. Carter
     David M. Peterson
6    SUSMAN GODFREY L.L.P.
7    1000 Louisiana Street, Suite 5100
     Houston, Texas 77002
8    Telephone: (713) 651-9366
     Facsimile: (713) 654-6666
9    Email: lgodfrey@sumangodfrey.com
     Email: kmarks@susmangodfrey.com
10   Email: jross@susmangodfrey.com
     Email: jcarter@susmangodfrey.com
11   Email: dpeterson@susmangodfrey.com
12
     Parker C. Folse III
13   Rachel S. Black
     Jordan Connors
14   SUSMAN GODFREY L.L.P.
15   1201 Third Avenue, Suite 3800
     Seattle, Washington 98101-3000
16   Telephone: (206) 516-3880
     Facsimile: (206) 516-3883
17   Email: pfolse@susmangodfrey.com
18   Email: rblack@susmangodfrey.com
     Email: jconnors@susmangodfrey.com
19
     *Attorneys for Plaintiff Alfred H. Siegel, as Trustee of*
20   *the Circuit City Stores, Inc. Liquidating Trust*

21   */s/ Jason Murray*_____
22   Jason C. Murray (CA Bar No. 169806)
     CROWELL & MORING LLP
23   515 South Flower St., 40th Floor
     Los Angeles, CA 90071
24   Telephone: 213-443-5582
     Facsimile: 213-622-2690
25   Email: jmurray@crowell.com
26
     Jerome A. Murphy (pro hac vice)
27   Astor H.L. Heaven (pro hac vice)
     CROWELL & MORING LLP
28   1001 Pennsylvania Avenue, N.W.

                                    - 18 -

Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
aheaven@crowell.com

*Attorneys for Target Corp.*

*/s/ Richard Arnold*
Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

# Exhibit E

1
2
3
4
5
6
7

GUIDO SAVERI (22349)
 *guido@saveri.com*
R. ALEXANDER SAVERI (173102)
 *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
 *grushing@saveri.com*
CADIO ZIRPOLI (179108)
 *cadio@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111-5619
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

8
9

*Interim Lead Counsel for*
*Direct Purchaser Plaintiffs*

10

**UNITED STATES DISTRICT COURT**

11

**NORTHERN DISTRICT OF CALIFORNIA**

12

**SAN FRANCISCO DIVISION**

13
14
15
16
17
18
19
20

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST  LITIGATION | Case No. 14-cv-2058 SC |
| | MDL No. 1917 |
| | **DIRECT PURCHASER PLAINTIFF CRAGO, d/b/a DASH COMPUTERS, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA** |
| This Document Relates to: | Judge:  Hon. Samuel Conti |
| DIRECT PURCHASER ACTIONS | |

21
22
23
24
25
26
27
28

1    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, direct purchaser plaintiff

2    Crago, d/b/a Dash Computers, Inc., through their counsel, requests that each Defendant answer the

3    following interrogatories within thirty (30) days of service and supplement its interrogatory

4    answers, as necessary, to comply with Federal Rule of Civil Procedure 26(e).

5                                   **DEFINITIONS**

6    1.    The term "Defendant" means defendants Mitsubishi Electric Corporation;

7    Mitsubishi Electric US, Inc. (f/k/a Mitsubishi Electric & Electronics USA, Inc.); Mitsubishi

8    Electric Visual Solutions America, Inc. (f/k/a Mitsubishi Digital Electronics America, Inc.);

9    Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.); Technicolor SA (f/k/a

10   Thomson SA); Videocon Industries, Ltd.; and Technologies Displays Americas LLC (f/k/a

11   Thomson Displays Americas LLC) named in the First Amended Direct Purchaser Plaintiffs' Class

12   Action Complaint against Mitsubishi and Thomson and their present or former employees, officers,

13   directors, agents, predecessors, successors, parents, subsidiaries, affiliates, joint ventures, or any

14   other person acting on their behalf.

15   2.    The term "Co-Conspirator" means Chunghwa Picture Tubes, Ltd.; Chunghwa

16   Picture Tubes (Malaysia) Sdn. Bhd.; Daewoo International Corporation; Daewoo Electronics

17   Corporation f/k/a Daewoo Electronics Company, Ltd.; Orion Electric Company; Daewoo-Orion

18   SocieteAnonyme; Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi America, Ltd.; Hitachi Asia, Ltd.;

19   Hitachi Electronic Devices (USA); Shenzhen SEG Hitachi Color Display Devices, Ltd.; Irico

20   Group Corporation; Irico Group Electronics Co., Ltd.; Irico Display Devices Co., Ltd.; LG

21   Electronics, Inc.; LG Electronics USA, Inc.; LG Electronics Taiwan Taipei Co., Ltd.; LP Displays

22   International, Ltd.; Panasonic Corporation, f/k/a Matsushita Electric Industrial Co., Ltd.;

23   Matsushita Electronic Corporation (Malaysia) Sdn Bhd.; Panasonic Corporation of North America;

24   Koninklijke Philips Electronics N.V.; Philips Electronics Industries Ltd.; Philips Electronics North

25   America; Philips Consumer Electronics Co.; Philips Electronics Industries (Taiwan), Ltd.; Philips

26   da Amazonia Industria Electronica Ltda.; Samsung Electronics America, Inc.; Samsung SDI

27   (Malaysia) Sdn Bhd.; Samsung SDI Co., Ltd. f/k/a Samsung Display Device Company; Samsung

28

DIRECT PURCHASER PLAINTIFF CRAGO d/b/a DASH COMPUTERS, INC.'S FIRST SET
OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA;
Case No. 14-cv-2058 SC            - 1 -

1  SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co. Ltd.; Tianjin

2  Samsung SDI Co., Ltd.; Thai CRT Company, Ltd.; Toshiba Corporation; Toshiba America, Inc.;

3  Toshiba America Consumer Products LLC; Toshiba America Consumer Products, Inc.; Toshiba

4  America Electronic Components, Inc.; Toshiba America Information Systems, Inc.; Toshiba

5  Display Devices (Thailand) Company, Ltd.; MT Picture Display Co., Ltd., f/k/a Matsushita

6  Toshiba Picture Display Co., Ltd.; and Bejing-Matsushita Color CRT Company, Ltd.

7         3.      The term "Person" or "Persons" is defined to mean any natural person, corporation,

8  or partnership, proprietorship, joint venture, or any business, legal, or government entity,

9  organization, or association.

10         4.      The terms "You," "Your," and "Yourself" means Defendant as defined herein.

11         5.      The terms "Document" or "Documents" means the original and any non-identical

12  copy of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This

13  definition includes any written, printed, reproduced, graphic, photographic, electronic, audio,

14  visual, or video records, however produced or reproduced, of any kind or description, whether

15  prepared by you or by any other person, that is in your possession, custody, or control, including,

16  but not limited to, the following: emails; correspondence; memoranda; travel records; summaries;

17  agreements; electronically stored information; papers; notes; books; invoices, letters; facsimiles;

18  intra- and interoffice communications; transcripts; minutes or other records of Meetings; reports;

19  affidavits; statements; legal pleadings; calendars; appointment books; diaries; notebooks; telephone

20  logs; records of telephone conversations; compilations; work papers; graphs; charts; blueprints;

21  sales, advertising, and promotional literature; agreements; pamphlets; brochures; circulars;

22  manuals; instructions; ledgers; drawings; sketches; photographs; screen shots; video recordings;

23  audio recordings; film and sound reproductions; internal or external web sites; compact discs;

24  computer files and disks; and social media communications, including, but not limited to,

25  information posted on or transmitted through social networking platforms (*e.g.*, LinkedIn,

26  Facebook, MySpace and Instagram), digital file-sharing services (*e.g.*, Flickr), blogs and

27  microblogs (*e.g.*, Twitter), Voice Over Internet Protocol services (*e.g.*, Skype), and/or instant

28

DIRECT PURCHASER PLAINTIFF CRAGO d/b/a DASH COMPUTERS, INC.'S FIRST SET
OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA;
Case No. 14-cv-2058 SC      - 2 -

messages.

6.      The term "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of a Defendant as defined herein.

7.      The term "CRT" means both (a) color picture tubes ("CPTs"), which are CRTs used primarily in color televisions; and (b) color display tubes ("CDTs"), which are CRTs used primarily in color computer monitors.

8.      The term "CRT Products" means electronic devices containing CPTs (such as televisions) or CDTs (such as computer monitors).

9.      Unless otherwise noted, the term "Relevant Time Period" means the period from March 1, 1995 through November 25, 2007.

10.      The term "Communication" or "Communications" means, without limitation, any disclosure, transfer, or exchange of information, opinions, ideas or thoughts, by any means, face-to-face meetings, written, recorded, electronically, orally or otherwise, at any time or place under any circumstances. This definition shall include communication via social media, including, but not limited to, information, opinions, ideas, or thoughts, posted on or transmitted through social networking platforms (*e.g.*, LinkedIn, Facebook, MySpace and Instagram), digital file-sharing services (*e.g.*, Flickr), blogs and microblogs (*e.g.*, Twitter), Voice Over Internet Protocol services (*e.g.*, Skype), and/or instant messages. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

11.      The term "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

12.      The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

**INSTRUCTIONS**

1.      When asked to identify a natural person, state the person's name, employer, position dates of employment/tenure, and home address for all times during the Relevant Time Period.  If any of such information has changed during the Relevant Time Period, specify the time period to which the information provided in your answer pertains.

2.      When asked to identify any entity other than a natural person, state the name and address of the principal office or headquarters. If any of the information has changed during the Relevant Time Period, specify the time period to which the information provided in your answer pertains.

3.      If the responding party elects to produce documents or business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d), the responding party shall produce the records as they are kept in the usual course of business or shall organize and label them to correspond with the interrogatory. If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify the interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

**INTERROGATORIES**

**Interrogatory No. 1**

State the name, address, and relationship to You of each person who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

---

DIRECT PURCHASER PLAINTIFF CRAGO d/b/a DASH COMPUTERS, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA;
Case No. 14-cv-2058 SC          - 4 -

**Interrogatory No. 2**

Identify each current and former employee who has or had any managerial responsibility for recommending, reviewing, setting or approving prices, bids, quotes, or rebates for Your CRT and/or CRT Products during the Relevant Time Period.  For each person identified, include his or her name, address, title, location, the division or unit of the company where he or she worked, and a description of his or her responsibilities throughout the Relevant Time Period.

**Interrogatory No. 3**

Identify each employee with pricing authority who attended any trade association during the Relevant Time Period relating to CRT and/or CRT Products and state with respect to each employee:

        (a)    the trade association attended;

        (b)    the dates of attendance;

        (c)    any offices, chairs or committee positions held in each of the trade associations; and

        (d)    the dates which those offices, chairs or committee positions were held.

**Interrogatory No. 4**

Identify each actual or proposed agreement between You and any producer of CRT and/or CRT Products, including the named Defendants and Co-Conspirators in this coordinated proceeding, relating to prices, pricing, production or inventory levels of CRT and/or CRT Products during the Relevant Time Period.  Agreements shall include drafts.  For every such actual or proposed agreement state:

        (a)    the identity of the participants and all persons with knowledge thereof;

        (b)    when such agreement was entered into;

        (c)    where such agreement was entered into;

        (d)    the terms of such agreement; and

        (e)    when, how and which of your officers, directors or employees discovered the existence of such agreement.

**Interrogatory No. 5**

Identify any meeting or communication between You and other producers of CRT and/or CRT Products during the Relevant Time Period, including the named Defendants and Co-Conspirators in this coordinated proceeding, regarding CRT and/or CRT Product pricing, price increase announcements, terms or conditions of sales, profit margins or market share, production levels, inventory, customers, auctions, reverse auctions, dynamic bidding events, or sales, and for each such meeting or communication:

    (a)   provide the date and location of the meeting or communication;

    (b)   identify the person(s) who initiated, called, organized, attended or participated in the meeting or communication;

    (c)   describe the subject matter discussed and any information you provided or received;

    (d)   describe every action taken by you as a result of the meeting or communication; and

    (e)   identify all persons with knowledge relating to the meeting or communication.

**Interrogatory No. 6**

Identify each instance during the Relevant Time Period in which You or any other producer of CRT and/or CRT Products, including the named Defendants and Co-Conspirators in this coordinated proceeding, instituted a price increase or decrease for CRT and/or CRT Products, and for each such instance:

    (a)   when such price increase or decrease was announced publicly;

    (b)   when such price increase or decrease was implemented;

    (c)   the amount of the price increase or decrease;

    (d)   whether such price increase or decrease was withdrawn;

    (e)   each person with responsibility for implementing such price increase or decrease or its withdrawal; and

1             (f)     any explanation given for such price increase or decrease or withdrawal.

2      **Interrogatory No. 7**

3           Identify and describe all joint ventures, partnerships or other cooperative business

4      relationships, during the Relevant Time Period, relating to CRT and/or CRT Products between You

5      and any other CRT or CRT Products producer including the named Defendants and Co-

6      Conspirators in this coordinated proceeding.

7      **Interrogatory No. 8**

8           Identify every channel used by You to sell, market, or distribute CRT and/or CRT Products

9      during the Relevant Time Period. If You used different channels at different points within the

10     Relevant Time Period, identify when You used each channel to sell, market, or distribute CRT

11     and/or CRT Products.

12     **Interrogatory No. 9**

13          Identify every channel used by You to purchase CRT and/or CRT Products during the

14     Relevant Time Period. If You used different channels at different points within the Relevant Time

15     Period, identify when You used each channel to purchase CRT or CRT Products.

16     **Interrogatory No. 10**

17          Identify the CRT and/or CRT Products that You manufactured or produced for each month

18     within the Relevant Time Period, including the brand name, product number, and intended use.

19     **Interrogatory No. 11**

20          Identify the CRT and/or CRT Products You sold, marketed, or distributed for each month

21     within the Relevant Time Period, including the brand name, product number, and intended use.

22     **Interrogatory No. 12**

23          Provide Your sales of CRT and/or CRT Products to the United States and globally for each

24     month from January 1, 1991 to the present.  For each month during this period, state the volume of

25     sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRT and/or

26     CRT Products, the per unit cost to distribute CRT and/or CRT Products (including overseas freight,

27

28

DIRECT PURCHASER PLAINTIFF CRAGO d/b/a DASH COMPUTERS, INC.'S FIRST SET
OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA;
Case No. 14-cv-2058 SC       - 7 -

1    tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit

2    profit earned.

3    **Interrogatory No. 13**

4        If You offered different prices to different markets, or on a spot market versus contract

5    basis, during the Relevant Time Period, so indicate in the statistical data supplied in response to

6    Interrogatory Nos. 6 and 12.

7    **Interrogatory No. 14**

8        Provide Your aggregate purchases (in both number of units and revenue in U.S. dollars) of

9    CRT and/or CRT Products for each month from January 1, 1991 to the present.

10   **Interrogatory No. 15**

11       Provide Your aggregate purchases (in units and U.S. dollars) of CRT or CRT Products from

12   each of the other named Defendants and Co-Conspirators in this coordinated proceeding, for the

13   purpose of resale, for each month during from January 1, 1991 to the present.

14   **Interrogatory No. 16**

15       State whether any documents or information responsive to this set of interrogatories were

16   destroyed, discarded, erased, deleted, purged, or otherwise lost.  If Your answer is in any way in

17   the affirmative:

18           (a)    describe in detail the contents of each such document or information and the

19                  date it was destroyed, discarded, erased, deleted, purged or lost;

20           (b)    identify each person who had any role or responsibility in destroying,

21                  discarding, erasing, purging, deleting or losing of each such document or

22                  information; and

23

24

25

26

27

28

---

DIRECT PURCHASER PLAINTIFF CRAGO d/b/a DASH COMPUTERS, INC.'S FIRST SET
OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA;
Case No. 14-cv-2058 SC              - 8 -

1

        (c)    describe in detail the circumstances under which each such document or

2

information was destroyed, discarded, erased, deleted, purged, or lost.

3

4

DATED:  September 4, 2014            Respectfully submitted,

5

6

            By:   _/s/ R. Alexander Saveri_____

7

                Guido Saveri (22349)
                R. Alexander Saveri (173102)

8

                Geoffrey C. Rushing (126910)
                Cadio Zirpoli (179108)

9

                SAVERI & SAVERI, INC.
                706 Sansome Street

10

                San Francisco, CA   94111
                Telephone: (415) 217-6810

11

12

                *Interim Lead Counsel for*
                *Direct Purchaser Plaintiffs*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DIRECT PURCHASER PLAINTIFF CRAGO d/b/a DASH COMPUTERS, INC.'S FIRST SET
OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA;
Case No. 14-cv-2058 SC       - 9 -

## CERTIFICATE OF SERVICE

I am employed in San Francisco County, which is where service of the documents referred to below occurred. I am over the age of 18 and not a party to this action. My business address is Saveri & Saveri, Inc., 706 Sansome Street, San Francisco, CA 94111. I declare under the penalty of perjury that on the date stated below, I served or caused to be served true and correct copies of the following document:

- **DIRECT PURCHASER PLAINTIFF CRAGO, d/b/a DASH COMPUTERS, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA**

VIA ELECTRONIC MAIL to the addressee(s) specified below:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on September 4, 2014 in San Francisco, California.

_/s/ Michaela Ogden_
Michaela Ogden

---

DIRECT PURCHASER PLAINTIFF CRAGO d/b/a DASH COMPUTERS, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS MITSUBISHI, THOMSON AND TDA;
Case No. 14-cv-2058 SC          - 10 -