# Exhibit 10



**VIDEOCON**

# VIDEOCON INDUSTRIES LIMITED

**17th**
**Annual Report**
**2004-2005**

# VIDEOCON INDUSTRIES LIMITED

## BOARD OF DIRECTORS

| | |
|---|---|
| Mr. Venugopal N. Dhoot | Chairman & Managing Director |
| Mr. Pradeepkumar N. Dhoot | Wholetime - Director |
| Mr. S. K. Shelgikar | |
| Mr. Kuldeep Drabu | |
| Mr. S. Padmanabhan | |
| Mr. S. C. N. Jatar | |
| Mr. A.L. Bongirwar | |
| Mr. S.P.Talwar | |
| Mr. Didier Trutt | Nominee - Thomson S.A. |
| Mr. Claes Johan Bygge | Nominee - AB Electrolux |
| Mr. Ajay Saraf | Nominee - ICICI Bank Ltd. |
| Mr. M. Chittaranjan Kumar | Nominee - IDBI Bank Ltd. |

## AUDITORS

**Khandelwal Jain & Co.**
Chartered Accountants
12 - B Baldota Bhavan
117, Maharshi Karve Road,
Opp. Churchgate Railway Station, Mumbai - 400 020

**Kadam & Co.**
Chartered Accountants
Ahmednagar College Road, Kothi,
Near Badve Petrol Pump, Ahmednagar - 414 001

## SOLICITORS

M/s. Mulla & Mulla & Cragie & Blunt & Caroe

## BANKERS

State Bank of India
Allahabad Bank
Bank of India
Bank of Maharashtra
Central Bank of India
ICICI Bank Ltd.
Indian Bank
Indian Overseas Bank
State Bank of Hyderabad
State Bank of Indore
State Bank of Mysore
State Bank of Patiala
The Federal Bank Ltd.
Union Bank of India
Vijaya Bank
Punjab National Bank

## REGISTERED OFFICE

Auto Cars Compound,
Adalat Road, Aurangabad – 431 005
Maharashtra.

## FACTORY

14 Km. Stone, Aurangabad – Paithan Road,
Village Chittegaon, Taluka Paithan,
Dist.-Aurangabad, (Maharashtra)

Village Chavaj, Via Society Area,
Taluka & Distt. Bharuch (Gujarat)

E 23 & 24, Electronics Estate, G.I.D.C. Gandhinagar (Gujarat)

Plot No. 1D, Udyog Vihar Industrial Area,
Gautam Budh Nagar,Greater Noida (U.P.)

Plot No-28, Khasra No-293, Industrial Area,
Selakul, Vikasnagar, Dehradun, (Uttaranchal).

| CONTENTS | PAGE NO. |
|---|---|
| Notice | 1 |
| Directors' Report | 7 |
| Corporate Governance | 9 |
| Auditors' Report | 16 |
| Balance sheet | 18 |
| Profit and Loss Account | 19 |
| Schedules | 20 |
| Notes to Accounts | 24 |
| Balance Sheet Abstract & Company's General Business Profile | 29 |
| Cash Flow Statement | 30 |
| Statement Pursuant to Section 212 of the Companies Act 1956 | 31 |
| Consolidated Financial Statement | 32 |

**ITEM NO. 6**

The Board of Directors of the Company ("the Board"), at its meeting held on June 1, 2005 has, pursuant to the provisions of Section 260 of the Companies Act, 1956 (the Act) and Articles of Association of the Company appointed Mr Kuldeep Drabu as an Additional Director of the Company. On 19th November 2005 Mr. Kuldeep Drabu was appointed as Executive Director of the Company. Subsequently, he ceased to be Executive Director.

In terms of the provisions of Section 260 of the Act, Mr Kuldeep Drabu holds office upto the date of ensuing Annual General Meeting. The Company has received a notice in writing from a member alongwith a deposit of Rs. 500 proposing the candidature of Mr. Kuldeep Drabu for the office of Director of the Company under the provisions of Section 257 of the Act.

Mr Kuldeep Drabu is a commerce graduate as well as a member of the Institute of Chartered Accountants of India and a Bachelor of Law. He has over 18 years of experience in financial, monetary and legal matters. It will therefore be in the Company's interest to appoint Mr Kuldeep Drabu as a Director, liable to retire by rotation in accordance with the provisions of the Articles of Association of the Company.

Save and except Mr. Kuldeep Drabu none of the other Directors of the Company is, in any way, concerned or interested in the Resolution set out at Item No.6 of the Notice. The Board recommends the Resolution set out at Item No.6 of the Notice for your approval.

**ITEM NO. 7**

The Board of Directors of the Company ("the Board"), at its meeting held on June 1, 2005 has, pursuant to the provisions of Section 260 of the Companies Act, 1956 (the Act) and Articles of Association of the Company appointed Mr S Padmanbhan as an Additional Director of the Company.

In terms of the provisions of Section 260 of the Act, Mr S Padmanabhan holds office upto the date of ensuing Annual General Meeting. The Company has received a notice in writing from a member alongwith a deposit of Rs. 500 proposing the candidature of Mr. S Padmanabhan for the office of Director of the Company under the provisions of Section 257 of the Act.

Mr S Padmanabhan, a retired I.A.S. officer, has held various senior positions in both the Central and State Governments. He has a diploma in Overseas Development Studies from the University of Cambridge, and a diploma in Managerial Accounting. He has held senior posts in the private sector as well.

The Company will be greatly benefited if Mr S Padmanabhan is appointed as a Director, liable to retire by rotation in accordance with the provisions of the Articles of Association of the Company.

Save and except Mr. S Padmanabhan none of the other Directors of the Company is, in any way, concerned or interested in the Resolution set out at Item No.7 of the Notice. The Board recommends the Resolution set out at Item No.7 of the Notice for your approval.

**ITEM NO. 8**

The Board of Directors of the Company ("the Board"), at its meeting held on October 29, 2005 has, pursuant to the provisions of Section 260 of the Companies Act, 1956 (the Act) and Articles of Association of the Company appointed Mr Didier Trutt as an Additional Director of the Company nominated by Thomson S.A.

In terms of the provisions of Section 260 of the Act, Mr Didier Trutt holds office upto the date of ensuing Annual General Meeting. The Company has received a notice in writing from a member alongwith a deposit of Rs. 500 proposing the candidature of Mr. Didier Trutt for the office of Director of the Company under the provisions of Section 257 of the Act.

Mr Didier Trutt is a French National. He graduated from the Ecole National Superieure d'Ingenieurs de Saint Etienne in 1983. He has held various positions in different Thomson companies since 1984. He is Senior Executive Vice - President for displays in Thomson S.A. The Company could draw on his vast experience by appointing him as a Director, liable to retire by rotation in accordance with the provisions of the Articles of Association of the Company.

Save and except Mr. Didier Trutt none of the other Directors of the Company is, in any way, concerned or interested in the Resolution set out at Item No.8 of the Notice. The Board recommends the Resolution set out at Item No.8 of the Notice for your approval.

**ITEM NO. 9**

The Board of Directors of the Company ("the Board"), at its meeting held on December 8, 2005 has, pursuant to the provisions of Section 260 of the Companies Act, 1956 (the Act) and Articles of Association of the Company appointed Mr. Arun Bongirwar as an Additional Director of the Company.

In terms of the provisions of Section 260 of the Act, Mr. Arun Bongirwar holds office upto the date of ensuing Annual General Meeting. The Company has received a notice in writing from a member alongwith a deposit of Rs. 500 proposing the candidature of Mr. Arun Bongirwar for the office of Director of the Company under the provisions of Section 257 of the Act.

Mr. Arun Bongirwar is Chairman of the Tariff Authority of Major Ports. A member of the Indian Administrative Service, he has over 30 year's experience in government. His multifaceted expertise, will be of immense value to the Company. It will be in the Company's interest to appoint him as a Director, liable to retire by rotation in accordance with the provisions of the Articles of Association of the Company.

Save and except Mr. Arun Bongirwar none of the other Directors of the Company is, in any way, concerned or interested in the Resolution set out at Item No.9 of the Notice. The Board recommends the Resolution set out at Item No.9 of the Notice for your approval.

**ITEM NO. 10**

The Board of Directors of the Company ("the Board"), at its meeting held on December 8, 2005 has, pursuant to the provisions of Section 260 of the Companies Act, 1956 (the Act) and Articles of Association of the Company appointed Mr. Satya Pal Talwar as an Additional Director of the Company.

In terms of the provisions of Section 260 of the Act, Mr S P Talwar holds office upto the date of ensuing Annual General Meeting. The Company has received a notice in writing from a member alongwith a deposit of Rs. 500 proposing the candidature of Mr S P Talwar for the office of Director of the Company under the provisions of Section 257 of the Act.

A former Deputy Governor of the Reserve Bank of India, Mr S P Talwar, is a member of the Indian Council of Arbitration and a certified associate of the Indian Institute of Bankers. He has over 40 years of operational and policy experience in commercial and central banking.

It will therefore in the interest of the Company that Mr S P Talwar is appointed as a Director, liable to retire by rotation in accordance with the provisions of the Articles of Association of the Company.

Save and except Mr. S P Talwar, none of the other Directors of the Company is, in any way, concerned or interested in the Resolution set out at Item No.10 of the Notice. The Board recommends the Resolution set out at Item No.10 of the Notice for your approval.

**ITEM NO. 11**

The Board of Directors of the Company ("the Board"), at its meeting held on January 17, 2006 has, pursuant to the provisions of Section 260 of the Companies Act, 1956 (the Act) and Articles of Association of the Company appointed Mr Cleas Johan Bygge as an Additional Director of the Company nominated by AB Electrolux.

In terms of the provisions of Section 260 of the Act, Mr Cleas Johan Bygge holds office upto the date of ensuing Annual General Meeting. The Company has received a notice in writing from a member alongwith a deposit of Rs. 500 proposing the candidature of Mr. Claes Johan Bygge for the office of Director of the Company under the provisions of Section 257 of the Act.

Mr Claes Johan Bygge is a Swedish national and Senior Executive Vice President of AB Electrolux. He holds a master's degree in Economics and has held a variety of senior positions with Electrolux since joining the company in 1987. He has extensive experience in the consumer appliances and electronics industry and was previously Deputy Group Controller at Telefonaktiebolaget LM Ericsson and head of Cash Management.

In view of his rich expertise, it will be in the interest of the Company that Mr Claes Johan Bygge is appointed as a Director, liable to retire by rotation in accordance with the provisions of the Articles of Association of the Company.

Save and except Mr. Claes Johan Bygge none of the other Directors of the Company is, in any way, concerned or interested in the Resolution set out at Item No.11 of the Notice. The Board recommends the Resolution set out at Item No.11 of the Notice for your approval.

**ITEM NO. 12**

In terms of the provisions of Section 198, 269, 309, 310, 311 read with Schedule XIII of the Companies Act, 1956, the Board of Directors at their meeting appointed Mr Pradeepkumar N Dhoot as a Whole Time Director of the Company for a period of Five Years from 20th November 2005 to 19th November 2010.

Mr P N Dhoot is entrusted with power as per the draft agreement being place before the meeting and, and power to perform such function as may from time to time be delegated / conferred by the Board of Directors and/or Managing Director. The Draft Agreement is available for Inspection at the Registered Office of the Company on all working days, except Saturdays, between 12 Noon to 2.00 PM upto the date of the Meeting

The Board of Directors of the Company is of the opinion that his appointment as Whole Time Director designated as President will be of immense help in the growth and development of the Company. In terms of the provisions of Section 269 read with Schedule XIII of the Companies Act, 1956, consent of the members is required by passing a Ordinary Resolution at the general body meeting, with in a period of Twelve Months from the date of appointment.

None of the Directors except Mr. P. N. Dhoot and Mr. V. N. Dhoot, Chairman & Managing Director of the Company are interested in this resolution.

**ITEM NO. 13**

In terms of the Scheme of Amalgamation sanctioned by the Hon'ble High Court of Bombay vide Order dated 6th May, 2005, Petrocon India Limited has been merged with the Company w.e.f. 31st March, 2004. The scheme has become effective on 7th June 2005. Further in terms of the Scheme of Amalgamation sanctioned by the Hon'ble High Court of Bombay vide Order dated 25th November, 2005, Videocon International Limited has been merged with the Company w.e.f. 31st December, 2004. The scheme has become effective on 7th December 2005.

The amalgamation of Petrocon India Limited has resulted in all of the assets and liabilities of Petrocon India Limited being transferred to the Company and resulted in the Company acquiring Oil and gas extraction business since Petrocon India Limited was in business of oil and gas extraction through the Ravva Joint Venture in which the company own 25 percent interest. Further, the amalgamation of Videocon International Limited with Company has resulted in all the assets and liabilities of Videocon International Limited being transferred to the Company and resulted in the Company acquiring Consumer Electronics and Home Appliances product business. The consumer electronics and household appliances business comprises the manufacturing and distribution of consumer electronics products, including finished goods such as colour and black and white CRT TVs and home entertainment systems, and TV components such as glass shell (panels and funnels) and CPTs and household appliances including refrigerators, washing machines, air conditioners and small appliances.

During the year under review, Eagle Corporation Limited, an Offshore Special Purpose Vehicle in which the erstwhile Videocon International Limited held 19% equity stake acquired the Global CPT business from Thomson S.A having CPT manufacturing facilities in Poland, Italy, Mexico and China along with support Research and Development facilities. Subsequently, on 13th December 2005, the Company acquired the balance 81% equity stake in Eagle Corporation Limited thereby making it a Wholly Owned Subsidiary.

In view of the enhancement in the volume of activities and proposed business strategy, the Company may have to augment its capital base for incremental requirement of funds.