ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
Cynthia Hernandez, Bar No. 285770
CHernandez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:    310-552-0130
Facsimile:    310-229-5800

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY
PURCHASING LLC; BEST BUY
ENTERPRISE SERVICES, INC.; BEST BUY
STORES, L.P.; and BESTBUY.COM, L.L.C

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No.: 3:07-cv-05944-SC<br>MDL No. 1917<br><br>[Honorable Samuel Conti]<br><br>**DECLARATION OF CYNTHIA C. HERNANDEZ IN SUPPORT OF PLAINTIFFS BEST BUY, BRANDSMART AND OFFICE DEPOT'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |
| This document relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513-SC<br><br>*Interbond Corp. of Am. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06275-SC<br><br>*Office Depot, Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06276-SC | |

Master Case No. 3:07-5944-SC

DECLARATION OF CYNTHIA C. HERNANDEZ

1. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts recited in this declaration and, if called upon to do so, I would competently testify under oath thereto.

2. I am an attorney at the law firm of Robins, Kaplan, Miller & Ciresi L.L.P., counsel for Plaintiffs Best Buy Co., Inc., Best Buy Purchasing L.L.C., Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C. and Magnolia Hi-Fi, Inc. (collectively "Best Buy") in the above-captioned action. I submit this declaration pursuant to L.R. 79-5 in support of Plaintiffs Best Buy, BrandsMart and Office Depot's (collectively "Plaintiffs") [1] Administrative Motion to File Documents Under Seal. The statements made herein are based on my personal knowledge.

3. Through this Motion, Plaintiffs seek permission to file under seal portions of their Opposition in response to the Motion for Summary Judgment on Direct Action Plaintiffs' State Law Claims on Due Process Grounds filed by Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) SDN. BHD (the "Consolidated Opposition") and the entirety of Exhibits 3-5 ("Designated Exhibits") to the Declaration of David Martinez filed in support of the Consolidated Opposition.

4. Portions of the Consolidated Opposition and the entirety of Designated Exhibits 3-5 to the Martinez Declaration ("Designated Exhibits"), contain excerpts from and/or statements derived from documents and testimony which have been designated "confidential" or "highly confidential" pursuant to the Stipulated Protective Order governing the *CRT Antitrust MDL*, which was entered by Judge Samuel Conti on June 18, 2008 (Dkt 306). The confidential/highly confidential designations were made by certain defendants in the *CRT Antitrust MDL*. To qualify as confidential or highly confidential under the Stipulated Protective Order, the information must contain trade secrets or other confidential research, development or

---

[1] "Best Buy" refers collectively to Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P. and Bestbuy.com, L.L.C. "BrandsMart" refers to Interbond Corporation of America. "Office Depot" refers to Office Depot, Inc.

Master Case No. 3:07-5944-SC - 2 -

DECLARATION OF CYNTHIA C. HERNANDEZ

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    commercial information or private or competitively sensitive information. (¶1).

2    5.    The Stipulated Protective Order requires that a party may not file any confidential material in the public record (¶10). The Stipulated Protective Order further provides that any party seeking to file any confidential material under seal must comply with Civil Local Rule 79-5 (¶¶1, 10.).

6. Portions of the Consolidated Opposition and the entirety of the Designated Exhibits contain such confidential material and, pursuant to Local Rule 79-5(e), Plaintiffs seek to submit the above material under seal in good faith in order to comply with the Protective Order in the *CRT Antitrust MDL* and the applicable Local Rules. Specifically:

7. Page 8 of the Consolidated Opposition contain information refers, contains, and/or reflects excerpts of documents and testimony that have been designated as "confidential" or "highly confidential" pursuant to the Stipulated Protective Order.

8. Exhibit 3 to the Martinez Declaration is a true and correct copy of excerpts from the deposition of Lloyd Thomas Heiser taken on July 3, 2012 in Atlanta, Georgia, designated by counsel for Hitachi Electronic Devices (USA) as Highly Confidential.

9. Exhibit 4 to the Martinez Declaration is a true and correct copy of excerpts from the deposition of Nobuhiko Kobayashi Deposition taken on July 17, 2012 in San Francisco, California, designated by counsel for Hitachi Displays, Ltd. as Highly Confidential.

10. Exhibit 5 to the Martinez Declaration is a true and correct copy of excerpts from the deposition of Roger De Moor Deposition taken on July 31, 2012 in Washington, D.C., designated by counsel for Philips Electronics North America Corporation, Inc. and Koninklijke Philips Electronics N.V. as Highly Confidential.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on this 22nd day of December 2014, at Los Angeles, California.

                             /s/ Cynthia C. Hernandez
                             Cynthia C. Hernandez