# Exhibit 8

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
jsanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
REBECCA JUSTICE LAZARUS, SBN 227330
rjustice@gibsondunn.com
JOEL WILLARD, SBN 247899
jwillard@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

Attorneys for Defendant
TATUNG COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. 3:09-CV-5609 |
| | MDL No. 3:07-MD-1827 SI |
| This Document Relates To: 3:09-CV-5609 | **ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| NOKIA CORPORATION and NOKIA INC., | |
| Plaintiffs, | |
| v. | |
| AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA, INC.; CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY; TATUNG COMPANY OF AMERICA, INC.; SEIKO EPSON CORPORATION; EPSON IMAGING DEVICES CORPORATION; EPSON ELECTRONICS AMERICA, INC.; HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; SAMSUNG ELECTRONICS CO., LTD; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SDI CO., LTD.; SAMSUNG SDI AMERICA, INC.; SHARP CORPORATION; SHARP ELECTRONICS | |

CORPORATION; TOSHIBA CORPORATION;
TOSHIBA AMERICA ELECTRONIC
COMPONENTS, INC.; TOSHIBA MOBILE
DISPLAY CO., LTD.; and TOSHIBA
AMERICA INFORMATION SYSTEMS, INC.,

Defendants.

Defendant Tatung Company ("Tatung"), by and through its undersigned counsel, hereby files its Answer to Nokia Corporation and Nokia Inc.'s First Amended Complaint ("Complaint"), filed July 23, 2010, admitting, denying, or otherwise averring as follows:

1.      Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and, on that basis, denies such allegations.

2.      To  the extent that the allegations in Paragraph 2 pertain to Tatung, Tatung denies those allegations.  To the extent the allegations in Paragraph 2 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of those allegations, and, on that basis, denies such allegations.

3.      To  the extent that the allegations in Paragraph 3 pertain to Tatung, Tatung denies those allegations.  To the extent the allegations in Paragraph 3 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of those allegations, and, on that basis, denies such allegations.

4.      On information and belief, Tatung admits that Chunghwa Picture Tubes, Ltd., Sharp Corporation, Hitachi Displays, Ltd. and Epson Imaging Devices Corporation entered into plea agreements with the Department of Justice.  Tatung states that those documents speak for themselves and refers the Court to those documents for a full and complete statement of their respective contents. Except as expressly admitted, Tatung denies the allegations contained in Paragraph 4.

5.      On information and belief , Tatung admits that LG Display Co., Ltd., LG Display America, Inc., Chi Mei Optoelectronics Corporation and HannStar Display Corporation agreed to plead guilty to single counts of violations of the Sherman Act, and agreed to pay criminal fines as

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED
COMPLAINT; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI

stated in each respective company's plea agreement. Tatung further states that the plea agreements entered into by LG Display Co., Ltd., LG Display America, Inc., Chi Mei Optoelectronics Corporation and HannStar Display Corporation speak for themselves. Tatung refers the Court to those documents for a full and complete statement of their respective contents. To the extent a further response is required, Tatung denies the allegations in Paragraph 5.

6.      On information and belief, Tatung admits that AU Optronics Corporation and AU Optronics Corporation America, Inc. were indicted on or about June 10, 2010, for participating in a conspiracy to suppress or eliminate competition by fixing the prices of TFT-LCDs for use in TVs, monitors, and notebook computers in violation of Section 1 of the Sherman Act, from September 2001 through December 2006. To the extent a further response is required, Tatung denies the allegations contained in Paragraph 6.

7.      To the extent Paragraph 7 states legal conclusions, Tatung is not required to respond. To the extent Tatung is required to respond as to allegations pertaining to other defendants, Tatung is without knowledge or information sufficient to form a belief as to the truth of those allegations, and, on that basis, denies such allegations. To the extent the allegations in Paragraph 7 pertain to Tatung, Tatung denies those allegations.

8.      Tatung admits that Nokia purports to bring this action to obtain injunctive relief and to recover damages, restitution, costs of suit, and reasonable attorneys' fees under Sections 4 and 16 of the Clayton Act (15 U.S.C. Sections 15 and 26), Section 1 of the Sherman Antitrust Act (15 U.S.C. Section 1), and the state antitrust and fair competition laws of California, Florida, and Nevada. To the extent the allegations in Paragraph 8 pertain to other defendants, Tatung is without knowledge or information sufficient to form a belief as to the truth of those allegations, and, on that basis, denies those allegations. Except as expressly admitted and to the extent the allegations in Paragraph 8 pertain to Tatung, Tatung denies the allegations contained in Paragraph 8.

9.      Tatung admits that Nokia purports to bring this action under Section 1 of the Sherman Antitrust Act (15 U.S.C. Section 1) and Sections 4 and 16 of the Clayton Act (15 U.S.C. Sections 15

ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED COMPLAINT; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI

and 26) and seeks treble damages and injunctive relief. To the extent a further response is required, Tatung denies the allegations contained in Paragraph 9.

10. Tatung admits that Nokia also purports to bring this action under the Cartwright Act (Cal. Bus. & Prof. Code Section 16750(a)), the California Unfair Competition Law (Cal. Bus. & Prof. Code Sections 17203 and 17204), the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. Ann. Section 501.211(2)), and the Nevada Unfair Trade Practices Act (Nev. Rev. Stat. Section 598A.210) and that Nokia seeks injunctive relief, actual and treble damages, and restitution pursuant to those statutes. To the extent a further response is required, Tatung denies the allegations contained in Paragraph 10.

11. The plea agreements entered into by Chunghwa Picture Tubes, Ltd., Sharp Corporation, Hitachi Displays, Ltd., Epson Imaging Devices Corporation, Chi Mei Optoelectronics Corporation, HannStar Display Corporation, and LG Display Co., Ltd. speak for themselves. Tatung refers the Court to those documents for a full and complete statement of their respective contents. Except as expressly admitted, to the extent the allegations contained in Paragraph 11 pertain to Tatung, Tatung denies such allegations. To the extent the allegations contained in Paragraph 11 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and, on that basis, denies such allegations.

12. To the extent Paragraph 12 states legal conclusions, Tatung is not required to respond. Tatung admits that Nokia purports to bring this action pursuant to the state antitrust and unfair competition laws of California, Florida, and Nevada. To the extent a further response is required, Tatung denies the allegations contained in Paragraph 12.

13. To the extent Paragraph 13 states legal conclusions, Tatung is not required to respond. To the extent a further response is required, Tatung denies the allegations contained in Paragraph 13.

14. To the extent Paragraph 14 states legal conclusions, Tatung is not required to respond. To the extent a further response is required, Tatung denies the allegations contained in Paragraph 14.

15. To the extent Paragraph 15 states legal conclusions, Tatung is not required to respond. To the extent the allegations contained in Paragraph 15 pertain to Tatung, Tatung denies such

4

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED COMPLAINT; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI

allegations. To the extent the allegations contained in Paragraph 15 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and, on that basis, denies such allegations.

16. To the extent Paragraph 16 states legal conclusions, Tatung is not required to respond. To the extent a further response is required, Tatung denies the allegations contained in Paragraph 16.

17. To the extent Paragraph 17 states legal conclusions, Tatung is not required to respond. To the extent the allegations contained in Paragraph 17 pertain to Tatung, Tatung denies such allegations. To the extent the allegations contained in Paragraph 17 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and, on that basis, denies such allegations.

18. To the extent Paragraph 18 states legal conclusions, Tatung is not required to respond. To the extent a further response is required and the allegations pertain to Tatung, Tatung denies such allegations. To the extent the allegations do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and, on that basis, denies such allegations.

19. To the extent Paragraph 19 states legal conclusions, Tatung is not required to respond. Tatung specifically denies that it sold LCDs or LCD Products to Nokia between 2001 and 2006. To the extent a further response is required and the allegations pertain to Tatung, Tatung denies such allegations. To the extent the allegations do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and, on that basis, denies such allegations.

20. To the extent Paragraph 20 states legal conclusions, Tatung is not required to respond. To the extent a further response is required, Tatung lacks information to form a belief as to the truth of the allegations contained in Paragraph 20, and, on that basis, denies such allegations.

21. Tatung admits that because Nokia's action is related to the case captioned *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Case No. 3:07-MD-1827-SII, this action was assigned to the San Francisco Division, Judge Susan Illston presiding. Tatung further admits that pursuant to Pretrial

Gibson, Dunn & Crutcher LLP

Order No. 1 in 3:07-MD-1827-SII, this case was automatically consolidated with 3:07-MD-1827-SII for all pretrial proceedings without any motion or order. To the extent Paragraph 21 states legal conclusions, Tatung is not required to respond. To the extent a further response is required, Tatung denies the allegations contained in Paragraph 21.

22.  Tatung states that the allegations contained in Paragraph 22 define the terms of the Complaint and are not averments of fact for which a response is required. To the extent a further response is required, Tatung admits that TFT-LCD and STN-LCD are glass panels composed of an array of tiny pixels that are electronically manipulated in order to display images. Tatung did not manufacture or sell LCDs, LCD panels or LCD modules, and therefore, except as expressly admitted, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and, on that basis, denies such allegations.

23.  Tatung states that the allegations contained in Paragraph 23 define the terms of the Complaint and are not averments of fact for which a response is required. To the extent a further response is required, Tatung admits that the Complaint defines certain terms as set forth in Paragraph 23, but otherwise denies the allegations contained in Paragraph 23.

24.  With respect to the first sentence of Paragraph 24, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and, on that basis, denies such allegations. To the extent the allegations in the second sentence of Paragraph 24 pertain to Tatung, Tatung denies those allegations. To the extent the allegations in the second sentence of Paragraph 24 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and, on that basis, denies such allegations. .

25.  Tatung states that the allegations contained in Paragraph 25 define the terms of the Complaint and are not averments of fact for which a response is required. To the extent a further response is required, Tatung admits that the Complaint defines certain terms as set forth in Paragraph 25, but otherwise denies the allegations contained in Paragraph 25.

26.     Tatung states that the allegations contained in Paragraph 26 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, Tatung admits that the Complaint defines certain terms as set forth in Paragraph 26, but otherwise denies the allegations contained in Paragraph 26.

27.     Tatung states that the allegations contained in Paragraph 27 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, Tatung admits that the Complaint defines certain terms as set forth in Paragraph 27, but otherwise denies the allegations contained in Paragraph 27.

28.     Tatung states that the allegations contained in Paragraph 28 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, Tatung admits that the Complaint defines certain terms as set forth in Paragraph 28, but otherwise denies the allegations contained in Paragraph 28.

29.     Tatung states that the allegations contained in Paragraph 29 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, Tatung admits that the Complaint defines certain terms as set forth in Paragraph 29, but otherwise denies the allegations contained in Paragraph 29.

30.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and, on that basis, denies such allegations.

31.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and, on that basis, denies such allegations.

32.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32, and, on that basis, denies such allegations.

33.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and, on that basis, denies such allegations.

34.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and, on that basis, denies such allegations.

ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED COMPLAINT; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI

35.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and, on that basis, denies such allegations.

36.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and, on that basis, denies such allegations.

37.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and, on that basis, denies such allegations.

38.     To the extent Paragraph 38 states legal conclusions, Tatung is not required to respond. To the extent a further response is required, Tatung denies the allegations contained in Paragraph 38.

39.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and, on that basis, denies such allegations.

40.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and, on that basis, denies such allegations.

41.     Tatung states that the allegations in the first sentence of Paragraph 41 define the terms of the Complaint and are not averments of fact for which a response is required. Tatung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41, and, on that basis, denies such allegations.

42.     On information and belief, Tatung admits that Chunghwa Picture Tubes, Ltd. is headquartered at 1127 Heping Rd., Bade City, Taoyuan, Taiwan, 334 R.O.C. and that it manufactures TFT-LCD panels. Tatung admits that the Board of Directors of Chunghwa Picture Tubes Co., Ltd. includes representatives from Tatung. Tatung admits that Wei-Shan Lin has been the Chairman of Chunghwa Picture Tubes Co., Ltd. since 2007. Tatung further admits that Wei-Shan Lin has been the Chairman of the Board of Tatung since 2005. Except as expressly admitted, Tatung denies the allegations contained in Paragraph 42.

ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED COMPLAINT; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI

43.     Tatung admits that Tatung is a consolidated consumer electronics and information technology company based in Taiwan.  Tatung further admits that Tatung's principal place of business is at 22, Sec. 3, Chung Shan N. Rd., Taipei City 104, Taiwan.  Except as expressly admitted, Tatung denies the allegations contained in Paragraph 43.

44.     On information and belief, Tatung admits that Tatung Company of America, Inc. has its principal place of business in Long Beach, California.  Tatung further admits that Tatung owns approximately half of Tatung Company of America.  Tatung specifically denies the allegation that the other half is owned by Lun Kuan Lin, the daughter of Tatung Company's former Chairman, T.S. Lin because Lun Kuan Lin is deceased.  Tatung further admits that it marketed and sold monitors containing LCD panels.  Except as expressly admitted, Tatung denies the allegations contained in Paragraph 44.

45.     Tatung states that the allegations in the first sentence of Paragraph 45 define the terms of the Complaint and are not averments of fact for which a response is required.  Tatung denies, however, the characterization of Tatung Company and Tatung America as being synonymously known as "Chunghwa" and avers that Paragraph 45 renders the Complaint indefinite and uncertain as to the distinction between Chunghwa Picture Tubes, Ltd., Tatung Company, and Tatung Company of America.  Tatung denies the allegations contained in the second sentence of Paragraph 45.  To the extent not specifically admitted or denied, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and, on that basis, denies such allegations.

46.     To the extent Paragraph 46 states legal conclusions, Tatung is not required to respond.  On information and belief, Tatung admits that Chieng-Yuan Lin served as Chairman and President of Chunghwa Picture Tubes Co., Ltd from approximately February 1, 2001 to approximately May 1, 2003.  On information and belief, Tatung further admits that Chieng-Hon Lin served as Chairman and President of Chunghwa Picture Tubes Co., Ltd. from approximately May 1, 2003 to approximately March 29, 2007.  Except as expressly admitted, Tatung denies the allegations contained in Paragraph 46.

9

47.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and, on that basis, denies such allegations.

48.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and, on that basis, denies such allegations.

49.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and, on that basis, denies such allegations.

50.     Tatung states that the allegations in the first sentence of Paragraph 50 define the terms of the Complaint and are not averments of fact for which a response is required.  Tatung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50, and, on that basis, denies such allegations.

51.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and, on that basis, denies such allegations.

52.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and, on that basis, denies such allegations.

53.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and, on that basis, denies such allegations.

54.     Tatung states that the allegations in the first sentence of Paragraph 54 define the terms of the Complaint and are not averments of fact for which a response is required.  Tatung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54, and, on that basis, denies such allegations.

55.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and, on that basis, denies such allegations.

56.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and, on that basis, denies such allegations.

57.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, and, on that basis, denies such allegations.

ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED COMPLAINT; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI

58.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and, on that basis, denies such allegations.

59.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and, on that basis, denies such allegations.

60.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and, on that basis, denies such allegations.

61.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and, on that basis, denies such allegations.

62.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and, on that basis, denies such allegations.

63.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, on that basis, denies such allegations.

64.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and, on that basis, denies such allegations.

65.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65, and, on that basis, denies such allegations.

66.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66, and, on that basis, denies such allegations.

67.     Tatung states that the allegations in the first sentence of Paragraph 67 define the terms of the Complaint and are not averments of fact for which a response is required.  Tatung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67, and, on that basis, denies such allegations.

68.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, and, on that basis, denies such allegations.

69.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

70.      Tatung states that the allegations in the first sentence of Paragraph 70 define the terms of the Complaint and are not averments of fact for which a response is required.  Tatung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70, and, on that basis, denies such allegations.

71.      Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, and, on that basis, denies such allegations.

72.      Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72, and, on that basis, denies such allegations.

73.      Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, and, on that basis, denies such allegations.

74.      Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74, and, on that basis, denies such allegations.

75.      Tatung states that the allegations in the first sentence of Paragraph 75 define the terms of the Complaint and are not averments of fact for which a response is required.  Tatung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 75, and, on that basis, denies such allegations.

76.      To the extent Paragraph 76 states legal conclusions, Tatung is not required to respond.  To the extent a further response is required, Tatung denies the allegations contained in Paragraph 76.

77.      To the extent the allegations contained in Paragraph 77 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 77 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77, and, on that basis, denies such allegations.

78.      Tatung admits that it sold monitors and televisions in the United States in the years 2001 through 2006.   Except as expressly admitted, to the extent the allegations contained in Paragraph 78 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 78 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

12

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED COMPLAINT; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI

79.     To the extent a further response is required, Tatung denies the allegations contained in paragraph 79.

80.     To the extent Paragraph 80 states legal conclusions, Tatung is not required to respond. To the extent a further response is required, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, on that basis, denies such allegations.

81.     Tatung admits the allegations contained in the first sentence of Paragraph 81. Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 81, and, on that basis, denies such allegations.

82.     Tatung admits that TFT-LCD and STN-LCD are glass panels composed of an array of tiny pixels that are electronically manipulated in order to display images. Tatung does not manufacture LCD panels, and therefore, except as expressly admitted, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 82, and, on that basis, denies such allegations.

83.     Tatung does not manufacture LCD panels, and therefore, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83.

84.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84, and, on that basis, denies such allegations.

85.     Tatung denies the allegations contained in Paragraph 85.

86.     Tatung denies the allegations contained in Paragraph 86.

87.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87, and, on that basis, denies such allegations.

88.     Tatung denies the allegations contained in Paragraph 88.

89.     On information and belief, Tatung admits that LG.Philips LCD Co., Ltd., AU Optronics, Toshiba Matsushita, and IPS Alpha were created, that Fujitsu Limited transferred its TFT-LCD business to Sharp, and that AU Optronics acquired Quanta Display, Inc. during the alleged Conspiracy Period. Except as expressly admitted, Tatung is without knowledge or information

13

ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED
COMPLAINT; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI

sufficient to form a belief as to the truth of the allegations contained in Paragraph 89, and, on that basis, denies such allegations.

90.     To the extent the allegations contained in Paragraph 90 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 90 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90, and, on that basis, denies such allegations.

91.     To the extent the allegations contained in Paragraph 91 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 91 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91, and, on that basis, denies such allegations.

92.     Tatung admits that TFT-LCD panels have value as components for LCD Products. Except as expressly admitted, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92, and, on that basis, denies such allegations.

93.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93, and, on that basis, denies such allegations.

94.     Tatung denies the allegations contained in Paragraph 94.

95.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95, and, on that basis, denies such allegations.

96.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96, and, on that basis, denies such allegations.

97.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, and, on that basis, denies such allegations.

98.     To the extent the allegations contained in Paragraph 98 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 98 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, and, on that basis, denies such allegations.

99.     Tatung denies the allegations contained in Paragraph 99.

14

Gibson, Dunn & Crutcher LLP

1    100.    Tatung denies the allegations contained in Paragraph 100.

2    101.    Tatung denies the allegations contained in Paragraph 101.

3    102.    Tatung denies the allegations contained in Paragraph 102.

4    103.    To the extent the allegations contained in Paragraph 103 pertain to Tatung, Tatung

5  denies such allegations.  To the extent the allegations contained in Paragraph 103 do not pertain to

6  Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the

7  allegations, and, on that basis, denies such allegations.

8    104.    Tatung is without knowledge or information sufficient to form a belief as to the truth

9  of the allegations contained in Paragraph 104, and, on that basis, denies such allegations.

10    105.    Tatung is without knowledge or information sufficient to form a belief as to the truth

11  of the allegations contained in Paragraph 105, and, on that basis, denies such allegations.

12    106.    To the extent the allegations contained in Paragraph 106 pertain to Tatung, Tatung

13  denies such allegations.  To the extent the allegations contained in Paragraph 106 do not pertain to

14  Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the

15  allegations, and, on that basis, denies such allegations.

16    107.    To the extent the allegations contained in Paragraph 107 pertain to Tatung, Tatung

17  denies such allegations.  To the extent the allegations contained in Paragraph 107 do not pertain to

18  Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the

19  allegations, and, on that basis, denies such allegations.

20    108.    To the extent the allegations contained in Paragraph 108 pertain to Tatung, Tatung

21  denies such allegations.  To the extent the allegations contained in Paragraph 108 do not pertain to

22  Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the

23  allegations, and, on that basis, denies such allegations.

24    109.    To the extent the allegations contained in Paragraph 109 pertain to Tatung, Tatung

25  denies such allegations.  To the extent the allegations contained in Paragraph 109 do not pertain to

26  Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the

27  allegations, and, on that basis, denies such allegations.

28

Gibson, Dunn &
Crutcher LLP

15

110.    To the extent the allegations contained in Paragraph 110 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 110 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

111.    To the extent the allegations contained in Paragraph 111 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 111 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

112.    To the extent the allegations contained in Paragraph 112 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 112 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

113.    To the extent the allegations contained in Paragraph 113 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 113 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

114.    To the extent the allegations contained in Paragraph 114 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 114 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

115.    To the extent the allegations contained in Paragraph 115 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 115 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

116.    To the extent the allegations contained in Paragraph 116 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 116 do not pertain to

Gibson, Dunn & Crutcher LLP

Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

117. To the extent the allegations contained in Paragraph 117 pertain to Tatung, Tatung denies such allegations. To the extent the allegations contained in Paragraph 117 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

118. To the extent the allegations contained in Paragraph 118 pertain to Tatung, Tatung denies such allegations. To the extent the allegations contained in Paragraph 118 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118, and, on that basis, denies such allegations.

119. To the extent the allegations contained in Paragraph 119 pertain to Tatung, Tatung denies such allegations. To the extent the allegations contained in Paragraph 119 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

120. To the extent the allegations contained in Paragraph 120 pertain to Tatung, Tatung denies such allegations. To the extent the allegations contained in Paragraph 120 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

121. To the extent the allegations contained in Paragraph 121 pertain to Tatung, Tatung denies such allegations. To the extent the allegations contained in Paragraph 121 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

122. Tatung states that the indictment referred to in Paragraph 122 speaks for itself. Tatung refers the Court to that document for a full and complete statement of its content. To the extent the allegations contained in Paragraph 122 pertain to Tatung, Tatung denies such allegations. To the extent the allegations contained in Paragraph 122 do not pertain to Tatung, Tatung is without

17

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED COMPLAINT; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI

knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

123. Tatung states that the indictment referred to in Paragraph 123 speaks for itself. Tatung refers the Court to that document for a full and complete statement of its content. To the extent a further response is required, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123, and, on that basis, denies such allegations.

124. To the extent the allegations contained in Paragraph 124 pertain to Tatung, Tatung denies such allegations. To the extent the allegations in Paragraph 124 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124, and, on that basis, denies such allegations.

125. To the extent the allegations contained in Paragraph 125 pertain to Tatung, Tatung denies such allegations. To the extent the allegations contained in Paragraph 125 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125, and, on that basis, denies such allegations.

126. On information and belief, Tatung admits that Chunghwa Picture Tubes, Ltd. entered into a plea agreement with the U.S. Department of Justice on November 10, 2008, the contents of which speak for itself. Tatung refers the Court to that document for a full and complete statement of its contents. Except as expressly admitted, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126, and, on that basis, denies such allegations.

127. Tatung states that the plea agreements referred to in Paragraph 127 speak for themselves. Tatung refers the Court to those documents for a full and complete statement of their contents. To the extent the allegations contained in Paragraph 127 pertain to Tatung, Tatung denies such allegations. To the extent the allegations contained in Paragraph 127 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127, and, on that basis, denies such allegations.

ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED COMPLAINT; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI

128.     Tatung states that the indictment referred to in Paragraph 128 speaks for itself.  Tatung refers the Court to that document for a full and complete statement of its contents.  To the extent the allegations contained in Paragraph 128 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 128 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128, and, on that basis, denies such allegations.

129.     To the extent the allegations contained in Paragraph 129 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 129 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129, and, on that basis, denies such allegations.

130.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130, and, on that basis, denies such allegations.

131.     Tatung states that the plea agreement referenced in Paragraph 131 speaks for itself.  Tatung refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132, and, on that basis, denies such allegations.

132.     To the extent the allegations contained in Paragraph 132 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 132 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132, and, on that basis, denies such allegations.

133.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133, and, on that basis, denies such allegations.

134.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134, and, on that basis, denies such allegations.

135.     Tatung states that the plea agreement referenced in Paragraph 135 speaks for itself.  Tatung refers the Court to that document for a full and complete statement of its contents.  To the

19

extent a further response is required, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135, and, on that basis, denies such allegations.

136.     Tatung states that the indictment referred to in Paragraph 136 speaks for itself.  To the extent a further response is required, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136, and, on that basis, denies such allegations.

137.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137, and, on that basis, denies such allegations.

138.     To the extent the allegations contained in Paragraph 138 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 138 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138, and, on that basis, denies such allegations.

139.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139, and, on that basis, denies such allegations.

140.     To the extent the allegations contained in Paragraph 140 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 140 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140, and, on that basis, denies such allegations.

141.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141, and, on that basis, denies such allegations.

142.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142, and, on that basis, denies such allegations.

143.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143, and, on that basis, denies such allegations.

144.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144, and, on that basis, denies such allegations.

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED COMPLAINT; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI

145.    Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145, and, on that basis, denies such allegations.

146.    Tatung states that the plea agreement referenced in Paragraph 146 speaks for itself. Tatung refers the Court to that document for a full and complete statement of its contents.  To the extent a further response is required, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146, and, on that basis, denies such allegations.

147.    Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147, and, on that basis, denies such allegations.

148.    Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148, and, on that basis, denies such allegations.

149.    Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149, and, on that basis, denies such allegations.

150.    Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150, and, on that basis, denies such allegations.

151.    To the extent Paragraph 151 states legal conclusions, Tatung is not required to respond.  To the extent a further response is required, Tatung states that the allegations contained in Paragraph 151 define the terms of the Complaint and are not averments of fact for which a response is required.  To the extent a further response is required, TUD denies such allegations.

152.    To the extent Paragraph 152 states legal conclusions, Tatung is not required to respond.   To the extent a further response is required, on information and belief, Tatung admits that Chunghwa Picture Tubes, Ltd., Epson, Hitachi and Sharp have entered plea agreements with the U.S. Department of Justice.  Tatung state that the contents of those documents speak for themselves and refers the Court to those documents for a full description of their contents.  To the extent the allegations contained in Paragraph 152 pertain to Tatung, Tatung denies such allegations.  Except as expressly admitted, to the extent the allegations in Paragraph 152 do not pertain to Tatung, Tatung is

Gibson, Dunn & Crutcher LLP

1 without knowledge or information sufficient to form a belief as to the truth of the allegations

2 contained in Paragraph 152, and, on that basis, denies such allegations.

3      153.    To the extent the allegations contained in Paragraph 153 pertain to Tatung, Tatung

4 denies such allegations. To the extent the allegations contained in Paragraph 153 do not pertain to

5 Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the

6 allegations contained in Paragraph 153, and, on that basis, denies such allegations.

7      154.    To the extent the allegations contained in Paragraph 154 pertain to Tatung, Tatung

8 denies such allegations. To the extent the allegations contained in Paragraph 154 do not pertain to

9 Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the

10 allegations contained in Paragraph 154, and, on that basis, denies such allegations.

11      155.    Tatung is without knowledge or information sufficient to form a belief as to the truth

12 of the allegations contained in Paragraph 155, and, on that basis, denies such allegations.

13      156.    To the extent the allegations contained in Paragraph 156 pertain to Tatung, Tatung

14 denies such allegations. To the extent the allegations contained in Paragraph 156 do not pertain to

15 Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the

16 allegations contained in Paragraph 156, and, on that basis, denies such allegations.

17      157.    Tatung is without knowledge or information sufficient to form a belief as to the truth

18 of the allegations contained in Paragraph 157, and, on that basis, denies such allegations.

19      158.    To the extent the allegations contained in Paragraph 158 pertain to Tatung, Tatung

20 denies such allegations. To the extent the allegations contained in Paragraph 158 do not pertain to

21 Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the

22 allegations contained in Paragraph 158, and, on that basis, denies such allegations.

23      159.    To the extent the allegations contained in Paragraph 159 pertain to Tatung, Tatung

24 denies such allegations. To the extent the allegations contained in Paragraph 159 do not pertain to

25 Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the

26 allegations contained in Paragraph 159, and, on that basis, denies such allegations.

27

28

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED
COMPLAINT; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI

160.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 160, and, on that basis, denies such allegations.  To the extent the allegations contained in the second sentence of Paragraph 160 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in the second sentence of Paragraph 160 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

161.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161, and, on that basis, denies such allegations.

162.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162, and, on that basis, denies such allegations.

163.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163, and, on that basis, denies such allegations.

164.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164, and, on that basis, denies such allegations.

165.     To the extent the allegations contained in Paragraph 165 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 165 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165, and, on that basis, denies such allegations.

166.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166, and, on that basis, denies such allegations.

167.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167, and, on that basis, denies such allegations.

168.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168, and, on that basis, denies such allegations.

169.     To the extent the allegations contained in Paragraph 169 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 169 do not pertain to

1   Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the

2   allegations, and, on that basis, denies such allegations.

3       170.    Tatung is without knowledge or information sufficient to form a belief as to the truth

4   of the allegations contained in Paragraph 170, and, on that basis, denies such allegations.

5       171.    To the extent the allegations contained in Paragraph 171 pertain to Tatung, Tatung

6   denies such allegations.  To the extent the allegations contained in Paragraph 171 do not pertain to

7   Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the

8   allegations, and, on that basis, denies such allegations.

9       172.    Tatung is without knowledge or information sufficient to form a belief as to the truth

10  of the allegations contained in Paragraph 172, and, on that basis, denies such allegations.

11      173.    To the extent the allegations contained in Paragraph 173 pertain to Tatung, Tatung

12  denies such allegations.  To the extent the allegations contained in Paragraph 173 do not pertain to

13  Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the

14  allegations, and, on that basis, denies such allegations.

15      174.    Tatung is without knowledge or information sufficient to form a belief as to the truth

16  of the allegations contained in Paragraph 174, and, on that basis, denies such allegations.

17      175.    Tatung states that the Securities and Exchange Commission filing referred to in

18  Paragraph 175 speaks for itself.  Tatung refers the Court to that document for a full and complete

19  statement of its contents.  To the extent a further response is required, Tatung is without knowledge

20  or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175,

21  and, on that basis, denies such allegations.

22      176.    The news reports and DOJ statements referred to in Paragraph 176 speak for

23  themselves.  Tatung refers the Court to those documents for a full and complete statement of their

24  contents.  To the extent a response is required, Tatung is without knowledge or information sufficient

25  to form a belief as to the truth of the allegations contained in Paragraph 176, and, on that basis, denies

26  such allegations.

27

28

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED
COMPLAINT; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI

177.    Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177, and, on that basis, denies such allegations.

178.    On information and belief, Tatung admits that Chunghwa Picture Tubes, Ltd., Sharp Corporation, Hitachi Displays, and Epson Imaging entered into plea agreements with the United States Department of Justice, the contents of which speak for themselves. Tatung further admits that Cheng Yuan Lin, Wen Jun Cheng, AU Optronics Corporation and AU Optronics Corporation America were indicted on or about June 10, 2010, for participating in a conspiracy to suppress or eliminate competition by fixing the prices of TFT-LCDs for use in TVs, monitors, and notebook computers in violation of Section 1 of the Sherman Act, from September 2001 through December 2006. Tatung refers the Court to the indictments for a full and complete statement of their contents. To the extent the allegations contained in Paragraph 178 pertain to Tatung, Tatung denies such allegations. To the extent the allegations contained in Paragraph 178 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178, and, on that basis, denies such allegations.

179.    Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179, and, on that basis, denies such allegations.

180.    The European Commission's press release referred to in the first sentence of Paragraph 180 speaks for itself. Tatung refers the Court to that document for a full and complete statement of its contents. To the extent the allegations contained in Paragraph 180 pertain to Tatung, Tatung denies such allegations. To the extent the allegations contained in Paragraph 180 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180, and, on that basis, denies such allegations.

181.    Tatung admits that the Attorneys General of Illinois, Oregon, and Washington have intervened in the MDL to object to the settlement of indirect purchaser claims against Epson arising from purchases of TFT-LCD Products by citizens of those states. Except as expressly admitted, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181, and, on that basis, denies such allegations.

182. To the extent the allegations contained in Paragraph 182 pertain to Tatung, Tatung denies such allegations. To the extent the allegations contained in Paragraph 182 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182.

183. On information and belief, Tatung admits that the DOJ and other international authorities are conducting investigations related to color display tubes and color picture tubes. Tatung admits that color display tubes are used to manufacture computer monitors. Tatung admits that color picture tubes are used to manufacture televisions. Except as expressly admitted, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183, and, on that basis, denies such allegations.

184. Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184, and, on that basis, denies such allegations.

185. On information and belief, Tatung admits that antitrust authorities in the European Union, Japan, and South Korea visited CRT manufacturers in November 2007. The Samsung press release referred to in Paragraph 185 speaks for itself. Tatung refers the Court to that document for a full and complete statement of its contents. Except as expressly admitted, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185, and, on that basis, denies such allegations.

186. On information and belief, Tatung admits that the European Commission is conducting an investigation related to color display tubes and color pictures tubes. To the extent the allegations contained in Paragraph 186 pertain to Tatung, Tatung denies such allegations. To the extent the allegations contained in Paragraph 186 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186, and, on that basis, denies such allegations.

187. Tatung states that the Annual Reports referred to in Paragraph 187 speak for themselves. Tatung refers the Court to those documents for a full and complete statement of their contents. To the extent the allegations contained in Paragraph 187 pertain to Tatung, Tatung denies

such allegations. To the extent the allegations contained in Paragraph 187 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 186, and, on that basis, denies such allegations.

188. Tatung states that the Hungarian Competition Authority's announcement referred to in Paragraph 188 speaks for itself. Tatung refers the Court to that document for a full and complete statement of its contents. To the extent a further response is required, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188, and, on that basis, denies such allegations.

189. Tatung states that the DOJ announcement referred to in Paragraph 189 speaks for itself. Tatung refers the Court to that document for a full and complete statement of its contents. Tatung states that the indictments referred to in Paragraph 189 also speak for themselves. Tatung refers the Court to those documents for a full and complete statement of their contents. To the extent a further response is required, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189, and, on that basis, denies such allegations.

190. Tatung states that Samsung's guilty plea referred to in Paragraph 190 speaks for itself. Tatung refers the Court to that document for a full and complete statement of its contents. Tatung also states that the European Commission settlements with Samsung, Hitachi, and Toshiba also speak for themselves. Tatung refers the Court to those documents for a full and complete statement of their contents. To the extent a further response is required, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190, and, on that basis, denies such allegations.

191. Tatung states that the news sources referred to in Paragraph 191 speak for themselves. Tatung refers the Court to those documents for a full and complete statement of their contents. Tatung states that the Royal Philips 2009 Annual Report referred to in Paragraph 191 also speaks for itself. Tatung refers the Court to that document for a full and complete statement of its contents. To the extent a further response is required, Tatung is without knowledge or information sufficient to

Gibson, Dunn & Crutcher LLP

form a belief as to the truth of the allegations contained in Paragraph 191, and, on that basis, denies such allegations.

192.     Tatung denies the allegations contained in Paragraph 192.

193.     To the extent Paragraph 193 states legal conclusions, Tatung is not required to respond.  To the extent a further response is required, Tatung denies the allegations contained in Paragraph 193.

194.     To the extent Paragraph 194 states legal conclusions, Tatung is not required to respond.  To the extent a further response is required, Tatung denies the allegations contained in Paragraph 194.

195.     Tatung denies the allegations contained in Paragraph 195 to the extent such allegations pertain to Tatung.  To the extent the allegations contained in Paragraph 195 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on that basis, denies such allegations.

196.     To the extent Paragraph 196 states legal conclusions, Tatung is not required to respond.  To the extent a further response is required, Tatung denies the allegations contained in Paragraph 196 to the extent such allegations pertain to Tatung.  To the extent the allegations contained in Paragraph 196 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196, and, on that basis, denies such allegations.

197.     To the extent the allegations contained in Paragraph 197 pertain to Tatung, Tatung denies such allegations.  To the extent the allegations contained in Paragraph 197 do not pertain to Tatung, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 197, and, on that basis, denies such allegations.

198.     Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198, and, on that basis, denies such allegations.

Gibson, Dunn & Crutcher LLP

ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED COMPLAINT; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI

199. Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199, and, on that basis, denies such allegations.

200. Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200, and, on that basis, denies such allegations.

201. Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201, and, on that basis, denies such allegations.

202. Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202, and, on that basis, denies such allegations.

203. Tatung states that the public quotations referred to in Paragraph 203 speak for themselves. Tatung refers the Court to the source of those quotations for a full and complete statement of their contents. Except as expressly admitted, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203, and, on that basis, denies such allegations.

204. Tatung states that the interview referred to in Paragraph 204 speaks for itself. Tatung refers the Court to that interview for a full and complete statement of its contents. To the extent a further response is required, Tatung is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204, and, on that basis, denies such allegations.

205. To the extent Paragraph 205 states legal conclusions, Tatung is not required to respond. To the extent a further response is required, Tatung denies the allegations contained in Paragraph 205.

206. Tatung hereby incorporates, as though fully set forth herein, each and every denial, admission, and averment set forth in the preceding paragraphs of this Answer.

207. Tatung denies the allegations contained in Paragraph 207.

208. Tatung denies the allegations contained in Paragraph 208.

209. Tatung denies the allegations contained in Paragraph 209.

210. Tatung denies the allegations contained in Paragraph 210.

Gibson, Dunn & Crutcher LLP

29

211.     To the extent Paragraph 211 states a legal conclusion, Tatung is not required to respond.  To the extent a response is required, Tatung denies the allegations contained in Paragraph 211.

212.     To the extent Paragraph 212 states a legal conclusion, Tatung is not required to respond.  To the extent a response is required, Tatung denies the allegations contained in Paragraph 212.

213.     To the extent Paragraph 213 states a legal conclusion, Tatung is not required to respond.  To the extent a response is required, Tatung denies the allegations contained in Paragraph 213

214.     To the extent Paragraph 214 states a legal conclusion, Tatung is not required to respond.  To the extent a response is required, Tatung denies the allegations contained in Paragraph 214.

215.     Tatung hereby incorporates, as though fully set forth herein, each and every denial, admission, and averment set forth in the preceding paragraphs of this Answer.

216.     To the extent Paragraph 216 states a legal conclusion, Tatung is not required to respond.  To the extent a response is required, Tatung denies the allegations contained in Paragraph 216.

217.     To the extent Paragraph 217 states a legal conclusion, Tatung is not required to respond.  To the extent a response is required, Tatung denies the allegations contained in Paragraph 217.

218.     To the extent Paragraph 218 states a legal conclusion, Tatung is not required to respond.  To the extent a response is required, Tatung denies the allegations contained in Paragraph 218.

219.     To the extent Paragraph 219 states a legal conclusion, Tatung is not required to respond.  To the extent a response is required, Tatung denies the allegations contained in Paragraph 219.

Gibson, Dunn &
Crutcher LLP

ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED
COMPLAINT; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI

## IX. PRAYER FOR RELIEF

In answer to the Prayer for Relief, Tatung denies each and every allegation in the Prayer and further specifically denies that Plaintiff is entitled to any of the relief described or to any remedy whatsoever against Tatung.

All allegations of the Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

### ADDITIONAL DEFENSES

Without assuming any burden that it would not otherwise bear, and reserving its right to amend their Answer to assert additional defenses as they may become known during discovery, Tatung asserts the following affirmative and additional defenses:

### FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiff has failed to allege fraudulent concealment with particularity.

### THIRD ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered cognizable antitrust injury.

### FOURTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no injury in fact.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint does not adequately define the relevant market or products allegedly affected by the alleged conduct of Tatung that is the subject of the Complaint.

### SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff does not have standing.

Gibson, Dunn & Crutcher LLP

1

### SEVENTH ADDITIONAL DEFENSE

2

The relief sought by Plaintiff is barred, in whole or in part, because the alleged damages

3

sought are too speculative and uncertain, and because of the impossibility of the ascertainment and

4

allocation of such alleged damages.

5

### EIGHTH ADDITIONAL DEFENSE

6

To the extent there is a finding of an illegal overcharge, Plaintiff's claims are barred, in whole

7

or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not

8

passed through to Plaintiff or Plaintiff's purported assignor.

9

### NINTH ADDITIONAL DEFENSE

10

Any award of treble damages, punitive damages and/or restitution to Plaintiff would be

11

duplicative and would violate the Excessive Due Processes Clauses of the United States Constitution.

12

### TENTH ADDITIONAL DEFENSE

13

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of Tatung that is

14

the subject of the Complaint occurred outside of the jurisdiction of the Court.

15

### ELEVENTH ADDITIONAL DEFENSE

16

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege facts

17

sufficient to support jurisdiction under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a,

18

for any claim in the Complaint.

19

### TWELFTH ADDITIONAL DEFENSE

20

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to recover

21

damages, if any, based on sales outside the United States.

22

### THIRTEENTH ADDITIONAL DEFENSE

23

Plaintiff's claims are barred, in whole or in part, because those claims are subject to

24

arbitration.

25

### FOURTEENTH ADDITIONAL DEFENSE

26

Tatung hereby adopts and incorporates by reference any additional defenses asserted by the

27

other Defendants in this proceeding insofar as those defenses may properly be asserted by Tatung.

28

Gibson, Dunn &
Crutcher LLP

## **FIFTEENTH ADDITIONAL DEFENSE**

Tatung reserves the right to assert any additional defenses that may be applicable to any claim asserted by Plaintiff.

DATED: March 15, 2011

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS (jsanders@gibsondunn.com)
RACHEL S. BRASS (rbrass@gibsondunn.com)
REBECCA JUSTICE LAZARUS (rjustice@gibsondunn.com)
JOEL WILLARD (jwillard@gibsondunn.com)


By: _____/s/ Joel S. Sanders_____
                          Joel S. Sanders

Attorneys for Defendant
TATUNG COMPANY

33

Gibson, Dunn &
Crutcher LLP

# DECLARATION OF SERVICE

I, Suzanne Maruschak, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission St., Ste. 3000, San Francisco, California 94105, in said County and State. On March 15, 2011, I served the within:

**ANSWER OF DEFENDANT TATUNG COMPANY TO NOKIA CORPORATION AND NOKIA INC.'S FIRST AMENDED COMPLAINT**

to all parties as follows:

☑    **BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed document utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on March 15, 2011. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Certificate of Service was executed by me on March 15, 2011, at San Francisco, California.

                 /s/ Suzanne Maruschak
                    Suzanne Maruschak

Gibson, Dunn &
Crutcher LLP

DECLARATION OF SERVICE; CASE NO. 09-5609; MASTER FILE NO. M-07-1827-SI