# Exhibit 11

1 | NIALL E. LYNCH (State Bar No. 157959)
2 | MICHAEL L. SCOTT (State Bar No. 165452)
  | HEATHER S. TEWKSBURY (State Bar No. 222202)
3 | ALEXANDRA J. SHEPARD (State Bar No. 205143)
  | DAVID J. WARD (State Bar No. 239504)
4 | Antitrust Division
  | U.S. Department of Justice
5 | 450 Golden Gate Avenue
  | Box 36046, Room 10-0101
6 | San Francisco, CA 94102
  | Telephone: (415) 436-6660

**FILED**

FEB 2 7 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7 | Attorneys for the United States

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

11 | UNITED STATES OF AMERICA )
   |                          )   Case No. CR 09-0045 SI
12 |            v.            )
   |                          )
13 | CHIH-CHUN "C.C." LIU,     )
   |                          )
14 |            Defendant.    )
   |                          )

15

16 | **PLEA AGREEMENT**

17 | The United States of America and Chih-Chun "C.C." Liu ("defendant") hereby enter into

18 | the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal

19 | Procedure ("Fed. R. Crim. P."):

20 | **RIGHTS OF DEFENDANT**

21 | 1.    The defendant understands his rights:

22 |       (a)    to be represented by an attorney;

23 |       (b)    to be charged by Indictment;

24 |       (c)    as a permanent resident of Taiwan, Republic of China and holder of a

25 | Taiwan passport, to decline to accept service of the Summons in this case, and to contest

26 | the jurisdiction of the United States to prosecute this case against him in the United States

27 | District Court for the Northern District of California;

28 |       (d)    to plead not guilty to any criminal charge brought against him;

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 1

(e)     to have a trial by jury, at which he would be presumed not

guilty of the charge and the United States would have to prove every essential element of

the charged offense beyond a reasonable doubt for him to be found guilty;

(f)     to confront and cross-examine witnesses against him and to

subpoena witnesses in his defense at trial;

(g)     not to be compelled to incriminate himself;

(h)     to appeal his conviction, if he is found guilty; and

(i)     to appeal the imposition of sentence against him.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.      The defendant knowingly and voluntarily waives the rights set out in Paragraph

1(b)-(h) above, including all jurisdictional defenses to the prosecution of this case, and agrees

voluntarily to consent to the jurisdiction of the United States to prosecute this case against him in

the United States District Court for the Northern District of California. The defendant also

knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other

writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under

28 U.S.C. § 2241 or 2255, that challenges the sentence imposed by the Court if that sentence is

consistent with or below the recommended sentence in Paragraph 8 of this Plea Agreement,

regardless of how the sentence is determined by the Court. This agreement does not affect the

rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) and (c). Nothing in

this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies he may

otherwise have on appeal or collateral attack respecting claims of ineffective assistance of

counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive

indictment and plead guilty at arraignment to a one-count Information to be filed in the United

States District Court for the Northern District of California. The Information will charge the

defendant with participating in a conspiracy to suppress and eliminate competition by fixing the

prices of thin-film transistor liquid crystal display panels ("TFT-LCD") sold in the United States

and elsewhere, from on or about September 14, 2001, to on or about July 8, 2005, in violation of

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 2

1 | the Sherman Antitrust Act, 15 U.S.C. § 1.

2 | 3. The defendant, pursuant to the terms of this Plea Agreement, will
3 | plead guilty to the criminal charge described in Paragraph 2, above, and will make a factual
4 | admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph
5 | 4, below. The United States agrees that at the arraignment, it will stipulate to the release of the
6 | defendant on his personal recognizance, pursuant to 18 U.S.C. § 3142, pending the sentencing
7 | hearing in this case.

8 | **FACTUAL BASIS FOR OFFENSE CHARGED**

9 | 4. Had this case gone to trial, the United States would have presented
10 | evidence sufficient to prove the following facts:

11 | (a) For purposes of this Plea Agreement, the "relevant period" is
12 | that period from on or about September 14, 2001, to on or about July 8, 2005. During the
13 | relevant period, the defendant was Vice President of Sales of Chunghwa Picture Tubes,
14 | Ltd., an entity organized and existing under the laws of Taiwan, Republic of China, with
15 | its principal place of business in Taoyuan, Taiwan, Republic of China. During the
16 | relevant period, Chunghwa Picture Tubes, Ltd. was a producer of TFT-LCD and was
17 | engaged in the sale of TFT-LCD in the United States and elsewhere. TFT-LCD are glass
18 | panels composed of an array of tiny pixels that are electronically manipulated in order to
19 | display images. TFT-LCD are manufactured in a broad range of sizes and specifications
20 | for use in televisions, notebook computers, desktop monitors, mobile devices, and other
21 | applications.

22 | (b) During the relevant period, the defendant participated in a conspiracy
23 | with other persons and entities engaged in the manufacture and sale of TFT-LCD, the
24 | primary purpose of which was to fix the price of TFT-LCD sold in the United States and
25 | elsewhere. In furtherance of the conspiracy, the defendant engaged in conversations and
26 | attended meetings, including group meetings commonly referred to by the participants as
27 | "crystal meetings," with representatives of other major TFT-LCD producing firms.
28 | During such meetings and conversations, agreements were reached to fix the price of

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 3

1    TFT-LCD to be sold in the United States and elsewhere.  The defendant was a manager or

2    supervisor in the conspiracy, which involved at least five participants.

3          (c)      During the relevant period, TFT-LCD sold by one or more of the

4    conspirator firms, and equipment and supplies necessary to the production and

5    distribution of TFT-LCD, as well as payments for TFT-LCD, traveled in interstate and

6    foreign commerce.  The business activities of Chunghwa Picture Tubes, Ltd. and co-

7    conspirators in connection with the production and sale of TFT-LCD affected by this

8    conspiracy were within the flow of, and substantially affected, interstate and foreign trade

9    and commerce.

10          (d)      Acts in furtherance of this conspiracy were carried out within the

11    Northern District of California.  TFT-LCD affected by this conspiracy were sold by one

12    or more of the conspirators to customers in this District.

13                          **POSSIBLE MAXIMUM SENTENCE**

14    5.      The defendant understands that the statutory maximum penalty which may be

15    imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act

16    is:

17          (a)      a term of imprisonment for ten (10) years (15 U.S.C. § 1);

18          (b)      a fine in an amount equal to the greatest of (1) $1 million, (2) twice the

19    gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross

20    pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18

21    U.S.C. § 3571(b) and (d)); and

22          (c)      a term of supervised release of three (3) years following any term of

23    imprisonment.  If the defendant violates any condition of supervised release, the

24    defendant could be imprisoned for up to two (2) years (18 U.S.C. § 3559(a)(3); 18 U.S.C.

25    § 3583(b)(2) and (e)(3); and United States Sentencing Guidelines ("U.S.S.G.,"

26    "Sentencing Guidelines," or "Guidelines") § 5D1.2(a)(2)).

27    6.      In addition, the defendant understands that:

28          (a)      pursuant to U.S.S.G. §5 E1.1 or 18 U.S.C. § 3663(a)(3) or 3583(d), the

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 4

1  Court may order him to pay restitution to the victims of the offense; and

2        (b)    pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the

3  defendant to pay a $100.00 special assessment upon conviction for the charged crime.

4  ### SENTENCING GUIDELINES

5      7.    The defendant understands that the Sentencing Guidelines are advisory, not

6  mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing,

7  along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing

8  sentence. The defendant understands that the Guidelines determinations will be made by the

9  Court by a preponderance-of-the-evidence standard. The defendant understands that although the

10 Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its

11 sentence must be reasonable, based upon consideration of all relevant sentencing factors set forth

12 in 18 U.S.C. § 3553(a).

13 ### SENTENCING AGREEMENT

14     8.    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant

15 agree that the appropriate disposition of this case is, and agree to recommend jointly that the

16 Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of

17 $30,000 payable in full before the fifteenth (15th) day after the date of judgment; a period of

18 imprisonment of 210 days; no order of restitution, and no period of supervised release ("the

19 recommended sentence"). The defendant agrees that he will not request that he be allowed to

20 serve any part of his sentence in home detention, intermittent confinement, or community

21 confinement. The United States will not object to the defendant's request that the Court make a

22 recommendation to the Bureau of Prisons that the Bureau of Prisons designate that the defendant

23 be assigned to a Federal Minimum Security Camp (and specifically to the Lompoc Prison Camp

24 in Lompoc, California) to serve his sentence and that the defendant be released following the

25 imposition of sentence to allow him to self-surrender to the assigned prison facility on a specified

26 date. The parties agree that there exists no aggravating or mitigating circumstance of a kind, or

27 to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in

28 formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. § 5K2.0. The

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 5

1 parties agree not to seek or support any sentence other than the recommended sentence set forth

2 in this Paragraph 8. The parties further agree that the recommended sentence set forth in this

3 Plea Agreement is reasonable. The defendant understands that the Court will order him to pay a

4 $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any fine imposed.

5       9.     The United States and the defendant agree that, pursuant to U.S.S.G. § 5E1.1(b),

6 defendant should not be ordered to pay restitution in light of the civil cases filed against

7 Chunghwa Picture Tubes, Ltd., defendant's current employer, including *In re TFT-LCD (Flat*

8 *Panel) Antitrust Litigation, No. M-07-1827 SI*, consolidated in the United States District Court,

9 Northern District of California, which potentially provide for a recovery of a multiple of actual

10 damages.

11      10.    The United States and the defendant agree that the applicable Guidelines fine and

12 imprisonment ranges exceed the fine and term of imprisonment contained in the recommended

13 sentence set out in Paragraph 8 above. Subject to the full and continuing cooperation of the

14 defendant, as described in Paragraph 13 of this Plea Agreement, and prior to sentencing in this

15 case, the United States agrees that it will make a motion, pursuant to U.S.S.G. § 5K1.1, for a

16 downward departure from the Guidelines fine and imprisonment range(s) in this case and will

17 request that the Court impose the fine and term of imprisonment contained in the recommended

18 sentence set out in Paragraph 8 of this Plea Agreement because of the defendant's substantial

19 assistance in the government's investigation and prosecutions of violations of federal criminal

20 law in the TFT-LCD industry and other display industries.

21      11.    Subject to the ongoing, full, and truthful cooperation of the defendant

22 described in Paragraph 13 of this Plea Agreement, and before sentencing in the case, the United

23 States will fully advise the Court and the Probation Office of the fact, manner, and extent of the

24 defendant's cooperation and his commitment to prospective cooperation with the United States'

25 investigation and prosecutions, all material facts relating to the defendant's involvement in the

26 charged offense, and all other relevant conduct.

27      12.    The United States and the defendant understand that the Court retains complete

28 discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 6

1  Agreement.

2      (a)   If the Court does not accept the recommended sentence, the United States

3  and the defendant agree that this Plea Agreement, except for Paragraph 12(b) below, shall

4  be rendered void.  Neither party may withdraw from this Plea Agreement, however, based

5  on the type or location of the prison facility to which the defendant is assigned to serve

6  his sentence or based on the Court-imposed surrender date.

7      (b)   If the Court does not accept the recommended sentence, the defendant will

8  be free to withdraw his guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)).  If the defendant

9  withdraws his plea of guilty, this Plea Agreement, the guilty plea, and any statement made

10  in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or

11  this Plea Agreement or made in the course of plea discussions with an attorney for the

12  government shall not be admissible against the defendant in any criminal or civil

13  proceeding, except as otherwise provided in Fed. R. Evid. 410.  In addition, the defendant

14  agrees that, if he withdraws his guilty plea pursuant to this subparagraph of the Plea

15  Agreement, the statute of limitations period for any Relevant Offense, as defined in

16  Paragraph 14 below, will be tolled for the period between the date of the signing of the

17  Plea Agreement and the date the defendant withdrew his guilty plea or for a period of

18  sixty (60) days after the date of the signing of the Plea Agreement, whichever period is

19  greater.  For a period of three (3) consecutive days following such a withdrawal of the

20  guilty plea under this subparagraph, the United States shall take no action, based upon

21  either a Relevant Offense or any actual or alleged violation of the Plea Agreement, to

22  revoke the defendant's release on his personal recognizance, to subject the defendant to

23  service of process, arrest, or detention, or to prevent the defendant from departing the

24  United States.

25  **DEFENDANT'S COOPERATION**

26  13.   The defendant will cooperate fully and truthfully with the United

27  States in the prosecution of this case, the conduct of the current federal investigation of violations

28  of federal antitrust and related criminal laws involving the manufacture or sale of TFT-LCD in

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 7

the United States and elsewhere, any other federal investigation resulting therefrom, and any
litigation or other proceedings arising or resulting from any such investigation to which the
United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of
the defendant shall include, but not be limited to:

       (a)    producing in the United States and at other mutually agreed-upon
locations all non-privileged documents, including claimed personal documents, and other
materials, wherever located, in the possession, custody, or control of the defendant,
requested by attorneys and agents of the United States;

       (b)    making himself available for interviews in the United States and at other
mutually agreed-upon locations, not at the expense of the United States, upon the request
of attorneys and agents of the United States;

       (c)    responding fully and truthfully to all inquiries of the United
States in connection with any Federal Proceeding, without falsely implicating any person
or intentionally withholding any information, subject to the penalties of making false
statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

       (d)    otherwise voluntarily providing the United States with any
non-privileged material or information, not requested in (a) - (c) of this paragraph, that he
may have that is related to any Federal Proceeding; and

       (e)    when called upon to do so by the United States in connection with any
Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the
United States fully, truthfully, and under oath, subject to the penalties of perjury (18
U.S.C. § 1621), making false statements or declarations in grand jury or court
proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), and obstruction of
justice (18 U.S.C. § 1503, *et seq.*).

## GOVERNMENT'S AGREEMENT

14.    Subject to the full, truthful, and continuing cooperation of the
defendant, as described in Paragraph 13 of this Plea Agreement, and upon the Court's acceptance
of the guilty plea called for by this Plea Agreement and the imposition of the recommended

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 8

1    sentence, the United States will not bring further criminal charges against the defendant for any

2    act or offense committed before the date of this Plea Agreement that was undertaken in

3    furtherance of an antitrust conspiracy involving the manufacture or sale of TFT-LCD ("Relevant

4    Offense"). The nonprosecution terms of this paragraph do not apply to civil matters of any kind,

5    to any violation of the federal tax or securities laws, or to any crime of violence.

6        15.    The United States agrees that when the defendant travels to the United States for

7    interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for

8    meetings with counsel in preparation therefor, the United States will take no action, based upon

9    any Relevant Offense, to subject the defendant to arrest, detention, or service of process, or to

10   prevent the defendant from departing the United States. This paragraph does not apply to the

11   defendant's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. §

12   1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. §

13   1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C. §§ 401 - 402) in

14   connection with any testimony or information provided or requested in any Federal Proceeding.

15       16.    (a)    Subject to the full and continuing cooperation of the defendant,

16              as described in Paragraph 13 of this Plea Agreement, and upon the Court's acceptance of

17              the defendant's guilty plea and imposition of sentence in this case, the United States

18              agrees not to seek to remove the defendant from the United States under Sections 238 and

19              240 of the Immigration and Nationality Act, 8 U.S.C. §§ 1228 and 1229a, based upon the

20              defendant's guilty plea and conviction in this case, should the defendant apply for or

21              obtain admission to the United States as a nonimmigrant (hereinafter referred to as the

22              "agreement not to seek to remove the defendant"). The agreement not to seek to remove

23              the defendant is the equivalent of an agreement not to exclude the defendant from

24              admission to the United States as a nonimmigrant or to deport the defendant from the

25              United States. (Immigration and Nationality Act, § 240(e)(2), 8 U.S.C. § 1229a(e)(2)).

26              (b)    The Antitrust Division of the United States Department of

27              Justice has consulted with United States Immigration and Customs Enforcement ("ICE")

28              on behalf of the United States Department of Homeland Security ("DHS"). ICE, on

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 9

1    behalf of DHS and in consultation with the United States Department of State, has agreed

2    to the inclusion in this Plea Agreement of this agreement not to seek to remove the

3    defendant. The Secretary of DHS has delegated to ICE the authority to enter this

4    agreement on behalf of DHS.

5    　　　　(c)　　So that the defendant will be able to obtain any nonimmigrant

6    visa that he may need to travel to the United States, DHS and the Visa Office, United

7    States Department of State, have concurred in the granting of a nonimmigrant waiver of

8    the defendant's inadmissibility. This waiver will remain in effect so long as this

9    agreement not to seek to remove the defendant remains in effect. While the waiver

10   remains in effect, the Department of State will not deny the defendant's application for a

11   nonimmigrant visa on the basis of the defendant's guilty plea and conviction in this case,

12   and DHS will not deny his application for admission as a nonimmigrant on the basis of

13   his guilty plea and conviction in this case.

14   　　　　(d)　　This agreement not to seek to remove the defendant will remain

15   in effect so long as the defendant:

16   　　　　　　　　(i)　　acts and has acted consistently with his cooperation

17   　　　　obligations under this Plea Agreement;

18   　　　　　　　　(ii)　　is not convicted of any felony under the laws of the United

19   　　　　States or any state, other than the conviction resulting from the defendant's guilty

20   　　　　plea under this Plea Agreement or any conviction under the laws of any state

21   　　　　resulting from conduct constituting an offense subject to this Plea Agreement; and

22   　　　　　　　　(iii)　　does not engage in any other conduct that would warrant

23   　　　　his removal from the United States under the Immigration and Nationality Act.

24   The defendant understands that should the Antitrust Division become aware that the

25   defendant has violated any of these conditions, the Antitrust Division will notify DHS.

26   DHS will then determine, in consultation with the Antitrust Division, whether to rescind

27   this agreement not to seek to remove the defendant.

28   　　　　(e)　　The defendant agrees to notify the Assistant Attorney General

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 10

of the Antitrust Division should the defendant be convicted of any other felony under the laws of the United States or of any state.

       (f)     Should the United States rescind this agreement not to seek to remove the defendant because of the defendant's violation of a condition of this Plea Agreement, the defendant irrevocably waives his right to contest his removal from the United States under the Immigration and Nationality Act on the basis of his guilty plea and conviction in this case, but retains his right to notice of removal proceedings.

17.     The defendant understands that he may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the defendant as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

18.     The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement. After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## VOLUNTARY PLEA

19.     The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 11

1  whether the Court will accept or reject the recommendations contained within this Plea

2  Agreement.

### VIOLATION OF PLEA AGREEMENT

4       20.     The defendant agrees that, should the United States determine in good

5  faith, during the period that any Federal Proceeding is pending, that the defendant has failed to

6  provide full and truthful cooperation, as described in Paragraph 13 of this Plea Agreement, or has

7  otherwise violated any provision of this Plea Agreement, the United States will notify the

8  defendant or his counsel in writing by personal or overnight delivery or facsimile transmission

9  and may also notify his counsel by telephone of its intention to void any of its obligations under

10  this Plea Agreement (except its obligations under this paragraph), and the defendant shall be

11  subject to prosecution for any federal crime of which the United States has knowledge.  The

12  defendant may seek Court review of any determination made by the United States under this

13  Paragraph to void any of its obligations under the Plea Agreement.  The defendant agrees that, in

14  the event that the United States is released from its obligations under this Plea Agreement and

15  brings criminal charges against the defendant for any Relevant Offense, the statute of limitations

16  period for such offense will be tolled for the period between the date of the signing of this Plea

17  Agreement and six (6) months after the date the United States gave notice of its intent to void its

18  obligations under this Plea Agreement.

19       21.     The defendant understands and agrees that in any further prosecution

20  of him resulting from the release of the United States from its obligations under this Plea

21  Agreement based on the defendant's violation of the Plea Agreement, any documents,

22  statements, information, testimony, or evidence provided by him to attorneys or agents of the

23  United States, federal grand juries, or courts, and any leads derived therefrom, may be used

24  against him in any such further prosecution.  In addition, the defendant unconditionally waives

25  his right to challenge the use of such evidence in any such further prosecution, notwithstanding

26  the protections of Fed. R. Evid. 410.

27       22.     The defendant agrees to and adopts as his own the factual statement contained in

28  Paragraph 4, above.  In the event that the defendant breaches the Plea Agreement, the defendant

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 12

1   agrees that the Plea Agreement, including the factual statement contained in Paragraph 4, above,

2   provides a sufficient basis for any possible future extradition request that may be made for his

3   return to the United States to face charges either in the Information referenced in Paragraph 2 of

4   this Plea Agreement or in any related indictment.  The defendant further agrees not to oppose or

5   contest any request for extradition by the United States to face charges either in the Information

6   referenced in Paragraph 2 of this Plea Agreement or in any related indictment.

7   <u>**ENTIRETY OF AGREEMENT**</u>

8      23.  This Plea Agreement constitutes the entire agreement between the

9   United States and the defendant concerning the disposition of the criminal charge in this case.

10  This Plea Agreement cannot be modified except in writing, signed by the United States and the

11  defendant.

12     24.  The undersigned attorneys for the United States have been authorized

13  by the Attorney General of the United States to enter this Plea Agreement on behalf of the United

14  States.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 13

1       25.    A facsimile signature shall be deemed an original signature for the

2 purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose

3 of executing this Plea Agreement.

4

5 DATED: _Feb. 18, 2009_                Respectfully submitted,

6

7 BY: _____       BY: _____
    Chih-Chun "C.C." Liu             Niall E. Lynch, CA No. 157959

8   Defendant                   Michael L. Scott, CA No. 165452
                              Heather S. Tewksbury, CA No. 222202

9 BY: _____       Alexandra J. Shepard, CA No. 205143
                              David J. Ward, CA No. 239504

10 Counsel for Defendant           Trial Attorneys
    William S. Farmer              U.S. Department of Justice
    Collette Erickson Farmer & O'Neill    Antitrust Division

11 235 Pine Street, Suite 1300        450 Golden Gate Avenue
    San Francisco, CA 94104          Box 36046, Room 10-0101

12                               San Francisco, CA 94102
                              Tel: (415) 436-6660

13                               Fax: (415) 436-6687

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT -- CHIH-CHUN "C.C." LIU -- 14