Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| | MDL NO. 1917 |
| This Document Relates to: | **PLAINTIFFS' JOINT OPPOSITION TO HITACHI PARTIES' MOTION FOR SUMMARY JUDGMENT BASED UPON THE LACK OF EVIDENCE OF PARTICIPATION IN THE ALLEGED CONSPIRACY** |
| *All Indirect Purchaser Actions* | |
| *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-01656-SC | **ORAL ARGUMENT REQUESTED** |
| *Alfred H. Siegel as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, No. 3:11-cv-05502-SC | Date:      February 6, 2015<br>Time:      10:00 a.m.<br>Before:   Hon. Samuel Conti |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-05513-SC; | **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |
| *Target Corp, et al. v. Chunghwa Picture Tubes,  Ltd., et al.*, No. 3:11-cv-05514-SC | |
| *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 3:11-cv-05514-SC | |
| *Interbond Corporation of America, d/b/a BrandsMart USA v. Hitachi, et al.*, No. 3:11-cv-06275-SC; | |
| *Office Depot, Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06276-SC; | |

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06396-SC

*Costco Wholesale Corporation v. Hitachi, Ltd., et al.,* No. 3:11-cv-06397-SC;

*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.,* No. 3:12-cv-02648-SC;

*Schultze Agency Services, LLC on behalf of Tweeter OPCO, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.,* No. 3:12-cv-02649-SC;

*Tech Data Corporation, et al. v. Hitachi, Ltd., et al.,* No. 3:13-cv-00157-SC

# TABLE OF CONTENTS

I.  SUMMARY OF ARGUMENT ........................................................................ 1

II. STATEMENT OF FACTS ........................................................................... 2

    A.  Hitachi Participated in the Conspiracy as a Single Enterprise. ................................ 2

    B.  All Hitachi Defendants Participated in the Conspiracy, Including the Moving Parties......................................................................... 3

        1.  Hitachi Attended Glass Meetings and Then Agreed to Participate in the Conspiracy via Bilateral Meetings. ............................ 3

        ■  ████████████████████████████ ................................. 4

        ■  ████████████████████████████ .................................. 7

        ■  ██████████████████████ .......................... 10

        5.  HDP Was a Continuation of HTL's Display Group and Participated in the CRT Conspiracy After Its Formation. ............................... 11

    C.  There Is No Legitimate Business Justification for the Moving Parties' Actions. ......................................................................... 14

III. SUMMARY JUDGMENT STANDARD ........................................................... 14

IV. ARGUMENT .................................................................................. 14

    A.  The Evidence of Each Moving Party's Participation Must Be Considered in the Context of the Conspiracy as a Whole. ........................... 15

    B.  The Moving Parties Are Liable for the Coordinated Acts of the Hitachi Enterprise. ...................................................................... 17

    C.  Each Moving Party Is Liable for Its Participation in the Conspiracy. ................... 19

    D.  HDP Is Also Liable as a Successor in Interest. .................................... 21

V.  CONCLUSION ............................................................................... 22

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>

3

*AD/SAT v. Assoc. Press*
   181 F.3d 216 (2d Cir. 1999) ......................................................................... 16

4

*Atchison v. Brown & Bryant, Inc.*
   159 F.3d 358 (9th Cir. 1998) ........................................................................ 21

5

6

*Beltz Travel Serv. Inc. v. Int'l Air Transp. Assoc.*
   620 F.2d 1360 (9th Cir. 1980) ...........................................................14, 16, 17

7

8

*Carrier Corp. v. Outokumpu OYJ*
   673 F.3d 430 (6th Cir. 2012) ........................................................................ 18

9

*City of Long Beach v. Standard Oil Co. of Cal.*
   872 F.2d 1401 (9th Cir. 1989) ...................................................................... 21

10

*Cont'l Ore Co. v. Union Carbide & Carbon Corp.*
   370 U.S. 690 (1962) .................................................................................. 1, 15

11

12

*Daewoo Elec. Am. Inc. v. Opta Corp.*
   No. C 13-1247 JSW, 2013 WL 3877596 (N.D. Cal. Jul. 25, 2013) ................. 22

13

14

*Eliason Corp. v. Nat'l Sanitation Found.*
   485 F. Supp. 1062 (E.D. Mich. 1977), *aff'd*, 614 F.2d 126 (6th Cir. 1980)...................... 16

15

*Esco Corp. v. United States*
   340 F.2d 1000 (9th Cir. 1965) ................................................................. 16, 17

16

*Harlem River Consumers Co-op, Inc. v. Assoc. Grocers of Harlem, Inc.*
   408 F. Supp. 1251 (S.D.N.Y 1976)................................................................ 16

17

18

*In re Baby Food Antitrust Litig.*
   166 F.3d 112 (3d. Cir 1999) ......................................................................... 21

19

20

*In re Citric Acid Litig.*
   191 F.3d 1090 (9th Cir. 1999) ...................................................................... 17

21

*In re Linerboard Antitrust Litig.*
   504 F. Supp. 2d 38 (E.D. Pa. 2007) ......................................................... 16, 21

22

23

*In re Lithium Ion Batteries Antitrust Litig.*
   Case No. 13-MD-2420 YGR, 2014 WL 309192 (N.D. Cal. Jan. 21, 2014) ..................... 21

24

*In re TFT-LCD (Flat Panel) Antitrust Litig.*
   Case No. M 07-1827 SI,, 2011 WL 7724271 (N.D. Cal. Nov. 4, 2011).......................... 16

25

*In re TFT-LCD (Flat Panel) Antitrust Litig.*
   Case Nos. M 07-1827 SI, C 10-0117 SI, 2012 WL 6521463 (N.D. Cal. Dec.
   13, 2012).................................................................................................. 16, 21

26

27

28

ii

*In re Vitamins Antitrust Litig.*
    320 F. Supp. 2d 1 (D.D.C. 2004) ................................................................. 16

*Poller v. Columbia Broad. Sys.*
    368 U.S. 464 (1962) ..................................................................................... 14

*Safeway Stores, Inc. v. FTC*
    366 F.2d 795 (9th Cir. 1966) ....................................................................... 17

*Sunnyside Dev. Co. LLC v. Opsys Ltd.*
    No. C. 05 0553 MHP, 2007 WL 2462142 (N.D. Cal. Aug. 29, 2007) .......... 22

*United States v. Perlaza*
    439 F.3d 1149 (9th Cir. 2006) ..................................................................... 17

*United States v. Reed*
    575 F.3d 900 (9th Cir. 2009) ....................................................................... 17

PLTFS' JOINT OPP TO HITACHI PARTIES' MSJ BASED UPON LACK OF EVIDENCE
OF PARTICIPATION IN THE ALLEGED CONSPIRACY
MDL No. 1917: Master File No. 07-cv-5944 SC

1    The Indirect Purchaser Plaintiffs and the undersigned Direct Action Plaintiffs (collectively,

2    "Plaintiffs") hereby submit this Joint Opposition to Hitachi Parties' Motion for Summary

3    Judgment Based Upon Lack of Evidence of Participation in the Alleged Conspiracy ("MSJ" or

4    "Motion") [Dkt. No. 2976], filed with this Court on November 7, 2014.

5    **I.   SUMMARY OF ARGUMENT**

6    Hitachi[1] played a core role in the global CRT conspiracy, which required the coordination

7    and participation of each Hitachi Defendant as orchestrated by parent company, HTL.  The Hitachi

8    Defendants do not deny the existence of the CRT conspiracy.  Nor do they contend that Plaintiffs

9    have insufficient evidence to proceed to trial against HTL and its Asian sales subsidiary, HAS.

10   Nevertheless, unable to refute the overwhelming evidence against Hitachi as a whole, three of the

11   Hitachi Defendants—HED(US), HAL and HDP (collectively, the "Moving Parties")—seek to

12   distance themselves from the corporate enterprise that served the conspiracy so well, arguing that

13   this Court should consider the separate evidence against each Moving Party in a vacuum.

14   However, it is well settled that conspiracy evidence cannot be viewed with such tunnel vision.

15   "The character and effect of a conspiracy are not to be judged by dismembering it and viewing its

16   separate parts, but only by looking at it as a whole."  *Cont'l Ore Co. v. Union Carbide & Carbon*

17   *Corp.*, 370 U.S. 690, 699 (1962) (citation omitted).

18   When viewed as a whole, abundant evidence shows that each of the three Moving Parties

19   participated in the conspiracy and are, therefore, liable for the acts of the Hitachi Defendants and

20   the other coconspirators during the Conspiracy Period.[2] ████████████████████

21   ███████████████████████████████████████████████████

22   ███████████████████████████████████████████████

23   _____

24   [1] "Hitachi" or "Hitachi Defendants" refers to Hitachi, Ltd. ("HTL"), Hitachi Asia, Ltd. ("HAS"), Hitachi America, Ltd. ("HAL"), Hitachi Displays, Ltd. ("HDP"), Hitachi Electronic Devices, USA

25   ("HED(US)") and Shenzhen SEG Hitachi Color Displays Devices, Ltd. ("Hitachi Shenzhen"). Defendant Hitachi Shenzhen no longer exists and has never appeared in this case.

26   [2] The "Conspiracy Period" refers to the time period of March 1, 1995 to November 25, 2007.

27

28   _____
1



1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

5 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

6 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ For these reasons, as well as those set

7 forth in greater detail below, the Hitachi Parties' Motion must be denied.

8 ## II. STATEMENT OF FACTS

9    **A. Hitachi Participated in the Conspiracy as a Single Enterprise.**

10    The Moving Parties are all wholly-owned subsidiaries of coconspirator HTL.[3] ▓▓▓

11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

12 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

13 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

14

15

_____

16 [3] HDP and HAL were directly owned subsidiaries of HTL, and HED(US) was wholly owned by

17 HTL subsidiary, HAL. *See* Declaration of Jennie Lee Anderson in Support of Plaintiffs'

18 Opposition to Hitachi Parties' Notice of Motion and Motion for Summary Judgment Based Upon
the Lack of Evidence of Participation in the Alleged Conspiracy and Memorandum of Points and
Authority In Support Thereof ("Anderson Decl."), Ex. 1, (Deposition of Hitachi 30(b)(6)

19 Representative Patrick Barrett (November 4, 2014) ("Barrett Dep.")) at 7:12-21; 22:17-23:8;

20 24:14-24.  (All references to "Ex. __" refer to the Anderson Declaration unless otherwise
specified.)

21 [4] *See, e.g.,* Ex. 2 (Deposition of Noburo Toyama (March 11, 2014) ("Toyama Dep.")) at 28:10-25;

22 30:1-31:5; Ex. 3 (Deposition of Kazumasa Hirai (February 4, 2014) ("Hirai Dep.")) at 412:6-10;
Ex. 4 (Deposition of Thomas Schmitt (July 11, 2013) ("Schmitt Dep.")) at 95:20-97:2; 124:9-

23 125:22, 130:3-131:1; Ex. 5 (Exhibit 2667 (HITDOJCIV00000048)); Ex. 6 (Deposition of
Kazuhiro Sakashita (February 14, 2013)) at 38:20-39:21 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

24 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓);

25 Ex. 4, Schmitt Dep. at 95:17-97:2; 124:9-125:22; 130:3-131:1; 135:21-136:24 (▓▓▓▓

26 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓); Ex. 3, Hirai Dep. at 31:16-32:2-3; 32:8-
16; 34:9-18; 35:3-36:5; 36:15-20; 37:8-16; 42:2-3, 6, 9-12; 42:24-43:1; 412:6-10.

27

28



**B.  All Hitachi Defendants Participated in the Conspiracy, Including the Moving Parties.**

    **1.  Hitachi Attended Glass Meetings and Then Agreed to Participate in the Conspiracy via Bilateral Meetings.**

---

[5] Ex. 5 (Exhibit 2667 (HITDOJCRTCIV00000048)) (█████); Ex. 7 (Deposition of Lloyd Thomas Heiser (March 18, 2014) ("Heiser II Dep.")) at 407:6-14; 470:19-472:3.

[6] *See, e.g.,* Ex. 8 (Deposition of Yuichi Kumazawa (May 29, 2013) ("Kumazawa Dep.")) at 82:3-83:3 (█████); Ex. 4, Schmitt Dep. at 95:17-25; 97:9-98:1 (████); Ex. 2, Toyama Dep. at 46:25-47:14 (████); Ex. 9 (HEDUS-CRT00126459) (████); Ex. 10 (Exhibit 176 (HEDUS-CRT00049395)) (████).

[7] *Id.,* Ex. 11 (Deposition of Hitachi 30(b)(6) representative L. Thomas Heiser (July 3, 2012) ("Heiser I Dep.")) at 33:11-34:17 (████); Ex. 7, Heiser II Dep. at 38:5-39:20; 389:13-21 (████); *see also* Ex. 7, Heiser II Dep. at 34:1-25; 35:23-36:15 (████); Ex. 3, Hirai Dep. at 365:19-366:15; 366:21-368:1 (████); Ex. 2, Toyama Dep. at 32:11-33:3 (████); *see also* Ex. 2, Toyama Dep. at 41:4-42:16, 44:11-45:5.

3



8 *See,* Ex. 12 (Exhibit 1013 (CHU00028784E)); *see also* Ex. 13, Excerpts of Certified Translation of Korean Fair Trade Commission ("KFTC") Multi-Party Meeting Decision No. 2011-019, Case No. 2010 Gukka 2364 (Mar. 10, 2011) at 55.

9 *See, supra* note 8.

10 Ex. 14 (Deposition of Chih Chun-Liu (February 19, 2013) ("Chun-Liu Dep.")) at 79:8–83:12

11 Ex. 14, Chun-Liu Dep. at 87:20-88:1; Ex. 15 (Exhibit 709E (CHU00029116E))

12 Ex. 16 (Deposition of Nobuaki Ito (May 22, 2013) ("Ito Dep.")) at 100:14-101:11; 101:21-103:10; 104:22-105:6.

13 Ex. 17 (Declaration of Yasuhiko Kawashima Supplementing HTL and HDP's 30(b)(6) Depo, ¶ 14); Ex. 8, Kumazawa Dep. at 33:20-35:6; 37:8-38:1; 114:4-9; Ex. 16, Ito Dep. at 101:21-102:8.



5 _____

14 Ex. 18 (Exhibit 1537E (HDP-CRT00025915E)) ████████████████████████████
████████████████████████████████████████████ Ex. 19 (Exhibit 1539E (HDP-
CRT00025985E)) ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
█████████████████████████; Ex. 20 (Exhibit 1560E (HDP- and CRT00023436E)), Ex. 8,
Kumazawa Dep. at 146:5-147:15, 148:14-149:5, 149:13-150:2; ████████████████
████████████████████████████████████████████████████████ Ex. 21
(Exhibit 1567E (HDP-CRT00056186E)); Ex. 8, Kumazawa Dep. at 282:23-284:19; 285:3-14;
286:6-12; 286:24-287:15, 288:2-295:11 ████████████████████████████████████
████████████████████████████████████ Ex. 22 (Exhibit 1571E (HDP-CRT00026189E))
(████████████████████████████████████████████████████████████████████████
████████████████); Ex. 23 (Exhibit 1572E (HDP-
CRT00004468E)) (████████████████████████████████████████████████████████
████████).  *See also* Ex. 24 (Exhibit 1536E (HDP-CRT00051345E)) ████████ Ex. 25 (Exhibit
1566E (HDP-CRT00019426E)); Ex. 26 (Exhibit 1540E (HDP-CRT00051354E)) ████████
Ex. 27 (Exhibit 1563E (HDP-CRT00023416E)) ████████████ Ex. 28 (Exhibit 1596E (HDP-
CRT00023427E)); Ex. 8, Kumazawa Dep. at 141:6-142:17 ████████████ Ex. 29 (Exhibit 1597E
(HDP-CRT-00049281E)); Ex. 8, Kumazawa Dep. at 179:22-181:17 ████████████ Ex. 30 (Exhibit
1552E (HDP-CRT00023603E)) ████████████████████ Ex. 31 (Exhibit 1586E (HDP-CRT00049348E));
Ex. 8, Kumazawa Dep. at 305:19-311:17 ████████████ Ex. 32 (Exhibit 1568E (HDP-
CRT00048694E)) ████████████████ Ex. 33 (Exhibit 1592 (HDP-CRT00023467)); Ex. 8, Kumazawa
Dep. at 241:14-242: 20 ████████████████ Ex. 34 (Exhibit 1598E (HDP-CRT00048795E)) ██████████
Ex. 35 (Exhibit 1570E (HDP-CRT00026180E)) ████████████████ Ex. 36 (Exhibit 1573E (HDP-
CRT00026197E)); Ex. 8, Kumazawa Dep. at 259:11-262: 18; 264:14-265:8 ████████████ Ex. 37
(Exhibit 1601E (HDP-CRT00051298E)); Ex. 8, Kumazawa Dep. at 250:6-253:3; 253:13-255: 14;
256:15-259:2 ████████████ Ex. 38 (Exhibit 1577E (HDP-CRT00049201E)) ████████ Ex. 39
(Exhibit 1605E (HDP-CRT00051340E)) ████████████ Ex. 40 (Exhibit 1587E (HDP-
CRT00026234E)) ████████ Ex. 41 (Exhibit 1602E (HDP-CRT00049313E)); Ex. 42 (Exhibit
1603E (HDP-CRT00026272E)); Ex. 43 (Exhibit 1604E (HDP-CRT00056188E)) ████████████

15 *Supra* note 14.

16 *See, e.g.,* Ex. 14, Chun-Lui Dep. at 79:8-83:12; 87:20-88:1; 329:10-330:17; Ex. 44 (Exhibit
1014 (CHU00028400E)) (████████████████████████████████████████████████████
████████████████████████████████); Ex. 45 (Exhibit 1116E (CHU00028398E)) (████████████
(footnote continued)



1

2

3

4

5 //

6 //

7 _____

8 ⬛); Ex. 46 (Exhibit 1857E (CHU00028755E)) (

9 ⬛); Ex. 47 (Exhibit 1135E (CHU00028385E)) (

10 ⬛); Ex. 48 (CHU00028377E) (

11 ⬛).

12 [17] Matsushita Electric Industrial Co., Ltd. is now Defendant Panasonic Corporation.  In 2003, Matsushita Electric Industrial Co., Ltd. entered into a joint venture with Toshiba entities resulting

13 in the creation of Defendant MT Picture Display Co., Ltd. ("MTPD"). Matsushita Electronics Corporation ("MEC") was the Asian CRT manufacturing facility Matsushita Electric Industrial

14 Co., Ltd.  These companies are collectively referred to herein as "Matsushita Japan".

15 [18] Ex. 8, Kumazawa Dep. at 47:18-21; 48:10-15 (

16 ⬛); Ex. 16, Ito Dep. at 47:22-48:23; 49:15-19 (

17 ⬛); Ex. 49 (Exhibit 1564E (HDP-CRT00049280E)). (

18 ⬛).

19 [19] *See e.g.,* Ex. 50 (Exhibit 1534E (HDP-CRT00025612E)); Ex. 16, Ito Dep. at 250:24-252:4, 252:21-253:4; Ex. 8, Kumazawa Dep. at 47:18-21; 48:10-15..

20 [20] Ex. 8, Kumazawa Dep. at 43:1-44:1; 45:2-46:14; 47:18-48:15; 50:22-51:8; 99:16-21; 101:4-8; 102:6-22; 144:25-145:5; *See also* Ex. 19 (Exhibit 1539E (HDP-CRT00025985E))

21 [21] *See* Section II.B.1., *supra.  See also, e.g.,* Ex. 24 (Exhibit 1536E (HDP-CRT00051345E))

22 (⬛).

23

24

25 ⬛ Ex. 51 (Exhibit 1535E (HDP-CRT00025568E)); Ex. 52 (Exhibit 1581E (HDP-CRT00023360E)); Ex. 53 (Exhibit 1582E (HDP-

26 CRT00004416E)); Ex. 16, Ito Dep. at 323:3-8; 337:8-339:6; 340:24-341:2; 342:4-7; 343:3-344:20; 348:5-349:17.

27

28



22 Matsushita Display Devices Company of America was formerly known as American Matsushita Electronics Company ("AMEC").  Defendant Matsushita Electric Industrial Co., Ltd. owned AMEC directly or through wholly-owned subsidiaries.

23 Ex. 54 (Exhibit 1407E (MTPD-0016566E)) (█████████████████████).

24 Ex. 55 (Deposition of Hirokazu Nishiyama (March 5, 2013) ("Nishiyama Dep.") at 150:23-152:5; 152:18-20; 154:16-23; 159:18-160:14; 514:2-13.

25 Ex. 55, Nishiyama Dep. at 155:12-24; 165:8-166:4; Ex. 56 (Exhibit 1408 (MTPD_SEC-0896161)); Ex. 57 (Exhibit 1836 (HEDUS-CRT00162777)); Ex. 58 (Exhibit 1403 (PHLP-CRT-0077930)).



[26] Ex. 57 (Exhibit 1836 (HEDUS-CRT00162777)); Ex. 3, Hirai Dep. at 347:9-353:14.

[27] Ex. 59 (Exhibit 2378E (MTPD-0036413E)); Ex. 60 (Deposition of Shinichi Iwamoto (February 7, 2013) ("Iwamoto Dep.") at 290:13-16; 292:22-293: 24; 295:21-22; Ex. 61 (Exhibit 2379E (MTPD-0025523E)); Ex. 62, (Exhibit 2380E (MTPD-0042965E)); Ex. 63 (Exhibit 2381E (MTPD-0041033E)).

[28] *Supra* note 27.

[29] Ex. 7, Heiser II Dep. at 183:3-184:11; 185:5-186:6; Ex. 64 (Exhibit 2634 (HEDUS-CRT00002107)); Ex. 65 (Exhibit 2635 (HEDUS-CRT00160563)).

[30] *Supra* note 29.

[31] Ex. 66 (Exhibit 2625 (PHLP-CRT-081748)); Ex. 67 (Exhibit 2626 (HEDUS-CRT00166472)).

8



1

2

3

4

5

6

7

8

9

10

11

12 _____

13 [32] Ex. 68 (HEDUS-CRT00000578).

14 [33] *Id.*

15 [34] Ex. 7, Heiser II Dep. at 79:19-20; 80:7-16; 80:22-81:10; 87:16-88:18; 90:16-23.

16 [35]

17 Plaintiffs dispute this claim.  Even if true, however, a reasonable fact finder could conclude that

18

19 [36] *See, e.g.,* Ex. 69 (Exhibit 1606E (HDP-CRT00051351)) (

20 ); Ex. 70 (Exhibit 1580E (HDP-CRT00049270))

21 (

22 ); Ex. 71 (Exhibit 2387 (HEDUS-CRT000162931)) (

23 ).

24 [37] *Supra* note 36.

25 [38] *See, e.g.,* Ex. 72 (Exhibit 2383E (HEDUS-CRT00026591E)) (

26 ); Ex. 73 (Exhibit 2386E (HDP-CRT00049291E)) (

27 ); Ex. 74 (Exhibit 1599E (footnote continued)

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14 _____

15 (HDP-CRT00026227E)) (

16

17                          ).

18 [39] *See* Ex. 75 (SDCRT-0079381E) (

19                          ); *see also* Ex. 76 (Expert Report of Janet S. Netz, Ph.D. ("Netz
Report")), p. 76 (

20                          ), n. 236; p. 78 (

21                          ); Ex. 77 (Netz Rebuttal Expert Report ("Netz Rebuttal")), p. 9 (

22                          ); p. 30 (

23                          )

24 [40] *See* Sections II.A, B.1., *supra*; *see also, e.g.*, Ex. 9 (HEDUS-CRT00126459), Ex. 10 (Exhibit
176 (HEDUS-CRT00049395)).

25 [41] Ex. 78 (Exhibit 2620 (HEDUS-CRT00159841)).

26 [42] *See* Ex. 54 (Exhibit 1407E (MTPD-0016566E)); *see also* Ex. 7, Heiser II Dep. at 38:5-39:5;
Ex. 4, Schmitt Dep. at 120:12-24.

27

28





**5. HDP Was a Continuation of HTL's Display Group and Participated in the CRT Conspiracy After Its Formation.**[48]

HTL was also the sole shareholder of HDP, and retained power to appoint and remove the officers and members of the HDP board of directors.[48] In short, HDP was not a new company, but merely a continuation of HTL's Display Group and remained under HTL's exclusive control.

//

//

_____

[43] _See, e.g._, Ex. 79 (Exhibit 344 (HEDUS-CRT00015427)) (███████); Ex. 80 (Deposition of Hitachi 30(b)(6) Representative William Allen Whalen (August 23, 2012) ("Whalen Dep.")) at 93:6-21; 94:4-97:15; Ex. 4, Schmitt Dep. at 281:3-282:1; 283:20-285:11.

[44] _Supra_ note 43.

[45] _See, e.g._, Ex. 1, Barrett Dep. at 22:17-23:8; _see also_ Ex. 81 (HDP-CRT00045422).

[46] Ex. 82 (HDP-CRT00037583).

[47] _See, e.g._, Ex. 81 (HDP-CRT00045422); Ex. 83 (Deposition of Nobuhiko Kobayashi (May 15, 2013) ("Kobayashi Dep.")) at 396:1-3 (█████████████████████).

[48] Ex. 1, Barrett Dep. at 22:17-23:8, 23:13-24:5.

[49] Ex. 82 (HDP-CRT00037583).



1    HDP also actively participated in the conspiracy.  HDP retained its 25 percent ownership

2    interest in coconspirator Hitachi Shenzhen until 2007,[50] ███████████████████

3    ███████████████████████████████████

4    ████████████████████████████████████████

5    ███████████████████████████████████████████

6    ██████████████████████████████████████

7    ███████████████████████ As explained in greater detail in

8    Plaintiffs' Opposition to Hitachi's Motion for Summary Judgment Based Upon Withdrawal and

9    the Statutes of Limitations, ███████████████████████████

10   █████████████████████████████████████████

11   █████████████████

_____

13   [50] Ex. 1, Barrett Dep. at 28:10-29:21.

14   [51] Ex. 84 (HDP-CRT00046269E) (███████████████████

15   ████); Ex. 1, Barrett Dep. at 30:2−13; 36:10−21.

16   [52] Ex. 85 (Exhibit 3803E (HDP-CRT00026634E)) (███████████

█████████████████████████████████████)

17   (emphasis added); Ex. 86 (HDP-CRT00047882E) (█████████████

18   ███████████████████); Ex. 87 (Exhibit 2640 (HEDUS-CRT00166481)); Ex. 7,

19   Heiser II Dep. at 244:6-245:11, 245:21-247:7 (███████████████

20   █████████████████████████████); Ex. 88 (Exhibit 2639 (HEDUS-

21   CRT00001714)) (█████████████████

22   ██████████████████████); Ex. 89 (Exhibit 2641 (HEDUS-CRT00159824)) (██████████████████████████ Ex. 90

23   (Exhibit 2642 (HEDUS-CRT00164378)), Ex. 7, Heiser II Dep. at 254:4-255:25; 256:8-257:6

(████████████████████████████████

24   ████████████████████); Ex. 91 (Exhibit 2517 (HEDUS-CRT00184595));

25   Ex. 92 (Exhibit 2643 (HEDUS-CRT00164492)); Ex. 93 (Exhibit 2644 (HEDUS-CRT00166782))

(█████████████████████████).

26   [53] See, e.g., Ex. 94 (Exhibit 2681E (SDCRT-0105131E)) (█████████████

███████████████████████████

27   (footnote continued)

28   _____



1

2

3

4

5

6

7

8  //

9  //

10  _____

11  ); Ex. 95

12  (CHU00093512) (

13  ); Ex. 96 (CHU00082287_FT) (

14  ).

15  [54] Ex. 82 (HDP-CRT00037583), p. 5 (

16  ); Ex. 97 (HDP-CRT00045426) (

17  ).

18  [55] Ex. 98 (HDP-CRT00048189 w/ attachment HDP-CRT00048190) (3/18/2003); Ex. 99 (Exhibit

19  1579E (HDP-CRT00026313E)) (

20  ); Ex. 100 (Exhibit 1578E (HDP-
    CRT00026077E)) (

21  ); Ex. 101 (HDP-CRT00026086E) (

22  ).

23  [56]

24  See Ex. 102 (HDP-CRT00033956E); Ex. 103 HDP-CRT00033957E).

25  [57]

26  See Ex. 104 (Exhibit 3804E (HDP-CRT00052643E)); see also
    Ex. 86 (HDP-CRT00047882E).

27

28

1    **C. There Is No Legitimate Business Justification for the Moving Parties' Actions.**

2    There is no business justification for the Moving Parties' actions described herein other

3    than to reap the benefits of the conspiracy.[58]

4    

5    

6    

7    

8    **III. SUMMARY JUDGMENT STANDARD**

9    On a motion for summary judgment, the moving party bears the burden of showing the

10   absence of any genuine issue of material fact. *Beltz Travel Serv. Inc. v. Int'l Air Transp. Assoc.*,

11   620 F.2d 1360, 1364 (9th Cir. 1980) (citation omitted).  In evaluating a motion for summary

12   judgment, this Court should "view the evidence and the inferences which may be drawn therefrom

13   in the light most favorable to the nonmoving party." *Id.* (citations omitted).  "[T]hese general

14   standards are applied even more stringently and summary judgments granted more sparingly …

15   'in complex antitrust litigation where motive and intent play leading roles, [because] the proof is

16   largely in the hands of the alleged conspirators and hostile witnesses thicken the plot.'" *Id.* at

17   1364-65 (quoting *Poller v. Columbia Broad. Sys.*, 368 U.S. 464, 491 (1962)).

18   **IV. ARGUMENT**

19   Ample direct and circumstantial evidence creates genuine issues of fact regarding the

20   Moving Parties' participation in the conspiracy.  Indeed, the record is replete with both testimonial

21   and documentary evidence

22   

23   _____

24   [58] *See* Ex. 76, Netz Report, pp. 31-33; *See also* Ex. 77, Netz Rebuttal, pp. 35-36 (

25   

26   [59] *See, e.g.*, Ex. 16, Ito Dep. at 189:1-7.

27

28
_____
14

1   ███████████████████   Such evidence soundly rebuts the Moving Parties' claim that "all

2   the direct evidence in the record" tends to refute the allegations against them.[60]  The Moving

3   Parties have failed to carry their burden of establishing an absence of genuine issues of material

4   fact.  Summary judgment must be denied.

5
6   **A.  The Evidence of Each Moving Party's Participation Must Be Considered in the Context of the Conspiracy as a Whole.**

7   The Moving Parties do not dispute the existence of the CRT price-fixing conspiracy.  By

8   excluding HAS and HTL from this motion, the Moving Parties also implicitly concede the

9   sufficiency of the evidence linking both of these entities to the CRT conspiracy.  Nevertheless, the

10  Moving Parties urge this Court to ignore the body of conspiracy evidence and strictly

11  compartmentalize the evidence it reviews on a defendant-by-defendant basis.  *See* MSJ at 12-15.

12  But it is well established that viewing conspiracy evidence in a vacuum is inappropriate.

13  "[P]laintiffs should be given the full benefit of their proof without tightly compartmentalizing the

14  various factual components and wiping the slate clean after scrutiny of each."  *Cont'l Ore*, 370

15  U.S. at 699.

16  //

17  _____

18  [60]  MSJ at 11-12.  The so-called "direct evidence" that the Moving Parties contend should
19  exonerate them from all liability consists of (a) unreliable, self-serving testimony of three
    HED(US) employees—
20  ██████████████████████████████████████████████████████
21  ████████████████████ and (b) selected testimony of seven codefendant employees ██████
    *See*
22  Ex. 105 (Deposition of Kenichi Hazuku (June 12, 2013)) at 101:5-23; Ex. 2, Toyama Dep. at
    29:23-25, 45:7-12; Ex. 106, (Deposition of Michael Son (February 5, 2013)) at 167:14-15, 20,
23  22-24; 168:2-4; *see also* Declaration of Eliot A. Adelson in Support of Hitachi Parties' Notice of
    Motion and Motion for Summary Judgment Based Upon the Lack of Evidence in Participation in
24  the Alleged Conspiracy and Memorandum of Points and Authorities in Support Thereof ("Adelson
    Decl."), Ex. 16 (Deposition of Jing Song Lu (February 27, 2013)) at 259:12-17; Adelson Decl.,
25  Ex. 19 (Deposition of Dae Eui Lee (January 16, 2013)) at 253:13-14, 21; Adelson Decl., Ex. 20
26  (Deposition of Deok-Yun Kim (March 27, 2013)) at 96:23-97:1, Adelson Decl., Ex. 23
    (Deposition of Hoon Choi (June 19, 2013)) at 118:22-24; 119:2-3; 119:9-14; 119:19-25.

27

28
                                            15

1   Consequently, Plaintiffs are not required to produce a "smoking gun" and are permitted to

2   rely on circumstantial evidence and the reasonable inferences that may be drawn therefrom.  *In re*

3   *TFT-LCD (Flat Panel) Antitrust Litig.*, Case Nos. M 07-1827 SI, C 10-0117 SI, 2012 WL

4   6521463, at *1 (N.D. Cal. Dec. 13, 2012) ("*TFT-LCD II*").  "It is not necessary to find an express

5   agreement, either oral or written, in order to find a conspiracy, but it is sufficient that a concert of

6   action be contemplated and that defendants conform to the arrangement."  *Esco Corp. v. United*

7   *States*, 340 F.2d 1000, 1008 (9th Cir. 1965) (citations omitted); *see also In re Vitamins Antitrust*

8   *Litig.*, 320 F. Supp. 2d 1, 15 (D.D.C. 2004) ("Plaintiffs … need not show (1) evidence of a formal

9   agreement, or (2) knowledge, on behalf of the Defendant, of every detail of the alleged

10  conspiracy.") (citations omitted); *In re Linerboard Antitrust Litig.*, 504 F. Supp. 2d 38, 51-52

11  (E.D. Pa. 2007) ("There is often a fine line between legitimate business practices and unlawful

12  concerted action, and direct evidence-the smoking gun-of illegal conspiracy may not be

13  available.") (citation omitted).  Nor must Plaintiffs show that each conspirator participated in

14  every aspect to the conspiracy to prevail, "for each conspirator may be performing different tasks

15  to bring about the desired result." *Beltz Travel Serv.*, 620 F.2d at 1367 (citation omitted).  "To the

16  extent that certain defendants…contend that there is no evidence that they in particular exchanged

17  capacity and production information, those defendants are still liable for the actions taken by other

18  in furtherance of the alleged conspiracy." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Case No.

19  M 07-1827 SI,, 2011 WL 7724271, at *1 (N.D. Cal. Nov. 4, 2011) ("*TFT-LCD I*").[61]

20

21  [61] The cases cited by the Moving Parties do not hold otherwise.  *See* MSJ at 12-13 (citing *In re*

22  *Vitamins Antitrust Litig.*, 320 F. Supp. 2d at 15 ("[A] common purpose or plan may be inferred
    from 'a development and collation of circumstances.'")(citations omitted); *Esco Corp.*, 340 F.2d

23  at 1009 (affirming conviction without proof of written or oral agreements or participation in all
    aspects of the conspiracy); *AD/SAT v. Assoc. Press*, 181 F.3d 216, 234 (2d Cir. 1999) (finding that

24  defendants' status as members of an association alone was insufficient to prove participation in the

25  conspiracy); *Eliason Corp. v. Nat'l Sanitation Found.*, 485 F. Supp. 1062, 1075 (E.D. Mich.
    1977), *aff'd*, 614 F.2d 126 (6th Cir. 1980) (granting summary judgment where there was no

26  evidence of illegal conduct by any defendant); *Harlem River Consumers Co-op, Inc. v. Assoc.*

27  *Grocers of Harlem, Inc.*, 408 F. Supp. 1251, 1269 (S.D.N.Y 1976) (identifying three types of
    (footnote continued)

28
    _____
    16

1  Indeed, it is well settled in this Circuit that once Plaintiffs establish the existence of a

2  conspiracy, an individual defendant is liable if the evidence shows "even a slight connection"

3  between the defendant and the conspiracy.  *United States v. Perlaza*, 439 F.3d 1149, 1177 (9th

4  Cir. 2006) (citations omitted); *See also United States v. Reed*, 575 F.3d 900, 924 (9th Cir. 2009)

5  ("The term 'slight connection' means that a defendant need not have known all the conspirators,

6  participated in the conspiracy from its beginning, participated in all its enterprises, or known all its

7  details.  A connection to the conspiracy may be inferred from circumstantial evidence.") (citation

8  omitted);  *Safeway Stores, Inc. v. FTC*, 366 F.2d 795, 801 (9th Cir. 1966) ("Once the existence of

9  the common scheme is established, very little is required to show that defendant became a party—

10  'slight evidence may be sufficient to connect a defendant to it.'") (citations omitted).  As

11  demonstrated herein, the evidence linking each Moving Party to the conspiracy is far from slight

12  and, at minimum, creates triable issues of fact regarding each Moving Party's participation in the

13  conspiracy.[62]

14  **B.  The Moving Parties Are Liable for the Coordinated Acts of the Hitachi Enterprise.**

15  Plaintiffs do not claim that the Moving Parties are liable based solely on their corporate

16  affiliation.  Rather, the evidence establishes that ███████████████████████████

17  ████████████████████████████████████████████████████████████

18

19  circumstantial evidence that "may contribute to or add up to a finding of conspiracy: motive to

20  conspire, opportunity to conspire, and the consistency of the overt acts of each defendant with acts of the others"); *In re Lithium Ion Batteries Antitrust Litig.*, Case No. 13-MD-2420 YGR, 2014 WL

21  309192, at *13 (N.D. Cal. Jan. 21, 2014) (finding on a motion to dismiss that plaintiffs must plead more than "boilerplate assertions of an agency relationship with the parties whose participation in

22  the conspiracy is more directly alleged"); *In re Citric Acid Litig.*, 191 F.3d 1090, 1094 (9th Cir.

23  1999) (granting summary judgment where there was no direct evidence of participation in the conspiracy and circumstantial evidence would not allow for an inference of illegal activity).

24  [62] For the same reasons, the Moving Parties' argument that they cannot be held liable because they

25  had "limited production and sales of CRTs during the alleged conspiracy" is irrelevant and also legally unsupported.  *See* MSJ at 15-16.  Coconspirators need not participate in every aspect of the

26  conspiracy or for its entire duration to be liable.  *Esco Corp.*, 340 F.2d at 1006; *Beltz Travel Serv.*, 620 F.2d at 1367.

27

28

1 ████████████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████████████

3 ███████████████████████   *See* Sections, II.A., II.C., *supra*.

4    Such evidence renders the conspiratorial acts of Hitachi imputable to the Moving Parties.

5 *See, e.g., Carrier Corp. v. Outokumpu OYJ*, 673 F.3d 430, 445-46 (6th Cir. 2012) (finding

6 allegations that (a) the U.S. entities sold the overpriced product, (b) one of the U.S. entities

7 "engaged in the production or sale" of the product in the U.S. or elsewhere, either "directly and/or

8 through its affiliates and/or wholly-owned subsidiaries," and (c) "the various…entities were

9 ***operated and deliberately portrayed to the outside world as a 'single global enterprise'*** in which

10 key executives overlapped … and vital management personnel rotated through positions on both

11 sides of the Atlantic," sufficient to permit imputation of the conspiracy on the U.S. entities)

12 (emphasis added).

13    The Moving Parties' argument that "each of the Hitachi Parties operated as its own

14 company" is unsupported.  MSJ at 5.  The Moving Parties offer ***no*** evidence supporting the

15 purported independence of HDP or HAL, and ███████████████████████████████

16 ███████████████████████████████████████████████████████████

17 ███████████████████████████████████████████████████████████████

18 ███████████████████████████████████████████████████████████

19 ███████████████████████████████████████████████████████████████

20 ██████████████████████████████████████████████████████████████

21 ██████████████████████████████████████████████████████████

22 ███████████████████████████████████████████████████████████

23 █████████████████████████████████████████████████████████

24 ███████████████████████████████████████████████████████████

25

26 _____

27 [63] *See* Adelson, Ex. 6; Anderson Decl., Ex. 11, Heiser I Dep. at 33:11-34:17; 35:7-16.

28

1 ████████████████████████████████████████████████████████████████

2 ████████████████████████████████ Such testimony only bolsters the substantial body of

3 evidence that HTL controlled the Moving Parties and that Hitachi operated as a single CRT entity

4 in the conspiracy, rendering the U.S. subsidiaries liable for the acts of the cartel as a whole.

5     **C.  Each Moving Party Is Liable for Its Participation in the Conspiracy.**

6       Even if the Moving Parties were not implicated in the conspiracy by virtue of their role in

7 the Hitachi global enterprise, substantial evidence establishes that each Moving Party participated

8 in the conspiracy. ██████████████████████████████████████

9 ███████████████████████████████████████████████████████████████████

10 █████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████████

12 ███████████████████████████████████████████████████████████████████

13 ███████████████████████████████████████████████████████████████████

14 _____

15 [64] Ex. 2, Toyama Dep. at 32:11-33:3.

16 [65] Adelson Decl., Ex. 9.

17 [66] ████████████████████████████████████████

18 ████████████████

19 ████████████████████████████████████████████

20 ████████████████████████

21 ██████████████████████████████

22 █████████████

23 ██████████████████████████████████████

24 ██████████████████████████████

25

26 ██████████████████████

27 ███████████████████████████████████

(footnote continued)

28



1

2

3

4

5    HAL also played a critical role in the conspiracy.

6

7

8    *See* Section II.B.4., *supra*.

9    After its formation in 2002, HDP directly participated in the conspiracy.

10

11

12

13

14

15   *See*

16   _____

17

18

19

20

21   Hirai Dep. at 182:22-183:1 (                              ).

22   [67] In fact, Hirai testified
          *e.g.,* Ex. 3, Hirai Dep. at
23   113:15-19; 145:8-13; 145:22-13; 147:11-151:22; 152:8-154:12; 179:16-23; 181:18-182:4, 182:15-
     183:1; 184:18-185:19; 192:1-16; 199:21-201:10; 205:24-206:18.

24   [68] Ex. 3, Hirai Dep. at 149:5-14; 150:1-6; 150:20-151:2; 152:12-153:1; 183:2-184:2; 196:11-
25   197:10.

26   [69] *See also* Plaintiffs' Opposition to Hitachi Defendants' Motion for Summary Judgment Based
     Upon Withdrawal and Statute of Limitations.

27

28

Sections II.B. and II.C., *supra*.  While the Moving Parties may dispute "whether these exchanges of sensitive pricing information were permissible competitive behavior, ***such disputes regarding the interpretation of evidence are not appropriate for resolution on summary judgment*.***"  *TFT-LCD II*, 2012 WL 6521463, at *1 (emphasis added) (denying summary judgment where "Plaintiffs have submitted, *inter alia*, evidence of exchanges of pricing and other proprietary LCD panel information with other defendants.").[70]  Whether each Moving Party specifically attended Glass Meetings does nothing to alter this conclusion.  *See TFT-LCD II,* 2012 WL 6521463, at *1, n.3 ("[C]laimed absence at the Crystal Meetings does not necessarily equate to a lack of participation in the conspiracy.").  In sum, substantial evidence presents genuine issues of fact regarding the Moving Parties' participation in the conspiracy that are ripe for determination by a jury.[71]

**D.  HDP Is Also Liable as a Successor in Interest.**

Under both California law and the federal common law of this Circuit, successor corporations are liable for the acts of their predecessor if (1) the successor corporation expressly or impliedly agrees to assume liability, (2) the transaction amounts to a *de facto* merger, (3) the new corporation is merely a continuation of its predecessor, or (4) the transaction was fraudulently entered into in order to escape liability.  *See In re Lithium Ion Batteries Antitrust Litig.*, Case No. 13-MD-2420 YGR, 2014 WL 4955377, at *36, n.34 (N.D. Cal. Oct. 2, 2014) (citing *Atchison v. Brown & Bryant, Inc.*, 159 F.3d 358, 361 (9th Cir. 1998)).  To establish that a new corporation is a mere continuation of its predecessor, a plaintiff must show that "(1) no adequate consideration was

---

[70] *See also City of Long Beach v. Standard Oil Co. of Cal.*, 872 F.2d 1401, 1406-07 (9th Cir. 1989) (denying summary judgment based on defendants' unusual efforts to maintain an elaborate three-cut exchange system for setting fuel prices that plaintiffs alleged were used to fix prices ).

[71] Because Plaintiffs have set forth evidence of exchanged production and pricing information, the Moving Parties' reliance on *In re Baby Food Antitrust Litig.*, 166 F.3d 112, 133 (3d. Cir 1999) (finding "chit-chat" during chance encounters in the field among competitors' employees insufficient to support conspiracy allegations) is misplaced.  *See* MSJ at 13-14.  Likewise, the Moving Parties cite *In re Linerboard Antitrust Litig.*, 504 F. Supp. 2d at 53, for the premise that allegations of opportunity contacts alone are insufficient to survive summary judgment.  But, here, Plaintiffs are not relying on opportunity contacts alone, so this premise is irrelevant.

1  given for the predecessor corporation's assets… or (2) one or more persons were officers,

2  directors, or stockholders of both corporations."  *Daewoo Elec. Am. Inc. v. Opta Corp.*, No. C 13-

3  1247 JSW, 2013 WL 3877596, at *6-7 (N.D. Cal. Jul. 25, 2013) (citation omitted); *see also*

4  *Sunnyside Dev. Co. LLC v. Opsys Ltd.*, No. C. 05 0553 MHP, 2007 WL 2462142 (N.D. Cal. Aug.

5  29, 2007).

6  ████████████████████████████████████████████████████████

7  ████████████████████████████████████  No known consideration was paid by

8  HDP, HTL remained the sole shareholder, ███████████████████████████████

9  ████████████████████████████████  Section II.B.5., *supra.*  Thus, HDP was

10  merely a continuation of HTL's Display Group and is, therefore, liable for its conduct and the

11  earlier acts of HTL.

12  **V.  CONCLUSION**

13  　　As demonstrated herein, Plaintiffs have proffered significant evidence from which a

14  reasonable jury could find each of the Moving Parties knowingly participated in the conspiracy.

15  Because the Moving Parties have not met their burden of demonstrating an absence of genuine

16  issues of material fact, the motion should be denied.

17

18  Dated:  December 23, 2014　　　　　By:　_s/ Mario N. Alioto_
19　　　　　　　　　　　　　　　　　　　Mario N. Alioto (56433)
　　　　　　　　　　　　　　　　　　　Lauren C. Capurro (241151)
20　　　　　　　　　　　　　　　　　　　TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
　　　　　　　　　　　　　　　　　　　2280 Union Street
21　　　　　　　　　　　　　　　　　　　San Francisco, CA 94123
　　　　　　　　　　　　　　　　　　　Telephone: (415) 563-7200
22　　　　　　　　　　　　　　　　　　　Facsimile: (415) 346-0679
　　　　　　　　　　　　　　　　　　　malioto@tatp.com
23　　　　　　　　　　　　　　　　　　　laurenrussell@tatp.com

24　　　　　　　　　　　　　　　　　　　*Lead Counsel for Indirect-Purchaser Plaintiffs*

25　　　　　　　　　　　　　　　　　　　*On the brief:*

26

27　　　　　　　　　　　　　　　　　　　Jennie Lee Anderson (203586)
　　　　　　　　　　　　　　　　　　　ANDRUS ANDERSON LLP

28

| | |
|---|---|
| 1 | 155 Montgomery Street |
| | San Francisco, CA 94104 |
| 2 | Telephone:    (415) 986-1400 |
| | Facsimile:    (415) 986-1474 |
| 3 | jennie@andrusanderson.com |
| 4 | |
| | *Counsel for Indirect-Purchaser Plaintiffs* |
| 5 | |
| 6 | */s/  Philip J. Iovieno* |
| 7 | |
| | Philip J. Iovieno |
| 8 | Anne M. Nardacci |
| | BOIES, SCHILLER & FLEXNER LLP |
| 9 | 30 South Pearl Street, 11th Floor |
| | Albany, NY  12207 |
| 10 | Telephone:  (518) 434-0600 |
| 11 | Facsimile:   (518) 434-0665 |
| | piovieno@bsfllp.com |
| 12 | anardacci@bsfllp.com |
| 13 | William A. Isaacson |
| | BOIES, SCHILLER & FLEXNER LLP |
| 14 | 5301 Wisconsin Ave. NW, Suite 800 |
| 15 | Washington, D.C.  20015 |
| | Telephone:  (202) 237-2727 |
| 16 | Facsimile:   (202) 237-6131 |
| | wisaacson@bsfllp.com |
| 17 | |
| 18 | Stuart Singer |
| | BOIES, SCHILLER & FLEXNER LLP |
| 19 | 401 East Las Olas Blvd., Suite 1200 |
| | Fort Lauderdale, FL  33301 |
| 20 | Telephone:  (954) 356-0011 |
| | Facsimile:   (954) 356-0022 |
| 21 | ssinger@bsfllp.com |
| 22 | |
| | *Liaison Counsel for Direct Action Plaintiffs and* |
| 23 | *Attorneys for Plaintiffs Electrograph Systems, Inc.,* |
| | *Electrograph Technologies, Corp., Office Depot,* |
| 24 | *Inc., Compucom Systems, Inc., Interbond* |
| | *Corporation of America, P.C. Richard & Son Long* |
| 25 | *Island Corporation, MARTA Cooperative of America,* |
| | *Inc., ABC Appliance, Inc., Schultze Agency Services* |
| 26 | *LLC on behalf of Tweeter Opco, LLC and Tweeter* |
| | *Newco, LLC, and Tech Data Corporation and Tech* |
| 27 | *Data Product Management, Inc.* |
| 28 | |

1

2                                          /s/  David J. Burman
                                           David J. Burman (*pro hac vice*)
3                                          Cori G. Moore (*pro hac vice*)
                                           Eric J. Weiss (*pro hac vice*)
4                                          Nicholas H. Hesterberg (*pro hac vice*)
                                           Steven D. Merriman (*pro hac vice*)
5                                          PERKINS COIE LLP
6                                          1201 Third Avenue, Suite 4900
                                           Seattle, WA 98101-3099
7                                          Telephone:  (206) 359-8000
                                           Facsimile:  (206) 359-9000
8

9                                          Joren Bass (SBN 208143)
                                           PERKINS COIE LLP
10                                         Four Embarcadero Center, Suite 2400
                                           San Francisco, CA  94111-4131
11                                         Telephone:  (415) 344-7120
                                           Facsimile:  (415) 344-7320
12                                         jbass@perkinscoie.com
13
                                           *Counsel for Plaintiff Costco Wholesale Corporation*
14

15                                         /s/  Scott N. Wagner
16                                         Robert W. Turken
                                           Scott N. Wagner
17                                         Mitchell E. Widom
18                                         BILZIN SUMBERG MAENA
                                             PRICE & AXELROD LLP
19                                         1450 Brickell Ave, Suite 2300
                                           Miami, FL  33131-3456
20                                         Telephone:  (305) 374-7580
                                           Facsimile:  (305) 374-7593
21                                         rturken@bilzin.com
                                           swagner@bilzin.com
22                                         mwidom@bilzin.com
23
                                           *Counsel for Plaintiffs Tech Data Corporation and*
24                                         *Tech Data Product Management, Inc.*
25

26                                         /s/  David Martinez
                                           Roman M. Silberfeld
27                                         Bernice Conn
                                           David Martinez
28
                                                        24
─────────────────────────────────────────────────────────
PLTFS' JOINT OPP TO HITACHI PARTIES' MSJ BASED UPON LACK OF EVIDENCE
OF PARTICIPATION IN THE ALLEGED CONSPIRACY
MDL No. 1917: Master File No. 07-cv-5944 SC

1   Jill S. Casselman
    ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2   2049 Century Park East, Suite 3400
    Los Angeles, CA  90067-3208
3   Telephone:  (310) 552-0130
    Facsimile:   (310) 229-5800
4   rmsilberfeld@rkmc.com
5   dmartinez@rkmc.com
    jscasselman@rkmc.com
6
7   Elliot S. Kaplan
    K. Craig Wildfang
8   Laura E. Nelson
    ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
9   800 LaSalle Avenue
    2800 LaSalle Plaza
10  Minneapolis, MN  55402
    Telephone:  (612) 349-8500
11  Facsimile:   (612) 339-4181
12  eskaplan@rkmc.com
    kcwildfang@rkmc.com
13  lenelson@rkmc.com
14  *Counsel For Plaintiffs Best Buy Co., Inc., Best Buy
    Purchasing LLC, Best Buy Enterprise Services, Inc.,*
15  *Best Buy Stores, L.P., Bestbuy.com, L.L.C., and*
    *Magnolia Hi-Fi, Inc.*
16
17
18  /s/  William J. Blechman
    Richard Alan Arnold (*pro hac vice*)
19  William J. Blechman (*pro hac vice*)
    Kevin J. Murray (*pro hac vice*)
20  KENNY NACHWALTER, P.A.
    201 S. Biscayne Blvd., Suite 1100
21  Miami, FL  33131
    Telephone:  (305) 373-1000
22  Facsimile:  (305) 372-1861
23  rarnold@knpa.com
    wblechman@knpa.com
24  kmurray@knpa.com
25  *Counsel for Plaintiff Sears, Roebuck and Co. and*
    *Kmart Corp.*
26
27
28  /s/  Kenneth S. Marks
                                    25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:   (713) 654-6666
kmarks@susmangodfrey.com
jross@susmangodfrey.com
jcarter@susmangodfrey.com
dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington  98101-3000
Telephone:  (206) 516-3880
Facsimile:   (206) 516-3883
pfolse@susmangodfrey.com
rblack@susmangodfrey.com
jconnors@susmangodfrey.com

*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

/s/  Jerome A. Murphy
Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  202-624-2500
Facsimile:   202-628-5116
jmurphy@crowell.com
aheaven@crowell.com

Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone:  213-443-5582

26

1

Facsimile:   213-622-2690
jmurray@crowell.com
rmcnary@crowell.com

2

3

*Counsel for Target Corp. and ViewSonic Corp.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLTFS' JOINT OPP TO HITACHI PARTIES' MSJ BASED UPON LACK OF EVIDENCE
OF PARTICIPATION IN THE ALLEGED CONSPIRACY
MDL No. 1917: Master File No. 07-cv-5944 SC

## ECF CERTIFICATION

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

Dated: December 23, 2014                                        */s/ Jennie Lee Anderson*

Jennie Lee Anderson (203586)
ANDRUS ANDERSON LLP
155 Montgomery Street
San Francisco, CA 94104
Telephone:  (415) 986-1400
Facsimile:  (415) 986-1474
jennie@andrusanderson.com

PLTFS' JOINT OPP TO HITACHI PARTIES' MSJ BASED UPON LACK OF EVIDENCE
OF PARTICIPATION IN THE ALLEGED CONSPIRACY
MDL No. 1917: Master File No. 07-cv-5944 SC