# Exhibit 3

## MARTA COOPERATIVE OF AMERICA, INC.

### COOPERATIVE PLAN
(including all amendments through July 31, 2006)

WHEREAS, Marta Cooperative of America, Inc. (hereinafter called the "Company") has been duly incorporated under the provisions of Act No. 327; and

WHEREAS, the purposes of the Company as set forth in the Articles of Incorporation are as follows:

To provide shareholders with means of cooperative purchasing and to distribute all earnings in connection therewith to the shareholders in proportion to the sales of the property sold to the shareholders. All sales to shareholders shall be of a wholesale nature and the Company shall not engage in retail sales. The Company shall have all other powers necessary and incidental to carrying out its lawful purpose; and

WHEREAS, the shareholders of the Company wish to adopt and ratify a Cooperative Plan, in accordance with Section 450.99 of the Compiled Laws of Michigan, 1948, as amended, which shall be referred to herein and may be referred to hereafter as the Cooperative Plan, establishing a mode of operation whereby the earnings of the Company shall be distributed to the shareholders and setting forth certain rules and regulations for cooperative purchasing.

NOW, THEREFORE, BE IT RESOLVED that the following Cooperative Plan is hereby adopted and ratified and the Board of Directors of the Company, itself, or by and through the duly elected officers of the Company, is hereby authorized, empowered and directed to carry out the intent and purposes of the Cooperative Plan.

A.    COMPANY AS PURCHASING AGENT.

The Company shall act as, and shall be, a non-exclusive purchasing agent for each and every shareholder of the Company. The placing of an order with or through the Company shall be binding upon the shareholder placing such order and shall require the shareholder to purchase such merchandise from the Company and the Company to sell such merchandise to the shareholder; provided, however, that said obligations shall be void if said order cannot be completed with less than a reasonable variance therefrom.

B.    CREDIT.

(1)    Each shareholder shall, from time to time, submit to the Company proposed credit limits. Said proposed credit limit for each shareholder, individually, shall be investigated and approved by the Board of Directors of the Company. The credit limit as approved, shall be called "Approved Credit". The Board of Directors may reduce or increase that Approved Credit or may revoke its approval of any shareholder's Approved Credit at any time.

CRT-MARTA-0043944

(2)      Each shareholder shall submit to the Board of Directors, each year, within 90 days of the end of the Company's fiscal year, complete and acceptable financial statements, including a balance sheet and income statement.  In the event satisfactory financial information from the shareholder is not received by the Board of Directors, the Board of Directors may reduce, suspend, or eliminate the shareholder's Approved Credit.

(3)      Each shareholder shall be entitled to an Approved Credit limit of $12,500, subject to the discretion of the Board as set forth in this Co-Operative Plan.  A shareholder shall have Approved Credit in excess of $12,500 only to the extent that creditor has provided an irrevocable straight letter of credit, an agreement to guarantee financing, accounts receivable insurance, or other agreement acceptable to the Board of Directors.  The maximum amount of Approved Credit shall be $12,500 plus the amount covered by the irrevocable straight letter of credit, agreement to guarantee financing, insurance, or other acceptable agreement.

(4)      All sales to any shareholder shall be:

(a)  for cash; or

(b) on open account up to the limit of the shareholder's Approved Credit; or

(c) pursuant to authorization received by Marta from an acceptable inventory financing company which has agreed to pay Marta the amount of the order for the shareholder's account.

C.      PAYMENT FOR PURCHASES.

(1)      Each shareholder promises to pay Marta for all merchandise purchased by the shareholder from or through Marta, and to pay all other obligations to Marta according to the terms of the applicable invoice.

(2)      The agreement of an inventory financing company, bank, or other organization to finance or pay Marta for merchandise on a shareholder's behalf does not relieve the shareholder of the obligation to pay any obligation to Marta according to its terms.

(3)      Each shareholder further agrees that it is obligated to pay Marta for any deficiencies or other costs incurred by Marta as the result of any repurchase, required by agreement with an inventory finance company or other company or institution, of merchandise which has been repossessed from shareholder.  Shareholder shall have this obligation to pay for any deficiency and costs without regard to whether Marta has first been paid for such goods by the inventory finance company, and whether or not the inventory finance company or other entity repossessing the merchandise from shareholder has assigned its claim to Marta.

(4)  Each shareholder which finances purchases through an inventory financing company, or some other similar company, shall provide to MARTA a letter of credit in an amount

CRT-MARTA-0043945

not less than $50,000.  This letter of credit shall be for the purpose of covering costs of repossession or collection, deficiencies on repurchases from financing companies and any other losses incurred by Marta as a result of shareholder's purchase of merchandise, and to pay any other obligations of shareholder to Marta.  Each such letter of credit shall be issued by a bank or financial institution acceptable to the Company and shall be in such form as the Company, with the advice of the attorney for the Company, shall determine to be acceptable.   The Company may, but is not required to, accept an assignment of funds under an agreement acceptable to the attorney for the Company, in place of a letter of credit.

D.    TIME OF PAYMENT AND SERVICE CHARGE FOR LATE PAYMENT.

All payments required pursuant to Paragraph C which are over and above the Approved Credit shall be made with the placement of the shareholder's order.  All other payments shall be due in accordance with the statements to be issued by the officers of the Company from time to time.  The time set for payment by the officers may be modified by the Board of Directors in their discretion; provided, however, that the terms and conditions of payment shall not be discriminatory.  Upon withdrawal from membership or termination of membership, or if a shareholder's letter of credit will expire within thirty (30) days and has not been renewed or replaced, all obligations of the shareholder shall become immediately due and payable, without regard to the terms of payment provided in the invoice, statement, or elsewhere.  Each shareholder agrees to pay a service charge for late payment of two (2%) percent, or the highest amount permitted by law (but not exceeding said two (2%) percent), whichever is greater, on all amounts due and owing to the Company beginning on the day after the due date of the invoice, with an additional two percent (2%) each month thereafter, *provided that* on any invoice to be paid by a shareholder on open account the late charge shall be one-half of one percent (.5%) if paid within ten (10) days of the due date, two percent (2%) if paid more than ten (10) days but less than thirty (30) days after the due date, with an additional two percent (2%) per month thereafter. Each shareholder agrees to pay to the Company all costs incurred by the Company in collecting accounts from that member, including actual attorneys' fees.

E.    REQUIRED DOCUMENTS.

No orders for merchandise shall be accepted from a shareholder unless each of the following documents is in full force and effect with respect to said shareholder:

(1)    Marta Membership Agreement

(2)    Letter of Credit (or acceptable substitute)

(3)    Financing Statement (Form UCC-1)

Each of said documents shall be in such form as the Company may determine to be appropriate, or as may be changed or modified by the Company from time to time.

CRT-MARTA-0043946

F.    PAYMENT FOR STOCK, INITIATION FEE AND ANNUAL CHARGES.

(1)    *Shares of Stock*.  Upon acceptance of membership, each new shareholder shall purchase Four Thousand (4,000) shares of the common stock of the Company, One ($1.00) Dollar par value, for the sum of Four Thousand ($4,000.00) Dollars, and said stock shall be transferable only in accordance with that certain Redemption Agreement to which the shareholder shall consent as a condition of membership.

(2)    *Initiation Fee*.  Upon acceptance for membership, each new shareholder shall pay to the Company an initiation fee in such amount as the Board of Directors shall have determined to be applicable for all new members during the period of time in which such new shareholder is accepted for membership.  This fee shall be in addition to the amount paid for shares of stock.  The initiation fee is not refundable, except to a member which voluntarily resigns its membership during the first year, in which case the initiation fee shall be prorated over the length of time resigning member was a member of Marta, and the prorated portion corresponding to the balance of the first year following the resignation shall be refunded.

(3)    *Annual Charges*.  Each shareholder shall pay to the Company an annual charge for expenses in the sum of Six Thousand Six Hundred ($6,600.00) Dollars.  Said annual charge shall be payable in four (4) installments of One Thousand Six Hundred Fifty ($1,650.00) Dollars each in the first four (4) months of the fiscal year of the Company.  No portion of the annual charges shall be refunded to any member which voluntarily withdraws from membership.  In the event the Company has earnings to be distributed to the members for any fiscal year, Five Hundred ($500.00) Dollars of each member's annual charges paid for that fiscal year shall be refunded to each member before any other distributions are made.

G.    SUSPENSION AND EXPULSION.

The Board of Directors shall promulgate in writing rules and regulations stating grounds for suspension or expulsion.

(1)    *Suspension*.  Any shareholder who fails to perform any of his obligations, financial or otherwise, which constitute grounds for suspension, may be suspended by vote of the Board of Directors upon receipt of written notice of such vote.  A suspended shareholder shall not be allowed to participate in the Co-Operative Plan during the term of his suspension.  Any orders already placed on behalf of said suspended shareholder, but not yet delivered at the time of the suspension, may be completed or cancelled by the Board of Directors in the discretion of the Board.  Any earnings to be distributed to such shareholder shall be reduced by a fraction, the numerator of which is the number of days said shareholder has been suspended and the denominator of which is three hundred sixty-five (365).  Such defaulted earnings shall be distributed pro rata among the other shareholders.

(2)    *Expulsion*.  Any shareholder who fails to perform any of his obligations, financial or otherwise, which constitute grounds for expulsion, may be expelled by vote of the Board of Directors and the consent of three-quarters (3/4) of the issued and outstanding common stock of the Company, One ($1.00) Dollar par value (not including treasury stock).  Such consent may be given

Highly Confidential

at a meeting of shareholders or in writing.  Any such expulsion shall be in accordance with the then existing Redemption Agreement of the Company and its shareholders.

      H.     REINSTATEMENT.

The suspension of a shareholder shall be ended by either:  (1) the payment of his delinquent financial obligations plus penalties, if any, so long as financial obligations are the only cause for his suspension; or (2) the vote of the Board of Directors and the written consent of three-quarters (3/4) of the issued and outstanding common stock of the Company, $1.00 par value (not including treasury stock).  The Board of Directors may, in its discretion, reinstate any or all of a suspended shareholder's defaulted earnings which have not already been paid and/or allocated to the other shareholders.

      I.     TRANSSHIPPING.

Any and all merchandise ordered pursuant to this Cooperative Plan shall not be transshipped without a favorable vote of the Board of Directors and the written consent of three-quarters (3/4) of the issued and outstanding common stock of the Company, $1.00 par value (not including treasury stock) or as approved by the Board of Directors pursuant to an agreement executed under the Marta Master Dealer Program.  Penalties for the violation of this paragraph may be determined from time to time by the Board of Directors.

      J.     BOOKS AND RECORDS - INTERMINGLING OF FUNDS.

The Company shall keep and maintain complete books and records of all proceedings and financial transactions.  No funds, whether paid to, received by, or deposited with the Company, unless otherwise specifically provided to the contrary, shall be held pursuant to an actual or constructive trust, said funds to be available for the satisfaction of all obligations of the Company; provided, however, that any sums received by the Company for the payment of specific merchandise ordered, or to be ordered, for and on behalf of a shareholder shall be held by the Company in a separate account for and on behalf of said shareholder to be released only upon the following conditions:  (i) payment for said merchandise, or (ii) payment to the Company as a set-off under Paragraph L of this Cooperative Plan.

      K.     DISTRIBUTION OF EARNINGS.

All earnings of the Company whether arising from charges for Monthly Expenses, Additional Expenses, sales of merchandise, cash discounts, advertising credits, or otherwise, shall be distributed to the shareholders by first refunding to each shareholder an equal amount of its annual charges paid for the fiscal year up to the amount of Five Hundred ($500.00) Dollars per shareholder, and then by distributing the balance of the earnings in proportion to the value of all the purchases made from the Company which are reflected in the Company's taxable year for the purpose of federal income tax.  The allocation of said earnings shall be made within the period ending on the fifteenth day of the second month following the end of the taxable year and the distribution of said earnings shall be made within the period ending on the fifteenth day of the ninth month following the end of the taxable year.

L.     <u>SET-OFF</u>.

The Company may, in its discretion, apply and set off any and all allocations, distributions, or other amounts owed to a given shareholder against any and all financial indebtedness and obligations owed by said shareholder to the Company.

M.     <u>SHAREHOLDER ASSENT</u>.

All of the Company's present shareholders and any person, corporation, other entity, or groups thereof who shall hereafter become shareholders shall file with the Company a Notice of Consent which shall contain their representations as to their acceptance and ratification of this Cooperative Plan.

N.     <u>MINIMUM PURCHASE REQUIREMENT</u>.

It shall be a condition of continuing membership that each member shall make at least fifty (50%) percent or at least $2 million in applicable purchases from or through the Company, during each fiscal year of the Company.

Annual review will be made as of July 31 of each year.

Any member not meeting this requirement will be required to show cause to the Board of Directors why such member should not be expelled, and unless the Board of Directors affirmatively determines to extend the member's time for compliance or take some other appropriate action, the member shall be expelled without requirement of further approval of such action by the general membership.

O.     <u>ARBITRATION</u>

Any dispute between Marta and a member or former member, arising out of the Membership Agreement, any accounts or dealings between Marta and the member or former member, or any aspect of the relationship between Marta and the member or former member, shall be decided by arbitration conducted under the applicable rules of the American Arbitration Association. The case shall be decided by a single arbitrator. If the parties can agree upon the selection of the arbitrator and other matters relevant to the administration and conduct of the arbitration proceeding, the arbitration shall be administered independently and privately. If the parties cannot agree, either party shall have the right at any time to require that the arbitration be administered by the American Arbitration Association. Any arbitration hearing will take place in Maricopa County, Arizona, or in such other county where Marta's principal place of business is located. The arbitrator shall have the authority to award costs of the arbitration proceeding, and any subsequent enforcement or collection proceeding, including reasonable, actual attorney fees, to the prevailing party. Any arbitration award may be enforced by any court of competent jurisdiction. If this arbitration provision conflicts with any provision contained in any other document, including the Marta Membership Agreement, this provision shall control.

Highly Confidential

P.    FRANCHISED MERCHANDISE.

The Company shall not be required to accept an order from any shareholder for merchandise which is franchised and which the manufacturer or distributor requires to be sold exclusively to franchised dealers unless said shareholder is a franchised dealer.

Q.    AMENDMENT.

This Cooperative Plan may be amended in accordance with Article VIII of the By-Laws of the Company and any amendments or successor provisions thereto.

Highly Confidential

**BY-LAWS OF**
**MARTA COOPERATIVE OF AMERICA, INC.**
**(With All Amendments Through July 31, 2006)**

### TABLE OF CONTENTS

|  |  |  | Page |
|---|---|---|---|
| ARTICLE I |  | CORPORATE IDENTIFICATION | 1 |
|  | SECTION 1.01 | NAME | 1 |
|  | SECTION 1.02 | REGISTERED OFFICE | 1 |
|  | SECTION 1.03 | SEAL | 1 |
| ARTICLE II |  | SHAREHOLDERS | 1 |
|  | SECTION 2.01 | PLACE OF MEETINGS | 1 |
|  | SECTION 2.02 | ANNUAL MEETINGS | 1 |
|  | SECTION 2.03 | SPECIAL MEETINGS | 1 |
|  | SECTION 2.04 | DELAYED ANNUAL MEETING | 2 |
|  | SECTION 2.05 | ORDER OF BUSINESS AT ANNUAL MEETING | 2 |
|  | SECTION 2.06 | NOTICE OF MEETINGS | 2 |
|  | SECTION 2.07 | CLOSING OF TRANSFER BOOKS | 2 |
|  | SECTION 2.08 | VOTING LISTS | 3 |
|  | SECTION 2.09 | QUORUM | 4 |
|  | SECTION 2.10 | PROXIES | 4 |
|  | SECTION 2.11 | VOTING OF SHARES BY MEMBERS WHICH ARE CORPORATIONS | 4 |
|  | SECTION 2.12 | INSPECTORS OF ELECTION | 4 |
| ARTICLE III |  | BOARD OF DIRECTORS | 4 |
|  | SECTION 3.01 | GENERAL POWERS | 4 |
|  | SECTION 3.02 | NUMBER, TENURE, & QUALIFICATIONS | 4 |
|  | SECTION 3.03 | REGULAR MEETINGS | 5 |
|  | SECTION 3.04 | SPECIAL MEETINGS; NOTICE | 5 |
|  | SECTION 3.05 | ATTENDANCE AT MEETING BY TELEPHONE | 5 |
|  | SECTION 3.06 | ACTION WITHOUT MEETING | 5 |
|  | SECTION 3.07 | QUORUM | 5 |
|  | SECTION 3.08 | VOTING REQUIREMENTS | 5 |
|  | SECTION 3.09 | VACANCIES | 6 |
|  | SECTION 3.10 | COMPENSATION | 6 |
|  | SECTION 3.11 | PRESUMPTION OF ASSENT | 6 |
|  | SECTION 3.12 | REMOVAL OF DIRECTORS | 6 |
| ARTICLE IV |  | OFFICERS | 6 |
|  | SECTION 4.01 | NUMBER, ELECTION & TENURE | 6 |
|  | SECTION 4.02 | REMOVAL | 7 |
|  | SECTION 4.03 | VACANCIES | 7 |

SECTION 4.04 EXECUTIVE DIRECTOR ............................................. 7
SECTION 4.05 PRESIDENT............................................................. 7
SECTION 4.06 VICE-PRESIDENT.................................................... 7
SECTION 4.07 SECRETARY ........................................................... 7
SECTION 4.08 TREASURER............................................................ 7

ARTICLE V CONTRACTS, LOANS, CHECKS, DEPOSITS & OFFICIAL BOOKS AND RECORDS ............................................. 8
SECTION 5.01 CONTRACTS.......................................................... 8
SECTION 5.02 BORROWING AND LENDING FUNDS OF THE CORPORATION.......................................................... 8
SECTION 5.03 CHECKS, DRAFTS, ETC. .......................................... 8
SECTION 5.04 INVESTMENT OF FUNDS AND DEPOSITS................. 9
SECTION 5.05 OFFICIAL BOOKS & RECORDS ................................ 9

ARTICLE VI CAPITAL STOCK ...................................................... 9
SECTION 6.01 QUALIFICATION FOR MEMBERSHIP....................... 9
SECTION 6.02 TRANSFER OF MEMBERSHIP AND STOCK............... 9
SECTION 6.03 NUMBER OF SHARES ............................................ 10
SECTION 6.04 CERTIFICATES FOR SHARES.................................. 10
SECTION 6.05 ISSUANCE OF SHARES.......................................... 10
SECTION 6.06 PARTICIPATION REBATES ...................................... 10

ARTICLE VII WAIVER OF NOTICE................................................ 10
SECTION 7.01 WAIVER OF NOTICE

ARTICLE VIII AMENDMENTS....................................................... 10
SECTION 8.01 AMENDMENTS, HOW EFFECTED 10

ii

CRT-MARTA-0043952

# BY-LAWS

## OF

# MARTA COOPERATIVE OF AMERICA, INC.

## (With All Amendments Through July 31, 2006)

### ARTICLE I
### CORPORATE IDENTIFICATION

Section 1.01.    **Name.**  The name of the corporation shall be MARTA COOPERATIVE OF AMERICA, INC. ("the Corporation").

Section 1.02.    **Registered Office.**  The address of the registered office of the Corporation shall be 1550 Buhl Building, 535 Griswold Street, Detroit, Michigan 48226.  The address of the statutory agent of MARTA COOPERATIVE OF AMERICA, INC. is 15150 North Hayden, Suite 106, Scottsdale, Arizona 85260.

Section 1.03.    **Seal.**  The Board of Directors shall provide a corporate seal, which shall be circular in form and shall have inscribed thereon the name of the Corporation, the state of incorporation, and the words "Corporate Seal".

### ARTICLE II
### SHAREHOLDERS

Section 2.01.    **Place of Meetings.**   Any and all meetings of the shareholders and the Board of Directors of MARTA COOPERATIVE OF AMERICA, INC. may be held within or outside the State of Michigan as decided by the Board of Directors.

Section 2.02.    **Annual Meetings.**   The annual meeting of the shareholders shall be held each year during June.  Failure to hold the annual meeting shall not cause the forfeiture or dissolution of the Corporation.

Section 2.03.    **Special Meetings.**   Special meetings of the shareholders, for any purpose or purposes, unless otherwise prescribed by

1

statute, may be called by the Chairman or by the Board of Directors, and shall be called by the Chairman at the request of the holders of not less than 25 percent of all the outstanding shares of the Corporation entitled to vote at the meeting.

Section 2.04.    **Delayed Annual Meeting.**   If for any reason the annual meeting of the shareholders shall be delayed, such meeting may be called and held as a special meeting, and the same proceedings may be had as at an annual meeting; provided that the notice of such meeting shall be the same as required for the annual meeting, not less than a ten (10) day notice.

Section 2.05.    **Order of Business at Annual Meeting.**   The order of business at the annual meeting of shareholder shall be as follows:

(a)    Roll call,
(b)    Reading of minutes of previous meeting,
(c)    Report of  Chairman of the Board,
(d)    Report of Secretary,
(e)    Report of Treasurer,
(f)    Election of Board of Directors and its officers,
(g)    Transaction of such other business as deemed proper to come before the meeting,
(h)    Adjournment.

In the absence of any objection, the presiding officer may vary the order of business at his discretion.

Section 2.06.    **Notice of Meetings.** Written notice stating the place, day, and hour of the meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called, shall be delivered or mailed to each holder of stock entitled to vote at such meeting not less than ten (10) nor more than fifty (50) days before the date of the meeting.

No business shall be transacted at any special meeting of the stockholders except such as shall be set forth in the notice of the meeting.  A waiver of the notice of any such meeting, in writing, signed by the person entitled to said notice, whether before, at, or after the time stated therein, shall be deemed equivalent to such notice. Attendance by a shareholder, without objection to the notice, whether in person or by proxy, at a shareholders' meeting shall constitute a waiver of notice of the meeting.

Section 2.07.    **Closing of Transfer Books.**   For the purpose of determining shareholders entitled to notice of or to vote at any meeting of shareholders or any adjournment thereof or in order to make a determination of shareholders for any other proper purpose, the Board of Directors of the

2

                                                                                                     CRT-MARTA-0043954

Corporation may provide that the stock transfer books shall be closed for a stated period not to exceed fifty (50) days.  If the stock transfer book shall be closed for the purpose of determining shareholders entitled to notice of or to vote at a meeting of shareholders, such books shall be closed for at least ten (10) days immediately preceding such meeting.  In lieu of closing the stock transfer books, the Board of Directors may fix in advance a date as the record date for any such determination of shareholders, such date in any case to be not more than fifty (50) days and, in the case of a meeting of shareholders, note less than ten (10) days prior to the date on which the particular action requiring such determination of shareholders, is to be taken.  If the stock transfer books are not closed and no record date is fixed for the determination of stockholders entitled to notice of or to vote at a meeting of shareholders, the date on which notice of the meeting is mailed, shall be the record date for such determination of shareholders.  For purposes of voting at any meeting of shareholders, a member which has been conditionally accepted for membership, and has satisfied all the other requirements for membership and is participating in programs of the Corporation, shall be deemed to be a shareholder and entitled to vote notwithstanding the fact that the member has not yet been issued a stock certificate and does not have the right to receive the stock certificate as of that date.  When a determination of shareholders entitled to vote at any meeting of shareholders has been made as provided in this section, such determination shall apply to any adjournment thereof except where the determination has been made through the closing of the stock transfer books and the stated period of closing has expired.

Section 2.08.    **Voting Lists.**  The officer or agent having charge of the stock transfer books for shares of the Corporation shall make, at least ten days before each meeting of shareholders, a complete list of the shareholders entitled to vote at such meeting, or any adjournment thereof, arranged in alphabetical order with the address of, and the number of shares held by each shareholder, which list, for the period between its compilation and the meeting for which it was compiled, shall be kept on file at the registered office of the Corporation and shall be subject to inspection by any shareholder at any time during usual business hours.  Such list shall also be produced and kept open at the time and place of the meeting and shall be subject to the inspection of any shareholder during the whole time of the meeting.  The original stock transfer book shall be prima facie evidence as to the shareholders entitled to examine such list or transfer books or to vote at any meetings of shareholders.

Section 2.09.    **Quorum.**  A majority of the outstanding shares of the Corporation entitled to vote, when represented in person or by proxy, shall constitute a quorum at a meeting of shareholders. If less than a majority of the outstanding shares are represented at a meeting, a majority of the shares so represented may adjourn the meeting to a future date without further notice.  At

3

CRT-MARTA-0043955

such adjourned meeting at which a quorum shall be present or represented, any business may be transacted which might have been transacted at the meeting as originally scheduled. The shareholders present at a duly organized meeting may continue to transact business until adjournment, notwithstanding the withdrawal of enough shareholders to leave less than a quorum.

Section 2.10.    **Proxies.**   At all meetings of shareholders, a shareholder may vote by proxy executed in writing by the shareholder or by his authorized attorney in fact.  Such proxy must be filed with the Secretary of the Corporation before or at the time of the meeting.  No proxy shall be valid after eleven months from the date of its execution, unless otherwise provided in the proxy.

Section 2.11.    **Voting of Shares by Members Which Are Corporations or Other Business Entities.**   Shares held by a member which is a corporation, partnership or other business entity may be voted by such officer or representative as such member may designate.

Section 2.12.    **Inspectors of Election.**   Whenever any person entitled to vote at a meeting of the shareholders shall request the appointment of inspectors, a majority of the shareholders present at much meeting and entitled to vote thereof shall appoint not more than three inspectors, who need not be shareholders.  If the right of any person to vote at such meeting shall be challenged, the inspectors shall determine such right.  The inspectors shall receive and count the votes for any or for the decision of any questions and shall determine the result.  Their certificate of any vote shall be prima facie evidence thereof.

### ARTICLE III
### BOARD OF DIRECTORS

Section 3.01.    **General Powers.**   The business and affairs of the Corporation shall be managed by its Board of Directors, except as otherwise provided by law or by the Articles of Incorporation of the Corporation.

Section 3.02.    **Number, Tenure, and Qualifications.**   The authorized number of directors of the Corporation shall be twelve (12), members who shall serve in staggered three (3) year terms. Directors may be residents of any state and shall be shareholders or designated proxies of the Member Corporation, which is a shareholder.  Each member of the Board of Directors shall hold office for a term of three (3) years and until his successor is elected.  At each annual meeting four (4) members of the Board of Directors shall be elected.

Section 3.03.    **Regular Meetings.**   A regular meeting of the Board of Directors shall be held without other notice than this bylaw immediately after,

4

and at the same place as, the annual meeting of shareholders.  The Board of Directors may provide, by resolution, the time and place, either within or without the State of Michigan, for the holding of additional regular meetings without other notice than such resolution.

Section 3.04.    **Special Meetings; Notice.**    Special meetings of the Board of Directors may be called by or at the request of the Chairman of the Board or any two directors.  The person or persons authorized to call special meetings of the Board of Directors may fix any place, wherever located, as the place for holding a special meeting of the Board of Directors called by them. Written notice of a special meeting shall be given to each director at least two (2) days prior to a special meeting, if that notice is sent by facsimile or other similar method.  If the written notice is mailed to a director at least five (5) days prior notice must be given, which notice shall be deemed given when mailed.  Any director may waive notice of any meeting either before or after the meeting, by signing a written waiver.   The attendance of a director at a meeting shall constitute a waiver of notice of such meeting, except where a director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened.   Neither the business to be
transacted nor the purpose of any regular or special meeting of the Board of Directors need be specified in the notice or waiver of notice of such meeting.

Section 3.05.    **Attendance At Meeting By Telephone.**   Any director may participate in any meeting by telephone, and shall be deemed present for the purpose of establishing a quorum if he is able to listen and take part in any and all discussions.

Section 3.06.    **Action Without Meeting.**   Any action required or permitted to be taken at any meeting of the Board of Directors, or any committee thereof, may be taken without a meeting if a written consent setting forth the action so taken is signed by all of the directors that would have been entitled to vote on the action had a meeting been held.

Section 3.07.    **Quorum.**   A majority of the Board of Directors shall constitute a quorum for the transaction of business at any meeting of the Board of Directors, but if less than such majority be present at a meeting, a majority of the directors present may adjourn the meeting without further notice.

Section 3.08.    **Voting Requirements.**   Except as otherwise provided in the Articles of Incorporation or in these Bylaws, a majority vote of the directors present at a meeting at which a quorum is present shall be required for an act or resolution under consideration to constitute an act or resolution of the Board of Directors.

5

CRT-MARTA-0043957

Section 3.09.    **Vacancies.**    Any vacancy occurring in the Board of Directors shall be filled by such person as shall be appointed by affirmative vote of the majority of the remaining directors, even if the remaining directors constitute less than a quorum of the Board of Directors.   A director appointed to fill a vacancy shall serve until the next annual meeting of shareholders, at which time a successor shall be elected to fill the remaining period of the unexpired term, if any.

Section 3.10.    **Compensation.**   By resolution of the Board of Directors the directors may be paid their expenses, if any, for attendance at each meeting of the Board of Directors, and may be paid a fixed sum for attendance at each meeting of the Board of Directors or a stated salary as director.   No payment shall preclude any director from serving the Corporation in any other capacity and receiving compensation therefor.

Section 3.11.    **Presumption of Assent.**   A director of the Corporation who is present at a meeting of the Board of Directors at which action on any corporate matter is taken shall be presumed to have assented to the action taken unless his dissent shall be entered in the minutes of the meeting or unless he shall file his written dissent to such action before adjournment thereof or shall forward such dissent by registered mail to the Secretary of the Corporation immediately after the adjournment of the meeting.   Such right to dissent shall not apply to a director who voted in favor of the action dissented to.

Section 3.12.    **Removal of Directors.**   At a special meeting of the shareholders called expressly for that purpose, Directors may be removed in the manner provided in this section.   The entire Board of Directors may be removed, with or without cause, by a vote of the holders of a majority of the shares then entitled to vote at an election of Directors.

### ARTICLE IV
### Officers

Section 4.01.    **Number, Election and Tenure.**   The elected officers of the Corporation shall be a President, a Vice-President, a Secretary, and a Treasurer. Each of these officers shall be elected by the Board of Directors after the yearly election of directors. Each officer shall be elected for a one-year term or until his or her respective successor is elected. Only members of the Board of Directors shall be eligible to be elected as officers. The Board of Directors may also elect or appoint such other officers and assistant officers as may be deemed necessary. No two offices may be held by the same person.   The Executive Director shall be considered an officer of the corporation, but shall not be a member of the Board of Directors, and shall be selected by the Board of Directors as provided in these

6

By-laws.

Section 4.02.      **Removal.**  Any officer or agent elected by the Board of Directors may be removed, with or without cause, by the Board of Directors, whenever in the judgment of the Board of Directors the best interests of the Corporation would be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed.

Section 4.03.      **Vacancies.**  Whenever a vacancy shall occur in any office by reason of death, resignation, increase in number of offices of the Corporation, or otherwise, the vacancy shall be filled by the Board of Directors.

Section 4.04.      **Executive Director.**  The Executive Director shall be a full-time paid employee of the Corporation, who shall be selected by the Board of Directors and who shall serve on such terms and conditions as are agreed upon by the Board, and at the pleasure of the Board, subject only to contract rights. The Executive Director shall not have an ownership interest in or financial affiliation with a shareholder of the Corporation.  The Executive Director shall have the general powers and duties usually vested in the Chief Executive Officer of a corporation, subject to the direction and control of the Board of Directors.

Section 4.05.      **President.**   The President shall serve as Chairman of the Board, and  shall, if present, preside over all the meetings of the Board of Directors and of the shareholders, and shall perform such other duties as may be assigned by the Board of Directors.

Section 4.06.      **Vice-President.**  The Vice-President shall perform the duties of the President during the absence or disability of the President, and shall perform such other duties as may be assigned by the Board of Directors.

Section 4.07.      **Secretary.**  The Secretary shall attend all meetings of the stockholders, and the Board of Directors, and shall preserve in the books of MARTA COOPERATIVE OF AMERICA, INC. true minutes of the proceedings of all such meetings. The Secretary shall safely keep the seal of the Corporation under his or her control and shall have authority to authorize the use of the seal on all instruments where its use is required or appropriate. The Secretary shall give all notices required or appropriate pursuant to statutes, By-Laws, or resolutions, and shall perform such other duties as may be delegated to the Secretary by the Board of Directors.

Section 4.08.      **Treasurer.**  The Treasurer shall be in charge of the finances of the Corporation and shall be the chairman of the finance committee, if such a committee is appointed by the Board of Directors.  The Treasurer shall monitor the financial position of MARTA with respect to any member balances

7

CRT-MARTA-0043959

due MARTA on open account and or any Floor Planning Programs. The duties of the Treasurer include, but are not limited to, reviewing all appropriate documents including member financial statements, letters of credit, certificates of deposit, personal financial statements, and any other documentation necessary to accomplish this responsibility; participating in the process of selecting the independent auditor who will perform an annual audit; reviewing the internal financial statements as well as those prepared by the independent auditor; reviewing all financial information of prospective members; and working with the controller on selected internal reports.

**ARTICLE V**
**CONTRACTS, LOANS, CHECKS, DEPOSITS,**
**& OFFICIAL BOOKS AND RECORDS**

Section 5.01.    **Contracts.**  The Board of Directors may authorize any officer or agent to enter into any contract or execute and deliver any instrument in the name of and on behalf of the Corporation, and such authority may be general or confined to specific instances.

Section 5.02.    **Borrowing and Lending Funds of the Corporation.** The Corporation has the authority to borrow funds or lend funds of the Corporation for any lawful purpose, subject to any further limitations provided in these by-laws.

(a)    **Borrowing Funds.**  The Corporation may borrow funds only if specifically authorized by a resolution of the Board of Directors.

(b)    **Loans of Funds, Generally.**  The Corporation may, upon resolution of the Board of Directors, lend money in furtherance of any of the lawful business of the Corporation,  and take and hold any property as security for the repayment of funds so loaned.

(c)    **Prohibition of Loans to Insiders.** The Corporation may not lend money to or use its credit for the personal benefit of any employee, director, officer or shareholder of the Corporation or of a subsidiary.

Section 5.03.    **Checks, Drafts, Etc.** All checks, drafts, or other orders for the payment of money, notes, or other evidence of indebtedness issued in the name of the Corporation shall be signed by such officer or officers, agent or agents of the Corporation and in such manner as shall be determined by resolution of the Board of Directors.

8

CRT-MARTA-0043960

Section 5.04.    **Investment of Funds and Deposits.**  The Corporation has the authority to invest and reinvest the funds of the Corporation, as authorized by the Board of Directors.

All funds of the Corporation not otherwise employed shall be deposited to the credit of the Corporation in such banks, trust companies, or other depositories as the Board of Directors may select.

Section 5.05.    **Official Books and Records.**  The official books and records of the Corporation shall consist of the minute book, the stock book, the stock transfer book, and the books and records of account.  The Secretary shall be responsible for their upkeep and safekeeping.  Any shareholder, either in person or by representative, shall have the right to inspect and make copies or extracts of the official books and records at any reasonable time for any lawful purpose.

### ARTICLE VI
### CAPITAL STOCK

Section 6.01.    **Qualification for Membership.**  Membership in the Corporation and the right to own shares in the Corporation shall be limited to retail dealers in appliances, audio and television, and similar and related merchandise.  No person or entity is entitled to any membership rights or ownership of shares of stock in the Corporation unless and until approved by the Board of Directors of the Corporation, and until having complied with all the requirements and conditions of membership.

Section 6.02.    **Transfer of Membership and Stock**.  Membership in the Corporation is not transferable without the express written approval of the Board of Directors.  Stock in the Corporation is transferable only on the books of the Corporation.  The Corporation shall have the right to treat the registered holder of any shares as the absolute owner thereof, and the Corporation shall not be bound to recognize any equitable or other claim to, or interest in, such shares by any other person or entity, whether or not the Corporation shall have express or other notice thereof.  No sale, transfer, assignment or pledge of membership rights or of any stock in the Corporation shall be valid without such approval, nor shall any purchase, sale or transfer of any shareholder's stock or membership privileges in the Corporation made under execution, or in the course of bankruptcy proceedings, or by any legal process or by operation of law, give any person or entity any shareholder's or membership right, title or interest in and to this Corporation, or any right to attend meetings of shareholders, vote their shares, or engage in transactions with the Corporation.  All shares of stock are subject to a Redemption Agreement between the shareholder and the Corporation.

9

CRT-MARTA-0043961

Section 6.03.   **Number of Shares**.   Each shareholder shall have the same number of shares of stock in the Corporation.

Section 6.04.   **Certificates for Shares.**   Certificates representing shares of the Corporation shall be in such form as shall be determined by the Board of Directors.  Such certificates shall be signed by the Chairman or a Vice-President and by the Secretary.  All certificates for shares shall be consecutively numbered or otherwise identified.  The name and address of the person to whom the shares represented thereby are issued, with the number of shares and the date of issue, shall be entered on the stock transfer books of the Corporation.  All certificates surrendered to the Corporation for transfer shall be cancelled and no new certificates shall be issued until the former certificate for a like number of shares shall have been surrendered and cancelled, except that in case of a lost, destroyed, or mutilated certificate a new one may be issued therefore upon such terms and indemnity to the Corporation as the Board of Directors may prescribe.  In the event the membership of a shareholder is cancelled for any reason, the Corporation may cancel that member's certificate for shares on the books and records of the Corporation, whether or not the certificate is returned to the Corporation.

Section 6.05.   **Issuance of Shares**.   Shares of capital stock of the Corporation shall not be issued except in accordance with the provisions of the Articles of Incorporation, the Cooperative Plan, and these By-Laws, and on the affirmative vote or written consent of a majority vote of a quorum of all directors, which vote or consent shall appear in the written minutes of the Board of Directors' meeting in which the issuance was approved.

Section 6.06.   **Participation Rebates**.   The shareholders of the Corporation shall be entitled to receive, when and as declared by the Board of Directors, such participation rebates as the Board in its discretion shall approve.

**ARTICLE VII**
**WAIVER OF NOTICE**

Section 7.01      Whenever any notice is required to be given to any stockholder of director of the Corporation under the provisions of these bylaws or under the provisions of the Corporation Laws of the State of Michigan, a waiver thereof in writing, signed by the person or persons entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice.

**ARTICLE VIII**
**AMENDMENTS**

10

Section 8.01     **Amendments, How Effected.**   Except for any contrary contractual provisions, these Bylaws may be amended, added to or repealed by the affirmative vote of two-thirds of the shareholders entitled to vote at any regular or special meeting of the shareholders if notice of the proposed amendment, addition or repeal be contained in the notice of the meeting (unless such notice shall be waived, or by written consent resolution or by any other method permitted by law.

11

# BY-LAWS OF
## MARTA COOPERATIVE OF AMERICA, INC.
### (With All Amendments Through April 25, 2005)

## TABLE OF CONTENTS

|  |  |  | Page |
|---|---|---|---|
| ARTICLE I | | CORPORATE IDENTIFICATION | 1 |
| | SECTION 1.01 | NAME | 1 |
| | SECTION 1.02 | REGISTERED OFFICE | 1 |
| | SECTION 1.03 | SEAL | 1 |
| ARTICLE II | | SHAREHOLDERS | 1 |
| | SECTION 2.01 | PLACE OF MEETINGS | 1 |
| | SECTION 2.02 | ANNUAL MEETINGS | 1 |
| | SECTION 2.03 | SPECIAL MEETINGS | 1 |
| | SECTION 2.04 | DELAYED ANNUAL MEETING | 2 |
| | SECTION 2.05 | ORDER OF BUSINESS AT ANNUAL MEETING | 2 |
| | SECTION 2.06 | NOTICE OF MEETINGS | 2 |
| | SECTION 2.07 | CLOSING OF TRANSFER BOOKS | 2 |
| | SECTION 2.08 | VOTING LISTS | 3 |
| | SECTION 2.09 | QUORUM | 3 |
| | SECTION 2.10 | PROXIES | 3 |
| | SECTION 2.11 | VOTING OF SHARES BY MEMBERS WHICH ARE CORPORATIONS | 3 |
| | SECTION 2.12 | INSPECTORS OF ELECTION | 3 |
| ARTICLE III | | BOARD OF DIRECTORS | 4 |
| | SECTION 3.01 | GENERAL POWERS | 4 |
| | SECTION 3.02 | NUMBER, TENURE, & QUALIFICATIONS | 4 |
| | SECTION 3.03 | REGULAR MEETINGS | 4 |
| | SECTION 3.04 | SPECIAL MEETINGS; NOTICE | 4 |
| | SECTION 3.05 | ATTENDANCE AT MEETING BY TELEPHONE | 4 |
| | SECTION 3.06 | ACTION WITHOUT MEETING | 5 |
| | SECTION 3.07 | QUORUM | 5 |
| | SECTION 3.08 | VOTING REQUIREMENTS | 5 |
| | SECTION 3.09 | VACANCIES | 5 |
| | SECTION 3.10 | COMPENSATION | 5 |
| | SECTION 3.11 | PRESUMPTION OF ASSENT | 5 |
| | SECTION 3.12 | REMOVAL OF DIRECTORS | 5 |

Highly Confidential

ARTICLE IV                              OFFICERS ....................................................... 6

      SECTION 4.01        NUMBER, ELECTION & TENURE ............................... 6

      SECTION 4.02        REMOVAL ..................................................................... 6

      SECTION 4.03        VACANCIES.................................................................. 6

      SECTION 4.04        CHAIRMAN OF THE BOARD...................................... 6

      SECTION 4.05        VICE-PRESIDENTS..................................................... 6

      SECTION 4.06        SECRETARY ................................................................ 7

      SECTION 4.07        TREASURER................................................................. 7

      SECTION 4.08        ASSISTANT SECRETARIES & TREASURERS ............. 7

ARTICLE V                             CONTRACTS, LOANS, CHECKS, DEPOSITS & OFFICIAL BOOKS AND RECORDS ............................................. 7

      SECTION 5.01        CONTRACTS................................................................. 7

      SECTION 5.02        BORROWING AND LENDING FUNDS OF THE CORPORATION........................................................... 7

      SECTION 5.03        CHECKS, DRAFTS, ETC. ............................................ 8

      SECTION 5.04        INVESTMENT OF FUNDS AND DEPOSITS.................. 8

      SECTION 5.05        OFFICIAL BOOKS & RECORDS ................................. 8

ARTICLE VI                           CAPITAL STOCK......................................................... 8

      SECTION 6.01        QUALIFICATION FOR MEMBERSHIP......................... 8

      SECTION 6.02        TRANSFER OF MEMBERSHIP AND STOCK............... 8

      SECTION 6.03        NUMBER OF SHARES ................................................. 9

      SECTION 6.04        CERTIFICATES FOR SHARES.................................... 9

      SECTION 6.05        ISSUANCE OF SHARES.............................................. 9

      SECTION 6.06        PARTICIPATION REBATES ........................................ 9

ARTICLE VII                       WAIVER OF NOTICE................................................... 9

ARTICLE VIII                    AMENDMENTS......................................................... 10

#495775 v1 - By-laws

-ii-

Highly Confidential

CRT-MARTA-0043965



# United States of America

# The State Michigan

## Michigan Department of Commerce

### Lansing, Michigan

*This is to Certify that the Annexed copy has been compared by me with the record on file in this Department and that the same is a true copy thereof.*

*In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 25th day of May, 1995.*

_Carl L. Tyson_ , Director

*Corporation & Securities Bureau*

SEAL APPEARS ONLY ON ORIGINAL
172

STATE OF MICHIGAN
CORPORATION AND SECURITIES COMMISSION
LANSING, MICHIGAN

| DO NOT WRITE IN SPACE BELOW - FOR COMMISSION USE | | |
|---|---|---|
| Date Received:<br>JAN 20 1965<br>JAN 26 1965 | *(Compared by)*<br><br>JAN 27 1965<br>*(Date)* | F I L E D<br>JAN 27 1965 |

# ARTICLES OF INCORPORATION

These Articles of Incorporation are signed and acknowledged by the incorporators for the purpose of forming a corporation for profit under the provisions of Act No. 327 of the Public Acts of 1931, as amended, as follows:

ARTICLE I.

The name of the corporation is

Marta North Central Co-Operative, Inc.

ARTICLE II.

The purpose or purposes for which the corporation is formed are as follows:

To provide shareholders with means of cooperative purchasing and to distribute all earnings in connection therewith to its shareholders in proportion to the sales of the property sold to the members. All sales to shareholders shall be of a wholesale nature and the Cooperative shall not engage in retail sales. The Cooperative shall have all other powers necessary and incidental to carrying out its lawful purposes

In general to carry on any business in connection therewith and incident thereto not forbidden by the laws of the State of Michigan and with all the powers conferred upon corporations by the laws of the State of Michigan.

ARTICLE III.

Location of the first registered office is:

1101 N. Saginaw          Flint          Genesee , Michigan.
(No.)          (Street)          (City)          (Zone)          (County)

Postoffice address of the first registered office is:

1101 N. Saginaw          Flint          , Michigan.
(No. and Street or R. F. D. No.)          (City)          (Zone)

ARTICLE IV.

The name of the first resident agent is          Frank Weir

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential
CRT-MARTA-0043967

ARTICLE V

The total authorized capital stock is

| (1) | Preferred shs. | none | Par Value $ | | per share |
|---|---|---|---|---|---|
| | Common shs. | 50,000 | Par Value $ | 1.00 | |

(3)  A statement of all or any of the designations and the powers, preferences and rights, and the qualifications, limitations or restrictions thereof is as follows:

### See Rider

ARTICLE VI.

The names and places of residence or business of each of the incorporators and the number and class of shares subscribed for by each are as follows: (Statute requires one or more incorporators)

| Name | | Residence or Business Address | | Number of Shares | | | |
|---|---|---|---|---|---|---|---|
| | | | | Par Stock | | Non-Par Stock | |
| (No.) | (Street) | | (City) | (State) | Common | Preferred | Common | Preferred |
| De Veaux TV & Appliance, Inc., | | | | | | | |
| 1034 Grand Ave., Toledo 6, Ohio | | | | 4000 | none | none | none |
| Greenleva Inc., 1101 N. Saginaw St. | | | | 4000 | none | none | none |
| Flint, Mich. | | | | | | | |
| James Hampton, 825 W. Huron St., Pontiac, Mich. | | | | 4000 | none | none | none |
| Walter Jasen, 27603 Gratiot, Roseville, Mich. | | | | 4000 | none | none | none |
| S. & S. TV Appliance Corp., | | | | | | | |
| 1325 28th S. W., Grand Rapids, Mich. | | | | 4000 | none | none | none |
| Walter Mistak, 7335 McGraw, Detroit, Mich. | | | | 4000 | none | none | none |
| Edward Law, 16900 W. McNichols, Detroit, Mich. | | | | 4000 | none | none | none |
| Hilf Appliance Company | | | | | | | |
| 24123 W. 10-mile Road, Southfield, Mich. | | | | 4000 | none | none | none |
| Vern Short, 800 N. Euclid, Bay City, Michigan | | | | 4000 | none | none | none |

ARTICLE VII.

The names and addresses of the first board of directors are as follows:
(Statute requires at least three directors)

| Name | Residence or Business Address | | | |
|---|---|---|---|---|
| | (No.) | (Street) | (City) | (State) |
| Carroll McMullin, 1034 Grand Ave., Toledo, Ohio. | | | | |
| Frank Weir, 1101 N. Saginaw, Flint, Mich. | | | | |
| James Hampton, 825 W. Huron St., Pontiac, Michigan | | | | |
| Walter Jasen, 27603 Gratiot, Roseville, Michigan | | | | |
| Stan Wolf, 1325 28th St., S. W., Grand Rapids, Michigan | | | | |
| Walter Mistak, 7335 McGraw, Detroit, Michigan | | | | |
| Edward Law, 16900 W. McNichols, Detroit, Michigan | | | | |
| Marvin Hilf, 24123 W. 10-Mile Road, Southfield, Michigan | | | | |
| Vern Short, 800 N. Euclid, Bay City, Michigan | | | | |

ARTICLE VIII.

The term of the corporate existence is thirty years.

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

### ARTICLE IX.

OPTIONAL   (Please delete Article IX if not applicable ) .

Whenever a compromise or arrangement or any plan of reorganization of this corporation is proposed between this corporation and its creditors or any class of them and/or between this corporation and its shareholders or any class of them, any court of equity jurisdiction within the state of Michigan, may on the application of this corporation or of any creditor or any shareholder thereof, or on the application of any receiver or receivers appointed for this corporation, order a meeting of the creditors or class of creditors, and/or of the shareholders or class of shareholders, as the case may be, to be affected by the proposed compromise or arrangement or reorganization, to be summoned in such manner as said court directs. If a majority in number representing three-fourths in value of the creditors or class of creditors, and/or of the shareholders or class of shareholders, as the case may be, to be affected by the proposed compromise or arrangement or reorganization, agree to any compromise or arrangement or to any reorganization of this corporation as a consequence of such compromise or arrangement, said compromise or arrangement and said reorganization shall, if sanctioned by the court to which the said application has been made, be binding on all the creditors or class of creditors, and/or on all the shareholders or class of shareholders, as the case may be, and also on this corporation.

### ARTICLE X.

(Here insert any desired additional provisions authorized by the Act.)

We, the incorporators, sign our names this _____ day of _____ 19____.

(All parties appearing under Artile VI are required to sign in this space.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

STATE OF MICHIGAN _____   }
                                         } ss.        (One or more of the parties signing must acknowledge
COUNTY OF _____          }                        before the Notary)

On this _____ day of _____ 19____,

before me personally appeared _____

_____

_____

to me known to be the persons described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.

_____
(Signature of Notary)

_____
(Print or type name of Notary)

MAIL THREE SIGNED AND ACKNOWLEDGED          Notary Public for _____ County.
          COPIES TO:                        State of Michigan

      Michigan Corporation & Securities Commission     My commission expires _____

      P. O. Box 898          Lansing 4, Michigan       ( Notarial seal required if acknowledgment taken out of State )

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

CRT-MARTA-0043969

All stock is entitled to vote, and each share has the same powers, preferences, rights, qualifications etc., except as to restrictions as to transfer as follows: The stock of this corporation, or any right or interest therein may not be sold, assigned or transferred until and unless the owner shall first offer it to the corporation through its board of directors, who shall have the right to purchase the stock if funds are available on behalf of the corporation at the book value of said stock. Book value shall be computed from the books of the corporation and no value shall be assigned to good will. If this offer of sale is not accepted within 30 days, the stock shall then be offered on the same terms to other shareholders, who shall have the right to purchase the same in proportion to their holdings. In the event a shareholder shall decline to purchase, his share of the offer may be purchased by the remaining shareholders in proportion to their holdings. These offers to other shareholders shall be in writing and in each instance shall stand open for 15 days. Any stock remaining for sale may then be sold without restrictions. These restrictions shall not apply in the case of transfers necessary to complete the distribution of an estate of a deceased shareholder or to carry out the terms of a deceased shareholder's will, but these conditions shall then apply to any subsequent transfer by the beneficiary, heir or legatee.

**SEAL APPEARS ONLY ON ORIGINAL**

Highly Confidential

CRT-MARTA-0043970

We, the incorporators, sign our names this ___ day of _____, 1964.

**DEVEAUX TV & APPLIANCE, INC.,**

By _____
Its _____

By _____
Its _____

_____
**JAMES HAMPTON**

**S. & S. TV APPLIANCE CORP.**

By _____
Its _____

By _____
Its _____

**GREENLEY'S, INC.,**

By _____
Its _____

By _____
Its _____

_____
**WALTER JASEN**

_____
**WALTER MISTAK**

_____
**EDWARD LAW**

_____
**VERN SHORT**

**HILF APPLIANCE, INC. COMPANY**

By _____
Its _____

By _____
Its _____

State of Michigan )
                 ) ss
County of Oakland )

On this _____ day of _____, 1964, before me personally appeared JAMES HAMPTON to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

_____
Notary Public, OAKLAND Co.,
Michigan. Commission expires _____

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential
CRT-MARTA-0043971

State of Michigan    )
                        ss
County of _MACOMB_ )

On this _10Th_ day of _November_, 1964, before me personally
appeared WALTER JASEN to me known to be the person described in and who executed
the foregoing instrument, and acknowledged that he executed the same as his free act
and deed.

                        _LeRoy Lienhardt_
                        LEROY LIENHARDT
Notary Public , _Macomb_ Co.,
                  Michigan
Commission expires _2-10-66_

State of Michigan    )
                        ss
County of _Wayne_ )

On this _21st_ day of _October_, 1964, before me personally appeared
WALTER MISTAK to me known to be the person described in and who executed the
foregoing instrument, and acknowledged that he executed the same as his free act
and deed.

                        _Al Pryzomski_
Notary Public,
_WAYNE_ County, Michigan
Commission expires      _AL PRYZOMSKI_
                     Notary Public, Wayne County, Mich.
                     My Commission Expires Aug. 19, 19__

State of Michigan    )
                        ss
County of _Oakland_ )

On this _22nd_ day of _October_, 1964, before me personally
appeared EDWARD LAW to me known to be the person described in and who executed
the foregoing instrument, and acknowledged that he executed the same as his free act
and deed.

                        _Lee P. Menophee_
                        Lee P. Menophee
Notary Public, _Oakland_
               County, Michigan
Commission expires _Oct. 12, 1965_

State of Michigan    )
                        ss
County of Bay      )

On this _6th_ day of _November_, 1964, before me personally appeared
VERN SHORT to me known to be the person described in and who executed the fore-
going instrument, and acknowledged that he executed the same as his free act and deed.

                        _Viola B. Lienhard_
                      VIOLA B. LIENHARD
Notary Public, Bay County, Michigan
Commission expires _11-13-67_

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential                                                              CRT-MARTA-0043972

State of Ohio          )
                   ss
County of _Lucas_    )

On this _12_ day of _October_ , 1964, before me, a notary public in and for said County, personally appeared

_Carroll D. McMullin_ and _Dwold J. Bradley_ to me personally known, who being by me duly sworn, did each for himself say that they are respectively, the _president_ and _Secretary_ of DEVEAUX TV & APPLIANCE, INC., the corporation named in and which executed the within instrument (and that the seal affixed to said instrument is the corporate seal of said corporation)( and that the said corporation has no seal), and they acknowledged that the said instrument was the free act and deed of said corporation.

                         _Jane L. Jenkins_

(SEAL)              Notary Public, _Lucas_ Co., Ohio

                   Commission expires _July 21, 1967_

                   JANE L. JENKINS
                   Notary Public, Lucas County, Ohio
                   My Commission Expires July 21, 1967

State of Michigan    )
                      ss
County of Genesee   )

On this _25th_ day of _November_ , 1964, before me, a notary public in and for said county, personally appeared

_Frank W. Weir_ and _Harold F. Gordon_ to me personally known, who being by me duly sworn, did each for himself say that they are respectively the _Vice President_ and _Asst. Secretary_ of GREENLEY'S, INC., the corporation named in and which executed the within instrument (and that the seal affixed to said instrument is the corporate seal of said corporation)(and that the said corporation has no seal), and they acknowledged that said instrument was the free act and deed of said corporation.

                         _Thomas H. Williams_

                         THOMAS H. WILLIAMS
Notary Public, Genesee County, Michigan
Commission expires _January 9, 1966_
               THOMAS H. WILLIAMS
               Notary Public, Genesee County, Mich.
               My Commission Expires  Jan. 9, 1966

State of Michigan    )
                      ss
County of _Kent_    )

On this _20_ day of _November_ , 1964, before me personally appeared _Siegfried Wolf_ and _Samuel Wolf_ to me personally known, who being by me duly sworn, did each for himself say that they are respectively the _President_ and _Vice President_ of S. & S. TV APPLIANCE CORP., the corporation named in and which executed the foregoing instrument (and that the seal affixed to said instrument is the corporate seal of said corporation )( and that the said corporation has no seal), and they acknowledged that said instrument was the free deed and act of said corporation.

Com. expires _Mar 22 1965_          _Wayne F. Johnson_

SEAL APPEARS ONLY ON ORIGINAL          Notary Public, _Kent_ Co., Mich.

Highly Confidential                                                CRT-MARTA-0043973

State of Michigan            )
                             ) ss
County of )   Wayne          )

On this ____15th____ day of ____October____, 196?, before me, a notary public
in and for said county, personally appeared

____Marvin Hilf_____ and ____Ira J. Jaffe_____
to me personally known, who being by me duly sworn, did each for himself say
that they are respectively the ____President and Treasurer____ and ____Secretary____
of HILF APPLIANCE, INC., the corporation named in and which executed the fore-
going instrument (and that the seal affixed to said instrument is the corporate seal
of said corporation ) ( and that the said corporation has no seal), and they acknow-
ledged that the said instrument was the free act and deed of the said corporation.

                                        _____
                                            Muriel Allen
                              Notary Public, Gratiot Co., Mich.
                                            Wayne
                              Commission expires  September 22, 1968

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential                                        CRT-MARTA-0043974

## CERTIFICATE OF AMENDMENT TO THE
## ARTICLES OF INCORPORATION

MARTA NORTH CENTRAL CO-OPERATIVE, INC., a Michigan
corporation, whose registered office is located at 1101 N. Saginaw, Flint,
Genesee County, Michigan. certifies pursuant to the provisions of Section 43
of Act No. 327 of the Public Acts of 1931, as amended that at a meeting of
the Shareholders of said corporation called for the purpose of amending the
Articles of Incorporation, and held on the 1st day of September, 1965, it was
resolved by the vote of the holders of three-quarters of the shares of each
class entitled to vote and by three-quarters of the shares of each class whose
rights, privileges or preferences are changed, that Article V of the Articles
of Incorporation is amended to read as follows, viz.:

### ARTICLE V

The total authorized capital is

(1)    (a)   No share of preferred stock

         (b)   One Hundred Thousand (100,000) shares of
             Common Stock, $1.00 par value per share.

(2)    A statement of all or any of the designations and
        the powers, preferences and rights, and the
        qualifications, limitations or restrictions thereof
        is as follows:

All stock is entitled to vote, and each share has the same
powers, preferences, rights, qualifications etc., except
as to restrictions as to transfer as follows: The stock of
this corporation, or any right or interest therein may not
be sold, assigned or transferred until and unless the
owner shall first offer it to the corporation through its
board of directors, who shall have the right to purchase
the stock if funds are available on behalf of the corporation
at the book value of said stock or at the latest sale price
whichever shall be the smaller sum. Book value shall be
computed from the books of the corporation and no value
shall be assigned to good will. If this offer of sale is not
accepted within 30 days, the stock shall then be offered
on the same terms to other shareholders, who shall have

SEAL APPEARS ONLY ON ORIGINAL

-1-

Highly Confidential

CRT-MARTA-0043975

the right to purchase the same in proportion to their holdings. In the event a shareholder shall decline to purchase, his share of the offer may be purchased by the remaining shareholders in proportion to their holdings. These offers to other shareholders shall be in writing and in each instance shall stand open for 15 days. Any stock remaining for sale may then be sold without restrictions.

IN WITNESS WHEREOF, the undersigned has caused this Certificate to be executed and its seal placed hereon by its President and Secretary this *12 TH* day of *January*, 1965.

MARTA NORTH CENTRAL
CO-OPERATIVE, INC.

By _____
                                Its President

And _____
                                Its Secretary

State of Michigan       )
                        :  ss.
County of *GENESEE*     )

On this *12 TH* day of *January*, A. D., 1965, before me a Notary Public in and for said County, appeared C. D. McMULLIN and STANFORD WOLF, who are the President and Secretary, respectively, of Marta North Central Co-Operative, Inc., known to me, and who being by me duly sworn did say that Marta North Central Co-Operative, Inc., executed the foregoing instrument and that said instrument was signed in behalf of said corporation by authority of its Board of Directors, and said officers acknowledged said instrument to be the free act and deed of said corporation.

_____
*Cyrus F. Carson*
Notary Public, *GENESEE* County, Michigan
My commission expires: *August 23, 1967*

-2-

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

CRT-MARTA-0043976

RECEIVED
JAN 1? 1966

MICHIGAN DEPARTMENT OF COMMERCE
The power, duties or functions of the
Michigan Corporation & Securities Comm.
heretofore …
to the Department of Commerce pursuant
to Act 380, P.A. 1965

FILED
JAN 2 1 1966
DIRECTOR
MICHIGAN DEPT. OF COMMERCE

MICHIGAN DEPT. OF COMMERCE
JAN 2 1 1966

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

CRT-MARTA-0043977

CERTIFICATE OF AMENDMENT
TO
ARTICLES OF INCORPORATION

MARTA NORTH CENTRAL CO-OPERATIVE, INC., a Michigan
corporation, whose registered office is located at 1101 N. Saginaw, Flint,
Genesee County, Michigan, certifies, pursuant to the provisions of Section
43 of Act No. 327 of the Public Acts of 1931, as amended, that at a meeting
of the Shareholders of said Corporation called, inter alia, for the purpose
of amending the Articles of Incorporation to change from a profit corporation
to a non-profit corporation, and held on the 29th day of June, 1966, it was
resolved by the vote of the holders of more than two-thirds of the shares of
each class entitled to vote and by more than two-thirds of the shares of each
class whose rights, privileges or preferences are changed, that the Preamble
and Article V of the Articles of Incorporation are amended to read as follows,
viz.:

### PREAMBLE

These Articles of Incorporation are signed and acknowledged by
the Incorporators for the purpose of forming a non-profit corporation under
the provisions of Act No. 327 of the Public Acts of 1931, as amended, includ-
ing specifically, but not by way of limitation, Sections 98 through 109 inclusive
and Sections 117 through 132 inclusive of said Act No. 327 of the Public Acts
of 1931, as amended, as follows:

### ARTICLE V

The total authorized capital is

(1)     (a)  No share of preferred stock

         (b)  One Hundred Thousand (100,000) shares of
              Common Stock, $1.00 par value per share.

(2)     A statement of all or any of the designations and
        the powers, preferences and rights, and the

SEAL APPEARS ONLY ON ORIGINAL                    -1-

Highly Confidential                                                          CRT-MARTA-0043978

qualifications, limitations or restrictions thereof is as follows:

A. All stock is entitled to vote, and each share has the same powers, preferences, rights, qualifications, etc., except as to restrictions as to transfer as follows: The stock of this corporation, or any right or interest therein may not be sold, assigned or transferred until and unless the owner shall first offer it to the corporation through its board of directors, who shall have the right to purchase the stock if funds are available on behalf of the corporation at the book value of said stock or at the latest sale price whichever shall be the smaller sum. Book value shall be computed from the books of the corporation and no value shall be assigned to good will. If this offer of sale is not accepted within 30 days, the stock shall then be offered on the same terms to other shareholders, who shall have the right to purchase the same in proportion to their holdings. In the event a shareholder shall decline to purchase, his share of the offer may be purchased by the remaining shareholders in proportion to their holdings. These offers to other shareholders shall be in writing and in each instance shall stand open for 15 days. Any stock remaining for sale may then be sold without restrictions.

B. No dividends or interest shall be paid upon the stock of this Corporation.

IN WITNESS WHEREOF, the undersigned has caused this

Certificate to be executed by its President and Secretary this _7th_ day

of _September_ , 1966.

MARTA NORTH CENTRAL
CO-OPERATIVE, INC.

By _____
C. D. McMullin
Its President

And _____
B. E. Holda
Its Secretary

State of Michigan )
                 ) ss.
County of Wayne  )

On this _7th_ day of _September_ , A.D. 1966, before me a Notary Public in and for said County, appeared C. D. McMULLIN and B. E. HOLDA, who are the President and Secretary, respectively of Marta North Central Co-Operative, Inc., known to me, and who being by me duly sworn did say that Marta North Central Co-Operative, Inc., executed the foregoing

SEAL APPEARS ONLY ON ORIGINAL                    -2-

Highly Confidential                                                CRT-MARTA-0043979

instrument and that said instrument was signed in behalf of said corpo-
ration by authority of its Board of Directors, and said officers acknowledged
said instrument to be the free act and deed of said corporation.

Alfreda M. Hollen
Notary Public, _____Wayne_____ County,
Michigan
My commission expires: January 12, 1970

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

CRT-MARTA-0043980

Case 4:07-cv-05944-JST   Document 3267-4   Filed 12/23/14   Page 39 of 62



**FILED**

OCT 1 0 1966

STATE TREASURER

MICHIGAN DEPARTMENT OF TREASURY

**RECEIVED**

SEP 2 8 1966

MICHIGAN DEPT. OF TREASURY
CORP. DIV.

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

CRT-MARTA-0043981

CERTIFICATE OF AMENDMENT
TO
ARTICLES OF INCORPORATION

MARTA NORTH CENTRAL CO-OPERATIVE, INC., a Michigan corporation, whose registered office is located at 1101 N. Saginaw, Flint, Genesee County, Michigan, certifies, pursuant to the provisions of Section 43 of Act No. 327 of the Public Acts of 1931, as amended, that at a meeting of the Shareholders of said Corporation called, inter alia, for the purpose of amending the Articles of Incorporation and held on the 28th day of June, 1967, it was resolved by the vote of the holders of more than two-thirds of the shares of each class entitled to vote and by more than two-thirds of the shares of each class whose rights, privileges or preferences are changed, that Article V of the Articles of Incorporation is amended to read as follows, viz.:

ARTICLE V

The total authorized capital is

(1)        (a) No share of preferred stock

               (b) Two Hundred Fifty Thousand (250,000) shares of Common Stock, $1.00 par value per share.

(2)        A statement of all or any of the designations and the powers, preferences and rights, and the qualifications, limitations or restrictions thereof is as follows:

A.    All stock is entitled to vote, and each share has the same powers, preferences, rights, qualifications, etc., except as to restrictions as to transfer as follows: The stock of this corporation, or any right or interest therein may not be sold, assigned or transferred until and unless the owner shall first offer it to the corporation through its board of directors, who shall have the right to purchase the stock if funds are available on behalf of the corporation at the book value of said stock or at the latest sale price whichever shall be the smaller sum. Book value shall be computed from the books of the corporation and no value shall be assigned to good will. If this offer of sale is not accepted within 30 days, the stock shall then be offered on the same terms to other shareholders, who shall have the right to purchase the same in proportion to their

-1-

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

holdings. In the event a shareholder shall decline to pur-
chase, his share of the offer may be purchased by the re-
maining shareholders in proportion to their holdings. These
offers to other shareholders shall be in writing and in each
instance shall stand open for 15 days. Any stock remaining
for sale may then be sold without restrictions.

B.   No dividends or interest shall be paid upon the stock
of this Corporation.

C.   No holder of any share of stock of this corporation
shall have any pre-emptive rights in and to any authorized
but unissued or treasury stock of this corporation; provided,
however, that the authority of the Board of Directors of this
corporation to issue any stock to any person, corporation or
other entity shall be subject to revocation by three (3) share-
holders in writing so long as such shareholder action shall be
taken within ten (10) days after the Board of Directors of this
corporation notifies in writing each of the shareholders of
this corporation of the proposed issuance of such stock and
the name or designation of the purchaser(s) or recipient(s)
thereof.

IN WITNESS WHEREOF, the undersigned has caused this Certificate

to be executed by its President and Secretary this 28th day of June, 1967.

MARTA NORTH CENTRAL
CO-OPERATIVE, INC.

By _____
     C. D. McMullin
     Its President

And _____
     B. E. Holda
     Its Secretary

State of Michigan       )
                        : ss.
County of Oakland       )

        On this 28th day of June, A.D. 1967, before me a Notary Public in
and for said County, appeared C. D. McMULLIN and B. E. HOLDA, who are
the President and Secretary, respectively of Marta North Central Co-Operative,
Inc., known to me, and who being by me duly sworn did say that Marta North
Central Co-Operative, Inc., executed the foregoing instrument and that said
instrument was signed in behalf of said corporation by authority of its Board

-2-

SEAL APPEARS ONLY ON ORIGINAL

MILLER, CANFIELD, PADDOCK AND STONE, 2500 DETROIT BANK & TRUST BUILDING, DETROIT, MICHIGAN 48226

of Directors, and said officers acknowledged said instrument to be the free act and deed of said corporation.

_____

Ira J. Jaffe

Notary Public, Oakland County, Michigan
My commission expires: December 22, 1967

-3-

SEAL APPEARS ONLY ON ORIGINAL

MILLER, CANFIELD, PADDOCK AND STONE, 2500 DETROIT BANK & TRUST BUILDING, DETROIT, MICHIGAN 48226

Highly Confidential

CRT-MARTA-0043984



RECEIVED

JUL 11 1957

MICHIGAN DEPT. OF TREASURY
CORP. DIV.

RECEIVED

JUL 2 1967

MICHIGAN DEPT. OF TREASURY
CORP. DIV.

MICHIGAN DEPT. OF TREASURY

JUL 2 6 1967
Compared by

FILED

JUL 2 6 1957

STATE TREASURER

MICHIGAN DEPARTMENT OF TREASURY

Miller, Canfield, Paddock & Stone

ATTORNEYS AND COUNSELORS

2444 DETROIT BANK & TRUST BUILDING

DETROIT, MICHIGAN 48226

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

CRT-MARTA-0043985

FORM 12A (Rev. 6—68)

STATE OF MICHIGAN
MICHIGAN DEPARTMENT OF TREASURY
Corporation Division  Lansing, Michigan

| NOTE | DO NOT WRITE IN SPACE BELOW · FOR DEPARTMENT USE | |
|---|---|---|
| Mail ONE signed copy to. | Date Received | |
| Michigan Department of Treasury | MAR 2 6 1969 | **FILED**<br>Michigan Department of Treasury |
| Corporation Division | | |
| P.O.  Drawer C | | MAR 27 1969 |
| Lansing, Michigan 48904 | | |
| Filing Fee $5.00 | | *Allison Green* |
| | | STATE TREASURER |
| (Make fee payable to<br>State of Michigan) | | |

# CERTIFIED RESOLUTION OF CHANGE OF REGISTERED OFFICE

I, ........ IRA J. JAFFE ........ ~~Secretary~~ Assistant Secretary,

of ........ MARTA NORTH CENTRAL CO-OPERATIVE, INC. ........
(Corporate Name)

a Michigan corporation, do hereby certify that the following is a true and correct copy of the resolution adopt-

ed by the board of directors of said corporation by written consent or at a meeting called and held on the 24

day of ........ February ........, 19 69  :

"RESOLVED, that the location of the registered office of this corporation within the State of Michigan is

changed from 1101 N. Saginaw ........ Flint
(Street and Number)                           (City or Village)

County of ........ Genesse ........, Michigan ........, to 1818 Penobscot Building ........ Detroit
(Zip Code)                                  (Street and Number)              (City or Village)

County of ........ Wayne ........, Michigan 48226 "
(Zip Code)

Signed on ........ February 24, ........, 19 69 .

*Ira J. Jaffe*
(Signature of ~~President~~ Assistant Secretary)

Ira J. Jaffe
(DESIGNATE OFFICE HELD BY SIGNER)

FORM 12-A
SEAL APPEARS ONLY ON ORIGINAL

CRT-MARTA-0043986

FORM 12 (Rev. 12-67)

STATE OF MICHIGAN
MICHIGAN DEPARTMENT OF TREASURY
Corporation Division Lansing, Michigan

| NOTE | DO NOT WRITE IN SPACE BELOW - FOR DEPARTMENT USE |
|---|---|
| Mail ONE signed copy to. | Date Received. |
| Michigan Department of Treasury Corporation Division P.O. Drawer C Lansing, Michigan 48904 | OCT 14 1969 |
| Filing Fee $5.00 | FILED |
| (Make fee payable to State of Michigan) | OCT 2 0 1969 |
| | *Allison Green* STATE TREASURER MICHIGAN DEPARTMENT OF TREASURY |

# CERTIFIED RESOLUTION OF CHANGE OF REGISTERED OFFICE
# AND RESIDENT AGENT

I, EUGENE B HOLDA ............................................. Secretary or Assistant Secretary,

of MARTA NORTH CENTRAL CO-OPERATIVE, INC. ............... a Michigan corporation,

do hereby certify that the following is a true and correct copy of the resolution adopted by the board of directors

of said corporation by written consent or at a meeting called and held on the ..31.. day of ...JULY...

19.68. 'RESOLVED, that the location of the registered office of ..MARTA NORTH CENTRAL CO-OPERATIVE, IN

...................................................................................... within the State of Michigan is changed from
                                  (Corporate Name)

1818 PENOBSCOT BUILDING ......................., DETROIT ......................., County of
(Street and Number)                                    (City or Village)

WAYNE ...., Michigan ........... to ..1101 NORTH SAGINAW ST. ......., FLINT ...........,
                (Zip Code)                    (Street and Number)                    (City or Village)

County of..GENESEE ........... , Michigan, 48904 , and that ....JOSEPH VERDI ..................
                                      (Zip Code)                              (Name of Agent)

is appointed resident agent of this corporation in charge of its registered office and that all prior appointments

of other resident agents for such purpose are hereby revoked.'

Signed on ..JUNE 5 ...................... , 196.9. .          x *B. E. Holda*
                                                        (Signature of Secretary or Assistant Secretary)

                                                        (DESIGNATE OFFICE HELD BY SIGNER)

FORM 12

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential                                                    CRT-MARTA-0043987

C-2012A (Rev. 8-69)
(Formerly Form 12A)

### STATE OF MICHIGAN
### MICHIGAN DEPARTMENT OF TREASURY
Corporation Division  Lansing, Michigan

| NOTE | DO NOT WRITE IN SPACE BELOW · FOR DEPARTMENT USE. | |
|---|---|---|
| Mail ONE signed copy to | Date Received: | |
| Michigan Department of Treasury | OCT 28 1971 | **FILED** |
| Corporation Division | | |
| P.O. Drawer C | NOV – 4 1971 | NOV –8 1971 |
| Lansing, Michigan 48904 | | |
| Filing Fee $5.00 | | STATE TREASURER |
| | | Michigan Department of Treasury |
| (Make fee payable to State of Michigan) | | |

## CERTIFIED RESOLUTION OF CHANGE OF REGISTERED OFFICE

I, _Harold R. McElroy_ _____ Secretary or
, Assistant Secretary,

of _____ MARTA NORTH CENTRAL CO-OPERATIVE, INC. _____
(Corporate Name)

a Michigan corporation, do hereby certify that the following is a true and correct copy of the resolution adopt-

ed by the board of directors of said corporation by written consent or at a meeting called and held on the _16th_

day of _____ SEPTEMBER, 19 _71_ :

"RESOLVED, that the location of the registered office of this corporation within the State of Michigan is

changed from _1101 SAGINAW_ ~~1818 Penobscot Building~~,   _FLINT_ ~~Detroit~~
(Street and Number)    (City or Village)

County of _Wayne Genesee_ Michigan 48226 to 1800 First National Building, Detroit
(Zip Code)   (Street and Number)   (City or Village)

County of _____ Wayne _____, Michigan ____ 48226 ."
(Zip Code)

Signed on _10/20_ _____, 19 _71_ .

_Harold R. McElroy_
(Signature of Secretary or Assistant Secretary)

(DESIGNATE OFFICE HELD BY SIGNER)

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential                                                           CRT-MARTA-0043988

(For Use by Domestic Corporations)

## CERTIFICATE OF AMENDMENT TO THE

## ARTICLES OF INCORPORATION

The undersigned corporation executes the following Certificate of Amendment to its Articles of Incorporation pursuant to the provisions of Section 631, Act 284, Public Acts of 1972, as amended:

1. The name of the corporation is Marta North Central Co-Operative, Inc.

2. The location of the registered office is

1800 First National Building    Detroit   , Michigan  48226
(No. and Street)                 (Town or City)              (Zip Code)

3. The following amendment to the Articles of Incorporation was adopted on the 13th day of

   July     , 19 77. (Check one of the following)

   [X] by the shareholders in accordance with Section 611 (2), Act 284, Public Acts of 1972, as amended. The necessary number of shares as required by statute were voted in favor of the amendment.

   ( ) by written consent of the shareholders having not less than the minimum number or votes required by statute in accordance with Section 407 (1) and (2), Act 284, Public Acts of 1972, as amended. Written notice to shareholders who have not consented in writing has been given. (Note: Written consent by less than all of the shareholders is permitted only if such provision appears in Articles of Incorporation.)

   ( ) by written consent of all the shareholders entitled to vote in accordance with Section 407 (3), Act 284, Public Acts of 1972, as amended.

Resolved, that Article I & V of the Articles of Incorporation be amended to read as follows: (Any article being amended is required to be set forth in its entirety.)

### ARTICLE I

The name of the corporation is Marta Co-Operative of America, Inc. ✓

### ARTICLE V

The total authorized capital is

(1) (a) No shares of preferred stock.

    (b) Five Hundred Thousand (500,000) shares of Common Stock, $1.00 par value per share.

(2) A statement of all or any of the designations and the powers, preferences and rights, and the qualifications, limitations or restrictions thereof is as follows:

(SEE ATTACHMENT TO AMENDMENT
TO THE ARTICLES OF INCORPORATION)

MARTA NORTH CENTRAL CO-OPERATIVE, INC.
(Corporate Name)

BY  James W. Ebbler
    (Signature of President, Vice-President, Chairman or Vice-Chairman)

    JAMES W. EBBLER    PRESIDENT
    (Type or Print Name and Title)

Signed this 21 day of SEPTEMBER , 19 77

(See Instructions on Reverse Side)

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

CRT-MARTA-0043989

(Please do not write in space below for Department use)

## MICHIGAN DEPARTMENT OF COMMERCE — CORPORATION AND SECURITIES BUREAU

| Date Received |
|---|
| OCT − 3 1977 |
| OCT 1 9 1977 |

*FILED*

Michigan Department of Commerce

OCT 2 7 1977

*Edward R. Hendrickt*

DIRECTOR

---

C & S—111 (Rev. 11-75)

### INFORMATION AND INSTRUCTIONS

#### Certificate of Amendment - Domestic Corporations

1. This form may be used by both profit and non-profit corporations. In case of a non-profit corporation organized on a non-stock basis, "shareholders" shall be construed to be synonymous with "members".

2. An effective date, not later than 90 days subsequent to the date of filing may be stated in the Certificate of Amendment.

3. The Certificate of Amendment is required to be signed in ink by the chairman or vice-chairman of the board of directors or the president or a vice-president of the corporation.

4. One original copy is required. A true copy will be prepared by the Corporation and Securities Bureau and returned to the person submitting the Certificate of Amendment for filing.

5. FEES:  Filing Fee .................................................................................................................$10.00
   Franchise Fee (payable only in case of increase in authorized capital stock) - ½ mill on each
   dollar of increase over highest previous authorized capital stock ............................................
   (Make fee payable to State of Michigan)

6. Mail form and fee to:

   Michigan Department of Commerce
   Corporation and Securities Bureau
   Corporation Division
   P. O. Drawer C
   Lansing, Michigan 48904

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

CRT-MARTA-0043990

ATTACHMENT TO AMENDMENT TO
THE ARTICLES OF INCORPORATION

ARTICLE V (CONTINUED)

A.  All stock is entitled to vote, and each share has the same
powers, preferences, rights, qualifications, etc., except as
to restrictions as to transfer as follows:  The stock of this
corporation, or any right or interest therein may not be sold,
assigned or transferred until and unless the owner shall first
offer it to the corporation through its board of directors, who
shall have the right to purchase the stock if funds are avail-
able on behalf of the corporation at the book value of said stock
or at the latest sale price whichever shall be the smaller sum.
Book value shall be computed from the books of the corpora-
tion and no value shall be assigned to good will.  If this offer
of sale is not accepted within 30 days, the stock shall then be
offered on the same terms to other shareholders, who shall
have the right to purchase the same in proportion to their
holdings.  In the event a shareholder shall decline to pur-
chase, his share of the offer may be purchased by the re-
maining shareholders in proportion to their holdings.  These
offers to other shareholders shall be in writing and in each
instance shall stand open for 15 days.  Any stock remaining
for sale may then be sold without restrictions.

B.  No dividends or interest shall be paid upon the stock
of this Corporation.

C.  No holder of any share of stock of this corporation
shall have any pre-emptive rights in and to any authorized
but unissued or treasury stock of this corporation; provided,
however, that the authority of the Board of Directors of this
corporation to issue any stock to any person, corporation or
other entity shall be subject to revocation by three (3) share-
holders in writing so long as such shareholder action shall be
taken within ten (10) days after the Board of Directors of this
corporation notifies in writing each of the shareholders of
this corporation of the proposed issuance of such stock and
the name or designation of the purchaser(s) or recipient(s)
thereof.

SEAL APPEARS ONLY ON ORIGINAL

C & S-113 (Rev. 11-78)

(Please do not write in spaces below — for Department use)

MICHIGAN DEPARTMENT OF COMMERCE — CORPORATION AND SECURITIES BUREAU

**FILED**
Michigan Department of Commerce

APR 19 1979

*[signature]*
DIRECTOR

Date Received

APR 1 0 1979

CORPORATION NUMBER  727—112

## CERTIFICATE OF CHANGE OF REGISTERED OFFICE AND/OR CHANGE OF RESIDENT AGENT

(For Use by Domestic and Foreign Corporations)

(See Instructions on Reverse Side)

This certificate is executed in accordance with the provisions of Section 242 of Act 284, Public Acts of 1972, as amended, as follows:

1. The name of the corporation is  Marta Co-Operative of America, Inc.

2. The address of its registered office is: (See Part 1 of instructions on reverse side)

   1800 First National Building _____ Detroit _____, Michigan  48226
   (No. and Street)                       (Town or City)                    (Zip Code)

   The mailing address of its registered office is:  (Need not be completed unless different from the above address, see Part 2 of instructions)

   _____, Michigan _____
   (No. and Street or P.O. Box)             (Town or City)            (Zip Code)

3. (The following is to be completed if the address of the registered office is changed.)
   The address of the registered office is changed to:  (See Part 2 of instructions)

   _____, Michigan _____
   (No. and Street)                       (Town or City)            (Zip Code)

   The mailing address of the registered office is changed to:  (Need not be completed unless different from the above address, see Part 2 of instructions)

   _____, Michigan _____
   (No. and Street or P.O. Box)             (Town or City)            (Zip Code)

4. The name of the resident agent is  Joseph Verdi
   (See Part 3 of instructions)

5. (The following is to be completed if the resident agent is changed.)
   The name of the successor resident agent is  Wallace H. Glendening

6. The corporation further states that the address of its registered office and the address of the business office of its resident agent, as changed, are identical.

7. The changes designated above were authorized by resolution duly adopted by its board of directors or trustees.

MAKE REMITTANCE PAYABLE TO:
"STATE OF MICHIGAN"
FILING FEE: $5.00

Signed this  6  day of  April _____ 19  79

BY *[signature]*
(Signature of President, Vice-President, Secretary, Assistant Secretary, Chairperson or Vice-Chairperson)

James W. Ebbler, President
(Type or Print Name and Title)

∩ SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

CRT-MARTA-0043992

CAS 515 (3-88)

**MICHIGAN DEPARTMENT OF COMMERCE — CORPORATION AND SECURITIES BUREAU**

(FOR BUREAU USE ONLY)

# FILED

## NOV 29 1988

Administrator
MICHIGAN DEPARTMENT OF COMMERCE
Corporation & Securities Bureau

Date Received

NOV 0 2 1988

NOV 28 1988

## CERTIFICATE OF AMENDMENT TO THE ARTICLES OF INCORPORATION
### For use by Domestic Corporations
(Please read information and instructions on last page)

Pursuant to the provisions of Act 284, Public Acts of 1972 (profit corporations), or Act 162, Public Acts of 1982 (nonprofit corporations), the undersigned corporation executes the following Certificate:

1. The present name of the corporation is: Marta Co-Operative of America, Inc.

2. The corporation identification number (CID) assigned by the Bureau is. | 7 | 2 | 7 | — | 1 | 9 | 2 |

3. The location of its registered office is:

1800 First National Building, Detroit
(Street Address)
, Michigan 48226
(ZIP Code)

4. Article ____ IX ____ of the Articles of Incorporation is hereby ~~amended to read~~ adced as follows:

A volunteer director of the Corporation shall be not personally liable to the Corporation or its Shareholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its Shareholders, (ii) for acts or omissions not in good faith or that involve intentional misconduct or a knowing violation of law, (iii) a violation of Section 551(1) of the Michigan Business Corporation Act, (iv) for any transaction from which the director derived any improper personal benefit, (v) an act or omission occurring before the date of this filing, or (vi) an act or omission that is grossly negligent.

The Corporation assumes all liability to any person other than the Corporation, its Shareholders, or its members for all acts or omissions of a volunteer director occurring on or after January 1, 1988.

Any repeal or modification of the foregoing paragraph by the Shareholders of the Corporation shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

CRT-MARTA-0043993

5. COMPLETE SECTION (a) IF THE AMENDMENT WAS ADOPTED BY THE UNANIMOUS CONSENT OF THE INCORPORATOR(S) BEFORE THE FIRST MEETING OF THE BOARD OF DIRECTORS OR TRUSTEES; OTHERWISE. COMPLETE SECTION (b)

a. ☐ The foregoing amendment to the Articles of Incorporation was duly adopted on the _____ day

of _____ . 19\_\_\_\_ in accordance with the provisions of the Act by the unanimous consent of the incorporator(s) before the first meeting of the board of directors or trustees.

Signed this _____ day of _____ . 19\_\_\_

_____       _____

_____       _____

_____       _____

_____

(Signatures of all incorporators; type or print name under each signature)

b. ☒ The foregoing amendment to the Articles of Incorporation was duly adopted on the \_\_\_8th\_\_\_ day

of _____June_____ . 19\_88\_ The amendment. (check one of the following)

☒ was duly adopted in accordance with Section 611(2) of the Act by the vote of the shareholders if a profit corporation, or by the vote of the shareholders or members if a nonprofit corporation, or by the vote of the directors if a nonprofit corporation organized on a nonstock directorship basis. The necessary votes were cast in favor of the amendment

☐ was duly adopted by the written consent of all the directors pursuant to Section 525 of the Act and the corporation is a nonprofit corporation organized on a nonstock directorship basis

☐ was duly adopted by the written consent of the shareholders or members having not less than the minimum number of votes required by statute in accordance with Section 407(1) and (2) of the Act. Written notice to shareholders or members who have not consented in writing has been given. (Note: Written consent by less than all of the shareholders or members is permitted only if such provision appears in the Articles of Incorporation.)

☐ was duly adopted by the written consent of all the shareholders or members entitled to vote in accordance with Section 407(3) of the Act.

Signed this \_13th\_ day of \_\_\_October_____ . 19\_88\_

By _____
(Signature)

SEAL APPEARS ONLY ON ORIGINAL

J. Con Maloney, President
(Type or Print Name)                                          (Type or Print Title)

Highly Confidential                                                    CRT-MARTA-0043994

DOCUMENT WILL BE RETURNED TO NAME AND MAILING ADDRESS
INDICATED IN THE BOX BELOW. Include name, street and number
(or P.O. box), city, state and ZIP code.

Name of person or organization
remitting fees

Jaffe, Snider, Raitt & Heuer

```
Blair B. Hysni, Esq.
Jaffe, Snider, Raitt & Heuer
1800 First National Building
Detroit, Michigan 48226
```

Preparer's name and business
telephone number

Blair B. Hysni

( 313 ) 961-8380

## INFORMATION AND INSTRUCTIONS

1. The amendment cannot be filed until this form, or a comparable document, is submitted.

2. Submit one original copy of this document. Upon filing, a microfilm copy will be prepared for the records of the Corporation and Securities Bureau. The original copy will be returned to the address appearing in the box above as evidence of filing.

   Since this document must be microfilmed, it is important that the filing be legible. Documents with poor black and white contrast, or otherwise illegible, will be rejected.

3. This document is to be used pursuant to the provisions of section 631 of the Act for the purpose of amending the articles of incorporation of a domestic profit or nonprofit corporation. Do not use this form for restated articles. A nonprofit corporation is one incorporated to carry out any lawful purpose or purposes not involving pecuniary profit or gain for its directors, officers, shareholders, or members. A nonprofit corporation organized on a nonstock directorship basis, as authorized by Section 302 of the Act, may or may not have members, but if it has members, the members are not entitled to vote.

4. Item 2 — Enter the identification number previously assigned by the Bureau. If this number is unknown, leave it blank.

5. Item 4 — The article being amended must be set forth in its entirety. However, if the article being amended is divided into separately identifiable sections, only the sections being amended need be included.

6. This document is effective on the date approved and filed by the Bureau. A later effective date, no more than 90 days after the date of delivery, may be stated.

7. If the amendment is adopted before the first meeting of the board of directors, item 5(a) must be completed and signed in ink by all of the incorporators listed in Article V of the Articles of Incorporation. If the amendment is otherwise adopted, item 5(b) must be completed and signed in ink by the president, vice-president, chairperson, or vice-chairperson of the corporation.

8. FEES: Filing fee (Make remittance payable to State of Michigan) . . . . . . . . . . . . . . . . . . . . $10.00

   Franchise fee for profit corporations (payable only if authorized capital stock has increased) — ½ mill (.0005) on each dollar of increase over highest previous authorized capital stock.

9. Mail form and fee to:
   Michigan Department of Commerce
   Corporation and Securities Bureau
   Corporation Division
   P.O. Box 30054
   6546 Mercantile Way
   Lansing, MI 48909
   Telephone: (517) 334-6302

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential CRT-MARTA-0043995

C&S-2000 (Rev. 2-90)
MICHIGAN DEPARTMENT OF COMMERCE

FOR BUREAU USE ONLY

914EH6145   0212   N-MAR   $10.00
914EH6145   0212   ORG&FI   $5.00

## 1990 MICHIGAN ANNUAL REPORT – NONPROFIT CORPORATIONS

FILING FEE
$10.00

(Please read instructions on reverse side before completing form)

This report shall be filed by all nonprofit corporations on or before October 1, 1990. This report is required in accordance with the provisions of Section 911, Act 162, Public Acts of 1982, as amended. Penalties may be assessed under the Act for failure to file.

| This Report Must be Filed on or before October 1, 1990 | CORPORATION NUMBER 727192 |
|---|---|

**1. CORPORATE NAME**

MARTA CO-OPERATIVE OF AMERICA, INC.
1800 FIRST NATL. BLDG.
DETROIT                          MI
                48226

FILING FEE: $ 10.00
MAKE REMITTANCE PAYABLE TO:
"STATE OF MICHIGAN"
RETURN TO:
DEPARTMENT OF COMMERCE
CORPORATION AND SECURITIES BUREAU
P.O. BOX 30057, LANSING, MICHIGAN 48909
TELEPHONE: (517) 334-6300

**2. Resident Agent – do not alter preprinted information in this item or item 3.**

WALLACE H. GLENDENING

**3. Registered Office Address in Michigan – No., Street, City, ZIP**

1800 FIRST NATL. BLDG.
DETROIT                          48226

| 4. Federal Employer No. 381787943 | 5. Term of Existence (if not perpetual) 01/27/1995 |
|---|---|

| 6. The Act Under Which Incorporated (if other than 1931, P.A. 327, or 1982, P.A. 162) | 7. State of Incorporation MI | 8. Incorporation Date 01/27/1965 | 9. Date of Admittance (Foreign corp.) |
|---|---|---|---|

**10. COMPLETE THIS SECTION ONLY IF THE RESIDENT AGENT IN ITEM 2 OR THE REGISTERED OFFICE IN ITEM 3 HAS CHANGED.**

FILED BY DEPARTMENT   FEB 2 2 '91

a. The name of the successor resident agent is: _____

b. The address of the registered office is changed to:

One Woodward Avenue, Suite 2400          Detroit                , Michigan  48226
(Street Address)                              (City)                              (ZIP Code)

c. The mailing address of the registered office if different than 10b. is:

_____          _____ , Michigan _____
(Address)                              (City)                              (ZIP Code)

**ADD $5.00 TO THE $10.00 ANNUAL REPORT FILING FEE IF THIS SECTION IS COMPLETED**

11. The authorized capital stock, if any, is $ 500000.000 , and the number of shares is 500,000

12. The purposes of the corporation:  **To act as a purchasing co-operative for its members, appliance dealers**

**13. The value of all real and personal property and cash owned at time of filing this report:** $ 13,500,000.00
(If none, insert "None")

14. The nature and kind of business in which the corporation has engaged during the year covered by this report:
**Acting as a non-exclusive purchasing agent for the members of the corporation**

15. What, if any, distribution of funds has been made to any members or shareholders during the year covered by this report.
Explain your answer. 247,000.00 made in pro rata distribution to members of co-operative
(If none, insert "None") pursuant to Co-operative Plan

16. A statement of the aggregate amount of any loans, advances, overdrafts or withdrawals and repayment thereof made to or by officers, directors, members, or shareholders of the corporation otherwise than in the ordinary and usual course of business of the corporation and on the ordinary and usual terms of payment and security at the time of filing. Explain your answer.    None
(If none, insert "None")

The corporation states that the address of its registered office and the address of the business office of its resident agent are identical. Any changes were authorized by resolution duly adopted by its board of directors.

MARTA CO-OPERATIVE OF AMERICA, INC.

Signed this 10 day of _____ , 1991          By _____
                                                      (SIGNATURE OF AUTHORIZED OFFICER OR AGENT)

*If item 10 is completed, this report must be signed by the president, vice-president, chairperson, vice-chairperson, secretary or assistant secretary of the corporation.

Joseph P. Verdi, Executive Director
(Type or Print Name and Title)

**OVER – COMPLETE OTHER SIDE**

SEAL APPEARS ONLY ON ORIGINAL

FEB 1 2 1991

Highly Confidential
CRT-MARTA-0043996

17. Corporate Officers and Directors – As of October 1, 1990.

| | OFFICE | NAME, STREET & NUMBER, CITY, STATE & ZIP CODE |
|---|---|---|
| | President | **See Attached Sheet** |
| If Different than President | Secretary | |
| | Treasurer | |
| | Vice-President | |
| If Different than Officers | Director | |
| | Director | |
| | Director | |
| | Director | |

18. SIGNATURE

19. FAILURE TO FILE

**SEAL APPEARS ONLY ON ORIGINAL**

Highly Confidential

0291 4015 04912

## MARTA DIRECTORS AND OFFICERS AS OF JUNE 7, 1990

### FOR A TERM ENDING AT THE ANNUAL MEETING OF 1991

James R. Etheridge (Vice President)
Midwest TV & Appliance Mart, Inc.
304 N. Meridian
Suite 3
Oklahoma City, Oklahoma  73107
(405) 947-1622)

John Mistak (Secretary)
Walter's Home Appliance Distributors, Inc.
39915 Michigan Avenue
Canton, Michigan  48188
(313) 728-9600

J. Con Maloney (President)
Cowboy Maloney Supply Company, Inc.
1313 Harding Street
Jackson, Mississippi  39202
(601) 948-5600

Douglas Kritz
Douglas TV & Appliances, Inc.
350 County Line Road
Deerfield, IL  60015
(312) 945-9000

### FOR A TERM ENDING AT THE ANNUAL MEETING OF 1992

Frank Pieratt
Pieratt's, Inc.
922 Winchester Road
Lexington, Kentucky  40511
(606) 255-6691

Jack Hackett
Walton & Co.
250 Dunlap Court
Jacksonville, IL 62650
(217) 245-2121

Jack Baillio
Baillio's Inc.
5301 Menaul Blvd., N.E.
Albuquerque, New Mexico
(216) 683-8065

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

CRT-MARTA-0043998

James Arendall
Gulf Furniture Stores, Inc.
1111 S. Beltline Highway
Mobile, Alabama  36606
(205) 476-1531

FOR A TERM ENDING AT THE ANNUAL MEETING OF 1993

William N. Fisher (Vice President)
Bill Fisher's Appliances, Inc.
216 E. State Street
Cherry Valley, Illinois  61016
(815) 332-4800

Pat Goff
A-One Television, Inc.
2900 Pershing
El Paso, Texas  79930
(915) 565-9979

Frank Berry
Berry's Appliance, Inc.
1337 S. Gilbert Rd.
Mesa, AZ  85204
(602) 497-1011

Ronald Underberg (Treasurer)
The Furniture Center, Inc.
3539 Lamar Avenue
Memphis, Tennessee  38118
(901) 363-8380

ALTERNATE DIRECTORS (APPOINTED)

Don Merle
Home Appliance Mart, Inc.
2019 W. Stadium Boulevard
Ann Arbor, Michigan  48103
(313) 665-8653

James Agostinelli
Charlotte Appliances, Inc.
3200 Lake Avenue
Rochester, NY  14612
(716) 663-5050

SPECIAL ADVISOR TO THE BOARD OF DIRECTORS

Frank Kammerling
Buy-Wise, Inc.
1471 West Hillsboro Boulevard
Deerfield Beach, florida  33442
(305) 462-5501

- 2 -

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

CRT-MARTA-0043999

C&S-515 (10/89)                                          914EN0912   0715  ORG&FI   $10.00

```
┌──────────────────────────────────────────────────────────────────────┐
│       MICHIGAN DEPARTMENT OF COMMERCE — CORPORATION AND SECURITIES BUREAU │
├─────────────────────────────────────────────────┬──────────────────────┤
│ (FOR BUREAU USE ONLY)                            │     Date Received     │
│                  FILED                           │                       │
│                                                  │      JUL 1 5 1991     │
│               JUL 25 1991                        │                       │
│                 Administrator                    │                       │
│        MICHIGAN DEPARTMENT OF COMMERCE           │                       │
│           Corporation & Securities Bureau        │                       │
└─────────────────────────────────────────────────┴──────────────────────┘
```

## CERTIFICATE OF AMENDMENT TO THE ARTICLES OF INCORPORATION
### For use by Domestic Corporations
(Please read information and instructions on last page)

Pursuant to the provisions of Act 284, Public Acts of 1972 (profit corporations), or Act 162, Public Acts of 1982 (nonprofit corporations), the undersigned corporation executes the following Certificate:

1. The present name of the corporation is:  MARTA CO-OPERATIVE OF AMERICA, INC.

2. The corporation identification number (CID) assigned by the Bureau is:  7 2 7 — 1 9 2

3. The location of its registered office is:

   One Woodward Avenue, Suite 2400                Detroit           , Michigan  48226
   (Street Address)                               (City)                        (ZIP Code)

4. Article ___VIII_____ of the Articles of Incorporation is hereby amended to read as follows:

            The term of the corporate existence is perpetual.

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential                                              CRT-MARTA-0044000

5. COMPLETE SECTION (a) IF THE AMENDMENT WAS ADOPTED BY THE UNANIMOUS CONSENT OF THE INCORPORATOR(S) BEFORE THE FIRST MEETING OF THE BOARD OF DIRECTORS OR TRUSTEES; OTHERWISE, COMPLETE SECTION (b)

a. ☐ The foregoing amendment to the Articles of Incorporation was duly adopted on the \_\_\_\_

day of _____ , 19\_\_\_\_, in accordance with the provisions of the Act by the unanimous consent of the incorporator(s) before the first meeting of the board of directors or trustees.

Signed this _____ day of _____ , 19\_\_\_.

_____     _____
(Signature)                                      (Signature)

_____     _____
(Type or Print Name)                        (Type or Print Name)

_____     _____
(Signature)                                      (Signature)

_____     _____
(Type or Print Name)                        (Type or Print Name)

b. ☒ The foregoing amendment to the Articles of Incorporation was duly adopted on the _5th_ day

of _June_ , 19 _91_. The amendment: (check one of the following)

☒   was duly adopted in accordance with Section 611(2) of the Act by the vote of the shareholders if a profit corporation, or by the vote of the shareholders or members if a nonprofit corporation, or by the vote of the directors if a nonprofit corporation organized on a nonstock directorship basis. The necessary votes were cast in favor of the amendment.

☐   was duly adopted by the written consent of all the directors pursuant to Section 525 of the Act and the corporation is a nonprofit corporation organized on a nonstock directorship basis.

☐   was duly adopted by the written consent of the shareholders or members having not less than the minimum number of votes required by statute in accordance with Section 407 (1) and (2) of the Act if a nonprofit corporation, and Section 407 (1) of the Act if a profit corporation. Written notice to shareholders or members who have not consented in writing has been given. (Note: Written consent by less than all of the shareholders or members is permitted only if such provision appears in the Articles of Incorporation.)

☐   was duly adopted by the written consent of all the shareholders or members entitled to vote in accordance with Section 407 (3) of the Act if a non-profit corporation, and Section 407 (2) of the Act if a profit corporation.

Signed this _11th_ day of _July_ , 19 _91_

By _(signature)_ _____
(Only signature of: President, Vice-President, Chairperson and Vice-Chairperson)

William N. Fisher, Vice President
(Type or Print Name)                                 (Type or Print Title)

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

C&S-515

**DOCUMENT WILL BE RETURNED TO NAME AND MAILING ADDRESS INDICATED IN THE BOX BELOW.** Include name, street and number (or P.O. box), city, state and ZIP code.

Name of person or organization remitting fees:

JAFFE, SNIDER, RAITT &

HEUER, P.C.

Preparer's name and business telephone number:

JAMES SKLAR

( 313  ) 961-8380

JAMES SKLAR, ESQ.
JAFFE, SNIDER, RAITT & HEUER, P.C.
ONE WOODWARD AVENUE - SUITE 2400
DETROIT, MICHIGAN   48226

## INFORMATION AND INSTRUCTIONS

1. The amendment cannot be filed until this form, or a comparable document, is submitted.

2. Submit one original copy of this document. Upon filing, a microfilm copy will be prepared for the records of the Corporation and Securities Bureau. The original copy will be returned to the address appearing in the box above as evidence of filing.
   Since this document must be microfilmed, it is important that the filing be legible. Documents with poor black and white contrast, or otherwise illegible, will be rejected.

3. This document is to be used pursuant to the provisions of section 631 of the Act for the purpose of amending the articles of incorporation of a domestic profit or nonprofit corporation. Do not use this form for restated articles. A nonprofit corporation is one incorporated to carry out any lawful purpose or purposes not involving pecuniary profit or gain for its directors, officers, shareholders, or members. A nonprofit corporation formed on a nonstock directorship basis, as authorized by Section 302 of the Act, may or may not have members, but if it has members, the members are not entitled to vote.

4. Item 2 — Enter the identification number previously assigned by the Bureau. If this number is unknown, leave it blank.

5. Item 4 — The article being amended must be set forth in its entirety. However, if the article being amended is divided into separately identifiable sections, only the sections being amended need be included.

6. This document is effective on the date approved and filed by the Bureau. A later effective date, no more than 90 days after the date of delivery, may be stated.

7. If the amendment is adopted before the first meeting of the board of directors, item 5(a) must be completed and signed in ink by a majority of the incorporators if more than one listed in Article V of the Articles of Incorporation if a profit corporation, and all the incorporators if a non-profit corporation. If the amendment is otherwise adopted, item 5(b) must be completed and signed in ink by the president, vice-president, chairperson or vice-chairperson of the corporation.

8. FEE: (Make remittance payable to the State of Michigan.
   Include corporation name and CID Number on check or money order) ................  $10.00
   Franchise fee for profit corporations (payable only if authorized shares have increased):
   each additional 20,000 authorized shares or portion thereof ................................  $30.00

9. Mail form and fee to:
   Michigan Department of Commerce
   Corporation and Securities Bureau
   Corporation Division
   P.O. Box 30054
   6546 Mercantile Way
   Lansing, MI 48909
   Telephone: (517) 334-6302

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

ATTACHMENT TO AMENDMENT TO THE ARTICLES OF INCORPORATION
OF MARTA COOPERATIVE OF AMERICA, INC.

Article V (Continued)

A. All stock is entitled to vote, and each share has the same powers, preferences, rights, qualifications, etc., except as to restrictions as to transfer as follows: The stock of this corporation, or any right or interest therein may not be sold, assigned or transferred until and unless the owner shall first offer it to the corporation through its board of directors, who shall have the right to purchase the stock if funds are available on behalf of the corporation at the book value of said stock or at the latest sale price whichever shall be the smaller sum. Book value shall be computed from the books of the corporation and no value shall be assigned to good will. If this offer of sale is not accepted within 30 days, the stock shall then be offered on the same terms to the other shareholders, who shall have the right to purchase the same in proportion to their holdings. In the event a shareholder shall decline to purchase, his share of the offer may be purchased by the remaining shareholders in proportion to their holdings. These offers to other shareholders shall be in writing and in each instance shall stand open for 15 days. Any stock remaining for sale may then be sold without restrictions.

B. No dividends or interest shall be paid upon the stock of this Corporation.

C. No holder of any share of stock of this corporation shall have any pre-emptive rights in and to any authorized but unissued or treasury stock of this corporation; provided, however, that the authority of the Board of Directors of this corporation to issue any stock to any person, corporation or other entity shall be subject to revocation by three (3) shareholders in writing so long as such shareholder action shall be taken within ten (10) days after the Board of Directors of this corporation notifies in writing each of the shareholders of this corporation of the proposed issuance of such stock and the name or designation of the purchaser(s) or recipient(s) thereof.

DAA0CB23

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

9230W0483 , 0928  DRG&FI   $10.00

MICHIGAN DEPARTMENT OF COMMERCE - CORPORATION AND SECURITIES BUREAU

| Date Received | | | (FOR BUREAU USE ONLY) |
|---|---|---|---|
| SEP 2 8 1992 | | | **FILED** |
| OCT 2 9 1992 | | | NOV 0 4 1992 |
| Name Wallace H. Glendening | | MICHIGAN DEPARTMENT OF COMMERCE Corporation & Securities Bureau | Administrator |
| Address One Woodward Avenue, Suite 2400 | | | |
| City Detroit | State Michigan | Zip Code 48226 | EFFECTIVE DATE: |

DOCUMENT WILL BE RETURNED TO NAME AND ADDRESS INDICATED ABOVE

## CERTIFICATE OF AMENDMENT TO THE ARTICLES OF INCORPORATION
### For use by Domestic Corporations
(Please read information and instructions on last page)

Pursuant to the provisions of Act 284, Public Acts of 1972 (profit corporations), or Act 162, Public Acts of 1982 (nonprofit corporations), the undersigned corporation executes the following Certificate:

1.    The present name of the corporation is: Marta Cooperative of America, Inc.

2.    The corporation identification number (CID) assigned by the Bureau is: 727-192

3.    The location of its registered office is:

One Woodward Avenue, Suite 2400, Detroit, Michigan 48226
(Street Address)                    (City)                (Zip Code)

4.    Article __IV__ of the Articles of Incorporation is hereby amended to read as follows:

The total authorized capital is:

1(a).  No shares of preferred stock.

 (b).  Eight Hundred Thousand (800,000) shares of Common Stock, $1.00 par value per share.

2.  A statement of all or any of the designations and the powers, preferences and rights, and the qualifications, limitations or restrictions thereof is as follows:

    (SEE ATTACHMENT TO AMENDMENT TO THE ARTICLES OF INCORPORATION)

SEAL APPEARS ONLY ON ORIGINAL

Highly Confidential

CRT-MARTA-0044004