# EXHIBIT 41

NIALL E. LYNCH (State Bar No. 157959)
MICHAEL L. SCOTT (State Bar No. 165452)
DAVID J. WARD (State Bar No. 239504)
HEATHER S. TEWKSBURY (State Bar No. 222202)
ALEXANDRA J. SHEPARD (State Bar No. 205143)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 436-6660

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. CR-09-0247 SI |
| v. | UNITED STATES' AND HITACHI DISPLAYS LTD.'S JOINT SENTENCING MEMORANDUM, REQUEST FOR EXPEDITED SENTENCING UNDER L.R. 32-1(b), AND MOTION FOR DEPARTURE |
| HITACHI DISPLAYS LTD., | |
| Defendant. | |
| | DATE: May 22, 2009 |
| | TIME: 11:00 a.m. |
| | COURT: Hon. Susan Illston |

## JOINT SENTENCING MEMORANDUM

The United States of America and the defendant, Hitachi Displays Ltd. ("Hitachi"), file this Joint Sentencing Memorandum in support of their recommendation that the Court sentence the defendant to pay a single agreed-upon fine of $31 million. The parties also request that sentence be imposed as soon as possible, but no later than May 22, 2009, based on the current record without need of an evidentiary sentencing hearing or a presentence report.

## INTRODUCTION

On March 10, 2009, the United States filed a one-count Information charging Hitachi with participating in a conspiracy in the United States and elsewhere to suppress and eliminate

JOINT SENTENCING MEMORANDUM -- PAGE 1

1  competition by fixing the prices of thin-film transistor liquid crystal display panels ("TFT-LCD")
2  sold to Dell Inc. ("Dell") for use in desktop monitors and notebook computers, from on or about
3  April 1, 2001 to on or about March 31, 2004, in violation of the Sherman Act, 15 U.S.C. § 1.

4      Hitachi is scheduled for a change of plea and possible sentencing on May 22, 2009. Hitachi
5  will waive indictment and plead guilty under Fed. R. Crim. P. 11(c)(1)(C).

6      The United States and Hitachi jointly submit this memorandum to request that the Court
7  sentence Hitachi on an expedited basis under Crim. L.R. 32-1(b). This memorandum also outlines
8  the material terms of the Plea Agreement between the United States and Hitachi, in the event the
9  Court grants the parties' request to impose a sentence immediately on May 22, 2009, after accepting
10 Hitachi's guilty plea. In conjunction with this Joint Sentencing Memorandum, the United States and
11 Hitachi have filed a Stipulation and Proposed Order for Expedited Sentencing Under L.R. 32-1(b).

12     The United States and Hitachi respectfully submit that this memorandum and the Plea
13 Agreement provide sufficient information for the Court to impose a sentence immediately, without a
14 presentence report. In addition, an expedited sentencing would accommodate Hitachi's
15 representative, who is traveling from Japan for the plea hearing. If the Court finds that the Plea
16 Agreement and this memorandum do not provide sufficient information to allow for the imposition
17 of sentence on the scheduled date of the plea hearing, the parties are prepared to submit additional
18 information requested by the Court. A copy of the Hitachi 11(c)(1)(C) Plea Agreement is attached
19 as Exhibit A.

20     **MATERIAL TERMS OF THE HITACHI CORPORATION PLEA AGREEMENT**

21     The material terms of the Hitachi Plea Agreement include:

22     1.    Hitachi will waive indictment, waive all rights as enumerated in the Plea
23 Agreement, and plead guilty to a one-count Information charging it with participating in a
24 conspiracy to suppress and eliminate competition by fixing the prices of TFT-LCD sold to Dell for
25 use in notebook computers, from on or about April 1, 2001 to on or about March 31, 2004, in
26 violation of the Sherman Act, 15 U.S.C. § 1. During the relevant period, Hitachi was engaged in the
27 sale of TFT-LCD for use in notebook computers in the United States and elsewhere and employed
28 between 1,000 and 5,000 employees.

JOINT SENTENCING MEMORANDUM -- PAGE 2

2. The United States and Hitachi agree that the appropriate sentence in this case is a single fine of $31 million and a special assessment of $400. Hitachi agrees to have its sentence determined under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), although Hitachi understands the Guidelines are advisory, not mandatory. The United States contends that, had this case gone to trial, the United States would have presented evidence to prove that the gain derived from, or the loss resulting from, the charged offense is sufficient to justify a fine of $31 million, pursuant to 18 U.S.C. § 3571(d). For purposes of this plea and sentencing only, Hitachi waives its right to contest this contention.

3. The United States will not seek restitution in this case in light of the civil cases filed against Hitachi, including In re TFT-LCD (Flat Panel) Antitrust Litigation, M 07-1827 SI, in the United States District Court, Northern District of California, which potentially provide for a recovery of a multiple of actual damages.

4. The United States agrees that it will not bring further criminal charges against Hitachi and its current and former officers, directors, and employees (except for the two Hitachi individuals specifically excluded from the Plea Agreement) for their participation in the TFT-LCD conspiracy. In return, Hitachi and its executives agree to cooperate fully in the ongoing TFT-LCD investigations. Hitachi has agreed to make executives available to the United States for interviews and has produced, and will continue to produce, documents located outside the country, which are beyond the jurisdictional reach of the government's grand jury subpoenas. The documents to be produced and interviews to be conducted, as well as additional proffered cooperation, will substantially assist the Division in furthering its investigation.

## UNITED STATES SENTENCING GUIDELINES CALCULATIONS

The parties agree to the following Guidelines calculations, which are based on a volume of affected commerce under U.S.S.G. § 2R1.1(d)(1) of $130 million. The United States and Hitachi agree that the volume of affected commerce was calculated for purposes of this plea and sentencing only, and Hitachi does not object to the calculation for these specific and limited purposes.

/ / /

/ / /

JOINT SENTENCING MEMORANDUM -- PAGE 3

| | | |
|---|---|---|
| 1. | Base Fine (20% of $130 million (Volume of Affected Commerce) (§ 2R1.1(d)(1) & § 8C2.4(b)) | $26 million |
| 2. | Culpability Score | |
| | i. Base (§ 8C2.5(a)) | 5 |
| | ii. Involvement in or Tolerance of Criminal Activity (§ 8C2.5(b)(1)) | 4 |
| | iii. Prior History (§ 8C2.5(c)) | 0 |
| | iv. Violation of Order (§ 8C2.5(d)) | 0 |
| | v. Obstruction of Justice (§ 8C2.5(e)) | 0 |
| | vi. Effective Program to Prevent and Detect Violations of Law (§ 8C2.5(f)) | 0 |
| | vii. Self-Reporting, Cooperation, and Acceptance of Responsibility (§ 8C2.5(g)(2)) | -2 |
| c. | Total Culpability Score: | 7 |
| d. | Minimum and Maximum Multipliers (§ 8C2.6) | 1.4 - 2.8 |
| e. | Minimum and Maximum Fine Range (§ 8C2.7) | $36.4 - $72.8 million |

The United States will move, under § 8C4.1 of the Sentencing Guidelines, for a downward departure from the minimum Guidelines fine to a fine of $31 million due to Hitachi's substantial assistance in the United States' TFT-LCD investigation. Hitachi has produced, and will continue to produce, relevant documents from the United States and abroad, and will make available employees for extensive interviews. In addition, as a condition of entering into the Plea Agreement, Hitachi has also agreed to continue to assist in the government's ongoing investigation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

JOINT SENTENCING MEMORANDUM -- PAGE 4

1  Respectfully submitted,

2

3  BY: _____          BY: _____
   John H. Hemann                          Niall E. Lynch, CA No. 157959
4  Lisa Tenorio-Kutzkey                    Michael L. Scott, CA No. 165452
   Rebecca A. Falk                         David J. Ward, CA No. 239504
5  Courtney M. Landis                      Alexandra J. Shepard, CA No. 205143
   Michelle M. Kim                         Heather S. Tewksbury, CA No. 222202
6  Morgan Lewis & Bockius LLP              Trial Attorneys
   One Market, Spear Street Tower          U.S. Department of Justice
7  San Francisco, CA 94105-1596           Antitrust Division
   Tel: (415) 442-1000                     450 Golden Gate Avenue
8  Fax: (415) 442-1001                     Box 36046, Room 10-0101
                                           San Francisco, CA 94102
9  Counsel for Hitachi Displays Ltd.       Tel: (415) 436-6660
                                           Fax: (415) 436-6687
10 DATED: May 15, 2009

                                           DATED: May 15, 2009
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   JOINT SENTENCING MEMORANDUM -- PAGE 5

# EXHIBIT A

NIALL E. LYNCH (State Bar No. 157959)
MICHAEL L. SCOTT (State Bar No. 165452)
DAVID J. WARD (State Bar No. 239504)
HEATHER S. TEWKSBURY (State Bar No. 222202)
ALEXANDRA J. SHEPARD (State Bar No. 205143)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 436-6660

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. CR 09-0247 SI |
| v. | |
| HITACHI DISPLAYS LTD., | |
| Defendant. | |

## PLEA AGREEMENT

The United States of America and HITACHI DISPLAYS LTD. ("defendant"), a

corporation organized and existing under the laws of Japan, hereby enter into the following Plea

Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R.

Crim. P."):

## RIGHTS OF DEFENDANT

1.      The defendant understands its rights:

        (a)     to be represented by an attorney;

        (b)     to be charged by Indictment;

        (c)     as a corporation organized and existing under the laws of Japan to decline

to accept service of the Summons in this case, and to contest the jurisdiction of the United

PLEA AGREEMENT -- HITACHI        - 1-

States to prosecute this case against it in the United States District Court for the Northern District of California;

   (d) to plead not guilty to any criminal charge brought against it;

   (e) to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

   (f) to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

   (g) to appeal its conviction if it is found guilty; and

   (h) to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

  2. The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above, including all jurisdictional defenses to the prosecution of this case, and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against it in the United States District Court for the Northern District of California. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) and (c). Nothing in this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the Northern District of California. The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition

PLEA AGREEMENT -- HITACHI  - 2-

by fixing the prices of thin-film transistor liquid crystal display panels ("TFT-LCD") sold to Dell Inc. or its subsidiaries ("Dell") for use in desktop monitors and notebook computers, from on or about April 1, 2001 to on or about March 31, 2004, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.    The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.    Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)    For purposes of this Plea Agreement, the "relevant period" is that period from on or about April 1, 2001 to on or about March 31, 2004. During the relevant period, Hitachi Displays Ltd. ("Hitachi") was a corporation organized and existing under the laws of Japan. Prior to 2002, the defendant was a division of Hitachi Ltd. The defendant has its headquarters and principal place of business in Chiba, Japan. During the relevant period, the defendant was a producer of TFT-LCD, was engaged in the sale of TFT-LCD in the United States and elsewhere, and employed between 1,000 and 5,000 individuals.

(b)    TFT-LCD are glass panels composed of an array of tiny pixels that are electronically manipulated in order to display images. TFT-LCD are manufactured in a broad range of sizes and specifications for use in televisions, notebook computers, desktop monitors, mobile devices, and other applications.

(c)    From on or about April 1, 2001 to on or about March 31, 2004, the defendant, through its officers and employees, participated in a conspiracy with other major TFT-LCD producers, the primary purpose of which was to fix the price of TFT-LCD sold to Dell for use in notebook computers. In furtherance of the conspiracy, the defendant, through its officers and employees, engaged in telephone discussions and attended bilateral meetings with representatives of other major TFT-LCD producers. During these discussions and meetings, agreements were reached to fix the price of TFT-LCD sold to Dell for use in

PLEA AGREEMENT -- HITACHI       - 3-

notebook computers.

(d)    During the relevant period, TFT-LCD sold by one or more of the conspirator firms, and equipment and supplies necessary to the production and distribution of TFT-LCD, as well as payments for TFT-LCD, traveled in interstate and foreign trade and commerce. The business activities of the defendant and its coconspirators in connection with the production and sale of TFT-LCD affected by this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

(e)    Acts in furtherance of this conspiracy were carried out within the Northern District of California. TFT-LCD affected by this conspiracy were sold by one or more of the conspirators to customers in this District.

## POSSIBLE MAXIMUM SENTENCE

5.    The defendant understands that the statutory maximum penalty that may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a)    $10 million (15 U.S.C. § 1);

(b)    twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)    twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

6.    In addition, the defendant understands that:

(a)    pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)    pursuant to § 8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c)    pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

//

PLEA AGREEMENT -- HITACHI    - 4-

## SENTENCING GUIDELINES

7.     The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence.  The defendant understands that the Guidelines determinations will be made by the Court by a preponderance-of-the-evidence standard.  The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).  Under U.S.S.G. § 1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States under this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. § 1B1.8(b).

## SENTENCING AGREEMENT

8.     Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of $31 million, pursuant to 18 U.S.C. § 3571(d) ("the recommended sentence"), payable in full before the fifteenth (15th) day after the date of judgment.  The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. § 5K2.0.  The parties agree not to seek or support any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement.  The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

(a)     The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

PLEA AGREEMENT -- HITACHI      - 5-

(b)     Both parties will recommend that no term of probation be imposed, but the defendant understands that the Court's denial of this request will not void this Plea Agreement.

(c)     The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 10, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and the defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. § 6A1.1, and Rule 32-1(b) of the U.S.D.C. N.D. California Criminal Local Rules. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

9.     The United States and the defendant agree that the applicable Guidelines fine range exceeds the fine contained in the recommended sentence set out in Paragraph 8 above. Subject to the full and continuing cooperation of the defendant, as described in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. § 8C4.1, for a downward departure from the Guidelines fine range and will request that the Court impose the recommended sentence set out in Paragraph 8 of this Plea Agreement because of the defendant's substantial assistance in the government's investigation and prosecutions of violations of federal criminal law in the TFT-LCD industry.

10.     Subject to the ongoing, full, and truthful cooperation of the defendant described in Paragraph 13 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and

PLEA AGREEMENT -- HITACHI     - 6-

extent of the defendant's cooperation and its commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct.

11.     The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea Agreement.

        (a)     If the Court does not accept the recommended sentence, the United States and the defendant agree that this Plea Agreement, except for Paragraph 11(b) below, shall be rendered void.

        (b)     If the Court does not accept the recommended sentence, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government shall not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 15 of this Plea Agreement will be tolled for the period between the date of the signing of the Plea Agreement and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

12.     In light of the civil class action cases filed against the defendant, including *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M:07-1827 SI, MDL No. 1827, in the United States District Court, Northern District of California, which potentially provide for a recovery of a multiple of actual damages, the United States agrees that it will not seek a restitution order for the offense charged in the Information.

PLEA AGREEMENT -- HITACHI     - 7-

**DEFENDANT'S COOPERATION**

13.     The defendant, Hitachi Displays Ltd., Hitachi Ltd., and any Hitachi Ltd. subsidiary engaged in the sale or production of TFT-LCD (collectively, "related entities") will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the manufacture or sale of TFT-LCD in the United States and elsewhere, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the defendant shall include, but not be limited to:

(a)     producing to the United States all non-privileged documents, information, and other materials, wherever located, in the possession, custody, or control of the defendant or any of its related entities, requested by the United States in connection with any Federal Proceeding; and

(b)     using its best efforts to secure the ongoing, full, and truthful cooperation, as defined in Paragraph 14 of this Plea Agreement, of the current and former directors, officers, and employees of the defendant or any of its related entities, as may be requested by the United States – but excluding Hajime Wakabayashi and Sakae Someya – including making these persons available in the United States and at other mutually agreed-upon locations, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

14.     The ongoing, full, and truthful cooperation of each person described in Paragraph 13(b) above will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

(a)     producing in the United States and at other mutually agreed-upon locations all non-privileged documents, including claimed personal documents, and other materials, wherever located, requested by attorneys and agents of the United States;

PLEA AGREEMENT -- HITACHI     - 8-

(b)     making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States;

(c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d)     otherwise voluntarily providing the United States with any non-privileged material or information not requested in (a) - (c) of this paragraph that he or she may have that is related to any Federal Proceeding;

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f)     agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 16(c), the statute of limitations period for any Relevant Offense as defined in Paragraph 16(a) will be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under the Plea Agreement.

## GOVERNMENT'S AGREEMENT

15.     Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, and subject to the cooperation requirements of Paragraph 13 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against the defendant or any of its related entities for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of an

PLEA AGREEMENT -- HITACHI      - 9-

antitrust conspiracy involving the manufacture or sale of TFT-LCD in the United States and elsewhere. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

16.     The United States agrees to the following:

(a)     Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 16(c), the United States will not bring criminal charges against any current or former director, officer, or employee of the defendant or its related entities for any act or offense committed before the date of this Plea Agreement and while that person was acting as a director, officer, or employee of the defendant or its related entities that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of TFT-LCD in the United States and elsewhere ("Relevant Offense"), except that the protections granted in this paragraph shall not apply to Hajime Wakabayashi and Sakae Someya.

(b)     Should the United States determine that any current or former director, officer, or employee of the defendant or its related entities may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant.

(c)     If any person requested to provide cooperation under Paragraph 16(b) fails to comply with his or her obligations under Paragraph 14, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void.

(d)     Except as provided in Paragraph 16(e), information provided by a person described in Paragraph 16(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or

PLEA AGREEMENT -- HITACHI     - 10-

1    indirectly derived from that information, may not be used against that person in a

2    criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false

3    statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18

4    U.S.C. § 1503, *et seq.*).

5           (e)    If any person who provides information to the United States under this

6    Plea Agreement fails to comply fully with his or her obligations under Paragraph 14

7    of this Plea Agreement, the agreement in Paragraph 16(d) not to use that information

8    or any information directly or indirectly derived from it against that person in a

9    criminal case shall be rendered void.

10          (f)    The nonprosecution terms of this paragraph do not apply to civil

11   matters of any kind, to any violation of the federal tax or securities laws, or to any

12   crime of violence.

13          (g)    Documents provided under Paragraphs 13(a) and 14(a) shall be

14   deemed responsive to outstanding grand jury subpoenas issued to the defendant or any

15   of its related entities.

16        17.    The United States agrees that when any person travels to the United States for

17   interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or

18   for meetings with counsel in preparation therefor, the United States will take no action, based

19   upon any Relevant Offense, to subject such person to arrest, detention, or service of process,

20   or to prevent such person from departing the United States. This paragraph does not apply to

21   an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18

22   U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings

23   (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C.

24   §§ 401-402) in connection with any testimony or information provided or requested in any

25   Federal Proceeding.

26        18.    The defendant understands that it may be subject to administrative action by

27   federal or state agencies other than the United States Department of Justice, Antitrust

28   Division, based upon the conviction resulting from this Plea Agreement, and that this Plea

PLEA AGREEMENT -- HITACHI    - 11-

Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the defendant and its related entities as a matter for that agency to consider before determining what administrative action, if any, to take.

### REPRESENTATION BY COUNSEL

19. The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and nature and range of possible sentences.

### VOLUNTARY PLEA

20. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

### VIOLATION OF PLEA AGREEMENT

21. The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant or any of its related entities have failed to provide full and truthful cooperation, as described in Paragraph 13 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission, and may also notify counsel by telephone, of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant and its related entities shall be subject to prosecution for any federal crime of which the United States has knowledge, including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant may seek Court review of any determination made by the United States under this Paragraph to void any of its obligations

PLEA AGREEMENT -- HITACHI     - 12-

1  under the Plea Agreement. The defendant and its related entities agree that, in the event that

2  the United States is released from its obligations under this Plea Agreement and brings criminal

3  charges against the defendant or its related entities for any offense referred to in Paragraph 15

4  of this Plea Agreement, the statute of limitations period for such offense will be tolled for the

5  period between the date of the signing of this Plea Agreement and six (6) months after the date

6  the United States gave notice of its intent to void its obligations under this Plea Agreement.

7       22.    The defendant understands and agrees that in any further prosecution of it or its

8  related entities resulting from the release of the United States from its obligations under this

9  Plea Agreement, because of the defendant's or its related entities' violation of the Plea

10  Agreement, any documents, statements, information, testimony, or evidence provided by it or

11  its related entities, or current or former directors, officers, or employees of it or its related

12  entities to attorneys or agents of the United States, federal grand juries, or courts, and any

13  leads derived therefrom, may be used against it or its related entities in any such further

14  prosecution. In addition, the defendant unconditionally waives its right to challenge the use of

15  such evidence in any such further prosecution, notwithstanding the protections of Fed. R.

16  Evid. 410.

17                      **ENTIRETY OF AGREEMENT**

18       23.    This Plea Agreement constitutes the entire agreement between the

19  United States and the defendant concerning the disposition of the criminal charge in this case.

20  This Plea Agreement cannot be modified except in writing, signed by the United States and the

21  defendant.

22       24.    The undersigned is authorized to enter this Plea Agreement on behalf of the

23  defendant as evidenced by the Resolution of the Board of Directors of the defendant, attached

24  to, and incorporated by reference in, this Plea Agreement.

25       25.    The undersigned attorneys for the United States have been authorized

26  by the Attorney General of the United States to enter this Plea Agreement on behalf of the

27  United States.

28       26.    A facsimile signature shall be deemed an original signature for the purpose of

PLEA AGREEMENT -- HITACHI    - 13-

1   executing this Plea Agreement. Multiple signature pages are authorized for the purpose of

2   executing this Plea Agreement.

3

4   AGREED

5

6   BY:_____
    Yoshiyuki Imoto
7   President and Chief Executive Officer
    Hitachi Displays Ltd.
8   3300, Hayano, Mobara-shi
    Chiba-ken, 297-8622, Japan

9   DATED: March __, 2009

10  BY:_____
    John H. Hemann
11  Lisa Tenorio-Kutzkey
    Rebecca A. Falk
12  Courtney L. Landis
    Michelle M. Kim
13  Morgan Lewis & Bockius LLP
    One Market, Spear Street Tower
14  San Francisco, CA 94105-1596
    Tel: (415) 442-1000
15  Fax: (415) 442-1001

16  Counsel for Hitachi Displays Ltd.

17  DATED: May __, 2009

18

BY:_____
Niall E. Lynch, CA No. 157959
Michael L. Scott, CA No. 165452
David J. Ward, CA No. 239504
Heather S. Tewksbury, CA No. 222202
Alexandra J. Shepard, CA No. 205143
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
        San Francisco, CA 94102
Tel: (415) 436-6660
Fax: (415) 436-6687

DATED: May 15, 2009

PLEA AGREEMENT -- HITACHI     - 14-

1  executing this Plea Agreement. Multiple signature pages are authorized for the purpose of

2  executing this Plea Agreement.

3

4  AGREED

5

6  BY: _____
   Yoshiyuki Imoto
7  President and Chief Executive Officer
   Hitachi Displays Ltd.
8  3300, Hayano, Mobara-shi
   Chiba-ken, 297-8622, Japan

9  DATED: March 5, 2009

10 BY: _____
   John H. Hemann
11 Lisa Tenorio-Kutzkey
   Rebecca A. Falk
12 Courtney L. Landis
   Michelle M. Kim
13 Morgan Lewis & Bockius LLP
   One Market, Spear Street Tower
14 San Francisco, CA 94105-1596
   Tel: (415) 442-1000
15 Fax: (415) 442-1001

16 Counsel for Hitachi Displays Ltd.

17 DATED: March __, 2009

BY: _____
Niall E. Lynch, CA No. 157959
Michael L. Scott, CA No. 165452
David J. Ward, CA No. 239504
Heather S. Tewksbury, CA No. 222202
Alexandra J. Shepard, CA No. 205143
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Tel: (415) 436-6660
Fax: (415) 436-6687

DATED: March __, 2009

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT — HITACHI      - 14-

# HITACHI DISPLAYS, LTD.
## RESOLUTIONS OF THE BOARD OF DIRECTORS

At the meeting of the Board of Directors of Hitachi Displays, Ltd., held on February 24, 2009, the Board,

RESOLVED, that the execution, delivery and performance of that certain Plea Agreement, by and between Hitachi Displays, Ltd. (the "Corporation") and the United States Department of Justice, in substantially the form made available to the Board (the "Plea Agreement"), is hereby approved;

RESOLVED, that Mr. Yoshiyuki Imoto, President and Chief Executive Officer of Hitachi Displays, Ltd., is hereby authorized, empowered, and directed, for and on behalf of the Corporation, to execute and deliver the Plea Agreement;

RESOLVED, that Mr. Kazuo Hatanaka, Executive Managing Director, is hereby authorized, empowered, and directed, for and on behalf of the Corporation, to prepare and deliver or cause to be prepared and delivered and to execute all documents and take or cause to be taken such further actions, including to appear in United States District Court on behalf of the Corporation, as he may deem necessary, appropriate or advisable to fully effectuate the intent of the foregoing resolutions and to comply with the provisions of any of the documents or instruments approved or authorized hereby.

## CERTIFICATE

I, Keizaburo Shimizu, Senior Manager, Legal Department, Hitachi Displays, Ltd., a company organized and existing under the laws of Japan, does hereby certify, as the person responsible for keeping the minutes of the Board of Directors meeting, that the foregoing resolutions adopted by the Board of Directors of Hitachi Displays, Ltd., at its meeting held on February 24, 2009, are true, correct and complete and that said resolutions have not been amended, modified or repealed, and remain in full force and effect, as of the date hereof.

Signed at Tokyo this 27th day of February 2009 by

*Keizaburo Shimizu*

Keizaburo Shimizu
Seinior Manager, Legal Department
Hitachi Displays, Ltd.