Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131-3456
Telephone:  305-374-7580
Facsimile:  305-374-7593
E-mail:  rturken@bilzin.com; swagner@bilzin.com;
           mwidom@bilzin.com

Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
E-mail:  ssinger@bsfllp.com

*Counsel for Plaintiffs Tech Data Corporation
and Tech Data Product Management, Inc.*
[Additional counsel listed on signature page.]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No.  07-cv-5944-SC (N.D. Cal) |
| _____ | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF SCOTT N. WAGNER IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |
| *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-06325; | |
| *Interbond Corporation of America v. Mitsubishi Electric & Electronics USA, Inc., et al.,* No. 13-cv-05727; | Before the Honorable Samuel Conti |
| *Office Depot, Inc. v. Technicolor SA, et al.,* No. 13-cv-81174; | |

1  *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-06327;

3  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

5  *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-02037;

6  *Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

8  *Sears, Roebuck and Co., et al. v. Technicolor SA*, No. 13-cv-05262;

10 *Dell Inc., et al. v. Phillips Electronics North America Corporation, et al.*, No. 13-cv-2171;

12 *Tech Data Corp., et al. v. Hitachi, Ltd.*, et al., No.13-cv-00157;

13 *Siegel v. Technicolor SA, et al.*, No.13-cv-05261;

15 *Viewsonic Corporation v. Chunghwa Picture Tubes Ltd., et al.*, No.13-cv-02510

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

WAGNER DECLARATION IN SUPPORT OF DAPS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL

MASTER FILE NO. 07-CV-05944 SC (N.D. CAL.)

1  I, SCOTT N. WAGNER, declare as follows:

2  I am a partner at the law firm of Bilzin Sumberg Baena Price & Axelrod LLP, counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc. ("Tech Data"), and I am licensed to practice law in the States of Florida and New York and admitted to practice *pro hac vice* before this Court. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts stated herein, and, if called as a witness, I could and would competently testify thereto.

3  On December 23, 2014, the Direct Action Plaintiffs (the "DAPs") filed their Opposition to Defendant Mitsubishi Electric Corporation's Motion For Summary Judgment Based Upon Absence Of Evidence Of Liability ("Opposition"), and the Declaration of Scott N. Wagner in Support of the Opposition (the "Wagner Declaration") which attaches evidence in support of the Opposition.

4  The DAPs' Opposition and the entireties of Exhibits 3-20 and 22-29 (the "Designated Exhibits") to the Wagner Declaration, contain excerpts from and/or statements derived from documents and testimony which have been designated "confidential" or "highly confidential" pursuant to the Stipulated Protective Order governing the CRT Antitrust MDL, which was entered by Judge Samuel Conti on June 18, 2008 (Document No. 306). The confidential/highly confidential designations were made by certain defendants in the CRT Antitrust MDL. To qualify as confidential or highly confidential under the Stipulated Protective Order, the information must contain trade secrets or other confidential research, development or commercial information or private or competitively sensitive information. (Stipulated Protective Order at ¶1)

5  The Stipulated Protective Order requires that a party may not file any confidential material in the public record. (Stipulated Protective Order at ¶10) The Stipulated Protective Order further provides that any party seeking to file any confidential material under seal must comply with Civil Local Rule 79-5. (Stipulated Protective Order at ¶¶1, 10.)

1   The Opposition and the entireties of the Designated Exhibits contain such confidential
2   material and, pursuant to Local Rule 79-5(e), the DAPs seek to submit the above material under
3   seal in good faith in order to comply with the Protective Order in the CRT Antitrust MDL and
4   the applicable Local Rules.  Specifically:

5   The Opposition refers, contains, and/or reflects excerpts of documents and testimony that
6   have been designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated
7   Protective Order.

8   Exhibit 3 is a true and correct copy of Samsung SDI Co. Ltd.'s Responses to Dell
9   Plaintiffs' First Set of Interrogatories, dated November 25, 2013 and designated by counsel as
10  "Confidential".

11  Exhibit 4 is a true and correct copy of Samsung SDI Co. Ltd.'s Motion for Barring
12  Deposition Pursuant to Plaintiffs' FRCP 30(b)(6) Notice regarding Plea Issues dated August 15,
13  2014 containing information that is designated by counsel as "Confidential".

14  Exhibit 5 is a true and correct copy of Direct Action Plaintiffs' Response to Samsung SDI
15  Co. Ltd.'s Motion for Barring Deposition Pursuant to Plaintiffs' FRCP 30(b)(6) Notice regarding
16  Plea Issues dated August 27, 2014 designated by counsel as "Confidential".

17  Exhibit 6 is a true and correct copy of Special Master Walkers' Interim Order dated
18  9/15/2014 containing information designated by counsel as "Confidential".

19  Exhibit 7 is a true and correct copy of excerpts from the deposition of Norikazu
20  Nakanishi taken September 18, 2014 designated by counsel as "Highly Confidential."

21  Exhibit 8 is a true and correct copy of Deposition Exhibit 6113, Bates Numbered ME
22  000131622 designated by counsel as "Highly Confidential".

23  Attached hereto as Exhibit 9 is a true and correct copy of the original document and its
24  certified translation, Bates Numbered ME 00088171, produced by Mitsubishi Electric and
25  designated by counsel as "Highly Confidential".

26  Exhibit 10 is a true and correct copy of a Samsung SDI Defendants' Second
27  Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5
28  dated November 25, 2013 designated by counsel as "Confidential".

Exhibit 11 is a true and correct copy of a Mitsubishi Electric Corporation's Supplemental Response to DAPs' First Set of Interrogatories dated September 5, 2014 designated by counsel as "Confidential".

Exhibit 12 is a true and correct copy of Deposition Exhibit 635, Bates Numbered SDCRT-0006041 through SDCRT-0006042 and designated by counsel as "Highly Confidential."

Exhibit 13 is a true and correct copy of Deposition Exhibit 6120 designated by counsel as "Highly Confidential".

Exhibit 14 is a true and correct copy of excerpts from the deposition of Mitsubishi Electric Corporation designated by counsel as "Highly Confidential".

Exhibit 15 is a true and correct copy of Mitsubishi Electric Corporation's Response to DAP's First Set of Interrogatories dated June 25, 2014 designated by counsel as "Confidential".

Exhibit 16 is a true and correct copy of Deposition Exhibit 6131, Bates Numbered ME 00025688 through ME 00025689 and designated by counsel as "Highly Confidential".

Exhibit 17 is a true and correct copy of Deposition Exhibit 6129, Bates Numbered ME 00088545 and designated by counsel as "Highly Confidential".

Exhibit 18 is a true and correct copy of the original document and its certified translation, Bates Numbered ME 00088485, produced by Mitsubishi Electric designated by counsel as "Highly Confidential".

Exhibit 19 is a true and correct copy of Deposition Exhibit 6126, Bates Numbered ME 00088165 designated by counsel as "Highly Confidential".

Exhibit 20 is a true and correct copy of a letter from Molly Powers to Wendy Polit dated November 19, 2014, which supplements Mitsubishi Electric's discovery responses designated as "Confidential" by counsel.

Exhibit 22 is a true and correct copy of a letter from Joel Sanders to Philip Iovieno dated July 19, 2013 containing excerpts from and/or statements derived from documents and testimony which have been designated "Confidential" by counsel.

1   Exhibit 23 is a true and correct copy of the original document and its certified translation, Bates Numbered CHU00028558, produced by Chunghwa Picture Tubes, Ltd. and designated by counsel as "Confidential".

4   Exhibit 24 is a true and correct copy of the original document and its certified translation, Bates Numbered CHU00028548 through CHU00028550, produced by Chunghwa Picture Tubes, Ltd. and designated by counsel as "Confidential".

7   Exhibit 25 is a true and correct copy of the original document and its certified translation, Bates Numbered CHU00028532, produced by Chunghwa Picture Tubes, Ltd. and designated by counsel as "Confidential".

10   Exhibit 26 is a true and correct copy of Deposition Exhibit 6111, Bates Numbered ME 00109690 through ME 00109694 and designated by counsel as "Highly Confidential".

12   Exhibit 27 is a true and correct copy of Deposition Exhibit 6112, Bates Numbered ME 00109911 through ME 00109912 and designated by counsel as "Highly Confidential".

14   Exhibit 28 is a true and correct copy of Deposition Exhibit 6123, Bates numbered HDP-CRT00023222 through HDP-CRT00023223 designated by counsel as "Confidential".

16   Exhibit 29 is a true and correct copy of excerpts from the deposition of Masahiko Konishi taken December 8, 2014 designated by counsel as "Confidential".

18   Therefore, the DAPs respectfully request an order sealing the Opposition and the entireties of the Designated Exhibits in this case.

20   I declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct.

22   Executed this 23rd day of December, 2014, in Miami, Florida.

          /s/Scott N. Wagner_____
            Scott N. Wagner

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document was electronically served upon the parties and counsel of record through the Court's ECF system on December 23, 2014.

/s/Scott N. Wagner
Scott N. Wagner
*Attorney for Plaintiffs*
*Tech Data Corporation and*
*Tech Data Product Management, Inc.*

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

WAGNER DECLARATION IN SUPPORT OF DAPS'
ADMINISTRATIVE MOTION TO FILE DOCUMENTS
UNDER SEAL

MASTER FILE NO. 07-CV-05944 SC (N.D. CAL.)