# EXHIBIT 21

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 North Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:  piovieno@bsfllp.com
Email:  anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and
Attorneys for Plaintiffs Electrograph Systems, Inc.,
Electrograph Technologies, Corp., Office Depot, Inc.,
Compucom Systems, Inc., Interbond Corporation of
America, P.C. Richard & Son Long Island
Corporation, MARTA Cooperative of America, Inc.,
ABC Appliance, Inc., Schultze Agency Services LLC
on behalf of Tweeter Opco, LLC and Tweeter
Newco, LLC*

[additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-05944 SC |
| This Document Relates to: | MDL No. 1917 |
| | **DIRECT ACTION PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT MITSUBISHI ELECTRIC CORPORATION** |
| *Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | **DATE:  MAY 7, 2014** |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |
| *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686; | |
| *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727; | |

1
2
*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

3
4
*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

5
*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 31:cv-05725;

6
7
*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

8
9
*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.* No. 3:13-cv-05262

10
*Dell Inc.,et al. v. Hitachi Ltd., et al.,* No. 13-cv-02171;

11
12
*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157.

13
14

| **PROPOUNDING PARTIES:** | Direct Action Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.; Alfred H. Siegel, solely as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.; Target Corp., Sears, Roebuck, and Co., Kmart Corp.; Interbond Corporation of America; Office Depot, Inc.; Costco Wholesale Corporation; P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc.; Schultz Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC; Dell Inc.; Dell Products L.P.; and Tech Data Corporation and Tech Data Product Management, Inc. |
|---|---|
| **RESPONDING PARTY:** | Mitsubishi Electric Corporation |
| **SET NO.:** | ONE |

- 2 -

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the above named Direct Action Plaintiffs, through their undersigned counsel, request that Mitsubishi Electric Corporation answer the following Interrogatories within thirty (30) days of service and supplement its Interrogatory answers, as necessary, to comply with Federal Rule of Civil Procedure 26(e).  Mitsubishi Electric Corporation is directed to serve verified answers at BOIES, SCHILLER & FLEXNER, LLP, Attn: Philip J. Iovieno, 30 South Pearl Street, 11th Floor, Albany, NY 12204, or at another time and place as may be mutually agreed upon by counsel for the parties.

**DEFINITIONS**

1.      The terms "Defendant" and "Defendants" mean any defendant named by a Direct Action Plaintiff in a complaint in these actions (including all Direct Action Plaintiff actions consolidated in the *In re Cathode Ray Tube (CRT) Antitrust Litigation* multidistrict litigation, MDL No. 1917) and their present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on their behalf.

2.      The terms "Co-conspirator" and "Co-conspirators" mean any non-Defendant entity named by a Direct Action Plaintiff in a complaint in these actions (including all Direct Action Plaintiff actions consolidated in the *In re Cathode Ray Tube (CRT) Antitrust Litigation* multidistrict litigation, MDL No. 1917) as a member of a conspiracy and their present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on their behalf.

3.      The term "Affiliated Entity(ies)" means any entity(ies) involved in the production, pricing, marketing, distribution, and/or sale of CRTs (as those terms are defined herein) at any time during the Relevant Period (as defined herein) in which You, or any division, subdivision, business unit, parent, subsidiary, affiliate, or joint venture thereof, held any ownership interest at any time during the Relevant Period.

4.      The term "Mitsubishi Subsidiaries" means Mitsubishi Electric Visual Solutions America, Inc. (f/k/a Mitsubishi Digital Electronics America, Inc.) and Mitsubishi Electric &

Electronics USA, Inc., including each of their respective officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on their behalf

5.      The term "Person" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau or any other kind of legal or business entity.

6.      The terms "You," "Your," and "Yourself" mean Mitsubishi Electric Corporation, and present or former Employees, officers, directors, agents, predecessors, successors, parents, subsidiaries, affiliates, or any other person acting on Your behalf.

7.      The term "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of a Defendant as defined herein.

8.      The term "Document" includes all documents and electronically stored information as defined in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

9.      The term "CRT(s)" means cathode ray tube(s).

10.     The term "CRT Manufacturer" means any entity that manufactures or manufactured CRTs.

11.     The term "CRT Product(s)" means product(s) containing cathode ray tube(s).

12.     Unless otherwise noted, the term "Relevant Period" means the period from March 1, 1995 through December 31, 2007.

13.     When referring to a Document, "Identify" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), sendee(s), addressee(s), recipient(s), and custodian(s).

14.     When referring to any fact, act, occurrence, transaction, statement, communication, document, or other matter, "Identify," "Describe," "Explain," or "State" means to describe and identify the facts constituting such matter.

15.     The term "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

16.     The term "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

17.     The term "Customer" means, without limitation, any individual, entity, organization, business, company, corporation, or partnership to which You sold, transferred, or otherwise conveyed CRTs during the Relevant Period.

18.     The term "Competitor" means, without limitation, any individual, entity, organization, business, company, corporation or partnership that sold or otherwise conveyed CRTs during the Relevant Period.

19.      "All" shall be construed as all, each, any, and every.


**<u>INSTRUCTIONS</u>**

1.     Answers to these Interrogatories are to be based upon all knowledge or information available to You, including without limitation all information or knowledge possessed by any person, including without limitation any Employee, agent, attorney, expert witness, representative, or other advisor subject to Your instruction, direction, or control.

2.     Where an Interrogatory cannot be answered due to insufficient knowledge, specify the nature of the inquiries made in an attempt to answer the Interrogatory.

3.     You should answer each Interrogatory fully, unless it is objected to.  When making any objection, state with specificity the reasons for the objection.

4.     Where a complete answer to an Interrogatory is not possible, the Interrogatory should be answered to the extent possible, and a statement should be provided stating why an incomplete answer is given, along with the identity of any sources from which more complete information may be obtained.

5.     Any claim of ambiguity in interpreting a particular Interrogatory or a definition or instruction shall not be utilized as a basis for refusing to answer.  Rather, You shall specify the

language deemed to be ambiguous and the interpretation utilized in the response to the Interrogatory.

6.    When asked to identify a natural person, state the person's name, employer, position, dates of employment or tenure, and home address for all times during the Relevant Period.  If any of such information has changed during the Relevant Period, specify the time period to which the information provided in Your answer pertains.

7.    When asked to identify any entity other than a natural person, state the name and address of the principal office or headquarters.  If any of the information has changed during the Relevant Period, specify the time period to which the information provided in Your answer pertains.

8.    If You elect to produce business records in response to an Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), You shall produce the records as they are kept in the usual course of business or shall organize and label them to correspond with the Interrogatory.  If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify the Interrogatories to which the document is responsive.  If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent.  For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

## INTERROGATORIES

### Interrogatory No. 1.

Identify the CRT and/or CRT Products that You manufactured or produced for each month within the Relevant Period, including the brand name, product number, and intended use.

**Interrogatory No. 2.**

Identify the CRT and/or CRT Products that You sold, marketed, or distributed for each month within the Relevant Period, including the brand name, product number, and intended use.

**Interrogatory No. 3.**

Provide Your sales of CRTs and/or CRT Products to the United States and globally for each month during the Relevant Period. For each month during this period, State the volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRTs and/or CRT Products, the per unit cost to distribute CRTs and/or CRT Products (including overseas freight, tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit profit earned.

**Interrogatory No. 4.**

Identify every channel used by You to sell, market, or distribute CRTs and/or CRT Products during the Relevant Period. If You used different channels at different points within the Relevant Period, Identify when You used each channel to sell, market, or distribute CRTs and/or CRT Products.

**Interrogatory No. 5.**

Identify each current and former Employee who has or had any managerial responsibility for recommending, reviewing, setting or approving prices, bids, quotes, or rebates for Your CRTs and/or CRT Products during the Relevant Period. For each Person identified, include his or her name, address, title, location, the division or unit of the company where he or she worked, and a description of his or her responsibilities throughout the Relevant Period.

**Interrogatory No. 6.**

Identify each Employee with pricing authority who attended any trade association during the Relevant Period relating to CRTs and/or CRT Products and State with respect to each Employee:

(a) the trade association attended;

(b) the dates of attendance;

- 7 -

1  (c) any offices, chairs or committee positions held in each of the trade associations; and

2  the dates which those offices, chairs or committee positions were held.

3  **Interrogatory No. 7.**

4  Identify each actual or proposed agreement, including a draft agreement, between

5  You and any producer of CRTs and/or CRT Products, including Defendants or Co-conspirators,

6  relating to prices, pricing, production or inventory levels of CRTs and/or CRT Products during

7  the Relevant Period.  For every such actual or proposed agreement, State:

8  (a) the identity of the participants and all persons with knowledge thereof;

9  (b) when such agreement was entered into;

10  (c) where such agreement was entered into;

11  (d) the terms of such agreement; and

12  (e) when, how, and which of Your officers, directors or Employees discovered the

13  existence of such agreement.

14  **Interrogatory No. 8.**

15  Identify all Communications and/or Meetings between You and any other

16  producer or producers of CRTs and/or CRT Products during the Relevant Period (including but

17  not limited to the named Defendants or Co-conspirators in this coordinated proceeding),

18  regarding, discussing, mentioning or relating to the sales, production, and/or prices of CRTs in

19  and/or for the United States, Mexico, and/or Brazil during the Relevant Period, specifically

20  identifying any Communications and/or Meetings occurring solely in the context of a Customer-

21  supplier relationship between You and a Customer.  For all Communications and/or Meetings:

22  (a) State the date and location of the Meeting and/or Communication;

23  (b) Identify the Person(s) who initiated, called, organized, attended, or participated in the

24  Meeting and/or Communication;

25  (c) Describe the subject matter(s) of the Meeting and/or Communication, including

26  details of any information provided, received, or exchanged;

27  (d) Identify all Persons with knowledge relating to the Meeting and/or Communication;

28  (e) Describe the type and dimensions of the CRTs discussed;

(f) Identify whether the attendees at the Meeting and/or Persons involved in the Communication reached any agreement concerning CRT sales, production, and/or prices.

**Interrogatory No. 9.**

To the extent not previously identified in response to Interrogatory No. 8, Identify all Communications and/or Meetings between You and any other producer or producers of CRTs and/or CRT Products during the Relevant Period (including but not limited to Defendants or Co-conspirators) regarding, discussing, mentioning or relating to the sales, production, and/or prices of CPTs, where at least one party to the Communication was employed in and/or based out of the U.S., Mexico, and/or Brazil at the time of the Communication, specifically identifying any Communications and/or Meetings conducted solely in the context of a Customer-supplier relationship between You and a Customer.   For all Communications and/or Meetings:

(a) State the date and location of the Meeting and/or Communication;

(b) Identify the Person(s) who initiated, called, organized, attended, or participated in the Meeting and/or Communication;

(c) Describe the subject matter(s) of the Meeting and/or Communication, including details of any information provided, received, and/or exchanged;

(d) Identify all Persons with knowledge relating to the Meeting and/or Communication;

(e) Describe the type and dimensions of the CPTs discussed;

(f) Identify whether the attendees at the Meeting and/or Persons involved in the Communication reached any agreement concerning CPT sales, production and/or prices.

This request includes instances where Communications with outside parties are forwarded to, or subsequently shared with, Persons based in the United States, Mexico, and/or Brazil, or employed by an Affiliated Entity of a Defendant in the United States, Mexico, and/or Brazil.

**Interrogatory No. 10.**

To the extent not previously identified in response to Interrogatory Nos. 8 or 9, Identify any Communication or Meeting between You and any other producer or producers of CRTs and/or CRT Products during the Relevant Period (including but not limited to Defendants or Co-conspirators) regarding, discussing, mentioning or relating to the sales, production, and/or prices of CPTs during the Relevant Period, specifically identifying any Communications and/or Meetings conducted solely in the context of a Customer-supplier relationship between You and a Customer.   For all Communications and/or Meetings:

(a)  State the date and location of the Meeting and/or Communication;

(b)  Identify the Person(s) who initiated, called, organized, attended, or participated in the Meeting and/or Communication;

(c)  Describe the subject matter(s) of the Meeting and/or Communication, including details of any information provided, received, and/or exchanged;

(d)  Describe all Persons with knowledge relating to the Meeting and/or Communication;

(e)  Describe the type and dimensions of the CPTs discussed;

(f)  Identify whether the attendees at the Meeting and/or persons involved in the Communication reached any agreement concerning CPT sales, production and/or prices.

**Interrogatory No. 11.**

Identify each instance during the Relevant Period in which You or any other producer of CRT and/or CRT Products, including Defendants in this coordinated proceeding, instituted a price increase or decrease for CRTs, and for each such instance:

(a)  when the price increase or decrease was announced publicly;

(b)  when the price increase of decrease was implemented;

(c)  the amount of the price increase or decrease;

(d)  whether such price increase or decrease was withdrawn;

(e)  each Person with responsibility for implementing the price increase or decrease or its withdrawal; and

1   (f)  any explanation given for the price increase or withdrawal.

2   **Interrogatory No. 12.**

3         Explain Your corporate structure during the Relevant Period, including:

4   (a)  identification of departments and divisions;

5   (b)  identification of all individuals with managerial responsibility for purchase or sale of

6   CRTs;

7   (c)  identification of Your subsidiaries, affiliates, associates, partnerships, joint ventures,

8   stock co-ownerships, or other business relationships engaged in the production,

9   purchase, or sale of CRTs and/or CRT products;

10   (d)  identification of Your owners and their percentages of ownership.  For each owner,

11   please also state whether that owner also had a financial stake in other entities

12   engaged in the production, purchase, or sale of CRTs or CRT products.

13   **Interrogatory No. 13.**

14         Identify and describe all joint ventures, partnerships, or other cooperative business

15   relationships, during the Relevant Period, relating to CRT and/or CRT Products between You

16   and any other CRT or CRT Products producer.

17   **Interrogatory No. 14.**

18         State whether any Documents or information responsive to this set of

19   interrogatories were destroyed, discarded, erased, deleted, purged, or otherwise lost.  If Your

20   answer is in any way in the affirmative:

21   (a)  Describe in detail the contents of each such Document or information and the date it

22   was destroyed, discarded, erased, deleted, purged or lost;

23   (b)  Identify each Person who had any role or responsibility in destroying, discarding,

24   erasing, purging, deleting or losing of each such Document or information; and

25   (c)  Describe in detail the circumstances under which each such Document or information

26   was destroyed, discarded, erased, deleted, purged, or lost.

27   **Interrogatory No. 15.**

28

DIRECT ACTION PLAINTIFFS' FIRST SET OF INTERROGATORIES TO MITSUBISHI ELECTRIC CORP.
MDL No. 1917

Identify the corporate relationship between You and the respective Mitsubishi Subsidiaries during the Relevant Period and up to and including today, including but not limited to:

(a) Your percentage ownership;

(b) any business departments or functions (e.g., public relations, advertising, press, marketing, sales) shared between the respective Mitsubishi Subsidiaries and You, or that share common systems and procedures;

(c) policies, practices and/or requirements relating to Your participating in negotiations, entering into, or signing contracts for, or on behalf of the respective Mitsubishi Subsidiaries;

(d) policies, practices, and/or requirements regarding Your oversight, direction, supervision, endorsement, approval or disapproval of the respective Mitsubishi Subsidiaries' production, sales, pricing, marketing, or distribution of CRTs or CRT Products;

(e) the identity of all individuals who served as officers, directors, Employees, agents or representatives of both You and the respective Mitsubishi Subsidiaries at any time during the Relevant Period, whether simultaneously or not;

(f) the respective Mitsubishi Subsidiaries' accounting treatment for Your sales, including whether the respective Mitsubishi Subsidiaries ever booked proceeds from You; and

(g) Your accounting treatment for the respective Mitsubishi Subsidiaries' sales, including whether You ever booked proceeds from the respective Mitsubishi Subsidiaries.

**Interrogatory No. 16.**

Describe the Communications between Your personnel and the respective Mitsubishi Subsidiaries' personnel relating to CRT prices, CRT customers, or CRT production, including the frequency and manner of any such Communications, and any individuals involved.

**Interrogatory No. 17.**

For each civil action in any of the federal or state courts of the United States in which you have participated as a plaintiff or a defendant, please state the following:

(a) the title and docket number of the action;

(b) the name and location of the court or courts in which the action(s) is or are or was or were pending, including any transferor or transferee courts;

(c) the date on which the action was instituted;

(d) the disposition, if any, of the action;

(e) the identity of each party; and

(f)  the identity of each attorney who appeared (including, in the case of a law firm, the individual(s) responsible for the case) and which party(ies) each represented.

**Interrogatory No. 18.**

Identify the following information about any agreements, joint ventures or cooperative activities, including but not limited to any technology sharing, cross-licensing, crosspurchasing, or research and development agreements or arrangements, You entered into or engaged in with any other Supplier concerning CRT and/or CRT Products during the Relevant Period:

(a) the purpose of such agreement, joint venture or cooperative activity;

(b) Your current or former employees involved in such agreement, joint venture or cooperative activity;

(c) the current or former employees of the other Supplier(s) involved in such agreement, joint venture or cooperative activity;

(d) the date(s) of any such agreement, joint venture or cooperative activity; and

(e) all Documents referring to or relating to such agreement, joint venture or cooperative activity.

**Interrogatory No. 19.**

Do You contend that during the Relevant Period You made decisions regarding whether to invest in new or additional CRT capacity on the basis of the analysis of the cost of such investment?

**Interrogatory No. 20.**

If the answer to the previous Interrogatory is yes, please Identify all Documents relating to any such analyses of the cost of investment in new or additional CRT capacity performed in connection with Your investment decisions during the Relevant Period.

**Interrogatory No. 21.**

Do You contend that during the Relevant Period You made decisions regarding whether to invest in new or additional CRT capacity on the basis of the analysis of the expected and/or potential profitability of such investments?

**Interrogatory No. 22.**

If the answer to the previous Interrogatory is yes, please Identify all Documents relating to any such analyses of the expected and/or potential profitability of investments in new or additional CRT capacity performed in connection with Your investment decisions during the Relevant Period.

**Interrogatory No. 23.**

For each of the following persons not otherwise identified in any of the preceding interrogatories, identify his or her employer, position, dates of employment/tenure, division or unit of Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc. or Mitsubishi Electric & Electronics USA, Inc. in which he or she worked, a description of his or her responsibilities, and business and home address for all times during the relevant period, as well as his or her current employer and business and home address:

    1.  Chien-Jen Wang

    2.  Wen-Hsian Tseng

    3.  Yangyo Jiyuan

    4.  Yu-Ji Lin

5.  CRT Business Division G.M. Mr. Ishii

6.  H. Nakajima

7.  Tsukamato

8.  Hideo Imami

9.  Jian-Ren Wang

10. M. Konishi

11. Yoshida

12. Katsuno Tsujiyama

13. S. Yokota

14. Fuisima

15. Yamakage

16. Murata

17. Norikazu Nakanishi

18. Nakashima

19. Mr. Kate

**Interrogatory No. 24.**

If you contend that the prices of any CRT or CRT Product did not result from an agreement with a competitor or competitors, identify any witness(es) you may call at trial or rely upon in a motion for summary judgment, partial summary judgment, or judgment on the pleadings to support that contention.

**Interrogatory No. 25.**

State the name, address, and relationship to You of each Person who prepared or assisted in the preparation of the responses to these interrogatories.  (Do not identify anyone who simply typed or reproduced the responses.)

DATED:  May 7, 2014                    By:   /s/ Philip J. Iovieno

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and
Attorneys for Plaintiffs Electrograph Systems, Inc.,
Electrograph Technologies, Corp., Office Depot, Inc.,
Interbond Corporation of America, P.C. Richard &
Son Long Island Corporation, MARTA Cooperative of
America, Inc., ABC Appliance, Inc., Schultze Agency
Services LLC on behalf of Tweeter Opco, LLC and
Tweeter Newco, LLC*

/s/

David J. Burman (pro hac vice)
Cori G. Moore (pro hac vice)
Eric J. Weiss (pro hac vice)
Nicholas H. Hesterberg (pro hac vice)
Steven D. Merriman (pro hac vice)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000

- 16 -

Facsimile: 206.359.9000
Email: DBurman@perkinscoie.com
Email: CGMoore@perkisncoie.com
Email: EWeiss@perkisncoie.com
Email: NHesterberg@perkinscoie.com
Email: SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

*Attorneys for Plaintiff Costco Wholesale Corporation*

*/s/*_____

Robert W. Turken
Scott N. Wagner
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel: 305-374-7580
Fax: 305-374-7593
Email: rturken@bilzin.com
Email: swagner@bilzin.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci

- 17 -
DIRECT ACTION PLAINTIFFS' FIRST SET OF INTERROGATORIES TO MITSUBISHI ELECTRIC CORP.
MDL No. 1917

BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Attorneys for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

*/s/*_____

Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*

*/s/*_____

Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
Email: jross@susmangodfrey.com
Email: jcarter@susmangodfrey.com
Email: dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800

- 18 -

Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
Email: rblack@susmangodfrey.com
Email: jconnors@susmangodfrey.com

*Attorneys for Plaintiff Alfred H. Siegel, as Trustee of
the Circuit City Stores, Inc. Liquidating Trust*

*/s/*_____

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
aheaven@crowell.com

*Attorneys for Target Corp.*

*/s/*_____

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and
Kmart Corp*

- 19 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ _____

Michael P. Kenny
Debra D. Bernstein
Matthew D. Kent
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777
Email: mike.kenny@alston.com
debra.bernstein@alston.com
matthew.kent@alston.com

James M. Wagstaffe, Esq. (SBN 95535)
KERR & WAGSTAFFE LLP
100 Spear Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500
Email: wagstaffe@kerrwagstaffe.com

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

DIRECT ACTION PLAINTIFFS' FIRST SET OF INTERROGATORIES TO MITSUBISHI ELECTRIC CORP.
MDL No. 1917