1  | Richard Alan Arnold
2  | William J. Blechman
   | Kevin J. Murray
   | Samuel J. Randall
3  | KENNY NACHWALTER, P.A.
   | 201 S. Biscayne Blvd., Suite 1100
4  | Miami, FL 33131
   | Tel: 305-373-1000
5  | Fax: 305-372-1861
   | Email: rarnold@knpa.com
6  | Email: wblechman@knpa.com
   | Email: kmurray@knpa.com
7  | Email: srandall@knpa.com

8

9  *Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp*

10

11 | **UNITED STATES DISTRICT COURT**
   | **NORTHERN DISTRICT OF CALIFORNIA**
12 | **SAN FRANCISCO DIVISION**

13

| In re: Cathode Ray Tube (CRT) ANTITRUST LITIGATION | Master File No. 3:07-md-05944-SC |
|---|---|
| This Document Relates To: | MDL No. 1917 |
| *Sears, Roebuck and Co., and Kmart Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 11-cv-5514-SC<br><br>&<br><br>*Sears, Roebuck and Co., and Kmart Corporation v. Technicolor SA, et al.*, Case No. 13-cv-5262-SC | **JAMES E. SMITH DECLARATION IN SUPPORT OF DIRECT ACTION PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED UPON PLAINTIFFS' PURPORTED FAILURE TO DISTINGUISH BETWEEN ACTIONABLE AND NON-ACTIONABLE DAMAGES UNDER THE FTAIA**<br><br>Judge: Hon. Samuel P. Conti<br>Court: Courtroom 1, 17th Floor<br>Date: February 6, 2015<br>Time: 10:00 a.m. |

1    I, James E. Smith, hereby declare as follows:

2        1.    I am currently employed at Sears Holdings Management Corporation.  I make this

3    declaration based on my personal knowledge.

4        2.    I have previously held the position of Buyer for Consumer Electronics with Sears

5    Holdings Management Corporation, and prior to that, I worked as a buyer of video products for

6    Sears, Roebuck and Co. ("Sears").  Due to these positions, I have personal knowledge regarding

7    the practices and procedures used by Sears and Kmart Corporation ("Kmart") to purchase CRT

8    Products.

9        3.    At all times between 1995 and 2007, Sears purchased CRT Products from its

10    offices in Hoffman Estates, Illinois. Between 1995 and 2005, Kmart purchased CRT Products

11    from its offices in Troy, Michigan. "All purchases of CRTs and CRT Products were negotiated

12    and directed from Sears' and Kmart's headquarters in Hoffman Estates, Illinois, and Troy,

13    Michigan, respectively, (ii) all purchase orders were issued from Plaintiffs' respective

14    headquarters; (iii) all invoices were sent to Plaintiffs' respective headquarters or other office

15    facilities." *See* Sears & Kmart's Objections and Responses to TAEC & PENAC's First Set of

16    Interrogatories (Attached hereto as Exhibit 1). In March of 2005, after Sears and Kmart were

17    involved in a business combination that led to the combined ownership of Sears and Kmart, the

18    process of purchasing CRT Products was centralized at Sears' offices in Hoffman Estates,

19    Illinois. *See id.*

20        4.    A true and correct copy of excerpts from the Rule 30(b)(6) deposition Sears, dated

21    July 11, 2014 [pp. 1–4; 72–74; 81–84], identifying the Defendants, co-conspirators and their

22    affiliates in the United States from which Sears purchased CRT Products, and the location from

23    which those purchases were made, is attached hereto as Exhibit 2.

24        5.    During the Relevant Period, Sears and Kmart purchased CRT Products directly

25    from Defendants, co-conspirators, their affiliates and divisions in the United States.

26        6.    A true and correct snapshot of SEAR_CRT00000004-3B-Highly Confidential.xls

27    and SEAR_CRT00000007-HIER-Highly confidential.xls reflecting Sears' purchase data during

28    the Relevant Period, and a true and correct snapshot of KMRT_CRT00000012-2007-Highly

1    Confidential.xls, reflecting Kmart's purchase data during the Relevant Period, are attached

2    hereto as Composite Exhibit 3.

3         I declare under penalty of perjury that the foregoing is true and correct.

4         Executed this 17th day of December, 2014, at Hoffman Estates, Illinois.

By: _____
James E. Smith



# EXHIBIT 1

Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard, Suite 1100
Miami, Florida 33131
Tel:      (305) 373-1000
Fax:      (305) 372-1861
E-mail:   rarnold@knpa.com
          wblechman@knpa.com
          kmurray@knpa.com
          srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corporation*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to: Individual Case No. & 11-cv-05514-SC<br><br>SEARS, ROEBUCK AND CO. & KMART CORPORATION<br><br>v.<br><br>HITACHI, LTD., *et al.*,<br><br>Defendants. | **Master Case No. 3:07-cv-05944-SC**<br>Individual Case No. 3:11-cv-05514-SC<br><br>MDL No. 1917<br><br>**PLAINTIFFS SEARS, ROEBUCK AND CO. & KMART CORPORATION'S OBJECTIONS AND RESPONSES TO DEFENDANTS TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC. AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S FIRST SET OF INTERROGATORIES** |

**RESPONDING PARTIES:** Plaintiffs Sears, Roebuck and Co. and Kmart Corporation

**PROPOUNDING PARTIES:** Defendants Toshiba America Electronic Components, Inc. and Philips Electronics North America Corporation

**SET NO.:** ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rule 33.1 of

the Local Rules of the Northern District of California, Plaintiffs Sears, Roebuck and Co.,

individuals involved in thousands of discrete purchases made over the course of more than 12 years, dating back to 1995. Plaintiffs also object to Instruction "8" to the extent that it calls for information beyond Plaintiffs' possession, custody or control.

9.      When referring to a purchase, "identify" means to identify each person involved in negotiating the purchase, the place(s) of purchase negotiation, the date and place of purchase, size, model, type (CPT or CDT), seller and manufacturer of each CRT purchased, each Person involved in the purchase and the time period and nature of each Person's involvement, and any Documents or other evidence of the purchase.

**Objection:** Plaintiffs objects to General Instruction "9" because it is overly broad, unduly burdensome, and oppressive, insofar as it requests that Plaintiffs identify thousands of discrete purchases made over the course of more than 12 years, dating back to 1995. Plaintiffs also object to Instruction "9" to the extent that it calls for information beyond Plaintiffs' possession, custody or control. Plaintiffs' responses below are based on a reasonable, good faith, non-exhaustive search and inquiry and mindful that fact and expert discovery are ongoing.

<u>**RESPONSES AND OBJECTIONS TO INTERROGATORIES**</u>

**Interrogatory No. 1:**

Describe in detail and in narrative form (including by identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for Your allegation in Paragraph 86 of Your Complaint that You have "participated in the market for CRTs."

<u>**Response to Interrogatory No. 1:**</u>

Plaintiffs refer to and incorporate their General Objections as if fully restated here. Plaintiffs further object to this Interrogatory on the grounds that: (i) it is a premature contention interrogatory; (ii) it is unreasonably overbroad, including without limitation General

Instructions 8 and 9, thus making the response unduly burdensome; (iii) it seeks information that is, or will be, the subject of expert opinions, reports, and/or testimony; (iv) depending on Defendants' intent, it may call for a legal conclusion; (v) it seeks information that is in Defendants' possession, custody, or control, and that has not yet been provided to Plaintiffs; and (vi) it seeks information that is the subject of ongoing discovery and investigation.

Subject to and without waiving their general and specific objections, Plaintiffs state that documents and transactional data produced in response to Defendants Tatung Company of America, Inc. and Samsung Electronics Co., Ltd's First Set of Requests for Production of Documents shall be deemed produced in response to this Interrogatory, subject to the Responses and Objections contained herein. The burden of identifying the specific information or documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Plaintiffs or the Defendants. *See* Fed. R. Civ. P. 33(d). Additionally, the response to this Interrogatory may include the transactional data and other documents produced by Defendants, co-conspirators', and third party's discovery, and such other information as set forth in the initial report(s) of Plaintiffs' experts served on April 15, 2014.

Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

**Interrogatory No. 2:**

Describe in detail and in narrative form (including identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for Your allegation in Paragraph 85 of Your Complaint that "[t]he market for CRTs and the market for the products into which they are placed are inextricably linked and intertwined."

**Interrogatory No. 3:**

Describe in detail and in narrative form (including identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for Your allegation in Paragraph 209 of Your Complaint that You were "not able to pass on to [Your] customers the overcharges caused by Defendants' conspiracy."

**Response to Interrogatory No. 3:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here. Plaintiffs further object to this Interrogatory on the grounds that: (i) it is a premature contention interrogatory; (ii) it is unreasonably overbroad, including without limitation General Instructions 8 and 9, thus making the response unduly burdensome; (iii) it seeks information that is, or will be, the subject of expert opinions, reports, and/or testimony; (iv) depending on Defendants' intent, it may call for a legal conclusion; (v) it seeks information that is in Defendants' possession, custody, or control, and that has not yet been provided to Plaintiffs; and (vi) it seeks information that is the subject of ongoing discovery and investigation.

Subject to and without waiving their general and specific objections, Plaintiffs state that documents and transactional data produced in response to Defendants Tatung Company of America, Inc. and Samsung Electronics Co., Ltd's First Set of Requests for Production of Documents shall be deemed produced in response to this Interrogatory, subject to the Responses and Objections contained herein. The burden of identifying the specific information or documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Plaintiffs or the Defendants. *See* Fed. R. Civ. P. 33(d). Additionally, the response to this Interrogatory may include the transactional data and other documents produced by Defendants, co-conspirators', and third party's discovery, and

such other information as set forth in the initial report(s) of Plaintiffs' experts served on April 15, 2014.

Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

**Interrogatory No. 4:**

For every CRT Product upon which You assert a claim, describe in detail and in narrative form (including by identifying each Document, Person or other evidentiary source that You rely upon) each and every step of the distribution chain, and every intermediary in that distribution chain, from the time a CRT is manufactured until it is sold as a CRT Product to an individual end consumer in the retail market.

**<u>Response to Interrogatory No. 4:</u>**

Plaintiffs refer to and incorporate their General Objections as if fully restated here. Plaintiffs further object to this Interrogatory on the grounds that: (i) it is unreasonably overbroad, including without limitation General Instructions 8 and 9, thus making the response unduly burdensome and oppressive, particularly in that it seeks detailed information for each and every CRT or CRT Product Plaintiffs purchased over an approximate 12-year period; (ii) it seeks information that is, or will be, the subject of expert opinions, reports, and/or testimony; (iii) it seeks information that is in Defendants' possession, custody, or control, and that has not yet been provided to Plaintiffs; (iv) it seeks information that is not relevant to any claim or defense in these proceedings; and (v) it seeks information that is the subject of ongoing discovery and investigation.

Subject to and without waiving their general and specific objections, Plaintiffs state that Defendants, co-conspirators, and/or subsidiaries and affiliates of Defendants and co-conspirators manufactured CRTs and CRT Products in various manufacturing plants located

throughout the world. Some of the CRTs and CRT Products manufactured by the Defendants, co-conspirators, and/or subsidiaries and affiliates of Defendants and co-conspirators were destined for the United States. Plaintiffs purchased CRT Products from Defendants, co-conspirators, and /or subsidiaries and affiliates of Defendants and co-conspirators by issuing purchase orders to the Defendants, co-conspirators, and/or subsidiaries and affiliates of Defendants and co-conspirators, who then shipped the CRT Products to Plaintiffs' United States distribution centers or stores. CRT Products shipped to Plaintiffs' distribution centers were then shipped by Plaintiffs to their stores for ultimate purchase by the end-user consumer. Plaintiffs further state that documents and transactional data produced in response to Defendants Tatung Company of America, Inc. and Samsung Electronics Co., Ltd's First Set of Requests for Production of Documents shall be deemed produced in response to this Interrogatory, subject to the Responses and Objections contained herein. The burden of identifying the specific information or documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Plaintiffs or the Defendants. *See* Fed. R. Civ. P. 33(d). Additionally, the response to this Interrogatory may include the transactional data and other documents produced by Defendants, co-conspirators', and third party's discovery, and such other information as set forth in the initial report(s) of Plaintiffs' experts served on April 15, 2014.

Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

**Interrogatory No. 5:**

Describe in detail and in narrative form (including by identifying each Document, Person or other evidentiary source that You rely upon) how any changes in the initial CRT price

then shipped by Plaintiffs to Plaintiffs' stores for ultimate purchase by the end-user consumer; and (vii) payments for CRTs and CRT Products were issued from Sears and Kmart's accounts maintained at financial institutions in the United States, including in Illinois, Michigan, and California. Because that request does not adequately define "location" as applied to financial institutions, and given that the "location" of a financial institution with a nationwide presence is subject to numerous potential responses, Plaintiffs are unable to provide more specific information. Plaintiffs further state that documents and transactional data produced in response to Defendants Tatung Company of America, Inc. and Samsung Electronics Co., Ltd's First Set of Requests for Production of Documents shall be deemed produced in response to this Interrogatory, subject to the Responses and Objections contained herein. The burden of identifying the specific information or documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Plaintiffs or the Defendants. *See* Fed. R. Civ. P. 33(d). Additionally, the response to this Interrogatory may include the transactional data and other documents produced by Defendants, co-conspirators', and third party's discovery, and such other information as set forth in the initial report(s) of Plaintiffs' experts served on April 15, 2014.

Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

**Interrogatory No. 7:**

Identify each entity other than Sears, Roebuck and Co. and Kmart Corporation, including by stating whether the entity is incorporated under the laws of a country other than the United States, that was involved in a purchase of a CRT or CRT Product upon which You base any claim in this action and describe the nature of that entity's involvement, including whether the entity:

a.  negotiated the price or other terms and conditions of purchasing the CRT or CRT Product;

b.  agreed to the purchase of the CRT or CRT Product;

c.  issued the purchase order for the CRT or CRT Product;

d.  received the invoice for the CRT or CRT Product;

e.  paid for the CRT or CRT Product; and

f.  used the CRT or CRT Product in the manufacturing or assembly of another product.

**Response to Interrogatory No. 7:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here. Plaintiffs further object to this Interrogatory on the grounds that: (i) it is unreasonably overbroad, including without limitation General Instructions 8 and 9, thus making the response unduly burdensome; (ii) the terms "involvement" and "involved" are vague and ambiguous; (iii) it seeks information that is in Defendants' possession, custody, or control, and that has not yet been provided to Plaintiffs; and (iv) it seeks information that is the subject of ongoing discovery and investigation.

Subject to and without waiving their general and specific objections, Plaintiffs state that Kmart Corporation and Sears, Roebuck and Co. were involved in the purchase of CRT Products. Kmart Holding Corporation, a Delaware corporation incorporated in April 2003, became the parent company to the Kmart businesses after Kmart Corporation filed for bankruptcy protection in January 2002. Sears Holdings Corporation, a Delaware corporation incorporated in November 2004, became the parent company of Sears, Roebuck and Co. and Kmart Holding Corporation after Sears, Roebuck and Co. and Kmart Holding Corporation were involved in a business combination that led to the combined ownership of both entities in March 2005. Both Sears, Roebuck and Co. and Kmart Holding Corporation became wholly owned subsidiaries of Sears

Holdings Corporation. Kmart Corporation, Kmart Holding Corporation (individually and as successor to Kmart Management Corporation), Sears, Roebuck and Co., Sears Holdings Corporation, and Sears Holdings Management Corporation agreed to the purchase of CRTs and CRT Products, issued purchase orders for CRTs and CRT Products, received invoices for CRTs and CRT Products, and paid for CRTs and CRT Products. Sears Holdings Corporation and Sears Holdings Management Corporation have assigned their claims in this action to Sears, Roebuck and Co. Kmart Holding Corporation (individually or as successor to Kmart Management Corporation) has assigned its claims in this action to Kmart Corporation. Plaintiffs further state that documents and transactional data produced in response to Defendants Tatung Company of America, Inc. and Samsung Electronics Co., Ltd's First Set of Requests for Production of Documents shall be deemed produced in response to this Interrogatory, subject to the Responses and Objections contained herein. The burden of identifying the specific information or documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Plaintiffs or the Defendants. *See* Fed. R. Civ. P. 33(d). Additionally, the response to this Interrogatory may include the transactional data and other documents produced by Defendants, co-conspirators', and third party's discovery, and such other information as set forth in the initial report(s) of Plaintiffs' experts served on April 15, 2014.

Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

**Interrogatory No. 8:**

For each entity Identified in Your response to Interrogatory No. 7, state whether Sears, Roebuck and Co. or Kmart Corporation had any ownership interest in, or exercised any control

STATE OF ILLINOIS          §
                           §
COUNTY OF COOK  §


Deann Bogner, being duly sworn, states that she is an Assistant Secretary and an authorized agent for the purpose of executing this document on behalf of Sears, Roebuck and Co. and Kmart Corporation that while she does not have personal knowledge of all of the facts recited in the foregoing document, the statements and information made herein have been collected and made available to her by counsel and employees of Sears, Roebuck and Co. and Kmart Corporation, that the information contained herein is true and correct to her knowledge and belief and the document is, therefore, verified on behalf of Sears, Roebuck and Co. and Kmart Corporation.


_____
Deann Bogner


SUBSCRIBED AND SWORN to before by the said Deann Bogner on this 20th day of
__June__, 2014, to certify which witness my hand and seal of office.


_____
Notary Public in and for the State of Illinois


OFFICIAL SEAL
DEBRA CHERRY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/17/15

36



# EXHIBIT 2

Page 1

```
 1              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
 2                SAN FRANCISCO DIVISION

 3   IN RE:  CATHODE RAY TUBE (CRT) )

 4   ANTITRUST LITIGATION          )

 5   ----------------------------- )  Case No. 07-5944 SC

 6   This Document Relates to:     )  MDL NO. 1917

 7   ALL ACTIONS                   )

 8   ----------------------------- )

 9

10   HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

11

12           The videotaped deposition of JAMES A.

13   SMITH, taken at The Chicago Marriott Northwest,

14   taken before Janice M. Kocek, CSR, CLR, Notary

15   Public and Certified Shorthand Reporter of said

16   State, taken at 4800 Hoffman Boulevard, Hoffman

17   Estates, Illinois, on the 11th day of July,

18   2014, at the hour of 9:00 o'clock a.m.

19

20

21

22

23

24

25
```

Page 2

```
 1   APPEARANCES:

 2           KENNY NACHWALTER, PA
         BY:  MR. WILLIAM J. BLECHMAN
 3       201 South Biscayne Boulevard
         Suite 1100
 4       Miami, Florida 33131
         305.373.1000
 5       wblechman@knpa.com

 6           Representing Direct Action
             Plaintiffs Sears, Roebuck
 7           and Company and the Deponent;

 8       BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
         BY:  MS. JENNIFER S. ROSENBERG
 9           (appearing via telephonically)
         2125 Oak Grove Road
10       Suite 120
         Walnut Creek, California 94598
11       (925) 945-0200
         jrosenberg@bramsonplutzik.com
12
             Representing the Indirect Purchaser
13           Plaintiffs;

14       WHITE & CASE LLP
         BY:  MR. DANA E. FOSTER
15       701 Thirteenth Street, NW
         Washington, DC 20005-3807
16       202.637.6181
         defoster@whitecase.com
17
                 -and-
18
         WHITE & CASE LLP
19       BY:  MR. WILLIAM H. BAVE, III
         1155 Avenue of the Americas
20       New York, New York 10036-2787
         212.819.2673
21       wbave@whitecase.com

22           Representing the Defendants Toshiba
             Corporation, Toshiba America, Inc.,
23           Toshiba America Information Systems,
             Inc., Toshiba America Consumer
24           Products, L.L.C., and Toshiba America
             Electronic Components, Inc.;

25
```

Page 3

```
 1   APPEARANCES:  (Continued)

 2           KIRKLAND & ELLIS LLP
         BY:  MR. KARL STAMPFL
 3       300 North LaSalle
         Chicago, Illinois 60654
 4       312.862.2595
         karl.stampfl@kirkland.com
 5
             Representing the Defendants Hitachi,
 6           Ltd.; Hitachi America, Ltd.;
             Hitachi Asia, Ltd.; Hitachi Displays,
 7           Ltd.; and Hitachi Electronic Devices
             USA;
 8
         BAKER BOTTS LLP
 9       BY:  MR. STEPHEN NG
             (appeared via telephonically)
10       1299 Pennsylvania Ave., N.W.
         Washington DC 20004-2400
11       202.639.7704
         stephen.ng@bakerbotts
12
             Representing the Defendants Koninklijke
13           Philips Electronics N.V., Philips
             Electronics North America Corporation;
14
         CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
15       BY:  MS. ELLEN TOBIN
             (appeared via telephonically)
16       101 Park Avenue
         New York, New York 10178
17       212.696.8873
         etobin@curtis.com
18
              -and-
19
         CURTIS MALLET-PREVOST COLT & MOSLE LLP
20       BY:  MR. JEFFREY I. ZUCKERMAN
             (appeared via telephonically)
21       1717 Pennsylvania Avenue, N.W.
         Washington, DC 20006
22       202.452.7350
         jzuckerman@curtis.com
23
             Representing Technologies Displays
24           Americas, LLC.;

25
```

Page 4

```
 1   APPEARANCES:  (Continued)

 2           FAEGRE BAKER DANIELS LLP
         BY:  Mr. STEPHEN M. JUDGE
 3           (appeared via telephonically)
         202 S. Michigan Street
 4       Suite 1400
         South Bend, Indiana 46601
 5       574.239.1942
         Steve.Judge@faegrebd.com
 6
             Representing the Defendants Thomson
 7           Consumer Electronics, Inc. and
             Thomson SA;
 8
 9   ALSO PRESENT:

10       Diana Hsu, Sears Holdings;

11       Weldon Anderson, videographer

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 69

1     A.  A full-line store carries the full
2   line of Sears merchandise including apparel and
3   clothes.  A dealer store would have been a
4   store that was -- it's kind of like a franchise
5   store.  It would be where we have an
6   independent owner but Sears handles the -- the
7   inventory and the merchandising, and then the
8   person that was running the store would just
9   basically maintain the building and, you know,
10  sell the product to their customers --
11    Q.  Okay.
12    A.  -- primarily in rural areas.
13    Q.  Okay.  For the full-line stores,
14  would all of them sell CRT televisions at this
15  time in March 1995?
16    A.  Yes.
17    Q.  Okay.  And what about the dealer
18  stores?  Would all of them sell CRT
19  televisions?
20    A.  To the best of my recollection, at
21  that time, they did, yes.
22    Q.  Okay.  Again, staying at the -- at
23  the beginning of the relevant period in March
24  of 1995, can you tell me what percentage of the
25  full-line stores were located in California?

Page 70

1     A.  No, I cannot.
2     Q.  Arizona?
3     A.  What percentage?
4     Q.  Correct?
5     A.  No.
6     Q.  Okay.  Can you tell me the
7   percentage of -- of these full-line stores that
8   were located in any particular state in which
9   Sears had stores?
10    A.  I -- you know, perhaps our experts
11  would know what, what those are.  I didn't --
12  that's not something I would have tracked
13  precisely to be able to tell you what
14  percentage of the company was done in any
15  particular state.
16    Q.  Okay.  Okay.  Did Sears have at this
17  time in early -- in March 1995, did Sears have
18  stores in every state?
19    A.  To the best of my recollection, yes.
20    Q.  Okay.  So in March 1995, it had
21  approximately 875 full-line stores.  Throughout
22  the period, did that number increase, decrease,
23  stay the same?
24    A.  Pretty close to the same.  I think
25  towards the end of the period we may have had a

Page 71

1   few less stores, but essentially it's similar
2   for full-line stores.
3     Q.  Right.
4     A.  We did have expansion in the dealer
5   stores.
6     Q.  Okay.  And tell me about that
7   expansion.
8     A.  Again, I'd have to refer to
9   documents to be precise.  But at -- at some
10  point in time, I believe there's as many dealer
11  stores as there are full-line stores; somewhere
12  around 800 to 1,000.
13    Q.  Okay.  In -- during the relevant
14  period, did Sears have an online presence?
15    A.  Yes.
16    Q.  Okay.  Do you -- do you know when
17  they -- when that began?
18    A.  I don't know precisely when it
19  began, no.
20    Q.  Can you give me an estimate?
21    A.  I'm going to estimate somewhere
22  around maybe 1996, '97, but it's just an
23  estimate on my part.
24    Q.  Okay.  Did Sears -- at -- at that
25  time, did Sears sell CRT televisions online?

Page 72

1     A.  Yes.
2     Q.  Other than the full-line stores and
3   the dealer stores, did Sears have special --
4   and the hardware stores, did Sears have
5   specialty name -- named stores that were named
6   something other than Sears?
7     A.  Yes.
8     Q.  Okay.  And what, what were those?
9     A.  Again, this will -- I'll give you
10  the ones I remember and I may not have all of
11  them.
12    Q.  Okay.
13    A.  We had a, a chain of stores called
14  The Great Indoors.
15    Q.  Okay.
16    A.  There was a period of time where
17  Sears had furniture stores called Homelife.
18  For a short time during that period, I think we
19  had a couple of -- I think they were called
20  Sears Appliance and Electronics Showroom.
21  There were a couple of those.  Not a lot, but a
22  few.  And those are the ones I can think of off
23  the top of my head.
24    Q.  Okay.  Were the buyers for the
25  televisions for the Sears stores different than

IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION    JAMES A. SMITH - HIGHLY CONFIDENTIAL
July 11, 2014

Page 73

1  the buyers for the televisions at these
2  specialty stores?
3      A.   Basically, no.  The, the buyers for
4  Sears pretty much procured all of the
5  merchandise.  Slight exception to that, Great
6  Indoors, there were maybe some items that they
7  would have carried that were different, like a
8  -- maybe a very high-end television or
9  something like that.
10         It still would have basically flown
11  through our organization -- same organization.
12  But there would have been somebody else, more
13  like a merchandising position, that would
14  coordinate a specialty item that may not have
15  applied to our full-line stores.
16     Q.   Okay.  Is Sears -- in this -- in
17  this litigation, is Sears bringing claims based
18  on the sales of televisions from The Great
19  Indoors stores?
20     A.   I believe, yes.
21     Q.   Okay.
22     A.   You'd have to check with the
23  attorneys to know for sure, but my
24  understanding is it's all Sears.  It's all the
25  same thing.

Page 74

1      Q.   Okay.  The buyers for televisions
2  that were within the home electronics, I guess,
3  group at Sears, were they located in Hoffman --
4  in Hoffman Estates?
5      A.   Yes.
6      Q.   Okay.  And that's for the whole
7  entire relevant period?
8      A.   Yes.
9      Q.   Okay.  In 1995, and let's start at
10  the beginning of the relevant period, what CRT
11  televisions did Sears sell?
12     A.   I'm not sure if I understand your
13  question.
14     Q.   Sure.  Well, let's start -- let
15  me -- let me try to ask a different question.
16         What sizes of CRT televisions did
17  Sears sell at the beginning of the relevant
18  period, March of 1995?
19     A.   Again, I'll go by to the best of my
20  recollection.
21     Q.   Yeah.
22     A.   It could be a small size from a, you
23  know, 4-inch tube, you know, all the way up on
24  to -- you know, the biggest tubes that existed
25  at the time probably were in the large 30- to

Page 75

1  the 40-inch.  Again, I won't be able to name
2  all of them.  But it would be a very wide range
3  of sizes.
4      Q.   Can you -- sitting here today, can
5  you just tell me the sizes that you understand
6  Sears to have sold in March of 1995?
7      A.   Sure.  I'll give you the common
8  sizes that I know would have been the very
9  prevalent ones:  13-inch; 14-inch; 19-inch was
10  a prevalent size; 25-inch; 26-inch; 27-inch;
11  30s; 30-inch, I should say; a 32-inch; 35; 36
12  to the best of my recollection; perhaps 40.
13         And, again, I'd have to look at
14  another document to know if 40-inch CRTs were
15  in at that particular point in time.
16     Q.   Okay.  So those are the sizes that
17  were -- let me just -- prevalent in 1995?
18     A.   Those are the common sizes that I
19  remember, yes.
20     Q.   Common sizes.  And when you say the
21  common sizes you remember, you were, you were
22  -- you're saying that those are the sizes that
23  Sears sold?
24     A.   Those were the sizes that existed in
25  the industry, and we sold pretty much

Page 76

1  everything that was available the industry.
2      Q.   Okay.  And -- okay.  But you're --
3  am I correct that you're not -- you don't
4  recall -- you're, you're not testifying that
5  Sears sold these.  You're saying that you --
6  that Sears sold pretty much what the industry
7  sold, which were these sizes.  Is that your --
8  is that -- am I accurate with that?  Let me --
9  let me try again.  Let me try again.
10         Because one of the reasons I'm
11  asking this question is because there's -- and,
12  and you've, you've noted it.  You've noted a
13  couple times in your answers about documents
14  and, and, and, -- and charts.  But there's --
15  because it's such a long time ago, there's not
16  very much or any.  So that's why I'm, I'm
17  needing to ask you questions about what Sears
18  sold back in 1995.
19         So sitting here today, testifying on
20  behalf of Sears, can you tell me precisely what
21  size televisions Sears sold in 1995, March
22  1995?
23         MR. BLECHMAN:  Hold it.  Object to
24     form.  This question has been asked and
25     answered by Mr. Smith already.

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION    JAMES A. SMITH - HIGHLY CONFIDENTIAL
July 11, 2014

Page 81

1  Okay.
2       And from 1995 to 2007, were the
3  buyers for CRT televisions contained within
4  that business unit?
5  A.  Yes.
6  Q.  Okay.  During the relevant period,
7  from whom did Sears purchase CRT -- CRT
8  televisions?
9  A.  Okay.  It's a pretty long list.
10 I'll give you the ones that I can remember.
11 Q.  Okay.
12 A.  Hitachi, Toshiba, Samsung, LG,
13 Thomson.  I'm sure there's others.  If you give
14 me some time, I could probably come up with
15 some more.  It's a long list.
16 Q.  Okay.  Okay.  Can you -- so you
17 mentioned Hitachi.  Can you tell me the
18 specific entity from whom Sears purchased CRT
19 televisions?
20 A.  I can go by recollection some of
21 them that I remember.
22 Q.  Okay.
23 A.  Hitachi Home Electronics America, if
24 I'm -- and forgive me.  I may not have the
25 corporate name exactly correct.

Page 82

1  Q.  Okay.
2  A.  But Hitachi America.  Hitachi High
3  Technologies.
4  Q.  Okay.
5  A.  And those would be the, the two that
6  I can recall specifically during that period of
7  time.
8  Q.  Okay.  And you mentioned Toshiba.
9  Can you tell me the specific Toshiba entity
10 from whom Sears purchased CRT televisions?
11 A.  Again, I believe by my
12 recollection -- I'd have to look at documents
13 to know the specific name.
14 Q.  Okay.
15 A.  Toshiba America.  I can recall
16 Toshiba America Consumer Products.  And, again,
17 some of these names have changed slightly over
18 time, but I -- I view it as Toshiba.
19 Q.  Okay.  And then you mentioned
20 Samsung.  Can you tell me the specific entities
21 from whom --
22 A.  Samsung Electronics America.
23 Q.  Okay.  Any others?
24 A.  Did we -- did I mention LG?
25 Q.  Yeah, yeah.  Any other Samsung?

Page 83

1  A.  I can't recall any off the top of my
2  head.
3  Q.  Yes, you did mention LG.  Can you
4  tell me the specific entity from whom Sears
5  purchased CRT televisions?
6  A.  Yeah, the -- the ones that I can
7  recall would be LG -- we refer to it as LGE,
8  LGE Electronics U.S., I believe.  At one point
9  in time Zenith would have been the company.
10 And those are the two that I can remember off
11 the top of my head.
12 Q.  All right.  And then you mentioned
13 Thomson.  Can you tell me the specific Thomson
14 entity from whom Sears purchased CRT
15 televisions?
16 A.  I believe it was called Thomson
17 Consumer Electronics.  And, again, you'll have
18 to forgive me.  I may not know the corporate
19 name.  It was RCA-branded television,
20 primarily.
21 Q.  Okay.  Did Sears purchase CRT
22 televisions from distributors?
23 A.  Generally, no, I'm not aware of it.
24 Q.  Generally, no?
25 A.  The, the exception may have been a

Page 84

1  small quantity for sears.com, you know, some
2  item that we didn't carry in the stores, but
3  no, no, nothing of significance that I can
4  recall.
5       I actually can't even say it ever
6  happened with CRTs.  I know in the later
7  dot-com world it was probably more prevalent
8  for other kinds of products where we would use
9  a distributor, but I don't recall CRT TVs at
10 all.
11 Q.  Okay.  What about wholesalers?
12 A.  No, not that I can recall.
13 Q.  Okay.  What about -- so let's talk
14 about computer monitors.  From which -- from
15 whom did Sears purchase CRT monitors?
16 A.  Okay.  I'll, I'll go to the best of
17 my recollection again.
18 Q.  Absolutely.
19 A.  Packard Bell, IBM, Apple, Hewlett
20 Packard, Compaq.  Those are the ones that I'll
21 be able to name off the top of my head.
22 Q.  Okay.  Did Sears purchase CRT
23 monitors from distributors?
24 A.  Not to my knowledge.
25 Q.  Okay.  Are you, are you familiar



# EXHIBIT 3A

**(Snapshot of SEAR-CRT00000004-3B-Highly Confidential.xls)**

| DIV_NO | LN_NO | SBL_NO | CLS_NO | ITM_NO | PRD_IRL_NO | VND_HFC_NO | QTR_NO | PER_NO | loc_no | location_type | LOC_STE | RCP_TYP_CD | Sum(UN_QT) | Sum(CST_DLR) | Sum(SLL_DLR) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | NJ | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | OK | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | WA | S | 4 | 815.96 | 959.96 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | OH | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | TN | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | TX | C | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | FL | S | 4 | 815.96 | 959.96 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | LA | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | VA | S | 5 | 1019.95 | 1199.95 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | CT | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | MS | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | SD | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | PA | S | 4 | 815.96 | 959.96 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | NC | C | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | IL | S | 6 | 1223.94 | 1439.94 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | NM | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | WI | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | MA | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | AL | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | NY | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | MD | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | MS | C | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | AZ | S | 3 | 611.97 | 719.97 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | MD | C | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | IL | C | 5 | 1019.95 | 1199.95 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | LA | C | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | SC | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | CA | S | 6 | 1223.94 | 1439.94 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | NC | S | 5 | 1019.95 | 1199.95 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | TX | S | 8 | 1631.92 | 1919.92 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | AR | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | RI | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | IA | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 0 | ST | KS | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20701 | 1738 | ST | HI | V | 1 | 208.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | IL | C | 5 | 998.95 | 1199.95 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | MN | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | AL | S | 3 | 611.97 | 719.97 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | TX | S | 3 | 611.97 | 719.97 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | NJ | S | 3 | 611.97 | 719.97 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | GA | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | AL | C | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | TN | S | 3 | 611.97 | 719.97 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | IN | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | MA | S | 3 | 611.97 | 719.97 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | AR | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | MD | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | DC | IL | S | 27 | 5507.73 | 6479.73 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | NC | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | DE | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | CA | S | 6 | 1223.94 | 1439.94 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | NC | C | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | LA | S | 4 | 815.96 | 959.96 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | IA | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | VT | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | MI | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | FL | S | 3 | 611.97 | 719.97 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | NY | S | 4 | 815.96 | 959.96 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | KY | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | NM | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | MS | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | OK | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | TN | C | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | WV | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | GA | C | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | IL | S | 5 | 1019.95 | 1199.95 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | WA | S | 4 | 815.96 | 959.96 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | CT | S | 1 | 203.99 | 239.99 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 0 | ST | AZ | S | 2 | 407.98 | 479.98 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20702 | 1578 | ST | HI | V | 3 | 626.97 | 719.97 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20703 | 0 | ST | CA | S | 25 | 5099.75 | 5999.75 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20703 | 0 | ST | IL | S | 9 | 1835.91 | 2159.91 |
| 3 | 18 | 10 | 40 | 56007 | 10947939 | 174054577 | 20071 | 20703 | 0 | ST | NV | S | 1 | 203.99 | 239.99 |

# EXHIBIT 3B

**(Snapshot of SEAR-CRT00000007-HIER-Highly Confidential.xls)**

| DIV_NO | 57 | |
| LN_NO | (Multiple Items) | 5,6,7 |

**Row Labels**

**0**
  UNIDENTIFIED VENDOR
**50500**
  ORION ELECTRIC CO LTD
**62257**
  LOEWE OPTA INC
**70490**
  HAIER AMERICA TRADING LLC
**116699**
  KMART DDC (K2S)
**122390**
  SENSIO INC
**278366**
  HANNSPREE CALIFORNIA INC
**1794106**
  HITACHI HIGH TECHNOLOGIES
**1818012**
  SHARP ELECTRONICS CORP
**5120704**
  ZENITH ELECTRONICS CORPOR
**6932305**
  THOMSON CONSUMER ELECTRON
**7911209**
  D & H DISTRIBUTING CO
**37916236**
  PHILIPS CONSUMER ELECTRON
**42840231**
  PRODUCTS FULFILLMENT INC
**44694040**
  AUDIOVOX CORPORATION
**44701126**
  US JVC CORP
**44725740**
  APEX DIGITAL
**47394291**
  TOSHIBA HAWAII INC
**53202578**
  PANASONIC NATIONAL SALES
**57864217**
  FUNAI U S A CORP
**59204966**
  DPI INC
**64993082**
  TOSHIBA AMERICA INC
**66272964**
  SONY HAWAII COMPANY
**70094818**
  LG ELECTRONICS USA INC
**77010254**
  SAMSUNG ELECTRONICS AMERI
**83819425**
  DAEWOO ELECTRONICS AMERIC
**90117367**
  QUINTANA QUINTANA CORP
**116658043**
  PRIMA TECHNOLOGY INC
**118786961**
  UMBRA LLC
**131146698**

| DIV_NO | 3 | |
| LN_NO | 42 | |
| SBL_NO | (Multiple Items) | 11,13 |

**Row Labels**

**0**
  UNIDENTIFIED VENDOR
**63941**
  HARTFORD COMPUTERS/SURPLU
**151514**
  3I CORPORATION LTD
**199448**
  INTERNATIONAL FURNITURE D
**407049**
  CTX INTERNATIONAL INC
**1368083**
  INTERNATIONAL BUSINESS MA
**1794106**
  HITACHI HIGH TECHNOLOGIES
**3897733**
  COMPAQ COMPUTER CORPORATI
**4469193**
  RUBBERMAID INC
**7911209**
  D & H DISTRIBUTING CO
**7976384**
  S P RICHARDS CO
**8868937**
  SANYO FISHER USA CORPORAT
**9122532**
  HEWLETT-PACKARD COMPANY
**18978783**
  UNITED STATIONERS SUPPLY
**35985522**
  NEW HORIZONS MARKETING
**37916236**
  PHILIPS CONSUMER ELECTRON
**42969543**
  ARCHBROOK LAGUNA LLC
**44096886**
  EMACHINES
**46000076**
  PACIFIC DESIGN L P
**60704780**
  APPLE COMPUTER INC
**66272964**
  SONY HAWAII COMPANY
**76134076**
  ZT GROUP INTL INC
**77010254**
  SAMSUNG ELECTRONICS AMERI
**81729667**
  LENMAR ENTERPRISES INC
**87781381**
  AAAA WORLD INC
**137522384**
  SITOA CORPORATION
**148265713**
  PETRA INDUSTRIES
**155391121**
  PACKARD BELL ELECTRONICS
**186542296**
  NEW AGE ELECTRONICS INC

| | |
|---|---|
| SENSORY SCIENCE CORPORATI | |
| **143630098** | |
| WESTINGHOUSE DIGITAL ELEC | |
| **147761162** | |
| TTE TECHNOLOGY INC | |
| **174054577** | |
| SONY PUERTO RICO INC | |
| **194506200** | |
| HITACHI SALES CORP OF AME | |
| **602138570** | |
| SONY ELECTRONICS | |
| **604102574** | |
| DBL DISTRIBUTING LLC | |
| **626592273** | |
| POWER MERCHANDISING CORP | |
| **797026796** | |
| F A SYSTEMS INC | |
| **805150919** | |
| ORION AMERICA INC | |
| **877573725** | |
| IMPERIAL SALES | |
| **927545582** | |
| MEMCORP INC | |
| **Grand Total** | |

| | |
|---|---|
| **602138570** | |
| SONY ELECTRONICS | |
| **604102574** | |
| DBL DISTRIBUTING LLC | |
| **606855831** | |
| PROTEVA COMPUTERS | |
| **611502779** | |
| MIRUS INNOVATIONS LLC | |
| **791101728** | |
| CTC CORPORATION | |
| **796648988** | |
| PROVIEW TECHNOLOGY INC | |
| **877929992** | |
| SONY COMPUTER ENTERTAINME | |
| **878594803** | |
| PIXIE TECHNOLOGIES INC | |
| **884461773** | |
| NORTHGATE INNOVATIONS INC | |
| **884597469** | |
| PRICELESS RESOURCE INC | |
| **Grand Total** | |

SEAR_CRT00000007-HIER-Highly Confidential.xls

# EXHIBIT 3C

**(Snapshot of KMRT-CRT00000012-2007-Highly Confidential.xls)**

| Pay Duns | Ord Duns | Name | DC | Rcv State | KSN | Vend Stocl | BaseSku | Desc | | Retail Gtin | Orig | Adj | Rcvd | Unit Cost |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 147761162 | 337121 | TTE TECHNOLOG | 8287 | CA | 91566011 | 20V504T | 91566011 | RCA 20 SDTV | 20V5 | 846042060240 | 100 | 100 | 100 | 129.5 |
| 147761162 | 337121 | TTE TECHNOLOG | 8275 | PA | 91566011 | 20V504T | 91566011 | RCA 20 SDTV | 20V5 | 846042060240 | 170 | 170 | 170 | 129.5 |
| 147761162 | 337121 | TTE TECHNOLOG | 8273 | KS | 72423711 | 20F542T | 72423711 | RCA 20 FLAT SDTV | 20 | 846042060301 | 95 | 50 | 50 | 139 |
| 147761162 | 337121 | TTE TECHNOLOG | 8299 | MN | 72423711 | 20F542T | 72423711 | RCA 20 FLAT SDTV | 20 | 846042060301 | 87 | 87 | 87 | 139 |
| 147761162 | 337121 | TTE TECHNOLOG | 8272 | NV | 72423711 | 20F542T | 72423711 | RCA 20 FLAT SDTV | 20 | 846042060301 | 90 | 90 | 90 | 139 |
| 147761162 | 337121 | TTE TECHNOLOG | 8287 | CA | 72423711 | 20F542T | 72423711 | RCA 20 FLAT SDTV | 20 | 846042060301 | 120 | 100 | 100 | 139 |
| 147761162 | 337121 | TTE TECHNOLOG | 8288 | NC | 72423711 | 20F542T | 72423711 | RCA 20 FLAT SDTV | 20 | 846042060301 | 130 | 130 | 130 | 139 |
| 147761162 | 337121 | TTE TECHNOLOG | 8289 | IL | 72423711 | 20F542T | 72423711 | RCA 20 FLAT SDTV | 20 | 846042060301 | 135 | 135 | 135 | 139 |
| 147761162 | 337121 | TTE TECHNOLOG | 8275 | PA | 72423711 | 20F542T | 72423711 | RCA 20 FLAT SDTV | 20 | 846042060301 | 140 | 140 | 140 | 139 |
| 147761162 | 337121 | TTE TECHNOLOG | 8298 | GA | 72423711 | 20F542T | 72423711 | RCA 20 FLAT SDTV | 20 | 846042060301 | 150 | 150 | 152 | 139 |
| 147761162 | 337121 | TTE TECHNOLOG | 8305 | OH | 72423711 | 20F542T | 72423711 | RCA 20 FLAT SDTV | 20 | 846042060301 | 190 | 190 | 190 | 139 |
| 147761162 | 337121 | TTE TECHNOLOG | 8292 | FL | 72423711 | 20F542T | 72423711 | RCA 20 FLAT SDTV | 20 | 846042060301 | 270 | 270 | 270 | 139 |
| 147761162 | 337121 | TTE TECHNOLOG | 8292 | FL | 72423711 | 20F542T | 72423711 | RCA 20 FLAT SDTV | 20 | 846042060301 | 35 | 35 | 35 | 139 |
| 147761162 | 337121 | TTE TECHNOLOG | 8292 | FL | 72423711 | 20F542T | 72423711 | RCA 20 FLAT SDTV | 20 | 846042060301 | 405 | 405 | 405 | 139 |
| 147761162 | 337121 | TTE TECHNOLOG | 8292 | FL | 72423711 | 20F542T | 72423711 | RCA 20 FLAT SDTV | 20 | 846042060301 | 550 | 550 | 550 | 139 |
| 147761162 | 337121 | TTE TECHNOLOG | 8292 | FL | 91566011 | 20V504T | 91566011 | RCA 20 SDTV | 20V5 | 846042060240 | 669 | 669 | 669 | 129.5 |
| 147761162 | 337121 | TTE TECHNOLOG | 8292 | FL | 91566011 | 20V504T | 91566011 | RCA 20 SDTV | 20V5 | 846042060240 | 731 | 731 | 731 | 129.5 |
| 147761162 | 337121 | TTE TECHNOLOG | 8273 | KS | 91566011 | 20V504T | 91566011 | RCA 20 SDTV | 20V5 | 846042060240 | 30 | 30 | 30 | 129.5 |
| 147761162 | 337121 | TTE TECHNOLOG | 8298 | GA | 91566011 | 20V504T | 91566011 | RCA 20 SDTV | 20V5 | 846042060240 | 150 | 148 | 148 | 129.5 |
| 147761162 | 337121 | TTE TECHNOLOG | 8289 | IL | 91566011 | 20V504T | 91566011 | RCA 20 SDTV | 20V5 | 846042060240 | 200 | 200 | 200 | 129.5 |
| 147761162 | 337121 | TTE TECHNOLOG | 8272 | NV | 91566011 | 20V504T | 91566011 | RCA 20 SDTV | 20V5 | 846042060240 | 220 | 220 | 220 | 129.5 |
| 147761162 | 337121 | TTE TECHNOLOG | 8288 | NC | 91566011 | 20V504T | 91566011 | RCA 20 SDTV | 20V5 | 846042060240 | 300 | 300 | 300 | 129.5 |
| 147761162 | 337121 | TTE TECHNOLOG | 8287 | CA | 91566011 | 20V504T | 91566011 | RCA 20 SDTV | 20V5 | 846042060240 | 300 | 300 | 300 | 129.5 |
| 147761162 | 337121 | TTE TECHNOLOG | 8292 | FL | 91566011 | 20V504T | 91566011 | RCA 20 SDTV | 20V5 | 846042060240 | 325 | 325 | 325 | 129.5 |
| 147761162 | 337121 | TTE TECHNOLOG | 8305 | OH | 91566011 | 20V504T | 91566011 | RCA 20 SDTV | 20V5 | 846042060240 | 475 | 475 | 475 | 129.5 |
| 147761162 | 337121 | TTE TECHNOLOG | 8275 | PA | 91566011 | 20V504T | 91566011 | RCA 20 SDTV | 20V5 | 846042060240 | 600 | 600 | 600 | 129.5 |
| 147761162 | 337121 | TTE TECHNOLOG | 8298 | GA | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 84 | 84 | 84 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8299 | MN | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 92 | 92 | 92 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8305 | OH | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 134 | 134 | 134 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8289 | IL | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 142 | 142 | 142 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8275 | PA | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 142 | 142 | 142 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8272 | NV | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 142 | 142 | 144 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8292 | FL | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 142 | 142 | 179 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8288 | NC | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 192 | 192 | 192 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8273 | KS | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 242 | 242 | 242 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8287 | CA | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 242 | 242 | 242 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8290 | CO | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 350 | 299 | 299 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8298 | GA | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 358 | 310 | 310 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8298 | GA | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 358 | 356 | 356 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8305 | OH | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 358 | 358 | 358 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8289 | IL | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 358 | 358 | 358 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8275 | PA | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 358 | 358 | 358 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8287 | CA | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 358 | 358 | 358 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8292 | FL | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 358 | 358 | 358 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8288 | NC | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 358 | 358 | 358 | 127 |
| 147761162 | 337121 | TTE TECHNOLOG | 8299 | MN | 1958011 | 24V511T | 1958011 | RCA 24" STEREO TV | 2 | 34909415139 | 358 | 358 | 358 | 127 |

KMRT_CRT00000012-2007-Highly Confidential.xls