Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC |
| | MDL NO. 1917 |
| This Document Relates to: | **PLAINTIFFS' JOINT OPPOSITION TO HITACHI PARTIES' MOTION FOR SUMMARY JUDGMENT BASED UPON THE LACK OF EVIDENCE OF PARTICIPATION IN THE ALLEGED CONSPIRACY** |
| *All Indirect Purchaser Actions* | |
| *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-01656-SC | |
| *Alfred H. Siegel as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, No. 3:11-cv-05502-SC | **ORAL ARGUMENT REQUESTED** |
| | Date:      February 6, 2015 |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-05513-SC; | Time:      10:00 a.m. |
| | Before:   Hon. Samuel Conti |
| *Target Corp, et al. v. Chunghwa Picture Tubes,  Ltd., et al.*, No. 3:11-cv-05514-SC | **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |
| *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 3:11-cv-05514-SC | |
| *Interbond Corporation of America, d/b/a BrandsMart USA v. Hitachi, et al.*, No. 3:11-cv-06275-SC; | |
| *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 3:11-cv-06276-SC; | |

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06396-SC

*Costco Wholesale Corporation v. Hitachi, Ltd., et al.,* No. 3:11-cv-06397-SC;

*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.,* No. 3:12-cv-02648-SC;

*Schultze Agency Services, LLC on behalf of Tweeter OPCO, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.,* No. 3:12-cv-02649-SC;

*Tech Data Corporation, et al. v. Hitachi, Ltd., et al.,* No. 3:13-cv-00157-SC

**TABLE OF CONTENTS**

I.      SUMMARY OF ARGUMENT ................................................................................. 1

II.     STATEMENT OF FACTS .................................................................................... 2

        A.      Hitachi Participated in the Conspiracy as a Single Enterprise. .................. 2

        B.      All Hitachi Defendants Participated in the Conspiracy, Including the
                Moving Parties ............................................................................................. 3

                1.      Hitachi Attended Glass Meetings and Then Agreed to Participate in
                        the Conspiracy via Bilateral Meetings. ......................................... 3

                ███    ████████████████████████████████████████
                       ████████ ............................................................. 4

                ███    ████████████████████████████████████████
                       ███████ ................................................................ 7

                ███    ███████████████████████████ .......................... 10

                5.      HDP Was a Continuation of HTL's Display Group and Participated
                        in the CRT Conspiracy After Its Formation. ............................... 11

        C.      There Is No Legitimate Business Justification for the Moving Parties'
                Actions. ....................................................................................................... 14

III.    SUMMARY JUDGMENT STANDARD .......................................................... 14

IV.     ARGUMENT ..................................................................................................... 14

        A.      The Evidence of Each Moving Party's Participation Must Be Considered in
                the Context of the Conspiracy as a Whole. ............................................... 15

        B.      The Moving Parties Are Liable for the Coordinated Acts of the Hitachi
                Enterprise. ................................................................................................... 17

        C.      Each Moving Party Is Liable for Its Participation in the Conspiracy. ...... 19

        D.      HDP Is Also Liable as a Successor in Interest. ........................................ 21

V.      CONCLUSION ................................................................................................. 22

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*AD/SAT v. Assoc. Press*
    181 F.3d 216 (2d Cir. 1999) ........................................................................... 16

*Atchison v. Brown & Bryant, Inc.*
    159 F.3d 358 (9th Cir. 1998) ......................................................................... 21

*Beltz Travel Serv. Inc. v. Int'l Air Transp. Assoc.*
    620 F.2d 1360 (9th Cir. 1980) .............................................................14, 16, 17

*Carrier Corp. v. Outokumpu OYJ*
    673 F.3d 430 (6th Cir. 2012) ......................................................................... 18

*City of Long Beach v. Standard Oil Co. of Cal.*
    872 F.2d 1401 (9th Cir. 1989) ....................................................................... 21

*Cont'l Ore Co. v. Union Carbide & Carbon Corp.*
    370 U.S. 690 (1962) ................................................................................. 1, 15

*Daewoo Elec. Am. Inc. v. Opta Corp.*
    No. C 13-1247 JSW, 2013 WL 3877596 (N.D. Cal. Jul. 25, 2013) ................................. 22

*Eliason Corp. v. Nat'l Sanitation Found.*
    485 F. Supp. 1062 (E.D. Mich. 1977), *aff'd*, 614 F.2d 126 (6th Cir. 1980)...................... 16

*Esco Corp. v. United States*
    340 F.2d 1000 (9th Cir. 1965) ................................................................... 16, 17

*Harlem River Consumers Co-op, Inc. v. Assoc. Grocers of Harlem, Inc.*
    408 F. Supp. 1251 (S.D.N.Y 1976) ................................................................... 16

*In re Baby Food Antitrust Litig.*
    166 F.3d 112 (3d. Cir 1999) ......................................................................... 21

*In re Citric Acid Litig.*
    191 F.3d 1090 (9th Cir. 1999) ....................................................................... 17

*In re Linerboard Antitrust Litig.*
    504 F. Supp. 2d 38 (E.D. Pa. 2007) ............................................................. 16, 21

*In re Lithium Ion Batteries Antitrust Litig.*
    Case No. 13-MD-2420 YGR, 2014 WL 309192 (N.D. Cal. Jan. 21, 2014) ...................... 21

*In re TFT-LCD (Flat Panel) Antitrust Litig.*
    Case No. M 07-1827 SI,, 2011 WL 7724271 (N.D. Cal. Nov. 4, 2011)........................... 16

*In re TFT-LCD (Flat Panel) Antitrust Litig.*
    Case Nos. M 07-1827 SI, C 10-0117 SI, 2012 WL 6521463 (N.D. Cal. Dec.
    13, 2012)........................................................................................... 16, 21

*In re Vitamins Antitrust Litig.*
   320 F. Supp. 2d 1 (D.D.C. 2004) ................................................................. 16

*Poller v. Columbia Broad. Sys.*
   368 U.S. 464 (1962) .................................................................................. 14

*Safeway Stores, Inc. v. FTC*
   366 F.2d 795 (9th Cir. 1966) ..................................................................... 17

*Sunnyside Dev. Co. LLC v. Opsys Ltd.*
   No. C. 05 0553 MHP, 2007 WL 2462142 (N.D. Cal. Aug. 29, 2007) ............... 22

*United States v. Perlaza*
   439 F.3d 1149 (9th Cir. 2006) ................................................................... 17

*United States v. Reed*
   575 F.3d 900 (9th Cir. 2009) ..................................................................... 17

1    The Indirect Purchaser Plaintiffs and the undersigned Direct Action Plaintiffs (collectively,

2    "Plaintiffs") hereby submit this Joint Opposition to Hitachi Parties' Motion for Summary

3    Judgment Based Upon Lack of Evidence of Participation in the Alleged Conspiracy ("MSJ" or

4    "Motion") [Dkt. No. 2976], filed with this Court on November 7, 2014.

5    **I.  SUMMARY OF ARGUMENT**

6    Hitachi[1] played a core role in the global CRT conspiracy, which required the coordination

7    and participation of each Hitachi Defendant as orchestrated by parent company, HTL.  The Hitachi

8    Defendants do not deny the existence of the CRT conspiracy.  Nor do they contend that Plaintiffs

9    have insufficient evidence to proceed to trial against HTL and its Asian sales subsidiary, HAS.

10   Nevertheless, unable to refute the overwhelming evidence against Hitachi as a whole, three of the

11   Hitachi Defendants—HED(US), HAL and HDP (collectively, the "Moving Parties")—seek to

12   distance themselves from the corporate enterprise that served the conspiracy so well, arguing that

13   this Court should consider the separate evidence against each Moving Party in a vacuum.

14   However, it is well settled that conspiracy evidence cannot be viewed with such tunnel vision.

15   "The character and effect of a conspiracy are not to be judged by dismembering it and viewing its

16   separate parts, but only by looking at it as a whole."  *Cont'l Ore Co. v. Union Carbide & Carbon*

17   *Corp.*, 370 U.S. 690, 699 (1962) (citation omitted).

18   When viewed as a whole, abundant evidence shows that each of the three Moving Parties

19   participated in the conspiracy and are, therefore, liable for the acts of the Hitachi Defendants and

20   the other coconspirators during the Conspiracy Period.[2] ████████████████████

21   ████████████████████████████████████

22   ████████████████████████████████

23   ───────────────────

24   [1] "Hitachi" or "Hitachi Defendants" refers to Hitachi, Ltd. ("HTL"), Hitachi Asia, Ltd. ("HAS"),
     Hitachi America, Ltd. ("HAL"), Hitachi Displays, Ltd. ("HDP"), Hitachi Electronic Devices, USA

25   ("HED(US)") and Shenzhen SEG Hitachi Color Displays Devices, Ltd. ("Hitachi Shenzhen").
     Defendant Hitachi Shenzhen no longer exists and has never appeared in this case.

26   [2] The "Conspiracy Period" refers to the time period of March 1, 1995 to November 25, 2007.

27

28



1   █████████████████████████████████████████████████

2   █████████████████████████████████████████████████

3   ███████████████████████████████████████████

4   ████████████████████████████████████████████

5   ████████████████████████████████████████████

6   ███████████████████████████████   For these reasons, as well as those set

7   forth in greater detail below, the Hitachi Parties' Motion must be denied.

8   **II.  STATEMENT OF FACTS**

9       **A.  Hitachi Participated in the Conspiracy as a Single Enterprise.**

10      The Moving Parties are all wholly-owned subsidiaries of coconspirator HTL.[3] ████

11  ███████████████████████████████████████████████████

12  ███████████████████████████████████████████████████

13  ██████████████████████████████████████████████████

14

15

_____

16  [3] HDP and HAL were directly owned subsidiaries of HTL, and HED(US) was wholly owned by

17  HTL subsidiary, HAL.  *See* Declaration of Jennie Lee Anderson in Support of Plaintiffs'
    Opposition to Hitachi Parties' Notice of Motion and Motion for Summary Judgment Based Upon

18  the Lack of Evidence of Participation in the Alleged Conspiracy and Memorandum of Points and
    Authority In Support Thereof ("Anderson Decl."), Ex. 1, (Deposition of Hitachi 30(b)(6)

19  Representative Patrick Barrett (November 4, 2014) ("Barrett Dep.")) at 7:12-21; 22:17-23:8;

20  24:14-24.  (All references to "Ex. __" refer to the Anderson Declaration unless otherwise
    specified.)

21  [4] *See, e.g.,* Ex. 2 (Deposition of Noburo Toyama (March 11, 2014) ("Toyama Dep.")) at 28:10-25;

22  30:1-31:5; Ex. 3 (Deposition of Kazumasa Hirai (February 4, 2014) ("Hirai Dep.")) at 412:6-10;
    Ex. 4 (Deposition of Thomas Schmitt (July 11, 2013) ("Schmitt Dep.")) at 95:20-97:2; 124:9-

23  125:22, 130:3-131:1; Ex. 5 (Exhibit 2667 (HITDOJCIV00000048)); Ex. 6 (Deposition of
    Kazuhiro Sakashita (February 14, 2013) at 38:20-39:21 (███████████████████████████

24  ██████████████████████████████████████████████████████████);

25  Ex. 4, Schmitt Dep. at 95:17-97:2; 124:9-125:22; 130:3-131:1; 135:21-136:24 (███████████

26  █████████████████████████████████); Ex. 3, Hirai Dep. at 31:16-32:2-3; 32:8-
    16; 34:9-18; 35:3-36:5; 36:15-20; 37:8-16; 42:2-3, 6, 9-12; 42:24-43:1; 412:6-10.

27

28



**B.  All Hitachi Defendants Participated in the Conspiracy, Including the Moving Parties.**

   **1.  Hitachi Attended Glass Meetings and Then Agreed to Participate in the Conspiracy via Bilateral Meetings.**

[5] Ex. 5 (Exhibit 2667 (HITDOJCRTCIV00000048)) (                    ); Ex. 7 (Deposition of Lloyd Thomas Heiser (March 18, 2014) ("Heiser II Dep.")) at 407:6-14; 470:19-472:3.

[6] *See, e.g.,* Ex. 8 (Deposition of Yuichi Kumazawa (May 29, 2013) ("Kumazawa Dep.")) at 82:3-83:3 (
                    ); Ex. 4, Schmitt Dep. at 95:17-25; 97:9-98:1
(                                   ); Ex. 2, Toyama Dep. at 46:25-47:14 (
                    ); Ex. 9 (HEDUS-CRT00126459) (
                         ); Ex. 10 (Exhibit 176 (HEDUS-CRT00049395)) (
      .

[7]*Id.,* Ex. 11 (Deposition of Hitachi 30(b)(6) representative L. Thomas Heiser (July 3, 2012) ("Heiser I Dep.")) at 33:11-34:17 (                              ); Ex. 7, Heiser II Dep. at 38:5-39:20; 389:13-21 (
                                        ); *see also* Ex. 7, Heiser II Dep. at 34:1-25; 35:23-36:15 (
                  ); Ex. 3, Hirai Dep. at 365:19-366:15; 366:21-368:1 (
                    ) Ex. 2, Toyama Dep. at 32:11-33:3 (
            ); *see also* Ex. 2, Toyama Dep. at 41:4-42:16, 44:11-45:5.



8 *See,* Ex. 12 (Exhibit 1013 (CHU00028784E)); *see also* Ex. 13, Excerpts of Certified Translation of Korean Fair Trade Commission ("KFTC") Multi-Party Meeting Decision No. 2011-019, Case No. 2010 Gukka 2364 (Mar. 10, 2011) at 55.

9 *See, supra* note 8.

10 Ex. 14 (Deposition of Chih Chun-Liu (February 19, 2013) ("Chun-Liu Dep.")) at 79:8–83:12

11 Ex. 14, Chun-Liu Dep. at 87:20-88:1; Ex. 15 (Exhibit 709E (CHU00029116E)) (████████████████████████████████████████████████████████████████).

12 Ex. 16 (Deposition of Nobuaki Ito (May 22, 2013) ("Ito Dep.")) at 100:14-101:11; 101:21-103:10; 104:22-105:6.

13 Ex. 17 (Declaration of Yasuhiko Kawashima Supplementing HTL and HDP's 30(b)(6) Depo, ¶ 14); Ex. 8, Kumazawa Dep. at 33:20-35:6; 37:8-38:1; 114:4-9; Ex. 16, Ito Dep. at 101:21-102:8.

4

PLTFS' JOINT OPP TO HITACHI PARTIES' MSJ BASED UPON LACK OF EVIDENCE
OF PARTICIPATION IN THE ALLEGED CONSPIRACY
MDL No. 1917: Master File No. 07-cv-5944 SC

1 ███████████████████████████████████████████████████████

2 ███████████████████████████████████████████████████████

3 ███████████████████████████████████████████████████████

4 ███████████████████████████████████████████████████████

5 _____

6 14 Ex. 18 (Exhibit 1537E (HDP-CRT00025915E)) ██████████████████

7 █████████████████████████████████████████ Ex. 19 (Exhibit 1539E (HDP-CRT00025985E)) ███

8 █████████████████████████████████████████████████████████

9 ██████████████████████████; Ex. 20 (Exhibit 1560E (HDP- and CRT00023436E)), Ex. 8, Kumazawa Dep. at 146:5-147:15, 148:14-149:5, 149:13-150:2; ██████████

10 ████████████████████████████████████████ Ex. 21 (Exhibit 1567E (HDP-CRT00056186E)); Ex. 8, Kumazawa Dep. at 282:23-284:19; 285:3-14;

11 286:6-12; 286:24-287:15, 288:2-295:11 █████████████████████████

12 ███████████████████████████ Ex. 22 (Exhibit 1571E (HDP-CRT00026189E))

13 (████████████████████████████████████████████); Ex. 23 (Exhibit 1572E (HDP-CRT00004468E)) (

14 ██████████). *See also* Ex. 24 (Exhibit 1536E (HDP-CRT00051345E)) ██████████ Ex. 25 (Exhibit

15 1566E (HDP-CRT00019426E)); Ex. 26 (Exhibit 1540E (HDP-CRT00051354E)) ██████████

16 Ex. 27 (Exhibit 1563E (HDP-CRT00023416E)) ██████████ Ex. 28 (Exhibit 1596E (HDP-CRT00023427E)); Ex. 8, Kumazawa Dep. at 141:6-142:17 ██████████ Ex. 29 (Exhibit 1597E

17 (HDP-CRT-00049281E)); Ex. 8, Kumazawa Dep. at 179:22-181:17 ██████████ Ex. 30 (Exhibit

18 1552E (HDP-CRT00023603E)) ██████████ Ex. 31 (Exhibit 1586E (HDP-CRT00049348E)); Ex. 8, Kumazawa Dep. at 305:19-311:17 ██████████ Ex. 32 (Exhibit 1568E (HDP-

19 CRT00048694E)) ██████████ Ex. 33 (Exhibit 1592 (HDP-CRT00023467)); Ex. 8, Kumazawa Dep. at 241:14-242: 20 ██████████ Ex. 34 (Exhibit 1598E (HDP-CRT00048795E))

20 Ex. 35 (Exhibit 1570E (HDP-CRT00026180E)) ██████████ Ex. 36 (Exhibit 1573E (HDP-CRT00026197E)); Ex. 8, Kumazawa Dep. at 259:11-262: 18; 264:14-265:8 ██████████ Ex. 37

21 (Exhibit 1601E (HDP-CRT00051298E)); Ex. 8, Kumazawa Dep. at 250:6-253:3; 253:13-255: 14; 256:15-259:2 ██████████ Ex. 38 (Exhibit 1577E (HDP-CRT00049201E)) ██████████ Ex. 39

22 (Exhibit 1605E (HDP-CRT00051340E)) ██████████ Ex. 40 (Exhibit 1587E (HDP-CRT00026234E)) ██████████ Ex. 41 (Exhibit 1602E (HDP-CRT00049313E)); Ex. 42 (Exhibit

23 1603E (HDP-CRT00026272E)); Ex. 43 (Exhibit 1604E (HDP-CRT00056188E)) ██████████

24 15 *Supra* note 14.

25 16 *See, e.g.,* Ex. 14, Chun-Lui Dep. at 79:8-83:12; 87:20-88:1; 329:10-330:17; Ex. 44 (Exhibit

26 1014 (CHU00028400E)) (██████████████████████████████████

27 ███████████████████); Ex. 45 (Exhibit 1116E (CHU00028398E)) (████████████████████

(footnote continued)

28



1

2

3

4

5  //

6  //

7  _____

8  ); Ex. 46 (Exhibit 1857E (CHU00028755E)) (

9  ); Ex. 47 (Exhibit 1135E (CHU00028385E)) (

10  ); Ex. 48 (CHU00028377E) (

11  ).

12  [17] Matsushita Electric Industrial Co., Ltd. is now Defendant Panasonic Corporation.  In 2003, Matsushita Electric Industrial Co., Ltd. entered into a joint venture with Toshiba entities resulting
13  in the creation of Defendant MT Picture Display Co., Ltd. ("MTPD"). Matsushita Electronics Corporation ("MEC") was the Asian CRT manufacturing facility Matsushita Electric Industrial
14  Co., Ltd.  These companies are collectively referred to herein as "Matsushita Japan".

15  [18] Ex. 8, Kumazawa Dep. at 47:18-21; 48:10-15 (

16  ); Ex. 16, Ito Dep. at 47:22-48:23; 49:15-19 (

17  ); Ex. 49 (Exhibit 1564E (HDP-CRT00049280E)). (

18  ).

19  [19] See e.g., Ex. 50 (Exhibit 1534E (HDP-CRT00025612E)); Ex. 16, Ito Dep. at 250:24-252:4,
20  252:21-253:4; Ex. 8, Kumazawa Dep. at 47:18-21; 48:10-15..

    [20] Ex. 8, Kumazawa Dep. at 43:1-44:1; 45:2-46:14; 47:18-48:15; 50:22-51:8; 99:16-21; 101:4-8;
21  102:6-22; 144:25-145:5; See also Ex. 19 (Exhibit 1539E (HDP-CRT00025985E))

    [21] See Section II.B.1., supra.  See also, e.g., Ex. 24 (Exhibit 1536E (HDP-CRT00051345E))
22  (

23  ).

24

25  Ex. 51 (Exhibit 1535E (HDP-
26  CRT00025568E)); Ex. 52 (Exhibit 1581E (HDP-CRT00023360E)); Ex. 53 (Exhibit 1582E (HDP-
    CRT00004416E)); Ex. 16, Ito Dep. at 323:3-8; 337:8-339:6; 340:24-341:2; 342:4-7; 343:3-
    344:20; 348:5-349:17.

27

28

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18



19

20 _____

21 [22] Matsushita Display Devices Company of America was formerly known as American Matsushita

22 Electronics Company ("AMEC").  Defendant Matsushita Electric Industrial Co., Ltd. owned AMEC directly or through wholly-owned subsidiaries.

23 [23] Ex. 54 (Exhibit 1407E (MTPD-0016566E)) (████████████████████).

24 [24] Ex. 55 (Deposition of Hirokazu Nishiyama (March 5, 2013) ("Nishiyama Dep.") at 150:23-152:5; 152:18-20; 154:16-23; 159:18-160:14; 514:2-13.

25 [25] Ex. 55, Nishiyama Dep. at 155:12-24; 165:8-166:4; Ex. 56 (Exhibit 1408 (MTPD_SEC-

26 0896161)); Ex. 57 (Exhibit 1836 (HEDUS-CRT00162777)); Ex. 58 (Exhibit 1403 (PHLP-CRT-0077930)).

27

28



[26] Ex. 57 (Exhibit 1836 (HEDUS-CRT00162777)); Ex. 3, Hirai Dep. at 347:9-353:14.

[27] Ex. 59 (Exhibit 2378E (MTPD-0036413E)); Ex. 60 (Deposition of Shinichi Iwamoto (February 7, 2013) ("Iwamoto Dep.") at 290:13-16; 292:22-293: 24; 295:21-22; Ex. 61 (Exhibit 2379E (MTPD-0025523E)); Ex. 62, (Exhibit 2380E (MTPD-0042965E)); Ex. 63 (Exhibit 2381E (MTPD-0041033E)).

[28] *Supra* note 27.

[29] Ex. 7, Heiser II Dep. at 183:3-184:11; 185:5-186:6; Ex. 64 (Exhibit 2634 (HEDUS-CRT00002107)); Ex. 65 (Exhibit 2635 (HEDUS-CRT00160563)).

[30] *Supra* note 29.

[31] Ex. 66 (Exhibit 2625 (PHLP-CRT-081748)); Ex. 67 (Exhibit 2626 (HEDUS-CRT00166472)).



1

2

3

4

5

6

7

8

9

10

11

12  _____

13  [32] Ex. 68 (HEDUS-CRT00000578).

14  [33] *Id.*

15  [34] Ex. 7, Heiser II Dep. at 79:19-20; 80:7-16; 80:22-81:10; 87:16-88:18; 90:16-23.

16  [35]

17  Plaintiffs dispute this claim.  Even if true, however, a reasonable fact finder could conclude that

18

19  [36] *See, e.g.,* Ex. 69 (Exhibit 1606E (HDP-CRT00051351)) (

20  ); Ex. 70 (Exhibit 1580E (HDP-CRT00049270))

21  (

22  ); Ex. 71 (Exhibit 2387 (HEDUS-CRT000162931)) (

23  ).

24  [37] *Supra* note 36.

25  [38] *See, e.g.,* Ex. 72 (Exhibit 2383E (HEDUS-CRT00026591E)) (

26  ); Ex. 73 (Exhibit 2386E (HDP-CRT00049291E)) (

27  ); Ex. 74 (Exhibit 1599E (footnote continued)

28

9

PLTFS' JOINT OPP TO HITACHI PARTIES' MSJ BASED UPON LACK OF EVIDENCE
OF PARTICIPATION IN THE ALLEGED CONSPIRACY
MDL No. 1917: Master File No. 07-cv-5944 SC



1

2

3

4

5

6

7

8

9

10

11

12

13

14 _____

15 (HDP-CRT00026227E)) (

16

17 ).

18 [39] *See* Ex. 75 (SDCRT-0079381E) (

19 ); *see also* Ex. 76 (Expert Report of Janet S. Netz, Ph.D. ("Netz Report")), p. 76 (

20 ), n. 236; p. 78 (

21 ); Ex. 77 (Netz Rebuttal Expert Report ("Netz Rebuttal")), p. 9 (

22 ); p. 30 (

23 )

24 [40] *See* Sections II.A, B.1., *supra*; *see also, e.g.*, Ex. 9 (HEDUS-CRT00126459), Ex. 10 (Exhibit 176 (HEDUS-CRT00049395)).

25 [41] Ex. 78 (Exhibit 2620 (HEDUS-CRT00159841)).

26 [42] *See* Ex. 54 (Exhibit 1407E (MTPD-0016566E)); *see also* Ex. 7, Heiser II Dep. at 38:5-39:5; Ex. 4, Schmitt Dep. at 120:12-24.

27

28



**5. HDP Was a Continuation of HTL's Display Group and Participated in the CRT Conspiracy After Its Formation.**[48]

HTL was also the sole shareholder of HDP, and retained power to appoint and remove the officers and members of the HDP board of directors.[48]

In short, HDP was not a new company, but merely a continuation of HTL's Display Group and remained under HTL's exclusive control.

//

//

[43] *See, e.g.,* Ex. 79 (Exhibit 344 (HEDUS-CRT00015427)) (                        ); Ex. 80 (Deposition of Hitachi 30(b)(6) Representative William Allen Whalen (August 23, 2012) ("Whalen Dep.")) at 93:6-21; 94:4-97:15; Ex. 4, Schmitt Dep. at 281:3-282:1; 283:20-285:11.

[44] *Supra* note 43.

[45] *See, e.g.,* Ex. 1, Barrett Dep. at 22:17-23:8; *see also* Ex. 81 (HDP-CRT00045422).

[46] Ex. 82 (HDP-CRT00037583).

[47] *See, e.g.,* Ex. 81 (HDP-CRT00045422); Ex. 83 (Deposition of Nobuhiko Kobayashi (May 15, 2013) ("Kobayashi Dep.")) at 396:1-3 (                                        ).

[48] Ex. 1, Barrett Dep. at 22:17-23:8, 23:13-24:5.

[49] Ex. 82 (HDP-CRT00037583).

11

1   HDP also actively participated in the conspiracy.  HDP retained its 25 percent ownership

2   interest in coconspirator Hitachi Shenzhen until 2007,[50] █████████████████████████████

3   ███████████████████████████████████████████████████████████

4   █████████████████████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████████████████████████

6   █████████████████████████████████████████████████████████████████████

7   ████████████████████████████████████ As explained in greater detail in

8   Plaintiffs' Opposition to Hitachi's Motion for Summary Judgment Based Upon Withdrawal and

9   the Statutes of Limitations, █████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████████████████████

11  ████████████████████████████

12  _____

13  [50] Ex. 1, Barrett Dep. at 28:10-29:21.

14  [51] Ex. 84 (HDP-CRT00046269E) (███████████████████████████████████████████

15  ████████); Ex. 1, Barrett Dep. at 30:2–13; 36:10–21.

16  [52] Ex. 85 (Exhibit 3803E (HDP-CRT00026634E)) (██████████████████████████████

17  ███████████████████████████████████████████████████████████████████████)
    (emphasis added); Ex. 86 (HDP-CRT00047882E) (█████████████████████████

18  ██████████████████████████████████); Ex. 87 (Exhibit 2640 (HEDUS-CRT00166481)); Ex. 7,

19  Heiser II Dep. at 244:6-245:11, 245:21-247:7 (███████████████████████████████████

20  ████████████████████████████████████████); Ex. 88 (Exhibit 2639 (HEDUS-
    CRT00001714)) (██████████████████████████████████████████████████████████████

21  
22  ████████████████████████████████); Ex. 89 (Exhibit 2641 (HEDUS-CRT00159824))
    (███████████████████████████████████████████████████) Ex. 90

23  (Exhibit 2642 (HEDUS-CRT00164378)), Ex. 7, Heiser II Dep. at 254:4-255:25; 256:8-257:6
    (██████████████████████████████████████████

24  ████████████████████████████); Ex. 91 (Exhibit 2517 (HEDUS-CRT00184595));

25  Ex. 92 (Exhibit 2643 (HEDUS-CRT00164492)); Ex. 93 (Exhibit 2644 (HEDUS-CRT00166782))
    (████████████████████████████████████).

26  [53] See, e.g., Ex. 94 (Exhibit 2681E (SDCRT-0105131E)) (███████████████████████████

27  ████████████████████████████████████
    (footnote continued)

28



1

2

3

4

5

6

7

8   //

9   //

10   _____

11   ); Ex. 95

12   (CHU00093512) (

13   ); Ex. 96 (CHU00082287_FT) (

14   ).

15   [54] Ex. 82 (HDP-CRT00037583), p. 5 (

16   ); Ex. 97 (HDP-CRT00045426) (

17   ).

18   [55] Ex. 98 (HDP-CRT00048189 w/ attachment HDP-CRT00048190) (3/18/2003); Ex. 99 (Exhibit

19   1579E (HDP-CRT00026313E)) (

20   ); Ex. 100 (Exhibit 1578E (HDP-CRT00026077E)) (

21   ); Ex. 101 (HDP-CRT00026086E) (

22   ).

23   [56]

24   See Ex. 102 (HDP-CRT00033956E); Ex. 103 HDP-CRT00033957E).

25   [57]

26   See Ex. 104 (Exhibit 3804E (HDP-CRT00052643E)); see also

27   Ex. 86 (HDP-CRT00047882E).

28

13

**C.  There Is No Legitimate Business Justification for the Moving Parties' Actions.**

There is no business justification for the Moving Parties' actions described herein other than to reap the benefits of the conspiracy.[58] ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████

## III.  SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the moving party bears the burden of showing the absence of any genuine issue of material fact.  *Beltz Travel Serv. Inc. v. Int'l Air Transp. Assoc.*, 620 F.2d 1360, 1364 (9th Cir. 1980) (citation omitted).  In evaluating a motion for summary judgment, this Court should "view the evidence and the inferences which may be drawn therefrom in the light most favorable to the nonmoving party."  *Id.* (citations omitted).  "[T]hese general standards are applied even more stringently and summary judgments granted more sparingly … 'in complex antitrust litigation where motive and intent play leading roles, [because] the proof is largely in the hands of the alleged conspirators and hostile witnesses thicken the plot.'"  *Id.* at 1364-65 (quoting *Poller v. Columbia Broad. Sys.*, 368 U.S. 464, 491 (1962)).

## IV.  ARGUMENT

Ample direct and circumstantial evidence creates genuine issues of fact regarding the Moving Parties' participation in the conspiracy.  Indeed, the record is replete with both testimonial and documentary evidence ████████████████████████████████

████████████████████████████████████████████████████████

---

[58] *See* Ex. 76, Netz Report, pp. 31-33; *See also* Ex. 77, Netz Rebuttal, pp. 35-36 (███████████ ████████████████████████████████████████████.

[59] *See, e.g.*, Ex. 16, Ito Dep. at 189:1-7.

14

1    ██████████████████████  Such evidence soundly rebuts the Moving Parties' claim that "all

2    the direct evidence in the record" tends to refute the allegations against them.[60]  The Moving

3    Parties have failed to carry their burden of establishing an absence of genuine issues of material

4    fact.  Summary judgment must be denied.

5
6    **A.  The Evidence of Each Moving Party's Participation Must Be Considered in the Context of the Conspiracy as a Whole.**

7        The Moving Parties do not dispute the existence of the CRT price-fixing conspiracy.  By

8    excluding HAS and HTL from this motion, the Moving Parties also implicitly concede the

9    sufficiency of the evidence linking both of these entities to the CRT conspiracy.  Nevertheless, the

10   Moving Parties urge this Court to ignore the body of conspiracy evidence and strictly

11   compartmentalize the evidence it reviews on a defendant-by-defendant basis.  *See* MSJ at 12-15.

12   But it is well established that viewing conspiracy evidence in a vacuum is inappropriate.

13   "[P]laintiffs should be given the full benefit of their proof without tightly compartmentalizing the

14   various factual components and wiping the slate clean after scrutiny of each."  *Cont'l Ore*, 370

15   U.S. at 699.

16   //

17

---

18   [60]  MSJ at 11-12.  The so-called "direct evidence" that the Moving Parties contend should
19   exonerate them from all liability consists of (a) unreliable, self-serving testimony of three
     HED(US) employees—
20   ████████████████████████████████████████████████████████
21   ███████████████████████ and (b) selected testimony of seven codefendant employees ████████
                                                                                              *See*
22   Ex. 105 (Deposition of Kenichi Hazuku (June 12, 2013)) at 101:5-23; Ex. 2, Toyama Dep. at
23   29:23-25, 45:7-12; Ex. 106, (Deposition of Michael Son (February 5, 2013)) at 167:14-15, 20,
     22-24; 168:2-4; *see also* Declaration of Eliot A. Adelson in Support of Hitachi Parties' Notice of
     Motion and Motion for Summary Judgment Based Upon the Lack of Evidence in Participation in
24   the Alleged Conspiracy and Memorandum of Points and Authorities in Support Thereof ("Adelson
     Decl."), Ex. 16 (Deposition of Jing Song Lu (February 27, 2013)) at 259:12-17; Adelson Decl.,
25   Ex. 19 (Deposition of Dae Eui Lee (January 16, 2013)) at 253:13-14, 21; Adelson Decl., Ex. 20
26   (Deposition of Deok-Yun Kim (March 27, 2013)) at 96:23-97:1, Adelson Decl., Ex. 23
     (Deposition of Hoon Choi (June 19, 2013)) at 118:22-24; 119:2-3; 119:9-14; 119:19-25.

27

28

1    Consequently, Plaintiffs are not required to produce a "smoking gun" and are permitted to

2  rely on circumstantial evidence and the reasonable inferences that may be drawn therefrom.  *In re*

3  *TFT-LCD (Flat Panel) Antitrust Litig.*, Case Nos. M 07-1827 SI, C 10-0117 SI, 2012 WL

4  6521463, at *1 (N.D. Cal. Dec. 13, 2012) ("*TFT-LCD II*").  "It is not necessary to find an express

5  agreement, either oral or written, in order to find a conspiracy, but it is sufficient that a concert of

6  action be contemplated and that defendants conform to the arrangement."  *Esco Corp. v. United*

7  *States*, 340 F.2d 1000, 1008 (9th Cir. 1965) (citations omitted); *see also In re Vitamins Antitrust*

8  *Litig.*, 320 F. Supp. 2d 1, 15 (D.D.C. 2004) ("Plaintiffs … need not show (1) evidence of a formal

9  agreement, or (2) knowledge, on behalf of the Defendant, of every detail of the alleged

10  conspiracy.") (citations omitted); *In re Linerboard Antitrust Litig.*, 504 F. Supp. 2d 38, 51-52

11  (E.D. Pa. 2007) ("There is often a fine line between legitimate business practices and unlawful

12  concerted action, and direct evidence-the smoking gun-of illegal conspiracy may not be

13  available.") (citation omitted).  Nor must Plaintiffs show that each conspirator participated in

14  every aspect to the conspiracy to prevail, "for each conspirator may be performing different tasks

15  to bring about the desired result." *Beltz Travel Serv.*, 620 F.2d at 1367 (citation omitted).  "To the

16  extent that certain defendants…contend that there is no evidence that they in particular exchanged

17  capacity and production information, those defendants are still liable for the actions taken by other

18  in furtherance of the alleged conspiracy."  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Case No.

19  M 07-1827 SI,, 2011 WL 7724271, at *1 (N.D. Cal. Nov. 4, 2011) ("*TFT-LCD I*").[61]

20

21  [61] The cases cited by the Moving Parties do not hold otherwise.  *See* MSJ at 12-13 (citing *In re*

22  *Vitamins Antitrust Litig.*, 320 F. Supp. 2d at 15 ("[A] common purpose or plan may be inferred from 'a development and collation of circumstances.'")(citations omitted); *Esco Corp.*, 340 F.2d

23  at 1009 (affirming conviction without proof of written or oral agreements or participation in all aspects of the conspiracy); *AD/SAT v. Assoc. Press*, 181 F.3d 216, 234 (2d Cir. 1999) (finding that

24  defendants' status as members of an association alone was insufficient to prove participation in the

25  conspiracy); *Eliason Corp. v. Nat'l Sanitation Found.*, 485 F. Supp. 1062, 1075 (E.D. Mich. 1977), *aff'd*, 614 F.2d 126 (6th Cir. 1980) (granting summary judgment where there was no

26  evidence of illegal conduct by any defendant); *Harlem River Consumers Co-op, Inc. v. Assoc.*

27  *Grocers of Harlem, Inc.*, 408 F. Supp. 1251, 1269 (S.D.N.Y 1976) (identifying three types of (footnote continued)

28  _____

16

1    Indeed, it is well settled in this Circuit that once Plaintiffs establish the existence of a

2    conspiracy, an individual defendant is liable if the evidence shows "even a slight connection"

3    between the defendant and the conspiracy.  *United States v. Perlaza*, 439 F.3d 1149, 1177 (9th

4    Cir. 2006) (citations omitted); *See also United States v. Reed*, 575 F.3d 900, 924 (9th Cir. 2009)

5    ("The term 'slight connection' means that a defendant need not have known all the conspirators,

6    participated in the conspiracy from its beginning, participated in all its enterprises, or known all its

7    details.  A connection to the conspiracy may be inferred from circumstantial evidence.") (citation

8    omitted);  *Safeway Stores, Inc. v. FTC*, 366 F.2d 795, 801 (9th Cir. 1966) ("Once the existence of

9    the common scheme is established, very little is required to show that defendant became a party—

10   'slight evidence may be sufficient to connect a defendant to it.'") (citations omitted).  As

11   demonstrated herein, the evidence linking each Moving Party to the conspiracy is far from slight

12   and, at minimum, creates triable issues of fact regarding each Moving Party's participation in the

13   conspiracy.[62]

14   **B.  The Moving Parties Are Liable for the Coordinated Acts of the Hitachi Enterprise.**

15       Plaintiffs do not claim that the Moving Parties are liable based solely on their corporate

16   affiliation.  Rather, the evidence establishes that ███████████████████████████████████

17   ████████████████████████████████████████████████████████████████████████████████████

18   _____

19   circumstantial evidence that "may contribute to or add up to a finding of conspiracy: motive to

20   conspire, opportunity to conspire, and the consistency of the overt acts of each defendant with acts

     of the others"); *In re Lithium Ion Batteries Antitrust Litig.*, Case No. 13-MD-2420 YGR, 2014 WL

21   309192, at *13 (N.D. Cal. Jan. 21, 2014) (finding on a motion to dismiss that plaintiffs must plead

22   more than "boilerplate assertions of an agency relationship with the parties whose participation in

     the conspiracy is more directly alleged"); *In re Citric Acid Litig.*, 191 F.3d 1090, 1094 (9th Cir.

23   1999) (granting summary judgment where there was no direct evidence of participation in the

     conspiracy and circumstantial evidence would not allow for an inference of illegal activity).

24   [62] For the same reasons, the Moving Parties' argument that they cannot be held liable because they

25   had "limited production and sales of CRTs during the alleged conspiracy" is irrelevant and also

     legally unsupported.  *See* MSJ at 15-16.  Coconspirators need not participate in every aspect of the

26   conspiracy or for its entire duration to be liable.  *Esco Corp.*, 340 F.2d at 1006; *Beltz Travel Serv.*,

     620 F.2d at 1367.

27

28

1 ██████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████████

3 ████████████████████████  *See* Sections, II.A., II.C., *supra.*

4     Such evidence renders the conspiratorial acts of Hitachi imputable to the Moving Parties.

5 *See, e.g., Carrier Corp. v. Outokumpu OYJ*, 673 F.3d 430, 445-46 (6th Cir. 2012) (finding

6 allegations that (a) the U.S. entities sold the overpriced product, (b) one of the U.S. entities

7 "engaged in the production or sale" of the product in the U.S. or elsewhere, either "directly and/or

8 through its affiliates and/or wholly-owned subsidiaries," and (c) "the various…entities were

9 ***operated and deliberately portrayed to the outside world as a 'single global enterprise'*** in which

10 key executives overlapped … and vital management personnel rotated through positions on both

11 sides of the Atlantic," sufficient to permit imputation of the conspiracy on the U.S. entities)

12 (emphasis added).

13     The Moving Parties' argument that "each of the Hitachi Parties operated as its own

14 company" is unsupported.  MSJ at 5.  The Moving Parties offer ***no*** evidence supporting the

15 purported independence of HDP or HAL, and █████████████████████████████

16 █████████████████████████████████████████████████████████

17 █████████████████████████████████████████████████████████████

18 ███████████████████████████████████████████████████████

19 █████████████████████████████████████████████████████████████

20 ███████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████

23 ███████████████████████████████████████████████████

24 █████████████████████████████████████████████████████████

25

26 _____

27 [63] *See* Adelson, Ex. 6; Anderson Decl., Ex. 11, Heiser I Dep. at 33:11-34:17; 35:7-16.

28

1 ████████████████████████████████████████████████████████████████

2 ██████████████████████████████████████ Such testimony only bolsters the substantial body of

3 evidence that HTL controlled the Moving Parties and that Hitachi operated as a single CRT entity

4 in the conspiracy, rendering the U.S. subsidiaries liable for the acts of the cartel as a whole.

5 **C.  Each Moving Party Is Liable for Its Participation in the Conspiracy.**

6 Even if the Moving Parties were not implicated in the conspiracy by virtue of their role in

7 the Hitachi global enterprise, substantial evidence establishes that each Moving Party participated

8 in the conspiracy. ██████████████████████████████████████████

9 ████████████████████████████████████████████████████████████████

10 ██████████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████████

14 _____

15 [64] Ex. 2, Toyama Dep. at 32:11-33:3.

16 [65] Adelson Decl., Ex. 9.

17 [66] ████████████████████████████████████

18 ██████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████

20 ██████████████████████████████████

21 ██████████████████████████████████████

22 ████████████████████████

23 ████████████████████████████████████████████████████

24 ██████████████████████████████████████████████████

25

26 ██████████████████████████████████████████████████████

27 ████████████████

(footnote continued)

28



1

2

3

4

5       HAL also played a critical role in the conspiracy.

6

7

8       *See* Section II.B.4., *supra*.

9       After its formation in 2002, HDP directly participated in the conspiracy.

10

11

12

13

14

15       *See*

16 _____

17

18

19

20

21 Hirai Dep. at 182:22-183:1 (                                   ).

22 [67] In fact, Hirai testified

         *e.g.,* Ex. 3, Hirai Dep. at

23 113:15-19; 145:8-13; 145:22-13; 147:11-151:22; 152:8-154:12; 179:16-23; 181:18-182:4, 182:15-183:1; 184:18-185:19; 192:1-16; 199:21-201:10; 205:24-206:18.

24 [68] Ex. 3, Hirai Dep. at 149:5-14; 150:1-6; 150:20-151:2; 152:12-153:1; 183:2-184:2; 196:11-

25 197:10.

26 [69] *See also* Plaintiffs' Opposition to Hitachi Defendants' Motion for Summary Judgment Based Upon Withdrawal and Statute of Limitations.

27

28

20

PLTFS' JOINT OPP TO HITACHI PARTIES' MSJ BASED UPON LACK OF EVIDENCE
OF PARTICIPATION IN THE ALLEGED CONSPIRACY
MDL No. 1917: Master File No. 07-cv-5944 SC

1  Sections II.B. and II.C., *supra*.  While the Moving Parties may dispute "whether these exchanges

2  of sensitive pricing information were permissible competitive behavior, ***such disputes regarding***

3  ***the interpretation of evidence are not appropriate for resolution on summary judgment***."  *TFT-*

4  *LCD II*, 2012 WL 6521463, at *1 (emphasis added) (denying summary judgment where "Plaintiffs

5  have submitted, *inter alia*, evidence of exchanges of pricing and other proprietary LCD panel

6  information with other defendants.").[70]  Whether each Moving Party specifically attended Glass

7  Meetings does nothing to alter this conclusion.  *See TFT-LCD II,* 2012 WL 6521463, at *1, n.3

8  ("[C]laimed absence at the Crystal Meetings does not necessarily equate to a lack of participation

9  in the conspiracy.").  In sum, substantial evidence presents genuine issues of fact regarding the

10  Moving Parties' participation in the conspiracy that are ripe for determination by a jury.[71]

11      **D.  HDP Is Also Liable as a Successor in Interest.**

12          Under both California law and the federal common law of this Circuit, successor

13  corporations are liable for the acts of their predecessor if (1) the successor corporation expressly or

14  impliedly agrees to assume liability, (2) the transaction amounts to a *de facto* merger, (3) the new

15  corporation is merely a continuation of its predecessor, or (4) the transaction was fraudulently

16  entered into in order to escape liability.  *See In re Lithium Ion Batteries Antitrust Litig.*, Case No.

17  13-MD-2420 YGR, 2014 WL 4955377, at *36, n.34 (N.D. Cal. Oct. 2, 2014) (citing *Atchison v.*

18  *Brown & Bryant, Inc.*, 159 F.3d 358, 361 (9th Cir. 1998)).  To establish that a new corporation is a

19  mere continuation of its predecessor, a plaintiff must show that "(1) no adequate consideration was

21  [70] *See also City of Long Beach v. Standard Oil Co. of Cal.*, 872 F.2d 1401, 1406-07 (9th Cir.
22  1989) (denying summary judgment based on defendants' unusual efforts to maintain an elaborate
    three-cut exchange system for setting fuel prices that plaintiffs alleged were used to fix prices ).

23  [71] Because Plaintiffs have set forth evidence of exchanged production and pricing information, the
    Moving Parties' reliance on *In re Baby Food Antitrust Litig.*, 166 F.3d 112, 133 (3d. Cir 1999)
24  (finding "chit-chat" during chance encounters in the field among competitors' employees
    insufficient to support conspiracy allegations) is misplaced.  *See* MSJ at 13-14.  Likewise, the
25  Moving Parties cite *In re Linerboard Antitrust Litig.*, 504 F. Supp. 2d at 53, for the premise that
26  allegations of opportunity contacts alone are insufficient to survive summary judgment.  But, here,
    Plaintiffs are not relying on opportunity contacts alone, so this premise is irrelevant.

1  given for the predecessor corporation's assets… or (2) one or more persons were officers,

2  directors, or stockholders of both corporations."  *Daewoo Elec. Am. Inc. v. Opta Corp.*, No. C 13-

3  1247 JSW, 2013 WL 3877596, at *6-7 (N.D. Cal. Jul. 25, 2013) (citation omitted); *see also*

4  *Sunnyside Dev. Co. LLC v. Opsys Ltd.*, No. C. 05 0553 MHP, 2007 WL 2462142 (N.D. Cal. Aug.

5  29, 2007).

6  ████████████████████████████████████████████████████████████████

7  ██████████████████████████████████████████  No known consideration was paid by

8  HDP, HTL remained the sole shareholder, ██████████████████████████████████

9  █████████████████████████████████  Section II.B.5., *supra.*  Thus, HDP was

10  merely a continuation of HTL's Display Group and is, therefore, liable for its conduct and the

11  earlier acts of HTL.

12  **V.  CONCLUSION**

13          As demonstrated herein, Plaintiffs have proffered significant evidence from which a

14  reasonable jury could find each of the Moving Parties knowingly participated in the conspiracy.

15  Because the Moving Parties have not met their burden of demonstrating an absence of genuine

16  issues of material fact, the motion should be denied.

17

18  Dated:  December 23, 2014                    By:   *s/ Mario N. Alioto*
                                                Mario N. Alioto (56433)
19                                              Lauren C. Capurro (241151)
                                                TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
20                                              2280 Union Street
                                                San Francisco, CA 94123
21                                              Telephone: (415) 563-7200
                                                Facsimile: (415) 346-0679
22                                              malioto@tatp.com
                                                laurenrussell@tatp.com
23

24                                              *Lead Counsel for Indirect-Purchaser Plaintiffs*

25                                              *On the brief:*

26
                                                Jennie Lee Anderson (203586)
27                                              ANDRUS ANDERSON LLP

28                                              22

155 Montgomery Street
San Francisco, CA 94104
Telephone:      (415) 986-1400
Facsimile:      (415) 986-1474
jennie@andrusanderson.com

*Counsel for Indirect-Purchaser Plaintiffs*


/s/  Philip J. Iovieno


Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
piovieno@bsfllp.com
anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and
Attorneys for Plaintiffs Electrograph Systems, Inc.,
Electrograph Technologies, Corp., Office Depot,
Inc., Compucom Systems, Inc., Interbond
Corporation of America, P.C. Richard & Son Long
Island Corporation, MARTA Cooperative of America,
Inc., ABC Appliance, Inc., Schultze Agency Services
LLC on behalf of Tweeter Opco, LLC and Tweeter
Newco, LLC, and Tech Data Corporation and Tech
Data Product Management, Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ David J. Burman*

David J. Burman (*pro hac vice*)
Cori G. Moore (*pro hac vice*)
Eric J. Weiss (*pro hac vice*)
Nicholas H. Hesterberg (*pro hac vice*)
Steven D. Merriman (*pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Joren Bass (SBN 208143)
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: (415) 344-7120
Facsimile: (415) 344-7320
jbass@perkinscoie.com

*Counsel for Plaintiff Costco Wholesale Corporation*

*/s/ Scott N. Wagner*

Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG MAENA
   PRICE & AXELROD LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Telephone: (305) 374-7580
Facsimile: (305) 374-7593
rturken@bilzin.com
swagner@bilzin.com
mwidom@bilzin.com

*Counsel for Plaintiffs Tech Data Corporation and
Tech Data Product Management, Inc.*

*/s/ David Martinez*

Roman M. Silberfeld
Bernice Conn
David Martinez

24

1  Jill S. Casselman
   ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2  2049 Century Park East, Suite 3400
   Los Angeles, CA  90067-3208
3  Telephone:  (310) 552-0130
   Facsimile:   (310) 229-5800
4  rmsilberfeld@rkmc.com
5  dmartinez@rkmc.com
   jscasselman@rkmc.com
6

7  Elliot S. Kaplan
   K. Craig Wildfang
8  Laura E. Nelson
   ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
9  800 LaSalle Avenue
   2800 LaSalle Plaza
10 Minneapolis, MN  55402
   Telephone:  (612) 349-8500
11 Facsimile:   (612) 339-4181
12 eskaplan@rkmc.com
   kcwildfang@rkmc.com
13 lenelson@rkmc.com

14 *Counsel For Plaintiffs Best Buy Co., Inc., Best Buy*
   *Purchasing LLC, Best Buy Enterprise Services, Inc.,*
15 *Best Buy Stores, L.P., Bestbuy.com, L.L.C., and*
   *Magnolia Hi-Fi, Inc.*
16

17

18 /s/  William J. Blechman
   Richard Alan Arnold (*pro hac vice*)
19 William J. Blechman (*pro hac vice*)
   Kevin J. Murray (*pro hac vice*)
20 KENNY NACHWALTER, P.A.
   201 S. Biscayne Blvd., Suite 1100
21 Miami, FL  33131
   Telephone:  (305) 373-1000
22 Facsimile:  (305) 372-1861
23 rarnold@knpa.com
   wblechman@knpa.com
24 kmurray@knpa.com

25 *Counsel for Plaintiff Sears, Roebuck and Co. and*
   *Kmart Corp.*
26

27

28 /s/  Kenneth S. Marks

25

1    Kenneth S. Marks
     Jonathan J. Ross
2    Johnny W. Carter
     David M. Peterson
3    SUSMAN GODFREY L.L.P.
     1000 Louisiana Street, Suite 5100
4    Houston, Texas 77002
     Telephone:  (713) 651-9366
5    Facsimile:   (713) 654-6666
     kmarks@susmangodfrey.com
6    jross@susmangodfrey.com
     jcarter@susmangodfrey.com
7    dpeterson@susmangodfrey.com
8
     Parker C. Folse III
9    Rachel S. Black
     Jordan Connors
10   SUSMAN GODFREY L.L.P.
     1201 Third Avenue, Suite 3800
11   Seattle, Washington  98101-3000
     Telephone:  (206) 516-3880
12   Facsimile:   (206) 516-3883
     pfolse@susmangodfrey.com
13   rblack@susmangodfrey.com
     jconnors@susmangodfrey.com
14
     *Counsel for Plaintiff Alfred H. Siegel, as Trustee of
15   the Circuit City Stores, Inc. Liquidating Trust*
16
17   /s/  Jerome A. Murphy
     _____
18   Jerome A. Murphy (*pro hac vice*)
     Astor H.L. Heaven (*pro hac vice*)
19   CROWELL & MORING LLP
     1001 Pennsylvania Avenue, N.W.
20   Washington, D.C.  20004
     Telephone:  202-624-2500
21   Facsimile:   202-628-5116
     jmurphy@crowell.com
22   aheaven@crowell.com
23
     Jason C. Murray (CA Bar No. 169806)
24   Robert B. McNary (CA Bar No. 253745)
     CROWELL & MORING LLP
25   515 South Flower St., 40th Floor
     Los Angeles, CA  90071
26   Telephone:  213-443-5582
27
28
                                    26

1

Facsimile:   213-622-2690
jmurray@crowell.com

2

rmcnary@crowell.com

3

*Counsel for Target Corp. and ViewSonic Corp.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLTFS' JOINT OPP TO HITACHI PARTIES' MSJ BASED UPON LACK OF EVIDENCE
OF PARTICIPATION IN THE ALLEGED CONSPIRACY
MDL No. 1917: Master File No. 07-cv-5944 SC

**ECF CERTIFICATION**

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

Dated: December 23, 2014                    _/s/ Jennie Lee Anderson_

Jennie Lee Anderson (203586)
ANDRUS ANDERSON LLP
155 Montgomery Street
San Francisco, CA 94104
Telephone:  (415) 986-1400
Facsimile:  (415) 986-1474
jennie@andrusanderson.com