ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
Bernice Conn, Bar No. 161594
BConn@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:    310-552-0130
Facsimile:    310-229-5800

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING
LLC; BEST BUY ENTERPRISE SERVICES, INC.;
BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No.: 3:07-cv-05944-SC<br>MDL No. 1917 |
| This document relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513-SC<br><br>*Interbond Corp. of Am. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06275-SC<br><br>*Office Depot, Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06276-SC | **DECLARATION OF BRIAN STONE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS**<br><br>**[Opposition to Motion for Summary Judgment [Dkt. 3258] and Declarations of David Martinez, Stuart Singer and Randall William Wick filed previously]**<br><br>Date:    February 6, 2015<br>Time:    10:00 a.m.<br>Judge:   Hon. Samuel Conti |

I, Brian Stone, hereby declare as follows:

1.  I am currently the Director of Vendor Management at Best Buy Purchasing, LLC. I make this declaration on behalf of Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., and Bestbuy.com, LLC. (collectively "Best Buy") based on my personal knowledge.

2. I have been employed at Best Buy since 1998, during which time I have held a variety of positions within Best Buy working with Best Buy's vendors. I also appeared for deposition as Best Buy's corporate designee in this litigation. I have knowledge of Best Buy's purchases of products containing Cathode Ray Tubes ("CRT Products") from 1995 through 2007 (the "Relevant Period").

3. During the Relevant Period, Best Buy purchased and paid for CRT Products from our offices in Richfield, Minnesota, and took delivery of those products in the United States, as reflected at page 380-382 of the Best Buy's corporate representative deposition testimony, a true and correct copy of which is attached hereto as Exhibit 1, and in Best Buy's Objections and Responses to Panasonic Corporation of North America and LG Electronics USA, Inc.'s First Set of Interrogatories, (No. 6), dated May 14, 2014, attached hereto as Exhibit 2.

4. During the Relevant Period, Best Buy purchased CRT Products exclusively from vendors located in the United States.

5. Best Buy's vendors shipped these CRT Products to Best Buy in the United States.

6. Best Buy's purchase data produced in this litigation, at BBYCRT000080 – BBYCRT000094 reflects that Best Buy purchased CRT Products directly from various Defendants, co-conspirators and their affiliates during the Relevant Period.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19 day of December in Richfield, Minnesota.

By: _____

Brian Stone

# Exhibit 1

HIGHLY CONFIDENTIAL
PURSUANT TO THE PROTECTIVE ORDER

Page 205

```
 1            IN THE UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3                   SAN FRANCISCO DIVISION
 4   - - - - - - - - - - - - - - - - - - - - - - - - - -
 5   IN RE:  CATHODE RAY TUBE (CRT)
     ANTITRUST LITIGATION
 6
                       Master File No. 3:07-cv-05944 SC
 7
                       MDL NO. 1917
 8
                       Judge:  Hon. Samuel Conti
 9
     - - - - - - - - - - - - - - - - - - - - - - - - - -
10
     This Document Relates To:
11
     ALL ACTIONS
12
     - - - - - - - - - - - - - - - - - - - - - - - - - -
13
14
15
16
                       HIGHLY CONFIDENTIAL
17
             PURSUANT TO THE PROTECTIVE ORDER
18
         VIDEOTAPED DEPOSITION OF BRIAN R. STONE
19
                          VOLUME 2
20
                     Taken May 22, 2014
21
22
23      Reported By:
24      Anne Marie Sager
25      JOB # 73891
```

TSG Reporting - Worldwide    877-702-9580

HIGHLY CONFIDENTIAL
PURSUANT TO THE PROTECTIVE ORDER

Page 378

1  time period, did Best Buy try to achieve the best
2  margins that it could on CRT products?
3      A   Yes.
4      Q   See right under "payment terms" it says
5  net, 30-days.  Domestic, freight pre-paid shipments
6  to Best Buy DCs.
7          This means that LG is paying for the
8  shipping here, right?
9      A   Yes.
10     Q   And the shipping cost included the price
11 invoiced to you, is that right?
12         MS. CONN:  Objection.
13 BY MS. COLE:
14     Q   Best Buy.  To Best Buy.
15         MS. CONN:  Objection to form.
16     A   Yes.
17 BY MS. COLE:
18     Q   Okay.  Take a look at the last page,
19 page 6 out of 6.
20         Under "MDF" it says the total support
21 funding by LG will be $8.5 million.
22         Do you see that?
23     A   Yes.
24     Q   What was the range typically of MDF
25 funding that Best Buy received from its vendor

Page 379

1  partners during the relevant time period for an
2  annual program?
3          MS. CONN:  Object to form.
4      A   I don't know.
5  BY MS. COLE:
6      Q   Does this reflect a typical amount as you
7  see this here?
8          MS. CONN:  Object to form.
9      A   I don't know.
10 BY MS. COLE:
11     Q   Let me ask you one last question on the
12 first page of this document.
13     A   Okay.
14     Q   Yeah.  That's it.  Under "campaign
15 funding" at the top.  What does "campaign funding"
16 refer to?
17         MS. CONN:  In the document?  I'm going to
18 object to form.
19     A   In this document, the campaigns will be
20 highly integrated across the company and will
21 utilize the use of direct mail, magazine, e-mail and
22 a buyer's guide similar to last year's magalog and
23 bragalog, it looks like.
24 BY MS. COLE:
25     Q   Does -- does campaign funding refer

Page 380

1  generally to MDF funding or does it have some other
2  meaning?
3          MS. CONN:  Separate and apart --
4  BY MS. COLE:
5      Q   Separate and apart from this document.
6          MS. CONN:  Object to form.
7      A   I don't know.
8  BY MS. COLE:
9      Q   What is a bragalog?
10         MS. CONN:  Object to form.
11 BY MS. COLE:
12     Q   If you know.
13     A   I don't know.
14     Q   You can set that document aside.
15         Did Best Buy ever utilize an auction
16 process in purchasing CRT products during the
17 relevant time period?
18     A   Not to my knowledge.
19     Q   Is it accurate to say that Best Buy
20 negotiated its CRT product procurement only with
21 domestic suppliers, in other words, those located
22 within the United States?
23         MS. CONN:  Object to form.
24     A   We would negotiate -- can you restate
25 the question?

Page 381

1  BY MS. COLE:
2      Q   Let me say it a different way.
3          Did Best Buy ever negotiate with vendors
4  overseas for the procurement of CRT products?
5          MS. CONN:  Object to form.
6      A   Not to my knowledge.
7      Q   Did Best Buy ever visit vendors overseas?
8          MS. CONN:  Object to form.
9      A   Yes.
10     Q   Under what circumstances would Best Buy
11 visit vendors overseas?
12         MS. CONN:  Well, object to form.
13     A   There are multiple reasons or potential
14 purposes.  Vendor relationship development.
15 Partnership meeting.
16 BY MS. COLE:
17     Q   During the relevant time period, which
18 vendors, CRT product vendors, did Best Buy visit
19 overseas?
20     A   I don't know.
21     Q   Did Best Buy regularly visit its CRT
22 product vendors overseas?
23         MS. CONN:  Object to form.
24     A   Yes.
25 BY MS. COLE:

45 (Pages 378 to 381)

HIGHLY CONFIDENTIAL
PURSUANT TO THE PROTECTIVE ORDER

Page 382

1  Q   Did Best Buy ever negotiate procurement
2  of CRT products while it was overseas visiting
3  vendors?
4      MS. CONN:  Object to form.
5  A   I don't know.
6  BY MS. COLE:
7  Q   Is it possible?
8      MS. CONN:  Object to form.
9  A   It's possible that a negotiation could
10 have taken place, but the documentation would have
11 been within the U.S. within Minneapolis with POs
12 being written from this location.
13 BY MS. COLE:
14 Q   What individuals visited vendors
15 overseas, at what level?  We talked earlier about
16 merchants, senior merchants.
17 A   It varied.
18 Q   Sometimes merchants would go overseas?
19 A   Not to my knowledge.
20 Q   What about senior merchants?
21 A   Yes.
22 Q   Who else?  What other positions?
23 A   It would have likely been the senior
24 merchant's manager, so a director, and then
25 potentially a higher-up leader as well.

Page 383

1  Q   When you were involved in the monitor
2  business, did you ever have the opportunity to visit
3  a CRT vendor partner overseas?
4  A   I did not.
5  Q   Did any senior merchants on your team
6  visit monitor vendors overseas?
7      MS. CONN:  Object to form.
8  A   No.
9  BY MS. COLE:
10 Q   Did anyone on your team visit any monitor
11 vendors overseas while you were in the monitor
12 business?
13 A   No.
14     MS. CONN:  Object to form.
15 BY MS. COLE:
16 Q   If a negotiation about procurement were
17 to take place overseas, would there be any
18 memorialization of that negotiation?
19     MS. CONN:  Object to form.
20 A   I don't know.
21 BY MS. COLE:
22 Q   When Best Buy employees negotiated with
23 CRT vendors, would they write reports about those
24 negotiations?
25     And when I say "report," I mean any kind

Page 384

1  of report, an e-mail report.
2      MS. CONN:  Well, let me object to form.
3  A   I don't know.
4  BY MS. COLE:
5  Q   Do you know if CRT vendors ever shipped
6  their products directly from overseas to Best Buy?
7  A   No.
8  Q   How would they get shipped then if they
9  were coming from overseas?
10     MR. GRALEWSKI:  Object to form.
11 A   The vendor would ship the product to the
12 U.S. and than at that point the U.S. Best Buy would
13 take possession of the goods from the vendor.
14 Q   Did Best Buy ever take possession of
15 goods in Mexico?
16     MS. CONN:  Object to form.
17 A   I don't know.
18 BY MS. COLE:
19 Q   Do you know if they ever took possession
20 of goods anywhere outside of the United States?
21     MS. CONN:  Object to form.
22 A   No, I don't.
23 BY MS. COLE:
24 Q   Did Best Buy typically issue purchase
25 orders to the CRT product manufacturers from which

Page 385

1  it procured goods?
2  A   Yes.
3  Q   Was that done electronically or was it
4  done via paper during the relevant time period?
5  A   I believe both.
6  Q   Both throughout the entire time period or
7  did it change from a paper process to an electronic
8  process at some point during the relevant
9  time period?
10 A   I don't know.  My assumption is it
11 transitioned, but I don't know.
12 Q   Do you know whether paper purchase orders
13 would have been stored somewhere within Best Buy?
14 A   No.
15 Q   No, you don't know?
16 A   No, I don't know.
17 Q   Where were Best Buy's distribution
18 centers within the United States?
19 A   I don't know the specific locations.
20 Q   Were they throughout the United States?
21 A   They tended to be regionalized.
22 Q   Did Best Buy have any stores outside of
23 the United States during the relevant time period?
24 A   No.
25 Q   Not in Canada?

46 (Pages 382 to 385)

TSG Reporting - Worldwide    877-702-9580

# Exhibit 2

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
Bernice Conn, Bar No. 161594
Bconn@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile:   310-229-5800

Attorneys for Plaintiffs

BEST BUY CO., INC.; BEST BUY PURCHASING LLC;
BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY
STORES, L.P.; BESTBUY.COM, LLC; MAGNOLIA HI-FI,
INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to<br>Individual Case No. 3:11-cv-05513-SC | Master File No. M:07-5994-SC<br>MDL No. 1917<br><br>Case No. 3:11-cv-05513-SC |
| BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.,<br><br>             Plaintiffs,<br><br>     v.<br><br>HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.;<br><br>(CONTINUED ON NEXT PAGE) | **BEST BUY'S OBJECTIONS AND RESPONSES TO DEFENDANTS PANASONIC CORPORATION OF NORTH AMERICA AND LG ELECTRONICS USA, INC.'S FIRST SET OF INTERROGATIORIES** |

60753499.2

OBJECTIONS AND RESPONES
TO DEFENDANTS PANASONIC'S AND LG ELECTRONICS'
FIRST SET OF INTERROGATORIES

| | |
|---|---|
| 1 | PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; MT PICTURE DISPLAY CO., LTD.; BEIJING MATSUSHITA COLOR CRT CO., LTD.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD.; PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA.; SAMTEL COLOR LTD.; THAI CRT CO., LTD.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES (MALAYSIA); TATUNG COMPANY OF AMERICA, INC., |
| | Defendants. |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | PANASONIC CORPORATION OF NORTH AMERICA and LGE ELECTONICS USA, INC. |
| **RESPONDING PARTY**: | BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC. |
| **SET NO.:** | FIRST |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc., Best Buy Stores, L.P.; BestBuy.Com, L.L.C.; and Magnolia HI-FI, Inc. (collectively "Best Buy") hereby Object and Respond to Defendants Panasonic Corporation of North America and LG Electronics USA, Inc.'s Third Set of Interrogatories (hereinafter, the "Interrogatories").

### RESERVATIONS OF RIGHTS

In responding to these Interrogatories, Best Buy states that it has conducted, or will conduct, a diligent search, reasonable in scope, for information that is relevant to the Interrogatories. In the event that additional information relevant to the Interrogatories is later identified or brought to Best Buy's attention, Best Buy reserves the right to amend, revise,

Robins, Kaplan, Miller & Ciresi L.L.P.
Attorneys At Law
Los Angeles

Best Buy identify each "DOCUMENT, PERSON or other evidentiary source that YOU rely upon," and seeks information that is maintained by and equally available to Defendants and/or stated in publicly available documents. Best Buy further objects to this interrogatory as premature contention discovery.

**Interrogatory No. 4:**

Describe in detail and in narrative form (including by identifying each DOCUMENT, PERSON or other evidentiary source that YOU rely upon) how any changes in the initial CRT price charged by any DEFENDANT can be traced through to the price paid for a CRT PRODUCT by an individual end consumer in the retail market.

**Response:**

In addition to the General Objections above, Best Buy objects to this interrogatory because it is overly broad, unduly burdensome, and oppressive, particularly as it requests that Best Buy identify each "DOCUMENT, PERSON or other evidentiary source that YOU rely upon," and seeks information that is maintained by and equally available to Defendants and/or stated in publicly available documents. Best Buy further objects to this interrogatory as premature contention discovery.

**Interrogatory No. 5:**

For all purchases of a CRT or CRT PRODUCT upon which YOU base any claim in this action describe in detail and in narrative form the negotiation and bidding process.

**Response:**

In addition to the General Objections above, Best Buy objects to this interrogatory because it is overly broad, unduly burdensome, and oppressive, particularly as it requests that Best Buy "describe in detail and in narrative form the negotiation and bidding process" for all purchases made over a 12-year period, and seeks information that is maintained by and equally available to Defendants.

**Interrogatory No. 6:**

For all purchases of a CRT or CRT PRODUCT upon which YOU base any claim in this action IDENTIFY:

a. all locations(s) at which the price was negotiated;

b. all locations(s) at which the other terms and conditions of purchase were negotiated;

c. all locations(s) at which the price and other terms and conditions of purchase were agreed upon;

d. the IDENTITY of each supplier who submitted a bid, or otherwise proposed a price, for the CRT or CRT PRODUCT;

e. the IDENTITY of each supplier(s) chosen to supply the CRT or CRT PRODUCT;

f. the reason(s) for choosing supplier(s) to supply the CRT or CRT PRODUCT;

g. all locations(s) to which the CRT or CRT PRODUCT, or any product containing the CRT or CRT PRODUCT, was shipped by YOU or someone acting on YOUR behalf;

h. the IDENTITY of all entities that paid for the CRT or CRT PRODUCT; and

i. all locations(s) and the IDENTITY of all financial institution(s) from which payment for the CRT or CRT PRODUCT was sent.

**Response:**

In addition to the General Objections above, Best Buy objects to this interrogatory because it is overly broad, unduly burdensome, and oppressive in that it seeks detailed information in narrative form for each purchase of CRT Products over a 12-year period.  Subject to and without waiving these objections, Best Buy responds that its purchases of CRT Products occurred in Minnesota.

**Interrogatory No. 7:**

IDENTIFY each entity other than YOU, including by stating whether the entity is incorporated under the laws of a country other than the United States, that was involved in a purchase of a CRT or CRT PRODUCT upon which YOU base any claim in this action and describe the nature of that entity's involvement, including, but not limited to, whether the entity:

a. negotiated the price or other terms and conditions of purchasing the CRT or CRT PRODUCT;

b. agreed to the purchase of the CRT or CRT PRODUCT;

**Response:**

Best Buy is not currently asserting any claim based on an assignment of rights.

**Interrogatory No. 10:**

To the extent YOU base any claim in this action on a purchase of a CRT or CRT PRODUCT that was shipped at any point to a location in Mexico or Canada, IDENTIFY for all such purchases:

    a.    whether at any time the CRT or CRT PRODUCT was shipped, warehoused, or otherwise maintained in bond, including the location(s) and time period(s) during which the CRT or CRT PRODUCT was in bond;

    b.    all locations(s) at which the invoice for the CRT or CRT PRODUCT was received, including the IDENTITY of the entity who received the invoice; and

    c.    the location(s) of all bank accounts used to pay the invoice for the CRT or CRT PRODUCT, including the IDENTITY of the entity who paid the invoice.

**Response:**

In addition to the General Objections above, Best Buy objects to this interrogatory because it is overly broad, unduly burdensome, vague, and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Best Buy further objects to the extent this interrogatory seeks information that is maintained by Defendants or a third party and/or equally available to Defendants. Best Buy further objects to this interrogatory as premature contention discovery.

DATED: May 14, 2014

                                          **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

                                          By: /s/ Laura E. Nelson
                                                 Roman M. Silberfeld
                                                 David Martinez
                                                 Laura E. Nelson

                                        **ATTORNEYS FOR PLAINTIFFS**
                                        **BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, LLC; MAGNOLIA HI-FI, INC.**