# EXHIBIT 35

CCH U.S. MASTER SERIES

# 2012
# U.S. MASTER
# GAAP GUIDE

Brad E. Munoz and Elizabeth Harper



CCH

a Wolters Kluwer business

$13,861) with the future interest cash flows of $20,000 and the future bond maturity cash flows of $400,000. The rate that equates these two amounts is 5%. Using the current effective rate of 6% and the new effective rate of 5%, interest income and amortization of the unrealized holding loss is computed in Table 3-22.

### Table 3-22
### Computation of Interest Income and Amortization of Unrealized Holding Loss

| | | |
|---|---|---|
| Carrying value of the bond | $386,139 | |
| Effective interest rate | 6% | |
| Interest income before unrealized loss | | $23,168 |
| Carrying value of the bond | $386,139 | |
| Unrealized holding loss | 13,861 | |
| Carrying value with loss | $400,000 | |
| New effective rate | 5% | |
| Interest income with unrealized loss | | 20,000 |
| Amortization of unrealized loss | | $3,168 |

## Topic 323: Investments—Equity Method and Joint Ventures

Topic 323, *Investments—Equity Method and Joint Ventures*, contains seven subtopics:

10 Overall

30 Partnerships, Joint Ventures, and Limited Liability Entities

740 Income Taxes

932 Extractive Activities—Oil and Gas

946 Financial Services—Investment Companies

970 Real Estate—General

974 Real Estate—Real Estate Investment Trusts

See the corresponding topic in Chapter 9 for coverage of this shared subtopic.

### Flowchart and General Discussion

Perhaps the most important decision the accountant must make to determine if ASC 323-10 is applicable involves the computation of the percentage of ownership of the investor in the investee company's voting stock. Note that ASC 323-10 is not applicable to common stock investments of the following: entities of a nonbusiness nature, investment companies covered by the Investment Company Act of 1940, and entities that would be covered by the Investment Company Act of 1940 if certain conditions were met.

Chart 3-2 depicts the major points of ASC 323-10-15 which tells the reader if ASC 323-10 is applicable

**Chart 3-2**
**Percentage of Ownership**

| Applicable Accounting | Percentage Ownership |
|---|---|
| | 100 |
| Can use equity or cost when consolidation is not appropriate under ASC 810 | |
| | Consolidate |
| | 50 |
| Can use cost method if it can be demonstrated that significant influence does not exist | |
| | Equity |
| | 20 |
| Can use equity method if significant influence can be demonstrated | |
| | Cost |
| | 0 |

Chart 3-2 shows that if an investor company owns 20% or more of the voting stock (voting common and voting preferred) of the investee company, the investment qualifies for equity method accounting because the presumption is that the investor company can exert significant influence over the operating or financial policies of the investee. If the investor company owns less than 20% of the voting stock of the investee, the equity method is not applicable because the presumption is that the investor cannot exert significant influence over the investee. This presumption of significant influence can be overcome by the facts of a particular situation. There are situations where investor companies own less than 20% of the voting stock of an investee and can exert significant influence over the operating or financial policies of the investee. A company owning less than 20% of the voting stock can demonstrate significant influence by membership on the board of directors or participation in policy making. Consult ASC 323-10-15 for a more complete discussion of the demonstration of significant influence.

It is also possible for an investor company owning more than 20% but less than 50% of the voting stock to be unable to exert significant influence over the policies of the investee. The following examples are situations where the presumption of significant influence may fail (ASC 323-10-15-10)

1. Using channels such as litigation or complaints to regulatory authorities, the investee company opposes the investor's efforts to exert significant influence
2. The investor relinquishes rights to exert significant influence through an agreement between the investee and investor
3. Other investors have sufficient ownership to operate the investee company and can disregard the wishes of the investor
4. The investor is unsuccessful in its attempts to acquire more financial data from the investee company than is available to other owners of the investee company
5. The investor is unsuccessful in its efforts to get representation on the board of directors of the investee company

As explained in ASC 323-10-15-11, the preceding list does not cover all cases where an investor owning more than 20% of the voting stock of the investee fails to exercise significant influence. The key point to remember is that investor companies that are able to exert significant influence should use the equity method regardless of the percentage of ownership. The 20% ownership criterion is merely an attempt to quantify the concept of significant influence.

As shown in Chart 3-2, if ownership in the voting stock of an entity exceeds 50%, the entity is viewed as a subsidiary of the parent company and consolidation generally is appropriate. All majority-owned subsidiaries must be consolidated except for two situations. The two situations are as follows:

1. A parent company should not consolidate the financial statements of a subsidiary when the majority owners do not have control of the subsidiary
2. A parent company should not consolidate the financial statements of a subsidiary when temporary control of the subsidiary is likely

If a subsidiary is not consolidated because of one of the two preceding reasons, the investment in the subsidiary must be accounted for by either the cost method or the equity method. The rules used for determining whether the cost method or the equity method is used for investments of 50% or less ownership should be used to determine which method is used for unconsolidated subsidiaries. That is, if a parent company can exert significant influence over the operating policies of the subsidiary, the equity method should be used. If significant influence cannot be demonstrated, the cost method is appropriate. Because the only reason a subsidiary is not consolidated is lack of control, generally the cost method would be used. However, there are situations where a parent company does not have control but can exert significant influence.

Flowchart 3-4 illustrates the percentage of ownership criteria and goes on to show the general provisions of ASC 323-10. As shown in Blocks 1 and 2 of Flowchart 3-4, if the investor company previously held an equity investment of less than 20% but subsequently has increased its percentage ownership to more than 20%, a retroactive adjustment will be necessary before equity accounting treatment is begun. Naturally, if the percentage of ownership falls below 20% (and significant influence cannot be demonstrated), the investor would discontinue the equity accounting treatment (Blocks 5, 6, and 7).