1  Kenneth A. Gallo (*pro hac vice*)
   Joseph J. Simons (*pro hac vice*)
2  Craig A. Benson (*pro hac vice*)
   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
3  2001 K Street, NW
   Washington, DC  20006-1047
4  Telephone:  (202) 223-7300
   Facsimile:  (202) 223-7420
5  Email: kgallo@paulweiss.com
   Email: jsimons@paulweiss.com
6  Email: cbenson@paulweiss.com

7  Stephen E. Taylor (SBN 058452)
   Jonathan A. Patchen (SBN 237346)
8  **TAYLOR & COMPANY LAW OFFICES, LLP**
   One Ferry Building, Suite 355
9  San Francisco, California  94111
   Telephone:  (415) 788-8200
10 Facsimile:  (415) 788-8208
   Email: staylor@tcolaw.com
11 Email: jpatchen@tcolaw.com

12 *Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

13

   [Additional counsel listed on signature page]
14

                   **UNITED STATES DISTRICT COURT**
15                 **NORTHERN DISTRICT OF CALIFORNIA**
                        **SAN FRANCISCO DIVISION**
16

17 | In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-5944 SC<br>MDL No. 1917 |
|---|---|
| This Document Relates to:<br><br>*Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-01173;<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;<br><br>*Costco Wholesale Corporation v. Technicolor SA,* | **PLAINTIFFS' OPPOSITION TO THOMSON SA'S EMERGENCY MOTION TO AMEND ITS ANSWERS AND FOR PARTIAL RELIEF OF THE COURT'S ORDER RE: THOMSON SA DISCOVERY**<br><br>DATE:    January 23, 2015<br>TIME:    10:00 a.m.<br>PLACE:  Courtroom 1, 17th Floor<br>JUDGE:  Hon. Samuel Conti |

1 | *et al.*, No. 13-cv-05723;
2 | *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725
3 |
4 | *Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;
5 |
6 | *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;
7 | *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;
8 |
9 | *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;
10 | *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510;
11 |
12 | *Crago, et al. v. Mitsubishi Electric Corp.*, No. 14-cv2058.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs[1] are pleased that Thomson SA ("Thomson") is now proposing, after nearly two years, to abandon a baseless personal jurisdiction defense that should have never been asserted in the first place. But, Plaintiffs still need protection from the Court against substantial prejudice that could result from what appears to be just another tactical maneuver by Thomson. Thomson is trying to make it harder for Plaintiffs to enforce a judgment in this case against it in France (where Thomson is headquartered) by avoiding a final judicial finding by this Court that personal jurisdiction is proper, and by preventing Plaintiffs from getting discovery here of documents they can use later in a French enforcement proceeding to establish that it was proper for this Court to exercise such jurisdiction.

Thomson has gone through enormous efforts to avoid producing documents reflecting its involvement with the United States and this conspiracy: it asserted for nearly two years that the Court could not exercise personal jurisdiction; it litigated and lost two motions to dismiss on the subject; it obtained a year-long stay due to the defense; and it sought to avoid all document discovery on the subject pursuant to a French blocking statute. Now, confronted with an order to specifically produce documents related to the personal jurisdiction defense, it would have the Court believe that it is dropping the defense merely to avoid the mechanical expense of reviewing and producing the documents. But the history of the parties' negotiations related to this subject makes it clear that Thomson is once again trying to manipulate the Federal Rules of Civil Procedure to gain a tactical advantage.

To be clear, Plaintiffs have repeatedly and consistently told Thomson that they would consent to Thomson dropping the personal jurisdiction defense so long as it truly dropped the defense for all purposes, including during proceedings to enforce a judgment in France. Plaintiffs are not trying to "extract concessions regarding unrelated legal issues." Thomson Mem. at 2. The only reason the parties did not reach an agreement stipulating to the dismissal of the defense is that Thomson wants to reserve the ability to argue to a French court that this Court did

---

[1] "Plaintiffs" refers to the plaintiffs in the above-captioned cases.

1  not properly exercise personal jurisdiction, so its judgment should not be respected and enforced
2  in France.  Thomson knows that it will be difficult or impossible for Plaintiffs to get discovery in
3  France sufficient to prove up all of the facts related to this Court's personal jurisdiction in a
4  French court.

5  Consequently, Plaintiffs respectfully ask the Court to accompany the order
6  permitting Thomson to amend its answers and withdraw the defense with an order either: (1)
7  prohibiting Thomson from arguing before a French court, in a proceeding to enforce a judgment
8  in this action, that this Court lacked proper jurisdiction over Thomson; or (2) ordering Thomson
9  to fully comply with the Court's prior order to produce all of the documents.

10 **Background.**  Thomson's papers create the impression that it is finally ready to
11 come clean by dropping the personal jurisdiction argument.  But that is not true.  It just wants to
12 have a different court finally determine the argument and do so without giving Plaintiffs access to
13 document discovery.  In November 2014, Thomson asked Plaintiffs if they would stipulate to
14 Thomson dropping the personal jurisdiction defense, in exchange for not having to produce
15 "Category 2" documents solely related to personal jurisdiction. (Thomson Exh. 16.)  Plaintiffs
16 responded affirmatively, so long as Thomson would drop the defense for all purposes including
17 enforcement of a judgment in France.  (*Id.*)  Contrary to Thomson's assertions, Plaintiffs' only
18 goal was to prevent Thomson from arguing to a French court asked to enforce a judgment in this
19 action that this Court's jurisdiction over Thomson was suspect and therefore this Court's
20 judgment should not be respected.  As negotiations progressed, Thomson wanted to ensure that
21 the stipulation would be limited to this action (so that it could not be used against Thomson in
22 unrelated U.S. litigation), and also made clear that Thomson was not stipulating to enforcement of
23 judgment in France. (Declaration of Craig A. Benson, Exh. 1 (Dec. 15, 2014 Email from K.
24 Osborn to J. Lueptow).)  The Plaintiffs' most recent versions of the draft stipulation accepted both
25 of these conditions.[2]  But Thomson has still refused *to agree not to specifically contest this*

---

[2] The draft stipulation that Plaintiffs provided on December 16 would have stipulated that: "1. Thomson SA has appeared in this action and admits, for purposes of the above-referenced actions only, this Court has specific personal jurisdiction over Thomson SA in the United States; . . . and 5. Thomson SA and the DAPs and DPPs agree that for purposes of this stipulation, efforts (either

*Court's jurisdiction* in a French proceeding to enforce an eventual judgment (Roberts Decl. ¶ 26), which is the only reason this issue is before the Court rather than resolved by stipulation.

Here is why this matters. Before a French court will enforce a judgment from another country, French law requires that it perform its own independent analysis of whether the foreign court that entered the judgment had jurisdiction over the defendant. Nathalie Meyer Fabre, *Recognition and Enforcement of U.S. Judgments in France – Recent Developments*, Int'l Disp. Resol. News, Spring 2012, at 7 (citing Cass. 1e civ., Feb. 20, 2007, *Cornelissen v. Avianca Inc.*, Bull. civ. I, No. 68 (Fr.) (Benson Decl., Exh. 3)). In testing jurisdiction, the French court conducts an independent analysis of the following factors: (1) whether the case falls within the exclusive jurisdiction of the French courts; (2) whether there is a connection between the subject matter of the dispute and the foreign Court that issued the judgment; and (3) whether the plaintiff's choice of forum was fraudulent. *Id.* at 6 (citing Cass. 1e civ., Feb. 6, 1985, *Simitch v. Fairhurst*, Bull. civ. I, No. 55 (Fr.) (Benson Decl., Exh. 4)). By dropping its personal jurisdiction defense at the very last minute, Thomson apparently hopes to avoid a final judicial determination by this Court that personal jurisdiction is proper, a finding that Plaintiffs could later use to powerful effect in a French court during an enforcement proceeding. It also hopes to avoid giving Plaintiffs the document discovery they could use to prove up the details of personal jurisdiction facts in a French court. Such discovery is unlikely to be available in a French court.

This last minute maneuver is all the more objectionable given the current posture of this case and the long, tortured history surrounding this defense. Thomson filed this "emergency motion" eight weeks after the Court ordered documents related to personal jurisdiction produced, after Plaintiffs had already filed a motion to enforce the Court's Order compelling their production (MDL Dkt. No. 2964), and just four days before the deadline for

---

in the United States or in another country) to collect on a judgment from the above-referenced actions shall be considered part of the above-referenced actions, to which this stipulation shall apply in full[.]" (Benson, Decl., Exh. 2 (Dec. 16, 2014 Draft Stipulation).) The draft stipulation did not purport to apply to other unrelated U.S. litigations or to stipulate that a judgment would be enforceable in France.

production. The result, of course, is that the Plaintiffs will not receive the documents in timely fashion, no matter the outcome of this motion.

And this is just the latest in a series of maneuvers Thomson has employed involving this meritless personal jurisdiction defense to delay and prevent discovery. First, Thomson obtained a stay of discovery, (MDL Dkt. No. 1820), then Thomson filed two motions to dismiss for lack of personal jurisdiction, which the Court ultimately determined were meritless, (MDL Dkt. No. 2440), and then when the Court lifted the discovery stay Thomson *again* refused to comply with discovery, now on the basis of a French blocking statute. Even after the Special Master denied Thomson's motion and ordered it to complete discovery, (MDL Dkt. No. 2812), Thomson refused to take any action to even investigate how to accomplish the discovery for weeks. Not until this Court ordered Thomson to complete discovery did Thomson finally start to fulfill its obligations under the Federal Rules. (MDL Dkt. No. 2945.) Now Thomson again says that it cannot comply.[3]

**Argument.** Plaintiffs do not oppose permitting Thomson to amend its complaint to withdraw its personal jurisdiction defense, provided Plaintiffs are protected from Thomson's further procedural maneuvering at the enforcement stage.

If the relief Plaintiffs seek here seems novel, it is only because of the unique circumstances in this case. It is beyond question that courts may preclude parties before them from making arguments and taking actions in other proceedings. Examples of this abound. In a most familiar variety, courts enjoin parties from using evidence from one case in other proceedings. *See, e.g., Sperry Rand Corp. v. Rothlein*, 288 F.2d 245, 246, 248-49 (2d Cir. 1961);[4] *On Command Video Corp. v. Lodgenet Ent. Corp.*, 976 F. Supp. 917, 921-22 (N.D. Cal. 1997);

---

[3] Thomson also reveals that "Thomson SA decided several weeks ago to withdraw this [personal jurisdiction] defense." Thomson Mem. at 1:12-13. If so, Thomson could have filed this "emergency" motion at any time after it purportedly decided no longer to contest personal jurisdiction. Instead, Thomson spent "several weeks" on what Plaintiffs had believed were meaningful and good faith negotiations over a personal jurisdiction stipulation before abruptly ending them.

[4] In *Sperry Rand*, the Second Circuit observed that "the district court acted well within its equitable discretion in issuing the order irrespective of authority which may or may not exist under a statute or rule of procedure." 288 F.2d at 249.

*Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, Civil Action No. 07-2352, 2007 WL 1498114, at *8-9 (S.D.N.Y. May 23, 2007). In a different context, a federal court enjoined a party from dismissing or accepting settlement of its claims in a separate state court action. *Norstan, Inc. v. Lancaster*, Civil Action No. 12-481, 2012 WL 1946591, at *5 (D. Ariz. May 30, 2012). Indeed, many years ago (before the merger of law and equity) the Supreme Court affirmed issuance of a bill of equity specifically enjoining a litigant from raising a jurisdictional defense in future proceedings to collect on a judgment. *Davis v. Wakelee*, 156 U.S. 680, 683, 691-92 (1895). This is squarely on point here.

Courts can, of course, take more drastic measures – even enjoining parties from bringing actions in foreign jurisdictions that would frustrate or undermine a United States proceeding or judgment. *See, e.g., Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League,* 652 F.2d 852, 855 (9th Cir. 1981) ("A federal district court with jurisdiction over the parties has the power to enjoin them from proceeding with an action in the courts of a foreign country . . . ."). Plaintiffs seek something far more modest here. Rather than barring an entire foreign proceeding, Plaintiffs merely seek only to enjoin Thomson from later arguing elsewhere that this Court lacks jurisdiction over it, when it is Thomson that refuses to provide the discovery pursuant to the Federal Rules that would be necessary to put the matter to rest. Each of the *Seattle Totems* factors supports entry of such a narrowly tailored injunction: it will prevent substantial prejudice to Plaintiffs, promote the efficient administration of justice, and promote the convenience of the parties and witnesses by preventing Thomson from resurrecting the personal jurisdiction issue at the enforcement stage instead of resolving it here. *See Seattle Totems*, 652 F.2d at 856 (listing factors).[5] Such an order is necessary to prevent irreparable harm to Plaintiffs if Thomson is relieved of its obligation to provide jurisdictional discovery in this action, and then Thomson succeeds in blocking the Plaintiffs from obtaining discovery in the French action to support this Court's jurisdiction, as Thomson doubtless will attempt to do. There is no adequate legal remedy

---

[5] The Court retains jurisdiction to enforce its orders after the final judgment in a civil action. *Peacock v. Thomas*, 516 U.S. 349, 356 (1996); *see also Hook v. State of Ariz., Dep't of Corr.*, 972 F.2d 1012, 1014 (9th Cir. 1992) ("A district court retains jurisdiction to enforce its judgments.").

that could substitute for the injunction under these circumstances; the balance of the equities favors Plaintiffs' attempts to avoid such prejudice and disfavors Thomson's efforts to avoid having this Court decide the jurisdictional issue; and it is in the public interest that this Court protect its jurisdiction and prevent Thomson from prejudicing Plaintiffs, creating further uncertainty and wasting resources by deferring the jurisdictional issue with the goal of securing a procedural advantage in France.

Alternatively, the Plaintiffs respectfully submit that the Court may grant dismissal of the defense but also order Thomson to comply with the Court's existing order to complete production of the documents at issue, such that the Plaintiffs are armed to litigate jurisdictional issues – if they must – when they seek to enforce an eventual judgment against Thomson in France. Thomson is wrong to suggest that it is beneath this Court's notice or beyond this Court's power to require jurisdictional discovery. *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (reversing district court's decision not to permit jurisdictional discovery and stating "discovery should be granted when, as here, the jurisdictional facts are contested or more facts are needed"). In fact, the same treatise cited by Thomson explains that discovery for the purpose of developing facts to support personal jurisdiction is appropriate under Federal Rule 26. 8 Charles Alan Wright, et al., *Fed. Prac. & Proc. Civ.* § 2008.3 (3d ed. 2014) (describing why jurisdictional discovery is important and often is necessary for the court).[6] Such an order compelling discovery is appropriate here. Moreover, Thomson's arguments regarding the burden of producing documents relevant to personal jurisdiction should be rejected. This discovery is necessary precisely because Thomson has refused to agree that it will not challenge this Court's

---

[6] Thomson purports to cite "hornbook law" that a party may not obtain discovery on facts relevant to enforce a judgment. (Mot. at 9, citing 8 Wright, et al., *Fed. Prac. & Proc. Civ.* § 2010.) But the treatise section cited for this proposition pertains solely to discovery as to the "existence and limits of insurance" and is irrelevant to jurisdictional discovery. Thomson also cites Fed. R. Civ. P. 69 which provides for discovery at the execution stage, for example to discover assets to execute against. But Plaintiffs will not be able to rely on Rule 69 in their efforts to enforce the judgment in France, and even if it applied, contrary to Thomson's assertion, there is nothing in Rule 69 to suggest that it forbids jurisdictional discovery prior to entry of judgment.

jurisdiction, and any burden that Thomson faces in providing the discovery now is the direct consequence of Thomson's months and years of discovery delays.[7]

For the foregoing reasons, Plaintiffs respectfully request that this Court only grant Thomson's motion if the Court enters an Order forbidding Thomson from contesting this Court's jurisdiction at the enforcement stage. In the alternative, the Court should order Thomson to produce within ten days the personal jurisdiction documents subject to the Court's prior Order of October 23, 2014.

Dated: December 23, 2014

By: */s/ Craig A. Benson*

Kenneth A. Gallo (pro hac vice)
Joseph J. Simons (pro hac vice)
Craig A. Benson (pro hac vice)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

---

[7] Thomson's demonstrated intent to preserve its arguments for the enforcement stage also defeats its judicial estoppel argument. *See* Thomson Mem. at 9 n.3. It is Thomson which has chosen not to provide the bargained-for final resolution of the personal jurisdiction issue in exchange for foregoing jurisdictional discovery. There is no inconsistency in Plaintiffs' position, and it is Plaintiffs who face unfair disadvantage and prejudice absent relief.

By: */s/ Kenneth S. Marks*

Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
John P. Lahad
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
kmarks@susmangodfrey.com
jross@susmangodfrey.com
jcarter@susmangodfrey.com
dpeterson@susmangodfrey.com
jlahad@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
pfolse@susmangodfrey.com
rblack@susmangodfrey.com
jconnors@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as  Trustee of the Circuit City Stores, Inc. Liquidating Trust*

By: /s/ *David Martinez*

Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
Jill Casselman
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com
Email: jcasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
Email: eskaplan@rkmc.com
Email: kcwildfang@rkmc.com
Email: lenelson@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C.*

|   |   |
|---|---|
| 1 |   |
| 2 | By: /s/ *Jason Murray* |
| 3 | Jason C. Murray (CA Bar No. 169806) |

By: /s/ *Jason Murray*

Jason C. Murray (CA Bar No. 169806)
**CROWELL & MORING LLP**
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
Email aheaven@crowell.com

*Attorneys for Target Corp. and Viewsonic Corp.*

| | |
|---|---|
| 1 | |
| 2 | By:  /s/ *Richard Arnold* |
| 3 | Richard Alan Arnold |
| | William J. Blechman |
| 4 | Kevin J. Murray |
| | **KENNY NACHWALTER, P.A.** |
| 5 | 201 S. Biscayne Blvd., Suite 1100 |
| | Miami, FL 33131 |
| 6 | Tel: 305-373-1000 |
| 7 | Fax: 305-372-1861 |
| | Email: rarnold@knpa.com |
| 8 | Email: wblechman@knpa.com |
| | Email: kmurray@knpa.com |
| 9 | |
| 10 | *Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.* |

| | |
|---|---|
| 1 | By: */s/ Philip J. Iovieno* |
| 2 | |
| 3 | Stuart Singer<br>**BOIES, SCHILLER & FLEXNER LLP** |
| 4 | 401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301 |
| 5 | Telephone: (954) 356-0011<br>Facsimile: (954) 356-0022 |
| 6 | Email:        ssinger@bsfllp.com |
| 7 | Philip J. Iovieno<br>Anne M. Nardacci |
| 8 | **BOIES, SCHILLER & FLEXNER LLP** |
| 9 | 10 North Pearl Street, 4th Floor<br>Albany, NY 12207 |
| 10 | Telephone: (518) 434-0600<br>Facsimile: (518) 434-0665 |
| 11 | Email:        piovieno@bsfllp.com<br>Email:        anardacci@bsfllp.com |
| 12 | |
| 13 | *Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc.,* |
| 14 | *Interbond Corporation of America, P. C. Richard & Son Long Island Corporation, Marta Cooperative of America, Inc., ABC* |
| 15 | *Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC, Tweeter Newco, LLC, Tech Data* |
| 16 | *Corporation, and Tech Data Product Management, Inc.* |

PLAINTIFFS' OPPOSITION TO THOMSON SA'S EMERGENCY MOTION
CASE NO. 07-CV-5944; MDL NO. 1917

12

By: */s/ David J. Burman*

David J. Burman
Cori G. Moore
Nicholas H. Hesterberg
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
Email:       dburman@perkinscoie.com
Email:       cgmoore@perkinscoie.com
Email:       nhesterberg@perkinscoie.com

Joren S. Bass (Cal. Bar No. 208143)
**PERKINS COIE LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: (415) 344.7000
Facsimile: (415) 344.7050
Email:       jbass@perkinscoie.com
*Attorneys for Plaintiff Costco Wholesale Corporation*

*/s/ Guido Saveri*
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
Travis L. Manfredi (281779)
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

**E-FILING ATTESTATION**

I, Craig A. Benson, am the ECF user whose ID and password are being used to file the **PLAINTIFFS' OPPOSITION TO THOMSON SA'S EMERGENCY MOTION TO AMEND ITS ANSWERS AND FOR PARTIAL RELIEF OF THE COURT'S ORDER RE: THOMSON SA DISCOVERY**.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing.

**CERTIFICATE OF SERVICE**

On December 23, 2014, I caused a copy of **PLAINTIFFS' OPPOSITION TO THOMSON SA'S EMERGENCY MOTION TO AMEND ITS ANSWERS AND FOR PARTIAL RELIEF OF THE COURT'S ORDER RE: THOMSON SA DISCOVERY** to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

DATED:  December 23, 2014          By: */s/ Craig A. Benson*
                                           Craig A. Benson