# EXHIBIT 1

| | |
|---|---|
| **From:** | Lueptow, Jacqueline V <jlueptow@paulweiss.com> |
| **Sent:** | Tuesday, December 16, 2014 9:29 AM |
| **To:** | Osborn, Kathy L.; Benson, Craig A; Pentelovitch, Norman H; Gallo, Kenneth A; Ball, David J; Warren, Blaise |
| **Cc:** | Hurley, Ryan M.; Roberts, Jeffrey S.; Clark, Matthew D.; Judge, Stephen M. |
| **Subject:** | RE: CRT Discovery Matters |
| **Attachments:** | Proposed Stipulation on Thomson SA Personal Jurisdiction (Paul Weiss Edi....docx; Change-Pro Redline - Proposed Stipulation on Thomson SA Personal Jurisdi....docx |

Kathy,

We attach our changes in clean copy and redline.  The changes largely reflect that while can agree that Thomson SA is stipulating to personal jurisdiction in the above-referenced actions only, we also need to make clear that the "above-reference actions" encompass an action by the plaintiffs in France to enforce a judgment against Thomson SA.  We also have reinserted the limitation as to Topic 25 of the 30(b)(6) topics.  The other topics in "Category 2" pertain to both personal jurisdiction and to other non-jurisdiction issues.  While we agree that Topic 25 uniquely pertains to personal jurisdiction, the other topics do not, and we reserve the right to ask questions about them.

Best,
Jaci


**Jacqueline Lueptow** | Associate - Admitted only in New York - *Not a member of the DC Bar. Supervised by a member of the DC Bar.
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
(202) 223-7469 (Direct Phone) | (202) 330-5937 (Direct Fax)
jlueptow@paulweiss.com | www.paulweiss.com

---

**From:** Osborn, Kathy L. [mailto:Kathy.Osborn@faegrebd.com]
**Sent:** Monday, December 15, 2014 1:54 PM
**To:** Lueptow, Jacqueline V; Benson, Craig A; Pentelovitch, Norman H; Gallo, Kenneth A; Ball, David J; Warren, Blaise
**Cc:** Hurley, Ryan M.; Roberts, Jeffrey S.; Clark, Matthew D.; Judge, Stephen M.
**Subject:** RE: CRT Discovery Matters

Jaci,

I have attached a revised proposed personal jurisdiction stipulation, both clean and redline versions.  For this stipulation we reverted to a version you sent earlier last week for the reasons I cited on the phone today.  That is, as I stated early last week and you seemed to acknowledge by excluding it from a prior version of the stipulation, Thomson will not stipulate to enforcement of any judgment in France.  That issue is separate and distinct from personal jurisdiction and not an appropriate target of pretrial discovery requests, though we believe both plaintiffs and Thomson will be able to use the language in the attached stipulation as they deem appropriate if the time comes to litigate the enforcement of a judgment in France.  As I also mentioned on the phone today, it is essential that this stipulation be facially limited to pending MDL CRT matters against Thomson because Thomson can't risk it being used to attempt to establish personal jurisdiction in other unrelated US litigation matters.

I believe this version gets us both where we need to be and am hopeful we can finalize and file it yet today or tomorrow.

Sincerely,
Kathy


## Kathy L. Osborn
*Partner*
kathy.osborn@FaegreBD.com    Download vCard
D: +1 317 237 8261 | C: +1 317 694 0862 | F: +1 317 237 8562

**Faegre Baker Daniels LLP**

300 N. Meridian Street | Suite 2700 | Indianapolis, IN 46204, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.

**From:** Lueptow, Jacqueline V [mailto:jlueptow@paulweiss.com]
**Sent:** Thursday, December 11, 2014 7:06 PM
**To:** Osborn, Kathy L.; Benson, Craig A; Pentelovitch, Norman H; Gallo, Kenneth A; Ball, David J; Warren, Blaise
**Cc:** Hurley, Ryan M.; Roberts, Jeffrey S.; Clark, Matthew D.; Judge, Stephen M.
**Subject:** RE: CRT Discovery Matters

Kathy,

Thank you for your response regarding the proposed stipulation on personal jurisdiction.  We understand that you are concerned about how Thomson SA's admissions could be used against Thomson SA in the United States outside of this case.  We welcome a proposal from you on how to narrow stipulation prongs two and three.  However, our position is that if you agree to concede personal jurisdiction–as you maintain you do–then we will need you to concede the facts listed in prongs two and three, which would underlie a personal jurisdiction ruling.  As you are aware from our prior correspondence on this issue, our interest in having Thomson SA concede personal jurisdiction is predicated on Thomson SA stipulating to the facts underlying personal jurisdiction in the U.S. so that we do not need to re-litigate those facts as part of proceeding to enforce a judgment, if any, in France.  Do you disagree with the inclusion of prongs two and three because you intend to re-litigate U.S. jurisdiction at the collection stage of any judgment against Thomson SA?

Furthermore, we are willing to stipulate that in exchange for conceding personal jurisdiction, Thomson SA will not have to produce a 30(b)(6) witness to testify regarding Deposition Topic No. 25 ( "Your contacts with the United States during the Relevant Period, including (1) bank accounts, employees, inventory, and owned, rented, or leased property located in the U.S.; (2) sales and exports to the U.S.; (3) operations in the U.S.; (4) taxes paid in the U.S.; (5) U.S. litigations You filed or in which You participated; (6) keeping of books or records in the U.S.; (7) registered or appointed agents for service of process in the U.S.; and (8) attendance by any Thomson SA employees of trade association meetings held in the U.S. relating to CRTs or CRT Products.").

We attach a revised stipulation reflecting our views.  Please let us know your thoughts.

Best,
Jaci


Your message contains the following attachments:

| # | Description | Name |
|---|---|---|
| 1 | Proposed Stipulation on Thomson SA Personal Jurisdiction - | Proposed Stipulation on Thomson SA Personal Jurisdiction - DAP |

| # | Description | Name |
|---|---|---|
| | DAP and DPP revisions | DPP revisions.DOCX |

**Jacqueline Lueptow** | Associate - Admitted only in New York - *Not a member of the DC Bar. Supervised by a member of the DC Bar.
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
(202) 223-7469 (Direct Phone) | (202) 330-5937 (Direct Fax)
jlueptow@paulweiss.com | www.paulweiss.com

---

**From:** Osborn, Kathy L. [mailto:Kathy.Osborn@faegrebd.com]
**Sent:** Wednesday, December 10, 2014 3:37 PM
**To:** Lueptow, Jacqueline V; Benson, Craig A; Pentelovitch, Norman H; Gallo, Kenneth A; Ball, David J; Warren, Blaise
**Cc:** Hurley, Ryan M.; Roberts, Jeffrey S.; Clark, Matthew D.; Judge, Stephen M.
**Subject:** RE: CRT Discovery Matters

Jaci,

Our issue with your proposed revisions to the jurisdictional stipulation is this: we are fully willing to waive our personal jurisdiction defense in this litigation due to the burden of discovery on that issue and the reality of the trial schedule, but we do not understand why it is further necessary for us to admit affirmatively the factual and legal predicates of personal jurisdiction. As DAPs recognized in their motion to compel, once personal jurisdiction is off the table, those predicates (and discovery related to them) are no longer relevant to this litigation. This distinction is significant to us because Thomson SA has concerns about how these affirmative admissions could be used against it in future litigation in the United States, whether related to CRTs or otherwise.

We are willing to consider your proposed revisions further, but would first like an explanation of why you believe the specific admissions you have requested are relevant or necessary. Further, we would like to request that the eventual stipulation should also expressly extend to the Rule 30(b)(6) deposition topics related to personal jurisdiction, such that we would not be required to educate our witness on documents subject to the stipulation.

We are assembling information necessary to respond to your other questions in the e-mail below and will respond to those issues separately.

Sincerely,
Kathy

## Kathy L. Osborn
*Partner*
kathy.osborn@FaegreBD.com   Download vCard
D: +1 317 237 8261 | C: +1 317 694 0862 | F: +1 317 237 8562

**Faegre Baker Daniels LLP**
300 N. Meridian Street | Suite 2700 | Indianapolis, IN 46204, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.

**From:** Lueptow, Jacqueline V [mailto:jlueptow@paulweiss.com]
**Sent:** Monday, December 08, 2014 8:37 PM

**To:** Osborn, Kathy L.; Benson, Craig A; Pentelovitch, Norman H; Gallo, Kenneth A; Ball, David J; Warren, Blaise
**Cc:** Hurley, Ryan M.; Roberts, Jeffrey S.; Clark, Matthew D.; Judge, Stephen M.
**Subject:** RE: CRT Discovery Matters

Kathy,

We have conducted ourselves professionally in all respects. The problem here is that we are in this position because of the decisions Thomson made that prohibited the parties from making progress on discovery. We sought to initiate discovery early on, which could have avoided or ameliorated this situation for both Thomson and the other Plaintiffs. We also specifically discussed our timing concerns back in April when Thomson urged that, to avoid prejudice, it be placed on the same trial schedule as other defendants.

We have tried to be reasonable in providing our thoughts on how to expedite your production, though, as before, we maintain that it always is and has been Thomson's responsibility to determine how to comply with its discovery obligations in this case. To this point, Thomson has not been able to provide us with suggestions for how to ensure that its production will comply with the Court's orders and meet the demands of the case. With respect to the document production, we disagree that our search terms and strings as overbroad and untargeted. The search terms and strings that we provided to you, at your request, were based on prior terms and strings agreed on by the class plaintiffs and defendants earlier in this litigation. Please let us know how many more documents in the Working Data Set remain to be reviewed and produced, and when we can expect to receive substantial completion of your production.

With respect to privilege issues, if you feel that the protective order does not give you sufficient protection for clawing back documents, we are happy to entertain a more specific agreement if you wish to propose one.

We also understand that you are in the process of identifying additional documents concerning competitor communications that have not already been included in your productions to date, but that you do not anticipate there will be many additional documents. Are you able to represent to us that the documents from the custodial files of Agnes Martin, Christian Lissorgues, Didier Trutt and Emeric Charamel were previously comprehensively searched, not just for the European production, but for all of the types of documents that the Court has ruled we are entitled to?

We have countered with a revised version of the jurisdictional stipulation. We believe the language we are seeking is consistent with Thomson's representation that it will not contest personal jurisdiction. To the extent that Thomson will not agree to these three statements, we are grateful for a specific explanation as to why. If we are not able to reach agreement, we will need you to comply with the Court's October 23 Order and produce any additional documents that do not already fall into categories 1 and 3, that are related to Category 2. Please let us know whether you are amenable to the language in our proposed stipulation.

Finally, please let us know when you will be serving any supplemental responses to the DAP, DPP and/or Sharp Interrogatories to Thomson SA, and will be supplementing your initial disclosures.

Best regards,
Jaci

**Jacqueline Lueptow** | Associate - Admitted only in New York - *Not a member of the DC Bar. Supervised by a member of the DC Bar.
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
(202) 223-7469 (Direct Phone) | (202) 330-5937 (Direct Fax)
jlueptow@paulweiss.com | www.paulweiss.com

---

**From:** Osborn, Kathy L. [mailto:Kathy.Osborn@faegrebd.com]
**Sent:** Thursday, December 04, 2014 3:27 PM
**To:** Benson, Craig A; Pentelovitch, Norman H; Gallo, Kenneth A; Ball, David J; Warren, Blaise; Lueptow, Jacqueline V

**Cc:** Hurley, Ryan M.; Roberts, Jeffrey S.; Clark, Matthew D.; Judge, Stephen M.
**Subject:** RE: CRT Discovery Matters

Craig:

We are reviewing and revising the proposed stipulation and will send you that separately.

With regard to document production, I had hoped for serious efforts at cooperation from DAPs but instead have received unreasonable, unilateral, and shifting demands regarding the scope and timing of production. The Court expects more of us. *See, e.g.,* Guidelines for Professional Conduct ("Civility Guidelines") at preamble (lawyers have a duty to cooperate), §9 ("A lawyer should conduct discovery in a manner designed to ensure the timely, efficient, cost effective and just resolution of a dispute.")

For example, the searches you provided us right before the Thanksgiving holiday, were, as you know, hopelessly overbroad. Furthermore, most of the search strings made no attempt to target documents related to the two discovery topics at issue (competitor communications and disposition of the tubes business). Nevertheless, and even though it was a time consuming and expensive exercise,  we ran those searches (minus the hundreds of names in the spreadsheet you sent) to confirm they were as overbroad as we believed. The searches hit on approximately 94% of the Working Data Set (more than 2.1 million parent-level documents and more than 8 million total documents) and captured thousands, if not millions, of documents irrelevant to this matter. Seeking to collect nearly every file from Thomson SA does not comply with duties to appropriately limit the scope of discovery. *See*  Civility Guidelines §9 ("A lawyer should limit requests for production of documents to cover only those documents that are actually and reasonably believed to be needed for the prosecution or defense of an action.. … A lawyer should not draft requests for production of documents so broadly that they encompass documents that are clearly not relevant to the subject matter of the case.")

Relatedly, we have been perplexed by your repeated suggestion or demand that Thomson SA in effect produce every document it has and then claw back documents later, pursuant to the protective order. As you should know, the protective order's clawback provision sets forth procedures for dealing with "inadvertently produced documents." It does not authorize or provide a mechanism for purposefully producing documents protected from disclosure and then having them returned after the fact. Furthermore, even though Judge Conti overruled Thomson SA's objection based on the French blocking statute as to specific relevant documents, Thomson SA still has a duty to protect its data and comply with French law as best it can. The wholesale production of millions of irrelevant documents would not respect that duty.

Additionally, DAPs' shifting priorities and arbitrary deadlines do not help the process. Thomson SA is diligently working to comply with the Court's December 23rd deadline. Receiving an email on Tuesday demanding ***for the first time*** prioritized production of documents held by particular custodians three days later does not help Thomson SA timely comply with its discovery obligations. DAPs have known for some time now that Thomson SA had searched for and was reviewing and producing documents related to the disposition of its tubes business. Thomson SA made its first production of such documents the day before Thanksgiving and intends to make another production today. DAPs also know that Thomson SA is working to identify any additional documents related to competitor communications that have not been included in the hundreds of thousands of pages of documents produced to date. However, there will not be many additional documents. In the course of identifying documents for production to the EC, which have now been produced to DAPs, Thomson SA thoroughly vetted the documents held by Agnes Martin, Christian Lissorgues, Didier Trutt, and Emeric Charamel.  It also may have thoroughly vetted the Xavier Bonjour and Christian Bozzi documents but we are seeking clarification of that issue.  In many instances, documents from these custodians were reviewed wholesale, without resort to keywords. Additionally, Thomson SA used may of the same terms found in DAPs' overbroad searches to more generally identify and produce responsive documents to the EC.

Nonetheless, and in the spirit of cooperation, Thomson SA is currently, as a revised priority, working to identify documents, if any, held by Messrs. Bozzi and Bonjour concerning or constituting communications with competitors that

have not yet been produced. Thomson SA will review and produce these documents as quickly as it can, as well as continue to produce on a rolling basis documents related to the disposition of its tubes business.


Sincerely,
Kathy


Kathy L. Osborn
*Partner*
kathy.osborn@FaegreBD.com   Download vCard
D: +1 317 237 8261 | C: +1 317 694 0862 | F: +1 317 237 8562

**Faegre Baker Daniels LLP**
300 N. Meridian Street | Suite 2700 | Indianapolis, IN 46204, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.

**From:** Benson, Craig A [mailto:cbenson@paulweiss.com]
**Sent:** Tuesday, December 02, 2014 4:33 PM
**To:** Osborn, Kathy L.; Pentelovitch, Norman H; Gallo, Kenneth A; Ball, David J; Warren, Blaise; Lueptow, Jacqueline V
**Subject:** RE: CRT Discovery Matters

Kathy,

We received the letter you sent last Tuesday night. We had already emailed you that evening a set of preliminary search terms and threads for you to consider. A week has now passed. Please let us know what progress your team has made and when we can expect documents.

At the least, please produce to us by Friday the documents you have collected from the following specific custodians you listed in your letter: Agnes Martin, Didier Trutt, Emeric Charamel, Christian Lissorgues, Xavier Bonjour, and Christian Bozzi. If you have not already run search terms on those documents, we are happy to have you produce to us all of their custodial documents, and we can perform searches on our own. As we indicated, we are already bound by the clawback provision within the Protective Order, which protects any documents that may be subject to privilege.

Finally, we will send you the draft language for a stipulation on personal jurisdiction shortly.


Best regards,
Craig Benson


**Craig Benson** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
(202) 223-7343 (Direct Phone) | (202) 204-7343 (Direct Fax)
cbenson@paulweiss.com | www.paulweiss.com


**From:** Osborn, Kathy L. [mailto:Kathy.Osborn@faegrebd.com]
**Sent:** Tuesday, November 25, 2014 9:17 PM

**To:** Benson, Craig A; Pentelovitch, Norman H; Gallo, Kenneth A; Ball, David J; Warren, Blaise; Lueptow, Jacqueline V
**Subject:** CRT Discovery Matters

Counsel,

Please see the attached letter regarding your inquiries.

Sincerely,

**Kathy L. Osborn**
*Partner*
kathy.osborn@FaegreBD.com

**Direct:** +1 317 237 8261
**Mobile:** +1 317 694 0862

FaegreBD.com   Download vCard

**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street
Suite 2700
Indianapolis, IN 46204, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.