# EXHIBIT 3

## Références

**Cour de cassation
chambre civile 1
Audience publique du mardi 20 février 2007
N° de pourvoi: 05-14082**
Publié au bulletin **Rejet**

**M. Ancel , président**
Mme Gorce, conseiller rapporteur
M. Cavarroc, avocat général
Me Odent, SCP Bachellier et Potier de La Varde, avocat(s)

## Texte intégral

REPUBLIQUE FRANCAISE

AU NOM DU PEUPLE FRANCAIS

Attendu que par jugement du 27 août 1993, le tribunal d'instance du district de Columbia (Etats-Unis d'Amérique) a condamné M. X..., de nationalité colombienne, à payer aux sociétés américaines North Américain Air Service compagny INC et Avianca INC, ainsi qu'aux sociétés colombiennes Avianca SA, Helicopteros Nacionales de Columbia et Aeronautico de Medellin Consolida (les sociétés) la somme de 3 987 916,66 dollars américains, outre les intérêts ; que M. X... s'étant établi en France, les sociétés l'ont fait assigner pour obtenir l'exequatur de cette décision ; que par jugement du 1er février 2000, le tribunal de grande instance les en a déboutées aux motifs qu'il n'existait pas de lien rattachant les faits litigieux au territoire américain et qu'en outre la loi applicable était la loi colombienne ;

Sur le premier moyen :

Attendu que M. X... fait grief à l'arrêt attaqué (Aix-en-Provence, 11 janvier 2005) d'avoir ordonné l'exequatur du jugement rendu le 27 août 1993 par le tribunal d'instance du district de Columbia dans l'action civile n° 85-3277 entre Avancia INC et autres demandeurs et Mark F. Correia et autres défendeurs, alors, selon le moyen, qu'en l'espèce où les demanderesses principales comme le défendeur, M. X..., étaient domiciliés en Colombie, en considérant que constituait un lien suffisant du litige sur le district de Columbia, la seule signature dans ce district d'une convention par une société dirigée par M. X..., en violation prétendue de ses obligations au sein de la société Avianca, la cour d'appel a méconnu les principes qui régissent la compétence juridictionnelle internationale ;

Mais attendu que l'arrêt relève que par un jugement précédent du 31 mai 1991, statuant sur l'exception d'incompétence soulevée par M. X..., le tribunal du district de Columbia a retenu sa compétence internationale conformément aux règles de procédure civile fédérale qui lui donnaient compétence pour connaître des demandes formées à l'encontre des ressortissants d'un Etat étranger "partie supplémentaire" ; que tel était le cas dans la mesure où M. X... était co-défendeur dans l'affaire qui l'opposait aux sociétés, le principal défendeur étant lui-même domicilié à Washington ; que les "chefs d'accusation" dirigés contre M. X... visaient des faits commis à l'occasion de ses relations d'affaires à Washington avec le défendeur principal et que deux des cinq sociétés demanderesses étaient de droit américain et domiciliées sur le territoire des Etats-Unis ; que la cour d'appel a pu en déduire que le litige se rattachait de manière caractérisée aux Etats-Unis d'Amérique de sorte que le juge américain était compétent pour en connaître ; que le moyen n'est pas fondé ;

Sur le second moyen :

Attendu que M. X... reproche encore à l'arrêt attaqué d'avoir ainsi statué, alors, selon le moyen, que l'exequatur d'un jugement étranger ne peut être accordé que si le juge étranger a appliqué la loi désignée par la règle française de conflit ou une loi conduisant à un résultat équivalent, qu'accordant l'exequatur à un jugement américain qui avait fait application de la loi américaine, sans rechercher, ainsi qu'elle y était invitée, si, s'agissant d'apprécier la responsabilité d'un dirigeant de société, la loi compétente n'était pas la loi colombienne du siège de la société, laquelle ignorait le triplement du préjudice prévu par la loi américaine appliquée par le tribunal de Columbia, la cour d'appel a privé son arrêt de base légale ;

Mais attendu que, pour accorder l'exequatur hors de toute convention internationale, le juge français doit s'assurer que trois conditions sont remplies, à savoir la compétence indirecte du juge étranger, fondée sur le rattachement du litige au juge saisi, la conformité à l'ordre public international de fond et de procédure et l'absence de fraude à la loi ; que le juge de l'exequatur n'a donc pas à vérifier que la loi appliquée par le juge étranger est celle désignée par la règle de conflit de lois française ; que, par ce motif de pur droit, substitué à ceux que critique le moyen, l'arrêt attaqué se trouve légalement justifié ;

PAR CES MOTIFS :

REJETTE le pourvoi ;

Condamne M. X... aux dépens ;

Vu l'article 700 du nouveau code de procédure civile, rejette la demande des sociétés défenderesses ;

Ainsi fait et jugé par la Cour de cassation, première chambre civile, et prononcé par le président en son audience publique du vingt février deux mille sept.

---

## Analyse

**Publication :** Bulletin 2007 I N° 68 p. 60

**Décision attaquée :** Cour d'appel d'Aix-en-Provence , du 11 janvier 2005

**Titrages et résumés :** CONFLIT DE JURIDICTIONS - Effets internationaux des jugements - Reconnaissance ou exequatur - Conditions - Conditions de régularité internationale - Détermination

Pour accorder l'exequatur hors de toute convention internationale, le juge français doit s'assurer que trois conditions sont remplies, à savoir la compétence indirecte du juge étranger, fondée sur le rattachement du litige au juge saisi, la conformité à l'ordre public international de fond et de procédure et l'absence de fraude à la loi ; le juge de l'exequatur n'a donc pas à vérifier que la loi appliquée par le juge étranger est celle désignée par la règle de conflit de lois française

CONFLIT DE JURIDICTIONS - Effets internationaux des jugements - Reconnaissance ou exequatur - Conditions - Compétence du tribunal étranger - Cas - Litige se rattachant d'une manière caractérisée au pays du juge saisi - Portée
CONFLIT DE JURIDICTIONS - Effets internationaux des jugements - Reconnaissance ou exequatur - Conditions - Absence de contrariété à l'ordre public international - Portée
CONFLIT DE JURIDICTIONS - Effets internationaux des jugements - Reconnaissance ou exequatur -

Conditions - Absence de fraude à la loi - Portée
CONFLIT DE JURIDICTIONS - Effets internationaux des jugements - Reconnaissance ou exequatur -
Conditions - Application de la loi compétente selon les règles françaises de conflit de lois - Nécessité (non)



CERTIFICATION OF ACCURACY OF TRANSLATION

Tribeca Translations, Inc. hereby certifies that the attached translation has been translated by a certified language expert specializing in the translation of French language documents into English, and is to the best of its knowledge and belief, a true, accurate, and unbiased translation into English of the document named "**Cornelissen**," originally written in French.

Tribeca Translations, Inc.
Translation Agency

Agency Representative (Y. Lee)

December 22, 2014
Date

75 Wall Street. Suite 25D. New York, NY 10005    tel: 800.482.8218    www.tribecatrans.com

# References

**Court of Cassation**
**civil chamber 1**
**Public hearing of Tuesday, February 20, 2007**
**Case no.: 05-14082**
Published in the Gazette **Dismissed**

**Mr. Ancel, Presiding Judge**
Ms. Gorce, reporting councilor
Mr. Cavarroc, attorney general
Attorney Odent, SCP [Professional Partnership] Bachellier and Potier de La Varde, attorney(s)

---

# Unabridged Text

THE FRENCH REPUBLIC

IN THE NAME OF THE FRENCH PEOPLE

Whereas according to a judgment of August 27, 1993, the [US] District Court for the District of Columbia (USA) ordered Mr. X., of Colombian nationality, to pay US companies Air Service company Inc. [*sic*: Air Services, Inc.] and Avianca Inc., as well as Colombian companies Avianca SA, Helicopteros Nacionales de Columbia [*sic*] and Aeronáutico de Medellín Consolida [*sic:* Consolidada] (the 'Companies') the amount of US$ 3,987,916.66, plus interest; as Mr. X. resides in France, the Companies sued him to obtain recognition and enforcement of this judgment; by judgment of February 1, 2000, the [US] District Court dismissed their lawsuit on the grounds that there was no connection with the facts being disputed in US territory and also on the grounds that the applicable law was Colombian law;

Regarding the first point:

Whereas Mr. X. contests the appealed decision (Aix-en-Provence, January 11, 2005) ordering the recognition and enforcement of the judgment handed down on August 27, 1993, by the [US] District Court for the District of Columbia in civil case no. 85-3277 between Avancia [*sic* Avianca] Inc. *et al.* and Mark F. Correia and other defendants, whereas according to the grounds, that in this case in which the main plaintiffs - as well as the defendant Mr. X. - reside in Colombia, considering that the sole signature in the district of an agreement by the company headed by Mr. X., allegedly in violation of his obligations to the company Avianca, constituted a sufficient connection of the dispute with the District of Columbia, the appeals court failed to apply the principles governing international jurisdiction;

But whereas the decision observes that according to a previous judgment of May 31, 1991, regarding the objection of lack of jurisdiction raised by Mr. X., the [US] District Court for the District of Columbia deemed it had international jurisdiction in accordance with the rules of federal civil procedure which gave it authority to hear petitions filed against nationals of a foreign "complementary party"; this is the case insofar Mr. X. was a co-defendant in the case against the Companies, in which the primary defendant was itself located in Washington [DC]; that the "counts" with which Mr. X. was charged included acts committed in performance of his business relations in Washington [DC] with the primary defendant, and that two of the five plaintiff Companies were US companies domiciled in US territory; that the appeals court was able to infer that the dispute was clearly related to the United States of America, and accordingly, the US judge had jurisdiction to hear the case; that the point was unfounded;

Regarding the second point:

Whereas Mr. X. further faults the appealed decision for having been handed down, according to the point, since recognition and enforcement of a foreign judgment can only be granted if the foreign judge applied the French law of disputes or a law leading to an equivalent result; granting the recognition and enforcement to a US judgment that had applied US law, without inquiring, whereas it had been requested to do so, whether, as it involved a determination of the liability of a company director, the applicable law would not be the law of Colombia where the company's headquarters was located, which did not include the tripling of the damages as provided for by US law and applied by the [US] District Court for the District of Columbia, the appeals court voided its decision on legal grounds;

But considering the fact that in order to grant the recognition and enforcement outside of any international agreement, the French judge must ensure that three conditions are met, i.e.: [1] the indirect jurisdiction of the foreign judge, based on a connection of the dispute to the trial judge; [2] the adherence of the grounds to international public order and procedure and that the law was not abused; [3] that the judge [recipient] of the recognition and enforcement is therefore not required to check that the law applied by the foreign judge is the law designated by the French law on disputes; that based on pure law, substituted with those criticized by the point, the appealed decision is legally justified;

BASED ON THESE GROUNDS:

DISMISSES the case;

Orders Mr. X. to bear the costs;

Considering Article 700 of the New Civil Procedural Code, dismisses the petition of the defendant companies;

Thus executed and judged by the Court of Cassation, first civil chamber and handed down by the presiding judge in the public hearing on February 20, 2007.

---

# Analysis

**Publication:** Bulletin 2007 I no. 68 p. 60

**Decision appealed:** Appeals Court of Aix-en-Provence, of January 11, 2005

**Titles and summaries:** CONFLICT OF JURISDICTIONS - international effects of judgments – Recognition or enforcement – Conditions – Conditions of international validity – decision

to grant the recognition and enforcement outside of any international agreement, the French judge must ensure that three conditions are met, i.e.: [1] the indirect jurisdiction of the foreign judge, based on a connection of the dispute to the trial judge; [2] the adherence of the grounds to international public order and procedure and that the law was not abused; [3] that the judge [recipient] of the recognition and enforcement is therefore not required to check that the law applied by the foreign judge is the law designated by the French law on disputes

CONFLICT OF JURISDICTIONS - international effects of judgments - Recognition and enforcement - Conditions - Jurisdiction of the foreign court - Case – Dispute confirmed as being related to the country of the judge to which it was referred – Scope

CONFLICT OF JURISDICTIONS - International effects of judgments - Recognition and enforcement - Conditions - Absence of opposition to the international public order - Scope

CONFLICT OF JURISDICTIONS - International effects of judgments - Recognition and enforcement - Conditions - Absence of abuse of the law - Scope

CONFLICT OF JURISDICTIONS - International effects of judgments - Recognition and enforcement - Conditions - Application of the applicable law according to French rules of conflict – Necessity (no)