# EXHIBIT 4

## Références

**Cour de cassation**
**chambre civile 1**
**Audience publique du mercredi 6 février 1985**
**N° de pourvoi: 83-11241**
Publié au bulletin **Cassation**

**Pdt. M. Joubrel, président**
Rapp. M. Massip, conseiller rapporteur
P.Av.Gén. M. Sadon, avocat général
Av. Demandeur : SCP Lyon-Caen Fabiani et Liard, avocat(s)

---

## Texte intégral

REPUBLIQUE FRANCAISE

AU NOM DU PEUPLE FRANCAIS

SUR LE MOYEN RELEVE DANS LES CONDITIONS PREVUES A L'ARTICLE 1015 DU NOUVEAU CODE DE PROCEDURE CIVILE : VU LES PRINCIPES QUI REGISSENT LA COMPETENCE JURIDICTIONNELLE INTERNATIONALE, ENSEMBLE L'ARTICLE 1070 DU NOUVEAU CODE DE PROCEDURE CIVILE ;

ATTENDU QUE, TOUTES LES FOIS QUE LA REGLE FRANCAISE DE SOLUTION DES CONFLITS DE JURIDICTIONS N'ATTRIBUE PAS COMPETENCE EXCLUSIVE AUX TRIBUNAUX FRANCAIS, LE TRIBUNAL ETRANGER DOIT ETRE RECONNU COMPETENT, SI LE LITIGE SE RATTACHE D'UNE MANIERE CARACTERISEE AU PAYS DONT LE JUGE A ETE SAISI, ET SI LE CHOIX DE LA JURIDICTION N'A PAS ETE FRAUDULEUX ;

ATTENDU QUE MME MARIA F., DE NATIONALITE BRITANNIQUE, A FORME UNE ACTION EN DIVORCE CONTRE SON MARI, M. ALEXANDRE S., CITOYEN AMERICAIN, DEVANT LES JURIDICTIONS ANGLAISES ;

QUE, PAR DECISION DU 2 MAI 1980 UNE PENSION ALIMENTAIRE LUI A ETE ACCORDEE AU TITRE DES MESURES PROVISOIRES PENDANT L'INSTANCE ;

QUE L'ARRET ATTAQUE A DEBOUTE MME F. DE SA DEMANDE TENDANT A CE QUE CETTE DECISION SOIT DECLAREE EXECUTOIRE EN FRANCE AU MOTIF QU'IL EST DE PRINCIPE QUE LA COMPETENCE JURIDICTIONNELLE INTERNATIONALE EST DETERMINEE PAR L'EXTENSION DES REGLES DE COMPETENCE TERRITORIALE INTERNE, SOUS RESERVE D'ADAPTATIONS JUSTIFIEES PAR LES NECESSITES PARTICULIERES DES RELATIONS INTERNATIONALES ;

QU'IL RESULTAIT DE L'ARTICLE 1070 DU NOUVEAU CODE DE PROCEDURE CIVILE QUI REGIT LA COMPETENCE EN MATIERE DE DIVORCE QUE LA JURIDICTION ANGLAISE ETAIT INCOMPETENTE POUR CONNAITRE DE L'ACTION, LE DEFENDEUR AYANT SA RESIDENCE EN FRANCE ;

ATTENDU CEPENDANT QUE LA COUR D'APPEL A CONSTATE QUE MME F. ETAIT DE NATIONALITE BRITANIQUE, AVAIT SON DOMICILE EN ANGLETERRE OU LES EPOUX S'ETAIENT MARIES, OU ILS AVAIENT FIXE LE DOMICILE CONJUGAL ET OU LE MARI POSSEDAIT CERTAINS BIENS, DE SORTE QU'IL RESULTAIT DE L'ENSEMBLE DE CES ELEMENTS UN LIEN CARACTERISE AVEC LE PAYS DONT LE JUGE A ETE SAISI ;

ATTENDU, DES LORS, QU'EN SE DETERMINANT COMME ELLE L'A FAIT, ALORS QUE L'ARTICLE 1070 DU NOUVEAU CODE DE PROCEDURE CIVILE NE DONNE PAS UNE COMPETENCE EXCLUSIVE AUX JURIDICTIONS FRANCAISES POUR CONNAITRE DU DIVORCE DANS LES CAS AUXQUELS IL SE REFERE, LA JURIDICTION DU SECOND DEGRE A VIOLE LES PRINCIPES SUSVISES ET FAUSSEMENT APPLIQUE CET ARTICLE ;

PAR CES MOTIFS ET SANS QU'IL Y AIT LIEU DE STATUER SUR LE MOYEN DU POURVOI : CASSE ET ANNULE L'ARRET RENDU LE 5 NOVEMBRE 1982, ENTRE LES PARTIES, PAR LA COUR D'APPEL DE PARIS ;

REMET, EN CONSEQUENCE, LA CAUSE ET LES PARTIES AU MEME ET SEMBLABLE ETAT OU ELLES ETAIENT AVANT LEDIT ARRET ET, POUR ETRE FAIT DROIT, LES RENVOIE DEVANT LA COUR D'APPEL DE PARIS AUTREMENT COMPOSEE, A CE DESIGNEE PAR DELIBERATION SPECIALE PRISE EN LA CHAMBRE DU CONSEIL ;

## Analyse

**Publication :** Bulletin 1985 I N. 55 p. 54

**Décision attaquée :** Cour d'appel de Paris chambre 1 supplémentaire , du 5 novembre 1982

**Titrages et résumés :** CONFLIT DE JURIDICTIONS - Effets internationaux des jugements - Exequatur - Conditions - Compétence du tribunal étranger - Règle française de conflit n'attribuant pas compétence exclusive à la juridiction française.
Toutes les fois que la règle française de solution des conflits de juridictions n'attribue pas compétence exclusive aux tribunaux français, le tribunal étranger doit être reconnu compétent si le litige se rattache d'une manière caractérisée au pays dont le juge a été saisi et si le choix de la juridiction n'a pas été frauduleux. Par suite encourt la cassation l'arrêt qui déboute l'épouse d'un citoyen américain, de sa demande tendant à ce que soit déclarée exécutoire en France la décision de la juridiction anglaise, qui lui a accordé une pension alimentaire au titre des mesures provisoires pendant leur instance en divorce, au motif qu'il est de principe que la compétence juridictionnelle est déterminée par l'extension des règles de compétence territoriale interne, alors que le lien avec la juridiction anglaise était caractérisé, outre la nationalité britannique de l'épouse, par le fait qu'elle avait son domicile en Angleterre où les époux s'étaient mariés, où ils avaient fixé leur domicile et où le mari possédait certains biens.

CONFLIT DE JURIDICTIONS - Compétence internationale des juridictions françaises - Application des règles françaises internes à l'ordre international - Compétence territoriale - Divorce séparation de corps. CONFLIT DE JURIDICTIONS - Effets internationaux des jugements - Exequatur - Conditions - Absence de fraude à la loi - Litige se rattachant d'une manière caractérisée au pays du juge saisi. DIVORCE, SEPARATION DE CORPS - Mesures provisoires - Mesures ordonnées par une décision étrangère - Exécution en France - Conditions.

**Précédents jurisprudentiels :** A rapprocher : Cour de cassation, chambre civile 1, 1984-10-02 Bulletin 1984 I N. 242 (1) p. 204 (rejet)

**Textes appliqués :**

- o   Nouveau Code de procédure civile 1070



CERTIFICATION OF ACCURACY OF TRANSLATION

Tribeca Translations, Inc. hereby certifies that the attached translation has been translated by a certified language expert specializing in the translation of French language documents into English, and is to the best of its knowledge and belief, a true, accurate, and unbiased translation into English of the document named "**Simitch**," originally written in French.

Tribeca Translations, Inc.
Translation Agency

Agency Representative (Y. Lee)

December 22, 2014
Date

75 Wall Street. Suite 25D. New York, NY 10005   tel: 800.482.8218   www.tribecatrans.com

## References

**Court of cassation
civil chamber 1
Public hearing of Wednesday, February 6, 1985
Case no.: 83-11241**
Published in the Gazette **Appeal**

**Mr. Joubrel, Presiding Judge**
Mr. Massip, reporter councilor
For the Attorney General Mr. Sadon, attorney general
Defendant attorney: SCP Lyon-Caen Fabiani and Liard, attorney(s)

---

## Unabridged Text

THE FRENCH REPUBLIC

IN THE NAME OF THE FRENCH PEOPLE

REGARDING THE POINT OBSERVED IN THE CONDITIONS PROVIDED IN ARTICLE 1015 OF THE NEW CIVIL PROCEDURAL CODE: CONSIDERING THE PRINCIPLES GOVERNING INTERNATIONAL JURISDICTION, ARTICLE 1070 OF THE NEW CIVIL PROCEDURAL CODE;

WHEREAS, WHENEVER FRENCH LAW FOR THE RESOLUTION OF CONFLICTS OF JURISDICTIONS DOES NOT ATTRIBUTE THE SOLE JURISDICTION TO FRENCH COURTS, THE FOREIGN COURT MUST BE RECOGNIZED AS HAVING JURISDICTION, IF THE DISPUTE CLEARLY RELATES TO THE COUNTRY OF THE TRIAL COURT OF THE CASE, AND IF THE CHOICE OF THE JURISDICTION HAS NOT BEEN FRAUDULENT;

WHEREAS MS. MARIA F., OF BRITISH NATIONALITY, FILED FOR DIVORCE FROM HER HUSBAND, MR. ALEXANDER S., A US CITIZEN, IN AN ENGLISH COURT;

THAT, BY A DECISION OF MAY 2, 1980, SHE WAS GRANTED ALIMONY UNDER THE PROVISIONAL MEASURES DURING THE CASE;

THE APPEALED DECISION DISMISSED THE PETITION OF MS. F. STATING THAT THIS DECISION MUST BE RECOGNIZED IN FRANCE DUE TO THE FACT THAT GENERALLY THE INTERNATIONAL JURISDICTION IS DETERMINED BY THE EXTENSION OF THE RULES OF INTERNAL JURISDICTION, SUBJECT TO ADAPTATIONS PROVEN BY SPECIAL NEEDS OF INTERNATIONAL RELATIONS;

IT FOLLOWS FROM ARTICLE 1070 OF THE NEW CIVIL PROCEDURAL CODE THAT GOVERNS THE JURISDICTION FOR DIVORCE PROCEEDINGS THAT ENGLISH COURTS LACKED JURISDICTION TO HEAR THE CASE, SINCE THE DEFENDANT RESIDES IN FRANCE;

HOWEVER THE APPEALS COURTS OBSERVED THAT MS. F. WAS A BRITISH NATIONAL, HAD RESIDED IN ENGLAND WHERE THE SPOUSES WERE MARRIED, WHERE THEY ESTABLISHED THEIR CONJUGAL HOME AND WHERE THE HUSBAND OWNED CERTAIN ASSETS; ACCORDINGLY, A CONFIRMED LINK IS THUS ESTABLISHED WITH THE COUNTRY IN WHICH THE COURT HEARD THE CASE;

THEREFORE, DECIDING AS THE APPEALS COURT DID, THAT ARTICLE 1070 OF THE NEW CIVIL PROCEDURAL CODE DOES NOT PROVIDE SOLE JURISDICTION TO FRENCH COURTS TO HEAR DIVORCE CASES IN THE REFERRED CASES, THE SECOND DEGREE JURISDICTION VIOLATED THE ABOVE MENTIONED PRINCIPLES AND FALSELY APPLIED THIS ARTICLE;

BASED ON THESE GROUNDS WITHOUT THERE BEING CAUSE TO RULE ON THE GROUNDS OF THE APPEAL: DISMISSES AND VOIDS THE ORDER HANDED DOWN ON NOVEMBER 5, 1982 BETWEEN THE PARTIES BY THE APPEALS COURT OF PARIS;

ACCORDINGLY, REOPENS THE CASE FOR ITS PARTIES AND RETURNS IT TO ITS ORIGINAL STATE PRIOR TO THE DECISION AND REFERS THEM TO THE APPEALS COURT OF PARIS WITH A NEW PANEL OF JUDGES, DESIGNATED BY SPECIAL DECISION HANDED DOWN IN CHAMBERS;

## Analysis

**Publication:** Bulletin 1985 I N. 55 p. 54

**Decision appealed:** Appeals Court of Paris supplemental chamber 1, of November 5, 1982

>**Titles and summaries:** CONFLICT OF JURISDICTIONS - International effects of judgments - Recognition and enforcement - Conditions - Jurisdiction of the foreign court – French rule of conflict not attributing sole jurisdiction to French courts.
>Whenever the French rule for the resolution of conflicts does not attribute sole jurisdiction to French courts, the foreign court must be recognized as having jurisdiction if the dispute is clearly related to the country whereof the trial judge and if the choice of the jurisdiction was not fraudulent. This results in the appeal of the order dismissing a US citizen's petition to have the decision of the English court recognized and enforced in France, which granted her alimony under the temporary measures during the divorce proceedings, on the ground that the jurisdiction is determined by the extension of rules of internal territorial jurisdiction while the connection with the English court was confirmed, as well as the British nationality of the wife, by the fact she had her residence in England where the spouses were married, where they had established their home and where the husband owned certain assets.
>
>CONFLICT OF JURISDICTIONS – International jurisdiction of French courts - Application of French internal rules to international law – Territorial jurisdiction – Divorce/separation.
>CONFLICT OF JURISDICTIONS - International effects of judgments - Recognition and enforcement - Conditions - Absence of abuse of the law – Dispute clearly linked to the country of the trial judge. DIVORCE, SEPARATION – Temporary measures - measures ordered by a foreign ruling - Execution in France - Conditions.

**Case law precedents:** Related: Court of Cassation, civil chamber 1, 1984-10-02 Gazette 1984 I N. 242 (1) p. 204 (dismissal)

**Applied texts:**

- New Civil Procedural Code 1070