1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   GARY L. HALLING, Cal. Bar No. 66087
3  JAMES L. MCGINNIS, Cal. Bar No. 95788
   MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106
5  Telephone:     415-434-9100
   Facsimile:     415-434-3947
6  E-mail:        ghalling@sheppardmullin.com
                  jmcginnis@sheppardmullin.com
7                 mscarborough@sheppardmullin.com

8  HELEN C. ECKERT, Cal. Bar No. 240531
   333 South Hope Street, 43rd Floor
9  Los Angeles, California  90071-1448
   Telephone:     213-620-1780
10 Facsimile:     213-620-1398
   E-mail:        heckert@sheppardmullin.com
11
   Attorneys for Defendants
12 SAMSUNG SDI CO., LTD.,
   SAMSUNG SDI AMERICA, INC.,
13 SAMSUNG SDI (MALAYSIA) SDN. BHD.,
   SAMSUNG SDI MEXICO S.A. DE C.V.,
14 SAMSUNG SDI BRASIL LTDA.,
   SHENZHEN SAMSUNG SDI CO., LTD. and
15 TIANJIN SAMSUNG SDI CO., LTD.

16
                          UNITED STATES DISTRICT COURT
17
                         NORTHERN DISTRICT OF CALIFORNIA
18
                               SAN FRANCISCO DIVISION
19

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* No. 11-cv-05502;<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* No. 11-cv-06396;<br><br>*Costco Wholesale Corporation v. Hitachi, Ltd., et al*., No. 11-cv-06397;<br><br>(CONTINUED ON NEXT PAGE) | **DECLARATION OF HELEN C. ECKERT IN SUPPORT OF DELL INC. AND DELL PRODUCTS, L.P.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

1 | *Dell Inc. and Dell Products L.P., v. Hitachi, Ltd., et al*, No. 13-cv-02171;

2

3 | *Electrograph Systems, Inc. and Electrograph Technologies Corp., v. Hitachi, Ltd., et al.*, No. 11-cv-01656;

4

5 | *Interbond Corporation of America v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

6 | *Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276;

7

8 | *P.C. Richard & Son Long Island Corp., Marta Cooperative of Am., Inc., ABC Appliance, Inc. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

9

10 | *Schultze Agency Services, LLC, on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

11

12 | *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

13

14 | *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

15 | *Tech Data Corp and Tech Data Product Management, Inc., v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

16

17 | *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-02510.

18

19

20

21

22

23

24

25

26

27

28

I, Helen C. Eckert, declare as follows:

1. I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"). I submit this declaration in support of Dell Inc. and Dell Products L.P.'s (together, "Plaintiffs') Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5 (MDL Dkt. No. 3243) ("Motion to Seal"), filed in connection with Direct Action Plaintiffs' Response in Opposition to SDI Defendants' Motion for Partial Summary Judgment for Lack of Standing as to Their Sherman Act Damage Claims Based on CRT Product Purchases from Samsung Electronics (MDL Dkt. No. 3244) ("Opposition").  Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (MDL Dkt. No. 306).

3. I have reviewed Direct Action Plaintiffs' Opposition and the Declaration of Debra D. Bernstein in support thereof ("Bernstein Declaration").

4. Pursuant to Civil Local Rule 79-5(e)(1), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal redacted portions of the Opposition and Bernstein Declaration Exhibits 1-2, 9, 13, 21-23, 28, 37, 41-46.

5. **Exhibit 1** to the Bernstein Declaration is the April 15, 2014 expert report of Dr. Stephan Haggard, the Direct Action Plaintiffs' expert witness ("Haggard Report"). The entirety of the Haggard Report has been designated "Highly Confidential" under the Protective Order. The Haggard Report reflects, contains or refers to confidential information concerning SDI's business practices, corporate structure and governance, component cost information, sales strategy, customer relationships, production networks, and employment histories of top personnel. I am

-1-

1  informed and believe that public disclosure of this sensitive information presents a risk of
2  undermining SDI's business relationships, causing SDI harm with respect to its competitors and
3  customers, and/or competitively disadvantaging SDI.
4        a.    The Haggard Report also reflects, contains or refers to materials produced
5  in this action which SDI designated "Confidential" or "Highly Confidential," including excerpts
6  from the transcript of the deposition of Jae In Lee, whom SDI designated as a Fed. R. Civ. P.
7  30(b)(6) witness.  SDI designated these excerpts of the deposition transcript "Highly Confidential"
8  under the Protective Order.  These excerpts contain, cite and/or identify confidential information
9  concerning SDI's business practices, sales strategies and sales volume to specific customers,
10  customer relationships, and CRT component cost information.  I am informed and believe that
11  SDI treats such information as highly confidential and has taken reasonable measures to safeguard
12  it from disclosure outside the company.  I am informed and believe that public disclosure of this
13  highly sensitive information presents a risk of undermining SDI's business relationships, causing
14  SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.
15  The Court previously sealed excerpts from this deposition when they were submitted as exhibits to
16  the Declaration of Eva W. Cole in Support of Defendants' Opposition to Motion of Indirect-
17  Purchaser Plaintiffs for Class Certification and Motion to Strike (MDL Dkt. No. 1512) and the
18  Declaration of Mona Solouki in Support of Defendants' Opposition to Direct Purchaser Plaintiffs'
19  Motion for Class Certification (MDL Dkt. No. 1946).
20        b.    The Haggard Report also reflects, contains or refers to  SDI's Responses to
21  Dell Plaintiffs' Second Set of Requests for Admissions ("SDI's RFA Responses"), designated by
22  SDI as "Confidential" under the Protective Order.  SDI's RFA Responses include confidential,
23  nonpublic, and sensitive business information about SDI's management structure, as well as the
24  nonpublic employment histories of certain individuals at SDI.  I am informed and believe that this
25  is sensitive information, and public disclosure of this information presents a risk of undermining
26  SDI's business relationships, causing SDI harm with respect to its competitors and customers,
27  and/or competitively disadvantaging SDI.  SDI has also previously moved to seal Exhibit 1
28  pursuant to SDI's Motion for Partial Summary Judgment for Lack of Standing as to Direct Action

-2-

1  Plaintiffs' Sherman Act Damage Claims Based on CRT Product Purchases from Samsung
2  Electronics, filed November 7, 2014 (MDL Dkt. No. 2980) and SDI's Motion to Exclude Expert
3  Testimony of Dr. Stephan Haggard, filed December 5, 2014 (MDL Dkt. No. 3172). Accordingly,
4  Exhibit 1 should be maintained under seal.

5        6.     **Exhibit 2** to the Bernstein Declaration is a copy of the July 10, 2014 deposition of
6  Dr. Stephan Haggard. SDI designated the deposition transcript "Highly Confidential" under the
7  Protective Order. The deposition identifies sensitive information concerning SDI's business
8  practices, strategies, corporate structure, corporate governance, and customer relationships. It also
9  identifies sensitive information concerning Dr. Haggard's methodology in analyzing purported
10 corporate relationships between SDI, Samsung Electronics Co., Ltd., and the "Samsung Group." I
11 am informed and believe that public disclosure of this sensitive and confidential information
12 would present a risk of undermining SDI's business relationships, causing SDI harm with respect
13 to its competitors and customers, and/or competitively disadvantaging SDI. SDI has also
14 previously moved to seal excerpts of Exhibit 2 pursuant to SDI's Motion for Partial Summary
15 Judgment for Lack of Standing as to Direct Action Plaintiffs' Sherman Act Damage Claims Based
16 on CRT Product Purchases from Samsung Electronics, filed November 7, 2014 (MDL Dkt. No.
17 2980) and SDI's Motion to Exclude Expert Testimony of Dr. Stephan Haggard, filed December 5,
18 2014 (MDL Dkt. No. 3172). Accordingly, Exhibit 2 should be maintained under seal.

19       7.     **Exhibit 9** to the Bernstein Declaration is a copy of excerpts from the March 28,
20 2013 deposition of Deok-Yun Kim, which SDI designated "Highly Confidential" under the
21 Protective Order. These excerpts consist of, cite to and/or identify confidential, non-public
22 information, including annual sales information for Samsung-affiliated companies. I am informed
23 and believe that public disclosure of this information would likely harm SDI in its commercial
24 relationships. Accordingly, Exhibit 9 should be maintained under seal.

25       8.     **Exhibit 13** to the Bernstein Declaration is a copy of SDI's Responses to Dell
26 Plaintiffs' Second Set of Requests for Admissions, designated by SDI as "Confidential" under the
27 Protective Order. SDI's RFA Responses include confidential, nonpublic, and/or sensitive business
28 information about SDI's management structure, employment histories of certain individuals at

1  SDI, as well as information relating to SDI's credit guarantees.  I am informed and believe that
2  public disclosure of this information presents a risk of undermining SDI's business relationships,
3  causing SDI harm with respect to its competitors and customers, and/or competitively
4  disadvantaging SDI.  Accordingly, Exhibit 13 should be maintained under seal.

5        9.     **Exhibit 21** to the Bernstein Declaration is a copy of excerpts from the June 6-7,
6  2012 Rule 30(b)(6) deposition of Jae In Lee, which SDI designated "Highly Confidential" under
7  the Protective Order.  These excerpts contain, cite and/or identify non-public, confidential
8  information concerning SDI's business practices, sales strategies and sales volume to specific
9  customers, customer relationships, and CRT component cost information.  I am informed and
10 believe that SDI treats such information as highly confidential and has taken reasonable measures
11 to safeguard it from disclosure outside the company.  I am informed and believe that public
12 disclosure of this highly sensitive information presents a risk of undermining SDI's business
13 relationships, causing SDI harm with respect to its competitors and customers, and/or
14 competitively disadvantaging SDI.  The Court previously sealed excerpts from this deposition
15 when they were submitted as exhibits to the Declaration of Eva W. Cole in Support of Defendants'
16 Opposition to Motion of Indirect-Purchaser Plaintiffs for Class Certification and Motion to Strike
17 (MDL Dkt. No. 1512) and the Declaration of Mona Solouki in Support of Defendants' Opposition
18 to Direct Purchaser Plaintiffs' Motion for Class Certification (MDL Dkt. No. 1946).  SDI has also
19 previously moved to seal excerpts of Exhibit 21 pursuant to SDI's Motion for Partial Summary
20 Judgment for Lack of Standing as to Direct Action Plaintiffs' Sherman Act Damage Claims Based
21 on CRT Product Purchases from Samsung Electronics, filed November 7, 2014 (MDL Dkt. No.
22 2980) and SDI's Motion to Exclude Expert Testimony of Dr. Stephan Haggard, filed December 5,
23 2014 (MDL Dkt. No. 3172).  Accordingly, Exhibit 21 should be maintained under seal.

24       10.    **Exhibit 22** to the Bernstein Declaration is a copy of excerpts from the July 26,
25 2012 deposition of Jae In Lee, which SDI designated as "Highly Confidential" under the
26 Protective Order.  These excerpts contain, cite and/or identify non-public, confidential information
27 concerning SDI's business practices, sales strategies and sales trends to specific customers, as well
28 as non-public, confidential information about customers and SDI's relationships with specific

1  customers.  I am informed and believe that SDI treats such information as highly confidential and
2  has taken reasonable measures to safeguard it from disclosure outside the company.  I am
3  informed and believe that public disclosure of this highly sensitive information presents a risk of
4  undermining SDI's business relationships, causing SDI harm with respect to its competitors and
5  customers, and/or competitively disadvantaging SDI.  Accordingly, Exhibit 22 should be
6  maintained under seal.

7        11.     **Exhibit 23** to the Bernstein Declaration is a copy of excerpts from the March 22,
8  2013 deposition of Sang Kyu Park, which SDI designated "Highly Confidential" under the
9  Protective Order.  These excerpts contain, cite and/or identify non-public, confidential information
10 concerning SDI's business practices, sales strategies and sales trends to specific customers, as well
11 as non-public, confidential information about the structure and practices of SDI's sales teams.  I
12 am informed and believe that SDI treats such information as highly confidential and has taken
13 reasonable measures to safeguard it from disclosure outside the company.  I am informed and
14 believe that public disclosure of this highly sensitive information presents a risk of undermining
15 SDI's business relationships, causing SDI harm with respect to its competitors and customers,
16 and/or competitively disadvantaging SDI.  Accordingly, Exhibit 23 should be maintained under
17 seal.

18       12.     **Exhibit 28** to the Bernstein Declaration is a copy of a SDI PowerPoint Presentation
19 titled "CDT Business Status" and dated September 12, 2002, produced by SDI in this action as
20 SDCRT-00767736.  SDI designated Exhibit 28 as "Highly Confidential" under the Protective
21 Order.  Exhibit 28 contains, cites and/or identifies non-public, highly sensitive, confidential
22 information regarding SDI's analyses of display markets; competitive positions; business
23 strategies; prices; sales, sales volume, and sales strategies to specific customers, and SDI's sales
24 forecast.  I am informed and believe that SDI treats such information as highly confidential and
25 has taken reasonable measures to safeguard it from disclosure outside the company.  I am
26 informed and believe that public disclosure of this highly sensitive information presents a risk of
27 undermining SDI's business relationships, causing SDI harm with respect to its competitors and
28

-5-

customers, and/or competitively disadvantaging SDI. Accordingly, Exhibit 28 should be maintained under seal.

13. **Exhibit 37** to the Bernstein Declaration is a copy of a "Full Network of Samsung Intra-Group Shareholdings (1998, 2002, 2007)" originally attached as supporting material to the April 15, 2014 Haggard Report. The entirety of the Haggard Report, including Exhibit 37 has been designated "Highly Confidential" under the Protective Order. Exhibit 37 contains, cites and/or identifies commercially-sensitive information regarding SDI's corporate structure and governance, and its ownership interest in other Samsung affiliates. I am informed and believe that public disclosure of Exhibit 37 would likely harm SDI in its commercial relationships. Accordingly, Exhibit 37 should be maintained under seal. Accordingly, Exhibit 37 should be maintained under seal.

14. **Exhibit 41** to the Bernstein Declaration is a copy of a "Samsung SDI Personnel Profiles Summary (1998-2007)" originally attached as supporting material to the April 15, 2014 Haggard Report. The entirety of the Haggard Report, including Exhibit 41 has been designated "Highly Confidential" under the Protective Order. Exhibit 41 contains, cites, identifies and/or compiles sensitive, private information regarding detailed employment histories of SDI employees. I am informed and believe that public disclosure of Exhibit 41 would likely invade the legitimate privacy rights and interests of these SDI employees. Accordingly, Exhibit 41 should be maintained under seal.

15. **Exhibit 42** to the Bernstein Declaration is a copy of a "Summary of Long Term Supply Contracts (1998-2001)" originally attached as supporting material to the April 15, 2014 Haggard Report. The entirety of the Haggard Report, including Exhibit 41 has been designated "Highly Confidential" under the Protective Order. Exhibit 42 contains, cites, identifies and/or compiles commercially-sensitive information about SDI's contracts with specific customers, including sales volumes and percentages. I am informed and believe that public disclosure of Exhibit 42 would likely harm SDI in its commercial relationships. Accordingly, Exhibit 42 should be maintained under seal.

16. **Exhibit 43** to the Bernstein Declaration is a copy of a SDI's "Samsung Electronics: 2003 Sales Strategy" dated September 12, 2002, produced by SDI in this action as SDCRT-00767736. SDI designated Exhibit 43 as "Highly Confidential" under the Protective Order. Exhibit 43 contains, cites and/or identifies non-public, highly sensitive, confidential information regarding SDI's sales strategy with respect to specific customer(s), competitive positions, prices, sales trends and performance, and production volumes. I am informed and believe that SDI treats such information as highly confidential and has taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this highly sensitive information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI. Accordingly, Exhibit 43 should be maintained under seal.

17. **Exhibit 44** to the Bernstein Declaration is a copy of SDI's Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, designated by SDI as "Confidential" under the Protective Order. Exhibit 44 is a voluminous eighty-nine (89) page document lodged under seal in full by Plaintiffs; however, it is only briefly discussed in the Bernstein Declaration, at page 5, lines 11-13, and the Opposition, at page 24, lines 6-8 & n.77, and is not material to the disposition of the underlying motion. Where confidential documents or information are not material to the disposition of the underlying motion, the documents and information should be kept under seal. *See, e.g., The Wilderness Society v. Wisely*, 524 F. Supp. 2d 1285, 1296 (D. Colo. Aug. 6, 2007) (ordering documents to be kept under seal "[b]ecause the Court has not considered the [documents] in reaching its decisions in this case, [thus] there is no public interest to be served by providing access to them"); *McConnell v. Fed. Election Comm.*, 251 F. Supp. 2d 919, 937, 943 (D.D.C. 2003) (ordering documents and information not relied upon by the Court to be kept under seal); *Ricketts v. AW OF UNICOR*, 2009 WL 2232467, at *1 n.5 (M.D. Penn. July 24, 2009) (same); *Davis v. Miner*, 2007 WL 1237924, at *3 n.8 (M.D. Penn. Apr. 26, 2007) (same). Exhibit 44 contains confidential, nonpublic, proprietary and highly sensitive business information about SDI's sales processes, business practices, negotiating tactics and competitive positions, including as to relationships with companies that remain important to

1  SDI's competitive position.  I am informed and believe that public disclosure of this highly
2  sensitive information presents a risk of undermining SDI's business relationships, causing SDI
3  harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.
4  The Court previously sealed Exhibit 44, *see* Order Granting Direct Purchaser Plaintiffs'
5  Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (MDL
6  Dkt. No. 1120), and it should be maintained under seal.

7        18.     **Exhibit 45** to the Bernstein Declaration is a copy of SDI's Responses to Dell
8  Plaintiffs' First Set of Interrogatories, designated by SDI as "Confidential" under the Protective
9  Order.  Exhibit 45 is detailed, twenty-seven (27) page document lodged under seal in full by
10 Plaintiffs; however, it is only briefly discussed in the Bernstein Declaration, at page 5, lines 14-16,
11 and the Opposition, at page 24, lines 6-8 & n. 77, and is not material to the disposition of the
12 underlying motion.  Where confidential documents or information are not material to the
13 disposition of the underlying motion, the documents and information should be kept under seal.
14 *See, e.g., The Wilderness Society v. Wisely*, 524 F. Supp. 2d 1285, 1296 (D. Colo. Aug. 6, 2007)
15 (ordering documents to be kept under seal "[b]ecause the Court has not considered the
16 [documents] in reaching its decisions in this case, [thus] there is no public interest to be served by
17 providing access to them"); *McConnell v. Fed. Election Comm.*, 251 F. Supp. 2d 919, 937, 943
18 (D.D.C. 2003) (ordering documents and information not relied upon by the Court to be kept under
19 seal); *Ricketts v. AW OF UNICOR*, 2009 WL 2232467, at *1 n.5 (M.D. Penn. July 24, 2009)
20 (same); *Davis v. Miner*, 2007 WL 1237924, at *3 n.8 (M.D. Penn. Apr. 26, 2007) (same).
21 Exhibit 45 contains confidential, nonpublic, proprietary and highly sensitive business information
22 about SDI's sales processes, business practices, negotiating tactics and competitive positions,
23 including its relationships with companies that remain important to SDI's competitive position.  I
24 am informed and believe that public disclosure of this highly sensitive information presents a risk
25 of undermining SDI's business relationships, causing SDI harm with respect to its competitors and
26 customers, and/or competitively disadvantaging SDI.  Accordingly, Exhibit 45 should be
27 maintained under seal.
28

19. **Exhibit 46** to the Bernstein Declaration is a copy of SDI's Responses to Dell Plaintiffs' First Set of Requests for Admission, designated by SDI as "Confidential" under the Protective Order.  Exhibit 46 is a voluminous ninety-four (94) page document lodged under seal in full by Plaintiffs; however, it is only briefly discussed in the Bernstein Declaration, at page 5, lines 17-19, and the Opposition, at page 24, lines 6-8 & n. 77, and is not material to the disposition of the underlying motion.  Where confidential documents or information are not material to the disposition of the underlying motion, the documents and information should be kept under seal. *See, e.g., The Wilderness Society v. Wisely*, 524 F. Supp. 2d 1285, 1296 (D. Colo. Aug. 6, 2007) (ordering documents to be kept under seal "[b]ecause the Court has not considered the [documents] in reaching its decisions in this case, [thus] there is no public interest to be served by providing access to them"); *McConnell v. Fed. Election Comm.*, 251 F. Supp. 2d 919, 937, 943 (D.D.C. 2003) (ordering documents and information not relied upon by the Court to be kept under seal); *Ricketts v. AW OF UNICOR*, 2009 WL 2232467, at *1 n.5 (M.D. Penn. July 24, 2009) (same); *Davis v. Miner*, 2007 WL 1237924, at *3 n.8 (M.D. Penn. Apr. 26, 2007) (same). Exhibit 46 contains confidential, nonpublic, proprietary and highly sensitive business information about SDI's sales processes, business practices, negotiating tactics and competitive positions, including as to relationships with companies that remain important to SDI's competitive position. I am informed and believe that public disclosure of this highly sensitive information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.  Accordingly, Exhibit 46 should be maintained under seal.

20. Plaintiffs' Opposition reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order, including from the above exhibits.  As with the exhibits themselves, I understand that SDI considers any statements in the Opposition purporting to summarize the exhibits or any other documents or information designated as "Confidential" or "Highly Confidential" by SDI to be confidential and proprietary, and that public disclosure of such information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and

1 customers, and/or competitively disadvantaging SDI.  Accordingly, portions of Plaintiffs'
2 Opposition should be maintained under seal.

4      I declare under penalty of perjury under the laws of the United States of America
5 that the foregoing is true and correct.
6      Executed this 26th day of December 2014 in Los Angeles, California.

                                                */s/ Helen C. Eckert*
                                                Helen C. Eckert