SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:     415-434-3947
E-mail:          ghalling@sheppardmullin.com
                   jmcginnis@sheppardmullin.com
                   mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:    213-620-1780
Facsimile:     213-620-1398
E-mail:          heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No, 13-cv-01173;<br><br>*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br><u>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;</u> | **DECLARATION OF HELEN C. ECKERT IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

1  *Siegel v. Technicolor SA, et al.*, No. 13-cv-
2  05261;

3  *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;
4
 *Best Buy Co., Inc., et al. v. Technicolor SA, et
5  al.*, No. 13-cv-05264;

6  *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;
7
 *Target Corp. v. Technicolor SA, et al.*, No. 13-
8  cv-05686;

9  *Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;
10
 *Sears, Roebuck & Co., et al. v. Technicolor
11  SA, et al.*, No. 13-cv-05262;

12  *Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;
13
 *Interbond Corp. of Am. v. Technicolor SA, et
14  al.*, No. 13-cv-05727;

15  *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;
16
 *Office Depot, Inc. v. Technicolor SA, et al.*,
17  No. 13-cv-05726;

18  *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;
19
 *P.C. Richard & Son Long Island Corp., et al.
20  v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

21  *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;
22
 *Schultze Agency Servs., LLC v. Hitachi, Ltd.,
23  et al.*, No. 12-cv-02649;

24  *Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;
25
 *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*,
26  No. 13-cv-00157.

27

28

I, Helen C. Eckert, declare as follows:

1. I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"). I submit this declaration in support of the Direct Action Plaintiffs' ("DAPs") Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5 (MDL Dkt. No. 3248) ("Motion to Seal"), filed in connection with Direct Action Plaintiffs' Response in Opposition to Panasonic's Motion for Summary Judgment (MDL Dkt. No. 3249) ("Opposition"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (MDL Dkt. No. 306).

3. I have reviewed Direct Action Plaintiffs' Opposition and the Declaration of Philip J, Iovieno in support thereof ("Iovieno Declaration").

4. Pursuant to Civil Local Rule 79-5(e)(1), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal redacted portions of the Opposition and Capurro Declaration Exhibits 2, 20, 24, and 25.

5. **Exhibit 2** to the Iovieno Declaration is the April 15, 2014 Expert Report of Janet S. Netz, the Indirect Purchaser Plaintiffs' expert witness ("Netz Report"). The IPPs have designated the Netz Report as "Confidential" in its entirety under the Protective Order. Upon information and belief, the documents and information referred to in and/or attached to the Netz Report and its exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The documents contain, cite, and/or identify confidential information about SDI's sales processes, business practices, internal practices, negotiating tactics and competitive positions. SDI has designated the documents and deposition testimony that the Netz Report

-1-

quotes from and summarizes as "Confidential" or "Highly Confidential." I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and customers, and would put SDI at a competitive disadvantage. SDI has previously moved to seal the Netz Report pursuant to SDI's Motion for Partial Summary Judgment for Lack of Standing as to Direct Action Plaintiffs' Sherman Act Damage Claims Based on CRT Product Purchases from Samsung Electronics (MDL Dkt. No. 2980). Accordingly, Exhibit 1 should be maintained under seal.

6. **Exhibit 20** to the Iovieno Declaration is the September 26, 2014 Rebuttal Expert Report of Kennith G. Elzinga, the DAPs' expert witness ("Elzinga Rebuttal Report"). The DAPs have designated the Elzinga Rebuttal Report as "Highly Confidential" in its entirety under the terms of the Protective Order. Upon information and belief, the documents and information referred to in and/or attached to the Elzinga Rebuttal Report and its exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The documents contain, cite, and/or identify confidential information about SDI's sales processes, business practices, internal practices, negotiating tactics and competitive positions. SDI has designated the underlying documents and depositions quoted from or summarized in the Elzinga Rebuttal Report as "Confidential" or "Highly Confidential" under the Protective Order. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and customers, and would put SDI at a competitive disadvantage.

7. **Exhibit 24** to the Iovieno Declaration is the September 26, 2014 Rebuttal Expert Report of Janet S. Netz ("Netz Rebuttal Report"), which the IPPs have designated as "Highly Confidential" in its entirety under the terms of the Protective Order. Upon information and belief, the documents and information referred to in and/or attached to the Netz Rebuttal Report and its exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The documents contain, cite, and/or identify confidential information about SDI's sales processes, business practices, internal practices, negotiating tactics and competitive

positions.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and customers, and would put SDI at a competitive disadvantage. Accordingly, Exhibit 24 should be maintained under seal.

8. **Exhibit 25** to the Iovieno Declaration is the August 5, 2014 Expert Report of Edward A. Snyder, Toshiba's expert witness ("Snyder Report").  Toshiba has designated the Snyder Report as "Highly Confidential" in its entirety under the terms of the Protective Order. The Snyder Report quotes from and summarizes from SDI documents and data that SDI has designated as "Confidential" or "Highly Confidential."  Upon information and belief, the documents and information referred to in and/or attached to the Snyder Report and its exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information.  The documents contain, cite, and/or identify confidential information about SDI's sales processes, business practices, internal practices, negotiating tactics and competitive positions.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and customers, and would put SDI at a competitive disadvantage. Accordingly, Exhibit 25 should be maintained under seal.

9. Plaintiffs' Opposition reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order, including from the above exhibits.  As with the exhibits themselves, I understand that SDI considers any statements in the Opposition purporting to summarize the exhibits or any other documents or information designated as "Confidential" or "Highly Confidential" by SDI to be confidential and proprietary, and that public disclosure of such information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.  Accordingly, portions of Plaintiffs' Opposition should be maintained under seal.

10. SDI has narrowly tailored this sealing request to only those exhibits and references thereto necessary to protect their proprietary and sensitive business information.  Accordingly, for

-4-

1  the reasons stated above, SDI requests that the Court maintain under seal Exhibits 2, 20, 24, 25,
2  and all portions of the Opposition that quote from or describe these exhibits.

4          I declare under penalty of perjury under the laws of the United States of America
5  that the foregoing is true and correct.
6          Executed this 26th day of December 2014 in Los Angeles, California.

*/s/ Helen C. Eckert*
Helen C. Eckert