SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:     415-434-9100
Facsimile:      415-434-3947
E-mail:           ghalling@sheppardmullin.com
                      jmcginnis@sheppardmullin.com
                      mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:     213-620-1780
Facsimile:      213-620-1398
E-mail:           heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS<br><br>*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | **DECLARATION OF HELEN C. ECKERT IN SUPPORT OF IPPS' AND CERTAIN DAPS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

1  *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

2  *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

3  *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

4  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

5  *Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

6  *Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

7  *Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

8  *Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

9  *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

10 *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

11 *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

12 *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

13 *Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723;

14 *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

15 *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

16 *Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

17 *Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

18 *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

19 *Viewsonic Corp. v. Chunghwa Picture Tubes,*

1  *Ltd., et al.*, No. 14-cv-02510.

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, Helen C. Eckert, declare as follows:

1.     I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"). I submit this declaration in support of the Indirect Purchaser and Certain Direct Action Plaintiffs' (together, "Plaintiffs') Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5 (MDL Dkt. No. 3245) ("Motion to Seal"), filed in connection with Indirect Purchaser and Direct Action Plaintiffs' Response in Opposition to Joint Motion for Partial Summary Judgment for Lack of Antitrust Injury and Antitrust Standing (MDL Dkt. No. 3254) ("Opposition"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2.     SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (MDL Dkt. No. 306).

3.     I have reviewed Indirect Purchaser and Direct Action Plaintiffs' Opposition and the Declaration of Lauren C. Capurro in support thereof ("Capurro Declaration").

4.     Pursuant to Civil Local Rule 79-5(e)(1), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal redacted portions of the Opposition and Capurro Declaration Exhibits 1, 2, 3, 11, 13, and 14.

5.     **Exhibit 1** to the Capurro Declaration is the April 15, 2014 Expert Report of Janet S. Netz, the Indirect Purchaser Plaintiffs' expert witness ("Netz Report"). The IPPs have designated the Netz Report as "Confidential" in its entirety under the Protective Order. Upon information and belief, the documents and information referred to in and/or attached to the Netz Report and its exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The documents contain, cite, and/or identify confidential information about SDI's sales processes, business practices, internal practices, negotiating tactics

and competitive positions. SDI has designated the documents and deposition testimony that the Netz Report quotes from and summarizes as "Confidential" or "Highly Confidential." I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and customers, and would put SDI at a competitive disadvantage. SDI has previously moved to seal the Netz Report pursuant to SDI's Motion for Partial Summary Judgment for Lack of Standing as to Direct Action Plaintiffs' Sherman Act Damage Claims Based on CRT Product Purchases from Samsung Electronics (MDL Dkt. No. 2980). Accordingly, Exhibit 1 should be maintained under seal.

6. **Exhibit 2** to the Capurro Declaration is the April 15, 2014 Expert Report of Kenneth G. Elzinga, the Direct Action Plaintiffs' expert witness ("Elzinga Report"). The DAPs have designated the Elzinga Report as "Highly Confidential" in its entirety under the terms of the Protective Order. Upon information and belief, the documents and information referred to in and/or attached to the Elzinga Report and its exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The documents contain, cite, and/or identify confidential information about SDI's sales processes, business practices, internal practices, negotiating tactics and competitive positions. The documents quoted from or summarized in the Elzinga Report have been designated as "Confidential" or "Highly Confidential" by SDI. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and customers, and would put SDI at a competitive disadvantage. The parties have previously moved to seal the Elzinga Report pursuant to Defendants' Joint Motion for Partial Summary Judgment Against Indirect Purchaser Plaintiffs and Certain Direct Action Plaintiffs for Lack of Antitrust Injury and Antitrust Standing Under Federal and Certain State Laws (MDL Dkt. No. 3051). Accordingly, Exhibit 2 should be maintained under seal.

7. **Exhibit 3** to the Capurro Declaration is the April 15, 2014 Expert Report of James T. McClave, the Direct Action Plaintiffs' expert witness ("McClave Report"). The DAPs have

-2-
SMRH:435704484.1                     ECKERT DECLARATION ISO IPPS' AND DAPS' ADMINISTRATIVE MOTION TO SEAL

1  designated the McClave Report has as "Highly Confidential" in its entirety under the terms of the
2  Protective Order.  Upon information and belief, the documents and information referred to in
3  and/or attached to the McClave Report and its exhibits consist of, cite to, and/or identify
4  confidential, nonpublic, proprietary and highly sensitive business information.  The documents
5  contain, cite, and/or identify confidential information about SDI's sales processes, business
6  practices, internal practices, negotiating tactics and competitive positions.  SDI has designated
7  these underlying documents as "Confidential" or "Highly Confidential."  I am informed and
8  believe that this is sensitive information and public disclosure of this information presents a risk of
9  undermining SDI's business relationships, would cause it harm with respect to its competitors and
10 customers, and would put SDI at a competitive disadvantage.  Accordingly, Exhibit 3 should be
11 maintained under seal.

12       8.      **Exhibit 7** to the Capurro Declaration is the April 15, 2014 Expert Report of Alan S.
13 Frankel, the Direct Action Plaintiffs' expert witness ("Frankel Report").  The DAPs have
14 designated the Frankel Report as "Highly Confidential" in its entirety under the terms of the
15 Protective Order.  Upon information and belief, the documents and information referred to in
16 and/or attached to the Frankel Report and its exhibits consist of, cite to, and/or identify
17 confidential, nonpublic, proprietary and highly sensitive business information.  The documents
18 contain, cite, and/or identify confidential information about SDI's sales processes, business
19 practices, internal practices, negotiating tactics and competitive positions.  SDI has designated
20 these documents as "Confidential" or "Highly Confidential."  I am informed and believe that this
21 is sensitive information and public disclosure of this information presents a risk of undermining
22 SDI's business relationships, would cause it harm with respect to its competitors and customers,
23 and would put SDI at a competitive disadvantage.  SDI has previously moved to seal the Frankel
24 Report pursuant to SDI's Motion for Partial Summary Judgment for Lack of Standing as to Direct
25 Action Plaintiffs' Sherman Act Damage Claims Based on CRT Product Purchases from Samsung
26 Electronics (MDL Dkt. No. 2980).  Accordingly, Exhibit 7 should be maintained under seal.

27       9.      **Exhibit 11** to the Capurro Declaration contains excerpts from the deposition of Jae
28 In Lee, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for SDI.  SDI designated these

-3-

excerpts of the deposition transcript "Highly Confidential" under the Protective Order. These excerpts contain information concerning SDI's production methods, capabilities and strategies. I am informed and believe that SDI treats such information as highly confidential and has taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this highly confidential information would likely irreparably harm SDI. The Court previously sealed excerpts from this deposition when they were submitted as exhibits to the Declaration of Eva W. Cole in Support of Defendants' Opposition to Motion of Indirect-Purchaser Plaintiffs for Class Certification and Motion to Strike (MDL Dkt. No. 1512) and the Declaration of Mona Solouki in Support of Defendants' Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification (MDL Dkt. No. 1946). Accordingly, Exhibit 11 should be maintained under seal.

10. **Exhibit 13** to the Capurro Declaration is the October 1, 2012 Declaration of Janet S. Netz in Support of Motion of Indirect Purchaser Plaintiffs for Class Certification, which the IPPs have designated as "Confidential" in its entirety under the terms of the Protective Order. Upon information and belief, the documents and information referred to in and/or attached to the Netz Class Certification Report and its exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The documents contain, cite, and/or identify confidential information about SDI's sales processes, business practices, internal practices, negotiating tactics and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and customers, and would put SDI at a competitive disadvantage. The Court previously sealed the Netz Class Certification Declaration. (MDL Dkt. No. 1386) Accordingly, Exhibit 13 should be maintained under seal.

11. **Exhibit 14** to the Capurro Declaration is the September 26, 2014 Rebuttal Expert Report of Janet S. Netz, which the IPPs have designated as "Highly Confidential" in its entirety under the terms of the Protective Order. Upon information and belief, the documents and information referred to in and/or attached to the Netz Rebuttal Report and its exhibits consist of,

1  cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business
2  information. The documents contain, cite, and/or identify confidential information about SDI's
3  sales processes, business practices, internal practices, negotiating tactics and competitive
4  positions. I am informed and believe that this is sensitive information and public disclosure of this
5  information presents a risk of undermining SDI's business relationships, would cause it harm with
6  respect to its competitors and customers, and would put SDI at a competitive disadvantage.
7  Accordingly, Exhibit 14 should be maintained under seal.

8        12.     Plaintiffs' Opposition reflects, contains or refers to documents or information
9  designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order,
10 including from the above exhibits. As with the exhibits themselves, I understand that SDI
11 considers any statements in the Opposition purporting to summarize the exhibits or any other
12 documents or information designated as "Confidential" or "Highly Confidential" by SDI to be
13 confidential and proprietary, and that public disclosure of such information presents a risk of
14 undermining SDI's business relationships, causing SDI harm with respect to its competitors and
15 customers, and/or competitively disadvantaging SDI. Accordingly, portions of Plaintiffs'
16 Opposition should be maintained under seal.

18       I declare under penalty of perjury under the laws of the United States of America
19 that the foregoing is true and correct.
20       Executed this 26th day of December 2014 in Los Angeles, California.

          */s/ Helen C. Eckert*
          Helen C. Eckert