1 | SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2 |   Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
3 | JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4 | Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
5 | Telephone:     415-434-9100
Facsimile:     415-434-3947
6 | E-mail:        ghalling@sheppardmullin.com
               jmcginnis@sheppardmullin.com
7              mscarborough@sheppardmullin.com

8 | HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
9 | Los Angeles, California  90071-1448
Telephone:     213-620-1780
10 | Facsimile:     213-620-1398
E-mail:        heckert@sheppardmullin.com
11

Attorneys for Defendants
12 | SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
13 | SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
14 | SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
15 | TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
|---|---|
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Interbond Corporation of America v. Hitachi Ltd, et al.*, No. 3:11-cv-06275;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;<br><br>*Office Depot, Inc. v. Hitachi Ltd., et al.*, No. | **DECLARATION OF HELEN C. ECKERT IN SUPPORT OF IPPS' AND CERTAIN DAPS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

1  3:11-cv-06276.

I, Helen C. Eckert, declare as follows:

1. I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"). I submit this declaration in support of Indirect Purchaser Plaintiffs, Office Depot, and Interbond Corporation of America (collectively "Plaintiffs") Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5 (MDL Dkt. No. 3250) ("Motion to Seal"), filed in connection with Plaintiffs' Opposition to Defendants' Notice of Motion and Motion for Partial Summary Judgment As To Indirect Purchaser Plaintiffs' and Certain Direct Action Plaintiffs' State Law Claims on Statute of Limitations Grounds (MDL Dkt. No. 3252) ("Opposition"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (MDL Dkt. No. 306).

3. I have reviewed the Plaintiffs' Opposition and the Declaration of Stuart S. Singer in support thereof ("Singer Declaration").

4. Pursuant to Civil Local Rule 79-5(e)(1), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal redacted portions of the Opposition and Singer Declaration Exhibit A.

5. **Exhibit A** to the Singer Declaration is excerpts from the April 15, 2014 Expert Report of Kenneth G. Elzinga, the Direct Action Plaintiffs' expert witness ("Elzinga Report"). The DAPs have designated the Elzinga Report as "Highly Confidential" in its entirety under the terms of the Protective Order. This portion of the Elzinga Report summarizes and/or quotes from documents and deposition testimony designated by SDI as "Highly Confidential" under the terms of the Protective Order. The documents contain, cite, and/or identify confidential information

-1-

about SDI's sales processes, business practices, internal practices, negotiating tactics and competitive positions.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and customers, and would put SDI at a competitive disadvantage.  Defendants have previously moved to seal the Elzinga Reports pursuant to Defendants' Motion for Partial Summary Judgment for Lack of Antitrust Injury and Antitrust Standing (MDL Dkt. No. 3051).  Accordingly, Exhibit A should be maintained under seal.

6. Plaintiffs' Opposition reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order, including from the above exhibits.  As with the exhibits themselves, I understand that SDI considers any statements in the Opposition purporting to summarize the exhibits or any other documents or information designated as "Confidential" or "Highly Confidential" by SDI to be confidential and proprietary, and that public disclosure of such information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.  Accordingly, portions of Plaintiffs' Opposition should be maintained under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of December 2014 in Los Angeles, California.

*/s/ Helen C. Eckert*
Helen C. Eckert