SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1448
Telephone:    213-620-1780
Facsimile:    213-620-1398
E-mail:       heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-005723;<br><br>*Crago, d/b/a Dash Computers, Inc. Et al., v. Mitsubishi Electric Corporation, et al.*, No. 14-cv-02058;<br><br>*Electrograph Systems, Inc., et. Al. v. Technicolor SA, et al.*, No. 13-cv-05724; | **DECLARATION OF HELEN C. ECKERT IN SUPPORT OF CERTAIN DAPS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

1
2  *Interbond Coporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;
3  *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;
4
5  *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;
6
7  *Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;
8  *Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;
9
10 *Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-01173;
11 *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;
12
13 *Target Corp., v. Technicolor SA, et al.*, No. 13-cv-05686.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, Helen C. Eckert, declare as follows:

1. I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"). I submit this declaration in support of Certain Direct Action Plaintiffs' ("Plaintiffs') Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5 (MDL Dkt. No. 3253) ("Motion to Seal"), filed in connection with Certain Direct Action Plaintiffs' Response in Opposition to Defendant Technologies Displays Americas LLC's Motion for Summary Judgment (MDL Dkt. No. 3253-4) ("Opposition"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (MDL Dkt. No. 306).

3. I have reviewed Plaintiffs' Opposition and the Declaration of Robert S. Safi in support thereof ("Safi Declaration").

4. Pursuant to Civil Local Rule 79-5(e)(1), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal redacted portions of the Opposition and Safi Declaration Exhibits 20, 21, 23, 24, 30, 31.

5. **Exhibit 20** to the Safi Declaration is Deposition Exhibit 2112E, produced as SDCRT-0007239, which analyzes pricing and describes SDI's competitive positions and business strategies. Exhibit 9 is an internal report that consists of, cites to, and/or identifies confidential, non-public information. SDI designated Exhibit 6 as "Highly Confidential" under the Protective Order. I am informed and believe that SDI treats such information as confidential and have taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this confidential information would be substantially likely to irreparably harm SDI. Accordingly, Exhibit 20 should be maintained under seal.

6. **Exhibit 21** to the Safi Declaration is excerpts of the July 1, 2014 Deposition of Woong Rae Kim, an SDI witness. SDI designated these excerpts of the deposition transcript "Highly Confidential" under the Protective Order. These excerpts contain information concerning SDI's production methods, capabilities and strategies. I am informed and believe that SDI treats such information as highly confidential and has taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this highly confidential information would likely irreparably harm SDI. Accordingly, Exhibit 21 should be maintained under seal.

7. **Exhibit 23** to the Safi Declaration is Deposition Exhibit 2093E, produced as SDCRT-0007237, which describes SDI's competitive positions and business strategies. Exhibit 23 is an internal report that consists of, cites to, and/or identifies confidential, non-public information. SDI designated Exhibit 23 as "Highly Confidential" under the Protective Order. I am informed and believe that SDI treats such information as confidential and have taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this confidential information would be substantially likely to irreparably harm SDI. Accordingly, Exhibit 23 should be maintained under seal.

8. **Exhibit 24** to the Safi Declaration includes excerpts from the November 19-20, 2014 Deposition of Kyung Chul Oh. SDI has designated the KC Oh Deposition as "Highly Confidential" in its entirety under the terms of the Protective Order. The deposition excerpts contain information concerning SDI's production methods, capabilities, strategies, negotiating tactics, business relationships, and competitive positions. They also quote from and/or summarize documents that SDI has designated as "Confidential" or "Highly Confidential" under the Protective Order. I am informed and believe that SDI treats such information as highly confidential and has taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this highly confidential information would likely irreparably harm SDI. Accordingly, Exhibit 24 should be maintained under seal.

9. **Exhibit 30** to the Safi Declaration Deposition Exhibit 2084E, produced as SDCRT-0007609, which analyzes and describes SDI's competitive positions, business strategies,

1  negotiating tactics, and pricing decisions.  Exhibit 30 is an internal report that consists of, cites to,
2  and/or identifies confidential, non-public information.  SDI designated this document "Highly
3  Confidential" under the terms of the Protective Order.  I am informed and believe that SDI treats
4  such information as confidential and have taken reasonable measures to safeguard it from
5  disclosure outside the company.  I am informed and believe that this is sensitive information and
6  public disclosure of this information presents a risk of undermining SDI's business relationships,
7  would cause it harm with respect to its competitors and customers, and would put SDI at a
8  competitive disadvantage.  Accordingly, Exhibit 30 should be maintained under seal.

9        10.      **Exhibit 31** to the Safi Declaration is SDCRT-0007240_CT, which analyzes and
10 describes SDI's competitive positions, business strategies, and customers.  Exhibit 31 is an
11 internal report that consists of, cites to, and/or identifies confidential, non-public information.  SDI
12 designated this document "Highly Confidential" under the terms of the Protective Order.  I am
13 informed and believe that SDI treats such information as confidential and have taken reasonable
14 measures to safeguard it from disclosure outside the company.  I am informed and believe that this
15 is sensitive information and public disclosure of this information presents a risk of undermining
16 SDI's business relationships, would cause it harm with respect to its competitors and customers,
17 and would put SDI at a competitive disadvantage.  Accordingly, Exhibit 31 should be maintained
18 under seal.

19       11.      Plaintiffs' Opposition reflects, contains or refers to documents or information
20 designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order,
21 including from the above exhibits.  As with the exhibits themselves, I understand that SDI
22 considers any statements in the Opposition purporting to summarize the exhibits or any other
23 documents or information designated as "Confidential" or "Highly Confidential" by SDI to be
24 confidential and proprietary, and that public disclosure of such information presents a risk of
25 undermining SDI's business relationships, causing SDI harm with respect to its competitors and
26 customers, and/or competitively disadvantaging SDI.  Accordingly, portions of Plaintiffs'
27 Opposition should be maintained under seal.
28

-3-
SMRH:435728687.1                                    ECKERT DECLARATION ISO CERTAIN DAPS' ADMINISTRATIVE MOTION TO SEAL

12. SDI has narrowly tailored this sealing request to only those exhibits and references thereto necessary to protect their proprietary and sensitive business information.  Accordingly, for the reasons stated above, SDI requests that the Court maintain under seal Exhibits 20-21, 23-24, 30, 31, and all portions of the Opposition that quote from or describe these exhibits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of December 2014 in Los Angeles, California.

*/s/ Helen C. Eckert*
Helen C. Eckert