1   SHEPPARD MULLIN RICHTER & HAMPTON LLP
        A Limited Liability Partnership
2       Including Professional Corporations
    GARY L. HALLING, Cal. Bar No. 66087
3   JAMES L. MCGINNIS, Cal. Bar No. 95788
    MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4   Four Embarcadero Center, 17th Floor
    San Francisco, California  94111-4106
5   Telephone:     415-434-9100
    Facsimile:     415-434-3947
6   E-mail:        ghalling@sheppardmullin.com
                   jmcginnis@sheppardmullin.com
7                  mscarborough@sheppardmullin.com

8   HELEN C. ECKERT, Cal. Bar No. 240531
    333 South Hope Street, 43rd Floor
9   Los Angeles, California  90071-1448
    Telephone:     213-620-1780
10  Facsimile:     213-620-1398
    E-mail:        heckert@sheppardmullin.com

11
    Attorneys for Defendants
12  SAMSUNG SDI CO., LTD.,
    SAMSUNG SDI AMERICA, INC.,
13  SAMSUNG SDI (MALAYSIA) SDN. BHD.,
    SAMSUNG SDI MEXICO S.A. DE C.V.,
14  SAMSUNG SDI BRASIL LTDA.,
    SHENZHEN SAMSUNG SDI CO., LTD. and
15  TIANJIN SAMSUNG SDI CO., LTD.

16
                    UNITED STATES DISTRICT COURT
17
                  NORTHERN DISTRICT OF CALIFORNIA
18
                     SAN FRANCISCO DIVISION
19

20  IN RE: CATHODE RAY TUBE (CRT)        Case No. 07-5944 SC
    ANTITRUST LITIGATION
                                         MDL No. 1917
21
    _____
22  This Document Relates to:
                                         DECLARATION OF HELEN C. ECKERT
23  *Best Buy Co., Inc., et al. v. Technicolor SA,*   IN SUPPORT OF DIRECT ACTION
    *et al.*, No. 13-cv-05264;           PLAINTIFFS' ADMINISTRATIVE
24                                        MOTION TO FILE DOCUMENTS
    *Electrograph Systems, Inc., et al. v.*   UNDER SEAL
25  *Technicolor SA, et al.*, No. 13-cv-06325;

26  *Interbond Corporation of America v.*
    *Mitsubishi Electric & Electronics USA,*
27  *Inc., et al.*, No. 13-cv-05727;

28  *Office Depot, Inc. v. Technicolor SA, et al.*,
    No. 13-cv-81174;

1

2   *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-06327;

3

4   *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

5   *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-02037;

6

7   *Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

8

9   *Sears, Roebuck and Co., et al. v. Technicolor SA*, No. 13-cv-05262;

10  *Dell Inc., et al. v. Phillips Electronics North America Corporation, et al.*, No. 13-cv-2171;

11

12  *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No.13-cv-00157;

13  *Siegel v. Technicolor SA, et al.*, No.13-cv-05261;

14

15  *Viewsonic Corporation v. Chunghwa Picture Tubes Ltd., et al.*, No.13-cv-02510.

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, Helen C. Eckert, declare as follows:

2    1.    I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP,

3    counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung

4    SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.;

5    Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI").  I

6    submit this declaration in support of Direct Action Plaintiffs' ("Plaintiffs") Administrative Motion

7    to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5 (MDL Dkt. No. 3269)

8    ("Motion to Seal"), filed in connection with Plaintiffs' Response in Opposition to Defendant

9    Mitsubishi Electric Corporation's Motion for Summary Judgment Based Upon Absence of

10   Evidence of Liability (MDL Dkt. No. 3271) ("Opposition").  Except for those matters stated on

11   information and belief, about which I am informed and which I believe to be true, I have personal

12   knowledge of the matters set forth herein and could and would testify competently to each of

13   them.

14   2.    SDI has disclosed or produced to the parties in this action certain documents and

15   information designated as either "Confidential" or "Highly Confidential" pursuant to the

16   Stipulated Protective Order entered on June 18, 2008 (MDL Dkt. No. 306).

17   3.    I have reviewed Plaintiffs' Opposition and the Declaration of Scott N. Wagner in

18   support thereof ("Wagner Declaration").

19   4.    Pursuant to Civil Local Rule 79-5(e)(1), I make this declaration on behalf of SDI to

20   provide the Court with a basis to maintain under seal redacted portions of Plaintiffs' Opposition

21   and Wagner Declaration Exhibits 3-6, 10, and 12.

22   5.    **Exhibit 3** to the Wagner Declaration is Samsung SDI's Responses to Dell's First

23   Set of Interrogatories dated November 25, 2013, designated by SDI as "Confidential" under the

24   Protective Order.  SDI's Interrogatory Responses include confidential, nonpublic, and/or sensitive

25   business information about SDI's management structure, employment histories of certain

26   individuals at SDI, as well as information relating to SDI's customers.  SDI's Interrogatory

27   Responses also summarize and cite to documents and deposition testimony that SDI has

28   designated as "Confidential" or "Highly Confidential" under the terms of the Protective Order.

-1-

1   Exhibit 3 is detailed, twenty-seven (27) page document lodged under seal in full by Plaintiffs;

2   however, it is only briefly discussed in the Wagner Declaration and the Opposition, and is not

3   material to the disposition of the underlying motion.  Where confidential documents or

4   information are not material to the disposition of the underlying motion, the documents and

5   information should be kept under seal.  *See, e.g., The Wilderness Society v. Wisely*, 524 F. Supp.

6   2d 1285, 1296 (D. Colo. Aug. 6, 2007) (ordering documents to be kept under seal "[b]ecause the

7   Court has not considered the [documents] in reaching its decisions in this case, [thus] there is no

8   public interest to be served by providing access to them"); *McConnell v. Fed. Election Comm.*,

9   251 F. Supp. 2d 919, 937, 943 (D.D.C. 2003) (ordering documents and information not relied

10  upon by the Court to be kept under seal); *Ricketts v. AW OF UNICOR*, 2009 WL 2232467, at *1

11  n.5 (M.D. Penn. July 24, 2009) (same); *Davis v. Miner*, 2007 WL 1237924, at *3 n.8 (M.D. Penn.

12  Apr. 26, 2007) (same).  I am informed and believe that public disclosure of this information

13  presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its

14  competitors and customers, and/or competitively disadvantaging SDI.  Accordingly, Exhibit 3

15  should be maintained under seal.

16          6.       **Exhibit 4** to the Wagner Declaration is Samsung SDI's Motion for Barring

17  Deposition Pursuant to Plaintiffs' FRCP 30(b)(6) Notice regarding Plea Issues dated August 15,

18  2014.  Portions of SDI's Motion contain confidential information regarding SDI's discovery

19  responses and summarize confidential deposition testimony.  SDI designated Exhibit 4 as

20  "Confidential" under the Protective Order.  I am informed and believe that public disclosure of

21  this motion would likely harm SDI in its commercial relationships. Accordingly, Exhibit 4 should

22  be maintained under seal.

23          7.       **Exhibit 5** to the Wagner Declaration is the Direct Action Plaintiffs' ("DAPs")

24  Response to Samsung SDI's Motion for Barring Deposition, dated August 27, 2014.  DAPs'

25  designated this document as "Confidential" under the Protective Order.  The Response

26  summarizes and quotes from SDI's discovery responses that SDI designated as "Confidential"

27  under the Protective Order.  The Response also summarizes and/or quotes from deposition

28  testimony and documents that SDI designated as "Highly Confidential" under the terms of the

-2-

Protective Order.  I am informed and believe that SDI treats such information as confidential and have taken reasonable measures to safeguard it from disclosure outside the company.  I am informed and believe that public disclosure of this confidential information would be substantially likely to irreparably harm SDI.  Accordingly, Exhibit 5 should be maintained under seal.

8. **Exhibit 6** to the Wagner Declaration is Special Master Walker's Interim Order dated September 15, 2014.  This Order quotes from and summarizes SDI's Motion for Barring Deposition (*supra*, Exhibit 4) and DAPs' Response to SDI's Motion (*supra*, Exhibit 5), which were designated by SDI and DAPs' as "Confidential."  The Order further summarizes various SDI discovery responses that were designated "Confidential" by SDI under the terms of the Protective Order.  I am  informed and believe that SDI treats such information as confidential and have taken reasonable measures to safeguard it from disclosure outside the company.  I am informed and believe that public disclosure of this confidential information would be substantially likely to irreparably harm SDI.  Accordingly, Exhibit 6 should be maintained under seal.

9. **Exhibit 10** to the Wagner Declaration is Samsung SDI's Second Supplemental Responses to DAPs' First Set of Interrogatories, Nos. 4 and 5 dated November 25, 2013.  These Interrogatory Responses have been designated by SDI as "Confidential" under the terms of the Protective Order.  Exhibit 10 is a voluminous ninety-eight (98) page document lodge under seal in full by Plaintiffs; however, it is only briefly discussed in the Wagner Declaration and Opposition, and is not material to the disposition of the underlying motion.  Where confidential documents or information are not material to the disposition of the underlying motion, the documents and information should be kept under seal.  *See, e.g., The Wilderness Society v. Wisely*, 524 F. Supp. 2d 1285, 1296 (D. Colo. Aug. 6, 2007) (ordering documents to be kept under seal "[b]ecause the Court has not considered the [documents] in reaching its decisions in this case, [thus] there is no public interest to be served by providing access to them"); *McConnell v. Fed. Election Comm.*, 251 F. Supp. 2d 919, 937, 943 (D.D.C. 2003) (ordering documents and information not relied upon by the Court to be kept under seal); *Ricketts v. AW OF UNICOR*, 2009 WL 2232467, at *1 n.5 (M.D. Penn. July 24, 2009) (same); *Davis v. Miner*, 2007 WL 1237924, at *3 n.8 (M.D. Penn. Apr. 26, 2007) (same).  Exhibit 10 contains confidential, nonpublic, proprietary and highly

1  sensitive business information about SDI's sales processes, business practices, negotiating tactics

2  and competitive positions, including as to relationships with companies that remain important to

3  SDI's competitive position.  I am informed and believe that public disclosure of this highly

4  sensitive information presents a risk of undermining SDI's business relationships, causing SDI

5  harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.

6  The Court previously sealed Exhibit 10, *see* Order Granting Direct Purchaser Plaintiffs'

7  Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (MDL

8  Dkt. No. 1120), and it should be maintained under seal.

9      10.    **Exhibit 12** to the Wagner Declaration is an internal Samsung SDI report produced

10  by SDI in this action as SDCRT-0006041-42.  SDI designated Exhibit 12 as "Highly Confidential"

11  under the terms of the Protective Order.  Exhibit 12 contains, cites, and/or identifies confidential,

12  non-public information regarding SDI's competitive positions, customers, negotiation tactics, and

13  business strategies.  I am informed and believe that SDI treats such information as confidential

14  and have taken reasonable measures to safeguard it from disclosure outside the company.  I am

15  informed and believe that public disclosure of this highly sensitive information presents a risk of

16  undermining SDI's business relationships, causing SDI harm with respect to its competitors and

17  customers, and/or competitively disadvantaging SDI.  Accordingly, Exhibit 12 should be

18  maintained under seal.

19      11.    Plaintiffs' Opposition reflects, contains or refers to documents or information

20  designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order,

21  including from the above exhibits.  As with the exhibits themselves, I understand that SDI

22  considers any statements in the Opposition purporting to summarize the exhibits or any other

23  documents or information designated as "Confidential" or "Highly Confidential" by SDI to be

24  confidential and proprietary, and that public disclosure of such information presents a risk of

25  undermining SDI's business relationships, causing SDI harm with respect to its competitors and

26  customers, and/or competitively disadvantaging SDI.  Accordingly, portions of Plaintiffs'

27  Opposition should be maintained under seal.

28

1     12.    SDI has narrowly tailored this sealing request to only those exhibits and references thereto necessary to protect their proprietary and sensitive business information.  Accordingly, for the reasons stated above, SDI requests that the Court maintain under seal Exhibits 3, 4, 5, 6, 10, 12, and all portions of the Opposition that quote from or describe these exhibits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of December 2014 in Los Angeles, California.

*/s/ Helen C. Eckert*
Helen C. Eckert