SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:     415-434-3947
E-mail:          ghalling@sheppardmullin.com
                    jmcginnis@sheppardmullin.com
                    mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:    213-620-1780
Facsimile:     213-620-1398
E-mail:          heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS<br><br>*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | **DECLARATION OF HELEN C. ECKERT IN SUPPORT OF DIRECT ACTION PLAINTIFFS' AND INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

1

2 *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

3 *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

4

5 *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

6 *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

7

8 *Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

9

10 *Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

11 *Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

12

13 *Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

14

15 *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

16 *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

17

18 *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

19

20 *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

21 *Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723;

22

23 *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

24

25 *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

26 *Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

27

28 *Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

1
2 *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;
3
4 *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510;
5 *Dell Inc., et al. v. Hitachi Ltd. et al.*, No. 13-cv-02171.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, Helen C. Eckert, declare as follows:

1. I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"). I submit this declaration in support of Direct Action Plaintiffs' ("DAPs") and Indirect Purchaser Plaintiffs' ("IPPs") (collectively, "Plaintiffs") Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5 (MDL Dkt. No. 3272) ("Motion to Seal"), filed in connection with Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment Based Upon Plaintiffs' Purported Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA (MDL Dkt. No. 3272-4) ("Opposition"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (MDL Dkt. No. 306).

3. I have reviewed Plaintiffs' Opposition and the Declaration of Philip J. Iovieno in support thereof ("Iovieno Declaration").

4. Pursuant to Civil Local Rule 79-5(e)(1), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal redacted portions of Plaintiffs' Opposition and Iovieno Declaration Exhibits 2-3, 5, 7-9, 13, 17-18, 21-22, and 24.

5. **Exhibits 2, 3, and 8** to the Iovieno Declaration are various excerpts from the April 15, 2014 Expert Report of Kenneth G. Elzinga ("Elzinga Report") and the September 26, 2014 Expert Rebuttal Report of Kenneth G. Elzinga ("Elzinga Rebuttal Report"), the Direct Action Plaintiffs' expert witness. The DAPs have designated the Elzinga Report and the Elzinga Rebuttal Report as "Highly Confidential" under the terms of the Protective Order. Upon information and belief, the documents and information referred to in and/or attached to both reports and their

exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information.  Exhibits 2, 3, and 8 summarize and/or quote from SDI documents that contain, cite, and/or identify confidential information about SDI's sales processes, business practices, internal practices, negotiating tactics and competitive positions.  SDI has designated such documents and depositions "Confidential" or "Highly Confidential" under the Protective Order.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and customers, and would put SDI at a competitive disadvantage..  Accordingly, Exhibits 2, 3, and 8 should be maintained under seal.

6. **Exhibits 5, 7, 9, 18, 21, and 24** to the Iovieno Declaration are the April 15, 2014 Expert Report of Janet S. Netz ("Netz Report") and the September 26, 2014 Rebuttal Expert Report of Janet S. Netz ("Netz Rebuttal Report"), the Indirect Purchaser Plaintiffs' expert witness. The IPPs have designated the Netz Report as "Confidential" in its entirety under the Protective Order.  Upon information and belief, the documents and information referred to in and/or attached to the Netz Report and its exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information.  The documents contain, cite, and/or identify confidential information about SDI's sales processes, business practices, management structure, customer relations, negotiating tactics and competitive positions.  Particularly, the exhibits summarize and/or quote from highly sensitive SDI documents, depositions, and sales data.  SDI has designated the documents and deposition testimony that the Netz Report quotes from and summarizes as "Confidential" or "Highly Confidential."  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and customers, and would put SDI at a competitive disadvantage.  Accordingly, Exhibits 5, 7, 9, 18, 21, 24 should be maintained under seal.

7. **Exhibits 13 and 17** to the Iovieno Declaration are excerpts from the April 15, 2014 Expert Report of Mohan Rao, Dell's expert witness ("Rao Report").  Exhibit 13 details SDI's transactional sales data, including the meaning of various fields and product code classification,

1  which SDI designated "Highly Confidential" under the Protective Order.  Exhibit 17 refers to the
2  data from Exhibit 13 as well as summarizes SDI documents and deposition testimony that were
3  designated "Highly Confidential," including highly sensitive SDI's manufacturing cost estimates.
4  The documents contain, cite, and/or identify confidential information about SDI's sales processes,
5  business practices, management structure, customer relations, negotiating tactics and competitive
6  positions. I am informed and believe that this is sensitive information and public disclosure of this
7  information presents a risk of undermining SDI's business relationships, would cause it harm with
8  respect to its competitors and customers, and would put SDI at a competitive disadvantage.
9  Accordingly, Exhibits 13 and 17 should be maintained under seal.

10   8.   **Exhibit 22** to the Iovieno Declaration is the September 26, 2014 Rebuttal Expert
11  Report of Alan S. Frankel ("Frankel Rebuttal Report"), DAPs' expert witness.  The DAPs have
12  designated the Frankel Rebuttal Report as "Highly Confidential" under the terms of the Protective
13  Order.  Upon information and belief, the documents and information referred to in and/or attached
14  to both reports and their exhibits consist of, cite to, and/or identify confidential, nonpublic,
15  proprietary and highly sensitive business information.  Exhibit 22 summarizes SDI's proprietary
16  data which SDI has designated "Highly Confidential" under the Protective Order.  I am informed
17  and believe that this is sensitive information and public disclosure of this information presents a
18  risk of undermining SDI's business relationships, would cause it harm with respect to its
19  competitors and customers, and would put SDI at a competitive disadvantage.  Accordingly,
20  Exhibit 22 should be maintained under seal.

21   9.   Plaintiffs' Opposition reflects, contains or refers to documents or information
22  designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order,
23  including from the above exhibits.  As with the exhibits themselves, I understand that SDI
24  considers any statements in the Opposition purporting to summarize the exhibits or any other
25  documents or information designated as "Confidential" or "Highly Confidential" by SDI to be
26  confidential and proprietary, and that public disclosure of such information presents a risk of
27  undermining SDI's business relationships, causing SDI harm with respect to its competitors and
28

customers, and/or competitively disadvantaging SDI. Accordingly, portions of Plaintiffs' Opposition should be maintained under seal.

10. SDI has narrowly tailored this sealing request to only those exhibits and references thereto necessary to protect their proprietary and sensitive business information. Accordingly, for the reasons stated above, SDI requests that the Court maintain under seal Exhibits 2, 3, 5, 7-9, 13, 17, 18, 21, 22, 24, and all portions of the Opposition that quote from or describe these exhibits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of December 2014 in Los Angeles, California.

*/s/ Helen C. Eckert*

Helen C. Eckert