SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:        ghalling@sheppardmullin.com
               jmcginnis@sheppardmullin.com
               mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:    213-620-1780
Facsimile:    213-620-1398
E-mail:        heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS<br><br>*Electrograph Systems, Inc. et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; | **DECLARATION OF HELEN C. ECKERT IN SUPPORT OF DIRECT ACTION PLAINTIFFS' AND INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

1

2   *Sears, Roebuck and Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514-SC;

3

4   *Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06276;

5   *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

6

7   *Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-01173;

8   *CompuCom Systems, Inc. v. Hitachi, Ltd. et al.*, No.11-cv-06396;

9

10  *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

11  *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

12

13  *Schultze Agency Services, LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

14  *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No.13-cv-00157;

15

16  *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.,et al.*, No. 3:14-cv-02510.

17

18

19

20

21

22

23

24

25

26

27

28

I, Helen C. Eckert, declare as follows:

1. I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"). I submit this declaration in support of Direct Action Plaintiffs' ("DAPs") and Indirect Purchaser Plaintiffs' ("IPPs") (collectively "Plaintiffs") Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5 (MDL Dkt. No. 3282) ("Motion to Seal"), filed in connection with Plaintiffs' Response in Opposition to Toshiba Defendants' Motion for Summary Judgment Concerning Withdrawal (MDL Dkt. No. 3280) ("Opposition"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (MDL Dkt. No. 306).

3. I have reviewed Plaintiffs' Opposition and the Declaration of Gary R. Carney in support thereof ("Carney Declaration").

4. Pursuant to Civil Local Rule 79-5(e)(1), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal redacted portions of Plaintiffs' Opposition and Carney Declaration Exhibits 3 and 4.

5. **Exhibit 3** to the Carney Declaration is excerpts from the January 16, 2013 deposition of Dae Eui Lee, which SDI designated "Highly Confidential" under the terms of the Protective Order. These excerpts consist of, cite to and/or identify confidential, non-public information, including SDI management structure and underlying confidential documents. I am informed and believe that public disclosure of this information would likely harm SDI in its commercial relationships. Accordingly, Exhibit 3 should be maintained under seal.

6.     **Exhibit 4** to the Carney Declaration is SDCRT-0086245-46, which is internal notes describing SDI's display markets, competitive positions, customers, and market prospects. This document consists of, cites to, and/or identifies confidential, non-public information. SDI designated Exhibit 4 as "Highly Confidential" under the Protective Order. I am informed and believe that SDI treats such information as confidential and have taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this confidential information would be substantially likely to irreparably harm SDI. Accordingly, Exhibit 4 should be maintained under seal.

7.     Plaintiffs' Opposition reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order, including from the above exhibits. As with the exhibits themselves, I understand that SDI considers any statements in the Opposition purporting to summarize the exhibits or any other documents or information designated as "Confidential" or "Highly Confidential" by SDI to be confidential and proprietary, and that public disclosure of such information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI. Accordingly, portions of Plaintiffs' Opposition should be maintained under seal.

8.     SDI has narrowly tailored this sealing request to only those exhibits and references thereto necessary to protect their proprietary and sensitive business information. Accordingly, for the reasons stated above, SDI requests that the Court maintain under seal Exhibits 3, 4, and all portions of the Opposition that quote from or describe these exhibits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of December 2014 in Los Angeles, California.

*/s/ Helen C. Eckert*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____
Helen C. Eckert

-3-

SMRH:435730961.1    ECKERT DECLARATION ISO DAPS' AND IPPS' ADMINISTRATIVE MOTION TO SEAL