SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1448
Telephone:    213-620-1780
Facsimile:    213-620-1398
E-mail:       heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-01173;<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc. v. Technicolor SA, et al.*, No. 13-cv-05264; | **DECLARATION OF HELEN C. ECKERT IN SUPPORT OF DAPS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

1  *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;

2

3  *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

4  *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

5

6  *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

7

8  *Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

9

10  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

11  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

12

13  *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

14  *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, Helen C. Eckert, declare as follows:

1. I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"). I submit this declaration in support of Certain Direct Action Plaintiffs' ("Plaintiffs") Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5 (MDL Dkt. No. 3236) ("Motion to Seal"), filed in connection with Plaintiffs' Opposition to Defendant Thomson Consumer's Motion for Summary Judgment and Partial Summary Judgment (MDL Dkt. No. 3236-4) ("Opposition"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (MDL Dkt. No. 306).

3. I have reviewed the Plaintiffs' Opposition and the Declaration of David M. Peterson in support thereof ("Peterson Declaration").

4. Pursuant to Civil Local Rule 79-5(e)(1), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal redacted portions of the Opposition and Peterson Declaration Exhibits 4, 5, 8, 9, and 18.

5. **Exhibit 4** to the Peterson Declaration is the September 26, 2014 Rebuttal Expert Report of Kennith G. Elzinga, the DAPs' expert witness ("Elzinga Rebuttal Report"). The DAPs have designated the Elzinga Rebuttal Report as "Highly Confidential" in its entirety under the terms of the Protective Order. Upon information and belief, the documents and information referred to in and/or attached to the Elzinga Rebuttal Report and its exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The documents contain, cite, and/or identify confidential information about SDI's sales processes, business practices, internal practices, negotiating tactics and competitive positions. SDI has

designated the underlying documents and depositions quoted from or summarized in the Elzinga Rebuttal Report as "Confidential" or "Highly Confidential" under the Protective Order. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and customers, and would put SDI at a competitive disadvantage. Accordingly, Exhibit 4 should be maintained under seal.

6. **Exhibit 5** to the Peterson Declaration is a summary chart of certain conspiratorial evidence. Upon information and belief, the chart cites to and summarizes documents that SDI has designated "Confidential" or "Highly Confidential" under the terms of the Protective Order since such documents contain confidential, nonpublic, proprietary and highly sensitive business information. As with the underlying documents themselves, I understand that SDI considers any statements in the chart purporting to summarize the documents to be confidential and proprietary, and that public disclosure of such information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI. Accordingly, Exhibit 5 should be maintained under seal.

7. **Exhibit 8** to the Peterson Declaration is Deposition Exhibit 2075E, produced as SDCRT-0006632E, which analyzes SDI's production around the word and describes SDI's competitive positions and business strategies. SDI designated Exhibit 6 as "Highly Confidential" under the Protective Order. I am informed and believe that SDI treats such information as confidential and have taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this confidential information would be substantially likely to irreparably harm SDI. Accordingly, the Court has previously sealed this document. *See* Order MDL Dkt. No. 2425..

8. **Exhibit 9** to the Peterson Declaration is Deposition Exhibit 2112E, produced as SDCRT-0007239_CT, which analyzes pricing and describes SDI's competitive positions and business strategies. Exhibit 9 is an internal report that consists of, cites to, and/or identifies confidential, non-public information. SDI designated Exhibit 6 as "Highly Confidential" under the Protective Order. I am informed and believe that SDI treats such information as confidential

1  and have taken reasonable measures to safeguard it from disclosure outside the company.  I am
2  informed and believe that public disclosure of this confidential information would be substantially
3  likely to irreparably harm SDI. Accordingly, Exhibit 9 should be maintained under seal.

4        9.      **Exhibit 18** to the Peterson Declaration is the April 15, 2014 Expert Report of
5  Kenneth G. Elzinga, the Direct Action Plaintiffs' expert witness ("Elzinga Report").  The DAPs
6  have designated the Elzinga Report as "Highly Confidential" in its entirety under the terms of the
7  Protective Order.  Upon information and belief, the documents and information referred to in
8  and/or attached to the Elzinga Report and its exhibits consist of, cite to, and/or identify
9  confidential, nonpublic, proprietary and highly sensitive business information.  The documents
10 contain, cite, and/or identify confidential information about SDI's sales processes, business
11 practices, internal practices, negotiating tactics and competitive positions.  The documents quoted
12 from or summarized in the Elzinga Report have been designated as "Confidential" or "Highly
13 Confidential" by SDI.  I am informed and believe that this is sensitive information and public
14 disclosure of this information presents a risk of undermining SDI's business relationships, would
15 cause it harm with respect to its competitors and customers, and would put SDI at a competitive
16 disadvantage.  Defendants have previously moved to seal the Elzinga Report pursuant to
17 Defendants' Motion for Partial Summary Judgment for Lack of Antitrust Injury and Antitrust
18 Standing (MDL Dkt. No. 3051).  Accordingly, Exhibit 18 should be maintained under seal.

19       10.      Plaintiffs' Opposition reflects, contains or refers to documents or information
20 designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order,
21 including from the above exhibits.  As with the exhibits themselves, I understand that SDI
22 considers any statements in the Opposition purporting to summarize the exhibits or any other
23 documents or information designated as "Confidential" or "Highly Confidential" by SDI to be
24 confidential and proprietary, and that public disclosure of such information presents a risk of
25 undermining SDI's business relationships, causing SDI harm with respect to its competitors and
26 customers, and/or competitively disadvantaging SDI.  Accordingly, portions of Plaintiffs'
27 Opposition should be maintained under seal.

28

-3-

1     11.     SDI has narrowly tailored this sealing request to only those exhibits and references thereto necessary to protect their proprietary and sensitive business information.  Accordingly, for the reasons stated above, SDI requests that the Court maintain under seal Exhibits 4-5, 8-9, 18, and all portions of the Opposition that quote from or describe these exhibits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of December 2014 in Los Angeles, California.

*/s/ Helen C. Eckert*
Helen C. Eckert