SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:   415-434-9100
Facsimile:    415-434-3947
E-mail:         ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:   213-620-1780
Facsimile:    213-620-1398
E-mail:         heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Costco Wholesale Corporation v. Hitachi Ltd., et al.*, No. 3:11-cv-06397-SC. | **DECLARATION OF HELEN C. ECKERT IN SUPPORT OF COSTCO WHOLESALE CORPORATION'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, Helen C. Eckert, declare as follows:

1. I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"). I submit this declaration in support of Costco Wholesale Corporation's ("Costco's") Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5 (MDL Dkt. No. 3265) ("Motion to Seal"), filed in connection with Costco's Response in Opposition to Defendants' Joint Notice Of Motion And Motion for Partial Summary Judgment Against Costco On Choice Of Law Grounds (MDL Dkt. No. 3264) ("Opposition"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (MDL Dkt. No. 306).

3. I have reviewed Costco's Opposition and the Declaration of David J. Burman in support thereof ("Burman Declaration").

4. Pursuant to Civil Local Rule 79-5(e)(1), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal redacted portions of Costco's Opposition and Burman Declaration Exhibits 14, 18-22, and 30.

5. **Exhibit 14** to the Burman Declaration is SDCRT-0086512-13, translated as SDCRT-0086512E_Translation-13E_Translation, which describes SDI's competitive positions and business strategies. Exhibit 14 is an internal report that consists of, cites to, and/or identifies confidential, non-public information. SDI designated Exhibit 14 as "Highly Confidential" under the Protective Order. I am informed and believe that SDI treats such information as confidential and have taken reasonable measures to safeguard it from disclosure outside the company. I am

1  informed and believe that public disclosure of this confidential information would be substantially
2  likely to irreparably harm SDI. Accordingly, Exhibit 14 should be maintained under seal.

3        6.    **Exhibit 18** to the Burman Declaration is excerpts of the July 1-2, 2014 Deposition
4  of Woong Rae Kim, an SDI witness. SDI designated the deposition transcript of W.R. Kim as
5  "Highly Confidential" under the terms of the Protective Order. These excerpts in Exhibit 18
6  contain information concerning SDI's production methods, capabilities, customer relations, and
7  strategies. I am informed and believe that SDI treats such information as highly confidential and
8  has taken reasonable measures to safeguard it from disclosure outside the company. I am
9  informed and believe that public disclosure of this highly confidential information would likely
10 irreparably harm SDI. Accordingly, Exhibit 18 should be maintained under seal.

11       7.    **Exhibits 19-22 and 30** to the Burman Declaration are SDCRT-0076853, SDCRT-
12 0076954, SDCRT-0002588-89, SDCRT-0007539-53 and SDCRT-0087178, respectively. These
13 documents analyze and describes SDI's competitive positions, major customers, negotiating
14 tactics, business strategies, and other industries that are not the subject of this case. Exhibits 19-22
15 and 30 are all internal reports that consists of, cite to, and/or identify confidential, non-public
16 information. SDI designated Exhibits 19, 20, 21, 22 and 30 as "Highly Confidential" under the
17 Protective Order. I am informed and believe that SDI treats such information as confidential and
18 have taken reasonable measures to safeguard it from disclosure outside the company. I am
19 informed and believe that this is sensitive information and public disclosure of this information
20 presents a risk of undermining SDI's business relationships, would cause it harm with respect to
21 its competitors and customers, and would put SDI at a competitive disadvantage. Accordingly,
22 Exhibits 19-22 and 30 should be maintained under seal.

23       8.    Costco's Opposition reflects, contains or refers to documents or information
24 designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order,
25 including from the above exhibits. As with the exhibits themselves, I understand that SDI
26 considers any statements in the Opposition purporting to summarize the exhibits or any other
27 documents or information designated as "Confidential" or "Highly Confidential" by SDI to be
28 confidential and proprietary, and that public disclosure of such information presents a risk of

1 undermining SDI's business relationships, causing SDI harm with respect to its competitors and
2 customers, and/or competitively disadvantaging SDI.  Accordingly, portions of Plaintiffs'
3 Opposition should be maintained under seal.
4       9.     SDI has narrowly tailored this sealing request to only those exhibits and references
5 thereto necessary to protect their proprietary and sensitive business information.  Accordingly, for
6 the reasons stated above, SDI requests that the Court maintain under seal Exhibits 14, 18-22, 30,
7 and all portions of the Opposition that quote from or describe these exhibits.

9       I declare under penalty of perjury under the laws of the United States of America
10 that the foregoing is true and correct.
11       Executed this 26th day of December 2014 in Los Angeles, California.

                                      */s/ Helen C. Eckert*
                                       Helen C. Eckert