SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:     415-434-9100
Facsimile:      415-434-3947
E-mail:           ghalling@sheppardmullin.com
                 jmcginnis@sheppardmullin.com
                 mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:     213-620-1780
Facsimile:      213-620-1398
E-mail:           heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-05513;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, Case No. 13-cv-05264;<br><br>*Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;<br><br>*Costco Wholesale Corporation v. Technicolor* | **DECLARATION OF HELEN C. ECKERT IN SUPPORT OF DIRECT ACTION PLAINTIFFS' AND INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

*SA, et al.*, No. 13-cv-05723;

*Interbond Corp. of America v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06275;

*Interbond Corp. of America v. Technicolor SA, et al.*, Case No. 3:13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, Case No. 3:13-cv-05726;

*Sears, Roebuck and Co., & Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514-SC;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262.

I, Helen C. Eckert, declare as follows:

1. I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"). I submit this declaration in support of the Indirect Purchaser Plaintiffs' ("IPPs") and Direct Action Plaintiffs' ("DAPs") (collectively "Plaintiffs") Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5 (MDL Dkt. Nos. 3281 and 3286) ("Motion to Seal"), filed in connection with Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment On Indirect Purchaser Claims Based On Foreign Sales (MDL Dkt. No. 3287) ("Opposition"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (MDL Dkt. No. 306).

3. I have reviewed Plaintiffs' Opposition and the Declaration of Mario N. Alioto in support thereof ("Alioto Declaration").

4. Pursuant to Civil Local Rule 79-5(e)(1), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal redacted portions of Plaintiffs' Opposition and Alioto Declaration Exhibits 2, 3, 12, 13, 20, 24, 26, 46-48, 50, 61, 63, 73, 124, 131, and 145.

5. **Exhibit 2** to the Alioto Declaration is a voluminous ninety-seven (97) page summary chart of purported competitor meetings that summarizes and/or quotes from SDI documents that SDI designated as "Confidential" or "Highly Confidential" under the Protective Order. The documents contain, cite, and/or identify confidential information about SDI's sales processes, business practices, internal practices, negotiating tactics and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to

-1-

its competitors and customers, and would put SDI at a competitive disadvantage. Accordingly, Exhibit 2 should be maintained under seal.

6. **Exhibit 3** to the Alioto Declaration is the April 15, 2014 Expert Report of Janet S. Netz, the Indirect Purchaser Plaintiffs' expert witness ("Netz Report"). The IPPs have designated the Netz Report as "Confidential" in its entirety under the Protective Order. Upon information and belief, the documents and information referred to in and/or attached to the Netz Report and its exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. The documents contain, cite, and/or identify confidential information about SDI's sales processes, business practices, internal practices, negotiating tactics and competitive positions. SDI has designated the documents and deposition testimony that the Netz Report quotes from and summarizes as "Confidential" or "Highly Confidential." I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and customers, and would put SDI at a competitive disadvantage. SDI has previously moved to seal the Netz Report pursuant to SDI's Motion for Partial Summary Judgment for Lack of Standing as to Direct Action Plaintiffs' Sherman Act Damage Claims Based on CRT Product Purchases from Samsung Electronics (MDL Dkt. No. 2980). Accordingly, Exhibit 3 should be maintained under seal.

7. **Exhibit 12** to the Alioto Declaration is SDCRT-0008147-48E, which is an internal report describing and analyzing SDI's customers, distribution chains, negotiating practices, and other competitive positions. SDI designated Exhibit 12 as "Highly Confidential" under the Protective Order. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and customers, and would put SDI at a competitive disadvantage. Accordingly, Exhibit 12 should be maintained under seal.

8. **Exhibits 13, 20, and 26** to the Alioto Declaration are excerpts from the July 1, 2014 deposition of W.R. Kim, which SDI designated "Highly Confidential" under the terms of the Protective Order. These excerpts detail SDI's customer relationships, management structure and

-2-

distribution channels.  Exhibits 13, 20 and 26 consist of, cite to and/or identify confidential, non-public information, including SDI management structure and customers.  I am informed and believe that public disclosure of this information would likely harm SDI in its commercial relationships.  Accordingly, Exhibits 13, 20 and 26 should be maintained under seal.

9. **Exhibit 24** to the Alioto Declaration is SDCRT-0083117, which contains an analysis of SDI's data, divisions, and customers over time.  SDI designated Exhibit 24 "Highly Confidential" under the Protective Order.  The document contains, cites, and/or identifies confidential information about SDI's sales processes, business practices, and competitive positions.  I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining SDI's business relationships, would cause it harm with respect to its competitors and customers, and would put SDI at a competitive disadvantage.  Accordingly, Exhibit 24 should be maintained under seal.

10. **Exhibit 46** of the Alioto Declaration is SDI's Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5, designated by SDI as "Confidential" under the Protective Order.  Exhibit 44 is a voluminous eighty-nine (89) page document lodged under seal in full by Plaintiffs; however, it is only briefly discussed in the Bernstein Declaration, at page 5, lines 11-13, and the Opposition, at page 24, lines 6-8 & n.77, and is not material to the disposition of the underlying motion.  Where confidential documents or information are not material to the disposition of the underlying motion, the documents and information should be kept under seal.  *See, e.g., The Wilderness Society v. Wisely*, 524 F. Supp. 2d 1285, 1296 (D. Colo. Aug. 6, 2007) (ordering documents to be kept under seal "[b]ecause the Court has not considered the [documents] in reaching its decisions in this case, [thus] there is no public interest to be served by providing access to them"); *McConnell v. Fed. Election Comm.*, 251 F. Supp. 2d 919, 937, 943 (D.D.C. 2003) (ordering documents and information not relied upon by the Court to be kept under seal); *Ricketts v. AW OF UNICOR*, 2009 WL 2232467, at *1 n.5 (M.D. Penn. July 24, 2009) (same); *Davis v. Miner*, 2007 WL 1237924, at *3 n.8 (M.D. Penn. Apr. 26, 2007) (same).  Exhibit 46 contains confidential, nonpublic, proprietary and highly sensitive business information about SDI's sales processes, business practices, negotiating tactics

and competitive positions, including as to relationships with companies that remain important to SDI's competitive position. I am informed and believe that public disclosure of this highly sensitive information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI. The Court previously sealed Exhibit 46, *see* Order Granting Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (MDL Dkt. No. 1120), and it should be maintained under seal.

11. **Exhibits 47, 48, 50, 61 and 63** to the Alioto Declaration are internal reports produce as Deposition Exhibits 5209E (SDCRT-0002506-08E), 3841E (SDCRT-0002488-89E), 635E (SDCRT-006041-42E), 2070E (SDCRT-0079381-82E), and 2091E (SDCRT-0069086E). These exhibits contain confidential, nonpublic, proprietary business information about SDI's competitive intelligence, business plans, pricing strategy, production capabilities, and opinions about and negotiations with companies that remain important to SDI's competitive position. SDI designated these Exhibits "Highly Confidential" under the terms of the Protective Order. I am informed and believe that SDI treats such information as confidential and have taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this confidential information would be substantially likely to harm SDI. Accordingly, Exhibits 47, 48, 50, 61 and 63 should be maintained under seal.

12. **Exhibits 73 and 145** to the Alioto Declaration are internal SDI presentations that describe and analyze SDI's customers, distribution chain, sales strategy, retail analysis, and other competitive positions and business practices. Exhibit 73 (SDCRT-0024467E) and Exhibit 145 (SDCRT-0012333) consist of, cites to, and/or identifies confidential, non-public information. SDI designated Exhibits 73 and 145 as "Highly Confidential" under the terms of the Protective Order. I am informed and believe that SDI treats such information as confidential and have taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this confidential information would be substantially likely to irreparably harm SDI. Accordingly, Exhibits 73 and 145 should be maintained under seal.

13. **Exhibit 124** of the Alioto Declaration is the excerpts from the June 6-7, 2012 Rule 30(b)(6) deposition of Jae In Lee, which SDI designated "Highly Confidential" under the Protective Order. These excerpts contain, cite and/or identify non-public, confidential information concerning SDI's business practices, sales strategies and CRT production cost information. I am informed and believe that SDI treats such information as highly confidential and has taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this highly sensitive information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI. The Court previously sealed excerpts from this deposition when they were submitted as exhibits to the Declaration of Eva W. Cole in Support of Defendants' Opposition to Motion of Indirect-Purchaser Plaintiffs for Class Certification and Motion to Strike (MDL Dkt. No. 1512) and the Declaration of Mona Solouki in Support of Defendants' Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification (MDL Dkt. No. 1946). Accordingly, Exhibit 124 should be maintained under seal.

14. **Exhibit 131** to the Alioto Declaration is Deposition Exhibit 1899E, produced as SDCRT-0086722-32 and translated as SDCRT-0086722E_Translation-32E_Translation. Exhibit 131 contains ten pages of internal market analysis, component demand data, and an analysis of glass supply. The document consists of, cites to, and/or identifies confidential, non-public information. SDI designated Exhibit 131 as "Highly Confidential" under the Protective Order. I am informed and believe that SDI treats such information as confidential and have taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this confidential information would be substantially likely to irreparably harm SDI. Accordingly, Exhibit 131 should be maintained under seal.

15. Plaintiffs' Opposition reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order, including from the above exhibits. As with the exhibits themselves, I understand that SDI considers any statements in the Opposition purporting to summarize the exhibits or any other documents or information designated as "Confidential" or "Highly Confidential" by SDI to be

confidential and proprietary, and that public disclosure of such information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI. Accordingly, portions of Plaintiffs' Opposition should be maintained under seal.

16. SDI has narrowly tailored this sealing request to only those exhibits and references thereto necessary to protect their proprietary and sensitive business information. Accordingly, for the reasons stated above, SDI requests that the Court maintain under seal Exhibits 2, 3, 12, 13, 20, 24, 26, 46-48, 50, 61, 63, 73, 124, 131, 145, and all portions of the Opposition that quote from or describe these exhibits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of December 2014 in Los Angeles, California.

*/s/ Helen C. Eckert*
Helen C. Eckert