Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al., No. 13-cv-01173*<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al., No. 13-cv-05724;*<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al., No. 13-cv-00141;*<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264;*<br><br>*Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727;*<br><br>*Office Depot, Inc. v. Technicolor SA, et al., No. 13-cv-05726;* | **DECLARATION OF STEPHEN M. JUDGE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS THEIR OPPOSITION TO DEFENDANT THOMSON CONSUMER'S MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)**<br><br>Judge: Hon. Samuel Conti |

*Costco Wholesale Corporation v. Technicolor SA, et al., No. 13-cv-05723;*

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al., No. 31:cv-05725;*

*Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al., No. 13-cv-05668;*

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, No. 3:13-cv-05262;*

*Target Corp. v. Technicolor SA, et al., No. 13-cv-05686;*

*Tech Data Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-00157;*

*ViewSonic Corporation, v. Chunghwa Picture Tubes, Ltd., et al., 3:14cv-02510.*

I, Stephen M. Judge, hereby declare as follows:

1. I am currently an attorney with the law firm Faegre Baker Daniels LLP, counsel for Defendants Thomson Consumer Electronics, Inc. ("Thomson Consumer") and Thomson SA (collectively "Thomson Defendants"). I am admitted to practice *pro hac vice* before the United States District Court for the Northern District of California. The statements contained in this declaration are based on my personal knowledge and, if called as a witness, I could competently testify to the following facts.

2. On June 18, 2008, the Court entered a "Stipulated Protective Order" in this matter [Dkt. No. 306] (the "Protective Order"). On December 22, 2014 the Plaintiffs filed an Administrative Motion to Seal [Dkt. 3236], and lodged under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents or portions thereof, that contain information from documents the Thomson Defendants have designated "Confidential" or "Highly Confidential":

DECLARATION OF STEPHEN M. JUDGE IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL

2

No. 07-5944-SC; MDL No. 1917

    a.    Exhibits 2, 3, 16, 17, 19-44 to the Declaration of David M. Peterson In Support of Plaintiffs' Administrative Motion to Seal Portions of their Opposition to Thomson Consumer's Motion for Summary Judgment and Partial Summary Judgment pursuant to Civil Local Rules 7-11 and 79-5(d) [Dkt. No. 3236-1] ("Peterson Declaration"); and

    b.    Portions of Plaintiffs' Opposition to Thomson Consumer's Motion for Summary Judgment and Partial Summary Judgment [Dkt. No. 3236-4] ("Plaintiffs' Opposition");

3.    Pursuant to Civil Local Rules 7-11 and 79-5(d), and the Stipulated Protective Order, I make this declaration on behalf of the Thomson Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Thomson Defendants as "Confidential" or "Highly Confidential" under the Stipulated Protective Order, and references to those documents and information in the Plaintiffs' Opposition and Exhibits 2, 3, 16, 17, 19-44 to the Peterson Declaration.

4.    Specifically, the Thomson Defendants request that the following documents be maintained under seal: (i) Exhibits 2, 3, 16, 17, 19-44 to the Peterson Declaration; and (ii) all references to information in the Plaintiffs' Opposition designated "Confidential" or "Highly Confidential" by the Thomson Defendants under the terms of the Stipulated Protective Order.

5.    The following Exhibits to the Peterson Declaration were produced by the Thomson Defendants and designated as "Highly Confidential" or "Confidential" by the Thomson Defendants:

    a.    Exhibit 2 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0013598 and designated as "Highly Confidential";

    b.    Exhibit 3 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0013599 and designated as "Highly Confidential";

1     c.    Exhibit 19 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0005029 and designated as "Highly Confidential";

    d.    Exhibit 20 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0020578 and designated as "Highly Confidential";

    e.    Exhibit 21 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0026353 and designated as "Highly Confidential";

    f.    Exhibit 22 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0020445 and designated as "Highly Confidential";

    g.    Exhibit 24 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0021781 and designated as "Highly Confidential";

    h.    Exhibit 26 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0012393 and designated as "Highly Confidential";

    i.    Exhibit 27 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0021805 and designated as "Highly Confidential";

    j.    Exhibit 28 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0012517 and designated as "Confidential";

    k.    Exhibit 29 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0012622 and designated as "Confidential";

    l.    Exhibit 30 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0012505 and designated as "Confidential";

1  m.  Exhibit 31 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0012530 and designated as "Confidential";

n.  Exhibit 32 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0018762 and designated as "Confidential";

o.  Exhibit 33 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TSA-CRT 00000667 and designated as "Highly Confidential";

p.  Exhibit 34 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0013068 and designated as "Highly Confidential";

q.  Exhibit 35 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TSA-CRT 00012960 and designated as "Highly Confidential";

r.  Exhibit 36 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0013124 and designated as "Highly Confidential";

s.  Exhibit 37 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0013079 and designated as "Highly Confidential";

t.  Exhibit 38 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0013607 and designated as "Highly Confidential";

u.  Exhibit 39 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0025314 and designated as "Highly Confidential";

v.  Exhibit 40 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0025313 and designated as "Highly Confidential";

w. Exhibit 41 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0026413 and designated as "Highly Confidential";

x. Exhibit 42 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0020829 and designated as "Highly Confidential";

y. Exhibit 43 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0017101 and designated as "Highly Confidential"; and

z. Exhibit 44 to the Peterson Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0016517 and designated as "Highly Confidential."

6. Upon information and belief, the documents referenced in paragraph 5 were designated as "Confidential" or "Highly Confidential" by the Thomson Defendants because they contain confidential, non-public, highly sensitive business information about the Thomson Defendants' business practices, customers, strategies, and supplier relationships. Publically disclosing this sensitive information risks undermining the Thomson Defendants' business relationships and harming its suppliers and customers and putting the Thomson Defendants at a competitive disadvantage.

7. The following Exhibits to the Peterson Declaration contain excerpts from the deposition transcripts of witnesses for the Thomson Defendants, which have been designated as "Highly Confidential" or "Confidential" by the Thomson Defendants:

a. Exhibit 16 to the Peterson Declaration contains excerpts from the deposition of Jacquelyn Taylor-Boggs, which has been designated as "Highly Confidential";

b. Exhibit 17 to the Peterson Declaration contains excerpts from the deposition of Alex Hepburn, which has been designated as "Highly Confidential";

c. Exhibit 23 to the Peterson Declaration contains excerpts from the deposition of Thomas Carson, which has been designated as "Confidential"; and

     d.    Exhibit 25 to the Peterson Declaration contains excerpts from the deposition of James P. Hanrahan, which has been designated as "Highly Confidential."

8. Upon information and belief, the deposition transcripts referenced in paragraph 7 were designated as "Confidential" or "Highly Confidential" by the Thomson Defendants because they consist of, cite to, or identify confidential, non-public, highly sensitive business information about the Thomson Defendants' business practices, customers, strategies, and supplier relationships. Publically disclosing this sensitive information risks undermining the Thomson Defendants' business relationships and harming its suppliers and customers and putting the Thomson Defendants at a competitive disadvantage.

     I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

     Executed this 26th day of December 2014, at South Bend, Indiana.

                                                        /s/ Stephen M. Judge