BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |
| This Document Relates to:<br><br>*DIRECT PURCHASER ACTIONS* | |

MDL 1917

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5

I, Tiffany B. Gelott, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On December 23, 2014, Direct Action Purchaser Plaintiffs[1] (collectively, "Plaintiffs") filed an Administrative Motion to Seal (Dkt. 3262), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents that contain information from documents that the Philips Defendants have designated "Confidential" or "Highly Confidential:"

    a. Portions of the Opposition to Defendant LG Electronics, Inc. ("LGE's") Motion for Partial Summary Judgment on Withdrawal Grounds (the "Opposition");

    b. Exhibit 13 to the Declaration of David Martinez in Support of the Opposition ("Martinez Declaration"), documents produced by the Philips Defendants in this litigation with the following bates numbers: PHLP-CRT-098241 - PHLP-CRT-098243, PHLP-CRT- 095824 - PHLP-CRT-095826, PHLP-CRT-012646 - PHLP-CRT-12660, and PHLP-CRT-014816 - PHLP-CRT-014818 ("Exhibit 13");

    c. Exhibit 15 to the Martinez Declaration, a document produced by the Philips

---

[1] The Direct Action Plaintiffs include Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C. and Magnolia Hi-Fi, LLC (collectively, "Best Buy"), "), ABC Appliance, Inc. d/b/a ABC Warehouse, Interbond Corporation of America, CompuCom Systems, Inc., Costco Wholesale Corp., Dell Inc. and Dell Products L.P., Electrograph Systems, Inc. and Electrograph Technologies Corp., MARTA Cooperative of America, Inc., Office Depot, Inc., P.C. Richard & Son Long Island Corp., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, Sears, Roebuck and Co. and Kmart Corp., Sharp Electronics Corp. and Sharp Electronics Manufacturing Company of America, Inc., Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, Target Corp., Tech Data Corp. and ViewSonic Corp.

1

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5

1  Defendants in this litigation with the bates number, PHLP-CRT-136340 – PHLP-CRT-136348 ("Exhibit 15");

d. Exhibit 18 to the Martinez Declaration, documents produced by the Philips Defendants in this litigation with the following bates numbers: PHLP-CRT-028299; PHLP-CRT-033754; PHLP-CRT-052781; PHLP-CRT-098241 - PHLPCRT-098243; PHLP-CRT-052964 - PHLP-CRT-052965; and PHLP-CRT-017663 – PHLPCRT-0177664 ("Exhibit 18");

e. Exhibit 21 to the Martinez Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PNV0088536 ("Exhibit 21");

f. Exhibit 28 to the Martinez Declaration, documents produced by the Philips Defendants in this litigation with the following bates numbers: PHLP-CRT-008331 – PHLP-CRT-08333, PHLP-CRT-007022 – PHLP-CRT-007024, PHLP-CRT-005940 – PHLP-CRT-005942, PHLP-CRT-005720– PHLP-CRT-005722, PHLP-CRT-007479 – PHLP-CRT-007581, PHLP-CRT-007872 - PHLPCRT-007873, PHLP-CRT-007948 - PHLP-CRT-007952, PHLP-CRT-008309 - PHLP-CRT-008311, PHLP-CRT-009804 - PHLP-CRT-009807, and PHLP-CRT-009129 - PHLP-CRT-009132 ("Exhibit 28");

g. Exhibit 35 to the Martinez Declaration, documents produced by the Philips Defendants in this litigation with the following bates numbers: PHLP-CRT-091253 – PHLP-CRT-091255, PHLP-CRT-091492 – PHLP-CRT-091495, PHLP-CRT-092187 – PHLP-CRT-092188, PHLP-CRT-092569 – PHLP-CRT-092570, PHLP-CRT-096840 – PHLP-CRT-096844, and PHLP-CRT-097351 – PHLP-CRT-097352 ("Exhibit 35");

h. Exhibit 36 to the Martinez Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-096840 - PHLP-CRT-096844, and excerpts from the May 15, 2014 Deposition of

1  Joseph Killen ("Exhibit 36");

2      i. Exhibit 41 to the Martinez Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-052172-PHLP-CRT-052173 ("Exhibit 41");

    j. Exhibit 42 to the Martinez Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-052781 ("Exhibit 42");

    k. Exhibit 51 to the Martinez Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-052172-PHLP-CRT-052173, excerpts from the December 18, 2013 Deposition of Wiebo Vaartjes, and excerpts from the December 13, 2013 Deposition of Jim Smith ("Exhibit 51");

    l. Exhibit 52 to the Martinez Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT- 052172-PHLP-CRT-052173 ("Exhibit 52"); and

    m. Exhibit 57 to the Martinez Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-048827-PHLP-CRT-048828 ("Exhibit 57").

4. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Opposition, Exhibits 13, 15, 18, 21, 28, 35, 36, 41, 42, 51, and 57.

5. Exhibits 13, 15, 18, 21, 28, 35, 41, 42, 52, and 57 should be maintained under seal in their entirety because they are documents produced the Philips Defendants in this litigation that were

3
DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5

designated as "Confidential" pursuant to the Stipulated Protective Order.

6. Exhibits 36 should be maintained under seal in its entirety because it contains a document produced by the Philips Defendants in this litigation and excerpts from the Deposition of Joseph Killen, both of which the Philips Defendants have designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

7. Exhibit 51 should be maintained under seal in its entirety because it contains a document produced by the Philips Defendants in this litigation and excerpts from the Depositions of Wiebo Vaartjes and Jim Smith, all of which the Philips Defendants have designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

8. Upon information and belief, Exhibits 13, 15, 18, 21, 28, 35, 36, 41, 42, 51, 52, and 57 as well as the portions of the Opposition, which cite and discuss those exhibits, were designated by the Philips Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the document contains confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' customers, and would put the Philips Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 29, 2014 in Washington, D.C.

                             /s/ Tiffany B. Gelott
                             Tiffany B. Gelott