BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513-SC;<br><br>*Interbond Corp. of Am. v. Hitachi, Ltd, et al.,* No. 3: 11-cv-06275-SC;<br><br>*Office Depot, Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06276-SC | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-5(e) AND 7-11** |

I, Tiffany B. Gelott, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On December 23, 2014, Best Buy,[1] BrandsMart,[2] and Office Depot[3] (collectively, "Plaintiffs") filed an Administrative Motion to Seal (Dkt. 3258), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following document that contains information from documents that the Philips Defendants have designated "Confidential" or "Highly Confidential:" Exhibit 5 to the Declaration of David Martinez in Support of Plaintiffs' Opposition to Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s Motion for Summary Judgment and Direct Action Plaintiffs' State Law Claims on Due Process Grounds ("Martinez Declaration"), excerpts of the July 31, 2012 Deposition of Roger de Moor ("Exhibit 5").

4. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in Exhibit 5.

5. Exhibit 5 should be maintained under seal in its entirety because it contains excerpts of the July 31, 2012 Deposition of Roger de Moor, who was designated as a Fed. R. Civ. P. 30(b)(6)

---

[1] "Best Buy" refers collectively to Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P. and Bestbuy.com , L.L.C.
[2] "BrandsMart" refers to Interbond Corporation of America.
[3] "Office Depot" refers to Office Depot, Inc.

1
DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-5(E) AND 7-11

witness for the Philips Defendants, that the Philips Defendants designated as "Highly Confidential" pursuant to the Stipulated Protective Order.

7. Upon information and belief, Exhibit 5 was designated by the Philips Defendants as "Highly Confidential" pursuant to the Stipulated Protective Order because the document contains confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The document describes relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' customers, and would put the Philips Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 29, 2014 in Washington, D.C.

　　　　　　　　　　　　　　　　　　　　 /s/ Tiffany B. Gelott
　　　　　　　　　　　　　　　　　　　　Tiffany B. Gelott