BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-5(e) AND 7-11** |
| This Document Relates to:<br><br>*All Indirect Purchaser Actions*<br><br>*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.,* No. 3:11-cv-01656-SC;<br><br>*Alfred H. Siegel as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* No. 3:11-cv-05502-SC;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 3:11-cv-05513-SC;<br><br>*Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 3:11-cv-05514-SC;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v.* | |

1  *Chunghwa Picture Tubes, Ltd., No. 3:11-cv-05514-SC;*

2

3  *Interbond Corporation of America, d/b/a BrandsMart USA v. Hitachi, et al., No. 3:11-cv-06275-SC;*

4

5  *Office Depot, Inc. v. Hitachi, Ltd., et al., No. 3:11-cv-06276-SC;*

6

7  *CompuCom Systems, Inc. v. Hitachi, Ltd., et al., No. 3:11-cv-06396-S;*

8

9  *Costco Wholesale Corporation v. Hitachi, Ltd., et al., No. 3:11-cv-06397-SC;*

10

11  *P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al., No. 3:12-cv-02648-SC;*

12

13  *Schultze Agency Services, LLC on behalf of Tweeter OPCO, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al., No. 3:12-cv-02649-SC;*

14

15  *Tech Data Corporation, et al. v. Hitachi, Ltd., et al., No. 3:13-cv-00157-SC*

16

17

18

19

20

21

22

23

24

25

26

27

28

MDL 1917

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-5(E) AND 7-11

I, Tiffany B. Gelott, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On December 23, 2014, the Indirect Purchaser Plaintiffs and the Direct Action Plaintiffs (collectively, "Plaintiffs") filed an Administrative Motion to Seal (Dkt. 3266), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents that contain information from documents that the Philips Defendants have designated "Confidential" or "Highly Confidential:"

   a. Portions of Plaintiffs' Joint Opposition to Hitachi Parties' Motion for Summary Judgment Based Upon the Lack of Evidence of Participation in the Alleged Conspiracy (the "Opposition");

   b. Exhibit 58 to the Declaration of Jennie Lee Anderson in Support of Plaintiffs' Joint Opposition to Hitachi Parties' Motion For Summary Judgment Based Upon the Lack of Evidence of Participation in the Alleged Conspiracy ("Anderson Declaration"), a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-0077930, and marked at deposition as Exhibit 1403 ("Exhibit 58");

   c. Exhibit 66 to the Anderson Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-081748, and marked at deposition as Exhibit 2625 ("Exhibit 66");

   d. Exhibit 76 to the Anderson Declaration, the Expert Report of Janet S. Netz, Ph.D., dated March 15, 2014 ("Exhibit 76"); and

    e. Exhibit 77 to the Anderson Declaration, the Rebuttal Expert Report of Janet S. Netz, Ph.D., dated September 26, 2014.

4. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Opposition, Exhibits 58, 66, 76, and 77.

5. Exhibits 58 and 66 should be maintained under seal in their entirety because they are documents produced the Philips Defendants in this litigation that were designated as "Confidential" pursuant to the Stipulated Protective Order.

6. Exhibits 76 and 77 should be maintained under seal in their entirety because they are expert reports that analyze and rely upon documents and data designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

7. Upon information and belief, Exhibits 58, 66, 76, and 77 as well as the portions of the Opposition, which cite and discuss Exhibits 58, 66, 76, and 77, were designated by the Philips Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the documents contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' customers, and would put the Philips Defendants at a competitive disadvantage.

 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 29, 2014 in Washington, D.C.

      /s/ Tiffany B. Gelott
      Tiffany B. Gelott

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-5(E) AND 7-11