1 | BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THEIR OPPOSITION TO PANASONIC'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
| This Document Relates to:<br><br>*All Indirect Purchaser Actions*<br><br>*Sharp Electronics Corp., et. al. v. Hitachi Ltd., et al.*, No. 13-cv-01173;<br><br>*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;| |

*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al., No. 11-cv-05513;*

*Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264;*

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al., No. 11-cv-05514;*

*Target Corp. v. Technicolor SA, et al., No. 13-cv-05686;*

*Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al., No. 11-cv-05514;*

*Sears, Roebuck & Co., et al. v. Technicolor SA, et al., No. 13-cv-05262;*

*Interbond Corp. of Am. v. Hitachi, Ltd., et al., No. 11-cv-06275;*

*Interbond Corp. of Am. v. Technicolor SA, et al., No. 13-cv-05727;*

*Office Depot, Inc. v. Hitachi, Ltd., et al., No. 11- cv-06276;*

*Office Depot, Inc. v. Technicolor SA, et al., No. 13-cv-05726;*

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al., No. 11-cv-06396;*

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al., No. 12-cv-02648;*

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al., No. 13-cv-05725;*

*Schultze Agency Servs., LLC v. Hitachi, Ltd., et al., No. 12-cv-02649;*

*Schultze Agency Servs., LLC v. Technicolor SA, et al., No. 13-cv-05668;*

*Tech Data Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-00157*

MDL 1917
DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THEIR OPPOSITION TO PANASONIC'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)

I, Tiffany B. Gelott, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On December 23, 2014, Plaintiffs filed an Administrative Motion to Seal (Dkt. 3248), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents that contain information from documents that the Philips Defendants have designated "Confidential" or "Highly Confidential:"

   a. Exhibit 2 to the Declaration of Philip J. Iovieno in Support of Plaintiffs' Opposition to Panasonic's Motion for Summary Judgment ("Iovieno Declaration"), the Expert report of Janet Netz dated August 5, 2014 ("Exhibit 2");

   b. Exhibit 20 to the Iovieno Declaration, the Rebuttal report of Dr. Kenneth G. Elzinga, dated September 26, 2014 ("Exhibit 20"); and

   c. Exhibit 24 to the Iovieno Declaration, the Rebuttal report of Janet S. Netz, dated September 26, 2014 ("Exhibit 24").

4. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in Exhibits 2, 20, and 24.

5. Exhibits 2, 20, and 24 should be maintained under seal in their entirety because they

1

are expert reports that analyze and rely upon documents and data designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

6.   Upon information and belief, the documents and data discussed in Exhibits 2, 20, and 24 were designated by the Philips Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the documents and data contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents and data describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' customers, and would put the Philips Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 29, 2014 in Washington, D.C.

    /s/ Tiffany B. Gelott
Tiffany B. Gelott