BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS RELATED TO PLAINTIFFS' OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT CONCERNING WITHDRAWAL UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11, 79-5(b), AND 79-5(e)** |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS<br><br>*Electrograph Systems, Inc. et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;<br><br>*Sears, Roebuck and Co., et al. v. Chunghwa* | |

MDL 1917

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS RELATED TO PLAINTIFFS' OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT CONCERNING WITHDRAWAL UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11, 79-5(B), AND 79-5(E)

1  *Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

2  *Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06276;

3

4  *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

5  *Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-01173;

6

7  *CompuCom Systems, Inc. v. Hitachi, Ltd. et al.*, No. 11-cv-06396;

8

9  *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

10

11 *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

12 *Schultze Agency Services, LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

13

14 *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

15

16 *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:14-cv-02510.

17

18

19

20

21

22

23

24

25

26

27

28

MDL 1917

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS RELATED TO PLAINTIFFS' OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT CONCERNING WITHDRAWAL UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11, 79-5(B), AND 79-5(E)

I, Tiffany B. Gelott, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On December 23, 2014, Direct Action Plaintiffs and Indirect Purchaser Plaintiffs (collectively, "Plaintiffs") filed an Administrative Motion to Seal (Dkt. 3282), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents that contain information from documents that the Philips Defendants have designated "Confidential" or "Highly Confidential:"

   a. Portions of Plaintiffs' Opposition to the Toshiba Defendants' Motion for Summary Judgment Concerning Withdrawal ("Opposition");

   b. Exhibit 24 to the Declaration of Gary R. Carney in Support of Plaintiffs' Opposition to the Toshiba Defendants' Motion for Summary Judgment Concerning Withdrawal ("Carney Declaration"), a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-014272 ("Exhibit 24");

   c. Exhibit 26 to the Carney Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-167050 ("Exhibit 26"); and

   d. Exhibit 33 to the Carney Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-156380 ("Exhibit 33").

4. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Opposition and Exhibits 24, 26 and 33.

5. Exhibits 24, 26 and 33 to the Carney Declaration should be maintained under seal in their entirety because they are documents produced the Philips Defendants in this litigation that were designated as "Confidential" pursuant to the Stipulated Protective Order.

6. Upon information and belief, Exhibits 24, 26 and 33, as well as the portions of the Opposition, which cite and discuss those exhibits, were designated by the Philips Defendants as "Confidential" or "Highly Confidential" because the documents contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' customers, and would put the Philips Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 29, 2014 in Washington, D.C.

　　　　　　　　　　　　　　　　　　　　　/s/ Tiffany B. Gelott
　　　　　　　　　　　　　　　　　　　　　Tiffany B. Gelott

3

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS RELATED TO PLAINTIFFS' OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT CONCERNING WITHDRAWAL UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11, 79-5(B), AND 79-5(E)