BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |
| This Document Relates to:<br><br>*All Indirect Purchaser Actions*<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al., Case No. 3:11-cv-0551;*<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al., Case No. 13-cv-05264;*<br><br>*Costco Wholesale Corporation v. Hitachi, Ltd., et al., No. 11-cv-06397;*<br><br>*Costco Wholesale Corporation v. Technicolor SA, et al., No. 13-cv-05723;*<br><br>*Interbond Corp. of America v. Hitachi, Ltd., et al., Case No. 3:11-cv-06275;* | |

MDL 1917
DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5

*Interbond Corp. of America v. Technicolor SA, et al.*, Case No. 3:13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, Case No. 3:13-cv-05726;

*Sears, Roebuck and Co., & Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514-SC;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262

I, Tiffany B. Gelott, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On December 23, 2014, the Indirect-Purchaser Plaintiffs and the above-captioned Direct Action Plaintiffs (collectively, "Plaintiffs") filed an Administrative Motion to Seal (Dkt. 3281), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents that contain information from documents that the Philips Defendants have designated "Confidential" or "Highly Confidential:"

   a. Portions of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment on Indirect Purchaser Claims Based on Foreign Sales (the "Opposition");

   b. Portions of the Declaration of Mario N. Alioto in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment on Indirect Purchaser Claims Based on Foreign Sales ("Alioto Declaration");

   c. Exhibit 11 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-010948, and marked at deposition as Exhibit 2262 ("Exhibit 11");

   d. Exhibit 16 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-024736, and marked at deposition as Exhibit 2272 ("Exhibit 16");

   e. Exhibit 23 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with the bates number, EIN0107841-44 ("Exhibit

23");

  f. Exhibit 27 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-081053-54 ("Exhibit 27");

  g. Exhibit 31 to the Alioto Declaration, excerpts of Deposition of Roger De Moor, a Fed. R. Civ. P. 30(b)(6) witness for the Philips Defendants ("Exhibit 31");

  h. Exhibit 35 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-090388 ("Exhibit 35");

  i. Exhibit 51 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT- 089918, and marked at deposition as Exhibit 2336 ("Exhibit 51");

  j. Exhibit 60 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT- 097351–52, and marked at deposition as Exhibit 2756 ("Exhibit 60");

  k. Exhibit 70 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-014272-75, and marked at deposition as Exhibit 1866 ("Exhibit 70");

  l. Exhibit 75 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT- 010948 and marked at deposition as Exhibit 2262E ("Exhibit 75");

  m. Exhibit 87 to the Alioto Declaration, excerpts of the Deposition of Jim Smith ("Exhibit 87");

  n. Exhibit 99 to the Alioto Declaration, excerpts the Deposition of Joseph Killen ("Exhibit 99");

  o. Exhibit 101 to the Alioto Declaration, a document produced by the Philips

Defendants in this litigation with the bates number, PHLP-CRT-081128-51(at PHLP-CRT-081137) ("Exhibit 101");

p. Exhibit 102 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-093280 ("Exhibit 102");

q. Exhibit 105 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-081128-51 (at 081137) ("Exhibit 105");

r. Exhibit 109 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-124781-85 (at PHLP-CRT-124782) ("Exhibit 109");

s. Exhibit 116 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with the bates number, EIN0109841 – 42, and marked at deposition as Exhibit 2266 ("Exhibit 116");

t. Exhibit 123 to the Alioto Declaration, excerpts of the Deposition of Roger de Moor, a Fed. R. Civ. P. 30(b)(6) witness for the Philips Defendants ("Exhibit 123");

u. Exhibit 126 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with the bates number, EIN0045706-29 (at 45711), and marked at deposition as Exhibit 330 ("Exhibit 126");

v. Exhibit 129 to the Alioto Declaration, an excerpt of the Deposition of Roger de Moor, a Fed. R. Civ. P. 30(b)(6) witness for the Philips Defendants ("Exhibit 129"); and

w. Exhibit 141 to the Alioto Declaration, a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-024924 - 25, and marked at deposition as Exhibit 2776 ("Exhibit 141").

4. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92,

Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Opposition, Alioto Declaration, and Exhibits 11, 16, 23, 27, 31, 35, 51, 60, 70, 75, 87, 99, 101, 102, 105, 109, 116, 123, 126, 129, and 141.

5. Exhibits 11, 16, 23, 27, 35, 51, 60, 70, 75, 101, 102, 105, 109, 116, 126, and 141 should be maintained under seal in their entirety because they are documents produced the Philips Defendants in this litigation that were designated as "Confidential" pursuant to the Stipulated Protective Order.

6. Exhibits 31, 87, 99, 123, and 129 should be maintained under seal in their entirety because they contains excerpts from the depositions of Roger de Moor, Joseph Killen, and Jim Smith, all of which were designated by the Philips Defendants as either "Highly Confidential" pursuant to the Stipulated Protective Order.

7. Upon information and belief, Exhibits 11, 16, 23, 27, 31, 35, 51, 60, 70, 75, 87, 99, 101, 102, 105, 109, 116, 123, 126, 129, and 141 as well as the portions of the Opposition and Alioto Declaration, which cite and discuss those exhibits, were designated by the Philips Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the documents contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' customers, and would put the Philips Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 29, 2014 in Washington, D.C.

        /s/ Tiffany B. Gelott
        Tiffany B. Gelott