BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF VIEWSONIC CORPORATION'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-5(d) AND 7-11** |
| This Document Relates to:<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd. et al.*, No. 14-cv-02510<br><br>*Target Corp. v. Chunghwa Picture Tubes, LTD., et al.*, No. 11-cv-05514 | |

MDL 1917

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF VIEWSONIC CORPORATION'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-5(D) AND 7-11

I, Tiffany B. Gelott, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On December 23, 2014, Plaintiffs ViewSonic Corporation and Target Corporation (collectively, "Plaintiffs") filed an Administrative Motion to Seal (Dkt. 3278), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents that contain information from documents that the Philips Defendants have designated "Confidential" or "Highly Confidential:"

   a. Portions of Plaintiffs' Joint Opposition to LGE Defendants' Motion for Partial Summary Judgment on Standing Grounds ("Opposition");

   b. Exhibit 12 to the Declaration of Jason C. Murray in Support of Plaintiffs' Joint Opposition to LGE Defendants' Motion for Partial Summary Judgment on Standing Grounds ("Murray Declaration"), a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-053809 ("Exhibit 12");

   c. Exhibit 14 to the Murray Declaration, excerpts of a document produced by the Philips Defendants in this litigation with the bates number, PHLP-CRT-002306 ("Exhibit 14");

   d. Exhibit 17 to the Murray Declaration, excerpts from the deposition of Wiebo Vaartjes, taken on December 18, 2013 ("Exhibit 17");

   e. Exhibit 18 to the Murray Declaration, excerpts from the deposition of Frans Spaargaren, taken on August 27, 2014 ("Exhibit 18");

   f. Exhibit 52 to the Murray Declaration, deposition exhibit 4002 marked at the deposition of Lawrence Wu, taken on September 12, 2014 ("Exhibit 52"); and

   g. Exhibit 63 to the Murray Declaration, excerpts of a document produced by the Philips Defendants in this litigation with the bates range, PHLP-CRT-005940 - PHLP-CRT-005942 ("Exhibit 63").

  4. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Opposition and Exhibits 12, 14, 17, 18, 52 and 63.

  5. Exhibits 12, 14, 52 and 63 should be maintained under seal in their entirety because they are documents produced the Philips Defendants in this litigation that were designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

  6. Exhibits 17 and 18 should be maintained under seal in their entirety because they are excerpts from the depositions of Wiebo Vaartjes and Frans Spaargaren, which the Philips Defendants designated as "Highly Confidential" pursuant to the Stipulated Protective Order.

  7. Upon information and belief, Exhibits 12, 14, 17, 18, 52 and 63, as well as the portions of the Opposition, which cite and discuss those exhibits, were designated by the Philips Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the documents contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' customers, and would put the Philips Defendants

at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 29, 2014 in Washington, D.C.

      /s/ Tiffany B. Gelott
      Tiffany B. Gelott