BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS<br><br>*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL INDIRECT PURCHASER AND CERTAIN DIRECT ACTION PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST INDIRECT PURCHASER PLAINTIFFS AND CERTAIN DIRECT ACTION PLAINTIFFS FOR LACK OF ANTITRUST INJURY AND ANTITRUST STANDING UNDER FEDERAL AND CERTAIN STATE LAWS** |

MDL 1917

1. *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

2. *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

3. *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

4. *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

5. *Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

6. *Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

7. *Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

8. *Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

9. *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

10. *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

11. *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

12. *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

13. *Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723;

14. *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

15. *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL INDIRECT PURCHASER AND CERTAIN DIRECT ACTION PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST INDIRECT PURCHASER PLAINTIFFS AND CERTAIN DIRECT ACTION PLAINTIFFS FOR LACK OF ANTITRUST INJURY AND ANTITRUST STANDING UNDER FEDERAL AND CERTAIN STATE LAWS

1 | *Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510.

MDL 1917

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL INDIRECT PURCHASER AND CERTAIN DIRECT ACTION PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST INDIRECT PURCHASER PLAINTIFFS AND CERTAIN DIRECT ACTION PLAINTIFFS FOR LACK OF ANTITRUST INJURY AND ANTITRUST STANDING UNDER FEDERAL AND CERTAIN STATE LAWS

I, Tiffany B. Gelott, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On December 22, 2014, Indirect Purchaser and Certain Direct Action Plaintiffs filed an Administrative Motion to Seal (Dkt. 3245), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents that contain information from documents and data that the Philips Defendants have designated "Confidential" or "Highly Confidential:"

   a. Portions of Indirect Purchaser and Certain Direct Action Plaintiffs' Opposition to Defendants' Joint Motion For Partial Summary Judgment Against Indirect Purchaser Plaintiffs and Certain Direct Action Plaintiffs for Lack of Antitrust Injury and Antitrust Standing Under Federal and Certain State Laws ("Opposition");

   b. Exhibit 1 to the Declaration of Lauren C. Capurro in Support of Indirect Purchaser and Certain Direct Action Plaintiffs' Opposition to Defendants' Joint Motion For Partial Summary Judgment Against Indirect Purchaser Plaintiffs and Certain Direct Action Plaintiffs for Lack of Antitrust Injury and Antitrust Standing Under Federal and Certain State Laws ("Capurro Declaration"), Expert Report of Janet S. Netz, dated April 15, 2014 ("Exhibit 1");

   c. Exhibit 2 to the Capurro Declaration, Expert Report of Kenneth G. Elzinga,

3
DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL INDIRECT PURCHASER AND CERTAIN DIRECT ACTION PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST INDIRECT PURCHASER PLAINTIFFS AND CERTAIN DIRECT ACTION PLAINTIFFS FOR LACK OF ANTITRUST INJURY AND ANTITRUST STANDING UNDER FEDERAL AND CERTAIN STATE LAWS

          dated April 15, 2014 ("Exhibit 2");

    d.    Exhibit 3 to the Capurro Declaration, Expert Report of James T. McClave, dated April 15, 2014 ("Exhibit 3");

    e.    Exhibit 7 to the Capurro Declaration, Expert Report of Alan S. Frankel, dated April 15, 2014 ("Exhibit 7");

    f.    Exhibit 10 to the Capurro Declaration, excerpts of the July 31, 2012 Deposition of Roger de Moor, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Philips Defendants ("Exhibit 10");

    g.    Exhibit 13 to the Capurro Declaration, Declaration of Janet S. Netz in Support of Motion of Indirect Purchaser Plaintiffs for Class Certification, dated October 1, 2012 ("Exhibit 13");

    h.    Exhibit 14 to the Capurro Declaration, Rebuttal Expert Report of Janet S. Netz, dated September 26, 2014 ("Exhibit 14"); and

    i.    Exhibit 33 to the Capurro Declaration, Second Supplemental Expert Report of Alan S. Frankel, dated September 25, 2014 ("Exhibit 33").

4. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Opposition and Exhibits 1, 2, 3, 7, 10, 13, 14, and 33.

5. Exhibits 1, 2, 3, 7, 13, 14, and 33 should be maintained under seal in their entirety because they analyze and rely upon documents and data designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

4

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL INDIRECT PURCHASER AND CERTAIN DIRECT ACTION PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST INDIRECT PURCHASER PLAINTIFFS AND CERTAIN DIRECT ACTION PLAINTIFFS FOR LACK OF ANTITRUST INJURY AND ANTITRUST STANDING UNDER FEDERAL AND CERTAIN STATE LAWS

6. Exhibit 10 should be maintained under seal in its entirety because it contains portions of the transcript of the July 31, 2012 deposition of Roger de Moor, designated by the Philips Defendants as "Highly Confidential" pursuant to the Stipulated Protective Order.

7. Upon information and belief, the documents and data discussed and cited within Exhibits 1, 2, 3, 7, 10, 13, 14, and 33 to the Capurro Declaration, and the portions of the Opposition that discuss and cite those exhibits, were designated by the Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because the documents and data contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents and data describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' customers, and would put the Philips Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 29, 2014 in Washington, D.C.

　　　　　　　　　　　　　　　　　　　　　　/s/ Tiffany B. Gelott
　　　　　　　　　　　　　　　　　　　　　　Tiffany B. Gelott

5
DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL INDIRECT PURCHASER AND CERTAIN DIRECT ACTION PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST INDIRECT PURCHASER PLAINTIFFS AND CERTAIN DIRECT ACTION PLAINTIFFS FOR LACK OF ANTITRUST INJURY AND ANTITRUST STANDING UNDER FEDERAL AND CERTAIN STATE LAWS