BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS<br><br>*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF DIRECT ACTION PLAINTIFFS' AND INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL THEIR OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED UPON PLAINTIFFS' PURPORTED FAILURE TO DISTINGUISH BETWEEN ACTIONABLE AND NON-ACTIONABLE DAMAGES UNDER THE FTAIA; AND DIRECT ACTION PLAINTIFFS' OPPOSITION TO** |

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF DIRECT ACTION PLAINTIFFS' AND INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL THEIR OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED UPON PLAINTIFFS' PURPORTED FAILURE TO DISTINGUISH BETWEEN ACTIONABLE AND NON-ACTIONABLE DAMAGES UNDER THE FTAIA; AND DIRECT ACTION PLAINTIFFS' OPPOSITION TO THE LGE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON FTAIA GROUNDS

| | |
|---|---|
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | **THE LGE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON FTAIA GROUNDS** |

*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

*Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

MDL 1917

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF DIRECT ACTION PLAINTIFFS' AND INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL THEIR OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED UPON PLAINTIFFS' PURPORTED FAILURE TO DISTINGUISH BETWEEN ACTIONABLE AND NON-ACTIONABLE DAMAGES UNDER THE FTAIA; AND DIRECT ACTION PLAINTIFFS' OPPOSITION TO THE LGE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON FTAIA GROUNDS

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510;

*Dell Inc., et al. v. Hitachi Ltd. et al.*, No. 13-cv-02171.

I, Tiffany B. Gelott, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On December 23, 2014, Direct Action Plaintiffs and Indirect Purchaser Plaintiffs (collectively, "Plaintiffs") filed an Administrative Motion to Seal (Dkt. 3272), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents that contain information from documents and data that the Philips Defendants have designated "Confidential" or "Highly Confidential:"

   a. Portions of Direct Action Plaintiffs' and Indirect Purchaser Plaintiffs' Opposition to Defendants' Motion for Summary Judgment Based Upon Plaintiffs' Purported Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA; and Direct Action Plaintiffs' Opposition to the LGE Defendants' Motion for Partial Summary Judgment on FTAIA Grounds ("Opposition");

   b. Exhibit 3 to the Declaration of Philip J. Iovieno in Support of Direct Action Plaintiffs' and Indirect Purchaser Plaintiffs' Opposition to Defendants' Motion for Summary Judgment Based Upon Plaintiffs' Purported Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA; and Direct Action Plaintiffs' Opposition to the LGE Defendants' Motion for Partial Summary Judgment on FTAIA Grounds ("Iovieno

3

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF DIRECT ACTION PLAINTIFFS' AND INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL THEIR OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED UPON PLAINTIFFS' PURPORTED FAILURE TO DISTINGUISH BETWEEN ACTIONABLE AND NON-ACTIONABLE DAMAGES UNDER THE FTAIA; AND DIRECT ACTION PLAINTIFFS' OPPOSITION TO THE LGE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON FTAIA GROUNDS

Declaration"), portions of the Expert Rebuttal Report of Dr. Kenneth G. Elzinga, Robert C. Taylor Professor of Economics, University of Virginia, dated September 26, 2014 ("Exhibit 3");

    c. Exhibit 5 to the Iovieno Declaration, certain exhibits to the Expert Report of Janet S. Netz, Ph.D., dated April 15, 2014 ("Exhibit 5");

    d. Exhibit 7 to the Iovieno Declaration, portions of the Expert Report of Janet S. Netz, Ph.D., dated April 15, 2014 ("Exhibit 7");

    e. Exhibit 8 to the Iovieno Declaration, portions of the Expert Rebuttal Report of Dr. Kenneth G. Elzinga, Robert C. Taylor Professor of Economics, University of Virginia, dated September 26, 2014 ("Exhibit 8");

    f. Exhibit 9 to the Iovieno Declaration, portions of the Expert Report of Janet S. Netz, Ph.D., dated April 15, 2014 ("Exhibit 9"); and

    g. Exhibit 17 to the Iovieno Declaration, portions of the Expert Report of Mohan Rao, Ph.D., dated April 15, 2014, in *Dell Inc. and Dell Products L.P. v. Hitachi, Ltd., et al.*, U.S.D.C., N.D. Cal., San Francisco Division, Case No. 3:13-cv-02171-SC 4 ("Exhibit 17").

    4. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Opposition and Exhibits 3, 5, 7, 8, 9, and 17.

    5. Exhibits 3, 5, 7, 8, 9, and 17 to the Iovieno Declaration should be maintained under seal in their entirety because they analyze and rely upon documents and data designated by the

4
DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF DIRECT ACTION PLAINTIFFS' AND INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL THEIR OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED UPON PLAINTIFFS' PURPORTED FAILURE TO DISTINGUISH BETWEEN ACTIONABLE AND NON-ACTIONABLE DAMAGES UNDER THE FTAIA; AND DIRECT ACTION PLAINTIFFS' OPPOSITION TO THE LGE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON FTAIA GROUNDS

Philips Defendants as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

6. Upon information and belief, Exhibits 3, 5, 7, 8, 9, and 17, and the portions of the Opposition that discuss and cite those exhibits, were designated by the Philips Defendants as either "Confidential" or "Highly Confidential" because the documents contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' customers, and would put the Philips Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 29, 2014 in Washington, D.C.

             /s/ Tiffany B. Gelott
             Tiffany B. Gelott