| | |
|---|---|
| 1 | JEFFREY L. KESSLER (*pro hac vice*) |
| 2 | ALDO A. BADINI (257086) |
|   | EVA W. COLE (*pro hac vice*) |
| 3 | MOLLY M. DONOVAN (*pro hac vice*) |
|   | WINSTON & STRAWN LLP |
| 4 | 200 Park Avenue |
|   | New York, New York 10166-4193 |
| 5 | Telephone: (212) 294-6700 |
| 6 | Facsimile: (212) 294-4700 |
|   | Email: jkessler@winston.com |
| 7 | |
|   | STEVEN A. REISS (*pro hac vice*) |
| 8 | DAVID L. YOHAI (*pro hac vice*) |
|   | ADAM C. HEMLOCK (*pro hac vice*) |
| 9 | WEIL, GOTSHAL & MANGES LLP |
| 10 | 767 Fifth Avenue |
|    | New York, New York 10153-0119 |
| 11 | Telephone:  (212) 310-8000 |
|    | Facsimile:  (212) 310-8007 |
| 12 | Email: steven.reiss@weil.com |

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-5944 SC |
| | MDL. No. 1917 |
| This Document Relates to: | **DECLARATION OF JENNIFER M. STEWART IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST IPPS AND CERTAIN DAPS FOR LACK OF ANTITRUST INJURY AND ANTITRUST STANDING UNDER FEDERAL AND CERTAIN STATE LAWS** |
| ALL INDIRECT-PURCHASER ACTIONS | |
| *Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656; | |
| *Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | |
| *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502; | |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | **[re Panasonic Documents in Dkt. No. 3245]** |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, | |

1

DECL. OF JENNIFER M. STEWART ISO PLS.'                       Case No. 07-5944 SC
ADMIN. MOTION TO FILE UNDER SEAL                               MDL NO. 1917

No. 13-cv-05264;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

*Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510

I, Jennifer M. Stewart, declare as follows:

1. I am an attorney with Winston & Strawn LLP, counsel for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On December 22, 2014, Indirect Purchaser Plaintiffs ("IPPs") and Certain Direct Action Plaintiffs ("DAPs") (collectively "Plaintiffs") filed an Administrative Motion to File Under Seal (Dkt. 3245), and lodged conditionally under seal, the following documents pursuant to Civil Local Rules 7-11 and 79(b):

(a) portions of Plaintiffs' Opposition to Defendants' Joint Motion for Partial Summary Judgment Against IPPs and Certain DAPs for Lack of Antitrust Injury and Antitrust Standing Under Federal and Certain State Laws ("Plaintiffs' Opposition"); and

(b) Exhibits 1-33 to the concurrently filed Declaration of Lauren C. Capurro in Support of Plaintiffs' Opposition ("Capurro Declaration").

3. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal (i) Exhibits 1, 2, 3, 4, 7, 13, 14, 15, and 16 to the Capurro Declaration that have been designated "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order; and (ii) portions of Plaintiffs' Opposition that references information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants under the terms of the Stipulated Protective Order.

4. Attached as Exhibit 1 to the Capurro Declaration is a copy of the Expert Report of Janet S. Netz, Ph. D, dated April 15, 2014 and designated "Confidential" by the IPPs pursuant to the

1  Stipulated Protective Order.  Exhibit 1 references excerpts designated by the Panasonic Defendants
2  as "Highly Confidential."

3        5.      Upon information and belief, Exhibit 1 consists of, cites to, and/or identifies
4  confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic
5  Defendants' internal business practices, sales strategies, negotiation tactics, and competitive
6  position.  I am informed and believe that this is sensitive information and public disclosure of this
7  information presents a risk of undermining the Panasonic Defendants' business relationships, would
8  cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants
9  at a competitive disadvantage.

10        6.      Attached as Exhibit 2 to the Capurro Declaration is a copy of the Expert Report of Dr.
11  Kenneth G. Elzinga, dated April 15, 2014 and designated "Highly Confidential" by the DAPs
12  pursuant to the Stipulated Protective Order.  Exhibit 2 references excerpts designated by the
13  Panasonic Defendants as "Highly Confidential."

14        7.      Upon information and belief, Exhibit 2 consists of, cites to, and/or identifies
15  confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic
16  Defendants' internal business practices and competitive position.  I am informed and believe that
17  this is sensitive information and public disclosure of this information presents a risk of undermining
18  the Panasonic Defendants' business relationships, would cause it harm with respect to its
19  competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

20        8.      Attached as Exhibit 3 to the Capurro Declaration is a copy of the Expert Report of Dr.
21  James T. McClave, dated April 15, 2014 and designated by the DAPs "Highly Confidential"
22  pursuant to the Stipulated Protective Order.  Exhibit 3 references excerpts designated by the
23  Panasonic Defendants as "Highly Confidential."

24        9.      Upon information and belief, Exhibit 3 consists of, cites to, and/or identifies
25  confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic
26  Defendants' internal business practices and competitive position.  I am informed and believe that
27  this is sensitive information and public disclosure of this information presents a risk of undermining
28

the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

10. Attached as Exhibit 4 to the Capurro Declaration are excerpts from the deposition of Hirokazu Nishiyama, a witness for the Panasonic Defendants. This transcript was designated as "Highly Confidential" by the Panasonic Defendants.

11. Upon information and belief, the transcript excerpts appearing in Exhibit 4 to the Capurro Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. These transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' business practices, sales strategies, and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

12. Attached as Exhibit 7 to the Capurro Declaration is a copy of the Expert Report of Alan S. Frankel, Ph.D, dated April 15, 2014 and designated by the DAPs "Highly Confidential" pursuant to the Stipulated Protective Order. Exhibit 7 references excerpts designated by the Panasonic Defendants as "Highly Confidential."

13. Upon information and belief, Exhibit 7 consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

14. Attached as Exhibit 13 to the Capurro Declaration is a copy of the Declaration of Janet S. Netz, Ph.D, in Support of Motion of IPPs for Class Certification and designated by the IPPs "Confidential" pursuant to the Stipulated Protective Order. Exhibit 13 references excerpts designated by the Panasonic Defendants as "Highly Confidential."

1      15. Upon information and belief, Exhibit 13 consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

16. Attached as Exhibit 14 to the Capurro Declaration is a copy of the Rebuttal Expert Report of Janet S. Netz, Ph. D, dated September 26, 2014 and designated "Highly Confidential" by the IPPs pursuant to the Stipulated Protective Order. Exhibit 14 references excerpts designated by the Panasonic Defendants as "Highly Confidential."

17. Upon information and belief, Exhibit 14 consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal business practices, sales strategies, and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

18. Attached as Exhibit 15 to the Capurro Declaration are excerpts from the deposition of Tatsuo Tobinaga, a witness for the Panasonic Defendants. This transcript was designated as "Highly Confidential" by the Panasonic Defendants.

19. Upon information and belief, the transcript excerpts appearing in Exhibit 15 to the Capurro Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. These transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' business practices and sales practices. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it

harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

20. Attached as Exhibit 16 to the Capurro Declaration are excerpts from the deposition of Masahiro Kimura, a witness for the Panasonic Defendants. This transcript was designated as "Highly Confidential" by the Panasonic Defendants.

21. Upon information and belief, the transcript excerpts appearing in Exhibit 16 to the Capurro Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information. These transcript excerpts contain, cite, and/or identify confidential information about the Panasonic Defendants' business practices, sales practices, and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

22. The Plaintiffs' Opposition consists of, cites to, or identifies confidential, nonpublic, proprietary, and highly sensitive business information about the Panasonic Defendants' business practices, pricing practices, confidential business agreements and competitive positions. Specifically, pages 3, 4, 5, 6, 7, and 8 of the Plaintiffs' Opposition describe documents or information designated as "Highly Confidential" by the Panasonic Defendants pursuant to the Stipulated Protective Order, including but not limited to Exhibits 1, 2, 3, 4, 7, 13, 14, 15, and 16 to the Capurro Declaration. As with the exhibits themselves, I understand that the Panasonic Defendants consider any statements in the Plaintiffs' Opposition purporting to summarize the exhibits or any other documents or information designated as "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in the Plaintiffs' Opposition and Exhibits 1, 2, 3, 4, 7, 13, 14, 15, and 16 to the Capurro Declaration.

DECL. OF JENNIFER M. STEWART ISO PLS.'  
ADMIN. MOTION TO FILE UNDER SEAL

Case No. 07-5944 SC  
MDL NO. 1917

1    I declare under penalty of perjury that the foregoing is true and correct.

DATED:  December 29, 2014          By:  /s/ *Jennifer M. Stewart*
                                   JEFFREY L. KESSLER (*pro hac vice*)
                                   Email: jkessler@winston.com
                                   ALDO A. BADINI (257086)
                                   Email: abadini@winston.com
                                   EVA W. COLE (*pro hac vice*)
                                   Email: ewcole@winston.com
                                   MOLLY M. DONOVAN (*pro hac vice*)
                                   Email: mmdonovan@winston.com
                                   JENNIFER M. STEWART (*pro hac vice*)
                                   Email:  jstewart@winston.com
                                   **WINSTON & STRAWN LLP**
                                   200 Park Avenue
                                   New York, New York 10166-4193
                                   Telephone: (212) 294-6700
                                   Facsimile: (212) 294-4700

                                   STEVEN A. REISS (*pro hac vice*)
                                   Email: steven.reiss@weil.com
                                   DAVID L. YOHAI (*pro hac vice*)
                                   Email: david.yohai@weil.com
                                   ADAM C. HEMLOCK (*pro hac vice*)
                                   Email: adam.hemlock@weil.com
                                   **WEIL, GOTSHAL & MANGES LLP**
                                   767 Fifth Avenue
                                   New York, New York 10153-0119
                                   Telephone:  (212) 310-8000
                                   Facsimile:  (212) 310-8007

                                   *Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*