JEFFREY L. KESSLER (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
| This Document Relates to: *Electrograph Sys. v. Hitachi, Ltd.*, No. 11-cv-01656; *Electrograph Sys., Inc. v. Technicolor SA*, No. 13-cv-05724; *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; *Siegel v. Technicolor SA*, No. 13-cv-05261; *Best Buy Co. v. Hitachi, Ltd.*, No. 11-cv-05513; | MDL. No. 1917 **DECLARATION OF JENNIFER M. STEWART IN SUPPORT OF DELL INC. AND DELL PRODUCTS L.P.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** **[re Panasonic Documents in Dkt. No. 3238]** |

*Best Buy Co. v. Technicolor SA*, No. 13-cv-05264;

*Interbond Corp. of Am. v. Technicolor SA*, No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd.*, No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA,* No. 13-cv-05726;

*CompuCom Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-06396;

*P.C. Richard & Son Long Island Corp. v. Hitachi, Ltd.*, No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp. v. Technicolor SA*, No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd.*, No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA*, No. 13-cv-05668;

*Tech Data Corp. v. Hitachi, Ltd.*, No. 13-cv-00157;

*Dell Inc. and Dell Products L.P., v. Hitachi, Ltd.*, No. 13-cv-02171;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;

*Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-1173 SC;

*Sharp Elecs. Corp. v. Koninklijke Philips Elecs.,*

- 2 -

1 *N.V.*, No. 13-cv-2776 SC;

3 *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-02510;

5 *All Indirect Purchaser Actions.*

I, Jennifer M. Stewart, declare as follows:

1. I am an attorney with Winston & Strawn LLP, counsel for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On December 23, 2014, Plaintiffs Dell Inc. and Dell Products L.P. (collectively, "Plaintiffs") filed an Administrative Motion to Seal (Dkt. 3238), and lodged conditionally under seal, the following documents pursuant to Civil Local Rules 7-11 and 79(b):

    (a) Portions of Plaintiffs' Opposition to Koninklijke Philips N.V.'s Motion for Summary Judgment ("Plaintiffs' Koninklijke Philips N.V. Opposition");

    (b) Portions of Plaintiffs' Opposition to Philips Electronics North America Corporation's, Philips Taiwan Limited's, and Philips Do Brasil Ltda.'s Motion for Partial Summary Judgment ("Plaintiffs' PENAC-PTL-PDBL Opposition"); and

    (c) Exhibits 1-75 attached to the concurrently filed Declaration of Matthew D. Kent in Support of the Plaintiffs' Koninklijke Philips N.V. Opposition and Plaintiffs' PENAC-PTL-PDBL Opposition ("Kent Declaration").

3. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal Exhibits 17, 61, 74, and 75 to the Kent Declaration that have been designated "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

4. Attached as Exhibit 17 to the Kent Declaration is a copy of the Supplemental Exhibit A to Various DAPs' Interrogatory Responses, which Plaintiffs have designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order. Exhibit 17 contains express

references to documents/information designated by the Panasonic Defendants as "Confidential" or "Highly Confidential."

5. Upon information and belief, Exhibit 17 consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

6. Attached as Exhibit 61 to the Kent Declaration is a copy of a document produced by the Panasonic Defendants in this litigation bearing Bates numbers MTPD-0521744 through MTPD-0521747, and a certified English translation bearing Bates Numbers MTPD-0521744E through MTPD-0521748E, designated "Confidential" by the Panasonic Defendants pursuant to the Stipulated Protective Order.

7. Upon information and belief, Exhibit 61 consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

8. Attached as Exhibit 74 to the Kent Declaration is a copy of the Expert Report of Dr. Mohan Rao, dated April 15, 2014 and designated "Highly Confidential" by the DAPs pursuant to the Stipulated Protective Order. Exhibit 74 references excerpts designated by the Panasonic Defendants as "Highly Confidential."

9. Upon information and belief, Exhibit 74 consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining

DECL. OF JENNIFER M. STEWART ISO                                                                Case No. 07-5944 SC
PLS.' ADMIN. MOT. TO SEAL                                                                        MDL NO. 1917

the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

10. Attached as Exhibit 75 to the Kent Declaration is a copy of the Expert Report of Dr. Janet Netz, dated April 15, 2014 and designated "Confidential" by the IPPs pursuant to the Stipulated Protective Order. Exhibit 75 references excerpts designated by the Panasonic Defendants as "Highly Confidential."

11. Upon information and belief, Exhibit 75 consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  December 29, 2014

By: /s/ *Jennifer M. Stewart*
JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
JENNIFER M. STEWART (*pro hac vice*)
Email:  jstewart@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*