JEFFREY L. KESSLER (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-01173;<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br>*Best Buy Co., Inc. v. Technicolor SA, et al.*, No. 13-cv-05264; | Case No. 07-5944 SC<br><br>MDL. No. 1917<br><br>**DECLARATION OF JENNIFER M. STEWART IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THEIR OPPOSITION TO DEFENDANT THOMSON CONSUMER'S MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(D)**<br><br>**[re Panasonic Documents in Dkt. No. 3236]** |

1  *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;

2  *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

3  

4  *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

5  

6  *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

7  

8  *Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

9  

10  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

11  

12  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

13  *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

14  

15  *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510.

16

17

18

19

20

21

22

23

24

25

26

27

28

2

DECL. OF JENNIFER M. STEWART                                    Case No. 07-5944 SC
ISO PLAINTIFFS' MOTION TO SEAL                                         MDL NO. 1917

I, Jennifer M. Stewart, declare as follows:

1. I am an attorney with Winston & Strawn LLP, counsel for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On December 22, 2014, Plaintiffs filed an Administrative Motion to Seal (Dkt. 3236), and lodged conditionally under seal, the following documents pursuant to Civil Local Rules 7-11 and 79(b):

>   (a) Portions of Plaintiffs' Opposition to Thomson Consumer's Motion for Summary Judgment and Partial Summary Judgment (the "Opposition"); and
>
>   (b) Certain Exhibits attached to the Declaration of David M. Peterson in Support of the Opposition ("Peterson Declaration").

3. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal Exhibits 4, 5, 7, 10, 13, and 18 to the Peterson Declaration, which consist of or quote, describe, or otherwise summarize documents or information that has been designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

4. Attached as Exhibit 4 to the Peterson Declaration is the Expert Rebuttal Report of Dr. Kenneth G. Elzinga (September 26, 2014) ("Elzinga Rebuttal Report"), designated "Highly Confidential" by Plaintiffs. Exhibit 4 references documents, excerpts and testimony designated by Panasonic Defendants as "Confidential" or "Highly Confidential."

5. Upon information and belief, Exhibit 4 to the Peterson Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information.

1  The document contains, cites, and/or identifies confidential information about the Panasonic
2  Defendants' internal practices and competitive position.  This includes, but is not limited to, pages 8
3  through 12 of the Elzinga Rebuttal Report which quote, describe, and otherwise summarize the
4  Expert Report of Darrell Williams (August 5, 2014) ("Williams Report") which was designated by
5  the Panasonic Defendants as "Highly Confidential" under the Stipulated Protective Order.  I am
6  informed and believe that this is sensitive information and public disclosure of this information
7  presents a risk of undermining the Panasonic Defendants' business relationships, would cause it
8  harm with respect to its competitors and customers, and would put the Panasonic Defendants at a
9  competitive disadvantage.

10       6.     Attached as Exhibit 5 to the Peterson Declaration is a document produced by
11  Plaintiffs in this case titled "Exhibit 5 to DAP's Opposition to Thomson Consumer's Motion."
12  Exhibit 5 references and cites to documents designated by Panasonic Defendants as "Confidential"
13  or "Highly Confidential."

14       7.     Upon information and belief, the documents and information quoted from, described,
15  or otherwise summarized in Exhibit 5 to the Peterson Declaration consist of, cite to, and/or identify
16  confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic
17  Defendants' business practices and competitive position.  I am informed and believe that this is
18  sensitive information and public disclosure of this information presents a risk of undermining the
19  Panasonic Defendants' business relationships, would cause it harm with respect to its competitors
20  and customers, and would put the Panasonic Defendants at a competitive disadvantage.

21       8.     Attached as Exhibit 7 to the Peterson Declaration is a copy of a certified translation of
22  a document produced by the Panasonic Defendants in this litigation bearing bates number MTPD-
23  0223790, designated by the Panasonic Defendants as "Confidential" under the Stipulated Protective
24  Order.

25       9.     Upon information and belief, the document appearing in Exhibit 7 to the Peterson
26  Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly
27  sensitive business information.  The document contains, cites, and/or identifies confidential

28

4

1  information about the Panasonic Defendants' business practices, sales practices, and competitive

2  position. I am informed and believe that this is sensitive information and public disclosure of this

3  information presents a risk of undermining the Panasonic Defendants' business relationships, would

4  cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants

5  at a competitive disadvantage.

6      10.    Attached as Exhibit 10 to the Peterson Declaration is a copy of a certified translation

7  of a document produced by the Panasonic Defendants in this litigation bearing bates number MTPD-

8  0576483, designated by the Panasonic Defendants as "Confidential" under the Stipulated Protective

9  Order.

10     11.    Upon information and belief, the document appearing in Exhibit 10 to the Peterson

11 Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly

12 sensitive business information. The document contains, cites, and/or identifies confidential

13 information about the Panasonic Defendants' business practices and competitive position. I am

14 informed and believe that this is sensitive information and public disclosure of this information

15 presents a risk of undermining the Panasonic Defendants' business relationships, would cause it

16 harm with respect to its competitors and customers, and would put the Panasonic Defendants at a

17 competitive disadvantage.

18     12.    Attached as Exhibit 13 to the Peterson Declaration is a copy of a certified translation

19 of a document produced by the Panasonic Defendants in this litigation bearing bates number MTPD-

20 0426066, designated by the Panasonic Defendants as "Confidential" under the Stipulated Protective

21 Order.

22     13.    Upon information and belief, the document appearing in Exhibit 13 to the Peterson

23 Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly

24 sensitive business information. The document contains, cites, and/or identifies confidential

25 information about the Panasonic Defendants' business practices and competitive position. I am

26 informed and believe that this is sensitive information and public disclosure of this information

27 presents a risk of undermining the Panasonic Defendants' business relationships, would cause it

28

5

harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

14. Attached as Exhibit 18 to the Peterson Declaration is a copy of the Expert Report of Dr. Kenneth G. Elzinga (April 15, 2014) ("Elzinga Report"), designated "Highly Confidential" by Plaintiffs. Exhibit 18 references documents, excerpts and testimony designated by Panasonic Defendants as "Confidential" or "Highly Confidential."

15. Upon information and belief, Exhibit 18 to the Peterson Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, quotes, cites, and/or identifies confidential information about the Panasonic Defendants' business practices and competitive position. This includes, but is not limited to, pages 129 through 137 of the Elzinga Report which quote, describe, and otherwise summarize documents designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" under the Stipulated Protective Order. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

16. The Opposition consists of, cites to, or identifies confidential, nonpublic, proprietary, and highly sensitive business information about the Panasonic Defendants' business practices, internal practices and competitive positions. Specifically, page 3 lines 6-17, page 8 lines 1-3, and footnotes 4, 7 and 9 of the Opposition describe documents or information designated as "Confidential" or "Highly Confidential" by the Panasonic Defendants pursuant to the Stipulated Protective Order, including but not limited to Exhibits 7, 10 and 13 to the Peterson Declaration. As with the exhibits themselves, I understand that the Panasonic Defendants consider any statements in the Opposition purporting to summarize the exhibits or any other documents or information designated as "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to

6

preserve the confidentiality of information of the type contained, identified, or cited to in the Opposition and Exhibits 4, 5, 7, 10, 13 and 18 to the Peterson Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  December 29, 2014

By:  /s/ *Jennifer M. Stewart*
JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
JENNIFER M. STEWART (*pro hac vice*)
Email:  jstewart@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*