| | |
|---|---|
| Calvin L. Litsey (SBN 289659)<br>FAEGRE BAKER DANIELS LLP<br>1950 University Avenue, Suite 450<br>East Palo Alto, CA 94303-2279<br>Telephone: +1 650-324-6700<br>Facsimile: +1 650-324-6701<br>calvin.litsey@FaegreBD.com | Jeffrey S. Roberts (*pro hac vice*)<br>FAEGRE BAKER DANIELS LLP<br>3200 Wells Fargo<br>1700 Lincoln Street<br>Denver, CO 80203<br>Telephone: +1 303-607-3500<br>Facsimile: +1 303-607-3600<br>jeff.roberts@FaegreBD.com |
| Kathy L. Osborn (*pro hac vice*)<br>Ryan M. Hurley (*pro hac vice*)<br>FAEGRE BAKER DANIELS LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: +1 317-237-0300<br>Facsimile: +1 317-237-1000<br>kathy.osborn@FaegreBD.com<br>ryan.hurley@FaegreBD.com | Stephen M. Judge (*pro hac vice*)<br>FAEGRE BAKER DANIELS LLP<br>202 S. Michigan Street, Suite 1400<br>South Bend, IN 46601<br>Telephone: +1 574-234-4149<br>Facsimile: +1 574-239-1900<br>steve.judge@FaegreBd.com |

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al., No. 13-cv-01173*<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al., No. 13-cv-05724;*<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al., No. 13-cv-00141;*<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264;*<br><br>*Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727;*<br><br>*Office Depot, Inc. v. Technicolor SA, et al., No. 13-cv-05726;* | **DECLARATION OF STEPHEN M. JUDGE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS THEIR OPPOSITION TO DEFENDANT TECHNOLOGIES DISPLAYS AMERICAS LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)**<br><br>Judge: Hon. Samuel Conti |

*Costco Wholesale Corporation v. Technicolor SA, et al., No. 13-cv-05723;*

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al., No. 31:cv-05725;*

*Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al., No. 13-cv-05668;*

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, No. 3:13-cv-05262;*

*Target Corp. v. Technicolor SA, et al., No. 13-cv-05686;*

*Tech Data Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-00157.*

I, Stephen M. Judge, hereby declare as follows:

1. I am currently an attorney with the law firm Faegre Baker Daniels LLP, counsel for Defendants Thomson Consumer Electronics, Inc. ("Thomson Consumer") and Thomson SA (collectively "Thomson Defendants"). I am admitted to practice *pro hac vice* before the United States District Court for the Northern District of California. The statements contained in this declaration are based on my personal knowledge and, if called as a witness, I could competently testify to the following facts.

2. On June 18, 2008, the Court entered a "Stipulated Protective Order" in this matter [Dkt. No. 306] (the "Protective Order"). On December 23, 2014 the Plaintiffs filed an Administrative Motion to Seal [Dkt. 3253], and lodged under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents or portions thereof, that contain information from documents the Thomson Defendants have designated "Confidential" or "Highly Confidential":

   a. Exhibits 4, 7, 8, 11, 12-19, and 22 to the Declaration of Robert S. Safi In Support of Plaintiffs' Opposition to Technologies Displays Americas LLC's Motion for Partial Summary Judgment ("Safi Declaration"); and

  b. Portions of Plaintiffs' Opposition to Technologies Displays Americas LLC's Motion for Partial Summary Judgment ("Plaintiffs' Opposition").

3. Pursuant to Civil Local Rules 7-11 and 79-5(d), and the Stipulated Protective Order, I make this declaration on behalf of the Thomson Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Thomson Defendants as "Confidential" or "Highly Confidential" under the Stipulated Protective Order, and references to those documents and information in the Plaintiffs' Opposition.

4. Specifically, the Thomson Defendants request that the following documents be maintained under seal: (i) Exhibits 4, 7, 8, 11, 12-19, and 22 to the Safi Declaration; and (ii) all references to information in the Plaintiffs' Opposition designated "Confidential" or "Highly Confidential" by the Thomson Defendants under the terms of the Stipulated Protective Order.

5. The following Exhibits to the Safi Declaration were produced by the Thomson Defendants and designated as "Highly Confidential" or "Confidential" by the Thomson Defendants:

  a. Exhibit 4 to the Safi Declaration was produced by the Thomson Defendants bearing the Bates number TSA-CRT00081300 and designated as "Highly Confidential";

  b. Exhibit 7 to the Safi Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0007339 and designated as "Confidential";

  c. Exhibit 8 to the Safi Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0020394 and designated as "Confidential";

  d. Exhibit 11 to the Safi Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0007651 and designated as "Confidential";

  e. Exhibit 13 to the Safi Declaration was produced by the Thomson Defendants bearing the Bates number TSA-CRT00015749 and designated as "Highly Confidential";

  f. Exhibit 14 to the Safi Declaration was produced by the Thomson Defendants bearing the Bates number TSA-CRT00006958 and designated as "Highly Confidential";

g. Exhibit 16 to the Safi Declaration was produced by the Thomson Defendants bearing the Bates number TSA-CRT00006982 and designated as "Highly Confidential";

h. Exhibit 17 to the Safi Declaration was produced by the Thomson Defendants bearing the Bates number TSA-CRT00006752 and designated as "Highly Confidential";

i. Exhibit 19 to the Safi Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0009852 and designated as "Highly Confidential";

j. Exhibit 22 to the Safi Declaration was produced by the Thomson Defendants bearing the Bates number TCE-CRT 0021489 and designated as "Highly Confidential";

6. Upon information and belief, the documents referenced in paragraph 5 were designated as "Confidential" or "Highly Confidential" by the Thomson Defendants because they contain confidential, non-public, highly sensitive business information about the Thomson Defendants' business practices, customers, strategies, and supplier relationships. Publically disclosing this sensitive information risks undermining the Thomson Defendants' business relationships and harming its suppliers and customers and putting the Thomson Defendants at a competitive disadvantage.

7. The following Exhibits to the Safi Declaration contain excerpts from the deposition transcripts of witnesses for the Thomson Defendants, which have been designated as "Highly Confidential" or "Confidential" by the Thomson Defendants:

a. Exhibit 12 to the Safi Declaration contains excerpts from the deposition of Jacquelyn Taylor-Boggs, all of which has been designated as "Confidential" and certain portions of which, including the excerpted material at 123:1-25 of the deposition, have been designated as "Highly Confidential";

b. Exhibit 15 to the Safi Declaration contains excerpts from the deposition of Jack Brunk, all of which has been designated as "Confidential" and certain portions of

1  |  which, including the excerpted material at 66:1-25 and 231:4–238:25 of the deposition, have been designated as "Highly Confidential"; and

    c. Exhibit 18 to the Safi Declaration contains excerpts from the deposition of Alex Hepburn, all of which has been designated as "Confidential" and certain portions of which, including the excerpted material at 35:1–37:25 of the deposition, have been designated as "Highly Confidential."

8. Upon information and belief, the deposition transcripts referenced in paragraph 7 were designated as "Confidential" or "Highly Confidential" by the Thomson Defendants because they consist of, cite to, or identify confidential, non-public, highly sensitive business information about the Thomson Defendants' business practices, customers, strategies, and supplier relationships. Publically disclosing this sensitive information risks undermining the Thomson Defendants' business relationships and harming its suppliers and customers and putting the Thomson Defendants at a competitive disadvantage.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 29th day of December 2014, at South Bend, Indiana.

                                                             /s/ Stephen M. Judge