Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

***Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS<br><br>*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA,* | **DECLARATION OF STEPHEN M. JUDGE IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL INDIRECT PURCHASER AND CERTAIN DIRECT ACTION PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST INDIRECT PURCHASER PLAINTIFFS AND CERTAIN DIRECT ACTION PLAINTIFFS FOR LACK OF ANTITRUST INJURY AND ANTITRUST STANDING UNDER FEDERAL AND CERTAIN STATE LAWS**<br><br>Judge: Hon. Samuel Conti |

1    *et al., No. 13-cv-05264;*

2    *Target Corp. v. Chunghwa Picture Tubes,*
3    *Ltd., et al., No. 11-cv-05514;*

4    *Target Corp. v. Technicolor SA, et al., No. 13- cv-05686;*

5    *Sears, Roebuck & Co., et al. v. Chunghwa*

6    *Picture Tubes, Ltd., et al., No. 11-cv-05514;*

7    *Sears, Roebuck & Co., et al. v. Technicolor SA, et al., No. 13-cv-05262;*
8

9    *Interbond Corp. of Am. v. Hitachi, Ltd., et al., No. 11-cv-06275;*

10    *Interbond Corp. of Am. v. Technicolor SA, et al., No. 13-cv-05727;*
11

12    *Office Depot, Inc. v. Hitachi, Ltd., et al., No. 11-cv-06276;*

13    *Office Depot, Inc. v. Technicolor SA, et al., No. 13-cv-05726;*
14

15    *CompuCom Systems, Inc. v. Hitachi, Ltd., et al., No. 11-cv-06396;*

16    *Costco Wholesale Corp. v. Hitachi, Ltd., et al., No. 11-cv-06397;*
17

18    *Costco Wholesale Corp. v. Technicolor SA, et al., No. 13-cv-05723;*

19    *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al., No. 12-cv-02648;*
20

21    *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al., No. 13-cv-05725;*

22    *Schultze Agency Servs., LLC v. Hitachi, Ltd., et al., No. 12-cv-02649;*
23

24    *Schultze Agency Servs., LLC v. Technicolor SA,et al., No. 13-cv-05668;*

25    *Tech Data Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-00157;*
26

27    *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al., No. 14-cv-02510*

28

DECLARATION OF STEPHEN M. JUDGE IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL    2    No. 07-5944-SC; MDL No. 1917

1     I, Stephen M. Judge, hereby declare as follows:

2   1.    I am currently an attorney with the law firm Faegre Baker Daniels LLP, counsel for Defendants Thomson Consumer Electronics, Inc. ("Thomson Consumer") and Thomson SA (collectively "Thomson Defendants"). I am admitted to practice *pro hac vice* before the United States District Court for the Northern District of California. The statements contained in this declaration are based on my personal knowledge and, if called as a witness, I could competently testify to the following facts.

3   2.    On June 18, 2008, the Court entered a "Stipulated Protective Order" in this matter [Dkt. No. 306] (the "Protective Order"). On December 22, 2014 the Plaintiffs filed an Administrative Motion to Seal [Dkt. 3245], and lodged under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents or portions thereof, that contain information from documents the Thomson Defendants have designated "Confidential" or "Highly Confidential":

   a.   Exhibits 24 and 25 to the Declaration of Lauren Capurro In Support of Indirect Purchaser and Certain Direct Action Plaintiffs' Opposition to Defendants' Joint Motion for Partial Summary Judgment Against Indirect Purchaser Plaintiffs and Certain Direct Action Plaintiffs for Lack of Antitrust Injury and Antitrust Standing under Federal and Certain State Laws ("Capurro Declaration"); and

   b.   Portions of Indirect Purchaser and Certain Direct Action Plaintiffs' Opposition to Defendants' Joint Motion for Partial Summary Judgment Against Indirect Purchaser Plaintiffs and Certain Direct Action Plaintiffs for Lack of Antitrust Injury and Antitrust Standing under Federal and Certain State Laws ("Plaintiffs' Opposition").

4   3.    Pursuant to Civil Local Rules 7-11 and 79-5(d), and the Stipulated Protective Order, I make this declaration on behalf of the Thomson Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Thomson Defendants as "Confidential" or "Highly Confidential" under the Stipulated Protective Order, and references to those documents and information in the Plaintiffs' Opposition.

4. Specifically, the Thomson Defendants request that the following documents be maintained under seal: (i) Exhibits 24 and 25 to the Capurro Declaration; and (ii) all references to information in the Plaintiffs' Opposition designated "Confidential" or "Highly Confidential" by the Thomson Defendants under the terms of the Stipulated Protective Order.

5. The following Exhibits to the Capurro Declaration contain excerpts from the deposition transcripts of witnesses for the Thomson Defendants, which have been designated as "Confidential" by the Thomson Defendants:

    a. Exhibit 24 to the Capurro Declaration contains excerpts from the deposition of Jack Brunk that have been designated as "Confidential"; and

    b. Exhibit 25 to the Capurro Declaration contains excerpts from the deposition of James P. Hanrahan which has been designated as "Confidential" and certain portions of that have been designated as "Confidential."

6. Upon information and belief, the deposition transcripts referenced in paragraph 5 were designated as "Confidential" by the Thomson Defendants because they consist of, cite to, or identify confidential, non-public, highly sensitive business information about the Thomson Defendants' business practices, customers, strategies, and supplier relationships. Publically disclosing this sensitive information risks undermining the Thomson Defendants' business relationships and harming its suppliers and customers and putting the Thomson Defendants at a competitive disadvantage.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 29th day of December 2014, at South Bend, Indiana.

/s/ Stephen M. Judge

DECLARATION OF STEPHEN M. JUDGE IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL      4      No. 07-5944-SC; MDL No. 1917