GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN V. SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-06325;<br><br>*Interbond Corporation of America v. Mitsubishi Electric & Electronics USA, Inc., et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-81174;<br><br>*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-06327;<br><br>*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;<br><br>*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-02037;<br><br>*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668; | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULES 7-11 AND 79-5** |

*Sears, Roebuck and Co., et al. v. Technicolor SA*, No. 13-cv-05262;

*Dell Inc., et al. v. Phillips Electronics North America Corporation, et al.*, No. 13-cv-2171;

*Tech Data Corp., et al. v. Hitachi, Ltd.,et al.*, No.13-cv-00157;

*Siegel v. Technicolor SA, et al.*, No.13-cv-05261;

*ViewSonic Corporation v. Chunghwa Picture Tubes Ltd., et al.*, No.13-cv-02510.

I, Rachel S. Brass, hereby declare as follows:

1. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "CPT") in the above-referenced actions.

2. I submit this declaration in support of Direct Action Plaintiffs' Administrative Motion to File Documents Under Seal Pursuant to Local Rules 7-11 and 79-5 (Case No. 07-cv-05944, Dkt. No. 3269) to provide the basis to maintain under seal the documents identified below.

3. I have reviewed the following documents submitted under seal to the Court in connection with Direct Action Plaintiffs' Opposition to Defendant Mitsubishi Electric Corporation's Motion For Summary Judgment Based Upon Absence Of Evidence Of Liability ("Opposition"):

- CPT document CHU00028558 and the English translation, internal report of December 4, 1995 meeting (Wagner Decl., Ex. 23)

- CPT document CHU00028548 - CHU00028550 and the English translation, internal report of November 21, 1996 meeting (Wagner Decl., Ex. 24)

- CPT document CHU00028532 - CHU00028533 and the English translation, internal report of December 18, 1998 meeting (Wagner Decl., Ex. 25).

4. The documents identified in paragraph 3 of this declaration are designated as "Confidential" pursuant to the Stipulated Protective Order entered in this case (Case No. 07-cv-

05944, Dkt. No. 306). CPT designated these documents as "Confidential" because they are internal reports prepared by CPT employees for review and analysis by CPT supervisors.

5. The CPT documents identified in paragraph 3 of this declaration are reports that were prepared by CPT employees strictly for internal purposes. They consist of confidential, nonpublic, proprietary and sensitive business information. They contain recommendations and analysis of sales, pricing, and customer conditions that CPT employees submitted for consideration by senior management.

6. On information and belief, disclosure of the documents identified in paragraph 3 would undermine CPT's business relationships, cause it harm with respect to its competitors and customers, and put CPT at a competitive disadvantage.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of December 2014, at San Francisco, California.

By: ___/s/ *Rachel S. Brass*___
Rachel S. Brass