GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN V. SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS<br><br>*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;<br><br>*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;<br><br>*Sears, Roebuck & Co., et al. v. Chunghwa* | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DIRECT ACTION PLAINTIFFS' AND INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL THEIR OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED UPON PLAINTIFFS' PURPORTED FAILURE TO DISTINGUISH BETWEEN ACTIONABLE AND NON-ACTIONABLE DAMAGES UNDER THE FTAIA; AND DIRECT ACTION PLAINTIFFS' OPPOSITION TO THE LGE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON FTAIA** |

1

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL,
CASE NO. 3:07-cv-5944 SC, MDL No. 1917

*Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

*Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510;

*Dell Inc., et al. v. Hitachi Ltd. et al.*, No. 13-cv-02171

I, Rachel S. Brass, hereby declare as follows:

1. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "CPT") in the above-referenced actions.

2. I submit this declaration in support of Direct Action Plaintiffs' and Indirect Purchaser Plaintiffs' (collectively "Plaintiffs") Administrative Motion to Seal their Opposition to Defendants' Motion for Summary Judgment Based Upon Plaintiffs' Purported Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA; and Direct Action Plaintiffs' Opposition to the LGE Defendants' Motion for Partial Summary Judgment on FTAIA (Case No. 07-cv-05944, Dkt. No. 3272) to provide the basis to maintain under seal the documents identified below.

3. I have reviewed the following document submitted under seal to the Court in connection with Plaintiffs' Opposition to Defendants' Motion for Summary Judgment Based Upon Plaintiffs' Purported Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA; and Direct Action Plaintiffs' Opposition to the LGE Defendants' Motion for Partial Summary Judgment on FTAIA Grounds ("Opposition"):

- CPT document and the English translation, internal report of May 20, 1999 meeting (Declaration of Philip J. Iovieno in Support of Opposition, Ex. 6)

4. Exhibit 6 to the Iovieno Declaration is designated as "Confidential" pursuant to the Stipulated Protective Order entered in this case (Case No. 07-cv-05944, Dkt. No. 306). CPT designated this document as "Confidential" because it is an internal report prepared by CPT employees for review and analysis by CPT supervisors.

5. Exhibit 6 to the Iovieno Declaration is a report prepared by CPT employees strictly for internal purposes. It consists of confidential, nonpublic, proprietary and sensitive business information. It contains recommendations and analysis of sales, pricing, and customer conditions that CPT employees submitted for consideration by senior management.

6. On information and belief, disclosure of Exhibit 6 to the Iovieno Declaration would undermine CPT's business relationships, cause it harm with respect to its competitors and customers, and put CPT at a competitive disadvantage.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of December 2014, at San Francisco, California.

By: _____/s/ *Rachel S. Brass*_____
Rachel S. Brass