GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN V. SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL INDIRECT-PURCHASER ACTIONS<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* Case No. 3:11-cv-05513<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* Case No. 13-cv-05264<br><br>*Costco Wholesale Corporation v. Hitachi, Ltd., et al.,* No. 11-cv-06397<br><br>*Costco Wholesale Corporation v. Technicolor SA, et al.,* No. 13-cv-05723<br><br>*Interbond Corp. of America v. Hitachi, Ltd., et al.,* Case No. 3:11-cv-0625<br><br>*Interbond Corp. of America v. Technicolor SA, et al.,* Case No. 3:13-cv-05727<br><br>*Office Depot, Inc. v. Hitachi, Ltd., et al.,* Case No. 3:11-cv-06276<br><br>*Office Depot, Inc. v. Technicolor SA, et al.,* Case No. 3:13-cv-05726 | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |

*Sears, Roebuck and Co., & Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv05514-SC

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262

I, Rachel S. Brass, hereby declare as follows:

1. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "CPT") in the above-referenced actions.

2. I submit this declaration in support of the Indirect-Purchaser Plaintiffs and the above-captioned Direct Action Plaintiffs ("Plaintiffs") Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5, (Case No. 07-cv-05944, Dkt. No. 3281) to provide the basis to maintain under seal the documents identified below.

3. I have reviewed the following documents submitted under seal to the Court in connection with Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment on Indirect Purchaser Claims Based on Foreign Sales ("Opposition"):

- Deposition Exhibit 1267, CPT document CHU00030414 - CHU00030418 and the English translation, internal report of September 13, 2002 meeting (Declaration of Mario N. Alioto In Support of Plaintiffs' Opposition ("Alioto Decl."), Ex. 14)
- Deposition Exhibit 1160 and 1160E, CHU00030995-97 and the English translation, internal report of April 14, 2000 meeting (Alioto Decl., Ex. 19)
- Deposition Exhibit 706 and 706E, CPT document CHU00029144-46 and the English translation, internal report of March 24, 2000 meeting (Alioto Decl., Ex. 19)
- Deposition Exhibits 1158 and 1158E, CPT document CHU00030960-62 and the English translation, internal report of January 24, 2000 meeting (Alioto Decl., Ex. 29)
- Deposition Exhibit 1195 and 1995E, CPT document CHU00031262 – 267 and the English translation, internal report of January 26-27, 2004 meeting (Alioto Decl., Ex. 66)

- Deposition Exhibits 1210 and 1210E, CPT document CHU00030731-33 and the English translation, internal report of March 15, 1999 meeting (Alioto Decl., Ex. 68)
- Deposition Exhibits 1211 and 1211E, CPT document CHU00031254 and the English translation, internal report dated July 2, 2004 (Alioto Decl., Ex. 69)
- Deposition Exhibits 1155 and 1155E, CPT document CHU00030899-903 and the English translation, internal report of October 27, 1999 meeting (Alioto Decl., Ex. 76)
- Deposition Exhibits 1259 and 1259E, CPT document CHU00029059-61 and the English translation, internal report of November 9, 1999 meeting (Alioto Decl., Ex. 77)
- Deposition Exhibits 717 and 717E, CPT document CHU00029152-54 and the English translation, internal report of January 24, 2000 meeting (Alioto Decl., Ex. 78)
- Deposition Exhibits 2604 and 2604E, CPT document CHU00028495-96 and the English translation, internal report of October 13, 1997 meeting (Alioto Decl., Ex. 82)
- Deposition Exhibits 1161 and 1161E, CPT document CHU00028209-10 and the English translation, internal report of June 9, 2000 meeting (Alioto Decl., Ex. 92)
- Deposition Exhibits 1133 and 1133E, CPT document CHU00028463-64E and the English translation, internal report of August 25, 1998 meeting (Alioto Decl., Ex. 94)
- Deposition Exhibits 1155 and 1155E, CPT document CHU00030899-903 and the English translation, internal report of October 27, 1999 meeting (Alioto Decl., Ex. 104)
- Deposition Exhibits 1139 and 1139E, CPT document CHU00030720-27 and the English translation, internal report of March 1, 2000 meeting (Alioto Decl., Ex. 110)
- Deposition Exhibits 1170 and 1170E, CPT document CHU00031111-12E and the English translation, internal report of March 19, 2001 meeting (Alioto Decl., Ex. 111)
- Deposition Exhibits 1175 and 1175E, CPT document CHU00031142 - CHU00031147 and the English translation, internal report of June 27, 2001 meeting (Alioto Decl., Ex. 127)

- Deposition Exhibits 1172 and 1172E, CPT document CHU00028203 and the English translation, internal report of April 2001 meeting (Alioto Decl., Ex. 128)
- CPT document CHU00031202-208 and the English translation, internal report of September 24-25, 2003 meeting (Alioto Decl., Ex. 132)
- Deposition Exhibits 1188 and 1188E, CPT document CHU00031209-213 and the English translation, internal report of October 2003 meeting (Alioto Decl., Ex. 133)

4. The documents identified in paragraph 3 of this declaration are designated as "Confidential" pursuant to the Stipulated Protective Order entered in this case (Case No. 07-cv-05944, Dkt. No. 306). CPT designated these documents as "Confidential" because they are internal reports prepared by CPT employees for review and analysis by CPT supervisors.

5. The CPT documents identified in paragraph 3 of this declaration are reports that were prepared by CPT employees strictly for internal purposes. They consist of confidential, nonpublic, proprietary and sensitive business information. They contain recommendations and analysis of sales, pricing, and customer conditions that CPT employees submitted for consideration by senior management.

6. I have also reviewed Exhibit 72 to the Alioto Declaration, which contains excerpts from the transcript of the deposition Sheng Jen Yang taken in this action. Mr. Yang's deposition testimony is designated by CPT as "Highly Confidential" pursuant to the Stipulated Protective Order entered in this case (Case No. 07-cv-05944, Dkt. Nos. 306). Mr. Yang's deposition testimony attached as Exhibit 72 contains confidential, nonpublic, proprietary and sensitive business information. It contains descriptions of Chunghwa's internal practices and procedures related to sales and pricing.

7. I have also reviewed Plaintiffs' Opposition brief. Plaintiffs' Opposition brief contains excerpts of confidential CPT documents and deposition testimony discussed above, specifically: Exhibit 66 to the Alioto Declaration and Mr. Yang's deposition testimony attached as Exhibit 72 to the Alioto Declaration. These excerpts appear at the following locations in Plaintiffs' Opposition brief: footnotes 15 and 16 on page 7.

8. On information and belief, disclosure of the documents identified in paragraph 3, Mr. Yang's deposition testimony attached as Exhibit 72 to the Alioto Declaration, and the portions of Plaintiffs' Opposition brief identified above would undermine CPT's business relationships, cause it harm with respect to its competitors and customers, and put CPT at a competitive disadvantage.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of December 2014, at San Francisco, California.

By: ___/s/ *Rachel S. Brass*___
        Rachel S. Brass