Michael P. Kenny, Esq. (admitted *pro hac vice*)
mike.kenny@alston.com
Debra D. Bernstein, Esq. (admitted *pro hac vice*)
debra.bernstein@alston.com
Matthew D. Kent (admitted *pro hac vice*)
matthew.kent@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Fax: (415) 371-0500

*Attorneys For Plaintiffs Dell Inc. and Dell Products L.P.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to Individual Case No. 3:13-cv-02171-SC | Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br>MDL No. 1917 |
| DELL INC. and DELL PRODUCTS L.P.,<br><br>    Plaintiffs,<br><br>    v.<br><br>HITACHI, LTD., *et al*.,<br><br>    Defendants. | Individual Case No. 3:13-cv-02171-SC<br><br>**DECLARATION OF MATTHEW D. KENT IN SUPPORT OF DIRECT ACTION PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-5(e)(1)**<br><br>**[MDL DKT. NO. 3272]** |

I, **MATTHEW D. KENT**, declare as follows:

1. I am a senior associate with the law firm of Alston & Bird LLP, counsel for Plaintiffs Dell Inc. and Dell Products L.P. (collectively, "Dell") in the above-captioned action currently pending in the U.S. District Court for the Northern District of California. I submit this Declaration in support of Direct Action Plaintiffs' Motion to File Documents under Seal Pursuant to Civil Local Rules 79-5(e)(1) [MDL Dkt. No. 3272]. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify to the following.

2. Specifically, I refer to the Administrative Motion to File Under Seal Direct Action Plaintiffs' and Indirect Purchaser Plaintiffs' Opposition to Defendants' Motion for Summary Judgment Based Upon Plaintiffs' Purported Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA and Direct Action Plaintiffs' Opposition to the LGE Defendants' Motion for Partial Summary Judgment on FTAIA Grounds ("DAPs' Administrative Motion"), filed on December 23, 2014. Through DAPs' Administrative Motion, the Direct Action Plaintiffs seek permission to file under seal: (1) Julie French Declaration in Support of Direct Action Plaintiffs' Opposition to Defendants' Motion for Summary Judgment Based Upon Plaintiffs Purported Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA ("French Declaration") [MDL Dkt. No 3272-42], (2) Exhibits 1, 13, 17, 20, and 23 to the Declaration of Philip J. Iovieno in Support of the Opposition, and (3) portions of Direct Action Plaintiffs' and Indirect Purchaser Plaintiffs' Opposition to Defendants' Motion for Summary Judgment Based Upon Plaintiffs' Purported Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA and Direct Action Plaintiffs' Opposition to the LGE Defendants' Motion for Partial Summary Judgment on FTAIA Grounds. I make this declaration in support of filing that these materials be maintained under seal.

3. The French Declaration [MDL Dkt. No 3272-42] contains information regarding Dell's internal processes and procedures, including the procurement system for CRT monitors. Dell considers this information to be confidential and sensitive business information, the public disclosure of which would be harmful to Dell.

4. For DAPs' Administrative Motion, numerous exhibits attached to the Declaration of Philip J. Iovieno contain information that Dell designated "Confidential" or "Highly Confidential." These include the following:

- Exhibit 1 is Tab 22 to the Expert Report of Mohan Rao, Ph.D. dated April 15, 2014 in *Dell Inc. and Dell Products L.P. v. Hitachi, Ltd., et al.*, U.S.D.C., N.D. Cal., San Francisco Division, Case No. 3:13-cv-02171-SC, which describes the overcharges paid by Dell during the conspiratorial period;

- Exhibit 13 is a copy of the Data Appendix to the Expert Report of Mohan Rao, Ph.D. dated April 15, 2014 in *Dell Inc. & Dell Products L.P. v. Hitachi, Ltd.*, U.S.D.C., N.D. Cal., San Francisco Division, Case No. 3:13-cv-02171-SC, which references and describes Dell's monitor purchase data customer-by-customer;

- Exhibit 17 is copy of pages 25-36 from the Expert Report of Mohan Rao, Ph.D. dated April 15, 2014 in *Dell Inc. & Dell Products L.P. v. Hitachi, Ltd.*, U.S.D.C., N.D. Cal., San Francisco Division, Case No. 3:13-cv-02171-SC, which references and describes Dell's monitor purchase data;

- Exhibit 20 is a true and correct copy of pages 238-240 from the deposition of Mahon Rao, Ph.D. taken June 10, 2014, which references Plaintiffs' CRT purchases and the overcharge analysis for Plaintiffs' claims; and

- Exhibit 23 is a true and correct copy of pages 118-119 from the deposition of Mahon Rao, Ph.D. taken October 22, 2014; which references Plaintiffs' CRT purchases and the overcharge analysis for Plaintiffs' claims.

5. In addition, Direct Action Plaintiffs' and Indirect Purchaser Plaintiffs' Opposition to Defendants' Motion for Summary Judgment Based Upon Plaintiffs' Purported Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA and Direct Action Plaintiffs' Opposition to the LGE Defendants' Motion for Partial Summary Judgment on FTAIA Grounds contain references to and/or excerpts of the French Declaration, the above-described exhibits, and other information that Dell considers to be confidential and sensitive. The public disclosure of this information would be harmful to Dell.

6. Therefore, Dell respectfully requests an order granting Defendants' Motions to File Documents under Seal Pursuant to Civil Local Rules 79-5(e)(1) [MDL Dkt. No. 3272] as to all exhibits referenced therein, and as to the redacted portions of Direct Action Plaintiffs' and Indirect Purchaser Plaintiffs' Opposition to Defendants' Motion for Summary Judgment Based Upon Plaintiffs' Purported Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA and Direct Action Plaintiffs' Opposition to the LGE Defendants' Motion for Partial Summary Judgment on FTAIA Grounds, which contain references to these exhibits.

I declare under penalty of perjury under the laws of the State of Georgia and the United States that the foregoing is true and correct.

Executed on December 29, 2014 in Atlanta, Georgia.

Respectfully submitted,

*/s/ Matthew D. Kent*
Matthew D. Kent, Esq.
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777
matthew.kent@alston.com

*Attorney for Plaintiffs Dell Inc. and Dell Products L.P*