GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN V. SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;<br><br>*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;<br><br>*Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL INDIRECT PURCHASER AND CERTAIN DIRECT ACTION PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST INDIRECT PURCHASER PLAINTIFFS AND CERTAIN DIRECT ACTION PLAINTIFFS FOR LACK OF ANTITRUST INJURY AND ANTITRUST STANDING UNDER FEDERAL AND CERTAIN STATE LAWS** |

1

*Sears, Roebuck & Co., et al. v. Technicolor SA et al.*, No. 13-cv-05262;

*Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, No.13-cv-05726;

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

*Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.,* No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.,* No. 13-cv-00157;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510

I, Rachel S. Brass, hereby declare as follows:

1.    I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "CPT") in the above-referenced actions.

2.    I submit this declaration in support of Indirect Purchaser Plaintiffs ("IPPs") and Certain Direct Action Plaintiffs' ("DAPs") (collectively "Plaintiffs") Administrative Motion to File

1  Under Seal Indirect Purchaser and Certain Direct Action Plaintiffs' Opposition to Defendants' Joint
2  Motion for Partial Summary Judgment Against Indirect Purchaser and Certain Direct Action
3  Plaintiffs for Lack of Antitrust Injury and Antitrust Standing Under Federal and Certain State Laws,
4  (Case No. 07-cv-5944, Dkt. No. 3245) to provide the basis to maintain under seal the documents
5  identified below.

6        3.    I have reviewed the following documents submitted under seal to the Court in
7  connection with Plaintiffs' Opposition to Defendants' Joint Motion for Partial Summary Judgment
8  Against Indirect Purchaser Plaintiffs and Certain Direct Action Plaintiffs for Lack of Antitrust Injury
9  and Antitrust Standing Under Federal and Certain State Laws ("Opposition"):

- CPT document CHU00031240-247 and the English translation, internal report of March 25-27, 2004 business trip (Declaration of Lauren C. Capurro In Support of Plaintiffs' Opposition ("Capurro Decl."), Ex. 19)
- CPT document CHU00030787-794 and the English translation, internal report of June 23, 1999 meeting (Capurro Decl., Ex. 20)
- CPT document CHU00030731-733 and the English translation, internal report of March 15, 1999 meeting (Capurro Decl., Ex. 21)

17        4.    The documents identified in paragraph 3 of this declaration are designated as
18  "Confidential" pursuant to the Stipulated Protective Order entered in this case (Case No. 07-cv-
19  05944, Dkt. No. 306).  CPT designated these documents as "Confidential" because they are internal
20  reports prepared by CPT employees for review and analysis by CPT supervisors.

21        5.    The CPT documents identified in paragraph 3 of this declaration are reports that were
22  prepared by CPT employees strictly for internal purposes.  They consist of confidential, nonpublic,
23  proprietary and sensitive business information.  They contain recommendations and analysis of sales,
24  pricing, and customer conditions that CPT employees submitted for consideration by senior
25  management.

26  //
27  //
28  //

6. On information and belief, disclosure of the documents identified in paragraph 3 would undermine CPT's business relationships, cause it harm with respect to its competitors and customers, and put CPT at a competitive disadvantage.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of December 2014, at San Francisco, California.

By: _____/s/ *Rachel S. Brass*_____
            Rachel S. Brass