GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN V. SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 3:11-cv-06397-SC | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF COSTCO WHOLESALE CORPORATION'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

I, Rachel S. Brass, hereby declare as follows:

1. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "CPT") in the above-referenced action.

2. I submit this declaration in support of Costco Wholesale Corporation's Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5(d) (Case No. 07-cv-05944, Dkt. No. 3265) to provide the basis to maintain under seal the documents identified below.

3. I have reviewed the following documents submitted under seal to the Court in connection with Costco Wholesale Corporation's Opposition to Defendants' Joint Motion for Partial

Summary Judgment on Due Process Grounds and Defendants' Joint Motion for Partial Summary Judgment on Choice of Law Grounds ("Opposition"):

- CPT document CHU00020660 and the English translation, internal report of February 21, 2003 meeting (Declaration of David J. Burman in Support of Opposition ("Burman Decl."), Ex. 4)
- CPT document CHU00028897-898 and the English translation, internal report of March 4, 1998 meeting (Burman Decl., Ex. 6)
- CPT document CHU00031174-175 and the English translation, internal report of December 28, 2001 meeting (Burman Decl., Ex. 7)
- CPT document CHU00029235-237 and the English translation, internal report of April 15, 1999 meeting (Burman Decl., Ex. 8)
- CPT document CHU00031178-179 and the English translation, internal report of January 18, 2002 meeting (Burman Decl., Ex. 9)
- CPT document CHU00030701-704 and the English translation, internal report of January 18, 1999 meeting (Burman Decl., Ex. 10)
- CPT document CHU00031010-012 and the English translation, internal report of June 20, 2000 meeting (Burman Decl., Ex. 12)
- CPT document CHU00660324-328 and the English translation, internal report of August 21, 2001 meeting (Burman Decl., Ex. 13)

4. The documents identified in paragraph 3 of this declaration are designated as "Confidential" pursuant to the Stipulated Protective Order entered in this case (Case No. 07-cv-05944, Dkt. No. 306). CPT designated these documents as "Confidential" because they are internal reports prepared by CPT employees for review and analysis by CPT supervisors.

5. The CPT documents identified in paragraph 3 of this declaration are reports that were prepared by CPT employees strictly for internal purposes. They consist of confidential, nonpublic, proprietary and sensitive business information. They contain recommendations and analysis of sales, pricing, and customer conditions that CPT employees submitted for consideration by senior management.

6. On information and belief, disclosure of the documents identified in paragraph 3 would undermine CPT's business relationships, cause it harm with respect to its competitors and customers, and put CPT at a competitive disadvantage.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of December 2014, at San Francisco, California.

By: _____/s/ *Rachel S. Brass*_____
Rachel S. Brass