GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN V. SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*All Indirect Purchaser Actions*<br><br>*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-01656-SC<br><br>*Alfred H. Siegel as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, No. 3:11-cv-05502-SC<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-05513-SC;<br><br>*Target Corp, et al. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 3:11-cv-05514-SC<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 3:11- cv-05514-SC<br><br>*Interbond Corporation of America, d/b/a BrandsMart USA v. Hitachi, et al.*, No. 3:11-cv-06275-SC;<br><br>*Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 3:11-cv-06276-SC; | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

1

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL,
CASE NO. 3:07-cv-5944 SC, MDL No. 1917

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 3:11-cv-06396-SC

*Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 3:11-cv-06397-SC;

*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, No. 3:12-cv-02648-SC;

*Schultze Agency Services, LLC on behalf of Tweeter OPCO, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, No. 3:12-cv02649-SC;

*Tech Data Corporation, et al. v. Hitachi, Ltd., et al.*, No. 3:13-cv-00157-SC

I, Rachel S. Brass, hereby declare as follows:

1. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "CPT") in the above-referenced actions.

2. I submit this declaration in support of Plaintiffs' Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5(D) (Case No. 07-cv-05944, Dkt. No. 3270) to provide the basis to maintain under seal the documents identified below.

3. I have reviewed the following documents submitted under seal to the Court in connection with Plaintiffs' Opposition to Hitachi Defendants' Motion for Summary Judgment Based Upon Withdrawal and the Statute of Limitations ("Opposition"):

- CPT document CHU00028424 and the English translation, internal report of June 21, 2000 meeting (Declaration of David Burman in Support of Opposition ("Burman Decl."), Ex. 13)

- CPT document CHU00095612 and the English translation, internal report of March 5-9, 2007 meetings (Burman Decl., Ex. 15)

- CPT document CHU00028396 and the English translation, internal report of November 25, 1996 meeting (Burman Decl., Ex. 43)

- CPT document CHU00047658 and the English translation, internal report of January 23, 2007 meeting (Burman Decl., Ex. 54)

4. The documents identified in paragraph 3 of this declaration are designated as "Confidential" pursuant to the Stipulated Protective Order entered in this case (Case No. 07-cv-05944, Dkt. No. 306). CPT designated these documents as "Confidential" because they are internal reports prepared by CPT employees for review and analysis by CPT supervisors.

5. The CPT documents identified in paragraph 3 of this declaration are reports that were prepared by CPT employees strictly for internal purposes. They consist of confidential, nonpublic, proprietary and sensitive business information. They contain recommendations and analysis of sales, pricing, and customer conditions that CPT employees submitted for consideration by senior management.

6. On information and belief, disclosure of the documents identified in paragraph 3 would undermine CPT's business relationships, cause it harm with respect to its competitors and customers, and put CPT at a competitive disadvantage.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of December 2014, at San Francisco, California.

By:     /s/ *Rachel S. Brass*
          Rachel S. Brass