1  GIBSON, DUNN & CRUTCHER LLP
   JOEL S. SANDERS, SBN 107234
2  JSanders@gibsondunn.com
   RACHEL S. BRASS, SBN 219301
3  RBrass@gibsondunn.com
   AUSTIN V. SCHWING, SBN 211696
4  ASchwing@gibsondunn.com
   555 Mission Street, Suite 3000
5  San Francisco, California 94105-2933
   Telephone: 415.393.8200
6  Facsimile: 415.393.8306

7  Attorneys for Defendants
   CHUNGHWA PICTURE TUBES, LTD. and
8  CHUNGHWA PICTURE TUBES (MALAYSIA)
   SDN. BHD.
9

10                    UNITED STATES DISTRICT COURT

11                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                           SAN FRANCISCO DIVISION

13

14 | IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC
   |                                                    | MDL No. 1917

15 | This Document Relates To:

16 | ALL INDIRECT PURCHASER ACTIONS | **DECLARATION OF RACHEL S. BRASS IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS RELATED TO PLAINTIFFS' OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT CONCERNING WITHDRAWAL UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11, 79-5(b), AND 79-5(e)**

17 | *Electrograph Systems, Inc. et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;

18

19 | *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;

20 | *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

21

22 | *Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

23 | *Sears, Roebuck and Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514-SC;

24

25 | *Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06276;

26 | *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

27

28 | *Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-01173;

*CompuCom Systems, Inc. v. Hitachi, Ltd. et al.,* No. 11-cv-06396;

*Costco Wholesale Corp. v. Hitachi, Ltd., et al.,* No. 11-cv-06397;

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.,* No. 12-cv-02648;

*Schultze Agency Services, LLC v. Hitachi, Ltd., et al.,* No. 12-cv-02649;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.,* No. 13-cv-00157;

*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 3:14-cv-02510

I, Rachel S. Brass, hereby declare as follows:

1. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "CPT") in the above-referenced actions.

2. I submit this declaration in support of Direct Action Plaintiffs and Indirect Purchaser Plaintiffs' ("Plaintiffs") Administrative Motion to File Documents Related to Plaintiffs' Opposition to the Toshiba Defendants' Motion for Summary Judgment Concerning Withdrawal Under Seal Pursuant to Civil Local Rules 7-11, 79-5(b), and 79-5(e) (Case No. 07-cv-05944, Dkt. No. 3282) to provide the basis to maintain under seal the documents identified below.

3. I have reviewed the following documents submitted under seal to the Court in connection with Plaintiffs' Opposition to the Toshiba Defendants' Motion for Summary Judgment Concerning Withdrawal ("Opposition"):

- CPT document CHU00028203 and the English translation, internal report of April 2001 meeting (Declaration of Gary R. Carney in Support of Opposition ("Carney Decl."), Ex. 8)

- CPT document CHU00028240 and the English translation, internal report of January 22, 1999 meeting (Carney Decl., Ex. 13)

- CPT document CHU00028224 and the English translation, internal report of March 6, 2000 meeting (Carney Decl., Ex. 14)
- CPT document CHU00028209 and English translation, internal report of June 9, 2000 meeting (Carney Decl., Ex. 15)
- CPT document CHU00028229 and the English translation, internal report of October 20, 1999 meeting (Carney Decl., Ex. 23)
- CPT document CHU00020661 and the English translation, internal report of February 26-28, 2003 meeting (Carney Decl., Ex. 31)
- CPT document CHU00030060 and the English translation, internal report of September 5, 2003 meeting (Carney Decl., Ex. 43)

4. The documents identified in paragraph 3 of this declaration are designated as "Confidential" pursuant to the Stipulated Protective Order entered in this case (Case No. 07-cv-05944, Dkt. No. 306). CPT designated these documents as "Confidential" because they are internal reports prepared by CPT employees for review and analysis by CPT supervisors.

5. The CPT documents identified in paragraph 3 of this declaration are reports that were prepared by CPT employees strictly for internal purposes. They consist of confidential, nonpublic, proprietary and sensitive business information. They contain recommendations and analysis of sales, pricing, and customer conditions that CPT employees submitted for consideration by senior management.

6. On information and belief, disclosure of the documents identified in paragraph 3 would undermine CPT's business relationships, cause it harm with respect to its competitors and customers, and put CPT at a competitive disadvantage.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of December 2014, at San Francisco, California.

By: _____/s/ *Rachel S. Brass*_____
       Rachel S. Brass