Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:    213 239-5100
Facsimile:    213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:    312 222-9350
Facsimile:    312 527-0484
ttruax@jenner.com
mbrody@jenner.com

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;<br><br>*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;<br><br>*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;<br><br>*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723; | **DECLARATION OF SHAUN M. VAN HORN IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL THEIR OPPOSITION TO MITSUBISHI'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DIRECT ACTION PURCHASERS' SHERMAN ACT DAMAGES CLAIMS BASED ON CRT PRODUCT PURCHASES FROM NEC CORPORATION AND NEC-MITSUBISHI ELECTRIC VISUAL SYSTEMS CORPORATION** |

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co., et al. v. Technicolor SA*, No. 13-cv-05262;

*Dell Inc., et al. v. Phillips Electronics North America Corporation, et al.*, No. 13-cv-02171;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No.13-cv-00157;

*Siegel v. Technicolor SA, et al.*, No.13-cv-05261;

*Viewsonic Corporation v. Chunghwa Picture Tubes Ltd., et al.*, No.13-cv-02510.

### DECLARATION OF SHAUN M. VAN HORN

I, Shaun M. Van Horn, declare as follows:

1. I am an attorney licensed to practice law in the State of Illinois, and I am an associate at the law firm of Jenner & Block LLP, and an attorney for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc. (collectively, the "Mitsubishi Electric Defendants"). I submit this declaration in support of Direct Action Plaintiffs' Administrative Motion to Seal Their Opposition to Mitsubishi's Motion for Partial Summary Judgment as to Direct Action Purchasers' Sherman Act Damages Claims Based On CRT Product Purchases From NEC Corporation and NEC-Mitsubishi Electric Visual Systems Corporation.

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On December 23, 2014, Direct Action Plaintiffs filed an Administrative Motion to Seal (Dkt. 3251) and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and

2

DECLARATION OF SHAUN M. VAN HORN IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 3:07-cv-5944-SC; MDL No. 1917

2327735.2

79-5(d), the following documents that contain information from documents that the Mitsubishi Electric Defendants have designated "Confidential" or "Highly Confidential:"

- Portions of Plaintiffs' Opposition to Mitsubishi's Motion for Partial Summary Judgment as to Direct Action Purchasers' Sherman Act Claims Based On CRT Product Purchases from NEC Corporation and NEC-Mitsubishi Electric Visual Systems Corporation ("Opposition").

- Exhibit 1 to the Declaration of Philip J. Iovieno in Support of Plaintiffs' Opposition to Mitsubishi's Motion for Partial Summary Judgment as to Direct Action Purchasers' Sherman Act Claims Based On CRT Product Purchases from NEC Corporation and NEC-Mitsubishi Electric Visual Systems Corporation ("Iovieno Declaration"), which is a true and correct copy of Exhibit 6119E, a certified translation of a Joint Venture Agreement between Mitsubishi Electric and NEC, dated December 27, 1999.  Produced as ME 00131095-00131120 ("Exhibit 1");

- Exhibit 2 to the Iovieno Declaration is a true and correct copy of a certified translation of a June 2002 progress report from NMV to Mitsubishi Electric. Produced as ME 00065248 ("Exhibit 2");

- Exhibit 3 to the Iovieno Declaration is a true and correct copy of a certified translation of a June 2002 progress report from NMV to Mitsubishi Electric. Produced as ME 00065247 ("Exhibit 3");

- Exhibit 4 to the Iovieno Declaration is a true and correct copy of a certified translation of a September 2002 communication from Mitsubishi Electric to NMV. Produced as ME 00065208 ("Exhibit 4");

- Exhibit 5 to the Iovieno Declaration is a true and correct copy of a certified translation of a March 2003 letter from Mitsubishi Electric and NEC to NMV. Produced as ME 00094555 ("Exhibit 5");

- Exhibit 6 to the Iovieno Declaration is a true and correct copy of a certified translation to a March 2003 letter from NMV to Mitsubishi Electric and NEC. Produced as ME 00094556 ("Exhibit 6");

- Exhibit 7 to the Iovieno Declaration is a true and correct copy of a May 2001 letter from Mitsubishi Electric to Gateway. Produced as ME 00095296 ("Exhibit 7");

- Exhibit 8 to the Iovieno Declaration is a true and correct copy of the deposition transcript of Mitsubishi's 30(b)(6) corporate representative in this matter, Hitoshi Tsukamoto, dated September 22, 2014 ("Exhibit 8"); and

- Exhibit 9 to the Iovieno Declaration is a true and correct copy of the Mitsubishi Defendants' Responses to DAPs' Second Set of Interrogatories, dated July 24, 2014 ("Exhibit 9").

4. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, I make this declaration on behalf of the Mitsubishi Electric Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Mitsubishi Electric Defendants as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Opposition, Iovieno Declaration, and Exhibits 1-9.

5. Exhibits 1-9, as well as the portions of the Opposition which cite and discuss those Exhibits, should be maintained under seal in their entirety because they are documents produced by the Mitsubishi Electric Defendants in this litigation pursuant to the Stipulated Protective Order, contain excerpts from depositions designated as "Confidential" or Highly Confidential" under the Stipulated Protective Order, and were so designated because they contain confidential, nonpublic, and highly sensitive business information about the Mitsubishi Electric Defendants' sales practices, business and supply agreements, and competitive positions. Publicly disclosing this information presents a risk of undermining the Mitsubishi Electric Defendants relationships, would cause harm with respect to the

Mitsubishi Electric Defendants' customers, and would put the Mitsubishi Electric Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 29, 2014 in Chicago, Illinois.

>*By:*   /s/ Shaun M. Van Horn
>Shaun M. Van Horn

5

DECLARATION OF SHAUN M. VAN HORN IN SUPPORT OF DIRECT ACTION PLAINTIFFS'
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 3:07-cv-5944-SC; MDL No. 1917

2327735.2