Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203
Telephone:  +1-303-607-3500
Facsimile:  +1-303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1-650-324-6700
Facsimile: +1-650-324-6701
calvin.litsey@FaegreBD.com

**Attorneys for Defendant Thomson SA**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC MDL No. 1917 |
| This Document Relates to: | **THOMSON SA'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION TO AMEND ITS ANSWERS AND FOR PARTIAL RELIEF FROM THE COURT'S ORDER RE: THOMSON DISCOVERY** |
| *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al., No. 13-cv-01173* | |
| *Electrograph Systems, Inc. et al. v. Technicolor SA, et al., No. 13-cv-05724;* | Date:  January 23, 2015 Time:  10:00 a.m. Place:  Courtroom 1, 17th Floor Judge: Hon. Samuel Conti |
| *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al., No. 13-cv-00141;* | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264;* | |
| *Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727;* | |

1    *Office Depot, Inc. v. Technicolor SA, et al.,*
2    *No. 13-cv-05726;*

3    *Costco Wholesale Corporation v.*
     *Technicolor SA, et al., No. 13-cv-05723;*
4

5    *P.C. Richard & Son Long Island*
     *Corporation, et al. v. Technicolor SA, et al.,*
6    *No. 31:cv-05725;*

7    *Schultze Agency Services, LLC, o/b/o*
     *Tweeter Opco, LLC, et al. v. Technicolor SA,*
8    *Ltd., et al., No. 13-cv-05668;*

9    *Sears, Roebuck and Co. and Kmart Corp. v.*
     *Technicolor SA, No. 3:13-cv-05262;*
10

11    *Target Corp. v. Technicolor SA, et al., No.*
     *13-cv-05686;*
12

13    *Tech Data Corp., et al. v. Hitachi, Ltd., et*
     *al., No. 13-cv-00157*

14    *ViewSonic Corporation, v. Chunghwa*
     *Picture Tubes, Ltd., et al., 3:14cv-02510;*
15

16    *Crago, et al. v. Mitsubishi Electric Corp.,*
     *No. 14-cv-02058.*

17

18

19

20

21

22

23

24

25

26

27

28

## I.   **INTRODUCTION**

In response to Thomson SA's straight-forward request to streamline the disputed issues in these actions by amending its answers to drop its personal jurisdiction defense, thereby obviating the need for additional, expansive, expensive, and time-consuming discovery, Plaintiffs lodge wholly unfounded accusations at Thomson SA and unfairly attempt to impugn it before the Court. They assert that Thomson SA has improperly attempted to avoid producing documents in this litigation by filing motions to dismiss on personal jurisdiction grounds and by arguing that it would violate French criminal law if it was forced to respond to Plaintiffs' broad discovery requests outside of Hague Convention procedures.   Plaintiffs also claim, again without any substantiation, that by dropping its personal jurisdiction defense, Thomson SA is merely manipulating the Federal Rules to gain an unfair "tactical advantage."  (Resp. at 1.)

Plaintiffs' baseless allegations should be summarily rejected.  Thomson SA has done nothing more than exercise its rights to defend itself by raising legitimate arguments and defenses – exactly what all other defendants in this action have done.  Nor is Thomson SA's current Motion to Amend ("Motion") to drop its personal jurisdiction defense improper.  As Thomson SA explained in its Motion, its decision to now forego this defense is based on weighing the costs of maintaining this defense in the face of the looming March 2015 trial date – including costs in money, time, and attorney resources – against its potential benefits.  Thomson SA has determined that the benefits of the defense do not justify the burdens that maintaining it will impose on Thomson SA, including threatening its ability to complete discovery and remain on track to proceed to trial with the other defendants in March 2015.   There is nothing improper or inequitable about a defendant like Thomson SA, which possesses limited financial resources with which to defend these actions and which, as a result of Plaintiffs' unjustified and highly-prejudicial six-year delay in bringing claims against it has been forced to complete discovery and prepare for trial in a fraction of the time (i.e. 9 months to date) that was provided to other defendants (i.e. over 7 years to date for most), deciding to focus its resources on certain defenses while foregoing others.  Plaintiffs cite no legal authority that establishes otherwise, because none exists.

1   Critically, Plaintiffs also mischaracterize the rights Thomson SA has refused to waive.  If
2   Plaintiffs obtain a judgment from this Court against it and then initiate enforcement proceedings
3   in a foreign jurisdiction to attempt to collect on it, Thomson SA will not contest that it was
4   subject to this Court's specific personal jurisdiction in this action.  Thomson SA will not agree,
5   however, to waive its rights under foreign law to contest the enforceability of a judgment against
6   it on any other ground and there is no basis for Plaintiffs to attempt to force it to do so.

7   Plaintiffs' inflammatory rhetoric and accusations are intended to distract the Court from
8   that fact that the extraordinary relief they seek is not only unnecessary (Thomson SA will not
9   contest in this or any other proceeding that it was subject to this Court's specific personal
10  jurisdiction in this action under United States specific personal jurisdiction jurisprudence), it is
11  also not appropriate or justified under either Ninth Circuit case law or the Federal Rules of Civil
12  Procedure.  Plaintiffs argue that the Court should only allow Thomson SA to amend its answers to
13  eliminate its personal jurisdiction defense, "if the Court enters an Order forbidding Thomson
14  from contesting this Court's jurisdiction at the enforcement stage" or requires Thomson SA to
15  produce documents regarding its withdrawn personal jurisdiction defense.  (Resp. at 7.)  Citing to
16  superseded case law regarding anti-suit international injunctions, Plaintiffs claim that such relief
17  is necessary here because *if* Plaintiffs obtain a judgment on the merits against Thomson SA and *if*
18  they then initiate a separate enforcement proceeding in France to attempt to collect on the
19  judgment, without this relief they will be unable to prove to the French court that there was a
20  "connection between the subject matter of the dispute and the foreign Court that issued the
21  judgment".   (Resp. at 3.)  In effect, Plaintiffs ask the Court to enter an order requiring it to
22  engage in expensive and burdensome discovery in aid of potential foreign enforcement
23  proceedings or limiting the arguments Thomson SA may raise under French law in enforcement
24  proceedings in a French court based on Plaintiffs' unsubstantiated assertion that a French Court
25  will not provide Plaintiffs an adequate opportunity to establish that their potential judgment is
26  enforceable under French law.  Not surprisingly, Plaintiffs cite no case law that authorizes such a
27  premature, broad, and presumptuous intrusion into entirely speculative future foreign legal
28  proceedings.

1    The Court should reject Plaintiffs' overreaching, grant Thomson SA's Motion to Amend,

2   and enter an order relieving Thomson SA of its obligation to produce documents and testimony

3   related solely to the Plaintiffs' Category 2 discovery requests, so it may focus its limited time and

4   resources on preparing for the fast-approaching March 2015 trial.

5                                        **II.    ARGUMENT**

6   **A.      Plaintiffs Concede that Thomson SA Satisfies the Ninth Circuit's Liberal Standards
             For Obtaining Leave To Amend Its Answers.**

7

8           A district court "shall grant leave to amend freely when justice so requires." *Owens v.*

9   *Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).   "[T]his policy is to be

10  applied with extreme liberality." *Id.; (see also* Motion at 7 (setting forth the four factors a district

11  court considers when deciding to grant leave to amend).)   In their Response, Plaintiffs do not

12  contest that Thomson SA has satisfied the Ninth Circuit's liberal standards for obtaining leave to

13  amend its answers and note that they are "pleased" Thomson SA has decided to withdraw this

14  defense.  (Resp. at 1.)   Therefore, it is undisputed that Thomson SA should be granted leave to

15  amend its answers to drop its personal jurisdiction defense.

16  **B.      Plaintiffs Are Not Entitled To Expensive and Burdensome Discovery Regarding
             Thomson SA's Withdrawn Personal Jurisdiction Defense.**

17

18          Unable to contest that Thomson SA is entitled to amend its answers, Plaintiffs instead

19  argue that in spite of this amendment they are entitled to require Thomson SA to conduct

20  expensive and burdensome discovery that is not relevant to the pending claim or defense of any

21  party in this action, but which may be useful, if at all, in potential future foreign enforcement

22  proceedings.  Plaintiffs ignore, however, their prior representations to this Court that "documents

23  solely in category 2 are unnecessary if Thomson SA concedes personal jurisdiction – a fact that

24  Plaintiffs included in their motion to the Discovery Master … and that Plaintiffs continue to fully

25  embrace …."   (DAPs' Reply in Support of Their Motion to Enforce the Court's Order re:

26  Thomson Discovery by Imposing Deadline on Thomson's Production of Documents [Dkt. No.

27  3120] at 6.)   Thomson SA has now conceded this Court's specific personal jurisdiction, and

28

Plaintiffs are estopped from turning about face and insisting on discovery they previously conceded was unnecessary.

Estoppel aside, Plaintiffs cite no authority that allows them to conduct pre-trial discovery related solely to enforcement proceedings, because, as noted in Thomson SA's Motion, such discovery is uniformly out-of-bounds. *See Sierrapine v. Refiner Products Mfg., Inc.*, 275 F.R.D. 604, 609-10 (E.D. Cal. 2011) (collecting cases and noting that "district courts across the country generally do not allow pre-judgment discovery regarding a defendant's financial condition or ability to satisfy a judgment . . . on the grounds that such discovery is not relevant to the parties' claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence"); *Mack Boring & Parts Co. v. Novis Marine, Ltd.*, No. CIV A 06-2692(HAA), 2008 WL 5136955, at *2 (D.N.J. Dec. 5, 2008) ("Indeed, the law is virtually uniform on this point."). Plaintiffs suggest that such authority is "irrelevant" because the potential obstacles to collecting an eventual judgment are "jurisdictional," rather than financial, but fail to grapple at all with the *reason* such discovery is not ordinarily permitted: matters relevant solely to enforcement of a judgment are simply not relevant to any claim or defense in the action and are not reasonably calculated to lead to the discovery of admissible evidence. *See Sierrapine*, 275 F.R.D. at 609. Quite simply, the discovery Plaintiffs seek is no longer related to any active claim or defense, and is thus outside the scope of discovery under Rule 26.

Nor does Plaintiffs' suggestion that they may use Rule 69 to obtain enforcement-related discovery now make any sense.  Rule 69 entitles only a *judgment creditor*—a status Plaintiffs have not achieved and may never achieve, notwithstanding their bluster—to obtain execution-related discovery. *See* Fed. R. Civ. P 69(a)(2).  Courts have long recognized that the time for taking discovery in the aid of the judgment or execution is *after* judgment enters. *See Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974) (denying pre-trial discovery regarding enforcement

of potential judgment and noting that "[t]he defendant will have ample opportunity for discovery under Rule 69 F.R.Civ.P. if it obtains judgment"); *Mack Boring & Parts Co.*, 2008 WL 5136955, at *2 (denying motion to compel enforcement-related discovery and holding that "[a]s a legal (if technical) matter, [Plaintiff] must wait until final judgment is entered to seek the discovery it wishes").  Plaintiffs may only obtain execution-related discovery after they obtain a judgment.[1]

Finally, requiring Thomson SA to conduct expansive discovery now regarding matters that may or may not be relevant during potential future foreign enforcement proceedings imposes unnecessary costs and burdens on Thomson SA.  At this juncture it remains unknown if Plaintiffs will obtain a judgment against Thomson SA, if Thomson SA will prevail at trial, or if Thomson SA will reach a settlement with Plaintiffs before trial begins that resolves their claims against it.  Moreover, even if Plaintiffs obtain a judgment against Thomson SA, it remains unknown whether or in which foreign jurisdictions they will attempt to enforce their judgment against it and precisely what disputed legal and factual issues will be relevant to those proceedings.  Accordingly, there is absolutely no basis to conclude that the discovery Plaintiffs seek will ever become necessary, let alone that the scope of that discovery is appropriately tailored.  What is known for certain, however, is that now that Thomson SA has dropped its personal jurisdiction defense, documents and testimony related solely to the Plaintiffs' Category 2 discovery requests are not relevant to the claim or defense of any party in this action.  *See* DAPs' Motion to Compel, attached as **Ex. 15** to Thomson SA's Motion, at 4 n. 9 (stating that it would be unnecessary for DAPs to discover Category 2 documents "[i]f Thomson SA concedes that this court has personal jurisdiction over it."); *see also* Fed. R. Civ. P. 26 (b)(1).  Accordingly, the Court should enter an

---

[1] Thomson SA does not concede that all (or any of) the Category 2 requests are relevant to judgment enforcement.  But the time to address that issue, if at all, is after Plaintiffs obtain a judgment.

1    order relieving Thomson SA of any obligation to produce documents and testimony related solely

2    to the Plaintiffs' Category 2 discovery requests.

3    **C.    Plaintiffs' Request for a "Novel" Anti-Suit Injunction is Unnecessary and Wholly
            Without Basis.**

4

5           Realizing that there is no basis in the Federal Rules of Civil Procedure for judgment-

6    enforcement related discovery they "fully embrace[d]" as unnecessary, Plaintiffs grasp at straws

7    for a remedy they concede is "novel" and "drastic" – namely, an injunction prohibiting "Thomson

8    from later arguing elsewhere that this Court lacks jurisdiction over it…."  (Resp. at 4-5.)  As a

9    threshold matter, this remedy is both premature, because Plaintiffs have not secured a judgment,

10   and unnecessary, because, as stated above, Thomson SA is dropping its personal jurisdiction

11   defense and will not contest in this or any other proceeding that it was subject to this Court's

12   specific personal jurisdiction in this action.  But even if Thomson SA intended to later contest this

13   Court's specific personal jurisdiction, which it does not, there is no basis for this Court to

14   interfere with speculative future foreign judgment enforcement proceedings.  Plaintiffs do not

15   come remotely close to satisfying the stringent standards for an anti-suit injunction, and their

16   request should be denied.

17

18          Plaintiffs are correct about one thing – an anti-suit injunction is a drastic measure that is

19   used sparingly.  *E. & J. Gallo Winery v. Andina Licores S.A.,* 446 F.3d 984, 989 (9th Cir. 2006)

20   (anti-suit injunction is a "power [that] should be used sparingly.  The issue is not one of

21   jurisdiction, but one of comity."); *Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren*,

22   361 F.3d 11, 18 (1st Cir. 2004) (recognizing "rebuttable presumption against issuing international

23   antisuit injunctions" out of respect "for principles of international comity."); *Laker Airways Ltd.*

24   *v. Sabena Belgian World Airlines,* 731 F.2d 909, 927 (D.C. Cir. 1984) (stating that anti-suit

25   injunctions should be granted "only in the most compelling circumstances.").

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Here, there are no compelling circumstances warranting an anti-suit injunction.  Critically, this sparingly-used power is not even considered when, as in this case, there is an absence of parallel local and foreign actions between the same parties over the same claim.[2]  *Microsoft Corp. v. Motorala, Inc.,* 696 F.3d 872, 882 (9th Cir. 2012) (citing *Quaak*, 361 F.3d at 17 ("The gatekeeping inquiry is, of course, whether parallel suits involve the same parties and issues. Unless that condition is not met, a court should ordinarily go no further and refuse the issuance of an international antisuit injunction . . . . If – and only if – this threshold condition is satisfied should the court proceed to consider all the facts and circumstances in order to decide whether an injunction is proper."); *see also E. & J. Gallo Winery,* 446 F.3d at 991 (stating that "courts will not consider issuing anti-suit injunctions in the absence of parallel local and foreign actions between the same parties over the same claim.") (internal citation omitted).  Plaintiffs cite to no legal authority – and Thomson SA is unaware of any – that justifies departing from this clearly established legal standard.   Here, Plaintiffs' request fails at the starting gate because there is no currently pending parallel foreign action between the same parties over the same claims at issue in this case in any other jurisdiction in the world.  Accordingly, this Court should go no further

---

[2] The Ninth Circuit has established a three-part inquiry for assessing if an international anti-suit injunction is appropriate.  First, a court determines "whether or not the parties and the issues are the same in both the domestic and foreign actions and whether or not the first action is dispositive of the action to be enjoined."  *Microsoft Corp. v. Motorola, Inc.,* 696 F.3d 872, 881 (9th Cir. 2012).  Second, the court determines if at least one of the so-called *Unterweser* factors applies. *Id.*  "The *Untweser* factors are a disjunctive list of considerations that may justify a foreign anti-suit injunction."  *Id.*   These factors include: "whether the foreign litigation would (1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's *in rem* or *quasi in rem* jurisdiction; or (4) where the proceedings prejudice other equitable considerations."  *Id.* at 882.  Third, the court determines "whether the injunction's impact on comity is tolerable."  *Id.* at 881.

1   and should refuse to issue an order regarding a speculative future enforcement action in an

2   unknown foreign jurisdiction.[3]

3        Although the inquiry should end because there are no pending parallel proceedings,

4   Plaintiffs also have failed to establish that they have satisfied one of the *Unterweser* factors.

5   Plaintiffs cannot show that an important policy of the United States will be frustrated if this Court

6   declines to issue an injunction limiting Thomson SA's ability to contest the enforceability of a

7   judgment if one is ever secured.  Instead, Plaintiffs merely assert that "it is in the public interest

8   that this Court protect its jurisdiction and prevent Thomson from prejudicing Plaintiffs."  (Resp.

9   at 6.)  Plaintiffs' unsubstantiated argument misses the mark.  As explained above, unlike in cases

10  where the Ninth Circuit has found international injunctions warranted, subsequent potential

11  foreign enforcement proceedings do not threaten this Court's jurisdiction because they will not

12  interfere with this Court's ability to render a decision on the merits.  *See e.g., E. & J. Gallo*

13  *Winery,* 446 F.3d at 992-93; *Microsoft Corp.,* 696 F.3d at 886.   Nor is Thomson SA's

14  unwillingness to forego its right to challenge the enforceability of any judgment in a foreign

15  jurisdiction on grounds other than specific personal jurisdiction vexatious, oppressive or

16  inequitable.  It merely seeks to preserve its rights to challenge the enforceability of any judgment

17  entered against it under the law of any applicable foreign jurisdiction.  This is no way prejudices

---

18  [3] Even if Plaintiffs could show the existence of parallel proceedings, they would also have to
19  show that the issues before this Court are dispositive of the issues in dispute in the foreign action.
20  But the only possible foreign action Plaintiffs identify is a speculative one that may or may not
21  occur if Plaintiffs succeed in securing a judgment against Thomson SA at trial.  Even if that
22  happens, this action will not be dispositive of a French judgment enforcement action.  That is
23  because "French recognition of a United States judgment is determined with reference solely to
24  French law."   *In re Vivendi Securities Litig.,* 242 F.R.D. 76, 96 (S.D. N.Y. 2007).  As such,
25  because French *exequatur* proceedings are concerned with the enforceability of a foreign
26  judgment under French law, and not with the substance of the underlying dispute, the action
27  currently pending before this Court is not dispositive of a potential French enforcement action.  *In*
    *re Vivendi Securities Litig.,* 242 F.R.D. at 96; *In re Alstom Securities Litig.*, 253 F.R.D. 266, 283
28  (S.D.N.Y. 2008).

this Court or the Plaintiffs, whose enforcement rights under the laws of still underdetermined foreign jurisdictions are more properly adjudicated by those same foreign jurisdictions if Plaintiffs obtain a judgment against Thomson SA.

Finally, the issuance of an injunction imposes an intolerable impact on comity. "Comity summarizes in a brief word a complex and elusive concept – the degree of deference that a domestic forum must pay to the act of a foreign government not otherwise binding on the forum." *E. & J. Gallo Winery,* 446 F.3d at 995. However, "the obligation of comity expires when the strong public policies of the forum are vitiated by a foreign act." *Id.* Neither Thomson SA nor the French state have undertaken actions that justify issuing an order that prematurely interferes with a potential enforcement proceeding in France if Plaintiffs ever secure a judgment against Thomson SA. Whether a judgment entered by this Court, if one is ever secured, is enforceable against Thomson SA under French law would be the subject of exequatur proceedings that are concerned with the enforceability of a foreign decision under French law, not with the merits of the underlying dispute. *In re Vivendi Securities Litig.,* 242 F.R.D. at 96. As part of these proceedings, a French court would independently apply French decisional law to determine if the judgment of this Court is enforceable in France. *In re Alstom Securities Litig.,* 253 F.R.D. at 283. By issuing an injunction now about what arguments Thomson SA may not raise in such a proceeding, this Court would be interfering with a proceeding governed by French law that does not threaten this Court's ability to render a judgment in this action based on little more than Plaintiffs' unsubstantiated speculation that (1) the French Court will not adequately protect Plaintiffs' rights under French law and (2) Thomson SA will at some point in the future assert arguments Plaintiffs claim will be prejudicial to them in that foreign proceeding. By unilaterally and prematurely interfering with a potential foreign action on such a flimsy basis the Court would

1
2

impose an intolerable impact on comity.  *E. & J. Gallo Winery,* 446 F.3d at 995 (noting that "comity serves our international system like the mortar which cements together a brick house.").

3
4
5
6
7
8

Plaintiffs cannot come remotely close to satisfying the stringent standards for a novel, drastic anti-suit injunction that is entirely unnecessary because Thomson SA is dropping its personal jurisdiction defense and will no longer contest this Court's specific personal jurisdiction over Thomson SA in this action or any potential judgment-enforcement proceeding. Accordingly, Plaintiffs' request should be summarily rejected.

9

## **CONCLUSION**

10
11
12
13
14

For the reasons discussed above, Thomson SA respectfully requests that the Court reject Plaintiffs' overreaching, grant Thomson SA's Motion for Leave to File Amended Answers, and order that Thomson SA, having amended its answers, be relieved of its obligation to produce documents and testimony related solely to the Plaintiffs' Category 2 discovery requests.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    Dated:  December 30, 2014                Respectfully submitted,

2

3                                          /s/ Kathy L. Osborn

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203
Telephone: +1-303-607-3500
Facsimile:  +1-303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1-650-324-6700
Facsimile: +1-650-324-6701
calvin.litsey@FaegreBD.com

**Attorneys for Defendant Thomson SA**