JEFFREY L. KESSLER (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-005723;<br><br>*Crago, d/b/a Dash Computers, Inc. et al., v. Mitsubishi Electric Corporation, et al.*, No. 14-cv-02058; | Case No. 07-5944 SC<br><br>MDL. No. 1917<br><br>**DECLARATION OF JENNIFER M. STEWART IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL PLAINTIFFS' RESPONSE IN OPPOSITION TO TECHNOLOGIES DISPLAYS AMERICAS LLC'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)**<br><br>**[re Panasonic Documents in Dkt. 3253]** |

1

1  *Electrograph Systems, Inc., et. al. v. Technicolor SA, et al.*, No. 13-cv-05724;
2  
3  *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;
4  *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;
5  
6  *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;
7  *Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;
8  
9  *Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;
10 *Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-01173;
11 
12 *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;
13 *Target Corp., v. Technicolor SA, et al.*, No. 13-cv-05686.

2

DECL. OF JENNIFER M. STEWART ISO PLS.' ADMIN. MOTION TO FILE UNDER SEAL

Case No. 07-5944 SC
MDL NO. 1917

I, Jennifer M. Stewart, declare as follows:

1. I am an attorney with Winston & Strawn LLP, counsel for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On December 23, 2014, Plaintiffs filed an Administrative Motion to Seal (Dkt. 3253), and lodged conditionally under seal, the following documents pursuant to Civil Local Rules 7-11 and 79(b):

   (a) Portions of Plaintiffs' Response in Opposition to Defendant Technologies Displays Americas LLC's Motion for Summary Judgment ("Plaintiffs' Opposition"); and

   (b) Certain Exhibits attached to the Declaration of Robert S. Safi in Support of Plaintiffs' Opposition ("Safi Declaration").

3. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal (i) Exhibits 32, 33, and 34 to the Safi Declaration that have been designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order; and (ii) portions of Plaintiffs' Opposition that reference information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants under the terms of the Stipulated Protective Order.

4. Attached as Exhibit 32 to the Safi Declaration is a copy of a document produced by the Panasonic Defendants in this litigation bearing bates number MTPD-0410018, and a certified English translation of the same, designated by the Panasonic Defendants as "Confidential" under the Stipulated Protective Order.

1      5.      Upon information and belief, the document appearing in Exhibit 32 to the Safi Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' internal business practices. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

6.      Attached as Exhibit 33 to the Safi Declaration is a copy of a certified English translation of a document produced by the Panasonic Defendants in this litigation bearing bates numbers MTPD-0410020E to MTPD-0410021E, designated by the Panasonic Defendants as "Confidential" under the Stipulated Protective Order.

7.      Upon information and belief, the document appearing in Exhibit 33 to the Safi Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential information about the Panasonic Defendants' business practices, sales strategies, and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

8.      Attached as Exhibit 34 to the Safi Declaration is a copy of a certified English translation of a document produced by the Panasonic Defendants in this litigation bearing bates numbers MTPD-0479599E to MTPD-0479601E, designated by the Panasonic Defendants as "Confidential" under the Stipulated Protective Order.

9.      Upon information and belief, the document appearing in Exhibit 34 to the Safi Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The document contains, cites, and/or identifies confidential

information about the Panasonic Defendants' business practices, sales strategies, and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

10. The Plaintiffs Opposition consists of, cites to, or identifies confidential, nonpublic, proprietary, and highly sensitive business information about the Panasonic Defendants' business practices, pricing practices, confidential business agreements and competitive positions. Specifically, pages 9 and 10 of the Opposition describe documents or information designated as "Confidential" or "Highly Confidential" by the Panasonic Defendants pursuant to the Stipulated Protective Order, including but not limited to Exhibits 32, 33, and 34 to the Safi Declaration. As with the exhibits themselves, I understand that the Panasonic Defendants consider any statements in the Opposition purporting to summarize the exhibits or any other documents or information designated as "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in the Opposition and Exhibits 32, 33, and 34 to the Safi Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 31, 2014

By: /s/ *Jennifer M. Stewart*
JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
JENNIFER M. STEWART (*pro hac vice*)
Email: jstewart@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700

Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*