1  JEFFREY L. KESSLER (*pro hac vice*)
   EVA W. COLE (*pro hac vice*)
2  MOLLY M. DONOVAN (*pro hac vice*)
   WINSTON & STRAWN LLP
3  200 Park Avenue
   New York, New York 10166-4193
4  Telephone: (212) 294-6700
   Facsimile: (212) 294-4700
5  Email: jkessler@winston.com

6
   STEVEN A. REISS (*pro hac vice*)
7  DAVID L. YOHAI (*pro hac vice*)
   ADAM C. HEMLOCK (*pro hac vice*)
8  WEIL, GOTSHAL & MANGES LLP
   767 Fifth Avenue
9  New York, New York 10153-0119
   Telephone:  (212) 310-8000
10 Facsimile:  (212) 310-8007
   Email: steven.reiss@weil.com
11

12 *Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd.,
   and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*
13

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL. No. 1917<br><br>**DECLARATION OF SOFIA ARGUELLO IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL THEIR OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED UPON PLAINTIFFS' PURPORTED FAILURE TO DISTINGUISH BETWEEN ACTIONABLE AND NON-ACTIONABLE DAMAGES UNDER THE FTAIA; AND DIRECT ACTION PLAINTIFFS' OPPOSITION TO THE LGE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON FTAIA GROUNDS**<br><br>**[re Panasonic Documents in Dkt. 3272]** |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS<br><br>*Electrograph Sys., Inc., et al. v. Hitachi Ltd., et al.,* No. 11-cv-01656;<br><br>*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264; | |

*Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Interbond Corp. of Am. v. Hitachi, et al.*, No. 11-cv-06275;

*Interbond Corp. of Am. v. Technicolor SA, et al.,* No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*CompuCom Systems, Inc. v. Hitachi, Ltd. et al.*, No. 11-cv-06396;

*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

*Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corp., et al.*, No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:14-cv-02510;

*Dell Inc., et al. v. Hitachi Ltd. et al.,* No. 13-cv-02171.

DECL. OF SOFIA ARGUELLO
I/S/O PLAINTIFFS' MOTION TO SEAL

Case No. 07-5944 SC
MDL NO. 1917

1  I, Sofia Arguello, declare as follows:

2      1.    I am an attorney with Winston & Strawn LLP, counsel for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

    2.    On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On December 23, 2014, Direct Action Plaintiffs and Indirect Purchaser Plaintiffs (collectively, "Plaintiffs") filed an Administrative Motion to Seal (Dkt. 3272), and lodged conditionally under seal, the following documents pursuant to Civil Local Rules 7-11 and 79-5(d):

    (a) Portions of Direct Action Plaintiffs' and Indirect Purchaser Plaintiffs' Opposition to Defendants' Motion for Summary Judgment Based Upon Plaintiffs' Purported Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA; and Direct Action Plaintiffs' Opposition to the LGE Defendants' Motion for Partial Summary Judgment on FTAIA Grounds (the "Opposition"); and

    (b) Certain Exhibits to the Declaration of Philip J. Iovieno in Support of the Opposition (the "Iovieno Declaration").

    3.    Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal (i) Exhibits 2, 3, 5, 8, 9, 12, 13, 18, and 28 to the Iovieno Declaration that have been designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order; and (ii) portions of the Opposition that references information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants under the terms of the Stipulated Protective Order.

- 1 -

DECL. OF SOFIA ARGUELLO  
I/S/O PLAINTIFFS' MOTION TO SEAL

Case No. 07-5944 SC  
MDL NO. 1917

<s>

</s>
<s>
</s>

<s>
</s>
<s>4. Attached as Exhibit 2 to the Iovieno Declaration is a copy of an excerpt of the Expert Report of Dr. Kenneth G. Elzinga, dated April 15, 2014 and designated "Highly Confidential" pursuant to the Stipulated Protective Order. Exhibit 2 references documents designated by the Panasonic Defendants as "Confidential."</s>

5. Upon information and belief, the documents referenced in Exhibit 2 to the Iovieno Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

6. Attached as Exhibit 3 to the Iovieno Declaration is a copy of an excerpt of the Expert Rebuttal Report of Dr. Kenneth G. Elzinga, dated September 26, 2014 and designated "Highly Confidential" pursuant to the Stipulated Protective Order. Exhibit 3 references documents designated by the Panasonic Defendants as "Confidential."

7. Upon information and belief, the documents referenced in Exhibit 3 to the Iovieno Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

8. Attached as Exhibit 5 to the Iovieno Declaration is a copy of an excerpt of the Expert Report of Janet S. Netz, PH.D., dated April 15, 2014 and designated "Highly Confidential" pursuant to the Stipulated Protective Order. Exhibit 5 references documents designated by the Panasonic Defendants as "Confidential."

1  9. Upon information and belief, the documents referenced in Exhibit 5 to the Iovieno Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

10. Attached as Exhibit 8 to the Iovieno Declaration is a copy of an excerpt of the Expert Rebuttal Report of Dr. Kenneth G. Elzinga, dated September 26, 2014 and designated "Highly Confidential" pursuant to the Stipulated Protective Order. Exhibit 8 references documents designated by the Panasonic Defendants as "Confidential."

11. Upon information and belief, the documents referenced in Exhibit 8 to the Iovieno Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

12. Attached as Exhibit 9 to the Iovieno Declaration is a copy of an excerpt of the Expert Report of Janet S. Netz, PH.D., dated April 15, 2014 and designated "Highly Confidential" pursuant to the Stipulated Protective Order. Exhibit 9 references excerpts and documents designated by the Panasonic Defendants as "Confidential" or "Highly Confidential."

13. Upon information and belief, the transcript excerpts and documents referenced in Exhibit 9 to the Iovieno Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic

DECL. OF SOFIA ARGUELLO                                        Case No. 07-5944 SC
I/S/O PLAINTIFFS' MOTION TO SEAL                               MDL NO. 1917

Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

14. Attached as Exhibit 12 to the Iovieno Declaration is a copy of an excerpt of the Expert Rebuttal Report of Dr. James T. McClave, dated September 26, 2014 and designated "Highly Confidential" pursuant to the Stipulated Protective Order. Exhibit 12 references documents designated by the Panasonic Defendants as "Highly Confidential."

15. Upon information and belief, the documents referenced in Exhibit 12 to the Iovieno Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

16. Attached as Exhibit 13 to the Iovieno Declaration is a copy of an excerpt of the Expert Report of Mohan Rao, PH.D., dated April 15, 2014 and designated "Highly Confidential" pursuant to the Stipulated Protective Order. Exhibit 13 references documents designated by the Panasonic Defendants as "Confidential."

17. Upon information and belief, the documents referenced in Exhibit 13 to the Iovieno Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

18. Attached as Exhibit 18 to the Iovieno Declaration is a copy of an excerpt of the Expert Report of Janet S. Netz, PH.D., dated April 15, 2014 and designated "Highly Confidential"

1  pursuant to the Stipulated Protective Order. Exhibit 18 references documents designated by the
2  Panasonic Defendants as "Confidential."

3   19.   Upon information and belief, the documents referenced in Exhibit 18 to the Iovieno
4  Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly
5  sensitive business information about the Panasonic Defendants' internal business practices and
6  competitive position. I am informed and believe that this is sensitive information and public
7  disclosure of this information presents a risk of undermining the Panasonic Defendants' business
8  relationships, would cause it harm with respect to its competitors and customers, and would put the
9  Panasonic Defendants at a competitive disadvantage.

10   20.   Attached as Exhibit 28 to the Iovieno Declaration is a copy of Panasonic Defendants'
11  Objections and Responses to Direct Action Plaintiffs' First Set of Requests for Admission,
12  designated by the Panasonic Defendants as "Confidential" under the Stipulated Protective Order.

13   21.   Upon information and belief, the Objections and Responses referenced in Exhibit 28
14  to the Iovieno Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and
15  highly sensitive business information about the Panasonic Defendants' internal practices, sales
16  practices, business practices and competitive position. I am informed and believe that this is
17  sensitive information and public disclosure of this information presents a risk of undermining the
18  Panasonic Defendants' business relationships, would cause it harm with respect to its competitors
19  and customers, and would put the Panasonic Defendants at a competitive disadvantage.

20   22.   The Opposition consists of, cites to, and/or identifies confidential, nonpublic,
21  proprietary, and highly sensitive business information about the Panasonic Defendants' business
22  practices, pricing practices, sales practices, and competitive positions. Specifically, page 30 of the
23  Motion describes information designated as "Confidential" or "Highly Confidential" by the
24  Panasonic Defendants pursuant to the Stipulated Protective Order, including but not limited to
25  Exhibit 28 to the Iovieno Declaration. As with the exhibits themselves, I understand that the
26  Panasonic Defendants consider any statements in the Motion purporting to summarize the exhibits or
27  any other documents or information designated as "Confidential" or "Highly Confidential" by the

28

- 5 -

DECL. OF SOFIA ARGUELLO  
I/S/O PLAINTIFFS' MOTION TO SEAL

Case No. 07-5944 SC  
MDL NO. 1917

1  Panasonic Defendants confidential and proprietary.  I am informed and believe that the Panasonic
2  Defendants have taken reasonable steps to preserve the confidentiality of information of the type
3  contained, identified, or cited to in the Opposition and Exhibits 2, 3, 5, 8, 9, 12, 13, 18 and 28 to the
4  Iovieno Declaration.

5        I declare under penalty of perjury that the foregoing is true and correct.

7  DATED:  December 31, 2014          By:  /s/ *Sofia Arguello*
      JEFFREY L. KESSLER (*pro hac vice*)
      Email: jkessler@winston.com
      ALDO A. BADINI (257086)
      Email: abadini@winston.com
      EVA W. COLE (*pro hac vice*)
      Email: ewcole@winston.com
      MOLLY M. DONOVAN (*pro hac vice*)
      Email: mmdonovan@winston.com
      SOFIA ARGUELLO (*pro hac vice*)
      Email:  sarguello@winston.com
      **WINSTON & STRAWN LLP**
      200 Park Avenue
      New York, New York 10166-4193
      Telephone: (212) 294-6700
      Facsimile: (212) 294-4700

      STEVEN A. REISS (*pro hac vice*)
      Email: steven.reiss@weil.com
      DAVID L. YOHAI (*pro hac vice*)
      Email: david.yohai@weil.com
      ADAM C. HEMLOCK (*pro hac vice*)
      Email: adam.hemlock@weil.com
      **WEIL, GOTSHAL & MANGES LLP**
      767 Fifth Avenue
      New York, New York 10153-0119
      Telephone:  (212) 310-8000
      Facsimile:  (212) 310-8007

      *Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

DECL. OF SOFIA ARGUELLO                                                         Case No. 07-5944 SC
I/S/O PLAINTIFFS' MOTION TO SEAL                              MDL NO. 1917