JEFFREY L. KESSLER (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL. No. 1917<br><br>**DECLARATION OF SOFIA ARGUELLO IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THEIR OPPOSITION TO PANASONIC'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)**<br><br>[re Panasonic Documents in Dkt. 3248] |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS<br><br>*Sharp Electronics Corp. et al. v. Hitachi Ltd., et al.*, No. 13-cv-01173;<br><br>*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc. et al. v. Technicolor SA, et* | |

1  *al.*, No. 13-cv-05724;

2  *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;

3  *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

4  *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

5  *Best Buy Co., Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

6

7  *Target Corp. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 11-cv-055144;

8  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

9

10  *Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

11  *Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

12

13  *Interbond Corp. of America v. Hitachi, et al.*, No. 11-cv-06275;

14  *Interbond Corp. of America v. Technicolor SA, et al.*, No. 3:13-cv-05727;

15

16  *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

17  *Office Depot, Inc. v. Technicolor SA, et al.*, No. 3:13-cv-05726;

18

19  *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

20  *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

21

22  *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

23  *Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

24

25  *Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

26  *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157.

27

28

DECL. OF SOFIA ARGUELLO
I/S/O PLAINTIFFS' MOTION TO SEAL

Case No. 07-5944 SC
MDL NO. 1917

I, Sofia Arguello, declare as follows:

1. I am an attorney with Winston & Strawn LLP, counsel for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On December 23, 2014, the Indirect-Purchaser Plaintiffs and the above-captioned Direct Action Plaintiffs (collectively, "Plaintiffs") filed an Administrative Motion to Seal (Dkt. 3248), and lodged conditionally under seal, the following documents pursuant to Civil Local Rules 7-11 and 79-5(d):

>  (a) Portions of Plaintiffs' Joint Opposition to Panasonic Corporation and Panasonic Corporation of North America's Motion for Summary Judgment (the "Opposition"); and
>
>  (b) Certain Exhibits attached to the Declaration of Philip Iovieno in Support of the Opposition (the "Iovieno Declaration").

3. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal (i) Exhibits 2, 7, 8, 14, 20, 21, 22, 24, and 25 to the Iovieno Declaration that have been designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order; and (ii) portions of the Opposition that reference information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants under the terms of the Stipulated Protective Order.

4. Attached as Exhibit 2 to the Iovieno Declaration is a copy of the Expert Report of Janet S. Netz, PH.D., dated April 15, 2014 and designated "Highly Confidential" pursuant to the

- 1 -

1  Stipulated Protective Order.  Exhibit 2 references documents, excerpts and testimony designated by
2  Panasonic Defendants as "Confidential" or "Highly Confidential."

3        5.      Upon information and belief, the documents and information quoted from, described,
4  or otherwise summarized in Exhibit 2 to the Iovieno Declaration consist of, cite to, and/or identify
5  confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic
6  Defendants' internal practices, business practices and competitive position.  I am informed and
7  believe that this is sensitive information and public disclosure of this information presents a risk of
8  undermining the Panasonic Defendants' business relationships, would cause it harm with respect to
9  its competitors and customers, and would put the Panasonic Defendants at a competitive
10 disadvantage.

11       6.      Attached as Exhibit 7 to the Iovieno Declaration are excerpts from the May 8, 2014
12 deposition of Chih-Yen Hsu, a witness for the Panasonic Defendants, designated by the Panasonic
13 Defendants as "Highly Confidential" under the Stipulated Protective Order.

14       7.      Upon information and belief, the transcript excerpts appearing in Exhibit 7 to the
15 Iovieno Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly
16 sensitive business information about the Panasonic Defendants' internal practices, sales practices,
17 business practices and competitive position.  I am informed and believe that this is sensitive
18 information and public disclosure of this information presents a risk of undermining the Panasonic
19 Defendants' business relationships, would cause it harm with respect to its competitors and
20 customers, and would put the Panasonic Defendants at a competitive disadvantage.

21       8.      Attached as Exhibit 8 to the Iovieno Declaration are excerpts from the March 12,
22 2014 deposition of Yu-Hao Zhang, A/K/A Allen Chang, a witness for the Panasonic Defendants,
23 designated by the Panasonic Defendants as "Highly Confidential" under the Stipulated Protective
24 Order.

25       9.      Upon information and belief, the transcript excerpts appearing in Exhibit 8 to the
26 Iovieno Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly
27 sensitive business information about the Panasonic Defendants' internal practices, sales practices,
28

DECL. OF SOFIA ARGUELLO  
I/S/O PLAINTIFFS' MOTION TO SEAL

Case No. 07-5944 SC  
MDL NO. 1917

business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

10. Attached as Exhibit 14 to the Iovieno Declaration is a copy of excerpts from the Expert Report of Dr. Darrell Williams, dated August 5, 2014 and designated by the Panasonic Defendants as "Highly Confidential" pursuant to the Stipulated Protective Order.

11. Upon information and belief, the information described, or otherwise summarized in Exhibit 14 to the Iovieno Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information would put the Panasonic Defendants at a competitive disadvantage.

12. Attached as Exhibit 20 to the Iovieno Declaration is a copy of the Expert Rebuttal Report of Dr. Kenneth G. Elzinga, dated September 26, 2014 and designated "Highly Confidential" pursuant to the Stipulated Protective Order. Exhibit 20 references documents, excerpts and testimony designated by Panasonic Defendants as "Confidential" or "Highly Confidential."

13. Upon information and belief, the documents and information quoted from, described, or otherwise summarized in Exhibit 20 to the Iovieno Declaration consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' internal practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

14. Attached as Exhibit 21 to the Alioto Declaration is a copy of a document produced by the Panasonic Defendants in this litigation bearing bates numbers MTPDA_SEC-0225499 through

1  MTPDA_SEC-0225587, designated by the Panasonic Defendants as "Confidential" under the
2  Stipulated Protective Order.

3      15.    Upon information and belief, the document referenced in Exhibit 21 to the Iovieno
4  Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly
5  sensitive business information about the Panasonic Defendants' internal practices, sales practices
6  and business practices.  I am informed and believe that this is sensitive information and public
7  disclosure of this information presents a risk of undermining the Panasonic Defendants' business
8  relationships, would cause it harm with respect to its competitors and customers, and would put the
9  Panasonic Defendants at a competitive disadvantage.

10      16.    Attached as Exhibit 22 to the Iovieno Declaration is a copy of the Panasonic
11  Defendants' Supplemental Responses to the Indirect Purchaser Plaintiffs' First Set of Interrogatories
12  to Panasonic Defendants, dated October 10, 2014.  Exhibit 22 contains information designated by
13  Panasonic Defendants as "Confidential" or "Highly Confidential."

14      17.    Upon information and belief, the information described or otherwise summarized in
15  Exhibit 22 to the Iovieno Declaration consists of, cites to, and/or identifies confidential, nonpublic,
16  proprietary and highly sensitive business information about the Panasonic Defendants' internal
17  practices, business practices and competitive position.  I am informed and believe that this is
18  sensitive information and public disclosure of this information presents a risk of undermining the
19  Panasonic Defendants' business relationships, would cause it harm with respect to its competitors
20  and customers, and would put the Panasonic Defendants at a competitive disadvantage.

21      18.    Attached as Exhibit 24 to the Iovieno Declaration is a copy of the Rebuttal Expert
22  Report of Janet S. Netz, PH.D., dated September 26, 2014 and designated "Highly Confidential"
23  pursuant to the Stipulated Protective Order.  Exhibit 24 references documents, excerpts and
24  testimony designated by Panasonic Defendants as "Confidential" or "Highly Confidential."

25      19.    Upon information and belief, the documents and information quoted from, described,
26  or otherwise summarized in Exhibit 24 to the Iovieno Declaration consist of, cite to, and/or identify
27  confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic

28

- 4 -

1  Defendants' internal practices, business practices and competitive position. I am informed and
2  believe that this is sensitive information and public disclosure of this information presents a risk of
3  undermining the Panasonic Defendants' business relationships, would cause it harm with respect to
4  its competitors and customers, and would put the Panasonic Defendants at a competitive
5  disadvantage.

6  20.  Attached as Exhibit 25 to the Iovieno Declaration is a copy of the Expert Report of
7  Edward A. Snyder, dated August 5, 2014 and designated "Highly Confidential" pursuant to the
8  Stipulated Protective Order. Exhibit 25 references documents, excerpts and testimony designated by
9  Panasonic Defendants as "Confidential" or "Highly Confidential."

10  21.  Upon information and belief, the documents and information quoted from, described,
11  or otherwise summarized in Exhibit 25 to the Iovieno Declaration consist of, cite to, and/or identify
12  confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic
13  Defendants' internal practices, business practices and competitive position. I am informed and
14  believe that this is sensitive information and public disclosure of this information presents a risk of
15  undermining the Panasonic Defendants' business relationships, would cause it harm with respect to
16  its competitors and customers, and would put the Panasonic Defendants at a competitive
17  disadvantage.

18  22.  The Opposition consists of, cites to, and/or identifies confidential, nonpublic,
19  proprietary, and highly sensitive business information about the Panasonic Defendants' business
20  practices, pricing practices, confidential business agreements and competitive positions.
21  Specifically, pages i, ii, 1-2, 4 through 15, and 17 through 25 of the Opposition describe documents
22  or information designated as "Confidential" or "Highly Confidential" by the Panasonic Defendants
23  pursuant to the Stipulated Protective Order, including but not limited to Exhibit 2, 7, 8, 14, 20, 21,
24  22, 24, and 25 to the Iovieno Declaration. As with the Exhibits themselves, I understand that the
25  Panasonic Defendants consider any statements in the Opposition purporting to summarize the
26  exhibits or any other documents or information designated as "Confidential" or "Highly
27  Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe

28

- 5 -

DECL. OF SOFIA ARGUELLO                                         Case No. 07-5944 SC
I/S/O PLAINTIFFS' MOTION TO SEAL                                MDL NO. 1917

1  that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of
2  information of the type contained, identified, or cited to in the Opposition and Exhibits 2, 7, 8, 14,
3  20, 21, 22, 24, and 25 to the Iovieno Declaration.
4     I declare under penalty of perjury that the foregoing is true and correct.

6  DATED:  December 31, 2014                 By:  /s/ *Sofia Arguello*
                                             JEFFREY L. KESSLER (*pro hac vice*)
7                                            Email: jkessler@winston.com
                                             ALDO A. BADINI (257086)
8                                            Email: abadini@winston.com
                                             EVA W. COLE (*pro hac vice*)
9                                            Email: ewcole@winston.com
                                             MOLLY M. DONOVAN (*pro hac vice*)
10                                           Email: mmdonovan@winston.com
                                             SOFIA ARGUELLO (*pro hac vice*)
11                                           Email:  sarguello@winston.com
                                             **WINSTON & STRAWN LLP**
12                                           200 Park Avenue
                                             New York, New York 10166-4193
13                                           Telephone: (212) 294-6700
                                             Facsimile: (212) 294-4700
14
15
                                             STEVEN A. REISS (*pro hac vice*)
16                                           Email: steven.reiss@weil.com
                                             DAVID L. YOHAI (*pro hac vice*)
17                                           Email: david.yohai@weil.com
                                             ADAM C. HEMLOCK (*pro hac vice*)
18                                           Email: adam.hemlock@weil.com
                                             **WEIL, GOTSHAL & MANGES LLP**
19                                           767 Fifth Avenue
                                             New York, New York 10153-0119
20                                           Telephone:  (212) 310-8000
                                             Facsimile:  (212) 310-8007
21
22
23                                           *Attorneys for Defendants Panasonic Corporation of*
                                             *North America, MT Picture Display Co., Ltd., and*
24                                           *Panasonic Corporation (f/k/a Matsushita Electric*
                                             *Industrial Co., Ltd.)*
25

- 6 -

DECL. OF SOFIA ARGUELLO                                                    Case No. 07-5944 SC
I/S/O PLAINTIFFS' MOTION TO SEAL                                           MDL NO. 1917