Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>Sharp v Panasonic | MDL No 1917<br><br>Master Case No 3:07-cv-05944SC<br><br>**ORDER RE PANASONIC'S MOTION TO COMPEL DEPOSITION OF MR NOBUO HARADA** |

Panasonic Defendants[1] move to compel Plaintiffs Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc ("SEMA") (together, "SEC/SEMA") to produce Mr Nobuo Harada for deposition.  Mr Harada was vice president and president of SEMA for over seven years and president of SEMEX, the Sharp manufacturing

---

[1] The Panasonic Defendants are Panasonic Corporation, Panasonic Corporation of North America and MT Picture Display Co, Ltd.

facility in Mexico that produced CRT televisions during the relevant time period. Mr Harada currently works for non-party Sharp Corporation in Japan.

On July 1, 2014, Panasonic first requested that SEC/SEMA make Mr Harada available for deposition. On August 5, 2014, after a month of inquiries, Panasonic noticed his deposition for August 26 and 27. Panasonic's notice of Mr Harada's deposition refers to "Federal Rule of Civil Procedure 30," but does not specify any topics on which Mr Harada should be prepared and is not accompanied by a subpoena.[2]

On August 8, SEC/SEMA's counsel stated that Mr Harada was unavailable and SEC/SEMA would not produce him for deposition. SEC/SEMA did not move for a protective order and Mr Harada did not appear for his noticed deposition on August 26 and 27. The parties have met and conferred without success.

Panasonic contends that Mr Harada's testimony is central to its defense because Mr Harada had authority to approve prices for CRTs purchased by SEMA and was directly involved in negotiating CRT purchases for SEMA. He is also the custodian of a number of highly relevant confidential documents and is needed to authenticate these documents. Panasonic contends that because SEC/SEMA previously produced documents from Sharp Corporation, SEC/SEMA has sufficient control to produce Mr Harada for deposition.

SEC/SEMA opposes the motion on the ground that it has no control over Mr Harada, an employee of non-party Sharp Corporation, who now lives in Japan and is unwilling to testify voluntarily. Counsel for SEC/SEMA represents that Mr Harada has "no current role or employment relationship with either SEC or SEMA." 9/17/2014 Benson Letter at page 2, n 2. Moreover, counsel for SEC/SEMA noted that Panasonic was free to pursue Mr Harada by channels for procuring testimony from a nonparty, foreign witness but Panasonic did not do so. SEC/SEMA relies on the Order filed August 6, 2014, Dkt 2734, denying the IPPs' motion to

---

[2] 9/3/2014 Hemlock Dec, ¶4, Ex 2 (8/5/2014 Notice of Deposition of Nobuo Harada).

compel testimony of three non-party witnesses who are now employees of a company affiliated with Toshiba, and contends that for the same reasons, Panasonic's motion here should be denied.

Under Fed.R.Civ.P. 30(a), a party may depose any person. If the deponent is a party, notice is adequate. A deposition of a corporate party may be taken pursuant to FRCP 30(b)(6), with a listing of topics on which the corporation will be expected to provide testimony via its designated witness(es). The deposition of a specific employee of a corporation may be noticed under FRCP 30(b)(1). *Calderon v Experian Information Solns, Inc*, 290 FRD 508, 516 (D Idaho 2013). But if that employee is not an officer, director or managing agent, that individual's deposition must be sought by third-party subpoena under Rule 45. *Id*, citing *Sugarhill Records Ltd v Motown Record Corp*, 105 FRD 166, 169 (SDNY 1985); *see also Symantec Corp v Acronis, Inc,* 2013 WL 503612 (ND Cal 2013). If that witness is located abroad and is not an officer, director or managing agent, the procedures of The Hague Convention or other applicable treaty must be used. *Calderon,* 290 FRD at 517; *Symantec*, 2013 WL 503612 at *1.

Panasonic cites *Alcan Intern'l Ltd v SA Day Mfg Co, Inc*, 176 FRD 75 (WDNY 1996), in support of its position that documents and deposition testimony from a party's foreign affiliate and its retired employee may be compelled. There, the companies were under the common control of a foreign entity that issued a consolidated annual financial report, the companies used the same corporate logo in promotional materials and executives from each company had regular contact with each other regarding product sales and marketing. The *Alcan* court held that the plaintiff company had a sufficiently close relationship with its foreign affiliate to warrant a finding that the documents from, and a retired employee of, the foreign affiliate were within the party's "custody and control" for purposes of compelling discovery under the Federal Rules of Civil Procedure. Accordingly, the *Alcan* court granted the motion to compel production of the retired employee of the foreign affiliate for deposition.

But the *Alcan* decision appears to have conflated requirements of Rule 45 for production of records in a party's "possession, custody or control" with the requirements of Rule 30 for taking depositions because it focusses on and makes findings on "the nature of the relationship between the two corporations." *Alcan*, 176 FRD at 78.  Then the Alcan court cited decisions regarding "managing agent" status to support its decision granting the motion. *Alcan*, 176 FRD at 79.

No binding authority provides clear precedent for granting Panasonic's motion. *See Calderon*, 290 FRD at 514 ("no controlling authority from the Ninth Circuit").  Panasonic does not cite any binding authority applying the Rule 45 control test to depositions of employees of non-party foreign affiliates.  Even if such authority existed, the Ninth Circuit's legal "control" test is fairly strict.  In the Ninth Circuit, production of documents in the possession of a party's foreign affiliate may be compelled upon a showing that the party has legal "control" to require its foreign affiliate to produce responsive documents. *In re Citric Acid Litigation*, 191 F.3d 1090, 1107 (9 Cir 1999).  Thus, the Ninth Circuit's "legal control" test requires the "legal right to obtain documents upon demand," not simply a showing of voluntary furnishing of documents in the past. *See In re Citric Acid Litigation*, 191 F3d at 1107-08.  Panasonic's showing that Sharp Corporation produced some documents voluntarily does not satisfy the Ninth Circuit's legal control test.

An alternative basis for Panasonic's motion to compel would be under a theory that Mr Harada is a "managing agent" of SEC/SEMA.  As SEC/SEMA notes, Panasonic has not provided evidence that as an "officer, director or managing agent," Mr Harada's deposition should be compelled under Rule 30(b)(6).[3]  But the undersigned disagrees that Panasonic has waived this argument.

---

[3] See 9/17/2014 Benson Letter at 5-6.

Having reviewed the parties' submissions, the undersigned finds, based on confidential exhibits submitted under seal, that certain documents SEC/SEMA produced from Mr Harada's files appear highly relevant. But because Mr Harada is neither a party nor a current employee of a party, Panasonic bears the burden of showing either a close corporate relationship between SEC/SEMA and non-party Sharp Corporation or that Mr Harada should be treated as a managing agent for purposes of discovery. On this record, the undersigned finds that Panasonic has failed to establish sufficient facts to warrant granting the motion to compel.

Nevertheless, Mr Harada was former president of SEMEX and SEMA during the relevant period, played key roles regarding purchasing of CRTs and is uniquely situated to testify regarding his 1,612 custodial documents produced by SEC/SEMA in this litigation.[4] And despite SEC/SEMA's recommendation that Panasonic resort to the Hague Convention to take Mr Harada's deposition, it appears that Japan is not a party to the Hague Convention on taking evidence and that only voluntary depositions may be taken in Japan.[5] Thus, Panasonic has no other recourse to discovering highly relevant information from Mr Harada due to his change in employment.

In the interests of justice and as in a similar discovery order in this litigation (Aug 6, 2014, Dkt 2734), the undersigned concludes that the moving party should be given a further opportunity to submit evidence and briefing in support of its motion.[6] Absent such submission, Mr Harada should be deemed unavailable and his custodial documents should be deemed authentic and admissible for all purposes in this litigation. If Mr Harada becomes available to give evidence before trial, SEC/SEMA shall give Panasonic no less than thirty days' notice and

---

[4] 9/24/2014 Hemlock Letter at 2, n 8.
[5] 9/24/2014 Hemlock Suppl Dec, ¶¶5-7, Ex 3-5.
[6] Contrary to SEC/SEMA's assertion, the undersigned does not find a basis for waiver of Panasonic's right to supplement its briefing.

ORDER RE PANASONIC'S MOTION TO COMPEL DEPOSITION OF MR NOBUO HARADA        PAGE **5** OF **6**

make Mr Harada available for deposition in San Francisco, California without regard to any discovery cutoffs in effect.

Accordingly, the undersigned ORDERS as follows:

**Panasonic's motion to compel the deposition of Mr Nobuo Harada, current employee of non-party Sharp Corporation, is DENIED without prejudice to submission of evidence of a close corporate relationship between SEC/SEMA and Sharp Corporation or of Mr Harada's status as a managing agent no later than January 15, 2015. If such evidence and briefing is submitted, Sharp may file a response no later than January 22, 2015. If no further briefing is filed by January 15, 2015, Mr Harada shall be deemed unavailable for trial or other testimonial purpose and all his custodial documents that SEC/SEMA produced shall be deemed authentic and admitted for all purposes in this litigation. To the extent Mr Harada becomes available to give testimony or any other evidence before trial, SEC/SEMA shall give Panasonic no less than thirty days' notice of such availability and make Mr Harada available for deposition in San Francisco, California without regard to any discovery cutoff now or hereafter in effect.**

IT IS SO ORDERED.
Date: January 2, 2015

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.
Date: _____.

_____
Honorable Samuel Conti
United States District Judge

ORDER RE PANASONIC'S MOTION TO COMPEL DEPOSITION OF MR NOBUO HARADA                    PAGE **6** OF **6**