1  Kathy L. Osborn (*pro hac vice*)
   Ryan M. Hurley (*pro hac vice*)
2  FAEGRE BAKER DANIELS LLP
   300 N. Meridian Street, Suite 2700
3  Indianapolis, IN  46204
   Telephone: +1-317-237-0300
4  Facsimile: +1-317-237-1000
   kathy.osborn@FaegreBD.com
5  ryan.hurley@FaegreBD.com

6  Jeffrey S. Roberts (*pro hac vice*)
   FAEGRE BAKER DANIELS LLP
7  3200 Wells Fargo Center
   1700 Lincoln Street
8  Denver, CO  80203
   Telephone: +1-303-607-3500
9  Facsimile:  +1-303-607-3600
   jeff.roberts@FaegreBD.com
10

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1-650-324-6700
Facsimile: +1-650-324-6701
calvin.litsey@FaegreBD.com

11 *Attorneys for Defendant Thomson SA and Thomson Consumer Electronics*

12

## UNITED STATES DISTRICT COURT

13

## NORTHERN DISTRICT OF CALIFORNIA

14

## SAN FRANCISCO DIVISION

15

16  IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,

No. 07-cv-5944-SC
MDL No. 1917

17

18  This Document Relates to:

19  *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al., No. 13-cv-01173*

20

21  *Electrograph Systems, Inc. et al. v. Technicolor SA, et al., No. 13-cv-05724;*

**THOMSON SA AND THOMSON CONSUMER ELECTRONICS' OBJECTIONS TO SPECIAL MASTER'S DECEMBER 24, 2014 RECOMMENDED ORDER RE THOMSON'S MOTIONS TO COMPEL DISCOVERY FROM DAPs**

22

23  *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al., No. 13-cv-00141;*

24

25  *Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264;*

26

27  *Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727;*

28

THOMSON'S OBJECTIONS TO SPECIAL MASTER'S
RECOMMENDED ORDER RE THOMSON'S MTN TO COMPEL
DISCOVERY FROM DAPs
US.55483949.01

No. 07-5944-SC; MDL No. 1917

1  *Office Depot, Inc. v. Technicolor SA, et al., No. 13-cv-05726;*
2  *Costco Wholesale Corporation v. Technicolor SA, et al., No. 13-cv-05723;*
3  
4  *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al., No. 31:cv-05725;*
5  
6  *Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al., No. 13-cv-05668;*
7  
8  
9  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, No. 3:13-cv-05262;*
10 
11 *Target Corp. v. Technicolor SA, et al., No. 13-cv-05686;*
12 *Tech Data Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-00157*
13 
14 *ViewSonic Corporation, v. Chunghwa Picture Tubes, Ltd., et al., 3:14cv-02510;*

THOMSON'S OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER RE THOMSON'S MTN TO COMPEL DISCOVERY FROM DAPs
US.55483949.01

No. 07-5944-SC; MDL No. 1917

In September 2014, Thomson SA and Thomson Consumer Electronics, Inc. ("Thomson Defendants") moved to compel the Direct Action Plaintiffs ("DAPs") to produce materials relating to (1) the nature and timing of the DAPs' investigations into their potential claims against the Thomson Defendants (*see* Sept. 12, 2014 Mot. to Compel, **Ex. 1**); and (2) the DAPs' individual decisions to opt-out of the Direct Purchaser Plaintiff ("DPP") class (*see* Sept. 19, 2014 Mot. to Compel, **Ex. 3**). These materials relate directly to the Thomson Defendants' statute of limitations and laches defenses. The Special Master issued his Report and Recommendations ("Recommended Order") on December 24, 2014, and filed it with the Court on January 2, 2015 [Dkt. No. 3365].[1] The Thomson Defendants respectfully submit these Objections to the Recommended Order, and request that the Court grant the Motions to Compel in their entireties so that the Thomson Defendants are afforded a fair opportunity to gather relevant information regarding their defenses.

### I. Discovery relating to the nature and timing of the DAPs' investigations into their potential claims against the Thomson Defendants.

The Thomson Defendants object to the Special Master's Recommended Order denying the Thomson Defendants' Motions to Compel discovery regarding the DAPs' investigations into potential claims against the Thomson Defendants. (*See* **Ex. 1**). The DAPs waited approximately eight years after the Thomson Defendants exited the CRT business, and six years after these proceedings began, to file their first claims against the Thomson Defendants. Accordingly, the Thomson Defendants assert that laches and the statute of limitations bar the DAPs' claims. The DAPs have responded that (1) the statute of limitations was tolled based on the Thomson Defendants' fraudulent concealment; and that (2) laches does not bar their claims because the

---

[1] As explained herein, the Recommended Order largely denies the Thomson Defendants' Motions to Compel. The Recommended Order granted the Motions as to Interrogatories 12 and 15 and Request for Production 2, requires the DAPs to supplement their responses as to those requests by January 9, 2015, and invites the Thomson Defendants to renew their motions as to the other discovery requests addressed in Thomson Defendants' Motions by January 16, 2015 if they can articulate additional bases for this discovery after reviewing the new materials. These Objections are therefore submitted without prejudice to the Thomson Defendants' right to file a renewed motion to compel upon receipt of the DAPs' supplemental responses.

THOMSON'S OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER RE THOMSON'S MTN TO COMPEL DISCOVERY FROM DAPs    3    No. 07-5944-SC; MDL No. 1917

DAPs' multi-year delay in bringing suit against the Thomson Defendants was justified. By raising fraudulent concealment and asserting that their delay was justifiable, the DAPs have put into issue facts relating to the timeliness of their investigation of claims against the Thomson Defendants.

To discover facts relating to these defenses and DAPs' responses, the Thomson Defendants served the DAPs with discovery relating to the individual DAPs' efforts to investigate and bring claims against the Thomson Defendants[2], which the DAPs refused to provide.

The Special Master granted the Thomson Defendants' Motion to Compel with respect to Interrogatories 12 and 15, but denied without prejudice the Motion as to Interrogatories 10-11 and 16, and Requests for Production 3 and 4. The Special Master concluded these discovery requests seek information protected by the attorney-client privilege and the work product doctrine. Moreover, the Special Master explained that Interrogatories 12 and 15 could only be relevant, given the DAPs' assertion that the conspiracy was fraudulently concealed, to the extent the DAPs were aware of or investigated their claims against the Thomson Defendants prior to January 2004. In support of this contention, the Special Master cited this Court's March 13, 2014 Order [Dkt No. 2440] on the Thomson Defendants' Motion to Dismiss.

As an initial matter, the Special Master relied too heavily on this Court's ruling at the motion to dismiss stage. In its March 13, 2014 Order, the Court held, *assuming that the well-pled allegations in DAPs' Complaint were true*, as the Rule 12(b)(6) standard requires, that the DAPs' claims were timely and that a more developed evidentiary record was needed to test the Thomson Defendants' laches defense. [Dkt No. 2440 at 9]. The Court expressly noted that "it is difficult not to find some delay" in the DAPs' investigations, and stated that the Thomson Defendants could re-assert their laches defense once "a more developed record" had been developed. [Dkt. 2440 at 30]. The Court's Order was not a determinative ruling prohibiting further discovery or adjudication of statutes of limitation and laches issues. Indeed, the Court's reference to a more

---

[2] The September 12, 2014 Motion to Compel specifically seeks responses to Interrogatories 10-12 and 15-16, and Requests for Production 3 and 4. **(Ex. 1)**.

developed evidentiary record certainly contemplated that further discovery or motion practice might occur on these defenses. And developing that evidentiary record is exactly what Thomson Defendants sought to do through their discovery requests. By alleging that their delay to investigate and bring claims against the Thomson Defendants was reasonable, the DAPs have put into issue their knowledge and opportunity to investigate and bring claims at an earlier stage. The Thomson Defendants must therefore be afforded the opportunity to test the veracity of the DAPs' allegations.

In addition, to the extent that the requests seek privileged information or information protected by the work product doctrine, the DAPs waived their privilege when they waited until the eleventh hour to sue the Thomson Defendants. *See Hearn v. Rhay,* 68 F.R.D. 574, 581 (E.D. Wash. 1975). By waiting six years until after the initial suits were filed to bring their respective suits against the Thomson Defendants, the DAPs placed their inexcusable delay—and therefore their bases for avoiding the Thomson Defendants' statute of limitations and laches defenses—at issue, and information relevant to that delay is therefore discoverable.[3]

Finally, the information sought in these requests is vital to the Thomson Defendants' statute of limitations and laches defenses because it may demonstrate that the DAPs inexcusably delayed pursuit of their claims against the Thomson Defendants. The Thomson Defendants cannot discover information about the DAPs' investigation and decision to bring claims against the Thomson Defendants from any source except the DAPs themselves. Without the requested discovery, the Thomson Defendants cannot develop the evidentiary record they need to test their statute of limitations and laches defenses, as the Court encouraged them to do in its March 13, 2014 Order.

---

[3] The Thomson Defendants' argument regarding waiver of the attorney-client privilege is extensively addressed in their Sept. 12, 2014 Motion to Compel (**Ex. 1 at 4-6**).

## II. Discovery relating to the DAPs' decision to opt-out of the Direct Purchaser Plaintiff (DPP) class.

The Thomson Defendants also object to the Special Master's Recommend Order denying the Thomson Defendants' entitlement to discovery regarding the DAPs' decision to opt-out of the DPP class.[4]

The information sought in these discovery requests is directly relevant to whether the individual DAPs can rely on the DPPs' November 2011 tolling agreement with the Thomson Defendants to toll the statute of limitations. The discovery is therefore critical to the Thomson Defendants' laches defense, which requires proof of unreasonable delay. In order for the DAPs to establish that they may benefit from the DPPs' tolling agreement—which they contend, and have therefore put at issue in this case—they must produce information to establish that they did not waive their purported rights under the tolling agreement by advising the DPP class that they intended to pursue their claims independently.

The Thomson Defendants believe that the information sought by these requests will demonstrate that some or all of the DAPs opted out of the DPP class prior to filing their formal opt-out requests by communicating to the class administrator or to DPP class counsel that they intended to exclude themselves from the DPP class. As a practical matter, the first round of formal opt-out requests that have been provided to the Thomson Defendants by the DAPs are dated in June and July 2012, more than six months after most of the DAPs had filed their individual actions against the defendants in this litigation. The Thomson Defendants have a right to know whether the DAPs communicated their intention to opt out of the class prior to filing their formal opt-out requests.

Moreover, the Recommended Order mischaracterizes the formal opt-out requests as the sole way that a DAP could exclude itself from the DPP class. It would not be surprising to find that a class member communicated its desire and intention to opt-out of

---

[4] The September 19, 2014 Motion to Compel specifically seeks responses to Interrogatory 1 and Request for Production 2. (*See* **Ex. 3**)**.**

the DPP class without formally providing an opt-out request to the class. Because such expressions of intention to opt-out of the DPP class may be sufficient to exclude a plaintiff from the class, they are critical to the Thomson Defendants to the extent that they establish that the DAPs excluded themselves from the DPP class and therefore cannot benefit from DPPs' tolling agreement with the Thomson Defendants.

Finally, the Recommended Order suggests that the opt-out requests are functionally irrelevant to the extent that the tolling agreement overlaps with the government action tolling period. However, the Thomson Defendants reserve the right to appeal the Court's decision on government action tolling.[5] In the event that the Thomson Defendants succeed on such an appeal and government action tolling no longer insulates the DAPs from the applicable statute of limitations, the parties will need discovery to determine whether the DAPs can benefit from the tolling agreement between the DPP class and the Thomson Defendants. Only when the DAPs provide the Thomson Defendants with all information relating to their decisions to exclude themselves from the DPP class will the Thomson Defendants be able to fully evaluate whether the DAPs can benefit from the tolling agreement, and whether the DAPs justifiably delayed bringing suit against the Thomson Defendants.

### III. Conclusion.

For the foregoing reasons, the Thomson Defendants object to the Special Master's Recommended Order and request that this Court compel the DAPs to produce discovery relating to the Thomson Defendants' statute of limitations and laches defenses.

Dated: January 7, 2015                    Respectfully submitted,

                                          */s/ Kathy L. Osborn*
                                          Kathy L. Osborn (*pro hac vice*)

---

[5] Specifically, the Thomson Defendants contend that the Court's application of government action tolling to the DAPs' claims against the Thomson Defendants presents concerns that the DAPs' claims against the defendants in this case could be tolled indefinitely in instances where a government "instituted" proceedings against a defendant, but never advanced its case after the formal filing of an indictment.

| | |
|---|---|
| 1 | Ryan M. Hurley (*pro hac vice*) |
| | FAEGRE BAKER DANIELS LLP |
| 2 | 300 N. Meridian Street, Suite 2700 |
| | Indianapolis, IN 46204 |
| 3 | Telephone: +1-317-237-0300 |
| | Facsimile: +1-317-237-1000 |
| 4 | kathy.osborn@FaegreBD.com |
| | ryan.hurley@FaegreBD.com |

Jeffrey S. Roberts (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: +1-303-607-3500
Facsimile: +1-303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1-650-324-6700
Facsimile: +1-650-324-6701
calvin.litsey@FaegreBD.com

***Attorneys for Defendants Thomson SA and Thomson Consumer Electronics***

THOMSON'S OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER RE THOMSON'S MTN TO COMPEL DISCOVERY FROM DAPs

8

No. 07-5944-SC; MDL No. 1917