# Exhibit 2

Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO  80203
Telephone: +1 303-607-3500
Facsimile:  +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

***Attorneys for Defendants Thomson
Consumer, Inc. and Thomson SA***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

IN RE CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION,

This Document Relates to:

*Electrograph Systems, Inc. et al. v.
Technicolor SA, et al., No. 13-cv-05724;*

*Alfred H. Siegel, as Trustee of the Circuit
City Stores, Inc. Liquidating Trust v.
Technicolor SA, et al., No. 13-cv-05261;*

*Best Buy Co., Inc., et al. v. Technicolor SA,
et al., No. 13-cv-05264;*

*Interbond Corporation of America v.
Technicolor SA, et al., No. 13-cv-05727;*

*Office Depot, Inc. v. Technicolor SA, et al.,
No. 13-cv-05726;*

No. 07-cv-5944-SC
MDL No. 1917

**DECLARATION OF JEFFREY S.
ROBERTS IN SUPPORT OF THOMSON
DEFENDANTS' MOTION TO COMPEL
INTERROGATORY RESPONSES AND
DOCUMENT PRODUCTION**

Judge: Hon. Samuel Conti

Special Master: Hon. Vaughn R. Walker

1
2
*Costco Wholesale Corporation v.
Technicolor SA, et al., No. 13-cv-05723;*

3
4
*P.C. Richard & Son Long Island
Corporation, et al. v. Technicolor SA, et al.,
No. 31:cv-05725;*

5
6
*Schultze Agency Services, LLC, o/b/o
Tweeter Opco, LLC, et al. v. Technicolor SA,
Ltd., et al., No. 13-cv-05668;*

7
8
*Sears, Roebuck and Co. and Kmart Corp. v.
Technicolor SA, No. 3:13-cv-05262;*

9
10
*Target Corp. v. Technicolor SA, et al., No.
13-cv-05686*

11
*Tech Data Corp., et al. v. Hitachi, Ltd., et
al., No. 13-cv-00157*

12
13
*Sharp Electronics Corp., et al. v. Hitachi,
Ltd., et. al., No. 13-cv-01173*

14
15
*ViewSonic Corporation v. Chunghwa Corp.,
et al., No. 14-cv-02510*

16
17
18
19
20
21
22
23
24
25
26
27
28

I, Jeffrey S. Roberts, hereby declare as follows:

1.  I am an attorney with the law firm of Faegre Baker Daniels, LLP and one of the attorneys representing Thomson Consumer Electronics, Inc. and Thomson SA (collectively, the "Thomson Defendants"). I submit this Declaration in support of the Thomson Defendants' Motion to Compel Interrogatory Responses and Document Production ("Motion").

2.  In my capacity as counsel for the Thomson Defendants, I have personal knowledge of the discovery requests, discovery responses, and efforts to obtain discovery at issue in the Motion. I have personal knowledge of the facts set forth in this Declaration and could and would competently testify to those facts if called as a witness.

3.  I certify that the Thomson Defendants met and conferred with DAPs in an effort to resolve discovery disputes. These efforts were partially successful, but the parties reached impasses as to the issues set forth in the Motion and now require intervention from the Court. Attached hereto as <u>Exhibit 1</u> is a true and a correct copy of an August 28, 2014, letter from my firm to counsel for DAPs summarizing the results of our meeting to try to resolve, among other things, the disputes at issue in the Motion related to the Thomson Defendants first sets of interrogatories and requests for production. Attached as <u>Exhibit 2</u> is a true and correct copy of a September 9, 2014 letter from my firm to counsel for DAPs that, among other things, sets forth the scope of the Thomson Defendant's motion to compel.

4.  In light of the complexity of the case and the number of parties from whom the Thomson Defendants seek to compel information and documents, in most instances I have attached excerpts of the relevant discovery materials in an effort to focus on the primary disputes between the parties and avoid inundating the Court with unnecessary material. The Thomson Defendants will, upon request, provide full copies of any exhibit attached hereto or otherwise required by the Court.

5.  In their September 5, 2014 Responses and Objections to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Requests for Admission, the DAPs all admitted the following Requests for Admission: (1) Admit that You have no Evidence that

1

Thomson SA manufactured or sold CDTs during the Relevant Period; (2) Admit that You have no Evidence that SA manufactured or sold CDT Products during the Relevant Period; (3) Admit that You have no Evidence that Thomson Consumer manufactured or sold CDTs during the Relevant Period; (4) Admit that You have no Evidence that Thomson Consumer manufactured or sold CDT Products during the Relevant Period.

6.   Attached hereto as <u>Exhibit 3</u> is a true and correct copy of Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories to Electrograph Systems, Inc. and Electrograph Technologies Corp.  All DAPs that are the subject of this Motion received a substantively identical set of interrogatories, except that Sharp's set omitted Interrogatory No. 16 because it included claims against the Thomson Defendants in its original complaint.

7.   Attached hereto as <u>Exhibit 4</u> is a true and correct copy of Thomson SA and Thomson Consumer Electronics Inc.'s First Set of Requests for Production of Documents to Electrograph Systems, Inc. and Electrograph Technologies Corp. All DAPs received substantively the same set of requests for production.

8.   Attached hereto as <u>Exhibits 5–18</u> are true and correct copies of the relevant excerpts of the following DAPs' answers and objections to the Thomson Defendants' First Set of Interrogatories:

    a.   <u>Exhibit 5</u>: ABC Appliance, Inc.'s Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories.

    b.   <u>Exhibit 6</u>: Electrograph Systems Inc. and Electrograph Technologies Corp.'s Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories.

    c.   <u>Exhibit 7</u>: Interbond Corporation of America's Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories.

    d.   <u>Exhibit 8</u>: MARTA Cooperative of America, Inc.'s Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories.

2

e.   <u>Exhibit 9</u>: Office Depot, Inc.'s Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories.

f.   <u>Exhibit 10</u>: P.C. Richard & Son Long Island Corporation's Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories.

g.   <u>Exhibit 11</u>: Schultze Agency Services, LLC's ("Tweeter") Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories.

h.   <u>Exhibit 12</u>: Best Buy Co., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C., and Magnolia Hi-Fi, Inc.'s ("Best Buy's") Objections and Responses to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories.

i.   <u>Exhibit 13</u>: Costco Wholesale Corporation's Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories.

j.   <u>Exhibit 14</u>: Plaintiff Sears, Roebuck and Co. & Kmart Corp.'s Objections and Responses to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories.

k.   <u>Exhibit 15</u>: Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories.

l.   <u>Exhibit 16</u>: Responses and Objections of Alfred H. Siegel, as trustee of the Circuit City Stores, Inc. Liquidating Trust, to First Set of Interrogatories of Thomson SA and Thomson Consumer Electronics, Inc.'s.

m.   <u>Exhibit 17</u>: Plaintiff Target Corp.'s Responses and Objections to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories.

n.   Exhibit 18: Tech Data Corporation and Tech Data Product Management, Inc.'s Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories.

9.   Attached hereto as Exhibits 19–26 are true and correct copies of the relevant excerpts of the following DAPs responses and objections to the Thomson Defendants' First Set of Requests for Production of Documents:

a.   Exhibit 19: Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Interbond Corporation of America, P.C. Richard & Song Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., and Schultze Agency Services, LLC ("Tweeter")'s Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Requests for Production of Documents.

b.   Exhibit 20: Best Buy's Objections and Responses to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Requests for Production of Documents.

c.   Exhibit 21: Costco Wholesale Corporation's Buy's Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Requests for Production of Documents.

d.   Exhibit 22: Plaintiffs Sears, Roebuck and Co. & Kmart Corp.'s Objections and Responses to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Requests for Production of Documents.

e.   Exhibit 23: Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s Objections and Responses to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Requests for Production of Documents.

f.   Exhibit 24: Responses and Objections of Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, to First Request for Production of Documents from Thomson SA and Thomson Consumer Electronics, Inc.

g.   Exhibit 25: Plaintiff Target Corp's Responses and Objections to Defendants

4

1    Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of

2    Requests for Production of Documents.

3    h.  Exhibit 26: Tech Data Corporation and Tech Data Product Management,

4    Inc.'s Responses and Objections to Thomson SA and Thomson Consumer

5    Electronics, Inc.'s First Set of Requests for Production of Documents.

6    10.  Attached hereto as Exhibits 27–29 are true and correct excerpts from the following Rule

7    30(b)(6) depositions:

8    a.  Exhibit 27: May 22, 2014, Deposition of Brian R. Stone, as 30(b)(6)

9    designee of Best Buy (Designated "Highly Confidential").

10    b.  Exhibit 28: June 4, 2014, Deposition of Geoffrey Shavey, as 30(b)(6)

11    designee of Costco Wholesale Corporation. (Designated "Highly

12    Confidential").

13    c.  Exhibit 29: July 18, 2014, Deposition of James A. Smith, as 30(b)(6)

14    designee of Kmart Corporation. (Designated "Highly Confidential").

15    I declare under penalty of perjury that the foregoing is true and correct.

16

17    Executed this 12th day of September, 2014 in Denver, CO.

18

19    */s/ Jeffrey S. Roberts*

20    Jeffrey S. Roberts

21

22

23

24

25

26

27

28

# Exhibit 1

**Kathy L. Osborn**
*Partner*
**kathy.osborn@FaegreBD.com**
Direct **+1 317 237 8261**

**Faegre Baker Daniels LLP**
300 North Meridian Street  Suite 2700
Indianapolis  Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

August 28, 2014

**<u>VIA ELECTRONIC MAIL</u>**

Mr. Astor Heaven
AHeaven@crowell.com

Ms. Laura Nelson
lenelson@RKMC.com

Mr. Nicholas Hesterberg
nhesterberg@perkinscoie.com

Mr. Kyle Smith
Ksmith@BSFLLP.com

Mr. Jonathan Ross
jross@susmangodrey.com

Ms. Jalaine Garcia
jgarcia@kennynachwalter.com

Mr. Blaise Warren
bwarren@paulweiss.com

   Re:  *In re: CRT Antitrust Litigation*, 3:07-cv-5944-SC MDL No. 1917 (N.D. Cal.).

Dear Counsel:

   Thank you for taking the time to speak with us yesterday regarding your objections and responses to the Thomson Defendants' First Set of Interrogatories and Requests for Production.  We understood that the following attorneys were on the call, indicating representation of all of the Direct Action Plaintiffs ("DAPs") to whom we tendered deficiency letters: Astor Heaven, Laura Nelson, Nicholas Hesterberg, Kyle Smith, Jonathan Ross, Jalaine Garcia, Blaise Warren, and counsel for Tech Data.  We write to memorialize our discussion and further explain our position.  Please let us know if you disagree with any part of our summary of what was discussed during the call.

Counsel for DAPs                                    -2-                                    August 28, 2014

We began the call by noting the difficulty of conducting a meet and confer simultaneously with all the DAPs, but stated that we were willing to attempt this approach at the DAPs' request, while reserving our rights to conduct, if necessary, additional follow up calls with individual DAPs. Because all the DAPs' responses and objections to the Thomson Defendants' First Set of Interrogatories and Requests for Production are very similar, if not identical in many instances, we proposed that we use the Electrograph Plaintiffs' objections and responses as a model for our discussions and address any variations in individual DAPs' responses and objections as necessary.  Thus, the numbered references below to interrogatories and requests for production are to those we served on Electrograph.  DAPs agreed they would make the appropriate connections to the analogous interrogatory and request for production served on them.  No DAP objected to this approach. We then proceeded to discuss the Electrograph Plaintiffs' objections, answers and responses to the following interrogatories and requests for production contained in the Thomson Defendants' First Set of Interrogatories and Requests for Production:

**Interrogatory Answers**

*Interrogatory No. 9*: This interrogatory seeks the identity of individuals who negotiated or approved the purchase of CRTs from the Thomson Defendants. We explained that the DAPs' answers to this interrogatory simply reference prior discovery responses they have previously provided to other defendants, but, as required by Rule 33(d), do not identify specific,  responsive documents produced by the parties. Thus, we explained that we do not believe the DAPs' answers enable us to identify the specific documents in which information that responds to this interrogatory may be found.  We asked you to at the very least supplement your answers by identifying responsive documents by Bates number. Kyle Smith, on behalf of those DAPs represented by Boies Schiller & Flexner, LLP, responded by representing that all the DAPs' prior discovery responses to other defendants had been provided to the Thomson Defendants as part of the DAPs' initial disclosures and that documents referred to in those responses, including organizational charts, were responsive to Interrogatory No. 9.  Mr. Smith offered to forward those discovery responses to us.  Mr. Smith also stated that to the extent his clients were relying on the procedures set forth in Fed. R. Civ. P 33(d) to respond to Interrogatory No. 9, he did not agree that that rule required the DAPs to identify the specific Bates number of documents that contained information responsive to the interrogatory. We then asked whether it was the DAPs' position that their initial disclosures tell us who negotiated and approved sales from the Thomson Defendants. Mr. Smith initially responded that he did not believe the DAPs' are obligated to identify separate individuals who negotiated with the Thomson Defendants.  Mr. Smith and counsel for other DAPs went on to explain, however, that they do not believe that their clients had individual buyers assigned to individual defendants, and that buyers were generally assigned based on product category or product size.  Counsel for Circuit City and Sears/Kmart referred us to testimony from their Rule 30(b)(6) depositions.

While we acknowledge that some responsive information may be contained in the voluminous responses to other defendants' discovery requests, we do not accept your position that non-specific references to the DAPs' initial disclosures and prior discovery responses is an adequate answer to Interrogatory No. 9.  We therefore demand that you supplement your answers to Interrogatory No. 9 with, at a minimum, specific references to the prior interrogatory answers or documents (by Bates number) where your answer may be found.  Moreover, based on your representation that the DAPs' did

Counsel for DAPs                                    -3-                                    August 28, 2014

not assign particular employees to the accounts of specific defendants, including the Thomson
Defendants, we ask that you supplement your interrogatory answers with verified answers confirming
the accuracy of these representations.  We understand that some DAPs did not purchase CPTs and
therefore are not requesting that they supplement their Interrogatory No. 9 answers.

    ***Interrogatory No. 10***: This interrogatory seeks the identity of each person who participated in
your investigation into whether the Thomson Defendants participated in the conspiracy alleged in your
complaints. We identified your primary objection to this interrogatory as an assertion of the attorney-
client or work-product privileges.   We explained that this interrogatory was narrowly targeted to
discover specific facts—which individuals were involved in the investigation—and that the names of
those individuals are simply a fact, not attorney-client communications or attorney work product.  Mr.
Jonathan Ross, on behalf of Circuit City, responded by asserting that the identity of outside counsel
working on the case was privileged information, but did not provide any legal authority for that position.
Mr. Smith added that in his opinion, Interrogatory No. 10 would not lead to the discovery of admissible
evidence because, even if we overcome the privilege issue, any information possessed by the identified
individuals would be privileged.  We then sought to clarify whether it was the DAPs' position that all
investigations conducted regarding their potential claims against the Thomson Defendants had been
performed by outside counsel.  Mr. Smith stated that with respect to his clients, he could not represent
that the investigations were performed exclusively by outside counsel, but that his position was that the
identity of individuals conducting investigations was privileged, regardless of whether the individual
was outside counsel, inside counsel, or a non-attorney employee.  The rest of the DAPs stated that they
take the same position, and requested that the Thomson Defendants provide them with legal authority in
support of our position that the identity of individuals who conducted investigations regarding each of
the DAPs' potential claims against the Thomson Defendants is not protected from disclosure by the
attorney client privilege and/or work product doctrine.

    While we disagree that it should be our responsibility to identify authority regarding your
privilege assertion, we believe that there is ample authority to support our position in three key respects.
First, it is clear that only attorney-client *communications* are privileged, not the external trappings of an
attorney-client relationship, such as facts relating to the creation or existence of the attorney-client
relationship.[1]  The work-product privilege, on the other hand, protects only documents prepared by, or
the mental impressions of, attorneys in anticipation of litigation.  While some courts have afforded work
product protection to the identity of witnesses interviewed by counsel in preparation for litigation, we do
not understand how the identity of the individuals—attorneys or otherwise—who actually conducted the
investigation can possibly be classified as work product.

--------

[1] *See Colton v. United States,* 306 F.2d 633, 637–38 (2d Cir.1962) (information about fees received, as well as
existence and time frame within which attorney-client relationship existed, not privileged); *Monroe's Estate v. Bottle Rock
Power Corp.,* No. 03–2682, 2004 WL 737463, at * 11 (E.D.La. April 2, 2004) (in general, retainer agreements, the identity of
clients, the purposes for which attorneys are retained, information relating to billing or fee arrangements, hours spent by
attorneys working on the litigation, and payment of attorney's fees do not fall within either the attorney-client or the work-
product privilege) (citations omitted); *Parker v. Kitzhaber,* No. 88–1089–JU, 1989 WL 69960, at *1 (D.Or. June 8, 1989)
("The attorney-client privilege is inapplicable to the extent that the interrogatory seeks the names, addresses, telephone
numbers, titles, and dates of contact with client representatives.")

Counsel for DAPs                              -4-                          August 28, 2014

     Second, to the extent that the names of individuals who participated in the investigation, or other information and documents related to the investigation, would otherwise be protected by the attorney-client or work-product privilege, the DAPs have waived any such privilege by putting their investigation into the Thomson Defendants' alleged participation in the conspiracy at issue in this litigation.  In response to the motions to dismiss filed by the Thomson Defendants, the DAPs contended that (1) the statute of limitations for their claims has been tolled based on the defendants' fraudulent concealment and (2) that laches does not bar their claims because their multi-year delay in bringing suit against the Thomson Defendants was justified. [Dkt. No. 2377 at 19-23.]  The DAPs cannot take these positions and then refuse to produce evidence regarding the nature and timing of their investigations into the Thomson Defendants that would support or undermine their contentions.[2]  Moreover, in its March 13, 2014 Order denying the Thomson Defendants' motions to dismiss, the Court expressly stated that "it is difficult not to find some delay" and that the Thomson Defendants could re-assert their laches arguments after discovery "on a more developed record."  [Dkt. No. 2440 at 30].

     Finally, to the extent that the information and documents regarding the investigation are protected by the work-product privilege, that privilege is only qualified and may be overcome by a showing of "substantial need" and that the Thomson Defendants cannot "without undue hardship," obtain the "substantial equivalent by other means." *See* Fed. R. Civ. P. 26(b)(3)(A)(ii).  As we noted during the call, the information we have requested regarding the timing and scope of the DAPs' investigation of their claims against the Thomson Defendants is central to proving our laches and statute of limitations defenses and is not available through any other means. It is our understanding that we are at an impasse on this issue, but please let us know if that is not true after reviewing this letter and the case law cited herein.

     ***Interrogatory No. 11***: This interrogatory seeks the identity of all documents reviewed during your investigations into whether the Thomson Defendants participated in the alleged conspiracy.  We noted that your central objection here was also the attorney-client and work-product privileges.  We stated that the mere identity of documents that may have been reviewed cannot possibly be protected by the attorney client privilege.  We acknowledged that the work product privilege could potentially apply, but also noted that this privilege may be overcome and that none of the DAPs have provided a privilege log identifying the information withheld in sufficient detail to allow us to evaluate the merits of the privilege claims.  Ms. Laura Nelson, on behalf of the Best Buy plaintiffs, responded that the DAPs' privilege claim relates not to particular documents created but to their selection of documents to review, and that producing a log to support this objection would be the functional equivalent of answering the interrogatory.  Mr. Blaise Warren, for the Sharp plaintiffs, added that our co-defendant Toshiba has

---

     [2] *See Rambus Inc. v. Samsung Electronics Co., Ltd.*, C-05-02298 RMW, 2007 WL 3444376 (N.D. Cal. Nov. 13, 2007) (outlining the elements of implied waiver of privilege when a party puts privileged information at issue by alleging a basis to avoid a statute of limitations (citing *Home Indem. Co. v. Lane Powell Moss and Miller*, 43 F.3d 1322, 1326 (9th Cir.1995)); *Seaman v. Sedgwick LLP*, SACV11-664 DOC RNBX, 2014 WL 3738049 (C.D. Cal. June 13, 2014) (same).

Counsel for DAPs                                -5-                              August 28, 2014

made similar work product privilege objections to requests for the production of translated documents. We indicated that we understood the position that the DAPs are taking regarding the selection of documents, but believe that the issue here is fundamentally different than the selection of documents to translate: the documents reviewed by the DAPs during their investigation are directly relevant to whether the DAPs were diligent in investigating their potential claims against the Thomson Defendants, which is a necessary element of our laches defense.  Mr. Ross responded that he believed the relevant inquiry is the subject of Interrogatory No. 12, which requests the date when each DAP first learned of the existence of the alleged conspiracy.  All the DAPs agreed that they continue to refuse to identify documents reviewed in their investigation of their claims against the Thomson Defendants.

        We also explained that we have not seen any privilege logs in this case and asked whether any of the DAPs had produced privilege logs in connection with their production to other defendants.  Mr. Smith responded by explaining that his clients' document production to other defendants was based on extensive negotiations with defendants to produce documents based on agreed search terms; he does not believe any privilege logs were produced.  Counsel for Best Buy, Costco, Tech Data, Circuit City, and Sears/Kmart stated that they did have privilege logs that they will be producing.

        While we acknowledge that counsel's selection of documents to review can be protected by the work product privilege in some circumstances, we do not believe that any of the DAPs have provided sufficient information to allow us to evaluate the validity of the privilege.  Moreover, as discussed above, we believe that the DAPs have waived privilege for this information, to the extent it exists.  In any event, we demand at this point that you provide information sufficient to allow us to evaluate your claims of privilege, including, at the minimum, (1) the types of documents reviewed, (2) the source of those documents, and (3) a general description of the process used to identify the documents subject to this request.

        ***Interrogatory No. 12***: This interrogatory asks the DAPs to identify when they first learned of the existence of the conspiracy alleged in the complaint.  We explained that the DAPs' answers asserted both that they had previously answered this in their responses to other defendants' interrogatories and also that they did not have to answer due to privilege.  We asked for clarification.  Mr. Ross responded that Circuit City had answered the interrogatory, but would supplement the response to clarify.  Sharp, the Boies Schiller Plaintiffs, Tech Data, and Costco responded that they had answered this interrogatory. Ms. Garcia, on behalf for Sears and Kmart, responded that she was unsure of the answers that Sears and Kmart and provided and would follow up with us.  Mr. Astor Heaven, for Target, responded that he believed Target had responded to this in other interrogatory responses, but would double check.

        ***Interrogatory Nos. 13 & 14***: These interrogatories seek to determine whether the DAPs contend that the Thomson Defendants participated in the alleged conspiracy to fix the prices and/or reduce the output of CDTs during the relevant period, and the basis for any such contention.  We noted that the DAPs responded to this interrogatory simply by referring to documents related to a broader conspiracy, without specific reference to the Thomson Defendants alleged participation in any agreements relating to CDTs.  We explained that the purpose of this interrogatory was to identify any evidence linking the Thomson Defendants—which did not manufacture, sell or purchase CDTs during the Relevant Period defined in the complaint—with a conspiracy to fix the price of CDTs.  We stated that we understand the

Counsel for DAPs                              -6-                              August 28, 2014

DAPs' position is that there was one overarching conspiracy and that the Thomson Defendants may be held liable for CDT related conduct even if they did not produce or sell CDTs, but noted that we did not think it appropriate for the DAPs to refuse to identify CDT-specific evidence (or the lack thereof) related to the Thomson Defendants based on this legal theory. Ms. Nelson responded that the DAPs do not accept our definition of the conspiracy and that their response answers these interrogatories by identifying the evidence of the conspiracy as they define it under their legal theory. Mr. Ross added that because we phrased our interrogatory as a contention interrogatory, it was appropriate to answer with the basis for their contention, even if we disagree with that basis. We asked whether it was accurate to say that the DAPs' responses have given us what they believe is the evidence of our participation in a conspiracy related to CDTs. Mr. Smith, for the Boies Schiller Plaintiffs, responded that that is accurate, while noting the possibility of supplemental responses based on new evidence. The rest of the DAPs agreed with this position.

   ***Interrogatory Nos. 15 & 16***: These interrogatories seek the identity of the documents and evidence that caused the DAPs' to file their complaints against the Thomson Defendants, the dates those documents and evidence were discovered, and an explanation why the DAPs did not name the Thomson Defendants in their initial complaints in this matter. For the reasons identified during our discussion of Interrogatories Nos. 10 & 11, we need this information to pursue our laches defense. Mr. Smith stated that their position is that these interrogatories seek privileged information and they would not respond to these interrogatories absent case law supporting our position. The rest of the DAPs agreed with Mr. Smith's position. We understand we are at an impasse on this issue unless we hear otherwise from you upon receipt of this letter.

## RFP Responses

   We then moved on to the DAPs' responses to the Thomson Defendants' Requests for Production. We began by discussing the document search and production process that the various DAPs had used with other defendants. We noted that we were not in a position to participate in any negotiations regarding search terms and asked whether the DAPs' responses to our requests were meant to suggest that prior searches were sufficient to respond to our requests. Mr. Smith stated that his clients negotiated a single set of search terms with all defendants, which he will send us, but is willing to meet and confer to discuss expanding on previous searches if we believe they are insufficient. Mr. Warren explained that Sharp did not negotiate search terms, and is not willing to provide the searches it used, but that it performed a "reasonable search" and that its production was not specific to the defendants in this case and would have included Thomson. Mr. Warren called me yesterday morning to further convey that Sharp's search terms included broad keywords such as "CRTs" as well as the term "Thomson" and certain related abbreviations though he did not know at the time exactly what those were. He offered to investigate that issue and get back with me. Mr. Warren also indicated that Sharp gathered all documents available and either looked at them all (the paper documents) or ran the above referenced search terms. Counsel for Tech Data stated that Tech Data's search terms also were not limited to particular defendants and its production would have included documents related to the Thomson Defendants. Mr. Hesterberg stated that Costco's search terms were very broad and would cover all documents responsive to our requests. Ms. Nelson stated that Best Buy's search terms were extremely broad and specifically included "Thomson," but not related abbreviations, and that she read the Thomson Defendants' requests

Counsel for DAPs                              -7-                          August 28, 2014

to be subsumed within previous productions.  Ms. Nelson offered to share with the Thomson Defendants the search terms Best Buy used.  Mr. Heaven stated that Target's search terms would have identified documents related to the Thomson Defendants and offered to share Target's search terms.  Ms. Garcia stated that she needed to check with someone else in the office, and would follow up with us regarding the Sears and KMart search terms.  Mr. Ross stated that Circuit City followed a different procedure because the company no longer existed at the time the suit was filed.  He explained that they searched over 3,500 boxes in warehouses for anything having to do with CRTs and that there are no other boxes to search.  For the limited electronic mail records that still existed, they performed searches for anything involving CRT Finished Products from any vendor.  He represented that they are very confident that they have thoroughly searched for everything that we requested.

We appreciate the information on the DAPs' document production process and ask that each DAP share the search terms they used, to the extent they have not already done so.  Once we have reviewed previous searches, we will follow up with individual DAPs if we believe it is necessary to expand the search terms.

**Request Nos. 3 & 4**: These requests seek information concerning the underlying facts related to knowledge of and the investigation concerning the alleged conspiracy at issue in this lawsuit. We noted that these objections overlap with the earlier discussion involving Interrogatories Nos. 10 & 11, and stated our position that documents withheld due to privilege should be listed on a privilege log with sufficient detail to allow us to evaluate the privilege claims.  We stressed that we are looking only for documents regarding the pre-suit investigation, not related to the conduct of their litigation against the Thomson Defendants.  We again noted that these documents are necessary to enable us to pursue our laches defense, and that the DAPs have consistently refused to provide us with the information and documents necessary to do so. Ms. Nelson stated that the work-product privilege applies to documents produced in reasonable anticipation of litigation, regardless of when suit was filed.  Mr. Ross and Ms. Nelson reiterated their position that they were not going to list external counsel files on a privilege log, and no other DAPs expressed disagreement. We believe we are at an impasse on this issue unless we hear otherwise from DAPs upon receipt of this letter and review of the case law outlined above.

**Request No. 6, 7, & 8**: These requests and responses were covered by our general discussion regarding search terms, as described above.

**Request No. 9**: This request seeks all documents that relate to or reference the Thomson Defendants.  We noted that the DAPs had objected to this as overbroad, yet had served mirror-image requests on us.  Mr. Smith stated that he wanted to review the DAPs' requests, but he believed that any documents responsive to this request would have been captured by their search terms.  We will follow up regarding this request, if necessary, after DAPs get back to us upon review of their mirror-image requests and pending our review of the DAPs' search terms.

**Request No. 10**: This request was also subsumed in the general discussion of search terms, and was tabled pending our review of those search terms.

Counsel for DAPs                                    -8-                                    August 28, 2014

     Again, I invite you to let us  know if you disagree with our summary of the call.  Further, please advise us by Tuesday, September 2nd at 5:00 EDT  regarding your position on  the demands we have made in this letter so that we can seek timely Court intervention if necessary.

Sincerely,

*Kathy L. Osborn*

Kathy L. Osborn

# Exhibit 2

# FAEGRE BAKER
## DANIELS

**Kathy L. Osborn**
*Partner*
kathy.osborn@FaegreBD.com
Direct +1 317 237 8261

**Faegre Baker Daniels LLP**
300 North Meridian Street  Suite 2700
Indianapolis  Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

September 9, 2014

**VIA ELECTRONIC MAIL**

Mr. Astor Heaven
AHeaven@crowell.com

Ms. Laura Nelson
lenelson@RKMC.com

Mr. Nicholas Hesterberg
nhesterberg@perkinscoie.com

Mr. Kyle Smith
Ksmith@BSFLLP.com

Mr. Jonathan Ross
jross@susmangodrey.com

Ms. Jalaine Garcia
jgarcia@kennynachwalter.com

Mr. Blaise Warren
bwarren@paulweiss.com

Mr. Gene Polyak
gpolyak@bilzin.com

     Re:    *In re: CRT Antitrust Litigation*, 3:07-cv-5944-SC MDL No. 1917 (N.D. Cal.).

Dear Counsel:

     I am writing to request a meeting to discuss deficiencies in the DAPs' responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Requests for Admission, Second Set of Interrogatories and Second Set of Requests for Production of Documents. Since the deadline for filing motions to compel is the Friday, please provide me with times **on or before *Thursday, September 11, 2014*** when you are available to meet and confer. Additionally, because it is our understanding that the DAPs and the Thomson Defendants have reached an impasse as to several discovery issues discussed in

Counsel for DAPs                    -2-                    September 9, 2014

prior correspondence and meetings, I have, as a courtesy, included a brief summary of certain answers and productions the Thomson Defendants will be seeking to compel. If any DAPs would be willing to voluntarily provide the discovery sought, and thus avoid motion practice and court intervention, please let me know immediately.

## Discovery Regarding the DAPs Opting Out of the Direct Purchaser Plaintiff Class

In this litigation, the Thomson Defendants assert defenses based upon laches and the statute of limitations. DAPs have taken the position that they may benefit from certain class action tolling agreements entered into between the Thomson Defendants and putative or certified classes, even though DAPs opted out of those classes. (*See* March 11, 2013 Letter [Dkt. No. 2431].) Since DAPs claim the benefit of certain tolling agreements, the Thomson Defendants are entitled to understand facts related to the alleged applicability of these tolling agreements to each DAP. This is exactly what Interrogatory No. 1 and RFP No. 2 seek. Despite having put this information at issue in this lawsuit each of the DAPs, to varying degrees, have refused to fully respond to Interrogatory No. 1 and RFP No. 2, by failing to:

- Produce all documents reflecting communications concerning the intent to opt out of a class action, including, without limitation, producing copies of relevant opt-out or exclusion notices and any other communications expressing the intention to opt out of a class;
- Identify the dates on which each DAP contends tolling began and ended;
- Describe the period during which each DAP participated as a member of an actual or putative class; and/or
- Provide descriptions of communications with counsel for the Class, Defendants, or alleged Conspirators regarding the intention to opt out.

This evidence is unquestionably relevant to the Thomson Defendants' defenses and must be produced.

## Confirmation that All DAPs Have Admitted All Requests for Admission

The Thomson Defendants need to clarify an ambiguity in the RFA answers served by the parties represented by Boies, Schiller & Flexner LLP (Tech Data, Tweeter, Office Depot, Electrograph, Interbond, PC Richards, Marta, & ABC Appliance). These DAPs admit RFA No. 1, stating "Plaintiff admits this Request." These DAPs then answer RFA Nos. 2-4, as follows: "Plaintiff refers to and incorporates its response to Request for Admission No. 1, including its general and specific objections, as though set forth fully herein." Technically, these answers to RFA Nos. 2-4 might be interpreted as merely admitting RFA No. 1, without actually admitting RFA Nos. 2-4. Notwithstanding this possible interpretation, which would result in RFA Nos. 2-4 having not been answered as required by F.R.C.P. 36(a)(4), the Thomson Defendants understand these DAPs to have admitted to RFA Nos. 2-4. If this understanding is incorrect, please let me know immediately.

Counsel for DAPs                              -3-                         September 9, 2014

**The Thomson Defendants' Anticipated Motion to Compel**

    As DAPs are well aware, the Thomson Defendants and DAPs have reached an impasse regarding several other issues discussed during our August 26, 2014 meet and confer. In addition to moving to compel complete responses and production to the discovery just described (if necessary), the Thomson Defendants intend to move to compel complete responses to the following:

- Full answers to Interrogatories Nos. 13 and 14 from the Thomson Defendants' First Set of Interrogatories, which concern evidence that the Thomson Defendants participated in a conspiracy regarding CDTs, as opposed to CPTs, and to which DAPs have improperly objected on the basis of their theory of the case;

- Full answers to Interrogatories Nos. 10-12 and 15-16 from the Thomson Defendants' First Set of Interrogatories, and full production pursuant to RFPs 3-4 from the Thomson Defendants' First Set of Requests for Production, which all concern evidence related to the Thomson Defendants' laches and statute of limitations defenses, and to which DAPs again improperly have objected on the basis of privilege and the work-product doctrine.

    Should any DAP wish to voluntarily produce this information and avoid motion practice, please let me know by close of business, ***Wednesday, September 10, 2014***.

    I look forward to discussing the issues outlined in this letter with you and hope that we can resolve at least some of the disputes without court intervention.

                                          Sincerely,

                                          *Kathy L. Osborn*

                                          Kathy L. Osborn

# Exhibit 3

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO  80203
Telephone: +1 303-607-3500
Facsimile:  +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

***Attorneys for Defendants Thomson
Consumer, Inc. and Thomson SA***

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al., No. 13-cv-05724* | **THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES TO ELECTROGRAPH SYSTEMS, INC. AND ELECTROGRAPH TECHNOLOGIES CORP.** |

PROPOUNDING PARTY:   Thomason SA (n/k/a Technicolor SA) and Thomson Consumer

Electronics, Inc. (n/k/a Technicolor USA, Inc.)

RESPONDING PARTIES:   Electrograph Systems, Inc. and Electrograph Technologies Corp.

SET NO.:   One

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Thomson SA and Thomson Consumer Electronics, Inc. ("Thomson Consumer") (the "Thomson Defendants") hereby request that Electrograph Systems, Inc. and Electrograph Technologies Corp. (collectively "Electrograph") respond to the following set of interrogatories (the "Interrogatories").  Electrograph are directed to serve verified answers in conformance with the above-cited rules within thirty (30) days after the date of service hereof.

## I.   DEFINITIONS

1.   "YOU," "YOUR," and "YOURSELF" means Electrograph Systems, Inc. and Electrograph Technologies Corp. as well as their current and former parent companies, current and former subsidiaries, current and former affiliates, and any employees, agents, attorneys, representatives, or other persons acting or purporting to act on YOUR behalf.

2.   "COMPLAINT" refers to the First Amended Complaint filed by YOU on or about December 20, 2013 in the Northern District of California, Case No. 13-cv-05724.

3.   "CONSPIRATOR" or "CO-CONSPIRATOR" have the same meaning as in the COMPLAINT.

4.   "DEFENDANTS" means the entities enumerated in paragraphs 37 through 46 of the COMPLAINT.

5.   "DOCUMENT" or "DOCUMENTS" means and refers to all items identified in and within the scope of Fed. R. Civ. P. 34(a) and the 1970 Advisory Committee Note thereto, and all forms of "writings" and "recordings" as defined in Fed. R. Evid. 1001(1), and includes any reduction to tangible form, including computer or magnetic memory or storage, of communications, information, or data, including any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, and including originals, drafts, and non-

identical copies, wherever located.  This term includes, but is not limited to, letters, books, contracts, agreements, licenses, assignments, correspondence, computer tapes, computer disks, CD-ROMs, DVDs, printouts, memoranda, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, Trademark Office filings and certificates, emails, website print-outs, notes, telexes, telegrams, telecopies, facsimile reproductions or "faxes," factual compilations, electronic data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, product packaging, graphics, checks, ledgers, sales data, electronic wire transfer documentation, catalogs, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilm, microfiche, films, personnel files, quotes, purchase orders, telephone records, schedules, bids, voice recordings, transcriptions, and lab notebooks.  This definition applies to all DOCUMENTS on the particular subject in your possession, custody, or control, or that of your attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared, or signed the DOCUMENTS.

6.     "EVIDENCE" means DOCUMENTS or percipient witness statements or testimony.

7.     "RELEVANT PERIOD" means the time period alleged in paragraph 1 of the COMPLAINT, i.e., March 1, 1995 to November 25, 2007.

8.     "PERSON" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau, or other kind of legal or business entity.

9.     "IDENTIFY" means:

(a)     When referring to a PERSON, to provide, to the extent known, the person's full name, and when referring to a natural person, their present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to a subsequent discovery request seeking identification of that person;

(b)     When referring to a DOCUMENT, to provide the bates number stamped on the document; and

(c)     When referring to EVIDENCE that is not a DOCUMENT, to provide the name of the percipient witness and, if applicable, the page number of the witness's deposition where they gave the relevant testimony.

10.     The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

11.     All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the requests more inclusive.

12.     The use of the past tense of any verb shall include the present tense and vice versa.

13.     The word "any" shall be construed to include "all" and vice versa.

## II.     INSTRUCTIONS

1.     Where an Interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

2.     If YOUR response to a particular Interrogatory is an objection, YOU must set forth in YOUR response the extent of, and the specific ground for, the objection, including the particular privilege or protection being invoked.

3.     Where an Interrogatory contains a general question, followed by a specific question, the specific question is to be read and interpreted as requesting additional information, not as limiting the general question.

4.     In responding to the Interrogatories, please repeat each specific Interrogatory or Request and then state YOUR answer or response.

5.     Each Interrogatory must be answered separately and fully in writing and dated, verified, and signed.

### III.   INTERROGATORIES

**INTERROGATORY NO. 1**:  IDENTIFY all PERSONS who provided information to answer these Interrogatories.

**INTERROGATORY NO. 2**:  IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

**INTERROGATORY NO. 3**:  IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

**INTERROGATORY NO. 4**:  IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer continued to participate in the conspiracy that is the subject of YOUR COMPLAINT after its CRT assets were sold to Videocon in July 2005.

**INTERROGATORY NO. 5**:  IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA continued to participate in the conspiracy that is the subject of YOUR COMPLAINT after its CRT assets were sold to Videocon in July 2005.

**INTERROGATORY NO. 6**:  IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer affirmatively concealed its alleged participation in the conspiracy that is the subject of YOUR COMPLAINT.

**INTERROGATORY NO. 7**:  IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA affirmatively concealed its alleged participation in the conspiracy that is the subject of YOUR COMPLAINT.

**INTERROGATORY NO. 8**:  IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegations against the Thomson Defendants contained in paragraphs 153 through 154 of YOUR COMPLAINT.

**INTERROGATORY NO. 9:**  IDENTIFY each PERSON employed or controlled by YOU who negotiated and/or approved YOUR purchase of CRTs from the Thomson Defendants during the RELEVANT PERIOD.

**INTERROGATORY NO. 10:**  IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**INTERROGATORY NO. 11:**  IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to Interrogatory No. 10 reviewed during YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**INTERROGATORY NO. 12:**  IDENTIFY when YOU first learned of the existence of the conspiracy that is the subject of YOUR COMPLAINT.

**INTERROGATORY NO. 13:**  Do YOU contend that Thomson Consumer participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period?  If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson Consumer participated in such a conspiracy regarding CDTs.

**INTERROGATORY NO. 14:**  Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period?  If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson SA participated in such a conspiracy regarding CDTs.

**INTERROGATORY NO. 15:**  IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT against the Thomson Defendants.

**INTERROGATORY NO. 16:**  Explain why YOU did not name Thomson Consumer as a defendant in YOUR original complaint, *Electrograph Systems, Inc.et al. v. Hitachi, Ltd. et al.*, Case No. 2:11-cv-00831, filed by YOU on or about February 18, 2011 in the Eastern District of New York.

1

2     Dated:  June 5, 2014                          _/s/ Kathy L. Osborn_
                                               Kathy L. Osborn (*pro hac vice*)
3                                              Ryan M. Hurley (*pro hac vice*)
                                               Faegre Baker Daniels LLP
4                                              300 N. Meridian Street, Suite 2700
                                               Indianapolis, IN  46204
5                                              Telephone: +1 317-237-0300
                                               Facsimile: +1 317-237-1000
6                                              kathy.osborn@FaegreBD.com
                                               ryan.hurley@FaegreBD.com
7
                                               Jeffrey S. Roberts (*pro hac vice*)
8                                              Faegre Baker Daniels LLP
                                               3200 Wells Fargo Center
9                                              1700 Lincoln Street
                                               Denver, CO  80203
10                                             Telephone: +1 303-607-3500
                                               Facsimile:  +1 303-607-3600
11                                             jeff.roberts@FaegreBD.com

12                                             Stephen M. Judge (*pro hac vice*)
                                               Faegre Baker Daniels LLP
13                                             202 S. Michigan Street, Suite 1400
                                               South Bend, IN  46601
14                                             Telephone: +1 574-234-4149
                                               Facsimile:  +1 574-239-1900
15                                             steve.judge@FaegreBd.com

16
                                               Calvin L. Litsey (SBN 289659)
17                                             Faegre Baker Daniels LLP
                                               1950 University Avenue, Suite 450
18                                             East Palo Alto, CA  94303-2279
                                               Telephone: +1 650-324-6700
19                                             Facsimile: +1 650-324-6701
                                               calvin.litsey@FaegreBD.com
20
                                               ***Attorneys for Defendants Thomson SA and
21                                             Thomson Consumer Electronics, Inc.***

22

23

24

25

26

27

28

# Exhibit 4

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO  80203
Telephone: +1 303-607-3500
Facsimile:  +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

***Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al., No. 13-cv-05724* | **THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ELECTROGRAPH SYSTEMS, INC. AND ELECTROGRAPH TECHNOLOGIES CORP.** |

PROPOUNDING PARTY:    Thomason SA (n/k/a Technicolor SA) and Thomson Consumer
Electronics, Inc. (n/k/a Technicolor USA, Inc.)

RESPONDING PARTIES:    Electrograph Systems, Inc. and Electrograph Technologies Corp.

SET NO.:    One

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Thomson SA and Thomson Consumer Electronics, Inc. ("Thomson Consumer") (the "Thomson Defendants") hereby request Electrograph Systems, Inc. and Electrograph Technologies Corp. (collectively "Electrograph") produce for inspection and copying each of the documents and other things described below within thirty (30) days after the date of service hereof.

## I.    DEFINITIONS

1.    "YOU," "YOUR," and "YOURSELF" means Electrograph Systems, Inc. and Electrograph Technologies Corp. as well as their current and former parent companies, current and former subsidiaries, current and former affiliates, and any employees, agents, attorneys, representatives, or other persons acting or purporting to act on YOUR behalf.

2.    "COMPLAINT" refers to the First Amended Complaint filed by YOU on or about December 20, 2013 in the Northern District of California, Case No. 13-cv-05724.

3.    "CONSPIRATOR" or "CO-CONSPIRATOR" have the same meaning as in the COMPLAINT.

4.    "DEFENDANTS" means the entities enumerated in paragraphs 37 through 46 of the COMPLAINT.

5.    "RELEVANT PERIOD" means the time period alleged in paragraph 1 of the COMPLAINT, i.e., March 1, 1995 to December 2007.

6.    "DOCUMENT" or "DOCUMENTS" means and refers to all items identified in and within the scope of Fed. R. Civ. P. 34(a) and the 1970 Advisory Committee Note thereto, and all forms of "writings" and "recordings" as defined in Fed. R. Evid. 1001(1), and includes any reduction to tangible form, including computer or magnetic memory or storage, of communications, information, or data, including any written, recorded, or filmed graphic matter

of any kind or nature, however produced or reproduced, and including originals, drafts, and non-identical copies, wherever located.  This term includes, but is not limited to, letters, books, contracts, agreements, licenses, assignments, correspondence, computer tapes, computer disks, CD-ROMs, DVDs, printouts, memoranda, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, Trademark Office filings and certificates, emails, website print-outs, notes, telexes, telegrams, telecopies, facsimile reproductions or "faxes," factual compilations, electronic data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, product packaging, graphics, checks, ledgers, sales data, electronic wire transfer documentation, catalogs, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilm, microfiche, films, personnel files, quotes, purchase orders, telephone records, schedules, bids, voice recordings, transcriptions, and lab notebooks.  This definition applies to all DOCUMENTS on the particular subject in your possession, custody, or control, or that of your attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared, or signed the DOCUMENTS.

7.     The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

8.     All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the requests more inclusive.

9.     The use of the past tense of any verb shall include the present tense and vice versa.

10.    The word "any" shall be construed to include "all" and vice versa.

## II.     INSTRUCTIONS

1.     YOU are required to produce all DOCUMENTS in the manner, form, and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the DOCUMENTS.

2.      If YOU cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, YOU must answer the request to the extent possible, specify the portion of the request YOU are unable to answer, and provide whatever information YOU have regarding the answered portion.

3.      In the event that any requested DOCUMENT has been destroyed, lost, discarded, or is otherwise no longer in YOUR possession, custody, or control, YOU shall IDENTIFY the DOCUMENT as completely as possible and specify the date, manner, and reason the DOCUMENT was disposed, the PERSON who authorized the disposal, and the PERSON who disposed of the DOCUMENT.

4.      In the event any information is withheld on a claim of attorney-client privilege, work-product doctrine, or any other applicable privilege, YOU shall provide a privilege log that includes at least the following information:  the nature of the information contained in the withheld DOCUMENT, the DOCUMENT date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that YOU assert supports any claim of privilege.

## III.      REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS which relate to the Thomson Defendants' sale of CRTs and/or CRT Products to YOU during the RELEVANT PERIOD that you have not previously produced in this litigation to another DEFENDANT.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS which reflect communications during the RELEVANT PERIOD between YOU and the Thomson Defendants regarding CRTs and/or CRT Products that you have not previously produced in this litigation to another DEFENDANT.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS related to when YOU investigated, or attempted to investigate, the existence of the alleged antitrust conspiracy that is the subject of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS related to when YOU learned of the existence of the alleged antitrust conspiracy that is the subject of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS related to estimates of the production capacity, output, and/or prices charged by the DEFENDANTS for CRTs and/or CRT Products during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS reflecting transaction level data YOU maintained in the ordinary course of business regarding YOUR purchase of CRTs and CRT Products from each Thomson Defendant during the Relevant Period.  Please include information regarding the Thomson Defendant from which you purchased the product, the date YOU purchased the product from the Thomson Defendant, the entity that paid for the product, the model number/product code of the product purchased, the quantity of the product purchased, the price YOU paid the Thomson Defendant for the product, any rebates, discounts, credits, and/or price adjustments YOU received in connection with each transaction, the entity to whom the product was initially shipped by the Thomson Defendant, and the location at which the product was initially physically received by YOU.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS reflecting transaction level data YOU maintained in the ordinary course of business regarding YOUR sale of CRTs and CRT Products YOU purchased from each Thomson Defendant during the Relevant Period.  Please include information regarding the Thomson Defendant from which you purchased the product, the price YOU paid the Thomson Defendant for the product, the date YOU sold the product YOU purchased from the Thomson Defendant, the model number/product code of the product YOU sold, the quantity of the product YOU sold, the price YOU received when YOU sold the product, and any rebates, discounts, credits, and/or price adjustments YOU provided to the buyer of each product.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS reflecting data YOU maintained in the ordinary course of business regarding profits YOU earned on the sale of CRTs YOU purchased from DEFENDANTS during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS which relate to or reference the Thomson Defendants.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS which relate to YOUR allegation that the Thomson Defendants participated in a conspiracy to fix the price of and/or restrain the output of CRTs during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS referred to in or relied upon to prepare YOUR responses to the Thomson Defendants' First Set of Interrogatories to YOU.

1

2

3    Dated:  June 5, 2014                                    /s/ Kathy L. Osborn
                                                      Kathy L. Osborn (*pro hac vice*)
4                                                     Ryan M. Hurley (*pro hac vice*)
                                                      Faegre Baker Daniels LLP
5                                                     300 N. Meridian Street, Suite 2700
                                                      Indianapolis, IN  46204
6                                                     Telephone: +1 317-237-0300
                                                      Facsimile: +1 317-237-1000
7                                                     kathy.osborn@FaegreBD.com
                                                      ryan.hurley@FaegreBD.com
8
                                                      Jeffrey S. Roberts (*pro hac vice*)
9                                                     Faegre Baker Daniels LLP
                                                      3200 Wells Fargo Center
10                                                    1700 Lincoln Street
                                                      Denver, CO  80203
11                                                    Telephone: +1 303-607-3500
                                                      Facsimile:  +1 303-607-3600
12                                                    jeff.roberts@FaegreBD.com

13                                                    Stephen M. Judge (*pro hac vice*)
                                                      Faegre Baker Daniels LLP
14                                                    202 S. Michigan Street, Suite 1400
                                                      South Bend, IN  46601
15                                                    Telephone: +1 574-234-4149
                                                      Facsimile:  +1 574-239-1900
16                                                    steve.judge@FaegreBd.com

17                                                    Calvin L. Litsey (SBN 289659)
                                                      Faegre Baker Daniels LLP
18                                                    1950 University Avenue, Suite 450
                                                      East Palo Alto, CA  94303-2279
19                                                    Telephone: +1 650-324-6700
                                                      Facsimile: +1 650-324-6701
20                                                    calvin.litsey@FaegreBD.com

21                                                    ***Attorneys for Defendants Thomson SA and***
                                                      ***Thomson Consumer Electronics, Inc.***

22

23

24

25

26

27

28

# Exhibit 5

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
            anardacci@bsfllp.com

*Counsel for Plaintiff ABC Appliance, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION <br><br> This Document Relates To Individual Case No. 3:13-cv-05725-SC (N.D. Cal.) | Case No. 3:13-cv-05725-SC <br><br> Master File No. 3:07-cv-05944-SC (N.D. Cal.) <br><br> MDL No. 1917 |
| P.C. RICHARD & SON LONG ISLAND CORPORATION, *et al.,* <br><br>        Plaintiffs, <br><br>    v. <br><br> TECHNICOLOR SA, *et al.,* <br><br>        Defendants. | **ABC APPLIANCE, INC.'S OBJECTIONS AND RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S  FIRST SET OF INTERROGATORIES** |

ABC APPLIANCE, INC.'S OBJECTIONS AND
RESPONSES  TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

1

2

**PROPOUNDING PARTIES:**          Defendants Thomson SA and Thomson
                                  Consumer Electronics, Inc.

3

**RESPONDING PARTY:**             ABC Appliance, Inc.

4

**SET:**                          One

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ABC APPLIANCE, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF          - 1 -
INTERROGATORIES

1    **RESPONSE TO INTERROGATORY NO. 2:**

2          Plaintiff refers to and incorporates its General Objections as if set forth fully herein.

3    Plaintiff further objects that this Interrogatory is premature given that Defendants first produced

4    documents in response to Plaintiff's discovery requests on June 25, 2014.   Plaintiff further

5    objects to the extent this request calls for expert testimony.   Plaintiff further objects to this

6    Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other

7    defendants in this matter, in violation of the integration order included in section XV,

8    subsections D and E of the Court's "Order Re Discovery and Case Management Protocol,"

9    entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re

10   Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal.

11   April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for

12   information that is covered by attorney-client privilege or the work product protection.  Plaintiff

13   further objects to the extent this request calls for information that is equally available to

14   Defendants.

15          Subject to and notwithstanding the foregoing objections, Plaintiff states that information

16   responsive to this Interrogatory can be found in the following discovery:

17   •   Plaintiff's Responses to Toshiba America Information Systems, Inc.'s First Set of

18       Interrogatories and Philips Electronics North America Corporation's Third Set of

19       Interrogatories, Nos. 1, 2, and 9, including all supplemental responses thereto; and

20   •   Plaintiff's Responses to Samsung Electronics America, Inc.'s, Tatung Company of

21       America, Inc.'s, Toshiba America Electronic Components, Inc.'s, and Philips

22       Electronics North America Corporation's First Set of Interrogatories, Nos. 12 and 14,

23       including all supplemental responses thereto.

24          Plaintiff also refers Defendants to any response referencing Thomson or its personnel in

25   the following:

26   •   Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs'

27       First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

28

ABC APPLIANCE, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF          - 6 -
INTERROGATORIES

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

ABC APPLIANCE, INC.'S OBJECTIONS AND RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES

- 7 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

1
2
3

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

4
5
6

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

7
8

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

9

Plaintiff expressly incorporates these discovery responses by reference.

10    Subject to and without waiving the foregoing objections, Plaintiff also refers Defendants
11 to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-
12 CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-
13 CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490;
14 SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511;
15 SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-
16 0087334;   SDCRT-0002488;   HEDUS-CRT00164814;   HEDUS-CRT00164816;   HEDUS-
17 CRT00168774;   SDCRT-0087336;   SDCRT-0087662;   HEDUS-CRT00188826;   SDCRT-
18 0087340;  CHU00121161;  SDCRT-0087667;  CHU00031136;  SDCRT-0002582;  SDCRT-
19 0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-
20 00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-
21 CRT-010790;   PHLP-CRT-087372;   TDA02994;   SDCRT-0006632;   SDCRT-0088604;
22 TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-
23 0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483;
24 MTPD-0314102;  MTPD-0184084;  MTPD-0426066;  SDCRT-0088629;  SDCRT-0005709;
25 SDCRT-0088635;  SDCRT-0088661;  MTPD-0026563;  MTPD-0043577;  MTPD-0014992;
26 MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1;
27 MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798;
28 PHLP-CRT069800;   SDCRT-0002998;   SDCRT-0002984;   HEDUS-CRT00161054;

ABC APPLIANCE, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES                                    - 8 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

Plaintiff also refers Defendants to European Commission announcement of fine of producers of cathode ray tubes. European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 3:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014. Plaintiff further objects to the extent this request calls for expert testimony. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128. Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Plaintiff further objects to the extent this request calls for information that is equally available to

ABC APPLIANCE, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 9 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff states that information responsive to this Interrogatory can be found in the following discovery:

- Plaintiff's Responses to Toshiba America Information Systems, Inc.'s First Set of Interrogatories and Philips Electronics North America Corporation's Third Set of Interrogatories, Nos. 1, 2, and 9, including all supplemental responses thereto.

- Plaintiff's Responses to Samsung Electronics America, Inc.'s, Tatung Company of America, Inc.'s, Toshiba America Electronic Components, Inc.'s, and Philips Electronics North America Corporation's First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Plaintiff also refers Defendants to any response referencing Thomson or its personnel in the following:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

ABC APPLIANCE, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 10 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Plaintiff expressly incorporates these discovery responses by reference.

Subject to and without waiving the foregoing objections, Plaintiff also refers Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-

ABC APPLIANCE, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 11 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

Plaintiff also refers Defendants to European Commission announcement of fine of producers of cathode ray tubes. European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 4:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer continued to participate in the conspiracy that is the subject of YOUR COMPLAINT after its CRT assets were sold to Videocon in July 2005.

ABC APPLIANCE, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 12 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

completed its discovery and preparation in this matter, and its investigation of these cases is ongoing.  This Response is being made after reasonable inquiry into the relevant facts, and is based only upon the information and documentation that is presently known to Plaintiff.  Further investigation and discovery may result in the identification of additional information or contentions, and Plaintiff reserves the right to modify or supplement its response.  Plaintiff's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit their use of any additional evidence that may be developed.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to its Initial Disclosures made in this multidistrict litigation, dated March 27, 2014.  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff further refers to its document productions in this litigation, including its production of organizational charts and similar documents pursuant to Defendants' Requests for Production.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 10:**

IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

ABC APPLIANCE, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 19 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

1  **INTERROGATORY NO. 11:**

2  IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to Interrogatory

3  No. 10 reviewed during YOUR investigation into whether the Thomson Defendants participated

4  in the conspiracy that is the subject of YOUR COMPLAINT.

5  **RESPONSE TO INTERROGATORY NO. 11:**

6  Plaintiff refers to and incorporates its General Objections as if set forth fully herein.

7  Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in

8  whole or in part, made by other defendants in this matter, in violation of the integration order

9  included in section XV, subsections D and E of the Court's "Order Re Discovery and Case

10  Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case

11  Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC

12  MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the

13  extent that this request calls for information that is covered by attorney-client privilege or the

14  work product protection.

15  **INTERROGATORY NO. 12:**

16  IDENTIFY when YOU first learned of the existence of the conspiracy that is the subject

17  of YOUR COMPLAINT.

18  **RESPONSE TO INTERROGATORY NO. 12:**

19  Plaintiff refers to and incorporates its General Objections as if set forth fully herein.

20  Plaintiff further objects that this Interrogatory is premature given that Defendants first produced

21  documents in response to Plaintiff's discovery requests on June 25, 2014.  Plaintiff further

22  objects to the extent this request calls for expert testimony.  Plaintiff further objects to this

23  Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other

24  defendants in this matter, in violation of the integration order included in section XV,

25  subsections D and E of the Court's "Order Re Discovery and Case Management Protocol,"

26  entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re

27  Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal.

28  April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for

ABC APPLIANCE, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 20 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

- Plaintiff's Responses to Samsung Electronics America, Inc.'s, Tatung Company of America, Inc.'s, Toshiba America Electronic Components, Inc.'s, and Philips Electronics North America Corporation's First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 13:**

Do YOU contend that Thomson Consumer participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson Consumer participated in such a conspiracy regarding CDTs.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.  Plaintiff further objects to the extent this request calls for expert testimony.  Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to this Interrogatory to the extent that it calls for a legal conclusion or legal argumentation.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally

ABC APPLIANCE, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 21 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to its response to Interrogatories Nos. 2 and 3.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 14:**

Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson SA participated in such a conspiracy regarding CDTs.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014. Plaintiff further objects to the extent this request calls for expert testimony. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128. Plaintiff further objects to this Interrogatory to the extent that it calls for a legal conclusion or legal argumentation. Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to its response to Interrogatories Nos. 2 and 3.

ABC APPLIANCE, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 22 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 15:**

IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT against the Thomson Defendants.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128. Plaintiff further objects to this Interrogatory as wholly duplicative of Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8 and 12. Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

**INTERROGATORY NO. 16:**

Explain why YOU did not name Thomson Consumer as a defendant in your original complaint, *P.C. Richard & Son Long Island Corporation et al. v. Hitachi, Ltd. et al.*, Case No. 1:11-cv-05530, filed by YOU on or about November 14, 2011 in the Eastern District of New York.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

ABC APPLIANCE, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 23 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

1

2
DATED:  July 10, 2014            /s/ Philip J. Iovieno

3
Philip J. Iovieno
Anne M. Nardacci

4
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207

5
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665

6
Email:  piovieno@bsfllp.com
               anardacci@bsfllp.com

7

8
William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP

9
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015

10
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
Email:  wisaacson@bsfllp.com

11

12
*Counsel for Plaintiff ABC Appliance, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 6

1   William A. Isaacson
    BOIES, SCHILLER & FLEXNER LLP
2   5301 Wisconsin Ave. NW, Suite 800
    Washington, D.C.  20015
3   Telephone:  (202) 237-2727
    Facsimile:   (202) 237-6131
4   Email:  wisaacson@bsfllp.com

5   Philip J. Iovieno
    Anne M. Nardacci
6   BOIES, SCHILLER & FLEXNER LLP
    30 South Pearl Street, 11th Floor
7   Albany, NY  12207
    Telephone:  (518) 434-0600
8   Facsimile:  (518) 434-0665
    Email:  piovieno@bsfllp.com
9           anardacci@bsfllp.com

10  *Counsel for Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.*

11              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
12                 **SAN FRANCISCO DIVISION**

13

14  In re: CATHODE RAY TUBE (CRT)          Case No. 3:13-cv-05724-SC
    ANTITRUST LITIGATION
15                                          Master File No. 3:07-cv-05944-SC (N.D. Cal.)
    This Document Relates To Individual Case No.
    3:13-cv-05724-SC (N.D. Cal.)            MDL No. 1917
16

17  ELECTROGRAPH SYSTEMS, INC.  *et al.,*   **ELECTROGRAPH SYSTEMS, INC. AND**
                                            **ELECTROGRAPH TECHNOLOGIES**
18                                          **CORP.'S OBJECTIONS AND**
                                            **RESPONSES TO THOMSON SA AND**
19          Plaintiffs,                     **THOMSON CONSUMER**
                                            **ELECTRONICS, INC.'S  FIRST SET OF**
20      v.                                  **INTERROGATORIES**

21  TECHNICOLOR SA, *et al.*,

22

23          Defendants.

24

25

26

27

28

ELECTROGRAPH'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

Case No. 3:13-cv-05724-SC
Master File No. 3:07-cv-05944-SC

1

2

**PROPOUNDING PARTIES:**          Defendants Thomson SA and Thomson
                                  Consumer Electronics, Inc.

3

**RESPONDING PARTIES:**           Electrograph Systems, Inc. and Electrograph
                                  Technologies Corp.

4

**SET:**                          One

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ELECTROGRAPH'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF                    - 1 -
INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs refer to and incorporate their General Objections as if set forth fully herein. Plaintiffs further object that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiffs' discovery requests on June 25, 2014.  Plaintiffs further object to the extent this request calls for expert testimony.  Plaintiffs further object to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiffs further object to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Plaintiffs further object to the extent this request calls for information that is equally available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiffs state that information responsive to this Interrogatory can be found in the following discovery:

- Plaintiffs' Responses to Hitachi America, Ltd.'s and Samsung SDI Co., Ltd.'s First Set of Interrogatories, Nos. 1, 2, and 12, including all supplemental responses thereto; and

- Plaintiffs' Responses to Panasonic Corporation's and LG Electronics, Inc.'s First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Plaintiffs also refer Defendants to any response referencing Thomson or its personnel in the following:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita

ELECTROGRAPH'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES
- 6 -

Case No. 3:13-cv-05724-SC
Master File No. 3:07-cv-05944-SC

1   Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories

2   (dated November 2, 2011);

3   • Third Supplemental Responses and Objections of Panasonic Corporation of North

4   America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita

5   Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories

6   (dated December 23, 2011);

7   • Toshiba America Electronic Components, Inc.'s Supplemental Objections and

8   Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of

9   Interrogatories (dated February 10, 2012);

10   • Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos.

11   4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10,

12   2012);

13   • Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct

14   Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated

15   February 10, 2012);

16   • Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser

17   Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10,

18   2012);

19   • Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to

20   Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21,

21   2012);

22   • Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and

23   Philips Electronics North America Corporation Responses to Direct Purchaser

24   Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

25   • Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental

26   Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No.

27   5 (dated April 12, 2013);

28

ELECTROGRAPH'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES                                          - 7 -

Case No. 3:13-cv-05724-SC
Master File No. 3:07-cv-05944-SC

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Plaintiffs expressly incorporate these discovery responses by reference.

Subject to and without waiving the foregoing objections, Plaintiffs also refer Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-

ELECTROGRAPH'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 8 -

Case No. 3:13-cv-05724-SC
Master File No. 3:07-cv-05944-SC

1   0091875; CHU00033243; CHU00734336; CHU00032940.

2       Plaintiffs also refer Defendants to European Commission announcement of fine of

3   producers of cathode ray tubes. European Commission, "Antitrust: Commission fines producers

4   of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012),

5   *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

6       Discovery is ongoing and Plaintiffs reserve the right to supplement and/or amend their

7   response to this Interrogatory.

8   **INTERROGATORY NO. 3:**

9       IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation

10  that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other

11  CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States

12  during the RELEVANT PERIOD.

13  **RESPONSE TO INTERROGATORY NO. 3:**

14      Plaintiffs refer to and incorporate their General Objections as if set forth fully herein.

15  Plaintiffs further object that this Interrogatory is premature given that Defendants first produced

16  documents in response to Plaintiffs' discovery requests on June 25, 2014. Plaintiffs further

17  object to the extent this request calls for expert testimony. Plaintiffs further object to this

18  Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other

19  defendants in this matter, in violation of the integration order included in section XV,

20  subsections D and E of the Court's "Order Re Discovery and Case Management Protocol,"

21  entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re

22  Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal.

23  April 3, 2012), Docket No. 1128. Plaintiffs further object to the extent that this request calls for

24  information that is covered by attorney-client privilege or the work product protection. Plaintiffs

25  further object to the extent this request calls for information that is equally available to

26  Defendants.

27      Subject to and notwithstanding the foregoing objections, Plaintiffs state that information

28  responsive to this Interrogatory can be found in the following discovery:

ELECTROGRAPH'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF                    - 9 -
INTERROGATORIES

- Plaintiffs' Responses to Hitachi America, Ltd.'s and Samsung SDI Co., Ltd.'s First Set of Interrogatories, Nos. 1, 2, and 12, including all supplemental responses thereto; and

- Plaintiffs' Responses to Panasonic Corporation's and LG Electronics, Inc.'s First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Plaintiffs also refer Defendants to any response referencing Thomson or its personnel in the following:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

ELECTROGRAPH'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 10 -

Case No. 3:13-cv-05724-SC
Master File No. 3:07-cv-05944-SC

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Plaintiffs expressly incorporate these discovery responses by reference.

Subject to and without waiving the foregoing objections, Plaintiffs also refer Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-

ELECTROGRAPH'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 11 -

Case No. 3:13-cv-05724-SC
Master File No. 3:07-cv-05944-SC

1  00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-

2  CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604;

3  TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-

4  0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483;

5  MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709;

6  SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992;

7  MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1;

8  MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798;

9  PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054;

10  CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-

11  037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-

12  0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-

13  0091875; CHU00033243; CHU00734336; CHU00032940.

14  Plaintiffs also refer Defendants to European Commission announcement of fine of

15  producers of cathode ray tubes. European Commission, "Antitrust: Commission fines producers

16  of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012),

17  *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

18  Discovery is ongoing and Plaintiffs reserve the right to supplement and/or amend their

19  response to this Interrogatory.

20  **INTERROGATORY NO. 4:**

21  IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation

22  that Thomson Consumer continued to participate in the conspiracy that is the subject of YOUR

23  COMPLAINT after its CRT assets were sold to Videocon in July 2005.

24  **RESPONSE TO INTERROGATORY NO. 4:**

25  Plaintiffs refer to and incorporate their General Objections as if set forth fully herein.

26  Plaintiffs further object that this Interrogatory is premature given that Defendants first produced

27  documents in response to Plaintiffs' discovery requests on June 25, 2014. Plaintiffs further

28  object to the extent this request calls for expert testimony. Plaintiffs further object to the extent

right to conduct further investigation in this case, or to limit their use of any additional evidence that may be developed.

Subject to and notwithstanding the foregoing objections, Plaintiffs refer to their Initial Disclosures made in this multidistrict litigation, dated March 27, 2014.  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs further refer to their document productions in this litigation, including their production of organizational charts and similar documents pursuant to Defendants' Requests for Production.

Discovery is ongoing and Plaintiffs reserve the right to supplement and/or amend their response to this Interrogatory.

**INTERROGATORY NO. 10:**

IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs refer to and incorporate their General Objections as if set forth fully herein. Plaintiffs further object to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiffs further object to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

ELECTROGRAPH'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 19 -

Case No. 3:13-cv-05724-SC
Master File No. 3:07-cv-05944-SC

**INTERROGATORY NO. 11:**

IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to Interrogatory No. 10 reviewed during YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiffs refer to and incorporate their General Objections as if set forth fully herein. Plaintiffs further object to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiffs further object to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

**INTERROGATORY NO. 12:**

IDENTIFY when YOU first learned of the existence of the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiffs refer to and incorporate their General Objections as if set forth fully herein. Plaintiffs further object that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiffs' discovery requests on June 25, 2014.  Plaintiffs further object to the extent this request calls for expert testimony.  Plaintiffs further object to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiffs further object to the extent that this request calls for

ELECTROGRAPH'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 20 -

Case No. 3:13-cv-05724-SC
Master First File No. 3:07-cv-05944-SC

1   information that is covered by attorney-client privilege or the work product protection.  Plaintiffs

2   further object to the extent this request calls for information that is equally available to

3   Defendants.

4   • Plaintiffs' Responses to Panasonic Corporation's and LG Electronics, Inc.'s First Set

5   of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

6   Discovery is ongoing and Plaintiffs reserve the right to supplement and/or amend their

7   response to this Interrogatory.

8   **INTERROGATORY NO. 13:**

9   Do YOU contend that Thomson Consumer participated in the alleged conspiracy to fix

10  the price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend,

11  IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson

12  Consumer participated in such a conspiracy regarding CDTs.

13  **RESPONSE TO INTERROGATORY NO. 13:**

14  Plaintiffs refer to and incorporate their General Objections as if set forth fully herein.

15  Plaintiffs further object that this Interrogatory is premature given that Defendants first produced

16  documents in response to Plaintiffs' discovery requests on June 25, 2014.  Plaintiffs further

17  object to the extent this request calls for expert testimony.  Plaintiffs further object to this

18  Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other

19  defendants in this matter, in violation of the integration order included in section XV,

20  subsections D and E of the Court's "Order Re Discovery and Case Management Protocol,"

21  entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re

22  Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal.

23  April 3, 2012), Docket No. 1128.  Plaintiffs further object to this Interrogatory to the extent that

24  it calls for a legal conclusion or legal argumentation.  Plaintiffs further object to the extent that

25  this request calls for information that is covered by attorney-client privilege or the work product

26  protection.  Plaintiffs further object to the extent this request calls for information that is equally

27  available to Defendants.

28

ELECTROGRAPH'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 21 -

Case No. 3:13-cv-05724-SC
Master File No. 3:07-cv-05944-SC

1   Subject to and notwithstanding the foregoing objections, Plaintiffs refer to their response

2   to Interrogatories Nos. 2 and 3.

3   Discovery is ongoing and Plaintiffs reserve the right to supplement and/or amend their

4   response to this Interrogatory.

5   **INTERROGATORY NO. 14:**

6   Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the price

7   of and/or reduce the output of CDTs during the relevant period? If YOU do so contend,

8   IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson SA

9   participated in such a conspiracy regarding CDTs.

10  **RESPONSE TO INTERROGATORY NO. 14:**

11  Plaintiffs refer to and incorporate their General Objections as if set forth fully herein.

12  Plaintiffs further object that this Interrogatory is premature given that Defendants first produced

13  documents in response to Plaintiffs' discovery requests on June 25, 2014.   Plaintiffs further

14  object to the extent this request calls for expert testimony.   Plaintiffs further object to this

15  Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other

16  defendants in this matter, in violation of the integration order included in section XV,

17  subsections D and E of the Court's "Order Re Discovery and Case Management Protocol,"

18  entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re

19  Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal.

20  April 3, 2012), Docket No. 1128.  Plaintiffs further object to this Interrogatory to the extent that

21  it calls for a legal conclusion or legal argumentation.  Plaintiffs further object to the extent that

22  this request calls for information that is covered by attorney-client privilege or the work product

23  protection.  Plaintiffs further object to the extent this request calls for information that is equally

24  available to Defendants.

25  Subject to and notwithstanding the foregoing objections, Plaintiffs refer to their response

26  to Interrogatories Nos. 2 and 3.

27  Discovery is ongoing and Plaintiffs reserve the right to supplement and/or amend their

28  response to this Interrogatory.

ELECTROGRAPH'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF                        - 22 -
INTERROGATORIES

Case No. 3:13-cv-05724-SC
Master File No. 3:07-cv-05944-SC

**INTERROGATORY NO. 15:**

IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT against the Thomson Defendants.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiffs refer to and incorporate their General Objections as if set forth fully herein. Plaintiffs further object to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128. Plaintiffs further object to this Interrogatory as wholly duplicative of Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8 and 12. Plaintiffs further object to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

**INTERROGATORY NO. 16:**

Explain why YOU did not name Thomson Consumer as a defendant in your original complaint, *Electrograph Systems, Inc. et al. v. Hitachi, Ltd. et al.*, Case No. 2:11-cv-00831, filed by YOU on or about February 18, 2011 in the Eastern District of New York.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiffs refer to and incorporate their General Objections as if set forth fully herein. Plaintiffs further object to this Interrogatory as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

DATED:  July 10, 2014          */s/ Philip J. Iovieno*

Philip J. Iovieno

ELECTROGRAPH'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 23 -

Case No. 3:13-cv-05724-SC
Master File No. 3:07-cv-05944-SC

Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
          anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

*Counsel for Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.*

ELECTROGRAPH'S OBJECTIONS AND RESPONSES
TO THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 24 -

Case No. 3:13-cv-05724-SC
Master File No. 3:07-cv-05944-SC

# Exhibit 7

1  William A. Isaacson
   BOIES, SCHILLER & FLEXNER LLP
2  5301 Wisconsin Ave. NW, Suite 800
   Washington, D.C.  20015
3  Telephone:  (202) 237-2727
   Facsimile:   (202) 237-6131
4  Email:  wisaacson@bsfllp.com

5  Philip J. Iovieno
   Anne M. Nardacci
6  BOIES, SCHILLER & FLEXNER LLP
   30 South Pearl Street, 11th Floor
7  Albany, NY  12207
   Telephone:  (518) 434-0600
8  Facsimile:   (518) 434-0665
   Email:  piovieno@bsfllp.com
9          anardacci@bsfllp.com

10 *Counsel for Plaintiff Interbond Corporation of America*

11            **UNITED STATES DISTRICT COURT**
             **NORTHERN DISTRICT OF CALIFORNIA**
12              **SAN FRANCISCO DIVISION**

13

14 | In re: CATHODE RAY TUBE (CRT) | Case No. 3:13-cv-05727-SC |
   | ANTITRUST LITIGATION | |

15 | This Document Relates To Individual Case No. | Master File No. 3:07-cv-05944-SC (N.D. Cal.) |
   | 3:13-cv-05727-SC (N.D. Cal.) | |

16 | | MDL No. 1917 |

17 | INTERBOND CORPORATION OF | **INTERBOND CORPORATION OF** |
   | AMERICA, | **AMERICA'S OBJECTIONS AND** |
18 | | **RESPONSES TO THOMSON SA AND** |
   | | **THOMSON CONSUMER** |
19 |          Plaintiff, | **ELECTRONICS, INC.'S  FIRST SET OF** |
   | | **INTERROGATORIES** |
20 |    v. | |

21 | TECHNICOLOR SA, *et al*., | |

22 | | |
   |          Defendants. | |
23

24

25

26

27

28

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES  TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

1

2

**PROPOUNDING PARTIES:**          Defendants Thomson SA and Thomson
                                  Consumer Electronics, Inc.

**RESPONDING PARTY:**             Interbond Corporation of America

**SET:**                          One

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S          - 1 -
FIRST SET OF INTERROGATORIES

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.   Plaintiff further objects to the extent this request calls for expert testimony.   Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.   Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff refers Defendants to documents produced in this litigation with the following Bates numbers:

CHU 00028291–CHU 00028292; CHU 00036414–CHU 00036415; CHU 00021262– CHU 00021263; CHU 00029116–CHU 00029123; CHU 00029131–CHU 00029137; CHU 00029144–CHU 00029146; CHU 00029152–CHU 00029154; CHU 00029179–CHU 00029184; CHU 00029281–CHU 00029286; CHU 00005963–CHU 00005963; CHU 00005997–CHU 00006001; CHU 00006009–CHU 00006010; CHU 00006362–CHU 00006363; CHU 00014200– CHU 00014201; CHU 00014202–CHU 00014206; CHU 00014215–CHU 00014217; CHU 00014218; CHU 00014219–CHU 00014222; CHU 00014223–CHU 00014226; CHU 00014227– CHU 00014229; CHU 00014230–CHU 00014231; CHU 00014232; CHU 00017115–CHU 00017115; CHU 00020660–CHU 00020660; CHU 00020661–CHU 00020662; CHU 00020779– CHU 00020781; CHU 00021268–CHU 00021271; CHU 00021268–CHU 00021271; CHU 00021272–CHU 00021278; CHU 00021289; CHU 00022696–CHU 00022696; CHU 00024554– CHU 00024559; CHU 00024560–CHU 00024568; CHU 00028203; CHU 00028209–CHU

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 6 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

00028210; CHU 00028215–CHU 00028216; CHU 00028218–CHU 00028220; CHU 00028228; CHU 00028229–CHU 00028230; CHU 00028240; CHU 00028245–CHU 00028246; CHU 00028250–CHU 00028251; CHU 00028252–CHU 00028253; CHU 00028254–CHU 00028256; CHU 00028257–CHU 00028259; CHU 00028260–CHU 00028262; CHU 00028263–CHU 00028264; CHU 00028265–CHU 00028266; CHU 00028269–CHU 00028272; CHU 00028273–CHU 00028274; CHU 00028275–CHU 00028276; CHU 00028277–CHU 00028278; CHU 00028281–CHU 00028282; CHU 00028283–CHU 00028285; CHU 00028295–CHU 00028296; CHU 00028297–CHU 00028298; CHU 00028300–CHU 00028301; CHU 00028302–CHU 00028304; CHU 00028311–CHU 00028313; CHU 00028374–CHU 00028375; CHU 00028376; CHU 00028382–CHU 00028382; CHU 00028385–CHU 00028387; CHU 00028393; CHU 00028396–CHU 00028397; CHU 00028398–CHU 00028399; CHU 00028400–CHU 00028401; CHU 00028424; CHU 00028432–CHU 00028433; CHU 00028438; CHU 00028441–CHU 00028446; CHU 00028451–CHU 00028452; CHU 00028459–CHU 00028460; CHU 00028461–CHU 00028462; CHU 00028463–CHU 00028464; CHU 00028465–CHU 00028466; CHU 00028467–CHU 00028468; CHU 00028469–CHU 00028471; CHU 00028472–CHU 00028474; CHU 00028482–CHU 00028486; CHU 00028487–CHU 00028489; CHU 00028490–CHU 00028492; CHU 00028493–CHU 00028494; CHU 00028495–CHU 00028496; CHU 00028497; CHU 00028499–CHU 00028500; CHU 00028501–CHU 00028502; CHU 00028503–CHU 00028504; CHU 00028524–CHU 00028525; CHU 00028548–CHU 00028550; CHU 00028556–CHU 00028557; CHU 00028558; CHU 00028565–CHU 00028566; CHU 00028589–CHU 00028590; CHU 00028597–CHU 00028597; CHU 00028599–CHU 00028600; CHU 00028602–CHU 00028603; CHU 00028604–CHU 00028605; CHU 00028612; CHU 00028613–CHU 00028614; CHU 00028615; CHU 00028621–CHU 00028622; CHU 00028625–CHU 00028626; CHU 00028632–CHU 00028634; CHU 00028635–CHU 00028637; CHU 00028638; CHU 00028639–CHU 00028641; CHU 00028642–CHU 00028644; CHU 00028645–CHU 00028646; CHU 00028647; CHU 00028648–CHU 00028650; CHU 00028651–CHU 00028652; CHU 00028653; CHU 00028654–CHU 00028655; CHU 00028656–CHU 00028657; CHU 00028658–CHU 00028659; CHU 00028661–CHU 00286612; CHU 00028666–CHU 00028667; CHU

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 7 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

00028668–CHU 00028669; CHU 00028670–CHU 00028671; CHU 00028672–CHU 00028673; CHU 00028674–CHU 00028676; CHU 00028677–CHU 00028679; CHU 00028685–CHU 00028686; CHU 00028687–CHU 00028688; CHU 00028689–CHU 00028690; CHU 00028691–CHU 00028693; CHU 00028698; CHU 00028699–CHU 00028700; CHU 00028701–CHU 00028703; CHU 00028707–CHU 00028710; CHU 00028711–CHU 00028712; CHU 00028713–CHU 00028714; CHU 00028723–CHU 00028724; CHU 00028725–CHU 00028727; CHU 00028730–CHU 00028733; CHU 00028734–CHU 00028735; CHU 00028740–CHU 00028743; CHU 00028746; CHU 00028749–CHU 00028751; CHU 00028752–CHU 00028754; CHU 00028755–CHU 00028756; CHU 00028760–CHU 00028762; CHU 00028763–CHU 00028767; CHU 00028768–CHU 00028770; CHU 00028776–CHU 00028780; CHU 00028781–CHU 00028783; CHU 00028784–CHU 00028785; CHU 00028786–CHU 00028788; CHU 00028789–CHU 00028790; CHU 00028791–CHU 00028793; CHU 00028799–CHU 00028800; CHU 00028803–CHU 00028804; CHU 00028807–CHU 00028808; CHU 00028809–CHU 00028810; CHU 00028815–CHU 00028816; CHU 00028815–CHU 00028816; CHU 00028817–CHU 00028820; CHU 00028821–CHU 00028823; CHU 00028824–CHU 00028840; CHU 00028841–CHU 00028843; CHU 00028848–CHU 00028850; CHU 00028851–CHU 00028851; CHU 00028853–CHU 00028855; CHU 00028865–CHU 00028867; CHU 00028869–CHU 00028872; CHU 00028873; CHU 00028874–CHU 00028876; CHU 00028877–CHU 00028878; CHU 00028887–CHU 00028888; CHU 00028889–CHU 00028892; CHU 00028896; CHU 00028897–CHU 00028898; CHU 00028901; CHU 00028907–CHU 00028907; CHU 00028911–CHU 00028911; CHU 00028912–CHU 00028914; CHU 00028930–CHU 00028931; CHU 00028933–CHU 00028945; CHU 00028950–CHU 00028951; CHU 00028952–CHU 00028954; CHU 00028955–CHU 00028957; CHU 00028958; CHU 00028959; CHU 00028960–CHU 00028961; CHU 00028962–CHU 00028963; CHU 00028968–CHU 00028969; CHU 00028975–CHU 00028976; CHU 00029039–CHU 00029041; CHU 00029046–CHU 00029047; CHU 00029048–CHU 00029049; CHU 00029050–CHU 00029051; CHU 00029105–CHU 00029107; CHU 00029110–CHU 00029115; CHU 00029138–CHU 00029140; CHU 00029144–CHU 00029146; CHU 00029147–CHU 00029151; CHU 00029155–CHU 00029162; CHU 00029163–CHU

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 8 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

00029170; CHU 00029175–CHU 00029178; CHU 00029189–CHU 00029190; CHU 00029191–CHU 00029194; CHU 00029228–CHU 00029230; CHU 00029235–CHU 00029237; CHU 00029245–CHU 00029247; CHU 00029248–CHU 00029258; CHU 00029259–CHU 00029261; CHU 00029262–CHU 00029264; CHU 00029281–CHU 00029286; CHU 00029293–CHU 00029297; CHU 00029316–CHU 00029320; CHU 00030036–CHU 00030039; CHU 00030056–CHU 00030057; CHU 00030366; CHU 00030406–CHU 00030407; CHU 00030437–CHU 00030438; CHU 00030439–CHU 00030442; CHU 00030449–CHU 00030457; CHU 00030458–CHU 00030462; CHU 00030472–CHU 00030473; CHU 00030526–CHU 00030529; CHU 00030530–CHU 00030532; CHU 00030559–CHU 00030562; CHU 00030679–CHU 00030683; CHU 00030675–CHU 00030678; CHU 00030688–CHU 00030691; CHU 00030692–CHU 00030694; CHU 00030695–CHU 00030697; CHU 00030698–CHU 00030700; CHU 00030701–CHU 00030702; CHU 00030705–CHU 00030708; CHU 00030713–CHU 00030716; CHU 00030720–CHU 00030727; CHU 00030731–CHU 00030733; CHU 00030741–CHU 00030744; CHU 00030749–CHU 00030751; CHU 00030752–CHU 00030755; CHU 00030756–CHU 00030757–CHU 00030762; CHU 00030763–CHU 00030765; CHU 00030769–CHU 00030770; CHU 00030777–CHU 00030780; CHU 00030787–CHU 00030794; CHU 00030797–CHU 00030798; CHU 00030799–CHU 00030800; CHU 00030807–CHU 00030815; CHU 00030809–CHU 00030814; CHU 00030816–CHU 00030818; CHU 00030819–CHU 00030822; CHU 00030827–CHU 00030830; CHU 00030831–CHU 00030834; CHU 00030835–CHU 00030838; CHU 00030839–CHU 00030940; CHU 00030841–CHU 00030842; CHU 00030843–CHU 00030845; CHU 00030846–CHU 00030850; CHU 00030855–CHU 00030868; CHU 00030881–CHU 00030884; CHU 00030888–CHU 00030893; CHU 00030899–CHU 00030903; CHU 00030904–CHU 00030909; CHU 00030912–CHU 00030915; CHU 00030916–CHU 00030916; CHU 00030916–CHU 00030916; CHU 00030917–CHU 00030919; CHU 00030941–CHU 00030943; CHU 00030946–CHU 00030947; CHU 00030948–CHU 00030950; CHU 00030953–CHU 00030956; CHU 00030960–CHU 00030962; CHU 00030973–CHU 00030975; CHU 00030985–CHU 00030990; CHU 00030992–CHU 00030994; CHU 00030995–CHU 00030997; CHU 00030995–CHU 00030997; CHU 00030998–CHU 00030998; CHU 00031002–CHU

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 9 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

00031005; CHU 00031006–CHU 00031009; CHU 00031010–CHU 00031012; CHU 00031013–CHU 00031014; CHU 00031015–CHU 00031016; CHU 00031017; CHU 00031018–CHU 00031020; CHU 00031028–CHU 00031030; CHU 00031032–CHU 00031035; CHU 00031040–CHU 00031043; CHU 00031044–CHU 00031046; CHU 00031051–CHU 00031055; CHU 00031056–CHU 00031057; CHU 00031067–CHU 00031073; CHU 00031070–CHU 00031074; CHU 00031075–CHU 00031087; CHU 00031088–CHU 00031091; CHU 00031092–CHU 00031093; CHU 00031098; CHU 00031107–CHU 00031109; CHU 00031111–CHU 00031112; CHU 00031113–CHU 00031114; CHU 00031116; CHU 00031123–CHU 00031125; CHU 00031126–CHU 00031128; CHU 00031129–CHU 00031132; CHU 00031133; CHU 00031136; CHU 00031137; CHU 00031138–CHU 00031139; CHU 00031140; CHU 00031141–CHU 00031141; CHU 00031142–CHU 00031147; CHU 00031150–CHU 00031152; CHU 00031155–CHU 00031158; CHU 00031163–CHU 00031165; CHU 00031172–CHU 00031173; CHU 00031174–CHU 00031175; CHU 00031176–CHU 00031176; CHU 00031178–CHU 00031179; CHU 00031180–CHU 00031181; CHU 00031182; CHU 00031183–CHU 00031185; CHU 00031194–CHU 00031201; CHU 00031209–CHU 00031213; CHU 00031214–CHU 00031220; CHU 00031221–CHU 00031226; CHU 00031227–CHU 00031231; CHU 00031240–CHU 00031247; CHU 00031249–CHU 00031252; CHU 00031254; CHU 00031262–CHU 00031267; CHU 00031268–CHU 00031269; CHU 00031272–CHU 00031273; CHU 00031274–CHU 00031277; CHU 00031279–CHU 00031282; CHU 00031380–CHU 00031381; CHU 00031804; CHU 00031805–CHU 00031807; CHU 00031822; CHU 00032057–CHU 00032058; CHU 00032948–CHU 00032955; CHU 00033201–CHU 00033202; CHU 00033227–CHU 00033228; CHU 00003499; CHU 00036384–CHU 00036385; CHU 00036386–CHU 00036387; CHU 00036392–CHU 00036393; CHU 00036394; CHU 00036398–CHU 00036401; CHU 00036406–CHU 00036407; CHU 00036407–CHU 00036407; CHU 00036408–CHU 00036409; CHU 00036410–CHU 00036411; CHU 00036412–CHU 00036413; CHU 00036414–CHU 00036415; CHU 00056441–CHU 00056452; CHU 00060408–CHU 00060416; CHU 00071480–CHU 00071482; CHU 00102864–CHU 00102865; CHU 00123358–CHU 00123361; CHU 00123742–CHU 00123747; CHU 00124024–CHU 00124031; CHU 00124103–CHU 00124109; CHU

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 10 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

00125657–CHU 00125658; CHU 00125703–CHU 00125709; CHU 00125849; CHU 00125895–CHU 00125899; CHU 00125895–CHU 00125899; CHU 00126131–CHU 00126136; CHU 00283888; CHU 00028908–CHU 00028908; CHU 00363404–CHU 00363405; CHU 00363406–CHU 00363439; CHU 00578883–CHU 00578885; CHU 00578883–CHU 00578885; CHU 00598215–CHU 00598215; CHU 00608095–CHU 00608105; CHU 00000063–CHU 00000063; CHU 00636933–CHU 00636965; CHU 00637123–CHU 00637123; CHU 00637157–CHU 00637157; CHU 00637563–CHU 00637565; CHU 00637565–CHU 00637586; CHU 00637619–CHU 00637619; CHU 00637620–CHU 00637620; CHU 00638344; CHU 00644987–CHU 00644987; CHU 00644988–CHU 00644994; CHU 00645156–CHU 00645156; CHU 00645176–CHU 00645176; CHU 00645177–CHU 00645209; CHU 00646035–CHU 00646036; CHU 00646730–CHU 00646731; CHU 00646732–CHU 00646767; CHU 00647932–CHU 00647943; CHU 00648024–CHU 00648024; CHU 00648029–CHU 00648029; CHU 00648741–CHU 00648741; CHU 00648816–CHU 00648816; CHU 00648817; CHU 00648818–CHU 00648819; CHU 00649654–CHU 00649657; CHU 00651590–CHU 00651590; CHU 00660194–CHU 00660197; CHU 00660306–CHU 00660310; CHU 00660366–CHU 00660368; CHU 00660373–CHU 00660382; CHU 00660383–CHU 00660394; CHU 00660395–CHU 00660407; CHU 00660408–CHU 00660418; CHU 00660426–CHU 00660435; CHU 00660454–CHU 00660463; CHU 00660487–CHU 00660500; CHU 00660501–CHU 00660514; CHU 00660515–CHU 00660522; CHU 00660539–CHU 00660548; CHU 00660549–CHU 00660560; CHU 00660561–CHU 00660564; CHU 00660606–CHU 00660615; CHU 00660626–CHU 00660632; CHU 00660671–CHU 00660680; CHU 00660681–CHU 00660692; CHU 00660709–CHU 00660716; CHU 00660717–CHU 00660727; CHU 00660729–CHU 00660735; CHU 00661917–CHU 00661928; CHU 00732798–CHU 00732810; CHU 00735065–CHU 00735065; CHU 00735068–CHU 00735069; CHU 00735070–CHU 00735105; CHU 00735249–CHU 00735249; CHU 00735251–CHU 00735252; CHU 00735253–CHU 00735255; CHU 00735283–CHU 00735286; CHU 33303437–CHU 33303438; CHU 00660337–CHU 00660340; EIN0108267; FOX-00207286; HDP-CRT00004468; HDP-CRT00019426; HDP-CRT00023416–HDP-CRT00023420; HDP-CRT00023416 ; HDP-CRT00023417; HDP-CRT00023419 ; HDP-

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 11 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

CRT00023427   ;   HDP-CRT00023436–HDP-CRT00023437;   HDP-CRT00023467–HDP-CRT00023468;   HDP-CRT00025612–HDP-CRT00025616;   HDP-CRT00026077–HDP-CRT00026078;   HDP-CRT00026082–HDP-CRT00026083;   HDP-CRT00026180–HDP-CRT00026181;   HDP-CRT00026189–HDP-CRT00026191;   HDP-CRT00026193–HDP-CRT00026194;   HDP-CRT00026197–HDP-CRT00026198;   HDP-CRT00026227;   HDP-CRT00026234–HDP-CRT00026235;   HDP-CRT00026272–HDP-CRT00026273;   HDP-CRT00026313–HDP-CRT00026315;   HDP-CRT00048694–HDP-CRT00048695;   HDP-CRT00048795;   HDP-CRT00048796   ;   HDP-CRT00048797;   HDP-CRT00048797;   HDP-CRT00048798;   HDP-CRT00049201–HDP-CRT00049202;   HDP-CRT00049231;   HDP-CRT00049232   ;   HDP-CRT00049280;   HDP-CRT00049281   ;   HDP-CRT00049291;   HDP-CRT00049313   ;   HDP-CRT00049348–HDP-CRT00049349;   HDP-CRT00049440   ;   HDP-CRT00051179–HDP-CRT00051180;   HDP-CRT00051298   ;   HDP-CRT00051340   ;   HDP-CRT00051351–HDP-CRT00051353;   HDP-CRT00051407   ;   HDP-CRT00056159–HDP-CRT00056163;   HDP-CRT00056170–HDP-CRT00056171;   HDP-CRT00056186–HDP-CRT00056187;   HDP-CRT00056188–HDP-CRT00056189;   HDT-CRT00007139–HDT-CRT00007142;   HDT-CRT00025646;   HDT-CRT00025934–HDT-CRT-00025935;   HDT-CRT00025985;   HDT-CRT00035179–HDT-CRT-00035180;   HDT-CRT00051345;   HDT-CRT00051354–HDT-CRT   00051355;   HDT-CRT00056159–HDT-CRT   00056163;   HDT-CRT0051328–HDT-CRT-0051349; HEDUS-CRT00162931; JLJ-00001899; JLJ-00001901; JLJ-00004606; JLJ-00004807; JLJ-00005511; JLJ-00005514; LGE00067201 ; LGE00067202 ; LGE00068455–LGE00068458; LGE00080007–LGE00080010; LGE00086914–LGE00086915; LPD-00000279; LPD-00000280; LPD00041659; LPD-NL00031186–LPD-NL00031206; LPD-NL00133620–LPD-NL00133636   (&   Attachment);   LPD-NL00214835–LPD-NL00214841; MTPD 0479721–MTPD-0479723 (Sheet 1) P-0001; MTPD-0015858; MTPD-0016566–MTPD-0016567;   MTPD-0025531–MTPD-0025532;   MTPD0038856–MTPD-0038859;   MTPD-0094874–MTPD-0094875;   MTPD-0094876–MTPD-0094880;   MTPD-0166775–MTPD-0166776;   MTPD-0212628–MTPD-0212629;   MTPD-0230970–MTPD-0230972;   MTPD-0236375–MTPD-0236376;   MTPD-0260906–MTPD-0260909;   MTPD-0267083–MTPD-

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 12 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

0267084;   MTPD-0280442–MTPD-0280444;   MTPD-0291761–MTPD-0291762;   MTPD-0303225–MTPD-0303230;   MTPD-0307367–MTPD-0307368;   MTPD-0400553–MTPD-0400554;   MTPD-0400555–MTPD-0400558   (Sheet   3)   P-0001;   MTPD-0403729–MTPD-0403731;   MTPD-0404990–MTPD-0404992;   MTPD-0410018–MTPD-0410018;   MTPD-0410020–MTPD-0410021;   MTPD-0419572–MTPD-0419573;   MTPD-0423651–MTPD-0423651;   MTPD-0423675–MTPD-0423677;   MTPD-0455847–MTPD-0455853;   MTPD-0468623–MTPD-0468627;   MTPD-0479473–MTPD-0479477;   MTPD-0479660–MTPD-0479661;   MTPD-0479668–MTPD-0479668;   MTPD-0479681–MTPD-0479685;   MTPD-0479714–MTPD-0479715 (Sheet 1) P-0002; MTPD-0479726–MTPD-0479727 (Sheet 6)P-0001; MTPD-0479728–MTPD-0479729; MTPD-0479728–MTPD-0479729; MTPD-0479732–MTPD-0479732;   MTPD-0479738–MTPD-0479738;   MTPD-0479739–MTPD-0479741;   MTPD-0479804–MTPD-0479806;   MTPD-0479837–MTPD-0479838;   MTPD-0483335;   MTPD-0486917–MTPD-0486919;   MTPD-0490549–MTPD-0490550;   MTPD-0490551–MTPD-0490552;   MTPD-0491751–MTPD-0491751;   MTPD-0491774–MTPD-0491780;   MTPD-0492286–MTPD-0492289;   MTPD-0493549–MTPD-0493550;   MTPD-0493551–MTPD-0493551;   MTPD-0493552–MTPD-0493554;   MTPD-0497049–MTPD-0497053;   MTPD-0497049–MTPD-0497053;   MTPD-0517540–MTPD-0517542;   MTPD-0517543–MTPD-0517543;   MTPD-0517734–MTPD-0517737;   MTPD-0518803–MTPD-0518804;   MTPD-0521744–MTPD-0521747;   MTPD-0521744–MTPD-0521747;   MTPD-0523236–MTPD-0523237;   MTPD-0543148–MTPD-0543150;   MTPD-0559419–MTPD-0559420;   MTPD-0580795–MTPD-0580795;   MTPD-0580814;   MTPD-0613379–MTPD-0613380;   MTPD-0618135;   MTPD-0622464–MTPD-0622466;   MTPD-0637815–MTPD-0637818;   MTPD-0657893–MTPD-0657915;   MTPD-275189–MTPD-0275194;   MTPDA_SEC-0896104-207–MPDA_SEC-0896207; PHLP-CRT-023911–PHLP-CRT- 023915; PHLP-CRT-024275–PHLP-CRT-024275 (& Attachment); PHLP-CRT-069175; PHLP-CRT-080623–PHLP-CRT 080626; PHLP-CRT -091465; PHLP-CRT-091467; PHLP-CRT-0014272–PHLP-CRT-014274; PHLP-CRT-0014275; PHLP-CRT-005637–PHLP-CRT-005637; PHLP-CRT-005669; PHLP-CRT-007921–PHLP-CRT-007924; PHLP-CRT-008363–PHLP-CRT-008365; PHLP-CRT-010256–

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 13 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

PHLP-CRT-010259; PHLP-CRT-010260; PHLP-CRT-010261; PHLP-CRT-010262; PHLP-CRT-010263; PHLP-CRT-010963; PHLP-CRT-012615; PHLP-CRT-012646–PHLP-CRT-012660; PHLP-CRT-014085–PHLP-CRT-014089; PHLP-CRT-014272–PHLP-CRT-014274; PHLP-CRT-014816–PHLP-CRT-014818; PHLP-CRT-015923–PHLP-CRT-015925; PHLP-CRT-020281–PHLP-CRT-020282; PHLP-CRT-021673–PHLP-CRT-021676; PHLP-CRT-023137–PHLP-CRT-023138; PHLP-CRT-023189–PHLP-CRT-023191; PHLP-CRT-023513–PHLP-CRT-023521; PHLP-CRT-023911–PHLP-CRT-023915; PHLP-CRT-024274–PHLP-CRT-024275; PHLP-CRT-026590; PHLP-CRT-027715–PHLP-CRT-027716; PHLP-CRT-027718–PHLP-CRT-027721; PHLP-CRT-033925–PHLP-CRT-033926; PHLP-CRT-034434 ; PHLP-CRT-035014–PHLP-CRT-035022; PHLP-CRT-037999–PHLP-CRT-038001; PHLP-CRT-038073–PHLP-CRT-038074; PHLP-CRT-038897–PHLP-CRT-038898; PHLP-CRT-039666–PHLP-CRT-039667; PHLP-CRT-080623–PHLP-CRT 080626; PHLP-CRT-081748–PHLP-CRT-081750; PHLP-CRT-084315–PHLP-CRT-084332; PHLP-CRT089512–PHLP-CRT-089518; PHLP-CRT-089918; PHLP-CRT-090221; PHLP-CRT-091458 (& Attachment); PHLP-CRT-091703; PHLP-CRT-094860; PHLP-CRT-098241–PHLP-CRT-098243; PTC-00004295; PTC-00006474–PTC-00006483; PTC-00007204; PTC-00007205; PTC-0000737; PTC-00009040–PTC-00009045; SDCRT-0086830; SDCRT-0086847; SDCRT-0086910; SDCRT-0086927; SDCRT-0086762; SDCRT-0086868; SDCRT-0086884–SDCRT-0086834; SDCRT-0086852; SDCRT-0086917; SDCRT-0086931; SDCRT-0086765; SDCRT-0086870; SDCRT-0086887; SDCRT-0086593–SDCRT-0086596; SDCRT-0087953–SDCRT-0087962; SDCRT-0002423; SDCRT-0002448; SDCRT-0002515; SDCRT-0002585–SDCRT-0002587; SDCRT-0002588–SDCRT-0002589; SDCRT-0052170; SDCRT-0005813; SDCRT-0005818; SDCRT-0005830–SDCRT-0005842; SDCRT-0005933–SDCRT-0005936; SDCRT-0005944–SDCRT-0005945; SDCRT-0005949; SDCRT-0006041–SDCRT-0006042; SDCRT-0006043–SDCRT-0006044; SDCRT-0006266–SDCRT-0006267; SDCRT-0006442–SDCRT-0006452; SDCRT-0006510–SDCRT-0006512; SDCRT-0006632–SDCRT-0006633; SDCRT-0006868–SDCRT-0006869; SDCRT-0006903–SDCRT-0006904; SDCRT-0006927; SDCRT-0006928; SDCRT-0007145–SDCRT-0007146; SDCRT-0007173; SDCRT-0007237; SDCRT-0007239;

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 14 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

SDCRT-0007277–SDCRT-0007278;   SDCRT-0007280–SDCRT-0007281;   SDCRT-0007282–

SDCRT-0007296;   SDCRT-0007538;   SDCRT-0007539;   SDCRT-0007539–SDCRT-0007553;

SDCRT-0007585–SDCRT-0007587;   SDCRT-0007588–SDCRT-0007594;   SDCRT-0007602–

SDCRT-0007602;   SDCRT-0007609–SDCRT-0007610;   SDCRT-0007615;   SDCRT-0008729–

SDCRT-0008730;   SDCRT-0008946–SDCRT-0008947;   SDCRT-0022048;   SDCRT-0031662–

SDCRT-0031663;   SDCRT-0048512–SDCRT-0048516;   SDCRT-0063870–SDCRT-0063871;

SDCRT-0066181–SDCRT-0066191;   SDCRT-0006670–SDCRT-0006673;   SDCRT-0066803–

SDCRT-0066804;   SDCRT-0067998–SDCRT-0067998;   SDCRT-0067999–SDCRT-0067999;

SDCRT-0068849–SDCRT-0068851;   SDCRT-0069574–SDCRT-0069575;   SDCRT-0072527–

SDCRT-0072528;   SDCRT-0073107–SDCRT-0073108;   SDCRT-0076953;   SDCRT-0076954;

SDCRT-0079381–SDCRT-0079382;   SDCRT-0084985;   SDCRT-0085141–SDCRT-0085145;

SDCRT-0085394–SDCRT-0085395;   SDCRT-0085535–SDCRT-0085540;   SDCRT-0085646–

SDCRT-0085647;   SDCRT-0086208–SDCRT-0086210;   SDCRT-0086211–SDCRT-0086212;

SDCRT-0086221–SDCRT-0086223;   SDCRT-0086224–SDCRT-0086226;   SDCRT-0086238–

SDCRT-0086240;   SDCRT-0086245–SDCRT-0086246;   SDCRT-0086247–SDCRT-0086247;

SDCRT-0086248–SDCRT-0086248;   SDCRT-0086249–SDCRT-0086252;   SDCRT-0086253–

SDCRT-0086255;   SDCRT-0086256–SDCRT-0086260;   SDCRT-0086270–SDCRT-0086270;

SDCRT-0086373;    SDCRT-0086331; SDCRT-0086269; SDCRT-0086318; SDCRT-0086351;

SDCRT-0086378;   SDCRT-0086335; SDCRT-0086274; SDCRT-0086320; SDCRT-0086355;

SDCRT-0086416–SDCRT-0086418;   SDCRT-0086416–SDCRT-0086418;   SDCRT-0086419–

SDCRT-0086420;    SDCRT-0086419–SDCRT-0086420;   SDCRT-0086440–SDCRT-0086441;

SDCRT-0086445–SDCRT-0086448;   SDCRT-0086460–SDCRT-0086465;   SDCRT-0086473–

SDCRT-0086474;   SDCRT-0086480–SDCRT-0086480;   SDCRT-0086481–SDCRT-0086481;

SDCRT-0086482–SDCRT-0086484;   SDCRT-0086485–SDCRT-0086486;   SDCRT-0086487–

SDCRT-0086488;   SDCRT-0086512–SDCRT-0086513;   SDCRT-0086532–SDCRT-0086536;

SDCRT-0086537–SDCRT-0086539;   SDCRT-0086541–SDCRT-0086544;   SDCRT-0086545–

SDCRT-0086545;   SDCRT-0086551–SDCRT-0086553;   SDCRT-0086557–SDCRT-0086560;

SDCRT-0086561–SDCRT-0086562;   SDCRT-0086563–SDCRT-0086566;   SDCRT-0086569–

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 15 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

SDCRT-0086570;   SDCRT-0086577–SDCRT-0086578;   SDCRT-0086584–SDCRT-0086585;

SDCRT-0086586–SDCRT-0086587;   SDCRT-0086593–SDCRT-0086596;   SDCRT-0086597–

SDCRT-0086597;   SDCRT-0086605–SDCRT-0086606;   SDCRT-0086632–SDCRT-0086633;

SDCRT-0086641–SDCRT-0086645;   SDCRT-0086649–SDCRT-0086651;   SDCRT-0086662–

SDCRT-0086664;   SDCRT-0086672–SDCRT-0086674;   SDCRT-0086675–SDCRT-0086681;

SDCRT-0086690–SDCRT-0086690;   SDCRT-0086700–SDCRT-0086702;   SDCRT-0086703–

SDCRT-0086705; SDCRT-0086722–SDCRT-0086732; SDCRT-0086733 ; SDCRT-0086751–

SDCRT-0086753;   SDCRT-0086788–SDCRT-0087560;   SDCRT-0086903–SDCRT-0087546;

SDCRT-0087107–SDCRT-0087109;   SDCRT-0087177–SDCRT-0087178;   SDCRT-0087206–

SDCRT-0087208;   SDCRT-0087314–SDCRT-0087315;   SDCRT-0087316–SDCRT-0087319;

SDCRT-0087331–SDCRT-0087333;   SDCRT-0087371–SDCRT-0087372;   SDCRT-0087381–

SDCRT-0087383;   SDCRT-0087393–SDCRT-0087398;   SDCRT-0087405–SDCRT-0087407;

SDCRT-0087408–SDCRT-0087410;   SDCRT-0087411–SDCRT-0087413;   SDCRT-0087414–

SDCRT-0087416;   SDCRT-0087417– SDCRT-0087422;   SDCRT-0087427–SDCRT-0087429;

SDCRT-0087464–SDCRT-0087466;   SDCRT-0087467–SDCRT-0087469;   SDCRT-0087667–

SDCRT-0087669;   SDCRT-0087679;   SDCRT-0087743–SDCRT-0087744;   SDCRT-0087934–

SDCRT-0087937;   SDCRT-0087934–SDCRT-0087937;   SDCRT-0087944–SDCRT-0087950;

SDCRT-0087953–SDCRT-0087962;   SDCRT-0087963–SDCRT-0087969;   SDCRT-0088661–

SDCRT-0088674;   SDCRT-0088705–SDCRT-0088712;   SDCRT-0088715–SDCRT-0088719;

SDCRT-0088720–SDCRT-0088725;   SDCRT-0088726–SDCRT-0088730;   SDCRT-0088732–

SDCRT-0088733;   SDCRT-0088763–SDCRT-0088772;   SDCRT-0088791–SDCRT-0088794;

SDCRT-0088798–SDCRT-0088802;   SDCRT-0088832–SDCRT-0088836;   SDCRT-0088846–

SDCRT-0088851;   SDCRT-0089031–SDCRT-0089035;   SDCRT-0089057–SDCRT-0089060;

SDCRT-0089073–SDCRT-0089076;   SDCRT-0089087–SDCRT-0089095;   SDCRT-0090157–

SDCRT-0090159;   SDCRT-0090163–SDCRT-0090164;   SDCRT-0090167–SDCRT-0090168;

SDCRT-0090174–SDCRT-0090176;   SDCRT-0090180–SDCRT-0090185;   SDCRT-0090233–

SDCRT-0090233;   SDCRT-0090253–SDCRT-0090254;   SDCRT-0090258–SDCRT-0090266;

SDCRT-0090275–SDCRT-0090277;   SDCRT-0090280–SDCRT-0090282;   SDCRT-0090299–

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S     - 16 -
FIRST SET OF INTERROGATORIES

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

SDCRT-0090301;   SDCRT-0090312–SDCRT-0090313;   SDCRT-0090319–SDCRT-0090321;

SDCRT-0090322–SDCRT-0090324;   SDCRT-0090328–SDCRT-0090338;   SDCRT-0090350–

SDCRT-0090353;   SDCRT-0090350–SDCRT-0090353;   SDCRT-0090846–SDCRT-0090848;

SDCRT-0091351–SDCRT-0091352;   SDCRT-0091364–SDCRT-0091366;   SDCRT-0091377–

SDCRT-0091381;   SDCRT-0091400–SDCRT-0091401;   SDCRT-0091524–SDCRT-0091530;

SDCRT-0091599–SDCRT-0091604;   SDCRT-0091605–SDCRT0091615;   SDCRT-0091616–

SDCRT-0091619;   SDCRT-0091628–SDCRT-0091633;   SDCRT-0091634–SDCRT-0091639;

SDCRT-0091643–SDCRT-0091647;   SDCRT-0091656–SDCRT-0091659;   SDCRT-0091668–

SDCRT-0091672;   SDCRT-0091687–SDCRT-0091691;   SDCRT-0091692–SDCRT-0091701;

SDCRT-0091715–SDCRT-0091718;   SDCRT-0091715–SDCRT-0091718;   SDCRT-0091737–

SDCRT-0091742;   SDCRT-0091836–SDCRT-0091836;   SDCRT-0091843–SDCRT-0091843;

SDCRT-0091844–SDCRT-0091852;   SDCRT-0091903–SDCRT-0091904;   SDCRT-0093913–

SDCRT-0093914;   SDCRT-0093949–SDCRT-0093949;   SDCRT-0096624–SDCRT-0096624;

SDCRT-0009687–SDCRT-0009691;   SDCRT-0104771–SDCRT-0104772;   SDCRT-0139342–

SDCRT-0139342;   SDCRT-0160057–SDCRT-0160059;   SDCRT-0161561–SDCRT-0161565;

SDCRT-0170843;   SDCRT-0175930–SDCRT-0175930;   SDCRT-0176803–SDCRT-0176807;

SDCRT-0178236–SDCRT-0178236;   SDCRT-0190375–SDCRT-0190376;   SDCRT-0199834–

SDCRT-0199836;   SDCRT-0215655;   SDCRT-0086449–SDCRT-0086454;   SDCRT-0088732–

SDCRT-0088733;   SDCRT-0086427–SDCRT-0086428;   TAEC-CRT-00089342–TAEC-CRT-

00089344; TAEC-CRT-00087223–TAEC-CRT-00087224; TAEC-CRT-00088054–TAEC-CRT-

00088055; TAEC-CRT-00088432–TAEC-CRT-00088434; TAEC-CRT-00088715–TAEC-CRT-

00088716; TAEC-CRT-00089968–TAEC-CRT-00089969; TAEC-CRT-00090127–TAEC-CRT-

00090128; TAEC-CRT-00093312–TAEC-CRT-00093313; TAEC-CRT-00096166–TAEC-CRT-

00096168; TAEC-CRT-00096935–TAEC-CRT-00096937; TAEC-CRT-00056158–TAEC-CRT-

00056167; TAEC-CRT-00091750–TAEC-CRT-00091751; TAEC-CRT-00095236–TAEC-CRT-

00095237;   TSB-CRT-00035348–TSB-CRT-00035349;   TSB-CRT-00035350–TSB-CRT-

00035352;   TSB-CRT-00039194–TSB-CRT-00039196;   TSB-CRT-00039414–TSB-CRT-

00039414;   TSB-CRT-00039415–TSB-CRT-00039415;   TSB-CRT-00041527–TSB-CRT-

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 17 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

00041528;      TSB-CRT-00041620–TSB-CRT-00041623;      TSB-CRT-00041633–TSB-CRT-

00041634;      TSB-CRT-00041721–TSB-CRT-00041724;      TSB-CRT-00041746–TSB-CRT-

00041749;      TSB-CRT-00041862–TSB-CRT-00041863;      TSB-CRT-00041870–TSB-CRT-

00041871; TSB-CRT-00042493–TSB-CRT-00042495.

Plaintiffs further refer to Plaintiff's Responses to LG Electronics, Inc.'s and Panasonic Corporation of North America's First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Plaintiff also refers Defendants to any response referencing Thomson or its personnel in the following:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 18 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Plaintiff expressly incorporates these discovery responses by reference.

Subject to and without waiving the foregoing objections, Plaintiff also refers Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 19 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

Plaintiff also refers Defendants to European Commission announcement of fine of producers of cathode ray tubes. European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 3:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014. Plaintiff further

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 20 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

objects to the extent this request calls for expert testimony.  Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to the evidence set forth in its Response to Interrogatory No. 2.  Plaintiff further states that information responsive to this Interrogatory can be found in the following discovery:

- Plaintiff's Responses to LG Electronics, Inc.'s and Panasonic Corporation of North America's First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Plaintiff also refers Defendants to any response referencing Thomson or its personnel in the following:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

INTERBOND CORPORATION OF AMERICA'S OBJECTIONS AND RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES

- 21 -

Case No. 3:13-cv-05727-SC Master File No. 3:07-cv-05944-SC

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Plaintiff expressly incorporates these discovery responses by reference.

Subject to and without waiving the foregoing objections, Plaintiff also refers Defendants

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 22 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

Plaintiff also refers Defendants to European Commission announcement of fine of producers of cathode ray tubes. European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes €1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 23 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

contentions, and Plaintiff reserves the right to modify or supplement its response.  Plaintiff's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit their use of any additional evidence that may be developed.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to its Initial Disclosures made in this multidistrict litigation, dated March 27, 2014.  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff further refers to its document productions in this litigation, including its production of organizational charts and similar documents pursuant to Defendants' Requests for Production.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 10:**

IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 30 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

**INTERROGATORY NO. 11:**

IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to Interrogatory No. 10 reviewed during YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

**INTERROGATORY NO. 12:**

IDENTIFY when YOU first learned of the existence of the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.  Plaintiff further objects to the extent this request calls for expert testimony.  Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 31 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

- Plaintiff's Responses to LG Electronics, Inc.'s and Panasonic Corporation of North America's First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 13:**

Do YOU contend that Thomson Consumer participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson Consumer participated in such a conspiracy regarding CDTs.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.  Plaintiff further objects to the extent this request calls for expert testimony.  Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to this Interrogatory to the extent that it calls for a legal conclusion or legal argumentation.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES
- 32 -
Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

1   Subject to and notwithstanding the foregoing objections, Plaintiff refers to its response to

2   Interrogatories Nos. 2 and 3.

3   Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its

4   response to this Interrogatory.

5   **INTERROGATORY NO. 14:**

6   Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the price

7   of and/or reduce the output of CDTs during the relevant period? If YOU do so contend,

8   IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson SA

9   participated in such a conspiracy regarding CDTs.

10   **RESPONSE TO INTERROGATORY NO. 14:**

11   Plaintiff refers to and incorporates its General Objections as if set forth fully herein.

12   Plaintiff further objects that this Interrogatory is premature given that Defendants first produced

13   documents in response to Plaintiff's discovery requests on June 25, 2014.   Plaintiff further

14   objects to the extent this request calls for expert testimony.   Plaintiff further objects to this

15   Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other

16   defendants in this matter, in violation of the integration order included in section XV,

17   subsections D and E of the Court's "Order Re Discovery and Case Management Protocol,"

18   entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re

19   Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal.

20   April 3, 2012), Docket No. 1128.  Plaintiff further objects to this Interrogatory to the extent that

21   it calls for a legal conclusion or legal argumentation.   Plaintiff further objects to the extent that

22   this request calls for information that is covered by attorney-client privilege or the work product

23   protection.  Plaintiff further objects to the extent this request calls for information that is equally

24   available to Defendants.

25   Subject to and notwithstanding the foregoing objections, Plaintiff refers to its response to

26   Interrogatories Nos. 2 and 3.

27   Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its

28   response to this Interrogatory.

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 33 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

**INTERROGATORY NO. 15:**

IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT against the Thomson Defendants.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128. Plaintiff further objects to this Interrogatory as wholly duplicative of Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8 and 12. Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

**INTERROGATORY NO. 16:**

Explain why YOU did not name Thomson Consumer as a defendant in your original complaint, *Interbond Corporation of America v. Hitachi, Ltd. et al.*, Case No. 0:11-cv-62437, filed by YOU on or about November 14, 2011 in the Southern District of Florida.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

DATED: July 10, 2014                    */s/ Philip J. Iovieno*

Philip J. Iovieno

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S
FIRST SET OF INTERROGATORIES

- 34 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

1

Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
           anardacci@bsfllp.com

2

3

4

5

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

6

7

8

9

*Counsel for Plaintiff Interbond Corporation of America*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTERBOND CORPORATION OF AMERICA'S
OBJECTIONS AND RESPONSES TO THOMSON SA
AND THOMSON CONSUMER ELECTRONICS, INC.'S                    - 35 -
FIRST SET OF INTERROGATORIES

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

# Exhibit 8

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
          anardacci@bsfllp.com

*Counsel for Plaintiff MARTA Cooperative of America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:13-cv-05725-SC |
| This Document Relates To Individual Case No. 3:13-cv-05725-SC (N.D. Cal.) | Master File No. 3:07-cv-05944-SC (N.D. Cal.) |
| | MDL No. 1917 |
| P.C. RICHARD & SON LONG ISLAND CORPORATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TECHNICOLOR SA, *et al.*, <br><br> Defendants. | **MARTA COOPERATIVE OF AMERICA, INC.'S OBJECTIONS AND RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES** |

MARTA'S OBJECTIONS AND RESPONSES  TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

1

2

**PROPOUNDING PARTIES:**           Defendants Thomson SA and Thomson
Consumer Electronics, Inc.

3

**RESPONDING PARTY:**           MARTA Cooperative of America, Inc.

4

**SET:**           One

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARTA'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 1 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

1

**<u>RESPONSE TO INTERROGATORY NO. 2:</u>**

2

Plaintiff refers to and incorporates its General Objections as if set forth fully herein.

3

Plaintiff further objects that this Interrogatory is premature given that Defendants first produced

4

documents in response to Plaintiff's discovery requests on June 25, 2014.   Plaintiff further

5

objects to the extent this request calls for expert testimony.   Plaintiff further objects to this

6

Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other

7

defendants in this matter, in violation of the integration order included in section XV,

8

subsections D and E of the Court's "Order Re Discovery and Case Management Protocol,"

9

entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re

10

Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal.

11

April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for

12

information that is covered by attorney-client privilege or the work product protection.  Plaintiff

13

further objects to the extent this request calls for information that is equally available to

14

Defendants.

15

Subject to and notwithstanding the foregoing objections, Plaintiff states that information

16

responsive to this Interrogatory can be found in the following discovery:

17

- Plaintiff's Responses to Toshiba America Information Systems, Inc.'s First Set of

18

    Interrogatories and Philips Electronics North America Corporation's Third Set of

19

    Interrogatories, Nos. 1, 2, and 9, including all supplemental responses thereto; and

20

- Plaintiff's Responses to Samsung Electronics America, Inc.'s, Tatung Company of

21

    America, Inc.'s, Toshiba America Electronic Components, Inc.'s, and Philips

22

    Electronics North America Corporation's First Set of Interrogatories, Nos. 12 and 14,

23

    including all supplemental responses thereto.

24

Plaintiff also refers Defendants to any response referencing Thomson or its personnel in

25

the following:

26

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs'

27

    First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

28

MARTA'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES
- 6 -
Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Plaintiff expressly incorporates these discovery responses by reference.

Subject to and without waiving the foregoing objections, Plaintiff also refers Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054;

MARTA'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 8 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

Plaintiff also refers Defendants to European Commission announcement of fine of producers of cathode ray tubes. European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes €1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 3:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014. Plaintiff further objects to the extent this request calls for expert testimony. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128. Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Plaintiff further objects to the extent this request calls for information that is equally available to

MARTA'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 9 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff states that information responsive to this Interrogatory can be found in the following discovery:

- Plaintiff's Responses to Toshiba America Information Systems, Inc.'s First Set of Interrogatories and Philips Electronics North America Corporation's Third Set of Interrogatories, Nos. 1, 2, and 9, including all supplemental responses thereto.

- Plaintiff's Responses to Samsung Electronics America, Inc.'s, Tatung Company of America, Inc.'s, Toshiba America Electronic Components, Inc.'s, and Philips Electronics North America Corporation's First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Plaintiff also refers Defendants to any response referencing Thomson or its personnel in the following:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Plaintiff expressly incorporates these discovery responses by reference.

Subject to and without waiving the foregoing objections, Plaintiff also refers Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-

CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

Plaintiff also refers Defendants to European Commission announcement of fine of producers of cathode ray tubes. European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 4:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer continued to participate in the conspiracy that is the subject of YOUR COMPLAINT after its CRT assets were sold to Videocon in July 2005.

MARTA'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 12 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

completed its discovery and preparation in this matter, and its investigation of these cases is ongoing.  This Response is being made after reasonable inquiry into the relevant facts, and is based only upon the information and documentation that is presently known to Plaintiff.  Further investigation and discovery may result in the identification of additional information or contentions, and Plaintiff reserves the right to modify or supplement its response.  Plaintiff's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit their use of any additional evidence that may be developed.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to its Initial Disclosures made in this multidistrict litigation, dated March 27, 2014.  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff further refers to its document productions in this litigation, including its production of organizational charts and similar documents pursuant to Defendants' Requests for Production.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 10:**

IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

MARTA'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 19 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

1

**INTERROGATORY NO. 11:**

2

IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to Interrogatory

3

No. 10 reviewed during YOUR investigation into whether the Thomson Defendants participated

4

in the conspiracy that is the subject of YOUR COMPLAINT.

5

**RESPONSE TO INTERROGATORY NO. 11:**

6

Plaintiff refers to and incorporates its General Objections as if set forth fully herein.

7

Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in

8

whole or in part, made by other defendants in this matter, in violation of the integration order

9

included in section XV, subsections D and E of the Court's "Order Re Discovery and Case

10

Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case

11

Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC

12

MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the

13

extent that this request calls for information that is covered by attorney-client privilege or the

14

work product protection.

15

**INTERROGATORY NO. 12:**

16

IDENTIFY when YOU first learned of the existence of the conspiracy that is the subject

17

of YOUR COMPLAINT.

18

**RESPONSE TO INTERROGATORY NO. 12:**

19

Plaintiff refers to and incorporates its General Objections as if set forth fully herein.

20

Plaintiff further objects that this Interrogatory is premature given that Defendants first produced

21

documents in response to Plaintiff's discovery requests on June 25, 2014.  Plaintiff further

22

objects to the extent this request calls for expert testimony.  Plaintiff further objects to this

23

Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other

24

defendants in this matter, in violation of the integration order included in section XV,

25

subsections D and E of the Court's "Order Re Discovery and Case Management Protocol,"

26

entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re

27

Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal.

28

April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for

MARTA'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 20 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

- Plaintiff's Responses to Samsung Electronics America, Inc.'s, Tatung Company of America, Inc.'s, Toshiba America Electronic Components, Inc.'s, and Philips Electronics North America Corporation's First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 13:**

Do YOU contend that Thomson Consumer participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson Consumer participated in such a conspiracy regarding CDTs.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.  Plaintiff further objects to the extent this request calls for expert testimony.   Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to this Interrogatory to the extent that it calls for a legal conclusion or legal argumentation.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally

MARTA'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 21 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to its response to Interrogatories Nos. 2 and 3.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

## INTERROGATORY NO. 14:

Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson SA participated in such a conspiracy regarding CDTs.

## RESPONSE TO INTERROGATORY NO. 14:

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.  Plaintiff further objects to the extent this request calls for expert testimony.  Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to this Interrogatory to the extent that it calls for a legal conclusion or legal argumentation.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to its response to Interrogatories Nos. 2 and 3.

MARTA'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 22 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

1   Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its
2   response to this Interrogatory.

3   **INTERROGATORY NO. 15:**

4   IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU
5   discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT
6   against the Thomson Defendants.

7   **RESPONSE TO INTERROGATORY NO. 15:**

8   Plaintiff refers to and incorporates its General Objections as if set forth fully herein.
9   Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in
10  whole or in part, made by other defendants in this matter, in violation of the integration order
11  included in section XV, subsections D and E of the Court's "Order Re Discovery and Case
12  Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case
13  Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC
14  MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to this
15  Interrogatory as wholly duplicative of Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8 and 12.  Plaintiff
16  further objects to the extent that this request calls for information that is covered by attorney-
17  client privilege or the work product protection.

18  **INTERROGATORY NO. 16:**

19  Explain why YOU did not name Thomson Consumer as a defendant in your original
20  complaint, *P.C. Richard & Son Long Island Corporation et al. v. Hitachi, Ltd. et al.*, Case No.
21  1:11-cv-05530, filed by YOU on or about November 14, 2011 in the Eastern District of New
22  York.

23  **RESPONSE TO INTERROGATORY NO. 16:**

24  Plaintiff refers to and incorporates its General Objections as if set forth fully herein.
25  Plaintiff further objects to this Interrogatory as seeking information not reasonably calculated to
26  lead to the discovery of admissible evidence.  Plaintiff further objects to the extent that this
27  request calls for information that is covered by attorney-client privilege or the work product
28  protection.

MARTA'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 23 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

DATED:  July 10, 2014          /s/ Philip J. Iovieno

                               Philip J. Iovieno
                               Anne M. Nardacci
                               BOIES, SCHILLER & FLEXNER LLP
                               30 South Pearl Street, 11th Floor
                               Albany, NY  12207
                               Telephone:  (518) 434-0600
                               Facsimile:  (518) 434-0665
                               Email:  piovieno@bsfllp.com
                                     anardacci@bsfllp.com

                               William A. Isaacson
                               BOIES, SCHILLER & FLEXNER LLP
                               5301 Wisconsin Ave. NW, Suite 800
                               Washington, D.C.  20015
                               Telephone:  (202) 237-2727
                               Facsimile:  (202) 237-6131
                               Email:  wisaacson@bsfllp.com

                               *Counsel for Plaintiff MARTA Cooperative of America, Inc.*

# Exhibit 9

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
          anardacci@bsfllp.com

*Counsel for Plaintiff Office Depot, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:13-cv-05726-SC (N.D. Cal.) | Case No. 3:13-cv-05726-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| OFFICE DEPOT, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>TECHNICOLOR SA, *et al.*,<br><br>    Defendants. | **OFFICE DEPOT, INC.'S OBJECTIONS AND RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S  FIRST SET OF INTERROGATORIES** |

OFFICE DEPOT, INC.'S OBJECTIONS AND
RESPONSES  TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOUNDING PARTIES:**          Defendants Thomson SA and Thomson
                                  Consumer Electronics, Inc.

**RESPONDING PARTY:**             Office Depot, Inc.

**SET:**                          One

OFFICE DEPOT, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF          - 1 -
INTERROGATORIES

Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.   Plaintiff further objects to the extent this request calls for expert testimony.   Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff states that information responsive to this Interrogatory can be found in the following discovery:

- Plaintiff's Responses to Koninklijke Philips N.V.'s and Toshiba America Electronic Components, Inc.'s First Set of Interrogatories, Nos. 1, 2, and 9, including all supplemental responses thereto; and

- Plaintiff's Responses to Toshiba America Electronic Components, Inc.'s and Philips Electronics North America Corporation's First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Plaintiff also refers Defendants to any response referencing Thomson or its personnel in the following:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita

OFFICE DEPOT, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 6 -

Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

OFFICE DEPOT, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 7 -

Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Plaintiff expressly incorporates these discovery responses by reference.

Subject to and without waiving the foregoing objections, Plaintiff also refers Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-

OFFICE DEPOT, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 8 -

Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

0091875; CHU00033243; CHU00734336; CHU00032940.

Plaintiff also refers Defendants to European Commission announcement of fine of producers of cathode ray tubes.  European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 3:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.  Plaintiff further objects to the extent this request calls for expert testimony.  Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff states that information responsive to this Interrogatory can be found in the following discovery:

OFFICE DEPOT, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 9 -

Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

1      •   Plaintiff's Responses to Koninklijke Philips N.V.'s and Toshiba America Electronic

2           Components, Inc.'s First Set of Interrogatories, Nos. 1, 2, and 9, including all

3           supplemental responses thereto; and

4      •   Plaintiff's Responses to Toshiba America Electronic Components, Inc.'s and Philips

5           Electronics North America Corporation's First Set of Interrogatories, Nos. 12 and 14,

6           including all supplemental responses thereto.

7        Plaintiff also refers Defendants to any response referencing Thomson or its personnel in

8 the following:

9      •   Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs'

10           First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

11      •   Second Supplemental Responses and Objections of Panasonic Corporation of North

12           America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita

13           Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories

14           (dated November 2, 2011);

15      •   Third Supplemental Responses and Objections of Panasonic Corporation of North

16           America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita

17           Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories

18           (dated December 23, 2011);

19      •   Toshiba America Electronic Components, Inc.'s Supplemental Objections and

20           Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First

21           Set of Interrogatories (dated February 10, 2012);

22      •   Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos.

23           Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated

24           February 10, 2012);

25      •   Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct

26           Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated

27           February 10, 2012);

28

OFFICE DEPOT, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 10 -

Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Plaintiff expressly incorporates these discovery responses by reference.

Subject to and without waiving the foregoing objections, Plaintiff also refers Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-

OFFICE DEPOT, INC.'S OBJECTIONS AND RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES

- 11 -

Case No. 3:13-cv-05726-SC Master File No. 3:07-cv-05944-SC

00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

Plaintiff also refers Defendants to European Commission announcement of fine of producers of cathode ray tubes. European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 4:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer continued to participate in the conspiracy that is the subject of YOUR COMPLAINT after its CRT assets were sold to Videocon in July 2005.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014. Plaintiff further objects to the extent this request calls for expert testimony. Plaintiff further objects to the extent

OFFICE DEPOT, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 12 -

Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

1 responses should not be construed to prejudice its right to conduct further investigation in this

2 case, or to limit their use of any additional evidence that may be developed.

3      Subject to and notwithstanding the foregoing objections, Plaintiff refers to its Initial

4 Disclosures made in this multidistrict litigation, dated March 27, 2014.  Pursuant to Federal Rule

5 of Civil Procedure 33(d), Plaintiff further refers to its document productions in this litigation,

6 including its production of organizational charts and similar documents pursuant to Defendants'

7 Requests for Production.

8      Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its

9 response to this Interrogatory.

10 **INTERROGATORY NO. 10:**

11      IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR

12 investigation into whether the Thomson Defendants participated in the conspiracy that is the

13 subject of YOUR COMPLAINT.

14 **RESPONSE TO INTERROGATORY NO. 10:**

15      Plaintiff refers to and incorporates its General Objections as if set forth fully herein.

16 Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in

17 whole or in part, made by other defendants in this matter, in violation of the integration order

18 included in section XV, subsections D and E of the Court's "Order Re Discovery and Case

19 Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case

20 Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC

21 MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the

22 extent that this request calls for information that is covered by attorney-client privilege or the

23 work product protection.

24

25

26

27

28

OFFICE DEPOT, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 19 -

Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

**INTERROGATORY NO. 11:**

IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to Interrogatory No. 10 reviewed during YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

**INTERROGATORY NO. 12:**

IDENTIFY when YOU first learned of the existence of the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.  Plaintiff further objects to the extent this request calls for expert testimony.  Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for

OFFICE DEPOT, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 20 -

Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

- Plaintiff's Responses to Toshiba America Electronic Components, Inc.'s and Philips Electronics North America Corporation's First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 13:**

Do YOU contend that Thomson Consumer participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson Consumer participated in such a conspiracy regarding CDTs.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.  Plaintiff further objects to the extent this request calls for expert testimony.  Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to this Interrogatory to the extent that it calls for a legal conclusion or legal argumentation.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

OFFICE DEPOT, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 21 -

Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

1  Subject to and notwithstanding the foregoing objections, Plaintiff refers to its response to

2  Interrogatories Nos. 2 and 3.

3  Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its

4  response to this Interrogatory.

5  **INTERROGATORY NO. 14:**

6  Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the price

7  of and/or reduce the output of CDTs during the relevant period? If YOU do so contend,

8  IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson SA

9  participated in such a conspiracy regarding CDTs.

10 **RESPONSE TO INTERROGATORY NO. 14:**

11 Plaintiff refers to and incorporates its General Objections as if set forth fully herein.

12 Plaintiff further objects that this Interrogatory is premature given that Defendants first produced

13 documents in response to Plaintiff's discovery requests on June 25, 2014.   Plaintiff further

14 objects to the extent this request calls for expert testimony.   Plaintiff further objects to this

15 Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other

16 defendants in this matter, in violation of the integration order included in section XV,

17 subsections D and E of the Court's "Order Re Discovery and Case Management Protocol,"

18 entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re

19 Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal.

20 April 3, 2012), Docket No. 1128.   Plaintiff further objects to this Interrogatory to the extent that

21 it calls for a legal conclusion or legal argumentation.   Plaintiff further objects to the extent that

22 this request calls for information that is covered by attorney-client privilege or the work product

23 protection.   Plaintiff further objects to the extent this request calls for information that is equally

24 available to Defendants.

25 Subject to and notwithstanding the foregoing objections, Plaintiff refers to its response to

26 Interrogatories Nos. 2 and 3.

27 Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its

28 response to this Interrogatory.

OFFICE DEPOT, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 22 -

Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

**INTERROGATORY NO. 15:**

IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT against the Thomson Defendants.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to this Interrogatory as wholly duplicative of Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8 and 12.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

**INTERROGATORY NO. 16:**

Explain why YOU did not name Thomson Consumer as a defendant in your original complaint, *Office Depot, Inc. v. Hitachi, Ltd. et al.*, Case No. 9:11-cv-81263, filed by YOU on or about November 14, 2011 in the Southern District of Florida.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory as seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

DATED:  July 10, 2014            /s/ *Philip J. Iovieno*

Philip J. Iovieno

OFFICE DEPOT, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 23 -

Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
           anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

*Counsel for Plaintiff Office Depot, Inc.*

OFFICE DEPOT, INC.'S OBJECTIONS AND
RESPONSES TO THOMSON SA AND THOMSON
CONSUMER ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 24 -

Case No. 3:13-cv-05726-SC
Master File No. 3:07-cv-05944-SC

# Exhibit 10

1  William A. Isaacson
   BOIES, SCHILLER & FLEXNER LLP
2  5301 Wisconsin Ave. NW, Suite 800
   Washington, D.C.  20015
3  Telephone:  (202) 237-2727
   Facsimile:   (202) 237-6131
4  Email:  wisaacson@bsfllp.com

5  Philip J. Iovieno
   Anne M. Nardacci
6  BOIES, SCHILLER & FLEXNER LLP
   30 South Pearl Street, 11th Floor
7  Albany, NY  12207
   Telephone:  (518) 434-0600
8  Facsimile:   (518) 434-0665
   Email:  piovieno@bsfllp.com
9          anardacci@bsfllp.com

10  *Counsel for Plaintiff P.C. Richard & Son Long Island Corporation*

11              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
12               **SAN FRANCISCO DIVISION**

13

14  In re: CATHODE RAY TUBE (CRT)          Case No. 3:13-cv-05725-SC
    ANTITRUST LITIGATION
15                                          Master File No. 3:07-cv-05944-SC (N.D. Cal.)
    This Document Relates To Individual Case No.
    3:13-cv-05725-SC (N.D. Cal.)            MDL No. 1917
16

17  P.C. RICHARD & SON LONG ISLAND          **P.C. RICHARD & SON LONG ISLAND**
    CORPORATION, *et al.*,                  **CORPORATION'S OBJECTIONS AND**
18                                          **RESPONSES TO THOMSON SA AND**
19          Plaintiffs,                     **THOMSON CONSUMER**
                                            **ELECTRONICS, INC.'S  FIRST SET OF**
20       v.                                 **INTERROGATORIES**

21  TECHNICOLOR SA, *et al.*,
22
           Defendants.
23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOUNDING PARTIES:**        Defendants Thomson SA and Thomson
                                Consumer Electronics, Inc.

**RESPONDING PARTY:**           P.C. Richard & Son Long Island Corporation

**SET:**                        One

P.C. RICHARD'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 1 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.   Plaintiff further objects to the extent this request calls for expert testimony.   Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff states that information responsive to this Interrogatory can be found in the following discovery:

- Plaintiff's Responses to Toshiba America Information Systems, Inc.'s First Set of Interrogatories and Philips Electronics North America Corporation's Third Set of Interrogatories, Nos. 1, 2, and 9, including all supplemental responses thereto; and

- Plaintiff's Responses to Samsung Electronics America, Inc.'s, Tatung Company of America, Inc.'s, Toshiba America Electronic Components, Inc.'s, and Philips Electronics North America Corporation's First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Plaintiff also refers Defendants to any response referencing Thomson or its personnel in the following:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

P.C. RICHARD'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 6 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Plaintiff expressly incorporates these discovery responses by reference.

Subject to and without waiving the foregoing objections, Plaintiff also refers Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-

P.C. RICHARD'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 11 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

P.C. RICHARD'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 7 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Plaintiff expressly incorporates these discovery responses by reference.

Subject to and without waiving the foregoing objections, Plaintiff also refers Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054;

P.C. RICHARD'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 8 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

Plaintiff also refers Defendants to European Commission announcement of fine of producers of cathode ray tubes. European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 3:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014. Plaintiff further objects to the extent this request calls for expert testimony. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128. Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Plaintiff further objects to the extent this request calls for information that is equally available to

P.C. RICHARD'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 9 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff states that information responsive to this Interrogatory can be found in the following discovery:

- Plaintiff's Responses to Toshiba America Information Systems, Inc.'s First Set of Interrogatories and Philips Electronics North America Corporation's Third Set of Interrogatories, Nos. 1, 2, and 9, including all supplemental responses thereto.

- Plaintiff's Responses to Samsung Electronics America, Inc.'s, Tatung Company of America, Inc.'s, Toshiba America Electronic Components, Inc.'s, and Philips Electronics North America Corporation's First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Plaintiff also refers Defendants to any response referencing Thomson or its personnel in the following:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

P.C. RICHARD'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 10 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

Plaintiff also refers Defendants to European Commission announcement of fine of producers of cathode ray tubes. European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes €1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 4:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer continued to participate in the conspiracy that is the subject of YOUR COMPLAINT after its CRT assets were sold to Videocon in July 2005.

P.C. RICHARD'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 12 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

completed its discovery and preparation in this matter, and its investigation of these cases is ongoing.  This Response is being made after reasonable inquiry into the relevant facts, and is based only upon the information and documentation that is presently known to Plaintiff.  Further investigation and discovery may result in the identification of additional information or contentions, and Plaintiff reserves the right to modify or supplement its response.  Plaintiff's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit their use of any additional evidence that may be developed.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to its Initial Disclosures made in this multidistrict litigation, dated March 27, 2014.  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff further refers to its document productions in this litigation, including its production of organizational charts and similar documents pursuant to Defendants' Requests for Production.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 10:**

IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

P.C. RICHARD'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 19 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

**INTERROGATORY NO. 11:**

IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to Interrogatory No. 10 reviewed during YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

**INTERROGATORY NO. 12:**

IDENTIFY when YOU first learned of the existence of the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.  Plaintiff further objects to the extent this request calls for expert testimony.  Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for

P.C. RICHARD'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 20 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

- Plaintiff's Responses to Samsung Electronics America, Inc.'s, Tatung Company of America, Inc.'s, Toshiba America Electronic Components, Inc.'s, and Philips Electronics North America Corporation's First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 13:**

Do YOU contend that Thomson Consumer participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson Consumer participated in such a conspiracy regarding CDTs.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.  Plaintiff further objects to the extent this request calls for expert testimony.  Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to this Interrogatory to the extent that it calls for a legal conclusion or legal argumentation.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally

P.C. RICHARD'S OBJECTIONS AND RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES

- 21 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to its response to Interrogatories Nos. 2 and 3.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 14:**

Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson SA participated in such a conspiracy regarding CDTs.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.  Plaintiff further objects to the extent this request calls for expert testimony.  Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to this Interrogatory to the extent that it calls for a legal conclusion or legal argumentation.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to its response to Interrogatories Nos. 2 and 3.

P.C. RICHARD'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES
- 22 -
Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

## INTERROGATORY NO. 15:

IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT against the Thomson Defendants.

## RESPONSE TO INTERROGATORY NO. 15:

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to this Interrogatory as wholly duplicative of Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8 and 12.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

## INTERROGATORY NO. 16:

Explain why YOU did not name Thomson Consumer as a defendant in your original complaint, *P.C. Richard & Son Long Island Corporation et al. v. Hitachi, Ltd. et al.*, Case No. 1:11-cv-05530, filed by YOU on or about November 14, 2011 in the Eastern District of New York.

## RESPONSE TO INTERROGATORY NO. 16:

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory as seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

P.C. RICHARD'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 23 -

Case No. 3:13-cv-05725-SC
Master File No. 3:07-cv-05944-SC

1   DATED:  July 10, 2014                    /s/ *Philip J. Iovieno*

2                                            Philip J. Iovieno
                                             Anne M. Nardacci
3                                            BOIES, SCHILLER & FLEXNER LLP
                                             30 South Pearl Street, 11th Floor
4                                            Albany, NY  12207
                                             Telephone:  (518) 434-0600
5                                            Facsimile:   (518) 434-0665
                                             Email:  piovieno@bsfllp.com
6                                                       anardacci@bsfllp.com

7                                            William A. Isaacson
                                             BOIES, SCHILLER & FLEXNER LLP
8                                            5301 Wisconsin Ave. NW, Suite 800
                                             Washington, D.C.  20015
9                                            Telephone:  (202) 237-2727
                                             Facsimile:   (202) 237-6131
10                                           Email:  wisaacson@bsfllp.com

11
                                             *Counsel for Plaintiff P.C. Richard & Son Long Island*
12                                           *Corporation*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 11

1    William A. Isaacson
     BOIES, SCHILLER & FLEXNER LLP
2    5301 Wisconsin Ave. NW, Suite 800
     Washington, D.C.  20015
3    Telephone:  (202) 237-2727
     Facsimile:   (202) 237-6131
4    Email:  wisaacson@bsfllp.com

5    Philip J. Iovieno
     Anne M. Nardacci
6    BOIES, SCHILLER & FLEXNER LLP
     30 South Pearl Street, 11th Floor
7    Albany, NY  12207
     Telephone:  (518) 434-0600
8    Facsimile:   (518) 434-0665
     Email:  piovieno@bsfllp.com
9            anardacci@bsfllp.com

10   *Counsel for Plaintiff Schultze Agency Services, LLC*

11              **UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
12                **SAN FRANCISCO DIVISION**

13

14   In re: CATHODE RAY TUBE (CRT)          Case No. 3:13-cv-05668-SC
     ANTITRUST LITIGATION
15                                          Master File No. 3:07-cv-05944-SC (N.D. Cal.)
     This Document Relates To Individual Case No.
     3:13-cv-05668-SC (N.D. Cal.)           MDL No. 1917
16

17   SCHULTZE AGENCY SERVICES, LLC ON       **SCHULTZE AGENCY SERVICES, LLC'S**
     BEHALF OF TWEETER OPCO, LLC AND        **("TWEETER") OBJECTIONS AND**
18   TWEETER NEWCO, LLC,                    **RESPONSES TO THOMSON SA AND**
                                            **THOMSON CONSUMER**
19                                          **ELECTRONICS, INC.'S  FIRST SET OF**
              Plaintiff,                    **INTERROGATORIES**
20
          v.
21

22   TECHNICOLOR SA, *et al.*,

23           Defendants.

24

25

26

27

28

**PROPOUNDING PARTIES:**          Defendants Thomson SA and Thomson
                                  Consumer Electronics, Inc.

**RESPONDING PARTY:**             Schultze Agency Services, LLC ("Tweeter")

**SET:**                          One

TWEETER'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 1 -

Case No. 3:13-cv-05668-SC
Master File No. 3:07-cv-05944-SC

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.   Plaintiff further objects to the extent this request calls for expert testimony.   Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.   Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.   Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff states that information responsive to this Interrogatory can be found in the following discovery:

- Plaintiffs' Responses to Hitachi America, Ltd.'s and Samsung SDI Co., Ltd.'s First Set of Interrogatories, Nos. 1, 2, and 12, including all supplemental responses thereto; and

- Plaintiff's Responses to Panasonic Corporation's and LG Electronics, Inc.'s First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Plaintiff also refers Defendants to any response referencing Thomson or its personnel in the following:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita

TWEETER'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 6 -

Case No. 3:13-cv-05668-SC
Master File No. 3:07-cv-05944-SC

Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

TWEETER'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 7 -

Case No. 3:13-cv-05668-SC
Master File No. 3:07-cv-05944-SC

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Plaintiff expressly incorporates these discovery responses by reference.

Subject to and without waiving the foregoing objections, Plaintiff also refers Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-

TWEETER'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 8 -

Case No. 3:13-cv-05668-SC
Master File No. 3:07-cv-05944-SC

0091875; CHU00033243; CHU00734336; CHU00032940.

Plaintiff also refers Defendants to European Commission announcement of fine of producers of cathode ray tubes.  European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 3:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.  Plaintiff further objects to the extent this request calls for expert testimony.  Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff states that information responsive to this Interrogatory can be found in the following discovery:

TWEETER'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 9 -

Case No. 3:13-cv-05668-SC
Master File No. 3:07-cv-05944-SC

- Plaintiffs' Responses to Hitachi America, Ltd.'s and Samsung SDI Co., Ltd.'s First Set of Interrogatories, Nos. 1, 2, and 12, including all supplemental responses thereto; and

- Plaintiff's Responses to Panasonic Corporation's and LG Electronics, Inc.'s First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Plaintiff also refers Defendants to any response referencing Thomson or its personnel in the following:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

TWEETER'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 10 -

Case No. 3:13-cv-05668-SC
Master File No. 3:07-cv-05944-SC

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Plaintiff expressly incorporates these discovery responses by reference.

Subject to and without waiving the foregoing objections, Plaintiff also refers Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-

TWEETER'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES                                          - 11 -

Case No. 3:13-cv-05668-SC
Master File No. 3:07-cv-05944-SC

00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

Plaintiff also refers Defendants to European Commission announcement of fine of producers of cathode ray tubes.  European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 4:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer continued to participate in the conspiracy that is the subject of YOUR COMPLAINT after its CRT assets were sold to Videocon in July 2005.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.  Plaintiff further objects to the extent this request calls for expert testimony.  Plaintiff further objects to the extent

TWEETER'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES                    - 12 -

Case No. 3:13-cv-05668-SC
Master File No. 3:07-cv-05944-SC

Subject to and notwithstanding the foregoing objections, Plaintiff refers to its Initial Disclosures made in this multidistrict litigation, dated March 27, 2014.  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff further refers to its document productions in this litigation, including its production of organizational charts and similar documents pursuant to Defendants' Requests for Production.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 10:**

IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

**INTERROGATORY NO. 11:**

IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to Interrogatory No. 10 reviewed during YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in

whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128. Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

**INTERROGATORY NO. 12:**

IDENTIFY when YOU first learned of the existence of the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014. Plaintiff further objects to the extent this request calls for expert testimony. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128. Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

- Plaintiff's Responses to Panasonic Corporation's and LG Electronics, Inc.'s First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

TWEETER'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES                                      - 20 -

Case No. 3:13-cv-05668-SC
Master File No. 3:07-cv-05944-SC

**INTERROGATORY NO. 13:**

Do YOU contend that Thomson Consumer participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson Consumer participated in such a conspiracy regarding CDTs.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014. Plaintiff further objects to the extent this request calls for expert testimony. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128. Plaintiff further objects to this Interrogatory to the extent that it calls for a legal conclusion or legal argumentation. Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to its response to Interrogatories Nos. 2 and 3.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 14:**

Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend,

TWEETER'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 21 -

Case No. 3:13-cv-05668-SC
Master File No. 3:07-cv-05944-SC

IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson SA participated in such a conspiracy regarding CDTs.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects that this Interrogatory is premature given that Defendants first produced documents in response to Plaintiff's discovery requests on June 25, 2014.   Plaintiff further objects to the extent this request calls for expert testimony.   Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to this Interrogatory to the extent that it calls for a legal conclusion or legal argumentation.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Plaintiff further objects to the extent this request calls for information that is equally available to Defendants.

Subject to and notwithstanding the foregoing objections, Plaintiff refers to its response to Interrogatories Nos. 2 and 3.

Discovery is ongoing and Plaintiff reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 15:**

IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT against the Thomson Defendants.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory because it is duplicative of other interrogatories, in

TWEETER'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES                                                   - 22 -

Case No. 3:13-cv-05668-SC
Master File No. 3:07-cv-05944-SC

whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiff further objects to this Interrogatory as wholly duplicative of Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8 and 12.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

**INTERROGATORY NO. 16:**

Explain why YOU did not name Thomson Consumer as a defendant in your original complaint, *Schultze Agency Services et al. v. Hitachi, Ltd. et al.*, Case No. 1:11-cv-05529, filed by YOU on or about November 14, 2011 in the Eastern District of New York.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff further objects to this Interrogatory as seeking information not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.


DATED:  July 10, 2014                /s/ *Philip J. Iovieno*

                                                            Philip J. Iovieno
                                                            Anne M. Nardacci
                                                            BOIES, SCHILLER & FLEXNER LLP
                                                            30 South Pearl Street, 11th Floor
                                                            Albany, NY  12207
                                                            Telephone:  (518) 434-0600
                                                            Facsimile:   (518) 434-0665
                                                            Email:  piovieno@bsfllp.com
                                                                        anardacci@bsfllp.com

                                                            William A. Isaacson
                                                            BOIES, SCHILLER & FLEXNER LLP
                                                            5301 Wisconsin Ave. NW, Suite 800
                                                            Washington, D.C.  20015
                                                            Telephone:  (202) 237-2727

TWEETER'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

- 23 -

Case No. 3:13-cv-05668-SC
Master File No. 3:07-cv-05944-SC

1    Facsimile:   (202) 237-6131
     Email:  wisaacson@bsfllp.com

2

3    *Counsel for Plaintiff Schultze Agency Services, LLC*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 12

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
Bernice Conn, Bar No. 161594
Bconn@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile: 310-229-5800

Attorneys for Plaintiffs

BEST BUY CO., INC.; BEST BUY
PURCHASING LLC; BEST BUY ENTERPRISE
SERVICES, INC.; BEST BUY STORES, L.P.;
BESTBUY.COM, LLC; MAGNOLIA HI-FI, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. M:07-5994-SC MDL No. 1917 |
| This Document Relates to Individual Case No. 3:11-cv-05264-SC | Case No. 3:13-cv-05264-SC |
| BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TECHNICOLOR SA (f/k/a THOMSON SA), TECHNICOLOR USA, INC. (f/k/a THOMSON CONSUMER ELECTRONICS, INC.), VIDEOCON INDUSTRIES, LTD., TECHNOLOGIES DISPLAYS AMERICAS LLC (f/k/a THOMSON DISPLAYS AMERICAS LLC), MITSUBISHI ELECTRIC CORPORATION; MITSUBISHI ELECTRIC VISUAL SOLUTIONS AMERICA, INC.; and MITSUBISHI ELECTRIC & ELECTRONICS USA, INC., <br><br> Defendants. | **BEST BUY'S OBJECTIONS AND RESPONSES TO DEFENDANTS THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES** |

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

PROPOUNDING PARTIES:   THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.

RESPONDING PARTY:   BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.

SET NO.:   FIRST

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc., Best Buy Stores, L.P.; BestBuy.Com, L.L.C.; and Magnolia HI-FI, Inc. (collectively "Best Buy") hereby Object and Respond to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories (hereinafter, the "Interrogatories").

**RESERVATIONS OF RIGHTS**

In responding to these Interrogatories, Best Buy states that it has conducted, or will conduct, a diligent search, reasonable in scope, for information that is relevant to the Interrogatories. In the event that additional information relevant to the Interrogatories is later identified or brought to Best Buy's attention, Best Buy reserves the right to amend, revise, supplement, modify, or clarify the following objections and responses. Best Buy further reserves the right to complete its investigation and discovery of the facts, and to rely at trial or in other proceedings upon additional information, regardless of whether such information is newly discovered or newly in existence.

Best Buy incorporates by reference any evidence identified by the Direct Purchaser Plaintiffs, Indirect Purchaser Plaintiffs, and the other Direct Action Plaintiffs in response to any discovery request.

Best Buy has responded to these Interrogatories as it interprets and understands them. If Defendants subsequently assert an interpretation of any Interrogatory or response that differs from Best Buy's understanding, Best Buy reserves the right to supplement or amend its objections or responses.

OBJECTIONS AND RESPONSES TO DEFENDANTS THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET INTERROGATORIES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    engaging in  anticompetitive conduct.

2         Additionally, Best Buy refers Thomson to the European Commission's

3    announcement of fine of producers of cathode ray tubes. European Commission,

4    "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion

5    for two decade-long cartels" (Dec. 5, 2012), available at http://europa.eu/rapid/press-

6    release_IP-12-1317_en.htm.

7         Finally, Best Buy refers Thomson to the testimony of Panasonic's Shinichi Iwamoto.

8         Best Buy reserves the right to supplement their response to this Interrogatory

9    based on further discovery, investigation, expert work, or other developments in this

10   case.

11   **Interrogatory No. 3:**

12        IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR

13   allegation that Thomson SA participated in a conspiracy with the DEFENDANTS

14   and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in

15   the United States during the RELEVANT PERIOD.

16   **Response:**

17        Best Buy incorporates and restates its response to Interrogatory No. 2.

18   **Interrogatory No. 4:**

19        IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR

20   allegation that Thomson Consumer continued to participate in the conspiracy that is the

21   subject of YOUR COMPLAINT after its CRT assets were sold to Videocon in July 2005.

22   **Response:**

23        Best Buy incorporates and restates its response to Interrogatory No. 2. Best Buy

24   further states that information responsive to this Interrogatory is contained in the

25   following:

26   •    Technologies Displays Americas LLC's Responses to Sharp Electronics

27        Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s

28        First Set of Interrogatories (October 8, 2013);

- Statement of Albino Bessa Re Technologies Displays Americas, LLC (April 18, 2014);

- Answer of Thomson Consumer Electronics, Inc. to Plaintiffs' Complaint (April 25, 2014);

- Answer of Thomson SA to Plaintiffs' Complaint (April 25, 2014); and

- Answer of Technologies Displays Americas, LLC to Plaintiffs' Complaint (June 23, 2014).

**Interrogatory No. 5:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA continued to participate in the conspiracy that is the subject of YOUR COMPLAINT after its CRT assets were sold to Videocon in July 2005.

**Response:**

Best Buy incorporates and restates its response to Interrogatory No. 4.

**Interrogatory No. 6:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer affirmatively concealed its alleged participation in the conspiracy that is the subject of YOUR COMPLAINT.

**Response:**

Best Buy incorporates and restates its response to Interrogatory No. 4.

**Interrogatory No. 7:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA affirmatively concealed its alleged participation in the conspiracy that is the subject of YOUR COMPLAINT.

**Response:**

Best Buy incorporates and restates its response to Interrogatory No. 4.

**Interrogatory No. 8:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegations against the Thomson Defendants contained in paragraphs 146 through 148 of

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60830741.1

- 9 -

OBJECTIONS AND RESPONSES TO DEFENDANTS
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET INTERROGATORIES

YOUR COMPLAINT.

**Response:**

    Best Buy incorporates and restates its response to Interrogatory No. 4.

**Interrogatory No. 9:**

    IDENTIFY each PERSON employed or controlled by YOU who negotiated and/or approved YOUR purchase of CRTs from the Thomson Defendants during the RELEVANT PERIOD.

    **Response:**

    In addition to the General Objections above, Best Buy objects to this interrogatory because it is overly broad, unduly burdensome, and oppressive, particularly as it requests that Best Buy identify each person, and seeks information that is maintained by and equally available to Defendants. Best Buy further objects to the extent this request is duplicative of other discovery propounded by Defendants in MDL No. 1917. Subject to and without waiving its objections, Best Buy states that information responsive to this Interrogatory is contained in the following discovery responses, which are incorporated herein by reference:

- Best Buy's Answers to Defendants Panasonic Corporations and LG Electronics, Inc.'s First Set of Interrogatories.

**Interrogatory No. 10:**

    IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**Response:**

    In addition to the General Objections above, Best Buy objects to this interrogatory as seeking information covered by the attorney client privilege and work product protections.

**Interrogatory No. 11:**

    IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Interrogatory No. 10 reviewed during YOUR investigation into whether the Thomson

Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**Response:**

In addition to the General Objections above, Best Buy objects to this interrogatory

as seeking information covered by the attorney client privilege and work product

protections.

**Interrogatory No. 12:**

IDENTIFY when YOU first learned of the existence of the conspiracy that is the

subject of YOUR COMPLAINT.

**Response:**

In addition to the General Objections above, Best Buy objects to this interrogatory

as seeking information covered by the attorney client privilege and work product

protections.

**Interrogatory No. 13:**

Do YOU contend that Thomson Consumer participated in the alleged conspiracy to

fix the price of and/or reduce the output of CDTs during the relevant period? If YOU do

so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention

that Thomson Consumer participated in such a conspiracy regarding CDTs.

**Response:**

Best Buy incorporates and restates its response to Interrogatory No. 4.

**Interrogatory No. 14:**

Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the

price of and/or reduce the output of CDTs during the relevant period? If YOU do so

contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention

that Thomson SA participated in such a conspiracy regarding CDTs.

**Response:**

Best Buy incorporates and restates its response to Interrogatory No. 4.

**Interrogatory No. 15:**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT against the Thomson Defendants.

**Response:**

In addition to the General Objections above, Best Buy objects to this interrogatory as seeking information covered by the attorney client privilege and work product protections.

**Interrogatory No. 16:**

Explain why YOU did not name Thomson Consumer as a defendant in YOUR original complaint, *Best Buy Co., Inc., et al. v. Hitachi, Ltd. et al.*, Case No. 11-cv-05513, filed by YOU on or about November 14, 2011 in the Northern District of California.

**Response:**

In addition to the General Objections above, Best Buy objects to this interrogatory as seeking information covered by the attorney client privilege and work product protections.

DATED: July 21, 2014                    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Laura E. Nelson
      Roman M. Silberfeld
      David Martinez
      Laura E. Nelson

**ATTORNEYS FOR PLAINTIFFS
BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, LLC; MAGNOLIA HI-FI, INC.**

60830741.1

OBJECTIONS AND RESPONSES TO DEFENDANTS
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET INTERROGATORIES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

# Exhibit 13

David J. Burman *(pro hac vice)*
Cori G. Moore *(pro hac vice)*
Eric J. Weiss *(pro hac vice)*
Nicholas H. Hesterberg *(pro hac vice)*
Steven D. Merriman *(pro hac vice)*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: DBurman@perkinscoie.com
        CGMoore@perkinscoie.com
        EWeiss@perkinscoie.com
        NHesterberg@perkinscoie.com
        SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7000
Facsimile: 415.344.7050
Email: JBass@perkinscoie.com

*Attorneys for Plaintiff*
*Costco Wholesale Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-05944-SC |
| | MDL No. 1917 |
| This Document Relates To: | **COSTCO WHOLESALE CORPORATION'S OBJECTIONS AND RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES** |
| *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No 3:11-cv-06397-SC | |

PROPOUNDING PARTY:   Defendants Thomson SA and Thomson Consumer Electronics, Inc.

RESPONDING PARTY:   Costco Wholesale Corporation

SET NO.:   One

-1-

1  CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States

2  during the RELEVANT PERIOD.

3  **RESPONSE TO INTERROGATORY NO. 2:**

4       Costco refers to and incorporates its General Objections as if set forth fully herein.

5  Costco further objects to this Interrogatory on the grounds that it is a premature contention

6  interrogatory, as well as overly broad and unduly burdensome.  Costco also objects that this

7  Interrogatory is premature given that Thomson first produced documents on June 25, 2014.

8  Costco further objects to the extent this request calls for expert testimony.  Costco also objects to

9  the extent that this request calls for information that is covered by attorney-client privilege or the

10  work product protection.  Costco further objects to the extent this request calls for information

11  that is equally available to Thomson.  Finally, Costco objects to this Interrogatory as duplicative

12  of other discovery taken in this case.

13       Subject to and without waiving the foregoing objections, Costco states that information

14  responsive to this Interrogatory can be found in:

15  • Costco's Responses to Tatung Company of America, Inc. and Samsung Electronics

16      Co., Ltd.'s First Set of Interrogatories, Nos. 12-14  (dated August 17, 2012); and

17  • Costco's First Supplemental Responses to Hitachi America Ltd. and Samsung SDI

18      Co., Ltd.'s First Set of Interrogatories, Nos. 2 and 10 (dated June 3, 2014).

19  Costco expressly incorporates those discovery responses by reference.

20       Costco also refers the Defendants to any response referencing Thomson or its personnel in

21  the following discovery:

22  • Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs'

23      First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

24  • Second Supplemental Responses and Objections of Panasonic Corporation of North

25      America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita

26      Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories

27      (dated November 2, 2011);

28

1     •    Third Supplemental Responses and Objections of Panasonic Corporation of North

2         America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita

3         Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories

4         (dated December 23, 2011);

5     •    Toshiba America Electronic Components, Inc.'s Supplemental Objections and

6         Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set

7         of Interrogatories (dated February 10, 2012);

8     •    Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos.

9         Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated

10        February 10, 2012);

11    •    Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct

12        Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated

13        February 10, 2012);

14    •    Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser

15        Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10,

16        2012);

17    •    Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct

18        Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

19    •    Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and

20        Philips Electronics North America Corporation Responses to Direct Purchaser

21        Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

22    •    Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental

23        Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No.

24        5 (dated April 12, 2013);

25    •    Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response

26        to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated

27        April 26, 2013); and

28

1         •   Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First

2            Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

3  Costco expressly incorporates these responses here by reference.

4        Costco also refers the Defendants to materials produced in this litigation at Bates Nos.

5  TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190;

6  HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526;

7  CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506;

8  SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-

9  0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814;

10  HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-

11  CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-

12  0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-

13  CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-

14  0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-

15  0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872;

16  MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-

17  0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-

18  0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-

19  0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100;

20  CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144;

21  PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-

22  CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654;

23  PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240;

24  MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871;

25  SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.  Costco also refers the

26  Defendants to European Commission announcement of fine of producers of cathode ray tubes.

27  European Commission, "Antitrust: Commission fines producers of TV and computer monitor

28

1  tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at*

2  http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

3      Discovery is ongoing, and Costco reserves its right to supplement or modify this response.

4  **INTERROGATORY NO. 3:**

5      IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation

6  that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other

7  CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States

8  during the RELEVANT PERIOD.

9  **RESPONSE TO INTERROGATORY NO. 3:**

10      Costco refers to and incorporates its General Objections as if set forth fully herein.

11  Costco further objects to this Interrogatory on the grounds that it is a premature contention

12  interrogatory, as well as overly broad and unduly burdensome.  Costco also objects that this

13  Interrogatory is premature given that Thomson first produced documents on June 25, 2014.

14  Costco further objects to the extent this request calls for expert testimony.  Costco also objects to

15  the extent that this request calls for information that is covered by attorney-client privilege or the

16  work product protection.  Costco further objects to the extent this request calls for information

17  that is equally available to Thomson.  Finally, Costco objects to this Interrogatory as duplicative

18  of other discovery taken in this case.

19      Subject to and without waiving the foregoing objections, Costco states that information

20  responsive to this Interrogatory can be found in:

21      • Costco's Responses to Tatung Company of America, Inc. and Samsung Electronics

22          Co., Ltd.'s First Set of Interrogatories, Nos. 12-14  (dated August 17, 2012); and

23      • Costco's First Supplemental Responses to Hitachi America Ltd. and Samsung SDI

24          Co., Ltd.'s First Set of Interrogatories, Nos. 2 and 10 (dated June 3, 2014).

25  Costco expressly incorporates those discovery responses by reference.

26      Costco also refers the Defendants to any response referencing Thomson or its personnel in

27  the following discovery:

28

1       • Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs'
2         First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

3       • Second Supplemental Responses and Objections of Panasonic Corporation of North
4         America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita
5         Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories
6         (dated November 2, 2011);

7       • Third Supplemental Responses and Objections of Panasonic Corporation of North
8         America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita
9         Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories
10        (dated December 23, 2011);

11      • Toshiba America Electronic Components, Inc.'s Supplemental Objections and
12        Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set
13        of Interrogatories (dated February 10, 2012);

14      • Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos.
15        Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated
16        February 10, 2012);

17      • Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct
18        Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated
19        February 10, 2012);

20      • Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser
21        Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10,
22        2012);

23      • Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct
24        Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

25      • Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and
26        Philips Electronics North America Corporation Responses to Direct Purchaser
27        Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

28

1        • Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental

2            Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No.

3            5 (dated April 12, 2013);

4        • Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response

5            to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated

6            April 26, 2013); and

7        • Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First

8            Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

9    Costco expressly incorporates these responses here by reference.

10        Costco also refers the Defendants to materials produced in this litigation at Bates Nos.

11   TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190;

12   HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526;

13   CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506;

14   SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-

15   0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814;

16   HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-

17   CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-

18   0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-

19   CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-

20   0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-

21   0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872;

22   MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-

23   0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-

24   0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-

25   0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100;

26   CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144;

27   PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-

28   CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654;

1  PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240;

2  MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871;

3  SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.  Costco also refers the

4  Defendants to European Commission announcement of fine of producers of cathode ray tubes.

5  European Commission, "Antitrust: Commission fines producers of TV and computer monitor

6  tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at*

7  http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

8           Discovery is ongoing, and Costco reserves its right to supplement or modify this response.

9  **INTERROGATORY NO. 4:**

10          IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation

11  that Thomson Consumer continued to participate in the conspiracy that is the subject of YOUR

12  COMPLAINT after its CRT assets were sold to Videocon in July 2005.

13  **RESPONSE TO INTERROGATORY NO. 4:**

14          Costco refers to and incorporates its General Objections as if set forth fully herein.

15  Costco further objects to this Interrogatory on the grounds that it is a premature contention

16  interrogatory, as well as overly broad and unduly burdensome.  Costco also objects that this

17  Interrogatory is premature given that Thomson first produced documents on June 25, 2014.

18  Costco further objects to the extent this request calls for expert testimony.  Costco also objects to

19  the extent that this request calls for information that is covered by attorney-client privilege or the

20  work product protection.  Costco further objects to the extent this request calls for information

21  that is equally available to Defendants.  Finally, Costco objects to this Interrogatory as duplicative

22  of other discovery taken in this case.

23          Subject to and without waiving the foregoing objections, Costco states that information

24  responsive to this Interrogatory can be found in the following:

25      •   Costco's First Supplemental Responses to Hitachi America Ltd. and Samsung SDI

26          Co., Ltd.'s First Set of Interrogatories, Nos. 2 and 10 (dated June 3, 2014);

27

28

1   **RESPONSE TO INTERROGATORY NO. 9:**

2        Costco refers to and incorporates its General Objections as if set forth fully herein.

3   Costco further objects to this Interrogatory on the on the ground that it is overly broad, unduly

4   burdensome, and oppressive, particularly in that it seeks the identity of every person employed by

5   Costco over an approximately twelve-year period who was involved in negotiating and/or

6   approving prices for the sale of CRTs.  Costco also objects to this Interrogatory as duplicative of

7   other discovery taken in this case.

8        Subject to and without waiving the foregoing objections, Costco states that information

9   responsive to this Interrogatory can be found in the following:

10       • Costco's Responses to Philips Electronics North America Corporation and Toshiba

11         America Electronic Components, Inc.'s First Set of Interrogatories, Nos. 6-7 (dated

12         August 17, 2012); and

13       • Costco's Responses to Hitachi Ltd.'s First Set of Interrogatories, Nos. 1-10 (dated

14         June 5, 2014).

15  Costco expressly incorporates those responses here by reference.  Discovery is ongoing, and

16  Costco reserves its right to supplement or modify this response.

17  **INTERROGATORY NO. 10:**

18       IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR

19  investigation into whether the Thomson Defendants participated in the conspiracy that is the

20  subject of YOUR COMPLAINT.

21  **RESPONSE TO INTERROGATORY NO. 10:**

22       Costco refers to and incorporates its General Objections as if set forth fully herein.

23  Costco further objects to this Interrogatory on the grounds that it is overly broad, unduly

24  burdensome, and oppressive, and is not calculated to lead to the discovery of admissible evidence.

25  Costco also objects to the extent that this request calls for information that is covered by attorney-

26  client privilege or the work product protection.

27       Discovery is ongoing, and Costco reserves its right to supplement or modify this response.

28

COSTCO'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF
INTERROGATORIES

-21-

No. 07-5944-SC; MDL No. 1917

1    **INTERROGATORY NO. 11:**

2         IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to Interrogatory

3    No. 10 reviewed during YOUR investigation into whether the Thomson Defendants participated

4    in the conspiracy that is the subject of YOUR COMPLAINT.

5    **RESPONSE TO INTERROGATORY NO. 11:**

6         Costco refers to and incorporates its General Objections as if set forth fully herein.

7    Costco further objects to this Interrogatory on the grounds that it is overly broad, unduly

8    burdensome, and oppressive, and is not calculated to lead to the discovery of admissible evidence.

9    Costco also objects to the extent that this request calls for information that is covered by attorney-

10   client privilege or the work product protection.

11        Discovery is ongoing, and Costco reserves its right to supplement or modify this response.

12   **INTERROGATORY NO. 12:**

13        IDENTIFY when YOU first learned of the existence of the conspiracy that is the subject

14   of YOUR COMPLAINT.

15   **RESPONSE TO INTERROGATORY NO. 12:**

16        Costco refers to and incorporates its General Objections as if set forth fully herein.

17   Costco further objects to this Interrogatory on the grounds that it is overly broad, unduly

18   burdensome, and oppressive.  Costco also objects to the extent that this request calls for

19   information that is covered by attorney-client privilege, work product doctrine, joint prosecution

20   privilege, or any other privilege or doctrine of confidentiality provided by law, or that otherwise

21   constitutes information prepared for in anticipation of litigation.  Costco further objects to this

22   Interrogatory as duplicative of prior discovery.

23        Subject to and without waving the foregoing objections, Costco is not certain of the date

24   when it first learned of the conspiracy.  Costco is investigating this question and if further

25   information is located will supplement this response..

26   **INTERROGATORY NO. 13:**

27        Do YOU contend that Thomson Consumer participated in the alleged conspiracy to fix the

28   price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend,

1    IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson

2    Consumer participated in such a conspiracy regarding CDTs.

3    **RESPONSE TO INTERROGATORY NO. 13:**

4         Costco refers to and incorporates its General Objections as if set forth fully herein.

5    Costco further objects to this Interrogatory on the grounds that it is a premature contention

6    interrogatory, as well as overly broad and unduly burdensome.  Costco also objects that this

7    Interrogatory is premature given that Thomson first produced documents on June 25, 2014.

8    Costco further objects to the extent this request calls for expert testimony.  Costco also objects to

9    the extent that this request calls for information that is covered by attorney-client privilege or the

10   work product protection.  Costco further objects to the extent this request calls for information

11   that is equally available to Thomson.

12        Subject to and without waiving the foregoing objections, Costco states that it contends

13   that Thomson Consumer participated in the conspiracy to fix the price of and/or reduce the output

14   of CDTs during the relevant period.  Costco refers Defendants to its responses to Interrogatories

15   Nos. 2 and 3, which it hereby incorporates by reference.  Discovery is ongoing, and Costco

16   reserves its right to supplement or modify this response.

17   **INTERROGATORY NO. 14:**

18        Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the price

19   of and/or reduce the output of CDTs during the relevant period? If YOU do so contend,

20   IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson SA

21   participated in such a conspiracy regarding CDTs.

22   **RESPONSE TO INTERROGATORY NO. 14:**

23        Costco refers to and incorporates its General Objections as if set forth fully herein.

24   Costco further objects to this Interrogatory on the grounds that it is a premature contention

25   interrogatory, as well as overly broad and unduly burdensome.  Costco also objects that this

26   Interrogatory is premature given that Thomson first produced documents on June 25, 2014.

27   Costco further objects to the extent this request calls for expert testimony.  Costco also objects to

28   the extent that this request calls for information that is covered by attorney-client privilege or the

work product protection.  Costco further objects to the extent this request calls for information that is equally available to Thomson.

Subject to and without waiving the foregoing objections, Costco states that it contends that Thomson SA participated in the conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period.  Costco refers Defendants to its responses to Interrogatories Nos. 2 and 3, which it hereby incorporates by reference.  Discovery is ongoing, and Costco reserves its right to supplement or modify this response.

**INTERROGATORY NO. 15:**

IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT against the Thomson Defendants.

**RESPONSE TO INTERROGATORY NO. 15:**

Costco refers to and incorporates its General Objections as if set forth fully herein. Costco further objects to this Interrogatory on the grounds that it overly broad and unduly burdensome.  Costco also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.   Finally, Costco objects to this Interrogatory as duplicative of other discovery taken in this case, including Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8 and 12.  Costco  refers to its responses to these Interrogatories and incorporates them herein by reference.

Discovery is ongoing, and Costco reserves its right to supplement or modify this response.

**INTERROGATORY NO. 16:**

Explain why YOU did not name Thomson Consumer as a defendant in your original complaint, Costco Wholesale Corporation v. Hitachi, Ltd. et al., Case No. 2:11-cv-01909, filed by Costco on or about November 14, 2011 in the Western District of Washington.

**RESPONSE TO INTERROGATORY NO. 16:**

Costco refers to and incorporates its General Objections as if set forth fully herein. Costco further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and oppressive, and is not calculated to lead to the discovery of admissible evidence.

1   Costco also objects to the extent that this request calls for information that is covered by attorney-

2   client privilege or the work product protection.

3          Discovery is ongoing, and Costco reserves its right to supplement or modify this response.

4

5

6   DATED:  July 10, 2014                         **PERKINS COIE** LLP

7
                                                  By: /s/ David J. Burman
8                                                     David J. Burman *(pro hac vice)*
                                                      Cori G. Moore *(pro hac vice)*
9                                                     Eric J. Weiss *(pro hac vice)*
                                                      Nicholas H. Hesterberg *(pro hac vice)*
10                                                    Steven D. Merriman *(pro hac vice)*
                                                      PERKINS COIE LLP
11                                                    1201 Third Avenue, Suite 4900
                                                      Seattle, WA  98101-3099
12                                                    Telephone:  206.359.8000
                                                      Facsimile:  206.359.9000
13                                                    Email:  DBurman@perkinscoie.com
                                                              CGMoore@perkinscoie.com
14                                                            EWeiss@perkinscoie.com
                                                              NHesterberg@perkinscoie.com
15                                                            SMerriman@perkinscoie.com

16
                                                      Joren Bass, Bar No. 208143
17                                                    PERKINS COIE LLP
                                                      Four Embarcadero Center, Suite 2400
18                                                    San Francisco, CA  94111-4131
                                                      Telephone:  415.344.7000
19                                                    Facsimile:  415.344.7050
                                                      Email:  JBass@perkinscoie.com
20
                                                      *Attorneys for Plaintiff*
21                                                    *Costco Wholesale Corporation*

22

23   29040-0318/LEGAL122096421.1

24

25

26

27

28

# Exhibit 14

Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard, Suite 1100
Miami, Florida  33131
Tel:     (305) 373-1000
Fax:     (305) 372-1861
E-mail:   rarnold@knpa.com
          wblechman@knpa.com
          kmurray@knpa.com
          srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **Master Case No. 3:07-cv-05944-SC**<br>Individual Case No. 3:13-cv-05262 |
| This Document Relates to: | MDL No. 1917 |
| *SEARS, ROEBUCK AND CO. & KMART CORP. v. Technicolor SA, et al., No.* 13-cv-05262 | **PLAINTIFFS SEARS, ROEBUCK AND CO. & KMART CORP.'S OBJECTIONS AND RESPONSES TO DEFENDANTS THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES** |

**RESPONDING PARTIES:** Plaintiffs Sears, Roebuck and Co. and Kmart Corp.

**PROPOUNDING PARTIES:** Defendants Thomson SA and Thomson Consumer Electronics, Inc.

**SET NO.:** ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rule 33.1 of the Local Rules of the Northern District of California, Plaintiffs Sears, Roebuck and Co. and Kmart Corp. (individually and collectively "Plaintiffs") respond to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s (collectively "Thomson") First Set of Interrogatories served June 5, 2014 (the "Interrogatories").

1

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO.  1:**

Identify all persons who provided information to answer these Interrogatories.

**RESPONSE TO  INTERROGATORY NO. 1:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here.  Subject to and without waiving their General Objections, Plaintiffs state that responses were prepared by outside counsel.   These Interrogatories consist of contention interrogatories and information responsive to these Interrogatories must be filtered through the Stipulated Protective Order that otherwise prevents Plaintiffs' outside counsel from disclosing highly confidential materials to Plaintiffs' employees.  Without intending to limit the foregoing, Plaintiffs object to this Interrogatory on the grounds that it calls for information protected by the attorney-client privilege and/or work product doctrine.

**INTERROGATORY NO. 2:**

Identify all documents and evidence that form the basis of your allegation that Thomson Consumer participated in a conspiracy with the Defendants and/or other Conspirators to fix the price and/or reduce the output of CRTs sold in the United States during the relevant period.

**RESPONSE TO INTERROGATORY NO.  2:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here. Plaintiffs further object to this Interrogatory on the grounds that:  (i) it is premature given that this is a contention interrogatory and Thomson first produced documents in response to Plaintiffs' discovery requests on June 25, 2014; (ii) it is unreasonably overbroad and unduly burdensome; (iii) depending on Thomson's intent, it may call for a legal conclusion; (iv) it seeks information that is in Thomson's possession, custody, or control, and that has not yet been provided to Plaintiffs; (v) it is duplicative of other discovery propounded by Defendants in MDL No. 1917; (vi) it seeks information that is the subject of expert opinions, reports, and/or testimony; (vii) it seeks

7

information that is the subject of ongoing discovery and investigation; and (viii) it seeks information that is equally available to Thomson.

Subject to and without waiving their general and specific objections, Plaintiffs state that documents and transactional data produced by them in this litigation shall be deemed produced in response to this Interrogatory, subject to the Responses and Objections contained herein. Additionally, the response to this Interrogatory may include the transactional data and other documents produced by Defendants, co-conspirators, and third parties in MDL No. 1917.   The burden of identifying the specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Plaintiffs or Thomson.  *See* Fed. R. Civ. P. 33(d).

Plaintiffs further state that information responsive to this Interrogatory is contained in the following discovery responses, which are incorporated herein by reference:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

8

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013).

Plaintiffs also refer Thomson to the following documents produced in this litigation: TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774;

9

SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

Additionally, Plaintiffs refer Thomson to the European Commission's announcement of fine of producers of cathode ray tubes.  European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

**INTERROGATORY NO. 3:**

Identify all documents and evidence that form the basis of your allegation that Thomson SA participated in a conspiracy with the Defendants and/or other conspirators to fix the price and/or reduce the output of CRTs sold in the United States during the relevant period.

SEARS & KMART'S RESPONSES TO THOMSON DEFENDANTS'          MDL No. 1917
FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here. Plaintiffs further object to this Interrogatory on the grounds that: (i) it is premature given that this is a contention interrogatory and Thomson first produced documents in response to Plaintiffs' discovery requests on June 25, 2014; (ii) it is unreasonably overbroad and unduly burdensome; (iii) depending on Thomson's intent, it may call for a legal conclusion; (iv) it seeks information that is in Thomson's possession, custody, or control, and that has not yet been provided to Plaintiffs; (v) it is duplicative of other discovery propounded by Defendants in MDL No. 1917; (vi) it seeks information that is the subject of expert opinions, reports, and/or testimony; (vii) it seeks information that is the subject of ongoing discovery and investigation; and (viii) it seeks information that is equally available to Thomson.

Subject to and without waiving their general and specific objections, Plaintiffs incorporate and restate their Response to Interrogatory No. 2. Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

**INTERROGATORY NO. 4:**

Identify all documents and evidence that form the basis of your allegation that Thomson Consumer continued to participate in the conspiracy that is the subject of your complaint after its CRT assets were sold to Videocon in July 2005.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here. Plaintiffs further object to this Interrogatory on the grounds that: (i) it is premature given that this is a contention interrogatory and Thomson first produced documents in response to Plaintiffs' discovery requests on June 25, 2014; (ii) it is unreasonably overbroad and unduly burdensome; (iii) depending on Thomson's intent, it may call for a legal conclusion; (iv) it seeks information

11

that is in Thomson's possession, custody, or control, and that has not yet been provided to Plaintiffs; (v) it is duplicative of other discovery propounded by Defendants in MDL No. 1917; (vi) it seeks information that is the subject of expert opinions, reports, and/or testimony; (vii) it seeks information that is the subject of ongoing discovery and investigation; and (viii) it seeks information that is equally available to Thomson.

Subject to and without waiving their general and specific objections, Plaintiffs state that documents and transactional data produced by them in this litigation shall be deemed produced in response to this Interrogatory, subject to the Responses and Objections contained herein. Additionally, the response to this Interrogatory may include the transactional data and other documents produced by Defendants, co-conspirators, and third parties in MDL No. 1917. The burden of identifying the specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Plaintiffs or Thomson. *See* Fed. R. Civ. P. 33(d).

Plaintiffs further state that information responsive to this Interrogatory is contained in the following:

- Technologies Displays Americas LLC's Responses to Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s First Set of Interrogatories (October 8, 2013);

- Statement of Albino Bessa Re Technologies Displays Americas, LLC (April 18, 2014);

- Answer of Thomson Consumer Electronics, Inc. to Plaintiffs' Complaint (April 25, 2014);

- Answer of Thomson SA to Plaintiffs' Complaint (April 25, 2014); and

- Answer of Technologies Displays Americas, LLC to Plaintiffs' Complaint (June 23, 2014);

- The admissions of participation in the CRT antitrust conspiracy made by Technicolor SA in its 2011 and 2012 Annual Reports.

Plaintiffs also refer Thomson to materials produced in this litigation at Bates Nos. TDA00355; MTPD-0410018; MTPD-0410020; PHLP-CRT-062325; PHLP-CRT-062493; MTPD-0479672.

Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

**INTERROGATORY NO. 5:**

Identify all documents and evidence that form the basis of your allegation that Thomson Consumer continued to participate in the conspiracy that is the subject of your complaint after its CRT assets were sold to Videocon in July 2005.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here. Plaintiffs further object to this Interrogatory on the grounds that: (i) it is premature given that this is a contention interrogatory and Thomson first produced documents in response to Plaintiffs' discovery requests on June 25, 2014; (ii) it is unreasonably overbroad and unduly burdensome; (iii) depending on Thomson's intent, it may call for a legal conclusion; (iv) it seeks information that is in Thomson's possession, custody, or control, and that has not yet been provided to Plaintiffs; (v) it is duplicative of other discovery propounded by Defendants in MDL No. 1917; (vi) it seeks information that is the subject of expert opinions, reports, and/or testimony; (vii) it seeks information that is the subject of ongoing discovery and investigation; and (viii) it seeks information that is equally available to Thomson.

Subject to and without waiving their general and specific objections, Plaintiffs incorporate and restate their Response to Interrogatory No. 4. Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

**INTERROGATORY NO. 6:**

Identify all documents and evidence that form the basis of your allegation that Thomson Consumer affirmatively concealed its alleged participation in the conspiracy that is the subject of your complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here. Plaintiffs further object to this Interrogatory on the grounds that:  (i) it is premature given that Thomson first produced documents in response to Plaintiffs' discovery requests on June 25, 2014; (ii) it is unreasonably overbroad and unduly burdensome; (iii) depending on Thomson's intent, it may call for a legal conclusion; (iv) it seeks information that is in Thomson's possession, custody, or control, and that has not yet been provided to Plaintiffs; (v) it is duplicative of other discovery propounded by Defendants in MDL No. 1917; (vi) it seeks information that is the subject of expert opinions, reports, and/or testimony; (vii) it seeks information that is the subject of ongoing discovery and investigation; and (viii) it seeks information that is equally available to Thomson.

Subject to and without waiving their general and specific objections, Plaintiffs state that all actions of Thomson, Defendants, and co-conspirators in furtherance of the CRT antitrust conspiracy, including unlawful exchanges with competitors of price, production, and capacity information and illegal agreements with competitors regarding prices, production, capacity, and consumer allocation, were taken in secret and deliberately concealed from customers, consumers, and interested regulatory agencies, including the United States Department of Justice and the European Commission.  Thomson, Defendants, and co-conspirators fraudulently concealed the conspiracy by, among other methods, having secret meetings, using the telephone or having in-person meetings to prevent the existence of written records, having discussions on how to evade antitrust laws, devising pretextual reasons for pricing decisions, and issuing regular instructions to destroy written documentation of the conspiracy.  Meeting attendees were told not to disclose the

14

fact of these meetings to outsiders or even to other employees not involved in CRT pricing or production.  Top executives who attended conspiracy meetings agreed to stagger their arrivals and departures at such meetings to aovid being seen in public with each other and with the express purpose and effect of keeping them secret.  Moreover, Thomson, Defendants, and co-conspirators agreed not to publicly discuss the existence of the nature of their agreements.

Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

**INTERROGATORY NO. 7:**

Identify all documents and evidence that form the basis of your allegation that Thomson SA affirmatively concealed its alleged participation in the conspiracy that is the subject of your complaint.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here.  Plaintiffs further object to this Interrogatory on the grounds that:  (i) it is premature given that this is a contention interrogatory and Thomson first produced documents in response to Plaintiffs' discovery requests on June 25, 2014; (ii) it is unreasonably overbroad and unduly burdensome; (iii) depending on Thomson's intent, it may call for a legal conclusion; (iv) it seeks information that is in Thomson's possession, custody, or control, and that has not yet been provided to Plaintiffs; (v) it is duplicative of other discovery propounded by Defendants in MDL No. 1917; (vi) it seeks information that is the subject of expert opinions, reports, and/or testimony; (vii) it seeks information that is the subject of ongoing discovery and investigation; and (viii) it seeks information that is equally available to Thomson.

Subject to and without waiving their general and specific objections, Plaintiffs incorporate and restate their response to Interrogatory No. 6.  Plaintiffs reserve the right to supplement their

15

response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

**INTERROGATORY NO. 8:**

Identify all documents and evidence that form the basis of your allegations against the Thomson Defendants contained in paragraphs 144 through 146 of your complaint.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here. Plaintiffs further object to this Interrogatory on the grounds that: (i) it is premature given that this is a contention interrogatory and Thomson first produced documents in response to Plaintiffs' discovery requests on June 25, 2014; (ii) it is unreasonably overbroad and unduly burdensome; (iii) depending on Thomson's intent, it may call for a legal conclusion; (iv) it seeks information that is in Thomson's possession, custody, or control, and that has not yet been provided to Plaintiffs; (v) it is duplicative of other discovery propounded by Defendants in MDL No. 1917; (vi) it seeks information that is the subject of expert opinions, reports, and/or testimony; (vii) it seeks information that is the subject of ongoing discovery and investigation; and (viii) it seeks information that is equally available to Thomson.

Subject to and without waiving their general and specific objections, Plaintiffs incorporate and restate their responses to Interrogatories 2 and 3. Plaintiffs further refer Thomson to materials produced in this litigation at Bates Nos. SDCRT-0002526-2528; SDCRT-0086490-6492; SDCRT-0086503; SDCRT-0086508-6510; SDCRT-0086511; SDCRT-0002488-2489; HEDUS-CRT00168774-8775; SDCRT-0087662-7663; SDCRT-0087340-7342; SDCRT-0087664-7666; SDCRT-0087670-7672; SDCRT-0087705-7707; MTPD-0223790-3792; SDCRT-0006632-6633; TDA02994; SDCRT-0006903-6904; SDCRT-0007239; SDCRT-0007173; MTPD-0576483; SDCRT-0088635-8660; SDCRT-0088661-8674; PHLP-CRT-022741-2744; TDA01365; TDA01360-61.

**INTERROGATORY NO. 10:**

Identify each person employed or controlled by you who participated in your investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of your complaint.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here.  Plaintiffs further object to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and calls for information protected by the attorney-client privilege and/or attorney work product doctrine, the joint prosecution privilege, or any other privilege or doctrine of confidentiality provided by law.

**INTERROGATORY NO. 11:**

Identify all documents each person identified in response to interrogatory no. 10 reviewed during your investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of your complaint.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here.  Plaintiffs further object to this Interrogatory on the grounds that:  (i) it is premature given that Thomson first produced documents in response to Plaintiffs' discovery requests on June 25, 2014; (ii) it is unreasonably overbroad and unduly burdensome; (iii) depending on Thomson's intent, it may call for a legal conclusion; (iv) it is duplicative of other discovery propounded by Defendants in MDL No. 1917; (vi) it seeks information that is the subject of expert opinions, reports, and/or testimony; (vii) it seeks information that is the subject of ongoing discovery and investigation; and (viii) it calls for information protected by the attorney-client privilege and/or attorney work product doctrine, the joint prosecution privilege, or any other privilege or doctrine of confidentiality provided by law.

18

**INTERROGATORY NO. 12:**

Identify when you first learned of the existence of the conspiracy that is the subject of your complaint.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here.  Plaintiffs further object to this Interrogatory on the grounds that:  (i) it seeks information that is the subject of ongoing discovery and investigation; and (ii) it calls for information protected by the attorney-client privilege and/or attorney work product doctrine, the joint prosecution privilege, or any other privilege or doctrine of confidentiality provided by law.

Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

**INTERROGATORY NO. 13:**

Do you contend that Thomson Consumer participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period?  If you do so contend, identify all documents or evidence that support your contention that Thomson Consumer participated in such a conspiracy regarding CDTs.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here.  Plaintiffs further object to this Interrogatory on the grounds that:  (i) it is premature given that this is a contention interrogatory and Thomson first produced documents in response to Plaintiffs' discovery requests on June 25, 2014; (ii) it is unreasonably overbroad and unduly burdensome; (iii) depending on Thomson's intent, it may call for a legal conclusion; (iv) it seeks information that is in Thomson's possession, custody, or control, and that has not yet been provided to Plaintiffs; (v) it seeks information that is the subject of expert opinions, reports, and/or testimony; (vi) it seeks

19

information that is the subject of ongoing discovery and investigation; and (vii) it seeks information that is equally available to Thomson.

Subject to and without waiving their general and specific objections, Plaintiffs incorporate and restate their Response to Interrogatory No. 2.  Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

**INTERROGATORY NO. 14:**

Do you contend that Thomson SA participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period?  If you do so contend, identify all documents or evidence that support your contention that Thomson SA participated in such a conspiracy regarding CDTs.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here.  Plaintiffs further object to this Interrogatory on the grounds that:  (i) it is premature given that this is a contention interrogatory and Thomson first produced documents in response to Plaintiffs' discovery requests on June 25, 2014; (ii) it is unreasonably overbroad and unduly burdensome; (iii) depending on Thomson's intent, it may call for a legal conclusion; (iv) it seeks information that is in Thomson's possession, custody, or control, and that has not yet been provided to Plaintiffs; (v) it seeks information that is the subject of expert opinions, reports, and/or testimony; (vi) it seeks information that is the subject of ongoing discovery and investigation; and (vii) it seeks information that is equally available to Thomson.

Subject to and without waiving their general and specific objections, Plaintiffs incorporate and restate their Response to Interrogatory No. 3.  Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

20

**INTERROGATORY NO. 15:**

Identify the evidence and documents you discovered and the date you discovered the evidence and documents that caused you to file your complaint against the Thomson Defendants.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here.  Plaintiffs further object to this Interrogatory on the grounds that:  (i) it is premature given that this is a contention interrogatory and Thomson first produced documents in response to Plaintiffs' discovery requests on June 25, 2014; (ii) it is unreasonably overbroad and unduly burdensome; (iii) depending on Thomson's intent, it may call for a legal conclusion; (iv) it seeks information that is in Thomson's possession, custody, or control, and that has not yet been provided to Plaintiffs; (v) it seeks information that is the subject of expert opinions, reports, and/or testimony; (vi) it seeks information that is the subject of ongoing discovery and investigation; and (vii) it calls for information protected by the attorney-client privilege and/or attorney work product doctrine, the joint prosecution privilege, or any other privilege or doctrine of confidentiality provided by law. Plaintiffs further object to this Interrogatory as wholly duplicative of Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8 and 12.  Plaintiffs incorporate and restate their responses to those Interrogatories.

Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

**INTERROGATORY NO. 16:**

Explain why you did not name Thomson Consumer as a defendant in your original complaint, *Target Corp. et al. v. Chunghwa Picture Tubes, Ltd. et al.,* Case No. 11-cv-05514, filed by you on or about November 14, 2011 in the Northern District of California.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here.  Plaintiffs further object to this Interrogatory on the grounds that it is not reasonably calculated to lead to the

21

1  discovery of admissible evidence and calls for information protected by the attorney-client privilege

2  and/or attorney work product doctrine, the joint prosecution privilege, or any other privilege or

3  doctrine of confidentiality provided by law.

4

5  Dated:  July 10, 2014                        /s/ William J. Blechman

6                                           Richard Alan Arnold, Esq. (admitted *pro hac vice*)
                                           William J. Blechman, Esq. (admitted *pro hac vice*)
7                                           Kevin J. Murray, Esq. (admitted *pro hac vice*)
                                           Samuel J. Randall, Esq. (admitted *pro hac vice*)
8                                           Kenny Nachwalter, P.A.
                                           201 S. Biscayne Boulevard, Suite 1100
9                                           Miami, Florida  33131
                                           Tel:    (305) 373-1000
10                                          Fax:    (305) 372-1861
                                           E-mail: rarnold@knpa.com
11                                                  wblechman@knpa.com
                                                   kmurray@knpa.com
12                                                  srandall@knpa.com

13                                          ***Counsel for Plaintiffs Sears, Roebuck and Co.
                                           and Kmart Corp.***

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SEARS & KMART'S RESPONSES TO THOMSON DEFENDANTS'          MDL No. 1917
FIRST SET OF INTERROGATORIES

# Exhibit 15

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and*
*Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC MDL No. 1917 |
| This Document Relates To: *Sharp Electronics Corp.,* et al. *v. Hitachi Ltd.,* et al., Case No. 13-cv-1173 (SC) | **PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**      Defendants Thomson SA (n/k/a Technicolor SA) and Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.)

**RESPONDING PARTIES:**  Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

**SET NO.:**  One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the Northern District of California, Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp") hereby respond to Thomson SA and Thomson Consumer Electronics, Inc.'s (collectively, "Thomson") First Set of Interrogatories, dated June 5, 2014 (the "Interrogatories") as follows:

<u>GENERAL OBJECTIONS AND RESPONSES</u>

1. Sharp objects to the Interrogatories and the instructions therein to the extent that they seek to impose obligations on Sharp beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of the Court.

2. Sharp objects to the Interrogatories to the extent that they seek or call for information that is already in the possession, custody, or control of Thomson. In this regard, Sharp notes that although it sought to initiate discovery from Thomson in May 2014, Thomson SA still has not produced any documents, and has refused to produce any documents located in France without resort to the Hague Convention.

3. Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Thomson from public sources.

4. Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Thomson from others.

5. Sharp objects to the Interrogatories to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

6. Sharp objects to the Interrogatories to the extent that they seek or call for information not in Sharp's possession, custody, or control.

20.     Sharp objects to the definition of "any" to include "all" and vice versa as vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language.  Sharp further objects to the definition of "any" and "all" as not reasonably limited in scope or time.  Sharp uses "any" and "all" according to their ordinary meanings.

21.     Any information provided in response to the Interrogatories or documents produced in connection herewith will be subject to the Stipulated Protective Order entered in this action (Dkt. No. 306).

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Request No. 1:**

IDENTIFY all PERSONS who provided information to answer these Interrogatories.

**Response No. 1:**

Subject to and without waiving the foregoing General Objections, Sharp refers Thomson to its responses to Panasonic Corporation and LG Electronics, Inc.'s First Set of Interrogatories, No. 1 (dated July 22, 2013).

**Request No. 2:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

**Response No. 2:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome.  Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014.  Sharp further objects to the extent this request calls for

- 5 -

expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further objects to the extent this request calls for information that is equally available to Thomson.  Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Interrogatory is contained in the following discovery:

- Sharp's Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, No. 12 (dated July 22, 2013);

- Sharp Electronics Corporation's Responses to Samsung SDI America, Inc.'s First Set of Interrogatories, No. 3 (dated February 18, 2014);

- Sharp's First Supplemental Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, No. 12 (dated February 26, 2014); and

- Sharp Electronics Corporation's First Supplemental Responses to Samsung SDI America, Inc.'s First Set of Interrogatories, No. 3 (dated June 18, 2014).

Sharp also refers the Defendants to any response referencing Thomson or its personnel in the following discovery:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013).

Sharp expressly incorporates these responses here by reference.

- 7 -

Subject to and without waiving the foregoing objections, Sharp refers the Defendants to the findings of the European Commission regarding the CRT antitrust conspiracy and the involvement of Thomson SA in that conspiracy, including the fine assessed against Thomson SA, only a summary of which is publicly available at this time.  *See* European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.  Sharp also refers the Defendants to the admissions of participation in the CRT antitrust conspiracy made by Technicolor SA in its 2011 and 2012 Annual Reports to shareholders.  *See* Technicolor Annual Report 2011, *available at* file:///C:/Users/06520/Downloads/technicolor_annual_report_2011%20(1).pdf; Technicolor Annual Report 2012, *available at* file:///C:/Users/06520/Downloads/technicolor_annual_report_2012%20(2).pdf.

Subject to and without waiving the foregoing objections, Sharp also refers the Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992;

- 8 -

MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

Finally, Sharp refers the Defendants to the responses of all other plaintiffs, including the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and all other Direct Action Plaintiffs, to the same or substantially similar interrogatories propounded by the Thomson Defendants and/or by all other defendants in the consolidated *Cathode Ray Tube (CRT) Antitrust Litigation*.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 3:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

**Response No. 3:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014. Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is

covered by attorney-client privilege or the work product protection.  Sharp further objects to the extent this request calls for information that is equally available to Thomson.  Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.  Subject to and without waiving these objections, Sharp refers to and incorporates its response to Interrogatory No. 2.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 4:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer continued to participate in the conspiracy that is the subject of YOUR COMPLAINT after its CRT assets were sold to Videocon in July 2005.

**Response No. 4:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome.  Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp also objects to this Interrogatory as misleading to the extent that it states or implies that the CRT assets of Thomson Defendants were transferred to and/or controlled by Videocon in July 2005.  Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014.  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further objects to the extent this request calls for information that is equally available to Defendants.  Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Interrogatory is contained in the following:

- 10 -

- Sharp's Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, No. 12 (dated July 22, 2013);

- Technologies Displays Americas LLC's Responses to Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s First Set of Interrogatories (dated October 8, 2013);

- Sharp Electronics Corporation's Responses to Samsung SDI America, Inc.'s First Set of Interrogatories, No. 3 (dated February 18, 2014);

- Sharp's First Supplemental Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, No. 12 (dated February 26, 2014);

- Statement of Albino Bessa Re Technologies Displays Americas, LLC (dated April 18, 2014);

- Answer of Thomson Consumer Electronics, Inc. to Sharp's First Amended Complaint (dated April 25, 2014);

- Answer of Thomson SA to Sharp's First Amended Complaint (dated April 25, 2014);

- Answer of Technologies Displays Americas, LLC to First Amended Complaint of Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.; and

- Sharp Electronics Corporation's First Supplemental Responses to Samsung SDI America, Inc.'s First Set of Interrogatories, No. 3 (dated June 18, 2014).

Sharp expressly incorporates those responses here by reference.

Subject to and without waiving the foregoing objections, Sharp also refers the Defendants to materials produced in this litigation at Bates Nos. TDA00355; MTPD-0410018; MTPD-0410020; PHLP-CRT-062325; PHLP-CRT-062493; MTPD-0479672.  In addition, Sharp refers the Defendants to the following to Technicolor SA's 2011 and 2012 Annual Reports to shareholders.

Finally, Sharp refers the Defendants to the responses of all other plaintiffs, including the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and all other Direct Action

Plaintiffs, to the same or substantially similar interrogatories propounded by the Thomson Defendants and/or by all other defendants in the consolidated *Cathode Ray Tube (CRT) Antitrust Litigation*.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 5:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA continued to participate in the conspiracy that is the subject of YOUR COMPLAINT after its CRT assets were sold to Videocon in July 2005.

**Response No. 5:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome.  Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp also objects to this Interrogatory as misleading to the extent that it states or implies that the CRT assets of Thomson Defendants were transferred to and/or controlled by Videocon in July 2005.  Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014.  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further objects to the extent this request calls for information that is equally available to Defendants.  Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp refers to and incorporates its response to Interrogatory No. 4.

**Request No. 6:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer affirmatively concealed its alleged participation in the conspiracy that is the subject of YOUR COMPLAINT.

**Response No. 6:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome.  Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the phrase "affirmatively concealed" as vague and ambiguous.  Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014.  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further objects to the extent this request calls for information that is equally available to Defendants.  Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp states that all actions of Thomson Consumer in furtherance of the CRT antitrust conspiracy, including unlawful exchanges with competitors of price, production, and capacity information and illegal agreements with competitors regarding prices, production, capacity, and customer allocation, were taken in secret and deliberately concealed from customers, consumers, and interested regulatory agencies, including the United States Department of Justice and the European Commission.  Further, all public announcements regarding the prices or changes in prices of CRTs by Thomson Consumer during the CRT antitrust conspiracy were misleading and concealed the antitrust conspiracy and its impact on the prices of CRTs and CRT Products.

- 13 -

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Interrogatory can be found in the following discovery:

- Sharp's Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, Nos. 12 and 14 (dated July 22, 2013) and

- Sharp's First Supplemental Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, Nos. 12 and 14 (dated February 26, 2014).

Sharp expressly incorporates those responses here by reference. Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 7:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA affirmatively concealed its alleged participation in the conspiracy that is the subject of YOUR COMPLAINT.

**Response No. 7:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects to the phrase "affirmatively concealed" as vague and ambiguous. Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014. Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp further objects to the extent this request calls for information that is equally available to Defendants. Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp states that all actions of Thomson SA in furtherance of the CRT antitrust conspiracy, including unlawful exchanges with competitors of price, production, and capacity information and illegal agreements with competitors regarding prices, production, capacity, and customer allocation, were taken in secret and deliberately concealed from customers, consumers, and interested regulatory agencies, including the United States Department of Justice and the European Commission. Further, all public announcements regarding the prices or changes in prices of CRTs by Thomson SA during the CRT antitrust conspiracy were misleading and concealed the antitrust conspiracy and its impact on the prices of CRTs and CRT Products.

Subject to and without waiving the foregoing objections, Sharp refers to and incorporates its response to Interrogatory No. 6. Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 8:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegations against the Thomson Defendants contained in paragraphs 196 and 197 of YOUR COMPLAINT.

**Response No. 8:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.[1] Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp

[1] Sharp notes that the Thomson Defendants' Interrogatory Request No. 8 refers to paragraphs 196 and 197 of Sharp's First Amended Complaint, filed on October 28, 2013 (Dkt. No. 2030). These allegations are now contained in paragraphs 194 and 195 of Sharp's Second Amended Complaint, filed on June 13, 2014 (Dkt. No. 2621).

- 15 -

also objects to this Interrogatory as duplicative of other discovery propounded by defendants in this case.  Finally, Sharp objects to the extent this request calls for information that is equally available to Defendants.

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Interrogatory is contained in the following discovery:

- Sharp Electronics Corporation's Objections and Responses to Samsung SDI America, Inc.'s First Set of Interrogatories (dated February 18, 2014); and

- Plaintiff Sharp Electronics Corporation's First Supplemental Responses and Objections to Defendant Samsung SDI America, Inc.'s First Set of Interrogatories (dated June 18, 2014).

With respect to the specific examples of the Thomson Defendants' participation in the CRT conspiracy set forth in paragraphs 196 and 197 of the Complaint, Sharp refers the Defendants to the following materials produced in this litigation at Bates Nos. SDCRT-0002526-2528; SDCRT-0086490-6492; SDCRT-0086503; SDCRT-0086508-6510; SDCRT-0086511; SDCRT-0002488-2489; HEDUS-CRT00168774-8775; SDCRT-0087662-7663; SDCRT-0087340-7342; SDCRT-0087664-7666; SDCRT-0087670-7672; SDCRT-0087705-7707; MTPD-0223790-3792; SDCRT-0006632-6633; TDA02994; SDCRT-0006903-6904; SDCRT-0007239; SDCRT-0007173; MTPD-0576483; SDCRT-0088635-8660; SDCRT-0088661-8674; PHLP-CRT-022741-2744; TDA01365; TDA01360-61.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 9:**

IDENTIFY each PERSON employed or controlled by YOU who negotiated and/or approved YOUR purchase of CRTs from the Thomson Defendants during the RELEVANT PERIOD.

**Response No. 9:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and oppressive, particularly in that it seeks the identity of every person employed by Sharp over an

- 16 -

**Request No. 10:**

IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**Response No. 10:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.  Sharp further objects to this Interrogatory, including on the grounds that it is overly broad, unduly burdensome, and oppressive.  Sharp also objects to the extent that this request seeks or calls for information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 11:**

IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to Interrogatory No. 10 reviewed during YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**Response No. 11:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp objects to this Interrogatory on the grounds that it overly broad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.  Sharp further objects to this Interrogatory as premature, as the investigation into the Thomson Defendants' participation in the CRT conspiracy is ongoing.  Sharp also objects to the extent that this request seeks or calls for information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 12:**

IDENTIFY when YOU first learned of the existence of the conspiracy that is the subject of YOUR COMPLAINT.

- 18 -

**Response No. 12:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp further objects to this Interrogatory on the grounds that it is overly broad.  Sharp objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege and/or work product doctrine, the joint prosecution privilege, or any other privilege or doctrine of confidentiality provided by law, or that otherwise constitutes information prepared for or in anticipation of litigation.

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Interrogatory is contained in the following discovery:

- Sharp's Responses to Panasonic Corporation and LG Electronics, Inc.'s First Set of Interrogatories, No. 11 (dated July 22, 2013) and

- Sharp's First Supplemental Responses to Panasonic Corporation and LG Electronics, Inc.'s First Set of Interrogatories, No. 11 (dated March 7, 2014).

Sharp expressly incorporates those responses here by reference.  Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 13:**

Do YOU contend that Thomson Consumer participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period?  If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson Consumer participated in such a conspiracy regarding CDTs.

**Response No. 13:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome.  Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request

- 19 -

calls for information that is covered by attorney-client privilege or the work product protection. Sharp further objects to this Interrogatory as duplicative of other discovery taken in this case. Finally, Sharp objects to the extent this request calls for information that is equally available to Thomson.

Subject to and without waiving the foregoing objections, Sharp refers to and incorporates its response to Interrogatory No. 2.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 14:**

Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period?  If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson SA participated in such a conspiracy regarding CDTs.

**Response No. 14:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome.  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Finally, Sharp objects to the extent this request calls for information that is equally available to Thomson.

Subject to and without waiving the foregoing objections, Sharp refers to and incorporates its response to Interrogatory No. 2.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 15:**

IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT against the Thomson Defendants.

- 20 -

**Response No. 15:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp objects to this Interrogatory on the grounds that it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Sharp also objects to the extent that this request seek and/or calls for information that is protected from disclosure by the attorney-client privilege or the work product doctrine.   Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp responds as follows: Sharp set forth in its Complaint against the Thomson Defendants some of the evidence of their participation in the CRT conspiracy.  Included in this evidence is Thomson's admission in public documents that it participated in the CRT conspiracy alleged by the European Commission and was cooperating closely with the EC in the CRT conspiracy; the European Commission's fine against Thomson SA for participation in the CRT price-fixing conspiracy; and the other documents set forth in paragraphs 196 and 197 of the Complaint.  Sharp further refers to and incorporates its responses to Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8 and 12.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

DATED:  July 10, 2014          By:  _Craig A. Benson_

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
2001 K Street, NW
Washington, DC  20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200

- 21 -

1

2      Facsimile:  (415) 788-8208
       Email: staylor@tcolaw.com
3      Email: jpatchen@tcolaw.com

4
       *Attorneys for Plaintiffs*
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 22 -

# Exhibit 16

1
2
3
4
5

Kenneth S. Marks
Jonathan J. Ross
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
kmarks@susmangodfrey.com
jross@susmangodfrey.com

6
7
8

*Attorneys for plaintiff Alfred H. Siegel, solely
in his capacity as Trustee of the Circuit City
Stores, Inc. Liquidating Trust*
[additional counsel listed on signature page]

9

10 **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION 13 | Master File No. 07-5944 SC  MDL No. 1917 |
| 14  This Document Relates to: 15 | Case No. 13-cv-05261 SC |
| 16  ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. 17  LIQUIDATING TRUST, 18                                              Plaintiff, v. 19  TECHNICOLOR SA.; et al., 20                                              Defendants. 21 | **RESPONSES AND OBJECTIONS OF ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, TO FIRST SET OF INTERROGATORIES OF THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.** |

22

23    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Alfred H.

24 Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Circuit City Trust" or

25 "Plaintiff"), hereby responds and objects to the First Set of Interrogatories of Thomson SA and

26 Thomson Consumer Electronics, Inc. (collectively the "Interrogatories" and individually an

27 "Interrogatory"). For the reasons set forth below, Plaintiff generally and specifically objects and

28

CIRCUIT CITY'S RESPONSE TO FIRST SET OF                          1
INTERROGATORIES FROM THE THOMSON                                                     C-13-05261 SC
DEFENDANTS                                                                            MDL No. 1917
3238668v1/012325

action (Dkt. No. 306).

16.     Circuit City Trust reserves its right to object to or challenge any of the Interrogatories or the responses thereto as relevant or material to or admissible at the trial of this case or in any hearing or motion in this case.

17.     Circuit City Trust objects to the definitions of "you" and "your" on the ground that they include predecessors in interest and other former entities of Circuit City, as well as former officers, directors, employees, attorneys, agents, and representatives of Circuit City. Most of these entities and persons no longer have any affiliation with Circuit City or the Circuit City Trust, and the Circuit City Trust has no control over them, and in many instances has no knowledge of their location.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY all PERSONS who provided information to answer these Interrogatories.

### ANSWER:

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Subject to and without waiving those objections, outside counsel to the Circuit City Trust in this case and Brandi Fose provided information.

### INTERROGATORY NO. 2:

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

### ANSWER:

Circuit City Trust refers to and incorporates its General Objections as if set forth fully

herein. Circuit City Trust also objects to this Interrogatory as unduly burdensome, premature, and improperly requiring Circuit City Trust to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Circuit City Trust further objects to this Interrogatory as duplicative of other discovery propounded by defendants in this case. Subject to and without waving these objections, Circuit City Trust states that information responsive to this Interrogatory is contained in the following:

The discovery responses listed in Circuit City Trust's August 17, 2012 answer to Interrogatory No. 13 of its Objections and Responses to Samsung SDI Co., Ltd. and Hitachi Asia, Ltd.'s First Set of Interrogatories to Plaintiff Circuit City Trust, as well as the supplemental responses submitted by defendants to the discovery responses listed in that answer, including but not limited to the Second Supplemental Response of Hitachi Displays, Ltd. to Direct Purchaser Plaintiffs' First Set of Interrogatories (April 12, 2013), the Second Supplemental Response of Hitachi Electronic Devices (USA), Inc. to Direct Purchaser Plaintiffs' First Set of Interrogatories (April 26, 2013), and Samsung SDI's Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 25, 2013).

The findings of the European Commission regarding the CRT antitrust conspiracy and the involvement of Thomson SA in that conspiracy, including the fine assessed against Thomson SA, only a summary of which is publicly available at this time.

The responses of all other plaintiffs, including the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and all other Direct Action Plaintiffs, to the same or substantially similar interrogatories propounded by the Thomson Defendants and/or by all other defendants in the consolidated *Cathode Ray Tube (CRT) Antitrust Litigation*.

The admissions of participation in the CRT antitrust conspiracy made by Technicolor SA

CIRCUIT CITY'S RESPONSE TO FIRST SET OF
INTERROGATORIES FROM THE THOMSON
DEFENDANTS
3238668v1/012325

6

C-13-05261 SC
MDL No. 1917

in its 2011 and 2012 Annual Reports to shareholders.

The following documents: TDA00355; CHU00022689; ;HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-00086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-008861; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

---

CIRCUIT CITY'S RESPONSE TO FIRST SET OF
INTERROGATORIES FROM THE THOMSON
DEFENDANTS
3238668v1/012325

7

C-13-05261 SC
MDL No. 1917

**INTERROGATORY** NO. 3:

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Interrogatory as unduly burdensome, premature, and improperly requiring Circuit City Trust to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Circuit City Trust further objects to this Interrogatory as duplicative of other discovery propounded by defendants in this case. Subject to and without waiving these objections, Circuit City Trust refers to and incorporates its response to Interrogatory No. 2.

**INTERROGATORY NO. 4:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer continued to participate in the conspiracy that is the subject of YOUR COMPLAINT after its CRT assets were sold to Videocon in July 2005.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Interrogatory as unduly burdensome, premature, and improperly requiring Circuit City Trust to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Circuit

CIRCUIT CITY'S RESPONSE TO FIRST SET OF
INTERROGATORIES FROM THE THOMSON
DEFENDANTS
3238668v1/012325

8

C-13-05261 SC
MDL No. 1917

City Trust further objects to this Interrogatory as misleading to the extent it states or implies that the CRT assets of the Thomson Defendants were transferred to and/or controlled by Videocon in July 2005. Subject to and without waiving these objections, Circuit City Trust states that information responsive to this Interrogatory is contained in the following:

Technologies Displays Americas LLC's Responses to Sharp's First Set of Interrogatories (October 8, 2013).

Statement of Albino Bessa re Technologies Displays Americas, LLC (April 18, 2014).

Answer of Thomson Consumer Electronics, Inc. to Circuit City Trust's Complaint (April 25, 2014).

Answer of Thomson SA to Circuit City Trust's Complaint (April 25, 2014).

Answer of Technologies Displays Americas, LLC to Circuit City Trust's Complaint May 23, 2014).

Technicolor SA's 2011 and 2012 Annual Reports to shareholders.

The responses of all other plaintiffs, including the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and all other Direct Action Plaintiffs, to the same or substantially similar interrogatories propounded by the Thomson Defendants and/or by all other defendants in the consolidated *Cathode Ray Tube (CRT) Antitrust Litigation.*

The following documents: TDA00355; MTPD0410018; MTPD0410020; PHLP-CRT062325; PHLP-CRT062493; MTPD0479672.

**INTERROGATORY NO. 5:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA continued to participate in the conspiracy that is the subject of YOUR COMPLAINT after its CRT assets were sold to Videocon in July 2005.

**ANSWER:**

CIRCUIT CITY'S RESPONSE TO FIRST SET OF
INTERROGATORIES FROM THE THOMSON
DEFENDANTS
3238668v1/012325

9

C-13-05261 SC
MDL No. 1917

prices of CRTs by Thomson SA were misleading and concealed the antitrust conspiracy and its impact on the prices of CRTs and CRT products. Circuit City Trust further refers to and incorporates its response to Interrogatory No. 4.

**INTERROGATORY NO.8:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegations against the Thomson Defendants contained in paragraphs 146 through 148 of YOUR COMPLAINT.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Interrogatory as unduly burdensome, premature, and improperly requiring Circuit City Trust to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Circuit City Trust further objects to this Interrogatory as duplicative of other discovery propounded by defendants in this case. Subject to and without waiving these objections, Circuit City Trust refers to and incorporates its responses to Interrogatories Nos. 2 and 4. With respect to the specific examples of the Thomson Defendants' participation in the CRT antitrust conspiracy set forth in paragraphs 146 through 148 of the Complaint, Circuit City Trust refers to the following documents: SDCRT-0002526-2528; SDCRT-0086490-6492; SDCRT-0086503; SDCRT-0086508-6510; SDCRT-0086511; SDCRT-0002488-2489; HEDUS-CRT00168774-8775; SDCRT-0087662-7663; SDCRT-0087340-7342; SDCRT-0087664-7666; SDCRT-0087670-7672; SDCRT-0087705-7707; MTPD-0223790-3792; SDCRT-0006632-6633; TDA02994; SDCRT-0006903-6904; SDCRT-0007239; SDCRT-0007173; MTPD-0576483; SDCRT-0088635-8660; SDCRT-0088661-8674; PHLP-CRT-022741-2744; TDA01365; TDA01360-61.

CIRCUIT CITY'S RESPONSE TO FIRST SET OF
INTERROGATORIES FROM THE THOMSON
DEFENDANTS
3238668v1/012325

12

C-13-05261 SC
MDL No. 1917

**INTERROGATORY** NO. **9:**

IDENTIFY each PERSON employed or controlled by YOU who negotiated and/or approved YOUR purchase of CRTs from the Thomson Defendants during the RELEVANT PERIOD.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to the phrase "controlled by" as vague and ambiguous. Subject to and without waiving these objections, Circuit City Trust responds as follows: None.

**INTERROGATORY** NO. **10:**

IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Circuit City Trust further objects to this Interrogatory as calling for information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

**INTERROGATORY NO. 11:**

IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to Interrogatory No. 10 reviewed during YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully

CIRCUIT CITY'S RESPONSE TO FIRST SET OF          13
INTERROGATORIES FROM THE THOMSON                              C-13-05261 SC
DEFENDANTS                                                    MDL No. 1917
3238668v1/012325

herein. Circuit City Trust also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Circuit City Trust further objects to this Interrogatory as premature, as the investigation into the Thomson Defendants' participation in the CRT conspiracy is ongoing. Circuit City Trust additionally objects to this Interrogatory as calling for information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

**INTERROGATORY** NO. 12:

IDENTIFY when YOU first learned of the existence of the conspiracy that is the subject of YOUR COMPLAINT.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Subject to and without waiving those objections, at this time Circuit City Trust is not certain of the date when it first learned of the conspiracy. Circuit City Trust is investigating this question and if further information is located will supplement this response.

**INTERROGATORY NO. 13:**

Do YOU contend that Thomson Consumer participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson Consumer participated in such a conspiracy regarding CDTs.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Interrogatory as unduly burdensome, premature, and improperly requiring Circuit City Trust to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in

CIRCUIT CITY'S RESPONSE TO FIRST SET OF
INTERROGATORIES FROM THE THOMSON
DEFENDANTS
3238668v1/012325

14

C-13-05261 SC
MDL No. 1917

advance of the applicable deadlines set by the Court for disclosure of pretrial information. Circuit City Trust further objects to this Interrogatory as duplicative of other discovery propounded by defendants in this case. Subject to and without waiving these objections, Circuit City Trust responds as follows: Yes, Thomson Consumer participated in a conspiracy, among other things, to fix prices and/or reduce output of all CRTs, including CDTs. Circuit City Trust further refers to and incorporates its response to Interrogatory No. 2.

**INTERROGATORY NO. 14:**

Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson SA participated in such a conspiracy regarding CDTs.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Interrogatory as unduly burdensome, premature, and improperly requiring Circuit City Trust to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Circuit City Trust further objects to this Interrogatory as duplicative of other discovery propounded by defendants in this case. Subject to and without waiving these objections, Circuit City Trust responds as follows: Yes, Thomson SA participated in a conspiracy, among other things, to fix prices and/or reduce output of all CRTs, including CDTs. Circuit City Trust further refers to and incorporates its response to Interrogatory No. 4.

**INTERROGATORY NO. 15:**

IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU

discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT against the Thomson Defendants.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Circuit City Trust further objects to this Interrogatory as calling for information protected from discovery by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving these objections, Circuit City Trust responds as follows: Circuit City Trust set forth in its Complaint against the Thomson Defendants some of the evidence of their participation in the CRT conspiracy. Included in this evidence is Technicolor SA's (formerly Thomson SA) admission in its 2011 Annual Report that "it played a minor role in the alleged anticompetitive conduct"; the European Commission's fine against Thomson SA of 38,631,000 Euros (reduced due to cooperation) for participation in the CRT price-fixing conspiracy; and the other documents set forth in paragraphs 146 and 147 of the Complaint. Circuit City Trust further refers to and incorporates its response to Interrogatory No. 8.

**INTERROGATORY NO. 16:**

Explain why YOU did not name the Thomson Defendants as defendants in YOUR original complaint, *Siegel v. Hitachi, Ltd.,* Case No. 11-cv- 05502, filed by YOU on or about November 14, 2011 in the Northern District of California.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Circuit City Trust further objects to

CIRCUIT CITY'S RESPONSE TO FIRST SET OF
INTERROGATORIES FROM THE THOMSON
DEFENDANTS
3238668v1/012325

16

C-13-05261 SC
MDL No. 1917

this Interrogatory as seeking information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Dated: July 10, 2014.

SUSMAN GODFREY L.L.P.

By: _____

Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
John P. Lahad
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
        jross@susmangodfrey.com
        jcarter@susmangodfrey.com
        dpeterson@susmangodfrey.com
        jlahad@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
        rblack@susmangodfrey.com
        jconnors@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

CIRCUIT CITY'S RESPONSE TO FIRST SET OF
INTERROGATORIES FROM THE THOMSON
DEFENDANTS
3238668v1/012325

17

C-13-05261 SC
MDL No. 1917

1

## **VERIFICATION**

2

3      The undersigned states that he has read the foregoing Responses and Objections of Alfred

4  H. Siegel, As Trustee Of The Circuit City Stores, Inc. Liquidating Trust, to First Set of

5  Interrogatories of Thomson SA and Thomson Consumer Electronics, Inc., that he is authorized to

6  sign this Verification, that he is informed that no single officer of the Circuit City Liquidating

7  Trust has personal knowledge of all matters stated in the foregoing Responses, that the facts

8  stated in such responses have been assembled by authorized employees, agents, and/or legal

9
   representatives of the Circuit City Liquidating Trust, and that he is informed and believes that the
10
   facts stated in such responses are correct, based on the records of Circuit City and information
11
   reasonably available to its employees, agents, and/or legal representatives.
12

13
       Dated: July 9, 2014
14

15
                        Signature:
16                                   Steve Deason

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS AND RESPONSES TO FIRST SET OF INTERROGATORIES – C-11-05502 SC
MDL No. 1917

3187478v1/012325

# Exhibit 17

1   Jason C. Murray (CA Bar No. 169806)
    Robert B. McNary (CA Bar No. 253745)
2   CROWELL & MORING LLP
    515 South Flower St., 40th Floor
3   Los Angeles, CA 90071
    Telephone:  213-443-5582
4   Facsimile:  213-622-2690
    Email: jmurray@crowell.com
5          rmcnary@crowell.com

6   Jerome A. Murphy (*pro hac vice*)
    Astor H.L. Heaven (*pro hac vice*)
7   CROWELL & MORING LLP
    1001 Pennsylvania Avenue, N.W.
8   Washington, D.C. 20004
    Telephone:  202-624-2500
9   Facsimile:   202-628-5116
    Email: jmurphy@crowell.com
10         aheaven@crowell.com

11  *Counsel for Plaintiff Target Corp.*

12                   **UNITED STATES DISTRICT COURT**

13      **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

14

15  IN RE CATHODE RAY TUBE (CRT)          Master File No. 3:07-cv-05944-SC
16  ANTITRUST LITIGATION
                                          MDL No. 1917
17  This Document Relates To:
                                          Individual Case No. 13-cv-05686
18  *Target Corp., et al. v. Technicolor SA, et*
    *al.,* Case No. 13-cv-05686           **PLAINTIFF TARGET CORP.'S**
19                                        **RESPONSES AND OBJECTIONS TO**
                                          **DEFENDANTS THOMSON SA AND**
20                                        **THOMSON CONSUMER ELECTRONICS,**
                                          **INC.'S FIRST SET OF**
21                                        **INTERROGATORIES**

22

23  PROPOUNDING PARTY:    Defendants Thomson SA and Thomson Consumer Electronics, Inc.

24  RESPONDING PARTY:     Plaintiff Target Corp.

25  SET NO.:              ONE

26          Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Target

27  Corp. ("Target") hereby responds to the First Set of Interrogatories to Plaintiff Target

28  ("Interrogatories") served by counsel for Defendants Thomson SA and Thomson Consumer

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1   Target also objects to this Interrogatory on the ground that it seeks information not calculated to

2   lead to the discovery of admissible evidence.  Target further objects to the extent that the

3   Interrogatory seeks information protected by the attorney-client privilege or work-product

4   doctrine.

5   **INTERROGATORY NO. 2:**

6        IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation

7   that Thomson Consumer participated in a conspiracy with the DEFENDANTS and/or other

8   CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States

9   during the RELEVANT PERIOD.

10   **RESPONSE TO INTERROGATORY NO. 2:**

11        Target refers to and incorporates its General Objections as though set forth fully herein.

12   Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome,

13   particularly since the Interrogatory seeks every piece of evidence despite the fact that Defendants

14   only first produced documents in response to Plaintiffs' discovery requests on June 25, 2014.

15   Target also objects to this Interrogatory to the extent that it is duplicative of other interrogatories

16   served by other defendants in this case.  Target further objects to the extent that the Interrogatory

17   seeks information protected by the attorney-client privilege or work-product doctrine.  Target also

18   objects to this Interrogatory to the extent it seeks information equally available to Defendants.

19        Subject to and without waiving any of the foregoing objections, Target states that

20   information responsive to this Interrogatory is located in the following discovery responses,

21   documents, and information:

22       • Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs'

23          First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

24       • Second Supplemental Responses and Objections of Panasonic Corporation of North

25          America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita

26          Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of

27          Interrogatories (dated November 2, 2011);

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1   &bull; Third Supplemental Responses and Objections of Panasonic Corporation of North

2    America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita

3    Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of

4    Interrogatories (dated December 23, 2011);

5   &bull; Toshiba America Electronic Components, Inc.'s Supplemental Objections and

6    Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of

7    Interrogatories (dated February 10, 2012);

8   &bull; Toshiba Corporation's Supplemental Objections and Responses to Interrogatory

9    Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated

10    February 10, 2012);

11   &bull; Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to

12    Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5

13    (dated February 10, 2012);

14   &bull; Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser

15    Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10,

16    2012);

17   &bull; Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to

18    Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March

19    21, 2012);

20   &bull; Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and

21    Philips Electronics North America Corporation Responses to Direct Purchaser

22    Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

23   &bull; Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental

24    Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory

25    No. 5 (dated April 12, 2013);

26   &bull; Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response

27    to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated

28    April 26, 2013); and

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013).

Target also refers Defendants to documents produced in this litigation at Bates Nos.: TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

Target also refers the Defendants to the admissions of participation in the CRT antitrust conspiracy included in Thomson SA's 2011 and 2012 Annual Reports to shareholders and the findings of the European Commission regarding the CRT antitrust conspiracy and Thomson

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1  SA's involvement therein, including the fines assessed against Thomson SA.  European

2  Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47

3  billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-

4  release_IP-12-1317_en.htm.

5       Moreover, Target incorporates by reference the responses of all other plaintiffs in this

6  matter, including the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and all other

7  Direct Action Plaintiffs, to the same or substantially similar interrogatories propounded by all

8  Defendants in the MDL.  Discovery is ongoing and Target reserves the right to supplement

9  and/or amend its response to this Interrogatory as appropriate.

10  **INTERROGATORY NO. 3:**

11       IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation

12  that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other

13  CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States

14  during the RELEVANT PERIOD.

15  **RESPONSE TO INTERROGATORY NO. 3:**

16       Target refers to and incorporates its General Objections as though set forth fully herein.

17  Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome,

18  particularly since the Interrogatory seeks every piece of evidence despite the fact that Defendants

19  only first produced documents in response to Plaintiffs' discovery requests on June 25, 2014.

20  Target also objects to this Interrogatory to the extent that it is duplicative of other interrogatories

21  served by other defendants in this case.  Target further objects to the extent that the Interrogatory

22  seeks information protected by the attorney-client privilege or work-product doctrine.  Target also

23  objects to this Interrogatory to the extent it seeks information equally available to Defendants.

24       Subject to and without waiving any of the foregoing objections, Target states that

25  information responsive to this Interrogatory is located in the following discovery responses,

26  documents, and information:

27  •  Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs'

28     First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013).

Target also refers Defendants to documents produced in this litigation at Bates Nos.: TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-10-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1   0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-

2   0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243;

3   CHU00734336; CHU00032940.

4         Target also refers the Defendants to the admissions of participation in the CRT antitrust

5   conspiracy included in Thomson SA's 2011 and 2012 Annual Reports to shareholders and the

6   findings of the European Commission regarding the CRT antitrust conspiracy and Thomson

7   SA's involvement therein, including the fines assessed against Thomson SA.  European

8   Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47

9   billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-

10  release_IP-12-1317_en.htm.

11        Moreover, Target incorporates by reference the responses of all other plaintiffs in this

12  matter, including the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and all other

13  Direct Action Plaintiffs, to the same or substantially similar interrogatories propounded by all

14  Defendants in the MDL.  Discovery is ongoing and Target reserves the right to supplement and/or

15  amend its response to this Interrogatory as appropriate.

16  **INTERROGATORY NO. 4:**

17        IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation

18  that Thomson Consumer continued to participate in the conspiracy that is the subject of YOUR

19  COMPLAINT after its CRT assets were sold to Videocon in July 2005.

20  **RESPONSE TO INTERROGATORY NO. 4:**

21        Target refers to and incorporates its General Objections as though set forth fully herein.

22  Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome,

23  particularly since the Interrogatory seeks every piece of evidence despite the fact that Defendants

24  only first produced documents in response to Plaintiffs' discovery requests on June 25, 2014.

25  Target also objects to this Interrogatory to the extent that it is duplicative of other interrogatories

26  served by other defendants in this case.  Target further objects to the extent that the Interrogatory

27  seeks information protected by the attorney-client privilege or work-product doctrine.  Target also

28  objects to this Interrogatory to the extent it seeks information equally available to Defendants.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1   documents, and information:

2       SDCRT-0002526-2528; SDCRT-0086490-6492; SDCRT-0086503; SDCRT-0086508-

3   6510; SDCRT-0086511; SDCRT-0002488-2489; HEDUS-CRT00168774-8775; SDCRT-

4   0087662-7663; SDCRT-0087340-7342; SDCRT-0087664-7666; SDCRT-0087670-7672;

5   SDCRT-0087705-7707; MTPD-0223790-3792; SDCRT-0006632-6633; TDA02994; SDCRT-

6   0006903-6904; SDCRT-0007239; SDCRT-0007173; MTPD-0576483; SDCRT-0088635-8660;

7   SDCRT-0088661-8674; PHLP-CRT-022741-2744; TDA01365; TDA01360-61.

8       Target also refers Defendants to its responses to Interrogatory Nos. 2 and 3.  Discovery is

9   ongoing and Target reserves the right to supplement and/or amend its response to this

10  Interrogatory as appropriate.

11  **INTERROGATORY NO. 9:**

12      IDENTIFY each PERSON employed or controlled by YOU who negotiated and/or

13  approved YOUR purchase of CRTs from the Thomson Defendants during the RELEVANT

14  PERIOD.

15  **RESPONSE TO INTERROGATORY NO. 9:**

16      Target refers to and incorporates its General Objections as though set forth fully herein.

17  Target also objects to this Interrogatory on the ground that it seeks information not calculated to

18  lead to the discovery of admissible evidence.  Target further objects to this Interrogatory as

19  premature, overbroad, and unduly burdensome.  Target further objects to this Interrogatory on the

20  grounds that the terms "controlled by," "negotiated," and "approved" are vague and ambiguous.

21  Target also objects to this Interrogatory to the extent that it is duplicative of other interrogatories

22  served by other defendants in this case.  Target further objects to the extent that the Interrogatory

23  seeks information protected by the attorney-client privilege or work-product doctrine.

24      Subject to and without waiving any of the foregoing objections, Target states that it did

25  not purchase standalone CRTs.

26  **INTERROGATORY NO. 10:**

27      IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR

28  investigation into whether the Thomson Defendants participated in the conspiracy that is the

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-16-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1  subject of YOUR COMPLAINT.

2  **RESPONSE TO INTERROGATORY NO. 10:**

3  Target refers to and incorporates its General Objections as though set forth fully herein.

4  Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome.

5  Target further objects to this Interrogatory on the grounds that the terms "controlled by,"

6  "participated in," and "investigation" are vague and ambiguous. Target also objects to this

7  Interrogatory to the extent that it is duplicative of other interrogatories served by other defendants

8  in this case. Target further objects to the extent that the Interrogatory seeks information protected

9  by the attorney-client privilege or work-product doctrine.

10  **INTERROGATORY NO. 11:**

11  IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to Interrogatory

12  No. 10 reviewed during YOUR investigation into whether the Thomson Defendants participated

13  in the conspiracy that is the subject of YOUR COMPLAINT.

14  **RESPONSE TO INTERROGATORY NO. 11:**

15  Target refers to and incorporates its General Objections as though set forth fully herein.

16  Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome.

17  Target further objects to this Interrogatory on the ground that the terms "reviewed" and

18  "investigation" are vague and ambiguous. Target also objects to this Interrogatory to the extent

19  that it is duplicative of other interrogatories served by other defendants in this case. Target

20  further objects to the extent that the Interrogatory seeks information protected by the attorney-

21  client privilege or work-product doctrine.

22  **INTERROGATORY NO. 12:**

23  IDENTIFY when YOU first learned of the existence of the conspiracy that is the subject

24  of YOUR COMPLAINT.

25  **RESPONSE TO INTERROGATORY NO. 12:**

26  Target refers to and incorporates its General Objections as though set forth fully herein.

27  Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome.

28  Target further objects to this Interrogatory on the ground that the terms "learned of" and

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-17-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

1   "existence" are vague and ambiguous.  Target also objects to this Interrogatory to the extent that

2   it is duplicative of other interrogatories served by other defendants in this case.  Target further

3   objects to the extent that the Interrogatory seeks information protected by the attorney-client

4   privilege or work-product doctrine.

5   **INTERROGATORY NO. 13:**

6         Do YOU contend that Thomson Consumer participated in the alleged conspiracy to fix the

7   price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend,

8   IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson

9   Consumer participated in such a conspiracy regarding CDTs.

10  **RESPONSE TO INTERROGATORY NO. 13:**

11        Target refers to and incorporates its General Objections as though set forth fully herein.

12  Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome.

13  Target also objects to this Interrogatory to the extent that it is duplicative of other interrogatories

14  served by other defendants in this case.  Target further objects to the extent that the Interrogatory

15  seeks information protected by the attorney-client privilege or work-product doctrine.  Target

16  further objects to this Interrogatory on the ground that it seeks information not reasonably

17  calculated to lead to the discovery of admissible evidence in that the CRT conspiracy covered

18  both CDTs and CPTs.  Target also objects to this Interrogatory on the ground that it calls for a

19  legal conclusion.  Target further objects to the extent that the Interrogatory seeks information

20  protected by the attorney-client privilege or work-product doctrine.

21        Subject to and without waiving any of the foregoing objections, Target states that

22  Defendants' unlawful CRT conspiracy encompassed both CPT and CDT.  Target also refers

23  Defendants to its responses to Interrogatory Nos. 2 and 3.  Discovery is ongoing and Target

24  reserves the right to supplement and/or amend its response to this Interrogatory as appropriate.

25  **INTERROGATORY NO. 14:**

26        Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the price

27  of and/or reduce the output of CDTs during the relevant period? If YOU do so contend,

28  IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson SA

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-18-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1    participated in such a conspiracy regarding CDTs.

2    **RESPONSE TO INTERROGATORY NO. 14:**

3         Target refers to and incorporates its General Objections as though set forth fully herein.

4    Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome.

5    Target also objects to this Interrogatory to the extent that it is duplicative of other interrogatories

6    served by other defendants in this case.  Target further objects to the extent that the Interrogatory

7    seeks information protected by the attorney-client privilege or work-product doctrine.  Target

8    further objects to this Interrogatory on the ground that it seeks information not reasonably

9    calculated to lead to the discovery of admissible evidence in that the CRT conspiracy covered

10   both CDTs and CPTs.  Target also objects to this Interrogatory on the ground that it calls for a

11   legal conclusion.  Target further objects to the extent that the Interrogatory seeks information

12   protected by the attorney-client privilege or work-product doctrine.

13        Subject to and without waiving any of the foregoing objections, Target states that

14   Defendants' unlawful CRT conspiracy encompassed both CPT and CDT.  Target also refers

15   Defendants to its responses to Interrogatory Nos. 2 and 3.  Discovery is ongoing and Target

16   reserves the right to supplement and/or amend its response to this Interrogatory as appropriate.

17   **INTERROGATORY NO. 15:**

18        IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU

19   discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT

20   against the Thomson Defendants.

21   **RESPONSE TO INTERROGATORY NO. 15:**

22        Target refers to and incorporates its General Objections as though set forth fully herein.

23   Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome.

24   Target further objects to this Interrogatory on the ground that the terms "discovered" and

25   "caused" are vague and ambiguous.  Target also objects to this Interrogatory to the extent that it is

26   duplicative of other interrogatories served by other defendants in this case.  Target also objects to

27   this Interrogatory on the ground that it is duplicative of Interrogatory Nos. 2-8 and 12.  Target

28   further objects to the extent that the Interrogatory seeks information protected by the attorney-

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-19-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

1    client privilege or work-product doctrine.

2    **INTERROGATORY NO. 16:**

3        Explain why YOU did not name Thomson Consumer as a defendant in your original

4    complaint, *Target Corp et al. v. Chunghwa Picture Tubes, Ltd. et al.*, Case No. 11-cv-05514, filed

5    by YOU on or about November 14, 2011 in the Northern District of California.

6    **RESPONSE TO INTERROGATORY NO. 16:**

7        Target refers to and incorporates its General Objections as though set forth fully herein.

8    Target further objects to this Interrogatory as premature, overbroad, and unduly burdensome.

9    Target also objects to this Interrogatory on the ground that it seeks information not calculated to

10   lead to the discovery of admissible evidence.  Target also objects to this Interrogatory to the

11   extent that it is duplicative of other interrogatories served by other defendants in this case.  Target

12   further objects to the extent that the Interrogatory seeks information protected by the attorney-

13   client privilege or work-product doctrine.

14

15   DATED: July 10, 2014               By:       */s/ Astor H.L. Heaven*

16                                       Jason C. Murray (CA Bar No. 169806)
                                         Robert B. McNary (CA Bar No. 253745)
17                                       CROWELL & MORING LLP
                                         515 South Flower St., 40th Floor
18                                       Los Angeles, CA  90071
                                         Telephone:  213-443-5582
19                                       Facsimile:  213-622-2690
                                         Email: jmurray@crowell.com
20                                               rmcnary@crowell.com

21                                       Jerome A. Murphy (*pro hac vice*)
                                         Astor H.L. Heaven (*pro hac vice*)
22                                       CROWELL & MORING LLP
                                         1001 Pennsylvania Avenue, N.W.
23                                       Washington, D.C. 20004
                                         Telephone:  202-624-2500
24                                       Facsimile:  202-628-5116
                                         Email: jmurphy@crowell.com
25                                               aheaven@crowell.com

26                                       *Counsel for Target Corp.*

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-20-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF ROGS

DCACTIVE-28178248.2

# Exhibit 18

Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131-3456
Telephone:    305-374-7580
Facsimile:    305-374-7593
E-mail:        rturken@bilzin.com; swagner@bilzin.com
               mwidom@bilzin.com

Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone:    (954) 356-0011
Facsimile:    (954) 356-0022
E-mail:        ssinger@bsfllp.com

*Counsel for Plaintiffs Tech Data Corporation*
*and Tech Data Product Management, Inc.*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE No. 13-CV-00157-SC |
| | Master File No. 07-5944 SC (N.D. Cal.) |
| _____ | |
| This Document Relates to Individual Case No. 13-CV-00157-SC | MDL No. 1917 |
| TECH DATA CORPORATION; TECH DATA PRODUCT MANAGEMENT, INC., | **TECH DATA CORPORATION AND TECH DATA PRODUCT MANAGEMENT, INC.'S RESPONSES AND OBJECTIONS TO THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES** |
|                    Plaintiffs, | |
|          vs. | |
| AU OPTRONICS CORPORATION; *et al.* | |
|                    Defendants. | |

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

**PROPOUNDING PARTIES**:          Defendants Thomson SA and Thomson Consumer Electronics, Inc.

**RESPONDING PARTIES**:          Tech Data Corporation and Tech Data Product Management, Inc.

**SET**:          One

Plaintiffs, Tech Data Corporation and Tech Data Product Management, Inc. ("Tech Data"), Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Civil Rules of the Northern District of California, hereby provides its responses to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s ("Defendants") First Set of Interrogatories to Plaintiff dated June 6, 2014 (the "Interrogatories"), as follows:

## GENERAL OBJECTIONS

1.     The following general objections ("General Objections") are incorporated into Tech Data's responses to each and every interrogatory contained in the Interrogatories. No response to any interrogatory shall be deemed a waiver of Tech Data's General Objections.

2.     Tech Data objects to the Interrogatories to the extent the information sought is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privileges or doctrines. Tech Data hereby asserts such privileges and protections to the extent implicated by each interrogatory, and will exclude privileged and protected information from its responses to the Interrogatories. Any disclosure of such protected or privileged information is inadvertent, and is not intended to waive those privileges or protections.

3.     Tech Data objects to the Interrogatories to the extent that the "Instructions" incorporated therein attempt to impose obligations on Tech Data beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, the Orders of the Court, or other applicable law.

4.     Tech Data objects to the Interrogatories to the extent that they seek disclosure of information that is already in the possession, custody or control of the Defendants.

**RESPONSE TO INTERROGATORY NO. 2:**

Tech Data refers to and incorporates its General Objections as if set forth fully herein. Tech Data further objects that this Interrogatory is premature given that Defendants first produced documents on June 25, 2014.  Tech Data further objects to the extent this request calls for expert testimony.  Tech Data further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Tech Data further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Tech Data further objects to the extent this request calls for information that is equally available to Defendants.

Subject to and without waiving its General Objections, and the foregoing objections, Tech Data states that information responsive to this Interrogatory can be found in the following discovery:

- Plaintiff ABC Appliance, Inc.'s Responses to Toshiba America Information Systems, Inc.'s First Set of Interrogatories and Philips Electronics North America Corporation's Third Set of Interrogatories, Nos. 1, 2, and 9, including all supplemental responses thereto; and

- Plaintiff ABC Appliance, Inc.'s Responses to Samsung Electronics America, Inc.'s, Tatung Company of America, Inc.'s, Toshiba America Electronic Components, Inc.'s, and Philips Electronics North America Corporation's First Set of Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

Tech Data also refers Defendants to any response referencing Thomson or its personnel in the following:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);

- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Tech Data expressly incorporates these discovery responses by reference.

Tech Data also refers Defendants to the responses of all other plaintiffs, including the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and all other Direct Action Plaintiffs, to the same or substantially similar interrogatories propounded by the Thomson Defendants and/or by all other defendants in the consolidated *Cathode Ray Tube (CRT) Antitrust Litigation*.

Subject to and without waiving the foregoing objections, Tech Data also refers Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

1  0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-
2  0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-
3  0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-
4  0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-
5  022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998;
6  SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-
7  062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018;
8  MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681;
9  MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336;
10  CHU00032940.

11      Tech Data also refers the Defendants to European Commission announcement of fine of
12  producers of cathode ray tubes. European Commission, "Antitrust: Commission fines
13  producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec.
14  5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

15      Discovery is ongoing and Tech Data reserves the right to supplement and/or amend its
16  response to this Interrogatory.

17  **INTERROGATORY NO. 3:**

18      IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation
19  that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other
20  CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States
21  during the RELEVANT PERIOD.

22  **RESPONSE TO INTERROGATORY NO. 3:**

23      Tech Data refers to and incorporates its General Objections as if set forth fully herein.
24  Tech Data further objects that this Interrogatory is premature given that Thomson first
25  produced documents on June 25, 2014. Tech Data further objects to the extent this request
26  calls for expert testimony. Tech Data further objects to this Interrogatory because it is
27  duplicative of other interrogatories, in whole or in part, made by other defendants in this
28  matter, in violation of the integration order included in section XV, subsections D and E of the

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

1   Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3,

2   2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust

3   Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No.

4   1128. Tech Data further objects to the extent that this request calls for information that is

5   covered by attorney-client privilege or the work product protection. Tech Data further objects

6   to the extent this request calls for information that is equally available to Defendants.

7          Subject to and without waiving its General Objections, and the foregoing objections,

8   Tech Data states that information responsive to this Interrogatory can be found in the following

9   discovery:

10  - Plaintiff ABC Appliance, Inc.'s Responses to Toshiba America Information

11    Systems, Inc.'s First Set of Interrogatories and Philips Electronics North America

12    Corporation's Third Set of Interrogatories, Nos. 1, 2, and 9, including all

13    supplemental responses thereto; and

14  - Plaintiff ABC Appliance, Inc.'s Responses to Samsung Electronics America, Inc.'s,

15    Tatung Company of America, Inc.'s, Toshiba America Electronic Components,

16    Inc.'s, and Philips Electronics North America Corporation's First Set of

17    Interrogatories, Nos. 12 and 14, including all supplemental responses thereto.

18         Tech Data also refers Defendants to any response referencing Thomson or its personnel

19  in the following:

20  - Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs'

21    First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);

22  - Second Supplemental Responses and Objections of Panasonic Corporation of North

23    America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a

24    Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of

25    Interrogatories (dated November 2, 2011);

26  - Third Supplemental Responses and Objections of Panasonic Corporation of North

27    America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a

28

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. Four and Five of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);

- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);

- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);

- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);

- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Tech Data expressly incorporates these discovery responses by reference.

Tech Data also refers Defendants to the responses of all other plaintiffs, including the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and all other Direct Action Plaintiffs, to the same or substantially similar interrogatories propounded by the Thomson Defendants and/or by all other defendants in the consolidated *Cathode Ray Tube (CRT) Antitrust Litigation*.

Subject to and without waiving the foregoing objections, Tech Data also refers Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992; MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681;

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

1  MTPD-0479670;   SDCRT-0091871;   SDCRT-0091875;   CHU00033243;   CHU00734336;
2  CHU00032940.

3      Tech Data also refers the Defendants to European Commission announcement of fine of
4  producers of cathode ray tubes.   European Commission, "Antitrust: Commission fines
5  producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec.
6  5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

7      Discovery is ongoing and Tech Data reserves the right to supplement and/or amend its
8  response to this Interrogatory.

9  **INTERROGATORY NO. 4:**

10      IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation
11  that Thomson Consumer continued to participate in the conspiracy that is the subject of YOUR
12  COMPLAINT after its CRT assets were sold to Videocon in July 2005.

13  **RESPONSE TO INTERROGATORY NO. 4:**

14      Tech Data refers to and incorporates its General Objections as if set forth fully herein.
15  Tech Data further objects that this Interrogatory is premature given that Thomson first
16  produced documents on June 25, 2014.  Tech Data further objects to the extent this request
17  calls for expert testimony.  Tech Data further objects to the extent that this request calls for
18  information that is covered by attorney-client privilege or the work product protection.  Tech
19  Data further objects to the extent this request calls for information that is equally available to
20  Defendants.

21      Subject to and without waiving Tech Data's General Objections, and the foregoing
22  objections, Tech Data states that information responsive to this Interrogatory can be found in
23  the following discovery:

24   • Technologies Displays Americas LLC's Responses to Sharp Electronics
25     Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s First
26     Set of Interrogatories (dated October 8, 2013);

27   • Statement of Albino Bessa Re Technologies Displays Americas, LLC (dated April
28     18, 2014);

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

Discovery is ongoing and Tech Data reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 10:**

IDENTIFY each PERSON employed or controlled by YOU who participated in YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 10:**

Tech Data refers to and incorporates its General Objections as if set forth fully herein. Tech Data further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Tech Data further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.

**INTERROGATORY NO. 11:**

IDENTIFY all DOCUMENTS each PERSON IDENTIFIED in Response to Interrogatory No. 10 reviewed during YOUR investigation into whether the Thomson Defendants participated in the conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 11:**

Tech Data refers to and incorporates its General Objections as if set forth fully herein. Tech Data further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Tech Data further objects to the

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

1    extent that this request calls for information that is covered by attorney-client privilege or the

2    work product protection.

3    **INTERROGATORY NO. 12:**

4          IDENTIFY when YOU first learned of the existence of the conspiracy that is the subject

5    of YOUR COMPLAINT.

6    **RESPONSE TO INTERROGATORY NO. 12:**

7          Tech Data refers to and incorporates its General Objections as if set forth fully herein.

8    Tech Data further objects that this Interrogatory is premature given that Thomson first

9    produced documents on June 25, 2014.  Tech Data further objects to the extent this request

10   calls for expert testimony.   Tech Data further objects to this Interrogatory because it is

11   duplicative of other interrogatories, in whole or in part, made by other defendants in this

12   matter, in violation of the integration order included in section XV, subsections D and E of the

13   Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3,

14   2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust

15   Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No.

16   1128.  Tech Data further objects to the extent that this request calls for information that is

17   covered by attorney-client privilege or the work product protection.  Tech Data further objects

18   to the extent this request calls for information that is equally available to Defendants.

19          Subject to and without waiving its General Objections, and the foregoing objections,

20   Tech Data states that information responsive to this Interrogatory can be found in Tech Data's

21   Responses And Objections To Panasonic Corporation And Hitachi Electronic Devices (USA),

22   Inc.'S First Set Of Interrogatories, No. 13.   Tech Data further states that Defendants

23   fraudulently concealed their conspiratorial acts from Tech Data.

24          Discovery is ongoing and Tech Data reserves the right to supplement and/or amend its

25   response to this Interrogatory.

26

27

28

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

**INTERROGATORY NO. 13:**

Do YOU contend that Thomson Consumer participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend, IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson Consumer participated in such a conspiracy regarding CDTs.

**RESPONSE TO INTERROGATORY NO. 13:**

Tech Data refers to and incorporates its General Objections as if set forth fully herein. Tech Data further objects that this Interrogatory is premature given that Thomson first produced documents on June 25, 2014. Tech Data further objects to the extent this request calls for expert testimony. Tech Data further objects to this Interrogatory because it is duplicative of other interrogatories, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128. Tech Data further objects to this Interrogatory to the extent that it calls for a legal conclusion or legal argumentation. Tech Data further objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Tech Data further objects to the extent this request calls for information that is equally available to Defendants.

Subject and without waiving its General Objections and the foregoing objections, Tech Data refers Thomson to its responses to Interrogatories Nos. 2 and 3.

Discovery is ongoing and Tech Data reserves the right to supplement and/or amend its response to this Interrogatory.

**INTERROGATORY NO. 14:**

Do YOU contend that Thomson SA participated in the alleged conspiracy to fix the price of and/or reduce the output of CDTs during the relevant period? If YOU do so contend,

1    IDENTIFY all DOCUMENTS or EVIDENCE that support YOUR contention that Thomson SA

2    participated in such a conspiracy regarding CDTs.

3    **RESPONSE TO INTERROGATORY NO. 14:**

4         Tech Data refers to and incorporates its General Objections as if set forth fully herein.

5    Tech Data further objects that this Interrogatory is premature given that Thomson first

6    produced documents on June 25, 2014.  Tech Data further objects to the extent this request

7    calls for expert testimony.   Tech Data further objects to this Interrogatory because it is

8    duplicative of other interrogatories, in whole or in part, made by other defendants in this

9    matter, in violation of the integration order included in section XV, subsections D and E of the

10   Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3,

11   2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust

12   Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No.

13   1128.  Tech Data further objects to this Interrogatory to the extent that it calls for a legal

14   conclusion or legal argumentation.  Tech Data further objects to the extent that this request

15   calls for information that is covered by attorney-client privilege or the work product protection.

16   Tech Data further objects to the extent this request calls for information that is equally

17   available to Defendants.

18        Subject to and without waiving its General Objections and the foregoing objections,

19   Tech Data refers Thomson to its responses to Interrogatories Nos. 2 and 3.

20        Discovery is ongoing and Tech Data reserves the right to supplement and/or amend its

21   response to this Interrogatory.

22   **INTERROGATORY NO. 15:**

23        IDENTIFY the EVIDENCE and DOCUMENTS YOU discovered and the date YOU

24   discovered the EVIDENCE and DOCUMENTS that caused YOU to file YOUR COMPLAINT

25   against the Thomson Defendants.

26   **RESPONSE TO INTERROGATORY NO. 15:**

27        Tech Data refers to and incorporates its General Objections as if set forth fully herein.

28   Tech Data further objects to this Interrogatory because it is duplicative of other interrogatories,

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

TECH DATA'S RESPONSES AND OBJECTIONS                    -22-                    MASTER FILE NO. 07-5944 SC (N.D. CAL.)
TO THOMSON'S  FIRST SET OF                                                      INDIVIDUAL CASE NO. 13-CV-00157 SC
INTERROGATORIES

1   in whole or in part, made by other defendants in this matter, in violation of the integration order

2   included in section XV, subsections D and E of the Court's "Order Re Discovery and Case

3   Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case

4   Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC

5   MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Tech Data further objects to this

6   Interrogatory as wholly duplicative of Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8 and 12. Tech Data

7   further objects to the extent that this request calls for information that is covered by attorney-

8   client privilege or the work product protection.

9   **INTERROGATORY NO. 16:**

10      Explain why YOU did not name Thomson Consumer as a defendant in your original

11   complaint in this matter, *Tech Data v. Hitachi, Ltd., et al.*, Case No. 8:12-cv-02795, filed by Tech

12   Data on or about December 12, 2012 in the Middle District of Florida.

13   **RESPONSE TO INTERROGATORY NO. 16:**

14      Tech Data refers to and incorporates its General Objections as if set forth fully herein.

15   Tech Data further objects to this Interrogatory as seeking information not reasonably calculated

16   to lead to the discovery of admissible evidence.  Tech Data further objects to this Interrogatory

17   because it is irrelevant to any claim or defense in this litigation.  Tech Data further objects to

18   the extent that this request calls for information that is covered by attorney-client privilege or

19   the work product protection.

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

1   Dated: July 15, 2014

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/Scott N. Wagner
ROBERT W. TURKEN
SCOTT N. WAGNER
MITCHELL E. WIDOM
BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456
Telephone:  (305) 374-7580
Facsimile:  (305) 374-7593
E-mail:       rturken@bilzin.com
                   swagner@bilzin.com
                   mwidom@bilzin.com


STUART H. SINGER
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
E-mail:       ssinger@bsfllp.com


WILLIAM A. ISAACSON
MELISSA WILLETT
BOIES, SCHILLER & FLEXNER
5301 Wisconsin Ave. NW, Suite 800
Washington, DC 20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
E-mail:       wisaacson@bsfllp.com
                   mwillett@bsfllp.com

PHILIP J. IOVIENO
BOIES, SCHILLER & FLEXNER
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
E-mail:       piovieno@bsfllp.com

*Counsel for Plaintiffs Tech
Data Corporation and Tech Data Product
Management, Inc.*

# Exhibit 19

1

2

3

4

Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

5

6

7

8

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

9

10

11

12

13

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
          anardacci@bsfllp.com

14

15

16

*Counsel for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies Corp., Office Depot, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., and Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC*

17

18

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

19

20

In re: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

Master File No. 3:07-cv-05944-SC (N.D. Cal.)

MDL No. 1917

21

22

23

24

25

26

27

28

This document relates to:

*Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Office Depot, Inc., v. Technicolor SA, et al.*, No. 13-cv-05726;

**ELECTROGRAPH SYSTEMS, INC., ELECTROGRAPH TECHNOLOGIES, CORP., OFFICE DEPOT, INC., INTERBOND CORPORATION OF AMERICA, P.C. RICHARD & SON LONG ISLAND CORPORATION, MARTA COOPERATIVE OF AMERICA, INC., ABC APPLIANCE, INC., AND SCHULTZE AGENCY SERVICES, LLC ("TWEETER")'S OBJECTIONS AND RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET  OF REQUESTS FOR**

PLAINTIFFS' OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET  OF  REQUESTS
FOR PRODUCTION

Master File No. 3:07-cv-05944-SC

1

*Interbond   Corporation   of   America   v.*   **PRODUCTION OF DOCUMENTS**
*Technicolor SA, et al.*, No. 13-cv-05727

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROPOUNDING PARTIES:**     Thomson SA and Thomson Consumer Electronics, Inc.

2

**RESPONDING PARTIES:**     Electrograph Systems, Inc. and Electrograph Technologies

3     Corp.; Office Depot, Inc.; Interbond Corporation of America;
    P.C. Richard & Son Long Island Corporation, MARTA

4     Cooperative of America, Inc., and ABC Appliance, Inc.; and
    Schultze Agency Services, LLC on behalf of Tweeter Opco,

5     LLC and Tweeter Newco, LLC

**SET:**     One

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF REQUESTS
FOR PRODUCTION

- 1 -

Master File No. 3:07-cv-05944-SC

Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128. Plaintiffs further object to this Request to the extent that it calls for the production of documents or information equally available to Defendants. Plaintiffs further object to this Request to the extent that it calls for the production of documents or information not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding the foregoing objections, Plaintiffs state that they are willing to meet and confer with Defendants regarding this Request.

**REQUEST NO. 3:**

All DOCUMENTS related to when YOU investigated, or attempted to investigate, the existence of the alleged antitrust conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs refer to and incorporate their General Objections as if set forth fully herein. Plaintiffs further object to this Request on the grounds that it is overly broad, unduly burdensome, and oppressive. Plaintiffs further object to this Request because it is duplicative of other discovery requests, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128. Plaintiffs further object to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Plaintiffs further object to this Request to the extent that it calls for the production of documents or information not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 4:**

All DOCUMENTS related to when YOU learned of the existence of the alleged antitrust conspiracy that is the subject of YOUR COMPLAINT.

PLAINTIFFS' OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF REQUESTS
FOR PRODUCTION

- 7 -

Master File No. 3:07-cv-05944-SC

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs refer to and incorporate their General Objections as if set forth fully herein. Plaintiffs further object to this Request on the grounds that it is overly broad, unduly burdensome, and oppressive.  Plaintiffs further object to this Request because it is duplicative of other discovery requests, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiffs further object to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Plaintiffs further object to this Request to the extent that it calls for the production of documents or information not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:**

All DOCUMENTS related to estimates of the production capacity, output, and/or prices charged by the DEFENDANTS for CRTs and/or CRT Products during the Relevant Period.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs refer to and incorporate their General Objections as if set forth fully herein. Plaintiffs further object to this Request on the grounds that it is overly broad, unduly burdensome, and oppressive.  Plaintiffs further object to this Request because it is duplicative of other discovery requests, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiffs further object to this Request to the extent that it calls for the production of documents or information equally available to Defendants.  Plaintiffs further object to this

PLAINTIFFS' OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF REQUESTS
FOR PRODUCTION

- 8 -

Master File No. 3:07-cv-05944-SC

**RESPONSE TO REQUEST NO. 11:**

Plaintiffs refer to and incorporate their General Objections as if set forth fully herein. Plaintiffs specifically object to this Request on the grounds that it is overly broad, unduly burdensome, and oppressive. Plaintiffs further object to this Request to the extent that it seeks or calls for the production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law. Plaintiffs further object to this Request on the grounds that it is premature, and that it seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation, many months before the agreed-upon fact discovery deadline. Plaintiffs also object to this Request to the extent that it calls for the production of documents or information not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding the foregoing objections, Plaintiffs state that they will produce any responsive, non-privileged, previously-unproduced documents referenced in their Responses to Defendants' First Set of Interrogatories.

DATED:  July 10, 2014          /s/ *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:  piovieno@bsfllp.com
          anardacci@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022
Email:  ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP

PLAINTIFFS' OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF  REQUESTS
FOR PRODUCTION

- 13 -

Master File No. 3:07-cv-05944-SC

1
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
2
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

3

4
*Counsel for Plaintiffs Electrograph Systems, Inc.,
Electrograph Technologies Corp., Office Depot, Inc.,
Interbond Corporation of America, P.C. Richard & Son
Long Island Corporation, MARTA Cooperative of
America, Inc., ABC Appliance, Inc., and Schultze Agency
Services LLC on behalf of Tweeter Opco, LLC and
Tweeter Newco, LLC,*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF  REQUESTS
FOR PRODUCTION

- 14 -

Master File No. 3:07-cv-05944-SC

# Exhibit 20

1   ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
    Roman M. Silberfeld, Bar No. 62783
2   RMSilberfeld@rkmc.com
    Bernice Conn, Bar No. 161594
3   Bconn@rkmc.com
    David Martinez, Bar No. 193183
4   DMartinez@rkmc.com
    2049 Century Park East, Suite 3400
5   Los Angeles, CA 90067-3208
    Telephone: 310-552-0130
6   Facsimile: 310-229-5800

7   Attorneys for Plaintiffs

8   BEST BUY CO., INC.; BEST BUY
    PURCHASING LLC; BEST BUY ENTERPRISE
9   SERVICES, INC.; BEST BUY STORES, L.P.;
    BESTBUY.COM, LLC; MAGNOLIA HI-FI, INC.

10

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13

14   IN RE: CATHODE RAY TUBE (CRT)          Master File No. M:07-5994-SC
     ANTITRUST LITIGATION                   MDL No. 1917
15
     This Document Relates to               Case No. 3:13-cv-05264-SC
16   Individual Case No. 3:11-cv-05264-SC

17   BEST BUY CO., INC.; BEST BUY           **BEST BUY'S OBJECTIONS AND**
     PURCHASING LLC; BEST BUY               **RESPONSES TO DEFENDANTS**
18   ENTERPRISE SERVICES, INC.; BEST BUY    **THOMSON SA AND THOMSON**
     STORES, L.P.; BESTBUY.COM, L.L.C.; and **CONSUMER ELECTRONICS,**
19   MAGNOLIA HI-FI, LLC,                   **INC.'S FIRST SET OF REQUESTS**
                                            **FOR PRODUCTION OF**
20                Plaintiffs,               **DOCUMENTS**

21          v.

22   TECHNICOLOR SA (f/k/a THOMSON SA),
     TECHNICOLOR USA, INC. (f/k/a
23   THOMSON CONSUMER ELECTRONICS,
     INC.), VIDEOCON INDUSTRIES, LTD.,
24   TECHNOLOGIES DISPLAYS AMERICAS
     LLC (f/k/a THOMSON DISPLAYS
25   AMERICAS LLC), MITSUBISHI ELECTRIC
     CORPORATION; MITSUBISHI ELECTRIC
26   VISUAL SOLUTIONS AMERICA, INC.; and
     MITSUBISHI ELECTRIC & ELECTRONICS
27   USA, INC.,

28                Defendants.

OBJECTIONS AND RESPONSES TO DEFENDANTS THOMSON
SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

60825277.1

*(left margin, vertical text)* ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**PROPOUNDING PARTIES:**     THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.

**RESPONDING PARTY**:     BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.

**SET NO.:**     FIRST

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**GENERAL OBJECTIONS**

Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; Magnolia Hi-Fi, Inc. (collectively "Best Buy") assert and incorporate by reference the following General Objections to each Request for Production of Document ("Request(s)"). Reference to these General Objections in any specific Request shall not waive or otherwise limit the applicability of these General Objections to each and every Request.

1.    Best Buy construes Defendants' Requests as served on behalf of all defendants named in the Complaint ("Defendants") and responds and objects accordingly.

2.    Best Buy objects to Defendants' "Definitions" to the extent that they impose burdens and obligations on Best Buy greater than or different from those authorized under the Federal Rules of Civil Procedure and the Local Rules of this Court and to the extent they purport to give meanings to words different from their ordinary English meaning or definitions set forth in the applicable statutes or rules.

3.    Best Buy objects to each Request to the extent that it calls for information protected by the attorney-client privilege, or that may be protected by any other privilege, such as a joint defense or common interest privilege.

4.    Best Buy objects to each Request to the extent that it seeks work product information or documents prepared by Best Buy or its representatives or in furtherance of any joint defense or common interest in anticipation of litigation or for trial.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

it has produced documents sufficient to show communications regarding its purchases of CRT Products from the Thomson Defendants.

**Request for Production No. 3:**

All DOCUMENTS related to when YOU investigated, or attempted to investigate, the existence of the alleged antitrust conspiracy that is the subject of YOUR COMPLAINT.

**Response:**

In addition to Best Buy's General Objections, which Best Buy hereby incorporates by reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, and unduly burdensome. Best Buy further objects that this Request calls for documents protected by the attorney client privilege and/or work product protection.

**Request for Production No. 4:**

All DOCUMENTS related to when YOU learned of the existence of the alleged antitrust conspiracy that is the subject of YOUR COMPLAINT.

**Response:**

In addition to Best Buy's General Objections, which Best Buy hereby incorporates by reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, and unduly burdensome. Best Buy further objects that this Request calls for documents protected by the attorney client privilege and/or work product protection.

**Request for Production No. 5:**

All DOCUMENTS related to estimates of the production capacity, output, and/or prices charged by the DEFENDANTS for CRTs and/or CRT Products during the Relevant Period.

**Response:**

In addition to Best Buy's General Objections, which Best Buy hereby incorporates by reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Best Buy further objects that this Request calls for production of

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

discovery propounded against Best Buy.

DATED: July 7, 2014           **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

                                  By: /s/ Laura E. Nelson_____
                                        Roman M. Silberfeld
                                        David Martinez
                                        Laura E. Nelson

                             **ATTORNEYS FOR PLAINTIFFS**
                             **BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, LLC; MAGNOLIA HI-FI, INC.**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

OBJECTIONS AND RESPONSES TO DEFENDANTS THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

# Exhibit 21

David J. Burman *(pro hac vice)*
Cori G. Moore *(pro hac vice)*
Eric J. Weiss *(pro hac vice)*
Nicholas H. Hesterberg *(pro hac vice)*
Steven D. Merriman *(pro hac vice)*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  DBurman@perkinscoie.com
          CGMoore@perkinscoie.com
          EWeiss@perkinscoie.com
          NHesterberg@perkinscoie.com
          SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:  415.344.7000
Facsimile:  415.344.7050
Email:  JBass@perkinscoie.com

*Attorneys for Plaintiff*
*Costco Wholesale Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Costco Wholesale Corp. v. Hitachi, Ltd., et al.,* No 3:11-cv-06397-SC | No. 07-cv-05944-SC<br><br>MDL No. 1917<br><br>**COSTCO WHOLESALE CORPORATION'S OBJECTIONS AND RESPONSES TO THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:    Defendants Thomson SA and Thomson Consumer Electronics, Inc.

RESPONDING PARTY:    Costco Wholesale Corporation

SET NO.:    One

-1-

COSTCO'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF REQUEST
FOR PRODUCTION OF DOCUMENTS

No. 07-5944-SC; MDL No. 1917

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2

Costco refers to and incorporates its General Objections as if set forth fully herein.

3

Costco also objects to this Request, including the time frame for the Request, on the grounds that

4

it is overly broad, unduly burdensome and oppressive.  Costco further objects to this Request on

5

the grounds that it seeks information that is protected by the attorney-client privilege, the work-

6

product doctrine, and/or any other protection or privilege.  Costco further objects to this Request

7

on the ground that it is duplicative of other discovery taken in this case.

8

Subject to and without waiving the foregoing objections, Costco refers Defendants to and

9

incorporates by reference Costco's response to Request No. 26 of Philips Electronics North

10

America Corp. and Toshiba America Electronic Components, Inc.'s First Requests for Production

11

of Documents, dated August 17, 2012.   Discovery is ongoing, and Costco reserves its right to

12

supplement or modify this response.

13

**REQUEST FOR PRODUCTION NO. 4:**

14

All DOCUMENTS related to when YOU learned of the existence of the alleged antitrust

15

conspiracy that is the subject of YOUR COMPLAINT.

16

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

17

Costco refers to and incorporates its General Objections as if set forth fully herein.

18

Costco also objects to this Request, including the time frame for the Request, on the grounds that

19

it is overly broad, unduly burdensome and oppressive.  Costco further objects to this Request on

20

the grounds that it seeks information that is protected by the attorney-client privilege, the work-

21

product doctrine, and/or any other protection or privilege.  Costco further objects to this Request

22

on the ground that it is duplicative of other discovery taken in this case.

23

Subject to and without waiving the foregoing objections, Costco refers Defendants to and

24

incorporates by reference Costco's response to Request No. 26 of Philips Electronics North

25

America Corp. and Toshiba America Electronic Components, Inc.'s First Requests for Production

26

of Documents, dated August 17, 2012.   Discovery is ongoing, and Costco reserves its right to

27

supplement or modify this response.

28

COSTCO'S OBJECTIONS AND RESPONSES TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF REQUEST
FOR PRODUCTION OF DOCUMENTS

-6-

No. 07-5944-SC; MDL No. 1917

1    <u>**REQUEST FOR PRODUCTION NO. 11:**</u>

2         All DOCUMENTS referred to in or relied upon to prepare YOUR responses to the

3    Thomson Defendants' First Set of Interrogatories to YOU.

4    <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**</u>

5         Costco refers to and incorporates its General Objections as if set forth fully herein.

6    Subject to and without waiving the foregoing objections, Costco refers to and incorporates its

7    objections and responses to the Thomson Defendants' First Set of Interrogatories.

8

9

10   DATED:  July 10, 2014                    **PERKINS COIE** LLP

11
                                             By: /s/ David J. Burman
12                                           _____
                                             David J. Burman *(pro hac vice)*
                                             Cori G. Moore *(pro hac vice)*
13                                           Eric J. Weiss *(pro hac vice)*
                                             Nicholas H. Hesterberg *(pro hac vice)*
14                                           Steven D. Merriman *(pro hac vice)*
                                             PERKINS COIE LLP
15                                           1201 Third Avenue, Suite 4900
                                             Seattle, WA  98101-3099
16                                           Telephone:  206.359.8000
                                             Facsimile:  206.359.9000
17                                           Email: DBurman@perkinscoie.com
                                                     CGMoore@perkinscoie.com
18                                                   EWeiss@perkinscoie.com
                                                     NHesterberg@perkinscoie.com
19                                                   SMerriman@perkinscoie.com

20
                                             Joren Bass, Bar No. 208143
21                                           PERKINS COIE LLP
                                             Four Embarcadero Center, Suite 2400
22                                           San Francisco, CA  94111-4131
                                             Telephone:  415.344.7000
23                                           Facsimile:  415.344.7050
                                             Email:  JBass@perkinscoie.com
24
                                             *Attorneys for Plaintiff*
25                                           *Costco Wholesale Corporation*

26

27   29040-0318/LEGAL122095860.1

28
     _____
     COSTCO'S OBJECTIONS AND RESPONSES TO          -11-
     THOMSON SA AND THOMSON CONSUMER
     ELECTRONICS, INC.'S FIRST SET OF REQUEST               No. 07-5944-SC; MDL No. 1917
     FOR PRODUCTION OF DOCUMENTS

# Exhibit 22

Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard, Suite 1100
Miami, Florida  33131
Tel:      (305) 373-1000
Fax:      (305) 372-1861
E-mail:   rarnold@knpa.com
          wblechman@knpa.com
          kmurray@knpa.com
          srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **Master Case No. 3:07-cv-05944-SC** <br> Individual Case No. 3:13-cv-05262 |
| This Document Relates to: | MDL No. 1917 |
| *SEARS, ROEBUCK AND CO. & KMART CORP. v. Technicolor SA, et al., No.* 13-cv-05262 | **PLAINTIFFS SEARS, ROEBUCK AND CO. & KMART CORP.'S OBJECTIONS AND RESPONSES TO DEFENDANTS THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**RESPONDING PARTIES:** Plaintiffs Sears, Roebuck and Co. and Kmart Corp.

**PROPOUNDING PARTIES:** Defendants Thomson SA and Thomson Consumer Electronics, Inc.

**SET NO.:** ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rule 33.1 of the Local Rules of the Northern District of California, Plaintiffs Sears, Roebuck and Co. and Kmart Corp. (individually and collectively "Plaintiffs") respond to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s (collectively "Thomson") First Set of Requests for Production of Documents served June 5, 2014 (the "Requests").

1

**REQUEST FOR PRODUCTION NO. 3:**

All documents related to when you investigated, or attempted to investigate, the existence of the alleged antitrust conspiracy that is the subject of your complaint.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here.  Plaintiffs further object to this Request on the grounds that:  (i) it is premature given that Thomson first produced documents in response to Plaintiffs' discovery requests on June 25, 2014; (ii) it is unreasonably overbroad and unduly burdensome seeking documents that relate to thousands of purchases and sales of CRTs and/or CRT Products over an approximate 12-year period; (iii) it seeks documents that are in Thomson's possession, custody, or control, and that have not yet been provided to Plaintiffs; (iv) it is duplicative of other discovery propounded by Defendants in MDL No. 1917; (v) it seeks documents that are the subject of ongoing discovery and investigation; (vi) it seeks documents that are equally available to Thomson; and (vii) it seeks documents that are protected by the attorney client privilege, the attorney work product doctrine, or any other available privilege or protection.

**REQUEST FOR PRODUCTION NO. 4:**

All documents related to when you learned of the existence of the alleged antitrust conspiracy that is the subject of your complaint.

 **RESPONSE TO REQUEST NO. 4:**

Plaintiffs refer to and incorporate their General Objections as if fully restated here.  Plaintiffs further object to this Request on the grounds that:  (i) it seeks documents that are the subject of ongoing discovery and investigation; (ii) it is duplicative of other discovery propounded by Defendants in MDL No. 1917; and (iii) it seeks documents that are protected by the attorney client privilege, the attorney work product doctrine, or any other available privilege or protection.

SEARS & KMART'S RESPONSES TO THOMSON DEFENDANTS'
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS                    MDL No. 1917

Dated:  July 10, 2014

      /s/ William J. Blechman
Richard Alan Arnold, Esq. (admitted *pro hac vice*)
William J. Blechman, Esq. (admitted *pro hac vice*)
Kevin J. Murray, Esq. (admitted *pro hac vice*)
Samuel J. Randall, Esq. (admitted *pro hac vice*)
Kenny Nachwalter, P.A.
201 S. Biscayne Boulevard, Suite 1100
Miami, Florida  33131
Tel:    (305) 373-1000
Fax:    (305) 372-1861
E-mail: rarnold@knpa.com
          wblechman@knpa.com
          kmurray@knpa.com
          srandall@knpa.com
*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.*

15

# Exhibit 23

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC MDL No. 1917 |
| This Document Relates To: *Sharp Electronics Corp.,* et al. *v. Hitachi Ltd.,* et al., Case No. 13-cv-1173 (SC) | **PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:**      Defendants Thomson SA (n/k/a Technicolor SA) and Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.)

**RESPONDING PARTIES:**          Plaintiffs Sharp Electronics Corporation and Sharp
                                 Electronics Manufacturing Company of America, Inc.

**SET NO.:**                     One

          Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule

34.1 of the Local Rules of the Northern District of California, Sharp Electronics Corporation and

Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp") hereby

respond to Thomson SA and Thomson Consumer Electronics, Inc.'s (collectively, "Thomson")

First Set of Requests for Production of Documents dated June 5, 2014 (the "Requests for

Production") as follows:

<u>**GENERAL OBJECTIONS AND RESPONSES**</u>

          The following general objections ("General Objections") are incorporated in Sharp's

responses ("Responses") to each and every Document Request contained in the Requests for

Production.  No Response to any Request for production shall be deemed a waiver of Sharp's

General Objections.

1.        Sharp objects to the Requests for Production to the extent that they seek to impose

obligations on Sharp beyond those imposed by the Federal Rules of Civil Procedure, the Local

Civil Rules of the Northern District of California, or any applicable order of the Court.

2.        Sharp objects to the Requests for Production to the extent that they seek or call for the

production of documents or information that is already in the possession, custody, or control of

Thomson.  In this regard, Sharp notes that although it sought to initiate discovery from Thomson

in May 2014, Thomson SA still has not produced any documents, and has refused to produce any

documents located in France without resort to the Hague Convention.

3.        Sharp objects to the Requests for Production to the extent that they seek or call for the

production of documents or information that can equally or more readily be obtained by

Thomson from public sources.

SHARP'S OBJECTIONS AND RESPONSES TO          Case No. 13-cv-1173
THOMSON'S FIRST SET OF REQUESTS          Master File No. 3:07-cv-5944 SC, MDL No. 1917
FOR PRODUCTION OF DOCUMENTS

**Request No. 2:**

All DOCUMENTS which reflect communications during the RELEVANT PERIOD between YOU and the Thomson Defendants regarding CRTs and/or CRT Products that you have not previously produced in this litigation to another DEFENDANT.

**Response No. 2:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive, is duplicative of other requests including at least Request Nos. 1 and 5, seeks documents in the possession of or equally available to the Defendants, and is not calculated to lead to the discovery of admissible evidence. Sharp further objects to this Request on the ground that it is duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Request can be found in Sharp's responses to Request Nos. 5 and 6 of Panasonic and LGE's First Set of Requests for Production, dated July 22, 2013. Sharp expressly incorporates those responses here by reference. Sharp has not excluded from its production documents relating to Thomson, and so all such non-privileged documents located by reasonable search responsive to outstanding requests (as modified by Sharp's objections and limitations) have been or are being produced, subject to and without waiver of Sharp's objections.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 3:**

All DOCUMENTS related to when YOU investigated, or attempted to investigate, the existence of the alleged antitrust conspiracy that is the subject of YOUR COMPLAINT.

**Response No. 3:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Request, including the time frame for the Request, on the grounds that it is overly broad, unduly burdensome and oppressive. Sharp further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work

- 6 -

product doctrine, and/or any other protection or privilege. Sharp further objects to this Request on the ground that it is duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Request can be found in Sharp's responses to Request No. 27 of Panasonic and LGE's First Set of Requests for Production, dated July 22, 2013. Sharp expressly incorporates those responses here by reference.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 4:**

All DOCUMENTS related to when YOU learned of the existence of the alleged antitrust conspiracy that is the subject of YOUR COMPLAINT.

**Response No. 4:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Request, including the time frame for the Request, on the grounds that it is overly broad, unduly burdensome and oppressive, and is not calculated to lead to the discovery of admissible evidence. Sharp further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. Sharp further objects to this Request on the ground that it is duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Request can be found in Sharp's responses to Request No. 25 of Panasonic and LGE's First Set of Requests for Production, dated July 22, 2013. Sharp expressly incorporates those responses here by reference.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 5:**

All DOCUMENTS related to estimates of the production capacity, output, and/or prices charged by the DEFENDANTS for CRTs and/or CRT Products during the Relevant Period.

documents relating to Thomson, and so all such non-privileged documents located by reasonable search responsive to outstanding requests (as modified by Sharp's objections and limitations) have been or are being produced, subject to and without waiver of Sharp's objections.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 11:**

ALL DOCUMENTS referred to in or relied upon to prepare YOUR responses to the Thomson Defendants' First Set of Interrogatories to YOU.

**Response No. 11:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Subject to and without waiving the foregoing objections, Sharp refers to and incorporates its answers to the Interrogatories.

DATED:  July 10, 2014          By:  *Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
2001 K Street, NW
Washington, DC  20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs*

- 12 -

# Exhibit 24

Kenneth S. Marks
Jonathan J. Ross
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
kmarks@susmangodfrey.com
jross@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely
in his capacity as Trustee of the Circuit City
Stores, Inc. Liquidating Trust*
[additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | Case No. 13-cv-05261 SC |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | **RESPONSES AND OBJECTIONS OF ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.** |
| Plaintiff, | |
| v. | |
| TECHNICOLOR SA.; et al., | |
| Defendants. | |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Circuit City Trust" or "Plaintiff"), hereby responds and objects to the First Set of Requests for Production of Thomson SA and Thomson Consumer Electronics, Inc. (collectively the "Requests" and individually a "Request"). For the reasons set forth below, Plaintiff generally and specifically objects and otherwise

CIRCUIT CITY'S RESPONSE TO FIRST REQUEST
FOR PRODUCTION FROM THE THOMSON
DEFENDANTS
3238658v1/012325

C-13-05261 SC
MDL No. 1917

1

previously produced responsive documents to defendants in this litigation, which have been made available to the Thomson Defendants. To the extent additional documents, if any exist, are located, they will be produced.

**REQUEST FOR PRODUCTION NO .2:**

All DOCUMENTS which reflect communications during the RELEVANT PERIOD between YOU and the Thomson Defendants regarding CRTs and/or CRT Products that you have not previously produced in this litigation to another DEFENDANT.

**RESPONSE:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Circuit City Trust previously produced responsive documents to the defendants in this litigation, which have been made available to the Thomson Defendants. To the extent additional documents, if any exist, are located, they will be produced.

**REQUEST FOR PRODUCTION NO .3:**

All DOCUMENTS related to when YOU investigated, or attempted to investigate, the existence of the alleged antitrust conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Circuit City Trust additionally objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege or the work product doctrine.

Circuit City Trust further objects to the terms and phrases "investigated," "attempted to investigate," and "relates to" as vague and ambiguous.

## REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS related to when YOU learned of the existence of the alleged antitrust conspiracy that is the subject of YOUR COMPLAINT.

## RESPONSE:

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Circuit City Trust further objects to the phrase "related to" as vague and ambiguous. Subject to and without waiving these objections, Circuit City Trust previously produced documents to the defendants in this litigation, which have been made available to the Thomson Defendants. To the extent additional documents are located, if any exist, they will be produced.

## REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS related to estimates of the production capacity, output, and/or prices charged by the DEFENDANTS for CRTs and/or CRT Products during the Relevant Period.

## RESPONSE:

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Circuit City Trust further objects to the phrase "related to" as vague and ambiguous. Subject to and without waiving these objections, Circuit City Trust previously produced documents to the defendants in this litigation, which have been made available to the Thomson Defendants. To the extent additional documents are located, if any exist, they will be produced.

extent additional documents are located, if any exist, they will be produced.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS referred to in or relied upon to prepare YOUR responses to the Thomson Defendants' First Set of Interrogatories to YOU.

**RESPONSE:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, to the extent that documents which have not previously been produced to defendants in this litigation are referred to in Circuit City Trust's responses to the Thomson Defendants' First Set of Interrogatories they will be produced.

Dated: July 10, 2014.

SUSMAN GODFREY L.L.P.

By: _____

Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
John P. Lahad
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
         jross@susmangodfrey.com
         jcarter@susmangodfrey.com
         dpeterson@susmangodfrey.com
         jlahad@susmangodfrey.com

CIRCUIT CITY'S RESPONSE TO FIRST REQUEST        11
FOR PRODUCTION FROM THE THOMSON                                C-13-05261 SC
DEFENDANTS                                                      MDL No. 1917
3238658v1/012325

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
          rblack@susmangodfrey.com
          jconnors@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

CIRCUIT CITY'S RESPONSE TO FIRST REQUEST
FOR PRODUCTION FROM THE THOMSON
DEFENDANTS
3238658v1/012325

12

C-13-05261 SC
MDL No. 1917

# Exhibit 25

1   Jason C. Murray (CA Bar No. 169806)
    Robert B. McNary (CA Bar No. 253745)
2   CROWELL & MORING LLP
    515 South Flower St., 40th Floor
3   Los Angeles, CA 90071
    Telephone:  213-443-5582
4   Facsimile:   213-622-2690
    Email: jmurray@crowell.com
5          rmcnary@crowell.com

6   Jerome A. Murphy (*pro hac vice*)
    Astor H.L. Heaven (*pro hac vice*)
7   CROWELL & MORING LLP
    1001 Pennsylvania Avenue, N.W.
8   Washington, D.C. 20004
    Telephone:  202-624-2500
9   Facsimile:   202-628-5116
    Email: jmurphy@crowell.com
10         aheaven@crowell.com

11  *Counsel for Plaintiff Target Corp.*

12                    **UNITED STATES DISTRICT COURT**

13        **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

14

15  IN RE CATHODE RAY TUBE (CRT)          Master File No. 3:07-cv-05944-SC
16  ANTITRUST LITIGATION
                                          MDL No. 1917
17  This Document Relates To:
                                          Individual Case No. 13-cv-05686
18  *Target Corp., et al. v. Technicolor SA, et*
    *al.*, Case No. 13-cv-05686          **PLAINTIFF TARGET CORP.'S**
19                                        **RESPONSES AND OBJECTIONS TO**
                                          **DEFENDANTS THOMSON SA AND**
20                                        **THOMSON CONSUMER ELECTRONICS,**
                                          **INC.'S FIRST SET OF REQUESTS FOR**
21                                        **PRODUCTION OF DOCUMENTS**

22

23  PROPOUNDING PARTY:    Defendants Thomson SA and Thomson Consumer Electronics, Inc.

24  RESPONDING PARTY:     Plaintiff Target Corp.

25  SET NO.:              ONE

26         Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Target

27  Corp. ("Target") hereby objects to the First Requests for Production of Documents to Target,

28  ("Requests") served by counsel for Defendants Thomson SA and Thomson Consumer

CROWELL
& MORING LLP
ATTORNEYS AT LAW                    -1-      TARGET CORP.'S RESPONSES AND OBJECTIONS TO
                                             THOMSON SA AND THOMSON CONSUMER
                                             ELECTRONICS, INC.'S FIRST SET OF RFPS

1    produced, subject to and without waiver of Target's objections.  Discovery is ongoing, and Target

2    reserves the right to supplement or modify its response.

3    **REQUEST FOR PRODUCTION NO. 3:**

4         All DOCUMENTS related to when YOU investigated, or attempted to investigate, the

5    existence of the alleged antitrust conspiracy that is the subject of YOUR COMPLAINT.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

7         Target refers to and incorporates its General Objections as though set forth fully herein.

8    Target further objects to this Request to the extent that it is duplicative of other requests served by

9    other defendants in this case.  Target also objects to this Request on the ground that the terms

10   "related to," "investigated," and "attempted to investigate" are vague and ambiguous.  Target also

11   objects to this Request on the ground that it seeks documents that are not relevant to the claims or

12   defenses of any party, and is not reasonably calculated to lead to the discovery of admissible

13   evidence.  Target further objects to the extent that the Request seeks information protected by the

14   attorney-client privilege or work-product doctrine.

15   **REQUEST FOR PRODUCTION NO. 4:**

16        All DOCUMENTS related to when YOU learned of the existence of the alleged antitrust

17   conspiracy that is the subject of YOUR COMPLAINT.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

19        Target refers to and incorporates its General Objections as though set forth fully herein.

20   Target further objects to this Request to the extent that it is duplicative of other requests served by

21   other defendants in this case.  Target also objects to this Request on the ground that the terms

22   "related to" and "learned" are vague and ambiguous.  Target further objects to the extent that the

23   Request seeks information protected by the attorney-client privilege or work-product doctrine.

24        Subject to and without waiving any of the foregoing objections, Target has produced

25   responsive information at Bates Numbers TARG_CRT00000001 - TARG_CRT00031479.

26   Target did not exclude documents relating to Thomson from its production.  So all non-privileged

27   documents located by reasonable search, and responsive to outstanding requests have been

28   produced, subject to and without waiver of Target's objections.  Discovery is ongoing, and Target

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF RFPS

DCACTIVE-28179781.2

1   reserves the right to supplement or modify its response.

2   **REQUEST FOR PRODUCTION NO. 5:**

3        All DOCUMENTS related to estimates of the production capacity, output, and/or prices

4   charged by the DEFENDANTS for CRTs and/or CRT Products during the Relevant Period.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

6        Target refers to and incorporates its General Objections as though set forth fully herein.

7   Target further objects to this Request to the extent that it is duplicative of other requests served by

8   other defendants in this case.  Target also objects to this Request on the ground that the terms

9   "estimates," "production capacity," and "output" are vague and ambiguous.  Target further

10  objects to the extent that the Request seeks information protected by the attorney-client privilege

11  or work-product doctrine.  Target further objects to the Request to the extent it seeks documents

12  in the possession of or equally available to the defendants.

13       Subject to and without waiving any of the foregoing objections, Target has produced

14  responsive information at Bates Numbers TARG_CRT00000001 - TARG_CRT00031479.

15  Target did not exclude documents relating to Thomson from its production.  So all non-privileged

16  documents located by reasonable search, and responsive to outstanding requests have been

17  produced, subject to and without waiver of Target's objections.  Discovery is ongoing, and Target

18  reserves the right to supplement or modify its response.

19  **REQUEST FOR PRODUCTION NO. 6:**

20       All DOCUMENTS reflecting transaction level data YOU maintained in the ordinary

21  course of business regarding YOUR purchase of CRTs and CRT Products from each Thomson

22  Defendant during the Relevant Period. Please include information regarding the Thomson

23  Defendant from which you purchased the product, the date YOU purchased the product from the

24  Thomson Defendant, the entity that paid for the product, the model number/product code of the

25  product purchased, the quantity of the product purchased, the price YOU paid the Thomson

26  Defendant for the product, any rebates, discounts, credits, and/or price adjustments YOU received

27  in connection with each transaction, the entity to whom the product was initially shipped by the

28  Thomson Defendant, and the location at which the product was initially physically received by

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF RFPS

DCACTIVE-28179781.2

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

2       Target refers to and incorporates its General Objections as though set forth fully herein.

3   Target further objects to this Request to the extent that it is duplicative of other requests served by

4   other defendants in this case.  Target also objects to this Request on the ground that the terms

5   "relate to" and "output" are vague and ambiguous.  Target further objects to the extent that the

6   Request seeks information protected by the attorney-client privilege or work-product doctrine.

7   Target further objects to the Request to the extent it seeks documents in the possession of or

8   equally available to the defendants.

9       Subject to and without waiving any of the foregoing objections, Target refers Defendants

10   to its responses to Thomson Defendants' First Set of Interrogatories to Target.

11   **REQUEST FOR PRODUCTION NO. 11:**

12       All DOCUMENTS referred to in or relied upon to prepare YOUR responses to the

13   Thomson Defendants' First Set of Interrogatories to YOU.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

15       Target refers to and incorporates its General Objections as though set forth fully herein.

16   Target further objects to this Request to the extent that it is duplicative of other requests served by

17   other defendants in this case.  Target also objects to this Request on the ground that the terms

18   "referred to" and "relied upon" are vague and ambiguous.  Target further objects to the extent that

19   the Request seeks information protected by the attorney-client privilege or work-product doctrine.

20       Subject to and without waiving any of the foregoing objections, Target refers Defendants

21   to its responses to Thomson Defendants First Set of Interrogatories to Target.

22

23   DATED July 10, 2014        By:    _/s/ Astor H.L. Heaven_

24                   Jason C. Murray (CA Bar No. 169806)
25                   Robert B. McNary (CA Bar No. 253745)
                CROWELL & MORING LLP
26                   515 South Flower St., 40th Floor
                Los Angeles, CA  90071
27                   Telephone:  213-443-5582
                Facsimile:  213-622-2690
28                   Email: jmurray@crowell.com

CROWELL & MORING LLP
ATTORNEYS AT LAW

-11-        TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF RFPS

DCACTIVE-28179781.2

1

rmcnary@crowell.com

2

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)

3

CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.

4

Washington, D.C. 20004
Telephone:  202-624-2500

5

Facsimile:  202-628-5116
Email: jmurphy@crowell.com

6

aheaven@crowell.com

7

*Counsel for Target Corp.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-12-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA AND THOMSON CONSUMER
ELECTRONICS, INC.'S FIRST SET OF RFPS

DCACTIVE-28179781.2

# Exhibit 26

1   Robert W. Turken
    Scott N. Wagner
2   Mitchell E. Widom
3   BILZIN SUMBERG BAENA PRICE &
    AXELROD LLP
4   1450 Brickell Avenue, Suite 2300
    Miami, Florida 33131-3456
5   Telephone:  305-374-7580
    Facsimile:  305-374-7593
6   E-mail:  rturken@bilzin.com; swagner@bilzin.com;
7   mwidom@bilzin.com.

8
    Stuart H. Singer
9   BOIES, SCHILLER, & FLEXNER LLP
10  401 East Las Olas Boulevard, Suite 1200
    Fort Lauderdale, Florida 33301
11  Telephone: (954) 356-0011
    Facsimile: (954) 356-0022
12  E-mail:  ssinger@bsfllp.com

13  *Counsel for Plaintiffs Tech Data Corporation*
    *and Tech Data Product Management, Inc.*

14

15              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
16                  **(SAN FRANCISCO DIVISION)**

17  In re: CATHODE RAY TUBE (CRT)          CASE No. 13-CV-00157-SC
    ANTITRUST LITIGATION
18                                          Master File No. 07-5944 SC (N.D. Cal.)

19  _____        MDL No. 1917
    This Document Relates to Individual Case
20  No. 13-CV-00157-SC

21  TECH DATA CORPORATION; TECH            **TECH DATA CORPORATION AND TECH**
    DATA PRODUCT MANAGEMENT,               **DATA PRODUCT MANAGEMENT, INC.'S**
22  INC.,                                  **RESPONSES AND OBJECTIONS TO**
                                           **THOMSON SA AND THOMSON**
23              Plaintiffs,                **CONSUMER ELECTRONICS, INC.'S FIRST**
24         vs.                             **SET OF REQUESTS FOR PRODUCTION OF**
                                           **DOCUMENTS**
25  AU OPTRONICS CORPORATION; *et al.*

26              Defendants.

27

28

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc. ("Tech Data") respond to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s (collectively, "Defendants") First Set of Requests for Production of Documents dated June 5, 2014 (the "Requests"), as follows:

**GENERAL OBJECTIONS**

The following general objections ("General Objections") are incorporated in Tech Data's responses ("Responses") to each and every request for production contained in the Requests for Production. No Response to any request for production shall be deemed a waiver of Tech Data's General Objections.

1.    Tech Data objects to the Requests for Production to the extent that they seek to impose obligations on Tech Data beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2.    Tech Data objects to the Requests for Production to the extent that they seek or call for the production of documents or information that is already in the possession, custody, or control of Defendants.

3.    Tech Data objects to the Requests for Production to the extent that they seek or call for the production of documents or information that can equally or more readily be obtained by Defendants from public sources.

4.    Tech Data objects to the Requests for Production to the extent that they seek or call for the production of documents or information that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

5.    Tech Data objects to the Requests for Production to the extent that they seek or call for the production of documents or information not in Tech Data's possession, custody, or control.

6.    Tech Data objects to the Requests for Production to the extent that they seek or call for the production of documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law. Any information disclosed pursuant to the

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

1    Subject to and without waiving its General Objections and the foregoing objections, Tech

2    Data states that documents responsive to this Request, if any, would have been produced to

3    Defendants in response to prior requests for production (as modified by agreement of the parties)

4    served by Defendants in this action.

5    **REQUEST NO. 3:**

6    All DOCUMENTS related to when YOU investigated, or attempted to investigate, the

7    existence of the alleged antitrust conspiracy that is the subject of YOUR COMPLAINT.

8    **RESPONSE TO REQUEST NO. 3:**

9    Tech Data refers to and incorporates its General Objections as if set forth fully herein.

10   Tech Data further objects to this Request on the grounds that it is overly broad, unduly

11   burdensome, and oppressive.  Tech Data further objects to this Request because it is duplicative

12   of other discovery requests, in whole or in part, made by other defendants in this matter, in

13   violation of the integration order included in section XV, subsections D and E of the Court's

14   "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.

15   Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust

16   Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No.

17   1128.  Tech Data further objects to the extent that this request calls for information that is

18   covered by attorney-client privilege or the work product protection.  Tech Data further objects

19   to this Request to the extent that it calls for the production of documents or information not

20   relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the

21   discovery of admissible evidence.

22   **REQUEST NO. 4:**

23   All DOCUMENTS related to when YOU learned of the existence of the alleged antitrust

24   conspiracy that is the subject of YOUR COMPLAINT.

25   **RESPONSE TO REQUEST NO. 4:**

26   Tech Data refers to and incorporates its General Objections as if set forth fully herein.

27   Tech Data further objects to this Request on the grounds that it is overly broad, unduly

28   burdensome, and oppressive.  Tech Data further objects to this Request because it is duplicative

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

1   of other discovery requests, in whole or in part, made by other defendants in this matter, in

2   violation of the integration order included in section XV, subsections D and E of the Court's

3   "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.

4   Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust

5   Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No.

6   1128.  Tech Data further objects to the extent that this request calls for information that is

7   covered by attorney-client privilege or the work product protection.  Tech Data further objects to

8   this Request to the extent that it calls for the production of documents or information not

9   relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the

10  discovery of admissible evidence.

11  **REQUEST NO. 5:**

12         All DOCUMENTS related to estimates of the production capacity, output, and/or prices

13  charged by the DEFENDANTS for CRTs and/or CRT Products during the Relevant Period.

14  **RESPONSE TO REQUEST NO. 5:**

15         Tech Data refers to and incorporates its General Objections as if set forth fully herein.

16  Tech Data further objects to this Request on the grounds that it is overly broad, unduly

17  burdensome, and oppressive.  Tech Data further objects to this Request because it is duplicative

18  of other discovery requests, in whole or in part, made by other defendants in this matter, in

19  violation of the integration order included in section XV, subsections D and E of the Court's

20  "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.

21  Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust

22  Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No.

23  1128.  Tech Data further objects to this Request to the extent that it calls for the production of

24  documents or information equally available to Defendants.  Tech Data further objects to this

25  Request to the extent that it calls for the production of documents or information not relevant,

26  material or necessary to this action and, thus, not reasonably calculated to lead to the discovery

27  of admissible evidence.

28

1   case on an incomplete record and review and analyze all information obtained in discovery thus

2   far at this stage of this litigation, many months before the agreed-upon fact discovery deadline.

3   Tech Data also objects to this Request to the extent that it calls for the production of documents

4   or information not relevant, material or necessary to this action and, thus, not reasonably

5   calculated to lead to the discovery of admissible evidence.

6        Subject to and without waiving its General Objections and the foregoing objections, Tech

7   Data states that it will comply with its obligations under the Federal Rules of Civil Procedure.

8

9   Dated: July 10, 2014       By:         /s/Scott N. Wagner

ROBERT W. TURKEN

10  SCOTT N. WAGNER

MITCHELL E. WIDOM

11  BILZIN SUMBERG BAENA PRICE &

AXELROD LLP

12  1450 Brickell Ave., Suite 2300

Miami, Florida 33131-3456

13  Telephone:  (305) 374-7580

Facsimile:  (305) 374-7593

14  E-mail:       rturken@bilzin.com

15             swagner@bilzin.com

           mwidom@bilzin.com

16

17  STUART H. SINGER

BOIES, SCHILLER, & FLEXNER LLP

18  401 East Las Olas Boulevard, Suite 1200

Fort Lauderdale, Florida 33301

19  Telephone: (954) 356-0011

Facsimile: (954) 356-0022

20  E-mail:       ssinger@bsfllp.com

21

22

23

24

25

26

27

28

TECH DATA'S REPONSES AND OBJECTIONS     -11-     MASTER FILE NO. 07-5944 SC (N.D. CAL.)
TO THOMSON'S FIRST SET OF REQUESTS          INDIVIDUAL CASE NO. 13-CV-00157 SC
FOR PRODUCTION

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

WILLIAM A. ISAACSON
MELISSA WILLETT
BOIES, SCHILLER & FLEXNER
5301 Wisconsin Ave. NW, Suite 800
Washington, DC 20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
E-mail:        wisaacson@bsfllp.com
                   mwillett@bsfllp.com

PHILIP J. IOVIENO
BOIES, SCHILLER & FLEXNER
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
E-mail:        piovieno@bsfllp.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

**Pages 311 – 341 Filed Under Seal**