# Exhibit 3

FaegreBD.com

# FAEGRE BAKER
# DANIELS

USA ⯈ UK ⯈ CHINA

**Kathy L. Osborn**
*Partner*
kathy.osborn@FaegreBD.com
Direct +1 317 237 8261

**Faegre Baker Daniels LLP**
2200 Wells Fargo Center ⯈ 90 South Seventh Street
Minneapolis ⯈ Minnesota 55402-3901
Phone +1 612 766 7000
Fax +1 612 766 1600

September 19, 2014

**VIA E-MAIL (JAY.WEIL@FEDARB.COM)**

Hon. Vaughn R. Walker
c/o Mr. Jay Weil
Federal Arbitration, Inc.
288 Hamilton Avenue, 3rd Floor
Palo Alto, California  94301

Re:   *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Master Case No. 3:07-cv-
05944-SC — Motion to Compel Interrogatory Responses and Document Production

Dear Judge Walker:

Thomson SA and Thomson Consumer Electronics, Inc. ("Thomson Consumer" and, collectively with Thomson SA, "Thomson Defendants") hereby move to compel the Direct Action Plaintiffs ("DAPs")[1] to respond fully to discovery requests concerning their intent to exclude themselves from the Direct Purchaser Plaintiff ("DPP") class.  The Thomson Defendants certify that they have conferred with counsel for the DAPs in an effort to obtain the information sought, and have resolved certain issues, but find themselves at an impasse requiring intervention from the Court.[2]

---

[1] This motion is directed at the following DAPs: ABC Appliance, Inc., Electrograph Systems, Inc. and Electrograph Technologies Corp., Interbond Corporation of America, MARTA Cooperative of America, Inc., Office Depot, Inc., P.C. Richard & Son Long Island Corporation, Schultze Agency Services, LLC ("Tweeter"), Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C., Magnolia Hi-Fi, Inc., Costco Wholesale Corporation, Sears, Roebuck, and Co., Kmart Corp., Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc., Alfred H. Siegel, as trustee of the Circuit City Stores, Inc., Target Corporation, Tech Data Corporation and Tech Data Product Management, Inc.

[2] *See* September 19, 2014 Declaration of S. Judge ("Judge Decl.") ¶ 3, Exs. 1–3.  So they could continue to attempt to resolve this dispute without Court involvement, the Thomson Defendants and DAPs agreed to a one-week extension for the Thomson Defendants to move to compel on this issue.  (*See* Dkt. No. 2844.)  Accordingly, the Thomson Defendants did not raise this issue in their September 12, 2014 Motion to Compel.

Hon. Vaughn R. Walker                    -2-                    September 19, 2014

## BACKGROUND

When the DAPs belatedly sued the Thomson Defendants in this action, the Thomson Defendants moved to dismiss the DAPs' claims on several grounds, including statutes of limitations and laches. After briefing was complete on these motions, the DAPs filed a letter with the Court claiming that they had recently learned of the existence of a November 2011 tolling agreement between the Thomson Defendants and the DPP class. (*See* March 11, 2014, Letter [Dkt. No. 2431].) They asserted that the Thomson Defendants' agreement with DPPs tolled the statute of limitations on DAPs' claims until they filed their respective actions against the Thomson Defendants, and that their claims were therefore timely. (*Id.*)

The Court denied the Thomson Defendants' motions to dismiss with regard to the DAPs federal and New York State antitrust claims, ruling that, at the motion to dismiss stage, the DAPs' claims were timely and that a more developed factual record was necessary to resolve the Thomson Defendants' laches defense. The Court expressly stated, however, that "it is difficult not to find some delay" and the Thomson Defendants could re-assert their laches arguments after discovery "on a more developed record." ([Dkt. No. 2440 at 30].) The Court did not reach the issue of whether the tolling agreement with the DPPs had any effect on the timeliness of the DAPs' claims or the Thomson Defendants' laches defense, but in a separate order denying supplemental briefing the Court ruled that "[i]f the issue arises again in the future, the parties may fully brief it at that time." (*See* March 13, 2014 Order re: Direct Action Plaintiffs' Letter on Supplemental Briefing [Dkt. No. 2444].)

Because DAPs have taken the position that they may benefit from the tolling agreement, the Thomson Defendants sought the following discovery related to DAPs' participation in the DPP class:

**Interrogatory No. 1:** If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:
a) The dates on which You contend tolling began and ended;
b) Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and
c) Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**Request For Production No. 2:** All Documents which reflect communications between You and the Direct Purchaser Plaintiffs, any class action administrator, any Defendant or Conspirator in this litigation, or any other Person regarding your intention to exclude Yourself from any putative or certified Direct Purchaser Plaintiff Class, including copies of any opt-out or exclusion notices sent by You in this litigation.

Hon. Vaughn R. Walker                    -3-                    September 19, 2014

(*See* Judge Decl. Exs. 4, 5.)

DAPs have refused, in varying degrees, to provide full responses to these requests as follows:

*Summary of Interrogatory No. 1 answers:*

- Circuit City refused to answer this Interrogatory as follows: "Circuit City Trust objects to this interrogatory as ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and illogical. The Court has already denied Thomson's motion to dismiss Circuit City Trust's complaint on the grounds, inter alia, of statute of limitations (ECF. No. 2440)." (Judge Decl. Ex. 17.)

- Tech Data, Costco, Sharp, Sears and Kmart all included a narrative response reiterating their argument that the DPP tolling agreement tolled all limitations periods from November 4, 2011, but provided no factual details regarding communications regarding their intent to opt out of the DPP class. (Judge Decl. Exs. 14-16, 19.)

- The remaining DAPs refused to provide any additional information beyond that set forth in their response to the Thomson Defendants' motion to dismiss: "Plaintiff refers Defendant to Plaintiff's contentions set forth in its response to Defendant's motion to dismiss and to the Court's Order denying Defendant's motions as to the Sherman Act claims." (Judge Decl. Exs. 6-13, 18.)

*Summary of Request For Production No. 2 responses:*

- DAPs' initial responses varied somewhat, and some DAPs refused to produce *any* communications regarding opt-out or exclusion from the DPP class. (*See* Judge Decl. Exs. 20-27.) With the exception of Tech Data, however, DAPs have now agreed to provide the formal notices of exclusion that were sent to DPP interim counsel and the class administrator for the various settlement classes. Counsel for Tech Data has expressed his belief that Tech Data will produce its notices, but was not able to definitively commit before the deadline for this motion. The Thomson Defendants thus do not believe that further action from the Court will be necessary with regard to the formal opt-out notices, but include them in this Motion as a means of preserving their right to compel those documents should it become necessary. (Judge Decl. ¶ 4).

- DAPs have also unanimously objected to producing any "documents reflecting communications with DPPs concerning an intent to opt out of the DPP class in this litigation" on the grounds that such communications are not relevant to the Thomson Defendants' laches defenses and that any communications would also be protected by the attorney-client or common interest privilege and/or are attorney work product. (Judge Decl. Exs. 20-27.) On September 17, 2014 DAPs informed the Thomson Defendants that they were all maintaining these objections and would refuse to produce such communications if they exist. (Judge Decl. Ex. 3.)

Hon. Vaughn R. Walker          -4-          September 19, 2014

- No DAP has produced a privilege log identifying the purportedly privileged communications. (Judge Decl. ¶ 5).

## LEGAL STANDARDS

The Federal Rules of Civil procedure authorize broad discovery "regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Under the "liberal discovery principles" codified in the Federal Rules, a party opposing discovery "carr[ies] a heavy burden of showing why discovery was denied." *Blankenship v. Hearst Corp*, 519 F.2d 418, 429 (9th Cir. 1975). The party seeking to compel discovery need only show that its request complies with the broad relevancy requirements of Rule 26(b)(1) to put the opposing party to its heavy burden. *Colavo v. ASIC Advantage Simplified Pension Plan*, ___ F.R.D. ___, 2014 WL 3592806, at *2 (N.D. Cal. 2014).

## ARGUMENT

### A.    DAPs' Intent to Opt-Out of the DPP Class Is Relevant to the Thomson Defendants' Laches and Statute of Limitations Defenses.

DAPs' first objection is that communications with the DPPs regarding DAPs' intent to opt-out of the class are not relevant to the Thomson Defendants' defenses. DAPs themselves, however, have made these communications relevant by arguing that they "remained in the direct purchaser class" with respect to their claims against the Thomson defendants" and that they are entitled to rely on the tolling agreement to rebut the Thomson Defendants' statute of limitations defense. (*See* March 11, 2014 Letter [Dkt. No. 2431].) Moreover, the applicability of the tolling agreement is also plainly relevant to the Thomson Defendants' laches defense, which requires proof of *unreasonable* delay.

There is little or no law on the precise issue of the ability of a putative class member who opts out of a class to rely on a tolling agreement between a defendant and representatives of the putative class. But the principles of waiver apply in this context just as they do with any other contract, and thus evidence of DAPs' intent to exclude themselves from the DPP class in its entirety is relevant to Thomson Defendants' defenses. *See Owens v. Cnty. of Los Angeles*, 220 Cal. App. 4th 107, 118, 162 Cal. Rptr. 3d 769, 777 (2013) ("Waiver is the intentional relinquishment of a known right."); *In re Marriage of Turkanis & Price*, 213 Cal. App. 4th 332, 352, 152 Cal. Rptr. 3d 498, 515 (2013) ("Whether a waiver has occurred depends solely on the intention of the waiving party." (quoting *Velasquez v. Truck Ins. Exchange* (1991) 1 Cal.App.4th 712, 722, 5 Cal.Rptr.2d 1.)) If a particular DAP communicated to counsel for the DPP class that it wished to opt-out of the DPP class in its entirety that DAP may not rely on a tolling agreement that only applies to members of the DPP class. The Thomson Defendants are entitled to discover facts regarding DAPs' intent to exclude themselves from the DPP class to test the basis for DAPs' assertions that they may benefit from the tolling agreement.

### B.    DAPs Have Put At Issue Their Intent to Exclude Themselves from the DPP Class.

The DAPs put at issue the information the Thomson Defendants seek when DAPs asserted that they could benefit from the DPP tolling agreement. The Thomson Defendants served the discovery

requests above in order to obtain information that will allow them to test the basis for DAPs' assertion and identify the period during which any tolling might apply. Thus, even if communications regarding DAPs' intent to exclude themselves from the DPP class are privileged, and no DAP has identified any such communication on a privilege log, DAPs impliedly waived the privilege by placing such communications at issue.

A party may impliedly waive the attorney-client privilege by putting otherwise privileged communications at issue when "(1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense." *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995).

All of these elements are satisfied here. First, in their March 11, 2014 letter, the DAPs affirmatively claimed that they are entitled to rely on the DPP tolling agreement. Second, as discussed above, this assertion has made the facts relating to their intent to exclude themselves from the DPP class with respect to the Thomson Defendants a central element of that claim, and thus put the purportedly privileged communications at issue. Third, without the discovery sought, the Thomson Defendants have no way of obtaining the facts needed to test the factual accuracy of the DAPs' assertions that they "remained in the direct purchaser class against Thomson." *Cf. Bittaker v. Woodford*, 331 F.3d 715, 720-21 (9th Cir. 2003) (en banc)) ("If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it.").

The formal opt-out notices that DAPs have agreed to provide are not sufficient for two reasons. First, the formal opt-out period of any DPP settlement class ran from June 7, 2012 until July 23, 2012. (*See* Decl. of M. Sherwood [Dkt. No. 1323-2] at 3.)

(*See* Judge Decl. Exs. 28, 29.) The Thomson Defendants have a right to know whether DAPs communicated their intention to opt-out of the class to the DPPs before the DAPs filed their formal opt-out notices. Second, because the DPP class has only been certified as a settlement class on a defendant-by-defendant basis, DAPs' formal opt-out requests did not need to convey their desire to opt-out of the class as a whole. (*See id.*) It is thus crucial for the Thomson Defendants to understand whether, when, and how DAPs communicated their intent to opt-out of the entire class.

## C.    The Thomson Defendants' Substantial Need for the Materials Sought and Their Inability to Obtain Equivalent Information by Other Means Overrides DAPs' Work-Product Assertion.

Just as DAPs cannot refuse to disclose relevant information and documents on the basis of the attorney-client privilege, they cannot rely upon the work-product doctrine to deny the Thomson Defendants the ability to test the DAPs' reliance on the tolling agreement. The work-product doctrine prevents a party from relying on its litigation opponents to make out its case for it by shielding from discovery, on a qualified basis, "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). The

Hon. Vaughn R. Walker                        -6-                        September 19, 2014

privilege is qualified because Rule 26 explicitly authorizes disclosure of work product when "a party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.* at 26(b)(3)(A)(ii).

The discovery sought by the Thomson Defendants easily satisfies these standards. So they may test whether DAPs can benefit from the DPP tolling agreement, the Thomson Defendants have a substantial need to discover facts concerning when the DAPs expressed an intent to opt-out of the DPP class. This information is not available from any other source – it may only be discovered from the DAPs themselves. By discovering this information, the Thomson Defendants are neither trying to avoid expenses they should rightfully incur, nor are they trying to piggyback on the work of DAPs' counsel. Rather, the Thomson Defendants simply seek essential facts required to make out their defenses that cannot be obtained from any other source.

## CONCLUSION

The Thomson Defendants are entitled to discover information and documents regarding DAPs' participation in the DPP class. The objections DAPs have asserted are meritless. First, the information sought is not only relevant, but central to the DAPs' assertions that they are entitled to rely on the DPP tolling agreement to defeat the Thomson Defendants' laches and statute of limitations defenses. Second, by making this assertion the DAPs have put at issue the allegedly privileged communications. Third, any work-product claim is overcome by the Thomson Defendants' substantial need for the information and their inability to obtain equivalent information from another source.

The DAPs are not required to assert that they may benefit from the DPP tolling agreement, but if they continue to advance this argument they cannot justly refuse to disclose the information the Thomson Defendants need to test this assertion. The Court should order the DAPs to provide complete responses to Interrogatory No. 1 and Request for Production No. 2.

Respectfully submitted,

/s/ Kathy L. Osborn

Kathy L. Osborn