# **Exhibit 4**

Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

***Attorneys for Defendants Thomson Consumer, Inc. and Thomson SA***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,

This Document Relates to:

*Electrograph Systems, Inc. et al. v. Technicolor SA, et al., No. 13-cv-05724;*

*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al., No. 13-cv-05261;*

*Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264;*

*Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727;*

*Office Depot, Inc. v. Technicolor SA, et al., No. 13-cv-05726;*

No. 07-cv-5944-SC
MDL No. 1917

**DECLARATION OF STEPHEN M. JUDGE IN SUPPORT OF THOMSON DEFENDANTS' SEPT. 19, 2014 MOTION TO COMPEL**

Judge: Hon. Samuel Conti

Special Master: Hon. Vaughn R. Walker

*Costco Wholesale Corporation v. Technicolor SA, et al., No. 13-cv-05723;*

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al., No. 31:cv-05725;*

*Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al., No. 13-cv-05668;*

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, No. 3:13-cv-05262;*

*Target Corp. v. Technicolor SA, et al., No. 13-cv-05686*

*Tech Data Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-00157*

*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al., No. 13-cv-01173*

*ViewSonic Corporation v. Chunghwa Corp., et al., No. 14-cv-02510*

I, Stephen M. Judge, hereby declare as follows:

1. I am an attorney with the law firm of Faegre Baker Daniels, LLP and one of the attorneys representing Thomson Consumer Electronics, Inc. and Thomson SA (collectively, the "Thomson Defendants") in this litigation. I submit this Declaration in support of the Thomson Defendants' September 19, 2014 Motion to Compel ("Motion").

2. In my capacity as counsel for the Thomson Defendants, I have personal knowledge of the discovery requests, discovery responses, and efforts to obtain discovery at issue in the Motion. I have personal knowledge of the facts set forth in this Declaration and could and would competently testify to those facts if called as a witness.

3. I certify that the Thomson Defendants met and conferred with DAPs in an effort to resolve the discovery dispute that is the subject of the Motion. These efforts were partially successful, but the parties reached an impasse on the issues set forth in the Motion and now require intervention from the Court. Attached hereto as Exhibit 1 is a true and correct copy of a September 9, 2014 letter from my firm to counsel for DAPs outlining the deficiencies contained in the DAPs' responses to the discovery requests at issue in this Motion. Attached as Exhibit 2 is a true and correct copy of a September 11, 2014 letter summarizing the discussion between the Thomson Defendants and DAPs during our meet and confer to try to resolve, *inter alia*, the disputes at issue in the Motion. Attached as Exhibit 3 is a true and correct copy of a September 17, 2014 letter from counsel for Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc., on behalf of all DAPs, stating DAPs' position with regard to this dispute.

4. As a result of meet and confer efforts, the parties were able to partially resolve this dispute. With the exception of Tech Data, DAPs have now agreed to provide the formal notices of exclusion that it sent to Direct Purchaser Plaintiff interim counsel and the class administrator for the various settlement classes to date. Counsel for Tech Data has expressed his belief that Tech Data will produce its notices, but was not able to obtain the client approval needed to definitively agree to do so before the deadline for this

Motion. Thus, the Thomson Defendants do not believe that further action from the Court will be necessary to secure production of the formal opt-out notices, but include them in this Motion as a means of preserving their right to compel production of those documents should it become necessary.

5. No DAP has produced a privilege log identifying any purportedly privileged communications regarding the subject of this Motion.

6. In light of the complexity of the case and the number of parties from whom the Thomson Defendants seek to compel information and documents, in most instances I have attached excerpts of the relevant discovery materials in an effort to focus on the primary disputes between the parties and avoid inundating the Court with unnecessary material. The Thomson Defendants will, upon request, provide full copies of any exhibit attached hereto or otherwise required by the Court.

7. Attached hereto as Exhibit 4 is a true and correct copy of Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Interrogatories to Electrograph Systems, Inc. and Electrograph Technologies Corp. All DAPs that are the subject of this Motion received a substantively identical set of interrogatories.

8. Attached hereto as Exhibit 5 is a true and correct copy of Thomson SA and Thomson Consumer Electronics Inc.'s Second Set of Requests for Production of Documents to Electrograph Systems, Inc. and Electrograph Technologies Corp. All DAPs received substantively the same set of requests for production.

9. Attached hereto as Exhibits 6–19 are true and correct copies of the relevant excerpts of the following DAPs' answers and objections to the Thomson Defendants' Second Set of Interrogatories:

a. Exhibit 6: ABC Appliance, Inc.'s Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Interrogatories.

b. Exhibit 7: Electrograph Systems Inc. and Electrograph Technologies Corp.'s Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Interrogatories.

c.   Exhibit 8: Interbond Corporation of America's Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Interrogatories.

d.   Exhibit 9: MARTA Cooperative of America, Inc.'s Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Interrogatories.

e.   Exhibit 10: Office Depot, Inc.'s Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Interrogatories.

f.   Exhibit 11: P.C. Richard & Son Long Island Corporation's Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Interrogatories.

g.   Exhibit 12: Schultze Agency Services, LLC's ("Tweeter") Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Interrogatories.

h.   Exhibit 13: Best Buy Co., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.com, L.L.C., and Magnolia Hi-Fi, Inc.'s ("Best Buy's") Objections and Responses to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Interrogatories.

i.   Exhibit 14: Costco Wholesale Corporation's Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories.

j.   Exhibit 15: Sears, Roebuck and Co. & Kmart Corp.'s Objections and Responses to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Interrogatories.

k.   Exhibit 16: Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Interrogatories.

l. Exhibit 17: Responses and Objections of Alfred H. Siegel, as trustee of the Circuit City Stores, Inc. Liquidating Trust, to Second Set of Interrogatories of Thomson SA and Thomson Consumer Electronics, Inc.'s.

m. Exhibit 18: Target Corp.'s Responses and Objections to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Interrogatories.

n. Exhibit 19: Tech Data Corporation and Tech Data Product Management, Inc.'s Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Interrogatories.

10. Attached hereto as Exhibits 20–27 are true and correct copies of the relevant excerpts of the following DAPs responses and objections to the Thomson Defendants' Second Set of Requests for Production of Documents:

a. Exhibit 20: Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Interbond Corporation of America, P.C. Richard & Song Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., and Tweeter's Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Requests for Production of Documents.

b. Exhibit 21: Best Buy's Objections and Responses to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Requests for Production of Documents.

c. Exhibit 22: Costco Wholesale Corporation's Objections and Responses to Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Requests for Production of Documents.

d. Exhibit 23: Sears, Roebuck and Co. & Kmart Corp.'s Objections and Responses to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Requests for Production of Documents.

e. Exhibit 24: Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s Objections and Responses to

Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Requests for Production of Documents.

f. Exhibit 25: Responses and Objections of Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust, to First Request for Production of Documents from Thomson SA and Thomson Consumer Electronics, Inc.

g. Exhibit 26: Plaintiff Target Corp's Responses and Objections to Defendants Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Requests for Production of Documents.

h. Exhibit 27: Tech Data Corporation and Tech Data Product Management, Inc.'s Responses and Objections to Thomson SA and Thomson Consumer Electronics, Inc.'s Second Set of Requests for Production of Documents.

11. Attached hereto as Exhibits 28–29 are true and correct copies of certain formal opt-out requests produced to date by certain DAPs in response to Request No. 2 of the Thomson Defendants' Second Set of Requests for Production of Documents:

a. Exhibit 28: Request for Exclusion of the Best Buy plaintiffs from the CPT and Philips DPP settlement classes, produced on September 5, 2014.

b. Exhibit 29: Request of Alfred H. Siegel, as Circuit City Stores, Inc. Liquidating Trust, for Exclusion from DPP litigation class settlement with Philips Defendants, produced September 12, 2014.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of September, 2014 in South Bend, Indiana.

*/s/ Stephen M. Judge*

Stephen M. Judge

# Exhibit 1

FaegreBD.com

FAEGRE BAKER DANIELS

USA ▾ UK ▾ CHINA

**Kathy L. Osborn**
*Partner*
**kathy.osborn@FaegreBD.com**
Direct **+1 317 237 8261**

**Faegre Baker Daniels LLP**
300 North Meridian Street Suite 2700
Indianapolis Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

September 9, 2014

**VIA ELECTRONIC MAIL**

Mr. Astor Heaven
AHeaven@crowell.com

Ms. Laura Nelson
lenelson@RKMC.com

Mr. Nicholas Hesterberg
nhesterberg@perkinscoie.com

Mr. Kyle Smith
Ksmith@BSFLLP.com

Mr. Jonathan Ross
jross@susmangodrey.com

Ms. Jalaine Garcia
jgarcia@kennynachwalter.com

Mr. Blaise Warren
bwarren@paulweiss.com

Mr. Gene Polyak
gpolyak@bilzin.com

Re: *In re: CRT Antitrust Litigation*, 3:07-cv-5944-SC MDL No. 1917 (N.D. Cal.).

Dear Counsel:

I am writing to request a meeting to discuss deficiencies in the DAPs' responses to Thomson SA and Thomson Consumer Electronics, Inc.'s First Set of Requests for Admission, Second Set of Interrogatories and Second Set of Requests for Production of Documents. Since the deadline for filing motions to compel is the Friday, please provide me with times ***on or before Thursday, September 11, 2014*** when you are available to meet and confer. Additionally, because it is our understanding that the DAPs and the Thomson Defendants have reached an impasse as to several discovery issues discussed in

prior correspondence and meetings, I have, as a courtesy, included a brief summary of certain answers and productions the Thomson Defendants will be seeking to compel. If any DAPs would be willing to voluntarily provide the discovery sought, and thus avoid motion practice and court intervention, please let me know immediately.

**Discovery Regarding the DAPs Opting Out of the Direct Purchaser Plaintiff Class**

In this litigation, the Thomson Defendants assert defenses based upon laches and the statute of limitations. DAPs have taken the position that they may benefit from certain class action tolling agreements entered into between the Thomson Defendants and putative or certified classes, even though DAPs opted out of those classes. (*See* March 11, 2013 Letter [Dkt. No. 2431].) Since DAPs claim the benefit of certain tolling agreements, the Thomson Defendants are entitled to understand facts related to the alleged applicability of these tolling agreements to each DAP. This is exactly what Interrogatory No. 1 and RFP No. 2 seek. Despite having put this information at issue in this lawsuit each of the DAPs, to varying degrees, have refused to fully respond to Interrogatory No. 1 and RFP No. 2, by failing to:

- Produce all documents reflecting communications concerning the intent to opt out of a class action, including, without limitation, producing copies of relevant opt-out or exclusion notices and any other communications expressing the intention to opt out of a class;
- Identify the dates on which each DAP contends tolling began and ended;
- Describe the period during which each DAP participated as a member of an actual or putative class; and/or
- Provide descriptions of communications with counsel for the Class, Defendants, or alleged Conspirators regarding the intention to opt out.

This evidence is unquestionably relevant to the Thomson Defendants' defenses and must be produced.

**Confirmation that All DAPs Have Admitted All Requests for Admission**

The Thomson Defendants need to clarify an ambiguity in the RFA answers served by the parties represented by Boies, Schiller & Flexner LLP (Tech Data, Tweeter, Office Depot, Electrograph, Interbond, PC Richards, Marta, & ABC Appliance). These DAPs admit RFA No. 1, stating "Plaintiff admits this Request." These DAPs then answer RFA Nos. 2-4, as follows: "Plaintiff refers to and incorporates its response to Request for Admission No. 1, including its general and specific objections, as though set forth fully herein." Technically, these answers to RFA Nos. 2-4 might be interpreted as merely admitting RFA No. 1, without actually admitting RFA Nos. 2-4. Notwithstanding this possible interpretation, which would result in RFA Nos. 2-4 having not been answered as required by F.R.C.P. 36(a)(4), the Thomson Defendants understand these DAPs to have admitted to RFA Nos. 2-4. If this understanding is incorrect, please let me know immediately.

**The Thomson Defendants' Anticipated Motion to Compel**

As DAPs are well aware, the Thomson Defendants and DAPs have reached an impasse regarding several other issues discussed during our August 26, 2014 meet and confer. In addition to moving to compel complete responses and production to the discovery just described (if necessary), the Thomson Defendants intend to move to compel complete responses to the following:

- Full answers to Interrogatories Nos. 13 and 14 from the Thomson Defendants' First Set of Interrogatories, which concern evidence that the Thomson Defendants participated in a conspiracy regarding CDTs, as opposed to CPTs, and to which DAPs have improperly objected on the basis of their theory of the case;
- Full answers to Interrogatories Nos. 10-12 and 15-16 from the Thomson Defendants' First Set of Interrogatories, and full production pursuant to RFPs 3-4 from the Thomson Defendants' First Set of Requests for Production, which all concern evidence related to the Thomson Defendants' laches and statute of limitations defenses, and to which DAPs again improperly have objected on the basis of privilege and the work-product doctrine.

Should any DAP wish to voluntarily produce this information and avoid motion practice, please let me know by close of business, ***Wednesday, September 10, 2014***.

I look forward to discussing the issues outlined in this letter with you and hope that we can resolve at least some of the disputes without court intervention.

Sincerely,

Kathy L. Osborn

Kathy L. Osborn

# Exhibit 2

**Stephen M. Judge**
**steve.judge@faegrebd.com**
Direct **+1 574 239 1942**

**Faegre Baker Daniels LLP**
202 South Michigan Street ▾ Suite 1400
South Bend ▾ Indiana 46601-2020
Phone **+1 574 234 4149**
Fax **+1 574 239 1900**

September 11, 2014

**VIA ELECTRONIC MAIL**

Mr. Astor Heaven
AHeaven@crowell.com

Ms. Laura Nelson
lenelson@RKMC.com

Ms. Mica Simpson
MSimpson@perkinscoie.com

Mr. Jonathan Ross
jross@susmangodrey.com

Ms. Jalaine Garcia
jgarcia@kennynachwalter.com

Mr. David Ferster
dferster@paulweiss.com

Mr. Gene Polyak
gpolyak@bilzin.com

Ms. Anne Nardacci
anardacci@BSFLLP.com

Re: *In re: CRT Antitrust Litigation*, 3:07-cv-5944-SC MDL No. 1917 (N.D. Cal.).

Dear Counsel:

Thank you for taking the time to speak with us this afternoon regarding your objections and responses to the Thomson Defendants' discovery requests in this matter and for your agreement to extend our deadline to file a motion to compel with respect to the issue of opt-out communications if we cannot resolve our differences. I am writing to memorialize our discussion and agreement. While Ms. Nardacci was not present on the call with counsel for the other DAPs and conferred separately with us

regarding her clients, it is our understanding that she has also agreed to the same extension on behalf of her clients. Please let us know immediately if this is not correct.

During our call, we first discussed our first set of discovery requests and our prior efforts to meet and confer regarding your clients' objections to those requests. We confirmed that we remain at an impasse regarding those issues identified on page 3 of our September 9, 2014 letter.

We then discussed your clients' responses to our second set of discovery requests, in particular our requests for any documents reflecting communications concerning the DAPs' intent to opt out of the DPP class in this litigation. Ms. Nelson informed us that the Best Buy plaintiffs had, in fact, produced their formal opt-out notices, which we have now confirmed. Ms. Simpson and Ms. Garcia represented that Costco and Sears/Kmart would produce their formal opt-out notices by next week. All other counsel represented that they were awaiting client approval and would by Friday, September 12, 2014 either agree to produce their formal opt-out notices or, if a final answer is not yet possible at that time, agree to a one-week extension of the motion to compel deadline for this particular issue. After the call, Mr. Ross informed me that Circuit City had approved production of the formal opt-out notices and that he expected to provide them tomorrow.

Finally, we discussed DAPs' willingness to produce communications regarding the DAPs' intent to opt out of the DPP class in this case. We explained that such communications are relevant to the DAPs' argument that they are entitled to rely on the November 2011 tolling agreement between the Thomson Defendants and the DPPs and that we believe we are entitled to these communications because the DAPs have placed the details of their membership in the class at issue in this litigation. We also offered to delay resolution of this issue if the DAPs needed additional time to consider their response, in exchange for an extension of our deadline to file a motion to compel with respect to this particular issue. In a subsequent communication, Mr. Ross (on behalf of all DAPs) requested additional time to consider the issue and agreed to extend our deadline to file a motion to compel by one week if we cannot resolve this issue.

Please let me know immediately if this letter does not accurately state your respective positions or if those positions change in any way. We will circulate a stipulation regarding the agreed extension of the deadline to file a motion to compel regarding opt-out communications and look forward to discussing this issue with your further.

Sincerely,

/s/ Stephen M. Judge

Stephen M. Judge

# Exhibit 3

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047

TELEPHONE (202) 223-7300

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU, CHAOYANG DISTRICT
BEIJING 100020, PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER

202-223-7431

WRITER'S DIRECT FACSIMILE

202-223-7420

WRITER'S DIRECT E-MAIL ADDRESS

dferster@paulweiss.com

PARTNERS RESIDENT IN WASHINGTON

DAVID J. BALL
CRAIG A. BENSON
PATRICK S. CAMPBELL
CHARLES E. DAVIDOW
KENNETH A. GALLO
JEH C. JOHNSON
MARK F. MENDELSOHN
ALEX YOUNG K. OH
JOSEPH J. SIMONS
ALEXANDRA M. WALSH
BETH A. WILKINSON

PARTNERS NOT RESIDENT IN WASHINGTON

MATTHEW W. ABBOTT*
ALLAN J. ARFFA*
ROBERT A. ATKINS*
JOHN F. BAUGHMAN*
LYNN B. BAYARD*
DANIEL J. BELLER
MITCHELL L. BERG*
MARK S. BERGMAN
BRUCE BIRENBOIM*
H. CHRISTOPHER BOEHNING*
ANGELO BONVINO*
JAMES L. BROCHIN
RICHARD J. BRONSTEIN*
DAVID W. BROWN*
SUSANNA M. BUERGEL*
JESSICA S. CAREY*
JEANETTE K. CHAN*
YVONNE Y. F. CHAN*
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH*
CHRISTOPHER J. CUMMINGS*
DOUGLAS R. DAVIS*
THOMAS V. DE LA BASTIDE III*
ARIEL J. DECKELBAUM*
ALICE BELISLE EATON*
ANDREW J. EHRLICH*
GREGORY A. EZRING*
LESLIE GORDON FAGEN
MARC FALCONE*
ANDREW C. FINCH
BRAD J. FINKELSTEIN*
ROBERTO FINZI
PETER E. FISCH*
ROBERT C. FLEDER*
MARTIN FLUMENBAUM
ANDREW J. FOLEY*
HARRIS B. FREIDUS*
MANUEL S. FREY*
ANDREW L. GAINES*
MICHAEL E. GERTZMAN*
PAUL D. GINSBERG*
ADAM M. GIVERTZ*
SALVATORE GOGLIORMELLA*
ROBERT D. GOLDBAUM*
NEIL GOLDMAN*
ERIC S. GOLDSTEIN*
ERIC GOODISON*
CHARLES H. GOOGE, JR.*
ANDREW G. GORDON*
UDI GROFMAN*
NICHOLAS GROOMBRIDGE*
BRUCE A. GUTENPLAN*
GAINES GWATHMEY, III*
ALAN S. HALPERIN*
JUSTIN G. HAMILL*
CLAUDIA HAMMERMAN*
GERARD E. HARPER
BRIAN S. HERMANN*
ROBERT M. HIRSH*
MICHELE HIRSHMAN*
MICHAEL S. HONG*
JOYCE S. HUANG*
DAVID S. HUNTINGTON*
LORETTA A. IPPOLITO*
MEREDITH J. KANE*
ROBERTA A. KAPLAN*
BRAD S. KARP*
JOHN C. KENNEDY*
ALAN W. KORNBERG
DANIEL J. KRAMER*
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE*
DANIEL J. LEFFELL*
XIAOYU GREG LIU*
JEFFREY D. MARELL*
MARCO V. MASOTTI*
EDWIN S. MAYNARD*
DAVID W. MAYO*
ELIZABETH R. McCOLM*
WILLIAM B. MICHAEL*
TOBY S. MYERSON*
CATHERINE NYARADY*
JOHN J. O'NEIL
BRAD R. OKUN*
KELLEY D. PARKER*
MARC E. PERLMUTTER*
VALERIE E. RADWANER*
CARL L. REISNER*
WALTER G. RICCIARDI*
WALTER RIEMAN*
RICHARD A. ROSEN*
ANDREW N. ROSENBERG*
JACQUELINE P. RUBIN*
RAPHAEL M. RUSSO*
JEFFREY D. SAFERSTEIN*
JEFFREY B. SAMUELS*
DALE M. SARRO
TERRY E. SCHIMEK*
KENNETH M. SCHNEIDER*
ROBERT B. SCHUMER*
JAMES H. SCHWAB*
JOHN M. SCOTT*
STEPHEN J. SHIMSHAK*
DAVID R. SICULAR*
MOSES SILVERMAN*
STEVEN SIMKIN*
MARILYN SOBEL*
AUDRA J. SOLOWAY*
TARUN M. STEWART*
ERIC ALAN STONE*
AIDAN SYNNOTT*
ROBYN F. TARNOFSKY*
MONICA K. THURMOND*
DANIEL J. TOAL*
LIZA M. VELAZQUEZ*
MARIA T. VULLO*
LAWRENCE G. WEE*
THEODORE V. WELLS, JR.
STEVEN J. WILLIAMS*
LAWRENCE I. WITDORCHIC*
MARK B. WLAZLO*
JULIA T.M. WOOD
JORDAN E. YARETT*
KAYE N. YOSHINO*
TONG YU*
TRACEY A. ZACCONE*
T. ROBERT ZOCHOWSKI, JR.*

*NOT AN ACTIVE MEMBER OF THE DC BAR

September 17, 2014

Via Email

Stephen M. Judge
Faegre Baker Daniels LLP
202 South Michigan Street, Suite 400
South Bend, IN 46601-2020
San Francisco, CA 94105
Steve.judge@faegrebd.com

RE: In re CRT Antitrust Litigation, No. 07-cv-5944 (N.D. Cal.)

Dear Stephen:

I write on behalf of the Direct Action Plaintiffs ("DAPs"), in response to your letter of September 16, 2014, regarding documents reflecting communications with DPPs concerning an intent to opt out of the DPP class in this litigation. You have not explained to our satisfaction how any such communications – if they even existed – could be relevant to any laches defense on the facts of these cases and therefore subject to a discovery request, and we do not believe them to be. Moreover and of course, to the extent that any such communications with DPPs existed before any particular DAP opted out of the class, those communications would have been subject to attorney-client and/or common interest privilege, and attorney work product protection. (Communications

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

occurring after a DAP opted out of the DPP class are also obviously privileged, but we do not understand you to be asserting that they would be responsive to your request in any event.)  We therefore maintain our objections.


Best regards,


David Ferster

# Exhibit 4

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

***Attorneys for Defendants Thomson Consumer, Inc. and Thomson SA***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724. | **THOMSON SA'S SECOND SET OF INTERROGATORIES TO ELECTROGRAPH SYSTEMS, INC. AND ELECTROGRAPH TECHNOLOGIES, CORP.** |

PROPOUNDING PARTY: Thomason SA (n/k/a Technicolor SA)

RESPONDING PARTIES: Electrograph Systems, Inc. and Electrograph Technologies Corp.

SET NO.: Two

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Thomson SA hereby requests that Electrograph Systems, Inc. and Electrograph Technologies Corp. (collectively "Plaintiffs") respond to the following set of interrogatories (the "Interrogatories"). Plaintiffs are directed to serve verified answers in conformance with the above-cited rules within thirty (30) days after the date of service hereof.

## I. DEFINITIONS

1. "You," "Your," and "Yourself" means the Plaintiffs responding to these interrogatories, as well as their current and former parent companies, current and former subsidiaries, current and former affiliates, and any employees, agents, attorneys, representatives, or other persons acting or purporting to act on YOUR behalf.

2. "Complaint" refers to the First Amended Complaint filed by You on or about December 20, 2013 in the Northern District of California, Case No. 13-cv-05724.

3. "Conspirator" or "Co-Conspirator" have the same meaning as in the Complaint.

4. "Defendants" means the entities enumerated in paragraphs 37 through 46 of the Complaint.

5. "Documents" or "Documents" means and refers to all items identified in and within the scope of Fed. R. Civ. P. 34(a) and the 1970 Advisory Committee Note thereto, and all forms of "writings" and "recordings" as defined in Fed. R. Evid. 1001(1), and includes any reduction to tangible form, including computer or magnetic memory or storage, of communications, information, or data, including any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, and including originals, drafts, and non-identical copies, wherever located. This term includes, but is not limited to, letters, books, contracts, agreements, licenses, assignments, correspondence, computer tapes, computer disks, CD-ROMs, DVDs, printouts, memoranda, notes, reports, bulletins, printed forms, telegraphic

communications, pleadings and other legal papers, Trademark Office filings and certificates, emails, website print-outs, notes, telexes, telegrams, telecopies, facsimile reproductions or "faxes," factual compilations, electronic data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, product packaging, graphics, checks, ledgers, sales data, electronic wire transfer documentation, catalogs, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilm, microfiche, films, personnel files, quotes, purchase orders, telephone records, schedules, bids, voice recordings, transcriptions, and lab notebooks.  This definition applies to all Documents on the particular subject in your possession, custody, or control, or that of your attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared, or signed the Documents.

6.   "Evidence" means Documents or percipient witness statements or testimony.

7.    "Person" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau, or other kind of legal or business entity.

8.   "Identify" means:

(a)   When referring to a Person, to provide, to the extent known, the person's full name, and when referring to a natural person, their present or last known place of employment.   Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to a subsequent discovery request seeking identification of that person;

(b)   When referring to a Document, to provide the bates number stamped on the document; and

(c)   When referring to Evidence that is not a Document, to provide the name of the percipient witness and, if applicable, the page number of the witness's deposition where they gave the relevant testimony.

9.   The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

10. All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the requests more inclusive.

11. The use of the past tense of any verb shall include the present tense and vice versa.

12. The word "any" shall be construed to include "all" and vice versa.

## II. INSTRUCTIONS

1. Where an Interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

2. If Your response to a particular Interrogatory is an objection, You must set forth in Your response the extent of, and the specific ground for, the objection, including the particular privilege or protection being invoked.

3. Where an Interrogatory contains a general question, followed by a specific question, the specific question is to be read and interpreted as requesting additional information, not as limiting the general question.

4. In responding to the Interrogatories, please repeat each specific Interrogatory or Request and then state Your answer or response.

5. Each Interrogatory must be answered separately and fully in writing and dated, verified, and signed.

## III. INTERROGATORIES

**INTERROGATORY NO. 1:**

If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:

a) The dates on which You contend tolling began and ended;

b) Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and

c) Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**INTERROGATORY NO. 2:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Thomson SA manufactured, marketed, sold and/or distributed CRTs either directly indirectly through its subsidiaries or affiliates throughout the United States, as alleged in paragraph 37 of the Complaint.

**INTERROGATORY NO. 3:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Thomson SA dominated and controlled the finances, policies and affairs of Thomson Consumer relating to the antitrust violations, as alleged in paragraph 39 of the Complaint.

**INTERROGATORY NO. 4:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegations that Thomson Consumer and Thomson SA participated in the alleged conspiracy through each other and through Videocon, as alleged in paragraphs 152 and 155  of the Complaint.

**INTERROGATORY NO. 5:**

Separately Identify each meeting or communication with a competitor or competitors, including the Thomson SA employee(s) associated with each meeting or communication, in which You contend Thomson SA participated during the Relevant Period, as alleged in paragraph 152 of the Complaint, including but not limited to the meetings alleged in paragraphs 152, 153, and 154.

**INTERROGATORY NO. 6:**

Separately Identify each meeting or communication with a competitor or competitors, including the Thomson Consumer employee(s) associated with each meeting or communication, in which You contend Thomson Consumer participated during the Relevant Period, as alleged in paragraph 155 of the Complaint, including but not limited to the meetings alleged in paragraphs 152, 153, and 154.

**INTERROGATORY NO. 7:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory Nos. 5 and 6, Identify All evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to fix "target prices, floor prices and prices ranges" for CRTs, as alleged in paragraph 254(b) of the Complaint, including:

a) All Persons with knowledge suggesting that an agreement to fix target prices, floor prices and prices ranges for CRTs was reached;

b) The date of each meeting or competitor communication which You contend resulted in an agreement to fix target prices, floor prices and prices ranges for CRTs;

c) The location of each alleged meeting, if applicable;

d) The entities that you contend agreed to the target price, floor price or price range;

e)  The names of the individuals that You contend participated in each meeting or competitor communication;

f) The date of the agreement;

g) The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which the target price, floor price or price range applied;

h) The effective date(s) of the target price, floor price or price range;

i) The customer(s) to whom the target price, floor price or price range applied;

j) The geographic area to which the target price, floor price or price range applied; and

k) All evidence upon which You intend to rely to prove such target price, floor price or price range (including the Bates number of each Document and/or citation to specific deposition testimony that You claim supports Your contention).

**INTERROGATORY NO. 8:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory Nos. 5 and 6, Identify all Evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to maintain or lower production capacity for CRTs, as alleged in paragraph 254(g) of the Complaint, including:

a) All persons with knowledge suggesting that an agreement to maintain or lower production capacity for CRTs was reached;

b) The date of each meeting or competitor communication which You contend resulted in an agreement to maintain or lower production capacity for CRTs;

c) The location of each alleged meeting, if applicable;

d) The entities who you contend agreed to maintain or lower production capacity for CRTs;

e)   The names of the individuals that You contend participated in each meeting or competitor communication;

f)   The date of the agreement;

g)   The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which the agreement applied;

h)   The effective date(s) of the agreement to maintain or lower production capacity for CRTs;

i)   The geographic area to which the agreement to maintain or lower production capacity for CRTs applied; and

j)   All evidence upon which You intend to rely to prove that an agreement to maintain or lower production capacity for CRTs was reached (including the Bates number of each Document and/or citation to specific deposition testimony that You claim supports Your contention).

**INTERROGATORY NO. 9:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory Nos. 5 and 6, Identify all Evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to allocate either overall market shares or share of a particular customer's purchases, as alleged in paragraph 140(i) of the Complaint, including:

a)   All persons with knowledge suggesting that an agreement to allocate either overall market share or share of a particular customer's purchases;

b)   The date of each meeting or competitor communication which You contend resulted in an agreement to allocate either overall market share or share of a particular customer's purchases;

c)   The location of each alleged meeting, if applicable;

d)   The entities who you contend agreed to allocate either overall market share or share of a particular customer's purchases;

e)  The names of the individuals that You contend participated in each meeting or competitor communication;

f)  The date of the agreement;

g)  The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which the agreement applied;

h)  The effective date(s) of the agreement to allocate either overall market share or share of a particular customer's purchases;

i)  The geographic area to which the agreement to allocate either overall market share or share of a particular customer's purchases; and

j)  All evidence upon which You intend to rely to prove that an agreement to allocate either overall market share or share of a particular customer's purchases was reached (including the Bates number of each Document and/or citation to specific deposition testimony that You claim supports Your contention).

Dated: August 1, 2014

*/s/ Kathy L. Osborn*

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

***Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.***

# Exhibit 5

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

***Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724. | No. 07-cv-5944-SC<br>MDL No. 1917<br><br>**THOMSON SA'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ELECTROGRAPH SYSTEMS, INC. AND ELECTROGRAPH TECHNOLOGIES, CORP.** |

PROPOUNDING PARTY:   Thomason SA (n/k/a Technicolor SA)

RESPONDING PARTIES:   Electrograph Systems, Inc. and Electrograph Technologies Corp.

SET NO.:   Two

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Thomson SA hereby requests that Electrograph Systems, Inc. and Electrograph Technologies Corp. (collectively "Plaintiffs") produce for inspection and copying each of the documents and other things described below within thirty (30) days after the date of service hereof.

## I.   DEFINITIONS

1.   "You," "Your," and "Yourself" means the Plaintiffs responding to these requests as well as their current and former parent companies, current and former subsidiaries, current and former affiliates, and any employees, agents, attorneys, representatives, or other persons acting or purporting to act on Your behalf.

2.   "Complaint" refers to the First Amended Complaint filed by You on or about December 20, 2013 in the Northern District of California, Case No. 13-cv-05724.

3.   "Conspirator" or "Co-Conspirator" have the same meaning as in the Complaint.

4.   "Defendants" means the entities enumerated in paragraphs 37 through 46 of the Complaint.

5.   "Document" or "Documents" means and refers to all items identified in and within the scope of Fed. R. Civ. P. 34(a) and the 1970 Advisory Committee Note thereto, and all forms of "writings" and "recordings" as defined in Fed. R. Evid. 1001(1), and includes any reduction to tangible form, including computer or magnetic memory or storage, of communications, information, or data, including any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, and including originals, drafts, and non-identical copies, wherever located.  This term includes, but is not limited to, letters, books, contracts, agreements, licenses, assignments, correspondence, computer tapes, computer disks, CD-ROMs, DVDs, printouts, memoranda, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, Trademark Office filings and certificates,

emails, website print-outs, notes, telexes, telegrams, telecopies, facsimile reproductions or "faxes," factual compilations, electronic data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, product packaging, graphics, checks, ledgers, sales data, electronic wire transfer documentation, catalogs, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilm, microfiche, films, personnel files, quotes, purchase orders, telephone records, schedules, bids, voice recordings, transcriptions, and lab notebooks.  This definition applies to all DOCUMENTS on the particular subject in your possession, custody, or control, or that of your attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared, or signed the Documents.

6.      The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

7.      All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the requests more inclusive.

8.      The use of the past tense of any verb shall include the present tense and vice versa.

9.      The word "any" shall be construed to include "all" and vice versa.

## II.      INSTRUCTIONS

1.      YOU are required to produce all Documents in the manner, form, and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

2.      If You cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, You must answer the request to the extent possible, specify the portion of the request You are unable to answer, and provide whatever information You have regarding the answered portion.

3.      In the event that any requested Document has been destroyed, lost, discarded, or is otherwise no longer in Your possession, custody, or control, You shall Identify the Document as

completely as possible and specify the date, manner, and reason the Document was disposed, the Person who authorized the disposal, and the Person who disposed of the Document.

4.     In the event any information is withheld on a claim of attorney-client privilege, work-product doctrine, or any other applicable privilege, You shall provide a privilege log that includes at least the following information:  the nature of the information contained in the withheld Document, the Document date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that YOU assert supports any claim of privilege.

## III.     REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents identified or relied upon by You in Your responses to Thomson SA's Second Set of Interrogatories to Electrograph Systems, Inc. and Electrograph Technologies Corp., served contemporaneously with these Requests, to the extent that these Documents have not already been produced in this litigation to another Defendant or Conspirator.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents which reflect communications between You and the Direct Purchaser Plaintiffs, any class action administrator, any Defendant or Conspirator in this litigation, or any other Person regarding your intention to exclude Yourself from any putative or certified Direct Purchaser Plaintiff Class, including copies of any opt-out or exclusion notices send by You in this litigation.

Dated: August 1, 2014

*/s/ Kathy L. Osborn*

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

***Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.***

# Exhibit 6

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

*Counsel for Plaintiff ABC Appliance, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:13-cv-05725-SC (N.D. Cal.) | Case No. 3:13-cv-05725-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| P.C. RICHARD & SON LONG ISLAND CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TECHNICOLOR SA, *et al.*,<br><br>Defendants. | **ABC APPLIANCE, INC.'S OBJECTIONS AND RESPONSES TO THOMSON SA'S SECOND SET OF INTERROGATORIES** |

| | |
|---|---|
| **PROPOUNDING PARTY:** | Thomson SA (n/k/a Technicolor SA) |
| **RESPONDING PARTY:** | ABC Appliance, Inc. |
| **SET:** | Two |

of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiff provide in response to these Interrogatories.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:

a) The dates on which You contend tolling began and ended;

b) Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and

c) Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Interrogatory as calling for a conclusion on an issue of law. Plaintiff further objects to this interrogatory as seeking information that can equally or more readily, be obtained by Defendant from public sources or from others.

Subject to and notwithstanding the foregoing objections, Plaintiff refers Defendant to Plaintiff's contentions set forth in its response to Defendant's motion to dismiss and to the Court's Order denying Defendant's motions as to the Sherman Act claims.

**INTERROGATORY NO. 2:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that

DATED: September 5, 2014

/s/ *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

*Counsel for Plaintiff ABC Appliance, Inc.*

# Exhibit 7

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

*Counsel for Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:13-cv-05724-SC (N.D. Cal.) | Case No. 3:13-cv-05724-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| ELECTROGRAPH SYSTEMS, INC. AND ELECTROGRAPH TECHNOLOGIES CORP.,<br><br>Plaintiffs,<br><br>vs.<br><br>TECHNICOLOR SA, *et al.*,<br><br>Defendants. | **ELECTROGRAPH SYSTEMS, INC. AND ELECTROGRAPH TECHNOLOGIES CORP.'S OBJECTIONS AND RESPONSES TO THOMSON SA'S SECOND SET OF INTERROGATORIES** |

| | |
|---|---|
| **PROPOUNDING PARTY:** | Thomson SA (n/k/a Technicolor SA) |
| **RESPONDING PARTIES:** | Electrograph Systems, Inc. and Electrograph Technologies Corp. |
| **SET:** | Two |

of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiffs provide in response to these Interrogatories.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:

a) The dates on which You contend tolling began and ended;

b) Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and

c) Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs refer to and incorporate their General Objections as though set forth fully herein. Plaintiffs further object to this Interrogatory as calling for a conclusion on an issue of law. Plaintiffs further object to this interrogatory as seeking information that can equally or more readily be obtained by Defendant from public sources or from others.

Subject to and notwithstanding the foregoing objections, Plaintiffs refer Defendant to Plaintiffs' contentions set forth in their response to Defendant's motion to dismiss and to the Court's Order denying Defendant's motions as to the Sherman Act claims.

**INTERROGATORY NO. 2:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that

Discovery is ongoing and Plaintiffs reserve the right to supplement and/or amend their response to this Interrogatory.

DATED: September 5, 2014

/s/ *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

*Counsel for Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.*

ELECTROGRAPH'S OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES

- 29 -

Case No. 3:13-cv-05724-SC
Master File No. 3:07-cv-05944-SC

# Exhibit 8

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

*Counsel for Plaintiff Interbond Corporation of America*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:13-cv-05727-SC (N.D. Cal.) | Case No. 3:13-cv-05727-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| INTERBOND CORPORATION OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TECHNICOLOR SA, *et al.*,<br><br>Defendants. | **INTERBOND CORPORATION OF AMERICA'S OBJECTIONS AND RESPONSES TO THOMSON SA'S SECOND SET OF INTERROGATORIES** |

| | |
|---|---|
| **PROPOUNDING PARTY:** | Thomson SA (n/k/a Technicolor SA) |
| **RESPONDING PARTY:** | Interbond Corporation of America |
| **SET:** | Two |

16.     Plaintiff reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiff provide in response to these Interrogatories.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:

a)     The dates on which You contend tolling began and ended;

b)     Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and

c)     Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Interrogatory as calling for a conclusion on an issue of law. Plaintiff further objects to this interrogatory as seeking information that can equally or more readily, be obtained by Defendant from public sources or from others.

Subject to and notwithstanding the foregoing objections, Plaintiff refers Defendant to Plaintiff's contentions set forth in its response to Defendant's motion to dismiss and to the Court's Order denying Defendant's motions as to the Sherman Act claims.

**INTERROGATORY NO. 2:**

Describe in detail and in narrative form (including by Identifying each Document, Person

DATED: September 5, 2014

/s/ *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

*Counsel for Plaintiff Interbond Corporation of America*

INTERBOND CORPORATION OF AMERICA'S OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES

- 29 -

Case No. 3:13-cv-05727-SC
Master File No. 3:07-cv-05944-SC

# Exhibit 9

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

*Counsel for Plaintiff MARTA Cooperative of America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:13-cv-05725-SC (N.D. Cal.) | Case No. 3:13-cv-05725-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| P.C. RICHARD & SON LONG ISLAND CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TECHNICOLOR SA, *et al.*,<br><br>Defendants. | **MARTA COOPERATIVE OF AMERICA, INC.'S OBJECTIONS AND RESPONSES TO THOMSON SA'S SECOND SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**          Thomson SA (n/k/a Technicolor SA)

**RESPONDING PARTY:**           MARTA Cooperative of America, Inc.

**SET:**                        Two

16.     Plaintiff reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiff provide in response to these Interrogatories.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:

    a)     The dates on which You contend tolling began and ended;

    b)     Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and

    c)     Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Interrogatory as calling for a conclusion on an issue of law. Plaintiff further objects to this interrogatory as seeking information that can equally or more readily, be obtained by Defendant from public sources or from others.

Subject to and notwithstanding the foregoing objections, Plaintiff refers Defendant to Plaintiff's contentions set forth in its response to Defendant's motion to dismiss and to the Court's Order denying Defendant's motions as to the Sherman Act claims.

**INTERROGATORY NO. 2:**

Describe in detail and in narrative form (including by Identifying each Document, Person

DATED: September 5, 2014

/s/ *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

*Counsel for Plaintiff MARTA Cooperative of America, Inc.*

# Exhibit 10

Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

*Counsel for Plaintiff Office Depot, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:13-cv-05726-SC | Case No. 3:13-cv-05726-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| OFFICE DEPOT, INC.<br><br>Plaintiff,<br><br>vs.<br><br>TECHNICOLOR SA, *et al.*,<br><br>Defendants. | **OFFICE DEPOT, INC.'S OBJECTIONS AND RESPONSES TO THOMSON SA'S SECOND SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**                            Thomson SA (n/k/a Technicolor SA)

**RESPONDING PARTY:**                                Office Depot, Inc.

**SET:**                                                    Two

16.    Plaintiff reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiff provides in response to these Interrogatories.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:

       a)    The dates on which You contend tolling began and ended;

       b)    Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and

       c)    Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Interrogatory as calling for a conclusion on an issue of law. Plaintiff further objects to this interrogatory as seeking information that can equally or more readily, be obtained by Defendant from public sources or from others.

Subject to and notwithstanding the foregoing objections, Plaintiff refers Defendant to Plaintiff's contentions set forth in its response to Defendant's motion to dismiss and to the Court's Order denying Defendant's motions as to the Sherman Act claims.

**INTERROGATORY NO. 2:**

Describe in detail and in narrative form (including by Identifying each Document, Person

DATED: September 5, 2014

/s/ *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

*Counsel for Plaintiff Office Depot, Inc.*

# Exhibit 11

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

*Counsel for Plaintiff P.C. Richard & Son Long Island Corp.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:13-cv-05725-SC (N.D. Cal.) | Case No. 3:13-cv-05725-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| P.C. RICHARD & SON LONG ISLAND CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TECHNICOLOR SA, *et al.*,<br><br>Defendants. | **P.C. RICHARD & SON LONG ISLAND CORP.'S OBJECTIONS AND RESPONSES TO THOMSON SA'S SECOND SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:** Thomson SA (n/k/a Technicolor SA)

**RESPONDING PARTY:** P.C. Richard & Son Long Island Corp.

**SET:** Two

of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiff provide in response to these Interrogatories.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:

a) The dates on which You contend tolling began and ended;

b) Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and

c) Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Interrogatory as calling for a conclusion on an issue of law. Plaintiff further objects to this interrogatory as seeking information that can equally or more readily, be obtained by Defendant from public sources or from others.

Subject to and notwithstanding the foregoing objections, Plaintiff refers Defendant to Plaintiff's contentions set forth in its response to Defendant's motion to dismiss and to the Court's Order denying Defendant's motions as to the Sherman Act claims.

**INTERROGATORY NO. 2:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that

DATED: September 5, 2014

/s/ *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

*Counsel for Plaintiff P.C. Richard & Son Long Island Corp.*

# Exhibit 12

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

*Counsel for Plaintiff Schultze Agency Services, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:13-cv-05668-SC (N.D. Cal.) | Case No. 3:13-cv-05668-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| SCHULTZE AGENCY SERVICES, LLC ON BEHALF OF TWEETER OPCO, LLC AND TWEETER NEWCO, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>TECHNICOLOR SA, *et al.*,<br><br>Defendants. | **SCHULTZE AGENCY SERVICES, LLC'S (TWEETER) OBJECTIONS AND RESPONSES TO THOMSON SA'S SECOND SET OF INTERROGATORIES** |

| | |
|---|---|
| **PROPOUNDING PARTY:** | Thomson SA (n/k/a Technicolor SA) |
| **RESPONDING PARTY:** | Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC |
| **SET:** | Two |

16. Plaintiff reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiff provide in response to these Interrogatories.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:

a) The dates on which You contend tolling began and ended;

b) Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and

c) Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff refers to and incorporates its General Objections as though set forth fully herein. Plaintiff further objects to this Interrogatory as calling for a conclusion on an issue of law. Plaintiff further objects to this interrogatory as seeking information that can equally or more readily, be obtained by Defendant from public sources or from others.

Subject to and notwithstanding the foregoing objections, Plaintiff refers Defendant to Plaintiff's contentions set forth in its response to Defendant's motion to dismiss and to the Court's Order denying Defendant's motions as to the Sherman Act claims.

**INTERROGATORY NO. 2:**

Describe in detail and in narrative form (including by Identifying each Document, Person

DATED: September 5, 2014

/s/ *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

*Counsel for Plaintiff Schultze Agency Services, LLC*

# Exhibit 13

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
Bernice Conn, Bar No. 161594
Bconn@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile: 310-229-5800

Attorneys for Plaintiffs

BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, LLC; MAGNOLIA HI-FI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to Individual Case No. 3:11-cv-05513-SC

BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.,

Plaintiffs,

v.

HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.;

(CONTINUED ON NEXT PAGE)

Master File No. M:07-5994-SC
MDL No. 1917

Case No. 3:11-cv-05513-SC

**BEST BUY'S OBJECTIONS AND RESPONSES TO THOMSON SA'S SECOND SET OF INTERROGATORIES**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; MT PICTURE DISPLAY CO., LTD.; BEIJING MATSUSHITA COLOR CRT CO., LTD.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD.; PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA.; SAMTEL COLOR LTD.; THAI CRT CO., LTD.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES (MALAYSIA); TATUNG COMPANY OF AMERICA, INC.,

Defendants.

**PROPOUNDING PARTIES:** THOMSON SA

**RESPONDING PARTY**: BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.

**SET NO.:** TWO

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc., Best Buy Stores, L.P.; BestBuy.Com, L.L.C.; and Magnolia HI-FI, Inc. (collectively "Best Buy") hereby Object and Respond to Defendant Thomson SA's Second Set of Interrogatories (hereinafter, the "Interrogatories").

**RESERVATIONS OF RIGHTS**

In responding to these Interrogatories, Best Buy states that it has conducted, or will conduct, a diligent search, reasonable in scope, for information that is relevant to the

indefinite, or ambiguous; (iii) are unduly burdensome or unreasonably broad; (iv) are unreasonably cumulative or duplicative; or (v) seek information that is already in Defendants' possession, custody, control, or which is publicly available or otherwise readily accessible to Defendants.

5. Best Buy objects to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose upon Best Buy obligations beyond those imposed by the Federal Rules of Civil Procedure.

6. Best Buy objects to the Interrogatories to the extent that they are premature. Best Buy has not completed its discovery and investigation in this matter, which is ongoing. Best Buy responds after reasonable inquiry into the relevant facts based only upon presently known information and documentation. Further investigation and discovery, including further review of documents produced or to be produced by Defendants, may result in the identification of additional information. Best Buy's responses should not be construed to prejudice Best Buy's right to conduct further investigation in this case or to limit Best Buy's use of any evidence that may be later developed.

7. Best Buy objects to the extent Defendants are drawing a distinction between CRTs and CRT Products. Best Buy interprets all requests related to CRTs to include its purchases of CRT Products, which contain CRTs.

8. Best Buy objects to the Interrogatories to the extent that they prematurely seek expert opinion, and reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges in accordance with the time period for exchanging expert reports.

Best Buy objects to the Interrogatories in their entirety on the above grounds. In order to avoid repetition, the foregoing General Objections are hereby incorporated into each response as if set forth therein.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatory No.1:**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60837299.1 - 4 - BEST BUY'S OBJECTIONS AND RESPONSES TO THOMSON SA'S SECOND SET OF INTERROGATORIES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:

a) The dates on which You contend tolling began and ended;

b) Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and

c) Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**Response:**

Best Buy refers to and incorporates its General Objections to these Interrogatories, as if fully restated here. Best Buy specifically objects to this Interrogatory to the extent it calls for a legal conclusion. Best Buy refers Thomson to its contentions set forth in its response to Thomson's motion to dismiss and to the Court's Order denying Thomson's motion as to the Sherman Act claims.

**Interrogatory No. 2:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Thomson SA manufactured, marketed, sold and/or distributed CRTs either directly or indirectly through its subsidiaries or affiliates throughout the United States, as alleged in paragraph 27 of the Complaint.

**Response:**

Best Buy refers to and incorporates its General Objections to these Interrogatories, as if fully restated here. Best Buy specifically objects to this Interrogatory to the extent it

DATED: September 5, 2014

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Laura E. Nelson
Roman M. Silberfeld
David Martinez
Laura E. Nelson

**ATTORNEYS FOR PLAINTIFFS BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, LLC; MAGNOLIA HI-FI, INC.**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60837299.1

- 34 -

BEST BUY'S OBJECTIONS AND RESPONSES TO THOMSON SA'S SECOND SET OF INTERROGATORIES

# Exhibit 14

David J. Burman *(pro hac vice)*
Cori G. Moore *(pro hac vice)*
Eric J. Weiss *(pro hac vice)*
Nicholas H. Hesterberg *(pro hac vice)*
Steven D. Merriman *(pro hac vice)*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: DBurman@perkinscoie.com
CGMoore@perkinscoie.com
EWeiss@perkinscoie.com
NHesterberg@perkinscoie.com
SMerriman@perkinscoie.com

Attorneys for Plaintiff
Costco Wholesale Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File Case No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>Individual Case No. 3:11-cv-06397-SC<br><br>**COSTCO WHOLESALE CORPORATION'S OBJECTIONS AND RESPONSES TO THOMSON SA'S SECOND SET OF INTERROGATORIES** |
| This Document Relates To:<br><br>*Costco Wholesale Corporation v. Hitachi, Ltd., et al., No. 3:11-cv-06397-SC* | The Honorable Samuel Conti |

**PROPOUNDING PARTY:** Defendant Thomason SA (n/k/a Technicolor SA)

**RESPONDING PARTY:** Costco Wholesale Corporation

**SET NO.:** Two

15. Costco reserves the right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Costco provides in response to these Interrogatories.

16. Any production of information or documents will be subject to the Stipulated Protective Order entered in this action (MDL Dkt. No. 306).

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:

(a) The dates on which You contend tolling began and ended;

(b) Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and

(c) Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**Response to Interrogatory No. 1:**

Costco refers to and incorporates its General Objections as if set forth fully herein. Costco also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Costco further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions. Costco further states that it has not completed its discovery and preparation in this matter and that

its investigation of the case is ongoing, and Costco reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Costco states that the claims in its complaint were tolled for a number of reasons, including those set forth in Plaintiffs' oppositions to the Thomson Consumer and Thomson SA motions to dismiss. (MDL Dkt. Nos. 2286, 2288). Costco further states that it was a member of the putative Direct Purchaser Plaintiff Class. As of November 4, 2011, counsel for that putative Direct Purchaser Plaintiff Class executed a tolling agreement with Technicolor SA (f/k/a Thomson SA) and Technicolor USA, Inc. (f/k/a Thomson, Inc.; Thomson Multimedia Inc.; and Thomson Consumer Electronics, Inc.) ("Thomson Agreement"). The Thomson Agreement tolled all limitations periods for all claims that Costco could have asserted against Thomson as of the effective date of the Thomson Agreement. Pursuant to various extensions, the Thomson Agreement remained in effect until at least the date on which Costco filed suit against Thomson Consumer and Thomson SA, in November 2013.

**INTERROGATORY NO. 2:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Thomson SA manufactured, marketed, sold and/or distributed CRTs either directly indirectly through its subsidiaries or affiliates throughout the United States, as alleged in paragraph 25 of the Complaint.

**Response to Interrogatory No. 2:**

Costco refers to and incorporates its General Objections as if set forth fully herein. Costco also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Costco further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Costco to state its entire case on an incomplete record and review and analyze

any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Moreover, Costco contends that information exchanges between Defendants and co-conspirators affected prices and thus constitute an antitrust violation under the rule of reason, even in the absence of an express agreement to fix prices. Costco further objects to the extent this Interrogatory calls for expert testimony. Costco also objects to the extent that this Interrogatory calls for information that is covered by attorney-client privilege or the work product protection. Costco further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Costco reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Costco refers to its response to Interrogatory No. 5.

DATED: September 5, 2014

**PERKINS COIE LLP**

By: *s/David J. Burman*
David J. Burman *(pro hac vice)*
DBurman@perkinscoie.com
Cori G. Moore *(pro hac vice)*
CGMoore@perkinscoie.com
Eric J. Weiss *(pro hac vice)*
EWeiss@perkinscoie.com
Nicholas H. Hesterberg *(pro hac vice)*
NHesterberg@perkinscoie.com
Steven D. Merriman *(pro hac vice)*
SMerriman@perkinscoie.com

Attorneys for Plaintiff
*Costco Wholesale Corporation*

# Exhibit 15

Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard, Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
Fax: (305) 372-1861
E-mail: rarnold@knpa.com
wblechman@knpa.com
kmurray@knpa.com
srandall@knpa.com

***Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*SEARS, ROEBUCK AND CO. & KMART CORP. v. Technicolor SA, et al., No.* 13-cv-05262 | **Master Case No. 3:07-cv-05944-SC**<br>Individual Case No. 3:13-cv-05262<br><br>MDL No. 1917<br><br>**PLAINTIFFS SEARS, ROEBUCK AND CO. & KMART CORP.'S OBJECTIONS AND RESPONSES TO DEFENDANTS THOMSON SA SECOND SET OF INTERROGATORIES** |

**RESPONDING PARTIES:** Plaintiffs Sears, Roebuck and Co. and Kmart Corp.

**PROPOUNDING PARTIES:** Defendants Thomson SA

**SET NO.:** TWO

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rule 33.1 of the Local Rules of the Northern District of California, Plaintiffs Sears, Roebuck and Co. and Kmart Corp. (individually and collectively "Plaintiffs") respond to Defendant Thomson SA's ("Thomson") First Set of Interrogatories served August 1, 2014, ("Interrogatories"), as follows.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

> If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:
>
> a) The dates on which You contend tolling began and ended;
>
> b) Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and
>
> c) Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs refer to and incorporate their General Objections to these Interrogatories as if fully restated here. Plaintiffs specifically object to this Interrogatory to the extent it calls for information that is already in the possession, custody or control of Thomson and has not yet been provided to Plaintiffs. Plaintiffs further object to this Interrogatory on the grounds that: (i) it is overly broad, unduly burdensome, and premature as it requires Plaintiffs to review and analyze all information obtained in discovery thus far and state their entire case on an incomplete record; (ii) it calls for a legal conclusion; (iii) it seeks information that is the subject of ongoing discovery and investigation; and (iv) it seeks information that is equally available to Thomson.

Subject to and without waiving their general and specific objections, Plaintiffs refer to their contentions set forth in their oppositions to the Thomson Consumer and Thomson SA motions to dismiss. Plaintiffs further state that, as alleged in paragraph 238 of their Complaint, they were

members of the putative Direct Purchaser Plaintiff Class. As of November 4, 2011, counsel for that putative Direct Purchaser Plaintiff Class executed a tolling agreement with Technicolor SA (f/k/a Thomson SA) and Technicolor USA, Inc. (f/k/a Thomson, Inc.; Thomson Multimedia Inc.; and Thomson Consumer Electronics, Inc.) ("Thomson Agreement"). The Thomson Agreement tolled all limitations periods for all claims that Plaintiffs could have asserted against Thomson as of the effective date of the Thomson Agreement. Pursuant to various extensions, the Thomson Agreement remained in effect until at least the date on which Plaintiffs filed suit against Thomson Consumer and Thomson SA, in November 2013.

Plaintiffs reserve the right to supplement their response to this Interrogatory based on further discovery, investigation, expert work, or other developments in this case.

**INTERROGATORY NO. 2:**

> Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Thomson SA manufactured, marketed, sold and/or distributed CRTs either directly indirectly through its subsidiaries or affiliates throughout the United States, as alleged in paragraph 24 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs refer to and incorporate their General Objections to these Interrogatories as if fully restated here. Plaintiffs specifically object to this Interrogatory to the extent it calls for information that is already in the possession, custody or control of Thomson and has not yet been provided to Plaintiffs. Plaintiffs further object to this Interrogatory on the grounds that: (i) it is overly broad, unduly burdensome, and premature as it requires Plaintiffs to review and analyze all information obtained in discovery thus far, particularly insofar as Thomson SA has, to this point, refused to produce a single document from France, the site of its headquarters; (ii) it calls for a legal conclusion; (iii) it seeks information that is the subject of ongoing discovery and investigation; (iv)

Dated: September 5, 2014

s/ Samuel J. Randall
Richard Alan Arnold, Esq. (admitted *pro hac vice*)
William J. Blechman, Esq. (admitted *pro hac vice*)
Kevin J. Murray, Esq. (admitted *pro hac vice*)
Samuel J. Randall, Esq. (admitted *pro hac vice*)
Kenny Nachwalter, P.A.
201 S. Biscayne Boulevard, Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
Fax: (305) 372-1861
E-mail: rarnold@knpa.com
wblechman@knpa.com
kmurray@knpa.com
srandall@knpa.com
***Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.***

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the foregoing to be served via electronic mail upon:

s/ Samuel J. Randall

# Exhibit 16

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to:

*Sharp Electronics Corp, et al. v. Hitachi Ltd, et al.*

Master File No. 3:07-cv-05944-SC
MDL No. 1917

**RESPONSE TO THOMSON SA'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.**

**PROPOUNDING PARTY:** Defendant Thomson SA (n/k/a Technicolor SA)

**RESPONDING PARTIES:** Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

**SET NO:** Two

26. Sharp objects to Definition No. 11 because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language. Sharp uses the present and past tenses according to their ordinary meanings.

27. Sharp objects to the construction of "any" to include "all" and vice versa as vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language. Sharp further objects to the definition of "any" as not reasonably limited in scope or time. Sharp uses "any" and "all" according to their ordinary meanings.

**RESPONSES TO INTERROGATORIES**

**Interrogatory No. 1:**

If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:

a. The dates on which You contend tolling began and ended;

b. Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and

c. Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**Response to Interrogatory No. 1:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the claims in its complaint were tolled for a number of reasons, including those set forth in Sharp's

oppositions to the Thomson Consumer and Thomson SA motions to dismiss. (MDL Dkt. Nos. 2286, 2288). Sharp further states that, as alleged in paragraph 228 of its Complaint, it was a member of the putative Direct Purchaser Plaintiff Class. As of November 4, 2011, counsel for that putative Direct Purchaser Plaintiff Class executed a tolling agreement with Technicolor SA (f/k/a Thomson SA) and Technicolor USA, Inc. (f/k/a Thomson, Inc.; Thomson Multimedia Inc.; and Thomson Consumer Electronics, Inc.) ("Thomson Agreement"). The Thomson Agreement tolled all limitations periods for all claims that Sharp could have asserted against Thomson as of the effective date of the Thomson Agreement. Pursuant to various extensions, the Thomson Agreement remained in effect until at least the date on which Sharp filed suit against Thomson Consumer and Thomson SA, in March 2013.

Sharp further states that information responsive to this Interrogatory is contained in its response to Thomson SA's Second Set of Requests for Production of Documents to Sharp Electronics Corp. and Sharp Electronics Manufacturing Company of America, Inc., No. 2.

**Interrogatory No. 2:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Thomson SA manufactured, marketed, sold and/or distributed CRTs either directly indirectly through its subsidiaries or affiliates throughout the United States, as alleged in paragraph 71 of the Complaint.

**Response to Interrogatory No. 2:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation, particularly insofar as Thomson SA has, to this point, refused to produce a single document from France, the site of its headquarters. Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions. Sharp objects that this Interrogatory improperly requires Sharp to marshal all

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Dated: September 5, 2014

By /s/ *Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs*

# Exhibit 17

Kenneth S. Marks
Jonathan J. Ross
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
kmarks@susmangodfrey.com
jross@susmangodfrey.com
*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*
[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to:

ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST,

Plaintiff,

v.

TECHNICOLOR SA.; et al.,

Defendants.

Master File No. 07-5944 SC

Case No. C 13-05261 SC

MDL No. 1917

**OBJECTIONS AND RESPONSES OF ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, TO DEFENDANT THOMSON SA'S SECOND SET OF INTERROGATORIES**

The Honorable Samuel Conti

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Circuit City") hereby responds and objects to Defendant Thomson SA's (n/k/a Technicolor SA) ("Thomson") Second Set of Interrogatories (collectively, the "Interrogatories" and individually an "Interrogatory"). For the reasons set forth below, Plaintiff generally and specifically objects and otherwise responds to each of the Interrogatories. Plaintiff reserves the right to supplement any responses

Where the burden of identifying specific information or documents responsive to the Interrogatories is substantially the same for Plaintiff and the propounding defendants, Circuit City Trust is entitled to produce documents in lieu of other responses under Rule 33(d) of the Federal Rules of Civil Procedure.

15. Any information provided in response to the Interrogatories or documents produced in connection herewith will be subject to the Stipulated Protective Order entered in this action (Dkt. No. 306).

16. Circuit City Trust reserves its right to object to or challenge any of the Interrogatories or the responses thereto as relevant or material to or admissible at the trial of this case or in any hearing or motion in this case.

17. Circuit City Trust objects to the definition of "Identify" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Circuit City Trust also objects to this definition as improperly requiring Circuit City Trust to state its case or marshal all evidence in support of its case in the form of responses to written discovery.

**OBJECTIONS AND ANSWERS**

**INTERROGATORY NO. 1:**

If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:

a) The dates on which You contend tolling began and ended;

b) Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and

c) Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as though set forth fully herein. Circuit City Trust objects to this interrogatory as ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and illogical. The Court has already denied Thomson's motion to dismiss Circuit City Trust's complaint on the grounds, *inter alia*, of statute of limitations (ECF. No. 2440).

**INTERROGATORY NO. 2:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Thomson SA manufactured, marketed, sold and/or distributed CRTs either directly indirectly through its subsidiaries or affiliates throughout the United States, as alleged in paragraph 26 of the Complaint.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as though set forth fully herein. Circuit City Trust objects to this Interrogatory to the extent it calls for information that is already in the possession, custody or control of Thomson. Circuit City Trust further objects to this Interrogatory as hugely burdensome, enormously duplicative, and improperly requiring Circuit City Trust to marshal all evidence and "state its case" in responses to written discovery, in particular while discovery is ongoing and in advance of the applicable deadlines set by the Court for the disclosure of pretrial information. Circuit City Trust further objects to this

competent 30(b)(6) witness from Thomson SA (September 2, 2014). Subject to and without waiving these objections, Circuit City Trust refers to and incorporates its response to Interrogatory No. 2.

Dated: September 5, 2014.

SUSMAN GODFREY L.L.P.

By: ______________________________

Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
Robert S. Safi
David M. Peterson
John P. Lahad
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
jross@susmangodfrey.com
jcarter@susmangodfrey.com
rsafi@susmangodfrey.com
dpeterson@susmangodfrey.com
jlahad@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
rblack@susmangodfrey.com
jconnors@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

**VERIFICATION**

The undersigned states that he has read the foregoing Answers and Objections of Alfred H. Siegel, as Trustee Of The Circuit City Stores, Inc. Liquidating Trust, to Thomson SA's Second Set of Interrogatories, that he is authorized to sign this Verification, that he is informed that no single officer of the Circuit City Liquidating Trust has personal knowledge of all matters stated in the foregoing responses, that the facts stated in such responses have been assembled by authorized employees, agents, and/or legal representatives of the Circuit City Liquidating Trust, and that he is informed and believes that the facts stated in such responses are correct, based on the records of Circuit City and information reasonably available to its employees, agents, and/or legal representatives.

Dated: September 3, 2014

Signature: [signature]
Steve Deason

# Exhibit 18

Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
Email: jmurphy@crowell.com
aheaven@crowell.com

*Counsel for Plaintiff Target Corp.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Target Corp., et al. v. Technicolor SA, et al.*, Case No. 13-cv-05686 | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>Individual Case No. 13-cv-05686<br><br>**PLAINTIFF TARGET CORP.'S RESPONSES AND OBJECTIONS TO DEFENDANT THOMSON SA'S SECOND SET OF INTERROGATORIES** |

PROPOUNDING PARTY: Defendant Thomson SA (n/k/a Technicolor SA)

RESPONDING PARTY: Plaintiff Target Corporation

SET NO.: TWO

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Target Corp. ("Target") hereby responds to the Second Set of Interrogatories to Plaintiff Target ("Interrogatories") served by counsel for Defendant Thomson SA ("Defendant" or "Thomson") in

CROWELL & MORING LLP
ATTORNEYS AT LAW

-1-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO THOMSON SA'S SECOND SET OF INTERROGATORIES

DCACTIVE-28810893.3

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:

The dates on which You contend tolling began and ended;

Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and

Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**RESPONSE TO INTERROGATORY NO. 1:**

Target refers to and incorporates its General Objections as though set forth fully herein. Target further objects to this Interrogatory to the extent it calls for a legal conclusion. Target further objects to this Interrogatory on the grounds that the phrases "tolling agreement" and "factual basis" and the term "rely" are vague, ambiguous, and overbroad. Target also objects to this Interrogatory as improperly requiring Target to marshal all evidence and "state its case" in responses to written discovery. Target further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or work-product doctrine. Target further objects to this Interrogatory to the extent it seeks information that is in Defendant's possession, custody, or control, or equally available to Defendant.

Subject to and without waiving any of the foregoing objections, Target refers Thomson to its contentions set forth in the Direct Action Plaintiffs' response to Thomson's motion to dismiss and to the Court's Order denying Thomson's motion as to the Sherman Act claims.

CROWELL & MORING LLP ATTORNEYS AT LAW

-5-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO THOMSON SA'S SECOND SET OF INTERROGATORIES

DCACTIVE-28810893.3

*Carbon Corp.,* 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.,* 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten,* 226 U.S. 525, 544 (1913)), and improperly seeks "to carve the alleged conspiracy into a number of mini-conspiracies." *In re TFT-LCD (Flat Panel) Antitrust Litigation,* No. M 07–1827 SI, 2011 WL 7724271, at *1-2 (N.D. Cal. Nov. 8, 2011).  Target further objects to this Interrogatory to the extent it seeks to attribute a particular action to a specific Thomson entity when all of the Thomson entities named as defendants were owned and controlled and acted pursuant to the overall strategy and direction of Thomson SA.

Subject to and without waiving the foregoing objections, Target refers to and incorporates its responses to Interrogatory No. 2.  Target also incorporates by reference the responses of all other plaintiffs in this matter, including the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and all other Direct Action Plaintiffs, to the same or substantially similar interrogatories propounded by all defendants in the MDL.  Discovery is ongoing and Target reserves the right to supplement and/or amend its response to this Interrogatory as appropriate.  //

DATED: September 5, 2014

By:  */s/ Astor H.L. Heaven*
Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone:  213-443-5582
Facsimile:  213-622-2690
Email: jmurray@crowell.com
        rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202-624-2500
Facsimile:  202-628-5116
Email: jmurphy@crowell.com
        aheaven@crowell.com

*Counsel for Target Corp.*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-21-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO
THOMSON SA'S SECOND SET OF
INTERROGATORIES

DCACTIVE-28810893.3

# Exhibit 19

Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131-3456
Telephone: 305-374-7580
Facsimile: 305-374-7593
E-mail: rturken@bilzin.com; swagner@bilzin.com
mwidom@bilzin.com

Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
E-mail: ssinger@bsfllp.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to Individual Case No. 13-CV-00157-SC<br><br>TECH DATA CORPORATION; TECH DATA PRODUCT MANAGEMENT, INC.,<br><br>Plaintiffs,<br>vs.<br><br>AU OPTRONICS CORPORATION; *et al.*<br><br>Defendants. | CASE No. 13-CV-00157-SC<br><br>Master File No. 07-5944 SC (N.D. Cal.)<br><br>MDL No. 1917<br><br>**TECH DATA CORPORATION AND TECH DATA PRODUCT MANAGEMENT, INC.'S RESPONSES AND OBJECTIONS TO THOMSON SA'S SECOND SET OF INTERROGATORIES** |

**PROPOUNDING PARTIES**: Defendant Thomson SA

**RESPONDING PARTIES**: Tech Data Corporation and Tech Data Product Management, Inc.

**SET**: Two

Plaintiffs, Tech Data Corporation and Tech Data Product Management, Inc. (collectively, "Plaintiff"), Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Civil Rules of the Northern District of California, hereby provides its responses to Defendant Thomson SA's ("Defendant") Second Set of Interrogatories to Plaintiff dated August 1, 2014 (the "Interrogatories"), as follows:

## GENERAL OBJECTIONS

1. The following general objections ("General Objections") are incorporated into Plaintiff's responses to each and every interrogatory contained in the Interrogatories. No response to any interrogatory shall be deemed a waiver of Plaintiff's General Objections.

2. Plaintiff objects to the Interrogatories to the extent the information sought is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privileges or doctrines. Plaintiff hereby asserts such privileges and protections to the extent implicated by each interrogatory, and will exclude privileged and protected information from its responses to the Interrogatories. Any disclosure of such protected or privileged information is inadvertent, and is not intended to waive those privileges or protections.

3. Plaintiff objects to the Interrogatories to the extent that the "Instructions" incorporated therein attempt to impose obligations on Plaintiff beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, the Orders of the Court, or other applicable law.

4. Plaintiff objects to the Interrogatories to the extent that they seek disclosure of information that is already in the possession, custody or control of the Defendants.

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

12. Plaintiff reserves its right to try its case as it determines is best at trial. This includes by not using facts or information stated herein or using facts or information in addition to those stated herein.

13. Plaintiff reserves the right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiff provides in response to these Interrogatories.

14. Plaintiff objects to providing information outside of the period March 1, 1995 to December 31, 2007.

15. Plaintiff objects to the Interrogatories to the extent that they duplicate other interrogatories, in whole or in part, made by other Defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

16. Plaintiff objects to the Interrogatories to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

In response to Defendant's individual Interrogatories, Plaintiff states as follows:

**INTERROGATORY NO. 1.**

If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:

a) The dates on which You contend tolling began and ended;

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

b)      Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and

c)      Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**RESPONSE TO INTERROGATORY NO. 1.**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Plaintiff further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions. Plaintiff further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Plaintiff reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving its General Objections and the foregoing specific objections, Plaintiff states that the claims in its complaint were tolled for a number of reasons, including those set forth in Plaintiff's oppositions to the Thomson Consumer and Thomson SA motions to strike with prejudice Plaintiff's first amended complaint.  Plaintiff further states that it was a member of the putative Direct Purchaser Plaintiff Class.  As of November 4, 2011, counsel for that putative Direct Purchaser Plaintiff Class executed a tolling agreement with Technicolor SA (f/k/a Thomson SA) and Technicolor USA, Inc. (f/k/a Thomson, Inc.; Thomson Multimedia Inc.; and Thomson Consumer Electronics, Inc.) ("Thomson Agreement").   The Thomson Agreement tolled all limitations periods for all claims that Plaintiff could have asserted against Thomson as of the effective date of the Thomson Agreement.  Pursuant to various extensions, the Thomson Agreement remained in effect until at least the date on which Plaintiff filed suit against Thomson Consumer and Thomson SA.

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

Dated: September 5, 2014

*/s/Scott N. Wagner*
ROBERT W. TURKEN
SCOTT N. WAGNER
MITCHELL E. WIDOM
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456
Telephone: (305) 374-7580
Facsimile: (305) 374-7593
E-mail: rturken@bilzin.com
swagner@bilzin.com
mwidom@bilzin.com

STUART H. SINGER
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
E-mail: ssinger@bsfllp.com

WILLIAM A. ISAACSON
MELISSA WILLETT
BOIES, SCHILLER & FLEXNER
5301 Wisconsin Ave. NW, Suite 800
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
E-mail: wisaacson@bsfllp.com
mwillett@bsfllp.com

PHILIP J. IOVIENO
BOIES, SCHILLER & FLEXNER
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
E-mail: piovieno@bsfllp.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

# Exhibit 20

Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com

*Counsel for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies Corp., Interbond Corporation of America, Office Depot, Inc., P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., and Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To: | Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;<br><br>*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;<br><br>*Schultze Agency Services, LLC, v. Technicolor SA, et al.*, No. 13-cv-05668 | **ELECTROGRAPH SYSTEMS, INC., ELECTROGRAPH TECHNOLOGIES, CORP., INTERBOND CORPORATION OF AMERICA, OFFICE DEPOT, INC., P.C. RICHARD & SON LONG ISLAND CORPORATION, MARTA COOPERATIVE OF AMERICA, INC., ABC APPLIANCE, INC., AND SCHULTZE AGENCY SERVICES, LLC'S OBJECTIONS AND RESPONSES TO THOMSON SA'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:** Thomson SA (n/k/a Technicolor SA)

**RESPONDING PARTIES:** Electrograph Systems, Inc., Electrograph Technologies Corp., Interbond Corporation of America, Office Depot, Inc., P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., and Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC

**SET:** Two

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the Local Rules of the Northern District of California, Plaintiffs Electrograph Systems, Inc., Electrograph Technologies Corp., Interbond Corporation of America, Office Depot, Inc., P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., and Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC ("Plaintiffs") hereby respond to Thomson SA's ("Defendant") Requests for Production to Plaintiffs, dated August 1, 2014, (collectively, the "Requests for Production") including the "Instructions" and "Definitions" contained therein, as follows:

**GENERAL OBJECTIONS**

The following general objections ("General Objections") are incorporated in Plaintiffs' responses ("Responses") to each and every request for production contained in the Requests for Production. No Response to any request for production shall be deemed a waiver of Plaintiffs' General Objections.

1. Plaintiffs object to the Requests for Production to the extent that they seek to impose obligations on Plaintiffs beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2. Plaintiffs object to the Requests for Production to the extent that they seek or call for the production of documents or information already in the possession, custody, or control of Defendant.

3. Plaintiffs object to the Requests for Production to the extent that they seek or call for the production of documents or information that can equally or more readily be obtained by Defendant from public sources.

4. Plaintiffs object to the Requests for Production to the extent that that they seek or call for the production of documents or information that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendant from others.

5. Plaintiffs object to the Requests for Production to the extent that that they seek or call for the production of documents or information not in Plaintiffs' possession, custody, or control.

6. Plaintiffs object to the Requests for Production to the extent that that they seek or call for

supplement their responses.  Plaintiffs' responses and production should not be construed to prejudice their right to conduct further investigation in this case, or to limit their use of any additional evidence that may be developed.

14.     Plaintiffs object to the Requests for Production as unduly burdensome to the extent that they require Plaintiffs to search for, locate, and produce "all" documents related to the information requested.  Plaintiffs will conduct a reasonably diligent search for potentially relevant documents.

15.     Any production of information or documents will be subject to the Stipulated Protective Order entered in this action (Dkt. No. 306).

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**DOCUMENT REQUEST NO. 1:**

All Documents identified or relied upon by You in Your responses to Thomson SA's Second Set of Interrogatories to Plaintiffs, served contemporaneously with these Requests, to the extent that these Documents have not already been produced in this litigation to another Defendant or Conspirator.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Plaintiffs refer to and incorporate their General Objections as though set forth fully herein.  Plaintiffs further refer to and incorporate their specific objections to each of the Interrogatories served concurrently with this Request as though set forth fully herein.  Plaintiffs further object to this Request to the extent it seeks production of documents or information within the custody, possession, or control of Defendant.

Subject to and notwithstanding the foregoing objections, Plaintiffs state that they are not aware of any responsive documents within their possession, custody, or control that have not yet been produced in this litigation.

**DOCUMENT REQUEST NO. 2:**

All Documents which reflect communications between You and the Direct Purchaser Plaintiffs, any class action administrator, any Defendant or Conspirator in this litigation, or any other Person regarding your intention to exclude Yourself from any putative or certified Direct

Purchaser Plaintiff Class, including copies of any opt-out or exclusion notices send by You in this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Plaintiffs refer to and incorporate their General Objections as though set forth fully herein.  Plaintiffs further object to the Requests for Production to the extent that that they seek or call for the production of documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law.  Plaintiffs further object to this Request on the grounds that it is overly broad, unduly burdensome, and oppressive.  Plaintiffs further object to this Request because it is duplicative of other discovery requests, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, In re Cathode Ray Tube Antitrust Litigation, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Plaintiffs further object to this Request to the extent that it calls for the production of documents or information equally available to Defendant.  Plaintiffs further object to this Request to the extent that it calls for the production of documents or information not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding the foregoing objections, Plaintiffs state that they will produce the opt-out notices sent by Plaintiffs in this litgation.


DATED:  September 5, 2014          /s/ *Philip J. Iovieno*

                                   Philip J. Iovieno
                                   Anne M. Nardacci
                                   BOIES, SCHILLER & FLEXNER LLP
                                   30 South Pearl Street, 11th Floor
                                   Albany, NY  12207
                                   Telephone:  (518) 434-0600
                                   Facsimile:  (518) 434-0665
                                   Email:  piovieno@bsfllp.com
                                           anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

*Counsel for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies Corp., Interbond Corporation of America, Office Depot, Inc., P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., and Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC*

# Exhibit 21

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
Bernice Conn, Bar No. 161594
Bconn@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile: 310-229-5800

Attorneys for Plaintiffs

BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, LLC; MAGNOLIA HI-FI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to Individual Case No. 3:11-cv-05513-SC

Master File No. M:07-5994-SC
MDL No. 1917

Case No. 3:11-cv-05513-SC

BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.,

Plaintiffs,

v.

HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.;

(CONTINUED ON NEXT PAGE)

**BEST BUY'S OBJECTIONS AND RESPONSES TO THOMSON SA'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; MT PICTURE DISPLAY CO., LTD.; BEIJING MATSUSHITA COLOR CRT CO., LTD.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD.; PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA.; SAMTEL COLOR LTD.; THAI CRT CO., LTD.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES (MALAYSIA); TATUNG COMPANY OF AMERICA, INC.,

Defendants.

**PROPOUNDING PARTIES:** THOMSON SA

**RESPONDING PARTY**: BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.

**SET NO.:** TWO

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**GENERAL OBJECTIONS**

Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; Magnolia Hi-Fi, Inc. (collectively "Best Buy") assert and incorporate by reference the following General Objections to each Request for Production of Document ("Request(s)"). Reference to these General Objections in any specific Request shall not waive or otherwise limit the applicability of these General Objections to each and every Request.

Best Buy construes Defendants' Requests as served on behalf of all defendants

named in the Complaint ("Defendants") and responds and objects accordingly.

Best Buy objects to Defendants' "Definitions" to the extent that they impose burdens and obligations on Best Buy greater than or different from those authorized under the Federal Rules of Civil Procedure and the Local Rules of this Court and to the extent they purport to give meanings to words different from their ordinary English meaning or definitions set forth in the applicable statutes or rules.

Best Buy objects to each Request to the extent that it calls for information protected by the attorney-client privilege, or that may be protected by any other privilege, such as a joint defense or common interest privilege.

Best Buy objects to each Request to the extent that it seeks work product information or documents prepared by Best Buy or its representatives or in furtherance of any joint defense or common interest in anticipation of litigation or for trial.

Best Buy objects to each Request to the extent that it seeks information not relevant to the claim or defense of any party to this litigation, or that it is not reasonably calculated to lead to the discovery of admissible evidence.

Best Buy objects to each Request to the extent that it seeks information that is vexatious or unduly burdensome to obtain.

Best Buy objects to each Request to the extent that it is ambiguous, vague, and incomprehensible and/or fails to set forth with reasonable particularity the information requested.

Best Buy objects to the extent that each Request prematurely seeks expert testimony and contention discovery.

Best Buy objects to each Request to the extent that it is overbroad and/or repetitious, and to the extent that it seeks duplicative and/or cumulative information.

Best Buy objects to each Request to the extent that it seeks information that is private, confidential, trade secret, or proprietary information of itself or third parties. Best Buy agrees to provide such information, subject to the other objections stated herein, with the consent of or after an agreement has been made with interested third

parties, or if such consent or agreement cannot be obtained, after the entry of an order from the Court directing Best Buy to release such information.

Best Buy objects to each Request to the extent that it seeks information that is already in the possession, custody, or control of Defendants and/or their counsel, or to the extent that it seeks information that is available to Defendants from other sources with equivalent ease and expense.

Best Buy further objects to the extent that the Requests call for information that Best Buy does not track or keep in the ordinary course of business, or that is not in Best Buy's possession, custody, or control.

Best Buy objects to each Request for Overbreadth and Undue Burden to the extent that it is unlimited in time. Best Buy interprets the Requests as restricted to information or materials created or obtained in or around the time periods relevant to the alleged acts and omissions reasonably related to the claims and defense in the action.

Best Buy objects to the extent Defendants are drawing a distinction between CRTs and CRT Products. Best Buy is interpreting all requests related to CRTs to include its purchases of CRT Products, which contain CRTs.

Best Buy objects to the Requests to the extent that they seek expert opinion, as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges in accordance with the time period for exchanging expert reports.

The inadvertent or mistaken disclosure of information subject to the protection of the attorney-client privilege, work product doctrine or other privilege shall not be deemed to constitute a waiver of such privilege or protection.

**RESERVATIONS OF RIGHTS**

1. In responding to these Requests, Best Buy states that it has conducted, or will conduct, a diligent search, reasonable in scope, of those files and records in its possession, custody, or control believed to be likely to contain information responsive to the document requests herein.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

2. In the event that additional documents responsive to any of the Requests are later identified or brought to Best Buy's attention, Best Buy reserves the right to amend, revise, supplement, modify, or clarify the following objections and responses. Best Buy further reserves the right to complete its investigation and discovery of the facts, and to rely at trial or in other proceedings upon documents and information in addition to the information provided herein, regardless of whether such information is newly discovered or newly in existence.

3. Best Buy has responded to these Requests as it interprets and understands them. If Defendants subsequently assert an interpretation of any Request or response that differs from Best Buy's understanding, Best Buy reserves the right to supplement or amend its objections or responses.

4. Best Buy's responses to these Requests shall not constitute an admission by Best Buy that any of the document requests or responses thereto, or the documents produced in connection therewith, are admissible as evidence in any trial or other proceeding. Best Buy specifically reserves the right to object on any grounds, at any time, to the admission of any document request or any response or document produced in connection therewith in any such trial or other proceeding.

**OBJECTIONS AND RESPONSES TO REQUESTS**

**Request for Production No. 1:**

All Documents identified or relied upon by You in Your responses to Thomson SA's Second Set of Interrogatories to Best Buy Co.; Inc., Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; and Magnolia Hi-Fi, LLC, served contemporaneously with these Requests, to the extent that these Documents have not already been produced in this litigation to another Defendant or Conspirator.

**Response:**

Subject to and without waiving any objections, Best Buy states that all documents identified were either previously produced in the MDL or are publically available.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**Request for Production No. 2:**

All Documents which reflect communications between You and the Direct Purchaser Plaintiffs, any class action administrator, any Defendant or Conspirator in this litigation, or any other Person regarding your intention to exclude Yourself from any putative or certified Direct Purchaser Plaintiff Class, including copies of any opt-out or exclusion notices send by You in this litigation.

**Response:**

In addition to Best Buy's General Objections, which Best Buy hereby incorporates by reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Best Buy further objects to this Request to the extent it calls for production of documents protected by the attorney-client privilege, work product protection, or joint prosecution privilege. Subject to and without waiving any objections, Best Buy will produce the opt-out notices sent by Best Buy in this litigation.

DATED: September 5, 2014

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Laura E. Nelson
Roman M. Silberfeld
David Martinez
Laura E. Nelson

**ATTORNEYS FOR PLAINTIFFS BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, LLC; MAGNOLIA HI-FI, INC.**

# Exhibit 22

David J. Burman *(pro hac vice)*
Cori G. Moore *(pro hac vice)*
Eric J. Weiss *(pro hac vice)*
Nicholas H. Hesterberg *(pro hac vice)*
Steven D. Merriman *(pro hac vice)*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: DBurman@perkinscoie.com
CGMoore@perkinscoie.com
EWeiss@perkinscoie.com
NHesterberg@perkinscoie.com
SMerriman@perkinscoie.com

Attorneys for Plaintiff
Costco Wholesale Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File Case No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>Individual Case No. 3:11-cv-06397-SC<br><br>**COSTCO WHOLESALE CORPORATION'S OBJECTIONS AND RESPONSES TO THOMSON SA'S SECOND SET OF REQUESTS FOR PRODUCTION**<br><br>The Honorable Samuel Conti |
| This Document Relates To:<br><br>*Costco Wholesale Corporation v. Hitachi, Ltd., et al., No. 3:11-cv-06397-SC* | |

**PROPOUNDING PARTY:** Defendant Thomson SA

**RESPONDING PARTY:** Costco Wholesale Corporation

**SET NO.:** Two

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Rule 34.1 of the Local Rules of the Northern District of California, Costco Wholesale Corporation ("Costco") responds to Defendant Thomson SA.'s ("Thomson") Second Set of Requests for Production served August 1, 2014 ("Requests for Production") as follows:

**RESERVATIONS OF RIGHTS**

In responding to these Requests for Production, Costco states that it has conducted, or will conduct, a diligent search, reasonable in scope, for information that is relevant to the Requests for Production. In the event that additional information relevant to the Requests for Production is later identified or brought to Costco's attention, Costco reserves the right to amend, revise, supplement, modify, or clarify the following objections and responses. Costco further reserves the right to complete its investigation and discovery of the facts, and to rely at trial or in other proceedings upon additional information, regardless of whether such information is newly discovered or newly in existence.

Costco incorporates by reference any evidence identified by the Direct Purchaser Plaintiffs, Indirect Purchaser Plaintiffs, and the other Direct Action Plaintiffs in response to any discovery request.

Costco has responded to these Requests for Production as it interprets and understands them. If Defendant subsequently asserts an interpretation of any Request for Production or response that differs from Costco's understanding, Costco reserves the right to supplement or amend its objections or responses.

Costco reserves the right to object to the admission of its responses to the Requests for Production into evidence at trial, or any other proceeding.

**GENERAL OBJECTIONS**

The following general objections ("General Objections") are incorporated in Costco's responses ("Responses") to each and every request for production contained in the Requests for Production. No Response to any request for production shall be deemed a waiver of Costco's General Objections.

1.      Costco objects to the Requests for Production to the extent that they seek to impose obligations on Costco beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2.      Costco objects to the Requests for Production to the extent that they require Costco to disclose the confidential, proprietary, or commercially sensitive information of third parties that Costco is bound, contractually or otherwise, not to disclose.

3.      Costco objects to the Requests for Production to the extent that they duplicate other Requests for Production, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012. Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.  Costco objects to the Requests for Production to the extent that they seek information that is already in the possession, custody, or control of Defendants.

4.      Costco objects to the Requests for Production to the extent that they seek information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from public sources.

5.      Costco objects to the Requests for Production to the extent that they seek information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

6.      Costco objects to the Requests for Production to the extent that they seek information not in Costco's possession, custody, or control.

7.      Costco objects to the Requests for Production to the extent that they call for information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege, protection, or immunity applicable under the governing law.  Any information disclosed pursuant to the Requests for Production will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or

immunities. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

8. Costco objects to the Requests for Production to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

9. Costco objects to the Requests for Production to the extent that they seek information not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

10. Costco objects to the Requests for Production to the extent that they are premature contention Requests for Production. Costco has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing. Costco responds after reasonable inquiry into the relevant facts based only upon presently known information and documentation. Further investigation and discovery, including further review of documents produced or to be produced by Defendant(s), may result in the identification of additional information. Costco's responses should not be construed to prejudice Costco's right to conduct further investigation in this case or to limit Costco's use of any evidence that may be later developed.

11. Costco objects to the Requests for Production to the extent that they prematurely call for expert testimony and reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges in accordance with the time period for exchanging expert reports.

12. Costco objects to the Requests for Production to the extent that they call for speculation or call for a conclusion on an issue of law.

13. Costco objects to, and expressly disclaims, any need or intent to prove any fact listed herein as a prerequisite to proving its claims at trial.

14. Costco reserves its right to try its case as it determines is best at trial. This includes by not using facts or information stated herein or using facts or information in addition to those stated herein.

15. Costco reserves the right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or

proceeding with respect to any admissions sought by the Requests for Production and all answers Costco provides in response to these Requests for Production.

16. Costco objects to the definition of "DOCUMENT" or "DOCUMENTS" as vague, ambiguous, and unreasonably broad and, depending upon Hitachi Electronic Devices (USA), Inc.'s meaning may call for a legal conclusion. Costco also objects to the extent that it calls for documents that are subject to the attorney-client privilege, the work product doctrine, other applicable privilege, or are not in Costco's possession, custody or control.

17. Costco objects to the definition of "You," "Your," and "Yourself" as overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. In responding to the Requests for Production directed to "You" or "Your," Costco will respond for Costco Wholesale Corporation.

**OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

All Documents identified or relied upon by You in Your responses to Thomson SA's Second Set of Interrogatories to Costco Wholesale Corporation, served contemporaneously with these Requests, to the extent that these Documents have not already been produced in this litigation to another Defendant or Conspirator.

**Response to Request No. 1:**

Subject to and without waiving any objections, Costco states that all documents identified were either previously produced in the MDL or are publically available.

**DOCUMENT REQUEST NO. 2:**

All Documents which reflect communications between You and the Direct Purchaser Plaintiffs, any class action administrator, any Defendant or Conspirator in this litigation, or any other Person regarding your intention to exclude Yourself from any putative or certified Direct Purchaser Plaintiff Class, including copies of any opt-out or exclusion notices send by You in this litigation.

**Response to Request No. 2:**

In addition to Costco's General Objections, which Costco hereby incorporates by reference, Costco specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Costco further objects that this Request to the extent it calls for production of protected by the attorney-client privilege, work product protection, or joint prosecution privilege. Subject to and without waiving any objections, Costco will produce the opt-out notices sent by Costco in this litigation.

DATED: September 5, 2014

PERKINS COIE LLP

By: */s/ David J. Burman*

David J. Burman *(pro hac vice)*
Cori G. Moore *(pro hac vice)*
Eric J. Weiss *(pro hac vice)*
Nicholas H. Hesterberg *(pro hac vice)*
Steven D. Merriman *(pro hac vice)*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: DBurman@perkinscoie.com
CGMoore@perkinscoie.com
EWeiss@perkinscoie.com
NHesterberg@perkinscoie.com
SMerriman@perkinscoie.com

*Attorneys for Plaintiff*
*Costco Wholesale Corporation*

# Exhibit 23

Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard, Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
Fax: (305) 372-1861
E-mail: rarnold@knpa.com
wblechman@knpa.com
kmurray@knpa.com
srandall@knpa.com

***Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to: Individual Case No. & 11-cv-05514-SC<br><br>SEARS, ROEBUCK AND CO. & KMART CORP.<br><br>v.<br><br>HITACHI, LTD., *et al.*,<br><br>Defendants. | **Master Case No. 3:07-cv-05944-SC**<br>Individual Case No. 3:11-cv-05514-SC<br><br>MDL No. 1917<br><br>**PLAINTIFFS SEARS, ROEBUCK AND CO. & KMART CORP.'S OBJECTIONS AND RESPONSES TO DEFENDANT THOMSON SA'S SECOND SET OF REQUESTS FOR PRODUCTION** |

**RESPONDING PARTIES:** Plaintiffs Sears, Roebuck and Co. and Kmart Corp.

**PROPOUNDING PARTIES:** Thomson SA

**SET NO.:** TWO

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

> All Documents identified or relied upon by You in Your responses to Thomson SA's Second Set of Interrogatories to Sears, Roebuck and Co. and Kmart Corp., served contemporaneously with these Requests, to the extent that these Documents have not already been produced in this litigation to another Defendant or Conspirator.

**RESPONSE TO REQUEST NO. 1**

Plaintiffs refer to and incorporate their General Objections as if fully restated here. Plaintiffs also refer to and incorporate their specific objections to each of the Interrogatories referenced by the Request as if fully restated here. Plaintiffs further object to this Request to the extent that it seeks the production of documents or information within the custody, possession, and control of the Defendants in MDL No. 1917.

Subject to and without waiving their general and specific objections, Plaintiffs state that they are not aware of any responsive documents within their possession, custody, or control that have not yet been produced in this litigation or are not publicly available. Plaintiffs reserve the right to supplement their response to this Request based on further discovery, investigation, expert work, or other developments in this case.

**REQUEST FOR PRODUCTION NO. 2**

> All Documents which reflect communications between You and the Direct Purchaser Plaintiffs, any class action administrator, any Defendant or Conspirator in this litigation, or any other Person regarding your intention to exclude Yourself from any putative or certified Direct Purchaser Plaintiff Class, including copies of any opt-out or exclusion notices send by You in this litigation.

**RESPONSE TO REQUEST NO. 2**

Plaintiffs refer to and incorporate their General Objections as if fully restated here. Plaintiffs also refer to and incorporate their specific objections to each of the Interrogatories referenced by the Request as if fully restated here. Plaintiffs also object to the Request to the extent that it calls for the production of documents protected by the attorney-client privilege. Plaintiffs further object to this Request to the extent that it seeks the production of documents or information within the custody, possession, and control of the Defendants in MDL No. 1917.

Subject to and without waiving their general and specific objections, Plaintiffs state that they will produce to Thomson copies of the "opt-out or exclusion notices" that Plaintiffs mailed to defense counsel and the claim administrators in MDL No. 1917, to the extent that these documents are not already in the custody or control of Thomson. Plaintiffs reserve the right to supplement their response to this Request based on further discovery, investigation, expert work, or other developments in this case.

Dated: September 5, 2014

s/Samuel J. Randall

Richard Alan Arnold, Esq. (admitted *pro hac vice*)
rarnold@knpa.com
William J. Blechman, Esq. (admitted *pro hac vice*)
wblechman@knpa.com
Kevin J. Murray, Esq. (admitted *pro hac vice*)
kmurray@knpa.com
Samuel J. Randall, Esq. (admitted *pro hac vice*)
srandall@knpa.com
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard, Suite 1100
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

***Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 5, 2014, I caused to be served by electronic mail a true and correct copy of this Response to Defendants.

s/ Samuel J. Randall

# Exhibit 24

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

Master File No. 3:07-cv-05944-SC
MDL No. 1917

This Document Relates to:

*Sharp Electronics Corp, et al. v. Hitachi Ltd, et al.*

**RESPONSE TO THOMSON SA'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.**

**PROPOUNDING PARTY:** Defendant Thomson SA (n/k/a Technicolor SA)

**RESPONDING PARTIES:** Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

**SET NO:** Two

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Request for Production No. 2:**

All Documents which reflect communications between You and the Direct Purchaser Plaintiffs, any class action administrator, any Defendant or Conspirator in this litigation, or any other Person regarding your intention to exclude Yourself from any putative or certified Direct Purchaser Plaintiff Class, including copies of any opt-out or exclusion notices sent by You in this litigation.

**Response to Request for Production No. 2:**

Sharp refers to and incorporates its General Objections as if fully restated here. Sharp also refers to and incorporates its specific objections to each of the Interrogatories as if fully restated here. Sharp further objects to this Request to the extent that it seeks the production of documents or information within the custody, possession, and control of the Defendants in MDL No. 1917. Sharp further objects to this Request because it seeks documents that are not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Sharp refers the Defendants to the opt-out information located at MDL Dkt. Nos. 1294, 1306, 1323, 1434, 1464, 1541, 1573, 1696, 1757, and 2650. Sharp reserves the right to supplement its response to this Request based on further discovery, investigation, expert work, or other developments in this case.

Dated: September 5, 2014

By /s/ *Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs*

# Exhibit 25

Kenneth S. Marks
Jonathan J. Ross
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
kmarks@susmangodfrey.com
jross@susmangodfrey.com
*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*
[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944 SC<br>Case No. C 13-05261 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST,<br>Plaintiff,<br>v.<br>TECHNICOLOR SA.; et al.,<br>Defendants. | **OBJECTIONS AND RESPONSES OF ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, TO DEFENDANT THOMSON SA'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>The Honorable Samuel Conti |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Circuit City Trust" or "Plaintiff"), hereby responds and objects to the Second Set of Requests for Production of Thomson SA (n/k/a Technicolor SA) (collectively the "Requests" and individually a "Request"). For the reasons set forth below, Plaintiff generally and specifically objects and otherwise

**REQUEST FOR PRODUCTION NO. 2:**

All Documents which reflect communications between You and the Direct Purchaser Plaintiffs, any class action administrator, any Defendant or Conspirator in this litigation, or any other Person regarding your intention to exclude Yourself from any putative or certified Direct Purchaser Plaintiff Class, including copies of any opt-out or exclusion notices send by You in this litigation.

**ANSWER:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust further objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Evidence of Circuit City Trust's opt-out and/or exclusion notices are contained in the record, and there is no dispute regarding the validity or enforceability or any such opt-out and/or exclusion notices. Circuit City Trust is willing to meet and confer with Thomson regarding the relevance of this request and willing to consider producing responsive documents, if any, to the extent that Thomson can articulate a need for and/or the relevance of any such documents.

6

OBJECTIONS AND RESPONSES OF SIEGEL TO THOMSON SA'S 2ND SET OF REQUESTS FOR PRODUCTION – C-13-05261 SC
MDL No. 1917

3289442v1/012325

Dated: September 5, 2014.

SUSMAN GODFREY L.L.P.

By: ______________________________
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
Robert S. Safi
David M. Peterson
John P. Lahad
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
jross@susmangodfrey.com
jcarter@susmangodfrey.com
rsafi@susmangodfrey.com
dpeterson@susmangodfrey.com
jlahad@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
rblack@susmangodfrey.com
jconnors@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

7

OBJECTIONS AND RESPONSES OF SIEGEL TO THOMSON SA'S 2ND
SET OF REQUESTS FOR PRODUCTION – C-13-05261 SC
MDL No. 1917

3289442v1/012325

# Exhibit 26

Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
Email: jmurphy@crowell.com
aheaven@crowell.com

*Counsel for Plaintiff Target Corp.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates To:

*Target Corp., et al. v. Technicolor SA, et al.*, Case No. 13-cv-05686

Master File No. 3:07-cv-05944-SC

MDL No. 1917

Individual Case No. 13-cv-05686

**PLAINTIFF TARGET CORP.'S RESPONSES AND OBJECTIONS TO DEFENDANT THOMSON SA'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

PROPOUNDING PARTY: Defendant Thomson SA (n/k/a Technicolor SA)

RESPONDING PARTY: Plaintiff Target Corporation

SET NO.: TWO

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Target Corp. ("Target") hereby objects to the Second Set of Requests for Production of Documents to Target, ("Requests") served by counsel for Defendant Thomson SA ("Defendant") in the above-captioned

CROWELL & MORING LLP
ATTORNEYS AT LAW

-1-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO THOMSON SA'S SECOND SET OF REQUESTS FOR PRODUCTION

DCACTIVE-28810893.3

seeks information that is not relevant to any claim or defense in this case. Target further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or work-product doctrine. Target further objects to this Request to the extent that it seeks documents in the possession of or equally available to the Defendant. Target further objects to this Request to the extent that it is duplicative of discovery previously served on Target.

Subject to and without waiving any of the foregoing objections, Target refers Defendant to its response to Defendant's Second Set of Interrogatories to Target.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents which reflect communications between You and the Direct Purchaser Plaintiffs, any class action administrator, any Defendant or Conspirator in this litigation, or any other Person regarding your intention to exclude Yourself from any putative or certified Direct Purchaser Plaintiff Class, including copies of any opt-out or exclusion notices send by You in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Target refers to and incorporates its General Objections as though set forth fully herein. Target further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Target further objects to this Request as it seeks information equally or more readily available to Defendant through public sources, or is already in Defendant's possession, custody, or control. Target further objects to this Request to the extent that it seeks information protected by the attorney-client privilege or work-product doctrine.

//

//

//

//

//

//

CROWELL & MORING LLP
ATTORNEYS AT LAW

-5-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO THOMSON SA'S SECOND SET OF REQUESTS FOR PRODUCTION

DCACTIVE-28810893.3

DATED: September 5, 2014

By: */s/ Astor H.L. Heaven*

Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
Email: jmurphy@crowell.com
aheaven@crowell.com

*Counsel for Target Corp.*

CROWELL & MORING LLP
ATTORNEYS AT LAW

-6-

TARGET CORP.'S RESPONSES AND OBJECTIONS TO THOMSON SA'S SECOND SET OF REQUESTS FOR PRODUCTION

DCACTIVE-28810893.3

# Exhibit 27

Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131-3456
Telephone: 305-374-7580
Facsimile: 305-374-7593
E-mail: rturken@bilzin.com; swagner@bilzin.com; mwidom@bilzin.com.

Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
E-mail: ssinger@bsfllp.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN FRANCISCO DIVISION)**

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to Individual Case No. 13-CV-00157-SC

TECH DATA CORPORATION; TECH DATA PRODUCT MANAGEMENT, INC.,

Plaintiffs,

vs.

AU OPTRONICS CORPORATION; *et al.*

Defendants.

CASE No. 13-CV-00157-SC

Master File No. 07-5944 SC (N.D. Cal.)

MDL No. 1917

**TECH DATA CORPORATION AND TECH DATA PRODUCT MANAGEMENT, INC.'S RESPONSES AND OBJECTIONS TO THOMSON SA'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc. ("Plaintiff") respond to Defendant Thomson SA's ("Defendant") Second Set of Requests for Production of Documents dated August 1, 2014 (the "Requests"), as follows:

**GENERAL OBJECTIONS**

The following general objections ("General Objections") are incorporated in Plaintiff's responses ("Responses") to each and every request for production contained in the Requests for Production. No Response to any request for production shall be deemed a waiver of Plaintiff's General Objections.

1. Plaintiff objects to the Requests for Production to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2. Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information that is already in the possession, custody, or control of Defendants.

3. Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information that can equally or more readily be obtained by Defendants from public sources.

4. Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

5. Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information not in Plaintiff's possession, custody, or control.

6. Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law. Any information disclosed pursuant to the Requests for Production will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities. Any accidental disclosure of

privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

7. Plaintiff objects to the Requests for Production to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

8. Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information that is not relevant, material or necessary to this action and, thus, are not reasonably calculated to lead to the discovery of admissible evidence.

9. Plaintiff objects to the Requests for Production to the extent that they are duplicative and cumulative.

10. Plaintiff objects to the Requests for Production to the extent they call for documents produced by other parties in this MDL.

11. Plaintiff objects to the Requests for Production, including the instructions and definitions, on the grounds that Plaintiff will incur substantial expense complying with them.

12. Plaintiff objects to the time period specified in the Requests for Production as unduly burdensome and oppressive, and will produce documents on a rolling basis.

13. Plaintiff objects to the Requests for Production to the extent that they prematurely call for expert testimony and state that Plaintiff will provide expert disclosures as provided by the Federal Rule of Civil Procedure.

14. Plaintiff objects to the Requests for Production to the extent that they call for confidential information of Plaintiff and/or third-parties not involved in this litigation.

15. Plaintiff has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing. These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Plaintiff. Further investigation and discovery may result in the identification of additional information or contentions, and Plaintiff reserves the right to supplement or modify its responses. Plaintiff's responses and production should not be construed to prejudice its right to conduct further investigation in this case, or to limit its use of any additional evidence that may be developed.

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

16. Plaintiff` objects to the Requests for Production as unduly burdensome to the extent that they require Plaintiff to search for, locate, and produce "all" documents related to the information requested. Plaintiff will conduct a reasonably diligent search for potentially relevant documents.

17. Any production of information or documents will be subject to the Stipulated Protective Order entered in this action (MDL Dkt. No. 306).

18. Plaintiff objects to the extent Defendants are drawing a distinction between CRTs and CRT Products. Plaintiff is interpreting all requests related to CRTs to include its purchases of CRT Products, which contain CRTs.

19. Plaintiff objects to producing documents that were not created during the period of March 1, 1995 to December 31, 2007.

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

In response to Defendant's individual document requests, Plaintiff states as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All Documents identified or relied upon by You in Your responses to Thomson SA's Second Set of Interrogatories to Tech Data Corporation and Tech Data Product Management, Inc., served contemporaneously with these Requests, to the extent that these Documents have not already been produced in this litigation to another Defendant or Conspirator.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff refers to and incorporates its General Objections as if fully restated here. Plaintiff also refers to and incorporates its specific objections to each of the Interrogatories as if fully restated here. Plaintiff further objects to this Request to the extent that it seeks the production of documents or information within the custody, possession, and control of the Defendants in MDL No. 1917.

Subject to and without waiving its General Objections and the foregoing specific objections, Plaintiff states that it is not aware of any documents responsive to this request within its possession, custody, or control that have not yet been produced in this litigation. Plaintiff

reserves the right to supplement its response to this Request based on further discovery, investigation, expert work, or other developments in this case.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents which reflect communications between You and the Direct Purchaser Plaintiffs, any class action administrator, any Defendant or Conspirator in this litigation, or any other Person regarding your intention to exclude Yourself from any putative or certified Direct Purchaser Plaintiff Class, including copies of any opt-out or exclusion notices sent by You in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff refers to and incorporates its General Objections as if fully restated here. Plaintiff also refers to and incorporates its specific objections to each of the Interrogatories as if fully restated here. Plaintiff further objects to this Request to the extent that it seeks the production of documents or information within the custody, possession, and control of the Defendants in MDL No. 1917. Plaintiff further objects to this Request because it seeks documents that are not relevant to this action and this not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its General Objections and the foregoing specific objections, Plaintiff refers the Defendants to the opt-out information located, without limitation, at MDL Dkt. Nos. 1294, 1306, 1323, 1434, 1464, 1541, 1573, 1696, 1757, and 2650. Plaintiff reserves the right to supplement its response to this Request based on further discovery, investigation, expert work, or other developments in this case.

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

Dated: September 5, 2014

/s/Scott N. Wagner

ROBERT W. TURKEN
SCOTT N. WAGNER
MITCHELL E. WIDOM
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456
Telephone: (305) 374-7580
Facsimile: (305) 374-7593
E-mail: rturken@bilzin.com
swagner@bilzin.com
mwidom@bilzin.com

STUART H. SINGER
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
E-mail: ssinger@bsfllp.com

WILLIAM A. ISAACSON
MELISSA WILLETT
BOIES, SCHILLER & FLEXNER
5301 Wisconsin Ave. NW, Suite 800
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
E-mail: wisaacson@bsfllp.com
mwillett@bsfllp.com

PHILIP J. IOVIENO
BOIES, SCHILLER & FLEXNER
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
E-mail: piovieno@bsfllp.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

# Exhibit 28

**Pages 154 – 155 Filed Under Seal**

# Exhibit 29

SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

SUITE 5100
901 MAIN STREET
DALLAS, TEXAS 75202-3775
(214) 754-1900

SUITE 950
1901 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100

SUITE 3800
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3000
(206) 516-3880

15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330

JONATHAN J. ROSS
DIRECT DIAL (713) 653-7813

E-MAIL JROSS@SUSMANGODFREY.COM

July 20, 2012

***VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED***

CRT Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8090
San Rafael, CA 94912-8090

Re: *In re Cathode Ray Tube (CRT) Antitrust Litigation,* Master File 07-CV-5944-SC, in the United States District Court for the North District of California

Dear Claims Administrator:

We represent Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Liquidating Trust"). Pursuant to the order of the United States Bankruptcy Court for the Eastern District of Virginia confirming the plan of liquidation of Circuit City Stores, Inc. and affiliated debtors, all property of Circuit City Stores, Inc. and affiliated debtors, including all claims and causes of action, was vested in and transferred to the Liquidating Trust.[1] Alfred H. Siegel is the duly appointed trustee of the Liquidating Trust. The address for the Liquidating Trust is P.O. Box 5695 Glen Allen, Virginia 23058, but this law firm should be contacted for any communications to the Liquidating Trust.

Pursuant to the Court's May 3, 2012, Order Granting Settlement Class Certification and Preliminary Approval of Class Action Settlement with CPT and Philips, the Liquidating Trust, on behalf of itself and Circuit City Stores, Inc. and its affiliated debtors, wants to be excluded from the direct purchaser litigation class settlement with Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., and

[1] *In re Circuit City Stores, Inc., et al.,* Case No. 08-35653 (KRH), in the United States Bankruptcy Court for the Eastern District of Virginia.

Philips Da Amazonia Industria Electronica Ltda. ("Philips" collectively) in *In re Cathrode Ray Tube (CRT) Antitrust Litigation.*

If you have any questions regarding this exclusion election, please contact me.

Sincerely,

Jonathan J. Ross
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
(713) 653-7813

Counsel for Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust