# **Exhibit 6**

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;<br><br>*Interbond Corporation of America v. Technicolor* | Case No. 07-cv-5944 (SC)<br><br>MDL No. 1917<br><br>**DECLARATION OF CRAIG A. BENSON IN SUPPORT OF DIRECT ACTION PLAINTIFFS' LETTER BRIEF IN OPPOSITION TO THOMSON'S MOTIONS TO COMPEL DATED 9/12/2014 AND 9/19/2014** |
|---|---|

*SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

I, CRAIG A. BENSON, hereby declare as follows:

1. I am a partner with the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel for Plaintiffs Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA"). I am an active member in good standing of the bars of the State of Maryland, the State of New York, and the District of Columbia, and on March 20, 2013 was granted leave to appear *pro hac vice* in this litigation. I have personal knowledge of the facts stated herein and could competently testify to these facts if called upon to do so. I submit this Declaration in support of Direct Action Plaintiffs' ("DAPs") concurrently filed Letter Brief in Opposition to Thomson's Motions to Compel Dated 9/12/2014 and 9/19/2014.

2. I have attached as exhibits to this declaration excerpts of discovery responses served by Direct Action Plaintiffs. Upon request, Direct Action Plaintiffs will provide full copies of any attached exhibit.

3. Attached as Exhibit A is a true and correct copy of relevant excerpts from Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of

America, Inc.'s Responses and Objections to Defendants Panasonic Corporation and LG Electronics, Inc.'s First Set of Requests for Production of Documents, dated July 22, 2013.

4. Attached as Exhibit B is a true and correct copy of relevant excerpts from Plaintiffs Sears, Roebuck and Co. and Kmart Corporation's Responses and Objections to Defendants Tatung Company of America, Inc. and Samsung Electronics Co., Ltd.'s First Set of Requests for Production of Documents, dated August 17, 2012 as provided to me by counsel for Sears, Roebuck and Co. and Kmart Corporation.

5. Attached as Exhibit C is a true and correct copy of relevant excerpts from ABC Appliance, Inc. D/B/A ABC Warehouse's Objections and Responses to Defendants Toshiba America Electronic Components, Inc.'s and Philips Electronics North America Corporation's First Requests for Production of Documents, dated August 17, 2012 as provided to me by counsel for ABC Appliance, Inc.

6. Attached as Exhibit D is a true and correct copy of relevant excerpts from Interbond Corporation of America's Objections and Responses to Defendants Samsung SDI Co., Ltd.'s and Hitachi Asia, Ltd.'s First Requests for Production of Documents, dated August 17, 2012 as provided to me by counsel for Interbond Corporation.

7. Attached as Exhibit E is a true and correct copy of relevant excerpts from Electrograph Systems, Inc.'s and Electrograph Technologies Corp.'s Objections and Responses to Defendants Hitachi Electronic Devices (USA) Inc.'s and Samsung SDI America, Inc.'s First Requests for Production of Documents, dated August 17, 2012 as provided to me by counsel for Electrograph Systems, Inc. and Electrograph Technologies Corp.

8. Attached as Exhibit F is a true and correct copy of relevant excerpts from Marta Cooperative of America, Inc.'s Objections and Responses to Defendants Toshiba America Electronic Components, Inc.'s and Philips Electronics North America Corporation's First Requests for Production of Documents, dated August 17, 2012 as provided to me by counsel for Marta Cooperative of America, Inc.

9. Attached as Exhibit G is a true and correct copy of relevant excerpts from P.C. Richard & Son Long Island Corporation's Objections and Responses to Defendants Toshiba America Electronic Components, Inc.'s and Philips Electronics North America Corporation's First Requests for Production of Documents, dated August 17, 2012 as provided to me by counsel for P.C. Richard & Son Long Island Corporation.

10. Attached as Exhibit H is a true and correct copy of relevant excerpts from Schultze Agency Services, LLC on behalf of Tweeter Newco, LLC's Objections and Responses to Defendants LG Electronics, Inc.'s and Panasonic Corporation of North America's First Requests for Production of Documents, dated August 17, 2012 as provided to me by counsel for Schultze Agency Services, LLC on behalf of Tweeter Newco, LLC.

11. Attached as Exhibit I is a true and correct copy of relevant excerpts from Plaintiff Target Corp.'s Responses and Objections to Defendants Tatung Company of America, Inc. and Samsung Electronics Co., Ltd.'s First Set of Requests for Production of Documents, dated August 17, 2014 as provided to me by counsel for Target Corp.

12. Attached as Exhibit J is a true and correct copy of relevant excerpts from Office Depot's Objections and Responses to Defendants Toshiba America Electronic Components, Inc.'s and Philips Electronics North America Corporation's First Requests for Production of Documents, dated August 31, 2012 as provided to me by counsel for Office Depot.

13. Attached as Exhibit K is a true and correct copy of relevant excerpts from Plaintiff's Responses to Defendants Panasonic Corporation's and LG Electronics, Inc.'s First Set of Requests for Production of Documents, dated August 17, 2012 as provided to me by counsel for Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; Bestbuy.com, LLC; and Magnolia Hi-Fi, Inc.

14. Attached as Exhibit L is a true and correct copy of relevant excerpts from Costco Wholesale Corporation's Responses and Objections to Philips Electronics North America Corporation and Toshiba America Electronic Components, Inc.'s First Set of Requests for

Production, dated August 17, 2012 as provided to me by counsel for Costco Wholesale Corporation.

15. Attached as Exhibit M is a true and correct copy of relevant excerpts from Tech Data Corporation and Tech Data Product Management, Inc.'s Responses and Objections to Panasonic Corporation and Hitachi Electronic Devices (USA), Inc.'s First Set of Requests for Production of Documents, dated August 5, 2013 as provided to me by counsel for Tech Data Corporation and Tech Data Product Management, Inc.

16. Attached as Exhibit N is a true and correct copy of relevant excerpts from Responses and Objections of Alfred H. Siegel, as Trustee of The Circuit City Stores, Inc. Liquidating Trust, to First Request for Production of Documents from Thomson SA and Thomson Consumer Electronics, Inc., dated July 10, 2014 as provided to me by counsel for Alfred H. Siegel, as Trustee of The Circuit City Stores, Inc.

I declare under penalty of perjury, that the foregoing is true and correct. Executed this 3rd day of October, 2014, at Washington, DC.

/s/ *Craig A. Benson*
Craig A. Benson

Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
Email: jmurphy@crowell.com
aheaven@crowell.com

*Counsel For Target Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO**

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

---

This Document Relates to:

*Target Corporation v. Chunghwa Picture Tubes, Ltd. et al.*, No. 11-cv-05514

Target Corporation v. Technicolor SA, et al., No. 13-cv-05686

Master File No. 3:07-cv-05944-SC
MDL No. 1917

The Honorable Samuel Conti

Individual Case Nos. 3:11-cv-05514
3:13-cv-05686

**DECLARATION OF ASTOR H. L. HEAVEN IN SUPPORT OF DIRECT ACTION PLAINTIFFS' LETTER BRIEF IN OPPOSITION TO THOMSON'S MOTIONS TO COMPEL DATED SEPTEMBER 12, 2014 AND SEPTEMBER 19, 2014**

I, Astor H.L. Heaven, hereby declare as follows:

1. I am an attorney with the law firm of Crowell & Moring LLP, which represents Target Corporation ("Target") in the above-captioned actions currently pending in the United States District Court for the Northern District of California. I am a member in good standing of the District of Columbia and Maryland bars, and am admitted to appear in this Court *pro hac vice* in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944-SC, MDL No. 1917 ("MDL 1917"). The matters stated herein are true to my own personal knowledge, and, if called as a witness, I could and would competently testify thereto.

2. I submit this declaration in support of the Direct Action Plaintiffs' letter brief in opposition to Thomson's Motions to Compel dated September 12, 2014 and September 19, 2014. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

3. Target has produced, to the extent any such documents exist, all documents in its custody and control relating to its fraudulent concealment allegations, including documents concerning (i) whether Target had a suspicion or belief that any defendant was engaged in anticompetitive conduct before November 26, 2007; (ii) fraudulent concealment by the Thomson Defendants; and (iii) steps or actions taken by Target to discover the facts alleged in its complaint prior to November 26, 2007.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 3rd day of October, 2014, in Washington, District of Columbia.

*/s/ Astor H.L. Heaven*
Astor H.L. Heaven

Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard, Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
Fax: (305) 372-1861
E-mail: rarnold@knpa.com
wblechman@knpa.com
kmurray@knpa.com
srandall@knpa.com

***Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corporation***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to: Individual Case No. & 13-cv-05262<br><br>SEARS, ROEBUCK AND CO. & KMART CORPORATION<br><br>v.<br><br>TECHNICOLOR SA, ET AL.., *et al.*,<br><br>Defendants. | **Master Case No. 3:07-cv-05944-SC**<br>Individual Case No. 3:13-cv-05262<br><br>MDL No. 1917<br><br>**DECLARATION OF SAMUEL J. RANDALL IN SUPPORT OF DIRECT ACTION PLAINTIFFS' LETTER BRIEF IN OPPOSITION TO THOMSON'S MOTIONS TO COMPEL DATED SEPTEMBER 12, 2014 AND SEPTEMBER 19, 2014** |

1

DECLARATION OF SAMUEL J. RANDALL IN SUPPORT OF SEARS, ROEBUCK AND CO. AND KMART CORPORATION'S RESPONSE IN OPPOSITION TO THOMSON'S MOTIONS TO COMPEL DATED SEPTEMBER 12, 2014 AND SEPTEMBER 19, 2014

I, Samuel J. Randall, declare as follows:

1. I am an attorney with Kenny Nachwalter P.A., counsel for Plaintiffs Sears, Roebuck and Co. ("Sears") and Kmart Corporation ("Kmart") in these actions. I am a member in good standing of the bars of the states of Florida and the Commonwealth of Massachusetts and I am admitted to practice before this Court *pro hac vice*;

2. I submit this declaration in support of the Direct Action Plaintiffs' letter brief in opposition to Thomson's Motions to Compel dated September 12, 2014 and September 19, 2014. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto; and

3. Sears and Kmart have produced, to the extent any such documents exist, all documents in their custody and control relating to their fraudulent concealment allegations, including documents concerning (i) whether Sears and Kmart had a suspicion or belief that any defendant was engaged in anticompetitive conduct before November 26, 2007; (ii) fraudulent concealment by the Thomson Defendants; and (iii) steps or actions taken by Sears and Kmart to discover the facts alleged in their complaint prior to November 26, 2007.

I declare under penalty of perjury under that the foregoing is true and correct. Executed on:

October 3, 2014, in Miami, Florida By: */s/Samuel J. Randall*
Samuel J. Randall, Esq.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 3, 2014, I served by electronic mail a true and correct copy of this Declaration on counsel for Thomson.

*/s/Samuel J. Randall*

2

DECLARATION OF SAMUEL J. RANDALL IN SUPPORT OF SEARS, ROEBUCK AND CO. AND KMART CORPORATION'S RESPONSE IN OPPOSITION TO THOMSON'S MOTIONS TO COMPEL DATED SEPTEMBER 12, 2014 AND SEPTEMBER 19, 2014

# EXHIBIT A

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

Kenneth A. Gallo *(pro hac vice)*
Joseph J. Simons *(pro hac vice)*
Craig A. Benson *(pro hac vice)*
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

*Attorneys for Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-5944-SC<br>MDL NO. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corporation, Sharp Electronics Manufacturing Company of America, Inc. v. Hitachi, Ltd. et al.*, Case No. 13-cv-1173 SC. | **PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANTS PANASONIC CORPORATION AND LG ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTIES:** Defendants Panasonic Corporation and LG Electronics, Inc.

**RESPONDING PARTIES:** Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

**SET NO.:** ONE

SHARP'S RESPONSES AND OBJECTIONS TO DEFENDANTS PANASONIC CORPORATION AND LG ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 13-cv-1173-SC
Master File No. 07-cv-5944, MDL No. 1917

Products sold by Sharp in the United States during the period of March 1, 1995 to December 2007, located following a reasonable search.

**Request No. 25:**

All Documents relating to your suspicion or belief that any Defendant was engaged in any anticompetitive conduct relating to CRTs or CRT Products, including the date You first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**Response to Request No. 25**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Request, including the time frame for the Request, on the grounds that it is overly broad, unduly burdensome and oppressive, and is not calculated to lead to the discovery of admissible evidence. Sharp further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege.

Subject to and without waiving the foregoing objections, Sharp will produce non-privileged documents, if any, created before November 26, 2007, relating to a suspicion or belief by Sharp that any Defendant was engaged in any anticompetitive conduct relating to CRTs in the United States during the Relevant Period, located following a reasonable search.

**Request No. 26:**

Without limitation as to time, all Documents relating to any statement or action by any Defendant, or any other Person or entity that You contend had the effect of concealing any of Your claims.

**Response to Request No. 26**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Request, including the time frame for the Request, on the grounds that it is overly broad, unduly burdensome and oppressive, and seeks documents in the possession of the Defendants.

- 18 -

SHARP'S RESPONSES AND OBJECTIONS TO DEFENDANTS PANASONIC CORPORATION AND LG ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Case No. 13-cv-1173-SC
Master File No. 07-cv-5944, MDL No. 1917

Subject to and without waiving the foregoing objections, Sharp will produce non-privileged documents, if any, relating to any statement or action by any Defendant, or any other Person or entity, that had the effect of concealing any of Sharp's claims, located following a reasonable search.

**Request No. 27:**

Without limitation as to time, all Documents concerning any steps or actions taken by You to discover the facts alleged in the Complaint that You contend support Your claims.

**Response to Request No. 27**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Request, including the time frame for the Request, on the grounds that it is overly broad, unduly burdensome and oppressive, and/or is duplicative of other requests including at least Request No. 25. Sharp further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege.

Subject to and without waiving the foregoing objections, Sharp will produce non-privileged documents, if any, created prior to November 26, 2007, concerning any steps or actions taken by Sharp to discover the facts alleged in the Complaint that support Sharp's claims, located following a reasonable search.

**Request No. 28:**

All Documents relating to the sharing of information between manufacturers of CRTs.

**Response to Request No. 28**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Request, including the time frame for the Request, on the grounds that it is overly broad, unduly burdensome and oppressive, is duplicative of other requests including at least Request No. 25, seeks documents in the possession of or equally available to the Defendants, and is not calculated to lead to the discovery of admissible evidence.

- 19 -

SHARP'S RESPONSES AND OBJECTIONS TO DEFENDANTS PANASONIC CORPORATION AND LG ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Case No. 13-cv-1173-SC
Master File No. 07-cv-5944, MDL No. 1917

DATED: July 22, 2013

By: */s/ Craig A. Benson*

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

Kenneth A. Gallo (*pro hac vice)*
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

*Attorneys for Plaintiffs*

- 24 -

SHARP'S RESPONSES AND OBJECTIONS TO DEFENDANTS PANASONIC CORPORATION AND LG ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Case No. 13-cv-1173-SC
Master File No. 07-cv-5944, MDL No. 1917

# EXHIBIT B

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-622-4750
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Counsel for Plaintiffs
*Target Corp.; Sears, Roebuck and Co.; Kmart Corp.; Old Comp Inc.; Good Guys, Inc.; RadioShack Corp.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates To:

*Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al., Case No. 3:11-CV-05514-SC*

CASE NO. 3:11-CV 11-05514-SC

MASTER FILE NO. CV 07-5944-SC

MDL NO. 1917

**PLAINTIFFS SEARS, ROEBUCK AND CO. AND KMART CORPORATION'S RESPONSES AND OBJECTIONS TO DEFENDANTS TATUNG COMPANY OF AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

PROPOUNDING PARTY: Defendants Tatung Company of America, Inc. and Samsung Electronics Co., LTD

RESPONDING PARTY: Plaintiffs Sears Roebuck and Co. and Kmart Corporation

SET NO.: ONE

CROWELL & MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC

PLAINTIFFS SEARS AND KMART'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19394232.1

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Sears, Roebuck and Co. and Kmart Corporation (together, "Sears") hereby object to the First Set of Requests for Production of Documents to Sears ("Requests") served by counsel for Tatung Company of America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Defendants") in the above-captioned matter. For the reasons specified below, Sears objects generally and specifically to all specifications in the Requests. Sears reserves the right to supplement the objections and responses set forth below.

**GENERAL OBJECTIONS**

Sears asserts the following General Objections to the Requests, which are incorporated by reference in each specific response as though set forth fully therein:

1. Sears objects to the Requests, including the instructions and definitions, to the extent they are overbroad, burdensome, and seek information that is outside the scope of any allowable discovery by the court.

2. Sears objects to the Requests to the extent they call for documents not in the possession, custody, or control of Sears. Sears does not have possession, custody, or control documents possessed by individuals that are former employees, former agents, subcontractors, independent contractors, third parties, the media, or other persons and entities whose documents are not accessible to Sears. Sears further objects to the Requests to the extent they are duplicative of documents and information that are equally or more readily available to Defendants through public sources, or are already in Defendants' possession, custody, or control.

3. Sears objects to the Requests to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Sears objects to the Requests to the extent they seek documents that contain trade secrets or otherwise contain confidential, proprietary, or competitively sensitive information, the disclosure of which could cause serious injury to Sears.

5. Sears objects to the Requests to the extent they seek documents and information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any

CROWELL & MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC

-2-

PLAINTIFFS SEARS AND KMART'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19394232.1

other applicable privilege, immunity, or protective doctrine. Such information will not be produced; any production thereof is inadvertent and not a waiver of any applicable protection against disclosure.

6. Sears objects to the Requests to the extent they would require Sears to disclose information that would cause Sears to violate its existing contractual obligations to other parties to maintain the confidentiality of such information.

7. Sears objects to the Requests to the extent that the specifications are vague and ambiguous. Sears also objects to Defendants' definitions of words to the extent they are inconsistent with the plain meaning of those words or impose an expanded definition of the words or phrases. By responding to a request containing such a definition, Sears does not adopt definitions of terms propounded by Defendants. Instead, Sears expressly reserves its right to narrow the scope of the purported definition.

8. Sears objects to the Requests to the extent they impose obligations that exceed those imposed by applicable law, including the Federal Rules of Civil Procedure. By providing these objections Sears does not in any way waive, or intend to waive, but rather intends to preserve and is preserving all objections on any ground to the use of any documents produced by Sears in any subsequent proceedings, including any other lawsuits or proceedings.

9. Sears objects to the time period specified in the Requests for production of documents as unduly burdensome and oppressive. Sears will produce documents at a mutually-convenient time agreed to by Sears and Defendants.

10. Sears objects to the Requests to the extent that they prematurely call for expert testimony and state that Sears will provide expert disclosures as provided by the Federal Rule of Civil Procedure or order of the court.

11. Sears objects to the Requests, including the instructions and definitions, on the grounds that Sears will incur substantial expense complying with the inspection and copying command.

CROWELL & MORING LLP ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC

-3-

PLAINTIFFS SEARS AND KMART'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19394232.1

12. Sears objects to the Requests to the extent Defendants are drawing a distinction between CRTs and CRT Products. In responding to these Requests, Sears is interpreting all Requests related to CRTs to include its purchases of CRT Products, which contain CRTs.

13. Sears has not completed its discovery and preparation in this matter, and Sears' investigation of this case is ongoing. Sears' responses are being made after reasonable inquiry into the relevant facts, and the responses are based only upon the information and documentation that is presently available to and known to Sears. Further investigation and discovery may result in the identification of additional information or contentions, and Sears reserves the right to modify its responses. Sears' responses should not be construed to prejudice Sears' right to conduct further investigation in this case, or to limit Sears' use of any additional evidence that may be developed.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All Documents You Identified or were requested to Identify in response to the Interrogatories served herewith.

**RESPONSE TO REQUEST NO. 1:**

Sears refers to and incorporates its General Objections as though set forth fully herein. Sears also refers to and incorporates its objections and responses to Defendants' Interrogatories. Sears further objects to this Request on the grounds that it seeks documents that are irrelevant to the claims or defenses of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Sears further objects to this Request on the grounds and to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other available privilege or protection.

**REQUEST NO. 2:**

All Documents concerning any CRTs or CRT Products purchased by You or on Your behalf from Defendants during the Relevant Period, including Documents evidencing for each CRT or CRT Product:

CROWELL & MORING LLP ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC

-4-

PLAINTIFFS SEARS AND KMART'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19394232.1

Relevant Period and is not reasonably calculated to lead to the discovery of admissible evidence. Sears further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive. Sears further objects that this Request seeks documents that are equally available to Defendants, or can be obtained from another source that is more convenient, less burdensome, or less expensive. Sears further objects to this Request as vague and ambiguous; specifically, the references to "revenue, costs, profitability and margins" are vague and ambiguous.

Subject to and without waiving any of the foregoing objections, Sears offers to meet and confer with Defendants regarding the scope of this Request.

**REQUEST NO. 24:**

All Documents relating to your suspicion or belief that any Defendant was engaged in any anticompetitive conduct relating to CRTs or CRT Products, including the date You first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**RESPONSE TO REQUEST NO. 24:**

Sears refers to and incorporates its General Objections as though set forth fully herein. Sears further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive. Sears further objects that this Request seeks documents that are equally available to Defendants, or can be obtained from another source that is more convenient, less burdensome, or less expensive. Sears further objects to this Request on the grounds and to the extent that the Request seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other available privilege or protection. Sears further objects to this Request as vague and ambiguous; specifically, the reference to "suspicion," "belief," and "anticompetitive conduct," are vague and ambiguous.

Subject to and without waiving any of the foregoing objections, Sears offers to meet and confer with Defendants regarding the scope of this Request.

**REQUEST NO. 25:**

Without limitation as to time, all Documents relating to any statement or action by any Defendant, or any other Person or entity that You contend had the effect of concealing any of Your claims.

CROWELL & MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC

-17-

PLAINTIFFS SEARS AND KMART'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19394232.1

**RESPONSE TO REQUEST NO. 25:**

Sears refers to and incorporates its General Objections as though set forth fully herein. Sears further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive. Sears further objects that this Request calls for premature contention discovery. Sears further objects that this Request seeks documents that are equally available to Defendants, particularly to the extent it seeks documents that are either publicly available or are in the possession of Defendants and their co-conspirators. Sears further objects to this Request on the grounds that it calls for a legal conclusion. Sears further objects to this Request on the grounds and to the extent that the Request seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other available privilege or protection. Sears further objects to this Request as vague and ambiguous; specifically, the reference to "concealing" is vague and ambiguous.

Subject to and without waiving any of the foregoing objections, Sears offers to meet and confer with Defendants regarding the scope of this Request.

**REQUEST NO. 26:**

Without limitation as to time, all Documents concerning any steps or actions taken by YOU to discover the facts alleged in the Complaint that You contend support Your claims.

**RESPONSE TO REQUEST NO. 26:**

Sears refers to and incorporates its General Objections as though set forth fully herein. Sears further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive. Sears further objects that this Request calls for premature contention discovery. Sears further objects to this Request on the grounds and to the extent that the Request seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other available privilege or protection.

Subject to and without waiving any of the foregoing objections, Sears offers to meet and confer with Defendants regarding the scope of this Request.

**REQUEST NO. 27:**

All Documents relating to the sharing of information between manufacturers of CRTs.

CROWELL & MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC          -18-          PLAINTIFFS SEARS AND KMART'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19394232.1

Defendants.

Subject to and without waiving any of the foregoing objections, Sears offers to meet and confer with Defendants regarding the scope of this Request.

**REQUEST NO. 33:**

Documents sufficient to Identify all purposes for which You purchased or used CRTs and CRT Products.

**RESPONSE TO REQUEST NO. 33:**

Sears refers to and incorporates its General Objections as though set forth fully herein. Sears further objects to this Request on the grounds that it is overly broad and seeks documents that are irrelevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Sears further objects to this Request on the grounds that it is unduly burdensome and oppressive.

**REQUEST NO. 34:**

All Documents relating to the allegations contained in paragraph 173 of the Complaint.

**RESPONSE TO REQUEST NO. 34:**

Sears refers to and incorporates its General Objections as though set forth fully herein. Sears further objects to this Request on the grounds that it is overly broad, unduly burdensome, and oppressive. Sears further objects that this Request seeks documents that are equally available to Defendants, or can be obtained from another source that is more convenient, less burdensome, or less expensive. Sears further objects to this Request on the grounds and to the extent that the Request seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other available privilege or protection.

DATED: August 17, 2012

*/s/ Jason C. Murray*
Jason C. Murray
CROWELL & MORING LLP

*Counsel for Plaintiffs Target Corp.; Sears, Roebuck and Co.; Kmart Corp.; Old Comp Inc.; Good Guys, Inc.; and RadioShack Corp.*

CROWELL & MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC

-22-

PLAINTIFFS SEARS AND KMART'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19394232.1

# EXHIBIT C

William A. Isaacson (admitted *pro hac vice*)
Melissa Felder (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com
mfelder@bsfllp.com

Philip J. Iovieno (admitted *pro hac vice*)
Anne M. Nardacci (admitted *pro hac vice*)
Luke Nikas (admitted *pro hac vice*)
Christopher V. Fenlon (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com
lnikas@bsfllp.com
cfenlon@bsfllp.com

Counsel for Plaintiff ABC Appliance, Inc.
d/b/a ABC Warehouse

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:11-cv-05530-SC (N.D. Cal.) | Case No. 3:11-cv-05530-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| ABC APPLIANCE, INC. D/B/A ABC WAREHOUSE,<br><br>Plaintiff,<br><br>vs.<br><br>HITACHI LTD., et al.,<br><br>Defendants. | **ABC APPLIANCE, INC. D/B/A ABC WAREHOUSE'S OBJECTIONS AND RESPONSES TO DEFENDANTS TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | Toshiba America Electronic Components, Inc. and Philips Electronics North America Corporation |
| **RESPONDING PARTY:** | ABC Appliance, Inc. d/b/a ABC Warehouse |
| **SET:** | One |

ABC Warehouse refers to and incorporates its General Objections as if set forth fully herein. ABC Warehouse also objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive, seeks or calls for the production of documents that are equally available to Defendants or are irrelevant to the claims or defenses of any party, and is not calculated to lead to the discovery of admissible evidence. ABC Warehouse also objects to the terms "revenue", "costs", "profitability", and "margins" as being vague and ambiguous.

Subject to and notwithstanding the foregoing objections, ABC Warehouse will produce responsive, non-privileged audited financial statements created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business.

**REQUEST NO. 23:**

All Documents relating to your suspicion or belief that any Defendant was engaged in any anticompetitive conduct relating to CRTs or CRT Products, including the date You first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**RESPONSE TO REQUEST NO. 23:**

ABC Warehouse refers to and incorporates its General Objections as if set forth fully herein. ABC Warehouse further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. ABC Warehouse also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, ABC Warehouse will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 24:**

Without limitation as to time, all Documents relating to any statement or action by any

Defendant, or any other Person or entity that You contend had the effect of concealing any of Your claims.

**RESPONSE TO REQUEST NO. 24:**

ABC Warehouse refers to and incorporates its General Objections as if set forth fully herein. ABC Warehouse further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. ABC Warehouse also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, ABC Warehouse will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 25:**

Without limitation as to time, all Documents concerning any steps or actions taken by You to discover the facts alleged in the Complaint that You contend support Your claims.

**RESPONSE TO REQUEST NO. 25:**

ABC Warehouse refers to and incorporates its General Objections as if set forth fully herein. ABC Warehouse further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. ABC Warehouse also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, ABC Warehouse will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 26:**

available to Defendants or are irrelevant to the claims or defenses of any party, and is not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 33:**

All Documents relating to the allegations contained in paragraph 156-157 of the Complaint.

**RESPONSE TO REQUEST NO. 33:**

ABC Warehouse refers to and incorporates its General Objections as if set forth fully herein. ABC Warehouse further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive, and seeks or calls for the production of documents that are either publicly available, available as part of the U.S. Department of Justice investigation, or were already produced in this litigation. Such documents are either already in Defendants' possession, or can be obtained from another source that is more convenient, less burdensome, or less expensive.

DATED: August 17, 2012

/s/ Philip J. Iovieno

William A. Isaacson (admitted *pro hac vice*)
Melissa Felder (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com
mfelder@bsfllp.com

Philip J. Iovieno (admitted *pro hac vice*)
Anne M. Nardacci (admitted *pro hac vice*)
Luke M. Nikas (admitted *pro hac vice*)
Christopher V. Fenlon (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com
lnikas@bsfllp.com
cfenlon@bsfllp.com

*Counsel for Plaintiff*
*ABC Appliance, Inc. d/b/a ABC Warehouse*

# EXHIBIT D

William A. Isaacson (admitted *pro hac vice*)
Melissa Felder (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com
mfelder@bsfllp.com

Philip J. Iovieno (admitted *pro hac vice*)
Anne M. Nardacci (admitted *pro hac vice*)
Luke Nikas (admitted *pro hac vice*)
Christopher V. Fenlon (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com
lnikas@bsfllp.com
cfenlon@bsfllp.com

Counsel for Plaintiff
Interbond Corporation of America

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:11-cv-06275-SC (N.D. Cal.) | Case No. 3:11-cv-06275-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| INTERBOND CORPORATION OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HITACHI LTD., et al.,<br><br>Defendants. | **INTERBOND CORPORATION OF AMERICA'S OBJECTIONS AND RESPONSES TO DEFENDANTS SAMSUNG SDI CO., LTD.'S AND HITACHI ASIA, LTD.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTIES:** Samsung SDI Co., Ltd. and Hitachi Asia, Ltd.

**RESPONDING PARTY:** Interbond Corporation of America

**SET:** One

the discovery of admissible evidence. BrandsMart also objects to the terms "revenue", "costs", "profitability", and "margins" as being vague and ambiguous.

Subject to and notwithstanding the foregoing objections, BrandsMart will produce responsive, non-privileged audited financial statements created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business.

**REQUEST NO. 23:**

All DOCUMENTS relating to your suspicion or belief that any DEFENDANT was engaged in any anticompetitive conduct relating to CRTs or CRT PRODUCTS, including the date YOU first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**RESPONSE TO REQUEST NO. 23:**

BrandsMart refers to and incorporates its General Objections as if set forth fully herein. BrandsMart further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. BrandsMart also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, BrandsMart will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 24:**

Without limitation as to time, all DOCUMENTS relating to any statement or action by any DEFENDANT, or any other PERSON or entity that YOU contend had the effect of concealing any of YOUR claims.

**RESPONSE TO REQUEST NO. 24:**

BRANDSMART'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

17

Case No. 3:11-cv-06275-SC
Master File No. 3:07-md-05944-SC

BrandsMart refers to and incorporates its General Objections as if set forth fully herein. BrandsMart further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. BrandsMart also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, BrandsMart will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 25:**

Without limitation as to time, all DOCUMENTS concerning any steps or actions taken by YOU to discover the facts alleged in the COMPLAINT that YOU contend support YOUR claims.

**RESPONSE TO REQUEST NO. 25:**

BrandsMart refers to and incorporates its General Objections as if set forth fully herein. BrandsMart further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. BrandsMart also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, BrandsMart will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 26:**

All DOCUMENTS relating to the sharing of information between manufacturers of CRTs.

**RESPONSE TO REQUEST NO. 26:**

**REQUEST NO. 33:**

All DOCUMENTS relating to any decision to purchase CRT PRODUCTS instead of LCD or plasma products, including all documents relating to (a) any LCD or plasma products considered, (b) the price of such items or products, and (c) any factors related to the decision not to purchase the LCD or plasma product.

**RESPONSE TO REQUEST NO. 33:**

BrandsMart refers to and incorporates its General Objections as if set forth fully herein. BrandsMart also objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive, seeks or calls for the production of documents that are equally available to Defendants or are irrelevant to the claims or defenses of any party, and is not calculated to lead to the discovery of admissible evidence.

DATED: August 17, 2012

/s/ Philip J. Iovieno

William A. Isaacson (admitted *pro hac vice*)
Melissa Felder (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com
mfelder@bsfllp.com

Philip J. Iovieno (admitted *pro hac vice*)
Anne M. Nardacci (admitted *pro hac vice*)
Luke M. Nikas (admitted *pro hac vice*)
Christopher V. Fenlon (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com
lnikas@bsfllp.com
cfenlon@bsfllp.com

*Counsel for Plaintiff*
*Interbond Corporation of America*

# EXHIBIT E

William A. Isaacson (admitted *pro hac vice*)
Melissa Felder (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com
mfelder@bsfllp.com

Philip J. Iovieno (admitted *pro hac vice*)
Anne M. Nardacci (admitted *pro hac vice*)
Luke Nikas (admitted *pro hac vice*)
Christopher V. Fenlon (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com
lnikas@bsfllp.com
cfenlon@bsfllp.com

Counsel for Plaintiffs
Electrograph Systems, Inc. and
Electrograph Technologies Corp.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:11-cv-01656-SC (N.D. Cal.) | Case No. 3:11-cv-01656-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| ELECTROGRAPH SYSTEMS, INC. AND ELECTROGRAPH TECHNOLOGIES CORP.,<br><br>Plaintiffs,<br><br>vs.<br><br>HITACHI LTD., et al.,<br><br>Defendants. | **ELECTROGRAPH SYSTEMS, INC.'S AND ELECTROGRAPH TECHNOLOGIES CORP.'S OBJECTIONS AND RESPONSES TO DEFENDANTS HITACHI ELECTRONIC DEVICES (USA), INC.'S AND SAMSUNG SDI AMERICA, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTIES:** Defendants Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.

**RESPONDING PARTIES:** Electrograph Systems, Inc. and Electrograph Technologies Corp.

**SET:** One

All DOCUMENTS relating to your suspicion or belief that any DEFENDANT was engaged in any anticompetitive conduct relating to CRTs or CRT PRODUCTS, including the date YOU first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**RESPONSE TO REQUEST NO. 24:**

Electrograph refers to and incorporates its General Objections as if set forth fully herein. Electrograph further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. Electrograph also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, Electrograph will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 25:**

Without limitation as to time, all DOCUMENTS relating to any statement or action by any DEFENDANT, or any other PERSON or entity that YOU contend had the effect of concealing any of YOUR claims.

**RESPONSE TO REQUEST NO. 25:**

Electrograph refers to and incorporates its General Objections as if set forth fully herein. Electrograph further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. Electrograph also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, Electrograph will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of

business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 26:**

Without limitation as to time, all DOCUMENTS concerning any steps or actions taken by YOU to discover the facts alleged in the AMENDED COMPLAINT that YOU contend support YOUR claims.

**RESPONSE TO REQUEST NO. 26:**

Electrograph refers to and incorporates its General Objections as if set forth fully herein. Electrograph further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. Electrograph also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, Electrograph will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 27:**

All DOCUMENTS relating to the sharing of information between manufacturers of CRTs.

**RESPONSE TO REQUEST NO. 27:**

Electrograph refers to and incorporates its General Objections as if set forth fully herein. Electrograph further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive, seeks or calls for the production of documents that are equally available to Defendants or are irrelevant to the claims or defenses of any party, and is not calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding the foregoing objections, Electrograph will produce responsive, non-privileged documents created during the period of March 1, 1995 through

available as part of the U.S. Department of Justice investigation, or were already produced in this litigation. Such documents are either already in Defendants' possession, or can be obtained from another source that is more convenient, less burdensome, or less expensive.

DATED: August 17, 2012

/s/ Philip J. Iovieno

William A. Isaacson (admitted *pro hac vice*)
Melissa Felder (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com
mfelder@bsfllp.com

Philip J. Iovieno (admitted *pro hac vice*)
Anne M. Nardacci (admitted *pro hac vice*)
Luke M. Nikas (admitted *pro hac vice*)
Christopher V. Fenlon (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com
lnikas@bsfllp.com
cfenlon@bsfllp.com

*Counsel for Plaintiffs*
*Electrograph Systems, Inc. and*
*Electrograph Technologies Corp.*

# EXHIBIT F

William A. Isaacson (admitted *pro hac vice*)
Melissa Felder (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com
mfelder@bsfllp.com

Philip J. Iovieno (admitted *pro hac vice*)
Anne M. Nardacci (admitted *pro hac vice*)
Luke Nikas (admitted *pro hac vice*)
Christopher V. Fenlon (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com
lnikas@bsfllp.com
cfenlon@bsfllp.com

Counsel for Plaintiff Marta Cooperative of America, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:11-cv-05530-SC (N.D. Cal.) | Case No. 3:11-cv-05530-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| MARTA COOPERATIVE OF AMERICA, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>HITACHI LTD., et al.,<br><br>Defendants. | **MARTA COOPERATIVE OF AMERICA, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTIES:**          Toshiba America Electronic Components, Inc.
                                  and Philips Electronics North America
                                  Corporation

**RESPONDING PARTY:**             Marta Cooperative of America, Inc.

**SET:**                          One

**REQUEST NO. 23:**

All Documents relating to your suspicion or belief that any Defendant was engaged in any anticompetitive conduct relating to CRTs or CRT Products, including the date You first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**RESPONSE TO REQUEST NO. 23:**

Marta refers to and incorporates its General Objections as if set forth fully herein. Marta further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. Marta also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, Marta will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 24:**

Without limitation as to time, all Documents relating to any statement or action by any Defendant, or any other Person or entity that You contend had the effect of concealing any of Your claims.

**RESPONSE TO REQUEST NO. 24:**

Marta refers to and incorporates its General Objections as if set forth fully herein. Marta further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. Marta also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, Marta will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007

to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 25:**

Without limitation as to time, all Documents concerning any steps or actions taken by You to discover the facts alleged in the Complaint that You contend support Your claims.

**RESPONSE TO REQUEST NO. 25:**

Marta refers to and incorporates its General Objections as if set forth fully herein. Marta further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. Marta also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, Marta will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 26:**

All Documents relating to the sharing of information between manufacturers of CRTs.

**RESPONSE TO REQUEST NO. 26:**

Marta refers to and incorporates its General Objections as if set forth fully herein. Marta further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive, seeks or calls for the production of documents that are equally available to Defendants or are irrelevant to the claims or defenses of any party, and is not calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding the foregoing objections, Marta will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a

litigation. Such documents are either already in Defendants' possession, or can be obtained from another source that is more convenient, less burdensome, or less expensive.

As to the Objections:

DATED: August 17, 2012

/s/ Philip J. Iovieno

William A. Isaacson (admitted *pro hac vice*)
Melissa Felder (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com
mfelder@bsfllp.com

Philip J. Iovieno (admitted *pro hac vice*)
Anne M. Nardacci (admitted *pro hac vice*)
Luke M. Nikas (admitted *pro hac vice*)
Christopher V. Fenlon (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com
lnikas@bsfllp.com
cfenlon@bsfllp.com

*Counsel for Plaintiff*
*Marta Cooperative of America, Inc.*

# EXHIBIT G

William A. Isaacson (admitted *pro hac vice*)
Melissa Felder (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com
mfelder@bsfllp.com

Philip J. Iovieno (admitted *pro hac vice*)
Anne M. Nardacci (admitted *pro hac vice*)
Luke Nikas (admitted *pro hac vice*)
Christopher V. Fenlon (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com
lnikas@bsfllp.com
cfenlon@bsfllp.com

Counsel for Plaintiff
P.C. Richard & Son Long Island Corporation

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:11-cv-05530-SC (N.D. Cal.) | Case No. 3:11-cv-05530-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| P.C. RICHARD & SON LONG ISLAND CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>HITACHI LTD., et al.,<br><br>Defendants. | **P.C. RICHARD & SON LONG ISLAND CORPORATION'S OBJECTIONS AND RESPONSES TO DEFENDANTS TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | Toshiba America Electronic Components, Inc. and Philips Electronics North America Corporation |
| **RESPONDING PARTY:** | P.C. Richard & Son Long Island Corporation |
| **SET:** | One |

available to Defendants or are irrelevant to the claims or defenses of any party, and is not calculated to lead to the discovery of admissible evidence. P.C. Richard also objects to the terms "revenue", "costs", "profitability", and "margins" as being vague and ambiguous.

**REQUEST NO. 23:**

All Documents relating to your suspicion or belief that any Defendant was engaged in any anticompetitive conduct relating to CRTs or CRT Products, including the date You first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**RESPONSE TO REQUEST NO. 23:**

P.C. Richard refers to and incorporates its General Objections as if set forth fully herein. P.C. Richard further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. P.C. Richard also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, P.C. Richard will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 24:**

Without limitation as to time, all Documents relating to any statement or action by any Defendant, or any other Person or entity that You contend had the effect of concealing any of Your claims.

**RESPONSE TO REQUEST NO. 24:**

P.C. Richard refers to and incorporates its General Objections as if set forth fully herein. P.C. Richard further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or

privilege. P.C. Richard also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, P.C. Richard will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 25:**

Without limitation as to time, all Documents concerning any steps or actions taken by You to discover the facts alleged in the Complaint that You contend support Your claims.

**RESPONSE TO REQUEST NO. 25:**

P.C. Richard refers to and incorporates its General Objections as if set forth fully herein. P.C. Richard further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. P.C. Richard also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, P.C. Richard will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 26:**

All Documents relating to the sharing of information between manufacturers of CRTs.

**RESPONSE TO REQUEST NO. 26:**

P.C. Richard refers to and incorporates its General Objections as if set forth fully herein. P.C. Richard further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive, seeks or calls for the production of documents that are equally

P.C. Richard refers to and incorporates its General Objections as if set forth fully herein. P.C. Richard further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive, and seeks or calls for the production of documents that are either publicly available, available as part of the U.S. Department of Justice investigation, or were already produced in this litigation. Such documents are either already in Defendants' possession, or can be obtained from another source that is more convenient, less burdensome, or less expensive.

DATED: August 17, 2012

/s/ Philip J. Iovieno

William A. Isaacson (admitted *pro hac vice*)
Melissa Felder (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com
mfelder@bsfllp.com

Philip J. Iovieno (admitted *pro hac vice*)
Anne M. Nardacci (admitted *pro hac vice*)
Luke M. Nikas (admitted *pro hac vice*)
Christopher V. Fenlon (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com
lnikas@bsfllp.com
cfenlon@bsfllp.com

*Counsel for Plaintiff*
*P.C. Richard & Son Long Island Corporation*

# EXHIBIT H

William A. Isaacson (admitted *pro hac vice*)
Melissa Felder (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com
mfelder@bsfllp.com

Philip J. Iovieno (admitted *pro hac vice*)
Anne M. Nardacci (admitted *pro hac vice*)
Luke Nikas (admitted *pro hac vice*)
Christopher V. Fenlon (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com
lnikas@bsfllp.com
cfenlon@bsfllp.com

Counsel for Plaintiff
Schultze Agency Services, LLC on behalf of
Tweeter Opco, LLC and Tweeter Newco, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:11-cv-05528-SC (N.D. Cal.) | Case No. 3:11-cv-05528-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| SCHULTZE AGENCY SERVICES, LLC ON BEHALF OF TWEETER OPCO, LLC AND TWEETER NEWCO, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>HITACHI LTD., et al.,<br><br>Defendants. | **SCHULTZE AGENCY SERVICES, LLC ON BEHALF OF TWEETER OPCO, LLC AND TWEETER NEWCO, LLC'S OBJECTIONS AND RESPONSES TO DEFENDANTS LG ELECTRONICS, INC.'S AND PANASONIC CORPORATION OF NORTH AMERICA'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc. |
| **RESPONDING PARTY:** | Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC. |
| **SET:** | One |

All DOCUMENTS relating to your suspicion or belief that any DEFENDANT was engaged in any anticompetitive conduct relating to CRTs or CRT PRODUCTS, including the date YOU first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**RESPONSE TO REQUEST NO. 24:**

Tweeter refers to and incorporates its General Objections as if set forth fully herein. Tweeter further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. Tweeter also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, Tweeter will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 25:**

Without limitation as to time, all DOCUMENTS relating to any statement or action by any DEFENDANT, or any other PERSON or entity that YOU contend had the effect of concealing any of YOUR claims.

**RESPONSE TO REQUEST NO. 25:**

Tweeter refers to and incorporates its General Objections as if set forth fully herein. Tweeter further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. Tweeter also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, Tweeter will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a

search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 26:**

Without limitation as to time, all DOCUMENTS concerning any steps or actions taken by YOU to discover the facts alleged in the COMPLAINT that YOU contend support YOUR claims.

**RESPONSE TO REQUEST NO. 26:**

Tweeter refers to and incorporates its General Objections as if set forth fully herein. Tweeter further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. Tweeter also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, Tweeter will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 27:**

All DOCUMENTS relating to the sharing of information between manufacturers of CRTs.

**RESPONSE TO REQUEST NO. 27:**

Tweeter refers to and incorporates its General Objections as if set forth fully herein. Tweeter further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive, seeks or calls for the production of documents that are equally available to Defendants or are irrelevant to the claims or defenses of any party, and is not calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding the foregoing objections, Tweeter will produce responsive, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a

litigation. Such documents are either already in Defendants' possession, or can be obtained from another source that is more convenient, less burdensome, or less expensive.

DATED: August 17, 2012

/s/ Philip J. Iovieno

William A. Isaacson (admitted *pro hac vice*)
Melissa Felder (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com
mfelder@bsfllp.com

Philip J. Iovieno (admitted *pro hac vice*)
Anne M. Nardacci (admitted *pro hac vice*)
Luke M. Nikas (admitted *pro hac vice*)
Christopher V. Fenlon (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com
lnikas@bsfllp.com
cfenlon@bsfllp.com

*Counsel for Plaintiffs*
*Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC*

# EXHIBIT I

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-622-4750
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Counsel for Plaintiffs
*Target Corp.; Sears, Roebuck and Co.; Kmart Corp.; Old Comp Inc.; Good Guys, Inc.; and RadioShack Corp.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates To:

*Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al., Case No. 3:11-CV 11-05514-SC*

CASE NO. 3:11-CV 11-05514-SC

MASTER FILE NO. CV 07-5944-SC

MDL NO. 1917

**PLAINTIFF TARGET CORP.'S RESPONSES AND OBJECTIONS TO DEFENDANTS TATUNG COMPANY OF AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

PROPOUNDING PARTY: Defendants Tatung Company of America, Inc. and Samsung Electronics Co., Ltd

RESPONDING PARTY: Plaintiff Target Corp.

SET NO.: ONE

available to Defendants, or can be obtained from another source that is more convenient, less burdensome, or less expensive. Target further objects to this Request as vague and ambiguous; specifically, the references to "revenue, costs, profitability and margins" are vague and ambiguous.

Subject to and without waiving any of the foregoing objections, Target offers to meet and confer with Defendants regarding the scope of this Request.

**REQUEST NO. 24:**

All Documents relating to your suspicion or belief that any Defendant was engaged in any anticompetitive conduct relating to CRTs or CRT Products, including the date You first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**RESPONSE TO REQUEST NO. 24:**

Target refers to and incorporates its General Objections as though set forth fully herein. Target further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive. Target further objects that this Request seeks documents that are equally available to Defendants, or can be obtained from another source that is more convenient, less burdensome, or less expensive. Target further objects to this Request on the grounds and to the extent that the Request seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other available privilege or protection. Target further objects to this Request as vague and ambiguous; specifically, the reference to "suspicion," "belief," and "anticompetitive conduct," are vague and ambiguous.

Subject to and without waiving any of the foregoing objections, Target offers to meet and confer with Defendants regarding the scope of this Request.

**REQUEST NO. 25:**

Without limitation as to time, all Documents relating to any statement or action by any Defendant, or any other Person or entity that You contend had the effect of concealing any of Your claims.

**RESPONSE TO REQUEST NO. 25:**

Target refers to and incorporates its General Objections as though set forth fully herein.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-17-

PLAINTIFF TARGET CORP.'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19435325.1

Target further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive. Target further objects that this Request calls for premature contention discovery. Target further objects that this Request seeks documents that are equally available to Defendants, particularly to the extent it seeks documents that are either publicly available or are in the possession of Defendants and their co-conspirators. Target further objects to this Request on the grounds that it calls for a legal conclusion. Target further objects to this Request on the grounds and to the extent that the Request seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other available privilege or protection. Target further objects to this Request as vague and ambiguous; specifically, the reference to "concealing" is vague and ambiguous.

Subject to and without waiving any of the foregoing objections, Target offers to meet and confer with Defendants regarding the scope of this Request.

**REQUEST NO. 26:**

Without limitation as to time, all Documents concerning any steps or actions taken by YOU to discover the facts alleged in the Complaint that You contend support Your claims.

**RESPONSE TO REQUEST NO. 26:**

Target refers to and incorporates its General Objections as though set forth fully herein. Target further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive. Target further objects that this Request calls for premature contention discovery. Target further objects to this Request on the grounds and to the extent that the Request seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other available privilege or protection.

Subject to and without waiving any of the foregoing objections, Target offers to meet and confer with Defendants regarding the scope of this Request.

**REQUEST NO. 27:**

All Documents relating to the sharing of information between manufacturers of CRTs.

**RESPONSE TO REQUEST NO. 27:**

Target refers to and incorporates its General Objections as though set forth fully herein.

CROWELL & MORING LLP ATTORNEYS AT LAW

-18-

PLAINTIFF TARGET CORP.'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19435325.1

**<u>REQUEST NO. 33</u>:**

Documents sufficient to Identify all purposes for which You purchased or used CRTs and CRT Products.

**<u>RESPONSE TO REQUEST NO. 33</u>:**

Target refers to and incorporates its General Objections as though set forth fully herein. Target further objects to this Request on the grounds that it is overly broad and seeks documents that are irrelevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Target further objects to this Request on the grounds that it is unduly burdensome and oppressive.

**<u>REQUEST NO. 34</u>:**

All Documents relating to the allegations contained in paragraph 173 of the Complaint.

**<u>RESPONSE TO REQUEST NO. 34</u>:**

Target refers to and incorporates its General Objections as though set forth fully herein. Target further objects to this Request on the grounds that it is overly broad, unduly burdensome, and oppressive. Target further objects that this Request seeks documents that are equally available to Defendants, or can be obtained from another source that is more convenient, less burdensome, or less expensive. Target further objects to this Request on the grounds and to the extent that the Request seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other available privilege or protection.

DATED: August 17, 2012

*/s/ Jason C. Murray*

Jason C. Murray
CROWELL & MORING LLP

*Counsel for Plaintiffs Target Corp.; Sears, Roebuck and Co.; Kmart Corp.; Old Comp Inc.; Good Guys, Inc.; and RadioShack Corp.*

CROWELL & MORING LLP
ATTORNEYS AT LAW

-22-

PLAINTIFF TARGET CORP.'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19435325.1

# EXHIBIT J

Stuart H. Singer (admitted *pro hac vice)*
Meredith L. Schultz (admitted *pro hac vice)*
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-00 II
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com
mschultz@bsfllp.com

William A. Isaacson (admitted *pro hac vice*)
Melissa Felder (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com
mfelder@bsfllp.com

Counsel for Plaintiff Office Depot, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates To Individual Case No. 3:11-cv-06276-SC (N.D. Cal.)

OFFICE DEPOT, INC.,

Plaintiff,

vs.

HITACHI LTD., et al.,

Defendants.

Case No. 3:11-cv-06276-SC

Master File No. 3:07-cv-05944-SC (N.D. Cal.)

MDL No. 1917

**OFFICE DEPOT'S OBJECTIONS AND RESPONSES TO DEFENDANTS TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

**PROPOUNDING PARTIES:** Defendants Samsung Electronics Co., Ltd. and Tatung Company of America, Inc.

**RESPONDING PARTY:** Office Depot, Inc.

**SET:** One

objects to the terms "revenue", "costs", "profitability", and "margins" as being vague and ambiguous.

Subject to and notwithstanding the foregoing objections, Office Depot states that its relevant financial information is publicly available.

**REQUEST NO. 24:**

All Documents relating to your suspicion or belief that any Defendant was engaged in any anticompetitive conduct relating to CRTs or CRT Products, including the date You first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**RESPONSE TO REQUEST NO. 24:**

Office Depot refers to and incorporates its General Objections as if set forth fully herein. Office Depot further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. Office Depot also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, Office Depot will produce relevant, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 25:**

Without limitation as to time, all Documents relating to any statement or action by any Defendant, or any other Person or entity that You contend had the effect of concealing any of Your claims.

**RESPONSE TO REQUEST NO. 25:**

Office Depot refers to and incorporates its General Objections as if set forth fully herein. Office Depot further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or

privilege. Office Depot also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, Office Depot will produce relevant, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**<u>REQUEST NO. 26</u>:**

Without limitation as to time, all Documents concerning any steps or actions taken by You to discover the facts alleged in the Complaint that You contend support Your claims.

**<u>RESPONSE TO REQUEST NO. 26</u>:**

Office Depot refers to and incorporates its General Objections as if set forth fully herein. Office Depot further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. Office Depot also objects to this Request on the ground that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, Office Depot will produce relevant, non-privileged documents created during the period of March 1, 1995 through November 25, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**<u>REQUEST NO. 27</u>:**

All Documents relating to the sharing of information between manufacturers of CRTs.

**<u>RESPONSE TO REQUEST NO. 27</u>:**

Office Depot refers to and incorporates its General Objections as if set forth fully herein. Office Depot further objects to this Request, including the time frame for this Request, on the grounds that it is overly broad, unduly burdensome and oppressive, seeks or calls for the

OFFICE DEPOT'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
18
Case No. 3:11-cv-05530-SC
Master File No. 3:07-md-05944-SC

DATED: August 31, 2012

/s/ Stuart H. Singer

Stuart H. Singer (admitted *pro hac vice)*
Meredith L. Schultz (admitted *pro hac vice)*
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-00 II
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com
mschultz@bsfllp.com

William A. Isaacson (admitted *pro hac vice*)
Melissa Felder (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com
mfelder@bsfllp.com

Philip J. Iovieno (admitted *pro hac vice*)
Anne M. Nardacci (admitted *pro hac vice*)
Luke M. Nikas (admitted *pro hac vice*)
Christopher V. Fenlon (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
anardacci@bsfllp.com
lnikas@bsfllp.com
cfenlon@bsfllp.com

*Counsel for Plaintiff*
*Office Depot Inc.*

# EXHIBIT K

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile: 310-229-5800

Attorneys for Plaintiffs

BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, LLC.; MAGNOLIA HI-FI, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to
Individual Case No. 3:11-cv-05513-SC

Master File No. M:07-5994-SC
MDL No. 1917

Case No. 3:11-cv-05513-SC

BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.,

Plaintiffs,

v.

HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.;

(CONTINUED ON NEXT PAGE)

**PLAINTIFF'S RESPONSES TO DEFENDANTS PANASONIC CORPORATION'S AND LG ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; MT PICTURE DISPLAY CO., LTD.; BEIJING MATSUSHITA COLOR CRT CO., LTD.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; PHILIPS ELECTRONICS INDUSTRIES (TAIWAN), LTD.; PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA.; SAMTEL COLOR LTD.; THAI CRT CO., LTD.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA CONSUMER PRODUCTS, LLC; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES (MALAYSIA); TATUNG COMPANY OF AMERICA, INC.,

Defendants.

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**GENERAL OBJECTIONS**

Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; Magnolia Hi-Fi, Inc. (collectively "Best Buy") assert and incorporate by reference the following General Objections to each Request for Production of Document ("Request(s)"). Reference to these General Objections in any specific Request shall not waive or otherwise limit the applicability of these General Objections to each and every Request.

1. Best Buy construes Defendants' Requests as served on behalf of all defendants named in the Complaint ("Defendants") and responds and objects accordingly.

2. Best Buy objects to Defendants' "Definitions" to the extent that they impose burdens and obligations on Best Buy greater than or different from those authorized under the Federal Rules of Civil Procedure and the Local Rules of this Court and to the extent they purport to give meanings to words different from their ordinary English meaning or definitions set forth in the applicable statutes or rules.

without waiving these objections, Best Buy points Defendants to the data it is producing in response to Request No. 2.

**REQUEST NO. 24:** All Documents relating to your suspicion or belief that any Defendant was engaged in any anticompetitive conduct relating to CRTs or CRT Products, including the date You first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**RESPONSE:**

In addition to Best Buy's General Objections, which Best Buy hereby incorporates by reference, Best Buy specifically objects to this Request on the grounds that it is overly broad, unduly burdensome and calls for production of documents protected from disclosure under the attorney-client privilege and other privileges and the work-product doctrine. Best Buy further objects to this Request on the grounds that it is overbroad, unduly burdensome, particularly insofar as it seeks documents that are either publicly available or were produced in this litigation to Best Buy by Defendants and their co-conspirators. Such documents are either already in the possession of Defendants, or can be obtained by Defendants from another source that is more convenient, less burdensome, or less expensive. Best Buy further objects to this Request as premature contention discovery, particularly given that discovery is in its early stages and Best Buy's factual investigation is continuing.

**REQUEST NO. 25:** Without limitation as to time, all Documents relating to any statement or action by any Defendant, or any other Person or entity that You contend had the effect of concealing any of Your claims.

**RESPONSE:**

In addition to Best Buy's General Objections, which Best Buy hereby incorporates by reference, Best Buy specifically objects to this Request on the ground that the term "concerning any statement or action" as used herein is overbroad and unduly burdensome. Best Buy further objects to this Request on the ground that the phrase "concealing any of Your claims" as used herein calls for a legal conclusion regarding what is deemed "concealing" under the law. Best Buy also objects to this Request on the ground that the term "concealing" as used herein is vague

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

and ambiguous, and taken to its logical conclusion would include every communication between Best Buy and Defendants. Best Buy further objects to this Request on the grounds that it is overbroad, unduly burdensome, particularly insofar as it seeks documents that are either publicly available or were produced in this litigation to Best Buy by Defendants and their co-conspirators. Such documents are either already in the possession of Defendants, or can be obtained by Defendants from another source that is more convenient, less burdensome, or less expensive. Best Buy further objects to this Request as premature contention discovery, particularly given that discovery is in its early stages and Best Buy's factual investigation is continuing.

**REQUEST NO. 26:** Without limitation as to time, all Documents concerning any steps or actions taken by You to discover the facts alleged in the Complaint that You contend support Your claims.

**RESPONSE:**

In addition to Best Buy's General Objections, which Best Buy hereby incorporates by reference, Best Buy specifically objects to this Request on the grounds that it is overly broad, unduly burdensome and calls for production of documents protected from disclosure under the attorney-client privilege and other privileges and the work-product doctrine. Best Buy further objects to this Request on the grounds that it is overbroad, unduly burdensome, particularly insofar as it seeks documents that are either publicly available or were produced in this litigation to Best Buy by Defendants and their co-conspirators. Such documents are either already in the possession of Defendants, or can be obtained by Defendants from another source that is more convenient, less burdensome, or less expensive. Best Buy further objects to this Request as premature contention discovery, particularly given that discovery is in its early stages and Best Buy's factual investigation is continuing.

**REQUEST NO. 27:** All Documents relating to the sharing of information between manufacturers of CRTs.

**RESPONSE:**

In addition to Best Buy's General Objections, which Best Buy hereby incorporates by reference, Best Buy specifically objects to this Request to the extent that it seeks information that

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 17 -

PLAINTIFF'S ANSWERS TO DEFENDANTS PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

other features.

**RESPONSE:**

Best Buy incorporates by reference its objections and response to Request No. 3.

DATED: August 17, 2012

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Laura E. Nelson
Roman M. Silberfeld
David Martinez
Laura E. Nelson
Lauren E. Wood

**ATTORNEYS FOR PLAINTIFFS BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, LLC.; MAGNOLIA HI-FI, INC.**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 21 -

PLAINTIFF'S ANSWERS TO DEFENDANTS PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

# EXHIBIT L

David J. Burman (admitted *pro hac vice*)
Nick Hesterberg (admitted *pro hac vice*)
Eric J. Weiss
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
**PERKINS COIE LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

*Attorneys for Plaintiff*
*Costco Wholesale Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>COSTCO ACTION<br>3:11-cv-06397-SC | **COSTCO WHOLESALE CORPORATION'S RESPONSES AND OBJECTIONS TO PHILIPS ELECTRONICS NORTH AMERICA CORPORATION AND TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** |

**RESPONDING PARTY:** Costco Wholesale Corporation

**PROPOUNDING PARTY**: Philips Electronics North America Corporation & Toshiba America Electronic Components, Inc.

**SET:** First

-1-

COSTCO WHOLESALE CORP.'S RESPONSES TO PHILIPS ELECS. NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC. COMPS., INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 07-5944 SC MDL NO. 1917

**REQUEST NO. 24**: All Documents relating to your suspicion or belief that any Defendant was engaged in any anticompetitive conduct relating to CRTs or CRT Products, including the date You first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**RESPONSE TO REQUEST NO. 24**: In addition to Costco's General Objections, which Costco hereby incorporates by reference, Costco specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks production of documents protected from disclosure under the attorney-client privilege and other privileges or the work-product doctrine. Costco further objects to this Request on the grounds that it is overbroad, unduly burdensome, particularly insofar as it seeks documents that are either publicly available or were produced in this litigation to Costco by Defendants and their co-conspirators. Such documents are either already in the possession of Defendants, or can be obtained by Defendants from another source that is more convenient, less burdensome, or less expensive. Costco further objects to this Request as premature contention discovery, particularly given that discovery is in its early stages and Costco's factual investigation is continuing.

Subject to and without waiving these objections, Costco offers to meet and confer with Defendants regarding the scope of this request. Costco will thereafter produce responsive, nonprivileged documents created during the period of March 1, 1995, through November 25, 2007, to the extent such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 25**: Without limitation as to time, all Documents relating to any statement or action by any Defendant, or any other Person or entity that You contend had the effect of concealing any of Your claims.

**RESPONSE TO REQUEST NO. 25**: In addition to Costco's General Objections, which Costco hereby incorporates by reference, Costco specifically objects to this Request on the

ground that the term "relating to any statement or action" as used herein is overbroad, unduly burdensome, and oppressive. Costco further objects to this Request on the ground that the phrase "concealing any of Your claims" as used herein calls for a legal conclusion regarding what is deemed "concealing" under the law. Costco also objects to the term "concealing" as vague and ambiguous and taken to its logical conclusion would include every communication between Costco and Defendants. Costco further objects to this Request on the grounds that it is overbroad, unduly burdensome, particularly insofar as it seeks documents that are either publicly available or were produced in this litigation to Costco by Defendants and their co-conspirators. Such documents are either already in the possession of Defendants, or can be obtained by Defendants from another source that is more convenient, less burdensome, or less expensive. Costco further objects to this Request as premature contention discovery, particularly given that discovery is in its early stages and Costco's factual investigation is continuing.

Subject to and without waiving these objections, Costco offers to meet and confer with Defendants regarding the scope of this request. Costco will thereafter produce responsive, nonprivileged documents created during the period of March 1, 1995, through November 25, 2007, to the extent such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 26**: Without limitation as to time, all Documents concerning any steps or actions taken by You to discover the facts alleged in the Complaint that You contend support Your claims.

**RESPONSE TO REQUEST NO. 26**: In addition to Costco's General Objections, which Costco hereby incorporates by reference, Costco specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks production of documents protected from disclosure under the attorney-client privilege and other privileges and the work-product doctrine. Costco further objects to this Request on the grounds that it is overbroad, unduly burdensome, particularly insofar as it seeks documents that are either publicly available or

were produced in this litigation to Costco by Defendants and their co-conspirators. Such documents are either already in the possession of Defendants, or can be obtained by Defendants from another source that is more convenient, less burdensome, or less expensive. Costco further objects to this Request as premature contention discovery, particularly given that discovery is in its early stages and Costco's factual investigation is continuing.

Subject to and without waiving these objections, Costco offers to meet and confer with Defendants regarding the scope of this request. Costco will thereafter produce responsive, nonprivileged documents created during the period of March 1, 1995, through November 25, 2007, to the extent such documents exist and are kept in the ordinary course of business, based on a search of the files of an agreed upon list of custodians and search terms to be negotiated by the parties.

**REQUEST NO. 27**: All Documents relating to the sharing of information between manufacturers of CRTs.

**RESPONSE TO REQUEST NO. 27**: In addition to Costco's General Objections, which Costco hereby incorporates by reference, Costco specifically objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, joint-prosecution or common-interest privileges, or the work-product doctrine. Costco also objects to this Request on the grounds that it is overbroad, unduly burdensome, and oppressive, particularly insofar as it seeks documents that are either publicly available or were produced in this litigation to Costco by Defendants and its co-conspirators. Such documents are either already in Defendants' possession, or can be obtained by Defendants from another source that is more convenient, less burdensome, or less expensive. Costco also objects to this Request as overbroad with respect to the unlimited period of time for which documents are requested.

Subject to and without waiving these objections, Costco offers to meet and confer with Defendants regarding the scope of this request. Costco will thereafter produce responsive, nonprivileged documents created during the period of March 1, 1995, through November 25, 2007, to the extent such documents exist and are kept in the ordinary course of business, based on

DATED: August 17, 2012

s/ *David J. Burman*
David J. Burman (admitted *pro hac vice*)
DBurman@perkinscoie.com
Nick Hesterberg (admitted *pro hac vice*)
NHesterberg@perkinscoie.com
Eric J. Weiss
EWeiss@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Joren Bass, Bar No. 208143
JBass@perkinscoie.com
**PERKINS COIE LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7120
Facsimile: 415.344.7320

*Attorneys for Plaintiff*
*Costco Wholesale Corp.*

-27-

COSTCO WHOLESALE CORP.'S RESPONSES TO PHILIPS ELECS. NORTH AMERICA CORP. AND TOSHIBA AMERICA ELEC. COMPS., INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 07-5944 SC MDL NO. 1917

# EXHIBIT M

Robert W. Turken
Mitchell E. Widom
Scott N. Wagner
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131-3456
Telephone: 305-374-7580
Facsimile: 305-374-7593
E-mail: rturken@bilzin.com; mwidom@bilzin.com; swagner@bilzin.com

Stuart H. Singer
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
E-mail: ssinger@bsfllp.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN FRANCISCO DIVISION)**

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to Individual Case No. 13-CV-00157-SC

TECH DATA CORPORATION; TECH DATA PRODUCT MANAGEMENT, INC.,

Plaintiffs,

vs.

AU OPTRONICS CORPORATION; *et al.*

Defendants.

CASE No. 13-CV-00157-SC

Master File No. 07-5944 SC (N.D. Cal.)

MDL No. 1917

**TECH DATA CORPORATION AND TECH DATA PRODUCT MANAGEMENT, INC.'S RESPONSES AND OBJECTIONS TO PANASONIC CORPORATION AND HITACHI ELECTRONIC DEVICES (USA), INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

to the discovery of admissible evidence. Tech Data also objects to the terms "revenue", "costs", "profitability", and "margins" as being vague and ambiguous.

Subject to and notwithstanding the foregoing objections, Tech Data states that its relevant financial information is publicly available.

**REQUEST NO. 20:**

All Documents relating to your suspicion or belief that any entity was engaged in any anticompetitive conduct relating to CRTs, including the date You first suspected such conduct and the circumstances surrounding, and reasons for, such suspicions or beliefs.

**RESPONSE TO REQUEST NO. 20:**

Tech Data refers to and incorporates its General Objections as if set forth fully herein. Tech Data further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. Tech Data also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, Tech Data will produce relevant, non-privileged documents created during the period of March 1, 1995 through December 31, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on an agreed upon list of search terms to be negotiated by the parties.

**REQUEST NO. 21:**

Without limitation as to time, all Documents relating to any statement or action that You contend had the effect of concealing any of Your claims.

**RESPONSE TO REQUEST NO. 21:**

Tech Data refers to and incorporates its General Objections as if set forth fully herein. Tech Data further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

or privilege. Tech Data also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, Tech Data will produce relevant, non-privileged documents created during the period of March 1, 1995 through December 31, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on an agreed upon list of search terms to be negotiated by the parties.

**REQUEST NO. 22:**

Without limitation as to time, all Documents concerning any steps or actions taken by You to discover the facts alleged in the Complaint that You contend support Your claims.

**RESPONSE TO REQUEST NO. 22:**

Tech Data refers to and incorporates its General Objections as if set forth fully herein. Tech Data further objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other protection or privilege. Tech Data also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.

Subject to and notwithstanding the foregoing objections, Tech Data will produce relevant, non-privileged documents created during the period of March 1, 1995 through December 31, 2007 to the extent that such documents exist and are kept in the ordinary course of business, based on an agreed upon list of search terms to be negotiated by the parties.

**REQUEST NO. 23:**

All Documents relating to the sharing of information between manufacturers of CRTs.

**RESPONSE TO REQUEST NO. 23:**

Tech Data refers to and incorporates its General Objections as if set forth fully herein. Tech Data further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive, seeks or calls for the production of documents that are equally

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

**REQUEST NO. 30:**

All Documents relating to the allegations contained in paragraphs 143-146 of the Complaint.

**RESPONSE TO REQUEST NO. 30:**

Tech Data refers to and incorporates its General Objections as if set forth fully herein. Tech Data further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive, and seeks or calls for the production of documents that are either publicly available, available as part of the U.S. Department of Justice investigation, or were already produced in this litigation. Such documents are either already in Defendants' possession, or can be obtained from another source that is more convenient, less burdensome, or less expensive.

Dated: August 5, 2013

Respectfully Submitted,

/s/Scott N. Wagner

ROBERT W. TURKEN
MITCHELL E. WIDOM
SCOTT N. WAGNER
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456
Telephone: (305) 374-7580
Facsimile: (305) 374-7593
E-mail: rturken@bilzin.com
mwidom@bilzin.com
swagner@bilzin.com

STUART H. SINGER
BOIES, SCHILLER, & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
E-mail: ssinger@bsfllp.com

WILLIAM A. ISAACSON
MELISSA WILLETT
BOIES, SCHILLER & FLEXNER
5301 Wisconsin Ave. NW, Suite 800
Washington, DC 20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
E-mail:        wisaacson@bsfllp.com
                   mwillett@bsfllp.com

PHILIP J. IOVIENO
BOIES, SCHILLER & FLEXNER
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
E-mail:        piovieno@bsfllp.com

*Counsel for Plaintiffs Tech
Data Corporation and Tech Data Product
Management, Inc.*

Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131-3456

# EXHIBIT N

Kenneth S. Marks
Jonathan J. Ross
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
kmarks@susmangodfrey.com
jross@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*
[additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST,<br>Plaintiff,<br>v.<br>TECHNICOLOR SA.; et al.,<br>Defendants. | Case No. 13-cv-05261 SC<br><br>**RESPONSES AND OBJECTIONS OF ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Circuit City Trust" or "Plaintiff"), hereby responds and objects to the First Set of Requests for Production of Thomson SA and Thomson Consumer Electronics, Inc. (collectively the "Requests" and individually a "Request"). For the reasons set forth below, Plaintiff generally and specifically objects and otherwise

Circuit City Trust further objects to the terms and phrases "investigated," "attempted to investigate," and "relates to" as vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS related to when YOU learned of the existence of the alleged antitrust conspiracy that is the subject of YOUR COMPLAINT.

**RESPONSE:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Circuit City Trust further objects to the phrase "related to" as vague and ambiguous. Subject to and without waiving these objections, Circuit City Trust previously produced documents to the defendants in this litigation, which have been made available to the Thomson Defendants. To the extent additional documents are located, if any exist, they will be produced.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS related to estimates of the production capacity, output, and/or prices charged by the DEFENDANTS for CRTs and/or CRT Products during the Relevant Period.

**RESPONSE:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Circuit City Trust further objects to the phrase "related to" as vague and ambiguous. Subject to and without waiving these objections, Circuit City Trust previously produced documents to the defendants in this litigation, which have been made available to the Thomson Defendants. To the extent additional documents are located, if any exist, they will be produced.

extent additional documents are located, if any exist, they will be produced.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS referred to in or relied upon to prepare YOUR responses to the Thomson Defendants' First Set of Interrogatories to YOU.

**RESPONSE:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, to the extent that documents which have not previously been produced to defendants in this litigation are referred to in Circuit City Trust's responses to the Thomson Defendants' First Set of Interrogatories they will be produced.

Dated: July 10, 2014.

SUSMAN GODFREY L.L.P.

By: ______________________________

Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
John P. Lahad
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
jross@susmangodfrey.com
jcarter@susmangodfrey.com
dpeterson@susmangodfrey.com
jlahad@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
rblack@susmangodfrey.com
jconnors@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

CIRCUIT CITY'S RESPONSE TO FIRST REQUEST FOR PRODUCTION FROM THE THOMSON DEFENDANTS
12
C-13-05261 SC
MDL No. 1917
3238658v1/012325