# EXHIBIT A



**U. S. Department of Justice**

Antitrust Division

---

*Office of the Deputy Assistant Attorney General*  950 Pennsylvania Ave., NW, Suite 3218
Washington, D.C. 20530-0001

Gary R. Spratling
Gibson, Dunn & Crutcher, LLP
One Montgomery Street
Suite 3100
San Francisco, California 94104

Dear Mr. Spratling:

This letter sets forth the terms and conditions of an agreement between the Antitrust Division of the United States Department of Justice and Chunghwa Picture Tubes, Ltd., and its subsidiaries (collectively "Chunghwa"), in connection with possible price-fixing, market-allocation, and output-restriction activity, or other conduct violative of Section 1 of the Sherman Act, 15 U.S.C. § 1, in the cathode ray tube ("CRT") industry, including such conduct involving color display tubes and color picture tubes, in the United States and elsewhere. This Agreement is conditional and depends upon Chunghwa satisfying the conditions set forth below. After all of these conditions are met, the Division will notify Chunghwa in writing that the application has been granted. It is further agreed that disclosures made by counsel for Chunghwa in furtherance of the leniency application will not constitute a waiver of the attorney-client privilege or the work-product privilege.

## AGREEMENT

1. **Representations:** Chunghwa desires to report to the Antitrust Division possible price-fixing, market-allocation, and output-restriction activity, or other conduct violative of the Sherman Act in the CRT industry in the United States and elsewhere ("the anticompetitive activity being reported"). Chunghwa represents to the Antitrust Division that, in connection with the anticompetitive activity being reported, it:

    (a)   took prompt and effective action to terminate its part in the anticompetitive activity being reported upon discovery of the activity; and

    (b)   did not coerce any other party to participate in the activity and was not the leader in, or the originator of, the anticompetitive activity being reported.

2. **Cooperation:** Chunghwa agrees to provide full, continuing and complete cooperation to the Antitrust Division in connection with the anticompetitive activity being reported, including, but not limited to, the following:

CONFIDENTIAL CHWA00260891

(a) providing a full exposition of all facts known to Chunghwa relating to the anticompetitive activity being reported;

(b) providing promptly, and without requirement of subpoena, all documents or other items in its possession, custody or control, wherever located, requested by the Antitrust Division in connection with the anticompetitive activity being reported, to the extent not already produced;

(c) using its best efforts to secure the ongoing, full and truthful cooperation of the current directors, officers and employees of Chunghwa, former Chairman and Chief Executive Officer of Chunghwa Picture Tubes, Ltd., C.H. "Frank" Lin, and former President of CPTF Optronics Co., Ltd., a subsidiary of Chunghwa Picture Tubes, Ltd., Jason Lu (collectively "covered employees"), and encouraging such persons voluntarily to provide the Antitrust Division with any information they may have relevant to the anticompetitive activity being reported;

(d) facilitating the ability of covered employees to appear for such interviews or testimony in connection with the anticompetitive activity being reported as the Antitrust Division may require at the times and places designated by the Antitrust Division;

(e) using its best efforts to ensure that covered employees who provide information to the Antitrust Division relevant to the anticompetitive activity being reported respond completely, candidly and truthfully to all questions asked in interviews and grand jury appearances and at trial;

(f) using its best efforts to ensure that covered employees who provide information to the Antitrust Division relevant to the anticompetitive activity being reported make no attempt either falsely to protect or falsely to implicate any person or entity; and

(g) making all reasonable efforts, to the satisfaction of the Antitrust Division, to pay restitution pursuant to United States law to any person or entity injured as a result of the anticompetitive activity being reported, in which Chunghwa was a participant.

3. **Corporate Leniency**: Subject to verification of Chunghwa's representations in paragraph 1 above, and subject to its full, continuing and complete cooperation, as described in paragraph 2 above, the Antitrust Division agrees conditionally to accept Chunghwa into Part A of the Corporate Leniency Program, as explained in an Antitrust Division policy statement dated August 10, 1993 (attached). Pursuant to that policy, the Antitrust Division agrees not to bring any

CONFIDENTIAL                                                                                           CHWA00260892

criminal prosecution against Chunghwa for any act or offense it may have committed prior to the date of this letter in connection with the anticompetitive activity being reported. The commitments in this paragraph are binding only upon the Antitrust Division, although, upon request of Chunghwa, the Antitrust Division will bring this Agreement to the attention of other prosecuting offices or administrative agencies. If the Antitrust Division at any time determines that Chunghwa has violated this Agreement, this Agreement shall be void, and the Antitrust Division may revoke the conditional acceptance of Chunghwa into the Corporate Leniency Program. Should the Antitrust Division revoke the conditional acceptance of Chunghwa into the Corporate Leniency Program, the Antitrust Division may thereafter initiate a criminal prosecution against Chunghwa in connection with the anticompetitive activity being reported, without limitation. Should such a prosecution be initiated, the Antitrust Division may use any documents, statements, or other information provided by Chunghwa or by any of its current or former directors, officers, or employees to the Antitrust Division pursuant to this Agreement against Chunghwa, directly or indirectly, in any such prosecution.

4. **Non-Prosecution Protection For Corporate Directors, Officers And Employees:** Subject to Chunghwa's full, continuing and complete cooperation, the Antitrust Division agrees that covered employees who admit their knowledge of, or participation in, and fully and truthfully cooperate with the Antitrust Division in its investigation of the anticompetitive activity being reported, shall not be prosecuted criminally by the Antitrust Division for any act or offense committed during their period of employment at Chunghwa prior to the date of this letter in connection with the anticompetitive activity being reported. Such full and truthful cooperation of covered employees shall include, but not be limited to:

   (a) producing in the United States all documents and records, including personal documents and records, and other materials requested by attorneys and agents of the United States in connection with the anticompetitive activity being reported;

   (b) making himself or herself available for interviews in the United States upon the request of attorneys and agents of the United States in connection with the anticompetitive activity being reported;

   (c) responding fully and truthfully to all inquiries of the United States in connection with the anticompetitive activity being reported, without falsely implicating any person or intentionally withholding any information;

   (d) otherwise voluntarily providing the United States with any materials or information, not requested in (a) - (c) of this paragraph, that he or she may have relevant to the anticompetitive activity being reported; and

   (e) when called upon to do so by the United States, testifying in trial and grand jury or other proceedings in the United States, fully, truthfully and under

CONFIDENTIAL                                                                                              CHWA00260893

oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402) and obstruction of justice (18 U.S.C. § 1503), in connection with the anticompetitive activity being reported.

The commitments in this paragraph are binding only upon the Antitrust Division, although, upon the request of Chunghwa, the Antitrust Division will bring this Agreement to the attention of other prosecuting offices or administrative agencies. In the event a covered employee fails at any time to comply fully with his or her obligations hereunder, this Agreement as it pertains to such individual shall be void, and any leniency, immunity or non-prosecution granted to such individual under this Agreement may be revoked by the Antitrust Division. Should any leniency, immunity or non-prosecution granted be revoked, the Antitrust Division may thereafter prosecute such person criminally in connection with the anticompetitive activity being reported and may use any documents, statements, or other information provided by Chunghwa or by any of its current or former directors, officers, or employees, including such person, to the Antitrust Division pursuant to this Agreement against him or her, directly or indirectly, in such prosecution.

5. **Thin Film Transistor-Liquid Crystal Display Panel Investigation**: Chunghwa acknowledges that it is the target of a separate investigation into possible price-fixing, market-allocation, and output-restriction activity, or other conduct violative of Section 1 of the Sherman Act, 15 U.S.C. § 1, and related statutes, in the Thin Film Transistor-Liquid Crystal Display Panel ("TFT-LCD Panel") industry in the United States and elsewhere and that some of Chunghwa's current and former directors, officers, or employees are, or may become, subjects, targets, or defendants in that separate investigation. Nothing in this Agreement limits the United States from initiating a criminal prosecution against Chunghwa or any of its current or former directors, officers, or employees in connection with the TFT-LCD Panel investigation. The status of Chunghwa or any of its current or former directors, officers, or employees as a subject, target, or defendant in the TFT-LCD Panel investigation does not abrogate or affect Chunghwa's cooperation obligations under paragraph 2 above, including its obligation to use its best efforts to secure the ongoing, full, and truthful cooperation of covered employees, or the cooperation obligations of covered employees under paragraph 4 above. A failure of a covered employee to comply fully with his or her obligations described in paragraph 4 above includes, but is not limited to, regardless of any past or proposed cooperation, not making himself or herself available in the United States for interviews and testimony in trials and grand jury or other proceedings upon the request of attorneys and agents of the United States in connection with the anticompetitive activity being reported because he or she has been, or anticipates being, charged, indicted, or arrested in the United States for violations of federal antitrust and related statutes involving the TFT-LCD Panel industry. Such failure also includes, but is not limited to, not responding fully and truthfully to all inquiries of the United States in connection with the anticompetitive activity being reported because his or her responses may also relate to, or tend to incriminate him or her in, the TFT-LCD Panel investigation. Failure to comply fully with his or her cooperation obligations further includes, but is not limited to, not producing in the United

-4-

CONFIDENTIAL                                                                 CHWA00260894

States all documents, including personal documents and records, and other materials requested by attorneys and agents of the United States in connection with the anticompetitive activity being reported because those documents may also relate to, or tend to incriminate him or her in, the TFT-LCD Panel investigation. The cooperation obligations of Paragraph 4 above do not apply to requests by attorneys and agents of the United States directed at price-fixing, market-allocation, or output-restriction activity in the TFT-LCD Panel industry if such requests are not, in whole or in part, made in connection with the anticompetitive activity being reported. The Antitrust Division may use any documents, statements, or other information provided by Chunghwa or by any of its current or former directors, officers, or employees to the Antitrust Division pursuant to this Agreement against Chunghwa or any of its current or former directors, officers, or employees, directly or indirectly, in any prosecution arising out of the TFT-LCD Panel investigation.

6. **Entire Agreement:** This letter constitutes the entire agreement between the Antitrust Division and Chunghwa, and supersedes all prior understandings, if any, whether oral or written, relating to the subject matter herein.

7. **Authority And Capacity:** The Antitrust Division and Chunghwa represent and warrant each to the other that the signatories to this Agreement on behalf of each party hereto have all the authority and capacity necessary to execute this Agreement and to bind the respective parties hereto.

The signatories below acknowledge acceptance of the foregoing terms and conditions.

Sincerely yours,

Date: 8/28/07

Scott D. Hammond
Deputy Assistant Attorney General
Antitrust Division

Yu Sheng Chen    Date: 8/28/07
Chunghwa Picture Tubes, Ltd.

_[signature]_    Date: 8-28-07
Gary Spratling
Gibson, Dunn & Crutcher LLP
Counsel for Chunghwa Picture Tubes, Ltd.

-5-

CONFIDENTIAL                                                                 CHWA00260895