Vaughn R Walker
Special Master
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates to:<br><br>ViewSonic v Chunghwa et al 14-cv-251- SC | MDL No 1917<br><br>Master Case No 3:07-cv-05944SC<br><br>**SPECIAL MASTER'S REPORT AND RECOMMENDATION ON MITSUBISHI'S MOTION TO COMPEL DISCOVERY RE VIEWSONIC'S SALES** |

This Report and Recommendation arises out of the Mitsubishi Defendants'[1] motion to compel ViewSonic to produce documents, respond to interrogatories and produce a Rule 30(b)(6) deponent on ViewSonic's sales activities, including competitive intelligence activities. ViewSonic contends that the discovery sought is not relevant to its claims and is duplicative and unduly burdensome. Having reviewed the discovery requests and responses and submissions of the parties, the undersigned concludes that the discovery sought regarding competitive intelligence is relevant and under the circumstances the burden of production of competitive intelligence documents and deposition testimony does not outweigh the benefits of the discovery.

## I.   Scope of the Court's December 18, 2014 Order and Jurisdiction

Before addressing the merits, a preliminary issue involves jurisdiction over this discovery motion. The undersigned seeks the Court's guidance on the scope of its continuing jurisdiction over the ViewSonic case, Civ No 14-cv-02510SC, filed May 30, 2014, in light of the Court's 12/18/14 Order (ECF No 3215), which states:

> Furthermore, because the Court lacks jurisdiction to determine arbitrability, and the parties agreed to resolve such issues before the arbitrators and pursuant to the AAA or JCAA rules, the Court lacks jurisdiction even to sever ViewSonic's claims against the co-conspirators from its claims against Panasonic. See Reply at 6 n.3. As a result, the Court DISMISSES ViewSonic's complaint WITHOUT PREJUDICE, and leaves those questions to the arbitrators.[2]

To place the Court's statement in context, Panasonic's Reply at 6, n 3 states:

---

[1] The moving parties are Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc and Mitsubishi Electric Visual Solutions America (collectively, "the Mitsubishi Defendants"). 11/05/2014 Michael T Brody (Jenner & Block LLP) Letter Brief.

[2] 12/18/14 Order, Dkt 3215, at 10.

Panasonic Defendants recognize that the Court has ruled in other motions in the MDL that joint and several liability is not covered by an arbitration clause of this type.  Panasonic respectfully argues that under the authority cited in the text, such a coverage issue should also be decided by the arbitrator, and not the Court, and urges the Court to therefore dismiss Plaintiff's entire complaint without prejudice so that these scope issues can be decided in arbitration.[3]

Panasonic's Reply cited two cases: *Simula, Inc v Autoliv, Inc*, 175 F3d 716, 726 (9 Cir 1999) and *Poponin v Virtual Pro, Inc*, 2006 WL 2691418, at *11-12 (ND Cal Sep 20, 2006).

The Court's Order appears to dismiss ViewSonic's complaint in its entirety without prejudice and suggests that the Court lacks jurisdiction to sever ViewSonic's claims against defendants other than the Panasonic Defendants.  But the *Simula* and *Poponin* cases do not involve dismissal of claims against co-defendants.  These cases afford no authority apparent to the undersigned that ViewSonic's claims against other defendants should not proceed while ViewSonic's claims against Panasonic proceed in arbitration.

The Court's prior orders addressing motions to compel arbitration provide helpful guidance.  For example, the order granting Toshiba's motion to compel arbitration (ECF No 1543, filed 1/28/13) stated:  "the Court ADOPTS the Special Master's Report and Recommendation and GRANTS the Toshiba Defendants' motion to compel arbitration in part, with the exception of Plaintiff's claims for co-conspirator or joint and several liability based on Plaintiff Costco's purchase of products from defendants other than the Toshiba Defendants."  1/28/13 Order at 10.  That order expressly stated "[t]here is no basis for compelling arbitration of Plaintiff's claims based on the Toshiba Defendants' alleged dealings with other defendants, even if the Toshiba Defendants as a corporate family may compel arbitration based on the Vendor Agreement with TACP."  *Id* at 5.

---

[3] *ViewSonic v Chungwha et al*, MDL No 1917, Case No 3:14-cv-02510-SC, Panasonic Defendants' Reply ISO Motion to Dismiss and to Compel Arbitration [Redacted], Dkt 54, filed 10/06/14.

REPORT & RECOMMENDATION:  MITSUBISHI'S MOTION TO COMPEL DISCOVERY          PAGE **3** OF **7**

The order granting Philips' motion to compel arbitration (ECF No 2265, filed 12/13/13) also stated: "as in its ruling on the Toshiba Defendants' motion to compel arbitration, ECF No. 1543 ("Toshiba Order"), the Court declines to dismiss Plaintiff's claims for co-conspirator or joint and several liability at this time. Those claims are outside the scope of the present arbitration agreement." 12/13/13 Order at 11. Similarly, Judge Illston in the *TFT-LCD Antitrust Litigation* granted a motion to compel arbitration based on a contract between the plaintiff and one defendant, stayed all litigation between those two parties, but allowed the plaintiff to "remain[ ] free to pursue litigation with the other alleged co-conspirators." *In re TFT-LCD Antitrust Litigation*, 2011 WL 2650689 at *9 (ND Cal Aug 3, 2011).

Since arbitration is contractual in nature and a party cannot be required to arbitrate a dispute not covered by an arbitration agreement, it appears that the Court's 12/18/14 Order should be clarified to make evident that only ViewSonic's claims against the Panasonic Defendants are dismissed without prejudice and that ViewSonic's claims against all other Defendants remain in this litigation. This would be consistent with the Court's prior orders and the relevant law. Such clarification would also remove any question on the authority of the undersigned to deal with the present discovery matter.

Assuming the undersigned has interpreted the Court's 12/18/14 Order correctly and the Court clarifies the 12/18/14 Order as recommended herein, the present discovery motion is properly before the undersigned pursuant to the Court's 12/17/13 Order Appointing Special Master for Discovery (ECF No 2272).

II.    **Specific Discovery Mitsubishi Seeks from ViewSonic**

Mitsubishi does not specifically identify which requests for production of documents, deposition topics or interrogatories are at issue, generally referring to its discovery directed to ViewSonic's "sales" and "competitive intelligence" on CRTs. The undersigned reviewed the submitted discovery requests and it appears that Requests for Production of Documents Nos 6, 12, 14 and 23, Topics 12 and 27 of the Rule 30(b)(6) Deposition Notice and Interrogatories Nos 9, 10, 11, 13, 14, 15 and 24 are at issue. In its Reply, Mitsubishi concedes

that "Defendants are prepared, however, to limit their competitive intelligence discovery requests to only those sales-related documents necessary to conduct discovery on competitive intelligence." 11/24/14 Brody Letter Brief at 5. That limitation is reasonable and adopted here.

### III. Relevance of ViewSonic's Sales Activities including Competitive Intelligence

Mitsubishi contends that ViewSonic is the only Direct Action Plaintiff that has not produced sales information. ViewSonic maintains that because it has only asserted Sherman Act claims, for which pass-on is not a viable defense, downstream sales are neither relevant nor discoverable in this case. But this Court, in deciding a similar issue with respect to Best Buy, determined that discovery into a plaintiff's competitive intelligence activities "is also relevant to rebut any charges that competitive contacts and price monitoring are circumstantial evidence of an illegal conspiracy. See *Urethane*, 2011 WL 1327988, at *6." *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 301 FRD 449, 453 n 4 (ND Cal 2014). This Court further explained that "[e]vidence of how the competitive intelligence program operates might still be admissible (or at least lead to the discovery of admissible evidence) at trial to rebut allegations that competitor contacts and price monitoring are indicative of the existence of a conspiracy as they were in *TFT*. See also *Urethane*, 2011 WL 1327988, at *6." 301 FRD at 454.

Thus even assuming that ViewSonic is correct in its contention that its sales information is not relevant to its claims, its competitive intelligence information is relevant to rebut allegations that competitor contacts and price monitoring are indicative of a conspiracy. Mitsubishi has limited its competitive intelligence discovery requests to only those sales-related documents necessary to conduct discovery on competitive intelligence. The undersigned concludes that such information is relevant under Rule 26.

ViewSonic cites several cases for the proposition that courts routinely reject motions to compel plaintiffs with only a Sherman Act Section 1 claim to produce downstream sales data, citing *In re K-Dur Antitrust Litig*, 2007 WL 5302308, at *15 (DNJ Jan 2, 2007); *In re Automotive Refinishing Paint Antitrust Litig*, 2006 WL 1479817, at *8 (ED Pa May 26, 2006); *In re Vitamins Antitrust Litig*, 198 FRD 296, 302 (DDC 2000). But none of these cases supports

ViewSonic's contention that the discovery sought here is not relevant in this case. In *Vitamins Antitrust Litigation*, the court concluded that "the individualized downstream data is at least marginally relevant" and proceeded to consider the burdens of the proposed discovery. 198 FRD at 301-302. None of the cited cases addressed the relevance of competitive intelligence activities to rebut an argument that competitor communications and price monitoring were indicative of a price-fixing conspiracy.

Moreover, discovery into ViewSonic's CRT sales may lead to admissible evidence regarding pass-on and damages in this MDL litigation even if such information may not be directly relevant to ViewSonic's Sherman Act claims. Because pass-on is a key issue in this litigation, discovery into ViewSonic's sales of CRTs would be relevant or likely to lead to admissible evidence. As Mitsubishi's counsel notes, ViewSonic as a seller of CRTs during the relevant time period could have been subject to such discovery even as a third-party. As a party plaintiff, ViewSonic's argument that the discovery sought has no relevance to its particular claims does not overcome the conclusion that the discovery sought may lead to admissible evidence and be relevant to other issues in this litigation.

### IV. Burden of Discovery on Competitive Intelligence and Sales Activities

Factors courts consider in determining whether "the burden or expense of the proposed discovery outweighs its likely benefit" are: (1) the needs of the case, (2) the amount in controversy, (3) the parties' resources, (4) the importance of the issues at stake in the litigation and (5) the importance of the proposed discovery in resolving the issues. FRCP 26(b)(2)(iii).

This case involves claims based on a price-fixing conspiracy involving CRTs. As discussed above, discovery into a plaintiff's sales and competitive intelligence practices are relevant to important issues in this litigation. The amounts in controversy are enormous. The parties are sophisticated entities, represented by able counsel and not lacking in resources. See *In re CRT Antitrust Litigation*, 301 FRD at 455. In light of the extensive discovery propounded and produced by all the parties in this multi-district litigation, it does not appear unduly

REPORT & RECOMMENDATION:  MITSUBISHI'S MOTION TO COMPEL DISCOVERY    PAGE **6** OF **7**

burdensome to require ViewSonic to produce documents and a Rule 30(b)(6) deponent regarding its sales and competitive intelligence practices. ViewSonic should respond to Requests for Production Nos 12, 14 and 23, a Rule 30(b)(6) deposition on Topics 12 and 27 and Interrogatories Nos 11, 13-15 and 24. Request for Production No 6 is unduly burdensome because it seeks all documents relating to sales of CRTs or CRT Products which would require excessive effort at this late stage in the litigation. Similarly, Interrogatories Nos 9 and 10 are unduly burdensome, a burden that outweighs the limited value of the information requested.

Assuming there is jurisdiction, the undersigned ORDERS as follows:

**Mitsubishi's motion to compel ViewSonic to respond to discovery regarding its sales and competitive intelligence activities during the relevant period is GRANTED with respect to Requests for Production of Documents Nos 12, 14 and 23, a Rule 30(b)(6) deposition on Topics 12 and 27 and Interrogatories Nos 11, 13-15 and 24. With respect to other discovery requests (e g, Request for Production No 6, Interrogatories Nos 9 and 10), Mitsubishi's motion to compel is DENIED.**

IT IS SO ORDERED.

Date: January 16, 2015

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Samuel Conti
United States District Judge