# EXHIBIT 16

| | |
|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP |
| 2 | JOEL S. SANDERS, SBN 107234<br>JSanders@gibsondunn.com |
| 3 | RACHEL S. BRASS, SBN 219301<br>RBrass@gibsondunn.com |
| 4 | AUSTIN SCHWING, SBN 211696<br>ASchwing@gibsondunn.com |
| 5 | 555 Mission Street, Suite 3000<br>San Francisco, California 94105-2933 |
| 6 | Telephone: 415.393.8200<br>Facsimile: 415.393.8306 |
| 7 | Attorneys for Defendants |
| 8 | CHUNGHWA PICTURE TUBES, LTD. and<br>CHUNGHWA PICTURE TUBES (MALAYSIA)<br>SDN. BHD. |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Best Buy Co. Inc. et al. v. Hitachi, Ltd. et al.*, No. 3:11-cv-05513-SC<br><br>*Sears, Roebuck and Co. et al. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 3:11-cv-05514-SC<br><br>*Target Corp. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 3:11-cv-05514-SC<br><br>*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 3:14-cv-02510-SC | **DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S NOTICE OF LIMITATION OF DAMAGES PURSUANT TO ANTITRUST CRIMINAL PENALTY ENHANCEMENT AND REFORM ACT OF 2004** |

TO THE COURT, THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that in connection with the trial currently scheduled to commence on March 9, 2015 in this matter, Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "CPT"), will and hereby do assert the protections offered under the Antitrust Criminal Penalty Enhancement and Reform Act of 2004, Pub. L. No. 108-237, 118 Stat. 661, § 213(a) ("ACPERA") that limit any recovery from CPT to "actual damages sustained by" a plaintiff that are "attributable to the commerce done by" CPT.

CPT self-reported conduct related to cathode ray tubes to the U.S. Department of Justice and obtained amnesty from criminal prosecution pursuant to the Antitrust Division's Leniency Program. *See* Decl. of Rachel Brass in Support of Notice, Ex. A (leniency agreement). ACPERA relieves a successful leniency applicant, here CPT, from exposure to treble damages and joint-and-several liability in any civil action:

> [I]n any civil action alleging a violation of section 1 or 3 of the Sherman Act, or alleging a violation of any similar State law, based on conduct covered by a currently effective antitrust leniency agreement, *the amount of damages recovered* by or on behalf of a claimant from an antitrust leniency applicant who satisfies the [cooperation] requirements of subsection (b), together with the amounts so recovered from cooperating individuals who satisfy such requirements, *shall not exceed that portion of the actual damages sustained by such claimant which is attributable to the commerce done by the applicant in the goods or services affected by the violation*.

ACPERA § 213(a) (emphasis added). CPT intends to demonstrate that it has satisfied its statutory cooperation obligations and is therefore entitled to the benefits of ACPERA. Accordingly, any damages that Direct Action Plaintiffs seek to recover from CPT must be limited to "actual damages" they can prove they "sustained" that are directly "attributable to the commerce done by" CPT.

DATED: January 15, 2015                    GIBSON, DUNN & CRUTCHER LLP


By:    /s/ *Joel S. Sanders*
      Joel S. Sanders

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD and
CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.

# DECLARATION OF SERVICE

I, Joseph Hansen, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State. On the date below, I served the within:

**DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S NOTICE OF LIMITATION OF DAMAGES PURSUANT TO ANTITRUST CRIMINAL PENALTY ENHANCEMENT AND REFORM ACT OF 2004**

to all named counsel of record as follows:

☑ **BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on January 15, 2015. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on January 15, 2015, at San Francisco, California.

/s/ *Joseph Hansen*
Joseph Hansen

101863726.3

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
jsanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
aschwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Best Buy Co. Inc. et al. v. Hitachi, Ltd. et al.*, No. 3:11-cv-05513-SC<br><br>*Sears, Roebuck and Co. et al. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 3:11-cv-05514-SC<br><br>*Target Corp. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 3:11-cv-05514-SC<br><br>*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 3:14-cv-02510-SC | **DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S NOTICE OF LIMITATION OF DAMAGES PURSUANT TO ANTITRUST CRIMINAL PENALTY ENHANCEMENT AND REFORM ACT OF 2004** |

1

I, Rachel S. Brass, hereby declare as follows:

1. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Chunghwa Picture Tubes, Ltd. ("CPT") and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. ("CPTM") in the above-referenced action.

2. I submit this declaration in support of Defendants CPT and CPTM's Notice of Limitation of Damages Pursuant to Antitrust Criminal Penalty Enhancement and Reform Act of 2004. Unless otherwise indicated, I have personal knowledge of the foregoing and could and would testify to the same if called as a witness in this matter.

3. Attached as **Exhibit A** is a true and correct copy of the leniency agreement entered into between Chunghwa Picture Tubes, Ltd. and its subsidiaries (including CPTM) and the Antitrust Division of the U.S. Department of Justice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of January 2015, at San Francisco, California.

By:   /s/ *Rachel S. Brass*
          Rachel S. Brass

101864531.1

# EXHIBIT A

AUG-28-2007 18:18   ATR_OCE                                      202 307 9978    P.004
Case 4:07-cv-05944-JST Document 3404-17 Filed 01/16/15 Page 8 of 12
Case 3:07-cv-05944-SC Document 3335-17 Filed 01/15/15 Page 2 of 6

**U. S. Department of Justice**

Antitrust Division

---

*Office of the Deputy Assistant Attorney General*    950 Pennsylvania Ave., NW, Suite 3218
                                                     Washington, D.C. 20530-0001

Gary R. Spratling
Gibson, Dunn & Crutcher, LLP
One Montgomery Street
Suite 3100
San Francisco, California 94104

Dear Mr. Spratling:

      This letter sets forth the terms and conditions of an agreement between the Antitrust Division of the United States Department of Justice and Chunghwa Picture Tubes, Ltd., and its subsidiaries (collectively "Chunghwa"), in connection with possible price-fixing, market-allocation, and output-restriction activity, or other conduct violative of Section 1 of the Sherman Act, 15 U.S.C. § 1, in the cathode ray tube ("CRT") industry, including such conduct involving color display tubes and color picture tubes, in the United States and elsewhere. This Agreement is conditional and depends upon Chunghwa satisfying the conditions set forth below. After all of these conditions are met, the Division will notify Chunghwa in writing that the application has been granted. It is further agreed that disclosures made by counsel for Chunghwa in furtherance of the leniency application will not constitute a waiver of the attorney-client privilege or the work-product privilege.

## AGREEMENT

      1. **Representations:** Chunghwa desires to report to the Antitrust Division possible price-fixing, market-allocation, and output-restriction activity, or other conduct violative of the Sherman Act in the CRT industry in the United States and elsewhere ("the anticompetitive activity being reported"). Chunghwa represents to the Antitrust Division that, in connection with the anticompetitive activity being reported, it:

      (a)    took prompt and effective action to terminate its part in the anticompetitive activity being reported upon discovery of the activity; and

      (b)    did not coerce any other party to participate in the activity and was not the leader in, or the originator of, the anticompetitive activity being reported.

      2. **Cooperation:** Chunghwa agrees to provide full, continuing and complete cooperation to the Antitrust Division in connection with the anticompetitive activity being reported, including, but not limited to, the following:

CONFIDENTIAL                                                                                    CHWA00260891

AUG-28-2007 18:18 ATR OCE 202 307 9978 P.005
Case 4:07-cv-05944-JST Document 3404-17 Filed 01/16/15 Page 9 of 12
Case 3:07-cv-05944-SC Document 3395-2 Filed 01/15/15 Page 3 of 6

(a) providing a full exposition of all facts known to Chunghwa relating to the anticompetitive activity being reported;

(b) providing promptly, and without requirement of subpoena, all documents or other items in its possession, custody or control, wherever located, requested by the Antitrust Division in connection with the anticompetitive activity being reported, to the extent not already produced;

(c) using its best efforts to secure the ongoing, full and truthful cooperation of the current directors, officers and employees of Chunghwa, former Chairman and Chief Executive Officer of Chunghwa Picture Tubes, Ltd., C.H. "Frank" Lin, and former President of CPTF Optronics Co., Ltd., a subsidiary of Chunghwa Picture Tubes, Ltd., Jason Lu (collectively "covered employees"), and encouraging such persons voluntarily to provide the Antitrust Division with any information they may have relevant to the anticompetitive activity being reported;

(d) facilitating the ability of covered employees to appear for such interviews or testimony in connection with the anticompetitive activity being reported as the Antitrust Division may require at the times and places designated by the Antitrust Division;

(e) using its best efforts to ensure that covered employees who provide information to the Antitrust Division relevant to the anticompetitive activity being reported respond completely, candidly and truthfully to all questions asked in interviews and grand jury appearances and at trial;

(f) using its best efforts to ensure that covered employees who provide information to the Antitrust Division relevant to the anticompetitive activity being reported make no attempt either falsely to protect or falsely to implicate any person or entity; and

(g) making all reasonable efforts, to the satisfaction of the Antitrust Division, to pay restitution pursuant to United States law to any person or entity injured as a result of the anticompetitive activity being reported, in which Chunghwa was a participant.

3. **Corporate Leniency**: Subject to verification of Chunghwa's representations in paragraph 1 above, and subject to its full, continuing and complete cooperation, as described in paragraph 2 above, the Antitrust Division agrees conditionally to accept Chunghwa into Part A of the Corporate Leniency Program, as explained in an Antitrust Division policy statement dated August 10, 1993 (attached). Pursuant to that policy, the Antitrust Division agrees not to bring any

-2-

CONFIDENTIAL CHWA00260892

AUG-28-2007 18:18 ATR_OCE 202 307 9978 P.006
Case 4:07-cv-05944-JST Document 3404-17 Filed 01/16/15 Page 10 of 12
Case 3:07-cv-05944-SC Document 3395-2 Filed 01/15/15 Page 4 of 6

criminal prosecution against Chunghwa for any act or offense it may have committed prior to the date of this letter in connection with the anticompetitive activity being reported. The commitments in this paragraph are binding only upon the Antitrust Division, although, upon request of Chunghwa, the Antitrust Division will bring this Agreement to the attention of other prosecuting offices or administrative agencies. If the Antitrust Division at any time determines that Chunghwa has violated this Agreement, this Agreement shall be void, and the Antitrust Division may revoke the conditional acceptance of Chunghwa into the Corporate Leniency Program. Should the Antitrust Division revoke the conditional acceptance of Chunghwa into the Corporate Leniency Program, the Antitrust Division may thereafter initiate a criminal prosecution against Chunghwa in connection with the anticompetitive activity being reported, without limitation. Should such a prosecution be initiated, the Antitrust Division may use any documents, statements, or other information provided by Chunghwa or by any of its current or former directors, officers, or employees to the Antitrust Division pursuant to this Agreement against Chunghwa, directly or indirectly, in any such prosecution.

4. **Non-Prosecution Protection For Corporate Directors, Officers And Employees**: Subject to Chunghwa's full, continuing and complete cooperation, the Antitrust Division agrees that covered employees who admit their knowledge of, or participation in, and fully and truthfully cooperate with the Antitrust Division in its investigation of the anticompetitive activity being reported, shall not be prosecuted criminally by the Antitrust Division for any act or offense committed during their period of employment at Chunghwa prior to the date of this letter in connection with the anticompetitive activity being reported. Such full and truthful cooperation of covered employees shall include, but not be limited to:

(a) producing in the United States all documents and records, including personal documents and records, and other materials requested by attorneys and agents of the United States in connection with the anticompetitive activity being reported;

(b) making himself or herself available for interviews in the United States upon the request of attorneys and agents of the United States in connection with the anticompetitive activity being reported;

(c) responding fully and truthfully to all inquiries of the United States in connection with the anticompetitive activity being reported, without falsely implicating any person or intentionally withholding any information;

(d) otherwise voluntarily providing the United States with any materials or information, not requested in (a) - (c) of this paragraph, that he or she may have relevant to the anticompetitive activity being reported; and

(e) when called upon to do so by the United States, testifying in trial and grand jury or other proceedings in the United States, fully, truthfully and under

-3-

CONFIDENTIAL CHWA00260893

AUG-28-2007 18:18 ATR OCE 202 307 9978 P.007
Case4:07-cv-05944-JST Document3404-17 Filed01/16/15 Page11 of 12
Case3:07-cv-05944-SC Document3395-2 Filed01/15/15 Page5 of 6

oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402) and obstruction of justice (18 U.S.C. § 1503), in connection with the anticompetitive activity being reported.

The commitments in this paragraph are binding only upon the Antitrust Division, although, upon the request of Chunghwa, the Antitrust Division will bring this Agreement to the attention of other prosecuting offices or administrative agencies. In the event a covered employee fails at any time to comply fully with his or her obligations hereunder, this Agreement as it pertains to such individual shall be void, and any leniency, immunity or non-prosecution granted to such individual under this Agreement may be revoked by the Antitrust Division. Should any leniency, immunity or non-prosecution granted be revoked, the Antitrust Division may thereafter prosecute such person criminally in connection with the anticompetitive activity being reported and may use any documents, statements, or other information provided by Chunghwa or by any of its current or former directors, officers, or employees, including such person, to the Antitrust Division pursuant to this Agreement against him or her, directly or indirectly, in such prosecution.

5. **Thin Film Transistor-Liquid Crystal Display Panel Investigation**: Chunghwa acknowledges that it is the target of a separate investigation into possible price-fixing, market-allocation, and output-restriction activity, or other conduct violative of Section 1 of the Sherman Act, 15 U.S.C. § 1, and related statutes, in the Thin Film Transistor-Liquid Crystal Display Panel ("TFT-LCD Panel") industry in the United States and elsewhere and that some of Chunghwa's current and former directors, officers, or employees are, or may become, subjects, targets, or defendants in that separate investigation. Nothing in this Agreement limits the United States from initiating a criminal prosecution against Chunghwa or any of its current or former directors, officers, or employees in connection with the TFT-LCD Panel investigation. The status of Chunghwa or any of its current or former directors, officers, or employees as a subject, target, or defendant in the TFT-LCD Panel investigation does not abrogate or affect Chunghwa's cooperation obligations under paragraph 2 above, including its obligation to use its best efforts to secure the ongoing, full, and truthful cooperation of covered employees, or the cooperation obligations of covered employees under paragraph 4 above. A failure of a covered employee to comply fully with his or her obligations described in paragraph 4 above includes, but is not limited to, regardless of any past or proposed cooperation, not making himself or herself available in the United States for interviews and testimony in trials and grand jury or other proceedings upon the request of attorneys and agents of the United States in connection with the anticompetitive activity being reported because he or she has been, or anticipates being, charged, indicted, or arrested in the United States for violations of federal antitrust and related statutes involving the TFT-LCD Panel industry. Such failure also includes, but is not limited to, not responding fully and truthfully to all inquiries of the United States in connection with the anticompetitive activity being reported because his or her responses may also relate to, or tend to incriminate him or her in, the TFT-LCD Panel investigation. Failure to comply fully with his or her cooperation obligations further includes, but is not limited to, not producing in the United

CONFIDENTIAL CHWA00260894

States all documents, including personal documents and records, and other materials requested by attorneys and agents of the United States in connection with the anticompetitive activity being reported because those documents may also relate to, or tend to incriminate him or her in, the TFT-LCD Panel investigation. The cooperation obligations of Paragraph 4 above do not apply to requests by attorneys and agents of the United States directed at price-fixing, market-allocation, or output-restriction activity in the TFT-LCD Panel industry if such requests are not, in whole or in part, made in connection with the anticompetitive activity being reported. The Antitrust Division may use any documents, statements, or other information provided by Chunghwa or by any of its current or former directors, officers, or employees to the Antitrust Division pursuant to this Agreement against Chunghwa or any of its current or former directors, officers, or employees, directly or indirectly, in any prosecution arising out of the TFT-LCD Panel investigation.

6. **Entire Agreement:** This letter constitutes the entire agreement between the Antitrust Division and Chunghwa, and supersedes all prior understandings, if any, whether oral or written, relating to the subject matter herein.

7. **Authority And Capacity:** The Antitrust Division and Chunghwa represent and warrant each to the other that the signatories to this Agreement on behalf of each party hereto have all the authority and capacity necessary to execute this Agreement and to bind the respective parties hereto.

The signatories below acknowledge acceptance of the foregoing terms and conditions.

Sincerely yours,

Date: 8/28/07

Scott D. Hammond
Deputy Assistant Attorney General
Antitrust Division

Yu Sheng Chen                           Date: 8/28/07
Chunghwa Picture Tubes, Ltd.

                                        Date: 8-28-07
Gary Spratling
Gibson, Dunn & Crutcher LLP
Counsel for Chunghwa Picture Tubes, Ltd.

-5-

TOTAL P.008

CONFIDENTIAL                                                         CHWA00260895