1  Michael P. Kenny, Esq. (admitted *pro hac vice*)
   mike.kenny@alston.com
2  Debra D. Bernstein, Esq. (admitted *pro hac vice*)
   debra.bernstein@alston.com
3  Matthew D. Kent (admitted *pro hac vice*)
   matthew.kent@alston.com
4  **ALSTON & BIRD LLP**
5  1201 West Peachtree Street
   Atlanta, Georgia 30309-3424
6  Tel: (404) 881-7000
7  Facsimile: (404) 881-7777

8  James M. Wagstaffe, Esq. (SBN 95535)
   wagstaffe@kerrwagstaffe.com
9  **KERR & WAGSTAFFE LLP**
   101 Mission Street, 18th Floor
10 San Francisco, California 94105-1576
   Tel: (415) 371-8500
11 Facsimile: (415) 371-0500

12 *Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

13 **[Additional Counsel Listed on Signature Page]**

14                **UNITED STATES DISTRICT COURT**
15            **NORTHERN DISTRICT OF CALIFORNIA**
                  **SAN FRANCISCO DIVISION**
16

17 | In re:  CATHODE RAY TUBE (CRT) | Master File No. 3:07-cv-05944-SC |
18 | ANTITRUST LITIGATION | |

19 This Document Relates to:

20 *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;

21 *CompuCom Sys., Inc. v. Hitachi, Ltd.*,
22 No. 11-cv-06396;

23 *Costco Wholesale Corp. v. Hitachi, Ltd.*,
   No. 11-cv-06397;
24
25 *Dell Inc. and Dell Products L.P., v. Hitachi, Ltd.*,
   No. 13-cv-02171;
26
27 *Electrograph Sys. v. Hitachi, Ltd.*,
   No. 11-cv-01656;
28

MDL No. 1917

**DIRECT ACTION PLAINTIFFS'
RESPONSE IN OPPOSITION TO SDI
DEFENDANTS' MOTION TO
EXCLUDE EXPERT TESIMONY OF
PROFESSOR STEPHAN HAGGARD
[MDL DKT # 3172]**

Date:      February 27, 2015
Time:      10:00 a.m.
Courtroom: 1
Judge:     Honorable Samuel Conti

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Interbond Corp. of Am. v. Hitachi, Ltd.*,
No. 11-cv-06275;

*Office Depot, Inc. v. Hitachi Ltd.*,
No. 11-cv-06276;

*P.C. Richard & Son Long Island Corp. v. Hitachi, Ltd.*,
No. 12-cv-02648;

*Schultze Agency Servs., LLC v. Hitachi, Ltd.*,
No. 12-cv-02649;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;

*Target Corp. v. Chunghwa Picture Tubes, Ltd.*,
No. 11-cv-05514;

*Tech Data Corp. v. Hitachi, Ltd.*, No. 13-cv-00157;

*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.*,
No. 14-02510.

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD

## TABLE OF CONTENTS

**Page(s)**

**MEMORANDUM OF POINTS AND AUTHORITIES**.................................................................1

**STATEMENT OF THE ISSUE PRESENTED**.........................................................................1

**INTRODUCTION**.................................................................................................................1

**BACKGROUND**..................................................................................................................2

    A.    Professor Haggard's Qualifications ...................................................................2

    B.    Professor Haggard's Proposed Testimony........................................................3

**STANDARD OF REVIEW** .....................................................................................................6

**ARGUMENT AND AUTHORITIES**........................................................................................7

    A.    Professor Haggard's Expert Testimony Will Assist the Jury with Understanding *Chaebols* and Samsung Electronics' Relationship with Samsung SDI ...........................8

    B.    Professor Haggard's Opinions are Not the Result of the Interpretation and Application of Korean Law ...................................................................................12

**CONCLUSION** ...................................................................................................................15

i.

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD

1

2 **<u>TABLE OF AUTHORITIES</u>**

3

4 CASES

5 *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*,
   738 F.3d 960 (9th Cir. 2013) ....................................................................................6

6

7 *Barron v. Ford Motor Co.*,
   965 F.2d 195 (7th Cir. 1992) ..................................................................................12

8 *Bowoto v. Chevron Corp.*,
   No. 99-CV-02506-SI, 2006 WL 2604592 (N.D. Cal. Aug. 23, 2006) ...................14

9

10 *Cary Oil Co. v. MG Ref. & Mktg., Inc.*,
   No. 99-CV-1725, 2003 WL 1878246 (S.D.N.Y. Apr. 11, 2003) .............................9

11

12 *CDX Liquidating Trust ex rel. CDX Liquidating Trusee v. Venrock Assocs.*,
   411 B.R. 571 (N.D. Ill. 2009) ...................................................................................9

13 *Cement-Lock v. Gas Tech. Inst.*,
   No. 05-CV-0018, 2007 WL 6947911 (N.D. Ill. Dec. 11, 2007)...............................9

14

15 *Consol. Edison Co. of New York v. UGI Utilities, Inc.*,
   310 F. Supp. 2d 592 (S.D.N.Y. 2004).......................................................................9

16

17 *Darensburg v. Metro. Transp. Comm'n*,
   No. 05-CV-01597-EDL, 2008 WL 4277656 (N.D. Cal. Sept. 15, 2008)...............14

18 *Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993)...................................................................................................6

19

20 *Dongguk Univ. v. Yale Univ.*,
   No. 3:08-CV-441-TLM, 2012 WL 1977978 (D. Conn. June 1, 2012)..............10, 13

21 *Drebing v. Provo Grp., Inc.*,
   519 F. Supp. 2d 811 (N.D. Ill. 2007) ......................................................................14

22

23 *Ford ex rel Estate of Ford v. Garcia*,
   289 F.3d 1283 (11th Cir. 2002) ..............................................................................14

24

25 *Freeman v. San Diego Ass'n of Realtors*,
   322 F.3d 1133 (9th Cir. 2003) ..................................................................................5

26

27 *Hangarter v. Provident Life & Accident Ins. Co.*,
   373 F.3d 998 (9th Cir. 2004) ..................................................................................15

28

ii.

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD

*Illinois Brick Co. v. Illinois*,
   431 U.S. 720 (1977)......................................................................................3

*In re ATM Fee Antitrust Litig.*,
   686 F.3d 741 (9th Cir. 2012) ...............................................................10, 11

*In re Brand Name Prescription Drug Antitrust Litig.*,
   123 F.3d 599 (7th Cir. 1997) ...............................................................5, 11

*In re Petters Co.*,
   506 B.R. 784 (Bankr. D. Minn. 2013) ....................................................9

*In re Safety-Kleen Corp. Rollins Shareholders Litig.*,
   No. 3:00-CV-1343-17, 2004 WL 5504972 (D.S.C. Aug. 30, 2004) ............9

*In re Scrap Metal Antitrust Litig.*,
   527 F.3d 517 (6th Cir. 2008) ...............................................................6

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
   No. 07–md–01819, 2010 WL 5071694 (N.D. Cal. Dec. 7, 2010) ............6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   No. 07-MD-1827-SI, 2013 WL 6174683 (N.D. Cal. Nov. 20, 2013)........5, 10

*In re TFT-LCD*,
   No. 07-MD-1827-SI, 2013 WL 2950065 (N.D. Cal. June 14 2013) ............8, 10, 13

*In re TFT-LCD*,
   No. 11-CV-0058-SI, 2012 WL 7062366 (N.D. Cal. Dec. 26, 2012) ....................11

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999)......................................................................................6

*Lemons v. Novartis Pharm. Corp.*,
   849 F. Supp. 2d 608 (W.D.N.C. 2012) ...............................................14

*Mehinovic v. Vuckovic*,
   198 F. Supp. 2d 1322 (N.D. Ga. 2002) ...............................................14

*Microsoft Corp. v. Motorola, Inc.*,
   No. 10-CV-1823-JLR, 2013 WL 4008822 (W.D. Wash. Aug. 5, 2013)................12

*Primiano v. Cook*,
   598 F.3d 558 (9th Cir. 2010) ...............................................................6, 8

*Rochester Gas & Elec. Corp. v. GPU, Inc.*,
   355 F. App'x 547 (2d Cir. 2009) ...............................................................9

iii.

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD

*Royal Printing Co. v. Kimberly-Clark Corp.*,
621 F.2d 323 (9th Cir. 1980) ..................................................................................3, 10

*Sun Microsystems Inc. v. Hynix Semiconductor Inc.*,
608 F. Supp. 2d 1166 (N.D. Cal. 2009) ...........................................................11

*United States v. AU Optronics Corp.*,
No. CR 09-110-SI, 2011 U.S. Dist. LEXIS 148035 (N.D. Cal. Dec. 22, 2011).......................7

*United States v. Duncan*,
42 F.3d 97 (2d Cir. 1994).....................................................................................14

*United States v. Morales*,
108 F.3d 1031 (9th Cir. 1997) ...........................................................................12

**RULES**

Fed. R. Evid. 702 .........................................................................................6, 8, 11, 14

iv.

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF THE ISSUE PRESENTED**

Whether the opinion testimony of an undisputed expert on South Korean corporate governance issues will assist the jury in understanding the evidence concerning the corporate relationship between South Korean-based Samsung Electronics Co. Ltd. ("Samsung Electronics") and Samsung SDI Co., Ltd. ("Samsung SDI").

**INTRODUCTION**

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD

1

2

3

4

5

6

7

8

9

10 **BACKGROUND**

11 **A. Professor Haggard's Qualifications**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.  Professor Haggard's Proposed Testimony**



4

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD



5

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD

**STANDARD OF REVIEW**

Expert testimony is admissible if: (1) the expert's specialized knowledge will help the trier of fact understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case.  Fed. R. Evid. 702.  To defeat a motion to exclude under the *Daubert* standard, Plaintiffs need not prove that Professor Haggard's opinions are correct or even persuasive, only that the methodology underlying their testimony is "scientifically valid," and thus reliable, and can be applied to the facts at issue.  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07–md–01819, 2010 WL 5071694, at *4 (N.D. Cal. Dec. 7, 2010) (citing *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529-530, 531 (6th Cir. 2008)).  Reliability of the method and its application is the only test at this stage.  *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969-70 (9th Cir. 2013) ("The district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury.").  The court "must assess the reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance, but the inquiry is a flexible one." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

Rule 702 is applied consistently with "the 'liberal thrust' of the Federal Rules and their 'general approach of relaxing the traditional barriers to 'opinion' testimony.'"  *Daubert*, 509 U.S. at 588 (citations omitted); *see also* Fed. R. Evid. 702 advisory committee notes (2000 Amendments) (confirming that "rejection of expert testimony is the exception rather than the rule").  Criticisms of expert conclusions properly take place at trial, on cross examination and with the testimony of opposing experts—not through pretrial motions.  *Primiano*, 598 F.3d at 564 (concluding that

admissible expert testimony would be attacked by "cross examination, contrary evidence, and attention to the burden of proof").[18]

## ARGUMENT AND AUTHORITIES

---

[18] Only with the full context of trial should the court reach decisions with respect to specific objections to expert testimony. *See United States v. AU Optronics Corp.*, No. CR 09-110-SI, 2011 U.S. Dist. LEXIS 148035, at *3-4 (N.D. Cal. Dec. 22, 2011) ("The general Daubert/FRE 702 motions to exclude are denied, without prejudice to specific objections at the time of trial.").

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD



**A. Professor Haggard's Expert Testimony Will Assist the Jury with Understanding *Chaebols* and Samsung Electronics' Relationship with Samsung SDI**

Expert testimony based on specialized knowledge must be useful to the finder of fact in understanding the evidence or making factual determinations. Fed. R. Evid. 702. Expert testimony need not address every element of a claim but need only help the jury understand the evidence or "a fact in issue." Fed. R. Evid. 702(a); *accord Primiano*, 598 F.3d at 565 (finding that expert testimony "is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry").

Courts routinely admit expert testimony that illuminates the relationship between corporate entities. For instance, Judge Illston in *In re TFT-LCD* permitted the plaintiffs' expert to testify "regarding ownership structure, corporate governance practices, and controlling owner incentives of Asian companies." No. 07-MD-1827-SI, 2013 WL 2950065, at *1-2 (N.D. Cal. June 14, 2013).



Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD

There, Judge Illston recognized that plaintiffs' expert had premised his opinions about "the corporate organizational structures and governance practices of Asian companies" on a thorough review of "academic literature addressing these topics." *Id.* at *2. In a similar fashion, other courts have admitted expert testimony on corporate control and corporate governance. *See, e.g., Rochester Gas & Elec. Corp. v. GPU, Inc.*, 355 F. App'x 547, 551 (2d Cir. 2009) (permitting corporate governance expert's testimony regarding the corporate structure and evidence of dominance of one corporation by another corporate entity); *In re Petters Co.*, 506 B.R. 784, 804-05 (Bankr. D. Minn. 2013) (permitting expert testimony that two corporate entities "had no independent existence" and "completely lacked independent governance"); *Cement-Lock v. Gas Tech. Inst.*, No. 05-CV-0018, 2007 WL 6947911, at *2 (N.D. Ill. Dec. 11, 2007) (expert opinions regarding corporate structure and internal controls was helpful to jury because while "the jury may have some knowledge of corporate governance and structure . . . that knowledge is likely incomplete or inaccurate"); *Consol. Edison Co. of New York v. UGI Utilities, Inc.*, 310 F. Supp. 2d 592, 600 (S.D.N.Y. 2004) (referring to corporate governance expert's conclusions that defendant corporation "controlled every material aspect of the operations," "controlled all the important facets of its policies and operations, down to the smallest details," and "controlled every aspect of the corporate existence of [corporation] from its birth to its corporate death.") (internal citations and quotation marks omitted) (reversed in part on other grounds).[23]

---

[23] *See also CDX Liquidating Trust ex rel. CDX Liquidating Trusee v. Venrock Assocs.*, 411 B.R. 571, 588 (N.D. Ill. 2009) (permitting opinion testimony to "lay out the context of the environment" in which corporate decision were made where corporate governance expert "call[ed] upon his training, education and practical experience as a basis upon which to provide a helpful explanation"); *In re Safety-Kleen Corp. Rollins Shareholders Litig.*, No. 3:00-CV-1343-17, 2004 WL 5504972, at *2 (D.S.C. Aug. 30, 2004) (allowing expert testimony on "general corporate governance structure; role of officers, directors, and audit committee members; and general examples of what the experts believe are good corporate practices in conformance with industry custom"); *Cary Oil Co. v. MG Ref. & Mktg., Inc.*, No. 99-CV-1725, 2003 WL 1878246, at *6 (S.D.N.Y. Apr. 11, 2003) (court permitted expert to testify on issues of corporate governance while acknowledging that party opposing testimony had not offered "a minimum amount of experience that a potential expert witness in corporate governance or any other field must reach in order to demonstrate sufficient ability to testify").



The ownership or control inquiry is flexible and

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD

takes into account the nuances that necessarily arise from case to case.  *See, e.g.*, *In re Brand Name*, 123 F.3d at 605-06 (considering "interlocking directorates, minority stock ownership, loan agreements that subject the wholesalers to the manufacturers' operating control, trust agreements, *or other modes of control* separate from ownership of a majority of the wholesalers' common stock") (emphasis added).  Ninth Circuit district courts have consistently endorsed and applied this flexible approach. *See, e.g.*, *In re TFT-LCD*, No. 11-CV-0058-SI, 2012 WL 7062366, at *4-5 (N.D. Cal. Dec. 26, 2012) (considering variety of factors, including volume of sales between direct purchasing and conspiring seller, intertwined economic interests, shared patent agreements, and representation by same counsel in certain legal proceedings); *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 608 F. Supp. 2d 1166, 1180 (N.D. Cal. 2009) (describing factors listed in *Brand Name* as just "[s]*ome examples of the types of facts that would satisfy the control exception*") (emphasis added).

And, of course, an expert may testify about the facts that he relied on in forming his opinions. Fed. R. Evid. 702 advisory committee notes (1972 Amendments) ("Most of the literature assumes that experts testify only in the form of opinions.  The assumption is logically

11

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD

unfounded.").[27]  Expert testimony, moreover, is admissible where, as here, it addresses an issue "beyond the common knowledge of the average layperson."  *See, e.g.*, *United States v. Morales*, 108 F.3d 1031, 1039 (9th Cir. 1997); *accord Barron v. Ford Motor Co.*, 965 F.2d 195, 201-02 (7th Cir. 1992) (where jurors might have misconceptions about route of ejection from car during accident, expert testimony "simplistic as it might seem to the sophisticated, would have alleviated that concern"); *Microsoft Corp. v. Motorola, Inc.*, No. 10-CV-1823-JLR, 2013 WL 4008822, at *11 (W.D. Wash. Aug. 5, 2013) (admitting expert testimony that "is not part of the 'common knowledge' of the average person, and the jury will receive 'appreciable help' from hearing [the] expert opinion").  The jury cannot be expected to know (or understand the significance of) the movement of Samsung SDI personnel to Samsung Electronics or the equity holdings among the various entities in the Samsung Group.

**B.  Professor Haggard's Opinions are Not the Result of the Interpretation and Application of Korean Law**

---

[27] *See* Fed. R. Evid. 702 advisory committee notes (1972 Amendments) (Rule 702 "recognizes that an expert on the stand may give a dissertation or exposition of scientific or other principles relevant to the case, leaving the trier of fact to apply them to the facts.").



Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD



14

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD

Finally, experts may refer to the law in expressing their opinions. *Darensburg v. Metro. Transp. Comm'n*, No. 05-CV-01597-EDL, 2008 WL 4277656, at *2 (N.D. Cal. Sept. 15, 2008); *accord Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016-17 (9th Cir. 2004) (not only may an expert refer to legal terms but "a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms") (citation omitted).

**CONCLUSION**

For the foregoing reasons, Professor Haggard is qualified to offer his expert testimony to the jury. Accordingly, Samsung SDI's Motion should be denied.

Date: January 16, 2015

Respectfully submitted,

/s/  Michael Kenny
Michael P. Kenny
Debra D. Bernstein
Matthew D. Kent
Elizabeth Helmer
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone:  (404)-881-7000
Facsimile:   (404)-881-7777
Email:  mike.kenny@alston.com
        debra.bernstein@alston.com
        matthew.kent@alston.com
        elizabeth.helmer@alston.com

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD

James M. Wagstaffe, Esq. (SBN 95535)
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, California 94105-1576
Telephone: (415)-371-8500
Facsimile: (415)371-0500
Email: wagstaffe@kerrwagstaffe.com

*Counsel For Plaintiffs Dell Inc. and Dell Products L.P.*

/s/ *Philip Iovieno*
Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
           anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, and Tech Data Corporation and Tech Data Product Management, Inc.*

16

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD

1        /s/  Robert Turken
       Robert W. Turken

2        Scott N. Wagner
       Mitchell E. Widom

3        BILZIN SUMBERG MAENA PRICE & AXELROD
       LLP

4        1450 Brickell Ave, Suite 2300
       Miami, FL  33131-3456

5        Tel:  305-374-7580
       Fax: 305-374-7593

6        Email:  rturken@bilzin.com
              swagner@bilzin.com

7               mwidom@bilzin.com

8        *Counsel for Plaintiffs Tech Data Corporation and Tech
       Data Product Management, Inc.*

9

10        /s/  David Burman
       David J. Burman (*pro hac vice*)

11        Cori G. Moore (*pro hac vice*)
       Eric J. Weiss (*pro hac vice*)

12        Nicholas H. Hesterberg (*pro hac vice*)
       Steven D. Merriman (*pro hac vice*)

13        PERKINS COIE LLP
       1201 Third Avenue, Suite 4900

14        Seattle, WA 98101-3099
       Telephone:  (206)359-8000

15        Facsimile:   (206)359-9000
       Email:  DBurman@perkinscoie.com

16               CGMoore@perkinsncoie.com
              EWeiss@perkinscoie.com

17               NHesterberg@perkinscoie.com
              SMerriman@perkinscoie.com

18        Joren Bass, Bar No. 208143
       PERKINS COIE LLP

19        Four Embarcadero Center, Suite 2400
       San Francisco, CA 94111-4131

20        Telephone:  (415)344-7120
       Facsimile:   (415)344-7320

21        Email:  JBass@perkinscoie.com

22        *Counsel for Plaintiff Costco Wholesale Corporation*

23

24

25

26

27

28

Case No. 3:07-CV-05944-SC | MDL No. 1917

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD

/s/  Richard Arnold
Richard Alan Arnold (*pro hac vice*)
William J. Blechman (*pro hac vice*)
Kevin J. Murray (*pro hac vice*)
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL  33131
Tel:  305-373-1000
Fax: 305-372-1861
Email:   rarnold@knpa.com
              wblechman@knpa.com
              kmurray@knpa.com

*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

/s/  Kenneth Marks
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:   (713) 654-6666
Email:  kmarks@susmangodfrey.com
             jross@susmangodfrey.com
             jcarter@susmangodfrey.com
             dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington  98101-3000
Telephone:  (206) 516-3880
Facsimile:   (206) 516-3883
Email:  pfolse@susmangodfrey.com
             rblack@susmangodfrey.com
             jconnors@susmangodfrey.com

*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

1

2

3

4

5

6

7

8

9

10

11

12

13

/s/  *Jason Murray*
Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone:  213-443-5582
Facsimile:   213-622-2690
Email:  jmurray@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven *(pro hac vice)*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  202-624-2500
E-mail:  jmurphy@crowell.com
              aheaven@crowell.com

*Counsel for Target Corp. and ViewSonic Corp.*

Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO SDI DEFENDANTS' MOTION TO EXCLUDE EXPERT TESIMONY OF PROFESSOR STEPHAN HAGGARD