1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   Gary L. Halling, Cal. Bar No. 66087
2  James L. McGinnis, Cal. Bar No. 95788
   Michael W. Scarborough, Cal. Bar No. 203524
3  Mona Solouki, Cal. Bar No. 215145
4  Tyler M. Cunningham, Cal. Bar No. 243694
   Four Embarcadero Center, 17th Floor
5  San Francisco, CA  94111-4109
   Telephone:    (415) 434-9100
6  Facsimile:    (415) 434-3947
7  E-mail: ghalling@sheppardmullin.com
           jmcginnis@sheppardmullin.com
8          mscarborough@sheppardmullin.com
           msolouki@sheppardmullin.com
9          tcunningham@sheppardmullin.com

10

11 Attorneys for Defendants
   SAMSUNG SDI AMERICA, INC.,
12 SAMSUNG SDI CO., LTD.,
   SAMSUNG SDI (MALAYSIA) SDN. BHD.,
13 SAMSUNG SDI MEXICO S.A. DE C.V.,
   SAMSUNG SDI BRASIL LTDA.,
14 SHENZEN SAMSUNG SDI CO., LTD. and
   TIANJIN SAMSUNG SDI CO., LTD.

15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17
                        SAN FRANCISCO DIVISION
18

19 | IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-md-05944 SC  MDL No. 1917 |

21 | This Document Relates to: | **SDI DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF OPPOSITION TO CERTAIN PLAINTIFFS' MOTION TO PARTIALLY EXCLUDE EXPERT TESTIMONY OF DANIEL L. RUBINFELD** |

22 *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06396;

24 *Dell Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 13-cv-02171;

25 *Sharp Electronics Corporation, Sharp Electronics Manufacturing Company of America, Inc. v. Hitachi, Ltd., et al.*, Case No. 13-cv-1173;

27 *Sharp Electronics Corporation, Sharp Electronics Manufacturing Company of America, Inc. v. Koninklijke Philips Electronics*

*N.V., et al.*, Case No. 13-cv-2776;

*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-01656;

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05724;

*Interbond Corp. of America v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06275;

*Interbond Corp. of America v. Technicolor SA, et al.*, Case No. 3:13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, Case No. 3:13-cv-05726;

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-02648;

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05725;

*Sears, Roebuck & Co. and Kmart Corp. v. Technicolor SA.*, Case No. 3:13-cv-05262;

*Sears, Roebuck & Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:11-cv-05514;

*Siegel v. Hitachi, Ltd.*, Case No. 11-cv-05502;

*Siegel v. Technicolor SA.*, Case No. 13-cv-05261;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 11-cv-05514;

*Target Corp. v. Technicolor SA*, Case No. 13-cv-05686;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 3:13-cv-00157;

*Viewsonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:14-cv-002510

1     Pursuant to the Civil Local Rules of the United States District Court, Northern District of
2  California 7-11 and 79-5(d) and (e), Defendants Samsung SDI America, Inc.; Samsung SDI Co.,
3  Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI
4  Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively,
5  "SDI") hereby bring this administrative motion to file the following documents under seal:

6         1. The highlighted portions of SDI's Opposition to Certain Plaintiffs' Motion to
7            Partially Exclude Testimony of Designated Expert Daniel L. Rubinfeld ("SDI
8            Opposition"); and
9         2. Exhibits A through K of the Declaration of Mona Solouki in Support of SDI's
10           Opposition ("Solouki Declaration").

11    This motion is supported by the Declaration of Tyler M. Cunningham in Support of SDI
12 Defendants' Administrative Motion to Seal Documents Filed in Support of Opposition to Certain
13 Plaintiffs' Motion to Partially Exclude Expert Testimony of Designated Expert Daniel L.
14 Rubinfeld ("Cunningham Declaration").

15    As set forth in the Cunningham Declaration, the documents that SDI seeks to file under
16 seal reflect, contain or refer to either: (a) material designated by SDI as "Confidential" or "Highly
17 Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306);
18 or (b) material designated by other parties as "Confidential," "Highly Confidential" or
19 "Confidential Attorneys' Eyes Only" pursuant to the Stipulated Protective Order.

20    Specifically, Solouki Declaration Exhibits B, G, I and J and highlighted portions of SDI's
21 Opposition reflect, contain or refer to material that SDI designated as "Confidential" or "Highly
22 Confidential." As described in the Cunningham Declaration, these documents consist of, cite to,
23 and/or identify confidential, nonpublic, proprietary and highly sensitive business information,
24 including, among other commercially sensitive business information and strategies, confidential
25 information about SDI's sales strategies and sales volume to specific customers, customer
26 relationships, production networks, competitive positions, negotiation strategies, and personal
27 employment history of certain SDI individuals. This is confidential commercial information, the
28 disclosure of which would prejudice SDI both in its commercial relationships with customers and

-1-

suppliers and in its competitive efforts. Accordingly, both good cause and compelling reasons exist for these documents to remain under seal.

In addition, Solouki Declaration Exhibits A through K and highlighted portions of SDI's Opposition reflect, contain or refer to material that certain parties other than SDI have designated as "Confidential," "Highly Confidential" or "Attorneys' Eyes Only." Civil Local Rule 79-5(e) provides that if a party wishes to file a document that has been designated confidential by another party, or if a party wishes to refer in a memorandum to information so designated by another party, the submitting party must file an administrative motion to seal and the designating party must file a declaration within four days of filing the administrative motion to seal establishing that the designated material is sealable. N.D. Cal. Civ. L.R. 79-5(e).

Because Civil Local Rule 79-5(d)(1)(A) prohibits the sealing of documents by agreement of the parties, the parties are unable to enter into such as stipulation. *See* N.D. Cal. Civ. L.R. 7-11 (requiring explanation for why a stipulation could not be obtained in lieu of the administrative motion to seal).

Dated: January 16, 2015

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Mona Solouki*
MONA SOLOUKI

*Attorneys for Defendants Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI (Malaysia) SDN. BHD., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd.*