SHEPPARD MULLIN RICHTER & HAMPTON LLP
Gary L. Halling, Cal. Bar No. 66087
James L. McGinnis, Cal. Bar No. 95788
Michael W. Scarborough, Cal. Bar No. 203524
Mona Solouki, Cal. Bar No. 215145
Tyler M. Cunningham, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:     (415) 434-9100
Facsimile:      (415) 434-3947
E-mail: ghalling@sheppardmullin.com
           jmcginnis@sheppardmullin.com
           mscarborough@sheppardmullin.com
           msolouki@sheppardmullin.com
           tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-md-05944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06396;<br><br>*Dell Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 13-cv-02171;<br><br>*Sharp Electronics Corporation, Sharp Electronics Manufacturing Company of America, Inc. v. Hitachi, Ltd., et al.*, Case No. 13-cv-1173; | **DECLARATION OF TYLER M. CUNNINGHAM IN SUPPORT OF SDI DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF OPPOSITION TO CERTAIN PLAINTIFFS' MOTION TO PARTIALLY EXCLUDE EXPERT TESTIMONY OF DANIEL L. RUBINFELD** |

1  *Sharp Electronics Corporation, Sharp Electronics Manufacturing Company of America, Inc. v. Koninklijke Philips Electronics N.V., et al.*, Case No. 13-cv-2776;

2  

3  *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-01656;

4  

5  *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05724;

6  *Interbond Corp. of America v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06275;

7  

8  *Interbond Corp. of America v. Technicolor SA, et al.*, Case No. 3:13-cv-05727;

9  *Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06276;

10 *Office Depot, Inc. v. Technicolor SA, et al.*, Case No. 3:13-cv-05726;

11 

12 *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-02648;

13 *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, Case No. 3:13-cv-05725;

14 

15 *Sears, Roebuck & Co. and Kmart Corp. v. Technicolor SA.*, Case No. 3:13-cv-05262;

16 *Sears, Roebuck & Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:11-cv-05514;

17 

18 *Siegel v. Hitachi, Ltd.*, Case No. 11-cv-05502;

19 

20 *Siegel v. Technicolor SA.*, Case No. 13-cv-05261;

21 *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 11-cv-05514;

22 

23 *Target Corp. v. Technicolor SA*, Case No. 13-cv-05686;

24 

25 *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 3:13-cv-00157;

26 

27 *Viewsonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, Case No. 3:14-cv-002510;

28

I, Tyler M. Cunningham, declare as follows:

1. I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for defendants Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"). I submit this declaration pursuant to Civil Local Rule 79-5(d) to establish that documents or portions of documents submitted in connection with SDI's Opposition to Certain Plaintiffs' Motion to Partially Exclude Testimony of Designated Expert Daniel L. Rubinfeld ("Opposition") should be maintained under seal. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306) ("Protective Order").

3. On January 16, 2015, SDI filed an Administrative Motion to Seal and filed the following documents under seal pursuant to Civil Local Rules 79-5(d) and (e):

- SDI's Opposition;
- The Declaration of Mona Solouki in Support of SDI's Opposition ("Solouki Declaration") Ex. A (excerpts from the April 15, 2014 expert report of Dr. Mohan Rao) (designated "Highly Confidential" by the Dell Plaintiffs);
- Solouki Decl. Ex. B (the April 15, 2014 expert report and exhibits of Kenneth G. Elzinga) (designated "Highly Confidential" by Direct Action Plaintiffs ("DAPs"));
- Solouki Decl. Ex. C (excerpts from the April 15, 2014 expert report of Janet S. Netz) (designated "Confidential" by the Indirect Purchaser Plaintiffs);
- Solouki Decl. Ex. D (excerpts from the September 26, 2014 rebuttal expert report of Alan S. Frankel) (designated "Confidential" or "Highly Confidential" by DAPs);
- Solouki Decl. Ex. E (excerpts from the July 3, 2014 supplemental expert report of Jerry A. Hausman) (designated "Highly Confidential" by the Sharp Plaintiffs);

- Solouki Decl. Ex. F (excerpts from the September 26, 2014 rebuttal expert report of Jerry A. Hausman) (designated "Highly Confidential" by the Sharp Plaintiffs);
- Solouki Decl. Ex. G (the November 6, 2014 sur-rebuttal expert report and exhibits of Daniel L. Rubinfeld) (designated "Highly Confidential" by SDI);
- Solouki Decl. Ex. H (excerpts from the transcript of the July 17, 2014 deposition of Kenneth G. Elzinga) (designated "Highly Confidential" by DAPs);
- Solouki Decl. Ex. I (the September 26, 2014 expert rebuttal report of Kenneth G. Elzinga) (designated "Highly Confidential" by DAPs);
- Solouki Decl. Ex. J (the April 15, 2014 expert report of Jerry A. Hausman) (designated "Highly Confidential" by the Sharp Plaintiffs); and
- Solouki Decl. Ex. K (excerpts from the transcript of the July 23, 2014 deposition of Dr. Jerry A. Hausman) (designated "Confidential Attorneys' Eyes Only" by the Sharp Plaintiffs).

4. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of SDI to provide the basis for the Court to maintain under seal Solouki Declaration Exhibits B, G, I and J, and highlighted portions of SDI's Opposition that reflect, contain and/or refer to material or information that SDI designated "Confidential" or "Highly Confidential" pursuant to the Protective Order.

5. Solouki Declaration Exhibits B, G, I, and J are detailed, full-length expert reports that reflect, contain or refer to confidential information concerning SDI's business practices, cost information, sales strategy, customer relationships, production networks or employment histories of top personnel.

6. Exhibits B, G, I, and J analyze, summarize or reproduce sales data that that SDI designated "Highly Confidential" under the Protective Order. I am informed and believe that SDI treats such information as highly confidential and has taken reasonable measures to safeguard it from disclosure outside the company.

7. Additionally, Exhibits B, G, I and J summarize and/or quote from over thirty (30) documents that SDI designated "Confidential" or "Highly Confidential" under the Protective

1  Order.  These documents contain confidential SDI information pertaining to competitive
2  intelligence, business plans, pricing, strategy, internal production capabilities, and opinions about
3  competitors.

4       8. Exhibits B, G, I and J also reflect, contain, and/or refer to deposition testimony of
5  SDI witnesses that SDI designated as "Highly Confidential" under the Protective Order, including:
6  the 30(b)(6) deposition of J.I. Lee, taken on June 6-7, 2012; the deposition of J.I. Lee, taken July
7  24-26, 2013; the deposition of K.C. Oh, taken November 19-22, 2013; the deposition of H.S. Chu,
8  taken February 11-13, 2014; and the deposition of W.R. Kim, taken July 1-3, 2014.  These
9  excerpts contain, cite and/or identify confidential information concerning SDI's business practices.
10  Accordingly, the Court previously sealed excerpts from the 30(b)(6) deposition of J.I. Lee when
11  they were submitted as exhibits to the Declaration of Eva W. Cole in Support of Defendants'
12  Opposition to Motion of Indirect-Purchaser Plaintiffs for Class Certification and Motion to Strike
13  (Dkt. No. 1512) and the Declaration of Mona Solouki in Support of Defendants' Opposition to
14  Direct Purchaser Plaintiffs' Motion for Class Certification (Dkt. No. 1946).

15       9. I am informed and believe that public disclosure of Solouki Declaration Exhibits B,
16  G, I and J would risk undermining SDI's business relationships, causing SDI harm with respect to
17  its competitors and customers, and/or competitively disadvantaging SDI.

18      10. The highlighted portions of SDI's Opposition reflect, contain or refer to documents
19  or information designated as "Confidential" or "Highly Confidential" by SDI pursuant to the
20  Protective Order, including but not limited to Solouki Declaration Exhibits B, G, I and J.  As with
21  the exhibits themselves, I understand that SDI considers any statements in the Opposition
22  purporting to summarize the exhibits or any other documents or information designated as
23  "Confidential" or "Highly Confidential" by SDI to be confidential and proprietary, and that public
24  disclosure of such information would risk undermining SDI's business relationships, causing SDI
25  harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.

26      11. In addition, Solouki Declaration Exhibits A through K and the highlighted portions
27  of SDI's Opposition reflect, contain or refer to documents or information designated as
28

"Confidential" or "Highly Confidential" by parties other than SDI.  SDI seeks to submit this material under seal in accordance with N.D. Cal. Civil Local Rule 79-5(e).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of January 2015 in San Francisco, California.


                                             */s/ Tyler M. Cunningham*
                                              Tyler M. Cunningham