SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:     415-434-9100
Facsimile:      415-434-3947
E-mail:           ghalling@sheppardmullin.com
                     jmcginnis@sheppardmullin.com
                     mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1448
Telephone:     213-620-1780
Facsimile:      213-620-1398
E-mail:           heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* No. 11-cv-05502;<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* No. 11-cv-06396;<br><br>*Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;<br><br>(CONTINUED ON NEXT PAGE) | **DECLARATION OF HELEN C. ECKERT IN SUPPORT OF DELL INC. AND DELL PRODUCTS, L.P.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5 (MDL DKT. NO. 3407)** |

1 | *Dell Inc. and Dell Products L.P., v. Hitachi, Ltd., et al*, No. 13-cv-02171;

*Electrograph Systems, Inc. and Electrograph Technologies Corp., v. Hitachi, Ltd., et al.*, No. 11-cv-01656;

*Interbond Corporation of America v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

*Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276;

*P.C. Richard & Son Long Island Corp., Marta Coooperative of Am., Inc., ABC Appliance, Inc. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*Schultze Agency Services, LLC, on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Tech Data Corp and Tech Data Product Management, Inc., v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-02510.

I, Helen C. Eckert, declare as follows:

1. I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"). I submit this declaration in support of Dell Inc. and Dell Products L.P.'s (together, "Plaintiffs') Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5, filed January 16, 2015 (MDL Dkt. No. 3407) ("Motion to Seal"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (MDL Dkt. No. 306).

3. I have reviewed the Direct Action Plaintiffs' Response in Opposition to SDI Defendants' Motion to Exclude Expert Testimony of Professor Stephan Haggard, filed January 16, 2015 (MDL Dkt. No. 3410) ("Opposition") and the Declaration of Debra D. Bernstein in support thereof ("Bernstein Declaration").

4. Pursuant to Civil Local Rule 79-5(e)(1), I make this declaration on behalf of SDI to provide the Court with a basis to maintain under seal redacted portions of the Opposition and Bernstein Declaration Exhibits 1-6.

5. **Exhibit 1** to the Bernstein Declaration is the April 15, 2014 expert report of Dr. Stephan Haggard, the Direct Action Plaintiffs' expert witness ("Haggard Report"). The entirety of the Haggard Report has been designated "Highly Confidential" under the Protective Order. The Haggard Report reflects, contains or refers to confidential information concerning SDI's business practices, corporate structure and governance, component cost information, sales strategy, customer relationships, production networks, and employment histories of top personnel. I am informed and believe that public disclosure of this sensitive information presents a risk of

-1-

undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.

      a.    The Haggard Report also reflects, contains or refers to materials produced in this action which SDI designated "Confidential" or "Highly Confidential," including excerpts from the transcript of the deposition of Jae In Lee, whom SDI designated as a Fed. R. Civ. P. 30(b)(6) witness. SDI designated these excerpts of the deposition transcript "Highly Confidential" under the Protective Order. These excerpts contain, cite and/or identify confidential information concerning SDI's business practices, sales strategies and sales volume to specific customers, customer relationships, and CRT component cost information. I am informed and believe that SDI treats such information as highly confidential and has taken reasonable measures to safeguard it from disclosure outside the company. I am informed and believe that public disclosure of this highly sensitive information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI. The Court previously sealed excerpts from this deposition when they were submitted as exhibits to the Declaration of Eva W. Cole in Support of Defendants' Opposition to Motion of Indirect-Purchaser Plaintiffs for Class Certification and Motion to Strike (MDL Dkt. No. 1512) and the Declaration of Mona Solouki in Support of Defendants' Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification (MDL Dkt. No. 1946).

      b.    The Haggard Report also reflects, contains or refers to SDI's Responses to Dell Plaintiffs' Second Set of Requests for Admissions ("SDI's RFA Responses"), designated by SDI as "Confidential" under the Protective Order. SDI's RFA Responses include confidential, nonpublic, and sensitive business information about SDI's management structure, as well as the nonpublic employment histories of certain individuals at SDI. I am informed and believe that this is sensitive information, and public disclosure of this information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI. SDI has previously moved to seal Exhibit 1. (SDI's Administrative Motions to Seal (MDL Dkt. Nos. 2980 and 3168); Declaration of Helen C. Eckert

in support of Dell Plaintiffs' Administrative Motion to Seal (MDL Dkt. No. 3292)). Accordingly, Exhibit 1 should be maintained under seal.

6. **Exhibit 2** to the Bernstein Declaration is a copy of a "Full Network of Samsung Intra-Group Shareholdings (1998, 2002, 2007)" originally attached as supporting material to the April 15, 2014 Haggard Report. The entirety of the Haggard Report, including Exhibit 2 has been designated "Highly Confidential" under the Protective Order. Exhibit 2 contains, cites and/or identifies commercially-sensitive information regarding SDI's corporate structure and governance, and its ownership interest in other Samsung affiliates. I am informed and believe that public disclosure of Exhibit 2 would likely harm SDI in its commercial relationships. SDI has previously moved to seal Exhibit 2. (Declaration of Helen C. Eckert in support of Dell Plaintiffs' Administrative Motion to Seal (MDL Dkt. No. 3292)). Accordingly, Exhibit 2 should be maintained under seal.

7. **Exhibit 3** to the Bernstein Declaration is a copy of a "Samsung SDI Personnel Profiles Summary (1998-2007)" originally attached as supporting material to the April 15, 2014 Haggard Report. The entirety of the Haggard Report, including Exhibit 3 has been designated "Highly Confidential" under the Protective Order. Exhibit 3 contains, cites, identifies and/or compiles sensitive, private information regarding detailed employment histories of SDI employees. I am informed and believe that public disclosure of Exhibit 3 would likely invade the legitimate privacy rights and interests of these SDI employees. SDI has previously moved to seal Exhibit 3. (Declaration of Helen C. Eckert in support of Dell Plaintiffs' Administrative Motion to Seal (MDL Dkt. No. 3292)). Accordingly, Exhibit 3 should be maintained under seal.

8. **Exhibit 4** to the Bernstein Declaration is a copy of SDI's Responses to Dell Plaintiffs' Second Set of Requests for Admissions, designated by SDI as "Confidential" under the Protective Order. SDI's RFA Responses include confidential, nonpublic, and/or sensitive business information about SDI's management structure, employment histories of certain individuals at SDI, as well as information relating to SDI's credit guarantees. I am informed and believe that public disclosure of this information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively

1  disadvantaging SDI.  SDI has previously moved to seal Exhibit 4.  (Declaration of Helen C. Eckert
2  in support of Dell Plaintiffs' Administrative Motion to Seal (MDL Dkt. No. 3292)).  Accordingly,
3  Exhibit 4 should be maintained under seal.

4       9.  **Exhibit 6** to the Bernstein Declaration is a copy of the July 10, 2014 deposition of
5  Dr. Stephan Haggard.  SDI designated the deposition transcript "Highly Confidential" under the
6  Protective Order.  The deposition identifies sensitive information concerning SDI's business
7  practices, strategies, corporate structure, corporate governance, and customer relationships.  It also
8  identifies sensitive information concerning Dr. Haggard's methodology in analyzing purported
9  corporate relationships between SDI, Samsung Electronics Co., Ltd., and the "Samsung Group."  I
10 am informed and believe that public disclosure of this sensitive and confidential information
11 would present a risk of undermining SDI's business relationships, causing SDI harm with respect
12 to its competitors and customers, and/or competitively disadvantaging SDI.  SDI has previously
13 moved to seal excerpts of Exhibit 6.  (SDI's Administrative Motions to Seal (MDL Dkt. Nos. 2980
14 and 3168); Declaration of Helen C. Eckert in support of Dell Plaintiffs' Administrative Motion to
15 Seal (MDL Dkt. No. 3292)).  Accordingly, Exhibit 6 should be maintained under seal.

16 ///
17 ///
18 ///

10. Plaintiffs' Opposition reflects, contains or refers to documents or information designated as "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order, including from the above exhibits.  As with the exhibits themselves, I understand that SDI considers any statements in the Opposition purporting to summarize the exhibits or any other documents or information designated as "Confidential" or "Highly Confidential" by SDI to be confidential and proprietary, and that public disclosure of such information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.  Accordingly, portions of Plaintiffs' Opposition should be maintained under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of January 2015 in Los Angeles, California.

*/s/ Helen C. Eckert*
Helen C. Eckert