1  Eliot A. Adelson (SBN 205284)
   James Maxwell Cooper (SBN 284054)
2  KIRKLAND & ELLIS LLP
   555 California Street, 27th Floor
3  San Francisco, CA 94104
   Telephone: (415) 439-1400
4  Facsimile: (415) 439-1500
   Email: max.cooper@kirkland.com
5  Email: eadelson@kirkland.com

6  James H. Mutchnik, P.C. (*pro hac vice*)
   Barack Echols (*pro hac vice*)
7  Kate Wheaton (*pro hac vice*)
   KIRKLAND & ELLIS LLP
8  300 North LaSalle
   Chicago, IL  60654
9  Telephone: (312) 862-2000
   Facsimile: (312) 862-2200
10 Email: jmutchnik@kirkland.com
   Email: bechols@kirkland.com
11 Email: kate.wheaton@kirkland.com

12 Attorneys for Defendants
   HITACHI, LTD., HITACHI DISPLAYS, LTD.
13 (n/k/a JAPAN DISPLAY INC.), HITACHI
   AMERICA, LTD., HITACHI ASIA, LTD.,
14 AND HITACHI ELECTRONIC DEVICES
   (USA), INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. Master File No. 3:07-cv-05944-SC |
| _____ | MDL NO. 1917 |
| This Document Relates to: | **DECLARATION OF JAMES MAXWELL COOPER IN SUPPORT OF VARIOUS ADMINISTRATIVE MOTIONS TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d) (ECF NOS. 3397, 3403, 3408)** |
| *All Indirect Purchaser Actions* | |
| *All Direct Purchaser Actions* | |

I, James Maxwell Cooper, declare as follows:

1. I am an attorney licensed to practice in the State of California and the Northern District of California. I am an associate with Kirkland & Ellis LLP, and counsel for Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Defendants").

2. I submit this Declaration in Support of various administrative motions to seal documents pursuant to Civil Local Rules 7-11 and 79-5(d) (ECF No. 3397; ECF No. 3404; ECF No. 3408).

3. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

4. On June 18, 2008 the Court approved a "Stipulated Protective Order" in this matter (ECF No. 0306).

5. The Hitachi Defendants have disclosed or produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

6. Pursuant to Civil Local Rules 7-11 and 79-5(d) and the Stipulated Protective Order, I make this declaration on behalf of the Hitachi Defendants to provide the Court with a basis to maintain under seal a number of documents that quote from, contain, reflect, describe, or are documents or information designated by Hitachi Defendants as "Confidential" or "Highly Confidential."

7. On January 16, 2015, LG Electronics, Inc. filed the Defendants' Opposition to Plaintiffs' Motion to Partially Exclude the Expert Report and Opinions of Janusz A. Ordover (ECF No. 3397-4, "Defendants' Opposition re Ordover"), the Declaration of Laura K. Lin in Support of Defendants' Opposition re Ordover (ECF No. 3399, the "Lin Declaration"), and Defendant LG Electronics, Inc.'s Administrative Motion to Seal In Connection with Defendants' Opposition re Ordover (ECF No. 3397). The following exhibit cites to or quotes from documents that the Hitachi Defendants have designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated

Protective Order:

    a.    Exhibit 9 to the Lin Declaration, excerpts from the Expert Rebuttal Report of James McClave produced in each of the DAP actions dated September 26, 2014.

8. On January 16, 2015, Dell Inc. and Dell Products L.P. ("Dell") filed the Direct Action Plaintiffs' Response in Opposition to Defendants' Motion to Exclude Certain Testimony of Professor Kenneth Elzinga (ECF No. 3403-3, the "Plaintiffs' Opposition re Elzinga"), the Declaration of Debra Bernstein in Support of the Plaintiffs' Opposition re Elzinga (ECF No. 3404-1, the "Bernstein Declaration"), and Dell's Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5(d) (ECF No. 3403). The following exhibits cite to or quote from documents that the Hitachi Defendants have designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order:

    a.    Exhibit 3 to the Bernstein Declaration, the Expert Report of Dr. Kenneth G. Elzinga, Robert C. Taylor Professor of Economics, University of Virginia, dated April 15, 2014;

    b.    Exhibit 4 to the Bernstein Declaration, the Expert Rebuttal Report of Dr. Kenneth G. Elzinga, dated September 26, 2014.

9. On January 16, 2015, Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De D.C., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co. Ltd., and Tianjin Samsung SDI Co., Ltd. ("SDI") filed their Opposition to Plaintiffs' Motion to Partially Exclude Testimony of Designated Expert Daniel L. Rubinfeld (ECF No. 3408-3, the "Defendants' Opposition re Rubinfeld"), the Declaration of Mona Solouki in Support of Defendants' Opposition re Rubinfeld (ECF No. 3408-5, the "Solouki Declaration"), and SDI Defendants' Administrative Motion to Seal Documents Filed in Support of the Defendants' Opposition re Rubinfeld (ECF No. 3408). The following exhibits cite to or quote from documents that the Hitachi Defendants have designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order:

    a.    Exhibit B to the Solouki Declaration, the Expert Surrebuttal Report and

Exhibits of Daniel L. Rubinfeld, SDI's Expert Witness, dated November 6, 2014;

    b.    Exhibit I to the Solouki Declaration, the Expert Rebuttal Report of Kenneth G. Elzinga, certain Direct Action Plaintiffs' Expert Witness, dated September 26, 2014;

    c.    Exhibit J to the Solouki Declaration, the Expert Report of Jerry A. Hausman, Sharp Plaintiffs' Expert Witness, dated April 15, 2014.

10. I am informed and believe that each of the documents listed in Paragraphs 7 through 9 (and subparagraphs thereof) consist of, quote from, and/or contain confidential, non-public, proprietary, and highly sensitive business information of the Hitachi Defendants. The documents contain confidential, non-public information about the Hitachi Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies that remain important to the Hitachi Defendants' competitive positions. Upon information and belief, the public disclosure of this sensitive information presents a risk of undermining the Hitachi Defendants' relationships and would put the Hitachi Defendants at a competitive disadvantage.

11. I am informed and believe that the Hitachi Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in the documents listed in Paragraphs 7 through 9 and subparagraphs thereof.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of January, 2015 at San Francisco, California.

                                        */s/ James Maxwell Cooper*

                                        James Maxwell Cooper