GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Best Buy Co. Inc. et al. v. Hitachi, Ltd. et al.*, No. 3:11-cv-05513-SC<br><br>*Interbond Corp. of Am. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06275-SC<br><br>*Office Depot, Inc. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06276-SC | **DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS [ECF NO. 2973]**<br><br>Date:     February 6, 2015<br>Time:    10:00 A.M.<br>Judge:   Hon. Samuel Conti |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT ..........................................................................................................................3

    A. A Court Must Consider Both Plaintiffs' and Defendants' Contacts To Determine Whether There Are State Interests "With The Parties." ..............................3

    B. Plaintiffs Fail To Establish Contacts Sufficient To Create State Interests With The "Transaction Or Occurrence" Giving Rise To Chunghwa's Liability. ..............................................................................................................................6

        1. It Is Undisputed That Plaintiffs Never Purchased Any Product Made By Chunghwa. ....................................................................................................6

        2. Chunghwa Did Not Argue In-State Conspiratorial Conduct Was "Required," But It Remains Undisputed That Chunghwa Engaged In No Such Conduct. ...................................................................................................8

    C. Florida's Law Applies Only To In-State Conduct. .......................................................9

III. CONCLUSION ...................................................................................................................11

i

CHUNGHWA'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS – MASTER CASE NO. 07-CV-5944 SC

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alaska Packers Ass'n v. Indus. Accident Comm'n of Cal.*,
    294 U.S. 532 (1935) ................................................................................................................. 5

*Allstate Ins. Co. v. Hague*,
    449 U.S. 302 (1981) ......................................................................................................... passim

*AT&T Mobility LLC v. AU Optronics Corp.*,
    707 F.3d 1106 (9th Cir. 2013) ......................................................................................... passim

*Beaver v. Inkmart, LLC*,
    No. 12-60028, 2012 WL 4005970 (S.D. Fla. Sep. 12, 2012) ..................................................... 10

*Cabrera v. City of Huntington Park*,
    159 F.3d 374 (9th Cir. 1998) ................................................................................................... 11

*Carnival Corp. v. Rolls-Royce PLC*,
    No. 08-23318, 2009 WL 3861450 (S.D. Fla. Nov. 17, 2009) ................................................... 10

*Execu-Tech Business Systems, Inc. v. New Oji Paper Co. Ltd.*,
    752 So.2d 582 (Fla. 2000) ....................................................................................................... 10

*Fairbank v. Wunderman Cato Johnson*,
    212 F.3d 528 (9th Cir. 2000) ..................................................................................................... 7

*Five for Entm't v. Rodriguez*,
    877 F. Supp. 2d 1321 (S.D. Fl. 2012) ...................................................................................... 10

*Hilsenrath v. Equity Trust (Jersey) Ltd.*,
    No. 07-3312, 2008 WL 728902 (N.D. Cal. Mar. 18, 2008) ........................................................ 8

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
    516 F. Supp. 2d 1072 (N.D. Cal. 2007) ..................................................................................... 7

*J. McIntyre Machinery, Ltd. v. Nicastro*,
    131 S. Ct. 2780 (2011) ......................................................................................................... 7, 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ................................................................................................................. 7

*Millennium Communications & Fulfillment, Inc. v. Office of Attorney General*,
    761 So.2d 1256 (Fla. Dist. Ct. App. 2000) ........................................................................... 9, 10

*Newsome v. Gallacher*,
    722 F.3d 1257 (10th Cir. 2013) ................................................................................................. 8

*Phillips Petroleum v. Shutts*,
    472 U.S. 797 (1985) ......................................................................................................... 3, 4, 5

*Ryman v. Sears, Roebuck & Co.*,
    505 F.3d 993 (9th Cir. 2007) ................................................................................................... 11

*TracFone Wireless, Inc. v. AU Optronics Corp.*,
    No. 07-1827, 2014 WL 2905131 (N.D. Cal. June 26, 2014) .................................................. 5, 11

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014) ................................................................................................................ 10

*Webster v. Fall*,
    266 U.S. 507 (1925) .................................................................................................................... 10

**Other**

10A Florida Jurisprudence (2d ed. 2014) § 165........................................................................................ 9

iii

CHUNGHWA'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS – MASTER CASE NO. 07-CV-5944 SC

I.      **INTRODUCTION**

Plaintiffs' Opposition Brief, ECF No. 3258-3 ("Opp."),[1] boils down to a single and untenable position of law: that due process is satisfied against any foreign defendant who sells a component abroad regardless of the number of intermediate steps after that sale in the chain of global commerce before it reaches a plaintiff so long as that plaintiff seeks to invoke the law of the state where it ultimately purchased some downstream version of a different product that may or may not have contained that component. That unfounded theory renders a defendant's right to due process meaningless, and tramples the foundational due process guideposts of arbitrariness, fairness, and reasonable expectations. *See, e.g., AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106, 1110 (9th Cir. 2013) ("*AT&T*") ("[T]he United States Supreme Court held long ago that '[o]bjections which are founded upon the Fourteenth Amendment must . . . be directed[ ] . . . [to the] exercise [of state power] as being so arbitrary or unreasonable as to amount to a denial of due process.'" (citation omitted)).

Plaintiffs concede that they never directly or indirectly purchased an allegedly price-fixed cathode ray tube ("CRT") made by Chunghwa Picture Tubes, Ltd. or Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "Chunghwa") (or from anyone else). Plaintiffs do not dispute that they cannot identify even the purchase of a finished product containing a tube manufactured by Chunghwa. Nor do Plaintiffs dispute that Chunghwa never engaged in conspiratorial conduct in or otherwise had any relevant contacts with the states at issue here. Further, Plaintiffs do not dispute that Chunghwa—a company that has operated exclusively outside the United States—had no reason to suspect it could be subjected to various state laws for sale by independent third parties of finished products incorporating CRTs.

Faced with these undisputed facts, Plaintiffs propose a breathtaking theory of due process that would allow for the application of a state's law based solely on a plaintiff's contact with a forum

---

[1] In light of various stipulations dismissing state law claims, the only remaining state-law claims at issue are Best Buy's Minnesota claims and Interbond and Office Depot's Florida claims. ECF Nos. 2979, 3149, 3326, 3394. As used in this brief, "Plaintiffs" refers to Best Buy, Interbond, and Office Depot, and "various states" refers to Florida and Minnesota.

1

state. According to Plaintiffs: "The only requirement . . . is that Plaintiffs purchased price-fixed CRT products" in the forum state from anyone containing CRTs of some unknown origin. Opp. at 1. That is true, according to Plaintiffs, without exception: even if the defendant never sold a CRT in that state and there is no evidence that the plaintiff ever purchased a finished product containing that defendant's CRTs. But that view simply cannot be reconciled with a defendant's constitutional due process protection against the arbitrary and unfair application of a state's law. *See Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308 (1981); *AT&T*, 707 F.3d at 1113. Plaintiffs must demonstrate that the various states have a "significant contact or significant aggregation of contacts, creating state interests, with the parties and the occurrence or transaction." *AT&T*, 707 F.3d at 1111. They have failed to present any evidence meeting these requirements.

Instead, Plaintiffs offer a series of straw man arguments designed to distract the Court from the undisputed facts and Plaintiffs' failure to present evidence. For example:

- Plaintiffs assert that Chunghwa argued that only a "direct" sale by the defendant in the state in question satisfies due process. Chunghwa never made that argument, and instead hewed closely to the actual due process standards set forth in *Allstate* and *AT&T*, which require contacts between the state, the parties, and the transaction or occurrence giving rise to the litigation—contacts that are notably absent here when, among other things, Plaintiffs have no evidence that they purchased directly or indirectly any tubes made by Chunghwa.

- Plaintiffs argue that Chunghwa's view of due process "requires" in-state conspiratorial conduct. Chunghwa argued no such thing. Relying on *Allstate* and *AT&T*, Chunghwa asserted there must be *some* relevant contacts, but here there are none, *including but not limited to* in-state conspiratorial conduct. What is salient here is not only that Plaintiffs have no evidence that Chunghwa conspired in the various states, but also can offer no evidence that they purchased Chunghwa's CRTs in the various states, or even that they purchased finished products in the various states containing Chunghwa's CRTs. It is this combined failure of evidence that makes the application of the states' laws fundamentally unfair.

- Plaintiffs assert that this Court previously addressed the same issue in a motion to dismiss. That is untrue. First, the difference in procedural posture is critical. There the Court

addressed *allegations*, which it was bound to take as true.  In comparison, this is a summary judgment motion and the Plaintiffs have presented no *evidence* creating a material issue of fact; mere bald allegations can no longer save them.  The legal standards for motions to dismiss and motions for summary judgment are different and dispositive here.  Second, Chunghwa's motion presents arguments that were not raised or addressed in the motion to dismiss and that compel a different result, such as the lack of *any* relevant contacts with the relevant state.  Third, this Court's Order on the motion to dismiss invited "future due process challenges . . . pending the discovery of additional facts."  Order at 15, ECF No. 1856 ("MTD Order").  Given that Plaintiffs have presented no evidence to support application of the various states' laws to Chunghwa consistent with due process, summary judgment is appropriate.

Finally, Plaintiffs contend that Florida state law can be applied to out-of-state conduct, but they rely on an inapposite case and ignore or misread the on-point cases cited by Chunghwa.  Because it is plain that Florida's law does not apply here, summary judgment is appropriate.

## II.   ARGUMENT

### A.   A Court Must Consider Both Plaintiffs' and Defendants' Contacts To Determine Whether There Are State Interests "With The Parties."

Plaintiffs do not dispute that Chunghwa has had no relevant contacts with the various states. There is therefore not a "significant aggregation of contacts, creating state interests, with the *parties*," and application of those states' laws to Chunghwa would be "arbitrary" and "fundamentally unfair." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308 (1981) (emphasis added).  In an effort to avoid this due process problem, Plaintiffs contend that their "purchase of CRT Products . . . within the states of Florida and Minnesota is more than sufficient to satisfy due process," regardless of Chunghwa's contacts with those states.  Opp. at 4.  Plaintiffs base this one-sided view of due process principally on a misreading of *AT&T* and this Court's prior order regarding the Defendants' joint motion to dismiss. Opp. at 4-6. Neither authority supports Plaintiffs' position.[2]

---

[2] Plaintiffs also purport to quote from *Phillips Petroleum v. Shutts*, 472 U.S. 797, 821-822 (1985), *see* Opp. at 5, but the sentence they quote appears nowhere in that opinion.

3

Plaintiffs misunderstand *AT&T* and its due process test. According to Plaintiffs, "[a]fter *AT&T Mobility*, a plaintiff can demonstrate the necessary contacts with a state to satisfy due process either by purchasing the price-fixed product within a state or with evidence that the defendant engaged in conspiratorial conduct in the state." Opp. at 5. That is incorrect. A plaintiff can satisfy due process only by demonstrating both state contacts with (a) the parties, *and* (b) the transaction or occurrence. *Allstate*, 449 U.S. at 308; *see also* Opp. at 4 (quoting *AT&T*, 707 F.3d at 1111 as requiring both a "significant aggregation of contacts, creating state interests with the parties *and* the occurrence or transaction") (emphasis in Opp.). *AT&T* addressed principally the "transaction or occurrence" requirement, explaining, "the relevant 'occurrence or transaction' in this case includes not only the sale of price-fixed goods, but Defendants' alleged agreements and conspiracies to fix LCD prices." *AT&T*, 707 F.3d at 1112; *id.* at 1110 (reversing the district court for taking an overly narrow view of the relevant "transaction or occurrence"). After *AT&T*, a plaintiff can meet the *transaction or occurrence prong* by demonstrating in-state sales by the defendant or in-state conspiratorial conduct, but a plaintiff must still meet the *parties' contacts* prong of the *Allstate* test to satisfy the overall due process test.

As both *AT&T* and this Court have recognized, Chunghwa's contacts with the forum state matter because a defendant also has due process rights. In *AT&T*, the Ninth Circuit analyzed the "*defendant's* due process rights," noting that those rights were not violated by application of California law because the defendant's "alleged conspiracy took place, at least in part, in California." 707 F.3d at 1113 (emphasis added); *see id.* at 1112 (referring to "Defendants' due process rights"); *id.* at 1114 (remanding for "an individual determination . . . with respect to each Defendant"). In so finding, *AT&T* quoted both *Allstate* and *Shutts* for the proposition that a defendant's expectations are part of the due process analysis. *Id.* at 1113. This Court has noted this same important principle: "*AT&T* did not hold that an in-state sale alone could not satisfy due process, *especially when, in context, it would be proper under due process to subject a defendant to the rules of that state*." MTD Order at 14 (emphasis added). Relying on the complaint and assuming the allegations therein to be true, the Court held that the allegations of "Defendants' direction of price-fixed goods into certain states renders Defendants subject to those states' antitrust and consumer protection laws." *Id.* Of

4

course, the Court is no longer bound to assume that those unsupported allegations are true. And no such *facts* have been presented as to Chunghwa.

Nowhere do Plaintiffs address Chunghwa's due process rights or its essential point that Chunghwa had no reason to anticipate it could be subjected to various state laws for the downstream manufacture and sale of finished products vis-à-vis independent third parties. Plaintiffs do not attempt to explain how application of the states' laws to Chunghwa could be fair, let alone present evidence supporting such a contention. And they simply ignore the salient aspects of *Allstate*, *Shutts*, and *AT&T*, all of which make clear that Chunghwa's reasonable expectations cannot be cast aside as part of the due process inquiry. *See* Chunghwa's Mot. for Summ. J. on Direct Action Pltfs.' State Law Claims on Due Process Grounds, ECF No. 2973 at 5 ("Mot.").[3]

While Plaintiffs argue that none of the cases that Chunghwa cited "stand for the proposition that if a defendant does not do business in the state, application of a state's law to that defendant violates due process," Opp. at 9, that too misapprehends Chunghwa's argument. Instead, Chunghwa simply reiterated what the Supreme Court has made clear: a defendant's *contacts* with the forum state are relevant to the due process analysis. Doing business is one type of contact. *E.g.*, *Allstate*, 449 U.S. at 317-18 (defendant "was licensed to do business" in state). But it is not the only type of contact. *E.g.*, *Alaska Packers Ass'n v. Indus. Accident Comm'n of Cal.*, 294 U.S. 532, 542 (1935) (defendant entered into contract in California, which was a sufficient contact with the state). Here, it is undisputed that Chunghwa has *no* relevant contacts with the various states.[4]

---

[3] Plaintiffs rely on an unpublished TFT-LCD ruling for the contrary rule. Opp. at 6 (citing *TracFone Wireless, Inc. v. AU Optronics Corp.*, No. 07-1827, 2014 WL 2905131, at *3 (N.D. Cal. June 26, 2014)). Chunghwa respectfully submits that the court in that case erroneously adopted a plaintiff-centric view of due process that cannot be squared with *Allstate* and *AT&T* by focusing only on the plaintiffs' contacts with the forum state. This Court should not repeat that error.

[4] Plaintiffs dismiss Chunghwa's analogy to personal jurisdiction due process protections. Opp. at 4 n.13. Setting aside that Chunghwa has preserved objections to this Court's exercise of personal jurisdiction, ECF No. 3227, Plaintiffs again fail to grapple with the import of Chunghwa's actual argument: due process—whether in the choice-of-law or personal jurisdiction context—is about fundamental fairness, and the undisputed facts in this case demonstrate that it would be *unfair* to subject Chunghwa to the various state laws when Chunghwa operated abroad, Chunghwa had no relevant contacts with the various states, and Plaintiffs never bought Chunghwa's products. *See Allstate*, 449 U.S. at 317 n.23.

At bottom, Plaintiffs' theory of due process is that a defendant's contacts simply do not matter. But that theory finds no support in the relevant case law or the Constitution.

**B.  Plaintiffs Fail To Establish Contacts Sufficient To Create State Interests With The "Transaction Or Occurrence" Giving Rise To Chunghwa's Liability.**

Summary judgment should be granted for the separate reason that there are no contacts creating state interests with the transaction or occurrence giving rise to Chunghwa's liability. *AT&T*, 707 F.3d at 1110. Plaintiffs concede that they never purchased an allegedly price-fixed tube made by Chunghwa, do not dispute that they cannot identify a single finished product containing a tube made by Chunghwa, and do not dispute that Chunghwa engaged in no in-state conspiratorial conduct. Plaintiffs' only response is to mischaracterize Chunghwa's arguments and then oppose theories Chunghwa never argued.

**1.  It Is Undisputed That Plaintiffs Never Purchased Any Product Made By Chunghwa.**

Under *Allstate* and *AT&T*, there must be state contacts with the parties "and with the occurrence or transaction giving rise to the litigation"—here, the alleged conspiracy to sell price-fixed cathode ray *tubes*. Mot. at 7-8 (quoting *Allstate*, 449 U.S. at 308). Plaintiffs do not demonstrate those contacts in their Opposition. Plaintiffs present no evidence that they ever purchased a cathode ray tube made by Chunghwa. Although Plaintiffs contend that CRTs and finished products are functionally the same thing, Opp. at 8, they ignore this Court's ruling that the transaction or occurrence giving rise to liability in this case revolves around the alleged price-fixing of cathode ray *tubes*, not finished products (which Chunghwa did not sell). Order re Finished Products, ECF No. 996. Plaintiffs further ignore the due process problems created by their extreme view that, if any downstream sale, no matter how distant from the component sale, can constitute the relevant "transaction or occurrence," it becomes impossible for a company doing business anywhere in the world to foresee all the laws to which it might be subjected. *See* Mot. at 9. Common sense alone defeats Plaintiffs' approach to due process.

Nor is it an answer to simply mischaracterize Chunghwa's argument, as Plaintiffs do. Chunghwa makes no suggestion that purchases must have been "directly" from Chunghwa in order

for due process to be satisfied. Opp. at 7. An indirect purchaser could satisfy the due process standard under the right circumstances. As just one example, a defendant based in one state might sell its goods through a third-party distributor with the intention of having those same goods purchased indirectly in another state, which might render it fair to subject that defendant to suit under another state's laws (akin to the "purposeful availment" theory the Supreme Court has embraced for the jurisdictional analysis). *Cf J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011). But those circumstances are not present here.[5]

Further, even if applying a state's law based solely on Plaintiffs' intrastate purchase of finished products containing CRTs manufactured by Chunghwa could satisfy due process, *Plaintiffs present no evidence that that occurred*. In other words, it is undisputed that Plaintiffs cannot identify a single purchase of a product containing a tube made by Chunghwa. Mot. at 9 n.7.[6] Plaintiffs must produce evidence, not merely argument or allegations, to avoid summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *see Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

Having no evidence that they purchased finished products containing Chunghwa's CRTs, Plaintiffs take the extreme view that it is enough that they "purchased finished CRT products" in the various states, apparently regardless of whether the CRTs in those products were manufactured or sold by Chunghwa. Opp. at 7. Plaintiffs' faulty interpretation of due process would allow, for example, for the application of Florida law to a defendant even if the defendant never visited Florida, never conspired in Florida, and never sold CRTs in Florida, and even if the products containing the

---

[5] An indirect purchaser must also still demonstrate antitrust standing. *See, e.g.*, *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1088-89, 1091 (N.D. Cal. 2007) (holding component and finished product markets were distinct and that "plaintiffs who are purchasing products in which DRAM is a component, rather than DRAM itself, are participating in a secondary market that is incidental to the primary price-fixed market" and lacked standing).

[6] Plaintiffs loosely assert that "[i]t is undisputed that Plaintiffs purchased CRT Products containing CPT's price-fixed CRTs in Florida and Minnesota." Opp. at 7. But the evidence they cite supports only the assertion that they purchased finished products "in Florida and Minnesota," not the assertion that they purchased products "containing CPT's price-fixed CRTs." Despite the extensive discovery in this case, Plaintiffs do not have *any* evidence that the products they purchased actually incorporated tubes made by Chunghwa.

7

defendant's CRTs were never sold by anyone else in Florida, as long as the plaintiff purchased some product in Florida containing another company's CRTs. That reading of due process simply cannot be squared with *Allstate* or *AT&T*. Indeed, the Ninth Circuit has made clear that this is improper because the due process analysis "must be satisfied individually with respect to each defendant in a case." *AT&T*, 707 F.3d at 1113 fn.15; *id.* at 1114 (concluding that the due process analysis must be an "individual determination . . . with respect to each Defendant").[7] Because Plaintiffs have offered no evidence tying Chunghwa's sales of CRTs to the various states—directly or indirectly—summary judgment is appropriate.

### 2. Chunghwa Did Not Argue In-State Conspiratorial Conduct Was "Required," But It Remains Undisputed That Chunghwa Engaged In No Such Conduct.

In the absence of significant contacts with the sale of allegedly price-fixed tubes made by Chunghwa, Plaintiffs must establish that Chunghwa engaged in conspiratorial conduct giving rise to liability within the various states. *AT&T*, 707 F.3d at 1111. Plaintiffs do not dispute that Chunghwa engaged in no such conduct, and therefore cannot satisfy *AT&T* through in-state conspiratorial conduct.

In Opposition, Plaintiffs misread Chunghwa's argument as "*requir[ing]* a finding that . . . Chunghwa has engaged in conspiratorial conduct in Florida and Minnesota." Opp. at 4 (emphasis added). And, based on that mischaracterization, they claim that "this Court previously addressed nearly the exact same argument." Opp at. 6. Neither assertion is correct. Chunghwa's argument was that "[t]o satisfy the *Allstate* test regarding 'occurrence or transaction' . . . Plaintiffs must establish either that the relevant states have significant contacts with the sale of allegedly price-fixed tubes made by CPT and CPTM, *or* that CPT and CPTM engaged in conspiratorial conduct in those states."

---

[7] In the parallel personal jurisdiction context, "the Ninth Circuit has not adopted a conspiracy theory of personal jurisdiction, and district courts within the Ninth Circuit have rejected it." *Hilsenrath v. Equity Trust (Jersey) Ltd.*, No. 07-3312, 2008 WL 728902, at *11 n.5 (N.D. Cal. Mar. 18, 2008) (Wilken, J.); *see also Newsome v. Gallacher*, 722 F.3d 1257, 1265-66 (10th Cir. 2013) (conspiracy theory of personal jurisdiction would "subvert the due process principles," which "must be met as to each defendant").

Mot. at 8 (citing *AT&T*, 707 F.3d at 1111) (emphasis added). At no point did Chunghwa argue that due process would be satisfied *only* if it committed in-state conspiratorial conduct.

For that reason, this Court's prior order is easily distinguishable. There, the Court addressed a *different* argument, in which "Defendants seem[ed] to suggest that" a plaintiff must "allege a sale within a state" *and* "defendant-by-defendant allegations of anticompetitive conduct in those states." MTD Order at 14. Here, Chunghwa contends that *neither* element of the "transaction or occurrence" prong is satisfied, an argument fully supported by the record.

This Court's prior Order is also distinguishable because it flowed from a motion to dismiss, and the ruling was based only on pleading allegations. MTD Order at 14. As the Court noted, its ruling "does not mean that future due process challenges are foreclosed, pending the discovery of additional facts." *Id.* at 15. Chunghwa now brings such a challenge, when the fully developed record demonstrates no contacts between Chunghwa and any of the various states, that Plaintiffs never bought a Chunghwa-made tube, and that Plaintiffs cannot establish they even bought a finished product containing a tube made by Chunghwa.

**C.     Florida's Law Applies Only To In-State Conduct.**

Plaintiffs cannot apply Florida's competition law against Chunghwa because that law applies only to in-state conduct and Chunghwa never engaged in anticompetitive in-state conduct.

As the Florida Jurisprudence treatise explains, the "Florida Deceptive and Unfair Trade Practices Act (FDUTPA) applies only to actions that occurred within the state of Florida." 10A Florida Jurisprudence (2d ed. 2014) § 165. Chunghwa cited a number of cases so holding in support of its argument that Plaintiffs cannot apply FDUTPA to Chunghwa for Chunghwa's out-of-state conduct. In opposition, Plaintiffs either misread or ignore the relevant law and rely heavily on an irrelevant case.

Plaintiffs misconstrue *Millennium Communications & Fulfillment, Inc. v. Office of Attorney General*, 761 So.2d 1256 (Fla. Dist. Ct. App. 2000), asserting that the court there required injury to a Florida consumer. Opp. at 10. Just the opposite. Plaintiffs cite the *appellant's argument* as though it were the court's holding: "*[Defendant] Millennium moved to dismiss the complaint the grounds, inter alia, that FDUTPA, chapter 501 was inapplicable to its transactions in the absence of any*

9

*allegations that Millennium had* marketed its products to Florida residents or that any Florida consumers had been injured or affected by its alleged activities." 761 So.2d at 1259 (non-italicized portion quoted Opp. at 10). But that court *rejected* the argument that FDUTPA required harm to Florida residents or consumers, focusing instead on the fact that the *conduct* occurred *within* Florida. *Id.* at 1262 ("[T]he allegations in this case reflect that the offending conduct occurred entirely within this state."). FDUTPA could be applied so long as "deceptive and/or unconscionable practices . . . transpired within the territorial boundaries of this state," and it was irrelevant whether the affected person was a resident or nonresident, "even where those persons affected by the conduct reside outside of the state." *Id.* Thus, while Plaintiffs focus on the fact that they are Florida corporations, that is the very distinction *Millenium* found immaterial, provided that the *conduct* occurred "within" the state. Federal courts in Florida are uniformly in accord. *See, e.g., Five for Entm't v. Rodriguez*, 877 F. Supp. 2d 1321, 1330 (S.D. Fl. 2012); *Beaver v. Inkmart, LLC*, No. 12-60028, 2012 WL 4005970, at *3 (S.D. Fla. Sep. 12, 2012); *Carnival Corp. v. Rolls-Royce PLC*, No. 08-23318, 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009). Plaintiffs simply ignore these cases.

Instead, Plaintiffs turn to a case that has nothing to do with the issues here: *Execu-Tech Business Systems, Inc. v. New Oji Paper Co. Ltd.*, 752 So.2d 582 (Fla. 2000). Opp. at 10. Ironically, given Plaintiffs' other arguments, *Execu-Tech* addressed only personal jurisdiction. Applying an expansive personal jurisdiction doctrine—one that is no longer good law in light of recent Supreme Court jurisdictional opinions such as *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011), and *Walden v. Fiore*, 134 S. Ct. 1115 (2014)—to allegations in a complaint, the Florida Supreme Court held that "*according to Execu-Tech's complaint*, [defendant] and the other conspirators committed a tortious act (i.e., a violation of [FDUTPA]) *on Florida soil* and subjected themselves to the jurisdiction of the Florida courts." 752 So.2d at 585 (emphases added). The court limited its legal analysis to personal jurisdiction alone, and at no point did it consider the scope of the FDUTPA—perhaps that is why *none* of the cases or the treatise addressing the scope of FDUTPA even mentions the *Execu-Tech* case. A case cannot serve as authority for a proposition it did not consider. *E.g., Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the

record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

Plaintiffs also rely on a ruling in the LCD case. Opp. at 11. But that unpublished opinion did not mention or analyze the relevant Florida cases. *TracFone Wireless, Inc. v. AU Optronics Corp.*, 2014 WL 2905131, at *3 (N.D. Cal. June 26, 2014). While the text of the statute does not contain an explicit geographic limitation, Florida courts have interpreted the statute as having one, and "this Court's duty is to ascertain and apply the existing [state] law, not to predict that [the State] may change its law and then to apply [its] notion of what that change might or ought to be." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 378 (9th Cir. 1998) (internal quotation omitted); *see Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007).

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' state law claims cannot be asserted against Chunghwa consistent with due process or, for Florida, by the statute's own terms. Chunghwa respectfully requests the Court grant summary judgment.

DATED:  January 23, 2015

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS
RACHEL S. BRASS
AUSTIN V. SCHWING


By:   /s/ *Rachel S. Brass*
         Rachel S. Brass

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD and
CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.

**DECLARATION OF SERVICE**

I, Joseph Hansen, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State. On the date below, I served the within:

**DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS**

to all named counsel of record as follows:

☑ **BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on January 23, 2015. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on January 23, 2015, at San Francisco, California.

                                           /s/ *Joseph Hansen*
                                              Joseph Hansen

101859079.7

12

CHUNGHWA'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON DUE PROCESS GROUNDS – MASTER CASE NO. 07-CV-5944 SC